FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 19  AM 10: 44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & AMY JANUSA | * | NUMBER: 05-4182 |
| WIFE OF/AND MICHAEL JANUSA | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C. AND GULF COAST, INC. | * | SECT. T MAG. 4 |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

FILED: _____       DY. CLERK: _____

### CLASS ACTION COMPLAINT

NOW INTO COURT, through the undersigned counsel, come Colleen Berthelot, wife of/and Jackie Berthelot, both persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana; Heber Dunaway, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana; and Eric Anderson, a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, and Amy Janusa, wife or/and Michael Janusa, both persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana.

I.

Plaintiffs file this Class Action Complaint, on their own behalf, and on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have injuries common to all those similarly situated who incurred damages arising out of the breach

___ Fee _____ 250
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

and failure of the hurricane protection levees and flood walls which occurred in the Parish of Orleans, State of Louisiana in the wake of hurricane Katrina.

II.

Plaintiffs therefore seek to represent and prosecute all claims through class action proceedings against defendants, Boh Brothers Construction Co., L.L.C., and Gulf Coast, Inc. for the class of persons similarly situated in the State of Louisiana for the reasons set forth in this complaint:

III.

Made defendants herein are Boh Brothers Construction Co., LLC, a Louisiana Limited Liability Company and Gulf Coast, Inc., a Florida Corporation.

IV.

This class action proceeding is brought on behalf of:

> All residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the State of Louisiana who were affected by the flooding caused by the failure of the hurricane protection levees and flood wall in New Orleans, Louisiana and (a) who have sustained any injury or damage thereby, or (b) who may suffer such injury or damage in the future as a result thereof, or (c) who have sustained a justifiable fear of sustaining such injury or damage in the future as a result thereof.

V.

Named plaintiffs/class representatives herein are:

a. Colleen Berthelot, wife of/and Jackie Berthelot, both persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana;

b. Heber Dunaway, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana; and

c. Eric Anderson, a person of the full age of majority and a resident of the Parish of Orleans, the State of Louisiana;

d. Amy Janusa, wife of/and Michael Janusa, both persons of the full age of majority of the Parish of Orleans, State of Louisiana.

VI.

Boh Brothers Construction Co, L.L.C. and Gulf Coast, Inc. do substantial business in the State of Louisiana and within this federal District, and at all times relevant hereto, it engaged in commerce both in this federal judicial district and in the State of Louisiana.

VII.

Plaintiffs allege that they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and court costs, as to themselves and each proposed class member.

VIII.

There is complete diversity of citizenship between the plaintiffs and the defendant because defendants were contractors of the Federal Government as to the matters complained of herein. Alternatively, there is sufficient diversity under the terms of the Class Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(2).

IX.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs as to plaintiffs and each member of the proposed Class, and because there is complete diversity of citizenship between the plaintiffs and the defendant. Alternatively, this court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) because this is a class action in which there is at least minimal diversity and the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.

X.

Venue is proper in this District pursuant to 28 U. S. C. § 1391, because the negligent and wrongful actions of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damages to plaintiffs occurred within the Eastern District of Louisiana and the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

XI.

The proposed class representatives and named plaintiffs herein seek to represent the following class:

> All residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the State of Louisiana who were affected by the flooding caused by the failure of the hurricane protection levees and flood wall in New Orleans, Louisiana and (a) who have sustained any injury or damage thereby, or (b) who may suffer such injury or damage in the future as a result thereof, or (c) who have sustained a justifiable fear of sustaining such injury or damage in the future as a result thereof.

XII.

Hurricane Katrina made landfall in Louisiana on August 29, 2005 near Grand Isle, Louisiana. It subsequently made a second landfall a short time later near the Louisiana-Mississippi border.

XIII.

The hurricane protection levees and hurricane walls which were supposed to be protecting New Orleans failed and were breached during the day of August 29, 2005.

XIV.

Plaintiffs aver, upon information and belief, that the breaches and failure of the hurricane protection levees and walls were caused by the negligence and fault of the defendants, Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. as set forth herein.

XV.

The proposed class is so numerous that joinder of all members is impractical as thousands or hundreds of thousands of individuals throughout Orleans and Jefferson Parish were affected by the events which form the basis of this lawsuit, and the actual number of individuals who or which will elect to maintain their claims through this litigation will better be established as the notification to all absentees that this action is pending; however, the class is believed to number in the thousands or hundreds of thousands of persons.

XVI.

Upon information and belief, Defendant's contracted to repair a bridge which spans the Seventeenth Street Canal from Old Hammond Highway to Robert E. Lee Blvd. Upon

information and belief, the Defendants placed construction vehicles and other heavy equipment on the levee, which eventually failed, while constructing the bridge. It is believed that the placement of these heavy vehicles and/or other heavy construction equipment on the Seventeenth Street Canal levee caused and/or contributed the above-mentioned breach in the levee and/or floodwall.

XVII.

The questions of law and fact arising out of the claims made by the proposed class are common and include, but are not limited to, establishing facts to resolve the following questions of law:

A. Whether the flood levees and flood walls in question were defective;

B. Whether the defective levees and/or flood walls caused or contributed to flooding which occurred in Orleans and Jefferson Parish, Louisiana;

C. Whether the actions of Boh Brothers Construction Company, L.L.C. and/or Gulf Coast, Inc. caused or contributed to the failure of the levees and flood walls;

D. Whether the construction and maintenance of the levees and flood walls by the defendants were adequate;

E. Whether construction activities of Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. damaged or compromised the levees and flood walls and caused or contributed to the failure of said levees and/or flood walls;

F. Whether Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. were negligent in their construction activities regarding the levees and flood walls;

G. Whether Boh Brothers Construction Co., L.L.C. and Gulf Coast Inc.'s action and

omissions constitute negligence *per se.*

H. Whether Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. are strictly liable to those damaged by the floods;

XVIII.

The claims of the proposed class representatives are typical of the claims of the proposed class.

XIX.

Plaintiffs will fairly and adequately represent and protect the interests of all members of the described class. Plaintiffs have retained attorneys highly experienced in the prosecution of class actions, including complex litigation, and mass tort class actions, to represent class members herein.

XX.

The common questions of law and fact as shown above predominate over individual questions of causation or individual damages.

XXI.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

XXII.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Individual litigation magnifies the

delay and expense to all parties in the court system of resolving the controversies engendered by defendant' product. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

### XXIII.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

### XXIV.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure, Rule 23(b)(3)and/or (b)(1)(B), and the class action vehicle is the superior method for handling this litigation.

### XXV.

Plaintiffs are entitled to and pray for trial by jury on all issues.

**WHEREFORE**, complainants, individually and on behalf of all those similarly situated members of the proposed class, pray:

(1) that Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. be served with a copy of the complaint and be cited to appear and answer same;

(2) for an order certifying the class and any appropriate subclasses thereof under the appropriate provisions of Federal Rules of Civil Procedure, Rule 23, and appointing complainants and their counsel to represent the Class;

(3) after due proceedings are had, including trial by jury, that judgment be rendered in favor of plaintiffs and the proposed class and against Boh Brothers Construction Co., L.L.C. and Gulf Coast, Inc. in an amount to compensate plaintiffs and each member of the class for all damages to which they are entitled by law;

(4) for legal interest on all damages awarded from date of judicial demand until paid;

(5) for the costs of this litigation;

(6) for such other and further damages and relief as this Court may deem just and proper.

Respectfully submitted,

_____
DANIEL E. BECNEL, JR. (LSBA # 2926)
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445