FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 25  PM 1: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BEERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | NUMBER:  05-4182 |
| | * | |
| VERSUS | * | SECTION: ___"T" |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | MAGISTRATE: ___(4) |
| L.L.C. AND GULF COAST , INC. | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through the undersigned counsel, come Colleen Berthelot, wife

of/and Jackie Berthelot, both persons of the full age of majority and residents of the Parish of

Orleans, State of Louisiana; Heber Dunaway, a person of the full age of majority and a resident

of the Parish of Jefferson, State of Louisiana; and Eric Anderson, a person of the full age of

majority and a resident of the Parish of Orleans, State of Louisiana, and Amy Janusa, wife of/and

Michael Janusa, both persons of the full age of majority and residents of the Parish of Orleans,

State of Louisiana and submit this Supplemental and Amending Complaint pursuant to F.R.C.P.

15 and F.R.C.P. 21.  This pleading is submitted ex parte since no parties have been served nor

have any parties  filed responsive pleading.

____/Fee_____
__✓_ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No _____

Page 1 of  22

**1.**

Plaintiffs file this Class Action Complaint, on their own behalf, and on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have injuries common to all those similarly situated who incurred damages arising out of the breach and failure of the hurricane protection levees and flood walls which occurred in the Parish of Orleans, State of Louisiana in the wake of hurricane Katrina.

**2.**

Named plaintiffs herein are:

a.    Colleen Berthelot, wife of/and Jackie Berthelot, both persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana;

b.    Heber Dunaway, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana; and

c.    Eric Anderson, a person of the full age of majority and a resident of the Parish of Orleans, the State of Louisiana;

d.    Amy Janusa, wife of/and Michael Janusa, both persons of the full age of majority of the Parish of Orleans, State of Louisiana.

**3.**

Made defendants herein are:

a.    **BOH BROS. CONSTRUCTION COMPANY, LLC.**, a Louisiana Limited Liability Company doing business within the Parish of Orleans, State of Louisiana;

b.    **WASHINGTON GROUP INTERNATIONAL, INC.**, a non-Louisiana corporation,

f/k/a Morrison Knudsen Corporation, f/k/a/ MK–Ferguson Company, f/k/a The H. K.
Fergusen Company,  authorized to do and doing business in the State of Louisiana, and in
the parish of Orleans, with its domicile in the State of Ohio, its principal place of
business in the State of Idaho, and its Louisiana principal place of business in Baton
Rouge, Louisiana;

c.      **VIRGINIA WRECKING COMPANY, INC**., a non-Louisiana corporation authorized
to do and doing business in the State of Louisiana, and in the parish of Orleans, with its
domicile in the State of Alabama, its principal place of business in the State of Alabama,
and its Louisiana principal place of business in Jefferson, Louisiana;

d.      **GULF GROUP, INC. OF FLORIDA**, a non-Louisiana corporation authorized to do
and doing business in the State of Louisiana, and in the parish of Orleans, with its
domicile in the State of Florida, its principal place of business in the State of Florida, and
its Louisiana principal place of business in New Orleans, Louisiana;

e.      **MODJESKI AND MASTERS, INC**., a non-Louisiana corporation authorized to do and
doing business in the State of Louisiana, and in the parish of Orleans, with its domicile in
the State of Pennsylvania, its principal place of business in the State of Pennsylvania, and
its Louisiana principal place of business in New Orleans, Louisiana;

f.      **C.R. PITTMAN CONSTRUCTION COMPANY, INC**., a Louisiana corporation, f/k/a
Green Wave Construction Company, Inc.,with its domicile in the Parish of Orleans, and
doing business within the Parish of Orleans, State of Louisiana;

g.      **PITTMAN CONSTRUCTION CO. OF LA , INC**., A Louisiana corporation with its
domicile in the Parish of Orleans, and doing business within the Parish of Orleans, State
of Louisiana;

h.      **BURK-KLEINPETER, INC.**, a Louisiana corporation with its domicile in the Parish of Orleans, and doing business within the Parish of Orleans, State of Louisiana;

