FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -6 PM 12: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION NO. 05-4182 |
| JACKIE BERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | SECTION "T" |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | MAGISTRATE 4 |
| | * | |
| VERSUS | * | |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C. AND GULF COAST, INC. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant, Virginia Wrecking Company, Inc., answers plaintiffs' Supplemental and Amending Complaint as follows:

### FIRST DEFENSE

The Supplemental and Amending Complaint fails to meet the prerequisites for a class action in that:

  A. The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

  B. The questions of law or fact common to the alleged members of the class do

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____

not predominate over individual questions of law and fact, particularly with regard to individual liability and damages issues inherent in the different zones alleged in the supplemental and amending complaint; and

C. The plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

## SECOND DEFENSE

The Supplemental and Amending Complaint fails to state a claim against this defendant upon which relief may be granted.

## THIRD DEFENSE

And now answering the specific allegations of the Supplemental and Amending Complaint, defendant avers:

I.

The allegations of Paragraph 1 of the Supplemental and Amending Complaint are denied.

II.

The allegations of Paragraph 2 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of the Supplemental and Amending Complaint are denied.

IV.

The allegations of Paragraph 4 of the Supplemental and Amending Complaint are

denied.

V.

The allegations of Paragraph 5 of the Supplemental and Amending Complaint are denied.

VI.

The allegations of Paragraph 6 of the Supplemental and Amending Complaint are denied.

VII.

The allegations of Paragraph 7 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of the Supplemental and Amending Complaint require no answer but in an abundance of caution, they are denied.

X.

The allegations of Paragraph 10 of the Supplemental and Amending Complaint require no answer but in an abundance of caution, they are denied.

XI.

The allegations of Paragraph 11 of the Supplemental and Amending Complaint require no answer but in an abundance of caution, they are denied.

XII.

The allegations of Paragraph 12 of the Supplemental and Amending Complaint require no answer but in an abundance of caution, they are denied.

XIII.

The allegations of Paragraph 13 of the Supplemental and Amending Complaint are denied.

XIV.

The allegations of Paragraph 14 of the Supplemental and Amending Complaint are denied.

XV.

The allegations of Paragraph 15 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 16 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 17 of the Supplemental and Amending Complaint are denied for a lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 of the Supplemental and Amending Complaint are denied.

XIX.

The allegations of Paragraph 19 of the Supplemental and Amending Complaint are

denied.

XX.

The allegations of Paragraph 20 of the Supplemental and Amending Complaint are denied.

XXI.

The allegations of Paragraph 21 of the Supplemental and Amending Complaint are denied.

XXII.

The allegations of Paragraph 22 of the Supplemental and Amending Complaint are denied.

XXIII.

The allegations of Paragraph 23 of the Supplemental and Amending Complaint are denied.

XXIV.

The allegations of Paragraph 24 of the Supplemental and Amending Complaint are denied.

XXV.

The allegations of Paragraph 25 of the Supplemental and Amending Complaint are denied.

XXVI.

The allegations of Paragraph 26 of the Supplemental and Amending Complaint are denied.

XXVII.

The allegations of Paragraph 27 of the Supplemental and Amending Complaint are denied.

XXVIII.

The allegations of Paragraph 28 of the Supplemental and Amending Complaint are denied.

XXIX.

The allegations of Paragraph 29 of the Supplemental and Amending Complaint are denied.

XXX.

The allegations of Paragraph 30 of the Supplemental and Amending Complaint are denied.

XXXI.

The allegations of Paragraph 31 of the Supplemental and Amending Complaint are denied.

XXXII.

The allegations of Paragraph 32 of the Supplemental and Amending Complaint are denied.

XXXIII.

The allegations of Paragraph 33 of the Supplemental and Amending Complaint are denied.

XXXIV.

The allegations of Paragraph 34 of the Supplemental and Amending Complaint are

denied.

## XXXV.

The allegations of Paragraph 35 of the Supplemental and Amending Complaint are denied.

