UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 31   AM 10: 51

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BEERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | NUMBER:  05-4182 |
| | * | |
| VERSUS | * | SECTION:  "T" |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | MAGISTRATE:  (4) |
| L.L.C. AND GULF COAST , INC. | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

NOW INTO COURT, through the undersigned counsel, come the Plaintiffs, Colleen

Berthelot, *et al* for the purpose of submitting this Memorandum in Opposition to the Motion to

Dismiss filed by defendant James Construction Group, LLC,  and says as follows:

MAY IT PLEASE THE COURT:

Defendant, James Construction Group, LLC, has filed this Motion to Dismiss for Failure

to State a Claim Upon which Relief Can be Granted, ostensibly under F.R.C.P. Rule 12(b)(6).

However, the gist of defendant's Motion appears does not appear to be directed towards the issue

of whether plaintiffs' have stated a viable claim.  Instead, the Motion and accompanying

Memorandum appear to be directed solely towards the issue of class certification and whether

the claims of the named plaintiffs are typical of the claims of the members of class as a whole

-1-

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No _____

and the members of the purported subclasses in particular.  In any event, the Motion is not well founded and should be denied.

### DEFENDANT'S MOTION IS PREMATURE

Plaintiffs respectfully suggest that Motion to Dismiss is premature at this stage of the proceedings.  At the present time, numerous lawsuits have been filed arising from the factual scenarios at issue in plaintiff's complaint.[1]  The various lawsuits are in various stages of progress and service has not been perfected on all defendants in all lawsuits.

The Court has set a status conference date of February 15, 2005 at 11:00 a.m. in order to discuss the status and organization of the case.  Undoubtably, issues regarding class certification will be discussed at that time.  Thus, defendants' Motion is premature and should be denied.

### PLAINTIFFS' COMPLAINT STATES A CLAIM

Plaintiffs' complaint clearly states a claim against defendant, James Construction Group, LLC.  At this stage of the proceedings, all allegations of fact contained in plaintiffs' compliant must be accepted as true and the courts will not dismiss a complaint unless it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations of the Complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229 (U.S. 1984).

To the extent that defendant's Motion could be read as seeking dismissal on negligence or liability issues, it must be denied.  Paragraph 35 of plaintiffs' Second Supplemental and

---

[1]     Another defendant, the Washington Group, International, Inc. (WGI) has recently filed a Motion to Consolidate this case and six other lawsuits presently pending in the Eastern District of Louisiana and to transfer all of the consolidated cases to the Middle District of Louisiana.  In addition, WGI alleges that there are three additional suits filed involving similar allegations but not naming WGI.

Amending Complaint avers that the breaches and failure of the hurricane protection levees and flood walls were caused by, inter alia, defendant, James Construction Group, LLC. Paragraph 36 (B)(5) of the Complaint contains specific allegations of negligence and fault against James Construction Group, LLC.

To the extent that the Motion seeks to dismiss plaintiffs' complaint solely on class certification issues, it should also be denied. The courts have held that "in determining the propriety of a class certification, the questions is not whether plainiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirement of Rule 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed. 2d 732 (1974). *Fields v. Maram*, 2004 WL 1879997 (Northern District of Illinois 2004).

Despite defendant's argument to the contrary, plaintiffs have clearly pled that their claims are typical of the claims of the proposed class and that class certification is appropriate. Indeed, paragraphs 21 through 32 of Plaintiffs' Second Supplemental and Amending Complaint are dedicated to pleading the requirements for class certification under F.R.C.P. 23. For instance, paragraph 21 of the Second Supplemental and Amending Complaint reads: " *The claims of the proposed class representatives are typical of the claims fo the proposed class.*" Paragraph 32, Subsection D, reads as follows:

> D.    TYPICALITY
> *The claims of the class representivs as named herein are typical of the claims of the class members they seek to represent in that htey are all claims seeking damages arising from the breach and/or failure of the hurricane protection levees and/or flood walls along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal following the landfall of Hurricane Katrina on August 29, 2005.*

Thus, petitioners' complaint sets out clearly, plainly and concisely, that their claims are typical of the claims of the class. These allegations must be accepted as true for the purposes of

defendant's motion.

Defendant's concerns regarding where in New Orleans plaintiffs lived, whether they owned or rented, and whether they suffered damages to movable or immovable property (or both) might be proper areas of inquiry for discovery but they can hardly be used to dismiss plaintiffs' Complaint.

**WHEREFORE**, Plaintiffs pray that the Motion to Dismiss filed by defendant, James Construction Group, LLC be denied.

Respectfully submitted,

DANIEL E. BECNEL, JR. (LSBA # 2926)
DARRYL J. BECNEL (LSBA #: 22,943)
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana 70084
Telephone:    (985) 536-1186
Facsimile:    (985) 536-6445

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __31__ day of __JANUARY__, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, by hand delivery or by fax transmission.