UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLEEN BERTHELOT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4182** |
| **BOH BROTHERS CONSTRUCTION CO., LLC, ET AL** | **SECTION T(4)** |

The defendant, James Construction Group, LLC, filed a Motion to Dismiss pursuant to FRCP 12(b)(6), which came before the Court for hearing on February 8, 2006. Oral argument was waived by the parties and the matter was taken under submission on the briefs only. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I.    BACKGROUND**

This suit arises out of a cause of action filed by plaintiffs, who seek to establish a class action related to damage allegedly suffered as a result of the "breach and failure of the hurricane protection levees and flood walls along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal" and which occurred in relation to Hurricane Katrina. It is further alleged that

these breaches and failures of the levees and flood walls were caused by the negligence of the defendants.

The defendant argues that plaintiffs have made no allegations in their petition to establish that their claims satisfy the prerequisites to proceed to establish a class which are contained in Federal Rule of Civil Procedure 23(a).  Specifically, the defendants contend that the plaintiffs have made no allegations in their petition to establish that their claims are typical of the alleged five sub-classes, or that they can adequately represent the interests of the members of the five sub-classes and, as a result, the claim should be dismissed.  Alternatively, the defendant submits that plaintiffs petition should be amended to make a more definite statement regarding the typicality of their claims and the adequacy of their representation of the alleged class members.

In its opposition, the plaintiffs submit that the Motion to Dismiss is premature at this stage of the proceedings.  In addition, they argue that they have stated a cause of action, that all allegations of fact contained in the Complaint must be accepted as true and that the Complaint should not be dismissed unless it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations of the Complaint.  They argue that the defendant's allegations, which suggest that plaintiffs' petition is deficient in its Rule 23 class action allegations, are more properly left for resolution after hearing on the issue of class certification.

## II.    LAW AND ANALYSIS OF THE COURT

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the

original complaint must be taken as true.[1]  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2]  The Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[3]

The Court finds that the plaintiffs have stated a claim upon which relief can be granted.  The defendant has failed to show that it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.  Even if some deficiency exists in the plaintiff's petition with respect to Rule 23, such a deficiency would not support a 12(b)(6) motion to dismiss.  Rather, such a deficiency should be addressed in conjunction with a hearing on class certification.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of defendant James Construction Group, LLC, be and the same is hereby **DENIED.**

---

[1] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

[2] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[3] *Lowrey v. Texas A&M University System,* 117 F.3d 242 (5th Cir. 1997), citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

New Orleans, Louisiana, this 9th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**