FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 24  AM 9: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BEERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | NUMBER 05-4182 |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | SECTION "K" |
| | * | |
| VERSUS | * | JUDGE DUVAL |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | MAGISTRATE NO. 2 |
| L.L.C. AND GULF COAST, INC. | * | WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR DISQUALIFICATION OF THE DISTRICT AND MAGISTRATE JUDGES OF THE UNITED STATES  DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA *EN BANC*

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Board of

Commissioners of the Orleans Levee District, which pursuant to 28 U.S.C. § 455 and for the

reasons more fully set forth in the accompanied memorandum, moves for the *en banc*

disqualification of the district court judges for the United States District Court for the Eastern

District of Louisiana as to all of the levee breach cases associated with Hurricane Katrina.  It is

further submitted that, pursuant to 28 U.S.C. § 292, post recusal, a district judge from within this

circuit but outside the affected area should be appointed.[1]

---

[1] *See* 28 U.S.C. § 292.

Fee
Process
X Dktd
✓ CtRmDep
Doc. No

**WHEREFORE**, defendant, the Board of Commissioners of the Orleans Levee District, prays that this Honorable Court grant its Motion for Disqualification of the Judges of the United States District Court for the Eastern District of Louisiana *En Banc*, and, post disqualification/recusation, refer same for designation of a district court judge from outside of the area made subject of the instant lawsuit and not a member of the purported class of the respective class actions.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 24th day of MARCH, 2006.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BEERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | NUMBER 05-4182 |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | SECTION "K" |
| | * | |
| VERSUS | * | JUDGE DUVAL |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | MAGISTRATE NO. 2 |
| L.L.C. AND GULF COAST, INC. | * | WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the undersigned will bring the foregoing *Motion for Disqualification of the Judges of the United States District Court for the Eastern District of Louisiana En Banc* before the Honorable Stanwood R. Duval, Jr. at 500 Poydras Street, New Orleans, Louisiana, 70130, on the 19th day of April, 2006, 9:30 a.m.

Respectfully submitted,

_____

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 24th day of MARCH, 2006.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BEERTHELOT, HEBER | * | |
| DUNAWAY, ERIC ANDERSON & | * | NUMBER 05-4182 |
| AMY JANUSA WIFE OF/AND | * | |
| MICHAEL JANUSA | * | SECTION "K" |
| | * | |
| VERSUS | * | JUDGE DUVAL |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | MAGISTRATE NO. 2 |
| L.L.C. AND GULF COAST, INC. | * | WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY DISTRICT AND MAGISTRATE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA *EN BANC*

**MAY IT PLEASE THE COURT:**

Defendant, the Board of Commissioners of the Orleans Levee District (hereinafter

"OLD"), respectfully moves to recuse all the District and Magistrate Judges of the United States

District Court for the Eastern District of Louisiana *en banc* pursuant to 28 U.S.C. §455 (a) and/or

(b)(4), for the following reasons:

**I.      FACTS:**

On August 29, 2005, Hurricane Katrina made landfall slightly east of New Orleans,

Louisiana, bringing with it unprecedented wind, rain, and storm surge to the entire region.

Breaches in levees at the 17th Street, London Avenue, and Industrial Canals resulted in the

flooding of approximately eighty percent (80%) of the city.   The United States District Court for

the Eastern District of Louisiana sits in downtown New Orleans.

As a result of the flooding, power outages, lack of public utilities, and civil unrest that followed the hurricane, this Honorable Court's courthouse became inaccessible to both members of the bench and their staff.[2]  The entire courthouse closed its doors for over two months, forcing Judges and their staff to work from other locations within the State (e.g., the Middle District of Louisiana, the Western District of Louisiana, and this Court's Houma courthouse), as well as remote locations in other States (e.g., Eastern District of Texas).  Members of the Eastern District's bench and  staff did not re-open the courthouse until November 1, 2005.[3]

Because of the extraordinary circumstance this Court encountered as a result of Hurricane Katrina and the subsequent flooding, Chief Judge Helen G. Berrigan issued a Global Order granting the United States of America's Motion to Continue all pending criminal proceedings in the Eastern District.  Part of the underpinning of the United States' Motion was that Eastern District's personnel, members of the bar, criminal defendants, law enforcement officers and members of the United States Attorney's Office for the Eastern District had lost their homes, offices, and other personal effects.[4]

Since Judge Berrigan issued this Global Order, other District Court and Magistrate Judges have issued rulings recognizing the incalculable impact of Hurricane Katrina on themselves, their families, and the Court as a whole.  Judge Jay Zainey recently recused himself

---

[2]Exhibit "A"(08/31/05 United States Motion & Order continuing all criminal matters).

