

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 23  PM 2: 55

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT, et al.

      Plaintiffs

    vs.

BOH BROTHERS CONSTRUCTION CO., et al.

      Defendants

CIVIL ACTION NO.  05-4182

JUDGE DUVAL

and

ANN VODANOVICH, et al.

      Plaintiffs

    vs.

BOH BROTHERS CONSTRUCTION CO., et al.

      Defendants

CIVIL ACTION NO.  05-5237

JUDGE DUVAL

and

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

802611v.1

| | | |
|---|---|---|
| DAVID J. KIRSCH, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | CIVIL ACTION NO.  05-6073 |
| vs. | ) | |
| | ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al. | ) | |
| | ) | |
| Defendants | ) | |

and

| | | |
|---|---|---|
| JIM EZELL, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | CIVIL ACTION NO.  05-6314 |
| vs. | ) | |
| | ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al. | ) | |
| | ) | |
| Defendants | ) | |

and

| | | |
|---|---|---|
| DAVID M. BROWN, SR., et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | CIVIL ACTION NO.  05-6324 |
| vs. | ) | |
| | ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al. | ) | |
| | ) | |
| Defendants | ) | |

and

802611v.1

| | |
|---|---|
| BETH A. LEBLANC, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | CIVIL ACTION NO.  05-6327 |
| vs. ) | |
| ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al. ) | |
| ) | |
| Defendants ) | |

and

| | |
|---|---|
| JULIE TAUZIN, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | CIVIL ACTION NO.  06-0020 |
| vs. ) | |
| ) | JUDGE DUVAL |
| BOARD OF COMMISSIONERS OF THE ) | |
| ORLEANS LEVEE DISTRICT, et al. ) | |
| ) | |
| Defendants ) | |

and

| | |
|---|---|
| MARY BETH FINNEY, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | CIVIL ACTION NO.  06-0886 |
| vs. ) | |
| ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO, et al. ) | |
| ) | |
| Defendants ) | |

## AMENDED MOTION FOR CONSOLIDATION AND TRANSFER OF VENUE

802611v.1

**NOW INTO COURT,** through undersigned counsel, comes Washington Group International, Inc. ("WGI") and respectfully moves this Court for an order (1) for consolidation of all eight of the above-captioned cases pursuant to Federal Rule of Civil Procedure 42(a); and (2) transfer of the consolidated cases pursuant to 28 U.S.C. § 1404(a) (1996) to the United States District Court for the Middle District of Louisiana.

For reasons more fully set forth in the attached Memorandum of Law in Support of Defendant Washington Group International, Inc.'s Amended Motion for Consolidation and Transfer of Venue to the Middle District of Louisiana, the Court should grant this motion in the interests of judicial efficiency and justice.

Dated: March 23, 2006

Respectfully submitted,

_William D. Treeby_

William D. Treeby, Bar No. 12901
Wayne J. Lee, Bar No. 7916
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
Julie E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant Washington Group International, Inc.*

802611v.1

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Amended Motion for Consolidation and Transfer of Venue has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, and by hand this 23rd day of March, 2006.

William D. Treeby

802611v.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al.      ) | |
|      ) | |
| Plaintiffs      ) | |
|      ) | CIVIL ACTION NO.  05-4182 |
| vs.      ) | |
|      ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al.      ) | |
|      ) | |
| Defendants      ) | |
|      ) | |

and

| | |
|---|---|
| ANN VODANOVICH, et al.      ) | |
|      ) | |
| Plaintiffs      ) | |
|      ) | CIVIL ACTION NO.  05-5237 |
| vs.      ) | |
|      ) | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., et al.      ) | |
|      ) | |
| Defendants      ) | |
|      ) | |

and

| | |
|---|---|
| DAVID J. KIRSCH, et al. )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>BOH BROTHERS CONSTRUCTION CO., et al. )<br>)<br>Defendants )<br>) | CIVIL ACTION NO.  05-6073<br><br>JUDGE DUVAL |

and

| | |
|---|---|
| JIM EZELL, et al. )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>BOH BROTHERS CONSTRUCTION CO., et al. )<br>)<br>Defendants )<br>) | CIVIL ACTION NO.  05-6314<br><br>JUDGE DUVAL |

and

| | |
|---|---|
| DAVID M. BROWN, SR., et al. )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>BOH BROTHERS CONSTRUCTION CO., et al. )<br>)<br>Defendants )<br>) | CIVIL ACTION NO.  05-6324<br><br>JUDGE DUVAL |

