UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

The following Minute Entry pertains to these cases:

| | |
|---|---|
| 05-4181 "K"(2) | O'Dwyer, et al. v. USA, et al. |
| 05-4182 "K"(2) | Berthelot, et al. v. Boh Bros. Construction, et al. |
| 05-4191 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-4568 "K"(2) | Harvey v. Board of Commissioners for the Orleans Levee Board |
| 05-5237 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-6073 "K"(2) | Kirsch, et al. v. Boh Bros. Construction Co., et al. |
| 05-6314 "K"(2) | Ezell, et al. v. Boh Bros. Construction Co., et al. |
| 05-6323 "K"(2) | Vanderbrook, et al. v. State Farm Fire & Casualty |
| 05-6324 "K"(2) | Brown, et al. v. Boh Brothers Construction, et al. |
| 05-6327 "K"(2) | LeBlanc, et al. v. Boh Bros. Construction Co., et al. |
| 05-6359 "K"(2) | Bradley, et al. v. Modjeski and Master, Inc. |
| 05-6438 "K"(2) | Armstead, et al. v. C. Ray Nagin, et al. |
| 06-0004 "K"(2) | Sullivan, et al. v. State Farm Fire & Cas. Ins. |
| 06-0020 "K"(2) | Tauzin, et al. v. Board of Comm. for the Orleans Levee Board |
| 06-0151 "K"(2) | Conlay v. Encompass Ins. Co., et al. |
| 06-0152 "K"(2) | Rogers v. Encompass Ins. Co., et al |
| 06-0153 "K"(2) | Baird, et al. v. Encompass Ins. Co., et al. |
| 06-0169 "K"(2) | Humphreys v. Encompass Ins. Co., et al. |
| 06-0225 "K"(4) | Bradley, et al. v. Pittman Const. Co., et al. |
| 06-0886 "K"(2) | Finney, et al. v. Boh Brothers, et al. |

A status conference was held on March 24, 2006 at 9:30 a.m. pursuant to the Court's previous order of March 9, 2006.

**IT IS ORDERED** that a transcript of the entire proceedings shall be filed into the record.

**Mandatory Attendance of Lawyers with Full Authority**

The Court discussed its approach to the above-referenced cases and the necessity for the preliminary conferences in these matters to be mandatory. Thus, it is required that only attorneys who are completely versed in the cases and have complete authority are to attend status conferences called in these cases.

**Basis for Grouping of these Cases**

These cases comprise the suits presently filed concerning damage allegedly caused by the breaches of the 17th Street Canal, the London Avenue Canal and the Industrial Canal. Included in this umbrella presently are certain cases where plaintiffs have sued insurance companies for coverage contending that as a result of the breach, a negligent occurrence caused damage to property triggering coverage. These matters are presently allotted to this section of the Court and Magistrate Judge Jay Wilkinson will act as magistrate on these matters. At this time, allegations concerning the MRGO are not considered part of this grouping of cases.

Any potential conflict arising out of the allegations contained in the O'Dwyer suit, C.A. No. 05-4181 against Aaron Broussard, president of Jefferson Parish in both his individual and official capacities and the Parish of Jefferson as alleged in the O'Dwyer plaintiffs' "Third Supplemental and Amended Complaint in a Class Action Lawsuit," Rec. Doc. No. 7, as subsequently amended shall be resolved by severing that claim and assigning it a separate case number. That portion of the suit shall remain before Magistrate Judge Knowles.

**Chehardy Cases Transferred From Judge Polozzola**

It was brought to the attention of the Court that three actions: 1) *Gladys Chehardy, et al. v. J. Robert Wolley, et al.*, C. A. No. 05-1140-FJP-CN, *Gladys Chehardy, et al. v. J. Robert Wolley, et al.*, C. A. No. 05-1162-FJP-CN; *Gladys Chehardy, et al. v. J. Robert Wolley, et al.*, C.A. No 05-1163-FJP-CN have been transferred to the Eastern District of Louisiana and include insurance coverage questions that are presently before this Court. Accordingly,

**IT IS FURTHER ORDERED** that those cases shall be allotted to this Court.

**Conflicts of Interest**

The Court disclosed that it had no financial interest in the subject matter of the issues presented in these cases as neither he nor his family experienced any economic damage as a result of the subject flooding. The Court further disclosed that one of the attorneys involved in this matter, Calvin Fayard, is the father of one of the undersigned's law clerks and is an old personal friend of the undersigned. However, that law clerk has no dealings with any of these cases, and the Court believes that its relationship with Mr. Fayard would not influence the Court in any manner. Magistrate Judge Jay Wilkinson disclosed that neither he nor any member of his immediate family experienced flooding. As a result, the Court expressed its belief that there was no basis for its recusal in these matters. However, to insure that this issue is disposed of in a timely fashion so as to avoid any unnecessary waste of time or expense,

**IT IS FURTHER ORDERED** that any motion to recuse **must be filed no later than April 4, 2006** to be noticed for hearing on **April 19, 2006**, and should be directed to and noticed before the appropriate judicial officer.

**Master Complaints**

The Court noted that the filing of a Master Complaint or Complaints to organize potential plaintiffs by logical geographic and hydrological groups might be required to streamline the prosecution of these matters. In addition, the question of whether these cases should proceed as class actions or as mass joinder cases should be examined. Furthermore, the need to include allegations concerning MRGO was raised by plaintiffs' counsel. In addition, because of the

statutory requirements of the Federal Torts Claim Act, whether the claims against the Army Corps of Engineers should be treated on a different time table.

**Committee Structure**

The Court indicated that it intends to create a committee structure in order to facilitate the prosecution of this litigation. Preliminarily, the Court intends to appoint a Master Committee consisting of 5 attorneys to coordinate all the levee breach actions after receiving resumes from those attorneys who seek appointment. The Master Committee will consist of five members. The Court intends to also appoint Breach Specific Committees of three attorneys that will have more particularized duties. These committees will coordinate with the liaison counsel for the Master Committee dealing with the overall levee breach litigation.

The Court will determine a date specific for applications to be appointed to these committees after the next status conference. All persons applying to be on these committee should be aware that there may be costs involved for staffing, administrative costs, appointment of a Special Master, etc. An attorney should not apply unless he or she has the financial wherewithal to bear such costs.

**Lawyer Consultation**

The Court will require all counsel for plaintiffs and all counsel for defendants to confer concerning the above-noted issues and report in writing their conclusions concerning Master Class Actions or Mass Joinder Actions and the phased handling of this matter, including but not limited to:

4

1)   when preliminary motions might be filed and the sort of motions those might be, including but not limited to remand, motions to dismiss, motions for summary judgment with respect to coverage issues;

2)   whether those motions should be filed and determined before any discovery is permitted;

3)   whether preliminary discovery should be limited to class certification issues and what kind of discovery might that include;

4)   whether written discovery should occur prior to deposition discovery;

5)   whether there is a need for expedited discovery in any particular instance; and

6)   whether because of the nature of the research and reports of these breaches, an agreement can be reached concerning limitations on discovery;

7)   discussion of any other cost saving procedures ;

8)   whether the insurance coverage cases should proceed on a different time table than the straight breach cases;

9)   whether service will be waived with respect to any party;

10)  whether an agreed upon panel of experts might be utilized in this case; and

11)  any other procedure or suggestion concerning the management of this litigation.

**Report to the Court**

As the Court intends to conduct another status conference on **April 6, 2006 at 10:00 a.m.**, in order to prepare for same, the Court will require a joint written report be filed **no later**

**than 5:00 p.m. April 4, 2006 by hand delivery to the Chambers of both Magistrate Judge Wilkinson and the Undersigned.** To that end,

**IT IS FURTHER ORDERED** that Mr. Gerald Meunier and Mr. Ralph Hubbard are appointed as scribes to confect and deliver this report. Communications to these scribes may be made by e-mail at gmeunier@gainsben.com; jguichet@lawla.com; rhubbard@lawla.com .

**No Defaults**

Considering the nature of these cases and the on-going discussions concerning the manner in which these cases shall proceed,

**IT IS FURTHER ORDERED** that no defaults shall be taken in any of the above-listed cases at this time pending further order of this Court.

**Certification**

Considering the nature of these cases and the on-going discussions concerning the manner in which these cases shall proceed,

**IT IS FURTHER ORDERED** that the deadline for filing any motion for class certification is **SUSPENDED** and shall be established after the April 6, 2006 meeting.

**No Substantive Motions to Be Filed Until Resolution of the Recusal Issue**

Considering the nature of these cases and the on-going discussions concerning the manner in which these cases shall proceed,

**IT IS FURTHER ORDERED** that no additional substantive motions or motions to transfer shall be filed until the issue of recusal is resolved by this Court.

**Mode of Service of Pleadings**

Because of the nature of the mail service in the metropolitan New Orleans area and the inordinate delay in delivery of mail,

**IT IS ORDERED** that counsel shall either fax, hand-deliver or deliver using a guaranteed overnight service any pleading requiring service under the Federal Rules of Civil Procedure.

**Mode of Communication with The Court**

Because of the nature of this case and the numerosity of counsel,

**IT IS ORDERED** that all communication with the Court shall be in writing and faxed to the Court at 589-7540 for the undersigned or 589-7633 for Magistrate Judge Wilkinson.

**IT IS FURTHER ORDERED** that in the event the Court contacts counsel by e-mail, counsel will refrain from abusing the use of e-mail.

**Pro Bono Aspects of Litigation**

Danny Becnel represented to the Court that many of the lawyers are "trying" to undertake this litigation on a pro bono basis for which the Court commends them.

JS-10: 2 HRS.

7