UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAUREEN O'DWYER ET AL.                                   CIVIL ACTION

VERSUS                                                   NO. 05-4181

THE UNITED STATES OF AMERICA ET AL.                      SECTION "K" (2)

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Plaintiffs' Motion for Leave to File Twelfth (12th) Supplemental and
               Amending Complaint, Record Doc. No. 143

O R D E R E D:

 XXX  :   DENIED IN PART and DISMISSED WITHOUT PREJUDICE IN PART. Plaintiffs' motion is dismissed without prejudice to whatever extent, if any, it seeks to amend its claims as to Aaron Broussard and Jefferson Parish.  Plaintiffs' claims against Aaron Broussard and Jefferson Parish have been severed, allotted a new case number, and assigned to another magistrate judge.  Record Doc. No. 175.  In the new case, Civil Action No. 06-1640 "K" (3), plaintiffs have been ordered by Judge Duval, no later than April 20, 2006, to "file one final amended complaint . . . limited exclusively to the claims asserted against Aaron Broussard and Jefferson Parish . . . ."  Record Doc. No. 11 in Civil Action No. 06-1640 "K" (3). Any amendment that relates to the severed case should be asserted in that case in compliance with Judge Duval's order.

     In all other respects, the motion is denied. Although the policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is

a substantial reason" to do so, Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981), leave to amend "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.  Balancing these factors in this instance militates in favor of denying the motion, especially where numerous previous amendments have already been permitted.

In addition, in this case Magistrate Judge Knowles, in considering the prior of these plaintiffs' numerous previous motions for leave to file amendments, orally ordered that no further amendments would be permitted without a showing of good cause.  Fed. R. Civ. P. 16(b).  Under Rule 16(b), "[i]n determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535).

In this instance, no persuasive explanation for plaintiffs' need to amend their complaint for a twelfth time, particularly after Judge Knowles's order concerning the last amendment, has been offered. The amendment does not appear important. This is an alleged class action in which more than a sufficient number of putative class representatives have already been named, so that adding more is unnecessarily redundant.  This case is significantly unlike the separate Ingram Barge case in this court, upon which plaintiff relies so heavily in his supplemental memorandum, in that this case does not involve an admiralty limitation proceeding.  The additional jurisdictional allegations appear to have no bearing on the pending motions in this case. The prejudice to resolution of the pending motions and moving this case forward in permitting the seemingly endless amendments proffered by these plaintiffs is patent.  I have no doubt that if Judge Duval finds that yet another amendment may cure the alleged defects in plaintiffs' case that are the subject of the pending motions, he will grant time to do so.

New Orleans, Louisiana, this 12th day of April, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2