## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID J. KIRSCH and ALI HAGHIGHI, on behalf of themselves and all others similarly situated | CIVIL ACTION NO. 05-6073 DIVISION: ~~C(1)~~ K(2) |
| VERSUS | Judge Stanwood R. Duval, Jr. |
| BOH BROTHERS CONSTRUCTION CO., WASHINGTON GROUP INTERNATIONAL, INC., VIRGINIA WRECKING COMPANY, INC., GULF GROUP, INC. OF FLORIDA, MODJESKI AND MASTERS, INC., C.R. PITTMAN CONSTRUCTION COMPANY, INC., PITTMAN CONSTRUCTION CO. OF LA, INC., BURK-KLEINPETER, INC., BURK-KLEINPETER, LLC., B&K CONSTRUCTION CO., INC., MILLER EXCAVATING SERVICES, INC., JAMES CONSTRUCTION GROUP, LLC, BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, THE CITY OF NEW ORLEANS, SEWERAGE AND WATER BOARD OF NEW ORLEANS, EUSTIS ENGINEERING COMPANY, INC. AND, LA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | Magistrate Judge Joseph C. Wilkinson, Jr. |

*********************************************************

### MEMORANDUM IN OPPOSITION TO DEFENDANT, WASHINGTON GROUP INTERNATIONAL INC.'S, MOTION FOR DISQUALIFICATION OF THE HONORABLE STANWOOD R. DUVAL, JR.

NOW INTO COURT, through undersigned counsel, come Plaintiffs, David J. Kirsch, et al, for the purpose of submitting this Memorandum in Opposition to the Motion for Disqualification filed by Defendant, Washington Group International, Inc.(hereinafter, "WGI"), and state as follows:

#### 1. THE TERM "PARTY" AND RELEVANT FIFTH CIRCUIT PRECEDENT

While it is true that, for purposes of interpreting 28 U.S.C. § 455, the term "party" includes class members, the instant litigation has not been certified pursuant to Federal Rule of Civil

Procedure, Rule 23, and currently is a putative class with putative class membership only. Moreover, it is unlikely that any future class definition will include all citizens of the City of New Orleans, as not all residents have sustained legally recoverable damages. These considerations bear directly on the matter of recusal. Relevant Fifth Circuit precedent forecloses judicial disqualification in cases where broadly defined Rule 23 classes include virtually every citizen of a given jurisdiction, and the "interest" of the challenged adjudicator is both infinitesimal and attenuated.[1] This holding applies — and should apply — even in a situation where society at large may be substantially affected by the litigation.

## 2. BACKGROUND

During the Court's status conference of March 24, 2006, the Court disclosed and confirmed the following facts:

- Your Honor is a native of Houma, Louisiana.

- Your Honor's properties in Orleans Parish and in Grand Isle, Louisiana sustained no real damage from Hurricanes Katrina or Rita.

- Your Honor's daughter's home was flooded with six inches of water after Katrina, but she "was very fortunate in her insurance coverage and has absolutely zero economic damage."

- Your Honor's courtroom deputy lived in New Orleans East, but, due to flooding, has relocated to Houma, Louisiana and commutes to the Eastern District each day.

## 3. LAW AND ARGUMENT

WGI's motion lacks merit and must be denied.

---

[1] *See In re City of Houston*, 745 F.2d 925, 930 (5th Cir. 1984).

> "... a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."[2]

While it is true that "[e]ven though § 455 was intended to do away with the formal 'duty to sit' doctrine, the judge must still tread cautiously, recognizing, on the one hand, the great importance to the judicial institution of avoiding any appearance of partiality, while simultaneously remaining aware of the potential injustices that may arise out of unwarranted disqualification."[3] Unless WGI can demonstrate that a reasonable person knowing all of the circumstances would harbor doubts about Judge Duval's impartiality[4], then he remains qualified and should continue to preside over these cases.

The Fifth Circuit has recognized that § 455(a) claims are fact driven and, as a result, the analysis of a particular claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.[5] Thus, while recusal may have been appropriate in *Nichols*[6] and *Nettles*[7] as cited by WGI in its supporting memoranda, those decisions were driven by an independent examination of the unique facts of those particular cases. An independent examination

---

[2]*Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 15, 34 L.Ed.2d 50 (1972), *citing Edwards v. United States*, 334 F.2d 360, 362 (5th Cir. 1964); *Tynan v. United States*, 126 U.S.App.D.C. 206, 376 F.2d 761 (D.C. Cir.1967); *In re Union Leader Corporation*, 292 F.2d 381 (1st Cir. 1961); *Wolfson v. Palmieri*, 396 F.2d 121 (2nd Cir. 1968); *Simmons v. United States*, 302 F.2d 71 (3rd Cir. 1962); *United States v. Hoffa*, 382 F.2d 856 (6th Cir. 1967); *Tucker v. Kerner*, 186 F.2d 79 (7th Cir. 1950); *Walker v. Bishop*, 408 F.2d 1378 (8th Cir. 1969).

[3]*In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (*internal citations omitted*).

[4]See *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).

[5]See *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

[6]*Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995).

[7]*In re Nettles*, 394 F.3d 1001 (7th Cir. 2005).

of the unique facts in the instant case does not yield the same result. Indeed, even if comparison of this case to *Nichols* and *Nettles* were proper, the comparison would not be of "similar" cases—it would be more like comparing apples to oranges.

In *Nichols*, the Tenth Circuit, recognizing the *extraordinary circumstances* of the case, held that a reasonable person could not help but harbor doubts about the impartiality of the judge.[8] Of course, it is those *extraordinary circumstances* that make *Nichols* different from the instant case. In *Nichols*, the defendant was on trial for the Oklahoma City terrorist bombing of the Alfred P. Murrah Federal Building. It was an intentional act of terrorism that, in addition to killing 169 people and injuring many others, caused horrendous damage during working hours to the courthouse itself, including Judge Alley's courtroom and chambers. Such an act takes on the character of being personal—a criminal attack upon the judge, his courthouse, and his staff. Given that particularized scenario, it is easy to see how a reasonable person might harbor doubts about the judge's ability to remain impartial.

The same holds true for the *Nettles* case. There, the defendant was charged with attempting to purchase ammonium nitrate fertilizer in a plot to bomb the Dirksen Federal Courthouse in downtown Chicago. The alleged crime involved a threat to the safety of all of the judges of the district court as well as those of the Seventh Circuit whose courtrooms and chambers were located in the same building. This was a *personal attack* upon the judges of the district court and the Seventh Circuit—an intentional act to destroy the courthouse and its occupants. To allow any of the judges to preside over the case would require that a reasonable person harbor no doubt that the *intended victims* of a murder plot could remain impartial while presiding over the trial of their would

---

[8] See *Nichols, supra.,* at 352.

-be assassin. Clearly, a reasonable person given those unique facts could not reach such a conclusion.

The instant case is decidedly different from both *Nichols* and *Nettles*. In the case sub judice, there are no allegations of intentional criminal acts directed at the courthouse, the judges, or their staffs. The particular allegations are negligent acts or failures to act occurring years ago that have resulted in a wide range of damage over a broad area. There is no allegation of a personal attack directed to the judges of the Eastern District. While it is true that the failure of the levees and flood walls that occurred after the storm had passed prevented the courthouse from reopening until November, this does not equate to the extraordinary circumstances found in *Nichols* and *Nettles*. WGI has failed to demonstrate that a reasonable person would harbor doubts about Judge Duval's impartiality. Instead, WGI's suggestion that it would be reasonable to question the partiality of any judge sitting in the Eastern District relies heavily on comparison to recusals in other "disaster" cases, and does nothing more than speculate and raise a suspicion of bias. However, the hypothetical "reasonable person" is not a hypersensitive[9] or cynical[10] person, or a person unduly suspicious or concerned about a trivial risk that a judge may be biased.[11] Speculation and opinions are not sufficient.[12] Rather, the statute requires that a reasonable person knowing all of the facts and

---

[9] *Sensley v. Albritton*, 385 F.3d 591 (5th Cir. 2004); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975 (7th Cir. 2001); *Hook v. McDade*, 89 F.3d 350 (7th Cir. 1996)

[10] *Sensley v. Albritton*, 385 F.3d 591 (5th Cir. 2004)

[11] *U.S. v. DeTemple*, 162 F.3d 279 (4th Cir. 1998).

[12] *See Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 64 Fed. R. Evid. Serv. 498, 58 Fed. R. Serv. 3d 432 (7th Cir. 2004); *Cauthon v. Rogers*, 116 F.3d 1334 (10th Cir. 1997); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997).

circumstances to harbor a doubt about the judge's impartiality.[13]

The facts and circumstances here do not give rise to any reasonable person harboring a doubt about the Judge's impartiality. As noted by WGI, Judge Duval has stated that he suffered no flood damage, that his daughter had only six inches of water, and is satisfied with her recovery, as is his courtroom deputy whose home was flooded in New Orleans East. Certainly, these facts and circumstances, just like the facts and circumstances cited by WGI, must be considered by the reasonable outside observer. WGI has failed to demonstrate that a reasonable outside observer would harbor doubts about the Judge's impartiality, knowing that the failure of the levees and floodwalls has had some affect on all citizens, but also knowing that Judge Duval suffered no flooding and that his family members and staff are satisfied with their recoveries.

The disqualification or recusal of federal judges is governed by 28 U.S.C. § 455, which provides in pertinent part:

> "(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> . . . .
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (i) Is a party to the proceeding. . . ."[14]

---

[13]*United States v. Anderson, supra.*

[14]Section 455's enumerated grounds do not provide for mandatory recusal with respect to the Court's deputy. *See* 28 U.S.C. 455(b). Therefore, Plaintiffs do not brief this issue.

A recusal motion under section 455 is committed to the sound discretion of the district judge. *See In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The issue of judicial disqualification is solely one of law; it is "'a sensitive question of assessing all the facts and circumstances. . . .'" *Id.* (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 3). The goal of the judicial disqualification statute is "'to foster the appearance of impartiality.'" *Id.* (quoting *Potashnick v. Port City Const., Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980)).

Recusal is not warranted herein pursuant to 28 U.S.C. 455(b), because no specifically enumerated recusal grounds are present. Recusal is not warranted pursuant to 28 U.S.C. 455(a), because there is no basis on which to reasonably question the Court's impartiality.

Given the disclosed facts, the provision for recusal on the basis of section 455(b)(4) is not applicable. Your Honor did not sustain damage to his properties, and, accordingly, has "no financial interest in the subject matter in controversy." Furthermore, this subsection is inapplicable to the Court's daughter, since she is of the age of majority.

Defendant WGI seems to argue for recusal pursuant to section 455(b)(5)(i), which, according to Defendant, mandates recusal on the basis of Your Honor and/or his daughter being a potential "party" to the proceedings pursuant to broadly-drafted class definitions pled in one or more of the consolidated suits.[15] Recusal under this subsection is likewise unwarranted. Since a Rule 23 class has not yet been certified, there currently are no actual class members in this case. *See In re*

---

at present.

[15]   Defendant's motion references "the definitions of several of the proposed classes" which are "so broad as to include residents who did not even suffer flood damage." Defendant's Motion for Disqualification, p. 3, n.6.

*Houston, supra*, p. 928. In the event that the Court ultimately certifies a class, it is unlikely that a proposed broad definition such as "all citizens and/or residents of Orleans and Jefferson Parishes with claims," would pass Fifth Circuit muster. It is well-settled that Rule 23 class definitions must be clear and unambiguous. *See In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004).

Additionally, although the Ninth Circuit Court of Appeals has held that a class member is a "party" for section 455 purposes, the Fifth Circuit has expressed some doubt. *See In re Houston, supra*, p. 928 n. 6. In *In re Houston*, the court considered whether a district judge in a voting rights case was a member of a "class" which would have made her a party under section 455, despite the fact that the judge's interest was not pecuniary. *Id.* The *Houston* court first noted that it would not hesitate to treat the declared class as if it had been certified, because the lower court had treated it as a class in ruling on the merits. *Id.* (citing *Bing v. Roadway Express, Inc.*, 485 F.2d 441, 446 (5th Cir. 1973)). Citing the age-old civilian principle of "*Nemo debet esse judex in propria causa*," or "No man should be a judge in his own case," the court next noted that, because the challenged judge had no financial stake in the outcome of the litigation, recusal as a *per se* rule under subsection 455(b)(4) was inappropriate. *Id.* at 928 (citing *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)). In holding that recusal was not warranted despite the judge's status as a "class member," the court specifically stated:

> [w]e recognize that "an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him. Where the interest of a judge as a resident, taxpayer, or property owner is not direct or immediate but remote or contingent, such interest ordinarily is not sufficient *per se* to disqualify him."

*Id.* at 929-30 (citing 48A C.J.S. *Judges* § 123 (1981)). The court further noted that "[i]f every class

member had to be treated as a party in all circumstances, the purposes of Rule 23 might in some instances be frustrated." *Id.* at n. 7.

The *Houston* court's holding applies with considerable force herein. No class has yet been defined and there is no immediate, anticipated class definition in sight. Moreover, the Court has disclosed that neither Your Honor nor his daughter has a "financial stake" in the litigation. Even if Your Honor were within a class defined and certified, Your Honor would either opt-out or simply not fill out a claim form to proceed in recovery as a class member. Finally, any interest that Your Honor may or may not have in any future potential class is too remote to warrant disqualification. The class definitions at issue are much too amorphous to include the Court. Moreover, it is well settled that class definitions can be refined. Most class definitions exclude all interested parties including the Court in which a class defined and certified is seated. By contrast, the enumerated recusal grounds set forth in section 455 are purposely precise. Pursuant to the Code of Judicial Conduct, a judge has an obligation to hear a case properly before him. These consolidated matters, in their current posture, simply do not present grounds to justify mandatory recusal. They represent important litigation, and should remain before this Court.

Finally, as the Court has intimated, section 455(a) is wholly inapplicable. No reasonable person, knowing all the facts and circumstances present, could reasonably question the Court's impartiality.

### 4. ADOPTION

Plaintiffs herein adopt the arguments contained in the oppositions filed by the Plaintiffs in the *Berthelot v. Boh Bros.* (#05-4182), *Bradley v. Pittman Construction Co.* (#06-0225) and *LeBlanc v. Boh Bros.* (#05-6227) cases.

## 5. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny the Defendant's Motion for Disqualification.

Respectfully submitted,

HUGH P. LAMBERT (LSBA # 7933)
Lambert & Nelson, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone:   (504) 581-1750
Facsimile:   (504) 529-2931

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of April, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, by hand delivery or by fax transmission.

HUGH P. LAMBERT