

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDERICK BRADLEY, ET AL. | * | CIVIL ACTION NO. 05-6359 |
| PLAINTIFFS | * | SECTION "K" |
| VERSUS | * | JUDGE DUVAL |
| MODJESKI AND MASTER, INC. | * | MAGISTRATE NO. 2 |
| | * | MAGISTRATE WILKINSON |
| DEFENDANTS | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR DISQUALIFICATION OF THE
HONORABLE STANWOOD R. DUVAL, JR.**

Plaintiffs Frederick Bradley, Lawrence Rabin, and Mark H. Samuels, individually and on behalf of all persons similarly situated, respectfully submit this Memorandum in Opposition to the Motion for Disqualification filed by Defendant, the Orleans Levee District [hereinafter, "OLD"].

While it is true that, for purposes of interpreting 28 U.S.C. § 455, the term "party" includes class members, the instant litigation has not been certified pursuant to Rule 23, and currently is a putative class with putative class membership only. Moreover, it is unlikely that any future class definition will include all citizens of the City of New Orleans, as not all residents have sustained legally recoverable damages. These considerations bear directly on the matter of recusal. Relevant

Fifth Circuit precedent forecloses judicial disqualification in cases where broadly defined Rule 23 classes include virtually every citizen of a given jurisdiction, and the "interest" of the challenged adjudicator is both infinitesimal and attenuated.[1] This holding applies — and should apply — even in a situation where society at large may be substantially affected by the litigation.

I. **BACKGROUND**:

During the Court's status conference of March 24, 2006, the Court disclosed and confirmed the following facts:

- Your Honor is a native of Houma, Louisiana.

- Your Honor's properties in Orleans Parish and in Grand Isle, Louisiana sustained no real damage from Hurricanes Katrina or Rita.

- Your Honor's daughter's home was flooded with six inches of water after Katrina, but she "was very fortunate in her insurance coverage and has absolutely zero economic damage."

- Your Honor's courtroom deputy lived in New Orleans East, but, due to flooding, has relocated to Houma, Louisiana and commutes to the Eastern District each day.

II. **LAW AND ARGUMENT**:

A. **Applicable Law**:

The disqualification or recusal of federal judges is governed by 28 U.S.C. § 455, which provides in part:

"(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
. . . .

---

[1] See In re City of Houston, 745 F.2d 925, 930 (5th Cir. 1984).

(4)   He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5)   He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (i)   Is a party to the proceeding. . . ."[2]

A recusal motion under section 455 is committed to the sound discretion of the district judge. *See In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The issue of judicial disqualification is solely one of law; it is "'a sensitive question of assessing all the facts and circumstances. . . .'" *Id.* (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 3). The goal of the judicial disqualification statute is "'to foster the appearance of impartiality.'" *Id.* (quoting *Potashnick v. Port City Const., Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980)).

B.  **Argument**:

Recusal is not warranted herein pursuant to 28 U.S.C. 455(b), because no specifically enumerated recusal grounds are present; and recusal is not warranted pursuant to 28 U.S.C. 455(a), because there is no basis on which to reasonably question the Court's impartiality.

Under the facts at hand, the provision for recusal on the basis of section 455(b)(4) is not applicable. Your Honor did not sustain damage to his properties, and, accordingly, has "no financial interest in the subject matter in controversy." Furthermore, this subsection is inapplicable to the Court's daughter, since she is of the age of majority.

Defendant OLD seems to argue for recusal pursuant to section 455(b)(5)(i), which, according to Defendant, mandates recusal on the basis of Your Honor and/or his daughter being a potential

---

[2]  Section 455's enumerated grounds do not provide for mandatory recusal with respect to the Court's deputy. *See* 28 U.S.C. 455(b). Plaintiffs therefore do not brief this issue at present.

"party" to the proceedings, pursuant to broadly-drafted class definitions pled in one or more of the consolidated suits.[3] But recusal under this subsection, is likewise unwarranted. Since a Rule 23 class has not yet been certified, there currently are no actual class members in this case. *See In re Houston, supra*, p. 928. In the event that the Court ultimately certifies a class, it is unlikely that a proposed broad definition such as "all citizens and/or residents of Orleans and Jefferson Parishes with claims," would pass Fifth Circuit muster. It is well-settled that Rule 23 class definitions must be clear and unambiguous. *See In the Matter of Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004).

Additionally, although the Ninth Circuit Court of Appeals has held that a class member is a "party" for section 455 purposes, the Fifth Circuit has expressed some doubt. *See In re Houston, supra*, p. 928 n. 6. In *In re Houston*, the court considered whether a district judge in a voting rights case was a member of a "class" which would have made her a party under section 455, despite the fact that the judge's interest was not pecuniary. *Id.* The *Houston* court first noted that it would not hesitate to treat the declared class as if it had been certified, because the lower court had treated it as a class in ruling on the merits. *Id.* (citing *Bing v. Roadway Express, Inc.*, 485 F.2d 441, 446 (5th Cir. 1973)). Citing the age-old civilian principle of "*Nemo debet esse judex in propria causa,*" or "No man should be a judge in his own case," the court next noted that, because the challenged judge had no financial stake in the outcome of the litigation, recusal as a *per se* rule under subsection 455(b)(4) was inappropriate. *Id.* at 928 (citing *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)). In holding that recusal was not warranted despite the judge's status as

---

[3] Defendant's motion references "the definitions of several of the proposed classes" which are "so broad as to include residents who did not even suffer flood damage." Defendant's Motion for Disqualification, p. 3, n.6.

a "class member," the court specifically stated:

> [w]e recognize that "an interest which a judge has in common with many others in a public matter is not sufficient to disqualify him. Where the interest of a judge as a resident, taxpayer, or property owner is not direct or immediate but remote or contingent, such interest ordinarily is not sufficient *per se* to disqualify him."

*Id.* at 929-30 (citing 48A C.J.S. *Judges* § 123 (1981)). The court further noted that "[i]f every class member had to be treated as a party in all circumstances, the purposes of Rule 23 might in some instances be frustrated." *Id.* at n. 7.

The *Houston* court's holding applies with considerable force herein. No class has yet been defined, and there is no immediate, anticipated class definition in sight. Moreover, the Court has disclosed that neither Your Honor nor his daughter has a "financial stake." Even if Your Honor were within a class defined and certified, therefore, Your Honor would either opt-out or simply not fill out a claim form to proceed in recovery as a class member. Finally, any interest that Your Honor may or may not have in any future potential class is too remote to warrant disqualification. The class definitions at issue are much too amorphous to include the Court. By contrast, the enumerated recusal grounds set forth in section 455 are purposely precise, for, pursuant to the Code of Judicial Conduct, a judge has an obligation to hear a case properly before him. These consolidated matters, in their current posture, simply do not present grounds to justify mandatory recusal. They represent important litigation, and should remain before this Court.

Finally, as the Court has intimated, section 455(a) is wholly inapplicable. No reasonable person, knowing all the facts and circumstances present, could reasonably question the Court's impartiality.

III. **CONCLUSION**:

Based on the foregoing, Plaintiffs respectfully request that this Court deny the Defendant's

Motion for Disqualification.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

BY: *KARA M. HADICAN*
**GERALD E. MEUNIER, #9471
TODD R. SLACK, #24647
KARA M. HADICAN, #29234**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, this 11th day of April, 2006.

*KARA M. HADICAN*
KARA M. HADICAN