

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRUCE CONLAY | * | CIVIL ACTION NO.: 06-0151, 06-152, |
| | * | 06-153, 06-169 |
| Plaintiff | * | |
| VERSUS | * | |
| | * | JUDGE: KURT D. ENGLEHARDT |
| ENCOMPASS INSURANCE COMPANY | * | |
| AND THE ORLEANS LEVEE DISTRICT | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ENCOMPASS INSURANCE COMPANY'S MOTION TO SEVER AND PROCEED SEPARATELY FROM THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT

Defendant Encompass Insurance Company ("Encompass"), with a full reservation of all rights and without waiving and specifically reserving all defenses, objections, and exceptions, move to sever and proceed separately from the Board of Commissioners for the Orleans Levee District ("Orleans Levee District") defendant pursuant to Federal Rules of Civil Procedure 20 and 21 on the following grounds:

1.

Plaintiff filed this action against his homeowners' insurer, Encompass, and the Orleans Levee District, alleging that in August 2005, Hurricane Katrina made landfall in

- 1 -

Louisiana, and that levee breaches resulted thereafter, causing damage to properties owned by the plaintiff in Orleans Parish. Plaintiff alleged that Encompass breached its insurance contract with plaintiff by failing to properly adjust his claims and failing to adequately cover damages and alleging that the Orleans Levee District negligently maintained the levees.

## 2.

The Petition alleges no collusion or any joint conduct among defendants Encompass and the Orleans Levee District. Moreover, the Petition does not allege that plaintiff's claims arise out of the same transaction or occurrence or series of transactions or occurrences. The Petition thus improperly joins unrelated entities as defendants in one action.

## 3.

Under these circumstances, where a complaint merely alleges independent, parallel claims arising out of separate transactions or occurrences against multiple unrelated defendants, severance is appropriate because the defendants have been misjoined and/or fraudulently joined. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996); *Mallard v. Prudential Ins. Co. of America*, 1996 WL 170126, *3 (M.D. Ala. March 29, 1996).

## 4.

In addition, the claims against the Orleans Levee Board present complex issues which will include extensive discovery, documents, investigation, additional parties, and legal and factual issues which may take years to resolve and have no relevance whatsoever to

56999

plaintiff's insurance contract claim against Encompass.   Continued joinder of the plaintiff's claims against the Orleans Levee District with his insurance claims against Encompass will unduly prejudice Encompass and the plaintiff by unnecessarily extending the time plaintiff's insurance claims could otherwise be resolved.

**5.**

The Court should exercise its discretion to order separate proceedings to prevent prejudice or the incurrence of unnecessary and unwarranted prejudice to Encompass.

**6.**

Encompass therefore urges the Court to grant its Motion to Sever, to order that the claims against Encompass be severed from the claims against the Orleans Levee District, and to permit Encompass to proceed separately from the Orleans Levee District in this lawsuit.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
               OF
BARRASSO USDIN KUPPERMAN,
   FREEMAN & SARVER, L.L.C.
909 Poydras Street
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700

Attorneys for Encompass Insurance
   Company

- 3 -

56999

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Motion to Sever has been served upon all counsel of record by electronic mail and/or placing same in the United States mail, postage prepaid and properly addressed this 25th day of January, 2006.

_____ Susan M. Rogge _____

56999

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRUCE CONLAY | * | CIVIL ACTION NO.: 06-0151 |
| | * | |
| Plaintiff | * | |
| VERSUS | * | |
| | * | JUDGE: KURT D. ENGLEHARDT |
| ENCOMPASS INSURANCE COMPANY | * | |
| AND THE ORLEANS LEVEE DISTRICT | * | |
| | * | MAGISTRATE: KAREN WELLS ROBY |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ENCOMPASS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND PROCEED SEPARATELY FROM THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT

Defendant Encompass Insurance Company ("Encompass"), with a full reservation of all rights and without waiving and specifically reserving all defenses, objections, and exceptions, submits this Memorandum in Support of its Motion to Sever and Proceed Separately From the Board of Commissioners for the Orleans Levee District ("Orleans Levee District"). As will be shown below, severance is appropriate because the Orleans Levee District has been misjoined and/or fraudulently joined with Encompass. The Petition filed in this proceeding does not assert claims against the defendants jointly, severally or in the alternative, or any right to

- 1 -

57003

relief with respect to or arising out of the same transaction or occurrence which involve common questions of law or fact. Severance is necessary to cure the misjoinder and to prevent prejudice and the incurring of undue expense.

## FACTS

Plaintiff filed this Petition in Civil District Court for the Parish of Orleans on December 2, 2005. The Petition alleges that in August 2005, Hurricane Katrina made landfall in Louisiana, and that levee breaches resulted thereafter, causing damage to property owned by the plaintiff in Orleans Parish. Petition at ¶¶ IX-XI. The plaintiff sued Encompass, as well as the Orleans Levee District, alleging that Encompass breached its insurance contract with plaintiff by failing to properly adjust the claim and failing to adequately cover damages and alleging that the Orleans Levee District negligently maintained the levees. *Id.* at ¶¶ XII-XXVII. Defendants Encompass and the Orleans Levee District timely filed a joint notice of removal, removing the suit to this Court on January 12, 2006.

The Petition does not allege any collusion or joint conduct against the defendants. Indeed, the Petition neither purports to state a claim for conspiracy nor provides any facts or allegations to form a basis for any type of joint liability. Nor does the Petition allege that plaintiff's claims arise out of the same transaction or occurrence or series of transactions or occurrences. Rather, Plaintiff's allegations against Encompass, consisting of an alleged failure to adjust and pay a claim under a homeowners' policy, are wholly distinct from and unrelated to his allegations against the Orleans Levee District, consisting of alleged negligent maintenance of levees and stormwalls. The claims against the two unrelated defendants involve two separate

- 2 -

and distinct transactions—one is a contract claim alleging liability for an insurer's actions in handling a claim and interpreting an insurance policy while the other claim is a tort claim alleging that the Levee District negligently maintained the levees.

## ARGUMENT AND AUTHORITIES

### 1.    The Federal Rules Do Not Permit Joinder Of These Unrelated Actions.

Joinder of these totally independent claims asserted by plaintiff against the totally separate defendants Encompass and the Orleans Levee District is improper. Federal Rule of Civil Procedure 20 provides the scope for permissive joinder of parties in federal court. Rule 20 restricts the right to join parties in one action to those circumstances where (1) plaintiff "asserts any right to relief jointly or severally," or (2) "in the alternative, in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and, if any, question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20. Where these circumstances are absent, joinder is not permitted. *See Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, (E.D. La. Mar. 20, 2001); *Iron Workers Welfare Fund v. Meche*, No. 91-0514, 1991 WL 162123, (E.D. La. Aug. 7, 1991); *Demboski v. CSX Transp.*, 157 F.R.D. 28, 29-30 (S.D. Miss. 1994) ("Plaintiffs' rights to relief do not arise from one transaction or occurrence or a series of transactions or occurrences [and therefore the] Plaintiffs' claims should be severed into four separate actions.").

Neither of the required circumstances is present here. Plaintiff clearly has not alleged a right to relief jointly or severally. Nor has he alleged a right to relief arising from one transaction or occurrence or a series of transactions or occurrences. In fact, the Petition contains no basis to connect the plaintiff's insurance claim against Encompass with his negligence claim

- 3 -

57003

against the Orleans Levee Board.  The claims are based on the application of different facts and different laws to each.  The claim against Encompass will involve facts regarding the handling of plaintiff's insurance claim, the extent of plaintiff's damages covered under his homeowners' policies, and application of law governing insurance contracts.  In contrast, the plaintiff's claims against the Orleans Levee District will involve complicated facts regarding the Levee Board's actions or inactions with respect to maintenance of the levee and stormwalls and likely a multitude of experts opining on causation issues.

In *Iron Workers*, where the plaintiff's claims did not arise out of the same transaction and occurrence, severance was granted, despite the plaintiff's common allegation against the joined defendants that they each failed to fulfill terms of a subrogation agreement. *Iron Workers*, 1991 WL 162123, at *2. In the same vein, in *Weber*, the court granted a severance of plaintiffs' claims against the defendant noting the absence of common issues of fact, despite plaintiffs' reliance on similar law. *Weber*, 2001 WL 274518, at *1.  Here, plaintiff has not and cannot set forth even one common allegation, legal or factual, and, therefore, severance of the claims against Encompass should be granted because plaintiff's claims against it and the Orleans Levee District do not arise out of the same transaction or occurrence.  Accordingly, as in *Iron Workers* and *Weber*, the transactions have no connection whatsoever and, therefore, should be severed.

2.     **Severance Is Required To Prevent Undue Prejudice to Allstate.**

Rule 20(b) allows a court to order separate trials to prevent prejudice. *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Under Rules 20 and 21, the district

- 4 -

court has the discretion to sever an action if it is misjoined or might otherwise cause . . . prejudice."); *Demboski,* 157 F.R.D. at 29 ("[I]t is well established that unrelated claims may be severed to promote the legitimate interest of some of the parties."). Pursuant to Rule 20(b), this Court should exercise its discretion to order separate trials to prevent prejudice to Encompass, which will result if Encompass is forced to trial with an unrelated defendant on an unrelated transaction.   Not only are the transactions unrelated, the claims against the Orleans Levee District present complex issues which will include extensive discovery, documents, investigation, additional parties, and legal and factual issues which may take years to resolve and have no relevance whatsoever to plaintiff's insurance contract claims against Encompass.[1]

Courts have long recognized that when multiple claims are tried together, a risk of jury confusion and prejudice exists which prevents a fair and impartial trial. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).  The risk of jury confusion is particularly great where the parties' situations are diverse and the joinder produces a large body of evidence. *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 371 (2d Cir. 1993). As explained in *Repetitive Stress Injury Litigation*:

> The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's -- and defendant's -- cause not be lost in the shadow of a towering mass litigation.

11 F.3d at 373.

---

[1]    The Levee Board already has been named a defendant in multiple actions which may be consolidated.  Such consolidation would further prejudice Encompass.

- 5 -

Allowing joinder of claims against the unrelated defendants creates the very risk of which the court in *Repetitive Stress Injury Litigation* forewarned. The facts and evidence pertaining to the claims against the Orleans Levee District will require a presentation of a plenitude of evidence, none of which is relevant with respect to the insurance claim against Encompass. Further, as a result of joinder of the unrelated claims, Encompass will be subjected to extensive discovery and greatly increased trial time. Given the variety of evidence and the ensuing lengthening of the trial, the risk of juror confusion is great, causing prejudice to Encompass.

Moreover, continued joinder of the plaintiff's claims against the Orleans Levee District with his insurance claims against Encompass will unduly prejudice Encompass and the plaintiff by unnecessarily extending the time plaintiff's insurance claim could otherwise be resolved. Under these circumstances where the joinder of the unrelated claims unfairly substantially increases the prejudice for a defendant, severance clearly is appropriate.

## CONCLUSION

Encompass respectfully urges the Court to grant its Motion to Sever and Proceed Separately From the Board of Commissioners for the Orleans Levee District. Rule 20 requires severance because plaintiff not only fails to assert any joint, several or alternate liability among the distinct defendants, he also fails to allege claims that arise out of the same transactions or occurrences. Finally, severance is also warranted in this case to prevent prejudice to Encompass

- 6 -

57003

in the form of jury confusion and lengthening of the time it would otherwise take to resolve a relatively simple insurance dispute.

Respectfully submitted,

_Susan M. Rogge_

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
Of BARRASSO USDIN KUPPERMAN,
   FREEMAN & SARVER, L.L.C.
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Encompass Insurance
   Company

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Sever and Proceed Separately has been served upon all counsel of record by electronic mail and/or placing same in the United States mail, postage prepaid and properly addressed this 25th day of January, 2006.

_Susan M. Rogge_

- 7 -

57003

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRUCE CONLAY | * | |
| | * | CIVIL ACTION NO.: 06-0151 |
| Plaintiff | * | |
| VERSUS | * | JUDGE: KURT D. ENGLEHARDT |
| | * | |
| ENCOMPASS INSURANCE COMPANY | * | |
| AND THE ORLEANS LEVEE DISTRICT | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Encompass Insurance Company will bring the attached Motion to Sever and Proceed Separately From the Board of Commissioners for the Orleans Levee District for hearing before Judge Kurt D. Englehardt on February 15, 2006, at 9:30 o'clock a.m. in the United States District Courthouse, 500 Camp Street, New Orleans, Louisiana, or as soon thereafter as counsel may be heard.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
Of BARRASSO USDIN KUPPERMAN
        FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Encompass Insurance
    Company

56995

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served upon all counsel of record by electronic mail or by placing same in the United States mail, postage prepaid and properly addressed, this 25th day of January, 2006.

Susan M. Rogge

56995