

Refile in master Case 05-4182

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIANE W. ROGERS** | * | **CIVIL ACTION NO. 06-0152** |
| | * | |
| VS. | * | **SECTION "J"** |
| | * | |
| | * | **MAG NO. 5** |
| **ENCOMPASS INSURANCE COMPANY** | * | |
| **AND THE ORLEANS LEVEE DISTRICT** | * | **MAGISTRATE: CHASEZ** |
| | * | |
| | * | **JURY TRIAL IS REQUESTED** |

## MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff to move this Honorable Court to remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana, forr the reasons set forth herein:

I.

On January 13, 2006, defendants Encompass Insurance Company and the Orleans Levee District filed a notice of removal to the United States District Court for the Eastern District of Louisiana.

II.

Plaintiff opposes removal and moves for remand back to the State Court on the basis that this Court does not have subject matter jurisdiction over this matter, as more fully set forth in the

___ Fee ___
___ Process ___
X Dktd ___
✓ CtRmDep ___
___ Doc. No. ___

- 1 -

accompanying Memorandum in Support.

**WHEREFORE**, Plaintiff respectfully requests that this matter be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana pursuant to 28 U.S.C. §1447(c) due to a lack of jurisdiction. The defendants have not satisfied the criteria necessary to invoke the federal officer removal statute nor have they made a showing of fraudulent joinder of a non-diverse party.

        Respectfully submitted,

        **THE CREELY LAW FIRM**

        Robert G. Creely (La. Bar No. 4594)
        P.O. Box 441
        901 Derbigny Street
        Gretna, Louisiana 70056
        Telephone: (504) 367-8181
        Facsimile: (504) 362-5168

        ATTORNEYS FOR PLAINTIFF, DIANE W. ROGERS

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each, properly addressed and postage prepaid, on this 10th day of February, 2006.

        ROBERT G. CREELY

Mot2Remand.doc

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIANE W. ROGERS | * | CIVIL ACTION NO. 06-0152 |
| | * | |
| VS. | * | SECTION "J" |
| | * | |
| | * | MAG NO. 5 |
| ENCOMPASS INSURANCE COMPANY | * | |
| AND THE ORLEANS LEVEE DISTRICT | * | MAGISTRATE: CHASEZ |
| | * | |
| | * | JURY TRIAL IS REQUESTED |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

As set forth below, this Court does not have jurisdiction over this matter, and therefore, the case must be remanded back to the State Court in which it was filed.

The defendants, Encompass Insurance Company and the Orleans Levee District ("OLD"), have sought to justify the improper removal of this case on essentially every conceivable grounds in the law, yet are unable to support any of them.

**I.      Federal Officer Jurisdiction**

The defendants' first argument is based upon the federal officer removal statute, 28 U.S.C. §1442(a)(1). Predictably, the reliance on Section 1442(a)(1) is predicated upon the defendants' fundamental misunderstanding of that statute. In short, the statute may apply to

G:\Rogers.Diane\MemoInSupportRemand.doc

-1-

situations in which a defendant is being sued for doing what the federal government told it to do, but never applies to situations such as this where the defendant is being sued because it failed to do what the federal government asked it to do.

Title 28 USC § 1442(a)(1) provides as follows:

(a)   A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)   Any officer of the United States or any agency thereof, or person acting under him, for any act under the color of such office or an account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Under certain limited circumstances, this statute has been extended to nongovernmental individuals who can show that (1) they have acted under the direction of a federal officer; (2) they can raise a federal defense to plaintiffs' claims; and (3) they can demonstrate a casual nexus between plaintiff's claims and the acts it performed under the color of federal office.[1] It is not enough to make factual allegations that one worked under the general auspices of federal direction or regulation. Removal must be predicated upon an officer's *direct and detailed control*.[2]

In *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998), the Fifth Circuit set forth a three-part test for determining whether a party may invoke the federal officer removal statute. The court first considered whether the defendants were "persons" within the meaning of the federal officer removal statute. Second, the Fifth Circuit evaluated whether "the defendants acted pursuant to a federal officer's directions," and whether there was "a causal nexus" between the defendants' actions and the plaintiff's claims. *Id.*, at 398. The third factor

---

[1] *Mesa v. California*, 489 U.S. 121, 131-32, 109 S.Ct. 959, 966, 103, L.Ed.2d 99 (1989).
[2] *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 934, 947 (E. D.N.Y.) 1992).

G:\Rogers.Diane\MemoInSupportRemand.doc

- 2 -

considered by the Fifth Circuit was whether the defendants had a "colorable federal defense." Applying this test to the instant case, it is clear that the defendants have failed to satisfy the test for invoking the federal officer removal statute.

### A. OLD Did Not Act Pursuant to Directions of an Officer of the United States in Failing To Discharge Its Duty To Properly Maintain The 17th Street Canal

In this case, the defendants assert that OLD is a federal officer within the meaning of 28 USC § 1442(a)(1) because the relief sought in this case "addresses and implicates the operation and maintenance of national flood control structures in accordance with The Army Corps of Engineers' regulations and specification." Notice of Removal ¶ 21. As set forth herein, that assertion is false.

A federal officer cannot merely claim that he was doing his job in order to justify removal. To do so is to lapse into the same "scope of employment test" rejected by the Supreme Court in *Mesa*.[3] Succinctly stated, the issue is not whether OLD acted under the direction of COE officials or whether COE inspectors were on the jobsite, but whether OLD is subject to being sued in state court based upon its actions taken pursuant to federal direction.[4] It is not sufficient to prove only that "the relevant acts occurred under the general auspices of a federal officer" or that the defendant was a member of a regulated industry. *Overly v. Raybestos-Manhattan, infra.*

The undisputed fact of the matter here is that the COE contracted with OLD such that OLD would inspect and maintain the levees. The COE did not direct nor control how, when or where the OLD conducted its inspection and maintenance duties, and the defendants offer absolutely no proof that any such direction, control or authority was ever exerted by the COE. All the defendants can muster regarding the COE's pervasive direction and control over OLD is

---

[3] *North Carolina v. Ivory*, 41 906 F.2d 999 (4th Cir. 1990).
[4] *Id.* at 1003.

G:\Rogers.Diane\MemoInSupportRemand.doc

- 3 -

an unsupported assertion that the COE "conducts annual inspections of the flood control structures in Orleans Parish to determine if [OLD] has complied with its contractual maintenance obligations." Notice of Removal ¶ 14. Even if true, and again the defendants offer no actual evidence, that assertion is woefully short of the necessary showing for federal officer jurisdiction to apply.

### B. No Causal Nexus Exists Between Plaintiff's Claims and Acts Performed By OLD Under Color of Federal Office

The defendants' argument that a causal nexus exists between Plaintiff's claims and acts performed by OLD under color of Federal office is simply without merit. Under the third prong for federal officer jurisdiction, the defendants must show that a nexus exists between actions for which OLD is being sued and the directives of the federal government. *Ryan*, 781 F. Supp. at 945; *Ruffin*, 959 F. Supp. at 775; *Freiberg, supra* at 1152-6. To determine whether a causal nexus exists, "[t]he critical analysis is to what extent defendants acted under the federal direction at the time they were engaged in conduct now being sued upon." *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992) (internal quotes omitted); *Freiberg, supra* at 1152-6. To meet this burden, a defendant must "by direct averment exclude the possibility that [the state action] was based on acts or conduct of his not justified by his federal duty." *Mesa*, 109 S. Ct. at 966; *Freiberg, supra* at 1152-6.

Simply put, the defendants must show that the federal authority under which OLD operated "directly interfered with its ability to fulfill its state law obligation" of care. *See Ruffin*, 959 F. Supp. at 776, (citing *Ryan*, 781 F. Supp. at 950); *Freiberg, supra* at pages 1152-6. This factor is similar to the determination of whether OLD acted under federal authority.[5] When

---

[5] The causal nexus requirement is necessarily predicated upon the existence of federal authority. In some cases, the two requirements are combined into one test. *See Ames v. Boeing North American, Inc.*, 997 F. Supp. 1268, 1273 (C.D. Cal. 1998).

G:\Rogers.Diane\MemoInSupportRemand.doc

- 4 -

making this determination, most courts require "direct and detailed control" by the federal officer over the specific conduct of the defendant that forms the basis for the plaintiff's tort claims. *Bahrs*, 795 F. Supp. at 969; *Freiberg, supra* at pages 1152-6; *Gauthe, supra; Mouton, supra*; and *Porch, supra.*

In this case, the defendants have provided no evidence showing that a federal officer exercised "direct and detailed" control over OLD operations. In fact, the evidence is clear and uncontested that the COE entrusted OLD to do what it was being paid to do - inspect and maintain the levees. This lack of an evidentiary foundation, once again, requires that this case be remanded to state court. *Freiberg, supra* at pages 1152-6; *Gauthe, supra; Mouton, supra*; and *Porch, supra.*

In *Overly v. Raybestos-Manhattan*, No. C-96-2853 CI (N.D. Cal., 1996), the defendant produced an abundance of evidence attesting to the regulations imposed by the federal government on the manufacture and design of ships built by the defendant and for the government, and the court held that:

> "**none** of these guidelines address Avondale's responsibility to warn its employees of their exposure to products containing asbestos. The government in no way restricted Avondale's ability to notify individuals of the presence of asbestos in the work environment. Thus, there is no causal connection between the control exercised by the United States over Avondale and the legal theory in which plaintiffs seek to hold Avondale liable."[6]

Consequently, the *Overly* court found that the defendant had no basis upon which to remove the case, and therefore remanded the case to state court.

Plaintiffs would also like to call this Court's attention to a recent case decided by the United States District Court for the Northern District of West Virginia which also addresses this same issue, in which the court remanded the case removed on the same basis as the instant case.

---

[6] Exhibit "5," at 8.

G:\Rogers.Diane\MemoInSupportRemand.doc

- 5 -

Case 2:05-cv-04182-SRD-JCW   Document 94   Filed 04/11/06   Page 8 of 17
Case 2:06-cv-00152-SRD-JCW   Document 7   Filed 02/10/2006   Page 8 of 17

In doing so, the court held that:

> "[T]he removing defendants have each failed to demonstrate a causal nexus between plaintiffs asserted claims and the acts performed by the respective defendants under the direction of a federal officer. Furthermore, the removing defendants have each failed to assert a colorable federal defense to the plaintiffs' respective claims. Neither the government contractor defense nor immunity under the Defense Procurement Act give rise to a colorable federal defense against the plaintiffs' respective claims. In that both a causal nexus and a colorable federal defense are necessary requirements, jurisdiction under 28 USC § 1442(a) is lacking. In essence, plaintiffs' claims against the removing defendants are for the negligent operation of the respective buildings, not for the manufacturing of goods or equipment at the direction of and for the federal government. Therefore, plaintiffs' claims are clearly more analogous to the prosecution by the State of California against postal employees' negligent operation of postal vehicles while on duty when the United States Supreme Court in *Mesa v. California*, 489 U.S. 121 (1969) found no federal jurisdiction under the Federal Officer Removal Statute. Simply put, the removing defendants herein are not being sued because of their efforts to carry out their federally mandated duties."

*Mon Mass II v. 20th Century Globe Corp.*, Civil Action No. 96-CV-91, (N.D. Va. July 19, 1996) (Attached herein as Exhibit "13").

Another case on point in this regard is the case of *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992). In *Bahrs*, General Dynamics was sued for dumping toxic waste, including TCE, into the ground, which eventually seeped into the ground and injured the plaintiffs. *Id.*, at 967. General Dynamics removed the case, alleging that federal-officer jurisdiction was appropriate because when performing the work that created the toxic waste, they were fulfilling a government contract. The court rejected the defendant's attempt to invoke federal officer jurisdiction because while the federal government may have exercised control over the procedures that created the toxic TCE waste, there was no evidence that it exercised "direct and detailed" control over the conduct that caused the plaintiffs' injuries, the waste-disposal procedures:

G:\Rogers.Diane\MemoInSupportRemand.doc

- 6 -

> "While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal. The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised."

*Id.*, at 970. Thus, the court found no nexus existed between the control exercised by the federal government and the tortious conduct that formed the basis of the plaintiff's lawsuit against General Dynamics. *Id.*

In this case, the defendants simply cannot establish this required nexus.

### C.   OLD Can Not Raise A Colorable Federal Defense

In the Notice of Removal, the defendants assert that OLD "enjoys a federal government contractor defense because its role in inspecting, maintaining and operating the flood control structures was done in compliance with The Army Corps of Engineers' regulations and federal law." Notice of Removal ¶ 22. As set forth herein, the federal contractor defense is not a colorable defense to Plaintiff's claims against OLD.

As set forth in Plaintiff's Petition for Damages, Plaintiff does not assert claims against OLD based upon a design defect or a manufacturing defect. And held in *Gauthe*, "to stretch the government contractor defense to encompass something other than a design defect or manufacturing defect is not indicated here." *Gauthe*, at p. 5 (Exhibit "1"). Undeterred, the defendants nonetheless presents the identical argument here that has been unanimously rejected by every Federal Court that has heard it.

A government contractor is allowed to escape liability for harms caused by their product under specific conditions. *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 944 (E.D.N.Y. 1992). The instant case is not a products liability case, nor was Plaintiff harmed by a product manufactured by OLD.

G:\Rogers.Diane\MemoInSupportRemand.doc

- 7 -

Undeterred by the obvious inapplicability of the government contractor defense to the instant case, the defendants nonetheless cite *Boyle v. United Technologies Corp.*, 487 U. S. 500, 108 S. Ct. 2510, 101 L Ed. 2d 442 (1988) in support of their position.. In *Overly v. Raybestos Manhattan* (attached as Exhibit "5"), the court recognized that in order to meet the *Boyle* test a defendant must show that the government affirmatively instructed it regarding the actions or inactions for which it is being sued:

> "Defendants only showing on this motion relates to the government's manufacturing and engineering specifications. Defendant has not demonstrated that the government provided "reasonably precise specifications" affecting Avondale's provision of warnings. Absent a showing by the defendant that the federal government gave specific instructions to Avondale not to warn employees of the existence of asbestos, Avondale has offered no protection by government contractor immunity."

*Id.*

Moreover, before the Court can consider whether this serves as a colorable federal defense in this case, the defendants bear the burden of establishing that two requisite conditions are met: (1) whether the case concerns a unique federal issue and (2) whether there was a significant conflict between federal policy and state law. *Boyle*, 108 S. Ct. at 2515. If **either** of these conditions is not met, a defendant cannot rely upon the federal contractor defense. *Dorse v. Eagle-Picher Industries, Inc.*, 898 F. 2d 1487, 1490 (11th Cir. 1990) (state law not displaced where no conflict existed between federal contractual duties and state duty of care — contractor could comply with both obligations). In this case, the defendants have presented absolutely no evidence which would establish these two requisite conditions and thus, OLD cannot rely on the government contractor defense.

    a.    **No Unique Federal Interest Justifies Removal.**

G:\Rogers.Diane\MemoInSupportRemand.doc

Because Plaintiff's claims in this case center on OLD's failure to meet its state law obligations of reasonableness, any federal interest in this case is meager at best. Using precisely this reasoning, the Eastern District of Pennsylvania rejected an asbestos manufacturer's claim that it was entitled to the federal-contractor defense to support its attempted federal officer removal:

> The impact of this personal injury action on the federal interest in protecting future defense procurement — the fundamental point of the government contract defense — is speculative. It is common knowledge that asbestos is no longer used in the design and manufacture of equipment, so that this lawsuit cannot interfere with a federal program involving products that contain asbestos. Therefore, **the adjudication of this personal injury action in state court does not threaten the enforcement of a federal policy sufficient to warrant removal.**

*Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125, 1131 (E.D. Pa. 1996)(emphasis added). Just as in that case, the instant claims against OLD would have no effect whatsoever on any federal interest. Here, the defendants do not, and indeed can not, present any evidence that a unique federal interest is at issue in this case.

      **b.**    **No Conflict Exists Between State Law and Federal Mandate.**

Assuming for purposes of argument that a federal interest does exist in this case, which is denied, that federal interest would "merely establish a necessary, not a sufficient, condition for the displacement of state law." *Boyle,* 108 S. Ct at 507. The court must then determine whether a conflict exists between state law and federal mandate. Displacement of state law "will occur only where. . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law or the application of state law would 'frustrate specific objectives' of federal legislation." *Id.* The *Boyle* court offered an example of a situation in which federal mandate does not conflict with state imposed duty:

> "If, for example, the United States contracts for the purchase and installation of an air conditioning-unit, specifying the cooling capacity but not the precise manner

> of construction, a state law imposing upon the manufacturer of such units a duty of care to include a certain safety feature would not be a duty identical to anything promised the Government, but neither would it be contrary. The contractor could comply with both its contractual obligations and the state-prescribed duty of care. No one suggests that state law would generally be pre-empted in this context."

*Id.*[7] This example clearly highlights the facts applicable to this case are clearly outside the removal statutes. The defendants present nothing to suggest that there were federal mandates that pre-empted OLD's state prescribed duty of care to Plaintiff. *Gauthe, supra; Mouton, supra;* and *Porch; supra;* among many others.

Therefore, even if the Court determined that there is a federal interest in this case, which is denied, the defendants would still have to establish a conflict exists between OLD's duties imposed by state law and its duties imposed by federal authority. Indeed, in a similar situation, the Eleventh Circuit determined that the evidence did not support the requirements for the government contractor defense where "the contractor could comply with both its contractual obligations and the state-prescribed duty of care." *Dorse v. Eagle-Picher*, 898 F.2d 1487, 1490 (11th 1990) (*citing Boyle*, 108 S.Ct. at 2517). The Ninth Circuit clearly articulated this requirement in the failure to warn context:

> "*Boyle* displaces state law only when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion."

*Id.; See Also, In re Hawaii Asbestos Cases*, 960 F. 2d 806, 813 (9th Cir. 1992).

In the instant case, the defendants have not established that OLD's duties imposed by federal authority in any way conflicted with its duties of care imposed by state law. OLD has a

---

[7] As opposed to the instant claims, *Boyle* was a design defect case. In *Boyle*, the state-imposed duty of care was directly contrary to the duty imposed by contract with the federal government. *Boyle*, 108 S. Ct. at 2517. However, the defendants here present no evidence that OLD's "federal duty," if any, limited its ability to fulfill its state law duty of care to Plaintiff.

duty, imposed by state law, to make Plaintiff whole for damages caused by OLD's negligence. Nothing in the defendants' Notice of Removal, or otherwise, in any way suggests that OLD's alleged federal authority conflicted with this state imposed duty of care. Where no conflict with state law exists, OLD is not entitled to rely upon the government contractor defense. Assuming OLD did work under the direct and detailed supervision of the federal government, which is denied and contrary to the facts, the defendants provide no evidence that anything about that supervision touched upon or prevented OLD from performing its obligations non-negligently.

Thus, the government contractor defense is simply not available to OLD in this case.

### D.   *Lalonde v. Delta Field Erection* Does Not Support Removal

The very first case the defendants cite is *Lalonde v. Delta Field Erection*, 1998 WL 34301466 (M.D. La.), as if that case in any way supported removal of this case. As can be seen from a review of the facts of *Lalonde*, that case is wholly inapplicable here.

In *Lalonde*, the widow of an employee of DSM Polymer, who had died of silicosis, sued DSM for its failure to warn Mr. Lalonde of the dangers of silica. DSM removed the case under the federal officer removal statute, and the court refused to remand the matter. However, the facts of *Lalonde* are clearly inapposite to those of the instant case. Unlike OLD, DSM "operated a federal government-owned facility, **exclusively** for the government, under the oversight and ultimate control of the officers of the federal government."[8] The government, moreover, specifically controlled safety matters.[9] Given the overwhelming federal interests in that case, the court reasoned removal was proper to avoid state court interference with federal functions.[10] The plaintiff was actually suing the defendant for acting exactly as the federal government

---

[8] *Id.*, at 4 (emphasis added).

[9] *Id.*

[10] *Id.* at 5.

G:\Rogers.Diane\MemoInSupportRemand.doc

-11-

directed it to act. In stark contrast to *Lalonde*, this case involves claims that OLD **failed** to act as the federal government asked.

This is not the first time *Lalonde* has been cited in support of a frivolous removal. In *Guidroz v. The Anchor Packing Co.*, No. 98-3709 "B," Eastern District of Louisiana (attached hereto as Exhibit "4"), Judge Lemelle (himself a former magistrate) had the following to say about *Lalonde*'s applicability:

> "The Court places little emphasis on the Magistrate Judge's "Ruling" in Lalonde v. Delta Field Erection, No. 96-3244-B-M3 (M.D. La. Aug. 5, 1998) from the Middle District of Louisiana cited by ADDSCO. First the Court is unclear as to the jurisdictional authority under with the Magistrate Judge, rather than a District Judge, entered this jurisdictional "Ruling." Second and most relevant, the Magistrate Judge chose to ignore Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D. Ca. Sept. 9, 1996) (unpublished) and other unidentified "similar cases" (presumably those raised by plaintiff herein) on the basis that these lower court cases "do not involve a government contractor acting exclusively as an agent for the federal government in operating a government-owned facility," as she was faced with in Lalonde. Lalonde, slip op. at 7 n. 13. The Magistrate Judge found it all but frivolous to consider that an agent operating such a plant would have to prove that each act it performed had been under Government supervision. That is not the case here. For this reason, Lalonde and its protracted reasoning are distinguishable."

*Guidroz*, at n. 3. *Lalonde* simply has no applicability to the instant case.

In fact, OLD is defined by La.R.S. 38:281 as a political subdivision "organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." It is not, was not, and is not defined as an entity "created for the purpose of coordinating and contracting with federal agencies for the design, installation, and maintenance of flood control structures in Orleans Parish," as claimed by the removing defendants. It is not any contracts between OLD and the Army Corps of Engineers which define, determine or affect OLD's obligations to Plaintiff. Rather, OLD's obligations to

G:\Rogers.Diane\MemoInSupportRemand.doc

Plaintiff herein are governed by La.R.S. 38:281, and relative to those obligations, OLD can not be acting under the direction of an officer or agency of the United States.

## II. Federal Question Jurisdiction

The next argument the defendants offer is federal question jurisdiction pursuant to 28 U.S.C. §1331, more particularly the Federal Tort Claims Act of 28 U.S.C. §1336, *et seq.* The crux of this erroneous argument is the defendants' false statement that "[t]his Court must determine whether the Army Corps of Engineers, and/or it contractor, was negligent." Notice of Removal ¶ 27. In fact, the Court does not have to determine anything about the COE, as Plaintiff's claims have absolutely nothing to do with the COE or whether the COE was or was not negligent, but instead pertain to whether OLD negligently failed to adequately inspect and maintain the levees at issue. The fact that the COE would have wanted the OLD to meet these same obligations pursuant to the terms of the contract has nothing to do with OLD's potential liability in this case.

In support of this argument, the defendants assert that there is a "strong federal interest in a uniform application of federal law on the issues presented herein." Notice of Removal ¶ 30. Of course, the defendants fail to articulate exactly which "federal law on the issues presented herein" that they are referring to. The fact of the matter is that there is no such federal law to be interpreted or applied – just basic common principles of Louisiana state tort law of negligence of which there can be no federal interest to protect.

## III. Diversity Jurisdiction / Fraudulent Joinder

The defendants next argument is that there is diversity jurisdiction here because OLD is "fraudulently" joined solely to defeat diversity. The crux of this argument is the defendants' assertion that "the separate claims [against Encompass and OLD] have no connection at all to

each other." Notice of Removal ¶ 19. That assertion is, of course, absurd. Plaintiff's claims involve damages she suffered as a proximate result of OLD's negligence and which are covered under the policy of insurance issued by Encompass.

Encompass obviously recognizes the weakness of this argument, because it has also filed a Motion to Sever the claims against it from the claims against OLD in order to artificially create diversity where there is in fact none. The inescapable fact of the matter is that Plaintiff's damages and the claims against both Encompass and OLD arise from the same transaction or occurrence, namely Hurricane Katrina, and there simply is no diversity of citizenship here.

## CONCLUSION

The case should be remanded under §1447(c) due to a lack of jurisdiction. The defendants have not satisfied the criteria necessary to invoke the federal officer removal statute nor have they made a showing of fraudulent joinder of a non-diverse party.

Respectfully submitted,

**THE CREELY LAW FIRM**

_____
Robert G. Creely (La. Bar No. 4594)
P.O. Box 441
901 Derbigny Street
Gretna, Louisiana 70056
Telephone: (504) 367-8181
Facsimile: (504) 362-5168

ATTORNEYS FOR PLAINTIFF, DIANE W. ROGERS

## **CERTIFICATE OF SERVICE**

G:\Rogers.Diane\MemoInSupportRemand.doc

- 14 -

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each, properly addressed and postage prepaid, on this 10th day of February, 2006.

_____
ROBERT G. CREELY

MemoInSupportRemand.doc

G:\Rogers.Diane\MemoInSupportRemand.doc