UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE, | * * * | CASE NO. 05-4568 |
| PLAINTIFFS | * | SECTION: "R" JUDGE |
| VERSUS | * | MAG. WILKINSON |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS, | * * * | |
| DEFENDANTS | | |

## MOTION AND INCORPORATED MEMORANDUM TO REMAND

NOW INTO COURT, through undersigned counsel, come plaintiffs, Robert Harvey, et al., who move this Honorable Court to remand the above captioned matter back to the Civil District Court for the Parish of Orleans, for the grounds set forth below:

1.

Plaintiffs filed suit in state court against the Board of Commissioners for the Orleans Levee District (hereinafter "Orleans Levee District" or "OLD"), on September 24, 2005, raising solely state law allegations of negligence, solely against non-federal defendants.

2.

The Orleans Levee District is not a branch, nor is it under the authority of U.S. Corps of Engineers, and the U.S. Corps of Engineers has not been sued herein.

3.

There is no federal question involved in the above captioned matter, nor it the OLD a "federal officer" either pursuant to federal statute or applicable jurisprudence and case law.

4.

This Honorable Court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1331, 28 U.S.C. 1442, or any other federal statute or basis for federal jurisdiction.

5.

The removing defendant herein was not acting under an officer of the United States or an Agency thereof. There is no causal connection between the charged conduct and the asserted official authority. The removing defendant does not have a colorable defense under federal law.

6.

Complainants allege that the defendant, OLD, was negligent in the following respects:

a. Designing and installing concrete flood walls which were below standard and unstable to stop flooding;

b. Failing to test the flood walls for their ability to withstand cascades of lake water that may push over levees during a hurricane;

c. Failing to interlock the flood walls and/or place a top soiling or similar system to bind the walls together.

7.

In *Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La.)*, the Honorable District Judge Porteous addressed the *Lalonde* decision relied upon by the defendants, as well as 28 U.S.C. 1442(a)(1). Judge Porteous found that the defendants failed to establish a casual connection between the U.S. Navy's direction pursuant to contracts with the defendants, and the plaintiffs' claims due to the absence of "express contractual government specifications......" *Mouton, id., at* \*3.

2

8.

There is neither evidence nor allegations shown by the removing defendant to show "express contractual government specifications" that relate to complainants allegations in the above captioned suit.

9.

The Orleans Levee District is defined by La. R.S. 38:281 as a political subdivision "organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits." It is not, was not, and is not defined as an entity "created for the purpose of coordinating and contracting with federal agencies for the design, installation, and maintenance of flood control structures in Orleans Parish", as claimed by the removing defendants.

10.

It is not any contracts between the OLD and the U.S. government, which define, determine, or affect OLD's obligations to the complainants in the above captioned matter.

11.

Instead, the OLD's obligations to the complainants herein are governed by La. R.S. 38:281. In so doing, the OLD is NOT acting under the direction of an officer or agency of the United States.

12.

There is no casual connection between the OLD's alleged "federal duties" and the allegations contained in the complainants' petition herein. There is NO allegation seeking damages for the OLD's conduct "while acting under color of an officer or agency of the United

3

States", as alleged in defendants' removal petition.

13.

The defendant in the *Teague* case, cited by removing defendant herein, operated a dam **only** pursuant to the terms of a **license** that was procured directly from the federal government and provided that he was "at all times...subject to the control of the Secretary of War under such rules and regulations as he may prescribe in the interests of navigation and flood control...." *Teague*, 279 F.Supp. at 704. In marked contrast, OLD is NOT involved in a direct contract with the federal government to provide **specified products** and services to the government. Thus, the OLD herein, acted merely as a participant in a partially regulated area, a fact that does not provide a viable basis for removal under 28 U.S.C. 1442. *Jamison v. Purdue Pharma Co., 251 F.Supp.2d 1315 (S.D. Miss. 2003); Guckin v. Nagle, 259 F.Supp.2d 406 (E.D. Penn. 2003).* (Emphasis added).

14.

The removing defendant has cited and can cite no authority for its proposition that the OLD is entitled to a "federal government contractor" defense. There is little danger of the OLD being held liable for innocent conduct. Accordingly, this Honorable Court may not expand the claimed sovereign immunity dramatically by extending it to the OLD herein. *Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997); United States v. Daniel, Mann, Johnson & Mendenhall, 355 F.Supp. 1140 (9th Cir. 2004).*

15.

The fact that the OLD must comply additionally with certain federal regulations does not make its Louisiana State statutory duties to the public federal.

16.

In the *Boyle* case relied upon by the removing defendant, the defendant government contractors had supplied equipment to the United States **for military use.** Removing defendant has cited no case in which any exception to the Federal Tort Claim Act's **waiver** of sovereign immunity has been held to bar or preempt claims against a contractor other than situations in which a defense contractor has provided allegedly defective products. Further, *Boyle* involved claims involving complex equipment acquired by the Government in its procurement process, which inevitably implicates nuanced discretion and sophisticated judgments by military experts. *Boyle, 487 U.S. 511, 108 S.Ct. 2510 [FN 6]*. Plaintiffs' claims in this case do not involve any allegation that defendants supplied equipment, defective or otherwise, to the United States military. Therefore, the extension of the government contractor defense beyond its current boundaries is unwarranted. *Fisher v. Halliburton, 2005 WL 1562411 (S.D. Tex.)*.

17.

Federal law does NOT displace state tort law when the matter at issue does not involve a **uniquely** federal interest. Federal law does NOT displace state tort law when there is no **significant conflict** between federal interest or policy, and the operation of state law. *Adams v. Alliant Techsystems, Inc., 201 F.Supp.2d 700 (W.D. Va. 2002)*. (Emphasis added).

5

18.

The burden of proof for establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5*th* Cir. 1998). If the right to remove is doubtful, the case should be remanded. *Butler v. Polk*, 592 F.2d 1293, 1296 (5*th* Cir. 1979).

19.

There were no **daily** inspections of the OLD's work or lack thereof by the U.S. Corps of Engineers in this case, unlike the *Miles* case relied upon by the removing defendant. In *Miles*, the federal contractor, James Construction Group undisputedly acted under the direction of the Corps of Engineers, and more particularly chief engineer for the project in question, Timothy Roth of the Corps of Engineers. In *Miles*, the Corps of Engineers performed **daily** inspections to insure that the contracted work was being performed in compliance with the specifications of the Corps. Before performing **each stage** of the work, James had to submit proposed construction methods and items of equipment to be used, which had to each be approved by the Corps. Chief Engineer, Timothy Roth of the Corps, sent a letter to the James superintendent, informing him that James work was accepted in compliance with the **Project plans** and **specifications**. *Miles at 2004 WL 1794527 (E.D.La.) at \*2, paragraph 2*. No such evidence exists in the above captioned matter.

20.

In the interest of avoiding unintended encroachment on the authority of States, a court interpreting a federal statute pertaining to subjects traditionally governed by state law, must be reluctant to find federal preemption. U.S.C.A. Const. Art. 6, cl. 2.; *Myrick v. Freuhauf*

6

*Corporation*, 13 F.3d 1516 (11th Cir. 1994).

21.

Federal preemption of state law does not lie unless it is the clear and manifest purpose of Congress. U.S.C.A. Const. Art. 6, cl. 2; *Myrick v. Freuhauf Corporation*, 13 F.3d 1516 (11th Cir. 1994).

22.

The presumption exists that the only state action that is preempted by federal statute is that which Congress has clearly indicated is to be preempted. U.S.C.A. Const. Art. 6, cl. 2; *Myrick v. Freuhauf Corporation*, 13 F.3d 1516 (11th Cir. 1994).

23.

There is no federal question jurisdiction pursuant to 28 U.S.C. 1331 or pursuant to the Federal Tort Claims Act. A motion to remove cannot be based upon suggested "implications" that a non-named entity has been "implicated." The plaintiffs' allegations speak for themselves. The finder of fact need only make a factual determination as to the validity of the allegations in the plaintiffs' petition. For some reason, the OLD has neglected to third party the Corps of Engineers as a defendant, despite its claim that they are "necessarily implicated" herein. If the OLD were to third party the Corps of Engineers, then this Honorable Court would have a decision to make as to the validity of the third party claims. As it stands now, the pleadings that exist do not warrant federal question jurisdiction.

24.

The plaintiffs in 1962 *Everitt v. U.S.* decision relied upon by the removing defendant, brought their suit expressly under the Federal Tort Claims Act, 28 U.S.C.A. 1346(b), et seq., in federal court. The United States was the only defendant in *Everitt*. Further, it was undisputed in *Everitt* that the U.S. Corps of Engineers was solely responsible for maintaining the intercoastal canal running through Aransas Bay, where a shrimp boat hit pilings there. The **evidence** also showed in *Everitt* that the Corps of Engineers has notice that other barges had hit the same pilings. Finally, the **evidence showed** that the Corps of Engineers had even put out notices warning of the danger. *Everitt, at 204 F.Supp. 21-22.*

25.

The *"Drawhorn"* case relied upon by the removing defendant, at "121 F.Supp. 561 (E.D. Tex. 1954)", has absolutely nothing to do with the Federal Tort Claims Act. The cited case was an action by a school district for alleged delinquent advalorem taxes on realty. 15 U.S.C.A. 607 was the only federal statute at issue. The holding was simply that the school district could tax only real property of the defendant, corporation, and could not tax personal property. 121 F.Supp. 561, 565.

26.

Similarly, the *Grable* case relied upon by the removing defendant is also inapplicable. First, unlike the plaintiffs in *Grable*, the Harvey plaintiffs herein do not allege any fault on the part of the U.S. Corps of Engineers. In *Grable*, the plaintiffs alleged that the United States Internal Revenue Service failed to give *Grable* adequate notice of a tax sale. The Harvey

8

plaintiffs' allegations simply do not "necessarily raise federal issues."

27.

There is no "implied" preemption in the law. *Myrick v. Freuhauf Corporation, 13 F.3d 1516 (11th Cir. 1994)*. Further, there is no general, inherent conflict between the alleged federal preemption and the state law damage action at issue herein. Therefore, even under the *Cipollone* case relied upon by the removing defendant, there is no federal question jurisdiction. *Myrick, id., at 1529, citing Cipollone at 112 S.Ct. at 2618.*

28.

Absent **evidence** that the OLD was acting pursuant to federal direction in neglecting their duties as alleged in the plaintiffs' petition herein, removal was inappropriate in the above captioned matter. *Transitional Hospitals Corporation of Louisiana, Inc. v. Louisiana Health Service & Indemnity Company, 2002 WL 1768893 (E.D.La.).*

29.

A simple reading of the plaintiffs' claims herein refutes the removing defendant's claim that the Corps of Engineers is a necessary party herein. If that were true, then the OLD certainly would have third partied the Corps into this suit. In addition, the removing defendant failed to cite a single case to support that proposition.

WHEREFORE, plaintiffs, Robert Harvey, et al., move this Honorable Court to REMAND the above captioned matter to the Civil District Court for the Parish of Orleans, where it was properly filed, and where it properly belongs.

Respectfully submitted,

DARLEEN M. JACOBS, bar # 7208
AL AMBROSE SARRAT, bar # 19776
JACOBS & SARRAT
823 ST. LOUIS STREET
NEW ORLEANS, LOUISIANA 70112
(504) 522-3287 & 522-0155
Attorneys for Plaintiffs,
ROBERT HARVEY, ET AL.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this 1st day of Nov., 2005.

JACOBS & SARRAT

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE, | * * * | CASE NO. 05-4568 |
| PLAINTIFFS | * | SECTION: "R" (2) |
| | * | JUDGE VANCE |
| VERSUS | * | MAG. WILKINSON |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS, | * * * | |
| DEFENDANTS | | |

**ORDER**

Considering the foregoing motion,

IT IS ORDERED that the above captioned matter be, and the same is hereby REMANDED back to the Civil District Court for the Parish of Orleans.

This _____ day of _____ ,2005, at New Orleans, Louisiana.

_____

UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE, | * * * | CASE NO. 05-4568 |
| PLAINTIFFS | * | SECTION: "R" (2) JUDGE VANCE |
| VERSUS | * | MAG. WILKINSON |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS, | * * * | |
| DEFENDANTS | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF HEARING**

TO:  THOMAS P. ANZELMO, T.A.
     MARK E. HANNA, ESQ.
     3445 N. Causeway Blvd., Suite 800
     Metairie, Louisiana 70002
     AND VIA FAX (504) 831-2492

PLEASE TAKE NOTICE that the attached expedited motion to REMAND CASE TO STATE COURT, will be heard in the United States District Courthouse for the Eastern District of Louisiana, at 500 Poydras Street, New Orleans, Louisiana, on the 16TH day of NOVEMBER 2005, at 10:00 a.m, before the Honorable SARAH S. VANCE, U.S. District Judge.

You are invited to attend and participate as may be deemed proper and in accordance with law.

Respectfully submitted,

[signature]

DARLEEN M. JACOBS, bar # 7208
AL A. SARRAT, bar # 19776
JACOBS & SARRAT

823 ST. LOUIS STREET
NEW ORLEANS, LOUISIANA 70112
(504) 522-3287 & 522-0155

Attorneys for Complainants,
ROBERT HARVEY, ET AL.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by facsimile transmission and by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this **1st** day of **Nov.**, 2005.

_____
JACOBS & SARRAT

2