UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE | * * * | CIVIL ACTION NO. 05-4568 |
| **Plaintiffs** | * | SECTION "R" |
| VERSUS | * * | JUDGE VANCE |
| | * | MAGISTRATE NO. 2 |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS | * * * | MAGISTRATE WILKINSON |
| **Defendant** | * | A JURY IS DEMANDED |

## MOTION TO DISQUALIFY MRS. DARLEEN JACOBS LEVY, MR. ROBERT HARVEY AND THEIR RESPECTIVE LAW FIRMS

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Levee District (hereinafter, "Orleans Levee District"), and respectfully moves this Honorable Court for an Order disqualifying from the instant litigation Mrs. Darleen Jacobs Levy, Mr. Robert Harvey, and their respective law firms. Mrs. Levy and Mr. Harvey are named plaintiffs in this purported class action. They are also serving as counsel of record in the same action.

As more fully discussed in the accompanying Memorandum in Support, there are two independent bases requiring disqualification of counsel and their firms, namely: (1) both Mrs. Levy and Mr. Harvey will necessarily serve as material witnesses at the trial of this matter; and (2) as the former President of the Orleans Levee District, Mr. Harvey has a conflict of interest preventing him from filing suit against the public body on which he previously served.

WHEREFORE, defendant, The Board of Commissioners for the Orleans Levee District, prays for an Order granting its Motion to Disqualify from the captioned litigation Mrs. Darleen Jacobs Levy, Mr. Robert Harvey, and their respective law firms.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEYS FOR DEFENDANT

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, this 22nd day of November, 2005.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE | * * * | CIVIL ACTION NO. 05-4568 |
| Plaintiffs | * | SECTION "R" |
| VERSUS | * * | JUDGE VANCE |
| | * | MAGISTRATE NO. 2 |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS | * * * | MAGISTRATE WILKINSON |
| Defendant | * | A JURY IS DEMANDED |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISQUALIFY MRS. DARLEEN M. JACBOS LEVY, MR. ROBERT HARVEY AND THEIR RESPECTIVE LAW FIRMS

**MAY IT PLEASE THE COURT:**

**I. FACTUAL BACKGROUND**

Breaches in the flood control structures controlling the 17th Street Canal and the London Avenue Canal in the wake of Hurricane Katrina serve as the basis of this purported class action. Robert Harvey, Darleen Jacobs Levy and Susan and William Laurendine claim various elements of property damage arising out of flooding in Orleans Parish. Mr. Harvey seeks compensation for damage to his residence on Bellaire Drive and his office on Canal Street, both within the city limits of New Orleans. Mrs. Levy seeks compensation for damages sustained to her residence and several commercial properties she owns in Orleans Parish. Mrs. Levy and Mrs. Harvey entered an

1

appearance as counsel of record for themselves, the Laurendines and members of the purported class.

Between 1992 and 1996, Mr. Harvey served as the President of the Orleans Levee District.[1] Acting as the President was an "awesome" responsibility, placing him in the position of "absolutely running the entire levee board."[2] Part of his duties included overseeing the assignment of public works contracts and working very closely with the United States Army Corps of Engineers.[3] In fact, Mr. Harvey has recognized that, during his term, the Corps was in charge of levee projects and then they would tell the levee board "what to do."[4] Communicating with the Orleans Levee Board's inside and outside counsel was also a part of Mr. Harvey's job as President.[5]

Various improvements to the 17th Street Canals and London Avenue Canals took place between 1992 and 1996, Mr. Harvey's term as President of the Orleans Levee District.[6] As President of the Board of Commissioners, both he and the Board were ultimately responsible for the manner in which the Orleans Levee District inspected and maintained the levee during his term. Communicating with inside and outside counsel about confidential Orleans Levee Board matters was also an integral part of Mr. Harvey's duties as President. The Orleans Levee District does not waive, nor has it previously waived, its privilege over the communications between itself and its counsel.

---

[1] Transcript, *N-Y Associates, Inc. v. Board of Commissioners of the Orleans Parish Parish* (sic), Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 95-16885, Div. "M," pp. 2-3, attached hereto *in globo* as Exhibit "A."

[2] Id. at p. 3.

[3] Id. at pp. 4, 26.

[4] Id. at Vol. 2, pp. 32-33.

[5] Id. at pp- 53-57.

[6] Affidavit of Gary G. Benoit, attached hereto as Exhibit "B."

2

Nor has the Orleans Levee Board waived the conflict which currently exists as a result of Mr. Harvey's representation of plaintiffs in the captioned litigation.

## II. LAW AND ARGUMENT

### A. Louisiana Rule of Professional Conduct 3.7(a) Mandates Disqualification of Mr. Robert Harvey, Mrs. Darlene Jacobs Levy and Their Respective Law Firms

Louisiana Rule of Professional Conduct 3.7(a) generally precludes a lawyer from acting as an advocate at trial, providing:

> A lawyer **shall not** act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; and
> (3) disqualification of the lawyer would work substantial hardship on the client.

The mandatory, non-discretionary language of Rule 3.7 bars lawyers from acting as witnesses unless one of the three enumerated exceptions is satisfied.

"The proscription against an attorney acting as both an advocate and a witness in the same litigation is a long standing ethical rule."[7] Courts have observed four justifications for the rule: (1) the lawyer may be a less effective witness because he is more easily impeachable for bias; (2) opposing counsel may be inhibited in challenging the credibility of a lawyer who also appears as an advocate; (3) a lawyer-witness must advocate her own credibility; and (4) the role of a witness is to objectively relate facts, while the role of an advocate is to advance his client's cause.[8] Avoiding the appearance of impropriety when a lawyer testifies on behalf of her own client is another factor

---

[7] Id. at 1311.

[8] Id. at 1311.

3

supporting Rule 3.7.[9]

"Motions to disqualify are substantive motions," and are therefore "decided under federal law."[10] However, state and national ethical standards also govern disqualification cases.[11] Courts considering disqualification motions should consult four ethical cannons: local rules of court, Model Rules of Professional Conduct, state rules and the Model Code.[12] In the Eastern District of Louisiana, the relevant local rules, the Model Rules and the state rules are identical.[13]

Model Rule 1.7, the general rule for attorney conflicts of interest, precludes a lawyer from representing a client "if the representation may be materially limited by the lawyer's own responsibilities to another client or to a third person, or by the lawyer's own interests...." The inquiry under Model Rule 1.7 is whether "such conflict will materially interfere with the lawyer's independent professional judgment."[14] Rule 5-102 of the Model Code of Professional Responsibility, which parallels Louisiana's Rule 3.7, provides that if "a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." The overriding interest in the above Rules is preservation of the "lawyer's exercise of

---

[9] Id. at 1312.

[10] F.D.I.C. v. United States Fire Ins. Co., 50 F.3d 1304 (5th Cir. 1995).

[11] Michel v. Miller, 1998 WL 42887(E.D. La.)

[12] Id. at. p. 2.

[13] Id.

[14] Id., citing Model Rule of Professional Conduct Rule 1.7 cmt. (1983).

4

independent professional judgment."[15]

When determining whether a lawyer is "likely to be a necessary witness" for the purposes of Louisiana Rule of Professional Conduct 3.7, courts generally require three things to be demonstrated: (1) the attorney will give evidence material to the determination of the issues being litigated; (2) the evidence cannot be obtained elsewhere; and (3) the testimony is prejudicial or potentially prejudicial to the testifying attorney's client.[16]

Rule 3.7, and the cases cited above, require the disqualification of Mrs. Levy, Mr. Harvey and their respective law firms. First, it is likely each will be called as a necessary witness at trial. As plaintiffs, it is not only likely Mrs. Levy and Mr. Harvey will be called as witnesses, it is a matter of metaphysical certainty that they will testify at trial on their own behalf in their case in chief, and perhaps on rebuttal. Trial testimony from named plaintiffs is "material to the determination of the issues being litigated." It is impossible to conceive of a trial taking place in which the named plaintiffs do not testify on their own behalf about numerous material issues, including:(1) facts surrounding the flooding, (2) facts supporting allegations of negligence, and (3) facts supporting claimed damages. Moreover, neither plaintiffs nor defendants can obtain plaintiffs' trial testimony from other sources. Mrs. Levy and Mr. Harvey are the only witnesses competent to testify about the allegations in their petition and their claimed damages.

There is also a substantial likelihood that counsels' testimony will prejudice their clients, as it would be "difficult or impossible for the lawyer to give [his] client detached advice."[17] At trial,

---

[15] Id. at p. 3.

[16] Id.

[17] Lange v. The Orleans Levee District, 1997 WL 668216 (E.D.La.).

Mrs. Levy and Mr. Harvey will assume conflicting roles of both advocate and witness, making it "difficult for the trier of fact to distinguish between the logic of the advocate and the credibility of the witness."[18] By misleading the trier of fact, and placing their own testimony and credibility at issue, counsel risk clouding their independent judgment, thereby prejudicing their clients.

In fact, Mr. Harvey's role as President of the Board of Commissioners for the Orleans Levee District between 1992 and 1996 will likely be critical during the trial of this matter. Mr. Harvey will not simply testify as a plaintiff. It is eminently reasonable to conclude either plaintiffs or defendants will call him at trial as a former representative of the Orleans Levee District to testify about the actions of the Levee District during his period in office. In order to establish their claim, counsel may place themselves in the untenable position of having to cross examine, and perhaps impeach, Mr. Harvey on issues relating to levee construction, improvements and maintenance during his tenure. An alternative outcome is equally plausible. If counsel continue to represent plaintiffs, they may elect not to investigate, challenge, question or cross examine Mr. Harvey's actions or inactions given his status as counsel of record. Under either scenario, there is a substantial likelihood that counsels' continued representation in this case will substantially and materially prejudice plaintiffs.

None of the exceptions identified in Rule 3.7 apply under the facts of this case. The testimony of Mrs. Levy and Mr. Harvey would not relate to uncontested issues. To the contrary, counsels' testimony would go to the heart of intensely disputed issues pertaining to both liability and damages. Because the nature and value of legal services are not at issue here, the second exception to Rule 3.7 is clearly inapplicable. Finally, disqualifying counsel would not work a substantial

---

[18] Wright & Gold, Federal Practice and Procedure, Federal Rules of Evidence, Sec. 6102.(2005).

6

hardship on their clients. This litigation has just commenced. No formal discovery has been conducted. Critical delays and deadlines have not expired. And requiring counsels' clients to obtain new representation would not delay the expeditious resolution of this matter. Consequently, the final exception to Rule 3.7 does not apply here.

Because there is a substantial likelihood counsels' continued representation would be prejudicial to their clients, Eastern District precedents call for the disqualification of Mrs. Levy's and Mr. Harvey's <u>entire law firms</u> from all stages of this litigation.[19] Courts have recognized that, when the actions of counsel are at issue in the underlying litigation, it would be impossible for counsel or their firms to provide "independent arm's length counsel" to their clients. These concerns "outweigh any hardship suffered by the clients in finding new counsel," particularly when the disqualification occurs at the early stages of discovery, as it would here.[20] Therefore, the Levy and Harvey firms should be disqualified from this litigation.

### B. Alternatively, Louisiana Rule of Professional Conduct 1.11 Mandates Disqualification of Mr. Robert Harvey

Louisiana Rule of Professional Conduct 1.11 prohibits former government officers and employees from representing clients with claims against the governmental agency on which they served, stating in pertinent part:

> (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
> (1) is subject to Rule 1.9(c); and
> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee,

---

[19] <u>Lange v. The Orleans Levee District</u>, 1997 WL 668216 (E.D. La.) (Per J. Clement), citing <u>Guaranty Corp. v. National Union Fire Ins. Co.</u>, 1993 WL 165690 (E.D. La.).

[20] <u>Lange</u>, supra at p. 3.

7

unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.[21]

"The customary remedy of an alleged conflict of interest is disqualification of the attorney or firm with the conflict."[22] In determining whether a conflict exists, courts often look to the rules of professional conduct."[23] "(E)thical rules which regulate attorneys' law practices have been recognized as having the force and effect of substantive law."[24]

The American Bar Associations' 2003 Comments to Rule 1.11 explain the policy reasons for barring former government officers from suing their employer, noting Rule 1.11 is fashioned to "prevent a lawyer from exploiting public office for the advantage of another client."[25] In addition, "unfair advantage could accrue to the other client by reason of access to confidential government information about the client's adversary obtainable only through the lawyer's government service."[26]

Gary G. Benoit currently serves as the Senior Counsel of the Orleans Levee District.[27] He served as an employee of the Levee District during Mr. Harvey's tenure as President. According to Mr. Benoit, Mr. Harvey had access to confidential governmental information (e.g., documents and information protected by the attorney-client privilege, and information obtained during Executive

---

[21]Defendant assumes, *arguendo*, Mr. Harvey did not act as the Orleans Levee Board's attorney while serving as its President. Therefore, Rule 1.9, which deals with duties to former clients, does not apply to the present Motion.

[22]Walker v. State, 2001-CC-2078(La. 5/14/2002); 817 So.2d 57, 59-60.

[23]Id. at p. 60.

[24]Id.

[25]Comment (3), Annotated Model Rules of Professional Conduct 1.11 (2003).

[26]Id. at Comment (4).

[27]See, Exhibit B," Affidavit of Gary G. Benoit.

8

sessions) while acting as President. Mr. Harvey's role as President also empowered him with oversight of the Orleans Levee District's inspection and maintenance of the flood control structures within its jurisdiction, including those at the 17th Street Canal and London Avenue Canal. Breaches in these levees serve as the basis of this litigation. Likewise, while President, Mr. Harvey was substantially involved in the Levee District's decision making process relative to flood control operations within the Levee District's jurisdiction. Mr. Harvey's sworn testimony confirms the "awesome" responsibility he assumed as President of the Orleans Levee District, essentially "running the entire levee board."[28]

Rule 1.11 mandates Mr. Harvey's disqualification from this litigation. As a former public officer, he is precluded from representing clients in connection with matters in which he participated "personally and substantially." There is a clear conflict of interest. Mr. Harvey was personally and substantially involved in the operation of the precise flood control structures he claims failed as the result of the Orleans Levee Board's negligence. During his tenure, he also had access to confidential communications with Levee Board attorneys relative to these flood control structures. Rule 1.11 was implemented to prevent former government officers, such as Mr. Harvey, from exploiting public office for the advantage of another client, such as this purported class.

### III.  CONCLUSION

For the above and foregoing reasons, defendant respectfully prays for an Order disqualifying Mrs. Darlene Jacobs Levy, Mr. Robert Harvey and their respective law firms.

---

[28] See, footnote 1, supra.

9

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
ATTORNEYS FOR DEFENDANT

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, this 22ND day of November, 2005.

_____

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE | * | CIVIL ACTION NO. 05-4568 |
| | * | SECTION "R" |
| **Plaintiffs** | * | |
| VERSUS | * | JUDGE VANCE |
| | * | |
| | * | MAGISTRATE NO. 2 |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS | * | MAGISTRATE WILKINSON |
| **Defendant** | * | A JURY IS DEMANDED |

### NOTICE OF HEARING

To:  Darleen M. Jacobs, and
     Robert Harvey
     823 St. Louis Street
     New Orleans, Louisiana 70112

Please take notice that defendant's Motion to Disqualify Mrs. Darleen Jacbos Levy, Mr. Robert Harvey, and their respective law firms has been set for hearing before the Honorable Judge Sarah Vance on the __14__ day of __December__, 2005 at __10__ o'clock __a__.m. You are invited to attend and participate as you deem appropriate.

Thus done and signed this _____ day of _____, 2005 in New Orleans, Louisiana.

_____

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED