

*Refile in Master Case 05-4182*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETH A. LEBLANC, and ALAN WEST | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-6327 |
| | * | |
| BOH BROS. CONSTRUCTION CO., LLC, | * | SECTION T |
| WASHINGTON GROUP INTERNATIONAL, | * | |
| INC., GULF GROUP, INC. OF FLORIDA, | * | MAGISTRATE 4 |
| MODJESKI AND MASTERS, INC., | * | |
| PITTMAN CONSTRUCTION COMPANY, | * | |
| INC., BURK-KLEINPETER, INC., | * | |
| BURK-KLEINPETER, LLC, | * | |
| B&K CONSTRUCTION COMPANY, INC., | * | |
| MILLER EXCAVATING SERVICES, INC., | * | |
| JAMES CONSTRUCTION GROUP, LLC., | * | |
| BOARD OF COMMISSIONERS FOR THE | * | |
| ORLEANS LEVEE DISTRICT, ST. PAUL | * | |
| FIRE AND MARINE INSURANCE COMPANY, | * | |
| THE CITY OF NEW ORLEANS, SEWERAGE | * | |
| AND WATER BOARD OF NEW ORLEANS, and | * | |
| EUSTIS ENGINEERING CO., INC. | * | |
| | * | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

NOW INTO COURT comes defendant, the City of New Orleans, who moves for dismissal of the plaintiffs' claims against under F.R.C.P. Rule 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted, and for the reasons set forth in the City's memorandum in support of its motion, which is attached.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No____

Respectfully submitted,

*Heather M. Valliant*
Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Victor L. Papai, La. Bar # 9860
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorneys*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar. # 24850
*City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been sent to counsel of record via facsimile or by depositing same in the United States Mail, postage prepaid and properly addressed, this 9th day of February, 2006.

*Heather M. Valliant*

# UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETH A. LEBLANC, and ALAN WEST | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-6327 |
| | * | |
| BOH BROS. CONSTRUCTION CO., LLC, | * | SECTION T |
| WASHINGTON GROUP INTERNATIONAL, | * | |
| INC., GULF GROUP, INC. OF FLORIDA, | * | MAGISTRATE 4 |
| MODJESKI AND MASTERS, INC., | * | |
| PITTMAN CONSTRUCTION COMPANY, | * | |
| INC., BURK-KLEINPETER, INC., | * | |
| BURK-KLEINPETER, LLC, | * | |
| B&K CONSTRUCTION COMPANY, INC., | * | |
| MILLER EXCAVATING SERVICES, INC., | * | |
| JAMES CONSTRUCTION GROUP, LLC., | * | |
| BOARD OF COMMISSIONERS FOR THE | * | |
| ORLEANS LEVEE DISTRICT, ST. PAUL | * | |
| FIRE AND MARINE INSURANCE COMPANY, | * | |
| THE CITY OF NEW ORLEANS, SEWERAGE | * | |
| AND WATER BOARD OF NEW ORLEANS, and | * | |
| EUSTIS ENGINEERING CO., INC. | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiffs are attempting to pursue a class action against several defendants in this matter for damages allegedly caused by the breach of the levees and flood walls in the aftermath of Hurricane Katrina. As seen below, however, the plaintiffs have no claim against the City of New Orleans ("City") because the City does not own and has no *garde*, care, custody, or control of the levees in question. Even if the City had control of

the levees, however, it had no notice of any alleged defect. Plaintiffs' claims against the City of New Orleans therefore should be dismissed.

## LAW AND ARGUMENT

Contrary to the plaintiffs' allegation on page 15 of their complaint, the City of New Orleans has no care, custody, or control (*garde*) of the "levees, embankments, sea walls, jetties, breakwaters, water basins and other works."

La. R.S. 38:307 A(1) provides that the "board of commissioners of the Orleans Levee District," which is entirely separate and distinct from the City of New Orleans, "shall have full *and exclusive* right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects..." (emphasis added).   La. R.S. 38:301 further gives Louisiana's levee boards the right to "construct and maintain levees, drainage, and levee drainage, and do all other things incidental thereto." If the property upon which a levee is situated is private property, the levee board acquires a servitude upon the land where the levees are constructed. La. Civ. Code art. 456. But if the land was owned by the state, title to the land has been transferred to the Orleans Levee Board under state statutory law:

> To enable the board of commissioners of the Orleans Levee Board to perform the work herein provided for, to assist in defraying the cost and expenses thereof, and to carry out the purposes of this and other laws, the state of Louisiana hereby grants and releases to the board the title of the state in and to all public property necessary for the purposes hereof and all lands reclaimed or filled in within any levee embankments, slopes, retaining walls, seawalls, and breakwaters constructed hereunder and in and to all lands lying within the territorial limits of a project and hereby

> releases the land from any public trust or dedication. ... [T]he board shall have the jurisdiction, power, and authority to sell, lease, or otherwise dispose of such portion of the lands reclaimed and other property acquired for the purpose of the improvement, ... under such terms and conditions and by such methods as the board may deem proper. The board also may establish and improve such servitudes, restrictions, rules, and regulations as to such lands sold or leased or otherwise disposed of as the board may determine. ...

La. R.S. 38:336 A. Whether levee ownership remains with the Orleans Parish Levee Board or has been transferred to some other entity, such as the Army Corps of Engineers, to effect necessary improvements as the statute permits, there is no question but that the City of New Orleans does not own the levees and had no care, custody or control over them.

To prevail on a claim against a public entity, a plaintiff must show: (1) the entity's custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the entity had actual or constructive notice of the defect and failed to take corrective action within a reasonable time; and (4) causation. La. R.S. 9:2800; *Joseph v. City of New Orleans*, 842 So.2d 420, 423 (La. App. 4 Cir. 2003).

As seen above, statutory law dictates that the board of commissioners of the Orleans Levee Board, *not* the City of New Orleans, has care, custody, and control of the levees, or that it may have disposed of that land to effect certain improvements. As such, the plaintiff cannot establish that the City had custody or ownership of the allegedly defective thing and cannot meet the first element of proof under La. R.S. 9:2800.

Even assuming, solely for the sake of argument, that the City had custody or ownership of the levees at issue, however, the plaintiffs have pled only through conclusory allegations with no factual basis for such an assertion, that the City had actual

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion and supporting memorandum have been sent to counsel of record via facsimile or by depositing same in the United States Mail, postage prepaid and properly addressed, this 9th day of February, 2006.

*Heather M. Valliant*

# UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETH A. LEBLANC, and ALAN WEST | * | CIVIL ACTION |
| VERSUS | * | NO. 05-6327 |
| BOH BROS. CONSTRUCTION CO., LLC, | * | SECTION T |
| WASHINGTON GROUP INTERNATIONAL, | * | |
| INC., GULF GROUP, INC. OF FLORIDA, | * | MAGISTRATE 4 |
| MODJESKI AND MASTERS, INC., | * | |
| PITTMAN CONSTRUCTION COMPANY, | * | |
| INC., BURK-KLEINPETER, INC., | * | |
| BURK-KLEINPETER, LLC, | * | |
| B&K CONSTRUCTION COMPANY, INC., | * | |
| MILLER EXCAVATING SERVICES, INC., | * | |
| JAMES CONSTRUCTION GROUP, LLC., | * | |
| BOARD OF COMMISSIONERS FOR THE | * | |
| ORLEANS LEVEE DISTRICT, ST. PAUL | * | |
| FIRE AND MARINE INSURANCE COMPANY, | * | |
| THE CITY OF NEW ORLEANS, SEWERAGE | * | |
| AND WATER BOARD OF NEW ORLEANS, and | * | |
| EUSTIS ENGINEERING CO., INC. | * | |

## NOTICE OF HEARING

Notice is hereby given that the City of New Orleans' F.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is set to be heard before the Honorable Judge G. Thomas Porteous, Jr., on the 1st day of March, 2006, at 10:00 a.m.

Respectfully submitted,

*[signature: Heather M. Valliant]*

Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Victor L. Papai, La. Bar # 9860
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorneys*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar. # 24850
*City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing notice has been sent to counsel of record via facsimile or by depositing same in the United States Mail, postage prepaid and properly addressed, this 9th day of February, 2006.

*[signature: Heather M. Valliant]*