IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| JULIE E. TAUZIN, et al., Plaintiffs, | CIVIL ACTION |
| | 2:06-cv-00020-SRD-JCW |
| v. | SECTION "K" (2) |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS PARISH LEVEE DISTRICT, et al., Defendants. | JUDGE DUVAL |

## DEFENDANT UNITED STATES' MOTION TO DISMISS

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., the United States moves to dismiss this action for lack of subject-matter jurisdiction. In support of this motion, the Court is respectfully

-1-

referred to the attached Declaration of Angela Jean Drinkwitz, the United States' Memorandum of Law in Support, and the entire record.

                                            Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General
                                            Civil Division

                                            PHYLLIS J. PYLES
                                            Director, Torts Branch
                                            Civil Division

                                            PAUL F. FIGLEY
                                            Deputy Director, Torts Branch
                                            Civil Division

                                            */s/ Robin D. Smith*

                                            ROBIN D. SMITH
                                            Trial Attorney
                                            Torts Branch, Civil Division
                                            U.S. Department of Justice
                                            P.O. Box 888
                                            Benjamin Franklin Station
                                            Washington, D.C. 20044
                                            (202) 616-4289
                                            (202) 616-5200 (fax)
                                            robin.doyle.smith@usdoj.gov
                                            Attorneys for Defendant United States

DATED: 3/23/06

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant United States' Motion to Dismiss was served electronically and by First Class Mail, postage prepaid, on March 23, 2006, upon the following:

> Randal A. Smith, Esq.
> Smith & Fawler
> 201 St. Charles Ave.
> New Orleans, LA 70170
> (504) 525-2200
> rasmith3@bellsouth.net
>
> Thomas P. Anzelmo, Esq.
> McCranie, Sitrunk, Anzelmo, Hardy
> 3445 N. Causeway Blvd., Suite 800
> Metairie, LA 70002
> (504) 831-0946
> tanzelmo@mcsalaw.com
>
> Herman C. Hoffmann, Jr., Esq.
> Simon, Peragin, Smith & Redfearn
> Energy Centre
> 1100 Poydras Street, 30th floor
> New Orleans, LA 70163-3000
> (504) 569-2030
> hhoffmann@spsr-law.com
>
> Betty Finley Mullin, Esq.
> Simon, Peragin, Smith & Redfearn
> Energy Centre
> 1100 Poydras Street, 30th floor
> New Orleans, LA 70163-3000
> (504) 569-2992
> bettym@spsr-law.com

_____
ROBIN D. SMITH

-3-

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE E TAUZIN, PAULETTE L. HELDNER, WIFE OF AND JOHN MICHAEL HOLAHAN, RIVERBEND FINE WINES, INC. and MICHELLE M. ZORNES | * * * * CIVIL NO. * |
| V. | * 06-0020 * |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, ET AL., | * SECT. M, MAG. 5 * |

### DECLARATION OF ANGELA JEAN DRINKWITZ

I, Angela Jean Drinkwitz, declare and state the following:

1. I am over eighteen years of age. I am a Paralegal for the U.S. Army Corps of Engineers, New Orleans District, Office of Counsel. I have been in my present position since March 2005.

2. A part of my duties, I routinely receive administrative tort claims filed with this agency under the Federal Tort Claims Act. These claims are delivered to our office normally by certified mail, through our mailroom, which are then forwarded to this office. Once these claims are received in this office, I will log the claims into the Claim Management System for the U.S. Army Claims Service for assignment of a claim number from the Claims Service.

3. After a review of the Agency's files and the Claim Management System for the Claims service, this agency has not received any administrative tort claims from the following individuals: Julie E. Tauzin; Paulette L. Heldner; John Michael Holahan; Riverbend Fine Wines, Inc.; and Michelle M. Zornes.

4. This declaration is based on my personal knowledge and information contained in the Office of Counsel's files and in the Claims Service database.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746.

Executed this 23rd day of March 2006.

                                                                   _____
                                                                   Angela Jean Drinkwitz

Act, 28 U.S.C. §§ 1346(b)(1), 2671–2680, requires that claimants exhaust their administrative remedies before filing suit. *Id.* § 2675(a). The plaintiffs have not exhausted their administrative remedies, and this action must therefore be dismissed for lack of subject-matter jurisdiction.[1]

## ARGUMENT

### THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISIDICTION BECAUSE PLAINTIFFS HAVE NOT EXHAUSTED ADMINISTRATIVE REMEDIES.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *accord Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

"[S]overeign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted); *accord Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990). Therefore, at the outset of a case in which the United States has been sued, the court must first decide whether the United States' immunity has been waived. *Meyer*, 510 U.S. at 475.

---

[1] The United States also here asserts the defense of insufficiency of service of process and moves for dismissal under Fed. R. Civ. P. 12(b)(5). Service upon the United States has not yet been effected in accordance with Fed. R. Civ. P. 4(i).

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| JULIE E. TAUZIN, et al., Plaintiffs, | CIVIL ACTION |
| | 2:06-cv-00020-SRD-JCW |
| v. | SECTION "K" (2) |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS PARISH LEVEE DISTRICT, et al., Defendants. | JUDGE DUVAL |

DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

This is a proposed class action for damages caused by Hurricane Katrina. The plaintiffs and putative class members allegedly were injured or damaged by the floodwaters unleashed by Hurricane Katrina. See Record Doc. 1-1 ("Class Action Complaint") at 2-3, 6, 21, 23. The Complaint alleges that U.S. Army Corps of Engineers caused the alleged injuries and damages by failing to ensure the adequacy of levees and flood walls and by failing to warn of the danger of flooding. See id. at 22.

Sovereign immunity shields the United States from this suit. The Federal Tort Claims

-1-

The United States, through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, has "waived [its] sovereign immunity . . . for certain torts committed by federal employees." *Id.; accord Guile v. United States*, 422 F.3d 221, 229 (5th Cir. 2005). "As the FTCA is a waiver of the government's sovereign immunity, [courts] must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied*, 125 S. Ct. 2549 (2005). The statute expressly prohibits commencement of a tort action against the United States before administrative remedies have been exhausted:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a) (emphasis added). Failure to comply with § 2675(a) leaves "the district court . . . without subject matter jurisdiction." *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996); *accord Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *cert. denied*, 519 U.S. 927 (1996).

The plaintiffs have not complied with § 2675(a). *See* Declaration of Angela Jean Drinkwitz (attached to motion to dismiss). This jurisdictional defect requires that the action against the United States and its agencies be dismissed. It cannot be cured by holding the action in abeyance until administrative remedies have been exhausted. *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Price*, 69 F.3d at 54 ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time

-3-

after the complaint is filed."). The requirement that administrative remedies be exhausted *before* commencement of an action is jurisdictional and cannot be waived. *Price,* 69 F.3d at 54[2]

The question before the Supreme Court in *McNeil* was whether an action on a claim against the United States for money damages "may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." 508 U.S. 107. The petitioner/plaintiff had filed suit in the district court four months before presenting his claim to the appropriate federal agency. The agency promptly denied the claim, and the plaintiff submitted a copy of the denial to the district court. The case then lay dormant for eight months, until the plaintiff paid his filing fees. The United States then moved to dismiss the complaint on the ground that the action was barred by the statute of limitations. The motion was premised on 28 U.S.C. § 2401(b), which bars tort claims unless action is begun within six months of the denial of the administrative claim, and the theory that the action did not begin until the plaintiff paid his filing fees. *Id.* at 107-09.

The district court granted the motion, but for reasons other than those advanced by the Government. The court reasoned that the action was *premature,* not tardy. The court viewed the docketing of the complaint as the time when the action began. Accordingly, the court concluded that the action was barred by 28 U.S.C. § 2675(a), inasmuch as that provision required that denial

---

[2]Although the present motion is founded on 28 U.S.C. § 2675(a), the plaintiffs' action is also foreclosed by other limitations inherent in the FTCA, *see id.* § 2680 (setting forth numerous exceptions to the general provisions that waive immunity and confer jurisdiction), and by its failure to state a claim on which relief can be granted, absence of an actionable duty, force majeure, act of God, superseding cause, contributory negligence, assumption of the risk, and other defenses. In addition, the Flood Control Act of 1928, 33 U.S.C. §§ 700 et seq., expressly retains immunity to actions that attempt to impose liability "for any damage from or by floods or flood waters." *Id.* § 702c

of the administrative claim precede the "institut[ion]" of the action. The court of appeals affirmed, and the Supreme Court granted certiorari to resolve a circuit split. *Id.* at 109-110.

The Supreme Court considered two possible analyses to see whether either would be consistent with a conclusion that the action was timely. The Court readily rejected the first analysis, which deemed the docketing of the complaint to be the time when the action was instituted. "The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *Id.* at 111. Inasmuch as the plaintiff "had neither presented his claim to the Public Health Service, nor had his claim been 'finally denied' by that agency" prior to the docketing of the complaint, the action was premature. *Id.*

The Court also rejected an analysis that would view the agency's denial as "the event that 'instituted' his action." *Id.* The plaintiff argued that the term "instituted" in § 2678(a) "is not synonymous with the word 'begun' in § 2401(b). . . . He suggest[ed] that an action is not 'instituted' until the occurrence of the events that are necessary predicates to the invocation of the court's jurisdiction—namely, the filing of his complaint and the formal denial of the administrative claim." *Id.* This analysis, the plaintiff suggested, "is consistent with the underlying purpose of § 2675(a): As long as no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies, the federal agency will have had a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation." *Id.* at 111-12.

The Supreme Court was unpersuaded. "[T]he word 'institute' is synonymous with the words 'begin' and 'commence.' The most natural reading of the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112. The Court recognized that allowing exceptions to § 2675(a)'s proscription of premature actions would undermine the "orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice." *Id.* For all of these reasons, the Court concluded that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit." *Id.* at 113.

Consistently with *McNeil*, the Court of Appeals has strictly applied § 2675(a), despite plausible reasons for excusing noncompliance. In *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981), the plaintiffs "argue[d] that the six month requirement [had become] meaningless because the period ha[d] already run." *Id.* at 204. The Fifth Circuit nevertheless sustained the district court's dismissal of the action: "Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." *Id.; accord Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984); *see also Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir.), *cert. denied*, 512 U.S. 507 (1994). Likewise, in *Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990), the Court of Appeals insisted on "strict enforcement" of the FTCA's exhaustion requirement and therefore ordered dismissal of the action even though the district court had "held the action in abeyance until the six months had elapsed." *Id.* at 42.

The Ninth Circuit has refused to regard service of complaints as constituting presentment of the claim to the agency, so that a complaint filed more than six months later could be

-6-

considered timely. *See Brady v. United States,* 211 F.3d 499 (9th Cir. 2000). The *Brady* plaintiff argued that complaints filed early in the litigation were the "functional equivalent" of an administrative claim inasmuch as they "put the agency on notice of all the essential elements of her claim." *Id.* at 502. Rejecting this argument as misguided, the Court of Appeals observed that her early complaints failed to satisfy § 2675(a) not because they were too "skeletal" but because "she filed them in district court without *first* filing any claim whatsoever with the agency." *Id.* at 503 (emphasis in original). Similarly, the Tenth Circuit has rejected "futility" as a valid excuse for failing to exhaust administrative remedies. *See Indus. Constr. Corp. v. U.S. Bureau of Reclam.,* 15 F.3d 963, 968 (10th Cir. 1994). The necessity of strict compliance with the terms of § 2675(a) has led the Fifth Circuit to conclude that neither oral denial of an administrative claim nor a claimant's reliance on advice provided by the Government can satisfy the statutory requirements that denial be in writing and that it precede the commencement of action. *See Price,* 69 F.3d at 54; *cf. Warrum v. United States,* 427 F.3d 1048, 1050-51 (7th Cir. 2005) (constructive notice is inadequate).

Undoubtedly, "[t]he subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." *Price,* 69 F.3d at 54 (citation omitted). "This requirement is jurisdictional, and may not be waived." *Id.* "[W]here, as here, the plaintiff has filed a suit against the United States without complying with" the terms of § 2675(a), there is no waiver of sovereign immunity and the action must be dismissed. *Id.*

## CONCLUSION

For these reasons, the United States' motion to dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

PAUL F. FIGLEY
Deputy Director, Torts Branch
Civil Division

ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

DATED: 3/23/06

-8-

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant United States' Memorandum in Support of Motion to Dismiss was served electronically and by First Class Mail, postage prepaid, on March 23, 2006, upon the following:

Randal A. Smith, Esq.
Smith & Fawler
201 St. Charles Ave.
New Orleans, LA 70170
(504) 525-2200
rasmith3@bellsouth.net

Thomas P. Anzelmo, Esq.
McCranie, Sitrunk, Anzelmo, Hardy
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
(504) 831-0946
tanzelmo@mcsalaw.com

Herman C. Hoffmann, Jr., Esq.
Simon, Peragin, Smith & Redfearn
Energy Centre
1100 Poydras Street, 30th floor
New Orleans, LA 70163-3000
(504) 569-2030
hhoffmann@spsr-law.com

Betty Finley Mullin, Esq.
Simon, Peragin, Smith & Redfearn
Energy Centre
1100 Poydras Street, 30th floor
New Orleans, LA 70163-3000
(504) 569-2992
bettym@spsr-law.com

ROBIN D. SMITH

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| JULIE E. TAUZIN, et al., Plaintiffs, | CIVIL ACTION |
| | 2:06-cv-00020-SRD-JCW |
| v. | SECTION "K" (2) |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS PARISH LEVEE DISTRICT, et al., Defendants. | JUDGE DUVAL |

## NOTICE OF HEARING

To: All Counsel of Record

PLEASE TAKE NOTICE that the foregoing motion to dismiss will be heard before the Honorable Stanwood R. Duval, Jr., U.S. District Judge, on Wednesday, April 19, 2006, at 9:30 a.m., at the United States Courthouse, 500 Camp Street, Room C352, New Orleans, Louisiana.

_____
UNITED STATES DISTRICT JUDGE

-1-