

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD VANDERBROOK, et al. | * | CIVIL ACTION |
| | * | |
| | * | NO.  05-6323 |
| Plaintiffs, | * | |
| | * | SECTION "F" |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| STATE FARM FIRE AND | * | |
| CASUALTY COMPANY, et al. | * | MAGISTRATE NO. 5 |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE CHASEZ |
| | * | |

## INSURER DEFENDANTS' MOTION TO SEVER

Pursuant to Fed. R. Civ. P. 21, Defendants State Farm Fire and Casualty Company,

Unitrin Preferred Insurance Company (improperly named as Kemper Insurance Company),

Hartford Insurance Company of the Midwest (improperly named as Hartford Insurance

Company), The Standard Fire Insurance Company (improperly named as Travelers Insurance

Company and St. Paul Travelers Insurance Company), and Hanover Insurance Company

(collectively, the "Insurer Defendants") hereby move for an order severing the Plaintiffs' claims

against the Board of Commissioners for the Orleans Levee District for the Parish of Orleans (the

"Levee Board") from the Plaintiffs' claims against the Insurer Defendants.

The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are that the claims against the Insurer Defendants and against the Levee Board are based on entirely different legal theories, are improperly joined, involve different factual and legal issues, and can be more efficiently adjudicated in separate cases.

Accordingly, the Insurer Defendants seek an order severing, pursuant to Fed. R. Civ. P. 21, the claims against the Levee Board from the claims against the Insurer Defendants.

Dated this _____ day of February, 2006.

Respectfully submitted,

_____

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
            RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Insurance Company
and The Standard Fire Insurance Company
(improperly identified as Travelers
Insurance Company and as St. Paul
Travelers Insurance Company, a non-
existent company)

- 2 -

799425v.1

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
Of
STONE PIGMAN WALTHER
   WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for State Farm Fire and
Casualty Company

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
CHRISTOPHER W. MARTIN
Texas Bar 13057620
Federal ID 13515
MARTIN R. SADLER
Texas Bar 00788842
Federal ID 18230
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

799425v.1

Attorneys for Hartford Insurance Company
of the Midwest, incorrectly named as
Hartford Insurance Company

Ralph S. Hubbard III, T.A.,
        La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

OF COUNSEL:
PAUL E B. GLAD
KEVIN P. KAMRACZEWSKI
DAVID R. SIMONTON
GEOFFREY J. REPO
SONNENSCHIEN NATH & ROSENTHAL
LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Hanover Insurance Company

Neil C. Abramson (21436)
Nora B. Bilbro (22955)
Curt L. Rome (29406)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

Attorneys for Unitrin Preferred Insurance
Company, erroneously identified as Kemper
Insurance Company

- 4 -

799425v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Insurer Defendant's Motion to Sever has been served upon each counsel of record, by facsimile transmission and by United States mail, postage pre-paid and properly addressed, on February 14, 2006.

799425v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD VANDERBROOK, et al. | * | CIVIL ACTION |
| | * | |
| | * | NO.  05-6323 |
| Plaintiffs, | * | |
| | * | SECTION "F" |
| VERSUS | * | |
| | * | JUDGE FELDMAN |
| STATE FARM FIRE AND | * | |
| CASUALTY COMPANY, et al. | * | MAGISTRATE NO. 5 |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE CHASEZ |
| | * | |

## INSURER DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO SEVER

### PRELIMINARY STATEMENT

This is a suit brought by eight plaintiffs against five homeowners' insurance companies

(collectively, the "Insurer Defendants"),[1] and also against the Board of Commissioners for the

Orleans Levee District for the Parish of Orleans (the "Levee Board").  The claims against the

Insurer Defendants allege that the water damage that Plaintiffs' homes sustained as a result of the

flooding that followed Hurricane Katrina was purportedly not damage from "flood," "surface

---

[1] The Insurer Defendants are State Farm Fire and Casualty Company, Unitrin Preferred Insurance Company (improperly named as Kemper Insurance Company), Hartford Insurance Company of the Midwest (improperly named as Hartford Insurance Company), The Standard Fire Insurance Company (improperly named as Travelers Insurance Company and St. Paul Travelers Insurance Company), and Hanover Insurance Company.

water," or any of the other types of water damage which are excluded by the Insurer Defendants'
homeowners' insurance policies. (Petition, ¶ 4.) Plaintiffs further allege that the water damage
exclusions are unconscionable and void, and that the Insurer Defendants' failure to pay for the
water damage constitutes breaches of contract. (Id., ¶¶ 10, 11.) The claims against the Levee
Board, in contrast, allege that the Levee Board's failure to correct a break in the 17th Street Canal
or warn of the impending water intrusion was negligent. (Id., ¶¶ 6, 8.)

On February 7, 2006, the Levee Board filed a Motion for Intra-District Transfer,
Consolidation and Transfer of Venue, seeking to consolidate this case with 16 other Hurricane
Katrina-related cases pending in this District which involve negligence claims against the Levee
Board. Of the 17 cases which the Levee Board seeks to consolidate, this is the only case which
involves homeowners insurance claims against any of the Insurer Defendants. While the Insurer
Defendants take no position on the Levee Board's effort to consolidate the claims against it,
there is no reason why the claims against the Insurer Defendants should be adjudicated together
with the claims against the Levee Board. The claims against the Insurer Defendants should be
severed, and should not be consolidated or transferred.

The claims against the Insurer Defendants and against the Levee Board are improperly
joined.[2] The allegedly tortious conduct by the Levee Board is entirely separate and distinct from
the alleged breaches of contract by the Insurer Defendants. It is not alleged that any of the
insurance companies acted jointly with the Levee Board. The insurance companies are not
alleged to be, and could not be responsible for the Levee Board's conduct, and visa versa. The
claims are based on entirely different legal theories. Plaintiffs do not allege that the liability of

---

[2] The Insurer Defendants also alleged in the Notice of Removal that they were improperly joined with each other.
(Notice of Removal, Attachment B, ¶ 10.) Each of the Insurer Defendants reserves the right to seek severance of the
claims against it, if appropriate, at a later date.

799423v.1

the Insurer Defendants is premised in any way on the alleged negligence of the Levee Board.

Accordingly, severance is appropriate based on improper joinder.

Even if joinder were proper, the Court should exercise its discretion to sever the claims under Fed. R. Civ. P. 21 to achieve judicial economy and efficiency. The claims against the Insurer Defendants and against the Levee Board are wholly unrelated. The focus of Plaintiffs' claims against the Insurer Defendants is on the question of whether the water intrusion from the break in the 17th Street Canal constituted a loss caused by "flood," "surface water," or any of the other types of water damage which are excluded by the homeowners' insurance policies. This is a question of insurance contract interpretation and is a pure legal issue that has nothing to do with the conduct of the Levee Board. This issue should be suitable for prompt resolution on a dispositive motion. In contrast, the claims against the Levee Board involve myriad factual and legal issues regarding the Levee Board's actions at the time of Hurricane Katrina. These claims will likely focus on what duties were owed by the Levee Board to the Plaintiffs and whether those duties were breached. There is no reason for the claims against the Levee Board to be part of the same lawsuit as the claims against the Insurer Defendants, particularly if the claims against the Levee Board are consolidated into a complex proceeding involving numerous parties. It will be much more efficient to adjudicate the claims against the Insurer Defendants separately, so that the insurance coverage issues can be resolved promptly. Accordingly, the claims against the Levee Board should be severed from the claims against the Insurer Defendants pursuant to Rule 21.

799423v.1

## ARGUMENT

**I.     THE CLAIMS AGAINST THE INSURER DEFENDANTS SHOULD BE
SEVERED FROM THE CLAIMS AGAINST THE LEVEE BOARD**

### A.     This Court Has Broad Discretion to Order Severance Under Rule 21

Under Fed. R. Civ. P. 21, "[a]ny claim against a party may be severed and proceeded

with separately." When a court grants a motion for severance under Rule 21, this has the effect

of creating "two separate actions or suits where previously there was but one," and the severed

claims "proceed[] as a discrete, independent action . . . ." Allied Elevator, Inc. v. East Texas

State Bank, 965 F.2d 34, 36 (5th Cir. 1992).[3] While Rule 21 also addresses misjoinder, a court

may order severance even where joinder was proper. United States v. O'Neil, 709 F.2d 361, 369

(5th Cir. 1983) (rejecting argument that Rule 21 "may be used only to cure misjoinder of

parties," holding that the rule "is not so limited"); see also Wyndham Associates v. Bintliff, 398

F.2d 614, 618 (2d Cir. 1968) (stating that Rule 21 "authorizes the severance of any claim, even

without a finding of improper joinder, where there are sufficient other reasons for ordering a

severance"); Acevedo-Garcia v. Monroig, 351 F.3d 547, 560 n.5 (1st Cir. 2003) (stating that "a

finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21").

A district court has "broad discretion" to sever claims under Rule 21. Brunet v. United

Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994). See also Federal Deposit Ins. Corp. v.

Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir. 1992) (stating that the decision on whether

to grant a motion to sever "rests with the broad discretion of the district court"); Acevedo-Garcia,

---

[3] Rule 42(b) also provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . . ." Fed. R. Civ. P. 42(b). While there is no difference in the standard applied, at this stage of the proceedings, long before trial, severance under Rule 21 is appropriate. See McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 n.19 (5th Cir. 1993) (noting the difference between Rule 21 severance, which creates "entirely independent actions," and Rule 42(b) severance, which addresses separate trials within the same civil action).

799423v.1

351 F.3d at 558 ("The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court    . . . .'"); Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21.").

### B.    Severance Is Appropriate Because the Claims Against the Levee Board are Misjoined with the Claims Against the Insurer Defendants

It is improper to join distinct and separate claims against separate defendants in the same lawsuit.  See Tapscott v. MS Dealers Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by Office Depot v. Coher, 204 F.3d 1069 (11th Cir. 2000); In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); Jones v. Nastech Pharm., 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004); Smith v. Nationwide Mut. Ins. Co., 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003).

For example, in Smith, Gilbert Smith brought suit on personal injury claims arising from an accident in which a hammerhead was ejected from a bushog mower and crashed through the windshield of a vehicle driven by Smith.  He sued the driver of the mower, the driver's parents, and unnamed entities identified as the seller and manufacturer of the mower.  He also sued, in the same lawsuit, his own auto insurance company, Nationwide Mutual Insurance Company ("Nationwide") and International Subrogation Management ("ISM"), which had been retained by Smith's health benefit plan to assert a subrogation claim on any insurance benefits owed by Nationwide.  286 F. Supp. 2d at 778.  The court held that the claims were improperly joined because the "claims against the non-diverse defendants [i.e., the driver of the mower and the driver's parents] are based on negligence relating to the accident in question, while the plaintiffs' claims against ISM and Nationwide . . . sound in contract, failure to pay benefit claims, and

799423v.1

tortious interference with contract." Id. at 781. The court severed the claims against the driver and the driver's parents from the claims against Nationwide and ISM. Id.

In this case, as in Smith, Plaintiffs have improperly joined claims against their respective homeowners' insurance companies with claims against an alleged tortfeasor, the Levee Board. Plaintiffs' claim against the Levee Board is a tort claim alleging failure to correct a break in a levee wall or warn of an impending release of water. (Petition, ¶ 6.) In contrast, Plaintiffs' claims against their respective insurance companies allege breaches of insurance contracts arising out of allegedly improper denials of coverage for water damage. (Id., ¶ 10.) The allegedly wrongful conduct by the Levee Board is entirely separate and distinct from the allegedly wrongful conduct by the insurance companies. Plaintiffs do not allege that any of the insurance companies acted jointly with the Levee Board. The insurance companies are not alleged to be, and could not be responsible for the tort which Plaintiffs allege was committed by the Levee Board. Similarly, the Levee Board is not alleged to be, and could not be responsible for any alleged breach of an insurance contract by the insurer defendants. These claims are improperly joined, and, therefore, should be severed.

C.    Even if Joinder Were Proper, Severance Would Be Appropriate

Where joinder is proper, factors that courts have considered in deciding whether to sever claims include "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003). The court "has broad discretion to sever claims and

- 6 -

799423v.1

parties, so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." Id. at 155.

In this case, these factors weigh in favor of severing the claims against the Insurer Defendants from the claims against the Levee Board. The claims against the Insurer Defendants and the claims against the Levee Board are based on wholly unrelated legal theories. The claims against the Insurer Defendants arise from allegedly improper denial of claims under homeowners' insurance policies. Plaintiffs contend that the water damage that their properties' sustained was not excluded by the water damage exclusions in the Insurer Defendants' policies. (Petition, ¶ 10.) In contrast, the claims against the Levee Board allege that the water damage was caused by the Levee Board's negligence "in failing to discover, correct and notify others including Petitioners of the break in the levee wall . . . ." (Id., ¶ 8.)

The principal legal issue presented by the claims against the Insurer Defendants is whether "water intrusion . . . from a broken levee wall" constitutes a loss caused by "flood, surface water, [etc.]," and therefore is excluded by the insurance policies. (Id., ¶ 4.) The question of whether this water intrusion constituted a "flood" or "surface water," or any of the other types of water which are excluded by the insurance policies, is a question of insurance contract interpretation that has nothing to do with the conduct of the Levee Board. It is a pure legal issue which can likely be resolved by the Court on a dispositive motion. In contrast, the claims against the Levee Board involve factual and legal issues regarding such matters as what legal duties are owed by the Board to the plaintiffs and whether the conduct of the Board in connection with Hurricane Katrina breached any of those duties. These issues do not, in any way, implicate the Insurer Defendants.

799423v.1

Judicial economy will best be served by severing the claims against the Insurer Defendants from the claims against the Levee Board. The questions of insurance contract interpretation can and should be resolved promptly. The Levee Board has recently moved for an order consolidating and transferring to the Middle District of Louisiana a total of 17 cases filed against it which are pending in this District. (See Motion for Intra-District Transfer, Consolidation, and Transfer of Venue, filed by the Levee Board in this case and 16 other cases on Feb. 7, 2006). Of the 17 cases, this is the only case which alleges claims against any of the Insurer Defendants in their capacity as homeowners' insurers. If the 17 cases alleging negligence against the Levee Board were consolidated, it is unlikely that a prompt resolution of the claims against the Insurer Defendants could be obtained in such a large proceeding. The questions of insurance contract interpretation presented by Plaintiffs' claims against the Insurer Defendants would be collateral, extraneous issues in a 17-case consolidated proceeding focusing on the Levee Board's alleged negligence. It is unlikely that the court which is tasked with managing that complex proceeding would be able to resolve the insurance issues promptly. The Insurer Defendants will therefore be prejudiced if severance is not granted.

The claims against the Insurer Defendants and against the Levee Board will involve different witnesses and different documentary proof. It is unlikely that any discovery will be necessary with respect to the claims against the Insurer Defendants because a court cannot look beyond the plain language of the policy where the policy language is unambiguous. See Edwards v. Daugherty, 883 So. 2d 932, 940-41 (La. 2004) (stating that "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written," and that "[c]ourts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in

799423v.1

unambiguous terms"). Even if the court were to find an ambiguity, the only relevant evidence would be evidence concerning the intent of the parties to the insurance contracts. See Blackburn v. National Union Fire Ins. Co., 784 So. 2d 637, 641 (La. 2001) (stating, with respect to insurance policy interpretation, that "[i]f . . . the contract cannot be construed simply, based on its language, because of an ambiguity, the court may look to extrinsic evidence to determine the parties' intent"). No witnesses or documentary proof from the Levee Board would be appropriate or relevant in determining the intent of the parties to the insurance contracts. The claims against the Levee Board will involve different witnesses and different documentary proof, focusing on such issues as what decisions were made and actions were taken by the Levee Board at the time of Hurricane Katrina, what knowledge the Levee Board had at that time and whether its conduct was reasonable.

Courts have repeatedly granted severance in similar circumstances. For example, in In re Zyprexa Prods. Liab. Litig., Civ. A. No. MDL 1596, 04-CV-1615, 2004 U.S. Dist. LEXIS 24541 (E.D.N.Y. Dec. 3, 2004), the plaintiffs, who were the next of kin of a deceased prisoner, filed a tort action in Tennessee against various prison officials in Tennessee, a psychiatric hospital, a psychiatrist and a prison doctor, alleging that the defendants' improper refusal to provide appropriate medical treatment resulted in the prisoner's death. Id. at *1-2. The defendants brought a drug manufacturer into the case on a product liability theory, and the plaintiffs later amended the complaint to add a product liability claim against the manufacturer. Id. at *3. There was an ongoing multi-district litigation involving claims against the drug manufacturer involving injuries allegedly caused by the drug which the prisoner was taking. The Tennessee case was transferred to the Eastern District of New York as part of that multi-district litigation. Id.

-9-

The judge handling the MDL case granted a motion to sever the claims against the Tennessee prison officials and doctors from the claims against the drug manufacturer, concluding that the claims involved substantially different issues. The court reasoned that "[t]he jail's alleged failure to attend to the decedent's serious medical condition has to do with what jail and other personnel and doctors did once illness should have been apparent," while "[t]he product liability claims require an inquiry into what might have caused the illness." Id. at *12. The claims against the Tennessee prison officials and doctors were based upon constitutional law, while the product liability claims against the drug manufacturer were based on tort law. Id. at *13. The two different sets of claims would also involve different witnesses, evidence and proof. The product liability claims would focus on complicated scientific evidence, while the claims against the Tennessee prison officials and doctors would focus on factual issues pertaining to the events that occurred when the prisoner was ill. Id. at *14-15. The court severed the claims against the Tennessee defendants and recommended that the MDL Panel remand those claims to the Eastern District of Tennessee. Id. at *17.

The court reached a similar result in In re Merrill Lynch & Co. In that case, the plaintiffs had brought securities fraud claims against InfoSpace, Inc. and officers of that company, alleging that InfoSpace had misrepresented its earnings and anticipated earnings, and that its officers had engaged in illegal insider trading. 214 F.R.D. at 153. The plaintiffs later amended the complaint to add claims that Merrill Lynch's investment advice concerning InfoSpace stock was tainted and biased. The case was consolidated with an MDL proceeding involving similar claims against Merrill Lynch involving its stock rating system. Id. at 153-54. The court handling the MDL proceeding granted a motion to sever the claims against InfoSpace from the claims against Merrill Lynch, concluding that "[t]he connection between the claims is tenuous" and that judicial

799423v.1

economy and efficiency would be best served by severance. Id. at 156-57. See also Weber v.

Lockheed Martin Corp., Civ. A. No. 00-2876, 2001 U.S. Dist. LEXIS 3488, at *5 (E.D. La. Mar.

20, 2001) (granting motion to sever employment discrimination claims made by two different

plaintiffs against the same employer, stressing that "there is no allegation that the alleged

discriminatory actions were carried out by common actors, at a common time or with any

common tactics"); T.S.I. 27, Inc. v. Berman Enter., Inc., 115 F.R.D. 252, 254 (S.D.N.Y. 1987)

(granting motion to sever tort claim arising from accident from other counterclaims arising from

contract disputes).

Similarly here, Plaintiffs' claims against the Insurer Defendants and against the Levee

Board involve substantially different issues.  The claims against the Insurer Defendants will

focus on the interpretation of the water damage exclusions in the homeowners' insurance

policies, whereas the claims against the Levee Board will focus on the alleged negligence of the

Levee Board in failing to take appropriate action when the levees failed.  The insurance coverage

issues should not be adjudicated together with the issues involving the Levee Board.

**II.    THIS COURT HAS DIVERSITY JURISDICTION OVER THE PLAINTIFFS'
CLAIMS AGAINST THE INSURER DEFENDANTS, WHEN SEVERED FROM
THE CLAIMS AGAINST THE LEVEE BOARD**

When claims are severed under Rule 21, there must be an independent jurisdictional basis

for the severed action, if it is to remain in federal court. Honeywell Int'l Inc. v. Phillips

Petroleum Co., 415 F.3d 429, 431 (5th Cir. 2005).  If the claims against the Levee Board were

severed, there would be diversity jurisdiction over Plaintiffs' claims against the Insurer

Defendants.  Plaintiffs are all citizens of the State of Louisiana. (Petition, ¶ 7.) The Insurer

Defendants are all citizens of states other than Louisiana -- none of the Insurer Defendants is

incorporated in Louisiana, and none of them has its principal place of business in Louisiana.

799423v.1

(See Notice of Removal, Attachment B, ¶¶ 3(a)-(f).)  The amount in controversy requirement is

satisfied.  (See id., ¶¶ 6-8.)  Accordingly, there is diversity jurisdiction over the claims against

the Insurer Defendants, if severed from the claims against the Levee Board.[4]

## CONCLUSION

For all of the foregoing reasons, the Insurer Defendants' Motion to Sever should be

granted, and the claims alleged against the Insurer Defendants should be severed from the claims

alleged against the Levee Board pursuant to Fed. R. Civ. P. 21.

Dated this _____ day of February, 2006.

Respectfully submitted,

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
               RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8255
Facsimile:     (860) 275-8299

Attorneys for Travelers Insurance Company
and The Standard Fire Insurance Company
(improperly identified as Travelers

---

[4] Plaintiffs' Motion and Incorporated Memorandum to Remand in this matter does not dispute that there would be
diversity jurisdiction over the claims against the Insurer Defendants if the claims against the Levee Board were
severed.  (See Plaintiffs' Motion and Incorporated Memorandum to Remand, at 8 (filed Feb. 6, 2006).)

799423v.1

Insurance Company and as St. Paul
Travelers Insurance Company, a non-
existent company)

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
        Of
STONE PIGMAN WALTHER
   WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for State Farm Fire and
Casualty Company

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar #  24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
CHRISTOPHER W. MARTIN
Texas Bar 13057620
Federal ID 13515
MARTIN R. SADLER
Texas Bar 00788842
Federal ID 18230
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

- 13 -

Attorneys for Hartford Insurance Company
of the Midwest, incorrectly named as
Hartford Insurance Company

Ralph S. Hubbard III, T.A.,
        La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
PAUL E B. GLAD
KEVIN P. KAMRACZEWSKI
DAVID R. SIMONTON
GEOFFREY J. REPO
SONNENSCHIEN NATH & ROSENTHAL
LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Hanover Insurance Company

Neil C. Abramson (21436)
Nora B. Bilbro (22955)
Curt L. Rome (29406)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

Attorneys for Unitrin Preferred Insurance
Company, erroneously identified as Kemper
Insurance Company

- 14 -

799423v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Insurer Defendants' Memorandum of Law In Support of Their Motion to Sever has been served upon each counsel of record, by facsimile transmission and by United States mail, postage pre-paid and properly addressed, on February 14, 2006.

_____

799423v.1

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD VANDERBROOK, MARY JANE SILVA, JAMES CAPELLA, SOPHIA GRANIER, JACK CAPELLA, AS THE EXECUTOR OF THE SUCCESSION OF LILLIAN CAPELLA, GREGORY JACKSON, PETER ASCANI III, AND ROBERT HARVEY | * * * * * * * * | CIVIL ACTION<br><br>NO. 05-6323<br><br>SECTION "F"<br><br>JUDGE FELDMAN |

RICHARD VANDERBROOK, MARY
JANE SILVA, JAMES CAPELLA,               *    CIVIL ACTION
SOPHIA GRANIER, JACK CAPELLA,            *
AS THE EXECUTOR OF THE                   *    NO. 05-6323
SUCCESSION OF LILLIAN                    *
CAPELLA, GREGORY JACKSON,                *    SECTION "F"
PETER ASCANI III, AND ROBERT             *
HARVEY                                   *    JUDGE FELDMAN
                                         *
                                         *    MAGISTRATE NO. 5
             Plaintiffs,                 *
                                         *    MAGISTRATE JUDGE CHASEZ
VERSUS                                   *
                                         *
STATE FARM FIRE AND                      *
CASUALTY COMPANY, KEMPER                 *
INSURANCE CO., HARTFORD                  *
INSURANCE COMPANY,                       *
TRAVELERS INSURANCE                      *
COMPANY, HANOVER                         *
INSURANCE COMPANY, ST. PAUL              *
TRAVELERS INSURANCE                      *
COMPANY, AND THE BOARD OF                *
COMMISSIONERS FOR THE                    *
ORLEANS LEVEE DISTRICT FOR               *
THE PARISH OF ORLEANS                    *
                                         *
             Defendants                  *

### **NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Defendants State Farm Fire and Casualty Company,

Unitrin Preferred Insurance Company (improperly named as Kemper Insurance Company),

795143v.1

Hartford Insurance Company of the Midwest (improperly named as Hartford Insurance Company), The Standard Fire Insurance Company (improperly named as Travelers Insurance Company and St. Paul Travelers Insurance Company), and Hanover Insurance Company (collectively, the "Insurer Defendants"), will bring for hearing their Motion to Sever on the 8th day of March, 2006, at 9:30 o'clock a.m., before the Honorable Martin R.C. Feldman, United States District Judge, United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana.

Dated: February 14, 2006

Respectfully submitted,

_____
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
      RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Insurance Company and The Standard Fire Insurance Company (improperly identified as Travelers Insurance Company and as St. Paul Travelers Insurance Company, a non-existent company)

705143v.1

_[signature]_

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
Of
STONE PIGMAN WALTHER
   WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and
Casualty Company

_[signature]_

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
CHRISTOPHER W. MARTIN
Texas Bar 13057620
Federal ID 13515
MARTIN R. SADLER
Texas Bar 00788842
Federal ID 18230
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Attorneys for Hartford Insurance Company
of the Midwest, incorrectly named as
Hartford Insurance Company

795143v.1

Ralph S. Hubbard III, T.A.,
        La. Bar # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
PAUL E B. GLAD
KEVIN P. KAMRACZEWSKI
DAVID R. SIMONTON
GEOFFREY J. REPO
SONNENSCHIEN NATH & ROSENTHAL
LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Hanover Insurance Company

Neil C. Abramson (21436)
Nora B. Bilbro (22955)
Curt L. Rome (29406)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

Attorneys for Unitrin Preferred Insurance
Company, erroneously identified as Kemper
Insurance Company

795143v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Hearing has been served upon each counsel of record, by facsimile transmission and by United States mail, postage pre-paid and properly addressed, on February 14, 2006.

795143v.1