*Refile in master case 05-4182*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED APR 11 2006
LORETTA G. WHYTE
CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JAN 18 AM 10: 04
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| O'DWYER | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4181 |
| THE UNITED STATES OF AMERICA | * | SECTION "K" |
| ET AL | * | |
| * * * * * * * * | | |
| FILED: _____ | | _____ |
| | | DEPUTY CLERK |

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

**NOW INTO COURT,** through undersigned counsel comes defendant Kimberly Williamson Butler, in her individual capacity, who moves this Honorable Court to dismiss the plaintiff's Complaint for its failure to state a cause of action against Defendant in her individual capacity, as fully detailed in the accompanying Memorandum in Support of Defendant's Motion to Dismiss.

**WHEREFORE,** the defendant prays that, after due proceedings, the plaintiff's complaint against Defendant, individually be dismissed with prejudice at plaintiff's cost, with all rights reserved to the Defendant.

Respectfully Submitted,

_____
DEBORAH L. WILSON #13555
BELHIA V. MARTIN # 8968
Attorneys for Defendant
317 Magazine Street
New Orleans, Louisiana 70130
(504) 962-3357

___ Fee_____
___ Process_____
X/ Dktd_____
✓ CtRmDep_____
___ Doc. No._____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum In Support of Motion to Dismiss Pursuant to F.R.C.P. 12 (b) (6) on behalf of Kimberly Williamson Butler in her individual capacity has been served on Ashton R. O'Dwyer, Jr. by facsimile or regular mail or hand delivery on this 18th day of January, 2006 at New Orleans, Louisiana.

Deborah L. Wilson, Bar No. 13555

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAUREEN O'DWYER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4181** |
| **THE UNITED STATES OF AMERICA** | * | **SECTION "K"** |
| **ET AL** | * | |
| *  *  *  *  *  *  *  * | | |
| **FILED:** _____ | | _____ |
| | | **DEPUTY CLERK** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

**MAY IT PLEASE THE COURT:**

Plaintiff, Maureen O'Dwyer, (hereinafter "Plaintiff") filed a Complaint against several defendants including the "_____, Clerk of Criminal District Court, Parish of Orleans, State of Louisiana". Plaintiff's Sixth Supplemental Complaint amended the original Complaint by identifying the Clerk of Criminal District Court, Parish of Orleans, State of Louisiana as "Kimberly Williamson Butler", (hereinafter "Defendant"), and stated that she is being sued as a defendant individually and in her official capacity. However, no summons has been issued nor has Defendant has not been served the Complaint (including all supplements) in her official capacity as Clerk of Criminal District Court, Parish of Orleans, State of Louisiana. Defendant has only been served the Complaint as Kimberly Williamson Butler, individually. Hence, Defendant reserves all right afforded her under the law.

Plaintiff enumerates several "Counts" alleging violations performed by various defendants. Plaintiff's descriptions of these violations are oftentimes confusing. Nevertheless, to the extent possible, Defendant understands that certain allegations may apply to her only in

her official capacity as Clerk of Criminal District Court, Parish of Orleans, State of Louisiana. Specifically, Plaintiff's allegations include:

Paragraph XII, Count 6, which states that certain defendants intentionally, negligently, and with malfeasance, misfeasance and nonfeasance failed to safeguard the identification records and criminal records of convicted sex offenders;

Paragraph XIII, Count 7, which states that certain defendants failed to safeguard the contents of the evidence room at the Criminal District Court for the Parish of Orleans, State of Louisiana.

Plaintiff prayed for class certification, damages, plus attorneys fees, prejudgment interest and cost.

**I. Plaintiff has no cause of action against the Defendant individually for a failure to safeguard identification records and criminal records of convicted sex offenders.**

Defendant has no custody or control of identification and criminal records in her individual capacity. Nor is she individually responsible for safeguarding identification records and criminal records of convicted offenders, including sex offenders. The Louisiana Constitution 5, Section 32 establishes the official status of all courts and officers in Orleans Parish, including the Clerk of Criminal District Court.

La. R.S. 13: 1372.2 (A) states that there shall be one Clerk of Criminal District Court for the Parish of Orleans. Pursuant to Code Criminal Procedure, Article 131 "clerks, sheriffs constables, marshals stenographers and other court officers have such powers and perform such duties as are conferred upon them by law."

Under Louisiana Code of Criminal Procedure 297 (3), the Clerk of Criminal District Court is the custodian of all articles or objects admitted into evidence. La. R.S. 44:36 states, "All persons and public bodies having custody or control of any public record, ..... shall exercise diligence and care in preserving the public record,..." La. R. S. 18: 471 states: "Wherever in this Code any act is required to be performed with or by the clerk of court, such act shall be

performed in the office of the clerk and may be performed by or with the clerk of court or any deputy clerk empowered by him designated by him for the purpose." La. .R.S. 44: 422 establishes that, "[t]he head of each agency of the state or its subdivisions shall establish such safeguards against removal or loss of records as he shall deem necessary and as may be required by rules and regulations issued under authority of this Chapter..."

Thus, any actions with regard to the safeguard of records or evidence in Criminal Court must be performed by the Defendant in her capacity as the Clerk of Criminal District Court and not as an individual.

> La. R.S. 13: 750 (A) states:
>
> <u>Unless the law relieves him of such</u>, the clerk of court in his official capacity as clerk of the court, ex officio recorder of mortgages and conveyances, or in any other capacity in which he may act, is liable for any damage or loss caused b his failure to properly perform the duties and obligations of the clerk while acting out of the performance of their duties. (Emphasis added)
>
> La. R.S. 13: 750.1 (A) provides the following:
>
> **The clerk of court is not personally liable for any damage or loss arising out of the performance of the duties imposed upon him in any capacity or for any reason unless the damage or loss is caused by his willful, wanton, or intentional act designed to cause injury. Neither is the clerk personally liable for the actions or negligence of any deputy or employee appointed or employed by him in the performance of any duty or obligation imposed upon the clerk in any capacity. (Emphasis added)**

Hence, there can be no liability for damages imposed on the Defendant in this instance where she has been sued individually. In addition, the Plaintiff has not alleged that Defendant has willfully, wantonly nor intentionally caused specific injury to anyone with regard to safeguarding criminal records and evidence.

Under Federal Rule 12 (b) (6) a claim can be dismissed because it fails to allege sufficient facts to support an established legal clam. There is nothing in Plaintiff's claim which names Defendant as acting individually. Moreover, the State statutes specifically hold that the allegations which Plaintiff assert must be applied to Defendant in her official capacity.

The allegations of Plaintiff's petition are insufficient to state a cause of action against Defendant in her individual capacity. Accordingly, Defendant's Motion to Dismiss should be maintained and Plaintiff's Complaint should be dismissed, with prejudice at Plaintiff's cost as to the Defendant, in her individual capacity, and maintained against Defendant, in her official capacity as Clerk of Court, Parish of Orleans, State of Louisiana, reserving all rights of the Defendant.

Respectfully,

DEBORAH L. WILSON, #13555
BELHIA V. MARTIN, #8968
Attorneys for Defendant
317 Magazine Street
New Orleans, Louisiana 70130
(504) 962-3357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum In Support of Motion to Dismiss Pursuant to F.R.C.P. 12 (b) (6) on behalf of Kimberly Williamson Butler in her individual capacity has been served on Ashton R. O'Dwyer, Jr. by facsimile or regular mail or hand delivery on this _18th_ day of _January_ 2006 at New Orleans, Louisiana.

Deborah L. Wilson, Bar No. 13555

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAUREEN O'DWYER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4181** |
| **THE UNITED STATES OF AMERICA** | * | **SECTION "K"** |
| **ET AL** | * | |

\* \* \* \* \* \* \* \*

**FILED:** _____          _____
                                                                    **DEPUTY CLERK**

### NOTICE OF HERARING

Please take notice that the undersigned will bring the above motion on for hearing before the Honorable Stanwood R. DuvaL, Jr., United States District Court, 500 Poydras Street, Room C-352, New Orleans, Louisiana, on the 8 day of February, 2006, at 9:30 a.m./p.m. of that day or as soon thereafter as counsel can be heard.

Respectfully Submitted,

_/s/ Deborah L. Wilson_
Deborah L. Wilson # 13555
Attorney for Defendant
317 Magazine Street
New Orleans, Louisiana 70130
(504) 962-3357