

By - Refile in
master case
05-4182

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 FEB 13 AM 11:28
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| MAUREEN O'DWYER, ET AL. | * | CIVIL ACTION |
|  | * |  |
|  | * | NO. 05-4181 "K" (3) |
| VS. | * |  |
|  | * | JUDGE STANWOOD R. DUVAL |
| UNITED STATES, ET AL. | * |  |
|  | * | MAG. JUDGE DANIEL KNOWLES |

* * * * * * * * * * * * * * * *

## MOTION TO DISMISS DEFENDANT
## GOVERNOR KATHLEEN BLANCO

**NOW INTO COURT,** through undersigned counsel, comes defendant

Kathleen Blanco, Governor of the State of Louisiana, who moves this Court for

dismissal of all claims against her for the following reasons:

1.

The plaintiffs appear to allege that actions taken by the Governor before and

after Hurricane Katrina constituted violations of 42 U.S.C. §1983 and of state law.

Fee
Process
X Dktd
V CtRmDep
Doc. No

2.

The plaintiffs fail to allege a violation of a clearly established constitutional right. The plaintiffs also fail to allege that the Governor's conduct was objectively unreasonable in light of the law clearly established at the time of the conduct. Governor Blanco, therefore, is entitled to qualified immunity and the federal claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

3.

The plaintiffs seem to allege violations of state law during the planning for and decision-making after Hurricane Katrina.  Governor Blanco is entitled to immunity from state law claims arising during the preparation for and recovery efforts after a natural disaster.  Therefore, the plaintiffs fail to state a claim for which relief may be granted under state law.

**WHEREFORE**, defendant Governor Kathleen Blanco moves that claims against her be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY: _____

**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**STEPHEN F. BABIN (#2634)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
Pan American Life Center
New Orleans, Louisiana 70130
Telephone No.      504-599-1200
Facsimile No.      504-599-1212
Email:      KellerM@ag.state.la.us
            GlazerP@ag.state.la.us
            BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by depositing copies in the U.S. Mail, properly addressed and with proper postage prepaid, at New Orleans, Louisiana, on this _13th_ day of February, 2006.

_____
**PHYLLIS E. GLAZER**

3

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | **CIVIL ACTION** |
| **MAUREEN O'DWYER, ET AL.** | * | |
| | * | **NO. 05-4181 "K" (3)** |
| **VS.** | * | |
| | * | **JUDGE STANWOOD R. DUVAL** |
| **UNITED STATES, ET AL.** | * | |
| | * | **MAG. JUDGE DANIEL KNOWLES** |
| * * * * * * * * * * * * * * * * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, GOVERNOR KATHLEEN BLANCO

**MAY IT PLEASE THE COURT,**

The plaintiffs filed an original complaint[1] and eleven (11) supplemental and amending complaints[2] alleging that Governor Kathleen Blanco violated their constitutional rights. They do not specify, however, which provisions or amendments of the Constitution were allegedly violated.

---

[1] Rec. Doc. 1.
[2] Rec. Docs. 3, 5, 7, 12, 16, 20, 33, 50, 51, 57, 78.

The plaintiffs allege that "[t]he Governor of Louisiana, should have prepared for the contingency of a Category 5 hurricane like Katrina by preparing and formulating an Area Contingency Plan pursuant to the standards of the Incident Command System, [...]"[3]   Additionally, they allege that the Governor made a political decision to not invoke martial law.[4]  Further, they argue that the failure of the Governor to declare martial law coupled with Mayor C. Ray Nagin's failure to declare *posse comitatus* constituted "'organized' state and local government sponsored urban terrorism on the city [of New Orleans] and its law-abiding citizens."[5]  The plaintiffs also allege that the Governor failed to order the mandatory evacuation of critical care patients from hospitals, nursing homes and "the like."[6]

## I.     STANDARD FOR DISMISSAL PURSUANT TO FRCP 12(b)(6).

In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn

---

[3] Rec. Doc. 1 ¶V.4
[4] Id at ¶V.5.
[5] Id at ¶V.6.
[6] Id at ¶V.7.

2

that evidence on these material points will be addressed at trial."[7] The primary issue that a district court must confront at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim[s]." [8] It would be inappropriate for a district court to dismiss a plaintiff's complaint pursuant to a Rule 12(b)(6) motion, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [9]

The legal sufficiency of claims stated in the complaint must be evaluated solely on the basis of the pleadings.[10]   The district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. [11]   That being said, it is well established that courts do not have to accept every allegation in the

---

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) (citation omitted).

[8] Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).

[9] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also* Jones, *supra*, at 324 (observing that dismissing an action is improper "unless the plaintiff would not be entitled to relief under *any* set of facts or any possible theory that he could prove consistent with the allegations in the complaint") (emphasis added).

[10] Jackson v. Procunier, 789 F.2d 307 (5th Cir. 1986).

[11] Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir.1993).

complaint as true in considering its sufficiency.[12] The plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity.[13] It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[14] However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[15]

In the context of 42 U.S.C. § 1983 claims, it is well established that the claimant must plead specific facts, not mere conclusory allegations to survive a motion to dismiss.[16]

> In cases such as this, where civil rights complaints are lodged against public officials for actions undertaken in their official capacities, the Fifth Circuit has recognized that "liberal notions of notice pleading must ultimately give way to immunity doctrines that protect us from having the work of our public officials chilled or

---

[12] Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 903-04 (E.D.La.,2001) (citing 5A Wright & Miller, Federal Practice & Procedure § 1357, at 311; Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 97, 100 (5th Cir.1974)).

[13] *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000).

[14] Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quoting Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).

[15] *Id* (quoting S. Christian Leadership Conference v. Supreme Court of the State of La., 252 F.3d 781, 786 (5th Cir. 2001) (quoting Fernandez-Montes, 987 F.2d at 284)).

[16] Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 903-04 (E.D.La.,2001) (citations omitted).

disrupted by participation in the trial or the pretrial development of civil lawsuits." [17]

As such, the United States Court of Appeals for the Fifth Circuit has "consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss."[18]   The heightened pleading requirement in civil rights cases against those asserting immunity is necessary because to allow traditional discovery to commence based on broadly worded complaints "effectively eviscerates important functions and protections of official immunity."[19]

## II.   GOVERNOR BLANCO IS ENTITLED TO QUALIFIED IMMUNITY ON ALL CLAIMS UNDER FEDERAL CIVIL RIGHTS STATUTES.

Governor Kathleen Blanco is entitled to qualified immunity because the plaintiffs fail to show how she violated their constitutional rights.  The plaintiffs' contend that the Governor decided not to invoke martial law, she did not evacuate critically-ill patients from hospitals and nursing homes and, she did not prepare an "Area Contingency Plan".   The plaintiffs do not specify which federal laws,

---

[17] *Id* (quoting Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir.1985)).
[18] Causey, 167 F.Supp. 2d at 904 (citing Geter v. Fortenberry, 849 F.2d 1550, 1553 (5 th Cir.1988) (citing Elliott v. Perez, 751 F.2d 1472, 1479 n. 20 (5 th Cir.1985)).
[19] *Id.*

provisions of or amendments to the constitution were violated by these gubernatorial decisions and they do not allege a violation of a clearly established constitutional right.   Additionally, the plaintiffs do not properly plead facts establishing that the Governor's conduct was unreasonable to the extent that it rose to deliberate indifference to their constitutional rights.   Governor Blanco is, therefore, entitled to qualified immunity on all federal claims.

Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[20]   Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" [21] and therefore, allows government officials the freedom to exercise fair judgment.  A defendant is entitled to qualified immunity if reasonable public officials could differ on the lawfulness of the actions.[22]   Officials are not expected to determine the manner in which the law's gray areas might be clarified or defined.[23]

---

[20] Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982).
[21] Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986).
[22] Hussan v. Lubbock Independent School District, 55 F.3d 1075, 1079 (5th Cir. 1995).
[23] Davis v. Scherer, 104 S.Ct. 3012, 3019-20 (1984).

The issue of qualified immunity must be resolved at the earliest possible stage of litigation[24] because the protection afforded by the defense is "immunity from suit, not simply immunity from liability."[25] "Before this court-or any court-can adjudicate the merits" of Plaintiffs' claims, they "must overcome the bar of qualified immunity."[26] Once raised, a plaintiff has the burden to rebut the qualified immunity defense "by establishing that the official's allegedly wrongful conduct violated clearly established law. We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs."[27]

This Honorable Court developed a now-familiar, bifurcated test to determine whether a defendant is entitled to qualified immunity:[28]  (1) Whether the plaintiff has alleged a violation of a clearly established constitutional right and, if so; (2)

---

[24] *See* Hunter v. Bryant, 112 S.Ct. 534, 536 (1991).

[25] Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994)

[26] Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 380 (5th Cir. 2005) (*quoting* Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir.2005); cf. Camilo-Robles v. Hoyos, 151 F.3d 1, 8 (1st Cir.1998) ( "[C]ourts are well-advised to separate 'qualified immunity' analysis from 'merits' analysis whenever practicable. In some circumstances, however, these inquiries overlap ···· Since our inquiry into objective legal reasonableness involves deliberate indifference, however, we are compelled to engage the merits to a greater extent than is usual.")).

[27] *Id.* (*Quoting* Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir.1997) (citations and internal quotation marks omitted); see also McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir.2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.")).

[28] Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998); Harper v. Harris County, 21 F.3d 597, 600 (5th Cir. 1994).

whether the defendant's conduct was objectively unreasonable in light of the clearly established law at the time of the incident.[29]

**First Prong:** Did the plaintiffs allege a "violation of a clearly established constitutional right?"[30] This is a "purely legal question" to be determined by the court.[31] The court uses "currently applicable constitutional standards to make this assessment."[32] Cases "clearly establishing" constitutional rights decided by the United States Supreme Court and Fifth Circuit Court of Appeals are binding precedent. In the absence of controlling precedent from the Supreme Court and Fifth Circuit, the right may be clearly established by a "consensus of cases of persuasive authority."[33]

The Supreme Court defined what it means for a constitutional right to be "clearly established:"

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.[34]

---

[29] *Id.*

[30] Hare, 135 F.3d at 325-26; Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied,* 116 S.Ct. 800 (1996).

[31] Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).

[32] Hare, 135 F.3d at 326.

[33] McClendon, 305 F.3d at 329-30, 332.

[34] Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).

8

The "contours" of a right are not sufficiently clarified simply because the law is established as a general proposition (such as the Fourth Amendment prohibiting "unreasonable" searches and the Eighth Amendment prohibiting "excessive" force.)

> The relevant, dispositive inquiry in determining whether a right is cleary established is whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted.*[35]

In order to satisfy this first prong, the plaintiffs must identify rights which have been clearly established by the courts.  The plaintiffs fail to allege facts to demonstrate how the Governor violated any of the plaintiffs' clearly established constitutional rights.  The plaintiffs merely use constitutional buzzwords in their complaint: *life, liberty,* and *property,* for example.  They do not, however, plead facts that identify a constitutional right which has been so sufficiently clarified by the courts that a reasonable Governor would have understood, at the time of the conduct, that her actions violated *that right.*

> This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell* [*v. Forsyth,*

---

[35] <u>Saucier</u>, 533 U.S. at 201 (emphasis added).

472 U.S. 511,] 535, n.12; but it is to say that in the light
of pre-existing law the unlawfulness must be apparent.[36]

In order to satisfy this prong the plaintiffs must also adequately plead

specific facts to show how the clearly established constitutional rights were

*violated.*   The plaintiffs state in their pleadings that their rights were violated.

They offer no specific facts to support that conclusory allegation.    Statements that

the Governor should have known or should have done something are not specific

facts demonstrating how she violated the plaintiffs' constitutional rights.    The

plaintiffs state nothing but conclusory allegations.  Therefore, the plaintiffs fail the

first prong of the test and Governor Blanco is entitled to qualified immunity.  In an

abundance of caution, however, Governor Blanco will address the second prong.

**Second Prong:**  This prong is best examined as a two-part inquiry.  (A)

Were the constitutional rights allegedly violated under the first prong clearly

established at the time of the incident and; (B) if so, was the conduct of the

defendant objectively unreasonable in light of law clearly established at that time.[37]

---

[36] <u>Hope</u>, 536 U.S. at 739 (*quoting* <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987)).
[37] <u>Hare</u>, 135 F.3d at 326.  *See also*, <u>Woods</u> 60 F.3d at 1164.

**(A):** [Q]ualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful."[38]   Assuming the constitutional rights allegedly violated are clearly established, the plaintiffs must show that the courts "clearly established" the constitutional rights, *before* the occurrence of the conduct complained of.  No facts were plead showing that the Governor had notice, at the time, that her decisions made before, during and after Hurricane Katrina would violate the constitutional rights of the plaintiffs.

**(B):** Objective unreasonableness of the conduct is a question of law for the court.[39]  Unreasonableness is assessed in light of the law as it existed at the time of the conduct.[40]  The plaintiff bears the burden of pleading a violation of clearly established law.[41]  For qualified immunity to be surrendered:

> pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.[42]

---

[38] Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).
[39] Hare, 135 F.3d at 328.
[40] Harper, 21 F.3d at 601.
[41] *See* Mitchell v. Forsyth, 105 S.Ct. 2806, 2815 (1985); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994).
[42] Sorenson v. Ferrie, 134 F.3d 325, 330 (*citing* Pierce v. Smith, 117 F.3d 866, 882 (5th Cir. 1997)).

The plaintiffs have not identified a federal law or constitutional provision allegedly
violated by Governor Blanco.   Regardless, even assuming the plaintiffs alleged
facts sufficient to show a violation of federal law or the constitution, they still fail
to establish objective unreasonableness of the conduct.

In order for a public official's conduct to rise to the level of objective
unreasonableness and defeat her claim for qualified immunity, it must be shown
that she acted with deliberate indifference to the constitutional rights of the
plaintiffs.[43]   The  standard of deliberate indifference is high.[44]  "Actions and
decisions by officials that are merely inept, erroneous, ineffective, or negligent do
not amount to deliberate indifference and do not divest officials of qualified
immunity."[45]  The plaintiffs must show that Governor Blanco acted with deliberate
indifference to their constitutional rights.   They cannot. The plaintiffs apply the
wrong legal standard to support the contention that Governor Blanco violated their
constitutional rights.   Their theory of liability is that of a "Monday Morning

---

[43] See e.g. Hernandez v. Texas Dept. of Protective and Regulatory Services, 380 F.3d 872 (5th Cir. 2004) (social
worker was negligent not deliberately indifferent and therefore entitled to qualified immunity); Roberts v. City of
Shreveport, 397 F.3d 287 (5th Cir. 2005) (police chief entitled to qualified immunity because no evidence was
presented establishing deliberate indifference); Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381
(5th Cir. 2005) (quoting Alton v. Texas A&M University, 168 F.3d 196, 201 (5th Cir.(Tex.) 1999)).
[44] Alton , 168 F.3d at 201 (citing Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 218 (5th Cir.1998)).
[45] Id.

Quarterback."   They allege that, in retrospect, the Governor's decisions were wrong.  The plaintiff even alludes in the complaints to what he would have done had he been the decision-maker.  However, the standard, as discussed above, is whether a reasonable *Governor* in Governor Blanco's position would have thought the action would violate constitutional rights; not what a reasonable citizen or attorney would have done.  Knowledge of the likelihood that the action would violate constitutional rights and aforethought, intentional disregard of the constitutional consequences, must be proven to show deliberate indifference.

The plaintiffs do not present facts sufficient to show that the Governor acted with deliberate indifference.  They allege that the Governor should have prepared an "Area Contingency Plan" prior to Hurricane Katrina.  They do not allege, however, that the Governor had *no plan* in effect prior to the Hurricane.  Assuming that the "Area Contingency Plan" discussed in the complaint exists and is better than the plan in effect before Katrina, the plaintiffs simply conclude that the plan in effect was not the best one available.  The plaintiffs contend that the Governor should have ordered the mandatory evacuation of critical care patients "by private or commercial aircraft, by train, by other means of ground transportation, or by

vessels or craft capable of navigation on the Mississippi River."[46]  The plaintiffs, however, fail to allege that the Governor did not order an evacuation *at all*.  The plaintiffs further contend that the Governor supported "urban terrorism" with her decision to not invoke martial law.  The plaintiffs do not contend, however, that the Governor did nothing in response to the violence in the City of New Orleans.  The plaintiffs do not present facts sufficient to establish that the Governor acted with deliberate indifference to the constitutional rights of the plaintiffs therefore, they cannot show she acted unreasonably.

The plaintiffs' complaint wholly fails the two-part test for qualified immunity.  They do not allege a violation of a clearly established constitutional right.  Additionally, they do not establish that the Governor acted unreasonably, with deliberate indifference to the constitutional rights of the plaintiffs.  Governor Blanco, therefore, is entitled to qualified immunity.

### III.  GOVERNOR BLANCO IS ENTITLED TO IMMUNITY FROM SUIT ON ALL CLAIMS UNDER LOUISIANA STATE LAW.

The most clearly established fact in the plaintiffs' complaint and all eleven of the supplementations and amendments thereto is that all of the claims against all of the defendants arose out of and related to actions taken before, during and after

---

[46] Rec. Doc. 1 ¶V.7.

14

Hurricane Katrina.   The Governor is immune from suit for all claims under Louisiana State Law arising from natural disasters.  LSA R.S. 29:735 states:

> A.    Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees, or representatives of any of them, engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.

The essence of the plaintiffs' claims against the Governor is that their injuries arose out of decisions made regarding the Hurricane.   Therefore this statute and its immunity from suit apply to the claims against Governor Blanco.

The plaintiffs do not show that the Governor committed "willful misconduct."[47]  §735 creates a qualified immunity from suit under state law for decisions and actions made in preparation for, during and after a natural disaster. The language of the statute shows that "willful misconduct" of a state official destroys immunity in the same way that "deliberate indifference" of an official destroys qualified immunity from suit under federal law.   In fact, the word "willful" is synonymous with "deliberate;" and, the results of the phrases are the

---

[47] LSA R.S. 29:735

15

same. "Deliberate indifference" is intentional disregard for constitutional rights and thus objectively unreasonable. "Willful misconduct" is intentional wrongdoing and therefore, unreasonable. Both phrases imply knowledge of and intentional disregard for the consequences of the action. As discussed above, the plaintiffs fail to plead facts sufficient to establish deliberate indifference. Similarly, they fail to plead facts sufficient to establish willful misconduct. Therefore, Governor Blanco is entitled to immunity from suit under §735.

## IV.  CONCLUSION.

All claims against Governor Blanco should be dismissed. The Governor is entitled to qualified immunity on all claims under federal law. The plaintiffs fail to plead facts sufficient to identify a clearly established constitutional right. They fail to specifically plead facts showing a violation of such a right. The plaintiffs do not show that the Governor had notice that her decisions would violate the constitutional rights of the plaintiffs. Additionally, the plaintiffs' contentions do not show that the Governor acted with deliberate indifference to their constitutional rights and therefore, fail to show that her actions were objectively unreasonable. Similarly, the Governor is entitled to immunity from claims under state law. LSA R.S. 29:735 clearly creates immunity from suit on claims arising out of

16

preparations for and recovery from a natural disaster.  The one exception to that

immunity is a showing that the official acted with "willful misconduct."  The

plaintiffs do not show that the Governor acted with willful misconduct.  As such,

all claims against the Governor should be dismissed, with prejudice and at

plaintiffs' cost.

Respectfully submitted,


CHARLES C. FOTI, JR.
ATTORNEY GENERAL

BY: _____

MICHAEL C. KELLER (#20895) (T.A.)
PHYLLIS E. GLAZER (# 29878)
STEPHEN F. BABIN (#2634)
ASSISTANT ATTORNEYS GENERAL

DEPARTMENT OF JUSTICE
LITIGATION DIVISION
601 Poydras Street, Suite 1725
Pan American Life Center
New Orleans, Louisiana 70130
Telephone No.    504-599-1200
Facsimile No.    504-599-1212
Email:    KellerM@ag.state.la.us
             GlazerP@ag.state.la.us
             BabinS@ag.state.la.us


17

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by depositing copies in the U.S. Mail, properly addressed and with proper postage prepaid, at New Orleans, Louisiana, on this _13th_ day of February, 2006.

_____
**PHYLLIS E. GLAZER**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | **CIVIL ACTION** |
| **MAUREEN O'DWYER, ET AL.** | * | |
| | * | **NO. 05-4181 "K" (3)** |
| **VS.** | * | |
| | * | **JUDGE STANWOOD R. DUVAL** |
| **UNITED STATES, ET AL.** | * | |
| | * | **MAG. JUDGE DANIEL KNOWLES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF MOTION

**TO: Ashton O'Dwyer, Jr.**
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130

**Victor Elbert Stilwell, Jr.**
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

**Joseph W. Hecker**
618 Europe Street
2nd Floor
Baton Rouge, LA 70806

**James Bryan Mullaly**
City Attorney's Office – City Hall
1300 Perdido Street, Room 5E01
New Orleans, LA 70112

**Thomas F. Gardner**
Gardner & Kewely
1615 Metairie Road, Suite 200
Metairie, LA 70005

**Dennis Phayer**
Burglass & Tankersley, L.L.C.
5213 Airline Drive
Metairie, LA 70001

Catherine J. Finnegan
Torts Branch – Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C. 20044

Thomas P. Anzelmo
McCranie, Sistrunck, Anzelmo, Hardy,
Maxwell & McDaniel, P.C.
3445 N. Causeway Blvd, Suite 800
Metairie, LA 70002

**PLEASE TAKE NOTICE,** that the undersigned will bring the foregoing motion for hearing before the Honorable Stanwood Duval, United States District Judge for the Eastern District of Louisiana at the United States District Court, 500 Camp Street, New Orleans, Louisiana, on the Twenty-Second (22) of March, 2006 at ~~eleven (11) o'clock~~ 9:30 A.M.

Respectfully submitted,

**CHARLES C. FOTI, JR.
ATTORNEY GENERAL**

BY: _____

**MICHAEL C. KELLER (#20895) (T.A.)
PHYLLIS E. GLAZER (# 29878)
STEPHEN F. BABIN (#2634)
ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE
LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.      504-599-1200
Facsimile No.      504-599-1212
Email:      KellerM@ag.state.la.us
            GlazerP@ag.state.la.us
            BabinS@ag.state.la.us

2

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by depositing copies in the U.S. Mail, properly addressed and with proper postage prepaid, at New Orleans, Louisiana, on this 13th day of February, 2006.

**PHYLLIS E. GLAZER**

3