

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 1 1 2006
LORETTA G. WHYTE
CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 14  PM 2: 17

LORETTA G. WHYTE
CLERK

Refile in
master case
05-4182

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL., | * | CASE NO. 05-4181 |
| VERSUS | * | DIV. "K"(5) |
| THE UNITED STATES OF AMERICA, ET AL. | * | JUDGE DUVAL |
| *   *   *   *   *   *   * | * | MAG. J. KNOWLES |

## UNITED STATES' MOTION TO DISMISS

Defendant United States of America, through undersigned counsel, hereby moves

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss plaintiffs' action for lack of subject

matter jurisdiction.  Plaintiffs' Complaint, styled as a class action against the United States and

other non-federal defendants, alleges, inter alia, common law tort claims for damages arising

from the failure of certain levee systems in New Orleans, Louisiana, during Hurricane Katrina.

Plaintiffs have failed to exhaust their administrative tort remedies with the appropriate federal

agency prior to filing this suit in accordance with 28 U.S.C. § 2675(a), which is a statutorily

mandated jurisdictional prerequisite to suit against the United States for monetary damages.

Thus, the Court lacks subject matter jurisdiction to hear plaintiffs' claims against the United

States.  Moreover, plaintiffs have no other viable basis upon which to assert that this Court has

1

Fee
Process
Dktd
CtRmDep
Doc. No

subject matter jurisdiction over claims against the United States, either under the U.S.

Constitution or federal environmental statutes. The grounds for this motion are more fully set

forth in the accompanying memorandum of law in support and the Declarations of Angela Jean

Drinkwitz, U.S. Army Corps of Engineers, and Edward Broyles, Federal Emergency

Management Agency, attached hereto as Exhibits 1 and 2, respectively.

      WHEREFORE, for these reasons and the reasons more fully set forth in the United

States' memorandum of law in support, the United States prays that this Court grant its motion to

dismiss plaintiffs' action for lack of subject matter jurisdiction.

                        Respectfully submitted,

                        PETER D. KEISLER
                        Assistant Attorney General

                        PAUL F. FIGLEY
                        Deputy Director, Torts Branch

                        *Catherine Finnegan*

                        Catherine J. Finnegan
                        Trial Attorney, Torts Branch, Civil Division
                        U.S. Department of Justice
                        Benjamin Franklin Station, P.O. Box 888
                        Washington, D.C. 20044
                        (202) 616-4916 / (202) 616-5200 (Fax)
                        Attorneys for the United States

Dated: February 14, 2006

## CERTIFICATE OF SERVICE

I, Catherine J. Finnegan, hereby certify that on February 14, 2006, I served a true copy of the United States' Motion to Dismiss with Exhibits, a Proposed Order, a Notice of Hearing, and Memorandum of Law in Support upon the following parties by first class and/or electronic mail:

Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
arod@odwyerlaw.com

Joseph W. Hecker
619 Europe Street
2nd Floor
Baton Rouge, LA 70806

Thomas P. Anzelmo
McCranie, Sistrunk, Anzelmo, Hardy,
Maxwell, & McDaniel, P.C.
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
tanzelmo@mcsalaw.com

Thomas Francis Gardner
Gardner & Kewley, APLC
1615 Metairie Rd., Suite 200
Metairie, LA 70005
gardner@bayoulaw.com

Dennis Phayer
Burglass & Tankersley, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602
dphayer@burglass.com

Victor Elbert Stilwell, Jr.
Deutsch, Kerrigan & Stiles
755 Magazine St.
New Orleans, LA 70130
vstilwell@dkslaw.com

James Bryan Mullaly
City Attorney's Office
City Hall
1300 Perdido St.
Room 5E01
New Orleans, LA 70112
jamesmullaly1@hotmail.com

James L. Pate
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road
Post Office Drawer 52828
Lafayette, LA 70505-2828
jpate@ln-law.com

_Catherine Finnegan_
Catherine J. Finnegan

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL,. | * | |
| Plaintiffs | * | Case No. 05-4181 |
| | * | |
| V. | * | Div. "K"(5) |
| | * | |
| THE UNITED STATES OF AMERICA, ET AL. | * | Judge Duval |
| Defendants | * | |
| | * | Mag. J. Knowles |

\* \* \* \* \* \* \* \* \*

## DECLARATION OF ANGELA JEAN DRINKWITZ

I, Angela Jean Drinkwitz, declare and state the following:

1. I am over eighteen years of age. I am a Paralegal for the U.S. Army Corps of Engineers, New Orleans District, Office of Counsel. I have been in my present position since March 2005.

2. A part of my duties, I routinely receive administrative tort claims filed with this agency under the Federal Tort Claims Act. These claims are delivered to our office normally by mail, through our mailroom, which are then forwarded to this office. Once these claims are received in this office, I will log the claims into the Case Management System for the U.S. Army Claims Service for assignment of a claim number from the Claims Service.

3. On January 24, 2006, the Agency received an SF-95 attached to a cover letter, dated January 10, 2006, signed by Mr. Ashton R. O'Dwyer, Jr. The letter and claim were sent by certified mail, return receipt requested; was signed for in the Agency's Mail Room; and forwarded to the Office of Counsel. The SF-95, dated January 10, 2006, was signed by Mr. O'Dywer as well. On the form itself, the named claimant was Mr. O'Dwyer at the address of 6043 St. Charles Avenue, New Orleans, Louisiana 70118.

1

However, in section 9 of the form, addressing the matter of property damage, Mr.

O'Dwyer stated in the section "name and address of owner other than Claimant"

"Impossible to identify -- all owners of real or personal property , the Greater New

Orleans Metropolitan Area."  In the part of Section 9 asking for a description of the

property, the form states "the Greater New Orleans Metropolitan Area."   A copy of said

SF-95 was also sent to this office, by fax transmission, received on January 10, 2006.  At

Attachment A is a copy of the above described SF-95, with cover letter.  The SF-95 has

been assigned Claims Service Number 06N15T010.

    4.  Also on January 24, 2006, this agency received a "supplemental claim",

submitted on an SF-95, with a cover letter signed by Mr. O'Dwyer dated January 16,

2006.  This letter and SF-95 was sent by certified mail, return receipt requested and was

signed for by the Agency's Mail Room on January 24, 2006 and transmitted to and

received by this office on that same date.  As stated in the cover letter, the SF-95 that was

submitted was to add additional bases to the claim and additional elements of damage to

the claim set forth in Paragraph 3 above.  This SF-95 was received and included as part of

Claims Service Number 06N15T010.  A copy of the letter and SF-95 are attached at "B".

    5.  On January 31, 2006, this Agency received another SF-95 setting for an FTCA

administrative claim.  The claim was attached to a cover letter, signed by Mr. O'Dwyer,

and dated January 20, 2006.  The letter and SF-95 were sent by certified mail, return

receipt requested; signed for in the Agency's mailroom, and transmitted to Office of

Counsel.  The SF-95 was dated January 20, 2006.  The named claimant was Ms. Maureen

O'Dwyer, at the address of 5939 Vicksburg St., New Orleans, Louisiana.  Mr. O'Dwyer

was listed as her legal representative.  The SF-95 was signed by Mr. O'Dwyer as Ms.

O'Dwyer's "Agent, Legal Representative, and Attorney-in-Fact." No power of attorney, contract, or any other document to signify Mr. O'Dwyer's legal representation of Ms. O'Dwyer was submitted. At Attachment B is a true and correct copy of the SF-95 and cover letter. The claim was logged into the Claims Service database and the SF-95 was assigned Claim Number 06N15T013. A copy of the letter and SF-95 at attached at "C".

6. As of the date of this Declaration, no final action has been taken on either of the claims set forth above. Nor have any Katrina-related FTCA claims been denied by the Agency.

7. I have been provided a list of names that Mr. O'Dwyer has named as plaintiffs in litigation that he currently has pending in U.S. District Court against, among other defendants, the United States of America. After checking this Agency's files, with the exception of the two claims referenced above, this Agency has not received any administrative claim from any of the other plaintiffs that Mr. O'Dwyer has named in his original complaint or in the amendments to the original complaint.

8. This declaration is based on my personal knowledge and information contained in the Office of Counsel's files and in the Claims Service database. The documents attached hereto are kept in the course of regularly conducted activity.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746.

Executed this 10th day of February 2006.

Angela Jean Drinkwitz

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL., | * | CASE NO. 05-4181 |
| VERSUS | * | DIV. "K"(5) |
| THE UNITED STATES OF AMERICA, ET AL. | * | JUDGE DUVAL |
| *    *    *    *    *    *    * | * | MAG. J. KNOWLES |

<u>**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**</u>

MAY IT PLEASE THE COURT: Defendant, the United States of America, has moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss plaintiffs' action for lack of subject matter jurisdiction and respectfully submits this memorandum of law in support.

The Complaint in the instant action alleges, <u>inter alia</u>, common law tort claims against the United States for damages arising from Hurricane Katrina and its aftermath in New Orleans, Louisiana. On December 16, 2005, plaintiffs served the U.S. Attorney's Office in this action, which they filed this action on September 19, 2005. Plaintiffs have since amended their Complaint ten times.[1] Plaintiffs' suit is styled as a class action against the United States and

---

[1]On February 7, 2006, plaintiffs moved for leave to supplement and amend their complaint for the 11th time, seven days before the deadline for the United States' responsive pleading and several days after numerous defendants filed answers or motions to dismiss.

(continued...)

1

other non-federal defendants, although hundreds of plaintiffs are identified by name in the various amendments. Suit against the United States is premised upon alleged acts and omissions of federal employees of the United States Army Corps of Engineers and the Federal Emergency Management Agency.[2]

Specifically, the Complaint, as amended, alleges that "certain defendants" failed to: "order the timely evacuation of critical care patients;"[3] "ensure competent design, construction, maintenance, and inspection of the levee systems for the Industrial Canal, the London Avenue Canal and the Seventeenth Street Canal;"[4] "timely stop the flooding . . . and secure the water supply;"[5] "protect the public from . . . felons;"[6] and "safeguard the identification . . . of convicted sex offenders . . . [,] the contents of the evidence room at . . . Court . . .[and] the means of identifying persons who were incarcerated . . . ."[7]

---

[1](...continued)
Separately, the United States opposes plaintiffs' recent move to supplement and amend their complaint. Nonetheless, those allegations are addressed in § B, infra.

[2]See Cmplt. at § III; Sec. Supp. & Am. Cmplt. at § III. A suit against an executive department of the United States is a suit against the United States as sovereign. See FDIC v. Meyer, 510 U.S. at 475.

[3]See Cmplt. at Count 1.

[4]See Sixth Supp. & Am. Cmplt at Count 2.

[5]See Cmplt. at Counts 3-4.

[6]Id. at Count 5.

[7]Id. at Counts 6-8.

Additionally, the Complaint asserts a claim for environmental damages,[8] as well as a claim under the U.S. Constitution.[9] Finally, the Complaint, as amended, claims that the United States "defectively designed, constructed, maintained and inspected the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, and the Inner Harbor Navigational Canal . . . and their environs and levees."[10] Only Counts 2 and 10 regarding the failure of various levee systems appear to be specifically directed at the United States.

Though plaintiffs undeniably suffered during Hurricane Katrina and its aftermath, their suit must be dismissed as premature. Plaintiffs' action for damages can only lie under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. The Court must "look beyond the literal meaning of the language" of the plaintiffs' causes of action "to ascertain the real cause of complaint." See United States v. Neustadt, 366 U.S. 696, 703, 711 (1961) (holding FTCA's misrepresentation exception included claims arising from negligent misrepresentation). Here, the gravamen of plaintiffs' complaint is that the United States' alleged failure to competently design, construct, maintain, and inspect the flood control structures and levees surrounding various canals and waterways caused either loss of life, loss or damage to property, personal injury, emotional distress, or environmental damage. Before filing suit, plaintiffs failed to exhaust their administrative remedies with the appropriate federal agencies in accordance with 28 U.S.C. § 2675(a), which is a statutorily mandated jurisdictional prerequisite to suit against the United

---

[8] See Cmplt. at Count 9. These claims fail for the reasons discussed in § B, infra.

[9] See Fourth Supp. & Am. Cmplt. at § III. These claims fail for the reasons discussed in § B, infra.

[10] See Sixth Supp. & Am. Cmplt. at Count 10.

States sounding in tort.  Because of this defect, this Court lacks subject matter jurisdiction over plaintiffs' action, requiring dismissal.

**STATEMENT**

Under the Federal Tort Claims Act, 28 U.S.C. § 2675(a), an action may not be instituted against the United States unless the claimant first presents the claim to the appropriate federal agency and the agency has denied the claim in writing.  If, however, the federal agency fails to finally dispose of the claim within six months after it is filed, the Act affords the claimant, at her option, the opportunity to treat the claim as denied and to file suit in the appropriate federal district court.  Id.  This action was filed prematurely and therefore must be dismissed because plaintiff has failed to comply with the Act's jurisdictional prerequisites.

The Complaint and its amendments are devoid of allegations that plaintiffs have exhausted their administrative remedies.  Indeed, on January 25, 2006, in open court, plaintiffs' counsel, Ashton O'Dwyer, who is also a named plaintiff, stated that he filed one administrative tort claim on behalf of himself on January 10, 2006, and one administrative tort claim on behalf of his sister, Maureen O'Dwyer, on January 20, 2006.  See Tr. at 6:1-4.  These tort claims were filed with the U.S. Army Corps of Engineers, New Orleans office.  See Ex. 1, Decl. of Angela Jean Drinkwitz, U.S. Army Corps of Engineers.  No tort claims were filed with FEMA.  See Ex. 2, Decl. of Edward Broyles, FEMA.  Additionally, no tort claims were filed with either agency on behalf of any of the more than 350 named plaintiffs.  See Ex. 1 at ¶ 7; Ex. 2 at ¶ 7.

Thus, as of September 19, 2005, when plaintiffs commenced this action by filing a complaint, the administrative claim had not yet been pending with the Army Corps of Engineers or FEMA for six months.  This action is therefore jurisdictionally defective.  The passage of time

4

cannot cure the jurisdictional defect resulting from the premature commencement of this action. Accordingly, this action should be dismissed, albeit without prejudice.

## ARGUMENT

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. See Insurance Corporation of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994); Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987); Price v. United States, 69 F.3d 46, 49 (5th Cir. 1995) rehr'g denied 81 F.3d 520 (5th Cir. 1996), cert. denied 519 U.S. 927 (1996).

**A.   Plaintiffs Cannot Bring Suit Under The FTCA Because They Have Not Yet Exhausted Their Administrative Remedies**

The FTCA is the exclusive remedy for claimants seeking monetary damages from the United States and is a limited waiver of the United States' sovereign immunity. See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). As such, due regard must be given to the terms of the waiver of sovereign immunity because the United States can be liable only to the extent that it has waived its immunity. Orleans v. United States, 425 U.S. 807, 814 (1976). Absent a waiver of immunity, the United States is immune from suit in tort. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Suits

against the United States must be filed in strict compliance with the FTCA's provisions.

Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984) (internal citations omitted).

While the destruction wrought by Hurricane Katrina was undeniably horrific and

extensive, plaintiffs cannot now sue the United States for damages because this Court lacks

subject matter jurisdiction to hear their claims.  Because plaintiffs have failed to exhaust their

administrative remedies before instituting suit in federal court, this action must be dismissed.

Section 2675(a) of the Federal Tort Claims Act clearly and unambiguously provides that:

> An action shall not be instituted upon a claim against the United
> States * * * unless the claimant shall have first presented the claim
> to the appropriate Federal agency and his claim shall have been
> finally denied by the agency in writing and sent by certified or
> registered mail.  The failure of an agency to make final disposition
> of a claim within six months after it is filed shall, at the option of
> the claimant any time thereafter, be deemed a final denial of the
> claim for purposes of this section.  * * *

See McNeil v. United States, 508 U.S. 106, 111 (1993).  Thus, the FTCA "bars claimants from

bringing suit in federal court until they have exhausted their administrative remedies."  Id. at 113.

Under the FTCA, a claimant is precluded from filing suit in district court unless she has first

presented her claim to the appropriate federal agency.  See Jerves v. United States, 966 F.2d 517,

519 (9th Cir. 1992).[11]  Once the claim is presented to the appropriate federal agency, the agency

has six months within which to consider the claim and settle it if possible.  The agency may also

---

[11]For purposes of sections 28 U.S.C. 2401(b), 2672, and 2675(a) of the Federal Tort
Claims Act, a claim is considered presented to the appropriate federal agency when "a Federal
agency receives from a claimant * * * an executed Standard Form 95, or other written
notification of an incident, accompanied by a claim for money damages in a sum certain for
injury to or loss of property, personal injury, or death alleged to have occurred by reason of the
incident * * *."  28 C.F.R. § 14.2(a).  Here, two SF-95s were presented to the Army Corps of
Engineers on January 10 and 20, 2006.  See Ex. 1, Decl. of Angela Jean Drinkwitz at ¶¶ 3-5.

deny the claim.  If no action is taken within six month, a claimant may deem the claim denied

and file suit.  During this six-month period, the claimant may not file suit unless the agency

formally denies the claim.  Id.

The provisions of 28 U.S.C. § 2675(a) are jurisdictional in nature and therefore cannot be

waived.  Gregory, 634 F.2d at 203-204; Price, 69 F.3d. at 54; Reynolds, 748 F.2d at 292; Plyler

v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Ahmed v. United States, 30 F.3d 514, 516 (4th

Cir. 1994); Celestine v. Veterans Administration Hospital, 746 F.2d 1360, 1362 (8th Cir. 1984)

overruled on other grounds by McNeill, 508 U.S. 106 (1993); Brady v. United States, 211 F.3d

499, 502 (9th Cir. 2000), cert. denied 531 U.S. 1037; Industrial Constructors Corp. v. United

States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) is intended to "prevent an unnecessary burdening" on the courts with

premature complaints, Jerves, 966 F.2d at 520, and requires that "jurisdiction exist at the time the

complaint was filed." Gregory, 634 F.2d at 203-204.  The right to sue the United States exists

only by virtue of the Federal Tort Claims Act, which waives sovereign immunity and fixes the

terms and conditions upon which suit against the United States may be instituted.  See Plyler,

900 F.2d at 42.  Any such waiver of sovereign immunity must be strictly construed in favor of

the sovereign.  McLaurin v. United States, 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted),

cert denied, 125 S. Ct. 2549 (2005); Jerves, 966 F.2d at 521; Cadwalder v. United States, 45

F.3d 297, 300 (9th Cir. 1995); accord McNeil, 508 U.S. at 113 (requiring "strict adherence to the

procedural requirements" of § 2675(a)).

Here, plaintiff's action is premature because plaintiffs failed to completely exhaust their

administrative remedies before filing their complaint.  As of September 19, 2005, when plaintiffs

filed the complaint, plaintiffs' administrative tort claims had not been pending with FEMA or the U.S. Army Corps of Engineers for six months. See 28 U.S.C. § 2675(a); see generally Ex. 1, Drinkwitz Decl.; Ex. 2, Broyles Decl. Plaintiffs, therefore, have not met the Act's jurisdictional requirements.[12]

Moreover, as in McNeil, neither the passage of time nor the subsequent denial of the claim during the pendency of the prematurely commenced action can cure this jurisdictional defect. See McNeil, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); Gregory, 634 F.2d at 204 (specifically rejecting appellants argument that six-month requirement was meaningless because it had already ran and upholding dismissal of claims against United States); Reynolds, 748 F.2d at 293 (rejecting as frivolous argument that "defect[] of prematurely filed complaint may be cured by dilatory service"); see also Plyler, 900 F.2d 41, 42 (4th Cir. 1990) (vacating, after trial, district court's judgment against United States for lack of jurisdiction because plaintiffs prematurely filed suit); cf. United States v. Burzynski Cancer Research Inst., 819 F.2d 1301, 1306-07 (5th Cir. 1987) ("Because the requirement of administrative review is a jurisdictional prerequisite, it would not have been appropriate merely to stay the suit until a claim could be filed [.]"). The only way to cure the jurisdictional defect is to file a "fresh suit" within six months of the agency's denial. See McNeil v. United States, 964 F.2d 647, 649 (7th Cir. 1992),

---

[12]Moreover, this Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant. See In re Agent Orange Prod. Liab. Litig, 818 F.2d 194, 198 (2d Cir. 1987) aff'g in relevant part, In re Agent Orange Prod. Liab. Litig., 506 F.Supp. 757 (E.D. N.Y. 1980); Lunsford v. United States, 570 F.2d 221, 227 (8th Cir. 1977); Caidin v. United States, 564 F.2d 284 (9th Cir. 1977); Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); cf. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

aff'd 508 U.S. 106 (1993).  Accordingly, this action must be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).[13]

**B.    Plaintiffs Have No Other Viable Basis Upon Which To Assert That This Court Has Subject Matter Jurisdiction Over Claims Against the United States**

None of the other jurisdictional grounds cited in plaintiffs' Complaint, Amendments 1-10, or their proposed Eleventh Supplemental and Amending Complaint are sufficient to gain jurisdiction over the United States.  In the Fourth Supplemental and Amending Complaint, plaintiffs claimed that the U.S. Constitution was a source of jurisdiction over the claims contained in their suit.  See Fourth Supp. & Am. Cmplt. at § III.  Now, in their Eleventh Supplemental and Amending Complaint, plaintiffs assert that the Second, Fifth, and Fourteenth Amendments of the U.S. Constitution support jurisdiction over this action.  See Proposed Eleventh Supp. & Am. Cmplt. at § III.  Additionally, in the proposal, plaintiffs cite the federal question jurisdictional statute at 28 U.S.C. § 1331, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq., the Civil Rights Act, 42 U.S.C. §§ 1983-1988, the Class Action Fairness Act, 28 U.S.C. § 1332, and the supplemental jurisdiction statute at 28 U.S.C. § 1367, as additional grounds for jurisdiction over this suit.  These grounds fail.

First, the United States has not waived sovereign immunity for constitutional claims against federal agencies under the Federal Tort Claims Act.  See Federal Deposit Ins. Corp. v.

---

[13]Although the present motion is founded on 28 U.S.C. § 2675(a), the plaintiffs' action is also foreclosed by other limitations inherent in the FTCA, see id. § 2680 (setting forth numerous exceptions to the general provisions that waive immunity and confer jurisdiction), and by its failure to state a claim on which relief can be granted, absence of an actionable duty, force majeure, act of God, superseding cause, contributory negligence, assumption of the risk, and other defenses.  In addition, the Flood Control Act of 1928, 33 U.S.C. §§ 700 et seq., expressly retains immunity to actions that attempt to impose liability "for any damage from or by floods or flood waters." Id. § 702c.

Meyer, 510 U.S. 471, 473-479 (1994). The Constitution does not waive the government's sovereign immunity. See United States v. Testan, 424 U.S. 392, 399-402 (1976); Lynch v. United States, 292 U.S. 571, 582 (1934); cf. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narc., 403 U.S. 388, 410 (1971) (Harlan, J. concurring) ("[h]owever desirable a direct remedy against the government might be as a substitute for individual liability, the sovereign still remains immune from suit"). Moreover, constitutional claims are not within the purview of this Court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2) because plaintiffs seek more than $10,000 in damages.

Second, broad jurisdictional statutes, such as 28 U.S.C. § 1331, do not, in and of themselves, operate as a general waiver of sovereign immunity. See Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972). Third, suits against the United States under the civil rights statutes found at 42 U.S.C. §§ 1983-1988 are barred by sovereign immunity. See Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) (internal citations omitted); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982). Further, plaintiffs' citation of these statutes appear to be directed at the individually named defendants and not the United States.

Plaintiffs have also attempted to gain jurisdiction over the United States by alleging jurisdiction under several federal (and state) environmental statutes. The original Complaint, at § II.F, identified plaintiffs as representatives of a class of people "who suffered environmental damages . . . recoverable under the Oil Pollution Act of 1990, the Louisiana Oil Spill Prevention and Recovery [sic] Act, and the Comprehensive Environmental Response Compensation and Liability Act (CERCLA)." Plaintiffs' Eleventh Supplemental and Amending Complaint cites

10

these and additional federal environmental statutes as grounds for recovery of "damages" against the United States, including the Water Pollution Control Act, the Clean Water Act (CWA), the Clean Air Act (CAA), the National Environmental Policy Act (NEPA), the Toxic Substances Control Act (TSCA), the Resource Conservation and Recovery Act (RCRA), and state environmental statutes, including the Environmental Quality Act, the Air Control Act, and the Water Control Law. See 11th Am. & Supp. Cmplt. at § III. Plaintiffs' claims under each of these federal statutes fail for jurisdictional and substantive reasons.

First, the Court lacks jurisdiction to hear claims pursuant to RCRA, the CWA, the CAA, or TSCA because Plaintiffs have not filed the requisite notices of intent to sue prior to instigating this suit for money damages. See 42 U.S.C. § 6972(b)(1)(A), (b)(2)(A) [RCRA]; 33 U.S.C. §1365 (b) [CWA]; 42 U.S.C.A. § 7604 [CAA]; 15 U.S.C. § 2619 (b) [TSCA]; see also Hallstrom v. Tillamook County, 493 U.S. 20, 31(1989) (holding that the citizen suit notice provision of the Resource Conservation and Recovery Act, 2 U.S.C. § 6972(b)(1), is a 'mandatory condition precedent' to filing a citizen suit under the statute). With respect to their claims under the citizen suit provisions of the CWA, CAA, RCRA and TSCA, plaintiffs are additionally barred from relief because they seek monetary damages for alleged past violations of the statutes, an impermissible remedy. See, e.g., Gwaltney of Smithfield v. Chesapeake Bay Foundation, 484 U.S. 49, 52 (1987) (holding that the CWA does not allow for damages for "wholly past violations").

Additionally, none of the cited statutes contains a broad waiver of sovereign immunity for claims for money damages. See, e.g., Marina Bay Realty Trust, LLC v. United States, 407 F.3d 418, 423 (1st Cir. 2005) ("In our review of the statutory language [of RCRA], we first note the

11

obvious: there is no express waiver of immunity for private suits seeking monetary damages.");

Holloway v. Gaylord Chemical, 922 F.Supp. 1154, 1156-1157 (E. D. La. 1996) (holding that

CERCLA confers a private right of action only upon "any . . . person" who has incurred

"necessary costs of response . . . consistent with the national contingency plan" and noting that

"in fifteen years of CERCLA litigation, only one court has even entertained a mass tort lawsuit

under CERCLA, and even that court found the plaintiffs' federal claims legally ungrounded."); 5

U.S.C. § 702 (OPA provision failing to waive sovereign immunity for monetary damage claims

against the United States); 15 U.S.C. § 2688 (TSCA provision failing to waive sovereign

immunity for monetary damage claims against the United States).  While parties may seek

"response" or "removal" costs under CERCLA and OPA, this limited form of monetary relief is

only appropriate to compensate a private party's performance of a clean-up pursuant to the

national contingency plan.  See 33 U.S.C. § 2702(b)(1)(B) [OPA], 42 U.S.C. § 9607(a)(4)(B)

[CERCLA].  Here, plaintiffs do not allege that they performed such a clean-up and incurred

response costs.  Instead, the very basis for their allegations is the Government's purported failure

to act in response to Hurricane Katrina.

     Finally, Plaintiffs' NEPA claims are flawed because the Stafford Act exempts certain

actions taken in response to a natural disaster such as Hurricane Katrina from NEPA's reach.

See 42 U.S.C. § 5159.  Moreover, NEPA provides no monetary remedy, but instead, is a process-

oriented statute that mandates no particular result.  See Marsh v. Oregon Natural Resources

Council, 490 U.S. 360, 371 (1989) ("NEPA does not work by mandating that agencies achieve

particular substantive environmental results.  Rather, [it] promotes its sweeping commitment to

prevent or eliminate damage to the environment and biosphere by focusing Government and public attention on the environmental effects of proposed agency action.").

Because plaintiffs' claims under federal environmental statutes fail, this Court should decline to exercise supplemental jurisdiction over the claims under state environmental statutes. A district court should decline jurisdiction over state law claims when all federal claims are dismissed. Smith v. Amedisys Inc., 298 F.3d 434, 447 (5th Cir. 2002). As the Supreme Court has stated, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law ... Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Because Plaintiff's federal environmental claims are all subject to dismissal, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and dismiss them pursuant to 28 U.S.C. § 1367(c)(3).

13

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss should be granted and

plaintiffs' action should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PAUL F. FIGLEY
Deputy Director, Torts Branch

Catherine J. Finnegan
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4916 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: February 14, 2006

## CERTIFICATE OF SERVICE

I, Catherine J. Finnegan, hereby certify that on February 14, 2006, I served a true copy of the United States' Motion to Dismiss with Exhibits, a Proposed Order, a Notice of Hearing, and Memorandum of Law in Support upon the following parties by first class and/or electronic mail:

Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
arod@odwyerlaw.com

Joseph W. Hecker
619 Europe Street
2nd Floor
Baton Rouge, LA 70806

Thomas P. Anzelmo
McCranie, Sistrunk, Anzelmo, Hardy,
Maxwell, & McDaniel, P.C.
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
tanzelmo@mcsalaw.com

Thomas Francis Gardner
Gardner & Kewley, APLC
1615 Metairie Rd., Suite 200
Metairie, LA 70005
gardner@bayoulaw.com

Dennis Phayer
Burglass & Tankersley, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602
dphayer@burglass.com

Victor Elbert Stilwell, Jr.
Deutsch, Kerrigan & Stiles
755 Magazine St.
New Orleans, LA 70130
vstilwell@dkslaw.com

James Bryan Mullaly
City Attorney's Office
City Hall
1300 Perdido St.
Room 5E01
New Orleans, LA 70112
jamesmullaly1@hotmail.com

James L. Pate
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road
Post Office Drawer 52828
Lafayette, LA 70505-2828
jpate@ln-law.com

Catherine J. Finnegan

15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL., | * | CASE NO. 05-4181 |
| VERSUS | * | DIV. "K"(5) |
| THE UNITED STATES OF AMERICA, ET AL. | * | JUDGE DUVAL |
| *    *    *    *    *    *    *    * | | MAG. J. KNOWLES |

<u>**NOTICE OF HEARING**</u>

To:    All named plaintiffs through     Joseph W. Hecker
<u>their counsel of record</u>:       619 Europe Street
Ashton R. O'Dwyer, Jr.        2nd Floor
365 Canal Street, Suite 2670    Baton Rouge, LA 70806
New Orleans, LA 70130       (225) 383-8082
tel: (504) 561-6561

PLEASE TAKE NOTICE THAT, the undersigned will hear the United States' Motion to

Dismiss at the Courtroom of the Honorable Stanwood R. Duval, Jr., United States Courthouse at

500 Poydras Street, New Orleans, LA, 70130, on the 8th of March at 11:00 *9:30* a.m., and that the

motion will be submitted upon the pleadings and supplemental materials, without oral argument.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
Judge Stanwood R. Duval, Jr.
Eastern District of Louisiana

# TAB A

2279-068 968

1-24-06

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**ONE CANAL PLACE**
**365 CANAL STREET**
**SUITE 2670**
**NEW ORLEANS, LA 70130**
Telephone: (504) 561-6561
Facsimile: (504) 561-5560

Rec'd OC
1/24/06

January 10, 2006

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The United States Army Corps of Engineers
c/o Its Assistant District Counsel
Mr. Randall C. Merchant
Foot of Prytania Street at the
 Mississippi River
New Orleans, LA 70118

        Re:    Maureen O'Dwyer, et al.
                vs. The United States of America, et al.
                No. 05-4181 "K"(2)
                United States District Court
                Eastern District of Louisiana

Dear Mr. Merchant:

      You will find enclosed the executed original of SF 95 (Rev. 7-85), which I am submitting in support of my personal Hurricane KATRINA claim in the amount of $2 million against the United States of America through its agency and instrumentality, the United States Army Corps of Engineers. By copy of this correspondence to Ms. Finnegan, I am furnishing her a copy of the form via facsimile.

                        Yours very truly,

                        Ashton R. O'Dwyer, Jr.

AROD/vtb
Cc:   Ms. Tess Finnegan (via facsimile (202) 616-5200)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

DEPARTMENT OF THE ARMY
NEW ORLEANS DISTRICT CORPS OF ENGINEERS
P. O. Box 60267
NEW ORLEANS, LA 7016-0267
ATTN: OFFICE OF COUNSEL

**2. Name, Address of claimant and claimant's personal representative, if any.** *(See instructions on reverse.) (Number, street, city, State and Zip Code)*

ASHTON R. O'DWYER, JR.
6034 ST. CHARLES AVE.
NEW ORLEANS, LA. 70118

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 10/23/47 | 5. MARITAL STATUS MARRIED | 6. DATE AND DAY OF ACCIDENT 08-28-29/05 AND SUBSEQUENT | 7. TIME (A.M. OR P.M.) 0001-2400 HRS. |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)*

HURRICANE KATRINA
MALFEASANCE, MISFEASANCE & NON-FEASANCE
ARTICLES 2315, 2317 AND 2317.1 OF THE LOUISIANA CIVIL CODE
THE OIL POLLUTION ACT OF 1940 AND PRECUSOR LEGISLATION
THE COMPREHENSIVE ENVIORNMENTAL RESPONSE, COMPENSATION AND
LIABILITY ACT AND PRECUSOR LEGISLATION

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

IMPOSSIBLE TO IDENTIFY - ALL OWNERS OF REAL OR PERSONAL PROPERTY

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

THE GREATER NEW ORLEANS METROPOLITAN AREA

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

FEAR, EMOTIONAL DISTRESS AND MENTAL ANGUISH; AND
NATURAL RESOURCE DAMAGES

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| KATHERINE T. O'DWYER | 6034 ST. CHARLES AVE. N.O, LA. 70118 |
| HARALDU GAGNET | 1569 CALHOUN ST. N.O. LA. 70118 |
| DR. HAROLD GINZBURG | NO. 2 LAKEWAY CENTER, 3850 CAUSEWAY BLVD. SUITE 620, METAIRIE, LA. 70002 |

**12.** *(See instructions on reverse)* **AMOUNT OF CLAIM (in dollars.)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $1.5 MILLION IN NATURAL RESOURCE DAMAGES | $500,000 FOR FEAR $500,000 FOR EMOTIONAL DISTRESS $500,000 FOR MENTAL ANGUISH | N/A | $2.0 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | 504-561-6561 | 01/10/06 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

*(vertical text, right margin)* THE GREATER NEW ORLEANS METROPOLITAN AREA

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**INSTRUCTIONS**

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☐ No

NOT APPLICABLE SINCE NO INSURANCE IS CARRIED FOR THE DAMAGES BEING SOUGHT FROM THE UNITED STATES OF AMERICA, THROUGH THE

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No  If deductible, state amount

ERRORS AND OMISSIONS OF ITS AGENCY AND INSTRUMENTALITY, THE U.S. ARMY CORPS

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  (It is necessary that you ascertain these facts)

OF ENGINEERS, WITH THE POSSIBLE EXCEPTION OF MEDICAL BENEFITS COVERAGE, AGAINST WHICH NO CLAIM HAS BEEN MADE.

01/10/06

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☐ No

SF 95 (Rev. 7-85) BACK

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**ONE CANAL PLACE**
**365 CANAL STREET**
**SUITE 2670**
**NEW ORLEANS, LA 70130**
Telephone: (504) 561-6561
Facsimile: (504) 561-5560

January 10, 2006

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The United States Army Corps of Engineers
c/o Its Assistant District Counsel
Mr. Randall C. Merchant
Foot of Prytania Street at the
  Mississippi River
New Orleans, LA 70118

    Re:    Maureen O'Dwyer, et al.
           vs. The United States of America, et al.
           No. 05-4181 "K"(2)
           United States District Court
           Eastern District of Louisiana

Dear Mr. Merchant:

        You will find enclosed the executed original of SF 95 (Rev. 7-85), which I am submitting in support of my personal Hurricane KATRINA claim in the amount of $2 million against the United States of America through its agency and instrumentality, the United States Army Corps of Engineers.  By copy of this correspondence to Ms. Finnegan, I am furnishing her a copy of the form via facsimile.

                                    Yours very truly,

                                    Ashton R. O'Dwyer, Jr.

AROD/vtb
Cc:    Ms. Tess Finnegan (via facsimile (202) 616-5200)

Received 2/10/06

Jan-10-06  04:56pm  From-GLOBAL BUSINESS

O6N15TOVO

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

DEPARTMENT OF THE ARMY
New Orleans District Corps of Engineers
P. O. Box 60267
New Orleans, LA 7018-0297
ATTN: Office of Counsel

**2. Name, Address of claimant and claimant's personal representative, if any.** (See Instructions on reverse.) (Number, street, city, State and Zip Code)

ASHTON R. O'DWYER, JR.
6034 ST. CHARLES AVE.
NEW ORLEANS, LA. 70118

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 10/23/47 | 5. MARITAL STATUS MARRIED | 6. DATE AND DAY OF ACCIDENT 08/28-29/05 AND SUBSEQUENT | 7. TIME (A.M. OR P.M.) 0001-2400 HRS. |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

HURRICANE KATRINA
MALFEASANCE, MISFEASANCE & NON-FEASANCE
ARTICLES 2315, 2317 AND 2317.1 OF THE LOUISIANA CIVIL CODE
THE OIL POLLUTION ACT OF 1990 AND PRECUSOR LEGISLATION
THE COMPREHENSIVE ENVIORNMENTAL RESPONSE, COMPENSATION AND
LIABILITY ACT AND PRECUSOR LEGISLATION

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

IMPOSSIBLE TO IDENTIFY – ALL OWNERS OF REAL OR PERSONAL PROPERTY

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

THE GREATER NEW ORLEANS METROPOLITAN AREA

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

FEAR, EMOTIONAL DISTRESS AND MENTAL ANGUISH; AND
NATURAL RESOURCE DAMAGES

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| KATHERINE T. O'DWYER | 6034 ST. CHARLES AVE. N.O. LA. 70118 |
| HARALD U GAGNET | CALHOUN ST. N.O. LA. 70118 |
| DR. HAROLD GINZBURG | No. 2 LAKEWAY CENTER, 3850 CAUSEWAY BLVD. SUITE 620, METAIRIE, LA. 70002 |

**12. (See instructions on reverse)** AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $1.5 MILLION IN NATURAL RESOURCE DAMAGES | $1,000,000.00 FOR FEAR $1,500,000.00 FOR EMOTIONAL DISTRESS $2,000,000.00 FOR MENTAL ANGUISH | N/A | $2.0 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory 504-561-6561 | 14. DATE OF CLAIM 01/10/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

THE GREATER NEW ORLEANS METROPOLITAN AREA

Jan-10-06  04:50pm  From-GLOBAL BUSINESS

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY
RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE
AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT,
ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN
FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH
ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.
THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY
WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☐ No

*NOT APPLICABLE SINCE NO INSURANCE IS CARRIED FOR THE DAMAGES BEING SOUGHT FROM THE UNITED STATES OF AMERICA, THROUGH THE*

16. Have you filed claim on this insurance carrier in this instance, and if so, is it full coverage or deductible?

*ERRORS AND OMISSIONS OF ITS AGENCY AND INSTRUMENTALITY, THE U.S. ARMY CORPS*

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

*OF ENGINEERS, WITH THE POSSIBLE EXCEPTION OF MEDICAL BENEFITS COVERAGE, AGAINST WHICH NO CLAIM HAS BEEN MADE.*

01/10/06

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☐ No

*U.S. Government Printing Office: 1989-243-430/02202

# TAB B

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
ONE CANAL PLACE
365 CANAL STREET
SUITE 2670
NEW ORLEANS, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560**

*Rec'd oe
1/24/06*

January 16, 2006

<u>**VIA CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

The United States Army Corps of Engineers
c/o Its Assistant District Counsel
Mr. Randall C. Merchant
Foot of Prytania Street at the
  Mississippi River
New Orleans, LA 70118

              Re:   Maureen O'Dwyer, <u>et</u> <u>al</u>.
                      vs. The United States of America, <u>et</u> <u>al</u>.
                      No. 05-4181 "K"(2)
                      United States District Court
                      Eastern District of Louisiana

Dear Randy:

     To further my letter to you of January 10th, 2006, to which I attached my original Claim on Standard Form 95 (Rev. 7-85), prescribed by the DOJ, you will find enclosed my Supplemental Claim which adds additional bases for my claim and elements of damage(s), which I maintain are recoverable against the U.S.A.

                          Yours very truly,

                          Ashton R. O'Dwyer, Jr.

AROD/vtb
Cc:   Ms. Tess Finnegan (via facsimile (202) 616-5200)

**SUPPLEMENTAL**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| DEPARTMENT OF THE ARMY<br>NEW ORLEANS DISTRICT CORPS OF ENGINEERS<br>P. O. Box 60267<br>NEW ORLEANS, LA 70160-0267<br>ATTN: OFFICE OF COUNSEL | ASHTON R. O'DWYER, JR.<br>6034 ST. CHARLES AVE.<br>NEW ORLEANS, LA. 70118 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>✳ | 5. MARITAL STATUS<br>✳ | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

✳ AND IN ADDITION THERETO, THE FOLLOWING:
LOUISIANA CIVIL CODE ARTICLE 667
THE FEDERAL WATER POLLUTION CONTROL ACT
THE CLEAN WATER ACT
THE CLEAN AIR ACT   (ALSO SEE ADDITIONAL PAGE, ATTACHED)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
✳

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
✳

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

✳ AND IN ADDITION, EACH ELEMENT OF DAMAGE(S) RE-COVERABLE UNDER THE STATUTES CITED IN NO. 8, AS AMENDED, PLUS ATTORNEY'S FEES

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| ✳ | ✳ |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| ✳ | ✳ | ✳ | ✳ PLUS ATTORNEY'S FEES |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | 504-561-6561 | 01/16/06 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 37 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-107<br>Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |

✳ SAME AS ON ORIGINAL CLAIM DATED 01/10/06

THE NATIONAL ENVIORNMENTAL
POLICY ACT

THE TOXIC SUBSTANCES CONTROL ACT

THE RESOURCE CONSERVATION AND
RECOVERY ACT

THE LOUISIANA ENVIORNMENTAL
QUALITY ACT

THE LOUISIANA AIR CONTROL LAW

THE LOUISIANA WATER CONTROL LAW

THE LOUISIANA OIL SPILL PREVEN-
TION AND RESPONSE ACT

01/16/06

# TAB C

279 059 870

1-31-06

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
ONE CANAL PLACE
365 CANAL STREET
SUITE 2670
NEW ORLEANS, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560**

Rec'd OC
1/31/06

January 20, 2006

<u>**VIA CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

The United States Army Corps of Engineers
c/o Its Assistant District Counsel
Mr. Randall C. Merchant
Foot of Prytania Street at the
  Mississippi River
New Orleans, LA 70118

          Re:    Maureen O'Dwyer, <u>et al.</u>
                 vs. The United States of America, <u>et al.</u>
                 No. 05-4181 "K"(2)
                 United States District Court
                 Eastern District of Louisiana

Dear Randy:

      You will find enclosed the executed original of SF95 (Rev. 7-85), which I am submitting in support of my sister's Hurricane KATRINA claim in the amount of $2,950,000.00 against the United States of America through its agency and instrumentality, the United States Army Corps of Engineers. By copy of this correspondence to Ms. Finnegan, I am furnishing her a copy of the form via facsimile.

                        Yours very truly,

                        Ashton R. O'Dwyer, Jr.

AROD/vtb
cc:    Ms. Tess Finnegan (via facsimile (202) 616-5200)

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008
EXPIRES 4-30-88

**1. Submit To Appropriate Federal Agency**

DEPARTMENT OF THE ARMY
NEW ORLEANS DISTRICT CORPS OF ENGINEERS
P. O. Box 60267
NEW ORLEANS, LA 70160-0267
ATTN: OFFICE OF COUNSEL

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**

MAUREEN O'DWYER
5939 VICKSBURG ST.
NEW ORLEANS, LA 70124
WHOSE LEGAL REPRESENTATIVE AN

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | 9/21/48 | MARRIED | 8-29-05 AND SUBSEQUENT | 0001-2400 HRS. |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED

**9.**

**PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

CLAIMANT IS OWNER

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) DAMAGE TO OR LOSS OF RESIDENCE AND CONTENTS AT 5939 VICKSBURG ST. AND DAMAGE TO NATURAL NEW ORLEANS, LA 70124 RESOURCES OWNED BY CLAIMANT

**10.**

**PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED

**11.**

**WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| MICHAEL TATE (SPOUSE) | 5939 VICKSBURG ST. NEW ORLEANS, LA 70124 |
| WAYNE ROUSSEL | C/O EGAN INSURANCE AGENCY 2629 N. CAUSEWAY BLVD. METAIRIE, LA. |
| DR. HAROLD GINZBURG | NO. 2 LAKEWAY CENTER, 3850 CAUSEWAY BLVD. SUITE 630, METAIRIE, LA. 70002 |

**12. (See instructions on reverse)**     **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| RESIDENCE AND CONTENTS - $450,000 NATURAL RESOURCE DAMAGES - $1.5 MILLION | EMOTIONAL DISTRESS - $500,000 MENTAL ANGUISH - $500,000 | N/A | $2,950,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) AS AGENT, LEGAL REPRESENTATIVE, AND ATTORNEY IN FACT FOR MS. O'DWYER | 13b. Phone number of signatory 504-561-6661 | 14. DATE OF CLAIM 1/2006 |
|---|---|---|

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☐ No

MAUREEN O'DWYER DID NOT HAVE FLOOD INSURANCE HOMEOWNER'S INSURANCE WAS PLACED THROUGH EGAN INSURANCE AGENCY OF METAIRIE LA.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount.

NO CLAIM HAS BEEN PRESENTED TO THE HOMEOWNER'S INSURANCE CARRIER AS OF

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

THE DATE OF SUBMISSION OF THIS SF95

19. Do you carry public liability and property damage insurance?  ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☐ No

8.  **Bases of claim**:

   Hurricane KATRINA

   Malfeasance, misfeasance and nonfeasance

   Violation of LSA-R.S. 14:134

   Unconstitutional taking of property without just compensation in
   violation of the Fifth Amendment to the Constitution of the United
   States

   Article 667, 2315, 2317 and 2317.1 of the Louisiana Civil Code

   The Oil Pollution Act of 1990 and precursor legislation

   The Comprehensive Environmental Response Compensation and
   Liability Act and precursor legislation

   The Federal Water Pollution Control Act

   The Clean Water Act

   The Clean Air Act

   The National Environmental Policy Act

   The Toxic Substances Control Act

   The Resource Conservation and Recovery Act

   The Louisiana Environmental Quality Act

   The Louisiana Air Control Law

   The Louisiana Water Control Law

   The Louisiana Oil Spill Prevention and Response Act

**10 – State nature and extent of each injury, which form the bases of claim:**

> Damage to or loss of residence and contents, emotional distress
> and mental anguish, and natural resource damages.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

MAUREEN O'DWYER, ET. AL.                )
                                         )
            Plaintiffs,                  )        CIVIL ACTION
                                         )
      v.                                 )        NO: 05-4181
                                         )
THE UNITED STATES OF AMERICA, ET AL.     )        SECTION: "K" (3)
                                         )
            Defendants.                  )

## DECLARATION OF EDWARD A. BROYLES

I, Edward A. Broyles, the undersigned, state and declare as follows:

1.      I currently hold the position of Acting Associate General Counsel for General Law in the Office of General Counsel, Federal Emergency Management Agency ("FEMA"), U.S. Department of Homeland Security.  In this position, I have supervisory responsibilities over personnel within the General Law Division.  I have held this position for approximately one month.  Prior to my designation as the Acting Associate General Counsel for General Law, I served as a Senior General Attorney within the General Law Division of the FEMA Office of General Counsel for over five years.

2.      The Secretary for the Department of Homeland Security has delegated to the General Counsel of FEMA the authority to consider, ascertain, adjust, determine, compromise, and settle any administrative claims for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of FEMA who is acting within the scope of his/her employment at the time of the alleged act.

3.      My responsibilities as Acting Associate General Counsel for General Law include acting as the General Counsel's designee to consider, ascertain, adjust, determine, compromise, and settle any administrative claims for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of FEMA who is acting within the scope of his or her employment at the time of the alleged act.

4.      FEMA's Office of General Counsel ("OGC") is designated at 44 C.F.R. §11.11(b) as the addressee of all administrative tort claims against the Agency.

5.      OGC has in place routine procedures for handling administrative claims filed under the Federal Tort Claims Act ("FTCA").

6.      When an administrative claim for money damages pursuant to the FTCA is received by OGC, the claim is dated, logged into a central docket, and the claim is investigated and processed directly under my authority.  The FTCA claims, their files, and the docket for those claims are currently and have for the past month, been under my direct control and official responsibility.  Prior to that date, they were under the direct control and official responsibility of my predecessor.

7.      Federal tort claims specialists within the General Law Division, by my direction, have reviewed the FTCA administrative claims received in OGC from August 27, 2005 to the present and searched for every named plaintiff in the complaint and supplemental complaints in the case of *Maureen O'Dwyer, et al v. The United States of America, et al*.  Based on a review of the office's FTCA files and my current knowledge, not a single named Plaintiff filed an administrative tort claim under the FTCA during the mentioned time period.

2

In accordance with 28 U.S.C. §1746, I hereby declare and affirm under penalty of perjury that the

above statements are true and correct to the best of my knowledge, information and belief.

Signed this ___ day of February, 2006

Edward A. Broyles
Acting Associate General Counsel for General Law
Federal Emergency Management Agency,
U.S. Department of Homeland Security

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL., | * | CASE NO. 05-4181 |
| VERSUS | * | DIV. "K"(5) |
| THE UNITED STATES OF AMERICA, ET AL. | * | JUDGE DUVAL |
| *    *    *    *    *    *    *    * | | MAG. J. KNOWLES |

### ORDER

Having considered the United States Motion to Dismiss, Exhibits thereto, Memorandum in Support thereof, any opposition thereto, and the entire record herein, it is hereby ORDERED that plaintiffs' action is dismissed.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
Judge Stanwood R. Duval, Jr.
Eastern District of Louisiana