

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 16 PM 2:16

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL | * | CIVIL ACTION NO. 05-4181 |
| | * | |
| VERSUS | * | SECTION "K" |
| | * | |
| THE UNITED STATES OF AMERICA, ET AL | * | MAGISTRATE (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION TO DISMISS ON BEHALF OF EDDIE JORDAN, INDIVIDUALLY AND IN HIS ELECTED CAPACITY AS THE DISTRICT ATTORNEY FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA

**NOW INTO COURT**, through undersigned counsel comes Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, who moves this Honorable Court to dismiss the Plaintiffs' Complaint for Damages, as to Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, as will be more fully discussed in the accompanying Memorandum in Support of Defendant's Motion to Dismiss.

**WHEREFORE**, the Defendant, Eddie Jordan, in his individual capacity and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, prays that, after due proceedings, the Plaintiffs' Complaint against Defendant, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, be dismissed with prejudice, at Plaintiffs' costs, and with all rights reserved for the Defendant.

\_\_ Fee \_\_
\_\_ Process \_\_
X \_ Dktd \_\_
✓ CtRmDep \_\_
\_\_ Doc. No. \_\_

1

Respectfully submitted:

BY: _____
WILLIAM D. AARON, JR. (LSBA #2267) T.A.
SPECIAL PROSECUTOR
RICHARD A. GOINS (LSBA #6082)
SPECIAL PROSECUTOR
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
9270 Siegen Lane, Suite 404
Baton Rouge, Louisiana 70810
Telephone: (225) 757-4991
Facsimile: (225) 757-3882

Attorney for the District Attorney of New Orleans

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ETAL | * | CIVIL ACTION NO. 05-4181 |
| | * | |
| VERSUS | * | SECTION "K" |
| | * | |
| THE UNITED STATES OF AMERICA, ET AL | * | MAGISTRATE (5) |
| | * | |

**MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, respectfully submits that Plaintiffs' Complaint should be dismissed for lack of jurisdiction, lack of standing, and failure to state a cause of action for which relief can be granted.[1]

Accordingly, Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana, herein respectfully prays that Plaintiffs' Complaint be dismissed against said Defendant with prejudice, at Plaintiffs' cost.

---

[1] Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney of the Parish of Orleans, State of Louisiana, reserves the right to address at another time, if necessary, the sufficiency of Plaintiffs' Complaint on the basis of proper certification of the alleged class action.

3

I.  **Facts**

This suit arises out of the devastation of Hurricane Katrina, which struck the city of New Orleans on August 29, 2005. As a result of the aforementioned hurricane, Plaintiffs filed this instant lawsuit seeking class action status to recover damages allegedly caused by the malfeasance, misfeasance and nonfeasance prior to and after Hurricane Katrina, by the named Defendants in this suit.

However, nowhere in Plaintiffs' Original Complaint, or various Amended Complaints, do the Plaintiffs make a direct allegation against Defendant, Eddie Jordan, individually or in his elected capacity as the District Attorney of the Parish of Orleans, State of Louisiana. Instead, Plaintiffs allege several counts of negligence not directed to any particular Defendants, wherein Plaintiffs' allege Defendants: (1) should have "disarmed, arrested, tried, convicted and incarcerated" so-called "urban terrorists" prior to Hurricane Katrina striking New Orleans; (2) that Defendants failed to protect public records from the "marauding band of convicted felons"; and (3) failed to safeguard the identification records and criminal records of convicted sex offenders, and injecting these individuals into the refugees at the Louisiana Superdome and Convention Center.

Plaintiffs' Complaint for Damages should be dismissed for the following reasons: (1) Plaintiffs' Complaint fails to establish proper federal jurisdiction against Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana; (2) Plaintiffs' Complaint fails to properly establish standing before this Court; and (3)

Plaintiffs' Complaint fails to state a cause of action against which relief can be granted, as Plaintiffs have failed to allege that they were deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, or which federal law was violated. For the foregoing reasons, as will be more fully explained below, this Court should grant Defendant's Motion to Dismiss.

## II.     Law and Argument

### A.     Plaintiffs' Complaint for Damages lacks federal jurisdiction

Plaintiffs' Complaint for Damages lacks federal jurisdiction and should be dismissed. Plaintiffs' only alleged source of federal jurisdiction is the Court's exclusive jurisdiction over the United States of America. Thereafter, Plaintiffs incorrectly allege that this Court has both "ancillary and pendent jurisdiction" over all Defendants based on Plaintiffs' claims against the United States of America.

In the case at bar, Plaintiffs have failed to assert any independent reasons for federal jurisdiction against Defendant, Eddie Jordan. Instead, Plaintiffs' allege "ancillary and pendant jurisdiction," which Congress codified as "supplemental jurisdiction" in 1990. See also *Peacock v. Thomas*, 516 U.S. 349, 355 n. 5, 116 S.Ct. 862, 867 n. 5, 133 L.Ed.2d 817 (1996). According to 28 U.S. Section 1367, provided in pertinent part:

>  (a)     Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are **so related to claims in the action**

**within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.** Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(1) the claim raises a novel or complex issue of State law;
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
(3) the district court has dismissed all claims over which it has original jurisdiction, or;
(4) in exceptional circumstances, these are other compelling reasons for declining jurisdictions

Emphasis added.

The federal court has the power to hear both state and federal claims **only** where the federal claim has some connection regarding subject matter jurisdiction, such that the Plaintiffs' state claims have the same "case or controversy" and the federal claims have "a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); see also *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139

6

L.Ed.2d 525 (1997); *Roe v. Little Company of Mary Hosp.*, 800 F. Supp. 620 (N.D. Ill.); emphasis added.

In the case at bar, Plaintiffs allege original jurisdiction against the United State of America; however, Plaintiffs fail to meet their burden of supplemental jurisdiction since the state and federal claims fail to derive from a "common nucleus of operative fact", nor do the state claims against Defendant satisfy the "same case or controversy" as required under Section 1367. There are no common factual issues inherent in Plaintiffs' claims against the United States of America versus the very general claims against the Defendant.

Specifically, the claims against the United States of America, through the U.S. Army Corps of Engineers, appear to relate solely to alleged improper design of the levee system for the London Avenue Canal and the 17th Street Canal in Orleans Parish. However, none of the alleged causes of actions in Plaintiffs' Complaint, including the allegations against the United States of America, remotely relate to actions or omission against the Defendant, Eddie Jordan. As previously stated, the allegations against Defendant, Eddie Jordan allege that Defendant: (1) should have "disarmed, arrested, tried, convicted and incarcerated" so-called "urban terrorists" prior to Hurricane Katrina striking New Orleans; (2) that Defendants failed to protect public records from the "marauding band of convicted felons"; and (3) failed to safeguard the *identification records and criminal records of convicted sex offenders, and injecting these individuals into the refugees at the Louisiana Superdome and Convention Center.*

In fact, the only common theme between all parties in this litigation is Hurricane Katrina. Hurricane Katrina does not provide a "common nucleus of facts" for Plaintiffs' allegations against the Defendant sued herein. Hurricane Katrina is not a single wrong from which supplemental jurisdiction may validly arise, as the claims asserted by Plaintiffs against the United States of America and the Defendant are so different in natures that one would not expect said wrongs to be tried in the same case.

Finally, Defendant respectfully requests this Court to exercise its discretion and decline jurisdiction against Defendant under the supplemental jurisdiction statutes, which provide that a federal district court may decline to exercises supplemental jurisdiction over a state claim if the claim raises novel or complex issues for state law. In the case at bar, Plaintiffs raise issues of state law under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, Louisiana Revised Statute 29:735. Defendant submits that this case raises novel issues of state law to the extent that the Louisiana emergency statute governing the actions of these Defendants has never been interpreted in connection with a catastrophe of this magnitude, to date. As a result, Defendant respectfully requests that this Court should decline to exercise its discretion under Section 1367 to invoke supplemental jurisdiction.

**B.   Plaintiffs' Complaint lacks standing**

In the case at bar, Plaintiffs have failed to meet the requirements to establish standing before this court. Standing encompasses both constitutional and statuary considerations, which must be

satisfied in every federal case. According to Article III, there are "cases and controversies" limitations on federal court jurisdiction, which requires the party who invokes the court's authority to show the following:

> (1) actual or threatened injury[2] (2) suffered as a result of the allegedly illegal conduct of the defendant, which (3) fairly can be traced to the challenged action and (4) is likely to be redressed by a favorable decision.

*Salmon River Concerned Citizens, et al., v. Dale Robertson*, 32 F.3d 1346, 1353-54 (9th Cir. 1994); citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

Furthermore, the United States Supreme Court has stated that the party that is attempting to invoke federal jurisdiction bears the burden of establishing the aforementioned elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555- 112 S.Ct. 2130, 199 L.Ed.2d 351 (1992).

In the case at bar, Plaintiffs have failed to meet their burden of any of the above requirements to establish standing before this Court. Specifically, the Plaintiffs have failed to allege an invasion of a protected interest that is by any means concrete or particularized, as required by the United States Supreme Court. Rather, the allegations as set forth in Plaintiffs' Complaint are merely speculative and have absolutely no casual connection between the Plaintiffs and any injury. For example, one of the alleged claims against Defendant, Eddie Jordan is that Defendant should have

---

[2] The United States Supreme Court has held that the "actual or threatened injury" must be both concrete and particularized, as well as "actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 1722, 109 L.Ed.2d 135 (1990).

"disarmed, arrested, tried, convicted and incarcerated" so-called "urban terrorists" prior to Hurricane Katrina striking New Orleans. In Plaintiffs' Complaint, Plaintiffs fail to provide evidence that they were actually threatened or injured by these "urban terrorists." Again, the allegations are speculative and contain no causal connection which would return a favorable decision in Plaintiffs' favor.

As a result, Defendant respectfully requests this Court to grant its Motion to Dismiss as to Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney for the Parish of Orleans, State of Louisiana.

### C.   Plaintiffs' Complaint fails to state a claim for which relief can be granted

According to Federal Rules of Civil Procedure rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim. See also *SmileCare Dental Group v. Delta Dental Plan of California, Inc,* 88 F.3d 780, 783 (9th Cir. 1996).

In the case at bar, the Plaintiffs have failed to set out a cause of action for which relief can be granted against Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney of the Parish of Orleans, State of Louisiana. Specifically, Plaintiffs' Complaint fails to set forth a claim of a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States caused by these Defendants, and no such deprivation can be inferred from a fair reading of the allegations set forth therein. Further, Defendant, Eddie Jordan is immune from said suit, both in his elected capacity and individually.

### 1. Defendant, Eddie Jordan, in his elected capacity, is immune from suit

Defendant, Eddie Jordan, in his elected capacity as the District Attorney is shielded from liability pursuant to prosecutorial immunity. The District Attorney and his employees are immune from civil liability. *Hall v. The City of New Orleans*, 385 So.2d 1253 (La. App. 4th Cir. 1980). The acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to prosecutorial immunity that has been termed absolute. *Colquitt v. Claiborne Parish, Louisiana*, 36-260 (La.App. 2 Cir. 8/14/02), 823 So.2d 1103, 1105.

District Attorneys are also immune from civil liability in suits based upon administrative negligence (*i.e.*, non-prosecutorial negligence), absent allegations and proof of malice. *Foster v. Powdrill*, 463 So.2d 891, 894 (La. App. 2 Cir. 1985). Allegations of malice are required to state a cause of action against a district attorney acting in administrative capacity. *Johnson v. Foti*, 537 So.2d 232, 235 (La. App. 4th Cir. 1988), *writ denied*, 538 So.2d 591. There is no basis to differentiate between the various functions of the District Attorney's office. The District Attorney's administrative functions are intricately related and interwoven with his prosecution efforts. Absent proof of malice, the District Attorney is not liable for acts of administrative negligence. *Id.* at 235.

To the extent that Plaintiffs' Complaint allege that Defendant should have "disarmed, arrested, tried, convicted and incarcerated" the alleged "urban-terrorists" before Hurricane Katrina, Defendant has absolute immunity. According to *Knapper v. Connick*, the Court held that

11

prosecutors have absolute immunity from claims of prosecutorial misconduct that is intimately associated with the judicial phase of the criminal process and for their acts in initiating a prosecution and in presenting the state's case, i.e., conduct falling within the course and scope of their prosecutorial functions. Such immunity extends even to prosecutorial actions taken in bad faith or with malice. Moreover, such immunity defeats a suit at the outset. 681 So.2d at 948.

In addition, in *Hill on Behalf of Hill v. Joseph*, the Court held that the District Attorney was entitled to prosecutorial immunity and was not liable in a wrongful death action brought by the administrator of the estate of a murder victim. The Plaintiff alleged that the District Attorney knew that the parolee/murderer was stalking the victim, but that the District Attorney entered into plea bargain with the parolee/murderer, thereby allegedly failing to protect the victim. The Court held that the District Attorney's decisions with regard to the prosecution of the parolee/murderer were activities intimately associated with judicial phase of the criminal process and that no allegation was made that District Attorney acted with malice in order to remove the protection of prosecutorial immunity. 94-1859 (La.App. 1 Cir. 5/5/95) 655 So.2d 486, writ denied, 661 So.2d 1381, 95-1841 (La. 11/3/95).

Furthermore, in the case at bar, Plaintiffs' claims against all Defendants arose out of and related to action taken before, during and after Hurricane Katrina. As the District Attorney, Eddie Jordan, is further immune from suit according to Louisiana Revised Statute 9:2798.1. The Louisiana Supreme Court has held that a public official acting pursuant to statutory authority, even

if that statute is later deemed unconstitutional, is immune from suit. *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977).

Louisiana Revised Statute 9:2798.1, which provides in pertinent part:

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees and political subdivisions and the departments, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

Therefore, considering the aforementioned, Defendant, Eddie Jordan, in his elected capacity, should be immune from said suit.

**2. Defendant, Eddie Jordan, is his individual capacity, is immune from suit**

Defendant, Eddie Jordan, in his individual capacity is also immune from this suit. According to Louisiana Revised State 29: 2792.4:

A. As used in this Section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board, or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission, or authority.

13

> B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined as Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.

Therefore, Defendant, in his individually capacity as the District Attorney of a political subdivision, the Parish of Orleans, was acting in his official capacity and cannot be held individually liable for any act of omission resulting in damage or injury when acting in good faith and within the scope of his official functions and duties, unless his action involved willful and wanton misconduct. See also *Moore v. Taylor* ( an individual member of a public body or agency who is a public official or officer is not personally liable for official actions of the body as long as they act in good faith and without malice) 541 So.2d 378 (La.App.2d Cir. 1989).

Plaintiffs' Complaint does not allege that Defendant, individually, acted with willful or wanton conduct. Therefore, Defendant, Eddie Jordan, individually, should be immune from said suit.

### III. Conclusion

In conclusion, Defendant, Eddie Jordan, individually and in his elected capacity as the District Attorney of the Parish of Orleans, State of Louisiana, respectfully requests that this Court herein respectfully prays that Plaintiffs' Complaint be dismissed against said Defendant with prejudice, at Plaintiffs' cost.

14

Respectfully submitted:

BY: _____
WILLIAM D. AARON, JR. (LSBA #2267) T.A.
SPECIAL PROSECUTOR
RICHARD A. GOINS (LSBA #6082)
SPECIAL PROSECUTOR
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
9270 Siegen Lane, Suite 404
Baton Rouge, Louisiana 70810
Telephone: (225) 757-4991
Facsimile: (225) 757-3882

Attorney for the District Attorney of New Orleans

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record via U.S. Mail and/or via electronic email, this 16th day of February, 2006.

Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street, Suite 2670
New Orleans, Louisiana 70130
arod@odwyerlaw.com

Joseph W. Hecker
618 Europe Street
2nd Floor
Baton Rouge, Louisiana 70806

Thomas P. Anzelmo
McCranie, Sistrunck, Anzelmo, Hardy, Maxwell & McDanile, P.C.
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
tanzelmo@mcsalaw.com

Victor Elbert Stilwell, Jr.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, Louisiana 70130
vstilwell@dkslaw.com

James Bryan Mullaly
City Attorney's Office-City Hall
1300 Perdido Street, Room 5E01
New Orleans, Louisiana 70112
jamesmullaly1@hotmail.com

Catherine J. Finnegan
Torts Branch- Civil Division
U.S Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, D.C. 20044
Tess.Finnegan@usdoj.gov

Dennis J. Phayer
Burglass & Tankersley, L.L.C.
5213 Airline Drive
Metairie, Louisiana 70001

Michael Courtney Keller
Louisiana Department of Justice
Litigation Division
601 Poydras Street
Suite 1725
New Orleans, Louisiana 70130

Deborah L. Wilson
Belhia V. Martin
317 Magazine Street
New Orleans, Louisiana 70130

Thomas F. Gardner
Gardner & Kewley
1615 Metairie Road
Suite 200
Metairie, Louisiana 70005

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAUREEN O'DWYER, ETAL** | * | **CIVIL ACTION NO. 05-4181** |
| **VERSUS** | * | **SECTION "K"** |
| **THE UNITED STATES OF AMERICA, ET AL** | * | **MAGISTRATE ( 5 )** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF HEARING

Please take notice that the undersigned will bring the above motion on for hearing before the Honorable Stanwood R. Duval, Jr.., United States District Court, 500 Poydras Street, Room C-352, New Orleans, Louisiana, on the 22nd day of March 2006 at 9:30 a..m, of that day or as soon thereafter as counsel can be heard. Oral argument is not requested.

Respectfully submitted:

BY: _____
WILLIAM D. AARON, JR. (LSBA #2267) T.A.
SPECIAL PROSECUTOR
RICHARD A. GOINS (LSBA #6082)
SPECIAL PROSECUTOR
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
9270 Siegen Lane, Suite 404
Baton Rouge, LA 70810
Telephone: (225) 757-4991
Facsimile: (225) 757-3882

Attorney for the District Attorney of New Orleans

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ETAL | * | CIVIL ACTION NO. 05-4181 |
| | * | |
| VERSUS | * | SECTION "K" |
| | * | |
| THE UNITED STATES OF AMERICA, ET AL | * | MAGISTRATE ( 5 ) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

Considering the foregoing Motion to Dismiss:

**IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED** that the Motion to Dismiss is hereby GRANTED, and that all claims by Plaintiffs against the Defendant, Eddie Jordan, both individually and in his elected capacity as the District Attorney of the Parish of Orleans, State of Louisiana, be and the same are hereby dismissed without prejudice, at Plaintiffs' cost.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____

JUDGE