*Refile in master case 05-4182*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

MAUREEN O'DWYER * CIVIL ACTION

Plaintiffs *

* NO. 05-4181

THE UNITED STATES OF AMERICA * SECTION "K"

ET AL *

\* \* \* \* \* \* \* \*

FILED: _____                          _____
                                                          **DEPUTY CLERK**

### AMENDED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

**NOW INTO COURT,** through undersigned counsel comes defendant Kimberly Williamson Butler, who in her individual and official capacity as Clerk of Criminal District Court, Parish of Orleans, amends her motion filed in her individual capacity to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b) (1) for lack of jurisdiction over the person and files a motion to dismiss plaintiff's Complaint in her official capacity for lack of subject matter jurisdiction, as fully detailed in the accompanying Memorandum in Support of Defendant's Motion to Dismiss.

**WHEREFORE,** the defendant prays, that after due proceeding, the plaintiff's Complaint against Defendant individually and in her official capacity be dismissed with prejudice at plaintiff's cost, with all rights reserved to the Defendant.

Respectfully Submitted,

_____
**BELHIA V. MARTIN, # 8968**
**DEBORAH L. WILSON, # 13555**
Attorneys for the Defendant
317 Magazine Street
New Orleans, Louisiana 70130
(504) 962-3357

___ Fee _____
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No. _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6) on behalf of Kimberly Williamson Butler in her individual and official capacity has been served on all counsel of record by facsimile or regular/electronic mail or hand delivery on this ____ day of March, 2006 at New Orleans, Louisiana.

Belhia V. Martin, Bar. No. 8968

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MAUREEN O'DWYER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4181** |
| **THE UNITED STATES OF AMERICA** | * | **SECTION "K"** |
| **ET AL** | * | |

\* \* \* \* \* \* \* \*

FILED: _____            _____
                                                                         **DEPUTY CLERK**

## MEMORANDUM TO SUPPORT AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE FO CIVIL PROCEDURE 12 (b) (6)

This Honorable court allowed plaintiffs to amend their complaint by filing the Eleventh supplemental and amended complaint. Several new parties were summarily listed as plaintiffs of the class. The defenandt reiterates her arguments filed in her motionto dismiss filed in this court on February 24, 2006. The defendant further holds that these persons are not proper parties to this litigation because they have not suffered as alleged in the complaint.

This court lacks jurisdiction over the defendant in her individual capacity as to the enumerated Federal statutes listed in Paragraph III of Plaintiff's complaint. Defendant has in no way violated the constitutional rights of the plaintiffs either in her individual or official capacitry and should be provided immunity as such.

More specifically, defendant asserts that she is protected by qualified immunity under 42 U.S.C. 1983, since there is no evidence that any activity done by her violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982); 483 U.S. 635 (1987). The defendant holds that she is entitled to qualified immunity form liability and form the law suit filed by Plaintiffs. Siegert v. Gilley, 500 U.S. 226 (1991), Ansley v. Heinrich, 925 F.2d 1339 (11th Cir. 1991). This court

should analyze plaintiff's claim to determine if plaintiff states a constitutional claim at all prior to analyzing if defendant is entitled to qualified immunity. Siegert, v. Gilley 500 U.S. 226, 232; GJRI Investments, Inc. v. Escambia County, 132 F.2d 1359, 1367 (11th Cir. 1998).

The court should not allow the plaintiff to carry its burden of proving that the law was established by simply stating constitutional rights in general terms as has been done by trhe plaintiffs in this case. Jenkins v. Talledega City Bd. Of Educ., 115 F. 2d 8821, 826-67 n.4 (11th Cir. 1997) (en banc).

For tge foregoing reasons, defendant, Kimberly Williamson Butler defendant urges this court to grant her 12(b) (6) motion to dismiss in her individual and official capacity.

Respectfully Submitted,

BELHIA V. MARTIN, # 8968
DEBORAH L. WILSON, # 13555
Attorneys for the Defendant
317 Magazine Street
New Orleans, Louisiana 70130
(504) 962-3357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6) on behalf of Kimberly Williamson Butler in her individual and official capacity has been served on all counsel of record by facsimile or regular/electronic mail or hand delivery on this ____ day of March, 2006 at New Orleans, Louisiana.

Belhia V. Martin, Bar. No. 8968

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAUREEN O'DWYER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4181** |
| **THE UNITED STATES OF AMERICA** | * | **SECTION "K"** |
| **ET AL** | * | |

\* \* \* \* \* \* \* \*

FILED: _____        _____
                                                                                         **DEPUTY CLERK**

### NOTICE OF HEARING

Considering the foregoing Motion to Dismiss Pursuant to F.R.C.P. 12 (b) (6) on behalf of Kimberly Williamson Butler in her individual and official capacity,

IT IS ORDERED ADJUDGED AND DECREED that the Motion to Dismiss Pursuant to F.R.C.P. 12 (b) (6) on behalf of Kimberly Williamson Butler in her individual and official capacity, is set for hearing on the 22 day March, 2006 at 9:00 [9:30] a.m. of that day or as soon thereafter as counsel can be heard.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
JUDGE, UNITED STATES DISTRIC COURT,
EASTERN DISTRICT OF LOUISIANA