FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 12 PM 3:34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

05-4182

| | |
|---|---|
| DAVID J. KIRSCH and ALI HAGHIGHI, on behalf of themselves and all others similarly situated | CIVIL ACTION NO. 05-6073 |
| | SECTION: "T" K |
| VERSUS | |
| | MAGISTRATE: 4 |
| BOH BROTHERS CONSTRUCTION CO., WASHINGTON GROUP INTERNATIONAL, INC., VIRGINIA WRECKING COMPANY, INC., GULF GROUP, INC. OF FLORIDA, MODJESKI AND MASTERS, INC., C.R. PITTMAN CONSTRUCTION COMPANY, INC., PITTMAN CONSTRUCTION CO. OF LA, INC., BURK-KLEINPETER, INC., BURK-KLEINPETER, LLC, B&K CONSTRUCTION CO., INC., MILLER EXCAVATING SERVICES, INC., JAMES CONSTRUCTION GROUP, LLC, BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, THE CITY OF NEW ORLEANS, AND SEWERAGE AND WATER BOARD OF NEW ORLEANS | |

## ANSWER BY BURK-KLEINPETER, INC. AND BURK-KLEINPETER, LLC

Burk-Kleinpeter, Inc. ("BKI") and Burk-Kleinpeter, LLC ("BKLLC") make the following answer to the class action complaint filed in the captioned matter.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## FIRST DEFENSE

Plaintiffs fail to state a right of action or a cause of action herein.

## SECOND DEFENSE

BKI pleads that any claim against it set out in the complaint is prescribed or perempted by various Louisiana statutes of prescription and peremption, including particularly La. R.S. 9:5607 and 9:2772.

## THIRD DEFENSE

Plaintiffs have failed to join a party or parties needed for adjudication under Federal Rule 19 of Civil Procedure.

## FOURTH DEFENSE

BKI is immune from liability in accordance with the Government Contractor Defense, in that in the material particulars, BKI's work was governed by stringent design specifications of the federal government, and BKI's work product complied with those specifications.

## FIFTH DEFENSE

To the extent BKI undertook any professional obligations with respect to any levee herein, it fulfilled those obligations in accordance with the standards of care of other engineers in this area, acting in similar circumstances.

## SIXTH DEFENSE

To the extent plaintiffs and those they purport to represent sustained any damages, those damages were due to the faults, acts or omissions of others, and not to the fault of BKI.

## SEVENTH DEFENSE

To the extent BKI might be found guilty of any negligence, the claims against it are barred or reduced by the comparative fault of other parties or entities for whom BKI is not responsible.

## EIGHTH DEFENSE

Plaintiffs' complaint represents an improper cumulation of action, and they have failed to adequately allege or establish the action should proceed as a class action; indeed, the affirmative allegations of the complaint show the improper cumulation of action.

## NINTH DEFENSE

In preparation of plans and specifications for London Avenue flood prevention structures under BKI's contract with the Orleans Levee District (OLD), BKI acted at the explicit direction of the OLD, with which BKI contracted, BKI acted under control, supervision and direction of the U.S. Army Corps of Engineers (Corps), and all of the key design decisions were made and directed by the Corps.

## TENTH DEFENSE

Now answering the allegations of the Complaint, defendants aver:

**1.**

BKLLC admits that it is a Louisiana limited liability company with its domicile in the Parish of Orleans and is doing business in Orleans Parish, Louisiana. Otherwise, BKLLC is without knowledge or information sufficient to justify a belief in the facts alleged in this complaint. BKLLC further alleges that it had nothing to do with the design or construction of any of the levees/floodwalls which breached or failed as alleged herein. It further adopts the affirmative defenses pled herein by BKI.

**2.**

BKI is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7 or 8, except admits that BKI is a Louisiana corporation with its domicile in Orleans Parish, and which does business in Orleans Parish.

**3.**

Plaintiffs are without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 9 through 20; except to admit that Hurricane Katrina struck the New Orleans area on August 29, 2005, that there were breaks in some of the canals in the city, including the 17th, London Avenue and Industrial Canals, and that the design of part of the London Avenue levee and flood wall was an I-wall.

**4.**

BKI denies the allegations of paragraphs 21 through 32, and particularly denies that it is proper or appropriate to cumulate actions arising from levee breaches in the three different canals, as alleged.

**5.**

BKI is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 33, 34, 35, 36, 37, and 38; except BKI particularly denies the allegations of paragraph 36 that relate to BKI, particularly, but not limited to, paragraph B.1, except BKI admits it had a contract to prepare plans and specifications of London Avenue Canal Levess/floodwalls north of Mirabeau Avenue. But BKI particularly denies that it prepared plans and specifications for the levees/floodwalls on the west edge of the London Avenue Canal, and shows those plans and specifications were prepared by GoTech, Inc., another engineering firm, under subcontract with BKI with the knowledge and approval of OLD and the Corps. BKI shows that the plans and specification for the London Avenue levees/floodwalls prepared under BKI's contract and submitted to the OLD and the Corps were 100% completed no later than August, 1994. BKI particularly denies the doctrine of *res ipsa loquitur* is applicable in this case.

**WHEREFORE**, Burk-Kleinpeter, Inc. prays:

A.  For judgment in its favor, dismissing plaintiffs' complaint at their cost;

B.  For all costs of these proceedings;

C.      For all general and equitable relief.

>       Respectfully submitted,
>
>       _____
>       Charles F. Seemann, Jr. (Bar #11912)
>       DEUTSCH, KERRIGAN & STILES, L.L.P.
>       755 Magazine Street
>       New Orleans, Louisiana 70130
>       Telephone: (504) 581-5141
>       Telefax: (504) 566-1212
>       Attorneys for Burk-Kleinpeter, Inc. and
>       Burk-Kleinpeter, L.L.C.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to:

Counsel for plaintiff, Hugh Palmer Lambert, Lambert & Nelson, 701 Magazine Street, New Orleans, Louisiana 70130;

Counsel for Defendant, Boh Brothers Construction Company, LLC, Michael R.C. Riess and Charles B. Colvin; Kingsmill, Reiss, LLC, 201 St. Charles Avenue, Suite 300, New Orleans, Louisiana 70170

Counsel for Defendant, Boh Brothers Construction Company, Terrance L. Brennan, Deutsch, Kerrigan & Stiles, LLP, 755 Magazine Street, New Orleans, Louisiana 70130;

Counsel for Defendant, Washington Group International, Inc.; William D. Treeby and John M. Landis, Wayne J. Lee Stone Pigman Walther & Wittman, LLC, 546 Carondelet St., New Orleans, Louisiana 70130,

Counsel for Defendant, Virginia Wrecking Company, Inc., Thomas L. Gaudry, Jr. and Wade A. Langois, III, Gaudry, Ranson, Higgins & Gremillion, 401 Whitney Avenue, Suite 500, P.O. Box 1910, Gretna, Louisiana 70054;

Counsel for Defendant, Virginia Wrecking Company, Inc., Thomas W. Darling, Gaudry, Ranson, Higgins & Gremillion, 150 Staring Lane, Suite B, Baton Rouge, Louisiana 70810;

Counsel for Modjeski and Masters, Inc., Victor E. Stilwell, Jr., Ellis B. Murov, Francis J. Barry, Jr., John Wayne Martinez and Keith J. Bergeron, Deutsch, Kerrigan & Stiles, LLP, 755 Magazine Street, New Orleans, Louisiana 70130;

Pittman Construction Co. Of LA, Inc., Lawrence D. Wiedemann, Wiedemann & Wiedemann, 821 Barrone St., New Orleans, Louisiana 70113;

Counsel for B&K Construction Co., Inc., Herman C. Hoffmann, Jr., and Betty F. Mullin, Simon, Peragine, Smith & Redearn, LLP, 1100 Poydras St., 30th Floor, New Orleans, Louisiana 70163;

Counsel for Board of Commissioners for the Orleans Levee District, Thomas P. Anzelmo, Mark E. Hanna, Kyle P. Kirsch, and Andre J. Lagarde, McCranie Sistrunk Anzelmo Hardy Maxwell & McDaniel, PC, 3445 N. Causeway Blvd., Suite 800, Metairie, Louisiana 70002

Counsel for Board of Commissioners for the Orleans Levee District, James L. Pate, Laborde & Neuner, One Petroleum Center, P.O. Drawer 52828, 1001 Pinhook Road, Ste. 200, Lafayette, Louisiana 70505

Counsel for Board of Commissioners for the Orleans Levee District, Ben L. Mayeaux, Laborde & Neuner, One Petroleum Center, P.O. Drawer 52828, 1001 Pinhook Road, Ste. 200, Lafayette, Louisiana 70505

Counsel for St. Paul Fire and Marine Insurance Company, Ralph S. Hubbard, III, and Joseph P. Guichet Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, Louisiana 70130

Counsel for the Sewerage and Water Board of New Orleans, George R. Simmo, III, and Gerald M. Victor, 625 St. Joseph St., Room 201, New Orleans, Louisiana 70165;

all known counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 11th day of April, 2006.

_____
CHARLES F. SEEMANN, JR.

#117351v1<DKS> -answer