UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT HARVEY, DARLEEN JACOBS LEVY, AND SUSAN AND WILLIAM LAURENDINE, | * * * | CASE NO. 05-4568 |
| | * | SECTION: "K" (2) |
| PLAINTIFFS | * | JUDGE DUVAL |
| VERSUS | * | MAG. WILKINSON |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, PARISH OF ORLEANS | * * * | |
| DEFENDANTS | | |

## PLAINTIFFS' RESERVATION OF OBJECTION TO THE COURT'S JURISDICTION AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY THE HONORABLE STANWOOD DUVAL, JR., AND THE HONORABLE JOSEPH WILKINSON, JR.

MAY IT PLEASE THE COURT:

On November 1, 2005, the above referenced plaintiffs filed a motion to remand the above captioned matter to the Civil District Court for the Parish of Orleans since, unlike the other plaintiffs' suits, the Harvey plaintiffs herein only sued one defendant, an Orleans Parish entity, and made only state law claims against that defendant. Therefore, this opposition in no way concedes the jurisdiction of this Honorable Court in the above captioned claim. In addition, the Harvey plaintiffs reiterate and adopt as if incorporated herewith, the arguments made in the other plaintiffs' opposition memoranda filed in opposition to the defendant-movers' motions to disqualify, so as to not reiterate those arguments herein.

### A. THE HONORABLE STANWOOD R. DUVAL, JR.

First, defendant-mover argues that Judge Duval might be prejudiced (presumably without

saying so), because he and his staff conducted their office affairs from the Houma Courthouse of the United States District Court for the Eastern District of Louisiana, for a brief period. However, Judge Duval is from the Houma area, and has many friends and relatives in Houma. Despite some minor inconveniences, plaintiffs believe that Judge Duval would testify at his recusal hearing, that he also enjoyed being able to spend time in Houma again, which outweighed any minor inconveniences.

Second, the transcript of the March 24, 2006 status conference/hearing clearly shows that Judge Duval did NOT suffer ANY flood damage at all, at either of his properties in New Orleans or Grande Isle. In addition, Judge Duval divulged that his daughter lives in Metairie and had six inches of water. He also divulged that she had "absolutely zero economic damage" due to her insurance coverage, and the fact that she is a good negotiator. (Page 25, March 24, 2006 transcript).

Defendant-mover's next argument about "limited fund" defendants is totally speculative, unsupported by any factual or legal basis, and certainly cannot be adopted or assumed by either this Honorable Court or any other Court that may hear this matter. To suggest that neither Judge Duval, his staff, nor his family would be able to "opt out" of any purported classes is simply not true. Any claimant, may always choose to "opt out" of any purported class, provided that they follow the guidelines set by the Court and the Federal Rules of Civil Procedure. To suggest that Judge Duval, his courthouse staff, and/or his family will fail to properly follow the proper

2

procedure for opting out is unrealistic.

Judge Duval stated on the record that he had no real damage at all. He stated that his daughter had, "absolutely no economic damage." The *Tramonte* case relied upon by defendant-mover does NOT hold that Judge Lemmon had to recuse itself. It merely held that the record was **"insufficient"** for the Fifth Circuit to determine whether or not Judge Lemmon should have recused herself. *Tramonte, at 1029.* Judge Duval's statements that neither he or his daughter suffered any real economic damage, contradicts the defendant-mover's unsubstantiated, speculative suggestion that there's a "strong probability" that Judge Duval and his family would not be able to "opt out" of any purported class. And as to his office staff, the very case relied upon by defendant, *Tramonte,* clearly holds that even family members, if more distantly related that one's spouse or <u>minor</u> children <u>residing in his household</u>, would NOT require recusal! *Tramonte, at 136 F.3d 1031. (Emphasis added).* That would mean that even Judge Duval's adult daughter, who does not live with him, would not mandate his recusal. It also means that no member of his staff having an interest in the case(s), would mandate recusal either.

Much more recently than the *Tramonte* decision, is the case entitled, *In re Initial Public Offering Securities Litigation,* 174 F.Supp.2d 70 (S.D.N.Y. **2001**). The *IPOS* case was over the manipulation of stock prices. 38 defendant underwriters moved for the Court's disqualification, on the grounds that the trial judge, and her son, owned stocks in certain defendant companies involved in the suit. In rendering its opinion, the *IPOS* court first held that pursuant to 28 U.S.C.

3

455, a judge is as much obliged not to recuse herself when it is not called for, as she is obliged to recuse herself when it is called for. The *ISOP* court held that disqualification was NOT warranted when the possible effect of the subject actions on other interests owned by the judge was "remote, contingent, and speculative." Most importantly, the *ISOP* court, interpreting 28 U.S.C. 455, expressly held that said statute governing disqualification of federal judges, **allowed a judge to waive putative class membership**. That means that, contrary to the defendant-mover's assertion, Judge Duval, his friends and relatives, staff members, etc., CAN "opt out." In making its rulings, the *ISOP* court cited the *Tramonte* decision relied upon by defendant-mover, rendered three (3) years earlier.

In *ISOP, supra,* the district judge even made comments showing her sadness and regret over her past stock transactions. Yet the Court found that disqualification was not warranted in that the comments were those of any normal investor who lost money, and did not display a deep-seated favoritism or antagonism as would make fair judgment impossible. In comparison, Judge Duval's comments constitute the expression of his relative good fortune for neither he, nor his daughter having sustained any real economic damage at all. Damage sustained by one of his staff members does not constitute grounds for recusal, even under *Tramonte*, relied upon by defendant-mover.

Similarly, in *Key Pharmaceuticals, Inc. V. Mylan Laboratories, Inc.*, 24 F.Supp. 480 (W.D.Penn 1998), the trial judge held stock in a parent corporation of the plaintiff in a patent

4

infringement case. The Court denied recusal. The Court cited 28 U.S.C. 455 (f), which provides an exception to recusal. The key issue was whether or not the Court had a financial interest that might be **"substantially"** effected by the outcome of the case. Judge Duval's statements on the record clearly show that neither he nor his daughter will have a **"substantial"** interest in the outcome of any of the pending cases. And the *Tramonte* decision relied upon by defendant precludes consideration of his staff's financial interest.

A trial judge is not required to recuse himself when a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned. The determination of whether the judge's alleged bias and partiality requires recusal, in the first instance, rests within the sound discretion of the trial judge. To warrant recusal, bias or prejudice must be directed against a party. Even bias exhibited against a party's attorney would only merit recusal when it results in a material and identifiable harm to that party's case. *Baldwin Hardware Corp. V. Franksu Enterprise Corp., 78 F.3d 550 (Fed. Cir. 1996), cert. denied, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 251 (1996).* The speculative nature of the defendant's motion falls far from those required for recusal. There is no reason to believe that whatever the outcome of this case, that Judge Duval's suggested but improbable financial interest in the case would be a factor, much less a "substantial" factor. Therefore, his recusal is unwarranted. . *Baldwin Hardware Corp. V. Franksu Enterprise Corp., 78 F.3d 550 (Fed. Cir. 1996), cert. denied, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 251 (1996).*

## B. THE HONORABLE JOSEPH C. WILKINSON, JR.

First, plaintiffs reiterate the arguments made above in their opposition to Judge Duval's recusation, which also apply to Magistrate Wilkinson's recusal herein. Magistrate Wilkinson's uncle and law clerk do not warrant his recusal even pursuant to the *Tramonte* decision relied upon by defendant-mover. In addition, Magistrate Wilkinson advised that his law clerk will not be assigned any of the subject cases. Furthermore, as to his office staff, the very case relied upon by defendant, *Tramonte,* clearly holds that even family members, if more distantly related that one's spouse or <u>minor</u> children <u>residing in his household</u>, would NOT require recusal! *Tramonte, at 136 F.3d 1031. (Emphasis added).*

The *ISOP* court held that disqualification was NOT warranted when the possible effect of the subject actions on other interests owned by the judge was "remote, contingent, and speculative." Most importantly, the *ISOP* court, interpreting 28 U.S.C. 455, expressly held that said statute governing disqualification of federal judges, **allowed a judge to waive putative class membership**. That means that, contrary to the defendant-mover's assertion, Judge Wilkinson, his friends and relatives, staff members, etc., CAN "opt out." In making its rulings, the *ISOP* court cited the *Tramonte* decision relied upon by defendant-mover, rendered three (3) years earlier.

A trial judge is not required to recuse himself when a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.

6

The determination of whether the judge's alleged bias and partiality requires recusal, in the first instance, rests within the sound discretion of the trial judge. To warrant recusal, bias or prejudice must be directed against a party. Even bias exhibited against a party's attorney would only merit recusal when it results in a material and identifiable harm to that party's case. *Baldwin Hardware Corp. V. Franksu Enterprise Corp.*, 78 F.3d 550 (Fed. Cir. 1996), cert. denied, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 251 (1996). The speculative nature of the defendant's motion falls far from those required for recusal. There is no reason to believe that whatever the outcome of this case, that Judge Wilkinson's suggested but improbable financial interest in the case would be a factor, much less a "substantial" factor. Therefore, his recusal is unwarranted. .

Respectfully submitted,

_____
DARLEEN M. JACOBS, ESQ. (7208)
AL A. SARRAT, BAR # 19776
JACOBS & SARRAT
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 & (504) 522-3287
Attorneys for Complainants
ROBERT HARVEY, ET AL.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this _____ day of _____, 2006.

_____
JACOBS & SARRAT