

```
                    FILED
              U.S. DISTRICT COURT
            EASTERN DISTRICT OF LA

              2006 APR 18  P 4: 58

               LORETTA G. WHYTE
                    CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., LLC, ET AL. | * | SECTION "K" (2) |
| | * | |

**THIS DOCUMENT RELATES TO:  ALL ACTIONS**

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S EX PARTE MOTION AND INCORPORATED MEMORANDUM REGARDING DISCOVERY

**MAY IT PLEASE THE COURT:**

**What does one expect from a pig, but a grunt.**

Plaintiffs in Civil Action No. 05-4181 oppose the Government's blatant <u>ex parte</u> attempt to set the stage for not producing any witness for cross-examination on the subject of "preservation of evidence" on April 26, 2006, as previously ordered by the Court.  The <u>ex parte</u> attempt to continue the date for the evidentiary hearing is really a subterfuge to allow the Government more time to prepare and file "an expedited motion to vacate the evidentiary hearing, supported by documents and declarations". Undersigned counsel has "been there; done that" in terms of dealing with the Government in KATRINA litigation to date:

```
                                    __ Fee_____
                                    __ Process_____
                                    X_ Dktd_____
                                    ✓_ CtRmDep_____
                                    __ Doc. No_____
```

1. Magistrate Chasez put a leash on the Government by requiring them to take the undersigned and his experts to the 17th Street Canal site, and the Government responded with a Motion to Recuse Magistrate Chasez;

2. Ignoring a Freedom of Information Act request for more than 6 months, the Government most recently gave counsel and the Court 24-hours notice of the imminent destruction of vital evidence at one of the London Avenue Canal breach sites, when the Government's own documents reflect that they have been engaged in the process of forensic examination of the cause of the floodwall failure at that site, and the actual excavation of sheet piles and concrete monolith panels at the site, long before December 5, 2005, the date of one of the IPET's interim reports which documented that activity.

3. Now, faced with the prospect of being required to produce a live witness for cross-examination, under oath, the Government says it needs more time. However, the professed "more time needed" is really to allow the Government to "be able to satisfy the Court and the parties that a retrospective evidentiary hearing is not needed".[1]

It is respectfully submitted that, if the Government was really being honest with the Court and with counsel about Corps of Engineers personnel being needed "in connection with the ongoing repair and investigation efforts concerning the levees and/or floodwalls at issue in these cases", then it would have attached the timesheets of the urgently needed individuals, so that the whole world could see just how diligently they

---

[1] Government's Ex Parte Motion and Incorporated Memorandum to Continue the April 26, 2006, Evidentiary Hearing, page 1.

have been working on repairs as opposed to forensic investigation, calculated to absolve the Government from any and all liability to plaintiffs.

Don't let them get away with this, Your Honor.

The undersigned is familiar with several of the witnesses who are identified by name in the Government's Ex Parte Motion, some of whom have already been widely quoted in the press. Just as a "for instance", in January 2006, Messrs. Link and Mosher took a whole day out of their otherwise "busy" 12-14-hour daily schedules to appear at the Mariott Hotel in order to brief the National Academy of Sciences and to steer the so-called NAS's "independent" investigation of the retaining wall failures in a direction which would absolve the Corps of Engineers of any and all liability. Undersigned counsel for plaintiffs in C.A. No. 05-4181 urges the Court not to be duped by this subterfuge by the Government, and to at least grant plaintiffs oral argument on the Government's Ex Parte Motion before deciding it.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.**

**ASHTON R. O'DWYER, JR. (#10166)**
**One Canal Place**
**365 Canal Street**
**Suite 2670**
**New Orleans, LA 70130**
**Tel. (504) 561-6561**
**Fax. (504) 561-6560**
Attorney for Claimants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via facsimile, this 18th day of April 2006.