MINUTE ENTRY
WILKINSON, M. J.
APRIL 19, 2006

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 and consolidated cases |
| BOH BROTHERS CONSTRUCTION CO., L.L.C. ET AL. | SECTION "K" (2) |

## HEARING AND ORDER ON MOTIONS

APPEARANCES: Gerald A. Meunier and Joseph Bruno, representing plaintiffs; Thomas Anzelmo and Kyle P. Kirsch, representing movant defendant Board of Commissioners, Orleans Levee District, and William D. Treeby, Heather Lonian and Chris Farrell, representing movant defendant, Washington Group International, Inc. ("WGI")

MOTIONS: (1) Motions of Defendant, Board of Commissioners of the Orleans Levee District, for Disqualification, Record Doc. No. 184 in 05-4181; No. 62 in 05-4182; No. 33 in 05-4568; No. 51 in 05-5237; No.

MJSTAR:  1 : 30

57 in 05-6073; No. 36 in 05-6314; No. 34 in 05-6323; No. 22 in 05-6324; No. 42 in 05-6327; No. 22 in 06-20; No. 36 in 06-151; No. 31 in 06-152; No. 30 in 06-153; No. 34 in 06-169; No. 13 in 06-225; and No. 16 in 06-886.

(2) Motions of Defendant, Washington Group International, Inc. ("WGI"), to Recuse Judge Joseph C. Wilkinson, Jr., Pursuant to 28 U.S.C. § 455(A), Record Doc. No. 65 in 05-4182; No. 55 in 05-5237; No. 60 in 05-6073; No. 40 in 05-6314; No. 26 in 05-6324; No. 47 in 05-6327; No. 26 in 06-20; No. 20 in 06-886.

O R D E R E D:

(1), (2) : DENIED. I do not agree that my recusal is mandated by 28 U.S.C. § 455(a). I find that a reasonable observer, apprised of my particular circumstances and aware of the truth, which is that all members of our court and all segments of our community were not affected by Hurricane Katrina in the same way, would not reasonably question my impartiality. My circumstances are unlike those of other judges of this court who have recused themselves from particular cases. The Nichols and Nettles cases are factually inapplicable and not analogous to the instant matter. These are Hurricane Katrina flooding cases. Neither I nor my parents, children, brothers or sisters or any of their children experienced Katrina flooding. The building in which I work was not flooded. I am aware of the extreme breadth with which the putative class allegations have been made in these cases, yet I know of no member of my family, including those I orally described at the March 24, 2006 hearing, who will be a member of any class that might be certified in this case or who has a financial interest in these cases. Any inconvenience or additional expenses incurred by me or my family were incurred because of effects of the hurricane other than flooding and, in any event, were minimal and must be characterized, at best, as so remote, contingent and speculative in terms of their connection to the specific allegations in these cases that recusal is not required. Although WGI notes at footnote 28 of its memorandum that its motion "does not argue that any provision of § 455(b) mandates the Court's recusal," I know of no reason why I must be disqualified under any of the provisions of 28 U.S.C. § 455(b).

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc: HON. STANWOOD R. DUVAL, JR.