FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17  PM 1:20

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., LLC, | * | SECTION "K" (2) |
| ET AL, | * | CONS. KATRINA CANAL |

\* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:  ALL ACTIONS

### EX PARTE MOTION AND INCORPORATED MEMORANDUM TO CONTINUE THE APRIL 26, 2006, EVIDENTIARY HEARING

MAY IT PLEASE THE COURT:  In this motion the United States seeks a one week continuance of the evidentiary hearing the Court previously set for April 26, 2006.  The United States is concerned that the process of having key personnel prepare for the evidentiary hearing may hamper completion of repairs by the start of the hurricane season on June 1.  It believes that it may be able to satisfy the Court and the parties that a retrospective evidentiary hearing is not needed and in the next few days it will file an expedited Motion to Vacate the evidentiary hearing, supported by documents and declarations.  The present motion seeks a one week continuance so that, in the event that the Motion to Vacate is granted, key personnel will not have unnecessarily spent valuable time preparing to testify.  If this Motion to Continue is not granted



those individuals will turn to collecting and organizing records and will be prepared by counsel for their testimony.

On April 6, 2006, the Court ordered the United States to appear for a hearing on April 26, 2006, for the purpose of "receiv[ing] the testimony of one or more representatives of the United States Army Corps of Engineers Task Force with knowledge of and/or supervisory responsibility for all procedures and logistics for evidence preservation or disposal currently in place in connection with the ongoing repair and investigation efforts concerning the levees and/or flood walls at issue in these cases." Order of April 6, 2006, at 5 (Docket No. 189 under No. 05-4181). The Court ordered counsel for the United States to "designat[e] and produc[e] at the hearing the appropriate witness or witnesses capable of addressing this topic." Id. As stated by the Court, "an ancillary purpose of the hearing is to facilitate consideration by the court and all counsel of whether a special evidence preservation order should be entered in these cases." Id. Separately, the Court has stated that it has "no desire to impede the timely completion of this critical repair work in any way, yet the interest of the parties to this litigation in preserving potential evidence must also be taken into consideration." Minute Entry of April 13, 2006, at 2 (Docket No. 74).

Recognizing the critical balance between providing litigants with a detailed account of the evidence preservation practices and protocols developed by the U.S. Army Corps of Engineers, the Interagency Performance Evaluation Team (IPET) and the Task Force Guardian and permitting the unimpeded progress of critical repair and reconstruction work at the various levee breach sites before the start of hurricane season on June 1, 2006, the United States respectfully requests a one week continuance, until May 3, 2006, of the evidentiary hearing set for April 26, 2006, pursuant to Fed. R. Civ. P. 16(b). Good cause exists for this continuance.

During the afternoon of April 13, 2006, counsel for the United States held a conference call with key personnel from IPET, including: Dr. Ed Link, the IPET Project Director; Dr. John Jaeger, the IPET Technical Director; Dr. Reed Mosher, co-leader of IPET's Data Collection and Management-Perishable Data, Systems Data and Information Management Team and co-leader of the Floodwal and Levee Performance Evaluation Analysis Team; and Dr. Paul of IPET's Data Collection Management Team and Floodwall and Levee Performance Analysis. Given the collective knowledge of these individuals regarding the repairs to the levee breaches, testing of the levee failure mechanisms, and the preservation and retention of certain structural materials for analysis, the United States had identified them as potential witnesses for the April 26, 2006, hearing.

However, these individuals explained that with the June 1, 2006, deadline looming, they are using every available hour to timely complete the necessary repairs and tests. These individuals have each logged 12-14 hour days either on site at various levee breaches throughout the greater New Orleans area or on site at IPET testing facilities. The IPET and TFG have planned out the work that must be completed before the June 1, 2006, deadline and have been working diligently to meet that deadline. At this stage of the repair work, there exists very little excess time for any of the individuals involved.

Preparation for the evidentiary hearing will require significant amounts of time from these key people. Most if not all of them will need to spend at least a day collecting and organizing records. A significant number of other IPET members will also be required to take time away from the project to locate and compile relevant documents. Those who are to testify will need to allot a day to preparation with the Department of Justice attorneys. The hearing itself will likely

consume another day of their time. It is feared that taking these individuals away from the necessary work may have a significant impact on the intensity and pace of the repair and reconstruction work and would adversely affect the communities in the greater New Orleans area which are depending on the levee repairs.

The United States is preparing a Motion to Vacate the evidentiary hearing, with declarations and supporting materials regarding the IPET/TFG/Corps protocols for material recovery and evidence preservation, in hopes to assuage the Court's and the litigants' concerns regarding the procedures used in the recovery and testing of materials. If the Court finds that motion to be well taken, it will obviate the need for a time-consuming hearing before the June 1, 2006, deadline for completion of repairs. Accordingly, by the present motion the United States respectfully requests a one-week continuance of the hearing date so that key personnel will not have to spend time now collecting and organizing documents and preparing to testify. Granting of this relief will not unduly delay this litigation or prejudice any party's right to argue that an evidentiary hearing is needed.

Due to the nature of the relief requested, no memorandum of law is required.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PAUL F. FIGLEY
Deputy Director, Torts Branch

_____
CATHERINE J. FINNEGAN
ROBIN DOYLE SMITH
Trial Attorneys, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 616-4916 / (202) 616-5200 (Fax)
Attorneys for the United States

Dated: April 17, 2006


## CERTIFICATE OF SERVICE

I, Robin D. Smith, hereby certify that on the 17th day of April, 2006, I served a true copy of Motion to Continue The April 26, 2006, Evidentiary Hearing upon the following parties by electronic mail, or first class mail where noted:

| | |
|---|---|
| Daniel E. Becnel, Jr.<br>dbecnel@becnellaw.com | dmartin@gainsben.com |
| Douglas Plymale<br>doug@duganbrowne.com | Randall A. Smith<br>rasmith3@bellsouth.net |
| David Browne<br>dbrowne@brownelaw.com | Robert Creely<br>rcreely@aol.com |
| James Dugan<br>jdugan@duganbrowne.com | Mickey Landry<br>mlandry@landryswarr.com |
| Darlene Marie Jacobs<br>dollyno@aol.com | Robert Becnel<br>ROBBECNEL@aol.com |
| Robert Harvey<br>rgharvey@bellsouth.net | Calvin Fayard<br>calvinfayard@fayardlaw.com |
| Hugh Lambert<br>hlambert@lambertandnelson.com | Ashton R. O'Dwyer, Jr.<br>arod@odwyerlaw.com |
| Ronnie Penton<br>rgp@rgplaw.com | Herman C. Hoffmann, Jr.<br>hhoffmann@spsr-law.com |
| Jesse L. Wimberly<br>wimberly@nternet.com | Betty Finley Mullin<br>bettym@spsr-law.com |
| Sidney Torres<br>storres@torres-law.com | Michael R.C. Riess<br>mriess@kingsmillriess.com |
| Joseph Bruno<br>jbruno@brunobrunolaw.com | Terrence L. Brennan<br>tbrennan@dkslaw.com |
| David Scott Scalia<br>DAVID@brunobrunolaw.com | Richard John Tyler<br>rtyler@joneswalker.com |
| Gerald Edward Meunier | Thomas Darling |

Case 2:05-cv-04182-SRD-JCW    Document 135    Filed 04/17/06    Page 7 of 8

tdarling@grhg.net

Thomas Gaudry
tgaudry@grhg.net

William Treeby
wtreeby@stonepigman.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

James L. Pate
jpate@ln-law.com

Ralph Hubbard
rhubbard@lawla.com

Joseph Guichet
jguichet@lawla.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

George Simno
gsimno@swbno.org

Wade Langlois
wlanglois@grhg.net

John M. Landis
jlandis@stonepigman.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Thomas Francis Gardner
gardner@bayoulaw.com

Gregory Varga
gvarga@rc.com

Wayne J. Lee

wlee@stonepigman.com

Neil Abramson
abramson@phelps.com

Joseph Vincent DiRosa Jr.
jvdirosa@cityofno.com

Penya Moses-Fields
pmfields@cityofno.com

Judy Barrasso
jbarrasso@barrassousdin.com

Lawrence Duplass
lduplass@duplass.com

Kevin Derham
kderham@duplass.com

Michael Courtney Keller
kellerm@ag.state.la.us

Belhia Martin
belhiamartin@bellsouth.net

James Bryan Mullaly
jamesmullaly1@hotmail.com

William Aaron
waaron@goinsaaron.com

Christopher Kent Tankersley
ctankersley@burglass.com

Dennis Phayer
dphayer@burglass.com

Julia E. McEvoy
jmcevoy@JonesDay.com

David R. Simonton

Case 2:05-cv-04182-SRD-JCW   Document 135   Filed 04/17/06   Page 8 of 8

dsimonton@sonnenschein.com

Christopher W. Martin
martin4@mdjwlaw.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Tamara Kluger Jacobson
2609 Canal St., Fifth Floor
New Orleans, LA 70119

Joseph W. Hecker
619 Europe Street, 2nd Floor
Baton Rouge, LA 70806

Deborah Louise Wilson
317 Magazine Street
New Orleans, LA 70130

George T. Manning
gtmanning@jonesday.com

Lawrence D. Wiedemann
Wiedemann & Wiedemann
821 Baronne St.
New Orleans, LA 70113

Vernon Palmer Thomas
1524 N. Claiborne Ave.
New Orleans, LA 70116

J. J. McKernan
8710 Jefferson Hwy.
Baton Rouge, LA 70809

_____
Robin D. Smith