FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 20  PM 1:08

LORETTA G. WHYTE
     CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al. | |
| Plaintiffs | |
| vs. | CIVIL ACTION NO. 05-4182<br>SECTION "K"(2)<br>CONS. KATRINA CANAL |
| BOH BROTHERS CONSTRUCTION CO., et al. | |
| Defendants | |
| THIS DOCUMENT RELATES TO: | |
| ANN VODANOVICH, et al. | CIVIL ACTION NO. 05-5237 |
| vs. | SECTION "K" (2) |
| BOH BROTHERS CONSTRUCTION CO., et al. | |
| BETH A. LEBLANC, et al. | |
| vs. | CIVIL ACTION NO. 05-6327<br>SECTION "K"(2) |
| BOH BROTHERS CONSTRUCTION CO., et al. | |
| DAVID J. KIRSCH, et al. | |
| vs. | CIVIL ACTION NO. 05-6073<br>SECTION "K"(2) |
| BOH BROTHERS CONSTRUCTION CO., et al. | |

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No_____

806159v.1

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
WASHINGTON GROUP INTERNATIONAL, INC.'S
MOTION TO RECUSE THE HONORABLE JOSEPH C. WILKINSON, JR.
PURSUANT TO 28 U.S.C. § 455(A)**

In their opposition to Washington Group International, Inc.'s ("WGI") Motion to Recuse the Honorable Joseph C. Wilkinson, Jr. pursuant to 28 U.S.C. § 455(a), plaintiffs fail to mention the Fifth Circuit case most directly on-point. This omission is not surprising, since the trial and appellate proceedings in *Tramonte v. Chrysler Corp.* demonstrate that plaintiffs' arguments are wrong. The *Tramonte* case clearly indicates that the Court should closely consider recusal even where a relative *other* than the judge's spouse or minor child is a potential class member. Under such circumstances, a court's "impartiality might reasonably be questioned" in the face of far more remote connections than those present here.

In *Tramonte*, the Fifth Circuit twice instructed Judge Lemmon to review her connections to the putative class in the case before her.[1] After discovering that her out-of-state nephew would be a member of the putative class, Judge Lemmon reluctantly recused herself.[2] Judge Lemmon apparently believed that such an attenuated relationship with a member of the putative plaintiff class would not have any effect on her ability to be impartial – and indeed, she speculated that any member of the judiciary might have similar connections – but nonetheless recused herself from the case in light of the Fifth Circuit's directives. She wrote: "Although the remote connection of a relative's brief encounter with a used Chrysler *in my opinion* would not require my recusal, *the 5th Circuit's ruling seems to. . . .*" Order, *Tramonte v. Chrysler Corp.*, Civil Action No. 95-2109, *1 (April 15, 1999) (emphasis added). So holding, Judge Lemmon

---

[1] *See Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1031 (5th Cir. 1998); *Tramonte v. Chrysler Corp.*, No. 98-30508, *3 (5th Cir. March 31, 1999) (copy attached hereto as Exhibit Q).

[2] Order, *Tramonte v. Chrysler Corp.*, Civil Action No. 95-2109 (April 15, 1999) (copy attached as Exhibit P to WGI's opening brief).

acknowledged that an outside observer, considering the totality of the circumstances, would reasonably question her impartiality in presiding over a case in which a relative had any interest. The question in this case, like *Tramonte*, is whether the totality of the circumstances would lead to the *appearance* of partiality on the part of a reasonable observer. If so – and even if the question of recusal is a close one, *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 164 (5th Cir. 1997) – § 455(a) requires the Court to recuse itself from further proceedings. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).

While plaintiffs fail even to mention *Tramonte*, they implicitly reject it by incorrectly asserting that this Court must view any recusal decision in isolation from prior precedent. The Fifth Circuit requires an independent examination of the facts giving rise to a recusal motion, *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995), but it does not require courts to wear blinders. Indeed, the Fifth Circuit itself routinely consults prior caselaw weighing recusal motions brought under similar circumstances. *See Sensley v. Albritton*, 385 F.3d 591, 600 (5th Cir. 2004) (noting that "[s]imilar conclusions regarding recusal under § 455 have been reached by other courts presented with similar facts"); *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 347 (5th Cir. 2000). In light of that authority, plaintiffs' attempt to distinguish *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) and *In re Nettles*, 394 F.3d 1001 (7th Cir. 2005), falls flat.

Plaintiffs' effort to limit those decisions to cases involving "allegations of intentional criminal acts directed at the courthouse, the judges, or their staffs," *Vodanovich* Br. at 4 and *Kirsch* Br. at 5, is simply wrong. *En banc* recusal in *Nichols* stemmed not from the fact that the court and its staff were targets of a "personal . . . criminal attack," as plaintiffs would have the Court believe, *Vodanovich* Br. at 3 and *Kirsch* Br. at 4, but rather that they were collateral

victims of a bomb directed toward a federal building one block north of the courthouse. *See Nichols*, 71 F.3d at 349. Hurricane Katrina's damage to the federal courthouse and to the homes of this Court's family members and staff is directly analogous to that in *Nichols*. Further, plaintiffs' repeated insistence that the Tenth Circuit's ruling in *Nichols* was motivated by the "extraordinary circumstances" in that case is peculiar, *Vodanovich* Br. at 3 and *Kirsch* Br. at 4, as they cannot seriously argue that the circumstances underlying this action are any less "extraordinary" than those giving rise to the prosecution in *Nichols*.

Plaintiffs' representations about statements made at the March 24, 2006 status conference are similarly misleading. For example, plaintiffs contend that Judge Duval has stated that his courtroom deputy – whose home in New Orleans East was flooded – is "satisfied with [her] recover[y]." *Vodanovich* Br. at 5 and *Kirsch* Br. at 6. In fact, the transcript does not reflect any representation about a financial recovery on the part of Judge Duval's deputy.[3] Although WGI does not believe that these facts, even if true, would allay doubts of a reasonable observer under § 455(a), if the Court believes that assertions such as these are dispositive of WGI's motion, the Court should hold an evidentiary hearing so that WGI may have a fair opportunity to address all the relevant facts before a decision is made.

WGI also believes that in light of recent amendments to one of the complaints naming WGI as a defendant in these consolidated cases, the Court's recusal in these matters is mandated pursuant to § 455(b)(4).[4] These amendments substantially broaden the scope of the purported

---

[3] *See* Transcript of Hearing at 25, 73-74 *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-4181 (March 24, 2006) (noting only that (i) because Judge Duval's daughter "was very fortunate in her insurance coverage and has absolutely zero economic damage," "she will opt out of any class" and (ii) that Judge Duval's courtroom deputy's home was flooded) (attached to WGI's opening brief as Exhibit M).

[4] The assertion made by the *Kirsch* plaintiffs in their Memorandum in Opposition that WGI's opening brief "seems to argue for recusal pursuant to section 455(b)(5)(i)" is flatly wrong. *Kirsch* Br. at 7. In the brief supporting its original motion, WGI argued only for recusal pursuant to § 455(a), and indeed clearly noted that "this motion does not argue that *any provision* of § 455(b) mandates the Court's recusal in this case." Opening Br. at 16 n.28

- 4 -

plaintiff class in *Tauzin* to include not only those individuals whose *property* was damaged by flooding in the aftermath of Hurricane Katrina, but also any Orleans or Jefferson Parish residents who *themselves* were inconvenienced by the storm, who lost the use of their property, or who were subject to emotional distress as a result of the hurricane and its aftermath, including the fear of future injury.[5] WGI believes that this revised class definition is broad enough to encompass this Court and its immediate family, all of whom were evacuated as a result of Hurricane Katrina, and who, like other New Orleans residents, continue to live in the aftermath of that storm.

The Fifth Circuit's decision in *Tramonte* makes abundantly clear that "where a judge or an immediate family member is a member of a class seeking monetary relief, § 455(b)(4) requires recusal because of the judge's financial interest in the case." *Tramonte*, 136 F.3d at 1029. Given these amendments to the *Tauzin* complaint and their effect on the status of this Court and its immediate family as members of the purported plaintiff class, the Court's recusal in that case – and consequently, all of the consolidated cases – is mandated under § 455(b)(4).

---

(continued...)

(emphasis added). WGI now argues for recusal pursuant to § 455(b)(4) in light of amendments the pleadings made *after* WGI filed its original motion. See First Supplemental and Amended Class Action Complaint in *Tauzin, et al. v. Board of Comm'rs of the Orleans Levee District, et al.*, Civil Action No. 06-0020 (April 13, 2006) (copy attached hereto as Exhibit R).

[5] The First Supplemental and Amended Class Action Complaint in *Tauzin, et al. v. Board of Comm'rs of the Orleans Levee District, et al.*, Civil Action No. 06-0020 (April 13, 2006) (the "Amended Complaint"), modifies that case's purported plaintiff class to include

> All residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson, in the State of Louisiana whose *persons* or properties were *or may hereafter be* damaged by flooding caused by the failure of the hurricane protection levees and floodwalls along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal, in New Orleans, Louisiana, on or shortly after August 29, 2005.

*Tauzin* Am. Compl. ¶ 13 (emphasis added). The Amended Complaint also alleges that the members of this putative class "sustained damages that include but are not limited to destruction and contamination of property, *mental anguish, emotional distress, inconvenience, loss of use of property*, loss of property value, loss of income, loss of profits, loss of business opportunity, and *fear of future injury*" as a result of Defendant Orleans Levee District's alleged negligence. *Tauzin* Am. Compl. ¶ 40 (emphasis added).

## CONCLUSION

For the foregoing reasons, WGI respectfully asks that the Court grant its motion and recuse itself from any further consideration in this case pursuant to 28 U.S.C. § 455(a) and/or 28 U.S.C. § 455(b)(4).

Dated: April 17, 2006                                  Respectfully submitted,

*[signature]*

William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
Julie E. McEvoy
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Reply Memorandum in Support of Defendant Washington Group International, Inc.'s Motion to Recuse the Honorable Joseph C. Wilkinson, Jr. Pursuant to 28 U.S.C. § 455 has been served upon all counsel of record via e-mail, this 17th day of April, 2006.

*William D. Feeley*