FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 20  PM 3: 01

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 05-4181 |
| THE UNITED STATES OF AMERICA, ET AL. | * | SECTION "K" (5) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIRMATIVE DEFENSES AND ANSWER OF
### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS
### TO THE COMPLAINT, FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH,
### SEVENTH, EIGHTH, NINTH, TENTH & ELEVENTH
### SUPPLEMENTAL & AMENDED COMPLAINTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans, in response to the Class Action Complaint, and the Supplemental and Amended Complaints (filed to date by the Plaintiffs) answers and sets forth their Affirmative Defenses as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs (and as representative of the classes described in the Complaint) have brought their Complaint in an improper venue, as any proceedings in the Eastern District of Louisiana



1

will violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage and Water Board of New Orleans, and further fails to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from defendant, the Sewerage and Water Board of New Orleans.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to Plaintiffs that encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

## FIFTH AFFIRMATIVE DEFENSE

The defendant, the Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by Plaintiffs were directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs (and members of the putative class) harm.

## NINTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised

Statutes, Title 9, Section 2800, should the Plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans qualifies for and invokes the prohibition provided for by Louisiana Revised Statutes, Title 13, Section 5105(A), prohibiting a jury trial against a political subdivision of the state, and avers that the Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana.

### ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under Federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and/or such other acts or omissions that may be proven at the time of trial.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina, during the month of August 2005.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the Plaintiffs (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

## NINETEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

## TWENTIETH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that the Plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the defendant, Sewerage and Water Board of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

## ANSWER

**AND NOW,** answering separately the allegations of the Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

### 1.

The allegations of Paragraph I are denied for lack of sufficient information .to justify a reasonable belief therein.

### 2.

The allegations of Paragraph II are denied for lack of sufficient information to justify a reasonable belief therein. The defendant also avers that the plaintiffs are not entitled to certify this action as a class action.

### 3.

As Paragraph III merely recites the names of the defendants named and made a party to this litigation, the defendant submits that no response is necessary.

4.

The allegations of Paragraph IV are denied for lack of sufficient information to justify a reasonable belief therein.

5.

The allegations of Paragraph V are denied for lack of sufficient information to justify a reasonable belief therein.

6.

The allegations of Paragraph VI are denied for lack of sufficient information to justify a reasonable belief therein.

7.

The allegations of Paragraph VII are denied for lack of sufficient information to justify a reasonable belief therein.

8.

The allegations of Paragraph VIII are denied for lack of sufficient information to justify a reasonable belief therein.

9.

The allegations of Paragraph IX are denied for lack of sufficient information to justify a reasonable belief therein.

10.

The allegations of Paragraph X are denied for lack of sufficient information to justify a reasonable belief therein.

11.

The allegations of Paragraph XI are denied for lack of sufficient information to justify a reasonable belief therein.

12.

The allegations of Paragraph XII are denied for lack of sufficient information to justify a reasonable belief therein.

13.

The allegations of Paragraph XIII are denied for lack of sufficient information to justify a reasonable belief therein.

14.

The allegations of Paragraph XIV are denied for lack of sufficient information to justify a reasonable belief therein.

15.

The allegations of Paragraph XV are denied for lack of sufficient information to justify a reasonable belief therein.

16.

The allegations of Paragraph XVI are denied for lack of sufficient information to justify a reasonable belief therein.

17.

The allegations of Paragraph XVII are denied for lack of sufficient information to justify a reasonable belief therein.

18.

No answer is required by this defendant as to the legal allegations set forth in Paragraph XVIII.

19.

To the extent that an answer to Paragraph XIX of the Complaint is required, the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

## ANSWER TO THE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

20.

No answer is required as to the allegations set forth in Paragraph I (a – e) of the First Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

21.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the First Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

22.

To the extent that an answer to Paragraph III of the First Supplemental and Amended Complaint is required, the Sewerage and Water Board of New Orleans denies the allegations

contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

## ANSWER TO THE SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

### 23.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Second Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

### 24.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Second  Supplemental and Amended Complaint.

### 25.

To the extent that an answer to Paragraph III of the Second Supplemental and Amended Complaint is required, the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

## ANSWER TO THE THIRD SUPPLEMENTAL AND AMENDED COMPLAINT

### 26.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Third Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

27.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Third Supplemental and Amended Complaint.

28.

No answer is required by this defendant as to the allegations set forth in Paragraph III of the Third Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

29.

To the extent that an answer to Paragraph IV of the Third Supplemental and Amended Complaint is required, the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

## ANSWER TO THE FOURTH SUPPLEMENTAL AND AMENDED COMPLAINT

30.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Fourth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

31.

The defendant denies the allegations set forth in Paragraph II of the Fourth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a

reasonable belief therein. The defendant also denies that the plaintiffs are entitled to certify this action as a class action.

32.

No answer is required by this defendant as to the allegations set forth in Paragraph III of the Fourth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

33.

No answer is required by this defendant as to the allegations set forth in Paragraph IV of the Fourth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

34.

No answer is required by this defendant as to the allegations set forth in Paragraph V of the Fourth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

**ANSWER TO THE FIFTH SUPPLEMENTAL AND AMENDED COMPLAINT**

35.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Fifth Supplemental and Amended Complaint. However out of an abundance of caution the

Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

36.

The defendant denies the allegations set forth in Paragraph II of the Fifth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

37.

No answer is required by this defendant as to the allegations set forth in Paragraph III of the Fifth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

38.

No answer is required by this defendant as to the allegations set forth in Paragraph IV of the Fifth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

## ANSWER TO THE SIXTH SUPPLEMENTAL AND AMENDED COMPLAINT

39.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Sixth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

40.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Sixth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

41.

No answer is required by this defendant as to the allegations set forth in Paragraph III of the Sixth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

42.

No answer is required by this defendant as to the allegations set forth in Paragraph IV of the Sixth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

43.

The defendant denies the allegations set forth in Paragraph V of the Sixth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein. The defendant also denies that the plaintiffs are entitled to certify this action as a class action.

44.

The defendant denies the allegations set forth in Paragraph VI of the Sixth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

45.

The defendant denies the allegations set forth in Paragraph VII of the Sixth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein. The defendant also denies that the plaintiffs are entitled to certify this action as a class action.

**ANSWER TO THE SEVENTH SUPPLEMENTAL AND AMENDED COMPLAINT**

46.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Seventh Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

47.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Seventh Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

16

48.

The defendant denies the allegations set forth in Paragraph III of the Seventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

49.

No answer is required by this defendant as to the allegations set forth in Paragraph IV of the Seventh Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

50.

The defendant denies the allegations set forth in Paragraph V of the Seventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein. The defendant also denies that the plaintiffs are entitled to certify this action as a class action.

## ANSWER TO THE EIGHTH SUPPLEMENTAL AND AMENDED COMPLAINT

51.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Eighth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

52.

The defendant denies the allegations set forth in Paragraph II of the Eighth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein. The defendant also denies that the plaintiffs are entitled to certify this action as a class action.

## ANSWER TO THE NINTH SUPPLEMENTAL AND AMENDED COMPLAINT

53.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Ninth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

54.

The defendant denies the allegations set forth in Paragraph II of the Ninth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

## ANSWER TO THE TENTH SUPPLEMENTAL AND AMENDED COMPLAINT

55.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Tenth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

56.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Tenth Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

57.

The defendant denies the allegations set forth in Paragraph III of the Tenth Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

## ANSWER TO THE ELEVENTH SUPPLEMENTAL AND AMENDED COMPLAINT

58.

No answer is required by this defendant as to the allegations set forth in Paragraph I of the Eleventh Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

59.

No answer is required by this defendant as to the allegations set forth in Paragraph II of the Eleventh Supplemental and Amended Complaint. However out of an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations contained in this paragraph for lack of sufficient information to justify a reasonable belief therein.

60.

The defendant denies the allegations set forth in Paragraph III of the Eleventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

61.

The defendant denies the allegations set forth in Paragraph IV of the Eleventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

62.

The defendant denies the allegations set forth in Paragraph V of the Eleventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

63.

The defendant denies the allegations set forth in Paragraph VI of the Eleventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

64.

The defendant denies the allegations set forth in Paragraph VII of the Eleventh Supplemental and Amended Complaint because the allegations are without sufficient information to justify a reasonable belief therein.

WHEREFORE, the defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the Plaintiff, MAUREEN O'DWYER on behalf of herself and all others named and/or similarly situated, dismissing all of the claims of the Plaintiffs (and members of the putative class) with prejudice, and at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE AND WATER BOARD OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading: <u>Answer & Affirmative Defenses to the Complaint,</u>

<u>First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth & Eleventh</u>

<u>Supplemental and Amended Complaint, filed by the Defendant, Sewerage and Water Board of</u>

<u>New Orleans,</u> has been mailed & electronically transmitted to all counsel of record in this

proceeding, by depositing a copy of said pleading in the United States Mail, postage prepaid, on

this the 18th day of April, 2006 & by email on this same date.

_____
**GEORGE R. SIMNO III**

n:\lit\def\o'dwyer, maureen (hurricane katrina)\ple\060417answer.grs.doc