FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 20  PM 4: 22

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION 05-4182 |
| | * | |
| VERSUS | * | SECTION "K" (2) |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | CONS. KATRINA CANAL |
| L.L.C., ET AL. | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181 | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
### ANSWER TO PLAINTIFFS' COMPLAINTS AND SUPPLEMENTAL
### AND AMENDING COMPLAINTS, ONE THROUGH ELEVEN

**NOW INTO COURT**, through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), which, for its Answer to the Original Complaint for

Compensatory and Exemplary Damages and Supplemental and Amending Complaints One through

Eleven (the "Complaints") filed by Plaintiffs Maureen O'Dwyer, et al. (collectively, the "Plaintiffs"),

respectfully responds to the particular paragraphs of the Complaints as follows:

### ANSWER TO ORIGINAL COMPLAINT

1.

Paragraph I of Plaintiffs' original Complaint contain no factual allegations directed at St. Paul

or any other party and, consequently, requires no response. To the extent a response may be deemed

_____ Fee_____
_____ Process_____
__X__ Dktd _____
_____ CtRmDep_____
_____ Doc. No_____

necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

2.

The assertions in Paragraph II of Plaintiffs' original Complaint constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

3.

The allegations in Paragraph III of Plaintiffs' original Complaint are directed at other defendants and, therefore, require no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

4.

The assertions of Paragraph IV of Plaintiffs' original Complaint constitute legal conclusions and are addressed only to other defendants. Consequently, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph V, including all subparts, of Plaintiffs' original Complaint are denied to the extent they state or imply any fault, negligence or liability on the party of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph V is denied for lack of sufficient information to justify a belief therein.

6.

Paragraph VI of Plaintiffs' original Complaint contain no factual allegations directed at St. Paul or any other party and, consequently, requires no response.

7.

The allegations of Paragraph VII, Count 1, are denied to the extent they state or imply any fault, negligence or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph VII is denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph VIII, Count 2, are denied to the extent they state or imply any fault, negligence or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph VIII is denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph IX, Count 3, are denied to the extent they state or imply any fault, negligence or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph IX is denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph X, Count 4, are denied to the extent they state or imply any fault, negligence or liability on the part of St. Paul or any defendant for whom St. Paul may be held

liable. The balance of Paragraph X is denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph XI, Count 5, are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph XI, Count 5, is denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph XII, Count 6, are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph XII, Count 6, is denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph XIII, Count 7, are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph XIII, Count 7, is denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph XIV, Count 8, are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph XIV, Count 8, is denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph XV, Count 9, are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any defendant for whom St. Paul may be held liable. The balance of Paragraph XV, Count 9, is denied for lack of sufficient information to justify a belief therein.

16.

Paragraph XVI contains no factual allegations against St. Paul or any other defendant. Consequently, this paragraph requires no response from St. Paul. To the extent an answer may be deemed necessary, St. Paul denies the allegations of Paragraph XVI for lack of sufficient information to justify a belief therein.

17.

The assertions of Paragraph XVII constitute legal conclusions and require no answer. To the extent an answer may be deemed necessary, St. Paul denies the allegations of Paragraph XVII.

18.

Paragraph XVIII contains no factual allegations but only a request for a jury trial. Consequently, this paragraph requires no response from St. Paul.

19.

The allegations of Paragraph XIXX (incorrectly numbered) require no answer from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

20.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' original Complaint.

21.

St. Paul denies the balance of plaintiffs' Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

22.

Paragraph I, and all its subparts, of Plaintiffs' First Supplemental and Amending Complaint contain no factual allegations directed at St. Paul or any other party and, consequently, requires no response.  To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

23.

Paragraph II contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

24.

Paragraph III contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

25.

St. Paul denies the introductory paragraph and prayer of plaintiffs' First Supplemental and Amending Complaint.

26.

St. Paul denies the balance of plaintiffs' First Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

27.

Paragraph I of Plaintiffs' Second Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

28.

Paragraph II contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

29.

Paragraph III contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the

part of St. Paul or any party for whom St. Paul may be held liable. In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

30.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Second Supplemental and Amended Complaint.

31.

St. Paul denies the balance of Plaintiffs' Second Supplemental and Amended Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' THIRD SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

32.

Paragraph I of Plaintiffs' Third Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

33.

Paragraph II contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

34.

Paragraph III contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

35.

Paragraph IV contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable. In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

36.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Third Supplemental and Amending Complaint.

37.

St. Paul denies the balance of Plaintiffs' Third Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' FOURTH SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

38.

Paragraph I of Plaintiffs' Fourth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph II of the Fourth Supplemental and Amending Complaint and Article II of the original Complaint as supplemented and amended, constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph III of the Fourth Supplemental and Amending Complaint and Article IV of the Complaint as supplemented and amended are denied as calling for a legal conclusion. They are also denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any party for whom St. Paul may be held liable.

41.

The allegations of Paragraph IV, and all of its subparts, of the Fourth Supplemental and Amending Complaint and Article V of the original Complaint as supplemented and amended are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or

any party for whom St. Paul may be held liable.  The balance of Paragraph IV is denied for lack of sufficient information to justify a belief therein.

42.

Paragraph V contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

43.

St. Paul denies the introductory paragraph and prayer of the Fourth Supplemental and Amending Complaint.

44.

St. Paul denies the balance of Plaintiffs' of the Fourth Supplemental and Amending Complaint unless specifically admitted herein.

**ANSWER TO PLAINTIFFS' FIFTH SUPPLEMENTAL
AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT**

45.

Paragraph I of Plaintiffs' Fifth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response.  To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph II of the Fifth Supplemental and Amending Complaint and Article II of the original Complaint as supplemented and amended, constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph III of the Fifth Supplemental and Amending Complaint and Article III(12) of the original Complaint as supplemented and amended contains no factual allegations directed at St. Paul or any other party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul.  To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph IV of the Fifth Supplemental and Amending Complaint and Article XV(a) of the original Complaint as supplemented and amended are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any party for whom St. Paul may be held liable.  The balance of this paragraph is denied for lack of sufficient information to justify a belief therein.

49.

Paragraph IV contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the

part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

50.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Fifth Supplemental and Amended Complaint.

51.

St. Paul denies the balance of Plaintiffs' Fifth Supplemental and Amended Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' SIXTH SUPPLEMENTAL AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

52.

Paragraph I of Plaintiffs' Sixth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response.  To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph II of the Sixth Supplemental and Amending Complaint and Article II of the original Complaint as supplemented and amended, constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph III of the Sixth Supplemental and Amending Complaint and Article III(12) of the original Complaint as supplemented and amended contains no factual allegations directed at St. Paul or any other party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph IV of the Sixth Supplemental and Amending Complaint and Article III(12(A)) of the original Complaint as supplemented and amended contains no factual allegations directed at St. Paul or any other party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

56.

The allegations of Paragraph V of the Sixth Supplemental and Amending Complaint and Article VIII, Count 2 of the original Complaint as supplemented and amended are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any party for whom St. Paul may be held liable. The balance of this paragraph is denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph VI of the Sixth Supplemental and Amending Complaint and Article XV(A) 2 of the original Complaint as supplemented and amended are denied to the extent they state or imply any fault, negligence, or liability on the part of St. Paul or any party for whom St. Paul may be held liable.  The balance of this paragraph is denied for lack of sufficient information to justify a belief therein.

58.

Paragraph VII contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

59.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Sixth Supplemental and Amending Complaint .

60.

St. Paul denies the balance of Plaintiffs' Sixth Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' SEVENTH SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

61.

Paragraph I of Plaintiffs' Seventh Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

62.

Paragraph II of the Seventh Supplemental and Amending Complaint and Article III of the original Complaint as supplemented and amended, contains no factual allegations directed at St. Paul or any other party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

63.

Paragraph III contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable. In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

64.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Seventh Supplemental and Amending Complaint .

65.

St. Paul denies the balance of Plaintiffs' Seventh Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' EIGHTH SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

66.

Paragraph I of Plaintiffs' Eighth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response.  To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

67.

Paragraph II contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

68.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Eighth Supplemental and Amending Complaint.

69.

St. Paul denies the balance of Plaintiffs' Eighth Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' NINTH SUPPLEMENTAL AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

70.

Paragraph I of Plaintiffs' Ninth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

71.

Paragraph II contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable. In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

72.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Ninth Supplemental and Amending Complaint.

73.

St. Paul denies the balance of Plaintiffs' Ninth Supplemental and Amending Complaint unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' TENTH SUPPLEMENTAL AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

74.

Paragraph I of Plaintiffs' Tenth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

75.

Paragraph II of Plaintiffs' Tenth Supplemental and Amending Complaint contains no factual allegations directed at St. Paul or any other party and, consequently, requires no response. To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief therein.

76.

Paragraph III contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the

part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul

reasserts and reavers each and every answer and affirmative defense of its original answer as if plead

in extenso herein.

77.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Tenth Supplemental and

Amending Complaint.

78.

St. Paul denies the balance of Plaintiffs' Tenth Supplemental and Amending Complaint

unless specifically admitted herein.

## ANSWER TO PLAINTIFFS' ELEVENTH SUPPLEMENTAL
## AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

79.

Paragraph I of Plaintiffs' Eleventh Supplemental and Amending Complaint contains no

factual allegations directed at St. Paul or any other party and, consequently, requires no response.

To the extent a response may be deemed necessary, St. Paul denies the allegations in this paragraph

for lack of sufficient information to justify a belief therein.

80.

St. Paul denies the allegations of Paragraph II of the Eleventh Supplemental and Amending

Complaint and Article III(13) of the original Complaint as supplemented and amended, except to

admit that plaintiffs have named St. Paul as a party defendant to this litigation and that St. Paul

provided the Orleans Levee District with certain insurance coverage, which coverage is detailed in

the terms, conditions, exclusions and limitations contained in any and all insurance policies issued by St. Paul to the Orleans Levee District.

81.

The allegations of Paragraph III contain legal conclusions for which no response is necessary. To the extent a response may be deemed necessary, St. Paul denies the allegations of Paragraph III for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph IV of the Eleventh Supplemental and Amending Complaint and Paragraph XIXXI of the original Complaint as supplemented and amended, are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph V of the Eleventh Supplemental and Amending Complaint and Paragraph XIXXII of the original Complaint as supplemented and amended, constitute legal conclusions and are not direct at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response may be deemed necessary, St. Paul denies the allegations of Paragraph V for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph VI of the Eleventh Supplemental and Amending Complaint and Paragraph XIXXIII of the original Complaint as supplemented and amended, constitute legal conclusions and are not direct at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response may be

deemed necessary, St. Paul denies the allegations of Paragraph VI for lack of sufficient information to justify a belief therein.

85.

Paragraph VII contains no factual allegations directed at St. Paul or any party for whom St. Paul may be held liable. Consequently, this paragraph requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies any allegations that suggest liability on the part of St. Paul or any party for whom St. Paul may be held liable.  In further answer, St. Paul reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extenso herein.

86.

St. Paul denies the introductory paragraph and prayer of Plaintiffs' Eleventh Supplemental and Amending Complaint.

87.

St. Paul denies the balance of Plaintiffs' Eleventh Supplemental and Amending Complaint unless specifically admitted herein.

**AND NOW**, in further answer to the Complaints, St. Paul asserts the following defenses:

**FIRST DEFENSE**

The Petition fails to state a claim against St. Paul upon which relief may be granted.

**SECOND DEFENSE**

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

### THIRD DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

### FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners for the Orleans Levee District and/or The New Orleans Levee District in its Answer to the Plaintiffs' Complaint to the extent such defenses are not inconsistent with any of the defenses asserted herein.

### FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

### SIXTH DEFENSE

If the Policy provides any primary insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form. None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

### SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties upon against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policy.

### EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policy.

### NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Policy.

### TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Policy is legally obligated to pay as damages for covered property damage that happened while the Policy was in effect and that was caused by an event.

### ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Impaired property" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policy.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution work loss, cost or expense" exclusion in the Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Mold or other fungi" exclusion in the Policy.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

## SEVENTEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

## EIGHTEENTH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

## NINETEENTH DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## TWENTIETH DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by pre-existing conditions over which the insured under

the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained or increased the hazard thereof.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Petition were in violation of public policy or law.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-EIGHTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

## TWENTY-NINTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

## THIRTIETH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

## THIRTY-SECOND DEFENSE

The Petition fails to state a cause of action against St. Paul for attorney's fees.

## THIRTY-THIRD DEFENSE

The Petition is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon

terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St. Paul has in response to the Petition.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Petition once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

RALPH S. HUBBARD III, Bar. # 7040
JOSEPH P. GUICHET, Bar # 24441
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance**
**Company**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via U.S. mail, postage prepaid, this 20th day of April, 2006.

P:\RSH\06073\doc\Answer.wpd

29