

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  PM 3: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | : | CIVIL ACTION NO. 05-4182 |
| | : | |
| VERSUS | : | SECTION "K" (2) |
| | : | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | : | CONS. KATRINA CANAL |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| DAVID J. KIRSCH, ET AL. | : | CIVIL ACTION NO. 05-6073 |
| | : | |
| VERSUS | : | SECTION "K" (2) |
| | : | |
| BOH BROTHERS CONSTRUCTION CO., ET AL. | : | |
| | : | |

---

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
TO FIRST AMENDED PURPORTED CLASS ACTION COMPLAINT**

---

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported

class action complaint of David J. Kirsch and Ali Haghighi ("plaintiffs"), on behalf of

themselves and on behalf of all others similarly situated, respectfully avers:

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response.  Admissions or denials of such allegations are, accordingly, difficult or impossible.  Further, many of the allegations of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings.  According, by way of a general response, all allegations are denied unless specifically admitted.  Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a cause of action against Modjeski.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with the London Avenue Canal and, except for a limited section of concrete floodwall on each

side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with the Industrial Canal.

As respects the 17th Street Canal, Modjeski's professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD").  The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps").  OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces.  Modjeski's last services on this project were in April of 1993.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

### FIFTH AFFIRMATIVE DEFENSE

Modjeski avers that the damages alleged in the Complaint were not as a result of fault on its part or any party or person for whom Modjeski is responsible,

but as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

### SIXTH AFFIRMATIVE DEFENSE

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

### SEVENTH DEFENSE

Plaintiff's claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that plaintiffs allege federal question jurisdiction based upon government contractor status, which Modjeski has denied, Modjeski pleads, in the alternative, all defenses available to government contractors.

### MODJESKI'S ANSWER TO THE FIRST AMENDED COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follows:

1.

Modjeski denies the allegations of paragraph 1.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 2, and, therefore, denies each and every allegation contained therein.

3.

Modjeski admits the allegations of paragraph 3(e), and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 3, and, therefore, denies each and every remaining allegation contained therein.

4.

Modjeski denies the allegations of paragraph 4 against Modjeski, except it admits that Modjeski does business in the State of Louisiana and in the Eastern District of Louisiana.  Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 4 as to the other defendants, and, therefore, denies each and every allegation contained therein.

5.

Modjeski denies the allegations of paragraph 5.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of allegations of paragraph 6, and, therefore, denies each and every allegation contained therein.

7.

Modjeski denies that it was engaged by the Federal Government or any department or agency thereof, and is without knowledge or information to justify a belief as to the truth of the remaining allegations of paragraph 7, and, therefore, denies each and every remaining allegation contained therein.

8.

Modjeski denies the allegations of paragraph 8.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 9, and, therefore, denies each and every allegation contained therein.

10.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 10, and, therefore, denies each and every allegation contained therein.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11, and, therefore, denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 12, and, therefore, denies each and every allegation contained therein.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 13, and, therefore, denies each and every allegation contained therein.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 14, and, therefore, denies each and every allegation contained therein.

15.

Modjeski denies the allegations of paragraph 15, except to admit that the floodwalls along the Industrial Canal have "I-wall" and "T-Wall" sections, the floodwalls along the 17th Street Canal are "I-walls", and Modjeski is without

knowledge or information sufficient to justify a belief as to the truth of the allegations regarding the London Avenue Canal floodwalls.

16.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 16 about the London Avenue Canal and denies the allegations about the 17th Street Canal, except to admit that the 17th Street Canal has concrete sections of various dimensions; and Modjeski refers to the drawings and specifications for the project entitled "Excavation and Flood Protection-17th Street Canal, Capping of Floodwalls, East Side Levee Improvements" which were issued for construction by the Corps.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 17 in respect to the Industrial Canal and the London Avenue Canal, and Modjeski refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements" as the best evidence of the floodwall design for the 17th Street Canal.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 18, and, therefore, denies each and every allegation contained therein.

19.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 19, and, therefore, denies each and every allegation contained therein.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 20, and, therefore, denies each and every allegation contained therein.

21.

Modjeski denies the allegations of paragraphs 21 through 32.

22.

Modjeski denies the allegations made against it in paragraphs 33 through 38, except to admit that the floodwalls of the 17th Street Canal were steel sheet piling with reinforced concrete caps with top elevations of +14.0 feet M.S.L. Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations, and therefore, denies each and every remaining allegation contained therein.

23.

The allegations of paragraph 39 are legal in nature and require no response. To the extent that further response is required, Modjeski is without

knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 39, and, therefore, denies each and every allegation contained therein.

WHEREFORE, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Ellis B. Murov (#9839)
Keith J. Bergeron (#25574)
John W. Martinez  (#28442)
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer has been served this _____ day of April, 2006, by telefax and e-mail upon the following counsel of record:

Hugh Palmer Lambert, Esq.
Lambert & Nelson
701 Magazine Street
New Orleans, LA  70130
Fax: 529-2931
Email: hlambert@lambertandnelson.com

Michael R. C. Riess
Kingsmill Riess LLC
201 St. Charles Avenue
Suite 3300
New Orleans, LA 70170-3300
Fax: 581-3310
Email: mriess@kingsmillriess.com

William D. Treeby, Esq.
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet St.
New Orleans, LA 70130-3588
Fax: 581-3361
Email: wtreeby@stonepigman.com

Thomas L. Gaudry, Esq.
Oakwood Corporate Center
401 Whitney Avenue, Suite 500
P. O. Box 1910
Gretna, LA 70054-1910
Fax: 362-5938
Email: tgaudry@grhg.net

Lawrence D. Wiedemann, Esq.
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, LA 70113
Fax: 581-4336
Email: ldwiedemann@yahoo.com

Herman C. Hoffmann, Jr., Esq.
Simon. Peragine, Smith & Redfearn, LLP
1100 Poydras Street, 30th Floor
New Orleans, LA 70163-3000
Fax: 569-2999
Email: hhoffmann@spsr-law.com

Ben L. Mayeaux, Esq.
Laborde R. Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, LA 70503
Fax: 337-233-9450
Email: bmayeaux@ln-law.com

Ralph Shelton Hubbard, III, Esq.
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans LA 70130
Fax: 310-9195
Email: rhubbard@lawla.com

George R. Simno III, Esq.
Sewerage & Water Board Legal Dept.
625 St. Joseph Street, Suite 201
New Orleans, LA 70165
Fax: 585-2426
Email: gsimno@swbno.org


_____
Victor E. Stilwell, Jr.


#184471v1<DKS> -Kirsch Answer 4-25-06