

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  PM 3:52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | : | CIVIL ACTION NO. 05-4182 |
| | : | |
| VERSUS | : | SECTION "K" (2) |
| | : | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | : | CONS. KATRINA CANAL |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| | : | |
| JULIE T. TAUZIN, ET AL. | : | CIVIL ACTION NO. 06-0020 |
| | : | |
| VERSUS | : | SECTION "K" (2) |
| | : | |
| THE BOARD OF COMMISSIONERS FOR THE ORLEANS PARISH LEVEE BOARD, ET AL. | : | |

---

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
TO PURPORTED CLASS ACTION COMPLAINT**

---

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action complaint of Julie E. Tauzin, *et al.* ("plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, respectfully avers:

### PRELIMINARY STATEMENT

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with the Industrial Canal.

As respects the 17th Street Canal, Modjeski's professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993.

**FOURTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

**FIFTH AFFIRMATIVE DEFENSE**

Modjeski avers that the damages alleged in the Complaint were not as a result of fault on its part or any party or person for whom Modjeski is responsible, but as a result of fault on the part of the Corps and others for whom Modjeski is not responsible.  Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

**SIXTH AFFIRMATIVE DEFENSE**

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that plaintiffs allege federal question jurisdiction based upon government contractor status, which Modjeski has denied, Modjeski pleads, in the alternative, all defenses available to government contractors.

## MODJESKI'S ANSWER TO THE COMPLAINT

Modjeski responds to plaintiffs' statements and allegations specifically set forth in the introduction and numbered paragraphs of the complaint as follows:

Modjeski denies the statements and allegations in the introduction.

### 1.

Modjeski denies the allegations of paragraph 1.

### 2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 2, and, therefore, denies each and every allegation contained therein.

3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 3, and, therefore, denies each and every allegation contained therein.

4.

Modjeski denies that it was a contractor of the Federal Government or any department or agency thereof, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 4, and, therefore, denies each and every remaining allegation contained therein.

5.

Modjeski denies that it was a contractor of the Federal Government or any department or agency thereof, and it is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 5, and, therefore denies each and every remaining allegation contained therein.

6.

Modjeski denies the allegations of paragraph 6 for reasons that the jury pool and judges in this district include members of purported plaintiff class.

7.

Modjeski denies the allegations of paragraph 7.

8.

Modjeski denies the allegations of paragraph 8.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 9, and, therefore, denies each and every allegation contained therein.

10.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 10, and, therefore, denies each and every allegation contained therein.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11, and, therefore, denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 12, and, therefore, denies each and every allegation contained therein.

13.

Modjeski denies the allegations of paragraph 13.

14.

Modjeski denies the allegations of paragraph 14.

15.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 15, and, therefore, denies each and every allegation contained therein, except to admit, in regard to paragraph 15(e), that Modjeski is a corporation organized and existing under the laws of the State of Pennsylvania, with its domicile in Pennsylvania, and doing business in Louisiana.

16.

Modjeski admits that hurricane Katrina passed through the New Orleans area on August 29, 2005, but is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 16, and, therefore denies each and every allegation contained therein.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 17, and, therefore, denies each and every allegation contained therein.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 18  as respects the Industrial Canal and London Avenue Canal, and denies the allegations about the 17th Street Canal, except to admit that the east side of the 17th Street Canal has an earthen levee with a sheet pile floodwall capped with reinforced concrete and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements" which were prepared pursuant to directives and instructions of and reviewed and approved by the Corps.

19.

Modjeski denies the allegations of paragraph 19, except to admit that soil bearings were taken along the east levee of the 17th Street Canal prior to construction of the floodwall and work on the existing levee, and a report issued regarding the soil properties and capabilities.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 20, and, therefore, denies each and every allegation contained therein.

21.

Modjeski denies the allegations of paragraph 21, except to admit that Eustis Engineering Company, Inc. took soil borings along the east levee of the 17th Street Canal and issued reports about the soil properties and capabilities at various times.

22.

Modjeski denies the allegations of paragraph 22, and refers to the reports of Eustis Engineering Company, Inc. as the best evidence of their comments.

23.

Modjeski denies the allegations of paragraph 23.

24.

Modjeski denies the allegations of paragraph 24.

25.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 25, and, therefore, denies each and every allegation contained herein.

26.

Modjeski denies the allegations of paragraph 26.

27.

Modjeski denies the allegations of paragraph 27.

28.

Modjeski denies the allegations of paragraph 28.

29.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 29, and, therefore, denies each and every allegation contained therein.

30.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph30, and, therefore, denies each and every allegations contained therein.

31.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 31, and, therefore, denies each and every allegation contained therein.

32.

Modjeski admits that Boh Brothers drove sheet piling, along the east levee of the 17th Street Canal and dredged the east side of the canal, and is without knowledge or information sufficient to justify a belief as to the remaining allegations of paragraph 32, and, therefore, denies each and every remaining allegation.

33.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations in paragraphs 33 through 38, and therefore, denies each and every allegation contained therein.

34.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 39 through 43, and, therefore, denies each and every allegation contained therein.

35.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 44 through 49, and, therefore, denies each and every allegation contained therein.

36.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 50 through 55, and, therefore, denies each and every allegation contained therein.

37.

Modjeski denies the allegations against it contained in paragraph 56, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 56, and, therefore, denies each and every remaining allegation contained therein.

38.

Modjeski denies the allegations against it contained in paragraphs 57 and 58, is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraphs 57 and 58, and, therefore, denies each and every remaining allegation contained therein.

39.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 59 through 61, and, therefore, denies each and every allegation contained therein.

40.

Modjeski denies the allegations of paragraphs 62 through 68 and denies that plaintiff's claims meet the requirements of Rule 23, FRCP, for treatment as a class action.

41.

The allegations of paragraph 69 are legal in nature and require no response.  To the extent that further response is required, Modjeski is without knowledge or information sufficient to justify a belief as to the allegations of paragraph 69, and, therefore, denies each and every allegation contained therein.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Ellis B. Murov (#9839)
Keith J. Bergeron (#25574)
John W. Martinez  (#28442)
      of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer has been served this _25th_ day of April, 2006, by telefax and e-mail, upon the following counsel of record:


Randall A. Smith, Esq.
Smith & Fawer L.L.C.
201 St. Charles Avenue
Suite 3702
New Orleans, LA 70170
Fax: 522-2205
E-mail: rasmith@bellsouth.net

Thomas P. Anzelmo
McCranie Sistrunk Anzelmo Hardy
Maxwell & McDaniel
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Fax: 831-2492
E-mail: tanzelmo@mcslaw.com

Robin D. Smith
U.S. Department of Justice (Box 888)
Benjamin Franklin Station
PO Box 888
Washington DC 20044
Fax: 202-616-5200
E-mail: robin.doyle.smith@usdoj.gov

Herman C. Hoffmann, Jr.
Simon Peragine Smith & Redfearn LLP
Energy Center
1100 Poydras Street
30th Floor
New Orleans, LA 70170
Fax: 569-2999
E-mail: hhoffmann@spsr-law.com

Michael R.C. Riess
Kingsmill Riess, LLC
201 St. Charles Ave.
Suite 3300
New Orleans, LA 70170-3300
Fax: 581-3310
E-mail: mriess@kingsmillriess.com

_____
Victor E. Stilwell, Jr.

#101885v1<DKS> -answer-Tauzin 1-13-06

-17-