FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  PM 3: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND JACKIE BERTHELOT, HEBER DUNAWAY, ERIC ANDERSON & AMY JANUSA WIFE OF/AND MICHAEL JANUSA | : : : : | CIVIL ACTION NO. 05-4182  SECTION "K" (2) |
| | : | CONS. KATRINA CANAL |
| VERSUS | : : | |
| BOH BROTHERS CONSTRUCTION CO., ET AL. | : : | |

---

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC. TO PURPORTED CLASS ACTION COMPLAINT, [FIRST] SUPPLEMENTAL AND AMENDING COMPLAINT, AND SECOND SUPPLEMENTAL AND AMENDING COMPLAINT**

---

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action Complaint of Colleen Berthelot, Jackie Berthelot, Heber Dunaway, Eric Anderson, Amy Janusa and Michael Janusa, on behalf of themselves and on behalf of all others similarly situated, respectfully avers:

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

## PRELIMINARY STATEMENT

The Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response.  Admissions or denials of such allegations are, accordingly, difficult or impossible.  Further, many of the allegations of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings.  According, by way of a general response, all allegations are denied unless specifically admitted.  Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the Complaint as a whole.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with the Industrial Canal.

As respects the 17th Street Canal, Modjeski's professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD").  The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps").  OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces.  Modjeski's last services on this project were in April of 1993.

**FOURTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

### FIFTH AFFIRMATIVE DEFENSE

Modjeski avers that the damages alleged in the Complaint were not as a result of fault on its part or any party or person for whom Modjeski is responsible, but as a result of fault on the part of the Corps and others for whom Modjeski is not responsible.  Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

### SIXTH AFFIRMATIVE DEFENSE

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services.  However and to the extent that plaintiffs allege federal question jurisdiction based upon government contractor status, which Modjeski has denied, Modjeski pleads, in the alternative, all defenses available to government contractors.

## MODJESKI'S ANSWER TO THE COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the Complaint as follows:

### 1.

Modjeski denies the allegations of paragraph I.

### 2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph II, and, therefore, denies each and every allegation contained therein.

### 3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph III, and, therefore, denies each and every allegation contained therein.

### 4.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph IV, and, therefore, denies each and every allegation contained therein.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph V, and, therefore, denies each and every allegation contained therein.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of allegations of paragraph 6, and, therefore, denies each and every allegation contained therein.

7.

Modjeski denies the allegations of paragraph VII.

8.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph VIII, and, therefore, denies each and every allegation contained therein.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph IX, and, therefore, denies each and every allegation contained therein.

10.

Modjeski denies the allegations of paragraph X.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XI, and, therefore, denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XII, and, therefore, denies each and every allegation contained therein.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XIII, and, therefore, denies each and every allegation contained therein.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XIV, and therefore denies each and every allegation contained therein.

15.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XV, and, therefore, denies each and every allegation contained therein.

16.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XVI, and, therefore, denies each and every allegation contained therein.

17.

The allegations of paragraph XVII are legal in nature and require no response.  To the extent that further response is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XVII, and, therefore, denies each and every allegation contained therein.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XVIII, and, therefore, denies each and every allegation contained therein.

19.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XIX, and, therefore, denies each and every allegation contained therein.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XX, and, therefore, denies each and every allegation contained therein.

21.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XXI, and, therefore, denies each and every allegation contained therein.

22.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XXII, and, therefore, denies each and every allegation contained therein.

23.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations as paragraph XXIII, and, therefore, denies each and every allegation contained therein.

24.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XXIV, and, therefore, denies each and every allegation contained therein.

25.

The allegations of paragraph XXV are legal in nature and require no response.  To the extent that further response is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XXV, and, therefore, denies each and every allegation contained therein.

**MODJESKI'S ANSWER TO THE
SUPPLEMENTAL AND AMENDING COMPLAINT**

Modjeski responds to plaintiffs' allegations set forth in the paragraphs of the Supplemental and Amending Complaint as follows:

1.

Modjeski denies the allegations of paragraph 1.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 2, and, therefore, denies each and every allegation contained therein.

3.

Modjeski admits the allegations of paragraph 3(e), and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 3, and, therefore, denies each and every remaining allegation contained therein.

4.

Admits the allegations of paragraph 4 as to it, and is without knowledge or information sufficient to justify a belief as to the remaining allegation of paragraph 4, and, therefore, denies each and every remaining allegation contained therein.

5.

Modjeski denies the allegations of paragraph 5.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of allegations of paragraph 6, and, therefore, denies each and every allegation contained therein.

7.

Modjeski denies that it was engaged by the Federal Government or any department or agency thereof, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 7, and, therefore, denies each and every remaining allegation contained therein.

8.

Modjeski denies the allegations of paragraph 8.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 9, and, therefore, denies each and every allegation contained therein.

10.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 10, and, therefore, denies each and every allegations contained therein.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11, and, therefore, denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the paragraph 12, and, therefore, denies each and every allegation contained therein.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 13, and, therefore, denies each and every allegation contained therein.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 14, and, therefore, denies each and every allegation contained therein.

15.

Modjeski denies the allegations of paragraph 15, except to admit that the floodwalls along the Industrial Canal have "I-wall" and "T-wall" sections, and is

without knowledge or information sufficient to justify a belief as to the truth of the allegations regarding London Avenue Canal floodwalls.

16.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 16 about the London Avenue Canal, and denies the allegations about the 17th Street Canal, except to admit that the 17th Street Canal has concrete sections of various dimensions and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements" which were issued for construction by the Corps.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 17 as respects the Industrial Canal and London Avenue Canal, and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side levee Improvements" as the best evidence of the floodwall design for the 17th Street Canal.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 18, and, therefore, denies each and every allegation contained therein.

19.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 19, and, therefore denies each and every allegation contained therein.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 20, and, therefore denies each and every allegation contained therein.

21.

Modjeski denies the allegations of paragraphs 21 through 32.

22.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 33, and, therefore denies each and every allegation contained therein.

23.

Modjeski admits that the purpose of the levees and floodwalls was to provide flood protection for Orleans and Jefferson Parishes, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 34 and, therefore, denies each and every remaining allegation contained therein.

24.

Modjeski denies the allegations asserted against it in paragraphs 35 through 37, except to admit that it prepared drawings and specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements".  Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations, and, therefore, denies each and every remaining allegation contained therein. Modjeski specifically denies that the doctrine of *res ipsa loquitur* is applicable to it for reason that none of the levees were in its custody or control.

25.

The allegations of paragraphs 38 and 39 are legal in nature and require no response.  To the extent that further response is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations

of paragraphs 38 and 39, and, therefore, denies each and every allegation contained therein.

### MODJESKI'S ANSWER TO THE SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the Second Supplemental and Amending Complaint as follows:

1.

Modjeski denies the allegations of paragraph 1.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 2, and, therefore, denies each and every allegation contained therein.

3.

Modjeski admits the allegations of paragraph 3(e), and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 3, and, therefore, denies each and every remaining allegation contained therein.

4.

Modjeski admits the allegations of paragraph 4 as to it, and is without knowledge or information sufficient to justify a belief as to the remaining allegations of paragraph 4, and, therefore, denies each and every remaining allegation contained therein.

5.

Modjeski denies the allegations of paragraph 5.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of allegations of paragraph 6, and, therefore, denies each and every allegation contained therein.

7.

Modjeski denies that it was engaged by the Federal Government or any department or agency thereof, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 7, and, therefore, denies each and every remaining allegation contained therein.

8.

Modjeski denies the allegations of paragraph 8.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 9, and, therefore, denies each and every allegation contained therein.

10.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 10, and, therefore, denies each and every allegation contained therein.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 11, and, therefore, denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 12, and, therefore, denies each and every allegation contained therein.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 13, and, therefore, denies each and every allegation contained therein.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 14, and, therefore, denies each and every allegation contained therein.

15.

Modjeski denies the allegations of paragraph 15, except to admit that the floodwalls along the Industrial Canal have "I-wall" and "T-wall" sections, the floodwalls along the 17th Street Canal are "I-walls", and is without knowledge or information sufficient to justify a belief as to the truth of the allegations regarding London Avenue Canal floodwalls.

16.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 16 about the London Avenue Canal, and denies the allegations about the 17th Street Canal, except to admit that the 17th Street Canal has concrete sections of various dimensions and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17th

Street Canal, Capping of Floodwalls, East Side Levee Improvements" which were issued for construction by the Corps.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 17 as respects the Industrial Canal and London Avenue Canal, and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection - 17[th] Street Canal, Capping of Floodwalls, East Side Levee Improvements" as the best evidence of the floodwall design for the 17th Street Canal.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 18, and, therefore, denies each and every allegation contained therein.

19.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 19, and, therefore, denies each and every allegation contained therein.

20.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 20, and, therefore, denies each and every allegation contained therein.

21.

Modjeski denies the allegations of paragraphs 21 through 32.

22.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 33, and, therefore, denies each and every allegation contained therein.

23.

Modjeski admits that the purpose of the levees and floodwalls was to provide flood protection for Orleans and Jefferson Parishes, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 34 and, therefore, denies each and every remaining allegation contained therein.

24.

Modjeski denies the allegations asserted against it in paragraphs 35 through 37, except that Modjeski admits that it prepared drawings and

specifications for the project entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements". Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations and, therefore, denies each and every remaining allegation contained therein. Modjeski specifically denies that the doctrine of *res ipsa loquitur* is applicable to it for reason that none of the levees were in its custody or control.

25.

The allegations of paragraphs 38 and 39 are legal in nature and require no response. To the extent that further response is required, Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 38 and 39, and, therefore, denies each and every allegation contained therein.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer and Defenses be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Ellis B. Murov (#9839)
Keith J. Bergeron (#25574)
John W. Martinez  (#28442)
     of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Answer has been served this _____ day of April, 2006, by telefax and e-mail, upon the following counsel of record:


Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P.O. Drawer H
Reserve, LA 70084
Fax: (985) 536-6445
E-mail: dbecnel@becnellaw.com

Michael R.C. Riess
Kingsmill Riess, LLC
201 St. Charles Ave.
Suite 3300
New Orleans, LA 70170-3300
Fax: 581-3310
E-mail: mriess@kingsmillriess.com

Richard John Tyler
Jones, Walker, Waechter,
Poitevent, Carrere & Denegre
Place St. Charles
201 St. Charles Ave.
50th Floor
New Orleans, LA 70170-5100
Fax: 582-8010
E-mail: rtyler@joneswalker.com

Thomas Livingston Gaudry, Jr.
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Avenue
P.O. Box 1910
Suite 500
Gretna, LA 70054-1910
Fax: 362-5938
E-mail: tgaudry@grhg.net

Wayne J. Lee
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
Fax: 581-3361
E-mail: wlee@stonepigman.com

Ralph Shelton Hubbard, III
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St.
Suite 2775
New Orleans, LA 70130
Fax: 310-9195
E-mail: rhubbard@lawla.com

Herman C. Hoffmann, Jr.
Simon Peragine Smith & Redfearn LLP
Energy Center
1100 Poydras Street
30th Floor
New Orleans, LA 70170
Fax: 569-2999
E-mail: hhoffmann@spsr-law.com

Christopher Kent Tankersley
Burglass & Tankersley, LLC
5213 Airline Drive
Metairie, LA 70001
Fax: 836-2221
E-mail: ctankersley@burglass.com

Thomas P. Anzelmo
McCranie Sistrunk Anzelmo Hardy
Maxwell & McDaniel
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Fax: 831-2492
E-mail: tanzelmo@mcslaw.com

Victor E. Stilwell, Jr.

#98650v1<DKS> -Answer-Berthelot

-27-