# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE UNITED STATES OF AMERICA; and THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, NEVADA, NEW HAMPSHIRE, NEW MEXICO, NEW YORK TENNESSEE, and TEXAS; and THE COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA; and THE DISTRICT OF COLUMBIA; *ex rel.* KASSIE WESTMORELAND,<br><br>Plaintiffs,<br><br>v.<br><br>AMGEN, INC.; INTERNATIONAL NEPHROLOGY NETWORK renamed INTEGRATED NEPHROLOGY NETWORK, a d/b/a/ of DIALYSIS PURCHASING ALLIANCE, INC.; AMERISOURCEBERGEN SPECIALTY GROUP; ASD HEALTHCARE; and AMERISOURCEBERGEN CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 06-10972-WGY |

**PLAINTIFF/RELATOR KASSIE WESTMORELAND'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT AMGEN'S <u>FIRST REQUESTS FOR ADMISSION</u>**

Relator Kassie Westmoreland ("Relator"), by and through her undersigned attorneys, in compliance with Rule 36 of the Federal Rules of Civil Procedure and Rule 36.1 of the Local Rules of the District of Massachusetts, hereby responds to Defendant Amgen's First Requests for Admission (the "Requests").

Amgen has propounded Requests to Relator on her behalf and on behalf of the United States and the States of Texas, Georgia and New Mexico. Since the Requests were propounded, Texas has intervened and filed a notice of voluntary dismissal in its suit against Defendants without prejudice and is therefore an intervening party to the above-captioned action (the "Action"). Relator does not answer for the State of Texas. The United States and the States of New Mexico and Georgia have not intervened in the Action and do not regard themselves as parties to the Action for purposes of discovery. Accordingly, and notwithstanding Amgen's Requests to Relator on behalf of those sovereign entities, Relator's responses thereto will be limited to her knowledge in accordance with Rule 36.

**GENERAL OBJECTIONS TO REQUESTS AND INSTRUCTIONS**

The following General Objections apply to each and every one of Amgen's Requests, and are part of Relator's responses to each and every Request for Admission propounded to her, unless expressly waived in her individual responses:

1. Relator objects to the Requests to the extent that any Request purports to impose obligations upon the Relator beyond those authorized by the Local Civil Rules of the United States Court for the District of Massachusetts, and the Federal Rules of Civil Procedure.

2. In admitting or otherwise responding to any Request, Relator does not waive, and hereby expressly reserves, its rights to assert any and all objections to the admissibility of such responses or admissions into evidence in this action on any and all grounds, including but not limited to competency, relevance, and materiality. In admitting or otherwise responding to any Request, Relator does not waive, and hereby

expressly reserves, its rights to assert with respect to any subject matter covered by the Request any privilege including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the joint-cooperation, joint prosecution, and common interest privileges, law enforcement privilege, the informant's privilege, the deliberative process and/or public interest privilege, or any other applicable privilege, protection, or immunity against disclosure.

3. Each Request is denied except to the extent expressly admitted. Admissions made herein are made solely for purposes of this action, and are not to be construed as admissions for any other purpose or to be admissible in any other proceedings.

4. Relator objects to Definition No. 2 of the terms "You" or "Your" to the extent that it is vague and ambiguous, as well as overly broad, irrelevant, and unduly burdensome to the extent that the definition purports to include persons and entities insufficiently connected to the Relator herself, Kassie Westmoreland. Relator specifically notes that she does not purport to respond on behalf of any sovereign entity regarding knowledge solely in their custody or control.

5. Relator objects to Definition No. 4 of the term "Government Health Care Programs" to the extent that it is vague and ambiguous.

6. Relator objects to Definition No. 9 of the term "GPO" to the extent that "GPO" is used to refer to a "group purchasing organization" other than a "group purchasing organization" as defined at 21 CFR § 203.3(o).

7. Relator objects to each of the Requests to the extent that they fail to specify a relevant time period, and, particularly, to the extent that they seek admissions pertaining to periods prior to when Aranesp was approved for sale.

8. Relator objects to the Requests to the extent they seek or call for information or documents protected by the attorney-client privilege, attorney work product doctrine, joint investigative privilege, law enforcement privilege, or any other applicable privilege, protection, or immunity against disclosure. In responding to these Requests, Relator does not waive any such privileges or protections. Relator further objects to the Requests to the extent they seek information concerning communications between Relator and its litigation counsel related to the preparation or prosecution of Relator's lawsuit. Relator does not intend by these Responses and Objections, or by the inadvertent production of privileged documents or information, to waive any protection to which Relator is entitled.

9. Relator objects to the Requests to the extent they seek to impose obligations different from or broader than those imposed by Rule 36 of the Federal Rules of Civil Procedure and Local Rule 36.1 of the United States District Court for the District of Massachusetts

10. Relator objects to the Requests to the extent that they are vague, overly broad, irrelevant, or not reasonably calculated to lead to admissible evidence. By responding to these Requests, Relator does not concede the relevance or admissibility of any information provided or response given.

11. Relator objects to the Requests to the extent that they seek information that is not within Relator's knowledge, call for information that is publicly available, and/or is equally available to Amgen.

12. Relator objects to the Requests to the extent that they call for conclusions of law, to which no response is required. To the extent any response is appropriate, such Requests are denied.

13. Relator reserves the right to alter, supplement, amend, or otherwise modify her objections and responses to these Requests, including based on discovery that will occur in this Action.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

These responses are made without waiver of, and with preservation of:

(i) the right to object to the competency, relevancy, materiality, confidentiality, privilege, or admissibility of the subject matter of any of the Requests for any purpose in any further proceedings in the Action (including the trial of this Action), and in any other action;

(ii) the right to object on any ground to use of these Responses in future proceedings in the Action (including the trial of this Action); and

(iii) the right to revise, correct, and to supplement or clarify any of the responses contained herein.

In addition to the foregoing, Relator makes the following Specific Objections and Responses to Amgen's Requests:

**Request No. 1:**

**Admit that Overfill is necessary to ensure that Medical Providers are able to administer the proper doses of an injectable drug.**

Response to Request No. 1:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, Relator admits that it is her understanding that some level of overfill may be necessary and appropriate, but alleges that Amgen and its co-defendants engaged in a scheme involving the deliberate placement of excessive levels of overfill in vials beyond what was purportedly "necessary," and caused false and fraudulent billings to occur for these unnecessary amounts of overfill. Relator denies that the Overfill contained in Aranesp vials is necessary to ensure that Medical Providers are able to administer "proper doses" of Aranesp. This Request is otherwise denied.

**Request No. 2:**

**Admit that you have been aware since at least 2002 that some Medical Providers administer Overfill.**

Response to Request No. 2:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Relator further objects that the use of the term "aware" as used in this Request is vague. In response to the meet and confer held with Defendants' counsel on February 17, 2010, Relator will interpret the meaning of "aware" in this Request as requesting an admission that Relator knew, was told, or believed that Medical Providers administered Overfill. Subject to these and the General Objections, Relator states that, while she did not observe Medical Providers administering Overfill of Aranesp since 2002, she admits that upon her employment with Amgen, which began in 2002, she was informed indirectly that some Medical Providers administered Overfill. This Request is otherwise denied.

**Request No. 3:**

**Admit that you have been aware since at least 2002 that some Medical Providers seek reimbursement for Overfill.**

Response to Request No. 3:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, Relator admits that she is aware that Amgen encouraged Medical Providers to seek reimbursement for overfill of Aranesp and that the Complaint filed by Intervening States includes information setting forth allegations that some Medical Providers sought reimbursement for Aranesp Overfill at various times. This Request is otherwise denied.

**Request No. 4:**

**Admit that the USP Reference Standard described in Paragraph 57 of the First Amended Multi-State Complaint does not constitute a legally binding requirement regarding the amount of Overfill that may be included in a vial of an injectable drug.**

Response to Request No. 4:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overly broad and irrelevant to the extent that it calls for a pure conclusion of law. Subject to these and the General Objections, this Request is denied.

**Request No. 5:**

**Admit that vials of injectable drugs other than Aranesp contain Overfill of more than 10% of the labeled volume.**

Response to Request No. 5:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp, and to the extent that it seeks a conclusion regarding an undefined set of "vials of injectable

drugs," without any limitation whatsoever. Subject to these and the General Objections, after making reasonable inquiry, Relator admits that she has seen written materials referring to vials of Procrit and Epogen with Overfill of greater than 10%, but she is without sufficient knowledge to admit or deny whether vials of injectable drugs other than Aranesp actually contain Overfill of more than 10% of the labeled volume. This Request is otherwise denied.

**Request No. 6:**

**Admit that no state or federal statute or regulation limits the amount of Overfill that may be included in a vial of an injectable drug.**

Response to Request No. 6:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overly broad and improper to the extent that it calls for a pure conclusion of law and contains no limitation as to time or scope. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, this Request is denied.

**Request No. 7:**

**Admit that no state or federal statute or regulation prohibits Medical Providers from administering Overfill.**

Response to Request No. 7:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overly broad and improper to the extent that it calls for a pure conclusion of law and contains no limitation as to time or scope. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, this Request is denied.

**Request No. 8:**

**Admit that no state or federal statute or regulation prohibits Medical Providers from billing for Overfill that is medically necessary and actually administered to a patient.**

Response to Request No. 8:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overly broad and improper to the extent that it calls for a conclusion of law, assumes facts not in evidence, and contains no limitation as to time or scope. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, this Request is denied.

**Request No. 9:**

**Admit that You have not initiated any action based on a violation of state or federal anti-kickback laws against any other drug manufacturer based upon the Overfill contained in the vial of an injectable drug.**

Response to Request No. 9:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Subject to these and the General Objections, Relator admits that she has not brought any legal action against a drug manufacturer other than this Action.

**Request No. 10:**

**Admit that Government Healthcare Programs reimburse Medical Providers for the administration of Overfill when the administration is determined to be medically necessary.**

Response to Request No. 10:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a conclusion of law, assumes facts not in evidence, and contains no limitation as to time or scope. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp, provides no information regarding how "the administration is determined to be medically necessary," and purports to require Relator to opine on all the criteria that may be considered by Government Healthcare Programs to accept or reject reimbursement requests from Medical Providers. Subject to these and the General Objections, this Request is denied.

**Request No. 11:**

**Admit that no state or federal statute or regulation prohibits sole source contracts between GPOs and drug manufacturers pursuant to which a GPO contracts for the purchase of a manufacturer's products without contracting for the purchase of any competing products.**

Response to Request No. 11:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a conclusion of law, assumes facts not in evidence, and contains no limitation as to time or scope. Subject to these and the General Objections, this Request is denied.

**Request No. 12:**

**Admit that no state or federal statute or regulation prohibits GPOs from discussing the reimbursement of Overfill with Medical Providers.**

Response to Request No. 12:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a pure conclusion of law and contains no limitation as to time or scope. Relator further objects to this Request as overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect to any drug other than Aranesp. Subject to these and the General Objections, this Request is denied.

**Request No. 13:**

**Admit that the Food and Drug Administration reviews the amount of Overfill in injectable drugs as part of its review and approval of injectable drugs.**

Response to Request No. 13:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a pure conclusion of law and is not limited as to time or scope. Relator

objects to this Request to the extent that it seeks information that Relator does not possess and could not readily obtain after reasonable inquiry. This Request is denied.

**Request No. 14:**

**Admit that the Food and Drug Administration monitors the amount of Overfill in injectable drugs as part of its inspections of manufacturing facilities.**

Response to Request No. 14:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a pure conclusion of law, assumes facts not in evidence, is not limited as to time or scope, and purports to request an admission regarding every Food and Drug Administration inspection of any manufacturing facility. Relator further objects to this Request to the extent that it seeks information that Relator does not possess and could not readily obtain after reasonable inquiry. Subject to these and the General Objections, this Request is denied.

**Request No. 15:**

**Admit that no state or federal statute or regulation prohibits GPOs from discussing the economics and profits relating to drug purchases with the GPO's members.**

Response to Request No. 15:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a pure conclusion of law and is not limited as to time or scope. Relator objects to the phrase "discussing the economics and profits relating to drug purchases" as vague and interprets the phrase as including discussions that could be illegal under federal and state law, including Anti-Kickback Acts, False Claims, and conspiracy statutes. Subject to these and the General Objections, this Request is denied.

**Request No. 16:**

**Admit that no state or federal statute or regulation prohibits a drug manufacturer from calculating a GPO's administrative fee based on the share of sales or market share for that manufacturer's drug among a GPO's members.**

Response to Request No. 16:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and improper to the extent that it calls for a pure conclusion of law, assumes facts not in evidence, and is not limited as to time or scope. Subject to these and the General Objections, this Request is denied.

**Request No. 17:**

**Admit that no state or federal statute or regulation prohibits a drug manufacturer's sales representatives from conducting joint sales visits with a GPO's representatives.**

Response to Request No. 17:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator further objects to this Request as overbroad and irrelevant to the extent that it calls for a legal conclusion. Relator objects to the phrase "conducting joint sales visits" as vague and interprets the phrase as referring to legitimate sales visits that do not include communications, inducements, or sales that could be illegal under federal and state law, including Anti-Kickback Acts, False Claims, and conspiracy statutes. Subject to these and the General Objections, Relator admits that she is not aware of any state or federal regulation prohibiting a drug manufacturer's sales representatives from conducting legitimate joint sales visits with a GPO's representatives, but denies that drug manufacturers or employees of GPOs may engage in conduct that violates state or federal Anti-Kickback or False Claims statutes. This Request is otherwise denied.

**Request No. 18:**

**Admit that You have no first-hand, independent knowledge of Amgen's operations after the date on which your disability leave began.**

Response to Request No. 18:

Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence. Relator objects that the terms "first-hand, independent knowledge" and "of Amgen's operations" are vague. Relator will interpret this Request as seeking admission that Relator has not provided services for Amgen since the date on which her disability leave began. Subject to these and the General Objections, Relator admits that she has not provided services for Amgen since the date on which her disability leave began.

February 26, 2010

RELATOR KASSIE WESTMORELAND

By her attorneys,

/s/ Suzanne E. Durrell

Suzanne E. Durrell
(Mass. BBO #139280)
*DURRELL LAW OFFICE*
180 Williams Avenue
Milton, Massachusetts 02186
(617) 333-9681
Fax: (617) 333-0014
Email: Suzanne.durrell@verizon.net

/s/ Robert M. Thomas, Jr.

Robert M. Thomas, Jr.
(Mass. BBO #645600)
*THOMAS & ASSOCIATES*
280 Summer Street, 5th Floor
Boston, MA 02210-1131
(617) 371-1072
Fax: (888) 676-7420
Email: rmt@thomasandassoc.net

/s/ Rory Delaney

Rory Delaney (BBO #655666)
33 Broad Street, 5th Floor
Boston, MA 02109
(857) 498-0384
Email: rory@rorydelaney.com

/s/ Charles F. Kester

Charles F. Kester (pro hac vice)
Lawrence M. Isenberg (pro hac vice)
*KESTER & ISENBERG*
Encino Financial Center
16133 Ventura Boulevard, Suite 260
Encino, California 91436
(818) 728-3300
Fax: (818) 728-3311

Silvija A. Strikis /bac

Mark C. Hansen (Mass. BBO # 541753)
Silvija A. Strikis (pro hac vice)
Joseph S. Hall (pro hac vice)
Derek T. Ho (Mass. BBO # 652627)
Marc A. Wallenstein (pro hac vice)
Bryan A. Carey (Mass. BBO # 650570)
*KELLOGG, HUBER, HANSEN, TODD EVANS & FIGEL, P.L.L.C.*
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
Fax: (202) 326-7999