# EXHIBIT 9

# McDermott Will & Emery

Boston   Brussels   Chicago   Dusseldorf   Houston   London   Los Angeles   Miami   Milan
Munich   New York   Orange County   Rome   San Diego   Silicon Valley   Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Douglas E. Whitney
Attorney at Law
dwhitney@mwe.com
+1 312 984 6991

February 11, 2010

BY ELECTRONIC MAIL

Suzanne E. Durrell
Durrell Law Office
180 Williams Ave.
Milton, MA 02186

Rory Delaney, Esq.
33 Broad Street, 5th Floor
Boston, MA 02109

Robert M. Thomas, Jr.
Thomas Associates
280 Summer Street, 5th Floor
Boston, MA 02210-1131

Charles F. Kester
Lawrence M. Isenberg
Kester & Isenberg
Encino Financial Center
16133 Ventura Boulevard, Suite 260
Encino, CA 91436

Re:   United States ex rel. Kassie Westmoreland v. Amgen, et al.
      No.: 06-10972-WGY (U.S. Dist. Ct. of Mass.)

Dear Counsel:

I am writing to outline the deficiencies in the written responses (the "Responses") dated February 5, 2010 that you provided for Relator Kassie Westmoreland's ("Relator") to Amgen Inc.'s ("Amgen") First Set of Requests for Admission ("Requests"), and to request a formal meet and confer concerning these Responses pursuant to Local Rule 37.1. Please confirm your availability for a meet and confer on these issues on February 15, 2010. We believe it makes sense to schedule this meeting on the same day as our meeting concerning Relator's Responses to Amgen's Request for Production given the short discovery timeline. Moreover, in light of the discovery schedule set by the Court, we also want to inform you now that if we do not receive amended Responses appropriately addressing these issues by February 22, 2010, we will proceed to present these issues to the Court.

## I.   Relator Has Improperly Refused to Produce Documents Regarding the Administration and Reimbursement of the Overfill of Other Drugs

Relator has conditioned a number of her Responses based on her objection that a Request is "overbroad and ambiguous to the extent that it seeks a response concerning Overfill with respect

to any drug other than Aranesp." This objection is improper. Rule 36 broadly allows for requests for admissions concerning any facts, the application of law to fact, or opinions about either" within the scope of Rule 26(b)(1). Rule 26(b)(1), of course, allows parties to obtain discovery into any nonprivileged matter "that is relevant to any party's claim or defense." As you know, the requested information need not be admissible to be discoverable as long as it "is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery related to overfill in drugs other than Aranesp® is relevant to both claims and defenses in this case.

Relator has alleged that any overfill beyond a certain limit (10%) is improper and a claim for reimbursement for any amount of overfill is unlawful. Accordingly, Amgen is entitled to discovery concerning overfill amounts in other drugs because, to the extent these approved amounts exceed 10%, they would be relevant to Relator's allegation that any overfill beyond 10% is unlawful. Moreover, Relator has alleged that the purpose of Amgen's alleged unlawful activities "was to gain market share for Aranesp® over its competitor drug Procrit®," (Complaint, ¶ 8), which squarely thrusts issues concerning the use and administration of Procrit® into this litigation. Given Relator's broad allegations regarding overfill "requirements" and the alleged unlawfulness of billing for overfill, the requested information regarding overfill is plainly discoverable and clearly relevant to the State's claims and Amgen's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Further, even Relator appears to recognize that overfill amounts in drugs other than Aranesp® are relevant to this litigation when, in response to Request No. 5, she "admits that she has seen written materials referring to vials of Procrit and Epogen with Overfill of up to 11%." It is arbitrary for Relator to reference drugs other than Aranesp® in this Response, but not in any other. Second, issues concerning the administration and reimbursement of overfill in other drugs is important to Amgen's defenses, including but not limited to the awareness of a state or the federal government concerning the use and administration of overfill in other drugs, and the reimbursement for that overfill.

Accordingly, Relator should withdraw her objection that the Requests are overbroad and irrelevant to the extent that they seek responses regarding "Overfill with respect to any drug other than Aranesp," and should provide amended responses that are not limited by that improper objection. Specifically, the State should amend Response Nos. 1, 2, 3, 5, 6, 7, 10, and 12.

As set forth above, if we do not receive corrected Responses addressing these issues by February 22, 2010, we will proceed to present these issues to the Court.

## II. Relator's General Time Period Objection is Improper

In her General Objection No. 7, Relator objects to the Requests "to the extent that they seek admissions pertaining to periods prior to when Aranesp was approved for sale," which presumably refers to the FDA's approval of Aranesp® in September 2001. This objection is

Counsel for Relator
February 11, 2010
Page 3

improper and should be withdrawn. First, Relator's own allegations implicate drugs other than Aranesp®. Specifically, the Complaint raises allegations concerning other injectable drugs, particularly Epogen® and Procrit®, that also involved overfill. (*See, e.g.*, Complaint, ¶¶ 70-77). Many of these other injectable drugs, including Procrit® and Epogen®, were administered prior to Aranesp®'s approval in September 2001. Thus, information concerning the marketing, administration, and reimbursement of those drugs prior to September 2001 is discoverable, and Relator's objection is without merit. Accordingly, Relator should withdraw the portion of General Objection No. 4 pertaining to the relevant time frames.

### III.  Relator Improperly Objects to Requests as Seeking Conclusions of Law

Relator contends that a number of Requests call for "pure conclusion[s] of law." Pursuant to Fed. R. Civ. P. 36(a)(1)(A), a party may serve a request to admit relating to "facts, the applications of law to fact, or opinions about either." *See Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. Tex. 2001) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."). Relator's numerous objections to the Requests as seeking conclusions of law are misplaced. First, the Requests do not seek pure conclusions of law, but rather seek admissions as to the mere existence of a law, which is a factual matter. Moreover, to the extent the Requests go beyond the mere existence of a law, they call for applications of law to the facts of the case, which is entirely proper.

First, Relator is wrong to contend that the Requests call for pure conclusions of law when they actually ask for an admission to confirm the existence of a law—which is a factual matter. For example, Request No. 4 asks Relator to: "[a]dmit that the USP Reference Standard described in Paragraph 57 of the First Amended Multi-State Complaint does not constitute a legally binding requirement regarding the amount of Overfill that may be included in a vial of an injectable drug." Relator objects to this request as "overly broad and irrelevant to the extent that it calls for a pure conclusion of law." However, this Request seeks an admission as to whether the referenced USP standard is recognized as a binding legal standard. The existence of a law is a matter of fact, not a legal conclusion. As such, Requests fall well within the scope of Rule 36. *See, e.g.*, Request Nos. 6 (admit that no statute or regulation limits the amount of overfill in a vial of an injectable drug); 7 (admit that no statute or regulation prohibits Medical Providers from administering overfill); 8 (admit that no statute or regulation prohibits Medical Providers from billing for overfill that is medically necessary and actually administered); 11 (admit that no statute or regulation prohibits sole source contracts between GPO's and drug manufacturers); 12 (admit that no state or federal statute or regulation prohibits GPO's from discussing reimbursement of overfill with Medical Providers); 15 (admit that no statute or regulation prohibits GPO's from discussing economics and profits); 16 (admit that no statute or regulation prohibits calculating GPO administrative fees based on market share); 17 (admit no statute or regulation prohibits joint sales visits).

Likewise, Request Nos. 13 and 14 ask for admissions concerning the FDA's review and monitoring of overfill levels in injectable drugs as part of its approval of the drugs and

Case 1:06-cv-10972-WGY   Document 185-10   Filed 03/19/10   Page 5 of 7

Counsel for Relator
February 11, 2010
Page 4

inspections of the drug manufacturing facilities. Yet, Relator inexplicably objects to these Requests as calling for pure conclusions of law. To the contrary, these Requests ask for an admission of facts, specifically the conduct of the FDA in particular settings that are highly relevant to this case.

Moreover, the Requests are proper and non-objectionable even if it were possible to construe the Requests as implicating issues of law. Admissions of pure law as related to or applied to the facts of the case are entirely proper. For example, in *Ransom v. United States*, 8 Cl. Ct. 646, 648 (Cl. Ct. 1985), the court interpreted Rule 36(a) of the Rules of the United States Court of Claims, which tracks Fed. R. Civ. P. 36(a) and observed:

> A common principle follows from these observations. Requests for admission under RUSCC 36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable.

It is thus entirely proper to ask another party "to admit that if a certain factual situation is found to exist, a certain legal outcome results. This is precisely the kind of request contemplated by Rule 36(a)." *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423-424 (N.D. W. Va. 2006); *see also Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) (Rule 36 permits requests for admissions concerning party's legal obligations under contract underlying lawsuit). Accordingly, Relator should withdraw her "legal conclusion" objection and amend her Responses accordingly.

### IV.     Relator's Representation of "Reasonable Inquiry" is Inadequate

Request No. 5 asks the Relator to "[a]dmit that vials of injectable drugs other than Aranesp® contain Overfill of more than 10% of the labeled volume." The Relator responds, in part, by stating that "after making reasonable inquiry, Relator admits that she has seen written materials referring to vials of Procrit and Epogen with Overfill up to 11%, but she is without sufficient knowledge to admit or deny whether vials of injectable drugs other than Aranesp actually contain Overfill of more than 10% of the labeled volume."

Pursuant to Fed. R. Civ. P. 36(a)(4), the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Relator's conclusory assertion of making a "reasonable inquiry" is inadequate. Amgen requests that Relator state what that inquiry involved. An inquiry that does not involve questioning other parties, specifically those who have an identity of interests (*i.e*, the federal government), much less a review of publicly available information, is not reasonable. *See, e.g., Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004); *Uniden America Corp. v. Ericsson, Inc.*, 181 F.R.D. 302, 304 (M.D.N.C. 1998).

Relator's bald statement of having conducted a "reasonable inquiry" is insufficient and must be clarified.

### V. Relator's Boilerplate Objections are Improper and Must be Withdrawn or Clarified

The Relator begins *every Response* with the following salvo: "Relator objects to this request to the extent that it is vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence." This blanket, boilerplate objection is improper. Rule 36(a)(5) requires that the "grounds for objecting to a request must be stated." A broad objection that a Request is "overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Wagner*, 238 F.R.D. at 424 (quotation omitted). *See also Old Reliable Wholesale, Inc. v. Cornell Corp.*, 2008 U.S. Dist. LEXIS 54573 (N.D. Ohio June 4, 2008) (quotation omitted) ("Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery."). Thus, broad objections that sweepingly contend a Request to be "irrelevant" fail to satisfy Rule 36. *Wagner*, 238 F.R.D. at 424. Rather than offering conclusory allegations that "a request is irrelevant, immaterial, unduly burdensome, or overly broad ... the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad." *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995).

Accordingly, Relator should withdraw entirely her boilerplate objection or clarify that stock objection and show how each Request is "vague, overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to admissible evidence."

### VI. Relator's Construction of Request No. 2 is Incorrect

Request No. 2 asks Relator to "[a]dmit that you have been aware since at least 2002 that some Medical Providers administer Overfill. Relator objects to the term "aware" as vague and asserts that she "will interpret that this Request as request an admission that Relator observed Medical Providers administering Overfill of Aranesp in 2002." Subject to that and other objections, Relator then denied this Request. Relator's objection is improper for two reasons. First, the Relator is wrong to narrow the term "aware" simply to what she observed. Amgen used the term "aware" as it is naturally construed—"having or showing realization, perception, or knowledge." *See http://www.merriam-webster.com/dictionary/aware*.[1] Moreover, Relator further limits her Response by only responding as to what she saw "in 2002." The Request, however, asks for an admission concerning the administration of overfill "since at least 2002."

Thus, the Request does not simply ask for what Relator, herself, saw in 2002, and the Response should be amended accordingly, or it will be deemed admitted.

---

[1] In her Response to Request No. 3, Relator uses the term "aware" in what is clearly a broader sense, further belying the narrow construction offered in her Response to Request No. 2.

Counsel for Relator
February 11, 2010
Page 6

### VII. Relator's Construction of Request No. 18 is Incorrect

Request No. 18 asks Relator to "[a]dmit that You have no first-hand, independent knowledge of Amgen's operations after the date on which your disability leave began." Relator objects to the terms "first-hand, independent knowledge" and "of Amgen's operations" as vague, and then goes on to interpret the Request as seeking an admission that Relator has not provided services to Amgen after the date her disability leave began. That construction is improper. Indeed, it creates a redundancy that renders Relator's answer non-responsive, as it essentially admits only that Relator has not worked at Amgen since her disability leave began. However, the Request asks something different. Amgen asks whether Relator has first-hand knowledge of Amgen's business operations after the date of her disability leave. Thus, Amgen does not ask what services Relator has provided to Amgen, but what knowledge, if any, Relator has of Amgen.

We trust that this explanation clarifies any vagueness that you saw in Request No. 18, and we therefore expect a revised Response from the Relator.

### VIII. Relator Should Clarify Her Response to Request No. 4

In Response to Request No. 4, Relator refuses to admit that Chapter 1151 of the USP Reference Standards, which are described in Paragraph 57 of the First Amended Multi-State Complaint, does not contain legally binding requirements. Please confirm that the Relator has conducted a reasonable inquiry before providing this Response and identify the basis for your contention that the provisions of Chapter 1151 of the USP Reference Standards contain legally binding requirements.

\* \* \*

I look forward to your prompt response regarding these matters and am hopeful that we can resolve these issues without needing to present them to the Court. However, as noted above and due to the accelerated discovery schedule set by the Court, we will proceed to present these issues to the Court if we do not receive corrected Responses from you by February 22, 2010.

Sincerely,

Douglas E. Whitney
DEW/set

CH199 5215300-4 041925 0098