# EXHIBIT 10

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

February 16, 2010

**Via Electronic Mail**
Douglas E. Whitney
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096

    Re:    *United States of America ex rel. Westmoreland et al. v. Amgen, Inc. et al.*, Civil Action No. 06-10972 – WGY (D. Mass.)

Dear Doug:

I write in response to your letters of February 10 and 11, 2010, regarding Relator's Responses to Amgen's Requests for Production and Requests for Admission.

Relator's Initial Disclosures. Relator has fully complied with her current disclosure obligations. Relator's Initial Disclosures contain a well-developed damages calculation methodology that spans eight pages. (*See* Initial Disclosures at 88-95). Relator also has produced thousands of documents, totaling approximately 150,000 pages, to Amgen, many of which are relevant to the issue of damages. *See Charter Envtl., Inc. v. Shaw Envtl., Inc.*, No. 07-cv-11609, 2009 U.S. Dist. LEXIS 83404, at *48-*50 (D. Mass. Sept. 14, 2009) ("I find that the Defendants satisfied their obligations under Rule 26(a)(1)(A)(iii) by producing thousands of pages of documents . . . that go toward computation of damages."). Moreover, contrary to Amgen's suggestion, Relator is not aware of any nonprivileged documents relating to damages that have been withheld from production.

Amgen's reliance on wholly inapposite precedent—one case addressing failure to supplement a damages interrogatory response *after* the close of both fact and expert discovery (*AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70 (D. Mass. 2008)) and a summary judgment case wholly off point (*MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48 (1st Cir. 1987))—does not support a premature demand for more information. The Federal Rules, the law, and the Court's Case Management Order make clear that Relator has provided Amgen with sufficiently detailed information regarding the false claims at issue for this stage of the litigation. That is particularly

the case, given that Amgen and other defendants have not yet produced records relevant to their involvement in the filing of false claims relating to Aranesp. *See United States ex rel. Repko v. Guthrie Clinic, P.C.*, No. 04-CV-1556, 2009 U.S. Dist. LEXIS 53070, at *6-*9 (M.D. Pa. June 23, 2009) (concluding that relator complied with Rule 26(a)(1)(A)(iii) where he "used the formula set forth in the False Claims Act to provide a damage calculation" and where certain exhibits and documents used for the calculation were allegedly in defendants' possession).

In addition, neither Relator nor the other Intervening Parties are required to state damages with specificity at this point in the litigation, particularly when it is anticipated that experts will be retained by the parties to provide damages computations, as appropriate to this case and at a time that is consistent with the Court's Case Management Order. *See, e.g., Convolve Inc. v. Compaq Computer Corp*, 223 F.R.D. 162, 173-74 (S.D.N.Y. 2004) ("Particularly in advance of an exchange of expert reports, the purpose of damages interrogatories is not to inquire into every specific factual detail that a party will rely on, but rather to determine the categories of damages sought, the methodologies for calculating them, and the general types of evidence on which the calculations are ultimately grounded.").

In any event, Relator fully expects that, as discovery progresses, information will be produced that will permit the parties to refine the damages calculations relevant to Amgen's misconduct relating to Aranesp, at which time damages models will be supplemented as appropriate, and consistent with Rule 26(e).

Production of Relator's Tax Returns. We do not believe that Relator's income tax returns are subject to production and do not understand how Amgen's request for them meets the requirements of Fed. R. Civ. Pro. 26(b). We would be happy to discuss this issue during the meet-and-confer tomorrow.

Privilege Log & Document Production Issues. We believe that we have fully complied with the privilege log and hard copy document production format described in Amgen's letter. Please advise us of any specific issues that remain during the meet-and-confer tomorrow.

Amgen's Objections to Relator's Responses to Requests for Admissions. Amgen's first and second objections concern the adequacy of Relator's production of documents, not the content of Relator's Responses to Amgen's Requests for Admission. In any event, Relator is not aware of any non-privileged documents that that have been withheld on the basis that they relate to drugs other than Aranesp, or on the basis that they relate to periods prior to 2001.

Amgen's Inapposite Objections. The content of Amgen's letter makes clear that some of the issues presented to Relator have been cut-and-pasted from Amgen's objections to other parties in this suit. The request on page 2 of your February 11 letter, for example, directs that

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Douglas E. Whitney
February 16, 2010
Page 3

"the State should amend" its responses. Objections that do not concern Relator should be directed to the appropriate parties.

Amgen's Demand for Legal Conclusions from Relator. With respect to Amgen's third objection, Amgen's requests ask Relator—who is not an attorney—to admit that no statutes or regulations exist that prohibit certain conduct, and to admit that certain standards contained in the USP DI are not legally binding. Amgen recognizes that requests for admissions seeking pure conclusions of law are improper, but seeks to distinguish its requests as seeking the application of law to fact.

Amgen overlooks that Relator is not an attorney. Whether state or federal laws or regulations exist that prohibit certain conduct is an inappropriate question of law for admission, particularly in Relator's case, because it purports to call for Relator to canvas the laws and regulations of all 50 states and the United States and make judgments about their requirements. It is questionable, in fact, whether even an attorney could conduct legal research sufficient to guarantee that certain conduct is not prohibited by *any* state or federal law or regulations, in a matter involving allegations such as those in this case, where it is alleged that defendants filed false claims, asserting that they were legitimate. Similarly, whether the standards contained in USP DI are legally binding is a pure question of law not properly the basis of a request for admission from Relator. *See Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 165 (N.D. Ohio 1964) (sustaining objections to requests for admission that were "replete with terms of legal significance" and would "force these laymen to assent to sentences containing terms which might be beyond their full comprehension"); *see also Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990) (concluding that requests for admission "seeking a bald legal conclusion that certain patent claims are invalid" are impermissible and observing that "whether a patent is valid calls for a legal conclusion although its answer may depend upon factual inquiries").

Amgen's reliance upon *Ransom v. United States*, 8 Cl. Ct. 646 (1985) and *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 420 (N.D. W. Va. 2006) is misplaced. In *Ransom*, the court sustained the objection that requests for admissions regarding certain jurisdictional attributes of the case were pure conclusions of law. 8 Cl. Ct. at 648. The court overruled a similar objection to requests for admissions regarding whether privity existed between certain entities. *See id.* Amgen's requests are far more similar to the former type, which is purely legal, than the latter, which involves an application of law to a particular factual aspect of the case. The request for admission at issue in *Wagner* asked a party to "state in detail each and every act" that the party claimed was willful, wanton, or malicious. 238 F.R.D. at 420. This request sought to determine which specific acts (facts) were alleged to satisfy a required element of the claim at issue. Whether certain conduct is prohibited by any law, by contrast, is a purely legal inquiry.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Douglas E. Whitney
February 16, 2010
Page 4

Another of Amgen's cases addresses request for admission that particular language appears in a particular document. *See Booth Oil Site Admin. Group v. Safety-Kleen Corp*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("[A]s a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored."). Amgen, however, has not limited its requests to seek the admission that certain language is contained in specific regulations or statutes.

Amgen's Objection to Response to Request for Admission No. 5. Relator admitted in good faith that she is aware of written materials that refer to vials of Procrit and Epogen with Overfill up to 11%. We believe that Relator has adequately responded to this Request but are amenable to discussing it further during the meet-and-confer.

Amgen's Objection Regarding Relator's Objections to All Responses. With respect to Amgen's fifth objection, Relator will not withdraw her objections.

Amgen's Objection to Response to Request for Admission No. 2. Amgen's sixth objection, that Relator has misinterpreted the term "aware," is improper. Relator stands by her interpretation of that term, and her response should in no way be interpreted as an admission.

Amgen's Objection to Response to Request for Admission No. 18. Amgen's seventh objection, that Relator has improperly construed Amgen's Request in such a manner as to render it non-responsive, is improper. Relator stands by her interpretation of Amgen's Request, and her Response should in no way be interpreted as an admission.

Amgen's Objection to Response to Request for Admission No. 4. The issues raised by Amgen in its eighth objection are addressed above. Amgen's request improperly asks Relator to admit a pure conclusion of law.

I look forward to discussing these and other issues during our teleconference at 3:30pm tomorrow, February 17th.

Sincerely,

/s/

Silvija A. Strikis