FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25 PM 4:00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL., | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | SECTION "K"(2) |
| | CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO:

05-4182 Berthelot v. Boh Bros. Construction Co., L.L.C.

### AFFIRMATIVE DEFENSES AND ANSWER OF JAMES CONSTRUCTION GROUP, L.L.C.

Defendant, James Construction Group, L.L.C. ("James") responds to the Complaint, as amended and superseded by plaintiffs' Supplemental and Amending Complaint and plaintiffs' Second Supplemental and Amending Complaint (collectively, "Amended Complaint") filed by plaintiffs Colleen Berthelot, et al., as follows:

### Affirmative Defenses

### First Defense

The Amended Complaint fails to meet the prerequisites for a class action in that:

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

    A.    The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

    B.    The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability and damages issues inherent in the different zones alleged in the Amended Complaint; and

    C.    The plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

### Second Defense

The Amended Complaint fails to state a claim against James upon which relief may be granted.

### Third Defense

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Amended Complaint.

### Fourth Defense

Plaintiffs claims fail, in whole or in part, because plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### Fifth Defense

Any work done by James was done in accordance with plans or specifications furnished to James by the U.S. Army Corps of Engineers, which plans or specifications James did not make or cause to be made, thus, pursuant to Louisiana Revised Statute 9:2771, James has no liability.

### Sixth Defense

Any work done by James was done under the supervision and/or direction and/or control of the U.S. Army Corps of Engineers and James is thereby immune from suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed 2d 47 (1996).

### Seventh Defense

Any work done by James was not performed at the site where any break in any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

### Eighth Defense

James avers that it has no liability for any subcontractors as it is not vicariously liable under the doctrine of *respondeat superior* for subcontractors.

### Ninth Defense

Any breaks in any levee/flood wall or any failures of any levee/flood wall occurred as a result of the fault or negligence of others for whom James is not liable or responsible, and over whom James has no control.

### Tenth Defense

Any breaks in any levee/flood wall or any failure of any levee/flood wall occurred as a result of an act of nature, namely, Hurricane Katrina, for which James is not responsible or liable, and over which James had no control.

### Eleventh Defense

Plaintiffs' claims are barred under Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (1) that James' alleged conduct was in any way the cause

in fact of the harm alleged to have been suffered; (2) that James' alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (3) that James owed a duty to the plaintiffs that encompassed the risk that plaintiffs would suffer the alleged harm; or (4) that if James owed any such duty to the plaintiffs, it breached that duty.

### Twelfth Defense

Plaintiffs have failed to mitigate their damages.

### Thirteenth Defense

James adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to James, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and James hereby reserves its right to amend its answer to assert any such defense.

### <u>Answer</u>

And now answering the specific allegations of the Amended Complaint, James avers as follows:

1.

The allegations of ¶ 1 of the Amended Complaint are denied.

2.

The allegations of ¶ 2 of the Amended Complaint, including each subparagraph thereof, are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of ¶ 3, subparagraph 1, of the Amended Complaint are admitted. The remaining allegations of ¶ 3, including all other subparagraphs, are denied for lack of sufficient information to justify a belief therein.

4.

Insofar as ¶ 4 relates to James, James denies the allegations except to admit that it conducts business in the state of Louisiana and in the Parishes that comprise the Eastern District of Louisiana. Insofar as ¶ 4 relates to any other defendant, the allegations of ¶ 4 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of ¶ 5 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of ¶ 6 of the Amended Complaint are denied.

7.

The allegations of ¶ 7 of the Amended Complaint are denied.

8.

The allegations of ¶ 8 of the Amended Complaint are denied.

9.

James admits that on August 27, 2005, Hurricane Katrina was in the Gulf of Mexico and that New Orleans Mayor Ray Nagin called for a voluntary evacuation of the City of New Orleans. All other allegations in ¶ 9 are denied for lack of sufficient information to justify a belief therein.

10.

James admits that on August 28, 2005, New Orleans Mayor Ray Nagin called for a mandatory evacuation of the City of New Orleans. All other allegations in ¶ 10 are denied for lack of sufficient information to justify a belief therein.

11.

James denies the allegations of ¶ 11 of the Amended Complaint for lack of sufficient information to justify a belief therein, except to admit that Hurricane Katrina made landfall on August 29, 2005.

12.

James denies the allegations of ¶ 12 of the Amended Complaint for lack of sufficient information to justify a belief therein.

13.

James denies the allegations of ¶ 13 of the Amended Complaint for lack of sufficient information to justify a belief therein.

14.

James denies all allegations of ¶ 14 of the Amended Complaint claiming that plaintiffs' damages were caused by improper and/or negligent work by James. The remaining allegations of ¶ 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of ¶ 15 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of ¶ 16 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of ¶ 17 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of ¶ 18 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of ¶ 19 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of ¶ 20 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of ¶ 21 require no response by James, but in an abundance of caution, the allegations of ¶ 21 are denied.

22.

The allegations of ¶ 22 of the Amended Complaint are denied.

23.

The allegations of ¶ 23 of the Amended Complaint are denied.

24.

The allegations of ¶ 24 of the Amended Complaint are denied.

25.

The allegations of ¶ 25 of the Amended Complaint are denied.

26.

The allegations of ¶ 26 of the Amended Complaint are denied.

27.

The allegations of ¶ 27 of the Amended Complaint are denied.

28.

The allegations of ¶ 28 of the Amended Complaint are denied.

29.

The allegations of ¶ 29 of the Amended Complaint are denied.

30.

James admits that plaintiffs allege/propose the definition of a putative class of claimants and subclasses identified as Zones 1-5. James denies that the alleged/proposed class and subclass definitions are correct or proper and denies all other allegations of ¶ 30.

31.

The allegations of ¶ 31 of the Amended Complaint are denied.

32.

The allegations of ¶ 32 of the Amended Complaint, including subparagraphs A through E, are denied.

33.

The allegations of ¶ 33 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of ¶ 34 of the Amended Complaint are denied.

35.

The allegations of ¶ 35 of the Amended Complaint directed against James are denied; the remainder of the allegations of ¶ 35 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

36.

Concerning the allegations of ¶ 36 of the Amended Complaint, James responds as follows:

(1)   Subparagraphs A, C, D, E, and F, including all subparagraphs thereof, are denied for lack of sufficient information to justify a belief therein.

(2)   Subparagraph B, sub-subparagraphs 1-4 are denied for lack of sufficient information to justify a belief therein.

(3)   Subparagraph B, sub-subparagraph 5 is denied.

37.

The allegations of ¶ 37 of the Amended Complaint are denied.

38.

The allegations of ¶ 38 of the Amended Complaint directed against James are denied; the remainder of the allegations of ¶ 38 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of ¶ 39 of the Amended Complaint require no answer but in an abundance of caution, James denies the allegations of ¶ 39 of the Amended Complaint.

WHEREFORE, James Construction Group, L.L.C. respectfully requests that, after due proceedings had, Plaintiffs' claims be dismissed with prejudice, at Plaintiffs' sole cost, and for all general and equitable relief as this Court deems just and necessary.

Respectfully submitted,

_____
RICHARD J. TYLER, T.A. (#1155)
EMILY E. EAGAN (#29166)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
(504) 582-8266
Attorneys for James Construction Group, LLC

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by e-mail, hand delivery, or facsimile this 25th day of April, 2006.

_____