

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 26  PM 1:55

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROS. CONSTRUCTION CO., LLC, ET AL. | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * | |
| | * | |
| *    *    *    *    *    *    *    * | | |

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

NOW INTO COURT comes defendant, the City of New Orleans ("City"), which, in response to the plaintiffs' complaints, moves to dismiss all of plaintiffs' claims against it under F.R.C.P. Rule 12(b)(6) on the grounds that the plaintiffs have failed to state a claim upon which relief can be granted, and for the reasons set forth in the City's memorandum in support of its motion, which is attached.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

G:\LWPOLIC\LeBlanc.Beth\Berthelot 12(b)(6) mtn (all levee cases).doc

Respectfully submitted,

*Heather M. Valliant*
_____
Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Victor L. Papai, La. Bar # 9860
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorneys*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

Penya Moses-Fields, La. Bar # 24850
*City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been sent to counsel of record via electronic transmission, facsimile, and/or by depositing same in the United States Mail, postage prepaid and properly addressed, this 26th day of April, 2006.

*Heather M. Valliant*
_____

# UNITED STATES DISTRICT COURT

# EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182 |
| BOH BROS. CONSTRUCTION CO., LLC, ET AL. | * | SECTION "K" |
| | * | MAGISTRATE (2) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * | |

\* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs are attempting to pursue a class action against several defendants in this matter for damages allegedly caused by the breach of the levees and flood walls in the aftermath of Hurricane Katrina. Yet the plaintiffs have no claim against the City of New Orleans ("City"), because the City does not own and has no *garde*, care, custody, or control of the levees in question, nor did the City participate in the design, construction, or maintenance of the levees. Even if the City had control of the levees, however, it had no notice of any alleged defect. Plaintiffs' claims against the City of New Orleans therefore should be dismissed.

## ARGUMENT

Contrary to the plaintiffs' allegations, the City of New Orleans has no care, custody, or control (*garde*) of the "levees, embankments, sea walls, jetties, breakwaters, water basins and other works." Moreover, the City took no part in the design, construction, or maintenance of the levees at issue and cannot be held liable for any alleged defect thereof.

La. R.S. 38:307 A(1) provides that the "board of commissioners of the Orleans Levee District," which is entirely separate and distinct from the City of New Orleans, "shall have full *and exclusive* right, jurisdiction, power, and authority to locate, relocate, construct, maintain, extend, and improve levees, embankments, seawalls, jetties, breakwaters, water-basins, and other works in relation to such projects..." (emphasis added). La. R.S. 38:301 further gives Louisiana's levee districts the right to "construct and maintain levees, drainage, and levee drainage, and do all other things incidental thereto." If the property upon which a levee is situated is private property, the levee district acquires a servitude upon the land where the levees are constructed. La. Civ. Code art. 456. But if the land was owned by the state, title to the land has been transferred to the Orleans Levee District under state statutory law:

> To enable the board of commissioners of the Orleans Levee Board to perform the work herein provided for, to assist in defraying the cost and expenses thereof, and to carry out the purposes of this and other laws, the state of Louisiana hereby grants and releases to the board the title of the state in and to all public property necessary for the purposes hereof and all lands reclaimed or filled in within any levee embankments, slopes, retaining walls, seawalls, and breakwaters constructed hereunder and in and to all lands lying within the territorial limits of a project and hereby releases the land from any public trust or dedication. ... [T]he board shall have the jurisdiction, power, and

2

> authority to sell, lease, or otherwise dispose of such portion of the lands reclaimed and other property acquired for the purpose of the improvement, ... under such terms and conditions and by such methods as the board may deem proper. The board also may establish and improve such servitudes, restrictions, rules, and regulations as to such lands sold or leased or otherwise disposed of as the board may determine. ...

La. R.S. 38:336 A. Whether levee ownership remains with the Orleans Levee District or has been transferred to some other entity, such as the Army Corps of Engineers, to effect necessary improvements as the statute permits, there is no question but that the City of New Orleans does not own the levees, it had no care, custody, or control over them, and it never participated in the design, construction, or maintenance of them.

The Orleans Levee District's ("OLD's") Court-Ordered Disclosures of April 20, 2006, point out that the state statutory scheme by which the levees are constructed, maintained, extended, and improved is "preempted by Federal Statute," namely 33 U.S.C. § 701, *et seq.*[1] OLD acknowledges that it maintains the three levees that are the subject of these cases only "in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers ("USACE")."[2] OLD never implicates the City as having any control over the design, construction, or maintenance of the levees.

To prevail on a claim against a public entity, a plaintiff must show: (1) the entity's custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the entity had actual or constructive notice of the defect and failed to take corrective action within a reasonable time; and (4) causation. La. R.S.

---

[1] *Id.*
[2] OLD Disclosures, April 20, 2006, p. 2.

3

9:2800; *Henderson v. Nissan Motor Corp.*, 869 So.2d 62, 66 (La. 2004); *Joseph v. City of New Orleans*, 842 So.2d 420, 423 (La. App. 4 Cir. 2003).

As seen above, statutory law dictates that the board of commissioners of the Orleans Levee District, *not* the City of New Orleans, has care, custody, and control of the levees. The Orleans Levee District, in conjunction with its agreements with the United States Army Corps of Engineers, was responsible for the design, construction, or maintenance of levees. Because plaintiffs cannot establish that the City of New Orleans had custody or ownership of the allegedly defective thing, they cannot meet the first element of proof under La. R.S. 9:2800, and plaintiffs' claims against the City of New Orleans should be dismissed.

Finally, even assuming, solely for the sake of argument, that the City had custody or ownership of the levees at issue, the plaintiffs have made only conclusory allegations, with no factual basis for their assertions, that the City had actual or constructive notice of the defect. The City of New Orleans never had notice, either actual or constructive, that the levees in question contained some defect, providing an additional reason under La. R.S. 9:2800 why the plaintiffs have no claim against the City.

## CONCLUSION

The City of New Orleans had and has no *garde*, care, custody, or control over the levees in question and did not participate in the design, construction, or maintenance of the levees. Accordingly, the City cannot be held liable under La. Civ. Code arts. 2317 or 2317.1, and this Court should dismiss the plaintiffs' claims against the City in their entirety.

4

Respectfully submitted,

*Heather M. Valliant* (signature)

Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Victor L. Papai, La. Bar # 9860
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorneys*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana  70112
(504) 658-9800
(504) 658-9868 (fax)
Penya Moses-Fields, La. Bar # 24850
*City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been sent to counsel of record via electronic transmission, facsimile, and/or by depositing same in the United States Mail, postage prepaid and properly addressed, this 26th day of April, 2006.

*Heather M. Valliant* (signature)

5

## UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROS. CONSTRUCTION CO., LLC, ET AL. | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * | |
| | * | |
| *   *   *   *   *   *   *   * | | |

### NOTICE OF HEARING

Notice is hereby given that the City of New Orleans' F.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is set to be heard before the Honorable Stanwood Duvall on **May 17, 2006, at 9:30 a.m.**

Respectfully submitted,

*Heather M. Valliant*

Joseph V. DiRosa, Jr., La. Bar # 4959
*Chief Deputy City Attorney*
Victor L. Papai, La. Bar # 9860
Heather M. Valliant, La. Bar # 24680
*Assistant City Attorneys*
1300 Perdido Street, Room 5 E 03
New Orleans, Louisiana 70112
(504) 658-9800
(504) 658-9868 (fax)

G:\LWPOLIC\LeBlanc.Beth\Berthelot 12(b)(6) mtn (all levee cases).doc

                                              Penya Moses-Fields, La. Bar. # 24850
                                              *City Attorney*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing notice has been sent to counsel of record via electronic transmission, facsimile, and/or by depositing same in the United States Mail, postage prepaid and properly addressed, this 26th day of April, 2006.

                                              */s/ Heather M. Valliant*