FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 27   AM 11: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT, ET AL                          CIVIL ACTION

VERSUS                                            NO. 05-4182 AND
                                                     consolidated cases

BOH BROTHERS CONSTRUCTIONS                        SECTION "K" (2)
CO., L.L.C., ET AL

This applies to all cases

### MOTION AND ORDER TO BE APPOINTED PLAINTIFFS' LEAD COUNSEL

**NOW INTO COURT,** comes Daniel E. Becnel, Jr., who in compliance with the

Court's Order referencing the appointment of counsel to act on behalf of the Levee Failure

case and the MRGO case respectfully requests that this Court appoint Daniel E. Becnel,

Jr. and his law firm as Plaintiffs' Lead Counsel  for the following good cause shown:

I.

My office would like to be appointed to the Plaintiffs' Steering Committee in the case

of "Berthelot v. Boh Brothers Construction" referenced above, as well as  the MRGO case

which was filed on Monday "Phillip Reed, et al v. The United States of America, et al", case

no. 06-2152, Sect. S, Mag. 4.   My office has one of the largest plaintiffs' staff in the entire

___ Fee_____
___ Process_____
X  Dktd _____
√  CtRmDep_____
___ Doc. No_____

litigation, including lawyers, paralegals, nurses, etc. and the largest number of retained clients. Two of my lawyers have been working almost full time with me on this litigation including, Will Percy a 15 year lawyer and Darryl Becnel, a 12 year lawyer. In addition, numerous other lawyers have been assigned on a part time basis on this case, including an African American lawyer, Monica Gant. Rebecca Todd and Kevin Klibert have also worked on this case. Abraham Amador, my computer specialist, who is Hispanic, has been assigned full time in reference to maintaining databases concerning the thousands of clients who have contacted us in reference to claims against the parties responsible for their loss of income, property damage, emotional damage and the complete disruption of their lives. We have complete diversity in our firm and two former State Judges work for my office, Judge Ruche Marino (retired) who is presently working on Vioxx and Judge Thomas Malik (retired) who has been working on Propulsid.

II.

Our office has the largest number of affected residents in St. Bernard Parish in reference to the MRGO case.

III.

On Monday, I flew to California to meet with Prof. Bea, who was appointed by the National Science Foundation as their Investigator in Chief. Prof. Bea is a Louisiana resident having worked for Shell Oil Company for 19 years, NASA as one of the investigators dealing with both the Columbia and Challenger disaster and the Exxon Valdez Oil Spill. He presently teaches at the University of California at Berkeley. Richard Arsenault, Joe Cotchett and I met with Prof. Bea in connection with this litigation. Prof.

Bea advised he is presently writing his second report on the Levee Failure, as well as the MRGO and he will be back in Louisiana on May 12th, with his final report to be released on May 16th.

IV.

Our office has been in constant communication with Prof. Bea to perform due diligence in regard to litigation we are filing in connection with the levee failures and the involvement of the U.S. Army Corp of Engineers. It is noteworthy to note that Prof. Bea, as well as his father both worked for the Corp of Engineers during their career.

V.

Mr. Camilo Salas and I have filed a class action against the U.S. Corp of Engineers, as well as numerous dredging companies. Both of our offices have been working together in this litigation. My office has also been in constant touch with Mr. Calvin Fayard and Mr. Joseph Bruno in reference to the litigation they are pursuing. We have had numerous meetings and have worked cooperatively together in this litigation, as well as other litigation throughout Louisiana and various other states. Mr. Salas and I will be filing a Motion to Certify a Class by next week.

VI.

My office has been contacted by over 30,000 clients who wish to pursue claims in this matter. Therefore, I humbly request appointment as Lead Counsel on both the Levee Failure cases, as well as the MRGO cases.

VII.

I have been cooperating with Mr. Don Barrett and Mr. Richard Scruggs with weather experts, as the hurricane affected the Louisiana/Mississippi coast. My office has retained

experts in real estate valuation, including Dr. John Kilpatrick from Seattle, WA, as well as numerous engineers, both civil and structural. We have also retained modelers in connection with weather, water and environmental impact.

VIII.

I have recruited and spoken with numerous top ranked legal scholars in this case, including Professor Arthur Miller from Harvard, Professor Allen Dershowitz from Harvard, and Mr. Joseph Cotchett from California who is one of the five top lawyers in the United States. In fact, Mr. Cotchett is meeting with Mr. Pierce O'Donnell today in reference to Mr. Cotchett testifying in a case involving over a $100 million fee. Mr. Cotchett has been asked to be their expert in reference to this large natural gas class action case. Mr. Cotchett is also interested in serving on the Plaintiffs' Committee and is sending in his Resume under separate cover.

IX.

I would like to request the opportunity to be Lead Counsel in all cases, as well as Lead Interrogator in connection with the preservation of evidence hearing to be conducted by Magistrate Judge Wilkinson.

X.

I can assure the Court that if appointed, I will discharge my duty as a potential class counsel to the best of my ability.

XI.

Daniel E. Becnel, Jr. is highly experienced in the prosecution of mass joinders, including mass disaster litigation, and eminently qualified to represent the claimants in this litigation. Please see attached Curriculum Vitae.

XII.

Daniel E. Becnel, Jr. has never been suspended, placed on inactive status or reprimanded by the Louisiana Disciplinary Counsel.

XIII.

Daniel E. Becnel, Jr. has a solid financial base and is prepared to incur the cost of investigation and discovery that a case of this magnitude will require.  Due to past experience in major litigation, Daniel E. Becnel, Jr. is well aware of the tremendous financial requirements that are necessary.

XIV.

Daniel E. Becnel, Jr. has adequate staff and is prepared to devote the manpower and resources that a case of this magnitude will require.

XV.

Daniel E. Becnel, Jr. is a person of high moral standing and meets all of the qualifications of practicing law in the State of Louisiana and throughout the United States having been appointed in MDL's in the past few years such as the Welding Rod Litigation in Cleveland; the Baycol Litigation in Minneapolis; the Guidant Litigation in Minneapolis; the Medtronics Litigation in Minneapolis; the Viagra Litigation in Minneapolis; and the Sulzer Orthopedic Litigation in Ohio, to name just a few.


**WHEREFORE,** considering the foregoing,

Daniel E. Becnel, Jr. prays that he be appointed as Plaintiffs' Lead Counsel in reference to the Levee Failure cases and the MRGO case.  We have the only class action filed on the MRGO case and a class action filed on all of the levee failure cases.

Respectfully submitted:


**DANIEL E. BECNEL, JR. (#2926)**
LAW OFFICES OF DANIEL E. BECNEL, JR.
106 West Seventh Street
P. O. Drawer H
Reserve, LA 70084
Phone No. (985) 536-1186
          Fax No. (985) 536-6445


## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this 27, day of April, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same by U.S. mail properly addressed and first class postage prepaid or by hand delivery.


DANIEL E. BECNEL, JR.

# DANIEL E. BECNEL, JR.

**HOME ADDRESS:**

400 West Fifth Street
LaPlace, Louisiana  70068
Telephone:  (985) 652-6747

**OFFICE ADDRESS:**

106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana  70084
Telephone:  (985) 536-1186
Fax:  (985) 536-6445

I, Daniel E. Becnel, Jr., was born on June 14, 1944.  My father, Daniel Elmore Becnel, was an attorney until his death in 1965.  He spent most of his career in the military and was a War Crimes Prosecutor after World War II.  After his military career ended, he became a Louisiana State Legislator until his death in 1965.  My mother is a registered nurse.  I have been married twice, first to Deonne Du Barry, and second to Mary Hotard Becnel, presently a State District Judge for the 40th Judicial District Court in Louisiana and a candidate for the Louisiana State Supreme Court.  My brother and his wife are both attorneys in my firm, as is my son.  Ten years ago when my brother was dying, I donated a kidney to him which enabled him to return to a normal life.

I attended Louisiana State University and received a Bachelor of Science degree in 1966.  In 1969, I earned my Law Degree from Loyola University in New Orleans, Louisiana.  I have been admitted to practice in Louisiana and Colorado, and have been a member in good standing since my admissions.  Offices I have held and organizations I have belonged to in my career include the following:

1)   Chief Investigator, 29th Judicial District (District Attorney's Office) 1969-1970.

2)   Ponchartrain Levee District Attorney, 1970-1974.

3)   Member in good standing of the American Bar Association, Louisiana Trial Lawyers Association, 40th Judicial District Bar Association (1969 to present), 29th Judicial District Bar Association, and the American Trial Lawyers Association (1969 to present).

4)   Elected Democratic State Central Committee, 26 years.

5)   Admitted to the United States Supreme Court, 1973.

6)   Temporarily admitted to the State Bar in Florida, the State Bar in Wyoming, the District Court of the District of Columbia, and the Superior Court of New Jersey, Bergen County.

I tried the first million dollar verdict in the United States for a single individual in 1972.  Paulette Trosclair v. Melton Truck Lines, et al.

Among the cases in which I have been court-appointed as a plaintiffs' attorney to represent classes of litigants are the following:

The Luling Ferry Disaster, involving the death of 78 people, which was ultimately tried and/or settled before U.S. District Judge Alvin Rubin (deceased) in excess of twenty nine million dollars.

I was court-appointed in MDL 330 Swine Flu Immunization Products Liability Litigation to represent all the plaintiffs (approximately 4,000) across the United States in reference to the Swine Flu Inoculation Program. These cases were tried and handled in Washington, D.C. before U. S. District Judge Gearhart Gisel (deceased), with settlements and/or verdicts in excess of five hundred million dollars.

I have been involved in a number of air crash disasters in both Louisiana and Colorado.

I was appointed to the Plaintiffs' Legal Committee by U. S. District Judge Henry Mentz in reference to Watson v. Shell Oil Company, which concerned a refinery explosion of May 5, 1988, and involved approximately 18,000 claims. This case was ultimately settled for more than two hundred million dollars.

I was appointed Lead Counsel in reference to Deion McGee, et al v. Shell Oil Company, et al, involving 5,000 people. The class was certified by Judge Joel T. Chaisson and affirmed by the Fifth Circuit Court of Appeals and the Louisiana State Supreme Court.

I was appointed to the Plaintiffs' Legal Committee as lead counsel by Judge Joel Chaisson in Gail Clement v. Occidental Chemical Company, a class action involving approximately 10,000 people. I recently settled this case for thirteen million dollars, and my office handled all claim forms, depositions and settlement for over 8,000 people.

I was appointed to the Plaintiffs' Legal Committees by both U. S. District Judge Parker and U. S. District Judge Polozola in reference to two separate explosions at the Exxon Refinery in Baton Rouge, Louisiana. These cases involved more than 9,000 people each.

I was appointed lead counsel in the Dupont Chemical Company Explosion, which involves approximately 1,200 people in Reserve, Louisiana.

I was appointed lead counsel and tried to a successful verdict after four weeks the United Gas Pipeline Case. This case involved the rupture and/or explosion of a gas pipeline on three separate occasions. Approximately 18,000 people were involved in this litigation. The sample case was ultimately settled, after trial, for more than one and a half million dollars. The class cases were tried, one to a jury verdict and one before a District Judge, resulting in a punitive damage award of double the amount of compensatory damages. This was the first class action punitive damage award in Louisiana.

I recently settled a train derailment case which occurred in Eunice, Louisiana for $65 million.

In reference to MDL 926 In re Breast Implant Products Liability Litigation, my office supplied forty-three attorneys, full time, for over two years to the document depository in Cincinnati, Ohio. In addition, I supervised approximately thirty lawyers who were supplied by Wendell Gauthier, John Cummings, Calvin Fayard and Hugh Sibley. I personally took numerous depositions in this litigation, including the CEO of Dow Corning Corporation and Dr. Georgiade, the inventor of the MEC breast implant devices (a Bristol-Myers defendant). At the request of MDL Judge Pointer I loaned four of my attorneys, full time, to handle the incoming calls of unrepresented women who needed questions answered in reference to the Breast Implant Litigation (it should be noted that this resulted in only a ten thousand dollar profit to my firm). I personally spent, on the common effort, in excess of four million dollars.

In addition, my office provided thirteen lawyers, full time, to a computer center in Louisiana which allowed me to represent women in the Breast Implant Case who could not find attorneys willing to handle their cases. Under MDL Judge Pointer's direction, these women were represented on a per hour basis and not on a percentage. My staff and I handled approximately six hundred of these cases.

I regularly try at least five or six major jury trials per year and work seven days a week, ten to fourteen hours per day.

My firm does a great deal of indigent defender work on criminal cases where we are paid less than $10 per hour. Within the past few months, this work has included two murder trials.

My office provides free office space to a legal aid service to help indigents with civil cases.

During the ABA Convention in New Orleans, at the request of the State Department and the ABA, my wife and I hosted Supreme Court Justices from Estonia, Romania, Lithuania, Slovakia and Albania for a week-long stay at our residence. These Justices were here to learn how U.S. State and Federal Courts function as an example of how they may adopt democratic reform in their court system.

My office was involved in the Penile Implant Case and negotiated a grid settlement with Bristol- Myers before that case was even presented for a MDL argument.

As one of the founding members of Dianne Castano, et al v. The American Tobacco Company, et al, a class action suit against the tobacco industry, my office represented Governor Gray Davis and the State of California in the states' settlement with the tobacco industry. My office also did extensive work in cases against the tobacco industry that were pending in New York and Pennsylvania. At the present time, I have three lawyers assigned full time to the Louisiana class action titled Scott v. The American Tobacco Company, a certified class action for medical monitoring and cessation assistance in the State of Louisiana before Judge Ganucheau, Orleans Parish. Jury selection began on June 18, 2001.

I have been one of the lead attorneys in the case of Barbara A. Brown, et al v. Acromed, et al, Civil Action No. 94-1236, Section I, United States District Court, Eastern District of Louisiana and in fact, I argued the Pedicle Screw case before the MDL panel in Colorado Springs, Colorado on July 22, 1994. Moreover, I supplied seven lawyers full time to MDL 1014 Orthopedic Bone Screw Products Liability Litigation before U.S. District Judge Louis Bechtle.

My office represents thousands of women in the Norplant Case and has the only remanded case before a State Court Judge at this time. That case was remanded from the Federal Court to the State Court by U.S. District Judge Thomas Porteous on December 29, 1994, and is now pending before State District Judge Richard Ganucheau. I am a member of the Plaintiffs' Steering Committee.

I was appointed to the National Plaintiffs' Steering Committee in MDL 1038 Norplant Contraceptive Products Liability Litigation by Judge Richard A. Schell, and the National MDL depository is located at my office complex in Louisiana, under my direction.

I was appointed to the National Plaintiffs' Steering Committee in MDL 1057 Telectronics Pacing Systems, Inc., Accufix "J" Leads Products Liability Litigation, by U.S. District Judge S. Arthur Spiegel. This case was certified as a national class action on April 2, 1997.

I was appointed by U.S. District Judge Eldon Fallon to be Lead Counsel in the case of Yvette Cooper v. Koch Pipeline, Inc., which is a class action involving a release of ammonia involving over 10,000 people. This case was remanded to State Court and ultimately settled.

I spoke before the International Symposium on Product Liability and Failure Prevention in Japan at the request of forty-five Japanese Corporations and all Mechanical Engineers in Japan.

I spoke in Vienna, Austria at the SPT-5 Conference in reference to the Shell Explosion Case. This involved Engineers from all over the world who convene an International Symposium every three years.

I was appointed to the Plaintiffs' Legal Committee by District Judge Patricia Hedges in reference to the In re Chemical Release at Bogalusa. I have been working virtually full time securing experts, filing pleadings and working on the jurisdictional problems. I directed, along with Ronnie Penton and others, the inspection of the failed tank car. I have also done research in reference to medical monitoring. This case was tried for three and a half months and a jury found all parties liable, and included a $92 million punitive damage award

to the class. In addition, settlements with other defendants were reached in the amount of approximately $150 million.

I was the lead attorney in the case of <u>Katharine Christiano, et al v. Napp Technologies, Inc.</u> in Bergen County, New Jersey. That case has settled.

My office is involved in the litigation titled <u>In the Matter of the Complaint of Clearsky Shipping Corp. as Owner, and Cosco (H.K.) Shipping Company Limited, as Manager of the M/V Bright Field, for Exoneration From and/or Limitation of Liability</u> pending before U. S. District Judge Morey L. Sear (current member of the MDL Panel). My office is one of ten firms that is handling the litigation in this maritime disaster.

I was appointed by U.S. District Judge John Parker to the Claimants' Steering Committee in the litigation titled <u>In the Matter of the Complaint of Ingram Barge Company, as Owner of the M/V F.R. Bigelow and the IB-960, and Ingram Ohio Barge Co., as Owner Pro Hac Vice of the Ing-371, Petitioning for Exoneration From or Limitation of Liability</u>. This case settled for forty one million seven hundred and fifty thousand dollars in 1999 (my office handled claims for over 17,000 people in this toxic tort maritime disaster).

I was appointed to the Plaintiffs' Legal Committee and the Executive Committee in reference to MDL 1148 <u>In re Latex Gloves Products Liability Litigation</u>, by U. S. District Judge Edmund V. Ludwig.

I was appointed to the Plaintiffs' Steering Committee in the case of <u>Jimmie Badon, Jr., et al v. DSI Transports, Inc., et al</u>, 19th Judicial District Court, Number 450,957. This case settled for nine million seven hundred and fifty thousand dollars (my office handled all Proof of Claim forms for 2,300 people in this tractor trailer tanker chemical release).

I was appointed to the Plaintiffs' Steering Committee in the case involving the Kaiser explosion of July 5, 1999 titled <u>Carl Bell, et al v. Kaiser Aluminum and Chemical Corporation</u>, 23rd Judicial District Court, No. 25,975. This case settled for twenty six and a half million dollars, plus eleven million dollars for the inside-the-gate cases. My office handled all Proof of Claims, as well as over two hundred depositions in this litigation.

I was appointed by U.S. District Judge Louis Bechtle (a member of the MDL Panel), as State/Federal Liaison to the national class action in MDL 1203 <u>In re Diet Drug (Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation</u>. My office has personally settled hundreds of individual cases.

I was appointed by U.S. District Judge Eldon Fallon to the Plaintiffs' Steering Committee and Executive Committee in MDL 1355 <u>Propulsid Products Liability Litigation</u>. My office has provided office space for the document depository which is also managed by my computer specialist.

I was appointed by U.S. District Judge Mary Ann Lemmon to serve as Liaison Counsel in the case of <u>Aline Ricks, et al v. American Home Products, et al</u> (PPA Litigation, MDL 1407). I argued this case before the MDL Panel on July 26, 2001 in Chicago.

I was appointed by U.S. District Judge Edith Brown Clement to serve on the Interim Plaintiffs' Steering Committee in the case titled <u>Alicia Tanguis, et al v. M/V Westchester, et al</u>, Eastern District of Louisiana, Case No. 01/0449 c/w 01-1558.

The Plaintiffs' Steering Committee in MDL 1373 <u>Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation</u> has requested that I secure all experts and become a member of the Discovery Committee and the Trial Committee. My office coordinated with U.S. Congressman Tauzin, Chairman of the Commerce Committee, regarding the current ongoing investigation involving tire failures and/or rollovers. I have been to Washington on two occasions to provide all information concerning these failures to Mark R. Paoletta, Chief Counsel for Oversight and Investigations. Ron Motley, Richard Arsenault and I attended the hearings in Washington to assist the Committee in its investigation.

I was appointed by U.S. District Judge Kathleen McDonald O'Mally to serve as Class Counsel in MDL 1401 Sulzer Inter-Op Hip Prosthesis Products Liability Litigation (a class settlement in the amount of over one billion dollars has been reached).

I was appointed by U.S. District Judge Michael J. Davis to the Plaintiffs' Steering Committee in MDL 1431 In Re Baycol Products Liability Litigation.

I recently argued for MDL status in both MDL 1477 In Re Serzone Products Liability Litigation and MDL 1481 In Re Meridia Products Liability Litigation.

I was appointed by U.S. District Judge Joseph R. Goodwin to serve on the Executive Committee and the Plaintiffs' Steering Committee in MDL 1477 In Re Serzone Products Liability Litigation.

I was appointed by U.S. District Judge James S. Gwin to serve on the Executive Committee the Plaintiffs' Steering Committee in MDL 1481 In Re Meridia Products Liability Litigation.

I was appointed by U.S. District Judge Kathleen McDonald O'Malley to serve on the Plaintiffs' Executive Committee in MDL 1535 In Re Welding Rod Products Liability Ligiation.

On September 30, 2004 I argued before the Judicial Panel of Multidistrict Litigation for MDL status in both MDL No. 1629 In Re Neurontin Marketing and Sales Practices Litigation and MDL No. 1632 In Re High Sulfur Content Gasoline Products Liability Litigation.

My office is heavily involved in MDL No. 1657, In Re Vioxx Products Liability Litigation and has lawyers working in document depositories located in New York, Alabama and Louisiana.

I have been appointed by the Honorable James S. Moody to the Plaintiffs' Steering Committee in MDL No. 1626, In Re Accutane Products Liability Litigation.

On July 28, 2005 I argued for MDL status before the Judicial Panel of Multidistrict Litigation in MDL No. 1691 In Re Bextra and Celebrex Litigation. The case was assigned to Judge Charles R. Breyer and I was appointed to the Plaintiffs' Steering Committee.

On September 28, 2005 I argued before for Judicial Panel of Multidistrict Litigation for MDL Status in MDL No. 1708 In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation. The case was assigned to Judge Donovan W. Frank and I was appointed to the Plaintiffs' Steering Committee.

On January 6, 2006 the MDL Panel assigned Judge James M. Rosenbaum to MDL No. 1726 In Re Medtronics, Inc. Implantable Defibrillators Products Liability Litigation and I was appointed by Judge Rosenbaum to serve on the Plaintiffs' Steering Committee.

On November 17, 2005 I argued before the Judicial Panel on Multidistrict Litigation in Houston, Texas for MDL Status in MDL No. 1724 In Re Viagra Products Liability Litigation. The case was assigned to Judge Paul A. Magnuson.

I have been appointed by Judge Eldon E. Fallon to the Executive Committee in reference to the Murphy Oil Litigation wherein hundreds of homes were destroyed by an oil spill which occurred during Hurricane Katrina.

My office has 15 attorneys, 2 nurses, 3 computer specialists and over 20 secretaries, paralegals and administrative personnel. My employees include African-Americans, Hispanics and numerous female attorneys.

Enclosed herein is an article from Town & Country Magazine, an independent source, concerning my reputation as a trial lawyer.

THE LAW OFFICES OF DANIEL E. BECNEL, JR.
106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana  70084
Telephone     (985) 536-1186
Facsimile     (985) 536-6445

DANIEL E. BECNEL, JR.
La. Bar No. 2926

*Part II of T&C's directory to the nation's top lawyers
includes general trial lawyers, specialists
in estates and trusts, tax and criminal law, plus the
100 largest law firms.*

# THE BEST LAWYERS IN THE U.S.

## PART II

### By Stephanie Bernardo Johns

## GENERAL TRIAL LAWYERS

Louis Nizer, libel lawyer par excellence, said it best: "The difference between an office lawyer and a trial lawyer is as great as between an internist and a surgeon. Both require high talents, but the specialized skills and tools are so different that they may as well be in different professions."

A good trial lawyer is by nature a showman and by experience adept at playing straight into the hearts of the jury. No matter how he sounds, like a soap box preacher or a trained orator, his verbal abilities will be finely honed. Above all, he will be able to convince those twelve important men and women of the logic of his arguments. A good trial lawyer need not be a celebrity. But dramatic attorneys in highly publicized cases have managed to make a name for themselves. Clarence Darrow made his name by defending John T. Scopes in the famous "monkey" evolution trial. Melvin Belli earned his reputation defending the glitterati of Hollywood, as well as some of

America's most famous criminals, such as Jack Ruby, the assassin of alleged presidential assassin, Lee Harvey Oswald.

Whether you choose a celebrity trial lawyer or a highly recommended unknown, don't bank on reputation alone. Take the time to observe him in the courtroom. Has he done his homework; does he sound prepared? Are his arguments logical, convincing? Does he have the self-confidence and aura of a "winner"? What is his track record in cases similar to yours? Once you have all the facts about the lawyer you intend to hire, sit back and ask yourself that all-important question: would you be willing to bet your reputation, your assets or your freedom on his ability?

MORGAN P. AMES
Cummings & Lockwood
10 Stamford Forum
Stamford, CT 06904

THOMAS T. ANDERSON
45-926 Oasis Street
Indio, CA 92201

LINDA M. ATKINSON
2920 E. Jefferson Street
Detroit, MI 48207

JOSEPH A. BALL
Ball, Hunt, Hart, Brown and Baerwitz
120 Linden Avenue
Long Beach, CA 90802

DAVID B. BAUM
Boston Ship Plaza
San Francisco, CA 94111

DANIEL E. BECNEL, JR.
109 W. 7th Street
Reserve, Louisiana 70084

JAMES F. BOCCARDO
111 West St. John Street
San Jose, CA 95115

TOM BOLAN
Saxe, Bacon & Bolan
39 E. 68th Street
New York, NY 10021

TOM R. BOPELEY
Graham & Graham
421 Main Street
Zanesville, OH 43701

DAN M. BURT
Thorp, Reed & Armstrong
1667 K Street N.W.
Washington, DC 20006

SAMMY CACCIATORE
Nance, Cacciatore, & Sisserson
525 N. Harbor City Boulevard
Melbourne, FL 32935

O. A. CARGILL, JR.
Cargill and Wallace
200 N. Harvey
Oklahoma City, OK 73102

REX CARR
Carr, Korein, Kunin, Schlicter
& Brennan
421 Missouri Avenue
East St. Louis, IL 62201

STANLEY M. CHESLEY
Waite, Schneider, Bayless & Chesley
1513 Central Trust Tower
Cincinnati, OH 45202

HILLEL CHODOS
9595 Wilshire Boulevard
Beverly Hills, CA 91212

WARREN CHRISTOPHER
O'Melveny & Myers
400 S. Hope Street
Los Angeles, CA 90071

JULIAN D. CLARKSON
Holland & Knight
Barnett Bank Building
Tallahassee, FL 32302

WILLIAM K. COBLENTZ
Coblentz, Cahen, McCabe & Breyer
One Embarcadero Center
San Francisco, CA 94111

ROY COHN
Saxe, Bacon & Bolan
39 E. 68th Street
New York, NY 10021

WILLIAM T. COLEMAN JR.

O'Melveny & Myers
1800 M Street N.W.
Washington, DC 20036

GREGORY B. CONWAY
Liebmann, Conway, Olejniczak & Jerry
211 S. Monroe Avenue
Green Bay, WI 54305

ROBERT E. COOK
Cook & Franke
660 E. Mason Street
Milwaukee, WI 53202

EDWARD COSTIKYAN
Paul, Weiss, Rifkind, Wharton
& Garrison
345 Park Avenue
New York, NY 10154

SAM DANIELS
Daniels & Hicks
1414 Du Pont Building
Miami, FL 33131

JAY W. DANKNER
Lipsig, Sullivan & Liapakis
100 Church Street
New York, NY 10007

JAMES DEMPSEY
105 S. Division Street
Peekskill, NY 10566

ANTHONY J. DE MARCO
26 Court Street
Brooklyn, NY 11242

WARREN L. ETTINGER
Hufstedler, Miller, Carlson
& Beardsley
700 S. Flower Street
Los Angeles, CA 90017

JEROME B. FALK, JR.
Howard, Rice, Nemerovski, Canady,
Robertson & Falk
3 Embarcadero Center
San Francisco, CA 94111

DONALD J. FARAGE
Farage & McBride
836 Suburban Station Building
Philadelphia, PA 19103

LEONARD N. FLAMM
Hockert & Flamm
880 3rd Avenue
New York, NY 10022

DANIEL FOGEL
Fogel, Rothschild, Feldman & Ostrov
5900 Wilshire Boulevard
Los Angeles, CA 90036

CHARLES R. GARRY
Garry, Dreyfus & McTernan
1256 Market Street
San Francisco, CA 94102

BROWNE GREENE
Greene, O'Reilly & Broillet
816 S. Figueroa Street
Los Angeles, CA 90017

NORMAN ROY GRUTMAN
Grutman, Miller, Greenspoon, Hendler
& Levin
505 Park Avenue
New York, NY 10022

ROBERT L. HABUSH
Habush, Habush & Davis
777 E. Wisconsin Avenue
Milwaukee, WI 53202

DALE HARALSON
Haralson, Kinerk & Morey
82 S. Stone Avenue

Tucson, AZ 85701

MARK L. HARRISON
Harrison & Lerch
650 N. Second Avenue
Phoenix, AZ 85003

FRED A. HAZOURI
Cone, Wagner, Nugent, Johnson,
Hazouri & Roth
1601 Belvedere Road
West Palm Beach, FL 33402

HUGH G. HEAD
218-219 Healy Building
Atlanta, GA 30303

JOEL HIRSCHHORN
2766 Douglas Road
Miami, FL 33133

SETH M. HUFSTEDLER
Hufstedler, Miller, Carlson
& Beardsley
700 S. Flower Street
Los Angeles, CA 90017

JOSEPH D. JAMAIL
Jamail & Kolius
3300 One Allen Center
Houston, TX 77002

ALBERT E. JENNER, JR.
Jenner & Block
1 IBM Plaza
Chicago, IL 60611

ALFRED S. JULIEN
Julien & Schlesinger
2 Lafayette Street
New York, NY 10007

JOHN J. KENNELLY
111 W. Washington Street
Chicago, IL 60602

LARRY A. KLEIN
Klein & Beranek
501 S. Flagler Drive
West Palm Beach, FL 33401

BORIS KOSTELANETZ
Kostelanetz & Ritholz
80 Pine Street
New York, NY 10005

LEE S. KREINDLER
Kreindler & Kreindler
100 Park Avenue
New York, NY 10016

JAMES KRUEGER
2065 Main Street
Wailuku, Maui, Hawaii 96793

VERNE LAWYER
Fourth Floor Fleming Building
218 6th Avenue
Des Moines, IA 50309

JOHN D. LIBER
Spangenberg, Shibley, Traci
& Lancione
1500 National City Bank Building
Cleveland, OH 44114

BRADWAY A. LIDDLE, JR.
Boardman, Suhr, Curry & Field
One S. Pinckney Street
Madison, WI 53703

ARTHUR L. LIMAN
Paul, Weiss, Rifkind, Wharton
& Garrison
345 Park Avenue
New York, NY 10154

VINCENT A. LLOYD
Lloyd, Brown, Fowler, Hoskins
& Becht

201 S. Second Street
Ft. Pierce, FL 33448

**JOHN A. MACFADYEN III**
91 Friendship Street
Providence, RI 02903

**MICHAEL MAHER**
Maher, Overchuck, Langa, Cate & Lobb
90 E. Livingston Street
Orlando, FL 32801

**ELLIN M. MULHOLLAND**
Herzfeld & Rubin
40 Wall Street
New York, NY 10005

**JAMES F. NEAL**
Neal & Harwell
3rd National Bank Building
Nashville, TN 37219

**PETER CHASE NEUMANN**
136 Ridge Street
Reno, NV 89501

**DARRELL PETERS**
1394 E. Jefferson
Detroit, MI 48207

**STANLEY E. PREISER**
Preiser & Wilson
1012 Kanawha Boulevard E.
P.O. Box 2506
Charleston, WV 25329

**ROBERT D. RAVEN**
Morrison & Foerster
One Market Plaza
San Francisco, CA 94105

**GEORGE D. REYCRAFT**
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

**PAUL D. RHEINGOLD**
113 E. 37th Street
New York, NY 10016

**EDWARD M. RICCI**
Ricci & Roberts
1645 Palm Beach Lakes Blvd.
West Palm Beach, FL 33402

**ROBERT C. ROTH, JR.**
Shaw, Spangler & Roth
1700 Broadway
Denver, CO 80290

**ELLIS RUBIN**
265 Northeast 26th Terrace
Miami, FL 33137

**JOHN F. SCHEICH**
103-42 Lefferts Boulevard
Richmond Hill, NY 11419

**J. BRIN SCHULMAN**
1888 Century Plaza East
Los Angeles, CA 90067

**HAROLD LEE SCHWAB**
Lester, Schwab, Katz & Dwyer
120 Broadway
New York, NY 10271

**STAN M. SHINGLES**
872 Public Ledger Building
Independence Square
Philadelphia, PA 19106

**LOUIS MARC SILBER**
Pariente & Silber
400 Australian Avenue S.
West Palm Beach, FL 33401

**GLENN A. SODD**
Dawson, Dawson, Sodd, Davis, Moe & Bizzell

5th and Main
Corsicana, TX 75110

**WARREN C. STACK**
901 Elizabeth Avenue
Charlotte, NC 28204

**LAWRENCE TRIBE**
Harvard Law School
Cambridge, MA 02138

**JOHN G. TYNDALL III**
Boccardo Law Firm
111 West St. John Street
San Jose, CA 95115

**JOHN J. WALSH**
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

**DAVID K. WATKISS**
Watkiss & Campbell
310 S. Main Street
Salt Lake City, UT 84101

**RANDOLPH K. WHITTINGTON**
Stapleton, Whittington, Curtis & Huddleston
201 N. First Street
Harlingen, TX 78550

**PAUL WINDELS, JR.**
Windels, Marx, Davies & Ives
51 W. 51st Street
New York, NY 10019

**BURTON YOUNG**
Young, Stern & Tannenbaum
17071 W. Dixie Highway
North Miami Beach, FL 33160

**JOSEPH L. YOUNG**
Young & Sanders
500 L Street
Anchorage, AK 99501

**IRVING YOUNGER**
3321 O Street N.W.
Washington, DC 20007

# TAX LAWYERS

The Internal Revenue Code is the longest law in the world," says Jonathan Blattmachr of Milbank, Tweed, Hadley & McCloy. "The code is so complex, that there are few individuals who can function as general tax lawyers—specialization is a necessity."

At Blattmachr's firm, as at other large law firms, there are tax lawyers who specialize in a particular area or even a sub-area of the IRS code, such as business taxation, partnerships, real estate, tax shelters, charities or estates and trusts. A tax lawyer can help an individual with strategies to avoid taxation, for himself or his business, or he can do battle with the IRS, if a tax problem already exists.

Each year millions of taxpayers are audited by the IRS. Should that happen to you, and should you be asked to pay taxes that

you believe are unjustified, you can file an appeal with the IRS. If you believe that the IRS will not honor your appeal, you may have to fight it out in court. There are three courts where IRS battles are fought: U.S. Tax Court, district court, and the U.S. Court of Claims. The U.S. Tax Court is the only arena where you will be able to contest a tax dispute without first paying the disputed amount in full, and it is the only court where an attorney is *not* necessary. A taxpayer may represent himself, provided that the sum in question is $5,000 or less.

If you intend to fight the IRS in district court or the U.S. Court of Claims, you will need a good tax attorney—one who is familiar with the specific area of the IRS code that is germane to your problem.

All of the tax attorneys who go to court end up battling the same opponent, the Internal Revenue Service. Hence most of the attorneys in this field do not meet and test one another as combatants in the same way that, say, torts lawyers do. "Because of the nature of their work, the most important quality to look for in a tax attorney is the ability to communicate," says Robert A. Watson of Fort Worth. "He has to be good with people."

**BERNARD M. AIDINOFF**
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

**MAC ASBILL, JR**
Sutherland, Asbill & Brennan
1666 K Street N.W.
Washington, DC 20006

**ALBERT S. BARR III**
Tydings & Rosenberg
201 N. Charles Street
Baltimore, Maryland 21201

**RONALD L. BLANC**
Blanc, Gilburne, Peters, Williams & Johnston
1900 Avenue of the Stars
Los Angeles, CA 90067

**N. JEROLD COHEN**
Sutherland, Asbill & Brennan
First Atlanta Tower
Atlanta, Georgia 30383

**SHELDON H. ELSEN**
Orans, Elsen & Lupert
One Rockefeller Plaza
New York, NY 10020

**PETER L. FABER**
Winthrop, Stimson, Putnam & Roberts
40 Wall Street
New York, NY 10005

**MILTON CARR FERGUSON, JR.**
Davis, Polk & Wardwell
One Chase Manhattan Plaza
New York, NY 10005

**JOE C. FOSTER, JR.**
Fraser, Trebilcock, Davis & Foster
1000 Michigan National Tower
Lansing, MI 48933

**RICHARD A. FRELING**
Johnson & Swanson
900 Jackson Street
Dallas, TX 75202

**PAUL N. FRIMMER**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

The following Minute Entry pertains to these cases:

| | |
|---|---|
| 05-4181 "K"(2) | O'Dwyer, et al. v. USA, et al. |
| 05-4182 "K"(2) | Berthelot, et al. v. Boh Bros. Construction, et al. |
| 05-4191 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-4568 "K"(2) | Harvey v. Board of Commissioners for the Orleans Levee Board |
| 05-5237 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-6073 "K"(2) | Kirsch, et al. v. Boh Bros. Construction Co., et al. |
| 05-6314 "K"(2) | Ezell, et al. v. Boh Bros. Construction Co., et al. |
| 05-6323 "K"(2) | Vanderbrook, et al. v. State Farm Fire & Casualty |
| 05-6324 "K"(2) | Brown, et al. v. Boh Brothers Construction, et al. |
| 05-6327 "K"(2) | LeBlanc, et al. v. Boh Bros. Construction Co., et al. |
| 05-6359 "K"(2) | Bradley, et al. v. Modjeski and Master, Inc. |
| 05-6438 "K"(2) | Armstead, et al. v. C. Ray Nagin, et al. |
| 06-0004 "K"(2) | Sullivan, et al. v. State Farm Fire & Cas. Ins. |
| 06-0020 "K"(2) | Tauzin, et al. v. Board of Comm. for the Orleans Levee Board |
| 06-0151 "K"(2) | Conlay v. Encompass Ins. Co., et al. |
| 06-0152 "K"(2) | Rogers v. Encompass Ins. Co., et al |
| 06-0153 "K"(2) | Baird, et al. v. Encompass Ins. Co., et al. |
| 06-0169 "K"(2) | Humphreys v. Encompass Ins. Co., et al. |
| 06-0225 "K"(4) | Bradley, et al. v. Pittman Const. Co., et al. |
| 06-0886 "K"(2) | Finney, et al. v. Boh Brothers, et al. |
| 06-1640 "K"(3) | Abel et al v. Broussard et al   (case severed from 05-4181) |
| 06-1672 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1673 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1674 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |

A status conference was held on April 6, 2006 at 10:0 a.m.  pursuant to the Court's

previous order of March 24, 2006.

**IT IS ORDERED** that a transcript of the entire proceedings shall be filed into the record.

**Recognition of the Scribe's Work**

The Court thanked Gerry Meunier and Ralph Hubbard for their work in compiling the first joint report which was an excellent tool for the Court to use in dealing with its approach to managing these cases.

**Recusal**

As the deadline for seeking recusal was April 4, 2006, it appears that the only parties seeking recusal of the Court in the cases in which they appear are Washington Group International and the Orleans Levee District. These motions are presently set for hearing on **April 19, 2006.** However, because of the Court's schedule,

**IT IS ORDERED** that oral argument on the recusal motions is **RESET** to **3:00 p.m. on April 19, 2006.**[1]

While recognizing that these parties might seek mandamus from the United States Court of Appeals for the Fifth Circuit, the Court noted that in the event that it does not recuse, it will not wait for a ruling from the Fifth Circuit concerning mandamus; rather, it will begin to rule on all other pending motions. The Court may consider foregoing ruling on the remand motions as

---

[1]This order would pertain to **Washington Group International, Inc.'s Motion to Recuse** filed in the following cases: *Berthelot v. Boh Bros.*, C.A. No. 05-4182 (Doc. No. 63), *Vodanovich v. Boh Bros.*, C. A. 05-5237 (Doc. No. 53), *Kirsch v. Boh Bros.*, C.A. No. 05-6073 (Doc. 58), *Ezell v. Boh Bros.*, C. A. No. 05-6314 (Doc. No. 38), *Brown v. Boh Bros.*, 05-6324 (Doc. 24), *Leblanc v. Boh Bros.*, 05-6327 (Doc. No. 44), *Tauzin v. Boh Bros.*, C.A. No. 06-020 (Doc. No. 24), *Finney v. Boh Bros.*, C.A. No. 06-886 (Doc. No. 17); and **the Motion for Disqualification filed by the Board of Commissioners of the Orleans Levee District** in the following cases: *O'Dwyer v. United States*, C.A. No. 05-4181 (Doc. No. 183), *Berthelot v. Boh Bros.*, C.A. No. 05-4182(Doc. No. 61), *Harvey v. The Board of Comm.*, C.A. No. 05-4568 (Doc. No. 32), *Vodanovich v. Boh Bros.*, C.A. No. 05-5237 (Doc. No. 52), *Kirsch v. Boh Bros.*, C.A. 05-6073 (Doc. No. 56), *Ezell v. Boh Bros.*, C.A. No. 05-6314 (Doc. 37), *Vanderbrook v. State Farm*, C.A. 05-6323 (Doc. No. 35), *Brown v. Boh Bros.*, C.A. No. 05-6324 (Doc. No. 23), *Leblanc v. Boh Bros.*, C.A. No. 05-6327 (Doc. No. 43), *Milton Armstead v. Nagin*, C.A. No. 05-6438 (Doc. No. 21), *Tauzin v. The Board of Comm.*, C.A. No. 06-0020(Doc. No. 23), *Conlay v.* Encompass, 06-151 (Doc. No. 35), *Diane Rogers v. Encompass*, C.A. No. 06-152 (Doc. No. 32), *Baird v. Encompass*, C.A. No. 06-153 (Doc. No. 29), *Humphreys v. Encompass*, C. A. No. 06-169 (Doc. No. 33), *Bradley v. Pittman*, C. A. No. 06-225 (Doc. 225).

this is the only category of motion that would not be subject to *de novo* review as noted in

*Patterson v. Mobil Oil Corporation*, 335 F.3d 476 (5ᵗʰ Cir. 2003).


**Consolidation for Pretrial Purposes**

In order to manage these cases in an orderly fashion, the Court has determined that it

shall consolidate the following cases[2] for certain pretrial purposes:

| | |
|---|---|
| 05-4181 "K"(2) | O'Dwyer, et al. v. USA, et al. |
| 05-4182 "K"(2) | Berthelot, et al. v. Boh Bros. Construction, et al. |
| 05-4191 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-4568 "K"(2) | Harvey v. Board of Commissioners for the Orleans Levee Board |
| 05-5237 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-6073 "K"(2) | Kirsch, et al. v. Boh Bros. Construction Co., et al. |
| 05-6314 "K"(2) | Ezell, et al. v. Boh Bros. Construction Co., et al. |
| 05-6323 "K"(2) | Vanderbrook, et al. v. State Farm Fire & Casualty |
| 05-6324 "K"(2) | Brown, et al. v. Boh Brothers Construction, et al. |
| 05-6327 "K"(2) | LeBlanc, et al. v. Boh Bros. Construction Co., et al. |
| 05-6359 "K"(2) | Bradley, et al. v. Modjeski and Master, Inc. |
| 06-0020 "K"(2) | Tauzin, et al. v. Board of Comm. for the Orleans Levee Board |
| 06-0151 "K"(2) | Conlay v. Encompass Ins. Co., et al. |
| 06-0152 "K"(2) | Rogers v. Encompass Ins. Co., et al |
| 06-0153 "K"(2) | Baird, et al. v. Encompass Ins. Co., et al. |
| 06-0169 "K"(2) | Humphreys v. Encompass Ins. Co., et al. |
| 06-0225 "K"(4) | Bradley, et al. v. Pittman Const. Co., et al. |
| 06-0886 "K"(2) | Finney, et al. v. Boh Brothers, et al. |
| 06-1672 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1673 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1674 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |

---

[2]The matter of *Sullivan v. State Farm Fire & Cas. Ins.*, C.A. No. 06-0004"K"(2) is not consolidated in this matter as requested by counsel for all parties; likewise, *Armstead, et al. v. C. Ray Nagin, et al.* C.A. No. 05-6438 "K"(2), and *Abel, et al. v. Broussard, et al.*, C.A. No. 06-1640 (case severed from *O'Dwyer*, C. A No. 05-4181) are not consolidated herein for reasons previously discussed in the March 26ᵗʰ conference.

A separate consolidation order will be entered hereafter.   The consolidation includes the suits presently filed and pending in this section concerning damage allegedly caused by the breaches of the 17th Street Canal, the London Avenue Canal, the Industrial Canal and MRGO.  While the Court previously believed that MRGO should not be included in this umbrella, because of the inter-relationship and more importantly, as this consolidation is SOLELY for pretrial matters including discovery, the Court will allow certain MRGO litigation to be included herein upon proper motion and showing.

**Call Docket**

Having decided that it is time to proceed with these cases,

**IT IS ORDERED** that a call docket will be conducted before Magistrate Judge Wilkinson on **Wednesday, April 26, 2006 at 10:00 a.m. in his courtroom, Room B-421.** All counsel for plaintiffs in any of the captioned cases who has named any defendant who has not yet made an appearance must appear in person and describe what attempts have been made to serve the defendant or otherwise prompt an appearance, any informal contacts that have been made with any representative of the defendant, whether the Rule 4(m) period has lapsed or should be extended, and whether entry of default might be appropriate.

**Preservation of Evidence**

Having considered the on-going nature of the repairs to the flood walls involved in this litigation and the need to balance the preservation of evidence with the necessity of not hampering the repair of the levees and flood walls,

4

**IT IS FURTHER ORDERED** that an evidentiary hearing will be conducted before **Magistrate Judge Wilkinson in his courtroom, Room B-421, on Wednesday, April 26, 2006 at 2:00 p.m.** The main purpose of the hearing is to receive the testimony of one or more representatives of the United States Army Corps of Engineers Task Force with knowledge of and/or supervisory responsibility for all procedures and logistics for evidence preservation or disposal currently in place in connection with the ongoing repair and investigation efforts concerning the levees and/or flood walls at issue in these cases. An ancillary purpose of the hearing is to facilitate consideration by the court and all counsel of whether a special evidence preservation order should be entered in these cases.

**IT IS FURTHER ORDERED** that Robin Smith, counsel for the United States, is responsible for designating and producing at the hearing the appropriate witness or witnesses capable of addressing this topic. Counsel for the United States will conduct direct examination of the witness or witnesses at the hearing, followed by cross-examination by one representative of plaintiffs and one representative of defendants, and redirect examination by counsel for the United States.

**IT IS FURTHER ORDERED** that **no later than April 13, 2006,** counsel for plaintiffs and defendants must submit to Magistrate Judge Wilkinson the names of counsel who are willing to conduct this examination, including especially the name of any proposed examiner whom counsel for one side or the other agree should be the designated questioner.

Thereafter, Magistrate Judge Wilkinson will appoint two lawyers, one for plaintiffs and one for defendants, to act as designated examiner for each side.

**IT IS FURTHER ORDERED** that no later than **April 20, 2006,** counsel for the United States must submit a letter to Magistrate Judge Wilkinson, with copies to the two designated cross-examiners, (a) identifying the witness or witnesses who will appear at the hearing, (b) stating whether any written protocol or policy concerning evidence preservation or disposal at the relevant sites already exists, and, if so, (c) providing a copy of any such written protocol or policy to Magistrate Judge Wilkinson and the two designated cross-examiners, who will in turn provide copies to other interested counsel upon request. Questioning of the witness or witnesses will be limited to (a) the topic described above, and (b) 45 minutes per questioner, unless a longer time period is deemed necessary by the court during the hearing.

**Amended Pleading Deadline**

**IT IS FURTHER ORDERED** that any and all amendments to pleadings  shall be filed no later than **5:00 p.m.  on April 26, 2006.**

**Disclosures**

**IT IS FURTHER ORDERED** that Rule 26(a)(1) disclosures shall be deferred until further order of the Court; however, all defendants shall  disclose **no later than April 20, 2006,** any connection they may have relative to the design, construction, or maintenance of the 17th Street, London Avenue or Industrial Canal Levees with specificity and shall include in these disclosure whether any related or subsidiary companies were also involved.

6

**Appointment of Plaintiffs' and Defendants' Master Committees**

In order to facilitate the motion practice that the Court anticipates, it will appoint preliminarily representatives of the different "groups" of plaintiffs and defendants involved in these matters to comprise a Master Plaintiffs' Committee and a Master Defendants' Committee. These committees may evolve into the Master Committees previously discussed in the March 26 Minute Entry, so that persons applying should be aware that service on these committees may require the payment of certain costs.

**IT IS ORDERED** that any counsel wishing to be appointed shall file an application **no later than April 28, 2006** in which counsel should include an explanation of the scope of the group he or she seeks to represent on these committees.  The Court will reach a decision by **May 5, 2006.**

**IT IS FURTHER ORDERED** that these Master Committees shall coordinate the following preliminary motions:

a)      all Rule 12 Motions that do not require discovery

b)      all motions to remand or sever

c)      immunity motions

d)      preemption motions

e)      coverage issues that require no discovery

It is expected that one joint motion concerning any particular issue that applies to groups of plaintiffs or defendants shall be filed by the committee and oppositions thereto filed by the opposing committee.  While not encouraged, any individual lawyer who finds that he or she must

7

augment such filings is limited to filing a 7 page supplemental brief simultaneously with the relevant committee filing.

**IT IS FURTHER ORDERED** that the schedule for such filings is as follows:

June 15, 2006          Motions must be filed.

June 29, 2006          Responses/Oppositions must be filed.

July 5, 2006           Reply briefs must be filed if needed

July 12, 2006          Motions filed on June 15, 2006 should be noticed for this date at 9:30 a.m.

                       If oral argument is requested and found to be need, the Court may reset a

                       motion at a special setting considering the number of motions and

                       complexity of issues.

**Service Through E-mail**

At the request of counsel,

**IT IS ORDERED** that counsel shall  be allowed to serve counsel pleadings **where possible** by e-mail in lieu of faxing. This order does not expand the ability to file such pleadings with the Court except to the extent so allowed by order of the Clerk of Court's Office.

**Disclosure**

At the very end of the conference, the United States' attorney suggested that the Court should make a "full disclosure" concerning any possible FEMA relief which it and its staff have received.  Considering that this Court has made such full disclosures in the context of cases where FEMA is a named defendant, such a request seems redundant. See *McWaters v. Federal*

8

*Emergency Management Agency*, C.A. No. 05-5488 (Doc. 33 and Doc. 40).   Furthermore, its

relevancy as concerns this matter seems less than pellucid particularly in light of the fact that this

Court and its entire staff receives its entire salary from the United States government and FEMA,

to the Court's knowledge, is not a party to any of the consolidated litigation.   Accordingly

    **IT IS FURTHER ORDERED** in the event that the United States considers this request

necessary, a proper motion containing an explanation of the relevance to this litigation shall be

filed **no later than April 26, 2006.**

**Next Status Conference**

    **IT IS FURTHER ORDERED** that the next **Mandatory Status Conference** shall be

held on **May 12, 2006, at 10:00 a.m.**

JS-10: 1:35

9