MINUTE ENTRY
WILKINSON, M. J.
APRIL 26, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 and consolidated cases |
| BOH BROTHERS CONSTRUCTION CO., L.L.C. ET AL. | SECTION "K" (2) |

### CALL DOCKET HEARING AND ORDER

Pursuant to the court's previous order, Record Doc. No. 69, a call docket was conducted in these consolidated cases before the undersigned magistrate judge on this date.

Appearing for plaintiffs were: David Scalia and Joseph Bruno in C.A. Nos. 05-5237, 05-6327, 06-1672, 06-1673 and 06-1674; Daniel E. Becnel, Jr., and Darryl Becnel

MJSTAR: 1 : 15

in C.A. Nos. 05-4182 and 05-6324; Robert M. Becnel in C.A. No. 06-886; Linda Nelson in C.A. No. 05-6073; Ashton R. O'Dwyer in C.A. No. 05-4181; Todd Slack in C.A. Nos. 05-6359 and 06-225; Stephen Wiles in C.A. No. 06-20; and Jesse Wimberly III in C.A. No. 05-6314. With the exception of plaintiff's counsel in "Jared Vodanovich v. Boh Bros. Construction Co. et al.," C.A. No. 05-4191, all plaintiffs' counsel in any of these consolidated cases in which any defendant has not yet appeared were present and participated in a fully satisfactory way.

Also appearing for various defendants were: Erin Dearie, representing defendant Eustis Engineering Company, Inc.; Marston Fowler, representing defendant C. R. Pittman Construction Company; Heather Lonian, representing defendant Washington Group International, Inc.; Charles F. Seemann, Jr., representing defendants, Burk-Kleinpeter, Inc. and Burk-Kleinpeter, L.L.C.; and James Mullaly, representing defendants, City of New Orleans, Mayor C. Ray Nagin and (tentatively) Edwin Compass, III.

The purpose of the hearing was to encourage the completion of service of process and the filing by defendants of waiver of service forms, answers, or responsive motions (which in fact occurred in several instances just prior to and during the hearing). The call docket functioned also to receive from counsel for plaintiffs their oral reports concerning their attempts to locate, serve or otherwise prompt an appearance by any defendant who

has not yet made an appearance in these consolidated cases, all so that issue may formally be joined and this matter may be moved forward.

In general, plaintiffs' counsel described their plans to continue efforts to serve unserved defendants or obtain responses from others.  Counsel also reported that they will shortly be moving voluntarily to dismiss some defendants; that they will shortly be moving to add others; and that their investigations have revealed new service information for others, whom they will attempt again to serve.  Considering the record, the oral representations of counsel during the hearing and the applicable law, **IT IS ORDERED** that the call docket will now proceed as follows.

No later than **MAY 10, 2006**: (1) Counsel for plaintiffs must file and serve any contemplated motions for voluntary dismissal of any defendant.  (2) As to any defendant whom plaintiffs seek to continue to pursue, counsel for plaintiffs must file proof of service as required by Fed. R. Civ. P. 4(l) or the waiver of service form contemplated by Fed. R. Civ. P. 4(d) as to any defendant who has not yet appeared. (3) In addition, counsel for plaintiffs must send me a letter, with a copy to all other counsel, advising as to the status of their service efforts concerning any defendant who has not been dismissed but who still has not appeared.

During the hearing, Mr. O'Dwyer, joined by counsel for some of the other plaintiffs, advised the court that he intends to file a motion to extend the previously fixed

deadline for adding new parties to the case. Because the deadline is looming and in light of the difficulties in obtaining the consent of all parties to such a motion, Mr. O'Dwyer was directed to file and serve any such motion as soon as possible, with a motion for expedited hearing, noticed before me.

After receipt of the materials required above by May 10th, I will review the submissions and determine in consultation with Judge Duval what further proceedings, if any, might be necessary to assure that all parties who may be included in these actions are before the court.

In addition, my review of the record indicates that the erroneously identified defendant "Gulf Coast, Inc." in C.A. No. 05-4182 has previously been dismissed on plaintiffs' motion and by order of Judge Porteous dated October 3, 2005. Record Doc. Nos. 3 and 4. Accordingly, the Clerk of Court is hereby directed to note that "Gulf Coast, Inc." was terminated as a defendant on October 3, 2005, so that no further call docket or other proceedings as to "Gulf Coast, Inc." will be necessary.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc: HON. STANWOOD R. DUVAL, JR.