LAW OFFICES OF
ASHTON R. O'DWYER, JR.
ONE CANAL PLACE
365 CANAL STREET
SUITE 2670
NEW ORLEANS, LA 70130
TELEPHONE: (504) 621-6755
FACSIMILE: (504) 561-6455

April 20, 2006

**Via Facsimile**

Magistrate Joseph C. Wilkinson, Jr.
United States District Court
Eastern District of Louisiana
Division "5"
500 Poydras Street
New Orleans, LA 70130

      Re:   Colleen Berthelot, et al. vs.
            Boh Brothers Construction Co., LLC, et al.
            No. 05-4182 "K"(2)
            Relates to All Actions

Dear Magistrate Wilkinson:

      This is to confirm a telephone request to Your Honor for expedited oral argument on urgent discovery issues, through Your Honor's Administrative Assistant, late yesterday. My telephone call to Chambers followed my receipt, at approximately 4:45 p.m., of the third E-mail from the Government addressing the issue of imminent destruction of evidence received during the past week on extremely short notice. A copy of the most recent E-mail, authored by Ms. Finnegan yesterday, is attached.

      I realize that the issue of recusal has taken up much of the Court's time in the past week or so. Indeed, yesterday, I listened to hours of oral argument which went into exquisite (and agonizing) detail about the "theoretical" inconvenience which Members of the Judiciary suffered, or are perceived by some to have suffered, as a result of the massive destruction visited on our Community by mortal ineptitude prior to and after Hurricane KATRINA. The recent "flurry" of activity from the Government and the Corps of Engineers on the subject of destruction of evidence should demonstrate to the Court that this case has reached, or is fast approaching, a critical juncture in terms of availability of evidence for inspection prior to destruction. I respectfully submit that the evidentiary issues inherent in what has happened, and what yet may happen, at retaining



EXHIBIT No. 1

April 20, 2006
Page 2

wall breach sites in the next few days or weeks is even more important to the litigants than the issue of recusal.[1]

Notwithstanding the fact that I have been working on my KATRINA litigation since the day after the storm, I am not at all embarrassed to admit that I learn something "new" about what actually happened, and why, virtually every day. I do not know where Your Honor stands on his own personal "KATRINA learning curve". However, the fact that Your Honor is human, and doesn't know everything, was evident at the Status Conference in C.A. No. 05-4237 and 05-4419 on Monday morning, the 17th, when counsel were asked to explain why the United States was a party defendant in that litigation, which also involves Ingram's barge. I abhor what the Government and the Corps of Engineers are doing in this case, from an evidentiary point of view, and how they are going about it, and I would like the opportunity to explain to Your Honor my knowledge of the facts and of the evidence concerning the retaining wall failures, and to argue to the Court why I believe my position is correct and why what the Court is permitting the Government to get away with should not be allowed.

Your Honor may be aware of the fact that on April 13, 2006, Judge Duval issued an Order and Reasons in Civil Action No. 05-4181, summarily denying my clients' Motion to Review Magistrate Knowles' Ruling concerning discovery issues. Judge Duval summarily denied my motion without granting my request for oral argument. I respectfully submit that if Judge Duval had known what I know about evidence in this case, he would not have denied my clients' Motion to Review.[2]

Let me take this opportunity to briefly attempt to articulate certain issues:

Incredibly, none of the so-called "independent" investigations to date have addressed the connection (or lack thereof) between steel sheetpiles and cantilever "I" type retaining wall concrete monolith panels, which the Court may know were installed on top of already existing sheetpiles in various waterways around town in 1993 and 1994. Nor have any of these so-called independent investigations addressed the adequacy of the connections between concrete monolith panels, which consist of extremely flimsy concrete "lips", which house polyvinylchloride "water stops". The testing which is on-going by the Corps of Engineers in Vicksburg in connection with their own in-house forensic investigation(s) assumes the sheetpiles and the concrete panels to have been one solid integral unit, which simply is not the case. In other words, the testing mechanism that the Corps is using in Vicksburg to reach conclusions is not sufficiently detailed enough to treat the sheetpiles and the concrete panels as the independent units which they are. None of the referenced "connections" were made available for inspection at the only site to which my clients and I have been invited since Hurricane KATRINA, namely the Seventeenth Avenue Canal site in early December. Your Honor will recall that plaintiffs'

---

[1] No disrespect is intended, but we can always get another Judge; if evidence is destroyed, then it is gone forever.

[2] The Public was not well-served, either by Magistrate Knowles' Ruling or by Judge Duval's Order and Reasons. Magistrate Chasez had been on the right path, but the Government got her recused.

April 20, 2006
Page 3

counsel were given less than 24-hours notice on Holy Thursday of the availability of "something" for inspection at one London Avenue Canal site, but my experts and I were simply not able to mobilize on such short notice.[3]

On Monday, April 17th, I filed a discovery motion to bring my objection to what the Government had done or was doing at the London Avenue site before the Court. Although co-counsel, Mr. Bruno, and others apparently went to the London Avenue site on Good Friday, I have gotten no clear report from anyone about what they saw or didn't see, what conclusions may have been reached, and what additional evidence needs to be looked at. In the meantime, the Government has now hit us with two additional "imminent destruction of evidence" E-mails, one from Mr. Smith and the other from Ms. Finnegan.

It is respectfully submitted that what is happening should not be allowed in such significant litigation, in which my clients' FOIA request for the same evidence now being "produced" on such short notice has been outstanding for more than six (6) months.

I respectfully urge the Court to give the evidentiary issues in this case the same type of hearing that the issue of recusal has received within the last 24-hours. In order to permit Your Honor to get "up to speed" on some of the issues, I respectfully suggest that Your Honor review the following Record Documents in No. 05-4181: 46, 68, 74, 79, 113 and 131.

Respectfully,

Ashton R. O'Dwyer, Jr.

AROD/vtb
cc:   Honorable Stanwood R. Duval, Jr. (via facsimile)
      All counsel of record (via E-mail)

---

[3] I personally visited the London Avenue Canal site on Holy Saturday, but was not able to see anything of interest, although I did learn that the Crops of Engineers has a permanent trailer at the site, manned by Corps personnel. And the Corps can only give us less than 24-hours notice over the Easter weekend to tel us what has been planned at London Avenue for months? Come on.



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

---

| | | |
|---|---|---|
| *Catherine J. Finnegan*<br>*Trial Attorney* | *P.O. Box 888, Benjamin Franklin Station*<br>*Washington, DC 20044* | Tel.: *(202) 616-4916*<br>Fax: *(202) 616-5200* |

PFF:TFinnegan
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

April 19, 2006

VIA ELECTRONIC MAIL

All Counsel

    Re:    <u>Berthelot, et al., v. Boh Brothers Constr. Co., et. al., Civil Action No. 05-4182</u>

Dear Counsel:

    This is to alert you that the sheet pile is expected to be unearthed from the London Avenue Canal site, near the Robert E. Lee bridge, on Friday, April 21 or Saturday, April 22. Some counsel who were present at the recovery on April 14 inform me that they would like to view this event. The Corps will permit access to the site in accordance with the terms set forth in the Court's Order of April 13. I am asking that a representative for the plaintiffs and for the defendants email me a list of persons who will attend. My email address is Tess.Finnegan@usdoj.gov. If you are to attend, please notify Denise Frederick at 862-2052.

                                Sincerely,

                                  Tess Finnegan
                                  Trial Attorney
                                  Civil Division, Torts Branch

cc:    Denise Frederick
       Randy Merchant