## Ashton O'Dwyer

**From:** Ashton O'Dwyer [arod@odwyerlaw.com]
**Sent:** Wednesday, April 26, 2006 1:23 PM
**To:** 'tess.finnegan@usdoj.gov'; 'traci.colquette@usdoj.gov'; 'robin.doyle.smith@usdoj.gov'; 'Peter.Mansfield@USDOJ.Gov'; 'Randall.C.Merchant@mvn02.usace.army.mil'
**Cc:** 'dbecnel@becnellaw.com'; 'doug@duganbrowne.com'; 'dbrowne@brownelaw.com'; 'rdaigre@duganbrowne.com'; 'dollyno@aol.com'; 'rgharvey@bellsouth.net'; 'hlambert@lambertandnelson.com'; 'rgp@rgplaw.com'; 'wimberly@nternet.com'; 'jbruno@brunobrunolaw.com'; 'DAVID@brunobruno.law.com'; 'dmartin@gainsben.com'; 'khadican@gainsben.com'; 'rasmith3@bellsouth.net'; 'kreasonover@smithfawer.com'; 'tdavis2@cableone.net'; 'ostamant@bellsouth.net'; 'smwiles@smithfawer.com'; 'rcreely@aol.com'; 'fswarr@landryswarr.com'; 'mlandry@landryswarr.com'; 'calvinfayard@fayardlaw.com'; 'gmckernan@mckernanlawfirm.com'; 'dbecnel@becnellaw.com'; 'doug@duganbrowne.com'; 'dbrowne@brownelaw.com'; 'rdaigre@duganbrowne.com'; 'dollyno@aol.com'; 'rgharvey@bellsouth.net'; 'hlambert@lambertandnelson.com'; 'rgp@rgplaw.com'; 'wimberly@nternet.com'; 'jbruno@brunobrunolaw.com'; 'DAVID@brunobruno.law.com'; 'dmartin@gainsben.com'; 'khadican@gainsben.com'; 'rasmith3@bellsouth.net'; 'kreasonover@smithfawer.com'; 'tdavis2@cableone.net'; 'ostamant@bellsouth.net'; 'smwiles@smithfawer.com'; 'rcreely@aol.com'; 'fswarr@landryswarr.com'; 'mlandry@landryswarr.com'; 'calvinfayard@fayardlaw.com'; 'gmckernan@mckernanlawfirm.com'

Re:   Colleen Berthelot, et al. vs.
      Boh Brothers Construction Co., LLC, et al.
      C.A. No. 05-4182 "K"(2)
      Relates to All Actions

Ladies and Gentlemen:

This will further my E-mail(s) to you of 1412 hours yesterday regarding the vital evidence at the London Avenue North breach site which, as of yesterday afternoon, was still buried by water, mud and rip-rap and, therefore, unobservable in the bottom of the trench. You had better hope that that evidence has not been disturbed without giving me and my expert, Mr. Pazos, the opportunity to see it. This area has to be dewatered and "gently" excavated in order to permit inspection of what is now covered up and not visible.

I also have the following additional "problems" with the London Avenue North breach site inspection on Monday and Tuesday, the 24th and 25th, some of which already have been addressed in my prior written communications with you, or orally to Mr. Merchant and/or other representatives of the U.S. Army Corps of Engineers at the site:

1)   I reiterate what I related to you in my E-mail of Tuesday morning, the 25th (dictated on Monday evening, the 24th):

EXHIBIT NO. 4

4/27/2006

a) There was nothing "urgent" about the recent work at the site, which obviously was planned long ago, and which could have been scheduled with reasonable notice to the lawyers and other professionals;

b) Where are the concrete monolith panels which the Corps ordered removed from the site between Good Friday and Monday, the 24th, and when can my expert(s) and I be given the opportunity to inspect them, particularly their left and right edges, and their bottom edges?

c) Where are the polyvinyl chloride water stops which existed between panel joints, and when can my expert(s) and I see them? We found only 2 pieces of PVC at the site. See infra.

d) We want reasonable notice of the excavation or destruction of other evidence, at other sites. You now know specifically what my expert(s) and I are interested in seeing before destruction.

2) Virtually no explanation of the nature of the work to be undertaken, or protocol, was shared with us prior to or at the site inspection notwithstanding the fact that no one – not the Corps, not the Contractor – does anything at any site without orders in writing, which should have been shared with the litigants, who were forbidden to talk to anyone at the site, other than Mr. Merchant, who had no authority and was AWOL more than he was present.

3) No one from the Corps appeared to be measuring and recording the differences in the elevation of the sheet pile, one to the other, prior to removal. Accordingly, evidence relevant to the

[1]

"bonding" or "union" of steel to concrete    may have been lost forever.

4) I specifically requested that two (2) pieces of "U" shaped rebar and one (1) additional piece of distressed "water stop" material be marked as evidence, but this request was denied with the admonition from Dr. Lowe (spelled phonetically), "Take it up with the DOJ lawyers."

Please confirm that you have issued instructions to your client that nothing else be disturbed at the London Avenue North breach site without my expert(s) and I being given the opportunity to make additional observations, particularly in the bottom of the trench area which is presently covered by water, mud and rip-rap and, therefore, "unobservable".

4/27/2006

Lastly, I strongly suggest that your client and the Contractor inspect the cofferdam at the site, which Mr. Pazos believes to be "leaking buckets" in at least one area.

Ashton R. O'Dwyer, Jr.


**Ashton R. O'Dwyer, Jr.**
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
AROD@odwyerlaw.com

---

[1]
By describing this as a bond or union, we are not conceding the point. The Corps and IPET are treating the sheet piles and concrete and a solid integrated unit, when this is not the case. We maintain that the sheet piles and concrete panels were separate, and that the panels acted as "hinges" during KATRINA.

4/27/2006