FILED
U.S. DISTRICT COURT
STERN DISTRICT OF LA

'06 APR 28 PM 3: 39

ORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| VERSUS | * | SECTION " K " (2) |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | CONS. KATRINA CANAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:
Kirsch v. Boh Bros,          Docket No. 05-6073

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, Virginia Wrecking Company, Inc., answers the First Amended Class Action Complaint as follows:

### FIRST DEFENSE

The First Amended Class Action Complaint fails to meet the prerequisites for a class action in that:

A. The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

B. The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability and damages issues inherent in the different zones alleged in the Complaint; and

Page 1 of 10

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

C.  The plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

## SECOND DEFENSE

The First Amended Class Action Complaint fails to state a claim against this defendant upon which relief may be granted.

## THIRD DEFENSE

And now answering the specific allegations of the First Amended Class Action Complaint, defendant avers:

I.

The allegations of Paragraph 1 of the First Amended Class Action Complaint are denied.

II.

The allegations of Paragraph 2 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein, except that defendant admits that it is a non-Louisiana corporation with its domicile in Alabama.

IV.

The allegations of Paragraph 4 of the First Amended Class Action Complaint are denied.

V.

The allegations of Paragraph 5 of the First Amended Class Action Complaint are denied.

VI.

The allegations of Paragraph 6 of the First Amended Class Action Complaint are denied.

VII.

The allegations of Paragraph 7 of the First Amended Class Action Complaint are denied.

VIII.

The allegations of Paragraph 8 of the First Amended Class Action Complaint are denied.

IX.

The allegations of Paragraph 9 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 12 of the First Amended Class Action Complaint are

denied. for a lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 13 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 14 of the First Amended Class Action Complaint are denied.

XV.

The allegations of Paragraph 15 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 16 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 17 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 of the First Amended Class Action Complaint are denied.

XIX.

The allegations of Paragraph 19 of the First Amended Class Action Complaint are denied.

XX.

The allegations of Paragraph 20 of the First Amended Class Action Complaint are denied.

XXI.

The allegations of Paragraph 21 of the First Amended Class Action Complaint are denied.

XXII.

The allegations of Paragraph 22 of the First Amended Class Action Complaint are denied.

XXIII.

The allegations of Paragraph 23 of the First Amended Class Action Complaint are denied.

XXIV.

The allegations of Paragraph 24 of the First Amended Class Action Complaint are denied.

XXV.

The allegations of Paragraph 25 of the First Amended Class Action Complaint are denied.

XXVI.

The allegations of Paragraph 26 of the First Amended Class Action Complaint are denied.

XXVII.

The allegations of Paragraph 27 of the First Amended Class Action Complaint are

denied.

### XXVIII.

The allegations of Paragraph 28 of the First Amended Class Action Complaint are denied.

### XXIX.

The allegations of Paragraph 29 of the First Amended Class Action Complaint are denied.

### XXX.

The allegations of Paragraph 30 of the First Amended Class Action Complaint require no answer, but in an abundance of caution, they are denied.

### XXXI.

The allegations of Paragraph 31 of the First Amended Class Action Complaint are denied.

### XXXII.

The allegations of Paragraph 32 of the First Amended Class Action Complaint are denied.

### XXXIII.

The allegations of Paragraph 33 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

### XXXIV.

The allegations of Paragraph 34 of the First Amended Class Action Complaint are denied for a lack of sufficient information to justify a belief therein.

XXXV.

The allegations of Paragraph 35 of the First Amended Class Action Complaint are denied.

XXXVI.

The allegations of Paragraph 36 of the First Amended Class Action Complaint are denied.

XXXVII.

The allegations of Paragraph 37 of the First Amended Class Action Complaint are denied.

XXXVIII.

The allegations of Paragraph 38 of the First Amended Class Action Complaint require no answer, but in an abundance of caution, they are denied.

XXXIX.

The allegations of Paragraph 39 of the First Amended Class Action Complaint require no answer, but in an abundance of caution, they are denied.

FOURTH DEFENSE

Alternatively, defendant avers that any work by defendant was done in accordance with plans or specifications furnished to defendant and it has no liability pursuant to Louisiana R.S. 9:2771.

FIFTH DEFENSE

Alternatively, any work done by defendant was done under the supervision and/or direction and/or control of the U.S. Army Corps. of Engineers and defendant is thereby immune from suit and from tort liability.

## SIXTH DEFENSE

Alternatively, any work done by defendant was done in accordance with plans or specifications furnished by the U.S. Army Corps. of Engineers and defendant has no liability pursuant to Louisiana R.S. 9:2771.

## SEVENTH DEFENSE

Alternatively, defendant avers that any work done by defendant was not done where any break of any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

## EIGHTH DEFENSE

Alternatively, defendant avers that it has no liability for any subcontractors as defendant is not vicariously liable or liable under the doctrine of *respondeat superior* for subcontractors.

## NINTH DEFENSE

Alternative, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of the fault or negligence of others for whom this defendant is not liable or responsible, including, but not limited to, the City of New Orleans, the United States Government, the U.S. Army Corps. of Engineers, the Levee Boards, the architects or engineers who designed the levees/flood walls, and others.

## TENTH DEFENSE

Alternatively, plaintiffs' claims are barred by Louisiana R.S. 9:2772.

## ELEVENTH DEFENSE

Alternatively, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of an act of nature, namely, Hurricane Katrina, for which this

defendant is not responsible or liable.

## TWELFTH DEFENSE

Defendant further re-avers, re-alleges and re-asserts all allegations and defenses previously raised in the Answer of Virginia Wrecking Co., Inc. to the original Class Action Complaint as if copied herein in *extensio*.

XL.

Defendant desires trial by jury.

WHEREFORE, defendant, Virginia Wrecking Co., Inc., prays that there be judgment in its favor and against the plaintiffs, dismissing their suit, at their costs, and with full prejudice. Defendant further prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

_____
THOMAS L. GAUDRY, JR., T.A. (#5980)
WADE A. LANGLOIS, III (#17681)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
Counsel for Defendant, Virginia Wrecking Company, Inc.

**GAUDRY, RANSON,
HIGGINS & GREMILLION, L.L.C.**

THOMAS W. DARLING (#23020)
150 Staring Lane, Suite B
Baton Rouge, LA 70810
Phone: (225) 766-6068  Fax: (225)767-6533
Counsel for Defendant, Virginia Wrecking Co., Inc.

## CERTIFICATE OF SERVICE

I, WADE A. LANGLOIS, III, certify that I have this day mailed, via U.S. mail, postage prepaid, a true and correct copy of the foregoing to:

Hugh P. Lambert
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, LA 70130

This 28 day of April, 2006.

_____
WADE A. LANGLOIS, IIII

G:\0262\1692\Pleadings\Kirsch\Answer 1st Amended Comp.wpd