UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | SECTION "K" (2) |

CONSOLIDATED WITH KATRINA/CANAL CASES

THIS DOCUMENT RELATES TO ALL ACTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### APPLICATION FOR APPOINTMENT OF RICHARD M. MARTIN, JR. TO THE PRELIMINARY PLAINTIFFS' COMMITTEE

NOW INTO COURT, comes Richard M. Martin, Jr., who pursuant to the Court's Order that applications for membership on the preliminary plaintiffs' committee be submitted on or before April 28, 2005, respectfully submits his application for appointment to the preliminary plaintiffs' committee.

**1.    Appointment while claims are pending pursuant to the FTCA.**

The Court's Minute Entry, as written, extends an invitation to apply for assignment to the plaintiffs' committee to counsel for filed lawsuits. Although applicant is not counsel of record in any of the consolidated suits, he represents individuals with similar if not identical claims as those pending before the Court. Those persons will be significantly affected by this litigation and by the lawyers appointed to serve on plaintiffs' committee.

In an abundance of caution, the undersigned seeks appointment to the plaintiffs' committee to protect the interests of those clients who have not yet filed lawsuits against these defendants. As the Court is aware, 28 U.S.C. § 2675 (a) provides that an administrative demand

Page -1-

(typically using a Form 95) must first be filed before the government's sovereign immunity is waived. Undersigned counsel and his colleagues are presently complying with the strict provisions of § 2675, and unless the government denies their clients' claims now, they will not be able to file lawsuits until the claims are denied or six months passes. 28 U.S.C. § 2675 further provides:

> The failure of an agency to make final dispositions of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

It is reasonable to presume that, as new "Katrina flooding" cases are filed after compliance with the provisions of § 2765 (a), they will be consolidated with the above-captioned matter. The undersigned applicant is presently stalemated by the six-month claim consideration period, but nevertheless wishes to be considered presently for appointment to the plaintiffs' committee rather than seek appointment on a *nunc pro tunc* basis after six months run on his group's administrative demands. Therefore, this application is respectfully submitted.

## 2. Applicant's qualifications.

In the hope of being appointed to the plaintiffs' committee, the undersigned submits the following general outline of his legal career, and identifies mass tort cases in which he has served either as a lead liability discovery attorney or has undertake principal responsibility for preparation of pleadings, or both.

Applicant graduated from Tulane University in 1977 and from Tulane Law School in 1980. Following active duty in the U.S. Navy from 1980 through 1984, applicant served as an

Assistant U.S. Attorney and than as Law Clerk to the late U.S. District Judge Henry A. Mentz, Jr. In 1986, applicant entered private practice where he began years of "Socratic tuteledge" by John J. Cummings, III, an attorney who enjoys national prominence for his pioneer leadership in mass tort litigation. Ultimately, applicant became a partner of Cummings, Cummings, Dudenhefer & Martin. In 1999, applicant joined Eaves Law firm and managed the litigation aspects of that firm's mass tort cases, including pharmaceutical product liability litigation, foreign nation tobacco litigation, and FTCA cases.

Applicant is admitted to state and federal practice in Louisiana, Mississippi, Texas, and the District of Columbia. Other court admissions include the U.S. Supreme Court, and the Courts of Appeal for the D.C. Circuit, the 5th Circuit, the 9th Circuit, and the 11th Circuit.

Applicant has substantial experience in mass tort cases and is qualified by experience to serve on the plaintiffs' committee. He has worked cooperatively with numerous fellow trial lawyers. Representative mass tort/MDL cases in which applicant had lead discovery duties and/or lead pleadings preparation duties include, e.g., <u>Ocean Ranger Sinking Litigation</u>, <u>San Juan Dupont Hotel Fire Disaster</u>, <u>Shell Norco Refinery Explosion</u>, <u>Hanford Nuclear Reservation Litigation</u>, <u>Humana Hospital Litigation</u>, <u>Breast Implant Litigation</u>, <u>Arcadian Refinery Explosion</u>, <u>Thompson Hayward Chemical Plant Litigation</u>, <u>Orthopaedic Bone Screw Products Liability Litigation</u>, <u>Diet Drug Product Liability Litigation</u>, <u>Baycol Product Liability Litigation</u>, <u>Ingram Barge Allision with U.S. Highway 190 Bridge Litigation</u>, <u>Vieques Bombing Range FTCA Claim Process</u>, <u>American Airlines Fight 587 Litigation</u>, <u>Ukraine Tobacco Litigation</u>, <u>AT&T Venezuela Explosion Disaster Litigation</u>, <u>D/V Seacrest Sinking Litigation</u>, <u>U.S. Embassy at Nairobi Bombing Litigation</u>, and the <u>Vioxx Product Liability Litigation</u>. Applicant and his colleagues

now represent the interests of many hundreds of Hurricane Katrina flood victims, and anticipate that this number will grow into the tens of thousands.

While relevant experience is important, the ability to work with other lawyers – on both the plaintiffs' and the defendants' sides – is critically important. Applicant's numerous admissions elsewhere allowed him to work closely with trial and defense attorneys from virtually every part of the country. Applicant has worked cooperatively with many of the attorneys who also seek appointment to the plaintiffs' committee, and that is a big factor in favor of his selection.

Applicant has devoted his career to representing victims of mass torts, is well-qualified as a trial litigator, and presently has the time available to devote to this litigation. Applicant is a native New Orleanian whose Orleans Parish home was damage by the Hurricane Katrina flooding. Service on the plaintiffs' committee, on behalf of fellow New Orleanians, is a responsibility for which Applicant is well-prepared. Undersigned counsel thanks the Court for its consideration of his application and urges the Court to grant to him an appointment.

Respectfully submitted,

/s/ Richard M. Martin, Jr.
Richard M. Martin, Jr., LA Bar # 8998
Alison House
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 5867-0000

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was sent to all counsel of record by U.S. mail, first class postage prepaid, this 28th day of April, 2006.

_____
Richard M. Martin, Jr.