

**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 28  PM 3:57

LORETTA G. WHYTE
  CLERK

Robin D. Smith
Trial Attorney

PJP:PFF:RSmith
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

P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044

Tel.: (202) 616-4289
Fax: (202) 616-5200

April 27, 2006

VIA FEDEX AND FAX (504-589-7633)

Honorable Joseph C. Wilkinson, Jr.
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

RE: <u>Berthelot v. Boh Bros. Constr.</u>, Civ. No. 05-4182 (all cases)

**Dear Judge Wilkinson:**

    I am writing to request guidance from the Court concerning the disruptive behavior of one representative of the litigants at the site of the London Avenue Canal breach near Robert E. Lee Boulevard. On three days this week, I have received reports from Corps personnel that Ashton O'Dwyer has been engaged in conversations with workers employed at this work site. On Monday I was informed that Mr. O'Dwyer had asked on-site Corps personnel to recover and preserve certain materials at the site. On Tuesday I learned both from Mr. O'Dwyer himself and from Corps personnel that he had reappeared at the site to ask that certain work be performed. In an email addressed to attorneys for the United States, Mr. O'Dwyer reported that he "made several oral requests to the Corps of Engineers' personnel . . . for the dewatering of the central area of the trench."

    In response to Mr. O'Dwyer's email, and to a complaint by onsite Corps personnel that Mr. O'Dwyer's presence was becoming a problem, I faxed a letter to Mr. O'Dwyer on Tuesday, reminding him of the Court's order governing site access and warning that future misconduct would be brought to the Court's attention. The following day I received a fax from Mr. O'Dwyer in which he described the demands he had made upon Dr. Paul Lo, a contractor who was at the site to document materials as they are recovered from the breach.

\_\_\_ Fee_____
\_\_\_ Process\_\_\_\_\_
X  Dktd_____
\_\_\_ CtRmDep\_\_\_\_
\_\_\_ Doc. No\_\_\_\_

Letter to Hon. Joseph C. Wilkinson, Jr.
April 27, 2006
Page 2

No work was performed yesterday, because of inclement weather, but early this morning I was informed that Mr. O'Dwyer was again hectoring Corps personnel at the Robert E. Lee breach site. In response to that information, I advised that Mr. O'Dwyer should be asked to leave the premises and that he be denied re-entry.

I had hoped that my letter to Mr. O'Dwyer would resolve this problem without troubling the Court. That has not proven to be the case. And since my advice to the Corps is in tension with the Order of the Court directing that Mr. O'Dwyer be afforded access to the site (Record Doc. 157), I am writing for guidance concerning the appropriate way for the Corps to respond to disruptive conduct by a representative of the parties to this litigation. Recognizing that the parties have bona fide interests in the work being performed at the breach sites, the Court has ordered that they be afforded access. In doing so, however, the Court has expressed its intent that this access not interfere with the repairing of the levees. Mr. O'Dwyer has apparently interfered with that work, and I am accordingly requesting guidance as to the appropriate way forward.

Respectfully submitted,

ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Encl.

cc:  Judge Duval (via fax)
     Counsel of record (via email)

## Smith, Robin Doyle (CIV)

| | |
|---|---|
| **From:** | arod@odwyerlaw.com |
| **Sent:** | Tuesday, April 25, 2006 3:28 PM |
| **To:** | Colquette, Traci L. (CIV); Finnegan, Tess (CIV); Smith, Robin Doyle (CIV); Myer, Peter (CIV); Randall.C.Merchant@mvn02.USACE.ARMY.MIL |
| **Attachments:** | tmp.htm |



tmp.htm (7 KB)

```
Re:     Colleen Berthelot, et al. vs.
Boh Brothers Construction Co., LLC, et al.
C.A. No. 05-4182 "K"(2)
Relates to All Actions
```

Ladies and Gentlemen:

When we left the London Avenue North breach site today, the Corps' contractor was still in the process of removing steel sheet piles from the "far" side of the breach area, away from Robert E. Lee Blvd. I have made several oral requests to the Corps of Engineers' personnel, including Mr. Merchant, and a request to you in writing early this morning, for the dewatering of the central area of the trench in way of the breach and the excavation of what is currently under water buried by rip rap and, therefore, unobservable. This is most important evidence, and should not be disturbed without my expert(s) and I having the opportunity to see it.
You have 24-hours to reply, at the expiry of which I will approach Judge Duval and/or Magistrate Wilkinson.
Yours very truly,

Ashton R. O'Dwyer, Jr.

P.S. My secretary left early today. You will have another "laundry list" of deficiencies from me tomorrow morning.

AROD



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

Robin D. Smith
Trial Attorney

PJP:PFF:RSmith
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

P.O. Box 888, Benjamin Franklin Station
Washington, DC  20044

Tel.: (202) 616-4289
Fax: (202) 616-5200

April 25, 2006

VIA FAX (504-561-6560)

Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street, Suite 2670
New Orleans, Louisiana 70130

      RE: <u>Berthelot v. Boh Bros. Constr.</u>, Civ. No. 05-4182 (all cases)

Dear Mr. O'Dwyer:

    It has come to my attention that you may have been more than a passive observer at the Robert E. Lee breach site today. Indeed, I have received two e-mails from you today which suggest that you have been discussing the work with on-site personnel and requesting that they modify their work plans to accommodate your interests.

    Please be reminded of Judge Wilkinson's order that sets limits on the access that is being provided to representatives of the parties in these consolidated cases. If you are unable to comply with the conditions upon which access has been afforded, I ask that you take the matter up with the Court immediately.

    If you do not abide by the restrictions imposed by the Court, I will seek an order prohibiting you from entering this and every other site.

                                               Very truly yours,

                                               ROBIN D. SMITH

```
**********************************************************************
*                                                              P. 01  *
*                       TRANSACTION REPORT                            *
*                       ──────────────────                            *
*                                              APR-25-2006 TUE 03:45 PM
*                                                                     *
*   FOR:  USDOJ                  2026165200                           *
*─────────────────────────────────────────────────────────────────────*
*   SEND                                                              *
*   DATE   START     RECEIVER      TX TIME  PAGES TYPE  NOTE    M# DP *
*   APR-25 03:44 PM  915045616560    31"      2   FAX TX  OK    935   *
*─────────────────────────────────────────────────────────────────────*
*                                TOTAL :      31S  PAGES:  2          *
**********************************************************************
```

U.S. Department of Justice
FTCA Staff, Torts Branch
Civil Division
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044



Fax Cover Page

Date: 4/25

No. of Pages (including fax cover page): 2

| TO | Fax No. | Phone No. |
|---|---|---|
| Ashton O'Dwyer | 504 561 6560 | |
| | | |
| | | |
| | | |
| From: Robin Smith | 202/616-5200 | 202/616-4289 |

Message:
This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, or which should not be disclosed under applicable law. If the reader of this message is not the intended recipient, your are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address and the U.S. Postal Service. Thank you.

# Smith, Robin Doyle (CIV)

| | |
|---|---|
| **From:** | arod@odwyerlaw.com |
| **Sent:** | Wednesday, April 26, 2006 2:23 PM |
| **To:** | Colquette, Traci L. (CIV); Finnegan, Tess (CIV); Smith, Robin Doyle (CIV); Mansfield, Peter (USALAE); Randall.C.Merchant@mvn02.usace.army.mil |
| **Cc:** | dbecnel@becnellaw.com; doug@duganbrowne.com; dbrowne@brownelaw.com; rdaigre@duganbrowne.com; dollyno@aol.com; rgharvey@bellsouth.net; hlambert@lambertandnelson.com; rgp@rgplaw.com; wimberly@nternet.com; jbruno@brunobrunolaw.com; DAVID@brunobruno.law.com; dmartin@gainsben.com; khadican@gainsben.com; rasmith3@bellsouth.net; kreasonover@smithfawer.com; tdavis2@cableone.net; ostamant@bellsouth.net; smwiles@smithfawer.com; rcreely@aol.com; fswarr@landryswarr.com; mlandry@landryswarr.com; calvinfayard@fayardlaw.com; gmckernan@mckernanlawfirm.com; dbecnel@becnellaw.com; doug@duganbrowne.com; dbrowne@brownelaw.com; rdaigre@duganbrowne.com; dollyno@aol.com; rgharvey@bellsouth.net; hlambert@lambertandnelson.com; rgp@rgplaw.com; wimberly@nternet.com; jbruno@brunobrunolaw.com; DAVID@brunobruno.law.com; dmartin@gainsben.com; khadican@gainsben.com; rasmith3@bellsouth.net; kreasonover@smithfawer.com; tdavis2@cableone.net; ostamant@bellsouth.net; smwiles@smithfawer.com; rcreely@aol.com; fswarr@landryswarr.com; mlandry@landryswarr.com; calvinfayard@fayardlaw.com; gmckernan@mckernanlawfirm.com |
| **Attachments:** | tmp.htm |



tmp.htm (19 KB)

```
Re:     Colleen Berthelot, et al. vs.
Boh Brothers Construction Co., LLC, et al.
C.A. No. 05-4182 "K"(2)
Relates to All Actions
```

Ladies and Gentlemen:

    This will further my E-mail(s) to you of 1412 hours yesterday regarding the vital evidence at the London Avenue North breach site which, as of yesterday afternoon, was still buried by water, mud and rip-rap and, therefore, unobservable in the bottom of the trench.
You had better hope that that evidence has not been disturbed without giving me and my expert, Mr. Pazos, the opportunity to see it. This area has to be dewatered and "gently" excavated in order to permit inspection of what is now covered up and not visible.
    I also have the following additional "problems" with the London Avenue North breach site inspection on Monday and Tuesday, the 24th and 25th, some of which already have been addressed in my prior written communications with you, or orally to Mr. Merchant and/or other representatives of the U.S. Army Corps of Engineers at the site:
    1)    I reiterate what I related to you in my E-mail of Tuesday morning, the 25th (dictated on Monday evening, the 24th):
a)    There was nothing "urgent" about the recent work at the site, which obviously was planned long ago, and which could have been scheduled with reasonable notice to the lawyers and other professionals;
b)    Where are the concrete monolith panels which the Corps ordered removed from the site between Good Friday and Monday, the 24th, and when can my expert(s) and I be given the opportunity to inspect them, particularly their left and right edges, and their bottom edges?
c)    Where are the polyvinyl chloride water stops which existed between panel joints, and when can my expert(s) and I see them? We found only 2 pieces of PVC at the site. See infra.
d)    We want reasonable notice of the excavation or destruction of other evidence, at other sites. You now know specifically what my expert(s) and I are interested in seeing before destruction.
    2)    Virtually no explanation of the nature of the work to be undertaken, or protocol, was shared with us prior to or at the site inspection

1

notwithstanding the fact that no one - not the Corps, not the Contractor - does anything at any site without orders in writing, which should have been shared with the litigants, who were forbidden to talk to anyone at the site, other than Mr. Merchant, who had no authority and was AWOL more than he was present.

3) No one from the Corps appeared to be measuring and recording the differences in the elevation of the sheet pile, one to the other, prior to removal. Accordingly, evidence relevant to the "bonding" or "union" of steel to concrete[1] may have been lost forever.

4) I specifically requested that two (2) pieces of "U" shaped rebar and one (1) additional piece of distressed "water stop" material be marked as evidence, but this request was denied with the admonition from Dr. Lowe (spelled phonetically), "Take it up with the DOJ lawyers."

Please confirm that you have issued instructions to your client that nothing else be disturbed at the London Avenue North breach site without my expert(s) and I being given the opportunity to make additional observations, particularly in the bottom of the trench area which is presently covered by water, mud and rip-rap and, therefore, "unobservable".

Lastly, I strongly suggest that your client and the Contractor inspect the cofferdam at the site, which Mr. Pazos believes to be "leaking buckets" in at least one area.

Ashton R. O'Dwyer, Jr.


Ashton R. O'Dwyer, Jr.
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
 <mailto:AROD@odwyerlaw.com> AROD@odwyerlaw.com

---

[1] By describing this as a bond or union, we are not conceding the point. The Corps and IPET are treating the sheet piles and concrete and a solid integrated unit, when this is not the case. We maintain that the sheet piles and concrete panels were separate, and that the panels acted as "hinges" during KATRINA.