```
                                           FILED
                                      U.S. DISTRICT COURT
                                    EASTERN DISTRICT OF LA

                                    2006 MAY -3  PM 2:48

                                      LORETTA G. WHYTE
                                            CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., LLC, | * | SECTION "K" (2) |
| ET AL., | * | CONS. KATRINA CANAL |

\* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO: 05-4181

### UNITED STATES' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO REVIEW MAGISTRATE JUDGE'S APRIL 12, 2006 ORDER

MAY IT PLEASE THE COURT: Defendant, the United States of America, hereby opposes plaintiffs' Objections To and Motion To Review Magistrate Judge's Order of April 12, 2006, wherein the Court denied plaintiffs' attempt to supplement and amend their pleadings for the twelfth time.[1] The United States respectfully submits that oral argument on this matter is not warranted.

---

[1] Plaintiffs' objections to and motion to review Magistrate Judge Wilkinson's April 12, 2006 Order is docket number 202 in the consolidated cases. Judge Wilkinson's April 12, 2006 Order denying plaintiffs' motion to amend their complaint for the twelfth time is docket number 71 in the consolidated cases.

1



The Magistrate Judge's ruling of April 12, 2006, was a decision on a non-dispositive pretrial matter. As such, the ruling may only be disturbed by a district court when it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);[2] Castillo v. Frank, 70 F.3d 382, 385-86 (5th Cir. 1995); In re Combustion, Inc., 161 F.R.D. 54, 55 (W.D. La. 1995). The party challenging the magistrate judge's action in a non-dispositive matter has the burden of "showing that the Magistrate's ruling was clearly erroneous or contrary to law." Granito v. Sunu, 594 F. Supp. 410, 413 (D. Haw. 1984). A motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence, Schrag v. Dinges, 144 F.R.D. 121, 123 (D. Kan. 1992), or, where "the reviewing court is left with the definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948).[3]

---

[2] Rule 72(a) of the Federal Rules of Civil Procedures addresses nondispositive pretrial matters and states:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served and with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and *shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.*

Fed. R. Civ. P. 72(a) (emphasis supplied).

[3] In Cordova v. Crowley Marine Services, Inc., No. Civ.A. 02-2280, 2003 WL 21804986, at *1 (E.D. La. Aug. 4, 2003) (Duval, J.), this Court affirmed a magistrate's order to allow a party to file a second amended complaint after describing the standard of review as follows:

In their Objections To and Motion to Review, plaintiffs have not addressed these standards or attempted to meet them. Rather, plaintiffs papers contain mere superficial assertions that Magistrate Judge Wilkinson "did not have a good understanding why [plaintiffs'] twelfth amendment [to the Complaint] was being sought" (Docket No. 202 at 1) and assert, without substantiation, that Magistrate Judge Wilkinson's ruling was clearly erroneous or contrary to law. Thus, plaintiffs have not overcome the high threshold necessary for this Court to grant their motion to review.

As the United States has argued in its opposition to plaintiffs' motion for leave to file their Twelfth Supplemental and Amended Complaint, plaintiffs' Twelfth Amendment to their Complaint is untimely, futile, and, under Fifth Circuit precedent, is filed in bad faith with a

---

The Federal Rules of Civil Procedure permit district courts to refer nondispositive pretrial matters, including discovery disputes, to federal magistrates. Fed. R. Civ. P. 72(a); see also Eastern District of Louisiana Local Rule 72.1E(A)[hereinafter Local Rules]; 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling on such a nondispositive matter is appealable to the district court. Id. "The district judge to whom the case is assigned shall modify or set aside any portion of the magistrate's order [only if] found to be *clearly erroneous or contrary to law.*" Fed. R. Civ. P. 72(a)(emphasis added); see also Local Rule 74.1M(A); 28 U.S.C. § 636(b)(1)(A). Indeed, the "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)); See also Fed. R. Civ. P. 72(a). The district court may not undertake a de novo review of the magistrate's disposition. See e.g., Merritt v. Int'l Brotherhood of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. Unit A 1981). Under the clearly erroneous standard of review, the review by the district court is circumscribed and the district court is bound by the clearly erroneous rule in reviewing questions of fact. Blair v. Sealift, Inc., 848 F. Supp. 670 (E.D. La. 1994) (citing Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).

Id. (emphasis in original).

dilatory motive.[4] Judge Wilkinson considered these same factors in his April 12, 2006 Order denying plaintiffs' permission to amend their Complaint for the twelfth time and concluded that, "[b]alancing these factors in this instance militates in favor of denying the motion, especially where numerous previous amendments have already been permitted." Docket No. 71 at 2. Citing Magistrate Judge Knowles' order that no further amendments would be permitted in this case without good cause, Magistrate Judge Wilkinson also found that plaintiffs had given "no persuasive explanation for [their] need to amend their complaint for the twelfth time," that their proposed amendment "does not appear important," that adding more putative class members is "unnecessarily redundant," and that plaintiffs' proposed "additional jurisdictional allegations appear to have no bearing on the pending motions in this case." Id. Thus, contrary to plaintiffs' suggestion, Magistrate Judge Wilkinson did not misunderstand their proposed twelfth amendment. Rather, he considered and rejected it based on the relevant law, facts, and prior rulings in this case.

For these reasons, Magistrate Judge Wilkinson's ruling should be upheld. The denial of plaintiffs' request to amend their complaint for the twelfth time is neither clearly erroneous nor contrary to law.

---

[4] The United States' opposition to plaintiffs' motion for leave to file their Twelfth Supplemental and Amended Complaint is docket number 159 in O'Dwyer, et al. v. United States, et al., Case No. 05-4181. The arguments made therein are incorporated here by reference.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' objections to and motion to review Magistrate Judge Wilkinson's April 12, 2006 Order denying them permission to supplement and amend their pleadings for the twelfth time should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

PAUL F. FIGLEY
Deputy Director, Torts Branch

_/s/ Traci L. Colquette_
TRACI L. COLQUETTE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 305-7536
(202) 616-5200 (fax)
Attorneys for the United States

Dated: May 2, 2006.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by fax, electronic mail, or U.S. Mail on this 2nd day of May 2006.

_____
Traci L. Colquette