UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT ET AL.                      CIVIL ACTION

VERSUS                                        NO. 05-4182 and
                                              consolidated cases

BOH BROTHERS CONSTRUCTION                     SECTION "K" (2)
CO., L.L.C. ET AL.

# ORDER

Pursuant to the court's previous orders, Record Doc. Nos. 69, 137 and 157, an evidentiary hearing was conducted on May 2, 2006, concerning evidence preservation/destruction procedures being employed by the United States in connection with the ongoing levee/floodwall breach repair and investigation work at the sites that are the subject of this litigation. Participating were: Joseph M. Bruno, court-appointed examiner for plaintiffs; William D. Treeby, court-appointed examiner for defendants; Robin Smith, representing defendant United States.

Also in attendance were: Ashton O'Dwyer, Will Perry, Jerry McKernan, Robert M. Becnel and Florian Buchler, representing plaintiffs; Michael Riess; Jeff Quebedeaux, Erin Dearie, Phyllis Glazer, Gregory Fahrenholt, Dennis Phayer, Heather Lonian, Richard Tyler, Marston Fowler and Herman Hoffman, Jr., representing various defendants.

Testimony was received from Dr. Paul F. Mlakar and George L. Sills, members of the United States Interagency Performance Evaluation Task Force ("IPET") who were the witnesses designated by the United States. Considering the record, the submissions of the parties and the applicable law, the court issues the following **ORDER** pursuant to Fed. R. Civ. P. 26(c) and 34 concerning evidence preservation/destruction at the relevant sites:

(1) <u>All</u> tangible items, reports, notes, memoranda, e-mails, written communications and other materials of any kind, whether or not they are currently on IPET's website, which have been or will be (a) collected, retained or stored by IPET, the United States or any of its agencies and contractors pursuant to the various protocols submitted to the court in connection with these proceedings, and (b) generated in the anticipation and planning of all repair, materials collection activities and investigations concerning the subject matter of this litigation must be retained in a safe and orderly manner indefinitely and cannot be destroyed or disposed of in any way without further

order of the court.  The United States is hereby formally put on notice that it is the court's intention to require in a later order that the United States (1) establish one or more evidence depositories consisting of all such materials that are not privileged, and (2) prepare a log as contemplated by Rule 26(b)(5) as to all such materials which the United States contends are privileged.  At a later date, non-privileged materials in any court-designated evidence depository and privilege logs will be made available for inspection by counsel and their experts, for use in these proceedings pursuant to a future protective order and protocol that is yet to be developed.

(2) The testimony and written submissions to date establish that at least two future materials recovery operations are scheduled to be conducted by the United States and its contractors.  As to these operations, counsel for the United States must timely notify all counsel to these proceedings by e-mail, as soon as the relevant details are known and immediately upon notification to Dr. Mlakar or other IPET officials, when and where these operations are scheduled, so that observation by counsel and their experts, restricted in the same manner provided in the court's previous order, Record Doc. No. 74, may occur.  Counsel and their experts are prohibited from interacting in any way with personnel of the United States or their contractors, except for communications with a liaison person whom the United States must designate and make available on site, during

the site observations. Counsel and their experts are prohibited from interfering with or impeding in any way the ongoing, critical and time sensitive levee/floodwall repair work.

(3) Dr. Mlakar testified that the waterstops, which are rubber devices installed in the floodwalls at the joints between monoliths to prevent leaking from the canal side of the levees, are not currently being preserved by IPET because they have no structural or load-bearing value and, in his expert opinion and the opinions of other forensic engineers involved in the IPET investigation, they are irrelevant to an investigation of the failure mechanisms at the various breaches. Nevertheless, in some previous submissions to the court, some plaintiffs have expressed an interest in inspecting and/or preserving "waterstops" from the damaged floodwalls. Accordingly, no later than **May 5, 2006**, counsel for the United States must inquire of Task Force Guardian and IPET officials and provide me with a written report stating whether, during the next two anticipated materials recovery operations described by Dr. Mlakar, representative samples of the "waterstops" at those locations can reasonably be recovered and preserved without materially impeding or delaying the critical levee/floodwall repairs that are ongoing (the timely completion of which is top priority) and without substantial expense.

(4) Any party may file any motion for a protective order pursuant to Rule 26(c) requesting additional measures in connection with evidence preservation/destruction issues. A purpose of the court's proceedings in this regard has been to develop an

evidentiary basis upon which these issues may be intelligently addressed, recognizing that a balance must be accomplished among various interests and obligations, including the paramount public interest in having levee/floodwall repairs completed by the start of the upcoming hurricane season, the parties' interest in relevant evidence preservation, and the ongoing obligations of the United States both to preserve relevant evidence and to complete critical levee/floodwall repairs.  Movers bear the burden of proof as to any motions for protective order seeking additional relief.  <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302 (5th Cir. 1998).  Accordingly, any such motion must be accompanied by a proposed order specifying the additional relief sought in this regard and must be supported by the affidavit of a qualified expert, including a recitation of the expert's specific qualifications to render a relevant opinion, or other competent <u>evidence</u> supporting the requested relief.

New Orleans, Louisiana, this __4th__ day of May, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc: HON. STANWOOD R. DUVAL, JR.