FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 28 PM 1:11

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHOLET, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO :
05-5237     Vodonovich v. Boh Bros. Construction, et al.
05-6327     LeBlanc, et al. v. Boh Brothers Construction, et al.
06-1672     Chehardy, et al. v. State Farm Fire & Casualty, et al.
06-1673     Chehardy, et al. v. State Farm Fire & Casualty, et al.
06-1674     Chehardy, et al. v. State Farm Firm & Casualty, et al.

*********************************************************************

## APPLICATION FOR APPOINTMENT AS PRELIMINARY REPRESENTATIVE OF ONE OF THE DIFFERENT "GROUPS" OF PLAINTIFF

**NOW INTO COURT**, comes Joseph M. Bruno, who respectfully applies to this Honorable Court for his appointment as representative of the "Levee" group.

Undersigned, in the past, has suggested grouping the litigation under the Court's umbrella into three categories namely, claims against those who designed, constructed and/or maintained the levees, claims against the United States, and claims against Homeowner insurers that are based on or are related to either of the other two groups. Based on the Court's comments, Orders, and on a better understanding of the landscape, undersigned suggests slightly different groups.

The first group ought to include claims against those who designed, constructed, or maintained the levees including the United States Corps of Engineers. The second group ought to include claims against those who designed, constructed, or maintained the

*File into record as was ordered by Court*

___ Fee_____
___ Process_____
_X_ /Dktd_____
___ CtRmDep_____
___ Doc. No_____

Mississippi River Gulf Outlet, and finally, the third group ought to include claims against Homeowner insurers based on or related to the other two groups. The change is that claims against the United States are no longer segregated. A division based on the area of impact seems far more logical. In due course, there will be a lawsuit filed against the Untied States Army Corps of Engineers relative to the 17th Street and London Avenue Canals. Additionally, there was recently filed, a suit against the United States Army Corps of Engineers under the Federal Tort Claim Act for the negligent design, construction, and maintenance of the Mississippi River Gulf Outlet which is alleged to be responsible for the water damage sustained in St. Bernard, New Orleans East, and the Upper and Lower Ninth Wards of New Orleans. The nature of the claim and the resulting damage are so distinct that the claims regarding the 17th Street and London Avenue Canals should be separate form the claims that regard the MRGO.

As to the appropriateness of the appointment of undersigned for the "Levee" group, movant suggests that he has:

1) been active in litigation regarding the 17th Street and London Avenue Canals since the storm;

2) taken a lead role in identifying the designers and contractors for the 17th Street and London Avenue Canals; [1]

3) contacted and maintained a relationship with Professor Robert Bea of the National Science Foundation and the numerous experts at the LSU Hurricane Center; [2]

4) created and maintained a database of seven thousand seven hundred sixty five individuals who have indicated that they want to pursue a claim as a result of

---

[1] Our lead role is confirmed by the fact that most of the other lawsuits are copies of the lawsuit we originally filed.

[2] Both have indicated that they are not available to be retained as experts at this time.

water damage from the levee breach;

5) held numerous meetings with plaintiff counsel to discuss organization and strategy;

6) assisted thousands in completing Standard Form 95;

7) conducted extensive research relative to 702(c) and have, we believe, articulated a cause of action which does not fall within the "damages for flood" language of that statute;

8) articulated a case management scheme for the "Levee" cases;

9) extensive experience in mass tort, complex, and class actions;

10) the time, finances and commitment to see this case through to resolution.

In addition to the above relative to the levee cases, undersigned is also active in the other two groups of cases. Undersigned long ago came to the conclusion that resolution for the problem that plagues our city requires a coordination of these three groups of cases.

I attach my resumé and suggest that I am well qualified to serve.

Respectfully submitted,

BRUNO & BRUNO
855 BARONNE STREET
NEW ORLEANS, LOUISIANA 70113
TELEPHONE: (504) 525-1335

BY: _____
JOSEPH M. BRUNO, SR. #3604

# JOSEPH M. BRUNO, ESQ.

## CURRENT

Managing Partner, Bruno & Bruno, LLP

## EDUCATION

- Institute of Politics                          1988
- Tulane Law School, Juris Doctor               1978
- Tulane University, Bachelor of Arts           1977
- Jesuit High School                            1972

## PROFESSIONAL

Admitted to practice in all courts of the State of Louisiana, all courts of the State of Texas, United States District Courts for the Eastern District and Middle District of Louisiana, United States Fifth Circuit Court of Appeal, and United States Tax Court.

## PROFESSIONAL ORGANIZATIONS

- Louisiana State Bar Association
- Federal Bar Association
- New Orleans Bar Association
- Notaries Association of New Orleans
- Louisiana Trial Lawyers Association
    Board of Governors 1984-1985
    Board of Governors at Large 1986-1988
    Board of Governors Executive Committee 2000- present
- American Association of Trial Lawyers
    Key Person Committee and Task Force Committee 1987-1988
- St. Thomas Moore Catholic Lawyers Association
- New Orleans Opera Association- Board of Directors 2002-present
- New Orleans Center for the Creative Arts (NOCCA)- Board of Directors 2003-present

## BIOGRAPHY

Joseph M. Bruno is widely regarded as a creative, energetic and outspoken advocate of victims' rights, particularly in difficult and complex cases of liability. He is a defender of class action procedure, seeing it as an important balancing tool in our complex society. He is a graduate of Tulane University (1977) and Tulane School of Law (1978). In 1979, he went into partnership with his father, Frank S. Bruno, a well known and respected litigator, most particularly in the field of workmen's compensation. He subsequently entered a partnership with his brothers, Stephen, Robert and Christopher, with whom he currently practices.

Joseph Bruno has been admitted to practice in all Courts in the State of Louisiana and Texas, as well as the United States District Courts for the Eastern and Middle District of the State of Louisiana, the United States Fifth Circuit Court of Appeal, and the US Tax Court.

Joseph Bruno is recognized as an authority in class actions, and particularly in the management of same. His expertise in difficult and complex litigation has led to his representation of numerous claimants in class action and mass joinder proceedings involving racial discrimination, occupational lung disease, product liability, and wage and hour violations.

Mr. Bruno has been active in the Louisiana Trial Lawyers organization, having served on the Board of Governors for over 20 years. He presently serves on that body's executive committee. His goal is to build and maintain an aggressive firm that has the courage to fund and handle all types of complex and difficult litigation

## CASES OF INTEREST

Mr. Bruno is currently involved in or has successfully completed the following class action and/or mass joinder proceedings.

- The Shell/Norco litigation, in which Mr. Bruno represented over 7,000 class members and served on the Plaintiffs' Legal Committee, and resulted in a $170 million settlement. [*In re: Shell Oil Refinery, (1988): served as a member of the Court Appointed Plaintiffs legal Committee and Plaintiffs Discovery Committee, USDC, ED Docket No. 88-1935, Section I- Settled*]

- The New Orleans Train Car litigation, which resulted in a 3.5 billion exemplary damages verdict and was later partially settled for $435 million. Mr. Bruno served as co- lead trial counsel with the late Wendell Gauthier. [*In re: New Orleans Train Car Leakage and Fire Litigation (1987): serving as Court Appointed Plaintiffs Steering Committee Member; CDC Docket No. 87-16374, Division "B"*]

2

- The Scott Cigarette litigation, the only medical monitoring class action currently pending in the United States which resulted in a jury verdict finding the cigarette industry conspired to defraud Louisiana smokers by distorting the public knowledge regarding cigarette smoking and health. Mr. Bruno's primary responsibility was the selection and handling of expert witnesses. *[Dianne Castano, et al vs. The American Tobacco Company, et al. (1994); serving as Court Appointed Plaintiffs' Steering Committee Member, CDC Docket No. 96-8461, Division "K"]*

- A recent class action lawsuit against Gaylord Chemical that resulted in a $92 million dollar punitive damage jury verdict. Mr. Bruno was on the Court appointed Plaintiffs' Steering Committee and the trial team. His primary responsibility was handling trial plaintiffs at trial as well as quantum of punitive damages. *[Catherine Fuqua, et al. vs. Gaylord Chemical Corporation, et al, serving as Court Appointed Plaintiffs' Steering Committee member, 22nd JDC For The Parish Of Washington, Docket No.# 73351, Division "H"]*

- Most recently Mr. Bruno successfully represented the interests of over 4,000 thousand claimants in the Gramercy Plant Explosion At Kaiser, and served on the Court appointed Plaintiffs' Steering Committee. That case resulted in a settlement of over 30 million dollars. Mr. Bruno's primary responsibilities in the case were shepherding the litigation from settlement agreement to final judgment, distribution of the settlement proceeds, and distribution of attorneys' fees. *[In re: Gramercy Plant explosion at Kaiser; 23rd Judicial District Court for The Parish of St. James, State of Louisiana, Master Docket No. 25, 975, Division D]*

- The following matters are presently being tried or pending trial. 1.) Casey Billieson, et al. vs. City of New Orleans, et al. (Lead Paint litigation), No, 94-19231, Division B, Section No. 15; 2.) John Johnson, et al. vs. Orleans Parish School Board, et al.; Civil District Court For the Parish Of Orleans, State of Louisiana, (Agriculture Street Landfill) No. 93-1433, Division "J", Section 13, c/w 94-5446, c/w 94-12996, c/w 95-13271, all cases.