UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN ROBINSON et al,

Plaintiffs

v.

THE UNITED STATES OF
AMERICA and THE UNITED
STATES ARMY CORPS OF
ENGINEERS,

Defendants

CIVIL ACTION

NUMBER: 06-2268

SECTION: SECT. D MAG. 4

KATRINA-RELATED
LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 APR 25 AM 11: 20
LORETTA G. WHYTE
CLERK

FILED MAY - 4 2006
LORETTA G. WHYTE
CLERK

05-4182

---

**PLAINTIFFS' MEMORANDUM MOTION TO SHORTEN THE
PERIOD OF TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT**

Now into Court, through undersigned counsel come, Norman Robinson, Tanya Smith, Anthony Franz, Jr., Lucille Franz, Kent Lattimore, and Lattimore & Associates, who, for the reasons set forth below, request that this Court shorten from 60 days to 20 days the time period for each Defendant to file a motion or pleading in response to Plaintiffs' complaint.

1. In open court on April 6, 2006, counsel for the United States, Robin Smith, stated without further explanation that in future Katrina-related cases, the government expects to avail itself of the full 60 days afforded it to answer routine complaints pursuant to Fed. R. Civ. P. 12(a)(3)(A). Although needless delay inures to the government's benefit in this and every other Katrina-related claim brought against it under the Federal Tort Claims Act ("FTCA"), it is contrary to the best interests of the Court, the litigants, the litigation generally, and the hundreds of thousands of citizens potentially affected by the outcome of these cases.

2. A 60-day delay would be needless for several reasons. First, each Plaintiff to this action filed an administrative claim more than six months ago pursuant to the FTCA, thus affording

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Defendants ample opportunity to investigate Plaintiffs' respective claims. The Department of the Army, Corps of Engineers (United States) acknowledged receipt of the claims, (see Ex. 1), but since that time has made no discernable effort to address them. Defendants chose not to request further information from the Plaintiffs, though certainly they could have done so. 28 C.F.R. § 14.4 (2005). Yet now it seems they would drag the matter out two months more simply because they can (or perhaps for more insidious tactical reasons). Second, the government has been involved for months in at least two other actions addressing the subject matter of this case—the government's negligent design, construction, and maintenance of the MR-GO. (*Dahlgren v. The United States of America*, Case No. 06-0188, Section E, Mag. 4, and *Maureen O'Dwyer, et al v. The United States of America, et al*, Case No. 05-4181, Section K) The potentially dispositive issues raised by those actions were predictable to begin with and have been briefed fully by the government in its motions to dismiss those claims. Third, the government has been aware since at least April 4, 2006, i.e., the filing of the scribes' joint report to this Court, that the instant complaint was to be filed, and the government undoubtedly was aware of at least the general contours of such a complaint inasmuch as the basis for the action was described in the joint report and the case is premised upon facts that the government has known for decades.

2. This Court has made clear in its treatment of Katrina-related cases, including its oral pronouncements, that it wishes to afford due process to every party before it while expediting the cases for reasons that are manifest to all. Plaintiffs submit that the government is the only party with any interest in delaying prosecution of the cases and that it can offer no principled justification for its stated intention to avail itself of two months' time in which to answer Plaintiffs' two-count complaint, which concerns claims of which the government has known for

six months, addresses a subject matter already fully briefed in other cases, and involves one of the greatest catastrophes in the history of our nation—an event to which one would hope the government has spared no investment of resources.

3. This Court possesses a "certain inherent authority to protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities." *Degen v. United States*, 517 U.S. 820, 824, 116 S. Ct. 1777, 1780 (1996). Both the Court and the parties to this action bear a responsibility to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

4. This Court has the inherent authority to abbreviate the time period in which the Defendants might answer or otherwise respond to Plaintiffs' complaint. Doing so would facilitate the just and speedy determination of this action. Neglecting to do so would needlessly delay this case and adversely affect the Court's ability to efficiently integrate the handling of this action with the other Katrina cases now before it. And to what meaningful end? Plaintiffs submit the Defendants can suggest none. By allowing Defendants 20 days in which to answer Plaintiffs' complaint—the period of time granted every other litigant to answer or plead—this Court will have struck a sensible balance between the Defendants' due process rights and the self-evident need to expedite a case of such grave and pressing public importance.

WHEREFORE, Plaintiffs respectfully move this Court for an order shortening from 60 days to 20 days the time in which Defendants may answer or otherwise plead in response to Plaintiffs' complaint.

Respectfully Submitted:

THE ANDRY LAW FIRM

By: Jonathan B. Andry, Esq. (LSBA#20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8933
On Behalf of the MR-GO Litigation Group
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Plaintiffs' Memorandum Motion to Shorten the Period of Time for Defendants to Respond to the Complaint has been duly served upon all counsel of record by depositing same into the United States Mail, properly address, postage prepaid, this 25th day of April, 2006.

JONATHAN B. ANDRY