UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO.: 05-4182 |
| BOH BROTHERS CONSTRUCTION | * | |
| CO., LLC., ET AL. | * | SECTION "K" (2) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | RE: KATRINA LEVEES |
| DOCKET Nos. 05-4181; 05-6073; 06-20 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

**MAY IT PLEASE THE COURT:**

The plaintiffs in *Kirsch v. Boh Brothers Construction Co., et al.*, Docket No. 05-6073 (Rec. Doc. 50) and in *Tauzin v. The Board of Commissioners for the Orleans Parish Levee District, et al.*, Docket No. 06-20, (Rec. Doc. 120 in *Berthelot* 05-4182) filed First Amended Class Action Complaints naming the Louisiana Department of Transportation and Development (DOTD) as a defendant.

1

Both cases allege causes of action arising under state law. The plaintiffs in *Maureen O'Dwyer, et al. v. United States, et al*, Docket No. 05-4181 (Rec. Doc. 20) named DOTD as a party in their Sixth Supplemental and Amending Complaint. The complaint appears to allege violations by DOTD of federal and state law. For the reasons below, State of Louisiana, through the Department of Transportation and Development, is entitled to sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and therefore, all claims against it should be dismissed.

## THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, IS ENTITLED TO SOVEREIGN IMMUNITY FROM SUIT IN FEDERAL COURT.

The State of Louisiana, through the Department of Transportation and Development, is immune from this suit pursuant to the Eleventh Amendment to the United States Constitution. The claims against DOTD in *O'Dwyer* are, in part, raised pursuant to federal law. However, the plaintiffs' complaint fails to include any specific statements identifying which federal law was allegedly violated by DOTD. The *O'Dwyer* pleadings therefore, fail to achieve the burden of proving that Congress unequivocally abrogated the State's sovereign immunity with regards to their federal claims. The remaining *O'Dwyer* claims and all claims in *Tauzin* and *Kirsch* arise under state law. Congress has not abrogated and the

Louisiana Legislature has not waived sovereign immunity from suit under state law. Therefore, all claims against the State of Louisiana, through the Department of Transportation and Development, should be dismissed.

The Eleventh Amendment bars all persons from suing a state for money damages in federal court.[1] The real party of interest in a suit against the Louisiana Department of Transportation and Development is the State of Louisiana.[2] The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought.[3] This immunity applies regardless of whether jurisdiction is asserted under this Court's original or supplemental jurisdiction.[4]

The Eleventh Amendment is not an absolute bar because states may consent to suit or the United States Congress may abrogate the states' immunity.[5] The State of Louisiana has not waived its sovereign immunity from suits brought in

---

[1] *Ussrey v. State of Louisiana*, 150 F.3d 431, 434 (5th Cir. 1998) (*citing* U.S. Const. Amend. XI; *Seminole Tribe v. Fla.*, 517 U.S. 44, 116 S.Ct. 1114 (1996)).
[2] See *Lambert v. Kenner City*, 2005 WL 53307, *3 (E.D.La., 2005) (Not Reported in F.Supp.2d).
[3] *Cory v. White*, 457 U.S. 85, 91 (1982); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986).
[4] *Pennhurst State School and Hospital v. Haldermann*, 104 S.Ct. 900, 917-19 (1984).
[5] *Pennhurst*, supra (*citing* **Port Auth. Trans-Hudson Corp. v. Feeney**, 495 U.S. 299, 304 (1990)).

federal court.[6]  The Louisiana Legislature clearly expresses that "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[7]

Congress may abrogate sovereign immunity of the states by enacting legislation pursuant to Section Five of the Fourteenth Amendment to the U.S. Constitution.[8]  Congress used this authority and chose to abrogate sovereign immunity of the states regarding Title VII claims.[9]  Congress must unequivocally express its intent to abrogate the states' Eleventh Amendment immunity.[10]  The intent to abrogate must be expressed "in unmistakable language in the statute itself."[11]

The Louisiana Department of Transportation and Development is an arm of the State and thus, entitled to sovereign immunity.  A plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of a State rather than the State itself.[12]  Not all entities, however, are entitled to sovereign immunity.  To determine whether an entity is a state agency and entitled to Eleventh Amendment immunity, the court uses the following approach:

---

[6] See e.g. ***Richardson v. Southern University***, 118 F.3d 450, 453 (5th Cir. 1997).
[7] La. R.S. 13:5106(A).
[8] ***Ussrey***, 150 F.3d at 434 (*citing* ***Seminole Tribe***, 517 U.S. at 55)).
[9] ***Fitzpatrick v. Bitzer***, 427 U.S. 445, 96 S.Ct. 2666, 2670 (1976).
[10] <u>***Ussrey***</u>, 150 F.3d at 434 (*citing* ***Seminole Tribe***, 517 U.S. at 55).
[11] *Id*. (*Quoting* ***Atascadero State Hosp. v. Scanlon***, 473 U.S. 234, 243 (1985)).
[12] ***Richardson***, 118 F.3d at 452.

> The court should consider (1) whether the agency has been granted the right to hold and use property, (2) whether it has express authority to sue and be sued in its corporate name, (3) the extent of its independent management authority, (4) the treatment of the agency by State courts, (5) whether the state is responsible for the agency's debt, (6) whether the agency is primarily concerned with local, as opposed to statewide problems, and (7) the degree of general financial autonomy of the agency.[13]

This Honorable Court used the above factors to reaffirm that the Louisiana Department of Transportation and Development (DOTD) is immune from suit in Federal Court pursuant to the Eleventh Amendment.

> Based on all of the forgoing factors, the Fifth Circuit has repeatedly held that the DOTD is an arm of the state and protected by Eleventh Amendment sovereign immunity. *Tillman v. CSX Trans*, 929 F.2d 1023, 1025 (5th Cir.1991); *Fireman's Fund Ins. Co. v. Department of Transp.*, 792 F.2d 1371 (5th Cir.1986); *Freimanis v. Sea-Land Serv. Inc.*, 654 F.2d 1155 (5th Cir.1981). For example, in *Baker v. Murphy Oil USA, Inc.*, 2000 WL 526870 at *1 (E.D.La.2000), the Fifth Circuit explained that "[b]ecause a state agency such as the Louisiana DOTD is in essence the alter ego of the State of Louisiana, it is also immune from suit in this Court." This Court finds no reason to depart from the clear line of cases in this jurisdiction holding DOTD to be immune from suit in federal court pursuant to the Eleventh Amendment.[14]

---

[13] ***Kurkeiwicz v. State of La. Through Dept. of Health,*** 560 F.Supp. 911, 913 (M.D. La. 1983) (*citing **Tradigrain, Inc. v. Mississippi State Port Authority***, 701 F.2d 1131 (5th Cir. 1983); ***Boston v. Tanner***, 29 F. Supp. 2d 743, 746 (W.D. La. 1998)).

[14] *Lambert v. Kenner City*, 2005 WL 53307, *3 (E.D.La., 2005) (Not Reported in F.Supp.2d).

This Circuit consistently holds that the State of Louisiana, through the Department of Transportation and Development, is entitled to sovereign immunity.  Therefore, all claims against the State of Louisiana, through the Department of Transportation and Development, should be dismissed at plaintiffs' cost.

                        Respectfully submitted,

                        **CHARLES C. FOTI, JR.**
                        **ATTORNEY GENERAL**

**BY**:    \_\_\_\_\_s/ *Michael C. Keller* _____
           **MICHAEL C. KELLER (#20895) (T.A.)**
           **PHYLLIS E. GLAZER (# 29878)**
           **STEPHEN F. BABIN (#2634)**
           **ASSISTANT ATTORNEYS GENERAL**

           **DEPARTMENT OF JUSTICE**
           **LITIGATION DIVISION**
           601 Poydras Street, Suite 1725
           New Orleans, Louisiana 70130
           Telephone No.    504-599-1200
           Facsimile No.    504-599-1212
           Email:    KellerM@ag.state.la.us
                           GlazerP@ag.state.la.us
                           BabinS@ag.state.la.us

## **CERTIFICATE OF SERVICE**

    **I CERTIFY** I have served the foregoing on all counsel of record by EMAIL, at New Orleans, Louisiana, on this *11th* day of *May*, 2006.

                        s/ *Michael C. Keller*
                      **MICHAEL C. KELLER**