

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -9 P 12: 01

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 05-4182** |
| | * | |
| **BOH BROS. CONSTRUCTION CO., ET AL.** | * | **SECTION K (2)** |
| | * | |
| **This pleading relates to Case Number 05-6073** | * | |
| **David J. Kirsch, et al vs. Boh Bros. et al** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS TO THE FIRST AMENDED CLASS ACTION COMPLAINT FILED BY DAVID J. KIRSCH and ALI HAGHIGHI

NOW INTO COURT, through undersigned counsel, comes defendant, the Sewerage

and Water Board of New Orleans, in response to the First Amended Class Action Complaint,

filed by the Plaintiffs, answers and sets forth their Affirmative Defenses as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs (and the proposed class members) have brought their Complaint in an improper

venue, as any proceedings in the Eastern District of Louisiana will violate the Sewerage and

Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

1

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage and Water Board of New Orleans, and further fails to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from defendant, the Sewerage and Water Board of New Orleans.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to Plaintiffs that encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

## FIFTH AFFIRMATIVE DEFENSE

The defendant, the Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by Plaintiffs

were directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs (and members of the putative class) harm.

### NINTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should the Plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

## TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans qualifies for and invokes the prohibition provided for by Louisiana Revised Statutes, Title 13, Section 5105(A), prohibiting a jury trial against a political subdivision of the state, and avers that the Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana.

## ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under Federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

## TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals,

agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and/or such other acts or omissions that may be proven at the time of trial.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina, during the month of August 2005.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the Plaintiffs (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

### NINETEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

### TWENTIETH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that the Plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the defendant, Sewerage and Water Board of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear

during the proceedings in this case.  The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

**ANSWER**

**AND NOW**, answering separately the allegations of the First Amended Class Action Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a reasonable belief therein.

3.

(a) No response necessary.

(b) No response necessary.

(c) No response necessary.

(d) No response necessary.

(e) No response necessary.

(f) No response necessary.

(g) No response necessary.

(h) No response necessary.

(i) No response necessary.

(j) No response necessary.

(k) No response necessary.

(l) No response necessary.

(m) No response necessary.

(n) No response necessary.

(o) No response necessary.

(p) The Sewerage & Water Board of New Orleans admits this paragraph.

(q) No response necessary.

(r) No response necessary.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 6 are denied.

8

7.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 contain legal conclusions for which no answer is necessary further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

9.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

Except to admit the presence of floodwaters in certain parts of Orleans Parish, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the Defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the Defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure. However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 29 are denied.

30(a) – 30(e).

The allegations of Paragraph 30(a) – 30(e) contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.   However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 30(a) – 30(e) are denied.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32(A).

The allegations of Paragraph 32(A) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

32(B).

The allegations of Paragraph 32(B) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

### 32(C).

The allegations of Paragraph 32(C) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

### 32(D).

The allegations of Paragraph 32(D) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

### 32(E).

The allegations of Paragraph 32(E) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

### 33.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

### 34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein. Hurricane protection levees and/or floodwalls are exclusively under and within the jurisdiction of the United States Army Corps of Engineers and/ or the Board of Commissioners of the Orleans Levee District.

36(A)(1).

The allegations of Paragraph 36(A)(1) are denied for lack of sufficient information to justify a belief therein.

36(A)(2).

The allegations of Paragraph 36(A)(2) are denied for lack of sufficient information to justify a belief therein.

36(A)(3).

The allegations of Paragraph 36(A)(3) are denied for lack of sufficient information to justify a belief therein.

36(A)(4).

The allegations of Paragraph 36(A)(4) are denied for lack of sufficient information to justify a belief therein.

36(A)(5).

The allegations of Paragraph 36(A)(5) are denied for lack of sufficient information to justify a belief therein.

36(B)(1).

The allegations of Paragraph 36(B)(1) are denied for lack of sufficient information to justify a belief therein.

36(B)(2).

The allegations of Paragraph 36(B)(2) are denied for lack of sufficient information to justify a belief therein.

36(B)(3).

The allegations of Paragraph 36(B)(3) are denied for lack of sufficient information to justify a belief therein.

36(B)(4).

The allegations of Paragraph 36(B)(4) are denied for lack of sufficient information to justify a belief therein.

36(B)(5).

The allegations of Paragraph 36(B)(5) are denied for lack of sufficient information to justify a belief therein.

36(C)(1).

The allegations of Paragraph 36(C)(1) are denied for lack of sufficient information to justify a belief therein.

36(C)(2).

The allegations of Paragraph 36(C)(2) are denied for lack of sufficient information to justify a belief therein.

36(C )(3).

The allegations of Paragraph 36(C )(3) are denied for lack of sufficient information to justify a belief therein.

36(D)(1).

The allegations of Paragraph 36(D)(1) are denied for lack of sufficient information to justify a belief therein.

36(D)(2).

Except to admit that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Pontchartrain, the Sewerage and Water Board of New Orleans, denies the allegations of Paragraph 36(D)(2) as the allegations contain legal conclusions, which can neither expand nor limit the law.

36(D)(3).

The allegations of Paragraph 36(D)(3) are denied for lack of sufficient information to justify a belief therein.

36(D)(4).

The allegations of Paragraph 36(D)(4) are denied for lack of sufficient information to justify a belief therein.

36(D)(5).

The allegations of Paragraph 36(D)(5) are denied for lack of sufficient information to justify a belief therein.

36(D)(6).

The allegations of Paragraph 36(D)(6) are denied for lack of sufficient information to justify a belief therein.

36(D)(7).

The allegations of Paragraph 36(D)(7) are denied for lack of sufficient information to justify a belief therein.

36(D)(8).

The allegations of Paragraph 36(D)(8) are denied for lack of sufficient information to justify a belief therein.

36(D)(9).

The allegations of Paragraph 36(D)(9) are denied for lack of sufficient information to justify a belief therein.

36(D)(10).

The allegations of Paragraph 36(D)(10) are denied for lack of sufficient information to justify a belief therein.

36(D)(11).

The allegations of Paragraph 36(D)(11) are denied for lack of sufficient information to justify a belief therein.

36(E)(1).

The allegations of Paragraph 36(E)(1) are denied for lack of sufficient information to justify a belief therein.

18

36(E)(2).

The allegations of Paragraph 36(E)(2) are denied for lack of sufficient information to justify a belief therein.

36(E)(3).

The allegations of Paragraph 36(E)(3) are denied for lack of sufficient information to justify a belief therein.

36(F)(1).

The allegations of Paragraph 36(F)(1) are denied for lack of sufficient information to justify a belief therein.  The Sewerage and Water Board of New Orleans at no time had the care, custody, control and/or garde of the land along, over and on the shores, bottom, and bed of Lake Pontchartrain in the Parish of Orleans…and/or along and/or on the shores adjacent to the lake and along the canals connected therewith.

36(F)(2).

Except to admit that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Pontchartrain, and portions of these canals are located within Orleans Parish, Defendant, Sewerage and Water Board of New Orleans, denies the allegations of Paragraph 36(F)(2) as the allegations contain legal conclusions which can neither expand nor limit the law.

36(F)(3).

The allegations of Paragraph 36(F)(3) are denied for lack of sufficient information to justify a belief therein. The Sewerage & Water Board of New Orleans has no garde or legal responsibility for the levees and/or floodwalls and had no actual and/or constructive knowledge

19

of any alleged vices and/or defects in these facilities and cannot be held responsible to the claimants for any allegations under the provisions of La. C.C. arts 2317 and/or 2317.1.

36(F)(4).

The allegations of Paragraph 36(F)(4) are denied for lack of sufficient information to justify a belief therein and to the extent that they state or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans. The Sewerage and Water Board of New Orleans denies removing existing sheet pilings supporting floodwalls and/or replacing said sheet pilings with new pilings. The Sewerage & Water Board of New Orleans further avers and denies that they have no information after completion of whatever work was done (pursuant to contract) by any alleged agencies and/or contractors employed by one or more governmental entities, other than the Sewerage & Water Board of New Orleans, be it the Parish of Jefferson, the Board of Commissioners of the Orleans Levee District, the Board of Commissioners of the East Jefferson Levee District, and/or the United States Army Corps of Engineers that the levees and/or floodwalls contained vices and defects and cannot be held strictly liable in accordance with La. C.C. arts 2317 and 2317.1 because at no time was the Sewerage & Water Board of New Orleans a party to said contracts and at no time did they have any legal responsibility for the design, construction and/or maintenance of the levees and/or floodwalls.

36 (G)(1)

The allegations of Paragraph 36(G)(1) are denied for lack of sufficient information to justify a belief therein.

20

### 36(G)(2)

The allegations of Paragraph 36(G)(2) are denied for lack of sufficient information to justify a belief therein.

### 36(G)(3)

The allegations of Paragraph 36(G)(3) are denied for lack of sufficient information to justify a belief therein.

### 36(G)(4)

The allegations of Paragraph 36(G)(4) are denied for lack of sufficient information to justify a belief therein.

### 37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

### 38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

### 39.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

**WHEREFORE**, the defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the Plaintiffs, DAVID J. KIRSCH and ALI HAGHIGHI on behalf of themselves and all others

similarly situated, dismissing all of the claims of the Plaintiffs (and members of the putative class) with prejudice, and at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

GEORGE R. SIMNO III, T.A. (#12271)
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE AND WATER BOARD OF NEW ORLEANS**

**CERTIFICATE OF SERVICE**

I certify that a copy of this pleading: Answer & Affirmative Defenses filed by the Defendant, Sewerage and Water Board of New Orleans to the First Amended Class Action Complaint, has been mailed or emailed to all counsel of record in this proceeding, on this the 9th day of May, 2006.

GEORGE R. SIMNO III

n:\lit\def\kirsch, david j (hurricane katrina)\ple\060504answer.firstamendedcomplaint.doc