FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -9  PM 12: 52

LORETTA G. WHYTE
       CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| **Plaintiffs** | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | |
| | * | |
| | * | MAGISTRATE NO. 2 |
| **Defendants** | * | |
| | * | |
| THIS DOCUMENT RELATES TO: Docket No. 2006-3199 | * | MAGISTRATE WILKINSON |
| | * | |
| | * | |
| | * | A JURY IS DEMANDED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CONSENT TO REMOVAL TO FEDERAL COURT

TO:   The Honorable Stanwood R. Duval, Jr.
      of the United States District Court
      for the Eastern District of Louisiana

NOW INTO COURT, through undersigned counsel, comes Defendant, the Board of Commissioners for the Orleans Levee District (hereinafter "Orleans Levee District"), who hereby consents to the Notice of Removal previously filed herein, and as additional grounds therefore shows as follows:

1.

On or about April 6, 2006, plaintiffs filed this Class Action Petition for Damages

___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep_____
___ Doc. No_____

individually and as representatives of a putative class in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled, *Herbert W. ChristEnberry, et al. v. Board of Commissioners of the Orleans Levee District, et al.* bearing cause number 2006-3199, Division "B/15." At the time of filing, defendant had not been served.

2.

Defendant hereby reserves any and all rights to assert as defenses to the Claim for Damages all defenses permitted by Federal Rule of Civil Procedure 12 as well as all other jurisdictional, procedural, and venue defenses, in addition to all defenses to both the propriety of class certification and the merits of this action.

3.

Removal is proper, and this Court has subject matter jurisdiction on three bases: (1) federal question jurisdiction under U.S.C. § 1331, (2) federal officer jurisdiction under 28 U.S.C. 1442(a)(1), and (3) Class Action Fairness Act ("C.A.F.A")..

### **FEDERAL OFFICER JURISDICTION: 28 U.S.C. § 1442(a)(1)**

4.

Removal is proper under 28 U.S.C. § 1442(a)(1). This Section provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
    (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office....

5.

In <u>Lalonde v. Delta Field Erection</u>, 1998 WL 34301466 (M.D. La.), the Honorable Magistrate Judge Dalby set forth a three-part test for determining whether removal is proper pursuant to 28 U.S.C. § 1442(a)(1). A government officer or agent seeking to remove a civil action under this Section must show:

  (1)  that the removing defendant was acting under an officer of the United States or an Agency thereof;

  (2)  that there was a causal connection between the charged conduct and the asserted official authority; and

  (3)  that the removing defendant has a colorable defense under federal law. <u>Id</u>. at 2, citing <u>Willingham v. Morgan</u>, 395 U.S. 402 (1969).

6.

"The federal officer removal statute is not 'narrow' or 'limited.'" <u>Willingham v. Morgan</u>, 395 U.S. 402, 406 (1969). Congressional policies behind Section 1442(a)(1) "should not be frustrated by a narrow grudging interpretation." <u>Id</u>. Stating the point more directly, removal pursuant to this provision: "is an absolute right and is not dependent on the discretion of the court." <u>Malone v. Longo</u>, 463 F.Supp. 139 (U.S.D.C. E.D. N.Y. 1979).

7.

If a particular claim is removable under Section 1442(a)(1), then the entire action becomes removable. <u>Lalonde</u>, <i>supra</i>, <i>citing</i>, <u>Spencer v. New Orleans Levee Board</u>, 737 F.2d 435, 438 (5th Cir. 1984).

8.

Under the Flood Control Act, 33 U.S.C. §701 *et seq.*, Congress declared that the United States Federal Government, through the United States Army Corps of Engineers (hereinafter "Army Corps of Engineers"), has jurisdiction over rivers and other waterways for construction and maintenance of national flood control structures.[1]

9.

The Army Corps of Engineers is provided with the power to coordinate and contract with State and local political subdivisions with respect to the operation and maintenance of flood control structures in accordance with federal laws as well as The Army Corps of Engineers' regulations.[2]

10.

The Orleans Levee District is a political subdivision which, among other things, coordinates and enters into assurances <u>with federal agencies</u> for the design, installation and

---

[1] *See* 33 U.S.C. §701a-1(providing "The words 'flood control' as used in Section 701a of this title shall be construed to include channel and major drainage improvements and flood prevention improvement for protection from ground water-induced damages and Federal investigations and improvements of rivers and other waterways for flood control and allied purposes **shall** be under the direction of the Secretary of the Army and supervision of the Chief of Engineers . . .."); <u>See also,</u> 33 U.S.C. §701b (providing "[f]ederal investigations and improvements of rivers and other waterways for flood control and allied purposes **shall** be under the jurisdiction of the Secretary of the Army and supervision of the Chief of Engineers.").

[2] 33 U.S.C. §701c (providing that a state or political subdivision shall assure that it will "maintain and operate all works after completion in accordance with the regulations prescribed by the Secretary of the Army.").

maintenance of flood control structures in Orleans Parish.

11.

The Orleans Levee District has entered into written agreements with The United States of America through the Secretary of the Army of the United States which contractually bind the Orleans Levee District to, among other things, maintain the flood control structures in accordance with regulations promulgated by The Secretary of the Army. (Exhibit I, Affidavit of Stevan Spencer).

12.

The Army Corps of Engineers' contracts with the Orleans Levee District require that the Orleans Levee District periodically enter onto the flood control structures to conduct inspections and to perform routine maintenance.

13.

The flood control structures associated with the 17th Street and London Avenue Canals are included among the flood control structures which the Orleans Levee District is contractually obligated to maintain under the contracts with the Army Corps of Engineers.

14.

The Army Corps of Engineers conducts annual inspections of the flood control structures in Orleans Parish to determine if the Levee District has complied with its contractual maintenance obligations.

15.

If the Orleans Levee District fails or refuses to correct any deficiencies noted during the

annual inspections, The Army Corps of Engineers may withhold funding or sue it for specific performance. <u>United States v. City of Irving, Texas</u>, 482 F.Supp. 393, 395 (N.D. Tex. 1979)(33 U.S.C. §701c includes an implied cause of action for the governmental agency to sue to enforce assurances executed by state political subdivisions.)

16.

Thus, in maintaining the flood control structures as required by the contracts with the Army Corps of Engineers, the Orleans Levee District acts under the direction, control, and authority of an officer or agency of the United States, i.e. the Orleans Levee District acts "under the color" of an officer or agency of the United States.

17.

The Class Action Petition seeks to hold the Orleans Levee District and its insurer liable for actions committed or omitted as a "person" acting under an officer or agency of the United States and under color of such office or agency.

18.

Included among the allegations against the Orleans Levee District is the claim that the District's failure to inspect and maintain the flood control structures was a cause of plaintiff's damages.

19.

Because the Orleans Levee District "operated all features of the project in accordance with the regulations prescribed by the Secretary of the Army" and maintains flood control structures under federal contract, and because plaintiffs allege that this operation and

maintenance was conducted negligently, there is a direct causal connection between the Orleans Levee District's federal duties and the allegations contained in the Class Action Petition, which specifically seeks damages for the Orleans Levee District's conduct while acting under color of an officer or agency of the United States.

20.

The recovery sought by plaintiffs from the Orleans Levee District for allegedly defective flood control structures or allegedly improper maintenance of the flood control structures directly impacts the operations and maintenance of national flood control structures operated by the Orleans Levee District in accordance with federal contracts and regulations. *See* Teague v. Grand River Dam Authority, 279 F.Supp. 703 (N.D. Okl. 1968)(Operation of flood control structures under direction and contract with the The Army Corps of Engineers provides a basis for removal under 28 U.S.C. 1442(a)(1)).

21.

Thus, the relief sought by the Class Action Petition from the Orleans Levee District addresses and implicates the operation and maintenance of national flood control structures in accordance with The Army Corps of Engineers' regulations and specifications.

22.

The Orleans Levee District enjoys a federal government contractor defense because its role in maintaining and inspecting the flood control structures was done in compliance with The Army Corps of Engineers' regulations and federal law. *See,* Boyle v. United Technologies Corporation, 487 U.S. 500 (1988), and Yearsley v. W.A. Boss Const. Co., 309 U.S. 18 (1940)("If

what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will."); Lalonde v. Delta Field Erection, 1998 WL 34301466 (M.D. La. 1998)(Compliance with federal contractual requirements is a defense to state law claims for compensation). Because the Orleans Levee District maintained flood control structures built according to the Federal Government and The Army Corps of Engineers specifications and instructions, the federal contractor defense is applicable to plaintiff's claims in this case. "It is important to note that the defendants need not prove the asserted defense, but need only articulate its 'colorable' applicability to plaintiff's claims." Winters v. Diamond Shamrock Chemical Co., 147 F.3d 387 (5th Cir. 1998).

23.

Relying on 28 U.S.C. 1442(a)(1) and controlling United States Supreme Court precedents, the United States District Court for the Eastern District of Louisiana has sanctioned federal contractors' removal of State court actions for damages allegedly caused to homeowners' property by flood control projects designed, supervised and directed by the Army Corps of Engineers. *See* Miles v. Sewerage and Water Board of New Orleans, 2004 WL 1794527(E.D. La. 2004), and Furiegh v. Sewerage and Water Board of New Orleans, 2004 WL 1794524 (E.D. La. 2004).

24.

The Class Action Petition also seeks relief against the Orleans Levee District for actions done in compliance with federal regulations with respect to the national flood control system, an important federal interest. As such, the Orleans Levee District asserts the defense of federal

preemption. Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608, 2620 (1992)(providing that under the Supremacy Clause state laws or causes of action for damages that are in conflict with federal regulations or interfere with the objectives of Congress are invalid).

### FEDERAL QUESTION JURISDICTION: 28 U.S.C. § 1331

25.

This Court also has federal question jurisdiction based on the Federal Tort Claims Act since plaintiffs allege that the flood control structures were improperly and/or negligently inspected and maintained.

26.

These allegations necessarily implicate The Army Corps of Engineers, the federal agency in charge of designing, installing, building, maintaining and inspecting the levees at issue in this case.

27.

The plaintiffs' allegations necessarily implicate the Federal Tort Claims Act ("FTCA").[3] This Court must determine whether the Army Corps of Engineers, and/or its contractor, was

---

[3]   28 U.S.C. §1346, et seq.

negligent.[4] In fact, Louisiana law requires that the fact finder assess fault on all parties at fault.[5] Thus, the allegations of improper and/or negligent inspection and maintenance necessarily implicate The Army Corps of Engineers and requires construction of the FTCA.

28.

Given plaintiffs' factual allegations of improper design, installation, testing and maintenance which implicates The Army Corps of Engineers' actions, the Court must look to the FTCA to determine whether The Army Corps of Engineers' actions were negligent.[6] Thus, this Court has jurisdiction under 28 U.S.C. §1331 to construe the federal statute and make that determination.[7]

29.

The relief sought by the Class Action Petition cannot be granted until a determination is

---

[4] See Everitt v. U.S., 204 F.Supp. 20 (S.D. Tex. 1962)(United States liable for damages to shrimp boat resulting from negligent failure of the Corps of Engineers to discover and remove pilings which had been submerged for six months.)

[5] See La. Civ. Code art. 2324.

[6] Louisiana law requires that the fact finder assess fault on all parties at fault. See La. Civ. Code art. 2324. Thus, the petition necessarily is implicates The Army Corps of Engineers and requires construction of the FTCA.

[7] Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921)(when the right to relief in a petition depends on the construction or application of the Constitution or laws of the United States, a federal district court has jurisdiction); Lindy v. Lynn, 501 F.2d 1367, 1369 (3rd Cir. 1974)(action arises under federal law when "the complaint . . . requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition."); Drawhorn v. Qwest Communications Int'l, Inc., 121 F.Supp.2d 554 (E.D. Tex. 2000)(Claim by a landowner required interpretation of federal railway statutes, and therefore, claim properly removable on federal question grounds.)

made as to whether The Army Corps of Engineers negligently inspected and maintained the subject flood control structures under the FTCA. Thus, the Court has federal question jurisdiction since these allegations are "a necessary and substantial part of plaintiffs' own causes of action,"[8] requiring this Court to construe the FTCA to determine the fault, if any, of The Army Corps of Engineers fault in this case.

30.

In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 125 S.Ct. 2362 (2005), a former landowner fought removal of the quiet title action he filed in state court against a tax sale purchaser, alleging the I.R.S. had failed to give him adequate notice of the tax sale. Grable claimed the case presented insufficient federal questions, requiring remand to state court. Holding that the state court tax sale presented a removable federal question, the United States Supreme Court held that federal courts have jurisdiction over state law claims if the claims necessarily raise federal issues, actually disputed and substantial, which the federal forum may entertain without disturbing the congressionally approved balance of federal and state judicial responsibilities. Disputed and substantial claims of federal law relating to the Congressionally-created flood control system are clearly at issue in the instant case. There is a strong federal interests in a uniform application of federal law on the issues presented herein. Therefore, as articulated in Grable, supra, this Court enjoys federal question jurisdiction over the subject action.

---

[8] Drawhorn, 121 F.Supp.2d at 564.

31.

Moreover, The Army Corps of Engineers is a party needed for just adjudication. Thus, the Court has subject matter jurisdiction over this claim since the claims against The Army Corps of Engineers would be governed by the FTCA.

## CLASS ACTION FAIRNESS ACT

Defendant also removes this action pursuant to the Class Action Fairness Act, as there is the requisite amount in controversy and minimal diversity herein, 28 U.S.C. 1332(d)(2).

WHEREFORE, defendant, the Board of Commissioners for the Orleans Levee District, consents to the Removal filed herein.

Respectfully submitted:

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000

COUNSEL FOR ORLEANS LEVEE DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via E-mail this 8th day of May, 2006.

_____