

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 10 PM 2: 53

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | * | CONS. KATRINA CANAL |
| | * | |
| VERSUS | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * | |
| BOH BROTHERS CONSTRUCTION | * | **THIS PLEADINGS PERTAINS TO:** |
| CO., L.L.C., ET AL. | * |     06-1672 |
| | * |   c/w  06-1673 |
| | * |   c/w  06-1674 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE INDEMNITY COMPANY'S
### <u>MOTION TO SEVER AND PROCEED SEPARATELY</u>

Defendant Allstate Indemnity Company ("Allstate"), with a full reservation of all rights and without waiving and specifically reserving all defenses, objections, and exceptions, moves to sever and proceed separately on the following grounds:

1.

Allstate is a defendant in *Chehardy, et al. v. Wooley, et al.*, No. 06-1672 c/w 06-1673 c/w 06-1674 ("*Chehardy*"), a declaratory judgment action involving homeowner insurance

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

60080

coverage that has been swept up into the morass of the numerous levee breach class action and individual cases, although it involves totally distinct factual allegations and legal issues.

2.

The *Chehardy* case should be severed and/or handled separately from the levee board cases. *Chehardy* does not involve claims against the Board of Commissioners for the Orleans Levee District ("Orleans Levee District"), or any other defendant in the levee board cases arising out of the various levee breaches. Rather, the plaintiffs in *Chehardy*, on behalf of policyholders in New Orleans, Jefferson, St. Bernard, and St. Tammany Parishes, seek a declaratory judgment that their particular homeowner policies cover their flood damage, notwithstanding applicable flood and other exclusions.

3.

*Chehardy* presents legal questions of whether the flood and other various exclusions in each insurer's homeowner policy exclude flood damage suffered by the plaintiffs. Resolution of the complex legal and factual issues inherent in determining the cause of the various levee breaches and flooding of the Mississippi River Gulf Outlet area, which likely will take years to resolve, is not required to resolve the insurance coverage questions at issue in *Chehardy*, which hinge upon interpretation of plain policy language. That policy language excludes from coverage water damage, whether the water was driven by wind or not, and property damage caused by negligent design, construction, or maintenance, whether on or off residence premises.

56981

4.

Because resolution of the coverage issues in Chehardy does not require adjudication of the cause of the levee breach, *Chehardy* does not belong and should not be handled under the levee breach umbrella.

5.

If the claims against Allstate are not severed from the levee breach cases, Allstate will suffer prejudice and expense from being embedded in irrelevant complex matters. Just reviewing the multitude of pleadings flowing in the levee board cases would require devotion of needless expense and attorney time.

6.

For all these reasons, Allstate respectfully urges that *Chehardy* be severed and proceed separately from the levee board cases.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr. 27138
Of
BARRASSO USDIN KUPPERMAN,
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Indemnity
  Company

56981

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Motion to Sever and Proceed Separately has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, postage prepaid and properly addressed, this 10th day of May, 2006.