UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | * | CONS. KATRINA CANAL |
| | * | |
| VERSUS | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * | |
| BOH BROTHERS CONSTRUCTION | * | **THIS PLEADINGS PERTAINS TO:** |
| CO., L.L.C., ET AL. | * |     **06-1672** |
| | * |   **c/w**  **06-1673** |
| | * |   **c/w**  **06-1674** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE INDEMNITY COMPANY'S
### MEMORANDUM IN SUPPORT OF
### MOTION TO SEVER AND PROCEED SEPARATELY

Defendant Allstate Indemnity Company ("Allstate") submits this Memorandum in Support of its Motion to Sever and Proceed Separately. As set forth herein, the claims against Allstate in *Chehardy, et al. v. Wooley, et al.*, No. 06-1672 c/w 06-1673 c/w 06-1674 ("Chehardy"), should be severed and/or proceed separately from the towering mass of levee board cases because *Chehardy*, a declaratory judgment action involving homeowner insurance,

involves separate and distinct factual allegations and legal issues.[1] Accordingly, severance is appropriate, and Allstate's motion should be granted.

### FACTS

The *Chehardy* case only recently was transferred from the Middle District to the Eastern District, and it improperly has been swept up into the morass of the numerous levee breach class action and individual cases.[2] The levee board cases name the Board of Commissioners for the Orleans Levee District ("Orleans Levee District"), among others, as a defendant, and seek a determination regarding why or how the breaches occurred and who is responsible for the breaches. In contrast, *Chehardy* is a putative class action against a few insurance companies, including Allstate, in which the plaintiffs, on behalf of residents of Orleans, Jefferson, St. Tammany, and St. Bernard Parishes, seek declaratory relief that the

---

[1] In addition, the claims against Allstate in *Chehardy* should be severed and/or proceed separately from the unrelated claims against the other insurers in that case; the plaintiffs are not permitted to join separate and distinct claims against multiple unrelated defendants. *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 3/16/06) (Polozola, J.) (finding fraudulent joinder where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants") (citing *Tapscott*); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) (mere allegation of common business practice does not subject all defendants to joinder, where transactions involved were wholly distinct, with no allegations of joint liability or conspiracy).

[2] *Chehardy* initially was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, and the defendants timely removed the action to the Middle District. On March 16, 2006, Judge Polozola denied the plaintiffs' motion to remand, dismissed various defendants from the lawsuit, and transferred the action to the Eastern District.

different policies issued by the different insurance companies cover various types of damages that allegedly were caused by flooding.[3]

Unlike the levee board cases, no contractor, engineer, or governmental agency is named as a defendant in *Chehardy*, and the *Chehardy* lawsuit does not seek a determination regarding which entity was at fault regarding the levee breaches or the flooding of the Mississippi River Gulf Outlet area. Instead, *Chehardy* presents legal questions regarding the proper interpretation of different insurance policies issued by different defendant insurers, and specifically, the applicability and enforceability of certain exclusions contained in those policies, including the well-settled flood exclusion. Because *Chehardy* presents issues of law pertaining to contract interpretation that can be addressed without regard to the cause of the levee breaches, Allstate and other defendant insurers in *Chehardy* have filed motions for judgment on the pleadings. The Court should not allow the straightforward coverage claims in *Chehardy* to be bogged down in the complicated and irrelevant issues raised by the levee board cases.

## ARGUMENT AND AUTHORITIES

1. ***Chehardy* and the Levee Board Cases Should Be Severed Because the Issues and Parties are Different.**

"Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." Fed. R. Civ. P. 42; *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d

---

[3] In *Chehardy*, the plaintiffs recently moved to amend their Complaint to seek additional relief, name additional defendant insurers, and redefine the putative class. The Court has not yet granted leave. Assuming *arguendo* that the Court grants leave, the case remains a homeowner insurance coverage case, and still does not require a determination of who caused the levee breaches, and why or how they were caused. Accordingly, *Chehardy* should be severed from the levee board cases.

758, 761-62 (5th Cir.1989); *St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1980); *Alomang v. Freeport-McMoran, Inc.*, No. 96-2139, 1996 WL 601431, *9 (E.D. La. Oct. 17, 1996) (Duval, J.) ("Consolidation is permitted when two or more cases pending before the court present common questions of law and fact."). Courts consistently have recognized, however, that consolidation is improper where the issues in the suits are different (*e.g., Picard v. American Tobacco Co.*, No. 95-985, 1996 WL 156861, *2 (E.D. La. Apr. 3, 1996); *Guillermo Sintes Reyes, S.A. v. Opulence Transport Corp.*, No. 92-2312, 1993 WL 114522, *1 (E.D. La. Apr. 9, 1993)), and "where the cases are at different stages of preparedness for trial." *Mills*, 886 F.2d at 762; *St. Bernard Gen. Hosp.*, 712 F.2d at 990 (citing *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164 (D. Del. 1973) and *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204 (S.D.N.Y. 1971) (even though cases were somewhat similar, where they were at different stages, consolidation denied)). Consolidation also is improper if it would prejudice the rights of the parties. *St. Bernard Gen. Hosp.*, 712 F.2d at 989; *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966).

The consolidation of *Chehardy* with the levee board cases is improper. The suits involve totally independent claims asserted by different plaintiffs against different defendants, and there are no common issues among these cases. Because the cases are based on different facts involving different parties, and will involve the application of different laws to different legal theories, they should be severed. *E.g., Picard*, 1996 WL 156861, at *2 (no consolidation of suit seeking damages for alleged injury of nicotine addiction and suit for wrongful death allegedly due to lung cancer caused by smoking); *Guillermo Sintes Reyes, S.A.*, 1993 WL

114522, at *1 (no consolidation even though both suits involved the same company's failure to pay an agent and various suppliers; cases involved different laws and were at different stages).

The plaintiffs' claims against the Orleans Levee District and others in the levee board cases involve complicated facts regarding its actions or inactions with respect to maintenance of the levee and stormwalls, the resolution of which likely will involve a multitude of experts opining on numerous, complex causation issues. Yet resolution of whether the Orleans Levee District or another party was negligent is not required to adjudicate the insurance claims against Allstate and the other insurers in *Chehardy*. Indeed, the plaintiffs' claims against the insurer defendants in *Chehardy* are straightforward insurance claims. These claims can be resolved by mere reference to the language contained in the plaintiffs' homeowner policies themselves and applicable case law. Indeed, Allstate's motion for judgment on the pleadings has been pending since October 31, 2005 and is long overdue for resolution.

While the *Chehardy* plaintiffs have claimed that the levee breaches were caused by negligence, the issue of *why* or *how* the breaches occurred and *who* was responsible for them is completely irrelevant to their claims against Allstate and does not provide any basis for consolidating *Chehardy* with the levee board cases. This is because coverage under Allstate's homeowner policies is triggered by property damage to the insured's home caused by a covered peril, and Allstate's homeowner policies specifically exclude from coverage water damage, whether the water was wind driven or not, and property damage arising from negligent design, construction, or maintenance. Because the issue of who or what caused the levee breaches is

completely irrelevant to the claims in *Chehardy*, *Chehardy* should be severed from the levee board cases.

2.      **Severance Is Required to Avoid Prejudice to Allstate.**

Severance also is necessary to prevent undue prejudice to Allstate and other insurers in *Chehardy*.[4] If the cases are not severed, Allstate and the other insurers likely will be prejudiced in at least two ways. First, Allstate and the other insurers will be prejudiced if these cases are tried together because courts have long recognized that when multiple claims are tried together, a risk of jury confusion and prejudice exists which prevents a fair and impartial trial. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The risk of jury confusion is particularly great where, as here, the parties' situations are diverse and the joinder produces a large body of evidence. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 371 (2d Cir. 1993). As explained in *Repetitive Stress*:

> The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's -- and defendant's -- cause not be lost in the shadow of a towering mass litigation.

*Id.* at 373.

Second, if *Chehardy* is not severed from the levee board cases, Allstate (and presumably even the *Chehardy* plaintiffs)[5] will suffer prejudice and expense from being embedded in the towering mass of the levee board cases, which involve complex and unrelated

---

[4]     Federal Rule of Civil Procedure 42(b) expressly allows a court to order separate trials to prevent prejudice.

[5]     It is worth noting that the *Chehardy* plaintiffs themselves, like Allstate, have indicated a desire promptly to resolve their claims and avoid "protracted legal proceedings." Original Complaint ¶ XIV.

- 6 -

issues, the resolution of which may take years and undoubtedly will require extensive investigation and discovery. Indeed, significant time and great expense will be, and already have been, required just to review the multitude of pleadings that are being filed every day in the levee board cases. Such time and expense needlessly will be incurred by Allstate and the other defendant insurers, however, because the claims asserted in *Chehardy* may be disposed of, at least in part, on motions for judgment on the pleadings, which already have been filed. *St. Bernard Gen Hosp.*, 712 F.2d at 990 ("The delay to the instant action . . . reasonably could have led to the conclusion that this case should be heard separately from the consolidated cases.").

In short, the issues in *Chehardy* are separate and distinct from those in the levee board cases. *Chehardy* should be severed.

## CONCLUSION

Allstate respectfully urges the Court to grant its Motion to Sever and Proceed Separately. The *Chehardy* case involves different issues and parties from those in the levee board cases, and thus should be treated separately to avoid prejudice to Allstate and undue delay.

Respectfully submitted,

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr. 27138
    Of
BARRASSO USDIN KUPPERMAN,
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Indemnity Company

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Sever and Proceed Separately has been served upon all counsel of record by electronic mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly addressed this 10th day of May, 2006.

_____

60936