FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 11  PM 12: 48

LORETTA G. WHYTE
         CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL.** | * | **CIVIL ACTION NO. 05-4182** |
| | * | |
| **Plaintiffs** | * | **SECTION "K"** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE DUVAL** |
| **BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL.** | * | |
| | * | |
| | * | **MAGISTRATE NO. 2** |
| **Defendants** | * | |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **MAGISTRATE WILKINSON** |
| **Docket No. 06-0225** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER TO PLAINTIFFS'
### FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Levee District (hereinafter referred to as "The Orleans Levee District"), and for answer to plaintiffs' First Amended Complaint respectfully represents:

I.

The allegations of Paragraph 1 do not require an answer from this defendant.

II.

The allegations of Paragraph 2, and all subparts 1-7, do not require an answer from

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep____
___ Doc. No_____

this defendant.

### III.

The allegations of Paragraph 3 are admitted.

### IV.

The allegations of Paragraph 4 contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiffs' allegations can neither expand nor limit the law; however, to the extent that an answer may be deemed necessary, the allegations are denied as written.

### V.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 5(A) are denied for lack of sufficient information to justify a belief therein.

### VI.

The allegations of Paragraph 5(B) are denied for lack of sufficient information to justify a belief therein.

### VII.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 5(C) are denied for lack of sufficient information to justify a belief therein.

VIII.

Except to admit the presence of flood waters in certain parts Orleans Parish on or about August 29, 2005, the allegations of Paragraph 5(D) are denied for lack of sufficient information to justify a belief therein.

IX.

Defendant admits the presence of water within parts of the city on the date referenced. The balance of Paragraph 5(E) is denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 5(F) are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 5(F) is denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 5(G) are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 5(H) are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 5(I) are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 5(J) are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 5(K) are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 5(K) is denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 5(L) are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 6(A) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 6(A) is denied for lack of sufficient information to justify a belief therein.

XVIII.

Defendant denies the allegations of Paragraph 6(A)(1)(a) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(1)(a) is denied for lack of sufficient information to justify a belief therein.

XIX.

Defendant denies the allegations of Paragraph 6(A)(1)(b) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of

Paragraph 6(A)(1)(b) is denied for lack of sufficient information to justify a belief therein.

XX.

Defendant denies the allegations of Paragraph 6(A)(1)(c) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(1)(c) is denied for lack of sufficient information to justify a belief therein.

XXI.

Defendant denies the allegations of Paragraph 6(A)(2)(a) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(2)(a) is denied for lack of sufficient information to justify a belief therein.

XXII.

Defendant denies the allegations of Paragraph 6(A)(2)(b) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(2)(b) is denied for lack of sufficient information to justify a belief therein.

XXIII.

Defendant denies the allegations of Paragraph 6(A)(3)(a) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(3)(a) is denied for lack of sufficient information to justify a belief therein.

XXIV.

Defendant denies the allegations of Paragraph 6(A)(3)(b) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(3)(b) is denied for lack of sufficient information to justify a belief therein.

XXV.

Except to admit an accident occurred on or about September 11, 2004 involving the New Orleans Public Belt Railroad, the allegations of Paragraph 6(A)(3)(c) is denied for lack for sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 6(A)(4)(a) are denied as written.

XXVII.

Except to admit that the stated canals are connected to Lake Pontchartrain, and portions of the stated canals are within Orleans Parish, defendant denies the allegations of Paragraph 6(A)(4)(b), as written.

XXVIII.

Defendant denies the allegations of Paragraph 6(A)(4)(c), to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(4)(c) is denied for lack of sufficient information to justify a belief therein.

XXIX.

Defendant denies the allegations of Paragraph 6(A)(4)(d), to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 6(A)(4)(d) is denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 6(B) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, these allegations

are denied.

### XXXI.

The allegations of Paragraph 6(C) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, these allegations are denied.

### XXXII.

The allegations of Paragraph 6(D) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, these allegations are denied.

### XXXIII.

The allegations of Paragraph 6(E) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, these allegations are denied.

### XXXIV.

The allegations of Paragraph 6(F) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, these allegations are denied.

### XXXIV.

Defendant reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extensio herein.

XXXV.

Defendant requests and is entitled to a trial by jury herein.

XXXVI.

Defendant denies the balance of this Complaint unless specifically admitted herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
ATTORNEY FOR DEFENDANT

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by either email or by placing same in the U.S. Mail, postage prepaid and properly addressed this 11th day of May, 2006.