UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | SECTION "K"(2)<br>CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO:<br>05-6073 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' OPPOSITION TO DEFENDANT, CITY OF NEW ORLEANS', MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Defendant, the City of New Orleans (hereinafter, "City"), has filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted under F.R.C.P. Rule 12(b)(6) seeking dismissal of Plaintiffs' claims. For the reasons more fully set forth below, Plaintiffs respectfully oppose Defendant's Motion.

### 1. DEFENDANT'S MOTION IS PREMATURE

Plaintiffs respectfully suggest that the City's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is premature at this stage of the proceedings. This Honorable Court has previously laid out the legal standard for a 12(b)(6) Motion to Dismiss as follows:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. (Footnote omitted). A district court may not dismiss a complaint under FRCP 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove

-1-

no set of facts in support of his claim which would entitle him to relief.' (Footnote omitted). The Fifth Circuit defines this strict standard as, 'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.' (Footnote omitted). See Doc. 40, page 3.

Defendant argues that it "has no care, custody, or control (garde) of the 'levees, embankments, sea walls, jetties, breakwaters, water basins and other works.' Moreover, Defendant argues that the City took no part in the design, construction, or maintenance of the levees at issue and cannot be held liable for any alleged defect thereof." See Defendant's Opposition, Doc. 200, page 4). Defendant argues that (1) pursuant to statutory law, the Board of Commissioners for the Orleans Levee District has care, custody and control of the levees and (2) because Plaintiffs cannot establish that the City of New Orleans had custody or ownership of the allegedly defective thing, they cannot meet the elements of proof under La.R.S. 9:2800. Plaintiffs submit that, because discovery in this matter has not yet begun, Defendant's Motion is premature. It is premature to determine whether or not Defendant's claim that it has absolutely no culpability in this matter and no valid claim for relief can rest against Defendant has merit. Plaintiff's allegations must be taken as true and Plaintiff's Complaint cannot be dismissed unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Plaintiffs respectfully submit that, under this standard, Plaintiffs' Complaint cannot be dismissed at this time.

## 2. DISCOVERY IS NECESSARY TO DETERMINE THE CITY OF NEW ORLEANS' ROLE IN THIS DISASTER

Upon information and belief, Plaintiffs submit that the Sewerage and Water Board,

an arm of the City of New Orleans, excavated, dredged, or deepened portions of the waterways made the basis of these proceedings at the direction or with the knowledge of the City of New Orleans. Thus, to some extent the City did have care, control, custody, or garde as alleged and cannot enshroud itself behind the protections of statutory law. This decision to deepen these waterways may, in fact, be one of the primary causes of this tragedy. While statutory law seemingly transfers the care, custody, control, and garde of the waterways and appurtenances thereto in question to the Board of Commissioners of the Orleans Levee District, at this time, it cannot be said that the City of New Orleans, without any doubt, had nothing to do with the failure of these levees and the catastrophic events that followed thereafter. Thus, discovery would be necessary before it can be stated that the City of New Orleans has absolutely no culpability in this matter.

### 3. PLAINTIFFS' COMPLAINT STATES A CLAIM

Plaintiffs' Complaint clearly states a claim against Defendant, the City of New Orleans. Plaintiffs' Complaint, with regard to the City of New Orleans, specifically alleges as follows:

> E. City of New Orleans
>
> 1. The City of New Orleans is the owner of the land along, over and on the shores, bottom, and bed of Lake Pontchartrain, in the Parish of Orleans and along and on the shores adjacent to the lake and along the canals connected therewith, and therefore have the care, custody, control and garde of said land including the levees, embankments, sea walls, jetties, breakwaters, water basins and other works.
>
> 2. The 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish and are part of the land owned and in the care, custody, control and garde of the City of New Orleans.

3. Upon information and belief, the levees and floodwalls located on the land owned by the City of New Orleans as described above contained vices and defects which were known or should have been known to the City of New Orleans, thus rendering the City of New Orleans strictly liable in accordance with La. C.C. arts. 2317 and 2317.1. (Doc. 1-1, Page 23 in Case No. 05-6073).

### 4. THE ALTERNATIVE

Because discovery has not yet commenced and this litigation is in its infancy discovery-wise, Plaintiffs are willing to voluntarily dismiss the City of New Orleans without prejudice at this time. It may be determined that culpability lies elsewhere. However, until there is full-blown discovery regarding these issues, it would be severely prejudicial to the people of Orleans and Jefferson Parishes to allow a potentially blameworthy Defendant to be forever fully excused with no right to bring them back in to this litigation if discovery confirms that they are responsible in some manner for this incident from these proceedings.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss or, in the alternative, dismiss Defendant without prejudice.

Respectfully submitted,

HUGH P. LAMBERT, ESQ. (LA Bar No. 7933)
Lambert & Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: 504-581-1750
Facsimile: 504-529-2931

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of May, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by fax transmission and/or email.

_____
HUGH P. LAMBERT, ESQ.