UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, et al.** | * | CASE NO. |
| **VERSUS** | * | NO. 05-4182 |
| **BOH BROTHERS CONSTRUCTION CO., et al.** | * | SECTION " K " |
| | * | MAG. NO. "2" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*'

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' DISCOVERY MOTION(S)

**MAY IT PLEASE THE COURT:**

Briefly, what transpired on Thursday and Friday, April 13 and 14, 2006, in connection with evidence at one of the London Avenue Canal breach sites is described in the following written communications, which are appended hereto and marked for identification as Exhibit Nos. 1 through 4.

1. E-mail from Ms. Finnegan dated April 13, 2006, at 9:24 A.M.;

2. "March 13, 2006" facsimile[1] from Robin D. Smith, Esq. to Magistrate Wilkinson, referenced in Ms. Finnegan's E-mail;

3. Facsimile from Mr. Meunier's Legal Assistant to plaintiffs' counsel dated April 13, 2006, at 10:36 A.M.; and

---

[1] Obviously a typographical error: should be April 13, 2006.

-1-

4.  Facsimile from the undersigned to Magistrate Wilkinson dated April 13, 2006, and transmitted to the Magistrate sometime after Noon.

Notwithstanding a detailed Freedom of Information Act request to the United States Army Corps of Engineers, which has been outstanding since October 12, 2006,[2] the only site to which the undersigned, his clients and their expert(s) had been invited to date by the U.S. Army Corps of Engineers since Hurricane KATRINA, with anything even approaching reasonable notice, was the Seventeenth Street Canal site, in December, 2005. What transpired there resulted in the filing of a Motion for Protective Order, which is still pending.

Sometime on Thursday morning, April 13, 2006, the undersigned received less than twenty-four (24) hours notice of the imminent destruction of evidence at one of the London Avenue Canal breach sites and an "invitation" to attend. Because of the religious holiday, it was impossible for undersigned counsel for plaintiffs or his expert(s) to mobilize on such short notice. This is explained, in part, in the report of one of plaintiffs' experts, Hector V. Pazos, dated April 14, 2006, a copy of which is appended hereto and marked for identification as Exhibit No. 5. Mr. Pazos eloquently states his own situation and the observations of a skilled forensic "independent" engineering expert, which simply cannot be improved upon by undersigned counsel.

It is respectfully submitted that the Federal Government is trifling with the Court and with plaintiffs' counsel. It is rather obvious that the Court's resolve, and the resolve of undersigned counsel, is being "tested" by the Government. The message is: "Wait and see, boys and girls, for if we get away with this one, then we can get away with anything

---

[2] Copies of the handwritten and hand-delivered FOIA request already have been submitted to the Court in other, multiple court filings.

Case 2:05-cv-04182-SRD-JCW    Document 361-2    Filed 05/16/06    Page 3 of 9

in the Eastern District of Louisiana." That the U.S. Army Corps of Engineers is "messin'" with the Court and counsel should be obvious from reading the following certified excerpt from IPET's own December 5, 2005 Interim Report, which was a critique of the November 17, 2005 report of the American Society of Civil Engineers:

> ASCE/NSF: Farther to the west, in the Orleans East Bank Canal District, three levee failures occurred along the banks of the 17th Street and London Avenue Canals, and these failures occurred at water levels below the tops of the floodwalls lining these canals. These three levee failures were likely caused by failures in the foundation soils underlying the levees and a fourth "distressed" levee/floodwall segment on the London Avenue Canal shows signs of having neared the occurrence of a similar failure prior to the water levels having receded.
>
> a. The IPET concurs with these general observations. However, it should be noted that significant scour was noted at the southeast corner of the intersection of the Robert E. Lee Bridge and the London Avenue Canal in close proximity to the deformed section of wall across from the breach. Also, damages near the pump station at the head of the Orleans Canal appear to indicate overtopping.
>
> b. The breaches at the 17th Street Canal and London Avenue Canal North and South are most likely due to a soil foundation failure. Extension observations by a number of teams found no signs of major overtopping of these

systems at the breach sites. These breaches are being examined in-depth by IPET so a complete understanding of the failure mechanism can be determined. A number of factors are being examined, individually and in combination, at each breach location. These factors include but are not limited to:

i. The potential for differences between the as-built levee/floodwall structures and the construction plans and specifications;

ii. The shear strength, permeability and other properties of each soil horizon from the ground surface to depths greater than 60 feet below sea level;

iii. The nature of the soil materials in each horizon, i.e., whether the soils are natural deposits, engineered (compacted to prescribed moisture and density specifications) fill or no-engineered fill;

iv. The nature and extent of deleterious material inclusions within the soil horizons, such as three stumps and other organic materials;

v. The soil-structure interaction to the forces imposed by Katrina;

-4-

  vi. The effects of trees, swimming pools and other inclusions within and in close proximity to the right-of-way for the project;

  vii. The proximity of each of these failures to bridges and the potential concentration of forces at specific wall sections; and

  viii. The potential for differences between operations and maintenance practices and Operations and Maintenance Manual for each projection.

Boring and cone penetrometer tests have been taken at each of these sites to help characterize the specific subsurface conditions. <u>Sections of the walls at each end of the breach sections and the failed remnants are being extracted to determine the exact dimensions and properties of the as-built structural elements, concrete steel rebar reinforcement and steel sheet pile.</u> Tests pits may be excavated to provide direct visual evidence of the in-situ conditions adjacent to the fatted zone and/or at the location of the deformed floodwall section across from the north breach at the London Avenue Canal. Precise surveyed cross-section across from the north breach at the London Avenue Canal. Precise surveyed cross-sections thorough the entire right-of-way immediately upstream and downstream of each failed section have been developed to define the geometry. Also, the most recent pre-Katrina cross-sections will be used to aid slope stability analyses both at the failed and intact sections of the outfall canals. These

and perhaps additional measurements are needed to support an accurate representation of the condition in the soil-structure interaction performance analysis. (emphasis supplied).

Thus, it is respectfully submitted that the foregoing quotation clearly demonstrates that the U.S. Army Corps of Engineers and its own "creature, IPET, has known at least since December 5, 2005, that:

> "Sections of the walls at each end of the breach sections and the failed remnants are being extracted to determine the exact dimensions and properties of the as-built structural elements, concrete steel rebar reinforcement and steel sheet pile."

And the Government really expects all of us to believe that they could only give the Court and counsel less than 24-hours notice for counsel and their experts to view this vital evidence before it is destroyed and lost forever?

Don't let them get away with this, Your Honors.

While "something" apparently has happened since Thursday, April 13th, involving the Court and other counsel, the undersigned was not advised of any communication with the Court or of the contents of any Court Order, issued after contradictory hearing. No one contacted the undersigned to inquire whether he was available to go to the site, or whether any of the experts with whom he has been working were available to go to the site, other than Mr. Meunier's E-mail which concluded, "You should advise immediately if you or one of your experts wishes to be included", which doesn't even address the issues of (1) reasonable notice and (2) availability.

Accordingly, it is respectfully submitted that it is time for the Court to take control of the United States of America, and of its agency and instrumentality, the U.S. Army Corps of Engineers, in this case, and order them to give the parties litigant reasonable notice and a fair opportunity to view evidence before any more evidence is destroyed. Alternatively, it is respectfully submitted that the Government should be told that they have the right to choose the alternative, which might include sanctions, and what that alternative will be for them, going forward.

        Respectfully submitted,

        LAW OFFICES OF
        ASHTON R. O'DWYER, JR.

By: _____
        Ashton R. O'Dwyer, Jr.
        In Proper Person
        Bar No. 10166
        One Canal Place
        365 Canal Street
        Suite 2670
        New Orleans, LA 70130
        Telephone: (504) 561-6561
        Facsimile: (504) 561-6560

## CERTICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served upon all counsel of record via facsimile, this 17th day of April 2006.

_____

Requested) (IPM Return Requested); vstilwell@dkslaw.com (Receipt Notification Requested) (IPM Return Requested); belhiamartin@bellsouth.net (Receipt Notification Requested) (IPM Return Requested); gvarga@rc.com (Receipt Notification Requested) (IPM Return Requested); sgoldman@rc.com (Receipt Notification Requested) (IPM Return Requested); wackerman@rc.com (Receipt Notification Requested) (IPM Return Requested); ccolvin@kingsmillriess.com (Receipt Notification Requested) (IPM Return Requested); mriess@kingsmillriess.com (Receipt Notification Requested) (IPM Return Requested); rhubbard@lawla.com (Receipt Notification Requested) (IPM Return Requested); sschmeeckle@lawla.com (Receipt Notification Requested) (IPM Return Requested); jbarrasso@barrassousdin.com (Receipt Notification Requested) (IPM Return Requested); srogge@barrassousdin.com (Receipt Notification Requested) (IPM Return Requested); dearie@bayoulaw.com (Receipt Notification Requested) (IPM Return Requested); gardner@bayoulaw.com (Receipt Notification Requested) (IPM Return Requested); jmcevoy@jonesday.com (Receipt Notification Requested) (IPM Return Requested); hmvalliant@cityofno.com (Receipt Notification Requested) (IPM Return Requested); jvdirosa@cityofno.com (Receipt Notification Requested) (IPM Return Requested); pmfields@cityofno.com (Receipt Notification Requested) (IPM Return Requested); vlpapai@cityofno.com (Receipt Notification Requested) (IPM Return Requested); spetersen@grhg.net (Receipt Notification Requested) (IPM Return Requested); tdarling@grhg.net (Receipt Notification Requested) (IPM Return Requested); tgaudry@grhg.net (Receipt Notification Requested) (IPM Return Requested); wlanglois@grhg.net (Receipt Notification Requested) (IPM Return Requested)
Cc: jbruno@brunobrunolaw.com (Receipt Notification Requested) (IPM Return Requested); Robin.Doyle.Smith@usdoj.gov (Receipt Notification Requested) (IPM Return Requested); arod@odwyerlaw.com (Receipt Notification Requested) (IPM Return Requested)
Subject: Recovery at London Ave. site

Counselors:

As the attached letter to Judge Wilkinson indicates, recovery of material at one of the London Avenue breach sites is scheduled to occur tomorrow. The Corps has offered to allow limited viewing of the recovery as described in the letter. Because of a limited availability of safety gear and a need to minimize the intrusion into the ongoing work of repair, we have suggested to the Court that a limited number of representatives of the plaintiffs and the defendants be designated to visit the site tomorrow. Also, regardless of whether the Court limits the attendees, I want to caution anyone who visits the site against discussing the work with the Government employees who are present. This opportunity is being provided to observe the site and the recovery operations, not to interview workers and supervisors who are involved in the project.

The letter has been sent to the "scribe" for the plaintiffs and to plaintiffs' counsel whose email addresses I know. Please assist me in distributing this email to plaintiffs involved in your cases.

Thank you.

Tess

Tess Finnegan
Trial Attorney
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
ph: (202) 616-4916 / fax (202) 616-5200


-----Original Message-----
From: jguichet@lawla.com [mailto:jguichet@lawla.com]
Sent: Tuesday, April 04, 2006 6:33 PM
To: Finnegan, Tess (CIV); Smith, Robin Doyle (CIV); BabinS@ag.state.la.us; glazerp@ag.state.la.us; kellerm@ag.state.la.us; jbarrasso@barrassousdin.com; srogge@barrassousdin.com; dearie@bayoulaw.com; gardner@bayoulaw.com; belhiamartin@bellsouth.net; ctankersley@burglass.com; dphayer@burglass.com; sgaspard@burglass.com; hmvalliant@cityofno.com; jvdirosa@cityofno.com;

2

EXHIBIT
No. 1