UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, et al.** | * | **CASE NO.** |
| **VERSUS** | * | **NO. 05-4182** |
| **BOH BROTHERS CONSTRUCTION CO., et al.** | * | **SECTION " K "** |
| | * | **MAG. NO. "2"** |
| **RELATES TO ALL CASES** | | |
| * * * * * * * * * * * * * * * * *' | | |

**MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF EVIDENCE
(A) IN CONNECTION WITH THE
LONDON AVENUE CANAL SOUTH BREACH SITE AND
(B) IN CONNECTION WITH THE
17th STREET CANAL BREACH SITE**

**MAY IT PLEASE THE COURT:**

The Motion being the subject of this Memorandum is part of the continuing saga of our own Government's "cover-up" of the causes of the levee and retaining wall failures which destroyed our City, and the Government's denial to the litigants of access to evidence, and the outright destruction of evidence by the Government and the U.S. Army Corps of Engineers prior to giving the litigants and their experts the chance to see evidence. The Court already knows that on Tuesday, May 9, 2006, the parties visited the London Avenue Canal South breach site and, quite fortuitously, also returned to the 17th Street Canal breach site. Both sites generated new "issues" which are the subject of the

-1-

Motion being the subject of this Memorandum, and which were addressed in an E-mail to the Government lawyers, appended hereto and marked Exhibit No. 1, to which no response has been received. In short, the Government either has destroyed evidence or is allowing evidence to remain buried, so it cannot be seen by counsel for the litigants and their experts. More evidence will undoubtedly be destroyed unless the Court chooses to act; hence, this Motion to Compel.

Without a site inspection, or the uninterrupted opportunity for counsel for plaintiffs to explain to the Court what is really going on, and what the Government is doing at oral argument, the Court's view of the world is a limited one, much like the view of the inhabitants of "Plato's cave". If the Court won't visit the sites, then the plaintiffs will bring the sites to the Court. Appended to this Memorandum in Support are DVD's, quite short in duration, which contain plaintiffs' objections to the Government's and the Corps' destruction of evidence, and denial of access to evidence, at the following sites on the following dates:

| | |
|---|---|
| Exhibit No. 2. | London Avenue Canal South Breach Site, Tuesday, May 9, 2006; |
| Exhibit No. 3. | 17th Street Canal Breach Site, Tuesday, May 9, 2006; and |
| Exhibit No. 4. | London Avenue Canal North Breach Site on Monday and Tuesday, March 24 and 25, 2006. |

It is reiterated that evidence remains buried at the two sites currently at issue, and that the Court's intervention is needed before evidence is destroyed by the Government and the Corps without giving the litigants and their experts an opportunity to see it.

One last point: Appended to this Memorandum in Support as Exhibit No. 5 are two (2) photographs which were published on the front page of The Times Picayune on

May 3, 2006, and which are the earliest known photographs of the 17th Street Canal breach site, taken by New Orleans Fire Department Captain Paul Hellmers, at 1111 hours on Monday, August 29, 2006. Although some of the evidence at the site clearly indicates a soils failure, there is disagreement among experts about what came first, "the chicken or the egg". The Court will note that at the early beginning of the breach, as captured on film by Captain Hellmers, the separation of concrete monolith panels and the "hinge" effect described by Mr. Pazos in his reports and affidavits, and not mentioned by any of the other so-called "experts" studying the levee and retaining wall failures, is clearly evident. It is respectfully submitted that, rather than the Court's expressing skepticism over Mr. Pazos' "credentials", the Court and the litigants should be on their knees thanking Mr. Pazos for his insightful analysis. In the meantime, all of us had better hope that a storm of the type we experienced on August 28-29, 2006, does not hit us again, because the levees and floodwalls are definitely not ready. Plaintiffs reiterate: Wherever there is a levee built by the U.S. Army Corps of Engineers in the Greater New Orleans Metropolitan Area, there are problems.

Please put a leash on the Corps of Engineers.

Respectfully submitted,

LAW OFFICES OF
ASHTON R. O'DWYER, JR.

By: _____
Ashton R. O'Dwyer, Jr.
In Proper Person
Bar No. 10166
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560

## CERTICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail and a copy has been served upon Magistrate Joseph C. Wilkinson, Jr., via hand delivery, this 11th day of May, 2006.

_/s/_