UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., LLC, ET AL, | * | SECTION "K" (2) |
| * * * * * * * * | * | CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO: ALL ACTIONS

UNITED STATES' MEMORANDUM IN SUPPORT OF EX PARTE MOTION
TO CLARIFY ORDER REQUIRING EVIDENCE PRESERVATION

On May 4, 2006, the Court entered an order "concerning evidence preservation/ destruction at the relevant sites," where levees and floodwalls are being repaired and replaced. Record Doc. ["RD"] 286 at 2. Citing Rules 26(c) and 34, Fed. R. Civ. P., the order enjoins the United States to retain and not destroy or dispose of "[a]ll tangible items, reports, notes, memoranda, e-mails, written communications and other materials of any kind . . . which have been or will be (a) collected, retained or stored by . . . the United States or any of its agencies and contractors pursuant to the various protocols submitted to the court . . . and (b) generated in the anticipation and planning of all repair, materials collection activities and investigations

1

concerning the subject matter of this litigation." *Id.* Some questions have been raised as to the scope of this order. So that the obligations of the order can be clearly understood, the United States brings this motion for clarification.

On April 6, 2006, the Court sua sponte ordered the United States to produce witnesses to testify under oath concerning "all procedures and logistics for evidence preservation or disposal currently in place in connection with the ongoing repair and investigation efforts concerning the levees and/or flood walls at issue in these cases." RD 189 (civ. no. 05-4181) at 5. The Court then signaled that it was considering "whether a special evidence preservation order should be entered in these cases." *Id.* The United States produced witnesses, and they testified on May 2 in open court. Their testimony revealed that on a number of occasions the Interagency Performance Evaluation Task Force ("IPET") had procured soil samples, concrete, sheet piles, and rebar from sites where levees were breached during the Hurricane Katrina event. It also revealed that the IPET intends to recover only a few additional samples of concrete, sheets, and rebar to facilitate the completion of its study. According to the testimony received by the Court, all materials recovered (or still to be recovered) from the breaches along the Inner Harbor Navigation Channel (better known as the Industrial Canal) and the outfall canals were handled according to the protocols that had previously been submitted to the Court. These protocols include chain-of-custody procedures and provide for the secure storage of all recovered materials except those material samples that have been or will be subjected to destructive testing for the purpose of ascertaining their specific properties.

The witnesses testified that the IPET intends to complete almost all of its work by June 1, when it will publish its final draft report. After the publication of the final draft, the remainder of the IPET's work will consist largely of receiving comments from the National Academy of

Sciences concerning the final draft report and then finalizing the report in the light of those comments. The evidentiary hearing also revealed that the IPET intends to make all of the information and data collected during its study available to the public. The IPET has published a number of reports on the internet; they are available at https://ipet.wes.army.mil. In addition to the documents created by the IPET, tens of thousands of other documents pertaining to the Southeast Louisiana hurricane protection system and to the Hurricane Katrina event have been posted on the internet and are available through the same URL.

On several occasions the Court has been informed that floodwall segments displaced by Hurricane Katrina must be and are now being destroyed and removed in order for the breaches along the outfall canals to be repaired. *See, e.g.,* Declaration of Donny D. Davidson ¶ 3. And on those occasions and others, the Court has expressed its firm intent not to enter any orders that will impede the reconstitution of the hurricane protection system. Although other litigants have construed the evidence-preservation order as forbidding the demolition and removal of damaged and displaced floodwalls, the United States has construed it more narrowly, in an attempt to harmonize and reconcile the order with the Court's other pronouncements and with the overarching importance of reconstituting the hurricane protection system as expeditiously as possible, which the order itself acknowledges. Nevertheless, the United States desires clarification, because the phraseology and structure of the order may lend themselves to diverse constructions.[1]

---

[1] For example, the relationship between the (a) and (b) categories that delimit the general category of "tangible items . . . and other materials of any kind" that "must be retained in a safe and orderly manner indefinitely and cannot be destroyed or disposed of" is unclear. RD 286 at 2. It is also unclear whether the order concerns only "evidence preservation/destruction at the relevant sites," *id.,* or is intended to have a broader application.

3

The United States reads the order as applying only to documents and things that were or will be "collected, retained, or stored . . . pursuant to the various protocols" *and* "generated in the anticipation and planning of" repairs, material collection activities, and on-site investigations.[2] These were the matters which were before the Court at the May 2 evidentiary hearing and on which the Court took evidence. The order immediately followed the hearing, and the general content and structure of the order suggest that the order was intended to address them. The evidentiary hearing "concern[ed] evidence preservation/destruction procedures being employed by the United States in connection with the ongoing levee/floodwall breach repair and investigation work at the sites" where new levees and floodwalls are being built. *Id.* at 1. By its terms, the order "concern[s] evidence preservation/destruction at the relevant sites, *id.* at 2, and requires "[a]ny party" desiring "additional measures" (*i.e.,* measures beyond those described in the protocols) to file a motion supported by "an affidavit of a qualified expert," *id.* at 5. The order also "recogniz[es] that a balance must be accomplished among various interests and obligations, including the paramount public interest in having levee/floodwall repairs completed by the start of the upcoming hurricane season, the parties' interest in relevant evidence preservation, and the ongoing obligations of the United States both to preserve relevant evidence and to complete critical levee/floodwall repairs," *id.* In view of this general structure, the United States believes that its construction of the order is correct.

If the United States is incorrect in its reading, and the order applies to documents and things unrelated to the material recoveries conducted at the request of the IPET or requires the preservation of floodwalls and other things at the breach sites, then the United States respectfully

---

[2]Under this reading, the continuing demolition and removal of floodwalls and other things from the breach sites is not proscribed.

4

requests the entry of an order clarifying how far the order reaches and what materials at the relevant sites must be preserved.

The need for a broad order is not immediately apparent, given that both the White House and the Army Corps of Engineers have broadly directed that documents related to Hurricane Katrina be retained. *See* Ex. 1 (Sept. 2, 2005, W.H. memo), Ex. 2 (Sept. 16, 2005, Corps memo.), and Ex. 3 (Oct. 19, 2005, Corps memo.). The record does not contain any evidence demonstrating or even suggesting that the United States has destroyed or is likely to destroy or dispose of evidence of any kind, other than the things (assuming, for the sake of argument, that these things can properly be deemed "evidence") that are necessarily being destroyed and disposed of "at the relevant sites" in the course of reconstituting the hurricane protection system.[3] The record does show, however, that other litigants now possess documents and things—photographs, for example—that may be relevant to the issues in this case. Accordingly, if an order having application beyond the context of the IPET's material recoveries should be deemed appropriate, then its terms should have general application and impose obligations equally on all of the litigants and not solely on the United States.

---

[3] Destructive testing of materials has also occurred as part of the IPET's study.

5

CONCLUSION

For these reasons, the United States' motion for clarification should be granted.

                Respectfully submitted,

                PAUL F. FIGLEY
                Deputy Director, Torts Branch
                Civil Division

                s/ Robin D. Smith
                ROBIN D. SMITH
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 888, Benjamin Franklin Station
                Washington, D.C.  20044
                (202) 616-4289 / (202) 616-5200 (fax)
                robin.doyle.smith@usdoj.gov
                Attorneys for Defendant United States

**CERTIFICATE OF SERVICE**

I, Robin Smith, hereby certify that on May 16, 2006, I served a true copy of the foregoing pleading upon the following parties by electronic mail, facsimile, or first class mail where noted:

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Douglas Plymale
doug@duganbrowne.com

David Browne
dbrowne@brownelaw.com

James Dugan
jdugan@duganbrowne.com

Darlene Marie Jacobs
dollyno@aol.com

Robert Harvey
rgharvey@bellsouth.net

Hugh Lambert
hlambert@lambertandnelson.com

Ronnie Penton
rgp@rgplaw.com

Jesse L. Wimberly
wimberly@nternet.com

Sidney Torres
storres@torres-law.com

Joseph Bruno
jbruno@brunobrunolaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

Gerald Edward Meunier
dmartin@gainsben.com

Randall A. Smith
rasmith3@bellsouth.net

Robert Creely
rcreely@aol.com

Mickey Landry
mlandry@landryswarr.com

Robert Becnel
ROBBECNEL@aol.com

Calvin Fayard
calvinfayard@fayardlaw.com

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

Betty Finley Mullin
bettym@spsr-law.com

Michael R.C. Riess
mriess@kingsmillriess.com

Terrence L. Brennan
tbrennan@dkslaw.com

Richard John Tyler
rtyler@joneswalker.com

Thomas Darling
tdarling@grhg.net

Thomas Gaudry
tgaudry@grhg.net

| | |
|---|---|
| William Treeby<br>wtreeby@stonepigman.com | Penya Moses-Fields<br>pmfields@cityofno.com |
| Thomas P. Anzelmo<br>tanzelmo@mcsalaw.com | Judy Barrasso<br>jbarrasso@barrassousdin.com |
| James L. Pate<br>jpate@ln-law.com | Lawrence Duplass<br>lduplass@duplass.com |
| Ralph Hubbard<br>rhubbard@lawla.com | Kevin Derham<br>kderham@duplass.com |
| Joseph Guichet<br>jguichet@lawla.com | Michael Courtney Keller<br>kellerm@ag.state.la.us |
| Victor Elbert Stilwell, Jr.<br>vstilwell@dkslaw.com | Belhia Martin<br>belhiamartin@bellsouth.net |
| George Simno<br>gsimno@swbno.org | James Bryan Mullaly<br>jamesmullaly1@hotmail.com |
| Wade Langlois<br>wlanglois@grhg.net | William Aaron<br>waaron@goinsaaron.com |
| John M. Landis<br>jlandis@stonepigman.com | Christopher Kent Tankersley<br>ctankersley@burglass.com |
| Ben Louis Mayeaux<br>bmayeaux@ln-law.com | Dennis Phayer<br>dphayer@burglass.com |
| Thomas Francis Gardner<br>gardner@bayoulaw.com | Julia E. McEvoy<br>jmcevoy@JonesDay.com |
| Gregory Varga<br>gvarga@rc.com | George T. Manning<br>gtmanning@jonesday.com |
| Wayne J. Lee<br>wlee@stonepigman.com | Charles F. Seemann, Jr.<br>cseemann@dkslaw.com |
| Neil Abramson<br>abramson@phelps.com | J. J. McKernan<br>jemckernan@mckernanlawfirm.com |
| Joseph Vincent DiRosa Jr.<br>jvdirosa@cityofno.com | Christopher W. Martin<br>martin4@mdjwlaw.com |

| | |
|---|---|
| Martin R. Sadler<br>sadler@mdjwlaw.com | Deborah Louise Wilson<br>317 Magazine Street<br>New Orleans, LA 70130 |
| David R. Simonton<br>dsimonton@sonnenschein.com | Joseph W. Hecker<br>619 Europe Street , 2nd Floor<br>Baton Rouge, LA 70806 |
| Stephen Kreller<br>sskreller@gmail.com | Vernon Palmer Thomas<br>1524 N. Claiborne Ave.<br>New Orleans, LA 70116 |
| Tamara Kluger Jacobson<br>FAX: 504-895-1312 | |
| Lawrence D. Wiedemann<br>FAX: 504-581-4336 | |

                                                       s/ Robin D. Smith
                                                          Robin Smith