FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 16  PM 4:27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al.<br><br>Plaintiffs<br><br>vs.<br><br>BOH BROTHERS CONSTRUCTION CO., et al.<br><br>Defendants | CIVIL ACTION NO. 05-4182<br><br>SECTION "K"(2)<br>CONS. KATRINA CANAL<br><br>JURY DEMAND |
| THIS DOCUMENT RELATES TO:<br><br>06-0020 | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED
## CLASS ACTION COMPLAINT

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiffs' First Supplemental and Amended Class Action Complaint (the "Complaint"), as follows:

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

810785v.1

## WGI'S AFFIRMATIVE DEFENSES

### A. Improper Venue

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

### B. Failure to state a cause of action

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

### C. Prescription

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

### D. No right of action

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

### E. Failure to join indispensable parties

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### F.     Duty / Risk

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

### G.     Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H.     Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I.     Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J.     Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K.     Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L.  Adoption of Affirmative and Constitutional Defenses Available Under Federal Law or the Laws of Other Jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### M.  Adoption of Affirmative Defenses of Other Defendants

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

### N.  Set-Off

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI. WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward

other defendants and therefore denies them. WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

To the extent that any response is required to the Introduction, WGI DENIES each and every allegation contained therein.

1.  WGI admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 267. WGI DENIES each and every remaining allegation in Paragraph 1 of the Complaint.

2.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that its predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

3.  WGI DENIES each and every allegation of Paragraph 3 of the Complaint, and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI. WGI admits, however, that plaintiffs purport to have suffered damages in excess of $75,000.00 exclusive of interest and costs.

4.  WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint

pertains. WGI also admits that jurisdiction exists under the Class Action Fairness Act. WGI DENIES each and every remaining allegation in Paragraph 4 of the Complaint.

5.  WGI admits that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act because the alleged amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. WGI also admits that federal question jurisdiction exists because WGI was a contractor of the federal government when it performed the work to which this Complaint pertains. WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph 5 of the Complaint and therefore DENIES each and every remaining allegation.

6.  WGI DENIES each and every allegation of Paragraph 6 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

7.  WGI admits that this Court has supplemental jurisdiction over all claims that arise under state law and are not within this Court's original jurisdiction, provided those claims are so related to the claims in an action within this Court's original jurisdiction that they form part of the same case or controversy. WGI DENIES each and every remaining allegation in Paragraph 7 of the Complaint.

8.  WGI DENIES each and every allegation of Paragraph 8 of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

9. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that John M. Holahan and Paulette L. Holahan purport to be named plaintiffs in this action.

10. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Riverbend Fine Wines, Inc., purports to be a named plaintiff in this action.

11. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Julie E. Tauzin purports to be a named plaintiff in this action.

12. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Michelle M. Zornes purports to be a named plaintiff in this action.

13. WGI DENIES each and every allegation of Paragraph 13 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

14. WGI DENIES each and every allegation of Paragraph 14 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative

class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

15.a. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.a. of the Complaint and therefore DENIES each and every allegation contained therein.

15.b. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.b. of the Complaint and therefore DENIES each and every allegation contained therein.

15.c. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.c. of the Complaint and therefore DENIES each and every allegation contained therein.

15.d. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.d. of the Complaint and therefore DENIES each and every allegation contained therein.

15.e. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.e. of the Complaint and therefore DENIES each and every allegation contained therein.

15.f. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.f. of the Complaint and therefore DENIES each and every allegation contained therein.

15.g. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.g. of the Complaint and therefore DENIES each and every allegation contained therein.

15.h. WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

15.i. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.i. of the Complaint and therefore DENIES each and every allegation contained therein.

15.j. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.j. of the Complaint and therefore DENIES each and every allegation contained therein.

15.k. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.k. of the Complaint and therefore DENIES each and every allegation contained therein.

15.l. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.l. of the Complaint and therefore DENIES each and every allegation contained therein.

810785v.1

15.m.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.m. of the Complaint and therefore DENIES each and every allegation contained therein.

15.n.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.n. of the Complaint and therefore DENIES each and every allegation contained therein.

15.o.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.o. of the Complaint and therefore DENIES each and every allegation contained therein.

15.p.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.p. of the Complaint and therefore DENIES each and every allegation contained therein.

16.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that on or about August 29, 2005 Hurricane Katrina made landfall along the Gulf Coast and that the City of New Orleans and the surrounding Parishes experienced flooding in the aftermath of the hurricane.

17.   WGI DENIES each and every allegation of Paragraph 17 of the Complaint pertaining to the Industrial Canal. WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein.

18. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein.

20. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein.

21. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

23. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

810785v.1

25.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

26.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

28.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein.

30.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

31.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein.

32. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

33. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

35. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein.

37. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

38. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein.

39. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 39 of the Complaint and therefore DENIES each and every allegation contained therein.

40. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 40 of the Complaint and therefore DENIES each and every allegation contained therein.

41. WGI DENIES each and every allegation contained in Paragraph 41 of the Complaint, except WGI admits that its predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

42. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 42 of the Complaint and therefore DENIES each and every allegation contained therein.

43. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 43 of the Complaint and therefore DENIES each and every allegation contained therein.

44. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 44 of the Complaint and therefore DENIES each and every allegation contained therein.

810785v.1

45. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 45 of the Complaint and therefore DENIES each and every allegation contained therein.

46. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 46 of the Complaint and therefore DENIES each and every allegation contained therein.

47. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.

48. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 48 of the Complaint and therefore DENIES each and every allegation contained therein.

49. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 49 of the Complaint and therefore DENIES each and every allegation contained therein.

50. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 50 of the Complaint and therefore DENIES each and every allegation contained therein.

51. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 51 of the Complaint and therefore DENIES each and every allegation contained therein.

810785v.1

52. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 52 of the Complaint and therefore DENIES each and every allegation contained therein.

53. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 53 of the Complaint and therefore DENIES each and every allegation contained therein.

54. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 54 of the Complaint and therefore DENIES each and every allegation contained therein.

55. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 55 of the Complaint and therefore DENIES each and every allegation contained therein.

56. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 56 of the Complaint and therefore DENIES each and every allegation contained therein.

57. Paragraph 57 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI DENIES each and every allegation of Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI DENIES each and every allegation of Paragraph 58 of the Complaint, except WGI admits that flooding occurred along stretches of the Industrial Canal in the wake of Hurricane Katrina.

Case 2:05-cv-04182-SRD-JCW   Document 377   Filed 05/16/06   Page 17 of 20

59    WGI DENIES each and every allegation of Paragraph 59 of the Complaint pertaining to WGI. WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 59 of the Complaint and therefore DENIES each and every allegation contained therein.

60.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 60 of the Complaint and therefore DENIES each and every allegation contained therein.

61.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 61 of the Complaint and therefore DENIES each and every allegation contained therein.

62.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 62 of the Complaint and therefore DENIES each and every allegation contained therein.

63    WGI DENIES each and every allegation of Paragraph 63 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23. WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

64.   WGI DENIES each and every allegation of Paragraph 64 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23. WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

65.   WGI DENIES each and every allegation of Paragraph 65 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule

of Civil Procedure 23. WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

66. WGI DENIES each and every allegation of Paragraph 66 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

67. WGI DENIES each and every allegation of Paragraph 67 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23. WGI also DENIES that the proposed class action satisfies the superiority requirement.

68. WGI DENIES each and every allegation of Paragraph 68 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

69. WGI DENIES each and every allegation of Paragraph 69 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

70. Paragraph 70 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI DENIES each and every allegation of Paragraph 70 of the Complaint.

\*   \*   \*

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated: May 16, 2006

Respectfully submitted,

*William D. Treeby*

William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' First Supplemental and Amended Class Action Complaint has been served upon all counsel of record by e-mail, this 16th day of May, 2006.

*William D. Treeley* (signature)