**MINUTE ENTRY**
**DUVAL, J.**
**May 12, 2006**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLLEEN BERTHELOT, ET AL.,** | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-4182** |
| **BOH BROTHERS CONSTRUCTION CO.,** | **SECTION "K"(2)** |
| **L.L.C., ET AL.** | **CONS. KATRINA CANAL** |

**PERTAINS TO:  ALL CASES**

A status conference was held on May 12, 2006 at 10:00 a.m.  pursuant to the Court's previous order of April 6, 2006.

**IT IS ORDERED** that a transcript of the entire proceedings shall be filed into the record.

**Preliminary Master Committees**

The Court thanked those counsel appointed to serve on these committees and noted that from this point, attendance at the monthly status conferences will no longer be mandatory except for those members of the Preliminary Master Committees ("PMCs").  The Court provided an illustrative list of what it expects the PMCs to discuss and on which eventually render a report to the Court concerning their respective recommendations:

1.  Categories or groupings of plaintiffs and defendants, i.e., by nature of claim, geography and other matters;

2.  Discovery by category of plaintiffs and defendants;

3.  The function of the subcommittees for the various categories of cases;

4.      Use of joint experts;

5.      Class certification and/or mass joinder issues;

6.      Timing of summary judgment motions;

7.      Possibility of mini trials on specific issues;

8.      Timing and general consensus for appointment of a Special Master and the utilization of the Special Master;

9.      General time estimates for all matters including trials on the merits.

The Court noted that this is an ambitious task and, of course, is  flexible, focusing on the fact that all parties will be seeking a resolution of the various issues within a reasonable period of time. Because of the complexity and multiple issues involved here, it is even more important to focus on resolution even in the very beginning;

At the next status conference, the Court will establish a time for this report to be submitted after conferring with the PMCs.


**Post-Recusal Activity**

The Court intends to proceed with ruling on all pending motions in this matter having denied the recusal motions.


**Communications with the Court**

**Counsel and their staffs**  are reminded **do not contact the Court by phone.**  Unless you are designated as liaison counsel, **<u>all communications</u>** must be in writing faxed to the Court's Chambers, that telephone number being 589-2393.  **This admonishment includes questions about dockets, hearings and the like.**

2

**Designation of Cases in the Heading**

Remember that when preparing a document for filing, in that portion of the heading denominated "pertains to,"  you **must** list the discrete case number(s) to which the pleading pertains.  "All cases" means all 27 cases, not just the all the cases in which your particular client is named.

**Discovery Issues**

The Court was informed that an agreement has been reached concerning  protocols to be used concerning the inspections of the 17th Street Canal, the London Avenue/Mirabeau and the MRGO breaches.

**IT IS ORDERED** that involved counsel provide Magistrate Judge Jay Wilkinson with a written outline of those protocols  **no later than May 22, 2006.**

**Liaison Preliminary Committee Report**

**Sub-Groupings**

The PMCs have determined that they will establish for their purposes a proposal for grouping of counsel for the delivery of correspondence and pleadings to fellow counsel to which such pleadings and correspondence pertains.  These groups will be: (1) the            MRGO Group, (2) the Insurance Hroup and (3) the Levee Group.  These groupings are solely to facilitate the routing of pleadings intra-counsel.  Accordingly,

**IT IS ORDERED** that in addition to the requirement of delineating the  actual case numbers to which a pleading or correspondence concerns, counsel shall be allowed to place a general group name as noted above prior to the case numbers on any pleading filed in this Court.

**IT IS FURTHER ORDERED** that **no later than May 22, 2006**, liaison counsel shall provide to all counsel, as well as file with this Court, which cases comprise each of these "groups".

**IT IS FURTHER ORDERED** that with the filing of each new case, liaison counsel shall inform counsel and the Court under which grouping such new case should be included.

**Disclosure of Insurance Contracts, Construction Contracts, Bonds and Indemnity Agreements**

**IT IS  ORDERED** that:

(1)      Certified copies of all insurance contracts that are at issue with respect to the insurance group litigation; and

(2)      all contracts between the appropriate defendants with the Army Corps of Engineers and indemnity agreement and bonds that are subject to those contracts pertaining to work done on the levees, flood walls and MRGO which are the subject of this litigation

shall be provided to plaintiffs' liaison counsel for distribution **no later than June 1, 2006.**  This order includes the United States where appropriate; however, defense counsel are urged to confer to reduce unnecessary duplication of relevant documents.

**Modification of Previously Established Deadlines**

4

At the request of counsel and in recognition of the realities of the fluidity of the proceedings,

**IT IS ORDERED** that the schedule for filing motions previously established  is **AMENDED** is as follows:

| | |
|---|---|
| June 7, 2006 | Liaison counsel shall identify motions which require discovery and propose an appropriate deadline for the filing thereof. |
| June 15, 2006 | Motions requiring no discovery shall be filed by this date; this limitation is inapplicable to cases in which later filed amendments or other circumstances make this deadline inapplicable. |
| June 29, 2006 | Responses/Oppositions to motions filed on June 15, 2006 must be filed. |
| July 10, 2006 | Reply briefs to response/opposition filed on June 29, 2006,  must be filed if needed. |
| July 12, 2006 | Motions filed on June 15, 2006 should be noticed for this date at 9:30 a.m. If oral argument is requested and found to be needed, the Court shall reset the hearing on such motion(s) at a special setting considering the number of motions and complexity of issues. |

July 24, 2006         All Rule 12(b) Motions are to be filed by the United States and plaintiffs

                      with respect to the MRGO litigation and any other litigation in which  the

                      United States (1) is a party; (2)has been properly served and (3) for which

                      the 60 day period has run.


August 7, 2006        Responses/Oppositions to motions filed no July 24, 2006 must be filed.


August 21, 2006       Reply briefs to response/opposition filed on August 7, 2006,  must be filed

                      if needed.


August 23, 2006       Motions filed on  July 24, 2006, should be noticed for this date at 9:30

                      a.m.  If oral argument is requested and found to be needed, the Court shall

                      reset the hearing on such motion at a special setting considering the

                      number of motions and complexity of issues.


**Electronic Filing**

Although not discussed, it is anticipated that counsel will be begin electronic filing in this matter.  With regard to ex parte motions, i.e., those motions to which there is no opposition by the other side or which are allowed under Rule 41 or the like,

**IT IS ORDERED** that in addition to e-filing the PDF'd version of such a motion to the Clerk of Court, counsel shall simultaneously e-mail preferably a WordPerfect version (or Microsoft Word version) of the proposed order to the chamber's e-mail inbox (efile-Duval@laed.uscourts.gov).


**Next Status Conference**

Having learned of certain scheduling conflicts, the Court has determined the announced date and time for the next status conference must be changed.  Accordingly,

**IT IS FURTHER ORDERED** that the next status conference shall be held on **Thursday, June 15, 2006 at 11:00 a.m.**

JS-10:  1.5 HOURS