IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD VANDERBROOK, et al.** | * | |
| | * | **CIVIL ACTION** |
| | * | |
| **Plaintiffs,** | * | **NO. 05-6323** |
| | * | |
| v. | * | **SECTION "F"** |
| | * | |
| **STATE FARM FIRE AND** | * | **JUDGE FELDMAN** |
| **CASUALTY COMPANY, et al.,** | * | |
| | * | **MAGISTRATE NO. 5** |
| | * | |
| **Defendants.** | * | **MAGISTRATE JUDGE CHASEZ** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF LAW IN SUPPORT OF
HANOVER INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT
AGAINST PLAINTIFF SOPHIA GRANIER**

Hanover Insurance Company ("Hanover") hereby submits this memorandum in support of its Motion for Summary Judgment seeking dismissal of the claims asserted by Sophia Granier ("Granier"). As set forth herein, Granier does not hold a policy of insurance issued by Hanover, and has no contractual relationship with Hanover. As such, Granier lacks standing and contractual privity, and her claim must be dismissed.

1

## I. BACKGROUND[1]

Granier commenced this lawsuit on or about October 14, 2005 by filing a Petition For Damages ("Petition") against several defendants including Hanover. (Hanover St. ¶ 1.) In the Petition, Granier alleges that she suffered water damage to her home as the result of a break that occurred on August 29, 2005, in the concrete canal wall known as the 17th Street Canal. ((Hanover St. ¶ 2.) Granier further alleges that at all relevant times, she was insured under a homeowners policy of insurance issued by Hanover. (Hanover St. ¶ 3.) In addition, Granier alleges that Hanover failed to pay her for the aforementioned water damage under the policy of insurance it issued. ((Hanover St. ¶ 1.)

After a diligent search of its business records, Hanover has located no policy of insurance issued by Hanover with Granier as the named insured. ((Hanover St. ¶ 6.) In addition, Granier has not come forward with any evidence that she held a policy of insurance with Hanover, despite Hanover's request for such evidence. (Hanover St. ¶ 7.)

## II. ARGUMENT

Summary judgment should be granted if the pleadings, together with any affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue

---

1 The undisputed facts upon which this Motion and Supporting Memorandum are based are set forth in Statement of Uncontested Material Facts In Support Of Hanover Insurance Company's Motion For Summary Judgment Against Plaintiff Sophia Granier, submitted herewith. All fact citations in this Supporting Memorandum are to that Statement and its exhibits, identified as "Hanover St. ¶ ___."

2

for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "Mere allegations" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-moving party must come forward with "specific facts" that establish an issue for trial. *Id.*

### A.   GRANIER DOES NOT HAVE STANDING TO ASSERT ANY CLAIMS AGAINST HANOVER

Granier appears to be suing on an insurance policy which she does not have. It is hornbook law that a stranger to a contract cannot sue to enforce that contract. *Cottingham v. GMC*, 119 F.3d 373, 380 (5th Cir. 1997) (holding that since the plaintiff "is not a party to the contract," plaintiff "has no standing to allege" a claim based upon the contract) (applying Mississippi law); *Liker v. Ryder Systems, Inc., Liker v. Ryder Systems, Inc.*, Case No. 01-3754 Sec. K(5), 2003 U.S. Dist. LEXIS 5233 at *6 (E.D. La. March 30, 2003) (granting summary judgment and dismissing plaintiffs' claims against the individual defendants for lack of standing since individual defendants were not parties to the contract); *Petromixtec S.A. v. Nat'l Ry. Equip. Co.*, Case No. 99-2866 Sec. T(4), 2001 U.S. Dist. LEXIS 6814 at *7-8 (E.D. La. May 15, 2001) (stating that plaintiff "was not a party to the contract with defendants[, h]e therefore has no standing to independently assert a claim for damages arising out of the breach of that contract.")

*Plaisance v. Marine Leasing Co.*, Case No. 94-1923 Sect. C(1), 1995 U.S. Dist. LEXIS 17646 at *5-6 (E.D. La. Nov. 16, 1995) (noting that "the plaintiff was not a party to the contract and therefore does not have standing to sue" based on that contract); *Shoreline Gas, Inc. v. Grace Res., Inc.*, 786 So.2d 137, 142 (La. Ct. App. 2001) ("Triple S has no standing to appeal a judgment on a contract to which it is not a party or beneficiary."); *Sims v. Asian International, Ltd.*, 521 So.2d 411, 413 (La. Ct. App. 1987) (holding that "because [plaintiff] is neither a party nor a beneficiary to the contact . . . [plaintiff] has no standing to bring this action").

In addition, it is well-settled under Louisiana law that an action for breach of contract requires a showing of contractual privity between the parties. *State ex. rel. Guste v. Simone, Heck & Assoc.*, 297 So.2d 918, 924 (La. Ct. App. 1974 ("The established rule is that ... an action *ex contractu* cannot be maintained against a party to a contract by a person who is not privy thereto."); *Larkin v. First of Georgia Underwriters*, 466 So.2d 655, 657 (La. Ct. App. 1985) (affirming summary judgment in favor of claims adjuster on insured's breach of contract claim since insured and adjuster were not in privity of contract); *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 887 (5th Cir. 2002) ("Mobil contends, as it did in its motion for summary judgment ..., that in the absence of contractual privity the School Board's breach of contract claims against it must fail. Because of the complete failure of proof with respect to a contract or contract provision setting forth an obligation enforceable against Mobil, we agree."); *Louisiana Ins. Guar. Ass'n v. Rapides Parish Police Jury*, 182 F.3d 326, 331 (5th Cir. 1999) (reversing summary judgment, the court explained "it has long been recognized in Louisiana that 'no action for breach of [] contract may lie in the absence of privity of contract between the

parties.") (internal citations omitted); *see also R.R. Mgmt. Co. LLC v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005) (noting that under Louisiana law "a breach of contract claim requires the formation of a valid and enforceable contract.").

There is no evidence that Granier has a policy of insurance issued by Hanover. She has no standing, and no contractual privity with Hanover. It is therefore obvious that she has no claim.

### III. CONCLUSION

Based on the foregoing reasons, Defendant Hanover Insurance Company respectfully requests that this Honorable Court enter Judgment in its favor against Plaintiff Sophia Granier, dismiss Granier's claims as set forth in the Petition for Damages, and order such further relief as the Court deems proper.

Respectfully submitted, this 19th day of May, 2006.

RALPH S. HUBBARD, III, T.A., La. Bar. # 7040
KRISTOPHER T. WILSON, La. Bar # 23978
SETH A. SCHMEECKLE, La. Bar #27076
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990

And

OF COUNSEL:

PAUL E. B. GLAD
KEVIN P. KAMRACZEWSKI
ANDREW R. GREENE
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower - 233 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934

Attorneys for The Hanover Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forward ed to al counsel of record via U.S. mail, postage prepaid, this 19th day of May, 2006.

_____