UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO.: 05-4182 |
| BOH BROTHERS CONSTRUCTION | * | |
| CO., LLC., ET AL. | * | SECTION "K" (2) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | RE: KATRINA LEVEES & |
| DOCKET No. 05-4181 | * | GOV'T RESPONSE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDA

**MAY IT PLEASE THE COURT:**

The *O'Dwyer* plaintiffs filed a Motion for Oral Argument and for Leave to File Supplemental Memoranda Prior to the Court's Ruling on Pending Motions. (Rec. Doc. 378). Defendants, the State of Louisiana and Governor Kathleen Blanco vehemently oppose the plaintiffs' motion for the following reasons.

2

As described in the opposition to this motion by the United States (Rec. Doc. 378), allowing supplemental memoranda on the motions pending before this Honorable Court, which have been fully briefed since March, will cause undue and unnecessary delay.  Governor Kathleen Blanco and the State of Louisiana each raised threshold *questions of law* in their respective motions to dismiss.  The Governor raised the issue of qualified immunity.  The State raised the issue of its sovereign immunity.  Qualified immunity and sovereign immunity are *immunity from suit*.  This consolidated action is quickly becoming wrought with discovery issues and other pretrial matters. The State and Governor's motions should be decided before they are required to participate in pretrial litigation.  These motions were set for hearing March 22, 2006.  Allowing further memoranda on these fully briefed motions will only retard the progress of the consolidated actions and, as discussed below, the plaintiffs' proposed supplementations are extraneous.

The issues sought to be "briefed" by the plaintiffs in their proposed supplemental memoranda are irrelevant to the issues raised by defendants, State of Louisiana and Governor Kathleen Blanco in their motions to dismiss.  The plaintiffs claim these supplemental memoranda will bear directly on issues "including government's planning for and response to Hurricane KATRINA and its aftermath, and the violation of and failure to follow both federal and state law,

by all levels of government." The State of Louisiana filed a 12(b)(1) based on sovereign immunity. A supplemental memorandum by the plaintiffs on these "issues" is superfluous to the actual issue: whether the State is immune from this suit in This Court. Governor Blanco filed a 12(b)(6) based on qualified immunity. A supplemental memorandum based on the findings of the U.S. Senate and Professor Douglas Brinkley has no bearing on whether the plaintiffs *properly plead* violations of clearly established constitutional rights and *properly alleged* facts sufficient to show that the Governor acted with deliberate indifference to the rights of the plaintiffs in violation of law clearly established at the time of the actions.

        Respectfully submitted,

        **CHARLES C. FOTI, JR.**
        **ATTORNEY GENERAL**

**BY**:      s/ *Michael C. Keller*
        **MICHAEL C. KELLER (#20895) (T.A.)**
        **PHYLLIS E. GLAZER (# 29878)**
        **STEPHEN F. BABIN (#2634)**
        **ASSISTANT ATTORNEYS GENERAL**

        **DEPARTMENT OF JUSTICE**
        **LITIGATION DIVISION**
        601 Poydras Street, Suite 1725
        New Orleans, Louisiana 70130
        Telephone No.   504-599-1200
        Facsimile No.   504-599-1212
        Email:   KellerM@ag.state.la.us
                    GlazerP@ag.state.la.us
                    BabinS@ag.state.la.us

4

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by EMAIL, at New Orleans, Louisiana, on this  23rd  day of      May   , 2006.

      s/ *Michael C. Keller*      
**MICHAEL C. KELLER**