UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | * | CASE NO. |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., et al. | * | SECTION " K " |
| | * | MAG. NO. "2" |
| RELATES TO ALL CASES | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*'

MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION OF THE COURT'S
DENIAL OF PLAINTIFFS' OBJECTIONS TO AND
MOTION TO REVIEW MAGISTRATE'S ORDER
(RECORD DOCUMENT NO. 320)

MAY IT PLEASE THE COURT:

The plaintiffs' right to amend their Complaint in order to assert admiralty and maritime jurisdiction already has consumed significant amounts of the Court's and counsel's time, evident from a review of the following Record Document Nos. 71, 77, 78, 202 and 203. Plaintiffs in No. 05-4181 have lost at every turn. However, because it is respectfully submitted that the Court applied the wrong legal standard in denying plaintiffs' request to review plaintiffs' Objections to and Motion to Review Magistrate's Order, plaintiffs are now asking the Court to take another look at things.

The standard applied by the Court was stated by Judge Duval as follows:

> This Court reviews a Magistrate Judge's denial of a motion for leave to file an amended Complaint for an abuse of discretion. The authority cited

was OMP v. Security Pacific Business Inc., 715 F.Supp. 239, 250-51 (M.D. Miss. 1998).[1]

It is respectfully submitted that this is the wrong legal standard for adjudicating Objections to and Motions for Review of Magistrate's Ruling(s), and that by applying an abuse of discretion standard, Your Honor committed error.

Plaintiffs respectfully submit that the standard for a District Court's review of a Magistrate's Ruling is to be found in 28 U.S.C. §636, and more particularly, in §636(b)(1)(A), which provides, in pertinent part, as follows:

> (b)(1) Notwithstanding any provision of law to the contrary –
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

It is respectfully submitted that Magistrate Wilkinson's denial of plaintiffs' Motion for Leave to Amend their Complaint for the 12th time, in order to add additional parties plaintiff, and to assert admiralty and maritime jurisdiction against the United States of America, and a waiver of sovereign immunity by the United States pursuant to The Suits in Admiralty Act (46 U.S.C. §741, et seq.), was both clearly erroneous and contrary to law. Each of the Magistrate's "Reasons" for his ruling will be dealt with in order.

---

[1] Citing Douglas v. DynMcDermott Petroleum Operations Co., 1996 WL 304, 237 (F.D. La. 1996)

I. **"IN THIS INSTANCE, NO PERSUASIVE EXPLANATION FOR PLAINTIFFS' NEED TO AMEND THEIR COMPLAINT FOR A 12TH TIME, PARTICULARLY AFTER JUDGE KNOWLES' ORDER CONCERNING THE LAST AMENDMENT, HAS BEEN ORDERED."**

This statement by Magistrate Judge Wilkinson is clearly erroneous. In plaintiffs' Supplemental Memorandum in Support of their Motion for Leave to Supplement and Amend Complaint (Record Document No. 78, pp. 3-5), undersigned counsel for plaintiffs provided the Court a detailed explanation for why he had not previously sought to invoke admiralty and maritime jurisdiction and The Suits in Admiralty Act against the Government. Further, it was only on May 2, 2006, that the Untied States Senate committee on Homeland Security and Governmental Affairs issued a blistering comprehensive report, which concluded as following concerning the Mississippi Gulf Outlet:

> 11. Until addressed, the continued subsidence, loss of wetlands, and other changes to the coastal landscape will make New Orleans and other regions of the Louisiana deltaic plain increasingly vulnerable to hurricanes.
>
> 12. The building of the Mississippi River Gulf Outlet (MRGO) and the combined Gulf Intracoastal Waterway (GIWW)/MRGO channel resulted in substantial environmental damage, including a significant loss of wetlands which had once formed a natural barrier against hurricanes threatening New Orleans fro the east.
>
> 13. MRGO and the combined GIWW/MRGO provided a connection between Lake Borgne and Lake Pontchartrain that allowed the much grater surge from Lake Borgne to flow into both New Orleans and Lake Pontchartrain. These channels further increased the speed and flow of the Katrina surge into New Orleans East and the Ninth Ward/St. Bernard Parish, increasing the destructive force against adjacent levees and contributing to their failure. As a result, MRGO and the combined GIWW/MRGO resulted in increased flooding and greater damage from hurricane Katrina.

<u>U.S. Senate Committee Report on Homeland Security and Government Affairs</u>, entitled: Hurricane KATRINA, a National Still Unprepared", Findings. The entire report is printable at http://hsgac.senate.gov/_files/Katrina/FullReport.pdf.

It is respectfully submitted that undersigned counsel for plaintiffs was prescient in recognizing the critical role which the Mississippi River Gulf Outlet and the Gulf Intracoastal Waterway played in the flooding of the Greater New Orleans Metropolitan Area, and that leave to amend should have been permitted in order to clearly and concisely assert those claims in C.A. No. 05-4181.

## II.    "THE AMENDMENT DOES NOT APPEAR IMPORTANT."

This statement, which is subjective on the Magistrate's part, is clearly erroneous, because the amendment <u>IS</u> important to plaintiffs and to undersigned counsel. Although plaintiffs have taken the position that the sought amendment comes six (6) months after the submission of the "functional equivalent" of administrative claims to the involved agency and instrumentality of the Government, the U.S. Army Corps of Engineers, and that plaintiffs' administrative claims already have been denied by the responsible agency, if admiralty and maritime jurisdiction exists against the United States of America, with a waiver of sovereign immunity under The Suits in Admiralty Act, then plaintiffs are not <u>required</u> to exhaust administrative remedies as a prerequisite to filing suit! Because Magistrate Wilkinson was new to the case when he summarily rendered his Order and Reasons of April 12, 2006, for the Magistrate to have made the statement, "The amendment does not appear important", on April 12, 2006, demonstrates his then lack of

familiarity with the facts of the case and his decision not to grant leave to amend should be reversed.

### III. "THIS IS AN ALLEGED CLASS ACTION IN WHICH MORE THAN A SUFFICIENT NUMBER OF PUNITIVE CLASS REPRESENTATIVE SHAVE ALREADY BEEN NAMED, SO THAT ADDING MORE IS UNNECESSARILY REDUNDANT."

This is another clearly erroneous conclusory statement by the Magistrate, because the United States of America already has taken the position that each individual claimant must submit administrative claims, and that the Federal Tort Claims Act does not permit class actions, but requires each individual claimant to file suit in his or her name. Accordingly, in an abundance of caution, each and every individual represented by the undersigned needs to be a named plaintiff. Perhaps it is because Magistrate Wilkinson's personal fortune and legal malpractice coverage are not at risk that he can afford to make statements like ". . . adding more (plaintiffs) is unnecessarily redundant". The undersigned gets phone calls every day from the people he represents, wanting to know if their claims have been perfected. The only way the undersigned knows how to perfect a claim is to specifically name each client as a plaintiff in the litigation, and that is all he attempted to do, but was summarily denied that right by the Magistrate.

### IV. "THIS CASE IS SIGNIFIANTLY UNLIKE THE SEPARATE INGRAM BARGE CASE IN THIS COURT, UPON WHICH PLAINTIFF RELIES SO HEAVILY IN HIS SUPPLEMENTAL MEMORANDUM, IN THAT THIS CASE DOES NOT INVOLVE AN ADMIRALTY LIMITATION PROCEEDING. (emphasis the Magistrate's)"

Again Magistrate Wilkinson should showed his unfamiliarity about the facts of the case as of April 12, 2006, and the factual and legal issues involved, perhaps because he was so new to the case. The statement is clearly erroneous because it ignores the

involvement that the Mississippi River Gulf Outlet played in the flooding of the City of New Orleans and should be overturned, with plaintiffs give leave to file the amendment they sought.

V.  **"THE ADDITIONAL JURISDICTIONAL ALLEGATIONS APPEAR TO HAVE NO BEARING ON THE PENDING MOTIONS IN THIS CASE."**

This is, perhaps, the real "doosie", because the proposed amendment has everything to do with the Motion to Dismiss filed by the Government. If admiralty and maritime jurisdiction exists, as plaintiffs maintain it does, then no exhaustion of administrative remedies is required, and the United States' Motion to Dismiss is out on its ear. It is unfathomable that, after the matter was extensively briefed, that this simple fact would not have been recognized either by Magistrate Wilkinson (or by Your Honor in his review of plaintiffs' Objections to and Motion to review Magistrate's Order).

VI.  **"THE PREJUDICE TO RESOLUTION OF THE PENDING MOTIONS AND MOVING THIS CASE FORWARD IN PERMITTING THE SEEMINGLY ENDLESS AMENDMENTS PROFERRED BY THESE PLAINTIFFS IS PATENT."**

It is respectfully submitted that Magistrate Wilkinson got the "bad guys" wrong with the foregoing sentence. Moving this case "forward" to the Government means dismissal, with prejudice.

VII.  **"I HAVE NO DOUBT THAT IF JUDGE DUVAL FINDS THAT YET ANOTHER AMENDMENT MAY CURE THE ALLEGED DEFECFTS IN PLAINTIFFS' CASE THAT ARE THE SUBJECFT OF THE PENDING MOTIONS, HE WILL GRANT TIME TO DO SO."**

This sentence was interpreted as an invitation by Magistrate Wilkinson for plaintiffs to object to and move for review of his findings. Unfortunately, Your Honor

didn't pick up the ball Magistrate Wilkinson threw to him. It is respectfully submitted that the Court has another opportunity to set things right, with an erudite, substantive opinion, saying why plaintiffs' motion for leave to amend should be granted. If the Court doesn't then plaintiffs have other remedies, and will utilize all of them rather than suffer the loss of substantive rights.

## CONCLUSION

In Your Honor's Order and Reasons of May 10, 2006, which were issued summarily, without oral argument, Your Honor stated as follows:

> Furthermore . . . it appears that counsel for plaintiffs has filed another Complaint which circumvents the Court's ruling, the appropriateness of which is by no means condoned by this ruling.

The term "circumvent" is defined in Webster's Dictionary as follows:

1. to go around; surround.
2. to surround by trickery or craft.
3. to catch in a trap.
4. to gain superiority over; outwit.
5. to prevent from happening.

Whatever definition is applied, the word clearly connotes something wrong or inappropriate to the undersigned. It is respectfully submitted that the undersigned not only did nothing wrong, and nothing inappropriate, but everything "right". In Plaintiffs' Supplemental Memorandum in Support of their Motion for Leave to Amend, undersigned counsel gave Magistrate Wilkinson the opportunity to be a gentleman about the matter. Judge Wilkinson chose another course. The undersigned's first obligation is to the legal

profession. His second obligation is to his clients. He specifically told Judge Wilkinson that, before he would allow the substantive rights of his clients to be prejudiced by a factually incorrect and legally erroneous ruling from the Court, he would take other measures, and he did so. The undersigned's obligation to the Court comes after his obligations to his clients, and he will do what the law allows before he will allow his clients to suffer undue prejudice as a result of erroneous rulings by the Court, however Honorable the Court may be.

                                        Respectfully submitted,

                                        LAW OFFICES OF
                                        ASHTON R. O'DWYER, JR.

                                        By: _____
                                        Ashton R. O'Dwyer, Jr.
                                        In Proper Person
                                        Bar No. 10166
                                        One Canal Place
                                        365 Canal Street, Suite 2670
                                        New Orleans, LA 70130
                                        Telephone: (504) 561-6561
                                        Facsimile: (504) 561-6560

## CERTICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 22ND day of May, 2006.

-8-