

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 22  PM 4: 06

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: LEVEE GROUP CASE NO. 06-225 (Bradley) | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the First Amended Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiff in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

15.

B & K admits that it is a Louisiana corporation, formerly known as "B & K Construction Company" with its domicile in the Parish of St. Tammany, and doing business in the Parish of Orleans, State of Louisiana. All other allegations of Paragraph 2 require no response by B & K, but, out of an abundance of caution, are denied.

16.

B&K admits that this Court has federal jurisdiction under 28 U.S.C. §1331 due to B&K's assertion in Paragraph 4 above of the "Government Contractor Defense", which defense provides for the immunity of B&K as an officer/agent of the federal government. Allegations in Paragraph 3 asserting subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) are denied to the extent they assume Plaintiffs' entitlement to proceed with a class action.

17.

The allegations of Paragraph 4 are denied. B&K asserts as stated in Paragraph 1 above that venue is not proper in this district, as any proceeding in the Eastern District of Louisiana will violate B&K's right to a hearing before a disinterested judge and jury.

18.

Concerning the allegations of Paragraph 5, B&K admits that: (1) on August 27, 2005 Hurricane Katrina was in the Gulf of Mexico and that Mayor Ray Nagin called for a voluntary evacuation of the City of New Orleans; (2) on August 28, 2005, Mayor Ray Nagin called for a mandatory evacuation; (3) on August 29, 2005, Katrina made landfall near Grand Isle, Louisiana; and (4) the levees/floodwalls of the 17th Street Canal, the London Avenue Canal and the Industrial Canal failed.

B&K denies that the failure of the London Avenue levee/floodwall was the result of any improper construction, design or negligence of B&K.

All remaining allegations of Paragraph 5 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

19.

The allegations of Paragraph 6, and specifically subparagraph A-2(b) concerning B&K's alleged fault in constructing the London Avenue Canal are denied. The allegations of Paragraph 6 in subparagraph A-1, A-2(a), A-3 and A-4 require no response by B&K, but, out of an abundance of caution, are denied.

The remaining allegations in Paragraph 6, subparagraphs B, C, D, E and F are denied to the extent they assert Plaintiffs' entitlement to class action relief.

20.

The allegations of Paragraph 7 require no response by B&K, but, out of an abundance of caution, the allegations are denied.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel in this matter via e-mail, on this 22nd day of May, 2006.

_____
Betty F. Mullin

N:\DATA\K\03409023\Consolidated Pleadings\Answer-Bradley.wpd