

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: **LEVEE GROUP** **CASE NO. 06-2346 (Fitzmorris)** | * | |

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Class Action Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiff in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

15.

B&K denies the allegations of Paragraph 1 to the extent that they state Plaintiffs' entitlement to proceed with a class action.

16.

The allegations of Paragraph 2 are denied to the extent they are directed against B&K. Allegations directed against other defendants are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

17.

The allegations of Paragraph 3 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action or any liability by B&K arising from allegedly defective construction.

18.

The allegations of Paragraph 4 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action or any liability by B&K arising from allegedly defective construction.

19.

Concerning the allegations of Paragraph 5, B&K admits that there is jurisdiction under 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §2671, *et seq.* (Federal Tort Claims Act). Allegations concerning jurisdiction under 28 U.S.C. §1983, *et seq.* (Federal Civil Rights Act) are denied for lack of specific information or allegations by the Plaintiffs which would enable B&K to admit or deny the assertions.

20.

B & K admits that at all relevant times hereto it engaged in substantial business in the State of Louisiana and within this federal district. The remaining allegations of Paragraph 6 concerning the business activities of other Defendants are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

21.

The allegations of Paragraph 7 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

22.

The allegations of Paragraph 8 are denied.

23.

The allegations of Paragraph 9 are denied.  B & K asserts as stated in Paragraph I above that Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

24.

The allegations of Paragraph 10 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

25.

The allegations of Paragraph 11 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

26.

The allegations of Paragraph 12 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

27.

The allegations of Paragraph 13 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

28.

The allegations of Paragraph 14 are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

29.

The allegations of Paragraph 15 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

30.

B & K admits that it is a Louisiana corporation, formerly known as "B & K Construction Company" with its domicile in the Parish of St. Tammany, and doing business in the Parish of Orleans, State of Louisiana. All other allegations of Paragraph 16 require no response by B & K, but, out of an abundance of caution, are denied.

31.

The allegations of Paragraph 17 are admitted.

32.

Concerning the allegations of Paragraph 18, B&K admit that the 17th Street Canal and London Avenue Canal levees failed resulting in substantial property damage and loss of life. Allegations directed against B&K concerning allegedly negligent construction or design are denied. The remaining allegations of Paragraph 18 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

33.

The allegations of Paragraph 19 are admitted.

34.

The allegations of Paragraph 20 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

35.

The allegations of Paragraph 21 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

36.

The allegations of Paragraph 22 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

37.

The allegations of Paragraph 23 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

38.

The allegations of Paragraph 24 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

39.

The allegations of Paragraph 25 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

40.

The allegations of Paragraph 26 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

41.

The allegations of Paragraph 27 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

42.

The allegations of Paragraph 28 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

43.

The allegations of Paragraph 29 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

44.

The allegations of Paragraph 30 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

45.

The allegations of Paragraph 31 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

46.

The allegations of Paragraph 32 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

47.

The allegations of Paragraph 33 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

48.

The allegations of Paragraph 34 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

49.

Concerning the allegations of Paragraph 35, B&K admits that it contracted with the U.S. Army Corps of Engineers ("COE") to construct levee and floodwall improvements at the London Avenue Canal. Concerning the scope of B&K's contract with the COE, the contract itself is the best evidence of its terms and conditions, rather than the allegations of Paragraph 35. To the extent Paragraph 35 alleges negligence or liability on behalf of B&K those allegations are denied.

50.

The allegations of Paragraphs 36-65 require no response by B&K, but, out of abundance of caution, are denied.

51.

To the extent Paragraph 66 asserts liability by B&K, it is denied.

52.

To the extent Paragraph 67 asserts knowledge, negligence or liability by B&K, the allegations are denied. Concerning the knowledge, negligence or liability of other defendants, B&K denies the allegations due to lack of specific information which would enable B&K to admit or deny the allegations.

53.

The allegations of Paragraph 68 are denied for lack of specific information which would enable B&K to admit or deny the allegations.

54.

To the extent Paragraph 69 asserts knowledge, negligence or liability by B&K, the allegations are denied. Concerning the knowledge, negligence or liability of other defendants, B&K denies the allegations due to lack of specific information which would enable B&K to admit or deny the allegations.

55.

The allegations of Paragraphs 70-76 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

56.

The allegations of Paragraph 77 require no response by B&K.

Respectfully submitted,

*[signature]*

Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel in this matter via e-mail, on this 22nd day of May, 2006.

_____
Betty F. Mullin

N:\DATA\K\03409023\Consolidated Pleadings\Answer-Fitzmorris.wpd