

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: | * | |
| **LEVEE GROUP** | * | |
| **CASE NO. 06-2287 (Sanchez)** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Class Action Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiff in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

15.

The allegations of Paragraph I are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action. The allegations are further denied to the extent they contain statements of fact or conclusions of law.

16.

The allegations of Paragraph II are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

17.

B & K admits that it is a Louisiana corporation, formerly known as "B & K Construction Company" with its domicile in the Parish of St. Tammany, and doing business in the Parish of Orleans, State of Louisiana. All other allegations of Paragraph III require no response by B & K, but, out of an abundance of caution, are denied.

18.

B & K admits that at all relevant times hereto it engaged in substantial business in the State of Louisiana and within this federal district. The remaining allegations of Paragraph IV concerning the business activities of other Defendants are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

19.

The allegations of Paragraph V concerning Plaintiffs alleged damages are denied to the extent they assert liability on behalf of B & K for those damages. The allegations of Paragraph V concerning the damages of proposed class members are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

20.

B & K admits that this Court has federal question jurisdiction under 28 U.S. C. § 1331 due to B & K's assertion in Paragraph 4 above of the "Government Contractor Defense", which defense provides for the immunity of B & K as an officer/agent of the federal government. Allegations in Paragraph VI asserting subject matter jurisdiction under diversity of citizenship are denied and additional allegations concerning the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) are also denied to the extent they assume Plaintiffs' entitlement to proceed with a class action.

21.

B & K admits that this Court has federal question jurisdiction under 28 U.S. C. § 1331 due to B & K's assertion in Paragraph 4 above of the "Government Contractor

Defense", which defense provides for the immunity of B & K as an officer/agent of the federal government. Allegations in Paragraph VII asserting subject matter jurisdiction under diversity of citizenship are denied and additional allegations concerning the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) are also denied to the extent they assume Plaintiffs' entitlement to proceed with a class action.

22.

The allegations of Paragraph VIII are denied. B & K asserts as stated in Paragraph I above that Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

23.

The allegations of Paragraph IX are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

24.

The allegations of Paragraph X are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

25.

B&K admits that on August 29, 2005, Hurricane Katrina made landfall near Grand Isle, Louisiana. The remaining allegations of Paragraph XI are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

26.

The allegations of Paragraph XII are admitted.

27.

The allegations of Paragraph XIII are denied.

28.

The allegations of Paragraph XIV are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

29.

The allegations of Paragraph XV are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

30.

The allegations of Paragraph XVI are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

31.

The allegations of Paragraph XVII are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

32.

The allegations of Paragraph XVIII are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

33.

The allegations of Paragraph XIX are denied due to lack of specific information which would enable B&K to admit or deny the allegations.

34.

The allegations of Paragraph XX are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

35.

The allegations of Paragraph XXI are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

36.

The allegations of Paragraph XXII are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

37.

The allegations of Paragraph XXIII are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

38.

The allegations of Paragraph XXIV are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

39.

The allegations of Paragraph XXV are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

40.

The allegations of Paragraph XXVI are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

41.

The allegations of Paragraph XXVII are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

42.

The allegations of Paragraph XXVIII are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

43.

The allegations of Paragraph XXIX are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

44.

The allegations of Paragraph XXX are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

45.

The allegations of Paragraph XXXI are denied to the extent they assert Plaintiffs' entitlement to proceed with a Class Action.

46.

The allegations of Paragraph XXXII are denied.

47.

The allegations of Paragraph XXXIII, subparagraph B-2, concerning B&K's alleged fault in constructing or designing the London Avenue Canal levee are denied. All remaining allegations of Paragraph XXXIII require no response by B&K, but, out of an abundance of caution, same are denied.

48.

The allegations of Paragraph XXXIV are denied.

49.

The allegations of Paragraph XXXV require no response by B&K, but, out of an abundance of caution, same are denied.

50.

The allegations of Paragraph XXXVI require no response by B&K, but, out of an abundance of caution, same are denied.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel in this matter via e-mail, on this 22nd day of May, 2006.

_____
Betty F. Mullin

N:\DATA\K\03409023\Consolidated Pleadings\Answer-Sanchez.wpd