## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT, ET AL.,   *  CIVIL ACTION
             *
VERSUS           *  NO. 05-4182
             *
BOH BROTHERS CONSTRUCTION CO., LLC, *  SECTION "K" (2)
ET AL.,           *  CONS. KATRINA CANAL
*  *  *  *  *  *  *  *

THIS DOCUMENT RELATES TO: ALL ACTIONS

<u>DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION TO THE O'DWYER
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF EVIDENCE (A) IN CONNECTION
WITH THE LONDON AVENUE CANAL SOUTH BREACH SITE AND (B) IN
CONNECTION WITH THE 17TH STREET CANAL BREACH SITE (DOCKET NO. 368)</u>

   The plaintiffs in Civil Action No. 05-4181 have filed a motion seeking to compel the

United States to produce materials "(A) in Connection With the London Avenue Canal South

Breach Site and (B) in Connection With the 17th Street Canal Breach Site." *See* Docket No. 368.

Plaintiffs also have filed a Motion for Expedited Hearing (Docket No. 366) and a Request for

Oral Argument (Docket No. 367) in connection with their motion to compel, but the Court has

denied these requests. *See* Docket Nos. 356 & 369 (denying motion for expedited hearing and

request for oral argument; decision will be made on the briefs).

   Plaintiffs' motion to compel also should be denied because it is moot. Pursuant to two

protocols which were recently agreed to by plaintiffs' liaison counsel, all of the relief requested

by the O'Dwyer Plaintiffs is being provided to the extent that the United States can reasonably do

so. The first protocol, which was hand delivered to the Court on May 16, 2006, by counsel for

Boh Brothers, involves the construction and repair work at the 17th Street Canal Breach Site (the

1

"17th Street Protocol").[1]  The second protocol was sent via facsimile to the Court by counsel for

the United States on May 22, 2006, and concerns the London Avenue North/Mirabeau Site (the

"Mirabeau Protocol").[2]

    Stating as follows, the O'Dwyer plaintiffs have moved the Court to compel the United

States to produce the following items and for the following relief:

1.    Any and all flow charts, critical path diagrams, or
      equivalent(s), which are in the possession of the U.S. Army
      Corps of Engineers or its Contractor(s) for work
      contemplated during the next three (3) months at the
      London Avenue Canal South breach site and the 17th Street
      Canal breach site[;]

2.    Any and all concrete monolith panels, some of which are
      currently buried and/or partially excavated, at the London
      Avenue Canal South breach site, and particularly the left
      and right edges of those concrete panels housing the
      concrete lips for the water stops, and the bottoms of the
      panels, where the concrete makes contact with the sheet
      piles;

3.    The polyvinyl chloride water stops which were installed
      between concrete monolith panels at the London Avenue
      Canal South breach site;

4.    The in-place steel sheet piles, most of which are currently
      buried by mud and rip-rap at the London Avenue Canal
      South breach site; and

5.    The steel sheet piles which are either buried or which have
      been removed from the 17th Street Canal breach site at the

_____

    [1]  Though all other plaintiffs' counsel have consented to the terms of the 17th Street
Protocol, Mr. O'Dwyer noted an objection to it.

    [2]  Mr. O'Dwyer, along with other counsel for plaintiffs and defendants, were given the
opportunity to review and make comments about the Mirabeau Protocol before it was submitted
to the Court.  The United States received no objections to the Mirabeau Protocol at any time from
Mr. O'Dwyer.

2

connection between still-standing sheet pile and distressed sheet pile, at both the North and South ends of the breach area. By way if illustration, upon information and belief, a steel sheet pile numbered 23-1 near the North end of the breach is "missing", as is its counterpart (or counterparts) at the South end of the breach.  Plaintiffs want the opportunity to observe and inspect the sheet edges, lips or interlocking mechanism where the steel sheet piles made contact with the adjacent steel sheet piles[; and]

6.    Access by plaintiffs' counsel and their experts to the breach sites at all times.

Docket No. 368 – Pls Mot. at 1-2.

Plaintiffs' first request for documents to show the construction work planned at the London Avenue South/Mirabeau and 17th Street sites is moot.  Both the 17th Street and Mirabeau protocols include reporting provisions, which require counsel for Boh Brothers (in the 17th Street Protocol) and counsel for the United States (in the Mirabeau Protocol) to provide other interested counsel with a daily informational update on the activities that took place at the sites on the previous day and the activities which the contractors propose to undertake at the sites within the next three to five days.  Thus, plaintiffs' counsel already are being given reasonable notice of upcoming construction activities at the sites that they might wish to view.  For the Court's information, an example of the daily updates being given for the 17th Street site is being attached at Exhibit 1.  An example of the daily updates being given for the Mirabeau site is being attached as Exhibit 2.

Plaintiffs' second request to view the concrete monolith panels, the left and right edges of those panels, and the bottoms of the panels where the concrete makes contact with the sheet piles; their third request to view the water stops; and their fourth request to view the in-place

3

sheet piles at the London Avenue Canal South/Mirabeau site are all moot.  The United States already has agreed to give plaintiffs reasonable access to the Mirabeau site according to the terms of the Mirabeau protocol.

Plaintiffs' fifth request to view the sheet piles at the 17th Street site can be broken down into two parts: (i) their request to view the still standing or in-place sheet piles; and (ii) what seems to be a request to view the sheet piles that have already been pulled (*i.e.*, that are no longer in-place).  Plaintiffs' request to view the still standing or in-place sheet piles at the 17th Street site is moot.   It already has been agreed that plaintiffs will be given reasonable access to the 17th Street site according to the terms of the 17th Street Protocol.  Plaintiffs' request to view the sheet piles that already have been pulled from the from the 17th Street site is not specifically addressed in the 17th Street Protocol, but the United States will agree to make a representative from the Army Corps of Engineers available to show plaintiffs the pulled sheet plies from this site that are still in existence so long as plaintiffs' counsel follows the terms of the 17th Street Protocol for giving notice of his visit and for gaining access to the site.

Finally, plaintiffs' sixth request that plaintiffs' counsel and their experts be given access to the breach sites at all times is moot under the terms of the 17th Street and Mirabeau Protocols as well.  Both protocols allow four representatives for plaintiffs to access the site on a daily basis as long as they give adequate notice and comply with the safety instructions in the Court's April 13, 2006 Order (Docket No. 74) and any additional safety instructions given at the site by the contractor or representative of the Army Corps of Engineers.  Allowing plaintiffs unlimited and unsupervised access to the sites, as plaintiffs seem to request, would be unreasonably burdensome and unsafe.

Throughout this litigation, the Court has made clear that it did not wish to allow the interests of the litigants in these cases to significantly interfere with the construction and rebuilding work on the levees and flood walls.  The protocols referenced herein were put into place at the Court's instruction and in an attempt to reasonably balance the interests of the litigants with the interests of the contractors and the United States in completing the construction work without significant additional costs or delay.  Because all of the O'Dwyer Plaintiffs' requests have been reasonably met, their motion to compel should be denied as moot.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

5

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

PAUL F. FIGLEY
Deputy Director, Torts Branch

s/ Robin D. Smith

_____
ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4916
(202) 616-5200 (fax)
Attorneys for the United States

Dated: May 23, 2006.

## <u>CERTIFICATE OF SERVICE</u>

I, Robin D. Smith, hereby certify that on May 23, 2006, I served a true copy of the foregoing pleading upon the following parties by ECF, electronic mail, facsimile, or first class mail:

William Aaron
waaron@goinsaaron.com

Neil Abramson
abramson@phelps.com

Jonathon Beauregard Andry
jandry@andrylawfirm.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

Judy Barrasso
jbarrasso@barrassousdin.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Robert Becnel
ROBBECNEL@aol.com

Kelly Cambre Bogart
kbogart@duplass.com

Terrence L. Brennan
tbrennan@dkslaw.com

Joseph Bruno
jbruno@brunobrunolaw.com

Thomas Darling
tdarling@grhg.net

Kevin Derham
kderham@duplass.com

Joseph Vincent DiRosa Jr.
jvdirosa@cityofno.com

Walter Dumas
wdumas@dumaslaw.com

Lawrence Duplass
lduplass@duplass.com

Calvin Fayard
calvinfayard@fayardlaw.com

Thomas Francis Gardner
gardner@bayoulaw.com

Thomas Gaudry
tgaudry@grhg.net

Joseph Guichet
jguichet@lawla.com

Jim S. Hall
jodi@jimshall.com

Robert Harvey
rgharvey@bellsouth.net

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

David Blayne Honeycutt
DBHoneycutt@aol.com

Ralph Hubbard
rhubbard@lawla.com

Darlene Marie Jacobs
dollyno@aol.com

Tamara Kluger Jacobson
tkjacobson@aol.com

Michael Courtney Keller
kellerm@ag.state.la.us

Stephen Kreller
sskreller@gmail.com

Hugh Lambert
hlambert@lambertandnelson.com

John M. Landis
jlandis@stonepigman.com

Mickey Landry
mlandry@landryswarr.com

Wade Langlois
wlanglois@grhg.net

Wayne J. Lee
wlee@stonepigman.com

F. Gerald Maples
federal@geraldmaples.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Gordon McKernan
gemckernan@mckernanlawfirm.com

Gerald A. Melchiode
jmelchiode@gjtbs.com

Gerald Edward Meunier
dmartin@gainsben.com

Penya Moses-Fields
pmfields@cityofno.com

James Bryan Mullaly
jamesmullaly1@hotmail.com

Betty Finley Mullin
bettym@spsr-law.com

J. Wayne Mumphrey
jwmumphrey@mumphreylaw.com

John Francis Nevares
jfnevares-law@microjuris.com

James L. Pate
jpate@ln-law.com

Ronnie Penton
rgp@rgplaw.com

Drew A. Ranier
dranier@rgelaw.com

Michael R.C. Riess
mriess@kingsmillriess.com

Camilo Kossy Salas
csalas@salaslaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

George Simno
gsimno@swbno.org

Randall A. Smith
rasmith3@bellsouth.net

Christopher Kent Tankersley
ctankersley@burglass.com

Sidney Torres
storres@torres-law.com

William Treeby
wtreeby@stonepigman.com

Richard John Tyler
rtyler@joneswalker.com

Gregory Varga
gvarga@rc.com

Jesse L. Wimberly
wimberly@nternet.com

Bob Wright
bobw@wrightroy.com

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Christopher W. Martin
martin4@mdjwlaw.com

Martin R. Sadler
sadler@mdjwlaw.com

David R. Simonton
dsimonton@sonnenschein.com

John Herr Musser
jmusser@bellsouth.net

Dennis Phayer
dphayer@burglass.com

Julia E. McEvoy
jmcevoy@JonesDay.com

George T. Manning
gtmanning@jonesday.com

Wystan M. Ackerman
wackerman@rc.com

Adrian Wagerzito
adrianwagerzito@jonesday.com

Andy Greene
agreene@sonnenschein.com

Jerry McKernan
jemckernan@mckernanlawfirm.com

Belhia Martin
belhiamartin@bellsouth.net

James Rather
jrather@mcsalaw.com

Seth Schmeeckle
sschmeeckle@lawla.com

Lawrence D. Wiedeman
FAX: 504-581-4336

Clayton Morris Connors
625 Baronne Street
New Orleans, LA 70113

Deborah Louise Wilson
317 Magazine Street
New Orleans, LA 70130

Joseph W. Hecker
619 Europe Street , 2nd Floor
Baton Rouge, LA 70806

Vernon Palmer Thomas
1524 N. Claiborne Ave.
New Orleans, LA 70116

William A. Percy, III
Louisiana Supreme Court Bldg.
400 Royal St.
Room 1112
New Orleans, LA 70130


s/ Robin D. Smith

_____

Robin D. Smith