UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLLEEN BERTHELOT, ET AL.,**  **CIVIL ACTION**

**VERSUS**  **NO. 05-4182**

**BOH BROTHERS CONSTRUCTION CO.,**  **SECTION "K"(2)**
**L.L.C., ET AL.**  **CONS. KATRINA CANAL**

**PERTAINS TO:**
C.A. No. 05-4182, (Doc. No. 54), C. A. 05-5237,
C.A. No. 05-6073, C.A. 05-6314, 05-6324, C.A. 05-6327,
C.A. No. 06-020,  C.A. No. 06-886.

## ORDER AND REASONS

Before the Court is Amended Motion for Consolidation and Transfer of Venue (Doc. 54) filed by Washington Group International Inc. ("WGI"). Having reviewed the pleadings, memoranda and the relevant law, the Court finds that as to the motion to consolidate, that request is rendered moot by virtue of the previously entered consolidation order. However, as to the request to transfer this matter to the United States Court for the Middle District of Louisiana ("the Middle District"), the Court finds the motion to be meritless.

**Background**

WGI has been named as a defendant in the above-noted eight separate suits arising out of the alleged failure of various levees and flood walls in the aftermath of Hurricane Katrina. This motion was filed on March 23, 2006, prior to the transfer to this Court of various other related cases that had been filed in the Middle District to this Court and the consolidation of all Katrina Canal breach cases. As a result, the consolidation portion of the motion is moot.

Nonetheless, WGI seeks transfer of these particular eight cases to the Middle District pursuant to 28 U.S.C. § 1404, which provides that a district court may "transfer any civil action to

any other district or division where it might have been brought" when doing so will serve the "convenience of the parties and witnesses, [and] in the interest of justice."  It argues that the circumstances and facts surrounding this case meet this test and thus should be transferred to the Middle District.

### Standard for Transfer

Obviously, this Court must perform a two-pronged analysis before granting a motion to transfer venue pursuant to § 1404.  The first inquiry is whether the district is one in which the action could have been originally brought.  The second is whether the transfer of venue will "serve the convenience of the parties and the interests of justice.'"  As noted by the Fifth Circuit in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004):

> We turn to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.,* 358 F.3d 337, 340 (5th Cir.2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.,* 796 F.2d 821, 827 (5th Cir.1986)).

*Id.*

The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

As stated by Judge Porteous in *Morgan v. Metropolitan Life Ins. Co.*, 2003 WL 1903344, *2  (E.D.La.2003) and reiterated by this Court  innumerable times:

> Unless these factors balance heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. See *Willis,* 1996 WL 337241, at *4 (citing *Schexnider v. McDermott Intern., Inc.,* 817 F.2d 1159, 1163 (5th Cir.1987), cert. denied, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987); *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989), *cert. denied,*493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989)). The plaintiff's choice of forum "is held to be 'highly esteemed,' and entitled to great weight, especially if the forum he chooses is in the district in which he resides." *Sorrels Steel Co., Inc.,* 651 F.Supp. 623, 628 (S.D.Miss.1986) (quoting *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966))."The plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be changed." *Id.* at 629 (citing *Time, Inc.,* 366 F.2d at 698). Therefore, the defendant moving for a change of venue pursuant to Section 1404(a) must show both that the original forum is inconvenient for itself and that the plaintiff would not be substantially inconvenienced by a transfer. See *Id.* (citing *Wright, Miller & Cooper, Federal Practice and Procedure* § 3849, at 408 (1986)).

### A.     COULD THE ACTION HAVE BEEN BROUGHT IN MIDDLE DISTRICT?

WGI contends that these cases could have been brought in the Middle District because venue is proper in any "judicial district where any defendant resides, if all defendants reside in the same State."  28 U.S.C. § 1391(c).  As WGI has a registered agent in the Middle District and all the corporate defendants would be deemed to reside in any district in which it is subject to personal jurisdiction, jurisdiction would be proper and all other defendants are Louisiana residents.

However, the United States argues that to the extent that it is named in any of these cases–*O'Dwyer and Tauzin–* this matter could not have been brought against it in the Middle District

3

under 28 U.S.C. § 1402(b) which is the provision that applies to the Untied States in tort cases which provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." WGI counters that these claims are going to be dismissed because of the failure to comply with the administrative remedies required under the Federal Torts Claim Act. Furthermore, it argues that it is not in the interest of justice to subject WGI and others to a biased jury pool, arguing that § 1402(b) must give way to prevent a deprivation of due process under the Constitution.

At this point in the litigation, indeed, the United States has been dismissed from the *Tauzin* matter; nonetheless, it is anticipated that in the near future, the procedural bar against filing a claim against the United States will run. Moreover, it has with respect to those plaintiffs in the *Robinson* –MRGO cases which have also been consolidated in this matter. In addition, the suit against the United States in *O'Dwyer*, C. A. No. 05-4181 has not yet been dismissed. Thus, it is questionable as to whether some of the subject case could have been filed in the Middle District.

Pretermitting this issue, the Court does not find WGI's argument that this provision must be "balanced" against the right to an "unbiased" trial to have merit. There is insufficient evidence presented by defendants at this point in the litigation to find that the jury pool of the Eastern District of Louisiana is so biased that it requires the transfer of this matter. This case is in the nascent stages of discovery; to move for the transfer of this matter at this time is at a minimum premature.

Furthermore, WGI fails to recognize that the Eastern District of Louisiana is comprised of the parishes of Assumption, Jefferson, Lafourche, Orleans, Plaquemine, Saint Bernard, Saint Charles, Saint James, Saint John the Baptist, Saint Tammany, Tangipahoa, Terrebonne and

Washington. The instant litigation concerns breaches of levees in Orleans Parish, Plaquemine and Saint Bernard. The jury pool will not consist of only members from the parishes directly affected. Furthermore, voir dire is the key to determining whether a fair and impartial jury may be achieved in a particular place. To make that call prior to attempting to seat a jury is premature. *United States V. McDonald*, 740 F. Supp. 757, 761 (D. Alaska 1990).

**B.  WOULD THE TRANSFER SERVE THE CONVENIENCE OF THE PARTIES AND THE INTEREST OF JUSTICE**

Even if these matters could have been brought in the Middle District, the Court finds unequivocally that the private and public factors do not favor transfer. As concerns the aforementioned private factors, obviously, the sources of proof are here in the Eastern District of Louisiana as demonstrated by the on-going attempts to reach protocols for the preservation of evidence concerning the levee/floodwall breaches. All of the physical structures, the levees and flood walls are located in the Eastern District. Plaintiffs' damaged properties are located within the Eastern District. And it is likely that a majority of the document evidence is in the Eastern District.

Most or all of plaintiffs are residents of the Eastern District of Louisiana. WGI argues that these plaintiffs have been displaced and do not reside here. For this "proof" WGI presents various newspaper articles dating from September and November of 2005. While indeed the population of this city is reduced, to claim that it would be easier or more just to require a former or present evacuee who seeks redress for the alleged wrongs to travel to Baton Rouge for trial is unconscionable. Furthermore, contrary to WGI's speculation based on two published articles dating

from January of 2006, this courts of the Eastern District have conducted numerous jury trials post-Katrina and have had no difficulty seating fair, diverse and impartial juries.

Likewise many of the defendants are Orleans Parish residents, such as the Orleans Levee District, the City of New Orleans, and the Sewerage and Water Board of New Orleans. Certainly at a time when this city is attempting to rebuild and restore services, the inconvenience of requiring any of their employees to travel to Baton Rouge for what may be a very extended trial or trials is nonsensical. WGI's motion is simply without basis in fact or logic. It would add unnecessary cost and time to the prosecution of this case. The practical problems that make trial of a case easy, expeditious and inexpensive all point to the denial of the request to transfer.

As concerns the public factors, the Middle District of Louisiana has three district judges; the Eastern District of Louisiana has five times that number (including Senior judges). The congestion caused by transferring this matter to the Middle District would unquestionably cause the delay in the prosecution of this case. Likewise, the local interest in having localized interests decided at home would balance toward denying the transfer. A Court which is familiar with the geography and hydrology of this area would speed the prosecution of this case. Furthermore, the carving out of eight cases from the rest of these consolidated matters particularly for discovery purposes will create unneeded redundancy of effort by both the Eastern District and the Middle District. The latter two inquiries--the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws of the application of foreign law are neutral. Finally as to the issues that pivot on the same "facts" that were argued in WGI's recusal motions, the Court refers and incorporates its findings in that regard herein.

As noted, a plaintiff's choice of forum deserves great deference. WGI has made it clear that it does not want to prosecute this matter in the Eastern District of Louisiana. Indeed, it is the sole defendant out of approximately 28 to so move; no other defendant has moved or joined in this motion. WGI has moved to recuse the entire Eastern District of Louisiana bench as well as the undersigned judge individually. The Court denied those motions, and the Court will deny this one as well. Accordingly,

**IT IS ORDERED** that Amended Motion for Consolidation and Transfer of Venue (Doc. 54) filed by Washington Group International Inc. ("WGI") is **DENIED**.

New Orleans, Louisiana, this   24th  day of May, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**