FILED
2006 MAY -3 A 10:51
CIVIL DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO. 2006-3199                                                     SECTION 15-B

**HERBERT W. CHRISTENBERRY, MARIA KAY CHETTA
& KEITH NEIDLINGER**

versus

**BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT, ET AL**

FILED:_____, 2006      _____
                                                     DEPUTY CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### AFFIRMATIVE DEFENSES AND ANSWER OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS TO THE PETITON FOR DAMAGES: CLASS ACTION

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans, in response to the Petition for Damages: Class Action, filed by the Plaintiffs, answering and setting forth their Affirmative Defenses as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs (and as representative of the classes described in the Petition) have brought their Petition in an improper venue, as any proceedings in Civil District Court will violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage and Water Board of New Orleans, and further fail to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from defendant, the Sewerage and Water Board of New Orleans.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by the Louisiana Code of Civil Procedure.



VERIFIED
CELESTE HICKMAN
EXHIBIT D

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to Plaintiffs that encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

### FIFTH AFFIRMATIVE DEFENSE

The defendant, the Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by Plaintiffs were directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Petition, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs (and members of the putative class) harm.

### NINTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should the Plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans qualifies for and invokes the prohibition provided for by Louisiana Revised Statutes, Title 13, Section 5105(A), prohibiting a jury trial against a political subdivision of the state, and avers that the Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana.

### ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under the laws of the State of Louisiana.

### TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and/or such other acts or omissions that may be proven at the time of trial.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina, during the month of August 2005.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the Plaintiffs (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

### NINETEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

### TWENTIETH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that the Plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the

defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the defendant, Sewerage and Water Board of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

### ANSWER

AND NOW, answering separately the allegations of the Petition, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1.

There is no paragraph number 1 set forth in the Petition for Damages: Class Action.

2.

The allegations of Paragraph 2 require no answer.

3.

a. No answer required.

b. The defendant, Sewerage & Water Board of New Orleans admits their status but denies the remaining allegations of this paragraph.

c. No answer required.

d. No answer required.

e. No answer required.

f. No answer required.

  g. No answer required.

  h. No answer required.

  i. No answer required.

  j. No answer required.

  k. No answer required.

  l. No answer required.

  m. No answer required.

  n. No answer required.

  o. No answer required.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a reasonable belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a reasonable belief therein.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a reasonable belief therein.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a reasonable belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a reasonable belief therein.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a reasonable belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a reasonable belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a reasonable belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a reasonable belief therein.

13

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a reasonable belief therein.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a reasonable belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a reasonable belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a reasonable belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a reasonable belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a reasonable belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a reasonable belief therein.

20.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a reasonable belief therein.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a reasonable belief therein.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a reasonable belief therein.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a reasonable belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a reasonable belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a reasonable belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a reasonable belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a reasonable belief therein.

8

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a reasonable belief therein.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a reasonable belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a reasonable belief therein.

31.

The defendant denies the allegations set forth in Paragraph 31 because the allegations are without sufficient information to justify a reasonable belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a reasonable belief therein.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a reasonable belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a reasonable belief therein.

35.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a reasonable belief therein.

**WHEREFORE**, the defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the Plaintiffs, HERBERT W. CHRISTENBERRY, MARIA KAY CHETTA & KEITH NEIDLINGER on behalf of themselves and all others named and/or similarly situated, dismissing all of the claims of the Plaintiffs (and members of the putative class) with prejudice, and at Plaintiffs' (and members of the putative class') cost.

The defendant also aver that the plaintiffs are not entitled to a trial by jury as to the defendant, the Sewerage & Water Board of New Orleans, pursuant to the provisions of Louisiana Revised Statutes, Title 13, Section 5105(A), prohibiting a jury trial against a political subdivision of the state, and avers that the Sewerage and Water Board of New Orleans is a political subdivision of the State of Louisiana. The defendant also prays for all general and equitable relief as is allowed by law.

Respectfully submitted,

/s/ George R. Simno III

GEORGE R. SIMNO III. T.A. (#12271)
GERARD M. VICTOR (#9815)
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT
SEWERAGE AND WATER BOARD OF NEW ORLEANS**

FILED

2006 MAY -3  A 10: 51

CIVIL
DISTRICT COURT

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading: <u>Answer & Affirmative Defenses to the Petition filed by the Defendant, Sewerage and Water Board of New Orleans</u>, has been mailed & electronically transmitted to all counsel of record in this proceeding, by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 27th day of April, 2006 & by email on this same date.

_____
GEORGE R. SIMNO III

n:\lit\def\christenberry, herbert w. (hurricane katrina)\ple\060426answer.doc