**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**STATE OF LOUISIANA**

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL.,** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 05-4182** |
| | * | |
| **BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL.** | * | **SECTION "K"(2)** |
| | * | **CONS. KATRINA CANAL** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| **06-2545** | * | |

*********************************************************

**RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWER
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.**

Now into Court, through undersigned counsel, comes Eustis Engineering Company, Inc. ("Eustis") for the purpose of answering the plaintiffs' "Class Action Petition" which named Eustis as a party.

### RULE 12(B)(6) DEFENSES

### First Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a claim against Eustis upon which relief can be granted.

*ans_727409_Marcello_053006_eedrbw#1F.wpd*

### Second Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a timely claim against Eustis upon which relief can be granted.

### Third Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a viable claim against Eustis. Any claim against Eustis is preempted as a matter of law. The averred cause of the damage expired before the plaintiffs filed the Petition.

### Fourth Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis did not design the levees and floodwalls.

### Fifth Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Sixth Rule 12(b)(6) Defense

In the Petition, the plaintiffs fail to state a basis for a claim for recovery of damages, litigation costs, or legal interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

### Third Affirmative Defense

Eustis did not engage in any activity which Eustis could be liable under a theory of negligence.

### Fourth Affirmative Defense

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

### Fifth Affirmative Defense

Any damages were neither caused nor contributed to by any act or omission by Eustis.

**Sixth Affirmative Defense**

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

**Seventh Affirmative Defense**

Eustis was engaged by the United States Army Corps of Engineers from time to time to provide engineering services. Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

**Eighth Affirmative Defense**

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility. On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation and was a superceding cause of the failure of the levees.

**Ninth Affirmative Defense**

The design criteria for the levees were exceeded during Hurricane Katrina.

### Tenth Affirmative Defense

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

### Eleventh Affirmative Defense

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

### ANSWER

And now, in answer to the averments contained in the Petition filed by the plaintiffs, Eustis states:

1.

Eustis denies the averments contained in Paragraph 1 except to admit that on August 27, 2005 Hurricane Katrina was in the Gulf of Mexico.

2.

Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Petition.

3.

Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Petition, except to admit that on August 29, 2005, Hurricane Katrina made landfall.

4.

Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Petition.

5.

Eustis denies all the averments contained in Paragraph 5 of the Petition.

6.

Eustis denies all the averments contained in Paragraph 6 of the Petition.

7.

No answer is required of Eustis to Paragraph 7 of the Petition, however, Eustis admits that plaintiffs filed a civil action.

8.

No answer is required of Eustis to Paragraph 8 of the Petition.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 8.  Eustis denies that class action is appropriate.

9.

No answer is required of Eustis to Paragraph 9(A-E) and (G-I) of the Petition.  With respect to the allegations contained in Paragraph 9(F) of the Petition, Eustis admits that it is a Louisiana corporation authorized to conduct business in Orleans Parish.

10.

 Eustis denies that class action is appropriate.  Eustis denies the remainder of the allegations contained in Paragraph 10 of the Petition because Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 10.

11.

Eustis denies that class action is appropriate.  Eustis denies the remainder of the allegations contained in Paragraph 11 of the Petition because Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 11.

12.

Eustis objects to the allegations contained in Paragraph 12(E) (4) & (5) of the Petition as these allegations are vague and over-broad. With respect to the averments made against Eustis, Eustis denies the averments contained in Paragraph 12 of the Petition. Eustis denies the remainder of the averments contained in Paragraph 12 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 12.

13.

No answer is required of Eustis to Paragraph 13 of the Petition. Out of an abundance of caution, Eustis denies the allegations in Paragraph 13, because Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 13.

14.

No answer is required of Eustis to Paragraph 14(A-E) of the Petition. However, Eustis denies that class action is appropriate.

15.

No answer is required of Eustis to Paragraph 15 of the Petition.

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Petition filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

        Respectfully Submitted,

        GARDNER & KEWLEY
        A Professional Law Corporation

        s/  Erin E. Dearie
        THOMAS F. GARDNER, T.A. (#1373)
        ERIN E. DEARIE (#29052)
        1615 Metairie Road, Suite 200
        Metairie, Louisiana  70005
        Telephone:   (504) 832-7222
        Facsimile:     (504) 832-7223

        **ATTORNEYS FOR:**
        **EUSTIS ENGINEERING COMPANY, INC.,**
        **DEFENDANT**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 30th day of May, 2006 served a copy of the Answer on counsel for all parties to this proceeding, by e-mail or United States Mail, postage prepaid.

        s/ Erin E. Dearie
THOMAS F. GARDNER, T.A. (#1373)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana  70005
Telephone:   (504) 832-7222
Facsimile:    (504) 832-7223
E-Mail:         gardner@bayoulaw.com
                dearie@bayoulaw.com

**ATTORNEYS FOR:
EUSTIS ENGINEERING COMPANY, INC., DEFENDANT**