FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 24  PM 12: 27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| COLLEEN BERTHELOT, <u>et al.</u> | * | CASE NO. |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., <u>et al.</u> | * | SECTION " K " |
| | * | MAG. NO. "2" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S EX PARTE MOTION TO VACATE HEARING

**MAY IT PLEASE THE COURT:**

"The levee systems right now won't contain a Category 2 system. If we had KATRINA again, we wouldn't flood to the same extent. But as the ASCE (American Society of Civil Engineers) pointed out, every single I-wall is suspect . . . I've already had some State officials on my back for saying that, and I can understand that they want everybody to come back . . . but I really dread this season, and that's part of the reason I'm disappearing for two and a half weeks." LSU scientist, Professor Ivor Van Heerden. A Member of Team Louisiana investigating the causes of the levee failures for the Louisiana Department of Transportation and Development, quoted in The Times Picayune on Tuesday, May 23, 2006.

Yesterday, undersigned counsel for plaintiffs received approximately 24-hours oral notice that he was to file a written Memorandum in Opposition to an Ex Parte Motion apparently by the Government to Vacate a hearing concerning discovery, which apparently was filed by the Government in violation of the Local Rules. The undersigned

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

also was ordered to address the production of evidence in connection with the 17th Street Canal breach site, which already has been extensively briefed, and also was ordered to address the production of evidence in connection with the London Avenue Canal South breach site.  However, he later received a telephone call from the court's Staff advising that the London Avenue Canal South breach site was not before the Court.

Plaintiffs in Civil Action No. 05-4181 continue to accuse the Government of a massive cover-up, of a massive spoliation of evidence, and of outright deception of the Court and counsel with respect to evidentiary issues.  What the Government is doing is evident from the Government's recent "Ex Parte Motion to Clarify Order Requiring Evidence Preservation" (Record Document No. 370), which unmasked the fact that the United States Army Corps of Engineers erroneously interpreted a post-KATRINA Presidential Directives to preserve "records" as having given it a "license to destroy tangible evidence, objects and things."  Obviously, the Government now wishes to have the Court's prior Order concerning evidence preservation/destruction procedures (Record Document No. 286) modified, because the Government knows that it is already in contempt of the Court's Order.  More particularly, the Government already is in contempt of the Court's Order of May 4, 2006, because the following evidence already has been destroyed at the following sites before the undersigned and his experts have been given an opportunity to see it:

    1.    The concrete monolith panels at the North and South ends of the breach at the 17th Street Canal site, save one which could be only partially observed on May 3, 2006, have been destroyed and the evidence obliterated.

2.      The connecting innerlock mechanism and failed sheet piles at the North and South ends of the 17th Street Canal breach site are "missing" and their whereabouts have not been identified to plaintiffs, notwithstanding repeated requests to the Government.

3.      The earthen mounds which formerly were visible at the 17th Street Canal site have been obliterated.

4.      The concrete monolith panels at the London Avenue North breach site were totally destroyed some time between Good Friday and Monday, August 24, 2006, before the undersigned and his experts had the opportunity to inspect them.

Additionally, notwithstanding an awful lot of admittedly "whooping and hollering", plaintiffs have been denied the opportunity to see all but one connection between the steel sheet piles and a concrete monolith panel, that one opportunity being visible in the attached photograph marked for identification as Exhibit No. 1, which was partially excavated at the 17th Street Canal site on May 3, 2006. As the Court can see, the concrete connection between the steel sheet piles and the concrete panel is broken, just as postulated by Plaintiffs' expert, Mr. Pazos. The only two places where evidence of these connections remained is at the 17th Street Canal breach site and at the London Avenue Canal South breach site. It is patently obvious that the Government is doing all within its power to keep plaintiffs and their experts from seeing more of this vital evidence before it is destroyed under the guise of "preservation of evidence."

In accordance with prior orders of Court, the undersigned has attempted to cooperate with counsel for the Government, counsel for the Corps of Engineers' and

counsel for the Corps' contractors to attempt to reach mutually agreeable protocols for inspecting and preserving evidence at the remaining breach sites.   However, as the following exchange of correspondence amply demonstrates, agreeing to a protocol, and disagreeing "on-the-record" with parts of the protocol that will destroy, rather than preserve evidence does not give the parties, potential parties or their attorneys a "license" to destroy evidence.   When a "protocol for preserving evidence" will really result in the destruction of evidence the undersigned has said so and supported his allegations with affidavits from his experts so that the Court will have a clear picture of who has represented what, the Court will find attached the following:

1.      Correspondence to counsel for the Government by the undersigned dated May 5, 2006;

2.      Correspondence to counsel for the Government by the undersigned dated May 10, 2006;

3.      MAY 16, 2006 PROPOSED PROTOCOL FROMKNIGSMILL RIESS LLC;

4.      May 16, 2006 correspondence from the undersigned to Kingsmill Riess, objecting to portions of the proposed protocol, with reasons;

5.      May 16, 2006 Notice of plaintiffs' objections to portions of the proposed protocol;

6.      May 17, 2006 Bartlett comments to proposed protocol;

7.      May 18, 2006 E-mail to Mr. Reiss from the undersigned, objecting to the proposed protocol;  and

    8.      May 18, 2006 Affidavit of Hector V. Pazos objecting to the proposed protocol, with reasons.

The bottom line is that Boh Brothers has agreed to make the edges or joints between concrete monolith panels available for inspection before destruction.[1] However, what Boh Brothers has proposed in Part 2 of their protocol is to destroy the connections between the steel sheet piles and the concrete monolith panels under the guise of preserving evidence. A ditch or trench, is going to have to be excavated, or dug out, in order to get to the tops of the sheet piles with the vibrator in order to remove the sheet piles from the ground. Accordingly, why is it necessary to destroy the concrete monolith panels before digging that trench or ditch, and deny plaintiffs the opportunity to see the connections between the sheet piles and the panels, if the trench is going to have to be excavated to that depth in order to remove the sheet piles anyway? This is not rocket science. Boh Bros. is not building the Aswan Dam. All that needs to be done is for Boh Bros. to dig a proper ditch. Counsel for Boh Brothers has obfuscated the issue with "hysterical ranting" and has turned a very simple project into a major production.

The undersigned intends to be at the site with at least one of his experts and a videographer, and if evidence is destroyed prior to the opportunity for the undersigned and his expert to observe it, and to document it on video, then proper objections will be made, as they already have been at other locations, and a claim of spoliation of evidence will be asserted against the destroying party. Plaintiffs do not see what the Court can accomplish before the parties actually return to the site other than to tell the Government,

---

[1] Although "the proof of the pudding will be in the eating"; we don't know what we will see once we get back to the 17th Street Canal site, which is expected to "happen" sometime later this week.

the Corps and its contractors:  "Don't destroy anymore evidence before giving the litigants and their experts the opportunity to see it".

With respect to their motion to vacate, the Government has lost site of the fact that the judicial branch of Government is separate and distinct from the executive branch. It is indeed, unfortunate, that President Bush and his Advisors failed to grasp the importance of tangible evidence, and objects and things, and that their evidence preservation order was limited to records.  Tangible evidence, and objects and things, is important in this case, as in virtually any case.  The Government knows that, which is why the Government is going to such lengths to hide the tangible evidence from plaintiffs and their experts.  The Government already is in contempt of the Court's prior discovery order which specifically provided that:

> "All tangible items . . . and other materials of any kind . . . which have been or will be collected . . . must be retained in a safe and orderly manner indefinitely and cannot be destroyed or disposed of in any way without further order of the Court".

The Court is respectfully requested not to reward the Government for its evidence destruction, spoliation and contempt of this Court's Order by modifying the Order to give them a "pass" for what already has been done and for what they plan to do in the future.

Plaintiffs respectfully submit that the Government's Motion to Vacate should be denied, and that Plaintiffs' Motion to Compel Production of Evidence should be granted or held in abeyance until we can see what we can see, or can't see, at 17th Street later this week.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
    **Ashton R. O'Dwyer, Jr.
In Proper Person
Bar No. 10166
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560**


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 24th day of May 2006.