

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 26 PM 4: 46

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | * | CASE NO. |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., et al. | * | SECTION " K " |
| | * | MAG. NO. "2" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S EX PARTE MOTION TO CLARIFY ORDER REQUIRING PRESERVATION OF EVIDENCE

**MAY IT PLEASE THE COURT:**

Plaintiffs in Civil Action No. 05-4181 oppose the Ex Parte effort by the Government to seek "clarification" of the Court's May 4, 2006 Order regarding discovery and preservation of evidence in this case. Plaintiffs respectfully submit that the Government's Ex Parte Motion to Clarify is really an attempt to obtain for the U.S. Army Corps of Engineers and the Interagency Performance Evaluation Task Force a "pass" for the tangible evidence which they so recklessly destroyed in the past, continue to destroy, and hope to destroy in the future, in order to deny the other parties litigant, and their experts, access.

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No___

-1-

Most of the issues raised in the Government's recent filing have been previously briefed in other filings, with exhibits. More particularly, the main thrust of Plaintiffs' opposition to the Government's improper *Ex Parte* Motion is to be found in Plaintiffs' Objections to the Government's Ex Parte Motion to Clarify (Record Document No. 389), which was filed on Thursday, May 18, 2006, and in Plaintiffs' Memorandum in Opposition to the Government's Ex Parte Motion to Vacate Hearing for Production of Evidence at the 17th Street Canal site (Record Document No. ____), which was filed on Wednesday, May 24, 2006. In the latter pleading, plaintiffs argued as follows:

> Plaintiffs in Civil Action No. 05-4181 continue to accuse the Government of a massive cover-up, of a massive spoliation of evidence, and of outright deception of the Court and counsel with respect to evidentiary issues. What the Government is doing is evident from the Government's recent "Ex Parte Motion to Clarify Order Requiring Evidence Preservation" (Record Document No. 370), which unmasked the fact that the United States Army Corps of Engineers erroneously interpreted a post-KATRINA Presidential Directives to preserve "records" as having given it a "license to destroy tangible evidence, objects and things." Obviously, the Government now wishes to have the Court's prior Order concerning evidence preservation/destruction procedures (Record Document No. 286) modified, because the Government knows that it is already in contempt of the Court's Order. (emphasis supplied).

Plaintiffs' Memorandum, supra, then goes on to describe in detail some of the evidence that already has been destroyed (Item Nos. 1-4), although through inadvertence,

Plaintiffs also left out the fact that the Government has already destroyed a large number of concrete monolith panels at the London Avenue Canal South breach site.[1]

Additionally, notwithstanding the fact that undersigned counsel has been "whooping and hollering" about discovery issues for `months, Plaintiffs have been given the opportunity to see only one (1) connection between the steel sheet piles and concrete monolith panels since suit was filed on September 19, 2005. That one opportunity was at 17th Street on May 3, 2006. The connection is visible in the attached photograph marked for identification as Exhibit No. 1. As the Court can plainly see, the connection between the steel sheet piles and the concrete panel is broken, just as Mr. Pazos has postulated. The only two places where this vital evidence remains is at the 17th Street Canal site and at the London Avenue Canal South breach site, but the connections are buried under mud and rip-rap, and cannot be seen without excavation. It should be patently obvious to the Court that the Government is doing all within its power to keep Plaintiffs and their experts from seeing this vital evidence before it is destroyed under the guise of "preservation of evidence".

Plaintiffs will make but three (3) more points to the Court, the first of which involves comparing the Court's original evidence preservation order with what is now being proposed as a substitute by the Government.

Original Preservation Order:

> 1. <u>All</u> tangible items . . . and other materials of any kind . . . which have been or will be (a) collected, retained or stored by IPET, the United States or any of its agencies or contractors

---

[1] Not to mention the MRGO and Industrial Canal East and West, which have not yet gotten much attention.

pursuant to the various protocols submitted to the court in connection with these proceedings, and (b) generated in the anticipation and planning of all repair, materials collection activities and investigations concerning the subject matter of this litigation must be retained in a safe and orderly manner indefinitely and cannot be destroyed or disposed of in any way without further order of the court."

Substitute proposal by the Government:

The United States shall retain in a safe and orderly manner indefinitely all things that have been or will be collected from the breach sites <u>at the request of the Inneragency Performance Evaluation Task Force</u>, and (2) all <u>documents</u> of any kind <u>that have or will be generated</u> in anticipation in planning of the recovery materials from these sites <u>for the IPET.</u>

Neither this order nor the previous order obligates the United States to collect or retain anything else, and any party that desires the preservation of anything else at these breach sites must follow the procedures set forth in the previous order, Record Document 286, to ensure the preservation of additional things at the breach site. (emphasis supplied).

Thus, the IPET, which is a "creature" of the Corps of Engineers[2], knows that it has previously ordered the destruction of evidence, and that it has been and continues to be contemptuous of this Court's Order of May 4, 2006, now comes to Court with

---

[2] Make no mistake: IPET <u>IS</u> the U.S. Army Corps of Engineers.

"unclean hands", seeking a "pass". It is sincerely hoped that the Court will see through this charade.

The second point is that the Rules of Professional Conduct, and more particularly Rule 3.4, dealing with "Fairness to Opposing Party and Counsel", provides as follows:

> A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value.

Are all of us sure that the lawyers for the Government, including in-house for the U.S. Army Corps of Engineers, are in compliance with Rule 3.4?

Plaintiffs reiterate that since August 29, 2005, plaintiffs have been able to observe only one connection between one concrete monolith panel and steel sheet piles, that being at 17th Street on May 3, 2006, at which time it was discovered that the connection was broken, just as Mr. Pazos postulated. Upon plaintiffs' counsel's return to the 17th Street Canal breach site sometime later, that monolith panel had been destroyed, and what concrete may have remained was no longer at the site and no longer available for inspection. The only places that these connections remain for inspection are at 17th Street and London Avenue South. Plaintiffs respectfully request that the Court not allow the Corps of Engineers and their contractors to let this evidence be destroyed before plaintiffs and their experts have the opportunity to see it and to inspect and photograph it.

Lastly, undersigned counsel admits to the use of some very strident language towards another party litigant, and its agency and instrumentality. So that the Court will know that undersigned counsel is not out "in left field" in this regard, and that others are and have been saying the very same things about the Corps of Engineers and the IPET for months, Your Honor will find attached, and marked for identification as Exhibit No. 2,

Chapter 10 of a very recent publication by Ivor Van Heerden, a Member of Team Louisiana, working through the LSU Hurricane Center for the Louisiana Department of Development, entitled: "The Storm". Read about the Levee Investigators' dealings with the Corps of Engineers since Hurricane KATRINA, Your Honor. Read, and be ashamed of and disgusted with your own Government.

          Respectfully submitted,

**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**Counsel for Plaintiffs**

By: _/s/ Ashton R. O'Dwyer, Jr._
    Ashton R. O'Dwyer, Jr.
    **In Proper Person**
    **Bar No. 10166**
    **One Canal Place**
    **365 Canal Street**
    **Suite 2670**
    **New Orleans, LA 70130**
    **Telephone: (504) 561-6561**
    **Facsimile: (504) 561-6560**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 26th day of May 2006.

_/s/ Ashton R. O'Dwyer, Jr._