UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | § | CIVIL ACTION NO.: 05-4182 |
| | § | |
| VERSUS | § | SECTION "K" |
| | § | |
| BOH BROS. CONSTRUCTION CO., L.L.C., | § | |
| ET AL. | § | MAGISTRATE (2) |
| | § | CONS. KATRINA CANAL |
| | § | |
| THIS DOCUMENT RELATES TO: | § | |
| | § | |
| LEVEE CASES | § | |
| *LeBlanc et al v. Boh Bros, et al*: 05-6327 | § | |
| *Vodanovich et al v. Boh Bros, et al*: 05-5237 | § | |
| | § | |

## MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S EX-PARTE MOTION TO CLARIFY ORDER REQUIRING PRESERVATION OF EVIDENCE

MAY IT PLEASE THE COURT:

The United States has filed an *ex-parte* motion seeking "clarification" of the court's order regarding the preservation of evidence. Plaintiffs believe the "clarification" that the government seeks amounts to a substantive change in the order and therefore the motion seeking that change was improperly brought *ex-parte*. Plaintiffs respectfully submit this memorandum in opposition to the "clarification" sought by the government.

On May 4, 2006 after an evidentiary hearing regarding the preservation of evidence, the Court entered an Order which clearly orders the preservation of all materials of any kind. The evidence preservation order requires the preservation of:

> All tangible items. . . and other materials of any kind. . . which have been or will be (a) collected, retained, or stored by IPET, the United States, or any of its agencies or contractors pursuant to the various protocols submitted to the court in connection with these proceedings, and (b) generated in the anticipation and planning of all repair, material collection activities, and investigations concerning the subject matter of this litigation must be retained in a safe and orderly manner indefinitely and cannot be destroyed or disposed of in any way without further order of the court.

This order is clear in stating that ***all tangible items and other materials of any kind*** are to be preserved. The government now seeks what it calls a "clarification" of this plainly clear order. What the government really seeks is not a clarification, but rather, a modification to the order which would require preservation only of the tangible items and materials of any kind that have been or will be collected ***at the request of IPET***. In other words, under the government's proposed change to the order, IPET, a creation of the government can decide what evidence will or will not be preserved by simply deciding what it will or will not request. Such a modification circumvents the intent of the preservation order and places evidence preservation decisions in the hands of the government.

## CONCLUSION

The intent of the May 4, 2006 evidence preservation order is to preserve all tangible materials and items of any kind so that all parties and their experts so desiring may have access to them. The government seeks what it calls a clarification, but what really amounts to a change in the substance of the order. The change sought by the government will dispense with the requirement of the preservation of all tangible materials and items, and instead require the

preservation of only those tangible materials and items that the government's creation—IPET—requests. Such a change would defeat the purpose of the preservation order and would place evidence preservation decisions in the hands of the defendant. It is respectfully suggested that the order needs no clarification and should certainly not be materially changed as the government requests. The motion of the United States should be denied.

Respectfully submitted,

_____
JOSEPH M. BRUNO (La Bar. No. 3604)
DAVID S. SCALIA (La Bar. No. 21369)
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113
Telephone (504) 525-1335
Facsimile (504) 561-6775
Counsel for plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __31st__ day of __May__, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by United States mail, properly addressed and with first class postage prepaid, or by hand delivery or by fax, e-mail or other electronic means.

_____
David S. Scalia