UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | ) | CIVIL ACTION |
| | ) | |
| **Plaintiffs** | ) | NO. 05-4182 |
| | ) | |
| VS. | ) | SECTION "K" (2) |
| | ) | CONS. KATRINA CANAL |
| BOH BROTHERS CONSTRUCTION CO., | ) | |
| L.L.C., et al. | ) | |
| | ) | |
| **Defendants** | ) | |

THIS DOCUMENT RELATES TO:
LEVEE AND MRGO GROUPS

| 05-4181 | 05-6314 | 06-0020 | 06-2346 |
|---|---|---|---|
| 05-4182 | 05-6324 | 06-0886 | 06-2545 |
| 05-5237 | 05-6327 | 06-2278 | |
| 05-6073 | 05-6359 | 06-2287 | |

**MEMORANDUM IN SUPPORT OF
RULE 12(b)(6) JOINT MOTION AND
RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT
ON THE AFFIRMATIVE DEFENSE OF PEREMPTION TO
DISMISS THE LEVEE AND MRGO GROUPS OF
PLAINTIFFS' COMPLAINTS
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.,
BURK - KLEINPETER, INC. AND MODJESKI AND MASTERS, INC.**

*Memo in Support_727409_Cons_053106_tfgasa#1F.wpd*

# 1. **TABLE OF CONTENTS**

**PAGE**

1.   TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

2.   TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

3.   A CONCISE INTRODUCTION AND STATEMENT OF THE FACTS . . . . . . . . . 2

    I.    THE "NO SERVICES RENDERED" FACTS IN SUPPORT
        OF THE ENGINEERS' RULE 12(b)(6) MOTION TO DISMISS . . . . . . . . 2

    II.   THE ENGINEERS' RULE 56 PEREMPTION MOTION FOR
        SUMMARY JUDGMENT ON ALL CLAIMS FOR
        "SERVICES-COMPLETED" OR ON WORK ACCEPTED AND
        RECORDED OR OCCUPIED BEFORE SEPTEMBER 18, 2000 . . . . . . 2

          A.    The Complaints Lack the Dates When the Engineers
               Completed Services . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          B.    The Complaints Lack the Dates When the Work was
               Accepted Under a Recorded Instrument or Occupied  . . . . . . . . 4

4.   THE RULE 12(b)(6) AND THE SUMMARY JUDGMENT
    PEREMPTION AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE "NO SERVICES RENDERED" FACTS COMPEL
        DISMISSAL UNDER RULE 12(b)(6), OR, IN THE ALTERNATIVE,
        UNDER RULE 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.   THE ENGINEERS' PROOF OF "SERVICES-COMPLETED"
        AND RECORDED WORK ACCEPTED OR OCCUPIED BY
        SEPTEMBER 18, 2000, SHIFTS THE BURDEN OF
        CONTROVERTING HISTORICAL DATES TO THE PLAINTIFFS . . . . . 6

          A.    The Engineers' Proof of "Services-Completed" Facts
               Compel Dismissal of all Extinguished Claims . . . . . . . . . . . . . . 7

          B.    The "Recorded Acceptances" and "Work Completed"
               Peremption Facts Compel Dismissal of all Extinguished Claims . 7

    III.  PEREMPTION BARS PLAINTIFFS' CLAIMS AGAINST
        THE ENGINEERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

|   | A. | Peremption Precedent Directly Supporting Dismissal of Levee Breach Claims Against the Engineers | 10 |
|   | B. | The "Last-Services" Peremption Bar Directly Supports Dismissal of the Levee Breach Claims Against the Engineers | 12 |
|   | C. | The "Recorded Acceptance" and "Occupied" Peremption Precedent Directly Supports Dismissal of the Levee Breach Claims Against the Engineers | 12 |
|   | D. | The Five Year Peremption Rule Bars All Claims Against the Engineers for Services Completed or for Work Accepted before September 18, 2000 | 13 |
| IV. |  | PEREMPTION DESTROYED ALL CLAIMS FOREVER | 16 |
| 5. |  | CONCLUSION | 18 |
| I. |  | THE WRONG ENGINEERS WERE NAMED AND THOSE IMPROPERLY PLED CLAIMS SHOULD BE DISMISSED | 18 |
| II. |  | FIVE YEAR OLD CLAIMS BASED ON ENGINEERING "SERVICES-COMPLETED" OR ON WORK OCCUPIED OR SUBJECT TO A RECORDED ACCEPTANCE ARE PEREMPTED AND SHOULD BE DISMISSED | 18 |

## 2. **TABLE OF AUTHORITIES**

**PAGE**

I.   FEDERAL DECISIONS

SUPREME COURT DECISIONS

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.   LOUISIANA PRECEDENT

A.   SUPREME COURT DECISIONS

Division of Administration v. McInnis Bros. Constr.,
97-0742 (La. 10/21/97); 701 So.2d 937, 948,
rehearing denied, (12/12/1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16, 17

Guillory v. Avoyelles Ry. Co.,
104 La. 11; 28 So. 899 (1900) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Reeder v. North,
97-0239 (La. 10/21/97); 701 So.2d 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

B.   COURT OF APPEAL DECISIONS

Atkins v. Parish of Jefferson,
591 So.2d 800 (La. App. 5th Cir. 1991),
writ denied, 592 So.2d 1288 (La. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Ewing v. State,
99-1556 (La. App. 3 Cir. 3/15/00); 757 So.2d 843 . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Orleans Parish Sch. Bd. v. Scheyd, Inc.,
98-298 (La. App. 4 Cir. 6/16/99); 737 So.2d 954 . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Pounds v. Schori,
377 So.2d 1195 (1979),
rehearing denied, (Jan. 11, 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## III.   CODES, STATUTES & ADMINISTRATIVE REGULATIONS

### A.   FEDERAL STATUTES

5 U.S.C. §§ 552-559 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FED. R. CIV. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### B.   LOUISIANA STATUTES

1964 La. Acts 189 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1999 La. Acts 1024, §1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

H.B. 453, 2003 Reg. Sess. (La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LA. REV. STAT. ANN. § 37:682(9)-(11) (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

LA. REV. STAT. ANN. § 38:2189 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LA. REV. STAT. ANN. § 9:2772 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

LA. REV. STAT. ANN. § 9:5604 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LA. REV. STAT. ANN. § 9:5605 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LA. REV. STAT. ANN. § 9:5606 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LA. REV. STAT. ANN. § 9:5607 (2005) . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 14, 16, 17, 19

LA. REV. STAT. ANN. § 9:5628 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LA. REV. STAT. ANN. §§ 44:1-44:44 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**MAY IT PLEASE THE COURT:**

The Engineers[1] have been made defendants in the above-numbered cases based upon tort allegations.  Generally, the plaintiffs allege negligence and fault in connection with engineering services allegedly rendered on levee and flood wall projects associated with certain Canals[2] and the MRGO,[3] which experienced localized structural breaches ("Breaches") on or after August 29, 2005 ("Levee and Flood Wall Projects").   The Engineers bring two motions to dismiss.[4]  The Engineers' motions are, where necessary, fully supported by affidavits with incorporated exhibits and certified public records, all made in compliance with Local Rule 56.1.[5]

_____

[1]    Pursuant to the Court's April 6, 2006 and May 12, 2006 Orders, the Engineers are filing this joint  memorandum in support of the joint motions. The word "Engineers" includes:

        A.     Burk-Kleinpeter, Inc. ("BKI"),
        B.     Eustis Engineering Company, Inc. ("Eustis"), and
        C.     Modjeski and Masters, Inc. ("Modjeski").

The Engineers are all licensed engineering entities.

[2]    The word "Canals" includes:

        1.     The Metairie Relief Canal ("17th Street Canal"),
        2.     The London Avenue Canal,
        3.     The Orleans Avenue Canal, and
        4.     The Inner Harbor Navigation Canal and the Gulf Intracoastal Waterway (Collectively, the "Industrial Canal" or "IHNC").

[3]    The Mississippi River Gulf Outlet ("MRGO").

[4]    Each Engineer reserves all rights to bring other motions and defenses; and, if necessary, to re-urge these motions at a later date.

[5]    Each Engineer has attached an Appendix to this Memorandum, which are expressly incorporated into the joint motions.  Each Appendix includes an affidavit with exhibits and a Rule 56.1 Statement of Uncontested Facts.

3.   **A CONCISE INTRODUCTION AND STATEMENT OF THE FACTS**[6]

### I.   THE "NO SERVICES RENDERED" FACTS IN SUPPORT OF THE ENGINEERS' RULE 12(b)(6) MOTION TO DISMISS

The Engineers' Rule 12(b)(6) motion seeks to dismiss claims made against an

Engineer on certain Levee and Flood Wall Projects.[7]

BKI performed no services on, and had nothing to do with the MRGO, the Industrial

Canal or with the structures that failed on the 17th Street Canal.

Eustis performed no services on, and had nothing to do with the MRGO.

Modjeski performed no services on, and had nothing to do with the MRGO, Orleans

Avenue Canal or London Avenue Canal.

Finally, the Orleans Avenue Canal did not Breach, so no claim could ever lie against

the Engineers on this Canal.

The plaintiffs have thus failed to state good claims on the Canals and on the MRGO

where the Engineers did nothing.  Therefore, the Court should dismiss these improperly

stated claims with prejudice.

### II.   THE ENGINEERS' RULE 56 PEREMPTION MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR "SERVICES-COMPLETED" OR ON WORK ACCEPTED AND RECORDED OR OCCUPIED BEFORE SEPTEMBER 18, 2000

The Engineers' Rule 56 motion seeks to dismiss all claims made against an

---

[6]   For the evidentiary basis of all facts, please refer to the attached affidavits of each Engineer, and the accompanying Rule 56.1 Statements of Uncontested Facts.

[7]   In the event that the Court determines that an Engineer's affidavit is impermissible under Rule 12(b)(6), in the alternative, the Engineers move the Court under Rule 56 for dismissal of these claims.  *See* Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839-840 (5th Cir. 2004).

Engineer that were based on "completed-services," on work that was accepted as complete and a certificate recorded, or on work that was occupied more than five years ago, that is, on or before September 18, 2000. In 2003, the legislature perempted claims allegedly based on these types of five-year old events, thereby destroying the cause of action against the Engineers on September 19, 2005, before the first complaint was filed.

> A.   **No action** for damages **against any professional engineer . . . shall be brought unless filed** in a court of competent jurisdiction and proper venue **at the latest within five years from**:
>
>> (1)   The **date of registry** in the mortgage office **of acceptance** of the work by owner;  or
>>
>> (2)   **The date the owner has occupied** or taken possession of the improvement, in whole or in part, if no such acceptance is recorded;  or
>>
>> (3)   **The date** the person furnishing such services has **completed the services** . . . .

LA. REV. STAT. ANN. § 9:5607 (2005) (emphasis supplied).[8]  Because the plaintiffs filed the complaint <u>after</u> all of the "five-year rights" against the Engineers had been legislatively extinguished, the Court should dismiss all perempted claims against the Engineers with

---

[8]     The legislature initially considered a three year period, "Abstract: Provides for . . . three-year peremptive period for actions for damages arising in tort or in contract against a professional engineer, surveyor, and architect." Louisiana Original Bill Digest, H.B. 453, 2003 Reg. Sess. (La. 2003) (as proposed).  Subsequently, the legislature settled on a five-year peremptive period, with the expiration of all rights against the design professionals occurring five years after the occurrence of one of three events:

> (1.)   Registry of acceptance of the work,
> (2.)   Occupancy, or
> (3.)   Date of the last professional services.

prejudice.

### A.   The Complaints Lack the Dates When the Engineers Completed Services

In no pleading did the plaintiffs state when the Engineers completed services on any of the Levee and Flood Wall Projects. The plaintiffs' lack of pleading specificity has resulted in the Engineers being served with perempted claims long after all rights against the Engineers were extinguished.

### B.   The Complaints Lack the Dates When the Work was Accepted Under a Recorded Instrument or Occupied

Plaintiffs also omitted pleading the dates when the Levee and Flood Wall Projects were occupied and when the formal acceptances of the completed work were recorded. However, after serving one of the Engineers, in a subsequent filing, counsel for hundreds of plaintiffs judicially admitted that the flood walls [concrete caps], "had been placed on top of the sheet piles (at the 17th Street and London Avenue Projects) in 1993 and 1994."[9]

In the rush to file the first complaint and to file subsequent parallel complaints and amendments, the pleadings were infected with preventable factual errors[10] that resulted

---

[9]   Plaintiffs' Memorandum in Opposition to Defendants, The City of New Orleans, The Honorable C. Ray Nagin, Mayor, and Former Superintendent of Police, Edwin Compass III's Motion to Dismiss, at p. 30, (Document #73). O'Dwyer, et al. v. United States, et al., CV No. 05-4181 (E.D. LA filed Sept. 19, 2005).

[10]   Beginning in November of 2005, the design and construction records maintained by the U. S. Corps of Engineers ("Corps") for many of the Levee and Flood Wall Projects were available for review on the Interagency Performance Evaluation Task Force ("IPET") website. Alternatively, the Corps' physical records were accessible for review in New Orleans under a Freedom of Information Act (5 U.S.C. §§ 552-559 (2006)) Request. On information and belief, some of the design and construction records of the Orleans Levee Board, of the Port Authority and of the Sewerage & Water

in unnecessary time-barred claims being made against the Engineers. Cursory factual research of public records would have either prevented or mitigated the wounds needlessly inflicted on the Engineers. The dates contained in these public records and in the Engineers' files are historical facts that cannot reasonably be disputed. The cure is dismissal with prejudice.

## 4.    THE RULE 12(b)(6) AND THE SUMMARY JUDGMENT PEREMPTION AUTHORITIES

### I.    THE "NO SERVICES RENDERED" FACTS COMPEL DISMISSAL UNDER RULE 12(b)(6), OR, IN THE ALTERNATIVE, UNDER RULE 56

To demonstrate that the complaints name the incorrect Engineers on certain Canals and on the MRGO, under Rule 12(b)(6), or in the alternative under Rule 56, the Engineers have proven the "no services rendered" facts contained in Table A.

### TABLE A: ENGINEERS RENDERED NO SERVICES ON SPECIFIC CANALS OR ON THE MRGO

| ENGINEER | CANAL OR MRGO | SERVICES RENDERED | APPENDIX REFERENCE |
|----------|---------------|-------------------|--------------------|
| BKI | 17th Street | No services | BKI Appendix, Mr. Jackson's Affidavit, ¶ 7 |
| BKI | IHNC | No services | BKI Appendix, Mr. Jackson's Affidavit, ¶ 7 |

---

Board were available for physical review under a Public Record Request. Similarly, the licensing records of the Engineers were available on the internet and available for physical review under a Public Record Request (*See* LA. REV. STAT. ANN. §§ 44:1-44:44 (2005)).

| ENGINEER | CANAL OR MRGO | SERVICES RENDERED | APPENDIX REFERENCE |
|----------|---------------|-------------------|--------------------|
| BKI | MRGO | No services | BKI Appendix, Mr. Jackson's Affidavit, ¶ 7 |
| BKI | Orleans | No services | BKI Appendix, Mr. Jackson's Affidavit, ¶ 7 |
| Eustis | MRGO | No services | Mr. Gwyn's Affidavit, §5: MRGO, ¶ 51 |
| Modjeski | London | No services | Mr. Conway Affidavit, ¶8 |
| Modjeski | MRGO | No services | Mr. Conway Affidavit, ¶9 |
| Modjeski | Orleans | No services | Mr. Conway Affidavit, ¶8 |

Since the plaintiffs will not be able to controvert the Engineers' "no services rendered" proof, the claims identified in Table A should be dismissed with prejudice.

**II.   THE ENGINEERS' PROOF OF "SERVICES-COMPLETED" AND RECORDED WORK ACCEPTED OR OCCUPIED BY SEPTEMBER 18, 2000, SHIFTS THE BURDEN OF CONTROVERTING HISTORICAL DATES TO THE PLAINTIFFS**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  On the motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The Engineers have satisfied the movers' burden of proof by moving into evidence certified public records, sworn statements

with supporting exhibits and Rule 56.1 Statements.

## A.   The Engineers' Proof of "Services-Completed" Facts Compel Dismissal of all Extinguished Claims

The Engineers' "services-completed" peremption motion requires proof of only three material facts:

(1.)   The Engineers are licensed.

(2.)   The Engineers completed the last engineering services on the Levee and Flood Wall Projects that Breached, as listed in Table Nos. 1 - 4, *infra.*, on or before  September 18, 2000.

(3.)   The plaintiffs first-filed complaint was on September 19, 2005, more than five years after the Engineers completed all engineering services on the perempted Levee and Flood Wall Projects.

The Engineers have proven material fact numbers 1 and 2 through affidavits fully supported by public records and reinforced by business records.   These records demonstrate the date of the last engineering services rendered on some of the projects listed in Table Nos. 1 - 4, and those dates cannot reasonably be disputed.[11]  The final five-year peremption fact is proven by the date stamp (September 19, 2005) on the earliest filed complaint.

## B.   The "Recorded Acceptances" and "Work Completed" Peremption Facts Compel Dismissal of all Extinguished Claims

The Engineers' alternative factual basis for dismissal is grounded on proof that the

---

[11]   In addition, BKI establishes by affidavit and documents that it performed no inspection services after delivery of plans and specifications.  BKI Appendix, Mr. Jackson's Affidavit, ¶ 32, 33, Exhibits 14, 15.

construction of the Levee and Flood Wall Projects that Breached were either accepted under a recorded instrument or accepted by the Corps on or before September 18, 2000. Through certified records from both the Corps and the local mortgage office, the Engineers have proven the dates that each Project was completed, accepted, and or the date that each acceptance was recorded.  It would be unreasonable to dispute the completion of work dates that are reflected in Table Nos. 1 - 4.

### TABLE NO. 1:  17TH STREET CANAL (EAST SIDE BREACH AREA)

| ENGINEER | PROJECT | LAST SERVICES COMPLETED | RECORDED ACCEPTANCE OF CONSTRUCTION | CORPS' ACCEPTANCE OF CONSTRUCTION | APPENDIX REFERENCE |
|---|---|---|---|---|---|
| BKI | N/A | No Services | N/A | N/A | N/A |
| Eustis | Levee & Flood Wall EE-10214 | September 12, 1989 | August 24, 1992 | N/A | Mr. Gwyn's Affidavit, §2: 17th Street Canal, ¶ 21-23 & Exhibits 2.1-2.11 |
| Eustis | Levee Capping EE-10214 | September 12, 1989 | N/A | April 25, 1995 | Mr. Gwyn's Affidavit, §2: 17th Street Canal, ¶ 21-23 & Exhibits 2.1-2.11 |
| Modjeski | Levee, Flood Wall, Dredging | N/A | August 24, 1992 | N/A | Mr. Conway's Affidavit, ¶ 13, Exhibit 5 |
| Modjeski | Flood Wall Capping | February 1993 | N/A | April 25, 1995 | Mr. Conway's Affidavit ¶ 14, Exhibit 11 |

## TABLE NO. 2:  LONDON AVENUE CANAL
### (AT THE BREACH AREAS)

| ENGINEER | PROJECT | LAST SERVICES COMPLETED | RECORDED ACCEPTANCE OF CONSTRUCTION | CORPS' ACCEPTANCE OF CONSTRUCTION | APPENDIX REFERENCE |
|---|---|---|---|---|---|
| BKI | N/A | August, 1994 | N/A | N/A | Mr. Jackson's Affidavit, ¶34, 36, 37; Exhibits 16, 17, 18.  No inspection performed, Mr. Jackson's Affidavit, ¶32, 33, 38, 39, 40, Exhibits 14, 15, 19. |
| Eustis | Levee EE-12423 | July 23, 1993 | N/A | October 31, 1996 | Mr. Gwyn's Affidavit §3: London Avenue Canal, ¶ 33-35; Exhibit Nos. 3.1 - 3.6. |
| Modjeski | NONE | No Services | N/A | N/A | Mr. Conway's Affidavit, ¶8 |

## TABLE NO. 3: INNER HARBOR NAVIGATION CANAL
### (AT THE BREACH AREAS)

| ENGINEER | PROJECT | LAST SERVICES COMPLETED | RECORDED ACCEPTANCE OF CONSTRUCTION | CORPS ACCEPTANCE OF CONSTRUCTION | APPENDIX REFERENCE |
|---|---|---|---|---|---|
| BKI | N/A | No Services | N/A | N/A | N/A |
| Eustis | Levee and Flood Wall EE-07844 | January 22, 1990 | September 9, 1992 | N/A | Mr. Gwyn's Affidavit, §4: IHNC, ¶ 42-44; Exhibit Nos. 4.1 & 4.2. |

9

### TABLE NO. 4: MRGO (NO SERVICES)

| ENGINEER | PROJECT | LAST SERVICES COMPLETED | RECORDED ACCEPTANCE OF CONSTRUCTION | CORPS ACCEPTANCE OF CONSTRUCTION | APPENDIX REFERENCE |
|----------|---------|-------------------------|-------------------------------------|----------------------------------|--------------------|
| BKI | N/A | No Services | N/A | N/A | N/A |
| Eustis | NONE | No Services | N/A | N/A | Mr. Gwyn's Affidavit, §5: MRGO, ¶ 51. |
| Modjeski | NONE | No Services | N/A | N/A | Mr. Conway's Affidavit ¶9 |

### ORLEANS CANAL

The Engineers also state that the Orleans Avenue Canal did not Breach.[12] Therefore, all of the claims made against the Engineers on the Orleans Avenue Canal should be dismissed.[13]

The certified public records, the public documents available on IPET in November 2005, the local public records, the Engineers' voluntary production of records, the Engineers' sworn statements with attached business records and the Rule 56.1 statements satisfy the Engineers' initial burden of showing the absence of a material fact in dispute.

### III.   PEREMPTION BARS PLAINTIFFS' CLAIMS AGAINST THE ENGINEERS

#### A.   Peremption Precedent Directly Supporting Dismissal of Levee Breach Claims Against the Engineers

More than forty years ago, the Legislature enacted the original peremption statute

---

[12]   Mr. Gwyn's Affidavit, §6: Orleans Avenue Canal, ¶ 52 & 53.

[13]   Modjeski, Conway Affidavit ¶ 8. (Modjeski performed no services on the Orleans Avenue Canal).

which limited claims against engineers to ten years.[14] Over the next several decades, the Legislature reduced the limitation; and, in 2003, enacted a maximum five year time limit for filing claims against engineers. LA. REV. STAT. ANN. § 9:5607 (2005). Implementing the legislature's mandate, courts have frequently dismissed perempted claims made against engineers that were based on allegations of negligent drainage design or residential damage caused by levee breaches. *See* <u>Atkins v. Parish of Jefferson</u>, 591 So.2d 800 (La.

---

[14]     *See* 1964 La. Acts 189. The statute was amended in 2003 and the current text is reproduced below:

> Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon
>
> A.  No action, whether ex contractu, ex delicto, or otherwise . . . arising out of an engagement of planning, construction, design . . . shall be brought . . .
>
> (1)(a)  More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
>
> (2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

LA. REV. STAT. ANN. § 9:2772 (2005).

App. 5th Cir. 1991), *writ denied*, 592 So.2d 1288 (La. 1992);[15] Ewing v. State, 99-1556 (La. App. 3 Cir. 3/15/00); 757 So.2d 843.

## B. The "Last-Services" Peremption Bar Directly Supports Dismissal of the Levee Breach Claims Against the Engineers

In Atkins, claims for extensive residential flooding damage were brought against the engineer that designed the levees in Jefferson Parish which were breached during Hurricane Juan. Atkins v. Parish of Jefferson, 591 So.2d 800 (La. App. 5th Cir. 1991), *writ denied*, 592 So.2d 1288 (La. 1992). Atkins' claims were dismissed because the peremptive time began to run when the engineer completed the levee services; the flood claimants first filed suit twelve years after the Louisiana engineer had finished all services. Id. at 801. The Atkins levee breach actions were dismissed because the claims were perempted before the petitions were filed. Id.

## C. The "Recorded Acceptance" and "Occupied" Peremption Precedent Directly Supports Dismissal of the Levee Breach Claims Against the Engineers

In another storm drainage design claim, the Third Circuit applied peremption to preclude stale personal injury claims against an engineer arising out of a storm water drainage design. In Ewing, the engineer:

(1.) Designed storm drainage improvements,

(2.) Inspected the storm drainage improvements,

(3.) Maintained an ongoing professional engineering relationship with the local public entities subsequent to acceptance of the work, and

(4.) Was a member of the "Open Ditch Task Force."

---

[15] Atkins applied the former ten-year peremptive principles of Section 9:2772, and was decided prior to the enactment of Section 9:5607.

Ewing v. State, 99-1556, pp. 9-10 (La. App. 3 Cir. 3/15/00); 757 So.2d 843, 848.  In Ewing, the plaintiff had suffered extensive brain injuries after nearly drowning in the drainage system that had been designed and inspected by the engineer.  Nevertheless, the Third Circuit found that the claim against the engineer was perempted.

> [The engineer] made a *prima facie* showing that more than ten years have elapsed since the **filing of the notice of acceptance** for both [storm drainage] projects, thus, perempting Ewing's claims against it.

Ewing, 99-1556 at 10; 757 So.2d at 848 (emphasis added).[16]  Once again, peremption barred a drainage design claim against an engineer based on the time-bar endorsed on the recorded notice of acceptance of the work.  As in Atkins, the Ewing claims against the engineer were extinguished long before the tort action was filed.

## D. The Five Year Peremption Rule Bars All Claims Against the Engineers for Services Completed or for Work Accepted before September 18, 2000

Louisiana courts have frequently supported the sound public policy behind the strict enforcement of peremptive bars against claims arising out of construction projects.  In Div. of Admin. v. McInnis Bros. Constr., the Louisiana Supreme Court barred claims against a contractor for damages manifesting more than five years after acceptance.  Div. of Admin. v. McInnis Bros. Constr., 97-0742, p. 1 (La. 10/21/97); 701 So.2d 937, 948, *rehearing denied*, (12/12/1997).  *See also* Orleans Parish Sch. Bd. v. Scheyd, Inc., 98-298 (La. App. 4 Cir. 6/16/99); 737 So.2d 954 *and* LA. REV. STAT. ANN. § 38:2189 (2005).  In McInnis, the Court barred the State-owner from recovering the cost of correcting defective work that was

---

[16]      At the time that Ewing was decided, the legislative peremptive term was ten years.  *See* 1999 La. Acts 1024, §1 (current version at LA. REV. STAT. ANN. § 9:2772 (2005)).

discovered more than five years after acceptance.    The Court found, that by setting maximum time limits for bringing claims on public works, peremption implemented a public benefit.

In keeping with the policy of placing limits on claims arising out of construction projects, beginning in 2003, the Legislature absolutely prohibited filing claims against engineers more than five years after all services were completed.

> A.    **No action** for damages **against any professional engineer . . . shall be brought unless filed** in a court of competent jurisdiction and proper venue **at the latest within five years from**:
>
> . . . .
>
> (3)    **The date** the person furnishing such services has **completed the services** with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.

LA. REV. STAT. ANN. § 9:5607 (2005) (emphasis added).[17]

The undisputed material facts[18] submitted by the Engineers prove every element of

---

[17]    Through the enactment of peremptive legislation, Louisiana has long encouraged licensed professionals to practice in this state by bringing absolute finality to liability:

| | |
|---|---|
| (1.) Land Surveyors: | LA. REV. STAT. ANN. § 9:2772 (2005). |
| (2.) Accountants: | LA. REV. STAT. ANN. § 9:5604 (2005). |
| (3.) Attorneys: | LA. REV. STAT. ANN. § 9:5605 (2005). |
| (4.) Insurance Agents: | LA. REV. STAT. ANN. § 9:5606 (2005). |
| (5.) Architects: | LA. REV. STAT. ANN. § 9:5607 (2005). |
| (6.) Engineers: | LA. REV. STAT. ANN. § 9:5607 (2005). |
| (7.) Physicians: | LA. REV. STAT. ANN. § 9:5628 (2005). |

[18]    See attached appendices.

Section A(3) of the peremption statute:

(1.)   The Engineers are all licensed,[19]

(2.)   On or before September 18, 2000, the Engineers completed all engineering services on all of the Levee and Flood Wall Projects listed in Table Nos. 1-4, and

(3.)   Plaintiffs filed suit on September 19, 2005, more than five years after the Engineers completed all engineering services on the perempted Canal Projects.

The Engineers' proof has satisfied all evidentiary prongs of the Section A(3) peremption

test. Under an ordinary application of the five-year peremption rule, all claims against the

Engineers on the Levee and Flood Wall Projects listed in Table Nos. 1 - 4 were

extinguished before the complaints were filed on September 19, 2005.

In the alternative, peremption also bars claims against Engineers five years after all

work was either occupied or completed and the acceptances recorded.

> **No action** for damages **against any professional engineer . . . shall be brought unless filed** in a court of competent jurisdiction and proper venue **at the latest within five years from**:
>
> (1)   The **date of registry** in the mortgage office **of acceptance** of the work by owner;  or
>
> (2)   **The date the owner has occupied** or taken possession of the improvement, in whole or in part, if no

---

[19]   "Licensed" or "licensure" shall mean the recognition granted by the board and its issuance of a license to any person to practice engineering or land surveying in the state of Louisiana. These terms are often used synonymously with the terms "registered" or "registration".

"Person" shall mean any individual or firm.

LA. REV. STAT. ANN. § 37:682(9)-(11) (2005).  Affidavit of Mr. Gwyn, ¶ 54.

such acceptance is recorded; or

LA. REV. STAT. ANN. § 9:5607(A) (2005) (emphasis added). The last Levee and Flood Wall

Project listed in Table Nos. 1 - 4 for each of the Canals was either occupied or the

acceptance was recorded on or before September 18, 2000. Under these Section A(1) or

(2) alternative five-year bars, all of plaintiffs' stale claims against the Engineers expired

before plaintiffs filed the complaint on September 19, 2005.

## IV.   PEREMPTION DESTROYED ALL CLAIMS FOREVER

Peremption under Section 9:5607 is solely a chronological inquiry.

> **The five-year period** of limitation provided for in Subsection
> A of this Section **is a peremptive period** within the meaning
> of Civil Code Article 3458 and in accordance with Civil Code
> Article 3461, may not be renounced, interrupted, or
> suspended.

LA. REV. STAT. ANN. § 9:5607 (C) (2005) (emphasis added). It does not matter if the plaintiff

discovered the claim before or after the right to file suit was forever lost. The Louisiana

Supreme Court has confirmed that after the peremption period expires, claims cannot be

revived.

> A person's right to assert a cause of action may be lost with
> the passage of time by the operation of either prescription or
> peremption. The Louisiana Civil Code defines peremption as
> a "period of time fixed by law for the existence of a right."
> When the peremptive period has run, the cause of action itself
> is extinguished unless timely exercised. As a result,
> peremption need not be pleaded and may be supplied by a
> court at any time. Most significantly, however, peremption may
> not be renounced, interrupted, or suspended.

Div. of Admin. v. McInnis Bros. Constr., 97-0742, p. 1 (La. 10/21/97); 701 So.2d 937, 939

(regulating claims against a public works contractor) (citations omitted). "Statutes of

peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost." Id. at 1; 941 *citing* Guillory v. Avoyelles Ry. Co.,104 La. 11; 28 So. 899 (1900).[20] *See also* Pounds v. Schori, 377 So.2d 1195, 1198 (1979), *rehearing denied,* (Jan. 11, 1980) ("[P]eremption is, in reality, the civil law equivalent of 'forfeiture.'")

> [P]eremption, however, extinguishes or destroys the right. Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation.

Reeder v. North, 97-0239, p. 1 (La. 10/21/97); 701 So.2d 1291, 1295 (citations omitted).

> "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. As directed by this Civil Code article, we must apply the statute as written.

Id. at 1; 1298. Louisiana's clear peremption law mandates that plaintiffs' rights were extinguished and forfeited upon the expiration of the five-year period. LA. REV. STAT. ANN. § 9:5607 (2005). Thus the actions brought against licensed engineers by the levee breach claimants in Atkins, *supra*, and now by the instant levee and flood wall breach plaintiffs did not exist on the date that the complaints were filed. In each case, the flood claims made against the engineers were destroyed by peremption before the complaint was filed. Therefore, the claims listed in Tables Nos. 1 - 4 against the Engineers, arising out of the breaches in the Levee and Flood Wall Projects or the Canals, must be dismissed with

---

[20]    Interpreting a statute that creates an action and stipulates the time when a right must be exercised.

prejudice.

## 5.   **CONCLUSION**

### I.   **THE WRONG ENGINEERS WERE NAMED AND THOSE IMPROPERLY PLED CLAIMS SHOULD BE DISMISSED**

In an apparent rush to the courthouse, the plaintiffs erroneously named the Engineers as having contacts with Canals and with the MRGO when no contacts existed. These design professionals had nothing to do with many of the Levee and Flood Wall Projects. Because the plaintiffs filed pleadings with inaccurate allegations, those claims which fail to state a good cause of action against an Engineer should be dismissed with prejudice. Specifically, plaintiffs improperly pled complaints against the Engineers for the Canals as listed below, and those complaints should be dismissed under Rule 12(b)(6) or, alternatively, under Rule 56:

1.   BKI        All claims on the MRGO, the Industrial Canal and on the 17th Street Canal;

2.   Eustis      All claims on the MRGO;[21] and,

3.   Modjeski    All claims on the MRGO, the London Avenue Canal, and the Orleans Avenue Canal.[22]

### II.   **FIVE YEAR OLD CLAIMS BASED ON ENGINEERING "SERVICES-COMPLETED" OR ON WORK OCCUPIED OR SUBJECT TO A RECORDED ACCEPTANCE ARE PEREMPTED AND SHOULD BE DISMISSED**

Louisiana has a five-year peremptive time limit for bringing claims against licensed

---

[21]    Eustis should be dismissed from Civil Action No. 05-4181.

[22]    Modjeski should be dismissed from Civil Action Nos. 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-0886, 06-2278, 06-2346, 06-2287 and 06-2545.

engineers. LA. REV. STAT. ANN. § 9:5607 (2005). The beginning of the peremption period is based on well known, readily identifiable project records and recorded public documents. The completion dates endorsed on Eustis' Geotechnical Reports, or on BKI's and Modjeski's plans are available to review online at the IPET website and at local and federal governmental offices. In this case, business records, certified public records, the Corps' IPET website and the affidavits of the Engineers, all unequivocally confirm the date that the Engineers completed all services on the Levee and Flood Wall Projects. This undisputed factual record proves that plaintiffs' Levee and Flood Wall claims for all engineering services completed on or before September 18, 2000 were extinguished before plaintiffs' filed the first complaint on September 19, 2005.

Alternatively, the public records show that all construction or work on the Levee and Flood Wall Projects was either occupied or an acceptance was recorded on or before September 18, 2000. Therefore, under the alternative Section 9:5607(A) five-year "work completed" peremption test, plaintiffs' claims against the Engineers were extinguished before plaintiffs filed the September 19, 2005 complaint.

Because plaintiffs' complaints included extinguished claims, those complaints should be dismissed with prejudice, under Rule 56 as to the following Canals:

1. BKI          All claims on the London Avenue Canal;

2. Eustis       All claims on the 17th Street Canal,[23] on the London Avenue Canal,[24] on the Orleans Avenue Canal and on the Industrial

---

[23]   Eustis should be dismissed from Civil Action Nos. 05-4181, 05-6314, 05-6327, 06-0020, 05-5237, 05-6073, 06-2346, 06-0225 and 06-2545.

[24]   Eustis should be dismissed from Civil Action Nos. 05-4181, 05-6314, 05-6327, 06-0020, 05-5237, 05-6073, 06-2346 and 06-0225.

*Memo in Support_727409_Cons_053106_tfgasa#1F.wpd*          19

Canal,[25] and

3. Modjeski    All claims on the 17th Street Canal, on the London Avenue Canal, and on the Orleans Avenue Canal.[26]

Peremption cannot be interrupted or suspended. Once the five-year time limit expires, the cause of action is forever lost. The peremption statute destroyed all claims against the Engineers before plaintiffs filed these actions, limiting plaintiffs to pursue claims against other persons. Therefore, plaintiffs' complaints against the Engineers on the above designated Canals should be dismissed with prejudice.

Respectfully Submitted,

GARDNER & KEWLEY                           DEUTSCH, KERRIGAN & STILES, L.L.P.
A Professional Law Corporation


s/ Thomas F. Gardner                      s/ Charles F. Seemann, Jr.
THOMAS F. GARDNER, T.A. (#1373)           CHARLES F. SEEMANN, JR. (#11912)
DOUGLAS A. KEWLEY (#7355)                 755 Magazine Street
ERIN E. DEARIE (#29052)                   New Orleans, Louisiana 70130
1615 Metairie Road, Suite 200             Telephone: (504) 581-5141
Metairie, Louisiana 70005                 Facsimile: (504) 566-1201
Telephone:   (504) 832-7222
Facsimile:   (504) 832-7223               **ATTORNEYS FOR:**
                                          **BURK-KLEINPETER, INC. AND**
**ATTORNEYS FOR:**                        **DEFENDANT AND MOVER**
**EUSTIS   ENGINEERING   COMPANY,**
**INC.,**
**DEFENDANT AND MOVER**


---

[25]    Eustis should be dismissed from Civil Action Nos. 05-4181, 05-6314, 05-6327, 06-0020, 05-5237, 05-6073 and 06-0225.

[26]    Modjeski should be dismissed from Civil Action Nos. 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 05-6359, 06-0020, 06-0886, 06-2278, 06-2346, 06-2287, and 06-2545.

DEUTSCH, KERRIGAN & STILES, L.L.P.

s/ Victor E. Stilwell, Jr.
VICTOR E. STILWELL, JR., T.A. (#12484)
FRANCIS J. BARRY, JR. (#02830)
KEITH J. BERGERON (#25574)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**
**MODJESKI AND MASTERS, INC.**
**DEFENDANT AND MOVER**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of June, 2006, served a copy of the

Memorandum in Support of Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion, on

counsel for all parties to this proceeding, by e-mail or United States Mail, postage prepaid.

s/ Thomas F. Gardner
THOMAS F. GARDNER