UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al.<br><br>　　　Plaintiffs<br><br>VS.<br><br>BOH BROTHERS CONSTRUCTION CO., L.L.C., et al.<br><br>　　　Defendants | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" (2)<br>CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO:　　05-4181　05-6314　06-0020　06-2346
LEVEE GROUP　　　　　　　　　　05-4182　05-6324　06-0886　06-2545
　　　　　　　　　　　　　　　　　05-5237　05-6327　06-2278
　　　　　　　　　　　　　　　　　05-6073　05-6359　06-2287

# APPENDIX TO MODJESKI AND MASTERS INC'S RULE 12(b)(6) AND RULE 56 MOTIONS

- RULE 56.1 STATEMENT . . . . . . . . . . . . . . PAGE 2

- SUPPORTING AFFIDAVIT
  AND EXHIBITS . . . . . . . . . . . . . . . . . . . . . . PAGE 3

- SUMMARY OF RELIEF
  SOUGHT BY MODJESKI AND
  MASTERS, INC. . . . . . . . . . . . . . . . . . . . . . PAGE 76

## RULE 56.1 STATEMENT

Modjeski and Masters, Inc. ("Modjeski") contends that there is no genuine issue to be tried as to the following material facts:

1. Modjeski is a licensed engineering firm in the State of Louisiana;

2. Modjeski provided no engineering services for levees, floodwalls, dredging, drainage or any other flood protection work for the Orleans Avenue Canal, London Avenue Canal, Gulf Intracoastal Waterway or Mississippi River Gulf Outlet;

3. On the two (2) projects involving the east side breach area of the 17th Street Canal for which Modjeski provided engineering services, Modjeski's last services were provided in February 1993 and the last contract acceptance was in April 1995;

4. Of all other projects for or involving the 17th Street Canal, for which Modjeski provided engineering services and which did not involve the east side breach area, the last recorded contract acceptance was in March 1994, Modjeski's last services were in November 1997, and the last contract completion date was in December 1997;

5. All of the above numbered suits against Modjeski in connection with engineering services for or involving the 17th Street Canal were filed more than five (5) years after: Modjeski's last services; construction was complete, the construction contracts were accepted and/or the contract acceptances were recorded.

**AFFIDAVIT OF WILLIAM B. CONWAY, INCLUDING EXHIBITS, IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND RULE 56 MOTION FOR SUMMARY JUDGMENT ON BEHALF OF MODJESKI AND MASTERS, INC.**

PARISH OF ORLEANS

STATE OF LOUISIANA

    BEFORE ME, the undersigned authority, personally came and appeared:

**William B. Conway, P.E.**

who, after being first duly sworn, deposes and states the following:

(1) This Affidavit is based upon my personal knowledge.

(2) Modjeski and Masters, Inc. (hereinafter sometimes "Modjeski") is a consulting engineering firm which has offices in the City of New Orleans.

(3) Modjeski and Masters, Inc. is an engineering firm licensed by the State of Louisiana, holding License No. EF.0000570. See **Exhibit 1**, which I obtained from the Louisiana Professional Engineering and Land Surveying Board.

(4) I am currently Chairman of the Board of Modjeski, and was previously its President.

(5) Modjeski did business as a Pennsylvania partnership until late 1991, when it incorporated in Pennsylvania and qualified to do business in Louisiana in December 1991.

- 3 -

(6) Prior to incorporation, I was a Partner and principal of the Modjeski partnership.

(7) I am a registered professional civil engineer in the State of Louisiana, and have been in responsible charge of Modjeski's New Orleans office since September 1961.

(8) Modjeski never performed any engineering services for levees, floodwalls, dredging, drainage or other flood protection work for the London Avenue Canal, or Orleans Avenue Canal.

(9) Modjeski never performed any engineering services for levees, floodwalls, dredging, drainage or other flood protection work for the Mississippi River Gulf Outlet or Gulf Intracoastal Waterway. Modjeski was engaged by the Louisiana Department of Transportation and Development ("LADOTD") to study the need for protection of the two waterway piers of the I-510 Bridge which spans the Gulf Intracoastal Waterway at Paris Road. This study was related solely to protection of the Bridge piers from possible vessel allision damage.

(10) The projects described below, for the 17th Street Canal, were undertaken in Modjeski's New Orleans office, under my direct personal supervision.

(11) I made an on-site visit to the 17th Street Canal after Hurricane Katrina, and found that the only breach occurred in that reach of the east

levee and floodwall adjacent to Bellaire Drive and in the general area of the levee between Spencer and Stafford Streets which terminate at Bellaire Drive, as I have indicated on the attached map. See **Exhibit 2**.

(12) Modjeski provided engineering services for only two projects involving that reach of the east levee and floodwall of the 17th Street Canal which was breached during or after Hurricane Katrina. Those projects are described in Paragraphs 13 and 14 below.

(13) Modjeski, through its partnership, entered into separate contracts with the Board of Commissioners of the Orleans Levee District ("OLD") and the Sewerage and Water Board of New Orleans ("Water Board") for the preparation of drawings and specifications, and inspection of construction, for a project which involved levee work, initial driving of a sheet pile floodwall, and dredging of the east side of the 17th Street Canal, between the Hammond Highway Bridge and the Southern Railway tracks which are located just north of Pump Station No. 6. See **Exhibits 3** and **4**, which are business records from Modjeski's files. Modjeski's fees for engineering services for the dredging were paid by the Water Board, and its fees for engineering services for the levee and floodwall work were paid by OLD. Modjeski's drawings and specifications were completed and issued in February 1990, and a construction contract for the work was let by OLD to Boh Bros.

Construction Company in May 1990. Modjeski inspected the construction. The work was substantially complete as of March 11, 1992. OLD executed an acceptance of the Boh Bros. contract work on August 20, 1992, which was recorded on August 24, 1992. See **Exhibit 5**.

(14) Thereafter, Modjeski was engaged by OLD to prepare drawings and specifications for re-driving the floodwall sheet piles and placement of a concrete cap on the sheet pile floodwall along the east levee of the 17th Street Canal between Hammond Highway Bridge and the Southern Railway tracks. See **Exhibits 6, 7** and **8**, which are business records from Modjeski's files. Modjeski's drawings and specifications were completed in and dated November 1992, and were issued to the United States Army Corps of Engineers ("Corps") for advertisement and public bidding. The drawing date is reflected on the title blocks, one of which is attached as **Exhibit 9**, which is a business record found in Modjeski's files and on the Corps' website. Modjeski did not undertake inspection of construction and, based on its last invoice, performed its last services in February 1993. As shown on the progress schedule attached to the invoice, Modjeski undertook only preliminary design phase and final design phase services, or 75% of the total professional services upon which the fee computation was based. Services for the bidding phase, construction

phase and record drawing phase, representing the remaining 25% of professional services, were performed by the Corps or others. See **Exhibit 10**, which is a business record from Modjeski's files. After February 1993, Modjeski assisted OLD in obtaining a right-of-way permit extension from the LADOTD for contractor access at the Interstate-10 crossings of the 17th Street Canal on the Orleans Parish side. See **Exhibit 12**, which is a business record found in Modjeski's files. In November 1993, Modjeski was again asked to assist OLD in obtaining an additional extension of said right-of-way permit from the LADOTD. See **Exhibit 13**, which is a business record found in Modjeski's files. LADOTD requested that OLD make its own requests for permit extensions and Modjeski thereafter provided no further assistance to OLD on the project. Modjeski never invoiced OLD for its abovementioned assistance with right-of-way extensions. The work was performed by Pittman Construction Co., Inc., and was accepted by the Corps on April 25, 1995. See **Exhibit 11**.

(15) Modjeski undertook other engineering projects for the OLD, Water Board, and Board of Levee Commissioners of the East Jefferson Levee District ("EJLD") involving the 17th Street Canal between Lake Pontchartrain and Pump Station No. 6, which projects were unrelated to and remote from that reach of the east levee and floodwall of the Canal which were breached during or after Hurricane Katrina. Those

other projects are described below in Paragraphs 16, 17, 18, 19 and 20.

(16) Modjeski was engaged by OLD to provide drawings, specifications, and inspection of construction of a "toe wall" at Pump Station No. 6. T.L. James and Company, Inc. ("T.J. James") was the contractor of record. Construction was substantially complete on March 29, 1989. OLD executed an acceptance of the T.L. James contract work on April 13, 1989, which was recorded on April 17, 1989. See **Exhibit 14**.

(17) Modjeski was engaged by the Water Board to provide drawings, specifications, and inspection of construction of flood protection and dredging between the Hammond Highway and Lake Pontchartrain. Solvation Services, Inc. ("Solvation") was the contractor of record. The Water Board executed an acceptance of Solvation's contract work on December 13, 1989, which was recorded on December 27, 1989. See **Exhibit 15**.

(18) Modjeski was engaged by OLD to provide drawings, specifications, and inspection of construction of West End drainage improvements. Liberty Somerset, Inc. ("Liberty") was the contractor of record. Construction was substantially complete on August 26, 1992. OLD

executed an acceptance of the Liberty's contract work on October 9, 1992, which was recorded on October 12, 1992. See **Exhibit 16**.

(19) Modjeski entered into a contract with EJLD and the Water Board to provide drawings, specifications, and inspection of construction for a project involving levees, floodwalls, and dredging for the west side of the 17th Street Canal. The Water Board paid Modjeski's fees for engineering services for the dredging, and EJLD paid Modjeski's fees for engineering services for the levee and floodwall. Professional Construction Services, Inc. ("PCS") was the contractor of record. EJLD executed an acceptance of PCS's contract work on March 24, 1994, which was recorded on March 29, 1994. See **Exhibit 17**.

(20) Modjeski was engaged by OLD to provide drawings and specifications for raising and floodproofing the Veterans Highway Bridges over the 17th Street Canal. The construction contract for the project was let by the Corps to Johnson Brothers Corporation. Modjeski's drawings were completed in and dated June 1995. See **Exhibit 18**, which is a business record found in Modjeski's files. Modjeski did not provide inspection of the construction, which was done by the Corps or others. See **Exhibit 19**, which is a business record found in Modjeski's files. Modjeski's last services, in connection with dredging under the bridges, were performed prior to and were included in its Invoice No. 36 of November 30, 1997. See **Exhibit 20**, which is a

business record found in Modjeski's files. Construction of the project was physically completed on December 3, 1997. See **Exhibit 11**. This project included approximately 45 linear feet of new floodwall and gates, of the "I-wall" type, between the Bridges and adjacent to and abutting the north and south sides of the Bridges, on east and west sides of the Canal. The floodwall and gates were not breached, overturned or damaged during or after Hurricane Katrina.

(21) Modjeski did not provide engineering services for the operation, periodic inspection, or maintenance of the abovementioned projects after the abovementioned acceptance recordation dates, or after the abovementioned dates of its last services.

William B. Conway

SWORN TO AND SUBSCRIBED before me, this 30th day of May, 2006.

Victor E. Stilwell, Jr., Notary Public
La. Bar No. 12484
My Commission expires at death