FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 30  AM 11: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| **Plaintiffs** | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C., ET AL. | * | |
| | * | MAGISTRATE NO. 2 |
| **Defendants** | * | |
| | * | |
| THIS  DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| JULIE E. TAUZIN, ET AL VERSUS | * | |
| THE BOARD OF COMMISSIONERS FOR | * | |
| THE ORLEANS PARISH LEVEE DISTRICT, | * | A JURY IS DEMANDED |
| DOCKET NO. 06-0020 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO FIRST SUPPLEMENTAL AND
## AMENDED CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board

of Commissioners for the Orleans Levee District (hereinafter "Orleans Levee District"), and

for answer to plaintiffs' First Supplemental and Amended Class Action Complaint

respectfully represents:

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

granted.

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm.  *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other

2

persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

### NINTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### TENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### ELEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

### TWELFTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

### THIRTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution,

3

because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

### FOURTEENTH DEFENSE

The certification and maintenance of this action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### FIFTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters.  *See* 33 U.S.C. § 702(c).

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit.  *See* FRCP 19(a).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

4

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should receive any funds from federal or state agencies or programs, defendant is entitled to a credit and offset in the amount of said settlement(s) and/or payment(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-SECOND DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

## TWENTY SEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY EIGHTH DEFENSE

Defendant affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged

6

injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

## TWENTY NINTH DEFENSE

Defendant is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

AND NOW, answering separately the allegations of the First Supplemental and Amended Class Action Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of the Introductory paragraph of Plaintiffs' First Supplemental and Amended Class Action Complaint are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of this paragraph is denied for lack of sufficient information to justify a belief therein.

II.

The allegations of the Paragraph I of Plaintiffs' First Supplemental and Amended Class Action Complaint contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiff's allegations can neither expand not limit the law; however, to the extent an answer may be deemed necessary, the allegations are admitted.

7

III.

The allegations of Paragraph 2 as written are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 3 is denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 4 constitute legal conclusions and require no answer from this defendant.  Further answering, defendant avers that the allegations can either expand nor limit the law.  To the extent an answer may be deemed necessary, defendant admits it acted as a federal contractor at all material times herein , and further admits to the application of C.A.F.A.

VI.

The allegations of Paragraph 5 constitute legal conclusions and require no answer from this defendant.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, defendant admits it acted as a federal contractor at all material times herein, and that the project at issue was a federal construction project; the balance of Paragraph 5 are denied as written.

VII.

The allegations of Paragraph 6 are denied as written.

8

VIII.

The allegations of Paragraph 7 constitute legal conclusions and require no answer. Further answering, defendant avers that the allegations can neither expand nor limit the law.

IX.

The allegations of Paragraph 8 require no answer from this defendant.  To the extent an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

X.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 13 constitute legal conclusions and require no answer

as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 13 are denied.

XV.

The allegations of Paragraph 14, including subparts (a)-(c), constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 14 are denied.

XVI.

The allegations of Paragraph 15 are admitted only to the extent that:

- Defendant is a political subdivision of the State of Louisiana; and

- Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph 15, and all subparts ("b" through "p") require no answer from this defendant and alternatively is denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 16 are admitted.

10

XVIII.

The factual allegations of Paragraph 17 are admitted; however, defendant specifically denies any and all allegations of fault, negligence or liability on the part of this defendant.

XIX.

The allegations of Paragraph 18 are admitted.

XX.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph 20 are denied as written.

XXII.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 26 is denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of Paragraph 27 are denied as written.

XXVIII.

The allegations of Paragraph 28 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 28 requires no answer from this defendant.

XXIX.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 30 requires no answer from this defendant.

XXXI.

The allegations of Paragraph 31 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 31 requires no answer from this defendant.

XXXII.

The allegations of Paragraph 32 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 32 requires no answer from this defendant.

XXXIII.

The allegations of Paragraph 33 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 33 requires no answer from this defendant.

XXXIV.

The allegations of Paragraph 34 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 34 requires no answer from this defendant.

XXXV.

The allegations of Paragraph 35 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 35 requires no answer from this defendant.

XXXVI.

The allegations of Paragraph 36 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36 requires no answer from this defendant.

XXXVII.

The allegations of Paragraph 37 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 37 requires no answer from this defendant.

XXXVIII.

The allegations of Paragraph 38 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 38 requires no answer from this defendant.

XXXIX.

The allegations of Paragraph 39 are admitted.

XL.

The allegations of Paragraph 40 are denied.

XLI.

The allegations of Paragraph 41 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 41 requires no answer from this defendant.

14

## XLII.

The allegations of Paragraph 42 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 42 requires no answer from this defendant.

## XLIII.

The allegations of Paragraph 43 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 43 requires no answer from this defendant.

## XLIV.

The allegations of Paragraph 44 are denied.

## XLV.

The allegations of Paragraph 45 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes.

## XLVI.

The allegations of Paragraph 46 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States

government, as well as state and federal regulations and statutes.

## XLVII.

The allegations of Paragraph 47 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes.

## XLVIII.

The allegations of Paragraph 48 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes.

## XLIX.

The allegations of Paragraph 49 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes.

## L.

The allegations of Paragraph 50 contain legal conclusions for which no answer is

necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes.

LI.

The allegations of Paragraph 51 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 51 are denied as written.

LII.

The allegations of Paragraph 52 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 52 are denied as written.

LIII.

The allegations of Paragraph 53 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 53 are denied as written.

LIV.

The allegations of Paragraph 54 contain legal conclusions for which no answer is necessary; defendant further answers that plaintiffs' allegations can neither expand nor limit the law; defendant further answers that it maintains and operates flood control structures in accordance with specific contractual instructions from the United States government, as well as state and federal regulations and statutes; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 54 are denied as written.

LV.

The allegations of Paragraph 55 are denied.

LVI.

The allegations of Paragraph 56 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 56 is denied as written.

LVII.

The allegations of Paragraph 57 are denied to the extent they state or imply any

18

fault, negligence or liability on the part of this defendant.

## LVIII.

The allegations of Paragraph 58 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant.

## LIX.

The allegations of Paragraph 59 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 59 is denied for lack of sufficient information to justify a belief therein.

## LX.

The allegations of Paragraph 60 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 60 requires no answer from this defendant.

## LXI.

The allegations of Paragraph 61 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 61 requires no answer from this defendant.

## LXII.

The allegations of Paragraph 62 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 62 requires no answer from this defendant.

## LXIII.

The allegations of Paragraph 63 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers

that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 63 are denied.

### LXIV.

The allegations of Paragraph 64 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 64 are denied.

### LXV.

The allegations of Paragraph 65 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 65 are denied.

### LXVI.

The allegations of Paragraph 66 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 66 are denied.

### LXVII.

The allegations of Paragraph 67 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 67 are denied.

20

LXVIII.

The allegations of Paragraph 68 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 68 are denied.

LXIX.

The allegations of Paragraph 69 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 69 are denied.

LXX.

The allegations of Paragraph 70 are admitted.

LXXI.

Defendant requests and is entitled to a trial by jury on all issues herein.

LXXII.

Defendant reasserts and reavers each and every answer and affirmative defense plead in its original Answer as if pled in extenso herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

21

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this _____ day of _____, 2006.

_____