MINUTE ENTRY
WILKINSON, M.J.
JUNE 2, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 and consol. cases |
| BOH BROS. CONSTRUCTION CO., L.L.C. ET AL. | SECTION "K" (2) |

At the request of counsel, a telephone conference was conducted in these cases this afternoon. Participating were: David Scalia, representing various plaintiffs; William Treeby, representing defendant Washington Group International, Inc. ("WGI"); Robin Smith and Tess Finnegan, representing the United States.

Counsel advised that two expert civil engineers, one for defendant WGI and one for plaintiffs represented by liaison counsel, have opined that five or six discrete sections

MJSTAR:   : **20**

of sheet pile removed from the Industrial Canal North breach site near Florida Avenue should be preserved in their entirety for later study. They also advised that the United States Army Corps of Engineers and/or its sub-contractors had planned to cut "coupons" (samples) from the subject sheet piles for preservation and then dispose of the remainder on or about Monday, June 5, 2006. In short, the United States and its sub-contractors are not interested in maintaining this evidence intact and in its entirety, while defendant WGI, plaintiffs represented by interim counsel and perhaps other parties are interested in maintaining this evidence. Considering the representations of counsel, the record in this case, and the exigencies of the time and contractual constraints presented by the repair-reconstruction work that is being conducted at this breach site, the court enters the following interim order:

The United States Corps of Engineers and its sub-contractors must maintain the status quo concerning the subject sheet piles by leaving them intact at their current location at the side of Jordan Road near Galvez Street in New Orleans for one week, without alteration or disposal, through and including **Friday, June 9, 2006 at 5:00 p.m.** Counsel must use that time to confer immediately among themselves and with input from technical personnel at the site in a good faith effort to reach a logistical agreement by which the subject sheet piles may be stored and maintained intact, with any additional cost of doing so to be borne by the parties with an interest in maintaining this evidence,

or to file any appropriate motions if an agreement cannot be reached, supported by evidence.

At the time of the telephone conference, it appeared from the representations of counsel that this interim order would not interfere with or delay the timely completion of necessary levee/floodwall repair work at the subject site. However, if counsel for the United States learns that such an impediment to critical repair work will result from this order, he/she should immediately file a motion for its amendment, supported by evidence.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Stanwood R. Duval, Jr.