

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 26  PM 4: 40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO.: 05-4182 |
| | * | |
| | * | CONS. KATRINA CANAL |
| | * | |
| VERSUS | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * | |
| BOH BROTHERS CONSTRUCTION | * | **THIS PLEADINGS PERTAINS TO:** |
| CO., L.L.C., ET AL. | * | **06-152** |
| | * | **06-153** |
| | * | **06-169** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Encompass Cases**

## UNOPPOSED MOTION AND INCORPORATED
## MEMORANDUM TO SEVER AND PROCEED SEPARATELY

Defendant Encompass Insurance Company ("Encompass") submits this

Unopposed Motion and Incorporated Memorandum to Sever and Proceed Separately. As

set forth herein, the claims against Encompass in *Baird v. Encompass Insurance*

*Company and the Orleans Levee District*, No. 06-153, *Rogers v. Encompass Insurance*

*Company and the Orleans Levee District*, No. 06-152, and *Humphreys v. Encompass*

*Insurance Company and the Orleans Levee District*, No. 06-169 (hereinafter collectively

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

1

referred to as the "Encompass Suits") should be severed and/or proceed separately from the towering mass of levee board cases. All of the plaintiffs in the Encompass Suits (the Bairds, Humphreys and Rogers, hereinafter referred to collectively as "Plaintiffs") recently filed Rule 41 Stipulations of Partial Dismissal, requesting a dismissal with prejudice of their claims against the Orleans Levee District.  Plaintiffs' filing was prompted by their desire to have their cases severed from the mass of consolidated levee district cases.  Now, the Encompass Suits solely consist of individual actions against Encompass involving claims under homeowners insurance policies.  The Encompass Suits involve separate and distinct factual allegations and legal issues and no longer have anything to do with the facts or issues regarding the Orleans Levee District.  Plaintiffs and Encompass agree that they will be prejudiced and delayed in their litigation by continued consolidation with the numerous levee board cases.  Accordingly, severance is appropriate, and Encompass' unopposed motion should be granted.

## FACTS

The Encompass Suits consist of three individual cases brought by homeowners who allege that Encompass acted arbitrarily and capriciously in handling their insurance claims for damages resulting from Hurricane Katrina. Plaintiffs also named the Orleans Levee District as a defendant, alleging that it was negligent in its maintenance of the 17th Street Canal levee and was liable for resulting flood damage to Plaintiffs' homes. The suits were originally filed in Orleans Civil District Court and timely removed to this Court. The Plaintiffs filed a motion to remand, which Encompass

opposed on the basis that the Orleans Levee District had been improperly joined. Encompass also filed a motion to sever and proceed separately from the Orleans Levee District. Considering the Rule 41 Stipulation of Partial Dismissal filed by plaintiffs, the Court denied the pending motions as moot. *See* Rec. Do. No. 432.

Because the Encompass Suits also included the Orleans Levee District, they were consolidated with the numerous other cases involving the Orleans Levee District. *See* Order dated 4/11/06, Rec. Doc. No. 33 in Docket No. 06-153. The levee board cases name the Board of Commissioners for the Orleans Levee District ("Orleans Levee District"), among others, as a defendant, and seek a determination regarding why or how the breaches occurred and who is responsible for the breaches. Recently, Plaintiffs filed Rule 41 Stipulations of Partial Dismissal, requesting a dismissal with prejudice of their claims against the Orleans Levee District. Now, there remain no common issues, either factually or legally, with the consolidated levee cases.

Unlike many of the levee board cases, no contractor, engineer, or *governmental agency is named as a defendant in the* Encompass Suits, and the Encompass Suits do not seek a determination regarding which entity was at fault regarding the levee breaches or the flooding related to the 17th Street Canal.[1] Instead, the Encompass Suits solely present legal questions regarding the proper interpretation of insurance policies, and specifically, the applicability and enforceability of certain

---

[1]     The *Chehardy* case similarly neither involves a contractor, engineer, or governmental agency as a defendant nor requires resolution of the cause of the levee breaches.

exclusions contained in those policies, including the well-settled flood exclusion. Because the Encompass Suits present issues of law pertaining to contract interpretation that can be addressed without regard to the cause of the levee breaches, no purpose is served by a continued consolidation of the Encompass Suits with the levee board cases. The Court should not allow the straightforward coverage claims in the Encompass Suits to be bogged down in the complicated and irrelevant issues raised by the levee board cases.

## ARGUMENT AND AUTHORITIES

### 1.   The Encompass Suits and the Levee Board Cases Should Be Severed Because the Issues and Parties are Different.

"Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." Fed. R. Civ. P. 42; *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761-62 (5th Cir.1989); *St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 990 (5th Cir. 1980); *Alomang v. Freeport-McMoran, Inc.,* No. 96-2139, 1996 WL 601431, *9 (E.D. La. Oct. 17, 1996) (Duval, J.) ("Consolidation is permitted when two or more cases pending before the court present common questions of law and fact."). Courts consistently have recognized, however, that consolidation is improper where the issues in the suits are different (*e.g., Picard v. American Tobacco Co.,* No. 95-985, 1996 WL 156861, *2 (E.D. La. Apr. 3, 1996); *Guillermo Sintes Reyes, S.A. v. Opulence Transport Corp.,* No. 92-2312, 1993 WL 114522, *1 (E.D. La. Apr. 9, 1993)), and "where the cases are at different stages of

4

preparedness for trial." *Mills*, 886 F.2d at 762; *St. Bernard Gen. Hosp.*, 712 F.2d at 990 (citing *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164 (D. Del. 1973) and *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204 (S.D.N.Y. 1971) (even though cases were somewhat similar, where they were at different stages, consolidation denied)). Consolidation also is improper if it would prejudice the rights of the parties. *St. Bernard Gen. Hosp.*, 712 F.2d at 989; *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966).

Particularly in light of the Plaintiffs' recent stipulation of dismissal with prejudice of their claims against the Orleans Levee District, continued consolidation of the Encompass Suits with the levee board cases is improper. The suits involve totally independent claims asserted by different plaintiffs against different defendants, and there are no longer any common issues among these cases. Because the cases are based on different facts involving different parties, and will involve the application of different laws to different legal theories, they should be severed. *E.g.*, *Picard*, 1996 WL 156861, at *2 (no consolidation of suit seeking damages for alleged injury of nicotine addiction and suit for wrongful death allegedly due to lung cancer caused by smoking); *Guillermo Sintes Reyes, S.A.*, 1993 WL 114522, at *1 (no consolidation even though both suits involved the same company's failure to pay an agent and various suppliers; cases involved different laws and were at different stages).

The unrelated plaintiffs' claims against the Orleans Levee District and others in the levee board cases involve complicated facts regarding its actions or

inactions with respect to maintenance of the levee and stormwalls, the resolution of which likely will involve a multitude of experts opining on numerous, complex causation issues.   Yet resolution of whether the Orleans Levee District or another party was negligent is not required to adjudicate the insurance claims against Encompass in the Encompass Suits.   Indeed, the Plaintiffs' claims against Encompass are straightforward insurance claims.   These claims can be resolved by mere reference to the language contained in the Plaintiffs' homeowner policies themselves and applicable case law.

While the Plaintiffs have claimed that the levee breaches were caused by negligence, the issue of *why* or *how* the breaches occurred and *who* was responsible for them is completely irrelevant to their claims against Encompass and does not provide any basis for consolidating the Encompass Suits with the levee board cases.   This is because coverage under Encompass' homeowner policies is triggered by property damage to the insured's home caused by a covered peril, and Encompass' homeowner policies specifically exclude from coverage water damage, whether the water was wind driven or not, and property damage arising from negligent design, construction, or maintenance. Because the issue of who or what caused the levee breaches is completely irrelevant to the claims in the Encompass Suits, the Encompass Suits should be severed from the levee board cases.

**2.      Severance Is Required to Avoid Prejudice to Encompass and Plaintiffs.**

Severance also is necessary to prevent undue prejudice to Plaintiffs and Encompass.[2] If the cases are not severed, Encompass likely will be prejudiced in at least two ways. First, Encompass will be prejudiced if these cases are tried together because courts have long recognized that when multiple claims are tried together, a risk of jury confusion and prejudice exists which prevents a fair and impartial trial.   *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989). The risk of jury confusion is particularly great where, as here, the parties' situations are diverse and the joinder produces a large body of evidence. *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 371 (2d Cir. 1993). As explained in *Repetitive Stress*:

> The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's -- and defendant's -- cause not be lost in the shadow of a towering mass litigation.

*Id.* at 373.

Second, if the Encompass Suits are not severed from the levee board cases, Encompass and Plaintiffs will suffer prejudice and expense from being embedded in the towering mass of the levee board cases, which involve complex and unrelated issues, the resolution of which may take years and undoubtedly will require extensive investigation and discovery. Indeed, significant time and great expense will be, and already have been, required just to review the multitude of pleadings that are being filed every day in the levee board cases. *St. Bernard Gen Hosp.,* 712 F.2d at 990 ("The delay

---

[2]      Federal Rule of Civil Procedure 42(b) expressly allows a court to order separate trials to prevent prejudice.

7

to the instant action . . . reasonably could have led to the conclusion that this case should be heard separately from the consolidated cases.").

In short, the issues in the Encompass Suits are separate and distinct from those in the levee board cases. The Encompass Suits should be severed.

## CONCLUSION

Encompass respectfully urges the Court to grant its Unopposed Motion to Sever and Proceed Separately. The Encompass Suits involve different issues and parties from those in the levee board cases, and thus should be treated separately to avoid prejudice to both Plaintiffs and Encompass and undue delay.

Respectfully submitted,

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
Of
BARRASSO USDIN KUPPERMAN,
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Encompass Insurance Company

8

# **C E R T I F I C A T E**

     I hereby certify that a copy of the above and foregoing Unopposed Motion and Incorporated Memorandum to Sever and Proceed Separately has been served upon all counsel of record by electronic mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly addressed this 26th day of May, 2006.