# KINGSMILL RIESS, L.L.C.
## COUNSELLORS AT LAW

MARGUERITE K. KINGSMILL*
MICHAEL R. C. RIESS
JOHN M. DUBREUIL
CHARLES B. COLVIN*
THOMAS P. HENICAN
CHRISTY R. BERGERON*
CYNTHIA BOLOGNA MCINTYRE
*ALSO ADMITTED IN TEXAS

201 ST. CHARLES AVENUE
SUITE 3300
NEW ORLEANS, LOUISIANA 70170-3300
TELEPHONE (504) 581-3300
TELECOPIER (504) 581-3310

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN -6 AM 7:35
LORETTA G. WHYTE
CLERK

MORGAN CHASE TOWER
SUITE 7070
600 TRAVIS STREET
HOUSTON, TEXAS 77002
TELEPHONE (713) 222-6950
TELECOPIER (713) 222-6955

WRITER'S E-MAIL:
MRIESS@KINGSMILLRIESS.COM

May 16, 2006

**By Hand Delivery**
Honorable Joseph C. Wilkinson, Jr.
B409 Hale Boggs Federal Bldg.
500 Poydras Street
New Orleans, Louisiana 70130

Re: *Colleen Berthelot, et al. v. Boh Bros. Construction Co., L.L.C., et al.*
United States District Court, Eastern District of Louisiana
Civil Action No. 05-4182, Section K, Magistrate (2), Cons. Katrina Canal

**Status Report and Work Protocol for
Preservation of Evidence at 17th Street Canal T-Wall Repair Project**

Dear Judge Wilkinson:

Pursuant to your request made on Wednesday, May 10, 2006, and again on May 12, 2006 (at the status conference with all counsel with Judge Duval in attendance), undersigned counsel, on behalf of Boh Bros., is responding to certain preservation of evidence and/or work protocol discovery issues pertaining solely to the ongoing work now being performed by Boh Bros. at the 17th Street Canal breach site. This report has been formulated after receiving input from plaintiff's liaison counsel, Hugh Lambert and Ashton O'Dwyer, who are also being copied on this report, in addition to other liaison counsel for the plaintiffs and defendants in these matters.

1. **Opportunity to Inspect the Edges and/or Sides of the Concrete Monoliths at the 17th Street Canal**

As I disclosed in open court on May 12, 2006, I am pleased to report to the Court that the edges or sides of the existing concrete monoliths in their current configuration can be made available for inspection to the representatives of the plaintiffs in this matter without either incurring additional costs or substantially impeding or delaying the construction of the T-Wall repair at the 17th Street Canal. Boh Bros. will be required to excavate the existing debris, rip rap, sandbags, etc. that were placed in the breach site of the 17th Street Canal in order for access and inspection to be made to the edges of the concrete monoliths. After this excavation of material, that was only put in the breach site as a temporary patch post-Katrina, the monoliths, including the corner sections or sides of the monoliths, will be exposed and can be inspected. This inspection will include "water stops", if they remain intact. Some of these water stops are plainly evident and visible, as certain of the monoliths have not been covered up by the "temporary patch".

**KINGSMILL RIESS, L.L.C.**

Honorable Joseph C. Wilkinson, Jr.
May 16, 2006
Page 2

2.  **Can The Connections Of The Existing Concrete Monoliths Where They Meet The Existing Sheeting At The 17th Street Canal Be Made Available For Inspection And Photographing?**

    As I explained in open court on May 12, 2006, the answer is "maybe", but "Boh Bros. is not sure". Let me explain the answer and the work procedure that Boh Bros. will follow in trying to expose the "connections".

    It simply is impossible to just dig a trench down an additional six to seven feet (from the current trench level) to expose the concrete monoliths where they meet the sheeting. This would require the construction of a separate coffer dam that would have to surround the entirety of the project that would be both cost prohibitive and severely impact the completion of this repair project.

    However, as part of its contract with the Corps of Engineers, Boh Bros. is required to remove the existing concrete monoliths and existing sheeting that were put in place many years ago. Thus, Boh Bros. must necessarily dig down to the connection in order to remove the concrete monolith and existing sheeting, *i.e.*, to grab a hold of the sheeting and pull it out of the ground. In "layman's terms" this is how Boh Bros. plans to perform this scope of work with the desire to expose the "connections", as per its contract with the Corps:

    A.  Boh Bros. will remove all of the debris and rubble (put in during the temporary breach repair) sitting on top of these concrete monoliths and sheeting;

    B.  Boh Bros. will then expose the concrete monoliths and IPET/Plaintiffs' attorneys will be able to inspect same in accordance with the inspection protocol disclosed below;

    C.  After the inspection of the concrete monoliths have been performed, Boh Bros. is then required by contract to demolish these monoliths with a vibration hammer, *i.e.*, bust up the concrete and rebar, while at the same time digging down to the level where Boh Bros. can tie into the sheeting in order to pull it out of the ground;

    D.  Boh Bros. will utilize its best efforts to demolish the concrete monoliths before the struts are put in place, so as to possibly not break the connections where the sheeting is attached to these concrete monoliths when demolishing the monoliths themselves;

    E.  If Boh Bros. is successful in demolishing the concrete monoliths at a level that does not "break" the connections between the existing sheeting and the concrete monoliths, then these "connections" can be inspected and reviewed; and

**KINGSMILL RIESS, L.L.C.**

Honorable Joseph C. Wilkinson, Jr.
May 16, 2006
Page 3

> F.   After the "connections" are inspected and photographed, then Boh Bros. will remove the existing sheeting, at which time the sheeting will be measured, marked for identification and photographed, as has been done in the past, *i.e.*, on December 12 and 13, 2005.

Please understand that Boh Bros. cannot guarantee that these connections where the existing concrete monoliths attach to the sheeting will remain intact during this demolition process, as it is very difficult to control the demolition process using a 6,000 pound vibration hammer.

Boh Bros., through undersigned counsel, represents to this Honorable Court, that plaintiffs nor their counsel, stipulate to or agree with the "report" made by undersigned counsel contained in Item Nos. 1 and 2 above. Rather, Item Nos. 1 and 2 above merely represent the report by Boh Bros. back to the Court in response to the Court's prior directives.

3.   **Joint Agreement For Inspection / Preservation Of Evidence Relating To The Excavation, Demolition And Removal Process At The 17th Street Canal**

After conferring with Hugh Lambert and Ashton O'Dwyer, representatives of the plaintiffs' liaison committee, we have agreed to the following work/inspection protocol, balancing the interest of the plaintiffs' counsel to inspect and preserve evidence that they believe to be relevant and critical, on the one hand, and the interests of Boh Bros. and the Corps of Engineers in not creating additional costs and/or delay in timely completing the emergency repair work at the breach site on the 17th Street Canal:

> A.   Boh Bros., through Tom Sherburne, Quality Control Manager of Boh Bros., will send the "Daily Reports" to undersigned counsel for Boh Bros., Michael Riess, at which time counsel for Boh Bros. will forward same via e-mail to Hugh Lambert, Ashton O'Dwyer, Joe Bruno, on behalf of the plaintiffs' liaison committee, and Ralph Hubbard and William Treeby and Robin Smith/Traci Colquette, on behalf of the defendants in the "levee litigation" matters. Boh Bros., through Tom Sherburne, prepares these "Daily Reports" by no later than noon of the next day describing the work activities that Boh Bros. performed during the previous work day. Undersigned counsel of Boh Bros. will receive these daily reports by no later than 1:00 p.m. on the succeeding day describing the previous days work activities, and will promptly forward same to the counsel disclosed above with any particular comments that are appropriate relating to the excavation, demolition or removal of the levee system that was in place at the time Katrina struck on August 29, 2005. This "Daily Report" will also contain a section that will, on a best efforts basis only, identify what excavation, demolition or removal work relating to the monoliths/sheeting that plaintiffs are interested in seeing on an "look ahead" schedule of three – five days;

**KINGSMILL RIESS, L.L.C.**

Honorable Joseph C. Wilkinson, Jr.
May 16, 2006
Page 4

    B.    Plaintiffs' counsel shall notify by e-mail, Robin Smith, Traci Colquette and Tess Finnegan, counsel for the United States Government, regarding the identity of those individuals that would like to visit the 17th Street Canal breach site by no later than 5:00 p.m. CDT on the day before any planned site inspection or visit. This notification will permit the Corps of Engineers to have an on-site representative at the inspection to coordinate the site inspection activities on the project;

    C.    All parties expressly understand and acknowledge that this "look ahead" schedule is on a best efforts basis only and is not a guarantee that the work described in the "look ahead" schedule will, in fact, occur on that particular date. Undersigned counsel for Boh Bros. will be in constant communication with Tom Sherburne of Boh Bros. to communicate any alterations or changes to any scheduled work activities that involve the excavation, removal or demolition of any of the materials that formed the levee system as of August 29, 2005, and shall promptly notify all counsel by e-mail or telephone relating to changes in work schedules;

    D.    All parties expressly understand and acknowledge that Boh Bros.' personnel, in liaison with the Corps of Engineers' representatives are in sole control of safety on this 17th Street Canal refurbishment project. Accordingly, while plaintiffs' counsel and their representatives/experts shall be permitted to inspect, view, photograph, videotape, etc. the material that they would like to see, as disclosed above, all parties and their representatives expressly acknowledge and agree that representatives of Boh Bros. and the Corps of Engineers shall be in sole control of directing safety and safe areas;

    E.    In the event that plaintiffs' counsel feel that they have been denied access and/or have problems complying with the directives made by the representatives of Boh Bros. and the Corps of Engineers on the project, then they shall be directed to contact undersigned counsel for Boh Bros. in a prompt fashion in order to try and work out the logistics of the particular request/dispute. Undersigned counsel for Boh Bros. can be contacted at the following numbers:

        Michael R. C. Riess, Esq.
        Kingsmill Riess, L.L.C.
        201 St. Charles Avenue, Suite 3300
        New Orleans, Louisiana 70170
        Telephone: 504-581-3300
        Cell: 504-722-2747
        mriess@kingsmillriess.com

**KINGSMILL RIESS, L.L.C.**

Honorable Joseph C. Wilkinson, Jr.
May 16, 2006
Page 5

>Charles B. Colvin, Esq.
>Kingsmill Riess, L.L.C.
>201 St. Charles Avenue, Suite 3300
>New Orleans, Louisiana 70170
>Telephone: 504-619-6148
>Cell: 504-858-1875
>ccolvin@kingsmillriess.com
>
>Lesley M. Barre'
>(Legal Assistant to Michael Riess and Charles Colvin)
>Kingsmill Riess, L.L.C.
>201 St. Charles Avenue, Suite 3300
>New Orleans, Louisiana 70170
>Telephone: 504-619-6142

F.   In the further event that counsel for Boh Bros. and the Corps, on the one hand, and counsel for the plaintiffs cannot work out the dispute, then plaintiffs reserve the right to file an appropriate motion with the court relating to the particular dispute surrounding the preservation of evidence/inspection and photographing of same, etc. Correspondingly, counsel for Boh Bros. reserves the right to file a Motion for Protective Order that pertains to the same issues. Hopefully, these differences, if any, will be worked out in the field.

**4.   How Many People Can Attend These Site Visits and Check In Procedure**

Plaintiffs, through their attorneys and representatives, shall be permitted to have no more than four attorneys and no more than four other representatives/experts in attendance at any inspection/preservation of evidence site visit to the 17th Street Canal. Correspondingly, defendants shall be likewise limited to four attorneys and four representatives/experts.

Additionally, all counsel and their representatives shall be required to report to the project superintendent and/or quality control manager (Tom Sherburne) prior to the visitors entering the site and only during the prescribed time agreed for site inspections at the 17th Street Canal T-wall repair project. No unauthorized and/or unannounced visitations to the site will be permitted. Additionally, all authorized visitors must have the necessary personal protective equipment, *i.e.*, standard issue hardhat, steel toed shoes, safety vests, eye protection, which personal protection equipment is required by Boh Bros.' contract with the Corps of Engineers for all personnel on site.

## CONCLUSION

All counsel recognize that this inspection/work protocol is not "etched in stone", as it may be tweaked and revised, depending on exactly how the process will be implemented and actually works. The parties will continue to balance the interests of the plaintiffs' desire to

**KINGSMILL RIESS, L.L.C.**

Honorable Joseph C. Wilkinson, Jr.
May 16, 2006
Page 6

preserve evidence and/or inspect those materials in the existing levee system with the interests of not increasing the cost of performing this refurbishment job and/or not impeding or delaying the orderly completion of this emergency repair work. If and when their needs to be a revision to the inspection/work protocol disclosed above, we will report back to Judge Wilkinson.

    Best regards.

                                    Yours very truly,

                                    Michael R. C. Riess

MRCR/lmb

cc:    *(Via E-mail Only)*
        Hugh P. Lambert, Esq.
        Ashton R. O'Dwyer, Jr.
        Joseph M. Bruno, Esq.
        Ralph S. Hubbard, III, Esq.
        William D. Treeby, Esq.
        Robin D. Smith, Esq.
        Traci L. Colquette, Esq.
        Catherine J. Finnegan, Esq.