U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN - 5 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT, ET AL., | CIVIL ACTION NO. 05-4182

VERSUS

BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | SECTION "K"(2) CONS. KATRINA CANAL

THIS DOCUMENT RELATES TO:

06-2152

---

**ANSWER AND AFFIRMATIVE DEFENSES OF MIKE HOOKS, INC.**

Defendant, Mike Hooks, Inc., responds to the Class Action Complaint ("Complaint") filed by plaintiff, Phillip Reed, as follows:

I.

The Complaint filed by plaintiff, Phillip Reed, fails to state a cause of action against this defendant for which relief may be granted.

II.

The Complaint fails to meet the prerequisites for a class action.

III.

Plaintiff's claims against Mike Hooks, Inc. are barred by prescription or laches.

IV.

Plaintiff's claims fall, in whole or in part, as he lacks a right of action, standing or capacity, to bring some or all of the claims alleged in his complaint.



V.

Plaintiff's claims fall, in whole or in part, as plaintiff has failed to join indispensable parties.

VI.

Plaintiff's claims are barred as the facts alleged by plaintiff are considered an act of God, force majeure, fortuitous event or extraordinary manifestation of the forces of nature.

VII.

Mike Hooks, Inc. is entitled to, and claims, immunity from, or limitation of, liability afforded by La.R.S. 9:2771.

VIII.

Plaintiff's claims against Mike Hooks, Inc. are barred, as any work done by Mike Hooks, Inc. was performed under the supervision, direction and control of the United States Corps of Engineers, such that Mike Hooks, Inc. is immune from suit and liability in accordance with the government contractor defense.

IX.

Plaintiff has failed to mitigate his damages.

X.

Mike Hooks, Inc. invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by plaintiff was directly and proximately caused by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct Mike Hooks, Inc. is not responsible.

XI.

Mike Hooks, Inc. invokes and adopts all affirmative and constitutional defenses available

under federal law or the laws of other jurisdictions that may subsequently be determined to apply to this action.

XII.

Mike Hooks, Inc. affirmatively alleges that, to the extent plaintiff has received payment for any of the alleged injuries or damages from any individual or corporate or government entity, Mike Hooks, Inc. is entitled to a credit and/or offset in the amount of said payments.

XIII.

Mike Hooks, Inc. is entitled to exoneration from liability for the losses and damages alleged by plaintiff. Notwithstanding this fact, Mike Hooks, Inc. claims the benefits of limitation of, or exoneration from, liability as provided in 46 U.S.C. §§ 181, et seq.

XIV.

Mike Hooks, Inc. adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such affirmative defense applies to Mike Hooks, Inc.

XV.

Now answering the specific allegations contained in the Complaint, Mike Hooks, Inc. avers:

1.

The allegations contained in Paragraph One (1) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

2.

The allegations contained in Paragraph (2) of the Complaint are denied for a lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph Three (3) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

4.

The allegations contained in Paragraph Four (4) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

5.

The allegations contained in Paragraph Five (5) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

6.

The allegations contained in Paragraph Six (6) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

7.

The allegations contained in Paragraph Seven (7) of the Complaint do not require an answer of this defendant.

8.

The allegations contained in Paragraph Eight (8) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

9.

The allegations contained in Paragraph Nine (9) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

10.

The allegations contained in Paragraph Ten (10) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

11.

The allegations contained in Paragraph Eleven (11) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

12.

The allegations contained in Paragraph Twelve (12) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

13.

The allegations contained in Paragraph Thirteen (13) of the Complaint do not require an

answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

14.

The allegations contained in Paragraph Fourteen (14) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

15.

The allegations contained in Paragraph Fifteen (15) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

16.

The allegations contained in Paragraph Sixteen (16) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

17.

Mike Hooks, Inc. admits that, under the supervision, direction and control of the United States Army Corps of Engineers, Mike Hooks, Inc. completed a marine dredging project of a portion of the Mississippi River Gulf Outlet during 2001. The remaining allegations contained in Paragraph Seventeen (17) of the Complaint do not require an answer of this defendant. However, should an additional answer be deemed necessary, the allegations are denied for a lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph Eighteen (18) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph Ninteen (19) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph Twenty (20) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph Twenty-one (21) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph Twenty-two (22) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph Twenty-three (23) of the Complaint do not require

an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

24.

The allegations contained in Paragraph Twenty-four (24) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

25.

The allegations contained in Paragraph Twenty-five (25) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

26.

The allegations contained in Paragraph Twenty-six (26) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

27.

The allegations contained in Paragraph Twenty-seven (27) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

28.

The allegations contained in Paragraph Twenty-Eight (28) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

29.

The allegations contained in Paragraph Twenty-nine (29) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

30.

The allegations contained in Paragraph Thirty (30) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

31.

The allegations contained in Paragraph Thirty-one (31) of the Complaint do not require an answer of this defendant.

32.

The allegations contained in Paragraph Thirty-two (32) of the Complaint are denied.

33.

The allegations contained in Paragraph Thirty-three (33) of the Complaint are denied.

34.

The allegations contained in Paragraph Thirty-four (34) of the Complaint are denied.

35.

The allegations contained in Paragraph Thirty-five (35) of the Complaint do not require an answer of this defendant.

36.

The allegations contained in Paragraph Thirty-six (36) of the Complaint are denied.

37.

The allegations contained in Paragraph Thirty-seven (37) of the Complaint are denied.

38.

The allegations contained in Paragraph Thirty-eight (38) of the Complaint are denied.

39.

The allegations contained in Paragraph Thirty-nine (39) of the Complaint do not require an answer of this defendant.

40.

The allegations contained in Paragraph Forty (40) of the Complaint are denied.

41.

The allegations contained in Paragraph Forty-one (41) of the Complaint are denied.

42.

The allegations contained in Paragraph Forty-two (42) of the Complaint are denied.

43.

The allegations contained in Paragraph Forty-three (43) of the Complaint do not require an answer of this defendant.

44.

The allegations contained in Paragraph Forty-four (44) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

45.

The allegations contained in Paragraph Forty-five (45) of the Complaint do not require an

answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

Wherefore, Mike Hooks, Inc. prays that this answer be deemed good and sufficient and that, after due proceedings are had, Judgment be rendered in its favor and against plaintiff, dismissing plaintiff's Complaint at his costs, and for all general and equitable relief deemed appropriate by this Court.

Respectfully submitted,

**LUNDY & DAVIS, L.L.P.**

SAMUEL B. GABB, T.A. (La. Bar No. 22378)
THOMAS P. LeBLANC (La. Bar No. 22832)
501 Broad Street
Lake Charles, LA 70601
(337) 439-0707
(337) 439-1029 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties by mailing same to each properly addressed and postage prepaid, on this 1st day of June, 2006.

SAMUEL B. GABB