UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., LLC, ET AL, | * | SECTION "K" (2) |
| | * | |
| *   *   *   *   *   *   *   * | | CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO:  ALL ACTIONS

UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO CLARIFY ORDER REQUIRING EVIDENCE
PRESERVATION (RECORD DOCUMENT 370-1)

In response to the United States' motion for clarification of the order on evidence preservation (R.D. 286), three groups of plaintiffs have submitted memoranda in opposition. Although their memoranda assert that the order is "clear," none of them even attempts to explain how the United States could comply with the obligations that would be imposed under the plaintiffs' unconstrained construction of the order. It is one thing to baldly assert that the order "is clear in stating that *all tangible items and other materials of any kind* are to be preserved." It is another to explain how to reconcile that language with the undisputed necessity of destroying concrete monoliths that stand in the way of the restoration of the hurricane protection system.

1

The United States' construction of the evidence preservation order is reasonable and proper.

Contrary to the plaintiffs' assertions, the United States' motion was prompted by the need to find out whether the United States' understanding of the order is correct, since the order imposes obligations on the United States. When the motion was filed, there were aspects of the order itself that supported the United States' understanding—for example, the allusion to the protocols that governed the material recoveries conducted for the Interagency Performance Evaluation Task Force. The procedural context also supported the United States' understanding—for example, the testimony of IPET members about their work and the recovery of certain materials, which immediately preceded and laid the foundation for the order. The plaintiffs' perfunctory opposition does not even address these clues to the order's import, much less attempt to fit them into a coherent framework for understanding the order.

Developments in the litigation since entry of the order confirm the United States' understanding.

Since the order was entered, the parties and the Court have continued to wrestle with the dilemma posed by the competing necessities of repairing levees and floodwalls and preserving evidence probative of material issues in these consolidated cases. Developments subsequent to the entry of the order seem to confirm the United States' understanding that the references to "all tangible items" and "other materials of any kind" apply only to the materials recovered and to be recovered for the IPET and the documents associated with those recoveries; those references cannot be properly read to require the preservation of all materials of any kind at the breach sites, (much less all materials of any kind related to this litigation). The plaintiffs in case 05-4181 (the *O'Dwyer* plaintiffs) have filed numerous motions complaining of what they say is the destruction of evidence at various sites where levees and floodwalls are being repaired and reconstructed, but the Court has refrained from ordering that all of the materials sought by these plaintiffs be

preserved. Furthermore, the parties and the Court have been advised that excess materials and debris from levee construction sites are being scrapped and, with few exceptions, no one has objected or sought a restraining order to prevent the disposal of these materials.

Far from seeking an order requiring preservation of all materials, the plaintiffs in cases 05-5237, 05-6073, and 05-6327 have agreed to a protocol that merely provides notice and an opportunity to seek preservation before remaining materials are scrapped. If the plaintiffs truly believed that the order on evidence preservation requires the retention of all such materials, surely they would not have subscribed to a protocol that allows these materials to be scrapped. Attorneys and consultants for the plaintiffs have visited the construction site on the east side of the Industrial Canal, where hundreds of old sheet piles are stacked up. Yet they expressed a desire to preserve only five or six sheets out of the hundreds. No one has even adduced any reasons why all of the old materials from the miles and miles of levees that were damaged by Katrina should be retained. The opposition to the United States' motion rings hollow in light of the plaintiffs' contrary conduct.

<u>The United States' construction of the order is sufficient for the needs of the parties.</u>

The United States has voluntarily implemented a practice of notifying the plaintiffs (indeed, all of the litigants) when destruction or disposal of materials of interest to the parties is imminent. The Court has ratified the protocols developed by the United States whereby representatives of the parties are afforded opportunities to view operations of interest and to examine materials that are destined for destruction or disposal. Where practicable, the United States has preserved items of interest to the parties or has allowed the parties who advocate preservation to assume custody of the materials. Because many of the construction projects are nearing completion, the Army Corps of Engineers has asked the contractors at the various sites to

provide lists of remaining excess materials and debris.  Under existing contracts, the contractors are authorized to take possession of these materials and are responsible for their removal from the sites before the contracts are closed out.  Because of this litigation, however, the Corps has instructed its contractors not to remove these materials until after the litigants have been informed of their existence and given an opportunity to inspect them and seek their preservation.  The protocol for the Mississippi River - Gulf Outlet was devised specifically to provide an opportunity to view these materials should anyone desire to.

Given the cooperation of the United States and the other litigants with respect to these materials, it would be appropriate for the Court to clarify that the order previously entered does not apply to materials other than those that have been or will be recovered for the IPET. To the extent that materials beyond those of interest to the IPET are of interest to the litigants, protocols and procedures for seeking their preservation have been devised.  In the event that evidentiary issues cannot be resolved amicably by the parties, anyone is entitled to file a motion to preserve specific evidence that is relevant to this litigation.  The order on preservation of evidence so provides.

<u>Imposing a broad order on the United States alone would be inappropriate.</u>

Since the order was entered, it has become more and more obvious that evidence relevant to this litigation is in the possession of numerous entities—not only various parties to this litigation but also outside entities, such as the self-named Independent Levee Investigation Team (better known as the Berkeley group), which recently published a report citing various forms of evidence gathered by that team.  Without leave of the Court, the plaintiffs in case no. 06-2268 (the *Robinson* plaintiffs) have begun to subpoena evidence from non-parties.  The *O'Dwyer* plaintiffs have acquired photographs taken by a renowned photographer.  Other parties surely are

in the possession of evidence that they have a duty to preserve.  In short, there is no basis for an order directed solely to the United States and imposing broad and general obligations to preserve evidence only on it.  If a general evidence preservation order should be thought necessary, then its terms should impose obligations equally on all of the litigants and not solely on the United States.  At present, however, the need for such an order is not apparent.  Accordingly, the United States requests clarification of the obligations imposed by the evidence preservation order that was entered on May 4, 2006.

## CONCLUSION

For these reasons, the United States' motion for clarification should be granted.

Respectfully submitted,

PAUL F. FIGLEY
Deputy Director, Torts Branch
Civil Division

s/ Robin D. Smith
ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

**CERTIFICATE OF SERVICE**

I, Robin D. Smith, hereby certify that on June 6, 2006, I served a true copy of the foregoing Motion for Leave to File Reply Memorandum upon the following parties by ECF, electronic mail, facsimile, or first class mail:

William Aaron
waaron@goinsaaron.com

Neil Abramson
abramson@phelps.com

Jonathon Beauregard Andry
jandry@andrylawfirm.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

Judy Barrasso
jbarrasso@barrassousdin.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Robert Becnel
ROBBECNEL@aol.com

Kelly Cambre Bogart
kbogart@duplass.com

Terrence L. Brennan
tbrennan@dkslaw.com

Joseph Bruno
jbruno@brunobrunolaw.com

Thomas Darling
tdarling@grhg.net

Kevin Derham
kderham@duplass.com

Joseph Vincent DiRosa Jr.
jvdirosa@cityofno.com

Walter Dumas
wdumas@dumaslaw.com

Lawrence Duplass
lduplass@duplass.com

Calvin Fayard
calvinfayard@fayardlaw.com

Thomas Francis Gardner
gardner@bayoulaw.com

Thomas Gaudry
tgaudry@grhg.net

Joseph Guichet
jguichet@lawla.com

Jim S. Hall
jodi@jimshall.com

Robert Harvey
rgharvey@bellsouth.net

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

David Blayne Honeycutt
DBHoneycutt@aol.com

Ralph Hubbard
rhubbard@lawla.com

Darlene Marie Jacobs
dollyno@aol.com

6

Tamara Kluger Jacobson
tkjacobson@aol.com

Michael Courtney Keller
kellerm@ag.state.la.us

Stephen Kreller
sskreller@gmail.com

Hugh Lambert
hlambert@lambertandnelson.com

John M. Landis
jlandis@stonepigman.com

Mickey Landry
mlandry@landryswarr.com

Wade Langlois
wlanglois@grhg.net

Wayne J. Lee
wlee@stonepigman.com

F. Gerald Maples
federal@geraldmaples.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Gordon McKernan
gemckernan@mckernanlawfirm.com

Gerald A. Melchiode
jmelchiode@gjtbs.com

Gerald Edward Meunier
dmartin@gainsben.com

Penya Moses-Fields
pmfields@cityofno.com

James Bryan Mullaly
jamesmullaly1@hotmail.com

Betty Finley Mullin
bettym@spsr-law.com

J. Wayne Mumphrey
jwmumphrey@mumphreylaw.com

John Francis Nevares
jfnevares-law@microjuris.com

James L. Pate
jpate@ln-law.com

Ronnie Penton
rgp@rgplaw.com

Drew A. Ranier
dranier@rgelaw.com

Michael R.C. Riess
mriess@kingsmillriess.com

Camilo Kossy Salas
csalas@salaslaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

George Simno
gsimno@swbno.org

Randall A. Smith
rasmith3@bellsouth.net

Christopher Kent Tankersley
ctankersley@burglass.com

Sidney Torres
storres@torres-law.com

William Treeby
wtreeby@stonepigman.com

7

Richard John Tyler
rtyler@joneswalker.com

Gregory Varga
gvarga@rc.com

Jesse L. Wimberly
wimberly@nternet.com

Bob Wright
bobw@wrightroy.com

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Christopher W. Martin
martin4@mdjwlaw.com

Martin R. Sadler
sadler@mdjwlaw.com

David R. Simonton
dsimonton@sonnenschein.com

John Herr Musser
jmusser@bellsouth.net

Dennis Phayer
dphayer@burglass.com

Julia E. McEvoy
jmcevoy@JonesDay.com

George T. Manning
gtmanning@jonesday.com

Wystan M. Ackerman
wackerman@rc.com

Adrian Wagerzito
adrianwagerzito@jonesday.com

Andy Greene
agreene@sonnenschein.com

Jerry McKernan
jemckernan@mckernanlawfirm.com

Belhia Martin
belhiamartin@bellsouth.net

James Rather
jrather@mcsalaw.com

Seth Schmeeckle
sschmeeckle@lawla.com

Matthew D. Schultz
mschultz@levinlaw.com

Clay Mitchell
cmitchell@levinlaw.com
ksmith@levinlaw.com

Nina D. Froeschle
nfroeschle@osmlaw.com

Thomas V. Girardi
tgirardi@girardikeese.com

John W. deGravelles
deidson@dphf-law.com

Craig Frank Holthaus
fholthaus@dphf-law.com

Lawrence D. Wiedemann
FAX: 504-581-4336

Clayton Morris Connors
625 Baronne Street
New Orleans, LA 70113

                        Deborah Louise Wilson
                        317 Magazine Street
                        New Orleans, LA 70130

                        Joseph W. Hecker
                        619 Europe Street , 2nd Floor
                        Baton Rouge, LA 70806

                        Vernon Palmer Thomas
                        1524 N. Claiborne Ave.
                        New Orleans, LA 70116

                        William A. Percy, III
                        Louisiana Supreme Court Bldg.
                        400 Royal St.
                        Room 1112
                        New Orleans, LA 70130


/s/ Robin D. Smith_____
      ROBIN D. SMITH