

**U.S. Department of Justice**

Civil Division

---

Traci L. Colquette  
Trial Attorney

P.O. Box 888  
Benjamin Franklin Station  
Washington, D.C. 20044

telephone: (202) 305-7536  
facsimile: (202) 616-5200

PFF:TColquette  
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

May 22, 2006

VIA FACSIMILE  
Honorable Joseph C. Wilkinson, Jr.  
B409 Hale Boggs Federal Bldg.  
500 Poydras Street  
New Orleans, LA 70130

Re: Berthelot, et al., v. Boh Brothers Constr. Co., et. al., No. 05-4182 (All Cases)

Dear Judge Wilkinson:

Pursuant to your request during the status conference on May 12, 2006, with Judge Duval and all counsel present, the undersigned, on behalf of the United States of America, provides the following protocol with respect to the Mirabeau (London Avenue, South) site. This report has been formulated after discussion with plaintiff's counsel, Hugh Lambert, who is copied on this report, as well as other liaison counsel for the plaintiffs and defendants in these matters.

Currently, no excavations are taking place at the Mirabeau site. The contractor, a joint venture between Odeebrach and Johnson Brothers ("Contractor"), in is the process of installing a Temporary Retaining Structure ("TRS"), with support bracing and a dewatering system. No excavations will take place until this TRS is in place. The construction plan calls for the removal of all old materials within the TRS, followed by the placement of new soil materials to facilitate the installation of the replacement wall. At this time, excavation of the TRS is expected to begin between May 27, 2006, and May 29, 2006.

Materials remain from the old wall structure, consisting of a concrete monolith (from which a concrete sample already has been obtained for IPET), sheet piles related to that monolith, and another monolith which appears to be upside down. The current plan is to obtain sheet piles for IPET from the section where the concrete sample was taken earlier. The presence of the bracing within the TRS may impact that operation, but every effort will be made to recover said sample. Also, the sheets and monolith from the upside down monolith will have to be removed as well. What are believed to be the bottom tips of the sheet piles attached to the upside down monolith are currently near the top of the surface within the TRS (these tips were visible to

those who attended the prior concrete removal for IPET). The concrete wall section of the upside down monolith is, presumably, still buried underneath several feet of soil and other material at the site. To remove these materials from the site, the contractor will have to excavate around this monolith in order to expose the monolith and allow for its demolition and removal. Presumably, once the materials are excavated from around this monolith, the connection between the sheet piles and the concrete will still be intact. The plan at this time is to conduct excavations in a manner that will expose this connection so as to allow viewing/inspection of this feature.

As the contractor conducts the excavations, it will be necessary to install additional bracing to support the walls of the TRS. To do so, it may become necessary to remove some of the remaining materials of the old structure. For example, given the depth and angle of the sheets in the upside down monolith, it likely will be necessary to cut portions of the remaining sheets to allow for installation of the bracing. In addition, because of the presence of the bracing and the location of the sheets, it may not be possible to remove an entire intact sheet from the site. That is, in order to remove the sheets, it may be necessary to cut them into smaller sections. However, at this time, it is the goal of the Corps and the Contractor to leave a representative sample of sheet piles in place in order to allow for an inspection of the connection between the sheet piles and the monolith if possible.

A. Joint Agreement for Inspection / Preservation of Evidence Relating to the Excavation, Demolition, and Removal Process at the Mirabeau Site

The following work/inspection protocol, which balances the interest of the plaintiffs' counsel to inspect and preserve evidence that they believe to be relevant and critical and the interests of the United States Army Corps of Engineers ("the Corps") in not creating additional costs and/or delay in timely completing the repair work currently underway, has been agreed upon.

1. Each morning, the Corps will provide to the project managers at Task Force Guardian, a daily informational update on the activities that took place at the site on the previous day. Included in this update will be an assessment of the activities which the contractor proposes to undertake within the next three to five days. This "look ahead" schedule will be provided on a "best efforts" basis only and will identify what excavation, demolition, or removal work relating to the monoliths/sheeting which are of interest to the plaintiffs. Additionally, as appropriate, the Corps will provide notification of material recovery which IPET plans to conduct within the "look ahead" schedule, including IPET's expected recovery of sheet piles, as well as the exposure of the remaining monolith to permit viewing of the connection between the sheet piles and the concrete.

2. The update will be provided to counsel of record for the United States, Robin Smith, Traci Colquette, and Tess Finnegan, no later than 1:00 p.m. EDT. Counsel for the United States will promptly forward the update to Hugh Lambert, Ashton

      O'Dwyer, and Joe Bruno, on behalf of plaintiffs, and Ralph Hubbard and William Treeby, on behalf of the defendants, in the levee breach cases. Counsel for the United States, as appropriate, will provide any additional information relating to the excavation, demolition, or removal of the levee system that was in place when the hurricane struck.

3. Plaintiff and defense counsel shall notify by e-mail all counsel of record for the United States regarding the identity of those individuals who would like to visit the Mirabeau site by no later than 5:00 p.m. EDT on the day before any planned site inspection or visit. This notification will permit the Corps to have an on-site representative at the inspection to coordinate the site inspection activities on the project.

4. All parties expressly understand and acknowledge that the "look ahead" schedule is on a best efforts basis only and is not a guarantee that the work described in the "look ahead" schedule will, in fact, occur on that particular date. Actions of interest to the plaintiffs may occur earlier or later than what has been specified in the "look ahead" schedule. Counsel of record for the United States will be in constant contact with the Corps to communicate any alterations or changes to any scheduled work involving the excavation, removal, or demolition of any of the materials that formed the levee system, and shall promptly notify counsel for the parties by email regarding the change in work schedules.

5. All parties expressly understand and acknowledge that contractor personnel, in liaison with the Corps personnel on site, are in sole control of safety at this work site. Accordingly, while counsel and their experts shall be permitted access to the site to view, inspect (where safety permits), photograph, and videotape, the excavation, such access shall be governed by the Court's Order of April 13, 2006. (Docket No. 74). Further, all parties expressly agree that the contractor and the Corps shall be in sole control of directing safety and safe areas.

6. Should plaintiffs' counsel believe that they have been denied access and/or have difficulty complying with the safety directives made by the representatives of the contractor and the Corps, they shall promptly contact counsel of record for the United States by phone or by email in order to work out the difficulty without Court intervention. It is understood that in the event that counsel for the plaintiffs and the United States cannot work out the dispute, plaintiffs reserve the right to file an appropriate motion with the Court relating to the dispute. It is further understood that counsel for the United States reserves the right to file a motion for protective order regarding the same issues. It is expected, however, that these issues will be amicably resolved in the field, without Court intervention.

B.  Persons Permitted to Safely Attend Mirabeau Site and Check-In Procedure

   1. Due to the small size of this construction site, the Contractor can accommodate a total of eight people at this site on a regular basis. The eight people shall include no more than four representatives for plaintiffs and no more than four representatives for defendants. Special accommodations will be made for occasions at which there will be an IPET recovery and in the event that it becomes possible to view the connection between the sheet piles and a monolith. The number of people who will be accommodated on these occasions is set out in the Court's Order of April 13, 2006, (Docket No. 74). In accordance with para. A.3, the names of individuals who will visit the site shall have been provided to counsel of record for the United States the night before the planned visit.

   2. All persons visiting the site on any day must first check in with the Contractor's Representative, Paul Kleinstiver (970-275-4314) and the Corps' Representative, Kee Lua (504-329-6222) or Pete Corona (504-329-5130) before entering the site and during the prescribed time for the site inspections. No unauthorized and/or unannounced visits to the site will be permitted. All persons visiting the site must have personal protective equipment while on site, including steel-toed boots, hard hats, safety goggles, hearing protection, and safety vests.

All counsel recognize that this protocol is may be revised, depending on how the excavation process works. The parties will continue to balance the interests of the plaintiffs to preserve and inspect materials with the interest of the Corps and the contractor in not increasing the cost of performance of the work or impeding or otherwise delaying the completion of the repair work. If and when a revision is required, counsel of record for the United States will notify the Court.

Sincerely,

Traci Colquette
Tess Finnegan
Robin Smith

Trial Attorneys
Civil Division, Torts Branch

cc:  (Via email)
     Randall Merchant

Hugh Lambert
Ashton O'Dwyer
Joseph Bruno
Ralph Hubbard
William Treeby

```
****************************************************************
*                                                          P.01 *
*              TRANSACTION REPORT                               *
*                                          MAY-22-2006 MON 04:33 PM *
*   FOR: USDOJ          2026165200                              *
*---------------------------------------------------------------*
*        SEND                                                   *
* DATE  START    RECEIVER       TX TIME  PAGES TYPE   NOTE   M# DP *
*---------------------------------------------------------------*
* MAY-22 04:31 PM 915045897633   1'55"     6   FAX TX  OK    116   *
*---------------------------------------------------------------*
*                                TOTAL :   1M 55S  PAGES:  6   *
****************************************************************
```



**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**Date:** May 22, 2006

**Re:** Berthelot, et al. v. Boh Brothers Co., LLC, et al. Civil Action No. 05-4182 (consolidated cases)

**From:** Traci Colquette, Trial Attorney

**Through:** Catherine Corlies, Secretary
Civil Division, Torts Branch, U.S. Department of Justice
Fax:    (202) 616-5200        Phone: (202) 616-4242

**TO:** Hon. Judge Joseph C. Wilkinson, Jr.
U.S. District Court - EDLA
504-589-7633 (fax)

**NO. PAGES SENT (INCLUDING COVER PAGE):** 6