UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | SECTION "K" (2) CONS. KATRINA CANAL |

PERTAINS TO: Chehardy v. State Farm, C.A. Nos. 06-1672, 06-1673, and 06-1674

*****************************************************************

**MEMORANDUM IN SUPPORT
OF PROPOSED MOTION FOR EXTENSION OF TIME**

*****************************************************************

**MAY IT PLEASE THE COURT:**

Defendant Allstate Indemnity Company (hereinafter "Allstate") filed a Motion to Sever and Proceed Separately. Plaintiffs requested an extension of time in which to respond and moved this Honorable Court for a continuance until June 14, 2006, which the Court granted.

In light of the nature of this complex litigation, Defendants' Liaison Counsel, Ralph S. Hubbard, III, moved this Court for an extension of all deadlines in the Chehardy cases, cited above. Plaintiffs' counsel had no opposition to this extension. Specifically, Mr. Hubbard moved that all motions requiring no discovery be filed by August 15, 2006, with the attendant responses and reply briefs due by September 10, 2006. Mr. Hubbard requested a hearing on such motions be scheduled

for September 12, 2006.

Plaintiffs suggest that these deadlines are pertinent in this matter as well. Plaintiffs have engaged the services of law firms highly experienced in this sort of litigation, particularly Anderson, Kill & Olick, P.C. from Philadelphia, PA. Plaintiffs wish to take advantage of the expertise of the firm along with their other attorneys, and believe an extension of time is necessary to fully respond to the allegations of Allstate that this lawsuit does not fall within the purview of the hurricane litigation currently consolidated before this Court. Nothing could be farther from reality.

A determination of third-party fault may trigger coverage under the homeowners policies at issue. It is a matter of horn book law that a third-party's damage to a property owner's home is a covered event under Louisiana homeowner insurance policies. Plaintiffs intend to conduct discovery on this very issue. In particular, Plaintiffs expect to participate in written discovery and depositions seeking to establish if any third-party is responsible for Plaintiffs' losses. This includes depositions of the Army Corps of Engineers and various other parties in the related actions. In order to avoid unnecessary duplication and expense, this Court has consolidated these various actions. The parties have worked closely to attempt to establish oversight committees and to coordinate with the Defendant Liaison Counsel to schedule depositions, propound discovery, etc.

It is in the best interest of the Defendant Allstate to follow the scheduling order submitted by the Defendant Liaison Counsel. This schedule will prevent duplication and save Allstate time and money. It will further prevent Plaintiffs from having to duplicate their efforts and prevent inconsistent rulings by the Court. There is simply no sound reason for considering this motion to sever at this time. Allstate is attempting to narrowly interpret Plaintiffs' claims for relief. For purposes of discovery and coordination of efforts and judicial economy and efficiency, Plaintiffs claims are consistent with the claims presented in the related matters.

Plaintiffs agreed to all extensions of time sought by the Defendants' Liaison Council. Allstate is aware of these dates. Plaintiffs respectfully request additional time in which to respond to Allstate's Motion to Sever, and in the interest of justice, respectfully request this Honorable Court grant additional time to respond to the Allstate Motion to Sever, consistent with the schedule proposed and submitted by Defendant Liaison Counsel.

Respectfully submitted,

_____
JOSEPH BRUNO (La. Bar No. 3604)
DAVID S. SCALIA (La. Bar No. 21369)
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113
Telephone (504) 525-1335
Facsimile (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ____ 8 day of June, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, or by hand delivery, or by fax, e-mail or other electronic means.

_____