

**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

Catherine J. Finnegan
Trial Attorney

P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044

(202) 616-4916
Fax: (202) 616-5200

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -8 PM 2: 12

LORETTA G. WHYTE
CLERK

PFF:TFinnegan
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

June 5, 2006

**VIA FACSIMILE**
Honorable Joseph C. Wilkinson, Jr.
B409 Hale Boggs Federal Bldg.
500 Poydras Street
New Orleans, LA 70130
(504) 589-7633

Re: Berthelot, et al., v. Boh Brothers Constr. Co., et al., No. 05-4182
(Relates to 05-4181, 06-1885, 06-2152, 06-2268)

Dear Judge Wilkinson:

Pursuant to the Court's Order of May 12, 2006, the undersigned, on behalf of the United States of America, provides the following report with respect to the Mississippi River-Gulf Outlet ("MRGO") site. This report has been formulated after discussion with Matthew Schultz, plaintiffs' counsel in the matter Robinson, et al. v. United States, et al., No. 06-2268, as well as other liaison counsel for the plaintiffs and defendants in the above-referenced matters.

The parties, save for plaintiffs in the matter O'Dwyer, et al. v. United States, et al., Nos. 05-4181 and 06-1885),[1] agree that no evidentiary protocol is needed for inspections of the work taking place at the MRGO site as the repair and reconstruction of the MRGO is nearly complete. Accordingly, unlike at the outfall canals where repair and reconstruction is ongoing, litigants in the MRGO cases do not require a work/inspection protocol.

At this time, however, the contractors at the various MRGO related-sites listed in plaintiffs' addendum are in the process of disposing and scrapping the excess construction materials and/or debris remaining at the sites. Because neither the Interagency Performance Evaluation Team nor the U.S. Army Corps of Engineers ("the Corps") are interested in testing or retaining the materials, the parties have agreed to the following protocol with respect to the viewing, photographing, and/or custody of the materials before it is scrapped.

1. The Corps has begun polling the contractors at each of the sites that the plaintiffs have identified as a site of interest to them to determine (a) whether any materials

---

[1] Counsel for the O'Dwyer plaintiffs has reserved his clients' rights regarding the protocol. See attached email of June 5, 2006 from Mr. O'Dwyer to Ms. Finnegan and others.

**U.S. Department of Justice**

Hon. Joseph C. Wilkinson, Jr.
June 5, 2006
Page 2

        remain and (b) when it is reasonably anticipated that such materials will be scrapped pursuant to the contracts in place.

2.   Updates will be provided to counsel of record for the United States, Robin Smith, Traci Colquette, and Tess Finnegan, on a rolling basis as the information becomes available. Counsel for the United States will promptly forward the update to Matthew Schultz and Joseph Bruno, on behalf of plaintiffs, and defense counsel.

3.   Once counsel identified in para. 2 receive an update, they shall notify by e-mail all counsel of record for the United States regarding the identity of those individuals who intend to visit the sites, and shall indicate the time and day on which the proposed visitors will view the site. This e-mail notification shall be made within 72 hours of the time counsel receive the government's update, unless exigent circumstances reasonably require a shorter notification period. Visitors may be allowed to substitute others in their stead, within reasonable limits.

4.   Should any party desire to retain any of the materials destined for scrapping, arrangements to do so shall be made on a case-by-case basis. However, because IPET and the Corps are not interested in these materials, the presumption shall be that the party desiring to retain the materials shall be responsible for securing them, retaining them with appropriate chain of custody protocols, and maintaining them for the duration of the litigation in accordance with the Court's Order of June 2, 2006. (Docket No. 481).

5.   All parties expressly understand and acknowledge that contractor personnel, in liaison with the Corps personnel on site, are in control of safety at this work site. Accordingly, while counsel and their experts shall be permitted access to the site to view, inspect (where safety permits), photograph, and videotape, the materials, such access shall be governed by the Court's Order of April 13, 2006. (Docket No. 74). In accordance with that Order, the parties and representatives shall not use these site visits as an opportunity to question or examine Corps or contractor personnel on any subject related to this litigation. Further, all parties expressly agree that the contractor and the Corps shall be in sole control of directing safety and safe areas.

6.   Should counsel believe that they have been denied access and/or have difficulty complying with the safety directives made by the representatives of the contractor and the Corps, they shall promptly contact counsel of record for the United States by phone or by email in order to work out the difficulty without Court intervention. It is understood that in the event that counsel for the parties and the United States cannot work out the dispute, the parties reserve the right to file an appropriate motion with the Court relating to the dispute. It is further understood that counsel for the United States reserves the right to file a motion for protective order regarding the same issues. It is expected, however, that these issues will be amicably resolved without Court intervention.

**U.S. Department of Justice**

Hon. Joseph C. Wilkinson, Jr.
June 5, 2006
Page 3

7. Because of the size of the sites and due to the fact that work has been completed at these sites, the parties are permitted a reasonable number of individuals to view and inspect the materials. In accordance with para. 3, the names of such individuals shall have been provided to counsel of record for the United States no later than 4 p.m. EDT before the planned visit. No unauthorized and/or unannounced visits to the site will be permitted. Likewise, failure to attend a visit scheduled in accordance with para. 3 without notifying counsel of record for the United States shall require either Court intervention or may result in the prohibition of such persons from future visits. All persons visiting the site are urged to have personal protective equipment, including steel-toed boots, hard hats, safety goggles, hearing protection, and safety vests.

All counsel recognize that this protocol may be revised, depending on how the disposal of materials from the sites proceeds. If and when a revision is required, counsel of record for the United States will notify the Court.

Plaintiffs' counsel wishes to address matters that the United States believes are beyond the scope of the Court's Order of May 12. Those matters are addressed in the addendum to this joint letter.

Sincerely,

*Catherine Finnegan*

Catherine J. Finnegan
Robin D. Smith
Traci L. Colquette

Trial Attorneys
Civil Division, Torts Branch

cc: (Via email)
Matthew Schultz
Ashton O'Dwyer
Joseph Bruno
Ralph Hubbard
William Treeby

## PLAINTIFFS' ADDENDUM TO THE JOINT LETTER OF JUNE 5, 2006, REGARDING EVIDENTIARY PROTOCOLS

PLAINTIFFS in the *Robinson* action (06-2268) agree with the letter by counsel to the United States. However, given that this joint report of the parties was made at the Court's request in lieu of a motion by Plaintiffs regarding their evidentiary concerns, Plaintiffs think it appropriate to address two additional matters.

### 1. The Breaches at Issue in the MR-GO Cases

Plaintiffs wish to clarify that the so-called "MR-GO" cases involved breaches and resultant inundation in sites other than those along the MR-GO itself. All such breaches will be relevant, at a minimum, to causation. At this point in time (pre-answer and pre-discovery), Plaintiffs believe that relevant sites will include all repair sites designated by Task Force Guardian to date (STB01-STB09, NOE01-NOE10, and IHNC01-IHNC09), as well as any breaches along the 40-Arpent Canal.

### 2. The Potential Loss/Destruction of Evidence

Plaintiffs agree that, because repairs at all of these sites are complete or are nearing completion, there is no need for a protocol governing prospectively the ongoing recovery and testing of materials at the sites. Plaintiffs likewise agree that a protocol is indeed necessary (as outlined above) with respect to any remaining debris at the sites. However there is a third category of evidence—that which has been recovered or excavated but does not remain at the sites. At this time, Plaintiffs have no way of knowing what has been recovered from each site or its ultimate disposition (whether tested, whether already lost/destroyed, whether currently in the government's or others' possession off-site, etc.). Discovery will answer these and related questions. Plaintiffs may feel the need to raise such matters with the Court once they possess the information necessary to adequately address the subject.

June 5, 2006.

Matthew D. Schultz, Admitted *Pro Hac Vice*
Fla. Bar Number: 640328
Levin, Papantonio, Thomas, Mitchell
    Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502
850/435-7140 (Tel)
850/436-6123 (Fax)
On Behalf of the MR-GO Litigation Group
ATTORNEYS FOR *ROBINSON* PLAINTIFFS

Finnegan, Tess (CIV)

| | |
|---|---|
| From: | arod@odwyerlaw.com |
| Sent: | Monday, June 05, 2006 3:33 PM |
| To: | Colquette, Traci L. (CIV); Finnegan, Tess (CIV) |
| Cc: | mschultz@levinlaw.com; dbecnel@becnellaw.com; dollyno@aol.com; rgharvey@bellsouth.net; hlambert@lambertandnelson.com; rgp@rgplaw.com; wimberly@nternet.com; jbruno@brunobrunolaw.com; DAVID@brunobrunolaw.com; dmartin@gainsben.com; khadican@gainsben.com; rasmith3@bellsouth.net; kreasonover@smithfawer.com; tdavis2@cableone.net; ostamant@bellsouth.net; smwiles@smithfawer.com; fswarr@landryswarr.com; mlandry@landryswarr.com; calvinfayard@fayardlaw.com; gmckernan@mckernanlawfirm.com |
| Subject: | Berthelot, et al. vs. Boh Brothers, et al. |
| Attachments: | tmp.htm; image002.jpg |


tmp.htm (8 KB)


image002.jpg (3 KB)

Ladies:

    I read with interest the proposed protocol with respect to "the MRGO site". You are trying to close the barn door after the horse already has escaped his stall. Just note my clients' reservation of rights with respect to the Government's wholesale destruction of tangible evidence in connection with the MRGO and its tributaries.

Ashton R. O'Dwyer, Jr.
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
<mailto:AROD@odwyerlaw.com> AROD@odwyerlaw.com

1



**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**Date:**   June 5, 2006

**Re:**   <u>Berthelot, et al. v. Boh Brothers Co., LLC, et al. Civil Action No. 05-4182</u>
Court-ordered MRGO protocol.

**From:**   Tess Finnegan
Civil Division, Torts Branch,
U.S. Department of Justice
Fax:   (202) 616-5200
Phone:   (202) 616-4916

**TO:**   Hon. Joseph C. Wilkinson, Jr.
U.S. District Court - E.D. La.
504-589-7633 (fax)

**NO. PAGES SENT (INCLUDING COVER PAGE):**   6