FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -8 PM 5:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | * | CASE NO. |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., et al. | * | SECTION " K " |
| | * | MAG. NO. "2" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO THE
STATE'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

The State of Louisiana, ostensibly acting "through" the Department of Transportation and Development[1], has filed a Motion to Dismiss, invoking the 11th Amendment to the U.S. Constitution, and jurisprudential interpretation of the same, which the State maintains precludes the maintenance of a suit in Federal Court against a State by a citizen of the same State. Plaintiffs in Civil Action No. 05-4181 oppose the State's Motion, which they respectfully submit should be denied, for the following reasons:

1.  The State of Louisiana, through its agency or "creature", the Orleans Parish Levee Board, specifically waived 11th Amendment immunity from

---

[1] As an aside, although plaintiffs in Civil Action No. 05-4181 have previously sued the State of Louisiana and Governor Kathleen Blanco, who were served on December 16, 2005, the Louisiana Department of Transportation and Development was served only yesterday, June 7, 2006.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____

    being required to litigate claims against it in this Court, by virtue of the Levee Board's specific invocation of this Court's jurisdiction, when the Levee Board sought to remove several cases to this Court from State Court.

2. Alternatively, the State's Motion should be denied, because the matters which plaintiffs are seeking to litigate against the State of Louisiana, the Orleans Parish Levee Board, and the Department of Transportation and Development are matters on which Congress already has spoken, and for which Congress already has abrogated the States' 11th Amendment immunity, involving Flood Control and Disaster Response, both of which are areas which have been pre-empted by Federal law.

3. In the alternative the State's Motion should be denied in order to permit plaintiffs to conduct discovery into the Federal and State legislative schemes which established the "partnership" between the Federal and State Government, and the duties and responsibilities of various agencies of State Government under the Federal Flood Protection Program, Inspection, Operation and Maintenance, and Disaster Response schemes.

4. By its very terms, the 11th Amendment does not bar suits against a State by its own citizens in Federal Court.

I. **THE STATE OF LOUISIANA, THROUGH ITS AGENCY OR "CREATURE", THE ORLEANS PARISH LEVEE BOARD, SPECIFICALLY WAIVED 11TH AMENDMENT IMMUNITY FROM BEING REQUIRED TO LITIGATE CLAIMS AGAINST IT IN THIS COURT, BY VIRTUE OF THE LEVEE BOARD'S SPECIFIC INVOCATION OF THIS COURT'S JURISDICTION, WHEN THE LEVEE BOARD SOUGHT TO REMOVE SEVERAL CASES TO THIS COURT FROM STATE COURT.**

It was held long ago by the Supreme Court that, although a State cannot be sued without its consent, such immunity is a privilege, which may be waived. Hence, where a State voluntarily becomes a party to a cause, and invokes the jurisdiction of a Federal Court to submit its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment. Gunter v. Atlantic Coast Line Railroad Company, 200 U.S. 273, 26 S.Ct. 252. Plaintiffs maintain that by virtue of seeking to remove several Hurricane KATRINA cases to Federal Court, the Orleans Parish Levee Board, which is an agency or creature of the State of Louisiana, the State, in effect, waived its 11th Amendment immunity to litigating in Federal Court, and became bound to litigate matters arising out of Hurricane KATRINA in Federal Court.

In City of New Orleans vs. Board of Commissioners of the Orleans Levee District, 612 So.2d 318 (La. App. 4th Cir. 1993), rehearing denied, writ granted, 618 So.2d 397, reversed 640 So.2d 237 (La. 1994), the Fourth Circuit described levee boards as follows: "A levee board is a creature or agency of the state brought into existence for the purpose of discharging the state's duties of flood protection." 612 So.2d at p. 321. The same Court said that "the Levee Board acts as the alter-ego of the State" when a project is funded by the State, which places property under control of the agency for supervision and administration. 612 So.2d at p. 322.

The Department of Transportation and Development, which is the successor to the "Louisiana Department of Highways", was described in exquisite detail in the celebrated case of Usry v. Louisiana Dept. of Highways, 459 F.Supp. 56 (E.D. La. 1978). There, the

Department was found to be virtually synonymous with the State of Louisiana, which was held to be the "real, substantial party in interest". 459 F.Supp. at p. 60.

Plaintiffs maintain that the Orleans Parish Levee Board, by removing several cases to Federal Court from State Court, bound the State of Louisiana, and its "brother and sister" State agencies, including the Department of Transportation and Development, to litigating in the Federal Court, because a waiver of 11th Amendment immunity has been effected.

II.  **ALTERNATIVELY, THE STATE'S MOTION SHOULD BE DENIED, BECAUSE THE MATTERS WHICH PLAINTIFFS ARE SEEKING TO LITIGATE AGAINST THE STATE OF LOUISIANA, THE ORLEANS PARISH LEVEE BOARD, AND THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT ARE MATTERS ON WHICH CONGRESS ALREADY HAS SPOKEN, AND FOR WHICH CONGRESS ALREADY HAS ABROGATED THE STATES' 11TH AMENDMENT IMMUNITY, INVOLVING FLOOD CONTROL AND DISASTER RESPONSE, BOTH OF WHICH ARE AREAS PRE-EMPTED BY FEDERAL LAW.**

In Parden v. Terminal R. Co., 337 U.S. 184, 84 S.Ct. 1207, the Supreme Court held that:

> A State's immunity from suit by an individual without its consent has been fully recognized by the 11th Amendment and by subsequent decisions of this Court. But when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation.

Having established that both the Orleans Parish Levee Board and the Department of Transportation and Development are, for all intents and purposes, "the State of Louisiana", plaintiffs maintain that the Federal doctrine of pre-emption in the areas of Flood Control and Disaster Response dictates that issues of compliance with or violation

of the duties and responsibilities of the State agencies which have partnered with the federal government on flood control projects, and which have inspection and operating and maintenance responsibilities with respect to those projects, as well as responsibilities in connection with responding to disasters, should be litigated in Federal Court.

It does not require citation of authority that, in 1928, Congress embarked on a multi-decade program to construct dams and other projects for flood control. This legislation is commonly known as The Mississippi Flood Control Act of 1928. (33 U.S.C. §701, et seq.). The Federal Government, through the U.S. Army Corps of Engineers, has "partnered" with the State of Louisiana, through the Orleans Parish Levee Board, with respect to a number of flood control projects which failed during Hurricane KATRINA. Indeed, in Article 16 of its Notice of Removal (Document No. 1 in Civil action No. 05-4568), the Orleans Parish Levee Board specifically pleaded that "33 U.S.C. § 701 c includes an implied cause of action for the governmental agency to sue to enforce assurances executed by state political subdivision."

The Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. §5121, et seq.), sets forth the relationships between and among federal, state and local governments before and after catastrophes, such as Hurricane KATRINA. Section 314(b) of The Stafford Act specifically provides as follows:

> Whenever it appears that any person has violated or is about to violate any provision of this Act, the Attorney General may bring civil action for such relief as may be appropriate. <u>Such action may be brought in an appropriate United States district court</u>. (emphasis supplied).

-5-

Thus, even the State's agency, the Orleans Parish Levee Board, acknowledges an implied cause of action pursuant to the Mississippi Flood Control Act of 1928; the Stafford Act contains an express congressional abrogation of 11th Amendment immunity.

The United States Senate Committee on Homeland Security and Governmental Affairs has already conducted an extensive investigation into the relationships between and among the U.S. Army Corps of Engineers, the Orleans Parish Levee Board and the Louisiana Department of Transportation and Development. The findings of the U.S. Senate Committee are found in Chapter 10 of their May 2006 report, entitled: "Hurricane KATRINA: A Nation Still Unprepared", which is appended hereto and marked for identification as Exhibit No. 1. As will be apparent from a review of the excerpt of the Senate Committee's Report, both the Orleans Parish Levee Board and the Department of Transportation and Development had direct "levee responsibility", involving inspection, operation and maintenance. Additionally, the Department of Transportation and Development also had very specific emergency support functions under Louisiana's Emergency Operations Plan which is part and parcel of the Federal National Response Plan. Plaintiffs maintain that the Federal doctrine of pre-emption mandates the conclusion that both of these are matters for exclusive jurisdiction in Federal Court.

Alternatively plaintiffs already have cited the Court to the celebrated case of <u>Usry vs. Louisiana Dept. of Highways</u>, 459 F.Supp. 56 (E.D. La. 1978). There, Judge Boyle quoting from <u>Edelmen v. Jordan</u>, 415 U.S. 651, 94 S.Ct. 1347, 1360-1361 (1974), reiterated:

> "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the

most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction'".

Plaintiffs respectfully submit that by "partnering" with the Federal Government in the area of flood control, and by accepting post disaster federal assistance, the State of Louisiana waived 11th Amendment immunity.

### III. IN THE ALTERNATIVE THE STATE'S MOTION SHOULD BE DENIED IN ORDER TO PERMIT PLAINTIFFS TO CONDUCT DISCOVERY INTO THE FEDERAL AND STATE LEGISLATIVE SCHEMES WHICH ESTABLISHED THE "PARTNERSHIP" BETWEEN THE FEDERAL AND STATE GOVERNMENT, AND THE DUTIES AND RESPONSIBILITIES OF VARIOUS AGENCIES OF STATE GOVERNMENT UNDER THE FEDERAL FLOOD PROTECTION PROGRAM, INSPECTION, OPERATION AND MAINTENANCE, AND DISASTER RESPONSE SCHEMES.

Chapter 10 of the aforementioned U.S. Senate Report A (Exhibit No. 1), which addresses the roles and responsibilities of the U.S. Army Corps of Engineers, the Louisiana Department of Transportation and Development and the Orleans Parish Levee Board, contains 16 pages of text and over 150 footnotes. Plaintiffs respectfully submit that this important matter should not be decided in what amounts to a summary basis, and that they and their counsel should be given the opportunity to investigate and discover whether the State of Louisiana, through its agencies and instrumentalities, waived 11th Amendment immunity other than through the aforementioned Notice of Removal and "partnering" with the Federal Government by accepting money and other things.

### IV. BY ITS VERY TERMS, THE 11TH AMENDMENT DOES NOT BAR SUITS AGAINST A STATE BY ITS OWN CITIZENS IN FEDERAL COURT.

The 11th Amendment provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

> United States by citizens of another State, or by citizens or subjects of any foreign State.

The Court will note that, by its very terms, the 11th Amendment does not specifically bar Federal Court suits against a State in federal court when brought by one of the State's own citizens. However, plaintiffs concede that the amendment has been judicially interpreted to preclude suits by citizens of a State against its own State in Federal Court. Nevertheless, that view is not without critics. For instance, Justice Brennan long held the view that the 11th Amendment "does <u>not</u> bar Federal Court suits against the State when brought by its own citizens". See the following:

1. <u>Employees v. Missouri Public Health Dept.</u>, 411 U.S. 279, 309-322, 93 S.Ct. 1614, 1630-1636 (1973) (dissenting opinion).

2. <u>Edleman v. Jordan</u>, 415 U.S. 651, 687, 94 S.Ct. 1347, 1367 (1974) (dissenting opinion).

3. <u>Florida Dept. of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 102 S.Ct. 3304 (1982) (concurring in part and dissenting in part).

Plaintiffs raise this issue in the District Court for appeal purposes in the hope that, even if This Honorable Court may disagree, they might successfully argue in a higher Court for the extension, modification, or reversal of existing law or the establishment of new law.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit that the State's Motion to Dismiss should be denied. Alternatively, plaintiffs respectfully request leave to conduct discovery into whether the State has waived immunity under the 11th Amendment.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 8th day of June 2006.

_____