

FILED  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF LA  

2006 JUN -7 PM 3:27  

LORETTA G. WHYTE  
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO.: 05-4182 - K |
| | * | |
| | * | CONS. KATRINA CANAL |
| | * | |
| VERSUS | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| | * | MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * | |
| BOH BROTHERS CONSTRUCTION | * | THIS PLEADINGS PERTAINS TO: |
| CO., L.L.C., ET AL. | * | 06-1672 |
| | * | c/w 06-1673 |
| | * | c/w 06-1674 |

* * * * * * * * * * * * * * * * * * * * * * * *

### ALLSTATE INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR SECOND ENLARGEMENT OF TIME AND CONTINUANCE OF HEARING

In contravention of their prior representation that the *Chehardy* case requires expeditious treatment,[1] the plaintiffs once again seek to postpone resolution of Allstate Indemnity Company's ("Allstate") motion to sever[2] the *Chehardy* case from the numerous levee breach cases. Allstate's motion previously was set for hearing on May 31, 2006, and Allstate generously consented to the plaintiffs' eleventh-hour request for a continuance until the next scheduled hearing date, June 14, 2006. Rather than file a response to Allstate's motion as they

---

[1] *See* Original Complaint ¶ XIV.  
[2] Allstate asks the Court to disassociate *Chehardy* from the other consolidated cases.

___ Fee_____  
___ Process_____  
_X_ Dktd_____  
___ CtRmDep_____  
___ Doc. No_____

had promised, the plaintiffs instead now have filed the instant motion seeking once again to postpone resolution of the straightforward severance/deconsolidation issue for over 90 days, until September 12, 2006. The plaintiffs fail to cite a single case in support of their motion, and also fail to provide this Court with any evidence requiring a continuance. Their continued effort to put off responding to Allstate's motion to sever clearly demonstrates that the plaintiffs have no good response. Allstate's motion should be heard on June 14, 2006, whether or not the plaintiffs bother to submit a formal response, and the Court should grant the motion, just as it recently granted severance in the Encompass cases.[2]

The plaintiffs' main argument for continuance is that Allstate's motion to sever should be postponed in light of the Court's recent extension of certain deadlines for filing and hearing motions. *See* R. Doc. 501. The Court extended certain deadlines, however, to allow defendants recently named in *Chehardy* to be served with the plaintiffs' proposed amended complaint (R. Doc. 499), and not for the benefit of original defendants like Allstate with motions (*e.g.*, motion to sever) currently pending before the Court. Moreover, the extension of deadlines contemplates dispositive motions (such as motions for judgment on the pleadings which the *Chehardy* defendants will re-submit),[3] and not Allstate's previously-filed motion to sever, which was pending and set for hearing on May 31, 2006 before the Court extended any deadlines. The

---

[2] *See Baird v. Encompass Insurance Company and the Orleans Levee District*, No. 06-153, *Rogers v. Encompass Insurance Company and the Orleans Levee District*, No. 06-152, and *Humphreys v. Encompass Insurance Company and the Orleans Levee District*, No. 06-169.

[3] Allstate filed a motion for judgment on the pleadings on October 31, 2005. This motion has been pending for over 7 months, and Allstate is anxious for resolution of that motion. Allstate should not be required to suffer further delay by waiting over 4 months until September 2006 for resolution of its motion to sever, which it filed in early May 2006.

plaintiffs cannot be permitted to take advantage of Allstate's generosity in continuing the hearing from May 31, 2006 to June 14, 2006, and then seek to cause further delay by improperly latching on to the Court's extension of certain deadlines which occurred in the interim. The extension of deadlines has no application to Allstate's previously-filed and pending motion to sever.

Further, contrary to the plaintiffs' claims, there is no need for discovery of third party fault to resolve Allstate's motion to sever, or for that matter, Allstate's motion for judgment on the pleadings.[4] Whether or not a third party (like the Army Corps of Engineers) is found at fault for the plaintiffs' alleged losses through discovery or otherwise, is immaterial to the straightforward coverage issues presented in *Chehardy*. As previously discussed by Allstate, and ignored by the plaintiffs in their brief, Allstate's policy excludes from coverage property damage arising from negligent design, construction, or maintenance by third parties. There is therefore no need to delay resolution of Allstate's motion to sever in favor of additional conversations among the plaintiffs' "highly experienced" lawyers or "written discovery and depositions seeking to establish if any third party is responsible for Plaintiffs' losses" in *Chehardy*. Pl. Br. 2. Allstate's motion expeditiously should be heard.

Finally, the plaintiffs state that the motion to sever should be delayed 90 days because that "will prevent duplication and save Allstate time and money . . . and prevent inconsistent rulings by the Court." *Id.* Allstate does not understand this claim, and it certainly is

---

[4] The plaintiffs contradict themselves in their brief. While they seek to have the Court hear Allstate's motion to sever on September 12, 2006 (which is the date set by the Court for hearing dispositive motions requiring no discovery), they state, in conclusory fashion, that they require discovery to respond to Allstate's motion. Pl. Br. 2. The plaintiffs' argument makes no sense. The Court simply should hear Allstate's motion on June 14, 2006 as scheduled.

not correct. Allstate filed the motion to sever because the *Chehardy* case, which solely involves coverage and claims handling issues under homeowner policies, involves different parties and factual and legal issues than the levee breach cases, and does not seek a determination regarding which entity was at fault regarding the levee breaches or the flooding of the Mississippi River Gulf Outlet area.[5] Rather, the claims in *Chehardy* primarily are straightforward coverage claims, and can be resolved by mere reference to the language contained in the plaintiffs' homeowner policies themselves and applicable case law. There is therefore no danger of inconsistent rulings with the levee breach cases. In addition, the longer that Allstate is involved in the towering mass of consolidated cases, the more expense Allstate needlessly continues to incur just to review the multitude of pleadings that are being filed every day by unrelated parties on unrelated issues.

In short, Allstate respectfully asks the Court to hear its motion to sever on June 14, 2006 as scheduled, and not permit the plaintiffs to cause further delay.

Respectfully submitted,

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr. 27138
Of
BARRASSO USDIN KUPPERMAN,
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Indemnity Company

---

[5] The plaintiffs state in their motion that "the coverage issues presented in the Chehardy case are intertwined and intermingled with the factual issues in the other cases currently pending before the Court." Pl. Motion 1. This conclusory statement is unsupported and not correct.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly addressed, this 7th day of June, 2006.