**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**STATE OF LOUISIANA**

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL.,** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 05-4182** |
| | * | |
| **BOH BROTHERS CONSTRUCTION CO.,** | * | **SECTION "K"(2)** |
| **L.L.C., ET AL.** | * | **CONS. KATRINA CANAL** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| **05-6073** | * | |

**************************************************

**RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWER
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.**

Now into Court, through undersigned counsel, comes Eustis Engineering Company,

Inc. ("Eustis") for the purpose of answering the plaintiffs' "First Amended Class Action

Complaint" which named Eustis as a party ("Complaint").

**RULE 12(B)(6) DEFENSES**

**First Rule 12(b)(6) Defense**

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief

can be granted.

*ans_kirsch_060906_eedrbw#1F.wpd*

### Second Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a timely claim against Eustis upon which relief can be granted.

### Third Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a viable claim against Eustis.  Any claim against Eustis is preempted as a matter of law.  The averred cause of the damage expired before the plaintiffs filed the Complaint.

### Fourth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Fifth Rule 12(b)(6) Defense

The Complaints fail to state a claim for recovery of damages, litigation costs, or legal interest.

### <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

## Third Affirmative Defense

Eustis did not engage in any activity under which Eustis could be liable under a theory of negligence.

## Fourth Affirmative Defense

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

## Fifth Affirmative Defense

Any damages were neither caused nor contributed to by any act or omission by Eustis.

## Sixth Affirmative Defense

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

## Seventh Affirmative Defense

Eustis was engaged by the United States Army Corps of Engineers from time to time to provide engineering services.  However, to the extent that plaintiffs allege federal question jurisdiction based on government contractor status, which Eustis denies, Eustis pleads, in the alternative, all defenses available to government contractors.  Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

**Eighth Affirmative Defense**

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility.  On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation and was a superceding cause of the failure of the levees.

**Ninth Affirmative Defense**

The design criteria for the levees were exceeded during Hurricane Katrina.

**Tenth Affirmative Defense**

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

**Eleventh Affirmative Defense**

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

## ANSWER

And now, in answer to the averments contained in the Complaint filed by the plaintiffs, Eustis states:

1.

Eustis denies the averments contained in Paragraph 1, except to admit that plaintiffs filed a civil action.  Eustis denies that class action is appropriate and denies the remainder of the allegations contained in Paragraph 1, because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

2.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint, except to admit that David J. Kirsch and Ali Haghighi are named plaintiffs.  Eustis denies that class certification is appropriate.

3.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint, except to admit that Eustis is a Louisiana corporation that does engage in business within this federal district.

4.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint, except to admit that Eustis engages in business within this federal district.  The remainder of Paragraph 4 is denied.

5.

Eustis denies the averments contained in Paragraph 5 of the Complaint, except to admit that the named plaintiffs filed a civil action, requested class action proceedings and that the pleadings filed by those parties set forth certain allegations with respect to alleged monetary damage of the plaintiffs.  Eustis denies that the plaintiffs are entitled to class action status and also denies all jurisdictional allegations in Paragraph 5.

6.

Eustis denies that any federal question jurisdiction exists.  Eustis denies that class action is appropriate and denies the remainder of Paragraph 6 because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained therein.

7.

Eustis denies that any subject matter jurisdiction exists.  Eustis denies that class action is appropriate and denies the remainder of Paragraph 7, because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained therein.

8.

Eustis denies any negligent or wrongful action and is without information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 8.

9.

No answer is required of Eustis to Paragraph 9 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 9.

10.

No answer is required of Eustis to Paragraph 10 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 10.

11.

No answer is required of Eustis to Paragraph 11 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 11; however, Eustis admits that on August 29, 2005 Hurricane Katrina made landfall.

12.

No answer is required of Eustis to Paragraph 12 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 12.

13.

No answer is required of Eustis to Paragraph 13 of the Complaint.   Eustis is without

sufficient information or firsthand knowledge of the facts alleged in Paragraph 13.

14.

With respect to the allegations against Eustis, Eustis denies any negligent or

wrongful action and denies all allegations contained in Paragraph 14 of the Complaint.  No

answer is required of Eustis to the remainder of Paragraph 14 of the Complaint because

Eustis is without sufficient information or firsthand knowledge of the facts alleged in

Paragraph 14.

15.

Eustis is without sufficient information or firsthand knowledge of the facts alleged

in Paragraph 15.

16.

Eustis is without sufficient information or firsthand knowledge of the facts alleged

in Paragraph 16.

17.

Eustis is without firsthand knowledge or sufficient information to form a belief as to

the truth of the averments contained in Paragraph 17 of the Complaint.

18.

Eustis is without firsthand knowledge or sufficient information to form a belief as to

the truth of the averments contained in Paragraph 18 of the Complaint.

19.

Eustis is without firsthand knowledge or sufficient information to form a belief as to

the truth of the averments contained in Paragraph 19 of the Complaint.

20.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint.

21.

No answer is required of Eustis to Paragraph 21 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 21. Eustis denies that class certification is appropriate.

22.

No answer is required of Eustis to Paragraph 22 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 22.  Eustis denies that class certification is appropriate.

23.

No answer is required of Eustis to Paragraph 23 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 23.  Eustis denies that class certification is appropriate.

24.

No answer is required of Eustis to Paragraph 24 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 24. Eustis denies that class certification is appropriate.

25.

No answer is required of Eustis to Paragraph 25 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 25.  Eustis

denies that class certification is appropriate and denies that judicial economy and efficiency will be aided by class action status.

26.

No answer is required of Eustis to Paragraph 26 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 26. Eustis denies that class certification is appropriate.

27.

No answer is required of Eustis to Paragraph 27 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 27.  Eustis denies that class certification is appropriate.

28.

No answer is required of Eustis to Paragraph 28 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 28.   Eustis denies that class certification is appropriate or superior.

29.

No answer is required of Eustis to Paragraph 29 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 29.

30.

No answer is required of Eustis to Paragraph 30 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 30. Eustis denies that class certification is appropriate.

31.

No answer is required of Eustis to Paragraph 31 of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 31.  Eustis

denies that class certification is appropriate.

32.

No answer is required of Eustis to Paragraph 32  of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 32.  Eustis

denies that class certification is appropriate.

33.

No answer is required of Eustis to Paragraph 33 of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 33; however,

Eustis admits that on August 29, 2005 Hurricane Katrina made landfall.

34.

No answer is required of Eustis to Paragraph 34 of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 34.

35.

With respect to the allegations against Eustis, Eustis denies any negligent conduct

or fault and denies all allegations contained in Paragraph 35 of the Complaint.  No answer

is required of Eustis to the remainder of Paragraph 35 of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 35.

36.

With respect to the allegations against Eustis, Eustis denies the allegations

contained in Paragraph 36 of the Complaint, except to admit that Eustis rendered

geotechnical engineering services on certain soil samples from the proposed site of the 17th Street levee.  No answer is required of Eustis to the remainder of Paragraph 36 (A-G) of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged therein.

37.

With respect to the allegations against Eustis, Eustis denies the allegations contained in Paragraph 37 of the Complaint.  Eustis also denies that the doctrine of *res ipsa loquitur* applies.  No answer is required of Eustis to the remainder of Paragraph 37 of the Complaint, because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 37.

38.

No answer is required of Eustis to Paragraph 38 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 38.

39.

No answer is required of Eustis to Paragraph 39 of the Complaint.

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Complaint filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

Respectfully Submitted,

GARDNER & KEWLEY
A Professional Law Corporation

s/ Erin E. Dearie
THOMAS F. GARDNER, T.A. (#1373)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana  70005
Telephone:   (504) 832-7222
Facsimile:    (504) 832-7223

**ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY, INC.,**
**DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have on this 9th day of June, 2006, served a copy of the

foregoing pleading on counsel for all parties to this proceeding, by emailing, faxing, or by

mailing the same by United States mail, properly addressed, and first class postage

prepaid.

s/ Erin E. Dearie
ERIN E. DEARIE