FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 13 PM 4:45

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

COLLEEN BERTHELOT, et al.                    )
                                          )
      Plaintiffs                                      )
                                          )   CIVIL ACTION NO. 05-4182
vs.                                                 )
                                          )   SECTION "K"(2)
BOH BROTHERS CONSTRUCTION CO., et al.  )   CONS. KATRINA CANAL
                                          )
      Defendants                                    )   JURY DEMAND
_____            )
                                          )
THIS DOCUMENT RELATES TO:                   )
                                          )
05-4181                                             )
_____            )

**WASHINGTON GROUP INTERNATIONAL, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE**
**TO SUPPLEMENT AND AMEND COMPLAINT**

Defendant Washington Group International, Inc. ("Washington Group") hereby submits its opposition to Plaintiffs' Motion for Leave to Supplement and Amend Complaint (the "Motion"), which—for the first time—attempts to add Washington Group as a defendant. In addition to filing their Amended Complaint in violation of this Court's Order of May 3, 2006, Plaintiffs' proposed amendment is unnecessary, as well as the product of undue delay. For these reasons, and those set forth more fully below, the Court should deny Plaintiffs' attempt to further amend their complaint for the twelfth time.

**BACKGROUND**

Plaintiffs filed their original complaint (the "Complaint") with this Court on September 19, 2005, naming the United States of America and other governmental entities as defendants. In their Complaint, Plaintiffs purported to represent a class of similarly situated individuals and

Fee_____
Process_____
X  Dktd_____ 814703v.1
CtRmDep_____
Doc. No_____

alleged that the governmental defendants were liable to Plaintiffs and the putative class for damages suffered in the aftermath of Hurricane Katrina. *See generally* Plaintiffs' Compl. Less than two weeks later, Plaintiffs filed an amended Complaint adding additional plaintiffs, as well as another defendant, the Orleans Parish Sewerage and Water Board. *See generally* Plaintiffs' First Amended Compl.

Over the next six months, Plaintiffs continued to move to amend the Complaint ten more times, adding dozens of named plaintiffs and a handful of other defendants by the end of February 2006. After granting Plaintiffs' motion for leave to file an Eleventh Amended Complaint, Magistrate Judge Daniel Knowles informed Plaintiffs that no further amendments would be permitted unless Plaintiffs were able to show good cause. *See* Order Denying Motion for Leave to File Twelfth Supplemental and Amending Complaint, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-4181 (April 12, 2006) at 2.

Undaunted, Plaintiffs filed yet another motion for leave to file a Twelfth Amended Complaint—again adding additional named plaintiffs—on March 9, 2006. In an order dated April 12, this Court denied the motion, noting that "no persuasive explanation for plaintiffs' need to amend their complaint for a twelfth time . . . has been offered," and that "more than a sufficient number of putative class representatives have already been named, so that adding more is unnecessarily redundant." Order, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 04-4181 (April 12, 2006) at 2. Moreover, the Court observed, "[t]he prejudice to . . . moving this case forward in permitting the seemingly endless amendments proffered by these plaintiffs is patent." *Id.*

Washington Group, for its part, has been a party to related litigation arising out of Hurricane Katrina since October 27, 2005, when it was served with the complaint in *Vodanovich,*

814703v.1

*et al. v. Boh Bros. Construction Co., LLC, et al.*, Civil Action No. 05-5237, filed as a class action. After the filing of the *Vodanovich* action, Washington Group was soon named as a defendant in other newly filed actions, each purporting to represent classes of plaintiffs identical to those in *Vodanovich. See, e.g.*, Complaint, *Kirsch, et al. v. Boh Bros. Construction Co., et al.*, Civil Action No. 05-6073 (Dec. 23, 2005). In addition, other plaintiffs in pre-existing cases addressing similar factual situations promptly amended their complaints to add Washington Group as a defendant. *See, e.g.*, Second Supplemental and Amending Complaint, *Berthelot, et al. v. Boh Bros. Construction Co., et al.*, Civil Action No. 05-4182 (Nov. 25, 2005). Washington Group has been present at every status conference before this Court, as well as those held before Judge G. Thomas Porteous, Jr., who presided over these cases in their earliest stages. *See, e.g.*, Transcript of Hearing, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-8141 (Feb. 15, 2006). Counsel for Plaintiffs has also been present at these status conferences and was well aware of Washington Group's existence as a defendant in other cases, since the company's counsel has played an active role in these proceedings.

The *O'Dwyer* action, along with numerous other actions relating to the failure of New Orleans' hurricane protection levees in the aftermath of Hurricane Katrina (including all those actions in which Washington Group is currently named as a defendant), were consolidated for pretrial proceedings by this Court's order of April 11, 2006. *See* Order, *Berthelot, et al. v. Boh Bros. Construction Co., et al.*, Civil Action No. 05-4182 (April 11, 2006). After this limited consolidation, the Court ordered that all motions for leave to amend the parties' pleadings were to be filed no later than April 26, 2006. *See* Order After Hearing, *Berthelot, et al. v. Boh Bros. Construction Co., et al.*, Civil Action No. 05-4182 (April 6, 2006) at 6. The Court subsequently extended this deadline to June 5, 2006, with the additional stipulation that all such motions must

814703v.1

either (i) be accompanied by a certificate that there existed no objection to the amendment, or (ii) be noticed for hearing no later than June 7, 2006. *See* Order, *Berthelot, et al. v. Boh Bros. Construction Co., et al.*, Civil Action No. 05-4182 (May 3, 2006).

Plaintiffs filed their Motion on June 5, seeking leave from the Court to add four additional named plaintiffs, as well as seven new defendants, including Washington Group. Motion and Twelfth Supplemental and Amending Complaint in a Class Action Lawsuit ("Amended Compl.") ¶¶ I-II. Plaintiffs allege that Washington Group and the other proposed defendants

> provided design, construction and/or engineering services to the U.S. Army Corps of Engineers with respect to structures or works located on the 17th Street Canal, the Orleans Avenue Canal, the London Avenue Canal and/or the Inner Harbor Navigation Canal (a/k/a the Industrial Canal), which said services were provided in a defective, deficient and negligent manner, in breach of the applicable standard of care owed by professionals supplying like services, resulting in damages to plaintiffs and those similarly situated to plaintiffs, when the aforesaid structures or works failed to serve the purposes for which they had been designed and constructed.

Amended Compl. ¶ III.[1]

Despite the Court's unambiguous language in its prior order, Plaintiffs' Motion was not accompanied by a certification that there was no objection to the amendment, and was not noticed for hearing by June 7, 2006. Instead, counsel for Plaintiffs merely asserted that he "has performed due diligence and has identified . . . additional defendants who are or may be liable to plaintiffs as a result of the events which occurred on August 29, 2005. . ." Motion at 1.

---

[1] Washington Group did not, as Plaintiffs contend, provide design, construction, or engineering services to the U.S. Army Corps of Engineers ("USACE") with regard to the New Orleans levee system. Rather (as set forth in its April 20, 2006 court-ordered disclosure), Washington Group's corporate predecessor contracted in 1999 with the USACE to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the north; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site"). Washington Group began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005. At all times Washington Group acted at the direction and under the supervision of the USACE.

814703v.1

Plaintiffs never contacted Washington Group to seek its consent (presumably because their counsel knew Washington Group would object to being added to a wholly redundant action), and noticed their motion for hearing on June 21, two weeks after the Court's clear deadline.

## ARGUMENT

Setting aside the fact that Plaintiffs' Motion did not conform to the strictures of this Court's order, elementary principles of civil procedure require that the Motion be denied. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleadings once as a matter of course before a responsive pleading is served; subsequent amendments are allowed only by leave of court. Fed. R. Civ. P. 15(a). While it is certainly true that the policy underlying the Federal Rules is liberal in its permission for litigants to amend their pleadings, *Dussoy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), leave to file such amendments "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation and quotation omitted). The ultimate decision whether to allow amendment lies in the sound discretion of the district court, and is reversible only if the court has abused that discretion. *Wimm*, 3 F.3d at 139.

Under Fifth Circuit precedent, courts must consider five factors in deciding whether to grant a motion to amend: (i) undue delay; (ii) bad faith or dilatory motive on the part of the movant; (iii) repeated failure to cure deficiencies by previous amendments; (iv) undue prejudice to the opposing party; and (v) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Depending on the facts of a particular case, the district court need not find that all five factors are present before it properly may deny leave to amend. *See, e.g., Smith*, 393 F.3d at 596 (affirming district court's denial of leave to amend based solely on undue delay and undue prejudice to defendants); *Rosenzweig v.*

814703v.1

*Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003) (affirming district court's denial of leave to amend complaint solely on basis of plaintiffs' delay and futility of proposed amendment). In this case, Plaintiffs' Motion is not only futile, it is the product of Plaintiffs' undue delay and their repeated failure to include these claims in a dozen prior complaints. For these reasons, the Motion should be denied.

## I.   PLAINTIFFS HAVE SQUANDERED THEIR AMPLE OPPORTUNITY TO ADD WASHINGTON GROUP AS A DEFENDANT

Not once in a dozen complaints have Plaintiffs attempted to name Washington Group as a defendant, despite the fact that Washington Group has been named in eleven other lawsuits that arise out of the same allegations as—and which have been consolidated for pretrial purposes with—Plaintiffs' Complaint. Settled law instructs that either Plaintiffs' delay or their repeated failure to add Washington Group in their many prior amendments would provide sufficient ground for this Court to deny Plaintiffs' Motion. The presence of both factors only strengthens this conclusion.

### A.   Plaintiffs' Amendment is the Product of Undue Delay

The timeliness of a motion to amend is relevant to the decision whether to grant leave to amend. *Chitimacha Tribe of Louisiana v. Harry C. Laws Co., Inc.*, 690 F.2d 1157, 1163-64 (5th Cir. 1982). When a plaintiff has offered no "justification for failure to delineate the boundaries" of his complaint, even though the facts upon which he seeks to rely have been readily available long before the motion to amend is filed, courts should deny leave to amend. *Id.* at 1164. *See also Thompson v. Boggs*, 33 F.3d 847, 853 (7th Cir. 1994) ("There must be a point at which a plaintiff makes a commitment to the theory of its case.") (quoting *Johnson v. Methodist Medical Center*, 10 F.3d 1300, 1304 (7th Cir. 1993), *cert. denied*, 511 U.S. 1107 (1994)).

814703v.1

Since October 2005, Washington Group has been a party to similar actions arising out of the same facts as those giving rise to Plaintiffs' Complaint. Within weeks of Washington Group's appearance in the *Vodanovich* action, the plaintiffs in various other cases arising from the same set of facts amended their complaints to include Washington Group. The Plaintiffs in the present matter did not do so, however, even though their claims stem from precisely the same allegations giving rise to the other actions in which Washington Group is a defendant. Moreover, since February 2006, Plaintiffs have attended no fewer than three status conferences and hearings before two different district judges, at which counsel Washington Group was also present and an active participant. Plaintiffs, however, have chosen to wait until eight months after Washington Group was first named in these cases to state a claim against Washington Group. This Court should not excuse Plaintiffs for their delay in this matter.

### B. Plaintiffs Have Repeatedly Failed to Add Washington Group as a Defendant in Many Prior Amendments

Plaintiffs' long delay in failing to add Washington Group to their Complaint is compounded by the excessive number of amendments they have already filed with this Court. While the overall spirit of the Federal Rules is indeed liberal with regard to the amendment of pleadings, courts must bear in mind that the Rules "are to be construed 'to secure the just, speedy, and inexpensive determination of every action,'" *Foman*, 371 U.S. at 183 (quoting Fed. R. Civ. P. 1). Consequently, courts should not grant leave to amend if doing so would undermine the purpose of the Federal Rules, *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). Yet this is precisely the result that would obtain if Plaintiffs are now granted the opportunity to amend their Complaint to include Washington Group, as they have already passed up multiple opportunities to do so. *Cf. DCD Programs v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)

- 7 -

814703v.1

(district court's discretion to deny leave to amend is particularly broad where plaintiff has already had opportunity to amend complaint).

As outlined above, for more than eight months Washington Group has been a party to numerous cases relating to the failure of New Orleans' flood protection walls and levees in the aftermath of Hurricane Katrina. Within weeks of Washington Group's first appearance in the *Vodanovich* action, other plaintiffs with claims identical in all respects to Plaintiffs' quickly amended their complaints to name Washington Group as a defendant. Plaintiffs in this case, however, did not. Even after the first status conference in these cases, when counsel for all parties involved in litigation relating to the effect of Hurricane Katrina on New Orleans' levee and floodwall system convened in the same courtroom, Plaintiffs did not take any steps to add Washington Group to their Complaint.[2] Neither Plaintiffs' original Complaint nor their eleven prior amendments include any allegations against Washington Group. Yet despite numerous prior opportunities, only now—four months after the first status conference and eight months after Washington Group first became involved in these cases—that Plaintiffs attempt to bring a claim against Washington Group. They provide no justification or newly discovered facts that would vitiate the long delay in adding Washington Group as a defendant at this point in the litigation. Instead, they rely on the conclusory assertion that their counsel "has performed due diligence" and identified additional defendants. Surely, Plaintiffs' repeated failures to name Washington Group in their eleven prior amendments (and one additional failed attempt at an amendment) should not be rewarded by allowing them to amend their complaint a dozen times.

---

[2] While the Court granted Plaintiffs' request to file an Eleventh Amended Complaint, *see* Order, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-4181 (Feb. 22, 2006), it denied their previous attempt to file a Twelfth Amended Complaint. *See* Order, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-4181 (April 12, 2006).

814703v.1

## II.   PLAINTIFFS' ATTEMPT TO ADD STILL MORE NAMED CLASS REPRESENTATIVES IS UNNECESSARY AND REDUNDANT

Even apart from Plaintiffs' repeated failure to add Washington Group to their Complaint, their Motion must be denied insofar as it is unnecessary and entirely redundant with respect to the other cases in which Washington Group has already been named as a defendant.  The class of individuals Plaintiffs purport to represent is identical to the putative class set forth in the *Vodanovich* complaint and other related actions.  As this Court stated in its April 12 order denying Plaintiffs' prior attempt to amend their Complaint a twelfth time—there, simply to add more plaintiffs to a list already numbering more than 100—"[t]he amendment does not appear important."  Order on Motion, *O'Dwyer, et al. v. United States of America, et al.*, Civil Action No. 05-4181 (April 12, 2006).  This statement is no less true in the present context.  The allegations of fault in Plaintiffs' proposed amendment add nothing to the allegations of fault already part of these consolidated pretrial proceedings, since Washington Group has been named as a defendant in eleven other cases brought by plaintiffs purporting to represent the same class of individuals alleging the same injury.  In fact, the other complaints assert virtually the same general fault allegations, and provide specific allegations of fault not contained in this proposed Twelfth Supplemental And Amending Complaint.  Adding Washington Group as a defendant to the *O'Dwyer* action will only burden Washington Group with defending itself in another action without offering putative class members the prospect of any additional protection or recovery.

-9-

814703v.1

## CONCLUSION

For the foregoing reasons, Washington Group respectfully requests that the Court deny

Plaintiffs' Motion.

Dated: June 13, 2006

Respectfully submitted,

William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
Christopher R. Farrell
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax:  1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

814703v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via e-mail this 13th day of June, 2006.

_William D. Treeby_