# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL** | * | **CIVIL ACTION NO.: 05-4182** |
| | * | |
| | * | **SECTION:   K (2)** |
| **VERSUS** | * | |
| | * | |
| | * | **CONS. KATRINA CANAL** |
| **BOH BROS. CONSTRUCTION CO.,** | * | |
| **LLC, ET AL** | * | |
| | * | |
| **PERTAINS TO ALL CASES** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM IN SUPPORT OF
### RULE 56 MOTION FOR SUMMARY JUDGMENT
### ON BEHALF OF BOH BROS. CONSTRUCTION CO., L.L.C.

***MAY IT PLEASE THE COURT:***

On or about September 19, 2005, following the destruction and flooding caused by Hurricane Katrina on August 29, 2005, the first of many suits was filed in this district court[1] that alleged claims against numerous defendants for their respective roles in the design and/or construction of three (3) specific canals/waterways whose protective levees all breached -- (1) the 17th Street Canal, (2) the London Avenue Canal, and (3) the Inner Harbor Navigation Canal ("Industrial Canal").  Plaintiffs

---

[1] *Colleen Berthelot, et al vs. Boh Bros. Construction Co., LLC, et al, Civil Action No. 05-4182, United States District Court for the Eastern District of Louisiana.* Other cases which included similar parties and allegations were filed in Civil District Court for the Parish of Orleans and were subsequently removed to this district court.

have asserted claims of tort negligence against Boh Bros. Construction Co., L.L.C. ("Boh Bros."), specifically alleging that Boh Bros.' construction work on the 17th Street Canal in 1992[2] and the Industrial Canal in 1999[3] caused or contributed to the breaches in the levees/floodwalls for these two canal/waterways.

Boh Bros. now moves for summary judgment dismissing plaintiffs' claims against it in this litigation. Plaintiffs' suits were filed and the causes of action therein asserted all accrued more than five (5) years after the substantial completion of Boh Bros.' work on both the 17th Street Canal and the Industrial Canal projects. The lawsuits are therefore all perempted under La. R.S. 9:2772.

1.    **UNDISPUTED FACTS**

    A.    **17th Street Canal Excavation and Flood Protection Project**

On May 9, 1990, Boh Bros. Construction Co., L.L.C. ("Boh Bros.") contracted with the Board of Commissioners of the Orleans Levee District ("OLD") for the purpose of furnishing "all labor, equipment, supplies, etc., and to perform all work necessary for the Excavation &  Flood Protection - 17th Street Canal - Phase 1B - Hammond Highway to Southern Railway, New Orleans,

---

[2]  Berthelot's second supplemental and amending complaint, Paragraph 36A(2) which reads as follows: "Upon information and belief, Defendant **BOH BROTHERS CONSTRUCTION COMPANY, L.L.C.** was the contractor that constructed portions of the 17[th] Street Levee/Flood Wall, said construction including but not limited to the placement of sheet piling for the purpose of supporting the concrete flood walls. It is believed that the negligent design and/or construction of the levee/flood wall including the placement of the sheet piling for the purpose of supporting the concrete flood (sic) caused and/or contributed the above-mentioned breach in the levee and/or flood wall, and it is further believed that the use of heavy vehicles and/or other heavy construction equipment in the placement of the sheet piling damaged the levee and caused and/or contributed the above-mentioned breach in the levee and/or flood wall."

[3]  Berthelot's second supplemental and amending complaint, Paragraph 36C(3) which reads as follows: "Upon information and belief, Defendant **BOH BROS. CONSTRUCTION CO. LLC** contracted to install casings, test piles, and reaction piles along the Industrial Canal between December of 1999 and May of 2000. It is believed that the use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal damaged the levee and/or flood wall and caused and/or contributed the above-mentioned breach in the levee and/or flood wall."

Louisiana" (the "17th Street Canal project")[4].  Boh Bros. completed work on the 17th Street Canal

project approximately twenty-seven (27) months later.  On August 20, 1992, OLD, as project owner,

signed the Certificate of Substantial Completion, recognizing March 11, 1992 as the date of

substantial completion on the 17th Street Canal project.[5]  A copy of the Certificate of Substantial

Completion was filed in the mortgage office of Orleans Parish on August 24, 1992.[6]

### B.   Inner Harbor Navigation Canal Test Pile Project

On September 16, 1999, Boh Bros. contracted with the U.S. Army Corps of Engineers

("USACOE") to perform pile load testing as per Contract No. DACW29-99-C-0064 and its

accompanying amendments on the Inner Harbor Navigation Canal (the "Industrial Canal project").[7]

Boh Bros. completed it contract work on the Industrial Canal project approximately eight (8) months

later, on May 25, 2000.[8]  On May 26, 2000, Boh Bros. physically removed all of its equipment from

the project site[9] and relinquished all control and occupancy of the Industrial Canal project to the

USACOE.[10]

---

[4] An authenticated copy of the "Excavation & Flood Protection - 17th Street Canal - Phase 1B - Hammond Highway to Southern Railway, New Orleans, Louisiana" (the "17th Street Canal project") contract provides the best evidence of the terms and conditions of the scope of services to be provided and is appended as **Attachment 1** to the Affidavit testimony of Philip D. Hoz, Jr. attached hereto as **Exhibit A.**

[5] An authenticated copy of the Certificate of Substantial Completion for the 17th Street Canal project is appended as **Attachment 2 to Exhibit A.**

[6] *Id.*

[7] An authenticated copy of Contract No. DACW29-99-C-0064 (the "Industrial Canal project") provides the best evidence of the terms and conditions of the scope of services to be provided and is appended as **Attachment 1** to the Affidavit testimony of Stanley A. Vicknair, Jr., attached hereto as **Exhibit A.**

[8] An authenticated copy of Boh Bros.'Daily Work Logs for the Industrial Canal project, included as **Attachment 2 to Exhibit B.**

[9] *Id.*

[10] *See* **Exhibit B.**

C.     **Hurricane Katrina and the Failure of the 17ᵗʰ Street Canal and the Inner Harbor Navigation Canal**

On August 29, 2005, Hurricane Katrina made landfall in southeastern Louisiana, thirteen years after the substantial completion of the 17ᵗʰ Street Canal Project and over five years after completion of the Industrial Canal Project. The accompanying storm surge caused area outfall canals and commercial waterways to fill with substantially increased levels of water. Several canals and waterways failed, including the 17ᵗʰ Street Canal and Inner Harbor Navigation Canal, the result of which flooded many neighborhoods throughout the city of New Orleans.

2.     **LAW AND ARGUMENT**

A.     **The Summary Judgment Standard**

The purpose of summary judgment is to permit the speedy and expeditious disposal of cases in which no genuine issue of material fact exists and no trial is needed.[11] Summary judgment is not intended to deny litigants the right of trial when there really are factual issues to try.[12] But when the basic facts are undisputed and no disagreement exists regarding material factual inferences that may be properly drawn from such facts,[13] summary judgment is appropriate.

For summary judgment to be granted, pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains.[14] Once that is shown, the burden shifts to the party opposing the motion to produce evidence establishing that genuine issues of material fact exist; but he may not wait for trial or appeal

---

[11] Fed.R.Civ.P. 56; *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.*, 378 F.2d 377 (5ᵗʰ Cir. 1967).

[12] Fed.R.Civ.P. 56(e); *U.S. v. Burket*, 402 F.2d 426 (5ᵗʰ Cir. 1968).

[13] Fed.R.Civ.P. 56(c); *Crystal City v. Del Monte Corp.*, 463 F.2d 976 (5ᵗʰ Cir. 1972).

[14] *Newell v. Oxford Management, Inc.*, 912 F.2d 793 (5ᵗʰ Cir. 1990).

to develop claims or defenses in response to summary judgment motion.[15]   An issue or fact is "material" only if its resolution could affect the outcome of the action,[16] or if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[17]

**B.      Louisiana's Statutory Peremption Defense (La. R.S. 9:2772)**

The motion for summary judgment should be granted because all claims and causes of action asserted against Boh Bros. have perempted under Louisiana law.

La. R.S. 9:2772 establishes a five year period of peremption for the existence of claims against a contractor for construction-related improvements to immovable property:

> **§ 2772.  Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon**
>
> A.      **No action**, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages **shall be brought against any person .... performing** or furnishing the design, planning, supervision, inspection, or observation of **construction or the construction of an improvement to immovable property**:
>
> (1)(a) More than **five years after the date of registry in the mortgage office** of acceptance of the work by owner.
>
> (b) **If no such acceptance is recorded** within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than **five years**

---

[15] *C.F. Dahlberg & Co., Inc. v. Chevron U.S.A., Inc.*, 836 F.2d 915 (5th Cir. 1988).

[16] *Daniels v. City of Arlington, Tex.*, 246 F.3d 500 (5th Cir. 2001); *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391 (5th Cir. 2001).

[17] *Id.*

**after the improvement has been thus occupied by the owner. . . .[18]**

Under this statute, all actions, whether contractual, delictual, "or otherwise" perempt - that is, cease to exist - against any person performing construction work on an immovable five years (1) after the owner has recorded acceptance of the work in the mortgage of file,[19] or (2) after the owner has occupied the immovable, if the owner does not record his acceptance within six months of taking possession.[20]

*Peremption* is a period of time fixed by law for a right to exist.[21]  Unless the right is timely exercised, the right is extinguished when the peremptive period ends.[22]  In contrast to a period of prescription, which merely bars the remedy sought to be enforced, passage of the peremptive period destroys the right itself, and the cause of action or substantive right subject to the peremptive period no longer exists to be enforced.[23]

As a matter of public policy and positive law,[24] periods of peremption may not be interrupted, suspended or renounced.[25]  Consequently, regardless of when the alleged negligent act is discovered,

---

[18]  La. R.S. 9:2772 (Emphasis added).

[19]  *Guidry v. Sunset Recreation Club, Inc.*, 571 So.2d 870 (La.App. 3rd Cir. 1990).

[20] *Id.*  An owner may not delay indefinitely the commencement of the peremptive period by failing to record his acceptance.

[21]  *Poree v. Elite Elevator Services, Inc.*, 94-2575 (La.App. 4 Cir. 11/16/95), 665 So.2d 133, *writ denied*, 95-3008 (La. 2/16/96), 667 So.2d 1053.

[22]  *Id.*; La. Civil Code Article 3458.

[23]  La. Civil Code Article 3458.  At common law, periods of peremption are known as statutes of repose.  *Pounds v. Schori*, 377 So.2d 1195, 1198 (La.1979).

[24]  *State Through Div. of Admin. v. McInnis Bros. Const.*, 97-0742 (La. 10/21/97), 701 So.2d 937.

[25]  *Id.*; La. Civil Code Article 3461.

6

if suit is not filed before peremptive period has elapsed, the claim still perempts.  This result if true even if the peremptive period elapses before the cause of action even accrues.

For example, in *Lasseigne v. Schouest & Sons Builders,*[26] the First Circuit Court of Appeal held that the ten-year period of peremption, then in effect,[27] had commenced, as the language of the statute required,  from the date that the owner occupied the immovable, and not from the later date that the owner discovered the alleged defect in construction.  Because the suit was not filed within ten years of occupancy, the court dismissed the suit as perempted.[28]

In *Reeder v.  North,*[29] involving a similar peremption statute for lawyers in La. R.S. 9:5607, the Louisiana Supreme Court held that the statute perempted plaintiff's malpractice action, even though his cause of action had not accrued until after the peremptive period had elapsed. Acknowledging the "perceived inequities" of the statute, and quoting *Bazley v. Tortorich,*[30] the court held:

> Statutes of limitation are exclusively a legislative prerogative.  In setting a statute of limitation, a legislature does not eliminate the remedy for a civil wrong; it makes a legislative determination that

---

[26] 563 So.2d 371 (La. App. 1st Cir. 1990).

[27] *Id.* at 373.  The plaintiffs' cause of action had accrued in 1988, when the peremptive period in La. R.S. 9:2772 was ten years.  The peremptive period was reduced to seven years in 1999, by Acts 1999, No. 1024, effective August 15, 1999.  The peremptive period was reduced again in 2003 to five years. See Acts 2003, No. 919, §1. Acts 2003, No. 919, § 2, provides that the "provisions of this Act shall become effective only upon the enactment of the provisions of House Bill 453 of this 2003 Regular Session." House Bill 453, enacted as Acts 2003, No. 854, was signed by the governor on July 1, 2003, and became effective on August 15, 2003.

[28] *Accord, Exxon v. Foster Wheeler Corp.* 00-2093 (La. App. 1st Cir. 12/28/01), 805 So. 2d 432 (*held,* cause of action that accrued in 1993 from fire at a chemical processing plant was perempted because defendant had completed work and owner had taken occupancy of plant thirty years earlier); *Poree v.  Elite Elevator Services,* 98-0032 (La.  App.  4th Cir. 11/16/95), 665 So.2d 133 (*held,* cause of action for elevator injury was perempted because defendant had completed all elevator service under its contract more than twenty-one years before the cause of action had accrued.)

[29] 97-0239 (La. 10/21/97), 701 So. 2d 1291.

[30] 397 So.  2d 475, 485 (La.  1981).

> after a certain period of time no cause of action can arise.  Until the
> time that a cause of action vests, a legislature has the power to create
> new rights and abolish old ones. [Citation omitted.]   In finding that
> the right to recover in tort is not a fundamental right, our court has
> noted that "[w]here access to the judicial process is not essential to
> the exercise of a fundamental constitutional right, the legislature is
> free to allocate access to the judicial machinery on any system or
> classification which is not totally arbitrary."[31]

The court noted that the Legislature had considered the objection that the peremption statute was

unfair because it "could extinguish a cause of action before it arises; but it nonetheless passed the

statute."[32]

In *Reeder*, the peremption statute covered attorney negligence, and was triggered by the date

of the negligence; here, the statute relates to contractors and is keyed to the date the work is

completed or the immovable is occupied.  But those distinctions are without legal significance, for

in each case the trigger dates are clearly defined, and are reasonable exercises of the Legislature's

discretion.

*Akins v. Parish of Jefferson*[33] is closely analogous to the facts here.  Hurricane Juan caused

extensive flooding in Jefferson Parish to several subdivisions, and an action was brought by various

homeowners against the engineering firm that had designed protection levees in the area.  The design

work was performed in the early 1970s, and the hurricane occurred in 1985 over 15 years later.  Even

though no damages were sustained, and no cause of action had accrued, until after the peremptive

period had already elapsed, the Fifth Circuit Court of Appeal held that R.S. 9:2772 nonetheless had

"clear applicability."

_____

[31]701 So. 2d at 1296.

[32]701 So. 2d at 1297.

[33]91-CA-298-91-CA-302. (La. App. 5th Cir. 12/17/91), 591 So.2d 800.

**C.      All claims against Boh Bros. for its work on the 17th Street Canal and Industrial Canal are perempted.**

Boh Bros. is similarly insulated from plaintiffs' claims in this case because the five-year peremptive period in La. R.S. 9:2772 had elapsed before any of the suits against Boh Bros. were filed and before any of plaintiffs' causes of action had even accrued.  Boh Bros.' services on each canal improvement project were completed and accepted by the Owner more than five (5) years before any cause of action for damages caused by the levee breaches on August 29, 2005 even arose.  Any claims that plaintiffs may have had against Boh Bros. were thus perempted under La. R.S. 9:2772 before they even came into existence.

Under Louisiana law, a cause of action "accrues" when a party has the right to sue,[34] or when the right to damages becomes immediately enforceable.[35]  In a tort action based on a claim of negligence, for there to be an immediately enforceable cause of action, the plaintiff must have suffered some loss or received some damage.[36]  Damage is sustained only when it has manifested itself with sufficient certainty to support the accrual of a cause of action.[37]

In the case here, plaintiffs sustained no damages from Boh Bros.' alleged negligence until August 29, 2005, the date that Hurricane Katrina made landfall and the levees on the 17th Street Canal and Industrial Canal breached.  Under Louisiana law, plaintiffs could not and did not accrue a cause of action in tort against Boh Bros. for its work on either canal before that date.

---

[34]  *Landry v. Avondale Industries, Inc.*, 2003-0719 (La. 12/3/03), 864 So.2d 117.

[35]  *Asbestos v. Bordelon, Inc.*, 726 So.2d 926 (La.App. 4th Cir. 10/21/98), 726 so.2d 926.

[36]  *Perkins v. Brown*, 235 So.2d 579 (La. App. 1st Cir. 1970) (Emphasis added).

[37]  *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 02-266 (La. App. 3rd Cir. 4/2/03) , 844 So.2d 380; writ denied, 03-1585 (La. 10/31/03), 857 So.2d 476.

Boh Bros. substantially completed its work on the 17th Street Canal on March 11, 1992.[38] OLD filed a Certificate of Substantial Completion in the mortgage records on August 24, 1992, but had accepted and occupied the levee on March 11, 1992, more than six-months before recording its written acceptance of the work. The peremptive period for any then-existing or future claims against Boh Bros. for its work on that canal commenced on March 11, 1992, the date that OLD acceptance and occupied the levee.[39]

But even if the period of peremption were held to have commenced on August 24, 1992, the date that OLD recorded its Certificate of Substantial Completion, all causes of action arising out of that work, if any existed, would still have been perempted on August 29, 2005, more than thirteen years after the work was completed.

Boh Bros. fully completed its work on the Industrial Canal by May 25, 2000[40] and relinquished control and occupancy of the Industrial Canal project to the USACOE on May 26, 2000.[41] Again, all causes of action arising out of that work, if any exist, perempted, at the latest, five years later, on May 26, 2005, a full three months before Hurricane Katrina made landfall on August 29, 2005 and caused the levees to breach.

In short, any and all claims against Boh Bros. arising from its work on the 17th Street Canal and Industrial Canal projects were perempted by operation of law before plaintiffs' causes of action accrued on or about August 29, 2005, and well before October 20, 2005 when plaintiffs filed suit.

---

[38] *See* **Exhibit A**, Affidavit of Hoz.

[39] See, *Guidry v. Sunset Recreation Club, Inc.*, 571 So.2d 870 (La.App. 3rd Cir. 1990).

[40] *See* **Exhibit B**, Affidavit of Vicknair.

[41] *Id.*

## CONCLUSION

Accordingly, for the foregoing reasons, summary judgment should be granted and Boh Bros.

should be dismissed from these suits, with prejudice, with all costs taxed to plaintiffs.

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

BY: _____

MICHAEL R. C. RIESS (#2073)
CHARLES B. COLVIN (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, LA   70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
Attorneys for Boh Bros. Construction
Co., L.L.C.

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Attorneys for Boh Bros. Construction
Co., L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been

forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United

States mail, addressed to them on this ___*15*___ day of June, 2006.