UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEN BERTHELOT, ET AL** | * | CIVIL ACTION NO. 05-4182 |
| **Plaintiffs** | * | Section "K" (2) |
| **VERSUS** | * | |
| **BOH BROTHERS CONSTRUCTION, CO. ET AL** | * | |
| **Defendants** | * | |

THIS DOCUMENT RELATES TO:
| | | | |
|---|---|---|---|
| 05-4181 "K"(2) | (O'Dwyer) | 06-0225 "K"(2) | (Bradley) |
| 05-5237 "K"(2) | (Vodanovich) | 06-0886 "K"(2) | (Finney) |
| 05-6073 "K"(2) | (Kirsch) | 06-2278 "K"(2) | (Christenberry) |
| 05-6314 "K"(2) | (Ezell) | 06-2287 "K"(2) | (Sanchez) |
| 05-6324 "K"(2) | (Brown) | 06-2346 "K"(2) | (Fitzmorris) |
| 05-6327 "K"(2) | (Leblanc) | 06-2545 "K"(2) | (Marcello) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

SEWERAGE AND WATER BOARD OF NEW ORLEANS'
MEMORANDUM IN SUPPORT OF THE
MOTION TO DISMISS
<u>PURSUANT TO Fed.R.Civ.P. RULE 12 (b)(6)</u>

The Defendant, Sewerage and Water Board of New Orleans (hereinafter referred to as "SWBNO"), presents this Memorandum in Support of its Motion To Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a cause of action upon which relief can be granted. The

complaints that have been filed in these consolidated proceedings fail to state a cause of action for the reasons set forth below.[1]

The SWBNO was <u>never</u> mandated, charged, or given legal responsibility for the *design, maintenance or construction* of the levees (and/or flood walls) that are the subject of the consolidated cases from any legislative body. Similarly, contrary to allegations in the various complaints, the SWBNO does <u>not</u> <u>own</u> any of the canals, their bottoms, their shores, or have any duty to provide legal *garde* for the levees (and/or flood walls) at issue. Finally, the SWBNO never exercised any care, custody and control of the levees (and/or flood walls) at issue herein.

Substantive duties and legal responsibilities for the *design, construction and maintenance* of the subject levees (and/or flood walls) emanate from the congressional mandate that was given to the United States Army Corps of Engineers ("USACE"). (See 33 U.S.C. 701.)

In addition, the Board of Commissioners for the Orleans Levee District ("OLD") is also responsible for levee (and/or flood wall) maintenance under the explicit direction of the USACE. (See La. R.S. 38:307, *et seq.*)

The SWBNO has no legal responsibility for the levees (and/or flood walls). As such, the SWBNO seeks dismissal from these consolidated proceedings.

A.   **Introduction**

The consolidated cases were filed after Hurricane Katrina passed east of the city of New Orleans.[2]

---

[1] The City of New Orleans has also filed a Motion To Dismiss For Failure To State A Cause of Action Upon Which Relief Can Be Granted. (See Docket Document No. 200, Civil Action No. 05-04182.) The City's Memorandum In Support indicates that the USACE is directly and proximately responsible for the levees at issue in the consolidated proceedings. Moreover, the City's legal argument likewise supports the dismissal of the Sewerage and Water Board of New Orleans on the same legal grounds.

Widespread flooding occurred following the storm.

Flooding was caused by breaches of the levees (and/or flood walls) at two **_outfall_** canals, namely the 17th Street and London Avenue Canals, and at the Industrial Canal, a navigable marine waterway.

In fact, the storm veered east before a direct strike on the city of New Orleans and hit on the Mississippi Gulf Coast, near the vicinity of Gulfport, Mississippi.

Finally, the levee (and/or flood wall) breaches were the proximate cause of the flooding of the city of New Orleans.

If the levees (and/or flood walls) had not breached at the outfall canals and the Industrial Canal, then damage to property within the city of New Orleans would have been minimal, essentially limited to wind-related impacts, as the rainfall from the storm was negligible.

**B.   Plaintiffs Allegations Are Only Conclusory.**

The allegations that are presented in the chart below are only *conclusory* statements. The allegations mistakenly focus on the "so-called" garde that the SWBNO supposedly had for the "shores" of the canals in question and Lake Pontchartrain. As shown below in detail, this is a legally mistaken view.[3] Both Louisiana and Federal law to <u>do</u> <u>not</u> <u>support</u> this contention under any circumstance(s) related to the flooding of New Orleans.

---

[2] Further, Hurricane Katrina was a "*force majeure*." A hurricane is a substantial disturbance in the normal weather patterns, an unexpected event, although know to occur periodically, but unanticipated for a specific time and place. While the type of hurricane maybe disputed – Category 3 versus Category 4 or 5, there is no doubt that Hurricane Katrina was an Act of God, or a *force majeure*.

[3] The plaintiffs in *Berthelot* specifically state the following allegation:

> The Sewerage and Water Board had at all times relevant hereto the care, custody, control, and garde of [sic] hte land along, over and on the shores, bottom, and bed of Lake Pontchartrain in the Parish of Orleans, and along and on the shores of adjacent to the lake along the canals connected therewith.

3

Furthermore, the conclusory remark that the levees (and/or flood walls) contained vices that the SWBNO knew or should have known about is again a legal mistake concerning the parties responsible for the security of the levees (and/or flood walls), namely the USACE and its contractors.

It should also be noted that the SWBNO was not the contractor for the removal of sheet piling along the 17th Street Canal (or elsewhere) in 1988. Rather any such work was done under the overall auspices of the USACE – as mandated by Federal statute as shown below in specific detail.

With respect to the allegations pertaining to leaks in the levees the SWBNO respectfully represents that it had absolutely no legal responsibility for any alleged vice and/or defect that may have heretofore existed in the levees. As previously stated legal responsibilities for the *design, construction and maintenance* of the subject levees (and/or flood walls) emanate from the congressional mandate that was given to the United States Army Corps of Engineers (USACE). (See 33 U.S.C. 701, cited *supra*.)

Nonetheless, the allegations in each of the consolidated cases that name the SWBNO are summarized hereinbelow:

---

Second Supplemental and Amending Complaint, Paragraph 36, F. 1.

This allegation is basically repeated in the following cases: *Vodanovich*, 05-5237, *Kirsch*, 05-6073, *Ezell*, 05-6314, *Brown*, 05-6324, *Leblanc*, 05-6327, *Bradley*, 06-0225, *Finney*, 06-0886, *Sanchez*, 06-2287, and *Fitzmorris*, 06-2346.

4

| TABLE OF ALLEGATIONS IN CONSOLIDATED CASES: | AGAINST SEWERAGE & WATER BOARD |
|---|---|
| **CASE NAME, DOCKET NO., PLEADING** | **ALLEGATIONS [All denied.]** |
| ***Berthelot***, 05-4182, Second Supplemental and Amending Complaint, ¶36(F)(1-4) | 1. S&WB had care, custody and control and garde of the shores along canals and Lake Pontchartrain, <br> 2. 17th, London and Industrial Canals are part of Lake Pontchartrain and under garde of S&WB, <br> 3. Levees of canals contained vices and defects in garde of S&WB which were known or should have been known, rendering strict liability <br> 4. 1988 removal of sheet piling from levees created defects causing strict liability. |
| ***O'Dwyer,*** 05-04181 First Supplemental And Amended Complaint, ¶8 and 9 | 1. Insufficient pumps in service |
| ***Vodanovich***, 05-5237, Second Supplemental and Amending Petition For Damages: Class Action, III, E. 1-4 | Same as above in Berthelot. |
| ***Kirsch***, 05-6073, Class Action Complaint, ¶35, 36(F)(1-4) | Same as above, including general reference to negligence. |
| ***Ezell***, 05-6314, Class Action Complaint,¶35, 36(F)(1-4) | Same as above, including general reference to negligence. |
| ***Brown***, 05-6324, Class Action Complaint, ¶35, 36(F)(1-4) | Same as above in Berthelot. |
| ***Leblanc***, 05-6327, Complaint for Damages- Class Action, ¶ VII(4)(a-d) | Same as above in Berthelot. |
| ***Bradley***, 06-225, First Amended Class Action Petition for Damages, ¶6, (4) (a-d) | Same as above in Berthelot. |
| ***Finney***, 06-886, Class Action Complaint, ¶35, 36(F)(1-4) | Same as above in Berthelot. |
| ***Christenberry***, 06-2278, Petition for Damages- Class Action, ¶29,31 | 1. Failure to take adequate precautions to prevent damage to levees, <br> 2. Possessed knowledge of leaks of sewerage and water systems, and failed to report same. |
| ***Sanchez***, 06-2287, Class Action Complaint,¶XXXIII(F)(1-4) | Same as above in Berthelot. |
| ***Marcello***, 06-2545, Class Action Petition, ¶¶12(G)(1-5) | 1. Failure to discover true cause of leaks, <br> 2. Failure to report to proper authority, and <br> 3. Failure to warn residents. |
| ***Fitzmorris***, 06-2346, Complaint, ¶¶ 57-61 | Same as above in Berthelot. |

5

B. **Specific Undisputed Material Facts Concerning Hurricane Flood Protection**

Specific facts concerning the Hurricane and Flood Protection System for the city of New Orleans are:

**Fundamental Undisputed Material Facts**

1. The United States Corps of Engineers USACOE is the entity that was given the **_sole_** Congressional mandate to provide hurricane and flood protection for the city of New Orleans.[4] (See in particular 33 U.S.C. 701, *et seq.*) Generally, Section 702 states, in pertinent part, the degree of control of the USACOE over levees in the flood control system:

> Maintenance of levees constructed for flood control - Upon the completion of any levee constructed for flood control under authority of this section, said levee shall be turned over to the levee district protected thereby for maintenance thereafter; but for all other purposes ***the United States shall retain such control over the same as it may have the right to exercise upon such completion***. [Emphasis added.]

2. Federal law squarely places the duty and responsibility for flood protection on the United States Army Corps of Engineers. (See in particular 33 U.S.C. 701, *et seq.*)

---

[4] The text below is extracted from the National Academy of Engineering, Restoring Coastal Louisiana: Planning without a National Water Policy, by Gerald E. Galloway, Volume 36, Number 1 - Spring 2006.

> In 1927, the lower Mississippi Valley was hard hit by a "flood of record" that killed hundreds of people and displaced thousands. Congress responded with the Flood Control Act of 1928 (PL 70-391), which assigned the U.S. Army Corps of Engineers (USACE) and the Mississippi River Commission the mission of preventing a repetition of the event, indicated that the control of floods was ". . . in the interests of national prosperity, the flow of interstate commerce, and the movement of the United States mails . . . ," ***and acknowledged that this was a province of the federal government***. Eight years later, when much of the nation was hit by disastrous floods, Congress passed the 1936 Flood Control Act, stating that ". . . destructive floods upon the rivers . . . constitute a menace to national welfare; it is the sense of Congress that *__flood control is a proper activity of the Federal Government__*. [Emphasis added.]

The federal government has preempted the field of levee control pursuant to its national flood protection policies.

3. The following excerpt from the USACE's website *cites the statutory authority* for the Southeast Louisiana Flood Control Project in Orleans Parish:

**PROJECT AUTHORITY**

The Southeast Louisiana Project (SELA) was authorized by the Fiscal Year 1996 Appropriations Act, Public Law 104-46 (Section 108) and the Water Resources Development Act (WRDA) of 1996, Public Law 104-303 (Section 533). Section 108 reads as follows:

> "SEC. 108. Using $2,000,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is authorized and directed to proceed with engineering, design, and construction of projects to provide for flood control and improvements to rainfall drainage systems in Jefferson, Orleans, and St. Tammany Parishes, Louisiana, in accordance with the following reports of the New Orleans District Engineer; Jefferson and Orleans Parishes, Louisiana, Urban Flood Control and Water Quality Management, July 1992; Tangipahoa, Techefuncte and Tickfaw Rivers, Louisiana, June 1991; and Schneider Canal, Slidell, Louisiana, Hurricane Protection, May 1990. There is authorized to be appropriated $25,000,000 for the initiation and partial accomplishment of projects described in these reports. The cost of any work performed by the non-Federal interests subsequent to the above cited reports, as determined by the Secretary of the Army to be a compatible and integral part of the projects, shall be credited toward the non-Federal share of the projects."

Section 533 reads as follows:

> "Sec. 533. SOUTHEAST LOUISIANA. (a) FLOOD CONTROL. – The Secretary shall proceed with engineering, design, and construction of projects to provide for flood control and improvements to rainfall drainage systems in Jefferson, Orleans, and St. Tammany Parishes, Louisiana, in accordance with the following reports of the New Orleans District Engineer: Jefferson and Orleans Parishes, Louisiana, Urban Flood Control and Water Quality Management, July 1992; Tangipahoa, Techefuncte, and

>   Tickfaw Rivers, Louisiana, June 1991; St. Tammany Parish, Louisiana, July 1996; and Schneider Canal, Slidell, Louisiana, Hurricane Protection, May 1990.

4. No other entity, including <u>in particular</u> the SWBNO, is charged with this **<u>federally mandated</u>** legal responsibility concerning the subject levees.

5. The Board of Commissioners for the Orleans Levee District ("OLD"), by Louisiana statute (La. R.S. 38:301, *et seq.*), maintains the three levees (17th Street, London Avenue and Industrial Canals) in compliance with the designs, plans, specifications, and requirements of the United State Army Corps of Engineers ("USACE").

6. OLD maintains the subject levees pursuant to the assurance it executes with the USACE, and specific direction or mandates issued by the USACE and pursuant to the United States Code of Federal regulations. (See 33 C.F.R. Section 208.10.)

7. The SWBNO does not <u>own</u> the bottoms of any of the outfall canals or was never charged with any legal duty concerning the *garde* of the outfall canals or the Industrial Canal. These canals, including their bottoms and sides, are under the exclusive control of the USACE and the OLD. (See La. R.S. 38:301, *et seq.*, in particular R.S. 38:336 A.)

8. Moreover, as a statement of fact, the SWBNO is responsible for drainage (See La. R.S. 33:4082.1, *et seq.*) for the city of New Orleans, using various canals - including the 17th Street Canal and London Avenue Canal. However, the SWBNO is not responsible for the outfall canal (bottoms, sides and/or levees).

9. The levee breaches occurred in the outfall canals *exterior* (North of) to the SWBNO pumping stations in the 17th Street and London Avenue Canals..

Therefore, the SWBNO was not legally responsible for the alleged defects in the levees (and/or flood walls).

**USACE's Duty to Disclose and Its Sole Duty Regarding Preservation of Evidence**

This Honorable Court issued an Order on April 6, 2006 (*Berthelot* consolidated cases, Rec. Doc. No. 69), requiring ***all*** defendants to disclose their respective involvement with the "*design, construction and maintenance*" of the levees on the outfall canals and the Industrial Canals. The Order also required all defendants to set forth the actions of any affiliates or contractors, which had ***any*** involvement with the levees.

**In addition, this recent Order provided for the preservation of evidence during these proceedings. The claimants did not oppose the preservation of evidence by the contractors making repairs to the levees *on behalf of the USACE* – not the SWBNO.** The USACE is ultimately responsible for the condition of the levees. This court, and the claimants in the consolidated proceedings, have already advanced this case predicated on this fact, namely the duty of the USACOE to preserve evidence at the location of the levees now under construction/re-fortification.

This undisputed fact underscores that the mover, the SWBNO never had legal *garde* of these levees and should be dismissed from these cases.

Furthermore, the Board's drainage duty is <u>not</u> at issue in these proceedings.[5]

To date, the USACE has **not** filed the mandated disclosure statement.

By Federal statute and Federal regulation, the Sewerage and Water Board is ***not*** legally responsible in any way for these levees in the outfall canals or the Industrial Canal.

---

[5] In *O'Dwyer*, the plaintiff raised the issue of the number of pumps not in service. However, this allegation does not create any legal garde for the levees (and/or flood walls) on the part of the S&WB.

9

Therefore, the Board cannot be held liable for any claims presented in the consolidated cases for the breech of the levees or the resulting flooding, and the claims presented in the consolidated cases present no cause of action against the Board.

### C. LEGAL ARGUMENT

Fed. R. Civ. P., Rule 12(b)(6) pertains to the dismissal of claims wherein no valid cause of action is presented upon which relief can be granted. In this instance, dismissal of the claims against the SWBNO should be granted based on Rule 12(b)(6). In *Rios v. City of Del Rio*, 04-50774 (5th Cir. 2006), the Fifth Circuit declared that, while all well-pleaded facts are deemed true, the Court's inquiry must consider the following, citing *Campbell v. City of San Antonio,* 43 F.3d. 973.975 (5th Cir. 1995):

> 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1216 … `[A] statement of facts that merely creates a suspicion that the pleader might have a right of action' is insufficient. *Id.* at 163 (footnote omitted). `Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . ." 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-91 footnote omitted). The court is not required to conjure up un-pled allegations or construe elaborately arcane scripts to' save a complaint. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988). Further, `conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)."

Moreover, there is no set of facts, which can be proved, to impose any liability whatsoever on the SWBNO - because the SWBNO had no legal duty to make the levees (and/or flood walls) safe. As discussed above, the allegations made against the SWBNO are merely conclusory and fraught with legal error rendering them unsupportable to state a valid cause of action.

It is axiomatic principle of tort law that only where there is a legal duty can legal liability be imposed for harms caused by one to another. (See generally La. C.C. Art. 2315 and 2317.) This proposition is the basis for the duty-risk analysis that is applied in Louisiana concerning the discernment of tort and strict liability for things in one's care.  In this instance, the SWBNO owed no legal duty to any of the claimants in the consolidated cases under either theory of liability.

The USACE had responsibility for the design, construction and maintenance of the levees (and/or flood walls).  The USACE had its fundamental duty for the *garde* of levees given by the Congress of the United States.  Liability for the breaches in the levees falls on this defendant, not on the SWBNO.

No cause of action is presented here and the consolidated cases should be dismissed against the SWBNO.

### *Garde* of Levees

The "property" in this instance was the levees (and/or flood walls) of the 17th Street Canal, the London Avenue Canal, and Industrial Canal.  As presented above, the USACE was directly responsible for the *garde* of the levees – which were maintained by the OLD under the USACE's "***superordinate***" control.

The USACE was primarily responsible for the integrity of the levees (and/or flood walls); that is, to maintain the levees for their intended purposes and to ready them in such a way that no breaches would occur.  The SWBNO was not responsible for the integrity of the levees (and/or flood walls) and had no duty to maintain the levees for their intended purposes, and therefore the SWBNO should be dismissed from all cases.

Moreover, the alleged defects in the levees (and/or flood walls) were not drainage related.

Regardless what the specific cause of the levee failures, this legal duty falls squarely on the USACE and not the SWBNO. This undisputed material fact relieves the SWBNO of any liability in the consolidated cases.

Therefore, the SWBNO cannot be held legally responsible to the alleged harms flowing from these alleged defects in the design, construction and maintenance of the levees (and/or flood walls).

The SWBNO was not given authority over the outfall canals (between the pumping stations and Lake Pontchartrain) or the Industrial Canal by the United States Congress or the State of Louisiana.

### D. CONCLUSION

In order for the presentation of a valid cause of action in these premises, the complaints must present a valid, *not conclusory*, legal basis for the claim. The complaints did not do so.

In this instance, there is no legal basis for liability to be imposed on the Sewerage and Water Board of New Orleans in tort, or strict liability, for the breaches of subject levees (and/or flood walls). The levees (and/or flood walls) were under the guard of the United States Army Corps of Engineers and not the Sewerage and Water Board of New Orleans.

Therefore, the Sewerage and Water Board of New Orleans should be summarily dismissed.

**Respectfully submitted:**

_____
**GEORGE R. SIMNO III. T.A. (12271)
GERARD M. VICTOR (9815)
625 ST. JOSEPH STREET, Room 201
New Orleans, LA 70165
Telephone (504) 585-2242
Facsimile (504) 585-2426
Email: Gsimno@swbno.org
Attorney for the Sewerage and Water Board of
        New Orleans**

n:\lit\def\hurricane katrina\berthelot, colleen\ple\060613memoinsupport.dismiss_12(b)(6).doc

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

William Aaron
waaron@goinsaaron.com

Neil Abramson
abramson@phelps.com

Jonathon Beauregard Andry
jandry@andrylawfirm.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

Judy Barrasso
jbarrasso@barrassousdin.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Robert Becnel
ROBBECNELL@aol.com

Kelly Cambre Bogart
kbogart@duplass.com

Terrence L. Brennan
tbrennan@dkslaw.com

Joseph Bruno
jbruno@brunobrunolaw.com

Thomas Darling
tdarling@grhg.net

Kevin Derham
kderham@duplass.com

Joseph Vincent DiRosa, Jr.
jvdirosa@cityofno.com

Walter Dumas
wdumas@dumaslaw.com

Lawrence Duplass
lduplass@duplass.com

Calvin Fayard
calvinfayard@fayardlaw.com

Thomas Francis Gardner
gardner@bayoulaw.com

Thomas Gaudry
tgaudry@grhg.net

Joseph Guichet
jguichet@lawla.com

Jim S. Hall
jodi@jimshall.com

Robert Harvey
rgharvey@bellsouth.net

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

David Blayne Honeycutt
DBHoneycutt@aol.com

Ralph Hubbard
rhubbard@lawla.com

| | |
|---|---|
| Darlene Marie Jacobs<br>dollyno@aol.com | Penya Moses-Fields<br>pmfields@cityofno.com |
| Tamara Kluger Jacobson<br>tkjacobson@aol.com | James Bryan Mullaly<br>jamesmullalyl@hotmail.com |
| Michael Courtney Keller<br>kellerm@ag.state.la.us | Betty Finley Mullin<br>bettym@spsr-law.com |
| Stephen Kreller<br>sskreller@gmail.com | J. Wayne Mumphrey<br>jwmumphrey@mumphreylaw.com |
| Hugh Lambert<br>hlambert@lambertandnelson.com | John Francis Nevares<br>jfnevares-law@microjuris.com |
| John M. Landis<br>jlandis@stonepigman.com | James L. Pate<br>jpate@ln-law.com |
| Mickey Landry<br>mlandry@landryswarr.com | Ronnie Penton<br>rgp@rgplaw.com |
| Wade Langlois<br>wlanglois@grhg.net | Drew A. Ranier<br>dranier@rgelaw.com |
| Wayne J. Lee<br>wlee@stonepigman.com | Michael R.C. Riess<br>mriess@kingsmillriess.com |
| F. Gerald Maples<br>federal@geraldmaples.com | Camilo Kosy Salas<br>csalas@salaslaw.com |
| Ben Louis Mayeaux<br>bmayeaux@ln-law.com | David Scott Scalia<br>DAVID@brunobrunolaw.com |
| Gordon McKernan<br>gemckernan@mckernanlawfirm.com | Gerald A. Melchiode<br>jmelchiode@gjtbs.com |
| Randall A. Smith<br>Rasmith3@bellsouth.net | Gerald Edward Meunier<br>dmartin@gainsben.com |
| Christopher Kent Tankersley<br>ctankersley@burglass.com | Sidney Torres<br>storres@torres-law.com |

15

| | |
|---|---|
| George T. Manning<br>gtmanning@jonesday.com | William Treeby<br>wtreeby@stonepigman.com |
| Wystan M. Ackerman<br>wackerman@rc.com | Richard John Tyler<br>rtyler@joneswalker.com |
| Adrian Wagerzito<br>adrianwagerzito@jonesday.com | Gregory Varga<br>gvarga@rc.com |
| Andy Greene<br>agreene@sonnenschein.com | Jesse L. Wimberly<br>wimberly@nternet.com |
| Jerry McKernan<br>jemckernan@mckernanlawfirm.com | Bob Wright<br>bobw@wrightroy.com |
| Belhia Martin<br>belhiamartin@bellsouth.net | Ashton R. O'Dwyer, Jr.<br>arod@odwyerlaw.com |
| James Rather<br>jrather@mcsalaw.com | Victor Elbert Stilwell, Jr.<br>vstilwell@dkslaw.com |
| Seth Schmeeckle<br>sschmeeckle@lawla.com | Charles F. Seemann, Jr.<br>cseemann@dkslaw.com |
| Christopher W. Martin<br>martin4@mdjwlaw.com | Martin R. Sadler<br>sadler@mdjwlaw.com |
| David R. Simonton<br>dsimonton@sonnenschein.com | John Herr Musser<br>jmusser@bellsouth.net |
| Dennis Phayer<br>dphayer@burglass.com | Julia E. McEvoy<br>jmcevoy@JonesDay.com |
| Lawrence D. Wiedemann<br>FAX: 504-581-4336 | |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Deborah L. Wilson, Esq.          Joseph W. Hecker, Esq.
317 Magazine Street              619 Europe Street, 2nd Floor
New Orleans, LA  70130           Baton Rouge, LA  70806

| | |
|---|---|
| George T. Manning, Esq.<br>Jones Day<br>1420 Peachtree Street, NE<br>Suite 800<br>Atlanta, GA  30309-3053 | Vernon P. Thomas, Esq.<br>1524 North Claiborne Avenue<br>New Orleans, LA  70116 |
| John W. deGravelles<br>Michael C. Palminter<br>C. Frank Holthaus<br>Scott H. Fruge<br>618 Main Street<br>Baton Rouge LA 70801-1910 | Clayton Morris Connors<br>625 Baronne Street<br>New Orleans, LA  70130 |
| William A. Percy, III<br>Louisiana Supreme Court Bldg.<br>400 Royal Street<br>Room 1112<br>New Orleans, LA  70130 | |

_____
**GEORGE R. SIMNO III**