FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 15  AM 10: 57

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLLEEN BERTHELOT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOH BROS. CONSTRUCTION CO., L.L.C., ET AL** | **NUMBER 05-4182** |
| | **SECTION "K"(2)** |
| This pleading refers to No. 06-2278, Christenberry, et al vs. Board of Commissioners of the Orleans Levee District et al | |

## ANSWER ON BEHALF OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans, and for answer to the Petition for Damages: Class Action, respectfully represents:

### FIRST DEFENSE

The complaint fails to state a claim against this defendant for which relief can be granted.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. See La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy any alleged defects.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design, construction, and/or maintenance of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties, to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## NINTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## TENTH DEFENSE

Defendant affirmatively alleges that the levees were constructed by individuals or entities, other than the Sewerage and Water Board of New Orleans in accordance with specific Federal guidelines as dictated by the design criteria promulgated by the United States Army Corps of Engineers.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## TWELFTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are pre-empted by Federal law, including 33 U.S.C. Section 701, et seq.

## THIRTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the separation of powers provision of the United States Constitution as, at all times pertinent, the

actions of the individuals or entities involved in the design and construction of the levees at issue in this litigation were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

**FOURTEENTH DEFENSE**

This defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superseding cause(s) for which defendant may not be held responsible.

**FIFTEENTH DEFENSE**

Defendant affirmatively alleges that it is immune from liability for any damages caused by floodwaters. See 33 U.S.C. Section 702 (c).

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. See FRCP 19(a).

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## NINETEENTH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTIETH DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its answer.

## TWENTY-SECOND DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorneys' fees.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from Federal or State agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

### TWENTY-SEVENTH DEFENSE

Defendant is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

And now, answering separately the allegations of the Petition for Damages: Class Action, the Sewerage and Water Board of New Orleans, admits, denies, and avers the following:

1.

The allegations of Paragraph 1 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the

allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

2 (a), (b), and (c).

The allegations of Paragraph 2(a), (b), and (c) are denied for lack of sufficient information to justify a belief therein.

3a.

The allegations of Paragraph 3a require no response by this defendant.

3b.

The defendant admits the allegations of Paragraph 3b.

3.
(c)(d)(e)(f)(g)(h)(i)(j)(k)(l)(m)(n) and (o).

The allegations of Paragraph 3(c),(d),(e),(f),(g),(h),(i),(j),(k),(l),(m),(n), and (o)require no answer by this defendant.

4.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

Except to admit that Hurricane Katrina made landfall on coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

Defendant admits the existence of floodwaters of certain parts of Orleans Parish on the referenced date; the balance of Paragraph 8 is denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 9 is denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the

allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 23 are denied.

24(a), (b), (c), (d), and (e).

The allegations of Paragraph 24(a), (b), (c), (d), and (e) contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 24(a), (b), (c), (d), and (e) are denied.

25.

The allegations of Paragraph 25 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 25 are denied.

26(A), (B), (C), (D), and (E).

The allegations of Paragraph 26(A), (B), (C), (D), and (E) contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an

answer may be deemed necessary, the allegations of Paragraph 26(A), (B), (C), (D), and (E) are denied.

27.

Except to admit that Hurricane Katrina made landfall on coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant. The balance of Paragraph 29 is denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 31 is denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33, and each of its subparts, 33(A)(1), (A)(2), (A)(3), (A)(4), (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (C)(1), (C)(2), and (C)(3) are denied for lack of sufficient information to justify a belief therein..

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 contain legal conclusions for which no answer is necessary; however to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

36.

Defendant denies the introductory paragraph and prayer of plaintiffs' Class Action Complaint.

37

Defendant denies the balance of plaintiffs' Petition for Damages unless specifically admitted herein.

38.

Defendant requests and is entitled to a trial by jury on all issues herein.

**WHEREFORE**, defendant, the Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, that there be judgment herein in favor of said defendant and against the plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

GEORGE R. SIMNO III. T.A. (#12271)
GERARD M. VICTOR (#9815)
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

ATTORNEYS FOR DEFENDANT
SEWERAGE & WATER BOARD OF NEW ORLEANS

### CERTIFICATE OF SERVICE

I hereby certify that on June 15th 2006, I filed the foregoing with the Clerk of Court and e-mailed the document to the following:

William Aaron
waaron@goinsaaron.com

Neil Abramson
abramson@phelps.com

Joseph Vincent DiRosa, Jr.
jvdirosa@cityofno.com

Walter Dumas
wdumas@dumaslaw.com

| | |
|---|---|
| Jonathon Beauregard Andry<br>jandry@andrylawfirm.com | Lawrence Duplass<br>lduplass@duplass.com |
| Thomas P. Anzelmo<br>tanzelmo@mcsalaw.com | Calvin Fayard<br>calvinfayard@fayardlaw.com |
| Judy Barrasso<br>jbarrasso@barrassousdin.com | Thomas Francis Gardner<br>gardner@bayoulaw.com |
| Daniel E. Becnel, Jr.<br>dbecnel@becnellaw.com | Thomas Gaudry<br>tgaudry@grhg.net |
| Robert Becnel<br>ROBBECNELL@aol.com | Joseph Guichet<br>jguichet@lawla.com |
| Kelly Cambre Bogart<br>kbogart@duplass.com | Jim S. Hall<br>jodi@jimshall.com |
| Terrence L. Brennan<br>tbrennan@dkslaw.com | Robert Harvey<br>rgharvey@bellsouth.net |
| Joseph Bruno<br>jbruno@brunobrunolaw.com | Herman C. Hoffmann, Jr.<br>hhoffmann@spsr-law.com |
| Thomas Darling<br>tdarling@grhg.net | David Blayne Honeycutt<br>DBHoneycutt@aol.com |
| Kevin Derham<br>kderham@duplass.com | Ralph Hubbard<br>rhubbard@lawla.com |
| Darlene Marie Jacobs<br>dollyno@aol.com | Penya Moses-Fields<br>pmfields@cityofno.com |
| Tamara Kluger Jacobson<br>tkjacobson@aol.com | James Bryan Mullaly<br>jamesmullalyl@hotmail.com |
| Michael Courtney Keller<br>kellerm@ag.state.la.us | Betty Finley Mullin<br>bettym@spsr-law.com |
| Stephen Kreller<br>sskreller@gmail.com | J. Wayne Mumphrey<br>jwmumphrey@mumphreylaw.com |

| | |
|---|---|
| Hugh Lambert<br>hlambert@lambertandnelson.com | John Francis Nevares<br>jfnevares-law@microjuris.com |
| John M. Landis<br>jlandis@stonepigman.com | James L. Pate<br>jpate@ln-law.com |
| Mickey Landry<br>mlandry@landryswarr.com | Ronnie Penton<br>rgp@rgplaw.com |
| Wade Langlois<br>wlanglois@grhg.net | Drew A. Ranier<br>dranier@rgelaw.com |
| Wayne J. Lee<br>wlee@stonepigman.com | Michael R.C. Riess<br>mriess@kingsmillriess.com |
| F. Gerald Maples<br>federal@geraldmaples.com | Camilo Kosy Salas<br>csalas@salawlaw.com |
| Ben Louis Mayeaux<br>bmayeaux@ln-law.com | David Scott Scalia<br>DAVID@brunobrunolaw.com |
| Gordon McKernan<br>gemckernan@mckernanlawfirm.com | Gerald A. Melchiode<br>jmelchiode@gjtbs.com |
| Randall A. Smith<br>Rasmith3@bellsouth.net | Gerald Edward Meunier<br>dmartin@gainsben.com |
| Christopher Kent Tankersley<br>ctankersley@burglass.com | Sidney Torres<br>storres@torres-law.com |
| George T. Manning<br>gtmanning@jonesday.com | William Treeby<br>wtreeby@stonepigman.com |
| Wystan M. Ackerman<br>wackerman@rc.com | Richard John Tyler<br>rtyler@joneswalker.com |
| Adrian Wagerzito<br>adrianwagerzito@jonesday.com | Gregory Varga<br>gvarga@rc.com |
| Andy Greene<br>agreene@sonnenschein.com | Jesse L. Wimberly<br>wimberly@nternet.com |
| Jerry McKernan<br>jemckernan@mckernanlawfirm.com | Bob Wright<br>bobw@wrightroy.com |

Belhia Martin
belhiamartin@bellsouth.net

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

James Rather
jrather@mcsalaw.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

Seth Schmeeckle
sschmeeckle@lawla.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Christopher W. Martin
martin4@mdjwlaw.com

Martin R. Sadler
sadler@mdjwlaw.com

David R. Simonton
dsimonton@sonnenschein.com

John Herr Musser
jmusser@bellsouth.net

Dennis Phayer
dphayer@burglass.com

Julia E. McEvoy
jmcevoy@JonesDay.com

Lawrence D. Wiedemann
FAX: 504-581-4336

I further certify that I mailed the foregoing document by first-class mail to the following:

Deborah L. Wilson, Esq.
317 Magazine Street
New Orleans, LA 70130

Joseph W. Hecker, Esq.
619 Europe Street, 2nd Floor
Baton Rouge, LA 70806

George T. Manning, Esq.
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-3053

Vernon P. Thomas, Esq.
1524 North Claiborne Avenue
New Orleans, LA 70116

John W. deGravelles  
Michael C. Palminter  
C. Frank Holthaus  
Scott H. Fruge  
618 Main Street  
Baton Rouge, LA 70801-1910

William A. Percy, III  
Louisiana Supreme Court Bldg.  
400 Royal Street, Room 1112  
New Orleans, LA  70130

Clayton Morris Connors  
625 Baronne Street  
New Orleans, LA  70130

_____  
**GEORGE R. SIMNO III**

n:\lit\def\hurricane katrina\christenberry, herbert w\060609answer.usdc.mkt.doc