

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 15  AM 10: 57

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, WIFE OF/AND | * | CIVIL ACTION |
| JACKIE BERTHELOT, ET AL | * | |
| | * | |
| VERSUS | * | NUMBER: 05-4182 |
| | * | |
| BOH BROS. CONSTRUCTION CO., L.L.C., | * | |
| ET AL | * | SECTION "K"(2) |
| | * | |
| This pleading pertains to: | * | |
| No. 05-6324 | * | |
| David M. Brown, Sr., et al versus | * | |
| Boh Bros. Construction Company, LLC., et al) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO CLASS ACTION COMPLAINT
## BY
## THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

NOW INTO COURT, through undersigned counsel, comes defendant, the **Sewerage and Water Board of New Orleans** (hereafter referred to as SWBNO) and for answer to the plaintiffs' Class Action Complaint, respectfully represents:

### FIRST DEFENSE

The complaint fails to state a claim against this defendant for which relief can be granted.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

1

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant, SWBNO, is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant, SWBNO, is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant, SWBNO, affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm.  See La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it never had a reasonable opportunity to remedy any alleged defects.

## SIXTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities that were responsible for the design, construction, and/or maintenance of the levee systems at issue.

## SEVENTH DEFENSE

If defendant, SWBNO, was negligent or at fault, which is specifically denied, then the negligence or fault of defendant, SWBNO, should be compared to the negligence or fault of other persons, both parties and non-parties, to the present action; and any recovery against defendant, SWBNO, should be reduced accordingly.

## EIGHTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions that may be proven at trial.

## NINTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## TENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the levees were constructed by individuals or entities, other than the Sewerage and Water Board of New Orleans in accordance with specific Federal guidelines as dictated by the design criteria promulgated by the United States Army Corps of Engineers.

## ELEVENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## TWELFTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant, SWBNO, are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are pre-empted by Federal law, including 33 U.S.C. Section 701, et seq.

## THIRTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the separation of powers provision of the United States Constitution as, at all times pertinent, the actions of the individuals or entities involved in the design and construction of the levees at issue in this litigation were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## FOURTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superseding cause(s) for which defendant, SWBNO, may not be held responsible.

## FIFTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it is immune from liability for any damages caused by floodwaters.  See 33 U.S.C. Section 702 (c).

## SIXTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit.  See FRCP 19(a).

## SEVENTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### EIGHTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant, SWBNO.

### NINETEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTIETH DEFENSE

Defendant, SWBNO, reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-FIRST DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous.  As such, defendant, SWBNO, reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its answer.

### TWENTY-SECOND DEFENSE

Defendant, SWBNO, affirmatively alleges that this matter cannot be properly maintained as a class action.

## TWENTY-THIRD DEFENSE

Defendant, SWBNO, affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-FOURTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorneys' fees.

## TWENTY-FIFTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

## TWENTY-SIXTH DEFENSE

Defendant, SWBNO, affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from Federal or State agencies or programs, defendant, SWBNO is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

## TWENTY-SEVENTH DEFENSE

Defendant, SWBNO, is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

**AND NOW**, answering separately the allegations of the Complaint, defendant, the Sewerage and Water Board of New Orleans, admits, denies, and avers as follows:

1.

The allegations of Paragraph 1 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.
(a)(b)(c)(d)(e)(f)(g)(h)(i)(j)(k)(l)(m)(n) and (o).

The allegations of Paragraph 3 a, b, c, d, e, f, g, h, i, j, k, l, m, n, and o require no answer by this defendant.

3b.

Defendant, Sewerage and Water Board of New Orleans, admits that they are a political subdivision of the State of Louisiana, domiciled in the Parish of Orleans, State of Louisiana, and has the ability to sue and be sued.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 constitute legal conclusions and require no answer from this defendant.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 constitute legal conclusions and require no answer from this defendant.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 constitute legal conclusions and require no answer from this defendant.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent that an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

9.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

Except to admit that Hurricane Katrina made landfall on coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

Defendant admits the existence of floodwaters of certain parts of Orleans Parish on the referenced date; the balance of Paragraph 13 is denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant, SWBNO, the balance of Paragraph 14 is denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant, SWBNO, the balance of Paragraph 19 is denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers

that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30, and each of its subparts, 30(a) through 30(e), contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 30, and each of its subparts, 30(a) through 30(e), are denied.

31.

The allegations of Paragraph 31 contain legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32, and each of its subparts, 32(A) through 32(E), contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant, SWBNO, avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 32, and each of its subparts, 32(A) through 32(E), are denied.

33.

The allegations of Paragraph 33 are admitted.

34.

The allegations of Paragraph 34 are denied as written.

35.

Defendant denies the allegations of Paragraph 35 to the extent they state or imply any fault, negligence or liability on the part of this defendant, SWBNO, the balance of Paragraph 35 is denied for lack of sufficient information to justify a belief therein.

36.

Defendant denies the allegations of Paragraph 36(A)(1), 36(A)(2), 36(A)(3), 36(A)(4), 36(B)(1), 36(B)(2), 36(B)(3), 36(B)(4), 36(B)(5), 36(C)(1), 36(C)(2), 36(C)(3), 36(D)(1), 36(D)(2), 36(D)(3), 36(D)(4), 36(D)(5), 36(D)(6), 36(D)(7), 36(D)(8), 36(D)(9), 36(D)(10), 36(D)(11), 36(E)(1), 36(E)(2), 36(F)(1), 36(F)(2), 36(F)(3), and 36(F)(4) to the extent they state or imply any fault, negligence or liability on the part of this defendant, SWBNO.

Defendant, SWBNO, further avers with respect to the allegations of Paragraph 36(F)(1), 36(F)(2), and 36(F)(3), that the Sewerage and Water Board of New Orleans never had the care, custody, control and garde of the land along, over and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans, and along and on the shores adjacent to the lake and along the canals connected therewith; further, that the Seventeenth Street, London Avenue, and Industrial Canal, canals which are connected to Lake Pontchartrain in Orleans Parish, were never part of the land in the care, custody, control and garde of the Sewerage and Water Board of New Orleans; that said defendant, SWBNO, never having had the garde of the levees or floodwalls

14

referred to in Paragraph 36(F)(3); had no knowledge of any vices and/or defects at any time material alleged herein; and that at no time prior to or subsequent to the removal/replacement of sheet pilings, done by individuals or entities, other than the Sewerage and Water Board of New Orleans, did they have any knowledge of any vices and/or defects in any of the levees and floodwalls either prior to or subsequent to the completion of any work in connection therewith.

37.

The allegations of Paragraph 37 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.  Defendant, SWBNO, also denies the application of the doctrine of *Res Ipsa Loquitur*.  The balance of Paragraph 37 is denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 require no answer from this defendant, SWBNO; to the extent an answer may be deemed necessary, the allegations are admitted.

40

Defendant, SWBNO, denies the introductory paragraph and prayer of plaintiffs' Class Action Complaint.

41.

Defendant, SWBNO, denies the balance of plaintiffs' Class Action Complaint unless specifically admitted herein.

42.

Defendant, SWBNO, requests and is entitled to a trial by jury on all issues herein.

**WHEREFORE**, defendant, the **Sewerage and Water Board of New Orleans**, prays that this answer be deemed good and sufficient; that it be granted a trial by jury and that, after due proceedings are had, that there be judgment herein in favor of said defendant, the Sewerage and Water Board of New Orleans, and against the plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
**625 St. Joseph Street, Room 201**
**New Orleans, LA 70165**
**Telephone: (504) 585-2242**
**Facsimile: (504) 585-2426**
**Email: Gsimno@swbno.org**

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE & WATER BOARD OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that on _____June 15, 2006_____, I filed the

foregoing with the Clerk of Court and sent notice of the filing to the following:

William Aaron
waaron@goinsaaron.com

Joseph Vincent DiRosa, Jr.
jvdirosa@cityofno.com

Neil Abramson
abramson@phelps.com

Walter Dumas
wdumas@dumaslaw.com

Jonathon Beauregard Andry
jandry@andrylawfirm.com

Lawrence Duplass
lduplass@duplass.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

Calvin Fayard
calvinfayard@fayardlaw.com

Judy Barrasso
jbarrasso@barrassousdin.com

Thomas Francis Gardner
gardner@bayoulaw.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Thomas Gaudry
tgaudry@grhg.net

Robert Becnel
ROBBECNELL@aol.com

Joseph Guichet
jguichet@lawla.com

Kelly Cambre Bogart
kbogart@duplass.com

Jim S. Hall
jodi@jimshall.com

Terrence L. Brennan
tbrennan@dkslaw.com

Robert Harvey
rgharvey@bellsouth.net

Joseph Bruno
jbruno@brunobrunolaw.com

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

Thomas Darling
tdarling@grhg.net

David Blayne Honeycutt
DBHoneycutt@aol.com

Kevin Derham
kderham@duplass.com
Darlene Marie Jacobs
dollyno@aol.com

Ralph Hubbard
rhubbard@lawla.com
Penya Moses-Fields
pmfields@cityofno.com

Darlene Marie Jacobs
dollyno@aol.com

Tamara Kluger Jacobson
tkjacobson@aol.com

Michael Courtney Keller
kellerm@ag.state.la.us

Stephen Kreller
sskreller@gmail.com

Hugh Lambert
hlambert@lambertandnelson.com

John M. Landis
jlandis@stonepigman.com

Mickey Landry
mlandry@landryswarr.com

Wade Langlois
wlanglois@grhg.net

Wayne J. Lee
wlee@stonepigman.com

F. Gerald Maples
federal@geraldmaples.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Gordon McKernan
gemckernan@mckernanlawfirm.com

Randall A. Smith
Rasmith3@bellsouth.net

Christopher Kent Tankersley
ctankersley@burglass.com

Penya Moses-Fields
pmfields@cityofno.com

James Bryan Mullaly
jamesmullalyl@hotmail.com

Betty Finley Mullin
bettym@spsr-law.com

J. Wayne Mumphrey
jwmumphrey@mumphreylaw.com

John Francis Nevares
jfnevares-law@microjuris.com

James L. Pate
jpate@ln-law.com

Ronnie Penton
rgp@rgplaw.com

Drew A. Ranier
dranier@rgelaw.com

Michael R.C. Riess
mriess@kingsmillriess.com

Camilo Kosy Salas
csalas@salaslaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

Gerald A. Melchiode
jmelchiode@gjtbs.com

Gerald Edward Meunier
dmartin@gainsben.com

Sidney Torres
storres@torres-law.com

George T. Manning
gtmanning@jonesday.com

Wystan M. Ackerman
wackerman@rc.com

Adrian Wagerzito
adrianwagerzito@jonesday.com

Andy Greene
agreene@sonnenschein.com

Jerry McKernan
jemckernan@mckernanlawfirm.com

Belhia Martin
belhiamartin@bellsouth.net

James Rather
jrather@mcsalaw.com

Seth Schmeeckle
sschmeeckle@lawla.com

Christopher W. Martin
martin4@mdjwlaw.com

David R. Simonton
dsimonton@sonnenschein.com

Dennis Phayer
dphayer@burglass.com

Lawrence D. Wiedemann
FAX: 504-581-4336

William Treeby
wtreeby@stonepigman.com

Richard John Tyler
rtyler@joneswalker.com

Gregory Varga
gvarga@rc.com

Jesse L. Wimberly
wimberly@nternet.com

Bob Wright
bobw@wrightroy.com

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Martin R. Sadler
sadler@mdjwlaw.com

John Herr Musser
jmusser@bellsouth.net

Julia E. McEvoy
jmcevoy@JonesDay.com

   I further certify that I mailed the foregoing document by first-class mail to the following:

Deborah L. Wilson, Esq.
317 Magazine Street
New Orleans, LA 70130

Joseph W. Hecker, Esq.
619 Europe Street, 2nd Floor
Baton Rouge, LA 70806

George T. Manning, Esq.
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053

John W. deGravelles
Michael C. Palminter
C. Frank Holthaus
Scott H. Fruge
618 Main Street
Baton Rouge, LA 70801-1910

William A. Percy, III
Louisiana Supreme Court Bldg.
400 Royal Street, Room 1112
New Orleans, LA  70130

Vernon P. Thomas, Esq.
1524 North Claiborne Avenue
New Orleans, LA  70116

Clayton Morris Connors
625 Baronne Street
New Orleans, LA  70130

**GEORGE R. SIMNO III**

n:\lit\def\hurricane katrina\brown, david m., sr\ple\060609answer.mkt.doc

20