

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 05-4182 |
| BOH BROS. CONSTRUCTION CO., LLC, ET AL | * | SECTION "K" (2) |
| This document pertains to  No. 06-0225 Frederick Bradley, et al vs. Pittman Construction Company, Inc., et al | * | |

\* \* \* \* \* \* \* \*

## ANSWER TO FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes the Defendant, the Sewerage and Water Board of New Orleans (hereinafter referred to as the "SWBNO") and for Answer to the Plaintiffs' First Amended Complaint, respectfully represents:

### FIRST DEFENSE

The complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant, SWBNO, is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

1

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant, SWBNO, is entitled to a limitation on liability for general damages.

### FOURTH DEFENSE

Defendant, SWBNO, affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. See La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it never had a reasonable opportunity to remedy any alleged defects.

### SIXTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities that were responsible for the design, construction, and/or maintenance of the levee systems at issue.

### SEVENTH DEFENSE

If defendant, SWBNO, was negligent or at fault, which is specifically denied, then the negligence or fault of defendant, SWBNO, should be compared to the negligence or fault of other persons, both parties and non-parties, to the present action; and any recovery against defendant, SWBNO, should be reduced accordingly.

### EIGHTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions that may be proven at trial.

### NINTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### TENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that the levees were constructed by individuals or entities, other than the Sewerage and Water Board of New Orleans in accordance with specific Federal guidelines as dictated by the design criteria promulgated by the United States Army Corps of Engineers.

### ELEVENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

### TWELFTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant, SWBNO, are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are pre-empted by Federal law, including 33 U.S.C. Section 701, et seq.

### THIRTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the separation of powers provision of the United States Constitution as, at all times pertinent, the actions of the individuals or entities involved in the design and construction of the levees at issue in this litigation were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### FOURTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superseding cause(s) for which defendant, SWBNO, may not be held responsible.

### FIFTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that it is immune from liability for any damages caused by floodwaters. See 33 U.S.C. Section 702 (c).

### SIXTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. See FRCP 19(a).

### SEVENTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### EIGHTEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant, SWBNO.

### NINETEENTH DEFENSE

Defendant, SWBNO, affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTIETH DEFENSE

Defendant, SWBNO, reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-FIRST DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant, SWBNO, reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its answer.

### TWENTY-SECOND DEFENSE

Defendant, SWBNO, affirmatively alleges that this matter cannot be properly maintained as a class action.

### TWENTY-THIRD DEFENSE

Defendant, SWBNO, affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-FOURTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorneys' fees.

### TWENTY-FIFTH DEFENSE

Defendant, SWBNO, affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

### TWENTY-SIXTH DEFENSE

Defendant, SWBNO, affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from Federal or State agencies or programs, defendant, SWBNO is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the Collateral Source Doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

### TWENTY-SEVENTH DEFENSE

Defendant, SWBNO, is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

**AND NOW**, answering separately the allegations of the Plaintiffs' First Amended Complaint, defendant, Sewerage and Water Board of New Orleans, admits, denies, and avers the following:

1.

The allegations of Paragraph 1 contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiffs' allegations can neither expand nor limit the law; however to the extent that an answer may be deemed necessary, the allegations are denied as written.

2.

The allegations of Paragraph 2 (1), 2(2), 2(3), 2(4), and 2(5) are denied.

2.

The allegations of Paragraph 2 (6) are admitted. The remaining allegations of Paragraph 2 (6) are denied as written.

3.

The allegations of Paragraph 3 contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiffs' allegations can neither expand nor limit the law, however to the extent that an answer may be deemed necessary, the allegations are denied as written.

**4.**

The allegations of Paragraph 4 contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiffs' allegations can neither expand nor limit the law, however to the extent that an answer may be deemed necessary, the allegations are denied as written.

**5.**

(A) Except to admit the presence of Hurricane Katrina, in the Gulf of Mexico, on or about August 27, 2005, the allegations of this paragraph are denied as written.

(B) The allegations of this paragraph are denied as written.

(C) Except to admit that Hurricane Katrina made landfall near Grand Isle, Louisiana, on or about August 29, 2005, and thereafter made a second landfall near the Louisiana-Mississippi border, the allegations of this paragraph are denied as written.

(D) Except to admit the presence of floodwaters throughout the City of New Orleans on August 29, 2005, the allegations of this paragraph are denied and written.

(E) Except to admit the presence of floodwaters throughout the City of New Orleans, the allegations of this paragraph are denied as written.

(F) The allegations of this paragraph are denied as written.

(G) The allegations of Paragraph G are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(G) are denied for lack of sufficient information to justify a belief therein.

(H)  The allegations of Paragraph H are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(H) are denied for lack of sufficient information to justify a belief therein.

(I)  The allegations of Paragraph I are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(I) are denied for lack of sufficient information to justify a belief therein.

(J)  The allegations of Paragraph J are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(J) are denied for lack of sufficient information to justify a belief therein.

(K)  The allegations of Paragraph K are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(K) are denied for lack of sufficient information to justify a belief therein.

(L)  The allegations of Paragraph L are denied to the extent that they state or imply any fault, negligence or liability on the part of this defendant; the allegations of Paragraph 5(L) are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6A(1)(a), (b) and (c); (2)(a) and (b); (3)(a), (b) and (c), are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6(4)(a), (b), (c) and (d) are denied for lack of sufficient information to justify a belief therein. Said defendant also states that at no time alleged herein did the Sewerage and Water Board of New Orleans have the care, custody, control and/or garde of the land along, over, and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans and/or along or on the shores adjacent to the lake and along the canals connected therewith; and further that at no time were the Seventeenth Street Canal, London Avenue Canal, and/or the Industrial Canals, which canals are connected to Lake Pontchartrain in Orleans Parish, part of the land in the care, custody, control and/or garde of the Sewerage and Water Board of New Orleans; further that considering the fact that the levees and/or floodwalls were at no time in the garde of the Sewerage and Water Board of New Orleans as described in this paragraph, and elsewhere, that the Board had no knowledge of any alleged vice or defect in said levees or floodwalls which would render them liable in accordance with any theory of law; and lastly, the defendant, Sewerage and Water Board of New Orleans, states that at no time did they have any knowledge, in 1988, or otherwise, that the levees and/or floodwalls contained any alleged vices of defects which existed prior to any construction done by someone other than the Sewerage and Water Board of New Orleans, or at anytime thereafter said work was completed.

**6.**

The allegations of Paragraph 6(B), (C), (D), (E) and (F) contain legal conclusions for which no answer is necessary; defendant further alleges that plaintiffs' allegations can neither expand nor limit the law, however to the extent that an answer may be deemed necessary, the allegations are denied as written.

**7.**

The defendant denies the allegations of Paragraph 7 and every other allegation of the Original Complaint, filed by the plaintiffs, for lack of sufficient information to justify a belief.

**WHEREFORE,** for the foregoing reasons, defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient; that it be granted a trial by jury; and that, after due proceedings are had, that there be judgment herein in favor of said defendant, the Sewerage & Water Board of New Orleans, and against plaintiffs, Frederick Bradley, et al., (and members of the putative class) dismissing all of the claims of the plaintiffs (and members of the punitive class) against them, with prejudice and at plaintiffs' (and members of the punitive class') cost.

Respectfully submitted,

GEORGE R. SIMNO III. T.A. (#12271)
GERARD M. VICTOR (#9815)
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org
**ATTORNEYS FOR DEFENDANT
SEWERAGE AND WATER BOARD OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| William Aaron<br>waaron@goinsaaron.com | Joseph Vincent DiRosa, Jr.<br>jvdirosa@cityofno.com |
| Neil Abramson<br>abramson@phelps.com | Walter Dumas<br>wdumas@dumaslaw.com |
| Jonathon Beauregard Andry<br>jandry@andrylawfirm.com | Lawrence Duplass<br>lduplass@duplass.com |
| Thomas P. Anzelmo<br>tanzelmo@mcsalaw.com | Calvin Fayard<br>calvinfayard@fayardlaw.com |
| Judy Barrasso<br>jbarrasso@barrassousdin.com | Thomas Francis Gardner<br>gardner@bayoulaw.com |
| Daniel E. Becnel, Jr.<br>dbecnel@becnellaw.com | Thomas Gaudry<br>tgaudry@grhg.net |
| Robert Becnel<br>ROBBECNELL@aol.com | Joseph Guichet<br>jguichet@lawla.com |
| Kelly Cambre Bogart<br>kbogart@duplass.com | Jim S. Hall<br>jodi@jimshall.com |
| Terrence L. Brennan<br>tbrennan@dkslaw.com | Robert Harvey<br>rgharvey@bellsouth.net |
| Joseph Bruno<br>jbruno@brunobrunolaw.com | Herman C. Hoffmann, Jr.<br>hhoffmann@spsr-law.com |
| Thomas Darling<br>tdarling@grhg.net | David Blayne Honeycutt<br>DBHoneycutt@aol.com |
| Kevin Derham<br>kderham@duplass.com | Ralph Hubbard<br>rhubbard@lawla.com |

Darlene Marie Jacobs
dollyno@aol.com

Tamara Kluger Jacobson
tkjacobson@aol.com

Michael Courtney Keller
kellerm@ag.state.la.us

Stephen Kreller
sskreller@gmail.com

Hugh Lambert
hlambert@lambertandnelson.com

John M. Landis
jlandis@stonepigman.com

Mickey Landry
mlandry@landryswarr.com

Wade Langlois
wlanglois@grhg.net

Wayne J. Lee
wlee@stonepigman.com

F. Gerald Maples
federal@geraldmaples.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Gordon McKernan
gemckernan@mckernanlawfirm.com

Randall A. Smith
Rasmith3@bellsouth.net

Christopher Kent Tankersley
ctankersley@burglass.com

Penya Moses-Fields
pmfields@cityofno.com

James Bryan Mullaly
jamesmullaly1@hotmail.com

Betty Finley Mullin
bettym@spsr-law.com

J. Wayne Mumphrey
jwmumphrey@mumphreylaw.com

John Francis Nevares
jfnevares-law@microjuris.com

James L. Pate
jpate@ln-law.com

Ronnie Penton
rgp@rgplaw.com

Drew A. Ranier
dranier@rgelaw.com

Michael R.C. Riess
mriess@kingsmillriess.com

Camilo Kosy Salas
csalas@salaslaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

Gerald A. Melchiode
jmelchiode@gjtbs.com

Gerald Edward Meunier
dmartin@gainsben.com

Sidney Torres
storres@torres-law.com

George T. Manning  
gtmanning@jonesday.com

Wystan M. Ackerman  
wackerman@rc.com

Adrian Wagerzito  
adrianwagerzito@jonesday.com

Andy Greene  
agreene@sonnenschein.com

Jerry McKernan  
jemckernan@mckernanlawfirm.com

Belhia Martin  
belhiamartin@bellsouth.net

James Rather  
jrather@mcsalaw.com

Seth Schmeeckle  
sschmeeckle@lawla.com

Christopher W. Martin  
martin4@mdjwlaw.com

David R. Simonton  
dsimonton@sonnenschein.com

Dennis Phayer  
dphayer@burglass.com

Lawrence D. Wiedemann  
FAX: 504-581-4336

William Treeby  
wtreeby@stonepigman.com

Richard John Tyler  
rtyler@joneswalker.com

Gregory Varga  
gvarga@rc.com

Jesse L. Wimberly  
wimberly@nternet.com

Bob Wright  
bobw@wrightroy.com

Ashton R. O'Dwyer, Jr.  
arod@odwyerlaw.com

Victor Elbert Stilwell, Jr.  
vstilwell@dkslaw.com

Charles F. Seemann, Jr.  
cseemann@dkslaw.com

Martin R. Sadler  
sadler@mdjwlaw.com

John Herr Musser  
jmusser@bellsouth.net

Julia E. McEvoy  
jmcevoy@JonesDay.com

  I further certify that I mailed the foregoing document by first-class mail to the following

non-CM/ECF participants:

Deborah L. Wilson, Esq.  
317 Magazine Street  
New Orleans, LA 70130

Joseph W. Hecker, Esq.  
619 Europe Street, 2nd Floor  
Baton Rouge, LA 70806

George T. Manning, Esq.
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053

John W. deGravelles
Michael C. Palminter
C. Frank Holthaus
Scott H. Fruge
618 Main Street
Baton Rouge, LA 70801-1910

William A. Percy, III
Louisiana Supreme Court Bldg.
400 Royal Street, Room 1112
New Orleans, LA  70130

Vernon P. Thomas, Esq.
1524 North Claiborne Avenue
New Orleans, LA  70116

Clayton Morris Connors
625 Baronne Street
New Orleans, LA  70130

_____
**GEORGE R. SIMNO, III**

n:\lit\def\hurricane katrina\bradley, frederick\ple\060615answer.plaintiffs1stamendedcomplaint.pal.doc