FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 15 P 4:57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * * | SECTION "K"(2) CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: INSURER DEFENDANTS | * * * | |

05-6323 "K" (2) VANDERBROOK

### STATE FARM'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant State Farm Fire and Casualty Insurance Company ("State Farm") files this Motion for Judgment on the Pleadings.

**1.**

Plaintiffs brought this action against six insurance companies alleging that these insurers issued policies of homeowner's insurance covering property located in Orleans Parish that flooded during Hurricane Katrina. State Farm is alleged to have issued insurance policies to Plaintiffs Robert Harvey and Mary Jane Silva.

HART1-1310768-1

___ Fee_____
___ Process____
_X_ Dktd_____
_✓_ CtRmDep___
___ Doc. No____

814290v.1

**2.**

Plaintiffs contend that because the water damage losses they suffered during Hurricane Katrina were caused by water that flowed through a break in the 17th Street Canal levee, State Farm's Water Damage exclusion contained in its homeowners' policy, and similar exclusions contained in the other Insurer Defendant's policies, do not apply. Plaintiffs contend that these water damage exclusions are "vague" and "unconscionable" and should not be enforced.

**3.**

Plaintiffs cannot prove any set of facts that entitle them to relief and this Court should dismiss Plaintiffs' claims against State Farm pursuant to Federal Rule of Civil Procedure 12(c).

**4.**

First, only two of the Plaintiffs allege that they are State Farm insureds. Thus, the other Plaintiffs have no standing to assert a claim against State Farm.

**5.**

Second, as is fully briefed in State Farm's Memorandum in Support, State Farm's policy clearly excludes coverage for the damage that Plaintiffs allege they incurred. The exclusionary language challenged by the Plaintiffs has been held by Louisiana courts and courts in other jurisdictions to exclude coverage for loss that would not have occurred in the absence of flood and surface water -- regardless of the cause of the flood or surface water. Because

Plaintiffs claim's are contrary to policy language and governing case law, Plaintiffs' claims should be dismissed.

6.

Third, the Filed Rate Doctrine invalidates Plaintiffs' challenge to the Water Damage exclusion. The Louisiana Insurance Rating Commission and the Louisiana Commissioner of Insurance have exclusive authority to review and approve insurance rates and insurance policy forms. Those agencies approved the rates and terms of State Farm's homeowner insurance policies. Thus, striking the Water Damage exclusion would have the effect of impermissibly altering the rates and terms of these regulatory bodies.

7.

Fourth, Plaintiffs' attempts to impose massive retroactive liability for flood losses that State Farm did not contract to insure and for which Plaintiffs' did not pay premiums violates due process and constitutes an impermissible taking without compensation that is prohibited by the Constitutions of the United States and the State of Louisiana.

8.

Finally, Plaintiffs' claims for declaratory relied and mandamus contravene public policy and are preempted by the National Flood Insurance Act ("NIFA"), 42 U.S.C. § 4001, et seq.

For the foregoing reasons and as fully briefed in the accompanying Memorandum in Support, State Farm respectfully requests that the Court enter judgment as a matter of law for State Farm as to all Plaintiffs' claims against it.

Dated this 15th day of June, 2006.

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
    Of
STONE PIGMAN WALTHER
    WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and
Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing State Farm's Motion for Judgment on the Pleadings has been served upon each counsel of record, via electronic mail and by United States mail, postage pre-paid and properly addressed, on June 15th, 2006.

_____

814290v.1