

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | § | CIVIL ACTION NO. 05-6323 |
| | § | |
| VERSUS | § | NO. 05-4182 |
| | § | |
| BOH BROTHERS CONSTRUCTION CO., | § | SECTION "K" (2) |
| L.L.C., ET AL. | § | |

THIS DOCUMENT RELATES TO:  [NO. 05-6323]

### HARTFORD'S RULE 12 MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Defendant Hartford Insurance Company of the Midwest ("Hartford"), incorrectly named

as Hartford Insurance Company, files this Rule 12 Motion to Dismiss, and for cause would show

that based solely on the pleadings, Plaintiff Jack Capella as the Executor of the Succession of

Lillian Capella (the "Capella Estate") cannot recover on any claims against Hartford as a matter

of law on the facts alleged.[1]

Pursuant to Rules 12(b)(6)[2] and 12(c), Federal Rules of Civil Procedure, Hartford moves

to dismiss all of Plaintiffs' claims on the following grounds as more fully set forth in the

Consolidated Memorandum of Law of Defendants The Standard Fire Insurance Company,

---

[1]    The only individual Plaintiff who alleges claims against Hartford is the Capella Estate.  This supplemental motion is addressed to the Capella Estate claims, but it is clear that when these particular claims fail there are no remaining claims against Hartford and Hartford is entitled to a complete dismissal.

[2]    Hartford raised the Rule 12(b)(6) motion as its first defense set forth at ¶12 to Defendant Hartford's Original Answer and Defenses.



Hartford Insurance Company of the Midwest, Hanover Insurance Company and Unitrin Preferred Insurance Company in Support of Rule 12 Motions ("Consolidated Memorandum") and Hartford's Supplemental Memorandum in Support of Rule12 Motion to Dismiss ("Supplemental Memorandum"):

The Capella Estate asserts claims against Hartford for an alleged failure to pay homeowner's insurance policy benefits for water damage resulting from an alleged break in the levee wall.[3] The Capella Estate seeks policy proceeds for damage to the residence that resulted from "water intrusion, caused simply from a broken levee wall."

The Petition fails to state a claim. Hartford's policy contains a specific exclusion for the type of "water damage" sustained by the Plaintiffs in this case – defined as "flood, surface water . . . [or] overflow of a body of water. . . ."[4] To the extent that the Capella Estate may be alleging that there is coverage for the flood damage to the residence because the flood was caused by the negligence of the Levee District or others, or by the Levee District's failure to warn of the impending flood, Hartford's policy also contains exclusions for "acts or decisions"[5] and for "faulty, inadequate or defective . . . design, . . . workmanship, repair, construction, renovation, . . . or . . . maintenance" of property such as the 17th Street Canal.[6]

Hartford's policy also contains an "Amendatory Endorsement Specifically Excepted Perils" with more explicit exceptions from coverage including an exception for any loss caused by negligence in the design, specifications, workmanship, repair, construction, renovation,

---

[3]      Plaintiffs' Petition also alleges that the Orleans Levee District for the Parish of Orleans (the "Levee District") breached an asserted duty to discover, correct and notify others of a break in the levee wall. Plaintiffs' claims against the Levee District have been severed from the insurance claims and remanded to the state court.

[4]      Hartford policy at page 9 of 18, SECTION I – EXCLUSIONS, 1.c.(1).

[5]      Hartford Policy at page 9 of 18, SECTION I – EXCLUSIONS, 2.b.

[6]      Hartford Policy at page 9 of 18, SECTION I – EXCLUSIONS, 2.c.(2) and (4).

remodeling, grading or compaction of all or any part of levees, dams or other facilities, or the maintenance of any such properties or facilities.[7] This Amendatory Endorsement also excepts from coverage any loss caused by collapse, cracking or shifting of structures (such as the levee system) if the collapse, cracking or shifting occurs during earth movement or flood conditions.[8] The facts and circumstances giving rise to the water damage claims asserted in the present lawsuit do not trigger coverage under the applicable Hartford policy.

The argument and authority for application of the exclusions barring Plaintiffs' claims are set out more fully in the Consolidated Memorandum and the Supplemental Memorandum, both of which are incorporated here.

Wherefore, Hartford prays that the Court grant its motion and dismiss this action for the reason that Plaintiffs have failed to state a claim on which relief can be granted.

Respectfully submitted:

Ralph S. Hubbard III, T.A. La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076

LUGENBUHL, WHEATON, PECK, RANKIN &
 HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

---

[7]     Hartford Policy, Amendatory Endorsement Specifically Excepted Perils, page 1 of 2, at A.
[8]     Hartford Policy, Amendatory Endorsement Specifically Excepted Perils, page 1 of 2, at B.

OF COUNSEL:
Christopher W. Martin (pro hac vice)
Texas Bar 13057620
Federal ID 13515
Martin R. Sadler (pro hac vice)
Texas Bar 00788842
Federal ID 18230

MARTIN, DISIERE, JEFFERSON & WISDOM,
L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Attorneys for Hartford Insurance Company of the
Midwest, incorrectly named as Hartford Insurance
Company

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Hartford's Rule 12 Motion to Dismiss has been forwarded via electronic means and by United States First Class Mail with postage prepaid thereon, on this 15th day of June, 2006, to all counsel.

4