UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | § | CIVIL ACTION NO. 05-6323 |
| | § | |
| VERSUS | § | NO. 05-4182 |
| | § | |
| BOH BROTHERS CONSTRUCTION CO., | § | SECTION "K" (2) |
| L.L.C., ET AL. | § | |

THIS DOCUMENT RELATES TO: [NO. 05-6323]

### HARTFORD'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RULE 12 MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Defendant Hartford Insurance Company of the Midwest ("Hartford"), incorrectly named as Hartford Insurance Company, files this Supplemental Memorandum in Support of Rule 12 Motion to Dismiss,[1] and for cause would show that based solely on the pleadings, Plaintiff Jack Capella as the Executor of the Succession of Lillian Capella (the "Capella Estate") cannot recover on its claims against Hartford as a matter of law.[2]

The Capella Estate seeks policy proceeds for damage to the insured residence that resulted from "water intrusion, caused simply from a broken levee wall." There is no coverage

---

[1] Hartford raised the Rule 12(b)(6) motion as its first defense set forth at ¶12 to Defendant Hartford's Original Answer.

[2] The only individual Plaintiff who alleges claims against Hartford is the Capella Estate. This supplemental motion is addressed to the Capella Estate claims, but it is clear that when these particular claims fail there are no remaining claims against Hartford and Hartford is entitled to a complete dismissal.

1

for this damage however, because a special endorsement to the Hartford policy unambiguously precludes coverage for any damage directly or indirectly caused by:

- negligent "design, specifications, workmanship, repair, construction" or "maintenance" of "levees, dams or other facilities;" or

- *"collapse, cracking or shifting" of structures or facilities that occurs during earth movement or flood conditions, including any "release of water held by a dam, levy or dyke or by a water control device."*

Accordingly, Plaintiff's damages, as characterized in the Petition, are excluded from coverage under the policy and Hartford is entitled to judgment as a matter of law.

## PRELIMINARY STATEMENT

All of Plaintiff's claims arise from the entry of floodwaters into the home. The Hartford policy at issue in this lawsuit clearly excludes coverage for damage resulting from flood.[3] In addition to those coverage exclusions addressed in the Consolidated Memorandum submitted by the Insurer Defendants, the Hartford policy also contains an Amendatory Endorsement Specifically Excepted Perils (the "H-380 Endorsement") explicitly excepting from coverage any *loss caused by negligence in the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of levees, dams or other facilities, or the maintenance of any such properties or facilities.*[4] Independently, the H-380

---

[3] Hartford adopts the Consolidated Memorandum filed by the Insurer Defendants in connection with their various Rule 12 motions and incorporates that pleading here as though fully set forth. Plaintiff's claims are unambiguously excluded in the main body of the Hartford policy and Plaintiff's claims should be dismissed for the reasons set forth in the Consolidated Memorandum.

[4] Exhibit 1, H-380 Endorsement, A. This Specifically Excluded Perils Amendatory Endorsement is hereinafter referred to as the H-380 Endorsement. Exhibit 1 is an excerpt from the Certified Policy which is attached to Hartford's Answer as Exhibit A and incorporated here. Although there appear to be no reported cases considering the H-380 Endorsement in Louisiana, a functionally equivalent endorsement has been recognized as enforceable in other jurisdictions in the context of third party negligence associated with a slope failure. *See Palub v. Hartford Underwriters Insurance Company*, 92 Cal.App.4th 645, 652-653, 112 Cal.Rptr.2d 270, 275-276 (Cal.App. 2 Dist. Sep. 27, 2001), review denied (Dec. 12, 2001); *Julian v. Hartford Underwriters Insurance Company*, 123 Cal.Rptr.2d 767, 776-778 (Cal.App. 2 Dist., Jul. 30, 2002), superseded on other grounds, *Julian v. Hartford Underwriters Insurance Company*, 57 P.3d 362, 126 Cal.Rptr.2d 896 (Cal. Oct. 30, 2002). These courts have also

Endorsement also excepts from coverage any loss caused by collapse, cracking or shifting of structures (including the levee system) if the collapse, cracking or shifting occurs during earth movement or flood conditions.[5] The Capella Estate does not allege facts that trigger coverage under the applicable Hartford policy. No rational analysis of these facts, and no amount of discovery taken in this case, will change the fact that the Capella Estate has failed to plead a cause of action that could lead to a recovery against Hartford.[6]

## ARGUMENT AND AUTHORITIES

The essence of Plaintiff's claim is that the water that flooded the home cannot be classified as a "flood" because the water was released over or through the levee wall as a result of the negligence of the Levee District and/or the effects of the storm. The origin of the flood waters has no bearing on the character of the water intrusion once it has in fact flooded the claimant's property. In this case however, even Plaintiff's tortured semantics only articulate an unambiguously excluded cause of loss. The H-380 Endorsement explicitly excepts from coverage any damage "directly or indirectly caused by" the negligent "design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of . . . drainage ditches, <u>levees, dams or other facilities</u>" or the "maintenance of any such properties or facilities."[7] Even if the water damage is not the result of negligence as Plaintiff sometimes alleges, it is still excepted from coverage because the H-380 Endorsement also

---

readily concluded that this type of endorsement, presented similarly to the H-380 Endorsement here, is both conspicuous and easy to comprehend. *Palub*, 112 Cal.Rptr.2d at 275-276. *See also Julian*, 123 Cal.Rptr.2d at 778. The *Palub* court found the applicable endorsement "sufficiently conspicuous, plain, and clear, in that it is positioned and printed in a form which adequately attracts the reader's attention to the limitation, and that the language is sufficiently precise and understandable." *Palub*, 112 Cal.Rptr.2d at 275-276. *See also Julian*, 123 Cal.Rptr.2d at 778. *Accord Hemel v. State Farm Mut. Auto. Ins. Co.*, 29 So.2d, 483, 486 (La. 1947).
[5] Exhibit 1, H-380 Endorsement, B.
[6] The Standard for Review of this Rule 12 Motion is fully set forth in the Consolidated Memorandum.
[7] Exhibit 1, H-380 Endorsement, A.3.b. and A.4 (emphasis added).

3

excepts from coverage any damage "directly or indirectly caused by . . .collapse, cracking or shifting of buildings or other structures or facilities or their parts" that "occurs during earth movement . . . or flood conditions" including any "release of water held by a <u>dam, levy or dyke or by a water control device</u>."[8]

### A. Plaintiff's Breach of Contract Claims Against Hartford Fail Because the Claims are Unambiguously Excluded by the H-380 Endorsement.

It is well-settled law in Louisiana that an insurance policy is a contract and, as with all contracts, it constitutes the law between the parties.[9] The Capella Estate claims are specifically excepted from coverage by the H-380 Endorsement through both Exception A. (the "Acts, Errors and Omissions Exception") and Exception B. (the "Collapse, Cracking or Shifting Exception").[10] The Acts, Errors and Omissions Exception precludes coverage for any "loss or damage directly or indirectly caused by, resulting from, contributed to or aggravated by, or which would not have occurred but for . . . acts, errors or omissions by you or others in . . . design . . . [or] repair . . . of . . . levees, dams or other facilities . . . or the maintenance of any such property or facilities."[11] Independently, the Collapse, Cracking or Shifting Exception excludes coverage for damage resulting from "collapse, cracking or shifting of . . . structures or facilities . . . if the collapse, cracking or shifting occurs during earth movement . . . or flood conditions."[12] When this Court applies these two exceptions to the facts alleged, it is clear that all of Plaintiff's claims are excluded by the Hartford policy.

---

[8] Exhibit 1, H-380 Endorsement, B.1. and incorporated definition 6 (emphasis added).
[9] *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). *See also* authorities cited in the Consolidated Memorandum.
[10] Exhibit 1, H-380 Endorsement, A. and B.
[11] Exhibit 1, H-380 Endorsement, A.3.b. and A.5.
[12] Exhibit 1, H-380 Endorsement, B.1.

4

1.  **The Hartford Policy Excludes from Coverage any Damage Caused by Third Party Negligence Contributing to a Breach of the Levee Wall**

Plaintiff alleges the water damage "was not the result of flood . . . but [only] water intrusion, caused simply from a broken levee wall."[13] The water damage to Plaintiff's insured dwelling is clearly excepted from coverage by the H-380 endorsement even if "caused simply from a broken levee wall." Contrary to Plaintiff's conclusory allegation that a break in the concrete wall is not described as an excluded loss in any of the policies, the H-380 Endorsement does specifically exclude damage attributable to such a loss. The Acts, Errors and Omissions Exception is comprehensive, and excludes damage due to the negligence of the Levee District (or others) on a broad range of activities respecting the operation of the levee, from the design and location of the levee through construction and renovation, operation, use, maintenance and repair. The H-380 Endorsement specifically provides that there is no coverage for loss or damage directly or indirectly caused by or resulting from the acts, errors or omissions of others in designing, constructing, maintaining or repairing levees.[14] Accordingly, any water damage caused by the negligence of third parties respecting the levee and the 17th Street Canal is specifically excepted from the definition of a Covered Peril under the policy. Plaintiff has failed to state a cause of action on which relief can be granted against Hartford in connection with the negligence, if any, of the Levee District, and Hartford is entitled to judgment as a matter of law.[15]

---

[13] Petition at ¶ 4. Hartford does not concede Plaintiff's allegation that the water damage to the home was "not the result of flood, surface water'" etc., because quite plainly, the damage to Plaintiff's insured premises was the result of floodwaters penetrating the exterior envelope from the ground surface outside the residence.
[14] Exhibit 1, H-380 Endorsement, A.
[15] In a landslide case, the *Julian* court reviewed a similar endorsement excluding damage due to third party negligence and concluded that "As a matter of law . . . Hartford did not breach the insurance policy by denying benefits to the Julians under the third-party negligence exclusion." *Julian*, 123 Cal.Rptr.2d at 778.

2.  **The Hartford Policy Excludes from Coverage any Damage Caused by Collapse, Cracking or Shifting Which Occurs During Flood Conditions or Earth Movement**

Independently, Exception B. of the H-380 Endorsement also excludes Plaintiff's loss as alleged in the Petition. Irrespective of whether the Levee District's alleged negligence caused or contributed to the levee failure or the resulting damage, the Collapse, Cracking or Shifting Exception excludes the resulting damage based on the nature of the occurrence itself – collapse, cracking or shifting of structures during earth movement or flood. Through this exception, the H-380 Endorsement unambiguously excludes any loss or damage to the insured dwelling directly or indirectly caused by the collapse, cracking or shifting of the outfall canal wall during hurricane Katrina.[16]

For the purposes of this exception, "flood" includes the "[r]elease of water held by a <u>dam, levy or dike or by a water or flood control device</u>."[17] Whether the "break" that allegedly appeared suddenly in the outfall wall of the 17th Street Canal was the result of flood (as defined) or earth movement associated with the floodwaters, or the storm generally, the resulting damage is excluded.

Plaintiff alleges that the concrete outfall canal wall "broke,"[18] and undeniably, the wall broke in conjunction with Hurricane Katrina. Whether caused by negligence or not, the "break" itself is a collapse, cracking or shifting of a structure. The break occurred contemporaneously with the flood (defined to include the release of water held by a dam, levy or dike or by a water or flood control device) and earth movement. Thus, the alleged water damage is unambiguously

---

[16] Exhibit 1, H-380 Endorsement, B.
[17] Exhibit 1, H-380 Endorsement B. and incorporated definitions 6.b. (emphasis added).
[18] Petition 1 at ¶¶ 3, 4, 6, 7, 8 and 10.

6

excluded, because the occurrence was the result of a sudden break associated with cracking or shifting of the retaining structure in connection with the effects of flood and earth movement during and after the passage of Katrina. Plaintiff cannot state a claim on which relief can be granted against Hartford in connection with the break in the canal wall, and Hartford is entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Hartford's Supplemental Memorandum in Support of Rule 12 Motion to Dismiss has been forwarded via electronic means and by United States First Class Mail with postage prepaid thereon, on this 15th day of June, 2006, to all counsel of record.

*/s/ [signature]*