UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| INSURER DEFENDANTS | * | |
| | * | |

05-6323 "K" (2) VANDERBROOK

**INSURER DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DECONSOLIDATE AND SEVER**

State Farm Fire and Casualty Company, Unitrin Preferred Insurance Company, Hartford Insurance Company of the Midwest, The Standard Fire Insurance Company and Hanover Insurance Company (hereinafter, collectively "Insurer Defendants") file this Memorandum in Support of the Motion to Deconsolidate and Sever. The Court recently remanded to state court the Plaintiffs' claims against the Board of Commissioners for the Orleans Levee District ("OLD"). *See* Order dated 6/1/06, Rec. Doc. No. 469 in Docket No. 05-4182. Now, *Vanderbrook* consists of Plaintiffs' actions against five homeowners insurance companies

- 1 -

involving individual claims for coverage and alleging bad faith adjustment practices. Because the Court severed the Plaintiffs' claims against OLD from the claims against the Insurer Defendants in *Vanderbrook*, the Plaintiffs' allegations against their insurers no longer have *any* relationship whatsoever to the mass of "Katrina Canal" cases consolidated before this Court. Instead, the claims against the five insurers involve relatively simple insurance policy contract interpretation issues. Continued consolidation of *Vanderbrook* with the bulk of the cases involving the Levee Board and others alleged to have negligently caused flooding will unduly prejudice and delay the *Vanderbrook* parties. The Court should deconsolidate *Vanderbrook* from the levee breach cases and allow the claims to proceed separately.

Further, the Insurer Defendants have filed Rule 12 Motions for Judgment on the Pleadings asserting that the Court can resolve the coverage question by applying the water exclusion clauses contained in each Insurer Defendant's policy and dismiss the Plaintiffs' claims based on those unambiguous exclusions, which motions clearly should be granted. Even with respect to these coverage issues, the Plaintiffs' claims against their respective insurers should not be joined together. Each Plaintiff only has a claim against his own insurer, lacks privity with the other Insurer Defendants, and lacks standing to bring a bad faith claim against the other Insurer Defendants. Moreover, if the Plaintiffs' Petition were to survive the Rule 12 Motions, adjudication of Plaintiffs' bad faith insurance adjustment claims would present separate and distinct factual issues. Therefore, if the Court denies the Insurer Defendants' Rule 12 Motions for Judgment on the Pleadings, the Court should sever the claims against the Insurer Defendants from one another.

## I.   FACTS & PROCEDURAL HISTORY

In *Vanderbrook*, each insurer is alleged to have issued policies of homeowners insurance to one or more Plaintiffs covering property located in Orleans Parish that was damaged

by Hurricane Katrina. Plaintiffs also alleged that each of the Insurer Defendants refused to adjust and pay for water damage to property covered under those policies resulting from a break in a levee wall. (Pl. Pet ¶ 10). Plaintiffs seek statutory penalties against the Insurer Defendants under La. R.S. 22:658 and 22:1220 for alleged bad faith in failing to pay for these water damage losses. The complaint also sought damages against OLD, claiming that OLD was negligent in failing to correct the breach in the levee wall of the 17th Street Canal and/or warn others of the impending water intrusion after the canal levee wall broke on August 29, 2005. (*Id.* at ¶ 8). The complaint claims that OLD's actions and/or inactions caused damage to their homes. (*Id.* at ¶ 7).

Plaintiffs originally filed suit in Civil District Court for the Parish of Orleans. The OLD and the Insurer Defendants timely removed the suit to this Court. But because *Vanderbrook* involved claims against OLD, on motion of the OLD, the Court consolidated this case with numerous other cases involving negligence claims against OLD and others ("the Katrina Canal cases"). *See* Order dated 4/11/06, Rec. Doc. No. 43 in Docket No. 05-6323. The Katrina Canal cases seek a determination of why the levees failed and/or were breached, how they were breached and who is responsible for the breaches. The cases involve Federal entities, state entities and officials, developers, contractors, engineers, and, in some cases, insurance companies as insurers of those parties.

On June 1, 2006, the Court issued an Order and Reasons specific to *Vanderbrook* that granted the Plaintiffs' Motion to Remand to State Court the claims against OLD. In the same Order, the Court granted the Insurer Defendants' Motion to Sever the Plaintiffs' claims against OLD from the Plaintiffs' claims against the Insurer Defendants. In its Order and Reasons the Court stated "[t]his Court finds that the claims against OLD sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract

interpretation and have virtually no relation to the claims against OLD." Order dated 6/1/06 at p. 18. The Court retained diversity jurisdiction over the Plaintiffs' claims against the Insurer Defendants. However, all of the Insurer Defendants are filing Rule 12 Motions for Judgment on the Pleadings seeking dismissal of Plaintiffs' claims and contending that the water damage exclusion language contained in each Insurer Defendant's homeowner's policy precludes Plaintiffs' claims for coverage.[1]

## II.   SUMMARY OF ARGUMENT

In light of the June 1, 2006 Order, the Court should deconsolidate *Vanderbrook* from the mass of Katrina Canal cases. Because this Court remanded the *Vanderbrook* Plaintiffs' claims against OLD to state court, *Vanderbrook* does not now involve OLD. The remaining claims in *Vanderbrook* do not involve a determination of causation or liability relating to the levee breaches or allegations against OLD, governmental entities or officials, developers, contractors or engineers. Rather, the remaining *Vanderbrook* claims posit (1) whether the homeowner's policies of each of the five Insurer Defendants provide coverage for certain water damage to their respective insureds' property and (2) whether the failure to pay for such water damage constitutes bad faith. The Court can make these determinations without engulfing the *Vanderbrook* parties in the technical, fact-intensive and lengthy investigation required to determine the causes of and liability for the levee breaches in the Katrina Canal cases. Accordingly, the Court should deconsolidate the remaining *Vanderbrook* claims and remove them from the umbrella of Katrina Canal cases.

---

[1] *See* Consolidated Rule 12 Motion of Defendants The Standard Fire Insurance Company, Hartford Insurance Company of the Midwest, Hanover Insurance Company and Unitrin Preferred Insurance Company; *and* State Farm's Rule 12 Motion for Judgment on the Pleadings.

Concurrent with the instant Motion to Deconsolidate and Sever, the *Vanderbrook* Insurer Defendants are filing Rule 12 Motions for Judgment on the Pleadings asking this Court to apply the unambiguous water damage exclusion language contained in each Insurer Defendant's insurance policies and dismiss the Plaintiffs' claims.[2] If the Court denies the Defendants' Rule 12 Motions and finds that coverage exists, the Plaintiffs' separate bad faith claims for damage and statutory penalties against the five Insurer Defendants would remain. No privity of contract exists between all of the Plaintiffs and all of the Defendants. Each plaintiff only has standing to bring a bad faith claim against its respective insurer. These claims, alleging bad faith in failing to pay for water damage, are improperly joined together because the allegedly improper conduct by each Insurer Defendant against its respective insured constitutes a discrete transaction or occurrence that rests on different circumstances of adjustment and/or refusal to adjust. If the Court does not dismiss *Vanderbrook* on the Rule 12 Motions, ultimately, the Court will need to review facts specific to each Plaintiff's claim and decide whether its respective insurer adjusted the claim timely, properly and in accordance with the Louisiana Insurance Code. Indeed, Louisiana Insurance Code statutory language applicable to the plaintiffs' claims *requires* a fact-specific inquiry into the timing and circumstances of the adjustment of each insurance claim. La. R.S. 22:658 and 22:1220. Because *no transaction, occurrence or set of facts exists* that unites the bad faith claims against the various *Vanderbrook* Insurer Defendants, the Court should sever the Plaintiffs' individual claims against each of the five Insurer Defendants. *See*

---

[2] Although each Insurer Defendants' policy language excluding water damage may vary, the effect is the same. Any flood and/or surface water damage sustained by Plaintiffs' homes during Hurricane Katrina is unambiguously excluded from coverage by the water damage exclusion. The Court can review the Rule 12 Motions filed by the Insurer Defendants and determine whether that contractual language applies to the facts alleged in the Petition.

*Michaels Bldg Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (upholding severance where a suit "involve[d] different banks, different contracts and different terms").

### III.  ARGUMENT

**A.  *Vanderbrook* Should Be Deconsolidated from the Levee Board Cases and Allowed to Proceed Separately.[3]**

**1.  Consolidation of *Vanderbrook* with the Levee Board Cases No Longer Makes Sense in Light of the Court's Recent Order Severing and Remanding OLD to State Court.**

*Vanderbrook* was initially consolidated with the Katrina Canal cases on Motion of OLD. In its Motion, OLD requested consolidation of all cases brought against the OLD asserting that "each of these cases contains substantially identical allegations about the fact, extent and alleged causes of flooding that occurred in New Orleans following Hurricane Katrina" and that consolidation "would best serve the convenience of parties and witnesses, as well as the interests of justice." *See* Rec. Doc. No. 36 in Docket No. 05-4182, Memorandum in Support of Motion of the Commissioners for Intra-District Transfer, Consolidation and Transfer of Venue to the Middle District of Louisiana at pp. 1-2. The *Vanderbrook* Insurer Defendants opposed OLD's Motion, arguing that the claims against the Insurer Defendants involved legal issues of insurance contract interpretation that had nothing to do with the negligence claims against OLD and other entities. The Court granted OLD's Motion for Consolidation for pre-trial purposes. *See* Order dated 4/11/06, Rec. Doc. No. 43 in Docket No. 05-6323.

However, as a result of the Court's recent order severing the claims against OLD from those against the Insurer Defendants and remanding Plaintiffs' case against OLD to state

---

[3] A similar motion for deconsolidation (styled as a Motion to Sever) has been filed in *Chehardy, et al. v. Wooley, et al.*, No. 06-1672 c/w 06-1673 c/w 06-1674.

court, *Vanderbrook* no longer involves claims against OLD. In granting the Insurer Defendants Motion to Sever, the Court stated, "This Court finds that the claims against OLD sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD." Order and Reasons, dated 6/1/06, p. 19. That logic extends to removing *Vanderbrook* from the Court's "Katrina Canal" umbrella. Further, the Court recently granted a similar Motions to Sever and Proceed Separately in *Baird v. Encompass Insurance Co., et al.*, 06-152 c/w 06-153 c/w 06-169 ("*Encompass* cases"). Order dated 6/6/06, Rec. Doc. No. 498 in 05-4182. Like *Vanderbrook*, the *Encompass* cases initially involved claims brought by homeowner's policyholders against their insurance company seeking a determination of coverage for damage caused by Hurricane Katrina and against OLD for alleged negligence. And, like *Vanderbrook*, OLD was dismissed from the *Encompass* cases leaving only the individual insurance coverage claims. The reasoning for severing the *Encompass* cases from the Katrina Canal cases directly applies in *Vanderbrook*.

Indeed, the resolution of whether OLD or any of the other parties was at fault in causing the flooding that occurred after Hurricane Katrina is not necessary for a determination of coverage or non-coverage in *Vanderbrook*. As this Court has previously noted, "[f]ault is irrelevant with respect to the coverage afforded under the homeowners' policies..." (Order & Reasons on Motion to Remand and Sever, dated June 1, 2006, at p. 18.) Issues relating to causation or relevant to the levee failures have no bearing on whether each of the specific insurance policies at issue in *Vanderbrook* covers or excludes water damage to the Plaintiff's property. Instead, and as argued by the Insurer Defendants in their Rule 12 Motions, the Court can resolve the coverage claims against the *Vanderbrook* Insurer Defendants by reference to the exclusionary language of the insurance policies. Thus, the original rationale for consolidating

*Vanderbrook* with the Levee Board cases -- to promote convenience of the parties and serve the interest of justice -- is no longer viable. There are no common questions of law or fact that unite *Vanderbrook* to the Katrina Canal cases before this Court. Fed. R. Civ. P. 42. Accordingly, *Vanderbrook* should be deconsolidated and removed from the umbrella. *See, e.g. Picard v. American Tobacco Co.*, No. 95-985, 1996 WL 156861, *2 (E.D. La. Apr. 3, 1996) (holding that when lawsuits involve different facts and law, consolidation of cases is improper).

> 2. **Deconsolidation of *Vanderbrook* Is Necessary to Prevent Undue Prejudice and Delay.**

Consolidation is improper when it prejudices the rights of the parties. *St. Bernard Gen. Hosp., Inc.*, 712 F.2d 979, 989 (5th Cir. 1983); *Dupont v. Southern Pacific Co.*, 366 F .2d 193, 195-96 (5th Cir. 1966). The *Vanderbrook* Plaintiffs and the Insurer Defendants will be prejudiced by continued consolidation with the Katrina Canal cases. The *Vanderbrook* parties should not be burdened with the time, cost, complex legal analysis and fact investigation necessary to determine the causation of and liability for the levee breach. The issues in the Katrina Canal cases have no bearing on whether a particular insurance policy provides coverage or whether property damage sustained by the *Vanderbrook* Plaintiffs is excluded.

Continued consolidation with the Katrina Canal cases -- even if only for the purpose of pre-trial matters -- means that counsel for the *Vanderbrook* Plaintiffs and Insurer Defendants must continue to receive and review the mass of pleadings and motions filed in the consolidated cases that have absolutely no bearing on the purely contractual claims involved in *Vanderbrook*. The *Vanderbrook* parties have no need to attend levee inspections, share in the cost of videographers, experts and evidence storage, or participate in the extensive investigation and discovery necessary to determine liability for the levee breaches. *See St. Bernard Gen. Hosp.*, 712 F.2d at 990 ("The delay to the instant action ... reasonably could have led to the

813776v.2

conclusion that this case should be heard separately from the consolidated cases."). The consolidated Katrina Canal cases will, undoubtedly, take years to resolve and involve a great expense to the litigants. The unrelated, relatively simple insurance coverage and bad faith claims involved in *Vanderbrook* could be resolved in far less time and at a significantly lower cost if they are not tethered to the complex morass of negligence claims consolidated under the umbrella. Accordingly, deconsolidation of the *Vanderbrook* case is necessary to prevent undue prejudice to the *Vanderbrook* parties.

    **B.    The Claims Against Each Insurer Are Improperly Joined and Ultimately Should Be Severed From One Another In the Event the Court Denies the Insurer Defendants' Rule 12 Motions to Dismiss.**

Concurrent with the instant Motion to Deconsolidate and Sever, the Insurer Defendants are filing Rule 12 Motions for Judgment on the Pleadings contending that the water damage exclusion language contained in each Insurer Defendant's homeowner's policy precludes Plaintiffs' claims for coverage.[4] The Court can review and apply the water exclusion of each Insurers Defendant's policy and dismiss the Plaintiffs' coverage claims based on the plain language of those exclusions as applied to the allegations in the Petition. Even for purposes of these coverage issues, however, Plaintiffs claims have been improperly joined. Each plaintiff only has a claim against his or her own insurer and the absence of privity with the other Insurer Defendants makes joinder inappropriate. Moreover, if the Court denied the Rule 12 Motions, Plaintiffs' bad faith claims would involve separate and distinct factual issues as to each Plaintiff and his or her insurer that will be improperly joined and should be severed by the Court.

---

    [4]    *See* Consolidated Rule 12 Motion of Defendants The Standard Fire Insurance Company, Hartford Insurance Company of the Midwest, Hanover Insurance Company and Unitrin Preferred Insurance Company; *and* State Farm's Rule 12 Motion for Judgment on the Pleadings. This is particularly so for one of the Insurer Defendants, Unitrin, which is a defendant in the *Vanderbrook* case only and has not been named as a defendant in any of the other cases currently under the Katrina Canal umbrella.

1.   **The Court Has Discretion to Sever Claims Under Rule 21.**

Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." When a court grants a motion to sever under Rule 21, it effectively creates "two separate actions or suits where previously there was but one" and allows each claim to "proceed[] as a discrete, independent action...." *Allied Elevator, Inc. v. East Texas State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). A court may order severance even when joinder is proper. *U.S. v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (rejecting argument that Rule 21 "may be used only to cure misjoinder of parties," holding that the rule "is not so limited"); *see also Applewhite v. Reichold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (holding that courts may sever parties to prevent delay or prejudice). A district court has "broad discretion" to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir. 1992) (stating that the decision on whether to grant a motion to sever "rests with the broad discretion of the district court").

In this case, the Plaintiffs improperly joined individual insurance claims against their respective insurers. The coverage claims can only be made by each plaintiff against his or her own insurer. It is not alleged that the insurers acted in concert to harm the plaintiffs. The individual insurance companies are not alleged to be -- and, indeed, cannot be -- responsible for one another's conduct. To the extent that the Petition alleges bad faith in failing to make payment for water damage losses, the claims are based on discrete sets of facts surrounding claims adjustment. Further, Plaintiffs do not allege that they are in privity of contract with all of the Insurer Defendants. Therefore, the individual Plaintiffs only have standing to bring claims against their own respective insurers. Accordingly, the Court should sever the separate claims against the Insurer Defendants based on improper joinder. Even if the Court somehow finds that

813776v.2

the claims were properly joined, the Court should exercise its discretion and sever the claims into independent suits to promote judicial economy and prevent confusion of the fact finder.

### 2. Severance of the Bad Faith Claims Is Proper Because Those Claims Against the Individual Insurers Are Misjoined with One Another.

Although severance would be appropriate even before the Court rules on the Insurer Defendants' Rule 12 Motions it would not be improper for the Court to consider and rule upon the *coverage* question posed by those Motions while these claims are joined. If the Court denies the Insurer Defendants' Rule 12 Motions for Judgment on the Pleadings that are based on coverage exclusions, the Court would be left with Plaintiffs' bad faith insurance *adjustment* claims against his or her respective insurer. Those individual bad faith claims are improperly joined and should be immediately severed from one another.

Plaintiffs' allege no facts upon which the five Insurer Defendants can be jointly or solidarily liable for the alleged bad faith. Nor do the Plaintiffs contend that the five Insurer Defendants conspired together to injure the Plaintiffs. In the absence of allegations of joint liability or conspiracy, to satisfy the joinder requirements, Plaintiffs must demonstrate that the claims against all five Insurer Defendants arise from the same transaction or occurrence *and* that there exists a common question of law or fact with respect to all parties. Fed.R.Civ.P. 20(a). Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). *Simoneaux v. Jolen Operating Co.*, No. 04-2467, 2004 WL 2988506, *4 (E.D. La. Dec. 15, 2004*). Parties to a lawsuit are misjoined if these requirements are not satisfied and the Court may sever them under Rule 21. Fed.R.Civ.P. 21. It is improper to join distinct and separate claims against separate defendants in the same lawsuit. *Tapscott v. MS Dealers Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by *Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

It is clear from the face of Plaintiffs' Petition that their allegations do not arise from the same transaction or occurrence. Plaintiffs do not allege that the five Insurer Defendants shared claims personnel and decision makers. They do not claim that the insurers acted in concert in adopting or executing identical claims handling policies or other procedures. Nor do the Plaintiffs contend that they suffered identical property damage losses or that they are entitled to identical amounts of money damages based on those losses. Clearly, each property is distinct as is the damage suffered by each property.

In addition, the individual Plaintiffs only have standing to bring claims against their respective insurer because no privity of contract exists between all of the Plaintiffs and all of the Insurer Defendants. *See, e.g., Husbands v. Commonwealth of* Pennsylvania, 359 F. Supp. 925, 933 (E.D. Pa. 1973) ("It is a fundamental principle of law that a plaintiff must demonstrate injury to himself by the parties whom he sues before the plaintiff can successfully state a cause of action."); *see also Warfield v. Fidelity & Deposit Company*, 904 F.2d 322, 326 (5th Cir. 1990) (dismissing for lack of standing claim against insurer for breach of duty of good faith and fair dealing because plaintiffs were neither insureds nor beneficiaries of the insurance policy). The individual Plaintiffs have not alleged any facts affording them a legal basis for recovery against any other Insurer Defendant other than their own.

No single transaction or occurrence or common question of fact exists that permits continued joinder of the claims against the insurers if the Court rejects the Insurer Defendants Rule 12 Motions. *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (upholding severance where the suit "involve[d] different banks, different contracts and different terms); *see also Wynn v. Nat'l Broadcasting Co.*, 234 F.Supp.2d 1067 (C.D. Cal. 2002) (severing claims against "entire television industry over a twenty-year period" where the claims

were not "logically related" and where the plaintiffs did not allege a single decision-maker discriminated against them); *Bridgeport Music v. 11C Music*, 202 F.R.D. 229 (M.D. Tenn. 2001) (severing copyright infringement claims against 477 defendants, finding that each infringement was separate occurrence). Moreover, because of standing issues, Plaintiffs' claims against the five Insurer Defendants have been improperly joined and should be severed from one another.

### 3. Prejudice Would Result from Joinder of the Bad Faith Claims Against the Separate Insurer Defendants.

Ultimately, if the Court rejects the Rule 12 Motions for Judgment on the Pleadings, and refuses to dismiss Plaintiffs' claims, the Court would encounter evidentiary and procedural difficulties in adjudicating the Plaintiffs' individual bad faith claims against the Insurer Defendants if their joinder continues. "Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause ... prejudice." *Applewhite*, 67 F. 3d at 574. Courts have recognized that when multiple claims are tried together, a risk of jury confusion and prejudice exists preventing a fair and impartial trial. *Southwest Marine, Inc. v. Triple A Mach. Shop*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The risk becomes greater when the circumstances surrounding the parties' claims are diverse and the joinder results in a large body of evidence. *See In Re Repetitive Stress Injury Lit.*, 11 F.3d 368, 371 (2d Cir. 1993).

The evidence relevant to the bad faith claims of the individual Plaintiffs against their respective insurers will involve different evidence. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996) (holding severance would promote judicial economy and justice where the facts surrounding plaintiffs' claims were diverse). The Insurer Defendants will be prejudiced by having to participate in discovery and trial proceedings involving disputes between the other insurers and their respective insureds. The factual and legal differences

inherent in these claims also may cause confusion. The sheer amount of testimony and factual evidence involved in trying the claims together may overwhelm the Court. Thus, if this Court refuses to grant the Rule 12 Motions to Dismiss and allows the cases against the Insurer Defendants to proceed, severing the claims will facilitate more streamlined discovery and more orderly and speedy trials of the Plaintiff's individual claims against their respective insurers.

## IV. CONCLUSION

For all the reasons discussed above, *Vanderbrook* should be deconsolidated from the mass of Katrina Canal cases and taken out from under the levee breach umbrella. In addition, if the Court denies the Insurer Defendants Rule 12 Motions to Dismiss, then each of the Plaintiffs' claims against his or her respective insurer should be severed from the others.

Respectfully submitted,

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
    Of
STONE PIGMAN WALTHER
    WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire &
Casualty Company

Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
    RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195

813776v.2

OF COUNSEL:
Christopher W. Martin
Texas Bar 13057620
Federal ID 13515
Martin R. Sadler
Texas Bar 00788842
Federal ID 18230
MARTIN, DISIERE, JEFFERSON &
 WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Attorneys for Hartford Insurance Company
of the Midwest, incorrectly named as
Hartford Insurance Company

_____
Ralph S. Hubbard III, T.A.,
 La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195

OF COUNSEL:
Paul E B. Glad
Kevin P. Kamraczewski
David R. Simonton
Geoffrey J. Repo
SONNENSCHIEN NATH & ROSENTHAL
 LLP
7800 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Hanover Insurance Company

813776v.2

_____
Neil C. Abramson (21436)
Nora B. Bilbro (22955)
Curt L. Rome (29406)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

Attorneys for Unitrin Preferred Insurance
Company, erroneously identified as Kemper
Insurance Company

_____
Ralph S. Hubbard III, T.A., La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:    (860) 275-8255
Facsimile:    (860) 275-8299

Attorneys for Travelers Insurance Company
and The Standard Fire Insurance Company
(improperly identified as Travelers
Insurance Company and as St. Paul
Travelers Insurance Company, a non-
existent company)

## **CERTIFICATE**

I hereby certify that a copy of the foregoing Insurer Defendants' Memorandum in Support of Motion to Deconsolidate and Sever has been served upon each counsel of record, via electronic mail and by United States mail, postage pre-paid and properly addressed, on June 15, 2006.

_____

813776v.2