UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al <br><br> Plaintiffs <br><br> VERSUS <br><br> BOH BROTHERS CONSTRUCTION CO., et al <br><br> Defendants <br><br> THIS DOCUMENT RELATES TO: <br><br> Docket No. 05-4181 | CIVIL ACTION NO. 05-4182 <br> SECTION "K"(2) <br> CONS. KATRINA CANAL |

## MEMORANDUM IN SUPPORT OF
## JOINT MOTION TO DISMISS PUNITIVE DAMAGE CLAIMS[1]

The Board of Commissioners for the Orleans Parish Levee District ("Levee District") and the Sewerage and Water Board of New Orleans submit the following in support of their Joint Motion to Dismiss Claims for Punitive Damages:

1.

As indicated in the caption above, one of the various complaints consolidated herein contain claims seeking an award of punitive damages against the Levee District, the Sewerage

and Water Board of New Orleans, and other defendants.[2]

2.

In this complaint, the plaintiffs cite no federal or state statute that provides for the award of punitive damages as a result of the alleged tortious conduct of the Levee District or the Sewerage and Water Board of New Orleans.[3]

3.

Punitive damages are against Louisiana public policy and are not available unless specifically authorized by statute:

> In Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. *Ricard v. State*, 390 So.2d 882 (La.1980).

*Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So.2d 546, 555. Under the facts alleged in this complaint, no federal or state statute authorizes the award of punitive damages against the Levee District or the Sewerage and Water Board of New Orleans.

4.

Absent any claim arising under a specific statute providing for the award of punitive damages, any claims for punitive damages against the Levee District or the Sewerage and Water Board of New Orleans must be dismissed.

---

[1] Defendants note that plaintiffs, through liaison counsel, have expressed their collective view that the instant motion is premature, as it will require discovery. As defendants fail to see how discovery will lend any insight to this purely legal inquiry, they file the instant motion in compliance with this Honorable Court's directive.

[2] For ease of reference, this Motion relates to the following case: *Maureen O'Dwyer, et al, v. United States of America*

[3] In fact, the only reference with respect to punitive or exemplary damages is found in the caption of the complaint: "Complaint for Compensatory and Exemplary Damages . . ."

**WHEREFORE**, The Board of Commissioners of the Orleans Levee District and the Sewerage and Water Board of New Orleans, pray that their Motion to Dismiss the Punitive Damage Claims be granted, dismissing all punitive damage claims asserted against them.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (# 2533)
MARK E. HANNA (# 19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
McCRANIE, SISTRUNK, ANZELMO,
    HARDY, MAXWELL & McDANIEL
3445 North Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone:    (504) 831-0946

and

JAMES L. PATE (La. Bar #10333)
BEN L. MAYEAUX (La. Bar #19042)
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR THE BOARD OF
COMMISSIONERS OF THE ORLEANS LEVEE
DISTRICT

and

_____
GEORGE SIMNO, III (# 12271)
GERARD M. VICTOR (# 9815)
625 St. Joseph St., Room 201
New Orleans, LA 70165
Tel:    (504) 529-2837
Fax:   (504) 585-2455
ATTORNEYS FOR THE SEWERAGE AND
WATER BOARD OF NEW ORLEANS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___15th___ day of June, 2006, a copy of the above and foregoing pleading has this day been served on all known counsel of record via e-mail.

_____