

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 16  PM 12: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| Plaintiffs | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C., ET AL. | * | |
| | * | MAGISTRATE NO. 2 |
| Defendants | * | CONS. KATRINA CANAL |
| | * | |
| THIS   DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| Vodanovich, et al; Docket No. 05-5237 | * | |
| | * | |
| | * | A JURY IS DEMANDED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO SUPPLEMENTAL
## AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board

of Commissioners for the Orleans Levee District, and for answer to plaintiffs' Supplemental

and Amending Complaint respectfully admit, deny and aver as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be

granted.

1

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiff's harm.  *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against

2

defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively alleges that the plaintiff was negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## NINTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## TENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that plaintiff failed to mitigate her damages.

## TWELFTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

## THIRTEENTH DEFENSE

Plaintiff's claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

### FOURTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiff was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### FIFTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters.  *See* 33 U.S.C. § 702(c).

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that plaintiff has failed to join one or more persons needed for the just adjudication of the instant lawsuit.  *See* FRCP 19(a).

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that plaintiff has failed to plead their claims with requisite particularity.

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiff's injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

### NINETEENTH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiff has or should hereafter settle  for any of the alleged injuries and damages with any persons, whether parties or non-parties or receive funds from any federal or state program or agency, defendant is entitled to a credit and offset in the amount of said settlement(s) or

payment(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling or paying parties' allocated percentage of fault.

## TWENTIETH DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and hereby adopts any affirmative defenses filed by any other party.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiff and to amend her Answer.

## TWENTY-SECOND DEFENSE

Defendant affirmatively alleges Lis Pendens.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that plaintiff is not entitled to attorney's fees.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiff's claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY-NINTH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735 and 9:2793.1.

## THIRTIETH DEFENSE

Defendant affirmatively pleads that venue is either improper or inconvenient.

I.

The allegations of Paragraph I(1)(A) of plaintiffs' Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph I(2)(A) of plaintiffs' Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph I(3)(A) of plaintiffs' Supplemental and Amending Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

With respect to the allegations of Paragraph II, defendant reasserts and reavers each and every answer and affirmative defense of its original answer as if plead in extensio herein.

V.

Defendant denies the balance of plaintiffs' Supplemental and Amending Complaint unless specifically admitted herein.

VI.

Defendant requests and is entitled to a trial by jury on all issues herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee

6

District, prays that this answer be deemed good and sufficient, that it be granted a trial

by jury and that, after due proceedings are had, there be judgment herein in favor of

said defendant and against plaintiffs, dismissing all of the claims of the plaintiffs against

them, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR.  (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
ATTORNEYS FOR DEFENDANT

AND

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

7

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by e-mail or by placing same in the U.S. Mail, postage prepaid and properly addressed this _16th_ day of _June_, 2006.

8