FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 JUN 16 PM 12: 18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 06-2287 |
| Plaintiffs | * | SECTION "K" |
| VERSUS | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | MAGISTRATE NO. 2 |
| Defendants | * | |
| THIS DOCUMENT RELATES TO: Sanchez, et al; Docket No. 06-2287 | * | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Levee District (hereinafter referred to as "The Orleans Levee District"), and for answer to plaintiffs' Petition for Damages respectfully represent:

I.

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.



___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No___

**SECOND DEFENSE**

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

**THIRD DEFENSE**

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

**FOURTH DEFENSE**

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

**FIFTH DEFENSE**

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect.

**SIXTH DEFENSE**

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

**SEVENTH DEFENSE**

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against

defendant should be reduced accordingly.

**EIGHTH DEFENSE**

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

**NINTH DEFENSE**

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

**TENTH DEFENSE**

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

**ELEVENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

**TWELFTH DEFENSE**

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

**THIRTEENTH DEFENSE**

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

**FOURTEENTH DEFENSE**

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

**FIFTEENTH DEFENSE**

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

**NINETEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

**TWENTIETH DEFENSE**

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTY-FIRST DEFENSE**

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

**TWENTY-SECOND DEFENSE**

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

**TWENTY-THIRD DEFENSE**

Defendant affirmatively alleges the Government Contractor Defense.

**TWENTY-FOURTH DEFENSE**

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

**TWENTY-FIFTH DEFENSE**

Defendant affirmatively alleges application of the Federal Tort Claims Act.

**TWENTY-SIXTH DEFENSE**

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

**TWENTY-SEVENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

**TWENTY-EIGHTH DEFENSE**

Defendants are immune from liability pursuant to La. R.S. 29:735 and 9:2793.1.

**TWENTY NINTH DEFENSE**

Defendant affirmatively pleads Lis Pendens, and further pleads that this action has been filed in an improper and/or inconvenient venue.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph I constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph I are denied.

II.

The allegations of Paragraph II constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph II are denied.

III.

The allegations of Paragraph III and subparts (a) - (p) are admitted only to the extent that:

1) Defendant is a political subdivision of the State of Louisiana; and

2) Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph III is denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph IV are denied for lack of sufficient information to

justify a belief therein.

V.

The allegations of Paragraph V are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph V is denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph VI constitute legal conclusions and require no answer. Further answering, defendant admits it was a federal contractor and admits application of Class Action Fairness Act (CAFA).

VII.

The allegations of Paragraph VII constitute legal conclusions and require no answer. Further answering, defendant admits it was a federal contractor working on federal construction projects.

VIII.

The allegations of Paragraph VIII constitute legal conclusions and require no answer. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph VIII are denied.

IX.

The allegations of Paragraph IX constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering,

defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph IX are denied.

X.

The allegations of Paragraph X constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph X are denied.

XI.

The allegations of Paragraph XI are admitted.

XII.

The allegations of Paragraph XII are denied as written.

XIII.

The allegations of Paragraph XIII are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XIII is denied for lack of sufficient information to justify a belief therein.

XIV.

Except to admit the use of the I-wall design, the allegations of Paragraph XIV are denied for lack of sufficient information to justify a belief therein.

XV.

Except to admit the use of the I-wall design, the allegations of Paragraph XV are denied for lack of sufficient information to justify a belief therein.

XVI.

Except to admit the use of the I-wall design, concrete caps, gaskets and steel in the construction of the certain levees, the allegations of Paragraph XVI are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph XVII are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph XVIII are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XVIII is denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph XIX are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of Paragraph XX constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XX are denied.

XXI.

The allegations of Paragraph XXI constitute legal conclusions and require no

answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXI are denied.

XXII.

The allegations of Paragraph XXII constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXII are denied.

XXIII.

The allegations of Paragraph XXIII constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXIII are denied.

XXIV.

The allegations of Paragraph XXIV constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXIV are denied.

XXV.

The allegations of Paragraph XXV constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering,

defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXV are denied.

XXVI.

The allegations of Paragraph XXVI constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXVI are denied.

XXVII.

The allegations of Paragraph XXVII constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXVII are denied.

XXVIII.

The allegations of Paragraph XXVIII constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXVIII are denied.

XXIX.

The allegations of Paragraph XXIX constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent

an answer may be deemed necessary, the allegations of Paragraph XXIX are denied.

XXX.

The allegations of Paragraph XXX constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXX are denied.

XXXI.

The allegations of Paragraph XXXI, including subparts XXXI (A) through (E) constitute legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXXI, as well as subparts (A) through (E) are denied.

XXXII.

The allegations of Paragraph XXXII are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XXXII is denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations of Paragraph XXXIII, including subparts XXXIII (A) (1-4), XXXIII (B) (1-5), and XXXIII (C) (1-3), are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XXXIII, and all subparts aforementioned, does not require an answer from this defendant.

XXXIV.

The allegations of Paragraph XXXIII (D) (1) are admitted only to the extent that:

1) Defendant is a political subdivision of the State of Louisiana; and

2) Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph XXXIII (D) (1) contains legal conclusions which require no answer, and which can neither expand nor limit the law.

XXXV.

The allegations of Paragraph XXXIII (D) (2) are denied as written.

XXXVI.

The allegations of Paragraph XXXIII (D) (3) are denied insofar as the 17th Street Canal also lies in Jefferson Parish.

XXXVII.

The allegations of Paragraph XXXIII (D) (4) are admitted only to the extent that:

1) Defendant is a political subdivision of the State of Louisiana; and

2) Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph XXXIII (D) (4) contain legal conclusions which require no answer, and which can neither expand nor limit the law.

XXXVIII.

The allegations of Paragraph XXXIII (D) (5) are denied.

XXXIX.

Defendant admits an accident occurred on September 11, 2004 involving a New Orleans Public Belt Railroad train.

XL.

Except to admit Floodgate W-30 is within defendant's geographic jurisdiction, the allegations of Paragraph XXXIII (D) (7) constitute legal conclusions and require no answer. Further answering, defendant avers that the allegations can neither expand nor limit the law.

XLI.

The allegations of Paragraph XXXIII (D) (8) are admitted.

XLII.

Defendant admits receiving an unconditional tender of $427,387.96.

XLIII.

The allegations of Paragraph XXXIII (D) (10) are denied.

XLIV.

The allegations of Paragraph XXXIII (D) (11) are denied.

XLV.

The allegations of Paragraph XXXIII (E) (1) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of

Paragraph XXXIII (E) (1) does not require an answer from this defendant.

XLVI.

The allegations of Paragraph XXXIII (E) (2) are denied as written as 17th Street Canal also lies within Jefferson Parish.

XLVII.

The allegations of Paragraph XXXIII (E) (3) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XXXIII (E) (3) does not require an answer from this defendant.

XLVIII.

The allegations of Paragraph XXXIII (F) (1) constitute legal conclusions and require no answer. Further answering, defendant avers that the allegations can neither expand nor limit the law.

XLIX.

The allegations of Paragraph XXXIII (F) (2) are denied as written as the 17th Street Canal also lies within Orleans Parish.

L.

The allegations of Paragraph XXXIII (F) (3) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XXXIII (F) (3) does not require an answer from this defendant.

LI.

The allegations of Paragraph XXXIII (F) (4) are denied to the extent they state or

imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph XXXIII (F) (4) does not require an answer from this defendant.

LII.

The allegations of Paragraph XXXIV are denied.

LIII.

The allegations of Paragraph XXXV constitute legal conclusions and require no answer. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph XXXV are denied.

LIV.

The allegations of Paragraph XXXVI constitute legal conclusions and require no answer; however, to the extent an answer may be deemed necessary, the allegations of Paragraph XXXVI are admitted.

LV.

The balance of the Complaint is denied unless specifically admitted herein.

LVI.

Defendant requests and is entitled to a trial by jury on all issues herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all

of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email andplacing same in the U.S. Mail, postage prepaid and properly addressed this 16th day of June, 2006.