**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| Plaintiffs | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | |
| | * | |
| | * | MAGISTRATE NO. 2 |
| Defendants | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| Docket No. 06-2346 (Fitzmorris) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  A JURY IS DEMANDED

## ANSWER TO CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Levee District (hereinafter referred to as "The Orleans Levee District"), and for answer to plaintiffs' Class Action Complaint respectfully represent:

I.

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

1

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No _____

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

### FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm.  *See* La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect.

### SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

### SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other

2

acts or omissions which may be proven at trial.

### NINTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### TENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### ELEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

### TWELFTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

### THIRTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

### FOURTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## FIFTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages

with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-SECOND DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

## TWENTY SEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY EIGHTH DEFENSE

Defendant affirmatively alleges it is immune from liability by operation of La. R.S. 29:735 and 9:2793.1.

## TWENTY NINTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

## THIRTIETH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph 1 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering,

defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

II.

The allegations of Paragraph 2 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 2 is denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 3 are denied.

IV.

The allegations of Paragraph 4 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 4 are denied.

V.

The allegations of Paragraph 5 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 5 are denied.

VI.

The allegations of Paragraph 6 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

The balance of Paragraph 6 is denied for lack of sufficient information to justify a
belief therein.

VII.

The allegations of Paragraph 7 are denied for lack of sufficient information to
justify a belief therein.

VIII.

The allegations of Paragraph 8 are denied to the extent they state or imply any
fault, negligence, or liability on the part of this defendant; the balance of Paragraph 8 is
denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 constitute legal conclusions and require no
answer.  Further answering, defendant avers that the allegations can neither expand
nor limit the law.  To the extent an answer may be deemed necessary, the allegations
of Paragraph 9 are denied.

X.

The allegations of Paragraph 10 constitute legal conclusions and require no
answer.  Further answering, defendant avers that the allegations can neither expand

nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 10 are admitted.

XI.

The allegations of Paragraph 11 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 11 are denied.

XII.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 15 constitute legal conclusions and require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 15 are denied.

XVI.

The allegations of Paragraph 16(a) are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph 16(a) is denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations of Paragraph 16, and all subparts 16(b) through 16(j) do not require an answer from this defendnat; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 16, and all subparts 16(b) through 16(j) are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations of Paragraph 17 are admitted.

## XIX.

The allegations of Paragraph 18 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 18 is denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations of Paragraph 19 are admitted.

## XXI.

Any such tests and/or soil borings would be the best evidence of the allegations contained within Paragraph 20.

## XXII.

10

The allegations of Paragraph 21 are denied as written.

XXIII.

Defendant admits certain soil studies were performed along the location of the 17th Street Canal.

XXIV.

Any such tests and/or soil borings would be the best evidence of the allegations contained within Paragraph 23.

XXV.

Any such tests and/or soil borings would be the best evidence of the allegations contained within Paragraph 24.

XXVI.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of Paragraph 27 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 27 is denied for lack of sufficient information to justify a belief therein.

XXIX.

Defendant admits the involvement of Modjeski and Masters in the design of the 17th Street Canal.

11

XXX.

The allegations of Paragraph 29 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 29 requires no answer from this defendant.

XXXI.

Defendant admits the involvement of Pittman in working on the 17th Street and London Avenue Canals.

XXXII.

The allegations of Paragraph 31 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 31 requires no answer from this defendant.

XXXIII.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations of Paragraph 33 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 33 requires no answer from this defendant.

XXXV.

Defendant admits the involvement of Burk-Kleinpeter in the London Avenue Canal project; the balance of Paragraph 34 requires no answer from this defendant.

XXXVI.

Defendant admits the involvement of B&K Construction Co. in the London

12

Avenue Canal project the balance of Paragraph 35 requires no answer from this
defendant.

XXXVII

The allegations of Paragraph 36 are denied.

XXXVIII.

The allegations of Paragraph 37 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

Paragraph 37 also contains legal conclusions for which no answer is necessary.

XXXIX.

The allegations of Paragraph 38 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

Paragraph 38 also contains legal conclusions for which no answer is necessary.

XL.

The allegations of Paragraph 39 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,

13

as well as state and federal regulations and statutes.

Paragraph 39 also contains legal conclusions for which no answer is necessary.

XLI.

The allegations of Paragraph 40 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

Paragraph 40 also contains legal conclusions for which no answer is necessary;
the balance of this Paragraph is denied as written.

XLII.

The allegations of Paragraph 41 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

Paragraph 41 also contains legal conclusions for which no answer is necessary.

XLIII.

The allegations of Paragraph 42 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance
        with specific contractual instructions from the United States Government,
        as well as state and federal regulations and statutes.

14

Paragraph 42 also contains legal conclusions for which no answer is necessary.

XLIV.

The allegations of Paragraph 43 are admitted only to the extent that:

1)     Defendant is a political subdivision of the State of Louisiana; and

2)     Defendant maintains and operates flood control structures in accordance

with specific contractual instructions from the United States Government,

as well as state and federal regulations and statutes.

Paragraph also 43 contains legal conclusions for which no answer is necessary.

XLV.

The allegations of Paragraph 44 are admitted only to the extent that:

1)     Defendant is a political subdivision of the State of Louisiana; and

2)     Defendant maintains and operates flood control structures in accordance

with specific contractual instructions from the United States Government,

as well as state and federal regulations and statutes.

Paragraph also 44 contains legal conclusions for which no answer is necessary.

XLVI.

The allegations of Paragraph 45 are admitted only to the extent that:

1)     Defendant is a political subdivision of the State of Louisiana; and

2)     Defendant maintains and operates flood control structures in accordance

with specific contractual instructions from the United States Government,

as well as state and federal regulations and statutes.

Paragraph 45 also contains legal conclusions for which no answer is necessary;

the balance of this Paragraph is denied as written.

XLVII.

The allegations of Paragraph 46 are denied insofar as they concern this defendant.

XLVIII.

The allegations of Paragraph 47 are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

Paragraph also 47 contains legal conclusions for which no answer is necessary and which cannot expand or limit the law.

XLIX.

The allegations of Paragraph 48 are denied as written insofar as parts of the 17th Street Canal also lie in Jefferson Parish.

L.

The allegations of Paragraph 49 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes; further answering, Paragraph 49 contains legal conclusions for which no answer is necessary and which cannot expand or limit the law.

LI.

The allegations of Paragraph 50 contain legal conclusions for which no answer is necessary and which can neither expand nor limit the law.

LII.

The allegations of Paragraph 51 are denied.

LIII.

Defendant admits that an accident occurred on September 11, 2004.

LIV.

The allegations of Paragraph 53 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 53 are denied as written.

LV.

The allegations of Paragraph 54 are admitted.

LVI.

Defendant admits receiving a tender from the New Orleans Public Belt Railroad in the stated amount.

LVII.

The allegations of Paragraph 56 are denied.

LVIII.

The allegations of Paragraph 57 contain legal conclusions for which no answer is necessary and which do not require an answer from this defendant.

LIX.

The allegations of Paragraph 58 do not require an answer from this defendant.

LX.

The allegations of Paragraph 59 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 59

17

does not require an answer from this defendant.

### LXI.

The allegations of Paragraph 60 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 60 does not require an answer from this defendant.

### LXII.

The allegations of Paragraph 61 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant, and to the extent the allegations seek to apply *res ipsa loquitor*; the balance of Paragraph 61 also calls for legal conclusions for which no answer is necessary.

### LXIII.

The allegations of Paragraph 62 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 62 requires no answer from this defendant.

### LXIV.

The allegations of Paragraph 63 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 63 is denied for lack of sufficient information to justify a belief therein.

### LXV.

The allegations of Paragraph 64 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 64 requires no answer from this defendant.

LXVI.

The allegations of Paragraph 65 require no answer from this defendant.

LXVII.

The allegations of Paragraph 66 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 66 is denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations of Paragraph 67 require no answer from this defendant.

LXIX.

The allegations of Paragraph 68 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 68 is denied for lack of sufficient information to justify a belief therein.

LXX.

The allegations of Paragraph 69 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 69 is denied for lack of sufficient information to justify a belief therein.

LXXI.

The allegations of Paragraph 70 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 70 are denied.

LXXII.

The allegations of Paragraph 71 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent

an answer may be deemed necessary, the allegations of Paragraph 71 are denied.

LXXIII.

The allegations of Paragraph 72 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 72 are denied.

LXXIV.

The allegations of Paragraph 73 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 73 are denied.

LXXV.

The allegations of Paragraph 74 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 74 are denied.

LXXVI.

The allegations of Paragraph 75 contain legal conclusions for which no answer is necessary as the statutes on class actions speak for themselves; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 75 are denied.

LXXVII.

The allegations of Paragraph 76 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations of Paragraph 76 are denied.

LXXVIII.

The allegations of Paragraph 77 require no answer; however, to the extent an

answer may be deemed necessary, the allegations of Paragraph 77 are admitted.

LXXIX.

Defendant requests and is entitled to a trial by jury on all issues herein.

LXXX.

Defendant denies the balance of plaintiff's Class Action Petition for Damages unless specifically admitted herein.

LXXXI.

Defendant denies the introductory paragraph and prayer of plaintiffs' Class Action Complaint.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

21

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and/or placing same in the U.S. Mail, postage prepaid and properly addressed this _16th_ day of June, 2006.

22