## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO.: 05-4182 |
| BOH BROTHERS CONSTRUCTION | * | |
| CO., LLC., ET AL. | * | SECTION "K" (2) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | *KATRINA LEVEE CASES* |
| DOCKET Nos. 05-4181; 05-6073; 06-20 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PROPOUNDED TO DEFENDANTS STATE OF LOUISIANA AND STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

**MAY IT PLEASE THE COURT:**

A status conference was held on May 12, 2006 during which this Court ordered disclosure, by all appropriate defendants, of various documents related to work done on the levees, flood walls and MRGO which are subject of this litigation.[3] The State of Louisiana and the State of Louisiana, through the

---

[3] Rec. Doc. 380 (p.4).

1

Department of Transportation and Development (DOTD) request that they be excused from this order, all similar future discovery orders, and all discovery requests by parties to this litigation until this Honorable Court rules on the issue of the sovereign immunity of the State of Louisiana and of DOTD which has been raised in two motions to dismiss.[4]

## I. REQUIRING THE STATE OF LOUISIANA AND DOTD TO ANSWER DISCOVERY EFFECTIVELY EVISCERATES THE STATE'S SOVEREIGN IMMUNITY.

"State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution."[5] The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."[6]

A state may waive its sovereign immunity by consenting to suit.[7] "But the decision to waive that immunity *must be voluntary on the part of the sovereign*."[8] Generally, the Court will find a waiver either if (1) the state voluntarily invokes

---

[4] Rec. Doc. 106: Motion to Dismiss defendant *State of Louisiana* (05-4181); Rec. Doc. 321: Motion to Dismiss defendant *State of Louisiana, through the Department of Transportation and Development* (05-4181, 05-6073, 06-20).
[5] Myers v. State of Texas, 410 F.3d 236, 240 (5th Cir. 2005) (citing Alden v. Maine, 527 U.S. 706, 713 (1999)).
[6] Id (citing Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(quoting Hans v. Louisiana 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).
[7] College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666 (1999) (citing Clark v. Barnard, 108 U.S. 436 (1883)).
[8] Myers, 410 F.3d at 241 (emphasis added).

2

federal court jurisdiction, or (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[9]

Neither the State of Louisiana nor DOTD have invoked this Court's jurisdiction in these related cases. The State and DOTD each filed a motion to dismiss which constitutes a "clear declaration" that the State claims that it *is* entitled to sovereign immunity from this suit in this Court. Requiring the State of Louisiana and DOTD to answer discovery before ruling on those motions to dismiss based on the State's sovereign immunity is the equivalent of forcing the State to participate in litigation, thus subjecting itself to jurisdiction and involuntary waiver of its sovereign immunity.

## II. STATE SOVEREIGN IMMUNITY IS A THRESHOLD ISSUE RELATED TO THE COURT'S SUBJECT MATTER JURISDICTION WHICH REQUIRES NO DISCOVERY.

The issue of the State of Louisiana's sovereign immunity from this suit is a purely legal question.[10] Therefore, no discovery is necessary to aide the plaintiffs in opposing or the Court in deciding the motions to dismiss based on sovereign immunity. No prejudice will result from excusing the State and DOTD from discovery until subject matter jurisdiction is established.

---

[9] *Id* (citing College Savings, 527 U.S. at 675-76 (citing Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284 (1906); Great Northern Life Ins. v. Read, 322 U.S. 47 (1944)).
[10] See e.g. McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 421 (5th Cir. 2004).

3

## III. CONCLUSION.

Based on the foregoing, the State of Louisiana and the State of Louisiana, through the Department of Transportation and Development, respectfully pray that their motion be granted and that all discovery propounded to them be stayed until this Honorable Court rules on their motions to dismiss based on sovereign immunity.

Respectfully submitted,

CHARLES C. FOTI, JR.
ATTORNEY GENERAL

BY: */s/ Michael C. Keller*
MICHAEL C. KELLER (#20895) (T.A.)
PHYLLIS E. GLAZER (# 29878)
STEPHEN F. BABIN (#2634)
ASSISTANT ATTORNEYS GENERAL

DEPARTMENT OF JUSTICE
LITIGATION DIVISION
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.    504-599-1200
Facsimile No.    504-599-1212
Email:    KellerM@ag.state.la.us
          GlazerP@ag.state.la.us
          BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by EMAIL, at New Orleans, Louisiana, on this 23rd day of May, 2006.

*/s/ Michael C. Keller*
MICHAEL C. KELLER

4