UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | |
| | * | CONS. KATRINA CANAL |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:
**LEVEE GROUP**
**CASE NO. 05-4181 (O'Dwyer)**
**CASE NO. 05-4182 (Berthelot)**          **CASE NO. 05-5237 (Ann Vodanovich)**
**CASE NO. 05-6073 (Kirsch)**              **CASE NO. 05-6314 (Ezell)**
**CASE NO. 05-6324 (Brown)**               **CASE NO. 05-6327 (LeBlanc)**
**CASE NO. 06-0020 (Tauzin)**              **CASE NO. 06-0225 (Bradley)**
**CASE NO. 06-0886 (Finney)**              **CASE NO. 06-2278 (Christenberry)**
**CASE NO. 06-2287 (Sanchez)**             **CASE NO. 06-2346 (Fitzmorris)**

**MEMORANDUM IN SUPPORT OF B & K CONSTRUCTION COMPANY, INC.'S
MOTION FOR SUMMARY JUDGMENT BASED ON PEREMPTION**

MAY IT PLEASE THE COURT:

  B & K Construction Company, Inc. ("B&K"), defendant, submits the following in support of its Motion for Summary Judgment seeking dismissal of the claims of Plaintiffs

1

in all above-captioned consolidated cases with prejudice. In support of it's Motion for Summary Judgment, B & K submits this Memorandum of Law and a Statement of Uncontested Material Facts with attached exhibits. As evidenced by the Statement of Material Facts attached hereto and the "Law and Argument" section hereof, this Honorable Court should bar Plaintiffs' claims against B&K on grounds of statutory peremption as a matter of law based on LSA-R.S. 9:2772. There is no genuine issue as to any material fact in this matter, and B & K is entitled to summary judgment as a matter of law pursuant to Fed.R.Civ.P. 56.

## STATEMENT OF FACTS

As detailed in B&K's Statement of Uncontested Facts, B&K was the contractor that constructed the floodwalls for the London Avenue Canal. The work was performed under a contract with the U.S. Army Corps of Engineers. With the exception of minor close-out work, all work was completed by the date of acceptance, October 31, 1996. By January 26, 1997, the close-out work has also been completed.

## ISSUE

Whether the five (5) year peremptive period established by LSA-R.S. 9:2772 should be applied retroactively such that Plaintiffs' claims against B&K are statutorily perempted.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert denied*, 506 U.S. 832 (1992)); *Alliance General Insurance Co. v. Louisiana Sheriff's Automobile Risk Program*, 52 F.Supp.2d 711, 714 (E.D. La. 1999). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995); *Wooley v. City of Baton Rouge*, 211 F.3d 913, 918 (5th Cir. 2000).

Thus, where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Substantive law determines the materiality of facts and only "facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(E); *Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 544 (5th Cir. 2000). If the nonmovant fails to bear this burden, summary judgment must be granted. Fed.R.Civ.P. 56(E); *Alliance General Insurance Co. v. Louisiana Sheriff's Automobile Risk Program*, 52 F.Supp.2d 711, 715 (E.D. La. 1999).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(C); *Gann v. Fruehauf Corporation*, 52 F.3d 1320, 1328-1329 (5th Cir. 1995).

## LAW AND ARGUMENT

### A.   Peremption Generally

Peremption is a period of time fixed by law for the existence of a right[1]. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period[2]. Peremption may not be renounced, interrupted, or suspended[3]. Nor are peremptive periods subject to exceptions such as *contra non valentum*[4]. Accordingly, nothing may interfere with the running of a peremptive period[5].

### B.   Statutory Construction

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature[6]. The legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently

---

[1]   LSA-C.C. Art. 3458.

[2]   *Id.*

[3]   LSA-C.C. Art. 3461.

[4]   See *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1298.

[5]   *Id.*

[6]   LSA-C.C. Art. 9; *New Orleans Rosenbush Claims Serv. Inc. v. City of New Orleans*, 94-2223, p. 11 (La. 4/10/95), 653 So.2d 538, 544. *Hamp's Const., L.L.C. v. City of New Orleans*, 05-0489 (La. 2/22/06), 924 So.2d 104, 1001.

5

from the preceding statute, the legislature is presumed to have intended to change the law[7].

## C. Retroactivity

In the absence of contrary legislative expression, substantive laws apply prospectively only[8]. Procedural, curative, remedial and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary[9]. It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application[10].

## D. Evolution of LSA-R.S. 9:2772

LSA-R.S. 9: 2772 ("the Statute") provides a peremptive period for actions involving deficiencies in ... construction of immovables or improvements thereon. In its present form, the statute provides that:

> [n]o action ... arising out of ... construction ... or building immovable or movable property ... shall be brought against any person performing ... construction of immovables, or the

---

[7] *Id.* (as to *Rosenbush* and *Hamps*); *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131, 150-151.

[8] LSA-C.C. Art. 6.

[9] *See* LSA-C.C. Art. 6. *see also Orleans Parish School Board v. Pittman Construction Co.*, 372 So.2d 717, 720 (La. App. 4 Cir 6/5/79).

[10] *Orleans Parish School Board v. Pittman Construction Co.*, supra, *citing Lott v. Haley*, 370 So.2d 521 (La. 1979).

> improvement to immovable property ... more than five years after the date of registry ... of acceptance of the work ... (or) more than five years after the improvement has been thus occupied by the owner[11].

The causes which are perempted within this time include any action: (a) for any deficiency ... in the construction of any improvement to immovable property ..., (b) for damage to property, movable or immovable, arising out of any such deficiency, or (c) for injury to the person or for wrongful death arising out of any such deficiency[12]. The clear intent of the Statute is to limit the time when actions may be brought to a certain period after completion of the improvement[13], thus curing what the legislature found to be an overexposure to liability of contractors under the jurisprudence[14].

### 1. Ten Year Period: Retroactive

In 1964, Louisiana's legislature enacted the Statute, thereby providing for a peremptive period of ten years. Subsequent decisions of Louisiana's appellate courts considered the general laws of retroactivity as well as constitutional considerations of the

---

[11] LSA-R.S. 9: 2772 (A)

[12] LSA-R.S. 9: 2772 (A)

[13] *Orleans Parish School Board v. Pittman Construction Co.*, 372 So.2d at 720.

[14] *Id.* at 721.

7

disturbance of pre-existing rights, and held that the Statute was subject to retroactive application[15].

### 2. Seven Year Period: Prospective

In 1999, Louisiana's state legislature amended the Statute, shortening the peremptive period to seven years. With this amendment, the legislature expressly provided that "[t]he provisions of this Act shall have prospective application only and shall apply only to contracts entered into on or after the effective date of this Act[16]." Louisiana courts subsequently addressing the issue of retroactivity of the seven year period were compelled, by LSA-C.C. Art. 6,[17] and the legislature's expression, to contradict the general rule by applying only prospectively this otherwise retroactive/remedial legislation.

It is vital to this current inquiry to note that the language carefully chosen by the 1999 legislature provides only for non-retroactivity of "this Act." The legislature obviously understood that, barring this language, the statute would be applied retroactively. Their choice of words carefully avoids providing fodder for any future inference as to legislative intent with respect to the general principles of retroactivity, even with respect to later enactments of this same statute.

---

[15] See, for example, Stipe v. Joseph A. Nerey General Contractors, Inc., 385 So.2d 568 (La. App. 4 Cir. 1980); Orleans Parish School Board v. Pittman Construction Co. Inc., 372 So.2d 717 (La. App. 4 Cir. 1979).

[16] See § 2 of Acts 1999, No. 1024 (effective August 15, 1999). (emphasis added).

[17] Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. LSA-C.C. Art. 6.

### 3. Present Law; Five Year Period: Retroactive

In 2003, Louisiana's state legislature amended the Statute, shortening the peremptive period to five years[18]. As was obviously true with the 1999 legislature, the 2003 legislature enacted the Statute in light of preceding statutes involving the same subject matter and court decisions construing those statutes. The 2003 legislature knew that (1) absent legislative expression to the contrary, remedial laws apply both prospectively and retroactively; (2) the ten year period had been applied retroactively; (3) the 1999 legislature chose to apply its Act, instituting the seven year period, only prospectively; and (4) absent similar language, the 2003 Act would, once again, be subject to the general rule of retroactivity of remedial statutes.

In 2003, Louisiana's legislature made a thoughtful and purposeful decision. The language of the 1999 Act was carefully reviewed, it's implications were understood, and the portion regarding prospective application of the Act was avoided. The 2003 legislature could easily have provided for only prospective application of the new five-year peremptive period. It chose not to. Differences between the 1999 and 2003 acts necessarily lead to the conclusion that the 2003 legislature intended to change the law[19]. By avoiding any "legislative intent to the contrary[20]," the 2003 legislature effectively declared that the

---

[18] See § 1 of Acts 2003, No. 919.

[19] *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131, 150-151.

[20] *See* LSA-C.C. Art. 6.

9

general rule of retroactivity of statutes imposing periods of limitation would, once again, be applicable to LSA-R.S. 9: 2772[21]. As such, the peremptive period for the filing of any claim based on B&K's work on the London Avenue Canal is five years. This being the case, any suit instituted after October 31, 2001, five years after the project was accepted, or, at the latest, January 26, 2002, five years after B&K's last work on the project, has been statutorily perempted and must be dismissed with prejudice.

## **CONCLUSION**

LSA-R.S. 9: 2772 provides for a peremptive period which may not be renounced, interrupted or suspended, and is not subject to exceptions such as *contra non valentum*. Statutes of limitation are remedial in nature and as such are, in the absence of legislative instruction to the contrary, accorded retroactive application. Legislatures are presumed to have enacted a statute in light of preceding statutes and court decisions, and changes in wording presume legislative intent to change the law.

The 1999 enactment of LSA-R.S. 9: 2772 expressly provided that the shortened peremptive period be given only prospective application. Thereafter, in 2003, in further shortening the peremptive period, Louisiana's legislature dropped the "prospective only"

---

[21] A contrary opinion was set forth in the unreported decision of *Broussard v. Aviara Energy Corp.*, 2005 WL 1473998 (W.D. La 2005). In *Broussard*, the court applied the language of the 1999 Act to the 2003 act, thereby failing to recognize the importance of the 2003 legislature's careful choice of language. In support of it's decision, the *Broussard* court cited the 2002 decision of *August v. Grand Lake Const.*, 837 So.2d 78, (La. App. 5 Cir. 2002) which was handed down prior to the 2003 enactment eliminating the "prospective only" language. The only logical explanation is that the *Broussard* court's reliance on a decision that predated the Act in question simply led to an incorrect outcome.

language, thereby subjecting the five-year peremptive period to retroactive application, as called for by the general rule of retroactivity of remedial statutes. B&K finished all work on the London Avenue Canal on October 31, 1996. Plaintiffs' claims in this matter were, therefore, extinguished on October 31, 2001, long before the September 19, 2005, date of this present action. As such, this Honorable Court should bar Plaintiffs' claims against B&K on grounds of statutory peremption as a matter of law.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
Wade M. Bass (#29081)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel in this matter by e-mail, on this 12th day of June, 2006.

_____
Herman C. Hoffmann, Jr.

N:\DATA\K\03409023\Consolidated Pleadings\MSJ Memo.wpd