UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT ET AL.                                    CIVIL ACTION

VERSUS                                                      NO. 05-4182 and
                                                                    consolidated cases

BOH BROTHERS CONSTRUCTION                                   SECTION "K" (2)
CO., L.L.C. ET AL.

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:       Plaintiffs' Motion for Leave to Supplement and Amend Complaint,
              Record Doc. No. 489 (relates to Civil Action No. 05-4181)

O R D E R E D:

 XXX : GRANTED. The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In this case, defendant, Washington Group International, Inc., states in its opposition to the motion that plaintiffs have not complied with my previous order extending the deadline for filing motions for leave to amend pleadings to June 5, 2006, Record Doc. No. 276, because the motion "was not accompanied by a certificate of no objection to the amendment, and was not noticed for hearing by June 7, 2006." Record Doc. No. 553 at pp. 3, 4. However, plaintiffs' motion was filed by the June 5, 2006 deadline set out in my order, and the June 7, 2006 hearing date, only two days after the filing deadline, was an error on my part. Thus, I consider the motion timely filed, no showing of good cause is required and the liberal Rule 15 standard applies.

Weighing the relevant Rule 15 factors in this case, I find that the motion should be granted. Unlike the numerous previous motions of these plaintiffs, this amendment drops (not adds) plaintiffs, makes straightforward liability allegations that are consistent with the other liability allegations made in these cases and adds defendants who (for the most part) are already involved in these cases. Although these plaintiffs have amended numerous times, because the motion was filed by the extended deadline for amendments and in light of the mainstream nature of the allegations, I find no undue delay, bad faith or dilatory motive and no prejudice to defendants in their ability to defend themselves. There is no suggestion that this particular amendment is futile. The principal purpose of this court's establishment of the June 5, 2006 amendment deadline was to give all plaintiffs, including these, one final opportunity to scrub their pleadings to name proper parties one final time under the liberal Rule 15 standard, before subjecting all parties to the more stringent Rule 16 standard. This particular amendment is consistent with that purpose. For all of these reasons, **IT IS ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana, this  21st  day of June, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE