# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL., <br><br> Plaintiffs <br><br> vs. <br><br> BOH BROTHERS CONSTRUCTION CO. L.L.C., et al., <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 05-4182 SECTION "K"(2) <br><br> CONS. KATRINA CANAL <br><br> JUDGE DUVAL <br><br> JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:**

06-1672 "K"(2)    Chehardy et al.
06-1673 "K"(2)    Chehardy et al.
06-1674 "K"(2)    Chehardy et al.

## REPRESENTATIVE POLICYHOLDERS' MEMORANDUM IN OPPOSITION TO ALLSTATE INDEMNITY COMPANY'S MOTION TO SEVER AND PROCEED SEPARATELY

## TABLE OF CITATIONS

**Cases**

pages

Little v. BellSouth Telecommunication, Inc.,
  1995 WL 468256 (E.D. La. 1995).................................................................. 3-4

Roach-Strayhan-Holland Post No. 20,
  Am. Legion Club, Inc. v. Continental Ins. Co.,
  112 So.2d 680 (La. 1959)............................................................................. 4

Graham v. Public Employees Mut. Ins. Co.,
  656 P.2d 1077 (Wash. 1983)......................................................................... 4

Lorio v. Aetna Ins. Co.,
  232 So.2d 490 (La. 1970).............................................................................. 4

Grace v. Lititz Mutual Insurance Co.,
  257 So.2d 217 (Miss. 1972)........................................................................ 4-5

Guedry v. Marino,
  164 F.R.D. 181 (E.D. La. 1995).................................................................... 5-6

Rodriguez v. Shell Oil Co.,
  950 F. Supp.187 (S.D. Tex. 1996).................................................................. 6

Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation and Mack Barham (collectively, "the Representative Policyholders"), who are the Representative Policyholders in the above-referenced Chehardy matters, by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to the Motion to Sever and Proceed Separately filed by Defendant Allstate Indemnity Company ("Allstate"). As set forth more fully below, because the Chehardy cases involve mixed questions of law and fact that are similar or substantially the same as the facts and legal issues in the Levee Cases that are part of this consolidated litigation, consolidation of these matters was proper and Allstate's Motion to Sever should be denied.

I.  **FACTS**

The Representative Policyholders in the Chehardy matters instituted a class action on behalf of themselves and a class of homeowners insurance policyholders ("Policyholders") who, on August 29, 2005, were Louisiana residents who owned immovable property with improvements, principally houses or related residential structures, which was destroyed or damaged by winds generated by Hurricane Katrina. In their Amended and Restated Complaint, Representative Policyholders have alleged claims for declaratory and monetary relief arising out of the wrongful refusal of various

1

Insurance Companies (collectively, "Insurance Company Defendants") to provide insurance coverage for Policyholders' losses.

Representative Policyholders' claims require resolution of factual and legal questions regarding the causes of such losses, which are similar to and overlap with the factual and legal issues central to the Levee Cases, including the cause and responsibility for the breaches of the relevant levees which allowed water to enter the City of New Orleans and surrounding parishes on August 29, 2005. Representative Policyholders have alleged in their Amended and Restated Complaint that:

> (1) The first efficient proximate cause of the losses suffered by the class of Policyholders on August 29, 2005 was "windstorm," a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policies;
>
> (2) The second efficient proximate cause of the losses resulted from water entering the City of New Orleans and surrounding parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere were acts of negligence, standard covered perils in the Insurance Company Defendants' homeowners insurance policies;
>
> (3) The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 29, 2005 was "storm surge", a known meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

2

(4) The breaking or failure of levees or boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market; and

(5) The damage caused by water entering the City of New Orleans and surrounding parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the regular definition of "flood," nor within any of the subject insurance policies' exclusions of "flood".

(Amended and Restated Complaint at ¶ 3). The factual and legal issues germane to the Chehardy matters, including the efficient proximate cause of the Policyholders' losses, are inextricably intertwined with the factual and legal questions that are squarely at issue in the Levee Cases, including what caused the breaches of the relevant levee walls and levee system. This is simply not a case requiring mere policy interpretation as erroneously maintained by Allstate and because of the logical relationship and overlapping facts, evidence and legal questions in the Chehardy matters and the Levee Cases, severance should be denied.

## II.   **ARGUMENT**

The Court may sever an action where there is no logical relationship between the claims and there is no overlapping proof, evidence, facts or questions of law. Little v. BellSouth Telecommunication, Inc., 1995 WL 468256 at *1 (E.D. La. 1995). Where, as is the case here, the claims are premised upon "similar precipitating events" and involve common questions of fact, the resolution of claims is "best

3

promoted in a single proceeding" as severance would "needlessly increase delays, inconvenience and expense." Id.

Representative Policyholders' claims involve, among other things, insurance coverage issues that are common, similar, or substantially the same as the issues present in the Levee Cases. Contrary to Allstate's assertion, the Representative Policyholders' claims do not involve simple interpretations of insurance policy language but, rather, require resolution of factual and legal issues, including, but not limited to, the efficient proximate cause or causes of Policyholders' losses. One of the potential efficient proximate causes is the failure of the Levees which involves the very same discovery that will need to be conducted in the Levee Cases.

The Louisiana Supreme Court has adopted the "efficient proximate cause" test in determining whether coverage exists. Roach-Strayhan-Holland Post No. 20, Am. Legion Club, Inc. v. Continental Ins. Co., 112 So.2d 680, 683 (La. 1959). "Efficient proximate cause" has been technically defined as "the efficient or predominant cause which sets into motion the chain of events producing the loss . . . not necessarily the last act in a chain of events." Graham v. Public Employees Mut. Ins. Co., 656 P.2d 1077, 1081 (Wash. 1983). The "efficient proximate cause" analysis focuses on whether all of the losses or claims can be traced to one original causative factor, regardless of the number of injuries or claims made. If the originating or dominant cause of the loss is a covered peril, there is coverage. Lorio v. Aetna Ins. Co., 232 So.2d 490 (La. 1970) (holding that policyholders may have coverage when covered peril causes an excluded peril). Moreover, determination of an "efficient proximate cause" is, by nature, a fact-

4

intensive determination that cannot be resolved as a matter of law. Grace v. Lititz Mutual Insurance Co., 257 So.2d 217 (Miss. 1972).

Representative Policyholders allege that the second efficient proximate cause of some of their losses was water which entered New Orleans and surrounding parishes after several levees and levee walls were breached. Moreover, Representative Policyholders also allege that the levee breaches were caused by the negligent acts of third parties and that such negligent acts are covered perils under the relevant homeowners' insurance policies. Contrary to Allstate's position, for much of the damage suffered by the Policyholders, there is no issue any more critical or relevant to this aspect of Representative Policyholders' claims than how the levees were breached and who was responsible for such breaches. Of course, it is practically axiomatic that this same negligence or fault-based inquiry is at the very heart of the Levee Cases and, therefore, there are significant common and overlapping questions of law and fact which warranted the consolidation of the Chehardy matters with the Levee Cases in the first instance and which now require the denial of Allstate's Motion to Sever.

Because the Chehardy and Levee Cases contain numerous common issues of fact and law, the same or substantially similar evidence will be relevant and material to the issues in these cases. Keeping the Chehardy matters and the Levee Cases on the same docket will permit the overlapping procedural and substantive issues to be addressed in a coordinated manner and the combined discovery period will likely be shortened. Guedry v. Marino, 164 F.R.D. 181, 184 (E.D. La. 1995) (denying motion to sever and rejecting the argument that the large number of claims, evidence

5

and issue would cause confusion or prejudice and that any confusion could be prevented by limiting instructions from the Court). Maintaining the <u>Chehardy</u> matter with the Levee Cases will conserve judicial resources, avoid piecemeal, repetitive, and possibly inconsistent adjudications by separate courts on substantially the same questions of law and fact. <u>Rodriguez v. Shell Oil Co.</u>, 950 F. Supp.187, 192 (S.D. Tex. 1996) (denying motion to sever that would result in multiple trials and proceedings to resolve related issues). Additionally, the centralized handling of the Chehardy and Levee Cases will: (1) avoid duplication of discovery and prevent inconsistent pretrial rulings; (2) conserve the resources of the parties, their counsel, and the judiciary; (3) promote the efficient utilization of judicial facilities and manpower; and (4) avoid duplicative and inconsistent rulings, orders, or judgments. Allstate purports to be concerned with avoiding unnecessary expense and nothing could be more pragmatic toward achieving that goal than keeping the <u>Chehardy</u> matter and the Levee Cases consolidated.

Finally, Allstate has not pointed to anything which even remotely warrants severance based on a specific, identifiable undue prejudice to it. First, to the extent that Allstate maintains that a risk of jury confusion exists, that argument is speculative and wholly premature. It is insulting to the Court for Allstate to baldly suggest that the "large body of evidence" in and of itself would create a risk of jury confusion warranting severance at the very infancy of this litigation. Moreover, if a legitimate reason and basis for severance for trial purposes arises at a later stage of this litigation, the Court can sever these cases for purposes of trial pursuant to Federal Rule of Civil Procedure 42(b), as Allstate acknowledges in its Motion. The mere possibility that severance may

6

be required for purposes of trial does not warrant severance now and certainly does not outweigh the need for consolidation in light of the intertwined questions of law and fact between the Chehardy matters and the Levee Cases that will be jointly developed through discovery. Second, the fact that Allstate may need to invest "significant time and great expense" in defending itself in connection with this matter is hardly justification or compelling grounds for severance. Allstate has placed itself in this litigation as a result of its wrongful denial of coverage to the class of Policyholders from whom it collected premiums for years and years. While Allstate may well believe that its "time and expense will needlessly be incurred" during the resolution of the factual and legal issues concerning the levee breaches, the resolution of those issues is critical to Representative Policyholders' claims and is hardly "needless" to the class of Policyholders who have lost their property as a result of Hurricane Katrina and have been denied coverage by Allstate and the other Insurance Company Defendants.

### III. CONCLUSION

For all of the foregoing reasons, Representative Policyholders respectfully request that the Court deny Allstate's Motion to Sever and Proceed Separately.

Respectfully Submitted:

_____
Calvin C. Fayard, Jr. (No. 5486)
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

Joseph Bruno (La. Bar No. 3604)
David S. Scalia (La. Bar No. 21369)
BRUNO & BRUNO
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 525-1335
Fax: (504) 561-6775

AND

John N. Ellison, Esq.
Darin McMullen, Esq.
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Ph: (215) 568-4202
Fax: (215) 568-4375

AND

Joseph J. McKernan (La. Bar No. 10027)
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew Ranier (La. Bar No. 8320)
N. Frank Elliot III (La. Bar No. 23054)
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

AND

Larry D. Dyess (La. Bar No.19555)
LARRY D. DYESS, APLC
4637 Jamestown Avenue, Suite C
Baton Rouge, LA 70808
Ph: (225) 928-0019
Fax: (225) 924-0141

**Attorneys For Representative Policyholders**

8

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of June, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, or by hand delivery, or by fax, e-mail or other electronic means.

_____
Calvin C. Fayard

9