UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * * | SECTION "K"(2) CONS. KATRINA CANAL |
| | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| **INSURANCE GROUP** | * | |
| | * | |
| 06-1672 "K" (2) | * | |
| 06-1673 "K" (2) | * | |
| 06-1674 "K" (2) | | |

**STATE FARM'S MEMORANDUM IN SUPPORT OF ALLSTATE'S
<u>MOTION TO SEVER AND PROCEED SEPARATELY</u>**

Defendant, State Farm Fire and Casualty Company ("State Farm") submits this Memorandum in Support of Allstate Indemnity Company's ("Allstate") Motion to Sever *Chehardy, et al. v. State Farm, et al.,* Civil Action No. 06-1672 c/w 06-1673 c/w 06-1674 from the consolidated Hurricane Katrina levee breach cases. Rec. Doc. 343. Since the filing of Allstate's Motion to Sever, this Court has granted plaintiffs leave to file an Amended and Restated Complaint which raises additional claims related to insurance coverage and claims

1

handling. This Amended and Restated Complaint further demonstrates that *Chehardy*, a putative class action seeking recovery under homeowners insurance policies, should be removed from the consolidated levee breach causation cases. *Chehardy* involves issues related to contractual obligations under policies of insurance while the levee breach cases seek to allocate fault against local, state and federal government entities as well as a multitude of private entities. None of these levee breach defendants are involved in *Chehardy*. The only defendants in *Chehardy* are various homeowners insurers.[1] Allstate's Motion should be granted and *Chehardy* should be removed from the consolidated Katrina litigation to prevent prejudice, undue expense, and undue delay to the *Chehardy* parties.

## I. THE PLAINTIFFS' CLAIMS

The original *Chehardy* class action complaint sought a declaratory judgment that homeowners insurance policies covered flood losses that occurred throughout the New Orleans area during and after Hurricane Katrina. Although plaintiffs' Amended and Restated Complaint ("Complaint"), contains new claims against the insurer defendants, these claims do not change the nature of *Chehardy* with respect to the relationship of its subject matter to that of the other cases under the Katrina Canal umbrella. Rather, these new claims make it even more apparent that *Chehardy* is a homeowners insurance coverage dispute that does not require adjudication of the cause of the levee breaks. The plaintiffs' Complaint, filed on behalf of a putative class of

---

[1] State Farm is named as a defendant in *Vanderbrook, et al. v. State Farm Fire and Casualty Company, et al.*, C.A. No. 05-6323 (E.D. La.) which has also been consolidated with the levee breach cases. State Farm, along with the other homeowners insurer defendants in that case moved to sever the claims against the Orleans Levee District ("OLD") from the claims against the homeowners insurers because the claims against OLD regarding alleged tortious conduct are entirely distinct from the alleged breach of contract claims against the insurers. *See* Rec. Doc. 12, Civil Action No. 05-6323. On June 1, 2006, this Court granted the insurer defendants' motion to sever finding that the claims against the insurer defendants "have virtually no relation to the claims against OLD." *See* Rec. Doc. 469 at p. 19.

Orleans, Jefferson and St. Bernard Parish homeowners, seeks recovery under respective homeowners insurance policies for damage or destruction to their homes due to flooding. Compl. at ¶ 3.  Specifically, plaintiffs seek a declaratory judgment that windstorm, negligence and "storm surge" were efficient proximate causes of the flood and that "storm surge," failure of levees, and flooding caused by levee breaches are not excluded perils under the applicable insurance policies. Compl. Count I (¶¶ 51-64).  Plaintiffs additionally seek damages, interest, costs and attorney fees for the insurer defendants alleged breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty and violation of La. R.S. 22:1220. *See e.g.* Compl. Counts II-IV, VI (¶¶ 65-100).  Some of the allegations made in support of these additional claims presuppose that the insurance policies provide coverage for flooding caused by the levee breaks. *See e.g.*, Compl. at ¶¶ 66-69, 71-74, 85-89.  Others seek to support a claim that the defendants had an obligation to advise their insureds regarding various aspects of flood insurance and breached that obligation, or used improper methods to adjust individual claims.  *See e.g.*, Compl. at ¶¶ 76-81, 90-92, 94-100.  The basic issues in *Chehardy* remain those between each insurer and its insured relating to coverage - whether each homeowners policy covers losses due to flooding, the alleged duties of each insurer to its insureds, the appropriateness of the adjustment of each claim -  issues that bear no relationship to the levee breach cases.

The claims against each defendant in those consolidated cases seeking damages for fault in causing the levee breaches and flooding clearly do not arise out of the same transaction or occurrence or series of transactions or occurrences as those asserted against the *Chehardy* insurer defendants.  Nor do the claims against the *Chehardy* defendants rest on a determination of who or what caused the levee breaches.  The question whether coverage is

owed to homeowners insureds for flooding caused by levee breaks, "storm surge", and/or "negligence," can be determined from an analysis of the unambiguous provisions of the policies issued by State Farm and the other insurer defendants. Despite the class allegations, the counts of the Complaint asserting claims regarding each insurer's adjustment of each insured's claims would require assessment of the individual facts and circumstances surrounding each insured's property damage claim filed with that insured's homeowners insurer. Similarly, plaintiffs' claims relating to what the insureds were told regarding the need for and availability of flood insurance are entirely unrelated to determining responsibility for the levee breaches. As such, there is no common question of law or fact as between any of the claims asserted against the insurer defendants and those asserted against the contractors, engineers and government entity defendants. Accordingly, *Chehardy* should be removed from the consolidated Katrina Canal litigation and should proceed separately.

## II. LAW AND ARGUMENT

### A. The Claims In *Chehardy* Have No Relationship To The Claims Seeking To Allocate Fault For Levee Breaches.

In the instant matter, continued consolidation of *Chehardy* with the levee breach cases is improper. As this Court already recognized in *Vanderbrook, et al. v. State Farm Fire and Casualty, et al.,* No. 05-6323 (E.D.La.) when it severed the plaintiffs' claims against homeowners insurers from the claims against the Orleans Levee District ("OLD"), "the claims against OLD sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD." Rec. Doc. 469 at p. 19. Here, as in *Vanderbrook*, the legal theories underlying *Chehardy* are entirely separate from those legal theories in the other consolidated cases that seek adjudication of who or what caused the breaks in the levees that resulted in flooding throughout

4

Orleans, Jefferson and St. Bernard Parishes. Plaintiffs in *Chehardy* do not seek a declaration of who is responsible for the flooding, but rather, among other things, seek a declaration that, despite water damage exclusions in the respective insurance policies, such flooding is covered by the various insurer defendants' homeowners policies. The *Chehardy* plaintiffs seek an adjudication of whether coverage is owed under various contracts of insurance; whether each claim was adjusted properly by each insurer defendant; and whether each insurer owed and breached a duty to inform the plaintiffs who are its insureds of the availability of flood or excess flood insurance. The issues presented by this insurance case are related to the interpretation and application of unambiguous policy language and the application of Louisiana insurance law to the facts of each insured's claim.[2] It is not necessary for the Court to engage in factual determinations as to who or what contributed to the breaches of the levees in order to resolve the *Chehardy* plaintiffs' claims. There are no allegations of concerted activity or joint or solidary liability between or among State Farm or any of the other insurer defendants and any of the levee breach defendants. There is no meaningful overlap of the facts necessary to adjudicate the *Chehardy* action and those facts necessary to adjudicate fault of various entities in the levee breach cases.

> 1. **Plaintiffs' Coverage Claims Are Entirely Distinct From the Claims Raised in the Katrina Canal Cases.**

The plaintiffs' request for declaratory judgment and breach of contract claims requires resort only to the provisions of the insurance policies at issue. As discussed in State

---

[2] Although styled as a complaint for class action relief, the *Chehardy* Complaint brings claims by twenty-one different individual homeowner insureds against fifteen different insurers. The additional allegations of the Amended Complaint demonstrate the lack of common issues necessary for class certification as each insured's claim against his or her specific insurer depends on the facts and circumstances regarding the relationship between that insured and insurer.

5

Farm's pending motion for judgment on the pleadings, filed prior to the plaintiffs' filing of the Amended and Restated Complaint, taking the allegations of plaintiffs' Complaint as true, the losses of its insureds, the Boyds and Ms. Daniels, due to flooding are simply not covered perils under the State Farm homeowners policy.[3] The details of the who, what, when, where and why relating to various actions or inactions over numerous years with respect to the design, construction, maintenance, repair and breaches of the levees are immaterial to the determination of whether State Farm's homeowners policy provides coverage to the named insured for flooding during Hurricane Katrina.

Determination of plaintiffs' coverage claims, including those based on third party negligence, do not require adjudication of fault over the causes of the levee breaks. Regardless of how fault is allocated in the levee breach causation cases, the coverage claims can be resolved by resort to the unambiguous provisions of the homeowners policies issued by the insurer defendants. Furthermore, determination of the threshold issue - whether plaintiffs are owed coverage - does not involve determination of any facts that may be developed in the levee breach cases.

### 2. Plaintiffs' Claims Regarding Excess Flood Insurance Demonstrate the Impropriety of Consolidation with the Katrina Canal Cases.

The new allegations found in Count VI regarding excess flood insurance are similar to the allegations in *Sullivan, et al. v. State Farm Fire and Casualty Insurance Co.,* C.A. No. 06-0004 (E.D. La.) which this Court did not consolidate with the levee breach cases. The *Sullivan* case properly remained separate from the consolidated levee breach cases due to the absence of a relationship between the issues in *Sullivan* and those posed by the Katrina Canal

---

[3]  At this time, plaintiffs have identified only Stephanie and Brad Boyd and Katrina Daniels as State Farm insureds.

6

cases. Specifically, in *Sullivan,* the plaintiffs allege State Farm is liable to a putative class of State Farm homeowner insureds because it did not offer excess flood coverage, did not advise of the availability of excess flood insurance from other insurers, and did not train its agents to advise about excess flood coverage.[4] Clearly, the allegations regarding excess flood insurance have no relationship to the levee breach cases - as adjudication of such claims does not involve the same facts or legal issues as allocation of fault in the levee breach cases.

### 3. Plaintiffs' Allegations of Violations of Louisiana Insurance Law Also Require Deconsolidation of *Chehardy.*

Plaintiffs' claims for violations of La. R.S. 22:658.2 and 22:1220 also demonstrate the need for deconsolidation. Plaintiffs' allegations that the insurer defendants acted in bad faith and improperly denied policyholders' claims in violation of the Louisiana Insurance Code have nothing to do with what caused the levee breaches. Instead, such allegations involve a determination of whether coverage was owed and whether each insurer complied with Louisiana law in adjusting each insured's claim. To the extent they survive initial motion practice, resolution of these allegations would require examination of each plaintiff's communications with his or her insurer, property damages sustained by each insured, the insurance policy issued to the insured and the adjustment of each claim by each insurer. The issues and the facts relevant to litigate these claims are immaterial to the levee breach causation cases. Likewise, the outcome of the levee breach causation cases has no bearing on a determination of the propriety

---

[4] On April 5, 2006, this Court ordered the *Sullivan* plaintiffs to amend their Complaint because the Court found no duty at law to advise of excess flood insurance, no facts supporting a commitment by State Farm to sell excess flood coverage to plaintiffs and no vicarious liability as to State Farm for any alleged breach of duty by one of its agents.

of each insurer's actions in handling the claims submitted by each of its insureds who is a plaintiff.

### B. Continued Consolidation Will Prejudice State Farm and the Other Insurer Defendants.

In addition to the separate legal and factual issues present in the other consolidated cases, State Farm and the other *Chehardy* defendants will be prejudiced if required to remain in the mass of levee breach litigation. State Farm will be forced to needlessly expend additional time and resources necessary to understand and participate in the ongoing consolidated Katrina litigation. State Farm has already expended additional time and resources sorting through the multitude of correspondence, email messages and electronic notices as well as attending Court mandated conferences which have predominantly focused on evidentiary issues concerning the cause of the levee breaches. Already, consolidation has delayed determination of what has always been the core issue in this case - whether State Farm's water damage exclusion excludes coverage for the flood claims of those plaintiffs who are State Farm insureds. Resolution of this question has been posed for months by State Farm's Motion for Judgment on the pleadings, but the consolidation of *Chehardy* with the levee breach cases has unnecessarily delayed resolution of that motion.[5] State Farm's continued participation in the levee breach cases is unnecessary and unwarranted.

There are no grounds supporting consolidation of *Chehardy* with the levee breach cases. *Chehardy* should be deconsolidated and should proceed according to the usual rules of federal procedure.

---

[5] Notably, plaintiffs have not filed any opposition to this 12(c) Motion, opting instead to file an Amended and Restated Complaint. Thus, State Farm must now prepare another motion on the basis of a second complaint which still fails to present any grounds for relief.

### III. CONCLUSION

State Farm respectfully urges the Court to remove *Chehardy* from the consolidated Katrina litigation. The questions presented in *Chehardy* of whether flooding due to levee breaches during Hurricane Katrina is excluded from coverage by State Farm's homeowners policy and whether State Farm has breached its fiduciary duty or acted in bad faith have nothing to do with who or what is responsible for the levee breaches. Allstate's Motion to Sever and Proceed Separately should be granted. *Chehardy* should be removed from the consolidated litigation and allowed to proceed independent of the Katrina consolidated litigation.

Respectfully submitted,

s/ Sarah H. Barcellona
_____
Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Sarah H. Barcellona, 28080
    Of
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
Telephone:  (504) 581-3200

Attorneys for State Farm Fire and Casualty Company

## **C E R T I F I C A T E**

I hereby certify that a copy of the foregoing State Farm's Memorandum In Support Of Allstate's Motion to Sever and Proceed Separately has been served upon each counsel of record by electronic mail or by United States mail, postage pre-paid and properly addressed, on this 23rd day of June, 2006.

                                              s/ Sarah H. Barcellona
                                              _____

815802v.2