FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 26  AM II: 30

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, et al.** | * | **CASE NO.** |
| **VERSUS** | * | **NO. 05-4182** |
| **BOH BROTHERS CONSTRUCTION CO., et al.** | * | **SECTION " K "** |
| | * | **MAG. NO. "2"** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISCOVERY MOTION(S) AND MOTION(S) TO COMPEL DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiffs in Civil Action No. 05-4181 submit this Supplemental Memorandum in Support of Discovery Motion(s) and Motion(s) to Compel Discovery. The Court has before it several matters that involve the London Avenue North breach site, the 17th Street Canal breach site, and the London Avenue South breach site. Refer to Record Document Nos. 220, 295, 327, 329, 331, 361, 365, 368, 402, 420, 447, 448, 454, 460, 486 and 488. The purpose of this Supplemental Memorandum is to inform the Court concerning what matters may have been rendered MOOT by evidence production and inspection at each site, what evidence had been destroyed by the Corps of Engineers, and what matters remain in contention with still-existing evidence in danger of destruction.

Each of the sites will be dealt with in order.

## LONDON AVENUE NORTH BREACH SITE:

This site was made available to certain parties on Good Friday, April 14, 2006, and to representatives of all of the parties at various times during the week of April 24, 2006. The only tangible evidence which has been preserved from this site consists of the following:

1.    A number of sheet piles which were pulled from the breach area;

2.    One waterstop which was retrieved and marked by the IPET;[1] and

3.    Concrete "coupons" which were harvested by the IPET from concrete monolith panels.

All of the concrete monolith panels in the area of the breach were destroyed by the Corps of Engineers and its contractor sometime between Good Friday and Monday, April 24, 2006, when the undersigned and his experts were given access to the site. Accordingly, no inspection of the "edges" of the monolith panels housing the waterstops systems, or of the bottoms of the panels, where the steel sheet piles met concrete, were made prior to destruction of the panels. Although some videotaping took place at the time of the Good Friday "inspection", the undersigned and his experts were not available on that day, and the videotape of what was observed on Good Friday leaves much to be desired. See the attached E-mail from one of plaintiffs' experts, Mr. Pazos, dated May 16, 2006, attached and marked as Exhibit No. 1, for a summary of the videotapes.

Plaintiffs and their experts still desire the opportunity to more closely inspect the steel sheet piles which were retrieved from this site, and particularly the edges, where the

---

[1]    One other waterstop which was discovered and retrieved by the undersigned disappeared from the site before it could be marked as evidence. Both waterstops were damaged and torn. Their condition was videotaped.

sheet piles interlocked, one to the other. Plaintiffs have reserved all rights regarding anything else.

## 17TH STREET CANAL BREACH SITE:

Between May 20, 2006 and Monday, June 19, 2006, there was **ABSOLUTELY NO WORK WHATSOEVER** performed at this site. So much for "urgent, necessary repair of the levees". The evidence still in existence at this site remains in the same condition as when the Corps of Engineers and its contractor stopped their wholesale destruction of evidence, which included destroying the concrete monolith panels at the North and South ends of the breach, before the litigants were given the opportunity to inspect them, and removing steel sheet piles from the same two areas, which the litigants discovered quite by accident, without any opportunity for the litigants to inspect. Several of the steel sheet piles are "missing", and in particular, No. 23-1 at the North end of the breach, and its counterpart at the South end of the breach. Only 1 waterstop has been harvested from this site. The edges of the remaining concrete monoliths and the bottoms of the monoliths in the center of the breach area remain either buried or I accessible to plaintiffs and their experts.

It is unknown when this evidence is going to be excavated and made available for inspection, although multiple written requests have been made, both to the Government lawyers and to the lawyer for the Corps' contractor. . See the attached facsimiles marked as Exhibit Nos. 2 and 3, respectively.

**LONDON AVENUE SOUTH BREACH SITE:**

During the week of June 5, 2006, two (2) concrete monolith panels and their partially imbedded steel sheet piles were made available for inspection. Notwithstanding the fact that this breach involved more than two (2) concrete monolith panels and attached sheet piles, it is unknown what happened to the other evidence, and why only two (2) concrete panels and sheet piles were made available for inspection. One waterstop was discovered and harvested. The area where the concrete joined with the sheet piles was broken, the interlocking sheet piles on each side of the two (2) concrete monolith panels were missing and were not produced, although they have been requested from the Corps and its contractor. See the attached facsimiles dated June 12 and 13, 2006, attached as Exhibit Nos. 4 and 5, respectively.

<strong>CONCLUSION</strong>

Comments from the Bench at the various Status Conferences lead counsel to believe that the Court believes that "preservation of evidence" is well in hand. Well, it's not. Since Hurricane KATRINA, a grand total of three (3) concrete monolith panels revealing where the concrete makes contact with steel sheet piles have been made available for inspection: (1) at the 17th Street Canal breach site, and (2) at the London Avenue South breach site. This is an evidentiary disgrace, and plaintiffs are reserving all rights, particularly with respect to 17th Street where evidence the Corps and its contractor hasn't been able to destroy yet, still exists.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.**
Counsel for Plaintiffs

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
Bar No. 10166
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail this 20th day of June 2006.

_____