## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT, ET AL.,         *      CIVIL ACTION

                                      *

VERSUS                              *      NO. 05-4182

                                      *

BOH BROTHERS CONSTRUCTION CO., LLC,  *      SECTION "K" (2)

ET AL.,                            *      CONS. KATRINA CANAL

*     *     *     *     *     *     *     *

THIS DOCUMENT RELATES TO:  CASE NO. 06-1885

## UNITED STATES' REPLY MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

      MAY IT PLEASE THE COURT: Defendant, the United States of America, hereby

submits this Reply brief in support of the United States' motion to dismiss plaintiffs' action for

lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(h)(3).  For the reasons set forth below, the plaintiffs' opposition memorandum is without

merit.  This Court lacks subject matter jurisdiction over the plaintiffs' claims, and the United

States' motion to dismiss should be granted.

      The United States submits that oral argument is not necessary for resolution of its motion

to dismiss.  As the Court has noted with respect to the nearly identical arguments briefed in Case

No. 05-4181, "the law is clear," and the parties' positions are fully set forth in the papers.  (See

Case No. 05-4181, Document No. 158, denying oral argument on the same issues.)

## ARGUMENT

### 1.      Plaintiffs' Opposition Memorandum was Untimely and Should not be Considered by the Court.

After receiving the United States' consent to two extensions of time for the plaintiffs to file and serve their opposition memorandum, plaintiffs did not meet the extended deadline they had requested.  Plaintiffs' opposition memorandum was untimely filed, and it was not served upon the United States by the plaintiffs at the time of filing.  For these reasons, the Court should not consider the memorandum.

The United States' motion to dismiss is noticed for hearing on June 28, 2006.  (Document No. 543.)  Pursuant to Local Rule 7.5E, plaintiffs' opposition memorandum was to be filed and served on the United States by June 20, 2006.  On June 19, 2006, plaintiffs' counsel requested the United States' consent for a 24-hour extension of time to file the opposition memorandum.  (Ex. 1, e-mail exchange of June 19, 2006.)  Counsel for the United States agreed to the request, which would have extended plaintiffs' deadline to June 21, 2006.  (Ex. 1.)  On June 21, 2006, plaintiffs counsel sought the United States' consent to a second extension of time to file the opposition, requesting until noon on June 22, 2006, to file and serve their memorandum.  (Ex. 2, e-mail exchange of June 21, 2006.)  The United States agreed to the plaintiffs' second request for additional time.  (Ex. 2.)  Pursuant to these agreements, the plaintiffs' memorandum should have been filed and served on the United States no later than noon on June 22, 2006.  (Ex. 2.)

Plaintiffs' opposition memorandum is stamped as having been filed at 2:33 p.m. on June 22, 2006, two and a half hours after plaintiffs agreed to file and serve the United States.  (Pls.' Opp'n Mem. at 1, Document No. 663.)  Moreover, plaintiffs' counsel did not serve the

2

memorandum on the United States.  At 3:05 p.m. EDT, 2:05 p.m. CDT, two hours after

plaintiffs' counsel committed to serve the memorandum, Mr. O'Dwyer contacted counsel for the

United States by e-mail to inquire about receipt of the memorandum, indicating that it had been

transmitted to the United States.  (Ex. 2.)  Counsel for the United States responded to Mr.

O'Dwyer that the memorandum had not been received and requested it be served as soon as

possible.  (Ex. 2.)  Mr. O'Dwyer responded again that, according to his secretary, the document

had been served by e-mail.  (Ex. 2.)  Counsel for the United States responded at 4:30 p.m. EDT,

3:30 p.m. CDT, to indicate that the memorandum still had not been received.  (Ex. 2.)  The

United States received no further communication from Mr. O'Dwyer regarding service of the

document.  The United States first received plaintiffs' opposition memorandum at 9:19 a.m.

EDT, 8:19 a.m. CDT, on Friday, June 23, 2006, when the document was entered on the Court's

ECF system and notice was sent electronically to counsel for the United States.  (Ex. 3, ECF

notification.)

        Because plaintiffs failed to timely file their opposition memorandum after seeking the

United States' agreement to two extensions of time and then failed to serve the document on the

United States at the time of filing, the Court should not consider the plaintiffs' memorandum.

        **2.      A FOIA Request by Plaintiffs' Counsel is Not a Valid FTCA Administrative
                 Claim.**

        Even if the Court does consider plaintiffs' opposition memorandum, the plaintiffs'

arguments are without merit.  The plaintiffs cannot negate the fact that they did not file valid

administrative claims that provide written notice of the plaintiffs' claims sufficient to allow the

agency to investigate, evidence of counsel's authority to represent the plaintiffs' interests, and a

sum certain claim for damages.  See Martinez v. United States, 728 F.2d 694, 696 (5th Cir.

1984); Wardsworth v. United States, 721 F.2d 503, 505-06 (5th Cir. 1981); Graubarth v. United States, 2005 WL 3543763 at *2 (E.D. La. 2005).

In support of an argument that plaintiffs counsel's FOIA request submitted to the Army Corps of Engineers served as the "functional equivalent" of a valid administrative claim, counsel attaches his own affidavit, describing the circumstances of his submission of the FOIA request and arguing that his conversations with Army Corps of Engineers counsel provided enough information to satisfy the FTCA's requirements.  Counsel's oral statements regarding potential tort claims against the agency cannot substitute for a valid administrative claim because a valid claim must be in writing.  Montoya v. United States, 841 F.2d 102, 104-05 (5th Cir. 1988) ("[C]ases teach that valid notice requires a writing that informs the agency of the facts of the incident and the amount of the claim.") (emphasis added).

Plaintiffs other arguments also cannot remedy their failure to exhaust the administrative tort claim process.  Plaintiffs cannot deem a letter from the Army Corps of Engineers informing the plaintiffs that their submissions did not meet the requirements of a valid claim in satisfaction of 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) to be a formal denial of claims, when the letter specifically states otherwise and informs the plaintiffs that no valid claims have been submitted for the agency to evaluate or deny.  Similarly, plaintiffs' argument regarding the necessity of informing the agency of a sum certain of damages claimed is contrary to the terms of the statute and its regulations.  "[The Fifth] and other circuits have held that timely presentation of a claim including 'a sum certain' is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act."  Martinez, 728 F.2d at 697.  See also Wardsworth, 721 F.2d at 505-06.

4

Finally, plaintiffs argue that their claims should not be dismissed for failure to comply with the FTCA's jurisdictional requirements because the purpose of the administrative claim would not be furthered by a dismissal in this instance, stating that "if the Government or its agency had any intention of responsibly addressing plaintiffs' claims, they would have and should have done so by now."  (Pls.' Opp'n Mem. at 30.)  It is not within the Court's jurisdiction, however, to alter the terms of the FTCA's administrative claim requirements on a case-by-case basis.  "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA," and it "cannot be waived."  Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiffs did not satisfy the minimal requirements for presentment of a valid administrative tort claim prior to filing suit, and this Court has no jurisdiction to consider their FTCA claims.

**3.      There is no Admiralty Jurisdiction over the Plaintiffs' Claims.**

Appearing to acknowledge that the FTCA's administrative claim requirements have not been met, plaintiffs' opposition memorandum focuses on establishing jurisdiction pursuant to the Suits in Admiralty Act, which has no administrative exhaustion requirement.  This effort fails, however.  The only avenue through which the plaintiffs could conceivably invoke admiralty jurisdiction would be pursuant to the Extension of Admiralty Jurisdiction Act (or, Admiralty Extension Act, "AEA"), because the damage suffered by the plaintiffs occurred on land as opposed to on a vessel or on navigable waters.  The AEA has its own administrative exhaustion requirements with which the plaintiffs have not complied, and plaintiffs therefore cannot invoke the Court's jurisdiction pursuant to the AEA.

Prior to passage of the AEA, for a claim to come within admiralty jurisdiction, the tort had to have occurred on navigable waters and the injury suffered must have been "'wholly' sustained on navigable waters." Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531-32 (1995). Thus, without relying on the AEA, there is no admiralty jurisdiction where, as here, it is undisputed that the plaintiffs' claims arise from damage suffered on land. The AEA extended admiralty and maritime jurisdiction to "include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." Id. at 532 (quoting 46 App. U.S.C. § 740). The Act requires, however, "[t]hat no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 App. U.S.C. § 740. To establish admiralty jurisdiction pursuant to the AEA, therefore, plaintiffs must comply with this administrative prerequisite to suit, in addition to showing the established elements of both "location" and "connection" to traditional maritime activity. See Grubart, 513 U.S. at 534. Plaintiffs do not address the AEA or allege compliance with its administrative exhaustion requirement because they have not complied with the Act's administrative prerequisite to suit, and there is no jurisdiction for the Court to consider claims pursuant to that statute. As such, the Court need not reach the question of whether plaintiffs' can establish the substantive elements of admiralty jurisdiction.

### 4.     Plaintiffs' Arguments Have Been Rejected by This Court.

The identical allegations and arguments in support of jurisdiction made by plaintiffs here were analyzed and rejected by Judge Berrigan in the related case, In the Matter of the Complaint

of Ingram Barge, Civil Action No. 05-4419, 2006 WL 1539787 (E.D. La. 2006), attached at Tab

1 to the United States' Memorandum of Law in Support if its Motion to Dismiss.

Plaintiffs argued before Judge Berrigan that counsel's October 12, 2005, FOIA request

served as a valid administrative claim pursuant to the FTCA.  Judge Berrigan specifically found

that, "[t]his letter is clearly a FOIA request which does not constitute a proper administrative

claim."  Id. at *2 n.3.  Additionally, plaintiffs made the argument they now raise in their

opposition memorandum, that a letter to plaintiffs' counsel stating, "[y]our clients have not filed

a valid FTCA administrative claim," constituted a denial of claims by the agency.  Id.  Judge

Berrigan rejected this asserting, finding that the letter was not a final denial.  Id.  Plaintiffs'

renewal of the same arguments here should meet the same conclusion:  that the FTCA's

"statutory requirements to establish jurisdiction in this case have not been met."  Id.

Additionally, Judge Berrigan's opinion analyzed in detail whether plaintiffs' allegations

of defective design, construction, and maintenance of the levees and floodwall systems,

including the plaintiffs' focus on the MRGO, meet the requirements for admiralty jurisdiction

pursuant to the Suits in Admiralty Act.  Recognizing the "central importance of navigable

waterways in the events of this case," Judge Berrigan noted that the facts raised a "relatively

novel question of whether admiralty jurisdiction could somehow extend to include claims

involving land-based damage without any involvement of a vessel."  Id. at *4.  Judge Berrigan

found that, "[a] levee is more akin to those structures like bridges, whose fixed land-based nature

and non-maritime purpose have been found not to need the protection of a uniform body of

federal law that is accorded vessels which roam the sea for business purposes," and concluded

that the plaintiffs' claims do not arise under the Suits in Admiralty Act.  Id. at *5-6.  Plaintiffs

allege no greater "relationship to traditional maritime activity" here than in the <u>Ingram Barge</u> matter.  <u>See id.</u> at *4.

As Judge Berrigan already concluded, the plaintiffs' claims do not fall within the Court's admiralty jurisdiction, and the failure to exhaust their administrative remedies precludes jurisdiction pursuant to the FTCA.

<b><u>CONCLUSION</u></b>

For the reasons set forth herein and in the United States Memorandum in Support of its Motion to Dismiss, this Court lacks subject matter jurisdiction to consider the plaintiffs' action, and the United States' Motion to Dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

PAUL F. FIGLEY
Deputy Director, Torts Branch

   /s/  Kara K. Miller
Kara K. Miller
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202)-616-4448 / (202) 616-5200 (Fax)
Dated:  June 26, 2006                    Attorneys for the United States

8

## CERTIFICATE OF SERVICE

I, Kara K. Miller, hereby certify that on June 26, 2006, I served a true copy of the United States' Motion for Leave to File a Reply Memorandum, Proposed Order, Memorandum in Support, and Reply Memorandum upon the following parties by ECF, electronic mail, facsimile, or first class mail:

William Aaron
waaron@goinsaaron.com

Neil Abramson
abramson@phelps.com

Jonathon Beauregard Andry
jandry@andrylawfirm.com

Thomas P. Anzelmo
tanzelmo@mcsalaw.com

Judy Barrasso
jbarrasso@barrassousdin.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Robert Becnel
ROBBECNEL@aol.com

Kelly Cambre Bogart
kbogart@duplass.com

Terrence L. Brennan
tbrennan@dkslaw.com

Joseph Bruno
jbruno@brunobrunolaw.com

Thomas Darling
tdarling@grhg.net

Kevin Derham
kderham@duplass.com

Joseph Vincent DiRosa Jr.

jvdirosa@cityofno.com

Walter Dumas
wdumas@dumaslaw.com

Lawrence Duplass
lduplass@duplass.com

Calvin Fayard
calvinfayard@fayardlaw.com

Thomas Francis Gardner
gardner@bayoulaw.com

Thomas Gaudry
tgaudry@grhg.net

Joseph Guichet
jguichet@lawla.com

Jim S. Hall
jodi@jimshall.com

Robert Harvey
rgharvey@bellsouth.net

Herman C. Hoffmann, Jr.
hhoffmann@spsr-law.com

David Blayne Honeycutt
DBHoneycutt@aol.com

Ralph Hubbard
rhubbard@lawla.com

Tamara Kluger Jacobson

tkjacobson@aol.com

Michael Courtney Keller
kellerm@ag.state.la.us

Stephen Kreller
sskreller@gmail.com

Hugh Lambert
hlambert@lambertandnelson.com

John M. Landis
jlandis@stonepigman.com

Mickey Landry
mlandry@landryswarr.com

Wade Langlois
wlanglois@grhg.net

Wayne J. Lee
wlee@stonepigman.com

F. Gerald Maples
federal@geraldmaples.com

Ben Louis Mayeaux
bmayeaux@ln-law.com

Gordon McKernan
gemckernan@mckernanlawfirm.com

Gerald A. Melchiode
jmelchiode@gjtbs.com

Gerald Edward Meunier
dmartin@gainsben.com

Penya Moses-Fields
pmfields@cityofno.com

James Bryan Mullaly
jamesmullaly1@hotmail.com

Betty Finley Mullin
bettym@spsr-law.com

J. Wayne Mumphrey
jwmumphrey@mumphreylaw.com

John Francis Nevares
jfnevares-law@microjuris.com

James L. Pate
jpate@ln-law.com

Ronnie Penton
rgp@rgplaw.com

Drew A. Ranier
dranier@rgelaw.com

Michael R.C. Riess
mriess@kingsmillriess.com

Camilo Kossy Salas
csalas@salaslaw.com

David Scott Scalia
DAVID@brunobrunolaw.com

George Simno
gsimno@swbno.org

Randall A. Smith
rasmith3@bellsouth.net

Christopher Kent Tankersley
ctankersley@burglass.com

Sidney Torres
storres@torres-law.com

William Treeby
wtreeby@stonepigman.com

Richard John Tyler
rtyler@joneswalker.com

Gregory Varga
gvarga@rc.com

Jesse L. Wimberly
wimberly@nternet.com

Bob Wright
bobw@wrightroy.com

Ashton R. O'Dwyer, Jr.
arod@odwyerlaw.com

Victor Elbert Stilwell, Jr.
vstilwell@dkslaw.com

Charles F. Seemann, Jr.
cseemann@dkslaw.com

Christopher W. Martin
martin4@mdjwlaw.com

Martin R. Sadler
sadler@mdjwlaw.com

David R. Simonton
dsimonton@sonnenschein.com

John Herr Musser
jmusser@bellsouth.net

Dennis Phayer
dphayer@burglass.com

Julia E. McEvoy
jmcevoy@JonesDay.com

George T. Manning
gtmanning@jonesday.com

Wystan M. Ackerman
wackerman@rc.com

Adrian Wagerzito
adrianwagerzito@jonesday.com

Andy Greene
agreene@sonnenschein.com

Jerry McKernan
jemckernan@mckernanlawfirm.com

Belhia Martin
belhiamartin@bellsouth.net

James Rather
jrather@mcsalaw.com

Seth Schmeeckle
sschmeeckle@lawla.com

Matthew D. Schultz
mschultz@levinlaw.com

Clay Mitchell
cmitchell@levinlaw.com
ksmith@levinlaw.com

Nina D. Froeschle
nfroeschle@osmlaw.com

Thomas V. Girardi
tgirardi@girardikeese.com

John W. deGravelles
deidson@dphf-law.com

Craig Frank Holthaus
fholthaus@dphf-law.com

Samuel Gabb
sgabb@lundydavis.com

James Roussel
jroussel@bakerdonelson.com

Arthur Gordon Grant, Jr.
ggrant@monbar.com

Jack Crowe
jcrowe@winston.com

Duane Kelley
dkelley@winston.com

Lawrence D. Wiedemann
FAX: 504-581-4336

Clayton Morris Connors
625 Baronne Street
New Orleans, LA 70113

Deborah Louise Wilson
317 Magazine Street
New Orleans, LA 70130

Joseph W. Hecker
619 Europe Street , 2nd Floor
Baton Rouge, LA 70806

Vernon Palmer Thomas
1524 N. Claiborne Ave.
New Orleans, LA 70116

William A. Percy, III
Louisiana Supreme Court Bldg.
400 Royal St.
Room 1112
New Orleans, LA 70130

/s/ Kara K. Miller
_____
Kara K. Miller

# EXHIBIT  1

```
-----Original Message-----
From: Colquette, Traci L. (CIV)
Sent: Monday, June 19, 2006 2:15 PM
To: 'arod@odwyerlaw.com'
Cc: Finnegan, Tess (CIV); Figley, Paul (CIV); Smith, Robin Doyle (CIV);
Miller, Kara K. (CIV)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.
```

Mr. O'Dwyer:

We have no objection if you would like to file a motion requesting an additional 24 hours to respond to our Motion to Dismiss in case no. 06-1885. Should we require additional time to file a reply, we hope that you will give us the same professional courtesy.


Traci Colquette
Trial Attorney, Torts Branch

```
-----Original Message-----
From: arod@odwyerlaw.com [mailto:arod@odwyerlaw.com]
Sent: Monday, June 19, 2006 10:47 AM
To: Colquette, Traci L. (CIV); Finnegan, Tess (CIV); Smith, Robin Doyle (CIV)
Subject: Berthelot, et al. vs. Boh Bros., et al.
```

Ladies and Gentlemen:

        Will you give me a 24-hour extension of time for opposing your pending Motion to Dismiss in 06-1885, through and including 5:00 p.m. on Wednesday, June 21st, rather than by 5:00 p.m. on Tuesday, June 20th?


Ashton R. O'Dwyer, Jr.
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
 <mailto:AROD@odwyerlaw.com> AROD@odwyerlaw.com

# EXHIBIT  2

-----Original Message-----
From: Finnegan, Tess (CIV)
Sent: Thursday, June 22, 2006 4:30 PM
To: 'arod@odwyerlaw.com'
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

It has not been received as of 4:30 EDT.


Tess

-----Original Message-----
From: arod@odwyerlaw.com [mailto:arod@odwyerlaw.com]
Sent: Thursday, June 22, 2006 4:19 PM
To: Finnegan, Tess (CIV)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

Ms. F: It was served by E-mail,according to my secretary.

Law Offices of
Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
AROD@O'Dwyerlaw.com

-----Original Message-----
From: Tess.Finnegan@usdoj.gov [mailto:Tess.Finnegan@usdoj.gov]
Sent: Thursday, June 22, 2006 3:08 PM
To: arod@odwyerlaw.com (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

No, I have not.  We have been instructed to serve via email in this
litigation, not fax.  Please serve your pleading as soon as possible.


Tess

-----Original Message-----
From: arod@odwyerlaw.com [mailto:arod@odwyerlaw.com]
Sent: Thursday, June 22, 2006 3:05 PM
To: Finnegan, Tess (CIV)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

Ms. F: My secretary needs to know if you received the Memo. She "sent" it, but
her machine hasn't yet confirmed.

Law Offices of
Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
AROD@O'Dwyerlaw.com

-----Original Message-----
From: Tess.Finnegan@usdoj.gov [mailto:Tess.Finnegan@usdoj.gov]
Sent: Wednesday, June 21, 2006 2:09 PM
To: arod@odwyerlaw.com (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

Yes, I think that language would fall well within the proviso.


Tess

-----Original Message-----
From: arod@odwyerlaw.com [mailto:arod@odwyerlaw.com]
Sent: Wednesday, June 21, 2006 2:59 PM
To: Finnegan, Tess (CIV)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

Ms. F: Agreed. I guess that means I have to strike the part about
"carpetbaggers". Thank you!

Law Offices of
Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
AROD@O'Dwyerlaw.com

-----Original Message-----
From: Tess.Finnegan@usdoj.gov [mailto:Tess.Finnegan@usdoj.gov]
Sent: Wednesday, June 21, 2006 1:44 PM
To: arod@odwyerlaw.com (Receipt Notification Requested) (IPM Return
Requested)
Cc: Robin.Doyle.Smith@usdoj.gov (Receipt Notification Requested) (IPM Return
Requested)
Subject: RE: Berthelot, et al. vs. Boh Bros., et al.

Ashton,

I will agree to an extension until noon tomorrow, June 22, PROVIDED that you
omit any and all ad hominem attacks, or otherwise unprofessional and
discourteous language referencing my client, their attorneys, or any other
party in the case.

Regards,

Tess

_____
Tess Finnegan
Trial Attorney
U.S. Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
ph: (202) 616-4916 / fax (202) 616-5200


-----Original Message-----
From: arod@odwyerlaw.com [mailto:arod@odwyerlaw.com]

Sent: Wednesday, June 21, 2006 2:08 PM
To: Finnegan, Tess (CIV); Smith, Robin Doyle (CIV)
Subject: Berthelot, et al. vs. Boh Bros., et al.

Robin and Ms. Finnegan:

        Ms. Colquette is out, and her voicemail said to refer calls to
you.  I have an extension until 5:00 p.m. today on my Opposition to your
Motion in 06-1885.  I need till Noon tomorrow.  May I have it?


Ashton R. O'Dwyer, Jr.
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
 <mailto:AROD@odwyerlaw.com> AROD@odwyerlaw.com

# EXHIBIT  3

1. **From:** Efile_Notice@laed.uscourts.gov [mailto:Efile_Notice@laed.uscourts.gov]
**Sent:** Friday, June 23, 2006 9:19 AM
**To:** Efile_Information@laed.uscourts.gov
**Subject:** Activity in Case 2:05-cv-04182-SRD-JCW Berthelot et al v. Boh Brothers Construction Co., LLC et al "Response/Memorandum in Opposition to Motion"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U. S. District Court

### Eastern District of Louisiana

Notice of Electronic Filing

The following transaction was received from blg, entered on 6/23/2006 at 8:17 AM CDT and filed on 6/22/2006

| | |
|---|---|
| **Case Name:** | Berthelot et al v. Boh Brothers Construction Co., LLC et al |
| **Case Number:** | 2:05-cv-4182 |
| **Filer:** | Arthur Tracy Abel |
| **Document Number:** | 663 |

**Docket Text:**
RESPONSE/MEMORANDUM in Opposition filed by plaintiffs (06-1885) re [543] MOTION to Dismiss for Lack of Jurisdiction. (Attachments: # (1) Exhibit)(Reference: 06-1885)(blg, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/23/2006] [FileNumber=1105384-0
] [0f0d534229d494812caf79ffa519a6e9af6b2bf2bb7977b964ff70c4010061800d1
0dd295b3d76be368442a9520c8aebfc5f14b05d66d5721f67565e321e2b04]]
**Document description:** Exhibit
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=6/23/2006] [FileNumber=1105384-1
] [357f9478f6d7b574d8fd2f20276dd346e5eb99de87ee983adfad0e6c68c32bf2b40
dea651657e62dc53182327bfdefacc443497da9425a58bda18e0076334f48]]

**2:05-cv-4182 Notice will be electronically mailed to:**

William David Aaron , Jr waaron@goinsaaron.com, grandazzo@goinsaaron.com

Neil Charles Abramson abramson@phelps.com, parkerd@phelps.com, steadmas@phelps.com

Jonathan Beauregard Andry jandry@andrylawfirm.com, dsmith@andrylawfirm.com

Thomas P. Anzelmo tanzelmo@mcsalaw.com, lkay@mcsalaw.com

Judy Y. Barrasso jbarrasso@barrassousdin.com, slanglois@barrassousdin.com

Daniel E. Becnel , Jr dbecnel@becnellaw.com, mmoreland@becnellaw.com

Robert M. Becnel ROBBECNEL@AOL.COM

Kelly Cambre Bogart ! kbogart@duplass.com, bogartc@bellsouth.net

Terrence L. Brennan tbrennan@dkslaw.com

Joseph M. Bruno jbruno@brunobrunolaw.com, stephaniep@brunobrunolaw.com

Traci L. Colquette Traci.ColQuette@usdoj.gov

Robert G. Creely rcreely@aol.com, tph59@amatocreely.nocoxmail.com

Thomas W. Darling tdarling@grhg.net, tigerthom@cox.net, firm@grhg.net, tl@grhg.net

Erin E. Dearie dearie@bayoulaw.com, aadams@bayoulaw.com

Kevin R. Derham kderham@duplass.com, ndavis@duplass.com

Joseph Vincent DiRosa , Jr ! jvdirosa@cityofno.com, jdavis@cityofno.com

Walte! r C. Dumas wdumas@dumaslaw.com, tyoungblood@dumaslaw.com

Lawrence J. Duplass lduplass@duplass.com, caccardo@duplass.com

Calvin Clifford Fayard , Jr calvinfayard@fayardlaw.com, donna@fayardlaw.com

Catherine J. Finnegan tess.finnegan@usdoj.gov, catherine.corlies@usdoj.gov

Thomas Francis Gardner gardner@bayoulaw.com, aadams@bayoulaw.com

Thomas Livingston Gaudry , Jr tgaudry@grhg.net, dbreaux@grhg.net, firm@grhg.net

Phyllis Esther Glazer glazerp@ag.state.la.us, pennm@ag.state.la.us, pearleyj@ag.state.la.us, kellerm@ag.state.la.us

Arthur Gordon Grant ! , Jr ggrant@monbar.com, lquintana@monbar.com, wtrosclair@monbar.com

Joseph Pierre Guichet jguichet@lawla.com, aboyd@lawla.com

Jim S. Hall jodi@jimshall.com

Robert G. Harvey , Sr rgharvey@bellsouth.net

Herman C. Hoffmann , Jr hhoffmann@spsr-law.com

David Blayne Honeycutt mindy@fayardlaw.com, dbhoneycutt@fayardlaw.com

Ralph Shelton Hubbard , III rhubbard@lawla.com, ljackson@lawla.com

Darleen Marie Jacobs dollyno@aol.com

Tamara Kluger Jacobson ! tkjacobson@aol.com, mrosinia@hotmail.com

! Michael Courtney Keller kellerm@ag.state.la.us, pearleyj@ag.state.la.us, pennm@ag.state.la.us, babins@ag.state.la.us, philibertj@ag.state.la.us

Stephen Skelly Kreller sskreller@gmail.com

Hugh Palmer Lambert hlambert@lambertandnelson.com, alexis@lambertandnelson.com

John M. Landis jlandis@stonepigman.com, pkrupicka@stonepigman.com

Mickey P. Landry mlandry@landryswarr.com, lslaw@landryswarr.com

Wade Antoine Langlois , III wlanglois@grhg.net, ptranchina@grhg.net

Wayne J. Lee wlee@stonepigman.com, pwhite@stonepigman.com

F. Gerald Maples ! federal@geraldmaples.com

Ben Louis Mayeaux bmayeaux@ln-law.com, denisen@ln-law.com

Gordon J. McKernan gmckernan@mckernanlawfirm.com, hbarousse@mckernanlawfirm.com

Gerald A. Melchiode jmelchiode@gjtbs.com, mwilson@gjtbs.com

Gerald Edward Meunier dmartin@gainsben.com, gmeunier@gainsben.com

Kara K. Miller kara.k.miller@usdoj.gov, catherine.corlies@usdoj.gov

Penya M. Moses-Fields pmfields@cityofno.com, majohnson@cityofno.com

James Bryan Mullaly jamesmullaly1@hotmail.com

Betty Finley Mullin ! bmullin@spsr-law.! com, lynnz@spsr-law.com

J. Wayne Mumphrey jwmumphrey@mumphreylaw.com, smitchell@mumphreylaw.com

John Francis Nevares jfnevares-law@microjuris.com

James L. Pate jpate@ln-law.com

Ronnie Glynn Penton rgp@rgplaw.com, dischilling@rgplaw.com

Drew A. Ranier dranier@rgelaw.com, marnold@rgelaw.com

Michael R.C. Riess mriess@kingsmillriess.com

James H. Roussel jroussel@bakerdonelson.com

Camilo Kossy Salas , III csalas@salaslaw.com

David Scott Scalia ! DAVID@brunobrunolaw.com, jennifer@brunobrunolaw.com

Nyka M. Scott nscott@bakerdonelson.com, lhook@bakerdonelson.com

George R. Simno , III gsimno@swbno.org

Todd Robert Slack tslack@gainsben.com

Randall A. Smith rasmith3@bellsouth.net, mmzornes@bellsouth.net

Robin D. Smith robin.doyle.smith@usdoj.gov, catherine.corlies@usdoj.gov

Christopher Kent Tankersley ctankersley@burglass.com

Sidney Donecio Torres , III storres@torres-law.com, rburns@torres-law.com, pmichon@torres-law.com

William D. Treeby ! wtreeby@stonepigman.! com

Richard John Tyler rtyler@joneswalker.com, jcasella@joneswalker.com

Gregory P. Varga gvarga@rc.com, lgallucci@rc.com

Jean Michel Voltaire jean.michel.voltaire@usdoj.gov, jmv7182@hotmail.com

Jesse Lee Wimberly , III wimberly@nternet.com

Bob F. Wright bobw@wrightroy.com, darlenep@wrightroy.com, susant@wrightroy.com

**2:05-cv-4182 Notice will be delivered by other means to:**

Clayton Morris Connors
Mumphrey Law Firm, LLC (New Orleans)
625 Baronne Street
New Orleans, LA 70113

Christopher R. Farrell
Jones Day (Washington)
51 Louisiana Avenue, NW
Washington, DC 20001

Nina D. Froeschle
O'Donnell & Mortimer, LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071-2627

Samuel B. Gabb
Lundy & Davis
501 Broad St.
P. O. Box 3010
Lake Charles, LA 70602-3010

Thomas V. Girardi
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904

Joseph W. Hecker
Joseph W. Hecker
619 Europe Street
2nd Floor
Baton Rouge, LA 70806

George T. Manning !
Jones Day (Atlanta)
1420 Peachtree Street, NE
Suite 800

Atlanta, GA 30309-3053

Christopher W. Martin
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street
Suite 1800
Houston, TX 77002

Julia E. McEvoy
Jones Day (Washington)
51 Louisiana Avenue, NW
Washington, DC 20001

J. J. (Jerry) McKernan
McKernan Law Firm
8710 Jefferson Hwy.
Baton Rouge, LA 70809

Clay Mitchell
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 S. Baylen St.
P. O. Box 12308
Suite 600
Pensacola, FL 32581

John Herr Musser , IV
John H. Musser, IV, Attorney at Law
322 Lafayette St.
Third Floor
New Orleans, LA 70130

Ashton Robert O'Dwyer ! , Jr
Ashton R. O'Dwyer, Jr., Attorney at Law One Canal Place
Suite 2670
New Orleans, LA 70130

James C. Rather , Jr
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002

Charles F. Seemann , Jr
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130

David R. Simonton
Sonnenschein, Nath & Rosenthal (Chicago)
7800 Sears Tower
Chicago, IL 60606

Victor Elbert Stilwell , Jr
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130

Vernon Palmer Thomas
Vernon P. Thomas, Attorney at Law
1524 N. Claiborne Ave.
New Orleans, LA 70116

Lawrence D. Wiedemann
Wiedemann & Wiede! mann
821 Baronne St.
New Orleans, LA 70113

Deborah Louise Wilson
Deborah L. Wilson, Attorney at Law
317 Magazine Street
New Orleans, LA 70130

John W. deGravelles
deGravelles, Palmintier, Holthaus & Fruge'
618 Main Street
Baton Rouge, LA 70801-1910