
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 28  PM 12: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL. | * CIVIL ACTION NO.: 05-4182 |
| | * |
| | * CONS. KATRINA CANAL |
| | * |
| VERSUS | * JUDGE: STANWOOD R. DUVAL, JR. |
| | * |
| | * MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * |
| BOH BROTHERS CONSTRUCTION | * **THIS PLEADINGS PERTAINS TO:** |
| CO., L.L.C., ET AL. | * **06-1672** |
| | * **c/w   06-1673** |
| | * **c/w   06-1674** |

* * * * * * * * * * * * * * * * * * * * * * * * *

### ALLSTATE INDEMNITY COMPANY'S REPLY BRIEF
### IN SUPPORT OF MOTION TO SEVER AND PROCEED SEPARATELY

Defendant Allstate Indemnity Company ("Allstate") hereby submits this Reply

Brief in Support of its Motion to Sever and Proceed Separately.  Allstate's motion should be

granted.

### ARGUMENT AND AUTHORITIES

Since the time that Allstate filed its motion, the plaintiffs filed an Amended and

Restated Complaint seeking (1) declaratory relief that the different policies issued by the

different insurance companies cover various types of damages that allegedly were caused by

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____62462_

flooding; (2) damages resulting from the insurers' alleged breach of contract; (3) damages resulting from the insurers' alleged breach of implied duty of good faith; (4) damages resulting from alleged breach of fiduciary duty in marketing and selling the policies; and (5) damages, penalties, and attorney fees under Louisiana's bad faith insurance statutes.  Am. Compl., *e.g.*, ¶¶ 25, 61, 68, 79, 91-92, 99.  These new allegations further illustrate that *Chehardy* should be severed from the levee breach cases.

   Indeed, the plaintiffs' repeated, unsupported conclusory assertion that the claims in *Chehardy* are "similar to and overlap with the factual and legal issues central to the Levee Cases," is belied by the distinct claims in their Amended and Restated Complaint.  Opp. at 2. Notably, although some of the plaintiffs' claims are newly asserted after months of contemplation, the plaintiffs have not and cannot link these claims to the factual or legal issues involved in the levee breach cases.  In light of the language of the policies, there simply is no need to conduct an "efficient proximate cause" analysis or "negligence or fault-based inquiry" in *Chehardy*, as the plaintiffs erroneously suggest to the Court.  *Id.* at 4-5.  While that certainly is an important issue in the levee breach cases, it is not even an issue in *Chehardy*; in fact, no contractor, engineer, or governmental agency is a defendant in *Chehardy*.  The case instead involves fifteen insurers and insurance coverage issues under homeowner policies.  Moreover, the issues in *Chehardy* regarding alleged failure to inform the plaintiffs of flood or excess policies, have no bearing on the levee breach cases.  Because *Chehardy* involves distinct issues of policy construction, procurement, and claims handling, *Chehardy* should be severed and proceed separately.

Yet the plaintiffs apparently would have this Court consolidate under the levee breach umbrella each and every insurance lawsuit arising out of failure to procure certain flood insurance and/or property damage caused by flooding due to levee breaches during Hurricane Katrina. This, however, would be an absurd result, and this Court correctly already has not taken that course. *See, e.g., Sullivan, et al. v. State Farm*, No. 06-0004 (E.D. La.) (Duval, J.) (not consolidated with levee breach cases, even though plaintiffs alleged that State Farm was liable to putative class of insureds for failing to offer excess flood coverage and not advising of availability of excess flood coverage); *see also Baird v. Encompass Insurance Company and the Orleans Levee District*, No. 06-153; *Rogers v. Encompass Insurance Company and the Orleans Levee District*, No. 06-152; *Humphreys v. Encompass Insurance Company and the Orleans Levee District*, No. 06-169 (granting severance). This Court also recently recognized the appropriateness of severance in *Vanderbrook, et al. v. State Farm Fire and Casualty , et al.*, No. 05-6323 (E.D. La.) (Duval, J.), where the Court severed the plaintiffs' claims against homeowner insurers from the claims against the Orleans Levee District. R. Doc. 469 at 19 ("claims against OLD sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD").[1] By the same token, the insurance claims in *Chehardy* are entirely separate from the claims in the levee breach cases, and therefore severance of *Chehardy* is appropriate.[2]

---

[1]     Like Allstate here, the defendant insurers in *Vanderbrook* have filed a motion to sever the remaining insurance claims from the levee breach umbrella.

[2]     The plaintiffs seek to have this Court resolve any and all issues relative to coverage for flood damage. Other state and federal courts, however, are considering similar issues without regard to determination of what caused the levee breaches.

62462

Moreover, the caselaw cited by the plaintiffs is not applicable and does not require a different result. Opp. at 3, 5. None of the cases cited by the plaintiffs involves, as here, severance and/or consolidation of multiple large cases involving myriad different parties and separate and distinct issues. *Geudry*, for example, involved a suit by seven deputies against a sheriff for failure to renew their commissions on the same date, and *Little* involved an unlawful termination claim brought by one plaintiff against his employer and an apparent supervisor. Because the plaintiffs in both cases brought the same claims against the same defendants arising out of the same incidents, severance was not permitted. Here, by contrast, *Chehardy* and the levee breach cases do not involve the same issues, parties, contracts, or evidence. The Court should not allow the straightforward coverage claims in *Chehardy* to be bogged down in the complicated and irrelevant issues raised by the levee breach cases. Severance therefore is proper, and the plaintiffs' cases should be ignored.[3]

Finally, *Allstate has suffered prejudice and expense* as a result of the consolidation. Allstate's motion for judgment on the pleadings, for example, which was filed over eight months ago, has not yet been heard, and instead has been overshadowed by the numerous extraneous issues involved in the levee breach cases. Allstate suffers further expense

---

[3]   The plaintiffs' reference to the *Rodriguez* case from Texas certainly should be ignored as that case, according to the plaintiffs, involved "related issues." Opp. at 6. *Chehardy* and the levee breach cases do not involve "related issues."

- 4 -

the longer *Chehardy* drags on.[4]  And, *Chehardy* is far from its "infancy" (Opp. at 6),[5] as the

plaintiffs contend; severance is appropriate now so that the insurance issues in *Chehardy*

expeditiously can be resolved by the Court.  There is no reason for *Chehardy* to be wrapped up

in years of litigation regarding irrelevant issues of who and what caused the levee breaches.  A

desire for a quick resolution initially was advanced by the plaintiffs themselves.  Or. Compl.

¶ XIV   (plaintiffs seek to avoid "protracted legal proceedings").  Further, the plaintiffs'

contention that severance should be denied because "Allstate has placed itself in this litigation as

a result of its wrongful denial of coverage," is simply a frivolous argument.  Opp. at 7.  In

actuality, the levee breach cases do not in any way involve "coverage" issues, while such

"coverage" issues are indeed at the heart of *Chehardy*.  *Id.*  *Chehardy* therefore should be severed

so that the "coverage" issues may proceed separately from the levee breach cases.  *Id.*

## CONCLUSION

Allstate respectfully urges the Court to grant its Motion to Sever and Proceed

Separately.  The *Chehardy* case involves different issues and parties from those in the levee

breach cases, and thus should be treated separately to avoid prejudice to Allstate and undue

delay.

---

[4]   Given that *Chehardy* is mired in the levee breach cases, certain other defendants have
approached Allstate about sharing in the cost of preserving sheet pilings, and they even
have threatened to have the Court fix an allocation of costs if amicable agreement cannot
be reached.   Sheet pilings, however, have no bearing on the resolution of the
straightforward insurance coverage issues in *Chehardy*, with which Allstate solely is
concerned.

[5]   The case has been pending for nine months.

Respectfully submitted,

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr. 27138
      Of
BARRASSO USDIN KUPPERMAN,
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700

Attorneys for Allstate Indemnity Company


# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Reply Brief in Support of

Motion to Sever and Proceed Separately has been served upon all counsel of record by electronic

mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly

addressed this 26th day of June, 2006.


- 6 -

62462