IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL.,<br><br>　　　　　　Plaintiffs<br><br>vs.<br><br>BOH BROTHERS CONSTRUCTION CO. L.L.C., ET AL.,<br><br>　　　　　　Defendants. | : CIVIL ACTION NO.:<br>:<br>: 05-4182 SECTION "K"(2)<br>:<br>: CONS. KATRINA CANAL<br>:<br>:<br>: JUDGE DUVAL<br>:<br>:<br>: JUDGE WILKINSON<br>:<br>: |

**THIS DOCUMENT RELATES TO:**

05-6323 "K"(2)　　Vanderbrook, et al.

# THE CHEHARDY PLAINTIFFS' MEMORANDUM IN OPPOSITION TO INSURER DEFENDANTS' MOTION TO SEVER AND DECONSOLIDATE

## TABLE OF CITATIONS

**Cases**                                                                                         pages

Johnson v. Mississippi Valley Barge Line Co.,
   34 F.R.D. 140 (W.D. Pa.1963).................................................................................. 5

Little v. BellSouth Telecommunication, Inc.,
   1995 WL 468256 (E.D. La. 1995)............................................................................ 7-8

Guedry v. Marino,
   164 F.R.D. 181 (E.D. La. 1995)................................................................................ 8

Rodriguez v. Shell Oil Co.,
   950 F. Supp.187 (S.D. Tex. 1996)............................................................................ 8

**Treatises**

9 Wright & Miller, Federal Practice and Procedure § 2383
   (2d ed. 1995)............................................................................................................ 5

7 Wright, Miller & Kane, Federal Practice and Procedure § 1660, at 468
   (3d ed. 2001)............................................................................................................ 5

7 Wright, Miller & Kane, Federal Practice and Procedure § 1653
   (3d ed. 2001)............................................................................................................ 7

Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation and Mack Barham (collectively, "the Representative Policyholders"), who are the Representative Policyholders in the Chehardy matters at 06-1672 "K"(2), 06-1673 "K"(2) and 06-1674 "K"(2), by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to the Insurer Defendants' Motion To Sever And Deconsolidate filed in the above related Vanderbrook matter. As set forth more fully below, because the Vanderbrook case involves mixed questions of law and fact that are similar or substantially the same as the facts and legal issues in the Levee Cases and the Chehardy case that are part of this consolidated litigation, and because this Court has established an organizational structure to manage all the cases under the Hurricane litigation umbrella that is still in its developmental phase and which is being organized in an effort to achieve the most efficient and least prejudicial manner to best meet the Court's and the parties' needs, consolidation of these matters was proper and the Insurer Defendants' Motion To Sever and Deconsolidate should be denied.

**I.         FACTS**

The Claimants in the Vanderbrook matter instituted an action on behalf of themselves who, on August 29, 2005, were Louisiana residents who owned immovable property with improvements, principally houses or related residential structures, which were destroyed or damaged by Hurricane Katrina. In their Petition For Damages, the Claimants have alleged claims for monetary relief arising out of the wrongful refusal of various Insurance Companies

3

(collectively, "Insurance Company Defendants") to provide insurance coverage for Policyholders' losses. These allegations are parallel to the allegations contained in the Chehardy plaintiffs' complaint.

The Vanderbrook Claimants' claims require resolution of factual and legal questions regarding the causes of such losses, which are similar to and overlap with the factual and legal issues central to the Levee Cases, including the cause and responsibility for the breaches of the relevant levees which allowed water to enter the City of New Orleans and surrounding parishes on August 29, 2005. The Vanderbrook Claimants have alleged in their Petition for Damages that:

10.

Defendants, State Farm Fire and Casualty Company, Kemper Insurance Company, Hartford Insurance Company, Travelers Insurance Company, St. Paul Travelers Insurance Company and Hanover Insurance Company, despite amicable demand, refuse to adjust or pay for a covered loss and with full knowledge that the water damage suffered by Petitioners was due to a sudden break in the concrete wall of the levee outfall canal and is not described in any policies as an excluded loss and thus defendants are arbitrary and capricious and Petitioners are entitled to additional damages, as provided by statute and as reasonable under the premise, to be determined by the trier of fact.

(Vanderbrook Petition for Damages at Paragraph 10). The factual and legal issues germane to the Vanderbrook matter, including the damages suffered by Petitioners due to a sudden break in the concrete wall of the levee outfall canal, are inextricably intertwined with the factual and legal questions that are squarely at issue in the Levee Cases and the Chehardy case, including what caused the breaches of the relevant levee walls and levee system and what caused the water damage to the impacted properties.

**II.**                    **ARGUMENT**

**MOTIONS TO DECONSOLIDATE, IN GENERAL, ARE NOT FAVORED.**

In the first place, all that is required to consolidate under Rule 42(a) is a common question of law or fact. In the second place, courts favor consolidation. As 9 Wright & Miller, Federal Practice and Procedure § 2383, at 441 (2d ed. 1995), says, "the district courts generally take a favorable view of consolidation." For example, <u>Johnson v. Mississippi Valley Barge Line Co.</u>, 34 F.R.D. 140, 142 (W.D. Pa.1963), opines: "It is fundamental that the law frowns upon multiplicity of litigation, particularly under our Federal Rules of Civil Procedure, and particularly where the court may order the consolidation of all actions involving common questions of law or fact in order to avoid unnecessary costs and delay." In the third place, in the case at bar, there should be no rush to deconsolidate. "The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case." 7 Wright, Miller & Kane, Federal Practice and Procedure § 1660, at 468 (3d ed. 2001). Thus, the Insurer Defendants in this matter can still file their Rule 12 motions claiming a lack of coverage. In fact, the Court has already established a scheduling order developed by the plaintiffs' and defendants' liaison counsel to provide a time line for filing and hearing such motions. If the defendants' anticipated Rule 12 motions fail, then the Court can still order separate trials under Rule 42(b). In fact, the Court has already indicated a preference to ordering separate trials of the various sections of the Hurricane litigation umbrella (i.e., separate trials for MR-GO, Levee failure, Insurance claims, etc.). The defendants' motion to deconsolidate at this stage of the cases is premature.

## DECONSOLIDATION IS NOT APPROPRIATE FOR THE CASE AT BAR

Not only is Deconsolidation not a favored remedy at this stage of the proceedings, but such remedy would lead to judicial inefficiencies for the same reasons set forth below in the section on severance. Also, efficiency would follow not only from saved redundancies of effort in discovery but also from the avoidance of possibly inconsistent judgments concerning cause in Chehardy and Vanderbrook, on the one hand, and in the Levee Cases, on the other hand.

As to fairness, consolidation has very little effect on the Insurer Defendants. They complain of having to attend to all these negligence matters that are of no concern to them. Relief is in their own hands. The Court has directed the parties to cooperate to develop a scheduling order and organizational structure to address the exact issues the Defendants raise in their Motion. If the Insurer Defendants are so convinced of the irrelevancy of the negligence matters to their interests, they can propose a notice procedure which permits them to remain informed, but does not require them to attend or participate in any depositions, motion practice, hearings, etc. which they themselves deem unnecessary.

## SEVERANCE IS NOT APPROPRIATE FOR THE CASE AT BAR

The Insurer Defendants argue that joinder is improper for both the coverage claims and for the bad-faith claims, and so severance under Rule 21 is appropriate. (They also argue further but briefly that even if joinder were proper, severance is still appropriate.) Their argument of joinder's impropriety is without merit. The Insurer Defendants' whole argument for improper joinder rests on the contention that each Vanderbrook plaintiff's claim against its insurer constitutes a separate transaction or occurrence. That is debatable, but it is beside the point, because the sameness of the transaction or occurrence is not a requirement for joinder.

6

Joinder of plaintiffs and defendants is authorized by Rule 20(a) for claims "in respect of or arising out of the same transaction, occurrence, or *series of transactions or occurrences* and if any question of law or fact common to all these persons will arise in the action." The Insurer Defendants restate this requirement by saying at page 11 of their Vanderbrook Memorandum that "to satisfy the joinder requirements, Plaintiffs must demonstrate that the claims against all five Insurer Defendants arise from the same transaction or occurrence _and_ that there exists a common question of law or fact with respect to all parties. Fed.R.Civ.P. 20(a)." Their formulation critically omits the "series" language.

Once the "series" language is read back into Rule 20(a), joinder becomes much more understandable to the case at bar. 7 Wright, Miller & Kane, Federal Practice and Procedure § 1653, at 410-12 (3d ed. 2001), says this about the "series" language:

> Moreover, the flexibility of this standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20. Illustrative of the liberal approach to the concept of same transaction or occurrence employed by many federal courts are cases in which the court permits an injured plaintiff to join both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated plaintiff's original injuries. In a similar vein, language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.

The Court may sever an action where there is no logical relationship between the claims and there is no overlapping proof, evidence, facts or questions of law. Little v. BellSouth Telecommunication, Inc., 1995 WL 468256 at *1 (E.D. La. 1995). Where, as is the case here, the claims are premised upon "similar precipitating events" and involve common questions of

7

fact, the resolution of claims is "best promoted in a single proceeding" as severance would "needlessly increase delays, inconvenience and expense." Id.

The <u>Vanderbrook</u> Claimants' claims involve, among other things, insurance coverage issues that are common, similar, or substantially the same as the issues present in the Levee Cases and the <u>Chehardy</u> case. Contrary to the Insurer Defendant's assertion, the Vanderbrook Claimants' claims do not involve simple interpretations of insurance policy language but, rather, require resolution of factual and legal issues, including, but not limited to, the causes of Policyholders' losses. One of the potential causes is the failure of the Levees which involve the very same discovery that will need to be conducted in the Levee Cases.

Because the <u>Vanderbrook</u>, <u>Chehardy</u> and Levee Cases contain numerous common issues of fact and law, the same or substantially similar evidence will be relevant and material to the issues in these cases. Keeping the <u>Vanderbrook</u> matters and the Levee Cases and <u>Chehardy</u> case on the same docket will permit the overlapping procedural and substantive issues to be addressed in a coordinated manner and the combined discovery period will likely be shortened. <u>Guedry v. Marino</u>, 164 F.R.D. 181, 184 (E.D. La. 1995) (denying motion to sever and rejecting the argument that the large number of claims, evidence and issue would cause confusion or prejudice and that any confusion could be prevented by limiting instructions from the Court). Maintaining the <u>Vanderbrook</u> matter with the Levee Cases and the <u>Chehardy</u> case will conserve judicial resources, avoid piecemeal, repetitive, and possibly inconsistent adjudications by separate courts on substantially the same questions of law and fact. <u>Rodriguez v. Shell Oil Co.</u>, 950 F. Supp.187, 192 (S.D. Tex. 1996) (denying motion to sever that would result in multiple trials and proceedings to resolve related issues). Additionally, the centralized handling of the <u>Vanderbrook</u>, <u>Chehardy</u> and Levee Cases will: (1) avoid duplication of discovery and prevent

inconsistent pretrial rulings; (2) conserve the resources of the parties, their counsel, and the judiciary; (3) promote the efficient utilization of judicial facilities and manpower; and (4) avoid duplicative and inconsistent rulings, orders, or judgments.

**III.**     **CONCLUSION**

For all of the foregoing reasons, Representative Policyholders respectfully request that the Court deny Insurer Defendant's Motion to Sever and Deconsolidate the <u>Vanderbrook</u> matter.

Respectfully Submitted:

*/s/ Calvin C. Fayard, Jr.*

Calvin C. Fayard, Jr. (No. 5486)
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

Joseph Bruno (La. Bar No. 3604)
David S. Scalia (La. Bar No. 21369)
BRUNO & BRUNO
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 525-1335
Fax: (504) 561-6775

AND

John N. Ellison, Esq.
Darin McMullen, Esq.
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Ph: (215) 568-4202
Fax: (215) 568-4375

9

AND

Joseph J. McKernan (La. Bar No. 10027)
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew Ranier (La. Bar No. 8320)
N. Frank Elliot III (La. Bar No. 23054)
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

AND

Larry D. Dyess (La. Bar No.19555)
LARRY D. DYESS, APLC
4637 Jamestown Avenue, Suite C
Baton Rouge, LA 70808
Ph: (225) 928-0019
Fax: (225) 924-0141

Attorneys For Representative Policyholders

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of June, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, or by hand delivery, or by fax, e-mail or other electronic means.

_____