UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| **Plaintiffs** | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C., ET AL. | * | |
| | * | MAGISTRATE NO. 2 |
| **Defendants** | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| LEVEE CASES: 05-4181, 05-6324, | * | |
| 05-4182, 05-6327, 05-5237, 05-6359, | * | |
| 05-6073, 06-2346, | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OMNIBUS MEMORANDUM IN OPPOSITION TO THE RULE 12(B)(6) JOINT MOTION AND RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF PEREMPTION TO DISMISS THE LEVEE AND MRGO GROUPS OF PLAINTIFFS' COMPLAINTS ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC., BURK-KLEINPETER, INC., AND MODJESKI AND MASTERS, INC**

**NOW INTO COURT,** through undersigned counsel, comes the Levee Breach Litigation

Group (hereinafter, "Plaintiffs"), who respectfully opposes Eustis Engineering Company, Inc.,

Burk-Kleinpeter, Inc., and Modjeski and Masters, Inc.'s (hereinafter, "The Engineers") Rule

12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative

-1-

Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints and offers the following:

## 1. Overview

### A.   A Brief Overview of Defendants' Motions

In their understandable haste to be dismissed from these proceedings, the Engineers have submitted, in essence, six (6) motions - three (3) Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (with a Motion for Summary Judgment in the Alternative) and three (3) Motions for Summary Judgment. Plaintiffs will oppose each set of motions in turn so as not to confuse an already mind-boggling milieu of issues.

### B.   A Brief Initial Response to Defendants' Motions

The Engineers' Motions for Summary Judgment are replete with factual errors, omissions of fact, self-serving conclusions of fact, and blatant misrepresentations. Plaintiffs are lead to doubt the veracity of the Engineers' Motions on their face. These errors will be discussed at length hereinbelow, but, by way of example, Plaintiffs point out one of the most conspicuous misrepresentations here.

In its Rule 56 Statement of Material Facts as Basis for Motion to Dismiss on Peremption, BKI asserts that: "(5) BKI did not contract to, and did not, perform any inspection of the construction of the levees/floodwalls along the London Avenue Canal." (Doc. 463-6, page 2). In support of this statement, BKI refers to the Affidavit of Michael G. Jackson at paragraph 33 which states: "In other words, BKI was **specifically excluded from rendering any services on construction administration or inspection; and BKI performed no construction inspection**

-2-

**on this project.**" (Doc. 463-4, page 14).  However, on BKI's own website at

www.bkiusa.com/londoncanal.htm, (a copy of which is attached hereto as Exhibit "A"), BKI

states the following in connection with its activities regarding the London Avenue Canal

Floodwall and Levee Improvements: "BKI prepared a general design memorandum, construction

plans and specifications, **and provided construction administration including resident

inspection for the levee.**"  Due to this blatant misrepresentation on the face of the Engineers'

own pleadings, Plaintiffs and this Honorable Court should be wary of the Engineers'

representations, or misrepresentations, as the case may be.


### 2.  The Rule 12(b)(6) Motions to Dismiss

#### A.  The Engineers' Assertions

The Engineers each assert that Plaintiffs have failed to state good claims on the Canals

and on the MRGO where the Engineers did nothing (the "no services rendered" argument).

Specifically, BKI states that: "BKI performed no services on, and had nothing to do with the

MRGO, the Industrial Canal or with the structures that failed on the 17th Street Canal."   Eustis

states that: "Eustis performed no services on, and had nothing to do with the MRGO."  Modjeski

states that: "Modjeski performed no services on, and had nothing to do with the MRGO, Orleans

Avenue Canal or London Avenue Canal." (Doc. 463-2, page 7).

#### B.  Law and Argument

Plaintiffs submit that granting the Engineers' Motions to Dismiss for Failure to State a

Claim Upon Which Relief Can Be Granted with prejudice at this stage of the proceedings is an

unnecessarily harsh remedy.  Plaintiffs respectfully request the opportunity to submit to the Court

an amended Master Complaint that would remedy any alleged "defects" complained of in the

Engineers' Motions to Dismiss.  This Honorable Court has previously laid out the legal standard

for a 12(b)(6) Motion to Dismiss as follows:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule
> 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all
> facts pleaded in the original complaint must be taken as true. (Footnote omitted).
> A district court may not dismiss a complaint under FRCP 12(b)(6) 'unless it
> appears beyond doubt that the plaintiff can prove no set of facts in support of his
> claim which would entitle him to relief.' (Footnote omitted).  The Fifth Circuit
> defines this strict standard as, 'The question therefore is whether in the light most
> favorable to the plaintiff and with every doubt resolved in his behalf, the
> complaint states any valid claim for relief.' (Footnote omitted).  See Doc. 40, page
> 3.

Moreover, the law is clear that Plaintiffs should be given every opportunity with which to state a

claim.

> As a general guide to the interpretation of the Federal Rules of Civil Procedure,
> the Supreme Court has stated:  **The federal rules reject the approach that
> pleading is a game of skill in which one misstep by counsel may be decisive to
> the outcome and accept the principle that the purpose of pleading is to
> facilitate a proper decision on the merits**. *Conley v. Gibson*, 355 U.S. 41, 48,
> 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).  **It is the well-established policy of the
> federal rules that the plaintiff be given every opportunity to state a claim**.
> *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  Emphasis added.

    In order to facilitate a proper decision on the merits, Plaintiffs should be allowed to

amend Plaintiffs' pleadings vis a vis a Master Complaint to reflect the proper parties.  In doing

so, Plaintiffs will ameliorate any uncertainty which may currently exist.  For purposes of

illustrating the complexity of ascertaining the appropriate Defendants and their respective work

on each levee system in question, in its Motion to Dismiss, BKI stated that it "performed no

services on, and had nothing to do with the MRGO, the Industrial Canal **or with the structures**

that failed on the 17th Street Canal." (Doc. 463-2, page 7). However, in its Initial Disclosures,

BKI stated the following:

> Out of an abundance of caution, BKI notes that in the last 15 years, BKI has
> completed four projects on the 17th Street Canal. However, none of the projects
> was anywhere near the levee breaches during Katrina. In the interest of full
> disclosure, a list of those projects and their locations are as follows. (Doc. 152,
> page 5).

Per this Honorable Court's Order dated April 6, 2006, Defendants were ordered to make certain

disclosures regarding their work on certain levees so that Plaintiffs would have more information

with which to amend their Complaints. Now, Defendant, BKI, is attempting to insulate itself

from prosecution with regard to the 17th Street Canal by making a convenient leap in logic that,

while BKI did work on the 17th Street Canal, the work was too remote from the breaches to have

contributed to the failures in the levee system. Other Defendants submit this argument as well

and Plaintiffs contend that this "remoteness" argument is simply self-serving on the part of

Defendants and discovery is necessary to determine the distance, if any, at which work on one

part of a complex and intertwined levee system has any impact on another part of that same

system. At this time, Defendants should not be able to obtain a dismissal with prejudice simply

because they think they should. A grant of dismissal with prejudice as to BKI with regard to the

17th Street Canal is premature. The Engineers' Rule 12(b)(6) Motions to Dismiss for Failure to

State a Claim Upon Which Relief Can Be Granted should be denied and Plaintiffs should be

allowed to amend their Complaint.

### 3. The Rule 56 Motions for Summary Judgment

### A. The Engineers' "No Services Rendered" Argument for Dismissal Under Rule 12(b)(6), or, in the Alternative, Under Rule 56

In the alternative to the argument that the Engineers should be dismissed under Rule 12(b)(6), the Engineers contend that dismissal is warranted under Rule 56 because certain Engineers were allegedly wrongfully named in connection with certain levee systems. As stated hereinabove, Plaintiffs submit that the dismissal of the Engineers with prejudice at this time is an unnecessarily harsh remedy and Plaintiffs should be afforded the opportunity to amend via a Master Complaint before the issue of whether or not a certain engineer worked on a certain levee system is determined. For example, according to its own Initial Disclosures, it is clear that BKI performed work on the 17th Street Canal, yet BKI insists that no services were rendered with regard to the 17th Street Canal in one of the many tables set forth in the Engineers' Motion (Doc. 463-2, page 10, Table A). Plaintiffs reiterate that any dismissal of alleged incorrect Engineers on certain Canals and on the MRGO can be more easily remedied by amendment rather than dismissal with prejudice. The Engineers' Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or, in the Alternative Under Rule 56 should be denied and Plaintiffs should be allowed to amend their Complaint.

## B.  The Combined Engineers' Wholesale Argument

Put simply, the Engineers contend that Plaintiffs' claims are perempted pursuant to LA.REV.STAT.ANN. § 9:5607 (2005) which states in pertinent part:

> A.     No action for damages against any professional engineer...or other similar licensee licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise **arising out of an engagement to provide any manner of movable or immovable planning, construction, design or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work**, shall be brought unless filed...at the latest within five years from:

(1) The date of registry in the mortgage office of acceptance of the work by owner; or

(2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or

(3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work...

E.     The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.  Emphasis added.

The Engineers contend that the Engineers are entitled to Summary Judgment because (1) each of the Engineers is licensed; (2) each Engineer completed the last engineering services on the Levee and Flood Wall Projects **that breached** on or before September 18, 2000, or, alternatively, each Engineer's work was either accepted under a recorded instrument or accepted by the Corps of Engineers on or before September 18, 2000; and (3) Plaintiffs' first-filed complaint is dated September 19, 2005, more than five years after the Engineers completed all engineering services on the perempted projects.

## C.  Law and Argument

The Engineers' Motions for Summary Judgment should be denied.  Each Motion will be discussed, in turn, below.  However, the same legal standards apply to each of the Motions. Federal Rule of Civil Procedure, Rule 56 states that summary judgment must be granted if "there is no genuine issue as to any material fact and...the moving party is entitled to summary judgment as a matter of law."  *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *U.S.*

*Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863 (5th Cir. 1996). The moving party

must establish that there is an absence of any genuine issue as to any material fact when viewed

in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970). Further, the burden of proof falls upon the party seeking the summary judgment, and

all reasonable doubts as to the existence of a genuine issue of material fact "must be resolved

against the moving party." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980);

*Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980). Also see *Alabama Farm

Bureau Mut. Cas. Co. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979). "If

the moving party fails to meet this initial burden, the motion must be denied, regardless of the

nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The

"party opposing the motion is to be given the benefit of all reasonable doubt in determining

whether a genuine factual issue exists." *Kellerman v. Askew*, 541 F.2d 1089, 1092 (5th Cir.

1976). In considering a summary judgment motion, the inferences most favorable to the party

opposing the motion will be drawn. *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 214 (5th

Cir. 1976). Such inferences may create disputes regarding basic facts or regarding facts to be

inferred from such facts. *Alabama Farm Bureau Mut. Cas. Co. v. American Fidelity Life Ins.

Co.*, 606 F.2d 602 (5th Cir. 1979). It is within this framework that the Engineers' Motions for

Summary Judgment must be denied.

## D.  Opposition to BKI's Motion for Summary Judgment

The party moving for summary judgment has the burden of clearly establishing the

absence of a genuine issue of material fact. Plaintiffs respectfully submit that  genuine issues of

material fact exist with regard to BKI's performance of services in connection with the 17th Street

Canal and the London Avenue Canal.

### 1.  The 17th Street Canal

In its Rule 56 Statement of Material Facts as Basis for Motion to Dismiss on Peremption,
BKI states unequivocally that: "BKI did no engineering, nor any other work on, or in connection
with, the flood protection structures on the 17th Street or Industrial Canal which failed during or
after Hurricane Katrina." (Doc. 463-6, page 2).  First, this statement is misleading in that BKI
performed work on the 17th Street Canal as divulged in its Court-Ordered Disclosures (Doc. 152).
BKI draws a distinction between work on the flood protection structures on the 17th Street Canal
that was performed and work on the flood protection structures on the 17th Street Canal **which
failed**.  BKI ignores the fact that LA.REV.STAT.ANN. § 9:5607 (2005) does not provide for
such distinctions when it states that: an action for damages [can be brought against] a
professional engineer arising out of an engagement to provide any manner of movable or
immovable planning, construction, design or building, which may include but is not limited to
consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or
administration related to any building, construction, demolition, or work.

Whether or not BKI's work on the 17th Street Canal related in any way to the breaches at
issue in this case is a question of fact that has yet to be determined and certainly cannot be
concluded now as a matter of law.  BKI stated that it performed services on parts of the 17th
Street Canal in 2000 and 2004 which would put its work well within the preemptive period
thereby disallowing BKI's defense of peremption.  Discovery is necessary to determine the
distance, if any, at which work on one part of a complex and intertwined levee system has any
impact on another part of that same system.  Moreover, discovery is necessary to determine if

BKI obtained any knowledge before, during, or after its work on different parts of the levee system encompassing the 17th Street Canal that may have contributed to the breaches at issue in this matter. Any silence or failure to act, should it be discovered that BKI had knowledge, would constitute fraud under Civil Code Article 1953 which also provides an exception to the defense of peremption. Fraud, as defined by Article 1953, is:

> a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. **Fraud may also result from silence or inaction.** Emphasis added.

The comments to Article 1953 are also highly instructive here. The comment states as follows:

> (b) Under this Article, fraud may result not only from an act, such as a false assertion or suppression of the truth, but also from a **failure to act, such as silence**, that is calculated to produce a misleading effect. Emphasis added.

Plaintiffs respectfully submit that discovery is necessary with regard to these very serious potential fraud allegations. Plaintiffs did not previously allege fraud due to Rule 11 constraints. However, Plaintiffs contend that discovery is necessary and should be allowed so as to bring before this Honorable Court a full and complete factual record from which to render judgment. BKI has not shown that no genuine issue of material fact exists with regard to its work performed in connection with the 17th Street Canal and summary judgment should be denied.

### 2. The London Avenue Canal

In its Rule 56 Statement of Material Facts as Basis for Motion to Dismiss on Peremption, BKI asserts that: "(4) The drawings and specifications which BKI produced to fulfill BKI's Supplemental Agreement were 'completed 100%' no later than August 15, 1994." (Doc. 463-6, page 2). BKI contradicts itself again by stating that the Supplemental Agreement contained three additional projects, but BKI does not demonstrate the date on which each of these projects,

-10-

pursuant to the criterion set forth in § 9:5607, were either completed on or before September 18, 2000 or that BKI's work was either accepted under a recorded instrument or accepted by the Corps of Engineers on or before September 18, 2000. This presents a genuine issue of material fact that is in dispute rather than historical dates which "cannot reasonably be disputed" as set forth in the Engineers' Motion.

Most importantly, BKI asserts that: "(5) BKI did not contract to, and did not, perform any inspection of the construction of the levees/floodwalls along the London Avenue Canal." (Doc. 463-6, page 2). In support of this statement, BKI refers to the Affidavit of Michael G. Jackson at paragraph 33 which states: "In other words, BKI was **specifically excluded from rendering any services on construction administration or inspection; and BKI performed no construction inspection on this project."** .(Doc. 463-4, page 14). Plaintiffs submit that a genuine issue of material fact also exists with regard to this statement. On its own website at www.bkiusa.com/londoncanal.htm, (a copy of which is attached hereto as Exhibit "A"), BKI states the following in connection with its activities regarding the London Avenue Canal Floodwall and Levee Improvements: "BKI prepared a general design memorandum, construction plans and specifications, **and provided construction administration including resident inspection for the levee."** In light of BKI's blatant misrepresentation of fact, Plaintiffs submit that a genuine issue of material fact exists and that BKI's Motion for Summary Judgment relative to its services rendered in connection with the London Avenue Canal be denied.

Plaintiffs respectfully submit that BKI's Motion for Summary Judgment be denied. Alternatively, Plaintiffs respectfully request that further discovery be allowed in order to properly oppose BKI's Motion for Summary Judgment for the reasons more fully set forth in Plaintiffs'

attached Rule 56(f) affidavit regarding BKI attached hereto as Exhibit "B".

**E.  Opposition to Eustis Engineering's Motion for Summary Judgment**

The party moving for summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact.  Plaintiffs respectfully submit that  genuine issues of material fact exist with regard to Eustis' performance of services in connection with the 17th Street Canal, the London Avenue Canal, and the Inner Harbor Navigation Canal (hereinafter, "Industrial Canal").

**1.  The 17th Street Canal**

At this time, Plaintiffs respectfully submit that more discovery is necessary in order to properly oppose Eustis' Motion for Summary Judgment with respect to the 17th Street Canal. Granting summary judgment before any discovery at all is generally improper.  *Hellstrom v. United States Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir.  2000).  As discussed hereinabove, fraud is an exception to peremption that would disallow the defense of peremption during any time period.  Discovery is necessary to determine if Eustis obtained any knowledge before, during, or after its work on different parts of the levee system encompassing the 17th Street Canal that may have contributed to the breaches at issue in this matter. Plaintiffs respectfully request that further discovery be allowed in order to properly oppose Eustis' Motion for Summary Judgment for the reasons more fully set forth in Plaintiffs' attached Rule 56(f) affidavit regarding Eustis attached hereto as Exhibit "C".

**2.  The London Avenue Canal**

In connection with the London Avenue Canal, Eustis attempts to set forth an identical argument to that of BKI - that Eustis' work admittedly performed within the peremptive

-12-

period has no connection to the levee failures. Again, whether or not Eustis' work at Pump Station No. 4 on the London Avenue Canal (in 2002) related in any way to the breaches at issue in this case is a question of fact that has yet to be determined and certainly cannot be concluded now as a matter of law. Moreover, work at pumping stations cannot be disregarded out of hand because it has not yet been determined if the pumping at the various canals contributed to the levee breaches. Simply because the services performed were three quarters of a mile away from the breach does not mean that the knowledge gained as a result of that work could not have contributed to the breaches made the basis of these lawsuits. The Engineers continue to make convenient leaps of logic in this regard that are not suited to summary judgement treatment. Plaintiffs submit that a genuine issue of material fact exists and that Eustis' Motion for Summary Judgment relative to its services rendered in connection with the London Avenue Canal be denied.

### 3. The Industrial Canal

The argument advanced by Plaintiffs with regard to Eustis' work on the London Avenue Canal is identical to the argument regarding Eustis' services in connection with the Industrial Canal. Eustis performed work on the Industrial Canal in 2000 and 2002, well within the period of peremptive limitations sought in the Engineers' Motion. Again, Eustis asserts that the projects undertaken during this timeframe "had nothing to do with the areas that breached." Please see arguments hereinabove at paragraphs D-1 and E-2 regarding this nonsensical approach by the Engineers and Plaintiffs' assertion that the relation of a certain work to a certain breach is a question of fact yet to be determined. Plaintiffs submit that a genuine issue of material fact exists and that Eustis' Motion for Summary Judgment relative to its services rendered in connection

with the Industrial Canal be denied.

## F.  Opposition to Modjeski and Masters, Inc.'s Motion for Summary Judgment

At this time, Plaintiffs respectfully submit that more discovery is necessary in order to properly oppose Modjeski's Motion for Summary Judgment with respect to the 17th Street Canal. Granting summary judgment before any discovery at all is generally improper. *Hellstrom v. United States Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir.  2000).  As discussed hereinabove, fraud is an exception to peremption that would disallow the defense of peremption during any time period.

### 1.  The Potential Systemic Design Flaw

As everyone is very well aware, there are many theories regarding the cause of the failures in the levee systems in connection with the 17th Street Canal.  Plaintiffs are specifically interested in discovery regarding the theory that Eustis and Modjeski and Masters miscalculated the depth of the sheet pilings given their knowledge of the soil data which allowed the waters from the Canal to flow underneath the sheet piles.  Bob Marshall of the Times Picayune reported the following:

> They also found evidence that homeowners along the 17th Street Canal near what would be the site of the breach **had been reporting on persistent seepage from the canal flooding their yards for a year prior to Hurricane Katrina**. Other studies showed that the levee floodwalls on the 17th Street Canal were 'destined to fail', from bad Army Corps of Engineers design, saying in part, 'that miscalculation was so obvious and fundamental,' investigators said, they, '**could not fathom how the design team of engineers from the corps, local firms Eustis Engineering and the national firm Modjeski and Masters could have missed what is being termed the costliest engineering mistake in American history**.  Marshall, Bob, *17th Street Canal Levee Was Doomed*, Times Picayune, 12-05-05.

-14-

Plaintiffs submit that the miscalculations in the designs by Modjeski and Eustis led to a systemic

design problem that might have caused issues at each of the breach sites, a systemic problem

possibly resulting in a domino effect.  Discovery is necessary to determine if Modjeski obtained

any knowledge  before, during, or after its work on different parts of the levee system

encompassing the 17th Street Canal that may have contributed to the breaches at issue in this

matter. Discovery is necessary to determine whether or not Modjeski and Eustis were made

aware of the canal flooding in its neighbors yards.  Plaintiffs respectfully request that further

discovery be allowed in order to properly oppose Modjeski's Motion for Summary Judgment for

the reasons more fully set forth in Plaintiffs' attached Rule 56(f) affidavit regarding Modjeski

attached hereto as Exhibit "D".

### G.  The Peremptive Periods Vary from 5-10 years and, Thus, Not All of Defendants' Claims for "Services Completed" or on Work Accepted and Recorded or Occupied before September 18, 2000 are Perempted.

The Engineering Defendants all claim that the peremptive period for all of the Engineers'

services performed is five years and, therefore, all claims for "services completed" or on work

accepted and recorded or occupied before September 18, 2000 are perempted.  However,

LA.REV.STAT.ANN. § 9:5607 (2005) was not enacted until 2003.  Any claims for

deficiencies in surveying, design, supervision or construction of immovables should be

permissible under the previous ten and seven year peremptive dates afforded by

LA.REV.STAT.ANN. § 9:2772.

Revised Statute § 9:2772 provides a peremptive period for "actions involving deficiencies

in surveying, design, supervision, or construction of immovables or improvements thereon." First

enacted in 1964, the statute has a somewhat complicated history, having been amended a total of

-15-

nine times. Until Acts 1999, No. 1024, § 1, which became effective on August 15 of that year, the statute provided a ten-year period. The 1999 amendment substituted a seven year period for the ten year period and specifically stated that the amendment was to have prospective application only and was to apply only to contracts entered into on or after its effective date. Acts 2003, No. 919, § 1, which became effective on August 15, 2003, substituted a five year period for the seven year period. Unlike prior enactments, however, the current statute does not indicate whether it is to apply retrospectively, or which contracts it is intended to affect.

Revised Statute § 9:2772 provides two trigger dates for its peremptive period: (1) the date of registry in the mortgage office of acceptance of the work by the owner, and (2) if no such acceptance is recorded, the date the owner has occupied or taken possession of the improvement. Because Plaintiffs' claims arose out of conduct which occurred in the 1990's, the former ten year provision should apply. The legislature shortened the peremptive period after the conduct giving rise to Plaintiffs' suit, and the law cannot be applied retroactively without disturbing Plaintiffs' constitutional due process rights.

Louisiana Civil Code Article 6 provides that in the absence of contrary legislative expression, "substantive laws apply prospectively only," and procedural and interpretive laws apply "both prospectively and retroactively." This general rule, however, is subject "to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights." *Lott v. Haley*, 370 So.2d 521, 523 (La. 1979). Statutes of limitation, like any other procedural or remedial law, "cannot consistently with state and federal constitutions apply retroactively to disturb a person of a

preexisting right." *Id*. "Nonetheless, a newly-created statute of limitation of one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable tiome for those affected by the act to assert their rights." *Id*. Finally, "where an injury has occurred for which the injured party has a cause of action, such cause of action is a **vested property right** which is protected by the guarantee of due process." *Id*. Emphasis added.

For example, in *Lott v. Haley*, *supra*, the Louisiana Supreme Court held that the plaintiff's medical malpractice claim for damages "vested" in January, 1972: "the date of the alleged act of negligence giving rise to plaintiff's injuries." *Id*. This date occurred prior to the legislature's enactment of the three-year prescriptive period found in Revised Statute § 9:5628, which became effective in September, 1975. However, Plaintiff did not discover his injury until 1976. *Id*. Under the law prior to the 1975 amendment, Plaintiff's claim was timely because it was filed less than one year after Plaintiff discovered his injury. *Id*. Thus, the court held that the newer three-year prescriptive period could not be applied retroactively; otherwise, it would operate to eliminate Plaintiff's vested right to sue without providing a reasonable period following its enactment to assert a claim, in violation of plaintiff's state and federal due process guarantees. *Id*.

Defendant's negligent acts occurred in the 1990's – *prior* to the legislature's shortening of the peremptive period for claims regarding design deficiencies in 2003. Furthermore, Plaintiffs were not apprised of Defendants' negligence until, at the earliest, August 29, 2005. Under the law prior to the amendments, Plaintiffs' claims with regard to many of the

-17-

Engineers' projects are timely because they were brought within ten years of Defendants'
negligent acts. Accordingly, this Court should not apply the statute retroactively, for to do so
would unconstitutionally eliminate Plaintiffs' vested rights to sue.

Based on the above, the five-year peremptive period, enacted in 2003, cannot serve to
defeat Plaintiffs' claims. Retroactive application of this provision would be unconstitutional.
Instead, the ten-year provision–which was in effect at the time Plaintiffs' rights vested– applies,
and Plaintiffs' claims with regard to many of the Engineers' projects are timely filed within the
applicable peremptive period.

## H. Conclusion

Based on the above and foregoing, the Engineers' Motions should be denied. The
Engineers' Rule 12(b)(6) Motions to Dismiss for Failure to State A Claim Upon Which Relief
Can Be Granted, or, in the Alternative Under Rule 56 should be denied and Plaintiffs should be
allowed to amend their Complaint vis a vis a Master Complaint.

BKI's Motion for Summary Judgment should be denied as Plaintiffs have demonstrated
that genuine issues of material facts exist. (Please see Statement of Contested Material Facts
attached hereto as Exhibit "E"). In the alternative, Plaintiffs should be allowed to commence
discovery to further oppose BKI's Motion as requested in Plaintiffs' Rule 56(f) Affidavit
previously attached hereto as Exhibit "B".

Eustis' Motion for Summary Judgment should be denied as Plaintiffs have demonstrated
that genuine issues of material facts exist. (Please see Statement of Contested Material Facts
attached hereto as Exhibit "F"). In the alternative, Plaintiffs should be allowed to commence

discovery to further oppose Eustis' Motion as requested in Plaintiffs' Rule 56(f) Affidavit previously attached hereto as Exhibit "C".

Modjeski and Master's Motion for Summary Judgment should be denied and Plaintiffs should be allowed to commence discovery to further oppose Modjeski's Motion as requested in Plaintiffs' Rule 56(f) Affidavit previously attached hereto as Exhibit "D".

Respectfully submitted,

BRUNO & BRUNO, LLP

BY:_____
    JOSEPH M. BRUNO, Esq.( La. Bar No. 3604)
    DAVID S. SCALIA, Esq. (La. Bar No. 21369)
    L. SCOTT JOANEN, Esq. (La. Bar No. 21431)
    855 Baronne Street
    New Orleans, Louisiana 70113
    Telephone: (504) 525-1335
    **LIAISON COUNSEL**
    **ON BEHALF OF THE LEVEE**
    **BREACH LITIGATION GROUP**

    AND

    Daniel E. Becnel, Jr., Esq. La Bar No. 2926
    Calvin Fayard, Esq. La Bar No. 5486
    Hugh P. Lambert, Esq., La Bar No. 7933
    Gerald E. Meunier, Esq. La Bar No. 9471
    **EXECUTIVE COMMITTEE OF THE LEVEE**
    **BREACH LITIGATION GROUP**

    AND

    Walter C. Dumas, Esq. La Bar No. 5163
    F. Gerald Maples, Esq. La Bar No. 25960
    Ashton R. O'Dwyer, Jr., Esq. La Bar No. 10166

-19-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record by placing same in the United States mail, properly addressed and with first class postage prepaid, or by hand delivery, or by facsimile, e-mail, or other electronic means, this 29 day of _June_, 2006.

_____
Joseph M. Bruno

-20-