UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| Plaintiffs | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | |
| | * | |
| | * | MAGISTRATE NO. 2 |
| Defendants | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| LEVEE CASES: | * | |
| 05-4181, 06-0225, 05-6323 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLAIMS FOR ATTORNEYS' FEES

Plaintiffs, through "the Levee Group" arm of the "Preliminary Master Committee" ["PMC"], respectfully submit this Memorandum in Opposition to the Motion to Dismiss Claims for Attorneys' Fees jointly filed by the Board of Commissioners of the Orleans Parish Levee District ["OLD"] and the Sewerage and Water Board of New Orleans ["SWB"]. Because Louisiana Code of Civil Procedure Article 595 permits recovery of attorneys' fees, this Court should deny the motion as a

matter of law.

I. **BACKGROUND**:

On August 29, 2005, Hurricane Katrina hit the Gulf Coast as a strong Category 3 hurricane, leading to the most destructive urban disaster in American history. Three levees which had been engineered to protect the City of New Orleans– levees situated along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal– failed in the storm's wake. An estimated 80% of the City was inundated by the resulting flood waters.

It is now clear that, strong a hurricane as it was, Katrina was not the cause of this catastrophe. Woefully inadequate in both design and construction, the aforesaid levees failed to protect against this storm as they were intended to do. Had the protection expected by its citizens been afforded, Greater New Orleans would have been spared.

While investigation into the causes of the levees' failures continues, substantial evidence nonetheless exists that they were negligently designed, constructed, and maintained. Consequently, numerous plaintiffs have filed actions for damages against the various parties responsible for the levees' design and construction. Their causes of action now are consolidated before this Court. Three such actions– *Maureen O'Dwyer, et al v. United States of America, Frederick Bradley, et al v. Pittman Construction Co., Inc., et al,*[1] and *Richard Vanderbrook, et al v. State Farm Fire and Casualty Co., et al*– pray for attorneys' fees.

The PMC has not yet been afforded the opportunity to prepare administrative master complaints. Nevertheless, Defendant's Motion to Dismiss the Claims for Attorneys' Fees fails as

---

[1] The Bradley case was originally filed in state court and subsequently was removed to this Court. The Original Petition sets forth class allegations and prays for attorneys' fees pursuant to Louisiana Code of Civil Procedure Article 595.

2

a matter of law, since attorney fees are recoverable in Louisiana class actions.

II. **LAW AND ARGUMENT**:

    A. **Standard for Granting a Rule 12(b)(6) Motion to Dismiss**.

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *Southern Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). In considering a Rule 12(b)(6) motion to dismiss, this Court must take the well-pleaded factual allegations of the complaints as true. *Jaufre v. Taylor*, No. Civ. A. 03-0028, 04 WL 1444945, at *1 (E.D.La. 6/25/04) (citing *Baker v. Putnal* 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991)). Furthermore, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 310 (5th Cir. 2002). The issue is not whether plaintiffs will ultimately prevail, but whether plaintiffs are entitled to offer evidence to support their claim. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Accordingly, the court may dismiss a complaint "only if it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." *Jaufre*, at *1.

    B. **Plaintiffs are entitled to attorneys' fees pursuant to Louisiana Code of Civil Procedure Article 595**.

It is unknown whether this Court will certify a class or classes at some point in the future. However, if a class is certified, attorneys' fees will be recoverable in this federal diversity case under Louisiana Code of Civil Procedure Article 595. The Fifth Circuit has held that, when a federal court sits in diversity, entitlement to attorney's fees is governed by state law, as the issue is substantive.

*See Grant v. Chevron*, 309 F.3d 864, n. 37 (5th Cir. 2002).

Louisiana Code of Civil Procedure Article 595 allows the representative parties their "reasonable expenses of litigation, including attorney's fee. . ." Hence, although an <u>individual</u> Louisiana tort action would not allow the award of attorneys' fees in the event that a defendant were cast in judgment (absent special legislation), <u>class actions</u> in Louisiana constitute an exception to the rule against the recovery of legal fees in tort cases. *Grant*, 309 F.3d at 871. Since the well-pled allegations of the above class action filings must be considered true for present purposes, a legal basis for the award of attorney's fees exists herein.

### III. **CONCLUSION**:

Based on the foregoing, Plaintiffs respectfully request the Court to deny the Defendants' Motion to Dismiss. Louisiana Code of Civil Procedure Article 595 allows class representatives to recover attorneys' fees, and, because the law is substantive, Plaintiffs would be entitled to recover fees in this forum, should the referenced cases be allowed to proceed as class actions and should the plaintiff class prevail against the moving defendants.

Respectfully submitted,

BRUNO & BRUNO, LLP

BY:_____
JOSEPH M. BRUNO, Esq.( La. Bar No. 3604)
DAVID S. SCALIA, Esq. (La. Bar No. 21369)
L. SCOTT JOANEN, Esq. (La. Bar No. 21431)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
**LIAISON COUNSEL**
**ON BEHALF OF THE LEVEE**

**BREACH LITIGATION GROUP**

AND

Daniel E. Becnel, Jr., Esq. La Bar No. 2926
Calvin Fayard, Esq. La Bar No. 5486
Hugh P. Lambert, Esq., La Bar No. 7933
Gerald E. Meunier, Esq. La Bar No. 9471
**EXECUTIVE COMMITTEE OF THE LEVEE BREACH LITIGATION GROUP**

AND

Walter C. Dumas, Esq. La Bar No. 5163
F. Gerald Maples, Esq. La Bar No. 25960
Ashton R. O'Dwyer, Jr., Esq. La Bar No. 10166

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record by placing same in the United States mail, properly addressed and with first class postage prepaid, or by hand delivery, or by facsimile, e-mail, or other electronic means, this _____ day of ___June___, 2006.

_____
Joseph M. Bruno