# EXHIBIT A





# BURK-KLEINPETER, IN

## London Avenue Canal Floodwall and Levee Improvements



In order to protect the City of New Orleans from hurricane tidal flooding from Lake Pontchartrain, the Orleans Levee District chose Burk-Kleinpeter, Inc. to design six miles of earthen levees and sheetpile floodwalls along the London Avenue Canal.

The levees were designed to withhold a 100-year frequency storm, while the I-wall and T-wall floodwalls were designed to withhold a 300-year frequency storm.

BKI prepared a general design memorandum, construction plans and specifications, and provided construction administration including resident inspection for the levee.

The project design included right-of-way plans for temporary and permanent servitudes to implement the flood protection improvements as well as plans for relocating the New Orleans Sewerage and Water Board's primary electrical cable in the vicinity of Drainge Pumping Station No. 4.

The construction cost for the completed levees and sheet-pile wall was $6.5 million.

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181   05-6324 | * | |
| 05-4182   05-6327 | * | |
| 05-5237   05-6359 | * | |
| 05-6073   06-2346 | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE LEVEE BREACH LITIGATION GROUP'S RULE 56(f) AFFIDAVIT REGARDING DEFENDANT, BURK-KLEINPETER, INC.'s, MOTION FOR SUMMARY JUDGMENT

Parish of Orleans

State of Louisiana

      **BEFORE ME**, the undersigned authority, personally came and appeared,

                  **JOSEPH M. BRUNO, ESQ.**

who, after being first duly sworn, deposes and states the following:

1.     Affiant is the appointed liaison counsel for the Levee Breach Litigation Group;

-1-

2. This Affidavit is based on Affiant's personal knowledge regarding facts in connection with the above-captioned matter;

3. Affiant submits this Affidavit in compliance with Federal Rule of Civil Procedure, Rule 56(f) which allows for a party to set forth in an affidavit the reasons why the party is presently unable to present by affidavit facts essential to justify the opposition;

4. Formal discovery has not yet commenced in the above-captioned matter. Plaintiffs do not possess depositions, interrogatories and/or admissions with which to oppose the Summary Judgment motion submitted by BKI. Additional discovery is necessary and will aid in the summary judgment analysis;

5. Plaintiffs should have the opportunity, given the peremption defense, to raise allegations of fraud. Plaintiffs have been unable to assert these very serious potential allegations due to Rule 11 constraints. Plaintiffs should be permitted discovery in this regard which would certainly benefit the summary judgment analysis;

6. Moreover, because no formal discovery has commenced in this action, Plaintiffs are at a severely prejudicial disadvantage. Plaintiffs request the opportunity to discover all of BKI's contracts, correspondence, and documents in connection with the levee systems at issue in this matter specifically with regard to the actual dates of possession, acceptance and recordation, as well as continuing projects;

7. Plaintiffs should be entitled to discover the issues calling into question the veracity of Defendant's submission as Defendant repeatedly contradicts itself in its own motion;

8. Plaintiffs should be entitled to discovery by deposition and other means as to when BKI obtained certain knowledge and what certain knowledge BKI possessed in connection with the engagement to provide any manner of movable or immovable planning, construction, design or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work with regard to the levee systems including, but not limited to, work on the levee systems that did not fail; and

9. This Affidavit is not made for the purposes of delay, but in the interests of justice so as to bring before this Honorable Court a full and complete factual record from which to render judgment.

Affiant has read the foregoing and finds it to be true and correct and within my personal knowledge.

_____
JOSEPH M. BRUNO

Sworn to and subscribed before me,
this 29TH day of June, 2006.

_____
NOTARY PUBLIC
STATE OF LOUISIANA
My commission expires with life.

_David S. Scalia_
(PRINTED NAME)

_24369_
NOTARY NUMBER

# EXHIBIT C

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181     05-6324 | * | |
| 05-4182     05-6327 | * | |
| 05-5237     05-6359 | * | |
| 05-6073     06-2346 | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THE LEVEE BREACH LITIGATION GROUP'S RULE 56(f) AFFIDAVIT REGARDING DEFENDANT, EUSTIS ENGINEERING'S, MOTION FOR SUMMARY JUDGMENT

Parish of Orleans
State of Louisiana

      **BEFORE ME**, the undersigned authority, personally came and appeared,

### JOSEPH M. BRUNO, ESQ.

who, after being first duly sworn, deposes and states the following:

1. Affiant is the appointed liaison counsel for the Levee Breach Litigation Group;

2. This Affidavit is based on Affiant's personal knowledge regarding facts in connection with the above-captioned matter;

3. Affiant submits this Affidavit in compliance with Federal Rule of Civil Procedure, Rule 56(f) which allows for a party to set forth in an affidavit the reasons why the party is presently unable to present by affidavit facts essential to justify the opposition;

4. Formal discovery has not yet commenced in the above-captioned matter. Plaintiffs do not possess depositions, interrogatories and/or admissions with which to oppose the Summary Judgment motion submitted by Eustis

Engineering. Additional discovery is necessary and will aid in the summary judgment analysis;

5. Plaintiffs should have the opportunity, given the peremption defense, to raise allegations of fraud. Plaintiffs have been unable to assert these very serious potential allegations due to Rule 11 constraints. Plaintiffs should be permitted discovery in this regard which would certainly benefit the summary judgment analysis;

6. Moreover, because no formal discovery has commenced in this action, Plaintiffs are at a severely prejudicial disadvantage. Plaintiffs request the opportunity to discover all of Eustis' contracts, correspondence, and documents in connection with the levee systems at issue, no matter if a certain levee failed or not, in this matter specifically with regard to the actual dates of possession, acceptance and recordation, as well as continuing projects;

7. Plaintiffs should be entitled to discovery by deposition and other means as to when Eustis obtained certain knowledge and what certain knowledge Eustis possessed in connection with the engagement to provide any manner of movable or immovable planning, construction, design or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work with regard to the levee systems including, but not limited to, work on the levee systems that did not fail; and

8. This Affidavit is not made for the purposes of delay, but in the interests of justice so as to bring before this Honorable Court a full and complete factual record from which to render judgment.

Affiant has read the foregoing and finds it to be true and correct and within my personal knowledge.

JOSEPH M. BRUNO

Sworn to and subscribed before me, this 29TH day of June, 2006.

NOTARY PUBLIC
STATE OF LOUISIANA
My commission expires with life.

_Daury S. Scaria_
(PRINTED NAME)

21369

-2-

# EXHIBIT D

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181    05-6324 | * | |
| 05-4182    05-6327 | * | |
| 05-5237    05-6359 | * | |
| 05-6073    06-2346 | * | |
| | * | |

**********************************************************

## THE LEVEE BREACH LITIGATION GROUP'S RULE 56(f) AFFIDAVIT REGARDING DEFENDANT, MODJESKI AND MASTERS', MOTION FOR SUMMARY JUDGMENT

Parish of Orleans
State of Louisiana

  **BEFORE ME**, the undersigned authority, personally came and appeared,

### JOSEPH M. BRUNO, ESQ.

who, after being first duly sworn, deposes and states the following:

1. Affiant is the appointed liaison counsel for the Levee Breach Litigation Group;

2. This Affidavit is based on Affiant's personal knowledge regarding facts in connection with the above-captioned matter. Affiant submits this Affidavit for purposes of Rule 56(f) and in lieu of a Statement of Contested Facts;

3. Affiant submits this Affidavit in compliance with Federal Rule of Civil Procedure, Rule 56(f) which allows for a party to set forth in an affidavit the reasons why the party is presently unable to present by affidavit facts essential to justify the opposition;

4. Formal discovery has not yet commenced in the above-captioned matter. Plaintiffs do not possess depositions, interrogatories and/or admissions with

      which to oppose the Summary Judgment motion submitted by Modjeski and Masters. Additional discovery is necessary and will aid in the summary judgment analysis;

5. Plaintiffs should have the opportunity, given the peremption defense, to raise allegations of fraud. Plaintiffs have been unable to assert these very serious potential allegations due to Rule 11 constraints. Plaintiffs should be permitted discovery in this regard which would certainly benefit the summary judgment analysis;

6. Moreover, because no formal discovery has commenced in this action, Plaintiffs are at a severely prejudicial disadvantage. Plaintiffs request the opportunity to discover all of Modjeski and Masters' contracts, correspondence, and documents in connection with the levee systems at issue, no matter if a certain levee failed or not, in this matter specifically with regard to the actual dates of possession, acceptance and recordation, as well as continuing projects;

7. Plaintiffs should be entitled to discovery by deposition and other means as to when Modjeski and Masters obtained certain knowledge and what certain knowledge Modjeski and Masters possessed in connection with the engagement to provide any manner of movable or immovable planning, construction, design or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work with regard to the levee systems including, but not limited to, work on the levee systems that did not fail; and

8. This Affidavit is not made for the purposes of delay, but in the interests of justice so as to bring before this Honorable Court a full and complete factual record from which to render judgment.

      Affiant has read the foregoing and finds it to be true and correct and within my personal knowledge.

                                              JOSEPH M. BRUNO

Sworn to and subscribed before me,
this 29TH day of June, 2006.

_____
NOTARY PUBLIC
STATE OF LOUISIANA
My commission expires with life.

DAVID S. SCALIA
(PRINTED NAME)

21369

# EXHIBIT E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | SECTION "K"(2) |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181  05-6324 | * | |
| 05-4182  05-6327 | * | |
| 05-5237  05-6359 | * | |
| 05-6073  06-2346 | * | |

************************************************************

## THE LEVEE BREACH LITIGATION GROUP'S STATEMENT OF CONTESTED MATERIAL FACTS REGARDING BURK-KLEINPETER'S RULE 56 MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes the Levee Breach Litigation Group, who respectfully submits this Statement of Contested Material Facts in Opposition to Defendant, BKI's, Motion for Summary Judgment:

1. Whether or not Defendant, BKI, committed fraud pursuant to the provisions of LA.REV.STAT.ANN. § 9:5607 (2005) in connection with any services rendered on any levee system, regardless of whether or not that levee system failed, at any time which action would disallow the defense of peremption;

2. Whether or not a five year, seven year, or ten year peremption period is allowed with regard to Defendant's services rendered on any levee system, regardless of whether or not that levee system failed;

3. Whether or not Defendant's services rendered on levee systems that did not fail fall under the ambit of services included within the peremption periods;

4. Whether or not Defendant rendered any services at any time as those services are defined in LA.REV.STAT.ANN. § 9:5607 (2005) in connection with the 17th Street Canal, the London Avenue Canal, the Industrial Canal, and the MRGO;

-1-

5. Whether or not Defendant possessed knowledge with regard to the levee systems and potential failures;

6. Whether or not Defendant possessed knowledge with regard to the levee systems and potential failures, yet remained silent;

7. Whether or not Defendant should have possessed knowledge with regard to the levee systems and potential failures; and

8. Whether or not Defendant has disclosed all services rendered on all levee systems.

Respectfully submitted,

LAW OFFICES OF BRUNO & BRUNO

BY: _____
JOSEPH M. BRUNO, Esq.
La. Bar No. 3604
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
**LIAISON COUNSEL
ON BEHALF OF THE LEVEE
BREACH LITIGATION GROUP**

AND

Daniel E. Becnel, Jr., Esq. La Bar No. 2926
Calvin Fayard, Esq. La Bar No. 5486
Hugh P. Lambert, Esq., La Bar No. 7933
Gerald E. Meunier, Esq. La Bar No. 9471
**EXECUTIVE COMMITTEE OF THE LEVEE BREACH LITIGATION GROUP**

AND

Walter C. Dumas, Esq. La Bar No. 5163
F. Gerald Maples, Esq. La Bar No. 25960
Ashton R. O'Dwyer, Jr., Esq. La Bar No. 10166

# EXHIBIT F

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| 05-4181   05-6324 | * | |
| 05-4182   05-6327 | * | |
| 05-5237   05-6359 | * | |
| 05-6073   06-2346 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE LEVEE BREACH LITIGATION GROUP'S STATEMENT OF CONTESTED MATERIAL FACTS REGARDING EUSTIS ENGINEERING'S RULE 56 MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes the Levee Breach Litigation Group, who respectfully submits this Statement of Contested Material Facts in Opposition to Defendant, Eustis Engineering's, Motion for Summary Judgment:

1. Whether or not Defendant, Eustis Engineering, committed fraud pursuant to the provisions of LA.REV.STAT.ANN. § 9:5607 (2005) in connection with any services rendered on any levee system, regardless of whether or not that levee system failed, at any time which action would disallow the defense of peremption;

2. Whether or not a five year, seven year, or ten year peremption period is allowed with regard to Defendant's services rendered on any levee system, regardless of whether or not that levee system failed;

3. Whether or not Defendant's services rendered on levee systems that did not fail fall under the ambit of services included within the peremption periods;

4. Whether or not Defendant rendered any services at any time as those services are defined in LA.REV.STAT.ANN. § 9:5607 (2005) in connection with the 17th

-1-

Street Canal, the London Avenue Canal, the Industrial Canal, and the MRGO;

5. Whether or not Defendant possessed knowledge with regard to the levee systems and potential failures;

6. Whether or not Defendant possessed knowledge with regard to the levee systems and potential failures, yet remained silent;

7. Whether or not Defendant should have possessed knowledge with regard to the levee systems and potential failures; and

8. Whether or not Defendant has disclosed all services rendered on all levee systems.

Respectfully submitted,

LAW OFFICES OF BRUNO & BRUNO

BY: _____
JOSEPH M. BRUNO, Esq.
La. Bar No. 3604
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
**LIAISON COUNSEL
ON BEHALF OF THE LEVEE
BREACH LITIGATION GROUP**

AND

Daniel E. Becnel, Jr., Esq. La Bar No. 2926
Calvin Fayard, Esq. La Bar No. 5486
Hugh P. Lambert, Esq., La Bar No. 7933
Gerald E. Meunier, Esq. La Bar No. 9471
**EXECUTIVE COMMITTEE OF THE LEVEE BREACH
LITIGATION GROUP**

AND

Walter C. Dumas, Esq. La Bar No. 5163
F. Gerald Maples, Esq. La Bar No. 25960

Ashton R. O'Dwyer, Jr., Esq. La Bar No. 10166