UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| **Plaintiffs** | * | SECTION "K" |
| | * | |
| VERSUS | * | |
| | * | JUDGE DUVAL |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C., ET AL. | * | |
| | * | MAGISTRATE NO. 2 |
| **Defendants** | * | |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE WILKINSON |
| LEVEE CASES | * | |
| ALL CASES | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO BOH BROS. CONSTRUCTION CO., L.L.C.'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, through "the Levee Group" arm of the "Preliminary Master Committee" ["PMC"], respectfully submit this Memorandum in Opposition to the Motion for Summary Judgment filed by Boh Bros. Construction Co., L.L.C. ["Boh Bros."].  As established below, Defendant is not entitled to judgment as a matter of law on its affirmative defense because:  (1) the motion is premature, and

(2) Revised Statute § 9:2772 is inapplicable. Accordingly, Defendant's motion should be denied.

I.     **BACKGROUND**:

On August 29, 2005, Hurricane Katrina hit the Gulf Coast as a strong Category 3 hurricane, leading to the most destructive urban disaster in American history. Three levees which had been engineered to protect the City of New Orleans– levees situated along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal– failed in the storm's wake. An estimated 80% of the City was inundated by the resulting flood waters.

It is now clear that, strong hurricane as it was, Katrina was not the cause of this catastrophe. Woefully inadequate in both design and construction, the aforesaid levees failed to protect against this storm as they were intended to do. Had the protection expected by its citizens been afforded, Greater New Orleans would have been spared.

While investigation into the causes of the levees' failures continues, substantial evidence nonetheless exists that they were negligently designed, constructed, and maintained. Consequently, numerous plaintiffs have filed actions for damages against the various parties responsible for the levees' design and construction. Their causes of action now are consolidated before this Court.

Defendant Boh Bros., performed work pertinent herein relative to two separate projects, one at the 17th Street Canal and the other at the Industrial Canal. At the 17th Street Canal site, Boh Bros drove sheet piles on the New Orleans side and dredged the canal in various locations to specified depths. With respect to this project, the Orleans Levee District filed a formal "notice of acceptance" of the work as a matter of public record on August 24, 1992. At the Industrial Canal site, Boh Bros. contracted directly with the Army Corps to perform a "test pile" project in the batture of the Industrial Canal in October 1999. With respect to this project, Boh Bros asserts that the project was

completed on or before May 31, 2000.[1]

Although plaintiffs have been afforded no opportunity for discovery, Defendant nevertheless argues that summary judgment is appropriate based on an affirmative defense it asserts under Louisiana Revised Statute 9:2772. Argument alone, however, cannot properly form the basis for judgment as a matter of law on Boh Bros.' affirmative defense, since Plaintiffs are entitled to develop certain key facts through relevant discovery. Moreover, Revised Statute § 9:2772 is inapplicable to Defendant's negligent acts with respect to the Industrial Canal.

II. **LAW AND ARGUMENT**:

    A. **Standard of Review**:

Summary judgment is appropriate where the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact, and that it is entitled to judgment in its favor as a matter of law. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Where, as here, the moving party seeks summary judgment on the ground that it is entitled to an affirmative defense, the moving party bears the burden of proof just as it will at trial. *Id.* at 1264-65 (citing *Golden Rule Ins. Co. v. Lease*, 755 F.Supp. 948, 951 (D.Colo. 1991)). To this end, the moving party must come forward with evidence which would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Id.*

The federal jurisprudence is well-settled that consideration of summary judgment ordinarily follows, and presupposes, some amount of discovery in the case. *See Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (citing *F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993)). Although the district court may cut off discovery when the record shows that further discovery is not likely to produce the facts needed to withstand the motion for summary

---

[1]    *See* Defendant's "Partial Disclosure" filed on April 18, 2006.

judgment, "[w]hen a party is not given a full and fair opportunity to discovery information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Id.* (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)).

The Fifth Circuit Court of Appeals has specifically recognized that Federal Rule of Civil Procedure 56(f) is "designed to safeguard against a premature or improvident grant of summary judgment," and that a party opposing summary judgment under the Rule must demonstrate: (1) why additional discovery is needed, and (2) how the additional discovery will likely create a genuine issue of material fact. *Id.* (citing 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2470 (3d ed. 1998); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999)). Furthermore, "[w]here the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, "a 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Id.* (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), and cases cited therein).

As a final observation, "[w]hen a state of mind is an essential element of the nonmoving party's claim, it is less fashionable to grant summary judgment because a party's state of mind is inherently a question of fact which turns on credibility," and such determinations "are within the province of the fact-finder." *Shortstop*, 939 F.2d at 1265. This is so because it is particularly difficult for the nonmoving party to challenge the "self-serving testimony" of the moving party "without the benefit of trial accessories, namely cross-examination." *Id.* Accordingly, for example, with respect to fraud allegations, the Fifth Circuit has recognized that summary judgment should not be utilized to deprive a plaintiff of the opportunity of "searching a defendant's mind, memory, and conscience. . ." *Loews's Inc. v. Bays*, 209 F.2d 610, 615 (5th Cir. 1954).

B.    **Argument:**

1.   **Defendant's motion is premature.**

Defendant moves this Court for judgment as a matter of law on its affirmative defense and bases the motion on self-serving affidavits. Affidavits are not subject to cross-examination. Plaintiffs are entitled to additional discovery to challenge these affidavits and countervail the affirmative defense predicated upon them, all in accordance with Rule 56(f).

First, the statute on which Defendant relies states that no action may be brought "[m]ore than five years after the date of registry in the mortgage office of acceptance of the work by the owner." If no acceptance is recorded, the trigger date becomes six months from the date the owner has occupied or taken possession of the improvement. It is not clear from the documents which Defendant has submitted, whether its work on the Industrial Canal was ever accepted within the meaning of the statute (no evidence of recordation has been submitted with the motion). It is also unclear at what point the "owner" occupied or took possession of the work within the meaning of the statute. Boh Bros. asserts that it relinquished control of the project to the Army Corps on May 26, 2000, but it is unknown at what point the Orleans Levee District began to "occupy" the project. Thus, it is unclear which trigger date should apply, and Plaintiffs should be entitled to discovery to determine which date is appropriate.

Second, the statute specifically provides, in subsection H, that the peremption defense may not be asserted by a party "whose fraud has caused the breach of contract or damages sued upon." La. Rev. Stat. Ann. § 9:2772. Accordingly, Plaintiffs should be afforded the opportunity to search the Defendant's "mind, memory, or conscience" in order to develop allegations which would defeat the affirmative defense, with respect to Defendant's work on both the 17th Street Canal and the Industrial Canal. *See Loews's Inc. v. Bays*, 209 F.2d 610, 615 (5th Cir. 1954).

Given the above, this Court should deny Defendant's motion pursuant to Rule 56(f) and

allow Plaintiffs to conduct discovery with respect to Boh Bros' affirmative defense.

      2.     **Revised Statute § 9:2772 is inapplicable.**

Even if this Court should determine to resolve Defendant's motion prior to relevant discovery, Louisiana law forecloses Defendant from relying upon Revised Statute § 9:2772 with respect to its work on the Industrial Canal. As an initial matter, the five-year peremptive period, enacted in 2003, cannot be applied retroactively; accordingly, the former seven-year peremptive period applies. Alternatively, even if the five-year provision is held to apply, Plaintiffs' claims are timely pursuant to Subsection C.

Revised Statute § 9:2772 provides a peremptive period for "actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon." First enacted in 1964, the statute has a somewhat complicated history, having been amended a total of nine times. Until Acts 1999, No. 1024, § 1, which became effective on August 15 of that year, the statute provided a ten-year period. The 1999 amendment substituted a seven year period for the ten year period and specifically stated that the amendment was to have prospective application only and was to apply only to contracts entered into or after its effective date. Acts 2003, No. 919, § 1, which became effective on August 15, 2003, subsequently substituted a five year period for the seven year period. Unlike prior enactments, however, the current statute does not indicate whether it is to apply retrospectively, or which construction contracts it is intended to affect.

Revised Statute § 9:2772 provides two trigger dates: (1) the date of registry in the mortgage office of acceptance of the work by the owner, and (2) if no such acceptance is recorded, the date the owner has occupied or taken possession of the improvement. Defendant argues that all causes of action perempted, at the latest, on May 26, 2000, the date on which Boh Bros. relinquished control of the project to the Army Corps. Assuming that May 26, 2000 is the appropriate trigger date,

Defendant asserts that Plaintiffs' claims are perempted under the five-year provision enacted in 2003. However, because Plaintiffs' claims arose out of conduct which occurred in 2000, the former seven year provision should apply. The legislature shortened the peremptive period after the conduct giving rise to Plaintiffs' suit, and the law cannot be applied retroactively without disturbing Plaintiffs' constitutional due process rights.

Louisiana Civil Code article 6 provides that in the absence of contrary legislative expression, "substantive laws apply prospectively only," and procedural and interpretive laws apply "both prospectively and retroactively." This general rule, however, is subject "to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights." *Lott v. Haley*, 370 So.2d 521, 523 (La. 1979). Statutes of limitation, like any other procedural or remedial law, "cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right." *Id.* "Nonetheless, a newly-created statute of limitation of one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable tiome for those affected by the act to assert their rights." *Id.* Finally, "where an injury has occurred for which the injured party has a cause of action, such cause of action is a **vested property right** which is protected by the guarantee of due process." *Id.*

In the *Lott* case, the Louisiana Supreme Court held that the plaintiff's medical malpractice claim for damages "vested" in January, 1972: "the date of the alleged act of negligence giving rise to plaintiff's injuries." *Id.* This date occurred prior to the legislature's enactment of the three-year prescriptive period found in Revised Statute § 9:5628, which became effective in September, 1975; Plaintiff did not discover his injury until 1976. *Id.* Under the law prior to the 1975 amendment, Plaintiff's claim was timely. *Id.* Thus, the court held that the statute could not be applied

retroactively, as it would operate to eliminate Plaintiff's vested right to sue without providing a reasonable period following its enactment to assert his claim, in violation of plaintiff's state and federal due process guarantees. *Id.*

Revised Statute § 9:2772 must not be applied herein for similar reasons. Defendant's negligent acts occurred in 2000– *prior* to the legislature's shortening of the peremptive period for claims against contractors in 2003. Plaintiffs were not apprised of Defendants' negligence until, at the earliest, August 29, 2005. Under the law prior to the 2003 amendment, Plaintiffs' claims are timely because they were brought within seven years of Defendants' negligent acts. Accordingly, this court should not apply the statute retroactively, for to do so would unconstitutionally eliminate Plaintiffs' vested rights to sue.[2]

In the alternative, should this Court determine to apply the five year provision retroactively, Plaintiffs' claims are still timely under Revised Statute § 9:2772 pursuant to the plain language of Subsection C:

> If such an injury to the property or to the person or if such a wrongful death occurs *during the fifth year after the date set forth in Subsection A*, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

La. Rev. Stat. Ann. § 9:2772 ©.

---

[2]     By contrast, see *Orleans Parish School Board v. Pittman Construction Co., Inc.*, 372 So.2d 717 (La. App. 4 Cir. 1979). Therein, the court chose to apply Revised Statute § 9:2772 retroactively because to do so did not deprive the contractor of any vested rights with respect to asserting third-party demands. *Id.* Rather, the law specifically stated that the contractor had at least one year to file third-party claims after suit was filed against it. *Id.* Moreover, in the *School Board* case, the statute had, by its own terms as amended, allowed a reasonable time for those affected by the act to assert their rights. No such provision exists with respect to the 2003 amendments. Unlike its predecessor amendments, it provides no guidance for correcting the obvious constitutional problem.

Boh Bros. insists that the statute's trigger date is May 26, 2000, and Plaintiffs' injuries occurred on August 29, 2005– during the fifth year after the trigger date. Consequently, by the statute's own terms, Plaintiffs' claims are timely, as they were brought within one year after the date of injury, but not more than six years after the trigger date.

III.    **CONCLUSION**:

Although Rule 56 is designed to promote the just, speedy, and inexpensive determination of actions, its overall goals must be balanced against the parties' needs for, and Plaintiffs' rights to, the discovery process. The case at bar is in its embryonic stage. Plaintiffs have not yet filed administrative master complaints, let alone conducted relevant discovery; and yet, Defendant insists that summary judgment procedure is appropriate.

Nevertheless, even if this Court determines to proceed towards adjudicating Defendant's motion based upon the mere allegations set forth in the affidavits submitted by Defendant, the motion fails as a matter of law. Revised Statute § 9:2772 is simply inapplicable to Plaintiffs' claims with respect to Defendant's work on the Industrial Canal, and, Defendant therefore has not established that it is entitled to the affirmative defense provided by the statute. Plaintiffs respectfully request that this Court deny the motion and allow the claims at issue to proceed further at this time.

Respectfully submitted,

BRUNO & BRUNO, LLP

BY:_____

JOSEPH M. BRUNO, Esq.( La. Bar No. 3604)
DAVID S. SCALIA, Esq. (La. Bar No. 21369)
L. SCOTT JOANEN, Esq. (La. Bar No. 21431)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
**LIAISON COUNSEL**
**ON BEHALF OF THE LEVEE**
**BREACH LITIGATION GROUP**

AND

Daniel E. Becnel, Jr., Esq. La Bar No. 2926
Calvin Fayard, Esq. La Bar No. 5486
Hugh P. Lambert, Esq., La Bar No. 7933
Gerald E. Meunier, Esq. La Bar No. 9471
**EXECUTIVE COMMITTEE OF THE LEVEE BREACH**
**LITIGATION GROUP**

AND

Walter C. Dumas, Esq. La Bar No. 5163
F. Gerald Maples, Esq. La Bar No. 25960
Ashton R. O'Dwyer, Jr., Esq. La Bar No. 10166

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all

counsel of record by placing same in the United States mail, properly addressed and with first class

postage prepaid, or by hand delivery, or by facsimile, e-mail, or other electronic means, this _____

day of _____, 2006.

_____
Joseph M. Bruno