UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| LEVEE CASES | * | |
| ALL CASES | * | |
| | * | |

*************************************************************

## THE LEVEE BREACH GROUP'S RULE 56(f) AFFIDAVIT REGARDING DEFENDANT, BOH BROS. CONSTRUCTION COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT

Parish of Orleans
State of Louisiana

      **BEFORE ME**, the undersigned authority, personally came and appeared,

### JOSEPH M. BRUNO, ESQ.

who, after being first duly sworn, deposes and states the following:

1.     Affiant is the appointed liaison counsel for the Levee Breach Group;

2.     This Affidavit is based on Affiant's personal knowledge regarding facts in connection with the above-captioned matter;

3.     Affiant submits this Affidavit in compliance with Federal Rule of Civil Procedure, Rule 56(f) which allows for a party to set forth in an affidavit the reasons why the party is presently unable to present by affidavit facts essential to justify the opposition;

4.     Formal discovery has not yet commenced in the above-captioned matter. Plaintiffs do not possess depositions, interrogatories and/or admissions with which to oppose the Summary Judgment motion submitted by BOH BROS. Additional discovery is necessary and will aid in the summary judgment analysis;

5.  Plaintiffs should have the opportunity, given the peremption defense, to raise allegations of fraud. Plaintiffs have been unable to assert these very serious potential allegations due to Rule 11 constraints. Plaintiffs should be permitted discovery in this regard which would certainly benefit the summary judgment analysis;

6.  Moreover, because no formal discovery has commenced in this action, Plaintiffs are at a severely prejudicial disadvantage. Plaintiffs request the opportunity to discover all of BOH BROS.'s contracts, correspondence, and documents in connection with the levee systems at issue in this matter specifically with regard to the actual dates of possession, acceptance and recordation, as well as continuing projects;

7.  Plaintiffs should be entitled to discover the issues calling into question the veracity of Defendant's submission as Defendant repeatedly contradicts itself in its own motion;

8.  Plaintiffs should be entitled to discovery by deposition and other means as to when BOH BROS. obtained certain knowledge and what certain knowledge BOH BROS. possessed in connection with the engagement to provide any manner of movable or immovable planning, construction, design or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work with regard to the levee systems including, but not limited to, work on the levee systems that did not fail; and

9.  This Affidavit is not made for the purposes of delay, but in the interests of justice so as to bring before this Honorable Court a full and complete factual record from which to render judgment.

Affiant has read the foregoing and finds it to be true and correct and within my personal knowledge.

_____
JOSEPH M. BRUNO

Sworn to and subscribed before me,
this 29TH day of June, 2006.

_____
NOTARY PUBLIC, STATE OF LOUISIANA
My commission is for life.

DAVID S. SCHEIN
(PRINTED NAME)

21369
NOTARY or LA BAR NUMBER