UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | |
| | * | CIVIL ACTION NO.  05-4182 |
| VERSUS | * | |
| | * | SECTION "K" (2) |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| L.L.C., ET AL | * | JUDGE STANWOOD R. DUVAL, JR. |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE JOSEPH C. WILKINSON, JR. |
| | * | |
| 06-2152 (REED) | * | CONS. KATRINA CANAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER ON BEHALF OF THE BEAN ENTITIES
## TO THE COMPLAINT OF PHILLIP REED, ET AL

NOW  COME  Bean  Dredging,  L.L.C.,  C.F.  Bean  L.L.C.,  Bean  Stuyvesant,  L.L.C.,

Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V.,

in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean

Horizon Corporation and Bean Horizon L.L.C. ("the Bean Entities"), through undersigned counsel,

and in Answer to the Complaint state:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against the Bean Entities upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against the Bean Entities.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Bean Entities are perempted and/or prescribed.

## FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes

beyond the control or responsibility of the Bean Entities.

## FIFTH AFFIRMATIVE DEFENSE

The Bean Entities aver that the damages alleged in the Complaint were not as a result of fault

on their part or any party or person for whom the Bean Entities are responsible.  In the alternative,

and only in the event that it is found that the damages alleged in the Complaint were caused by the

Bean Entities, which is denied, the Bean Entities specifically plead the negligence and/or fault of

third parties, including the Corps of Engineers and/or others for whom the Bean Entities are not

responsible.  Accordingly, the Bean Entities invoke all of their rights and defenses under La. C.C.

Art. 2323 and under the doctrine of proportional fault in maritime law.

## SIXTH AFFIRMATIVE DEFENSE

If this case is tried to a jury, it should be transferred to avoid prejudice to the Bean Entities,

for reason that the jurors of this District are potential members of the purported class.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class

action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to meet the requirements of the Class Action Fairness Act of 2005, Public Law 109-2, 28 U.S.C. §1332(d)(2).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims asserted against the Bean Entities fail to meet the jurisdictional requirements of the Public Vessels Act, 46 U.S.C. §§781-790.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim under the Federal Water Pollution Prevention and Control Act, 33 U.S.C. §§1251, *et seq.* because it fails to allege that any pollutants were discharged into the navigable waters of the United States by means of the dredging activities alleged.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged by plaintiffs herein were not caused or contributed to by any fault, negligence or breach of duty on the part of the Bean Entities and were occasioned and incurred without the privity or knowledge of the Bean Entities or their directors, officers, stockholders or managing agents.

In the circumstances, the Bean Entities desire to contest and limit their liability and the liability of their vessels for any loss, injury, expense and damage occasioned or incurred by reason of the matters alleged in the Complaint, as provided by Sections 4283-4289, inclusive, of the Revised Statutes of the United States (46 U.S.C. §§183, *et seq.*) and all other acts amendatory thereof and supplementary thereto.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Bean Entities under the Suits in Admiralty Act, 46 U.S.C. §§741-752, must be dismissed because the Suits in Admiralty Act provides a remedy exclusively against the United States of America in regard to contractors' vessels operated by or for the United States.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Bean Entities for the dredging activities carried out for the United States of American in the Mississippi River Gulf Outlet/Gulf Intracoastal Waterway are barred by the non-forseeability of said damages by the Bean Entities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Bean Entities are barred by the government contractor defense recognized in *Boyle v. United Technologies Corp.*, 101 S. Ct. 2510 (1988) and *Hercules, Inc. v. United States*, 116 S. Ct. 981 (1996) in that all dredging activities carried out by the Bean Entities were in compliance with the plans and specifications of the dredging contracts awarded to the Bean Entities by the United States and supervised by the United States Army Corps of Engineers.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiffs in the Complaint frame political questions and not justiciable issues. The claims asserted in the Complaint do not comprise cases or controversies to which the judicial power of the United States extends, pursuant to Article III, Section 2 of the Constitution of the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Bean Entities are immune from liability pursuant to the provisions of La. R.S. 9:2771 and Federal Law since their work was performed in accordance with drawings and specifications furnished for the underlying project.

## NINETEENTH AFFIRMATIVE DEFENSE

The Bean Entities adopt and incorporate by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to the Bean Entities, and give notice that they intend to rely upon any other defense that may become available or appear during these consolidated proceedings, and the Bean Entities hereby reserve their right to amend their answer to assert any such defense.

.

---

## THE BEAN ENTITIES' ANSWER TO THE COMPLAINT

---

The Bean Entities respond to plaintiffs' allegations specifically set forth in the paragraphs of the Complaint as follows:

1.

The Bean Entities deny the truth of the allegations of fact contained in paragraph 1 of the Complaint.

2.

The Bean Entities are without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in paragraph 2 of the Complaint, and therefore, deny each and every allegation contained therein.

3.

In regard to the sub-parts of paragraph 3 of the Complaint, the Bean Entities state:

a.     Admitted.

b.     Admitted.

c.     It is admitted that Bean Dredging Corporation was once a Louisiana
       Corporation; however, that Corporation was merged into Bean
       Dredging, L.L.C. on December 31, 1999.

d.   It is admitted that Bean Dredging Corporation was once a Louisiana Corporation; however, that Corporation was merged into Bean Dredging, L.L.C. on December 31, 1999.

e.   Admitted.

f.   It is admitted that C. F. Bean Corporation was a Louisiana corporation; however, that Company was merged into C. F. Bean, L.L.C. on December 31, 1999.

g.   It is admitted that Bean Horizon Corporation was a Louisiana corporation; however, that Corporation was merged into Bean Horizon, L.L.C. on December 31, 1999.

h.   Admitted.

i.   Admitted.

j.   Admitted.

k.   Admitted.

l.   It is denied that any such entity exists.

m.   It is admitted that Royal Boskalis Westminster NV is a Dutch corporation and that Stuyvesant Dredging Company and Stuyvesant Dredging, Inc. are wholly owned subsidiaries of Royal Boskalis Westminster NV, with their principal places of business in Louisiana, but the description is otherwise denied.

The Bean Entities are without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-paragraphs n. through hh.

4.

The Bean Entities deny the allegations of paragraph 4 of the Complaint, except to admit the admiralty and maritime jurisdiction of this court, pursuant to 28 U.S.C. §1333, 46 U.S.C. §§741-752, and 46 U.S.C. §§781-790.

5.

The Bean Entities admit that venue is proper in this district, but aver that jury trial in this district is not proper because the jurors are putative class members.

6.

The allegations of paragraph 6 of the Complaint do not apply to the Bean Entities and therefore no answer is required from the Bean Entities.

7.

The Bean Entities are without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in paragraphs 7 through 17 of the Complaint, except the Bean Entities admit that their dredges have performed dredging operations for the United States Army Corps of Engineers over a long time period.

8.

The Bean Entities deny the truth of the allegations of fact contained in paragraphs 18 through 22 of the Complaint.

9.

The Bean Entities deny the allegations of paragraphs 24 through 45 of the Complaint.

**WHEREFORE**, the Bean Entities pray that their Answer be deemed good and sufficient, and that after due proceedings, all claims against them be dismissed, with prejudice, at plaintiffs'

costs, or, if exoneration be denied, granting the Bean Entities limitation of liability to the amount or

value of their interests in the vessels involved and their freight pending, pursuant to the Limitation

of Liability Act, and for all further relief which justice and equity require.

<div style="margin-left: 40%;">

**s/William E. Wright, Jr.**

**Terrence L. Brennan (Bar No. 3434)**
**tbrennan@dkslaw.com**
**William E. Wright, Jr. (Bar No. 8564)**
**wwright@dkslaw.com**
**Kelly E. Theard (Bar No. 29445)**
**ktheard@dkslaw.com**
**                of**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**755 Magazine Street**
**New Orleans, Louisiana 70130**
**Telephone: (504) 581-5141**
**Facsimile: (504) 566-1201**
**Attorneys for Bean Dredging, L.L.C., Defendant C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.**

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of June, 2006, he electronically filed the

foregoing pleading with the Clerk of Court by using the CM/ECF System which will send a notice

of electronic filing to those attorneys who have registered to receive same. On that same date he

served all other parties by mailing a copy of said pleading to all other counsel of record.

s/William E. Wright, Jr.
WILLIAM E. WRIGHT, JR.
wwright@dkslaw.com
    of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Bean Dredging, L.L.C., Defendant
C.F. Bean L.L.C., Bean Stuyvesant, L.L.C.,
Stuyvesant Dredging Company, Stuyvesant
Dredging, Inc. and Royal Boskalis Westminster
N.V., in their own right and as successors to Bean
Dredging Corporation, C. F. Bean Corporation,
Bean Horizon Corporation and Bean Horizon
L.L.C.