UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT ET AL                          CIVIL ACTION

VERSUS                                           NO. 05-4182

BOH BROTHERS CONSTRUCTION                        SECTION "K" (2)
CO., L.L.C. ET AL                                CONS. KATRINA CANAL

THIS DOCUMENT RELATES TO:

| 05-4182 "K" (2) | (Berthelot) | 06-0020 "K" (2) | (Tauzin) |
|---|---|---|---|
| 05-5237 "K" (2) | (Vodanovich) | 06-0886 "K" (2) | (Finney) |
| 05-6073 "K" (2) | (Kirsch) | 06-2346 "K" (2) | (Fitzmorris) |
| 05-6314 "K" (2) | (Ezell) | 06-2228 "K" (2) | (Christenberry) |
| 05-6324 "K" (2) | (Brown) | 06-2287 "K" (2) | (Sanchez) |
| 05-6327 "K" (2) | (LeBlanc) | | |

SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF BURK KLEINPETER, INC.

MAY IT PLEASE THE COURT:

Burk Kleinpeter, Inc.'s (BKI) duties arise out of, and are defined by, a contract

between a Louisiana corporation and a Louisiana political body, and are therefore

governed by Louisiana law.[1] And it is important to recognize that none of the plaintiffs had,

and they do not allege, any contract with BKI; thus BKI can only be liable to plaintiffs for

BKI's own negligent acts or omissions, not for acts or omissions of subcontractors.[2]



---

[1]All references herein are to BKI's Appendix to the Engineer's Master Motion, copy of which is
attached for the Motion for ready reference.

[2]*Gurtler, Hebert & Co., Inc. v. Weyland Mach. Shop*, 405 So. 2d 660, *writ den.* 410 So. 2d 1130.

Under BKI's contract (BKI Contract) with the Orleans Levee Board (OLB), BKI only undertook to prepare, and only prepared, drawings and specifications; it did not contract to do, and did not do inspection on this project. Jackson Affidavit, ¶¶ 28, 32-33; Ex. 10, 14-15. And by Supplemental Agreement to the BKI Contract, the OLB acknowledged that as of August 15, 1994, BKI had "completed 100% plans and publications" which BKI had contracted to generate. Jackson Affidavit, ¶ 37, Ex. 18. Thus, by the time Katrina occurred and plaintiffs' cause of action arose, BKI's work had been complete for over eleven years; and by the time the first flood class action was filed, BKI's work had been completed more than eleven years and a month.

No suit may be brought against an engineer more than five years after the engineer completes its services; La. R.S. 9:5607[3] explicitly so provides:

> A.    No action for damages against any professional engineer . . . whether based upon tort, or breach of contract, or otherwise arising out of' an engagement to provide any manner of movable or immovable planning . . . [or] design . . . which may include . . . drawings, [and] specifications . . . shall be brought unless filed . . . at the latest within five years from:
>
> . . .
>
> (3)    The date the person furnishing such services has completed the services . . . if the person furnishes such services preparatory to construction but the

---

[3]Without BKI inspection, the construction of the London Avenue Floodwalls/Levees was completed on October 31, 1996, over nine years before Katrina. See Affidavit of William Gwyn, ¶ 35 and Exhibit 3.2, part of the Eustis Engineering Company Appendix to Engineers' Master Motion for Summary Judgment.

person furnishing such services does not perform
any inspection of the work.

It is also clear that BKI did no inspection of construction of the work.  Jackson[4]

Affidavit, ¶¶ 27m 32-33  Ex. 10, 14-15.

La. R.S. 9:5607, which by its terms is a peremption statute, explicitly supersedes

all other statutes on the same subject.[5]  In this case, it means that five years after BKI

completed the services, August 1999 at the latest, any rights which existed or might have

existed, due to a BKI error or omission, evaporated; those rights ceased to exist, so there

was no cause of action available to bring in 2005 when Katrina hit.  As the Court said in

*Division of Administration v. McInnis Bros. Construction,* "statutes of peremption destroy

the cause of action itself shall . . . the limit of time expires the cause of action no longer

exists."[6]

---

[4]La. Rev. Stat. Ann. § 9:5607.

[5]     C. The five-year period of limitations provided for in Subsection A of this
        section is a peremptive period . . .

*Id.*, Subsection C.

        D. The provisions of this Section shall over and supersede the provision of
        R.S. 9:2772 and Civil Code Article 2762 and 3545.

*Id.*, Subsection D.

      [6]*Division of Administration v. McInnis Bros. Construction,* 97-0742 (La. 10/21/97) 707 So.2d 937,939.

Because when the Legislature enacted La. R.S. 9:5607 in 2003,[7] any cause of action which might have existed against BKI ceased to exist; and no suit could thereafter be brought because the statute had extinguished such causes of action as of enactment.[8]

*Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291 addressed this specific issue. As counsel for Reeder, North filed on July 10, 1989, claims in federal court based on alleged violation of federal securities laws, and on only some of the possible state law claims arising from the same facts. The U.S. District Court dismissed the suit with prejudice, and the Court of Appeal affirmed in September 1990. North then filed the same suit in state court on the same facts, but included state law claims not pled in the federal suit.

The state suit was dismissed *in toto* on an exception of *res judicata*. The Louisiana Court of Appeal affirmed in part, but reversed the dismissal of the state claims which had not been asserted in the federal suit, and remanded these for trial. The Louisiana Supreme Court reversed, holding that in the federal suit, the federal court had pendent jurisdiction over <u>all</u> of the state law claims arising from the facts, so that all were

---

[7]Act 854 of 2003, which took effect on August 15, 2003. Article III, Sec. 19, La. Const. of 1974.

[8]Actually, it makes no difference, because a claim against BKI, whose work was completed 11 years before Katrina, would also have been barred under R.S. 9:2772, in existence before R.S. 9:5607, was at its longest, ten years.

compulsory counterclaims; and all state claims were, therefore, included in the dismissal of the federal suit.

On September 15, 1994, more than three years after North filed the federal complaint without the compulsory state-law counterclaims, Reeder sued North for malpractice. North filed an exception of peremption, based on La. R.S. 9:5605, which provides "that in all events, such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." North's negligence (filing the federal suit without all compulsory counterclaims) had occurred more than three years before Reeder sued North; so North filed a peremption exception. Reeder countered that his claim could not have perempted because he had no malpractice claim until North's state court suit was finally dismissed. In other words, he could not have sued North until more than three years passed after North's negligence.

Acknowledging "the perceived inequities" of the statute,[9] and quoting *Bazley v. Tortorich*,[10] the court held:

> Statutes of limitation are exclusively a legislative prerogative.
> In setting a statute of limitation, a legislature does not eliminate
> the remedy for a civil wrong; it makes a legislative

---

[9]701 So.2d at 1296.

[10]397 So.2d 475, at 485 (La.1981). *Bazley* involved an attack on the Workmens Compensation system, and dealt at length with constitutional arguments against statutes which deprived or limited the tort rights of some claimants and not others, particularly the legislative prerogatives in defining who has actions.

determination that after a certain period of time no cause of action can arise. Until the time that a cause of action vests, a legislature has the power to create new rights and abolish old ones. [Citation omitted.] In finding that the right to recover in tort is not a fundamental right, our court has noted that "[w]here access to the judicial process is not essential to the exercise of a fundamental constitutional right, the legislature is free to allocate access to the judicial machinery on any system or classification which is not totally arbitrary."[11]

(Emphasis supplied).

The court particularly noted that the Legislature considered the objection that the peremption statute was unfair because it "could extinguish a cause of action before it arises; but it nonetheless passed the statue."[12]

In *Reeder*, the peremption statute covered attorney-negligence, and was triggered by the date of the attorney's negligence; in this case the statute relates to design professionals, and is keyed to date the professional completed its work. But the distinctions are without legal significance, for in each case the trigger dates are clearly defined, and are reasonable exercises of the Legislature's discretion.[13]

---

[11]701 So.2d at 1296.

[12]701 So.2d at 1297.

[13]It is no accident, and worthy of note, that R.S. 9:5607 took the peremption of claims against design professionals out of R.S. 9:2772, where it was among a group of statutes dealing with construction, and placed it among a group of peremption statutes related to other professions). La. R.S. 9:5604 (Accountants); La. R.S. 9:5605 (Lawyers); La. R.S. 9:5606 (Insurance Agents); La. R.S. 9:5608 (Home Inspectors).

These claims are perempted as to BKI and the other eninieers.

**Respectfully submitted;**

CHARLES F. SEEMANN, JR., ESQ. (Bar #11912)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Attorneys for Burk-Kleinpeter, Inc. and
Burk-Kleinpeter, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been

forwarded by email, or via first class U.S. Mail, on all lead and notice counsel as follows:

**William Aaron**
waaron@goinsaron.com

**Neil C. Abramson**
abramson@phelps.com
Phelps Dunbar, LLP
Canal Place
365 Canal St., Ste. 2000
New Orleans, Louisiana 70130-6534

**Thomas P. Anzelmo**
tanzelmo@mcsalaw.com
McCraine, Sistrunk, Anzelmo, Hardy,
Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002

**Sarah House Barcellona**
sbarcellona@stonepigman.com
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, Louisiana 70130-3588

**Judy Y, Barrasso**
jbarrasso@barrassousdin.com
Barrasso Usdin Kupperman
Freeman & Sarver, LLC
LL&E Tower
909 Poydras St., Ste. 1800
New Orleans, Louisiana 70112

-7-

**Daniel E. Becnel, Jr.**
dbecnel@becnellaw.com
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P.O. Drawer H
Reserve, Louisiana 70084

**Robert M. Becnel**
robbecnel@aol.com
Law Offices of Robert M. Becnel
425 W. Airline Highway, Ste. B
LaPlace, Louisiana 70068

**Terrence L. Brennan**
tbrennan@dkslaw.com
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, Louisiana 70130

**David Lyman Browne**
dbrowne@brownelaw.com
Dugan & Browne, PLC
Poydras Center
650 Poydras St., Ste. 2150
New Orleans, Louisiana 70130

**Joseph M. Bruno**
jbruno@brunobrunolaw.com
Bruno & Bruno
855 Baronne St.
New Orleans, Louisiana 70113

**Traci L. Colquette**
traci.colquette@usdoj.gov
U.S. Department of Justice
(Box 888)/Torts Branch, Civil Division
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

**Robert G. Creely**
rcreely@aol.com
Amato & Creely
901 Derbigny Street
P.O. Box 441
Gretna, Louisiana 70054

**Thomas W. Darling**
tdarling@grhg.net
Gaudry, Ranson, Higgins & Gremillion, LLC
150 Staring Lane, Ste. B
Baton Rouge, Louisiana 70810

**Erin E. Dearie**
dearie@bayoulaw.com
Gardner & Kewley, APLC
1615 Metairie Road, Ste. 200
Metairie, Louisiana 70005

**Kevin R. Derham**
kderham@duplass.com
Duplass Zwain Bourgeois & Morton
Three Lakeway Center
3838 N. Causeway Blvd., Ste. 2900
Metairie, Louisiana 70002

**Joseph Vincent DiRosa, Jr.**
jvdirosa@cityofno.com
City Attorney's Office
City Hall
1300 Perdido St., Room 5E01
New Orleans, Louisiana 70112

**James R. Dugan, II**
jdugan@duganbrowne.com
Dugan & Browne, PLC
Poydras Center
650 Poydras St., Ste. 2150
New Orleans, Louisiana 70130

**Lawrence  J. Duplass**
lduplass@duplass.com
Duplass Zwain Bourgeois & Morton
11814 Market Place Avenue. Ste. C
Baton Rouge, Louisiana 70816

**Calvin C. Fayard, Jr.**
calvinfayard@fayardlaw.com
Fayard & Honeycutt
519 Florida Blvd.
Denham Springs, Louisiana 70726

**Thomas F. Gardner**
gardner@bayoulaw.com
Gardner & Kewley, APLC
1615 Metairie Road, Ste. 200
Metairie, Louisiana 70005

**Thomas L.  Gaudry, Jr.**
tgaudry@grhg.net
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Avenue, Ste. 500
P.O. Box 1910
Gretna, Louisiana 70054-1910

**Joseph P. Guichet**
jguichet@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130

**Robert G.  Harvey**
rgharvey@bellsouth.net
Law Office of Robert G. Harvey, Sr., APLC
3431 Prytania Street
New Orleans, Louisiana 70115

**Joseph W. Hecker**
619 Europe Street, 2nd Floor
Baton Rouge, Louisiana 70806

**Ralph S. Hubbard, III**
rhubbard@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130

**Darlene M. Jacobs**
dollyno@aol.com
Jacobs & Sarrat
823 St. Louis St.
New Orleans, Louisiana 70112

**Tamara Kluger Jacobson**
Law Offices of Tamara Kluger Jacobson, LLC
2609 Canal St.
Fifth Floor
New Orleans, Louisiana 70119

**Michael C. Keller**
kellerm@ag.state.la.us

**Stephen S. Kreller**
sskreller@gmail.com
Stephen S. Kreller, APLC
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139

**Hugh P. Lambert**
hlambert@lambertandnelson.com
Lambert & Nelson
701 Magazine St.
New Orleans, Louisiana 70130

**Mickey P. Landry**
mlandry@landryswarr.com
Landry & Swarr, LLC
1010 Common St., Suite 2050
New Orleans, Louisiana 70112

**George T. Manning**
gtmanning@jonesday.com
Jones Day (Atlanta)
1420 Peachtree Street, NE
Ste. 800
Atlanta, GA 30309-3053

**Belhia Martin**
belhiamartin@bellsouth.net

**Christopher W. Martin**
martin4@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis St., St. 1800
Houston, TX 77002

**Julia E. McEvoy**
jmcevoy@jonesday.com
Jones Day (Washington)
51 Louisiana Avenue, NW
Washington, DC 20001

**J. J. (Jerry) McKernan**
jmckernan@mckernanlawfirm.com
McKernan Law Firm
8710 Jefferson Hwy
Baton Rouge, Louisiana 70809

**Gerald E. Meunier**
dmartin@gainsben.com
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras St., Ste. 2800
New Orleans, Louisiana 70163-2800

**Penya M. Moses-Fields**
pmfields@cityofno.com
City Attorny's Office
2950 Falmouth Dr.
New Orleans, Louisiana 70131

**James Bryan Mullaly**
jamesmullaly1@hotmail.com

**Betty F. Mullin**
bettym@spsr-law.com
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras St., 30th Floor
New Orleans, Louisiana 70163-3000

**Ashton R. O'Dwyer, Jr.**
arod@odwyerlaw.com

**James L. Pate**
jpate@LN-LAW.com
Laborde & Neuner
1001 W. Pinhood Rd., Ste. 200
P.O. Drawer 52828
Lafayette, Louisiana 70505

**Ronnie G. Penton**
rgp@rgplaw.com
Law Offices of Ronnie G. Penton
209 Hoppen Pl
Bogalusa, Louisiana 70427

**Douglas R. Plymale**
doug@duganbrowne.com
Dugan & Browne, PLC
1181 W. Tunnel Blvd., Ste. A
Houma, Louisiana 70360

**Michael R.C. Riess**
mriess@kingsmilriess.com
Kingsmille Riess, LLC
201 St. Charles Avenue, Ste. 3300
New Orleans, Louisiana 70170-3300

**George R. Simno, III**
gsimno@swbno.org
Sewerage & Water Board Legal Department
625 St. Jospeh St., Room 201
New Orleans, Louisiana 70165

-10-

David R. Simonton
dsimonton@sonneschein.com
Sonnenschein, Nath & Rosenthal
7800 Sears Tower
Chicago, Illinois 60606

Randall A. Smith
rasmith3@bellsouth.net
Smith & Fawer, LLP
201 St. Charles Avenue, Ste. 3702
New Orleans, Louisiana 70170

Robin D. Smith
robin.doyle.smith@usdoj.gov
U.S. Department of Justice
(Box 888)/Torts Branch, Civil Division
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

Victor E. Stilwell, Jr.
vstilwell@dkslaw.com
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, Louisiana 70130

Christopher K. Tankersley
ctankersley@burglass.com
Burglass & Tankersley, LLC
5213 Airline Drive
Metairie, Louisiana 70001

Vernon P. Thomas
Vernon P. Thomas, Attorney at Law
1524 N. Claiborne Avenue
New Orleans, Louisiana 70116

Sidney D. Torres, III
storres@torres-law.com
Law Offices of Sidney D. Torres, III
1290 7th Street
Slidell, Louisiana 70458

William D. Treeby
wtreeby@stonepigman.com
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, Louisiana 70130-3588

Jesse Lee Wimberly, III
wimberly@internet.com
Jesse L. Wimberly, III, Attorney at Law
120 Lisa Lane
Mandeville, LA 70448

Richard J. Tyler
rtyler@joneswalker.com
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre
Place St. Charles
201 St. Charles Ave., Ste. 5100
New Orleans, Louisiana 70170-5100

Gregory P. Varga
gvarga@rc.com
Robinson & Cole, LLP
280 Turnbull Street
Hartford, CT 06103-3597

**Lawrence  D. Wiedemann**
Wiedemann & Wiedemann
821 Baronne St.
New Orleans, Louisiana 70113

**Deborah Louise Wilson**
317 Magazine Street
New Orleans, Louisiana 70130

on this _____ day of June, 2006.

#198726v1<DKS> -Supp Memo in Support of BKI

_____
CHARLES F. SEEMANN, JR.

-12-