

## IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL., <br><br> Plaintiffs <br><br> vs. <br><br> BOH BROTHERS CONSTRUCTION CO. L.L.C., et al., <br><br> Defendants. | : CIVIL ACTION NO.: <br> : <br> : 05-4182 SECTION "K"(2) <br> : <br> : CONS. KATRINA CANAL <br> : <br> : <br> : JUDGE DUVAL <br> : <br> : <br> : JUDGE WILKINSON <br> : <br> : <br> : |

**THIS DOCUMENT RELATES TO:**

05-6323 "K"(2)    Vanderbrook et al.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO INSURER DEFENDANTS' MOTION TO SEVER AND DECONSOLIDATE



1

The Plaintiffs, through undersigned counsel, hereby submit this Memorandum of Law in Opposition to the Insurer Defendant's Motion To Sever And Deconsolidate filed in the above related Vanderbrook matter. Plaintiffs adopt the reasons set forth in the Representative Policyholders' Memorandum In Opposition To Insurer Defendant's Motion To Sever And Deconsolidate by the Chehardy Representative Policyholders and for the following reasons.

The Vanderbrook case involves mixed questions of law and fact that are similar or substantially the same as the facts and legal issues in the Levee Cases and the Chehardy case that are part of this consolidated litigation, and because this Court has established an organizational structure to manage all the cases under the Hurricane litigation umbrella that is still in its development phase and which is being organized in an effort to achieve the most efficient and least prejudicial manner to best meet the Court's and the parties' needs, consolidation of these matters was proper and the Insurer Defendant's Motion To Sever And Deconsolidate should be denied.

In their Petition For Damages, the Plaintiffs at bar have alleged claims for monetary relief arising out of the wrongful refusal of various Insurance Companies (collectively, "Insurance Company Defendants") to provide insurance coverage for Policyholders' losses. These allegations are parallel to the allegations contained in the Chehardy plaintiffs' complaint.

The Vanderbrook Claimants' claims require resolution of factual and legal questions regarding the causes of such losses, which are similar to and overlap with the factual and legal issues central to the Levee Cases and Chehardy case, including the cause and responsibility for the breaches of the relevant levees which allowed water to enter the City of

New Orleans and surrounding parishes on August 29, 2005[1]. The factual and legal issues germane to the <u>Vanderbrook</u> matter, including the damages suffered by Petitioners due to a sudden break in the concrete wall of the levee outfall canal, are inextricably intertwined with the factual and legal questions that are squarely at issue in the Levee Cases and the <u>Chehardy</u> case, including what caused the breaches of the relevant levee walls and levee system and what caused the water damage to the impacted properties.

Courts favor consolidation[2]. In the case at bar, there should be no rush to deconsolidate[3]. The Insurer Defendants in this matter have filed Rule 12 motions claiming a lack of coverage. In fact, the Court has already established a scheduling order developed by the plaintiffs' and defendants' liaison counsel to provide a time line for filing and hearing motions. If the defendants' Rule 12 motions fail, then the Court can still order separate trials under Rule 42(b). In fact, the Court has already indicated a preference to ordering separate trials of the various sections of the Hurricane litigation umbrella (i.e., separate trials for MR-GO, Levee failure, Insurance claims, etc.). The defendants' motion to deconsolidate at this stage of the cases is premature.

Not only is Deconsolidation not a favored remedy at this stage of the proceedings, but such remedy would lead to judicial inefficiencies. Also, efficiency would follow not only from saved redundancies of effort in discovery but also from the avoidance of possibly inconsistent judgments concerning cause in <u>Chehardy</u> and <u>Vanderbrook</u>, on the one hand, and in the Levee Cases, on the other hand.

---

[1] See Petition For Damages at Paragraph 10.
[2] See 9 Wright & Miller, Federal Practice and Procedure § 2383, at 441 (2d ed. 1995); <u>Johnson v. Mississippi Valley Barge Line Co.</u>, 34 F.R.D. 140, 142 (W.D. Pa.1963);
[3] "The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case." 7 Wright, Miller & Kane, Federal Practice and Procedure § 1660, at 468 (3d ed. 2001).

The Insurer Defendant's whole argument for improper joinder rests on the contention that each Vanderbrook Claimant's claim against their insurer constitutes a separate transaction or occurrence. The sameness of the transaction or occurrence is not a requirement for joinder.

Joinder of plaintiffs and defendants is authorized by Rule 20(a) for claims "in respect of or arising out of the same transaction, occurrence, or ***series of transactions or occurrences*** and if any question of law or fact common to all these persons will arise in the action."

The Court may sever an action where there is no logical relationship between the claims and there is no overlapping proof, evidence, facts or questions of law. Little v. BellSouth Telecommunication, Inc., 1995 WL 468256 at *1 (E.D. La. 1995). Where, as is the case here, the claims are premised upon "similar precipitating events" and involve common questions of fact, the resolution of claims is "best promoted in a single proceeding" as severance would "needlessly increase delays, inconvenience and expense." Id.

Maintaining the Vanderbrook matter with the Levee Cases and the Chehardy case will conserve judicial resources, avoid piecemeal, repetitive, and possibly inconsistent adjudications by separate courts on substantially the same questions of law and fact. Rodriguez v. Shell Oil Co., 950 F. Supp.187, 192 (S.D. Tex. 1996) (denying motion to sever that would result in multiple trials and proceedings to resolve related issues). Additionally, the centralized handling of the Vanderbrook, Chehardy and Levee Cases will: (1) avoid duplication of discovery and prevent inconsistent pretrial rulings; (2) conserve the resources of the parties, their counsel, and the judiciary; (3) promote the efficient utilization of judicial facilities and manpower; and (4) avoid duplicative and inconsistent rulings, orders, or judgments.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's respectfully request that the Court deny Insurer Defendant's Motion To Sever And Deconsolidate.

Respectfully Submitted:

/s/ Robert G. Harvey

ROBERT G. HARVEY, SR., #18615
2609 Canal Street, Fifth Floor
New Orleans, Louisiana 70119
Ph: (504) 822-2136
Fax: (504) 822-2179

Attorney For Claimants

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29 day of June, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this action by U.S. Mail, properly addressed and first class postage prepaid, or by hand delivery, or by fax, e-mail or other electronic means.

/s/ Robert G. Harvey

ROBERT G. HARVEY, SR.

5