UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | * | SECTION "K"(2) |
| | * | |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: | * | (LEVEE GROUP) |
| NO. 06-2346 (FITZMORRIS) | * | |
| *   *   *   *   *   *   *   * | | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

MAY IT PLEASE THE COURT: Defendant, the United States of America, has moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss plaintiffs' action for lack of subject matter jurisdiction for the following reasons. First, plaintiffs have failed to exhaust their administrative remedies before filing suit under the Federal Tort Claims Act, 28 U.S.C. § 2671. Failure to meet this jurisdictional prerequisite to suit renders plaintiffs' tort suit premature and subject to dismissal without prejudice. Second, neither 28 U.S.C. § 1331, nor 28 U.S.C. § 1983 provide a waiver of sovereign immunity to provide this Court with jurisdiction over plaintiffs' action against the United States. Finally, plaintiffs' action based on unnamed federal

1

environmental laws cannot be sustained against the United States. For these reasons, plaintiffs' action against the United States should be dismissed.

## FACTUAL BACKGROUND[1]

The Complaint, styled as a class action,[2] alleges that plaintiffs James E. Fitzmorris, Christopher Musser, Melanie Musser, and Holly Biggs, residents of Orleans Parish, seek recovery for damages sustained when their homes, apartments and/or businesses were flooded following failure of the 17th Street Canal and London Avenue Canal levees and floodwalls in the aftermath of Hurricane Katrina. See Complaint at p. 1 and ¶1, 12-14.[3] Generally, plaintiffs allege "[d]efendants were repeatedly put on notice that the design specifications for the New Orleans levee system were defective and inadequate and that levee protection for the City of New Orleans failed to provide the protections intended in its designs." Id. at ¶2. Further, plaintiffs allege that "[c]onstruction of the levees resulted in massive subsidence of properties adjacent to the levees" about which defendants received complaints, and that "warning signs" of such

---

[1] The United States takes as true the well-pleaded factual allegations contained in the Complaint for the purposes of this motion only. Legal conclusions are, however, subject to challenge herein. See Jeanmarie v. United States, 242 F.3d 600, 602-03 (5th Cir. 2001).

[2] The class of putative plaintiffs is defined as "[a]ll residents, domiciliaries, and property owners of the Parish of Orleans, in the State of Louisiana whose Persons [sic] or properties were or may hereafter be damaged by Flooding [sic] and contaminated with environmental pollutants caused by the failure of the hurricane protections levees and floodwalls [sic] located along the 17th Street Canal and the London Avenue Canal, in New Orleans, Louisiana, on or shortly after August 29, 2005." Complaint at ¶15.

[3] Oddly, the Complaint contains general allegations regarding damage caused by the failure of the Industrial Canal, but such allegations are mentioned for the first time in the 48th paragraph of the Complaint, are not alleged to have affected the named plaintiffs, do not form a part of the class definition and, if viable, appear to be directed solely at the Orleans Levee Board. See Complaint at ¶¶ 12-15, 48-51.

subsidence should have placed the defendants "on actual or constructive notice of the deterioration of the levees." Id.

Suit against the United States is predicated on the alleged acts or omissions of the U.S. Army Corps of Engineers. Id. at ¶ 16(b). Plaintiffs assert that the Corps disregarded "soil studies and reports from independent consultants, and analysis employed by the Corps of Engineers showed that sheet piles more than thirty feet deep were required to support the concrete flood walls and withstand pressure resulting from such flooding" and "approved and implemented designs for floodwalls having depth of only 17 feet, which was inadequate to protect the area from flooding associated with a fast-moving Category 3 hurricane." Complaint at ¶63. Further, plaintiffs allege that the Corps "informed plaintiffs and other residents of Orleans Parish that the levees were sufficient to protect against such flooding with reckless disregard for the truth[,] . . . depriv[ing] plaintiffs of the protections authorized to which plaintiffs were entitled by law and willfully disregard[ing] an obvious threat of substantial harm to plaintiffs and their property[,]" thereby "creat[ing] a danger that plaintiffs would expose themselves and their property to harm, including the lack of adequate insurance." Id. at ¶64.

Damages sought include recovery for "all damages sustained by plaintiffs" including but not limited to "destruction of and environmental contamination to property, mental anguish, emotional distress, inconvenience, loss of use of property, loss of property value, loss of income, loss of profits, loss of business opportunity, and fear of future injury" as well as "the costs of cleanup and remediation" of plaintiffs' property, which was contaminated with "raw sewage, oil, chemicals, and other hazardous materials previously located in Superfund sites that were spread across wide areas of the city by spreading floodwaters." Id. at ¶¶ 1, 5, 8, 65, 67-68. The

environmental contamination "remains on plaintiffs' property and requires removal and clean-up to restore plaintiffs' property to the condition it was in prior to being damaged as a result of the defendants' negligence." Id. at ¶69.

Plaintiffs allege that this Court has jurisdiction over the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., and the Federal Civil Rights Act, 28 U.S.C. § 1983. Id. at ¶ 16(b). Plaintiffs also allege generally that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Id. at ¶ 5. Additionally, plaintiffs assert a claim for environmental damages pursuant to unspecified "federal environmental laws." Id. at ¶8. However, suit pursuant to the FTCA can only be instituted against the United States if the claimant first presents an administrative claim to the appropriate federal agency and the agency has denied the claim in writing. See 28 U.S.C. § 2675(a). If, however, the federal agency fails to finally dispose of the claim within six months after it is filed, the FTCA affords the claimant, at her option, the opportunity to treat the claim as denied and to file suit in the appropriate federal district court. Id.

Plaintiffs' Complaint is devoid of allegations that plaintiffs have exhausted their administrative remedies before filing suit. The declarations of Angela Drinkwitz, U.S. Army Corps of Engineers, and of Col. Jill Grant, U.S. Army Claims Service, demonstrate that no administrative tort claim has been filed on behalf of named plaintiffs in this action, James E. Fitzmorris, Christopher Musser, Melanie Musser, or Holly Bigg. See U.S. Ex. A and B. Thus, as of May 1, 2006, when plaintiffs commenced this action by filing their Complaint, no administrative claims on behalf of the named plaintiffs had been pending with the U.S. Army or the U.S. Army Corps of Engineers for six months.

**ARGUMENT**

Though the citizens of New Orleans undeniably suffered during Hurricane Katrina and its aftermath, the instant suit must be dismissed as premature. Plaintiffs' action for damages can only lie under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. Before filing suit, plaintiffs failed to exhaust their administrative remedies with the appropriate federal agencies in accordance with 28 U.S.C. § 2675(a), which is a statutorily mandated jurisdictional prerequisite to suit against the United States sounding in tort. Because of this defect, this Court lacks subject matter jurisdiction over plaintiffs' action, requiring dismissal. Further, additional grounds for jurisdiction cited in the Complaint – 28 U.S.C. §§ 1331 and 1983, and unnamed "federal environmental laws" – also fail.

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. See Insurance Corporation of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994); Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987); Price v. United States, 69 F.3d 46, 49 (5th Cir. 1995) rehr'g denied 81 F.3d 520 (5th Cir. 1996), cert. denied 519 U.S. 927 (1996).

I.      **Plaintiffs Cannot Bring Suit Under The FTCA Because They Have Not Yet Exhausted Their Administrative Remedies**

The FTCA is the exclusive remedy for claimants seeking monetary damages in tort from the United States and is a limited waiver of the United States' sovereign immunity.  See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).  As such, due regard must be given to the terms of the waiver of sovereign immunity because the United States can be liable only to the extent that it has waived its immunity.  Orleans v. United States, 425 U.S. 807, 814 (1976).  Absent a waiver of immunity, the United States is immune from suit in tort.  Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).  Suits against the United States must be filed in strict compliance with the FTCA's provisions.  Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984) (internal citations omitted).

Plaintiffs cannot now sue the United States for damages because this Court lacks subject matter jurisdiction to hear their claims.  Because plaintiffs have failed to exhaust their administrative remedies before instituting suit in federal court, this action must be dismissed.

Section 2675(a) of the Federal Tort Claims Act clearly and unambiguously provides that:

> An action shall not be instituted upon a claim against the United States * * * unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  * * *

See McNeil v. United States, 508 U.S. 106, 111 (1993).  Thus, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." Id. at 113.  Under the FTCA, a claimant is precluded from filing suit in district court unless she has first

presented her claim to the appropriate federal agency.  See Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).[4]  Once the claim is presented to the appropriate federal agency, the agency has six months within which to consider the claim and settle it if possible.  The agency may also deny the claim.  If no action is taken within six month, a claimant may deem the claim denied and file suit.  During this six-month period, the claimant may not file suit unless the agency formally denies the claim.  Id.

The provisions of 28 U.S.C. § 2675(a) are jurisdictional in nature and therefore cannot be waived.  Gregory, 634 F.2d at 203-204; Price, 69 F.3d. at 54; Reynolds, 748 F.2d at 292; Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994); Celestine v. Veterans Administration Hospital, 746 F.2d 1360, 1362 (8th Cir. 1984) overruled on other grounds by McNeill, 508 U.S. 106 (1993); Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000), cert. denied 531 U.S. 1037; Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) is intended to "prevent an unnecessary burdening" on the courts with premature complaints, Jerves, 966 F.2d at 520, and requires that "jurisdiction exist at the time the complaint was filed." Gregory, 634 F.2d at 203-204.  The right to sue the United States in tort exists only by virtue of the Federal Tort Claims Act, which waives sovereign immunity and fixes the terms and conditions upon which suit against the United States may be instituted.  See Plyler,

---

[4]For purposes of sections 28 U.S.C. 2401(b), 2672, and 2675(a) of the Federal Tort Claims Act, a claim is considered presented to the appropriate federal agency when "a Federal agency receives from a claimant * * * an executed Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident * * *." 28 C.F.R. § 14.2(a).

900 F.2d at 42. Any such waiver of sovereign immunity must be strictly construed in favor of the sovereign. McLaurin v. United States, 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), cert denied, 125 S. Ct. 2549 (2005); Jerves, 966 F.2d at 521; Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995); accord McNeil, 508 U.S. at 113 (requiring "strict adherence to the procedural requirements" of § 2675(a)).

Here, plaintiff's action is premature because plaintiffs failed to exhaust their administrative remedies before filing their Complaint. As of May 1, 2006, when plaintiffs filed the Complaint, plaintiffs' administrative tort claims had not been pending with the U.S. Army Corps of Engineers or the U.S. Army Claims Service for six months. See 28 U.S.C. § 2675(a); see generally Ex. 1, Drinkwitz Decl.; Ex. 2, Grant Decl. Plaintiffs, therefore, have not met the Act's jurisdictional requirements.[5]

Moreover, as in McNeil, neither the passage of time nor the subsequent denial of the claim during the pendency of the prematurely commenced action can cure this jurisdictional defect. See McNeil, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); Gregory, 634 F.2d at 204 (specifically rejecting appellants argument that six-month requirement was meaningless because it had already run and upholding dismissal of claims against United States); Reynolds, 748 F.2d at 293 (rejecting as frivolous argument that "defect[] of prematurely filed complaint may be

---

[5]Moreover, this Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant. See In re Agent Orange Prod. Liab. Litig, 818 F.2d 194, 198 (2d Cir. 1987) aff'g in relevant part, In re Agent Orange Prod. Liab. Litig., 506 F.Supp. 757 (E.D. N.Y. 1980); Lunsford v. United States, 570 F.2d 221, 227 (8th Cir. 1977); Caidin v. United States, 564 F.2d 284 (9th Cir. 1977); Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); cf. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

cured by dilatory service"); see also Plyler, 900 F.2d 41, 42 (4th Cir. 1990) (vacating, after trial, district court's judgment against United States for lack of jurisdiction because plaintiffs prematurely filed suit); cf. United States v. Burzynski Cancer Research Inst., 819 F.2d 1301, 1306-07 (5th Cir. 1987) ("Because the requirement of administrative review is a jurisdictional prerequisite, it would not have been appropriate merely to stay the suit until a claim could be filed [.]").  The only way to cure the jurisdictional defect is to file a "fresh suit" within six months of the agency's denial.  See McNeil v. United States, 964 F.2d 647, 649 (7th Cir. 1992), aff'd 508 U.S. 106 (1993).  Accordingly, this action must be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).[6]

## II. Plaintiffs Have No Other Viable Basis Upon Which To Assert That This Court Has Subject Matter Jurisdiction Over Claims Against the United States

None of the other jurisdictional grounds cited in plaintiffs' Complaint are sufficient to gain jurisdiction over the United States.  Plaintiffs cite the federal question jurisdictional statute at 28 U.S.C. § 1331 and the Civil Rights Act, 42 U.S.C. §§ 1983-1988, as well as unnamed "federal environmental laws" as additional grounds for jurisdiction over this suit.  See Complaint at ¶¶5, 8, 16(b).  These grounds fail.

---

[6] Although the present motion is founded on 28 U.S.C. § 2675(a), the plaintiffs' action is also foreclosed by other limitations inherent in the FTCA, see id. § 2680 (setting forth numerous exceptions to the general provisions that waive immunity and confer jurisdiction), and by its failure to state a claim on which relief can be granted, absence of an actionable duty, force majeure, act of God, superseding cause, contributory negligence, assumption of the risk, and other defenses.  In addition, the Flood Control Act of 1928, 33 U.S.C. §§ 700 et seq., expressly retains immunity to actions that attempt to impose liability "for any damage from or by floods or flood waters."  Id. § 702c.

### A.     Broad Jurisdictional Statutes Do Not Waive Sovereign Immunity

Broad jurisdictional statutes, such as 28 U.S.C. § 1331, do not, in and of themselves, operate as a general waiver of sovereign immunity.  See Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972); Koehler v. United States, 153 F.3d 263, 266, n.2 (5th Cir. 1998) (citing Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380 (5th Cir.1989) and describing law as "well-settled").  Thus, plaintiffs cannot merely rely on such statutes as grounds for jurisdiction over the United States in this matter.

### B.     The United States Cannot Be Sued Under Civil Rights Statutes

Suits against the United States under the civil rights statutes found at 42 U.S.C. §§ 1983-1988 are barred by sovereign immunity.  See Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999) (internal citations omitted); Hohri v. United States, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986) (citations omitted) (provisions of 42 U.S.C. Sections 1981, 1983, 1985 and 1986, "by their terms, do not apply to actions against the United States"), vacated on other grounds, 482 U.S. 64 (1987); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established  . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]").  Accordingly, any claims under the civil rights statutes must fail.

### C.     Plaintiffs' Claims Under Unnamed Federal Environmental Laws Fail To Secure Subject Matter Jurisdiction Over the United States

Plaintiffs' attempt to gain jurisdiction over the United States by alleging jurisdiction under unnamed "federal environmental laws," see Complaint at ¶ 8, also fails.  Plaintiffs assert that the United States and other non-federal defendants are liable for "environmental

10

contamination of their property which requires clean-up and/or remediation." Id. at ¶¶1, 65. Specifically, plaintiffs state that "[p]roperties for miles around the breaches were flooded with water that was contaminated with sewage that escaped from flooded sewer lines and other hazardous material . . . result[ing] in environmental contamination of the Plaintiffs' property for which clean-up costs the Defendants are responsible." Id. ¶4. However, later in their Complaint, plaintiffs specify that "[t]he environmental contamination . . . remains on plaintiffs' property and requires removal and clean-up to restore plaintiffs' property to [its prior condition]." Id. at ¶ 69. Regardless of the factual underpinnings of their claims, plaintiffs' environmental claims fail. Plaintiffs have not alleged with specificity which federal environmental laws under which they bring suit, nor have plaintiffs alleged any compliance with mandatory prerequisites under such laws, or otherwise founded their claims on federal environmental laws which permit recovery of monetary damages against the United States. Thus, plaintiffs' claims for damages pursuant to "federal environmental laws" must fail.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss should be granted and plaintiffs' action should be dismissed.

                                              Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              PAUL F. FIGLEY
                                              Deputy Director, Torts Branch

                                              <u>/s/ Catherine J. Finnegan</u>
                                              Catherine J. Finnegan
                                              Trial Attorney, Torts Branch, Civil Division
                                              U.S. Department of Justice
                                              Benjamin Franklin Station, P.O. Box 888
                                              Washington, D.C.  20044
                                              (202) 616-4916 / (202) 616-5200 (Fax)
                                              Attorneys for the United States

Dated:  July 3, 2006