UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL. | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | NO.: 05-4182 |
| BOH BROTHERS CONSTRUCTION | * | |
| CO., LLC., ET AL. | * | SECTION "K" (2) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | RE: KATRINA LEVEES |
| DOCKET Nos. 05-4181 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

**MAY IT PLEASE THE COURT:**

The *O'Dwyer* plaintiffs raise a number of issues in their memorandum and proposed supplemental memorandum in opposition to the State of Louisiana, through the Department of Transportation and Development's (DOTD) motion to dismiss based on sovereign immunity. For the reasons below, and as set forth in

DOTD's motion to dismiss[1], each of the plaintiffs' theories fails and, as such, DOTD's motion should be granted because it is entitled to Sovereign Immunity.

I. **THE ORLEANS PARISH LEVEE BOARD CANNOT AND DID NOT WAIVE THE STATE OF LOUISIANA'S SOVEREIGN IMMUNITY.**

The *O'Dwyer* plaintiffs claim that the removal of claims against the Orleans Parish Levee Board, by the Levee Board, constituted a valid waiver of the sovereign immunity of the State of Louisiana. That contention is without merit. The *O'Dwyer* plaintiffs filed suit against the Levee Board and DOTD in federal court. Therefore, no waiver of sovereign immunity by removal possibly occurred in this case. The *O'Dwyer* plaintiffs present no law to support the contention that removal in other cases, which have since been consolidated *for pretrial purposes* with the *O'Dwyer* case, has any bearing on the *O'Dwyer* case. Regardless, the Levee Board's actions expressing a desire to proceed in federal court do not waive the Sovereign Immunity of the State of Louisiana because the Levee Board is not a state agency for purposes of invoking or waiving sovereign immunity pursuant to the Eleventh Amendment. The *O'Dwyer* plaintiffs claim that the Louisiana Supreme Court's declaration that the Orleans Levee Board is a "creature or agency of the state" is sufficient for purposes of the Eleventh

---

[1] Rec. Doc. 321.

Amendment. This contention is contrary to the law of this circuit. In Vogt v. Board of Com'rs of Orleans Levee Dist.[2] The Fifth Circuit explained:

> [C]alling the levee district a "creature or agency of the state" does not necessarily mean that it is an "arm of the state" within the meaning of Eleventh Amendment jurisprudence. This point has been made repeatedly in our prior decisions. See, e.g., Southwestern Bell Telephone Co. v. City of El Paso, 243 F.3d 936, 939 (5th Cir.2001); Earles, 139 F.3d at 1036; Richardson v. Southern Univ., 118 F.3d 450, 454 (5th Cir.1997); McDonald v. Board of Mississippi Levee Commissioners, 832 F.2d 901, 906-07 (5th Cir.1987)("A reference to the Levee Board as an 'agency' of the state by Mississippi courts does not amount to a characterization of the Levee Board as an arm of the state."); Minton v. St. Bernard Parish Sch. Bd., 803 F.2d 129, 131 (5th Cir.1986).[3]

The *Vogt* court determined that the issue of whether an entity is an arm of the state for eleventh amendment purposes is a question of federal, not state law.[4] The Fifth Circuit explicitly held, "[t]he Orleans Levee District is not an arm of the State of Louisiana for purposes of Eleventh Amendment immunity."[5] Therefore, the actions of the Levee Board have no bearing on the sovereign immunity of the State of Louisiana.

---

[2] 294 F.3d 684, 696 (5th Cir. 2002).
[3] *Id* at 690.
[4] *Id*.
[5] Vogt v. Board of Com'rs of Orleans Levee Dist., 294 F.3d 684, 696 (5th Cir. 2002).

## II.  THE STATE HAS A FUNDAMENTAL CONSTITUTIONAL RIGHT TO SOVEREIGN IMMUNITY WHICH CAN ONLY BE WAIVED EXPRESSLY AND UNEQUIVOCALLY.

The State of Louisiana, through DOTD did not waive its sovereign immunity by either accepting federal funds or participating in unrelated litigation in this Court.  "State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution."[6]  The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."[7]

A State's sovereign immunity is "a personal privilege which it may waive at its pleasure."[8]  The decision to waive that immunity, however, "is altogether voluntary on the part of the sovereignty."[9]  Accordingly, our "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."[10]  Generally, the Court will find a waiver either if (1) the state

---

[6] Myers v. State of Texas, 410 F.3d 236, 240 (5th Cir. 2005) (citing Alden v. Maine, 527 U.S. 706, 713 (1999)).
[7] *Id* (*citing* Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(*quoting* Hans v. Louisiana 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).
[8] College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999) (*citing* Clark v. Barnard, 108 U.S. 436, 447 (1883)).
[9] *Id*  (*citing* Beers v. Arkansas, 20 How. 527, 529, 15 L.Ed. 991 (1858)).
[10] *Id* (*quoting* Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985)).

voluntarily invokes federal court jurisdiction, or (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[11]

> The whole point of requiring a "clear declaration" *by the State* of its waiver is to be certain that the State in fact consents to suit. But there is little reason to assume actual consent based upon the State's mere presence in a field subject to congressional regulation. There is a fundamental difference between a State's expressing unequivocally that it waives its immunity and Congress's expressing unequivocally its intention that if the State takes certain action it shall be deemed to have waived that immunity. In the latter situation, the most that can be said with certainty is that the State has been put on notice that Congress intends to subject it to suits brought by individuals. That is very far from concluding that *the State* made an "altogether voluntary" decision to waive its immunity. [12]

The *O'Dwyer* plaintiffs argue that DOTD waived its sovereign immunity in two ways applicable to this case.

The *O'Dwyer* plaintiffs first argue that DOTD waived its sovereign immunity by "'partnering' with the Federal Government in the area of flood control, and by accepting post disaster federal assistance." In support of this argument, the plaintiffs cite *Parden v. Terminal R.Co.*, 337 U.S. 184, (1964). *Parden* has been completely abrogated.

---

[11] College Savings, 527 U.S. at 675-76 (citing Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284 (1906); Great Northern Life Ins. v. Read, 322 U.S. 47 (1944)).
[12] College Savings, 527 U.S. at 680-81 (*citing* Beers, 20 How. At 529, 15 L.Ed 991) (emphasis provided).

> [I]n *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), although we expressly avoided addressing the constitutionality of congress's conditioning a State's engaging in Commerce Clause activity upon the State's waiver of sovereign immunity, we said there was "no doubt that *Parden's* discussion of congressional intent to negate Eleventh Amendment immunity is no loger good law," and overruled *Parden* "to the extent [it] is inconsistent with the requirement that an abrogation of Eleventh Amendment immunity by Congress must be expressed in unmistakably clear language."[13]

The *O'Dwyer* plaintiffs cite no law to support their contention that participation in flood control projects or acceptance of post-disaster federal funds constitutes an unmistakably clear waiver of sovereign immunity. Even if acceptance of federal funds constituted a proper waiver of sovereign immunity (which it does not) it could, logically, only constitute a waiver of sovereign immunity for claims under the statute authorizing the funding. The *O'Dwyer* plaintiffs do not claim that the Flood Control Act or the Stafford Act forms a basis for their claims against DOTD. Without touching on the merits of a claim against DOTD under either act, if claims were made under those acts, the plaintiffs have not established that DOTD waived its immunity. The *O'Dwyer* plaintiffs point to no section of either act at all which pertains to the immunity of the states. Specifically, they point to no section which

---

[13] *Id* (*citing* Welch, 483 U.S. at 478).

abrogates the sovereign immunity of the states if they accept monies pursuant to the act. Therefore, this argument of the plaintiffs is without merit.

Secondly, the plaintiffs allege that the State through DOTD waived its sovereign immunity by participation in other, unrelated litigation in this Court. Specifically, the plaintiffs contend that the State and DOTD's participation in Civil Action 05-4157 as parties-plaintiff waives sovereign immunity in this case. As is common practice, the *O'Dwyer* plaintiffs cite no law to support the contention that participation in unrelated litigation affects immunity in this case. They cite no law supporting even the contention that participation as a party-plaintiff in 05-4157 waives sovereign immunity at all. The plaintiffs' argument seems to be that a knowing waiver in 05-4157 (as conclusorily alleged) constitutes an implied waiver of immunity in future litigation. Herein, DOTD will assume that the plaintiffs intend to apply the *Parden* "constructive waiver" theory to their contention. "*Parden*-style waivers are simply unheard of in the context of *other* constitutionally protected privileges. As we said in *Edelman*, '[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights.'"[14]

> "[C]ourts indulge every reasonable presumption against waiver" of fundamental constitutional rights. State

---

[14] College Savings, 527 U.S. at 681 (*citing* Edelman v. Jordan, 415 U.S. 651, 673 (1974) (emphasis provided).

7

> sovereign immunity, no less than the right to trial by jury in criminal cases, is constitutionally protected. And in the context of *federal* sovereign immunity – obviously the closest analogy to the present cast – it is well established that waivers are not implied. We see no reason why the rule should be different with respect to state sovereign immunity.[15]

In this case, the State of Louisiana and the State through DOTD have made nothing but clear and unequivocal statements that they are *not* waiving sovereign immunity. There has been no "cherry-picking" and certainly no "fast-one[s]" pulled on this Court by the State or DOTD. The State is entitled to sovereign immunity in this case. The *O'Dwyer* plaintiffs have provided no evidence of or law in support of the contention that sovereign immunity has been waived. The State may proceed in federal court, at its pleasure. In this case, the State has chosen to not exercise that option.

### III. <u>SOVEREIGN IMMUNITY IS A PURELY LEGAL ISSUE REQUIRING NO FACTUAL DISCOVERY.</u>

The plaintiffs request this Honorable Court to, in the alternative, deny DOTD's motion so they may conduct discovery. This issue has been fully briefed in DOTD's motion to dismiss (Rec. Doc. 321) as well as in DOTD's motion to stay discovery which was filed and served on counsel for the *O'Dwyer* plaintiffs on May 23, 2006.

---

[15] <u>College Savings</u>, 527 U.S. at 682 (emphasis provided) (internal citations omitted).

## IV. THE ELEVENTH AMENDMENT HAS LONG BEEN HELD TO APPLY TO SUITS AGAINST A STATE BY ITS OWN CITIZENS.

The plaintiffs cite no *binding* precedent indicating that the 1890 case, *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) has been overruled. In *Hans* the United States Supreme Court established that the Eleventh Amendment acts as a jurisdictional bar to suits against a state by its citizens. Counsel for the *O'Dwyer* plaintiffs admits[16] the existence of the long-standing jurisprudence. Despite knowledge of the law, the *O'Dwyer* plaintiffs cite three dissenting opinions of Justice Brennan in support of the contention that the Eleventh Amendment does not apply to cases against a state by its own citizens. However, dissenting opinions constitute nothing more than persuasive authority. *Hans*, however is binding precedent. Therefore, the argument that the Eleventh Amendment does not apply to this case because the case is a suit by Louisiana citizens against the State of Louisiana, is without merit.[17]

V. Conclusion.

The *O'Dwyer* plaintiffs admit that the State of Louisiana is entitled to sovereign immunity in this case. In the last paragraph of plaintiffs' opposition[18]

---

[16] Plaintiffs' memorandum in opposition, p. 8 ("However, plaintiffs concede that the amendment has been judicially interpreted to preclude suits by citizens of a State against its own State in Federal Court.")

[17] See *Hans*, supra. See also **Pennhurst State School & Hosp. v. Halderman**, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); **Welch v. Texas Dep't of Highways and Public Transp.**, 483 U.S. 468, 472-73, 107 S.Ct. 2941, 2945-46, 97 L.Ed.2d 389 (1987)(plurality opinion).

[18] Rec. Doc. 148, p. 30.

9

they state that "[p]laintiffs cannot change the possible impact of the 11th Amendment to the U.S. Constitution on their claims against the State of Louisiana.  However, the 11th Amendment is not applicable to plaintiffs' claims against the Governor and the Louisiana Department of Transportation and Development."  DOTD has explained and provided law supporting its motion seeking dismissal based on the Eleventh Amendment.  As such, the motion should be granted and DOTD dismissed from this case.

    Respectfully submitted,

    **CHARLES C. FOTI, JR.**
    **ATTORNEY GENERAL**

**BY**:  s/ *Michael C. Keller*
    **MICHAEL C. KELLER (#20895) (T.A.)**
    **PHYLLIS E. GLAZER (# 29878)**
    **STEPHEN F. BABIN (#2634)**
    **ASSISTANT ATTORNEYS GENERAL**

    **DEPARTMENT OF JUSTICE**
    **LITIGATION DIVISION**
    601 Poydras Street, Suite 1725
    New Orleans, Louisiana 70130
    Telephone No.    504-599-1200
    Facsimile No.    504-599-1212
    Email:    KellerM@ag.state.la.us
                GlazerP@ag.state.la.us
                BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

**I CERTIFY** I have served the foregoing on all counsel of record by EMAIL, at New Orleans, Louisiana, on this _16th_ day of _June_, 2006.

_s/ Michael C. Keller_
**MICHAEL C. KELLER**