UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| VERSUS | * | |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | |
| ET AL | * | |
| | * | |
| THIS DOCUMENT RELATES TO | * | |
| 06-2278 Christenberry | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

Defendant, Virginia Wrecking Company, Inc., answers the Petition for Damages: Class Action of the Plaintiffs, Herbert W. Christenberry, Maria Kay Chetta and Keith Neidlinger as follows:

### FIRST DEFENSE

The Class Action Complaint fails to meet the prerequisites for a class action in that:

A.  The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

B.  The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability and damages issues inherent in the different zones alleged in the complaint; and

C.  The plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

## SECOND DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

## THIRD DEFENSE

And now answering the specific allegations of the Petition for Damages: Class Action, Virginia Wrecking Company, Inc. does aver:

1.

The allegations of paragraph 1 of the Petition are denied.

2.

The allegations of paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein, except that the Defendant admits that it is a non-Louisiana corporation with its domicile in Alabama.

4.

The allegations of paragraph 4 of the Petition are denied.

5.

The allegations of paragraph 5 of the Petition are denied.

6.

The allegations of paragraph 6 of the Petition are denied.

7.

The allegations of paragraph 7 of the Petition are denied.

8.

The allegations of paragraph 8 of the Petition are denied.

9.

The allegations of paragraph 9 of the Petition are denied.

10.

The allegations of paragraph 10 of the Petition are denied.

11.

The allegations of paragraph 11 of the Petition are denied.

12.

The allegations of paragraph 12 of the Petition are denied.

13.

The allegations of paragraph 13 of the Petition are denied.

14.

The allegations of paragraph 14 of the Petition are denied.

15.

The allegations of paragraph 15 of the Petition are denied.

16.

The allegations of paragraph 16 of the Petition are denied.

17.

The allegations of paragraph 17 of the Petition are denied.

18.

The allegations of paragraph 18 of the Petition are denied.

19.

The allegations of paragraph 19 of the Petition are denied.

20.

The allegations of paragraph 20 of the Petition are denied.

21.

The allegations of paragraph 21 of the Petition are denied.

22.

The allegations of paragraph 22 of the Petition are denied.

23.

The allegations of paragraph 23 of the Petition are denied.

24.

The allegations of paragraph 24 of the Petition are denied.

25.

The allegations of paragraph 25 of the Petition are denied.

26.

The allegations of paragraph 26 of the Petition are denied.

27.

The allegations of paragraph 27 of the Petition are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph 28 of the Petition are denied.

29.

The allegations of paragraph 29 of the Petition are denied.

30.

The allegations of paragraph 30 of the Petition are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of paragraph 31 of the Petition are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of paragraph 32 of the Petition are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of paragraph 33 of the Petition are denied.

34.

The allegations of paragraph 34 of the Petition are denied.

35.

The allegations of paragraph 35 of the Petition are denied.

36.

The allegations of paragraph 36 of the Petition require no answer of this Defendant, but, in an abundance of caution, they are denied.

## FOURTH DEFENSE

Alternatively, Defendant avers that any work done by it was done in accordance with plans or specifications furnished to it and it has no liability pursuant to Louisiana R.S. 9:2771.

### FIFTH DEFENSE

Alternatively, any work done by the Defendant was done under supervision and/or direction and/or control of the United States Army Corps of Engineers and Defendant is thereby immune from suit and from tort liability.

### SIXTH DEFENSE

Alternatively, any work done by the Defendant was done in accordance with plans or specifications furnished to it by the United States Army Corps of Engineers and Defendant has no liability pursuant to La. R.S. 9:2771.

### SEVENTH DEFENSE

In the further alternative, Defendant avers that the work done by it was not done where there was any break or breach of any levee or flood wall or where there was any failure of any levee or flood wall whatsoever.

### EIGHTH DEFENSE

Alternatively, Defendant avers that it has no liability for any subcontractors vicariously or under the doctrine of *respondeat superior*.

### NINTH DEFENSE

Alternatively, any break or breach of any levee or flood wall or any failure of any other levee or flood wall occurred as a result of the fault and/or negligence of others for whom this defendant is not liable or responsible.

### TENTH DEFENSE

Alternatively, plaintiffs' claims are barred by Louisiana R.S. 9:2772.

### ELEVENTH DEFENSE

Alternatively, any break or breach in any levee or flood wall or any other failure of

any levee or flood wall occurred as a result of an act of God for which this Defendant is not responsible or liable.

37.

Defendant pray for trial by jury.

WHEREFORE, Defendant, Virginia Wrecking Co., Inc., prays that this Answer be deemed good and sufficient and that after due proceedings are had herein there be judgment in its favor and against the plaintiffs in class action, dismissing their suit, at their costs, and with full prejudice. Defendant further prays for all general and equitable relief to which it may be entitled and for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

/s/ Wade A. Langlois, III
THOMAS L. GAUDRY, JR., T.A. (#5980)
WADE A. LANGLOIS, III (#17681)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
Counsel for Defendant, Virginia Wrecking Company, Inc.

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

THOMAS W. DARLING (#23020)
888 Tara Blvd., Suite B
Baton Rouge, LA 70806
Phone: (225) 231-4916   Fax: (225) 231-4917
Counsel for Defendant, Virginia Wrecking Company, Inc.

CERTIFICATE OF SERVICE

    I certify that on July 6, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.

                                        /s/ Wade A. Langlois, III
                                            Wade A. Langlois, III