UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | |
| | * | CONS. KATRINA CANAL |
| THIS DOCUMENT RELATES TO: | * | |
| **LEVEE GROUP** | * | |
| **CASE NO. 05-6073 (KIRSCH)** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Second Amended Class Action Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiff in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

15.

The allegations of Paragraph 1 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action. The allegations are further denied to the extent they contain statements of fact or conclusions of law.

16.

The allegations of Paragraph 2 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

17.

B & K admits that it is a Louisiana corporation, formerly known as "B & K Construction Company" with its domicile in the Parish of St. Tammany, and doing business in the Parish of Orleans, State of Louisiana. All other allegations of Paragraph 3 require no response by B & K, but, out of an abundance of caution, are denied.

18.

B & K admits that at all relevant times hereto it engaged in substantial business in the State of Louisiana and within this federal district. The remaining allegations of Paragraph 4 concerning the business activities of other Defendants are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

19.

The allegations of Paragraph 5 concerning Plaintiffs alleged damages are denied to the extent they assert liability on behalf of B & K for those damages. The allegations of Paragraph 5 concerning the damages of proposed class members are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

20.

B & K admits that this Court has federal question jurisdiction under 28 U.S. C. § 1331 due to B & K's assertion in Paragraph 4 above of the "Government Contractor Defense", which defense provides for the immunity of B & K as an officer/agent of the federal government. Allegations in Paragraph 6 asserting subject matter jurisdiction under diversity of citizenship are denied and additional allegations concerning the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) are also denied to the extent they assume Plaintiffs' entitlement to proceed with a class action.

21.

B & K admits that this Court has federal question jurisdiction under 28 U.S. C. § 1331 due to B & K's assertion in Paragraph 4 above of the "Government Contractor

Defense", which defense provides for the immunity of B & K as an officer/agent of the federal government. Allegations in Paragraph 7 asserting subject matter jurisdiction under diversity of citizenship are denied and additional allegations concerning the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) are also denied to the extent they assume Plaintiffs' entitlement to proceed with a class action.

22.

The allegations of Paragraph 8 are denied. B & K asserts as stated in Paragraph I above that Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

23.

B & K admits that on August 27, 2005 Hurricane Katrina was in the Gulf of Mexico, and that New Orleans Mayor Ray Nagin called for a voluntary evacuation of the City of New Orleans. Other allegations in Paragraph 9 are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

24.

B & K admits that on August 28, 2005 New Orleans Mayor Ray Nagin called for a mandatory evacuation of the City of New Orleans. Other allegations in Paragraph 10 are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

25.

B & K denies the allegations of Paragraph 11 due to lack of specific information which would enable B & K to admit or deny the allegations.

26.

B & K denies the allegations of Paragraph 12 due to lack of specific information which would enable B & K to admit or deny the allegations.

27.

B & K denies the allegations of Paragraph 13 due to lack of specific information which would enable B & K to admit or deny the allegations.

28.

B & K denies all allegations in Paragraph 14 that the Plaintiffs' damages were caused by the improper and/or negligent construction work of B & K. Other allegations in Paragraph 14 are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

29.

B & K denies the allegations of Paragraph 15 due to lack of specific information which would enable B & K to admit or deny the allegations.

30.

B & K denies the allegations of Paragraph 16 due to lack of specific information which would enable B & K to admit or deny the allegations.

31.

B & K denies the allegations of Paragraph 17 due to lack of specific information which would enable B & K to admit or deny the allegations.

32.

B & K denies the allegations of Paragraph 18 due to lack of specific information which would enable B & K to admit or deny the allegations.

33.

B & K denies the allegations of Paragraph 19 due to lack of specific information which would enable B & K to admit or deny the allegations.

34.

B & K denies the allegations of Paragraph 20 due to lack of specific information which would enable B & K to admit or deny the allegations.

35.

The allegations of Paragraph 21 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

36.

The allegations of Paragraph 22 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

37.

The allegations of Paragraph 23 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

38.

The allegations of Paragraph 24 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

39.

The allegations of Paragraph 25 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

40.

The allegations of Paragraph 26 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

41.

The allegations of Paragraph 27 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

42.

The allegations of Paragraph 28 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

43.

The allegations of Paragraph 29 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

44.

The allegations of Paragraph 30 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

45.

The allegations of Paragraph 31 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

46.

The allegations of Paragraph 32 are denied to the extent that they state Plaintiffs' entitlement to proceed with a class action.

47.

The allegations of Paragraph 33 are denied due to lack of specific information which would enable B & K to admit or deny the allegations.

48.

The allegations of Paragraph 34 are admitted.

49.

The allegations of Paragraph 35 are denied.

50.

The allegations of Paragraph 36, Paragraph B, subparagraph 2 concerning B & K's alleged fault in constructing the London Avenue Canal are denied. All remaining allegations of Paragraph 36 require no response by B & K, but, out of an abundance of caution are denied.

51.

The allegations of Paragraph 37 are denied.

52.

The allegations of Paragraph 38 are denied to the extent they allege liability on the part of B & K.

53.

The allegations of Paragraph 39 require no response by B & K.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___7th___ day of July, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the counsel listed on the attached Exhibit "A".

I FURTHER CERTIFY that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid and properly addressed to the non-CM/ECF participants listed on Exhibit "A".

_____
Betty E. Mullin

## EXHIBIT "A" - COUNSEL LIST

**William David Aaron, Jr**
waaron@goinsaaron.com grandazzo@goinsaaron.com

**Thomas P. Anzelmo**
tanzelmo@mcsalaw.com lkay@mcsalaw.com

**Daniel E. Becnel, Jr**
dbecnel@becnellaw.com mmoreland@becnellaw.com

**Robert M. Becnel**
ROBBECNEL@AOL.COM

**Terrence L. Brennan**
tbrennan@dkslaw.com

**Joseph M. Bruno**
jbruno@brunobrunolaw.com stephaniep@brunobrunolaw.com

**Traci L. Colquette**
Traci.ColQuette@usdoj.gov

**Thomas W. Darling**
tdarling@grhg.net tigerthom@cox.net, firm@grhg.net, tl@grhg.net

**Erin E. Dearie**
dearie@bayoulaw.com aadams@bayoulaw.com

**Joseph Vincent DiRosa, Jr**
jvdirosa@cityofno.com jdavis@cityofno.com

**Walter C. Dumas**
wdumas@dumaslaw.com tyoungblood@dumaslaw.com

**Catherine J. Finnegan**
tess.finnegan@usdoj.gov catherine.corlies@usdoj.gov

**Thomas Francis Gardner**
gardner@bayoulaw.com aadams@bayoulaw.com

**Thomas Livingston Gaudry, Jr**
tgaudry@grhg.net dbreaux@grhg.net, firm@grhg.net

**Phyllis Esther Glazer**
glazerp@ag.state.la.us
pennm@ag.state.la.us,pearleyj@ag.state.la.us,kellerm@ag.state.la.us

**Joseph Pierre Guichet**
jguichet@lawla.com aboyd@lawla.com

**Jim S. Hall**
jodi@jimshall.com

**Herman C. Hoffmann, Jr**
hhoffmann@spsr-law.com

**Ralph Shelton Hubbard, III**
rhubbard@lawla.com ljackson@lawla.com

**Michael Courtney Keller**
kellerm@ag.state.la.us
pearleyj@ag.state.la.us,pennm@ag.state.la.us,babins@ag.state.la.us,philibertj@ag.state.la.us

**Hugh Palmer Lambert**
hlambert@lambertandnelson.com alexis@lambertandnelson.com

**John M. Landis**
jlandis@stonepigman.com pkrupicka@stonepigman.com

**Wade Antoine Langlois, III**
wlanglois@grhg.net ptranchina@grhg.net

**Wayne J. Lee**
wlee@stonepigman.com pwhite@stonepigman.com

**F. Gerald Maples**
federal@geraldmaples.com

**Ben Louis Mayeaux**
bmayeaux@ln-law.com denisen@ln-law.com

**J. J. (Jerry) McKernan**
**Gerald A. Melchiode**
jmelchiode@gjtbs.com mwilson@gjtbs.com

**Gerald Edward Meunier**
dmartin@gainsben.com gmeunier@gainsben.com

**Kara K. Miller**
kara.k.miller@usdoj.gov catherine.corlies@usdoj.gov

**Penya M. Moses-Fields**
pmfields@cityofno.com majohnson@cityofno.com

**James Bryan Mullaly**
jamesmullaly1@hotmail.com

**Betty Finley Mullin**
bmullin@spsr-law.com lynnz@spsr-law.com

**J. Wayne Mumphrey**
jwmumphrey@mumphreylaw.com smitchell@mumphreylaw.com

**John Herr Musser, IV**
jmusser@bellsouth.net

**Ashton Robert O'Dwyer, Jr**
**James L. Pate**
arod@odwyerlaw.com
jpate@ln-law.com

**Ronnie Glynn Penton**
rgp@rgplaw.com dischilling@rgplaw.com

**Michael R.C. Riess**
mriess@kingsmillriess.com

**David Scott Scalia**
DAVID@brunobrunolaw.com jennifer@brunobrunolaw.com

**George R. Simno, III**
gsimno@swbno.org

**Todd Robert Slack**
tslack@gainsben.com

**Randall A. Smith**
rasmith3@bellsouth.net mmzornes@bellsouth.net

**Robin D. Smith**
robin.doyle.smith@usdoj.gov catherine.corlies@usdoj.gov

**Christopher Kent Tankersley**
ctankersley@burglass.com

**Sidney Donecio Torres, III**
storres@torres-law.com rburns@torres-law.com, pmichon@torres-law.com

**William D. Treeby**
wtreeby@stonepigman.com

**Richard John Tyler**
rtyler@joneswalker.com jcasella@joneswalker.com

**Jesse Lee Wimberly, III**
wimberly@nternet.com

**Joseph W. Hecker**
Joseph W. Hecker
619 Europe Street
2nd Floor
Baton Rouge, LA 70806

**Deborah Louise Wilson**
Deborah L. Wilson, Attorney at Law
317 Magazine Street
New Orleans, LA 70130

N:\DATA\K\03409023\Consolidated Pleadings\Answer2nd-Kirsch.wpd