

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, ET AL | CIVIL ACTION |
| versus | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | JUDGE STANWOOD |
| | MAG. JUDGE (2) |
| THIS DOCUMENT RELATES TO: | CONS. KATRINA CANAL |
| 06-2152 (Reed) | |

## ANSWER OF PINE BLUFF SAND AND GRAVEL COMPANY

NOW INTO COURT, through undersigned counsel, comes defendant, Pine Bluff Sand and Gravel Company (hereinafter "Pine Bluff" or "defendant"), on information and belief and in answer to the Class Action Complaint of Phillip Reed (hereinafter individually and all class claimants collectively: "plaintiffs"), and avers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against Pine Bluff upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, *forced majeure*, fortuitous event, unavoidable accident or an extraordinary manifestation of the forces of nature.

### THIRD DEFENSE

Pine Bluff is immune from liability in accordance with the "government contractor defense" as recognized in *Boyle v. United Technologies Corp.*, 487 US 500 (1988).

```
___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____
```

## FOURTH DEFENSE

Pine Bluff pleads all immunities and defenses afforded by The Suits in Admiralty Act, 46 U.S.C. § 741, *et seq*, and The Public Vessels Act, 46 U.S.C. § 781, *et seq*, and cases interpreting such Acts.

## FIFTH DEFENSE

Plaintiffs have no right or cause of action against Pine Bluff under the Clean Water Act; alternatively, Pine Bluff pleads all immunities and defenses afforded by such Act and cases interpreting such Act.

## SIXTH DEFENSE

Pine Bluff is immune from liability pursuant to the provisions of La. R. S. 9:2771 since its work was performed in accordance with the drawings and specifications furnished for the underlying project.

## SEVENTH DEFENSE

Pine Bluff performed its work in accordance with its contract with the U. S. Army Corps of Engineers and in a good and workmanlike manner, free from defects or deficiencies.

## EIGHTH DEFENSE

Pine Bluff specifically denies that it or anyone for whose actions it is or may be responsible in anyway caused or contributed to plaintiff's alleged damages; to the contrary, such damages, if any, were the result of the fault or neglect of plaintiffs and/or other parties for whose actions this defendant is not responsible.

### NINTH DEFENSE

Plaintiffs' claims are barred or reduced by the comparative fault of other parties or entities for whom this defendant is not responsible; Pine Bluff invokes all rights and defenses under Louisiana Civil Code Article 2323.

### EIGHTH DEFENSE

The Complaint fails to meet the requisites for a class action; the Complaint is an improper cumulation of actions.

### NINTH DEFENSE

Plaintiffs have failed to join a party needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure.

### TENTH DEFENSE

Plaintiffs assumed the risk of the damages claimed by acquiring or constructing homes within known flood zones.

### ELEVENTH DEFENSE

Pine Bluff adopts and incorporates by reference any and all affirmative defenses and immunities asserted by any other party to this proceeding to the extent they apply to this defendant, and gives notice that it intends to rely upon any other defense and/or immunities that may become available or appear during these proceedings, hereby reserving its right to amend its answer to assert any such defense and/or immunity.

### TWELFTH DEFENSE

Pine Bluff claims the benefits of the Revised Statute to the United States regarding exoneration from and limitation of liability of vessel owners and avers that, should judgment be rendered herein against Pine Bluff, that it is entitled to have its liability limited to the amount or value of its interest in its dredge, as of the date of the incident sued upon.

### THIRTEENTH DEFENSE

Plaintiffs are not entitled to trial by jury; alternatively, this case should be transferred to avoid prejudice to Pine Bluff for the reasons that the jurors of this District are potential members of the purported class.

### FOURTEENTH DEFENSE

Plaintiffs lack a right of action, standing or capacity to bring some or all of the claims alleged in the Complaint.

### FIFTEENTH DEFENSE

Pine Bluff invokes and adopts all affirmative and constitutional defenses available under federal law, the State of Louisiana and laws of other jurisdictions that may be subsequently determined to apply to this action.

### SIXTEENTH DEFENSE

To the extent plaintiff has received or may receive payment for any of the alleged damages from any individual or corporate or government entity, Pine Bluff is entitled to a credit and/or offset in the amount of such payments.

### THIRTEENTH DEFENSE

Now answering the specific allegations contained in the Complaint, Pine Bluff avers as follows:

1.

The allegations contained in Article 1 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

2.

The allegations contained in Article 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

Pine Bluff admits its corporate status as alleged in Article 3 (dd) of the Complaint; except as specifically admitted herein, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Article 4 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

5.

The allegations contained in Article 5 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

6.

The allegations contained in Article 6 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

7.

The allegations contained in Article 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Article 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Article 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Article 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Article 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Article 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Article 13 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

14.

The allegations contained in Article 14 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

15.

The allegations contained in Article 15 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

16.

The allegations contained in Article 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

Pine Bluff admits that it performed certain dredging services under contract to the Army Corps of Engineers; except as specifically admitted herein, the remaining allegations contained in Article 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Article 18 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

19.

The allegations contained in Article 19 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

20.

The allegations contained in Article 20 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

21.

The allegations contained in Article 21 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

22.

The allegations contained in Article 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Article 23 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

24.

The allegations contained in Article 24 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

25.

The allegations contained in Article 25 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

26.

The allegations contained in Article 26 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

27.

The allegations contained in Article 27 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

28.

The allegations contained in Article 28 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

29.

The allegations contained in Article 29 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

30.

The allegations contained in Article 30 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

31.

The allegations contained in Article 31 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

32.

The allegations contained in Article 32 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

33.

The allegations contained in Article 33 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

34.

The allegations contained in Article 34 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

35.

The allegations contained in Article 35 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

36.

The allegations contained in Article 36 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

37.

The allegations contained in Article 37 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

38.

The allegations contained in Article 38 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

39.

The allegations contained in Article 39 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

40.

The allegations contained in Article 40 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

41.

The allegations contained in Article 41 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

42.

The allegations contained in Article 42 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

43.

The allegations contained in Article 43 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

44.

The allegations contained in Article 44 of the Complaint are denied to the extent they may be applicable to Pine Bluff.

45.

The allegations contained in Article 45 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

WHEREFORE, Pine Bluff Sand and Gravel Company, defendant, prays for a dismissal of the Complaint at plaintiffs' costs; or, alternatively, that its liability be limited to the amount or value of its interest in the subject dredge; and for such other relief as the

Court deems proper and is competent to grant.

Respectfully submitted,

*[signature]*

ANDRE J. MOULEDOUX (LA Bar #9778)
C. WILLIAM EMORY (LA Bar #20179)
DANIEL J. HOERNER (LA Bar #21706)
JACQUES P. DEGRUY (LA Bar #29144)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, L.L.C.
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile:  (504) 522-2121
Attorneys for Pine Bluff Sand and Gravel
Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing the same in the U. S. Mails, postage prepaid this 23rd day of June, 2006.

*[signature]*