**Engineers' Exhibit 6**
Berthelot
EDLA, CV No. 05-4182
Cons. Katrina Canal

# Tom F. Gardner

**From:** Thomas F. Gardner [gardner@bayoulaw.com]
**Sent:** Wednesday, January 25, 2006 4:07 PM
**To:** 'Ashton O'Dwyer'
**Cc:** gardner@bayoulaw.com; 'Stilwell, Victor E.'; 'Erin Dearie'; Tess.Finnegan@usdoj.gov; tanzelmo@mcsalaw.com; ctankersley@burglass.com; gardnerandkewley@bayoulaw.com
**Subject:** RE: Maureen O'Dwyer, et al. vs. The United States of America, et al. 7274-09 RG053716

Dear Ashton:

   This letter is a reply to your 1/25/06 request that Eustis help you out.  This letter also requests that you provide a response to my 1/11/06 requests which are summarized and quoted under "I.  Eustis' Geotechnical Reports."

   The quick answer to your two part inquiry is that:

   1.  There are at least three folders on the IPET site that contain information regarding Eustis' Geotechnical Reports, including soil boring information, and

   2.  There is at least one folder on the IPET site that contains information concerning the sheet pile work on the 17th Street Canal.

## I.  Eustis Geotechnical Reports, Production of Records & Facts in Support of the Complaint:

   1.  O'Dwyer's 1/25/06 Requests to Eustis:

   In your e-mail, you requested the locations on IPET where you could find Eustis' Geotechnical Reports.  I located Eustis' Geotechnical Reports by going to the IPET website and clicking on "Lake Pontchartrain and Vicinity," then opening the "Reports"  folder (see the web page that is reproduced below).  Several of Eustis' Geotechnical Reports (including soil borings) are in this folder.  Eustis' Geotechnical Reports, including soil borings may also be found, in full or in part, on IPET in the following folders:

a.  Design Memorandums,
b.  As Builts, and
c.  Contract Documents (I presume the reports are in this folder, but I have not had time to look).

   2.  Eustis' 1/11/06 Requests to O'Dwyer:

   The introduction to the IPET website states that the site contains data for Hurricane Protection Projects.  Since Eustis' Geotechnical Reports are contained on the IPET site, please advise if your clients wish to review Eustis' project files in paper form, even though this production would be largely duplicative of the technical information that is contained on IPET.  Also, as I requested on January 11, 2006, if you wish to have a copy of Eustis' project files, please let me know if your clients will share proportionately in the cost of scanning Eustis' files.  Finally, as I requested on January 11, 2006, "[P]lease send to me the factual basis on which your clients named Eustis as a party."



## 2.  17th Street Canal:

   Use the same IPET opening folder technique and select "Plans and Specifications," then click "As-builts."   The as-builts for M&M's 1990 design for the 17th Street Canal Project, which appears to have added the sheet piles and flood walls, is the first file under "as-builts."  These as-builts were posted on December 2, 2005.  Please refer to the web page reproduced below:

7/1/2006



   Ashton, Eustis did not receive a set of the images that you sent to Judge Knowles in connection with your motion this morning.  Please forward a set of the digital images to me at your earliest convenience.

   With best regards, I remain,

Thomas Gardner

7/1/2006

**From:** Ashton O'Dwyer [mailto:arod@odwyerlaw.com]
**Sent:** Wednesday, January 25, 2006 12:49 PM
**To:** Gardner@bayoulaw.com
**Subject:** Maureen O'Dwyer, et al. vs. The United States of America, et al.

Tom:

Help me out.  If you know what IPET files contain the design and as-built drawings for the connection between the sheet pile and the concrete floodwalls at 17th Street, send them to me via E-mail.  Also, can you send me whatever soil boring data Eustis gave the Corps, I would appreciate that also.  We have not been able to locate these things.


**Ashton R. O'Dwyer, Jr.**
Law Offices of Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560
AROD@odwyerlaw.com

**Engineers' Exhibit 7**
Berthelot
EDLA, CV No. 05-4182
Cons. Katrina Canal

# GARDNER & KEWLEY
A PROFESSIONAL LAW CORPORATION

1615 METAIRIE ROAD, SUITE 200
METAIRIE, LOUISIANA 70005

TELEPHONE: (504) 832-7222
FACSIMILE: (504) 832-7223
E-MAIL: gardner@bayoulaw.com
THOMAS F. GARDNER

May 23, 2006
7274-09

## VIA EMAIL: jbruno@brunobrunolaw.com
## & FACSIMILE: (504) 581-1493, 3 PAGES

Joseph M. Bruno, Esq.
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113

RE:   **Colleen Berthelot, et al**
      **v. Boh Brothers Construction Co., L.L.C., et al**
      **USDC, EDLA CV No. 05-4182, Section "K"(2), Cons. Katrina Canal**

Dear Joe:

The Engineers[1] request that the plaintiffs designate that no discovery is required in connection with the Preliminary Motions to Dismiss.[2] The designation will allow the Court to hear the Engineers' Preliminary Motions on July 12, 2006.

## I.   RULE 12(B) MOTION - DISMISSAL BASED ON MISIDENTIFICATION

The Engineers' Rule 12 (b) Motion will request dismissal with prejudice of certain claims made against individual engineers on specific Canals[3] and on the MRGO.[4] The

---

[1]   Burk-Kleinpeter, Inc. ("BKI"),
      Eustis Engineering Company, Inc. ("Eustis"), and
      Modjeski and Masters, Inc. ("Modjeski").

[2]   Joint Preliminary Motions Under Rules 12(b)(6) and 56 to Dismiss all of Plaintiffs' Improperly Pleaded Claims, all of Plaintiffs' Perempted Claims on behalf of the Engineers.

[3]   1.   The Metairie Relief Canal ("17th Street Canal"),
      2.   The London Avenue Canal,
      3.   The Orleans Avenue Canal, and
      4.   The Inner Harbor Navigation Canal and the Gulf Intercoastal Waterway (Collectively, the "Industrial Canal" or "IHNC").

jb_727409_Cons_Katrina_Canal_052306_tfgess#1F.wpd

Joseph M. Bruno, Esq.
May 23, 2006
Page 2

basis for the Motion is the misidentification in pleadings of individual engineers as having rendered services on some of the Canals and on the MRGO. However, in many instances, an engineer rendered no services. For instance, Eustis is named as a defendant in at least one amended complaint that contains MRGO allegations, but Eustis rendered no services on the MRGO.

The Engineers believe that no discovery is needed on this Motion. The facts are contained in ordinary business records. Additionally, the facts are, in many instances, also available in the public records. Finally, the preliminary disclosure statements should have resulted in these misidentification claims being dismissed voluntarily. If required, the Engineers' proof will be in the form of an affidavit with supporting exhibits, if any.[5]

## II.  RULE 56 MOTION BASED ON PEREMPTION

This Motion is predicated upon the passage of more than five years after an individual engineer last rendered engineering services on a Project.[6] LA. REV. STAT. ANN. 9:5607(2005). Under peremption, the focal point of the inquiry is the date of the last engineering services rendered on a Project. For instance, on July 23, 1993, Eustis last rendered engineering services on a London Avenue Canal Project. Additionally, on October 31, 1996, the OLD accepted, under a recorded instrument, the work on the London Avenue Canal Project (that was prosecuted by others). For these reasons, all of the claims on the London Avenue Canal against Eustis were extinguished under the five-year peremption bar.

The Engineers believe that peremption is ripe for decision without any discovery because the facts are found in ordinary business records. Alternatively, many of the same facts are contained in website based, recorded or available public records. The Engineers' proof will be in the form of an affidavit with supporting exhibits.

---

[4]  The Mississippi River Gulf Outlet ("MRGO").

[5]  The Rule 12(b)(6) Motion is an alternative Motion for Summary Judgment.

[6]  A "Project" is defined as a Levee and Flood Wall Project on a Canal in an area at or near a breach that occurred on or about August 29, 2005.

Joseph M. Bruno, Esq.
May 23, 2006
Page 3

### III. DESIGNATION BY MAY 31, 2006

If the plaintiffs need additional information relative to the Engineers' Preliminary Motions or wish to review the Engineers' proof prior to designating that no discovery is required, please contact me to schedule a meeting during the week of May 22, 2006.

In order to permit an orderly administration of the preliminary motion docket, please reply to this request for a designation later this week. In the event that neither I nor Ralph Hubbard receive written notice from you by May 30, 2006, regarding the designation, the Engineers will notice the Preliminary Motions for hearing on July 12, 2006.

With best regards, I remain

Cordially,

THOMAS F. GARDNER

TFG/asa

cc: **Via email:**
Victor E. Stilwell, Jr., Esq.
Charles F. Seemann, Jr., Esq.
Daniel E. Becnel, Esq.
Hugh Lambert, Esq.
Calvin C. Fayard, Jr., Esq.
Gerald E. Meunier, Esq.
Ralph S. Hubbard, III, Esq.
Judy Barrasso, Esq.
William D. Treeby, Esq.
Thomas P. Anzelmo, Esq.

**Engineers' Exhibit 8**
Berthelot
EDLA, CV No. 05-4182
Cons. Katrina Canal

# GARDNER & KEWLEY
A PROFESSIONAL LAW CORPORATION

1615 METAIRIE ROAD, SUITE 200
METAIRIE, LOUISIANA 70005

TELEPHONE: (504) 832-7222
FACSIMILE: (504) 832-7223
E-MAIL: gardner@bayoulaw.com

THOMAS F. GARDNER

May 25, 2006
7274-09

**Via email: jbruno@brunobrunolaw.com
and Hand Delivery**
Joseph M. Bruno, Esq.
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113

**Via email: rhubbard@lawla.com
and Hand Delivery**
Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck,
Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130

**RE: Colleen Berthelot, et al
v. Boh Brothers Construction Co., L.L.C., et al
USDC, EDLA CV No. 05-4182, Section "K"(2), Cons. Katrina Canal**

Dear Ralph and Joe:

On May 22, 2006, I wrote to Joe in his capacity as liaison counsel for the plaintiffs and requested that the plaintiffs designate that the Engineers' Joint Motions[1] would require no discovery. Subsequently, Ralph contacted me to request that the Engineers provide to the plaintiffs' liaison counsel a working draft of the Joint Motions.[2] In order to facilitate the plaintiffs' discovery evaluation process, the Engineers enclose:

1. Table No. 1, a summary of the documents that are attached to this letter, and
2. A current working draft of the Engineers' Joint Motion papers.

Enclosures. My offer to meet with Joe to review the facts remains open.

Since the Engineers' Motions are based either on the misidentification of engineers in the pleadings or on dates in business and public records, the Engineers' trust that the plaintiffs will timely designate that no discovery is required so that Judge Duval will be able to consider these Motions on July 12, 2006.

---

[1] Burk-Kleinpeter, Inc. ("BKI"),
Eustis Engineering Company, Inc. ("Eustis"), and
Modjeski and Masters, Inc. ("Modjeski").

[2] Additionally, this letter with enclosures has been sent to lead counsel on each complaint that contains a claim against one of the Engineers.

Joseph M. Bruno, Esq.
Ralph S. Hubbard, III, Esq.
May 25, 2006
Page 2

With best regards, I remain

Cordially,

*Tom Gardner*

THOMAS F. GARDNER

TFG/asa
Enclosures (2)

cc:   **Via email only (w/enclosures):**
Victor E. Stilwell, Jr., Esq.
Charles F. Seemann, Jr., Esq.

Judy Barrasso, Esq.
William D. Treeby, Esq.
Thomas P. Anzelmo, Esq.

Daniel E. Becnel, Esq.
Hugh Lambert, Esq.
Calvin C. Fayard, Jr., Esq.
Gerald E. Meunier, Esq.
Ashton O'Dwyer, Esq.
Robert Becnel, Esq.
Jim S. Hall, Esq.
Walter Dumas, Esq.
John deGravelles, Esq.
F. Gerald Maples, Esq.
Ronnie Penton, Esq.
Randall Smith, Esq.

Joseph M. Bruno, Esq.
Ralph S. Hubbard, III, Esq.
May 25, 2006
Page 3

## TABLE 1: LISTING OF ENGINEERS' JOINT MOTION
## PLEADINGS AND ASSOCIATED DOCUMENTS

| # | DESCRIPTION | ENGINEERS' JOINT FILING | BKI FILING | EUSTIS FILING | MODJESKI FILING |
|---|---|---|---|---|---|
| 1 | Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion | ✓ | - | - | - |
| 2 | Memorandum in Support of Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion | ✓ | - | - | - |
| 3 | Notice of Hearing | ✓ | - | - | - |
| 4 | Request for Oral Argument | ✓ | - | - | - |
| 5 | Appendix (contains Modjeski's Rule 56.1 Statement) | - | - | ✓ | ✓ |
| 6 | Affidavit or Declaration | - | ✓ | ✓ | ✓ |
| 7 | Exhibits | - | ✓ | ✓ | ✓ |
| 8 | Statement of Undisputed Material Facts Under Local Rule 56.1 | - | ✓ | ✓ | ✓ |

**Engineers' Exhibit 9**
Berthelot
EDLA, CV No. 05-4182
Cons. Katrina Canal

## Tom F. Gardner

| | |
|---|---|
| **From:** | Thomas F. Gardner [gardner@bayoulaw.com] |
| **Sent:** | Friday, May 26, 2006 11:31 AM |
| **To:** | jbruno@brunobrunolaw.com |
| **Cc:** | rhubbard@lawla.com; 'Stilwell, Victor E.'; 'Seemann, Charles'; gardner@bayoulaw.com; 'Erin E. Dearie' |
| **Subject:** | Berthelot, et al v. Boh Bros. Construction 2:05-cv-04182 Engineers' Joint Motions - Designation of no Discovery Required 7274-09 |

**Importance:** High

Dear Joe:

I called your office this morning to follow-up on the Engineers' May 23, 2006, request that the plaintiffs designate that no discovery is required with respect to the Engineers' Joint Motions; to discuss evidentiary stipulations; and, to confirm that the paper versions of the digital motion papers (that you opened on May 25, 2006) were not delivered by the courier until the morning of May 26. Since you were away from your desk, I left a detailed voice mail message requesting that you contact me.

The purposes of the Engineers prior correspondence and the May 26, 2006 telephone call were to fix a convenient time to discuss the "no discovery required designation," and to agree upon evidentiary stipulations (that we discussed previously).

The Engineers have presented two very basic grounds for dismissal. First, some of the complaints contain counts against an engineer on a specific canal even though that engineer never rendered any services on that canal. These pleadings should have been amended and those claims should have been dismissed after the Engineers served the preliminary disclosures – but the pleadings did not change. The plaintiffs now have draft affidavits attesting to the "no services rendered" grounds for dismissal. There is no good reason to request discovery on this narrow "no services rendered" fact issue. The pleading were simply wrong when filed.

Second, the Engineers have sought dismissal on all claims based on services completed more than five years before the first complaint was filed. This peremption defense is based on business and public records, and the dates on those papers do not require discovery. The Engineers have provided draft sworn statements that no further services were rendered after the dates listed on the public and business records, and some engineers never rendered any inspection services whatsoever.

The facts in support of the Engineers' Joint Motions are based on recorded documents and business records. All of the supporting documents were delivered to you and to lead plaintiffs' counsel on May 25. These document-based facts are non-controversial. An historic date is not going to change. These facts ought to be stipulated as admissible. Will the plaintiffs stipulate to the admissibility of the dates and the documents that are attached to the Engineers' Joint Motions? Upon receipt of the final affidavits, will the plaintiffs stipulate to the "last services rendered" date-facts?

The intent of the meeting is to streamline the evidentiary and fact issues, if any, so that Judge Duval will be able to focus exclusively on the substantive merits of the motions. Under our duty to assist the Court in narrowing the issues in this massive litigation, I hope that I will hear from you soon about either setting up a meeting or confirming the "no discovery required" designation and the evidentiary stipulations.

With best regards, I remain,

Cordially,

Thomas F. Gardner

6/16/2006

**Engineers' Exhibit 10**
Berthelot
EDLA, CV No. 05-4182
Cons. Katrina Canal

# GARDNER & KEWLEY
A PROFESSIONAL LAW CORPORATION

1615 METAIRIE ROAD, SUITE 200
METAIRIE, LOUISIANA 70005

TELEPHONE: (504) 832-7222
FACSIMILE: (504) 832-7223
E-MAIL: gardner@bayoulaw.com

THOMAS F. GARDNER

June 1, 2006
7274-09

**VIA E-MAIL ONLY: jbruno@brunobrunolaw.com**

Joseph M. Bruno, Esq.
Bruno & Bruno
855 Baronne Street
New Orleans, Louisiana 70113

**RE:  Colleen Berthelot, et al
v. Boh Brothers Construction Co., L.L.C., et al
USDC, EDLA CV No. 05-4182, Section "K"(2), Cons. Katrina Canal**

Dear Joe:

Thank you for returning my call on May 31, 2006. This letter confirms our discussion on Wednesday afternoon.

During our conference, we discussed the May 23, 2006, request that the Engineers made to you, in your capacity as liaison counsel, to designate that the Engineers' Joint Motions required no discovery. At the time, you had not heard from your counterparts regarding a no discovery designation. We also generally discussed the draft Motion papers that the Engineers delivered to you, to plaintiffs' representatives and to all plaintiffs' lead counsel on May 25, 2006. As of May 31, 2006, you had not yet reviewed the May 25, 2006, draft Joint Motion papers.

To facilitate your review of the Joint Motion papers, my offer to appear in your office and walk you through the Motion papers and to explain the facts remains open. As I mentioned yesterday, I will be out-of-town next week, attending the LSBA Summer School, but will be available to meet with you on short notice when I am in the City. Alternatively, if I am not available when you call, you may contact either Victor E. Stilwell, Jr., Esquire (581-5141) or Charlie Seemann, Jr., Esquire, and either will meet with you to review the motion papers and the facts.

During our conversation, you agreed that the Engineers' Joint Motion should be filed on June 1, 2006, provided this did not accelerate the date for an opposition. All of the Engineers agree that the date set by Judge Duval's minute entry for plaintiffs' opposition remains June 29, 2006, and that the hearing date set by Judge Duval's original Order is July 12, 2006, which hearing date was reconfirmed in Judge Duval's minute entry of May 12, 2006.

jb_727409_060106_tfgrbw#1F.wpd

Joseph M. Bruno, Esq.
June 1, 2006
Page 2

During another part of our discussion I mentioned, and now reiterate, the Engineers' request that plaintiffs' counsel voluntarily dismiss their claims on Canals and the MRGO for which the Engineers rendered no professional services. These claims should have never been brought and should have been voluntarily dismissed upon plaintiffs' receipt of the Court-ordered Disclosure Statements months ago.

Finally, after reviewing the Engineers' Joint Motions, filed on June 1, 2006, and provided in draft form on May 25, 2006, please coordinate with all of lead plaintiffs counsel the voluntarily dismissal of all of the remaining claims that are perempted, as urged in the Engineers' Joint Motion.

With best regards, I remain

Cordially,

*Thomas F. Gardner*
THOMAS F. GARDNER

TFG/rbw

cc:  **Via E-Mail Only:**
Ralph S. Hubbard, III, Esq.
Victor E. Stilwell, Jr., Esq.
Charles F. Seemann, Jr., Esq.
Judy Barrasso, Esq.
William D. Treeby, Esq.
Thomas P. Anzelmo, Esq.
Daniel E. Becnel, Esq.
Hugh Lambert, Esq.
Calvin C. Fayard, Jr., Esq.
Gerald E. Meunier, Esq.
Ashton O'Dwyer, Esq.
Robert Becnel, Esq.
Jim S. Hall, Esq.
Walter Dumas, Esq.
John deGravelles, Esq.
F. Gerald Maples, Esq.
Ronnie Penton, Esq.
Randall Smith, Esq.