**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

COLLEEN BERTHELOT ET AL                          CIVIL ACTION

VERSUS                                           NO. 05-4182

BOH BROTHERS CONSTRUCTION                        SECTION "K" (2)
CO., L.L.C. ET AL                                CONS. KATRINA CANAL

**THIS DOCUMENT RELATES TO:**

| 05-4182 "K" (2) | (Berthelot) | 06-0020 "K" (2) | (Tauzin) |
|---|---|---|---|
| 05-5237 "K" (2) | (Vodanovich) | 06-0886 "K" (2) | (Finney) |
| 05-6073 "K" (2) | (Kirsch) | 06-2346 "K" (2) | (Fitzmorris) |
| 05-6314 "K" (2) | (Ezell) | 06-2278 "K" (2) | (Christenberry) |
| 05-6324 "K" (2) | (Brown) | 06-2287 "K" (2) | (Sanchez) |
| 05-6327 "K" (2) | (LeBlanc) | | |

**SUPPLEMENTAL REPLY BY BURK-KLEINPETER, INC. (BKI)
TO PLAINTIFFS' OPPOSITION TO ENGINEERS' JOINT
MOTIONS FOR SUMMARY JUDGMENT**

I.    <u>Bruno Affidavit</u>

       BKI objects categorically to the affidavit of Joseph Bruno, Esq. as support for Rule

56(f) relief for the reasons set out in the Supplemental Briefs of Eustis Engineering and

Modjeski and Masters, as well as footnote 67 of the Engineers' Joint Reply, all of which are

adopted by BKI.

II.   <u>BKI is Entitled to Dismissal with Respect to London Avenue Canal Allegations</u>

La. R.S. 9:5607 is the only peremption statute for Engineers.  Plaintiffs' suggestion that the Engineers' peremption might be governed by a longer period under La. R. 9:2772 is just wrong.  As pointed out in BKI's initial Supplemental Memorandum, La. R.S. 9:5607 by its terms explicitly supersedes La. R.S. 9:2772.  Thus, regardless of what La. R.S. 9:2772 provided in the past, Section 2772 has no application to architects or engineers since the enactment of La. R.S. 9:5607.

Likewise, plaintiffs' implication that this peremption plea might unconstitutionally "disturb" vested rights is without merit, and plaintiffs' reliance on the old case of *Lott v. Haley*, 370 So.2d 521 (La. 1979) is misplaced.  As pointed out in the BKI original Supplemental Memorandum, and not even mentioned in the plaintiffs' Opposition, the Louisiana Supreme Court in *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, addressed this specific issue.  The court there specifically held that statutes of limitation are exclusively a legislative prerogative and that "until the time that a cause of actions vests, a legislature has the power to create new rights and abolish old ones."[1]

La. R.S. 9:5607 did not include a clause to make the statute's effect prospective only, even though the Legislature was then fully aware of the "retroactivity" issue; plaintiffs' own opposition, p. 16, acknowledges that Act 1024 of the 1999 Louisiana Legislature (which reduced the peremptive period of La. R.S. 9:2772 from ten years to seven years) had earlier provided specifically that "the provisions of this Act shall have prospective

---

[1]701 So.2d, at 1296.

application only and shall apply only to contracts entered into on or after the effective date of this Act." But Act 854 of 2003, which enacted La. R.S. 9:5607, had no such provision.

Engineers' Motions show clear entitlement to dismissal under R.S. 9:5607, unless contradicted here by competent evidence that the end dates established by the records are not correct or that there was some fraud.

Given the unchallenged "end date" of construction on the London improvements, whether or not BKI performed inspection on the construction of London Avenue Flood Improvements is irrelevant.[2]  Any claim against BKI was perempted when R.S. 9:5607 was enacted; even if BKI had performed inspections on the floodwalls for which BKI drew plans, the claims would still be perempted under La. R.S. 9:5607(1) or (2).[3]

---

[2]As pointed out in BKI's Supplemental Memorandum, the Affidavit of Gwyn (paragraph 25 of Exhibit 3.2 thereof (Part of Eustis Engineering's Appendix to Engineers' Joint Motions)) shows that the London Avenue Improvements were completed on October 31, 1996, over nine years before Katrina and over six years before the enactment of La. R.S. 9:5607.

[3]Plaintiffs claim that the sworn Declaration of Michael Jackson and BKI's memorandum were false or misleading, because they indicated that BKI had no construction inspection on London Avenue, which appears to be contrary to the BKI internet website.  The claim is erroneous.

BKI's declarations clearly pointed out that BKI prepared plans and specifications for interim flood protection on the London Avenue Canal.  They also revealed that all of the interim protection was removed, to be replaced by the permanent structures which failed in Katrina.  As shown by the Supplemental Declaration of Michael Jackson (Exhibit 1), offered not to rebut, but to amplify, BKI did perform construction inspection on the interim structures; but the interim structures had nothing to do with the flooding.  BKI did not, therefore, mention construction inspection on the interim improvements which were removed before Katrina, in either Disclosures or Declaration.  But there was no wrong in BKI's including that in its website as part of its past experiences.  There has been no misrepresentation on any issue in this case.

3

The claim on London Avenue must be dismissed, then, unless there was fraud. Plaintiffs acknowledge that fraud, even in defense, must be specifically pleaded under Rule 9. But they make no allegation of fraud, specific or otherwise, because they have no basis for the allegation, and they acknowledge fear of Rule 11 sanctions. They ask, in essence, that the Court ignore Rule 11, a rule enacted to "deter baseless filings."[4] To ignore Rule 11 thus would be unconscionable.

III.   BKI Entitled to Judgment Dismissing All Claims

The only specific allegations against Burk-Kleinpeter, Inc. (BKI) in the original Petiitons/Complaints were the alleged negligence of BKI in the design, construction, inspection and/or maintenance of the London Avenue Canal. Plaintiffs now seek "to discover all of BKI's contracts, correspondence, and documents in connection with the levee systems at issue." (Bruno affidavit, ¶ 4).

Plaintiffs' plea for discovery from BKI on other canals must be viewed in light of obvious facts:

(1)   The engineers who prepared plans and specifications for each levee breach have been identified and named in these suits.

(2)   This suit arises from one of the greatest failures in American history; and it has undoubtedly been one of the most-investigated and discussed failures ever. Legions of experts, some nominated by the government, others by prestigious national engineering groups, have pored over every aspect of design and construction of each of the breached

_____

[4]See 2 Moore's Federal Practice § 11-3.

4

flood protection structures, and rendered periodic reports on the likely cause of the problem.  And plaintiffs' representatives have clearly been on top of that process.  Plaintiffs have not offered any facts which suggest that any breach was caused by design or construction of an adjacent, or other structure which did <u>not</u> fail.

(3)     Plaintiffs' Opposition offers no specific fact or facts which they expect (or hope) discovery might reveal to support their assertion they need discovery on Burk-Kleinpeter projects other than London Avenue.

Plaintiffs specifically want files of four other BKI projects on the 17th Street Canal, without specifying what facts they expect to find which will countervail BKI's proof.  Exhibit 2, cognizable here under Rule 201(b), Fed. Rules of Evid., is a map of the pertinent area of the 17th Street Canal, extracted from <u>New Orleans & Vicinity Street Finder</u>, Rand McNally, 1999, p. 24.[5]  William Conway's affidavit in the Modjeski Appendix to the Joint Motions, paragraph 11, locates the sole breach in the 17th Street Canal in the east side floodwall between the ends of Stafford and Spencer Streets at Bellaire Drive.

Exhibit 1 (Supplemental Declaration of Michael Jackson), section 3, and Exhibit 2 show that three of the BKI projects are south of I-10, and thus more than a mile south of the breach; and Jackson's Supplemental Declaration shows the fourth is actually on the Lake Pontchartrain shoreline, north of the Old Hammond Highway and Bucktown Bridges, and <u>outside</u> the Hurricane Protection Levee System.  One can understand why no one was

---

[5]Extracted from *New Orleans & Vicinity Street Finder,* Rand McNally, 1999, p.24.

willing to swear to a concrete assertion that these projects somehow caused the breach on the 17th Street Canal.

In short, plaintiffs acknowledge, by negative implication, that they have no basis for asserting any other negligence of BKI anywhere else; but they nonetheless ask the Court to authorize a rampage through all of BKI's records.

To allow this, when there is no basis for specific allegations against BKI, would violate the purpose of Rule 11 as surely as a baseless allegation would.

Respectfully submitted:


 s/ Charles F. Seemann, Jr.
CHARLES F. SEEMANN, JR. (Bar #11912)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

Attorneys for Burk-Kleinpeter, Inc. and
Burk-Kleinpeter, L.L.C.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded by email, or via first class U.S. Mail, on all lead and notice counsel as follows:

**William Aaron**
**waaron@goinsaron.com**

**Neil C. Abramson**
**abramson@phelps.com**
Phelps Dunbar, LLP
Canal Place

365 Canal St., Ste. 2000
New Orleans, Louisiana 70130-6534

**Thomas P. Anzelmo**
**tanzelmo@mcsalaw.com**
McCraine, Sistrunk, Anzelmo, Hardy,
Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana 70002

**Sarah House Barcellona**
**sbarcellona@stonepigman.com**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, Louisiana 70130-3588

**Judy Y, Barrasso**
**jbarrasso@barrassousdin.com**
Barrasso Usdin Kupperman
Freeman & Sarver, LLC
LL&E Tower
909 Poydras St., Ste. 1800
New Orleans, Louisiana 70112

**Daniel E. Becnel, Jr.**
**dbecnel@becnellaw.com**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P.O. Drawer H
Reserve, Louisiana 70084

**Robert M. Becnel**
**robbecnel@aol.com**
Law Offices of Robert M. Becnel
425 W. Airline Highway, Ste. B
LaPlace, Louisiana 70068

**Terrence L.  Brennan**
**tbrennan@dkslaw.com**
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, Louisiana 70130

**David  Lyman Browne**
**dbrowne@brownelaw.com**
Dugan & Browne, PLC
Poydras Center
650 Poydras St., Ste. 2150
New Orleans, Louisiana 70130

**Joseph M. Bruno**
**jbruno@brunobrunolaw.com**
Bruno & Bruno
855 Baronne St.
New Orleans, Louisiana 70113

**Traci  L. Colquette**
**traci.colquette@usdoj.gov**
U.S. Department of Justice
(Box 888)/Torts Branch, Civil Division
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

**Robert G.  Creely**
**rcreely@aol.com**
Amato & Creely
901 Derbigny Street
P.O. Box 441
Gretna, Louisiana 70054

**Thomas W. Darling**
**tdarling@grhg.net**
Gaudry, Ranson, Higgins & Gremillion, LLC
150 Staring Lane, Ste. B
Baton Rouge, Louisiana 70810

**Erin E. Dearie**
**dearie@bayoulaw.com**
Gardner & Kewley, APLC
1615 Metairie Road, Ste. 200
Metairie, Louisiana 70005

**Kevin R. Derham**
**kderham@duplass.com**
Duplass Zwain Bourgeois & Morton
Three Lakeway Center
3838 N. Causeway Blvd., Ste. 2900
Metairie, Louisiana 70002

**Joseph Vincent DiRosa, Jr.**
**jvdirosa@cityofno.com**
City Attorney's Office
City Hall
1300 Perdido St., Room 5E01
New Orleans, Louisiana 70112

7

James R. Dugan, II
jdugan@duganbrowne.com
Dugan & Browne, PLC
Poydras Center
650 Poydras St., Ste. 2150
New Orleans, Louisiana 70130

Lawrence J. Duplass
lduplass@duplass.com
Duplass Zwain Bourgeois & Morton
11814 Market Place Avenue. Ste. C
Baton Rouge, Louisiana 70816

Calvin C. Fayard, Jr.
calvinfayard@fayardlaw.com
Fayard & Honeycutt
519 Florida Blvd.
Denham Springs, Louisiana 70726

Thomas F. Gardner
gardner@bayoulaw.com
Gardner & Kewley, APLC
1615 Metairie Road, Ste. 200
Metairie, Louisiana 70005

Thomas L. Gaudry, Jr.
tgaudry@grhg.net
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Avenue, Ste. 500
P.O. Box 1910
Gretna, Louisiana 70054-1910

Joseph P. Guichet
jguichet@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130

Robert G. Harvey
rgharvey@bellsouth.net
Law Office of Robert G. Harvey, Sr., APLC
3431 Prytania Street
New Orleans, Louisiana 70115

Joseph W. Hecker
619 Europe Street, 2nd Floor
Baton Rouge, Louisiana 70806

Ralph S. Hubbard, III
rhubbard@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130

Darlene M. Jacobs
dollyno@aol.com
Jacobs & Sarrat
823 St. Louis St.
New Orleans, Louisiana 70112

Tamara Kluger Jacobson
Law Offices of Tamara Kluger Jacobson, LLC
2609 Canal St.
Fifth Floor
New Orleans, Louisiana 70119

Michael C. Keller
kellerm@ag.state.la.us

Stephen S. Kreller
sskreller@gmail.com
Stephen S. Kreller, APLC
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139

Hugh P. Lambert
hlambert@lambertandnelson.com
Lambert & Nelson
701 Magazine St.
New Orleans, Louisiana 70130

Mickey P. Landry
mlandry@landryswarr.com
Landry & Swarr, LLC
1010 Common St., Suite 2050
New Orleans, Louisiana 70112

George T. Manning
gtmanning@jonesday.com
Jones Day (Atlanta)
1420 Peachtree Street, NE
Ste. 800
Atlanta, GA 30309-3053

Belhia Martin
belhiamartin@bellsouth.net

**Christopher W. Martin**
**martin4@mdjwlaw.com**
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis St., St. 1800
Houston, TX 77002

**Julia E. McEvoy**
**jmcevoy@jonesday.com**
Jones Day (Washington)
51 Louisiana Avenue, NW
Washington, DC 20001

**J. J. (Jerry) McKernan**
**jmckernan@mckernanlawfirm.com**
McKernan Law Firm
8710 Jefferson Hwy
Baton Rouge, Louisiana 70809

**Gerald E. Meunier**
**dmartin@gainsben.com**
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras St., Ste. 2800
New Orleans, Louisiana 70163-2800

**Penya M. Moses-Fields**
**pmfields@cityofno.com**
City Attorney's Office
2950 Falmouth Dr.
New Orleans, Louisiana 70131

**James Bryan Mullaly**
**jamesmullaly1@hotmail.com**

**Betty F. Mullin**
**bettym@spsr-law.com**
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras St., 30th Floor
New Orleans, Louisiana 70163-3000

**Ashton R. O'Dwyer, Jr.**
**arod@odwyerlaw.com**

**James L.  Pate**
**jpate@LN-LAW.com**
Laborde & Neuner
1001 W. Pinhood Rd., Ste. 200
P.O. Drawer 52828
Lafayette, Louisiana 70505

**Ronnie G. Penton**
**rgp@rgplaw.com**
Law Offices of Ronnie G. Penton
209 Hoppen Pl
Bogalusa, Louisiana 70427

**Douglas R. Plymale**
**doug@duganbrowne.com**
Dugan & Browne, PLC
1181 W. Tunnel Blvd., Ste. A
Houma, Louisiana 70360

**Michael R.C. Riess**
**mriess@kingsmillriess.com**
Kingsmille Riess, LLC
201 St. Charles Avenue, Ste. 3300
New Orleans, Louisiana 70170-3300

**George R. Simno, III**
**gsimno@swbno.org**
Sewerage & Water Board Legal Department
625 St. Joseph St., Room 201
New Orleans, Louisiana 70165

**David  R. Simonton**
**dsimonton@sonneschein.com**
Sonnenschein, Nath & Rosenthal
7800 Sears Tower
Chicago, Illinois 60606

**Randall A. Smith**
**rasmith3@bellsouth.net**
Smith & Fawer, LLP
201 St. Charles Avenue, Ste. 3702
New Orleans, Louisiana 70170

**Robin D. Smith**
**robin.doyle.smith@usdoj.gov**
U.S. Department of Justice
(Box 888)/Torts Branch, Civil Division
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044

**Victor E. Stilwell, Jr.**
**vstilwell@dkslaw.com**
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, Louisiana 70130

**Christopher K. Tankersley**
**ctankersley@burglass.com**
Burglass & Tankersley, LLC
5213 Airline Drive
Metairie, Louisiana 70001

**Vernon P. Thomas**
Vernon P. Thomas, Attorney at Law
1524 N. Claiborne Avenue
New Orleans, Louisiana 70116

**Sidney D. Torres, III**
**storres@torres-law.com**
Law Offices of Sidney D. Torres, III
1290 7th Street
Slidell, Louisiana 70458

**William D. Treeby**
**wtreeby@stonepigman.com**
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, Louisiana 70130-3588

**Richard J. Tyler**
**rtyler@joneswalker.com**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre
Place St. Charles
201 St. Charles Ave., Ste. 5100
New Orleans, Louisiana 70170-5100

**Gregory P. Varga**
**gvarga@rc.com**
Robinson & Cole, LLP
280 Turnbull Street
Hartford, CT 06103-3597

**Lawrence  D. Wiedemann**
Wiedemann & Wiedemann
821 Baronne St.
New Orleans, Louisiana 70113

**Deborah Louise Wilson**
317 Magazine Street
New Orleans, Louisiana 70130

**Jesse Lee Wimberly, III**
**wimberly@internet.com**
Jesse L. Wimberly, III, Attorney at Law
120 Lisa Lane
Mandeville, LA 70448

on this 10th day of July, 2006.

                                    s/ Charles F. Seemann, Jr.
_____
                               CHARLES F. SEEMANN, JR.

BKI Supp. Response_ Opposition to Engineer_Mos. for SJ (6-03-07).wpd

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C. ET AL | SECTION "K" (2) CONS. KATRINA CANAL |

THIS DOCUMENT RELATES TO:

| | | | |
|---|---|---|---|
| 05-4182 "K" (2) | (Berthelot) | 06-0020 "K" (2) | (Tauzin) |
| 05-5237 "K" (2) | (Vodanovich) | 06-0886 "K" (2) | (Finney) |
| 05-6073 "K" (2) | (Kirsch) | 06-2346 "K" (2) | (Fitzmorris) |
| 05-6314 "K" (2) | (Ezell) | 06-2228 "K" (2) | (Christenberry) |
| 05-6324 "K" (2) | (Brown) | 06-2287 "K" (2) | (Sanchez) |
| 05-6327 "K" (2) | (LeBlanc) | | |

---

## SUPPLEMENTAL DECLARATION OF MICHAEL G. JACKSON

---

The supplemental declaration of Michael G. Jackson, made in accordance with 28 U.S.C. 1746, under penalty of perjury, avers as follows:

(1)    Plaintiffs' Opposition to the Engineers' Motions for Summary Judgment suggests there is a contradiction between my Declaration filed with the Motions, and with the "Court Ordered Disclosures" by Burk-Kleinpeter, Inc. (BKI) on April 20.  They complain that the Disclosures and my Declaration both indicated that BKI did no inspection or

EXHIBIT 1

contract administration on the construction of the levees/floodwalls which were part of the parallel flood protection on the London Avenue Canal, which failed in Katrina, although BKI did prepare drawings and specifications.

(2)    The Disclosures and my original Declaration also informed that BKI had prepared for the Orleans Levee District, plans for interim levees and floodwalls to strengthen weak spots along the Canal, pending construction of final improvements. A few hundred feet of that "interim protection" was constructed; and BKI provided inspection and contract administration for construction of those interim improvements. But as the Disclosures and my original Declaration establish, those improvements which BKI inspected were later removed during construction of the permanent improvements which later failed. Because the interim improvements were gone by the time of Katrina, I did not mention them in my Declaration, and I assume that is why our counsel did not put them in the Disclosures.

## BKI PROJECTS ON THE 17TH STREET CANAL

(3)    The BKI Disclosures show that BKI provided engineering services for four other projects on the 17th Street Canal prior to Katrina, none of which improvements failed during Katrina. Three of the improvements, listed in the Disclosures, subparagraphs C1, 2 and 3, were all south of Interstate 10; and, Interstate 10 is well over a mile south of the breach, which occurred around Stafford and Spencer Streets on the east bank of the 17th Street Canal.

A fourth project, the new sheet pile bulkhead to protect the Bruning House, was on the lake at the far north end of the canal, outside the Hurricane Protection System, *i.e.*,

north of both the Old Hammond Highway Bridge and the "Bucktown Bridge" at the mouth of the 17th Street Canal.

In accordance with 28 U.S.C. 1746, I declare under the penalty of perjury, under the laws of the United States that the forgoing is true and correct.

Signed on this _____7_____ day of _____JULY_____, 2006.


_____
MICHAEL G. JACKSON


#230578v1<DKS> -SuppDecl-Michael G. Jackson

-3-

Case 2:05-cv-04182-SRD-JCW   Document 747-4   Filed 07/10/06   Page 14 of 25



EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al. | ) CIVIL ACTION |
| Plaintiffs | ) NO. 05-4182 |
| VS. | ) SECTION "K" (2) |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., et al. | ) CONS. KATRINA CANAL |
| Defendants | ) |

| THIS DOCUMENT RELATES TO: LEVEE AND MRGO GROUPS | 05-4181 | 05-6314 | 06-0020 | 06-2346 |
|---|---|---|---|---|
| | 05-4182 | 05-6324 | 06-0886 | 06-2545 |
| | 05-5237 | 05-6327 | 06-2278 | |
| | 05-6073 | 05-6359 | 06-2287 | |

**SUPPLEMENTAL BRIEF, INCLUDING OBJECTIONS,
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.
TO PLAINTIFFS' RULE 56(f) REQUEST, AFFIDAVIT AND LR 56.1 STATEMENT**

**MAY IT PLEASE THE COURT:**

In accordance with the Court's April 6, 2006 Order regarding supplemental briefing, Eustis Engineering Company, Inc. ("Eustis") submits this supplemental brief to object specifically to the plaintiffs' affidavit and purported Rule 56.1 Statement.

*Eustis Supp Brief and Objections_727409_070906_tfgasa#1F.wpd*

1.    **EUSTIS OBJECTS TO PLAINTIFFS REQUEST FOR UNFOCUSED DISCOVERY (BRUNO, ¶4)**

Plaintiffs assert that formal discovery has not yet commenced, that plaintiffs have not served formal discovery devices, and that additional discovery will aid in the summary judgment analysis.  Bruno,¶4.

Plaintiffs' "no formal discovery" statements elevate form over substance.  Plaintiffs twice requested that the Court order focused discovery.  The Court ordered expedited disclosure of:

> Any connection they [defendants] may have relative to the design, construction, or maintenance of the 17th Street Canal, London Avenue Canal or Industrial Canal Levees with specificity . . . .

April 6, 2006 Order (Doc. 189).  This Court ordered  discovery was the equivalent of highly focused interrogatories, requests for production and admissions.  On May 12, 2006, the Court again ordered the defendants to produce discovery.  The  Engineers complied, and plaintiffs never claimed that the Engineers productions were insufficient.  Only after the Engineers moved for summary judgment did the plaintiffs request additional, but unfocused, formal discovery.

The plaintiffs unsupported assertions, that generic discovery will aid summary judgment analysis, is speculation.[1]  Plaintiffs fail to explain how this unfocused discovery will yield a triable fact sufficient to defeat the Engineers' Motions.  Plaintiffs'  request for formal discovery is facially insufficient to qualify for Rule 56(f) discovery.

---

[1]    Exxon Corp. v. Crosby-Mississippi Resources, Ltd., 40 F.3d 1474, 1488 (5th Cir. 1995)

2.    **EUSTIS OBJECTS TO PLAINTIFFS' REQUEST FOR DISCOVERY TO FISH FOR FRAUD (BRUNO, ¶5)**

Plaintiffs request the "opportunity" to "raise allegations of fraud." Bruno, ¶5. Plaintiffs admittedly failed to plead fraud due to Rule 11 constraints, but nevertheless seek discovery on allegations that plaintiffs intentionally omitted. Rule 56(f) is neither a license to conduct a fishing expedition nor authority to violate Rule 9(b).[2]

3.    **EUSTIS OBJECTS TO PLAINTIFFS' REQUEST FOR COLLATERAL, WASTEFUL DISCOVERY (BRUNO, ¶6)**

Plaintiffs request,

[T]he opportunity to discover all of Eustis' contracts, correspondence, and documents in connection with the levee systems at issue, no matter if a certain levee failed or not, in this matter specifically with regard to the actual dates of possession, acceptance and recordation, as well as continuing projects.

Bruno, ¶6. Plaintiffs' request seeks engineering services and construction completion records. In October 2005, plaintiffs knew where to obtain these records. Ex. No. 1.

On October 12, 2005, more than eight months ago, plaintiffs issued an all files FOIA request to the Corps. Ex. No. 1. The Corps' records contained 235 boxes of files, which included Eustis' geotechnical reports, the other Engineers' contract documents and the Corps' records of accepting the contractors' work. At that time, plaintiffs notified the Corps that a professional engineer would be reviewing all of the levee files. Ex. No. 3.

On January 25, 2006, Eustis provided plaintiffs with an instruction sheet that would facilitate the plaintiffs' search of the Corps' digital records. Ex. No. 6. On March 24, 2006, liaison counsel for plaintiffs confirmed that the "discovery is on the internet already." Ex. No. 12. Teams of plaintiffs and experts have had eight months to review engineering

---

[2]    <u>Id.</u>

service and contractor acceptance records.

Finally, as proof in support of the Engineers' Joint Motions, Eustis provided the discovery information that the plaintiffs requested.  Mr. Gwyn's sworn statement includes a comprehensive list of projects, and designate in boldface type the three projects that suffered a breach.  Gwyn Aff'd., p. 26-29.  Mr. Gwyn further attested that Eustis completed all engineering services on all of the projects that suffered a breach before September 18, 2000.  Gwyn Aff'd., p.7.  Finally, Mr. Gwyn attested that, after September 18, 1995, although Eustis rendered services on separate engagements, Eustis rendered no engineering services near a breach site.  Gwyn Aff'd., p.7.

In addition to this completion of engineering services proof, Eustis provided all of the Corps' and the OLD's acceptance documents on the projects that breached.  Eustis Ex. 2.5, 2.6, 3.2 and 4.4.  The plaintiffs, like Eustis, had access to these public acceptance records.  Plaintiffs' request for duplicate, collateral discovery of engineering services and project completion records is nothing more than prohibited discovery harassment.

### 4.    EUSTIS OBJECTS TO DISCOVERY BASED ON SPECULATION (BRUNO, ¶7.)

Plaintiffs seek discovery of when Eustis obtained,

[K]nowledge . . . consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration . . . to the levee systems, including, but not limited to, work on the levee systems that did not fail . . . ."

Bruno, ¶7.

Plaintiffs' request seeks collateral discovery, and ignores the information that Eustis provided.  Mr. Gwyn disclosed the completion dates for all engineering services that Eustis rendered; and then, for each canal, attested that Eustis "rendered no other more recent

geotechnical services . . . ."  Gwyn Aff'd., ¶ 31 (17th Street Canal), 40 (London) & 49 (IHNC).  Plaintiffs' offer no facts to be developed in discovery that would place a "no other services" material fact in dispute, only speculation based on what course plaintiffs would set for fishing.

### 5.    CONCLUSION

After eight months of expert review of all project records, the unprecedented access to digital project records, Court ordered specific discovery and the Engineers' proof, there exists no "inability to discover" Rule 56(f) grounds to allow additional discovery.  More than twenty years ago, the Fifth Circuit announced the triable fact burden for Rule 56(f) discovery.

> This Court has serious doubts that the plaintiff has met the formal requirements of Rule 56(f) which requires that the plaintiff's affidavit set forth with sufficient particularity the controverting facts that he expected to educe from discovery which he sought and that those controverting facts would have created a genuine issue of fact sufficient to forestall the summary judgments which have been filed by the defendants.[3]

Plaintiffs' had the burden of stating a fact that would be educed from discovery sufficient to place one of Eustis' Local Rule 56.1 Material Facts in dispute, but did not.  In support of plaintiffs' Rule 56(f) request, **plaintiffs did not state that discovery would prove the fact:**

1.    That Eustis was not a licensed engineer,

2.    That Eustis did not complete all engineering services on the projects that suffered a breach on or before September 18, 2000,

3.    That Eustis rendered post-acceptance engineering services on the projects

---

[3]    Kadair, Inc. v. Sony Corp., 694 F.2d 1017 (5th Cir. 1983).

that suffered a breach,

4.      That the work on the projects that suffered a breach was neither accepted

nor occupied on or before September 19, 2000,

5.      That Eustis rendered services on the MRGO, or

6.      That plaintiffs filed the complaint before September 19, 2005.

The reasons that plaintiffs failed to carry this burden is that there are no triable facts.[4]

There are no facts that will create an engineering services contract on a project where an

engineer rendered no services.  There are no facts that will change either the dates on

public recorded acceptance records or the date stamp on the pleadings.  For these

reasons, the plaintiffs cannot satisfy Rule 56(f), and no further discovery is warranted.  For

these same reasons, plaintiffs have made neither a factual nor a meaningful substantive

opposition and the Court should grant the Engineers' Joint Motions.

Respectfully submitted,

GARDNER & KEWLEY
A Professional Law Corporation

s/Thomas F. Gardner_____
THOMAS F. GARDNER, T.A. (#1371)
DOUGLAS A. KEWLEY (#7355)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana 70005
Telephone:  (504) 832-7222
Facsimile:  (504) 832-7223
**ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY,**
**INC., DEFENDANT AND MOVER**

---

[4]      As to plaintiffs' purported Statements of Contested Facts, no response is
required because plaintiffs submitted contentions but no contested facts.
However, if a response is required, Eustis adopts Modjeski's objections.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of July, 2006 served a copy of the Supplemental Brief, Including Objections, on Behalf of Eustis Engineering Company, Inc. to Plaintiffs' Rule 56(f) Request, Affidavit and LR 56.1 Statement on counsel for all parties to this proceeding, by e-mail and/or United States Mail, postage prepaid.

 s/Thomas F. Gardner
THOMAS F. GARDNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, et al. | ) CIVIL ACTION |
| Plaintiffs | ) NO. 05-4182 |
| VS. | ) SECTION "K" (2) |
| | ) CONS. KATRINA CANAL |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., et al. | ) |
| Defendants | ) |

| | | | | |
|---|---|---|---|---|
| THIS DOCUMENT RELATES TO: | 05-4181 | 05-6314 | 06-0020 | 06-2346 |
| LEVEE AND MRGO GROUPS | 05-4182 | 05-6324 | 06-0886 | 06-2545 |
| | 05-5237 | 05-6327 | 06-2278 | |
| | 05-6073 | 05-6359 | 06-2287 | |

**SUPPLEMENTAL BRIEF, INCLUDING OBJECTIONS,
ON BEHALF OF MODJESKI AND MASTERS, INC.
TO PLAINTIFFS' RULE 56(f) REQUEST AND AFFIDAVIT**

**MAY IT PLEASE THE COURT:**

In accordance with the Court's April 6, 2006 Order regarding supplemental briefs,

Modjeski and Masters, Inc. ("Modjeski") submits this supplemental brief by way of objection

and response to plaintiffs' Rule 56(f) discovery request and affidavit.

Plaintiffs' Omnibus Memorandum in Opposition fails to provide any statement of contested material facts necessary to oppose the Engineer's Joint Motions for Summary Judgment or to support a Rule 56(f) discovery request.  Plaintiffs' purported Rule 56 statements of contested material facts, which were filed as to Eustis and Burk-Kleinpeter but not as to Modjeski, contain legal questions and speculation, without contested facts. The statements are objectionable and require no response.

Assuming, however, that plaintiffs intended to assert the same purported statement of contested material facts as to Modjeski, as were asserted as to Eustis and Burk-Kleinpeter, Modjeski, joined by Eustis, has the following objections and responses:

1.     Paragraph "1" has no relevance for reason that plaintiffs did not plead fraud.

2.     Paragraph "2" is a legal question as respects the applicable peremptive period (statute).  It is irrelevant to the extent that plaintiffs have no cause of action or claim for levees which did not fail.  As respects levees which failed, the applicable peremption period is a legal question which is extensively briefed in the Engineers' Joint Motions for Summary Judgment and Joint Reply Memorandum.

3.     Paragraph "3" is irrelevant for reason that claims on all of Modjeski's projects on the 17th Street Canal, for which summary judgment is sought, are perempted.

4.     Paragraph "4" is irrelevant as to the London Avenue Canal and the MRGO, for which Modjeski provided no services.  As respects Modjeski's services for the 17th Street Canal, all projects and project "end dates" were fully identified and described in Modjeski's Court-ordered Disclosure, the Engineers' Joint Motions for Summary Judgment, and Modjeski's uncontroverted supporting affidavit.

2

5.     Paragraphs "5", "6" and "7" ignore the "end dates" of Modjeski's services which are set forth in the Court-ordered Disclosure and Engineers' Joint Motions for Summary Judgment.  They are obviously made in connection with plaintiffs' speculation about "failure to warn" and fraud, which have not been specifically pled and which are not therefore relevant in the instant cases.

6.     Paragraph "8" ignores Modjeski's response to the Court-ordered Disclosure, the Engineers' Joint Motions for Summary Judgment, and Modjeski's uncontroverted supporting affidavit, and represents impermissible speculation under Rule 56(f).

As respects the Rule 56(f) affidavit of plaintiffs' counsel, which satisfied none of the requirements of Rule 56(f), Modjeski refers to the Engineers' Joint Reply Memorandum.

Respectfully submitted,

DEUTSCH, KERRIGAN & STILES, L.L.P.

s/ FRANCIS J. BARRY, JR.
VICTOR E. STILWELL, JR., T.A. (#12484)
FRANCIS J. BARRY, JR. (#02830)
KEITH J. BERGERON (#25574)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**
**MODJESKI AND MASTERS, INC.**
**DEFENDANT AND MOVER**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 10th day of July, 2006 served a copy of the Supplemental Brief, Including Objections, on Behalf of Modjeski and Masters, Inc. to Plaintiffs' Rule 56(f) Request and Affidavit on counsel for all parties to this proceeding, by e-mail and/or United States Mail, postage prepaid.

      s/  FRANCIS J. BARRY, JR.
            FRANCIS J. BARRY, JR.

Modjeski Supp Brief and Objections_070906_vs.wpd