UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL** | * | **CIVIL ACTION NO.: 05-4182** |
| | * | |
| | * | **SECTION:   K (2)** |
| **VERSUS** | * | |
| | * | |
| | * | **CONS. KATRINA CANAL** |
| **BOH BROS. CONSTRUCTION CO.,** | * | |
| **LLC, ET AL** | * | |
| | * | |
| **PERTAINS TO ALL CASES** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY MEMORANDUM AND OPPOSITION TO PLAINTIFFS' OPPOSITION TO BOH BROS. CONSTRUCTION CO., L.L.C.'S <u>MOTION  FOR SUMMARY JUDGMENT</u>

Boh Bros. Construction Co., L.L.C. ("Boh Bros.") submits this reply memorandum to the plaintiffs' memorandum in opposition to the Motion for Summary Judgment filed by Boh Bros. Plaintiffs' opposition is based on four distinct arguments: (1) that as to the Industrial Canal test pile project, Boh Bros. has not factually established the date when the project was first occupied by the U. S. Army Corp of Engineers ("USACOE"); (2) that plaintiffs' are entitled to explore, through discovery, a potential claim for fraud, even though fraud was not pled in the plaintiffs' complaints; (3) that La. R.S. 9:2772 cannot be applied retroactively to disturb a pre-existing, vested property right; and (4) that the plaintiffs' claims arising out of the Industrial Canal project were asserted within the fifth year of the peremptive period and are thus timely.  The plaintiffs'

also request a delay in the hearing of Boh Bros. motion in order to conduct discovery as to a legal theory of fraud and to traverse the affidavit testimony included in support of Boh Bros.' motion on the completion date of the Industrial Canal project.

Boh Bros., for the reasons set out below, contends that none of the arguments presented by the plaintiffs are meritorious and that discovery is neither necessary nor should be permitted. Boh Bros., by uncontroverted evidence, has established the necessary and relevant facts for this Court to render judgment granting Boh Bros.' Motion for Summary Judgment in all cases.

**A.     Completion of the Industrial Canal Project has been Factually Established.**

By the sworn affidavit of its field project manager, Stanley Vicknair, Boh Bros. has conclusively established that the work on the Industrial Canal Project was completed on or before May 26, 2000, that Boh Bros. removed all of its equipment from the site and that Boh Bros. relinquished all control and occupancy of the project site to the USACOE.  The Court can take judicial notice of the fact that no formal acceptance of this project was filed in the public records of the Parish of Orleans where the project is physically located.[1]

Based on these uncontroverted facts, Boh Bros. has conclusively established the "end date" of the Industrial Canal project for purposes of applying Louisiana's peremption statute, La. R.S. 9:2772.[2]  The five-year peremptive period in that statute commences on either the date of registry in the mortgage office of the acceptance of the work by the owner <u>or</u>, as applicable here, on the date when the owner occupies the project, if no formal acceptance is recorded. [3]

---

[1]  See Affidavit of Keith J. Bergeron, Esq. attached hereto as Exhibit C.

[2]  The plaintiffs' admit in their opposition that the "end date" for the 17th Street canal project involving Boh Bros. is a matter of public record since the acceptance was filed by the Orleans Levee Board on August 24, 1992 in the Mortgage Office in Orleans Parish. See p. 2 of plaintiffs' opposition memorandum.

[3]  See La. R.S. 9:2772 A(1)(a) and (b).

Plaintiffs have failed to show, by affidavit or other evidence, valid reasons why they lacked the ability or resources to determine and validate the "end date" of the Industrial Canal Project. This date is memorialized in public records which were made available to plaintiffs several months ago. On January 25, 2006, plaintiffs' counsel advised this Court that 235 boxes of documents and records from the USACOE were being made available on the internet beginning in November, 2005.[4] Plaintiffs have had over five months to review these documents and over nine months since the filing of the first lawsuit, to confirm what Boh Bros. has already established, i.e., that the Industrial Canal project was completed on or before May 26, 2006. No other facts are necessary for the Court to apply the peremption statute to these claims.

**B.    Plaintiffs' Speculative Fraud Claims**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs concede that they have not alleged fraud in any of the complaints for reason of Rule 11 constraints,[5] yet urge the Court to grant them the opportunity to conduct discovery to determine the viability of a claim for fraud against Boh Bros. Plaintiffs seek a license to conduct a "fishing expedition" through untargeted discovery of an undeterminable duration in order to develop a claim for fraud which hasn't even been alleged.[6] Under Rule 11 of the Federal Rules of Civil Procedure, plaintiffs' counsel, by signing and filing the complaints in these cases, certified that they conducted an inquiry reasonable under the circumstances to

---

[4]  Documentary support for this statement is set out in the Joint Reply Memorandum of the Engineers filed in support of their Rule 12(b)(6) and Rule 56 motions.

[5]  "Plaintiffs have been unable to assert these very serious potential allegations [as to fraud] due to Rule 11 constraints."  Bruno affidavit in opposition to Boh Bros.' Motion for Summary Judgment, ¶ 5.

[6]  Fed. R. Civ. P. 9(b).

3

establish that the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support. If plaintiffs weren't willing to allege fraud for fear of Rule 11 sanctions, why should they be allowed to conduct an inquiry to determine whether fraud occurred after filing the complaints?

**C.    La. R.S. 9:2772 Isn't Being Applied Retroactively.**

Boh Bros. is <u>not</u> seeking a retroactive application of La. R.S. 9:2772. In *Walls v. American Optical Corp.*, 98-0455 (La. 9/8/99), 740 S.2d 1262 the Supreme Court of Louisiana adopted the formula set out by Planiol "for identifying the <u>only</u> two situations in which a law operates retroactively:

> "A law is retroactive when it goes back to the past either to evaluate the conditions of the legality of an act, or to modify or suppress the effects of a right already acquired. Outside of those conditions, there is no retroactivity."[7]

In the absence of retroactivity, the general rule is that the law in effect when a cause of action accrues is the law that governs the case. See *Anderson v. Avondale*, 798 So.2d 93, 2000 - 2799 (La. 10/16/01). Under Louisiana law, a cause of action "accrues" when a party has the right to sue,[8] and different causes of action accrue at different times, depending on their operative facts.[9] The claims asserted in this case against Boh Bros. are claims of negligence. For a negligence cause of action to accrue, there must be fault, causation and damages.[10]

---

[7] *Walls,* 742 So.2d at 1267.

[8] *Landry v. Avondale Industries, Inc.*, 03-0719 (La.2003), 864 So.2d 117.

[9] See generally the various definitions of "accrual" discussed in *Austin v. Abney Mills, Inc.*, 01-1598 (La. 9/4/02), 824 So. 2d 1137, 1147, n. 5.

[10] *Austin v. Abney Mills, Inc.*, 01-1598 (La. 9/4/02), 824 So. 2d 1137, 1148.

Damage is sustained only when it has manifested with sufficient certainty to support the accrual of a cause of action.[11] Without sustained damages, there is no cause of action.

Here, no damages were sustained until August 29, 2005, when the levees breached. Therefore, no cause of action for property damages, bodily injury or wrongful death against Boh Bros. based on claims of negligence came into existence before August 29, 2005.

The law in effect on August 29, 2005 was the 2003 amendment to La. R.S. 9:2772 - that is the law that governs this case. There is no unconstitutional retroactive application of that statute to the claims asserted against Boh Bros.

Boh Bros. agrees, as it must, with the holding in *Lott v. Haley*[12] that a cause of action once accrued is a vested property right that cannot under due process be divested by the retroactive application of a peremption statute, if application of the statute would have the effect of extinguishing the cause of action before the statute was even in effect. But due process does not prohibit a peremption statute from extinguishing a cause of action before the cause of action accrues, even if it means the injured party is effectively given no time to assert his claim.

---

[11] *Cole v. Celotex Corp.*, 620 So. 2d 1154 (La. 1993).

[12] *Lott*, 370 So. 2d at 524. The peremption statute at issue there was La. R.S. 9:5628, which became effective on September 12, 1975. The statue perempted all causes of action against medical providers three years after the date of the alleged act of malpractice. The alleged act of malpractice in *Lott* – the misdiagnosis of a disease – allegedly had occurred on January 21, 1972. Application of the peremption statute would have extinguished the pre-existing cause of action on January 21, 1975, nearly nine months before the statute was in effect. The Louisiana Supreme Court held this unconstitutionally operated "to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim." Peremption statutes that provide a reasonable time, or by application provide a reasonable time, to sue are not unconstitutional and may be applied to pre-existing causes of action. *See*, *e.g.*, *Bordlee v. Neyrey Park, Inc.*, 394 So. 2d 822 (La. App. 4th Cir. 1981); *Stipe v. Joseph A. Neyrey General Contractors, Inc.*, 385 So. 2d 568 (La. App. 4th Cir. 1980).

*Reeder v. North*[13] addressed this precise issue in the context of La. R.S. 9:5605, which extinguishes all causes of action for malpractice against attorneys three years after the alleged act of malpractice. The alleged act of malpractice – failure to assert all state law claims in a federal complaint – occurred in *Reeder* on July 10, 1989. The peremption statute was enacted on September 7, 1990, and set an absolute deadline of September 7, 1993 to assert all claims for acts of malpractice preceding the statute's enactment. Plaintiffs' cause of action did not accrue at the earliest until September 3, 1993 – four days before the deadline – when the Louisiana Supreme Court reversed the appellate court and ruled that dismissal of the federal complaint was res judicata of the unfiled state law claims.

Acknowledging the "perceived inequities" of the statute, the Louisiana Supreme Court held that the statute nonetheless perempted plaintiff's malpractice action:

> While the terms of the legal malpractice statute of limitations statute may seem unfair in that a person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative . . . .
>
> * * *
>
> In setting a statute of limitation, a legislature does not eliminate the remedy for a civil wrong; it makes a legislative determination that after a certain period of time no cause of action can arise. Until the time that a cause of action vests, a legislature has the power to create new rights and abolish old ones. [Citation omitted.] In finding that the right to recover in tort is not a fundamental right, our court has noted that "[w]here access to the judicial process is not essential to the exercise of a fundamental constitutional right, the legislature is free to allocate access to the judicial machinery on any system or classification which is not totally arbitrary."[14]

---

[13] 97-0239 (La. 10/21/97), 701 So. 2d 1291.

[14] 701 So. 2d at 1296-97(citations omitted).

The Supreme Court noted that the Legislature had considered the objection that the peremption statute was unfair because it "could extinguish a cause of action before it arises and was thus unfair;" but the Legislature passed the statute nonetheless.[15]

**D.      Fifth Year of Peremptive Period**

Plaintiffs contend that their causes of action accrued, for purposes of the peremption statute, in the fifth year after the Industrial Canal project was completed and/or occupied by the USACOE and thus the plaintiffs had one year from that date to file their lawsuits. The plaintiffs have clearly misread the statutory language. Admittedly, the statute establishes a one-year time period for asserting claims that arise during the fifth year following the acceptance or occupancy of the improvement.[16] Since Boh Bros. has established that its work was completed and turned over to the USACOE no later than May 26, 2000, the fifth year from that date commenced on May 26, 2004 and expired on May 26, 2005. Since the plaintiffs' causes of action did not accrue until August 29, 2005, the plaintiffs' claims did not accrue in the fifth year and plaintiffs' claims are thus perempted.

**E.      Plaintiffs Aren't Entitled to Discovery Under Fed. R. Civ. P. 56(f).**

In *Bancoult v. McNamara*, the court was confronted with precisely the same request for "discovery" in order to oppose a statute of limitations defense. The court denied plaintiffs' requests for discovery and for a continuance of the motion hearing date.

> "The non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce the facts in opposition to the motion."[17]

---

[15] 701 So. 2d at 1297.

[16] See La. R.S. 9:2772 C.

[17] *Bancoult v. McNamara*, 217 F.R.D. 280, 283 (D.D.C. 2003).

Rule 56(f) is not to be used "where the result of a continuance to obtain further information would be wholly speculative." Id at 283, *citing Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1488 (5th Cir. 1995); *See also Kadair, Inc. v. Sony Corp.*, 694 F.2d 1017, 1030 (5th Cir. 1983).

In order to warrant a Rule 56(f) continuance, the party opposing the motion must present specific facts explaining his inability to make a substantive Rule 56(e) response. The opposing party must also demonstrate how undertaking discovery will enable him to rebut the moving party's showing of an absence of material facts in dispute. [18] The opposing party cannot merely restate conclusory allegations in his complaint or make vague assertions or speculate about what discovery may yield.[19] Under Rule 56(f), the principal burden for the opposing party is to demonstrate, through specific facts, that discovery will reveal triable issues of material fact sufficient to defeat a motion for summary judgment.[20] The plaintiffs haven't made any showing of how, if further discovery is allowed, plaintiffs would controvert the established "end dates" of the projects which are contained in either public or business records. Rule 56(f) is not a license for the plaintiffs here to conduct a "fishing expedition" and the Court should deny plaintiffs' Rule 56(f) request. [21]

## CONCLUSION

Boh Bros. has established as a matter of law that plaintiffs' claims in these cases are perempted by the operation of La. R.S. 9:2772. Boh Bros.' proof of the completion and/or occupancy dates for both projects is uncontroverted and plaintiffs have failed to offer any proof to the contrary. Accordingly,

---

[18] *Washington v. Allstate*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-658 (5th Cir. 1996) *quoting Krim v. Banc Texas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993); *Bauer v. Albemarle*, 169 F.3d 962, 968 (5th Cir. 1999). The affidavit of Joseph Bruno included as an attachment to plaintiffs' opposition memorandum does not satisfy any of the requirements of Rule 56(f).

[19] *Washington*, 901 F.2d at 1285; *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989).

[20] *Bauer*, 169 F.3d at 968; *Bancoult*, 217 F.R.D. at 283.

[21] *See Bancoult*, 217 FRD at 283, *quoting, Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d at 1487-78.

plaintiffs' unsupported Rule 56(f) request to allow discovery to proceed on wholly speculative claims should be denied and Boh Bros.' Motion for Summary Judgment should be granted.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

BY: ___/s/ Charles B. Colvin_____
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
(ccolvin@kingsmillriess.com)
201 St. Charles Avenue, Suite 3300
New Orleans, LA   70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
*Attorneys for Boh Bros. Construction Co., L.L.C.*

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
*Attorneys for Boh Bros. Construction Co., L.L.C.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this  10th  day of   July  , 2006, I electronically filed the foregoing Reply Memorandum and Opposition to Plaintiffs' Opposition to Boh Bros. Construction Co., L.L.C.'s Motion for Summary Judgment with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.

_____/s/ *Charles B. Colvin*_____