FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 14 AM 7: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT, *et al* | )<br>)<br>) |
| Plaintiffs | )<br>) |
| VERSUS | )  CIVIL ACTION NO. 05-4182<br>)  SECTION "K"(2) |
| BOH BROTHERS CONSTRUCTION CO., *et al* | )  CONS. KATRINA CANAL<br>)<br>) |
| Defendants | )<br>) |
| THIS DOCUMENT RELATES TO: | )<br>) |
| Docket Nos. 05-4181; 06-0225; 05-6323 | ) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS CLAIMS FOR ATTORNEYS' FEES

NOW INTO COURT, through undersigned counsel, come defendants, the Board of Commissioners of the Orleans Levee District and the Sewerage and Water Board of New Orleans ("Boards"), and submit the following reply memorandum in response to the plaintiffs' opposition and in further support of the Joint Motion to Dismiss Claims for Attorneys' Fees.

As noted in the original Memorandum in Support of the Defendants' Motion, the separate complaints in the captioned matters fail to cite any statute that would subject the Boards to a separate judgment for attorneys' fees, nor do the facts alleged in those complaints trigger statutory provision

-1-

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

which would provide for a separate attorneys' fee award. As is well understood, attorneys' fees, as a separate element of damages, are not recoverable under Louisiana law unless specifically provided for by contract or by statute.[1]

The plaintiffs contend that Louisiana's class action statutes, particularly La. Code Civ. Proc. Art. 595, provide a statutory basis for the award of attorneys' fees as a separate element of damages. The plaintiffs are incorrect.

La. Code Civ. Proc. Art. 595(A), which pertains only to class actions, provides as follows:

> The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial to the class.

Contrary to the plaintiffs' argument, this Article does not provide the requisite statutory authority to assess attorney's fees as a separate element of damages against class action defendants. Plaintiffs rely on *Grant v. Chevron*[2] for the proposition that a separate attorneys' fee award, based solely on the strength of Art. 595, is available against class defendants in a action. Such reliance is misplaced.

In *Grant*, the Fifth Circuit addressed the issue of whether attorneys' fees that might be obtained by class representatives should be included when calculating the "amount in controversy" for federal diversity jurisdiction purposes.[3] The court specifically declined to address whether

---

[1] Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc. 449 So.2d 1014, 1015-1016 (La.1984).

[2] 309 F.3d 864 (5th Cir. 2002)

[3] *Id.* at 866.

attorneys' fees, as a separate element of damages, could be assessed against class action defendants under this statute:

> The question whether the court can assess attorney's fees to the class action defendant on the strength of art. 595(A) alone need not be answered for our purposes today, so we leave it to another day, preferably to a Louisiana court.[4]

Accordingly, *Grant* can only be read to interpret Art. 595 as a "fee-shifting statute" that allows the class representatives to recover attorneys' fees from the funds awarded to other members of the class.[5] The *Grant* court specifically states:

> In every Louisiana class action, then, the class representatives could receive attorney's fees from either (1) the defendant directly, pursuant to a separate attorney's fee statute, or (2) the non-representative members of the class indirectly as a result of art. 595(A)'s fee shifting and attribution. In either case, calculation of the anticipated recovery of the class representatives – the only one that matters for purposes of § 1332 – must include those potential attorney's fees in addition to damages.[6]

In the instant case, the plaintiffs' petitions/complaints do not assert nor do the plaintiffs argue entitlement to attorney's fees under any statute other than Art. 595. Therefore, the only avenue for the class representatives' recovery of attorneys' fees under Article 595 is via an "attribution" of a portion of the awards made to other class members. Further clarified by the court:

> But when, as here (and in myriad other Louisiana tort class actions) attorney's fees are *not* recoverable under some separate statute, art. 595(A) clutches in to supply the default rule, authorizing the court to

---

[4] *Id.* at 872, n. 27.

[5] *Id.* at 873.

[6] *Id.*

> "allow" attorney's fees and other costs to the class representatives out of the sums recoverable by the entire class in recompense for damages – specifically, the funds made available by judgment, compromise, or any other source, as long as it results from the class litigation and is for the benefit of all class members – whether in a common fund or in separate, individual recoveries.[7]

Accordingly, *Grant* merely stands for the proposition that a potential recovery of attorneys' fees under the fee shifting discretion in Art. 595, is considered when determining the amount in controversy for federal diversity jurisdiction purposes. *Grant* does not, as the plaintiffs argue, hold that Art. 595 permits the award of attorney's fees as a separate element of damages to Louisiana class action plaintiffs. In fact, the *Grant* court specifically avoided addressing this question, and deferred that issue to later consideration by Louisiana courts.

Louisiana courts have spoken to this issue. In *In re Gas Water Heater Products Liability Litigation*[8] the court interpreted Art. 595 as follows:

> The official revision comments to this article make clear that the first paragraph of this article intends that the reasonable expenses of litigation allowed the successful representative parties are to be paid out of the fund or benefits made available by their efforts; in other words, the expenses are borne *pro rata* by all class members. **Art. 595 does not increase the amount of the defendants' potential exposure**; this only occurs when attorneys' fees are a statutory or contractual element of damages awarded *in addition* to the plaintiff's recovery of actual damages.[9]

---

[7] *Id.*, at 874-75.

[8] 97-121 (La. App. 5 Cir. 6/30/97); 697 So.2d 341, *writs granted,* 97-2028 (La. 11/21/97); 703 So.2d 634 and 97-2033, 2035 (La. 11/21/97); 703 So.2d 635, *rev'd on other grounds,* 97-2028 (La. 4/14/98); 711 So.2d 264.

[9] *Id.* at 346. (Emphasis added).

In summary, Art. 595 does not provide for a separate assessment of attorneys' fees against class defendants.

**WHEREFORE**, for the foregoing reasons as well as those enunciated in the original memorandum in support, defendants, the Board of Commissioners of the Orleans Levee District and the Sewerage and Water Board of New Orleans, pray that their Joint Motion to Dismiss Claims for Attorneys' Fees be granted.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone:  (504) 831-0946

and

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT, THE BOARD
OF COMMISSIONERS FOR THE ORLEANS
LEVEE DISTRICT

-and-

GEORGE SIMNO III (#12271)
GERARD M. VICTOR (# 9815)
625 St. Joseph St., Room 201
New Orleans, LA 70165
Tel:   (504) 529-2837
Fax:   (504) 585-2455
ATTORNEYS FOR THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties via email, on this 11th day of July, 2006.