

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL | * | SECTION "K"(2) |
| | * | |
| | * | CONS. KATRINA CANAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:
**LEVEE GROUP**
**CASE NO. 05-4181 (O'Dwyer)**
**CASE NO. 05-4182 (Berthelot)**   **CASE NO. 05-5237 (Ann Vodanovich)**
**CASE NO. 05-6073 (Kirsch)**   **CASE NO. 05-6314 (Ezell)**
**CASE NO. 05-6324 (Brown)**   **CASE NO. 05-6327 (LeBlanc)**
**CASE NO. 06-0020 (Tauzin)**   **CASE NO. 06-0225 (Bradley)**
**CASE NO. 06-0886 (Finney)**   **CASE NO. 06-2278 (Christenberry)**
**CASE NO. 06-2287 (Sanchez)**   **CASE NO. 06-2346 (Fitzmorris)**

**B & K CONSTRUCTION COMPANY, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO B & K CONSTRUCTION COMPANY, INC.'S <u>MOTION FOR SUMMARY JUDGMENT BASED ON PEREMPTION</u>**

MAY IT PLEASE THE COURT:

B & K Construction Company, Inc. ("B&K"), defendant, submits the following in

1

response to Plaintiff's Memorandum in Opposition to B&K Construction Company, Inc.'s Motion for Summary Judgment. B&K makes this short response for the sole purpose of pointing out errors contained in Plaintiff's opposition, and urging this Honorable Court to bar Plaintiffs' claims against B&K on grounds of statutory peremption as a matter of law based on LSA-R.S. 9:2772. Plaintiff's Memorandum has not set forth specific facts showing that there is a genuine issue for trial as required by Fed.R.Civ.P. 56(e). Nor have Plaintiffs set forth any theory by which further discovery of facts could bar the operation of LSA-R.S. 9:2772. Dates of historical events are not subject to change, and matters of law are not proper subjects of discovery. In this simple matter of dates and law, B & K is, therefore, entitled to summary judgment.

A. **B&K's Motion is Not Premature: Further Discovery is Unnecessary**

Plaintiffs first argue that, based on the affidavits provided, they are unable to determine the beginning date for the running of the five year peremptive period. To make this argument relevant, plaintiffs must further argue that there is some possibility that B&K's work was not accepted by the Army Corps or that the Army Corps did not take possession of or occupy the improvement until September 19th of 2000, five years prior to the filing of their petition(s). As proven by (1) the Affidavit of H. B. Kenyon, President of B&K Construction Company, Inc. and (2) the Certificate of Authenticity of Dianne Allen, Chief, Policy Branch, Contracting Division for the New Orleans District, U.S. Army Corps of Engineers, and its attached form DD 2626 related to contract number

2

DACW-29-94-C-0079, B&K's work on the Project was accepted by the U.S Army Corps of Engineers on October 31, 1996. Unless Plaintiffs allege that the Army Corps somehow delayed occupying or taking possession of the improvement, in whole or in part, for four years after their acceptance of the work, this first argument is simply irrelevant.

Plaintiffs' second argument is much like the first. They argue that, based on the title of the document (Amendment of Solicitation/Modification of Contract) submitted by B&K to prove that the Project was closed out by the U.S. Army Corps of Engineers effective May 7, 1997, they are entitled to discover whether any prior contracts existed. Plaintiffs likely know that this is simply a standard form used for many purposes, including the closing out of a project. Their argument, however, infers that perhaps some earlier, yet unrevealed contract had a later acceptance date. Besides the obvious logical difficulties with this inference, Plaintiffs again run into their inability to allege any mechanism by which the running of LSA-R.S. 9:2772 could be delayed until September 19th of 2000, five years prior to the filing of their petition(s). This second argument, like the first, is irrelevant.

In their third argument, Plaintiffs improperly grasp at straws by, generally, and for the first time, alleging that B&K may have fraudulently caused the damages sued upon and that Plaintiffs' are, therefore, entitled to discovery. These allegations are in direct violation of Fed.R.Civ.P. 9(b), which insists that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "The

purpose of Rule 9(b) is to prevent extensive and unwarranted discovery.[1] Vague allegations of inequitable conduct may allow the (Plaintiffs) to embark on wide-ranging discovery upon a thimble full of facts. This is precisely the type of tactical maneuvering that Rule 9(b) is designed to deter."[2] To satisfy the particularity requirements of Rule 9(b), Plaintiffs, "at a minimum, must specify the nature of the deception engaged in by (B&K) as well as indicate why or how a misrepresentation or omission is material and the reason why the alleged conduct is inequitable."[3] What's more, "specific facts showing fraud must be set forth in the complaint, not in a brief."[4] "[W]hile allegations may be based upon information and belief, the complaint must set forth a factual basis for such belief."[5] "Rule 9(b) requires the complaintant to do more than make reference to fraud in various post-complaint proceedings."[6] Plaintiffs have not met, nor have they attempted to meet the requirements of particularity. Their haphazard and baseless allegations should, therefore, be rejected as improper.

---

[1] *In re Papst Licensing, GMBH Patent Litigation*, 174 F.Supp.2d 446, 449 (E.D. La 2001); citing *Samsung Elec. Co. v. Texas Instruments, Inc.*, 39 U.S.P.Q.2d 1673, 1676, 1996 WL 343330 (N.D.Tex.1996); citing *Kingsdown Medical Consultants v. Hollister, Inc.*, 863 F.2d 867 (Fed.Cir.1988).

[2] *In re Papst Licensing, GMBH Patent Litigation*, 174 F.Supp.2d at 449.

[3] *Id. see also: United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). (At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of the fraud alleged.)

[4] *Id.* citing *Brown v. North Cent. F.S., Inc.*, 173 F.R.D. 658, 670 (N.D. Iowa 1997) (emphasis added).

[5] *United States v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (emphasis added). Citing *United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

[6] *Crysler Credit Corp. v. Whitney Natl. Bank*, 824 F.Supp. 605, 608 (E.D. La. 1993).

B. **Application of the Five Year Peremptive Period in This Matter Creates no Constitutional Difficulty**

Plaintiffs argue that application of the five year peremptive period mandated by LSA-R.S. 9:2772 would somehow unconstitutionally disturb a preexisting/vested right of action. In support of their argument, Plaintiffs point to a medical malpractice case which (1) deals with a prescriptive period and not a peremptive period, and (2) employs the exception of *contra non valentum* (which can not interfere with the running of a peremptive period.) Cases interpreting peremptive periods, and particularly the statute at issue, are more instructive.

In a 1978 case alleging multiple constitutional difficulties with LSA-R.S. 9:2772, Louisiana's Supreme Court ruled that the statute "does not violate the due process guarantees of either the state or federal constitutions."[7] In *Burmaster*, a widow sued various parties subsequent to her husband's death, alleging that his death was caused by defective construction of a building where he was working. The peremptive period had run, and, as with the instant case, the plaintiff argued that application of the peremptive period would amount to a violation of constitutional due process. The Supreme Court explained as follows:

> In the instant case, plaintiff's cause of action would not have arisen until the death of her husband, which occurred more than fifteen years after the date of registry in the mortgage office of acceptance of the work by the owner. Hence, assuming the applicability of La.R.S. 9:2772 to the facts and parties before us (trial court has not yet decided this because its ruling was based

---

[7] *Burmaster v. Gravity Drainage District No. 2 of Parish of St. Charles*, 366 So.2d 1381,1388 (La. 1990).

5

solely on the unconstitutionality of the statute), its effect is to abolish any cause of action plaintiff might have had against Fromherz for wrongful death arising out of any deficiency in the design, planning, inspection, supervision, or observation of construction or the construction of an improvement to immovable property allegedly attributable to Fromherz when such action is brought more than ten years after the date of registry in the mortgage office of acceptance of the work by the owner. The application of La.R.S. 9:2772 herein does not bar plaintiff's cause of action; rather, it prevents what might otherwise be a cause of action from ever arising. Thus, injury or death occurring after the pre-emptive period established by the statute forms no basis for recovery against those whom the statute protects and a cause of action never vests. The harm that has been done (allegedly attributable to Fromherz) is *Damnum absque injuria* a loss which does not give rise to an action for damages against the person causing it.[8]

Likewise, the 2003 amendment to LSA-R.S. 9:2772 does not bar Plaintiffs' causes of action; rather, it prevents those causes of action from ever arising. Any injury occurring after the five year peremptive period established by the statute forms no basis for recovery against those whom the statute protects. Plaintiffs' cause of action never vested.

Where there is no vested property right, there is no benefit to an analysis of whether the legislature, in shortening a period of limitation, allowed a reasonable time for those affected to assert their rights. As noted at page seven of Plaintiffs' Memorandum in Opposition, "where an injury has occurred <u>for which the injured party has a cause of action</u>, such cause of action is a vested property right."[9] "It is well established that there is no vested or property right in a potential and not yet existent claim for damages."[10] This is true

---

[8] *Id.* at 1387-1388.

[9] *Lott v. Haley*, 370 So.2d 521, 524 (La. 1979), (emphasis added).

[10] *Paul v. Nolen*, 166 So. 509, 511 (La. App. 1936).

because, as noted by Louisiana's Supreme Court, a "vested" right is a right that is absolute, complete, unconditional and independent of a contingency.[11] Until August of 2005, Plaintiffs in this matter had nothing more than a potential claim for damages. This potential right was incomplete, conditional, and contingent upon the future failure of the New Orleans Hurricane Protection System, which failure did not occur until August of 2005. This failure of the Hurricane Protection System created Plaintiffs' cause of action which, prior to such failure, did not exist. Because application of the five year peremptive period of LSA-R.S. 9:2772 will not divest any Plaintiff herein of a vested right, the question of whether the legislature, in shortening the peremptive period, allowed a reasonable time for those affected to assert their rights does not arise. This question is, therefore, also irrelevant.

C.  **Plaintiffs Have Not Met Their Burden Under FRCP 56(f)**

Plaintiffs' Opposition Memorandum claims a right to further discovery under Fed R. Civ. P. 56(f). Whether this requested discovery would be directed toward proving (1) Plaintiffs' inappropriate allegations of inequitable conduct, or (2) existence of some mechanism by which the running of LSA-R.S. 9:2772 could be delayed until September 19th of 2000, however, such discovery is unhelpful to resolution of B&K's Motion for Summary Judgment and could not provide information sufficient to form a basis for denial of that motion. As correctly stated by Plaintiffs, "to justify a continuance (for purposes of

---

[11] See *Smith v. Board of Trustees of Louisiana State Employees' Retirement System*, 02-2161 (La. 6/27/03), 851 So.2d 1100, 1106.

further discovery), the Rule 56(f) motion <u>must demonstrate</u> 1) <u>why</u> the movant needs additional discovery <u>and</u> 2) <u>how</u> the additional discovery will <u>likely</u> create a genuine issue of material fact."[12]   Plaintiffs' memorandum has accomplished neither.

It is important to note that "[a] party may not forestall an unfavorable ruling on a summary judgment motion merely by alleging fraudulent and/or conspiratorial conduct. The burden is on the party seeking to conduct additional discovery to put forth <u>sufficient facts to show that the evidence sought exists</u>."[13] Plaintiffs herein have not and can not put forth sufficient facts to show that B&K engaged in any fraudulent activity whatsoever. Plaintiffs' allegations are purely speculative and tactical. Likewise, there is no possibility that Plaintiffs will put forth sufficient facts to show that the Army Corps somehow delayed occupying or taking possession of the improvement, in whole or in part, for four years after their acceptance of the work.

It is also important to note that "a mere assertion that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f). Rather, the party filing the affidavit <u>must show how</u> additional time will enable him to rebut movant's allegations of no genuine issue of fact."[14]   Given the Plaintiffs' burden of proof in this matter, they simply cannot "avoid summary judgment under Rule 56(f) without detailing by affidavit the evidence (they)

---

[12] Stearns Airport Equipment Co. Inc. v. FMC Corp., 170 F3d 518,535 (5th Cir. 1999) (emphasis added).

[13] Volk v. D.A. Davidson & Co., 816 F.2d 1406,1416 (9th Cir. 1987) (emphasis added). Citing VISA International Service Association v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986) (courts deny Rule 56(f) applications where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation).

[14] Jarvis v. Nobel/Sysco Food Services Co., 985 F.2d 1406, 1422 (10th Cir. 1993) (emphasis added).

expect to discover."[15] Plaintiffs' Opposition to B&K's Motion for Summary Judgment does not and could not provide information sufficient to carry this burden. As such, Plaintiffs' assertions are insufficient to justify a denial of summary judgment under Rule 56(f).

D. **Conclusion**

The only relevant argument raised in Plaintiffs' Opposition to B&K's Motion for Summary Judgment is the potential for an unconstitutional divestiture of an existing right. As explained above, however, there is no vested right in a potential and not yet existent claim for damages, and the 2003 amendment to LSA-R.S. 9:2772 does not bar Plaintiffs' causes of action; rather, it prevents those causes of action from ever arising. Plaintiffs' Memorandum has not set forth specific facts showing that there is a genuine issue for trial as required by Fed.R.Civ.P. 56(e). Nor have Plaintiffs set forth any theory by which further discovery of facts could bar the operation of LSA-R.S. 9:2772. Dates of historical events are not subject to change, and matters of law are not proper subjects of discovery. In this simple matter of dates and law, B & K is, therefore, entitled to summary judgment.

**SEE FOLLOWING PAGE FOR SIGNATURE BLOCK**

---

[15] *Id.* at 1423

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
Wade M. Bass (#29081)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel in this matter by e-mail, on this 10th day of July, 2006.

_____
Herman C. Hoffmann, Jr.

N:\DATA\K\03409023\Consolidated Pleadings\MSJ Response to Opposition.wpd