
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 14 PM 1:04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | * | CASE NO. |
| VERSUS 0 | * | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., et al. | * | SECTION " K " |
| | * | MAG. NO. "2" |

* * * * * * * * * * * * * * * * *

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO THE MOTION TO DISMISS,
ON GROUNDS OF IMMUNITY, BY THE
NEW ORLEANS LEVEE BOARD AND BY
THE NEW ORLEANS SEWERAGE AND WATER BOARD

MAY IT PLEASE THE COURT:

Since submission of their original Memorandum in Opposition to the "Motion(s) to Dismiss" claims filed by the New Orleans Levee Board and the New Orleans Sewerage and Water Board, plaintiffs in Civil Action No. 05-4181 have had the opportunity to complete additional legal research and to think a little more about the absurdity of the position(s) being taken in this case by the moving Boards. Accordingly, plaintiffs submit this Supplemental Memorandum in Opposition to the Motion to Dismiss, on grounds of immunity, filed by the above-identified moving Boards.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

I.  Plaintiffs first argue that the clear provisions of LSA-R.S. 38:309(A) and (B), which establish the New Orleans Levee Board as "a body politic or a political corporation invested with the powers inherent in corporations", and which provide that "The board may sue and be sued under the style of Board of Commissioners for the respective district", operate as a waiver of any immunity which the New Orleans Levee Board may be claiming in this case under any provision of State law.

II. Plaintiffs also aver that, to the extent that admiralty and maritime jurisdiction exists in this case, then federal admiralty law preempts any state-conferred sovereign immunity for state and local-government-created agencies. <u>Workman v. Mayor of the City of New York</u>, 179 U.S. 552, 21 S.Ct. 212 (1900); <u>Hines v. Georgia Ports Authority</u>, 2005 AMC 111 (Ga. S.Ct.).

III. Plaintiffs further submit, and amend their original Memorandum by identifying, the following additional "Counts" against the moving Boards, and add to the list of "Facts to Which There is No Genuine Dispute":

23.   Failing to properly monitor water pressures adjacent to the water bodies involved in this litigation.

24.   Failing to adequately protect electrical generating equipment and emergency generating equipment from flooding.

25.   Failing to ensure operational redundancy in the water pumping and drainage systems.

26.   Failing to establish and have competent Engineering Staff(s), and in a sufficient number, to do what the law required them to do.

IV. Lastly, although plaintiffs have previously brought to the Court's attention the fact that "malfeasance" is a crime in Louisiana, plaintiffs failed to state the even more obvious facts that:

> "Manslaughter" is a crime in Louisiana. LSA-R.S. 14:31.
>
> "Negligent homicide" is a crime in Louisiana. LSA-R.S. 14:32.
>
> "Negligent injury" is a crime in Louisiana. LSA-R.S. 14:39.
>
> "Damage to property" is a crime in Louisiana. LSA-R.S. 14:55 and 56.

Plaintiffs respectfully submit that the deaths, injuries and property damage visited upon plaintiffs, and on those similarly situated to plaintiffs, should be taken into account when considering "criminal misconduct", and other transgressions for which state and local agencies and entities now claim "immunity".

## CONCLUSION

It is respectfully submitted that the Court should take judicial notice of the fact that the reaction(s) in Boston, Massachusetts to one poor unfortunate soul losing her life when a concrete panel fell on her vehicle in an underground tunnel was far-reaching criminal investigation. Here in the "cesspool", over 1500 lives are lost and 80% of a vibrant city was "trashed", when concrete monolith panels fell, and the cockroaches[1] are now running for cover, with no one accepting responsible for anything. "Justice" is the first enumerated "forms of virtue" from Aristotle.[2] No where is "immunity" listed. Plaintiffs beseech the Court to do them justice in this case, and to deny the New Orleans Levee Board and the New Orleans Sewerage and Water Board an escape hatch.

---

[1] The "roach balls" include state and local elected and appointed officials and bureaucrats, and those who continue to feed at the public trough.
[2] The other forms of virtue are" courage, magnificence, magnanimity, liberalty, gentleness, prudence and wisdom.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 13th day of July 2006.

_____