UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 14 PM 3: 13

LORETTA G. WHYTE
CLERK

|  |  |
|---|---|
| COLLEEN BERTHELOT ET AL.,    : | : CIVIL ACTION NO.: <br> : 05-4182 SECTION "K"(2) <br> : <br> : CONS. KATRINA CANAL <br> : |
| Plaintiffs    : <br> VERSUS                          | : JUDGE DUVAL <br> : <br> : |
| BOH BROTHERS CONSTRUCTION CO. <br> L.L.C., et al.,                      : | : JUDGE WILKINSON <br> : <br> : |
| Defendants.    : | : |

**THIS DOCUMENT RELATES TO:**
05-6323 "K"(2)    Vanderbrook et al.

### OPPOSITION TO MOTIONS FOR JUDGMENT ON THE PLEADINGS

NOW INTO COURT, through undersigned counsel, come the *Vanderbrook* plaintiffs who submit this memorandum in opposition to the Motion for Judgment on the Pleadings filed by State Farm Fire and Casualty Insurance Company, and the Consolidated Motion for Judgment on the Pleadings jointly filed by The Standard Fire Insurance Company, Hartford Insurance Company of the Midwest, Hanover Insurance Company, and Unitrin Preferred Insurance Company. These plaintiffs submit that the motions are premature as there are issues of fact present regarding the cause of the plaintiffs' losses.

**1.    Rule 12 Motions are Disfavored.**

The standard for dismissal under Rule 12(c) is the same as that for dismissal under Rule 12(b)(6). *Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 9/8/2004). Thus, a motion to dismiss under Rule 12 "is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). *See also Ramming v. United States,* 281 F.3d 158, 161-62 (5th

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____

Cir. 2001). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint taken as true. *Hoffman v. Kramer*, 362 F.3d 308, 318 n.7 (5th Cir. 2004). This is a "strict standard of review" which requires a court to determine whether "in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). To put it more plainly, a motion to dismiss may not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." S*tripling v. Jordan Prod. Co., LLC,* 243 F.3d 863, 873 (5th Cir. 2000); *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

These plaintiffs submit that it would be legally inappropriate to grant the pending motions, as it is not "beyond doubt" that they can not prove any set of facts to support their claims and entitle them to relief. The issues presented by the motions are those which should only be addressed after discovery has taken place.

2.      **The Motions Should be Denied as the Exclusions Do Not Clearly Exclude Coverage.**

The various insurer defendants make a very quick jump into this dispute over some threshold issues in their attempt to posit this case as nothing more than a "wind vs. flood" case. They rely on newspaper articles and news reports as the basis for their position that the loss was caused by an excluded "flood": "Water entering the streets of the City from a canal, as a result of a break in a canal wall, clearly constiutes a loss caused by "flood, "surface water" or "overflow of a body of water."" *See* Page 9 of Memorandum in Support of Consolidated Motion. Their position ignores the allegation of the complaint and Louisiana case law which, if followed, would mandate a denial of this motion at this time.

Particularly, in *Riche v. State Farm Fire and Casualty Company,* 356 So.2d 101 (La.App.

1st Cir. 1978), *writ denied*, 358 So.2d 639 (La. 1978), the court of appeal reversed the trial court and found that a loss suffered during a storm on a lake was not excluded by the water or flood provisions of the insurance policy. The exclusion in the policy in *Riche* was similar to the exclusions raised by the defendants here, and read in pertinent part:

> This policy does not insure against loss:
>
> 3. Caused by, resulting from, contributed to or aggravated by any of the following:
>
> (a) Flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not . . .

*Riche*, 356 So.2d at 103. The *Riche* court specifically held that "[t]his exclusion, when read as a whole, contemplates only such damage caused by water <u>which has risen over and covered areas not ordinarily covered by water</u>. We find that damage caused by windstorm (or resulting waves) over a body of water, such as a lake or reservoir, does not come within the scope of this exclusion. This interpretation is in line with the rule of construction that exclusionary clauses are strictly construed. See *Bezue v. Hartford Accident and Indemnity Company, Hartford, Connecticut*, 224 So.2d 76 (La.App. 1 Cir. 1969)." (emphasis added).

The Louisiana Supreme Court denied writs in *Riche*. 358 So.2d 639 (La. 1978). Thus, the case still provides valid guidance to this Court. If the allegations were that rainwater had filled the City as surface water, or that Lake Pontchartrain had exceeded the height of the levees and overflowed into the damged areas, an argument might be made that a "flood" for purposes of the policy occurred. Here, however, neither is alleged to have occurred – the complaint alleges that the hurricane passed over Lake Pontchartrain and that a floodwall broke, not that it was overtopped or that water entered some other way:

3

3. "... a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of New Orleans and homes of Petitioners, causing damage as hereinafter alleged."

4. "... but was water intrusion, caused simply from a broken levee wall."

10. "... the water damage suffered by Petitioners was due to a sudden break in the concrete wall of the levee outfall canal and is not described in any policies as an excluded loss ..."

*Vanderbrook Complaint.* In fact, defendant could not point to a single policy event described in the policy that occured at the 17th Street Canal on August 29, 2005. Consistent with the law disfavoring Rule 12 motions, the pending motions for judgment on the pleadings must be denied.

The defendants make references to the *Buente v. Allstate* case from Mississippi (S.D. Ms. 05-CV-712). However, it must be noted that the Court in *Buente* denied an analagous Rule 12 motion and found the exclusionary language ambiguous. *See Order of March 24, 2006,* denying the motion for judgment on the pleadings.

The Court in *Buento* explained: "But under the standards applicable to a motion for judgment on the pleadings under F.R.Civ.P. 12(c), i.e., accepting all of the material allegations of the complaint as true and granting the plaintiffs all reasonable inferences in support of their claims, I can not say there is no set of facts the plaintiffs may establish in support of their claim that would entitle them to relief." The same result should follow here.

Plaintiffs have not pleaded any specific design or construction flaws caused the failure. In fact, the specific cause of failure of wall is not alleged in the petition. This is one of several reasons why the plaintiffs have pleaded that the insurers were arbitrary and capricious in denying their claims, because at the time of the denial of their claims, the insurers had no evidence or facts to show that the cause of the wall failure was excluded under the policy. Dismissing the

claims at the Rule 12 stage would be inappropriate, and plaintiffs should be given an adequate opportunity to prove their claims.

### 3. The Claims Regarding the Exclusion Language Are Legally Viable

Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; *Carbon v. Allstate Ins. Co.*, 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co.*, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage. *Cadwallader*, 02-1637; at p. 3, 848 So.2d at 580; *Carrier*, 99-2573 at p. 12, 759 So.2d at 43-44.

Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. *Louisiana Ins. Guar. Ass'n*, 93-0911 at p. 6, 630 So.2d at 764; *Garcia*, 576 So. 2d at 976; *Carrier v. Reliance Ins. Co.*, 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43.

Plaintiffs have alleged that the language of the exclusions are "vague, unfavorable to defendants, oppressive to policy holders, and bear no reasonable relationships to the risk and needs of the business of the Defendants" and that this "thereby render[s] such exclusion provisions substantially and procedurally unconscienable, void and subject to any interpretation by the Defendants to exclude Plaintiffs from coverages to which they are entitled." *Petition*, ¶11.

For whatever reason, the defendants chose not to include a definition of "flood" in their policies. The Court in *Riche* found that the word "contemplates only such damage caused by water which has **"risen over"** and covered areas not ordinarily covered by water", which is not

5

what is alleged to have occurred here. As alleged, had the wall not broken the plaintiff's homes would not have been damaged. It is simply ambiguous under this set of facts whether a "flood" for purposes of the policy occurred, in light of the failure of the defendants to include a definition of "flood" after the Court's statement in *Riche*.

### 4. Conclusion

As noted, a motion to dismiss under Rule 12 "is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). *See also Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001). Specifically, a motion to dismiss may not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stripling v. Jordan Prod. Co., LLC*, 243 F.3d 863, 873 (5th Cir. 2000); *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

The *Riche* court referred to above specifically held that a similarly worded exclusion, "when read as a whole, contemplates only such damage caused by water which has risen over and covered areas not ordinarily covered by water. We find that damage caused by windstorm (or resulting waves) over a body of water, such as a lake or reservoir, does not come within the scope of this exclusion." *Riche*, 356 So.2d 103-104. In light of this ruling, it is far from clear as a matter of law that the plaintiffs can not prove any facts to support their claims.

Further, the Court in *Buente v. Allstate* (S.D. Ms. 05-CV-712), <u>denied</u> an analagous Rule 12 motion and found the exclusionary language ambiguous, noting that "under the standards applicable to a motion for judgment on the pleadings under F.R.Civ.P. 12(c), i.e., accepting all of the material allegations of the complaint as true and granting the plaintiffs all reasonable

6

inferences in support of their claims, I can not say there is no set of facts the plaintiffs may establish in support of their claim that would entitle them to relief." *See Order of March 24, 2006*, denying the motion for judgment on the pleadings.

The same result should follow here. It would be improper to dismiss the claims of these plaintiffs at this stage, before any discovery has taken place. The motions for judgment on the pleadings must be denied.

Respectfully submitted,

Robert Harvey, #18615
2609 Canal Street
New Orleans, Louisiana 70119
504-322-2136

Attorney for *Vanderbrook* Plaintiffs

**Certificate of Service**

I hereby certify that a copy of this document has been forwarded to all counsel of record and unrepresented parties by proper electronic means or by depositing same postage prepaid in the United States mail, this 1st day of July, 2006.