UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 14 P 4: 29

LORETTA G. WHYTE
CLERK

|  |  |  |
|---|---|---|
| COLLEEN BERTHELOT, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | CIVIL ACTION NO. 05-4182 |
| vs. | ) | |
| | ) | SECTION "K"(2) |
| BOH BROTHERS CONSTRUCTION CO., et al. | ) | CONS. KATRINA CANAL |
| | ) | |
| Defendants | ) | JURY DEMAND |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| 05-6073 | ) | |
| | ) | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Washington Group International, Inc. ("WGI"), by and through its

undersigned attorneys, hereby responds to Plaintiffs' Second Amended Class Action Complaint

(the "Complaint"), as follows:

### WGI'S AFFIRMATIVE DEFENSES

**A.     Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the

Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge

and/or jury.



**B.      Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state

a cause of action upon which relief may be granted against WGI, and further fail to state facts

sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other

relief whatsoever from WGI.

**C.      Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been

prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period

on delictual actions.

**D.      No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or

capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no

right of action.

**E.      Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join

indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code

of Civil Procedure Article 641.

**F.      Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part,

because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact

of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause

of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a

819266v.1

duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

### G.    Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H.    Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I.    Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J.    Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K.    Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L.    Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

819266v.1

**M.**     **Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.**     **Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1.          WGI DENIES each and every allegation of Paragraph 1 of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any

- 4 -

putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

2.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that David J. Kirsch and Ali Haghighi purport to be named plaintiffs in this action.

3.a.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.a. of the Complaint and therefore DENIES each and every allegation contained therein.

3.b.          WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

3.c.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.c. of the Complaint and therefore DENIES each and every allegation contained therein.

3.d.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.d. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

3.e.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.e. of the Complaint and therefore DENIES each and every allegation contained therein.

3.f.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.f. of the Complaint and therefore DENIES each and every allegation contained therein.

3.g.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.g. of the Complaint and therefore DENIES each and every allegation contained therein.

3.h.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.h. of the Complaint and therefore DENIES each and every allegation contained therein.

3.i.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.i. of the Complaint and therefore DENIES each and every allegation contained therein.

3.j.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.j. of the Complaint and therefore DENIES each and every allegation contained therein.

3.k.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.k. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

3.l.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.l. of the Complaint and therefore DENIES each and every allegation contained therein.

3.m.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.m. of the Complaint and therefore DENIES each and every allegation contained therein.

3.n.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.n. of the Complaint and therefore DENIES each and every allegation contained therein.

3.o.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.o. of the Complaint and therefore DENIES each and every allegation contained therein.

3.p.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.p. of the Complaint and therefore DENIES each and every allegation contained therein.

3.q.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.q. of the Complaint and therefore DENIES each and every allegation contained therein.

3.r.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.r. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

3.s.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3.s. of the Complaint and therefore DENIES each and every allegation contained therein.

4.   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that its predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

5.   WGI DENIES each and every allegation of Paragraph 5 of the Complaint.

6.   WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGI also admits that jurisdiction exists under the Class Action Fairness Act.  WGI DENIES each and every remaining allegation in Paragraph 6 of the Complaint.

7.   WGI admits that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act because the alleged amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  WGI also admits that federal question jurisdiction exists because WGI was a contractor of the federal government when it performed the work to which this Complaint pertains.  WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph 7 of the Complaint and therefore DENIES each and every remaining allegation.

819266v.1

8.          WGI DENIES each and every allegation of Paragraph 8 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

9.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that Hurricane Katrina was in the Gulf of Mexico on August 27, 2005.

10.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that Hurricane Katrina increased in strength on August 28, 2005.

11.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005.

12.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that flooding occurred in the Lower Ninth Ward following Hurricane Katrina.

13.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

- 9 -

14.           WGI DENIES each and every allegation in the third sentence of Paragraph 14 of the Complaint.  WGI is without sufficient information or knowledge as to the allegations in the first and second sentences of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein.

15.           WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Paragraph 8-13 of the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 states that "[f]or stability reasons, I floodwalls rarely exceed 2.13 m (7 ft) above the ground surface" and "[t]he inverted T floodwall is used to make floodwall levee enlargements when walls higher than 2.13 m (7 ft) are required."

16.           WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint, and therefore DENIES each and every allegation contained therein.

17.           WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint, and therefore DENIES each and every allegation contained therein.

18.           WGI DENIES each and every allegation in the first sentence of Paragraph 18 of the Complaint.  WGI is without sufficient information or knowledge as to the specific allegations in the second sentence of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19.           WGI DENIES each and every allegation of Paragraph 19 of the Complaint.

819266v.1

20.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein.

21.         WGI DENIES that Plaintiffs properly may bring this action on behalf of all others similarly situated.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that Plaintiffs purport to bring this action on their own behalf and on behalf of all others similarly situated.

22          WGI DENIES each and every allegation of Paragraph 22 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

23.         WGI DENIES each and every allegation of Paragraph 23 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

24.         WGI DENIES each and every allegation of Paragraph 24 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

25.         WGI DENIES each and every allegation of Paragraph 25 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

819266v.1

26.     WGI DENIES each and every allegation of Paragraph 26 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23. WGI also DENIES that the proposed class action satisfies the superiority requirement.

27.     WGI DENIES each and every allegation of Paragraph 27 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

28.     WGI DENIES each and every allegation of Paragraph 28 of the Complaint. WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23. WGI also DENIES that the proposed class action satisfies the superiority requirement.

29.     WGI DENIES each and every allegation of Paragraph 29 of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action pursuant to Federal Rule of Civil Procedure 23, and that Plaintiffs purport to represent a proposed class.

30.     WGI DENIES each and every allegation of Paragraph 30 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

319266v.1

31.     The allegations of Paragraph 31 of the Complaint contain argumentative statements to which no response is required.  To the extent that a response is required, WGI DENIES each and every allegation of Paragraph 31 of the Complaint.

32.A.     WGI DENIES each and every allegation of Paragraph 32.A. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class definition is proper or legally sufficient.

32.B.     WGI DENIES each and every allegation of Paragraph 32.B. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

32.C.     WGI DENIES each and every allegation of Paragraph 32.C. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

32.D.     WGI DENIES each and every allegation of Paragraph 32.D. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

32.E.     WGI DENIES each and every allegation of Paragraph 32.E. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action satisfies the superiority requirement.

819266v.1

33.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that on or about August 29, 2005, Hurricane Katrina made landfall along the Gulf Coast.

34.          WGI DENIES each and every allegation of Paragraph 34 of the Complaint.

35.          WGI DENIES each and every allegation in Paragraph 35 of the Complaint pertaining to WGI. WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph 35, and therefore DENIES each and every remaining allegation contained therein.

36.A.1.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.A.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.A.2.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.A.2. of the Complaint and therefore DENIES each and every allegation contained therein.

36.A.3.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.A.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.A.4.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.A.4. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

36.A.5.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.A.5. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.1.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.2.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.2. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.3.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.4.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.4. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.5.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.5. of the Complaint and therefore DENIES each and every allegation contained therein.

36.B.6.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.B.6. of the Complaint and therefore DENIES each and every allegation contained therein.

36.C.1.       WGI DENIES each and every allegation contained in Paragraph 36.C.1 of the Complaint, except WGI admits that its predecessor, Morrison Knudsen Corporation,

819266v.1

contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

36.C.2.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.C.2. of the Complaint and therefore DENIES each and every allegation contained therein.

36.C.3.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.C.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.1.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.2.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.2 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal and the Industrial Canal are connected to Lake Ponchartrain in Orleans Parish.

36.D.3.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.4.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.4. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

36.D.5.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.5. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.6.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.6. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.7.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.7. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.8.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.8. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.9.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.9. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.10.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.10. of the Complaint and therefore DENIES each and every allegation contained therein.

36.D.11.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.D.11. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

36.E.1.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.E.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.E.2.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.E.2. of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are connected to Lake Ponchartrain in Orleans Parish.

36.E.3.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.E.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.F.1.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.F.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.F.2.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.F.2. of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are connected to Lake Ponchartrain in Orleans Parish.

36.F.3.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.F.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.F.4.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.F.4. of the Complaint and therefore DENIES each and every allegation contained therein.

819266v.1

36.G.1.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.G.1. of the Complaint and therefore DENIES each and every allegation contained therein.

36.G.2.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.G.2. of the Complaint and therefore DENIES each and every allegation contained therein.

36.G.3.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.G.3. of the Complaint and therefore DENIES each and every allegation contained therein.

36.G.4.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36.G.4. of the Complaint and therefore DENIES each and every allegation contained therein.

37.        WGI DENIES each and every allegation of Paragraph 37 of the Complaint.

38.        WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

39.        Paragraph 39 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 39 of the Complaint.

*        *        *

- 19 -

819266v.1

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:      July 14, 2006                    Respectfully submitted,

William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

819266v.1

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Second Amended Class Action Complaint has been served upon all counsel of record by email this _14th_ day of July, 2006.

819266v.1