UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL. | * | NO. 05-4181 |
| VERSUS | * | SECTION "K" |
| THE UNITED STATES OF AMERICA, ET AL. | * | MAGISTRATE "2" |

**PLAINTIFFS' THIRD SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO
THE GOVERNMENT'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Assuming the undersigned is correct in asserting that his October 12, 2005 handwritten and hand-delivered Freedom of Information Act request, with attachments, to the United States Army Corps of Engineers was sufficiently specific enough to put the COE on notice of the plaintiffs' claims against them, then the date so "magical" to the U.S. Department of Justice, i.e., 6 months following the submission of administrative claims without disposition by the agency writing is fast-approaching. Indeed, that magical date is but 12 short days away!

However, even if the undersigned counsel is wrong in asserting that his FOIA request, with attachments, was the "functional equivalent" of properly perfected administrative claims, the Government's Motion to Dismiss should still be denied by

-1-

This Honorable Court because the U.S. Army Corps of Engineers has, in essence, already denied plaintiffs' claims in writing by certified mail. 28 U.S.C. §2675.

Even before receipt of the Government's Motion to Dismiss plaintiffs' claims for lack of subject matter jurisdiction (Record Document No. 97), which was filed on February 14, 2006, the undersigned attempted to perfect administrative claims, first on his own behalf, on January 10, 2006, and later on his sister's behalf, on January 20, 2006. On January 20th the undersigned also amended his own administrative claim in addition to submitting his sister's claim. At the time, the undersigned was proceeding in an abundance of caution, because he was mindful of criminal sanctions which can be imposed for the submission of claims which are proven to be "false".

By mid-February, however, after being "bombarded" with more and more paper from the Government and other parties, in this and in other litigation pending in the United States District Court for the Eastern District of Louisiana, the undersigned came to the conclusion that he could "throw caution to the wind" and not break the law or subject himself to criminal prosecution.[1] Accordingly, on February 17, 2006, the attached letter marked for identification as Exhibit No. 1, was sent to the U.S. Army Corps of Engineers.[2] That letter attempted to do what a certain body of law arguably requires in order to perfect administrative claims against the Government as a prerequisite to filing suit under the FTCA.

Nothing was heard from the COE, at least until March 28, 2006.

---

[1] Although one supposes that in the criminal milieu, the U.S. Government can prosecute anybody they want to prosecute, for anything, much like civil litigants can sue "anybody for anything".
[2] Pages 2 through 15, listing the names of individuals on whose behalf claims were being submitted, have been omitted for the sake of brevity.

On March 28, 2006, the attached letter, marked for identification as Exhibit No. 2, namely a certified return-receipt-requested letter dated March 22, 2006 from Randall C. Merchant, Esq., Assistant District Counsel of the COE's New Orleans District, and addressed to the undersigned was received. Incredibly, notwithstanding this and other litigation which has been instituted against the United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers, in This Honorable Court, and notwithstanding the submission of written claims in several different formats, Mr. Merchant's letter advised:

> "None of the individuals named in your letters has submitted valid FTCA tort claims. . ."

Mr. Merchant's letter goes on to state, "Your clients have not filed a valid FTCA administrative claim until they each provide the above requested information within two years from the date of the incident giving rise to their alleged claims." The "requested information" included the following:

> "Proof that you legally represent each individual listed as a claimant".
>
> "Appropriate testamentary letters".
>
> "Adequate information that would allow us to thoroughly investigate their alleged claims".

Although no disrespect is intended towards Mr. Merchant, he must have been living on the moon since August 29, 2006 if he or his principals require further explanation for why residents and former residents of the Greater New Orleans Metropolitan Area have the U.S. Army Corps of Engineers in their sights. In short, it should be painfully obvious to the Court that the Government and its agency not only read the FTC as requiring that administrative claims should be filed, but they also reserve

-3-

the right to critique each claim-presentation and dictate what they want included in each claim before they will acknowledge that the claim has any legal effect on the ticking-of-the-clock!

This is balderdash.

On the same date Mr. Merchant's letter was received, March 28, 2006, the undersigned transmitted the following facsimile to Mr. Merchant, with a copy to the DOJ Attorney representing the Government, Ms. Finnegan:

> Dear Randy:
>
> This acknowledges receipt of your certified letter of March 22nd, which was received today, 6 days after posting. So much for the efficiency of the U.S. Postal Service. Please don't take it personally, but my clients and I view your letter as insulting. Does the U.S. Army Corps of Engineers really believe that I would risk criminal prosecution by representing to you that I have authority to speak on behalf of people who have not authorized me to do so, either directly or through a duly-authorized family representative? Ask me anything you or the COE might want to know about any claimant, and I will respond to your request(s) for additional information in due course. In the meantime, my clients and I are treating your letter as constituting formal denial of our claims by the Corps of Engineers, and we intend to so inform Judge Duval.
>
> Yours very truly,
>
> Ashton R. O'Dwyer, Jr., on his own behalf and as Agent for, Attorney-in-Fact and Legal Representative of the previously identified I Individual Claimants
>
> AROD/vtb
> cc:   Ms. Tess Finnegan (via facsimile)

A copy of that facsimile is appended hereto and marked as Exhibit No. 3.

-4-

Plaintiffs respectfully submit that the Court should also look upon Mr. Merchant's letter as insulting to innocent plaintiffs and their counsel, and to call the letter what it really is: "A DENIAL IN WRITING BY CERTIFIED MAIL OF PLAINTIFFS' CLAIMS AGAINST THE USA THROUGH ITS AGENCY THE COE." 28 U.S.C. §2675. If the Court agrees, then plaintiffs will immediately refile a new lawsuit in order to "cure" any technical defect(s). However, in the meantime, plaintiffs respectfully submit that the Government's Motion to Dismiss should be denied.

## CONCLUSION

Plaintiffs have one more challenge for the Government: In arguably related cases, namely Greer (C.A. No. 05-5709), Tauzin (C.A. No. 06-0020) and Dahlgren (C.A. No. 06-0188), the Government attached to its Motion to Dismiss affidavits from Ms. Angela Jean Drinkwitz, a Paralegal in the local COE office, who has responsibility for logging administrative claims into the Claim Management System for the U.S. Army Claims Service in Ft. Meade, Md., for assignment of claim numbers. Plaintiffs challenge the Government to produce Ms. Drinkwitz for a deposition in which she can be cross-examined under oath and asked if any of her colleagues, including Randy D. Florent, Deputy District Counsel for the COE, to whom the undersigned's October 12, 2005 FOIA request, with attachments was addressed, or Mr. Merchant, provided her with a copy of plaintiffs' FOIA request of October 12, 2005, and/or copies of the Complaints which were appended thereto, and when she received the very first claim number(s) for the O'Dwyer (C.A. No. 05-4181) and/or the Parfait (C.A. No. 05-4237) litigations.

One last point: Whatever happened to the "government of the people, by the people, <u>for the people</u>"?[3] (emphasis supplied).

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person**
**Bar No. 10166**
**One Canal Place**
**365 Canal Street**
**Suite 2670**
**New Orleans, LA 70130**
**Tel. (504) 561-6561**
**Fax. (504) 561-6560**

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading has been served upon all counsel of record via facsimile, this 31st day of March, 2006.

_____

---

[3] With apologies to President Abraham Lincoln.