UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

MAUREEN O'DWYER, ET AL.  *  NO. 05-4181

VERSUS  *  SECTION "K"

THE UNITED STATES OF  *  MAGISTRATE "2"
AMERICA, ET AL.

PLAINTIFFS' FOURTH SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO
THE GOVERNMENT'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Well, well, boys and girls: We are now only three (3) short business days away from the date so "magical" to our Almighty Federal Government and its Department of Justice: Wednesday, April 12, 2006. Wheeee . . .! Just 3 days!

Plaintiffs do not seek leave to file this Fourth Supplemental Memorandum in Opposition to the Government's Motion to Dismiss in order to tell the Court what the Court already knows. This memorandum is being filed to inform the Court that the "agency" which under-designed, under-built, failed to properly inspect and negligently maintained the levees and concrete retaining wall structures in the Greater New Orleans Metropolitan Area, namely the United States Army Corps of Engineers, continues (almost unbelievably) to "trifle" with plaintiffs and their sensibilities.

-1-

Appended to this memorandum and marked for identification as Exhibit No. 1 is the April 5, 2006[1] missive to the undersigned from Randall C. Merchant, Esq., Assistant District Counsel to the Department of the Army, New Orleans District, Corps of Engineers. The Court will recall that the Supreme Court, in <u>McNeil v. United States</u>, 508 U.S. 106, 113 S.Ct. 1980 (1993), the case so heavily relied on by the Government, explained that the administrative claim procedure enacted by Congress in 1966 as an amendment of the Federal Tort Claims Act, represented an "improvement" which would "not only benefit private litigants, but would also be beneficial to the Courts, the agencies, and the Department of Justice itself":

> This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. The agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that the claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive in time-consuming litigation. (Citations omitted).

However, Mr. Merchant's most recent letter makes abundantly clear that the agency whose employees' activities allegedly caused Plaintiffs' damages, the United States Army Corps of Engineers, could give a "hoot" about Plaintiffs' claims, and have actually "kicked" their claims to the U.S. Army Claims Service:

> This letter responds to your March 28, 2006, letter wherein you state that you are treating the Army Corps of Engineers' March 22, 2006, letter as a denial of your clients' claims. Please be advised that the Army's letter is a request for additional information regarding your clients' potential claims. Your clients' potential claims have not been denied because they have not been validly presented to the Army. <u>Further, this office does not have the authority to deny your clients' potential claims. That authority resides with the United State Army Claims Service, Fort George G. Meade, Maryland.</u> (emphasis supplied).

---

[1] The United States Postal Service is improving. This letter was delivered within two (2) days of posting, traveling the magnanimous distance of about 7 miles.

Thus, it should be crystal clear, that nothing which was considered by Congress, as interpreted by the Supreme Court, in connection with the 1966 amendments to the Federal Tort Claims Act, is being advanced by anything which is "happening" here in New Orleans, either at the administrative or judicial levels. In short, we have a situation where the "system", i.e., the peoples' own democratic government, has been turned "on its head" by Bureaucrats.

## CONCLUSION

In the last submission to the Court, viz., Plaintiffs Third Supplemental Memorandum in Opposition to the Government's Motion to Dismiss, Plaintiffs challenged the Government to produce Ms. Drinkwitz for deposition purposes. That challenge has not been met. But no hard feelings, Plaintiffs still have an "Easter Surprise" for the United States of America. Promise.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
Bar No. 10166
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. (504) 561-6561
Fax. (504) 561-6560**

-4-

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading has been served upon all counsel of record via facsimile, this 7th day of April, 2006.