UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| **PERTAINS TO:** | * | |
| **ALL LEVEE** | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |
| *   *   *   *   *   *   *   *   *   *   *   * | * | |

## SECOND REPLY MEMORANDUM BY BOH BROS. ON PEREMPTION

**MAY IT PLEASE THE COURT:**

In further support of its Motion to Dismiss, based on peremption, particularly involving the work previously done at the Industrial Canal (Inner Harbor Navigational Canal), Boh Bros. submits herewith (attached hereto as Exhibit "C") a document entitled "Performance Evaluation," along with a Certificate of Authenticity issued by the U. S. Army Corps of Engineers ("USACE").

As Your Honor can plainly see, the document itself, dated August 28, 2000, indicates in Item 10d, "Date Work Accepted," "25 May 00." There can be no other interpretation of that but that the USACE deemed the work completed and accepted by May 25, 2000, thus further

1

showing that Boh Bros. had completed all of its work by that date, well more than five (5) years before Hurricane Katrina.

This document confirms conclusively what Boh Bros. had already shown through its own documentation, through a third party, *i.e.*, the USACE, namely that the work was completed and accepted by the end of May, 2000, well more than five years before the storm.

Since the evidence pertinent to the peremption issue has now been submitted not only by Boh Bros., through its documentation, but now by the USACE as well, there is simply no need for any discovery on this issue. It would be meaningless, fruitless and wasteful for anyone to depose representatives of Boh Bros. or the USACE to simply reiterate what the documentation already shows. There is not a shred of evidence to suggest anything to the contrary than what the documentation submitted thus far shows, namely that the work was completed and accepted by the end of May, 2000.

For these reasons, and those submitted previously, the motion should be granted and all claims against Boh Bros. in these litigations should be dismissed on the basis of peremption.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

By:     /s/ *Charles B. Colvin*
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana  70170-3300
Telephone: (504) 581-3300
Facsimile:  (504) 581-3310
***Attorneys for Boh Bros. Construction Co., L.L.C.***

>Terrence L. Brennan (#32434)
>DEUTSCH, KERRIGAN & STILES, L.L.P.
>755 Magazine Street
>New Orleans, Louisiana 70130
>Telephone:  (504) 581-5141
>Facsimile:  (504) 566-1201
>***Attorneys for Boh Bros. Construction Co., L.L.C.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **21st** day of **July**, 2006, I electronically filed the foregoing Second Reply Memorandum of Boh Bros. on Peremption with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.

> */s/ Charles B. Colvin*