UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION NO: 05-4182 JUDGE DUVAL |
| PERTAINS TO: LEVEE GROUP CASE NO. 05-4181 (O'Dwyer) | * * * | MAG. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO THE CLASS ACTION COMPLAINT AS AMENDED THROUGH THE TWELFTH SUPPLEMENTAL AND AMENDING COMPLAINT IN CLASS ACTION LAWSUIT

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Class Action Complaint as amended through the Twelfth Supplemental and Amending Class Action Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINTS, AS AMENDED, B & K ASSERTS AS FOLLOWS:**

15.

The allegations of Paragraph I as amended requires no response by B&K.

16.

The allegations of Paragraph II as amended are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

17.

Concerning the allegations of Paragraph III as amended in the Twelfth Supplemental and Amending Complaint in a Class Action Lawsuit, B&K denies that it is a foreign corporation. B&K admits that it has done business within the territorial jurisdiction of this Court.

18.

Concerning the allegations of Paragraph IV as amended, B&K admits as stated in Paragraph 4 above that this Court has jurisdiction for the purpose of adjudicating B&K's "Government Contractor Defense." Other allegations of jurisdiction are denied.

19.

The allegations of Paragraph V as amended require no response from B&K.

20.

The allegations of Paragraphs VI and VII as amended require no response from B&K.

21.

To the extent the allegations in Paragraph VIII, Count 2 as amended pertain to allegations directed against B&K in connection with its work at the London Avenue Canal Floodwall, those allegations are denied.

22.

The allegations of Paragraph IX, Count 3, as amended require no response by B&K.

23.

The allegations of Paragraph X, Count 4, as amended require no response by B&K.

24.

The allegations of Paragraph XI, Count 5, as amended require no response by B&K.

25.

The allegations of Paragraph XII, Count 6, as amended require no response by B&K.

26.

The allegations of Paragraph XIII, Count 7, as amended require no response by B&K.

27.

The allegations of Paragraph XIV, Count 8, as amended require no response by B&K.

28.

The allegations of Paragraph XV, Count 9, as amended require no response by B&K.

29.

The allegations of Paragraph XV(a), Count 10, as amended require no response by B&K.

30.

The allegations of Paragraph XVI, as amended require no response by B&K.

31.

To the extent the allegations in Paragraph XVII, as amended pertain to allegations directed against B&K in connection with its work at the London Avenue Canal Floodwall, those allegations are denied.

32.

The allegations of Paragraph XVIII, as amended require no response by B&K.

33.

The allegations of Paragraph XIXX, as amended require no response by B&K.

34.

The allegations of Paragraph XIXXI, as amended require no response by B&K.

35.

The allegations of Paragraph XIXXII, as amended require no response by B&K.

36.

The allegations of Paragraph XIXXIII, as amended require no response by B&K.

37.

To the extent the allegations in Paragraph XIXXIV, as amended pertain to allegations directed against B&K in connection with its work at the London Avenue Canal Floodwall, those allegations are denied.

38.

The allegations of Paragraph XIXXV, as amended require no response by B&K.

**SEE FOLLOWING PAGE FOR SIGNATURE BLOCK**

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 25th day of July, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the counsel listed on the attached Exhibit "A".

_____
Betty F. Mullin

## EXHIBIT "A" - COUNSEL LIST

**William David Aaron, Jr**
waaron@goinsaaron.com
grandazzo@goinsaaron.com

**Thomas P. Anzelmo**
tanzelmo@mcsalaw.com
lkay@mcsalaw.com

**Daniel E. Becnel, Jr**
dbecnel@becnellaw.com
mmoreland@becnellaw.com

**Robert M. Becnel**
ROBBECNEL@AOL.COM

**Terrence L. Brennan**
tbrennan@dkslaw.com

**Joseph M. Bruno**
jbruno@brunobrunolaw.com
stephaniep@brunobrunolaw.com

**Traci L. Colquette**
Traci.ColQuette@usdoj.gov

**Thomas W. Darling**
tdarling@grhg.net
tigerthom@cox.net
firm@grhg.net
tl@grhg.net

**Erin E. Dearie**
dearie@bayoulaw.com
aadams@bayoulaw.com

**Joseph Vincent DiRosa, Jr**
jvdirosa@cityofno.com
jdavis@cityofno.com

**Walter C. Dumas**
wdumas@dumaslaw.com
tyoungblood@dumaslaw.com

**Catherine J. Finnegan**
tess.finnegan@usdoj.gov
catherine.corlies@usdoj.gov

**Thomas Francis Gardner**
gardner@bayoulaw.com
aadams@bayoulaw.com

**Thomas Livingston Gaudry, Jr**
tgaudry@grhg.net
dbreaux@grhg.net
firm@grhg.net

**Phyllis Esther Glazer**
glazerp@ag.state.la.us
pennm@ag.state.la.us
pearleyj@ag.state.la.us
kellerm@ag.state.la.us

**Joseph Pierre Guichet**
jguichet@lawla.com
aboyd@lawla.com

**Jim S. Hall**
jodi@jimshall.com

**Herman C. Hoffmann, Jr**
hhoffmann@spsr-law.com

**Ralph Shelton Hubbard, III**
rhubbard@lawla.com
ljackson@lawla.com

11

**Michael Courtney Keller**
kellerm@ag.state.la.us
pearleyj@ag.state.la.us
pennm@ag.state.la.us
babins@ag.state.la.us
philibertj@ag.state.la.us

**Hugh Palmer Lambert**
hlambert@lambertandnelson.com
alexis@lambertandnelson.com

**John M. Landis**
jlandis@stonepigman.com
pkrupicka@stonepigman.com

**Wade Antoine Langlois, III**
wlanglois@grhg.net
ptranchina@grhg.net

**Wayne J. Lee**
wlee@stonepigman.com
pwhite@stonepigman.com

**F. Gerald Maples**
federal@geraldmaples.com

**Ben Louis Mayeaux**
bmayeaux@ln-law.com
denisen@ln-law.com

**J. J. (Jerry) McKernan**
**Gerald A. Melchiode**
jmelchiode@gjtbs.com
mwilson@gjtbs.com

**Gerald Edward Meunier**
dmartin@gainsben.com
gmeunier@gainsben.com

**Kara K. Miller**
kara.k.miller@usdoj.gov
catherine.corlies@usdoj.gov

**Penya M. Moses-Fields**
pmfields@cityofno.com
majohnson@cityofno.com

**James Bryan Mullaly**
jamesmullaly1@hotmail.com

**Betty Finley Mullin**
bmullin@spsr-law.com
lynnz@spsr-law.com

**J. Wayne Mumphrey**
jwmumphrey@mumphreylaw.com
smitchell@mumphreylaw.com

**John Herr Musser, IV**
jmusser@bellsouth.net

**Ashton Robert O'Dwyer, Jr**
**James L. Pate**
arod@odwyerlaw.com
jpate@ln-law.com

**Ronnie Glynn Penton**
rgp@rgplaw.com
dischilling@rgplaw.com

**Michael R.C. Riess**
mriess@kingsmillriess.com

**David Scott Scalia**
DAVID@brunobrunolaw.com
jennifer@brunobrunolaw.com

**George R. Simno, III**
gsimno@swbno.org

**Todd Robert Slack**
tslack@gainsben.com

**Randall A. Smith**
rasmith3@bellsouth.net
mmzornes@bellsouth.net

**Robin D. Smith**
robin.doyle.smith@usdoj.gov
catherine.corlies@usdoj.gov

**Christopher Kent Tankersley**
ctankersley@burglass.com

**Sidney Donecio Torres, III**
storres@torres-law.com
rburns@torres-law.com
pmichon@torres-law.com

**William D. Treeby**
wtreeby@stonepigman.com

**Richard John Tyler**
rtyler@joneswalker.com
jcasella@joneswalker.com

**Jesse Lee Wimberly, III**
wimberly@nternet.com

N:\DATA\K\03409023\Consolidated Pleadings\Answer-O'Dwyer.wpd