

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 25  PM 4:10

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL.** | * | **CIVIL ACTION NO. 05-4182** |
| | * | |
| **Plaintiffs** | * | **SECTION "K"** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE DUVAL** |
| **BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL.** | * | |
| | * | **MAGISTRATE NO. 2** |
| **Defendants** | * | |
| | * | |
| **THIS  DOCUMENT RELATES TO:** | * | **MAGISTRATE WILKINSON** |
| | * | |
| **LEVEE: Kirsch, et al; Docket No. 05-6073** | * | |
| | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board

of Commissioners for the Orleans Levee District, and for answer to plaintiffs' Second

Amended Class Action Complaint respectfully represents:

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be

granted.

_____ Fee_____
_____ Process_____
__X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No_____

1

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against

2

defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred,

in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

### FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

### NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class)

4

have failed to plead their claims with requisite particularity.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class')

allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

## THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class')

claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTY FIRST DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph 1 require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

II.

The allegations of Paragraph 2 require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph 2 are denied.

III.

The allegations of Paragraph 3 (a) through (s) are admitted only to the extent that:

1)      Defendant is a political subdivision of the State of Louisiana; and

2)      Defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

The balance of Paragraph 3 (a) through (s) does not require an answer from this defendant.

### IV.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

### V.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

### VI.

Defendant admits it acted as a federal contractor at all material times; the balance of Paragraph 6 does not require an answer from this defendant.

### VII.

Defendant admits it acted as a federal contractor at all material times; the balance of Paragraph 7 does not require an answer from this defendant.

### VIII.

The allegations of Paragraph 8 require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

### IX.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 9 are denied for lack of sufficient information

to justify a belief therein.

X.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi  border, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

Except the admit the presence of flood waters in certain parts Orleans Parish on or about August 29, 2005, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 13 are denied as written.

XIV.

The allegations of Paragraph 14 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 14 is denied for lack of sufficient information to justify a belief therein.

XV.

Defendant admits the use of the I-wall design; the balance of Paragraph 15 is

denied for lack of sufficient information to justify a belief therein.

XVI.

Defendant admits the use of the I-wall design and concrete caps; the balance of Paragraph 16 relative to the exact height of the sections is denied for lack of sufficient information to justify a belief therein.

XVII.

Except to admit the use of the I-wall design, sheet piles, steel rods and concrete slabs, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph 19 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 19 is denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph 21 contain legal conclusions and require no answer

as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 21 are denied.

XXII.

The allegations of Paragraph 22 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 22 are denied.

XXIII.

The allegations of Paragraph 23 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 23 are denied.

XXIV.

The allegations of Paragraph 24 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 24 are denied.

XXV.

The allegations of Paragraph 25 contain legal conclusions and require no answer

as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 25 are denied.

XXVI.

The allegations of Paragraph 26 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 26 are denied.

XXVII.

The allegations of Paragraph 27 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 27 are denied.

XXVIII.

The allegations of Paragraph 28 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 28 are denied.

XXIX.

The allegations of Paragraph 29 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers

that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 29 are denied.

XXX.

The allegations of Paragraph 30, and each of its subparts (a) through (e), contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 30, and each of its subparts (a) through (e), are denied.

XXXI.

The allegations of Paragraph 31 contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 31 are denied.

XXXII.

The allegations of Paragraph 32, and each of its subparts (A) through (E), contain legal conclusions and require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 32, and each of its subparts (A) through (E), are denied.

XXXIII.

The allegations of Paragraph 33 are admitted.

XXXIV.

The allegations of Paragraph 34 are denied as written.

XXXV.

Defendant denies the allegations of Paragraph 35 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 35 requires no answer from this defendant.

XXXVI.

Defendant denies the allegations of Paragraph 36(A)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(A)(1) requires no answer from this defendant.

XXXVII.

Defendant denies the allegations of Paragraph 36(A)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(A)(2) requires no answer from this defendant.

XXXVIII.

Defendant denies the allegations of Paragraph 36(A)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(A)(3) requires no answer from this defendant..

XXXIX.

Defendant denies the allegations of Paragraph 36(A)(4) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of

14

Paragraph 36(A)(4) requires no answer from this defendant..

## XL.

Defendant denies the allegations of Paragraph 36(A)(5) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(A)(5) requires no answer from this defendant.

## XLI.

Defendant denies the allegations of Paragraph 36(B)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(1) requires no answer from this defendant..

## XLII.

Defendant denies the allegations of Paragraph 36(B)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(2) requires no answer from this defendant..

## XLIII.

Defendant denies the allegations of Paragraph 36(B)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(3) requires no answer from this defendant.

## XLIV.

Defendant denies the allegations of Paragraph 36(B)(4) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(4) requires no answer from this defendant.

XLV.

Defendant denies the allegations of Paragraph 36(B)(5) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(5) requires no answer from this defendant.

XLVI.

Defendant denies the allegations of Paragraph 36(B)(6) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(B)(6) requires no answer from this defendant.

XLVII.

Defendant denies the allegations of Paragraph 36(C)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(C)(1) is denied for lack of sufficient information to justify a belief therein.

XLVIII.

Defendant denies the allegations of Paragraph 36(C)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(C)(2) requires no answer from this defendant.

XLIX.

Defendant denies the allegations of Paragraph 36(C)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(C)(3) requires no answer from this defendant.

L.

The allegations of Paragraph 36(D)(1) are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes. The balance of Paragraph 36(D)(1) is denied as written.

LI.

The allegations of Paragraph 36(D)(2) are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes. The balance of Paragraph 36(D)(2) is denied as written insofar as the 17th Street Canal also lies in Jefferson Parish.

LIII.

The allegations of Paragraph 36(D)(3) are denied as defendant had no duty to administer test(s) as stated therein.

LIV.

The allegations of Paragraph 36(D)(4) are denied as defendant had no duty to ensure proper construction, maintenance and design of the levees and floodwalls as stated therein.

LIII.

The allegations of Paragraph 36(D)(5) are denied as defendant had no duty to ensure proper construction, maintenance and design of the levees and floodwalls as stated

17

therein; the balance of Paragraph 36(D)(5) contains legal conclusions which require no answer.

LIV.

Defendant admits the occurrence of an accident involving a New Orleans Public Belt Railroad train derailment on September 11, 2004.

LV.

Except to admit that Floodgate W30 is within the jurisdiction of the Orleans Levee District, defendant denies the allegations of Paragraph 36(D)(7), as defendant maintains and operates flood control structures in accordance with specific contractual and instructions from the United States Government, as well as state and federal regulations and statutes.

LVI.

The allegations of Paragraph 36(D)(8) are admitted.

LVII.

Defendant admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96.

LVIII.

The allegations of Paragraph 36(D)(10) are denied.

LIX.

The allegations of Paragraph 36(D)(11) are denied.

18

## LX.

The allegations of Paragraph 36(E)(1) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

## LXI.

The allegations of Paragraph 36(E)(2) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

## LXII.

Defendant denies the allegations of Paragraph 36(E)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 36(E)(3) requires no answer from this defendant.

## LXIII.

The allegations of Paragraph 36(F)(1) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

## LXIV.

The allegations of Paragraph 36(F)(2) contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations of Paragraph 36(F)(3) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(F)(3) requires no answer from this defendant.

LXVI.

The allegations of Paragraph 36(F)(4) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(F)(4) requires no answer from this defendant.

LXVII.

The allegations of Paragraph 36(G)(1) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(G)(1) requires no answer from this defendant.

LXVIII.

The allegations of Paragraph 36(G)(2) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(G)(2) requires no answer from this defendant.

LXIX.

The allegations of Paragraph 36(G)(3) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(G)(3 )requires no answer from this defendant.

LXX.

The allegations of Paragraph 36(G)(4) are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 36(G)(4) requires no answer from this defendant.

LXXI.

The allegations of Paragraph 37 are denied to the extent they state or imply any fault, negligence, or liability on the part of this defendant.  Defendant also denies the application of the doctrine of *res ipsa loquitor*.

LXXII.

The allegations of Paragraph 38 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

LXXIII.

The allegations of Paragraph 39 require no answer from this defendant; to the extent an answer may be deemed necessary, the allegations are admitted.

LXXIV.

Defendant denies the introductory paragraph and prayer of plaintiffs' Second Amended Class Action Complaint.

LXXV.

Defendant denies the balance of plaintiffs' Second Amended Class Action Complaint unless specifically admitted herein.

21

LXXVI.

Defendant reasserts and reavers each and every answer and affirmative defense of its original Answer as if plead *in extensio* herein.

LXXVII.

Defendant is entitled to a trial by jury on all issues herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and/or placing same in the U.S. Mail, postage prepaid and properly addressed this _25th_ day of July, 2006.

23