UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| SUSAN AND WILLIAM | * | CASE NO. 06-3529 |
| LAURENDINE, ET AL., | * | |
| PLAINTIFFS | * | SECTION: K (2) |
| VERSUS | * | |
| | * | |
| THE BOARD OF COMMISSIONERS FOR | * | |
| THE ORLEANS LEVEE DISTRICT, | * | |
| PARISH OF ORLEANS, ET AL., | * | |
| DEFENDANTS | * | |

## MOTION  AND INCORPORATED MEMORANDUM TO REMAND

NOW INTO COURT, through undersigned counsel, come plaintiffs, Robert Harvey, et

al., who move this Honorable Court to, ONCE AGAIN, remand the above captioned matter back

to the Civil District Court for the Parish of Orleans, for the grounds set forth below:

1.

On May 31, 2006, after having the plaintiffs' motion to remand under advisement for

some time, this Honorable Court carefully evaluated the facts, the law, and the arguments of

counsel. The Court granted the plaintiffs' motion to remand to state court, finding correctly, that

the plaintiffs in the above captioned suit, unlike any other suit pending before it in the

consolidated matters, named only a single defendant, which was and is a State of Louisiana

defendant. The Court further found that the plaintiffs' petition made only state law claims and

allegations. Each of those findings made certain that this Honorable Court had no jurisdiction

over the above captioned matter, unlike all of the other cases, which all named multiple

defendants from multiple states, and made allegations which raised federal questions.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

2.

Subsequent to the motion to remand being granted, plaintiffs have amended their petition to substitute certain Louisiana residents for other Louisiana residents, and adding two other Louisiana defendants.  All claims are state law claims and allegations, just as before.  No federal questions have been raised.  No diverse defendants have been joined.  Therefore, nothing has changed with respect to this Honorable Court's jurisdiction in the above captioned matter.

3.

Nevertheless, defendant, Orleans Levee District (hereinafter referred to as, "OLD") has again filed a motion to remove the matter to this Honorable Court, first, erroneously representing to the Court that the plaintiffs' amendments have made new allegations that were not made in the original petition, and then complaining that plaintiffs have deleted certain allegations, thereby somehow raising federal jurisdiction that did not exist before.

4.

A clear reading of the pleadings, both filed originally in case number 05-4568, and in the amendments to plaintiffs' petition filed in Civil District Court,  which is attached to the defendant's notice of removal, shows that there are no new allegations that create federal jurisdiction in this matter, and there are no deletions of allegations of claims that create federal jurisdiction in this matter.  With are without the amendments, there are no federal claims or questions raised, and there are no diverse or non-Louisiana defendants or plaintiffs named in the plaintiffs' suit.

2

5.

The matter is ***res judicata***, having already been ruled upon by this Honorable Court, after long and considered review in a well thought out, well reasoned, **15 page opinion** by the Honorable Stanwood Duval, on May 31, 2006, in case number 05-4182, *Berthelot v. Boh Brothers Construction Co.,* the lead case into which case number 05-4568, *Harvey v. Board of Commissioners for the Orleans Levee District,* was temporarily consolidated with.

6.

The defendant's removal petition is completely and solely a delay tactic, which is sanctionable, and this Honorable Court should award sanctions to plaintiffs, including at a bare minimum, attorney's fees and costs, for the filing of a frivolous removal petition, which had just been remanded by this Honorable Court, less than a month and one half ago.

7.

In its Order and Reasons for Remand, this Honorable Court specifically acknowledged the plaintiffs' original allegations to include negligence in designing and installing flood walls, failing to properly test the flood walls, and failing to interlock the flood walls and/or place a top railing or similar system to bind the walls together.  (See page 8 of document 36, case number 2:05-cv-04568-SRD-JCW, filed 6/2/06).

8.

None of the allegations in plaintiffs' amendments "contradict" this Court's findings in its ruling on plaintiffs' motion to remand, as frivolously claimed by the removing defendant herein.

9.

Every other case consolidated in this Honorable Court joined many diverse defendants. Your plaintiffs in this second motion to remand are the only lawsuit to plead against only Louisiana defendants. Contrary to the removing defendant's baseless claim, plaintiffs amended petition in no way "mirrors the allegations" of the suits which are consolidated before this Court.

10.

Thereafter, the defendant's removal simply reiterates the identical arguments that it made to Judge Duval in opposition to plaintiffs' motion to remand, which were thoroughly considered, addressed, and rejected by Judge Duval.

11.

Defendant's claim about Eustis Engineering, NOT a party to plaintiffs' suit, is NOT evidence. Furthermore, there is no evidentiary issue before this Honorable Court on plaintiffs' motion to remand.

12.

Defendant ends by reiterating its original argument that the Corps of Engineers is a

4

necessary party, yet defendant continues to refrain from joining the Corps as a third-party defendant. Judge Duval considered that argument in ruling upon plaintiffs' original motion to remand very recently.

13.

Plaintiffs amended their suit in state court against the Board of Commissioners for the Orleans Levee District, the Sewerage and Water of New Orleans, and the Louisiana Department of Transportation and Development (hereinafter "defendants"), raising solely state law allegations of negligence, solely against non-federal defendants.

14.

Neither the Orleans Levee District, Sewerage and Water Board of New Orleans, nor the Department of Transportation and Development, is a branch, nor under the authority of U.S. Corps of Engineers, and the U.S. Corps of Engineers has not been sued herein.

15.

There is no federal question involved in the above captioned matter, nor are any of the defendants a "federal officer" either pursuant to federal statute or applicable jurisprudence and case law.

16.

This Honorable Court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1331, 28 U.S.C. 1442, or any other federal statute or basis for federal jurisdiction.

5

17.

The removing defendants herein were not acting under an officer of the United States or an Agency thereof.  There is no causal connection between the charged conduct and the asserted official authority.  The removing defendants do not have a colorable defense under federal law.

18.

In *Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La.)*, the Honorable District Judge Porteous addressed the *Lalonde* decision relied upon by the defendants, as well as 28 U.S.C. 1442(a)(1).  Judge Porteous found that the defendants failed to establish a casual connection between the U.S. Navy's direction pursuant to contracts with the defendants, and the plaintiffs' claims due to the absence of "express contractual government specifications......" *Mouton, id., at *3*.

19.

There is neither evidence nor allegations shown by the removing defendant to show "express contractual government specifications" that relate to complainants allegations in the above captioned suit.

20.

The Orleans Levee District is defined by La. R.S. 38:281 as a political subdivision "organized for the purpose and charged with the duty of constructing and maintaining levees, and all other things incidental thereto within its territorial limits."  It is not, was not, and is not defined as an entity "created for the purpose of coordinating and contracting with federal

6

agencies for the design, installation, and maintenance of flood control structures in Orleans Parish", as claimed by the removing defendants. Similarly, neither the Sewerage and Water Board of New Orleans, nor the State, Department of Transportation and Development, are defined as an entities "created for the purpose of coordinating and contracting with federal agencies for the design, installation, and maintenance of flood control structures in Orleans Parish"

21.

It is not any contracts between any of the defendants and the U.S. government, which define, determine, or affect the defendants' obligations to the complainants in the above captioned matter.

22.

Instead, the OLD's obligations to the complainants herein are governed by La. R.S. 38:281. In so doing, the OLD is NOT acting under the direction of an officer or agency of the United States. Similarly, both the SWB and DOTD's obligations to the complainants are governed by Louisiana State law. Neither of those local agencies are acting under the direction of an officer or agency of the United States.

23.

There is no casual connection between the defendants' alleged "federal duties" and the allegations contained in the complainants' petition herein. There is NO allegation seeking damages for the defendants' conduct "while acting under color of an officer or agency of the

United States", as alleged in defendant's removal petition.

24.

The defendant in the *Teague* case, cited by removing defendant herein, operated a dam **only** pursuant to the terms of a **license** that was procured directly from the federal government and provided that he was "at all times...subject to the control of the Secretary of War under such rules and regulations as he may prescribe in the interests of navigation and flood control...." *Teague*, 279 F.Supp. at 704. In marked contrast, the defendants named herein are NOT involved in a direct contract with the federal government to provide **specified products** and services to the government. Thus, the defendants herein, acted merely as a participant in a partially regulated area, a fact that does not provide a viable basis for removal under 28 U.S.C. 1442. *Jamison v. Purdue Pharma Co., 251 F.Supp.2d 1315 (S.D. Miss. **2003**); Guckin v. Nagle, 259 F.Supp.2d 406 (E.D. Penn. **2003**)*. (Emphasis added).

25.

The removing defendant has cited and can cite no authority for its proposition that the OLD is entitled to a "federal government contractor" defense. There is little danger of the defendants herein being held liable for innocent conduct. Accordingly, this Honorable Court may not expand the claimed sovereign immunity dramatically by extending it to the defendants herein. *Richardson v. McKnight, 521 **U.S.** 399, 117 **S.Ct.** 2100, 138 L.Ed.2d 540 (1997); United States v. Daniel, Mann, Johnson & Mendenhall, 355 F.Supp. 1140 (9th Cir. **2004**).*

26..

The fact that the OLD must comply additionally with certain federal regulations does not make its Louisiana State statutory duties to the public federal.

27.

In the *Boyle* case relied upon by the removing defendant, the defendant government contractors had supplied equipment to the United States **for military use.** Removing defendant has cited no case in which any exception to the Federal Tort Claim Act's **waiver** of sovereign immunity has been held to bar or preempt claims against a contractor other than situations in which a defense contractor has provided allegedly defective products. Further, *Boyle* involved claims involving complex equipment acquired by the Government in its procurement process, which inevitably implicates nuanced discretion and sophisticated judgments by military experts. *Boyle, 487 U.S. 511, 108 S.Ct. 2510 [FN 6].* Plaintiffs' claims in this case do not involve any allegation that defendants supplied equipment, defective or otherwise, to the United States military. Therefore, the extension of the government contractor defense beyond its current boundaries is unwarranted. *Fisher v. Halliburton, 2005 WL 1562411 (S.D. Tex.).*

28.

Federal law does NOT displace state tort law when the matter at issue does not involve a **uniquely** federal interest. Federal law does NOT displace state tort law when there is no **significant conflict** between federal interest or policy, and the operation of state law. *Adams v.*

*Alliant Techsystems, Inc., 201 F.Supp.2d 700 (W.D. Va. 2002).* (Emphasis added).

29.

The burden of proof for establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1998).* If the right to remove is doubtful, the case should be remanded. *Butler v. Polk, 592 F.2d 1293,1296 (5th Cir. 1979).* (Especially when the Court has already heard the identical arguments in the identical case and remanded it to state court).

30.

There were no **daily** inspections of the defendants' work or lack thereof by the U.S. Corps of Engineers in this case, unlike the *Miles* case relied upon by the removing defendant. In *Miles*, the federal contractor, James Construction Group undisputedly acted under the direction of the Corps of Engineers, and more particularly chief engineer for the project in question, Timothy Roth of the Corps of Engineers. In *Miles*, the Corps of Engineers performed **daily** inspections to insure that the contracted work was being performed in compliance with the specifications of the Corps. Before performing **each stage** of the work, James had to submit proposed construction methods and items of equipment to be used, which had to each be approved by the Corps. Chief Engineer, Timothy Roth of the Corps, sent a letter to the James superintendent, informing him that James work was accepted in compliance with the **Project plans** and **specifications.** *Miles at 2004 WL 1794527 (E.D.La.) at *2, paragraph 2.* No such evidence exists in the above captioned matter.

10

31.

In the interest of avoiding unintended encroachment on the authority of States, a court interpreting a federal statute pertaining to subjects traditionally governed by state law, must be reluctant to find federal preemption. U.S.C.A. Const. Art. 6, cl. 2.; *Myrick v. Freuhauf Corporation, 13 F.3d 1516 (11th Cir. 1994)*.

32.

OLD's attempts to circumvent the "well-pleaded complaint" doctrine are without merit; a federal defense to a state law claim does not create removal jurisdiction, and a state law claim is in essence all that is present in this petition. *(Harvey v. Bd. of Commissioners of the Orleans Levee District*, 2:05-cv-04568-SRD-JCW, Document 36, filed 6/2/06 in this Honorable Court.)

33.

The mere fact that OLD has the duty to maintain, does not, *a fortiori* mandate a finding of federal jurisdiction. *(Harvey v. Bd. of Commissioners of the Orleans Levee District*, 2:05-cv-04568-SRD-JCW, Document 36, filed 6/2/06 in this Honorable Court.)

34.

To exercise jurisdiction over this case would disturb the balance of federal and state judicial responsibilities. The claims raised in the context of state law; if that is pre-empted as OLD contends, a state court shall so find. That alleged pre-emption does not create jurisdiction.

This conflict is between citizens of the State of Louisiana and state political subdivisions. There is no overreaching federal concern, as this case is brought making the need for a federal forum to decide the matter of little importance and would upset the balance of federal-state division of responsibilities. *(Harvey v. Bd. of Commissioners of the Orleans Levee District*, 2:05-cv-04568-SRD-JCW, Document 36, filed 6/2/06 in this Honorable Court.)

35.

Federal preemption of state law does not lie unless it is the clear and manifest purpose of Congress. U.S.C.A. Const. Art. 6, cl. 2; *Myrick v. Freuhauf Corporation, 13 F.3d 1516 (11th Cir. 1994).*

36.

The presumption exists that the only state action that is preempted by federal statute is that which Congress has clearly indicated is to be preempted. U.S.C.A. Const. Art. 6, cl. 2; *Myrick v. Freuhauf Corporation, 13 F.3d 1516 (11th Cir. 1994).*

37.

There is no federal question jurisdiction pursuant to 28 U.S.C. 1331 or pursuant to the Federal Tort Claims Act. A motion to remove cannot be based upon suggested "implications" that a non-named entity has been "implicated." The plaintiffs' allegations speak for themselves. The finder of fact need only make a factual determination as to the validity of the allegations in the plaintiffs' petition. For some reason, the OLD has neglected to third party the Corps of

Engineers as a defendant, despite its claim that they are "necessarily implicated" herein.  If the OLD were to third party the Corps of Engineers, then this Honorable Court would have a decision to make as to the validity of the third party claims.  As it stands now, the pleadings that exist do not warrant federal question jurisdiction.

38.

The plaintiffs in 1962 *Everitt v. U.S.* decision relied upon by the removing defendant, brought their suit expressly under the Federal Tort Claims Act, 28 U.S.C.A. 1346(b), et seq., in federal court.  The United States was the only defendant in *Everitt.*  Further, it was undisputed in *Everitt* that the U.S. Corps of Engineers was solely responsible for maintaining the intercoastal canal running through Aransas Bay, where a shrimp boat hit pilings there.  The **evidence** also showed in *Everitt* that the Corps of Engineers has notice that other barges had hit the same pilings.  Finally, the **evidence showed** that the Corps of Engineers had even put out notices warning of the danger.  *Everitt, at 204 F.Supp. 21-22.*

39.

The *"Drawhorn"* case relied upon by the removing defendant, at "121 F.Supp. 561 (E.D. Tex. 1954)", has absolutely nothing to do with the Federal Tort Claims Act.  The cited case was an action by a school district for alleged delinquent advalorem taxes on realty.   15 U.S.C.A. 607 was the only federal statute at issue.  The holding was simply that the school district could tax only real property of the defendant, corporation, and could not tax personal property.  121

13

F.Supp. 561, 565.

40.

Similarly, the *Grable* case relied upon by the removing defendant is also inapplicable.
First, unlike the plaintiffs in *Grable,* the Harvey plaintiffs herein do not allege any fault on the
part of the U.S. Corps of Engineers. In *Grable*, the plaintiffs alleged that the United States
Internal Revenue Service failed to give *Grable* adequate notice of a tax sale. The plaintiffs'
allegations herein simply do not "necessarily raise federal issues."

41.

There is no "implied" preemption in the law. *Myrick v. Freuhauf Corporation, 13 F.3d
1516 (11th Cir. 1994).* Further, there is no general, inherent conflict between the alleged federal
*preemption and the state law damage action at issue herein.* Therefore, even under the *Cipollone*
case relied upon by the removing defendant, there is no federal question jurisdiction. *Myrick, id.,
at 1529, citing Cipollone at 112 S.Ct. at 2618.*

42.

Absent **evidence** that the OLD was acting pursuant to federal direction in neglecting their
duties as alleged in the plaintiffs' petition herein, removal was inappropriate in the above
captioned matter. *Transitional Hospitals Corporation of Louisiana, Inc. v. Louisiana Health
Service & Indemnity Company, 2002 WL 1768893 (E.D.La.*).

14

43.

A simple reading of the plaintiffs' claims herein refutes the removing defendant's claim that the Corps of Engineers is a necessary party herein. If that were true, then the OLD certainly would have third partied the Corps into this suit. In addition, the removing defendant failed to cite a single case to support that proposition.

WHEREFORE, plaintiffs, Susan Laurendine, et al., move this Honorable Court to ONCE AGAIN REMAND the above captioned matter to the Civil District Court for the Parish of Orleans, where it was properly filed, and where it properly belongs, and further to award sanctions, including but not limited to attorney's fees and court costs.

Respectfully submitted,

DARLEEN M. JACOBS, bar # 7208
AL A. SARRAT, bar # 19776
JACOBS & SARRAT
823 ST. LOUIS STREET
NEW ORLEANS, LOUISIANA 70112
(504) 522-3287 & 522-0155

Attorneys for Plaintiffs,
SUSAN LAURENDINE, ET AL.

15

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this *13* day of *Feb*, 2006.

JACOBS & SARRAT