

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>No. 05-4182 "K" (2) |
| PERTAINS TO:<br>LEVEE (2:06-cv-02287) | * * * * | JUDGE DUVAL<br><br>MAG. WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER
### TO PLAINTIFFS' CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), which, for its Answer to the Class Action Complaint for Damages (the "Complaint") filed by Plaintiffs June F. Sanchez, Cyril Neville, Gaynielle Neville and Lisa Bousqueto, purportedly for themselves and all others similarly situated, (collectively, the "Plaintiffs"), respectfully responds to the particular paragraphs of the Complaint as follows:

1.

Paragraph 1 contains no factual allegations directed at St. Paul or any other party, but only identifies the nature of the suit that Plaintiffs seek to bring. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed

```
____ Fee_____
____ Process_____
 X   Dktd_____
____ CtRmDep____
____ Doc. No_____
```

necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

2.

The assertions in Paragraph 2 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted herein.

3.

Sub-parts a. through m. and sub-parts o. through p. of Paragraph 3 are not directed at St. Paul and, therefore, no response from St. Paul is required. To the extent a response from St. Paul to these sub-parts may be deemed necessary, St. Paul denies the allegations in sub-parts a. through m. and sub-parts o. through p. for lack of sufficient information to justify a belief therein. In response to sub-part n. of Paragraph 3, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein; that it is a foreign insurer authorized to do and doing business in the State of Louisiana; and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy NO. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.

4.

To the extent the allegations in Paragraph 4 are directed at other defendants, St. Paul denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in this paragraph are directed at St. Paul, they are admitted.

5.

In response to Paragraph 5, St. Paul admits that the Plaintiffs allege damages in excess of $75,000 exclusive of interest and court costs as to themselves and each proposed class member, but denies for lack of sufficient information to justify a belief as to the truth of the matters asserted therein the merits of this allegation.

6.

The assertions in Paragraph 6 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under federal question jurisdiction and/or the Class Action Fairness Act.

7.

The assertions in Paragraph 7 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under federal question jurisdiction and/or the Class Action Fairness Act.

8.

The assertions in Paragraph 8 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

9.

Paragraph 9 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the

assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

Paragraph 10 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

11.

St. Paul denies the allegations in Paragraph 11 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

12.

St. Paul denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

St. Paul denies the allegations in Paragraph 13 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

St. Paul denies the allegations in Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

St. Paul denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

St. Paul denies the allegations in Paragraph 16 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

St. Paul denies the allegations in Paragraph 17 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

St. Paul denies the allegations in Paragraph 18 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

St. Paul denies the allegations in Paragraph 19 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

Paragraph 20 contains no factual allegations directed at St. Paul or any other party, but only identifies the nature of the suit that Plaintiffs seek to bring as a class action. Consequently, this paragraph requires no response from St. Paul.

21.

The assertions in Paragraph 21 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

The assertions in Paragraph 22 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

The assertions in Paragraph 23 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

24.

The assertions in Paragraph 24 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

25.

The assertions in Paragraph 25 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

26.

The assertions in Paragraph 26 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions

in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

27.

Paragraph 27 contains no factual allegations directed at St. Paul or any other party, but only identifies the nature of the suit that Plaintiffs seek to bring as a class action. Consequently, this paragraph requires no response from St. Paul.

28.

The assertions in Paragraph 28 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

29.

Paragraph 29 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

30.

The assertions in Paragraph 30 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

31.

The assertions in Paragraph 31 and sub-paragraphs A. through E. constitute legal conclusions to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph and all sub-paragraphs therein for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

32.

To the extent the allegations in Paragraph 32 are directed at other defendants, St. Paul denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in this paragraph are directed at St. Paul and/or St. Paul's alleged insured, they are denied.

33.

Sub-paragraphs A. through C. and sub-paragraph E. through F. of Paragraph 31 are not directed at St. Paul or St. Paul's alleged insured, and, therefore, no response from St. Paul is required. To the extent a response from St. Paul to these sub-paragraphs may be deemed necessary, St. Paul denies the allegations in sub-paragraphs A. through C. and sub-paragraphs E. through F. for lack of sufficient information to justify a belief therein. In response to sub-paragraph D. of Paragraph 33, including sub-parts 1 through 11, St. Paul denies the allegations therein.

34.

To the extent the allegations in Paragraph 34 are directed at other defendants, St. Paul denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the allegations in this paragraph are directed at St. Paul and/or St. Paul's alleged insured, they are denied.

35.

The assertions in Paragraph 35 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

36.

Paragraph 36 contains no factual allegations directed at St. Paul, but only a request for jury trial. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph.

37.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW**, in further answer to the Complaint, St. Paul asserts the following defenses:

**FIRST DEFENSE**

The Petition fails to state a claim against St. Paul upon which relief may be granted.

**SECOND DEFENSE**

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners for the Orleans Levee District and/or The New Orleans Levee District in its Answer (and/or any supplement thereto) to the Plaintiffs' Petition to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

## SIXTH DEFENSE

If the Policy provides any primary insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form. None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

### SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties upon against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policy.

### EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policy.

### NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Policy.

### TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Policy is legally obligated to pay as damages for covered property damage that happened while the Policy was in effect and that was caused by an event.

### ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Impaired property" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policy.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution work loss, cost or expense" exclusion in the Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Mold or other fungi" exclusion in the Policy.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

## SEVENTEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit," and "Each event limit" provisions in the Policy.

## EIGHTEENTH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

## NINETEENTH DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## TWENTIETH DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by pre-existing conditions over which the insured under the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Complaints.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained or increased the hazard thereof.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Petition were in violation of public policy or law.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-EIGHTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

## TWENTY-NINTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

## THIRTIETH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

## THIRTY-SECOND DEFENSE

The Complaints fail to state a cause of action against St. Paul for attorney's fees.

## THIRTY-THIRD DEFENSE

The Complaints are vague in that they do not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St.

Paul has in response to the Complaints. St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Complaints once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____
RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via email and/or U.S. mail, postage prepaid, this 28th day of July, 2006.

_____