

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -2 P 3:51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| PERTAINS TO: INSURANCE *Vanderbrook*, No. 05-6323 | * * | MAGISTRATE JUDGE: JOSEPH C. WILKINSON, JR. |

## HARTFORD'S SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE 12 MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Defendant Hartford Insurance Company of the Midwest ("Hartford"), incorrectly named as Hartford Insurance Company, files this Supplemental Reply Memorandum in Further Support of Its Rule 12 Motion to Dismiss,[1] and for cause would show that based solely on the pleadings, Plaintiff Jack Capella as the Executor of the Succession of Lillian Capella (the "Capella Estate") cannot recover on its claims against Hartford as a matter of law.[2]

The Capella Estate seeks policy proceeds for damage to the insured residence that resulted from "water intrusion, caused simply from a broken levee wall." All of Plaintiff's damage claims are attributed to the entry of floodwaters into the home. The Hartford policy at

---

[1] Hartford raised the Rule 12(b)(6) motion as its first defense set forth at ¶12 to Defendant Hartford's Original Answer.

[2] The only individual Plaintiff who alleges claims against Hartford is the Capella Estate. This supplemental reply memorandum is addressed to the Capella Estate claims, but it is clear that when these particular claims fail there are no remaining claims against Hartford and Hartford is entitled to a complete dismissal.

1



issue in this lawsuit clearly excludes coverage for loss caused by Water Damage, meaning "flood, surface water, . . . overflow of a body of water . . . whether or not driven by wind."[3]

Separate and apart from the exclusion for Water Damage however, the claims asserted by Plaintiff are independently excepted from coverage by the Hartford policy through its Amendatory Endorsement Specifically Excepted Perils (the "H-380 Endorsement").[4] This endorsement explicitly excepts from coverage any damage directly or indirectly caused by:

- negligent "design, specifications, workmanship, repair, construction" or "maintenance" of "levees, dams or other facilities;"[5] or

- "collapse, cracking or shifting" of structures or facilities that occurs during earth movement or flood conditions, including any "release of water held by a dam, levy or dyke or by a water control device."[6]

Before the Court are two opposition briefs, one filed by Plaintiffs (Doc. 776) and another filed by an Amicus group (Doc. 772). Neither brief offers any argument or authority against application of the H-380 Endorsement to preclude coverage for the claims asserted by the Capella Estate. The H-380 Endorsement is not mentioned in Plaintiffs' Opposition. The Amicus brief mentions the endorsement in furtherance of an unsupported and poorly conceived argument against the Water Damage exclusions in the various policies, but fails to even articulate a reason why this endorsement does not preclude coverage for the Capella Estate as a matter of law. Amicus Brief at 10-11.

---

[3] App. to Consolidated Memorandum at INS 056. Hartford adopts the Consolidated Reply Memorandum filed by the Insurer Defendants in connection with their various Rule 12 motions and incorporates that pleading here as though fully set forth. Plaintiff's claims are unambiguously excluded in the main body of the Hartford policy and Plaintiff's claims should be dismissed for the reasons set forth in the Consolidated Reply Memorandum.
[4] App. to Consolidated Memorandum at INS 074-075.
[5] App. to Consolidated Memorandum at INS 074.
[6] App. to Consolidated Memorandum at INS 074-075.

The Amicus brief also offers no authority for its argument that including a definition of the term "flood" in an endorsement concerning collapse, cracking and shifting of structures does anything to the ordinary meaning of the word when it is employed, without definition, in an exclusion for Water Damage. In fact, the argument is poorly conceived because the exception for loss due to collapse, cracking and shifting is not a substitute for the Water Damage exclusion and it does not supplant that exclusion. On the contrary, the H-380 Endorsement preserves the Water Damage exclusion together with "[a]ll other provisions of" the "policy." App. to Consolidated Memorandum at INS 075. The losses and damage asserted by the Capella Estate are specifically excluded because they were caused by Water Damage from flood, and they are separately and independently excluded because they are the result of inundation by water that was let loose by a crack that occurred in the canal wall during a flood.

The Amicus brief actually refers to the language of the H-380 Endorsement as an illustration of policy language that "easily and expressly excluded from coverage losses caused by water from a ruptured levee or dam." Amicus Brief at 10, n. 2.[7] Like the Plaintiffs' Opposition, the Amicus Brief also does not mention the first exception from coverage in the H-380 Endorsement for damage caused by the negligent "design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of . . . drainage ditches, levees, dams or other facilities" or the "maintenance of any such properties or facilities."[8] Each of the two parts of the H-380 Endorsement is an independent exclusion which completely defeats the Capella Estate's claims against Hartford as alleged in the petition.

---

[7] Admittedly the Amicus brief does not affirmatively "suggest that the H-380 Endorsement is a valid exclusion," but it also does not suggest any reason why the endorsement is not a valid exclusion.
[8] App. to Consolidated Memorandum at INS 074 (emphasis added).

Hartford's Rule 12 motion should be granted in its entirety and the Capella Estate's lawsuit dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION AND PRAYER

The Capella Estate has failed to allege a claim against Hartford on which relief can be granted because the relevant policy (incorporated in Hartford's Original Answer) clearly and plainly excludes the described loss. Specifically, the H-380 Endorsement excludes any damage caused by the negligence, if any, of the Levee District or other third parties, and also separately excludes coverage for damage resulting from collapse, cracking or shifting of the canal wall in connection with earth movement or flood. Independently, the Water Damage exclusion precludes coverage for water damage from flood waters entering the insured dwelling. This matter should be dismissed as to all claims against Hartford pursuant to Rule 12(b)(6) and/or 12(c), Federal Rules of Civil Procedure.

Wherefore, Hartford Insurance Company of the Midwest, incorrectly named as Hartford Insurance Company, respectfully prays that this Court grant its Motion to Dismiss, and issue an Order dismissing all of Plaintiff's claims against this Defendant with prejudice to re-filing same; and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted:

/s/ Seth Schmeeckle

Ralph S. Hubbard III, T.A. La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:   (504) 568-1990
Facsimile:   (504) 310-9195

OF COUNSEL:
Christopher W. Martin (pro hac vice)
Texas Bar 13057620
Federal ID 13515
Martin R. Sadler (pro hac vice)
Texas Bar 00788842
Federal ID 18230

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101

Attorneys for Hartford Insurance Company of the Midwest, incorrectly named as Hartford Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Hartford's Supplemental Memorandum in Support of Rule 12 Motion to Dismiss has been forwarded via electronic means and by United States First Class Mail with postage prepaid thereon, on this 28th July, 2006, to all counsel of record.