FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -3  PM 2: 58

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL | * | CIVIL ACTION NO. 06-4024 |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | SECTION "K" |
| | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO: | * | |
| ALL LEVEE, | * | MAGISTRATE WILKINSON |
| MRGO AND | * | |
| RESPONDER CASES | * | |

* * * * * * * * * * * * * * * * *

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**COMES NOW** plaintiff, appearing through undersigned counsel, and amends her

Complaint, of record herein, pursuant to the provisions of Rule 15(a), Federal Rules of

Civil Procedure, as follows:

I.

By amending Article V to allege the following additional facts in support of the

invocation of admiralty and maritime jurisdiction, and the waiver of sovereign immunity

by the United States of America pursuant to the provisions of the Suits in Admiralty Act:

Plaintiff also avers that This Honorable Court has jurisdiction over the

claims herein asserted by virtue of defendant's having issued a permit or

permits for the pre-Hurricane KATRINA dredging of the 17th Street Canal,

which dredging or excavating activity was conducted on navigable waters

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

-1-

of the United States with the equipment utilized to actually perform the work being mounted on a vessel in navigation, namely a barge or barges.

II.

By asserting a separate cause of action against the United States of America pursuant to the general maritime law and, alternatively, pursuant to Louisiana State law, namely a cause of action seeking entitlement to money damages, as well as sanctions, as a result of wholesale destruction and spoliation of evidence by the United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers and its contractors. More particularly, plaintiff avers that the U.S. Army Corps of Engineers ordered the destruction of evidence consisting of steel sheet piles, including their connecting or interlock mechanisms, metallurgical and concrete "fingerprints", concrete monolith panels, including the bottoms of the panels, where they made contact with the steel sheet pile, the edges or sides of the panels, containing their water stop systems, and the water stop systems themselves, at various locations throughout the Greater New Orleans Metropolitan Area, including particularly at the London Avenue Canal, the 17th Street Canal, and the Inner Harbor Navigation Canal a/k/a the Industrial Canal, as well as at other locations. As a direct result of the aforesaid wholesale destruction and spoliation of evidence, plaintiff and those similarly situated to plaintiff aver entitlement to money damages as well as the imposition of sanctions against the Untied States of America. Plaintiff further avers that an appropriate sanction under the facts and circumstances of this case would be the striking of affirmative defenses asserted or to be asserted on behalf of the United States of America, including particularly the striking of the defense of immunity from liability to plaintiff and those similarly situated

under any legal theory pleaded or to be pleaded by the United States of America in this and/or in related litigation.

III.

To correct typographical errors in Article XIX of the Complaint so that subpart (i) of the Article reads:

i.   Plaintiff's right to just compensation for the taking of her property pursuant to the Fifth Amendment of the U.S. Constitution "trumps" the provisions of the Flood Control Act of 1928, i.e., inalienable rights specifically granted by the U.S. Constitution take precedence over legislation, unless the legislation is couched in terms of constitutional amendment.

IV.

Plaintiff reavers and reiterates all of the allegations of her original Complaint as amended, as if copied herein in extenso.

**WHEREFORE**, plaintiff prays that her class status be recognized and certified as such, and that after trial on the merits, and all due proceedings had, that there be judgment entered herein in favor of plaintiff and against defendant for the full amount of plaintiff's damages, plus reasonable attorney's fees, prejudgment interest and costs, and that this First Supplemental and Amending Complaint be filed nunc pro tunc.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.**

By: _____
Ashton R. O'Dwyer, Jr.

-3-

Bar No. 10166
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Telephone: (504) 561-6561
Facsimile: (504) 561-6560