UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 SECTION "K" |
| | * | MAGISTRATE (2) |
| PERTAINS TO: ALL LEVEE | * * | JUDGE DUVAL |
| | * * | MAG. WILKINSON |
| * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO IMPOSE SANCTIONS AND/OR FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

Boh Bros. Construction Co., L.L.C. ("Boh Bros." herein) and its counsel as undersigned must reluctantly bring before this Honorable Court a request to impose sanctions and/or appropriate protective orders against one of the plaintiffs' attorneys herein, namely Ashton R. O'Dwyer. Technically, the actions of Mr. O'Dwyer complained of herein did not occur within pleadings; thus, Rule 11 of the Federal Rules of Civil Procedure may not be technically applicable, but rather this Honorable Court's "inherent power" over cases pending before it is called upon to impose appropriate sanctions and/or protective orders. *Pete v. Champion*

1

*Exposition Services, Inc.*, 2001 WL 303763 (E.D. La. 2001); *Lafarge Corp. v. M/V MACEDONIA HELLAS*, 2000 WL 1586402 (E.D. La. 2000); *In Re Bank of Louisiana/Kenwin Shops, Inc.*, 1998 WL 213768 (E.D. La. 1998). Indeed, Your Honor has exercised the "inherent power" in situations where counsel was previously "warned." *Great American Ins. Co. v. McElwee Brothers, Inc.*, 2004 WL 944520 (E. D. La. 2004). More specifically, comments made by Mr. O'Dwyer in various e-mails throughout these pending litigations, some copied to others and some not, have finally gone too far, and it is time for this Honorable Court to act.[1] (See e-mails and letters attached hereto, *in globo*, as Exhibit "A").

No doubt, this Court is very much aware of the shenanigans Mr. O'Dwyer has engaged in virtually from the onset of these litigations. Indeed, the original complaint he filed, a handwritten classic of sorts, recently referenced in footnote 2 of the Order and Reasons issued by this Honorable Court on July 19, 2006, document 788 (copy attached hereto as Exhibit "B"), was a harbinger of things to come. Consistently, in pleadings since that time, he has engaged in "irrelevant rhetoric," pleadings that had no "factual underpinning," the filing of "innumerable supplemental memoranda," "editorializing" that was deemed "pointless and unprofessional," as well as various forms of name-calling and disrespect. (See Exhibits "A" and "B" attached hereto).

What this Honorable Court may or may not know is that Mr. O'Dwyer has been doing the same thing in e-mails literally throughout the course of this litigation, culminating, for example, in his recent e-mail of August 1, 2006, stating flatly:

---

[1] Undersigned counsel for Boh Bros., appeared in open court before the Honorable Stanwood Duval, Jr., and other counsel, including Mr. O'Dwyer, in May, 2006, to discuss the "work protocol" that was eventually agreed to by and between the parties, at which time undersigned counsel for Boh Bros. read and quoted directly from blasphemous e-mails sent out by Mr. O'Dwyer to Boh Bros.' counsel and advised the Court that if the self-serving diatribes and blasphemous e-mails did not cease and desist from Mr. O'Dwyer, Boh Bros. would proceed with a Motion for Sanctions and Protective Order, which it is now doing.

2

> "Glad to know that you condone 12-year-old girls giving birth to illegitimate children, and that you sanction killing, looting, drug use and possession of illegal firearms, as well as disrespect towards women."

See Exhibit "A". That missive by Mr. O'Dwyer came in response to an e-mail from counsel reminding him that the Court had already threatened to sanction him for things he had done and said in pleadings, and which, more importantly, was simply designed to convey information, as counsel is required to do by orders (the agreed to "Work Protocol") previously entered regarding the ongoing work at the 17th Street Canal. It is important for this Honorable Court to know that what prompted counsel's reminder of Your Honor's threats was Mr. O'Dwyer's previous e-mail, which read:

> "Mr. Riess: this is not acceptable. If your client, and their underwriters, believe they can hide behind the COE, then think again. And you had better put your E&O carrier on notice. If any physical evidence is destroyed tomorrow, before my clients and I have the opportunity to have our experts inspect it beforehand, then you and your client will do so at your/their peril."

See Exhibit "A".

We would be remiss as well not to point out Mr. O'Dwyer's latest comments, made in response to a simple notice to all counsel of ongoing work, as required by previous orders of this Honorable Court, in which Mr. O'Dwyer stated:

> "Michael, just out of curiosity, is the Corps of Engineers going to hold Boh Bros. and its liability underwriter harmless for this needless and wanton destruction of evidence?"

The foregoing comments alone by Mr. O'Dwyer are probably more than sufficient for this Honorable Court to consider imposing appropriate sanctions and/or protective orders, but the other e-mails and letters attached hereto *in globo* as Exhibit "A" are replete with examples of Mr. O'Dwyer's inappropriate and unprofessional conduct, threats, and innuendos. It is not necessary

3

S:\Boh Bros - 106\106-219 Berthelot\Pleadings\USDC\05-4182 Berthelot\060802 Memo in Support of Motion to Impose Sanctions.doc

to belabor this Honorable Court with more specific examples; suffice it to say, the documents speak for themselves.

It is time to put an end to this nonsense by Mr. O'Dwyer. Boh Bros. and its counsel are tired of Mr. O'Dwyer's repeated threats, defamatory comments, innuendos and unprofessionalism. Threatening parties in a litigation, as Mr. O'Dwyer has consistently done, is probably sanctionable in and of itself; going so far as to make direct accusations against counsel and impugning his morality has gone over the edge, perhaps like Mr. O'Dwyer himself since Hurricane Katrina.

Virtually since the inception of these various litigations, Mr. O'Dwyer has been disrespectful to this Honorable Court and many counsel. He has been further disrespectful to the various parties, refusing to call some of them by their proper names ("Body Bags" for example) and as Your Honor can plainly see from the attached documents, he has been directly defamatory and disrespectful to both Boh Bros. and its counsel. Certainly, Mr. O'Dwyer has the continued right to represent himself and his clients as vigorously as permissible, but he should do so in an appropriate and professional way. He should not be allowed to continue to make such defamatory comments about parties or counsel, or continue to make veiled or even open threats. This Honorable Court has already warned Mr. O'Dwyer on a couple of occasions, apparently to no avail. (See Exhibit "B", Document No. 788, fn. 7).[2] Boh Bros. and its counsel must leave to Your Honor what sanction is appropriate, or what protective orders should be entered, regarding Mr. O'Dwyer's further conduct in these litigations. Ironically, it is Boh Bros. and its counsel to whom Mr. O'Dwyer seems to have vented most directly, even though he has never named Boh

---

[2] We direct Your Honor's attention to a case very similar in some respects, *In Re Richard B. Cook*, --- So. 2d ---, 2006 WL 1669359 (La. 6/16/06), particularly the actions of counsel that included comments about the court's morality, harassment of third parties not directly involved in the litigation, and the filing of repetitive and unwarranted pleadings. A copy of the decision is attached hereto as Exhibit "C."

4

Bros. as a party in any of his pleadings. We do not know what he has said and done with respect to other parties, if anything at all, beyond what is set forth in pleadings. Be that as it may, this kind of conduct cannot be tolerated. It is time for this Honorable Court to act.

For these reasons, appropriate sanctions and/or protective orders should be entered against Mr. O'Dwyer regarding his further conduct in these litigations. We leave the imposition of sanctions and the limitations of a protective order to the vast discretion of this Honorable Court.

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By: _____
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
*Attorneys for Boh Bros. Construction Co., L.L.C.*

and

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
*Attorneys for Boh Bros. Construction Co., L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Impose Sanctions and/or for Protective Order has this day been served upon all

counsel of record by facsimile, electronic transmittal and/or by United States Mail, postage prepaid and properly addressed, on this ___4___ day of ___August___, 2006.