UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES  CIVIL ACTION
CONSOLIDATED LITIGATION  NO. 05-4181
 SECTION "K"(5)

PERTAINS TO: 06-3529 Laurendine

## ORDER AND REASONS

Before the Court is a Motion and Incorporated Memorandum to Remand filed by Susan Laurendine, William Laurendine, Al LeBouef, Aline Hodges, Pierre Ascani, the Honorable Dale Atkins and Anita L. Sarrat ("Plaintiffs") (Doc. 820). Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds merit in this motion.

**Background**

This suit was previously removed to this Court by the Board of Commissioners of the Orleans Levee District, Parish of Orleans ( OLD). In the initial petition, plaintiffs alleged that OLD was liable for (1) designing and installing concrete flood walls which were below standard and potentially unstable in a flood; (2) failing to test the flood walls to withstand the strength of a storm surge, and (3) failing to interlock the flood walls. The suit was remanded by order of this Court on June 2, 2006 (Doc. 36 in *Harvey v. The Board of Commissioners,* C.A. No. 05-4568). The Court rejected OLD's analysis and noted in its reasons that "[t]he fallacy with removing this case based on § 1441(a)(1) is that OLD did not 'act under the direction of a federal officer' to build or design any structure." In addition, the Court declined to exercise federal question jurisdiction as the Court found that the claims against OLD focus on whether OLD had

the ability to act apart from the Corps or in concert therewith to fulfill its state law duties.  A federal defense does not give rise to jurisdiction.

Subsequent to that opinion, the Court rendered a second opinion which bears on the issues presented herein.  In its Order and Reasons remanding part of another suit removed by OLD-*Vanderbrook v. State Farm Fire & Cas.Co.,* C.A. No. 05-6323 "K"(2), the Court found that the same legal analysis applied to claims that rested solely on Louisiana law and duties owed to those plaintiffs under La. Rev. Stat. 38:281, La. Rev. Stat. 38:301(A)(1) which allow levee boards of the State of Louisiana **to construct and maintain levees** and La. Rev. Stat. 38:301(B)(1) which provides that **care and inspection of levees** devolve on the commissioner.  Those claims also were base on the Louisiana concept of *garde* found at La. Civ. Code art. 2317 and negligence under la. Civ. Code art. 2315. This Court found that OLD was not under sufficient supervision of the Corps of Engineers to create federal officer jurisdiction concerning those claims, and likewise a federal defense to a state law claim did not create federal question jurisdiction.  *See Berthelot v. Boh Brothers Construction Co., L.L.C.*, 2006 WL 1984661 (E.D.La. June 1, 2006) (*Vanderbrook* remand opinion).

The Court will not repeat the extensive factual explanation and legal analysis contained in those two rulings.  The Court hereby reiterates and incorporates these two opinions herein.

**Analysis**

The salient rule concerning removal is found at 28 U.S.C. § 1446(b) which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons

      upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
          If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service of otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 years after commencement of the action.

28 U.S.C. § 1446(b). Plaintiffs in the instant suit, which is the *Harvey* lawsuit, filed a First Supplemental and Amending Petition which OLD contends added three new causes of action, added new plaintiffs, and made additional factual allegations against OLD which provide a new basis for removal. OLD maintains that the following three new causes of action and additional factual allegations create a basis for removal:

    (1)    Paragraphs 6(d) and 8(b)(c)(d) of the First Supplemental and Amending Petition claim OLD was negligent in "Failing to inspect and maintain the levees after their completion"';

    (2)    Paragraphs 6(e) and 8(b)(c)(b) of the First Supplemental and Amending Petition claim OLD was negligent in "Failing to insure that the proper soil was used in the construction of the levee";

    (3)    Paragraph 8(b)(c)(f) of the First Supplemental and Amending Petition claims OLD is strictly liable to those damaged by the floods;

OLD thus argues that these amendments (1) for improper maintenance of levees and flood walls and (2) for the failure to insure that proper soil was used in the **construction** of the levee are "new" allegations which reveal new and different grounds for removal. They note that in *SWS Erectors v. Infax*, 72 F.3d 489 (5th Cir. 1996), that the Fifth Circuit stated:

    [t]the Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. . . As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity

3

>    jurisdiction), but rather the pleading or event that made the case removable.... A
>    defendant who fails in an attempt to remove on initial pleadings can file a second
>    removal when subsequent pleadings or events reveal a new and different ground
>    for removal.

*Id.* at 492- 92.

In *SWS Erectors*, defendant had first removed that suit based on diversity jurisdiction to the wrong district court. That district court remanded the case based on improper venue not commenting on whether the jurisdictional amount in question met the diversity jurisdiction requirement. Then, after a deposition was taken which definitively established that the necessary amount was in controversy, the defendant removed the suit again. That time, that district court denied a motion to remand and subsequently granted a motion for summary judgment. On appeal, the Fifth Circuit noted that the deposition provided the "new paper" that is required under § 1446(b).

While arguably there is a new "fact" presented–that OLD contracted with Eustis Engineering to perform soil borings that were subsequently incorporated into the Corps of Engineers GDM–such that there may be a new trigger for removal, OLD ignores the reality that this Court rejected OLD's arguments with respect to removal jurisdiction concerning liability based on the construction of the flood walls in its initial remand of this matter. The Court will not revisit that decision and reiterates its reasons there as its basis for this remand.

As to the first amendment mentioned–claims arising out of improper maintenance, while these allegations may be "new" to this proceeding, they are in essence the same grounds which were raised and rejected in the *Vanderbrook* remand opinion. In *Vanderbrook*, as noted above, the Court rejected removal jurisdiction based on allegations of failure to maintain and again, the

Court will not revisit this decision either. As such, the court reiterates and adopts those reasons for finding no jurisdiction over this matter herein.

Simply put, OLD has not demonstrated it is a federal contractor in reference to the construction of any levee or flood wall. Moreover, it has not made any showing that it was subject to regular inspection or supervision by the Corps. Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1447(c) finding that the Court has no jurisdiction, the Motion and Incorporated Memorandum to Remand (Doc. 280) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that the request for sanctions is **DENIED**.

New Orleans, Louisiana, this __9th__ day of August, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**