FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -9  PM 4: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION |
|  | * NO. 05-4182 "K" (2) |
| PERTAINS TO: | * JUDGE DUVAL |
| LEVEE | * MAGISTRATE WILKINSON |
| O'DWYER V. USA   (2.05-CV-04181) | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**AFFIRMATIVE DEFENSES AND ANSWER
OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFFS' TWELFTH AMENDED COMPLAINT FOR
COMPENSATORY AND EXEMPLARY DAMAGES, AND FOR REASONABLE
ATTORNEYS' FEES AND TAXABLE COSTS IN A CLASS ACTION LAWSUIT
FILED PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Washington Group International, Inc. ("WGI"), by and through its

undersigned attorneys, hereby responds to Plaintiffs' Twelfth Amended Complaint for

Compensatory and Exemplary Damages, and for Reasonable Attorneys' Fees and Taxable Costs

in a Class Action Lawsuit Filed Pursuant to the Federal Rules of Civil Procedure (the

"Complaint"), as follows:

**WGI'S AFFIRMATIVE DEFENSES**

**A.    *Improper Venue***

Plaintiffs have brought their Complaint in an improper venue, as any proceeding

in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested

judge and/or jury.

823316v.1

**B.      Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

**C.      Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.      No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

**E.      Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**F.      Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

823316v.1

### G.     Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H.     Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I.     Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J.     Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K.     Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L.     Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

823316v.1

**M.     Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.     Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**O.     Attorney's Fees Not Available**

Plaintiffs' claims for attorney's fees are barred by La. Code Civ. P. Art. 595(A).

**P.     Lack of Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGI brought under the Oil Pollution Act of 1990, 33 U.S.C. § 2701; the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*; the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1365; the Clean Water Act ("CWA") 33 U.S.C. § 1251; the Clean Air Act, 42 U.S.C. § 7401, *et seq.*; the National Environmental Policy Act of 1969, 42 U.S.C. § 4321, *et seq.*; the Toxic Substances Control Act ("TOSCA"), 15 U.S.C. § 2601, *et seq.*; the Resource Conservation and Recovery Act ("RCRA"),

823316v.1

42 U.S.C. § 6901, *et seq.*; and "Title IX of the Civil Rights Act." This Court also lacks subject matter jurisdiction over Plaintiffs' claims against WGI to the extent that Plaintiffs purport to bring any claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; the Second, Fifth, and Fourteenth Amendments to the United States Constitution; or 28 U.S.C. §§ 1346 and 2571.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI. WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them. WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

I.          WGI is without sufficient information or knowledge as to the *specific allegations of Paragraph I of the Complaint and therefore* DENIES each and every allegation contained therein, except WGI admits that each individual listed in Paragraph I purports to be a named plaintiff in this action.

II(a).          WGI DENIES each and every allegation of Paragraph II(a) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(a) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in

Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(b).        WGI DENIES each and every allegation of Paragraph II(b) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(b) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(c).        WGI DENIES each and every allegation of Paragraph II(c) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(c) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(d).        WGI DENIES each and every allegation of Paragraph II(d) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and

823316v.1

any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(d) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(e).        WGI DENIES each and every allegation of Paragraph II(e) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(e) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(f).        WGI DENIES each and every allegation of Paragraph II(f) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(f) appears to allege acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in

823316v.1

Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(g).          WGI DENIES each and every allegation of Paragraph II(g) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(a) alleges acts or omissions by the government and not WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(h).[1]          WGI DENIES each and every allegation of Paragraph II(h) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(a) alleges acts or omissions by the government and not WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in

---

[1] Plaintiffs' Fifth Amended Complaint sought to add the following description of a putative subclass: "The same categories of persons, firms, and corporations identified in Article II(a) through (f), supra, who suffered loss and/or damage or who  experienced the threat of loss and/or damage as a result of the defective design, construction and maintenance of the Mississippi River Gulf Outlet, its environs, and flood control structures by the Army Corps of Engineers." Pls. Fifth. Am. Compl. ¶ II.  Because Plaintiffs did not assign a numerical or alphabetical designation to this paragraph, WGI refers to it here using the next available letter in Plaintiffs' previously chosen sequence.

- 8 -

Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(i).[2]         WGI DENIES each and every allegation of Paragraph II(i) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI, particularly since Paragraph II(a) alleges acts or omissions by the government and not WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

III(1).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(1) of the Complaint and therefore DENIES each and every allegation contained therein.

III(2).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(2) of the Complaint and therefore DENIES each and every allegation contained therein.

---

[2] Plaintiffs' Sixth Amended Complaint sought to add the following description of a putative subclass: "The same categories of persons, firms, and corporations identified in Article II(a) through (f), supra, who suffered loss and/or damage or who experienced the threat of loss and/or damage as a result of the defective design, construction and maintenance of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, and the Inner Harbor Navigation Canal a/k/a the 'Industrial Canal,' and their environs and levees by the Army Corps of Engineers and other parties defendant named herein." Pls. Sixth Am. Compl. ¶ II. Because Plaintiffs' chosen designation ("Sub-paragraph "G"") already existed in their prior complaints, WGI refers to it here using the next available letter in Plaintiffs' previously chosen sequence.

823316v.1

III(3).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(3) of the Complaint and therefore DENIES each and every allegation contained therein.

III(4).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(4) of the Complaint and therefore DENIES each and every allegation contained therein.

III(5).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(5) of the Complaint and therefore DENIES each and every allegation contained therein.

III(6).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(6) of the Complaint and therefore DENIES each and every allegation contained therein.

III(7).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(7) of the Complaint and therefore DENIES each and every allegation contained therein.

III(8).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(8) of the Complaint and therefore DENIES each and every allegation contained therein.

III(9).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(9) of the Complaint and therefore DENIES each and every allegation contained therein.

III(10).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(10) of the Complaint and therefore DENIES each and every allegation contained therein.

III(10)(a).            WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(10)(a) of the Complaint and therefore DENIES each and every allegation contained therein.

III(11).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(11) of the Complaint and therefore DENIES each and every allegation contained therein.

III(12).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(12) of the Complaint and therefore DENIES each and every allegation contained therein.

III(12)(B)).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(12)(B)) of the Complaint and therefore DENIES each and every allegation contained therein.

III(12)(C)).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(12)(C)) of the Complaint and therefore DENIES each and every allegation contained therein.

III(13).        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(13) of the Complaint and therefore DENIES each and every allegation contained therein.

823316v.1

III(14).[3]     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(14) of the Complaint and therefore DENIES each and every allegation contained therein.

III(15)[4].     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(15) of the Complaint and therefore DENIES each and every allegation contained therein.

III(16).[5]     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(16) of the Complaint and therefore DENIES each and every allegation contained therein.

III(17).[6]     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(17) of the Complaint and therefore DENIES each and every allegation contained therein.

---

[3] Plaintiffs' Third Amended Complaint sought to add the following defendant: "Aaron Broussard, both individually, and in his capacity as President for the Parish of Jefferson, State of Louisiana." Pl. Third. Am. Compl. ¶ II. Because Plaintiffs' chosen designation – "(a)" – did not agree with Plaintiffs' previously chosen sequence, WGI refers to it here using the next available number in that sequence.

[4] Plaintiffs' Third Amended Complaint sought to add the following defendant: "The Parish of Jefferson, State of Louisiana." Pls. Third Am. Compl. ¶ II. Because Plaintiffs' chosen designation – "(b)" – did not agree with Plaintiffs' previously chosen sequence, WGI refers to it here using the next available number in that sequence.

[5] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "B&K Construction Company, Inc., a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court." Pls. Twelfth Am. Compl. ¶ II. Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[6] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "Burk Kleinpeter, Inc., a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court." Pls. Twelfth Am. Compl. ¶ II.

823316v.1

III(18).[7]      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(18) of the Complaint and therefore DENIES each and every allegation contained therein.

III(19).[8]      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(19) of the Complaint and therefore DENIES each and every allegation contained therein.

III(20).[9]      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(20) of the Complaint and therefore DENIES each and every allegation contained therein.

III(21).[10]      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(21) of the Complaint and therefore DENIES each and every allegation contained therein.

---

(continued...)

    Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[7] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "CSX Corporation, a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court." Pls. Twelfth Am. Compl. ¶ II. Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[8] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "CSX Transportation, Inc., a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court." Pls. Twelfth Am. Compl. ¶ II. Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[9] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "GeoTech, Inc., a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court." Pls. Twelfth Am. Compl. ¶ II. Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

- 13 -

823316v.1

III(22).[11]    WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

IV.    WGI admits that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act because the alleged amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  WGI also admits that federal question jurisdiction exists because WGI was a contractor of the federal government when it performed the work to which this Complaint pertains.  WGI DENIES each and every remaining allegation remaining in Paragraph IV of the Complaint.

V(1).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(1) of the Complaint and therefore DENIES each and every allegation contained therein.

---

(continued...)

[10] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "Pittman Construction Co, Inc., ,domestic corporation which, at all times pertinent had contracted with an agency and instrumentality of the United States of America, namely the U.S. Army Corps of Engineers, within this district."  Pls. Twelfth Am. Compl. ¶ II.  Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[11] Plaintiffs' Twelfth Amended Complaint sought to add the following defendant: "Washington Group International, Inc., a foreign corporation which, at all times pertinent did business within the territorial jurisdiction of this Honorable Court."  Pls. Twelfth Am. Compl. ¶ II.  Because Plaintiffs did not assign a numerical designation for this paragraph, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

823316v.1

V(2).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(2) of the Complaint and therefore DENIES each and every allegation contained therein.

V(3).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(3) of the Complaint and therefore DENIES each and every allegation contained therein.

V(4).         Paragraph V(4) of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(4) of the Complaint and therefore DENIES each and every allegation contained therein.

V(5).         Paragraph V(5) of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(5) of the Complaint and therefore DENIES each and every allegation contained therein.

V(6).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(6) of the Complaint and therefore DENIES each and every allegation contained therein.

V(7).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(7) of the Complaint and therefore DENIES each and every allegation contained therein.

V(8).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(8) of the Complaint and therefore DENIES each and every allegation contained therein.

823316v.1

V(9).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(9) of the Complaint and therefore DENIES each and every allegation contained therein.

V(10).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(10) of the Complaint and therefore DENIES each and every allegation contained therein.

V(11).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(11) of the Complaint and therefore DENIES each and every allegation contained therein.

V(12).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(12) of the Complaint and therefore DENIES each and every allegation contained therein.

V(13).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(13) of the Complaint and therefore DENIES each and every allegation contained therein.

V(14).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(14) of the Complaint and therefore DENIES each and every allegation contained therein.

V(15).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(15) of the Complaint and therefore DENIES each and every allegation contained therein.

823316v.1

V(16).       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph V(16) of the Complaint and therefore DENIES each and every allegation contained therein.

VI.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph VI of the Complaint and therefore DENIES each and every allegation contained therein.

VII.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph VII of the Complaint and therefore DENIES each and every allegation contained therein.

VIII.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph VIII of the Complaint and therefore DENIES each and every allegation contained therein.

IX.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph IX of the Complaint and therefore DENIES each and every allegation contained therein.

X.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph X of the Complaint and therefore DENIES each and every allegation contained therein.

XI.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XI of the Complaint and therefore DENIES each and every allegation contained therein.

823316v.1

XII.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XII of the Complaint and therefore DENIES each and every allegation contained therein.

XIII.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII of the Complaint and therefore DENIES each and every allegation contained therein.

XIV.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIV of the Complaint and therefore DENIES each and every allegation contained therein.

XV.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XV of the Complaint and therefore DENIES each and every allegation contained therein.

XV(A).      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XV(A) of the Complaint and therefore DENIES each and every allegation contained therein.

XV(B).[12]  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XV(a) of the Complaint and therefore DENIES each and every allegation contained therein.

---

[12] Plaintiffs' Fifth Amended Complaint sought to add the following language as "Paragraph XV(a)": "Plaintiffs reaver and reiterate all of their allegations as aforesaid, and in addition aver that the United States of America, its agents and employees, negligently, intentionally, and with misfeasance, malfeasance, and non-feasance, defectively designed, constructed and maintained the Mississippi River Gulf Outlet, its environs and flood control structures, which caused damage to plaintiffs and other persons, firms, and corporations similarly situated, which damage would not have otherwise occurred as a result of Hurricane Katrina." Pls. Fifth Am. Compl. ¶ IV. Because Plaintiffs' chosen

823316v.1

XV(C)[13]      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XV(C) of the Complaint and therefore DENIES each and every allegation contained therein.

XVI.      Paragraph XVI of the Complaint does not appear to contain any allegations whatsoever. To the extent that any response is deemed necessary, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XVI of the Complaint and therefore DENIES each and every allegation contained therein.

XVII.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XVII of the Complaint and therefore DENIES each and every allegation contained therein.

XVIII.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XVIII of the Complaint and therefore DENIES each and every allegation contained therein.

---

(continued...)

    alpha-numeric designation closely resembled that of an existing paragraph in their Complaint, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

[13] Plaintiffs' Sixth Amended Complaint sought to add the following language as "Paragraph XV(A)": "Plaintiffs reaver and reiterate all of their allegations as aforesaid, and in addition aver that the United States of America, its agents and employees, negligently, intentionally, and with misfeasance, malfeasance, and non-feasance, defectively designed, constructed and maintained the Mississippi River Gulf Outlet, its environs and flood control structures, which caused damage to plaintiffs and other persons, firms, and corporations similarly situated, which damage would not have otherwise occurred as a result of Hurricane Katrina." Pls. Sixth Am. Compl. ¶ VI. Because Plaintiffs' chosen alpha-numeric designation was identical to that of an existing paragraph in their Complaint, WGI refers to it here using the next available number in Plaintiffs' pre-existing sequence.

823316v.1

"XIXX."[14]   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph "XIXX" of the Complaint and therefore DENIES each and every allegation contained therein.

"XIXXI."[15]   WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law, particularly since Paragraph "XIXXI" alleges acts or omissions by the government and not WGI.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

"XIXXII". [16]   WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

"XIXXIII." [17]   WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

"XIXXIV." [18]  WGI DENIES each and every allegation contained in Paragraph "XIXXIV" of the Complaint pertaining to WGI, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the

---

[14] See Pls. Compl. at 52.

[15] See Pls. Eleventh Am. Compl. ¶ IV.

[16] See Pls. Eleventh Am. Compl. ¶ V.

[17] See Pls. Eleventh Am. Compl. ¶ VI.

[18] See Pls. Twelfth Am. Compl. ¶ III.

823316v.1

east (the "Job Site").  WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph "XIXXIV" of the Complaint and therefore DENIES each and every remaining allegation contained therein.

"XIXXV."[19]  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph "XIXXV" of the Complaint and therefore DENIES each and every allegation contained therein.

\*       \*       \*

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

---

[19] See Pls. Twelfth Am. Compl. ¶ IV.

823316v.1

Dated:        August 9, 2006                    Respectfully submitted,

*William D. Treeby*

William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

823316v.1

# CERTIFICATE

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Twelfth Amended Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys' Fees and Taxable Costs in a Class Action Lawsuit Filed Pursuant to the Federal Rules of Civil Procedure has been served upon all counsel of record by e-mail this 9th day of August, 2006.

*William E. Feeley*

823316v.1