UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" |
| | MAGISTRATE (2) |
| PERTAINS TO: Levee (05-4181 and 05-6073)<br>MRGO (05-4181)<br>Responder (05-4181) | JUDGE DUVAL |
| | MAG. WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

GOTECH, Inc.(GOTECH) is an engineering and surveying company, which provided engineering and surveying services as a subconsultant to Burk-Kleinpeter, Inc. (BKI) on the London Avenue Canal Floodwall Improvements back in 1993. GOTECH has been made a defendant in the two above captioned suits, only.

GOTECH respectfully submits that all claims against GOTECH should be dismissed, because (1) GOTECH performed work only on the London Avenue Canal and not on the 17th Street Canal, the Orleans Avenue Canal, the Inner Harbor Navigation Canal (the Industrial Canal) the Mississippi River Gulf Outlet (MRGO); and (2) the claims against GOTECH for the engineering and surveying services provided on the London Avenue Canal are perempted by LSA-RS 9:5607. The work performed by GOTECH occurred well more than ten years prior to Hurricane Katrina and the lawsuits which followed.

Very similar issues are already before the Court in a Joint Motion for Summary Judgment

filed by BKI, Eustis Engineering Co., Inc. and Modjeski and Masters, Inc. [Doc. 463] now set for hearing on August 25, 2006. GOTECH specifically adopts the following from the Joint Motion to the extent applicable to the claims against GOTECH:

- Memorandum in Support of Joint Motion [Doc. 463-2]
- Declaration of Michael G. Jackson [Doc. 463-4]
- BKI Exhibits 1 - 19 [Doc. 463-5]
- BKI Statement of Material Facts [Doc. 463-6]
- Appendix - Eustis Engineering Co. [Doc. 463-7]
- Statement of Undisputed Material Facts - Eustis [Doc. 463-8]
- Appendix - Modjeski [Doc. 463-9]
- Appendix - Modjeski 2 [Doc. 463-10]

GOTECH also adopts the arguments and evidence provided in the following previous filings by the engineers to the extent applicable to the claims against GOTECH:

- Joint Reply on Behalf of the Engineers [Doc. 747-1]
- Joint Appendix on Behalf of Engineers and Exhibit 1 - Exhibit 5 [Doc. 747-2]
- Engineers' Exhibit 6 - Exhibit 10 [Doc. 747-3]
- Engineers' Exhibit 11 - Exhibit 14 [Doc. 747-4]
- Supplemental Reply - BKI [Doc. 747-5]

GOTECH additionally adopts the arguments and evidence put forth in the Supplemental Memorandum in Support of BKI [Doc. 792] to the extent applicable to the claims against GOTECH.

The only additional evidence provided herein is the affidavits of two GOTECH representatives who worked on the London Avenue Canal project, RHAOUL A. GUILLAUME,

P.E. and BRUCE K. DYSON, P.E., P.L.S., attached as GOTECH Exhibits A and B and a License Verification, attached as Exhibit C. Mr. Guillaume is the principal of GOTECH and worked on the London Avenue Canal as the contract administrator for GOTECH, meaning he negotiated the contract with BKI and made sure the invoices went out and were paid.[1] Mr. Dyson served as GOTECH's project manager, which meant he coordinated the preparation of the drawings and specifications for the levees and floodwalls on the west bank of the London Avenue Canal in accordance with the United Sates Army Corp of Engineers' (USACE) guidelines.[2] Both affiants are engineers.[3]

The GOTECH engineers state their firm was **not involved in the other levees** which are the subject of this suit. Both affidavits state

> Neither GOTECH nor any of its personnel had anything to do with the design, construction, construction administration or inspection of any construction of any floodwalls or levees which failed along the 17th Street Canal, the Industrial Canal and the Orleans Avenue Canal in New Orleans during Hurricane Katrina.[4]

Additionally, both engineers state their firm was not involved in the design or construction of the MRGO..[5]

The GOTECH engineers also state their firm was involved in the design of portions of the

---

[1] **GOTECH Exhibit A**- Affidavit of Rhaoul A. Guillaume, P.E., at par.3.

[2] **GOTECH Exhibit B** - Affidavit of Bruce K. Dyson, P.L.S., at par. 3.

[3] Exhibit A, at par. 2; Exhibit B, at par. 2.

[4] Exhibit A, at par. 5; Exhibit B, at par. 5.

[5] Exhibit A, at par. 6; Exhibit B, at par. 6.

**London Avenue Canal** floodwalls and levees, in accordance with the USACE guidelines,[6] but that work was performed and completed more than 10 years before Hurricane Katrina hit New Orleans. The work of GOTECH started in January, 1993 and was **completed in November, 1993**, as supported by the GOTECH invoices to BKI for services rendered.[7]

GOTECH was not involved in the "inspection" of the construction.[8] Both Mr. Guilluame and Mr. Dyson state :

- The Agreement between GOTECH and BKI specifically stated "...construction administration services and resident inspection services are not required of [GOTECH] unless the US Army Corps of Engineers authorizes the OWNER [Orleans Levee Board] to perform these services."[9]

- BKI did not request that GOTECH provide construction administration services or resident inspection services for this project.[10]

- GOTECH did not provide construction administration services or resident inspection services for this project.[11]

- GOTECH did not request payment for construction administration services or resident inspection services for this project.[12]

In summary, the plaintiffs claims against GOTECH in these two cases should be dismissed. GOTECH was only involved in the design of the London Avenue Canal project. The claims arising

---

[6] Exhibit A, at par.7; Exhibit B, at par. 4 and 7.

[7] Exhibit A, at par. 8 and 9; Exhibit B, at par. 8 and 9.

[8] As that term is use in La. R.S. 9:5607 A (3).

[9] Exhibits A and B, par. 10.

[10] Id., par. 11.

[11] Id., par. 12.

[12] Id., par. 13.

out of those services are perempted by La. R.S. 9:5607, because the services were completed more than 10 years before Hurricane Katrina.

For these reasons, the demands of plaintiffs in both cases against GOTECH, Inc. should be dismissed, with prejudice, at plaintiffs' costs.

By attorneys:

**LONG LAW FIRM, L.L.P.**

_____
**ALBERT DALE CLARY**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana  70809
(225) 922-5110
ADC@longlaw.com
AGN@longlaw.com

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record via electronic mail.

Baton Rouge, Louisiana, this 3rd day of August, 2006.

_____
**ADRIAN G. NADEAU**