

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br> * <br> * <br> PERTAINS TO: * <br> ALL LEVEE, MRGO * <br> RESPONDER CASES AND TO * <br> NOS.  05-4181 * <br>           06-1850 * <br>           06-1885 * <br>           06-2268 * <br>           06-4024 * <br> * * * * * * * * * * * * * * * * * | CIVIL ACTION NO. 05-4182 <br><br> SECTION "K" <br><br><br> MAGISTRATE (2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |

### CERTAIN PLAINTIFFS' AMICUS MEMORANDUM
### IN OPPOSITION TO THE MOTION TO DISMISS
### (RECORD DOCUMENT NO. 822)
### FILED BY THE GOVERNMENT IN
### CIVIL ACTION NO. 06-2268

**MAY IT PLEASE THE COURT:**

Plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885 and 06-4024, on the authority of the Court's Minute Entry of August 1, 2006 (Record Document No. 843), file this Amicus Memorandum in Opposition to the Motion to Dismiss (Record Document No. 822) filed by the United States of America in Civil Action No. 06-2268. Plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885 and 06-4024 do not wish to place their destiny on a subject which could become "the law of the case", solely in the hands of counsel for other parties; accordingly, and notwithstanding the fact that a ruling

adverse to plaintiffs in Civil Action No. 06-2268 probably would not be considered binding on plaintiffs in other civil actions, at the very least an adverse ruling could result in the Court's acquiring of certain "mindset", or bias, towards the merits of the Federal Government's claimed "immunity" arguments. In order to ensure that the Court knows that the issue of "governmental or sovereign immunity" is near and dear to plaintiffs other than those six (6) specifically named in Civil Action No. 06-2268, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885 and 06-4024 want the Court to be aware that they intend to fully brief why the Government should not be entitled to invoke immunity in any of these consolidated cases, if and when the Government files a proper Motion to Dismiss in their cases. More particularly, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885 and 06-4024 advise the Court and the Government that they intend to argue the following non-exclusive reasons in support of their assertion that the Government is not entitled to any immunity under the facts and circumstances of this case:

1. The notion of "sovereign immunity" is not applicable to a Democracy, such as the United States of America, which has no sovereign, and where the elected government is a government of the people, by the people, for the people.

2. The United States of America has waived any right to claim or to invoke sovereign immunity by virtue of the provisions of the Federal Tort Claims Act, the Suits in Admiralty Act, and other legislation.

3. The United States of America, through Congress and through its agency and instrumentality, the U.S. Army Corps of Engineers, has waived immunity for loss and/or damage due to fault or negligence of the United States of America

or its contractors, which these cases specifically involve. E.G. 42 U.S.C. §1962 d-15 and 33 C.F.R. §203.82.

4. The provisions of The Flood Control Act of 1928 are inapplicable to this case, because the structures, projects and works which were defectively designed, constructed, inspected, maintained, operated and dredged by the United States of America, its agencies and instrumentalities and their employees, in this instance, have absolutely nothing to do with that legislation, which involved the Mississippi River.

5. The immunity arguably conferred by The Flood Control Act of 1928 (which is assumed for the sake of argument only) does not apply to, and was never intended by Congress to apply to, damages of the type suffered by plaintiffs in these cases.

6. The structures, projects, works and navigable waterway systems in question are not flood control projects, but navigation projects, hurricane protection projects, water resources development projects, or projects other than flood control projects, so that The Flood Control Act of 1928 is inapplicable to the claims herein asserted.

7. The waters which inundated the Greater New Orleans Metropolitan Area and caused the damages complained of herein were not flood waters, and the damages sustained by plaintiffs were not caused by flood waters as that term is used in The Flood Control Act of 1928.

8. Immunity is unavailable as an affirmative defense, because:

a) The errors and omissions complained of herein were in direct violation of Acts of Congress and the U.S. Army Corps of Engineers regulations, manuals and procedures.

b) The errors and omissions complained of herein were known to the U.S. Army Corps of Engineers prior to Hurricane KATRINA.

c) The errors and omissions complained of herein amount to criminal conduct and, alternatively, to gross, reckless or wanton negligence, or to willful misconduct, for which immunity is unavailable.

9. Plaintiffs' right to just compensation for the taking of their property pursuant to the Fifth Amendment of the U.S. Constitution "trumps" the provisions of The Flood Control Act of 1928, *i.e.*, inalienable rights specifically granted by the U.S. Constitution take precedence over legislation, unless the legislation is couched in terms of constitutional amendment.

10. Defendant, the United States of America, is not entitled to invoke sovereign immunity because the Lake Pontchartrain Project, which was authorized (read "mandated") by the U.S. Congress in 1965, is still incomplete, and because an agency and instrumentality of the United States of America, namely the U.S. Army Corps of Engineers, therefore remained primarily responsible for the design, construction, inspection and maintenance of all works forming part of that Project.

11. Defendant, the United States of America, is not entitled to invoke sovereign immunity because neither its agency and instrumentality, the U.S. Army Corps of Engineers, nor its employees, had any discretion to violate acts of

Congress and the rules and regulations of the agencies, which had the force of law.

12. Defendant, the United States of America, is not entitled to invoke sovereign immunity because none of the errors and omissions complained of herein fell within the due care or discretionary function exceptions to waiver of sovereign immunity by the United States of America or its agencies and instrumentalities under the Federal Tort Claims Act or other legislation.

13. Defendant, the United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers, and its contractors, is guilty of wholesale destruction and spoliation of evidence entitling plaintiffs to the imposition of sanctions against the United States of America, including the sanction of striking defenses, and more particularly striking the defense of immunity.

14. Defendant, the United States of America is in default of, and in contempt of, an Order from This Honorable Court, more particularly the Court's Minute Entry of April 11, 2006 (Record Document No. 69), which required that ". . . all defendants shall disclose no later than April 20, 2006, any connection they may have relative to the design, construction or maintenance of the 17th Street, London Avenue or Industrial Canal Levees with specificity and shall include in these disclosure (sic) whether any related or subsidiary companies were also involved". No disclosure whatsoever has been made by the United States of America. Amicus Plaintiffs respectfully submit that the only appropriate

sanction for the failure of the United States of America to make proper disclosure should be the striking of any claimed immunity defense.

In addition, since argument nos. 4 through 9, and 11 through 13, supra, implicate discovery, the Government's asking the Court to rule on a Motion to Dismiss on grounds of immunity at this early stage of the litigation is entirely premature. Accordingly, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885 and 06-4024 reserve all rights to more fully brief immunity issues if and when the Government files Motion(s) to Dismiss on grounds of immunity in their cases.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 9th day of August 2006.