FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 16  PM 2: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | *<br>*<br>* CIVIL ACTION NO.: 05-4182 (2)<br>*<br>* JUDGE DUVAL, JR.<br>PERTAINS TO:     *<br>* MAGISTRATE WILKINSON, JR.<br>INSURANCE (Chehardy, No. 06-1672   *<br>             C/W No. 06-1673<br>             C/W No. 06-1674) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RULE 12(b) MOTION TO DISMISS
### PLAINTIFFS' AMENDED AND RESTATED COMPLAINT
### <u>BY DEFENDANT GREAT NORTHERN INSURANCE COMPANY</u>

Pursuant to Fed. R. Civ. P. 12, Defendant Great Northern Insurance Company ("Great Northern") hereby moves to dismiss Plaintiffs' Amended and Restated Complaint in the above-captioned matter, filed on June 2, 2006 (the "Complaint"), in its entirety.[1]

---

1    Great Northern is submitting this supplemental motion, in which it adopts and incorporates Allstate Insurance Company and Allstate Indemnity Company's Motion to Dismiss Pursuant to Rule 12(b) and Memorandum in Support, to address the specifics of its own policy language. Great Northern maintains that all defendants are improperly joined with each other and reserves the right to move to sever the claims against it from those against the other defendants.

___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ CtRmDep____
___ Doc. No_____ 64562

As a matter of law Plaintiffs cannot recover under their insurance policies, since their alleged losses are clearly and unambiguously excluded by the water damage exclusion in Great Northern's policy and other applicable policy provisions. Therefore, Counts I and II of the Complaint should be dismissed. Count III (breach of the implied covenant of good faith and fair dealing) fails to state a claim because there is no common law cause of action for insurance bad faith claims handling under Louisiana law. Count IV fails to state a claim because no cause of action exists under La. R.S. 22:1220 absent a valid underlying claim for insurance coverage, and because, at a minimum, Great Northern's interpretation of the policy provisions is reasonable and formed a good faith basis for the denial of plaintiffs' water damage claims. Finally, Count V (breach of fiduciary duty) should be dismissed because it is not pled against Great Northern, and if it was, cannot state a claim against Great Northern.

The grounds for this motion are more fully stated in the attached Memorandum of Law being submitted by Great Northern, which adopts and incorporates Allstate Insurance Company and Allstate Indemnity Company's Memorandum in Support of its Rule 12(b) Motion.

Respectfully submitted,

Steven W. Usdin, 12986
Edward R. Wicker, Jr., 27138
Brian J. Capitelli, 27398
   Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Great Northern Insurance
   Company

64562

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Rule 12(b) Motion to Dismiss Plaintiffs' Amended and Restated Complaint by Defendant Great Northern Insurance Company has been served upon all counsel of record by electronic mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly addressed this 14 day of August, 2006.

_[signature]_