UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  KATRINA CANAL BREACHES    *
CONSOLIDATED LITIGATION      *
              *  CIVIL ACTION NO.: 05-4182 (2)
———————————————————— *
              *  JUDGE DUVAL, JR.
PERTAINS TO:         *
              *  MAGISTRATE WILKINSON, JR.
INSURANCE (Chehardy, No. 06-1672   *
       C/W No. 06-1673    *
       C/W No. 06-1674)    *
* * * * * * * * * * * * * * * * * * * * * * * * *

**GREAT NORTHERN INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT
<u>OF RULE 12(b) MOTION TO DISMISS</u>**

## INTRODUCTION

This memorandum is submitted on behalf of defendant Great Northern Insurance Company (for itself and as erroneously sued as defendant Chubb Group, a non-entity incapable of being sued) ("Great Northern") in support of its Rule 12 Motion to Dismiss.   To avoid burdening the Court with repetitious briefing, Great Northern adopts and incorporates Allstate Insurance Company and Allstate Indemnity Company's Memorandum in Support of Motion to Dismiss (the "Allstate Brief") in its entirety, except to set forth the specifics of its own policy and the application of the relevant law to that policy.

**I.   Counts One And Two Must Be Dismissed Because Great Northern's Policy Does Not Cover Flood Damage Regardless Of The Cause.**

**A.   Great Northern's Flood Exclusion Excludes The Claimed Flood Damage.**

The flood exclusion in Great Northern's homeowner policy[1] contains the following broad flood exclusion:

### EXCLUSIONS

The words "caused by" means any loss that is contributed to, made worse by, or in any way results from that peril.

**Surface water.**  We do not cover any loss caused by:

- flood, surface water, waves, tidal water or water borne material from any of these;

- overflow of water or water borne material from a body of water;

- run off of water or water borne material from a paved surface, driveway, walkway, patio or other similar surface; or

- spray from any of these,

---

[1]   Great Northern's policies for its insureds who are named as plaintiffs, the Forsters and Mr. Barham, contain the exact same pertinent provisions, and are attached hereto as Exhibits A and B.

64028_2

from any source, even if driven by wind.  But we do insure ensuing covered
loss unless another exclusion applies.

**Ground water**.  We do not cover any loss caused by water or water borne
material in the ground, or by its pressure, leakage, or seepage.  But we do insure
ensuing covered loss unless another exclusion applies.

**Water damage to outside structures.**  We do not cover certain kinds of loss to a
fence, pavement, patio, swimming pool, hot tub, septic system, foundation,
retaining wall, bulkhead, pier, wharf, dock, or bridge.  These are losses caused by
freezing, thawing, or the pressure or weight of water or ice, even if the water or
ice is driven by wind.  But we do insure covered loss unless another exclusion
applies.

Exhibit A, p. B-8; Bates No. CH-FOR-020 and Exhibit B, p. B-8; Bates No. CH-BAR-018.

Since the term "flood" is not specifically defined in the policy, the term is given

its plain, ordinary, and generally prevailing meaning, which here includes water covering usually

dry land without regard for the cause. *See* Allstate Brief, p. 6.  Courts nationwide similarly have

held time and again that "flood" means "a body of water (including moving water) . . .

overflowing or inundating land not usually covered, and no distinction is made between natural

and artificial causes." *Id.,* at pp. 7-9.

The essence of plaintiffs' lawsuit is that the alleged flood damage resulted from

"water entering the City of New Orleans and adjoining parishes," which obviously falls within

the plain terms of Great Northern's exclusion excluding damage from "flood, surface water,

waves, tidal water or water borne material from any of these, overflow of water or water borne

material from a body of water . . . from any source even if driven by wind."  Exh. A, p. B-8;

Bates No. CH-FOR-020 and Exh. B, p. B-8; Bates No. CH-BAR-018.  This Court therefore

should enforce Great Northern's flood exclusion to exclude the plaintiffs' claims for damage

caused by this flooding.

The plaintiffs' argument that water "from the breaches in the levees," or man-made failures, caused property damage in Orleans, St. Bernard, and Jefferson Parishes does not change this result and previously has been rejected by courts.  Complaint pp. 17-19.  Great Northern's flood exclusion explicitly applies regardless of the cause of the flooding and it does not contain an exception for flooding caused by man-made failures.  It excludes loss caused by a "flood, surface water, waves, tidal water . . . or overflow of any body of water . . . <u>from any source</u>."  Exhs. A and B at p. B-8 (emphasis added).  By its terms, the Great Northern exclusion is not limited by the type or cause of the flood, as the plaintiffs seek.

Confronting similar circumstances involving floods caused by breaches in dams and levees, court after court has applied the flood exclusion.  *See* Allstate Brief at pp. 9-11.  In *E.B. Metal & Rubber Industries, Inc. v. Federal Insurance Company*,[2] 444 N.Y.S.2d 321 (N.Y. App. A.D. 1981), the plaintiff sought coverage for damage occurring where heavy rains caused a dike to give way and water inundated certain property.  Federal Insurance Company denied payment on the ground that the loss resulted from a "flood."  The plaintiff argued that Federal's flood exclusion was ambiguous because there was no evidence that the breaking of the dike was caused by rising water, and there was evidence that a pre-existing weakness in the dike caused the damage.  The court rejected the plaintiff's argument, holding that "all the policy requires is that there be rising waters which break through boundaries and flow upon the insured's land to constitute a flood.  It is irrelevant that a defect in the dike may have also contributed to the

---

[2]    Both Federal Insurance Company and Great Northern are Chubb & Son entities.

break."  *Id.* at 322; *see also* Allstate Brief at pp. 10-11.  As in *E.B. Metal,* and the other cited cases, the alleged damage to the plaintiffs' normally-dry property caused by the alleged levee breaches is "flood" damage under the Great Northern exclusion, regardless of the cause.  For these reasons, Great Northern's homeowner policy does not cover the flood damage to the plaintiffs' property caused by the "water entering the City of New Orleans," whether through levee breaches or otherwise.  Complaint ¶ 46.

**B.      Great Northern's Homeowner Policy Excludes Coverage for the Plaintiffs' Proposed Declaration Regarding Third-Party Negligence.**

The plaintiffs' also attempt to avoid the flood exclusion by alleging that their flood damage was "the result of levee failures caused by negligent design, negligent maintenance and/or inadequate materials."  Complaint p. 17, ¶¶ 46, 50.  In addition to such damage being excluded by Great Northern's flood exclusion, regardless of the cause, its Policy also specifically and expressly excludes coverage for damage caused by negligent design, construction, or maintenance – the precise causes alleged by the plaintiffs.  The Great Northern policy excludes damage caused by:

> **Faulty planning, construction or maintenance.**  We do not cover any loss caused by the faulty acts, errors or omissions of you or any other person in planning, construction or maintenance. It does not matter whether the faulty acts, errors or omissions take place on or off the insured property.  But we do insure ensuing covered loss unless another exclusion applies.  "Planning" includes zoning, placing, surveying, designing, compacting, setting specifications, developing property and establishing building codes or construction standards. "Construction" includes materials, workmanship, and parts or equipment used for construction or repair.

> Exh. A at p. B-9; Bates No. CH-FOR-021 and Exh. B at p. B-9; Bates No. CH-BAR-019 (emphasis added).

- 4 -

64028_2

Like the flood exclusion, the faulty planning construction or maintenance exclusion has been enforced repeatedly by courts. *See,* Allstate Brief at pp. 12-13.

Therefore, the plaintiffs' claims fall squarely within the faulty design, construction, or maintenance exclusion of Great Northern's homeowner policy, which, like the flood exclusion, bars the plaintiffs' declaratory relief, and therefore these claims should be dismissed.

**C.** **Great Northern's Homeowner Policy Excludes Coverage for the Plaintiffs' Proposed Declaration Regarding "Windstorm" and "Storm Surge."**

The plaintiffs also attempt to overcome the flood exclusion by arguing that their flood damage resulted from "windstorm" or "storm surge," and thus is covered under a homeowner policy. Complaint pp. 17-18. The plaintiffs presumably contend that water from the various bodies of water was thrust over and/or through certain barriers by Hurricane Katrina's winds, which actually caused the water to damage the plaintiffs' property.[3]

Again, no matter the cause, the plaintiffs' flood damage claims are excluded under Great Northern's homeowner policy. The flood exclusion provides, in part, that there is no coverage for "flood, surface water, waves, tidal water . . . overflow of water . . . from a body of water . . . or spray from any of these, <u>from any source, even if driven by wind</u>." Exhs. A and B

---

[3]   The plaintiffs' claim that they had a "reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind" is fatally contradicted by the Policy's terms. Complaint ¶ 28. In the face of Great Northern's clear and unambiguous contractual terms, the plaintiffs' "expectation" must be ignored. *Musmeci,* 332 F.3d at 352 (policy forms law between parties and must be enforced as written). Allstate Brief at pp. 13-14, fn. 7.

at p. B-8 (emphasis added).  Accordingly, it is immaterial whether Hurricane Katrina's winds or "storm surge" caused water to overflow and/or penetrate the barriers, which ultimately caused damage to the plaintiffs' property.  The flood damage simply is not covered by Great Northern's homeowner policy.  *See Tuepker v. State Farm Fire & Cas.* Co., No. 1:05CV559, 2006 WL 1442489 (S.D. Miss. May 24, 2006) (property loss caused by "storm surge" from Hurricane Katrina was excluded from coverage under the flood exclusion).  *See also* Allstate Brief at p. 14.

The plaintiffs' contention that the flood exclusion is irrelevant because wind was the "proximate cause" of their water damage is incorrect based upon the clear and unambiguous terms of Great Northern's flood exclusion.  Complaint p. 17.  The exclusion plainly excludes coverage for water damage – whether or not caused by wind.  Louisiana law has long recognized that an insurance policy is a contract that forms the law between parties and must be enforced as written.  *See* Allstate Brief at p. 13, fn.7.  An insurer's liability under a policy may be limited so long as the limitation does not violate public policy or a statute.  *Reynolds v. Select Properties, Ltd.*, 634 So. 2d 1180, 1183 (La. 1994); *see also Magnon v. Collins*, 739 So. 2d 191, 196-97 (La. 1999).  There is no authority anywhere that the flood policy violates any public policy or statute.  Policies including this exclusion always have been approved by the Louisiana Department of Insurance, as well as other insurance regulators throughout the country.

In addition, the Great Northern flood exclusions are prefaced by "anti-concurrent cause" language that *precludes* coverage for water damage even if wind is a contributing factor.[4]

---

[4]     Great Northern's policy states that loss "caused by" flood or surface water is excluded if it "is contributed to, made worse by, or in any way results from that peril."  Exh. A at p. B-7; Bates No. CH-FOR-019 and Exh. B at p. B-7; Bates No. CH-BAR-17.

64028_2

Such language has also been accepted by Louisiana courts. *See Prytania Park Hotel v. General Star Indemnity Co.*, 896 F.Supp. 618, 623 (E.D. La. 1995) (upholding and applying anti-concurrent cause language that excluded losses "regardless of any other cause or event that contributes concurrently or in any sequence to the loss"). No Louisiana decision has found such language to be ambiguous or refused to enforce it. Courts elsewhere have consistently upheld and given effect to similar anti-concurrent cause language when used in conjunction with flood exclusions such as Great Northern's. *See, e.g., State Farm and Cas. Co. v. Bongen*, 925 P.2d 1042, 1048 (Alaska 1996); *Millar v. State Farm Fire and Cas. Co.*, 167 Ariz. 93, 804 P.2d 822, 825-26 (Ariz. App. 1990); *Ramirez v. Am. Family Mut. Ins. Co.*, 652 N.E.2d 511, 515-16 (Ind. App. 1995); *Preferred Mut. Ins. Co. v. Travelers Cos.*, 955 F. Supp. 9, 11 (D. Mass. 1997) *aff'd* 127 F.3d 136 (1st Cir. (Mass.) 1997); *Sunshine Motors, Inc. v. New Hampshire Ins. Co.*, 209 Mich. App. 58, 59, 530 N.W.2d 120, 121 (Mich. App. 1995); *Toumayan v. State Farm General Ins. Co.*, 970 S.W.2d 822, 824-26 (Mo. App. E.D. 1998); *Schroeder v. State Farm Fire and Cas. Co.*, 770 F. Supp. 558, 560 (D. Nev. 1991); *State Farm Fire and Cas. Co. v. Paulson*, 756 P.2d 764, 770-71 (Wyo. 1988). For these reasons, plaintiffs' proximate cause theory has no effect on the applicability of the exclusions at issue, which clearly apply to exclude plaintiffs' claimed flood damage.

**II.    The Plaintiffs' Purported Bad Faith Claims in Counts Three and Four Should Be Dismissed.**

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing in Count Three does not exist under Louisiana law. Rather, an insurer's extra contractual liability

- 7 -

is limited to claims for violation of one of the specific duties listed in Louisiana Revised Statute 22:1220(B). *See* Allstate Brief at pp. 21-22. Therefore, Count Three must be dismissed.

To state a claim under Section 1220, as plaintiffs attempt to do in Count Four, there must be a valid underlying insurance claim. *Clausen v. Fidelity & Deposit Co. of Maryland,* 660 So. 2d 83, 86 (La. App. 1 Cir. 8/4/95). Plaintiffs have failed to assert an actionable claim against Great Northern and, therefore, their purported bad faith claims in Counts Four necessarily must fail. Because the Great Northern homeowner policies exclude the recovery sought by the plaintiffs, Great Northern has not breached any duty to the plaintiffs. Moreover, based on the extensive jurisprudence enforcing similar flood exclusions, Great Northern, at a minimum, had reasonable grounds to believe the flood exclusion applies. Therefore, as a matter of law, Great Northern cannot be found to have acted arbitrarily and capriciously. Counts Three and Four must be dismissed.

In addition, Section 1220 only supports a claim under the specific circumstances defined in the statute. *See* Allstate Brief at pp. 21-22. Plaintiffs have not alleged that Great Northern violated any of these specific duties, nor could they. Great Northern has not misrepresented its policy or any facts; the coverage sought for flood damage simply is excluded under the policy itself. Great Northern also has not improperly failed to pay the plaintiffs any amount for flood damage, given that such loss is not covered under its homeowner policies. Great Northern has not denied coverage on the basis of altered applications, which is not even an issue in the case. Nor is the applicable prescriptive period an issue.

- 8 -

Any effort by plaintiffs to base a bad faith claim against Great Northern on newly enacted Louisiana Revised Statute 22:1220(B)(6), which regards failure to pay claims pursuant to Louisiana Revised Statute 22:658.2, also is unfounded. The statute has no application here because the flood damage alleged by the plaintiffs is excluded under the clear terms of the Great Northern homeowner policies. Issues regarding "floodwater marks" have no relevance. The sole relevant evidence is the Great Northern's homeowner policy, and it clearly excludes the recovery sought by the plaintiffs.

Moreover, the statute, which refers to Louisiana Revised Statute 22:1220 for enforcement, only became effective on February 23, 2006. La. R.S. 22:658.2(D). Louisiana law is clear that Louisiana Revised Statute 22:1220 -- which incorporates Louisiana Revised Statute 22:658.2 -- applies *only* prospectively, and not retroactively. *See* Allstate Brief at pp. 23-24. The statute enacted in February 2006 only applies prospectively, and therefore has no impact on the flood damage sustained in August 2005. Moreover, the plaintiffs' complaint regarding the statute solely regards flood damage, and, as discussed previously, such damage is excluded under Great Northern's homeowner policy. In sum, the plaintiffs' purported bad faith claims against Great Northern under Counts Three and Four fail as a matter of law.

## III.   The Plaintiffs' Breach Of Fiduciary Duty Claim In Count Five Is Not Directed At Great Northern And Should Be Dismissed.

In Count Five, plaintiffs allege that "State Farm, Allstate Indemnity, Allstate and Liberty Mutual and other similarly situated" insurers failed to warn the plaintiffs that "their homes may be grossly underinsured" and failed to advise the plaintiffs that their homeowner policies do "not cover [all] damage or loss caused by hurricanes" and "additional coverage could

be purchased in excess of the NFIP [flood] limit." *Id.* at ¶ 98; *see also id.* at ¶ 39 ("many Policyholders have not at all been advised on the availability of flood insurance"). The plaintiffs therefore allege that the insurers identified in Count Five and other similar insurers breached their fiduciary duty to the plaintiffs. *Id.* According to the Amended Complaint, the insurers at whom Count Five is directed are those that "sell their homeowners insurance policies directly to their customers, including Policyholders, and, in that respect, function in the capacity of insurance brokers or agents." *Id.* at ¶ 94. There is no allegation, nor could there be, that Great Northern sells its policies directly to policyholders or functions as an insurance broker or agent. Therefore, Count Five of the Amended Complaint is not directed to Great Northern. However, to the extent any such claim is later asserted by plaintiffs, that claim should be dismissed for the reasons set forth in Section IV of Allstate's Brief (pp. 24-27), since the plaintiffs' allegations fail to state a claim under Louisiana law.

## **CONCLUSION**

For the foregoing reasons and those set forth in Allstate's Memorandum, Great Northern's Rule 12(b) Motion to Dismiss should be granted in all respects.

Respectfully submitted,

Steven W. Usdin, 12986
Edward R. Wicker, Jr., 27138
Brian J. Capitelli, 27398
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
*Attorneys for Great Northern*
  *Insurance Company*

- 10 -

64028_2

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Great Northern Insurance Company's Memorandum in Support of Motion for Judgment on the Pleadings has been served upon all counsel of record by electronic mail, facsimile, and/or placing same in the United States mail, postage prepaid and properly addressed this _____ day of August, 2006.

- 11 -