FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 16 PM 2:57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION<br>* NO.: 05-4182 "K" (2)<br>* <br>* JUDGE DUVAL |
| PERTAINS TO: INSURANCE<br>*Chehardy*, Nos. 06-1672, 06-1673, and 06-1674 | * <br>* MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS PURSUANT TO RULE 12(b)

Pursuant to Federal Rule of Civil Procedure 12(b), defendants Allstate Insurance Company and Allstate Indemnity Company ("Allstate"), through undersigned counsel, move for dismissal of Plaintiffs' claims on the following grounds as are more fully explained in the accompanying Memorandum:

1.

Plaintiffs filed this class action lawsuit on behalf of residents of Orleans, St. Bernard, and Jefferson Parishes, seeking coverage for flood damage under their homeowner policies.

___ Fee
___ Process
_X_ Dktd
_✓_ CtRmDep
___ Doc. No

2.

The plaintiffs seek to have this Court overturn over eighty years of well-entrenched jurisprudence holding that flood damage is not covered under homeowner policies, ignore unambiguous policy language and Louisiana law upholding the sanctity of contract and instead to judicially rewrite the homeowner policies in midstream to impose upon Allstate catastrophic flood losses that are not covered under the terms of the policies and for which no premium was paid.

3.

The flood exclusion in Allstate's homeowner policy unambiguously excludes flood damage, no matter what the cause. Exh. "B" to Memorandum in Support of Motion to Dismiss at 6 (¶¶ 1-4). Allstate's policy also excludes damage caused by the negligent construction, design, and/or maintenance of property. *Id.* at 8 (¶22). The policy further excludes damage from "weather conditions that contribute in any way with a cause of loss." *Id.* at 8 (¶ 21).

4.

Louisiana law requires that this clear contractual language be enforced as written.

5.

The inundation of normally dry land with water is simply not covered under Allstate's policy. Moreover, the plaintiffs are not entitled to have the Court rewrite the policies to provide coverage for flood damage that is expressly excluded under the policy terms.

6.

Nor can the plaintiffs circumvent the clear and unambiguous flood exclusion by claiming that there is coverage because the flood damage was caused by "windstorm", "storm surge" and/or the negligent maintenance, design, and construction of the levees. Allstate's flood exclusion applies to all flooding, regardless of cause, and "whether or not driven by wind." *Id.* at 6 (¶ 1). The Allstate homeowner policy, moreover, expressly excludes coverage for loss to property caused by faulty, inadequate or defective design, construction, or maintenance, "whether on or off the residence premises by any person or organization," or "weather conditions that contribute in any way with a cause of loss excluded". *Id.* at 8 (¶ 22).

7.

Accordingly, Counts One and Two seeking coverage for flood damage must be dismissed.

8.

Count Three of Plaintiffs' Complaint fails to state a claim upon which relief may be granted. No claim lies under Louisiana law against an insurer for breach of the implied duty of good faith and fair dealing.

9.

Count Four of the Plaintiffs' Complaint fails to state a claim because (1) no claim lies under La. R.S. 22:1220 absent a valid underlying insurance claim; (2) Allstate's interpretation of its policy was reasonable and therefore, as a matter of law, Allstate did not act

arbitrarily, capriciously or without probable cause; and (3) Section 1220 (B)(6) is inapplicable to the claims at issue here.

10.

Count Five of the Plaintiffs' Complaint fails to state a claim because insurers do not owe a duty to advise plaintiffs of the existence of or to procure additional insurance.

11.

For all these reasons, and as fully set forth in the attached memorandum, judgment should be entered in favor of Allstate, dismissing the plaintiffs' claims against Allstate.

Respectfully Submitted,

_____
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
   Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
   and Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Dismiss Pursuant to Rule 12(b) has been served upon all counsel of record via electronic mail this 14th day of August, 2006.

*[signature]*