FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 16 PM 2: 55

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO:<br>INSURANCE<br>Civil Action Nos.<br>06-1672, 06-1673, 06-1674 | § § § § § § | JUDGE DUVAL<br><br>MAG. WILKINSON |

### AEGIS SECURITY INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CONSOLIDATED RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED AND RESTATED COMPLAINT BY DEFENDANTS THE STANDARD FIRE INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, THE AMERICAN INSURANCE COMPANY, AEGIS SECURITY INSURANCE COMPANY, AUTO CLUB FAMILY INSURANCE COMPANY, LAFAYETTE INSURANCE COMPANY AND THE HANOVER INSURANCE COMPANY

Aegis Security Insurance Company ("Aegis") submits this memorandum supplementing the Consolidated Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss (the "Consolidated Memorandum"). Aegis incorporates by reference the Consolidated Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended and Restated Complaint by Defendants The Standard Fire Insurance Company, Lexington Insurance Company, Liberty Mutual Fire Insurance Company, The American Insurance Company, Aegis Security

___ Fee_____
___ Process_____
X  Dktd_____
_  CtRmDep_____
___ Doc. No_____

Insurance Company, Auto Club Family Insurance Company, Lafayette Insurance Company and The Hanover Insurance Company ("Consolidated Rule 12(b)(6) Motion") and Consolidated Memorandum, as well as Sections III and IV of Allstate Insurance Company and Allstate Indemnity Company's Memorandum in Support of Motion to Dismiss (the "Allstate Brief") and Sections C and D of State Farm Fire and Casualty Company's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Amended and Restated Complaint (the "State Farm Brief").[1] Aegis files this supplemental brief to emphasize certain facts which are unique to Aegis and which make the arguments in support of its dismissal from this case even more compelling. In particular, plaintiffs' argument that they had a reasonable expectation that their policies would cover flood damages such as those claimed herein is implausible given the explicit notice Aegis directly provided to its policyholders advising that their policies provided no coverage for flood.[2] Aegis' policy contains nothing suggesting that flood damages–whether caused by hurricane, storm surge, failure of manmade structures, or any other source–are covered. Aegis' policy unambiguously

---

[1] These sections of the Allstate Brief and State Farm Brief address plaintiffs' bad faith and breach of fiduciary duty claims. Insofar as plaintiffs' complaint purports to assert a cause of action for breach of fiduciary duty against "Defendants State Farm, Allstate Indemnity, Allstate and Liberty Mutual and similarly situated Insurance Company Defendants [that] sell their homeowners insurance policies directly to their customers,..." these allegations do not apply to Aegis, who does not work through captive agents or the independent agency system.

[2] A certified copy of the policy Aegis issued to Michael Peterson has been filed into the record with the Consolidated Memorandum, attached to Appendix at Bates Nos. INS 000001 through INS 000036.

2

excludes coverage for *all* damage sustained as a result of water or flood, including the damages claimed by plaintiffs herein. As such, any purported belief by plaintiffs that their flood damages would be covered is clearly *un*reasonable. Plaintiffs' claims against Aegis should be dismissed, with prejudice.

## ARGUMENT

As discussed more fully in the Consolidated Memorandum and in the Allstate and State Farm Briefs, plaintiffs allege that they had a reasonable expectation that their policies would provide coverage for flood damage their properties sustained as a result of levee breaches following Hurricane Katrina. Aegis fails to understand how plaintiffs could assert an expectation of coverage for any type of flood damage given the explicit policy exclusion providing that:

1. We do not insure for loss caused **directly or indirectly** by any of the following. **Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.**

    \*\*\*

    c. **Water Damage**, meaning:

        (1) **Flood, surface water**, waves, tidal water, **overflow of a body of water**, or spray from any of these, **whether or not driven by wind;**....[3]

This language unambiguously excludes all flood damage, regardless of the cause of the flooding. Additional exclusions make it clear that the policy also excludes damage to

---

[3] *See* Aegis Policy Form MH03, p. 8, Section I-Exclusions, ¶1 at Bates No. INS 000011(emphasis added).

3

property caused by weather conditions or acts of negligence, as alleged in the factual allegations of plaintiffs' Amended and Restated Complaint, that contributes in any way to any event also causing water damage.[4] Further, as required by the Louisiana Department of Insurance, Aegis provided an *additional* notice to its policyholders (the "Policyholder Notice") reiterating that flood damages are not covered. The Policyholder Notice provided, in pertinent part:

**LOUISIANA**

**IMPORTANT NOTICE TO POLICYHOLDERS**

**THIS NOTICE IS TO ADVISE YOU OF SOME OF THE EXCLUSIONS FOUND UNDER YOUR AEGIS SECURITY MODIFIED HO-3 POLICY.**

As required by the Louisiana Department of Insurance, this notice is included with your policy for the purpose of advising you of certain exclusions and/or conditions that exist in this policy.

**This policy does not provide any coverage for Flood** or Earthquake.

Leakage losses are not covered under this policy. The policy defines leakage losses as leakage into the Home or other Structure caused by rain, snow, sleet, ice damming, ice breakup, freezing and/or thawing effect. This is excluded whether wind driven or not, unless the leakage is caused by a covered peril and the exterior damage that is the apparent cause of leakage is present.

***

---

[4] Aegis Policy Form MH03, p. 8, Section I-Exclusions, ¶2 at Bates No. INS 000011.

> The above outlined coverages, exclusions or conditions are provided solely for informational purposes, and this notice is not a part of your policy. Please read your policy for a detailed description of all coverages, exclusions and policy conditions. You should review any coverages, exclusions or conditions you do not fully understand with your agent or broker.[5]

Aegis' policy unambiguously excludes all damage caused by water, including flooding, whether driven by wind or not, and regardless of whether some other cause, including weather conditions or negligence, contributed to the cause of the damage. The Policyholder Notice reiterates that Aegis' policy provides *no* coverage for flood. Plaintiffs cannot seriously suggest that, despite these clear pronouncements, they had a "reasonable expectation" that their policies would provide coverage for the type of flood damage their properties sustained as a result of Hurricane Katrina. As recently noted by the Fifth Circuit, the reasonable expectations doctrine as recognized in Louisiana applies only where an insurance policy is ambiguous. *Coleman v. School Bd. of Richland Parish*, 04-30445 (5th Cir. 7/25/05), 418 F.3d 511, 517-18.[6] When the "language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation." *Id.* Here, plaintiffs can point to no ambiguity in Aegis' policy. Aegis' policy contains no provisions suggesting that some types of flood or water damage are covered. The policy makes no exception for water damage caused, as alleged by plaintiffs, by negligence, failure

---

[5] See LA HO Policyholder Notice LPHN, sent to all Aegis Louisiana policyholders, at Bates No. INS 000003.

[6] For an extended discussion of this point, see Consolidated Memorandum, section III(D), and cases cited therein.

of manmade structures, storm surge, or hurricane (Aegis' policy does not even contain a "hurricane deductible" as do some other policies used in the industry). The exclusion for water damage is clear and must be enforced as written.

## CONCLUSION

As set forth above, in the Consolidated Memorandum, and in the Allstate and State Farm Briefs, plaintiffs cannot escape the clear and unambiguous policy exclusions barring their claims. Aegis' policy excludes all water damage, including flooding, regardless of any other contributing causes of the damage, regardless of whether the damage is caused directly or indirectly by water, regardless of whether the water is driven by wind, and regardless of whether weather conditions or negligence contribute to the cause of the loss. Further, plaintiffs could not reasonably have expected their policies to provide coverage for their flood damages in light of these policy exclusions and the separate notice Aegis provided reiterating that its policy provided no coverage for flood. In any case, the reasonable expectations doctrine applies only where a policy is ambiguous, and Aegis' is not. Thus, the Aegis policy must be enforced as written, giving full effect to the exclusions and completely barring plaintiffs' claims. Plaintiffs' claims against Aegis in this matter should be dismissed, with prejudice.

KREBS, FARLEY, & PELLETERI, P.L.L.C.

_____
MAURA Z. PELLETERI (8463)
ANDREA MITTLEIDER (27578)
AMY M. SELTZER (28992)
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3570
Facsimile: (504) 299-3582

ATTORNEYS FOR AEGIS SECURITY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of August, 2006, served a copy of the foregoing pleading upon all counsel of record by facsimile and/or by electronic mail.

_____
MAURA Z. PELLETERI

7