

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILLIP REED, ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-2152 |
| UNITED STATES OF AMERICA, ET AL. | JUDGE DUVALL |
| | MAGISTRATE WILKINSON |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes King Fisher Marine Service, L.P. (hereinafter referred to as "King Fisher") who, in answer to the Class Action Complaint of Plaintiff, Phillip Reed, respectfully represents as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In further answering the allegations of the Complaint, defendant avers that:

### ARTICLE 1

The allegations of Article 1 of the Complaint state factual conclusions which do not require answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 2

The allegations of Article 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## ARTICLE 3

King Fisher Marine Services, L.P. admits that it is a foreign corporation that has done work in Louisiana, all other allegations in Article 3 are denied insofar as they pertain to King Fisher.

## ARTICLE 4

The allegations of Article 4 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 5

The allegations of Article 5 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 6

The allegations of Article 6 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 7

The allegations of Article 7 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 8

The allegations of Article 8 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 9

The allegations of Article 9 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 10

The allegations of Article 10 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 11

The allegations of Article 11 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 12

The allegations of Article 12 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 13

The allegations of Article 13 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 14

The allegations of Article 14 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 15

The allegations of Article 15 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 16

The allegations of Article 16 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 17

King Fisher admits that it dredged certain portions of the MR GO, in 2004, under a contract with the Army Corps of Engineers. All other allegations in this Article are denied for lack of sufficient information to justify a belief therein.

## ARTICLE 18

The allegations of Article 18 of the Complaint are denied.

## ARTICLE 19

The allegations of Article 19 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 20

The allegations of Article 20 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 21

The allegations of Article 21 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 22

The allegations of Article 22 of the Complaint do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 23

The allegations of Article 23 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 24

The allegations of Article 24 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 25

The allegations of Article 25 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 26

The allegations of Article 26 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 27

The allegations of Article 27 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 28

The allegations of Article 28 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 29

The allegations of Article 29 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 30

The allegations of Article 30 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 31

In answer to the allegations of Article 31 of the Complaint King Fisher repeats, reiterates, and reavers all of its answers and defenses pled herein.

## ARTICLE 32

The allegations of Article 32 of the Complaint are denied.

## ARTICLE 33

The allegations of Article 33 of the Complaint are denied.

## ARTICLE 34

The allegations of Article 34 of the Complaint are denied.

## ARTICLE 35

In answer to the allegations of Article 35 of the Complaint King Fisher repeats, reiterates, and reavers all of its answers and defenses pled herein.

## ARTICLE 36

The allegations of Article 36 of the Complaint are denied.

## ARTICLE 37

The allegations of Article 37 of the Complaint are denied.

## ARTICLE 38

The allegations of Article 38 of the Complaint are denied.

## ARTICLE 39

The allegations of Article 39 of the Complaint state legal conclusions which do not require an answer. However, if answer is required, same are denied insofar as King Fisher is concerned.

## ARTICLE 40

The allegations of Article 40 of the Complaint are denied in general and as to knowledge.

## ARTICLE 41

The allegations of Article 41 of the Complaint are denied in general and as to knowledge.

## ARTICLE 42

The allegations of Article 42 of the Complaint are denied.

## ARTICLE 43

In answer to the allegations of Article 43 of the Complaint King Fisher repeats, reiterates, and reavers all of its answers and defenses pled herein.

## ARTICLE 44

The allegations of Article 44 of the Complaint are denied.

## ARTICLE 45

The allegations of Article 45 of the Complaint are denied.

## THIRD DEFENSE

The Complaint fails to state a cause of action against King Fisher.

## FOURTH DEFENSE

King Fisher pleads that the plaintiff's claim is barred by prescription/statute of limitations.

### FIFTH DEFENSE

Neither King Fisher nor anyone for whose conduct King Fisher would be responsible is guilty of any negligence or fault whatsoever in any way with reference to the matters asserted in the Complaint.

### SIXTH DEFENSE

The claims alleged are barred as a they are due to an Act of God or *force majeure*, fortuitous events, and an extraordinary manifestation of the forces of nature.

### SEVENTH DEFENSE

Defendant denies that it owned or operated any vessel in connection with the plaintiffs' claim but, alternatively, if a vessel was involved, for which defendant is responsible, King Fisher urges that said vessel was seaworthy and in all respects fit for her intended purpose and that further and in the alternative, if there was any unseaworthiness of the vessel, it was not the proximate cause of the plaintiff's injuries.

### EIGHTH DEFENSE

King Fisher pleads that the claims fail, in whole or in part, because the prerequisites for a class action are not met.

### NINTH DEFENSE

Plaintiffs' claims are time barred, barred by statute of limitations, laches, and/or prescription.

### TENTH DEFENSE

Plaintiffs' claims against King Fisher are barred, as all work alleged in the Complaint was performed under the direction and control of the United States Army Corps of Engineers. Therefore,

King Fisher is granted immunity from suit in accordance with the government contractor's defense set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

### ELEVENTH DEFENSE

King Fisher alleges and invokes all constitutional affirmative defenses available under states and federal law.

### TWELFTH DEFENSE

King Fisher pleads that any damages alleged were not as a result of its fault or any party for whom King Fisher is responsible. Alternatively, in the event that King Fisher were to be found liable, which is specifically denied, King Fisher pleads the negligence and/or fault of third parties, namely the United States Army Corps of Engineers, or other entities for whom King Fisher is not responsible. All of King Fisher's rights under LA C.C. 2323, and the doctrine of comparative fault in maritime law, are asserted.

### THIRTEENTH DEFENSE

King Fisher alleges that plaintiffs fail to meet the jurisdictional requirements of the Public Vessels Act, 46 U.S.C. §§781-790

### FOURTEENTH DEFENSE

Under the circumstances, King Fisher desires to limit its liability and the liability of its vessels for any loss occasioned by events alleged in the Complaint, as provided by 46 U.S.C. §§181 *et seq.* and all other amendatory and supplementary acts. As the claims alleged by plaintiffs were not due to any privity of knowledge or action of the part of the owners of King Fisher, they are therefore entitled to limit any alleged liability to the value of the vessel or vessels involved.

### FIFTEENTH DEFENSE

The Complaint fails to state a cause of action under the Federal Water Pollution Prevention and Control Act, because there are no allegations regarding the discharge of pollutants into navigable waters by means of King Fisher's alleged dredging activities.

### SIXTEENTH DEFENSE

Plaintiffs of the purported class are not entitled to a jury trial. Alternatively, if a jury is empaneled, all members of the jury should be from another venue to avoid the empaneling of a purported class member to the jury.

### SEVENTEENTH DEFENSE

Plaintiffs assumed the risk of damages caused by flood and high water by acquiring or constructing homes in known flood zones.

### EIGHTEENTH DEFENSE

King Fisher adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent it applies.

### NINETEENTH DEFENSE

To the extent that any plaintiff has already received compensation for their losses, from any individual or governmental entity, King Fisher is entitled to a credit in the amount of payments made, as per the collateral source doctrine.

### TWENTIETH DEFENSE

King Fisher is immune from liability as all of the action alleged in the Complaint were performed in accordance with drawings and specifications provided by the U.S. Army Corps of Engineers.

### TWENTY-FIRST DEFENSE

King Fisher pleads the doctrine of intervening or superceding cause.

### TWENTY-SECOND DEFENSE

The plaintiff's damages, if any, resulted from the fault, negligence, and/or inattention to duty of others for whom King Fisher is not responsible, or from the plaintiff's own sole fault, negligence and/or inattention to duty, which negligence on the part of the plaintiff proximately contributed to the occurrence of the damages and the recovery of same by plaintiff is barred or mitigated by such contributory negligence.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims against King Fisher under the Suits in Admiralty act must be dismissed because 46 U.S.C.§741-752 provides a remedy exclusively against the United States of America in regards to contractors' vessels operated on behalf of the United States.

### TWENTY-FOURTH DEFENSE

Defendant reserves the right to supplement and amend this pleading as required.

WHEREFORE, King Fisher prays that, after all due proceedings be had, there be judgment in its favor, dismissing the claim of the plaintiffs, with prejudice, and at his costs, and all other relief as may be just and equitable under the circumstances.

Respectfully Submitted,

McALPINE & COZAD

_____
RICHARD A. COZAD, (#4537) T.A.
MICHAEL L. MCALPINE, (#9195)
EMMA A. MEKINDA (#28151)
701 S. Peters Street, Suite 300
New Orleans, LA 70130
Phone: (504) 561-0323; Fax: (504) 528-9442
*Attorneys for King Fisher Marine Services, L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record on this 16th day of August, 2006, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

_____

EAM/90941.1