UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § | CIVIL ACTION NO. 05-4182 “K”(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE & MRGO | § | |
| 05-4181 05-6314 06-0020 06-2346 | § | |
| 05-4182 05-6324 06-0886 06-2545 | § | |
| 05-5237 05-6327 06-2278 | § | |
| 05-6073 05-6359 06-2287 | § | |

**ENGINEERS’ JOINT OPPOSITION ON BEHALF OF BURK-KLEINPETER, INC., EUSTIS ENGINEERING COMPANY, INC., AND MODJESKI AND MASTERS, INC. TO PLAINTIFFS’ MOTION FOR LEAVE TO EXCEED PAGE LIMITATION AND TO PLAINTIFFS’ SUR-REPLY FOR THE LEVEE BREACH LITIGATION GROUP TO THE ENGINEERS’ RESPONSES AND SUPPLEMENTAL MEMORANDA TO PLAINTIFFS’ OMNIBUS MEMORANDUM IN OPPOSITION TO THE RULE 12(B)(6) JOINT MOTION AND RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF PEREMPTION TO DISMISS THE LEVEE AND MRGO GROUPS OF PLAINTIFFS’ COMPLAINTS**

*opp_727409_082106_tfgasa#1F.wpd*

# 1. TABLE OF CONTENTS

**PAGE**

1. TABLE OF CONTENTS . . . . . i

2. GENERAL OBJECTION . . . . . 1

3. SPECIFIC OBJECTIONS . . . . . 2

   I. POTENTIAL DEFENDANTS CANNOT CHANGE PEREMPTION DATES . . . . . 2

   II. MODJESKI'S FLOOD PROTECTION STATEMENT IS CONSISTENT . 2

   III. SUBSEQUENT SERVICES RENDERED ON REMOTE PROJECTS CANNOT CHANGE PEREMPTION DATES ON COMPLETED PROJECTS . . . . . 3

   IV. UNPLED FRAUD CONTENTIONS WARRANT NEITHER DISCOVERY NOR AMENDMENT . . . . . 4

   V. IPET'S INDEXED DISCOVERY WEBSITE PROVIDED PLAINTIFFS WITH UNLIMITED AND TIMELY ACCESS TO END DATE FACTS . . . . 5

   VI. THERE ARE NO MATERIAL ISSUES OF FACT . . . . . 6

      A. BKI . . . . . 6
      B. Eustis . . . . . 7
      C. Modjeski . . . . . 8

   VII. PEREMPTION AND RETROACTIVITY . . . . . 8

      A. Plaintiffs' Arguments are Both Tardy and Incorrect . . . . . 8
      B. Plaintiffs' Arguments Violate Statutory Construction Rules . . . . . 9
      C. Peremption Tolls Under all Time Periods . . . . . 9

4. CONCLUSION . . . . . 10

**MAY IT PLEASE THE COURT:**

On August 18, 2006, the Plaintiffs filed a motion to allow a Surreply to be filed, the Engineers' objected, and now offer this opposition.

**2. GENERAL OBJECTION**

Plaintiffs' late filing adds nothing of substance, and is a needless imposition on the Court. The Court established a briefing schedule that required the Engineers to file the peremption motion on June 15, 2006, with an opposition due on June 29, 2006, 14 days later. The Engineers provided to the plaintiffs all proof and the draft motion papers on May 25, 2006, a courtesy that increased plaintiffs' opposition time to 35 days. Reply Exhibit No. 8. Since May 25, 2006, the Engineers have changed neither a substantive material fact[1] nor an argument. Therefore, the Engineers have done nothing to warrant a late Surreply that needlessly taxes the Court's resources eight days before the hearing date.

Plaintiffs offer no good ground for allowing the Surreply to be filed only eight days before the hearing date. Now, 50 days after Plaintiffs' Opposition was due and 85 days after the Engineers provided the motion papers to the plaintiffs, plaintiffs move to submit re-argument of issues that plaintiffs addressed, or should have addressed, in their Opposition. To preserve the fairness of this proceeding and to avoid wasting judicial resources, the Court should enforce the Scheduling Order and deny plaintiffs' motion.

---

1 Eustis' August 11, 2006 supplemental affidavit adjusted one end date, but this did not change the ultimate factual predicate of the peremption argument. It is undisputed that Eustis' last services on that project ended more than ten years before plaintiffs' filed the first complaint.

## 3. SPECIFIC OBJECTIONS

### I. POTENTIAL DEFENDANTS CANNOT CHANGE PEREMPTION DATES

Plaintiffs suggest that further amended pleadings are warranted because Eustis' supplemental affidavit disclosed previously unknown engineers, including Pepper and Associates, Inc. ("Pepper"). Plaintiffs are wrong. Eustis' original (May 31, 2006) affidavit included correspondence to and from Pepper. Eustis Ex. Nos. 4.1-4.3. Plaintiffs' mistake does not justify amended pleadings.

Furthermore, plaintiffs' alleged inability to identify other engineers is irrelevant. The Engineers' peremption motions are grounded on the end dates listed in certified copies of public and business records for specific engagements on projects that breached. Purportedly unknown engineers cannot change written end dates. For these reasons, plaintiffs' inability to locate other potential engineers is not only wrong, but is irrelevant.

### II. MODJESKI'S FLOOD PROTECTION STATEMENT IS CONSISTENT

Plaintiffs claim that Eustis' supplemental affidavit disclosure of a railroad trestle project raises questions about a prior statement made by Modjeski. Modjeski's prior statement concerned only flood control projects, the projects at issue in this litigation. The railroad trestle is not a flood control project and is not a project at issue in the litigation. The object of the Engineers' motions is to obtain dismissal of the perempted claims on those flood control projects that suffered structural breaches and which led to the damages that the plaintiffs seek to recover. For these reasons, plaintiffs' "contradictory statements" argument has nothing to do with putting at issue end dates on flood control projects that breached, and is therefore, irrelevant and objectionable.

## III. SUBSEQUENT SERVICES RENDERED ON REMOTE PROJECTS CANNOT CHANGE PEREMPTION DATES ON COMPLETED PROJECTS

Plaintiffs contend that work performed on areas of a canal that did not breach contributed to the breaches. Surreply, p. 2. Plaintiffs'reliance on a passage from Kirsch illustrates the disingenuousness of plaintiffs' remote project defense to peremption. Kirsch seeks "[D]amages . . . [that are the] result of improper . . . design of **levees and floodwalls**. . . ."[2] (emphasis added). The Kirsch allegations are drawn to flood control projects; the Kirsch quote makes no mention of remote projects such as railroad trestles, bridges, pump stations, and other non-flood protection projects that did not breach. Additionally, the first part of the Kirsch quote distinguishes plaintiffs' joint claims against the engineers and contractors, and those claims made solely against the contractors. However, in the Surreply, the plaintiffs improperly seek to graft Kirsch's sole negligence claims against the contractors onto the Engineers.[3] This extension of the pleadings and the argument is improper.

The plaintiffs' Surreply attempts to submit, for the first time, an affidavit from a David Rosenberg to support the theory that remote projects may have contributed to the breaches. The affidavit fails to address the Engineers' peremption defense, and comes too

---

[2] "[D]amages are a result of improper and/or negligent design, construction, and maintenance of the **levees and floodwalls** by various **contractors and engineers**, and/or the weakening of the levees and/or flood walls **caused by** the negligence of various **contractors** while engaged in various other activities along the canals." Surreply, p. 4. (emphasis added).

[3] Id.

late (120 days after the Engineers disclosed remote projects[4] and 50 days after the Scheduling Order deadline for plaintiffs' proof[5]). Moreover, Rosenberg's declaration neither controverts the end dates proven by the Engineers, nor attests to any need for any additional end date discovery.

Subsequent services rendered on other projects have no effect on the end dates of perempted flood control projects. Plaintiffs once more fail to raise a material end date fact. For these reasons, the plaintiffs' Surreply is irrelevant and objectionable.

## IV. UNPLED FRAUD CONTENTIONS WARRANT NEITHER DISCOVERY NOR AMENDMENT

Plaintiffs again claim that a fraud amendment should be allowed. Plaintiffs covered this in the June 29, 2006 Opposition; however, plaintiffs have continuously refused to tender a fraud based complaint, admittedly fearing Rule 11 sanctions. Plaintiffs may not engage in "fraud" discovery while, at the same time, avoid the special pleading requirements of Rule 9. For these reasons, plaintiffs' Surreply is irrelevant, duplicative and objectionable.

---

4 *See*, the Engineers' April 20, 2006 Disclosure Statements, Exhibit Nos. EO 1-EO 3.

5 Moreover, even if timely, Rosenberg's declaration is inadmissible speculation, inapplicable to the Engineers (service providers), not grounded upon probability, and is therefore, insufficient as a matter of law to carry any evidentiary burden. Additionally, Rosenberg's declaration contains no factual, educational or licensing foundation, nor any indication that he has qualified either as a licensed civil engineer in Louisiana or that the Court would accept him after a Daubert examination. FED. R. EVID. 702; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

## V. IPET'S INDEXED DISCOVERY WEBSITE PROVIDED PLAINTIFFS WITH UNLIMITED AND TIMELY ACCESS TO END DATE FACTS

Plaintiffs contend that 235 boxes of organized and indexed records, focused solely on the design and the construction of each of the flood control projects that suffered a breach, is insufficient discovery. IPET's files are indexed by area, by project, by contract, by report, by as-built, *etc*. Reply Exhibit Nos. 4 & 6.[6] IPET's index obviates any purported need for a digital search engine. After more than 200 days of access to all of these highly indexed records, the plaintiffs have found not one single document to put at issue any of the peremption end dates proven by the Engineers.

Judge Duval's Orders mandated that the Engineers provide accelerated responses to the plaintiffs' focused requests for disclosures and document requests. The plaintiffs' Surreply pleads for additional discovery, but never explains what "end date fact" additional discovery will change.

The plaintiffs now suggest that the dates on IPET's public records are questionable. The Engineers offered to stipulate to IPET's records. However, on May 26, 2006, plaintiffs refused to stipulate. Reply, Exhibit No. 9. Yet, despite all of the formal and informal discovery, plaintiffs have not contested a single end date. The statements of the Engineers have nothing to do with the end dates in the certified, self-proving, public record. For this self-proving public record reason alone, there is no need for further discovery.

---

[6] Plaintiffs suggest that if all of the information in Eustis' supplemental affidavit was listed on IPET there would be no reason for that filing. Plaintiffs are partly correct, as much of the information contained in Eustis' supplemental affidavit is found on IPET. Therefore, there was no prejudice to plaintiffs associated with Eustis' supplemental affidavit.

## VI. THERE ARE NO MATERIAL ISSUES OF FACT

### A. BKI

Plaintiffs initially identified correctly all the floodwalls which breached, and the two Engineers who drew the plans for those structures. Those Engineers acknowledged that they prepared the drawings and specifications, so the Engineers on all of the breaches are accounted for.

BKI was involved only with the breach on the London Avenue Canal; and BKI established in the Engineers Joint Motion that any claims against BKI on that project are perempted. Plaintiffs now seek to defeat or delay BKI's peremption motion on the ground that their pleadings comprehend any project on any of the three canals, and that there should be "proper discovery" on all such projects before the summary judgment should be considered.

This is an inadequate defense against the summary judgment. The court should not consider it because:

(a) The affidavit of Rosenberg is useless in this context. No matter how it is parsed, it says nothing about anything. It would be inadequate to prove any fact or for any other purpose.

(b) The plaintiffs have not moved to amend their Complaints to make a definite statement of claim against BKI on any of the other projects. One can only infer that this is because they fear Rule 11 sanctions from such an amendment, as they do from an amendment to allege fraud.

(c) Plaintiffs do not offer an allegation, much less a scintilla of evidence from any source, against BKI on any other project, notwithstanding the wealth of

available information from public sources. On those other projects BKI is, therefore, just like the many other engineers who did projects on the three canals which did not breach.

BKI should be dismissed from this litigation now.

**B. Eustis**

On April 20, 2006, and on May 31, 2006, Eustis unequivocally disclosed that it had performed services on the London Avenue Canal[7] and the IHNC[8] Systems that were not perempted, but declared under oath that those services related only to subsequent engagements that were remote from and not related to the floodwalls that breached. Eustis' supplemental affidavit did not change the peremption date facts. Plaintiffs' Surreply is not based on the information in Eustis' Supplemental Affidavit and is therefore tardy and improper. Nevertheless, even in the Surreply, plaintiffs have failed to controvert Eustis' proof of the peremptive end dates on all of the engagements at the breach sites.

**C. Modjeski**

Plaintiffs' mention of the project for the Norfolk and Southern Railroad trestle over

---

7 After peremption on flood control project #12423 tolled, Eustis rendered services in connection with project #16329, services that were not conducted at the breach site. Eustis provided a map. That map demonstrates that Eustis' services were conducted adjacent to a street and remote from the pump station and further removed from the London Avenue Canal. Eustis Exhibit No. 3.3. All of the other services that Eustis rendered near the London Avenue Canal breach from 2000 to 2004 were on other non-flood control projects, none of which suffered a breach.

8 In Eustis' original May 31, 2006 affidavit, Eustis explained that these services were remote from any breach of a flood protection project and further were either not acted upon by the client or consisted of services for a generator foundation near a pump station. Eustis' Affidavit, ¶ 19-20; 46-50.

the London Avenue Canal serves only to obfuscate. Modjeski's client, Norfolk and Southern, was concerned that proposed work at Pump Station No. 3, which was to involve dewatering of the collection basin between the Pump Station and the floodgate while new pumps were installed, would affect the trestle embankment, and possibly cause the trestle to move or settle. Modjeski commissioned Eustis to analyze the embankment soils, for which Eustis issued the letter report contained in the Eustis supplemental affidavit. The Eustis soil investigation had nothing to do with the Canal flood protection, and the trestle and its embankment were more than one mile from the south most levee breach of the London Avenue Canal, near Mirabeau Avenue. Neither the Pump Station work, which was done before Hurricane Katrina, nor the trestle embankment, caused the London Avenue Canal levee failures.

All of plaintiffs' claims against Modjeski on the 17th Street Canal are perempted. Of the seven projects which Modjeski did for that Canal, only two were at the breach site, and those projects were accepted more than ten years before plaintiffs' first suit was filed. Plaintiffs do not dispute the end dates of these projects or the peremption of plaintiffs' claims therefor.

## VII. PEREMPTION AND RETROACTIVITY

### A. Plaintiffs' Arguments are Both Tardy and Incorrect

Plaintiffs' had ample opportunity to and did address peremption in opposition, therefore, the Surreply is duplicative and tardy. Furthermore, plaintiffs' arguments about the applicable peremption statute and unconstitutional application of R.S. 9:5607 are without merit, and ignore the fact that plaintiffs' cause of action did not accrue until the levees broke and the damages occurred, and that the plaintiffs had no vested rights as of

the time that R.S. 9:5607 was enacted.  Plaintiffs also ignore the principles set forth by the Louisiana Supreme Court in Reeder v. North, the stark and unambiguous language of R.S. 9:5607, and the will of the Louisiana Legislature.

### B.    Plaintiffs' Arguments Violate Statutory Construction Rules

Actions against engineers and other design professionals are governed by a five year peremptive period.  LA. REV. STAT. ANN. § 9:5607 (2006).  In cases where sections 9:2772 and 9:5607 could both be considered preliminarily, the statutory language is abundantly clear.  "The provisions of this Section [9:5607] **shall take precedence over and supersede** the provisions of R.S. 9:2772. . . ."  LA. REV. STAT. ANN. § 9:5607(D) (2006). (emphasis added).  Plaintiffs' Surreply argument, that section 9:2772 "covers all claims arising out of construction projects, including claims against engineers," ignores both the clear statutory language and our rules of statutory construction.  LA. REV. STAT. ANN. §§ 1:4 and 9:5607(D) (2006).

### C.    Peremption Tolls Under all Time Periods

Even if plaintiffs' analysis of the applicable peremption statute is correct, and a longer period is applied, the extinguishment outcome does not change.  The uncontroverted proof is that, on a levee or floodwall project that breached, the Engineers last services ended in August of 1994.  *See* Engineers' Memorandum, pp. 8-10.  Even under plaintiffs mistaken peremption analysis, plaintiffs admit that all claims against the Engineers on these projects expired in ten years or on August 31, 2004, more than one year before the first complaint was filed.[9]

---

[9]   Similarly, the last acceptance end date on the 17th Street and IHNC is April 25, 1995.  Under plaintiffs' ten year analysis, all claims on these projects

For these reasons, the plaintiffs' peremption argument in the Surreply is wrong, irrelevant and objectionable.

**4. CONCLUSION**

Despite the 27 pages of argument and two inadmissible affidavits, the plaintiffs fail to state what material end date fact is disputed or will be proven if discovery is allowed to go forward.[10] Plaintiffs' utter failure to place at issue a single date in a certified public or an admissible business record is fatal to any claim for Rule 56(f) discovery and to plaintiffs' positions regarding peremption, whether in the Surreply or in the Opposition.

---

expired on April 25, 2005, months before plaintiffs filed the first complaint.

10 Plaintiffs fail to establish factual issues necessary to defeat Modjeski's Rule 56 and 12(b)(6) Motions as to claims against it on the 17th Street Canal, London Avenue Canal and MRGO, and offer no facts which establish that Modjeski provided services relative to levees, floodwalls, dredging, drainage or other flood protection work on the London Avenue Canal or MRGO. Plaintiffs fail to establish factual issues necessary to defeat Eustis' Rule 56 and 12(b)(6) Motions as to claims against it on the 17th Street Canal, London Avenue Canal and MRGO, and offer no facts which establish that Eustis provided services relative to levees, floodwalls, dredging, drainage or other flood protection work on the MRGO.

Respectfully Submitted,

GARDNER & KEWLEY
A Professional Law Corporation

s/Thomas F. Gardner
THOMAS F. GARDNER, T.A. (#1373)
DOUGLAS A. KEWLEY (#7355)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana 70005
Telephone: (504) 832-7222
Facsimile: (504) 832-7223

**ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY, INC., DEFENDANT AND MOVER**

DEUTSCH, KERRIGAN & STILES, L.L.P.

s/Charles F. Seemann, Jr.
CHARLES F. SEEMANN, JR. (#11912)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**
**BURK-KLEINPETER, INC. AND DEFENDANT AND MOVER**

DEUTSCH, KERRIGAN & STILES, L.L.P.

s/Victor E. Stilwell, Jr.
VICTOR E. STILWELL, JR., T.A. (#12484)
FRANCIS J. BARRY, JR. (#02830)
KEITH J. BERGERON (#25574)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**
**MODJESKI AND MASTERS, INC. DEFENDANT AND MOVER**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 21st day of August, 2006, served a copy of the Engineers' Joint Opposition on Behalf of Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., and Modjeski and Masters, Inc., to Plaintiffs' Motion for Leave to Exceed Page Limitation and to Plaintiffs' Surreply for the Levee Breach Litigation Group to the Engineers' Responses and Supplemental Memoranda to Plaintiffs' Omnibus Memorandum in Opposition to the Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on counsel for all parties to this proceeding, by e-filing, by e-mail or United States Mail, postage prepaid.

s/Thomas F. Gardner
THOMAS F. GARDNER