FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 21  PM 1:02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NUMBER: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO: MRGO, *Robinson*, (No. 06-2268) | |

### PLAINTIFFS' EVIDENTIARY OBJECTIONS TO GOVERNMENT EXHIBITS

A.  **GENERAL OBJECTIONS**

Each of the objections set forth below applies to Exhibits 1 and 3 through 11 (collectively, the "Exhibits") filed with the Government's Motion to Dismiss Plaintiffs' Complaint in the above-referenced litigation:

1.  Plaintiffs object to the Exhibits on grounds that the Government offered them as "evidence" without providing any Request for Judicial Notice, affidavit or declaration

___ Fee____
___ Process____
_X_ Dktd____
_✓_ CtRmDep____
___ Doc. No____

1

and that therefore the Exhibits constitute inadmissible evidence. Fed. R. Evid. 201; Weinstein, *Federal Evidence*, Sec. 201.30[a], pp. 201-59 (2005).

2. Plaintiffs object to the Exhibits on the grounds that they lack foundation and therefore constitute inadmissible evidence. Fed. R. Evid. 901; *Railroad Management Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005).

3. Plaintiffs object to the Exhibits on the ground that they are unauthenticated and therefore constitute inadmissible evidence. Fed. R. Evid. 901; *Railroad Management Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005).

4. Plaintiffs object to the Exhibits on the ground that they do not indicate whether they are drafts or final versions of the documents they purport to be. Fed. R. Evid. 901.

5. Plaintiffs object to the Exhibits because they are not adjudicated facts and therefore may not be judicially noticed. Fed. R. Evid. 201; *Ellis v. Weasler Engineering, Inc.*, 258 F. 3d 326, 334 (5th Cir. 2001).

6. Plaintiffs object to the Exhibits because they contain disputed issues of fact and therefore may not be judicially noticed. Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982).

7. Plaintiffs object to the Exhibits on grounds that the excerpts of the documents electronically filed as Exhibits are misleading and incomplete.

8. Plaintiffs object to the Exhibits on grounds that the complete versions of those documents, which were submitted to the Court by mail, contain thousands of pages and are so voluminous that they preclude a search for the relevant and often contradictory sections to the selected portions of those Exhibits that were electronically filed.

9. Plaintiffs object to the Exhibits on grounds that they are improper under the Government's "facial" attack to the Complaint on the issue of subject matter jurisdiction pursuant to Rule 12(b)(1). *Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1981); *Williamson v. Tucker*, 645 F. 2d 404, 412 (5th Cir. 1981).

B. **SPECIFIC OBJECTIONS**

Plaintiffs hereby make the following objections to each of the following Exhibits:

1. **Exhibit 1.** Exhibit 1 purports to be a Letter from the Secretary of the Army Transmitting a Letter from the Chief of Engineers, U.S. Army, dated May 5, 1948, Submitting a Report and an Illustration, on a Review of Reports on and a Preliminary Examination and Survey of the Mississippi River Gulf Outlet and the Mobile to New Orleans Intracoastal Waterway, requested by Resolutions of the Committee on Rivers and Harbors, House of Representatives. Plaintiffs object to Exhibit 1 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

   c. is hearsay (Fed. R. Evid. 801 and 802);

   d. is not relevant evidence (Fed. R. Evid. 401 and 402);

   e. references documents therein – the Report of Chief of Engineers on the Mississippi River Gulf Outlet Project, and the underlying reports on the preliminary examination – that each speak for itself; and

   f. references the Letter of Transmittal, the Comments of the Bureau of the Budget, and the Report of Chief of Engineers, which are not the "best evidence" – that being the underlying reports referenced therein.

3

    g. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201);

    h. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)); and

    i. may not be judicially noticed since it contains legislative commentary, not facts (Fed. R. Evid. 201; *American Trucking, Inc. v. I.C.C.*, 659 F. 2d 452, 459 (5th Cir. 1981)).

2. **Exhibit 3.** Exhibit 3 purports to be a Letter from the Chief of Engineers for the United States Army transmitting the Report of Board of Engineers for River and Harbors on Review of Reports Heretofore Submitted on Mississippi River Gulf Outlet and the New Orleans Industrial Canal. Plaintiffs object to Exhibit 3 on the grounds that it:

    a. lacks foundation (Fed. R. Evid. 901);

    b. is not authenticated (Fed. R. Evid. 901);

    c. is hearsay (Fed. R. Evid. 801 and 802);

    d. is not relevant evidence (Fed. R. Evid. 401 and 402);

    e. references documents therein – the Report of Chief of Engineers on the Mississippi River Gulf Outlet Project and the underlying reports "Heretofore Submitted on Mississippi River Gulf Outlet and the New Orleans Industrial Canal". – that each speaks for itself;

4

f. references the Letter of Transmittal and the Report of Chief of Engineers on the Mississippi River Gulf Outlet Project, which are not the "best evidence" – that being the underlying reports referenced therein.

g. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201);

h. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)); and

i. may not be judicially noticed since it contains legislative commentary, not facts (Fed. R. Evid. 201; *American Trucking Associations, Inc. v. I.C.C.*, 659 F. 2d 452, 459 (5th Cir. 1981)).

3. **Exhibit 4.** Exhibit 4 purports to be a Corps of Engineers, U.S. Army, Mississippi River – Gulf Outlet Louisiana – Design Memorandum No. 1-A Channels, Mile 63.77. Plaintiffs object to Exhibit 4 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

   c. is hearsay (Fed. R. Evid. 801 and 802);

   d. is not relevant evidence (Fed. R. Evid. 401 and 402);

   e. is speculative and conjecture since it contains unidentified handwritten comments for which no foundation has been laid, come of which indicate that the document is a draft (*Marshall ex rel. v. E. Carroll Parish Hosp. Service Dist.* 134 F. 3d 319, 324 (5th Cir. 1998));

5

    f. is not the "best evidence" – that being the final version – if indeed it is a draft of the design memorandum it purports to be;

    g. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

    h. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

4. **Exhibit 5.** Exhibit 5 purports to be a Department of Army, Mississippi River – Gulf Outlet, St. Bernard Parish, Louisiana, Reconnaissance Report on Channel Bank Erosion, dated February 1988. Plaintiffs object to Exhibit 5 on the grounds that it:

    a. lacks foundation (Fed. R. Evid. 901);

    b. is not authenticated (Fed. R. Evid. 901);

    c. is hearsay (Fed. R. Evid. 801 and 802);

    d. is not relevant evidence (Fed. R. Evid. 401 and 402);

    e. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

    f. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

5. **Exhibit 6.** Exhibit 6 purports to be a Letter from the Chief of Engineers, Department of Army, dated March 4, 1964, Submitting a Report, Together With Accompanying Papers and Illustrations on a Review of the Reports on, and an Interim Hurricane

6

Survey of Lake Pontchartrain and Vicinity, Louisiana, Requested by Resolutions of the Committee on Public Works, United States Senate. Plaintiffs object to Exhibit 6 on the grounds that it:

a. lacks foundation (Fed. R. Evid. 901);

b. is not authenticated (Fed. R. Evid. 901);

c. is hearsay (Fed. R. Evid. 801 and 802);

d. is not relevant evidence (Fed. R. Evid. 401 and 402);

e. references documents therein – the Lake Pontchartrain and Vicinity, Louisiana, Report of the Chief of Engineers, Department of Army (the "Report"), the accompanying documents and illustrations, and the underlying reports upon which the review was conducted that produced the Report – that each speaks for itself;

f. references the Letter of Transmittal and the Report, which are not the "best evidence" – that being the underlying reports referenced therein;

g. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

h. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)); and

i. may not be judicially noticed since it contains legislative commentary, not facts (Fed. R. Evid. 201; *American Trucking Associations, Inc. v. I.C.C.*, 659 F. 2d 452, 459 (5th Cir. 1981)).

6. **Exhibit 7.** Exhibit 7 purports to be the U.S. Army Corps of Engineers, New Orleans District, Lake Pontchartrain Louisiana, and Vicinity Hurricane Protection Project, Reevaluation Study, July 1984, Volume 1. Plaintiffs object to Exhibit 7 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

   c. is hearsay (Fed. R. Evid. 801 and 802);

   d. is not relevant evidence (Fed. R. Evid. 401 and 402);

   e. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

   f. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)); and

   g. may not be judicially noticed since it contains legislative commentary, not facts (Fed. R. Evid. 201; *American Trucking Associations, Inc. v. I.C.C.*, 659 F. 2d 452, 459 (5th Cir. 1981)).

7. **Exhibit 8.** Exhibit 8 purports to be a Corps of Engineers, U.S. Army, Mississippi River – Gulf Outlet, Louisiana, Decision Memorandum No. 1-B Channels Mile 39.01– Mile 63.77, September 1958 (revised May 1959). Plaintiffs object to Exhibit 8 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

    c. is hearsay (Fed. R. Evid. 801 and 802);

    d. is not relevant evidence (Fed. R. Evid. 401 and 402);

    e. is speculative and conjecture since it contains unidentified handwritten notes on its face for which no foundation has been laid (*Marshall ex rel. v. E. Carroll Parish Hosp. Serv. Dist.* 134 F. 3d 319, 324 (5th Cir. 1998));

    f. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

    g. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

8. **Exhibit 9.** Exhibit 9 purports to be the Army Corps of Engineers, New Orleans District, Mississippi River – Gulf Outlet St. Bernard Parish, La. Bank Erosion Reconnaissance Report dated January 1994. Plaintiffs object to Exhibit 8 on the grounds that it:

    a. lacks foundation (Fed. R. Evid. 901);

    b. is not authenticated (Fed. R. Evid. 901);

    c. is hearsay (Fed. R. Evid. 801 and 802);

    d. is not relevant evidence (Fed. R. Evid. 401 and 402);

    e. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

    f. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th

Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

9. **Exhibit 10.** Exhibit 10 purports to be a Final Environmental Statement, Final Composite Environmental Statement for Operation and Maintenance Work on These Navigation Projects in the Lake Borgne Vicinity, Louisiana, U.S. Army Engineer, District New Orleans, New Orleans, Louisiana, dated March 1976. Plaintiffs object to Exhibit 10 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

   c. is hearsay (Fed. R. Evid. 801 and 802);

   d. is not relevant evidence (Fed. R. Evid. 401 and 402);

   e. is speculative and conjecture since it contains a legend indicating certain structures for which no foundation has been laid or any date provided (*Marshall ex rel. v. E. Carroll Parish Hosp. Serv. Dist.* 134 F. 3d 319, 324 (5th Cir. 1998)).

   f. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

   g. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982). *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

10. **Exhibit 11.** Exhibit 11 purports to depict in an illustrated map, the Lake Pontchartrain, Lake Borgne, and Mississippi River-Gulf Outlet and the surrounding vicinity. Plaintiffs object to Exhibit 11 on the grounds that it:

   a. lacks foundation (Fed. R. Evid. 901);

   b. is not authenticated (Fed. R. Evid. 901);

   c. is hearsay (Fed. R. Evid. 801 and 802);

   d. is not relevant evidence (Fed. R. Evid. 401 and 402);

   e. the topography referenced therein – speaks for itself;

   f. is not the "best evidence," that being the actual topography that it purports to depict and comment upon;

   g. may not be judicially noticed since it does not contain adjudicated facts (Fed R. Evid. 201); and

   h. may not be judicially noticed since it contains disputed issues of fact (Fed. R. Evid. 201; *Hardy v. Johns-Mansville Sales Corp.*, 681 F. 2d 334, 347-48 (5th Cir. 1982); *Scanlan v. Texas A&M University*, 343 F.3d 533, 536-37 (5th Cir. 2003)).

Dated: August 21, 2006            Respectfully submitted,

                                  **O'Donnell & Mortimer LLP**

                                  By: /s/ Pierce O'Donnell
                                  Pierce O'Donnell (*pro hac vice*)
                                  Nina D. Froeschle (*pro hac vice*)
                                  550 South Hope Street, Suite 2000
                                  Los Angeles, California 90071-2627
                                  Telephone: (213) 532-2000
                                  Facsimile:  (213) 532-2020

**The Andry Law Firm, LLC**

By: _____
Jonathan B. Andry (LSBA No. 20081)
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 585-1788

**Bruno & Bruno**

Joseph M. Bruno (LSBA No. 3604)
David S. Scalia (LSBA No. 21369)
855 Baronne Street
New Orleans, Louisiana 70133
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

**Domengeaux Wright Roy & Edwards LLC**

Bob F. Wright (LSBA No. 13691)
James P. Roy (LSBA No. 11511)
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile: (337) 233-2796

**Fayard & Honeycutt**

Calvin C. Fayard, Jr. (LSBA No. 5486)
Blayne Honeycutt (LSBA No. 18264)
519 Florida Avenue, S.W.
Denham Springs, Louisiana 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925

**Girardi & Keese**

Thomas V. Girardi (*pro hac vice*)
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile: (213) 481-1554

**Ranier, Gayle & Elliot, LLC**

N. Frank Elliot III
1419 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 494-7171
Facsimile: (337).494.7218

**Levin, Papantonio, Thomas, Mitchell Echsner & Proctor, P.A.**

Clay Mitchell (*pro hac vice*)
Matt Schultz (*pro hac vice*)
316 S. Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile: (850) 436-6123

**McKernan Law Firm**

Joseph Jerry McKernan (LSBA No 10027)
John Smith (LSBA No. 23308)
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Telephone: (225) 926-1234
Facsimile: (225) 926-1202

**Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC**

Gerald E. Meunier (LSBA 9471)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

13

**Law Office of Elwood C. Stevens, Jr., a Professional Law Corporation**

Elwood C. Stevens, Jr. (LSBA No. 12459)
1205 Victor II Boulevard
P.O. Box 2626
Morgan City, Louisiana 70381
Telephone: (985) 384-8611
Facsimile: (985) 385-4861

**Cotchett, Pitre, Simon & McCarthy**

Joseph W. Cotchett (*pro hac vice*)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**Law Office of Frank J. D'Amico, Jr. APLC**

Frank J. D'Amico, Jr. (LSBA No. 17519)
Richard M. Exnicios, Esq. (LSBA No. 25666)
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-9561
Fax: 504-525-9522

**Salas & Co., LC**

Camilo K. Salas, III (LSBA No. 11657)
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: (504) 799-3080
Facsimile: (504) 799-3085

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2006, I served a true copy of the Plaintiffs' Evidentiary Objections to Government Exhibits upon counsel for the United States of America by electronic mail, facsimile, or first class mail.

_____
JONATHAN B. ANDRY