

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 21  PM 4:48

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION * | |
| * | SECTION "K" |
| * | |
| PERTAINS TO: * | MAGISTRATE (2) |
| ALL LEVEE, MRGO * | |
| RESPONDER CASES AND TO * | JUDGE DUVAL |
| NOS. 05-4181 * | |
| 06-1850 * | MAGISTRATE WILKINSON |
| 06-1885 * | |
| 06-4024 * | |
| 06-4389 * | |
| * * * * * * * * * * * * * * * * * | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION
### TO THE CONTRACTORS' AND ENGINEERS'
### MOTIONS TO DISMISS AND/OR
### FOR SUMMARY JUDGMENT
### <u>ON GROUNDS OF PEREMPTION</u>

**MAY IT PLEASE THE COURT:**

On Thursday, August 17, 2006, a new Complaint was filed against the "non-federal defendants" alleging admiralty and maritime jurisdiction and application of the general maritime law to the substantive claims against the contractor and engineer defendants.[1] Plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885, 06-4024 and 06-4389, adopt herein and incorporate by reference thereto the various arguments made by the Interim Plaintiffs' Liaison Committee in Memoranda in Opposition to the contractors'

---

[1] Pages 1 and 22-33 are appended hereto for the Court's ready reference, deleting some 20 pages which simply identify each plaintiff by name.

Fee_____
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No_____

and engineers' motions to dismiss and/or for summary judgment on grounds of peremption, including particularly the argument that the motions implicate discovery, (and thus far there has been no discovery to speak of in these consolidated cases), rendering the motions entirely premature. In this regard, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885, 06-4024 and 06-4389 also aver that the moving contractor and engineer defendants had actual knowledge of conditions which their work implicated, but said nothing to anyone about what was implicated by their work, which would, at the very least, raise the possibility of "fraud" under any legal definition, but including the definition contained in Louisiana Civil Code Article 1953. Additionally, however, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885, 06-4024 and 06-4389 do hereby invoke the rule that state law is preempted by federal maritime law. See American Dredging Co. v. Miller, 510 U.S. 443, (1994). More particularly, plaintiffs in those Civil Actions aver that state law peremption is substantive in nature,[2] and is preempted by the application of the general maritime law, which has now been invoked in these consolidated cases. More particularly, plaintiffs aver that application of the state statutes invoked by the moving contractor and engineer defendants would interfere with the proper harmony and uniformity of maritime law. Accordingly, plaintiffs in Civil Action Nos. 05-4181, 06-1850, 06-1885, 06-4024 and 06-4389 respectfully submit that the contractors' and engineers' motions to dismiss and/or for summary judgment on grounds of peremption should be denied because the issues implicate discovery, the possibility of fraud raises the application of the doctrine of *contra non valentum*, and because state peremption statutes are preempted by the general maritime law.

---

[2] Because it involves the loss of substantive rights.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 21st day of August 2006.