## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | § | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | § | **NO. 05-4182 "K"(2)** |
| | § | **JUDGE DUVAL** |
| | § | **MAG. WILKINSON** |
| _____ | § | |
| | § | |
| **PERTAINS TO: 06-4066 (Ackerson)** | § | |
| _____ | § | |

## ANSWER AND AFFIRMATIVE DEFENSE
## OF LUHR BROS., INC.

Defendant, Luhr Bros., Inc. ("Luhr"), responds to the Class Action Complaint

("Complaint") filed by plaintiff, Fellosea Ackerson, et al ("Ackerson"), as follows:

## FIRST DEFENSE

The Complaint filed by plaintiff Ackerson fails to state a cause of action against

this defendant for which relief may be granted, and specifically but not limited to, claims

under The Suits in Admiralty Act, 46 U.S.C. §§741-752; The Public Vessels Act, 46

U.S.C. §§781-790; The Water Pollution Control Act, 33 U.S.C. §1251, et seq., and The

Flood Control Act of 1928, 33 U.S.C. §703c.  However, should any such statutes be

determined as applicable herein, then Luhr claims all immunities and defenses afforded by such statutes as may be found applicable herein.

## SECOND DEFENSE

The Complaint fails to meet the prerequisites for a class action.

## THIRD DEFENSE

Plaintiff's claims are barred since the facts alleged by plaintiff are considered an act of God, force majeure, fortuitous event or extraordinary manifestation of the forces of nature.

## FOURTH DEFENSE

Plaintiff's claims against Luhr are barred by prescription, time bar, statutes of limitation and/or laches.

## FIFTH DEFENSE

Plaintiff's claims against Luhr are extinguished in accordance with the statutes referenced in the Complaint, to include, but not limited to, The Suits in Admiralty Act, 46 U.S.C. §§741-752; The Public Vessels Act, 46 U.S.C. §§781-790; The Water Pollution Control Act, 33 U.S.C. §1251, et seq., and The Flood Control Act of 1928, 33 U.S.C. §703c, should such statutes, one or more, be determined as applicable herein.

## SIXTH DEFENSE

Plaintiff's claims fail, in whole or in part, because the Class lacks a right of action, standing or capacity, to bring some or all of the claims alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiff's claims fail, in whole or in part, due to the failure of the plaintiff to join parties needed for the just adjudication of this matter under Rule 19 of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Luhr is entitled to, and specifically claims immunity from and/or the limitation of liability afforded by La.R.S. 9:2771.

## NINTH DEFENSE

Plaintiff's claims against Luhr are barred, since all work performed by Luhr was performed under the supervision, direction and control of the United States Corps of Engineers.   Further, Luhr is immune from suit and liability in accordance with the "government contractor defense" as recognized in Boyle v. United Technologies Corp., 487 U.S. 500 (1988) and/or related jurisprudence existing prior to Boyle and decided subsequent to Boyle.

## TENTH DEFENSE

Plaintiff and/or the Class have failed to mitigate his/their damages.

## ELEVENTH DEFENSE

Luhr invokes all rights and defenses under Louisiana Civil Code Article 2323, under all federal laws, and Luhr avers that if plaintiffs suffered any damage as alleged, which is denied, then said damage was caused by the acts or omissions of others, whether individual, corporate or otherwise, including independent contractors, and whether named or unnamed in the Complaint, and for whose conduct Luhr Bros., Inc. is not responsible.

## TWELFTH DEFENSE

Luhr invokes and adopts all affirmative and constitutional defenses available under all state and federal laws or any other laws which may subsequently be determined to be applicable to this litigation.

## THIRTEENTH DEFENSE

Luhr performed its work in accordance with its contract with the U. S. Army Corps of Engineers in a good workmanlike manner without defect or deficiency.

## FOURTEENTH DEFENSE

Luhr affirmatively alleges that, to the extent plaintiff has received payment for any of the alleged injuries or damages from any individual or corporate or government entity, Luhr is entitled to a credit and/or offset in the amount of said payments.

## FIFTEENTH DEFENSE

Luhr is entitled to exoneration from liability for the losses and damages alleged by plaintiff.  Additionally, Luhr claims the benefits of limitation of, or exoneration from, liability as provided in 46 U.S.C. §§181, et seq. and to have any liability determined herein against Luhr, which is denied, to be limited to the amount or value of its interest in its vessel used in connection with the contract at issue.

## SIXTEENTH DEFENSE

Neither plaintiff nor the Class herein is entitled to a trial by jury.  In the alternative, should a jury be impaneled in this matter, it should be paneled in or from another venue to prevent any member of the purported Class to become a juror in the trial of this matter.

## SEVENTEENTH DEFENSE

Luhr adopts by reference all defenses and/or relief available to it under Louisiana Civil Code Articles 2315.

## EIGHTEENTH DEFENSE

Plaintiffs assumed the risk of damages claimed by acquiring or constructing homes within known flood zones.

## NINETEENTH DEFENSE

Luhr adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such affirmative defense applies to Luhr. Luhr intends to reply upon any other defenses and/or immunities that may become available with reference to these proceedings and reserves the right to amend its responsive pleadings accordingly.

## TWENTIETH DEFENSE

Now answering the specific allegations contained in the Complaint, Luhr Bros., Inc. avers:

1.

The allegations contained in Paragraph One (1) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied, except to admit that Hurricane Katrina made landfall on or about August 29, 2005.

2.

The allegations contained in Paragraph Two (2) of the Complaint are denied for a lack of sufficient information to justify a belief therein.

3.

Luhr admits its corporate status as alleged in Paragraph Three (3) of the Complaint but avers that the remaining allegations do not require an answer from Luhr.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph Four (4) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied.

5.

The allegations contained in Paragraph Five (5) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied.

6.

The allegations contained in Paragraph Six (6) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied.

7.

The allegations contained in Paragraph Seven (7) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph Eight (8) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph Nine (9) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph Ten (10) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph Eleven (11) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph Twelve (12) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph Thirteen (13) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph Fourteen (14) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph Fifteen (15) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph Sixteen (16) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

17.

Luhr Bros. denies the allegations of Paragraph Seventeen (17) of the Complaint as to Luhr and specifically denies that Luhr dredged any material in the MRGO.  As to the other named defendants, the allegations of this paragraph do not require answer of this defendant.  However, should an answer be deemed necessary as to the other named defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph Eighteen (18) of the Complaint are denied to the extent same may be applicable to Luhr.  As to the other named defendants, the allegations of this paragraph do not require answer of this defendant.  However, should an answer be deemed necessary as to the other named defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph Nineteen (19) of the Complaint are denied to the extent they may be applicable to Luhr.  As to the other named defendants, the allegations of this paragraph do not require answer of this defendant.  However, should an answer be deemed necessary as to the other named defendants, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph Twenty (20) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph Twenty-one (21) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph Twenty-two (22) of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph Twenty-three (23) of the Complaint do not require an answer of this defendant and contain legal conclusions which require no answer.  However, should an answer be deemed necessary, the allegations are denied.

24.

The allegations contained in Paragraph Twenty-four (24) of the Complaint do not require an answer of this defendant and/or contain legal conclusions which require no answer.  However, should an answer be deemed necessary, the allegations are denied.

25.

The allegations contained in Paragraph Twenty-five (25) of the Complaint do not require an answer of this defendant and contain legal conclusions which require no answer.  However, should an answer be deemed necessary, the allegations are denied.

26.

The allegations contained in Paragraph Twenty-six (26) of the Complaint do not require an answer of this defendant and contain legal conclusions which require no answer.  However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph Twenty-seven (27) of the Complaint are denied.

28.

The allegations contained in Paragraph Twenty-eight (28) of the Complaint are denied.

29.

The allegations contained in Paragraph Twenty-nine (29) of the Complaint are denied

30.

The allegations contained in Paragraph Thirty (30) of the Complaint do not require an answer of this defendant and/or contain legal conclusions which require no answer and/or are denied.

31.

The allegations contained in Paragraph Thirty-one (31) of the Complaint are denied.

32.

The allegations contained in Paragraph Thirty-two (32) of the Complaint are denied.

33.

The allegations contained in Paragraph Thirty-three (33) of the Complaint do not require an answer of this defendant and/or contain legal conclusions which require no answer and/or are denied.

34.

The allegations contained in Paragraph Thirty-four (34) of the Complaint are denied.

35.

The allegations contained in Paragraph Thirty-five (35) of the Complaint are denied.

36.

The allegations contained in Paragraph Thirty-six (36) of the Complaint are denied.

37.

The allegations contained in Paragraph Thirty-seven (37) of the Complaint do not require an answer of this defendant and/or contain legal conclusions which require no answer and/or are denied.

38.

The allegations contained in Paragraph Thirty-eight (38) of the Complaint are denied.

39.

The allegations contained in Paragraph Thirty-nine (39) of the Complaint are denied.

40.

The allegations contained in Paragraph Forty (40) of the Complaint require no answer.  However, should an answer be required, the allegations are denied.

**WHEREFORE,** Luhr Bros., Inc. prays that this answer be deemed good and sufficient and that, after due proceedings are had, Judgment be rendered in its favor and against plaintiff, dismissing plaintiff's Complaint at his costs, and for all general and equitable relief deemed appropriate by this Court.

Respectfully submitted,

**LARZELERE PICOU WELLS**
    **SIMPSON LONERO,** LLC
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Phone:  (504) 834-6500
Fax:    (504) 834-6565


**BY:**   __s/W. J. Larzelere, Jr._____
     **W. J. LARZELERE, JR. (#8057)**
       blarzelere@lpw-law.com
     **T. JUSTIN SIMPSON (#18437)**
       jsimpson@lpw-law.com
     **ANGIE L. ARCENEAUX (#26786)**
       aakers@lpw-law.com

     **ATTORNEYS FOR LUHR BROS., INC.**


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all known counsel of record by e-mail and/or by telefax and/or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this 23rd day of August, 2006.

     s/W. J. Larzelere, Jr.
     W. J. Larzelere, Jr.

- 14 -