UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>            CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" |
| | MAGISTRATE (2) |
| PERTAINS TO: Levee (05-4181 and 05-6073)<br>                     MRGO (05-4181)<br>                     Responder (05-4181) | JUDGE DUVAL |
| | MAG. WILKINSON |

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT**

**NOW INTO COURT,** through undersigned counsel, comes defendant, GOTECH Inc. (GOTECH), which submits this Reply Memorandum in response to the Omnibus Memorandum and Sur-Reply filed by the Levee Litigation Group (Plaintiffs) in opposition to the Motion for Summary Judgment of GOTECH.

### I.  NO ADDITIONAL DISCOVERY IS NECESSARY

No amount of discovery will change the fact that GOTECH concluded its work on the London Avenue Canal in November, 1993, some twelve years before Hurricane Katrina and the institution of these consolidated lawsuits.  GOTECH has submitted the supporting documentation to establish its "end work" date, which is authenticated by two sworn affidavits. *See,* Affidavits of Rhaoul Guillaume and Bruce Dyson of GOTECH, attached as Exhibits "A" and "B" to GOTECH's Motion for Summary Judgment and supporting documentation attached thereto [Doc. 894-3]. Plaintiffs have failed to offer any evidence to challenge GOTECH's affidavits and documentation. They have only offered arguments.

## II.  PLAINTIFFS "REMOTENESS" ARGUMENT DOES NOT APPLY TO GOTECH

GOTECH performed no engineering services *anywhere* on the 17th Street Canal, Industrial Canal, the London Avenue Canal or the Mississippi Gulf Outlet (MRGO), other than the work on the London Avenue Canal that was concluded in 1993.  *See* Exhibits "A" and "B" to GOTECH's Motion. Accordingly, Plaintiffs' "remoteness" argument has no bearing on GOTECH's Motion for Summary Judgment.

Plaintiffs assert a "remoteness" argument, contending that "discovery is necessary to determine whether or not Defendants' work performed on areas of the canal that did not breach contributed to the breaches and failures of the levee systems" [Doc. 946, p. 4].  This remoteness argument is irrelevant to GOTECH's motion because GOTECH did not perform any work on any area of a canal other than its work on the London Avenue Canal that was completed in 1993.

In their Sur-Reply Memorandum, Plaintiffs submit the affidavit of David Rosenberg (Rosenberg Affidavit), apparently, in support of this remoteness argument.  The Rosenberg Affidavit does not create a genuine issue of material fact to GOTECH's motion.  At best, the Rosenberg Affidavit seeks to put in to question work performed by the engineers on areas of the levee system that did not fail.[1]  However, such an argument has no bearing on GOTECH's motion because the only work GOTECH performed on any area of the levee system was completed in 1993.

---

[1] *See,* Rosenberg Affidavit ¶ 5: "It is my opinion...that work performed in a given area of each levee system, though possibly not in the area of a breach site, more likely than not had a material affect on the system as a whole from a design and/or construction standpoint" and "work performed and/or knowledge gained from work performed on a certain part of a canal and/or levee system would more likely than not have a material affect on the integrity of the levee system as a whole..."

### III.  PLAINTIFFS' CLAIMS AGAINST GOTECH ARE PRESCRIBED PURSUANT TO THE 5, 7 OR 10 YEAR PEREMPTIVE PERIOD

Plaintiffs' claims against GOTECH are prescribed pursuant to the five-year peremptive period of La. Rev. Stat. 9:5607 and either the former seven-year period of La. Rev. Stat. 9:2772 (1999) or the ten-year period of La. Rev. Stat. 9:2772 (1990).  GOTECH finished its work approximately twelve years prior to the institution of these lawsuits and, therefore, Plaintiffs' claims are perempted pursuant to the five, seven or ten-year peremptive period.

**A.  Rev. Stat. 9:5607 Applies**

The five-year peremptive period of La. Rev. Stat. 9:5607 applies to Plaintiffs' claims against GOTECH, because Plaintiffs' claims did not arise until after the enactment of La. Rev. Stat. 9:5607.

The determinative point in time separating prospective from retroactive application of Rev. Stat. 9:5607 is the date Plaintiffs' causes of action accrued.  *Cole v. Celotex Corp*, 599 So.2d 1058, 1063 (La. 1992); *Pitre v. GAF Corp.*, 97-1024, 22 (La. App. 1st Cir. 12/29/97); 705 So.2d 1149, 1155.  Thus, the statue applies prospectively to Plaintiffs' claims, which accrued after its effective date.  Plaintiffs' causes of action accrued on the date that they allegedly incurred damages. *Laborde v. American Nat. Property and Cos.,* 00-1091, 5 (La. App. 3rd Cir. 1/31/01), 780 So.2d 501, 503; *Landry v. Avondale Industries, Inc.,* 03-0719, 6-7 (La. 12/3/03), 864 So.2d 117, 121.  Plaintiffs' claims in the instant matters arose after Hurricane Katrina made landfall in August, 2005 and after La. Rev. Stat. 9:5607 went into effect in August, 2003.  When the statute became effective, Plaintiffs had no vested rights relating to claims that would arise in the future, because such claims did not even exist.  Accordingly, applying La. Rev. Stat. 9:5607 is not a retroactive application of the statute and does not deprive Plaintiffs of any preexisting rights.

### B. Rev. Stat. 9:2772

Alternatively, even if the Court finds that La. Rev. Stat. 9:5607 does not apply, Plaintiffs' claims against GOTECH are perempted pursuant to the seven and ten year peremptive periods of former versions of La. Rev. Stat. 9:2772. Plaintiffs' claims against GOTECH are preempted pursuant to a seven or ten year period because GOTECH completed its work in 1993, which was some twelve years prior to Hurricane Katrina and the filing of these consolidated lawsuits.

### IV. THE APPLICATION OF A PEREMPTIVE STATUTE TO PLAINTIFFS CLAIMS IS CONSTITUTIONAL

Peremption prevented what might otherwise have been causes of action on behalf of Plaintiffs against GOTECH from ever arising.

In *Burmaster v. Gravity Drainage Dist. No. Two*, 366 So.2d 1381 (La. 1978), the plaintiff challenged the constitutionality of La. Rev Stat. 9:2772 (1964), which established a ten-year peremptive period in favor of architects and engineers that began to run from the date of acceptance of the work by the owner. There, plaintiff's husband was killed when he tripped on a protruding guard rail brace, causing him to fall into the water and drown. *Burmaster*, at 1383. Plaintiff filed suit against the engineer that designed the guard rail and others. *Id.* The engineer moved for summary judgment on the basis that plaintiff's cause of action had perempted under La. Rev. Stat. 9:2772, because the alleged incident occurred more than ten years after the date of registry in the mortgage office of acceptance of the work by the owner. *Burmaster*, at 1384. The trial court denied the motion, holding that the statute was unconstitutional. *Id.* The Louisiana Supreme Court granted a writ to review the ruling and reversed it, holding that La Rev. Stat. 9:2772 was constitutional.

On review, the plaintiff contended, among other things, that the effect of the statute was to

perempt her cause of action against the engineer before such cause of action had accrued, thus it (1) violated the due process guarantees of both the federal and state constitutions, and (2) was *contra bonos mores*. *Burmaster*, at 1387.

The time sequence of relevant events in Burmaster was as follows:

| | |
|---|---|
| March 20, 1962 | Certificate of completion recorded[2] |
| July 29, 1964 | La. Rev. Stat. 9:2772 enacted[3] |
| April 23, 1977 | Date of accident[4] |

Accordingly, if the ten-year peremptive period of La Rev. Stat. 9:2772 applied, it clearly abolished plaintiff's cause of action (in 1972) regarding the death of her husband prior to its accrual (in 1977). In upholding the constitutionality of the statute, the Louisiana Supreme Court wrote:

> Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process....However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives...Our jurisprudence has recognized the validity of legislative regulation of causes of action, including replacement and even abolition, that one person may have against another for personal injuries.
>
> ...[R.S. 9:2772's] effect is to abolish any cause of action plaintiff might have had against [the engineer]...when such action is brought more than ten years after the date of registry in the mortgage office of acceptance of the work by the owner. The application of La. R.S. 9:2772 herein does not bar plaintiff's cause of action; rather, it prevents what might otherwise be a cause of action from ever arising.

---

[2]*Burmaster,* at 1384.

[3]Acts 1964, No. 189, §1.

[4]*Burmaster,* at 1384.

*Burmaster,* at 1387-1388 (citations omitted).

Likewise, in the instant matter, the effect of peremption is to abolish any causes of action Plaintiffs might have had against GOTECH.

## V. CONCLUSION

Considering the forgoing, GOTECH's Motion for Summary Judgment should be granted and Plaintiffs claims against GOTECH should be dismissed with prejudice.

By attorneys:

**LONG LAW FIRM, L.L.P.**


s/Adrian G. Nadeau
**ALBERT DALE CLARY**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana   70809
(225) 922-5110
ADC@longlaw.com
AGN@longlaw.com


## CERTIFICATE

I HEREBY CERTIFY that on August 24, 2006, I electronically filed the foregoing with the Clerk or Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Adrian G. Nadeau
**ADRIAN G. NADEAU**