# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| | **SECTION "K" (2)** |
| | **JUDGE DUVAL** |
| **PERTAINS TO:  ARTUS 2:06-CV-2824** | **MAGISTRATE WILKINSON** |

## ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Weeks Marine, Inc.,

and in answer to the *Complaint* filed in C.A. No. 06-2824, with respect represents:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The losses complained of were due to *force majeure* or an Act of God.

### THIRD DEFENSE

This defendant, which entered into contracts with the United States of America

for the maintenance dredging work conducted in the Mississippi River Gulf Outlet, is

immune from suit under the "government contractor defense."

1

## FOURTH DEFENSE

Defendant pleads that it is entitled to exoneration from and/or limitation of liability pursuant to 46 U.S.C. 183 *et seq.*, in that it was free from fault or alternatively its managerial personnel did not have any privity or knowledge in any legal fault causing plaintiff's alleged damages.

## FIFTH DEFENSE

This action is not properly plead as a class action, and represents an improper cumulation of actions.

## SIXTH DEFENSE

The losses and injuries complained of were not due to any fault or neglect on the part of this defendant, but rather were caused by the sole and/or contributing fault of others for whom this defendant is not legally responsible or liable which exculpates or diminishes any liability on the part of this defendant.

## SEVENTH DEFENSE

Plaintiffs assumed the risk.

## EIGHTH DEFENSE

Defendant pleads a failure to mitigate damages.

## NINTH DEFENSE

Defendant pleads immunity and all defenses available under The Public Vessels Act, The Clean Water Act and The Suits in Admiralty Act.

2

## TENTH DEFENSE

Pursuant to L.R.S. 9:2771, which applies either of its own force or by adoption into the general maritime law, defendant can have no liability as it performed the work in accordance with the plans, drawings and specifications of the United States of America.

## ELEVENTH DEFENSE

Defendant pleads the contributory negligence of the plaintiffs as a bar to or in mitigation of any recovery herein.

## TWELFTH DEFENSE

Plaintiffs have failed to join indispensable parties.

## THIRTEENTH DEFENSE

In the event that it is cast in judgment, defendant is entitled to set-off to the extent of any governmental payments made to the plaintiffs.

## FOR SPECIFIC ANSWER AND DEFENSE:

### I.

The allegations of Articles 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 27 and 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

### II.

The allegations of Articles 4, 5, 6, 23, 24, 26, 29, 30 and 41 state legal conclusions which require no answer of this defendant, though if answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

3

**III.**

The allegations of Articles 31, 35, 39 and 43 require no answer, though if answer be required, defendant adopts its prior answers and/or denies those allegations for lack of sufficient information to justify a belief therein.

**IV.**

The allegations of Articles 32, 33, 34, 36, 37, 38, 40, 42, 44 and 45 of the Complaint are denied as to Weeks Marine, Inc., and denied for lack of sufficient information to justify a belief therein as respects all other parties.

**V.**

The allegations of Article 40 of the Complaint are denied as written.  The complaint has not been tailored, but almost literally copied, from prior Complaints filed with this Court.

**VI.**

The allegations of Article 3 of the Complaint is admitted in so far as it alleges that Weeks Marine, Inc. is a foreign corporation with its principal office in Cranford, New Jersey, and operates an office in Covington, Louisiana, and denied for lack of sufficient information in all other respects.

**VII.**

The allegations of Article 17 of the Complaint are admitted in so far as they allege that from time to time, Weeks Marine, Inc. has dredged the MRGO, and denied in all other respects for lack of sufficient information to justify a belief therein.

**VIII.**

Defendant expressly denies plaintiffs' prayer for relief.

4

**IX.**

Defendant reserves the right to amend this answer as the facts become more clearly known, or as permitted by order of Court.

**WHEREFORE**, Weeks Marine, Inc. prays that this answer be deemed good and sufficient, and after due proceedings are had, that there be judgment in its favor, dismissing the *Complaint* at plaintiffs' cost, together with all other and further relief to which it in law and in justice may be entitled to receive.

Respectfully submitted on August 25, 2006.

EMMETT, COBB, WAITS & HENNING

s/Matthew F. Popp
JAMES A. COBB, JR. (La. 4213) T.A.
JOHN F. EMMETT (La. 1861)
RANDOLPH J. WAITS (La. 13157)
MATTHEW F. POPP (La. 24608)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:   (504) 581-1301
Facsimile:    (504) 581-6020
E-Mail:        jac@ecwko.com
**ATTORNEYS FOR WEEKS MARINE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who are CM/ECF participants, and I further certify that a copy of the foregoing pleading will be served on all counsel of record in this case who are not CM/ECF participants by U.S. Mail and/or facsimile and/or electronic mail.

s/Matthew F. Popp