UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                                           NO. 05-4181

PERTAINS TO Vanderbrook 05-6323                SECTION "K"(2)

ORDER

At the conclusion of oral argument held on August 25, 2006, concerning the Motions to Dismiss filed by the insurance defendants in the *Vanderbrook* matter, the Court ordered supplemental briefing. In order to make such briefing as useful as possible to the Court,

**IT IS ORDERED** that the following topics shall be addressed:

1. Is the flood exclusion ambiguous? Specifically, does the exclusion clearly refer to floods caused by third-party negligence?

2. In the event that third party negligence is excluded with respect to any event causing a flood–i.e. a plane crashing into a water tower causing flooding of a dwelling, is such a result a "reasonable expectation" of a policy holder?

3. If the Court should find the flood exclusion to be ambiguous, would the question of whether a policy holder had a reasonable expectation of coverage go to a jury or does it remain a question of law?

4. Is the anti-concurrent clause applicable if the flood exclusion does not apply to third-party negligence? In other words, if the flood exclusion does not apply to flooding caused by third-party negligence, is the anti-concurrent cause provision irrelevant?

5. Is the anti-concurrent clause ambiguous? Specifically, because the definition of loss is not defined, could an insurer deny coverage *in toto* for a covered peril–i.e. wind–when a dwelling is also damaged by flood waters. Each side should incisively analyze the language of the exclusion in briefing this issue.

  6.  With respect to Section I Exclusions, No. 2, if the Court finds the flood exclusion not applicable to third party negligence, would a flood occurring because of such third party negligence be an "ensuing loss" and thereby covered?

  7.  Since the policy **includes** coverage for property "not on the residence premises", is the "property" referred to in Section I Exclusions, No. 2, *e.g.* "of part or all of any property whether on or off the residence premises," limited to property which may be insured but is not located upon "residence premises."

The Court notes that in posing these questions, it does not intend to indicate in any manner what its ultimate conclusions will be with respect to the coverage issues. These questions are meant solely to focus the parties on the appropriate analysis.

  Furthermore, in briefing these issues, the Court requires cited authority for all arguments rather than unsupported concepts. Furthermore, citation to the best one or two cases for such proposition shall be contained in the body of the briefing and the rest footnoted.

  **IT IS FURTHER ORDERED** that the ISO defendants, collectively, and State Farm each may file a 25 page supplemental brief on or before September 11, 2006.[1] Likewise, plaintiffs and Amicus may each file a 25 page supplemental brief on or before September 11, 2006.

  **IT IS FURTHER ORDERED** that any reply to same shall be filed on or before September 18, 2006, and such reply shall be limited to 10 pages.

---

[1] No briefing is required with respect to the Hartford policy.

**IT IS FURTHER ORDERED** no sur-reply briefing shall be permitted without prior approval of Court and without extreme good cause shown.

New Orleans, Louisiana, this   28th day of August, 2006.

_____
STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**