UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | | |
| | * | NUMBER 05-4182 |
| LEVEE CASES | * | SECTION "K" (2) |
| PERTAINS TO: 06-4065 | | |
| CATHY ADAMS, ET AL | * | JUDGE DUVAL |
| Versus BOH BROS. ET AL. | | |
| | * | MAGISTRATE WILKINSON |

ANSWER AND AFFIRMATIVE DEFENSES OF
THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the Sewerage and Water Board of New Orleans, and in response to the Complaint for Damages – Class Action, filed by the Plaintiffs, Cathy Adams, et al., answers and sets forth their Affirmative Defenses as follows:

AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' (and the proposed class members) have brought their Complaint in an improper venue, as any proceedings in the Eastern District of Louisiana will violate the

1

Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage & Water Board of New Orleans, and further fails to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from the defendant, the Sewerage and Water Board of New Orleans.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant, Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claimed are barred due to an Act of God, force majure, fortuitous event and/or extraordinary manifestation of the forces of nature.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs' (and members of the putative class) harm.

**NINTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised

Statutes, Title 9, Section 2800, should the plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or he laws of other jurisdictions that may be subsequently determined to apply to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmative avers that the Plaintiffs' (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and such other acts or omissions that may be proven at the time of trial.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina and/or Hurricane Rita, during the months of August and September, 2005.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmative avers that if the Plaintiffs' (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

### NINETEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that that the plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTIETH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Defendant, Sewerage and Water Board of New Orleans, and

gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that at no time material alleged in the complaint did the defendant, Sewerage and Water Board of New Orleans own any of the outfall canals listed therein, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal.

**ANSWER**

**AND NOW**, answering separately the allegations of the Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 contain only the names of the plaintiffs for which no answer is necessary.

2 (a.) – 2 (q.)

The allegations of Paragraphs 2(a.) – 2(o.) and 2(q.) require no answer by this defendant.

The allegations of Paragraph 2 (p.) are denied for lack of sufficient information to justify a belief therein. The Sewerage and Water Board of New Orleans was never charged with the responsibility for the creation, maintenance, and/or inspection of the levees and water protection areas in Orleans Parish.

Said defendant further represents that by statutes enacted by the legislature of the State of Louisiana, the Board of Commissioners for the Orleans Levee District is responsible for the creation, maintenance, and/or inspection of the levees and water protection areas in Orleans Parish and elsewhere. The United States of America, through the United States Army Corps of Engineers, is responsible for flood protection according to congressional mandate.

3.

The complaint failed to contain a paragraph 3, but in an abundance of caution the Sewerage and Water Board of New Orleans denies the allegations of paragraph 3 to the extent that it exists.

4.

The allegations of Paragraph 4 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied as written.

5. – 8.

The allegations of Paragraph 5 – 8 are denied for lack of sufficient information to justify a belief therein.

9.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27th, 2005, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29th, 2005, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

Defendant admits the presence of water within parts of the City of New Orleans on the date referenced. The remaining allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegation of Paragraph 12 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied to the extent that they state or imply any fault, negligence and/or liability on the part of the defendant, Sewerage and Water Board of New Orleans; the remaining allegations of Paragraph 17 is denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19 - 26.

The allegations of Paragraph 19 - 26 contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

27.

The allegations of paragraph 27 are denied in that the Sewerage and Water Board of New Orleans is without knowledge or information sufficient to justify a belief as to the truth of the allegation of paragraph 27 and therefore denies each and every allegation contained therein.

28.

The allegations of paragraph 28 are denied for lack of sufficient information to justify a belief therein. The Sewerage and Water Board of New Orleans at no time responsibility for the

construction of the hurricane protection levees and/or floodwalls located on the 17th Street Canal, the London Avenue Canal, and/or the Industrial Canal.

29.

The allegations of paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30(A)(1) – 30(A)(4).

The Sewerage and Water Board of New Orleans denies the allegations of paragraphs 30 (A)(1) – 30(A)(4) and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

30(B)(1) – 30(B)(5).

The Sewerage and Water Board of New Orleans denies the allegations of paragraphs 30 (B)(1) – 30(B)(5) and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

30(C)(1) – 30(C)(3).

The Sewerage and Water Board of New Orleans denies the allegations of paragraphs 30 (C)(1) – 30(C)(3) and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

31 - 51.

The Sewerage and Water Board of New Orleans denies the allegations of paragraphs 31 – 51 and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

52.

The Sewerage and Water Board of New Orleans denies the allegations of paragraph 52 and affirmatively states that at no time did said defendant have care, custody, control and/or garde of the land along, over and on the shores, bottom and bed of Lake Pontchartrain in the Parish of Orleans, and along and on the shores adjacent to the lake and along the canals connected therewith.

53.

Except to admit that the 17th Street Canal, the London Avenue Canal and the Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish, the Sewerage and Water Board of New Orleans denies the allegations of paragraph 53 and affirmatively states that at no time did said defendant have care, custody, control and/or garde of the land along, over and on the shores, bottom and bed of these canals.

54.

The Sewerage and Water Board of New Orleans denies the allegations of paragraph 54 stating that said defendant at no time had the garde of the levees and/or floodwall referred to therein and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

55.

The Sewerage and Water Board of New Orleans denies the allegations of paragraph 55 and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

56.

The Sewerage and Water Board of New Orleans denies the allegations of paragraph 56 and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

57.

The Sewerage and Water Board of New Orleans denies the allegations of paragraph 57 and is without knowledge or information sufficient to justify a belief as to the truth of the allegations stated therein.

58 - 62.

The allegations of Paragraphs 58 – 62 are denied for lack of sufficient information to justify a belief therein.

63 – 64.

The allegations of paragraphs 63 and 64 require no response. To the extent that a response is required, the Sewerage and Water Board of New Orleans denies the allegations.

**WHEREFORE**, the defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs

(and members of the putative class) with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully Submitted,

_____
**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE & WATER BOARD OF NEW ORLEANS**

### CERTIFICATE OF SERVICE

I certify that a copy of this pleading: <u>Answer & Affirmative Defenses filed by the defendant, Sewerage and Water Board of New Orleans</u>, has been served on all counsel of record in this proceeding, by email or by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 28th day of August, 2006.

_____
**GEORGE R. SIMNO III.**

n:\lit\def\hurricane katrina\adams, cathy\ple\060828answer.grs.doc