UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>      CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NUMBER: 05-4182 |
| | * | SECTION "K" (2) |
| LEVEE<br>PERTAINS TO: NO. 05-6073 | * | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
THE SEWERAGE AND WATER BOARD OF NEW ORLEANS
TO THE SECOND AMENDED CLASS ACTION COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Sewerage and Water Board of New Orleans, in response to the Second Amended Class Action Complaint, filed by the Plaintiffs, David J. Kircsh, et al., answers and sets forth their Affirmative Defenses as follows:

**AFFIRMATIVE DEFENSES**

The Sewerage and Water Board realleges and restates their affirmative defenses (1 – 22) set forth in the original answer to the Class Action Complaint, as if copied they were copied herein in extenso.

1

## ANSWER

**AND NOW**, answering separately the allegations of the Second Amended Class Action Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1 – 2.

The allegations of paragraphs 1 and 2 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure. However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 1 and 2 are denied.

3(a) – 3(n).

The allegations of Paragraph 3(a) – 3(n). are denied for lack of sufficient information to justify a reasonable belief therein.

3(o).

The allegations of Paragraph 3(o) are admitted.

3(p) – 3(s).

The allegations of Paragraph 3(p) – 3(s) are denied for lack of sufficient information to justify a reasonable belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 contain legal conclusions for which no answer is necessary further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

9.

Except to admit the presence of Hurricane Katrina in the Gulf of Mexico on or about August 27, 2005, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

Except to admit the presence of floodwaters in certain parts of Orleans Parish, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the Defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the Defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure. However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 29 are denied.

30(a) – 30(e).

The allegations of Paragraph 30(a) – 30(e) contain legal conclusions for which no answer is necessary; further, Plaintiffs' allegations can neither expand nor define the statutes and/or articles governing Class Action procedure.  However, to the extent that an answer may be deemed necessary, the allegations of Paragraph 30(a) – 30(e) are denied.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32(A) – 32(E).

The allegations of Paragraphs 32(A) – 32(E) contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

33.

Except to admit that Hurricane Katrina made landfall on Coastal Louisiana on August 29, 2005, and then subsequently made a second landfall near the Louisiana-Mississippi border, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

36(A)(1) – 36(A)(5).

The allegations of Paragraphs 36(A)(1) – 36(A)(5) are denied for lack of sufficient information to justify a belief therein.

36(B)(1) - 36(B)(6).

The allegations of Paragraphs 36(B)(1) – 36 (B)(6) are denied for lack of sufficient information to justify a belief therein.

36(C)(1) - 36(C )(3).

The allegations of Paragraphs 36(C)(1) – 36(C)(3) are denied for lack of sufficient information to justify a belief therein.

36(D)(1) - 36(D)(11).

The allegations of Paragraphs 36(D)(1) – 36(D)(11) are denied for lack of sufficient information to justify a belief therein.

36(E)(1) – 36(E)(4).

The allegations of Paragraphs 36(E)(1) – 36(E)(4) are denied for lack of sufficient information to justify a belief therein.

36(F)(1).

The allegations of Paragraph 36(F)(1) are denied for lack of sufficient information to justify a belief therein.  The Sewerage and Water Board of New Orleans at no time had the care, custody, control and/or garde of the land along, over and on the shores, bottom, and bed of Lake Pontchartrain in the Parish of Orleans…and/or along and/or on the shores adjacent to the lake and along the canals connected therewith.

36(F)(2).

Except to admit that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Pontchartrain, and portions of these canals are located within Orleans Parish, Defendant, Sewerage and Water Board of New Orleans, denies the allegations of Paragraph 36(F)(2) as the allegations contain legal conclusions which can neither expand nor limit the law.

36(F)(3).

The allegations of Paragraph 36(F)(3) are denied for lack of sufficient information to justify a belief therein.

36(F)(4).

The allegations of Paragraph 36(F)(4) are denied for lack of sufficient information to justify a belief therein and to the extent that they state or imply any fault, negligence or liability on the part of the Defendant, the Sewerage and Water Board of New Orleans.

36(G)(1) – 36(G)(4).

The allegations of Paragraphs 36(G)(1) – 36(G)(4) are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39. contain legal conclusions for which no answer is necessary; however, to the extent that an answer may be deemed necessary, these allegations are denied.

**WHEREFORE**, the defendant, Sewerage and Water Board of New Orleans, prays that this answer to the Second Amended Class Action Complaint be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the Plaintiffs, DAVID J. KIRSCH and ALI HAGHIGHI on behalf of themselves and all others similarly situated, dismissing all of the claims of the Plaintiffs (and members of the putative class) with prejudice, and at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____
**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE AND WATER BOARD OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading: <u>Answer & Affirmative Defenses filed by the Defendant, Sewerage and Water Board of New Orleans to the Second Amended Class Action Complaint</u>, has been emailed or mailed to all counsel of record in this proceeding, by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 28th day of August, 2006.

_____
**GEORGE R. SIMNO III**

n:\lit\def\hurricane katrina\kirsch, david j\ple\060828 answer_secondamendedcomplaint.grs.doc