FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 28  AM 10: 07

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO INSURANCE: CHEHARDY, 06-1672, 06-1673, 06-1674 | |

### STATE FARM FIRE AND CASUALTY COMPANY'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED AND RESTATED COMPLAINT

Defendant State Farm Fire and Casualty Company ("State Farm"), through undersigned counsel, respectfully moves the Court to dismiss with prejudice Plaintiffs' claims against it, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, representing as follows:

**1.**

Plaintiffs have brought this action purporting to represent a class of all property owners in the Parishes of Orleans, Jefferson, and St. Bernard and seeking to recover under their homeowners insurance for property damage sustained during Hurricane Katrina, despite the clear

1

and unambiguous exclusions in homeowners insurance policies issued by State Farm and other defendant insurers.

**2.**

Specifically, Plaintiffs seek declarations that State Farm's exclusion for water damage does not apply to flood losses arising out of Hurricane Katrina and that the "efficient proximate causes" of their losses were "windstorm", "storm surge", and "acts of negligence" in the design, construction and maintenance of the levees and other flood control barriers that failed in the wake of the hurricane. The Plaintiffs also seek damages based on claims of breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and statutory bad faith.

**3.**

State Farm issued a policy of homeowners insurance to Plaintiffs, Stephanie Boyd and Katrina Daniels (true copies of each policy are included as part of Exhibit A attached hereto). The terms of those policies were approved by the Commissioner and the rates charged pursuant to those policies were approved by the Louisiana Insurance Rating Commission ("LIRC").

**4.**

The Water Damage exclusion in State Farm's policies is clear and unambiguous and excludes coverage for loss that would not have occurred in the absence of flood or surface water, including the losses Plaintiffs allege they have suffered, and the lead-in language prefacing State Farm's Water Damage exclusion confirms this is the case regardless of the operation, effect, or sequence of other potential causes of the loss, covered or not.

**5.**

Moreover, State Farm's policy specifically excludes coverage for both "wind" and "acts of negligence," when they cause flood or surface water which produces loss.

**6.**

Because loss from "windstorm" and "negligent acts" which cause water damage are not covered under State Farm's policies, there would be no coverage for the loss Plaintiffs allege even if the Court were to apply an "efficient proximate cause" analysis and even if "windstorm" and "negligent acts" were found to be the "efficient proximate causes" of that loss.

**7.**

Plaintiffs effectively seek to invalidate and nullify the clear and unambiguous provisions of State Farm's policy. Such invalidation and nullification would violate the filed rate doctrine and would contravene the Constitutions of the United States and the State of Louisiana by denying State Farm due process, by taking its property without just compensation, by impairing State Farm's contracts, and by placing an impermissible burden on interstate commerce.

**8.**

Likewise, Plaintiffs' bad faith claims fail because State Farm's policies unambiguously exclude coverage for the losses claimed by Plaintiffs.

**9.**

Plaintiffs' claims for breach of fiduciary duty based on allegations that State Farm and its agents owed a duty to advise Plaintiffs of the availability of flood insurance also fail as a matter of law. Under Louisiana law insurers and agents have no duty to advise insureds of the need for additional or different insurance.

**10.**

Finally, Plaintiffs' claims are contrary to public policy and are preempted because they would impermissibly obstruct the objectives and goals of the National Flood Insurance Act.

**11.**

State Farm is entitled to dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) because, by looking to the substance of the pleadings, including State Farm's

policies that are referred to in Plaintiffs' Complaint and central to their claims, and any judicially noticed facts, it is clear that Plaintiffs cannot prevail.

### 12.

In further support of the Motion, State Farm submits the following Exhibits:

Exhibit A: Affidavit of Ann French including as attachments 1 and 2, true copies of the policies issued to Stephanie Boyd and Katrina Daniels;

Exhibit B: FEMA Website's Description of National Flood Insurance Program's Definition of Flood;

Exhibit C: FEMA Website's Definition of "Storm Surge";

Exhibit D: National Weather Service's Description of "Storm Surge," taken from "Hurricane!": A Familiarization Booklet (U.S. Department of Commerce, National Oceanic and Atmospheric Administration, National Weather Service);

Exhibit E: Definition of "Storm Surge," taken from *Illustrated Glossary of Geologic Terms,* Iowa State University, Department of Geological and Atmospheric Sciences;

Exhibit F: National Weather Service's Flood Definitions;

Exhibit G: NOAA Magazine, Storm Surge: A "Rising" Concern Among Coastal Residents;

Exhibit H: Cases Upholding "Lead-In" Language in State Farm's Water Damage and Similar Exclusions;

Exhibit I: Filed Rate Cases.

### 13.

Accordingly, for these reasons and the additional reasons set forth in the accompanying Memorandum, State Farm requests that this Court enter an order granting State Farm's Rule 12(b)(6) Motion to Dismiss and dismissing all the Plaintiffs' claims against State Farm, with prejudice.

823816v.1

**WHEREFORE**, State Farm Fire and Casualty Company respectfully requests that its Motion be granted.

Respectfully submitted,

*/s/ Sarah H. Barcellona*

Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Sarah H. Barcellona, 28080
    Of
STONE PIGMAN WALTHER
    WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200

Attorneys for State Farm Fire & Casualty Company

## CERTIFICATE

I hereby certify that a copy of the foregoing State Farm Fire And Casualty Company's Rule 12(b)(6) Motion To Dismiss Plaintiffs' Amended And Restated Complaint has been served upon each counsel of record by electronic mail or by United States mail, postage pre-paid and properly addressed, this 15th day of August, 2006.

*/s/ Sarah H. Barcellona*

823816v.1