## FILED RATE CASES

1. *Allen v. State Farm Fire & Cas. Co.*, 59 F. Supp. 2d 1217, 1229 (S.D. Ala. 1999) (filed rate doctrine bars challenge to hurricane deductible approved by Department of Insurance);

2. *Amundson & Assocs. Art Studio, Ltd. v. National Council on Comp. Ins., Inc.*, 988 P. 2d 1208 (Kan. 1999) (filed rate doctrine bars employer's claims against insurance rating organization for violations of Kansas Antitrust Act);

3. *Byan v. Prudential Ins. Co. of Am.*, 662 N.Y.S.2d 44 (N.Y. App. Div. 1997) (filed rate doctrine bars claim that plaintiff was damaged by being required to pay the Department of Insurance-approved premium);

4. *Calico Trailer Mfg. Co. v. Insurance Co. of N. Am.*, 1994 WL 823554 (E.D. Ark. Oct. 12, 1994), *aff'd on other grounds*, 155 F.3d 976 (8th Cir. 1998) (filed rate doctrine applies to workers' compensation insurance rate filed and approved by Department of Insurance);

5. *Fersco v. Empire Blue Cross/Blue Shield of N.Y.*, 1994 U.S. Dist. LEXIS 445730 (S.D.N.Y. Aug. 17, 1994) (filed rate doctrine bars claims for civil RICO violations and common law fraud stemming from Department of Insurance-approved rate increases);

6. *Jader v. Principal Mut. Life Ins. Co.*, 975 F.2d 525, 527-28 (8th Cir. 1992) (filed rate doctrine precludes ERISA claims);

7. *Kentucky v. Anthem Ins. Cos.*, 8 S.W.3d 48 (Ky. Ct. App. 1999) (filed rate doctrine bars ratepayers, even under the auspices of the Attorney General, from seeking damages for Department of Insurance-approved rates);

8. *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647 (E.D. Tex. 1999) (filed rate doctrine bars insureds' claims for overcharges based upon excessive premiums);

9. *Minihane v. Weissman*, 640 N.Y.S.2d 102, 103 (N.Y. App. Div. 1996) (filed rate doctrine precludes claims for fraudulently-obtained rate; no fraud exception to filed rate doctrine);

10. *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418 (S.D. Fla. 1997) (filed rate doctrine precludes insureds' RESPA claims);

11. *N.C. Steel, Inc. v. National Council on Comp. Ins.*, 496 S.E.2d 369 (N.C. 1998) (filed rate doctrine precludes suit challenging workers' compensation insurance rates filed with and approved by Department of Insurance);

12. *Prentice v. Title Ins. Co. of Minn.*, 500 N.W.2d 658, 660-61 (Wis. 1993) (filed rate doctrine bars claims of price-fixing by insurers for rates approved by Department of Insurance);

EXHIBIT I

13.  *Uniforce Temp. Personnel, Inc. v. National Council on Comp. Ins.*, 892 F. Supp. 1503 (S.D. Fla. 1995), *aff'd*, 87 F.3d 1296 (11th Cir. 1996) (filed rate doctrine bars antitrust claims against insurance carriers and insurance rating organization).

Jackson 1230337v.1

13. *Uniforce Temp. Personnel, Inc. v. National Council on Comp. Ins.*, 892 F. Supp. 1503 (S.D. Fla. 1995), *aff'd*, 87 F.3d 1296 (11th Cir. 1996) (filed rate doctrine bars antitrust claims against insurance carriers and insurance rating organization).

Jackson 1230337v.1