## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *   CIVIL ACTION<br>*<br>*   NO. 05-4182 "K"(2)<br>* |
| PERTAINS TO LEVEE:<br><br>O'DWYER, NO. 05-4181 | *   JUDGE DUVAL<br>*<br>*   MAG. WILKINSON<br>* |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEVER CSX CORPORATION AND CSX TRANSPORTATION, INC.

Defendants CSX Corporation and CSX Transportation Inc. (collectively "CSXT")

respectfully move to sever the sole pending claim against CSXT from the *O'Dwyer* action

pursuant to Federal Rule of Civil Procedure 21.[1]  Plaintiffs' claim against CSXT is unlike any

---

[1]      CSXT is contemporaneously filing a Motion to Dismiss in this litigation.  As explained in detail in CSXT's Motion to Dismiss, plaintiffs have failed to state a claim against CSXT upon which relief may be granted, in that (1) plaintiffs' complaint alleges no duty owed by CSXT to plaintiffs; (2) plaintiffs' claim is preempted by the Interstate Commerce Commission Termination Act of 1995 and the Federal Railroad Safety Act; and (3) plaintiffs' complaint fails to meet the requirements for pleading a class action.

other claims asserted in this action:  CSXT is the only defendant sued as a railroad, and is sued

not for constructing canals, levees, or flood walls (since it did not do so) but for how, and where,

it constructed and operated its own railroad property.  Such a claim is governed by a specific and

separate set of federal laws and regulations applicable to railroads and not to the other parties

before this Court – and is preempted by this separate legal regime.  By severing CSXT from this

action, the Court will preserve diversity jurisdiction otherwise lacking over the claim against

CSXT, and can proceed to address CSXT's accompanying dismissal motion on its merits.

## GOVERNING STANDARDS

Rule 21 provides for severance of claims against parties like CSXT who have been

miscast in a lawsuit.  Rule 21 states:

> Misjoinder of parties is not ground for dismissal of an action.
> Parties may be dropped or added by order of the court on motion
> of any party or of its own initiative at any stage of the action and
> on such terms as are just.  Any claim against a party may be
> severed and proceeded with separately.

Fed. R. Civ. P. 21.

To determine whether joinder is proper, courts look in part to Federal Rule of Civil

Procedure 20(a).  *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *see*

*also Carrington v. Vertex Aerospace, L.L.C.,* Civ. No. EP-03-CA-523 (KC), 2004 WL 838014,

at *1 (W.D. Tex. Apr. 8, 2004).  Rule 20(a) permits joinder of defendants when:  (1) the relief

sought "aris[es] out of the same transaction, occurrence or series of transactions or occurrences";

and, (2) questions of law or fact "common to all [defendants] will arise in the action."  Fed. R.

Civ. P. 20(a); *see also Carrington,* 2004 WL 838014, at *1.

Rule 21 is frequently invoked in the interest of sensible case management, and to "save

the action" over which a federal court otherwise lacks jurisdiction by preserving diversity

jurisdiction through severance.  *See Ralli-Coney, Inc. v. Gates,* 528 F.2d 572, 575-76 (5th Cir.

1976) (holding that Rule 21 permits dismissing a non-dispensable party in order to "preserve diversity jurisdiction" and that doing so in this case is in the "interest of judicial efficiency and an expeditious resolution of this dispute"); *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1685 (3d ed. 2001) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.").

Severance of CSXT from *O'Dwyer* is proper and sensible for three separate grounds. First, CSXT is misjoined, and Rule 21 specifically permits severance when parties are misjoined. Second, this case can be severed even if the Court rules that the parties are properly joined for judicial efficiency and sensible case management. Third, to "save the action," the Court can sever CSXT to preserve diversity jurisdiction.

### A.     CSXT Is Misjoined And Should Be Severed.

As explained in this Court's Order of July 19, 2006, the *O'Dwyer* action pertains to "the adequacy and construction of the canals and flood walls that failed in the wake of Hurricane Katrina, the adequacy of the evacuation measures taken prior to Hurricane Katrina, and the adequacy and propriety of the response to the aftermath of Hurricane Katrina." Order and Reasons (July 19, 2006), at 2 (Dkt. No. 788), attached hereto as **Exhibit A**. The claims asserted against other defendant parties to this action thus involve the construction and operation of canals, flood walls and levees.

The same cannot be said of the allegations against CSXT. The totality of these allegations are found in a single paragraph in plaintiffs' Twelfth Supplemental and Amending Complaint in a Class Action Lawsuit ("Twelfth Amended Complaint"). Plaintiffs there allege that certain "roadbed and railroad track" that CSXT "owned, operated and controlled" somehow "penetrated the New Orleans Flood Defense System." Twelfth Amended Complaint (June 21,

2006) at 3 (Dkt. No. 641), attached hereto as **Exhibit B**. Plaintiffs assert that "these

penetrations" that CSXT "negligently built and maintained" contributed to damage resulting

from Hurricane Katrina. *Id.*

At least two fundamentally distinct litigations are thus folded together in *O'Dwyer*. The

first, against other defendants, concerns the alleged involvement of each in design, construction

and maintenance of the New Orleans levee system. The second, against CSXT alone, is based

on construction and operation of railbed and railroad track. While one can fathom a coherent

relationship and nexus between the actions of engineers and city agencies regarding New

Orleans' levee system (putting aside whether any such party stands properly accused), the same

cannot be said for CSXT. The allegations against CSXT are ***not*** premised on the "adequacy and

construction of the canals and flood walls that have failed in the wake of Hurricane Katrina"

(Order and Reasons (July 19, 2006), at 2 (**Exhibit A**)), but rather the placement and construction

of CSXT's own rail structures. Accordingly, these claims do not "ari[se] out of the same

transaction, occurrence or series of transactions or occurrences" and do not have common

questions of law or fact, and thus are not properly joined under Rule 20(a). *Compare* Fed. R.

Civ. P. 20(a) *with Carrington*, 2004 WL 838014, at \*1 (severing the claim based on misjoinder

where the "connection between the plaintiffs is nothing more than their allegations of

discrimination by a common employer pursued by a single attorney"); *Higgins v. The American*

*Tobacco Co.*, Civ. A. No. 96-2205, 1997 WL 567949, at \*1 (E.D. La. Sept. 10, 1997) (finding

misjoinder and severing the claims where the claims are "not joint and several to the wrongful

death and survivorship claims and do not arise out of the same transaction or occurrence"); *Burks*

*v. The Bogalusa City Sch. Bd.*, Civ. A. No. 98-1333, 1999 WL 64947, at \*3 (E.D. La. Feb. 3,

1999) (holding that the two student plaintiffs were misjoined because they "suffer from different

disabilities" and involve "individualized education plans," which resulted in the dismissal of one plaintiff who could refile without prejudice).

Likewise, there is little if any overlap in the legal framework governing the claims against the other *O'Dwyer* defendants and the claim against CSXT. The railroad operations placed at issue in *O'Dwyer* are governed by a federal scheme of regulation unique to rail entities. As explained in the Motion to Dismiss filed by CSX Transportation, Inc., plaintiffs' claim is governed, and preempted, by two of these federal rail statutes:

- The Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), codified at 49 U.S.C. §§ 10101 *et seq.* (preempting virtually all state laws governing railroad operations); and,

- The Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §§ 20101 *et seq.*, (preempting certain state laws pertaining to railroad safety).

Similarly, *O'Dwyer's* allegation of a duty in tort owed by CSXT – a supposed duty on the part of a railroad to safeguard the population of New Orleans from natural disasters – not only does not exist anywhere in law, but is a legal fiction alleged only as to CSXT.

The claim against CSXT is thus factually and legally distinct from the claims against other defendants, producing a misjoinder curable through severance under Rule 21.

### B.   Severance Of CSXT Is Proper Even Were Claims Not Misjoined.

Beyond misjoinder and non-joinder, Rule 21 more generally permits "severance and transfer of parties in the interest of justice." *Carnival Corp. v. Watson,* Civ. A. Nos. 02-2375, 02-2392, 2003 WL 943633, at *1 (E.D. La. Mar. 5, 2003). As the Fifth Circuit has explained, district courts can sever an action for misjoinder *or* if it "might otherwise cause delay or prejudice." *Applewhite*, 67 F.3d at 574; *see also Henderson v. AT&T Corp.*, 918 F. Supp. 1059,

1062 (S.D. Tex. 1996) ("[A]lthough the plaintiffs may be properly joined, the Court concludes that severance of at least some of the claims is necessary to ensure that AT&T receives a fair trial."). Other district courts within the Fifth Circuit have found severance proper "if trying claims together would confuse the jury due to legal and factual differences." *Delce v. Amtrak and Resco Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998). These principles, rooted in concerns for sensible case management, likewise support severance of the claim against CSXT.

The assertion against CSXT is the only claim in this action brought against a railroad, and the only claims alleging negligence involving a party's own structures – and not the New Orleans flood protection system. No other defendant is subject to the federal statutory regime applicable to railroads, and no other party appears to be accused of owing, and violating, some amorphous (and nonexistent) duty in tort to an entire city population. Resolving plaintiffs' claim against CSXT therefore will require analysis of different legal regimes not at issue with respect to claims against other defendants. Litigation of the claims against CSXT will not advance the broader *O'Dwyer* litigation, and efficiencies will not be gained by joining railroad claims with the claims against others. This is precisely the situation in which severance is in order. *See Henderson,* 918 F. Supp. at 1064 (severing certain plaintiffs' claims to ensure a fair trial and minimal jury confusion); 4 *Moore's Federal Practice* § 21.05 (3d ed. 2006) ("The trial court thus has great discretion to restructure an action to promote the efficient administration of justice.").

Equally important, severance will preserve this Court's § 1332 diversity jurisdiction over the resulting separate action between the *O'Dwyer* plaintiffs and CSXT – jurisdiction otherwise lacking for reasons largely spelled out in this Court's Order of July 19. Rule 21 is commonly invoked to maintain jurisdiction and thereby "save the action." *See Ralli-Coney*, 528 F.2d at 575-76 (holding that Rule 21 permits dismissing a non-dispensable party in order to "preserve

diversity jurisdiction" and that doing so in this case is in the " interest of judicial efficiency and an expeditious resolution of this dispute"); *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1685 (3d ed. 2001) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19."). The questions of federal ICCTA and FRSA preemption posed by the *O'Dwyer* allegations against CSXT – contentions which effectively ask a federal court to instruct CSXT how it should run a railroad – are ideally resolved in federal court, and can be readily addressed by this Court upon severance.

## CONCLUSION

CSXT respectfully requests that the Court exercise its discretion and sever the claims against CSXT from the pending *O'Dwyer* action.

<div style="margin-left: 40%;">

s/Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
   -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
   -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION
and CSX TRANSPORTATION, INC.**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

<div align="center">s/ Jonathan C. McCall</div>

915836-1

8