UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 05-4181 | * * | MAG. WILKINSON |

MEMORANDUM IN SUPPORT
OF CSX CORPORATION'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

In this consolidated action, No. 05-4182, the plaintiffs in No. 05-4181 filed "Twelfth Supplemental and Amending Complaint in a Class Action Lawsuit" on June 21, 2006 ("the Twelfth Supplemental"), Docket No. 641. The Twelfth Supplemental added new defendants, including CSX Corporation. The plaintiffs made an attempt to serve CSX Corporation with the summons and complaint in July 2006. The service was insufficient, for the reasons set forth below. In addition, CSX Corporation does not have the minimum contacts with the State of Louisiana that a Court would need to exercise jurisdiction over CSX Corporation's person. CSX Corporation therefore moves the Court to dismiss the plaintiffs' complaint against CSX

915695-1

Corporation, as supplemented and amended by "Twelfth Supplemental and Amending Complaint in a Class Action Lawsuit," under Fed. R. Civ. P. 12(b)(2) & (5).

### I. INSUFFICIENCY OF SERVICE OF PROCESS ON DEFENDANT CSX CORPORATION

On June 21, 2006, the day on which the plaintiffs filed the Twelfth Supplemental, a summons was issued as to CSX Corporation and others, Docket No. 642. A return on service was filed on July 31, 2006, described by the Clerk of Court as "SUMMONS Returned executed; CSX Corporation served on 7/20/2006."[1] Docket No. 832.

Docket No. 832 consists of two pages: a summons addressed to seven defendants, including CSX Corporation (with no addresses or directions for service), and a Return on Service on an unspecified defendant (a copy of the summons and Return on Service are attached as **Exhibit Four**). The Return of Service says, "Served personally upon the defendant. Place where served: Nedra Muller thru: Corporation Service Company 320 Somerlous."[2] Unfortunately, the Return on Service does not say which defendant was purportedly served through Corporation Service Company, but the Clerk of Court has entered it on the docket sheet as a return on service of CSX Corporation.

There is nothing else in the record of Civil Action 05-4182 that claims to be a return on service on CSX Corporation of the Twelfth Supplemental and a summons. Therefore, the only purported service on CSX Corporation is the service on Corporation Service Company on July

---

[1] The handwritten date on the actual Return of Service appears to be July 21, 2006, rather than July 20, 2006. Docket No. 832. The Clerk of Court's error is understandable because the handwriting is not entirely clear.

[2] Underlining original, as part of the form. The Return is apparently referring to Corporation Service Company, in Baton Rouge, Louisiana. A certificate from the Louisiana Secretary of State, showing that an entity named "Corporation Service Corporation" has an office at 320 Somerulos Road, Baton Rouge, Louisiana, is attached as **Exhibit Two**.

915695-1                                    2

20 or 21, 2006, Docket No. 832. If that service was insufficient, then CSX Corporation has not been properly served and its motion under Fed. R. Civ. P. 12(b)(5) should be granted. CSX Corporation shows herein that that purported service was indeed insufficient, because it was not made on CSX Corporation through any person authorized by law or contract to accept service on CSX Corporation.

### Law and argument

The plaintiffs have not made service on CSX Corporation itself, but apparently have attempted to effect service on CSX Corporation by actual service on Corporation Service Company, in Baton Rouge, Louisiana. The plaintiffs therefore must show that Corporation Service Company was somehow authorized to accept service on behalf of CSX Corporation. "The burden is on the plaintiff to show a basis for an inference that the defendant has authorized a particular person to accept service of process on its behalf." *American Institute of Cert. Publ. Acct. v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998). Corporation Service Company is not authorized to accept service on behalf of CSX Corporation and the plaintiffs cannot carry that burden of showing that it is so authorized. The attempted service does not comply with any method of service permitted by law, and is therefore insufficient and improper service on CSX Corporation.

Because CSX Corporation is a corporation, service of a summons and complaint is governed by Fed. R. Civ. P. 4(h) ("Service Upon Corporations and Associations"). Rule 4(h) says that service on a domestic or foreign corporation, if it is to be made in a judicial district of the United States, may be made as follows:

> [Rule 4(h):] Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

915695-1                                3

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Rule 4(e)(1), to which Rule 4(h)(1) refers, says:

> [Rule 4(e)(1):] Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be affected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

Therefore the permissible modes of service of summons and complaint on CSX Corporation in this action may be summarized:

- Pursuant to the law of Louisiana (because Louisiana is the state where this Court is located and the state in which service was attempted), Rule 4(e)(1) incorporated into Rule 4(h)(1),[3] and

- By delivery of a copy of the summons and complaint to an officer, a managing agent, a general agent, or any other agent authorized (a) by appointment or (b) by law, to receive service of process on CSX Corporation, Rule 4(h)(1).

---

[3] **La. Code of Civ. P. art 1261 ("Domestic or Foreign Corporation"):**
"A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
"B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:
"(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.
"(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.
"(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201. . . ."

In this action the plaintiffs' attempted service of summons and complaint on defendant CSX Corporation has complied with neither of the modes of service allowed by Rule 4(h).

### The service is insufficient under Rule 4(e)(1) (Louisiana law).

Louisiana law allows service of process on a corporation under La. Code Civ. P. art. 1261. *See* fn. 3. Service under art. 1261 may be made in several ways. First, under article 1261(A), by personal service of process on an agent for service of process. In this case the person served, Corporation Service Company, is not an agent for service of process on CSX Corporation as shown by a certificate from the Louisiana Secretary of State that he has no records of CSX Corporation (**Exhibit One**) and therefore no appointment of an agent for service of process, and by a declaration by Peter J. Shudtz that CSX Corporation does not have an agent for service of process in Louisiana (**Exhibit Three**, ¶ 9).

Second, under article 1261(B)(1), if the corporation does not have an agent for service of process in Louisiana, by personal service on any officer, or director, or on any person named as such in the last report filed with the Secretary of State. Corporation Service Company is not an officer or director of CSX Corporation. Furthermore, as the Secretary of State of Louisiana has no records at all of CSX Corporation, there is no person named in the "last report filed." Therefore there was no service made on Corporation Service Company under art. 1261(B)(1).

Third, under article 1261(B)(3), if the corporation does not have an agent for service of process in Louisiana, by service under La. R.S. 13:3204.[4] The plaintiffs in this action have not

---

[4] **La. R.S. 13:3204 ("Service of process"):**
A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant <u>by registered or certified mail, or actually delivered to the defendant</u> by commercial courier, when the person to be served is located outside of this state

915695-1                                                  5

attempted to make service on CSX Corporation under § 3204 because they have not attempted service "by registered or certified mail" or by actual delivery to CSX Corporation. § 3204(A). Furthermore, no court has ordered that service of process be made on an appointed attorney under § 3204(B). Therefore there has not been proper service on CSX Corporation under La. R.S. 13:3204.

### Service was insufficient under Fed R. Civ. P. 4(h)(1) (delivery).

The plaintiffs did not attempt service under Rule 4(h)(1), "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Corporation Service Company is a corporation and not an officer, or a managing or general agent, of CSX Corporation. Corporation Service Company was not appointed by CSX Corporation to accept service, as shown by **Exhibit One**, nor is there any law by which Corporation Service Company was appointed to accept service on CSX Corporation. Therefore the purported service on July 20 or 21, 2006, was not sufficient service on CSX Corporation, and CSX Corporation's motion to dismiss should be granted.

---

or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction. [underlining added]
    B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.
    C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.
    D. For purposes of this Section, a "commercial courier" is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:
    (1) Acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery.
    (2) Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns.

## II. LACK OF JURISDICTION OVER THE PERSON OF CSX Corporation

The plaintiffs allege in the Twelfth Supplemental (¶ II) that CSX Corporation is a foreign corporation that at all times pertinent did business within the territorial jurisdiction of this court. The plaintiffs then allege (¶ XIXXV) that CSX Corporation "owned, operated and controlled the right-of-way, roadbed, and railroad track, which penetrated the New Orleans Flood Defense System," and that "CSX Corporation ... negligently built and maintained, and negligently failed to adequately close" the alleged penetration.

The allegations are not accurate. CSX Corporation has not owned, operated, or controlled the right of way, roadbed, or track, nor has it negligently built, maintained, or operated the alleged penetration. Moreover, CSX Corporation has not at any relevant time done business in the territorial jurisdiction of this court, nor does it have the minimum contacts with the State of Louisiana necessary for this court's exercise of jurisdiction over the person of CSX Corporation. Therefore the plaintiffs' complaint against CSX Corporation must be dismissed for under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

### Law and argument

Personal jurisdiction may be asserted against CSX Corporation in the State of Louisiana only if due process requirements of the United States Constitution are satisfied. Due process requires that a nonresident entity have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement is designed to insure the non-resident's liberty interest in not

being bound by the judgments of states with which it has not established meaningful "contacts, ties or relations." *Id.*

The non-resident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said that it should reasonably have anticipated being brought into court. *See World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Luv N'Care v. Insta-Mix, Inc.*, 438 F.2d 465, 469-70 (5th Cir. (La.) 2006). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." *Aetna Cas. & Sur. Co. v. Continental Western Ins. Co.*, 97-206 (La. App. 3 Cir. 12/10/97), 704 So. 2d 900, 902, *writ denied*, 1998-0077 (La. 3/13/98), 712 So. 2d 884. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (unilateral activity an inadequate basis for personal jurisdiction).

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation is a Virginia corporation with a principal place of business in the State of Florida. **Exhibit Three (declaration), ¶ 3.** CSX Corporation has always done business in the United States only through its subsidiaries, including CSX Transportation, Inc., **Exhibit Three, ¶ 4**, which are all juridically distinct entities. CSX Corporation owns all of the outstanding capital stock of CSX Transportation, Inc., but CSX Corporation has never engaged in the operation of a railroad, either in Louisiana or anywhere else. **Exhibit Three, ¶¶ 4-6.** *See, e.g., Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 346 (5th Cir. (Tex.) 2004) ("As a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be

based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.").

CSX Corporation has not conducted any business activity in the State of Louisiana at any relevant time. *See* **Exhibit Three**, ¶ 7. CSX Corporation has never had an office in the State of Louisiana, an officer or other employee working in the State of Louisiana, or assets in the State of Louisiana. **Exhibit Three**, ¶ 8. In particular, and of particular significance in this action, CSX Corporation has never engaged in the following activities in the State of Louisiana (or anywhere else): construction, maintenance, or operation of any railroad rolling equipment or of any railroad track, roadbed, or other railroad equipment. **Exhibit Three**, ¶ 6. *See, e.g., Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 1080 (1993) (company not subject to personal jurisdiction where it had no employees or officers in state, no assets in state, and no offices in state, even though it had an agent for process in the state and operated a wholly-owned subsidiary transacting business in the state); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1069 n.12 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 867 (1992) (company's ownership of stock in Texas business does not reflect an activity "purposefully directed" toward Texas); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. (La.) 1990) (mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent); and *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. (Tex.) 1983) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there . . . .").

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have

915695-1                                                     9

"purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(2) should be granted.

## Conclusion

The court record shows a return on service on CSX Corporation on July 20 or 21, 2006, but the service is insufficient and improper. The service did not comply with Rule 4(h). The service was not proper under Rule 4(e)(1) (incorporated by Rule 4(h)(1)), because it did not comply with any method permitted under Louisiana law for service on a corporation. Nor was service otherwise proper under Rule 4(h)(1) because it was not delivery on any officer or agent of CSX Corporation or on anyone authorized by appointment or law to accept service on CSX Corporation. The purported service on CSX Corporation on July 20 or 21, 2006, was insufficient and did not constitute service of process on CSX Corporation. The motion of CSX Corporation for dismissal under Rule 12(b)(5) should be granted.

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation does business in the United States through its subsidiaries, and has never engaged in the operation of a railroad or done any other business in the State of Louisiana. CSX Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(2) should be granted.

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall

915695-1                                11