UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: LEVEE - 06-4065 | § | |
| | § | |

**RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWER
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.**

Now into Court, through undersigned counsel, comes Eustis Engineering Company, Inc. ("Eustis") for the purpose of answering the plaintiffs' complaint which named Eustis as a party ("Complaint").

**RULE 12(B)(6) DEFENSES**

**First Rule 12(b)(6) Defense**

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted.

1

### Second Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a timely claim against Eustis upon which relief can be granted.

### Third Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a viable claim against Eustis.  Any claim against Eustis is perempted as a matter of law.  The averred cause of the damage expired before the plaintiffs filed the Complaint.

### Fourth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Fifth Rule 12(b)(6) Defense

The Complaints fail to state a claim for recovery of damages, litigation costs, or legal interest.

### <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

**Third Affirmative Defense**

Eustis did not engage in any activity under which Eustis could be liable under a theory of negligence.

**Fourth Affirmative Defense**

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

**Fifth Affirmative Defense**

Any damages were neither caused nor contributed to by any act or omission by Eustis.

**Sixth Affirmative Defense**

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

**Seventh Affirmative Defense**

Eustis was engaged by the United States Army Corps of Engineers from time to time to provide engineering services. However, to the extent that plaintiffs allege federal question jurisdiction based on government contractor status, which Eustis denies, Eustis pleads, in the alternative, all defenses available to government contractors. Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

**Eighth Affirmative Defense**

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility.  On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation and was a superceding cause of the failure of the levees.

**Ninth Affirmative Defense**

The design criteria for the levees were exceeded during Hurricane Katrina.

**Tenth Affirmative Defense**

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

**Eleventh Affirmative Defense**

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

## ANSWER

And now, in answer to the averments contained in the Complaint filed by the plaintiffs, Eustis states:

1.

No answer is required of Eustis to Paragraph 1 of the Complaint.  Out of caution, Eustis denies the averments contained in Paragraph 1, except to admit that the named plaintiffs filed a civil action.

2.

Eustis is without information sufficient to form a belief as to the truth of the

averments contained in Paragraph 2 of the Complaint, except to admit that Eustis is a Louisiana corporation that does engage in business within this federal district.

3.

The Complaint served on Eustis does not contain a Paragraph 3.  Out of caution, Eustis denies any averments contained in a Paragraph 3, if such a paragraph exists.

4.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint, except to admit that Eustis engages in business within this federal district.  The remainder of Paragraph 4 is denied.

5.

Eustis denies the averments contained in Paragraph 5 of the Complaint, except to admit that the named plaintiffs filed a civil action, requested class action proceedings and that the pleadings filed by those parties set forth certain allegations with respect to alleged monetary damage of the plaintiffs.  Eustis denies that the plaintiffs are entitled to class action status and also denies all jurisdictional allegations in Paragraph 5.

6.

Eustis denies that any federal question jurisdiction exists.  Eustis denies that class action is appropriate and denies the remainder of Paragraph 6 because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained therein.

7.

Eustis denies that any subject matter jurisdiction exists.  Eustis denies that class action is appropriate and denies the remainder of Paragraph 7, because Eustis is without

firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained therein.

8.

Eustis denies any negligent or wrongful action and is without firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in Paragraph 8.

9.

No answer is required of Eustis to Paragraph 9 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 9; however, Eustis admits that on August 29, 2005 Hurricane Katrina made landfall.

10.

No answer is required of Eustis to Paragraph 10 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 10.

11.

No answer is required of Eustis to Paragraph 11 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 11.

12.

No answer is required of Eustis to Paragraph 12 of the Complaint.  Eustis denies any negligent or wrongful action and Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 12.

13.

No answer is required of Eustis to Paragraph 13 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 13.

14.

No answer is required of Eustis to the remainder of Paragraph 14 of the Complaint. Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 14.

15.

No answer is required of Eustis to the remainder of Paragraph 15 of the Complaint. Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 15.

16.

No answer is required of Eustis to the remainder of Paragraph 16 of the Complaint. Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 16.

17.

No answer is required of Eustis to the remainder of Paragraph 17 of the Complaint. Eustis is without firsthand knowledge or sufficient information to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint.

18.

No answer is required of Eustis to the remainder of Paragraph 18 of the Complaint. Eustis is without firsthand knowledge or sufficient information to form a belief as to the truth of the averments contained in Paragraph 18 of the Complaint.

19.

No answer is required of Eustis to the remainder of Paragraph 19 of the Complaint. Eustis denies all allegations contained in Paragraph 19 of the Complaint and denies that

class action status is appropriate.

20.

Eustis is without information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint.

21.

No answer is required of Eustis to Paragraph 21 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 21. Eustis denies that class certification is appropriate.

22.

No answer is required of Eustis to Paragraph 22 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 22.  Eustis denies that class certification is appropriate.

23.

No answer is required of Eustis to Paragraph 23 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 23.  Eustis denies that class certification is appropriate.

24.

No answer is required of Eustis to Paragraph 24 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 24. Eustis denies that class certification is appropriate.

25.

No answer is required of Eustis to Paragraph 25 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 25.  Eustis

denies that class certification is appropriate.

26.

No answer is required of Eustis to Paragraph 26 of the Complaint.  Eustis is without sufficient information or firsthand knowledge of the facts alleged in Paragraph 26. Eustis denies that class certification is appropriate.

27.

No answer is required of Eustis to Paragraph 27 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 27; however, Eustis admits that on August 29, 2005 Hurricane Katrina made landfall.

28.

No answer is required of Eustis to Paragraph 28 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 28.

29.

Eustis denies any negligence or fault and denies the remainder of the allegations in Paragraph 29 of the Complaint because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 29.

30.

No answer is required of Eustis to Paragraph 30 A-C of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 30.

31.

No answer is required of Eustis to Paragraph 31 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 31.

32.

No answer is required of Eustis to Paragraph 32 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 32.

33.

No answer is required of Eustis to Paragraph 33 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 33.

34.

No answer is required of Eustis to Paragraph 34 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 34.

35.

No answer is required of Eustis to the remainder of Paragraph 35 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 35.

36.

No answer is required of Eustis to the remainder of Paragraph 36 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 36.

37.

No answer is required of Eustis to the remainder of Paragraph 37 of the Complaint. Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 37.

38.

No answer is required of Eustis to Paragraph 38 of the Complaint. Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 38.

39.

No answer is required of Eustis to Paragraph 39 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 39.

40.

No answer is required of Eustis to Paragraph 40 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 40.

41.

No answer is required of Eustis to Paragraph 41 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 41.

42.

No answer is required of Eustis to Paragraph 42 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 42.

43.

No answer is required of Eustis to Paragraph 43 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 43.

44.

No answer is required of Eustis to Paragraph 44 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 44.

45.

No answer is required of Eustis to Paragraph 45 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 45.

46.

No answer is required of Eustis to Paragraph 46 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 46.

47.

No answer is required of Eustis to Paragraph 47 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 47.

48.

No answer is required of Eustis to Paragraph 48 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 48.

49.

No answer is required of Eustis to Paragraph 49 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 49.

50.

No answer is required of Eustis to Paragraph 50 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 50.

51.

No answer is required of Eustis to Paragraph 51 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 51.

52.

No answer is required of Eustis to Paragraph 52 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 52.

53.

No answer is required of Eustis to Paragraph 53 of the Complaint.  Eustis is without

firsthand knowledge or sufficient information of the facts alleged in Paragraph 53.

54.

No answer is required of Eustis to Paragraph 54 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 54.

55.

No answer is required of Eustis to Paragraph 55 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 55.

56.

No answer is required of Eustis to Paragraph 56 of the Complaint.  Eustis denies any negligent or wrongful action and denies the remainder of Paragraph 56 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 56.

57.

No answer is required of Eustis to Paragraph 57 of the Complaint.  Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 57.

58.

No answer is required of Eustis to Paragraph 58 of the Complaint.  Eustis denies any negligent or wrongful action and denies the remainder of Paragraph 58 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 58.

59.

No answer is required of Eustis to Paragraph 59 of the Complaint.  Eustis denies any negligent or wrongful action and denies the remainder of Paragraph 59 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 59.

60.

No answer is required of Eustis to Paragraph 60 of the Complaint.  Eustis denies any negligent or wrongful action and denies the remainder of Paragraph 60 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 60.

61.

No answer is required of Eustis to Paragraph 61 of the Complaint.  Eustis denies any negligent or wrongful action, Eustis also denies that the doctrine of *res ipsa loquitur* applies, and denies the remainder of Paragraph 61 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 61.

62.

No answer is required of Eustis to Paragraph 62 of the Complaint.  Eustis denies Paragraph 62 because Eustis is without firsthand knowledge or sufficient information of the facts alleged in Paragraph 62.

63.

No answer is required of Eustis to Paragraph 63 of the Complaint.

64.

No answer is required of Eustis to Paragraph 64 of the Complaint.

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Complaint filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

Respectfully Submitted,

GARDNER & KEWLEY
A Professional Law Corporation


s/Erin E. Dearie
THOMAS F. GARDNER, T.A. (#1373)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana  70005
Telephone:   (504) 832-7222
Facsimile:    (504) 832-7223

**ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY, INC.,**
**DEFENDANT**


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 30th day of August, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by emailing, faxing, or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

 s/Erin E. Dearie
ERIN E. DEARIE