UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE & MRGO  05-4181   05-6314   06-0020   06-2346  05-4182   05-6324   06-0886   06-2545  05-5237   05-6327   06-2278  05-6073   05-6359   06-2287 | § § § § § § § | |

**ENGINEERS' JOINT OPPOSITION ON BEHALF OF
BURK-KLEINPETER, INC., EUSTIS ENGINEERING COMPANY, INC.,
MODJESKI AND MASTERS, INC. AND GOTECH, INC.
TO PLAINTIFFS' SURREPLY, INCLUDING
RELATED DOCUMENT NOS. 945, 946 AND 1021**

*Engineers' Joint Opp to Surreply_727409_083006_tfgasa#1F.wpd*

**MAY IT PLEASE THE COURT:**

For the reasons set forth below, the Engineers' oppose plaintiffs' surreply and object to the attached affidavits.[1]

**1.    SERVICES ON SUBSEQUENT PROJECTS DO NOT NEGATE PEREMPTION**

Plaintiffs contend that "the allegations in these consolidated cases are not limited to the breach sites," and "information gleaned from work on another part of the 17th Street Canal . . . negating their [Engineers'] peremption argument." Surreply, p. 4. In short, plaintiffs claim that services rendered in places remote from a breach site defeat peremption. Plaintiffs' remoteness contentions are without merit.

In the June 1, 2006 memorandum, the Engineers cited Ewing as a controlling peremption decision.[2] However, plaintiffs never distinguished Ewing; and, in their remoteness argument, they ignore Ewing completely.

In Ewing, the project had been accepted more than ten years before the plaintiff filed suit; but, the plaintiff contended that peremption should not defeat the claims because:

(1)   the engineer **had rendered services on another project on the same drainage system**, and,

(2)   the engineer and the drainage department **had a continuous professional services contract**.[3]

---

[1]   The Engineers adopt and incorporate by reference all of the arguments and the objections to admissibility contained in the Engineers' objections and opposition, Document Nos. 950, 952 & 1026.

[2]   Ewing v. State, 99-1556 (La. App. 3 Cir. 3/15/00); 757 So.2d 843. Document No. 463, Memorandum, pp. 12,13.

[3]   The contract provided, "[T]o continue serving, as in the past, by performing a variety of comprehensive engineering, surveying, and consulting services which include . . . investigating, reporting, providing

The Third Circuit found that no subsequent contract or event can interfere with the running of a peremptive period.[4]

Here, unlike the engineer in Ewing, BKI, Eustis, Gotech and Modjeski had no continuous contractual relationship with the owner of the site where the damages occurred and the cause of action accrued. The Engineers had only intermittent subsequent engagements.[5] Since the continuous professional engineering relationship in Ewing was insufficient to negate peremption, subsequent and distinct, limited engagements are also

---

    records, data, specifications and making plans . . . relating to drainage . . . resolving drainage difficulties . . . general professional advice . . . ." Ewing, 757 So.2d at 848-849.

[4] Id. at 850.

[5] These subsequent services contracts fall into the following general classifications:

  1. Building Foundations:    Emergency generator,
  2. Highways & Bridges:      Bridges, pavements and roadways,
  3. Passive Flood Control:   Levees and floodwalls,
  4. Pump Stations:           Pump stations and piezometer services,
  5. Materials Testing:       Soil classification services, and
  6. Transportation:          Railroad trestle.

Exhibit No. 1 is a comprehensive listing of the services rendered by BKI on all projects on all of the Canals. Except as a sub-consultant to BKI on the London Avenue Canal, Gotech performed no other services on the London Avenue Canal and performed no services at all on the other canals at issue. See Gotech motion for summary judgment Exhibits A (affidavit of Rhaoul A. Guillaume, P.E.) and B (affidavit of Bruce K. Dyson, P.E., P.L.S.).

Exhibit No. 2 is a comprehensive listing of the services rendered by Modjeski on all projects on all of the Canals.

Exhibit No. 3 is a comprehensive listing of the services rendered by Eustis on all projects on all of the Canals.

incapable of negating peremption.[6]

## 2. SUBSEQUENT REMOTE SERVICE CONTRACTS ON OTHER PARTS OF THE SAME SYSTEM ARE INCAPABLE OF INTERRUPTING PEREMPTION

The Ewing court also examined the effect that a remote, subsequent engagement on the same drainage system had on peremption. The Third Circuit found,

> Since there is **no evidence** that Jessen [engineer] performed **any subsequent work** . . . **at the site** of the accident, and more than ten years has passed since the most recent notice of acceptance . . . we find that Ewing's claims against [the engineer] . . . are extinguished.[7]

The Third Circuit's finding that there was no proof of subsequent services at the site was dispositive of all of Ewing's claims. Ewing is factually identical to the instant case. Ewing eviscerates completely the plaintiffs' remote subsequent services argument. Here, as in Ewing, the Engineers proved that they rendered no subsequent services at the site of the breaches. Here, the damages occurred due to breaches in a passive flood protection project, at specific and isolated sites, at a time when all claims at those sites were perempted. Accordingly, under Ewing, subsequent services rendered on independent projects, temporally and spatially separated from the breach sites have no effect on the peremption of claims for damages at the site of the breach. The Engineers rendered services on the breached projects and completed those services only once. Those completed services end dates are uncontroverted. The peremptive period expired at the breach sites, at the latest, on October 31, 2001, therefore, all claims against the Engineers were extinguished before plaintiffs filed the first complaint.

---

[6]   Ewing, 757 So.2d at 800.

[7]   Id.

For these reasons, all claims arising out of the localized breaches in the passive flood protection works are perempted and should be dismissed.

Respectfully Submitted,

GARDNER & KEWLEY
A Professional Law Corporation

DEUTSCH, KERRIGAN & STILES, L.L.P.

s/Thomas F. Gardner
THOMAS F. GARDNER, T.A. (#1373)
DOUGLAS A. KEWLEY (#7355)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana 70005
Telephone:   (504) 832-7222
Facsimile:   (504) 832-7223

**ATTORNEYS FOR:
EUSTIS ENGINEERING COMPANY, INC.,
DEFENDANT AND MOVER**

s/Charles F. Seemann, Jr.
CHARLES F. SEEMANN, JR. (#11912)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:
BURK-KLEINPETER, INC. AND
DEFENDANT AND MOVER**

DEUTSCH, KERRIGAN & STILES, L.L.P.

LONG LAW FIRM

s/Victor E. Stilwell, Jr.
VICTOR E. STILWELL, JR., T.A. (#12484)
FRANCIS J. BARRY, JR. (#02830)
KEITH J. BERGERON (#25574)
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201

**ATTORNEYS FOR:
MODJESKI AND MASTERS, INC.
DEFENDANT AND MOVER**

s/Albert Dale Clary
ALBERT DALE CLARY (#4165)
ADRIAN G. NADEAU (#28169)
One United Plaza
Suite 500, 4041 Essen Lane
Baton Rouge, Louisiana 70809
Telephone: (225) 922-5110
Facsimile: (225) 922-5105

**ATTORNEYS FOR:
GOTECH, INC.
DEFENDANT AND MOVER**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 30th day of August, 2006, served a copy of the Engineers' Joint Opposition on Behalf of Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., Gotech, Inc. and Modjeski and Masters, Inc., to Plaintiffs' Surreply, Including Related Document Nos. 945, 946 and 1021, on counsel for all parties to this proceeding, by e-filing, by e-mail or United States Mail, postage prepaid.

                                                s/Thomas F. Gardner
                                                THOMAS F. GARDNER