UNITES STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: MRGO ACKERSON, CIVIL ACTION NO. 06-4066 | § § § § § | |

**ANSWER**

NOW INTO COURT, through undersigned counsel, come defendants, T.L. James & Company, Inc., and TLJIC, L.L.C. on its own behalf and as successor by merger to T.L. James Marine, Inc. and T. L. James Marine, L.L.C. (hereinafter collectively referred to as "T.L. James Entities"), and in Answer to the class action complaint (hereinafter referred to as "Complaint") filed by plaintiff, Fellosea Ackerson, et al., in Civil Action No. 06-4066, responds and avers as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim, right, or cause of action against the T.L. James Entities upon which relief can be granted.

## SECOND DEFENSE

The T.L. James Entities aver that plaintiffs' claims against them are barred by prescription, peremption and/or laches.

## THIRD DEFENSE

If this case is tried to a jury, then it should be transferred to avoid prejudice to the T.L. James Entities because the jury pool consists of individuals who are potential members of the purported class.

## FOURTH DEFENSE

The T.L. James Entities adopt and incorporate by reference all affirmative and constitutional defenses which have been or may be asserted by any other defendant to this action to the extent applicable to the T.L. James Entities as if copied herein *in extenso*.

## FIFTH DEFENSE

The T.L. James Entities aver that they are entitled to and claim the benefit of Sovereign Immunity and/or the discretionary function exception to the Federal Tort Claims Act, as the T.L. James Entities at all pertinent times hereto were acting as agents of the United States of America.

## SIXTH DEFENSE

The T.L. James Entities aver that they are entitled to and claim immunity from any liability pursuant to La. R.S. 9:2771 since their work was performed pursuant to and in accordance with drawings and specifications prepared by another entity and furnished for the underlying project.

## SEVENTH DEFENSE

The T.L. James Entities aver that plaintiffs' claims against them are barred and are subject to the complete defense of immunity under the government contractor defense recognized in

*Yearsley v. Ross*, 600 S.Ct. 413 (1940), as any and all work performed by the T.L. James Entities as an agent of the U.S. Government and was subject of approval by an Act of Congress and performed pursuant to work orders and directives of the United States Army Corps of Engineers.

### EIGHTH DEFENSE

The T.L. James Entities aver that plaintiffs' claims are barred as to the T.L. James Entities because the Suits in Admiralty Act provides that the exclusive remedy, if any exists, is against the United States of America.   46 U.S.C. §§741-752.

### NINTH DEFENSE

The T.L. James Entities aver that to the extent plaintiffs have received any payments for the alleged injuries or damages from any individual, corporation or governmental entity, the T.L. James Entities are entitled to a credit and/or offset in the amount of any such payments.

### TENTH DEFENSE

Plaintiffs claims should fail because they have failed to join parties needed for a just and proper adjudication of this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### ELEVENTH DEFENSE

Alternatively, the T.L. James Entities aver that the damages as alleged were not as a result of fault on their part or any person or party for which the T.L. James Entities can be responsible.  In the alternative, any damages sustained which are recoverable, were caused in whole or in part by the negligence and fault of other parties or entities over which the T.L. James Entities had no control and for whose actions or omissions the T.L. James Entities cannot be held liable.

## TWELFTH DEFENSE

The T.L. James Entities aver that the claims alleged in the Complaint are barred by the non-foreseeability of any damages, which are denied, by the T.L. James Entities.

## THIRTEENTH DEFENSE

The T.L. James Entities aver that the claims alleged in the Complaint were the result of an Act of God, *force majeure*, and/or an inevitable accident beyond the control of the T.L. James Entities.

## FOURTEENTH DEFENSE

Plaintiffs' claims fail to meet the requirements of the Class Action Fairness Act of 2005, Public Law 109-2, 28 U.S.C. §1331(d)(2).

## FIFTEENTH DEFENSE

If damages were sustained, none of which are admitted, then plaintiffs failed to properly mitigate their damages.

## SIXTEENTH DEFENSE

The T.L. James Entities deny that plaintiffs' claims can be certified for treatment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTEENTH DEFENSE

The T.L. James Entities aver that plaintiffs' claims for punitive damages are not recoverable under the applicable law.

### EIGHTEENTH DEFENSE

The T.L. James Entities aver that plaintiffs' claims fail to meet the jurisdictional requirements of the Public Vessels Act, 46 U.S.C. §§781-790.

### NINETEENTH DEFENSE

The Complaint fails to state a claim under the Federal Water Pollution Control Act, 33 U.S.C. §1251, et seq. as the Complaint fails to allege a pollutant discharge from a  vessel into a navigable waterway and because the Act does not provide a remedy to private citizens for monetary damages.

### TWENTIETH DEFENSE

Alternatively, the T.L. James Entities aver that any damages sustained, none of which are admitted, were not caused or contributed to by any fault or breach of duty on the part of the T.L. James Entities and were occasioned and incurred without the privity or knowledge of the T.L. James Entities.  Accordingly, they are entitled to contest and limit their liability and the liability of the dredges that they owned, operated and/or managed pursuant to 46 U.S.C. §183, et seq. (and all laws supplementary and amendatory thereto).

### TWENTY FIRST DEFENSE

The T.L. James Entities deny that plaintiffs are entitled to trial by jury.

### TWENTY SECOND DEFENSE

AND NOW, without waiving any of its defenses, and for answer to each of the allegations in plaintiffs' Complaint, the T.L. James Entities respond as follows:

I.

The allegations contained in Paragraph One (1) of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied, except to admit that Hurricane Katrina made landfall on or about August 29, 2005.

II.

The allegations contained Paragraph Two (2) of the Complaint are denied for a lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph Three (3) of the Complaint do not require an answer of this defendant, except to the extent that they apply to the T.L. James Entities, to which the T.L. James Entities state as follows:

n.      Admitted.

o.      Admitted.

p.      Admitted.

q.      Admitted.

IV.

The allegations contained in Paragraph Four (4) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied as written, except to admit the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. §1333, 46 U.S.C. §§741-725, and 46 U.S.C. §§781-790.

V.

The allegations contained in Paragraph Five (5) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied as written.

VI.

The allegations contained in Paragraph Six (6) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

VII.

The allegations contained in Paragraph Seven (7) of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph Eight (8) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph Nine (9) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied  for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph Ten (10) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied  for lack

of sufficient information to justify a belief therein.

## XI.

The allegations contained in Paragraph Eleven (11) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations contained in Paragraph Twelve (12) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations contained in Paragraph Thirteen (13) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

## XIV.

The allegations contained in Paragraph Fourteen (14) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required,  the allegations are denied.

## XV.

The allegations contained in Paragraph Fifteen (15) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

## XVI.

The allegations contained in Paragraph Sixteen (16) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.  The T.L. James Entities specifically deny

that any dredging contracts were awarded to them from 1999 to 2004.

XVII.

The T.L. James Entities admits that, under the supervision, direction and control of the United States Army Corps of Engineers, certain T.L. James Entities performed and completed marine dredging in portions of the Mississippi River Gulf Outlet between 1993-1997. The remaining allegations contained in Paragraph Seventeen (17) of the Complaint do not require an answer of this defendant, and except as admitted, the allegations contained in Paragraph Seventeen (17) of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph Eighteen (18) of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph Nineteen (19) of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph Twenty (20) of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph Twenty-one (21) of the Complaint do not require an answer of this defendant.  However,  to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph Twenty-two (22) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph Twenty-three (23) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

XXIV.

The allegations contained in Paragraph Twenty-four (24) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

XXV.

The allegations contained in Paragraph Twenty-five (25) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

XXVI.

The allegations contained in Paragraph Twenty-six (26) of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

XXVII.

The allegations contained in Paragraph Twenty-seven (27) of the Complaint are denied.

## XXVIII.

The allegations contained in Paragraph Twenty-eight (28) of the Complaint are denied.

## XXIX.

The allegations contained in Paragraph Twenty-nine (29) of the Complaint are denied.

## XXX.

The allegations contained in Paragraph Thirty (30) of the Complaint are denied.

## XXXI.

The allegations contained in Paragraph Thirty-one (31) of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXXII.

The allegations contained in Paragraph Thirty-two (32) of the Complaint are denied.

## XXXIII.

The allegations contained in Paragraph Thirty-three (33) of the Complaint are denied.

## XXXIV.

The allegations contained in Paragraph Thirty-four (34) of the Complaint are denied.

## XXXV.

The allegations contained in Paragraph Thirty-five (35) of the Complaint are denied.

## XXXVI.

The allegations contained in Paragraph Thirty-six (36) of the Complaint are denied.

## XXXVII.

The allegations contained in Paragraph Thirty-seven (37) of the Complaint are denied.

### XXXVIII.

The allegations contained in Paragraph Thirty-eight (38) of the Complaint are denied.

### XXXIX.

The allegations contained in Paragraph Thirty-nine (39) of the Complaint are denied.

### XL.

The allegations contained in Paragraph Forty (40) of the Complaint do not require an answer of this defendant.

### XLI.

The allegations contained in the Prayer for Relief are denied.

WHEREFORE, the T.L. James Entities pray that this answer be deemed good and sufficient and that, after due proceedings are had, Judgment be rendered in their favor and against plaintiffs, dismissing plaintiffs' Complaint at their costs, and for all general and equitable relief deemed appropriate by this Court.

Respectfully submitted,
MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ, LLP

/s/ A. Gordon Grant, Jr.
A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
MICHAELA E. NOBLE (#28173)
RONALD J. KITTO (28638)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Phone: 504-585-3200
Fax: 504-585-7688
*T.L. James & Company, Inc., and TLJIC, L.L.C. on its own behalf and as successor by merger to T.L. James Marine, Inc. and T. L. James Marine, L.L.C.*

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 31ˢᵗ day of August, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.


/s/ A. Gordon Grant, Jr.


Pbrooks\MRGO\Answer Ackerson.wpd