FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -1  PM 5: 14

LORETTA G. WHYTE
        CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" |
| PERTAINS TO: ALL LEVEE, MRGO RESPONDER CASES AND TO NOS. 05-4181 | MAGISTRATE (2) |
| | JUDGE DUVAL |
| 06-1850 06-1885 06-4024 06-4389 | MAGISTRATE WILKINSON |

## ASHTON O'DWYER'S MEMORANDUM IN OPPOSITION TO THE MOTION BY BOH BROS. CONSTRUCTION CO., L.L.C. TO IMPOSE SANCTIONS AGAINST HIM AND/OR FOR A PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

The undersigned has carefully read every word submitted to the Court by counsel for Boh Bros. Construction Co., L.L.C., Mr. Riess, and makes no apology to anyone.[1] Indeed, anyone with a rudimentary grasp of the evidentiary issues in this cases would read Boh Bros.' submission and conclude that every allegedly offensive word authored by the undersigned is "pregnant" with much deeper meaning, and that it is counsel for Boh Bros. who has gone "off his rocker".

---

[1] Actually, I do apologize, profusely, to my former law partner, Magistrate Wilkinson, for inferring that he has _ever_ acted other than in a professional and gentlemanly manner, whether towards me or anyone else.

In this regard the Court should be aware of the fact that, since Boh Bros.' Motion to Impose Sanctions against the undersigned was filed, it has been discovered that Boh Bros. is not simply a third-party contractor to the Corps of Engineers, as has been represented to the Court by its counsel, but rather the <u>DREDGER</u> of the 17th Street Canal. It is respectfully submitted that this very recent revelation has elevated the exchange of E-mails and correspondence between the undersigned and counsel for Boh Bros. into an entirely new dimension,[2] which should be considered by the Court in weighing whether to impose sanctions or to issue some form of protective order against someone who is simply trying, in the face of great adversity, to be a zealous advocate on behalf of totally innocent clients, many of whom have lost all of which they were once possessed, not to mention loved ones.

The undersigned makes the following additional points in respectfully asking the Court to deny the Motion for Sanctions and not to impose any form of protective order:

1. The exchange of E-mails and other correspondence between the undersigned and counsel for Boh Bros. did not begin in earnest until May 5, 2006, when Boh Bros. was placed on notice for spoliation of evidence, which notice still stands today. See the attached notice letter of that date, which is entirely factual and professional.

2. The E-mails addressing the obvious conflict of interests between Mr. Riess, who represents Boh Bros., and his client's liability underwriters, is a real issue. The undersigned simply brought this issue to Mr. Riess' attention, because it was obvious that he had failed to consider it. When

---

[2] The undersigned also asks rhetorically, "If counsel for Boh Bros. is serious, why didn't he provide the Court <u>ALL</u> of the E-mails and correspondence between counsel addressing destruction of evidence at the 17th Street Canal site?

Boh Bros. is sued for spoliation of evidence, and when their underwriters are sued directly pursuant to the provisions of the Louisiana Direct Action Statute, this issue will be one which Mr. Riess, his law partners, and the client, will have to deal with. There is nothing unprofessional about the E-mails identifying Mr. Riess' conflict of interests.

3. Mr. Riess is entirely correct that none of the allegedly offending comments have been made in pleadings[3] or in Open Court. Although many of the E-mails were copied to other plaintiffs' attorneys, the reason for doing so was to have a paper record available for all counsel who have the same interests in the preservation of evidence as the O'Dwyer plaintiffs. One of the last E-mails, dated August 1, 2006, which addressed illegitimate births, etc., was not sent to or copied to anyone but Mr. Riess himself, and it was Mr. Riess who chose to publish that E-mail to "the world" and quote it in a pleading. While Mr. Riess apparently relished in pointing out Your Honor's admonishment to the undersigned that there should be no more "diatribes" in future pleadings, Mr. Riess obviously failed to read the entire quote and place it in proper context:

> Plaintiffs long for the days in the City of New Orleans and in the State of Louisiana when certain behavior was simply unacceptable to polite, respectful, law-abiding citizenry. Plaintiffs long for the days when the citizenry, black and white, would not tolerate idleness, drug use or crime – a land in which children knew their father's last name, because he lived in a house which he had acquired through his own industry (no one "gave" it to him),

---

[3] The undersigned makes no apologies for referring to Mayor Nagin as "Body Bags"; he was simply reporting an appellation given the Mayor by others, post-KATRINA. Also, at the time, the undersigned was a party to the litigation, having filed his pleading "in proper person". Accordingly, he is entitled to some latitude. "Body Bags" is one of the nicer terms which friends and clients of the undersigned have for C. Ray Nagin. However, it was not said in Open Court, or to the jury, nor will it be.

with them and his wife, the children's mother. Plaintiffs long for the days when twelve (12) year old girls did not give birth to illegitimate children, and where clergymen, black and white, taught people from a tender age that killing, looting, drug use and possession of illegal firearms was a crime, which would be addressed by swift and certain justice, and that it was a sin to display any disrespect whatsoever towards women, no matter what their race, creed or color. Plaintiffs long for a return to sanity, and a world in which unacceptable behavior will not be tolerated, rather than a world in which what was once unacceptable behavior is now not only acceptable, but the norm and commonplace.

It is respectfully submitted that the foregoing "God, Country, Mom and Apple Pie" sentiment, which may not have a place in a formal pleading, was "pleaded" in proper person during very stressful, and angry, times. Does anyone disagree with one word of the foregoing sentiment? If people lived in accordance with the sentiment it is respectfully submitted New Orleans would be a better place.

4. Counsel in this case routinely represent litigants in wrongful death cases, cases involving horrendous bodily injuries and human misery, and cases involving millions of dollars in property damage. However, nothing in any of our careers thus far can rival this case, which involves over 1500 deaths and the virtual destruction of a Major Metropolitan Area. The undersigned asks, "Has anyone been sanctioned?"

5. On Friday, August 25, 2006, the undersigned listened to hours of argument by Counsel for the contractors and engineers, who are seeking what amounts to summary dismissal of the claims asserted against their clients, without the Court having heard one word of evidence, and without the opportunity for plaintiffs to conduct any meaningful discovery. These

counsel for the contractors and engineers apparently have never heard of Rule 3.3(a)(2) of the Louisiana Rules of Professional Conduct, which provides as follows:

**Rule 3.3 Candor Towards the Tribunal**

(a) A lawyer shall not knowingly

> (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.

The undersigned asks rhetorically, "Did counsel for the contractors and engineers notify their clients that, particularly at the 17th Street Canal and Industrial Canal Breach sites, where pre-storm dredging had eliminated any factor of safety which may have been built into the original levee and retaining wall design, admiralty and maritime procedural and substantive law might preempt state law peremption statutes? Did Counsel for the contractors and engineers disclose that issue to the Court? Why was it necessary for this salient point to be made by the undersigned? Has anyone been sanctioned?

Lastly, the world now knows that Mr. Riess' client, Boh Bros., is not simply a Corps' contractor, but a viable party litigant which dredged the 17th Street Canal, and has engaged in wholesale destruction of evidence at the breach site, under the guise of "just following the orders of the Corps".[4] Fortunately, this destruction of evidence has been

---

[4] Was Boh Bros. "just following orders" or covering up evidence which could be used against it?

properly documented and recorded on videotape for posterity and use at trial. Has anyone been sanctioned?

For the foregoing reasons Ashton O'Dwyer respectfully submits that the Motion of Boh Bros. Contractors Co., L.L.C. for Sanctions and/or for a Protective Order against him should be denied.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
**In Proper Person
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 1st day of September 2006.

_____