FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -6  AM 11: 50

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K"(2) |
| | * | |
| PERTAINS TO:   ADAMS | * | JUDGE DUVAL |
| LEVEE CASE NO. NO. 06-4065 | * | |
| | * | MAGISTRATE WILKINSON |

**********************************************

### ANSWER TO PLAINTIFFS' COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

Fee
Process
X  Dktd
CtRmDep
Doc No.

### FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

### SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

### SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

2

### NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

### TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

### THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor.  *See* 28 U.S.C. § 1442(a)(1).

### FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

### FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters.  *See* 33 U.S.C. § 702(c).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

### NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

### TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

6

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

### THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### THIRTY FIRST DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

1.

The allegations of Paragraph I require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph 2 are denied.

4. *(sic)*

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

Defendant admits it acted as a federal contractor at all material times; the balance of Paragraph 6 does not require an answer from this defendant.

7.

Defendant admits it acted as a federal contractor at all material times; the balance of Paragraph 7 does not require an answer from this defendant.

8.

The allegations of paragraph 8 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied.

9.

Except to admit that Mayor Ray Naguin issued several evacuation orders and that Hurricane Katrina made landfall on coastal Louisiana on or about August 29, 2005 and then subsequently made a second landfall near the Louisiana/Mississippi border, the allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

Except the admit the presence of flood waters in certain parts Orleans Parish on or about August 29, 2005, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

Except to admit the existence of levee and/or flood wall breaches at the 17th Street Canal, London Avenue Canal and Industrial Canal, the allegations of paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

Defendant denies the allegations of paragraph 12 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph 12 is denied for lack of sufficient information to justify a belief therein.

13.

With respect to paragraph 13, defendant admits certain flood walls were constructed with an "I" wall design. Defendant further answers that the U.S. Army Corps of Engineers Manual of Engineering is the best evidence of its content.

14.

Defendant admits the flood walls on the 17th Street Canal and London Avenue Canal were built with an "I" wall design; the balance of paragraph 14 is denied for lack of sufficient information to justify a belief therein.

15.

Defendant admits the use of the "I" wall design and concrete caps; the balance of this paragraph relative to the exact height of the sections is denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 17 is denied for lack of sufficient information to justify a belief therein.

18.

The allegations of paragraph18 do not require an answer from this defendant; however to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 19 contain legal conclusions which require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers

that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 19 are denied.

20.

The allegations of paragraph 20 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 20 are denied.

21.

The allegations of paragraph 21 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 21 are denied.

22.

The allegations of paragraph22 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 22 are denied.

23.

The allegations of paragraph 23 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 23 are denied.

24.

The allegations of paragraph 24 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 24 are denied.

25.

Defendant admits levees and flood walls failed along the 17th Street Canal, London Avenue Canal and the Industrial Canal on or about August 29, 2005.  Defendant further admits wide spread flooding within the City of New Orleans, causing damage to homes and buildings.  Defendant denies the balance of paragraph 25 to the extent it states or implies any fault, neglgience or liability on the part of this defendant.

26.

The allegations of paragraph 26 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law.  To the extent an answer may be deemed necessary, the allegations of Paragraph 26 are denied.

27.

The allegations of paragraph 27 are admitted.

28.

The allegations of paragraph 28 are denied as written.

29.

Defendant denies the allegations of paragraph 29 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 29 requires no answer from this defendant.

30.

Defendant denies the allegations of paragraph 30 (A)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (A)(1) requires no answer from this defendant.

31.

Defendant denies the allegations of paragraph 30 (A)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (A)(2) requires no answer from this defendant.

32.

Defendant denies the allegations of paragraph 30 (A)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (A)(3) requires no answer from this defendant.

33.

Defendant denies the allegations of paragraph 30 (A)(4) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (A)(4) requires no answer from this defendant.

34.

Defendant denies the allegations of paragraph 30 (B)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (B)(1) requires no answer from this defendant.

35.

Defendant denies the allegations of paragraph 30 (B)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (B)(2) requires no answer from this defendant.

36.

Defendant denies the allegations of paragraph 30 (B)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (B)(3) requires no answer from this defendant.

37.

Defendant denies the allegations of paragraph 30 (B)(4) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (B)(4) requires no answer from this defendant.

38.

Defendant denies the allegations of paragraph 30 (B)(5) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (B)(5) requires no answer from this defendant.

39.

Defendant denies the allegations of paragraph 30 (C)(1) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (C)(1) requires no answer from this defendant.

40.

Defendant denies the allegations of paragraph 30 (C)(2) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (C)(2) requires no answer from this defendant.

41.

Defendant denies the allegations of paragraph 30 (C)(3) to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 30 (C)(3) requires no answer from this defendant.

42.

The allegations of paragraph 31 are denied.

43.

The allegations of paragraph 32 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 32 requires no answer from this defendant.

44.

The allegations of paragraph 33 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 33 requires no answer from this defendant.

45.

The allegations of paragraph 34 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 34 requires no answer from this defendant.

46.

The allegations of paragraph 35 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 35 requires no answer from this defendant.

47.

The allegations of paragraph 36 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 36 requires no answer from this defendant.

48.

The allegations of paragraph 37 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 37 requires no answer from this defendant.

49.

The allegations of paragraph 38 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 38 requires no answer from this defendant.

50.

The allegations of paragraph 39 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 39 requires no answer from this defendant.

51.

The allegations of paragraph 40 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 40 requires no answer from this defendant.

52.

Defendant denies the allegations of paragraph 41.

53.

The allegations of paragraph 42 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statues.  The balance of paragraph 42 requires no answer from this defendant.

54.

The allegations of paragraph 43 are denied insofar as a portion of the 17th Street Canal also lies in Jefferson Parish.  The balance of paragraph 43 is admitted only to the extent that the stated canals are within the geographic jurisdiction of this defendant.

55.

The allegations of paragraph 44 are denied as defendant had no duty to test the stated canals, nor did defendant have a duty to insure the proper design, construction or maintenance of the stated canals.

56.

The allegations of paragraph 45 are denied as defendant had no duty to insure the proper construction, maintenance and design of the levees and flood walls.

57.

The allegations of paragraph 46 are denied.

58.

Defendant admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004.

59.

Except to admit that flood gate W30 is within the jurisdiction of the Orleans Levee District, defendant denies the allegations of paragraph 48, as defendant maintains and

operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

60.

The allegations of paragraph 49 are admitted.

61.

Defendant admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96.

62.

The allegations of paragraph 51 are denied.

63.

The allegations of paragraph 52 contain legal conclusions to which no answer is necessary; however to the extent an answer may be deemed necessary, the allegations of paragraph 52 are denied for lack of sufficient information to justify a belief therein.

64.

Defendant denies the allegations of paragraph 53 to the extent that portions of the 17th Street Canal are also within Jefferson Parish; the balance of paragraph 53 does not require an answer from this defendant.

65.

The allegations of paragraph 54 are denied to the extent they state or imply any

fault, negligence and/or liability on the part of this defendant; the balance of paragraph 54

requires no answer from this defendant.

66.

The allegations of paragraph 55 are denied to the extent they state or imply any

fault, negligence and/or liability on the part of this defendant; the balance of paragraph 55

requires no answer from this defendant.

67.

The allegations of paragraph 56 are denied to the extent they state or imply any

fault, negligence and/or liability on the part of this defendant; the balance of paragraph 56

requires no answer from this defendant.

68.

The allegations of paragraph 57 do not require an answer from this defendant;

however, to the extent an answer may be deemed necessary, the allegatioons are denied.

69.

Defendant admits the factual allegations of paragraph 58.  However, to the extent

the allegations of paragraph 58 state or imply any fault, negligence and/or liability on the

part of this defendant, these allegations are denied.

23

70

The allegations of paragraph 59 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 59 requires no answer from this defendant.

71.

The allegations of paragraph 60 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 60 requires no answer from this defendant.

72.

The allegations of paragraph 61 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of paragraph 61 requires no answer from this defendant.

73.

The allegations of paragraph 62 contain legal conclusions requiring no answer from this defendant; however, to the extent an answer may be deemed necessary, the allegations are denied.

74.

The allegations of paragraph 63 contain legal conclusions requireing no answer from this defendant; however, to the extent an answer may be deemed necessary, the allegations are admitted.

75.

The allegations of paragraph 64 require no answer from this defendant.

76.

Defendant denies the introductory prayer of plaintiffs' complaint.

77.

Defendant requests trial by jury of all issues herein.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against them, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served

upon all counsel of record by email and/or placing same in the U.S. Mail, postage

prepaid and properly addressed this _____ day of September, 2006.

_____