

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 SEP -6  AM 11: 50
LORETTA G. WHYTE
    CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO. 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **SECTION "K" MAG. (2)** |
| | * | |
| **PERTAINS TO: O'DWYER** | * | **JUDGE DUVAL** |
| **LEVEE CASE NO. 06-4389** | * | |
| | * | **MAGISTRATE WILKINSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO COMPLAINT FOR COMPENSATORY AND EXEMPLARY DAMAGES, AND FOR REASONABLE ATTORNEY'S FEES AND TAXABLE COSTS IN A CLASS ACTION LAWSUIT FILED PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

### FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. See La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. See La. R.S. 9:2800.

### SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

### SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other

2

persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens and or abstention.

### NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

### TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

### THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. See 28 U.S.C. § 1442(a)(1).

### FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, et seq.

### FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. See 33 U.S.C. § 702(c).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. See FRCP 19(a).

### NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

### TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency,

whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans,

specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

### THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTY FIRST DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

1.

The allegations of Paragraph I require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph I are denied.

2.

The allegations of paragraph II, and sub-parts A through F, contain legal conclusions which require no answer as the statutes on class actions speak for themselves. Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph II are denied.

3.

The allegations of Paragraph III require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph III are denied.

4.

Defendant denies the allegations of paragraph IV to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph IV is denied for lack of sufficient information to justify a belief therein.

5.

Defendant denies the allegations of paragraph V to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph V is denied for lack of sufficient information to justify a belief therein.

6.

Defendant denies the allegations of paragraph VI to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph VI is denied for lack of sufficient information to justify a belief therein.

7.

Defendant denies the allegations of paragraph VII to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph VII is denied for lack of sufficient information to justify a belief therein.

8.

Defendant denies the allegations of paragraph VIII to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph VIII is denied for lack of sufficient information to justify a belief therein.

9.

Defendant denies the allegations of paragraph IX to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph IX is denied for lack of sufficient information to justify a belief therein.

10.

Defendant denies the allegations of paragraph X to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph X is denied for lack of sufficient information to justify a belief therein.

11.

Except to admit the presence of flood waters in certain parts of Orleans Parish on or about August 29, 2005, and the existence of levee and/or flood wall breaches at the 17th Street Canal, London Avenue Canal and Industrial Canal, the allegations of paragraph XI are denied for lack of sufficient information to justify a belief therein.

12.

Defendant denies the allegations of paragraph XII to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph XII is denied for lack of sufficient information to justify a belief therein.

13.

Defendant denies the allegations of paragraph XIII and paragraphs 1-28, to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph XIII is denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph XIV require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of paragraph XIV are denied insofar as any policy of insurance would contain the best evidence of its contents.

15.

Defendant denies the allegations of paragraph XV to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph XV is denied for lack of sufficient information to justify a belief therein.

16.

Defendant denies the allegations of paragraph XVI to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of paragraph XVI is denied for lack of sufficient information to justify a belief therein.

17.

Defendant denies the application of *res ipsa loquitur*.

18.

The allegations of paragraph XVIII are denied.

19.

The allegations of Paragraph XIX require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph XIX are denied.

20.

The allegations of Paragraph XX require no answer from this defendant. However, to the extent an answer may be deemed necessary, the allegations of Paragraph XX are denied except to admit that defendant requests trial by jury of all issues herein.

21.

Defendant requests trial by jury of all issues herein.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and/or placing same in the U.S. Mail, postage prepaid and properly addressed this 6th day of September, 2006.

_____