# EXHIBIT A

(Eustis - 5 years)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL., | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL. | * | CONS. KATRINA CANAL |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |

| | | | |
|---|---|---|---|
| 05-4181 | 05-6314 | 06-0020 | 06-2346 |
| 05-4182 | 05-6324 | 06-0886 | 06-2545 |
| 05-5237 | 05-6327 | 06-2278 | |
| 05-6073 | 05-6359 | 06-2287 | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PARISH OF ORLEANS
STATE OF LOUISIANA

BEFORE ME, the undersigned authority, personally came and appeared:

**DAVID ROSENBERG, PE**

who, after being first duly sworn, deposes and states the following:

1. This Affidavit is based upon my personal knowledge;

2. I am a Professional Engineer in the field of Civil Engineering. I received by BS in Civil Engineering from the University of California at Berkeley in 1996;

3. I have been retained in the above-captioned litigation to evaluate and determine certain mechanisms of failure in connection with the levee systems and/or waterways and/or canals made the basis of this litigation;

4. It is my opinion, to a reasonable degree to scientific certainty, that the New Orleans flood protection levee systems act "in-series" and are susceptible to failure by means of a loss of individual parts;

5. I have personally inspected certain of the levee systems at issue in the above-captioned litigation including, but not limited to, the breaches at issue, as well as parts of each levee system that did not breach, pump stations, railroad trestles, and appurtenances to the levee systems;

6.  I have reviewed the submissions of certain Engineers including, but not limited to, Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc., Modjeski and Masters, Inc., and GOTECH, Inc.;

7.  It is my opinion that important and relevant facts may be revealed in historical testing records, submittals, reports and other items required by contract, as outlined in the Plans and Specifications, however, these materials are not currently available from the Engineers in this matter;

8.  While the Engineers have submitted some information regarding certain projects on each of the levee systems, namely, the 17th Street Canal system, the London Avenue Canal system, the Orleans Avenue Canal system, and the Industrial Canal system (IHNC), it is my opinion that more materials are necessary regarding <u>all</u> projects on the levee systems and their supporting documentation which would demonstrate how the work was performed including, but not limited to:

    A.  Consistency or inconsistency with other projects with similarities in function, form or in terms of engineering and/or construction and other requirements;

    B.  Site-specific and unanticipated conditions;

    C.  Change order history and other contract amendments;

    D.  Geotechnical, pile-driving, earthwork records and other construction records;

    E.  Survey records;

    F.  Permits, permit applications, and any associated documentation and/or correspondence;

    G.  Hydrology/groundwater/drainage records, surveys, and/or data; and

    H.  Any and all correspondence and/or records and/or inquiries regarding warranty, operation, maintenance, and/or repairs of the facilities.

9.  Eustis performed work on the following London Avenue Canal Projects from August 29, 2000 through January 9, 2004:

    A.  July 6, 2001     Norfolk Southern Railroad Trestle at London Avenue Canal Pump Station No. 3

| | | |
|---|---|---|
| B. | October 12, 2001 | Bridge at Lakeshore Drive and London Avenue Canal |
| C. | March 7, 2002 | Dynamic Pile Analysis at the Filmore Avenue Bridge over London Avenue Canal |
| D. | April 5, 2002 | Piezometer Installations at Pump Station No. 4 at the London Avenue Canal |
| E. | May 29, 2002 | Lakeshore Drive Improvements at Reach 3 and Bridge and London Avenue Canal |
| F. | October 22, 2002 | London Avenue Outfall Canal Pumping Station No. 3 - Frontal Protection |
| G. | January 9, 2004 | London Avenue Canal Mirabeau Bridge and Filmore Bridge Engineering Analysis. |
| H. | August 29, 2000 | (Services rendered after) wherein Eustis monitored groundwater levels during the construction of Fronting Protection at Pump Station No. 4 associated with the London Avenue Canal system. |

It is my opinion, to a reasonable degree of scientific certainty, that the engineering design, construction, operation, and maintenance of the projects and facilities referenced above had structural and other engineering impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that knowledge and experience gained during work performed on the above referenced projects, regardless of their incorporation into certain work, more likely than not had an impact on the planning, design, construction, operation, and maintenance of the facilities referenced above had structural and other impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that mechanical items and systems which may be part of the above referenced projects more likely than not had an effect on the performance of the flood protection system as a whole.

10. Eustis performed work on the following Inner Harbor Navigation Canal (IHNC) Projects from August 29, 2000 through January 9, 2004:

    A.     September 22, 2000     Chalmette area and Citrus Back Levees and St. Rose Drainage Structure.

    B.     November 13, 2000     Testing of samples for soil borings.

    C.     March 8, 2002     Proposed addition at Pump Station No. 19 (Florida Avenue)

    D.     August 29, 2000     (Services rendered after) Emergency Generator Project at Pump Station No. 19.

    E.     August 29, 2000     (Services rendered after) Testing services on soil samples provided to Eustis by the Corps associated with the IHNC system.

It is my opinion, to a reasonable degree of scientific certainty, that the engineering design, construction, operation, and maintenance of the projects and facilities referenced above had structural and other engineering impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that knowledge and experience gained during work performed on the above referenced projects, regardless of their incorporation into certain work, more likely than not had an impact on the planning, design, construction, operation, and maintenance of the facilities referenced above had structural and other impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that mechanical items and systems which may be part of the above referenced projects more likely than not had an effect on the performance of the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that work performed by Eustis, after August 29, 2000, at the IHNC wherein the Emergency Generator Project at Pump Station No. 19 replaced a concrete siphon tunnel which previously provided operational redundancy resulted in the back-up means for conveying water out of this area becoming dependent on a more complex

system of electrical and mechanical components, instead of naturally occurring hydraulic principles, had a material effect on the breach sites at the IHNC.

The foregoing is true and correct to the best of Affiant's knowledge and belief.

_____
DAVID ROSENBERG, PE

Sworn to and subscribed
before me, this 5th day of
September, 2006.

_____
NOTARY PUBLIC
E. ALEXIS BEVIS
Bar Roll No. 29091
My commission expires with life.

Page 5 of 5