# EXHIBIT C

(BKI - 5 years)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL.,** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 05-4182 |
| | * | |
| **BOH BROTHERS CONSTRUCTION CO.,** | * | SECTION "K"(2) |
| **L.L.C., ET AL.** | * | CONS. KATRINA CANAL |

**THIS DOCUMENT RELATES TO:**

| | | | |
|---|---|---|---|
| 05-4181 | 05-6314 | 06-0020 | 06-2346 |
| 05-4182 | 05-6324 | 06-0886 | 06-2545 |
| 05-5237 | 05-6327 | 06-2278 | |
| 05-6073 | 05-6359 | 06-2287 | |

*************************************************************

PARISH OF ORLEANS
STATE OF LOUISIANA

BEFORE ME, the undersigned authority, personally came and appeared:

**DAVID ROSENBERG, PE**

who, after being first duly sworn, deposes and states the following:

1. This Affidavit is based upon my personal knowledge;

2. I am a Professional Engineer in the field of Civil Engineering. I received by BS in Civil Engineering from the University of California at Berkeley in 1996;

3. I have been retained in the above-captioned litigation to evaluate and determine certain mechanisms of failure in connection with the levee systems and/or waterways and/or canals made the basis of this litigation;

4. It is my opinion, to a reasonable degree to scientific certainty, that the New Orleans flood protection levee systems act "in-series" and are susceptible to failure by means of a loss of individual parts;

5. I have personally inspected certain of the levee systems at issue in the above-captioned litigation including, but not limited to, the breaches at issue, as well as parts of each levee system that did not breach, pump stations, railroad trestles, and appurtenances to the levee systems;

6. I have reviewed the submissions of certain Engineers including, but not limited to, Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc., Modjeski and Masters, Inc., and GOTECH, Inc.;

7. It is my opinion that important and relevant facts may be revealed in historical testing records, submittals, reports and other items required by contract, as outlined in the Plans and Specifications, however, these materials are not currently available from the Engineers in this matter;

8. While the Engineers have submitted some information regarding certain projects on each of the levee systems, namely, the 17th Street Canal system, the London Avenue Canal system, the Orleans Avenue Canal system, and the Industrial Canal system (IHNC), it is my opinion that more materials are necessary regarding all projects on the levee systems and their supporting documentation which would demonstrate how the work was performed including, but not limited to:

   A. Consistency or inconsistency with other projects with similarities in function, form or in terms of engineering and/or construction and other requirements;

   B. Site-specific and unanticipated conditions;

   C. Change order history and other contract amendments;

   D. Geotechnical, pile-driving, earthwork records and other construction records;

   E. Survey records;

   F. Permits, permit applications, and any associated documentation and/or correspondence;

   G. Hydrology/groundwater/drainage records, surveys, and/or data; and

   H. Any and all correspondence and/or records and/or inquiries regarding warranty, operation, maintenance, and/or repairs of the facilities.

9. Burk-Kleinpeter, Inc. performed work on the following 17th Street Canal Projects:

   A. 2000 Construction of a new sheet pile bulkhead to protect the Bruning House at the Lake, on the north end of

      the west side of the 17th Street Canal

  B.  2004 Construction of new T-Wall Floodwall, discharge piping and stilling basin for the NSRR/I-10 Drainage Pump Station on the east side of the 17th Street Canal in the south right-of-way of I-10.

It is my opinion, to a reasonable degree of scientific certainty, that the engineering design, construction, operation, and maintenance of the projects and facilities referenced above had structural and other engineering impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that knowledge and experience gained during work performed on the above referenced projects, regardless of their incorporation into certain work, more likely than not had an impact on the planning, design, construction, operation, and maintenance of the facilities referenced above had structural and other impacts upon the flood protection system as a whole.

It is my opinion, to a reasonable degree of scientific certainty, that mechanical items and systems which may be part of the above referenced projects more likely than not had an effect on the performance of the flood protection system as a whole.

10. With regard to the Bruning House project, it is my opinion, to a reasonable degree of scientific certainty, that the permitting of and the information gained in conjunction therewith had a material impact on the flood protection system as a whole.

The foregoing is true and correct to the best of Affiant's knowledge and belief.

                 DAVID ROSENBERG, PE

Sworn to and subscribed
before me, this 5th day of
September, 2006.

_____
NOTARY PUBLIC
E. ALEXIS BEVIS
Bar Roll No. 29091
My commission expires with life.