

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP -6  PM 4: 37

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN BERTHELOT, ET AL** | * | **CIVIL ACTION NO.: 05-4182** |
| | * | |
| | * | **SECTION:   K (2)** |
| **VERSUS** | * | |
| | * | |
| | * | **CONS. KATRINA CANAL** |
| **BOH BROS. CONSTRUCTION CO.,** | * | |
| **LLC, ET AL** | * | |
| | * | |
| **PERTAINS TO ALL CASES** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM TO OPPOSITION TO
### <u>MOTION TO IMPOSE SANCTIONS AGAINST ASHTON O'DWYER</u>

**MAY IT PLEASE THE COURT:**

With all due respect to Mr. O'Dwyer, who claims to have "read every word submitted" to the Court, and who nonetheless shows no remorse whatsoever, he has apparently omitted reading the disclosures made by Boh Bros. and all other defendants very early on in these litigations. In fact, Boh Bros.' disclosure was actually made on April 18, 2006. See Exhibit "E" attached. The disclosure unquestionably states that Boh Bros. "dredged" directed portions of the 17th Street Canal during the work it finished in 1992. *Id.* Moreover, following that, documents that verified the disclosure were distributed on May 31, 2006, including the Contract specifications showing

the "dredging" work. See attached Exhibit "D." This information was already also easily available to anyone on the U. S. Army Corps of Engineers' website well before that time, which included the terms of the contract (which fully described all work, including the dredging), and the drawings (which were cross-sections of the intended dredging and excavation). Keep in mind further that the accuracy of these dredging efforts had to be confirmed by the Corps before the Acceptance was issued in 1992, and, as Mr. O'Dwyer could easily have discovered had he bothered to do so, were confirmed by soundings taken by the Corps. Thus, the Corps has posted "as-built" drawings on its own website, which drawings have been available to all, including Mr. O'Dwyer, for months, if not longer. Thus, Mr. O'Dwyer's initial suggestion that this is a "very recent revelation" is patently false. It may be that **he** just discovered this, but if that is the case, he has not been doing his homework.

There are other misconceptions and flatly wrong statements made in Mr. O'Dwyer's opposition that need to be corrected:

- Mr. O'Dwyer, both in his opposition and in various e-mails, has consistently maintained that there is an "obvious conflict of interests" between counsel, Boh Bros. and the insurers for any threatened spoliation of evidence claim. Although he has repeated this contention frequently, he has never stated why. That is because there is no conflict. There is no spoliation of evidence in the first place, but even if there were, there would be absolutely no conflict between counsel, Boh Bros. and its insurers. Mr. O'Dwyer's repeated threats along these lines are just part of his overall theme.

- The most recent e-mail he sent, on August 1, 2006 (the one, which addressed illegitimate births, etc., as he has put it) was attached because counsel wanted this

2

Honorable Court to see exactly what Mr. O'Dwyer said. Mr. O'Dwyer now contends that his comments were a reference to an earlier quote made in his original handwritten complaint when he was allegedly "very stressful, and angry." However, the e-mail he sent to counsel speaks for itself. It does not reference any other quotes, and as written essentially accuses counsel of condoning patently criminal and immoral activities. It says what it says, and Your Honor is certainly capable of determining that.

- Mr. O'Dwyer apparently contends that his own recent discovery of dredging work performed in 1991 and 1992 somehow has a bearing on the recent peremption motions, which he deems as amounting to "summary dismissal," obviously without any regard for the doctrine of peremption and what it means. He apparently thinks that somehow because dredging was involved during that job, the overall case should somehow be miraculously converted into an admiralty and maritime matter, as opposed to flood control. Anyone can peruse the documentation involved and quickly determine that the work Boh Bros. did on that project was flood control, nothing more and nothing less. And, as for his contention, and perhaps suggestion, that someone should be sanctioned for not bringing that "issue" to the Court, that is patently nonsensical. Why would any party bring a jurisdictional issue before the Court if that party was completely convinced that it was inapplicable? Perhaps that is how Mr. O'Dwyer chooses to practice law, but not how the undersigned does so.

- Finally, Mr. O'Dwyer's threats to bring a spoliation of evidence claim obviously are going to continue. He once more accuses Boh Bros. of engaging in

3

"wholesale destruction of evidence at the breach site, under the guise of 'just following the orders of the Corps.'" First of all, the orders that Boh Bros. are following are first those of this Honorable Court, which Mr. O'Dwyer obviously knows, and second, those of the Corps pursuant to its contract. Mr. O'Dwyer seems to relish the fact that "this destruction of evidence has been properly documented and recorded on video tape for posterity and use at trial," yet, he has not made any spoliation of evidence claim to Boh Bros.' knowledge. Why he continues to threaten Boh Bros. with this, and presumably the Corps as well, remains to be seen, but Boh Bros. finds it preposterous that anything it has done thus far could possibly be deemed spoliation when everything has been done in broad daylight, in accordance with this Honorable Court's orders, and in not one instance has Mr. O'Dwyer actually made a pleading to that effect. There is probably a reason for that, but that can be discussed another day.

Mr. O'Dwyer's opposition is nothing more than the repetitive ramblings of someone who has crossed the line. He should be sanctioned accordingly.

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By: _____
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
***Attorneys for Boh Bros. Construction Co., L.L.C.***

AND

4

>Terrence L. Brennan (#32434)
>DEUTSCH, KERRIGAN & STILES, L.L.P.
>755 Magazine Street
>New Orleans, Louisiana 70130
>Telephone: (504) 581-5141
>Facsimile: (504) 566-1201
>***Attorneys for Boh Bros. Construction Co., L.L.C.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has this day been served upon all counsel of record by facsimile, electronic transmittal and/or by United States mail, postage prepaid and properly addressed this ___5___ day of September, 2006.

_____