## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | Civil Action No. 2:05-cv-4182 Honorable Stanwood R. Duval, Jr. Mag. Joseph C. Wilkinson, Jr. |
| PERTAINS TO: MRGO (Ackerson 06-4066) | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through their undersigned counsel, come Great Lakes Dredge & Dock Company, Great Lakes Dredge & Dock Company, L.L.C. of Louisiana, Great Lakes Dredge & Dock Corporation of Delaware, Natco Dredging Limited Partnership and Great Lakes Trailing Company (collectively "Great Lakes") and with respect represent that:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Great Lakes are barred by prescription or laches, or are perempted by La. R.S. 9:2772 and La. R.S. 9:5624.

### THIRD DEFENSE

Plaintiffs' claims fall, in whole or in part, as they lack a right of action, standing or capacity to bring some or all of the claims alleged in their complaint.

### FOURTH DEFENSE

Plaintiffs' claims fall, in whole or in part, as plaintiffs have failed to join indispensable parties.

### FIFTH DEFENSE

Plaintiffs' claims are barred as the facts alleged by plaintiffs are considered an act of God, force majeure, fortuitous event or extraordinary manifestation of the forces of nature.

### SIXTH DEFENSE

Plaintiffs' claims against Great Lakes are barred, as any work performed by Great Lakes was performed under the supervision, direction and control of the United States Army Corps of Engineers, and was performed in compliance with the plans and specifications of the dredging contracts awarded to Great Lakes by the United States and supervised by the United States Army Corps of Engineers.  Accordingly, Great Lakes, is immune from suit and liability.

### SEVENTH DEFENSE

Great Lakes is entitled to, and claims, immunity from, or limitation of liability afforded by La. R.S. 9:2771 and Federal Law because their work was performed in accordance with drawings and specifications furnished for the underlying projects.

2

## EIGHTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## NINTH DEFENSE

Great Lakes invokes all rights and defenses under La. Civ. Code art. 2323 and Admiralty law and avers that any damage alleged to have been suffered by the plaintiffs was directly and proximately caused by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct Great Lakes is not responsible.

## TENTH DEFENSE

Great Lakes invokes and adopts all affirmative and constitutional defenses available under Federal Law or the laws of other jurisdictions that may subsequently be determined to apply to this action.

## ELEVENTH DEFENSE

Great Lakes affirmatively alleges that, to the extent plaintiffs, including members of any putative class, where applicable, have or should hereafter settle with any person, whether parties or non-parties herein, or receive payments for any of the alleged injuries or damages from any individual, corporation or state or federal government entity, Great Lakes is entitled to a credit, set off and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

3

**TWELFTH DEFENSE**

Great Lakes adopts and incorporates by reference any affirmative defense asserted by any other defendant of this action to the extent that such affirmative defense applies to Great Lakes, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Great Lakes hereby reserves its right to amend its answer to assert any such defense.

**THIRTEENTH DEFENSE**

Plaintiffs' claims fail to meet the requirements of Federal Rule of Civil Procedure 23, for treatment as a class action.

**FOURTEENTH DEFENSE**

Plaintiffs' claims fail to meet the requirements of the Class Action Fairness Act of 2005, Public Law 109-2, 28 U.S.C. § 1332(d)(2).

**FIFTEENTH DEFENSE**

The Complaint fails to state a claim under the Federal Water Pollution Prevention and Control Act, 33 U.S.C. §§ 1251, *et. seq*. because it fails to allege that any pollutants were discharged into the navigable waters of the United States by means of the dredging activities alleged.

**SIXTEENTH DEFENSE**

Plaintiffs' claims against Great Lakes under the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, must be dismissed because the Suits in Admiralty Act provides a remedy exclusively against the United States of America in regard to contractors' vessels operated by or for the United States.

4

### SEVENTEENTH DEFENSE

The damages claimed by Plaintiffs against Great Lakes for the dredging activities carried out in the Mississippi River Gulf Outlet are barred as they were not foreseeable.

### EIGHTEENTH DEFENSE

The claims asserted by Plaintiffs in their Complaint frame political questions and not justiciable issues.  The claims asserted in the Complaint do not comprise cases or controversies to which the judicial power of the United States extends, pursuant to Article III, Section 2 of the United States Constitution.

### NINETEENTH DEFENSE

Defendant avers in the alternative, and in the alternative only, that should this Honorable Court find that Plaintiffs actually suffered losses and damages consequent upon the fault of any party for whom or for which they may be held responsible or accountable, all of which is specifically denied, then said injuries and damages were caused solely by the negligence of Plaintiffs and/or others for whom Defendants may not be held responsible, for none of which may Plaintiffs have recovery herein against the Defendant.

### TWENTIETH DEFENSE

Defendant avers in the alternative, and in the alternative only, that should this Honorable Court find that Plaintiffs actually suffered losses and damages consequent upon the fault of any party for whom or for which they may be held responsible or accountable, all of which is specifically denied, then said losses and damages were caused by and/or contributed to and/or aggravated by the negligence of Plaintiffs and/or others for whom Defendant may not be held

responsible, an Act of God and/or an inevitable accident, and Defendant is entitled to have any award or recovery due to Plaintiffs mitigated or reduced accordingly.

### TWENTY-FIRST DEFENSE

Defendant avers that Plaintiffs' losses and damages, if any, occurred without privity or knowledge of Defendant; that the amount of damages sued for in the Complaint herein exceeds the amount or value of Defendant's interest in the dredges and their freight then pending, if any; and Defendant accordingly invokes the benefits of the provision of the 46 U.S.C.A. § 181, *et. seq.* and the acts amendatory thereof and supplemental thereto in limitation of the liability of shipowners, under which provisions Plaintiffs are not entitled to recover damages in a sum in excess of the amount or value of the Defendant's interest in said dredges at the time of this alleged incident, and her freight then pending, even if Defendant is held liable for or by reasons of the matters, or any of them, set forth in the Complaint, which liability is specifically denied. Furthermore, Great Lakes is entitled to exoneration pursuant to 46 U.S.C.A. § 181, *et. seq.*

### TWENTY-SECOND DEFENSE

Defendant avers that Plaintiffs are not entitled to a trial by jury.

### TWENTY-THIRD DEFENSE

In answer to the allegations of fact contained within the Complaint, Defendant, avers as follows:

1.

The allegations contained in paragraph one of the complaint do not require an answer. However, should an answer be deemed necessary, the allegations are denied.

NO NMS 121810 v1
2902907-000001

2.

The allegations contained in paragraph two of the complaint are denied for lack of sufficient information to justify a belief therein.

3.

In regard to the sub-parts of paragraph three of the Complaint, Great Lakes states:

a.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part b.

b.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part c.

c.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part d.

d.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part e.

e.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part f.

f.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part g.

g.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part h.

h.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part i.

i.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part j.

NO NMS 121810 v1
2902907-000001

j.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part k.

k.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part l.

l.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part m.

m.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part n.

n.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part o.

o.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part p.

p.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part q.

q.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part r.

r.      Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part s.

s.      Denied.

t.      Denied.

u.      Denied.

v.      Denied.

w.      Denied.

8

x.    Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part y.

y.    Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part z.

z.    Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part aa.

aa.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part bb.

bb.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part cc.

cc.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part dd.

dd.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part ee.

ee.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part ff.

ff.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part gg.

gg.   Great Lakes is without knowledge or information sufficient to justify a belief as to the truth of the allegations of fact contained in sub-part hh.

NO NMS 121810 v1
2902907-000001

4.

Great Lakes denies the allegations of paragraph four of the Complaint, except to admit the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. § 1333, and the Suits in Admiralty Act, 46 U.S.C. §§ 741-752.

5.

Great Lakes admits that venue is proper in this district.

6.

The allegations contained in paragraph six of the Complaint are conclusions of law for which no answer is required; however should this Honorable Court deem an answer necessary, the allegations are denied.

7.

The allegations contained in paragraph seven of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph eight of the Complaint are denied.

9.

The allegations contained in paragraph nine of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in paragraph ten of the Complaint are denied for lack of sufficient information to justify a belief therein.

NO NMS 121810 v1
2902907-000001

11.

The allegations contained in paragraph eleven of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph twelve of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph thirteen of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in paragraph fourteen of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph fifteen of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in paragraph sixteen of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

Great Lakes admits that, under the supervision, direction and control of the United States Army Corps of Engineers it performed certain marine dredging projects for portions of the Mississippi River Gulf Outlet during the years identified in paragraph 17.  The remaining

NO NMS 121810 v1
2902907-000001

allegations contained in paragraph seventeen of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph eighteen of the Complaint are denied.

19.

The allegations contained in paragraph nineteen of the Complaint are denied.

20.

The allegations contained in paragraph twenty of the Complaint are denied.

21.

The allegations contained in paragraph twenty one of the Complaint are denied.

22.

The allegations contained in paragraph twenty two of the Complaint are denied.

23.

The allegations contained in paragraph twenty three of the Complaint do not require an answer.  However, should this Honorable Court deem an answer necessary, the allegations are denied.

24.

The allegations contained in paragraph twenty four of the Complaint do not require an answer.  However, should this Honorable Court deem an answer necessary, the allegations are denied.

25.

The allegations contained in paragraph twenty five of the Complaint are denied.

12

26.

For answer to the allegations contained in paragraph twenty six of the Complaint, Great Lakes repeats and realleges each and every one of its answers to paragraph one through twenty five of the Complaint as if set forth herein *in toto* and *in extenso.*

27.

The allegations contained in paragraph twenty seven of the Complaint are denied.

28.

The allegations contained in paragraph twenty eight of the Complaint are denied.

29.

The allegations contained in paragraph twenty nine of the Complaint are denied.

30.

For answer to the allegations contained in paragraph thirty of the Complaint, Great Lakes repeats and realleges its answers to paragraphs one through twenty nine of the Complaint as if set forth herein *in toto* and *in extenso.*

31.

The allegations contained in paragraph thirty one of the Complaint are denied.

32.

The allegations contained in paragraph thirty two of the Complaint are denied.

33.

For answer to the allegations contained in paragraph thirty three of the Complaint, Great Lakes repeats and realleges its answers to paragraphs one through thirty-two of the Complaint as if set forth herein *in toto* and *in extenso.*

NO NMS 121810 v1
2902907-000001

34.

The allegations contained in paragraph thirty four of the Complaint are denied.

35.

The allegations contained in paragraph thirty five of the Complaint are denied.

36.

The allegations contained in paragraph thirty six of the Complaint are denied.

37.

For answer to the allegations contained in paragraph thirty seven of the Complaint, Great Lakes repeats and realleges its answers to paragraphs one through thirty six of the Complaint as if set forth herein *in toto* and *in extenso.*

38.

The allegations contained in paragraph thirty eight of the Complaint are denied.

39.

The allegations contained in paragraph thirty nine of the complaint are denied.

WHEREFORE, Defendants, Great Lakes Dredge & Dock Company, Great Lakes Dredge & Dock Company, L.L.C. of Louisiana, Great Lakes Dredge & Dock Corporation of Delaware, Natco Dredging Limited Partnership and Great Lakes Trailing Company pray that this, their Answer and Defenses, be deemed good and sufficient, and that after due proceedings had, there be judgment herein, dismissing Plaintiffs' Complaint at Plaintiffs' costs, and for all such other and further relief as equity and justice may require and permit.

NO NMS 121810 v1
2902907-000001

Respectfully submitted,

By: _____
      James H. Roussel, (11496), T.A.
      Nyka M. Scott (28757)
      Baker, Donelson, Bearman, Caldwell
      & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170
      Telephone:   (504) 566-5212
      Facsimile:   (504) 636-3912

      **Attorneys for Great Lakes Dredge & Dock**
      **Company, Great Lakes Dredge & Dock**
      **Company, L.L.C. of Louisiana, Great Lakes**
      **Dredge & Dock Corporation Of Delaware and**
      **Great Lakes Trailing Company**

OF COUNSEL:

Jack J. Crowe (IL Bar Roll No. 6201016)
Duane M. Kelley (IL Bar Roll No. 1431501)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 8th day of September, 2006, the foregoing document was filed electronically with the Clerk of Court by using the CM/ECF system, and is available for viewing and downloading from the CM/ECF system. Notice of Electronic Case Filing has been sent automatically to all counsel on the email list serve.

    I further certify that I mailed and/or faxed the foregoing document and the notice of electronic filing to all non-CM/ECF participants.

NO NMS 121810 v1
2902907-000001