FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 11  AM 9: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K" (2)<br><br>SECTION "" |
| PERTAINS TO:<br><br>ALL LEVEE | * * * * * * | JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1.  CONFIDENTIAL INFORMATION, as defined herein, disclosed by any party or a third party (hereinafter "Designating Party") to any other party (hereinafter "non-designating party") pursuant to discovery in this action shall be used solely for purposes of this litigation.

2.  "Documents" include all writings, recordings and photographs as defined by Federal Rules of Evidence 1001, including originals and all copies thereof, in whatever form maintained or produced.

___ Fee_____
___ Process_____
_X_/Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____
822109v.4

3. "Disclosure," "disclose," "disclosed" and "disclosing" mean disclosure in any way or manner, including but not limited to allowing any review of CONFIDENTIAL INFORMATION by persons not authorized by this Stipulation and Protective Order to review it, or by verbally or in any written form either directly or indirectly communicating the content or substance of any CONFIDENTIAL INFORMATION to persons not authorized by this Stipulation and Protective Order to review it.

4. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number.

5. As used herein, CONFIDENTIAL INFORMATION refers to information that a Designating Party claims in good faith to be its trade secrets or other confidential research, development, or commercial information, or information not in the public domain which is proprietary or competitively sensitive whose disclosure could cause competitive injury, including but not limited to sensitive financial data and technical information. Such information may be designated as CONFIDENTIAL. Information to be treated under this Stipulation and Protective Order as CONFIDENTIAL INFORMATION shall include:

    a. Information set forth in responses to discovery requests or in documents produced for inspection provided that, prior to delivery to the non-designating party, the responses or copies of documents are marked by the Designating Party with the following legend:

        CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER

    b. Information revealed during a deposition upon oral examination, if the Designating Party has: (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that

portions of the deposition contain CONFIDENTIAL INFORMATION; and (ii) has instructed the court reporter on the record that prior to distribution of the transcript to all counsel a copy of the transcript should be provided to deponent's counsel only allowing said counsel seven (7) business days to return the transcript to the court reporter with a written page and line designation of the portions of the transcript designated as confidential, and that the court reporter shall then attach the page and line designation to the transcript to be distributed to all counsel and indicate on the face page of the transcript: PORTIONS OF THIS DEPOSITION AS INDICATED IN WRITING AND ATTACHED HERETO AS "PAGE AND LINE DESIGNATION" ARE CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA CIVIL ACTION NO. 05-4182; and (iii) has provided opposing counsel with the written page and line designations at the same time and in the same manner as provided to the court reporter.

6. Access to information designated as CONFIDENTIAL shall be limited to the following persons:

    a. Counsel of record and in-house counsel for a non-designating party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

822109v.4

b. Outside experts or consultants for a non-designating party who have been retained by such party solely in connection with this action, including their stenographic and clerical personnel;

c. This Court and its personnel;

d. In the event that counsel for a non-designating party feels it necessary to share CONFIDENTIAL INFORMATION with any of the following persons, counsel for the non-designating party shall provide written notice to the Designating Party prior to doing so:

   i     A deponent believed to have authored, viewed, received, or otherwise believed to have knowledge of CONFIDENTIAL INFORMATION, but only during the course of his or her deposition, or in preparation thereof;

   ii    Fact witnesses or potential fact witnesses, if disclosure to a potential fact witness of particular CONFIDENTIAL INFORMATION is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case, and then only in the presence of plaintiff's counsel.

The Designating Party, upon receiving notice from the non-designating party, shall have no less than five (5) business days within which to move the Court for a protective order, and the non-designating party shall await the Court's resolution of any such motion prior to disclosure of any CONFIDENTIAL INFORMATION. If five (5) business days elapse and

the Designating Party fails to file a motion for a protective order, any objection is deemed waived.

7.  CONFIDENTIAL INFORMATION shall not be made public by the non-designating party, and shall be used by or disclosed to only those persons permitted access to it under Paragraph 6. Each party agrees that it and its counsel shall treat as confidential all information designated as CONFIDENTIAL. The parties and their counsel also agree to accord such CONFIDENTIAL INFORMATION the same degree of care and protection that they would each use for their own confidential information, trade secrets or proprietary information.

8.  Prior to the disclosure of any CONFIDENTIAL INFORMATION to any persons other than those described in Paragraphs 6(a) or 6(c), counsel for the non-designating party shall provide such persons with a copy of the Stipulation and Protective Order and shall have him or her execute a copy of the acknowledgment attached hereto as Exhibit A. Counsel for the non-designating party shall maintain the original acknowledgment of such person during the pendency of the action. Any such acknowledgement shall be made available for inspection by counsel for any other party upon a showing of good cause.

9.  If a party wishes to disclose any information designated as CONFIDENTIAL to any person not described in Paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

10.  If a party wishes to file any document containing information that has been designated CONFIDENTIAL, that party must provide written notice to the Designating Party prior to filing such a document into the record. The Designating Party shall have no less than 10

business days following the receipt of notice from the non-designating party to apply for a protective order from the Court, and the non-designating party shall be prohibited from filing the document containing CONFIDENTIAL INFORMATION until the motion for a protective order has been resolved by the Court. If the Designating Party does not apply for a protective order from the Court within 10 days after receiving notice from the non-designating party, the non-designating party may file the document containing CONFIDENTIAL INFORMATION.

11. The acceptance of CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION is in fact confidential. Any non-designating party may at any time request that the Designating Party remove the CONFIDENTIAL designation with respect to any document, object or information. Such request shall be made to counsel for the Designating Party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the non-designating party contends is not confidential and the reasons supporting its contention. If the Designating Party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents or information are not CONFIDENTIAL may request by motion that the Court remove such information from the restrictions of this Order. The burden of demonstrating that the information is CONFIDENTIAL shall be on the Designating Party.

12. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within ten (10) business days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.

13. In the case of inadvertently produced privileged and/or work product documents, upon request of the Designating Party, the documents together with all copies thereof and any notes made therefrom shall be returned to the party claiming privilege and/or work product immunity within ten (10) business days of receipt of notice of the inadvertent production, and any notes made therefrom shall be destroyed, unless the non-designating party chooses to challenge the assertion of privilege and/or work product designation ("the designation of privilege"). If the non-designating party fails to challenge, the designation of privilege within the ten (10) day period, in writing mailed to the Designating Party any such challenge is waived. If the non-designating does challenge the designation of privilege in a timely manner, the parties agree to confer to resolve any such challenge amicably, failing which the party challenging the designation of privilege shall file a Motion to Compel to resolve the disputed designation of privilege. During the pendency of the resolution of the designation of privilege, the non-designating party shall retain the designated documents securely, without using them further and without providing them to any other persons.

14. The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which: (i) the parties agree, or the Court rules, is already public knowledge; (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the non-designating party; or (iii) is in the non-designating party's legitimate possession independently of the Designating Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

822109v.4

15. If any party to this Stipulation and Protective Order, or its counsel, receives a subpoena, discovery demand, or any other demand or request for any CONFIDENTIAL INFORMATION, that party or its counsel shall immediately notify the Designating Party and all other parties to this Stipulation and Protective Order, or their counsel of that event. Each party or counsel so notified shall take all steps necessary to permit assertion of all applicable rights and privileges with respect to said CONFIDENTIAL INFORMATION and shall cooperate fully with all undersigned counsel and their respective clients in any proceedings relating to the disclosure of such CONFIDENTIAL INFORMATION; provided, however, that no party shall be obligated by the Stipulation and Protective Order to bear the cost or expense of such protection of CONFIDENTIAL materials.

16. If a third party provides discovery to any party in connection with this action, and if the third party so elects (by means of a letter to all undersigned counsel indicating such election), then the provisions of this Stipulation and Protective Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by a producing party under this protective order; provided, however, that such third party shall not have access to CONFIDENTIAL INFORMATION produced by the parties to this action simply by virtue of such third party's status as a producing party.

17. The Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

18. This Stipulation and Protective Order shall survive the termination of this action.

822109v.4

19. After final termination of this action, counsel for the non-designating party either shall return all CONFIDENTIAL INFORMATION in his or her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the non-designating party to counsel for the Designating Party or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the non-designating party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION.

20. The Court may amend this Stipulation and Protective Order at any time upon notice and hearing.

21. Except as otherwise provided herein, all parties and persons to whom CONFIDENTIAL INFORMATION is disclosed are enjoined from using CONFIDENTIAL INFORMATION except in conjunction with the prosecution of claims or defenses in this litigation, and are further enjoined from disclosing CONFIDENTIAL INFORMATION to any other person, except in accord with the provisions of this Stipulation and Protective Order.

22. Counsel for each party to this Stipulation and Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any information designated as CONFIDENTIAL under this Stipulation and Protective Order.

23. Breach of the provisions of this Stipulation and Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

_____
Joseph M. Bruno (La. Bar No. 3604)
David S. Scalia (La. Bar No. 21369)
L. Scott Joanen (La. Bar No. 21431)
BRUNO & BRUNO
855 Baronne Street
New Orleans, Louisiana 70113
(504) 525-1335

*Liaison Counsel on Behalf of the Levee Breach Litigation Group*

_____
William D. Treeby, (La. Bar No. 12901)
John M. Landis
Heather S. Lonian
STONE PIGMAN WALTHER WITTMANN LLC
546 Carondelet Street
New Orleans, LA 70130
(504) 581-2300

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
(404) 521-3939

Adrian Wager-Zito
Julie E. McEvoy
Debra S. Clayman
Christopher R. Farrell
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
(202) 879-3939

*Attorneys for Washington Group International*

SO ORDERED:
    New Orleans, Louisiana, this 5th day of September, 2006.

_____
DISTRICT JUDGE

- 11 -

## ACKNOWLEDGMENT OF OBLIGATION

    I, the undersigned, hereby acknowledge that I have read the attached Stipulated Protective Order entered in the United States District Court for the Eastern District of Louisiana, in the lawsuit styled *In re: Katrina Canal Breaches Litigation,* Civil Action No. 05-4182, Section "K". I understand the terms of the Stipulation and Protective Order and agree to be bound by all the terms thereof. Without limiting the generality of the foregoing statement, I agree not to disclose any document or information designated as CONFIDENTIAL pursuant to the terms of the Stipulation and Protective Order (or any copies, extracts, summaries, or information otherwise derived therefrom) to any person or entity not authorized under the Stipulation and Protective Order to receive such information. I further agree to use any CONFIDENTIAL INFORMATION disclosed to me in connection with this lawsuit solely for the purposes of the lawsuit and for no other purposes. I further acknowledge and agree that the terms of the Stipulation Protective Order are enforceable against me as a contract by any party to the lawsuit both during and after the conclusion of the lawsuit. I further consent to the enforcement of the terms of this Stipulation and Protective Order in the United States District Courts of the Eastern District of Louisiana.

Date: _____   Signature: _____

                Print Name: _____

822109v.4