FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 29 PM 2: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" |
| | * | MAGISTRATE (2) |
| PERTAINS TO: | * | |
| ALL CASES | * | JUDGE DUVAL |
| | * | |
| | * | MAG. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION MEMORANDUM TO PLAINTIFFS' MOTION FOR SANCTIONS AS AGAINST MICHAEL R. C. RIESS

**MAY IT PLEASE THE COURT:**

With all due respect to Mr. O'Dwyer, it is difficult to envision how this motion could have any reasonable basis whatsoever, given that whatever events he seems to think precipitated sanctionable conduct by counsel would most certainly have had to occur in front of Your Honor. Specifically, Mr. O'Dwyer has asserted that undersigned counsel for Boh Bros., namely "Michael R. C. Riess, Esq.", is somehow "guilty of misconduct" based on comments and statements made by Mr. Riess to Your Honor in open court; however, he provides absolutely no proof, evidence, documents or any authentic evidence to back up this conclusionary allegation.

1

Mr. O'Dwyer's self-serving Motion for Sanctions should be seen for exactly what it is - - "the best defense is a good offense", as Mr. O'Dwyer is trying to deflect the attention away from the Motion for Sanctions that has been filed on behalf of Boh Bros. and against Mr. O'Dwyer, that is presently set for hearing on September 6, 2006.

Be that as it may, this motion has no supporting evidence, albeit that Mr. O'Dwyer wants to have the transcripts referenced in hand to support his motion.  We can only wonder why, at this point, he has bothered to file a motion at all.  Perhaps, the reason is obvious, but in any event there is no "right" to file any supplemental pleadings in support of his motion, with or without the transcripts, especially in view of the presumed speciousness of his motion.

Therefore, since it is virtually impossible to respond to a motion that says nothing, Boh Bros. can only suggest at this time that Mr. O'Dwyer's efforts to supplement his pleadings in support of his motion should be denied, absent some compelling showing that there is any reasonable basis for his motion in the first place.

If this Honorable Court sees fit to allow Mr. O'Dwyer some latitude, then Boh Bros. will respond accordingly.  At this time, however, his motion should be summarily denied.

<u>CONCLUSION</u>

Given that Mr. O'Dwyer has decided to go forward with another self-serving diatribe in the form of a "Motion for Sanctions" that he has filed against undersigned counsel for Boh Bros., Boh Bros. will now suggest to this Honorable Court the reasonable sanctions that should be imposed against Mr. O'Dwyer in the "Katrina Levee Breach" cases, as follows:

1.      Mr. O'Dwyer should be required to pay the cash sum of Fifty Thousand Dollars ($50,000.00) directly to the account of "Boh Bros. Construction Co., L.L.C." for engaging in the misconduct identified in Boh Bros.' Motion for Sanctions and in

filing this frivolous Motion for Sanctions against undersigned counsel for Boh Bros.;

2.  Additionally, Mr. O'Dwyer should be required to pay the cash sum of Fifty Thousand Dollars ($50,000.00) to Your Honor's exclusive choice of a "Katrina Relief Fund", so that these monies can be put to productive and good use;

3.  Both undersigned counsel for Boh Bros. and Boh Bros., itself, request that Mr. O'Dwyer be permanently barred from the 17th Street Canal work site during the entirety of this litigation, as Mr. O'Dwyer has clearly engaged in conduct that is violating of almost every cannon and ethical rule of the Louisiana Rules of Professional Conduct and is constantly disrupting the work site when he does, in fact, show up during the work inspections, as outlined in the Work Protocol agreed to by and between all counsel in this case. This is not to say that Mr. O'Dwyer's clients cannot be adequately represented by the plaintiffs' liaison committee members and their experts, including Mr. O'Dwyer's experts. All we ask is that Mr. O'Dwyer, himself and anyone from his legal office, be permanently barred from the 17th Street Canal work site during the entirety of the pendency of this litigation.

We feel that these sanctions are more than reasonable and are in line as punishment and retribution for the totally unprofessional acts and activities of Mr. O'Dwyer in these cases.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

By: _____

Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana  70170-3300
Telephone: (504) 581-3300
Facsimile:  (504) 581-3310
***Attorneys for Boh Bros. Construction Co., L.L.C.***

AND

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
***Attorneys for Boh Bros. Construction Co., L.L.C.***


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition Memorandum to

Plaintiffs' Motion for Sanctions as Against Michael R. C. Riess has this day been served upon all

counsel of record by hand, by fax, and/or by depositing same in the United States mail, postage

prepaid and properly addressed this _29_ day of August, 2006.

_____

4