FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 14  AM 9: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO: 05-4181 |
| VERSUS | * * | SECTION: "K"(2) |
| PERTAINS TO Vanderbrook 05-6323 | * * | JUDGE: DUVAL |
| | * | MAGISTRATE: WILKINSON |

### BRIEF OF *AMICI CURIAE*
### ALLSTATE INSURANCE COMPANY
### AND ALLSTATE INDEMNITY COMPANY

In response to the Court's August 28, 2006 Order requesting additional briefing, Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate") hereby submit this brief of *amici curiae* in support of the defendant insurers.

### INTRODUCTION

Allstate is a defendant in the *Chehardy* class action pending before this Court.[1] In *Chehardy*, the plaintiffs allege, *inter alia*, that flood damage caused to their homes as a result of Hurricane Katrina is covered under their Allstate homeowner policies because such damage was caused by windstorm, storm surge, and/or the negligent maintenance, design, and construction of the levees. The coverage issues raised by the allegations against Allstate in *Chehardy* are

---

[1] No. 06-1672, c/w 06-1673, c/w 06-1674.

different than those raised against the defendants in *Vanderbrook* because, *inter alia*, the policy language is different.

Despite the differences between the cases, the *Chehardy* plaintiffs and their counsel nevertheless have interjected themselves into this case by filing amicus briefs that relate to the claims they have asserted against Allstate and other insurance carriers in *Chehardy*.[2] Although Allstate believes the *Chehardy* plaintiffs' involvement in the present dispute is inappropriate, and although Allstate's homeowner policies contain language that is different from the language contained in the policies of the defendants in the present action, Allstate is filing this amicus brief in an effort to protect its interests in *Chehardy* to the extent they overlap with the issues in the present case.[3]

This brief addresses the following questions raised by this Court in its August 28, 2006 order: (1) whether the homeowner policies exclude floods caused by third party negligence; and (2) whether the flood exclusion in the homeowner policies is ambiguous.[4] As will be

---

[2] At oral argument on August 25, counsel for the *Chehardy* plaintiffs defended the Motions to Dismiss filed by the defendant insurers in *Vanderbrook*.

[3] In so doing, Allstate is not in any way waiving any arguments or defenses it has raised or may raise in *Chehardy*.

[4] Allstate does not address topic 2 because its homeowner policies are unambiguous, and, therefore, the Court may not consider the parties "reasonable expectation." *Shocklee v. Mass. Mut. Life Ins. Co.*, 369 F.3d 437, 440 (5th Cir. 2004) (where contract is clear, "the contract's meaning and the intent of its parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence"); *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 352 (5th Cir. 2003) (policy forms law between parties and must be enforced as written); *see Dobson v. Allstate Ins. Co.*, No. 06-0252, *Slip Op.* 2006 WL 2078423, at *12 (E.D. La. Jul. 21, 2006). ("plaintiffs cannot prove justifiable reliance on the alleged misrepresentations made by their insurance agents in light of their possession of clearly worded contract terms to the contrary"). Allstate does not address topics 4 and 5 because it has not relied on anti-concurrent clause language to defend the claims against it in *Chehardy*. It does not

- 2 -

explained more fully below, Allstate's homeowner policies contain at least three separate exclusions that bar floods caused by third party negligence, and each of these provisions, including its flood exclusion, is clear, unambiguous and enforceable.

## ARGUMENT AND AUTHORITIES

A.  **Allstate's Policy Excludes Flood Damages Caused by Third Party Negligence.**

Flood damage caused by third party negligence is excluded under the Allstate policy for four reasons. First, the plain, ordinary meaning of the word "flood" in the Allstate flood exclusion covers the inundation of dry land by water, regardless of its source. Second, courts have construed similarly-worded flood exclusions to apply to bar claims for flood damages associated with dike and dam failures where improper construction was alleged. Third, Allstate's policy also contains a surface water exclusion that would plainly bar claims for damage caused by water on the surface of the ground, regardless of its source. Fourth, the Allstate policy further contains an exclusion for negligent planning, construction or maintenance that would apply to bar damages from flood caused by third party negligence.

1.  **The Ordinary Meaning of "Flood" Includes Water Flowing Onto Normally Dry Land, Regardless of its Cause.**

Allstate's homeowner policy excludes, *inter alia*, any loss caused by:

1.  Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

Ex. A at p. 6 (¶ 1), ALST 00230-31.

---

address topic 6 because its policy does not include "ensuing loss" language in the negligent maintenance, planning or construction exclusion.

For the reasons set forth below, this exclusion bars claims for flood damage resulting from any cause, including the negligence of a third party.

Where, as here, the term "flood" is not specifically defined in a policy, it must be given its plain, ordinary, and generally prevailing meaning. La. Civ. Code art. 2047; *Reynolds v. Select Props.*, 634 So. 2d 1180, 1183 (La. 1994); *see also Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 383 (5th Cir. 2005) (undefined term in insurance policy must be given its plain meaning). The ordinary meaning of "flood" is water flowing over onto normally-dry land, without regard for the source or cause of the inundation.[5] Consistent with this definition, courts have repeatedly held that "flood" means "a body of water (including moving water) . . . overflowing or inundating land not usually covered, **and no distinction is made between natural and artificial causes**." *Bartlett v. Continental Divide Ins. Co.*, 697 P.2d 412, 413 (Colo. Ct. App. 1984), *aff'd*, 730 P.2d 308 (Col. 1986) (citing 36A C.J.S. Flood) (emphasis added).[6]

---

[5] *See, e.g.,* Oxford English Dictionary (2005) (defining "flood" as "an overflow of a large amount of water over dry land"); Webster's Encyclopedic Unabridged Dictionary of the English Language (1989) (defining "flood" as a "great flowing or overflowing of water, esp. over land not usually submerged"); American Heritage Dictionary of the English Language (2000) (defining flood as "overflowing of water onto land that is normally dry"); Oxford American Dictionary of Current English (1999) ("an overflowing or influx of water beyond its normal confines, esp. over land; an inundation").

[6] *Wallis v. Country Mut. Ins. Co.*, 723 N.E. 2d 376, 378 (Ill. App. Ct. 2000) ("flood" is water that "escapes from a watercourse in large volumes and flows over adjoining property in no regular channel ending up in an area where it would not normally be expected"), *appeal denied*, 731 N.E. 2d 772 (Ill. 2000); *W. Nat'l Mut. Ins. Co. v. Univ. of N.D.*, 643 N.W.2d 4, 9 (N.D. 2002) (plain meaning of flood in dictionaries is "overflowing of water on an area normally dry"); *Aetna Ins. Co. v. United States*, 628 F.2d 1201 (9th Cir. 1980) (partially completed dam collapsed causing "flood"), *cert. denied*, 450 U.S. 1025 (1981).

Allstate's broad flood exclusion does not contain any limitation based upon the cause of flooding, and it certainly does not contain a limitation for flooding caused by negligence or man-made failures. Accordingly, under well-settled rules of contract construction and the well-settled meaning of the term, "flood," it is clear that Allstate's flood exclusion applies to bar damages caused by flood, whether the result of third-party negligence or otherwise.

### 2. Courts Routinely Applied Flood Exclusions to Bar Claims for Flood Caused by Negligence or Man-Made Failures.

Further buttressing the fact that flood exclusions, such as the one contained in Allstate's homeowner policies, exclude all floods, regardless of their source, is the fact that courts routinely have enforced flood exclusions where the claimed flood damage was caused by man-made failures or third party negligence. *See, e.g. E.B. Metal & Rubber Industries, Inc. v. Federal Insurance Company*, 444 N.Y.S.2d 321 (N.Y. App. Div. 1981) (flood exclusion enforced where flood resulted because of "improper construction and maintenance of the dike"); *TNT Speed & Sport Center, Inc. v. American States Insurance Company*, 114 F.3d 731 (8th Cir. 1997) (flood exclusion enforced after levee broke because vandal removed sandbags and dirt from levee); *Bartlett*, 697 P.2d 412, *supra* (flood exclusion applied where damage resulted from water released when a dam failed).

Plaintiffs have not come forward with a single case to support the proposition that a flood exclusion does not apply to bar claims involving situations where the flood was man-made or the result of negligence. *Murray v. State Farm Fire & Casualty Company*, 509 S.E.2d 1 (W. Va. 1998), referenced by the Court in oral argument does not support the plaintiffs' interpretation for many reasons, chief of which is the fact that the *Murray* case *did not involve a claim for flood damage or the interpretation of a flood exclusion*. To the contrary, it involved the interpretation of an "earth movement" exclusion. Regardless, even under the reasoning of

*Murray* -- which distinguished between major disasters over widespread areas and the claim before it involving a few homes -- the flood exclusion in a homeowner policy applies to negate coverage for the catastrophic flood losses throughout the New Orleans area resulting from Hurricane Katrina.

Accordingly, as in *E.B. Metal, TNT, Bartlett*, and other above-cited cases, Allstate's flood exclusion applies to all flood damage, regardless of its cause, and the losses claimed by the plaintiffs are excluded under the homeowner policies.

### 3. Flood Claims Also Are Barred By the Surface Water Exclusion in Allstate's Policies.

In addition to its flood exclusion, Allstate's homeowner policies also exclude:

> 2. Water or any other substance on or below the surface of the ground, *regardless of its source*. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.
>
> Exh. "A" at p. 6 (¶ 2), ALST 00230
> (emphasis added).

Allstate's surface water exclusion was recently upheld as a bar to claims for water damage caused by Hurricane Katrina. *See Buente v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 980784, at *1 (S.D. Miss. Apr. 12, 2006). And, courts have repeatedly held that similar surface water exclusions bar flooding claims. *Travelers Indem. Co. v. Powell Ins. Co.*, No. 95-4188, 1996 WL 578030, at *3 (E.D. La. Oct. 4, 1996) (where coverage sought for golf carts damaged by severe flooding in May 1995, policy's flood exclusion "on its face unequivocally excludes coverage for flood damage to the golf carts").[7]

---

[7] *Cochran v. Travelers Ins. Co.*, 606 So. 2d 22, 24 (La. App. 5th Cir. 1992) ("surface water" includes, *inter alia*, a "body of water that collects and lays on the surface of the ground"); *Sherwood Real Estate & Inv. Co. v. Old Colony Ins. Co.*, 234 So. 2d 445, 446-47 (La. App. 1st Cir. 1970) (where water collected on roof following heavy rainstorm and

Since the surface water exclusion expressly applies to bar flood claims "regardless of [their] source," any flood claims arising under Allstate's homeowner policies would be barred on this basis alone.

4. **The Negligent Planning, Construction or Maintenance Exclusion Applies to Bar Flood Claims Regardless of the Location of the Negligence.**

In addition to the flood and surface water exclusions, the Allstate policy excludes losses caused by negligent planning, construction, and maintenance. Allstate's policy specifically excludes loss caused by:

> Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
> a) planning, zoning, development, surveying, siting;
> b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c) materials used in repair, construction, renovation or remodeling; or
> d) maintenance;
>
> of property *whether on or off the residence premises by any person or organization.*
>
> Ex. A at p. 8 (¶ 22), ALST 00232<br>(emphasis added).

Like the flood and surface waters exclusions, defective construction and maintenance exclusions such as this have been routinely upheld and enforced by courts across the country.[8]

---

caused leak, damage was excluded by flood exclusion expressly excluding "damage by surface water, whether wind driven or not").

[8] *See, e.g., Murray v. State Farm Fire & Casualty Company*, 219 Cal. App. 3d 58, 64 n.2 (Cal. App. 4 Dist. 1990) (where plaintiff claimed loss from leakage of water pipe caused by corrosion, policy excluded coverage for design and construction defects); *Julian v. Hartford Underwriters Ins. Co.*, 123 Cal. Rptr. 2d 767, 777-78 (Cal. Ct. App. 2d Dist. 2002) (negligence of developer excluded from coverage under insured's claim for damage to home caused by landslide), *aff'd and superseded on other grounds*, 110 P. 3d 903 (Cal. 2005); *Waldsmith v. State Farm Fire & Cas. Co.*, 232 Cal. App. 3d 693 (Cal. App. 4th

The plaintiffs in this case and in *Chehardy* allege that their flood damage was caused by levee breaches that were the result of third party negligence. These claims fall squarely within the faulty design, construction, maintenance, or inadequate materials exclusion of Allstate's homeowner policy. This exclusion expressly applies whether the alleged negligence occurs "on or off the residence premises." Ex. A at p. 8 (¶ 22). It is <u>not</u> "limited to property which may be insured but is not located upon "residence premises." Aug. 28, 2006 Court Order, topic 7. Consistent with the language of Allstate's policy, courts have consistently enforced such negligence exclusions without regard for where the negligence took place. *See, e.g., Waldsmith*, 232 Cal. App. 3d 693, *supra*, (negligence exclusion precluded recovery for a homeowner's loss caused by a "city water main in one of the streets adjacent to plaintiffs' property [which was] negligently maintained").

For the foregoing reasons, claims for flooding damage caused by negligence in the maintenance, construction or repair of the levees are barred under the defective maintenance and construction provisions of Allstate's homeowner policies.

B.   **Allstate's Flood Exclusion is Not Ambiguous.**

Several courts have considered Allstate's flood exclusion and determined that it is unambiguous. For example, Judge Vance recently held that Allstate's flood exclusion is "clearly worded," and that the "clear policy language" indicates that flooding caused by hurricanes is excluded. *Dobson v. Allstate Ins. Co.*, No. 06-0252, *Slip Op.* 2006 WL 2078423, at *11 (E.D. La. Jul. 21, 2006). In so doing, the Court noted, *inter alia*, that the Allstate policy warns

---

Dist. 1991) (alleged negligent maintenance by city of water main that contributed to landslide was excluded under homeowner policy); *Bergeron v. State Farm Fire & Cas. Co.*, 766 A.2d 256 (N.H. 2000) (homeowner policy did not cover water damage from dam failure, even if damage was caused by faulty design and construction).

66145

"plaintiffs that most homeowners insurance policies 'do not provide coverage for damage caused by floods . . . . In fact, protection against floods is generally available only through a separate policy.'" *Id.*[9] The Court held that Allstate's homeowner policy language was so "clear" that an insured could not justifiably rely on an agent's alleged representations that the policy actually covered flood. *Id.* at *12. In the same vein, Judge Senter in *Buente* held that Allstate's flood exclusion is valid and enforceable, and precluded coverage for water damage caused by Hurricane Katrina. *Buente*, 2006 WL 980784, at *1.

Louisiana law provides that where, as here, the terms of a contract are "clear and explicit and lead to no absurd results, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046; *see Shocklee v. Mass. Mut. Life Ins. Co.*, 369 F.3d 437, 440 (5th Cir. 2004) (where contract is clear, "the contract's meaning and the intent of its parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence").[10] Given that Allstate's flood exclusion is clear and unambiguous, and excludes all causes of flood damage, including man-made failures, the Court cannot consider the "reasonable expectations" of the parties. *Musmeci*, 332 F.3d at 352 (policy forms law between parties and must be enforced as written); *Dobson*, 2006 WL 2078423, at *12 ("plaintiffs cannot

---

[9] *See* Exh. "A" at ALST 00217.

[10] It is worth noting that the plaintiffs' interpretation of the flood exclusion *would* lead to absurd results. If the flood exclusion did not apply to damage caused by third party negligence or man-made failures, then flood damage from water overtopping certain levees (*i.e.*, arguably a natural cause) would not be covered under the policy; however, flood damage resulting from levee breaches and the failure to activate drainage pumps (*i.e.*, man-made failures) would be covered under the policy. If this interpretation were adopted, then policyholders in St. Bernard Parish -- where the levees were overtopped -- would not have flood coverage under their homeowner policies, but policyholders in Jefferson Parish and Orleans Parish -- where levees broke and pumps were not turned on -- would have flood coverage under their homeowner policies.

prove justifiable reliance on the alleged misrepresentations made by their insurance agents in light of their possession of clearly worded contract terms to the contrary").

## CONCLUSION

For the foregoing reasons, in addition to those stated in the defendant insurers' briefs, the Motions to Dismiss should be granted.

Respectfully submitted,

*[signature]*

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
  Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
and Allstate Indemnity Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic mail, facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 11th day of September, 2006.

*[signature]*

66145