UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DREDGING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
<u>FOURTH CAUSE OF ACTION PURSUANT TO F.R.C.P. 12(c)</u>**

The allegations of the Fourth Cause of Action in the *Reed* (No. 06-2152) and *Ackerson* (No. 06-4066) actions do not state a claim upon which relief may be granted under the Federal Water Pollution Control Act, 33 U.S.C. §1251 *et seq.* ("Clean Water Act"). Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James

1

Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and King Fisher Marine Service, L.P. (collectively the "Dredging Defendants") therefore move for dismissal pursuant to Federal Rule of Civil Procedure 12(c) of Plaintiffs' Fourth Cause of Action for alleged violation of environmental protection laws.

Plaintiffs' Fourth Cause of Action stating claims under the Clean Water Act should be dismissed because of four separate and independent reasons. First, the Clean Water Act does not provide for a private right to recover for monetary damages. Second, Plaintiffs' have not alleged that the Dredging Defendants have violated any effluent limitation imposed by a governmental agency. Third, Plaintiffs' have not alleged an ongoing effluent limitation violation. Fourth, Plaintiffs' have not complied with the 60 day notice provision required by the Act. Each one of these grounds alone is fatal to Plaintiffs' Fourth Cause of Action and, therefore, it should be dismissed.

## BACKGROUND

Plaintiffs' Complaints allege that the Mississippi River Gulf Outlet ("MRGO") is a 76 mile man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans.[1] The United States Army Corps of Engineers ("COE"), an agency and instrumentality of the United States of America, began construction of the MRGO in 1958 and completed construction

---

[1] Compl. ¶ 7.

in 1965.² The COE performed a substantial amount of the dredging of the MRGO itself.³ However, it also contracted with various third parties, including the Dredging Defendants for maintenance dredging of the MRGO from 1993 to 2005.⁴

The Complaint further alleges that the Dredging Defendants' dredging activities in the MRGO caused the flooding of Plaintiffs' homes and property during Hurricane Katrina. Plaintiffs do not allege that the Dredging Defendants failed to comply with their dredging contracts and/or any permits associated with their dredging of the MRGO. Nor do Plaintiffs allege that the Dredging Defendants unlawfully discharged any pollutants into the MRGO.

Plaintiffs allege in the Fourth Cause of Action that the Dredging Defendants' dredging activities in the MRGO violated the Clean Water Act, and they therefore claim that they are entitled to recover monetary damages under the Act.⁵ However, Plaintiffs' Fourth Cause of Action should be dismissed because the Clean Water Act does not provide for a private right of recovery for monetary damages and does not provide a right or cause of action where there is no alleged ongoing violation of an effluent limitation imposed by the Act.

---

[2]   *Id.*

[3]   *Id.* ¶¶ 13, 15.

[4]   *Id.* ¶¶ 13, 16, 17.

[5]   *Id.* ¶¶ 43 – 45.

3

## STANDARD OF REVIEW

A claim may be dismissed for failure to state a claim either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim.[6]  When a claim is challenged under this rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor and views the pleading in the light most favorable to the non-moving party.[7] While Plaintiffs' pleading obligations are minimal, they must still allege facts, either directly or inferentially, that satisfy each element required for recovery under some actionable legal theory.[8] The court will not accept as true the pleader's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader.[9]  The court may consider allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and other materials subject to judicial notice, all without converting the motion to one for summary judgment.[10]

---

[6] Fed. R.Civ.P. 12(b)(6); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n.8 (5th Cir. 2002) (Rule 12(b)(6) standards apply to Rule 12(c) motion seeking dismissal for failure to state a claim).

[7] *See Carey v. Louisiana*, 2001 WL 1548962, *3 (E.D.La. Dec. 5, 2001).

[8] *See Albright v. Oliver*, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994).

[9] *See* 5A Charles A.Wright & Arthur R. Miller, *Federal Practice & Procedure*, §1357 (1990); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[10] *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.* 62 F.3d 69, 72 (2d Cir. 1995); *see also Blackburn*, 42 F.3d at 931, (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

## ARGUMENT

The purpose of the Clean Water Act is to abate and control water pollution.[11] The Clean Water Act achieves this purpose by imposing maximum effluent limitations on point sources.[12] A "point source" means "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."[13]  An "effluent limitation" in turn is "any restriction established by a State or the [EPA] on quantities, rates, and concentrations of chemical, physical, biological, and other constituents which are discharged from point sources into navigable waters."[14]  Thus, the Clean Water Act makes it "unlawful for any person to discharge a pollutant without obtaining a permit and complying with its terms."[15]

I.   **The Plaintiffs' Fourth Cause of Action should be dismissed because the Clean Water Act does not provide a private right of recovery for monetary damages.**

In determining whether or not a statute provides a private right of action it is necessary to look at the statutory language.[16]  Section 1365 of the Clean Water Act is clear regarding the remedies it affords.  Section 1365(a) provides for citizen suits, allowing any citizen to commence an action on his own behalf against any person or any government agency who has violated "an

---

[11]   33 U.S.C. § 1251; *EPA v. California ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 206 (1976).

[12]   *Id.*

[13]   § 1362(14).

[14]   § 1362(11).

[15]   *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 11 (1981) (quoting *State Water Resources.*, 426 U.S. at 203-04).

[16]   *Id.* at 8.

5

effluent standard or limitation under [the Act] or an order issued . . . with respect to such a standard or limitation."

In *Sea Clammers,* the Supreme Court studied this statutory language and held that the Clean Water Act does not provide a right of action for citizens to recover for damages to their property.[17] It only permits citizens to seek injunctive relief to stop an ongoing violation of an effluent limitation under the Act and the award of civil penalties payable to the government, but not for compensatory or punitive damages.[18]  Where, as here, the statute provides a particular remedy or remedies, "a court must be chary of reading others into it."[19]

Additionally, legislative history is relevant when examining whether or not an Act provides for private remedies.[20] A review of the legislative history behind the Clean Water Act makes clear that Congress expressly did not grant a right to recover for damages to individual property. In *Sea Clammers*, the Court examined the legislative history and found that the citizen

---

[17]   *Sea Clammers,* 453 U.S. at 14.

[18]   *Id.*

[19]   *Id.* (quoting *Transamerica Mortgage Advisors, Inc., v. Lewis,* 444 U.S. 11, 19 (1979).

[20]   The citizen suit provisions of Clean Water Act and Clean Air Act are virtually identical. The Clean Air Act states in pertinent part: "Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf - (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C.A. § 7604.

The Clean Water Act states in pertinent part: "Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf - instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C.A. § 1365; *see also Sea Clammers,* 453 U.S. at 17.

suit provision of the Clean Water Act was expressly modeled on the parallel provision of the Clean Air Act, 42 U.S.C. § 7604.1.[21] The legislative history of the Clean Air Act clearly indicated that private suits were limited to injunctive relief only.[22] Senator Hart, for example stated:

> It has been argued, however, that conferring additional rights on the citizen may burden the courts unduly. I would argue that the citizen suit provision of § 4358 has been carefully drafted to prevent this consequence from arising. First of all, it should be noted that the bill makes no provision for damages to the individual. It therefore provides no incentives to suit other than to protect the health and welfare of those suing and others similarly situated. It will be the rare, rather than the ordinary, person, I suspect, who, with no hope of financial gain and the very real prospect of financial loss, will initiate court action under this bill.[23]

The language of the Act and the legislative history make clear that the purpose of the Clean Water Act is to prevent and to abate ongoing pollution and, to that end, Congress granted individuals the right to seek injunctive relief to stop a party which is committing an ongoing violation of an effluent limitation. It is equally clear that the Clean Water Act does not provide a right of action for damage to individual property.

Therefore, the recovery sought by the Plaintiffs under the Clean Water Act for property damage, cost of restoration, loss of use of property, increased living expenses, extended displacement costs, diminution of property value, ecological damages, loss of income, lost profits, lost business opportunity, inconvenience, mental anguish, emotional distress, bodily

---

[21] *Sea Clammers*, 453 U.S. at 18 n.27.

[22] *Id.*

[23] *Id.*

7

harm, death and post and future medical expenses are clearly not recoverable under the Clean Water Act, and these claims should be dismissed.

## II. The Plaintiffs' Fourth Cause of Action should be dismissed as it does not allege a violation of an effluent limitation under the CWA.

Plaintiffs' Fourth Cause of Action alleges that the Dredging Defendants caused environmental damage in violation of Clean Water Act.[24] However, the Act does not prescribe environmental damage as a basis of a citizen suit.[25] "The Act does not impose a negligence standard; rather, it gives the Administrator and the states the right to promulgate standards for the implementation of the Act's objectives within limits set by the Act. Unless a violation of a standard or limitation set forth in the Act or a violation of an administrative order or rule promulgated under the authority of the Act is alleged, no suit under Section 1365 may be brought."[26]

The Clean Water Act provides for citizen suits to enforce effluent limitations and to prevent the discharge of pollutants into navigable waterways.[27] The Plaintiffs do not allege a violation of an effluent standard, limitation, or order as required under the Act. Nor do Plaintiffs allege that the Dredging Defendants are discharging pollutants from a point source into navigable waters. Therefore, on the face of the complaints the Plaintiffs fail to state allegations to support a claim under the Clean Water Act.[28]

---

[24]  Compl. ¶ 44.

[25]  *See Hamker v. Diamond Shamrock Chemical Co.*, 756 F.2d 392, 397 (5th Cir. 1985).

[26]  *Id.*

[27]  33 U.S.C. § 1251, *et seq.*

[28]  *Hamker*, 756 F.2d at 394.

8

### III. The Plaintiffs' Fourth Cause of Action should be dismissed as it does not allege an ongoing violation under the Clean Water Act.

This Court has already held that "the Clean Water Act addresses on-going pollution concerns, not the alleged results of catastrophic flooding."[29] Because there is no allegation of an ongoing violation, there is no cause of action under the Clean Water Act.

It is not enough to allege a violation of an effluent limitation under the Clean Water Act when filing a suit under Section 1365 of the Act. "By its ordinary meaning the language of section 1365 requires an allegation of an ongoing violation: 'any citizen may commence a civil action . . . against any person . . . *who is alleged to be in violation of* . . .' the relevant standards, limitations or orders."[30] Therefore the complaint must also allege that the violation is ongoing and is occurring at the time the complaint is filed.[31] While Section 1365 of the Clean Water Act provides for citizen suits, the remedies authorized are prospective only.[32] That is, when a violation under the statute is alleged, the violation must be ongoing in order to bring suit under Section 1365.[33] The dredging activities performed by Dredging Defendants, which allegedly caused Plaintiffs' damages, had terminated on or before August 29, 2005, prior to Plaintiff filing suit. "Section 1365 does not provide for suits against parties alleged to have violated an effluent

---

[29]     *O'Dwyer, et al. v. United States of America*, No. 05-4181 (E.D. La. filed July 19, 2006).

[30]     *Hamker v. Diamond Shamrock Chem.*, 756 F.2d 392, 395 (5th Cir. 1985) (citing 33 U.S.C. § 1365) (emphasis added).

[31]     *Id.*

[32]     *Sea Clammers*, 453 U.S. at 6.

[33]     *Hamker*, 756 F.2d. at 395.

9

standard or limitation in the past."[34] The purpose of the citizen suit provision of the Clean Water Act is to allow a citizen to bring suit against the EPA or State to force those parties to take action against a polluter or to bring suit directly against a polluter to force the polluter to stop discharging. Here all dredging activities complained of ceased prior to Plaintiffs bringing suit.

### IV. The Fourth Cause of Action should be dismissed because Plaintiffs failed to comply with the mandatory 60 day notice provision in the Clean Water Act.

Plaintiffs have no standing to bring an action under the Clean Water Act because they have not complied with the 60 day notice provisions under the Act. A citizen filing suit under the Clean Water Act must comply with specified procedures set forth in the Act prior to filing suit.[35] A citizen must give 60 days notice to the EPA, the State in which the alleged violation occurs and to the alleged violator prior to bringing an action against all or any of these parties.[36] Failure to comply with this provision requires dismissal.[37] Plaintiffs have not given such notice to the Dredging Defendants prior to filing suit in this case. Furthermore, because the purpose of the 60 day notice provision is to allow the polluter time to cease its polluting activity prior to suit being filed, and because the complained of activity here had already stopped prior to suit being filed in this matter, it is impossible for Plaintiffs to comply with the Clean Water Act's notice provision. Dismissal, therefore, should be with prejudice.

---

[34] *Id.* (quoting *Evansville v. Kentucky Liquid Recycling*, 604 F.2d 1008, 1014 (7th Cir. 1979) (cited with approval in *Sea Clammers*).

[35] § 1365(b); *Sea Clammers*, 453 U.S. at 14.

[36] § 1365(b)(1)(A).

[37] *See Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989) (rejecting argument that a 60-day stay was sufficient and holding that failure to comply with identical notice-and-delay provision in citizen-suit provision of the Resource Conservation and Recovery Act requires dismissal).

10

## CONCLUSION

For the foregoing reasons, the Dredging Defendants respectfully move that this Court dismiss Plaintiffs' Fourth Cause of Action with prejudice, and award the Dredging Defendants any further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ James H. Roussel*

James H. Roussel ( Bar Roll No. 11496)
Nyka M. Scott (Bar Roll No. 28757)
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
nscott@bakerdonelson.com

Attorneys for Great Lakes Dredge &
Dock Company

/s/William E. Wright, Jr.
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
Kelly E. Theard (Bar Roll No. 29445)
of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com
kthread@dkslaw.com

Attorneys for Bean

/s/ A. Gordon Grant, Jr.
A. Gordon Grant, Jr. (Bar Roll No. 6221)
Philip S. Brooks, Jr. (Bar Roll No. 21501)
Montgomery, Barnett, Brown, Read,
 Hammond & Mintz, L.L.P.
1100 Poydras St., Suite 3200
New Orleans, LA 70163-3200
Telephone: (504) 585-7681
Facsimile: (504) 200-8981
ggrant@monbar.com

Attorneys for Gulf Coast Trailing Company;
T.L. James & Company, Inc.; TLJIC, L.L.C.,
on its on behalf and as successor by merger to
T.L. James Marine, Inc., and T.L. James
Marine, L.L.C

11

/s/ James a Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. 4213)
Emmet, Cobb, Waits & Henning
1515 Poydras St., Ste. 1950
New Orleans, LA 70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020
jac@ecwko.com

Attorney for Weeks Marine, Inc.


/s/ Richard A. Cozad
Richard A. Cozad (Bar Roll No. 4537)
Michael L. McAlpine (Bar Roll. No. 9195)
Emma A. Mekinda (Bar Roll No. 28151)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone:(504) 561-0323
Facsimile: (504) 528-9442
emmamekinda@yahoo.com

Attorneys for King Fisher Marine Service, L.P.


/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No.)
C. William Emory (La Bar #20179)
Daniel J. Hoerner (La Bar #21706)
Jacques P. DeGruy (La Bar #29144)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St., Ste. 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com

Attorneys for Pine Bluff Sand & Gravel Co.


/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No.22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundy & Davis
501 Broad St.
P.O. Box 3010
Lake Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
sgabb@lundydavis.com

Attorneys for Mike Hooks, Inc.

/s/ William Larzelere
William J. Larzelere, Jr. (Bar Roll No. 8057)
T. Justin Simpson (Bar Roll No. 18437)
Angie L. Arceneaux (Bar Roll No. 26786)
Larzelere, Picou, Wells, Simpson & Lonero
3850 N. Causeway Blvd. - Ste. 1100
Two Lakeway Center
Metairie, LA 70002
Telephone:(504) 834-6500
Facsimile: (504) 834-6565
blarzelere@lpw-law.com
jsimpson@lpw-law.com
aakers@lpw-law.com

Attorneys for Luhr Bros., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of September, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) A.J. Rebaneck

_____