UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES ) | | |
| CONSOLIDATED LITIGATION, ) | CIVIL ACTION | |
| ) | | |
| ) | NO. 05-4182 "K" (2) | |
| ) | | |
| Pertains to:  MRGO, *Reed* (06-2152) ) | JUDGE DUVAL | |
| ) | MAG. WILKINSON | |
| ) | | |

**DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
[FRCP 12(b)(1)]**

Plaintiff Phillip Reed, on behalf of himself and an alleged class of individuals, filed this action on April 24, 2006, against the United States claiming the Army Corps of Engineers' design, construction, and maintenance of the Mississippi River Gulf Outlet ("MRGO") caused flooding damage to plaintiff's home by Hurricane Katrina on August 29, 2005.  The thirty-two named defendants other than the United States are dredging companies said to have assisted in the maintenance of the MRGO through contracts with the United States.  The United States now moves to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I. Plaintiff's Allegations

Plaintiff's four causes of action include three that sound in tort and a fourth that asserts the violation of an environmental protection statute.

Plaintiff's first cause of action (Complaint ¶¶ 31-34) alleges negligence of the government and, while it does not specify what activities are negligent, the Complaint states elsewhere: [T]he negligence of the United States of America arises out of its maritime activities, connected to the construction, continuous dredging and maintenance of the MRGO . . ." Complaint ¶ 4.

Plaintiff's second cause of action (Complaint ¶¶ 35-38) alleges a breach of an implied warranty by the government that the "construction and/or dredging of the MRGO . . . would not cause environmental damage to the nearby wetlands and/or flooding of Orleans and St. Bernard Parishes." Complaint ¶ 36.

Plaintiff's third cause of action (Complaint ¶¶ 39-42) similarly alleges "concealment" by the government that its "maritime activities ... caused damage to the protective wetlands and increased the risk of flooding to Orleans and St. Bernard Parishes . . . ." Complaint ¶ 40.

Plaintiff's fourth and final cause of action (Complaint ¶¶ 43-45) alleges the government's "dredging activities have caused environmental damage in violation of the Water Pollution Control Act, 33 U.S. §§ 1251, *et seq*." Complaint ¶ 44.

Plaintiff asserts the United States has waived its sovereign immunity to suit for the stated causes of action pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 741-52 ("SAA"), the Public Vessels Act, 46 U.S.C. §§ 781-90 ("PVA") and/or the Water Pollution Control

Act, 33 U.S.C. §§ 1251, *et seq*. *See* Complaint ¶ 6. As will be shown, both the tort causes of action and the environmental claim require Plaintiff to have first exhausted his administrative remedies before filing an action in this Court. Plaintiff has not done so and the Court lacks subject matter jurisdiction.

## II. Plaintiff's Tort Causes of Action Must be Dismissed For Failure to Exhaust Administrative Remedies.

The United States may be sued only if it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Hall v. United States*, 704 F.2d 246 (6th Cir.), cert. denied, 464 U.S. 1002 (1983). Unless the United States consents to suit, sovereign immunity protects the United States from liability. *Mitchell*, 445 U.S. at 538. Subject matter jurisdiction over cases involving the United States requires a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976).

The essence of Plaintiff's Complaint is that the negligence of the United States Army Corps of Engineers "connected to the construction, continuous dredging and maintenance of the MRGO as a navigable channel" (Complaint ¶ 4), allowed Hurricane Katrina to cause damage to Plaintiff's real property along with various attendant damages. *See* Complaint ¶ 33. It has recently been held by Judge Berrigan that such a claim falls outside of this Court's admiralty jurisdiction, and that any waiver of sovereign immunity would therefore arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); §§ 2401-2680. *In Re Ingraham Barge Co.*, Civ. No. 2:05-cv-04419-HGB-JCW, May 25, 2006, Dkt. No. 161 (E.D. La.).

As noted, the FTCA's waiver of sovereign immunity requires a claimant to submit an administrative claim to the agency allegedly responsible for the tort.  28 U.S.C. § 2675(a).[1] The Supreme Court has observed, with regard to this requirement:  "The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993) (upholding dismissal of FTCA action for failure to exhaust administrative remedies).  The Fifth Circuit has also held that the failure to comply with 28 U.S.C. § 2675(a) leaves "the district court . . . without subject matter jurisdiction." *Price v. United States*, 81 F. 3d 520, 521 (5th Cir. 1996).

Although Plaintiff has belatedly filed an administrative claim with the Army Corps of Engineers, which the agency received on June 9, 2006, there has been no decision on the claim nor has the requisite time passed for Plaintiff to deem the claim denied.  *See* Declaration of Angela Jean Drinkwitz, U.S. Army Corps of Engineers (filed herewith).

---

[1] Section 2675(a) provides in pertinent part:

*An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied* by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

As explained, however, Plaintiff does not assert that the FTCA provides the necessary waiver of sovereign immunity. Instead he invokes this Court's admiralty jurisdiction, and maintains the waiver is provided by the SAA or PVA, primarily because the Corps' maintenance of the MRGO relied on dredges either owned by the government or working under contract for it. Even if such activity satisfied the requirements for admiralty jurisdiction, which is disputed, it would only be through the expansion of such jurisdiction to cover damage ashore effected by the Admiralty Extension Act ("AEA"), 46 U.S.C. app. § 740. "The purpose of this act was to end the confusion over the line between land and waters by bringing into admiralty jurisdiction those cases in which the injury caused by a ship occurred or was consummated on the shore." Thomas J. Schoenbaum, Admiralty and Maritime Law, § 3-4 (2001).

The AEA contains an explicit administrative remedy exhaustion requirement that mirrors that of the FTCA: " [N]o suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 U.S.C. app. § 740. Without compliance with that section Plaintiff cannot invoke the Court's admiralty jurisdiction. *Dept. Of Highways, State of Louisiana v. United States*, 204 F. 2d 630 (5th Cir. 1953). *See also, Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir.), *cert. denied*, 502 U.S. 819 (1991); *Turner Terminals Inc. v. United States*, 177 F.2d 844 (5th Cir. 1949); *Hahn v. United States*, 218 F. Supp. 562 (E.D. Va. 1963).

Accordingly, whether the applicable waiver of sovereign immunity is provided by the FTCA, the SAA, or the PVA, Plaintiff's tort causes of action against the United States must be dismissed because of his failure to exhaust his administrative remedies.

### III. Plaintiff's Cause of Action for Environmental Damage Must be Dismissed for Lack of Subject Matter Jurisdiction.

Plaintiff's fourth cause of action alleges that the United States has "caused environmental damage in violation of the [Clean Water Act ("CWA" or "Act")], 33 U.S.C. § 1251 *et seq.*" Complaint ¶ 44. Although Plaintiff's complaint includes numerous factual allegations regarding the allegedly detrimental impacts of the Mississippi River Gulf Outlet ("MRGO"), nowhere does Plaintiff identify any actions by the United States or any of its agencies that allegedly violate the Act. *See generally* Complaint ¶¶ 7-22. Even if Plaintiff's complaint can be liberally read to include such allegations, however, Plaintiff's CWA claim should be dismissed for lack of jurisdiction.

First, to the extent that Plaintiff's complaint could be read to allege a violation of the Act, any such violation lies wholly in the past. *See* Complaint ¶ 1 (alleging that levee systems failed as a result of activities "from 1958 through August 29, 2005"); ¶ 7 (alleging that United States Army Corps of Engineers ("Corps") began construction of MRGO in 1958 and completed construction in 1965); ¶ 15 (alleging that ongoing dredging of MRGO stopped in August 2005). It is a jurisdictional prerequisite under the CWA citizen suit provision, 33 U.S.C. § 1365, that the plaintiff make a good faith allegation that the alleged CWA violations

are continuous or intermittent at the time of the complaint.  *See Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987).

Second, Section 505 of the Act, 33 U.S.C. § 1365, waives the United States' sovereign immunity to citizen suits in only two limited circumstances.  First, a citizen may bring a civil action against "any person [including the United States] who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator [of EPA] or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1).  Any such suit must be preceded by sixty days' notice to, <u>inter alia</u>, the alleged violator.  33 U.S.C. § 1365(b)(1).  Compliance with this notice requirement "is a mandatory, not optional, condition precedent for suit."  *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989) (addressing similar notice provision under RCRA); *see also New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co.*, 72 F.3d 830, 833 (10th Cir. 1996) (compliance with notice provision of CWA is mandatory precondition for suit).  Plaintiff does not even allege that the United States is presently in violation of any effluent standard or limitation or order issued under the Act, let alone allege that he has provided the required notice.

A citizen may also bring an action "against *the Administrator* where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary . . . ."  33 U.S.C. § 1365(a)(2) (emphasis added).   This provision is also subject to a sixty day notice requirement as a mandatory precondition for suit.  33 U.S.C.

§ 1365(b)(2). Even if the Plaintiff had demonstrated that he had provided the required notice and had alleged any violation of a nondiscretionary duty, neither of which has been done, Plaintiff would not be able to invoke this sovereign immunity waiver. The only federal agency mentioned in plaintiff's Complaint is the Corps, and it is the Corps' past actions that plaintiff apparently objects to – but this sovereign immunity waiver does not apply to the Corps.[2] As one court has observed:

> The CWA expressly permits suits against the "Administrator," who is defined as the Administrator of EPA. . . . [T]he Court may not extend the waiver beyond the statute's express terms to include the Corps. This conclusion is reinforced by the fact that the statute elsewhere refers specifically to the "Secretary," meaning "the Secretary of the Army, acting through the Chief of Engineers." . . . "Administrator" thus is not a catchall term.

*Cascade Conservation League v. M.A. Segale, Inc.*, 921 F. Supp. 692, 696 (W.D. Wash. 1996) (emphasis added); *see also Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996) (section 505(a)(2) does not clearly and unambiguously waive sovereign immunity in regard to Corps). Plaintiff's Clean Water Act claims must therefore be dismissed for lack of jurisdiction.

## CONCLUSION

---

[2] Section 101(d) of the Act, 33 U.S.C. § 1251(d), defines the term "Administrator" to mean the Administrator of EPA. In contrast, where the Act refers to the Corps, it uses the term "Secretary." *See* 33 U.S.C. § 1344(d) ("The term 'Secretary' as used in this section means the Secretary of the Army, acting through the Chief of Engineers."). Nowhere in 33 U.S.C. § 1365 is the term "Secretary" used.

For the foregoing reasons, the United States' Motion to Dismiss the Plaintiff's Complaint for Lack of Subject Matter Jurisdiction should be granted and all claims against the United States and its agencies dismissed.

Dated: September  14 , 2006

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General
>
>JIM LETTEN
>United States Attorney
>
>
> s/Stephen G. Flynn
>STEPHEN G. FLYNN,  La. Bar #01365
>
>Assistant Director for Admiralty
>U.S. Department of Justice
>Torts Branch, Civil Division
>P.O. Box 14271
>Washington, D.C.  20044-4271
>Telephone:  (202) 616-4070