UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

**MEMORANDUM OF LAW IN SUPPORT OF
DREDGING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
CONCEALMENT AND IMPLIED WARRANTY CLAIMS
PURSUANT TO FED. R. CIV. P. 12(c) AND 9(b)**

Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and

2902907-000001

1

King Fisher Marine Service, L.P. (collectively the "Dredging Defendants") submit this memorandum of law in support of their Motion to Dismiss Plaintiffs' Concealment and Implied Warranty Claims Pursuant to Fed. R. Civ. P. 12(c) and 9(b).

The "concealment" and breach of implied warranty claims brought by Plaintiffs in the *Reed* (No. 06-2152) and *Ackerson* (No. 06-4066) actions[1] fail to state a claim upon which relief may be granted. In addition, Plaintiffs have failed to plead their concealment claim with the particularity required by Fed. R. Civ. P. 9(b). Both claims, in both actions, should be dismissed. Plaintiffs' Complaints demonstrate that their claims cannot be salvaged; dismissal, therefore, should be with prejudice.

## ARGUMENT

### I.  Plaintiffs' Concealment Claim Should Be Dismissed.

Plaintiffs' concealment claim is deficient as a matter of law. Plaintiffs' own allegations demonstrate that nothing was concealed—the MRGO's potential to increase the risk of flooding and environmental damage was known even before excavation commenced in 1958 and, Plaintiffs allege, much discussed in the years since.[2] In addition, Plaintiffs have not pleaded the circumstances of Defendants' "concealment" with the particularity required by Fed. R. Civ. P. 9(b) for claims sounding in fraud. They have failed to allege, as they must under Rule 9(h), the who, what, when, and where of the alleged concealment. This claim should be dismissed.

---

[1] The *Reed* and *Ackerson* Complaints are identical in all respects relevant to this motion, including the numbering of almost all cited paragraphs. As such, whenever possible, this Memorandum includes a single citation ("Compl. __") to refer to the relevant paragraphs in both Complaints.

[2] *See* Compl. ¶¶ 7, 9 (noting pre-excavation concerns with the MRGO's environmental effects, a "growing perception that the project had dramatically increased the region's vulnerability to hurricanes and tropical storms," and that by the 1990s the MRGO was "widely characterized as an environmental disaster"), ¶ 19 (discussing Hurricanes Betsy and George), ¶ 22 (noting the pre-Katrina assessment of a "storm surge expert" that the MRGO was a "critical and fundamental flaw" in New Orleans flood protection).

Under the Restatement, concealing or failing to disclose material information is tortious only if the defendant is under a duty to the plaintiff to exercise reasonable care to disclose the matter in question.[3] Louisiana law is the same.[4] The rule prohibiting fraudulent concealment is applied in two situations: "The first occurs when the defendant actively conceals a defect or other disadvantage in something that he is offering for sale to another."[5] "The second situation occurs when the defendant successfully prevents the plaintiff from making an investigation that he would otherwise have made, and which, if made, would have disclosed the facts; or when the defendant frustrates an investigation."[6] Neither situation applies to this case. The Dredging Defendants did not offer to sell anything to Plaintiffs or the class, and there is no indication— much less allegations sufficient to satisfy Rule 9(b)—that Plaintiffs are complaining of any *affirmative* misconduct taken by Dredging Defendants to frustrate any investigation undertaken by Plaintiffs or the class. Plaintiffs' attempts to state a claim are not remotely viable.

Rule 9(b) requires Plaintiffs to plead with particularity the circumstances of each Defendant's alleged concealment.[7] "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made

---

[3] *See* Restatement (Second) of Torts §§ 550, 551.

[4] *See Greene v. Gulf Coast Bank*, 593 So.2d 630 (La. 1992) ("there must exist a duty to speak or disclose information," which does not arise absent special circumstances such as a fiduciary or confidential relationship between the parties); *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, No. 04-0997, 2005 WL 1309153, *7 (E.D. La. May 19, 2005) (where the parties do not have a fiduciary relationship, failure to disclose is actionable only if misinformation is directly communicated by the tortfeasor to the plaintiff).

[5] Restatement (Second) of Torts § 551, cmt. a.

[6] *Id.*, cmt. b.

[7] *Safford v. St. Tammany Parish Fire Protection Dist. No. 1*, No. 02-0055, 2004 WL 32921, *6 (E.D. La. Jan. 5, 2004) (allegation "in the nature of an allegation of fraudulent concealment" "must be specifically pleaded").

the representations misleading."[8] In addition, Plaintiffs' allegations must support an inference of fraudulent intent, which means that the facts alleged must show either a motive to commit fraud, or identify circumstances indicating that Defendants behaved consciously.[9] Plaintiffs' Complaints fail to provide any of this detail.

### A. Plaintiffs' Complaints establish that nothing was concealed.

Plaintiffs have pleaded themselves out of court. Regardless of whether any lack of information about environmental damage and MRGO-related flooding risks could be the legal cause of the harm suffered from Hurricane Katrina, Plaintiffs allege that the information purportedly concealed by Defendants has, in fact, long been known:

> Before excavation of the MRGO, state and federal resource agencies expressed concern about the project's apparent lack of ecological consideration. Hydrologic models predicted drastic salinity increases and an associated loss of interior marsh habitat. Local concerns mounted as the project's 'ecological footprint' expanded and economic benefits failed to emerge. Concerns expanded with a growing perception that the project had dramatically increased the region's vulnerability to hurricanes and tropical storms. By the 1990's, the project was widely characterized as an environmental disaster, although adverse environmental impacts from the MRGO were evident as early as the late 1960's. In March 2000, the Environmental Subcommittee of the MRGO Policy Committee prepared a restoration/mitigation plan to address environmental impacts related to the construction, operation and maintenance of the MRGO.[10]

Plaintiffs cannot maintain a claim for concealment after conceding that the environmental and storm-related risks were well-known before MRGO's excavation, that adverse impacts

---

[8] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004) (quoting 2 Moore's Federal Practice § 9.03[1][b], at 9-18 through 9-19 (3d ed. 2003)); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("In this court, the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent.").

[9] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

[10] Compl. ¶ 9; *see also id.* ¶ 19 (discussing Hurricanes Betsy and George), ¶ 22 (alleging that a "storm surge expert" called MRGO a "critical and fundamental flaw" in New Orleans flood protection three months before Katrina).

2902907-000001

4

became "evident" almost immediately, that "[l]ocal concerns mounted" over the decades, and that by the 1990s the MRGO was "widely characterized as an environmental disaster."[11] Causation is a requirement for tort liability,[12] but Plaintiffs' admissions preclude any argument that Defendants' "concealment" caused the damages that they and the class suffered.[13] Because the Plaintiffs' Complaints establish that the Dredging Defendants cannot be held liable for concealment, this claim should be dismissed with prejudice.

>   B.   **Plaintiffs have failed to identify the particulars of their concealment claim.**

Even if it were possible for Plaintiffs to proceed despite these admissions (and it is not), the sketchy allegations in their Complaints are not sufficient to state a claim because the circumstances of the alleged concealment are not stated with the particularity required by Rule 9(b). "Directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted."[14] Plaintiffs, however, plead conclusions and conclusions only. They summarily allege that "Defendants were under a duty to disclose to Plaintiff and the Class members the effects and potential effects of their maritime activities in and around the MRGO"[15] and that Defendants breached this duty by knowingly failing to disclose that their activities

---

[11]   *Id.* ¶ 9.

[12]   *See Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837-39 (1996).

[13]   *See Morales v. Dept. of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them. [The defendant] may not now argue contrary to the factual allegations of his complaint.") (internal citations and quotation marks omitted); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("Allegations in a complaint are binding admissions, . . . and admissions can of course admit the admitter to the exit from the federal courthouse.") (citing *Morales*); *see also Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail.").

[14]   *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

[15]   *Reed* Compl. ¶ 41; *Ackerson* Compl. ¶ 35.

"caused damage to the protective wetlands and increased the risk of flooding to Orleans and St. Bernard Parishes."[16]

As a threshold matter, Plaintiffs provide no basis for the conclusory assertion that Defendants owed class members a duty to disclose. This shortcoming alone is grounds for dismissal.[17] Even where Rule 9(b) does *not* apply, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[18] And particularly here, where a heightened pleading standard is in force, Plaintiffs' failure to allege the basis for the Dredging Defendants' duty to disclose requires dismissal.

Moreover, even if Plaintiffs had alleged a duty, they failed to plead adequately the circumstances of its alleged breach. With no allegation regarding what, specifically, any Dredging Defendant should have disclosed, when, or in what form, nor any basis for inferring that any omission by any given Dredging Defendant was made knowingly, Plaintiffs fall far short of satisfying Rule 9(b).[19]

---

[16]    *Reed* Compl. ¶ 40; *Ackerson* Compl. ¶ 34.

[17]    *See, e.g., Wilson v. Mobil Oil Corp.*, 940 F. Supp. 944, 955 (E.D. La. 1996) (dismissing failure-to-disclose claim because plaintiffs failed to allege "any facts that would give rise to a fiduciary or other confidential relationship between [defendant] and themselves"); *Dorsey v. Northern Life Ins. Co.*, No. 04-0342, 2005 WL 2036738, *18 (E.D. La. Aug. 15, 2005) ("If a misrepresentation claim is based on a failure to disclose, even fraudulent intent is insufficient to confer liability in the absence of a duty to disclose.") (internal quotation marks and ellipses omitted); *TXI Operations, LP v. Pittsburg & Midway Coal Mining Co.*, No. 04-1146, 2004 WL 2088911, *1 (N.D. Tex. Sept. 8, 2004) (fraudulent concealment requires pleading with particularity that defendant owed plaintiff a duty to disclose).

[18]    *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[19]    *See, e.g., Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1068-69 (5th Cir. 1994) (dismissing claim for failure to plead *specific facts* that support an inference of fraudulent intent); *Wilson*, 940 F. Supp. at 955 (dismissing claim where "allegations of time, place, and contents of the statements, as well as of the identity of the person making the representations or omissions" were deficient); *Dorsey*, 2005 WL 2036738, at *18-20 (dismissing claim that failed to provide "any factual specificity" regarding the alleged representations and omissions).

2902907-000001

In fact, the Complaints muddy the waters by grouping all 33 Dredging Defendants together, an improper method of pleading claims to which Rule 9(b) applies: "[G]eneral allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another cannot meet the requirements of Rule 9(b)."[20] And Plaintiffs exacerbate this lumping problem by failing to specify any "when" beyond the Complaints' initial reference to "Defendants' maritime activities in the [MRGO] from 1958 through August 29, 2005."[21] Plaintiffs have brought suit against 32 private corporations and the United States. Allegations that "Defendants" knew, did, or failed to do anything during a 47-year period are not sufficient to satisfy Rule 9(b). Plaintiffs' concealment claim should be dismissed.

### III. Plaintiffs' Implied Warranty Claim Should Be Dismissed.

Plaintiffs cannot bring suit for breach of implied warranty because they are not intended beneficiaries of the dredging contracts between the Dredging Defendants and the COE supposedly breached. Plaintiffs assert that, as part of the MRGO dredging contracts, the Dredging Defendants impliedly warranted not to damage the wetlands or flood the parishes.[22]

---

[20] *In re Urcarco Sec. Litig.*, 148 F.R.D. 561, 569 (N.D. Tex. 1993), *aff'd sub nom. Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994); *see also In re MasterCard Int'l Inc. Internet Gambling Litig.*, 132 F. Supp. 2d 468, 482 (E.D. La. 2001) (Duval, J.) (Rule 9(b) is not satisfied where the "allegations lump together the defendants and do not specifically allege what action was taken by each entity"); *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (under Rule 9(b) and the PSLRA, "we do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded"); *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (Rule 9(b) is not satisfied by "general allegations, which do not state with particularity what representations each defendant made"); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (where Rule 9(b) applies, multiple defendants may not be "lumped together"); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'").

[21] Compl. ¶ 1; *see Tigue Investment Co., v. Chase Bank of Texas, N.A.*, No. 03-2490, 2004 WL 3170789, *1 (N.D. Tex. Nov. 15, 2004) (dismissing complaint where plaintiff "not only 'lumps together' the individuals accused of making fraudulent statements, it also lumps together several months of time and multiple locations").

[22] *Reed* Compl. ¶ 36; *Ackerson* Compl. ¶ 31.

2902907-00001

7

Even if the Dredging Defendants had made such a warranty - which they did not - Plaintiffs' claim must be dismissed because Plaintiffs do not have standing to bring a suit for breach of contract. "Under well settled contract principles, a promise must be made directly for the benefit of a third party to support a claim by that third party under the contract."[23] "An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee."[24]

Although their performance might benefit Plaintiffs *incidentally*, Plaintiffs do not purport to be *intended* beneficiaries of the MRGO dredging contracts. Without such an allegation, their breach of contract claim must fail. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *The court is not required to conjure up unpled allegations* or construe [*sic*: contrive] elaborately arcane scripts to save a complaint."[25] In fact, it would be incredible if Plaintiffs did claim to be intended beneficiaries; whatever promises Dredging Defendants made, they were not for Plaintiffs' "primary benefit," and as "stranger[s] to the relationship" between Dredging Defendants and the COE, Plaintiffs cannot maintain a suit in contract.[26]

Plaintiffs' warranty claim is particularly far-fetched because this case involves government contracts: "when members of the public bring suit against promisors who contract

---

[23] *Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 n.3 (5th Cir. 1985) (citing Restatement (Second) of Contracts §§ 302, 304, 315).

[24] Restatement (Second) of Contracts § 315.

[25] *Rios v. Del. Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (emphasis added) (internal citation and quotation marks omitted) (the Fifth Circuit, in quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988), used the term "construe" when in reality, the *Gooley* court used the term "contrive."); *Sys. Contractors Corp. v. Orleans Parish Sch. Bd.*, No. 94-2276, 1996 WL 547414, *1 (E.D. La. Sept. 24, 1996) (same) (citing *Gooley*).

[26] *Atlantic & Gulf Stevedores*, 750 F.2d at 459 (agent's breach of duty to disburse funds as ship-owner directed did not give short-changed stevedore a right of action against the agent); *see also Fitzgerald v. Compania Naviera La Molinera*, 394 F. Supp. 402, 410 (E.D. La. 1975) (where officers employed by a board of trade allegedly violated implied duties of workmanlike performance, rejecting vessel owner's claim to indemnity and noting, "[n]or can it be postulated that [plaintiff] is some sort of third party beneficiary of the officers' duties to their employer").

2902907-000001

with the government to render a public service . . . members of the public are considered to be incidental beneficiaries *unless they can show a direct right to compensation.*"[27] Plaintiffs have not claimed any right to compensation under the MRGO dredging contracts, and nothing in the Complaints challenges the presumption that, when a government contract is involved, members of the general public like Plaintiffs are merely incidental beneficiaries. Even if Dredging Defendants dredged the MRGO specifically as a flood control project out of concern for the residents of the Orleans and St. Bernard Parishes, Plaintiffs and the class *still* would not have standing to bring suit on the contract.[28] In short, Plaintiffs cannot bring suit for breach of an alleged promise in contracts that were not made for their benefit. Their implied warranty claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the Dredging Defendants respectfully request that the Court dismiss Plaintiffs' concealment and implied warranty claims and award the Dredging Defendants any further relief that the Court deems just and proper.

---

[27] *Montana v. United States*, 124 F.3d 1269, 1273 n.6 (Fed. Cir. 1997) (emphasis added); *see also Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003) ("Parties that benefit [from a government contract] are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary. The contract must establish not only an intent to confer a benefit, but also an intention to grant the third party enforceable rights.") (internal citations and quotation and alteration marks omitted).

[28] *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1038 (9th Cir. 2005) ("That a government contract was written with a particular group in mind is not sufficient to demonstrate the contracting parties' intent to benefit that group").

2902907-000001

Respectfully submitted,

James H. Roussel (Bar Roll No. 11496)
Nyka M. Scott (Bar Roll No. 28757)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
nscott@bakerdonelson.com

Attorneys for Great Lakes Dredge &
Dock Company

/s/William E. Wright, Jr.
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
Kelly E. Theard (Bar Roll No. 29445)
of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com
kthread@dkslaw.com

Attorneys for Bean

/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No. 22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundy & Davis
501 Broad St.
P. O. Box 3010
Lake, Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
sgabb@lundydavis.com

Attorneys for Mike Hooks, Inc.

2902907-000001

/s/ James A. Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. 4213)
Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA  70112
Telephone:(504) 581-1301
Facsimile: (5040 581-6020
jac@ecwko.com

Attorneys for Weeks Marine, Inc.

/s/ A. Gordon Grant, Jr.
A. Gordon Grant, Jr. (Bar Roll No. 6221)
Philip S. Brooks, Jr. (Bar Roll No. 21501)
Montgomery, Barnett, Brown, Read,
 Hammond & Mintz, L.L.P.
Energy Centre - 1100 Poydras St.
Suite 3200
New Orleans, LA  70163-3200
Telephone: (504) 585-7681
Facsimile: (504) 200-8981
ggrant@monbar.com

Attorneys for Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.;

/s/ Richard A. Cozad
Richard A. Cozad (Bar Roll No. 4537)
Michael L. McAlpine (Bar Roll. No. 9195)
Emma A. Mekinda (Bar Roll No. 28151)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone:(504) 561-0323
Facsimile: (504) 528-9442
emmamekinda@yahoo.com

Attorneys for King Fisher Marine Service, L.P.

/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No.9778)
C. William Emory (La Bar #20179)
Daniel J. Hoerner (La Bar #21706)
Jacques P. DeGruy (La Bar #29144)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St. - Suite 4250
New Orleans, LA  70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com

Attorneys for Pine Bluff Sand & Gravel Co.

2902907-000001

/s/ William Larzelere
William J. Larzelere, Jr. (Bar Roll No. 8057)
T. Justin Simpson (Bar Roll No. 18437)
Angie L. Arceneaux (Bar Roll No. 26786)
Larzelere, Picou, Wells, Simpson & Lonero
3850 N. Causeway Blvd. - Ste. 1100
Two Lakeway Center
Metairie, LA 70002
Telephone:(504) 834-6500
Facsimile: (504) 834-6565
blarzelere@lpw-law.com
jsimpson@lpw-law.com
aakers@lpw-law.com

Attorneys for Luhr Bros., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of September, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) A.J. Rebaneck

_____

2902907-000001