UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO:  MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DREDGING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO LA. R.S. 9:5624 AND FED. R. CIV. P. 12(c)**

Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc.; T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and King Fisher Marine Service, L.P. (collectively the "Dredging Defendants") submit this memorandum of law

1

in support of their Motion for Judgment on the Pleadings Pursuant to La. R.S. 9:5624 and Fed. R. Civ. P. 12(c).

Plaintiffs' claims in the *Reed* (No. 06-2152) and *Ackerson* (No. 06-4066) actions (which are identical in all respects relevant to this Motion) are preempted by La. R.S. 9:5624. Plaintiffs allege that the Dredging Defendants are liable for the destruction wrought by Hurricane Katrina because they dredged the Mississippi River Gulf Outlet ("MRGO") pursuant to contracts awarded by the United States Army Corps of Engineers ("COE") between 1993 and 2005.[1] Section 5624, however, confines actions for damages suffered "for public purposes" to a two-year period running from the completion and acceptance of a public work. Plaintiffs' claims are subject to this provision pursuant to the "maritime but local" rule, for the same reasons set forth in the Dredging Defendants' La. R.S. 9:2772 Motion.[2]

Not only is the MRGO an improvement to immovable property as discussed in the Dredging Defendants' La. R.S. 9:2772 Motion, the MRGO also is a public project to which Section 5624 applies. Because the Section 5624 bar includes damages suffered due to operation and maintenance of public works, all of Plaintiffs' claims against the Dredging Defendants are barred: the MRGO is a public project, completed in 1965,[3] and Plaintiffs themselves allege that the damages they suffered from the hurricane were a necessary—indeed, an inevitable and foreseeable—consequence of the MRGO's mere existence.[4] Plaintiffs' claims are entirely preempted by Section 5624.

---

[1] *See* Compl. ¶¶ 15-17.

[2] *See* Mem. of Law in Supp. of the Dredging Defs.' Mot. for J. on the Pleadings Pursuant to La. R.S. 9:2772 and Fed. R. Civ. P. 12(c), Nos. 06-2152 (*Reed*), 06-4066 (*Ackerson*) (filed Sept. 15, 2006).

[3] Compl. ¶ 7.

[4] *See id.* ¶¶ 9, 18-22.

## ARGUMENT

### I. Plaintiffs' Claims Are Perempted by La. R.S. 9:5624.

Plaintiffs' claims are perempted by La. R.S. 9:5624 because between 1958 and 1965 the MRGO was dredged for the public purpose of navigation of the waterway. Section 5624 provides, "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." Although phrased as a matter of "prescription," this statute in fact operates peremptively because it runs from an event other than a particular plaintiff's injury.[5] "Damage is incurred 'for public purposes' when the damaging is intentional or occurs as a necessary consequence of the public undertaking. Even unintentional damage can be inflicted 'for public purposes' if it is a 'necessary consequence' of the public project."[6]

Section 5624 applies here because, as Plaintiffs themselves allege, the MRGO was constructed for a public purpose, and the storm-surge damages suffered by Plaintiffs were a necessary consequence of the MRGO's existence.[7] The Dredging Defendants did not intend to

---

[5]  *See Wilson v. Louisiana Dept. of Transp. & Development*, 737 So. 2d 866, 871 (La. App. 4th Cir. 1999) (citing *Lyman v. Sunset*, 500 So. 2d 390, 392 (La. 1987)). Formerly tied to the first instance of damage, the "time period provided by La. R.S. 9:5624 as it now reads appears to limit governmental exposure even further, by commencing the running of prescription upon 'completion and acceptance of the public works.'" *Avenal v. Louisiana*, 886 So. 2d 1085, 1109 n.31 (La. 2004).

[6]  *Avenal*, 886 So. 2d at 1108-09 (internal citations and quotation and alteration marks omitted); *see also Miller v. Colonial Pipeline Co.*, 173 So. 2d 840, 844 (La. App. 3d Cir. 1965) ("Private property may be damaged for public purposes in the course of work done under a conventional agreement as well as work done pursuant to an expropriation or appropriation. The crucial test is whether it was for a public purpose.").

[7]  *See* Compl. ¶¶ 7, 19 (alleging the MRGO was constructed and operated to provide a safer, more efficient route between the Gulf of Mexico and New Orleans), ¶¶ 9, 18-22 (explaining the flooding and environmental effects of the MRGO, and alleging that they were anticipated and widely recognized even before the channel was excavated).

3

damage the wetlands, flood the parishes, or harm Plaintiffs, but it is enough under Section 5624 that performing the work was intentional and that Plaintiffs' damages followed from that work.[8]

In addition, Section 5624 bars Plaintiffs' claims in their entirety even though the MRGO has been dredged regularly since the original construction was completed in 1965.[9] The Louisiana courts have held repeatedly that once a public work has been complete for two years, Section 5624 acts to bar claims arising from ongoing operation and maintenance of the project.[10] As one court recently explained, "If we accepted the plaintiff's argument that the construction of this project continues throughout the years of use and operation of the landfill, then the prescriptive period for his claim would extend far beyond the time limits contemplated by La. R.S. 9:5624."[11]

The MRGO was completed in 1965,[12] and the current version of the statute—linking the two-year period to a project's completion rather than the first instance of damage—was enacted in 1987.[13] The peremptive period is long expired, and the Section 5624 bar is not limited to

---

[8] *Avenal*, 886 So. 2d at 1108-09; *see also Roberson v. Lincoln Parish Police Jury*, 899 So. 2d 636, 640 (La. App. 2d Cir. 2005) (claims barred because water running off landfill on higher land, carrying silt and debris to plaintiff's lower lying property, "is a natural and necessary consequence" of the operation of the landfill); *Oswalt v. Irby Const. Co.*, 424 So. 2d 348, 352 (La. App. 2d Cir. 1982) ("it matters not for purposes of determining the applicable prescriptive period that the work was done in a negligent manner or that the full extent of the damages might have been unintentional").

[9] *See* Compl. ¶¶ 7, 13-17.

[10] *See, e.g., Lyman*, 500 So. 2d at 393 (operation of a landfill); *Roberson*, 899 So. 2d at 640 (same); *Wilson v. Baton Rouge*, 683 So. 2d 382, 385 (La. App. 1st Cir. 1996) (failure to maintain/repair drainage canal); *Small v. Avoyelles Parish Police Jury*, 589 So. 2d 1132, 1134 (La. App. 3d Cir. 1991) (operation and maintenance of a sewer system); *Mississippi River Trans. Corp. v. Tabor*, 757 F.2d 662, 669 (5th Cir. 1985) (operation of gas storage reservoir); *see also Avenal*, 886 So.2d at 1109 n.31 (period runs from completion of the project, not the operational decision causing damage).

[11] *Roberson*, 899 So. 2d at 640.

[12] *See* Compl. ¶ 7.

[13] *See* 1987 La. Acts, No. 339, § 1.

property damage; it precludes "any and all claims for damages resulting from the public work" that are not filed within the two-year period.[14] No plaintiff now can complain to a court about damages arising from the MRGO or from the Dredging Defendants' maintenance thereof.

## CONCLUSION

For the foregoing reasons, the Dredging Defendants respectfully request that the Court dismiss all claims against the Dredging Defendants as barred by La. R.S. 9:5624, and award the Dredging Defendants any further relief that the Court deems just and proper.

Respectfully submitted,

James H. Roussel (Bar Roll No. 11496)
Nyka M. Scott (Bar Roll No. 28757)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
nscott@bakerdonelson.com

Attorneys for Great Lakes Dredge &
Dock Company

---

[14] *Wilson*, 683 So.2d at 386; *accord Eubanks v. Bayou D'Arbonne Lake Watershed Dist.*, 742 So. 2d 113, 118 n.2 (La. App. 2d Cir. 1999).

NO NMS 122674 v1
2902907-000001

/s/William E. Wright, Jr.
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
Kelly E. Theard (Bar Roll No. 29445)
of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com
kthread@dkslaw.com

Attorneys for Bean

/s/ James A. Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. 4213)
Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA  70112
Telephone:(504) 581-1301
Facsimile: (5040 581-6020
jac@ecwko.com

Attorneys for Weeks Marine, Inc.

/s/ Richard A. Cozad
Richard A. Cozad (Bar Roll No. 4537)
Michael L. McAlpine (Bar Roll. No. 9195)
Emma A. Mekinda (Bar Roll No. 28151)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone:(504) 561-0323
Facsimile: (504) 528-9442
emmamekinda@yahoo.com

Attorneys for King Fisher Marine Service, L.P.

/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No. 22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundy & Davis
501 Broad St.
P. O. Box 3010
Lake, Charles, LA  70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
sgabb@lundydavis.com

Attorneys for Mike Hooks, Inc.

/s/ A. Gordon Grant, Jr.
A. Gordon Grant, Jr. (Bar Roll No. 6221)
Philip S. Brooks, Jr. (Bar Roll No. 21501)
Montgomery, Barnett, Brown, Read,
 Hammond & Mintz, L.L.P.
Energy Centre - 1100 Poydras St.
Suite 3200
New Orleans, LA  70163-3200
Telephone: (504) 585-7681
Facsimile: (504) 200-8981
ggrant@monbar.com

Attorneys for Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.

/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No. 9778)
C. William Emory (Bar Roll No. 20179)
Daniel J. Hoerner (Bar Roll No. 21706)
Jacques P. DeGruy (Bar Roll No. 29144)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St. - Suite 4250
New Orleans, LA  70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com

Attorneys for Pine Bluff Sand & Gravel Co.

6

/s/ William Larzelere
William J. Larzelere, Jr. (Bar Roll No. 8057)
T. Justin Simpson (Bar Roll No. 18437)
Angie L. Arceneaux (Bar Roll No. 26786)
Larzelere, Picou, Wells, Simpson & Lonero
3850 N. Causeway Blvd. - Ste. 1100
Two Lakeway Center
Metairie, LA  70002
Telephone:(504) 834-6500
Facsimile: (504) 834-6565
blarzelere@lpw-law.com
jsimpson@lpw-law.com
aakers@lpw-law.com

Attorneys for Luhr Bros., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of September, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) A.J. Rebaneck

_____

7

NO NMS 122674 v1
2902907-000001