UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

**MEMORANDUM OF LAW IN SUPPORT OF THE
DREDGING DEFENDANTS' MOTION FOR JUDGMENT ON THE
<u>PLEADINGS PURSUANT TO LA. R.S. 9:2772 AND FED. R. CIV. P. 12(c)</u>**

Defendants Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and King Fisher Marine Service, L.P. (collectively the "Dredging Defendants") submit this memorandum of law in support of their Motion for Judgment on the Pleadings Pursuant to La. R.S. 9:2772 and Fed. R. Civ. P. 12(c).

Plaintiffs' claims in the *Reed* (No. 06-2152) and *Ackerson* (No. 06-4066) actions (which

1

NO NMS 122676 v1
2902907-000001

are identical in all respects relevant to this Motion) are perempted by La. R.S. 9:2772. Plaintiffs allege that the Dredging Defendants are liable for the destruction wrought by Hurricane Katrina because they dredged the Mississippi River Gulf Outlet ("MRGO") pursuant to contracts awarded by the United States Army Corps of Engineers ("COE") between 1993 and 2005.[1] Section 2772 imposes a five-year peremptive period on actions against contractors for constructing or improving immovable property, which period runs from the project's completion and acceptance. Under this statute, all claims against the Dredging Defendants are barred.

Plaintiffs' claims are subject to this Louisiana statute pursuant to the "maritime but local" rule: A court sitting in admiralty may accommodate competing state and federal interests by applying state law where local interests predominate, even if doing so impairs the uniformity for which admiralty usually strives. Local interests clearly dominate all of the consolidated Hurricane Katrina actions, and particularly this MRGO suit because the damage was sustained solely in Louisiana, all Plaintiffs and members of the putative class are Louisiana residents, and all of the Defendants are involved in this suit solely because of operations based on contracts that were executed and performed in Louisiana. In addition, Section 2772 is directly applicable to Plaintiffs' claims, and giving effect to this statute would not conflict with any maritime rule. Instead, it would be inequitable to apply the Louisiana peremption statute to claims against the levee contractors and not to Plaintiffs' claims against the Dredging Defendants.

This statute bars all of Plaintiffs' claims because Plaintiffs' complaint in this case is with the MRGO itself, not the performance of any particular dredging operation. As a result, under the plain language of Section 2772, Plaintiffs' claims are perempted because they arise from the original construction of the MRGO, which was completed more than five years ago, in 1965;

---

[1] *See* Compl. ¶¶ 15-17.

2

maintenance of the channel in the years since does not extend the peremptive period. In the alternative, even if each round of maintenance dredging were subject to a new, unique five-year period, the Dredging Defendants still would be entitled to judgment dismissing claims based on dredging performed through August 29, 2000.[2] In that case though, Plaintiffs should be required to re-plead to allege a connection between their damages and the maintenance operations that remain actionable.

## ARGUMENT

I.  **Plaintiffs' Claims Are Subject to Louisiana's Peremption Statute.**

Under the "maritime but local" rule, Plaintiffs' claims against the Dredging Defendants are subject to peremption under Louisiana law. State law applies in admiralty where (1) local interests predominate; (2) there is no applicable admiralty rule; and (3) uniformity concerns are not crucial.[3] "This principle allows the application of a particular state law *even where uniformity is impaired* on the basis that the predominant interest in the matter is on the state level despite the presence of a maritime claim."[4]

Local interests plainly dominate this case. As this Court held in *O'Dwyer*, "the claims implicate Louisiana intrastate interests, Louisiana law would apply, Louisiana has a distinct nexus with class members, the damages caused and/or sustained were within Louisiana, and the

---

[2]  *See* Compl. ¶ 17 (setting forth projects by year, defendant, and amount of material dredged).

[3]  Thomas J. Schoenbaum, 1 *Admiralty & Maritime Law* § 4-2 (4th ed. 2004).

[4]  *Id.* (emphasis added); *see also, e.g., Kossick v. United Fruit Co.*, 365 U.S. 731, 739 (1961) (reconciling maritime and local interests "is surely rather one of accommodation, entirely familiar in many areas of overlapping state and federal concern or a process somewhat analogous to the normal conflicts of laws situation where two sovereigns assert divergent interests in a transaction as to which both have some concern"); *Karim v. Finch Shipping Co.*, 374 F.3d 302, 308-09 (5th Cir. 2004) ("courts applying admiralty law 'may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law'") (quoting *Baggett v. Richardson*, 473 F.2d 863, 864 (5th Cir. 1973)).

primary defendants are all Louisiana citizens save for the United States."[5] All Plaintiffs and members of the putative class are Louisiana residents; their claims are for damages suffered in Louisiana; those damages allegedly arose from the construction, maintenance and operation of a local waterway, the MRGO; the Dredging Defendants are predominantly Louisiana-based; and all of the Defendants are involved in this suit solely because of operations based on contracts that were executed and performed in Louisiana.[6]

In addition, peremptive statutes reflect Louisiana's considered policy judgment about the importance of repose in certain circumstances, and particularly the protection of those who undertake long-lasting, socially-beneficial projects for the state and her citizens and businesses, such as the MRGO. Under Section 2772, Louisiana has determined that contractors should not be left in a perpetual state of potential liability for improving or creating immovable property.[7] The importance of this policy is demonstrated by the Legislature's response when the Louisiana Supreme Court held that a "failure to warn" action was outside the purview of Section 2772: the Legislature immediately amended the statute to overrule the decision.[8]

Application of Louisiana's peremptive statute would not displace any applicable maritime rule. To be sure, admiralty includes rules of prescription. Maritime tort claims arising from personal injury or death, for example, prescribe after three years, and laches limits the time

---

[5] *Berthelot v. Boh Bros. Constr. Co.*, No. 05-4182, 2006 WL 2256995, *5 (E.D. La. July 19, 2006) (explaining why, even if abstention were not mandatory, the Class Action Fairness Act's permissive abstention provision would apply); *see also Green v. Industrial Helicopters, Inc.*, 593 So. 2d 634, 638 (La. 1992) (applying a Louisiana strict liability statute in a savings clause case arising from a helicopter crash on the high seas where all of the parties were Louisiana citizens, a Louisiana company owned and operated the helicopter, and the flight took off from, and was to return to, Louisiana).

[6] *See* Compl. ¶¶ 1, 3, 5, 14-17, 23.

[7] *Burmaster v. Gravity Drainage District No. 2*, 366 So. 2d 1381, 1387 (La. 1978); *see also Green*, 593 So. 2d at 638 (relying on "a strong social policy" underlying the Louisiana statute there at issue).

[8] *See Harris v. Black Clawson Co.*, 961 F. 2d 547, 554 n.21 (5th Cir. 1992).

4

plaintiffs have to pursue certain other maritime claims.[9] But statutes of limitations (which are prescriptive), and peremptive periods are two very different concepts. "Prescription bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of the existing right. A peremptive statute, on the other hand, totally destroys the previously existing right so that, upon expiration of the statutory period, a cause of action or substantive right no longer exists to be enforced."[10] Put another way, prescription is a limit on the time for injured parties to seek redress, while peremption is a limit on the time contractors are liable for deficiencies in their work. These two different limits co-exist in Louisiana law,[11] and although admiralty has rules governing prescription, it has no rules governing the duration of a contractor's liability.

The admiralty laches standard demonstrates that prescription and peremption rules are not interchangeable. A suit is barred by laches if the plaintiff's delay in filing is inexcusable and results in undue prejudice to the defendant.[12] The starting point for this inquiry is the applicable state law statute of limitations.[13] Under Louisiana law, the *prescriptive* period for Plaintiffs' claims would be one year for delictual actions (La. C.C. art. 3492), or ten years for actions against contractors for construction defects (La. C.C. art. 3500). Limitations periods like these can be factored into a laches analysis, and they clearly draw a different line than the three years

---

[9]   *See* 46 U.S.C. app. § 763a; *Deutsche Shell Tanker-Gesellschaft mbH v. Placid Refining Co.*, 767 F. Supp. 762, 780-81 (E.D. La. 1991).

[10]  *KSLA-TV, Inc. v. Radio Corp. of Am.*, 732 F.2d 441, 443 (5th Cir. 1984) (internal citations and quotation marks omitted).

[11]  *See* § 2772(D) (actions covered by peremption statute "shall prescribe by the applicable prescriptive periods established by law for such actions").

[12]  *See Deutsche Shell Tanker-Gesellschaft*, 767 F. Supp. at 780-81.

[13]  *Id.*

5

set by 46 U.S.C. app. § 763a for maritime torts that result in personal injury.[14] A court would not analyze whether Plaintiffs' "delay" in filing was inexcusable because they did not bring suit within a *peremptive* period; the running and expiration of such a period has no connection to when, or even whether, Plaintiffs were injured.

Even if a conflict with the admiralty limitations rules did exist, the Court still should apply the Louisiana peremptive statutes.[15]

Moreover, it would be inequitable in this case to apply peremption statutes to claims against the levee contractors and not to claims against the dredging contractors, given that both operated in essentially the same capacity—as agents for the COE, improving immovable property to serve the flood control and commercial interests of Louisiana and New Orleans.[16] In this case, local concerns predominate, there is no directly applicable admiralty rule, and the Dredging Defendants should be able to rely on the same peremptive safe-harbor as the other defendants in these consolidated proceedings. Plaintiffs' claims against the Dredging Defendants are subject to Section 2772.

## II. Plaintiffs' Claims Are Perempted by La. R.S. 9:2772.

Plaintiffs' claims are perempted by La. R.S. 9:2772 because the MRGO is an improvement to immovable property. Section 2772 bars all claims arising out of construction

---

[14] *Cf. Cox v. Roth*, 348 U.S. 207, 210 (1955) (claim filed within the three-year period for suits under the Jones Act is not barred by failure to comply with state law requirement that notice of claims against an estate be filed within eight months).

[15] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 373-74 (1959) ("all these laws and others have been accepted as rules of decision in admiralty cases, even, at times, when they conflicted with a rule of maritime law which did not require uniformity") (listing laws); *Steelmet, Inc. v. Caribe Towing Corp.*, 779 F.2d 1485, 1488 (11th Cir. 1986) ("If there is an admiralty-state law conflict, the comparative interests must be considered—they may be such that admiralty shall prevail, . . . or if the policy underlying the admiralty rule is not strong and the effect on admiralty is minimal, the state law may be given effect . . . ."); Schoenbaum, *supra*, at § 4-2 (state law may be applied in "maritime but local" cases "even where uniformity is impaired").

NO NMS 122676 v1
2902907-000001

projects involving immovable property unless suit is brought within five years of the project's completion and acceptance. The statute provides, in relevant part, as follows:

> A. No action, whether ex contractu, ex delicto, or otherwise . . . shall be brought . . . against any person performing . . . the construction of immovables, or improvement to immovable property . . .
>
> (b)   . . . more than five years after the improvement has been thus occupied by the owner. . . .
>
> B. (1) The causes which are perempted within the time described above include any action:
>
> (a) For any deficiency . . . in the construction of any improvement to immovable property . . . .
>
> (b) For damage to property, movable or immovable, arising out of any such deficiency.
>
> (c) For injury to the person or for wrongful death arising out of any such deficiency.
>
> (d) Brought against a person for the action or failure to act of his employees.
>
> (2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.
>
> (3) This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

§ 2772(A)-(B).[17] In sum, with a limited exception for fraud,[18] which Plaintiffs do not raise, this statute establishes a five-year peremptive period for claims against contractors arising from deficiencies in their construction of improvements to immoveable property—in this case, that

---

[16]   Cf. The Key City, 81 U.S. (14 Wall.) 653, 660 (1871) ("the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case").

[17]   The statute is reprinted in its entirety in the attached Statutory Appendix.

[18]   See § 2772(H).

means that all of Plaintiffs' claims are barred.

### A.    Section 2772 bars Plaintiffs' claims.

Plaintiffs' claims against the Dredging Defendants arise out of alleged deficiencies "in the construction of [an] improvement to immovable property," and as such, are subject to the five-year peremptive period set by Section 2772.[19] First, the MRGO is "immovable" property. La. C.C. art. 462 provides, "Tracts of land, with their component parts, are immovables." Comment (c) to that same provision further explains, "Lands may be defined as portions of the surface of the earth."[20] The MRGO fits comfortably within this definition, and thus within Section 2772.[21]

Second, by dredging the MRGO from the marshes of lower St. Bernard Parish, between 1958 and 1965, the COE constructed an "improvement to immovable property."[22]

All of Plaintiffs' claims, therefore, are perempted by Section 2772 because their complaint in this case is with the MRGO itself, not the performance of any particular dredging operation. This is so even though Plaintiffs' claims did not arise until after the peremptive period expired, and even though the COE maintained the MRGO until Katrina struck. La. C.C. art. 3458 provides, "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."

---

[19]   *See* § 2772(B)(1).

[20]   *See also Landry v. LeBlanc*, 416 So. 2d 247, 249 (La. App. 3d Cir. 1982) (holding that topsoil is "immovable"); *Bailey v. Kruithoff*, 280 So. 2d 262, 264 (La. App. 2d Cir. 1973) ("Immovability by nature has been characterized as a creation of the law based on practical considerations and on inherent characteristics of the things concerned.").

[21]   *See, Exxon Corp. v. Foster Wheeler Corp.*, 805 So. 2d 432, 434 (La. App. 1st Cir. 2001) (for purposes of § 2772, "immovable" property is defined by several articles of the Louisiana Civil Code, including article 462).

[22]   *See Ewing v. State*, 757 So. 2d 843 (La. App. 3d Cir. 2000) (applying § 2772 to bar claim based on construction of improvements to a drainage canal); *Akins v. Jefferson Parish*, 591 So. 2d 800, 802 (La. App. 5th Cir. 1991) (applying § 2772 to bar claim based on design of levees and drainage systems).

Construction of the MRGO was complete in 1965.[23] The peremptive period expired decades ago, and maintenance of the channel since did *not* extend that period.[24] Accordingly, Plaintiffs' claims are entirely barred.

  **B.** **At a minimum, Plaintiffs' claims are substantially perempted because the five-year peremptive period is retroactive.[25]**

Assuming that each round of dredging were subject to a new five-year period—which is *not* the case—Plaintiffs' claims still would be perempted by Section 2772 to the extent that they arise from projects completed on or before August 29, 2000.[26] (Which projects fall on which side of this line is not a question of fact because Plaintiffs allege that no dredging was undertaken in 2000.[27] As a matter of law, claims for 1993 through 1999 projects would be barred by Section 2772; claims for 2001 through 2005 projects would not.)

On this per-project approach, the current peremptive period of five years would apply to all of the MRGO dredging projects, regardless of when they were undertaken. As a general matter, remedial statutes apply retroactively, and this is how the original version of Section 2772

---

[23] Compl. ¶ 7.

[24] *See, e.g.*, La. C.C. art. 3461 ("Peremption may not be renounced, interrupted, or suspended."); *Reeder v. North*, 701 So. 2d 1291, 1298 (La. 1997) ("nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended . . . exceptions such as *contra non valentem* are not applicable"); *KSLA-TV, Inc. v. Radio Corp. of Am.*, 732 F.2d 441, 443 (5th Cir. 1984) (same); *Ewing*, 757 So. 2d at 849 ("nothing is to interfere with the running of a peremptive period"); *see also, e.g., Avenal v. Louisiana*, 886 So. 2d 1085, 1109 n.31 (La. 2004) (period in La. R.S. 9:5624 for claims for damages from a public works runs from completion of the project, not from the operational decision causing damage); *Lyman v. Sunset*, 500 So. 2d 390, 393 (La. 1987) (holding that expiration of two-year period in La. R.S. 9:5624 precludes claims arising from ongoing operation and maintenance of a public work); *Wilson v. Baton Rouge*, 683 So. 2d 382, 385 (La. App. 1st Cir. 1996) (same, failure to maintain/repair drainage canal); *Mississippi River Trans. Corp. v. Tabor*, 757 F.2d 662, 669 (5th Cir. 1985) (same, operation of gas storage reservoir).

[25] Pine Bluff does not join in Argument II, Part B.

[26] The *Reed* complaint was filed on April 24, 2006, but § 2772(C) provides an additional year to bring suit for any injury suffered during the fifth year of a peremptive period. Assuming Plaintiffs' claims are not completely barred, this grace period would preserve Plaintiffs' claims for any projects completed between August 30, 2000 and April 24, 2001.

was interpreted.[28] In 1999, the Legislature amended Section 2772 to change the peremptive period from ten to seven years, expressly providing, "The provisions of this Act shall have prospective application only and shall apply only to contracts entered into on or after the effective date of this Act."[29] But this language was omitted when the Legislature amended the statute again in 2003 to change the period from seven to five years.[30]

Given that the courts had interpreted the original peremptive period to be retroactively applicable, and that the Legislature omitted in 2003 the "prospective only" language that had been included just four years earlier in an amendment to the same term of the same statute, the Legislature must have intended the new five-year period to apply retroactively. "The Legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law."[31] If each project is considered separately—which, again, is not the way that Section 2772 should apply here—Plaintiffs' claims are perempted to the extent that they are based on projects completed before August 29, 2000.

But even on this narrow reading, Plaintiffs must re-plead or have their claims dismissed with prejudice. Their claims are based on damages allegedly caused by the construction of the

---

[27] See Compl. ¶ 17.

[28] See Stipe v. Joseph A. Neyrey Gen. Contractors, Inc., 385 So. 2d 568 (La. App. 4th Cir. 1980); Orleans Parish Sch. Bd. v. Pittman Const. Co., 372 So. 2d 717, 720-21 (La. App. 4th cir. 1979).

[29] 1999 La. Acts, No. 1024, § 2.

[30] See 2003 La. Acts, No. 919.

[31] Richard v. Hall, 874 So. 2d 131, 150-51 (La. 2004); but see Broussard v. Aviara Energy Corp., No. 99-2199, 2005 WL 1473998, *3 (W.D. La. June 21, 2005) (holding that the pre-1999 version of the statute applied to work completed in 1997, where suit was brought in 2003, because § 2772 is not retroactive) (citing August v. Grand Lake Const., 837 So. 2d 78 (La. App. 5 Cir. 2002) (giving effect to "prospective application only" language in 1999 amendment)).

10

MRGO and the fact that the channel has existed for almost fifty years; Plaintiffs do *not* claim that their damages were caused by any dredging project performed in the last five years. Thus, even if Section 2772 is only a partial bar, Plaintiffs still must re-plead to allege *some* basis for inferring a connection between their damages and those few projects that remain actionable.

## CONCLUSION

For the foregoing reasons, the Dredging Defendants respectfully request that the Court dismiss all claims in the *Reed* and *Ackerson* actions as barred by La. R.S. 9:2772, or, in the alternative, dismiss claims based on projects completed before August 29, 2000 and require Plaintiffs to re-plead, and award the Dredging Defendants any further relief that the Court deems just and proper.

Respectfully submitted,

_____
James H. Roussel (Bar Roll No. 11496)
Nyka M. Scott (Bar Roll No. 28757)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
nscott@bakerdonelson.com

Attorneys for Great Lakes Dredge &
Dock Company

NO NMS 122676 v1
2902907-000001

/s/ James A. Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. 4213)
Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA 70112
Telephone:(504) 581-1301
Facsimile: (5040 581-6020
jac@ecwko.com

Attorneys for Weeks Marine, Inc.

/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No. 22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundy & Davis
501 Broad St.
P. O. Box 3010
Lake, Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
sgab@lundydavis.com

Attorneys for Mike Hooks, Inc.

/s/ Richard A. Cozad
Richard A. Cozad (Bar Roll No. 4537)
Michael L. McAlpine (Bar Roll. No. 9195)
Emma A. Mekinda (Bar Roll No. 28151)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone:(504) 561-0323
Facsimile: (504) 528-9442
emmamekinda@yahoo.com

Attorneys for King Fisher Marine Service, L.P.

/s/ A. Gordon Grant, Jr.
A. Gordon Grant, Jr. (Bar Roll No. 6221)
Philip S. Brooks, Jr. (Bar Roll No. 21501)
Montgomery, Barnett, Brown, Read,
 Hammond & Mintz, L.L.P.
Energy Centre - 1100 Poydras St.
Suite 3200
New Orleans, LA 70163-3200
Telephone: (504) 585-7681
Facsimile: (504) 200-8981
ggrant@monbar.com

Attorneys for Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its on behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.;

/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No. 9778)
C. William Emory (La Bar #20179)
Daniel J. Hoerner (La Bar #21706)
Jacques P. DeGruy (La Bar #29144)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St. - Suite 4250
New Orleans, LA  70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com

Attorneys for Pine Bluff Sand & Gravel Co.

/s/ William Larzelere
William J. Larzelere, Jr. (Bar Roll No. 8057)
T. Justin Simpson (Bar Roll No. 18437)
Angie L. Arceneaux (Bar Roll No. 26786)
Larzelere, Picou, Wells, Simpson  & Lonero
3850 N. Causeway Blvd. - Ste. 1100
Two Lakeway Center
Metairie, LA  70002
Telephone:(504) 834-6500
Facsimile: (504) 834-6565
blarzelere@lpw-law.com
jsimpson@lpw-law.com
aakers@lpw-law.com

Attorneys for Luhr Bros., Inc.

NO NMS 122676 v1
2902907-000001

## STATUTORY APPENDIX

**La. R.S. § 2772. Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon**

A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):

   (1) (a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
   (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

   (2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

B. (1) The causes which are perempted within the time described above include any action:
   (a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).
   (b) For damage to property, movable or immovable, arising out of any such deficiency.
   (c) For injury to the person or for wrongful death arising out of any such deficiency.
   (d) Brought against a person for the action or failure to act of his employees.

   (2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.

NO NMS 122676 v1
2902907-000001

    (3) This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.

E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.

F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, if not performed preparatory to construction, which exist prior to September 11, 1981, shall be perempted one year from said date or by the applicable peremptive period established by this Section, whichever is later.

H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

    (2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.

    (3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.

I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of September, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) A.J. Rebaneck

_____