UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 15 PM 12: 41

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: MRGO ACKERSON, CIVIL ACTION NO. 06-4066 § § § § § | |

## ANSWER

Defendant, Mike Hooks, Inc., responds to the Class Action Complaint ("Complaint") filed by plaintiffs, Fellosea Ackerson, et al., as follows:

I.

The Complaint filed by plaintiffs, Fellosea Ackerson, et al., fails to state a cause of action against this defendant for which relief may be granted.

II.

The Complaint fails to meet the prerequisites for a class action.

III.

Plaintiffs' claims against Mike Hooks, Inc. are barred by prescription, peremption or laches.

IV.

Plaintiffs' claims fall, in whole or in part, as plaintiffs lack a right of action, standing or capacity, to bring some or all of the claims alleged in the complaint.

V.

Plaintiffs' claims fall, in whole or in part, as plaintiffs have failed to join indispensable parties.

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

VI.

Plaintiffs' claims are barred as the facts alleged by plaintiffs are considered an act of God, force majeure, fortuitous event or extraordinary manifestation of the forces of nature.

VII.

Mike Hooks, Inc. is entitled to, and claims, immunity from, or limitation of, liability afforded by La.R.S. 9:2771.

VIII.

Plaintiffs' claims against Mike Hooks, Inc. are barred, as any work done by Mike Hooks, Inc. was performed under the supervision, direction and control of the United States Corps of Engineers, such that Mike Hooks, Inc. is immune from suit and liability in accordance with the government contractor defense.

IX.

Plaintiffs have failed to mitigate their damages.

X.

Mike Hooks, Inc. invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by plaintiffs was directly and proximately caused by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct Mike Hooks, Inc. is not responsible.

XI.

Mike Hooks, Inc. invokes and adopts all affirmative and constitutional defenses available under federal law or the laws of other jurisdictions that may subsequently be determined to apply to this action.

XII.

Mike Hooks, Inc. affirmatively alleges that, to the extent plaintiffs have received payment for any of the alleged injuries or damages from any individual or corporate or government entity, Mike Hooks, Inc. is entitled to a credit and/or offset in the amount of said payments.

XIII.

Mike Hooks, Inc. is entitled to exoneration from liability for the losses and damages alleged by plaintiffs. Notwithstanding this fact, Mike Hooks, Inc. claims the benefits of limitation of, or exoneration from, liability as provided in 46 U.S.C. §§ 181, et seq.

XIV.

Mike Hooks, Inc. adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such affirmative defense applies to Mike Hooks, Inc.

XV.

Plaintiffs' claims against Mike Hooks, Inc. are extinguished in accordance with the statutes referenced in the Complaint, to include, but not limited to, the Suits in Admiralty Act, 46 U.S.C. §§ 741-752; the Public Vessels Act, 46 U.S.C. §§ 781-790; the Water Pollution Control Act, 33 U.S.C. § 1251, et seq.; and the Flood Control Act of 1928, 33 U.S.C. § 703c, should such statutes, one (1) or more be determined as applicable herein.

XVI.

Plaintiffs assumed the risk of damages claimed by acquiring or constructing a home within known flood zones.

XVII.

All work performed by Mike Hooks, Inc. referenced by plaintiffs was performed in a good and workmanlike manner without defect or deficiency.

XVIII.

Now answering the specific allegations contained in the Complaint, Mike Hooks, Inc. avers:

1.

The allegations contained in Paragraph One (1) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

2.

The allegations contained in Paragraph (2) of the Complaint are denied for a lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph Three (3) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

4.

The allegations contained in Paragraph Four (4) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

5.

The allegations contained in Paragraph Five (5) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

6.

The allegations contained in Paragraph Six (6) of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

7.

The allegations contained in Paragraph Seven (7) of the Complaint do not require an answer of this defendant.

8.

The allegations contained in Paragraph Eight (8) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

9.

The allegations contained in Paragraph Nine (9) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

10.

The allegations contained in Paragraph Ten (10) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

11.

The allegations contained in Paragraph Eleven (11) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

12.

The allegations contained in Paragraph Twelve (12) of the Complaint do not require an

answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

13.

The allegations contained in Paragraph Thirteen (13) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

14.

The allegations contained in Paragraph Fourteen (14) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

15.

The allegations contained in Paragraph Fifteen (15) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

16.

The allegations contained in Paragraph Sixteen (16) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

17.

Mike Hooks, Inc. admits that, under the supervision, direction and control of the United States Army Corps of Engineers, Mike Hooks, Inc. completed a marine dredging project of a portion of the Mississippi River Gulf Outlet during 2001. The remaining allegations contained in Paragraph

Seventeen (17) of the Complaint do not require an answer of this defendant. However, should an additional answer be deemed necessary, the allegations are denied for a lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph Eighteen (18) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph Ninteen (19) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph Twenty (20) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph Twenty-one (21) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph Twenty-two (22) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are

denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph Twenty-three (23) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

24.

The allegations contained in Paragraph Twenty-four (24) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

25.

The allegations contained in Paragraph Twenty-five (25) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

26.

The allegations contained in Paragraph Twenty-six (26) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

27.

The allegations contained in Paragraph Twenty-seven (27) of the Complaint are denied.

28.

The allegations contained in Paragraph Twenty-Eight (28) of the Complaint are denied.

29.

The allegations contained in Paragraph Twenty-nine (29) of the Complaint are denied.

30.

The allegations contained in Paragraph Thirty (30) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

31.

The allegations contained in Paragraph Thirty-one (31) of the Complaint are denied.

32.

The allegations contained in Paragraph Thirty-two (32) of the Complaint are denied.

33.

The allegations contained in Paragraph Thirty-three (33) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

34.

The allegations contained in Paragraph Thirty-four (34) of the Complaint are denied.

35.

The allegations contained in Paragraph Thirty-five (35) of the Complaint are denied.

36.

The allegations contained in Paragraph Thirty-six (36) of the Complaint are denied.

37.

The allegations contained in Paragraph Thirty-seven (37) of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

38.

The allegations contained in Paragraph Thirty-eight (38) of the Complaint are denied.

39.

The allegations contained in Paragraph Thirty-nine (39) of the Complaint are denied.

40.

The allegations contained in Paragraph Forty (40) of the Complaint do not require an answer of this defendant.

Wherefore, Mike Hooks, Inc. prays that this answer be deemed good and sufficient and that, after due proceedings are had, Judgment be rendered in its favor and against plaintiffs, dismissing plaintiffs' Complaint at their costs, and for all general and equitable relief deemed appropriate by this Court.

Respectfully submitted,

**LUNDY & DAVIS, L.L.P.**

_____
SAMUEL B. GABB, T.A. (La. Bar No. 22378)
THOMAS P. LeBLANC (La. Bar No. 22832)
501 Broad Street
Lake Charles, LA 70601
(337) 439-0707
(337) 439-1029 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/EMF system which will send a notice of electronic filing to the following: Mr. A. J. Rebennack, counsel for plaintiffs Fellosea Ackerson, et al., and defense counsel in C.A. No. 06-4066.

/s/ Samuel B. Gabb
SAMUEL B. GABB