UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| | § | |

**DEFENDANT UNITED STATES' OPPOSITION TO PLAINTIFFS'
EVIDENTIARY OBJECTIONS TO GOVERNMENT EXHIBITS**

Plaintiffs have objected to United States' Exhibits 1 and 3 through 11 (collectively, the "Exhibits"), which consist of three House of Representative documents, six U.S. Army documents and one Army map.  Their objections are without merit because the Court can grant the United States' F.R.C.P. 12(b)(1) motion to dismiss without even considering these self-authenticating Exhibits.  Therefore, plaintiffs' objections should be overruled.

**ARGUMENT**

**I.     The Court May Appropriately Consider the Exhibits
        Referenced in the United States' Motion to Dismiss.**

The Exhibits at issue provide background information about MR-GO and the LPVHPP levees that were obliterated by Katrina's onslaught and, as such, may assist the Court in deciding the United States' motion to dismiss for lack of subject matter jurisdiction.  However, the introduction of supplemental materials to further elucidate the absence of subject matter jurisdiction does not convert the motion to dismiss into one for summary judgment.  *See Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is

1

substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."); *see also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000) ("The court without conversion [of a motion made pursuant to Fed. R. Civ. P. 12(b)(1) to a motion for summary judgment], may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations."); 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4] (3d ed. 2004).

Because the United States' F.R.C.P. 12(b)(1) motion accepts the truth of the Complaint's factual allegations about the MR-GO, *see, e.g.*, Def. Opening Mem. at 4, 7-9, 12-13, 42-43, this Court can grant the motion to dismiss without even considering the Exhibits.  However, if the Court chooses to consider the Exhibits, it is permissible under Fifth Circuit precedent in deciding whether subject matter jurisdiction exists.  Thus the Court is free to take judicial notice of the Exhibits and may give appropriate weight, if any, to them.

Moreover, if the Court should find a genuine dispute about facts relevant to the United States' jurisdictional motion, it may resolve them and grant the motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  It is well established in this circuit that the district court has the power to dismiss pursuant to Rule 12(b)(1) on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Id.*  Accordingly, plaintiffs' motion to strike the Exhibits should be denied.

**II. United States' Exhibits are Self-Authenticating**

Additionally, it is entirely appropriate to give weight to the Exhibits, if the Court so decides, because they are authentic; plaintiffs' assertion to the contrary is therefore devoid of merit. Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Further, Rule 902(5) provides that the following are self-authenticating: *"Official publications.* Books, pamphlets, or other publications purporting to be issued by public authority." Exhibits 1 and 3 through 11 are official publications of the U.S. Government or the U.S. Army. Exhibits 1[4], 3[5] and 6[6] are self-authenticating because they are U.S. House of Representatives documents published by the U.S. Government Printing Office and constitute an "official publication" under Rule 902(5). Further,

---

[4]H.R. Doc. No. 82-245 (1951).

[5]H.R. Doc. No. 71-46 (1930).

[6]H.R. Doc. No. 89-231 (1965).

Exhibits 4[7], 5[8], 7[9], 8[10], 9[11], 10[12] and 11[13] are self-authenticating official publications under Rule

---

[7] DM01A - Channels Mile 63.77 to 68.85 REVISED (May 1959) r.pdf, *available at* https://ipet.wes.army.mil, published to the website on February 15, 2006.  Once at the website go to "Pre-Katrina" then to "MRGO - Mississippi River Gulf Outlet" then to "Design Memoranda and Reconnaissance Report" then to "DM01A - Channels Mile 63.77 to 68.85 REVISED (May 1959)."

[8] RR - St Bernard Bank Erosion and Recon Report (Feb 1988) r.pdf (starting on page 45), *available at* https://ipet.wes.army.mil, published to the website on December 12, 2005.  Once at the website go to "Pre-Katrina" then to "MRGO - Mississippi River Gulf Outlet" then to "Design Memoranda and Reconnaissance Report" and then to "RR - St Bernard Bank Erosion and Recon Report (Feb 1988)."

[9] Hurricane Prot Proj Reevaluation Study Vol 1 Main Report Final Sup I to the EIS (July 1984).pdf, *available at* https://ipet.wes.army.mil, published to the website on November 9, 2005.  Once at the website go to "Pre-Katrina" then to "Pre-Katrina/Lake Pontchartrain LA and Vicinity" then to "Reports" then to "Hurricane Protection Reevaluation Study" then to "Hurricane Prot Proj Reevaluation Study Vol 1 Main Report Final Sup I to the EIS (July 1984)."

[10] DM01B - Channels Mile 39.01 to 63.77 REVISED (May 1959) r.pdf, *available at* https://ipet.wes.army.mil, published to the website on February 15, 2006.  Once at the website go to "Pre-Katrina" then to "MRGO - Mississippi River Gulf Outlet" then to "Design Memoranda (DM) and Reconnaissance Report" then to "DM01B - Channels Mile 39.01 to 63.77 REVISED (May 1959)."

[11] RR - St Bernard Bank Erosion and Recon Report (Jan 1994).pdf, *available at* https://ipet.wes.army.mil, published to the website on September 7, 2006.  Once at the website go to "Pre-Katrina" then to "MRGO - Mississippi River Gulf Outlet" then to "Design Memoranda (DM) and Reconnaissance Report" then to "RR - St Bernard Bank Erosion and Recon Report (Jan 1994)."

[12] Final ES O and M on 3 Lake Borgne Vicinity Projects (Mar 1976).pdf, *available at* https://ipet.wes.army.mil, published to the website on September 8, 2006.  Once at the website go to "Pre-Katrina" then to "MRGO - Mississippi River Gulf Outlet" then to "Reports" then to "Final ES O and M on 3 Lake Borgne Vicinity Projects (Mar 1976)."

[13] Map located on the Army's Mississippi Valley Division Work Flood Control Act Project Maps website *available at* http://www.mvn.usace.army.mil/eng2/edsd/proj_maps/pmap_fcp2.htm, Project Map Name: Lake Pontchartrain, LA and Vicinity Hurricane Protection, *available at* http://www.mvn.usace.army.mil/eng2/edsd/proj_maps/pm2-35.jpg, website indicates that referenced map site was last revised in 1995.

902(5) because they are posted on U.S. Army internet websites. *See*, *e.g.*, *U.S. Equal Employment Opportunity Commission v. E.I. Du Pont De Nemours & Co.*, 2004 U.S.Dist. LEXIS 20753 at *5 (E.D. La. Oct. 18, 2004) ("The Court has accessed the website using the domain address and has verified that the web page printed exists at that location. The Court also notes that the web page is maintained on a government website . . .".) Moreover, Rule 901 does not limit the type of evidence allowed to authenticate a document. It merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be. *United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir. 1989). Therefore, the plaintiffs' objections to the Court's consideration of these Exhibits in determining its subject matter jurisdiction should be overruled.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        /s/ Robin D. Smith
        Robin D. Smith
        Trial Attorneys, Torts Branch, Civil Division
        U.S. Department of Justice
        Benjamin Franklin Station, P.O. Box 888
        Washington, D.C. 20044
        (202) 616-4400 / (202) 616-5200 (Fax)
        Attorneys for the United States

Dated: September 18, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Robin D. Smith, hereby certify that on September 18, 2006, I served a true copy of the foregoing pleading upon the following parties by ECF, electronic mail, or first class mail:

Sean D. Alfortish
tiffanyc@seanalfortishlaw.com

Gilbert V. Andry, III
GANDRY@YAHOO.COM

Richard J. Arsenault
rarsenault@nbalawfirm.com

N. Madro Bandaries
madro.att.net@gmail.com

Dawn M. Barrios
barrios@bkc-law.com

Daniel E. Becnel, Jr.
dbecnel@becnellaw.com

Darryl James Becnel
darrylbecnel@becnellaw.com

Robert M. Becnel
ROBBECNEL@AOL.COM

Wiley J. Beevers
beevers@bellsouth.net

George Luis Beguiristain
glb@kailasinc.com

Bruce Betzer
lriddell@nbglaw.com

Scott R. Bickford
usdcedla@mbfirm.com

Philip Bohrer
phil@bohrerlaw.com

William F. Bologna
wfbologna@aol.com

Joseph M. Bruno
jbruno@brunobrunolaw.com

Richard Paul Bullock
rbullock829@aol.com

Roberta L. Burns
rburns@torres-law.com

Michael Gerald Calogero
Calogero@cox.net

Gordon R. Crawford
gcrawford@attorneycrawford.com

Walter C. Dumas
wdumas@dumaslaw.com

Daniel L. Dysart
dldysart@dst-law.com

Val Patrick Exnicios
vpexnicios@exnicioslaw.com

George A. Frilot, III
gfrilot@fpkc.com

John M. Futrell
jfutrell@leefutrell.com

Thomas A. Gennusa, II
tgennusa@gennusalawfirm.com

Mark Philip Glago
sshelton@glagolawfirm.com

Edward Pressner Gothard
egothard@nbglaw.com

Russ M. Herman
rwestenfeld@hhkc.com

Waldon Michael Hingle
servewmh@hinglelaw.com

Anthony D. Irpino
irpinoanthony@hotmail.com

Darleen Marie Jacobs
dollyno@aol.com

Hugh Palmer Lambert
hlambert@lambertandnelson.com

Mickey P. Landry
mlandry@landryswarr.com

Walter John Leger, Jr.
wleger@legermestayer.com

Andrew Allen Lemmon
kathleen@lemmonlawfirm.com

Kerry J. Miller
kmiller@fpkc.com

Matthew B. Moreland
mmoreland@becnellaw.com

Ronnie Glynn Penton
rgp@rgplaw.com

Stephanie C. Reuther
screuther@lawmedic.com

John Van Robichaux, Jr.
info@robichauxlaw.com

Ethel Carroll Rogers
crogers@mrsnola.com

Scott W. Smith
scott-smith@cox.net

Stuart Housel Smith
ssmith@smithstag.com

Paul M. Sterbcow
sterbcow@lksalaw.com

Sidney Donecio Torres, III
storres@torres-law.com

Irving Jay Warshauer
iwarshauer@gainsben.com

Conrad S. P. Williams, III
duke525@msn.com

Lynn E. Williams, Jr.
eric@toxictortlaw.net

Jennifer N. Willis
cwlaw@bellsouth.net

Donald J. Trahan
Louisiana Dept. of Environmental Quality
Office of Legal Affairs & Enforcement
P. O. Box 4302
Baton Rouge, LA 70821-4302

Megan K. Terrell
Louisiana Department of Justice (BR - P. O. Box)
P. O. Box 94005
Baton Rouge, LA 70804-9095

Kathryn Weekley Becnel

Becnel Law Firm
425 W. Airline Hwy., Suite B
LaPlace, LA 70068

William Eldren Bradley
William E. Bradley Law Firm, LLC
1250 SW Railraod Avenue
Suite 170
Audubon Centre
Hammond, LA 70403

David Carlile
Carlile Law Firm
400 South Alamo
Marshall, TX 75260

Frank Jacob D'Amico, Jr.
Frank J. D'Amico, Jr., APLC
622 Baronne St.

2nd Fl.
New Orleans, LA 70113

Salvador E. Gutierrez, Jr.
Gutierrez & Hand (Mandeville)
111 N. Causeway Blvd.
Suite 101
Mandeville, LA 70448

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29465

Mark David Plaisance
Mark D. Plaisance, Attorney at Law
P. O. Box 709
Baker, LA 70714

/s/ Robin D. Smith
Robin D. Smith