# Exhibit 8A

*pl. 19*

TC202
N46M5G8
no.1-B
1959

C

Property of the United States Government

CORPS OF ENGINEERS, U. S. ARMY

*86*

## MISSISSIPPI RIVER - GULF OUTLET
### LOUISIANA

*St. BERN*

*Yclbskey*

*MRGO "D" borings*

DESIGN MEMORANDUM NO. 1-B

CHANNELS

MILE 39.01 - MILE 63.77

PREPARED IN THE OFFICE OF THE DISTRICT ENGINEER
U. S. ARMY ENGINEER DISTRICT, NEW ORLEANS
NEW ORLEANS, LOUISIANA

SEPTEMBER 1958

(Revised May 1959)

LMVGU                                         1st Ind
SUBJECT:   Design Memorandum No. 1-B, CHANNELS, Mississippi River-Gulf
           Outlet (NOD ltr 15 Sep 58)

Office, Div Engr, USA Engr Div, LMV, CE, Vicksburg, Miss.   OCT 24 1958

TO:  CofEngrs
     ATTN:  ENGMR & ENGWE

     1.  Approval of Design Memorandum No. 1-B, Channels, Mississippi
River-Gulf Outlet, is recommended subject to the inclosed comments.

     2.  Submission of subject design memorandum in advance of Design
Memorandum No. 2, General Design, was approved by 2d Ind, ENGWE, dated
19 February 1958 on letter, LMNGO, dated 3 February 1958, subject,
"Revision of Design Memoranda Submission Dates - Mississippi River-Gulf
Outlet". The principal reasons for deferring submission of the general
design memorandum, as given in basic letter cited above, are completion
of the test pit program and the other studies required to fix the channel
location across open water (Chandeleur Sound), and to permit local
interests and the U.S. Fish and Wildlife Service to complete studies
underway.

     3.  Telegraphic advice of action taken is requested.

          FOR THE ACTING DIVISION ENGINEER:




2 Incls                                    NORMAN R. MOORE
  Withdrawn:                               Chief, Engineering Division
    1.  3 cys
  Added:
    2.  LMVD Comments (Trip)




2

VIEWS OF OTHER AGENCIES

32.  Board of Commissioners, Port of New Orleans.  This state
agency, officially designated by the Governor of the State of Louisiana
as the agency to furnish the required "local cooperation" for the project,
has approved the channel alignment set forth in this design memorandum.
In letter dated 3 April 1957 the Board furnished the following reply
to an inquiry from this office:

"I am authorized to advise you that, so far as the legal powers
and jurisdiction of this Board permit, the project as planned and as
indicated on the quadrangle maps of the U.S. Geological Survey and
your print File No. J-15-20679 are satisfactory to this Board subject
to the plan and condition of the Permit issued to this Board by your
office under date of September 28, 1956, and, further, subject to such
modification, as may be found necessary as the result of negotiations
for acquisition of rights-of-way."  The area covered by the permit is
in the vicinity of the Inner Harbor Navigation Canal, adjacent to the
western limits of work covered by Design Memorandum No. 1-A.  The
Board has been furnished maps indicating the required rights-of-way as
far south as Bayou La Loutre and is making arrangements for acquisition
as far south as Bayou Yscloskey (Shell Beach).

33.  Wildlife and Fisheries Commission, State of Louisiana.
This agency has expressed concern as to the probable effects of the
channel to the fish and wildlife values of the area traversed.  It
has recommended that the alignment be changed to traverse the open
waters of Lake Borgne.  The change in alignment was rejected on the
basis that numerous routes were considered prior to congressional author-
ization and that all routes traversing the open waters of Lake Borgne
were eliminated as undesirable.  Experience indicates that channels should
be sited through land cuts or provided with effective barriers in shallow
exposed coastal lakes and sounds.  The route adopted makes maximum use of
land cuts and traverses a minimum length of shallow sound crossing of the
routes considered.

34.  St. Bernard Parish Police Jury.  This is the governing
authority for St. Bernard Parish.  The larger part of the project is
located in St. Bernard Parish.  In letter dated 5 June 1957, the Presi-
dent of the Police Jury stated the following:

"This is to inform you that officials of the Parish of St. Bernard
are not in agreement with recommendations of the Commission (Wildlife
and Fisheries Commission, State of Louisiana).  We would appreciate
your action in keeping this office informed of any developments altering
plans for the present Deep Water Channel."

35.  U.S. Dept. of Interior Fish and Wildlife Service.  This
agency has expressed concern as to the probable effects the channel
will have on the Fish and Wildlife values of the area traversed.  The
planning is being coordinated with the Service and funds in the amount
of $5,000 were made available to the Service in fiscal year 1958 to

8

Rev. 5/8/59

aid in developing a detail plan that would minimize any probable detrimental effects. The Service prepared an "Interim Report on Fish and Wildlife Resources and an Outline of Proposed Fish and Wildlife Studies" in April 1958. The report which outlines the existing conditions concludes that sufficient data are not available upon which to predict the effects of the project and recommends extensive environmental and model studies be made covering a period of several years and costing upwards of $500,000 exclusive of the model. Subsequent conferences and discussions have demonstrated that the model study is impracticable and it has been eliminated. Tentative agreement has been reached on a plan for submission of interim fish and wildlife reports covering sections of the channel, such reports to contain recommendations for remedial measures for protection of fish and wildlife values. The amount of $64,400 is tentatively made available to the Service in fiscal year 1959 for the studies on a reimbursable basis.

By letter dated 5 January 1959, the Service furnished a preliminary draft of an interim report on the reach between Highway No. 47 (Paris Road) and Bayou Dupre. The report contained the following recommendations:

1. Spoil be contained within designated spoil areas by construction of retention dikes;

2. Excess water from spoil areas be discharged only into Bayou Bienvenue, Bayou Villere, Bayou Dupre, and/or into the excavated access channel;

3. Weirs for spoil discharge be located so they will be as far from the point of spoil discharge as practical;

4. Weirs be designed with as high crest elevation as engineeringly feasible to encourage maximum spoil retention;

5. Bayou Villere be excluded from the spoil areas by construction of parallel dikes on either side of the bayou channel;

6. The borrow pit for construction of back dikes be located on the outside of the spoil areas and kept open in order to provide a connecting channel with all waterways from Bayou Bienvenue to Bayou Villere, to Bayou Dupre;

7. A dike be constructed on the northeast side of the project rights-of-way when, or if, future studies reveal that fish and wildlife habitat northeast of the channel alignment is deteriorating as a result of project construction;

8. Draglines be used to build all retention dikes in order to minimize dispersal of spoil material; and

9. These measures be included in contract specifications for the areas under consideration.

9                                                    Rev. 5/8/59

It is proposed that the foregoing recommendations, except No. 7, be generally incorporated in the plans and specifications of the initial contract for excavation of the reach. Recommendation No. 7 will be considered further, when it becomes apparent that work on the northeast side of the right-of-way is necessary to prevent losses.

36. Department of Highways, State of Louisiana. This agency has assumed responsibility for the acceptance of ownership and maintenance of the bridge along Highway No. 47. It also obligated itself to make any future replacements or alterations that might be required by conditions as they exist at the time of construction, but not as a result of changes or alterations of the waterway facility itself or needs of navigation. The department did not obligate itself to the construction and/or maintenance of any additional structures or to assume any obligations as a result of the construction of the waterway in the vicinity of Shell Beach which severs State Highway No. 46.

## EXCAVATION

37. General. The clays, silts, and sands to be encountered in excavating the channel do not present any unusual problems and can be readily excavated by hydraulic pipeline dredge. The size of the channel makes dragline equipment impractical for this work.

38. Stream closures. Bayous Bienvenue, Villere, Dupre, Yscloskey, and La Loutre, which are navigable channels, will be kept free of spoil and closure dikes. It is planned to close with excavated spoil all streams, bayous, shallow lakes, ponds, and sloughs that lie within the spoil disposal areas south of the channel as indicated on Plates 3 through 9. If found desirable by the U.S. Fish and Wildlife Service for the mitigation of losses, any of the streams, bayous, and sloughs that cross the north right-of-way line of the channel will also be closed by placing suitable plugs between the channel and right-of-way line.

39. Plans and specifications. Plans and specifications will be prepared for performing the work by a hydraulic pipeline dredge on the alignment shown on Plates 3 through 9. The spoil will be confined behind retention dikes to prevent re-entry into the channel. The contractor will be held responsible to keep the spoil from interfering with existing drainage and from extending beyond the specified spoil disposal areas. Typical sections of the proposed channel excavation showing minimum berm distances, spoil disposal requirements, and rights-of-way are indicated on Plate 12. For advance maintenance the contractor will be required to excavate the channel 2 feet below the authorized project depth. An allowable overdepth up to a maximum of 2 feet will also be permitted in order to provide for tidal fluctuations and inaccuracies in dredging operations.

40. Sequence of excavation. It is proposed to excavate the channel between Highway 47 and deep water in Chandeleur Sound in three phases. The first phase will be to excavate an access channel 18 ft. deep by

Rev. 5/8/59