**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COUR
EASTERN DISTRICT OF

2006 SEP 18 P 2:

LORETTA G. WHY
CLERK

Colleen Berthelot, et al

Versus

Boh Brothers Construction Co., L.LC., et al

No. 05-CV-4182

Section "K" (2)
Cons. Katrina Canal

THIS DOCUMENT RELATES TO:
    INSURER DEFENDANTS
    05-6323 "K" VANDERBROOK

Filed: _____        Clerk: _____

## REPLY OF PLAINTIFFS TO
## STATE FARM POST HEARING MEMORANDUM

NOW INTO COURT, through undersigned counsel, come the *Vanderbrook* plaintiffs who submit this brief in response to post-hearing memorandum filed by State Farm.   The Vanderbrook plaintiffs will address each argument of State Farm in turn below.

1.      **Is the flood exclusion ambiguous?  Specifically, does the exclusion clearly refer to floods caused by third-party negligence?**

State Farm plainly admits in its post-hearing brief that "The policy's listing of excluded water perils, examined in isolation, does not define the term "flood" or expressly state whether that term includes only floods caused by natural causes or also includes floods caused by third-party negligence." *Brief,* p.4.  The ISO Insurers also do not define "flood", and all argue that other parts of the policy or even other documents suggest that third-party negligence is implicitly contained in the flood exclusion.  Indeed, the ISO Insurers later argue that, although they contend "flood" is broad enough to apply to third-party negligence, ". . . neither the Water Damage

__ Fee_____
___ Process_____
 X  Dktd _____
____ CtRmDep._____
____ Doc. No._____

Exclusion nor the word "flood" is so broad that it would encompass frequently-occurring events that would not fall within the generally-accepted definition of "flood"." *Page 13.*

The insurers also ignore one of the few illustrative cases from Louisiana, *Riche v. State Farm Fire and Casualty Company,* 356 So.2d 101 (La.App. 1st Cir. 1978), *writ denied,* 358 So.2d 639 (La. 1978). There, the Court explained that "[t]his exclusion, when read as a whole, contemplates only such damage caused by water <u>which has risen over and covered areas not ordinarily covered by water</u>. We find that damage caused by windstorm (or resulting waves) over a body of water, such as a lake or reservoir, does not come within the scope of this exclusion. This interpretation is in line with the rule of construction that exclusionary clauses are strictly construed. See *Bezue v. Hartford Accident and Indemnity Company, Hartford, Connecticut,* 224 So.2d 76 (La.App. 1 Cir. 1969)." (emphasis added). The Louisiana Supreme Court denied writs in *Riche.* 358 So.2d 639 (La. 1978). This case limits the definition of "flood" in a manner that excludes third-party fault.

For reasons known only to the carriers, they chose not to define the word "flood". The nature of their arguments demonstrates that the flood exclusion is ambiguous, particularly when applied to floods caused by third-party negligence. Even assuming for the sake of argument that the weaving of various policy provisions together to create a definition of "flood" was a reasonable interpretation of that policy provision, the law is simple and clear that a policy provision is ambiguous if it has more than one reasonable interpretation. *Carrier v. Reliance Ins. Co.,* 99-2573, p. 12 (La.4/11/00), 759 So.2d 37, 44; *Garcia v. St. Bernard Parish School Bd.,* 576 So.2d 975, 976 (La.1991).

2.    **In the event that third party negligence is excluded with respect to any event causing a flood-i.e., a plane crashing into a water tower causing flooding of a dwelling, is such a result a "reasonable expectation" of a policy holder?**

State Farm makes a huge evidentiary leap and disregards the Court's question in its argument by positing that ". . . a Policyholder Would Have No Reasonable Expectation that Flood Damage Caused by Hurricane Katrina Would be Covered by the State Farm Homeowners Policy." *Brief,* p.10. This matter is at the FRCP 12(b) stage and the analysis is limited, generally, to the pleadings. The cause of the water entering the homes of the plaintiffs has not yet been determined, and is certainly not limited to being "caused by Hurricane Katrina" as State Farm would have it. Portions of man-made floodwalls atop man-made levees failed, and there are allegations and issues regarding the fault of several entities in causing that event that have not yet been subject to the discovery process. The Court's question, apparently, was meant to focus on the fault of those third parties.

The ISO insurers initially dismiss the Court's question as "unnecessary and unwarranted". *Page 9.* They then claim that, in the hypothetical offered by the Court, an exluded "flood" would exist "as long as the volume of water released was substantial enough to cause an inundation." *Page 8.*

On its face the NFIP definition of "flood" does not appear to include third-party fault, and the "reasonable expectation" of any policyholder is that the NFIP policy coverage would start where the homeowner's policy coverage ends. Third-party fault is clearly a covered aspect of the homeowner's policies, as evidenced by the subrogation rights of the insurers after paying a claim (i.e., a faulty oven causes a fire in a home, the homeowner's insurer pays to cover the loss and pursues the oven manufacturer on a subrogation claim).

Using the court's hypothetical facts, no policy holder would reasonably expect that his or her loss is excluded from coverage simply because water from tower destroyed their home, but had the tower itself fallen on their home it would be covered.

3. **If the Court should find the flood exclusion to be ambiguous, would the question of whether a policy holder had a reasonable expectation of coverage go to a jury or does it remain a question of law?**

Plaintiffs submit that, even in the context of a contract dispute such as this, "intent is an issue of fact which is to be inferred from all the surrounding circumstances." *Taylor v. Brandner*, 928 so.2d 751, (La.App. 5 Cir. 4/25/06); *Brennan v Brennan*, 924 So.2d 1067 (La.App. 5 Cir. 2/27/06); see also *Hubbs v. Anco Insulations, Inc.*, 747 So.2d 804 (La.App. 1 Cir. 12/28/99) ("Anco was also required, as mover, to prove that it had a reasonable expectation to coverage. Because the evidence submitted does not establish what Anco's expectation to coverage was, material issues of fact preclude summary judgment on the issue of whether the thirty-six month exclusion for injuries caused by disease contravenes public policy." (Kuhn, concurring)).

4. **Is the anti-concurrent clause applicable if the flood exclusion does not apply to third-party negligence? In other words, if the flood exclusion does not apply to flooding caused by third-party negligence, is the anti-concurrent cause provision irrelevant?**

Neither State Farm nor the ISO Insurers squarely address the issue at the heart of the Court's question: if there is no excluded event involved in causing the loss, does the anti-concurrent clause apply? The language of the clause applies to events in which both excluded and non-excluded events are at issue. If that combination does not exist, the clause is of no moment.

5.  **Is the anti-concurrent clause ambiguous?  Specifically, because the definition of loss is not defined, could an insurer deny coverage *in toto* for a covered peril-i.e., wind-when a dwelling is also damaged by flood waters.   Each side should incisively analyze the language of the exclusion in briefing this issue.**

Plaintiffs disagree with State Farm on the issue of ambiguity of the clause; the clause does not define "loss", which is a key word in the application of the provision.  However, plaintiffs do agree with State Farm in its admission at Pages 16 and 18 of its brief that "the answer to this question is no."  The ISO insurers also concede that "even if excluded water damage happens at the same time, any damage resulting directly from wind, such as wind damage to the roof of a home that is flooded on the first floor, is covered. *Page 19.*

However, just because the insurers are taking a fall-back position in this case does not prevent the Court from finding that the clause is ambiguous in and of itself.

6.  **With respect to Section I Exclusions, No. 2, if the Court finds the flood exclusion not applicable to third party negligence, would a flood occurring because of such third party negligence be an "ensuing loss" and thereby covered?**

Plaintiffs agree with the admission of State Farm that "a flood caused solely by third-party negligence would be covered as an "ensuing loss."" *Brief,* p.20.  Plaintiffs dispute the remainder of State Farm's answer to this question, as it goes beyond the simple issue set out by the Court and reiterates prior arguments.  The ISO insurers also agree that, if the flood exclusion were found to be not applicable to third-party fault, such a flood would be an ensuing loss. *Page 20.*

7.  **Since the policy includes coverage for property "not on the residence premises", is the "property" referred to in Section I Exclusions, No. 2, e.g. "of part or all of any property whether on or off the residence premises," limited to property which may be insured but is not located upon "residence premises."**

Again, the policy fails to define a key word – "property". The phrase "of part or all of any property whether on or off the residence premises" is included only in subsection "c" of Exclusion No. 2, and is limited to those 4 "Faulty, inadequate, or defective" items described in the subsection.

The policy also specifies elsewhere that an insurable interest is necessary required to be had in the property covered by the policy (Section I Conditions, No. 1).

**Conclusion.**

The various insurers have chosen to *not* define certain key words in their policies. Because of this, and for the further reasons set out above and in the prior filings of these plaintiffs, the Motions to Dismiss should be denied.

Respectfully submitted,

Robert Harvey, #18615
2609 Canal Street
New Orleans, Louisiana 70119
504-322-2136

Attorney for *Vanderbrook* Plaintiffs

## Certificate of Service

I hereby certify that a copy of this document has been forwarded to all counsel of record and unrepresented parties by proper electronic means or by depositing same postage prepaid in the United States mail, this _18_ day of _Sept_ , 2006.