

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 24  A 9 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **XAVIER UNIVERSITY OF LOUISIANA** | **CIVIL ACTION NO. 06-0516** |
| **VERSUS** | **SECTION "R" MAG "2"** |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | |

*********************************************************************

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Xavier University of Louisiana ("Xavier") respectfully submits this Motion for Partial Summary Judgment seeking a ruling that, as a matter of law, damages to Xavier's campus following Hurricane Katrina were caused by ground water which came from the collapses of the 17th Street Canal and the London Avenue Canal levees as a result of man-made causes and that such damages are covered under the "all risks" policy of insurance issued to Xavier by defendant Travelers Property Casualty Company of America ("Travelers").

Xavier, in order to protect itself against the risk of various damages, including damages caused by a third party procured an "all risks" policy of insurance from Travelers. After Hurricane Katrina, Xavier made prompt and timely demand on Travelers for coverage, but Travelers unreasonably and in bad faith failed to pay a single penny to Xavier until after this lawsuit was filed.

1

Further, although some funds have been received since suit was filed, Travelers continues to insist that certain losses are excluded from coverage. In particular, Travelers, in its Answer, pled in the Eighth Affirmative Defense that coverage was excluded, in part, for damages caused by a "flood" as that term is defined in the policy. *See* Record Doc. No. 9. For the following reasons, Xavier submits that its losses are not excluded under the policy exclusion for damages resulting from "flood" as that term is purportedly defined in Travelers' policy:

- The United States Army Corps of Engineers has conceded that the failure of the levee protection systems at the 17th Street Canal and the London Avenue Canal was caused by the levees' inadequate design, planning, and construction.

- The only ground water to inundate the first floor of Xavier's campus came from said levee breaches.

- The Travelers policy is an "all risks" policy of insurance and, as such, provides coverage for any damage to covered property unless caused by an excluded cause of loss, and Travelers cannot prove that Xavier's damages were caused by an excluded cause of loss;

- Under the well-established contractual interpretation doctrines of *ejusdem generis* and *noscitur a soccis*, the term "flood" must be interpreted in light of the other terms contained in the exclusion and the terms used refer to naturally occurring events; therefore, "flood" does not apply to water inundation resulting from man-made causes; and

- The flood exclusion is ambiguous as a matter of law because it fails to distinguish between naturally occurring and man-made events.

2

Additional reasons supporting the relief requested are set forth in the attached memorandum in support of this motion. Upon consideration of these issues, Xavier respectfully requests that this Honorable Court enter partial summary judgment in its favor and against Travelers and hold, as a matter of law, that the Travelers' policy's "flood" exclusion is inapplicable to Xavier's damages arising from Hurricane Katrina.

Respectfully Submitted:

*/s/ James M. Garner*

JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Motion for Partial Summary Judgment has been served upon:

> Ralph S. Hubbard, III
> Simeon B. Reimonenq, Jr.
> 601 Poydras St., Suite 2775
> New Orleans, LA   70130
> Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this 24 day of August 2006.

_____
JAMES M. GARNER