UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **XAVIER UNIVERSITY OF LOUISIANA** | **CIVIL ACTION NO. 06-0516** |
| **VERSUS** | **SECTION "R" MAG "2"** |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Xavier University of Louisiana ("Xavier") respectfully submits this Statement of Uncontested Material Facts in Support of its Motion for Partial Summary Judgment:

1. Xavier procured from Travelers a policy bearing number Y-630-528d9763-TIL-04 ("the Policy"), a copy of which is attached hereto as Exhibit 1.

2. The Policy contained a Deluxe Property Coverage Form that provided "all risks" coverage "for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."

3. The Policy defined Covered Causes of Loss as:

> Risks of **DIRECT PHYSICAL LOSS** unless the loss is: Excluded in Section B., Exclusions; Limited in Section C., Limitations; or Excluded or limited in the Declarations or by endorsements.

1

      Emphasis added. A copy of the Policy is attached to Xavier's Memorandum in Support of its Motion for Summary Judgment as Exhibit 1.

4. The Policy also contained the following exclusion for damages caused by "flood":

> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that has contributed concurrently or in sequence to the loss.
>
> ...
>
> g. Water
> (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
> (2) Mudslide or mudflow;
> (3) Water under the ground surface pressing on, or flowing or seeping through:
>     (a) Foundations, walls, floors or paved surfaces;
>     (b) Basements, whether paved or not; or
>     (c) Doors, windows or other openings.

5. Hurricane Katrina struck the City of New Orleans on August 29, 2005, causing substantial damage to Xavier's campus.

6. Xavier made demand on Travelers to adjust its losses arising out of Hurricane Katrina.

7. Travelers failed to pay a single penny in coverage until after Xavier commenced the instant litigation in February 2006.

8. All ground water that entered the first floor of Xavier's buildings came from the levee breaches at the 17th Street Canal and the London Avenue Canal.

9. No ground water entered the Xavier buildings' first floors before the levee breaches

at the 17th Street Canal and the London Avenue Canal.

10. The levee breaches at the 17th Street Canal and the London Avenue Canal were the result of man-made causes, not natural causes.

Respectfully Submitted:

*/s/ James M. Garner*

JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
KEVIN M. MCGLONE, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Statement of Uncontested Material Facts in Support of Motion for Partial Summary Judgment has been served upon:

Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA 70130
Attorneys for Travelers Property Casualty Company of America

by placing same in the United States Mail, postage prepaid, this 24 day of August, 2006.

JAMES M. GARNER