

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 SEP 20  PH 4: 14

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | **CIVIL ACTION** **NO. 05-4182** **JUDGE DUVAL** |
| VERSUS | * * | **MAG. WILKINSON** |
| | * | |
| PERTAINS TO: LEVEE        (06-4065, CATHY ADAMS) | * * * | |

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), which, for its Answer to the Class Action Complaint for Damages (the "Complaint") filed by Plaintiffs Cathy Adams, et al., purportedly for themselves and all others similarly situated, (collectively, the "Plaintiffs"), respectfully responds to the particular paragraphs of the Complaint as follows:

1.

Paragraph 1 contains no factual allegations directed at St. Paul or any other party, but only identifies the parties who are named Plaintiffs in this suit. Consequently, this paragraph

_____ Fee_____
_____ Process_____
_X_ Dktd _____
_____ CtRmDep_____
_____ Doc. No_____

requires no response from St. Paul.  To the extent a response from St. Paul may be deemed

necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to

justify a belief as to the truth of the matters asserted therein.

2.

To the extent the allegations in Paragraph 2 are directed at St. Paul, those allegations are

denied.  To the extent the allegations in this paragraph are directed at any other party, they are

denied for lack of sufficient information to justify a belief as to the truth of the matters asserted

therein.

3.

The Complaint contains no paragraph numbered 3.

4

To the extent the allegations in Paragraph 4 are directed at other defendants, St. Paul

denies those allegations for lack of sufficient information to justify a belief as to the truth of the

matters asserted therein.  To the extent the allegations in this paragraph are directed at St. Paul,

they are admitted.

5.

In response to Paragraph 5, St. Paul admits that the Plaintiffs allege damages in excess of

$75,000 exclusive of interest and court costs as to themselves and each proposed class member,

but denies for lack of sufficient information to justify a belief as to the truth of the matters

asserted therein the merits of this allegation.

6.

The assertions in Paragraph 6 constitute a legal conclusion to which no response from St.

Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court

possesses jurisdiction over this dispute under federal question jurisdiction and/or the Class

Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(2).

7.

The assertions in Paragraph 7 constitute a legal conclusion to which no response from St.

Paul is required.  To the extent a response is deemed necessary, St. Paul admits that the Plaintiffs

allege damages in excess of $5 million, exclusive of interest and court costs, but denies for lack

of sufficient information to justify a belief as to the truth of the matters asserted therein the

merits of this allegation.  St. Paul further admits that this Court possesses jurisdiction over this

dispute under the Class Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(2) and/or federal

question jurisdiction.

8.

The assertions in Paragraph 8 constitute a legal conclusion to which no response from St.

Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in

this paragraph for lack of sufficient information to justify a belief as to the truth of the matters

asserted therein.

9.

St. Paul denies the allegations in Paragraph 9 for lack of sufficient information to justify a

belief as to the truth of the matters asserted therein.

10.

St. Paul denies the allegations in Paragraph 10 for lack of sufficient information to justify

a belief as to the truth of the matters asserted therein.

11.

St. Paul denies the allegations in Paragraph 11 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

12.

St. Paul denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

St. Paul denies the assertions in Paragraph 13 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

St. Paul denies the allegations in Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

St. Paul denies the allegations in Paragraph 15 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

St. Paul denies the allegations in Paragraph 16 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

St. Paul denies the allegations in Paragraph 17 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

St. Paul denies the allegations in Paragraph 18 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

St. Paul denies the assertions in Paragraph 19 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

The assertions in Paragraph 20 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

21.

The assertions in Paragraph 21 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

The assertions in Paragraph 22 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

Paragraph 23 contains no factual allegations directed at St. Paul or any other party, but only identifies the nature of the suit that Plaintiffs seek to bring. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

24.

Paragraph 24 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response from St. Paul is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

25.

Paragraph 25 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response from St. Paul is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

26.

Paragraph 26 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul. To the extent a response from St. Paul is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

27.

St. Paul denies the allegations in Paragraph 27 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

28.

The allegations of Paragraph 28 are not directed at St. Paul and, therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 28 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

29.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 29.  To the extent directed at other defendants, St. Paul denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

30.

The allegations of Paragraph 30, including all of its sub-parts, are directed at defendants other than St. Paul and, therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 30 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

31.

The assertions in Paragraph 31 constitute a legal conclusion and are not directed at St. Paul.  Therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 31 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

32.

The assertions in Paragraph 32 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 32 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

33.

The assertions in Paragraph 33 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 33 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

34.

The assertions in Paragraph 34 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 34 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

35.

The assertions in Paragraph 35 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 35 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

36.

The assertions in Paragraph 36 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 36 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

37.

The assertions in Paragraph 37 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 37 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

38.

The assertions in Paragraph 38 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 38 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

39.

The assertions in Paragraph 39 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 39 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

40.

The assertions in Paragraph 40 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 40 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

41.

The assertions in Paragraph 41 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 41 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

42.

The assertions in Paragraph 42 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 42 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

43.

The assertions in Paragraph 43 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 43 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

44.

The allegations of Paragraph 44 are not directed at St. Paul and, therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 44 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

45.

The assertions in Paragraph 45 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 45 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

46.

The assertions in Paragraph 46 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 46 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

47.

The allegations of Paragraph 47 are not directed at St. Paul and, therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 47 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

48.

The assertions in Paragraph 48 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 48 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

49.

The allegations of Paragraph 49 are not directed at St. Paul and, therefore, no response from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 49 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

50.

The allegations of Paragraph 50 are not directed at St. Paul and, therefore, no response

from St. Paul is required.  To the extent a response from St. Paul may be deemed necessary, St.

Paul denies the allegations in Paragraph 50 for lack of sufficient information to justify a belief as

to the truth of the matters asserted therein.

51.

The assertions in Paragraph 51 constitute a legal conclusion and are not directed at St.

Paul.  Therefore, no response from St. Paul is required.  To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 51 for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.

52.

The assertions in Paragraph 52 constitute a legal conclusion and are not directed at St.

Paul.  Therefore, no response from St. Paul is required.  To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 52 for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.

53.

The assertions in Paragraph 53 constitute a legal conclusion and are not directed at St.

Paul.  Therefore, no response from St. Paul is required.  To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 53 for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.

54.

The assertions in Paragraph 54 constitute a legal conclusion and are not directed at St.

Paul.  Therefore, no response from St. Paul is required.  To the extent a response from St. Paul

may be deemed necessary, St. Paul denies the allegations in Paragraph 54 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

55.

The assertions in Paragraph 55 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in Paragraph 55 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

56.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 56. To the extent directed at other defendants, St. Paul denies the allegations in Paragraph 56 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

57.

St. Paul denies the allegations set forth in Paragraph 57.

58.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 58. To the extent directed at other defendants, St. Paul denies the allegations in Paragraph 58 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

59.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 59. To the extent directed at other defendants, St. Paul denies the allegations in Paragraph 59 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

60.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 60.  To the extent directed at other defendants, St. Paul denies the allegations in Paragraph 60 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

61.

To the extent directed at St. Paul, St. Paul denies the allegations in Paragraph 61.  To the extent directed at other defendants, St. Paul denies the allegations in Paragraph 61 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

62.

Paragraph 62 contains no factual allegations against St. Paul and, therefore, requires no response from St. Paul.  To the extent a response from St. Paul is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

63.

Paragraph 63 contains no factual allegations directed at St. Paul, but only a request for jury trial.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph.

64.

Paragraph 64 contains no factual allegations directed at St. Paul, thereby requiring no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matter asserted therein.

65.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief.  Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW**, in further answer to the Petition, St. Paul asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

## SECOND DEFENSE

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

To the extent any alleged insured of St. Paul has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Sewerage and Water Board of New Orleans in its Answer (and/or any supplement thereto) to the Plaintiffs' Petition to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## FIFTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners of the Orleans Levee District Sewerage in its Answer (and/or any supplement

thereto) to the Plaintiffs' Petition to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## SIXTH DEFENSE

St. Paul did not insure the Sewerage and Water Board of New Orleans at the time of the events alleged in the Petition.  Therefore, St. Paul has no liability for any liability owed by the Sewerage and Water Board of New Orleans.

## SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by any alleged policy of liability insurance issued by St. Paul in favor of the Sewerage and Water Board of New Orleans (the "Alleged Policy") and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Alleged Policy.

## EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Alleged Policy.

## NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Alleged Policy.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "property damage" within the meaning of the Alleged Policy.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Alleged Policy is legally obligated to pay as damages for covered property damage that happened while the Alleged Policy was in effect and that was caused by an event.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any exclusion in the Alleged Policy concerning expected or intended bodily injury or property damage.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any exclusion in the Alleged Policy concerning impaired property.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any work-product exclusion(s) in the Alleged Policy.

### FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any exclusion in the Alleged Policy concerning pollution injury or damage.

### SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any exclusion in the Alleged Policy concerning pollution work loss, cost or expense.

### SEVENTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by any exclusion in the Alleged Policy concerning mold or other fungi.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a known loss, a known risk or otherwise arose out of non-fortuitous events.

### NINETEENTH DEFENSE

Any liability by St. Paul under the Alleged Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

### TWENTIETH DEFENSE

Any liability by St. Paul under the Alleged Policy is subject to any other insurance the alleged insured may have.

## TWENTY-FIRST DEFENSE

Any liability St. Paul may have under any Alleged Policy is subject to any and all deductibles and self-insured retentions applicable to a claim.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by pre-existing conditions over which the alleged insured had no control and for which St. Paul and the alleged insured are not responsible and may not be held liable.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Alleged Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained or increased the hazard thereof.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Petition were in violation of public policy or law.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-NINTH DEFENSE

If and to the extent St. Paul has any liability under the Alleged Policy, such liability should be excluded or reduced to the extent that the alleged insured has other insurance applicable to the claims in the Petition.

## THIRTIETH DEFENSE

If and to the extent St. Paul has any liability under the Alleged Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Alleged Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Alleged Policy.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the alleged insured failed to comply with all of its duties and obligations under the Alleged Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Alleged Policy might apply.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the alleged insured failed to meet all of the conditions precedent under the Alleged Policies.

### THIRTY-THIRD DEFENSE

The Petition fails to state a cause of action against St. Paul for attorney's fees.

### THIRTY-FOURTH DEFENSE

The Petition is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Alleged Policy, or the applicable law, St. Paul has in response to the Petition. St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Petition once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____

RALPH S. HUBBARD III, T.A., Bar. #7040
JOSEPH P. GUICHET, Bar #24441
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forwarded to all counsel of record

via U.S. mail, postage prepaid, this 20th day of September, 2006.

_____