UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K"(2) |
| | * | |
| PERTAINS TO LEVEE: | * | JUDGE DUVAL |
| | * | |
| O'DWYER, NO. 05-4181 | * | MAG. WILKINSON |
| | * | |

**MEMORANDUM IN OPPOSITION TO NON-PARTIES'**
**SECOND MOTION TO CONTINUE MOTION HEARING**

May it please the Court:

CSX Transportation, Inc. ("CSXT") and CSX Corporation ("CSXC"), defendants in Civil Action 05-4181, oppose the motion, filed by non-parties to this civil action, to continue the October 4, 2006, hearing of three motions filed by CSXT and CSXC. This memorandum is being filed on the same day that the movers learned of the motion to continue.

On August 29, 2006, CSXT and CSXC filed three motions and noticed them for hearing on the Court's next available hearing date, September 20, 2006: Motion to Sever, filed by CSXT and CSXC, Dkt. No. 1044; Motion to Dismiss, filed by CSXT, Dkt. No. 1045; and Motion to Dismiss, filed by CSXC, Dkt. No. 1046. At the request of the plaintiffs' lawyer in No. 05-4181

920547-1

(Ashton R. O'Dwyer), CSXT and CSXC agreed not to oppose a continuance of the September 20 hearing to October 4, 2006. On September 13, 2006, the plaintiffs in No. 05-4181 filed "Unopposed Ex Parte Motion to Continue Hearings on Motion[s]" from September 20, 2006, to October 4, 2006. Dkt. No. 1204. The Court granted that motion to continue, re-setting the hearing of the three CSX motions to October 4, 2006. Dkt. 1205 (signed September 19, 2006, ent. September 20, 2006).

Meanwhile, on September 19, 2006 (the eve of the September 20 hearing), the plaintiffs in Civil Actions 06-5132, *Ferdinand v. Port of New Orleans, et al.*, and 06-5137, *Williams v. Port of New Orleans, et al.* ("the Ferdinand-Williams plaintiffs"), although not parties to No. 05-4181, nonetheless filed motions in No. 05-4181 to continue without date the September 20 hearing of the CSX motions. Dkt. Nos. 1220 & 1222. The Court denied the non-parties' motion to continue, and wrote on the motion, "The motion is presently set for October 4, 2006. These plaintiffs may file Amicus Curiae no later than September 26, 2006." Dkt. 1223 (order signed September 20, 2006, ent. September 22, 2006).

The Ferdinand-Williams plaintiffs apparently filed a second continuance motion in No. 05-4181 on September 22, 2006, asking for a continuance of the October 4 hearing of the three CSX motions.[1] CSXT and CSXC strongly oppose any such motion. The Ferdinand-Williams plaintiffs will have had the same amount of time to prepare an opposition memorandum as every other party to civil litigation in the Eastern District of Louisiana. The Ferdinand-Williams

---

[1] CSXT and CSXC necessarily make this representation in reliance solely on the basis of a phone call this morning (September 26, 2006) with William C. Gambel, counsel of record for the Ferdinand-Williams plaintiffs. CSXT and CSXC have never been served with or otherwise seen a copy of this latest continuance motion – although Mr. Gambel was advised in court on September 20, 2006, that CSX would oppose any continuance of the October 4 hearing date -- and no such motion has appeared on the court's on-line docket sheet.

plaintiffs learned no later than September 19, 2006, of the motions filed in No. 05-4181 by CSXT and CSXC.  *See* No. 05-4181, Dkt. No. 1220 (their supporting memorandum, dated September 19, 2006) (and they also acknowledge in Dkt. 1220 that they were aware of No. 05-4181 as early as August 28, 2006, when they filed the Ferdinand-Williams complaints).  The Ferdinand-Williams plaintiffs have therefore had at the very least seven calendar-days to prepare a memorandum (September 19-26) – the same amount of time given to every party opposing a motion.  *See* Uniform Local Rules 7.2E & 7.5E.  Therefore these non-parties will have had the same allotment of time to file a memorandum as the No. 05-4181 parties themselves, and no additional time is warranted.

Furthermore, the Ferdinand-Williams plaintiffs have no basis or justification whatsoever to file any paper or make any argument against CSX in No. 05-4181, because the *Ferdinand* plaintiffs are making different allegations against CSX from those made by the plaintiffs in No. 05-4181, and the *Williams* plaintiffs are making no allegations against CSX at all.  The Ferdinand-Williams plaintiffs therefore have no basis to interfere in No. 05-4181 and certainly no basis to ask the Court to delay the proceedings.

The plaintiffs in No. 05-4181 allege that CSXT/CSXC negligently built, maintained, and failed to close "penetrations" of a flood wall (referring to CSXT's track and roadbed).  *See* No. 05-4181, Dkt. 641 (twelfth amended complaint), ¶ XIXXV.  The *Ferdinand* plaintiffs, by contrast, do not allege that CSXT/CSXC negligently built, maintained, and failed to close any flood wall.  The *Ferdinand* plaintiffs allege only that CSXT damaged a flood wall while operating a train on September 11, 2004. See No. 06-5132, Dkt. 1 (the Complaint), ¶¶ 4, 14, 30,

36.[2]   The plaintiffs in *Williams*, No. 06-5137, are not even suing CSX: the complaint in *Williams* does not name any CSX entity as a defendant and does not make a single allegation against any CSX entity.  See No. 06-5137, Dkt. 1 (the complaint).  The *Williams* plaintiffs therefore should not be allowed to file a brief or take any other action whatsoever against any CSX entity in No. 05-4181 or any other civil action.

Thus, *Ferdinand* is making a completely different claim against CSXT from the claim made in No. 05-4181, and *Williams* is making no claim against CSXT at all.  There is no justification for the plaintiffs in either *Ferdinand* or *Williams* to file, argue, or delay the proceedings in 05-4181 in any way whatsoever.  And finally, neither *Ferdinand* nor *Williams* names CSXC as a defendant (nor does any other action commenced by Mr. Gambel, as far as CSX has been able to determine), and therefore the Ferdinand-Williams plaintiffs should not be allowed to delay the hearing of CSXC's motion for dismissal for lack of proper service and lack of subject-matter jurisdiction.

## Conclusion

The continuance sought by the plaintiffs in Civil Actions 06-5132 and 06-5137 – the Ferdinand-Williams plaintiffs – is unjustified and unnecessary.  The *Ferdinand* plaintiffs are

---

[2] The allegation is not correct, incidentally.  Counsel for CSX (Brent A. Talbot) faxed a letter on September 20, 2006, to counsel for the Ferdinand-Williams plaintiffs (Mr. Gambel) pointing out the affidavit of Jim Bridger of New Orleans Public Belt, attached as an exhibit to a summary-judgment motion filed by the Public Belt in *Board of Commissioners of the Orleans Levee District v. City of New Orleans, et al.*, Civil District Court No. 2004-17143.  The affidavit says that the Public Belt was operating the train: "3. On September 11, 2004, some of the rail cars in a train operated by Public Belt employees derailed near the Industrial Canal in New Orleans, Louisiana." and "4. At least one of the derailed cars struck and damaged Floodgate W-30 and the support system of that floodgate, causing damage to the structure."  The letter asked that the *Ferdinand* plaintiffs' action against CSX (and all other actions against CSX arising out of the misinformation about the accident) be dismissed.

making completely different claims against CSX from those in No. 05-4181, and the *Williams* plaintiffs are not making any claims against CSX at all (and neither set of plaintiffs makes any claims against CSXC).  Even if the Ferdinand-Williams claims had some relation to the claims in No. 05-4181, no continuance should be granted because the Ferdinand-Williams plaintiffs have had the full allotment of time to prepare a memorandum in opposition.  The Court's denial of the non-parties' motion to continue, Dkt. 1223, shows that the October 4 hearing date is fair and reasonable.  Indeed, October 4, 2006, will be more than five weeks after CSXT and CSXC filed their motions, and CSXT and CSXC respectfully suggest that their interest in a reasonably prompt hearing should be assigned more weight than non-parties' request for further delay.  CSXT and CSXC strongly oppose any motion to continue the hearing date of October 4, 2006, and ask that this Court deny any such motion.

          s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
    -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075
    and
ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
    -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana  70508
Telephone:  (337) 981-5293
Telefax:  (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC. and CSX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall