UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION | CIVIL ACTION <br> * <br> NO. 05-4182 "K" (2) <br> * |
| PERTAINS TO LEVEE: | *   JUDGE DUVAL |

| | |
|---|---|
| O'DWYER, | NO. 05-4181 |
| KIRSH, | NO. 05-6073 |
| TAUZIN, | NO. 05-4182 |

| | |
|---|---|
| NO. 06-5116 (SIMS) | NO. 06-5134 (CHRISTOPHE) |
| NO. 06-5118 (RICHARD) | NO. 06-5137 (WILLIAMS) |
| NO. 06-5142 (AUGUSTINE) | NO. 06-5127 (DEPASS) |
| NO. 06-5132 (FERDINAND) | NO. 06-5128 (ADAMS) |
| NO. 06-5131 (BOURGEOIS) | NO. 06-5140 (PORTER) |

**MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER DISMISSING CLAIMS
AGAINST THE LOUISIANA DODT OR ALTERNATIVELY AMENDING THE
CONSOLIDATION ORDERS ENTERED IN THEIR CASES**

Plaintiffs, Sims, et al, Case No. 06-5116, Christophe, et al, Case No. 06-5134, Richard, et al, Case No. 06-5118, Williams, et al, Case No. 06-5137, Augustine, et al, Case No. 06-5142, DePass, et al, Case No. 06-5127, Ferdinand, et al, Case No. 06-5132, Adams, et al, Case No. 06-5128, Bourgeois, et al, Case No. 06-5131, Porter, et al, Case No. 06-5140, Plaintiffs, file this memorandum in support of the their Motion to Reconsider this Court's Order and Reasons granting the Motion of the Louisiana

Department of Transportation (DOTD) to Dismiss the Complaints and Amended Complaints filed in O'Dwyer, C.A. No. 05-4181, Kirsh, C.A. No. 05-6073 and Tauzin, C..A. No. 05-4182, under the Eleventh Amendment or enter the appropriate order under FRCP 42(a) that the Court's Order and Reasons does not apply to Movers' cases, consolidated after the Motion to Dismiss the DOTD has been submitted, given they have not been heard on the issues presented. For the reasons set forth herein, sovereign immunity was waived in the Louisiana Constitution of 1974, Article 10 A, and given that waiver, neither the Eleventh Amendment nor the state venue statute, La. R. S. 13:5106(A) defeat this Court's Article III original jurisdiction founded on federal question or supplemental jurisdiction over state law claims under 28 U.S.C. 1367, which are so related to claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

**Summary of the Argument**

The Eleventh Amendment does not defeat federal jurisdiction when there has been "a surrender of immunity" to quote Federalist 81, cited in articulating the rule in *Principality of Monaco v. State of Mississippi*, 292 U.S. 313, 322, 3.(1934) The issue of sovereign immunity is an essential postulate for jurisdiction under Article III, but is no bar, where as here, the immunity is waived as it was by adoption of the La. Constitution of 1974, Section 10A, and the State has consented to be sued.

The two Fifth Circuit cases cited by Judge Fallon in *Lambert v. Kenner*, 2005 WL 53307 (E.D.La. 2005), *Perez v. Region 20 Educ. Service Center*, 307 F3d 318 (5th Cir.; 2002) and *Mohlor v. Mississippi*, 782 F2d 1291 (5th Cir.; 1986) involved Mississippi Law, the waiver of immunity in La. Const 1974, Section 10A was not implicated. In

2

addition, the decision in *McKay v. Boyd Construction Company Inc.*, 769 F2d 1084 (5th. Cir.; 1985) on which *Mohlo*r relied, was abrogated by *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, (1998).

Such is the case particularly as to Movers' cases, in which federal question and supplemental jurisdiction is asserted and to the extent the moving plaintiffs are Louisiana citizens.

### Law & Argument

By its literal terms the Eleventh Amendment bars actions on diversity – cases brought by citizens of another state or a foreign state against a state. It does not defeat original or supplemental jurisdiction, or even diversity when brought by citizens of the same state as the state sued. The original jurisdiction of the Federal courts under Article III, Section 2[1], survived the subsequent adoption of the Eleventh Amendment. A federal court has federal question jurisdiction over claims against a state. This is not to say that sovereign immunity is trumped by Article III in federal question cases, at least five of nine justices on the Supreme Court have so held, against a vigorous dissents[2], in a string of cases, ending with *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Both sides of the debate agree, however, that there is no bar to federal jurisdiction when the sovereign immunity is surrendered, waived or the state consents to be sued, or Congress abrogates the state immunity.

---

[1] "The judicial power shall extend to all Cases, in Law or Equity, arising under the Constitution, the Laws of the United States, and the Treaties made, under their Authority."

[2] Eg. Atascadero State Hospital v, Scanlon 473 U.S. 234, 247 (1985) (dissenting); *Welch v. Texas Department of Highway & Public Transportation*, 483 U.S. 468, 496 (1987) (dissenting); *Dellmuth v. Muth*, 491 U.S. 223, 233 (1989)(dissenting); *Port Authroity Trans-Hudson Corp v. Feen,y* 495 U.S., 299, 309 (1990)(concurring). See *also Pennsylvania v. Uniton Gas Company*, 491 U.S. 1, 23 (1989)

3

The Eleventh Amendment was adopted by Congress in response to the holding in *Chisolm v. Georgia,* 2 Dall. 419, 1 L.Ed. 440 (1793) that the Supreme Court had diversity jurisdiction over suit by a North Carolina citizen against the State of Georgia. It was enacted in preference to other measures which would have had a broader effect.[3] As Chief Justice Marshall viewed the Eleventh Amendment then, it did restrict federal question jurisdiction under Article III, "the judicial power was extended to all cases arising under the Constitution or laws of the United States, without respect to parties." *Cohens v. Virginia,* 19 U.S. (6 Wheat ) 264, 412 (1821).

Restrictions on suits against such states do not rest on the Eleventh Amendment at all. When enacted the State Constitutions and Charters of the various states contained sovereign immunity clauses, precluding actions by a states own citizens. In the Judiciary Act of 1786, the particular Laws of the United States invoked by Article III, federal jurisdiction was made concurrent with state court jurisdiction. State immunity was thus ingrained in Article III. As the Supreme Court in *Monaco v. Mississippi, supra,* said of federal jurisdiction under Article III, "(b)ehind the words are essential postulates which limit and control". The essential postulate was said to be justiciability. "There is also the postulate that the States of the Union still possessing attributes of sovereignty shall be immune form suit without their consent." *Id.* In a more recent case it was said that "the principle of sovereign immunity [reflected in the Eleventh Amendment ] is a constitutional limitation on federal judicial power established in *Article III. . . . sovereign*

---

[3] If the Framers had meant the Amendment to bar federal-question suits as well, they could not only have made their intentions clearer very easily, but could simply have adopted the first post- *Chisholm* proposal, introduced in the House of Representatives by Theodore Sedgwick of Massachusetts on instructions from the Legislature of that Commonwealth. Its provisions would have had exactly that expansive effect." Dissent< *Souter, J. Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 1. 11 (1996)

4

*immunity that may be waived"*(Emphasis Added). *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98, 99 (1984)

Thus the question is whether Louisiana has surrendered its sovereign immunity. We agree with Judge Fallon that "DOTD consent must be clearly expressed in order to be regarded as a waiver of its immunity." *Lambert v. Kenner Cit,* 2005 WL 53307, 3, 4. If so, this Court's jurisdiction over federal question and supplemental state law claims, should be sustained.

La. Const 1974 Section 10 (A) is entitled, **"No Immunity in Contract and Tort"**. It states:

> Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

Section 10A is such a waiver. In the context that sovereign immunity was an 'essential postulate that the State of the Union still possessed' and thus inherently restricted the federal jurisdiction, the adoption of Section 10A of the 1974, lifted the bar.

This is clear from the language of the act of Congress by which its jurisdiction was conferred, the Judiciary Act of 1789. The words were these: 'The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, ⋯ arising under the Constitution or laws of the United States, or treaties,' etc.-'Concurrent with the courts of the several States'. Federal Courts had no jurisdiction the state courts did not have.

Thus Congress, in legislating to carry the Constitution into effect, did not intend to invest its courts with any new and strange jurisdictions. The state courts had no power to entertain suits by individuals against a state without its consent. Sovereign immunity

5

barred such actions. Thus the Circuit Court, having only concurrent jurisdiction, had no such power. When the State constitution lifts the proscription, however, the restriction is swept aside and no bar to federal question jurisdiction. After the 1974 Louisiana Constitution, there simply is no sovereign immunity bar to federal court jurisdiction over the State if Louisiana, not in federal question, not supplemental. The restriction survives only in diversity cases – suit by citizens of another state or foreign state, barred by a literal reading of the Eleventh Amendment.

Neither *Perez v. Region 20 Educ. Service Center*, 307 F3d 318 (5th Cir.; 2002) nor *Mohlor v. Mississippi*, 782 F2d 1291 (5th Cir.; 1986) support a contrary conclusion. Both recognized the rule that a state may not be sued in federal court unless "the state consents to suit or the Congress validly abrogates sovereign immunity." Perez turned on whether Region 20 was an arm of the state of Mississippi. No repeal of immunity was implicated. *Mohlor v. Mississippi* cited the absence of "a valid statutory enactment or to official action by the state consenting to be suit in federal court or waiver or its immunity." *Id*. "Therefore, no exception to the Eleventh Amendment bar applies in this case."

Whether the absence of waiver of state sovereign immunity or consent the state's consent to suit is a predicate to federal question jurisdiction has been before the Supreme Court on a number of times. *Cohen v. Virginia, supra*, is one, the first, such occasion. The question was before the Supreme Court again in *Hans v. Louisiana*, 134 U.S. 1 (1890). "The suability of the state without its consent was a thing unknown to the law."] *Id*. p. 15. Hans was applied to preclude suits against the state in admiralty in *Ex parte New York* [No. 1.] 256 U.S. 490 (1921). Again "(t)hat a state may not be sued without its

consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given" *Id.*

In the 1980 four Justices argued that Hans was incorrectly decided, that the Eleventh Amendments was intended only to deny jurisdiction against states in diversity cases and that Hans and its progeny should be overruled. Hans survived, five to four was and withstood challenge in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) again by five to four decision with the four dissenting justices believing Hans was wrongly decided. *Id.*

The Eleventh Amendment provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Although the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, "we have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ··· which it confirms." *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 2581, 115 L.Ed.2d 686 (1991). That presupposition, first observed over a century ago in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), has two parts: first, that each State is a sovereign entity in our federal system; and second, that " '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent,' " *id.,* at 13, 10 S.Ct., at 506 (emphasis deleted), quoting The Federalist No. 81, p. 487 (C.

7

Rossiter ed. 1961) (A. Hamilton). See also *Puerto Rico Aqueduct and Sewer Authority, supra,* at 146 ("The Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity"). For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States." *Hans, supra,* at 15, 10 S.Ct., at 507.[FN7] It restricts the Court's diversity jurisdiction under Article III, clause ..., which otherwise affords federal jurisdiction to "all Cases in Law and Equity, arising under the Constitution , the Laws of the United States and Treaties". It does not defeat federal question jurisdiction under the Judiciary Act of 1786, and its progeny, later amended to grant supplemental jurisdiction to state law claims asserted in an article III case or controversy.

Sovereign Immunity was waived   DOTD is susceptible of suit here. The Court has jurisdiction over Movers' claims.

### Conclusion

The Order and Reason should be reconsidered. The cases cited by the Court in Order and Reasons are not applicable

September 11, 2006.

Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD L.L.P.

William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Telecopy: (504) 569-7001
wgambel@millinglaw.com

8

John J. Cummings, III (LA Bar No. 4652
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 569-0000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com


W353428