**MINUTE ENTRY**
**DUVAL, J.**
**SEPTEMBER 20, 2006**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| **PERTAINS TO: ALL CASES** | **SECTION "K"(4)** |

A status conference was held on September 20, 2006 at 1:00 p.m.

### *Simms* and *DePass* Consolidation

The primary purpose of the conference was to discuss the best course of action with respect to the treatment of *Sims v. Board of Commissioners*, C.A. No. 06-5116 and *DePass v. Board of Commissioners*, C.A. No. 06-5127 which include allegations against the Parish of Jefferson. Because Magistrate Judge Wilkinson must recuse from these cases, a discussion was had as to the appropriate manner to include these cases under the umbrella of this litigation grouping without jeopardizing Judge Wilkinson's ability to act as magistrate judge on the remainder of the cases. The Court was urged to find a way to accommodate the parties as the need for consolidation for pre-trial purposes was seen as crucial. Having heard counsel's concerns, the Court informed counsel that it would issue an order concerning same forthwith.

**Coordination of Litigation With State Court**

Also discussed was the plethora of cases against the Orleans Levee District and the defendants in the levee breach cases filed in state court. The Court again expressed its willingness to meet and coordinate with the state court judge who will be handling those matters. The Court expressed requested that liaison counsel, including Darlene Jacobs who was appointed to monitor this issue, to schedule a meeting with the appropriate state court judge or judges and this Court to pursue this course of action.

**IT IS ORDERED** that Liaison Counsel shall report to the Court by letter **on or before November 1, 2006,** as to the status of this endeavor.

**Mass Joinder Actions**

A number of mass joinder cases have been filed in this Court which have thousands of named plaintiffs. The proper course of action with respect to these suits was discussed. Plaintiffs' Liaison Counsel noted that generally these cases were filed for purposes of interrupting prescription and that many of the plaintiffs seek a resolution of their insurance claims without active litigation. A suggestion made was that these cases could be administratively closed to be re-opened upon proper motion made by any counsel in order to avoid incurring unnecessary expenses. Furthermore, plaintiffs' liaison counsel commented that the appointment of a special master to aid in the mediation of these claims might be beneficial. The Court instructed counsel to make a written proposal to Judge Berrigan with a copy to the undersigned outlining the parameters of such a request for consideration of the Executive Committee of the Eastern District of Louisiana.

**IT IS ORDERED** that Liaison Counsel shall report to the Court by letter **on or before November 1, 2006,** as to the status of this endeavor.

### Extension of Presentation of Discovery Schedule

A proposed schedule concerning discovery was to have been filed by liaison counsel; however, because of the number of motions filed and the complexity of issues, the anticipated time for establishing such a schedule has been effected. Accordingly,

**IT IS ORDERED** that Liaison Counsel shall file a motion seeking an extension of that deadline with a suggestion for a more realistic time to be set for the establishment of a discovery schedule **on or before October 1, 2006**.

### Motions filed in *O'Dwyer*, C.A. No. 05-4181by CSX

It was noted that a Motion to Sever (Doc. 1044), a Motion to Dismiss Under Rule 12(b)(6) (Doc. 1045) and a Motion for Dismiss Under 12(b)(5) (Doc. 1046) are presently set for oral argument on October 4, 2006. William Gambel and John Cummings expressed concern that with respect to the Motion to Dismiss (Doc. 1045), any ruling thereon might have collateral estoppel effect on certain suits that they have filed and as such had filed a Motion to Continue the hearing. The Court learned from counsel for *O'Dwyer* that he had no opposition to a further continuance; however, CSX through its counsel noted that it sought a speedy resolution to these motions. The Court instructed Mssrs. Gambel and Cummings that they would be allowed to file

*amicus curiae* with respect to these motions and that the Court would entertain a motion for a further continuance in the event that they would by unable to file such a pleading by that time.

JS-10: 45 MINS.