FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 28  AM 11:35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLIE SIMS, JR., ROSA MARQUEZ FLOYD S. AARON, III, AND HASSAR SLEEM | * * * | CIVIL ACTION NO. 06-5116 |
| **Plaintiffs** | * | |
| Versus | * | SECTION K |
| THE BOARD OF COMMISSIONER OF THE ORLEANS LEVEE DISTRICT, THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, THE SEWERAGE & WATER BOARD OF THE NEW ORLEANS, THE EAST JEFFERSON LEVEE DISTRICT, THE PARISH OF JEFFERSON, AND THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, | * * * * * * * * * * * | MAGISTRATE 2 |
| **Defendants.** | * | |

**********************************************

### FIRST AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND REQUEST FOR JURY TRIAL

NOW COMES Plaintiffs, Leslie Sims, Jr., Rosa Marques, Floyd S. Aaron, III, Hassar Sleem, and other persons identified in the first allegation the Complaint for Declaratory Judgment and Damages and Request for Jury Trial, residing in, or doing business in Lakeview

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No_____

and Carrollton-Hollygrove areas of Orleans Parish, who suffered damages due to failure of the flood protection system for the New Orleans East Bank polder, and in furtherance thereof, hereby amends the Complaint filed herein on August 28, 2006, by amending paragraph 6 and to add paragraphs 71.1 and 75.1 to 75.10, to wit:

6.

Made defendant herein is the Parish of Jefferson which is charged by its Charter and empowered by law to establish drainage districts to drain lands of the parish via drainage facilities, including canals, ditches, pumps, levees and related works.

71.1

The New Orleans Sewerage and Water Board acquired certain lands from the Jefferson and Lake Pontchartrain Railway Company, by deed recorded in COB 516, folio 12 of Orleans Parish and COB 172, folio 220 in Jefferson Parish. The land acquired forms the 17th Street Canal.

75.1

Under Article 1.01 of the Jefferson Parish Home Rule Charter and Plan of Government,, the Parish is charged to "develop, maintain and operate flood control and surface change programs, works and systems; and cooperate with federal, regional and state agencies in their development, administration and operation".

75.2

In furtherance of the power and authority reposed in it under Article 1.01 the Jefferson Parish Council has established a Drainage Department and appointed a Drainage Director and staffed and operated the drainage department as provide in the Charter, by ordinance and state law.

75.3

In furtherance of the power and authority reposed in it under Article 1.01 and La.R.S. 38:1580, the Jefferson Parish Council has established drainage districts "to drain lands" in the Parish "by building drainage facilities, including canals, ditches, pumps, levees and related works".

75.4

In exercise of its power and authority, the Parish in concert and cooperation with the New Orleans Sewerage & Water Board has exercised control over the 17th Street Canal for its entire length, maintained, repaired and managed same, shared the costs, monitored its banks, and provided for the discharge of drainage into the 17th Street Canal to Lake Pontchartrain.

75.5

Plaintiffs are informed and believe that the Parish of Jefferson owns and possesses a fractional interest in the 17th Street Canal and Hoey Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.

75.6

The Parish of Jefferson knew or should have known that the 17th Street Canal was in a state of disrepair and no longer suitable to contain the rising waters projected to occur.

75.7

The cooperative arrangement and sharing of the 17th Street Canal with the Sewerage & Water Board exists for the common benefit of the Parish of Jefferson and its drainage districts and the New Orleans Sewerage & Water Board; as such it is a joint or common enterprise, under the common administration and control, and common responsibility.

75.8

Parish of Jefferson and New Orleans Sewerage & Water Board are jointly liable for the failure of the east bank of the 17th Street Canal to control its waters during and after Hurricane Katrina.

75.9

The Parish of Jefferson owns and possesses a fractional interest in the 17th Street Canal and Hoey Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.

75.10

The Sewerage & Water Board owns and possesses a fractional interest in the 17th Street Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.

75.11

The Sewerage & Water Board is further at fault in failing to accommodate the closure of the 17th Street Canal by arresting the drainage of water, but exacerbating the problem by continuing to operate the pumps accelerating water volume in the 17th Street Canal beyond its capacity and flooding plaintiffs' property.

WHEREFORE, Plaintiffs pray that the defendants be duly cited to appear and answer this Amended Complaint, and after due proceeding had, there be judgment in Plaintiffs' favor and against defendants.

Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD LLP

William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010

Telephone: (504) 569-7000
Telecopy: (504) 569-7001
wgambel@millinglaw.com

John J. Cummings, III, (LA Bar No. 4652)
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-000
Telecopy: (504) 586-8423
ccdlawfirm@aol.com

W353330

## CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of September, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

_____

W353330