

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 28 AM 11: 27

LORETTA G. WHYTE
             CLERK

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION No. 06-4066 |
| | * * | JUDGE DUVAL MAG. JUDGE WILKINSON |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152 MRGO, *Ackerson*, No. 06-4066 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S EX-PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSES/OPPOSITIONS TO NINE MOTIONS FILED BY THE UNITED STATES OF AMERICA AND THE DREDGING DEFENDANTS AND TO CONTINUE HEARINGS OF THOSE MOTIONS

NOW COMES plaintiffs, Fellosea Ackerson, et al., on behalf of herself and all others similarly situated ("Plaintiff"), and requests an extension of the September 29, 2006 deadline by which he is required to file responses/oppositions to the following motions filed September 15, 2006 by the United States of America and the Dredging Defendants:

1. Defendant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction [FRCP12(b)(1)] (Docket No. 1158);

2. Rule 12(b)(6) Motion to Dismiss and/or Rule 56 Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss MRGO Plaintiffs' Complaints Against Bean Dredging LLC, Stuyvesant Dredging Corp., and Bean Stuyvesant LLC (Docket No. 1155);

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No_____

3. Dredging Defendants' Motion for Judgment on the Pleadings Pursuant to La.R.S. 9:2772 and F.R.C.P. 12(c) (Docket No. 1163);

4. Dredging Defendants' Motion for Judgment on the Pleadings Pursuant to La.R.S. 9:5624 and F.R.C.P. 12(c) (Docket No. 1162);

5. Dredging Defendants' Motion to Dismiss Plaintiffs' Claims Pursuant to F.R.C.P. 12(b)(1) and 12(c) (Docket No. 1160);

6. Dredging Defendants' Motion to Dismiss Pursuant to the Suits In Admiralty Act and F.R.C.P. 12(c) (Docket No. 1161);

7. Dredging Defendants' Motion to Dismiss Plaintiff's Concealment and Implied Claims Pursuant to F.R.C.P. 12(c) and 9(b) (Docket No. 1159);

8. Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action Pursuant to F.R.C.P. 12(c) (Docket No. 1157); and

9. Motion for Dismissal and/or Partial Dismissal on Behalf of Manson Construction Co. and Manson Gulf, LLC (Docket No. 1176).

In support of this motion Plaintiff avers:

1.

The Court has previously entered an Order scheduling dates for filing and responding to motions that require no discovery by the United States of America and the Dredging Defendants. The Order reads, in part, as follows:

**IT IS HEREBY ORDERED** that, with respect to Case Nos. 06-2152 and 06-2824 (collectively the "Reed and Artus Suits") the following deadlines apply:

| September 7, 2006 | Liaison counsel shall identify motions which require discovery and propose an appropriate deadline. |
|---|---|
| September 15, 2006 | Rule 12 Motions and other motions requiring no discovery shall be filed by this date. |
| September 29, 2006 | Responses/Oppositions to motions filed on September 15, 2006, must be filed. |
| October 10, 2006 | Reply Briefs to response/oppositions filed on September 29, 2006, but be filed if needed. |
| October 12, 2006 | Motions filed on or before September 15, 2006, should be noticed for this date at 9:30 a.m. If oral argument is requested and found to be needed, the Court shall reset the hearing on such motion(s) at a special setting considering the numbering of motions and complexity of issues. |

2.

On September 15, 2006 the United States of America filed one motion and the Dredging Defendants filed eight motions, for a total of nine motions to dismiss.

3.

The United States of America and the Dredging Defendants have had several months to prepare those motions.

4.

Due to the number of motions filed and also because of prior commitments in other cases, Plaintiff's undersigned counsel needs a 60-day extension, through and including November 28, 2006, of the current date (September 29, 2006) by which responses/oppositions to the motions must be filed. The two-week period allowed by the present schedule is not sufficient given the number of motions that were filed. Moreover, the Ackerson suit was only filed on August 1, 2006. In fact, many if not most of the defendants have not yet filed answers and others may not have yet been served. These may be necessary and indispensable parties to these motions and they will not have an opportunity to respond. Moreover, the United States of America is not a party defendant to this suit at present.

5.

Upon information and belief, other plaintiff attorney Camilo Salas, has contacted Stephen G. Flynn, counsel for the United States of America, who stated he has <u>no objection</u> to the <u>60-day</u> extension requested for his case. Therefore, if the Court agrees, Plaintiff's request for a 60-day extension to respond to the United States of America's motion can be granted as <u>unopposed</u>.

6.

Upon information and belief, Camilo Salas has also contacted James H. Roussel, liaison counsel for the Dredging Defendants, who, after consulting with other counsel for the Dredging Defendants, stated that <u>none</u> of the Dredging Defendants objected to a <u>30-day</u> extension, but that three of the Dredging Defendants objected to a <u>60-day</u> extension. Therefore, all the Dredging Defendants have consented to a <u>30-day</u> extension, but not to a <u>60-day</u> extension. Undersigned counsel contacted all defendant counsel regarding this matter known to him and was told that the dredging defendants' motions have been extended by the court.

7.

Plaintiff requests that the Court exercise its discretion and grant a <u>60-day</u> extension to respond to the Dredging Defendants' motions. Alternatively, Plaintiff requests at a minimum the <u>30-day</u> uncontested extension.

8.

Plaintiff suggests that a 60-day extension is appropriate because of the number of motions that have been filed, which require a total commitment of time by undersigned counsel

over the next several weeks. The United States of America and the Dredging Defendants have had several months to prepare their motions and Plaintiff is entitled to a similar period to respond. In addition, the outcome of the separate pending motion to dismiss filed by the United States of America in *Robinson*, No. 06-2268, which is scheduled for argument on October 27, 2006, may have an impact on the motions recently filed.

9.

No prior extensions have been requested by Plaintiff.

10.

The continuance hereby requested by Plaintiff also requires that the Court continue the date by which the United States of America and the Dredging Defendants must file their reply briefs.

11.

The Order referred to in paragraph 1 above states that "[i]f oral argument is requested and found to be needed, the Court shall reset the hearing on such motion(s) at a special setting considering the number of motions and complexity of issues." The Dredging Defendants have requested argument on all eight motions filed by them. Plaintiff also believes that argument is necessary. Therefore, the October 12, 2006 hearing date should be continued to another date convenient to the Court after the United States of America and the Dredging Defendants have filed their reply briefs.

12.

The nine motions filed September 15, 2006 by the United States of America and the Dredging Defendants are directed to the plaintiffs in *Reed* (No. 06-2152) and *Ackerson* (No. 06-4066). However, no applicable deadlines have been entered by the Court in *Ackerson*.

Undersigned counsel suggests that the same extension requested on behalf of Plaintiff in *Reed* should be made applicable to *Ackerson*.

WHEREFORE, Plaintiff requests that the Court (1) grant as <u>unopposed</u> his motion to continue for a period of 60 days the date by which he is required to file his response/opposition to the motion filed September 15, 2006 by the United States of America; (2) grant his motion to continue for 60 days (or at a minimum for 30 days, which period is <u>unopposed</u>) the date by which he is required to file his response/opposition to the eight motions filed September 15, 2006 by the Dredging Defendants; (3) extend for similar periods the dates by which the United States of America and the Dredging Defendants are required to file their reply briefs; and (4) continue the hearing presently scheduled for October 12, 2006 until a date convenient to the Court after the reply briefs are filed.

                    Respectfully Submitted:

Albert J. Rebennack (Louisiana Bar No. 18677)
Attorney for Plaintiff(s)
2202 Avenue B
Metairie, LA 70001
Telephone: 504-782-0512
Fax: 504-831-1203
E-Mail: rebennacks@cox.net

_____
ALBERT J. REBENNACK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of September, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

I FURTHER CERITFY that I mailed by first class mail and sent by fax the foregoing document to the following counsel:

Andre J. Mouledoux

Stephen G. Flynn

James H. Roussel

William E. Wright, Jr.

James A. Cobb, Jr.

Richard Cozad

A. Gordon Grant, Jr.

Samuel B. Gabb

William J. Larzelere, Jr.

_____
ALBERT J. REBENNACK