UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



| | |
|---|---|
| COLLEEN BERTHELOT, ET AL., | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. | SECTION "K"(2) CONS. KATRINA CANAL |

PERTAINS TO:  O'Dwyer      C.A. No. 05-4181
              Kirsch       C.A. No. 05-6073
              Tauzin       C.A. No. 05-4182

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Defendant State of Louisiana, Through The Department of Transportation and Development (Doc. 321) filed with respect to allegations against it contained in above-referenced cases. In essence, the State of Louisiana, through the Department of Transportation and Development ("DOTD"), contends that it is entitled to sovereign immunity from suit in federal court. The Court has received no opposition to this motion from plaintiffs in *Kirsch v. Boh Brothers Construction Co., et al.*, C.A. No. 05-6073 and in *Tauzin v. The Board of Commissioners for the Orleans Parish Levee District, et al.*, C.A. No. 06-20, so with respect to those claims, the Court will grant the motion as unopposed. The Court has received briefing in opposition to the motion from the plaintiffs in the *O'Dwyer* matter. The Court has extensively examined the *O'Dwyer* case in its previous Order and Reasons (Doc. 788) and incorporates the explication of the allegations contained in the *O'Dwyer* Complaint and Amended Complaints as well as the legal findings rendered therein. The Court will now address the allegations lodged against the Department of Transportation and Development.



**Sovereign Immunity**

The Court cannot entertain jurisdiction over the State of Louisiana, through the Department of Transportation and Development, as it protected from suit by the doctrine of sovereign immunity as found in the Eleventh Amendment of the Constitution.[1] By statute, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court based on violations of "constitutional, civil and human rights." *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997); La. Rev. Stat. 13:5106(A).[2] Any argument that there has been some kind of waiver of any immunity because the Orleans Parish Levee Board has acquiesced to the jurisdiction of this Court is meritless. As stated by Judge Fallon in *Lambert v. Kenner City*, 2005 WL 53307 (E.D.La. Jan. 5, 2005):

> As an arm of the state, DOTD is immune from suit in federal court unless it has consented to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5 Cir.2002). . . DOTD's consent must be clearly expressed in order to be regarded as a waiver of it's (sic) sovereign immunity. *Mohler v. State of Mississippi*, 782 F.2d 1291, 1293 (5 Cir.1986).

*Lambert v. Kenner City* 2005 WL 53307, *3 -4 (E.D.La. Jan. 5, 2005). There is no evidence of such an "expressed waiver" or any consent on the part of the State of Louisiana with respect to the Department of Transportation and Development.

Undoubtedly, Congress can abrogate Eleventh Amendment immunity through specific legislation in limited instances. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[2] "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. 13:5106(A).

2

(1976); *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). However, there has been no such abrogation here. As stated by the Supreme Court in *Welch*:

> [B]ecause "[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights," *Edelman v. Jordan*, 415 U.S., at 673, 94 S.Ct., at 1360, the Court will find a waiver by the State "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Ibid.* (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)). Moreover, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst II*, 465 U.S., at 99, 104 S.Ct., at 907 (emphasis in original). Thus, a State does not waive Eleventh Amendment immunity in federal*474 courts merely by waiving sovereign immunity in its own courts. *Id.*, at 99, n. 9, 104 S.Ct., at 907, n. 9.
>
> We also have recognized that the Eleventh Amendment "necessarily [is] limited by the enforcement provisions of § 5 of the Fourteenth Amendment." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Consequently, Congress can abrogate the Eleventh Amendment without the States' consent when it acts pursuant to its power "'to enforce, by appropriate legislation' the substantive provisions of the Fourteenth Amendment." *Ibid.* (quoting U.S. Const., Amdt. 14, § 5). As the Court of Appeals noted in this case, we have required that "Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself." *Atascadero State Hospital v. Scanlon*, 473 U.S., at 243, 105 S.Ct., at 3148. We have been unwilling to infer that Congress intended to negate the States' immunity from suit in federal court, given "the vital role of the doctrine of sovereign immunity in our federal system." *Pennhurst II, supra*, 465 U.S., at 99, 104 S.Ct., at 907. Moreover, the courts properly are reluctant to infer that Congress has expanded our jurisdiction. See *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 541-542, 95 L.Ed. 702 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation").

*Id.* at 473-474, 2946.

The existence of the "Flood Control and Disaster Response" does not constitute the type of Congressional abrogation required to eviscerate a state's immunity from suit in federal court. No right of action contemplated in the *O'Dwyer* cases is created by the Flood Control Act of 1928 (33 U.S.C. §701, *et seq*) or the Stafford Act, 42 U.S.C. § 5121, *et seq*. No case for such a proposition

was even cited by plaintiff. Nor is any discovery required as argued by the *O'Dwyer* plaintiffs. The Eleventh Amendment bars suit against a state entity such as the Department of Transportation and Development. As such, the claims against them shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Defendant State of Louisiana, Through The Department of Transportation and Development (Doc. 321) is **GRANTED**.

New Orleans, Louisiana, this 22nd day of September, 2006.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**

4