## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | | |
| _____ | * | **NUMBER 05-4182** |
| **LEVEE CASES** | * | **SECTION "K" (2)** |
| **PERTAINS TO: 06-5131** | | |
| **Bourgeois et al v. Port of New Orleans** | * | **JUDGE DUVAL** |
| **Et al** | | |
| | * | **MAGISTRATE WILKINSON** |

_____

### ANSWER AND AFFIRMATIVE DEFENSES OF
### THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

_____

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the Sewerage and Water Board of New Orleans, and in response to the Complaint for Declaratory Judgment and Damages and Request for Jury Trial, filed by the Plaintiffs, Linda C. and Arnold F. Bourgeois, Wanette and Nakita Boutte. Sheila M. Johnson, and Wheeler Norwood, and others, answers and sets forth their Affirmative Defenses as follows:

AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members) have brought their Complaint in an improper venue, as any proceedings in the Eastern District of Louisiana will violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage & Water Board of New Orleans, and further fails to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from the defendant, the Sewerage and Water Board of New Orleans.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs   that

encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

### FIFTH AFFIRMATIVE DEFENSE

The defendant, Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed are barred due to an Act of God, force majure, fortuitous event and/or extraordinary manifestation of the forces of nature.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs' (and members of the putative class) harm.

### NINTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should the plaintiffs be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals,

agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs' (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and such other acts or omissions that may be proven at the time of trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina and/or Hurricane Rita, during the months of August and September, 2005.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the Plaintiffs' (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

## NINETEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that that the plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTIETH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Defendant, Sewerage and Water Board of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear

during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that at no time material alleged in the complaint did the defendant, Sewerage and Water Board of New Orleans own any of the outfall canals listed therein, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal.

## **ANSWER**

**AND NOW**, answering separately the allegations of the Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

2.

The allegations of Paragraph 2 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

3.

The allegations of Paragraph 3 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

4.

The defendant, Sewerage and Water Board of New Orleans, admits their status, as set forth in La. R.S. 33:4071 et seq.

5.

The allegations of Paragraph 5 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

6.

The allegations of Paragraph 6 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

7.

The allegations of Paragraph 7 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written.

8.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

9.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

10.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

11.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

12.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

13.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

14.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

15.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

16.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

17.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

18.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

19.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

20.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

21.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

22.

These allegations/claims are denied by the defendant, the Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

23 – 33.

The allegations of Paragraphs 23 - 33 begin with the title "**Plaintiffs Claims against the Corps**" and allege specific claims against the United States Army Corps of Engineers. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

34.

The allegations of Paragraph 34 begin with the title "**Abandonment of Barrier Plan**" and allege specific claims against the defendants, and/or specifically the Corps of Engineers. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans,

for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

35 - 41.

The allegations of Paragraphs 35 – 41 begin with the title "**Damage to Floodgate I – W 30**" and allege specific claims against the defendants, and specifically the Corps of Engineers and/or Orleans Levee District. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof. Defendant further states that the document itself is the best evidence of its content.

42 – 49.

The allegations of Paragraphs 42 - 49 begin with the title "**Maintenance Obligations**" and allege claims against defendants including and specifically the Orleans Levee District, the Department of Transportation, the Corps of Engineers and the Port of New Orleans. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof. Defendant further states that the document itself is the best evidence of its content.

50 – 55.

The allegations of Paragraphs 50 -55 begin with the title "**Act of Assurance – Port of New Orleans**" and allege specific claims against the Port of New Orleans. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof. Defendant further states that the document itself is the best evidence of its content.

56 – 67.

The allegations of Paragraphs 56 – 67 begin with the title "**Act of Assurance – Orleans Parish Levee District**." Defendant, Sewerage and Water Board of New Orleans for lack of sufficient information to justify a belief therein, denies these allegations/claims and defendant calls for strict proof thereof. Defendant further states that the document itself is the best evidence of its content.

68 - 69.

Defendant, Sewerage and Water Board of New Orleans for lack of sufficient information to justify a belief therein, denies these allegations/claims and defendant calls for strict proof thereof. Defendant further states that the document itself is the best evidence of its content.

70 – 72.

The allegations of Paragraphs 70 - 72 begin with the title "**Claims against the Port**" and allege specific claims against the Port of New Orleans. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and therefore the  defendant calls for strict proof thereof.

73 - 78.

The allegations of Paragraphs 73 - 78 begin with the title "**Claims Against the Orleans Levee District** " and allege specific claims against the Orleans Levee District. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and therefore defendant calls for strict proof thereof.

79.

The allegation of Paragraph 79 begins with the title "**Claims against the Department of Transportation**" and alleges specific claims against the Department of Transportation. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

80 - 83.

The allegations of Paragraphs 80 - 83 begin with the title "**Claims Against the Sewerage and Water Board** " and allege specific claims against the Sewerage and Water Board. These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

84 – 88.

These allegations/claims are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

89 - 93

The allegations/claims of Paragraphs 89 - 93 as to any "**Inferences of Liability**" are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

94.

The allegations/claims of Paragraph 94 as to "**Comparative Fault**" are denied by defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

95 -96

The allegations/claims of Paragraph 95 – 96 as to the allegation of entitlement to a

"**Declaratory Judgment**" are denied by defendant, Sewerage and Water Board of New Orleans,

for lack of sufficient information to justify a belief therein and defendant calls for strict proof

thereof.

97.

The allegations/claims of Paragraph 97 are denied by defendant, Sewerage and Water

Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant

calls for strict proof thereof.

98.

The allegations/claims of Paragraph 98 are denied by defendant, Sewerage and Water

Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant

calls for strict proof thereof.

**WHEREFORE**, for the reasons stated herein, defendant, Sewerage and Water Board of

New Orleans, prays that this answer be deemed good and sufficient, and that after due

proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water

Board of New Orleans, and against the plaintiffs Linda C. and Arnold F. Bourgeois, Wanette and

Nikita Boutte, Sheila M. Johnson, Wheeler Norwood, and others enumerated in the complaint

(along with members of the alleged putative class), dismissing all of the claims of the plaintiffs (and members of the alleged putative class) with prejudice, and at plaintiffs' (and members of the alleged putative class') cost.

Respectfully submitted,

_____/S/_____
**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org
**ATTORNEYS FOR DEFENDANT**
**SEWERAGE & WATER BOARD OF NEW ORLEANS**

**OF COUNSEL**

**JOHN BOLOGNA KRENTEL**
8127 ST. CHARLES AVENUE
NEW ORLEANS, LA 70118
Telephone (504) 828-4468
Email: jbkflooddefense@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading: Answer & Affirmative Defenses filed by the defendant, Sewerage and Water Board of New Orleans, has been served on all counsel of record in this proceeding, by email or by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 4th day of October, 2006.

_____/S/_____
**GEORGE R. SIMNO III.**

n:\lit\def\hurricane katrina\bourgeois, linda c\ple\061003answer.doc