UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|--|--|--|--|
| | | * | CIVIL ACTION |
| | | * | |
| IN RE: | KATRINA CANAL BREACHES | * | NO: 05-4182 |
| | CONSOLIDATED LITIGATION | * | |
| | | * | JUDGE DUVAL |
| | | * | |
| | | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PERTAINS TO:
**LEVEE GROUP**
**CASE NO. 06-5937 (Yacob)**

**ANSWER OF**
**B & K CONSTRUCTION COMPANY, INC.**

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Class Action Petition filed by the Plaintiffs, answers as follows:

**B & K'S AFFIRMATIVE DEFENSES**

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.,* 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

2

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. §
2773 pertaining to the limitation on the responsibility of contractors which are to act solely
as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing
or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs
have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join
indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in
part, because they cannot establish: (I) that B & K's alleged conduct was in any way the
cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct
was a proximate cause of or substantial factor in causing the harm alleged to have been
suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs
would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it
breached that duty.

3

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

4

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any

other defendant to this action to the extent that such an affirmative defense applies to B

& K, and gives notice that it intends to rely upon any other defense that may become

available or appear during the proceedings in this case, and B & K hereby reserves its right

to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' PETITION, B & K ASSERTS AS FOLLOWS:**

15.

In response to Paragraph I, B & K admits that it is a Louisiana corporation, formerly

known as B & K Construction Company, Inc., domiciled in St. Tammany Parish and doing

business in Orleans Parish. No other allegations of Paragraph I require a response by B

& K.

16.

B & K denies the allegations of Paragraph II to the extent they assert Plaintiffs'

entitlement to proceed with a class action.

17.

Concerning the allegations of Paragraph III, B & K admits that Hurricane Katrina

was in the Gulf of Mexico on August 27, 2005, that on August 29, 2005, Hurricane Katrina

made land fall and thereafter there were breaches in the floodwalls/levees at the 17th Street

Canal, the London Avenue Canal and the Industrial Canal. To the extent the allegations

5

of poor construction are directed at B & K, they are denied.  In an abundance of caution, all remaining allegations of Paragraph III are denied due to lack of sufficient information to justify a belief therein.

18.

To the extent that the allegations of Paragraph IV concerning improper and/or negligent design and construction and other allegations of negligence are directed to B & K, they are denied.

19.

Concerning the allegations of Paragraph V, B & K admits that in the aftermath of Hurricane Katrina floodwalls/levees failed at the 17th Street Canal, the London Avenue Canal and the Industrial Canal , flooding eighty percent of the City of New Orleans causing enormous property losses.  All remaining allegations of Paragraph V are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph VI are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

21.

The allegations of Paragraph VII are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

6

22.

The allegations of Paragraph VIII are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

23.

The allegations of Paragraph IX are admitted.

24.

To the extent the allegations of Paragraph X and Subparagraph B of Paragraph X concerning negligence and fault are directed at B & K's construction of floodwall improvements at London Avenue Canal, those allegations are denied.  All remaining allegations of Paragraph X are not directed against B & K, but out of an abundance of caution, are denied.

25.

The allegations of Paragraph XI are denied to the extent they assert Plaintiffs' entitlement to proceed with a class action.

26.

To the extent that the allegations in Paragraph XII concerning wrongful acts or omissions, negligence and lack of care are directed against B & K, those allegations are denied.  Additional allegations concerning the application of the doctrine of *res judicata loquitur* are also denied.

7

27.

To the extent the allegations of Paragraph XIII assert Plaintiffs' entitlement to proceed with a class action, they are denied.

28.

The allegations of Paragraph XIV require no response by B & K.

WHEREFORE, defendant, B&K Construction Co., Inc., prays that this answer be deemed good and sufficient and that after all due proceedings had, there be judgment in its favor and against plaintiffs, and for all other general and equitable relief to which it may be entitled.

Respectfully submitted,

Herman C. Hoffmann, Jr.  (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 4th day of October, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the counsel listed on the attached Exhibit "A".

_____
Betty F. Mullin

9

## EXHIBIT "A" - COUNSEL LIST

**Pius A. Obioha, Esq.**
pakamdi@aol.com

Pius A. Obioha, Esq.
Pius A. Obioha & Associates, LLC
P.O. Box 46385
Baton Rouge, Louisiana 70895

**Robert J. Caluda, Esq.**
rcaluda@rcaluda.com

**William David Aaron, Jr**
waaron@goinsaaron.com
grandazzo@goinsaaron.com

**Thomas P. Anzelmo**
tanzelmo@mcsalaw.com
lkay@mcsalaw.com

**Daniel E. Becnel, Jr**
dbecnel@becnellaw.com
mmoreland@becnellaw.com

**Robert M. Becnel**
ROBBECNEL@AOL.COM

**Terrence L. Brennan**
tbrennan@dkslaw.com

**Joseph M. Bruno**
jbruno@brunobrunolaw.com
stephaniep@brunobrunolaw.com

**Traci L. Colquette**
Traci.ColQuette@usdoj.gov

10

**Thomas W. Darling**
tdarling@grhg.net
tigerthom@cox.net
firm@grhg.net
tl@grhg.net

**Erin E. Dearie**
dearie@bayoulaw.com
aadams@bayoulaw.com

**Joseph Vincent DiRosa, Jr**
jvdirosa@cityofno.com
jdavis@cityofno.com

**Walter C. Dumas**
wdumas@dumaslaw.com
tyoungblood@dumaslaw.com

**Catherine J. Finnegan**
tess.finnegan@usdoj.gov
catherine.corlies@usdoj.gov

**Thomas Francis Gardner**
gardner@bayoulaw.com
aadams@bayoulaw.com

**Thomas Livingston Gaudry, Jr**
tgaudry@grhg.net
dbreaux@grhg.net
firm@grhg.net

**Phyllis Esther Glazer**
glazerp@ag.state.la.us
pennm@ag.state.la.us
pearleyj@ag.state.la.us
kellerm@ag.state.la.us

**Joseph Pierre Guichet**
jguichet@lawla.com
aboyd@lawla.com

11

**Jim S. Hall**
jodi@jimshall.com

**Herman C. Hoffmann, Jr**
hhoffmann@spsr-law.com

**Ralph Shelton Hubbard, III**
rhubbard@lawla.com
ljackson@lawla.com

**Michael Courtney Keller**
kellerm@ag.state.la.us
pearleyj@ag.state.la.us
pennm@ag.state.la.us
babins@ag.state.la.us
philibertj@ag.state.la.us

**Hugh Palmer Lambert**
hlambert@lambertandnelson.com
alexis@lambertandnelson.com

**John M. Landis**
jlandis@stonepigman.com
pkrupicka@stonepigman.com

**Wade Antoine Langlois, III**
wlanglois@grhg.net
ptranchina@grhg.net

**Wayne J. Lee**
wlee@stonepigman.com
pwhite@stonepigman.com

**F. Gerald Maples**
federal@geraldmaples.com

**Ben Louis Mayeaux**
bmayeaux@ln-law.com
denisen@ln-law.com

12

**J. J. (Jerry) McKernan**
**Gerald A. Melchiode**
jmelchiode@gjtbs.com
mwilson@gjtbs.com

**Gerald Edward Meunier**
dmartin@gainsben.com
gmeunier@gainsben.com

**Kara K. Miller**
kara.k.miller@usdoj.gov
catherine.corlies@usdoj.gov

**Penya M. Moses-Fields**
pmfields@cityofno.com
majohnson@cityofno.com

**James Bryan Mullaly**
jamesmullaly1@hotmail.com

**Betty Finley Mullin**
bmullin@spsr-law.com
lynnz@spsr-law.com

**J. Wayne Mumphrey**
jwmumphrey@mumphreylaw.com
smitchell@mumphreylaw.com

**John Herr Musser, IV**
jmusser@bellsouth.net

**Ashton Robert O'Dwyer, Jr**
**James L. Pate**
**arod@odwyerlaw.com**
jpate@ln-law.com

**Ronnie Glynn Penton**
rgp@rgplaw.com
dischilling@rgplaw.com

13

**Michael R.C. Riess**
mriess@kingsmillriess.com

**David Scott Scalia**
DAVID@brunobrunolaw.com
jennifer@brunobrunolaw.com

**George R. Simno, III**
gsimno@swbno.org

**Todd Robert Slack**
tslack@gainsben.com

**Randall A. Smith**
rasmith3@bellsouth.net
mmzornes@bellsouth.net

**Robin D. Smith**
robin.doyle.smith@usdoj.gov
catherine.corlies@usdoj.gov

**Christopher Kent Tankersley**
ctankersley@burglass.com

**Sidney Donecio Torres, III**
storres@torres-law.com
rburns@torres-law.com
pmichon@torres-law.com

**William D. Treeby**
wtreeby@stonepigman.com

**Richard John Tyler**
rtyler@joneswalker.com
jcasella@joneswalker.com

**Jesse Lee Wimberly, III**
wimberly@nternet.com

Albert J. Rebennack, Jr.
ajrebennack@cox.net