**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| LEVEE | § | |
| | § | |
| YACOB, ET AL. v. BOARD OF COMMISSIONERS | § | |
| FOR THE ORLEANS LEVEE DISTRICT, ET AL. | § | |
| (2:06-cv-5937) | § | |
| | § | |

**AFFIRMATIVE DEFENSES AND ANSWER
OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFFS' CLASS ACTION PETITION FOR DAMAGES**

Defendant Washington Group International, Inc. ("WGI"), by and through its

undersigned attorneys, hereby responds to Plaintiffs' Class Action Petition for Damages (the

"Complaint"), as follows:

**WGI'S AFFIRMATIVE DEFENSES**

**A.      Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the

Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge

and/or jury.

- 1 -

**B.       Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

**C.       Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.       No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

**E.       Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**F.       Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a

833142v.1

duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

### G.      Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H.      Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I.      Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J.      Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K.      Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L.      Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

833142v.1

**M.     Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.     Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

I.a.                WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.a. of the Complaint and therefore DENIES each and every allegation contained therein.

- 4 -

I.b.        WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

I.c.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.c. of the Complaint and therefore DENIES each and every allegation contained therein.

I.d.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.d. of the Complaint and therefore DENIES each and every allegation contained therein.

I.e.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.e. of the Complaint and therefore DENIES each and every allegation contained therein.

I.f.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.f. of the Complaint and therefore DENIES each and every allegation contained therein.

I.g.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.g. of the Complaint and therefore DENIES each and every allegation contained therein.

I.h.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.h. of the Complaint and therefore DENIES each and every allegation contained therein.

833142v.1

I.i.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.i. of the Complaint and therefore DENIES each and every allegation contained therein.

I.j.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.j. of the Complaint and therefore DENIES each and every allegation contained therein.

I.k.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.k. of the Complaint and therefore DENIES each and every allegation contained therein.

I.l.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.l. of the Complaint and therefore DENIES each and every allegation contained therein.

I.m.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.m. of the Complaint and therefore DENIES each and every allegation contained therein.

I.n.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.n. of the Complaint and therefore DENIES each and every allegation contained therein.

I.o.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.o. of the Complaint and therefore DENIES each and every allegation contained therein.

833142v.1

I.p.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I.p. of the Complaint and therefore DENIES each and every allegation contained therein.

II.        WGI DENIES each and every allegation of Paragraph II of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

III.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief (i) that Hurricane Katrina was in the Gulf of Mexico on August 27, 2005; (ii) that Hurricane Katrina increased in strength on August 28, 2005; (iii) that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005; (iv) that flooding occurred in the Lower Ninth Ward following Hurricane Katrina; (v) that flooding occurred in and around New Orleans following Hurricane Katrina.

IV.        Paragraph IV of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph IV of the Complaint.

V.        WGI DENIES each and every allegation in the first sentence of Paragraph V of the Complaint.  WGI is without sufficient information or knowledge as to the specific allegations in the remainder of Paragraph V of the Complaint and therefore DENIES each and every allegation contained therein.

833142v.1

VI.            WGI DENIES that Plaintiffs properly may bring this action on behalf of all others similarly situated.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that Plaintiffs purport to bring this action on their own behalf and on behalf of all others similarly situated.

VII.           WGI DENIES each and every allegation of Paragraph VII of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

VIII.          The allegations of Paragraph VIII of the Complaint contain argumentative statements to which no response is required.  To the extent that a response is required, WGI DENIES each and every allegation of Paragraph VIII of the Complaint.

IX.            WGI is without sufficient information or knowledge as to the specific allegations of Paragraph IX of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that on or about August 29, 2005, Hurricane Katrina made landfall along the Gulf Coast.

X.             WGI DENIES each and every allegation in Paragraph X of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph X, and therefore DENIES each and every remaining allegation contained therein.

833142v.1

X.A.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph X.A. of the Complaint and therefore DENIES each and every allegation contained therein.

X.B.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph X.B. of the Complaint and therefore DENIES each and every allegation contained therein.

X.C.        WGI DENIES each and every allegation contained in Paragraph X.C. of the Complaint, except WGI admits that its predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

X.D.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph X.D. of the Complaint and therefore DENIES each and every allegation contained therein.

XI.A.        WGI DENIES each and every allegation of Paragraph XI.A. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23 or the Louisiana Class Action Procedure.  WGI also DENIES that the proposed class definition is proper or legally sufficient.

XI.B.        WGI DENIES each and every allegation of Paragraph XI.B. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23 or the Louisiana Class Action Procedure.  WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

833142v.1

XI.C.        WGI DENIES each and every allegation of Paragraph XI.C. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23 or the Louisiana Class Action Procedure.  WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

XI.D.        WGI DENIES each and every allegation of Paragraph XI.D. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23 or the Louisiana Class Action Procedure.  WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

XI.E.        WGI DENIES each and every allegation of Paragraph XI.E. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23 or the Louisiana Class Action Procedure.  WGI also DENIES that the proposed class action satisfies the superiority requirement.

XII.        WGI DENIES each and every allegation of Paragraph XII of the Complaint.

XIII.        WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

XIV.        Paragraph XIV of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph XIV of the Complaint.

*        *        *

833142v.1

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:          October 4, 2006                    Respectfully submitted,


                                                   */s/Heather S. Lonian*
                                                   William D. Treeby, Bar No. 12901
                                                   John M. Landis, Bar No. 7958
                                                   Heather S. Lonian, Bar No. 29956
                                                   Stone Pigman Walther Wittmann LLC
                                                   546 Carondelet Street
                                                   New Orleans, LA 70130
                                                   Phone:  504-581-3200
                                                   Fax:  504-581-3361

                                                   Of Counsel:

                                                   George T. Manning
                                                   JONES DAY
                                                   1420 Peachtree Street, N.E.
                                                   Suite 800
                                                   Atlanta, GA 30309-3053
                                                   Phone:  404-521-3939
                                                   Fax:  404-581-8330

                                                   Adrian Wager-Zito
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, D.C. 20001-2113
                                                   Phone: 1-202-879-3939
                                                   Fax: 1-202-626-1700

                                                   *Attorneys for Defendant*
                                                   *Washington Group International*

833142v.1

<u>**C E R T I F I C A T E**</u>

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Class Action Petition for Damages has been served upon all counsel of record by e-mail this 4th day of October, 2006.

*/s/Heather S. Lonian*
_____

833142v.1