FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT -5  AM 9: 15

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re:  KATRINA CANAL BREACHES** | * | **CIVIL ACTION NO. 05-4182** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **SECTION "K"** |
| | * | |
| | * | **MAGISTRATE (2)** |
| **PERTAINS TO:** | * | |
| **YACOB, NO. 06-5937** | * | **JUDGE DUVAL** |
| | * | |
| | * | **MAG. WILKINSON** |
| *   *   *   *   *   *   *   *   *   *   *   * | * | |

## ANSWER ON BEHALF OF BOH BROS. CONSTRUCTION CO., L.L.C.

Defendant, Boh Bros. Construction Co., L.L.C. ("Boh Bros.") responds to the Class

Action Petition for Damages (referred to herein as the "Complaint"), as follows:

### FIRST DEFENSE

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the

Eastern District of Louisiana will violate Boh Bros.' right to a hearing before a disinterested

judge and/or jury.

### SECOND DEFENSE

The Complaint fails to state a claim against Boh Bros. upon which relief can be granted.

-1-

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep._____
_____ Doc. No._____

### THIRD DEFENSE

Plaintiffs have failed to join a party needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

Boh Bros. is without knowledge or information sufficient to justify a belief as to the truth of the allegations contained in Paragraphs I and IX of the Complaint, and denies each and every other allegation contained in the Complaint, except to admit that Boh Bros. is doing business in the State of Louisiana and in this federal district, that Hurricane Katrina made landfall on or about August 29, 2005, that this Court has subject matter jurisdiction, and that Boh Bros. installed certain sheetpiles at the 17th Street Canal and installed and tested certain test piles at the Industrial Canal.

### FIFTH DEFENSE

Plaintiffs' claims are barred by peremption pursuant to the provisions of La. R.S. 9:2772.

### SIXTH DEFENSE

Plaintiffs' claims are prescribed by applicable provisions of Louisiana law.

### SEVENTH DEFENSE

Boh Bros. is immune from liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Hercules v. U.S.*, 516 U.S. 417 (1996).

## EIGHTH DEFENSE

Boh Bros. is immune from liability pursuant to the provisions of La. R.S. 9:2771 since its work was performed in accordance with the drawings and specifications furnished by others for the projects.

## NINTH DEFENSE

Boh Bros. is not liable or its liability is limited to acting solely as a surety to the proprietors of the levees pursuant to provisions of La. R.S. 9:2773.

## TENTH DEFENSE

Boh Bros. constructed certain portions of some of the projects at issue in accordance with its contracts with the Board of Commissioners for the Orleans Levee District and the United States Army Corps of Engineers and in a good and workmanlike manner, free from defects or deficiencies in the work

## ELEVENTH DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, force majeure, fortuitous event, or an extraordinary manifestation of the forces of nature.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

The damages, to the extent any have occurred, are due to the fault, acts or omissions of others and are not due to the fault, acts or omissions of Boh Bros.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the provisions of Louisiana Civil Code Article 2315 because they cannot establish: (i) that Boh Bros.' alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that Boh Bros.' alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that Boh Bros. owed a duty to plaintiffs that encompassed the risk that plaintiffs would suffer the alleged harm; or (iv) that if Boh Bros. owed any such duty to plaintiffs, it breached that duty.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Boh Bros. are barred or reduced by the comparative fault of other parties or entities for whom Boh Bros. is not responsible.

### SIXTEENTH DEFENSE

Plaintiffs' Complaint is an improper cumulation of actions and plaintiffs have failed to adequately allege or establish that this action should proceed as a class action.

### SEVENTEENTH DEFENSE

Plaintiffs assumed the risk of the damages they are now claiming by acquiring or constructing homes within known flood zones.

### EIGHTEENTH DEFENSE

Boh Bros. adopts and incorporates by reference all affirmative defenses asserted by any other party to this proceeding to the extent they apply to Boh Bros.

**WHEREFORE**, defendant, Boh Bros. Construction Co., L.L.C., demands: (1) judgment dismissing the Class Action Complaint for Damages, as to Boh Bros., with prejudice; (2) an award of all reasonable costs of these proceedings, attorney's fees; and (3) all other general and equitable relief to which Boh Bros. may be entitled.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

By: _____

Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana  70170-3300
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
*Attorneys for Boh Bros. Construction Co., L.L.C.*

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
*Attorneys for Boh Bros. Construction Co., L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer on behalf of Boh Bros. Construction Co., L.L.C. has this day been served upon all counsel of record by hand, by fax, by electronic transmittal and/or by depositing same in the United States mail, postage prepaid and properly addressed this ___4___ day of _Octobr_____, 2006.

_____