

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY COCHRAN, SR. AND CYNTHIA COCHRAN | * * * | CIVIL ACTION NO. |
| | * | SECTION: **06-5785** |
| VERSUS | * | |
| | * | MAG. **SECT. K MAG. 2** |
| BOH BROS. CONSTRUCTION CO., LLC, ET AL | * * | JUDGE: |

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**NOW INTO COURT**, through undersigned counsel, comes B & K Construction Co., Inc.("B & K") who respectfully avers:

1.

B & K is named as a defendant in a civil suit filed in the 34TH Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled "Jimmy Cochran, Sr. and Cynthia Cochran v. Boh Bros. Construction Co., LLC, et al," bearing No. 107-042, Division "C" on the docket of that court, wherein the plaintiffs seek to recover damages allegedly resulting from levee breaches/failures during Hurricane Katrina at the 17th Street Canal, the London

Avenue Canal and the Industrial Canal ("State Court Action"). A copy of the referenced Petition filed by the plaintiffs is attached hereto as Exhibit 1.

2.

B & K has not been served with the State Court Action and does not waive service, but reserves all of its rights and defenses relative thereto.

3.

The design, planning and construction of the levees at all three sites referenced in the State Court Action were at all material times administered by the U.S. Army Corps of Engineers.

4

This suit is an action in which this Court has jurisdiction under the removal provisions of 28 U.S.C. §1442(a)(1), in that the State Court Action brought against B & K is an action against a person acting under an agency of the United States, namely the U.S. Army Corps of Engineers, and plaintiffs' damages allegedly relate to B & K's performance of construction work for the London Avenue Canal, all as described in detail below.

5.

Additionally, jurisdiction of this matter could have vested in a district court, further entitling the removal herein pursuant to federal question jurisdiction under 28 U.S.C. §1331, including jurisdiction over all joined claims in accordance with 28 U.S.C. §1441(c). This Court also has pendent jurisdiction over all claims joined with the claims against B & K.

6.

B & K as contractor entered into a construction contract with the U.S. Army Corps of Engineers ("Corps") for the construction of flood walls along the London Avenue Canal in the City of New Orleans, Louisiana (the "Project"). The referenced contract was designated DACW 29-94-C-0079, Lake Pontchartrain, Louisiana and Vicinity, High Level Plan, London Avenue Outfall Canal, Mirabeau Avenue to Robert E. Lee Boulevard ("Construction Contract"). See Exhibit 2 attached hereto, the Affidavit of B & K's President, H.B. Kenyon.

7.

The Corps had direct and detailed control over the work of B & K in that the Corps occupied and staffed a full time field office at the Project site and performed daily inspections of the work being performed by B & K to verify that the work was in compliance with the specifications of the Corps. Exhibit 2.

8.

Prior to performing major items of work such as driving sheet piling, excavation, dewatering, constructing temporary retaining structures, etc., B&K was required to submit to the Corps for its approval the proposed methods of performing the work. Exhibit 2.

9.

B&K was also required to submit to the Corps for its approval the items of equipment it planned on using to perform the work. Exhibit 2.

10.

Prior to commencing work, preparatory meetings were scheduled by the Corps to go over the submittals to verify and approve precisely how the work was to be performed. Exhibit 2.

11.

Also on a daily basis, the Corps prepared a Quality Assurance Report detailing its findings regarding B&K's compliance with the specifications and Corps' directions. Exhibit 2.

12.

The Project was completed and the Corps informed B&K that after inspection the Corps found that the work of B&K was done in accordance with the Project plans and specifications and was accepted. Exhibit 2.

13.

As a federal government contractor who complied with the directives of the Corps and performed all of its work properly and in accordance with the Project plans and specifications, B & K is entitled to immunity from liability to the plaintiffs in the State Court Action. *See Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Myers v. United States*, 323 F.2d 580 (9th Cir. 1963); *Jemison v. Duplex*, 163 F.Supp. 947 (S.D. Ala. 1958).

14.

B & K's assertion of the "government contractor defense" entitles B & K to invoke the removal procedures outlined in 28 U.S.C. §1442(a)(1). *Crocker v. Borden, Inc.*, 852 F.Supp. 1322 (E.D.La. 1994); *Winters v. Diamond Shamrock Chemical Co., et al.*, 901 F.Supp. 1195 (E.D. Tex. 1995), *affirmed* 149 F.3d 387 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1286, 526 U.S. 1034, 143 L.Ed 2d 378; *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992).

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Co., Inc.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon all counsel in this matter by United States mail, first class postage prepaid and properly addressed, on this 8th day of September 2006.

_____
Betty F. Mullin

N:\DATA\K\03409023\Cochran\Notice of Removal.wpd