FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 10 PM 3:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATION LITIGATION | : CIVIL ACTION<br>:<br>: NO. 06-4931 "K" (2)<br>: |
| LEVEE CASES<br>PERTAINS TO: NO. 06-4065<br>BROCK V. BOH BROS. CONSTRUCTION CO., LLC | : JUDGE DUVAL<br>:<br>: MAGISTRATE WILKINSON<br>: |

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
TO COMPLAINT OF EMMA BROCK, ET AL.**

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action complaint of Emma Brock, et al., ("plaintiffs"), on behalf of themselves and all others similarly situated, respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations

of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

**FOURTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

**FIFTH AFFIRMATIVE DEFENSE**

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

### SIXTH AFFIRMATIVE DEFENSE

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal question jurisdiction based upon government contractor status, which Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

### TENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and

damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

**MODJESKI'S ANSWER TO THE COMPLAINT**

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 1 and therefore denies each and every allegation contained therein.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 2, and, therefore denies each and every allegation contained therein, except to admit that it is a non-Louisiana corporation authorized to do and doing business in the State of Louisiana in the City of New Orleans.

3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 3 and therefore denies each and every allegations contained therein, except to admit that it was doing business in this federal judicial district at times material hereto.

4.

Modjeski denies the allegations of paragraphs 4 through 7.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 8 through 10, and therefore denies each and every allegations contained therein, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the east of the City of New Orleans.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 11 and 12, and therefore denies each and every allegation contained therein.

7.

Modjeski denies the allegations of paragraph 13.

8.

Modjeski denies the allegations of paragraph 14.

9.

Modjeski denies the allegations of paragraph 15 with respect to the 17th Street Canal, and is without knowledge or information sufficient to justify a belief as to the truth of the allegations with respect to the London Avenue Canal.

10.

Modjeski denies the allegations of paragraph 16 with respect to the 17th Street Canal, refers to the drawings and specifications for the project entitled "Excavation and Flood Protection – 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," for the design and configuration of the floodwall on the east side of the 17th Street Canal, and is without knowledge or information sufficient to justify a belief as to the truth of the allegations with respect to other canals.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 17, and therefore denies each and every allegation contained therein.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 18 and 19, and, therefore denies each and every allegation contained therein.

13.

Modjeski denies the allegations of paragraphs 20 through 31.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 32, and therefore denies each and every allegations contained therein.

15.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 33, and, therefore denies each and every allegation contained therein.

16.

Modjeski admits that the purpose of the levees and floodwalls is to provide flood protection, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 34, and, therefore, denies each and every remaining allegation contained therein.

17.

Modjeski denies the allegations asserted against it in paragraph 35.

18.

Modjeski denies the allegations asserted against it in paragraph 36, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph 36, and therefore, denies each and every remaining allegation contained therein.

19.

Modjeski denies the allegations of paragraph 37 through 38.

20.

The allegations of paragraph 39 require no response. To the extent that a response is required, Modjeski denies the allegations of paragraph 39.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

_____
Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Keith J. Bergeron (#25574)
    of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the above and foregoing Answer have been served this 10th day of October, 2006, by e-mail or by placing same in the United States Mail, postage prepaid and properly addressed to the following counsel of record:

Michael R.C. Reiss, Esq.
Kingsmill Riess, LLC
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170-3300

William D. Treeby, Esq.
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130-3588

Charles F. Seemann, Jr., Esq.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Herman C. Hoffmann, Jr., Esq.
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras Street, 30th floor
New Orleans, LA 70163-3000

George R. Simno, III, Esq.
Sewerage and Water Board Legal Department
625 St. Joseph Street, Room 201
New Orleans, LA 70165

Robert John Caluda, Esq.
The Caluda Law Firm
3232 Edenborn Ave.
Metairie, LA 70002

Thomas P. Anzelmo, Esq.
McCraine, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002

Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

James Bryan Mullaly, Esq.
City Attorney's Office
City Hall
1300 Perdido Street, Room 5E01
New Orleans, LA 70112

_____
Victor E. Stilwell, Jr.

#282109v1<DKS> answer - Brock