FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 10  PM 3: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | : CIVIL ACTION<br>:<br>: NO. 05-4182<br>:<br>: SECTION "K" (2)<br>:<br>: JUDGE DUVAL<br>:<br>: MAGISTRATE WILKINSON |
| LEVEE CASES<br>PERTAINS TO: 06-5367<br>CAROLE A. BREITHOFF (WELLER),<br>WIFE OF/AND FRANCIS G. WELLER<br>VERSUS<br>MODJESKI AND MASTERS, INC., ET AL. | |

### ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC. TO COMPLAINT OF CAROLE A. BREITHOFF (WELLER), WIFE OF/AND FRANCIS GERALD WELLER

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action complaint of Carole A. Breithoff (Weller), wife of/and Francis Gerald Weller ("plaintiffs"), on behalf of themselves and others similarly situated, respectfully avers:



### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted.

Modjeski's last professional services in connection with that reach of the 17th Street Canal where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with its OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were performed in April 1993, and the construction contract was accepted by the Corps on April 25, 1995.

**FOURTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

**FIFTH AFFIRMATIVE DEFENSE**

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

**SIXTH AFFIRMATIVE DEFENSE**

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that there are any allegations of federal question jurisdiction based upon government contractor status, which

Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged or enjoined in bankruptcy.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs, including members of the putative class, where applicable, have or should or hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties allocated percentage of alleged fault.

### ELEVENTH AFFIRMATIVE DEFENSE

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert such defenses.

**MODJESKI'S ANSWER TO THE COMPLAINT**

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the Complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph I, except to admit that Hurricane Katrina struck the City of New Orleans on August 29, 2005.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph II, and, therefore denies each and every allegation contained therein, except to admit that it is a Pennsylvania corporation which is authorized to do and doing business in the City of New Orleans, State of Louisiana.

3.

Modjeski denies the allegations of paragraph III.

4.

Modjeski denies the allegations of paragraph IV.

5.

Modjeski admits the allegations of paragraph V.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph VI, and therefore denies each and every allegation contained therein, except to admit that a section of the east levee and floodwall of the 17th Street Canal breached in the area of Stafford Place and Spencer Avenue where they intersect with Bellaire Drive.

7.

Modjeski denies the allegations of paragraph VII as to it, is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph VII, and therefore denies the remaining allegations of paragraph VII.

8.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph VIII, and, therefore denies each and every allegation contained therein.

9.

Modjeski denies the allegations of paragraph IX.

10.

Modjeski denies the allegations of paragraph X.

11.

The allegations of paragraph XI require no response. However and to the extent that a response is required, Modjeski denies the allegations of paragraph XI.

**WHEREFORE,** Modjeski and Masters prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorneys fees and all costs of these proceedings, and that it be granted all further relief which justice and equity require.

_____
Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Keith J. Bergeron (#25574)
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
vstilwell@dkslaw.com
ATTORNEYS FOR MODJESKI AND
MASTERS, INC., Defendant

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing Answer have been served on this 10th day of October, 2006, by email or by placing same in the United States mail, postage prepaid and properly addressed to the following counsel of record:

Francis G. Weller, Esq.
215 Jewel Street
New Orleans, LA 70124

Carole A. Breithoff (Weller)
2932 Lime Street
Metairie, LA 70006

Michael R.C. Reiss, Esq.
Kingsmill Riess, LLC
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170-3300

Gerald A. Melchiode, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras, Suite 4040
New Orleans, LA 70130

Lawrence D. Wiedemann, Esq.
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, LA 70113

_____
Victor E. Stilwell, Jr.

#277361v1<DKS> -Answer-Breithoff 9-11-06