UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NUMBER 05-4182 |
| LEVEE CASES PERTAINS TO: 06-5127 | * | SECTION "K" (2) |
| | * | |
| Depass et al vs. The Board of Commissioners of the Orleans Levee District | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |

### ANSWER OF THE SEWERAGE AND WATER BOARD OF NEW ORLEANS TO THE FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the Sewerage and Water Board of New Orleans, in response to the First Amended Complaint filed by the Plaintiffs, Elizabeth H. and William Keith Depass IV, Marshall L. Harris, Manuel C. Trelles, William B. Coleman III., Carol C. and William C. Gambel and Ronald Landry, answers as follows:

1

## AFFIRMATIVE DEFENSES

The defendant, Sewerage and Water Board of New Orleans realleges and restate their previously filed Affirmative Defenses incorporated in the Answer to the Original Complaint as if they were copied herein in extenso.

**AND NOW**, answering separately the allegations of the First Amended Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

6.

The allegations of Paragraph 6 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

71.1

The allegations of Paragraph 71.1 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.1

The allegations of Paragraph 75.1 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

75.2

The allegations of Paragraph 75.2 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

75.3

The allegations of Paragraph 75.3 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

75.4

The allegations of Paragraph 75.4 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.5

The allegations of Paragraph 75.5 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

75.6

The allegations of Paragraph 75.6 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.7

The allegations of Paragraph 75.7 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.8

The allegations of Paragraph 75.8 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.9

The allegations of Paragraph 75.9 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.10

The allegations of Paragraph 75.10 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.11

The allegations of Paragraph 75.11 are denied by the defendant, Sewerage and Water Board of New Orleans, for lack of sufficient information to justify a belief therein and defendant calls for strict proof thereof.

75.12

The allegations of Paragraph 75.12 require no answer by this defendant. However to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

**WHEREFORE**, for the reasons stated herein, defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due

proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the plaintiffs Elizabeth H. and William Keith Depass IV. and others enumerated in the complaint (along with members of the alleged putative class), dismissing all of the claims of the plaintiffs (and members of the alleged putative class) with prejudice, and at plaintiffs' (and members of the alleged putative class') cost.

Respectfully submitted,

/s/ George R. Simno III
_____
**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org
**ATTORNEYS FOR DEFENDANT**
**SEWERAGE & WATER BOARD OF NEW ORLEANS**

**OF COUNSEL**

**JOHN BOLOGNA KRENTEL**
8127 ST. CHARLES AVENUE
NEW ORLEANS, LA 70118
Telephone (504) 828-4468
Email: jbkflooddefense@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this pleading: <u>Answer by the Sewerage and Water Board of New Orleans to the First Amended Complaint</u>, has been served on all counsel of record in this proceeding, by email or by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 11th day of October, 2006.

/s/ George R. Simno III
_____
**GEORGE R. SIMNO III**

n:\lit\def\hurricane katrina\depass, elizabeth h\ple\061016answer.firstamendedcomplaint.doc