

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*  CIVIL ACTION<br>*  NO.: 05-4182 "K" (2)<br>*<br>*  JUDGE DUVAL<br>*<br>*  MAGISTRATE JUDGE WILKINSON |
| PERTAINS TO: INSURANCE<br>*Chehardy,* Nos. 06-1672, 06-1673, and 06-1674 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE INSURANCE COMPANY AND
### ALLSTATE INDEMNITY COMPANY'S
### REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
    Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
and Allstate Indemnity Company

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## INTRODUCTION

Plaintiffs' Opposition fails to address -- let alone distinguish -- a single case cited by Allstate requiring dismissal of their claims. More importantly, plaintiffs fail to analyze the language contained in Allstate's homeowner policy, which is distinctly different than some of the language found in the policies of other defendants. Allstate's policy, for example, does not contain the "ensuing loss" language primarily relied upon by the plaintiffs,[1] yet plaintiffs assert that such language renders Allstate's policy ambiguous and requires denial of its Motion. Opp. at 30-32. Plaintiffs also fail to address the different broad water damage exclusions in Allstate's policies, focusing instead on the "flood exclusion."[2] Plaintiffs simply have not paid attention to the particular terms of Allstate's homeowner policy. Indeed, Allstate's homeowner policies contain at least three separate exclusions that bar floods caused by third party negligence, and each of these provisions, including the flood exclusion, is clear, unambiguous, and enforceable.[3] Allstate's Motion should be granted in its entirety.

---

[1] The plaintiffs erroneously claim that Allstate's policy contains such language. Opp. at 30.

[2] Allstate's position is simply that plaintiffs have not addressed the unique language of the Allstate policy, and that the language of the Allstate policy leaves no question that plaintiffs have failed to state a claim against Allstate. Allstate by no means suggests that the differences in other carriers' policies warrant a different result as to those carriers.

[3] Contrary to plaintiffs' claim, Allstate did not raise issues relative to the National Flood Insurance Program ("NFIP"), and has not relied on anti-concurrent clause language to defend the claims against it. Opp. at 11, 17.

## ARGUMENT AND AUTHORITIES

### A. Allstate's Water Damage Exclusion Excludes Plaintiffs' Flood Claims.

Plaintiffs' principal claim is that Allstate's homeowner policy covers flood damage from third party negligence. Opp. at 6-8. Yet plaintiffs cite no case in support of their novel theory, and the policy itself contains at least three separate exclusions barring the claim.

#### 1. Allstate's Flood Exclusion Excludes Loss From Water Flowing Onto Normally Dry Land.

Allstate's flood exclusion plainly excludes, *inter alia*, any loss caused by:

1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

   Ex. A to MTD at p. 6 (¶ 1), ALST 00230-31.

The fact that the term "flood" is not defined in Allstate's policy does not mean, as plaintiffs suggest, that the "the court must adopt the meaning of that term most favorable to the policyholders." Opp. at 9. Plaintiffs cite *Hendrick v. American Insurance Company*, 176 So. 2d 827 (La. App. 2d Cir. 1965), but that case stated that where "a particular word or phrase is not defined, the courts will endeavor by means of generally accepted legal techniques to ascertain the common and popular meaning of such word or phrase." *Id.* at 830; *see Osoki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 717 (E.D. Mich. 2001) (It is not reasonable to expect that every word in an insurance contract will be internally defined.").[4]

The "common and popular meaning" of "flood" is water flowing over normally dry land without regard for the source or cause of the inundation.[5] Consistent with this definition, courts repeatedly have defined "flood" to mean "a body of water (including moving water) . . . overflowing or

---

[4] Louisiana Civil Code article 2056 expressly provides that only if doubt "cannot be otherwise resolved" does the rule interpreting a provision against the drafter apply.

[5] For example, the Oxford English Dictionary defines a "flood" as "an overflow of a large amount of water over dry land."

inundating land not usually covered, *and no distinction is made between natural and artificial causes.*" *Bartlett v. Continental Divide Ins. Co.*, 697 P.2d 412, 413 (Colo. Ct. App. 1984), *aff'd*, 730 P.2d 308 (Col. 1986) (citing 36A C.J.S. Flood) (emphasis added).[6]

Consistent with this common usage, courts routinely have enforced flood exclusions where the damage was caused by man-made failures or third party negligence.[7] Not one court in over 80 years has held otherwise in a case with remotely similar facts. *Murray v. State Farm Fire & Casualty Company*, 509 S.E.2d 1 (W. Va. 1998), heavily relied upon by plaintiffs, is wholly inapposite because, *inter alia*, it involved interpretation of an "earth movement" exclusion, and did not involve a claim for flood damage or the interpretation of a flood exclusion at all.

Indeed, plaintiffs' argument interpreting the word "flood" to include natural floods but exclude man-made floods makes no more sense than arguing that the word "flood" should include man-made but exclude natural. "Man-made" and "natural" are both terms of limitation. By using the word "flood" without any such limitation, the policy as a matter of plain English usage clearly and unambiguous includes *all* floods, regardless of origin.

2.  **The Surface Water Exclusion in Allstate's Policies Bars Flood Claims.**

The flood exclusion aside, plaintiffs' Opposition nowhere addresses Allstate's surface water exclusion, that specifically excludes damage caused by:

---

[6] See, e.g., *Wallis* and *Aetna*, cited in Allstate's prior brief.

[7] See, e.g., *E.B. Metal*, *TNT Speed*, and *Bartlett*, cited in Allstate's prior brief.

> 2. Water or any other substance on or below the surface of the ground, *regardless of its source.* This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.[8]
>
> Exh. "A" at p. 6 (¶ 2), ALST 00230
> (emphasis added).

Courts repeatedly have barred flood claims based on similar surface water exclusions.[9] Allstate's surface water exclusion was itself recently upheld as a bar to claims for water damage caused by Hurricane Katrina. *See Buente v. Allstate Prop. & Cas. Ins. Co.,* 2006 WL 980784, at *1 (S.D. Miss. Apr. 12, 2006). On that alone, plaintiffs' claims are barred.

### 3. Allstate's Faulty Workmanship Exclusion Bars Plaintiffs' Flood Claims.

The Allstate policy expressly excludes losses caused by negligent planning, construction, and maintenance, the precise causes of the damage according to the plaintiffs:

> Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
>
> a) planning, zoning, development, surveying, siting;
> b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c) materials used in repair, construction, renovation or remodeling; or
> d) maintenance;
>
> of property *whether on or off the residence premises by any person or organization.*
>
> Ex. A at p. 8 (¶ 22), ALST 00232
> (emphasis added).

Plaintiffs' assertion that the exclusion applies only to negligence by the insured's contractor occurring on the insured's property is contrary to the express and unambiguous language of the exclusion -- "*whether on or off* the residence premises by *any* person or organization." *Id.* (emphasis

---

[8] During the *Vanderbrook* oral argument, the Court asked: "Where in the policy does it clearly state . . . that flood *caused by any source*?" Tr. at 54 (Aug. 25, 2006) (emphasis added). As explained above, the absence of limiting terms in the flood exclusion means it includes all floods, regardless of the source. Further, Allstate's Surface Water Exclusion expressly excludes damage from surface water "regardless of its source."

[9] *See, e.g., Travelers, Cochran,* and *Sherwood Real Estate,* cited in Allstate's prior brief.

added). Moreover, although *Husband v. Lafayette Insurance Company*, 635 So. 2d 309 (La. App. 5th Cir. 1994) did address a situation where the negligence occurred on the insured's property, it in no way limited application of the exclusion only to such instances. Opp. at 30. Plaintiffs' distorted reading of *Husband* contradicts the courts' consistent enforcement of negligence exclusions no matter where the negligence takes place.[10]

### B. Allstate's Flood, Surface Water, and Third Party Negligence Exclusions Are Not Ambiguous, and Thus the Parties' "Reasonable Expectations" Need Not Be Considered.

Plaintiffs urge the Court to disregard the language of the policy in favor of the supposed "reasonable expectations" of the parties and other extrinsic evidence.[11] Opp. at 14-16, 32-36. Louisiana law, however, provides that where the terms of a contract are "clear and explicit and lead to no absurd results, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046; *see Shocklee v. Mass. Mut. Life Ins. Co.*, 369 F.3d 437, 440 (5th Cir. 2004) (where contract is clear, "the contract's meaning and the intent of its parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence").[12]

Allstate's insurance policy is clear and unambiguous. Judge Vance recently held that Allstate's flood exclusion is "clearly worded"; the "clear policy language" indicates that flooding caused by hurricanes is excluded, and given the policy language and express notice that flood is not covered, an

---

[10] *See, e.g., Waldsmith*, cited in Allstate's prior brief; *El Rincon Supportive Servs. Org. Inc. v. First Nonprofit Mutual Ins. Co.*, 803 N.E.2d 532, 538 (Ill. App. Ct. 2004) (loss resulted from faulty construction work on property adjacent to insured's property).

[11] Plaintiffs also argue that the anti-concurrent clause is ambiguous. Allstate's policy does not contain an anti-concurrent clause, nor does Allstate rely on one.

[12] Insurance policies are subject to the rules for contract interpretation. *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96 (La. 2004); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) ("policy is a contract between the parties, and it should be construed according to the general rules of contract interpretation set forth in the Civil Code").

insured could not justifiably rely on an agent's alleged representations that the policy actually covered flood. *Dobson v. Allstate Ins. Co.*, No. 06-0252, *Slip Op.* 2006 WL 2078423, at *11-12 (E.D. La. Jul. 21, 2006). That the flood exclusion does not specify that the term "flood" includes man-made floods does not mean that the flood exclusion is ambiguous. *See Oskoki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 717 (E.D. Mich. 2001) ("It is not reasonable to expect that every word in an insurance contract will be internally defined.").

Allstate's surface water and faulty workmanship exclusions similarly are unambiguous, and plaintiffs have offered no argument suggesting otherwise. Accordingly, neither the parties' alleged "reasonable expectations" nor extrinsic evidence can be considered. *Ramirez v. Walker*, No. 05-51421, 2006 WL 1916856, at *6 (5th Cir. July 12, 2006) ("discovery was unnecessary prior to ruling on the defendants' motion to dismiss"); *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 352 (5th Cir. 2003) (policy forms law between parties and must be enforced as written).

### C. The Proximate Cause Doctrine Does Not Invalidate the Policy's Exclusions.

Plaintiffs argue that neither the flood exclusion nor the third party exclusion bars coverage because wind and/or third party negligence proximately caused the damage, and therefore even water damage is covered. Opp. at 18. The plaintiffs' argument requires the Court to read out of the policy the exclusion's plain language excluding flood damage "whether or not driven by wind," damage caused by surface water regardless of the source, and the faulty workmanship exclusion. Louisiana law has long

recognized that an insurance policy is a contract that forms the law between parties and must be enforced as written.[13]

Plaintiffs nevertheless argue that the exclusions should not be enforced because they abrogate the so-called "proximate cause" doctrine. Opp. at 18. But an insurer's limitation of liability under a policy must be enforced unless violative of a statute or public policy. *See Magnon v. Collins*, 739 So. 2d 191, 196-97 (La. 1999). Plaintiffs cite neither a statute nor public policy prohibiting the exclusion of flood or water damage, whether "proximately caused" by wind or not. *Twin City Pipe Line v. Harding Glass*, 283 U.S. 353 (1931) (public policy is narrow exception to negating contract and should be applied cautiously and only in cases involving dominant public interest); *see Muschany v. United States*, 324 U.S. 49, 66 (1945) ("Only dominant public policy would justify such action."). Public policy must be "deducible in the given circumstances from constitutional or statutory provisions," and should be based on a "judicial determination, if at all, only with the utmost circumspection." *Patton v. United States*, 281 U.S. 276, 306 (1930).

That the courts use the concept of "efficient proximate cause" as a basis for determining the extent of a covered loss hardly amounts to a public policy that prohibits insurers from contractually limiting that coverage. Courts considering similar arguments have agreed that an insurer is permitted to

---

[13] *Musmeci*, 332 F.3d at 352 (5th Cir. 2003) (enforcing insurance provisions even though it resulted in no coverage for claims asserted), *cert. denied*, 540 U.S. 1110 (2004); *Travelers Ins. Co. v. Joseph*, 656 So. 2d 1000, 1003-04 (La. 1005) ("the Civil Code establishes that parties are free to contract for any object that is lawful, possible, and determined or determinable"); *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) ("policy is a contract between the parties, and it should be construed according to the general rules of contract interpretation set forth in the Civil Code").

contract out of "proximate cause" rule and limit its liability through exclusions, absent violation of a statute or public policy.[14]

### D. The Hurricane Deductible Endorsement Does Not Create Or Expand Coverage.

This Court and Judge Senter have agreed that Hurricane Deductibles do not create coverage for water damage. *Vanderbrook* Tr. at 116 (Aug. 25, 2006); *Leonard v. Nationwide Ins. Co.*, No. 1:05-475, 2006 WL 1674288, at *2 (S.D. Miss. Jun. 13, 2006). Plaintiffs cite no case holding otherwise, and Allstate is aware of none.

Plaintiffs' argument that the Hurricane Deductible Endorsement overrides the express policy terms because they conflict misses the mark. The Hurricane Deductible Endorsement neither conflicts with nor changes the coverages available under the policy. It simply limits the amount to be paid "when a *covered* loss caused by windstorm exceeds the deductible amount" and then specifies that "All other provisions of the Policy apply". (Emphasis added). Because there is no conflict between the policy terms, on the one hand, and the Hurricane Deductible Endorsement, on the other, the Endorsement simply does not change the coverage or create an ambiguity.

### E. Plaintiffs' Purported Bad Faith Claims Should Be Dismissed.

Plaintiffs cite no authority recognizing a cause of action against an insurer for breach of an *implied* covenant of good faith and fair dealing. Opp. at 39-42 (Count Three). An insurer's extra-contractual liability is limited to claims for violation of one of the specific duties listed in Louisiana

---

[14] *Schroeder v. State Farm*, 770 F. Supp. 558, 561 (D. Nev. 1991) (policy exclusion properly "contract[ed] out of the efficient proximate cause doctrine without violating public policy") (relying on *Millar v. State Farm Fire & Cas. Co.*, 804 P.2d 822, 826 (Ariz. Ct. App. 1990) (same); *see also Reynolds v. Select Properties Ltd.*, 634 So. 2d 1180, 1183 (La. 1994) (insurer's liability under policy may be limited if not violative of public policy or statute).

Revised Statute 22:1220(B).[15] Since plaintiffs do not allege a violation of any of the specific duties listed in the statute, Count Three must be dismissed.

In Count Four, plaintiffs do allege that Allstate and other insurers are liable in bad faith pursuant to Louisiana Revised Statute 22:1220. In its prior brief, Allstate set forth myriad authorities establishing that plaintiffs had failed to state a claim under the particular provisions of the statute because, *inter alia*, flood damage is excluded under the Allstate policy; no misrepresentations were alleged by plaintiffs; no monies were owed to plaintiffs for flood damage; and Allstate cannot be found to have acted arbitrarily or capriciously because similar flood exclusions universally have been upheld. None of this has been refuted.

Instead, plaintiffs focus their discussion of bad faith almost entirely on the issue of floodwater marks under Louisiana Revised Statutes 22:658.2 and 22:1220. Opp. at 37-38. But floodwater marks have no relevance in this matter because the flood damage alleged by plaintiffs is *excluded* under the unambiguous terms of the Allstate policy. Nor do plaintiffs have any credible response to the overwhelming jurisprudence that Louisiana Revised Statute 22:1220 (which incorporates Louisiana Revised Statute 22:658.2) has no retroactive application.[16] *Sudwischer v. Estate of Hoffpauir*, 705 So. 2d 724, 729 (La. 1997), which involved retroactive application of procedural proof burdens in

---

[15] *Theriot v. Midland Risk Ins. Co.*, 694 So. 2d 184 (La. 1997); *Brister v. GEICO Ins.*, 813 So. 2d 614 (La. App. 1st Cir. 2002); *Wiley v. McDay*, 799 So. 2d 624 (La. App. 2d Cir. 2001); *Endsley v. Pennington*, 718 So. 2d 650 (La. App. 2d Cir. 1998); *Smith v. Midland Risk Ins. Co.*, 699 So. 2d 1192 (La. App. 2d Cir. 1997).

[16] *Premium Finance Co. v. Employers Reins. Corp.*, 761 F. Supp. 450 (W.D. La. 1991) (no retroactive effect because substantive change in law, and statutory duty previously did not exist); *Manuel v. Louisiana Sherrif's Risk Mgt. Fund*, 664 So. 2d 81 (La. 1995) (statute applied prospectively only).

inheritance disputes, has no application here and does not change the analysis. Opp. at 38. Plaintiffs have come forward with no credible argument to salvage their purported bad faith claim in Count Four.

### F. The Sole Case Cited by the Plaintiffs Establishes That the Breach of Fiduciary Duty Claim in Count Five Should Be Dismissed.

To save Count Five, the plaintiffs purport to rely on *Halter v. Allmerica Financial Life Insurance & Annuity Company*, No. 98-0718, 1998 WL 516109, at *4 (E.D. La. Aug. 19, 1998), yet *Halter* stated that "under Louisiana law, an insurer-insured relationship is contractual and does not give rise to a fiduciary duty." This is consistent with all of the jurisprudence cited by Allstate in its prior brief. Accordingly, Allstate owed no fiduciary duty to the plaintiffs, and therefore Count Five should be dismissed.

### CONCLUSION

Allstate's Motion to Dismiss should be granted in all respects. The plaintiffs' claim for flood damage is excluded under Allstate's homeowner policy (Counts One and Two); no claim lies for breach of implied duty of good faith and fair dealing and plaintiffs do not state a claim under La. R.S. 22:1220 (Counts Three and Four) and no cause of action exists for breach of fiduciary duty as a matter of law Count Five).

Respectfully Submitted,

/s/ Judy Y. Barrasso

Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
 Of
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
and Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply Brief in Support of Motion to Dismiss has been served upon all counsel of record via electronic mail this 16th day of October, 2006.

*/s/ signature*