# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| | * | **NO. 05-4182** |
| | * | **SECTION "K"(2)** |
| | * | **JUDGE DUVAL** |
| | * | **MAG. WILKINSON** |
| _____ | * | |
| **PERTAINS TO:** | * | |
|     **INSURANCE;** | * | |
|     **NABIL HANNA, NO. 06-6481** | * | |
| _____ | | |

## <u>ANSWER BY DEFENDANT SUSAN BOWMAN</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant Susan Bowman ("Bowman") and responds to the Petition for Damages filed by Plaintiff Nabil Hanna ("Hanna") as follows:

## 1.

Bowman denies all allegations regarding the Susan Bowman Agency, as such an entity does not exist and/or is not affiliated with Defendant Bowman. Defendant Bowman admits the remaining allegations set forth in the second paragraph of Paragraph 1 of the Petition for Damages.

The first and third paragraphs of Paragraph 1 of the Petition for Damages are not directed at Defendant Bowman, and therefore do not require a response.  To the extent a response is required, Bowman denies the allegations for insufficient reasons to justify a belief therein.

**2.**

Defendant Bowman denies the allegations contained in Paragraph 2 of the Petition for Damages.

**3.**

Defendant Bowman admits that Farm Bureau issued Homeowner's Policy No. HO355759 on property located at 1008 Clive Court in Slidell, Louisiana.  Defendant Bowman denies the remaining allegations contained in Paragraph 3 of the Petition for Damages for insufficient information to justify a belief therein.

**4.**

Defendant Bowman denies the allegations contained in Paragraph 4 of the Petition for Damages.

**5.**

Defendant Bowman admits that she is a registered insurance producer with the Louisiana Department of Insurance, but denies the remaining allegations set forth in Paragraph 5 of the Petition for Damages.

**6.**

Paragraph 6 of the Petition for Damages is not directed at Defendant Bowman, and therefore does not require a response.  To the extent a response is required,

Defendant Bowman denies any allegations of wrong doing on her part or any liability to Hanna.

**7.**

Defendant Bowman admits that the Plaintiff was issued a homeowner's policy from Farm Bureau.  Defendant Bowman denies the remaining allegations contained in Paragraph 7 of the Petition for Damages for insufficient information to justify a belief therein.

**8.**

Defendant Bowman denies the allegations contained in Paragraph 8 of the Petition for Damages.

**9.**

Defendant Bowman admits that HO355759 was issued for $156,000 for dwelling and $15,600 for other structures.  Defendant Bowman denies the remaining allegations contained in Paragraph 9 of the Petition for Damages for insufficient information to justify a belief therein.

**10.**

Defendant Bowman admits that on August 29, 2005 Hurricane Katrina hit the Gulf Coast, but denies the remaining allegations contained in Paragraph 10 of the Petition for Damages for insufficient information to justify a belief therein.

**11.**

Paragraph 11 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response.  To the extent a response is required,

Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

## 12.

Paragraph 12 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response.  To the extent a response is required, Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

## 13.

Paragraph 13 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response.  To the extent a response is required, Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

## 14.

Paragraph 14 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response.  To the extent a response is required, Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

## 15.

Paragraph 15 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response.  To the extent a response is required, Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

**16.**

Paragraph 16 of the Petition for Damages is not directed towards Defendant Bowman, and therefore does not require a response. To the extent a response is required, Defendant Bowman denies the allegations contained therein for insufficient information to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 of the Petition for Damages contain legal conclusions which do not require a response. Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman. To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**18.**

The allegations contained in Paragraph 18 of the Petition for Damages contain legal conclusions which do not require a response. Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman. To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**19.**

The allegations contained in Paragraph 19 of the Petition for Damages contain legal conclusions which do not require a response. Moreover, the allegations are directed

at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**20.**

The allegations contained in Paragraph 20 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**21.**

The allegations contained in Paragraph 21 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**22.**

The allegations contained in Paragraph 22 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**23.**

The allegations contained in Paragraph 23 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**24.**

The allegations contained in Paragraph 24 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**25.**

The allegations contained in Paragraph 25 of the Petition for Damages are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the extent a response is required, Defendant Bowman denies the allegations for insufficient information to justify a belief therein.

**26.**

The allegations contained in Paragraph 26 of the Petition for Damages contain legal conclusions which do not require a response.  Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman.  To the

extent a response is required, Defendant Bowman denies the allegations contained therein.

**27.**

The allegations contained in Paragraph 27 of the Petition for Damages contain legal conclusions which do not require a response. Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman. To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**28.**

The allegations contained in Paragraph 28 of the Petition for Damages contain legal conclusions which do not require a response. Moreover, the allegations are directed at Defendant Farm Bureau, and do not require a response by Defendant Bowman. To the extent a response is required, Defendant Bowman denies the allegations contained therein.

**29.**

Defendant Bowman denies the allegations contained in Paragraph 29 of the Petition for Damages.

**30.**

Defendant Bowman denies the allegations contained in Paragraph 30 of the Petition for Damages.

**IN FURTHER ANSWER** to the Petition for Damages, Defendant Bowman avers as follows:

## AFFIRMATIVE DEFENSE NO. 1

Pursuant to Louisiana Revised Statute 9:5606, Hanna's claims against Defendant Bowman are timed barred.

## AFFIRMATIVE DEFENSE NO. 2

Hanna's claims fail to state a cause of action against Defendant Bowman.

## AFFIRMATIVE DEFENSE NO. 3

Hanna's claims against Defendant Bowman are premature since Plaintiff may still be in settlement and coverage negotiations with Farm Bureau.

## AFFIRMATIVE DEFENSE NO. 4

In the alternative, and only in the event that this Court should find that Plaintiff sustained damages for which Defendant Bowman is responsible, which is denied, Bowman specifically pleads the negligence and/or fault of Plaintiff, which negligence and/or fault was a substantial cause-in-fact of his damages and should operate to completely bar recovery herein or, alternatively, reduce recovery on a comparative fault basis.

## AFFIRMATIVE DEFENSE NO. 5

In the alternative, and only in the event that this Court should find that Plaintiff sustained damages for which Bowman is responsible, which is denied, Bowman pleads the negligence and/or fault of third parties for whom Bowman is not responsible, which negligence and/or fault was the substantial cause-in-fact of Plaintiff's damages and

should operate to completely bar recovery against Bowman or, alternatively, reduced recovery on a comparative fault basis.

## <u>AFFIRMATIVE DEFENSE NO. 6</u>

In the alternative, and only in the event that this Court should find that Plaintiff sustained damages for which Bowman is responsible, which is denied, Bowman specifically pleads that Plaintiff failed to mitigate his damages.

**WHEREFORE,** Defendant Susan Bowman prays that there be a Judgment herein in her favor and against the Plaintiff, Nabil Hanna, dismissing the plaintiff's claim at his cost.

**Respectfully submitted:**


_____/s/ Beverly A. DeLaune_____
**WILLIAM E. WRIGHT, JR. (#8564)**
**wwright@dkslaw.com**

**BEVERLY ALOISIO DeLAUNE (#26781)**
**bdelaune@dkslaw.com**

**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**755 Magazine Street**
**New Orleans, LA   70130-3672**
**Telephone: (504) 581-5141**
**Facsimile:  (504) 566-1201**
*Attorneys for Susan Bowman*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by e-notice and/or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 19th of October, 2006.

_____/s/ Beverly A. DeLaune_____
**BEVERLY ALOISIO DᴇLAUNE**