# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NABIL HANNA<br><br>                         **Plaintiff,**<br><br>VERSUS<br><br>FARM BUREAU INSURANCE COMPANIES, SUSAN BOWMAN AND/OR SUSAN BOWMAN AGENCY, AND ABC INSURANCE COMPANY<br><br>                        **Defendants** | CIVIL ACTION NO.: 06-6481<br><br>JUDGE:<br>    STANWOOD R. DUVAL, JR.<br><br>SECTION: "K"<br><br>MAGISTRATE: ALMA L. CHASEZ<br><br>MAG. (5) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

The defendant has removed this case to federal court. Plaintiff has moved to remand for lack of subject matter jurisdiction. When federal jurisdiction is disputed, the burden is on the removing party to establish federal jurisdiction.[1]  Both the facts of this case and recent case law

---

[1] The removing defendants carry the burden of showing the existence of federal jurisdiction. See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The defendants must prove the existence of all facts necessary to establish federal jurisdiction. Any statutory ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87

support the conclusion that this Court lacks subject matter jurisdiction over the case at hand. Plaintiff does not allege any cause of action based on the adjustment or administration of any flood policy. There are no federal questions. Complete diversity does not exist among the parties. This case was properly filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

A review of governing legal principles will show that the defendant has failed to demonstrate the existence of federal jurisdiction in our case and the case must be remanded to state court with costs and attorney's fees awarded to Plaintiff.

## FACTUAL BACKGROUND

Plaintiff, NABIL HANNA (hereinafter "Hanna"), filed a petition for damages on August 18, 2006 in the 22nd Judicial District Court for the Parish of St. Tammany. The petition names as defendants Farm Bureau Insurance Company (hereinafter Farm Bureau), Susan Bowman and/or Susan Bowman Agency (hereinafter Bowman), and ABC Insurance Company (Hereinafter ABC). Farm Bureau is a foreign insurer licensed to do and doing business in the State of Louisiana. Bowman is a resident of Louisiana and a registered insurance producer in the State of Louisiana acting as an agent of Farm Bureau.

Hurricane Katrina damaged Plaintiff's home and the contents therein. Bowman sold a homeowner's insurance policy to Plaintiff, which was issued by Farm Bureau. This policy was in effect on August 29, 2005.

Plaintiff alleges that defendant Farm Bureau failed to properly adjust and pay claims under his homeowner's policy. Farm Bureau has tendered less than twenty-seven thousand dollars ($27,000.00) to plaintiff under his homeowner's insurance policy. Plaintiff further alleges that

---

*(E.D. La. 1989)*; see also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

defendant Bowman breached its fiduciary duty by not advising Plaintiff of the availability or need for additional coverage for flood damages and by directly or indirectly informing Plaintiff that the policy sold to him would cover "all hurricane damages." Plaintiff is seeking damages, penalties and/or attorney's fees as a result of Defendants' actions or inactions.

Plaintiff's petition clearly alleges only state law claims against Defendants. There are no questions of federal law under which this Court could exercise subject matter jurisdiction. Furthermore, there is no diversity jurisdiction since complete diversity of citizenship does not exist among the parties in this litigation.

Plaintiff now seeks to have this case remanded to state court. Because of the undue delay and expenses resulting from defendant Farm Bureau's unreasonable removal to federal district court, Plaintiff respectfully requests that this Court exercise its discretion to award attorney's fees and expenses to underscore that the Court will not tolerate the bad faith litigation tactics employed by Defendant.

## SUMMARY OF GOVERNING LEGAL PRINCIPLES

Numerous lawsuits have been filed in state court as the result of Hurricane Katrina. The various insurance company defendants have repeatedly attempted to remove these lawsuits to federal court, relying on various theories to establish federal jurisdiction. The insurers' efforts to establish federal jurisdiction have focused on the following:

(1) MMTJA original jurisdiction (28 U.S.C. 1369);

(2) MMTJA supplemental jurisdiction (28 U.S.C. 1441(e)(1)(B));

(3) preemption under the National Flood Insurance Act; and,

(4) diversity jurisdiction (28 U.S.C. 1332).

When the plaintiff sues his insurance agent as well as his insurer, insurance companies

attempting to establish diversity contend that the agent has been fraudulently joined.

The federal courts have uniformly refused to find MMTJA jurisdiction. The federal courts have looked at the facts of each case in order to determine whether NFIA preemption or diversity jurisdiction exists. A survey of the case law is as follows.

### (1) MMTJA original jurisdiction (28 U.S.C. 1369)

The MMTJA applies to create federal jurisdiction in certain mass disaster cases. Specifically, there is federal jurisdiction if "a single accident" results in 75 or more deaths at "a discrete location" and if certain other criteria are met (e.g., there must be "minimal diversity"). 28 U.S.C. 1369(a). The term "accident" is defined as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." 28 U.S.C. 1369(C)(4).

Courts have uniformly refused to take jurisdiction over Katrina cases under 28 U.S.C. 1369(a), because it is simply not possible to view Katrina as an "accident" within the meaning of the statute and because the deaths caused by Katrina did not occur at "a discrete location." [2] *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes that Katrina is not an "accident" for MMTJA purposes so there is no original MMTJA jurisdiction); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-

---

[2] In this connection, plaintiff would respectfully ask this Honorable Court to take judicial notice of the following well known facts: Katrina achieved hurricane status on August 23, 2005. Katrina made an initial landfall in Florida, causing substantial property damage and the deaths of approximately 10 persons. Katrina then moved back into the Gulf of Mexico and strengthened sharply while disrupting offshore oil production. Katrina then made a second landfall in Louisiana on August 29 and swept across South Louisiana flooding large portions of Plaquemines Parish, St. Bernard Parish, Orleans Parish, and Jefferson Parish with resulting death and destruction in these and inland parishes. Katrina then moved briefly back across the waters of the Gulf to make a third and final landfall in Mississippi, causing additional death and destruction in Mississippi and Alabama. After this final landfall, Katrina moved inland causing much additional destruction and several deaths in several interior states before finally dropping below tropical storm strength in the neighborhood of the Great Lakes on August 31. For a complete description of these events, see article *Hurricane Katrina Effects by Region*, Wikipedia, The Free Encyclopedia, http://en.wikipedia.org/wiki/Hurricane_Katrina_effects_by_region.

2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that Katrina was not an "accident" within the meaning of the MMTJA but, instead, was a "natural event" which caused many separate accidents; there is no MMTJA original jurisdiction); *Carroll v. Lafayette Insurance Co.*, 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes there is no MMTJA original jurisdiction); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier finds defendant has failed to establish MMTJA original jurisdiction); *Willhoft v. Kert Leblanc Ins. Agency, 06-1235 (E.D.La. 7/5/06), 2006 U.S. Dist. LEXIS 45796* ( Judge Lemmon holds that there is no MMTJA original jurisdiction over Katrina claims brought by individual plaintiffs against their insurers); *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA original jurisdiction); *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA original jurisdiction); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no MMTJA original jurisdiction).

### (2) MMTJA supplemental jurisdiction (28 U.S.C. § 1441(e)(1)(B))

MMTJA supplemental jurisdiction exists under 28 U.S.C. § 1441(e)(1)(B) when there are two related cases as follows:

> (1) a federal court case with MMTJA jurisdiction under 28 U.S.C. 1369 which has the insurer as a defendant;
>
> (2) a state court case which arises out of the same "accident" and which has the same insurer as a defendant.

When this pattern exists, the federal courts will have MMTJA supplemental jurisdiction over the

second of the two cases and this case can be removed to federal court. *See Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).

There are a handful of Katrina-related mass tort suits pending in federal court and various insurers have attempted to remove various state court cases on the theory that the state court case arises out of the same "accident" as one or another of the pending federal cases.[3] So far, no defendant has succeeded in achieving removal on this basis. There are several reasons why the removing insurers have been unsuccessful in establishing MMTJA supplemental jurisdiction, including the following.

First, although the defendants usually cite *Wallace* in support of their position, a full review of this case will show that *Wallace* gives little assistance to the defense. In *Wallace*, Judge Livaudais remanded the case and indicated that the basis for remand was a decision to abstain from the exercise of jurisdiction pursuant to 28 U.S.C. 1369(b). The 5th Circuit reversed, concluding that IF a federal court that has MMTJA supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B), then the court may not abstain under 28 U.S.C. 1369(b) but, instead, must proceed to hear the case. The 5th Circuit remanded the case to Judge Livaudais for further proceedings. Judge Livaudais, as directed, went beyond 28 U.S.C. 1369(b) abstention and addressed the jurisdictional issues. He concluded that the insurer had failed to establish MMTJA supplemental jurisdiction and again remanded the case to state court. *Wallace v. Louisiana Citizens Property Insurance Corporation*, 06-0114 (E.D. La. 6/7/06). The defense, dissatisfed with this outcome, sought relief from the 5th Circuit. However, the 5th Circuit refused to hear the case. *Wallace v. Louisiana Citizens Property Insurance Corporation*, _____ (5th Cir. 8/2/06).

---

[3] One of these federal cases (*Chehardy*) is discussed in *Wallace*.

In sum, the 5th Circuit in *Wallace* did not hold that there is federal jurisdiction over Katrina cases or over any subclass of Katrina cases.[4] The 5th Circuit merely held that, if and when 1441(e)(1)(B) jurisdiction is established, the federal judge to whom the case is assigned should proceed to hear the case rather than abstain under 1369(b).

A second problem insurers face in attempting to establish MMTJA supplemental jurisdiction is that there are ongoing jurisdictional disputes about most of the Katrina-related cases which are currently pending in federal court. It is not clear that there is 1369(a) jurisdiction over these cases and it is not clear that a defendant can remove a state court case under 28 U.S.C. 1441(e)(1)(B) for the purpose of joining it with an already-pending federal case when jurisdiction has not yet been established in the pending federal case.

Third, in order to justify removal on a theory of MMTJA supplemental jurisdiction, the defendant has to establish that there is a close relationship between the pending federal case and the state case sought to be removed. The statute specifies that both claims must arise out of the same "accident." As noted above, Katrina is not an "accident" within the meaning of the MMTJA so merely showing that both claims result from Katrina does not begin to meet the "arising from the same accident" test. Additionally, judges that have addressed this issue appear to be adopting a procedural test: it appears that, in order for two cases to arise out of the same "accident" for MMTJA purposes, the cases must be sufficiently related that, if the state case is removed to federal court, the removed state case can be consolidated with the pending federal case. This criterion follows logically from the purpose of the MMTJA. Since the whole purpose

---

[4] *Wallace* discusses a case pending in the Eastern District (the *Chehardy* case) as a case which might possibly qualify as an anchor case supporting supplemental MMTJA supplemental jurisdiction. However, *Wallace* does not hold that *Chehardy* or any other federal case is, in fact, a suitable anchor to support supplemental jurisdiction for any state case. *Wallace* merely instructs the district court to examine the issue. As noted above, when Judge Livaudais examined the issue in response to the 5th Circuit's instructions, he concluded that supplemental jurisdiction did not exist.

of the MMTJA is to enable consolidation of all cases from a mass disaster into a single lawsuit, there is little purpose in removing a state court case to federal court if it can't be consolidated with the already-pending federal lawsuit.

In sum, common issues and other characteristics necessary to support consolidation are required. It appears that procedural barriers to consolidation may prevent a finding of supplemental jurisdiction. For example, if the federal case is a class action, it is not clear that an individual claim can be removed from state court on the theory that MMTJA supplemental jurisdiction exists, since the individual claim, even if removed, could not be consolidated with the class action because this would destroy the individual's right to opt out of the class.

Thus, in order to establish MMTJA supplemental jurisdiction, the defense must do far more than present a general allegation of relatedness. A defendant who desires to establish MMTJA supplemental jurisdiction must demonstrate a close relationship between the pending federal case and the state case which the defendant is attempting to remove. It appears that the defendant must be able to show that the state case, if removed, could be consolidated with the pending federal case. So far, no defendant has been able to carry this heavy burden and no defendant has been able to establish MMTJA supplemental jurisdiction over a Katrina claim.

To the contrary, district judges that have addressed the issue have uniformly concluded that there is no MMTJA supplemental jurisdiction over Katrina claims. Judge Livaudais's decision on remand in *Wallace* has already been discussed above. Other judges, presented with similar arguments on other fact patterns, have also reached the conclusion that MMTJA supplemental jurisdiction does not exist. *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes there is no MMTJA supplemental jurisdiction and remands case); *Carroll v. Lafayette Insurance Co.*, 06-3955 (E.D.

La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction and remands case); *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA supplemental jurisdiction, case remanded); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that there is no MMTJA supplementary jurisdiction, case remanded); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier defendant has failed to establish MMTJA supplemental jurisdiction, case remanded); *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction because a claim against an agent for failure to procure adequate insurance does not "arise out of" an accident, case remanded); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no no MMTJA supplemental jurisdiction, case remanded) .

### (3) NFIA preemption

There is some authority which suggests that NFIA preemption serves to provide federal jurisdiction for lawsuits in which there was a federal flood insurance policy in place on the date of the loss and the insurance agent or broker is alleged to have engaged in improper claims adjusting practices after the date of the loss. However, it is well settled that NFIA preemption does NOT apply when the plaintiff asserts a state law claim against an insurance agent or broker for failure to properly advise the plaintiff regarding the decision to procure flood insurance. *Serruntine v. State Farm Fire and Casualty*, 06-1580 (E.D. La. 8/2/06) (Judge Vance, citing numerous cases, remands claim based on alleged failure to procure adequate flood insurance

because NFIA doesn't preempt claims arising out of errors in procuring flood insurance coverage); *Smith Lupo Williams Partners v. Carter*, 06-2808 (E.D. La. 8/31/06) (Judge Africk concludes that NFIA doesn't preempt state claims relating to procurement of flood insurance); *Willhoft v. Kert Leblanc Ins. Agency*, 06-1235 (E.D.La. 7/5/06), 2006 U.S. Dist. LEXIS 45796 (Judge Lemmon); *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle); *Landry v. State Farm Fire and Casualty Co.*, 06-181 (E.D. La. 8/17/06) (Judge Fallon); *Cosse v. Matte*, 06-2590 (E.D. La. 7/7/06) (Judge McNamara).

### (4) Diversity jurisdiction and fraudulent joinder

Federal courts have uniformly recognized that, under Louisiana law, an insured may bring a claim against his insurance agent or broker for negligence or breach of fiduciary duty if the agent or broker fails to give adequate advice or otherwise fails to exert himself appropriately concerning the procurement of proper insurance coverage. Therefore, when a Louisiana plaintiff sues a Louisiana agent or broker as well as an out of state insurance company, the Louisiana plaintiff will usually be found to have stated a viable claim against the agent or broker. Thus, there is no fraudulent joinder and no diversity jurisdiction. For cases illustrating this point, see *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes that there is no diversity jurisdiction over Katrina claim because plaintiff's claim against his insurance agent does not constitute fraudulent joinder); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no diversity jurisdiction because insurance agent was not fraudulently joined; under Louisiana law, agents and brokers may be held liable for fault in failing to procure adequate insurance coverage and defendant has not

conclusively established that the defendant broker would have a peremption defense; case remanded); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier finds there is no diversity jurisdiction because the amount in controversy doesn't exceed $ 75,000;); *Harrington v. Lexington Insurance Co.*, 06-1440 (E.D. La. 8/1/06) (Judge Vance concludes that Louisiana law recognizes causes of action against agents for fault in failing to assist the insured to obtain adequate coverage and this claim may properly be joined with a claim against the insurer; hence a claim against an agent doesn't constitute fraudulent joinder in a suit against the insurer, there is no diversity jurisdiction, case must be remanded ); *Gertrude Gardner, Inc. v. State Farm Mutual Automobile Insurance Co.*, 02-3182 (E.D. La. 6/30/04) 2004 U.S. Dist. LEXIS 12181 (Judge Berrigan examines Louisiana law in depth, concludes that, on proper showing, agent or broker may be held liable for fault in failing to assist insured in procuring adequate insurance).

To this point, plaintiff has identified only two decisions in which federal judges resolved a dispute over jurisdiction by finding federal jurisdiction of Katrina claims and each of these two cases turn on their facts. In *Tomlinson v. St. Paul Fire and Marine Insurance Company*, 06-3273 (E.D. La. 9/12/06), the plaintiff sued his agent but did not allege fault in failing to procure flood insurance but alleged, in general terms, that the agent was at fault in failing to assist the plaintiff in pursuing his claim once the damage was done. Judge Feldman analyzed Louisiana law at some length, concluded that the agent does not, in general, have a duty to assist the insured in pursuing his claim once the damage has occurred and therefore the agent cannot be sued for breach of such alleged duty; as a result, Judge Feldman found fraudulent joinder. In *Madere v. State Farm Fire and Casualty Company, 06-2889* (E. D. La. 9/13/06), 2006 U.S. Dist. LEXIS 65315, the plaintiff did not name any Louisiana defendant but, instead, argued that there was no

diversity jurisdiction because the jurisdictional amount had not been met. Judge Duval concluded that the amount in controversy was in excess of $75,000 and therefore diversity jurisdiction existed.

### DEFENDANT'S UNREASONABLE REMOVAL TO FEDERAL COURT WARRANTS AN AWARD OF ATTORNEY'S FEES AND EXPENSES

Plaintiff respectfully requests the Court to exercise its discretion to award attorney's fees pursuant to 28 U.S.C. § 1447(c). Absent unusual circumstances, a court has the discretion to award attorney's fees only when the removing party lacks an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., __U.S.__, 126 S.Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)). Defendant Farm Bureau's removal was objectively unreasonable since removal was clearly legally improper given this Court's recent decisions in Richmond, Schwartz and Sullivan, each of which makes it clear that Defendant's removal in this case was without legal basis. Plaintiff urges the court to consider the strong need to deter Defendant from incorrectly asserting improper joinder as a basis for removing similar homeowner's insurance disputes related to Hurricane Katrina to federal court. This delay tactic by defendant Allstate is most egregious in light of the fact that the homes and lives of Hurricane Katrina victims cannot be fully rebuilt until these claims are properly decided in a court of law. In the case at hand, defendant Allstate should have been aware that its notice of removal was without merit and the Court should exercise its discretion to award attorney's fees and costs associated with challenging Defendant's removal action.

### CONCLUSION

For the foregoing reasons, Plaintiff, Nabil Hanna, moves this court to remand the matter to the 22nd Judicial District Court for the Parish of St. Tammany and to sanction defendant Farm

Bureau in an amount equivalent to the costs and fees Plaintiff incurred in defending against this removal.

Respectfully submitted,

*(signature)*

RICHARD M. EXNICIOS (LSBN 25666)
FRANK J. D'AMICO, JR. (LSBN 17519)
622 Baronne Street
New Orleans, LAW 70113
Telephone:  (504) 525-9561
Facsimile:  (504) 525-9522

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all parties and all counsel of record by depositing a copy of the same in the United States Mail, properly addressed and first-class postage prepaid, this 20th day of October 2006.

*(signature)*

RICHARD M. EXNICIOS