# Exhibit 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLLEEN BERTHELOT, ET AL.,** | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| **BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL.** | SECTION "K"(2) CONS. KATRINA CANAL |

**PERTAINS TO: O'Dwyer 05-4181**

### ORDER AND REASONS

Before the Court are the following motions that were filed in *O'Dwyer, et al. v. The United States of America, et al.*, C.A. 05-4181:

| | |
|---|---|
| Doc. 104 | Motion to Dismiss for Want of Standing or, Alternatively Pursuant to FRCP 12(b)(1), FRCP 12(b)(6) and FRCP 11(b)(2) with Incorporated Memorandum in Support Thereof filed by the City of New Orleans, the Honorable C. Ray Nagin, Mayor, and Former Superintendent of Police Edwin Compass, III[1] |
| Doc. 105 | Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) filed by Kimberly Williamson Butler, in her individual capacity. |
| Doc. 110 | Amended Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) filed by Kimberly Williamson Butler, in her individual and official capacity |
| Doc. 106 | Motion to Dismiss Defendant Governor Kathleen Blanco |
| Doc. 107 | Motion to Dismiss Defendant State of Louisiana |
| Doc. 108 | United States' Motion to Dismiss |
| Doc. 109 | Motion to Dismiss on Behalf of Eddie Jordan, Individually and in his Elected Capacity as the District Attorney for the Parish of Orleans, State of Louisiana. |

---

[1] The City of New Orleans also filed a subsequent Motion to Dismiss for Failure to State a Claim (Doc. 200) with respect to the following cases: C.A. No. 05-6327, 05-6073, 05-5237, and 05-6314. The Court will address this other motion in a subsequent order; this ruling is intended as an adjudication as to the issues contained in the *O'Dwyer* matter.

**Various Federal Statutes**

Plaintiffs' wholesale list of federal jurisdictional grounds borders on the absurd, and the Court will address these at this time. Federal courts are duty-bound to examine the basis of subject matter jurisdiction. *Union Planters Bank National Assoc. v. Salih*, 369 F.3d 457 (5th Cir. 2004) *citing Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-95 (1998). As this Court has previously noted, as stated in Wright & Miller, *Federal Practice and Procedure*, § 1210:

> As is true in the case of pleading a federal question under Section 1331, the entirety of the complaint must support the jurisdictional allegation in a case based on a claim arising under a special federal question statute. Enough should be alleged in the statement of the claim to show that the action does arise under the statute on which it purports to be based. Indeed, it is these statements in the body of the pleading that give the district court subject matter jurisdiction and not the mere conclusory reference to or recitation of a federal statute in the jurisdictional allegations.

*Id.* at 146.

With this context in mind, the Court will now address the above-noted jurisdictional listing contained in this matter and dispose of the blatantly unsupported allegations. This litany of statutes for which no factual underpinning is provided will not be allowed to stand; as such, the Court finds counsel's action herein verging on sanctionable under Fed. R. Civ. P. 11.

    **a.**    **The Oil Pollution Act of 1990("OPA"), 33 U.S.C. § 2701**

This statute pertains only to the discharge, or threatened discharge of oil upon navigable waters of the United States or adjoining shorelines. OPA imposes liability for the recovery cost and damages that result from an oil spill on:

> . . . each responsible party **for a vessel or a facility** from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable water or adjoining shore line or the exclusive economic zone.

33 U.S.C. § 2701. The statute further requires the all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source. 33 U.S.C. § 2713(a). A claim under OPA is a "request, made in writing for a sum certain, for compensation for damages or removal causes or resulting from an incident." 33 U.S.C. § 2701(3). The presentation of a claim is a mandatory condition precedent to filing a private lawsuit under OPA. *Boca Cigea Hotel, Inc. v. Bouchard Trans. Co. Inc.*, 51 F.3d 235 (11th Cir. 1995). As such, this jurisdictional claim has no merit as this prerequisite has not been fulfilled. Furthermore, the statute does not contemplate the harm alleged herein–damages resulting from a natural disaster and catastrophic occurrence.

      b.     **The Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601,** *et seq.*

CERCLA's primary purpose is to facilitate the prompt clean up of hazardous waste sites by placing the ultimate financial burden on those responsible for creating the harmful condition at a waste site. *Cooper v. Armstrong Rubber Company*, 1989 WL 60338 (S. D. Miss. 1989). This statute clearly has no bearing on the factual underpinnings of this suit with respect to any of the named defendants and shall be dismissed.

      c.     **The Federal Water Pollution Control Act ("FWPCA")33 U.S.C. § 1365 and the Clean Water Act ("CWA"), 33 U.S.C. § 1251**

These statutes prohibit the discharge of pollutants. To that end, the CWA establishes a permit system and prohibits any discharge without authorization by permit. 33 U.S.C. §§1311(a); 1342. *Cooper*, at * 11, n. 2. A private right of action for citizens is provided for under the CWA at 33 U.S.C. § 1365(a) to sue for the violation of an effluent standard or limitation under the statute.

13

The CWA requires a 60 day notice of the alleged violation under the CWA to the Administrator of the EPA, the state in which the alleged violation occurred, and to any alleged violator. 33 U.S.C. § 1365(b)(1)(A). To begin, it appears to this Court that this law is not designed to address the facts of the case at hand. This statute addresses on-going pollution concerns, not the alleged results of catastrophic flooding. Furthermore, there are no allegations that the required notice has been provided as has been found to be a condition precedent to jurisdiction. *Cooper*, at 4. As such, this jurisdictional allegation shall be dismissed.

    **d.**  **The Clean Air Act**

Like the WPA, this statue addresses violations of federal emission standards. It may not be utilized to address wholly past violations of the Act, and it contains a sixty-day notice provision like that found in the WPA. As such, for the same reasons noted above, this jurisdictional invocation shall be dismissed.

    **e.**  **National Environmental Policy Act of 1969, 42 U.S.C. § 4321,** *et seq.*

"The fundamental purpose of NEPA 'is to compel federal decision makers to consider the environmental consequences of their actions.'" *Atlanta Coalition on the Transportation Crisis, Inc. v. Atlanta Regional Commission*, 599 F.2d 1333 (5th Cir. 1979) *citing* McGarity, *The Courts, the Agencies, and NEPA Threshold Issues*, 55 Tex. L.Rev. 801, 804 (1977). Congress did not intend NEPA to apply to state, local, or private actions hence, the statute speaks only to "federal agencies" and requires impact statements only as to "major federal actions. *Id.* In other words, this

provision concerns the requirement of a federal agency to issue an environmental impact statement. The Court is at a loss as to how this statute would provide jurisdiction over any defendant save a United States agency and furthermore, has not been enlightened by plaintiffs' pleadings how this statute was violated. There are no allegations that an Environmental Impact Statement was not rendered. Accordingly, this allegation shall be dismissed.

      f.      **The Toxic Substances Control Act ("TOSCA"), 15 U.S.C. § 2601,** *et seq.*

This statute is designed to regulate the manufacture, distribution, sale, use and disposal of chemical substances which present an unreasonable risk of injury to health or environment. *Cooper*, at *6 *citing* 15 U.S.C. § 2605. Again, the 60-day notice is applicable to this statute. As stated in *Cooper*:

> Additionally, the citizen-suit provision of TOSCA only permits suits against any person "who is alleged to be in violation" of the Act. Consistent with the Supreme Court's interpretation of that phrase in *Gwaltney*, 108 S. Ct. 376, this action-one for "wholly past" violations–may not be maintained. *See Brewer v. Raven*, 680 F. Supp. 1176, 1184 (M.D.Tenn. 1988) (relief available only for "ongoing violations of TOSCA).

*Id.* Accordingly, the allegations based on TOSCA shall be dismissed.

      g.      **The Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901,** *et seq.*

This statute governs "the disposal of solid waste" and does allow actions for past violations. The statute authorizes suit against "any past or present generator, past or present transporter, past or present owner or operator of a treatment, storage or disposal facility who has contributed or is contributing to the past or present handling, storage, treatment, transportation or disposal or any

solid or hazardous waste which may present an imminent and substantial endangerment to health or environment." 42 U.S.C. § 6972(a)(1)(B). The case at bar concerns the damages caused by the preparation for and the aftermath of Hurricane Katrina. This statute simply does not address the kinds of harm alleged in this suit and shall be dismissed.

### h.     Louisiana Environmental Laws

Plaintiffs invoke as a basis for jurisdiction "The Louisiana Environmental Quality Act, the Louisiana Air Control Act, The Louisiana Water Control Law and the Louisiana Oil Spill Prevention and Response Act" without further explication or citation. The Court has been provided no specific factual allegations or arguments as to how these laws were violated. Louisiana statutes would not provide federal jurisdiction unless the Court would exercise its supplemental jurisdiction under 28 U.S.C. § 1367. The Court will address supplemental jurisdiction at the conclusion of this opinion.

The Court must remind counsel that as a practicing attorney, this kind of buckshot pleading will not be permitted. Counsel is hereby put on notice that any further barrage of meaningless and vituperative rantings and attachment of newspaper clippings to pleadings as "proof" is a waste of this Court's resources. This Court takes its duty to adjudicate the claims of plaintiffs against defendants arising out of Hurricane Katrina as a solemn and weighty duty; pleadings filed in the nature of those by counsel in *O'Dwyer* belie the seriousness of this matter and frankly make a mockery of the Court's duties to justice and application of the law.

Thus, what remains as a viable basis for federal question jurisdiction with respect to the parties under consideration in this opinion are the allegations of constitutional violations brought against the state actors pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, 1985, 1986