# Exhibit 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN BERTHELOT ET AL.                    CIVIL ACTION

VERSUS                                      NO. 05-4182 and
                                            consol. cases

BOH BROS. CONSTRUCTION CO., L.L.C. ET AL.   SECTION "K" (2)

### ORDER AND REASONS ON MOTIONS

Five motions, all related to issues of evidence preservation and site inspections, are pending before me in these consolidated cases. They are:

(1) Plaintiffs' Motion to Compel Production of Evidence in Connection with (a) the London Avenue Canal South Breach Site and (b) the 17th Street Canal Breach Site, Record Doc. No. 368; (2) Motion of the United States to Clarify the Court's Previous Order Requiring Evidence Preservation, Record Doc. No. 370; (3) Plaintiffs' Motion that the United States Army Corps of Engineers ("the Corps") Provide Plaintiffs With Reasonable Notice Prior to the Destruction of Any Evidence and to Produce a

necessary and relevant evidence and the necessity of avoiding interference with and delay of the time-sensitive levee/floodwall repair and reconstruction work taking place at the relevant sites. That effort has resulted in the entry by agreement among most of the parties of various protocols, Record Doc. Nos. 299 (water stops), 502 and 503 (17th Street Canal), 515 and 584 (London Avenue South, at Mirabeau), 521 (scrap materials at MRGO) and 659 (scrap materials from London Avenue North, at Robert E. Lee), by which the parties are now being provided by the Corps and its contractors with notice of ongoing work and access to the sites for inspection and related purposes.

For present and future purposes, including my rulings on the five motions currently before me, the court hereby adopts and approves these protocols, finds them reasonable and makes them the orders of the court. In my view, the protocols and the effort that led to their adoption are consistent with the following legal standards governing these issues.

II.   The Applicable Legal Standards

Of course, the familiar discovery standard contained in Fed. R. Civ. P. 26(b)(1) and (2) provides the broad backdrop against which these motions rest. The precise issues raised by the motions, however, require the court to examine at least two other sources of applicable law. The first is largely non-statutory case law in which the scope of a party's well-recognized duty to preserve evidence relevant to litigation and avoid

8