

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 20  PM 4: 33

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | § | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **NO. 05-4182** |
| | § | |
| | § | **SECTION "K"** |
| | § | **JUDGE STANWOOD R. DUVAL, JR.** |
| **PERTAINS TO:  06-5162 (Anderson)** | § | |
| **MRGO** | § | **MAG. DIV. 2** |
| | § | **MAG. JOSEPH C. WILKINSON, JR.** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ANSWER, DEFENSES AND CROSS-CLAIM
## OF MANSON CONSTRUCTION CO.

NOW INTO COURT, through undersigned counsel, comes defendant, Manson
Construction Co. (hereinafter "Manson" or "defendant"), and for its Answer and Defenses to the
Class Action Complaint ("Complaint") of plaintiffs, Eric Anderson, Earl Green and Jodie Sievers
(hereinafter individually, as well as all putative class claimants collectively, "plaintiffs"),
responds and avers upon information and belief as follows:

### FIRST DEFENSE

The Complaint fails to state a claim, cause or right of action against Manson upon which
relief can be granted, and specifically including, but not limited to, claims under The Suits in

____ Fee_____
____ Process_____
 X   Dktd _____
____ CtRmDep_____
____ Doc. No_____

Admiralty Act, 46 U.S.C. §§ 741-752; The Public Vessels Act, 46 U.S.C. §§ 781-790; The Clean Water Act, 33 U.S.C. § 1251, *et seq.*; and The Flood Control Act of 1928, 33 U.S.C. § 703c. However, should any such statutes be deemed applicable herein, then Manson claims all immunities, defenses and extinguishment of claims afforded by such statutes.

## SECOND DEFENSE

Plaintiffs' claims are barred because the facts alleged by plaintiffs resulted from an Act of God, *force majeure*, fortuitous event, unavoidable accident, superseding cause, extraordinary manifestation of the forces of nature, other causes beyond the control or responsibility of Manson, and/or because they are/were not foreseeable.

## THIRD DEFENSE

Plaintiffs' claims against Manson are barred, because all work performed by Manson was performed under the supervision, direction and control of the United States Army Corps of Engineers, in accordance with the applicable contract issued by the United States Army Corps of Engineers. Further, all work performed by Manson was performed in a good and workmanlike manner without defect or deficiency.

## FOURTH DEFENSE

Manson specifically pleads that, in the event the United States Army Corps of Engineers is immune from liability with respect to plaintiffs' claims herein, it likewise is immune from liability in accordance with the "government agency defense" and/or the "government contractor defense," as recognized in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and their progeny, respectively.

2

NO.99693241.1

## FIFTH DEFENSE

Manson pleads all immunities and defenses afforded by The Suits in Admiralty Act, 46 U.S.C. § 741, *et seq.*; The Public Vessels Act, 46 U.S.C. § 781, *et seq*,; and Louisiana Civil Code Article 2315, and the cases interpreting such Acts, and it likewise adopts all affirmative and Constitutional defenses and immunities available under all state, federal or other laws which may be determined to be applicable to this litigation.

## SIXTH DEFENSE

This Honorable Court lacks subject matter jurisdiction over plaintiffs' claims.

## SEVENTH DEFENSE

Manson is immune from liability, and specifically claims immunity, to the extent applicable, pursuant to the provisions of La. R.S. 9:2771, inasmuch as its work was performed in accordance with the drawings and specifications furnished for the underlying project.

## EIGHTH DEFENSE

Manson performed its work in accordance with the contract(s) with the U. S. Army Corps of Engineers and in a good and workmanlike manner, free from defects or deficiencies.

## NINTH DEFENSE

Manson specifically denies that it or anyone for whose actions it is or may be responsible in anyway caused or contributed to plaintiffs' alleged damages; to the contrary, such damages, if any, were the result of the fault or neglect of plaintiffs and/or other parties for whose actions this defendant is not responsible.

3

NO.99693241.1

### TENTH DEFENSE

Plaintiffs' claims are barred or reduced by the comparative fault of others, whether individual, corporate or otherwise, including independent contractors, and whether named or unnamed in the Complaint, and for whose conduct Manson is not responsible. Manson invokes all rights and defenses under Louisiana Civil Code Article 2323 and/or 2324. Manson specifically pleads it is not solidarily bound with any other party or person.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages. Further, Manson further pleads the doctrine of avoidable consequences.

### TWELFTH DEFENSE

The Complaint fails to meet the requisites for a class action, and, further, as such, the Complaint is an improper cumulation of actions.

### THIRTEENTH DEFENSE

Plaintiffs have failed to join a party or parties needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure.

### FOURTEENTH DEFENSE

Plaintiffs assumed the risk of the losses and/or damages claimed by acquiring or constructing homes, structures or facilities within known flood zones.

### FIFTEENTH DEFENSE

Manson adopts and incorporates by reference, as authorized pursuant to Federal Rule of Civil Procedure 10(c), any and all affirmative defenses and immunities asserted by any other party to this proceeding to the extent they apply to this defendant, and gives notice that it intends

4

NO.99693241.1

to rely upon any other defense and/or immunities that may be now or become available or appear during these proceedings, hereby reserving its right to amend its Answer and Defenses to assert any such defenses and/or immunities.

### SIXTEENTH DEFENSE

Manson claims the benefits of the Revised Statutes of the United States of America regarding exoneration from and/or limitation of liability of vessel owners and avers that, should judgment be rendered herein against Manson, that it is entitled to have its liability limited to the amount or value of its interest in its dredges mentioned hereafter, as of the date of the incident sued upon.

### SEVENTEENTH DEFENSE

Plaintiffs' are not entitled to trial by jury. In the alternative, should a jury be impaneled in this matter, it should be impaneled in or from another venue to prevent any potential member of the putative Class from becoming a juror in the trial of this matter. Further, venue is improper, and, in the interests of justice, this matter should be transferred to a District where no parties affected by Hurricane Katrina are domiciled.

### EIGHTEENTH DEFENSE

Plaintiffs claim fails, in whole or in part, because they and the putative Class lack a right of action, standing or capacity to bring some or all of the claims alleged in the Complaint.

### NINETEENTH DEFENSE

Manson invokes and adopts all affirmative and constitutional defenses and immunities available under federal law, the State of Louisiana and laws of other jurisdictions that may be determined to apply to this action.

NO.99693241.1

### TWENTIETH DEFENSE

To the extent plaintiffs, including members of the putative Class, where applicable, have received or may receive payment and/or settlement for any of the alleged damages from any individual, corporate and/or government entity, whether a party or non-party, or should plaintiffs receive any funds from federal or state agencies or programs, Manson is entitled to a credit, set off and/or offset in the amount of such payments or settlements, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of comparative fault.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims against Manson are time barred by prescription, the applicable statute(s) of limitations, and/or laches.

### TWENTY-SECOND DEFENSE

Defendant asserts all other affirmative defenses, as are contemplated by Rule 8 and the Federal Rules of Civil Procedure which may be suggested or implied by the facts of this case as such facts are adduced and procured through discovery, including but not limited to collateral estoppel and/or res judicata.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims fail to meet the requirements of the Class Action Fairness Act of 2005, Public Law 109-2, 28 U.S.C. § 1332(d)(2).

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims asserted against Manson fail to meet the jurisdictional requirements of the Public Vessels Act, 46 U.S.C. §§ 781-790.

6

NO.99693241.1

## TWENTY-FIFTH DEFENSE

The Complaint fails to state a claim under the Federal Water Pollution Prevention and Control Act, 33 U.S.C. §§ 1251, *et seq.*, because it fails to allege that any pollutants were discharged into the navigable waters of the United States by means of the dredging activities alleged.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against Manson under the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, must be dismissed because the Suits in Admiralty Act provides a remedy exclusively against the United States of America in regard to contractors' vessels operated by or for the United States.

## TWENTY-SEVENTH DEFENSE

The claims asserted by plaintiffs in the Complaint frame political questions and not justiciable issues. The claims asserted in the Complaint do not comprise cases or controversies to which the judicial power of the United States extends, pursuant to Article III, Section 2 of the Constitution of the United States.

## TWENTY-EIGHTH DEFENSE

AND NOW, answering the specific allegations contained in the Complaint, Manson avers upon information and belief as follows:

1.

The allegations in Article 1 of the Complaint are denied.

NO.99693241.1

2.

Except to admit that Manson is a foreign corporation having its principal place of business in Seattle, Washington, and having a registered office in Houma, Louisiana, any remaining allegations in Article 2 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

3.

The allegations in Article 3 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

4.

The allegations in Article 4 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

5.

The allegations in Article 5 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

6.

The allegations in Article 6 of the Complaint, including each and every subpart thereof, are denied.

7.

The allegations in Article 7 of the Complaint are denied.

8.

The allegations in Article 8 of the Complaint are denied.

NO.99693241.1

9.

The allegations in Article 9 of the Complaint are denied.

10.

The allegations in Article 10 of the Complaint are denied.

11.

The allegations in Article 11 of the Complaint are denied.

12.

The allegations in Article 12 of the Complaint are denied.

13.

The allegations in Article 13 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

14.

The allegations in Article 14 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

15.

The allegations in Article 15 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

16.

The allegations in Article 16 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

NO.99693241.1

17.

The allegations in Article 17 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

18.

The allegations in Article 18 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

19.

The allegations in Article 19 of the Complaint contain legal conclusions for which no answer is required; however, should an answer be required, such allegations are denied.

20.

The allegations in Article 20 of the Complaint are denied.

21.

The allegations in Article 21 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

22.

The allegations in Article 22 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

23.

The allegations in Article 23 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

24.

The allegations in Article 24 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

25.

The allegations in Article 25 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

26.

The allegations in Article 26 of the Complaint are denied.

27.

The allegations in Article 27 of the Complaint are denied.

28.

The allegations in Article 28 of the Complaint are denied.

29.

The allegations in Article 29 of the Complaint are denied.

30.

The allegations in Article 30 of the Complaint are denied.

31.

The allegations in Article 31 of the Complaint are denied.

32.

The allegations in Article 32 of the Complaint are denied.

33.

The allegations in Article 33 of the Complaint are denied.

34.

The allegations in Article 34 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

35.

The allegations in Article 35 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

36.

Except to admit that it did perform certain limited dredging services under contract or subcontract to the Army Corps of Engineers in the year 2003 as alleged, which contract(s) provide the best evidence of the terms, conditions and scope of such dredging activities, any remaining allegations in Article 36 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

37.

The allegations in Article 37 of the Complaint are denied.

38.

The allegations in Article 38 of the Complaint are denied.

39.

The allegations in Article 39 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

40.

The allegations in Article 40 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

12

NO.99693241.1

41.

The allegations in Article 41 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

42.

The allegations in Article 42 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

43.

The allegations in Article 43 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

44.

The allegations in Article 44 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

45.

The allegations in Article 45 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

46.

The allegations in Article 46 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

47.

The allegations in Article 47 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

48.

The allegations in Article 48 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

49.

The allegations in Article 49 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

50.

The allegations in Article 50 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

51.

The allegations in Article 51 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

52.

The allegations in Article 52 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

53.

The allegations in Article 53 of the Complaint are denied.

54.

The allegations in Article 54 of the Complaint are denied.

55.

The allegations in Article 55 of the Complaint are denied.

NO.99693241.1

56.

The allegations in Article 56 of the Complaint are denied.

57.

The allegations in Article 57 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

58.

The allegations in Article 58 of the Complaint are denied.

59.

The allegations in Article 59 of the Complaint are denied.

60.

The allegations in Article 60 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

61.

The allegations in Article 61 of the Complaint are denied.

62.

The allegations in Article 62 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

63.

The allegations in Article 63 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

64.

The allegations in Article 64 of the Complaint are denied.

15

65.

The allegations in Article 65 of the Complaint are denied.

66.

The allegations in Article 66 of the Complaint do not state contentions of fact and therefore do not require a response on behalf of Manson; however, should an answer be required, such allegations are denied.

67.

The allegations in Article 67 of the Complaint, insofar as they may pertain to Manson, are denied.

68.

The allegations in Article 68 of the Complaint, insofar as they may pertain to Manson, are denied.

69.

The allegations in Article 69 of the Complaint, insofar as they may pertain to Manson, are denied.

70.

The allegations in Article 70 of the Complaint do not state contentions of fact and therefore do not require a response on behalf of Manson; however, should an answer be required, such allegations are denied.

71.

The allegations in Article 71 of the Complaint are denied.

NO.99693241.1

72.

The allegations in Article 72 of the Complaint are denied.

73.

The allegations in Article 73 of the Complaint are denied.

74.

The allegations in Article 74 of the Complaint are denied.

75.

The allegations in Article 75 of the Complaint are denied.

76.

The allegations in Article 76 of the Complaint do not state contentions of fact and therefore do not require a response on behalf of Manson; however, should an answer be required, such allegations are denied.

77.

The allegations in Article 77 of the Complaint, insofar as they may pertain to Manson, are denied.

78.

The allegations in Article 78 of the Complaint, insofar as they may pertain to Manson, are denied.

79.

The allegations in Article 79 of the Complaint, insofar as they may pertain to Manson, are denied.

NO.99693241.1

80.

The allegations in Article 80 of the Complaint do not state contentions of fact and therefore do not require a response on behalf of Manson; however, should an answer be required, such allegations are denied.

81.

The allegations in Article 81 of the Complaint, insofar as they may pertain to Manson, are denied.

82.

The allegations in Article 82 of the Complaint, insofar as they may pertain to Manson, are denied.

83.

The allegations in Article 83 of the Complaint, insofar as they may pertain to Manson, are denied.

84.

The allegations in Article 84 of the Complaint do not state contentions of fact and therefore do not require a response on behalf of Manson; however, should an answer be required, such allegations are denied.

85.

The allegations in Article 85 of the Complaint, insofar as they may pertain to Manson, are denied.

NO.99693241.1

86.

The allegations in Article 86 of the Complaint, insofar as they may pertain to Manson, are denied.

87.

The allegations in Article 87 of the Complaint are denied.

88.

The allegations set forth in plaintiffs' Prayer for Relief, including each and every sub-part thereof, are denied.

## TWENTY-NINTH DEFENSE

AND NOW FURTHER ANSWERING THE COMPLAINT, Manson avers in the alternative, and in the alternative only, that should this Honorable Court find that plaintiffs actually suffered injuries, death, damages and/or other losses as alleged, which is specifically denied, then said injuries, death and/or damages were caused solely by the fault, negligence, last clear chance, assumption of risk and/or inattention of plaintiffs and/or the negligence and/or strict liability of others for whom or for which Manson may not be held responsible or accountable, for none of which may plaintiffs have recovery herein against Manson.

## THIRTIETH DEFENSE

AND NOW FURTHER ANSWERING THE COMPLAINT, Manson further avers in the alternative, and in the alternative only, that should this Honorable Court find that plaintiffs suffered injuries, death and/or damages consequent upon the fault of any party for whom or for which it may be held responsible or accountable, all of which is specifically denied, then said injuries, death and/or damages were caused solely by and/or contributed to and/or aggravated by

19

the fault, negligence, last clear chance, assumption of risk, superseding cause and/or inattention of plaintiffs and/or the negligence and/or strict liability of others, for whom or for which Manson may not be held responsible, an Act of God, *force majeure*, a preexisting condition, and/or an inevitable accident, and Manson is entitled to have any award or recovery due to plaintiffs barred, mitigated, or reduced accordingly.

### THIRTY-FIRST DEFENSE

AND NOW FURTHER ANSWERING THE COMPLAINT, Manson avers that plaintiffs' damages, if any, occurred without privity or knowledge of Manson; that the amount of damages sued for in the Complaint herein greatly exceeds the amount or value of Manson's interests in the Dredge NEWPORT and the Dredge BAYPORT, and their freight then pending, if any; and, Manson accordingly invokes the benefits of the provisions of the Revised Statutes of the United States of America and the acts amendatory thereof and supplemental thereto in limitation of the liability of shipowners, under which provisions plaintiffs are not entitled to recover damages in a sum in excess of the amount or value of Manson's interest in the said the Dredge NEWPORT and the Dredge BAYPORT at the conclusion of the voyage on which plaintiffs allegedly sustained losses and damages, if any, and their freight then pending, even if Manson be held liable for or by reason of the matters, or any of them, set forth in the Complaint herein, which liability is specifically denied.  Further, Manson specifically maintains, preserves and reserves its right to file a separate proceeding for exoneration from and/or limitation of liability.

20

### THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead the circumstances of fraud, conspiracy and/or concealment with particularity as required by Federal Rule of Civil Procedure 9(b), and thus any such allegations and/or claims contained within the Complaint should be dismissed with prejudice.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims for non-pecuniary recovery are barred by both state and federal law, including but not limited to the general maritime law of the United States of America, and, in any event, plaintiffs fail to meet the standards required for any such recovery.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims for economic losses and/or damages without accompanying physical damage to a proprietary interest are barred by both state and federal law, including but not limited to the general maritime law of the United States of America.

### THIRTY-FIFTH DEFENSE

AND NOW FURTHER ANSWERING THE COMPLAINT, the concept of *garde* has no application to this matter, either legally or factually, and further, in any event, has no application whatsoever to Manson.

WHEREFORE, Manson Construction Co. prays that this, its Answer and Defenses to the Class Action Complaint of Eric Anderson, Earl Green and Jodie Sievers, and of plaintiffs, be deemed good and sufficient and that, after due proceedings had, there be judgment herein in its favor and against plaintiffs, dismissing the Complaint of plaintiffs at their cost, and for recovery of all costs, expenses and attorney's fees incurred in defending this matter, and for all such other and further relief as equity and the justice of this cause may require and permit.

NO.99693241.1

## CROSS-CLAIM OF MANSON CONSTRUCTION CO.

AND NOW, assuming the position of Cross-Claimant, comes defendant/cross-claimant, Manson, and for its Cross-Claim seeking contribution from co-defendants/cross-defendants, the United States of America; the United States Army Corps of Engineers; Bean Dredging, L.L.C.; Bean Dredging Corporation; C. F. Bean, L.L.C.; C. F. Bean Corporation; Bean Horizon Corporation; Bean Horizon, L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Stuyvesant Dredging Company, L.L.C.; Royal Boskalis Westminster N.V.; Gulf Coast Trailing Company; TLJIC, L.L.C.; T. L. James & Company, Inc.; T. L. James Marine, Inc.; T. L. James Marine, L.L.C.; Ham Construction Overseas N.V.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros., Inc.; Pine Bluff Sand and Gravel Company; King Fisher Marine Service, Inc.; King Fisher Marine Service, L.P.; and KFMSGP, L.L.C., respectfully alleges and avers as follows:

1.

This Cross-Claim is permitted pursuant to Rule 13(g) of the Federal Rules of Civil Procedure and, to the extent the causes of action at issue in this action are deemed to fall within the admiralty and maritime jurisdiction of this Honorable Court, this Cross-Claim is designated as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

NO.99693241.1

2.

In the event it is ultimately determined that plaintiffs' alleged damages were caused, in part, by the negligence, fault and/or other legal liability attributable to cross-plaintiff, Manson, which liability is at all times specifically denied, and, further, in the event Manson is held liable unto plaintiffs for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to cross-plaintiff, Manson, which liability is at all times specifically denied, in that event Manson specifically pleads that it is entitled to contribution, indemnification and/or reimbursement for any damages it may be required to pay which are attributable to the comparative negligence, fault and/or other legal responsibility of any and/or all of the aforementioned cross-defendants, and same is specifically demanded herein, whether in proportion to each said cross-defendants' comparative fault or as otherwise legally allocable to it/them.

WHEREFORE, Manson Construction Co. prays that this, its Cross-Claim, be deemed good and sufficient and that, after due proceedings had, there be judgment herein in its favor, over and against cross-defendants for contribution, indemnification, reimbursement and for all sums and relief prayed for, together with attorney's fees, interest and costs, and for such other and further relief as equity and the justice of this cause may require and permit.

23

NO.99693241.1

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____

George M. Gilly, T.A. (Bar #6234)
William J. Riviere (Bar #20593)
Evans Martin McLeod (Bar #24846)
Christian E. Daigle (Bar #29819)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR MANSON CONSTRUCTION
CO.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record electronically, or by placing same in the United States mail, properly addressed and first class postage prepaid on this 20th day of October, 2006.

_____

24

NO.99693241.1