UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 06-4024 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: Responder, Levee and MRGO, O'Dwyer, No. 06-4024 | * * * | |

## MEMORANDUM IN OPPOSITON TO THE
## MOTION TO DISMISS FILED BY CSX TRANSPORATION, INC.

NOW INTO COURT, through undersigned counsel, comes Ferdinand, et al, to file this Memorandum in Opposition to the Motion to Dismiss file by CSX Transportation, Inc. (Doc. 1044-1), seeking to dismiss the claims asserted against it in the O'Dwyer case No.05-4181. Ferdinand, et al are interested in the outcome of the Motion because they too assert state law negligence claims of damage to property and for personal injuries against the Mover, CSX Transportation, Inc. Ferdinand, No. 06-5132

CSX Transportation, Inc. argues that the claims Plaintiffs assert in their petition are preempted by the Federal Railroad Safety Act and the Interstate Commerce Termination Act.

For CSX to prevail, it must show that the FRSA and/or the ICTA completely preempt state negligence law supporting O'Dwyer's claim. Absent complete preemption, the federal law, regulation or order which pre-empts is merely a defense against the claim, and CSX must cites both the law, regulation or order which ostensibly support the standard of conduct it believes so supplants state law and proof of facts supporting the assertion that it complied with the federal standard which ostensibly so preempts. Such an effort is not one appropriate in a 12(b) Motion.

## Introduction

The doctrine of preemption arises from the Supremacy Clause of the Constitution. When invoked, the doctrine requires that state law give way when it is in conflicts with or frustrates federal law. U.S. Const. art. VI, cl. 2. State law is preempted when Congress expressly prohibits state regulation, when Congress implicitly leaves no room for state involvement by pervasively occupying a field of regulation, and when state law directly conflicts with federal law. *Freightliner Corp. v. Myrick* 514 U.S. 280, 287 (1985) Federal regulations also may preempt state law, if the agency intends its regulations to have preemptive effect, and the agency is acting within the scope of its delegated authority.

Thus there is ordinary preemption and complete preemption. In the ordinary preemption, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court. See *Metropolitan Life Co. v. Taylor*, 481 U.S. 58, 63( 1987). In rare instances, the doctrine of "complete preemption" establishes more than a defense to a state-law claim. On occasion, the Supreme Court has concluded that "the pre-emptive force of a statute is so 'extraordinary' that it 'converts' an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 1987) (quoting Metropolitan Life, 481 U.S. at 65, 107 S.Ct. 1542). When an area of state law has been "completely preempted," then any claim "purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."

Labor and ERISA are illustrations of the doctrine of complete preemption. Labor Relations Act of 1947 (LMRA), *see Avco Corp v. Machinists,* 390 U.S. 557 (1968). The Indian Gaming Act is another. Employee Retirement Security Act of 1974 (ERISA), which was

modeled after the LMRA, is a third. *Metropolitan Life*, 481 U.S. at 64 65. There, Congress expressly intended for the federal courts to fashion a body of "federal common law" that would govern disputes arising under the federal statutes. *E.g., Allis -Chambers Corp v. Lueck,* 471 U.S. 202, 209(1985). Cf. *Gaming Corp of America v. Dorsey & Whitney,* 88 F3d 536, 545 (8th Cir. 1996)

Pre-emption by regulation occurs when a federal agency resolves to pre-empt an area and the "determination 'represents a reasonable accommodation of conflicting policies' that are within the agency's domain, (in such case) *Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 104 S.Ct. 2694 ,1984. FCC authority to regulate the signals carried by cable television systems is an example.

Particularly relevant here is the mandatory drug testing in the railroad industry by passing Federal Omnibus Transportation Employee Testing Act of 1991, which amended the Federal Railroad Safety Act, and required the Secretary of Transportation to promulgate regulations establishing programs for drug testing railroad employees. In its regulations regarding drug testing of railroad employees, the FRA provides that "issuance of these regulations preempts any State law, rule, regulation, order or standard covering the same subject matter," except for certain provisions directed at local hazards. 49 CFR Section 2119.13(a) (2004) Cf. *Chapman v. Lab One*, 390 F.3d 620, (C.A.8 th; Iowa), 2004.

*Chapman v. Lab One, supra*, rejected the argument that the Federal Railroad Safety Act commands complete preemption is of state negligence law. There plaintiff Michael Chapman and his wife, Union Pacific Railroad employees, filed an action in Iowa state court against LabOne, the testing agency Union Pacific used only. LabOne removed the action to the United States District Court for the Southern District of Iowa based on diversity and federal question

jurisdiction. The district court then granted LabOne's motion to dismiss. The court reasoned that the Chapmans' claims were predicated on the manner in which LabOne tested the urine specimen and reported the results to Union Pacific, and that the Federal Railroad Safety Act and its corresponding regulations " 'substantially subsumed the subject matter' of state tort law regarding the standards for drug testing railroad employees." Accordingly, the district court found that the Chapmans' state common-law claims were preempted.

On appeal, the Chapmans and Howell contend that the district courts erred in holding that their state law claims were preempted by the FRSA, the FOTETA, and their implementing regulations. The Court agreed , the claims on were not preempted by Federal Railroad Safety Act (FRSA), as amended by Federal Omnibus Transportation Employee Testing Act (FOTETA). In so holding the Court offered this rationale., distinguishing the Federal Railroad Safety Act from ERISA,  The Labor Relations Act of 1947 and the Indian Gaming Act.

Moreover, we find the FRSA and the FOTETA to be distinguishable from other statutory schemes in which courts have found complete preemption. Both the ERISA and the LMRA include a specific jurisdictional provision stating that the district courts of the United States shall have jurisdiction to grant relief based on the private right of action created elsewhere in the statutes. *Metropolitan Life Co. v. Taylor,* 481 U.S. 58, 63( 1987). We relied on the existence of similar provisions in finding complete preemption by the Indian Gaming Regulatory Act. *Gaming Corp of America v. Dorsey & Whitney,* 88 F3d 536, 545 (8th Cir. 1996) . As the district court observed, however, neither the FRSA nor the FOTETA provides a private right of action for a person aggrieved by negligence in the analysis of a drug test, and the absence of an alternative cause of action militates against a finding of complete preemption. *See Franchise Tax Board v. Const Laborers Vacation Trust 463 U.S. 1 26 (1983).* At 629

*Adkins v. Illinois Cent. R. Co.* 326 F.3d 828 (C.A.7 ; 2003) is an example of ordinary pre-emption. ( Locomotive Inspection Act (LIA) did not provide a basis for federal jurisdiction under the complete preemption doctrine in action brought by injured train passengers and survivors of those killed in train collision against locomotive manufacturer; nothing in the LIA indicated that Congress clearly intended completely to replace state law with federal law and create a federal forum at the same time. 49 U.S.C.A. § 20701 et seq.)

In *Atkins, supra,* the Seventh Circuit offered this discussion of complete and ordinary 'conflict preemption', and remand:

> "The discussions in our recent decisions in *Tyson Foods, supra,* and Vohries v. *Naper Aero Club Inc.*, 272 F.3rd 298 (2001), and the Supreme Court's latest word on the question in (analyzing Federal Boat Safety Act's preemptive effect), underscore how narrow the ill-named "complete preemption" doctrine is. As we stressed in *Tyson Foods* and V*ohries* and as we stress again here, this does not mean that the federal statute in question-here the Locomotive Inspection Act-does not have preemptive force. To the contrary, ordinary conflict preemption may well exist with respect to some or all of the claims. But "conflict" preemption, as we noted in *Vorhries,* "is merely a defense to the merits of a claim. As such, according to the well-pleaded complaint rule, it does not provide a basis for federal question jurisdiction." 272 F.3d at 403. We see nothing in the Locomotive Inspection Act to indicate that Congress "clearly intended completely to replace state law with federal law and create a federal forum" at the same time. *Id.* That is what would be necessary to create "complete" or "field" preemption, as opposed to the more routine conflict preemption. At 835

This is not to say that the Federal Railroad Safety Act or the Interstate Commerce Transportation Act are not implicate here, merely that there is no complete pre-emption. Only when an area of state law has been "completely preempted," is any claim "purportedly based on that pre-empted state law . . . considered, from its inception, a federal claim, and therefore arises under federal law."

## Conclusion

The Federal Railroad Safety Act is not a complete preemption statute, only ordinary 'conflict' preemption; available if at all, as a defense against the state law clause.

The Motion to Dismiss should be denied.

Dated: October 24, 2006

OF COUNSEL:

MILLING BENSON WOODWARD LLP

Respectfully submitted,

_____
William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Telecopy: (504) 569-7001
wgambel@millinglaw.com

Attorneys for Plaintiffs

John J. Cummings, III (LA. Bar No. 4652)
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
Telephone: (504) 586-0000
Telecopy: (504) 586-8423
ccdlawfirm@aol.com

W354427

6

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the court's electronic filing system or by telefaxing, and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon..

_____

W354427