## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: KATRINA CANAL BREACHES** § | CIVIL ACTION |
| **CONSOLIDATED LITIGATION** § | NO. 05-4182 "K"(2) |
| § | JUDGE DUVAL |
| _____ § | MAG. WILKINSON |
| § | |
| **PERTAINS TO:** § | |
| **LEVEE, MRGO, RESPONDER** § | |
| **O'DWYER, NO. 05-4181** § | |
| § | |
| § | |

### RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWERS TO ELEVENTH AND TWELFTH AMENDED COMPLAINTS ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.

Now into Court, through undersigned counsel, comes Eustis Engineering Company, Inc. ("Eustis") for the purpose of answering the plaintiffs' eleventh and twelfth supplemental and amended complaints (collectively, the "Complaint").

### RULE 12(B)(6) DEFENSES TO PLAINTIFFS FIRST THROUGH TWELFTH COMPLAINTS

#### First Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted.

### Second Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a timely claim against Eustis upon which relief can be granted.

### Third Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a viable claim against Eustis. Any claim against Eustis is preempted as a matter of law. The averred cause of the damage expired before the plaintiffs filed the Complaint.

### Fourth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis did not design the levees and floodwalls.

### Fifth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because the plaintiffs do not allege that Eustis was at fault.

### Sixth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Seventh Rule 12(b)(6) Defense

The Complaints fail to plainly state the claims and the relief sought by the plaintiffs.

### Eighth Rule 12(b)(6) Defense

The Complaints fail to state a claim for recovery of attorneys' fees against Eustis upon which relief can be granted.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS FIRST THROUGH TWELFTH COMPLAINTS

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

### Third Affirmative Defense

Eustis did not engage in any activity under which Eustis could be liable under a theory of negligence.

### Fourth Affirmative Defense

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

### Fifth Affirmative Defense

Any damages were neither caused nor contributed to by any act or omission by Eustis.

### Sixth Affirmative Defense

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

### Seventh Affirmative Defense

Eustis was engaged by the United States Army Corps of Engineers from time to time

to provide engineering services. However, to the extent that plaintiffs allege federal question jurisdiction based on government contractor status, which Eustis denies, Eustis pleads, in the alternative, all defenses available to government contractors. Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

### Eighth Affirmative Defense

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility. On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation and was a superceding cause of the failure of the levees.

### Ninth Affirmative Defense

The design criteria for the levees were exceeded during Hurricane Katrina.

### Tenth Affirmative Defense

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

### Eleventh Affirmative Defense

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

## ANSWER TO THE ELEVENTH SUPPLEMENTAL AND AMENDING COMPLAINT

1.

No answer is required of Eustis to Paragraph I of the eleventh supplemental and amending Complaint, amending Article I of the original complaint. However, out of an

abundance of caution, Eustis denies the allegations contained in Paragraph I.  Eustis also denies that the plaintiffs are entitled to certify this action as a class action.

2.

No answer is required of Eustis to Paragraph II of the eleventh supplemental and amending Complaint, amending Article III(13) of the original complaint.  However, out of an abundance of caution, Eustis denies the allegations contained in Paragraph II.

3.

No answer is required of Eustis to the first sentence of Paragraph III of the eleventh supplemental and amending Complaint, amending Article IV of the original complaint.  Eustis denies the remainder of Paragraph III of the eleventh supplemental and amending Complaint and denies that any federal question jurisdiction applies.

4.

No answer is required of Eustis to Paragraph IV of the eleventh supplemental and amending Complaint, amending the original complaint to add Paragraph XIXXI.  In addition, no answer is required of Eustis to Paragraph XIXXI of the eleventh supplemental and amending Complaint.  However, out of an abundance of caution, Eustis denies the allegations contained in Paragraph XIXXI.

5.

No answer is required of Eustis to Paragraph V of the eleventh supplemental and amending Complaint, amending the original complaint to add Paragraph XIXXII.  In addition, no answer is required of Eustis to Paragraph XIXXII of the eleventh supplemental and amending Complaint.  However, out of an abundance of caution, Eustis denies the allegations contained in Paragraph XIXXII.

6.

No answer is required of Eustis to Paragraph VI of the eleventh supplemental and amending Complaint, amending the original complaint to add Paragraph XIXXIII. In addition, no answer is required of Eustis to Paragraph XIXXIII of the eleventh supplemental and amending Complaint. However, out of an abundance of caution, Eustis denies the allegations contained in Paragraph XIXXIII.

7.

Eustis denies that averments in Paragraph VII of the eleventh supplemental and amending Complaint. Additionally, Eustis incorporates Eustis' answers to the Original through tenth amending Complaints, as if copied herein *in extenso*.

## **ANSWER TO THE TWELFTH SUPPLEMENTAL AND AMENDING COMPLAINT**

1.

No answer is required of Eustis to Paragraph I of the twelfth supplemental and amending Complaint amending Article I of the Complaint. However, out of an abundance of caution, Eustis denies the allegations contained in Paragraph I. Eustis also denies that the plaintiffs are entitled to certify this action as a class action.

2.

No answer is required of Eustis to Paragraph II of the twelfth supplemental and amending Complaint, amending the original complaint at Article III. Out of an abundance of caution, Eustis denies the allegations contained in Paragraph II of the twelfth supplemental and amending Complaint and denies that the Suits and Admiralty Act or any federal question jurisdiction applies.

3.

No answer is required of Eustis to Paragraph III of the twelfth supplemental and amending Complaint, amending the original complaint to add Article XIXXIV. Eustis denies the allegations in Paragraph IV, because Eustis is without sufficient information or firsthand knowledge of the allegations contained in Paragraph III.

4.

No answer is required of Eustis to Paragraph IV of the twelfth supplemental and amending Complaint, amending the original complaint to add Article XIXXV. Eustis denies the allegations in Paragraph III, because Eustis is without sufficient information or firsthand knowledge of the allegations contained in Paragraph IV.

5.

Eustis incorporates all of Eustis' defenses and answers to the original Complaint, as if copied herein *in extenso*.

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Complaints filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

        Respectfully Submitted,

        GARDNER & KEWLEY
        A Professional Law Corporation


        s/Erin E. Dearie
        THOMAS F. GARDNER, T.A. (#1373)
        ERIN E. DEARIE (#29052)
        1615 Metairie Road, Suite 200
        Metairie, Louisiana  70005
        Telephone:   (504) 832-7222
        Facsimile:    (504) 832-7223
        **ATTORNEYS FOR:**
        **EUSTIS ENGINEERING COMPANY, INC.,**
        **DEFENDANT**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 25th day of October, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing or mailing the same by United States mail, properly addressed, and first class postage prepaid.

        s/Erin E. Dearie
        ERIN E. DEARIE