FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 24  PM 4: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NABIL HANNA | * | CIVIL ACTION NO: 06-6481 |
| | * | SECTION "K" |
| VERSUS | * | MAGISTRATE (5) |
| FARM BUREAU INSURANCE COMPANIES, *ET AL.* | * | |

\* \* \* \* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Louisiana Farm Bureau Mutual Insurance Company (erroneously identified as Farm Bureau Insurance Company and Farm Bureau Insurance Companies) and for response to the Petition for Damages, with respect avers:

### FIRST AFFIRMATIVE DEFENSE

Louisiana Farm Bureau Mutual Insurance Company specifically pleads the terms, provisions, limits, and exclusions of its policy issued to plaintiff as affirmative defenses which bar or diminish all recovery by plaintiff, including, but not limited to, the following policy exclusions:

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

233598.1.wpd

## SECTION I - EXCLUSIONS

We do not insure for loss caused directly or indirectly by any of the following.

1.   **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, unless specifically provided under this policy.

2.   **Earth Movement,** including, but not limited to, earthquake, land shock waves, tremors, landslide or mud slide, erosions, earth sinking, contracting, expanding, rising or shifting, unless direct loss by:

     a.   fire;

     b.   explosion;

     c.   theft; or

     d.   breakage of glass or safety glazing material which is part of a building, storm door or storm window;

     ensues and then we will pay only for the ensuing loss.

3.   **Water Damage,** meaning:

     a.   flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind;

     b.   water which backs up through sewers or drains; or

     c.   water below the surface of the ground, including water which exerts pressure on or flows, seeps or leaks through a building, walk, driveway, foundation, swimming pool or other structure.

233598.1.wpd                              -2-

Direct loss by fire, explosion or theft resulting from water damage is covered.

4.      **Power Failure,** meaning the failure of power or other utility service if the failure takes place off the **residence premises**. But, if a Peril Insured Against ensues on the **residence premises**, we will pay only for that ensuing loss.

5.      **Neglect,** meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss or when property is endangered.

*   *   *

8.      **Intentional Loss,,** meaning any loss arising out of any act committed:

      a.      by or at the direction of the **insured**; and

      b.      with the intent to cause a loss.

9.      **We do not insure** under any coverage for loss resulting from one or more of the items below:

      a.      conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault;

      b.      defect, weakness, inadequacy, fault or unsoundness in:

            (1)      planning, zoning, development surveying, siting;

            (2)      design, specifications, workmanship, construction, grading, compaction;

            (3)      materials used in construction or repair; or

            (4)      maintenance;

of any property (including land, structures or improvements of any kind) whether on or off the **residence premises.**

However, we do insure for any ensuing covered loss from items a. and b. unless the ensuing loss is itself a loss excluded by this section.

10.   **We do not insure** for loss under any coverage regardless of whether one or more of the items listed in paragraph 9 above:

    a.   directly or indirectly cause, contribute to or aggravate the loss; or

    b.   occur before, at the same time or after the loss or any other cause of the loss.

However, we do insure for ensuing covered loss from items **9**.a. and **9**.b. unless the ensuing loss is itself a loss excluded by this section.

11.   **We do not insure** for loss or damage, including loss of use, caused directly or indirectly by pollution, seepage, contamination or environmental impairment, unless said loss or damage follows immediately as a result of a loss caused directly by a peril covered and then only to the extent of such direct loss; residual or consequential loss not evidence immediately at the conclusion of the loss event remains not covered.

12.   **We do not pay** for expenses incurred in decontaminating and/or removing water or soil on or under an **insured's** premises and expenses incurred in removing debris unless:

    a.   the debris results from a loss caused directly by a peril covered; and

    b.   the debris to be removed is itself covered; **and**

    c.   the debris is on an **insured's** premises.

233598.1.wpd
-4-

\*    \*    \*

14.    **We do not pay** for expenses that would not have occurred except for a governmental direction or request that material present in or part of or utilized on an **insured's** property be removed or modified. Such material includes all substance deemed to be hazardous to society including but not limited to:

     a.      dioxine

     b.      polychlorinated biphenols

     c.      radon gas

15.    **We do not insure** for any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to the presence at the **residence premises** or location of the rebuilding, repair or replacement, of **fungus** or any remediation of **fungus**, including the cost to:

     (1)      remove the **fungus** from covered property or to repair, restore or replace that property; or

     (2)      tear out and replace any part of the building or other property as needed to gain access to the **fungus**; or

     (3)      the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

With respect to loss or damage excluded by this policy, if a peril listed in **SECTION I - PERILS INSURED AGAINST** ensues, we will pay for the direct physical loss or damage caused by such ensuing peril.

16.   **We do not insure** for the loss or damage arising directly or indirectly out of:

    a.    loss of, alteration of or damage to; or

    b.    a reduction in the functionality, availability or operation of:

any computer, computer system, hardware, program, software, data, information repository, microchip, integrated circuit or similar device in computer equipment or non-computer equipment, whether the property of any **insured** or others.

The only exception to this exclusion is for direct physical loss or damage to the property described above, caused by a peril listed in **SECTION I - PERILS INSURED AGAINST** .   However, this exception does not apply to any loss or damage that is:

    (i)    otherwise excluded in **SECTION I - EXCLUSIONS;** or
    (ii)    caused by the peril of **Vandalism or Malicious Mischief,** unless there are visible signs of physical damage to such computer system, computer equipment or non-computer equipment.

With respect to loss or damage excluded by this policy, if a peril listed in **SECTION I - PERILS INSURED AGAINST** ensues, we will pay for the direct physical loss or damage caused by such ensuing peril.

For the purpose of this exclusion, direct physical loss or damage does not include loss consisting only of loss of use or access or reduction in functionality, availability or operation.

17.   **We do not insure** for loss or damage caused by the intentional release, dispersal or application of pathogenic or poisonous biological or chemical materials.

## SECOND AFFIRMATIVE DEFENSE

All damages of plaintiff for which insurance coverage may be available under Louisiana Farm Bureau Mutual Insurance Company Policy Number HO 355759 have been properly inspected, appraised, analyzed, and adjusted and appropriate timely payments have been made, including payments under Coverage A (Dwelling) and Coverage B (Other Structures) in the amount of $24,373.07, and payments under Coverage D (Loss of Use) in the amount of $2,500.00. These payments are specifically pleaded as the affirmative defense of extinguishment of the obligations which defeats and/or diminishes all recovery by the plaintiff in this case.

## THIRD AFFIRMATIVE DEFENSE

Louisiana Farm Bureau Mutual Insurance Company further pleads, in case the evidence shows that plaintiff failed to reasonably mitigate their damages, the affirmative defense of failure to mitigate as a bar to or in diminution of all recovery by plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Louisiana Farm Bureau Mutual Insurance Company denies that the provisions of LA-R.S. 22:695, or any other law, require it to pay the full policy limits for any losses that do not amount to total losses. In connection with this denial, Louisiana Farm Bureau Mutual Insurance

233598.1.wpd

-7-

Company specifically and affirmatively avers that one or more of the losses of the plaintiff do not amount to total losses and the absence of total losses is pleaded as an affirmative defense which bars and/or diminishes all recovery by the plaintiff in this case.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Louisiana Farm Bureau Mutual Insurance Company further denies that the provisions of LA-R.S. 22:695, or any other law, require it to pay for any losses, including total losses, that do not result from covered perils. In connection with this denial, and in the event that any of the damages of the plaintiff do not result from covered perils, Louisiana Farm Bureau Mutual Insurance Company avers the absence of the losses as a result of covered perils as an affirmative defense which bars and/or diminishes all recovery by the plaintiff in this case.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Louisiana Farm Bureau Mutual Insurance Company further denies that the provisions of LA-R.S. 22:695, or any other law, require it to make total loss payments for any losses that do not amount to total losses and/or for any damages that do not result from covered perils. In connection with this denial, Louisiana Farm Bureau Mutual Insurance Company further affirmatively alleges that its premiums have been calculated on the basis of rates that have been submitted and approved by the Louisiana Insurance Rating Commission and/or the

233598.1.wpd

Commissioner of Insurance and, therefore, Louisiana Farm Bureau Mutual Insurance Company specifically and affirmatively avers the application of the "Filed Rate Doctrine" as a bar to or in diminution of any attempt by plaintiff to require Louisiana Farm Bureau Mutual Insurance Company to pay for any losses that do not result from covered perils.

SEVENTH AFFIRMATIVE DEFENSE

Louisiana Farm Bureau Mutual Insurance Company denies that the provisions of LA-R.S. 22:695, or any other law, require it to pay policy limits for any losses, including total losses, that do not result from covered perils.  In connection with this denial, Louisiana Farm Bureau Mutual Insurance Company specifically and affirmatively pleads the due process provisions of the Louisiana and United States Constitutions as bars to any attempts by plaintiff to require Louisiana Farm Bureau Mutual Insurance Company to pay for losses that do not result from covered perils.

EIGHTH AFFIRMATIVE DEFENSE

Louisiana Farm Bureau Mutual Insurance Company further denies that the provisions of LA-R.S. 22:695, or any other law, require it to pay for losses, including total losses, that do not result from covered perils because such payments would be in violation of the National Flood Insurance Act.  In connection with this denial, Louisiana Farm Bureau Mutual Insurance

Company specifically and affirmatively pleads the provisions of the National Flood Insurance Act as bars to any requirement of Louisiana Farm Bureau Mutual Insurance Company to pay for total losses not resulting from covered perils.

AND NOW, for further answer to the specific allegations of the Petition, Louisiana Farm Bureau Mutual Insurance Company with respect avers:

1.

Denied insofar as the Petition erroneously designates Louisiana Farm Bureau Mutual Insurance Company as Farm Bureau Insurance Company and/or Farm Bureau Insurance Companies and insofar as the allegations misidentify Louisiana Farm Bureau Mutual Insurance Company as a foreign insurer. The allegations are otherwise denied for lack of sufficient information to justify a belief as to the truth of the allegations.

2.

Denied insofar as the allegations pertain to Louisiana Farm Bureau Mutual Insurance Company, and are otherwise denied for lack of sufficient information to justify a belief as to the truth of the allegations.

3.

The Louisiana Farm Bureau Mutual Insurance Company policy is in writing and is the

best evidence of its contents, and  Louisiana Farm Bureau Mutual Insurance Company denies any and all allegations which are in conflict with the written policy.

4.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

5.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

6.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

7.

The Louisiana Farm Bureau Mutual Insurance Company policy is in writing and is the best evidence of its contents, and  Louisiana Farm Bureau Mutual Insurance Company denies any and all allegations which are in conflict with the written policy, and denies all other allegations for lack of sufficient information to justify a belief as to the truth of the allegations.

8.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

9.

The Louisiana Farm Bureau Mutual Insurance Company policy is in writing and is the best evidence of its contents, and Louisiana Farm Bureau Mutual Insurance Company denies any and all allegations which are in conflict with the written policy.

10.

It is admitted that Hurricane Katrina made landfall in southeast Louisiana and elsewhere  including the state of Mississippi on August 29, 2006, and it is admitted that Hurricane Katrina was an accident or a natural event culminating in accidents in the states of Louisiana and Mississippi and elsewhere.  Louisiana Farm Bureau Mutual Insurance Company specifically denies that the property of the plaintiff is a total loss and/or that appropriate payments have not been made in the event of total losses from covered perils. Louisiana Farm Bureau Mutual Insurance Company specifically avers the affirmative defense of extinguishment of any and all obligations to plaintiff by virtue of Louisiana Farm Bureau Mutual Insurance Company's  prior payments as recited in its response to paragraph 12 below.  The remaining

233598.1.wpd                                          -12-

allegations are denied for lack of sufficient information to justify a belief as to the truth of the

allegations (because Louisiana Farm Bureau Mutual Insurance Company does not have

sufficient knowledge of the exact meteorological details of Hurricane Katrina).

11.

     Admitted.

12.

     Louisiana Farm Bureau Mutual Insurance Company specifically denies that the

property of the plaintiff is a total loss and/or that appropriate payments have not been made

in the event of total losses from covered perils.  Louisiana Farm Bureau Mutual Insurance

Company specifically avers the affirmative defense of extinguishment of any and all

obligations to plaintiff by virtue of Louisiana Farm Bureau Mutual Insurance Company's prior

payments under Coverage A (Dwelling) and Coverage B (Other Structures) in the amount of

$24,373.07, and payments under Coverage D (Loss of Use) in the amount of $2,500.00, in

accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting

practices.

13.

     Louisiana Farm Bureau Mutual Insurance Company specifically denies that the

property of the plaintiff is a total loss and/or that appropriate payments have not been made in the event of total losses from covered perils. Louisiana Farm Bureau Mutual Insurance Company specifically avers the affirmative defense of extinguishment of any and all obligations to plaintiff by virtue of Louisiana Farm Bureau Mutual Insurance Company's prior payments under Coverage A (Dwelling) and Coverage B (Other Structures) in the amount of $24,373.07, in accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting practices.

14.

Louisiana Farm Bureau Mutual Insurance Company specifically denies that the property of the plaintiff is a total loss and/or that appropriate payments have not been made in the event of total losses from covered perils. Louisiana Farm Bureau Mutual Insurance Company specifically avers the affirmative defense of extinguishment of any and all obligations to plaintiff by virtue of Louisiana Farm Bureau Mutual Insurance Company's prior payments under Coverage D (Loss of Use) in the amount of $2,500.00, in accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting practices.

15.

Louisiana Farm Bureau Mutual Insurance Company specifically denies that the

property of the plaintiff is a total loss and/or that appropriate payments have not been made in the event of total losses from covered perils.  Louisiana Farm Bureau Mutual Insurance Company specifically avers the affirmative defense of extinguishment of any and all obligations to plaintiff by virtue of Louisiana Farm Bureau Mutual Insurance Company's prior payments under Coverage A (Dwelling) and Coverage B (Other Structures) in the amount of $24,373.07, and payments under Coverage D (Loss of Use) in the amount of $2,500.00, in accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting practices.

16.

It is admitted that Louisiana Farm Bureau Mutual Insurance Company conducted its investigation in accordance with appropriate claims handling, analyses, appraisals, and insurance adjusting practices and determined that at least some, if not most, of the damages suffered by plaintiff were caused by flooding.

17.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 and La. R.S. 22:658 are written statutes with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statutes. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff.

18.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 and La. R.S. 22:658 are written statutes with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statutes. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff.

19.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 and La. R.S. 22:658 are written statutes with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statutes. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of

loss being given for damages in excess of those already paid to plaintiff.

20.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 and La. R.S. 22:658 are written statutes with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statutes. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff.

21.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 and La. R.S. 22:658 are written statutes with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statutes. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff. Furthermore, Louisiana Farm Bureau Mutual Insurance Company specifically denies the existence of facts triggering the application of La. R.S. 22:695(A).

22.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:658 is a written statute with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statute. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff.

23.

Louisiana Farm Bureau Mutual Insurance Company admits that La. R.S. 22:1220 is a written statute with specific provisions and that at all times, Louisiana Farm Bureau Mutual Insurance Company was, and is, in compliance with the statute. Louisiana Farm Bureau Mutual Insurance Company specifically denies satisfactory proof of loss being given for damages in excess of those already paid to plaintiff.

24.

Denied.

25.

Denied.   Moreover, Louisiana Farm Bureau Mutual Insurance Company further specifically and affirmatively avers that it has paid for the correct portions of damages

attributable to covered perils under all coverages available to plaintiff under Homeowner Policy No. HO 355759 for which a satisfactory proof of loss has been submitted.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

30.

Denied for lack of sufficient information to justify a belief as to the truth of the allegations.

WHEREFORE, premises considered, Louisiana Farm Bureau Mutual Insurance Company prays that after due proceedings had there be judgment herein, dismissing this claim against Louisiana Farm Bureau Mutual Insurance Company at the costs of plaintiff.

New Orleans, Louisiana, October 24, 2006.

Respectfully submitted:

PLAUCHÉ MASELLI PARKERSON L.L.P.

ANDREW L. PLAUCHÉ, JR. (Bar No. 11023)
JAMES K. ORDENEAUX (Bar No. 28179)
201 St. Charles Avenue, Suite 4240
New Orleans, LA  70170-4240
Office: 504.582.1142; Fax: 504.582.1172

H. ALSTON JOHNSON III (Bar No. 7293)
PHELPS DUNBAR, L.L.P.
445 North Blvd., Suite 701
Baton Rouge, LA 70802
Office:  225.346.0285; Fax:  225.381.9197
ATTORNEYS FOR LOUISIANA FARM
BUREAU MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Affirmative

Defenses has been forwarded to all counsel of record via either facsimile, hand delivery, or

United States Mail, properly addressed and postage prepaid from New Orleans, Louisiana,

on October 24, 2006.

233598.1.wpd                                    -20-