UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 05-4181 | * * | MAG. WILKINSON |

### REPLY IN SUPPORT OF
### CSX TRANSPORTATION, INC.'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

In addressing the motion to dismiss filed by defendant CSX Transportation, Inc. ("CSXT"), plaintiffs do not explain how a private railroad, not in the business of flood protection, can be held accountable in negligence for safeguarding the "Greater New Orleans Metropolitan Area" from floods. Plaintiffs now concede that their theory to negligence is premised upon a supposed *"duty to the public."* Tort law recognizes no such sweeping, infinite duty – not in Louisiana, not elsewhere – and plaintiffs offer not a single legal authority to the contrary. Instead, their memorandum offers new factual contentions found nowhere in their complaint -- which is impermissible at the Rule 12(b)(6) stage, and which in any event confirm

926792-1

at most that other parties (specific federal and state government actors) in fact may owe the duties in law that private actors like CSXT lack.

Just as critically, plaintiffs concede that their grievance against CSXT is a "penetration" theory focused entirely on where CSXT lays its rail tracks and how it operates these tracks and its right of way. Plaintiffs thereby confirm that their sole claim against CSXT is preempted by two railroad statutory schemes – the Interstate Commerce Commission Termination Act ("ICCTA") and the Federal Railroad Safety Act ("FRSA") – since Congress decided decades ago that complaints about the laying and maintenance of rail tracks is the exclusive province of railroad regulatory entities, and not the proper subject of tort lawsuits.

Plaintiffs also still do not explain their failure to allege the most basic elements of a viable putative class action – a fundamental pleading defect which the Court need not address should it grant CSXT's motion.

Having had thirteen attempts to plead, and having not pled a viable negligence claim against CSXT, the pending motion to dismiss should be granted.

## I.   CSXT Owed No Duty In Tort To Protect "The Public" From Floods

CSXT's supporting memorandum explained that negligence claims in Louisiana (as elsewhere) depend upon the existence of a legally actionable duty, and that a private railroad entity has no duty in tort to protect populations from floods. Memo in Supp. of CSXT's Mot. to Dismiss (Aug. 29, 2006) at 3-6, Dkt. No. 1045-2. In opposition, plaintiffs cite no contrary authority; offer no discussion of this bedrock negligence principle; and do nothing to explain how the issues of police power central to this case – that is, whether responsible government entities did or did not do what they should have in advance of Hurricane Katrina – can relate to a private railroad entity not in the business of flood protection.

Instead, plaintiffs reiterate the single paragraph in their Twelfth Amended Complaint pertaining to CSXT, and suggest again that CSXT might be liable because CSXT "owned . . . track" that "penetrated the New Orleans Flood Protection System." Opposition (Sept. 19, 2006) at 3-5, Dkt. No. 1202 ("Opp."). CSXT agrees that it owns tracks that run through parts of New Orleans. But "owning tracks" is not tortious, and does not alone give rise to legal duties in tort. Duty is a concept founded upon relationships, and upon a nexus between a plaintiff and defendant sufficient to hold one accountable to the other. *See Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006) ("The inquiry is whether the plaintiff has any law (statutory, jurisprudential or arising from general principles of fault) to support the claim that the defendant owed him a duty."). Mere ownership of rail tracks creates no such legal nexus, and plaintiffs suggest none.

Plaintiffs next attempt to introduce new "facts," pulled from a post-Katrina engineering report, that purportedly explains why CSXT should remain in this case. Opp. at 3-5. As the Court is aware, this tactic is impermissible at the pleadings stage. "A court ruling on a Rule 12(b)(6) motion to dismiss 'may not . . . take into account additional facts asserted in a memorandum opposing the motion, because such memoranda do not constitute pleadings under Rule 7(a).'" *Downs v. Liberty Life Assurance Co. of Boston*, Civ. A. No. 3:05-CV-0791-R, 2005 U.S. Dist. LEXIS 22531, at *11 (N.D. Tex. Oct. 5, 2005)) (quoting 2 *Moore's Federal Practice* § 12.34[2] (3d. ed. 2005)). A memorandum is not a complaint, and cannot amend a complaint.

In any event, plaintiffs' new "facts" do not save plaintiffs' claim. The factual contentions now advanced by plaintiffs pertain to various alleged problems with floodgates and surrounding land, including a "railroad embankment." Opp. at 3-5. Even if true, and even if these "facts" could be considered at the pleadings stage, they suggest no obligation on CSXT's part; no

relationship between CSXT and New Orleans residents; no control or custody by CSXT; and no actions of any sort taken by CSXT.

These omissions are critical. As this Court has previously observed, if an action is to lie for alleged flood damages, then garde, care, custody or control of levees in question, or a role in design, construction, or maintenance of the levees, is required. *See* Order and Reasons (Sept. 13, 2006), Dkt. No. 1133. Plaintiffs allege no such role on the part of CSXT. Nor could they, since, as this Court has noted, "the Board of Commissioners of the Orleans Levee District has the full and exclusive right and jurisdiction over the levees" and the levee districts have "the right to maintain the levees." *Id.* (citing La. Rev. Stat. 38:307 and 38:301 and granting 12(b)(6) motion filed by City of New Orleans) (emphasis added).[1] Where CSXT lacks garde of the levees and floodgates -- a point plaintiffs do not dispute -- it could not owe a duty in tort to protect vast city populations from floods. *See Maag v. City of New Orleans*, 872 So. 2d 544, 547 (La. Ct. App. 2004) (holding that railroad was not liable for injuries on abandoned track, where the railroad did not have garde over the tracks); *see also Klein v. Cisco-Eagle, Inc.*, 855 So. 2d 844, 852 (La. Ct. App. 2003).

Ultimately, plaintiffs acknowledge what CSXT's supporting memorandum anticipated: that their claim against CSXT hinges on an alleged "***breach of duty to the public.***" Opp. at 3 n.3 (emphasis added). Courts regularly disallow and dismiss "duty to the public" and comparably sweeping "duty to the world" theories of tort law. *See* Memo. in Supp. of CSXT's Mot. to Dismiss (Aug. 29, 2006) at 5. Dkt. No. 1045-2. Indeed, the Honorable Judge Sarah S. Vance

---

[1] The United States Congress in turn has for several decades fixed upon a single entity – the Army Corps of Engineers – the responsibility to protect the United States population from floods. *See* 33 U.S.C. §§ 701 *et seq.* ("[I]mprovements of rivers and other waterways for flood control and allied purposes shall be under the jurisdiction of and shall be prosecuted by the Department of the Army.").

926792-1

4

recently determined that with respect to damages caused by Hurricane Katrina, "[t]he Louisiana Supreme Court has never imposed a duty of this scope in any case that the Court could find." *Barasich v. Columbia Gulf Transmission Co.*, Civ. A. No. 05-4161, Order at 35-36 (E.D. La. Sept. 28, 2006) (dismissing plaintiffs' claims that oil and natural gas exploration, production and energy companies negligently dredged, used and maintained canals in Louisiana's coastal wetlands, causing coastal erosion and loss of wetlands, that enhanced the effects of Hurricane Katrina). Upon reviewing Louisiana statutes and jurisprudence, Judge Vance concluded that Louisiana courts had not and would not impose a duty to protect the hundreds of thousands of plaintiffs from flooding, even accepting as true the plaintiffs' allegations regarding massive damage to wetlands and coastal areas. *See id.* at 41. Respectfully, the same result should follow here.

## II. The Claim Against CSXT Is Preempted, For Location And Maintenance of Rail Tracks Is The Province of Railroad Regulatory Agencies

From plaintiffs' opposition we learn with certainty that plaintiffs' grievance against CSXT centers on how it built, where it located, and how it operated its rail tracks and right-of-way in New Orleans. *See* Opp. at 2-6. These are precisely the categories of railroad decisions and actions preempted by two separate federal railroad laws, the Interstate Commerce Commission Termination Act ("ICCTA") and the Federal Railroad Safety Act ("FRSA").

Plaintiffs' terse, half-page discussion of preemption (Opp. at 5-6) addresses *no* preemption case law or authority, and offers *no* competing authority that might permit a tort action for rail track decisions that have been understood for decades to fall within the exclusive province of railroad regulatory regimes. Plaintiffs instead complain that the preemptive railway laws enacted by Congress might not "provide redress of plaintiffs' grievances." *Id.* at 6. This happens to be incorrect: the proper recourse, and redress, for a complaint about location and

maintenance of rail tracks and rights-of-way is to petition the Surface Transportation Board. *See* 49 U.S.C. § 11704(c); 49 U.S.C. §11701(b). That Board has "exclusive" jurisdiction over the "remedies provided . . . with respect to . . . routes, services and facilities" and the "construction, . . . operation . . . of side tracks, or facilities." 49 U.S.C. § 10501(b)(1) & (2). More fundamentally, however, preemption analysis is not about "redress": it is about separation of powers, and Congress's authority to enact laws that trump state law on certain subjects, in this case laws that govern the operations of railroads. Because the subject matter of plaintiffs' claim is specifically covered by federal laws and regulations that were intended to trump state law, plaintiffs' tort claim against CSXT is preempted.

Plaintiffs conclude by suggesting that "[a]dmiralty and maritime law may be impacted in this case, as well as construction law, flood control law, and rivers and harbors law." Opp. at 6. This *non sequitur* does not advance preemption analysis. Whether or not other parties might conceivably be subject to such laws, Congress has long ago decided what laws govern the construction, maintenance and operation of rail tracks. Those laws are ICCTA and FRSA, and they preempt the claim against CSXT as a matter of law.

### III. Plaintiffs' Complaint is Legally Deficient Because it Fails to Plead the Requirements of Rule 23.

Like their complaint, plaintiffs' Opposition fails to inform CSXT and this Court why they should be permitted to prosecute their claims on behalf of a broad class of persons – a proposed class that appears to include even CSXT itself.[2]

Plaintiffs seeking to prosecute claims on behalf of a class must file a complaint which explains – with supporting facts – why a class action is the best means of litigating plaintiffs'

---

[2] As CSXT Opening Brief's noted, whether plaintiffs' complaint meets the pleading requirements of Federal Rule of Civil Procedure 23 and Local Rule 23.1 needs to be resolved only if plaintiffs' claims survive CSXT's motion to dismiss.

926792-1

6

claims. This requires that a plaintiff allege facts which, if proven, would satisfy each of the elements of Rule 23 and would establish that the action can be certified for class treatment. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Plaintiffs have made no attempt to plead such facts. Indeed, plaintiffs do not even allege in any fashion that their action meets the requirements of Rule 23.

In opposition, plaintiffs lift from their complaint the descriptions of four proposed classes they wish to represent. Opp. at 6-7. Still missing is any information about any plaintiff beyond their names. Not one plaintiff's address is set forth in the complaint to show that plaintiffs reside in the area they claim alleged class members reside. Not one piece of property owned by any plaintiff is identified in the complaint to show that plaintiffs own property that was damaged as alleged. Not one allegation clarifies whether or not CSXT – which also owns property damaged from flooding – is a member of plaintiffs' proposed class, or whether this Court, municipal entities, or governmental agencies are or are not excluded from plaintiffs' proposed class. In short, plaintiffs allege no facts that would enable CSXT or this Court to determine with clarity and certainty who is, or is not, a member of plaintiffs' proposed class. Class definitions are not supposed to be guesswork; absent a clearly defined class, with information suggesting that named plaintiff come within the classes proposed, a class complaint is defective. *See* 5 *Moore's Federal Practice* § 23.21[1] (3d ed.); *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).

The same goes for all other Rule 23 requirements. The Court and the parties are thus left to the same guesswork about plaintiffs' theory of adequacy, commonality, typicality, predominance, and superiority.

An action is not a class action just because plaintiffs say it is so. Absent allegations of fact suggesting the real prospect of a certifiable class action, plaintiffs' class allegations fail Rule 23, and should be stricken.

## CONCLUSION

**WHEREFORE**, defendant prays that this Court dismiss plaintiffs' claims against CSX Transportation, Inc., with prejudice and at plaintiffs' cost.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Facsimile: (337) 988-6918

*ATTORNEYS FOR CSX TRANSPORTATION, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2006, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall