UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 05-4181 | * * | MAG. WILKINSON |

### REPLY IN SUPPORT OF
### CSX CORPORATION'S MOTION TO DISMISS

CSX Corporation was added as a defendant to No. 05-4181 by the plaintiffs' "Twelfth Supplemental and Amending Complaint," Docket. No. 641. CSX Corporation promptly filed a Motion for Dismissal under Fed. R. Civ. P. 12(b)(5) (insufficiency of service of process) and 12(b)(2) (lack of jurisdiction over the person), Docket No. 1046. CSX Corporation's Motion was supported by exhibits including a certificate of the Louisiana Secretary of State that he had no records of CSX Corporation, and a declaration by Peter J. Shudtz, CSX Corporation's Vice-President - Federal Regulation and General Counsel, that CSX Corporation is a holding company that does not operate and has never operated as a railroad; that CSX Corporation has never constructed, maintained, or operated any railroad rolling equipment, railroad track, road bed, or

926314-1

other railroad equipment; that CSX Corporation has never been authorized to conduct business in the State of Louisiana; that CSX Corporation has never had an office, officer, employee or assets in the State of Louisiana; and that CSX Corporation does not have an agent for service of process in Louisiana.[1]

In response to this compelling showing, the plaintiffs' Memorandum in Opposition, Docket No. 1202, essentially offers no opposition at all. The plaintiffs devote only three paragraphs to CSX Corporation's motion and cite to no case, statute, or rule. Opposition Memorandum, pp. 7-8. Those three paragraphs consist entirely of argument that has nothing to do with sufficiency or service or personal jurisdiction. The only thing which the plaintiffs cite or refer to is their own exhibits, which also have nothing to do with sufficiency of service or personal jurisdiction: Exh. 1A-E (excerpts from a report that nowhere mentions CSX Corporation, subject-matter jurisdiction, service of process, or anything else responsive to CSX Corporation's Motion to Dismiss) and Exh. 3 (an unsworn letter from the plaintiffs' counsel, with no citations or exhibits). The plaintiffs also filed with their Opposition Memorandum a statement of genuine issues of fact, none of which addresses CSX Corporation's Motion to Dismiss.[2]

More serious, the plaintiffs have no countervailing affidavit or other evidence in opposition to the Shudtz declaration. The declaration is therefore unopposed and every statement in it should be considered established for purposes of CSX Corporation's Motion to Dismiss: that CSX Corporation is a holding company that does not operate and has never

---

[1] The declaration has the force and effect of an affidavit. *See* 28 U.S.C. § 1746.

[2] "Plaintiffs' Statements of Material Fact As To Which There is Genuine Issue in Oppositions to the Motions to Dismiss Filed by the CSX Defendants" (sic) is presumably based on the local rule governing motions for summary judgments, LR 56.2.

operated as a railroad; that CSX Corporation has never constructed, maintained, or operated any railroad rolling equipment, railroad track, road bed, or other railroad equipment; that CSX Corporation has never been authorized to conduct business in the State of Louisiana; that CSX Corporation has never had an office, officer, employee or assets in the State of Louisiana; and that CSX Corporation does not have an agent for service of process in Louisiana.

In the absence of any affidavit or other competent evidence in opposition to CSXC's Motion to Dismiss, the plaintiffs simply make arguments that have no apparent relevancy to the question of jurisdiction over CSX Corporation's person. The plaintiffs say that they do not know which corporate entity procures insurance for subsidiaries of CSX Corporation, who formulates "their" safety or environmental and response plans, or who plans "their" construction, inspection and maintenance activities. Even if these arguments were somehow relevant to personal jurisdiction, they are simply speculation that amounts to neither evidence nor authority. The arguments do not controvert CSX Corporation's declaration and other exhibits showing that CSX Corporation does not have the requisite minimum contacts in Louisiana.

If this Court grants CSX Corporation's motion to dismiss for lack of personal jurisdiction, the question of whether service of process has been properly made on CSX Corporation will be moot. Nonetheless it is worth pointing out that the plaintiffs' attempt to cure their original, insufficient service is no more sufficient than the original attempt. *See* Docket No. 1270 (a return on service by the plaintiffs' lawyer, claiming to have made certified-mail service on the president of CSX Corporation on September 29, 2006). That belated service was presumably made under Louisiana law, as permitted by Fed. R. Civ. P. 4(h)(1) and 4(e)(1), and more particularly under La. R.S. 13:3204, as permitted by La. Code Civ. P. art. 1261(B)(3). Service under § 3204, however, is valid only if the corporation being served is subject to the

provisions of § 3201 (Louisiana's long-arm statute), *i.e.*, only if the corporation being served is subject to the jurisdiction of the court. *See* La. Code Civ. P. art. 1261(B)(3) and La. R.S. 13:3204(A).[3] Because CSX Corporation is not subject to the personal jurisdiction of this Court, service under § 3204 is not permitted and any such purported service is legally insufficient. The plaintiffs have therefore still not made proper service of the summons and complaint on CSX Corporation.

Conclusion

CSX Corporation's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) (lack of jurisdiction over the person) is supported by law and evidence, including a declaration setting forth facts to show that CSX Corporation lacks any minimum contacts with the State of Louisiana that would subject it to the jurisdiction of this Court. The plaintiffs' Opposition Memorandum, on the other hand, cites to no law or other authority, presents no affidavit or other evidence whatsoever to oppose CSX Corporation's motion, and effectively fails to oppose CSX Corporation's Motion at all. The Motion to Dismiss must be regarded as unopposed, and the facts recited in the declaration must be treated as established for the purposes of the Motion to Dismiss. Therefore

---

[3] La. Code Civ. P. art. 1261(B)(3):

> B. If the corporation has failed to designate an agent for service of process . . . service of the citation or other process may be made by any of the following methods:
>
> . . .
>
> (3) By service of process under the provisions of R.S. 13:3204, <u>if the corporation is subject to the provisions of R.S. 13:3201</u> . . . [emphasis added].

and La. R.S. 13:3204(A):

> <u>In a suit under R.S. 13:3201</u>, a certified copy of the citation . . . and of the petition . . . shall be sent by counsel for the plaintiff . . . to the defendant by
>
> (continued...)

926314-1

4

the Motion to Dismiss should be granted, and the plaintiffs' action against CSX Corporation dismissed with prejudice.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Facsimile: (337) 988-6918

*ATTORNEYS FOR CSX CORPORATION*

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2006, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall

---

(…continued)

      registered or certified mail . . . when the person to be served is located outside of this state . . . [emphasis added].