UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   KATRINA CANAL BREACHES                CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE:<br><br>O'DWYER, NO. 05-4181 | * * * * * | JUDGE DUVAL<br><br>MAG. WILKINSON |

**RESPONSE TO AMICUS MEMORANDUM IN OPPOSITION TO THE
MOTION TO DISMISS FILED BY CSX TRANSPORTATION, INC.**

Counsel for the plaintiffs in *Ferdinand*, No. 06-5132, filed an "amicus" Memorandum in Opposition ("*Ferdinand* Opp."), Dkt. No. 1426, to the Motion to Dismiss filed by CSX Transportation, Inc. ("CSXT") in this action, Dkt. No. 1045.[1]  The amicus memorandum proceeds on three pivotal misunderstandings of preemption law and is not responsive to CSXT's motion to dismiss.

1.  The amicus memorandum devotes all six pages to a discussion of "complete preemption," arguing that the two federal railway statutes that preempt the *O'Dwyer* claim against CSXT – the Interstate Commerce Commission Termination Act ("ICCTA") and the

---

[1] The amicus memorandum was erroneously captioned as pertaining to *O'Dwyer*, No. 06-4024.

926988_1.DOC

Federal Railroad Safety Act ("FRSA") -- are not "completely preemptive." As the Court is aware, the doctrine of "complete preemption" concerns whether a federal statutory scheme is sufficiently comprehensive so as to convert a claim, pled under state law, into one in fact arising under federal law. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) ("In certain instances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim."); *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606 (8th Cir. 2006) (finding FRSA completely preempts state-law claim of negligent track inspection and thus supports removal). Complete preemption thus comes into play when a party seeks to remove an action, pled under state-law theories, to federal court. But *O'Dwyer* was **not removed**. It was filed originally in this federal court. CSXT has not attempted to invoke complete preemption as a basis for this Court's jurisdiction over *O'Dwyer*. Complete preemption analysis is thus irrelevant to CSXT's motion.

The amicus memorandum's own case authorities confirm this hornbook point. The block quotation on page 5 asserts that complete preemption concerns whether a federal statute "provide[s] a basis for federal question jurisdiction." *Ferdinand* Opp. at 5 (citing *Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828 (7th Cir. 2003)). But CSXT has not asserted preemption as a basis for federal question jurisdiction in *O'Dwyer*. The complete preemption case law cited in the amicus memorandum likewise involves whether actions were properly removed to federal court based on preemption – again, not the issue here. *See Adkins,* 326 F.3d 828 (effort at removal); *Chapman v. Lab One*, 390 F.3d 620 (8th Cir. 2004) (effort at removal).

2. The amicus memorandum compounds this initial misstep by next suggesting that "[f]or CSX to prevail" on its motion to dismiss, "it must show that the FRSA and/or the ICTA [sic] completely preempt state negligence law . . . ." *Ferdinand* Opp. at 1. As just shown, this is

an error.  The negligence claim asserted against CSXT is preempted by FRSA and ICCTA.  Nothing more is required – certainly not "complete preemption" -- for the plaintiffs' claim to be dismissed.

        3.      The amicus memorandum's third related error is to suggest that CSXT's preemption defense can prevail only if "it complied with the federal standard." *Ferdinand* Opp. at 1.  In fact, preemption analysis does ***not*** turn on compliance or non-compliance with governing federal statutes and regulations.  *See Norfolk Southern Ry. Co. v. Shanklin,* 529 U.S. 344*,* 357-58 (2000) (it is the displacement of state law, and not adherence to federal regulatory standards, that preempts state tort actions).  *See also Kalan Enters., LLC v. BNSF Ry. Co.,* 415 F. Supp. 2d 977, 980 (D. Minn. 2006) (to require proof of compliance would turn Congress's preemption on its head, and eviscerate its effect); *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 645 (5th Cir. 2005) (citing *Shanklin* and concluding that it is the applicable "federal statute's mandate . . . that usurps state and private decision-making authority and indicates federal preemption").  The *O'Dwyer* plaintiffs' allegations fall squarely within the ambit of federal railroad laws, which is the only relevant issue in a preemption analysis.

    In closing, the amicus memorandum does get one important point correct when it says that preemption is "a defense against the claim" against CSXT.  *Ferdinand* Opp. at 1, 5.  Preemption is indeed a defense.  As shown in CSXT's pending motion, it is a dispositive defense in this case, fatal to the sole claim against CSXT.  CSXT's motion explained in full why this is so. The amicus memorandum addresses none of CSXT's preemption analysis, none of the relevant preemptive statutes, and none of those statutes' relevant interpretive authorities.  Respectfully, their brief does not address CSXT's motion, and does not contribute to the Court's analysis.

This Court should disregard the "amicus" memorandum filed by the *Ferdinand* plaintiffs. CSXT prays that this Court dismiss plaintiffs' claims against it herein with prejudice and at plaintiffs' cost.

Respectfully submitted,

  s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
   -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
   -of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana  70508
Telephone:  (337) 981-5293
Telefax:  (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2006, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management.  All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

  s/ Jonathan C. McCall