UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 05-4181 | * * | MAG. WILKINSON |

**REPLY IN SUPPORT OF MOTION TO SEVER FILED BY
CSX CORPORATION AND CSX TRANSPORTATION, INC.**

MAY IT PLEASE THE COURT:

Defendants CSX Corporation ("CSXC") and CSX Transportation, Inc. ("CSXT") have moved, pursuant to Rule 21, to sever the sole claim against them from the balance of this lawsuit because that claim stands alone in this case, separate factually and legally from all others; because CSXC and CSXT have therefore been misjoined; and because severance will promote judicial efficiency while preserving Article III jurisdiction and thereby "saving the action." *Ralli-Coney, Inc. v. Gates,* 528 F.2d 572, 575-76 (5th Cir. 1976); Fed. R. Civ. P. 21. Plaintiffs' one-paragraph response makes two points.

926790-1

*First*, plaintiffs assert that CSXC and CSXT "cit[e] no law." Opposition (Sept. 19, 2006) at 8, Dkt. No. 1202 ("Opp."). Plaintiffs thereby ignore the eight cases and two legal treatises cited in movants' brief filed in support of severance – law which shows this to be a familiar situation in which severance is ordered.

*Second*, plaintiffs suggest that their claim against CSXT and CSXC is a "textbook example" of "overlap" between claims against them and claims against the Orleans Levee District, the Port of New Orleans, and/or the United States Army Corps of Engineers. *Id*. For this proposition plaintiffs cite no "textbook," no other legal authority, and no "overlap." In fact, the CSX entities are the only railroad actors sued in this lawsuit, and the only sued entities *not* involved in the business of flood protection. This is a case about flood protection, and CSXC and CSXT do not provide flood protection. The supposed "overlap" thus remains obscure, and never explained.

Plaintiffs' sole claim against the CSX entities is based on a railroad's ownership and maintenance of railroad tracks and rights of way. No other claim in this lawsuit asserts anything of the sort. Whether entities engaged in flood protection – such as the Levee District and Army Corps of Engineers – had actionable duties, and discharged them, will not resolve or advance in any way the negligence claim against CSXC and CSXT, and is unrelated in both law and fact to whether CSXT and CSXC properly located and maintained rail tracks, roadbeds or rights-of-way. The sued railroad entities are also the subject of two federal rail statutory schemes confronting no other defendant in this action – again, a fundamental difference, and absence of "overlap" never addressed by plaintiffs.

Ironically, plaintiffs devote most of their one-paragraph response to a discussion of "the Board of Commissioners for the Port of New Orleans," the "Board of Commissioners of the

926790-1

2

Orleans Levee District," and the "United States Army Corps of Engineers," and how each might be responsible for floodwalls, levees, and flood control. Opp. at 8-9. By contrast, plaintiffs never explain the role of a railroad in this case. Plaintiffs thus illustrate the wisdom of severance.

**WHEREFORE**, defendants pray that this Court sever plaintiffs' claims against CSX Corporation and CSX Transportation, Inc., and, pursuant to their separately submitted motions to dismiss, dismiss plaintiffs' claims against them with prejudice and at plaintiffs' cost.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
    -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
    -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Facsimile: (337) 988-6918

*ATTORNEYS FOR CSX CORPORATION and CSX TRANSPORTATION, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2006, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall