UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br> * <br> * <br> PERTAINS TO: * <br> ALL LEVEE, MRGO * <br> RESPONDER CASES AND TO * <br> NO.   05-4181 * <br> * <br> * * * * * * * * * * * * * * * * * | CIVIL ACTION NO. 05-4182 <br><br> SECTION "K" <br><br> MAGISTRATE (2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO THE MOTIONS TO DISMISS
FILED BY CSX CORPORATION AND
CSX TRANSPORTATION, INC.

MAY IT PLEASE THE COURT:

This Memorandum is filed primarily to comply with the Local Rule that requires that a memorandum accompany all motions. Briefly, since plaintiffs' original Memorandum in Opposition to the Motions to Dismiss filed by CSX Corporation and CSX Transportation Company, Inc., was filed on September 28, 2006, the hearing on said motions was continued until November 1, 2006. Plaintiffs aver that they wish leave of Court to advance the following additional arguments in evidence and opposition to the said Motions to Dismiss:

1. Submission to the Court of supplemental evidence in the form of portions of the supplemental report by the Independent Levee Investigation Team, and more particularly pages 8.5, 8.9-8.10, 11.13 and 15.3-15.4, which was issued on July 31, 2006, and which supplements the information contained in the ILIT's original report, portions of which were attached as an Exhibit to plaintiffs' prior Memorandum in Opposition.

2. Arguing that the parent, holding company, CSX Corporation, should not be summarily dismissed, since it owes 100% of the stock of CSX Transportation Company, Inc., and, if what the Independent Levee Investigation Team has concluded about the duplication of what happened at the CSX rail crossings on both the West and East sides of the Industrial Canal in 1965 during Hurricane BETSY, happening again during Hurricane KATRINA, then that fact speaks "volumes" about the oversight that the parent had or failed to have over its wholly-owned subsidiary's operations. Further, plaintiff's respectfully submit that they should be entitled to discovery in order to explore whether the CSX defendants constitute a "single business enterprise", and to explore the form and limits of liability of insurance coverage available to CSX Transportation Company, Inc., as well as what oversight the parent has over the insurance coverage available to, and the safety and engineering programs of, its wholly owned subsidiary.

3. To supplement the record with the attached Curriculum Vitae of plaintiffs expert Civil Engineer, David Rosenberg.

Respectfully submitted,

**LAW OFFICES OF
ASHTON R. O'DWYER, JR.
Counsel for Plaintiffs**

By: _____
Ashton R. O'Dwyer, Jr.
In Proper Person
One Canal Place
365 Canal Street
Suite 2670
New Orleans, LA 70130
Tel. 504-561-6561
Fax. 504-561-6560

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record via E-mail, this 24th day of October 2006.

_____