UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHIRLEY CHAMBERLAIN, wife of/and ROBERT CHAMBERLAIN | * | CIVIL ACTION |
| | * | NO.   06-6479 |
| VERSUS | | |
| | * | SECTION "K" |
| LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY and JAMES L. FRANCE | * | MAGISTRATE 2 |

\* \* \* \* \* \* \* \*

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

In addition to the reasons previously set forth in plaintiffs' Memorandum in Support of Motion to Remand, plaintiffs aver that the above, entitled and numbered cause should be remanded for the additional reasons as follows:

### 1.   THE DEFENDANT'S REMOVAL IS DEFECTIVE

The defendant's, LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY (hereinafter "FARM BUREAU"), removal of this matter from state court to federal court is defective for at least two reasons:

First, pursuant to 28 U.S.C. Section 1446(a), FARM BUREAU's removal is untimely since JAMES L. FRANCE (hereinafter "FRANCE") did not concur in FARM BUREAU's removal within thirty days of service of process on FARM BUREAU.

Second, since FRANCE was served on September 12, 2006, the absolute latest date on which FRANCE could properly consent to FARM BUREAU's removal pursuant to the provisions of 28 U.S.C. Section 1446(b) was October 12, 2006. In point of fact, FRANCE has yet to properly consent to FARM BUREAU's removal.

Section 1446(b) clearly requires a notice of removal to be filed within thirty days after a plaintiff serves the defendant. In cases, such as this, involving more than one defendant, the Fifth Circuit has held that the thirty day period begins to run on the date that the first defendant is served. <u>Getty Oil, Division of Texaco v. Insurance Company of North America</u>, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); <u>Clark v. Field Inspection Service, Inc.</u>, 1994 WL 180278 (E.D. La. 1994).

As a result, it is well settled in this Circuit that, providing the case is removable, all served defendants must join in the Notice of Removal no later than thirty days after the plaintiff serves the first defendant.

In this case, FRANCE has yet to consent to FARM BUREAU's removal and it is clearly too late for FRANCE to consent given the fact that he was served on September 12, 2006. Plaintiffs attach hereto, as Exhibit 1, a copy of the online return from the Civil Sheriff for the Civil District Court for the Parish of Orleans reflecting personal service on the defendant, JAMES FRANCE, on September 12, 2006.

For the above and foregoing reasons, and as additionally set forth in plaintiffs' Memorandum in Support of Motion to Remand, plaintiffs respectfully pray that the plaintiffs' Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this ___19___ day of ___Oct___, 20_06_, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____/s/ D. Prevost/lm_____