UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br>NO. 05-4182 "K" (2) |
| | * | JUDGE DUVALL |
| PERTAINS TO: | * * | MAG. WILKINSON |
| LEVEE:   06-7682 (PAUL) | * * | |

* * * * * * * * * * * * * * * * * *

FILED: _____      _____
                                                     **DEPUTY CLERK**

### ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT TO DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Levee District, and for answer to plaintiffs' petition for damages, respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

1

## SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incident, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is strictly denied. *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHT DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## NINTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## TENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## TWELFTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## THIRTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FOURTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the

Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

### FIFTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

### SIXTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

### SEVENTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

### EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-SECOND DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### TWENTY-NINTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue.

### THIRTIETH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

### THIRTY-FIRST DEFENSE

Defendant is immune from liability by operation of La. R.S. 29:735 and La. R.S. 9:2793.1.

**AND NOW,** answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 is denied insofar as they concern this defendant.

2.

The allegations of Paragraph 2, including subparts, are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack fo sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are admitted only to the extent that this defendant is a political subdivision of the State of Louisiana and that this defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes. The balance of Paragraph 4, including subparts (a) and (c) - (h) is denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied as written.

6.

The allegations of Paragraph 6 contain a legal conclusion which require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied.

7.

The allegations of Paragraph 7, including subparts, contain legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent

an answer may be deemed necessary, the allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8, including subparts, contain legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent an answer may be deemed necessary, the allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 contain legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent that an answer may be deemed necessary, the allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 contains legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent an answer may be deemed necessary, the allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 contain legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent an answer may be

deemed necessary, the allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14, including subparts, contain legal conclusions which require no answer from this defendant as the statutes on class actions speak for themselves. To the extent an answer may be deemed necessary, the allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied to the extent they assert the existence of a proper class.

16.

Except to admit the existence of the London Avenue Canal and the Inner Harbor Navigation Canal, the allegations of Paragraph 16 are denied as written.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

Except to admit the existence of Hurricane Katrina, the allegations of Paragraph 18 are denied as for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 are admitted.

21.

The allegations of Paragraph 21 are admitted.

22.

Defendant admits an accident occurred on September 11, 2004; the remaining allegations are denied as written.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

Defendant admits the allegations of Paragraph 24 to the extent that an accident occurred at Flood Gate W-30.

25.

The allegations of Paragraph 25 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant. Defendant admits W-30 has not been replaced.

26.

The allegations of Paragraph 26 are denied to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 26 is denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied as written.

29.

Defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso.*

30.

The allegations of Paragraph 30, including all subparts, require no answer from this defendant.

31.

In response to the allegations of the first Paragraph 31, defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso.*

32.

The allegations of the second Paragraph 31, including all subparts, are denied.

33.

Defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso.*

34.

The allegations of Paragraph 34, including all subparts, require no answer from this defendant.

35.

Defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso.*

36.

The allegations of Paragraph 36, including all subparts, require no answer from this defendant.

37.

Defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso*.

38.

The allegations of Paragraph 38, including all subparts, require no answer from this defendant.

39.

Defendant reallges all responses plead in response to paragraphs 16 through 28 as if copied *in extenso*.

40.

The allegations of Paragraph 40, including all subparts, require no answer from this defendant.

41.

The allegations of Paragraph 41 are denied insofar as they concern this defendant.

42.

The allegations of Paragraph 42 are denied insofar as they concern this defendant.

43.

The allegations of Paragraph 43, including all subparts, are denied.

44.

The allegations of paragraph 44 are admitted.

45.

Defendant denies the allegations of the prayer of plaintiffs' complaint.

**WHEREFORE**, defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against it, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828

13

Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic transmittal or by placing same in the U.S. Mail, postage prepaid and properly addressed this 3rd day of November, 2006.

_____