UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| _____ | * | MAGISTRATE JUDGE WILKINSON |
| PERTAINS TO:  INSURANCE, | * | |
| *Xavier Univ. of La.*, No. 06-0516 | * | |
| | * | |
| | * | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR MODIFICATION OF
SCHEDULING ORDER AND CONTINUATION OF TRIAL DATE**

Defendant, Travelers Property Casualty Company of America ("Travelers") seeks an order modifying the Scheduling Order in this case and continuing the January 16, 2007 trial date, in light of the transfer of the case to this Section and Plaintiff's pending motion for partial summary judgment on the applicability of the water damage exclusion in the insurance policy.  It would be inappropriate and a waste of the parties' and the Court's resources to conduct expert discovery and a trial in this case  before the applicability of the water damage exclusion is resolved by this Court and the U.S. Court of Appeals for the Fifth Circuit.  Accordingly, the Scheduling Order previously entered by Judge Vance should be modified to stay all case management deadlines and postpone the trial date until after a ruling on Plaintiffs' motion for partial summary judgment and completion of subsequent appellate proceedings.

On September 19, 2006, this case was transferred from Section "R" (Vance, J.) to Section "K" (Duval, J.) and consolidated as part of *In re Katrina Canal Breaches Consolidated Litigation*. (*See* Order dated Sept. 19, 2006, Doc. No. 18.) Recently, on October 27, 2006, the Court heard oral argument on Plaintiff Xavier University of Louisiana's ("Xavier") motion for partial summary judgment. Xavier's motion seeks a ruling that damage to Plaintiffs' buildings caused by water released from the 17th Street Canal and London Avenue Canal is covered under the insurance policy issued to Plaintiff by Travelers, notwithstanding the water damage exclusion in the policy. During oral argument, the Court indicated that it would rule on Xavier's motion within several weeks and, regardless of the outcome, would certify its ruling for an interlocutory appeal to the Fifth Circuit.

Prior to this case being transferred to this Court, Judge Vance entered a Scheduling Order which requires Travelers to disclose expert witnesses by November 6, 2006, requires the parties to complete discovery by December 6, 2006, and sets a trial date of January 16, 2007. (*See* Scheduling Order, Doc. No. 10 in Civ. A. No. 06-0516.) It would make no sense for the parties to conduct expert discovery, or for the Court to conduct a trial, before the applicability of the water damage exclusion has been conclusively resolved. The scope and nature of any expert testimony and the scope of the issues to be tried will be greatly impacted by this Court's and the Fifth Circuit's rulings on the water damage exclusion. According to Xavier's own estimates of the damage to its buildings, approximately two-thirds of the damage (approximately $25 million out of a total claim of approximately $40 million) was to the first floors of the buildings. The damage to the first floors was caused exclusively by flood. The dollar amount in dispute as well as the nature of the issues in dispute will be substantially impacted by how the Fifth Circuit rules on the water damage exclusion.

The nature of the expert testimony required in this case will substantially depend on how the Fifth Circuit rules on the water damage exclusion. If the water damage exclusion is held to be applicable to floodwaters released from the 17th Street and London Avenue Canals regardless of the cause of the levee failures, expert testimony will be necessary to segregate the damages to Xavier's buildings between wind and flood. If the applicability of the water damage exclusion were to depend on the extent to which the cause of the flooding was "man-made" rather than "natural," as Xavier contends, the parties would need to conduct substantial additional discovery and obtain expert testimony on the causes of the failures of the levees. The Court noted at oral argument that it would not make a summary judgment ruling that the cause of the failures of the levees was "man-made" or "natural." Substantial discovery would be necessary on that issue. Further, Liaison Counsel for plaintiffs and defendants are currently formulating the necessary discovery schedule. In order to conserve resources, such discovery would most likely be conducted together with the other negligence suits pending in this Court involving the levee failures. Travelers should not be required to conduct such costly discovery and retain expert witnesses on that issue until the Fifth Circuit has decided, as a matter of law, whether the cause of the failure of the levees is relevant to application of the water damage exclusion.

The nature of the issues to be tried in this case will also depend substantially on how the Fifth Circuit rules on the water damage exclusion. If the water damage exclusion applies to the floodwaters released from the 17th Street and London Avenue Canals regardless of the cause of the levee failures, the parties' dispute will focus simply on what damage to Xavier's buildings was caused by covered perils (such as wind), and the measurement of that damage. In contrast, if the applicability of the water damage exclusion were to depend on the extent to which the cause of the levee failures was "natural" as opposed to "man-made," presentation of evidence on

that issue would require a much longer trial. The question of whether there was negligence in the construction or maintenance of the levees would also have important implications for other cases pending in this Court. This case cannot be tried until the legal issues concerning the applicability of the water damage exclusion have been resolved. If the case were tried before the Fifth Circuit's ruling, and the Fifth Circuit were to disagree with this Court's interpretation of the policy language, a costly re-trial would be necessary.

The Fifth Circuit will likely agree to hear an interlocutory appeal of this Court's ruling on the water damage exclusion, given the importance of the question involved. Clearly, the Fifth Circuit will not be able to hear argument and reach a decision prior to the scheduled trial date of January 16, 2007. Travelers will require adequate time, following the Fifth Circuit decision, to conduct any additional discovery that may be necessary, depending on the nature of the Fifth Circuit's ruling, and to prepare for trial. Accordingly, the Scheduling Order should be modified and all discovery deadlines should be stayed until this Court has ruled on Plaintiffs' motion for partial summary judgment and any subsequent appellate proceedings have been completed. After the Fifth Circuit has ruled, the Court should enter an appropriate scheduling order for completion of discovery and trial.

In the alternative, if the Court intends to proceed with a trial of this case before the applicability of the water damage exclusion has been resolved, Travelers respectfully requests that the Scheduling Order be modified to provide a 60-day extension of time with respect to the disclosure of expert witnesses and a continuation of the trial date of at least 60 days, subject to the Court's schedule. As the Court is well aware, Travelers counsel has been heavily engaged in briefing and oral argument on Plaintiffs' motion for partial summary judgment in this case and the other motions which were heard together with this case, and is also serving as Defendants'

Liaison Counsel in *In re Katrina Canal Breaches Consolidated Litigation*. As part of the *In re Katrina Canal Breaches Consolidated Litigation,* Liaison Counsel are formulating a discovery schedule which is also applicable to this case. Additional time is necessary to complete expert witness disclosures and prepare for trial. Counsel for plaintiff has been contacted and opposes this motion.

## CONCLUSION

For all of the foregoing reasons, Travelers' motion should be granted and an order should be entered staying all case management deadlines in this case and continuing the trial date pending a ruling on Plaintiffs' motion for partial summary judgment and completion of subsequent appellate proceedings.

Respectfully submitted,

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR., #19755
RALPH S. HUBBARD III, #7040
**LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

**Attorneys for Travelers Property
Casualty Company of America**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2006, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via the court's electronic filing system and by U.S. Mail, postage prepaid, to all counsel identified by the court to receive by mail..

s/Simeon B. Reimonenq, Jr.
SIMEON B. REIMONENQ, JR.