UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV -3  PM 1:08

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION : | CIVIL ACTION NO.: 05-4182 |
| : | JUDGE DUVAL, SECTION "K" |
| : | MAGISTRATE WILKINSON (2) |
| PERTAINS TO: : | |
| CHAMBERLAIN (06-6479) – PENDING DESIGNATION : | |

**OPPOSITION ON BEHALF OF
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY
TO PLAINTIFFS' MOTION TO REMAND**

MAY IT PLEASE THE COURT:

### Introduction

This is another chapter in the evolving story of federal supplemental subject matter jurisdiction and removal based on 28 U.S.C. §1441(e)(1). The Court is by now quite familiar with the basic themes of the story, but prior rulings have made the outcome a little clearer than it was when the Court last read the book. As has occurred in a number of other removed cases in the Eastern District, the plaintiffs invite the Court to measure jurisdiction over the instant litigation under the provisions of 28 U.S.C. §1369 rather than 28 U.S.C. §1441(e)(1)—an interpretation which the U. S. Fifth Circuit has already rejected in *Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006). As the Court is well aware, the analysis of jurisdiction and removal with respect to the instant case must be made under 28 U.S.C. §1441(e)(1), which simply directs the Court to determine whether **another pending case**

BR.477994.1

(in this instance, *Abadie v. Aegis Security Insurance)* is or could have been brought under 28 U.S.C. §1369 and whether the instant case arises from the same "accident" as *Abadie*.

The requirements of 28 U.S.C. §1441(e)(1) are clearly satisfied by this removal, and therefore plaintiffs' motion to remand should be denied.

## The Background and Factual Setting

As the Court is aware, a comprehensive putative class action was filed in the Eastern District on August 28, 2006, captioned *Abadie v. Aegis Security Insurance Company*.[1] It bears Civil Action No. 06-5164 and by random allotment, it was assigned to this section of the Eastern District. Louisiana Farm Bureau Mutual Insurance Company is a defendant in *Abadie*, and it is the removing defendant in the instant litigation.

The plaintiffs in *Abadie* invoked the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d), as the basis for original federal subject matter jurisdiction. But the case could also have been brought under 28 U.S.C. §1369. As the Court knows, there is original federal subject matter jurisdiction under 28 U.S.C. §1369 over "any civil action" in which there is "minimal diversity" which "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location" if any one of three statutory criteria is satisfied.[2] Two of those criteria are clearly satisfied in *Abadie;* a defendant in *Abadie* resides in a state other than the place of the accident and two defendants reside in different states. Those facts are not in dispute. There is also no dispute that "minimal diversity" is present in *Abadie*, as that concept is defined

---

[1] The relevant portions of the *Abadie* complaint were attached to Louisiana Farm Bureau Mutual's Notice of Removal in this case as Exhibit B.

[2] These criteria are: (1) if a defendant resides in a State and a substantial part of the accident took place in another State, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) if any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) if substantial parts of the accident took place in different states. 28 U.S.C. §1369(a)(1), (2) and (3).

BR.477994.1

in 28 U.S.C. §1369(c)(1).[3] And finally, there has been no dispute in such post-Katrina cases that at least 75 natural persons died at a discrete location as a result of the "accident" caused by the "natural event" of Hurricane Katrina.

The only debatable point in the jurisdictional analysis of *Abadie* under 28 U.S.C. §1369 is whether it is a civil action arising out of a "single accident." As the Court will surely recall, the word accident is "defined" in 28 U.S.C. §1369(c)(4) as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." Although the complaint in *Abadie* ranges quite far, one of its central themes is that the levee breaches in the greater New Orleans area caused substantial property damage to the putative class members. This Court has already held in its ruling in *Flint v. Louisiana Farm Bureau Mutual Insurance Company* that these levee breaches in the greater New Orleans area at virtually the same time on the morning of August 29, 2006 were a "sudden accident" which was the culmination of the "natural event" of Hurricane Katrina (referring to the jurisdictional basis for *Chehardy v. Louisiana Commissioner of Insurance*, now subsumed into the In Re: Katrina Canal Breaches Litigation).[4]

*Abadie* is a civil action arising out of those very same levee breaches. Thus the Court, having concluded in *Chehardy* that the levee breaches satisfied the jurisdictional requirements of 28 U.S.C. §1369, cannot reach an inconsistent conclusion with respect to the same levee breaches, alleged again in *Abadie*. It follows that *Abadie* "could have been brought" under 28 U.S.C. §1369.

---

[3] Minimal diversity exists between adverse parties under the statute if any party is a citizen of a State and any adverse party in a citizen of another state.

[4] This Court's ruling in *Flint*, containing this conclusion, is attached as Exhibit A to this memorandum for the Court's easy reference.

BR.477994.1

That being the case, Louisiana Farm Bureau Mutual Insurance Company had a right under 28 U.S.C. §1441(e)(1)(B) to remove the instant case—and the Court has supplemental subject matter jurisdiction over it—if this action "arises from the same accident" as does *Abadie*. The provisions of 28 U.S.C. §1441(e)(1)(B) and the U.S. Fifth Circuit's opinion in *Wallace, supra,* make it crystal clear that an analysis of original federal subject matter jurisdiction as to **this case** under 28 U.S.C. §1369, or for that matter under any other federal statute, is irrelevant. The right of Louisiana Farm Bureau Mutual to remove **this case** under 28 U.S.C. §1441(e)(1)(B) and the Court's subject matter jurisdiction over it exist "even if the action to be removed **could not have been brought in a district court as an original matter.**" Since Louisiana Farm Bureau Mutual is a defendant in *Abadie*, only two considerations are relevant to removal and the exercise of supplemental subject matter jurisdiction over this case: (1) could *Abadie* have been brought under 28 U.S.C. §1369 and (2) does this case arise out of the same "accident" as the action in *Abadie*?

### Analysis and Argument

The preceding pages establish that *Abadie* could have been brought under 28 U.S.C. §1369. Thus this discussion will center on whether the instant case arises out of the same "accident" (the levee breaks) as the action in *Abadie*. Plaintiffs characterize their action as "a simple homeowner's insurance claim coupled with an errors and omissions claim" having "nothing whatsoever to do with any other matter pending before this or any other court in the Eastern District of Louisiana." (Memorandum of Authorities in support of Motion to Remand, pp. 5-6). That could possibly be true, but it is not the statutory test for removal and the exercise of supplemental subject matter jurisdiction under 28 U.S.C. §1441(e)(1)(B). The statute only requires that this action arise out of the same "accident" as the action in *Abadie;* it does not

require that it have "something to do" with another pending matter. A quick comparison of the pleadings in *Abadie* and those in this case will reveal that this requirement is fulfilled.

In this case, plaintiffs allege that "much of the damage" to their home "was caused by water entering the City of New Orleans, beginning on August 29, 2005, due to the breaches in the flood walls along the 17th Street Canal and the London Avenue Canal." (Original Petition, Paragraph VIII). They further allege that the "dominant and efficient cause of the losses which they sustained due to the breaches in the aforementioned flood walls" were due to the negligent acts of others or to windstorm, "which are standard covered perils" in their insurance policy. (Original Petition, Paragraph IX). They also allege that there have been "studies" and "findings" that the flooding in the greater New Orleans area was due to these levee breaches at various points in the area, leading in plaintiffs' minds to the conclusion that their losses were a result of "act of man, not as a result of flood driven waters from Hurricane Katrina." (Original Petition, Paragraph X). Thus the levee breaches, their cause and their legal consequences are at the core of the instant litigation. The judicial resolution of those issues are the foundation for both the claim that there was coverage under the insurance policy issued to the plaintiffs as well as the "errors and omissions" claim that they make.

It bears repeating here that the Court has already determined that the levee breaches were a "sudden accident" which was the culmination of the "natural event" of Hurricane Katrina, *i.e.*, that the fundamental jurisdictional requirement of 28 U.S.C. §1369 was satisfied by the levee breaches in the greater New Orleans area on the morning of August 29, 2005.

When one looks at the original complaint in *Abadie*, one finds essentially the same allegations as those made in the instant case. The policyholder plaintiffs in *Abadie* seek monetary relief and a declaratory judgment that the "first efficient proximate cause" of their

- 5 -

property losses was "windstorm," rendering irrelevant any subsequent impact from water released by "levee wall failures." (Complaint, p. 130). And they allege that the "second efficient proximate cause" of their property losses resulting from "breaches in the levees and levee walls" along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere" were "acts of negligence" which were "standard covered perils" under the insurance policies issued to them. (Complaint, p. 131). Subsequent to those allegations, the plaintiffs in *Abadie* proceed to allege that the "breaking or failure of levees" was not a specifically excluded peril under their policies and that the water entering "the City of New Orleans and surrounding parishes" from Hurricane Katrina "due to the breaches in the levee walls" along the various canals "and elsewhere" does not fall within the normal definition of "flood" nor within any of the "flood" exclusions in the various insurance policies issued to them. (Complaint, pp. 130-131).

The same similarity can be seen in the specific theories of recovery invoked in *Abadie* and in the instant case. In *Abadie*, the plaintiffs assert breach of contract (Complaint, pp. 145-146); breach of an implied covenant of good faith and fair dealing (Complaint, pp. 146-148); inappropriate insurance adjusting practices (Complaint, pp. 148-151); breach of fiduciary duty (Complaint, pp. 152-153) and a violation of the Louisiana Valued Policy Law, La. R.S. 22:695(A) (Complaint, pp. 151-152). In the instant case, the plaintiffs assert breach of contract (Petition, Paragraph VI); breach of an implied covenant of good faith and fair dealing (Petition, Paragraph XIV); inappropriate insurance adjusting practices (Petition, Paragraph XV); breach of fiduciary duty (Petition, Paragraph XIX); and a violation of the Louisiana Valued Policy Law, La. R.S. 22:695(A) (Petition, Paragraphs III, IV, VI and XI).

It is clear that the cause of action stated in the instant case arises from the same "accident" as the cause of action in *Abadie*, and as a result, Louisiana Farm Bureau Mutual had a

BR.477994.1

right under 28 U.S.C. §1441(e)(1)(B) to remove the instant case, and the Court has supplemental subject matter jurisdiction over it.

As an additional ground of federal subject matter jurisdiction, the Court also has original federal question jurisdiction under 28 U.S.C. §1331 because plaintiffs seek relief under federal law. In Paragraph XIII, plaintiffs allege that Louisiana Farm Bureau Mutual "is liable to plaintiffs for penalties and attorneys fees under the applicable provisions of state and federal law." If the Court should be inclined to grant plaintiffs' motion to remand, then in the light of this allegation, it would have to do so under the provisions of 28 U.S.C. §1441(c) and 28 U.S.C. §1367(c) relative to its discretion to decline to exercise supplemental jurisdiction over the parts of plaintiffs' complaint which do not seek relief under federal law. In other words, given the claim for relief under federal law, the issue under this additional ground for subject matter jurisdiction is not whether the court has subject matter jurisdiction over this case. The issue is whether it will decline to exercise it.

We may now turn to the arguments made by the plaintiffs in their motion to remand and supporting memorandum of authorities. It should be noted at the outset that some of the arguments have nothing to do with the grounds for removal asserted by Louisiana Farm Bureau Mutual. Plaintiffs assert, for example, that Louisiana Farm Bureau Mutual claims that "jurisdiction exists" over this case under 28 U.S.C. §1369 (pp. 3-4) and devotes several pages to arguing why there is no jurisdiction under 28 U.S.C. §1369. But no such claim is made. The jurisdiction posited here is the supplemental subject matter jurisdiction granted under 28 U.S.C. §1441(e)(1)(B), which expressly provides that a defendant may remove a case under its authority even if the case is one over which the federal courts would not have had original subject matter jurisdiction. While there is a reference in 28 U.S.C. §1441(e)(1)(B) to 28 U.S.C. §1369, the

reference is only to state that there must be jurisdiction over **another case** under 28 U.S.C. §1369 (in this instance, *Abadie*) for the supplemental subject matter jurisdiction in 28 U.S.C. §1441(e)(1)(B) to apply. It is absolutely clear under *Wallace v. Louisiana Citizens Property Insurance Corp.*, 444 F.3d 697 (5th Cir. 2006) that jurisdiction over an action such as the instant case is **not** itself measured by 28 U.S.C. §1369.

Plaintiffs also mention (p. 4) abstention under 28 U.S.C. §1369(b), presumably to encourage the Court to abstain from exercising jurisdiction over the instant case because the grounds of abstention contained in that subsection are satisfied. But this is the error that Judge Livaudais made and the reason why the Fifth Circuit vacated his first remand order in *Wallace, supra*. The specific holding in *Wallace, supra*, was that abstention under 28 U.S.C. §1369(b) has nothing whatsoever to do with a case removed under 28 U.S.C. §1441(e)(1)(B).

And plaintiffs note (p. 2) that they have not asserted "any claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program." Since Louisiana Farm Bureau Mutual did not remove this case on the basis of the National Flood Insurance Program, and indeed never mentioned that program, this observation has no relevance to this discussion at all.

Finally, plaintiffs contend that "the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs nor many defendants" (pp. 4-6), citing in particular the opinions in *Southern Athletic Club, LLC v. Hanover Insurance Company*, 2006 WL 2583406 (E. D. La. 2006) and *Willhoft v. Kert LeBlanc Insurance Agency*, 2006 U. S. Dist. LEXIS 45796 (E. D. La. 2006) (both opinions by Lemmon, J.) Once again, plaintiffs are chasing specters. There are two grants of jurisdiction in the MMTJA. One is a grant of original subject matter jurisdiction within the provisions of 28 U.S.C. §1369 (with a right of removal under 28

U.S.C. §1441(e)(1)(A). The other is a grant of supplemental subject matter jurisdiction (and an accompanying right of removal) in 28 U.S.C. §1441(e)(1)(B) over a case in which there would never have been original subject matter jurisdiction, when there is subject matter jurisdiction other **another case** under 28 U.S.C. §1369. Plaintiffs' contention might be correct with respect to jurisdiction under 28 U.S.C. §1369, but it is irrelevant to supplemental subject matter jurisdiction under 28 U.S.C. §1441(e)(1)(B). The latter grant of jurisdiction is specifically stated to exist even though the federal courts would never have had original subject matter jurisdiction, and thus it could easily apply to a case involving (as this one does) a single Louisiana plaintiff and two Louisiana defendants.

Neither *Southern Athletic Club* nor *Willhoft* is contrary to that proposition. Each involved the removal of a case from state court upon a claim of **original subject matter jurisdiction** under 28 U.S.C. §1369(a) itself—not on the basis that there was original subject matter jurisdiction under 28 U.S.C. §1369(a) over **another case**. In other words, in both cases, the removal was based upon 28 U.S.C. §1441(e)(1)**(A)**, not **(B)**. Obviously, there is a sharp difference between determining original subject matter jurisdiction and removal under 28 U.S.C. §1369(a) and 28 U.S.C. §1441(e)(1)(A) on the one hand, and determining supplemental subject matter jurisdiction and removal under 28 U.S.C. §1441(e)(1)(B) alone. While plaintiffs are correct that there were remand orders in the two cases, those opinions are not relevant to the issue presently before the Court.

So we are down to the only real issue and the few arguments that plaintiffs have made with respect to it: is there a right of removal and the existence of supplemental subject matter jurisdiction under 28 U.S.C. §1441(e)(1)(B) in this case? The only argument that plaintiffs make in this regard is contained in the closing lines of p. 5 and the beginning lines of p. 6. To

BR.477994.1

make their argument, plaintiffs misstate the statutory requirements as well as the defendant's contentions. They claim that the defendant contends that there is subject matter jurisdiction because *Abadie* "involves similar issues" and this Court has jurisdiction over *Abadie* under 28 U.S.C. §1369. The latter observation is correct, but the former one is not. As explained in the preceding pages, Louisiana Farm Bureau Mutual contends—as the statute itself provides--that this action "arises from the same accident" as the accident in *Abadie* (the levee breaks). It happens to be true that "similar issues" are involved, as Louisiana Farm Bureau Mutual has comprehensively outlined earlier in this memorandum. But the statutory requirement is that this action "arises from the same accident" as the one in *Abadie*—and it does. It is worth remembering that in *Passa v. Derderian,* 308 F. Supp. 2d 43 (D. R. I. 2004), the only reported pre-Katrina opinion involving 28 U.S.C. §1441(e)(1)(B), the issues in various removed cases ranged from wrongful death to personal injury to claims for preservation of evidence.

Thus it is quite beside the point that plaintiffs argue in closing their memorandum that their case is a "simple homeowner's insurance claim coupled with an errors and omissions claim, and has nothing whatsoever to do with any other matter pending before this or any other court in the Eastern District." That is an exaggeration, in any event. What the instant case "has to do with" other pending cases is that the Eastern District is now burdened with the responsibility of determining—among many issues—exactly what happened to the levees on August 29, 2005; whether the causes of the levee breaks are such that they are included or excluded under property insurance policies; and whether the Louisiana Valued Policy Law has a role to play in the resolution of disputes between homeowners and their insurers. Part of that burden has already been discharged by Judge Vance in her ruling on the Louisiana Valued Policy Law in *Chauvin v. State Farm,* with which the Court is undoubtedly familiar.

Perhaps the primary objective of the Congress in enacting the MMTJA was to eliminate the inherent judicial inefficiency which would occur if both state and federal courts were resolving these very same issues at the same time. The change in traditional federal jurisdictional requirements and rights of removal wrought by the MMTJA was intended to promote judicial efficiency by having a single forum (not necessarily a single case) in which these issues should be resolved. As the Fifth Circuit put it in *Wallace*:

> As this [U. S. House of Representatives] report makes clear, the MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigation in several fora. * * *

444 F.3d at 702.[5]

Plaintiffs also assert (p. 5) that Hurricane Katrina "has not been found to be an 'accident' under Section 1369," citing *Flint*. Once again, Louisiana Farm Bureau Mutual has not made such a contention. Rather, it contends that the levee breaches in the New Orleans area were the "sudden accident" resulting from the "natural event" of Hurricane Katrina. Moreover, the Court needs no reminder about what it said in deciding in *Flint*. One of the things that it said was that the "levee breaks" in the greater New Orleans area satisfy the jurisdictional requirements of 28 U.S.C. §1369(a). The significance of the ruling in *Flint* with respect to this pending motion to remand is that the Court recognized that there is a basis for supplemental subject matter jurisdiction and removal under 28 U.S.C. §1441(e)(1)(B); that the U. S. Fifth Circuit has recognized that same basis in *Wallace*; and, more important, that the levee breaks in the greater

---

[5] That the Fifth Circuit has accurately gauged the Congressional objective can be seen by reviewing the seminal law review article which would seem to have provided the impetus and draft language for the MMTJA. *See* Rowe and Sibley, *Beyond Diversity: Federal Multiparty, Multiforum Jurisdiction*, 135 U. Pa. L. Rev. 7 (1986), especially pp. 14-22.

New Orleans area satisfy the statutory requirements of 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(B).

In a supplemental memorandum of authorities, plaintiffs also assert one additional argument in favor of their motion to remand. They argue that the consent of all defendants is necessary to effect this removal, and that such consent was not timely obtained. The language of the removal statute negates such a requirement, as Louisiana Farm Bureau Mutual pointed out in its Notice of Removal (Paragraph 19). The supposed statutory basis for the requirement in most removals that all defendants concur in the removal is the statement in 28 U.S.C. §1441(a) that "any civil action of which the district courts of the United States have original jurisdiction, may be removed by the defendant **or the defendants** . . . ." (Emphasis supplied). Cases have concluded that this means that all of the defendants properly named and served are required to concur in the removal. But 28 U.S.C. §1441(e) does not contain that same language. It provides that "**a defendant** in a civil action in a State court may remove the action . . . ." (Emphasis supplied).

The difference in language is obviously crucial. There is no reference to multiple defendants upon which one might base an argument that concurrence of all defendants is required, and indeed the statutory reference is to "a defendant" rather than "the defendant." Moreover, the reference to "the defendants" in 28 U.S.C. §1441(a) is with regard to a removal of a civil action "of which the district courts of the United States have original jurisdiction." As we have seen, this removal on the authority of 28 U.S.C. §1441(e)(1)(B) is of a case which the removal statute says "could not have been brought in a district court as an original matter"—an entirely different—and quite novel—concept of removal.

BR.477994.1

And finally, 28 U.S.C. §1441(e) opens with the qualifying statement about the removal procedure that it outlines, "notwithstanding the provisions of subsection (b) of this section." Subsection (b) of Section 1441 is a companion provision to 28 U.S.C. §1441(a), providing that the civil actions removable under 28 U.S.C. §1441(a) must be removed in accordance with a certain procedure. It is obvious that Congress intended by its qualifying opening statement in 28 U.S.C. §1441(e)(1)(B) that the customary removal procedures found in Sections 1441(a) and 1441(b) do not apply to this removal. This is not surprising, since 28 U.S.C. §1441(e)(1)(B) permits for the first time removal of a case over which the federal courts would not have had original subject matter jurisdiction—a radical departure from decades of prior removal statutes.

The Court should also recall that an additional ground for this removal is 28 U.S.C. §1441(c), as a result of the presence of a "separate and independent claim or cause of action" within the federal question jurisdiction of the district courts. Paragraph XIII of the original petition seeks relief against Louisiana Farm Bureau Mutual Insurance Company under "state and federal law," but that cause of action is not stated against the other defendant. It is well settled that when a removal is based upon 28 U.S.C. §1441(c), the concurrence of all defendants is not required. *Henry v. Independent American Savings Association,* 857 F.2d 995, 999 (5th Cir. 1988).

There simply is no statutory basis for any requirement that other defendants in the case concur in this removal. In fact, the converse seems to be the case.

### Conclusion

The arguments advanced by the plaintiffs in support of their motion to remand are misdirected. They are apparently aimed at what the plaintiffs believed to be the bases for this removal, but their belief is for the most part erroneous. The basis for this removal and the exercise by this Court of supplemental subject matter jurisdiction is 28 U.S.C. §1441(e)(1)(B).

BR.477994.1

Since Louisiana Farm Bureau Mutual is a defendant in *Abadie*, the only requirements that it must satisfy are those in that statute, *viz.*, (1) whether there is original subject matter jurisdiction over *Abadie* under 28 U.S.C. §1369 because *Abadie* could have been brought under that statute; and (2) whether this removed action arises from the same accident as the action in *Abadie*.

Both of these requirements are satisfied here. *Abadie* could have been brought under 28 U.S.C. §1369 because *Abadie* arises out of the levee breaches in the greater New Orleans area, and the Court has already held that those levee breaches are the "sudden accident" resulting from the "natural event" of Hurricane Katrina. Thus the only debatable point under 28 U.S.C. §1369 has been satisfied. And the instant action clearly "arises from" that same accident, and actually asserts the very same theories of recovery.

In addition, the Court has original subject matter jurisdiction over this case under 28 U.S.C. §1331 because the plaintiffs seek relief against this defendant under federal law.

Accordingly, the Court should deny the motion to remand and proceed with a resolution of the case.

Respectfully submitted,

Andrew L. Plauché, Jr. (Bar No. 11023)
Plauché Maselli Parkerson, L.L.P.
201 St. Charles Ave., Suite 4240
New Orleans, Louisiana 70170-4240
Telephone: (504) 582-1142
Telecopier: (504) 582-1172

**And**

BR.477994.1

By: _____
H. Alston Johnson III (Bar No. 7293)
PHELPS DUNBAR LLP
445 North Blvd., Suite 701, 70802
Post Office Box 4412
Baton Rouge, Louisiana 70821
Telephone: (225) 346-0285
Telecopier: (225) 381-9197

ATTORNEYS FOR LOUISIANA FARM
BUREAU CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on the below listed counsel of record

Gary M. Pendergast
1515 Poydras St., Suite 2260
New Orleans, Louisiana 70112

by First Class, United States Mail, properly addressed and postage prepaid, this 3rd day of November, 2006.

_____
Alston Johnson

- 15 -

BR.477994.1