UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>*<br>* NO. 05-4182 "K" (2)<br>* |
| PERTAINS TO LEVEE: | * JUDGE DUVAL<br>* |
| PAUL, NO. 06-7682 | * MAG. WILKINSON<br>* |

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF CSX TRANSPORTATION, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

1.  On September 11, 2004, railcars in a train operated by the New Orleans Public Belt Railroad ("NOPB") employees derailed near the Industrial Canal in New Orleans, Louisiana. Bridger Aff. ¶ 3 (Ex. 1). The derailment occurred on NOPB tracks, and part of the derailed train was dragged onto CSXT's main line. May Decl. ¶ 3 (Ex. 2).

2.  At least one of the railcars struck and damaged Flood Gate W-30, which caused damage to Flood Gate W-30. Bridger Aff. ¶ 4 (Ex. 1).

3.  The Board of Commissioners of the Orleans Levee District ("Levee Board" or "OLD") – as admitted in its December 3, 2004 Petition ("OLD Petition") – "has the statutory responsibility to develop, construct and maintain flood control systems and structures within the

928315-1

City of New Orleans, including, but not necessarily limited to, levees, flood walls and flood gates in order to protect and preserve the City of New Orleans from incursion from surrounding waterways." OLD Petition § III (Ex. 3).

4.    Flood Gate W-30 is included within the flood control system under the authority, control and administration of the Levee Board. OLD Petition § IV (Ex. 3).

5.    On December 3, 2004, the Levee Board filed its OLD Petition against The City of New Orleans, by and through the New Orleans Public Belt Railroad Commission, CSX Transportation, Inc., and the Burlington Northern and Santa Fe Railroad Company. The OLD Petition sought recovery for the damage to Flood Gate W-30. OLD Petition §§ II, IV (Ex. 3).

6.    NOPB and the Levee Board reached a settlement agreement with respect to the damages caused by the derailment. NOPB remitted $427,387.96 to the Levee Board, which was the full and exact amount estimated by the Levee Board as the cost to reconstruct Floodgate W-30 and the floodgate support system. Bridger Aff. ¶¶ 8-9 (Ex. 1).

7.    NOPB and the Levee Board agreed that NOPB would pay the difference if the cost of the repairs exceeded $427,387.96. Likewise, the Levee Board agreed to refund the difference if the cost of repairs was less than $427,387.96. *Id.* ¶ 10 (Ex. 1).

8.    Flood Gate W-30 was subsequently repaired and the Levee Board has not sought additional payment from NOPB. *Id.* ¶ 13 (Ex. 1).

9.    On September 7, 2006, NOPB moved for Summary Judgment against the Levee Board because it had paid full satisfaction to the Levee Board for its claim. NOPB's Summary Judgment Memo (Ex. 4).

Respectfully submitted,

s/Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
 -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
 -of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall