UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH H. AND WILLIAM KEITH DEPASS, IV, MARSHALL L. HARRIS, MANUEL C. TRELLES, WILLIAM B. COLEMAN, III, CAROL C. AND WILLIAM C. GAMBEL, AND RONALD LANDRY | * * * * * * * | |
| Plaintiffs | * * | CIVIL ACTION NO. 06-5127 |
| Versus | * * | SECTION K |
| THE BOARD OF COMMISSIONER OF THE ORLEANS LEVEE DISTRICT, THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, THE SEWERAGE & WATER BOARD OF THE NEW ORLEANS, THE EAST JEFFERSON LEVEE DISTRICT, THE PARISH OF JEFFERSON, AND THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, | * * * * * * * * * * * | MAGISTRATE (2) |
| Defendants | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(1) AND 12(b)(6) FOR LACK
OF JURISDICTION AND FAILURE TO STATE A CLAIM**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by defendant, Jefferson Parish, in support of its motion to

dismiss plaintiffs' Complaint For Declaratory Judgment and Damages. Dismissal is warranted under

both FRCP 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

1

## I. BACKGROUND

This action arises out of Hurricane Katrina ("Katrina"), which struck Jefferson Parish and the Louisiana Mississippi Gulf Coast early in the morning of August 29, 2005. Jefferson Parish is one of many parishes in Louisiana that was declared a disaster area as a result of this devastating event, which has been called the greatest natural disaster in American history.

Plaintiffs, Orleans Parish residents, filed the instant lawsuit seeking a declaratory judgment to recover for damages allegedly caused by the negligence of certain governmental defendants with respect to activities undertaken before, during, and after Katrina.[1]  Plaintiffs named as defendants: Board of Commissioners of the Orleans Levee District, Board of Commissioners of the Port of New Orleans, the Sewerage & Water Board of New Orleans, East Jefferson Levee District, the Parish of Jefferson, and the Louisiana Department of Transportation and Development.[2]

Plaintiffs' claims are derived from the construction, operation and maintenance of the London Avenue Canal, Orleans Canal, the 17th Street Canal, and the Inner Harbor Navigation Canal, a waterway of commerce, as well as "the compromise of the portion [sic] flood control system referenced due to its proximity to and geography of the IWW, Inner Harbor Navigation Canal and Mississippi River Gulf Outlet waterways of commerce."[3]

Plaintiffs assert that the United States Army Corps of Engineers ("Corps") undertook to render services which it recognized as necessary for protection of plaintiffs.  Plaintiffs allegedly relied on the Corps, and the Corps' failure to exercise due care increased the risk, and a loss was

---

[1]  See plaintiffs' Complaint, pp. 1 and 2.

[2]  See plaintiffs' Complaint, Articles 2, 3, 4, 5, 6 and 7.

[3]  See plaintiffs' Complaint, Articles 9, 11, 13, 14, and 15.

suffered because of the reliance.[4]  Plaintiffs claim to have filed a claim for Loss of Damage to Property with the Corps by a Federal Tort Claim Form 95, but claim they are precluded from bringing suit for six months.[5]

Plaintiffs' only factual allegations and negligence allegations against the Parish are as follows:

25.

The East Jefferson Levee District, the Parish of Jefferson and/or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating the Hoey Canal, including the drainage for Metairie and the Hoey Canal Gate.

26.

The East Jefferson Levee District, the Parish of Jefferson and the Sewerage and Water Board are charged with the responsibility of maintaining the 17th Street Canal.

27.

The Plaintiffs' damages resulted form the closure of the 17th Street Canal, and the continued operation of the pumping stations feeding the 17th Street Canal and the failure to close the Hoey Canal flow, not within the reach of Section 702(c) of the Flood Control Act of 1928.

* * *

31.

The East Jefferson Levee District, the Parish of Jefferson and/or the Sewerage and Water Board are charged by law with the responsibility of maintaining and operating drainage ditches which flow into the 17th St. Canal from the West.

* * *

---

[4]  See plaintiffs' Complaint, Article 16.

[5]  See plaintiffs' Complaint, Articles 17 and 18.

**Claims against the Parish of Jefferson and or the East Jefferson Levee District:**

* * *

75.

The East Jefferson Levee District and Parish of Jefferson are liable for the failure to maintain the drainage canals **as required by state law and/or by its Act of Assurance with the United States Corps of Engineers.**

76.

The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the drainage lines to prevent the back flow from the 17th Street Canal into Metairie, which flooded Plaintiffs' properties.

77.

The East Jefferson Levee District and the Parish of Jefferson and the Sewerage and Water Board were negligent in failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie, which flooded Plaintiffs' properties.

* * *

80.

The Corps of Engineers was negligent in ordering the closure of the 17th Street Canal without coordinating the closure of the Hoey canal gate, thus flooding plaintiffs' property.[6]

In the plaintiffs' First Amendment to Complaint, plaintiffs made additional factual allegations, which fail to assert any basis for federal jurisdiction for their allegations against the Parish. To the contrary, these allegations merely cite to local and state laws that govern the actions of the Parish:

---

[6]   See plaintiffs' Complaint, Articles 25, 26, 27, 31, 75, 76, 77, and 80 (emphasis added).

71.1

The New Orleans Sewerage and Water Board acquired certain lands from the Jefferson and Lake Pontchartrain Railway Company, by deed recorded in COB 516, folio 12 of Orleans Parish and COB 172, folio 220 in Jefferson Parish.  The land acquired forms the 17th Street Canal.

75.1

Under Article 1.01 of the Jefferson Parish Home rule Charter and Plan of Government, the Parish is charged to "develop, maintain and operate flood control and surface change programs, works and systems; and cooperate with federal, regional and state agencies in their development, administration and operation".

* * *

75.3

In furtherance of the power and authority reposed in it under Article 1.01 and La.R.S. 38:1580, the Jefferson Parish Council has established drainage districts "to drain lands" in the Parish "by building drainage facilities, including canals, ditches, pumps, levees and related works."

* * *

75.5

Plaintiffs are informed and believe that the Parish of Jefferson owns and possesses a fractional interest in the 17th Street Canal and Hoey Canal, including the installations in place and particularly the Hoey Canal gate at the 17th Street Canal.

75.6

The Parish of Jefferson knew or should have known that the 17th Street Canal was in a state of disrepair and no longer suitable to contain the rising waters projected to occur.

* * *

75.8

Parish of Jefferson and New Orleans Sewerage & Water Board are jointly liable for the failure of the east bank of the 17th Street Canal to control its waters

5

during and after Hurricane Katrina.[7]

The sole alleged source of federal jurisdiction is this Court's exclusive jurisdiction over the United States and alleged "Acts of Assurances" given by the various defendants to the Corps. Whereas plaintiffs cite certain "assurances" allegedly given by other governmental defendants to the Corps, not one "assurance" given by the Parish to the Corps is alleged. Those assurances are plaintiffs' sole basis for federal question jurisdiction against defendants.

Plaintiffs' sole allegation of negligence against the Parish is its alleged failure to "maintain the drainage canals as required by *state law* and/or by its act of assurances by the United States Corps of Engineers." The only canals that plaintiffs claim that the Parish failed to maintain is a small portion of the 17th Street Canal and the Hoey's Canal.

As no acts of assurances were alleged by plaintiffs to have been given to the Corps by the Parish, plaintiffs' allegations against the Parish solely derive from state law.[8] Thus, none of the allegations listed in plaintiffs' complaint, including the allegations that form the basis of plaintiffs' claim against the United States, remotely relate to acts or omissions by the Parish.

Plaintiffs also incorrectly aver that this Court has supplemental jurisdiction over the Parish. To the contrary, the federal and state claims herein do not arise from a "nucleus of facts;" federal jurisdiction against the Parish is accordingly lacking. In the alternative, plaintiffs fail to state a claim upon which relief can be granted, as the Parish is immune under state law for the negligence attributed to it.

---

[7] See plaintiffs' First Amendment to Complaint, Articles 71.1, 75.1,75.3, 75.5, and 75.8.

[8] See plaintiffs' Complaint, Article 75.

## II.  LAW AND ARGUMENT

### A.  Standard for FRCP 12(b)(1)

Rule 12 of the Federal Rules of Civil Procedure govern the manner in which defenses and objections to the pleadings are to be brought by defendants in federal civil actions.  Each defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleadings thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: Lack of jurisdiction over the subject matter...Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) requires that a defendant file a motion to dismiss the action if the court lacks jurisdiction.  Without jurisdiction over the subject matter, the nature of the case, and the relief sought, a court is powerless to render a ruling on the conduct of persons or the status of the proceedings.  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[9]

### B.  This Court Lacks Jurisdiction

Plaintiffs claim that their Complaint arises under the laws of the United States, such that this Court has original jurisdiction under 28 U.S.C. 1331.[10]  Plaintiffs also allege federal question jurisdiction which requires construction of federal law or a distinctive federal policy or federal statute.[11]  However, no such federal law, distinctive federal policy, or federal statute is cited which has any application to plaintiffs' allegations against the Parish.  Plaintiffs also claim that this Court

---

[9] *Rodriguez v. Tex. Comm'n on the Arts*, 992 F.Supp 876, 879 (N.D. Tex. 1998).

[10] See palintiffs' Complaint, Article 81.

[11] See plaintiffs' Complaint, Article 82.

7

has supplemental jurisdiction over all state law claims under 28 U.S.C. 1367.[12] The claim set forth

by plaintiffs against the Parish involves a state cause of action which does not trigger federal

jurisdiction.

In 1990, Congress codified the common law rules of pendent jurisdiction under the term

"supplemental jurisdiction."[13] Section 1367(a) expressly encompasses both pendent claim and

pendent party jurisdiction.[14] The statute confers supplemental jurisdiction to the limits Article III

of the Constitution permits, authorizing federal courts to hear all claims that "are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy."[15]

28 U.S.C.A. § 1367 provides as follows:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

> **(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

---

[12] See plaintiffs' Complaint, Article 83.

[13] 28 U.S.C. § 1367(a); see also *Brazinski v. Amoco Petroleum Additives Company*, 6 F.3d 1176, 1182 (7th Cir.1993).

[14] *Brazinski*, 6 F.3d at 1181-82.

[15] 28 U.S.C. § 1367(a).

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Accordingly, federal judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court. A plaintiff's state law claims form part of the same case or controversy if they and the federal claims derive from "a common nucleus of operative facts."[16]  Such commonality is found if the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding."[17]

In the instant case, even if plaintiffs establish original jurisdiction against the United States, plaintiffs have not and cannot meet the second prerequisite for supplemental jurisdiction, that the state and federal claims "derive from a common nucleus of operative fact."  The one and only common factual issue between plaintiffs' claim against the United States and that against the Parish is that both arose out of Hurricane Katrina.  The factual similarities end there.

The Parish submits that the state law claim asserted against it does not satisfy the "same case or controversy" requirement of § 1367.  Plaintiffs' claim against the United States derives from the construction, operation and maintenance of the Inner Harbor Navigation Canal, a waterway of

---

[16]  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); see also *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *Roe v. Little Company of Mary Hosp.*, 800 F. Supp. 620 (N.D. Ill.).

[17]  *Id.*

commerce, as well as the construction, operation and maintenance of the London Avenue Canal, the Orleans Canal, the 17th Street Canal, and "the compromise of the portion [sic] flood control system referenced due to its proximity to and geography of the IWW, Inner Harbor Navigation Canal and Mississippi River Gulf Outlet waterways of commerce.[18]

Plaintiffs' claim against the United States is separate and distinct from the Parish's alleged negligent operation of the pumping stations and drainage canals feeding the 17th Street Canal and the failure to close the Hoey Canal to prevent the flow of water from the 17th Street Canal into Metairie, which has no connection with the construction, operation and maintenance of the Inner Harbor Navigation Canal, IWW, and Mississippi River Gulf Outlet, all waterways of commerce, as well as the construction, operation, and maintenance of the London Avenue Canal and the Orleans Canal, or the construction and operation of the 17th Street Canal. That is, whereas plaintiffs' claims against the United States will depend on complex factual and technical engineering issues regarding the cause of the levee breaches in Orleans Parish and construction, operation and maintenance of the multiple waterways of commerce that have no application to the Parish, plaintiffs' claim against the Parish solely relates to its alleged negligent operation of the pumping stations and drainage canals in Jefferson Parish feeding the 17th Street Canal and the failure to close the Hoey Canal to prevent the flow of water from the 17th Street Canal into Metairie. There are no common factual issues inherent in plaintiffs' claims against the United States versus the claims against the Parish. The simple fact is that none of the claims asserted by plaintiffs against the Untied States could in any way be connected to those asserted against the Parish so as to confer supplemental jurisdiction.

---

[18] See plaintiffs' Complaint, Articles 9, 11, 13, 14, and 15.

Hurricane Katrina does not provide a "common nucleus of facts" for plaintiffs' allegations against the assortment of defendants sued by plaintiffs. The Parish submits that only where there is a single wrong alleged by plaintiffs arising out of an interlocked series of transactions and giving rise to the relief sought should the court find that the claims against all defendants form part of the same case or controversy.[19] Hurricane Katrina is not a single wrong from which supplemental jurisdiction may validly arise; the claims asserted by plaintiffs against the United States and the Parish are so intrinsically different in nature that one would **not** ordinarily expect that they would all be tried at the same time.

Moreover, even if plaintiffs' allegations of negligence were found to originate from "a common nucleus of operative facts," defendant respectfully submits that this Court should exercise its discretion to decline jurisdiction against this defendant. The supplemental jurisdiction statute provides that a federal court may decline to exercise supplemental jurisdiction over a state claim if the claim raises a novel or complex issue of state law, the claim essentially predominates over the claim or claims over which the federal court has original jurisdiction, the federal court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, where there are other compelling reasons for declining jurisdiction.[20]

Plaintiffs claims necessarily raise novel issues of state law based on the Louisiana Homeland Security and Emergency Assistance and Disaster Act.[21] The Parish is currently defending against

---

[19] See *Roe v. Little Company of Mary Hosp.*, 800 F. Supp. 620 (N.D. Ill.).

[20] 28 U.S.C. § 1367(c)

[21] LSA-R.S. 29:735; See pp. 14-16, infra.

eleven (13) separate Katrina lawsuits filed in state court,[22] nine of which seek class action status. Four of those class actions involve the very issue identified by plaintiffs in the instant case -- maintenance of the Hoey's Gate at  the 17th Street Canal on the Jefferson Parish side of the canal

---

[22]
*Chicago Property Interests,L.L.C. and Zoe Altige, Individually and on Behalf of Those Similarly Situated vs. Aaron Broussard and Jefferson Parish*
24th JDC No. 624-459, Div. "M"

*Lloyd Loga, et al v. Jefferson Parish, et al*
24th JDC No. 625-145, Div. "C"

*Bridgette D. Kaczmarek wife of/and Gerald M. Kaczmarek, et al v. Aaron Broussard, in his Capacity as President of/and Jefferson Parish*
24th J.D.C. No. 626-415 "F"

*Maurice de la Houssaye, et al v. The Parish of Jefferson*
*24th JDC No. 624-894, Div. "I"*

*Darleen Jacobs Levy v. The Parish of Jefferson*
24th J.D.C. No. 624-778 "A"

*David Bealer et al v. Aaron Broussard, et al*
24th JDC No. 633-611, Div. "E"

*Gaye T. Bennett, et al versus Board of Commissioners, et al*
24th JDC No. 635-594, Div. "H"

*Denise Cason, et al v. Aaron Broussard, et al*
24th JDC No. 635-370, Div. "D"

*Brenda Manard, et vir v. Bankers Insurance Company, et al*
No. 635-883, Division "J"

*Judy Brown, et al v. The Parish of Jefferson, et al*
24th JDC No. 635-539, Div. "K"

*Madelein and Osama Minias v. The Standard Fire Insurance Company, et al*
24th JDC, No. 635-965, Div. "F"

*Gwendolyn Digs, et al v. The ewerage and Water Board of New Orleans, et al*
CDC, No. 06-09753, Div. "F"

*Ray Rieth, et al v. The ewerage and Water Board of New Orleans, et al*
CDC, No. 06-09744, Div. "L"

and/or maintenance of the 17th Street Canal.[23] The Parish submits that these cases raise novel issues of state law to the extent that the Louisiana emergency statute governing the actions of the Parish has never been interpreted in connection with a catastrophe of this magnitude.

Identical claims regarding the Hoey's Gate at the 17th Street Canal on the Jefferson Parish side of the canal have been asserted in the state litigation.   In considering whether to exercise its discretion regarding supplemental jurisdiction, defendant respectfully submits that, in the interests of justice and looking at the totality of the circumstances, this Court should decline to invoke supplemental jurisdiction.  The case is predominantly connected to a single state, Louisiana, and exclusively involves Louisiana citizens.  The named defendant is a political subdivision of the Sate of Louisiana.  The claim asserted against it will be governed by the laws of Louisiana.  If plaintiffs are entitled to any relief at law, they should seek such relief in the pending state class actions or file their own state class action.  Under no circumstances will dismissal of the instant federal action deprive or compromise plaintiffs of their opportunity to seek redress in a state forum.

Accordingly, it would best serve the interests of justice and judicial economy if jurisdiction remained in the state courts to avoid, among other potential complications, different results. Defendant also submits that this court should decline jurisdiction pursuant to subsection (c) of §

---

[23]     *Maurice de la Houssaye, et al v. The Parish of Jefferson*
         *24th JDC No. 624-894, Div. "I"*

         *Gaye Benett  v. Board of Commissioners of the East Jefferson Levee District*
         24th J.D.C. No. 635-594 "H"

         *Gwendolyn Digs, et al v. The ewerage and Water Board of New Orleans, et al*
         CDC, No. 06-09753, Div. "F"

         *Ray Rieth, et al v. The ewerage and Water Board of New Orleans, et al*
         CDC, No. 06-09744, Div. "L"

1367 for all the same reasons set forth above, insofar as same provide compelling reasons for declining jurisdiction.

Moreover, as enunciated in *Gibbs*, the purposes underlying the doctrine of supplemental jurisdiction are threefold: "judicial economy, convenience, and fairness to litigants . . . ."[24] Plaintiffs' state claim against the Parish is not entangled with either plaintiffs' claims against the other defendants or the rights of the defendants among themselves as joint tortfeasors. The question of the Parish's liability would not be at issue before the district court in plaintiffs' case against the United States; accordingly, judicial economy, convenience, and fairness to the litigants would **not** be served by combining these divergent claims in a single trial.

Even if this court were to find a common nucleus of operative facts between the allegations against the Parish and all other defendants, defendant submits that this Court should decline to exercise its discretion under § 1367 to invoke supplemental jurisdiction.

## C.  Standard for FRCP 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a claim where that claim fails to state a claim upon which relief may be granted. The purpose of a 12(b)(6) motion is to resolve neither the merits of the claim nor the factual disputes therein; rather, it is to "test the formal sufficiency of the state of the claim for relief."[25]  In other words, at this stage it is incumbent upon the Court to determine "whether the allegations constitute a statement of a claim under Rule 8(a)."[26]

---

[24]  *Gibbs*, 383 U.S. at 724, 726, 86 S.Ct. at 1139; see also *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

[25]  5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1356 (1990).

[26]  *Id.* at § 1357. Rule 8(a) provides, in relevant, that:

[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the

14

In making this determination the pleadings are construed in the light most favorable to the non-moving party and its allegations are taken as true.[27]  However, if after such an examination the non-moving party's claim is determined to be formally insufficient, "the court has no discretion as to whether to dismiss [the] complaint."[28]

## D.    Plaintiffs have failed to state a cause of action.

Plaintiffs named the Parish as a defendant based on the sole allegation that the 17th Street Canal was closed, yet the Parish continued operation of the pumping stations and drainage canals feeding the 17th Street Canal, and failed to close the Hoey Canal to prevent the flow of water from the 17th Street Canal into Metairie.[29]  The Parish submits that, under controlling law, the merits of plaintiffs' allegations need not be reached, as it is immune from liability for the disaster-related decisions and actions which plaintiffs make the basis of their suit.  That is, even if the plaintiffs were somehow able to prove negligence as alleged, the Parish enjoys absolute immunity from any fault which might otherwise flow therefrom.

### 1. Defendant is immune from liability based on La. R.S. 29:735

As set forth above, this claim arises out of a natural disaster, Hurricane Katrina.  Plaintiffs' allegation of negligence against the Parish is that **it failed to** failing to close the Hoey canal to prevent the flow of water from the 17th Street Canal into Metairie.  However, pursuant to controlling

---

grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a) (emphasis added).

[27]  *Id.*

[28]  *Id.*

[29]  See plaintiffs' Complaint, Articles 25, 26, and 77.

15

law, the Parish is immune from bodily injury or property damage claims related to any and all

emergency preparedness activities.

Title 29, Military, Naval, and Veterans' Affairs, Chapter 6, The Louisiana Homeland Security

and Emergency Assistance and Disaster Act, La. R.S. 29:735, entitled "Immunity of Personnel",

provides as follows:

> A. Neither the state nor any political subdivision thereof, nor other agencies, nor,
> except in case of willful misconduct, the agents' employees, or representatives of any
> of them, *engaged in any emergency preparedness activities*, while complying with
> or attempting to comply with this Chapter or any rule or regulation promulgated
> pursuant to the provisions of this Chapter shall be liable for the death of or any injury
> to persons, or damage to property, as a result of such activity. [Emphasis added.]

The Louisiana Homeland Security and Emergency Assistance and Disaster Act (the "Louisiana

Disaster Act") immunizes, among other governmental organs, parishes, parish agencies, and parish

officials from bodily injury or property damage claims related to any acts taken under the authority

of the Louisiana Disaster Act, **except** with respect to an **individual's** liability in cases involving

"willful misconduct."

The crux of plaintiffs' claim is that the Parish was negligent in its continued operation of the

pumping stations feeding the 17th Street Canal and its failure to close the Hoey Canal.  The Parish's

alleged negligence -- continued operation of the pumping stations feeding the 17th Street Canal and

the failure to close the Hoey Canal-- undeniably occurred during the unprecedented emergency

created by Katrina.  Accordingly, per the Louisiana Disaster Act, **all** actions with respect to that

emergency taken by the Parish are immune, including the operation of the pumping stations and

drainage canals feeding the 17th Street Canal and the failure to close the Hoey Canal.

As defined by the Louisiana Disaster Act, "emergency preparedness" means "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." A disaster is an event which is "the result of a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as *hurricane*, tornado, *storm, flood, high winds*, and other weather related events ...." (Emphasis added.) It is beyond question that Katrina constitutes a "disaster" as defined by the Louisiana Disaster Act. The Louisiana Disaster Act defines "emergency" as an "actual or threatened condition which has been or may be created by a disaster..." Clearly, an "emergency" as defined by the Louisiana Disaster Act existed as Katrina, fluctuating between category 4 and 5, bore down on Jefferson Parish.

Thus, under the terms of the Louisiana Disaster Act, Katrina created an "emergency" which culminated in an actual "disaster." Under the plain language of Section 735 of the Louisiana Disaster Act, the Parish's actions "preparing for, responding to, mitigating and recovering from" such emergency and disaster constitute immune, non-actionable "emergency preparedness activities."

The Louisiana Disaster Act has specifically been applied to emergency preparedness activities involving hurricanes. In *Castille v. Lafayette City-Parish Consolidated, Ltd.*,[30] the Act governed a negligence action brought against the City of Lafayette by a driver and passenger in a vehicle who were injured while making a turn at an intersection when their view of ongoing traffic was obstructed by debris placed by city employees during clean up efforts after Hurricane Lili, which struck Lafayette on October 3, 2002. Plaintiffs alleged that the City's failure to remove the debris caused their accident and sued to recover damages for their injuries. The court held that the Act

---

[30] 2005-0860 (La. App. 3rd Cir. 3/2/05), 896 So.2d 1261, writ denied, 902 So.2d 1029, 2005-0860 (La. 5/13/05)

specifically applied to decisions made in relation to hurricane preparedness:

> Paragraph 3 of Section 723 further explains that "emergency preparedness" activities covered by the Act include "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." The City sent its employees out during and after the hurricane specifically for the purpose of facilitating the recovery effort. This effort required clearing roadways of debris deposited by the hurricane to allow emergency vehicles to pass. The City employees moving the debris blocking Louisiana Avenue, therefore, were involved in emergency preparedness activities. The Act thus applies to this case.[31]

As plaintiffs' damages resulted from the relocation of debris as a part of the City's cleanup activities after Hurricane Lili, the court held that the city enjoyed immunity from damages sustained during those emergency preparedness activities. Under the Act, the court held that the city could not be liable to the passenger and driver for their injuries.

In the face of an imminent category 4 or 5 hurricane off the coast, which as of the afternoon of August 28 was predicted to hit Jefferson Parish dead on, the decisions to continue operation of the pumping stations and drainage canals feeding the 17th Street Canal and to not close the Hoey Canal cannot create any liability on the Parish's part under any circumstances. LSA-R.S. 29:735 definitively immunizes public entities and their employees from liability for any and all disaster-response decisions, such as the very one alleged by plaintiffs in the instant case. As such, all claims against the Parish should be dismissed.

2.      **Defendant is immune based on La. R.S. 9:2800(H)**

Plaintiffs allege that they sustained damages as a result of the condition of the eastern side of the 17th Street Canal, which they claim was in disrepair, and the alleged negligent introduction of

---

[31] *Id. See also Hontex Enterprises, Inc. v. City of Westwego* 02-506 (La. App. 5th Cir. 12/11/02), 833 So.2d 1234 (defendant public entities held to be immune for negligent acts taken during Tropical Storm Frances to prepare for an emergency under LSA R.S. 29:735).

water into the canal, along with an escape of water therefrom.[32]

LSA R.S. 9:2800 entitled Limitation of Liability was amended by Acts 2006, No. 545 §1,

which added sub-section H, and made this amendment retroactive to August 26, 2005; Subsection

H of LSA R.S. 9:2800 provides as follows:

> H.   (1) Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, *no person shall have a cause of action based solely upon liability imposed under Civil Code Articles 2317 and 2317.1* against a public entity *for any damages arising from hurricanes Katrina or Rita, includng aftereffects* of either hurricane *and post-hurricane restoration, repair, cleaning and construction.*
> (2) The provisions of this Subsection shall expire on August 30, 2008.
> (3) The provisions of this Subsection shall supersede and control to the extent of conflict with any other provisions of law.
> (4) The provisions of this Subsection shall be given retroactive application to August 26, 2005.

LSA C.C. Art. 2317 and 2317.1 provide as follows:

> **Art. 2317.  Acts of others and of things in custody**
>
> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.  This, however, is to be understood with the following modifications.
>
> **Art. 2317.1.  Damage caused by ruin, vice, or defect in things**
>
> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.  Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitor in an appropriate case.

---

[32]   See Plaintiff's Complaint, Article 18, 19, 20, 21, 27 and First Amendment to Complaint, Articles 75.6 and 75.8.

The clear language of Acts 2006, No. 545 §1 definitively immunizes all public entities, including the Parish of Jefferson, from any and all acts or conditions of things in their custody for damages arising from Hurricane Katrina, including its aftereffects, such as the very one alleged by plaintiffs in the instant case.  As such, all claims against the Parish should be dismissed.

### III.  CONCLUSION

The Parish respectfully prays that plaintiffs' Complaint For Declaratory Judgment and Damages and all allegations against these defendants be dismissed pursuant to 12(b)(1). Alternatively, defendant respectfully prays that plaintiffs' Complaint For Declaratory Judgment and Damages and all allegations against this defendant be dismissed pursuant to 12(b)(6).

Respectfully submitted,

BURGLASS & TANKERSLEY, LLC

CHRISTOPHER K. TANKERSLEY (19176)
DENNIS J. PHAYER (10408)
SCOTT O. GASPARD (23747)
5213 Airline Drive
Metairie, Louisiana 70001-5602
Phone: (504) 836-2220 /Fax: (504) 836-2221
Attorneys for defendant, the Parish of Jefferson

### CERTIFICATE OF SERVICE

I, Scott O. Gaspard, hereby certify that on the _____ day of November, 2006, I served a true copy of the foregoing pleading upon the following party by first class and/or electronic mail:

William C. Gambel
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112-1010
wgambel@millinglaw.com

20