UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K"(2) JUDGE DUVALL MAG WILKINSON |

**PERTAINS TO:**

**LEVEE:** *Cochran*, 06-05785

**AFFIRMATIVE DEFENSES AND
ANSWER OF JAMES CONSTRUCTION GROUP, L.L.C.**

Defendant, James Construction Group, L.L.C. ("James") responds to the Petition for Damages ("Petition") filed by plaintiffs Jimmy Cochran, Sr., et al., as follows:

**Affirmative Defenses**

**First Defense**

The Petition fails to state a claim against James upon which relief may be granted.

**Second Defense**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Petition.

**Third Defense**

Plaintiffs claims fail, in whole or in part, because plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**Fourth Defense**

Any work done by James was done in accordance with plans or specifications furnished to James by the U.S. Army Corps of Engineers, which plans or specifications James did not make or cause to be made, thus, pursuant to Louisiana Revised Statute 9:2771, James has no liability.

**Fifth Defense**

Any work done by James was done under the supervision and/or direction and/or control of the U.S. Army Corps of Engineers and James is thereby immune from suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed 2d 47 (1996).

**Sixth Defense**

Any work done by James was not performed at the site where any break in any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

**Seventh Defense**

James avers that it has no liability for any subcontractors as it is not vicariously liable under the doctrine of *respondeat superior* for subcontractors.

**Eighth Defense**

Any breaks in any levee/flood wall or any failures of any levee/flood wall occurred as a result of the fault or negligence of others for whom James is not liable or responsible, and over whom James has no control.

**Ninth Defense**

{N1473311.1}                                                2

Any breaks in any levee/flood wall or any failure of any levee/flood wall occurred as a result of an act of nature, namely, Hurricane Katrina, for which James is not responsible or liable, and over which James had no control.

### Tenth Defense

Plaintiffs' claims are barred under Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (1) that James' alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (2) that James' alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (3) that James owed a duty to the plaintiffs that encompassed the risk that plaintiffs would suffer the alleged harm; or (4) that if James owed any such duty to the plaintiffs, it breached that duty.

### Eleventh Defense

Plaintiffs have failed to mitigate their damages.

### Twelfth Defense

James adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to James, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and James hereby reserves its right to amend its answer to assert any such defense.

### Answer

And now answering the specific allegations of the Petition, James avers as follows:

I.

The allegations of ¶ I are denied, except to admit that James is a non-Louisiana limited liability company.

II.

James admits that Hurricane Katrina made landfall on August 29, 2005. The remaining allegations of ¶ II of the Petition are denied for lack of sufficient information to justify a belief therein.

III.

James denies all allegations of ¶ III of the Petition claiming that plaintiffs' damages were caused by improper and/or negligent work by James. The remaining allegations of ¶ III are denied for lack of sufficient information to justify a belief therein.

IV.

James denies all allegations of ¶ IV of the Petition claiming that plaintiffs' damages were caused by improper and/or negligent work by James. The remaining allegations of ¶ IV are denied for lack of sufficient information to justify a belief therein.

V.

Plaintiffs' prayer for relief requires no answer, however, in an abundance of caution, the allegations contained within Plaintiffs' prayer for relief are denied.

WHEREFORE, James Construction Group, L.L.C. respectfully requests that, after due proceedings had, Plaintiffs' claims be dismissed with prejudice, at Plaintiffs' sole cost, and for all general and equitable relief as this Court deems just and necessary.

                Respectfully submitted,

                ___/s/ Emily E. Eagan_____
                RICHARD J. TYLER, T.A. (#1155)
                EMILY E. EAGAN (#29166)
                Jones, Walker, Waechter, Poitevent,
                 Carrère & Denègre L.L.P.
                201 St. Charles Avenue, 49th Floor

          New Orleans, LA 70170-5100
          (504) 582-8266
          Attorneys for James Construction Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via ECF, e-mail, hand delivery, or facsimile this 7th day of November, 2006.

          ____/s/ Emily E. Eagan_____

{N1473311.1}

5