UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 06-4389 | * * | MAG. WILKINSON |

**CSX CORPORATION'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND IN THE ALTERNATIVE UNDER FED. R. CIV. P. 12(b)(6)**

CSX Corporation, sought to be made a defendant herein, without making an appearance or conceding jurisdiction, and with full reservation of all defenses and objections, moves this Court to dismiss the plaintiffs' complaint filed against CSX Corporation in Civil Action 06-4389 under Fed. R. Civ. P. 12(b)(2) (lack of jurisdiction over the person of CSX Corporation) and, in the alternative, to dismiss the plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) (failure to state a claim on which relief can be granted against CSX Corporation), all for the reasons that follow.

928621-1

- 1 -

**LACK OF JURISDICTION OVER THE PERSON, FED. R. CIV. P. 12(b)(2)**

This Court does not have jurisdiction over the person of CSX Corporation, because CSX Corporation has not had the minimum contacts with the State of Louisiana necessary for this Court's exercise of jurisdiction over the person of CSX Corporation. The complaint against CSX Corporation should therefore be dismissed under Fed. R. Civ. P. 12(b)(2).

- 2 -

**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

In the alternative, and only in the event that this Court should find that it has jurisdiction over the person of CSX Corporation, then the plaintiffs' complaint should be dismissed under Fed. R. 12(b)(6) for failure to state a claim against CSX Corporation. The complaint fails to make any allegations about CSX Corporation whatsoever except that CSX Corporation is a foreign corporation doing business in this Court's territorial jurisdiction, Complaint para. III(15) (which is not correct, as shown in § 1 above). Therefore the Complaint fails to state a claim against CSX Corporation on which relief can be granted, and the complaint against CSX Corporation should be dismissed.

- 3 -

The basis for this motion is more fully stated in a supporting memorandum, which is attached to this motion.

- 4 -

**EXHIBIT**

Exhibit to this motion is **Exhibit Three**, a declaration of Peter J. Shudtz, dated August 29, 2006. Exhibit Three was attached to CSX Corporation's Motion to Dismiss in Civil Action

No. 05-4181 (filed as Dkt. No. 1046 in No. 05-4182) and is incorporated hereunto by reference under Fed. R. Civ. P. 10(c). A copy from the record is attached to this motion for convenience.

**WHEREFORE** CSX Corporation moves this Court to dismiss the plaintiffs' complaint against CSX Corporation under Fed. R. Civ. P. 12(b)(2) and, in the alternative, to dismiss the plaintiffs' complaint against CSX Corporation under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. McCALL (#9227)
MICHAEL D. SPENCER (#27649)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall