UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 06-4389 | * * | MAG. WILKINSON |

**MEMORANDUM IN SUPPORT OF CSX CORPORATION'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)
AND IN THE ALTERNATIVE UNDER FED. R. CIV. P. 12(b)(6)**

CSX Corporation moves this Court under Fed. R. Civ. P. 12(b)(2) to dismiss the plaintiffs' complaint against CSX Corporation because the Court does not have jurisdiction over CSX Corporation's person. In the alternative, and only if this Court should somehow find that it has jurisdiction over the person of CSX Corporation, then CSX Corporation moves for a dismissal under Fed. R. Civ. P. 12(b)(6) because the complaint fails to state any claim whatsoever against CSX Corporation, much less a claim on which relief can be granted.

928621-1

## **LACK OF JURISDICTION OVER THE PERSON OF CSX CORPORATION**

The plaintiffs' Complaint alleges that CSX Corporation is a foreign corporation that at all pertinent times did business within the territorial jurisdiction of this Honorable Court. That allegation is not accurate. CSX Corporation has not done any business within the territorial jurisdiction of this Court at any time. More particularly, CSX Corporation has not owned, operated, or controlled any right of way, roadbed, or track. CSX Corporation does not have the minimum contacts with the State of Louisiana necessary for this Court's exercise of jurisdiction over the person of CSX Corporation. Therefore the plaintiffs' complaint against CSX Corporation must be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

### **Law and argument**

Personal jurisdiction may be asserted against CSX Corporation in the State of Louisiana only if due process requirements of the United States Constitution are satisfied. Due process requires that a nonresident entity have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement is designed to insure the non-resident's liberty interest in not being bound by the judgments of states with which it has not established meaningful "contacts, ties or relations." *Id.*

The non-resident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said that it should reasonably have anticipated being brought into court. See *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Luv N'Care v. Insta-Mix, Inc.*, 438 F.2d 465, 469-70 (5th Cir. (La.) 2006). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction

solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." *Aetna Cas. & Sur. Co. v. Continental Western Ins. Co.*, 97-206 (La. App. 3 Cir. 12/10/97), 704 So. 2d 900, 902, *writ denied*, 1998-0077 (La. 3/13/98), 712 So. 2d 884. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (unilateral activity an inadequate basis for personal jurisdiction).

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation is a Virginia corporation with a principal place of business in the State of Florida. **Exhibit Three** (declaration), ¶ 3. CSX Corporation has always done business in the United States only through its subsidiaries, including CSX Transportation, Inc., **Exhibit Three**, ¶ 4, which are all juridically distinct entities. CSX Corporation owns all of the outstanding capital stock of CSX Transportation, Inc., but CSX Corporation has never engaged in the operation of a railroad, either in Louisiana or anywhere else. **Exhibit Three**, ¶¶ 4-6. *See, e.g., Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 346 (5th Cir. (Tex.) 2004) ("As a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.").

CSX Corporation has not conducted any business activity in the State of Louisiana at any relevant time. *See* **Exhibit Three**, ¶ 7. CSX Corporation has never had an office in the State of Louisiana, an officer or other employee working in the State of Louisiana, or assets in the State of Louisiana. **Exhibit Three**, ¶ 8. In particular, and of particular significance in this action, CSX Corporation has never engaged in the following activities in the State of Louisiana (or

anywhere else): construction, maintenance, or operation of any railroad rolling equipment or of any railroad track, roadbed, or other railroad equipment. **Exhibit Three,** ¶ 6. *See, e.g., Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 1080 (1993) (company not subject to personal jurisdiction where it had no employees or officers in state, no assets in state, and no offices in state, even though it had an agent for process in the state and operated a wholly-owned subsidiary transacting business in the state); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1069 n.12 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 867 (1992) (company's ownership of stock in Texas business does not reflect an activity "purposefully directed" toward Texas); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. (La.) 1990) (mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent); and *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. (Tex.) 1983) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there . . . .").

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(2) should be granted.

## ALTERNATIVELY, FAILURE TO STATE A CLAIM AGAINST CSX CORPORATION

The plaintiffs' complaint states no claim against CSX Corporation on which relief can be granted. Indeed, it states no claim against CSX Corporation at all.

Under the liberal pleading requirements of Federal Rule 8(a), a plaintiff must plead (1) a short and plain jurisdictional statement; (2) "a short and plain statement of the claim showing

that the pleader is entitled to relief;" and (3) a prayer for relief. Fed. R. Civ. P. 8. While a minimal obligation, it is an obligation no less. The pleading must at a bare minimum "give the Defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

The Complaint violates these most basic pleading requirements, and as a result states literally no claim against CSXC, much less a claim upon which relief can be granted. The Complaint fails to provide any notice of facts or circumstances giving rise to any claim against CSXC. Indeed, not only does the Complaint fail to set forth ***sufficient*** information to outline the elements of a claim -- it fails to set forth ***any*** information. Where a complaint offers no factual or legal allegations against a given defendant, dismissal is appropriate. *See, e.g., Kadar Corp. v. Milbury*, 549 F.2d 230, 232 (1st Cir. 1976) (affirming dismissal of complaint, despite liberal pleading standard, where defendant was named only in the complaint's caption).

In this Circuit, as elsewhere, a complaint which "contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal*, 197 F.3d at 164 (citing Rule 8 and *Walker v. South Centr. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). Even a "bare bones" allegation as to CSXC is found nowhere in the Complaint. It thus violates Rule 8, and dismissal is appropriate.

## CONCLUSION

The complaint against CSX Corporation should be dismissed under Fed. R. Civ. P. 12(b)(2) (lack of jurisdiction over the person) and, in the alternative, under Fed. R. Civ. P. 12(b)(6) (failure to state a claim on which relief can be granted).

Respectfully submitted,

_s/ Jonathan C. McCall_
BRENT A. TALBOT (#19174)
JONATHAN C. McCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

_s/ Jonathan C. McCall_

928621-1