UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 |
| | * | |
| PERTAINS TO: | * | JUDGE DUVAL |
|     05-4237 | * | |
|     05-4419 | * | MAG. WILKINSON |
|     05-3313 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER ON BEHALF OF THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT AND GEORGE E. LOPEZ AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, come the BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT and GEORGE E. LOPEZ who answer the First Supplemental and Amending Third-Party Complaint filed by Claimants and Third-Party Plaintiffs "The Parfait Family, et al" as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the Board of Commissioners for the Lake Borgne Basin Lake District and George E. Lopez upon which relief may be granted.

## SECOND DEFENSE

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, to the extent that any of said loss or damages alleged herein was caused by the actions or inactions of third-parties for whom the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez are not responsible or liable.

## FOURTH DEFENSE

Third-Party Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez are barred, in whole or in part, to the extent that any of said losses or damages alleged herein were caused by pre-existing conditions over which the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez had/have no control.

## FIFTH DEFENSE

Third-Party Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez are barred, in whole or in part, to the extent the acts or omissions of others including other parties that have not been named in these proceedings, were intervening, superceding, new and/or independent causes of any of the loss or damage alleged herein.

## SIXTH DEFENSE

Third-Party Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez are barred, in whole or in part, to the extent any of said loss or damage alleged herein were caused by Third-Party Plaintiffs' own comparative fault, and/or contributory negligence, and/or assumption of risk.

## SEVENTH DEFENSE

Third-Party Plaintiffs' claims against the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez are barred, in whole or in part, to the extent that Third-Party Plaintiffs failed to mitigate, minimize, avoid or abate any of the losses or damages alleged herein.

## EIGHTH DEFENSE

The Third-Party Petition fails to state a cause of action against the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez for attorneys' fees.

## NINTH DEFENSE

As Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, allege that they are entitled to discretionary immunity pursuant to La. R.S. 9:2798.1 as well as La. R.S. 13:5106.

## TENTH DEFENSE

As Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, allege that they are entitled to all defenses and immunities pursuant to La. R.S. 9:2800.

## ELEVENTH DEFENSE

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege that Third-Party Plaintiffs were negligent in failing to follow lawful orders to evacuate as well as for other acts and omissions of Third-Party Plaintiffs to be proven at trial.

## TWELVTH DEFENSE

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege that the risk of flooding, injury and loss of property constitute known risks.

## THIRTEENTH DEFENSE

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege that any levee for which Third-Party Defendants may be responsible was constructed in accordance with specific federal guidelines.

## FOURTEENTH DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause Article VI of the United States Constitution because those claims are pre-empted by federal law including 32 U.S.C. §701, et seq.

**FIFTEENTH DEFENSE**

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege they are immune from liability for any damages caused by floodwaters. See 33 U.S.C. §702(c).

**SIXTEENTH DEFNSE**

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege that Third-Party Plaintiffs' injuries and damages alleged herein resulted from circumstances and causes that could not have been prevented by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez.

**SEVENTEENTH DEFENSE**

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, affirmatively allege they cannot be held liable to Third-Party Plaintiffs because Third Party Defendants were in compliance with the designs, plans, specifications and requirements of the United States Army Corp of Engineers and others.

**EIGHTEENTH DEFENSE**

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, herein respond to the specific allegations plead in the Third-Party Complaint as follows:

I.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph I.

II.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph II.

III.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph III.

IV.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph IV.

V.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph V.

VI.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph VI.

VII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph VII.

VIII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph VIII.

IX.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph IX.

X.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph X.

XI.

The allegations contained in Paragraph XI require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XII.

The allegations contained in Paragraph XII require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the

Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XIII.

The allegations contained in Paragraph XIII require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XIV.

The allegations contained in Paragraph XIV require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XV.

The allegations contained in Paragraph XV require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XVI.

The allegations contained in Paragraph XVI require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XVII.

The allegations contained in Paragraph XVII require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the

extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XVIII.

The allegations contained in Paragraph XVIII require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XIX.

The allegations contained in Paragraph XIX require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XX.

The allegations contained in Paragraph XX require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XXI.

The allegations contained in Paragraph XXI require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XXII.

The allegations contained in Paragraph XXII require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the

extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XXIII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXIII.

XXIV.

The allegations contained in Paragraph XXIV require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XXV.

The allegations contained in Paragraph XXV require no answer by Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, because there are no allegations directed against Third Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez. However, to the extent that an answer may be deemed necessary, the allegations are denied as written and Third-

Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, call for strict proof by Third-Party Plaintiffs in connection therewith.

XXVI.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXVI.

XXVII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXVII.

XXVIII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXVIII.

XXIX.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXIX as written.

XXX.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXX as written.

XXXI.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXXI.

XXXII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXXII.

XXXIII.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXXIII.

XXXIV.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXXIV.

XXXV.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, deny the allegations contained in Paragraph XXXV.

XXXVI.

Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, pray for trial by jury.

**WHEREFORE**, Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, prays that their Answer to the First Supplemental and Amending Third-Party Complaint filed by Claimants and Third-Party Plaintiffs "The Parfait Family, et al" be deemed good and sufficient and after all due and legal proceedings are had herein, that there be judgment rendered in favor of Third-Party Defendants, the Board of Commissioners for the

Lake Borgne Basin Levee District and George E. Lopez, and against Third-Party Plaintiffs, dismissing Third-Party Plaintiffs' suit with prejudice, at Third-Party Plaintiffs' costs and for all costs of these proceedings. Additionally, Third-Party Defendants, the Board of Commissioners for the Lake Borgne Basin Levee District and George E. Lopez, pray for trial by jury.

>Respectfully submitted,
>
>*DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK*
>
>s/ Lawrence J. Duplass
>
>LAWRENCE J. DUPLASS (#5199)
>3838 N. Causeway Blvd., Suite 2900
>Metairie, Louisiana 70002
>Telephone: (504) 832-3700
>Facsimile: (504) 837-3119
>lduplass@duplass.com
>*ATTORNEY FOR DEFENDANT, THIRD-PARTY DEFENDANTS, THE BOARD OF COMMISSIONERS FOR THE LAKE BORGNE BASIN LEVEE DISTRICT AND GEORGE E. LOPEZ*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2006, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following individuals by operation of the court's electronic filing system:

- **John Aldock**
  jaldock@goodwinprocter.com hbrandon@goodwinprocter.com

- **Thomas P. Anzelmo**

Tanzelmo@mcsalaw.com ltowler@mcsalaw.com,jtorrence@mcsalaw.com

- **James A. Cobb, Jr**
  jac@ecwko.com kcb@ecwko.com, saa@ecwko.com, am@ecwko.com, jrk@ecwko.com

- **John F. Emmett**
  jfe@ecwko.com wrwjv@aol.com;crb@ecwko.com

- **Robert B. Evans, III**
  revans@burgosevans.com vdufrene@burgosevans.com

- **Sherman Gene Fendler**
  sgfendler@liskow.com jinman@liskow.com

- **Robert Burns Fisher, Jr**
  fisher@chaffe.com heck@chaffe.com

- **Brian Arthur Gilbert**
  bgilbert@briangilbertlaw.com

- **Arthur Gordon Grant, Jr**
  ggrant@monbar.com
  lquintana@monbar.com,wtrosclair@monbar.com,ymaranto@monbar.com

- **Jeffrey Todd Greenberg**
  PlazaLaw@cox.net

- **Richard Joseph Guidry**
  jguidry@thecochranfirmno.com

- **Rufus C. Harris, III**
  jws@harrisrufty.com dlb@harrisrufty.com,ljp@harrisrufty.com

- **Parker Harrison**
  harrison@chaffe.com chiasson@chaffe.com

- **Don Keller Haycraft**
  dkhaycraft@liskow.com bevers@liskow.com

- **Julie A. Jacobs**
  Julie.Jacobs@Bcoonlaw.com Stacy.Villa@Bcoonlaw.com

- **John Fredrick Kessenich**
  rkessenich@daiglefisse.com dlebreton@daiglefisse.com

- **J. Stuart Kirwan**

federal@geraldmaples.com

- **Douglas R. Kraus**
  douglas.kraus@bcoonlaw.com stacy.villa@bcoonlaw.com

- **David W. Leefe**
  dwleefe@liskow.com gmiguez@liskow.com

- **F. Gerald Maples**
  federal@geraldmaples.com ldemos@fgmapleslaw.com

- **Meredith Anne Mayberry**
  mmayberry@fgmapleslaw.com federal@geraldmaples.com

- **Kara K. Miller**
  kara.k.miller@usdoj.gov catherine.corlies@usdoj.gov

- **John Herr Musser, IV**
  jmusser@bellsouth.net

- **James L. Pate**
  jamesp@ln-law.com leslies@ln-law.com

- **Alfred Jackson Rufty, III**
  ajr@harrisrufty.com dlb@harrisrufty.com

- **Robin D. Smith**
  robin.doyle.smith@usdoj.gov catherine.corlies@usdoj.gov

- **Louis G. Spencer**
  lgs@ecwko.com saa@ecwko.com

- **Derek Anthony Walker**
  walker@chaffe.com martinez@chaffe.com

- **Daniel Andrew Webb**
  dwebb@swslaw.com lmd@swslaw.com

- **Karen Wiedemann**
  karenwiedemann@bellsouth.net

- **Karl Wiedemann**
  karlwied@bellsouth.net

- **Stephen Michael Wiles**
  smwiles@fgmapleslaw.com ltaylor@fgmapleslaw.com

- **Jill Schultz Willhoft**
  jsw@harrisrufty.com

- **Brett D. Wise**
  bdwise@liskow.com

- **Carlos Alberto Zelaya, II**
  federal@geraldmaples.com czelaya@maplesandkirwan.com

- **Christopher E. Carey**
  ccarey@monbar.com

Notice of this filing will be sent to the following individuals via U.S. Mail, postage prepaid and properly addressed:

James Robert Black
Heard, Robins, Cloud & Leubel, LLP
500 Dallas, Suite 3100
Houston, TX 77002

Cesar Roberto Burgos
Burgos & Evans, LLC
3632 Canal St.
New Orleans, LA 70119-6135

Peter G. Myer
U. S. Department of Justice
Torts Branch, Civil Division
P. O. Box 14271
Washington, DC 20044-4271

Ashton R O'Dwyer, Jr
6034 St. Charles Avenue
New Orleans, LA 70118

Patrick Joseph Sanders
Patrick J. Sanders, Attorney at Law
3123 Ridgelake Drive
Suite B
Metairie, LA 70002

Lawrence D. Wiedemann
Wiedemann & Wiedemann
821 Baronne St.
New Orleans, LA 70113

        s/ Lawrence J. Duplass
       _____
        LAWRENCE J. DUPLASS
        lduplass@duplass.com