UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § | CIVIL ACTION NO.  05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: | § § § | |
| LEVEE | § § | |
| O'DWYER v. LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT       (2:06-cv-04389) | § § § § | |

**AFFIRMATIVE DEFENSES AND ANSWER OF
DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFFS' FIRST SUPPLEMENTAL
AND AMENDING COMPLAINT IN A CLASS ACTION LAWSUIT**

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiffs' First Supplemental and Amending Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys' Fees and Taxable Costs in a Class Action Lawsuit (the "Complaint"), as follows:

**WGI'S AFFIRMATIVE DEFENSES**

A.   **Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

**B.     Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

**C.     Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.     No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

**E.     Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**F.     Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a


duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

### G. Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H. Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I. Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J. Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K. Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L. Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

**M.     Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.     Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**O.     Attorney's Fees Not Available**

Plaintiffs' claims for attorney's fees are barred by La. Code Civ. P. Art. 595(A).

**P.     Lack of Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGI brought under the Oil Pollution Act of 1990, 33 U.S.C. § 2701; the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*; the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1365; the Clean Water Act ("CWA") 33 U.S.C. § 1251; and the Clean Air Act, 42 U.S.C. § 7401, *et seq.*  This Court also lacks subject matter jurisdiction over Plaintiffs' claims against WGI to the extent that

Plaintiffs purport to bring any claims under the Fifth Amendment to the United States Constitution.

## **WGI'S ANSWER**

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI. WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them. WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

I.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph I of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that each individual listed in Paragraph I purports to be a named plaintiff in this action.

II(A).      WGI DENIES each and every allegation of Paragraph II(A) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI. Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23. WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(B).      WGI DENIES each and every allegation of Paragraph II(B) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient. WGI further DENIES that Plaintiffs and

any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(C).   WGI DENIES each and every allegation of Paragraph II(C) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(D).   WGI DENIES each and every allegation of Paragraph II(D) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(E).   WGI DENIES each and every allegation of Paragraph II(E) of the Complaint and DENIES that this action properly may be maintained as a class action or that the

proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

II(F).     WGI DENIES each and every allegation of Paragraph II(F) of the Complaint and DENIES that this action properly may be maintained as a class action or that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  Finally, WGI notes that Plaintiffs have not made any attempt at explaining or alleging how their putative class allegedly satisfies the class standards set forth in Federal Rule of Civil Procedure 23.  WGI admits, however, that Plaintiffs purport to bring this action as a proposed class action and that Plaintiffs purport to represent a proposed class.

III(1).     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(1) of the Complaint and therefore DENIES each and every allegation contained therein.

III(2).     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(2) of the Complaint and therefore DENIES each and every allegation contained therein.

III(3).     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(3) of the Complaint and therefore DENIES each and every allegation contained therein.

839292v.1

III(4).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(4) of the Complaint and therefore DENIES each and every allegation contained therein.

III(5).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(5) of the Complaint and therefore DENIES each and every allegation contained therein.

III(6).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(6) of the Complaint and therefore DENIES each and every allegation contained therein.

III(7).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(7) of the Complaint and therefore DENIES each and every allegation contained therein.

III(8).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(8) of the Complaint and therefore DENIES each and every allegation contained therein.

III(9).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(9) of the Complaint and therefore DENIES each and every allegation contained therein.

III(10).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(10) of the Complaint and therefore DENIES each and every allegation contained therein.

III(11).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(11) of the Complaint and therefore DENIES each and every allegation contained therein.

III(12).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(12) of the Complaint and therefore DENIES each and every allegation contained therein.

III(13).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(13) of the Complaint and therefore DENIES each and every allegation contained therein.

III(14). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(14) of the Complaint and therefore DENIES each and every allegation contained therein.

III(15). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(15) of the Complaint and therefore DENIES each and every allegation contained therein.

III(16). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(16) of the Complaint and therefore DENIES each and every allegation contained therein.

III(17). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(17) of the Complaint and therefore DENIES each and every allegation contained therein.

III(18).    WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as

The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.  WGI's predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers to demolish and prepare sites for the Inner Harbor Navigation Canal Lock Replacement Project, East Bank Industrial Area, New Orleans, Louisiana.

   III(19).  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(19) of the Complaint and therefore DENIES each and every allegation contained therein.

   III(20).[1]  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph III(20) of the Complaint and therefore DENIES each and every allegation contained therein.

   IV.  WGI DENIES each and every allegation of Paragraph IV of the Complaint. WGI further states that it was not involved in the design, construction, operation, inspection, or maintenance of the navigable waterway system consisting of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a the Industrial Canal), the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal, and their environs and tributaries

---

[1] Plaintiffs' First Supplemental and Amending Complaint in a Class Action Lawsuit ("Amended Complaint") purported to amend Article II of their original complaint to add as a defendant Boh Bros. Construction Co., LLC, and to allege various facts against this new defendant. Amended Complaint ¶ II. Article II of Plaintiffs' original complaint, however, consisted of a list of categories of putative class members.  As a result, WGI assumes that Plaintiffs intended to amend Article III of their original complaint – which listed the original defendants – to include their new allegations against Boh Bros. Construction Co., LLC.

839292v.1

V.        WGI DENIES each and every allegation of Paragraph V of the Complaint. WGI further DENIES that Plaintiffs and any putative class members are entitled to relief from WGI under any applicable state or federal law

VI.       WGI admits that federal question jurisdiction exists under 28 U.S.C. § 1331 because WGI was a contractor of the federal government when it performed the work to which this Complaint pertains.  WGI DENIES each and every remaining allegation remaining in Paragraph VI of the Complaint.

VII.      WGI admits that this Court has subject matter jurisdiction pursuant to the diversity of citizenship between Plaintiffs and WGI, and because the alleged amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  WGI DENIES each and every allegation remaining in Paragraph VII of the Complaint

VIII.     WGI DENIES that Plaintiffs and any putative class members are entitled to relief from WGI under any applicable state or federal law, or "the general maritime law."

IX.       WGI DENIES each and every allegation of Paragraph IX of the Complaint.

X.        WGI DENIES each and every allegation of Paragraph X of the Complaint and DENIES that Plaintiffs and any putative class members are entitled to any relief whatsoever from WGI.  WGI admits, however, that Plaintiffs purport to aver causes of action against defendants for trespass and nuisance.

XI.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XI of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief (i) that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005; (ii) that flooding occurred in and around New Orleans following Hurricane Katrina.

839292v.1

XII.    WGI DENIES each and every allegation of Paragraph XII of the Complaint pertaining to WGI. WGI further states that it was not involved in the design, construction, operation, inspection, or maintenance of the navigable waterway system consisting of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a the Industrial Canal), the London Avenue Canal, the Orleans Avenue Canal, and the 17th Street Canal, and their environs and tributaries. WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph XII, and therefore DENIES each and every remaining allegation contained therein.

XIII(1).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(1) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(2).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(2) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(3).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(3) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(4).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(4) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(5).    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(5) of the Complaint and therefore DENIES each and every allegation contained therein.

839292v.1

XIII(6).          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(6) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(7).          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(7) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(8).          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(8) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(9).          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(9) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(10).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(10) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(11).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(11) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(12).         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(12) of the Complaint and therefore DENIES each and every allegation contained therein.

839292v.1

XIII(13).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(13) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(14).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(14) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(15).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(15) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(16).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(16) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(17).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(17) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(18).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(18) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(19).	WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(19) of the Complaint and therefore DENIES each and every allegation contained therein.

839292v.1

XIII(20).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(20) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(21).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(21) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(22).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(22) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(23).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(23) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(24).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(24) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(25).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(25) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(26).   WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(26) of the Complaint and therefore DENIES each and every allegation contained therein.

839292v.1

XIII(27). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(27) of the Complaint and therefore DENIES each and every allegation contained therein.

XIII(28). WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIII(28) of the Complaint and therefore DENIES each and every allegation contained therein.

XIV. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph XIV of the Complaint and therefore DENIES each and every allegation contained therein.

XV. WGI DENIES each and every allegation in Paragraph XV of the Complaint pertaining to WGI. WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph XV, and therefore DENIES each and every remaining allegation contained therein.

XVI. Paragraph XVI of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI DENIES each and every allegation in Paragraph XVI of the Complaint pertaining to WGI, and further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI. WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph XVI, and therefore DENIES each and every remaining allegation contained therein.

XVII. WGI DENIES each and every allegation in Paragraph XVII of the Complaint pertaining to WGI, and further DENIES that Plaintiffs and any putative class

839292v.1

members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

XVIII.    WGI DENIES each and every allegation in Paragraph XVIII of the Complaint pertaining to WGI, and further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

XIX.    Paragraph XIX contains a legal conclusion to which no response is required. To the extent that a response is required, WGI DENIES each and every allegation in Paragraph XIX of the Complaint.

XX.    WGI DENIES each and every allegation of Paragraph XX of the Complaint and further DENIES that Plaintiffs are entitled to trial by jury.

*    *    *

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:       November 13, 2006              Respectfully submitted,


                                            <u>*/s/Heather S. Lonian*</u>
                                            William D. Treeby, Bar No. 12901
                                            John M. Landis, Bar No. 7958
                                            Heather S. Lonian, Bar No. 29956
                                            Stone Pigman Walther Wittmann L.L.C.
                                            546 Carondelet Street
                                            New Orleans, LA 70130
                                            Phone:  504-581-3200
                                            Fax:  504-581-3361

                                            Of Counsel:

                                            George T. Manning
                                            JONES DAY
                                            1420 Peachtree Street, N.E.
                                            Suite 800
                                            Atlanta, GA 30309-3053
                                            Phone:  404-521-3939
                                            Fax:  404-581-8330

                                            Adrian Wager-Zito
                                            JONES DAY
                                            51 Louisiana Avenue, N.W.
                                            Washington, D.C. 20001-2113
                                            Phone:  1-202-879-3939
                                            Fax: 1-202-626-1700

                                            *Attorneys for Defendant*
                                            *Washington Group International*

- 19 -

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' First Supplemental and Amending Complaint in a Class Action Lawsuit has been served upon all counsel of record by email and/or via the Court's CM/ECF notification of filing, this 13th day of November, 2006.

*/s/Heather S. Lonian*