## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 05-4181 | * * | MAG. WILKINSON |

### RESPONSE OF CSX TRANSPORTATION, INC.
### TO POST-HEARING MEMORANDUM OF *AMICUS*

The Post-Hearing Memorandum of Points and Authorities filed in this *O'Dwyer* action by amicus (the plaintiffs in *Ferdinand*, No. 06-5132) raises three topics.  CSX Transportation, Inc. ("CSXT") addresses each in turn.

1.     The amicus memorandum points out (at 1-2) that other Katrina-related cases against CSXT are pending before this Court.  This is true -- and irrelevant to the CSXT motions pending before this Court.  Nor is any relevance suggested.

2.     In the face of CSXT's demonstration that the *O'Dwyer* complaint pleads no legal duty owed by CSXT, amicus now contends (at 2-3) that La. Civil Code Article 2317.1 establishes such a duty.  Of course, none of the *O'Dwyer* complaint's thirteen iterations makes

any such allegation – and it is the complaint, not a "post-hearing" brief nor any other brief, that must plead a legal duty.

Nor does the amicus memorandum make the slightest attempt to suggest how CSXT allegedly violated this Article, or how it could apply to this case. Article 2317.1 applies to claims of negligence against the owner or custodian of a "thing" when the owner breaches his duty to exercise reasonable care to prevent damage caused "by its ruin, vice, or defect." Liability under Article 2317.1 "is not based on ownership, but on care, custody and control." *Klein v. Cisco-Eagle, Inc.*, 855 So. 2d 844, 852 (La. App. 2d Cir. 2003); *see also Maag v. City of New Orleans*, 872 So. 2d 544, 547 (La. App. 4th Cir. 2004); *Barasich v. Columbia Gulf Transmission Co.*, Civ. A. No. 05-4161, Order at 35-36 (E.D. La. Sept. 28, 2006) (dismissing plaintiffs' claims that oil and gas exploration companies negligently dredged, used, and maintained canals in Louisiana's coastal wetlands, allegedly enhancing the effects of Hurricane Katrina, because "[t]he Louisiana Supreme Court has never imposed a duty of this scope" and plaintiffs could not satisfy the cause-in-fact requirement of the duty-risk analysis).

As discussed in CSXT's Motion to Dismiss, in CSXT's Reply, and at oral argument on November 1, CSXT owed no duty to protect the public from floods, nor did it have any custody or control over the levee or the flood-wall from which such a duty might arise. *See* CSXT's Motion to Dismiss, Dkt. No. 1045, and CSXT's Reply, Dkt. No. 1473, at 2-5. Indeed, in dismissing the City of New Orleans from this case, the Court has already noted that "the Board of Commissioners of the Orleans Levee District," and not CSXT, "has *the full and exclusive right and jurisdiction* over the levees." *See* Order and Reasons (Sept. 13, 2006), Dkt. No. 1133 (emphasis added). Thus, CSXT lacks the *garde*, custody and control necessary to make Article 2317.1 applicable to the plaintiffs' claims.

Mere citation of a source of tort liability, coupled with conclusory allegations of negligence, does not state a claim. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial" (citations omitted)).  Nor can a party – much less a non-party amicus – amend a complaint through its post-hearing memorandum, for "[a] court ruling on a Rule 12(b)(6) motion to dismiss 'may not... take into account additional facts asserted in a memorandum opposing the motion, because such memoranda do not constitute pleadings under Rule 7(a).'" *Downs v. Liberty Life Assurance Co. of Boston*, Civ. A. No. 3:05-CV-0791-R, 2005 U.S. Dist. LEXIS 22531, at *11 (N.D. Tex. Oct. 5, 2005) (quoting 2 *Moore's Federal Practice* § 12.347[2] (3d ed. 2005).  There has been no attempt to suggest, much less to *plead*, how article 2317.1 applies to this case.

   **3.**   Amicus returns, finally, to preemption.  The bulk of the amicus memorandum (at 3-5) is devoted to amicus's renewed discussion of "complete preemption."  But amicus is confusing "complete preemption" and preemption.  "Complete preemption" is a jurisdictional concept and has no bearing on a lawsuit, like *O'Dwyer*, originally brought in federal court. *See, e.g., Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  Preemption, by contrast, is a defense to the plaintiffs' negligence claim.  In the words of amicus, preemption is "a defense against the claims asserted against [CSXT]."  Amicus Memo. at 3.  CSXT concurs, and renews its motion on the basis of that preemption defense.

   Amicus next suggests that the Fifth Circuit has held *en banc*, in *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2004), that "FRSA is not a complete defense."  Amicus Memo. at 3. This is a remarkable assertion.  *Smallwood* addressed the application of the doctrine of

improper joinder to a removed claim – a claim the district court had found to be *entirely preempted* by FRSA.  The only preemption discussion in *Smallwood* is found in a dissenting opinion -- and even that dissent does not dispute FRSA's preemptive effect.  *Id.* at 588-89 (Clement, J., dissenting).  Rather, the dissent felt FRSA preemption may not apply to the specific facts in that case, reasoning that claims in *Smallwood* involved the failure to install warning devices at crossings, after the receipt of federal funds for those devices, an issue not explicitly addressed by FRSA's implementing regulations.  *Id.* at 589.

By contrast, the *O'Dwyer* claim against CSXT centers on the construction and maintenance of its tracks and railbed, matters well within ICCTA preemption and covered by FRSA regulations.  Courts recently considering similar claims have held that the appropriate action is dismissal on the basis of federal preemption.  *See, e.g., Mehl v. Canadian Pac. Ry. Ltd.*, 417 F. Supp. 2d 1104 (D.N.D. 2006) (dismissing claims of negligent inspection, track construction, and track maintenance on a 12(b)(6) motion because preempted under FRSA); *Fed. Ins. Co. v. Burlington No. & Santa Fe Ry. Co.*, 270 F. Supp. 2d 1183 (C.D. Cal. 2003) (granting summary judgment to railroad on negligent maintenance, repair and inspection claims because preempted by FRSA); *In re Derailment Cases*, 416 F.3d 787 (8th Cir. 2005) (affirming grant of summary judgment to railroad on negligence claims preempted by FRSA).  The cases cited in the amicus memorandum are not to the contrary.[1]

---

[1] *Chapman v. LabOne, Inc.*, an Eighth Circuit case involving FRSA regulations governing drug testing of railroad employees, has been explicitly distinguished by the Eighth Circuit from FRSA preemption of negligence claims involving track inspection.  The latter, akin to the claims against CSXT in *O'Dwyer*, were held preempted by FRSA.  *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 614 (8th Cir. 2006).  The final preemption case cited by the amicus involved the Locomotive Inspection Act, a statute not at issue.

In closing, amicus revives the assertion (at 4) that "[c]ompliance with the federal 'subsuming' law or standard must be satisfactorily proved." The law says the opposite: "The determination of whether state law is preempted by federal law does not concern an examination of the compliance with or the adequacy of the federal regulation." *Mehl*, 417 F. Supp. 2d 1104, 1108; *see also Norfolk So. Ry. Co. v. Shanklin*, 529 U.S. 344, 357-58 (2000) ("It is this displacement of state law concerning the devices' adequacy, and not the State's or the [agency]'s adherence to the standard... that pre-empts state tort actions."); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 645-46 (5th Cir. 2005) (citing *Shanklin* and concluding that it is the applicable "federal statute's mandate... that usurps state and private decision-making authority and indicates federal preemption").

Accordingly, CSXT prays that this Court dismiss the plaintiffs' claims against it with prejudice and at the plaintiffs' cost.

Respectfully submitted,


s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
     -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

                         s/ Jonathan C. McCall