# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA M. LUDWIG, wife of/and | | |
| WALTER A. LUDWIG | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-cv-08935 |
| | * | |
| ALLIANCE INSURANCE AGENCY | * | SECTION "K" |
| SERVICES, INC., JOSEPH SLOAN | * | |
| and THE STANDARD FIRE | * | MAG. 2 |
| INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiffs Sandra M. Ludwig and Walter A. Ludwig respectfully submit this memorandum in support of their Motion to Remand. Because their state law claims involve no federal question under the National Flood Insurance Program, this Honorable Court should remand their case to the 34th Judicial District Court for the Parish of St. Bernard.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Hurricane Katrina's destruction of the plaintiffs' Meraux, Louisiana, house. Plaintiffs filed their Petition in the 34th Judicial District Court for the Parish of St. Bernard on August 27, 2006 for damages caused by their insurance agents' negligent and fraudulent failure to procure adequate flood insurance. Plaintiffs are entitled

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

to damages in an amount to reimburse them for the balance of their losses in relation to their lost house.[1]

Defendant Alliance filed a Notice of Removal on October 23, 2006, asserting that the Ludwigs' claims are preempted by the National Flood Insurance Program under 42 U.S.C. §401 *et seq*. Now, the Ludwigs move to remand.

## FACTS, LAW AND ARGUMENT

Contrary to Alliance's allegations, plaintiffs' claims against Alliance and Sloan relate to the procurement of flood insurance, and not the handling of their claims for recovery under the flood policy - only the latter would require the interpretation under the NFIP alleged in the Notice of Removal. Thus, this Honorable Court should remand the case to the 34th Judicial District Court for the Parish of St. Bernard.

A number of Hurricane Katrina claims have recently been removed to this Honorable Court claiming preemption under the NFIP. As shown below, all reported cases relating to negligent flood insurance procurement have been remanded. This case should be no different.

Plaintiffs' Original Petition states (in pertinent part):

XV.

Alternatively, [in] the event that this court determines that the Standard [homeowners] policy exclusions do apply, and prevent Petitioners from coverage for their losses, then Defendants, Alliance and Joseph Sloan, are liable to Petitioners for their losses due to the following acts and/or omissions:

---

[1]    Plaintiffs also claim coverage under the homeowners policy, and that Sloan misrepresented homeowner policy coverage. But that policy is not at issue in the Notice of Removal or this Motion to Remand.

2

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127 1/29 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

1) Breach of their fiduciary duty to full and fairly inform Petitioners of their coverages;

2) Negligent misrepresentation regarding scope and nature of their policy;

3) Breach of express warranty;

4) Continuous misrepresentation to Petitioners in correspondence over the course of the policies' life and renewals (especially over the course of the three years immediately preceding filing of this suit), regarding the scope and nature of the policies;

5) Failing, at the time of each renewal of the policies, to warn of the lack of sufficient flood coverage;

6) Failing, at the time of each renewal of the policy, to warn of the need for sufficient flood coverage;

7) Fraudulently using their relation of confidence with the Petitioners, to induce Petitioners to rely on their representations and purchase the inadequate policy, and on which representations the Petitioners reasonably relied;

8) Fraudulently misrepresenting, or suppressing, the lack of sufficient flood coverage in the policy, at the time of its purchase and at each renewal, to induce the Petitioners to purchase and renew the policy, while continually representing that the policy covered "everything".

Clearly, claims handling, and interpretation of the policy are not at issue here.

**1.      Remand.**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.[2] The removal statute is strictly construed.[3] When challenged by a plaintiff seeking remand, the defendant attempting

---

[2]     28 U.S.C. § 1447(c).

[3]     *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D.La. Aug. 14, 1995) (Clement, J.) (*citing York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)).

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

to establish removal bears the burden of proof.[4]  Doubts concerning removal are to be construed against removal and in favor of remand to state court.[5]

Moreover, plaintiffs are considered masters of their complaint, and the court will rely on the plaintiffs' facts and allegations submitted in their original petition and first supplemental and amending petition.[6]

**2.     The NFIP is a Federal Question - But it is not Relevant Here.**

Defendants allege federal question jurisdiction--*i.e.*, the case is one "arising under the Constitution, laws, or treaties of the United States."[7]  It is "well settled that a cause of action arises under federal law **only when** the plaintiff's well-pleaded complaint raises issues of federal law."[8]

The federal law in question alleged by defendant is the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*  The NFIP was established by the National Flood Insurance Act,

---

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

[4]   *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir.1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

[5]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citation omitted).

[6]   See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  Plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429.

[7]   28 U.S.C. § 1331.

[8]   *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir.1999) (emphasis added); *see also Caterpillar Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429 (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

4

and it is administered through the Federal Emergency Management Agency.[9]  The NFIP has

two main components: 1) the flood insurance program, and 2) a comprehensive national plan

for flood management.[10]  A Standard Flood Insurance Policy can be issued by the private

"Write Your Own" insurance provider directly to consumers.[11]  These WYO companies,

however, have no power to alter, amend, or waive any provision contained within the SFIP.[12]

By statute, these WYOs are considered fiscal agents of the United States.[13]  But the petition

shows that the terms of the policy are not at issue here.

**3.     "Handling" versus "procurement".**

Historically, matters involving the NFIP were considered to be a federal question. But

U.S. Fifth Circuit jurisprudence on claims pertaining to flood insurance issues now draws

a line between "handling" issues (the insurer's handling of the insured's claim under the

policy), and "procurement" issues (the agent's procurement of insurance for the insured).

In *West v. Harris*[14], the Fifth Circuit denied a motion to remand in a claim for

attorney's fees under a flood insurance plan.[15]  The Court reasoned that the flood insurance

program was a "child of Congress ... and [because] the federal government participates

---

[9]      *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir.2005).

[10]     *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir.2005).

[11]     *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998).

[12]     44 C.F.R. pt. 61.13(d).

[13]     42 U.S.C. § 4071(a)(1).

[14]     573 F.2d 873, 881 (5th Cir.1978).

[15]     *Id.*

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

extensively in the program ... it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."[16]

In *Spence v. Omaha Indemnity Insurance Company*[17], however, the Fifth Circuit first stated that some state law tort claims, based on misrepresentation, would not be preempted. The court determined that "[w]hile the national policies underlying the NFIP and extensive federal role therein impel our conclusion that federal common law governs claims under flood insurance policies, the same does not apply in actions for tortious misrepresentation against WYO insurers."[18] As a result of *Spence*, confusion developed in this area as to when state law tort claims based on misrepresentation would be preempted.

But recently, in *Wright v. Allstate Ins. Co.*, the Fifth Circuit noted that other courts, including the Fifth Circuit, have distinguished between "procuring" and "handling" insurance claims, as well as claims tied to the contract and extracontractual tort claims.[19] In a case involving claims **handling**, the Fifth Circuit held that the NFIP preempts state law claims.[20]

### 4.     Plaintiffs' claim is a "procurement" issue.

In the recent case of *Richmond v. Chubb Group of Insurance Companies*, 2006 WL 2710566 (E.D.La. 9/20/06) this court noted that "[w]hile the Fifth Circuit has **not**

---

[16]     *Id.*

[17]     996 F.2d 793 (5th Cir.1993).

[18]     *Id.* at 796 (footnote omitted).

[19]     415 F.3d. at 389 (5th Cir.2005) (holding that state law claims based on the WYO's **handling of the insurance claim** are preempted by federal law).

[20]     *Id.*

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

**definitively** ruled on whether **procurement claims** are preempted by federal law, lower courts have repeatedly held that state law claims are not preempted **in procurement cases.**"[21] This is because the issue is not one of policy interpretation but of conduct in procuring the policy under state law.

As with *Richmond v. Chubb*[22], the plaintiffs' claims against Sloan and Alliance in this case relate to the procurement, or rather lack of procurement, of an adequate flood policy. They do not relate to the eventual handling of their flood policy claim.

The petition is perfectly clear on this issue. The petition alleges the defendants are liable for "[b]reach of fiduciary duty", "negligent misrepresentation", "[b]reach of express warranty", failure to warn, and fraud; all state law claims. At no stage does the petition allege that either Alliance or Sloan improperly handled the plaintiffs' claims for payment under the flood policy. As was the case in *Richmond*, plaintiffs' claims involve agents' failures, and state law negligence. And as with *Richmond*, this Honorable Court should remand the case.

---

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

[21]   2006 WL 2710566 * 4 (E.D. La. 9/20/06), *citing Jones v. State Farm Fire & Cas. Co.*, 2006 WL 2359777, at *2-4 (S.D.Miss. Aug. 15, 2006)(Senter,J); *Seruntine v. State Farm & Cas. Co.*, 2006 WL 2361641, at *2-5 (E.D.La. Aug. 7, 2006)(Vance, J); *Bramlett v. State Farm Fire & Cas. Co.*, 2006 WL 2243186, at *4-6 (S.D.Miss. Aug. 4, 2006) (Senter, J.); *Sullivan v.. State Farm Cas. Co.*, 2006 WL 2119320, *3-4 (E.D.La. July 27, 2006)(Barbier, J); *Jeffrey v. Ins. Underwriters, Ltd.*, 2006 WL 1984591, at *1-2 (E.D.La. July 7, 2006)(McNamara, J.); *Cosse v. Matte*, 2006 WL 1968868, at *1-2 (E.D.La. July 7, 2006)(McNamara, J .); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531,534-36 (E.D.La.2006) (Fallon, J.).  (Emphasis added).

[22]   2006 WL 2710566 * 1.

7

## CONCLUSION

For these reasons, namely that there is no federal question jurisdiction over the plaintiffs' negligent and fraudulent "procurement" claims, plaintiffs respectfully move that this Honorable Court remand this case to the 34th Judicial District Court for the Parish of St. Bernard.

Respectfully submitted,

**GERTLER, GERTLER, VINCENT & PLOTKIN**

LOUIS L. GERTLER #23091
ROBERT KNIGHTS #25434
127-129 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-6411
Facsimile: (504) 581-6568
Attorney for SANDRA M. LUDWIG and
WALTER A. LUDWIG

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each, properly addressed and postage prepaid, or by hand delivery or FAX, on this 7th day of November, 2006

ROBERT KNIGHTS

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411