

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV -8  PM 2: 55

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO: 05-4181 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION: "K"(2) |
| VERSUS | * | |
| | * | JUDGE: DUVAL |
| PERTAINS TO: INSURANCE | * | |
| *Chehardy,* Nos. 06-1672, 06-1673, and 06-1674 | * | MAGISTRATE: WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### ALLSTATE INSURANCE COMPANY AND
### ALLSTATE INDEMNITY COMPANY'S SUPPLEMENTAL
### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Allstate Insurance Company and Allstate Indemnity Company ("Allstate"),

submit this Supplemental Memorandum to address the cases first cited by plaintiffs in a

supplemental memorandum filed the evening before oral argument on October 26, 2006, and

discussed at oral argument.

One year after a Motion to Dismiss first was filed, on the eve of the hearing,

plaintiffs cited for the first time a handful of cases dealing with water mains or burst pipes in

support of their argument that the flood of New Orleans after Hurricane Katrina is not a "flood"

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No_____

within the meaning of homeowner policies.[1]  The water main or burst pipe cases are inapposite

to the case here involving a flood covering 80% of New Orleans.  Moreover, the cases do not

represent the weight of authority even as to the issue of coverage for damage from water mains

or burst pipes as established by the authorities on the attached list holding that such water

damage is excluded from coverage under homeowner policies.  Notably these cases do not

require analysis under the natural versus man-made test urged by plaintiffs to determine whether

water damage is covered.  Nor are these authorities consistent with the definition of "flood" as

applied in the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, which created the

National Flood Insurance Program ("NFIP"), the regulations promulgated there under, the NFIP

Standard Flood Insurance Policy, or the claims practices of FEMA, none of which differentiate

between so-called "man-made" floods and so-called "natural" floods.

Respectfully submitted,

Judy Y. Barrasso, 2814
　　　Of
BARRASSO USDIN KUPPERMAN
　FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Insurance Company
　and Allstate Indemnity Company

---

[1]  Citing these authorities, plaintiffs argue that the insurers should have revised their policies to resolve the question of whether the term "flood" involves man-made as well as natural floods.  But no court ever has agreed with that argument for a flood involving failure of a dam or levee and some have flatly rejected it.  No authority requires an insurer to continually revise its policies in response to every ill fated argument.

70843

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Support of Motion to Dismiss has been served upon all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed this 7th day of November, 2006.

70843