**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | * | **CIVIL ACTION NO. 05-4182 "K" (2)** |
| | * | |
| | * | **JUDGE DUVALL** |
| | * | |
| **PERTAINS TO:** | * | **MAG. WILKINSON** |
| | * | |
| **LEVEE: 06-5260 (LEDUFF)** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**ANSWER TO PLAINTIFFS' COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

**FIRST DEFENSE**

The Complaint fails to state a claim against this defendant for which relief can be granted.

**SECOND DEFENSE**

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

**THIRD DEFENSE**

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

**FOURTH DEFENSE**

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm. *See* La. R.S. 9:2800.

**FIFTH DEFENSE**

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

**SIXTH DEFENSE**

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

**SEVENTH DEFENSE**

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

**EIGHTH DEFENSE**

Defendant affirmatively pleads the doctrine of Lis Pendens.

**NINTH DEFENSE**

Defendant affirmatively alleges that the plaintiffs were negligent in failing to follow repeated

lawful orders to evacuate and such other acts or omissions which may be proven at trial.

**TENTH DEFENSE**

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

**ELEVENTH DEFENSE**

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

**TWELFTH DEFENSE**

Defendant affirmatively alleges that plaintiffs failed to mitigate their damages.

**THIRTEENTH DEFENSE**

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

**FOURTEENTH DEFENSE**

Plaintiffs' claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

**FIFTEENTH DEFENSE**

The maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that if plaintiffs were injured and damaged as alleged, which

is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

**NINETEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with requisite particularity.

**TWENTIETH DEFENSE**

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

**TWENTY-FIRST DEFENSE**

Defendant affirmatively alleges that to the extent that plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTY-SECOND DEFENSE**

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt

any affirmative defenses filed by any other party.

**TWENTY-THIRD DEFENSE**

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' Complaint.

**TWENTY-FOURTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

**TWENTY-FIFTH DEFENSE**

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

**TWENTY-SIXTH DEFENSE**

Defendant affirmatively pleads improper and/or inconvenient venue.

**TWENTY-SEVENTH DEFENSE**

Defendant affirmatively alleges application of the Federal Tort Claims Act.

**TWENTY-EIGHTH DEFENSE**

Defendant affirmatively alleges that plaintiffs are not entitled to attorney's fees.

**TWENTY-NINTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

**THIRTIETH DEFENSE**

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.16.

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

II.

Defendant denies the allegations of Paragraph 2 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 2 is denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 4, including sub-parts (a) through (ccc) are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes. The balance of Paragraph 4 including sub-parts (a) through (ccc) requires no answer from this defendant.

V.

The allegations of Paragraph 5, insofar as they concern this defendant, are admitted.

VI.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, this defendant admits this court has jurisdiction.

VIII.

The allegations of Paragraph 8 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied.

IX.

The allegations of Paragraph 9 contain legal conclusions for which no answer is necessary.

X.

Except to admit that Mayor Ray Nagin issued several evacuation orders, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

Except to admit that Mayor Ray Nagin issued several evacuation orders, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

Except to admit that Hurricane Katrina made landfall on coastal Louisiana on or about

August 29, 2005 and then subsequently made a second landfall near the Louisiana/Mississippi border, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XIII.

Except to admit the presence of flood waters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

Except to admit the presence of flood waters in certain parts of Orleans Parish on or about August 29, 2005, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

Defendant denies the allegations of Paragraph 15 to the extent they state or imply any fault, negligence or liability on the part of this defendant. Furthermore, except to admit the existence of levee and/or floor wall breaches at the 17th Street Canal, London Avenue Canal and Industrial Canal, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 16 are denied insofar as the stated document would be the best evidence of its content.

XVII.

Except to admits that the flood walls on the 17th Street Canal and London Avenue Canal were built with a "I" wall design; the balance of Paragraph 17 is denied for lack of sufficient

information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XX.

Except to admit that breach(es) occurred along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

Defendant denies the allegations of Paragraph 23 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 23 is denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

Defendant denies the allegations of Paragraph 28 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 28 is denied for lack of sufficient information to justify a belief therein.

XXIX.

Defendant denies the allegations of Paragraph 29 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 29 is denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief

therein.

XXXI.

The allegations of Paragraph 31 are denied insofar as they concern this defendant.

XXXII.

The allegations of Paragraph 32 require no answer from this defendant.

XXXIII.

Defendant denies the allegations of Paragraph 33 to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

XXXIV.

The allegations of Paragraph 34 are denied insofar as they concern this defendant.

XXXV.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

XXXVI.

Except to admit the occurrence of levee breaches at some locations, the allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

Defendant denies the allegations of Paragraph VI to the extent they state or imply any fault,

negligence of liability on the part of this defendant.

XXXIX.

The allegations of Paragraph 38 are denied for lack of specific information to justify a belief therein.

XL.

Defendant admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal were breached.

XLI.

The allegations of Paragraph 40 are denied insofar as this defendant is concerned.

XLII

The allegations of Paragraph 41 require no answer from this defendant.

XLIII.

The allegations of Paragraph 42 require no answer from this defendant.

XLIV.

The allegations of Paragraph 43 require no answer from this defendant.

XLV.

The allegations of Paragraph 44 require no answer from this defendant.

XLVI.

The allegations of Paragraph 45 require no answer from this defendant.

XLVII.

The allegations of Paragraph 46 require no answer from this defendant.

XLVIII.

The allegations of Paragraph 47 require no answer from this defendant.

XLIX

The allegations of Paragraph 48 require no answer from this defendant.

L.

The allegations of Paragraph 49 require no answer from this defendant.

LI.

The allegations of Paragraph 50 require no answer from this defendant.

LII.

The allegations of Paragraph 51 require no answer from this defendant.

LIII.

The allegations of Paragraph 52 require no answer from this defendant.

LIV.

The allegations of Paragraph 53 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

LV.

The allegations of Paragraph 54 are denied insofar as a portion of the 17th Street Canal also lies in Jefferson Parish. The balance of Paragraph 54 is admitted only to the extent that the stated canals are within the geographic jurisdiction of this defendant.

LVI.

The allegations of Paragraph 55 are denied as defendant had no duty to test the stated canals.

LVII.

The allegations of Paragraph 56 are denied as defendant had no duty to ensure the proper construction, design or maintenance of the levees and flood walls.

LVIII.

The allegations of Paragraph 57 are denied.

LIX.

Defendant admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004, as alleged in Paragraph 58.

LX.

Defendant admits that flood gate W30 is within the jurisdiction of the Orleans Levee District

LXI.

The allegations of Paragraph 60 are admitted.

LXII.

Defendant admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96.

LXIII.

The allegations of Paragraph 62 are denied.

LXIV.

The allegations of Paragraph 63 are denied.

LXV.

The allegations of Paragraph 64 contain legal conclusions which require no answer from this defendant.

LXVI.

The allegations of Paragraph 65 require no answer from this defendant.

LXVII.

The allegations of Paragraph 66 require no answer from this defendant.

LXVIII.

The allegations of Paragraph 67 contain legal conclusions which require no answer from this defendant.

LXIX.

The allegations of Paragraph 68 require no answer from this defendant.

LXX.

The allegations of Paragraph 69 require no answer from this defendant.

LXXI.

The allegations of Paragraph 70 require no answer from this defendant.

LXXII.

The allegations of Paragraph 71 are denied.

LXXIII.

The allegations of Paragraph 72 contain legal conclusions for which no answer is necessary from this defendant.

LXXIV.

The allegations of Paragraph 73 require no answer from this defendant.

LXXV.

The allegations of Paragraph 74 contain legal conclusions for which no answer is necessary from this defendant.

LXXVI.

The allegations of Paragraph 75 contain legal conclusions which require no answer form this defendant.

LXXVII.

The allegations of Paragraph 76 are denied.

LXXVIII.

The allegations of Paragraph 77 require no answer from this defendant.

LXXIX.

The allegations of Paragraph 78 require no answer from this defendant.

LXXX.

Defendant reasserts and reavers each of its answers and affirmative defenses as if plead *in extensio* in response to Paragraph 79..

LXXXI.

The allegations of Paragraph 80 are denied.

LXXXII.

The allegations of Paragraph 81 are denied.

LXXXIII.

Defendant reasserts and reavers each of its answers and affirmative defenses as if plead *in extensio* in response to Paragraph 82.

LXXXIV.

The allegations of Paragraph 83 are denied insofar as this defendant is concerned.

LXXXV.

The allegations of Paragraph 84 are denied insofar as this defendant is concerned.

LXXXVI.

The allegations of Paragraph 85 are denied insofar as this defendant is concerned.

LXXXVII.

Defendant reasserts and reavers each of its answers and affirmative defenses as if plead *in extensio* in response to Paragraph 86.

LXXXVIII.

Defendant denies the allegations of Paragraph 87 to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

LXXXIX.

The allegations of Paragraph 88 are denied insofar as this defendant is concerned.

XC.

The allegations of Paragraph 89 are denied insofar as this defendant is concerned.

XCI.

Defendant reasserts and reavers each of its answers and affirmative defenses as if plead *in extensio* in response to Paragraph 90.

XCII.

The allegations of Paragraph 91 are denied insofar as they concern this defendant.

XCIII.

The allegations of Paragraph 92 are denied insofar as they concern this defendant.

XCIV.

The allegations of Paragraph VIII are denied insofar as they concern this defendant.

XCV.

The allegations of Paragraph IX are admitted.

XCVI.

The allegations of Paragraph X are denied insofar as they concern this defendant.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs, dismissing all of the claims of the plaintiffs against them, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828

Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic transmittal and/or placing same in the U.S. Mail, postage prepaid and properly addressed this 14th day of November, 2006.

_______________________