UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * | CIVIL ACTION<br>NO: 05-4182<br>JUDGE DUVAL<br>MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PERTAINS TO:
**LEVEE GROUP**
**CASE NO. 06-5260 (LeDuff)**

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the original Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

15.

The allegations of Paragraphs 1, 2 and 3 require no response by B&K.

16.

In response to Paragraph 4, B & K admits that it is a Louisiana corporation, formerly known as B & K Construction Company, Inc., domiciled in St. Tammany Parish and doing business in Orleans Parish. No other allegations of Paragraph 4 require a response by B & K.

17.

In connection with the allegations of Paragraph 5, B&K admits that it does substantial business in the State of Louisiana and within this federal jurisdiction.

18.

The allegations of Paragraph 6 require no response by B&K.

19.

Concerning the allegations of Paragraph 7, B&K admits that the Court has federal question jurisdiction concerning the claims asserted against B&K, a federal contractor of the U.S. Army Corps of Engineers. To the extent Plaintiffs assert jurisdiction over claims against B&K under the Suits in Admiralty Act, 46 U.S.C. §§741-52, the Public Vessel Act, 46 U.S.C. §§781-90 or the Water Pollution Control Act, 33 U.S.C. §1251 et seq., those assertions are denied.

20.

In connection with the allegations of Paragraph 8, B&K reserves its objection to venue asserted in Paragraph 1 above.

21.

The allegations of Paragraph 9 require no response by B&K.

22.

Concerning the allegations of Paragraph 10, B&K admits that on August 27, 2005, Hurricane Katrina was in the Gulf of Mexico and that New Orleans Mayor Ray Nagin called for a voluntary evacuation of the City. The other allegations of this Paragraph are denied due to lack of sufficient information to justify a belief therein.

23.

Concerning the allegations of Paragraph 11, B&K admits that on August 28, 2005, New Orleans Mayor Ray Nagin called for a mandatory evacuation of the City. The other

allegations of this Paragraph are denied due to lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraphs 12-14 are denied due to lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 15 regarding media coverage of Hurricane Katrina are denied due to lack of sufficient information to justify a belief therein. B&K denies the allegations in this Paragraph that Plaintiffs' damages were caused by any improper or negligent act by B&K.

26.

The allegations of Paragraph 16-19 are denied due to lack of sufficient information to justify a belief therein.

27.

Concerning the allegations of Paragraph 20, B&K admits that the levees/flood walls failed at the 17th Street Canal, the London Avenue Canal and the Industrial Canal flooding portions of New Orleans and Metairie. The remaining allegations of this Paragraph are denied due to lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraphs 22-37 are denied due to lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph VI are denied to the extent they purport to state Plaintiffs' entitlement to proceed with a class action.

30.

The allegations of Paragraphs 38-39 are admitted.

31.

The allegations of Paragraph 40 regarding negligence and fault directed against B&K are denied.

32.

The allegations of Paragraphs 41-45 require no response by B&K.

33.

Concerning the allegations of Paragraph 46, B&K admits that it constructed certain improvements at the London Avenue Levee/Floodwall. The remaining allegations of Paragraph 46 are denied.

34.

The allegations of Paragraphs 47-70 require no response by B&K.

35.

To the extent Paragraph 71 purports to assert negligence or fault by B&K, it is denied.

36.

The allegations of Paragraph 72-75 require no response by B&K.

37.

To the extent Paragraph 76 purports to assert negligence or fault by B&K, it is denied.

38.

The allegations of Paragraph 77 require no response by B&K.

39.

The allegations of Paragraph 78 are denied due to lack of sufficient information to justify a belief therein.

40.

To the extent the allegations of Paragraphs 79-81 are directed against B&K, they are denied.

41.

The allegations of Paragraphs 82-92 do not require a response by B&K, but out of an abundance of caution, they are denied.

42.

To the extent that the allegations of Paragraph VIII are directed against B&K, they are denied.

43.

Paragraph IX-X require no response by B&K.

WHEREFORE, defendant, B&K Construction Co., Inc., prays that this answer be deemed good and sufficient and that after all due proceedings had, there be judgment in

its favor and against plaintiffs, and for all other general and equitable relief to which it may be entitled.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr. (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system, with the exception of the following listed counsel of record, who will receive a copy of this filing via United States Mail, postage prepaid and addressed as follows:

Randall Earl Hart, Esq.
Broussard & Hart, LLC
1301 Common St.
Lake Charles, Louisiana 70601

New Orleans, Louisiana, this 14th day of November, 2006.

_____
Herman C. Hoffmann, Jr., Bar No. 6899
Betty F. Mullin, Bar No. 9818
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street
30th Floor - Energy Center
New Orleans, Louisiana 70163
(504) 569-2030
Attorneys for B&K Construction Company, Inc.

N:\DATA\K\03409023\Consolidated Pleadings\Answer-LeDuff.wpd