# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

## STATE OF LOUISIANA

| | | |
|---|---|---|
| TOMMY RODRIGUE, SANDRA MANCUSO, | * | CIVIL ACTION NO. 06-6639 |
| DARLENE PHIPPS and DARRELLE | * | |
| RODRIGUE | * | |
| | * | |
| VERSUS | * | SECTION "K" |
| | * | |
| BUFFMAN, INC. d/b/a ST. RITA'S NURSING | * | |
| HOME FACILITY, MABEL MANGANO and | * | MAGISTRATE 2 |
| SALVADOR MANGANO | * | |
| | * | |

**************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

### Pertinent Facts

Plaintiffs are the sole surviving heirs of Eva Rodrigue who died at St. Rita's Nursing Home.

Plaintiffs allege the combination of negligence and nursing home malpractice caused Eva Rodrigue's

death. The petition filed by plaintiffs names Louisiana corporations and Louisiana individuals only

and does not name the United State of America, the United States Army Corp. of Engineers or any

other state or federal agency as a defendant.

In an attempt to delay and/or harass plaintiffs, defendants, Buffman, Inc. d/b/a St. Rita's

Nursing Home Facility, Mabel Manguno and Salvador Manguno, filed a third party claim for

contribution against the United States of America and other federal and state entities as discussed

-1-

below. Claims for contribution amongst defendants do not exist since amendment to Louisiana Civil Code Art. 2324 in 1996. The defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home Facility, Mabel Manguno and Salvador Manguno, who filed this non-existent claim, are liable only for their percentage of negligence and have no right to claim contribution from federal and state authorities.

### Law and Argument

**A.**   **IT IS "FACIALLY APPARENT" THAT DIVERSITY OF CITIZENSHIP DOES NOT EXIST, THAT PLAINTIFFS HAVE MADE NO CLAIM AGAINST ANY FEDERAL AGENCY, AND REMAND IS IN ORDER.**

It is "facially apparent" that plaintiffs have not set out a claim against the United States of America or any of its federal entities and that this is a civil dispute between Louisiana residents. Remand is in order on this basis alone. Defendants have muddied the waters by filing a third party demand for contribution – a pleading that no longer exist under Louisiana law. The law on removal is clear:

> A defendant may general remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.,* 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c).

In many instances, court applies a "facially apparent" test to determine whether diversity jurisdiction exist. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). It is clear that

this is a case where a Louisiana domiciliary has filed a suit against Louisiana domiciliaries only.

B.   **DEFENDANTS, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MABEL MANGUNO AND SALVADOR MANGUNO, DO NOT HAVE A RIGHT TO CONTRIBUTION AGAINST ANY FEDERAL OR STATE ENTITY AND, THUS, REMAND IS IN ORDER.**

The Louisiana Civil Code Art. 2324(B) is clear and states in pertinent part:

> If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

In <u>Hamway v. Braud</u>, 838 So.2d 803 (La. App. 1st Cir. 2002), Judge Fitzsimmons assigned additional reasons and thoroughly summed the 1996 amendment in two sentences:

> **"In the absence of an intentional or willful act, joint tortfeasors are not solidarily liable and do not have the right to contribution by third party demand or a later suit. *See* La. C.C. Arts. 2323 and 2324; La. C.C.P. Arts. 1111 and 1113. What would have been a third party demand for contribution in the past, is now better pled as a type of affirmative defense. *See* La. C.C.P. Art. 1005."**

In the instant case, the defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home Facility, Mabel Manguno and Salvador Manguno, have no rights of contribution because such a right does not exist.

### Conclusion

This is a lawsuit filed in State Court between Louisiana domiciliary plaintiffs and

Louisiana domiciliary defendants.  It is "facially apparent" from the pleadings.  In an attempt to

obsificate the lack of federal subject matter jurisdiction, defendants filed a third party demand for

contribution.  Unless defendants stipulate they <u>intentionally</u> caused  the death of Eva Rodrigue, a

right of contribution no longer exist under Louisiana law.  Respectfully, this matter should be

remanded.

Respectfully submitted,

PATRICK G. KEHOE, JR.  (Bar No. 14419)
833 Baronne Street
New Orleans, Louisiana   70113
Telephone: (504) 588-1110
Facsimile: (504) 588-1954
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above and foregoing pleading(s)  was served on counsel of

record for all parties by U.S. mail, properly addressed and first class postage prepaid, or by

facsimile transmittal or hand delivery on this _____ day of _____, 2006.