UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 NOV -3  AM 9:29
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SHIRLEY FRUGHT, Individually and on behalf of all others similarly situated | CIVIL ACTION NO. 06-7577 |
| | JUDGE STANWOOD DUVAL |
| VERSUS | SECTION "K" |
| LAFAYETTE INSURANCE COMPANY | MAGISTRATE 2 |

## MOTION FOR REMAND AND FOR ATTORNEY'S FEES AND EXPENSES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Shirley Frught, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "plaintiffs"), who urges this Court to remand this case for lack of subject matter jurisdiction under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B). Defendant, Lafayette Insurance Company ("Lafayette"), removed this case on the alleged basis of supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and its companion statute, 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). As explained more fully in the accompanying Memorandum in Support of Motion to Remand, this case should be remanded Lafayette has failed to meet its burden of establishing the clear jurisdictional prerequisites of 28 U.S.C.§ 1369 and 28 U.S.C. § 1441(e)(1)(B).

Furthermore, plaintiffs urge this Court not transfer this case to Section "R". Cases brought under La. R.S. 22:695(A), Louisiana's Valued Policy Law ("VPL"), were only transferred to Section "R" for the resolution of common legal issues, and Judge Vance has already issued a judgment granting defendants' Rule 12(b)(6) and 12(c) motions, and dismissing

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

all VPL claims. Thus, even if there were federal subject matter jurisdiction over this case – which plaintiffs emphatically deny – there would be nothing further for Judge Vance to do in this case, because she has already ruled on the interpretation and application of the VPL. Furthermore, motions to remand VPL cases originally filed in state court and erroneously removed to federal court have been pending in Section "R" for as much as four and a half months, and plaintiffs in the instant case respectfully submit that such a delay would be extremely prejudicial to their rights. Plaintiffs therefore urge this Honorable Court to retain this case at least long enough to determine whether federal subject matter jurisdiction exists.

For the foregoing reasons, more fully explained in the accompanying Memorandum in Support of Motion for Remand, plaintiffs respectfully request that this Court issue an order remanding this case to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

**Respectfully submitted,**

Rémy Voisin Starns
Attorney at law
2098 A Staring Lane
Baton Rouge, Louisiana 70810
(225) 936-7819
(225) 612-6940 fax

_____
Rémy Voisin Starns
La. 26522