UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHIRLEY FRUGHT**, | * | **CIVIL ACTION NO. 06-7577** |
| **Individually and on behalf of all others** | * | |
| **similarly situated** | * | |
| | * | **JUDGE STANWOOD DUVAL** |
| | * | |
| **VERSUS** | * | **SECTION "K"** |
| | * | |
| **LAFAYETTE INSURANCE COMPANY** | * | **MAGISTRATE 2** |

*******************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR REMAND AND FOR ATTORNEY'S FEES AMD EXPENSES

**MAY IT PLEASE THE COURT:**

Plaintiff, Shirley Frught, individually and on behalf of all others similarly situated ("plaintiffs"), submit this Memorandum in Support of Motion for Remand and urge this Court to remand this case for lack of subject matter jurisdiction under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B). Defendant, Lafayette Insurance Company ("Lafayette") removed this case on the alleged basis of supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and its companion statute, 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").

In order to establish subject matter jurisdiction under these statutes, Lafayette has the burden of proving, *inter alia*, that this action "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). Lafayette cannot meet its burden, however, because, as the following discussion will show, plaintiffs' state court action arises from contract disputes over insurance coverage for hurricane damage to their homes, and is unrelated to any accident or death.[1]

---

[1] Furthermore, while plaintiffs' have asserted in their state court Petition that their total losses should be paid according to the valuation provisions of La. R.S. 22:695(A), Louisiana's Valued Policy

Finally, Lafayette does not bring forth a good faith dispute. As the court is aware, Katrina has spawned voluminous litigation. The instant issue of removal under the MMTJ has already been decided against this defendant in other sections of this court. On September 14, 2006, Judge Lemelle remanded similar actions against defendant Lafayette finding that there was no "accident" much less the "same" accident where "75 persons died" at a "discrete location" See Attachment 1.

## I. JURISDICTIONAL ELEMENTS OF THE MULTIPARTY, MULTIFORUM TRIAL JURISDICTION ACT

### A. Hurricane Katrina was not an "Accident" and therefore, the MMTJA does not Provide Federal Subject Matter Jurisdiction

In order to establish subject matter jurisdiction under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B), Lafayette has the burden of proving that the instant action "arises from a **single accident,** where at least **75 natural persons have died in the accident** at a **discrete location.**" 28 U.S.C. § 1369(a) (emphasis added). In other words, Lafayette must show that: (1) this action arises from a single **accident** (not simply from a natural event); (2) at least 75 people died in the single accident that gave rise to this action; and (3) that this single accident involving 75 or more deaths occurred at a discrete location. Lafayette has tried to obfuscate these concise elements by

---

Law ("VPL"), plaintiffs urge this Court not transfer this case to Section "R," for the following reasons. First, VPL cases were only transferred to Section "R" for the resolution of common legal issues, and Judge Vance has already issued a judgment granting defendants' Rule 12(b)(6) and 12(c) motions, and dismissing all VPL claims. Thus, even if there were federal subject matter jurisdiction over this case – which plaintiffs emphatically deny – there would be nothing further for Judge Vance to do in this case, because she has already ruled on the interpretation and application of the VPL. Furthermore, motions to remand VPL cases originally filed in state court and erroneously removed to federal court have been pending in Section "R" for as much as four and a half months, and plaintiffs in the instant case respectfully submit that such a delay would be extremely prejudicial to their rights. Plaintiffs therefore urge this Honorable Court to retain this case at least long enough to determine whether federal subject matter jurisdiction exists.

2

suggesting that Hurricane Katrina itself was an accident. This assertion has no logical or jurisprudential basis.

In order to qualify as an "accident" under the MMTJA, an "accident" must be "a sudden accident, or a natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)(4). Lafayette contends that this case arises from an "accident." Lafayette Notice of Removal, p5.@12. Presumably, this means that Hurricane Katrina is either a "sudden accident" or "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4). Lafayette offers no further explanation. Nevertheless, both our civil law and common law jurisprudence recognize, without exception, that a hurricane is a natural event – an "Act of God" or a "*force majeure*" – and not an "accident."

In Louisiana, it is well-established that "hurricanes . . . are considered in law to be an "Act of God." *Terre Aux Boeufs Land Co., Inc. V. J.R. Gray Barge Co.*, 803 So.2d 86, 92 (La.App. 4 Cir.2001). Indeed, Louisiana courts have recognized that "a hurricane that causes unexpected and unforeseeable devastation with unprecedented wind velocity, tidal rise, and upriver tidal surge, is a classic case of an 'Act of God." *Id.* According to the seminal Louisiana case of *Rector v. Hartford Accident & Indem. Co.*, 120 So.2d 511, 522 (La.App. 1 Cir.1960), an "act of God" is defined as follows:

> A providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ.

In contrast to an act of God, an "accident" typically involves human agency, and its effects therefore **can** be avoided by the exercise of reasonable prudence, diligence, and care.

3

When Congress enacted the MMTJA, it was intended to provide a federal forum specifically for mass accidents such as plane crashes, train crashes, and hotel fires. *See* 147 Cong. Rec. H893-01; 137 Cong. Rec. E1923-02 (1991). The only reported case interpreting the MMTJA is *Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I.2004), a case arising from a tragic fire at a Rhode Island nightclub in which more than one hundred patrons died. All of these examples - plane crashes, train crashes, and hotel and nightclub fires - are distinguishable from acts of God, because all involve human agency and all can be "avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ." *Id.* Indeed, it is precisely this failure to exercise reasonable prudence, diligence, and care that gives rise to lawsuits against plane manufacturers, train operators, and nightclub owners. By contrast, there is no negligence, and thus no liability, associated with an act of God. This is what differentiates an act of God from an accident, and this is why Congress distinguished between a "natural event" and an "accident" resulting therefrom.

Clearly, Hurricane Katrina itself was neither "sudden"[2] nor an "accident." Accordingly, the only reasonable interpretation of Lafayette's equivocal jurisdictional allegation is that Hurricane Katrina was a natural event that culminated in some (unidentified) accident in which 75 or more (unidentified) people died at some discrete (albeit unidentified) location. Presuming that Lafayette has alleged that Hurricane Katrina is "a natural event culminating in an accident," it has nevertheless failed to identify the "single accident" arising therefrom in which 75 or more

---

[2]  This Court can take judicial notice that Hurricane Katrina formed on August 23, 2005 and did not dissipate until August 31, 2005. *See 2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 6/30/06). Eight days of continuous coverage by the National Weather Service and meteorologists from the Bahamas to the Gulf Coast states hardly qualifies as

4

people died at a discrete location. There is a simple explanation for Lafayette's failure to establish these jurisdictional elements: **this action does not arise from any accident**, much less an accident in which 75 or more people died at a discrete location. As plaintiffs have already stated, this action arises from first party contract disputes over insurance coverage alleging improper adjustment on the part of the insurers for hurricane damages to plaintiffs' homes, and is unrelated to any accident or death.

### B. Hurricane Katrina did not occur at a "Discrete Location"" and therefore, the MMTJA does not Provide Federal Subject Matter Jurisdiction

Lafayette has also failed to identify the discrete location at which the alleged accident giving rise to this action took place. Certainly, the 108,456-square-mile[3] area affected by Hurricane Katrina is not a "discrete location" by any definition. According to *Black's Law Dictionary*, Seventh Edition, 1999, the word "discrete" means "[i]ndividual; separate; distinct." A fire at a nightclub is an accident at a "discrete location." A train crash is an accident at a "discrete location." A hurricane that affects five states and the Gulf of Mexico is not an "accident" at a "discrete location." Lafayette, as the removing party, has the burden of establishing each element of federal subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B), and it cannot ignore this jurisdictional element any more than a removing defendant alleging diversity jurisdiction under 28 U.S.C. § 1332(a) can ignore the element of diversity because the parties are not actually diverse. This action did not arise from an "accident" at a "discrete" – *i.e.*, individual, separate, distinct – location, and Lafayette has therefore failed to establish an essential element of federal subject matter jurisdiction.

---

[3] a "sudden" and unexpected occurrence.
See *2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 7/6/06).

5

### C. Plaintiffs' Claims do not Arise Out of the "Same Accident" and therefore, the MMTJA does not Provide Federal Subject Matter Jurisdiction

Lafayette also alleges supplemental subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(e)(1)(B), based on its argument that this action arises from the "same accident" as several other civil actions in which it is a defendant, and which allegedly "are or could have been brought under 28 U.S.C. § 1369." Lafayette Notice of Removal, pp. 2-3 @ 4. Again, Lafayette fails to identify the "single accident" from which these actions allegedly arose, but it implies that this jurisdictional element is satisfied by the fact that these actions arose from Hurricane Katrina. Plaintiffs respectfully submit that even if these actions did arise from Hurricane Katrina, that fact is of no moment whatsoever because Hurricane Katrina was not an "accident," nor did it culminate in any accident giving rise to these diverse and unrelated actions. Removal under 28 U.S.C. § 1441(e)(1)(B) requires that these case arise from the "same accident," not from the same natural event.

Prominent in Lafayette's erroneous removal is *Abadie et al v. Aegis Security Insurance Company et al.*, Civil Action No. 06-5164, Section K, Magistrate 2, Eastern District of Louisiana filed August 28, 2006. See Notice of Removal, pp. 2, 3, and 4. In its Notice, Lafayette urges that the *Frught* matter arises from the "same accident" as the *Abadie* matter and that said accident is both a "sudden accident" and where "75 persons" died at a "discrete location." See Notice of Removal 2, 3.

Also, in its Notice of Removal at paragraph 12, Lafayette admits that the "allegations in *Abadie* involve the very same levee breaches that were deemed in *Chehardy* to satisfy the jurisdictional requirement of 28 U.S.C. § 1369." *Id.* Here Lafayette trumpets your honor's

rulings in *Flint v Farm Bureau* (E.D. La. 06- 2546 August 15, 2006)(Duval, J.). However, it is your honor's ruling in *Flint* that is fatal to Lafayette's claims. Respectfully, your honor knows best what his rulings are, however plaintiffs believe that Lafayette misconstrues them. Specifically, Lafayette cites language from the *Flint* remand order that purports to satisfy their position. i.e. "Hurricane Katrina was the natural event that culminated in the levee break that caused at least 75 deaths at a discrete location" and thus, they claim, 28 U.S.C. § 1369 jurisdiction "exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location."

However, your honor's ruling in *Flint* contradicts Lafayette's position. More particularly, "This Court has determined that Hurricane Katrina has not been classified as a §1369 'accident' by any court and therefore this Court declines to interpret the statutory definition of an 'accident' so broadly." *Flint v. Louisiana Farm Bureau* (E.D. La. 06-2546 August 15, 2006)(Duval, J.). Read in its proper context, it should be obvious to Lafayette that the §1369 accident was ruled to be levee breaches and not Hurricane Katrina. Nowhere in either her Complaint or her Amended Complaint does Frught allege that levee breaches caused her damages. Therefore, the instant *Frught* matter does not rise from the "same accident" as either *Chehardy* or *Abadie*. See Attachment 2. This is an insurance/ failure to timely and properly adjust losses case.

Lafayette also cites *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir. 2006), in support of its erroneous removal. However, in *Wallace,* Senior United States District Court Judge Marcel Livaudais, Jr. twice rejected arguments identical to those made by Lafayette in this case. The defendant insurers in *Wallace* appealed both of Judge Livaudais's

7

remand orders. In the first appeal, the United States Court of Appeals for the Fifth Circuit vacated Judge Livaudais's remand order insofar as it applied mandatory abstention under 28 U.S.C. § 1369(b) to actions removed under 28 U.S.C. § 1441(e)(1)(B). *See Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir.3/31/06). The Fifth Circuit then remanded with instructions to the district court to conduct a §1441(e)(1)(B) analysis to determine whether *Wallace* arose "from the same accident" as *Chehardy, et al. v. Wooley*, consolidated cases No. 05-1140 and 05-1163, *i.e.*, whether the two cases arose from a "single accident" "where at least 75 natural persons have died in the accident in a discrete location."

Plaintiffs in *Wallace* subsequently filed a second motion to remand that Judge Livaudais reviewed by applying a §1441(e)(1)(B) analysis in accordance with the Fifth Circuit's mandate. After thoroughly analyzing the MMTJA, Judge Livaudais held that the defendant insurers failed to meet their burden of establishing federal subject matter jurisdiction under 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(B). In response, the *Wallace* defendants filed petitions for writs of mandamus, or alternatively appeals, asking the Fifth Circuit to vacate Judge Livaudais's second remand order. On August 2, 2006, the Fifth Circuit formally denied defendants' petitions.

Like Judge Livaudais in *Wallace supra*, this Court should reject Lafayette's unfounded assertion that this matter satisfies the jurisdictional elements of 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(B). Neither the Valued Policy Law nor any of the other purely state law causes of action alleged by plaintiffs provide a valid basis for removal. Lafayette dragged plaintiffs' wholly state court actions into federal court on the incorrect pretense that their causes of action arose from a "single accident" at a "discrete location" where at least 75 people died. Lafayette

8

failed to meet its burden of establishing the jurisdictional prerequisites of 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(B) and this case should therefore be remanded.

## II.  LAFAYETTE IS LIABLE FOR PLAINTIFF'S ATTORNEY'S FEES INCURRED WITH BRINGING THIS MOTION TO REMAND

Lafayette is liable for plaintiff's attorney's fees associated with the preparation, filing and the present Motion to Remand. 28 U.S.C. § 1447 (c) provides that an Order remanding a case may provide for the payment of just costs and any actual expenses, including attorney's fees incurred a a result of the removal. 28 U.S.C. § 1447 (c). The question a trial court considers in applying 28 U.S.C. § 1447 (c) is whether or not the defendant had objectively reasonable grounds to believe the removal was proper. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.236 290, 293 *(5th Cir. 2000)*. An award of attorney's fees and expenses does not require a finding of bad faith and the Court does not consider the motive for removing. *Id. at 292.*

Applying the foregoing to principles to the instant matter means that Lafayette is liable for plaintiff's attorney's fees and costs associated with the present Motion to Remand. More particularly, two (2) of this Honorable Court's brethren, Judge Vance and Judge Lemelle, previously rejected the same exact arguments made by Lafayette for removal and remanded their cases to state court. (See Attached Remand Orders marked Exhibits "A" and "B"). In fact, Lafayette was the defendant in Judge Lemelle's case and despite having its removal theory thoroughly rebuked, still chose to pursue removal again. Finally, Judge Zainey remanded a Hurricane Katrina in which Lafayette was the named defendant and awarded attorney's fees and costs based on Lafayette's improper removal. (See Attached Remand Orders marked Exhibit "C"). Accordingly, for the foregoing reasons, plaintiff respectfully request that this Honorable

Court award her a reasonable attorney's fee of $2,000.00 for the time spent preparing, filing and arguing the present Motion to Remand.

### III. CONCLUSION

It is axiomatic that federal courts are courts of limited jurisdiction. Lafayette, as the removing party in this case, "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)(*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)). Lafayette attempts to meet this burden by conflating natural events and accidents and suggesting that Hurricane Katrina itself was an "accident" at a "discrete location." These arguments have no statutory or jurisprudential basis, and simply obfuscate the plain language of the MMTJA in an attempt to convert this narrow, tort-based jurisdictional statute into a blanket grant of federal jurisdiction over any cause of action between any parties arising from any natural disaster. It is clear from the legislative history and plain language of the MMTJA that this limited expansion of federal jurisdiction was intended to provide a federal forum for actions arising out of accidents such as plane crashes, train wrecks and hotel fires, and not to enormous natural catastrophes that affect thousands of square miles.

The clear jurisdictional prerequisites of 28 U.S.C.§ 1369 and 28 U.S.C. § 1441(e)(1)(B) have not been satisfied in this case. Accordingly, plaintiffs respectfully urge this Honorable Court to remand this case back to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

Respectfully submitted,

**RÉMY VOISIN STARNS**
**ATTORNEY AT LAW**
**2098 A STARING LANE**
**BATON ROUGE, LOUISIANA 70810**
**(225) 936-7819**
**(225) 612-6940 FAX**

_____
RÉMY VOISIN STARNS
LA. 26522

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion for Remand has been served upon all counsel of record in this matter by placing same in the U.S. Mail, first class postage prepaid and properly addressed, by hand delivery, and/or by facsimile on this the 2nd day of November, 2006.

_____
Rémy Voisin Starns

11