UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| _____ | * | MAG. WILKINSON |
| | * | |
| PERTAINS TO: | * | |
| ST. RITA CIVIL ACTION NO. 06-7355 | * | |
| (Kenney) | * | |
| _____ | * | |

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Third-Party Defendant, Lake Borgne Basin Levee District, ("LBBLD"), submits the following Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. For reasons more fully set forth below, LBBLD urges this Honorable Court to grant its Rule 12(b)(6) Motion to dismiss with prejudice the Third-Party Demand of Third-Party Plaintiff, Buffman, Inc., a Louisiana Business Corporation d/b/a St. Rita's Nursing Home, against Third-Party Defendant, LBBLD.

**I.    STATEMENT OF FACTS**

The Petition for Damages filed by Plaintiffs against Buffman, Inc., a Louisiana Business Corporation d/b/a St. Rita's Nursing Home ("St. Rita's") alleges, among other things, that St. Rita's negligently failed to evacuate St. Rita's Nursing Home residents prior to the storm making landfall.[1] The Petition for Damages does not assert any claims or allege any fault against LBBLD. The

---

1 See Plaintiffs' Petition at para. 10.

1

Petition for Damages does not name LBBLD as a defendant.[2]  Third-Party Plaintiff, Buffman, Inc. d/b/a St. Rita's Nursing Home filed a Third-Party Demand against LBBLD due to alleged breaches in the Lake Borgne Basin Levee system which resulted in flooding of St. Bernard parish.[3]  As a consequence of the flooding, it has been alleged that St. Rita's Nursing Home was damaged and thirty-five residents of the home perished.[4]  St. Rita's Third- Party Demand seeks indemnity and/or contribution in tort from the Third-Party Defendant in the event that St. Rita's is cast in judgment.[5] St. Rita's also brings the Third-Party Demand seeking apportionment of liability pursuant to Article 2324 of the Louisiana Civil Code.[6]

## II.     LAW AND ARGUMENT

Third-Party Defendant, LBBLD, moves for dismissal of St Rita's Third-Party Demand pursuant to Rules 12(b)(6).  The Third-Party Demand fails to state a claim upon which relief can be granted against LBBLD.  Specifically, under Louisiana law, there is no cause of action for tort indemnity or contribution from LBBLD in the event St. Rita's is cast in judgment, for the reasons set forth more fully below:

---

2  *Id*.

3  See Third-Party Demand at para. II

4  *Id*.

5  *Id*. at IV.

6  *Id*. at IV.

### A.     1996 Tort Reform Eliminates Solidarity

As part of the tort reform legislation enacted in 1996, Louisiana adopted a pure comparative fault system, in which no party can be held liable for more than its share of the damages.[7] Consequently, St. Rita's has no tort claim for contribution or indemnity against LBBLD.

Louisiana Civil Code articles 2323 and 2324 have effectively eliminated causes of action for contribution and indemnity except in willful or intentional tort cases.[8] In this case, there is no intentional or willful tort claim alleged against LBBLD. Louisiana Civil Code article 2323 provides in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
>
> B. *The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law*

---

[7] See *Dumas v. State of La. through DCRT*, 828 So.2d 530, 535; see also *Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998) (the amended Civil Code articles 2323 and 2324 revoked solidarity for non-conspiratorial acts and expressed defendant's liability instead as a joint and divisible obligation. "A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person.").

[8] *Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415 at *1 (E.D. La. 2001); *Osgood v. Branam Enterprises*, 2000 WL 622608 at *3 (E.D. La. 2000) (citing *Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998)).

3

> *or legal doctrine or theory of liability, regardless of the basis of liability.*

La. Civ.Code art. 2323 (emphasis added).

Louisiana Civil Code article 2324 provides that only a party who conspires with another to commit a willful or intentional act shall be solidarily liable for damages. It states in relevant part:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
>
> B. *If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person,* including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

La. Civ. Code art. 2324 (emphasis added).

As set forth below, Articles 2323 and 2324, as amended, have eliminated a cause of action for contribution and tort indemnity except in very limited circumstances not applicable in the instant case.

### B. Contribution Cause of Action

The substantive basis for the right to claim contribution is subrogation to the plaintiff's rights among remaining tortfeasors. La. Civ. Code arts. 1804-1805. Contribution permits a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each. *Hamway v. Braud*, 2001 CA 2364 (La. App. 1 Cir. 11/08/02), 838 So.2d 803, 807. Accordingly,

contribution is allowed only among tortfeasors who are solidarily liable.  *Id*.; *Thompson v. Harrington*, 99-571, p. 11 (La. App. 3 Cir. 10/13/99), 746 So.2d 652, 658.

### C. Tort Indemnity

Indemnity, which is based on the concept of unjust enrichment, may lie when one party discharges a liability that another rightfully should have assumed.  *Nassif v. Sunrise Homes, Inc.*, 98-3193, pp. 2-3 (La. 06/29/99), 739 So.2d 183, 185.  Tort indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may be had against one who, because of his act, has caused such constructive liability to be imposed.  *Nassif*, 98-3193 at 3, 739 So.2d at 185.  A party who is actually negligent or actually at fault cannot recover tort indemnity.  *Sellers v. Seligman*, 463 So.2d 697, 700 (La. App. 4 Cir.), *writ denied*, 464 So.2d 1379 (La. 1985).

### D. Post-1996 Jurisprudence Rejects Contribution and Tort Indemnity Claims

Post-1996 jurisprudence has rejected contribution and tort indemnity claims except in very limited circumstances not applicable to the instant case. In *Dumas v. State of La., DCRT*, the Supreme Court held "the right of contribution among solidary tortfeasors disappeared since it is no longer necessary in light of the abolishment of solidarity."[9]

In *Osgood v. Branam Enterprises*, the court granted a third-party defendant's motion to dismiss third-party plaintiff Branam's claims that it was entitled to full indemnity and/or contribution against the third-party defendant.[10]  The matter involved the death of a bungee jumper

---

[9] 828, So.2d 530, 538 (La. 10/15/02).

[10] *Osgood v. Branam Enterprises*, 2000 WL 622608 at *1 (E.D. La. 2000).

5

who was killed while rehearsing for Superbowl XXXI in the Superdome. Plaintiffs filed suit against various contractors and subcontractors, including Branam.[11] Branam filed a third-party demand against various independent contractors claiming it was entitled to full indemnity over and against the third-party defendants, as well as contribution. The court noted that the plaintiffs had not made any claims against the third-party defendants.[12]

The third-party defendants moved to dismiss Branam's claims against them "on the grounds that after the 1996 amendments to the Louisiana Civil Code, there is no right to contribution or tort indemnity under Louisiana Civil Code articles 2323 and 2324."[13] After reviewing the pertinent language of those statutes (as set forth above), the court, citing *Aucoin v. State of Louisiana*, held that "articles 2323 and 2324 have effectively eliminated contribution and indemnity except in those tort cases in which the act causing the injury was willful or intentional."[14] Since no willful or intentional allegations were made, the parties could not be solidarily liable to the plaintiffs. The court stated that:

> [s]ince solidarity is arguably dead in non-intentional tort cases, contribution is of little or no importance. That is, the right to contribution arose only where one party paid more than its share because of the imposition of a solidary obligation. Now, one should never pay more than one's share because there is no more solidarity in non-intentional tort cases.[15]

---

[11] *Id.*

[12] *Id.*
.
[13] *Id.*

[14] *Id.* at *3.

[15] *Osgood*, 2000 WL 622608 at * 3, fn. 1 (quoting Frank L. Maraist & Thomas C. Galligan, Jr.,

The court held that because "each person's fault will be assessed, no one person will be held liable for more than his share," thus, Branam will suffer no prejudice.[16]

The court also held that articles 2323 and 2324, as amended in 1996, "obviated the need for indemnity in tort cases, other than in those cases involving strict liability." Quoting Maraist and Galligan, the court stated that:

> [t]he doctrine of tort indemnity is more or less a dead letter ... tort indemnity arose where one party was strictly liable and another party's fault had created the risk which made the strictly liable defendant liable. The strictly liable defendant would be indemnified by the risk creator. Without strict liability, there will be little or no tort indemnity.[17]

The court held that under Louisiana's new tort laws, in order for Branam to be found liable to the plaintiffs, the fact finder would have to determine that Branam was at fault because it breached a duty which contributed to or caused the accident.[18] Because Louisiana has adopted a pure comparative fault scheme, the court ruled that Branam had no viable claim against the third-party defendants as under no circumstance would Branam be cast for their fault, and the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was granted.[19]

Likewise, the court in *Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415 (E.D. La.

---

Buying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law, 71 Tul. L.Rev. 339, 409 (1996)).

[16] *Id*. at *3.

[17] *Id*. at *3 (quoting Maraist & Galligan, 71 Tul. L.Rev. at 409).

[18] *Id*. at *3.

[19] *Osgood*, 2000 WL 622608 at *3.

2001), denied a third-party plaintiff's Motion for Leave of Court to File Third-Party Complaint for the same reasons as in *Osgood*. In *Rachel*, the plaintiff was injured while a passenger aboard a Petroleum Helicopters, Inc. ("PHI") aircraft, resulting in his need for hip replacement surgery. The plaintiff alleged the hip implant was defective in a separate lawsuit against the implant manufacturer. PHI sought leave of court to file a third-party complaint against the manufacturer for contribution and/or indemnity for any damages attributable to the defective hip implant for which PHI may be held liable.

The plaintiff opposed PHI's motion claiming that Louisiana no longer recognizes claims for indemnity and contribution in non-intentional tort cases and the court agreed.[20] Citing the amended language of Civil Code articles 2323 and 2324, the court found that Louisiana replaced solidary liability in non-intentional tort cases with comparative liability. As such, "the original tortfeasor is now liable for only his comparative share of the fault for the subsequent tort."[21] Thus, the court denied PHI's motion for leave to file its third-party complaint because PHI was barred by Louisiana law from bringing any claims for contribution or indemnity against the implant manufacturer.[22]

Accordingly, post-1996 jurisprudence uniformly rejects contribution and tort indemnity causes of action, except under very limited circumstances not applicable to the instant case.[23]

---

[20] *Id*.

[21] *Id*. citing Maraist & Galligan, 71 Tul. L.Rev. 339, 406-09 (1996).

[22] *Rachel*, 2001 WL 699415 at *2.

[23] As one jurist has noted, "What would have been a third party demand for contribution in the past, is now better plead as a type of affirmative defense." See *Hamway v. Breaux*, 2001 CA. 2364 (La. App. 1 Cir. 11/08/02), 838 So.2d 803, 807 (Fitzsimmons, concurrence with additional

Therefore, St. Rita's Third-Party Demand against LBBLD should be dismissed with prejudice.

**WHEREFORE**, Third-Party Defendant, LBBLD, respectfully requests that this Honorable Court dismiss LBBLD with prejudice from St. Rita's Third-Party Demand because the Third-Party Demand fails to state a claim upon which relief can be granted against LBBLD.

    Respectfully submitted,

    ***DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK***

    s/ Lawrence J. Duplass

    LAWRENCE J. DUPLASS (#5199)
    3838 N. Causeway Blvd., Suite 2900
    Metairie, Louisiana 70002
    Telephone: (504) 832-3700
    Facsimile: (504) 837-3119
    lduplass@duplass.com
    ATTORNEY FOR THIRD-PARTY DEFENDANT,
    LAKE BORGNE BASIN LEVEE DISTRICT

---

reasons).

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2006, a copy of the foregoing Memorandum in Support of Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following individuals by operation of the court's electronic filing system.

- James A. Cobb, Jr
  jac@ecwko.com, kcb@ecwko.com, saa@ecwko.com, am@ecwko.com, jrk@ecwko.com

- Jeremy D. Goux
  wynnegouxlobello@bellsouth.net

- Stevens E. Moore
  stevens.moore@usdoj.gov, linda.nixon@usdoj.gov, rosanne.alford@usdoj.gov

Notice of this filing will be sent to the following individuals by U.S. Mail, postage prepaid and properly address.

>   Joseph P. Lopinto, III
>   Lopinto Law Firm, L.L.C.
>   P. O. Box 246
>   Metairie, LA 70004

>                                   s/ Lawrence J. Duplass
>                         _____
>                                   LAWRENCE J. DUPLASS
>                                   lduplass@duplass.com