UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 SEP 25 PM 3: 47
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **RENE S. BOWERS, SR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-4777** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION: "R" MAG. 5** |

## MOTION TO REMAND
## AND FOR ATTORNEY'S FEES AND COSTS

Now comes plaintiff, Rene S. Bowers, Sr., through undersigned counsel, who moves this Honorable Court to remand the above numbered and entitled proceeding to the state court from which it came, for the reasons hereafter set forth:

1. This proceeding was filed in the 25th Judicial District Court for the Parish of Plaquemines on July 19, 2006 ("State Court Proceeding") by plaintiff, Rene S. Bowers, Sr. ("Mr. Bowers") filing a Petition for Breach of Contract and Damages ("Petition") against the defendant, State Farm Fire and Casualty Company ("State Farm"). This case involves claims for breach of contract, damages, and statutory penalties arising under *Louisiana Revised Statutes 22:658* and *22:1220*. In the Petition, Mr. Bowers stated the following: "Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00." (Petition, paragraph 15).

2. The Petition's waiver and renunciation of Mr. Bowers's right to recovery in excess of $75,000.00, excluding judicial interest and costs, constitutes a judicial confession under *Louisiana*

__ Fee_____
__ Process_____
X Dktd_____
__ CtRmDep_____
__ Doc. No_____

*Civil Code Article 1853*. Therefore, the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, for that reason this Court does not have original jurisdiction of this action under 28 U.S.C. § 1332(a), and this matter is not removable, and should be remanded to the 25th Judicial District Court for the Parish of Plaquemines.

3. The suit filed by Mr. Bowers does not arise out an "accident" as defined by § 1369, as Mr. Bowers's loss was caused by Hurricane Katrina, not by a separate accident caused by Hurricane Katrina, and therefore this Court does not have jurisdiction of this action under § 1369(a) or § 1441(e)(1)(B).

4. Despite the judicial confession clearly set forth in Mr. Bowers's Petition, State Farm nonetheless filed a Notice of Removal to remove this matter to this Court, apparently for the purpose of causing Ms. Bowers to incur additional expense in litigating the issue of removal and/or for the purpose of delaying the proceedings in state court. Therefore, Mr. Bowers should be awarded the expense attributable to this motion, including attorney's fees and costs.

    Respectfully submitted:

    LAW OFFICE OF JAMES F. GASQUET, III
    A LIMITED LIABILITY COMPANY

    BY: _____
    James F. Gasquet, III, Bar No. 26294
    129 Chancellor Drive, P.O. Box 279
    Belle Chasse, Louisiana 70037
    Tel. (504) 394-5584; Fax (504) 394-5166
    Attorney for Rene S. Bowers, Sr.

### CERTIFICATE OF SERVICE

I hereby certify to having served a copy of the foregoing motion to all counsel of record, via fax and by placing the same in the U.S. mail, postage pre-paid, and properly addressed on September

25, 2006.

_____
JAMES F. GASQUET, III