## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RENE S. BOWERS, SR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-4777** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION: "R" MAG. 5** |

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS

Now comes plaintiff, Rene S. Bowers, Sr., through undersigned counsel, who submits the following memorandum in support of plaintiff's Motion to Remand and for Attorney's Fees and Costs:

### *I. MAY IT PLEASE THE COURT:*

#### FACTS AND PROCEDURAL HISTORY

Plaintiff, Rene S. Bowers, Sr. ("Mr. Bowers"), was the owner of a home and property in Empire, Plaquemines Parish, Louisiana. On August 29, 2005, Mr. Bowers's family home was completely destroyed by Hurricane Katrina. Thereafter, Mr. Bowners made a claim for coverage of his loss with his homeowner's insurer, State Farm Fire and Casualty Company ("State Farm"). State Farm failed to make any payment whatsoever to Mr. Bowners on the claim, and therefore, Mr. Bowners filed suit against State Farm in proceedings of the 25th Judicial District Court for the Parish of Plaquemines on July 19, 2006, for breach of contract, damages, and statutory penalties arising under Louisiana Revised Statutes 22:658 and 22:1220, arising out of State Farm's failure to properly adjust and pay Mr. Bowers's claim. In Mr. Bowners's Petition for Breach of Contract and Damages

filed in state court ("Petition"), Mr. Bowers stated the following: **"Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00."** (Petition, paragraph 15). A copy of the Petition has been attached hereto as "Exhibit P-1."

State Farm filed Notice of Removal of Mr. Bowers's case in this Court on or about August 25, 2006. An Order was entered on September 1, 2006, transferring this case from Section "J" (3) to Section "R" (5).

## LAW AND ARGUMENT

It is undisputed that Mr. Bowers, in his Petition clearly stated that Mr. Bowers renounced and waived his right to recover any damages, exclusive of judicial interest and attorney's fees, exceeding $75,000.00 ("Waiver and Renunciation").

> **I. This Court does not have original jurisdiction under 28 U.S.C. § 1332, because Mr. Bowers's Waiver and Renunciation is a judicial confession under Louisiana Law, which establishes that the amount in controversy does not exceed $75,000, exclusive of interest and costs.**

State Farm's first argument in support of removal is that the Waiver and Renunciation is not sufficient to establish that the amount in controversy does not exceed $75,000.00, because no affidavit was attached to the petition, and therefore, this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a). That argument is clearly contrary to the law, and the issue has been ruled upon several times by this very Court.

All parties acknowledge that Louisiana law does not permit a party to plead a specific amount of monetary damages. However, the Waiver and Renunciation in Mr. Bowers's Petition constitutes

a judicial confession under Louisiana Civil Code Article 1853, which provides as follows:

> **A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.**
>
> **A judicial confession is indivisible and it may be revoked only on the ground of error of fact.**

Louisiana Civil Code Article 1853. It should also be noted that in interpreting Article 1853, the revision comments provide the following: **"Under this Article, a declaration made by a party's attorney or mandatary, has the same effect as one made by the party himself." La. Civ. Code Art. 1853, cmt. (b).** Therefore, the Waiver and Renunciation contained in Mr. Bowers's Petition constitutes a judicial confession.

This specific issue has also been addressed by this Court. **An express waiver set forth in a petition is a judicial confession. *Engstrom v. L-3 Communications Government Services, Inc.*, No. 04-2971, 2004 WL 2984329 (E.D. La. Dec. 23, 2004).** In *Engstrom*, the Court granted plaintiffs' motion to remand where the petition contained a paragraph whereby each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . ., including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999."

The Court in *Engstrom* also distinguished between cases where plaintiffs allege that the amount in controversy does not exceed $75,000, and cases where plaintiffs renounce entitlement to damages exceeding the jurisdictional amount. *Engstrom*, 2004 WL 2984329, at *4. This case clearly fits the latter category.

As recently as June 7, 2006, this Court denied a motion to remand reasoning that although the complaints stipulated that damages were less than $75,000, none of the complaints waived

plaintiffs' right to collect a greater amount of damages. *Davis v. State Farm Fire & Casualty*, No. 06-0560, 2006 WL 1581272 (E.D. La. Jun. 7, 2006). "A plaintiff must affirmatively renounce the right to accept judgment in excess of $75,000 for his pre-removal pleadings and stipulations to bind him." *Davis*, 2006 WL 1581272. In this case Mr. Bowers did exactly that, stating: **"Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00."** (Petition, paragraph 15).

## II. This Court does not have jurisdiction under 28 U.S.C. § 1441(e)(1)(a), as this case could not have been brought under 28 U.S.C. § 1369.

State Farm's second argument is that this Case is removable under 28 U.S.C. § 1369, arguing that Hurricane Katrina was a single accident causing the death of 75 persons at a discrete location. The statute clearly defines "accident" as follows: "the term 'accident' means a sudden accident, or a natural event that causes an accident, that results in death incurred at a discrete location by at least 75 natural persons." 28 U.S.C.§ 1369. Under that definition an "accident" does not simply mean bad or severe weather, as State Farm infers, but instead the clear, commonsense meaning of the words means an accident that was caused by a natural event. Mr. Bowers's Petition avers that his home was destroyed by Hurricane Katrina itself, i.e. the weather conditions associated with Hurricane Katrina (Petition, paragraph 6), not by an accident caused by Hurricane Katrina.

Furthermore, no one died on Mr. Bowers's property during Hurricane Katrina, and in fact, there were not 75 deaths reported throughout Plaquemines Parish. Of the deaths that occurred during Hurricane Katrina in other non discrete locations, the causes of death were numerous, and were most certainly not all caused by a specific accident that was caused a natural event.

State Farm represents to this Court that this case is also removable because the case of *Gladys Chehardy, et al. V. J. Robert Wooley, et al.* (3:05-CV-01140) was removed pursuant to 28 U.S.C. § 1369, including Hurricane Katrina. The opinion of the Court in *Chehardy* states that the Middle District has jurisdiction under several statutes, § 1332(a), § 1332(d), and § 1369. No reasons for judgment are provided, and the original Notice of Removal filed in those proceedings did not even seek removal under § 1369. Furthermore, and most importantly, Mr. Bowers's suit does not arise out of the same "accident" as defined by § 1369, as the plaintiffs in *Chehardy*. Again, Mr. Bowers's damages were caused by Hurricane Katrina, not by a separate accident caused by Hurricane Katrina, as required by § 1369(a) and § 1441(e)(1)(B).

### III. Mr. Bowers should be awarded attorney's fees and costs in bringing this motion.

A district court may award attorney's fees and costs incurred because of removal when it remands a case, even absent a finding of bad faith. *Allstate Ins. Co. v. Ford Motor Co.*, 955 F.Supp. 667 (W.D. La., 1996). As set forth above, the law is clear that a waiver and renunciation such as that contained in Mr. Bowers's Petition is sufficient to establish that the jurisdictional amount for this Court is not satisfied, and that removal in this case is not appropriate. State Farm nonetheless removed this action to this Court apparently for the purpose of causing Mr. Bowers to incur additional expense in litigating the issue of removal and/or for the purpose of delaying the proceedings in state court.

### CONCLUSION

The judicial confession by Mr. Bowers in his petition establishes that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and for that reason, this Court

does not have jurisdiction of this action under 28 U.S.C. § 1332. Furthermore, Mr. Bowers's loss was caused by Hurricane Katrina, and not an accident caused by Hurricane Katrina, 75 natural persons did not die at or near Mr. Bowers's property, and this Case is not removable under 28 U.S.C. § 1369 or § 1441. Therefore, this case should be remanded to the 25th Judicial District Court for the Parish of Plaquemines, and Mr. Bowers should be awarded the expense attributable to this motion, including attorney's fees and costs.

        Respectfully submitted:

        LAW OFFICE OF JAMES F. GASQUET, III
        A LIMITED LIABILITY COMPANY

        BY: _____
            James F. Gasquet, III, Bar No. 26294
            129 Chancellor Drive, P.O. Box 279
            Belle Chasse, Louisiana 70037
            Tel. (504) 394-5584; Fax (504) 394-5166
            Attorney for Rene S. Bowers, Sr.

## CERTIFICATE OF SERVICE

I hereby certify to having served a copy of the foregoing motion to all counsel of record, via fax and by placing the same in the U.S. mail, postage pre-paid, and properly addressed on September 25, 2006.

_____
JAMES F. GASQUET, III