**25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES**

**STATE OF LOUISIANA**

NO. 53-535                                          DIVISION B

**RENE S. BOWERS, SR.**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

FILED: JUL 1 9 2006                        s/ Julie L. Cole
                                                     **DEPUTY CLERK**

### PETITION FOR BREACH OF CONTRACT AND DAMAGES

The petition of Rene S. Bowers, Sr., of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana, respectfully represents that:

1.

Made defendant herein is State Farm Fire and Casualty Company, a foreign insurance corporation, authorized to do and doing business in the Parish of Plaquemines, State of Louisiana, who is the insurer for the damages sustained by petitioner and petitioner's property and for the allegations of this Petition (hereafter "State Farm").

2.

At all times pertinent hereto, including but not limited to August 29, 2005, petitioner had in full force and effect a homeowner's policy of insurance issued by State Farm covering petitioner's property located at 32451 Highway 11, Empire, Plaquemines Parish, Louisiana 70050 (hereafter "Petitioner's Home"), and providing the following coverages and limits:

| | | |
|---|---|---|
| A. | Dwelling | $59,100.00 |
| B. | Dwelling Extension | 5,910.00 |
| C. | Personal Property | 32,505.00 |
| D. | Loss of Use | Actual Loss Sustained |

(hereafter "Valuation") and with a deductible of $2,500.00 for "Other Losses" and $2,955.00 for "Hurricane," which policy is identified as State Farm Fire and Casualty Company Policy Number 18-68-0792-1 (hereafter "Homeowner's Policy"). The Homeowner's Policy also provides additional coverage for debris removal up to $500.00, and for loss of trees, shrubs, plants up to five (5%) percent of the amount for shown for Coverage A - Dwelling in the Homeowner's Policy.

3.

The "Hurricane Deductible Endorsement" to the Homeowner's Policy provides as follows:

**Definitions**

As used in this endorsement **hurricane** means a storm system that has been declared to be a hurricane by the National Hurricane Center of the National Weather Service. The duration of the **hurricane** includes the time period, in this state:

1. beginning at the time a **hurricane** watch or **hurricane** warning is issued for any part of this state by the National Hurricane Center of the National Weather Service;

2. continuing for the time period during which the **hurricane** conditions exist anywhere in this state; and

3. ending 24 hours following the termination of the last **hurricane** watch or **hurricane** warning for any part of this state by the National Hurricane Center of the National Weather Service.

The following deductible language is added to the policy:

**Deductible**

The Hurricane deductible percentage (%) shown in the **Declarations** applies only for direct physical loss or damage to covered property caused by wind, wind gusts, hail, rain, tornadoes, or cyclones caused by or resulting from a **hurricane** as defined above. The deductible for loss caused by each **hurricane** occurrence is the amount determined by applying the deductible percentage (5%) shown in the **Declarations** to the **COVERAGE A - DWELLING** limit shown in the **Declarations**.

In the event of a **hurricane** loss, this deductible will apply in place of any other deductible stated in the policy. In no event will this deductible be less than the Section I deductible amount shown in the **Declarations**.

State Farm Hurricane Deductible Endorsement FE-5301.1 (7/00).

4.

On or about August 29, 2005, Hurricane Katrina made landfall at or near Buras, Plaquemines Parish, Louisiana, as a dangerous Category 4 Hurricane on the Saffir-Simpson Scale, with sustained winds near 145 miles per hour, and with higher gusts, and passed directly over Empire, Louisiana, and Petitioner's Home (hereafter "Hurricane Katrina"). Hurricane Katrina had hurricane force winds extending 120 miles from its center and tropical storm force winds extending out 230 miles from its center, resulting in severe and hurricane force winds affecting the Buras-Empire area, and specifically Petitioner's Home, for several hours prior to landfall.

5.

Several hours prior to Hurricane Katrina making landfall, a hurricane warning had been issued by the National Hurricane Center for the area from Morgan City, Louisiana to the Alabama-Florida border, which area includes Plaquemines Parish, Louisiana, and therefore, Hurricane Katrina

was a "hurricane" under the Homeowner's Policy.

6.

Petitioner's property, including Petitioners Home, carport/garage, and personal property (hereafter "petitioner's property") were completely destroyed by Hurricane Katrina, and the adverse weather conditions caused by Hurricane Katrina ("Property Loss").

7.

The Homeowner's Policy provides coverage to petitioner for the Property Loss.

8.

Petitioner made a claim on the Homeowner's Policy with State Farm in September, 2005, for the total loss of petitioner's property (hereafter "Claim").

9.

Upon information and belief, State Farm has conducted two (2) site inspections of petitioner's property in regard to the Claim under petitioner's Homeowner's Policy.

10.

Despite the Claim having been filed in September, 2005, State Farm has failed to make any payment whatsoever to petitioner for the Claim.

11.

State Farm's failure to pay or make written offer to settle the Claim within thirty (30) days of receipt of proof of loss was arbitrary, capricious, and without probable cause, in violation of Louisiana Revised Statute 22:658, and renders State Farm liable to petitioner for penalties in the amount of 25% of the difference between the amount paid or tendered, if any, and the amount found to be due from Defendant to petitioner.

12.

State Farm failed to adjust the Claim fairly and promptly and/or to pay or settle the Claim, and thereby breached its duty of good faith and fair dealing in violation of Louisiana Revised Statute 22:1220, rendering State Farm liable to petitioner for penalties in an amount not to exceed two times petitioner's damages or $5,000.00, whichever is greater.

13.

State Farm placed the Valuation on petitioner's property for purposes of the Homeowner's Policy and used such Valuation for determining the premium under the Homeowner's Policy, and the Homeowner's Policy did not set forth a different method of computation of loss, and therefore,

State Farm is liable to petitioner for the total loss of petitioner's property for the amount of the Valuation, without deduction or offset, under Louisiana Revised Statute 22:695.

14.

State Farm has failed to pay petitioner the amount of the Valuation despite amicable demand, and is liable to petitioner for breach of contract, damages, statutory penalties, judicial interest, attorney's fees, and all costs of these proceedings.

15.

Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00.

**WHEREFORE,** petitioner prays that after all due proceedings are had, there be Judgment rendered herein in favor of plaintiff, Rene S. Bowers, Sr., and against the defendant, State Farm Fire and Casualty Company, for all amounts due plaintiff under the Homeowner's Policy, plus damages, statutory penalties, judicial interest, attorney's fees, and all costs of these proceedings, and for all legal and equitable relief.

Respectfully submitted:

LAW OFFICE OF JAMES F. GASQUET, III
A LIMITED LIABILITY COMPANY

BY: _____
James F. Gasquet, III, Bar No.26294
129 Chancellor Drive, P.O. Box 279
Belle Chasse, Louisiana 70037
Tel. (504) 394-5530; Fax (504) 394-4742
Attorney for Rene S. Bowers, Sr.

**PLEASE SERVE:**

State Farm Fire and Casualty Company,
through its registered agent for service of process,
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809