UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 SEP 25  PM 3:47
LORETTA G. WHYTE
       CLERK

| | | |
|---|---|---|
| JAMIE G. MADERE AND | * | CIVIL ACTION |
| EUGENE MADERE | * | |
| VERSUS | * | NUMBER: 06-4816 |
| LEXINGTON INSURANCE COMPANY | * | SECTION: "R" MAG. 5 |

## MOTION TO REMAND
## AND FOR ATTORNEY'S FEES AND COSTS

Now comes plaintiffs, Jamie G. Madere and Eugene Madere ("Madere"), through undersigned counsel, who moves this Honorable Court to remand the above numbered and entitled proceeding to the state court from which it came, for the reasons hereafter set forth:

1.  This proceeding was originally filed in the 25th Judicial District Court for the Parish of Plaquemines on July 20, 2006 ("State Court Proceeding") when plaintiffs filed Petition for Breach of Contract and Damages ("Petition") against the defendant, Lexington Insurance Company ("Lexington"). This case involves claims for breach of contract, damages, and statutory penalties arising under *Louisiana Revised Statutes 22:658* and *22:1220*. In the Petition, Madere stated the following: "Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00." (Petition, paragraph 16).

2.  The Petition's waiver and renunciation of Madere's right to recovery in excess of $75,000.00, excluding judicial interest and costs, constitutes a judicial confession under *Louisiana*

___ Fee_____
___ Process____
 X  Dktd_____
___ CtRmDep___
___ Doc. No____

*Civil Code Article 1853.* Therefore, the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, for that reason this Court does not have original jurisdiction of this action under 28 U.S.C. § 1332(a), and this matter is not removable, and should be remanded to the 25th Judicial District Court for the Parish of Plaquemines.

3. Despite the judicial confession clearly set forth in Madere's Petition, Lexington nonetheless filed a Notice of Removal to remove this matter to this Court, apparently for the purpose of causing Madere to incur additional expense in litigating the issue of removal and/or for the purpose of delaying the proceedings in state court. Therefore, Madere should be awarded the expense attributable to this motion, including attorney's fees and costs.

Respectfully submitted:

LAW OFFICE OF JAMES F. GASQUET, III
A LIMITED LIABILITY COMPANY

BY: _____
James F. Gasquet, III, Bar No. 26294
129 Chancellor Drive, P.O. Box 279
Belle Chasse, Louisiana 70037
Tel. (504) 394-5584; Fax (504) 394-5166
Attorney for Jamie G. Madere and
Eugene Madere

### CERTIFICATE OF SERVICE

I hereby certify to having served a copy of the foregoing motion to all counsel of record, via fax and by placing the same in the U.S. mail, postage pre-paid, and properly addressed on September 25, 2006.

_____
JAMES F. GASQUET, III