# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE G. MADERE AND** | * | **CIVIL ACTION** |
| **EUGENE MADERE** | * | |
| **VERSUS** | * | **NUMBER: 06-4816** |
| **LEXINGTON INSURANCE COMPANY** | * | **SECTION: "R" MAG. 5** |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS

Now comes plaintiffs, Jamie G. Madere and Eugene Madere, through undersigned counsel, who submits the following memorandum in support of plaintiff's Motion to Remand and for Attorney's Fees and Costs:

## *I. MAY IT PLEASE THE COURT:*

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Jamie G. Madere and Eugene Madere (collectively "Madere"), were the owners of a home and property in Nairn, Plaquemines Parish, Louisiana. On August 29, 2005, Madere's family home was completely destroyed by Hurricane Katrina. Thereafter, Madere made a claim for coverage of his loss with their homeowner's insurer, Lexington Insurance Company ("Lexington"). Lexington failed to properly adjust and pay the claim, therefore, Madere filed suit against Lexington in proceedings of the 25th Judicial District Court for the Parish of Plaquemines on July 20, 2006, for breach of contract, damages, and statutory penalties arising under Louisiana Revised Statutes 22:658 and 22:1220, arising out of Lexington's failure to properly adjust and pay Madere's claim. In

Madere's Petition for Breach of Contract and Damages filed in state court ("Petition"), Madere stated the following: **"Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00."** (Petition, paragraph 16). A copy of the Petition has been attached hereto as "Exhibit P-1."

Lexington filed Notice of Removal of Madere's case in this Court on or about August 25, 2006. An Order was entered on August 29, 2006, transferring this case to Section "R" (5).

## LAW AND ARGUMENT

It is undisputed that Madere, in their Petition clearly stated that Madere renounced and waived their right to recover any damages, exclusive of judicial interest and attorney's fees, exceeding $75,000.00 ("Waiver and Renunciation").

> **I.   This Court does not have original jurisdiction under 28 U.S.C. § 1332, because Madere's Waiver and Renunciation is a judicial confession under Louisiana Law, which establishes that the amount in controversy does not exceed $75,000, exclusive of interest and costs.**

Lexington's sole argument in support of removal is that the Waiver and Renunciation is not sufficient to establish that the amount in controversy does not exceed $75,000.00, and therefore, this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a). That argument is clearly contrary to the law, and the issue has been ruled upon by this very Court.

All parties acknowledge that Louisiana law does not permit a party to plead a specific amount of monetary damages. However, the Waiver and Renunciation in Madere's Petition constitutes a judicial confession under Louisiana Civil Code Article 1853, which provides as follows:

> **A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party**

>who made it.
>
>**A judicial confession is indivisible and it may be revoked only on the ground of error of fact.**

Louisiana Civil Code Article 1853. It should also be noted that in interpreting Article 1853, the revision comments provide the following: **"Under this Article, a declaration made by a party's attorney or mandatary, has the same effect as one made by the party himself." La. Civ. Code Art. 1853, cmt. (b).** Therefore, the Waiver and Renunciation contained in Madere's Petition constitutes a judicial confession.

This specific issue has also been addressed by this Court. **An express waiver set forth in a petition is a judicial confession.** *Engstrom v. L-3 Communications Government Services, Inc.*, **No. 04-2971, 2004 WL 2984329 (E.D. La. Dec. 23, 2004).** In *Engstrom*, the Court granted plaintiffs' motion to remand where the petition contained a paragraph whereby each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . ., including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999."

The Court in *Engstrom* also distinguished between cases where plaintiffs allege that the amount in controversy does not exceed $75,000, and cases where plaintiffs renounce entitlement to damages exceeding the jurisdictional amount. *Engstrom*, 2004 WL 2984329, at *4. This case clearly fits the latter category.

As recently as June 7, 2006, this Court denied a motion to remand reasoning that although the complaints stipulated that damages were less than $75,000, none of the complaints waived plaintiffs' right to collect a greater amount of damages. *Davis v. State Farm Fire & Casualty*, No. 06-0560, 2006 WL 1581272 (E.D. La. Jun. 7, 2006). "A plaintiff must affirmatively renounce the

right to accept judgment in excess of $75,000 for his pre-removal pleadings and stipulations to bind him." *Davis*, 2006 WL 1581272. In this case Madere did exactly that, stating: **"Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00."** (Petition, paragraph 16).

II.  **Madere should be awarded attorney's fees and costs in bringing this motion.**

A district court may award attorney's fees and costs incurred because of removal when it remands a case, even absent a finding of bad faith. *Allstate Ins. Co. v. Ford Motor Co.*, 955 F.Supp. 667 (W.D. La., 1996). As set forth above, the law is clear that a waiver and renunciation such as that contained in Madere's Petition is sufficient to establish that the jurisdictional amount for this Court is not satisfied, and that removal in this case is not appropriate. Lexington nonetheless removed this action to this Court apparently for the purpose of causing Madere to incur additional expense in litigating the issue of removal and/or for the purpose of delaying the proceedings in state court.

## CONCLUSION

The judicial confession by Madere in their petition establishes that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and for that reason, this Court does not have jurisdiction of this action under 28 U.S.C. § 1332. Therefore, this case should be remanded to the 25th Judicial District Court for the Parish of Plaquemines, and Madere should be awarded the expense attributable to this motion, including attorney's fees and costs.

Respectfully submitted:

LAW OFFICE OF JAMES F. GASQUET, III
A LIMITED LIABILITY COMPANY

BY: _____
James F. Gasquet, III, Bar No. 26294
129 Chancellor Drive, P.O. Box 279
Belle Chasse, Louisiana 70037
Tel. (504) 394-5584; Fax (504) 394-5166
Attorney for Jamie G. Madere and
Eugene Madere

### CERTIFICATE OF SERVICE

I hereby certify to having served a copy of the foregoing motion to all counsel of record, via fax and by placing the same in the U.S. mail, postage pre-paid, and properly addressed on September 25, 2006.

_____
JAMES F. GASQUET, III