UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE G. MADERE and** | ) | **CIVIL ACTION NO.:**   06-CV-4816 |
| **EUGENE MADERE** | ) | |
| | ) | **SECTION "R"** |
| | ) | **JUDGE SARAH S. VANCE** |
| **VERSUS** | ) | |
| | ) | **MAG. "M5"** |
| **LEXINGTON INSURANCE COMPANY** | ) | **MAGISTRATE ALMA L. CHASEZ** |

## LEXINGTON INSURANCE COMPANY'S
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant, Lexington Insurance Company ("Lexington"), by and through undersigned counsel, respectfully submits this Opposition to Plaintiffs' Motion to Remand. In their Motion to Remand, Plaintiffs do not dispute that complete diversity exists, nor do Plaintiffs dispute that their claim exceeds the minimum amount in controversy. Rather, Plaintiffs assert that they have successfully evaded federal court jurisdiction by making an unverified statement in their Petition that they agree to waive any damages in excess of $75,000. Based on controlling Fifth Circuit precedent, however, in order to avoid federal court, Plaintiffs were required to file a binding stipulation or affidavit with their complaint, but failed to do so. Accordingly, this Honorable Court should retain jurisdiction over this matter.

I.  **Background**

This action was originally commenced by Jamie G. Madere and Eugene Madere on July 20, 2006 through the filing of a Petition for Breach of Contract and Damages in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, captioned *Jamie G. Madere and Eugene Madere v. Lexington Insurance Company*, No. 53-539. See, Exhibit A (Plaintiffs' Petition). Plaintiffs seek coverage under their homeowners' insurance policy issued by Lexington, Policy No. LE 8124086 01, for damages sustained to their home during Hurricane Katrina. See, Exhibit B (Lexington Policy). Lexington has made an unconditional tender to Plaintiffs for damage to Plaintiffs' home that was caused by wind, an insured peril under the policy. The Lexington Policy, however, excludes loss caused directly or indirectly caused by Water Damage, which includes "flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind." See, Exhibit C (Water Damage Exclusion). Furthermore, the Lexington Policy clearly provides that it does not provide coverage for flood losses, but that flood insurance is available through the National Flood Insurance Program:

**IMPORTANT FLOOD INSURANCE NOTICE**

Your homeowners or dwelling policy does NOT provide coverage for loss caused by flood or mudslide, which is defined, in part, by the National Flood Insurance Program as:

A general and temporary condition of partial or complete inundation of normally dry land areas from overflow of inland or tidal waters or from the unusual and rapid accumulation or runoff of surface waters from any source.

If you are required by your mortgage lender to have flood insurance on your property, or if you feel that your property is susceptible to flood damage, insurance covering damage from flood is available on most buildings and contents in participating communities through the National Flood Insurance Program.

Information about flood insurance and whether your company participates in the program can be obtained from your insurance company from your insurance agent/broker, or directly from

>the National Flood Insurance Program by calling 1-800-638-6620.
>
>If you purchase the maximum limits available through the National Flood Insurance Program, and require additional limits, contact your agent/broker for information regarding the Lexington Insurance Company's Excess Flood Program.

See, Exhibit D (Important Flood Insurance Notice). Accordingly, Lexington is not responsible for any Water Damage sustained to Plaintiffs' property. Despite this, Plaintiffs have sued Lexington seeking full policy limits under Louisiana's Valued Policy Law, as well as statutory penalties and attorneys' fees under La. R.S. 22:1220 and La. R.S. 22:658. See, Exhibit A, pars. 11-13.

Plaintiffs do not dispute that complete diversity exists. Nor do Plaintiffs contest that the their claim actually exceeds the amount in controversy. Plaintiffs assert, however, that they have successfully avoided federal court jurisdiction–despite the existence of complete diversity and despite the satisfaction of the amount in controversy requirement–by the following language in their unverified Petition: "Petitioner affirmatively renounces and waives petitioner's right to recover any damages, including statutory penalties and attorney's fees, but exclusive of judicial interest and costs, in these proceedings in excess of $75,000.00." See, Exhibit A, par. 16.

## II.    Argument

Because Louisiana law does not allow plaintiffs to specify a numerical value of claimed damages in their petition, a removing defendant must rove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The removing defendant's burden is met if, as here, it is apparent from the face of the petition that the claims are likely to exceed $75,000. *Manguno v. Prudential Property and Casualty Co.*, 276 F.3d 720, 724 (5th Cir.2002). In their Petition, Plaintiffs seek relief with regard to an insurance policy which has limits of liability in excess of $75,000. According to Plaintiffs' petition, the policy at issue has the following limits of liability: $350,000

(Coverage A-Dwelling); $35,000 (Coverage B-Other Structures); $175,000 (Coverage C-Personal Property); and $70,000 (Coverage D-Loss of Use). See, Exhibit A, Plaintiffs' Petition, par. 2; Exhibit B, the Lexington Policy. Plaintiffs assert that they are entitled to the full policy limits–$630,000--under the policy pursuant to Louisiana's Valued Policy Law, La. R.S. 22:695. Exhibit A, Plaintiffs' Petition, par. 11. In addition, Plaintiffs seek attorneys' fees and penalties under La. R.S. 22:1220 and La. R.S. 22:658. Accordingly, Plaintiffs' claims clearly exceed the minimum amount in controversy.

Despite Plaintiffs' attempt to avoid federal court jurisdiction by allegedly waiving and renouncing any damages in excess of $75,000, Louisiana Code of Civil Procedure article 862, as recognized by the United States Fifth Circuit, allows state courts to grant to a successful plaintiff the full relief to which he is entitled, even if he did not demand such relief. *Manguno*, 276 F.3d at 724. Indeed, the Fifth Circuit has expressed "its concern about the possibility of 'abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal court jurisdiction by virtue of the pleading." *Id.* Accordingly, the Fifth Circuit has concluded that litigants, such as Plaintiffs, "who want to prevent removal **must file a binding stipulation or affidavit with their complaints**..." *De Aguilar v. Boeing* Co., 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis supplied); *Martin v. Turner*, 2003 U.S.Dist. LEXIS 762, *4 (E.D.La.2003).

Here, Plaintiffs did not file a "binding stipulation or affidavit" with their petition and instead seek to prevent removal based on language in their unverified petition. Undersigned counsel recognizes the ruling in *Engstrom v. L-3 Communications Government Services, Inc.*, 2004 WL 2984329 (E.D.La.), but respectfully asserts that *De Aguilar*, which requires that a plaintiff file a

binding stipulation or affidavit with his or her complaint in order to prevent removal, is the current controlling Fifth Circuit precedent. Indeed, the court in *Engstrom* recognized this when it refused to award attorney's fees against the removing defendant: "The Court, however, declines to make such an award [of attorney's fees] as it is not obvious that the defendant's removal of this matter was legally improper. Given the controlling Fifth Circuit case law, plaintiffs could have verified their petition, or filed with their petition a separate binding stipulation, such that removal could have been avoided at the outset." *Engstrom*, 2004 WL 2984329, *6. Indeed, as this Court recognized in *Davis v. State Farm Fire & Casualty, et al.*, 2006 WL 2192847, *2 (E.D.La.), "[i]f plaintiffs truly intended to limit their recovery to less than $75,000 they should have filed stipulations that had the legal effect of binding them irrevocably..."

Here, Plaintiffs did not follow the controlling law in this Circuit. Their attempt to evade this Court's jurisdiction must therefore fail.

### III.    Conclusion

The allegations of Plaintiffs' Petition are contradictory. On the one hand, Plaintiffs seek full policy limits under the Lexington Policy–$630,000. On the other hand, in an effort to evade this Court's jurisdiction, Plaintiffs make an unverified allegation that they waive their right to any damages in excess of $75,000. Plaintiffs could have, and should have, filed a verified stipulation with their Petition in order to avoid the jurisdiction of this Court. Such a minimal requirement seems only just in light of the potential for abuse and manipulation of pleadings. Current Fifth Circuit precedent is clear–to avoid federal jurisdiction, Plaintiffs should have verified their petition or filed with their petition a separate binding stipulation. Because Plaintiffs failed to do so, Lexington respectfully submits that Plaintiffs' Motion to Remand should be denied and this Court should retain

jurisdiction over this matter. Furthermore, because undersigned counsel relied on current, binding Fifth Circuit precedent--as recognized in *Engstrom*--in filing its Notice of Removal, no award of attorney's fees should be granted.

                                         Respectfully Submitted,

                                         ROBERT I. SIEGEL, ESQUIRE (#12063)
                                         GIEGER, LABORDE & LAPEROUSE, LLC
                                         SUITE - 4800 One Shell Square
                                         701 Poydras Street
                                         New Orleans, Louisiana 70139-4800
                                         Telephone:   (504) 561-0400
                                         Facsimile:    (504) 561-1011

                                         *Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this _10th_ day of _October_ 2006, served a copy of the foregoing **Opposition to Plaintiffs' Motion to Remand** on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage paid.