# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br>Levee, MRGO (Christophe, No. 06-5134) | CIVIL ACTION<br><br>NO.  05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE  DUVAL<br><br>MAGISTRATE WILKINSON |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the Complaint filed by plaintiffs, Mary and Farrell Christophe, et al. ("Plaintiffs"), respectfully avers as follows:

## FIRST DEFENSE

This Honorable Court lacks subject matter jurisdiction over this suit against the Dock Board under FRCP 12(b)(1).   The Dock Board is an agency of the State of Louisiana and, as such, the Eleventh Amendment to the U.S. Constitution bars any suit against it in federal court.   See also, La. R.S. §13:5106.

## SECOND DEFENSE

The Complaint against the Dock Board fails to state a claim upon which relief can be granted under FRCP 12(b)(6).

## THIRD DEFENSE

**AND NOW**, answering each and every allegation contained in the Complaint, the Dock Board responds as follows:

I.

The allegations contained in Article 1 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

II.

The allegations contained in Article 2 of the Complaint do not require a response from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

III.

Except to admit that the Dock Board has been made a defendant herein, the allegations contained in Article 3 of the Complaint are denied as stated.

IV.

The allegations contained in Article 4 of the Complaint do not require a response from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

V.

The allegations contained in Article 5 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

VI.

The allegations contained in Article 6 of the Complaint are denied.

VII.

The allegations contained in Article 7 of the Complaint are denied.

VIII.

The allegations contained in Article 8 of the Complaint are denied.

IX.

The allegations contained in Article 9 of the Complaint are denied.

X.

The allegations contained in Article 10 of the Complaint are denied.

XI.

The allegations contained in Article 11 of the Complaint are denied.

XII.

The allegations contained in Article 12 of the Complaint are denied.

XIII.

The allegations contained in Article 13 of the Complaint are denied.

XIV.

The allegations contained in Article 14 of the Complaint are denied.

XV.

The allegations contained in Article 15 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XVI.

The allegations contained in Article 16 of the Complaint are denied.

XVII.

The allegations contained in Article 17 of the Complaint are denied.

XVIII.

The allegations contained in Article 18 of the Complaint are denied.

XIX.

The allegations contained in Article 19 of the Complaint are denied.

XX.

The allegations contained in Article 20 of the Complaint are denied.

XXI.

The allegations contained in Article 21 of the Complaint are denied.

XXII.

The allegations contained in Article 22 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XXIII.

The allegations contained in Article 23 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

- 4 -

XXIV.

The allegations contained in Article 24 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XXV.

The allegations contained in Article 25 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XXVI.

The allegations contained in Article 26 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXVII.

The allegations contained in Article 27 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

XXVIII.

The allegations contained in Article 28 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXIX.

The allegations contained in Article 29 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXX.

The allegations contained in Article 30 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXI.

The allegations contained in Article 31 of the Complaint are denied.

XXXII.

The allegations contained in Article 32 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXIII.

The allegations contained in Article 33 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXIV.

The allegations contained in Article 34 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XXXV.

The allegations contained in Article 35 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

- 6 -

XXXVI.

The allegations contained in Article 36 of the Complaint are denied.

XXXVII.

The allegations contained in Article 37 of the Complaint are denied.

XXXVIII.

The allegations contained in Article 38 of the Complaint are denied.

XXXIX.

The allegations contained in Article 39 of the Complaint are denied.

XL.

The allegations contained in Article 40 of the Complaint are denied.

XLI.

The allegations contained in Article 41 of the Complaint are denied.

XLII.

The allegations contained in Article 42 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XLIII.

The allegations contained in Article 43 of the Complaint are denied.

XLIV.

The allegations contained in Article 44 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

- 7 -

XLV.

The allegations contained in Article 45 of the Complaint are denied.

XLVI.

The allegations contained in Article 46 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XLVII.

The allegations contained in Article 47 of the Complaint are denied.

XLVIII.

The allegations contained in Article 48 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XLIX.

The allegations contained in Article 49 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

L.

The allegations contained in Article 50 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LI.

The allegations contained in Article 51 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LII.

The allegations contained in Article 52 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LIII.

The allegations contained in Article 53 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LIV.

The allegations contained in Article 54 of the Complaint are denied.

LV.

The allegations contained in Article 55 of the Complaint are denied.

LVI.

The allegations contained in Article 56 of the Complaint are denied.

LVII.

The allegations contained in Article 57 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LVIII.

The allegations contained in Article 58 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LIX.

The allegations contained in Article 59 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LX.

The allegations contained in Article 60 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LXI.

The allegations contained in Article 61 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LXII.

The allegations contained in Article 62 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LXIII.

The allegations contained in Article 63 of the Complaint are denied.

- 10 -

LXIV.

The allegations contained in Article 64 of the Complaint are denied.

LXV.

The allegations contained in Article 65 of the Complaint are denied.

LXVI.

The allegations contained in Article 66 of the Complaint are denied.

LXVII.

The allegations contained in Article 67 of the Complaint are denied.

LXVIII.

The allegations contained in Article 68 of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

LXIX.

The allegations contained in Article 69 of the Complaint are denied.

LXX.

The allegations contained in Article 70 of the Complaint are denied.

LXXI.

The allegations contained in Article 71 of the Complaint are denied.

LXXII.

The allegations contained in Article 72 of the Complaint  are denied.

LXXIII.

The allegations contained in Article 73 of the Complaint are denied.

LXXIV.

The allegations contained in Article 74 of the Complaint are denied.

LXXV.

The allegations contained in Article 75 of the Complaint are denied.

LXXVI.

The allegations contained in Article 76 of the Complaint are denied.

LXXVII.

The allegations contained in Article 77 of the Complaint are denied.

**FOURTH DEFENSE**

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were proximately and legally the result of superseding and intervening occurrences, acts, fault, want of care, negligence, contributory negligence, comparative negligence, or strict liability of Plaintiffs and/or other persons or entities over whom or conditions over which the Dock Board has no responsibility.

**FIFTH DEFENSE**

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were not caused or contributed to by any fault or neglect on the part of the Dock Board or on the part of anyone for whom the Dock may be responsible.

## SIXTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were caused solely by an Act of God or force majeure, namely Hurricane Katrina, for which the Dock Board is not liable.

## SEVENTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs seek the recovery of nonpecuniary damages from the Dock Board, such damages are not an available remedy to Plaintiffs.

## EIGHTH DEFENSE

**FURTHER ANSWERING**, the Plaintiffs' claims against the Dock Board are barred by laches, prescription, or by running of the applicable statute of limitations.

## NINTH DEFENSE

**FURTHER ANSWERING**, this action cannot be properly maintained as a Class action.

## TENTH DEFENSE

**FURTHER ANSWERING**, the Dock Board invokes the discretionary immunity provided for in La. R.S. §9:2798.1(B).

## ELEVENTH DEFENSE

**FURTHER ANSWERING**, to the extent that the Dock Board is found liable to Plaintiffs for any damages, which is specifically denied, then the Dock Board's liability for any such damages is limited by the provisions of La. R.S. §13:5106.

### TWELFTH DEFENSE

**FURTHER ANSWERING,** Plaintiffs have failed to mitigate their damages.

### THIRTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board specifically invokes all of the defenses and immunities provided for in La. R.S. §9:2800, specifically including, but not limited to, La. R.S. §9:2800 (H).

### FOURTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board avers that all damages as alleged by Plaintiffs were caused by risks known and consciously assumed by them and for which they can have no recovery.

### FIFTEENTH DEFENSE

**FURTHER ANSWERING,** the claims of Plaintiffs are preempted and governed by Federal law, which provides complete and absolute immunity in favor of the Dock Board for all claims asserted herein.

### SIXTEENTH DEFENSE

**FURTHER ANSWERING,** Plaintiffs have no right to assert a direct action against the Dock Board under La. R.S. §22:655. The Dock Board is not an "insurer" as that term is defined under La. R.S. §22:655. The Dock Board is not liable to plaintiffs under any alleged "Act of Assurance" or covenant.

### SEVENTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board owed no duty to plaintiffs.

- 14 -

**WHEREFORE**, the Dock Board prays that its Answer to the Complaint be deemed good and sufficient, and that after due proceedings are had there be judgment herein in favor of the Dock Board and against Plaintiffs, dismissing the Complaint, with prejudice, at the cost of Plaintiffs.

Respectfully submitted, this 17th day of November, 2006.

DAIGLE FISSE & KESSENICH, PLC

BY:     /s/ J. Fredrick Kessenich
        J. FREDRICK KESSENICH (7354)
        JONATHAN H. SANDOZ (23928)
        MICHAEL W. MCMAHON (23987)
        JON A. VAN STEENIS (27122)
        KIRK N. AURANDT (25336)
        P. O. Box 5350
        Covington, Louisiana  70434-5350
        Telephone:  985/871-0800
        Facsimile:   985/871-0899
        Attorneys for Defendant, The Board of
        Commissioners of the Port of New
        Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 17th day of November, 2006.

/s/ J. Fredrick Kessenich
J. FREDRICK KESSENICH