UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| _____ PERTAINS TO: ST. RITA: *CONLON*, CASE NO. 06-9321 _____ | * * * * | JUDGE DUVAL MAG. WILKINSON |

## **MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff, Susan Conlon, as Executrix of the Succession of Janet Rashkin, respectfully submits this memorandum in support of her Motion to Remand.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This is a case arising from the tragedy at St. Rita's Nursing Home where dozens of elderly residents drowned in Hurricane Katrina's flood waters after St. Rita's owners and employees failed to evacuate them from the facility. On May 8, 2006, Susan Conlon, granddaughter of one of the deceased residents, Janet Rashkin, and the executrix of her succession,[1] filed suit in state court against defendants, Salvador Mangano, Sr., Mabel Mangano and Buffman, Inc. d/b/a St. Rita's Nursing

---

[1] At the time of Ms. Rashkin's death, she had no living beneficiary as designated in Louisiana Civil Code Article 2315.1. Ms. Conlon, who the state court has approved as executrix of her grandmother's succession, is entitled to bring a survival action pursuant to Louisiana Civil Code Article 2315.1(B).

Home (collectively referred to as "St. Rita's").[2] Ms. Conlon sought damages for St. Rita's negligence in failing to evacuate Ms. Rashkin, and for depriving her relatives of an opportunity to evacuate her before the approach of Hurricane Katrina. St. Rita's filed an Answer and Affirmative Defenses to Ms. Conlon's Petition on July 13, 2006, along with two Exceptions.[3]

Two months later, on September 15, 2006, St. Rita's filed a "Third Party Demand" naming numerous third-party defendants, including Governor Blanco, the State of Louisiana, the President of St. Bernard Parish and the United States of America. In regard to the United States, St. Rita's alleged that the United States was negligent in constructing the Mississippi River Gulf Outlet. Specifically, St. Rita's sought indemnity and/or contribution from the United States pursuant to the Federal Torts clams Act in the event that St. Rita's was cast in judgment.

On November 2, 2006, the United States removed the entire case to this Court pursuant to 28 USC §§ 1441(a) and 1442(a).

---

[2] Ms. Conlon also named "ABC Insurance Company," a fictional designation of an actual insurance company, to be substituted with its correct name when she learns of it through the discovery process.

[3] St. Rita's filed a Peremptory Exception of No Right of Action and Dilatory Exception of Prematurity. Neither of these exceptions had been set for hearing at the time of the United States' removal of this action.

**ARGUMENT**

1. **Just Because the United States Can Remove the Entire Case Does Not Mean this Court Must Accept Jurisdiction Over the Main Demand**

Unquestionably, Ms. Conlon's original lawsuit against St. Rita's involves only state law negligence issues against non-diverse defendants, and is not subject to federal jurisdiction. However, §1442(a)(1) allows the United States to remove this entire action to federal court, even though the United States is only a third-party defendant in a contribution claim. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir. 1990).

But just because the United States can remove the entire case does not mean that this Court must accept jurisdiction over the main demand. *See IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 154, 159-160 (5th Cir. 1982). In fact, as shown below, district courts often decline jurisdiction over the main demand in similar third-party removals.

2. **The Main Demand Should be Severed From the Third-Party Claim Against the United States and Remanded Back to State Court**

**A.**

A recent case from this district, *Crocker, et al. v. Borden, Inc., et al.*, 852 F.Supp. 1322 (E.D. La. 1994), is instructive here. In *Crocker*, a group of shipyard workers had asserted state law damage claims against several defendants for injuries they suffered as a result of exposure to asbestos-containing products at Avondale Shipyards. One of the major defendants, Owens-Corning Fiberglas Corporation ("OCF"), filed a third-party claim against Westinghouse Electric Corporation ("Westinghouse") for contribution. Westinghouse then removed the entire action to federal court pursuant to 28 USC § 1442(a)(1), claiming that it was a "person" acting under the direction of a federal officer.

After deciding that Westinghouse was indeed a "person" acting under the direction of a federal officer for purposes of §1442(a)(1), the Court then analyzed whether it "has supplemental jurisdiction over the main demand, and if so, does the Court have the discretion to decline jurisdiction over the main demand, sever it from the third-party claims, and remand it to state court." *Crocker*, 852 F.Supp. at 1327.

Initially, the Court decided that it did indeed have jurisdiction over the main demand under the supplemental jurisdiction statute, 28 USC § 1367(a). The Court then held that - even though it had supplemental jurisdiction over the main demand - it could nevertheless choose to decline this supplemental jurisdiction under §1367(c)(2) and (4). These sub-parts allow a district court to decline supplemental jurisdiction if the state law claims substantially predominate over the federal claims, or if there exists compelling reasons for declining jurisdiction.

After having decided that it had the discretion to decline jurisdiction over the main demand, the Court then turned to the question of whether it <u>should</u> decline jurisdiction over the main demand and remand it separately back to state court. In order to reach its decision, the District Court considered the guiding principles of "judicial economy, convenience and fairness to the litigants." *Id.* at 1329.

**B.**

The District Court in *Crocker* observed that if the main demands were not remanded, they would be transferred to the large asbestos MDL in the Eastern District of Pennsylvania. The Court also noted that "none of the plaintiffs have asserted claims against the [federal third-party defendant]." *Id.* at 1330. The Court further remarked that the state law claims predominated over the lone third-party contribution claim. For these reasons, the Court found "as a matter of fairness to the litigants" that the main demand should be severed from OCF's third-party demand against Westinghouse and

remanded to state court. *Id.* Further, it held that OCF's federal third-party demand should be stayed until a resolution of the main demand because, as a demand for contribution, it was contingent upon the plaintiffs first prevailing in state court against OCF. *See id.* at 1331.

## C.

The instant case is remarkably similar to the situation in *Crocker*. Here, as in *Crocker*, the state law claims completely predominate over the lone third-party federal tort contribution claim against the United States. First, Ms. Conlon's main demand involves exclusively state law issues of negligence against non-diverse, local defendants. Second, none of the other third-party contribution demands against the various state agencies and St. Bernard Parish involve federal claims. Third, Louisiana state law provides an absolute defense to all of the third-party defendants here: Since 1996, Louisiana no longer allows contribution claims because it now has a complete comparative fault system that has abolished solidary liability and made each non-intentional tortfeasor liable for only his portion of fault. *See Dumas v. State Ex Rel. Dept. Of Cult., Rec.,* 2002-0563, (La. 10/15/02), 828 So.2d 530, 538. ("With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity.")[4]

Also, like in *Crocker*, Ms. Conlon has <u>not</u> made any claims against the United States or any other federal actors. Moreover, as was also the case in *Crocker*, St. Rita's federal contribution claim against the United States is completely dependent on the success of Ms. Conlon's main action; if Ms. Conlon loses in state court, then St. Rita's federal contribution claim against the United States becomes moot.

---

[4] State substantive law applies in suits brought under the FTCA. *See Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006).

Further, similar to the asbestos MDL in *Crocker*, if this case is removed to federal court, it will become just one case in the huge "In Re: Katrina Canal Breaches Litigation," which is already comprised of dozens of cases, most of which have nothing to do with the St. Rita's tragedy.[5] Finally, St. Rita's will not be prejudiced because its claim for contribution against the United States will be preserved until the resolution of plaintiff's main demand in state court. *See, e.g., Crocker,* 852 F.Supp. at 1331.

## CONCLUSION

As was the case in *Crocker*, essential fairness dictates that St. Rita's third-party contribution claim against the United States be severed from the main action and the other third-party demands, and that the main demand be remanded back to state court. And also that St. Rita's claim against the United States be stayed until the resolution of the main demand in state court.

Respectfully submitted,

**GERTLER, GERTLER, VINCENT & PLOTKIN, LLP**


S/ Louis L. Gertler
LOUIS L. GERTLER #23091
ROBERT KNIGHTS #25434
127-129 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-6411
Facsimile: (504) 581-6568
Attorney for Susan Conlon

---

[5] Conversely, in the 34th Judicial District Court, the Louisiana Supreme Court has approved an *ad hoc* judge, the Honorable Frank Foil, to preside over those cases arising from the St. Rita's disaster.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each, properly addressed and postage prepaid, or by hand delivery or FAX, on this 17th day of November, 2006

                                             S/ Louis L. Gertler