# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: | & Consol. Cases |
| Levee, Responder (O'Dwyer, No. 06-5786) | |
| | SECTION "K" (2) |
| | JUDGE DUVAL |
| | MAGISTRATE WILKINSON |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the removed Complaint originally filed by plaintiffs, Maureen O'Dwyer, et al. ("Plaintiffs"), in Civil District Court for the Parish of Orleans, respectfully avers as follows:

## FIRST DEFENSE

This Honorable Court lacks subject matter jurisdiction over this suit against the Dock Board under FRCP 12(b)(1). The Dock Board is an agency of the State of Louisiana and, as such, the Eleventh Amendment to the U.S. Constitution bars any suit against it in federal court. See also, La. R.S. §13:5106.

## SECOND DEFENSE

The Complaint against the Dock Board fails to state a claim upon which relief can be granted under FRCP 12(b)(6).

## THIRD DEFENSE

**AND NOW**, answering each and every allegation contained in the Complaint, the Dock Board responds as follows:

1.

The allegations contained in Article I of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

2.

The allegations contained in Article II of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

3.

Except to admit that The Board of Commissioners of the Port of New Orleans has been made a defendant in this action, the remainder of the allegations contained in Article III of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

4.

The allegations contained in Article IV of the Complaint are denied.

- 2 -

5.

The allegations contained in Article V of the Complaint are denied.

6.

The allegations contained in Article VI of the Complaint are denied.

7.

The allegations contained in Article VII of the Complaint are denied.

8.

The allegations contained in Article VIII of the Complaint are denied.

9.

The allegations contained in Article IX of the Complaint are denied.

10.

Except to admit that Hurricane Katrina made landfall in Louisiana on the early morning of August 29, 2006, and that flooding of the Greater Metropolitan Area, including parts of the Parishes of Orleans, Jefferson, and St. Bernard occurred, the allegations contained in Article X of the Complaint are denied.

11.

The allegations contained in Article XI of the Complaint are denied.

12.

The allegations contained in Article XII of the Complaint as they pertain to the Dock Board are denied.  The remaining allegations contained in Article XIII of the Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

- 3 -

13.

The allegations contained in Article XIII of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

14.

The allegations contained in Article XIV of the Complaint require no answer from this defendant; however, should an answer be required the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

15.

The allegations contained in Article XV of the Complaint are denied.

16.

The allegations contained in Article XVI of the Complaint are denied.

17.

The allegations contained in Article XVII of the Complaint require no answer from this defendant; however, should an answer be required the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

18.

The allegations contained in Article XVIII of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

- 4 -

19.

The allegations contained in Article XIX of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

20.

The allegations contained in Article XX of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

21.

The allegations contained in Article XXI of the Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

22.

The allegations contained in Article XXII of the Complaint are denied.

23.

The allegations contained in Article XXIII of the Complaint are denied.

24.

The allegations contained in Article XXIV of the Complaint are denied.

25.

The allegations contained in Article XXV of the Complaint are denied.

26.

The allegations contained in Article XXVI of the Complaint are denied.

27.

The allegations contained in Article XXVII of the Complaint are denied.

28.

The allegations contained in Article XXVIII of the Complaint are denied.

## FOURTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were proximately and legally the result of superseding and intervening occurrences, acts, fault, want of care, negligence, contributory negligence, comparative negligence, or strict liability of Plaintiffs and/or other persons or entities over whom or conditions over which the Dock Board has no responsibility.

## FIFTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were not caused or contributed to by any fault or neglect on the part of the Dock Board or on the part of anyone for whom the Dock may be responsible.

## SIXTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs have been damaged as alleged, which is specifically denied, then any such damages were caused solely by an Act of God or force majeure, namely Hurricane Katrina, for which the Dock Board is not liable.

## SEVENTH DEFENSE

**FURTHER ANSWERING**, to the extent that Plaintiffs seek the recovery of nonpecuniary damages from the Dock Board, such damages are not an available remedy to Plaintiffs.

## EIGHTH DEFENSE

**FURTHER ANSWERING**, the Plaintiffs' claims against the Dock Board are barred by laches, prescription, or by running of the applicable statute of limitations.

## NINTH DEFENSE

**FURTHER ANSWERING**, this action cannot be properly maintained as a Class action.

## TENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board invokes the discretionary immunity provided for in La. R.S. §9:2798.1(B).

## ELEVENTH DEFENSE

**FURTHER ANSWERING,** to the extent that the Dock Board is found liable to Plaintiffs for any damages, which is specifically denied, then the Dock Board's liability for any such damages is limited by the provisions of La. R.S. §13:5106.

## TWELFTH DEFENSE

**FURTHER ANSWERING,** Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board specifically invokes all of the defenses and immunities provided for in La. R.S. §9:2800, specifically including, but not limited to, La. R.S. §9:2800 (H).

## FOURTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board avers that all damages as alleged by Plaintiffs were caused by risks known and consciously assumed by them and for which they can have no recovery.

## FIFTEENTH DEFENSE

**FURTHER ANSWERING,** the claims of Plaintiffs are preempted and governed by Federal law, which provides complete and absolute immunity in favor of the Dock Board for all claims asserted herein.

## SIXTEENTH DEFENSE

**FURTHER ANSWERING,** the Dock Board owed no duty to plaintiffs.

**WHEREFORE,** the Dock Board prays that its Answer to the Complaint be deemed good and sufficient, and that after due proceedings are had there be judgment herein in favor of the Dock Board and against Plaintiffs, dismissing the Complaint, with prejudice, at the cost of Plaintiffs.

- 8 -

Respectfully submitted, this 17th day of November, 2006.

DAIGLE FISSE & KESSENICH, PLC

BY:    /s/ J. Fredrick Kessenich
           J. FREDRICK KESSENICH (7354)
           JONATHAN H. SANDOZ (23928)
           MICHAEL W. MCMAHON (23987)
           JON A. VAN STEENIS (27122)
           KIRK N. AURANDT (25336)
           P. O. Box 5350
           Covington, Louisiana  70434-5350
           Telephone:  985/871-0800
           Facsimile:   985/871-0899
           Attorneys for Defendant, The Board of Commissioners of the Port of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 17th day of November, 2006.

           /s/ J. Fredrick Kessenich
           J. FREDRICK KESSENICH

- 9 -