FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 15  PM 4: 32

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | **NO. 05-4182 "K" (2)** |
| | * | **JUDGE DUVAL** |
| | * | **MAGISTRATE WILKINSON** |
| | * | |
| **PERTAINS TO:     LEVEE** | * | |
| **(CASE NO. 06-8708, Josephine Richardson** | * | |
| | * | |

## ST. PAUL FIRE AND MARINE COMPANY'S ANSWER
## TO PLAINTIFF'S PETITION FOR DAMAGES, WRONGFUL DEATH
## AND SURVIVAL ACTION WITH TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), which for its Answer to the Petition for Damages,

Wrongful Death and Survival Action with Trial by Jury (the "Petition") filed by Josephine

Richardson, individually and on behalf of her deceased husband, Joseph Richardson, (the

"Plaintiff"), respectfully responds to the particular paragraphs of the Petition as follows:

The first Paragraph of the Petition contains no factual allegations directed at St. Paul or

any other party, but only identifies the party who is named Plaintiff in this suit.  Consequently,

this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be

deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient

information to justify a belief as to the truth of the matters asserted therein.

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No___

1.

Sub-parts a., b., e. and f. of Paragraph 1 are not directed at St. Paul or its insured, the Board of Commissioners for the Orleans Levee District (the "OLD"), and, therefore, no response from St. Paul is required. To the extent a response from St. Paul to these sub-parts may be deemed necessary, St. Paul denies the allegations in these sub-parts for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. In response to sub-part c. of Paragraph 1, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein, that it is a foreign insurer authorized to do and doing business within the State of Louisiana, and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.

2.

The assertions in Paragraph 2 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph.

3.

St. Paul denies the allegations in Paragraph 3 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

4.

St. Paul denies the allegations in Paragraph 4 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

5.

St. Paul denies the allegations in Paragraph 5 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

6.

There is no Paragraph 6 in the Petition.

7.

St. Paul denies the allegations in Paragraph 7 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

8.

St. Paul denies the allegations in Paragraph 8 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

9.

St. Paul denies the allegations in Paragraph 9 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

St. Paul denies the allegations in Paragraph 10 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

11.

The assertions in Paragraph 11 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, and to the extent these allegations are directed at other parties, St. Paul denies these allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent these allegations are directed at St. Paul, they are denied.

3

12.

To the extent the allegations of Paragraph 12 are directed at parties other than St. Paul, they are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent these allegations are directed at St. Paul, they are denied.

13.

To the extent the allegations of Paragraph 13 are directed at parties other than St. Paul, they are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent these allegations are directed at St. Paul, they are denied.

14.

In response to the allegations of Paragraph 14, St. Paul responds to each sub-part as follows:

a.      The assertions in sub-part a. of Paragraph 14 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul affirmatively asserts that the statutory provision paraphrased in part by the Plaintiff, La. R.S. 38:307(A)(1), is the best evidence of its terms.

b.      St. Paul denies the allegations in sub-part b. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

c.      St. Paul denies the allegations in sub-part c. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

d.      The assertions in sub-part d. of Paragraph 14 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

4

e.      The assertions in sub-part e. of Paragraph 14 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

f.      St. Paul denies the allegations in sub-part f. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

g.      The assertions in sub-part g. of Paragraph 14 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

h.      St. Paul denies the allegations in sub-part h. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

i.      St. Paul denies the allegations in sub-part i. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

j.      St. Paul denies the allegations in sub-part j. of Paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

k.      The assertions in sub-part k. of Paragraph 14 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

The allegations of Paragraph 15, including its sub-parts, are directed at parties other than St. Paul and, therefore, require no response.  To the extent a response is deemed necessary, these

5

allegations are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

The allegations of Paragraph 16, including its sub-parts, are directed at parties other than St. Paul and, therefore, require no response.  To the extent a response is deemed necessary, these allegations are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

Paragraph 17 contains no factual allegations directed at St. Paul, but only a request for jury trial.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph.

18.

The assertions in Paragraph 18 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, and these allegations are directed at St. Paul, they are denied.  To the extent these allegations are directed at other parties, they are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

The assertions in Paragraph 19 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

6

20.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief.  Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiff.

**AND NOW,** in further answer to the Complaint, St. Paul asserts the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

### SECOND DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiff (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiff.

### THIRD DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners for the Orleans Levee District and/or The New Orleans Levee District in its Answer to the Plaintiff's Complaint (or in any supplemental or amending Answer) to the extent such defenses are not inconsistent with any of the defenses asserted herein.

### FOURTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

## FIFTH DEFENSE

If the Policy provides any primary insurance coverage for Plaintiff's claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form. None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiff's claims.

## SIXTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiff alleges liability are not "protected persons" within the meaning of the Policy.

## SEVENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was not caused by an "event" within the meaning of the Policy.

## EIGHTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition does not constitute damages for "bodily injury" or "property damage" within the meaning of the Policy.

## NINTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiff is something other than an amount that a protected person under the

Policy is legally obligated to pay as damages for covered property damage that happened while the Policy was in effect and that was caused by an event.

## TENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## ELEVENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Medical expenses of certain persons" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Petition is excluded by the "Pollution injury or damage" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

## FOURTEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

## FIFTEENTH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

## SIXTEENTH DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## SEVENTEENTH DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

## EIGHTEENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Petition was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## NINETEENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the insured under the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTIETH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Petition.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by the contributory and/or comparative fault or negligence of Plaintiff or the decedent.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent Plaintiff, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent Plaintiff's claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-FIFTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Petition.

## TWENTY-SIXTH DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or

11

deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

### TWENTY-NINTH DEFENSE

The Petition is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St. Paul has in response to the Petition. St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Petition once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiff, dismissing all of the claims of the Plaintiff against St. Paul, with prejudice, at Plaintiff's cost.

Respectfully submitted,

JOSEPH P. GUICHET, T.A., Bar #24441
RALPH S. HUBBARD III, T.A., Bar. #7040
APRIL R. ROBERTS, Bar # 30821
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via U.S. mail, postage prepaid, this 15th day of November, 2006.