FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 16  PM 1: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL WILKINSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 06-9097 |
| | * | |
| ALLSTATE INSURANCE COMPANY, | * | SECTION: K |
| AND GREGORY RUIZ AGENCY | * | |
| | * | MAGISTRATE: 2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company ("Allstate"), who responds and answers Plaintiff's petition as follows:

**A.**

### AFFIRMATIVE DEFENSES

First Defense.

Plaintiff has been fully compensated for all covered losses under his homeowner's policy.

Second Defense.

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____

1

Third Defense.

Plaintiff's claims are barred, in whole or in part, because his policy specifically excludes coverage for loss, *inter alia*, consisting of or caused by flood, "including, but not limited to surface water, waves, tidal water or overflow of body of water, or spray from any of these, whether or not driven by wind"

Fourth Defense.

Plaintiff's claims are barred, in whole or in part, because his policy specifically excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" to produce a loss; and excludes loss when there are two or more causes of loss to property and the predominant cause of loss is excluded."

Fifth Defense.

Plaintiff's claims are barred, in whole or in part, because his policy specifically excludes coverage for loss caused, *inter alia*, by faulty, inadequate, or defective planning, construction or maintenance of property "whether on or off the residence premises by any person or organization."

Sixth Defense.

If Plaintiff's suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not Allstate.

Seventh Defense.

Plaintiff's claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in his Allstate policy.

Eighth Defense.

To the extent that monies recoverable under Plaintiff's policy are payable to a mortgagee or other third-party (collectively, "Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of their interest.

Ninth Defense.

The Louisiana Valued Policy statute, La. R.S. 22:695(A), does not apply to Plaintiffs' homeowner insurance policy or their claims in this action. *See* Slip Opinion, *Chauvinet al. v. State Farm fire & Cas. Co. et al.*, No. 05-6454, Rec. doc. No. 20 (E.D. La. Aug. 2, 2006).

Tenth Defense.

Plaintiff's claims are subject to application of the Hurricane Deductible as set forth in his homeowner's policy.

Eleventh Defense.

To the extent that Plaintiff has previously agreed to fully compromise or resolve his claims, whether Allstate or with a third-party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

Twelfth Defense.

Allstate states that its investigation into the claims and defenses in this action continues, and it expressly reserves the right to modify, amend and/or supplement its defenses to this Complaint.

## B.

## ANSWER

**AND NOW,** responding to the specific allegations of the petition, Allstate further states as follows:

Allstate denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

### I.

To the extent that an answer is required by your Defendant of Paragraph I, Defendant denies for lack of sufficient information to justify a belief therein.

### II.

Except as expressly admitted herein, Allstate denies the allegations of Paragraph II. Allstate admits that it is a foreign insurance company authorized to do and doing business in the Parish of St. Bernard, State of Louisiana.

### III.

The allegations of Paragraph II are denied. The Louisiana Code of Civil Procedure is not applicable to this federal court proceeding. However, venue is proper in this Court pursuant to 28 U.S.C. 1391 as the property and events in question occurred in St. Bernard Parish, which is within jurisdiction of this Court.

### IV.

The allegations of Paragraph IV are denied.

V.

The allegations of Paragraph V are denied for lack of sufficient information to justify a belief therein.

VI.

Except as *expressly admitted herein*, Allstate denies the allegations of Paragraph VI. Allstate admits that on or about August 29, 2005, Hurricane Katrina affected the greater New Orleans area.

VII.

The allegations of Paragraph VII are denied.

VIII.

The allegations of Paragraph VIII are denied.

IX.

The allegations of Paragraph IX are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph X are denied for lack of sufficient information to justify a belief therein.

XI.

Except as expressly admitted herein, the allegations of Paragraph XI are denied. You Defendant admits that Plaintiff has made a claim for his damages.

XII.

The allegations of Paragraph XII are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph XIII are denied.

XIV.

The allegations of Paragraph XIII are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph XIII are denied.

XVI.

The allegations of Paragraph XIII are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph XVII are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph XVIII are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph XIX are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of Paragraph XX are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph XXI are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph XXII are denied. Allstate specifically denies that the Louisiana Valued Policy statute, La. R.S. 22:695(A), applies to any of its homeowner insurance policies or Plaintiff's claims in this action. *See* Slip Opinion, *Chauvinet al. v. State Farm fire & Cas. Co. et al.*, No. 05-6454, Rec. doc. No. 20 (E.D. La. Aug. 2, 2006).

XXIII.

The allegations of Paragraph XXIII are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph XXIV are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph XXV are denied.

XXVI.

The allegations of Paragraph XXVI are denied.

XXVII.

The allegations of Paragraph XVII are denied.

XXVIII.

The allegations of Paragraph XVIII are denied.

XXIX.

The allegations of Paragraph XXIX are denied.

XXX.

The allegations of Paragraph XXX are denied. Allstate specifically denies that the Louisiana Valued Policy statute, La. R.S. 22:695(A), applies to any of its homeowner insurance policies or Plaintiff's claims in this action. *See* Slip Opinion, *Chauvinet al. v. State Farm fire & Cas. Co. et al.*, No. 05-6454, Rec. doc. No. 20 (E.D. La. Aug. 2, 2006).

XXXI.

The allegations of Paragraph XXXI are denied.

XXXII.

The allegations of Paragraph XXXII are denied.

XXXIII.

The allegations of Paragraph XXXIII are denied.

XXXIV.

To the extent that an answer is required by your Defendant of Paragraph XXXIV, Defendant denies for lack of sufficient information to justify a belief therein.

### XXXV.

To the extent that an answer is required by your Defendant of Paragraph XXX, Defendant denies for lack of sufficient information to justify a belief therein.

### XXXVI.

No answer is deemed necessary in response to Plaintiff's Prayer. To the extent an answer is deemed necessary, Plaintiff's Prayer is denied.

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Honorable Court dismiss all claims of the Plaintiff with prejudice and with all costs and expenses being taxed to Plaintiff.

Respectfully Submitted,

GLENN B. ADAMS (#2316)
MICHAEL W. COLLINS (#29129)
PORTEOUS, HAINKEL, & JOHNSON, LLP
704 Carondelet Street
New Orleans, Louisiana 70130-3774
Telephone: (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
Attorneys for Allstate Insurance Company

### CERTIFICATE OF SERVICE

I do hereby certify that I have this 16TH day of November, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same by United States Mail, properly addressed and first class postage prepaid, and/or by facsimile service.

GLENN B. ADAMS
MICHAEL W. COLLINS

9