# UNITED STATES DISTRICT COURT

# EATERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL WILKINSON** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO: 06-9097** |
| | * | |
| **VERSUS** | * | **SECTION "K"** |
| | * | **JUDGE DUVAL** |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **DIVISION (2)** |
| **And GREGORY RUIZ AGENCY** | * | **MAGISTRATE JUDGE WILKINSON** |
| | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Plaintiff, Daniel Wilkinson, respectfully moves this Court to remand the above captioned matter to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, from which it was improperly removed to this Court by defendants, Allstate Insurance Company ("Allstate") and Gregory Ruiz Agency ("Ruiz") and respectfully submits this memorandum in support of his request.

## 1. INTRODUCTION

Plaintiff filed his petition on August 28, 2006 in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana against his homeowner's policy insurer, Allstate, and

against his insurance agent, Ruiz. There are no other defendants in this matter. He alleged various state law claims against both defendants.

On October 26, 2006, Allstate and Ruiz removed this action, alleging that this Honorable Court has jurisdiction on the basis that plaintiff's claims raise a federal question and that there is complete diversity herein.

## 2.    ALLSTATE'S BASES FOR FEDERAL JURISDICTION

Allstate bases its removal motion on 28 U.S.C. §1332 - Complete Diversity due to Improper Joinder of defendant Ruiz. Specifically, Allstate alleges that joinder is improper here on the following grounds:

      a.   Peremption of plaintiff's claim under La. Rev. Stat. 9:5606(A).

      b.   Failure to allege a state a claim against Ruiz.

      c.   No relationship between allegations against Ruiz and Allstate.

Plaintiff stipulates that his petition meets the amount in controversy requirement because it exceeds $75,000.00

## 3.    LEGAL STANDARD

Federal Courts are courts of limited jurisdiction. *Kokkomen v. Guardian Life Ins. Co. of America,* 511 U.S. 375. 377 (1994). There is a presumption that a case lies outside this limited jurisdiction. *Id.* Motions to remand to state court are governed by 28 U.S.C. §1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F.Supp.2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995)). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande,* 206 F.Supp.2d at 817, (citing *Cavallini,* 44 F.3d at 264).

Moreover, removal statutes are to be strictly construed and any doubt as to the propriety of removal is to be resolved in favor of remand. Carpenter *v. Wichita Falls Independent School District,* 44 F.3d 363 (5th Cir. 1995); *Butler v. Polk,* 592 F.2d 1293 (5th Cir. 1979). Plaintiff's petition shows that his claims are based in state law, that there is not complete diversity herein, and that the claims asserted do not raise a federal question.

## 4.   NO FRAUDULENT OR IMPROPER JOINDER

### (a) Legal Standard Regarding Joinder

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." The party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.,* 385 F.3d 568, 573 (5th Cir.2004 (*en banc*)(citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir.2003); See also, *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981).

Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Smallwood,* 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir.1993)). Furthermore, the Fifth Circuit has stated

that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.,* 1997 WL 785668, \*2 (E.D.La.2003) (citing, *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or cannot state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline,* 206 F.Supp.2d 815, 817 (E.D.La.2002) (citing, *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 595 (M.D.La.1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande,* 206 F.Supp.2d at 819 (citing *B., Inc.,* 663 F.2d at 545).

A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.: See *Smallwood,* above, at 646-47. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood,* 352 F.3d at 222.

**(b) Plaintiff's claims are not preempted under LSA-R.S. 9:5606(A)**

Allstate alleges that the claims against Ruiz are perempted under LSA-R.S. 9:5606 [1] and

states that there is a one-year preemptive period under the statute. However, Allstate omits to

remind the Court that this statute has both a one-year period <u>and</u> a three-year preemptive period.

LSA-R.S. 9:5606 provides in pertinent part:

A. No action for damages against any insurance agent, broker, solicitor, or other similar
licensee under this state, whether based upon tort, or breach of contract, or otherwise,
arising out of an engagement to provide insurance services shall be brought unless filed
in a court of competent jurisdiction and proper venue *within one year from the date of the
alleged action, omission, or neglect*, or *within one year from the date that the alleged act,
omission, or neglect is discovered or should have been discovered*. However, even as to
actions filed within one year from the date of such discovery, in all events such *actions
shall be filed at the latest within three years from the date of the alleged act*, omission, or
neglect.

By the clear words of the statute, the preemptive period begins "within one year from the

date that the alleged act, omission, or neglect is discovered or should have discovered."

Plaintiff purchased his homeowner's insurance policy in July 28, 2004, when he bought a

newly built house. He avers that he had no knowledge of Ruiz's actions, omissions or neglect

until after Hurricane Katrina, when Allstate began its refusal to honor his claims. Thus, the

operative date for his discovery of Ruiz's actions should be – at a minimum Hurricane Katrina's

August 29, 2005 landfall.

Plaintiff filed suit on August 28, 2006. By any count, this is within one year of the time

he discovered Ruiz's misconduct and negligence.

As a result, plaintiff suggests that there is a reasonable possibility under Louisiana law

that his claims against Ruiz are not perempted by the one-year or the three-year preemptive

period.

Further, even taking the actual purchase date of his homeowner's policy, that is, July 28, 2005, plaintiff filed suit against Ruiz within the statute's three-year preemptive period. The fact that two years remain on the statute's three-year preemptive period creates a presumption that there is reasonable possibility under Louisiana law that plaintiff's claims against Ruiz are not preempted under the statute.

Of course, Allstate can argue that plaintiff should have discovered the alleged actions, omissions or neglect sooner than August 29, 2005. Plaintiff recognizes that under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.,* 665 So.2d 683, 686, 27,658 (La.App.12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America,* 478 So.2d 634, 637 (La.App. 2 Cir.1985); *Perkins v. Shelter Ins. Co.,* 540 So.2d 488 (La.App. 1 Cir.1989)).

In response, plaintiff asserts that he relied on Ruiz's counsel and attention in procuring his insurance. Because of his reliance on Ruiz's advice, plaintiff was lulled into complacency by Ruiz's representations and misrepresentations. Plaintiff avers that he will be able to establish that his reliance was well-founded, regardless of the actual language of the policy, and that he is excused from any failure to discover the problem earlier.

For these reasons, plaintiff contends that Allstate has not met its double burden to establish:

1. That "there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against" Ruiz, OR

2. That there is "no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against" Ruiz.

**(c) Plaintiff has stated a claim against Ruiz under state law.**

Allstate claims that plaintiff's allegations "do not state a claim against Ruiz." Specifically, Allstate insists that Ruiz owed no fiduciary duty to plaintiff to advise him about the need for or the availability of particular insurance coverage. Allstate admits that an insurance agent can assume such a duty by inducing a client's justifiable reliance on the agent's representations about its coverage.

Allstate claims that plaintiff has made no allegations that Ruiz assumed this duty, that he bound himself personally, or that his representations were false.

Contrary to Allstate's position, plaintiff has alleged very specific acts of negligence against Ruiz, including, that he:

1. Breached his fiduciary duties to plaintiff in failing to provide and secure appropriate and adequate coverage;

2. Failed to advise petitioner that a storm surge which broke levees would not be covered under the policy;

3. Failed to inform plaintiff of his homeowner's policy limitations and exclusions;

4. Failed to secure the proper amount of homeowner's insurance;

5. Other acts of negligence to be shown at trial.

Further, plaintiff avers that Ruiz assumed a duty to advise him about the availability or limits of coverage. Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973)).

An insurance agent has a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. See *Venture Assocs. Inc. of La. v. Trans. Underwriters of La.* 634 So.2d 4, 6-7 (La.Ct.App. 1994).

If the agent's actions warrant a client's assumption that he has the desired insurance coverage, a client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.*

In *Southern*, the Court noted that an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id*, (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La.Ct.App.06/26/02)).

Plaintiff avers that Ruiz assumed such a greater duty to him. Specifically, at his initial purchase of the Allstate homeowner's policy, plaintiff met with Ruiz to discuss his needs and the various coverages available. At this time they discussed what types and kinds of coverage would be the necessary and proper insurance coverage for plaintiff. These facts establish a prima facie case that Ruiz assumed a greater duty to him than merely procuring insurance.

Plaintiff recognizes that the Fifth Circuit has held that in those instances in which an insurance agent assumed a duty to his client, in order to state a claim against the agent under Louisiana law, the agent's complained of conduct must be a cause in fact of the harm for which plaintiff seeks recovery. See *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199 (5th Cir.

1990).  It is almost black letter law that an act is a cause in fact of an injury when the harm would not have occurred, "but for" the act.

Plaintiff asserts that Ruiz's omissions and misrepresentations unfairly induced him into purchasing Allstate's policy.  Further, that Ruiz provided negligent professional advice, failed to adequately explain coverage gaps, and provided misleading documentation regarding coverage.  But for Ruiz's misconduct, plaintiff would not have purchased the Allstate Homeowner's policy, and thus would not have sustained the damages complained of herein.  Ruiz's misconduct is the cause in fact of the harm plaintiff suffered.

For these reasons, plaintiff suggests that Allstate has not established that there is no reasonable basis for his state law claims against Ruiz.

### (d) Plaintiff's allegations against Ruiz and Allstate are interrelated.

Allstate claims that Ruiz was improperly joined because the actions against them sound in tort while the claims against Allstate lie in contract.

Plaintiff disagrees.  Plaintiff avers that Ruiz is properly joined because this action seeks recovery for the same injury, that is, fraudulent inducement to purchase, material misrepresentations about Allstate's substantive insurance coverage and its claims-handling process.  The claims against both defendants arise out of the same basic facts and occurrence.

Plaintiff further avers that there is a "palpable connection" between Ruiz and Allstate, starting with their uncontroverted relationship as employer-employee and/or principal/agent.

In *Southern Athletic Club, LLC, v. The Hanover Insurance Company, et al*, 2006 WL 2583406 (E.D.La. 2006), Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La.2006) to find that there was no fraudulent joinder.  Those cases both had

only one plaintiff who was suing an insurance company, one adjustor and the insurance agent.
Each Court found that there was a real connection between the claims and the parties, because
the plaintiff sought recovery for the same injury. Even though the facts of these cases are not
directly on point with plaintiff's action, the reasoning employed by both courts is applicable
here.

In the instant case, there is one plaintiff is suing his insurance agent and his insurer. All
of the claims arise out of the homeowner's insurance coverage that plaintiff obtained from Ruiz,
issued by Allstate.

For these reasons, plaintiff suggests that Ruiz is not fraudulently joined and that diversity
jurisdiction is lacking.

**(e)  Amount in controversy does exceed $75,000.00**

Plaintiff acknowledges that the amount in controversy exceeds $75,000.00.

## 6. CONCLUSION

Plaintiff respectfully suggests that that there is no fraudulent or misjoinder of defendant
Ruiz, due to:

(1) Plaintiff's state law claims against Ruiz are not preempted; plaintiff filed his petition

within both the one-year and the three-year preemptive periods provided in La. Rev.

Stat.  9:5606.

Based on this, Allstate has not met its burden to show that "there is no arguably

reasonable basis for predicting that the local law would recognize the cause of action

pled against" Ruiz, or that there is "no arguably reasonable basis for predicting that

the plaintiff would produce sufficient evidence to sustain a finding necessary to

recover against" Ruiz.

(2) Plaintiff has articulated a state cause of action against Ruiz. Under Louisiana law, an

insurance agent has a general duty use reasonable diligence in attempting to place the

insurance requested and to promptly notify the client if he has failed to obtain the

insurance requested. Plaintiff has alleged that Ruiz breached that duty.

(3) The causes of action against Allstate and Ruiz spring from the same occurrence and

set of facts and are based on the same injury. Further, there is a "palpable connection"

between Ruiz and Allstate, including, but not limited to their uncontroverted

relationship as employer-employee and/or principal/agent.

For the reasons, plaintiff respectfully requests that this Honorable Court remand this

matter to the state court.

Dated: November 17, 2006

Respectfully submitted,

*Frances M. Olivier*

FRANCES M. OLIVIER, (La. #17895)
**ATTORNEY FOR PLAINTIFF**
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (504) 739-2438 Fax: (504) 739-2469

### CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, a copy of the above and foregoing Motion to Remand and supporting documentation has been served upon all counsel of record in this matter by placing the same in the U.S. Mail, first class postage prepaid and properly addressed, by facsimile and/or by electronic mail using the CM/ECF.

*Frances M. Olivier*

Frances M. Olivier