UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH SCOTT** | * | **No. 06-5886** |
| **VERSUS** | * | **JUDGE: Sarah S. Vance** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION: "R"** |
| | * | **MAGISTRATE: 5** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES AND EXPENSES

**MAY IT PLEASE THE COURT:**

Defendant State Farm Fire & Casualty Company (hereinafter State Farm) removed this case on the alleged basis of original jurisdiction under 28 U.S.C. §1369 the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA"), and 28 U.S.C. §1441(e)(1). This Honorable Court, has previously ruled that the MMTJA is inapplicable to Hurricane Katrina. *Berry v. Allstate Ins. Co.*, Slip Copy, No. 06-4922 WL 2710588 (E.D. La. 9/19/2006) (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16,

2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006). Nevertheless, State Farm has removed this case for no other reason than to cause unnecessary delay and increased expense to the Plaintiff.

## I. BACKGROUND

Like so many others in the New Orleans metropolitan area, Plaintiff, Keith Scott was not fully compensated for claims made under his homeowners' insurance policy following Hurricane Katrina. After nearly a year of multiple adjusters, false promises, lost paperwork, and meaningless mediation, Mr. Scott filed suit in the Civil District Court for the Parish of Orleans against State Farm alleging damages, penalties, and attorneys' fees.

## II. STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statute must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); *see also Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2

(E.D. La. Aug. 14, 1995). Doubts concerning removal must be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); see also *Smith Lupo Williams Partners vs. Carter,* Civil Action # 06-2808, 2006 WL 2548255 (E.D. La.).

### III. SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §1369(a)

In its Notice of Removal, State Farm asserted that this Honorable Court has original jurisdiction over any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States ; or (3) substantial parts of the accident took place in different States.

An "accident" for purposes of the MMTJA must be "a sudden accident, or a natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)(4). When Congress enacted the MMTJA, it was intended to provide a federal forum for mass accidents such as plane crashes, train crashes, and hotel fires that occur at a discrete location. *See* 147 Cong. Rec. H893-01; 137 Cong. Rec. E1923-02 (1991).

However, State Farm seeks to expand the MMTJA to include post Hurricane Katrina insurance claims.

Louisiana courts have established that a hurricane is a natural event – an "Act of God" or a *"force majeure"* – and not an "accident." *Terre Aux Boeufs Land Co., Inc. V. J.R. Gray Barge Co.*, 803 So.2d 86, 92 (La. App. 4th Cir.2001). An "Act of God" is defined as a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ. *Rector v. Hartford Accident & Indem. Co.*, 120 So.2d 511, 522 (La. App. 1st Cir.1960).

An accident as opposed to an "Act of God" generally involves human agency, and its effects therefore can be avoided by the exercise of reasonable prudence, diligence, and care. In contrast, Hurricane Katrina developed over the course of many days, crossing the boundaries of Florida and the Gulf of Mexico, before striking Louisiana, Mississippi, and Alabama. No amount of reasonable prudence, diligence, or care could have spared the people of the Gulf Coast from Hurricane Katrina's fury. Such an event is easily distinguished from the plane crashes, train crashes, and hotel fires contemplated by Congress during the passage of the MMTJA.

Although it is undisputed that more than 75 persons died as a result of Hurricane Katrina and its aftermath, this Honorable Court has clearly determined that such deaths did not occur at a discrete location from a single incident attributable to Hurricane Katrina. *Berry v. Allstate Ins.*

*Co.*, Slip Copy, 06-4922 WL 2710588 (E.D. La. 9/19/2006) (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.). Hurricane Katrina injured and killed people in Florida, Mississippi, Alabama, and Louisiana. As recognized by this Court, the 108,456-square-mile[1] area affected by Hurricane Katrina is not a "discrete location" by any definition.

Furthermore, in *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) and *So. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006), Judges Duval and Lemmon rejected the argument that Hurricane Katrina was an "accident" for purposes of the MMTJA. *Berry*, 2006 WL 2710588, * 3, n. 1. In fact, no court thus far has concluded that Hurricane Katrina was an "accident" for purposes of §1369(a), including the Fifth Circuit in *Wallace v. Louisiana Citizens Property Insurance Company*, 444 F.3d 697 (5th Cir. 2006); *Berry*, 2006 WL 2710588, * 3.

Prior to Hurricane Katrina, the only reported case interpreting the MMTJA arose from a tragic fire at a Rhode Island nightclub in which more than one hundred patrons died. *Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I. 2004). A tragic night club fire is easily distinguishable from Hurricane Katrina in so much as a fire involves human agency and could have been "avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation render[ed] reasonable to employ." *Id.* Indeed, it is precisely this type of

---

[1] *See 2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 7/6/06).

failure to exercise reasonable prudence, diligence and care by plane manufacturers, train operators, and nightclub owners that bring about the plane crashes, train crashes, and fires that trigger MMTJA jurisdiction. By contrast, a failure by State Farm to exercise reasonable prudence, diligence, and care did not cause the tragic events of Hurricane Katrina. As such, an assertion of subject matter jurisdiction in this case pursuant to MMTJA is absurd.

In summary, this action arises from a contract dispute over insurance coverage for hurricane damage to Plaintiff's home. This case has absolutely nothing to do with plane crashes, train crashes, night club fires, or any other event that would trigger MMTJA jurisdiction. State Farm's assertion that "[m]ore than 75 persons died at a discrete location as a result of Hurricane Katrina" is insufficient to establish this jurisdictional prerequisite. Accordingly, the essential elements of §1369 have not been established and for these reasons this case must be remanded for lack of subject matter jurisdiction.

## IV. JURISDICTION UNDER 28 U.S.C. §1441(e)(1).

State Farm also premised its removal on 28 U.S.C. §1441(e)(1), which provides in relevant part:

> "[a] defendant in a civil action in a State Court may remove the action to the district court for the district and division embracing the place where the action is pending if – (a) the action could have been brought in a United States district court under section 1369 of this title; or (b) the defendant is a party to an action which is or could have been brought, in whole or part, under section 1369 in a United States district court and arises from the same accident as the action in State Court, even if the action to be removed could not have been brought in a district court as an original matter."

As previously stated, this case <u>could not</u> have been brought under 28 U.S.C. §1369, because it does not "arise from a single accident, where at least 75 natural persons died in the accident at a discrete location." 28 U.S.C. §1369(a). Thus, an assertion of federal subject matter jurisdiction pursuant to 28 U.S.C. §1441(e)(1)(a) is equally meritless.

State Farm argues alternatively that removal is proper under 28 U.S.C. §1441(e)(1)(b) because it is a defendant in *Chauvin v. State Farm Fire and Casualty Company*, No. 05-6454, in the Eastern District of Louisiana, c/w *Williams v. State Farm Fire and Casualty Company*, No. 06-0177-R-5 and *Chehardy et al v. Wooley*, c/w No. 05-1140 and 05-1163 in the Middle District of Louisiana. According to State Farm, "because *Chehardy* has been removed to federal court under 28 U.S.C. 1369 and 28 U.S.C. 1441 (e)(1)(a), and *Chauvin* could have been brought under 28 U.S.C. 1369, other cases arising out of the same accident (supposedly Hurricane Katrina) involving defendant State Farm Fire and Casualty Company may also be removed to federal court under 28 U.S.C. 1441 (e)(1)(b), even if there is no original jurisdiction under 28 U.S.C. §1369." This argument fails for several reasons.

First and contrary to State Farm's erroneous assertion, the *Chauvin* case could not have been brought under 28 U.S.C. 1369 for the reasons previously discussed in this memorandum. In fact, *Chauvin* was filed in federal court as an original matter under 28 U.S.C. §1332(a) (diversity jurisdiction), and 28 U.S.C. §1332(d)(2) (The Class Action Fairness Act). Jurisdiction under §1369 could not have been sustained in *Chauvin*.

Having dismissed the *Chauvin* argument, pursuant to 28 U.S.C. 1441 (e)(1)(b), this Court must analyze whether this case "arises from the same accident" as *Chehardy*. *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir. 3/31/06). However, the basis for removal in *Chehardy* is distinguishable from the facts of the instant matter.

In *Flint*, 2006 WL 2375593, at *2 n.4, Judge Duval recognized that the *Chehardy* action was based upon damages resulting from the levee breaches that followed Hurricane Katrina. *Flint*, 2006 WL 2375593, at * 2 n. 4. In contrast, no allegations of damage resulting from the levee breaches has been made by Plaintiff. Instead, Plaintiff's claim stems from wind related damage. Likewise, State Farm makes no reference to levee breaches in its Notice of Removal. Instead, State Farm contends that Hurricane Katrina is the relevant "accident" that triggers this Court's subject matter jurisdiction.

Additionally, the levee breaches occurred AFTER Hurricane Katrina passed. These levee breaches were caused by man-made errors and only inferentially by the hurricane. Under State Farm's logic any ripple effect of the hurricane whether that being in New York or Los Angeles would come under this statute. As this Court has previously stated in *Wallace v. Louisiana Citizens*, 06-0114, "[i]f every Katrina case goes to *Chehardy* you'll have a nightmare."[2]

Further, Plaintiff points out that State Farm has cited *Wallace* in support of its removal petition. However, the Honorable Marcel Livaudais, Jr. in *Wallace v. Louisiana Citizens*

---

[2] *See* February 15, 2006 Order and Reasons (Rec. Doc. 21) and June 7, 2006 Order and Reasons (Rec. Doc. 58).

*Property Ins. Corp.*, Civil Action No. 06-0114 (Closed/Remanded), has now twice rejected arguments identical to those made by State Farm in this case.[3] Defendants in *Wallace* appealed both of Judge Livaudais's remand orders. In the first appeal, the United States Court of Appeals for the Fifth Circuit vacated Judge Livaudais's remand order insofar as it applied mandatory abstention under 28 U.S.C. § 1369(b) to actions removed under 28 U.S.C. §1441(e)(1)(B). *See Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697 (5th Cir. 2006). The Fifth Circuit remanded with instructions to the district court to conduct a §1441(e)(1)(b) analysis to determine whether *Wallace* arose "from the same accident" as *Chehardy, et al. v. Wooley*, consolidated cases No. 05-1140 and 05-1163. Judge Livaudais conducted a § 1441(e)(1)(b) analysis according to the Fifth Circuit's mandate, and held that defendants had failed to meet their burden of establishing federal subject matter jurisdiction under 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(b). The *Wallace* defendants filed petitions for writs of mandamus, or alternatively appeals, asking the Fifth Circuit to vacate Judge Livaudais' second remand order. On August 2, 2006, the Fifth Circuit issued an order[4] denying defendants' petitions.

## V. CONCLUSION

As previously detailed, State Farm, as the removing party, bears the "heavy" burden of showing that federal jurisdiction exists and that removal was proper. Doubts concerning removal

---

[3] *See* February 15, 2006 Order and Reasons (Rec. Doc. 21) and June 7, 2006 Order and Reasons (Rec. Doc. 58).

[4] *See* August 2, 2006 Order.

are to be construed against removal and in favor of remand to state court. The removal statute must be strictly construed.

State Farm has failed to meet its burden because the jurisdictional prerequisites have not been established. State Farm has improperly removed this state court action on the pretense that it arose from a "single accident" at a "discrete location" where at least 75 people died. Illogical arguments and assertions based "upon information and belief" are insufficient to establish federal jurisdiction. Accordingly, Plaintiff respectfully urges this Honorable Court to remand this case back to the Civil District Court for the Parish of Orleans with an award of attorneys' fees and costs to Plaintiffs.

Respectfully Submitted:

JOSEPH E. "JED" CAIN, La. Bar No. 29785
HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113
*Temporary Address:*
201 St. Charles Ave., Suite 4310
New Orleans. LA 70170
Telephone: (504) 581-4892
Fax No. (504) 561-6024

**ATTORNEY FOR PLAINTIFF
KEITH SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion has been served on all counsel of record by placing a copy of same in the U.S. Mail, properly addressed and postage pre-paid, this 10 day of October, 2006.

JOSEPH E. CAIN