I.      **BURK-KLEINPETER, LLC.**, a Louisiana Limited Liability Company with its domicile in the Parish of Orleans, and doing business within the Parish of Orleans, State of Louisiana;

j.      **B&K CONSTRUCTION CO., INC.**, a Louisiana corporation, f/k/a B & K Construction Company, with its domicile in the Parish of St. Tammany, and doing business within the Parish of Orleans, State of Louisiana;

k.      **MILLER EXCAVATING SERVICES, INC.**, a Louisiana corporation with its domicile in the Parish of St. Charles, and doing business within the Parish of Orleans, State of Louisiana;

l.      **JAMES CONSTRUCTION GROUP, LLC**, a non-Louisiana Limited Liability Company, f/k/a Iafrate Construction, LLC, with its domicile in the State of Florida, its principal place of business in the State of Louisiana, and its Louisiana principal place of business in Baton Rouge, Louisiana.

## VENUE AND JURISDICTION

### 4.

The defendants named herein each do substantial business in the State of Louisiana and within this federal District, and at all times relevant hereto, they engaged in commerce both in this federal judicial district and in the State of Louisiana.

**5.**

Plaintiffs allege that they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and court costs, as to themselves and each proposed class member.

**6.**

There is complete diversity of citizenship and/or federal question jurisdiction herein because defendants were contractors of the Federal Government as to the matters complained of herein.  Alternatively, there is jurisdiction due to ample diversity to meet the terms of the Class Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(2).

**7.**

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) because this is a class action in which there is at least minimal diversity and the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. Alternatively, this court has jurisdiction because there is diversity of citizenship between the plaintiffs and the defendants due to the fact that defendants were contractors of the federal government.  Alternatively, this court has federal question jurisdiction because the project at issue was a federal construction project through the Army Corps of Engineers.

**8.**

Venue is proper in this District pursuant to 28 U. S. C. § 1391, because the negligent and wrongful actions of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damages to plaintiffs occurred within the Eastern

District of Louisiana and the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

## FACTUAL BACKGROUND

### 9.

On August 27, 2005, Hurricane Katrina, by now in the Gulf of Mexico, was upgraded to a Category 3 hurricane.  New Orleans Mayor Ray Nagin called for a voluntary evacuation of the city and Louisiana Governor Kathleen Blanco requested that President Bush declare a major disaster for the State of Louisiana.

### 10.

At 12:40 a.m. on August 28, 2005, Katrina was upgraded to a Category 4 hurricane. Later that morning New Orleans Mayor Ray Nagin called for a mandatory evacuation of the city. At 1:00 p.m. Katrina was upgraded to a Category 5 hurricane with maximum sustained winds of 175 miles per hour and gusts up to 215 miles per hour.

### 11.

At 6:10 a.m. on August 29, 2005 Katrina made landfall near Grand Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border.

**12.**

At 8:00 a.m on August 29, there was water on both sides of the Industrial Canal and by 9:00 a.m. there was six (6) to eight (8) feet of water in the Lower Ninth Ward.

**13.**

Water began to inundate other parts of the City as well.  At 2:00 p.m., city officials publicly confirmed the reason for the water was a breach in the 17th Street Canal flood wall reported to be two city blocks wide, and breaks in the London Avenue Canal as well as the Industrial Canal.

**14.**

News reports initially indicated seven different breaks in the levee surrounding the City, however it now appears that breaks occurred in the levees/flood walls in six (6) places along three canals—the 17th Street Canal, the London Avenue Canal, and the Industrial Canal.  A Time magazine report on September 2, 2005 concluded that it is possible that the levees just did not work the way they were supposed to and that congressional investigators, experts, and some Army Corps of Engineers officers suggested that the failure might have been caused by leaks in the barriers which might mean the levees had been poorly constructed or maintained.  Thus, plaintiffs aver upon information and belief that their damages are a result of improper and/or negligent design, construction, and maintenance of the levees and/or flood walls by various contractors and engineers, and/or the weakening of the levees and/or flood walls caused by the negligence of various contractors while engaged in various other activities along the canals.

**15**.

The levee flood walls are constructed with an "I-wall" design.  The U. S. Army Corps of

Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000

states that for stability reasons, flood walls utilizing the "I–wall" design rarely exceed seven (7)

feet above ground surface, and that an inverted "T–wall" design is used when walls higher than

seven feet are required.

**16**.

The flood walls on the 17th Street Canal and the London Avenue Canal, both built with

the "I–wall" design, have concrete sections that rise eleven (11) feet.

**17.**

The "I–wall" design consists of steel sheet pilings driven into the compacted dirt atop the

levee and then reinforcing steel rods are threaded through the top of the piling.  Concrete is then

poured to encapsulate the top of the piling and form the wall. The wall is composed of individual

concrete slab sections that are linked together by rubbery gaskets which allow the concrete to

expand and contract.

**18.**

The evidence indicates that the storm surge did not top the flood walls and that none of

the levee/floodwalls experienced storm forces exceeding, or even equaling the Category 3 forces

for which they were allegedly designed.  Indeed, because the eye-wall of the storm passed

dozens of miles east of the city, the maximum sustained winds that would have impacted Lake

Pontchartrain were only 95 miles per hour, 16 miles per hour less than the 111 mile per hour minimum for winds in a Category 3 storm.

### 19.

Even though only Category 2 forces impacted the lake, and even though the evidence indicates that the flood walls were not overtopped,  the levees/flood walls failed allowing water from Lake Pontchartrain through the 17th Street Canal, the London Avenue Canal, and the Industrial Canal into New Orleans and Metairie.

### 20.

In the aftermath of the storm it was estimated that approximately 80% of the city was under water, and that losses from the hurricane are estimated to be as high as $200 billion with insured losses estimated at upwards of $50 million.

## CLASS ACTION ALLEGATIONS

### 21.

Petitioners bring this action on their own behalf and on behalf of all others similarly situated in the respects herein below stated:

### 22.

The claims of the proposed class representatives are typical of the claims of the proposed class.

### 23.

Plaintiffs will fairly and adequately represent and protect the interests of all members of the described class.  Plaintiffs have retained attorneys highly experienced in the prosecution of class actions, including complex litigation, and mass tort class actions, to represent class members herein.

### 24.

The common questions of law and fact as shown in this complaint predominate over individual questions of causation or individual damages.

### 25.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

### 26.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed.  Individual  litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendant' product.  By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Thousands of individual actions will create

unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

27.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

28.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure, Rule 23(b)(3)and/or (b)(1)(B), and the class action vehicle is the superior method for handling this litigation.

29.

This is a class action pursuant to F.R.C.P. 23 on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represents that they have injuries common to all those similarly situated who incurred damages arising out of the breach and failure of the hurricane protection levees and flood walls along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal which occurred in the Parish of Orleans, State of Louisiana in the wake of hurricane Katrina.

**30.**

Plaintiffs allege and propose that the class be defined as:

All residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the State of Louisiana who sustained damages as a result of water intrusion caused by the failure of the hurricane protection levees and flood walls in New Orleans, Louisiana on or about August 29, 2005 and thereafter, such damages including but are not limited to damage to real property, damage to personal property, and personal injury. Plaintiffs further propose that the class be divided in to the following five (5) subclass zones:

a.   **Zone 1**: Those individuals who sustained damage in the geographic area bounded on the North by Lake Pontchartrain, on the East by Bayou St. John, on the South by City Park Avenue, and on the West by the 17th Street Canal, said damage having been caused or contributed to by the breach on the 17th Street Canal.

b.   **Zone 2**: Those individuals who sustained damage in the geographic area bounded on the North by Lake Pontchartrain, on the East by the Industrial Canal, on the South by Gentilly Boulevard, and on the West by Bayou St. John, said damage having been caused or contributed to by the breaches on the London Avenue Canal.

c.   **Zone 3**: Those individuals who sustained damage in the geographic area bounded on the North by Gentilly Boulevard, on the East by the Industrial Canal, on the South by the Mississippi River, and on the West by Esplanade Avenue, said damage having been caused or contributed to by the breaches on the Industrial Canal.

    d.    **Zone 4**: Those individuals who sustained damage in the geographic area described as the Lower Ninth Ward and defined as the area bounded on the North by wetlands, on the East by St. Bernard Parish, on the South by the Mississippi River, and on the West by the Industrial Canal, said damage having been caused or contributed to by the breaches on the Industrial Canal.

    e.    **Zone 5**: Those individuals who sustained damage in the geographic area bounded on the North by Metairie Road and City Park Avenue, on the East by Esplanade Avenue, on the South by the Mississippi River, and on the West by Causeway Boulevard, said damage having been caused or contributed to by the breach on the 17th Street Canal.

**31.**

The proposed class action arises out of the catastrophic failures of the hurricane protection levees and flood walls along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal in the Parish of Orleans on or about August 29, 2005 and the following days which failures resulted in the innundation of upwards of eighty percent of the City of New Orleans with water, destroying and/or rendering completely uninhabitable approximately 160,000 or more homes and buildings, thus causing damage to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class of plaintiffs clearly consists of hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

**32.**

This action is appropriate for determination through the Federal Class Action Rule (F.R.C.P. art. 23, *et seq*.) for the following reasons:

**A.      NUMEROSITY**

failures resulted in the innundation of upwards of eighty percent of the City of New Orleans with water, destroying and/or rendering completely uninhabitable approximately 160,000 or more homes and buildings, thus causing damage to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class of plaintiffs clearly consists of hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

**B.      COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to the cause of the breaches and/or failures of the levee system and/or flood wall following the landfall of Hurricane Katrina on August 29, 2005;

**C.      ADEQUATE REPRESENTATION**

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

**D.     TYPICALITY**

The claims of the class representative as named herein are typical of the claims of the

class members they seek to represent in that they are all claims seeking damages arising from the

breach and/or failure of the hurricane protection levees and/or flood walls along the 17th Street

Canal, the London Avenue Canal, and the Industrial Canal following the landfall of Hurricane

Katrina on August 29, 2005

**E.     SUPERIORITY**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient

disposition of the issues and claims herein presented, especially since individual joinder of each

of the class members is impracticable.  Individual litigation by each of the class members,

besides being unduly burdensome to the plaintiffs would also be unduly burdensome and

expensive to the court system as well as the defendants.

**ALLEGATIONS OF FAULT AND/OR LIABILITY**

**33**.

Hurricane Katrina made landfall in Louisiana on August 29, 2005 near Grand Isle,

Louisiana.  It subsequently made a second landfall a short time later near the Louisiana-

Mississippi border.

**34**.

The hurricane protection levees and flood walls located on the 17th Street Canal, the

London Avenue Canal, and the Industrial Canal which were constructed to protect New Orleans

and Jefferson Parish, failed and were breached during the day of August 29, 2005.

**35.**

Plaintiff avers, upon information and belief, that the breaches and failure of the hurricane

protection levees and flood walls were caused by the negligence and fault of the defendants

**BOH BROS. CONSTRUCTION CO., LLC, WASHINGTON GROUP INTERNATIONAL,**

**INC., VIRGINIA WRECKING COMPANY, INC., GULF GROUP, INC. OF FLORIDA,**

**MODJESKI AND MASTERS, INC., C.R. PITTMAN CONSTRUCTION COMPANY,**

**INC., PITTMAN CONSTRUCTION CO. OF LA, INC.,  BURK-KLEINPETER, INC.,**

**BURK-KLEINPETER, LLC, B&K CONSTRUCTION COMPANY, INC., MILLER**

**EXCAVATING SERVICES, INC, and JAMES CONSTRUCTION GROUP LLC,** as set

forth herein.

**36.**

### A.   17ᵀᴴ STREET CANAL

**1.**      Upon information and belief, Defendant **GULF GROUP, INC. OF FLORIDA**

contracted to repair a bridge which spans the 17th Street Canal from Old Hammond Highway to

Robert E. Lee Blvd.  Upon information and belief, the **DEFENDANT GULF GROUP, INC.**

**OF FLORIDA**, while constructing the bridge placed construction vehicles and other heavy

equipment on the levee, which eventually failed.  It is believed that the placement of these heavy

vehicles and/or other heavy construction equipment on the 17th Street Canal levee damaged the

levee and/or flood wall and caused and/or contributed the above-mentioned breach in the levee

and/or flood wall.

**2.**      Upon information and belief, Defendant **BOH BROTHERS CONSTRUCTION**

**COMPANY, L.L.C.** was the contractor that constructed portions of the 17th Street Levee/Flood

Wall, said construction including but not limited to the placement of sheet piling for the purpose of supporting the concrete flood walls.  It is believed that the negligent design and/or construction of the levee/flood wall including the placement of the sheet piling for the purpose of supporting the concrete flood wall and caused and/or contributed the above-mentioned breach in the levee and/or flood wall, and it is further believed that the use of heavy vehicles and/or other heavy construction equipment in the placement of the sheet piling damaged the levee and caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

3.       Upon information and belief, Defendants **C.R. PITTMAN CONSTRUCTION COMPANY, INC., and PITTMAN CONSTRUCTION CO. OF LA., INC.** were the contractors that constructed portions of the 17th Street Levee/Flood Wall, said construction including but not limited to the construction and placement of the concrete flood wall slabs atop the sheet piling.  It is believed that the negligent design and/or construction of the levee/flood wall including the concrete slab sections caused and/or contributed the above-mentioned breach in the levee and/or flood wall, and it is further believed that the use of heavy vehicles and/or other heavy construction equipment in construction and placement of the concrete slabs damaged the levee and caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

4.       Upon information and belief, Defendant **MODJESKI & MASTERS, INC.** were the engineers contracted for the 17th Street canal Levee/Flood Wall.  Plaintiff avers that the levees/flood walls were negligently designed and that the faulty design caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

## B.    LONDON AVENUE CANAL

1.      Upon information and belief, Defendant. **BURK-KLEINPETER, INC**. and **BURK-KLEINPETER, LLC.** were the engineers contracted for the London Avenue Canal Levee/Flood Wall.  Plaintiff avers that the levees/flood walls were negligently designed and that the faulty design caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

2      Upon information and belief, Defendant **B&K CONSTRUCTION COMPANY, INC**. was the contractor that constructed the 17th Street Levee/Flood Wall, said construction including but not limited to the construction and placement of the sheet pilings and the construction and placement of the concrete flood wall slabs atop the sheet piling.  It is believed that the negligent design and/or construction of the levee/flood wall including the sheet pilings and the  concrete slab sections caused and/or contributed the above-mentioned breach in the levee and/or flood wall, and it is further believed that the use of heavy vehicles and/or other heavy construction equipment in construction and placement sheet piling and of the concrete slabs damaged the levee and caused and/or contributed the above-mentioned breach in the levee and/or flood wall..

3      Upon information and belief, defendant **C.R. PITTMAN CONSTRUCTION COMPANY, INC**. contracted to construct the Gentilly Boulevard bridge over the London Avenue Canal  It is believed that negligence in the construction of the bridge and the use of heavy vehicles and/or other heavy construction equipment in construction of the bridge caused and/or contributed the above-mentioned breach in the levee and/or flood wall

4.      Upon information and belief, defendant **MILLER EXCAVATING SERVICES, INC**. contracted to construct the Leon C. Simon Boulevard bridge over the London Avenue Canal  It is believed that negligence in the construction of the bridge and the use of heavy vehicles and/or

other heavy construction equipment in construction of the bridge caused and/or contributed the above-mentioned breach in the levee and/or flood wall

5.      Upon information and belief, defendant **JAMES CONSTRUCTION GROUP, LLC**. contracted to flood-proof the Filmore Avenue bridge and the Mirabeau bridge over the London Avenue Canal.  Flood-proofing of the bridges required that the original bridges be demolished and replaced with new bridges that have steep concrete sides which continue the flood wall from one side of the canal to the other. It is believed that negligence in the demolition of the old bridges and construction of the new bridges and the use of heavy vehicles and/or other heavy construction equipment in the demolition of the old bridges and construction of the new bridges caused and/or contributed the above-mentioned breach in the levee and/or flood wall

### C.   INDUSTRIAL CANAL

1.      Upon information and belief, Defendant **WASHINGTON GROUP INTERNATIONAL, INC**. contracted to level and clear abandoned industrial sites along the Industrial Canal between the flood wall and the canal.  It is believed that the use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal between the flood wall and the canal damaged the levee and/or flood wall and caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

2.      Upon information and belief, Defendant **VIRGINIA WRECKING COMPANY, INC**. contracted for the demolition, removal and disposal of the Galvez Street Wharf, a warehouse and an adjacent storeroom and for the removal of the debris by barge along the Industrial Canal.  It is believed that the use of heavy vehicles and/or other heavy construction equipment and barges along the Industrial Canal damaged the levee and/or flood wall and caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

3.      Upon information and belief, Defendant **BOH BROS. CONSTRUCTION CO., LLC**
contracted to install casings, test piles, and reaction piles along the Industrial Canal between
December of 1999 and May of 2000.  It is believed that the use of heavy vehicles and/or other
heavy construction equipment along the Industrial Canal damaged the levee and/or flood wall
and caused and/or contributed the above-mentioned breach in the levee and/or flood wall.

### 37.

In addition to the above stated negligence, and in the alternative thereto, the injuries and
damages suffered by your petitioners and others was caused by acts or omissions of the
defendants, which acts or omissions may be beyond proof by the plaintiffs herein, but which
were within the knowledge and control of the defendants, there being no other possible
conclusion than that the failure of the levees and/or flood walls resulted from the negligence of
the defendants, and that furthermore, failures and subsequent innundation of the city with water
could not have occurred had the defendants exercised the high degree of care necessary and
proper to the design, construction and maintenance of levees and or flood walls, and or the high
degree of care necessary when working with heavy equipment in the vicinity of levees and/or
flood walls, and your petitioners therefore plead the doctrine of ***res ipsa loquitur***.

### 38.

Your petitioners rely upon the Laws of the State of Louisiana, including but not limited
to Louisiana Civil Code Articles 2315, 2315.6, 2316, 2320, and 2324.

## REQUEST FOR JURY TRIAL

### 39.

Plaintiffs are entitled to and demand a trial by jury.

**W H E R E F O R E**, your petitioner prays:

1.      That a summons be issued to the defendants so that they can be served the summons along with a copy of this Complaint and be cited to appear and answer same;

2.      That after due proceedings had, that this action be certified as a class action pursuant to the provisions of F.R.C.P. 23 and the applicable local rules, in the respects alleged herein above, for the purposes of determining the common issues of liability for compensatory damages;

3.      That upon certification of the class action, the Court call for the formulation of a suitable management plan pursuant to the Federal Rules of Civil Procedure;

4.      That after due proceedings had, and a trial by jury, there be a judgment in this matter in favor of the plaintiffs and against the defendants, declaring that the defendants are liable, to the plaintiffs and all members of the class for all damages resulting from the failure and/or breaches of the levees and/or flood walls of the 17th Street Canal, the London Avenue Canal, and the Industrial Canal following the landfall of Hurricane Katrina on August 29, 2005 and thereafter;

5.      That the rights of the plaintiffs and all members of the class to establish their entitlement to compensatory damages, and the amount thereof, be reserved for determination in their individual actions when appropriate;

6.      That plaintiffs recover their costs for the prosecution of this class action, and for

interest on all damages from the date of judicial demand until paid.

Respectfully submitted,

_____
DANIEL E. BECNEL, JR. (LSBA # 2926)
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana 70084
Telephone:     (985) 536-1186
Facsimile:     (985) 536-6445

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___ day of _____, 2005, served a copy of
the above and foregoing pleading on counsel for all parties to this action by U.S. Mail,
properly addressed and first class postage prepaid, by hand delivery or by fax
transmission.

_____