## XXXVI.

The allegations of Paragraph 36 of the Supplemental and Amending Complaint are denied.

## XXXVII.

The allegations of Paragraph 37 of the Supplemental and Amending Complaint are denied.

## XXXVIII.

The allegations of Paragraph 38 of the Supplemental and Amending Complaint are denied.

## XL.

The allegations of Paragraph 39 of the Supplemental and Amending Complaint require no answer but, in an abundance of caution they are denied.

## FOURTH DEFENSE

Alternatively, defendant avers that any work by defendant was done in accordance with plans or specifications furnished to defendant and it has no liability pursuant to Louisiana R.S. 9:2771.

## FIFTH DEFENSE

Alternatively, any work done by defendant was done under the supervision and/or direction and/or control of the U.S. Army Corps. of Engineers and defendant is thereby

immune from suit and from tort liability.

## SIXTH DEFENSE

Alternatively, any work done by defendant was done in accordance with plans or specifications furnished by the U.S. Army Corps. of Engineers and defendant has no liability pursuant to Louisiana R.S. 9:2771.

## SEVENTH DEFENSE

Alternatively, defendant avers that any work done by defendant was not done where any break of any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

## EIGHTH DEFENSE

Alternatively, defendant avers that it has no liability for any subcontractors as defendant is not vicariously liable or liable under the doctrine of *respondeat superior* for subcontractors.

## NINTH DEFENSE

Alternative, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of the fault or negligence of others for whom this defendant is not liable or responsible, including, but not limited to, the City of New Orleans, the United States Government, the U.S. Army Corps. of Engineers, the Levee Boards, the architects or engineers who designed the levees/flood walls, and others.

## TENTH DEFENSE

Alternatively, plaintiffs' claims are barred by Louisiana R.S. 9:2772.

## ELEVENTH DEFENSE

Alternatively, any breaks in any levee/flood walls or any failures of any levee/flood

walls occurred as a result of an act of nature, namely, Hurricane Katrina, for which this defendant is not responsible or liable.

XLI.

Defendant desires trial by jury.

WHEREFORE, defendant, Virginia Wrecking Co., Inc., prays that there be judgment in its favor and against the plaintiffs, dismissing their suit, at their costs, and with full prejudice. Defendant further prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

_/s/ Thomas L. Gaudry, Jr._
THOMAS L. GAUDRY, JR., T.A. (#5980)
WADE A. LANGLOIS, III (#17681)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
Counsel for Defendant, Virginia Wrecking Company, Inc.

**GAUDRY, RANSON,
HIGGINS & GREMILLION, L.L.C.**

THOMAS W. DARLING (#23020)
888 Tara Blvd., Suite B
Baton Rouge, LA 70806
Phone: (225) 231-4916   Fax: (225) 231-4917
Counsel for Defendant, Virginia Wrecking Company, Inc.

**CERTIFICATE OF SERVICE**

I, Thomas L. Gaudry, Jr., certify that I have this day mailed, via U.S. mail, postage prepaid, a true and correct copy of the foregoing to:

Mr. Daniel E. Becnel, Jr.
Law Office of Daniel E. Becnel, Jr.
106 W. 7th Street
Reserve, LA 70084

Mr. Richard Tyler
Ms. Emily Eagan
JONES, WALKER, WAECHTER, POITEVENT,
CARRERRE & DENEGRE, L.L.P.
201 St. Charles Ave.
New Orleans, LA 70170-5100

Mr. William D. Treeby
Mr. Wayne J. Lee
Mr. John M. Landis
STONE, PIGMANN, WALTHER, WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Mr. Joseph P. Guichet
Mr. Ralph S. Hubbard, III
LUGENBUHL, WHEATON, PECK, PANKIN & HUBBARD
601 Poydras Street, Ste. 2775
New Orleans, LA 70130

This 5th day of January, 2006.

_____
THOMAS L. GAUDRY, JR.

G:\0262\1692\Pleadings\Berthelot\Answer.supp.amend.wpd

10