[3]Exhibit "B" (Judge Berrigan's 11/03/05 Order).

[4]Exhibit "A" at ¶¶4-8 (08/31/05 United States' Motion & Order continuing all criminal matters).

from an action relating to "water damage caused by the breaches in the 17th Street Canal and/or London Canal that occurred during or immediately after the hurricane." In the Order of Recusal, wherein he "excuses himself from adjudication of this dispute to avoid any appearance of bias or impropriety," Judge Zainey observes that his "home was damaged on or about August 29, 2005 as a result of the breach of the 17th Street Canal levee that occurred during or immediately after Hurricane Katrina"[5]

Judge Englehardt has followed suit, recusing himself in a case against the OLD brought for an alleged failure to adequately maintain said levees, reasoning:

> The undersigned's home was flooded on or about August 29, 2005, as a result of the breach of the 17th Street Canal levee that occurred during or immediately after Hurricane Katrina. Accordingly, pursuant to 28 U.S.C. §455, and Canons 2 and 3-C of the Code of Conduct for United States Judges, the undersigned excuses himself from the adjudication of this dispute to avoid any appearance of bias or impropriety.[6]

Voicing the same concerns Judge Englehardt articulated above, Judge Porteous recused himself from ten (10) levee breach cases pending before him, ruling:

> The undersigned's son's home was flooded on or about August 29, 2005, as a result of the levee breaches that occurred during or immediately after Hurricane Katrina. Accordingly, pursuant to 28 U.S.C. §455, and Canons 2 and 3-C of the Code of Conduct for United States Judges, the undersigned excuses himself from adjudication of this dispute to avoid any appearance of bias or impropriety.[7]

Magistrate Judge Chasez has also recused herself from presiding over a levee breach case, noting

---

[5]Exhibit "C" attached *in globo* (Order in *Conlay v. Encompass Ins. Co. et al.*, Docket No. 06-0151 and Order in *Charles Villa, et al. v. Columbia Gulf Transmission Co., et al.*, Civil Action No. 05-4569).

[6]Exhibit "D," *in globo* (Order in *Bruce Conlay v. Encompass Ins. Co., et al.*, Civil Action No. 06-151, and Order in *Armstead v. C. Ray Nagin et al*, No. 05-6438).

[7]Exhibit "E," *in globo* (Recusal Orders signed by Judge Thomas Porteous).

3

that she lived "on Canal Boulevard and the bottom part of my house got seven feet of water in it."[8] Flooding related to levee breaches following Hurricane Katrina has had such widespread effect on the Eastern District that Judge Beer recently stated:

> **The United States District Court for the Eastern District of Louisiana is located in very close proximity to some of our most devastated areas. All of us here at the U.S. District Court have lived and worked during the past six months as children of the storm.**
>
> **Our experiences here are similar, almost identical in many, many ways, to tens of thousands of our community brothers and sisters including, of course, those in St. Bernard Parish. In this unique brotherhood we have come, with each other, to comprehend many of the Katrina facts of life that fill our days and nights.[9]** (Emphasis added).

The plaintiffs' Bar within the Eastern District also recognizes the profound effects the hurricane has had on area residents. In the purported class action of *Bradley et al. v. OLD, et al.*, plaintiffs seek class certification to pursue a claim on behalf of the class against the OLD for, inter alia, "inconvenience and other losses associated with evacuation and displacement from their homes."[10] In the *O'Dwyer* matter, the proposed class includes all "citizens and/or residents" of Orleans and Jefferson Parishes.[11] Similar class allegations exist in the *Berthelot* matter. There, plaintiffs seek to represent a class including: "all residents, domiciliaries, and property owners" in Jefferson and Orleans Parishes "who were affected by flooding caused by the

---

[8]Exhibit "F," *in globo* (Excerpts from *O'Dwyer* 01/06/06 Hearing Transcript and Orders in O'Dwyer, et al. v. USA No. 05-4181).

[9]Exhibit "G" (*Elizabeth Jung, et al. v. Federal Emergency Management Agency*, No. 06-0947).

[10]Exhibit "H," at ¶15 (*Bradley et al. v. Pittman Construction Co. et al*, U.S.D.C. E.D. La. Docket No. 05-12915).

[11]Exhibit "I," at Count II (*O'Dwyer, et al. v. OLD et al*, Docket No. 05-4181).

4

failure of the hurricane protection levees and flood walls in New Orleans...."[12]

These class allegations are representative of the class allegations made in over one dozen class actions filed in response to flooding following Hurricane Katrina. Consequently, in the event a court certifies any one of these classes, it is substantially certain that the District Judges and their families, the Magistrate Judges and their families, and the court staff and their families will be members of the putative class. Additionally, even if this particular action is not a class action, plaintiff herein would certainly fall within the class as pled in the other (proposed) class actions which are pending before this Court. Judges Zainey and Engelhardt surely recognized this very issue when they *sua sponte* recused themselves in an individual action.[13]

Certain federal publications have also discussed the Hurricane Katrina's impact on the entire Eastern District. *The Third Branch*, a newsletter published by the Administrative Office of the United States Court, has on several occasions taken up this issue.[14] In the November 2005 issue, Chief Judge Berrigan is quoted as saying: "We have all suffered losses, some minor, some severe, but we are committed to the city of New Orleans and the Eastern District and look forward to playing our part in rebuilding this marvelous city and community."[15] The October

---

[12]Exhibit "J," at ¶XI (*Berthelot et al v. OLD, et al.*, U.S.D.C. E.D. La., Docket No. 05-4182).

[13]*See* Exhibit "C" attached *in globo* (Order in *Conlay v. Encompass Ins. Co. et al.*, Docket No. 06-0151 and Order in *Charles Villa, et al. v. Columbia Gulf Transmission Co., et al.*, Civil Action No. 05-4569); Exhibit "D," *in globo* (Order in *Bruce Conlay v. Encompass Ins. Co., et al.*, Civil Action No. 06-151, and Order in *Armstead v. C. Ray Nagin et al*, No. 05-6438).

[14]See, Exhibit "K", *in globo* (*The Third Branch*, Vol. 37, No. 10 (October 2005) and No. 11 (November 2005)).

[15]Id.

5

2005 issue observes that: "Hurricane Katrina wreaked havoc on federal courts across Louisiana, Mississippi, Alabama and parts of Florida."[16]  Even the Judicial Conference of the United States adopted a resolution expressing: "special thanks to the judges and employees of the Fifth and Eleventh Circuits who have suffered great personal loss but continue to work tirelessly to restore court operations."[17]

## II.   LAW & ARGUMENT:

### A.   SUMMARY OF ARGUMENT:

As a preliminary matter, it must be noted that the instant motion is not predicated on any assertion of actual, personal bias or partiality on the part of this Court.  However, disqualification is mandated in light of the purely objective standard under 28 U.S.C. § 455 for two principal reasons: (1) All the judges, their staff, and the clerk's office for the United States District Court for the  Eastern District of Louisiana were displaced and affected in some way by the flooding caused by Hurricane Katrina, making them all putative class members of the levee breach lawsuits.[18]  Further, the impartiality of any judge from this Court might be reasonably questioned if he or she were to adjudicate matters relative to what part, if any, the OLD's conduct played in the post-hurricane flooding, thereby mandating disqualification under 28 U.S.C. § 455(a); and (2) disqualification is also required under 28 U.S.C. § 455(b)(4) because each member of the bench

---

[16]Id.

[17]Exhibit "L," at p.6 (Excerpts from *Report of the Proceedings of the Judicial Conference of the United States*, September 20, 2005).

[18]*See* for example Exhibit H, at ¶¶15-16 (*Bradley, et al. v. Pittman Constr. Co., Inc.*, No. 06-0225 Complaint providing as part of the putative class individuals who suffered "inconvenience and other losses associated with evacuation and displacement from their homes.").

6

is a putative class member, and has an interest, financial or otherwise, that could be substantially affected by the outcome of this proceeding.[19]  Because the entire Court is disqualified under § 455, it is appropriate that, pursuant to 28 U.S.C. §292, a district judge from outside the Eastern District of Louisiana (preferably a United States District Court Judge from either the Middle or Western Districts of Louisiana)[20] be assigned to handle this litigation.[21]

## B.     DISQUALIFICATION IS MANDATED UNDER 28 U.S.C. § 455(a):

28 U.S.C. § 455(a) provides that "[a]ny . . . judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[22]  This section is a self-enforcing standard for disqualification.[23]  The general standard under § 455(a) was designed to "promote the public's confidence in the impartiality and integrity of the judicial process by saying, in effect, that if any reasonable factual basis for doubting the judge's impartiality exists, the judge '**shall**' disqualify himself and let another judge

---

[19]*Id.*

[20]A Louisiana judge should be assigned to this case because of the unique Louisiana legal issues that are presented by these cases, i.e. La. R.S. 9:2772, La. R.S. 9:2798.1, La. R.S. 9:2800,

[21]*See* Nichols v. Alley, 71 F.3d 347 (10th Cir. 1995)("balanc[ing] the possible question of impartiality by a reasonable person against the relative ease of replacing [Oklahoma District Court Judge] with an available judge from the very large pool of judges outside the State of Oklahoma.").  The United States Supreme Court Justice over the United States Fifth Circuit Court of Appeals may have to choose the district judge to preside over this matter since the Fifth Circuit's primary court house is also located in New Orleans.  *See* In Re Nettles, 394 F.3d 1091 (7th Cir. 2005).

[22]*See* Lijeberg v. Health Service Acquisition Corp., 486 U.S. 847, 858, 108 S.Ct. 2194, 2202 (1988); Tramonte v. Chrysler Corp., 136 F.3d 1025, 1031 (5th Cir. 1998).

[23]McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1259-1260 (5th Cir. 1983); Tramonte, 136 F.3d at 1031(district judge is under the "duty to police her disqualification status.")

7

preside."[24] This statute requires that a judge "be watchful of . . . disqualifying circumstances and decide any requests to recuse with disclosure necessary to the decision made clear upon the record."[25] In Liljeberg, the Supreme Court further notes:

> The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart.[26]

In order to determine whether a court's impartiality is reasonably in question, "the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[27] Under § 455(a)'s objective standard, "[w]hat matters is not the reality of bias or prejudice, but its appearance."[28] Here, in light of the fact that every judge, clerk and staff member of the Eastern District of Louisiana was displaced and would be putative class members in the levee breach litigation, a reasonable factual basis exists to question the Court's impartiality.

The Fifth Circuit has even warned against a judge adjudicating a case where his relatives could be class members, stating "even if a judge's relative is not yet a party to a class action, a

---

[24]Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1111 (5th Cir. 1980) (emphasis added); See also, Liljeberg, 486 U.S. at 861, 108 S.Ct. at 2203(providing that if a judge "concludes that his impartiality might reasonably be questioned, then he should find that the statute has been violated.").

[25]Tramonte, 136 F.3d at 1031.

[26]Liljeberg, 486 U.S. at 860-861, 108 S.Ct. at 2203.

[27]Republic of Panama v. American Tabacco Co., Inc., 217 F.3d 343, 346 (5th Cir. 2000).

[28]Liteky v. United States, 510 U.S. 540, 548 (1994).

judge could advance the interests of that relative in the pre-certification stage of class litigation."[29]  To avoid this danger, the Fifth Circuit advised that a judge should consider recusal under §455(a).[30]

The Tenth Circuit Court of Appeal, in <u>Nichols v. Alley</u>, on a writ of mandamus, reversed the trial judge's refusal to recuse himself in the Oklahoma City bombing case.[31]  In reversing the trial judge's decision, the <u>Nichols</u> court noted that:

> Judge Alley's courtroom and chambers were one block away from the epicenter of a massive explosion that literally rocked downtown Oklahoma City, heavily damaged the Murrah building, killed 169 people and injured many others.  The blast crushed the courthouse's glass doors, shattered numerous windows, ripped plaster from ceilings, dislodged light fixtures, showered floors with glass, damaged Judge Alley's courtroom and chambers and injured a member of his staff, as well as other court personnel and their families.  Based on these three circumstances, we conclude that a reasonable person could not help but harbor doubts about the impartiality of Judge Alley.  Because Judge Alley's "impartiality might reasonably be questioned" in the instant case, 28 U.S.C. §455(a) mandates recusal."[32]

Similar to the situation presented in <u>Nichols</u>, Hurricane Katrina and the subsequent flooding have had a profound impact on this Court because: (1) the court was located in an area that was flooded due to levee breaches following Hurricane Katrina; (2) the court and all of its employees were displaced from this courthouse in New Orleans for two months; (3) many of the court's judges and their families homes were flooded; (4) some of the court's staff were personally affected.  Therefore, this Court should recuse itself as did the <u>Nichols</u> court because:

---

[29]<u>Tramonte</u>, 136 F.3d at 1030-1031.

[30]<u>Tramonte</u>, 136 F.3d at 1030-1031.

[31]<u>Nichols v. Alley</u>, 71 F.3d 347 (10th Cir. 995).

[32]<u>Nichols</u>, 71 F.3d at 352.

9

(1) §455 requires that a "judge exercise his discretion in favor of disqualification if he has any question about the propriety of his sitting in a particular case,"[33] and/or (2) disqualification is warranted to "avoid even the appearance of partiality[;]"[34] and/or (3) all the judges, clerks and staff members of this Court are putative class members as they were displaced and suffered inconvenience as a result of Hurricane Katrina and the subsequent flooding;[35] and/or (4) some, if not all, of the judges in the Eastern District have relatives who would be putative class members which provides an appearance of impropriety;[36] and/or (5) opting out of the class is not an option available to the judges of this Court as recusal is mandatory in such situations.[37]

### C.    28 U.S.C. § 455(b)(4) MANDATES RECUSAL IN THIS MATTER:

In addition, § 455(b) enumerates five situations in which the judge's personal connection to the litigants and the case, regardless of conduct, militates recusal and/or disqualification. Subpart (b) provides in pertinent part:

(b) He shall also disqualify himself in the following circumstances:

------

[33]Potashnick, 609 F.2d at 1112.

[34]Republic of Panama, 217 F.3d at 346.

[35]See for example Exhibit, H, at ¶¶15-16 (*Bradley, et al. v. Pittman Constr. Co., Inc.*, No. 06-0225 Complaint providing as part of the putative class individuals who suffered "inconvenience and other losses associated with evacuation and displacement from their homes.").

[36]See Exhibit E *in globo* (Porteous recusal orders); See also, Tramonte, 136 F.3d at 1030-1031(providing "even if a judge's relative is not yet a party to a class action, a judge could advance the interests of that relative in the pre-certification stage of class litigation.").

[37]See Tramonte, 136 F.3d at 1031(providing "Consequently, if Judge Lemmon's spouse or a minor child residing in her household had a financial interest in the outcome of the case, she was automatically required to recuse herself; she did not have the option under § 455(f) to divest herself of that interest.").

1.      Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

*     *     *

4.      He knows that **he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy** or is a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding. (Emphasis added).

Clearly, subpart (b) bears on the instant matter.  Same is particularly true in light of the instructive jurisprudence, which notes:

The framers of section 455 laid down a *per se* **rule where financial interests are concerned**, so that even the slightest financial stake in the outcome of litigation–on the part of the judge, his spouse, or minor child–would disqualify the judge.[38]

In <u>Tramonte v. Chrysler Corp.</u> the Fifth Circuit held that "where a judge, her spouse, or a minor child residing in her household is a member of a putative class, there exists a 'financial interest' in the case mandating recusal under  § 455(b)(4)."[39]  Therefore, under <u>Tramonte</u> all of the judges of the Eastern District of Louisiana would be disqualified because the putative class includes all individuals who suffered "inconvenience and other losses associated with evacuation and displacement from their homes[.]"[40]

---

[38] <u>In Re City of Houston</u>, 745 F.2d 925, 928 (5th Cir. 1984).  (Emphasis added).

[39] <u>Tramonte</u>, 136 F.3d at 1030.

[40] *See* for example Exhibit, H, at ¶¶15-16 (*Bradley, et al. v. Pittman Constr. Co., Inc.*, No. 06-0225 Complaint);  Exhibit "I," at Count II (*O'Dwyer, et al.  v. OLD et al*, Docket No. 05-4181);  Exhibit "J," at ¶XI (*Berthelot et al v. OLD, et al.*, U.S.D.C. E.D. La., Docket No. 05-4182).

11

III.   **CONCLUSION**

As noted *supra*, "[t]he goal of section 455(a) is to avoid even the appearance of partiality."[41]  Even if a Judge is "pure in heart and incorruptible," under the analysis mandated by Section 455(a), same is of no moment.  Additionally, if a Judge or his/her qualifying family member has *any* pecuniary interest in the subject of the litigation, he/she must be recused, as per Section 455(b)(4).  It is respectfully submitted that application of the section requires that the entire panel of Judges and Magistrate Judges of the United States District Court for the Eastern District of Louisiana be disqualified from hearing the aforementioned levee breach cases, as they are members of the putative class,[42] giving them a financial interest in the subject litigation and presenting the appearance of partiality.

---

[41]Liljeberg, 486 U.S. at 860-861, 108 S.Ct. at 2203.

[42]It is further noted that, in light of the substantial amount of damages in controversy, there will be multiple "limited fund" defendants.  Accordingly, it might reasonably be expected that whatever class(es), if certified, would be non opt-out, as per F.R.C.P. 23(b)(1)(B).  *See* ¶ 20 in *Berthelot, supra,* alleging "$200 Billion" in losses as a result of the Hurricane.

12

**WHEREFORE**, defendant, the Board of Commissioners of the Orleans Levee District, prays that this Honorable Court grant its Motion for Disqualification of the Judges of the United States District Court for the Eastern District of Louisiana *En Banc*, and, post disqualification/recusation, refer same for designation of a district court judge from outside of the area made subject of the instant lawsuit and not a member of the purported class of the respective class actions.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this _24th_ day of MARCH, 2006.

_____

14