and

802613v.1

BETH A. LEBLANC, et al. )
)
Plaintiffs )
) CIVIL ACTION NO. 05-6327
vs. )
) JUDGE DUVAL
BOH BROTHERS CONSTRUCTION CO., et al. )
)
Defendants )
)

and

JULIE TAUZIN, et al. )
)
Plaintiffs )
) CIVIL ACTION NO. 06-0020
vs. )
) JUDGE DUVAL
BOARD OF COMMISSIONERS OF THE )
ORLEANS LEVEE DISTRICT, et al. )
)
Defendants )
)

and

MARY BETH FINNEY, et al. )
)
Plaintiffs )
) CIVIL ACTION NO. 06-0886
vs. )
) JUDGE DUVAL
BOH BROTHERS CONSTRUCTION CO, et al. )
)
Defendants )
)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
## AMENDED MOTION FOR CONSOLIDATION AND
## TRANSFER OF VENUE TO THE MIDDLE DISTRICT OF LOUISIANA

-3-

802613v.1

Defendant Washington Group International, Inc. ("WGI") submits this memorandum of law in support of its motion for (1) consolidation of all eight of the above-captioned cases[1] pursuant to Federal Rule of Civil Procedure 42(a); and (2) transfer of the consolidated cases pursuant to 28 U.S.C. 1404(a) (1996) to the United States District Court for the Middle District of Louisiana.[2]  Each of these cases contains substantively identical allegations about the fact, extent, and alleged causes of flooding that occurred in New Orleans following Hurricane Katrina.  Accordingly, intra-district transfer and subsequent consolidation is entirely appropriate under Local Rules and the Federal Rules of Civil Procedure.  Similarly, because each of these actions could have been brought against WGI and the other named defendants in the Middle District of Louisiana, and in light of the practical and legal obstacles to fairly and effectively litigating this case in the Eastern District of Louisiana, transfer of the consolidated cases to the Middle District of Louisiana (where two additional Hurricane Katrina cases are pending)[3] would best serve the convenience of parties and witnesses, as well as the interests of justice.

## BACKGROUND

The plaintiffs in each of these actions purport to represent proposed classes consisting of all "residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the

---

[1] Copies of each complaint are attached hereto as Exhibits A – H.

[2] To its knowledge, WGI has not been served (properly or otherwise) with the *Brown v. Boh Bros., Tauzin v. Board of Comm'rs*, or *Finney v. Boh Bros.* complaints.  By asking this Court to transfer and consolidate these cases with the others in which WGI has been served, WGI does not intend – and respectfully submits that it should not be expected – to appear in these actions or to waive any service or other defenses it may have to many of the cases.

WGI is aware of three other cases involving allegations about flooding in the wake of Hurricane Katrina, although WGI is not named as a defendant in those cases and as a result is not seeking to have them consolidated here.  *See Jared Vodanovich, et al., v. Boh Bos., et al.*, Civil Action No. 05-4191 (Porteous, J.); *O'Dwyer v. United States of America*, 05-4181 (Duval, J.); and *Dalhgren v. United States of America*, 06-0188 (Lemmon, J.), copies of which are attached hereto as Exhibits I, J, and K.

[3] *Slaton v. St. Paul Fire & Marine Ins. Co., et al.*, No. 3:05-cv-01138-JVP-DLD, and *Gillaspie v. St. Paul Fire & Marine Ins. Co., et al.*, No. 3:05-cv-01301-JVP-DLD, copies of which are attached hereto as Exhibits L and M.

State of Louisiana who sustained damages as a result of water intrusion caused by the failure of the hurricane protection levees and flood walls in New Orleans, Louisiana on or about August 29, 2005 and thereafter."[4]  Although the plaintiffs' complaints were filed by different counsel, each alleges an identical chronology of the storm's progress from the Gulf of Mexico on August 27 to landfall along the Gulf Coast on August 29, 2005.[5]  Each makes the same allegations regarding the design, construction, and failure of the levees and floodwalls at the 17th Street Canal, the London Avenue Canal, and the Industrial Canal before and during the storm.[6]

Moreover, each of the plaintiffs' complaints asserts that defendants[7] — companies that contracted with the Army Corps of Engineers to perform design, construction, and/or demolition work on or near the levees and floodwalls — conducted those activities in a negligent manner, allegedly causing or contributing to the failure of the levees and floodwalls in the wake of

---

[4] *Compare* Berthelot Complaint ¶ 30; Vodanovich Complaint ¶ 16; Kirsch Complaint ¶ 30; Brown Complaint ¶ 30; Ezell Complaint ¶ 30; LeBlanc Complaint ¶ VIII.A; and Finney Complaint¶ 30.  The Tauzin Complaint purports to represent a proposed class substantially identical to the proposed class in the other actions. Tauzin Complaint ¶ 13.  Each complaint also puts forth identical arguments in favor of the class action procedure. *Compare* Berthelot Complaint ¶ 32; Vodanovich Complaint ¶ 22; Kirsch Complaint ¶ 32; Brown Complaint ¶ 32; Ezell Complaint ¶ 32; LeBlanc Complaint ¶ VIII.B - F; Finney Complaint ¶ 32 and Tauzin Complaint¶¶ 62-68.

[5] *Compare* Berthelot Complaint ¶¶ 9-14, 20, 31, 33-34; Vodanovich Complaint ¶¶ 1-6, 12, 17-19; Kirsch Complaint ¶¶ 9-14, 20, 31, 33-34; Brown Complaint ¶¶ 9-14, 20, 31, 33-34; Ezell Complaint ¶¶ 9-14, 20, 31, 33-34; LeBlanc Complaint ¶¶ VI.A - F, VI.L; and Finney Complaint ¶¶ 9-14, 20, 31, 33-34.  The Tauzin complaint sets forth a similar chronology. Tauzin Complaint ¶¶ 16-17, 56-57.

[6] *Compare* Berthelot Complaint ¶¶ 14-19, 31, 33-34; Vodanovich Complaint ¶¶ 6-11, 17-19; Kirsch Complaint ¶¶ 14-19, 31, 33-34; Brown Complaint ¶¶ 14-19, 31, 33-34; Ezell Complaint ¶¶ 14-19, 31, 33-34; LeBlanc Complaint ¶¶ VI.F - K and Finney Complaint ¶¶ 14-19, 31, 33-34; *see also* Tauzin Complaint ¶¶ 18-20.

[7] According to the complaints, defendants Boh Brothers Construction Company L.L.C., C.R. Pittman Construction Company, Inc., Pittman Construction Co. of Louisiana, Inc., Burk-Kleinpeter, Inc., Burk-Kleinpeter, LLC, B&K Construction Co., Miller Excavating Services, Inc., the Board of Commissioner of the Orleans Levee District, the Sewage and Water Board of New Orleans, and the City of New Orleans are Louisiana entities. Defendant St. Paul Fire and Marine Insurance is a "foreign corporation," Modjeski and Masters, Inc. is a Pennsylvania corporation; Gulf Group, Inc. of Florida and James Construction Group, LLC are Florida corporations; Virginia Wrecking Company, Inc. is an Alabama corporation, and WGI is an Ohio corporation.  All of the out-of-state defendants are allegedly authorized to do business in Louisiana.  Berthelot Complaint ¶ 3; Vodanovich Complaint ¶ 15; LeBlanc Complaint ¶ III; Ezell Complaint ¶ 3; Brown Complaint ¶ 3; Kirsch Complaint ¶ 3; Finney Complaint ¶ 3; and Tauzin Complaint ¶ 15.  The United States and the Army Corps of Engineers are also named as defendants in the *Tauzin* case.  Tauzin Complaint ¶ 15.b.

802613v.1

Hurricane Katrina.[8]  Finally, each of the plaintiffs' complaints proposes multiple subclasses consisting of the residents of different geographic areas that were allegedly damaged by breaches of the levees and floodwalls along the 17th Street, London Avenue, and/or Industrial Canals.[9]

## ARGUMENT

## I.   CONSOLIDATION OF ALL EIGHT ACTIONS WILL SERVE THE INTERESTS OF JUDICIAL EFFICIENCY AND JUSTICE

Rule 42(a) of the Federal Rules of Civil Procedure allows consolidation in the interest of judicial economy and avoiding unnecessary costs or delay.  *See Daybrook Fisheries, Inc. v. Am. Marine Constr., Inc.*, No. 98-1438, 1998 WL 748586, at *2 (E.D. La. Oct. 19, 1998); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984).  In light of this principle, this Court has previously consolidated cases where the actions arose from the same factual basis, *Henry v. Tidewater Marine, Inc.*, Nos. 98-3396, 99-3833, 2000 WL 739273, at *4 (E.D. La. June 6, 2000) ("As the two actions grow out of the same factual basis, these matters could be handled most expeditiously by consolidation; therefore, the Court will order that the cases be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure."), and where the cases involved the same questions of law, *Daybrook Fisheries*, 1998 WL 748586, at *2 (consolidating cases arising out of same series of events because both cases involved interpretation of same contract and indemnity agreement).  Both of these factors are present here.

Each of plaintiffs' complaints makes the same factual allegations and legal claims against each of the defendants.  Accordingly, consolidation at this early stage of the cases will serve judicial economy and avoid unnecessary costs and delay.  Among other things, the Court will

---

[8]  *Compare* Berthelot Complaint ¶¶ 35, 37; Vodanovich Complaint ¶¶ 20, 23; Kirsch Complaint ¶¶ 35, 37; Brown Complaint ¶¶ 35, 37; Ezell Complaint ¶¶ 35, 37; LeBlanc Complaint ¶ VII.A; Finney Complaint ¶¶ 35, 37; and Tauzin Complaint ¶ 58.

[9]  *Compare* Berthelot Complaint ¶ 30; Vodanovich Complaint ¶ 16; Kirsch Complaint ¶ 30; Brown Complaint ¶ 30; Ezell Complaint ¶ 30; LeBlanc Complaint ¶ VIII.A.1 - 5 and Finney Complaint ¶ 30; *see also* Tauzin Complaint ¶ 14.

have to decide whether (as the plaintiffs assert and the defendants vigorously contest) class certification is appropriate in a case involving different theories of liability with respect to different groups of defendants that worked on or near the levees and floodwalls bordering three different canals. Rather than engage in duplicative litigation in front of multiple judges, WGI respectfully submits that the interests of judicial economy and efficiency would be better served by consolidating all eight cases pursuant to Rule 42(a).

**II.    TRANSFER OF THE CONSOLIDATED CASES TO THE MIDDLE DISTRICT OF LOUISIANA PURSUANT TO 28 U.S.C. § 1404(a) WILL NOT BURDEN THE PARTIES OR THE JUDICIAL SYSTEM, AND WILL INCREASE THE LIKELIHOOD OF A DISINTERESTED TRIBUNAL**

A district court may "transfer any civil action to any other district or division where it might have been brought" when doing so will serve the "convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a) (1996). It is well settled that courts should perform "a two-pronged analysis before granting a motion to transfer venue pursuant [to Section 1404(a)]. The first inquiry is whether the district is one in which the action could have been originally brought. The second is whether the transfer of venue will 'serve the convenience of the parties and the interests of justice.'" *Morgan v. Metro. Life Ins. Co.*, No. 02-2903, 2003 WL 1903344, at *1 (E.D. La. April 14, 2003) (quoting *Alix v. Shoney's, Inc.*, No. 96-2812, 1997 WL 66771, at *2 (E.D. La. Feb. 18, 1997); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (applying two-step analysis for transfers of venue under Section 1404(a)). Given the facts alleged in each of the plaintiffs' complaints, both of these tests are readily satisfied. Transfer to the Middle District of Louisiana is both appropriate and necessary under the circumstances.

A.     Venue is Proper in the Middle District of Louisiana

Turning to the first inquiry, the Court must determine whether these actions might have been brought in the Middle District of Louisiana.  The answer to that question is found in 28 U.S.C. § 1391(b), which provides (in pertinent part) that venue is proper in any "judicial district where any defendant resides, if all defendants reside in the same State."  Corporate entities – the majority of defendants here – are deemed to "reside" for purposes of venue in any jurisdiction in which they are subject to personal jurisdiction.  *See* 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); *Int'l Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 114 n.2 (5th Cir. 1996) (finding that "venue in a diversity suit lies against a corporate defendant in any district where the corporation . . . is subject to personal jurisdiction.").

WGI has a registered agent in the Middle District of Louisiana and is subject to personal jurisdiction there.  According to the allegations in the complaints, each of the remaining defendants is either a resident of Louisiana or is subject to personal jurisdiction in the state.[10] Accordingly, the Middle District of Louisiana is a proper venue for these actions.

---

[10] WGI recognizes that the United States of America is named as a defendant in the *Tauzin* action.  *See* Tauzin Complaint ¶ 15.b.  WGI is also aware that the United States, in a letter to this Court dated February 21, 2006, observed (i) that 28 U.S.C. § 1402(b) governed venue determinations as to the United States in this action, and that pursuant to this provision, venue was only proper as to the United States in either "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred" – in this case, the Eastern District of Louisiana; and (ii) that under current precedent, it may not be possible to seek transfer of an action pursuant to 28 U.S.C. § 1404(a) to a district in which an action could not have been brought.  Letter from Robin D. Smith to Hon. Stanwood R. Duval, Feb. 21, 2006 at 1-2. (quoting 28 U.S.C. § 1402(b)) (attached as Exhibit U).  This letter also notes that plaintiffs' claims against the United States raise unique, possibly dispositive issues (including the argument that none of the plaintiffs has exhausted his administrative remedies under the Federal Tort Claims Act).  Letter from Robin D. Smith. at 2.  WGI is also aware that the United States has filed a motion to dismiss on precisely these grounds in the *O'Dwyer* case and will be filing a similar motion in *Tauzin*.  Additionally, should the Court conclude, in accord with WGI's position, that it is not in the interest of justice to subject WGI and others to a biased jury pool, then this case would present an issue of first impression, *i.e.*, whether § 1402(b) must give way to prevent a deprivation of due process under the Constitution.  In light of this information, WGI respectfully requests that the Court consider the United States' motion to dismiss before addressing this motion.  *See, e.g., In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 819 (3d Cir. 1982), *cert. denied sub nom. Alaska v. Boise Cascade,* 459 U.S.

-8-

B.     Transfer of The Consolidated Cases to the Middle District of Louisiana Will Serve the Convenience of the Parties and the Interest of Justice

In order to determine whether to transfer venue in a specific case, "the court must balance two categories of interests, (1) the so-called private interests, which take into account the convenience of the litigants, and (2) the public interests, which take into account the fair and efficient administration of justice." *Morgan*, 2003 WL 1903344, at *2 (citing *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001)); *In re Volkswagen*, 371 F.3d at 203.

Private interests that the Court must consider include:  "(1) plaintiff's choice of forum; (2) convenience of parties and witnesses; (3) place of the alleged wrong; . . . [(4)] cost of obtaining the attendance of witnesses; [(5)] accessibility and location of sources of proof; and [(6)] possibility of delay and prejudice if transfer is granted." *Morgan*, 2003 WL 1903344, at *2. (citing *Hanby*, 144 F. Supp. 2d at 676-77).[11]

Public interests implicated by a transfer of venue include:  "(1) administrative difficulties caused by court congestion; (2) local interest in adjudicating local disputes; [and] (3) unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (citing *Hanby*, 144 F. Supp. 2d at 676-77); *see also In re Volkswagen*, 371 F.3d at 203.[12]  While "the letter of the section might suggest otherwise, it is well established that the interest of justice is a factor to be considered on its own." 15 Charles A. Wright, *et al.*, *Federal Practice & Procedure*, Juris. 2d § 3854 (2d ed. 1986) (footnote and internal quotation marks omitted).  In this post-Katrina litigation, the parties'

---

(continued...)

1156 (1983) (noting that "a party's settlement of his portion of the action cures any objection to venue in the transferee district with respect to that party"); *accord* 17 Moore's Federal Practice § 111.12[4][b] (3d ed. 2005).

[11] While the list of "private factors" in *Morgan* included "location of counsel" as one of the issues a district court should consider when deciding a § 1404(a) motion, *Morgan*, 2003 WL 1903344, at *2, the Fifth Circuit's subsequent  decision in *In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003), held that "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *Horseshoe Entertainment, Id.* at 434.

[12] Ordinarily a court would also inquire whether the transfer of an action would create any conflict-of-law issues.  That factor does not appear to apply here, since the transferor and transferee jurisdictions are both within Louisiana.

-9-

private interests, the public's interest in the fair and efficient resolution to this litigation, and the interests of justice clearly warrant transfer of the consolidated cases to the Middle District of Louisiana.

> 1.       *The Parties' Private Interests Favor a Transfer to the Middle District of Louisiana*

Plaintiffs have chosen to file their actions in the Eastern District of Louisiana. Although the plaintiffs' choice of the forum where the alleged liabilities arose would normally be due some deference, *see Cowan v. Jack*, No. 02-433, 2002 WL 927788, at * 2 (E.D. La. May 7, 2002), the plaintiff's "choice of forum . . . in and of itself is neither conclusive nor determinative," and is only one of several private interests the court must weigh on a motion to transfer venue. *In re Horseshoe Enter.*, 337 F.3d 429, 434 (5th Cir. 2003). The remaining private interests clearly weigh in favor of a transfer to the Middle District of Louisiana.

As a result of Hurricane Katrina and the flooding following the storm, many New Orleans residents (including the very individuals that plaintiffs purport to represent in their proposed classes) have been displaced from their homes and relocated to neighboring states[13] and places as far away as Massachusetts, Nevada and California.[14] Many members of the proposed classes – and potential witnesses in these actions – are likely to be among the hundreds of thousands of New Orleans residents who have yet to return to the city.[15] As a result, transferring the consolidated cases will not impose any greater burdens on the parties or

---

[13] *See, e.g.*, Tara Young, "Evacuees May Dry Up Houston Job Market," *Times-Picayune*, Sept. 19, 2005, at B08, attached hereto as Exhibit N.

[14] *See, e.g.*, Jessica Fargen, "Big Easy Exiles find Lots to be Thankful for in Hub," *The Boston Herald*, Nov. 25, 2005, at 6, attached hereto as Exhibit O; Bill Walsh, "Evacuees in Hotels Get FEMA Reprieve," *Times-Picayune*, Nov. 23, 2005, at A1, attached hereto as Exhibit P.

[15] Gordon Russell, "Comeback in Progress," Times-Picayune, January 1, 2006, at A1 (noting that New Orleans' population stands at approximately 135,000, or less than 30% of its pre-Katrina level), attached hereto as Exhibit Q. *See also* Laura Parker, "After Katrina, Courts Flooded by Lawsuits," USAToday, January 15, 2006, at 1A ("A shortage of jurors – and the court delays that could result – could particularly affect residents and business owners who need to resolve insurance disputes soon to avoid bankruptcy."), attached hereto as Exhibit R.

802613v.1

witnesses than remaining in the Eastern District of Louisiana.[16]  Discovery will need to be taken around the country, lessening the relative importance of the "accessibility and locations of sources of proof" factor.  Similarly, because the Middle District's courthouse in Baton Rouge is less than 80 miles from New Orleans, the cost of securing the attendance of potential witnesses for trial will be essentially the same regardless of where a trial eventually takes place.  Moreover, transferring the consolidated cases will not cause any delay or prejudice to the parties.[17]  WGI believes that the plaintiffs are still in the process of serving the defendants with the various complaints, and the consolidated cases could be transferred to the Middle District before the plaintiffs have even initiated the cases against all of the named defendants.

2.   *The Public Factors Likewise Support Transfer of the Consolidated Cases to the Middle District of Louisiana*

Consideration of the public factors underlying a transfer-of-venue motion similarly weigh in favor of granting WGI's motion.  First, transferring the consolidated cases to the Middle District of Louisiana will alleviate the potential for additional congestion in the Eastern District, where judges are currently carrying more than 35,000 cases and ten multidistrict litigation proceedings (encompassing nearly 3,000 cases) are already on the docket.[18]  Second, the "local interest in adjudicating local disputes" cannot be afforded significant weight.  This litigation involves a natural disaster that was not "localized" to the jurisdiction where the suits were

---

[16]  Indeed, witnesses for the plaintiffs and defendants are as likely to be found outside as they are inside the Eastern District of Louisiana, whether by residence prior to or displacement by Hurricane Katrina.  WGI employees who may be called as witnesses in these actions reside in Colorado, Florida, Idaho, and even Iraq.

[17]  To the contrary, allowing the cases to remain in the Eastern District of Louisiana may implicate serious due process concerns (as discussed more fully in Section B.3 below), since it may be difficult to identify judges or jury members who were not – or who do not continue to be – affected by Hurricane Katrina in some way.

[18]  The following district judges in the Eastern District of Louisiana currently preside over multidistrict proceedings: Judge Barbier (one docket, 10 cases pending); Judge Fallon (two dockets, roughly 2,500 cases pending); Judge Feldman (four dockets, 143 cases pending); Judge Lemelle (one docket, 18 cases pending); Judge Vance (one docket, 28 cases pending); and Judge Zainey (one docket, 39 cases pending).  *See* Summary by Docket of Multidistrict Litigation Pending as of September 30, 2005 or Closed Since October 1, 2004, attached hereto as Exhibit S.

802613v.1

originally brought. Rather, Hurricane Katrina caused hundreds of thousands of people to flee the Eastern District, and the storm-related exodus undoubtedly impacted the Middle District of Louisiana to some degree. Finally, the potential "unfairness" of asking residents of the Middle District to serve on a jury is greatly outweighed by the due process concerns implicated by allowing the consolidated cases to proceed in the Eastern District of Louisiana.

### 3. The Interests of Justice Require Transfer of this Litigation to a Disinterested Forum

Transfer of the consolidated cases to the Middle District of Louisiana is imperative to serve the interests of justice. The plaintiffs in the consolidated cases seek to represent a proposed class of all "residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the State of Louisiana who sustained damages as a result of water intrusion caused by the failure of the hurricane protection levees and flood walls in New Orleans, Louisiana on or about August 29, 2005 and thereafter."[19] Whether or not a class could ever be certified under Rule 23 – and WGI vigorously contests that the classes alleged in the complaints satisfy the requirements for class certification and will litigate that issue as necessary at the appropriate time and place – it will be extraordinarily difficult (if not impossible) to identify disinterested judges and empanel impartial jurors in the Eastern District of Louisiana.

First, WGI is not aware, at this early stage of the proceedings, of all the reasons why judges in the Eastern District of Louisiana might be required to recuse themselves from presiding over these multi-party, complex actions. But WGI believes that many (if not all) of the judges in the Eastern District are likely to be members or related to members of the proposed classes

---

[19] *Compare* Berthelot Complaint ¶ 30; Vodanovich Complaint ¶ 16; Kirsch Complaint ¶ 30; Brown Complaint ¶ 30; Ezell Complaint ¶ 30; LeBlanc Complaint ¶ VIII.A; and Finney Complaint ¶ 30; *see also* Tauzin Complaint ¶ 13. Each complaint also puts forth identical arguments in favor of the class action procedure. *Compare* Berthelot Complaint ¶ 32; Vodanovich Complaint ¶ 22; Kirsch Complaint ¶ 32; Brown Complaint ¶ 32; Ezell Complaint ¶ 32; LeBlanc Complaint ¶ VIII.B – F; Finney Complaint ¶ 32; Tauzin Complaint ¶¶ 62-68.

alleged in the complaints, and may be required to recuse themselves from hearing the consolidated cases.[20]  *See* 28 U.S.C. § 455(b)(4) (mandating recusal when a judge knows that "he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding") and Section 455(a) (mandating recusal in "any proceeding in which [the judge's] impartiality might reasonably be questioned").  *See also Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1030 (5th Cir. 1998) ("[W]here a judge, her spouse, or a minor child residing in her household is a member of a putative class, there exists a 'financial interest' in the case mandating recusal under § 455(b)(4).").

Second, it may be impossible to identify and empanel jurors in the Eastern District of Louisiana who are free of bias or an interest in the litigation, a fact that should inform this motion to transfer venue.  *See* 92A C.J.S. § 191 (2005).  It is well-established that a person cannot serve as a judge or jury in a case in which he or she is a party.  "[O]ur system of law has always endeavored to prevent even the probability of unfairness.  To this end, no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome."  *In re Murchison*, 349 U.S. 133, 136 (1955).  Litigation before financially interested jurors "raises fundamental issues of due process, even when the . . . financial interest is relatively small."  *Exxon Corp. v. Heinze*, 32 F.3d 1399, 1403 (9th Cir. 1994).

---

[20]  WGI is aware that Judge Zainey recently recused himself from a class action in which the plaintiffs sought to represent a class of all persons who suffered "damage as a result of Hurricane Katrina's wind and storm surge."  Judge Zainey observed that he and his spouse, three of his siblings, and his entire staff suffered substantial wind and water damage in the wake of the storm.  Citing 28 U.S.C. § 455, Judge Zainey recused himself from the proceedings.  A copy of the order in *Charles Villa, et al. v. Columbia Gulf Transmission Co., et al.*, Civil Action No. 05-4569 (Zainey, J.) is attached hereto as Exhibit T.

Similarly, a person cannot serve on a jury if he is related to one of the parties in the underlying case. As Chief Justice Marshall acknowledged nearly two centuries ago, even "the most distant relative of a party cannot serve upon his jury" because "the law suspects the relative of partiality; suspects his mind to be under a bias, which will prevent his fairly hearing and fairly deciding on the testimony which may be offered to him." *United States v. Burr*, 25 F. Cas. 49, 50 (C.C.D. Va. 1807); *accord Smith v. Phillips*, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring). *See also United States v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) ("Many of the rules that require excusing a juror for cause are based on implied bias, rather than actual bias. For example, a court must excuse a juror for cause if the juror is related to one of the parties in the case, or if the juror has even a tiny financial interest in the case.").

Although the question whether a potential juror is biased will ultimately have to be made on a case-by-case basis, a change of venue is not only appropriate but necessary where – as here – the residents of a community "are interested in the event to such an extent as to prevent a fair trial." 92A C.J.S. § 191 (2005). The proposed class definitions suggest that more than 60% of the residents of the Eastern District of Louisiana could be members of or related to members of the proposed classes.[21] Moreover, many more residents of the Eastern District were indirectly impacted by the storm, whether economically or emotionally. While a court could issue lengthy juror questionnaires and engage in extensive voir dire in an effort to identify disinterested and unbiased jurors, this would be a tedious and time consuming (and perhaps futile) effort that could and should be avoided by transferring these cases to the Middle District of Louisiana. Accordingly, WGI respectfully submits that these cases present the unusual circumstance where

---

[21] The Eastern District of Louisiana encompasses thirteen parishes (see http://www.laed.uscourts.gov/GENERAL/parish_info.htm), with a total population of 1,527,323. *See* http://quickfacts.census.gov.qfd/states/22.html. The population of Orleans & Jefferson parishes is 940,130. Should the cases remain in the Eastern District, at least 60% of the jury pool is likely to consist of members of the proposed class or their relatives.

-14-

a transfer of venue is required to avoid significant due process concerns that would inevitably overshadow these cases if they proceed in the Eastern District.

## CONCLUSION

For the foregoing reasons, WGI requests that this court (i) transfer the *Ezell* and *Tauzin* cases to this section; (ii) consolidate the above-named actions pursuant to Federal Rule of Civil Procedure 42(a); and (iii) transfer the consolidated cases to the United States District Court for the Middle District of Louisiana in accordance with 28 U.S.C. § 1404(a).

Dated: March 23 2006

Respectfully submitted,

William D. Treeby, Bar No. 12901
Wayne J. Lee, Bar No. 7916
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
Julie E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant Washington Group International, Inc.*

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum of Law in

Support of Defendant Washington Group International, Inc.'s Amended Motion for

Consolidation and Transfer of Venue to The Middle District of Louisiana has been served upon

all counsel of record by placing same in the United States mail, postage prepaid and properly

addressed, and by hand this 23rd day of March, 2006.

_William D. Treeby_

William D. Treeby

802613v.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

COLLEEN BERTHELOT, et al.         )

             Plaintiffs         )        CIVIL ACTION NO. 05-4182

       vs.          )        JUDGE DUVAL

BOH BROTHERS CONSTRUCTION CO., et al.   )

         Defendants     )

and

ANN VODANOVICH, et al.        )

             Plaintiffs         )        CIVIL ACTION NO. 05-5237

       vs.          )        JUDGE DUVAL

BOH BROTHERS CONSTRUCTION CO., et al.   )

         Defendants     )

and

DAVID J. KIRSCH, et al.                     )
                                            )
          Plaintiffs                        )
                                            )          CIVIL ACTION NO.  05-6073
     vs.                                    )
                                            )          JUDGE DUVAL
BOH BROTHERS CONSTRUCTION CO., et al.       )
                                            )
          Defendants                        )
                                            )

and

JIM EZELL, et al.                           )
                                            )
          Plaintiffs                        )
                                            )          CIVIL ACTION NO.  05-6314
     vs.                                    )
                                            )          JUDGE DUVAL
BOH BROTHERS CONSTRUCTION CO., et al.       )
                                            )
          Defendants                        )
                                            )

and

DAVID M. BROWN, SR., et al.                 )
                                            )
          Plaintiffs                        )
                                            )          CIVIL ACTION NO.  05-6324
     vs.                                    )
                                            )          JUDGE DUVAL
BOH BROTHERS CONSTRUCTION CO., et al.       )
                                            )
          Defendants                        )
                                            )

and

797118v.1

| | |
|---|---|
| BETH A. LEBLANC, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.  05-6327 |
| | ) |
| BOH BROTHERS CONSTRUCTION CO., et al. | ) JUDGE DUVAL |
| | ) |
| Defendants | ) |

and

| | |
|---|---|
| JULIE TAUZIN, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.  06-0020 |
| | ) |
| BOARD OF COMMISSIONERS OF THE | ) JUDGE DUVAL |
| ORLEANS LEVEE DISTRICT, et al. | ) |
| | ) |
| Defendants | ) |

and

| | |
|---|---|
| MARY BETH FINNEY, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.  06-0886 |
| | ) |
| BOH BROTHERS CONSTRUCTION CO, et al. | ) JUDGE DUVAL |
| | ) |
| Defendants | ) |

## **NOTICE OF HEARING**

- 3 -

**PLEASE TAKE NOTICE** that Washington Group International, Inc. will bring its Amended Motion to Consolidate and Transfer Venue before the Honorable Stanwood R. Duval, Jr. of the United States District Court for the Eastern District of Louisiana, on the 19th day of April, 2006 at 9:30 a.m. in the United States District Courthouse, 500 Camp St., New Orleans, Louisiana, or as soon thereafter as counsel may be heard.

Dated:  March 23, 2006

Respectfully submitted,

William D. Treeby, Bar No. 12901
Wayne J. Lee, Bar No. 7916
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
Julie E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax:  1-202-626-1700

*Attorneys for Defendant Washington Group International, Inc.*

- 4 -

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, and by hand this 23rd day of March, 2006.

_William D. Treeby_
William D. Treeby

797118v.1

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED