UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES and REBECCA WALLACE, ET AL                    CIVIL ACTION

versus                                              NO.  06-0114

LOUISIANA CITIZENS PROPERTY                         SECTION: E/1
INSURANCE CORPORATION, ET AL

### ORDER AND REASONS

This matter is before the Court on plaintiffs' (collectively "Wallace") second motion to remand, record document #42. Defendants, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company, ANPAC Louisiana Insurance Company and Louisiana Citizens Property Insurance Corporation have filed motions to transfer this matter.  The matter was considered on the briefs on June 7, 2006.  For the reasons that follow, Wallace's second motion to remand is **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This is a Class Action Petition by property owners in Plaquemines Parish against several Louisiana insurers regarding whether the plaintiffs are entitled to recover the full value stated on the face of their insurance policies for the total loss of their insured property as a result of Hurricane Katrina, pursuant to Louisiana law.  The lawsuit is brought solely



pursuant to state law, La.R.S. 22:695(A) of the State Insurance
Code, known as the "Valued Policy Law" (VPL).  The lawsuit was
filed in state court and removed to the district court by the
intervening defendants in this lawsuit – Louisiana Farm Bureau
Mutual Insurance Company and Louisiana Farm Bureau Casualty
Insurance Company.  Removal was based on 28 U.S.C. §
1441(e)(1)(B).  R.d. #1.  On February 15, 2006, the district
court granted plaintiffs' first motion to remand and entered an
order of remand.  R.d. #21.  Defendants appealed.  R.d. ##22, 23
and 24.  The Fifth Circuit exercised  appellate jurisdiction
pursuant to 28 U.S.C. § 1291, and vacated the district court's
Order of Remand upon a finding that the district court had
incorrectly based its remand order on 28 U.S.C. § 1369(b).  The
Fifth Circuit remanded the matter to the district court for
further proceedings "not inconsistent with this opinion".  C.A.
No. 06-00009 (March 31, 2006).  Plaintiffs' motion for a
rehearing was denied.

In this second motion to remand, plaintiffs argue that this
matter should be remanded for lack of supplemental subject matter
jurisdiction under 28 U.S.C. § 1441(e)(1)(B), a companion statute
to 28 U.S.C. § 1369 (Multiparty, Multiforum Trial Jurisdiction
Act or "MMTJA").  Defendants insist that the issue of subject

-2-

matter jurisdiction is foreclosed because "the Fifth Circuit has now ruled twice in this case without detecting a lack of subject matter jurisdiction."

## **ANALYSIS**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Insurance Company of America, 114 S.Ct. 1673, 1675 (1994) (citations omitted);  Peoples National Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004), citing Hashemite Kingdom of Jordan v. Layale Enterp., S.A., 272 F.3d 264, 269 (5th Cir. 2001); Acosta v. Bleich, 2004 WL 1057570 *1, (E.D.La.) Vance, J., citing Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  Absent subject matter jurisdiction conferred by the Constitution or statue, federal courts lack the power to adjudicate claims.  Robinson v. The University of Texas Health Science Center, 74 Fed.Appx. 400, 2003 WL 22047380 (C.A. 5(Tex.)).

Federal subject matter jurisdiction extends to actions that involve a federal question, diversity of parties, admiralty

actions, suits between states, suits against foreign states or ambassadors, and bankruptcy proceedings.   Acosta, at id., *citing* 28 U.S.C. §§ 1330-1334; *see also* UNITED STATES CONSTITUTION, ART. III, SEC. 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, ... -between citizens of different States; ....")  There is a presumption against federal subject matter jurisdiction that must be rebutted by the party asserting that jurisdiction. Kokkonen, 114 S.Ct. at 1675;  Peoples National Bank, 362 F.3d at 336;  Acosta, at *1.  "A district court may dismiss an action for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts."  Acosta, at id. (citations omitted).

The complaint requests relief based solely on Louisiana law. No Constitutional or federal statutory issue is raised, hence there is no federal question jurisdiction.  All plaintiffs and all defendants are Louisiana citizens, precluding even minimal diversity jurisdiction.  Defendants do not controvert the lack of federal question or diversity jurisdiction evident on the face of the complaint.  Rather, their Notice of Removal asserts federal

-4-

supplemental subject matter jurisdiction under 28 U.S.C. §

1441(e)(1)(B) and 28 U.S.C. § 1369[1].  This is insufficient to

overcome the presumption against federal subject matter

jurisdiction.  Because this court lacks subject matter

jurisdiction, it cannot entertain defendants' motions to

transfer.

Accordingly,

**IT IS ORDERED** that Wallace's motion to remand this matter is

**GRANTED**.

**IT IS FURTHER ORDERED** that this matter **BE AND IS HEREBY**

**REMANDED** to the 25th Judicial District Court for the Parish of

Plaquemines.

New Orleans, Louisiana, June 7, 2006.


**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge

---

[1]Section 1369(a) requires at least "minimal diversity", and section
1441(e)(5) provides that "[a]n action removed under this subsection shall be
deemed to be an action under section 1369 ...."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANNIE HILLERY AND JULIAN            CIVIL ACTION
S. HILLERY JR.

VERSUS                                NO: 06-2909

STATE FARM FIRE AND CASUALTY          SECTION: "J" (5)
COMPANY

### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand and for Costs, Expenses, and Attorney's Fees**. (Rec. Doc. 3.) The motion is opposed. (Rec. Doc. 4.)  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' motion should be GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiffs' house was damaged by Hurricane Katrina. It was not flooded. They claimed $73,255.51 in damages. Defendant paid them $20,632.91. Seeking to recover the remaining $52,622.60 that they think is owed them, Plaintiffs filed suit in state court. Defendant removed to this Court claiming diversity jurisdiction

1



Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 7 of 25

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 26 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 2 of 9

and jurisdiction under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA").

## LEGAL STANDARD

Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, Defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id*. Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled. *Id*. The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

**A.   *Diversity Jurisdiction***

Courts have original jurisdiction over disputes between citizens of different states when the amount in controversy is

greater than $75,000. 28 U.S.C. § 1332(a). It is undisputed that the parties are from different states. In the state petition, Plaintiffs pled the specific amounts they seek under the insurance policy. However, they also claim unspecified statutory penalties and attorney's fees based on allegations of arbitrary and capricious failure to pay their claim. Louisiana allows penalties for arbitrary and capricious failure to pay for proven losses within thirty days. *See* La. R.S. § 22:658. The penalties in this case would be twenty-five percent of the difference between the amount paid and the amount due, or around $13,155.65 according to Plaintiffs' claim. *See id.* In addition, La. R.S. § 22:1220 allows a penalty of twice the damages sustained from specific actions that violate an insurer's duty to act in good faith — including arbitrary and capricious failure to pay within 60 days following a proven claim. La. R.S. § 22:1220(B)(5). If no damage is caused by the breach of duty, then the maximum award is $5,000. *Id.* § 22:1220(C). Defendant argues that the amount on the face of the petition plus the availability of double penalties and attorney's fees puts the amount in controversy beyond the minimum jurisdictional amount.

As noted above, Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled.

3

Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 9 of 25

Case 2:06-cv-02142-JCZ-SS    Document 31    Filed 09/07/2006    Page 28 of 44
Case 2:06-cv-02909-CJB-ALC    Document 7    Filed 07/26/2006    Page 4 of 9

*De Aguilar*, 47 F.3d at 1412. Although provisions for the recovery of penalties exist, Defendant has not come forward with any evidence of facts establishing possible penalties available under either La. R.S. § 22:658 or La. R.S. § 22:1220. Under section 22:1220, given that Defendant has offered no evidence of damages from the breach,[1] the maximum recovery of $5,000 would raise Plaintiffs' claim to around $57,662. Under section 22:658 Plaintiff's maximum recovery with penalties of twenty-five percent of the amount yet unpaid would be around $66,000.

Although attorney's fees were formerly available for arbitrary and capricious failure to pay a proven claim under La. R.S. § 22:658, Legislative Act 2003, No. 790, § 1 increased the penalty available from ten to twenty-five percent and eliminated the attorney's fee provisions effective August 15, 2003. The parties identify no other applicable provision that authorizes fee shifting. Even if there were an applicable fee shifting provision, Defendant has come forward with no evidence of the amount of fees for which it might be liable. Defendant has failed to meet its burden of proving diversity jurisdiction under 28

---

[1] The penalties of La. R.S. § 22:1220 double the recovery for damages resulting from the breach; they do not double the amount due under the policy. *See, Matter of Hannover Corp. of America*, 67 F.3d 70, 75-76 (5th Cir. 1995)

4

Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 10 of 25

Case 2:06-cv-02142-JCZ-SS    Document 31    Filed 09/07/2006    Page 29 of 44
Case 2:06-cv-02909-CJB-ALC    Document 7    Filed 07/26/2006    Page 5 of 9

U.S.C. § 1332.[2]

### B.    *Multiparty, Multiforum Trial and Jurisdiction Act of 2002*

Defendant also argues that jurisdiction exists pursuant to
the MMTJA under either the original jurisdiction provision at 28
U.S.C. § 1369 or the supplemental provision at 28 U.S.C. §
1441(e)(1)(B). Section 1369 grants original federal jurisdiction
over "any civil action involving minimal diversity between
adverse parties that arises from a single accident, where at
least 75 natural persons have died in the accident at a discrete
location." 28 U.S.C. § 1369(a). "The term 'accident' means a
sudden accident, or a natural event culminating in an accident,
that results in death incurred at a discrete location by at least
75 natural persons." *Id.* § 1369(c)(4). When an action under this
section is pending, the district court must promptly notify the
judicial panel on multidistrict litigation. *Id.* § 1369(e).
Defendant argues jurisdiction under section 1369 based on the
theory that Hurricane Katrina qualifies as an "accident" under
the statute, and Plaintiffs' claim relates to Hurricane Katrina.

---

[2] Because Defendant has not met its burden, the Court need
not address the effect of Plaintiffs' stipulation that the amount
in controversy does not exceed $75,000. *See De Aguilar*, 47 F.3d
at 1412 (indicating that only after Defendant has met its burden
must Plaintiff establish that it is legally certain that the
jurisdictional amount cannot be recovered).

Defendant argues in the alternative that 28 U.S.C. §
1441(e)(1)(B) allows a party in an MMTJA case to remove a state
court claim to the federal district court where the MMTJA case is
pending even if the state claim could not itself have been
removed under section 1369, when the state claim relates to the
same accident.

Plaintiffs argue that the provisions of the MMTJA have to be
read in the context of the suit before the court. Plaintiffs
argue that, although Hurricane Katrina caused the damage, the
"discrete location" at issue in this suit is their house, where
no one died, and that no legal or factual issues are shared with
any other claimants. Defendant counters that discrete is a
relative term and that the act contemplates accidents that
encompass multiple states and multiple jurisdictions.

As already noted, because federal courts exercise limited
jurisdiction, jurisdictional statutes must be strictly construed
in favor of remand. With this canon in mind, the Court must
reject Defendant's arguments.

Congress enacted the MMTJA to allow full consolidation of
state and federal cases related to a common disaster to eliminate
multiple or inconsistent awards arising from multiforum
litigation. *See* H.R. Conf. Rep. No. 107-685, at 200, *reprinted in*

Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 12 of 25

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 31 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 7 of 9

2002 U.S.C.C.A.N. 1120, 1152 (2002). Defendant makes no suggestion that this case should be consolidated with any other related cases or that there are other potential claimants that share common issues with Plaintiffs in this case. The few cases that have thus far rested on the MMTJA have been large class action or consolidated cases.

Defendant in this case is also a defendant in *Chehardy v. Wooley*, No. 3:05-cv-1140. *Chehardy* was removed to the Middle District of Louisiana from a state court class action proceeding. After oral argument, jurisdiction was found to be based on 28 U.S.C. §§ 1332(a), 1332(d), and 1369. The record does not elaborate on the reasoning behind these alternative bases of jurisdiction. The case was then transferred to the Eastern District and consolidated as No. 2:06-cv-1672 with lead case *In re: Katrina Breaches Litigation*, No. 2:05-cv-4182, along with a multitude of other cases suing for damages resulting from the breached levees around New Orleans.

Defendant argues that because it is a defendant in *Chehardy,* which is based on section 1369, relates to the Hurricane Katrina "accident", and is in this jurisdiction, all other claims against it related to Hurricane Katrina can be removed to this jurisdiction under section 1441(e)(1)(B). Defendant does not

suggest that this claim should be consolidated with *Chehardy* and the *In re: Katrina Related Breaches Litigation* or with any other claims. Plaintiffs' claim has nothing to do with the breached levees and does not appear to require construction of Louisiana statutes. There is no indication that the adjudication of this suit in a state court forum would lead to inconsistent awards with suits in other fora. As the name of the act implies and as Judge Lemmon, looking at a similar jurisdictional claim, has recently decided, "[t]he narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." *Willhoft v. Kert Leblanc Ins. Agency*, No. 2:06-cv-1235 (E.D.La. July 5, 2006)(order granting remand). The same reasoning applies to this case.

Because Defendant's arguments were fairly supportable, the Court declines to award costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand** (Rec. Doc. 3) is **GRANTED**. The above-captioned matter is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Costs,**

**Expenses and Attorney's Fees** (Rec. Doc. 3) is **DENIED**.

New Orleans, Louisiana this the 26th day of July, 2006.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**FREDERICK WILLHOFT ET AL.**                         CIVIL ACTION

**VERSUS**                                            NO: 06-1235

**KERT LEBLANC INSURANCE**                            SECTION: "S" (2)
**AGENCY ET AL.**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to remand of Frederick Willhoft and Carol

Willhoft is **GRANTED**, and the case is **REMANDED** to the 34th Judicial District Court for the

Parish of St. Bernard.  (Document #9).

### I. BACKGROUND

Frederick and Carol Willhoft filed a petition for damages in the 34th Judicial District

Court for the Parish of St. Bernard against Kert Leblanc Insurance Agency, Inc. (Leblanc), State

Farm Fire and Casualty Company (State Farm), and ABC Insurance Company (ABC).[1]  The

Willhofts allege that they consulted with Leblanc regarding the appropriate coverage for their

home at 3428 Karen Drive, Chalmette, Louisiana, and Leblanc placed their homeowners and

flood dwelling coverage with State Farm.  The policies were renewed annually without any

---

[1]     ABC provided errors and omissions coverage to Leblanc.



Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 16 of 25

Case 2:06-cv-02142-JCZ-SS      Document 31      Filed 09/07/2006      Page 35 of 44
Case 2:06-cv-01235-MVL-JCW     Document 27-1     Filed 07/05/2006      Page 2 of 6

discussion about the adequacy of the limits of the coverage.  On August 29, 2005, the Willhoft's

home was destroyed by Hurricane Katrina.  Upon reporting their loss, the Willhofts learned that

their coverage was inadequate to cover their losses and that a large portion of the losses were not

insured.

The plaintiffs allege claims of negligence and breach of contractual and fiduciary duties

on grounds that Leblanc, individually and on behalf of State Farm, did not explain the basis for

his recommendations regarding coverage limits, including the difference between the limits

under the homeowners and flood policies, but assured the plaintiffs that they were fully

protected.

The defendants removed the case to federal court based on federal question jurisdiction,

alleging that the National Flood Insurance Program, the Standard Flood Insurance Policy, and

the Write-Your-Own Program carriers are all governed by federal law.  The plaintiffs filed a

motion to remand.

## II. DISCUSSION

### A. Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in

relevant part: "If at any time before the final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded."  To determine whether a cause of action

presents a federal question, the court examines the plaintiffs' well-pleaded complaint.  See

Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).  The entire record is examined

for a proper understanding of the true nature of the complaint.  See Aquafaith Shipping, Ltd. v.

2

Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

**B. National Flood Insurance Act**

The plaintiffs contend that there is no federal question jurisdiction under the National

Flood Insurance Act (NFIA) because their claims arise from the procurement of their policy, not

from the disallowance of a claim under their flood policy.  They argue that NFIA does not

preempt state law claims that arise from policy procurement.

Sections 4053 and 4072 of the NFIA "provide that flood insurance policyholders may

sue their insurers in federal court in regard to disputes arising from the policies." Mid-America

Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642.  The

NFIA preempts state law claims for an adjustment of an insurance claim, which is considered

"handling" of the claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).

Although the Fifth Circuit has not addressed whether state law claims regarding procurement of

policies would be preempted by the NFIA, a number of courts have held that the NFIA does not

act to preempt state law for claims related to flood insurance procurement.  See Landry v. State

Farm Fire & Casualty Co., 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon).  "The federal

courts premise their jurisdiction under the NFIA upon the fact that policies under the National

Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of

those policies also involve the spending of federal funds.  Id.  "[F]ederal funds are not used to

reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act.  Id.

Because claims involving procurement do not involve the expenditure of federal funds, "there is

no equivalent justification for federal jurisdiction." Id.

3

Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 18 of 25
Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 37 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 4 of 6

The plaintiffs allege that Leblanc and State Farm were negligent and breached a contractual duty when Leblanc failed to advise the plaintiffs about the amount of coverage they should have purchased.  Thus, the claims do not challenge the handling of their claim, but the procurement of sufficient insurance and Leblanc's errors and omissions in placing an inadequate policy.  These state law claims are not preempted, and the court lacks subject matter jurisdiction under the NFIA.

## C.  Jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA)

The defendants contends that the court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act. (MMTJA)  Section 1369 provides in relevant part:

> (a) **In general**.  The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if–
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> (3) substantial parts of the accident took place in different States.
>
> (b)  **Limitation of jurisdiction of district courts**.–The district court shall abstain from hearing any civil action described in subsection (a) in which–
> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
> (2) the claims asserted will be governed primarily by the laws of that State.

The Act "would streamline the process by which multidistrict litigation governing disasters are adjudicated. H.R.Conf.Rep. 107-685, §11020, 202 U.S.C.C.A.M. 1120 (2002).

"The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties." 23 Rev. Litig. 177 at 5 (2004). "The change to minimal diversity in class actions aims to promote the purposes of the class action device: fairness, uniformity, efficiency, and manageability in mass litigation." Id. at 4. The intended scope of minimal diversity is to reach a "very narrowly defined category of cases." Id. at 5. While the MMTJA could apply in an action by a single plaintiff against two defendants, "[m]ore likely, many plaintiffs and many defendants would be involved in the typical suit which would fall under the MMTJA, and often certification of a class action would be sought." H.Alston Johnson, III, Current Topics in Federal Subject Matter Jurisdiction Based on Diversity of Citizenship (June 7, 2006).

The narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants. See e.g. Chehardy v. Wooley, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.) (jurisdiction under § 1369; multi-plaintiff, multi-defendant case consolidated for pretrial purposes with Colleen Berthelot v. Boh Brothers Construction Co., No. 05-4182 (E.D.La.) (class action for damages out of the breach of hurricane protection levees and flood walls)).

### III. CONCLUSION

The court lacks jurisdiction under the NFIA because the case in one for procurement of adequate insurance, not the handling of a claim, and is not preempted by the NFIA. Jurisdiction is not proper under the MMTJA because it does not fall within the narrow jurisdictional

5

requirements of § 1369.  Accordingly, the court lacks subjection matter jurisdiction, and

plaintiffs' the motion to remand is granted.


New Orleans, Louisiana, this   5th  day of July, 2006.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES and REBECCA WALLACE, ET AL        CIVIL ACTION

versus        NO. 06-0114

LOUISIANA CITIZENS PROPERTY        SECTION: E/1
INSURANCE CORPORATION, ET AL

### ORDER AND REASONS

This matter is before the Court on plaintiffs' (collectively
"Wallace") second motion to remand, record document #42.
Defendants, Louisiana Farm Bureau Mutual Insurance Company and
Louisiana Farm Bureau Casualty Insurance Company, ANPAC Louisiana
Insurance Company and Louisiana Citizens Property Insurance
Corporation have filed motions to transfer this matter.  The
matter was considered on the briefs on June 7, 2006.  For the
reasons that follow, Wallace's second motion to remand is
**GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This is a Class Action Petition by property owners in
Plaquemines Parish against several Louisiana insurers regarding
whether the plaintiffs are entitled to recover the full value
stated on the face of their insurance policies for the total loss
of their insured property as a result of Hurricane Katrina,
pursuant to Louisiana law.  The lawsuit is brought solely



Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 22 of 25
Case 2:06-cv-02142-JCZ-SS      Document 31      Filed 09/07/2006      Page 41 of 44
Case 2:06-cv-00114-ML-SS      Document 58      Filed 06/07/2006      Page 2 of 5

pursuant to state law, La.R.S. 22:695(A) of the State Insurance Code, known as the "Valued Policy Law" (VPL). The lawsuit was filed in state court and removed to the district court by the intervening defendants in this lawsuit - Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company. Removal was based on 28 U.S.C. § 1441(e)(1)(B). R.d. #1. On February 15, 2006, the district court granted plaintiffs' first motion to remand and entered an order of remand. R.d. #21. Defendants appealed. R.d. ##22, 23 and 24. The Fifth Circuit exercised appellate jurisdiction pursuant to 28 U.S.C. § 1291, and vacated the district court's Order of Remand upon a finding that the district court had incorrectly based its remand order on 28 U.S.C. § 1369(b). The Fifth Circuit remanded the matter to the district court for further proceedings "not inconsistent with this opinion". C.A. No. 06-00009 (March 31, 2006). Plaintiffs' motion for a rehearing was denied.

In this second motion to remand, plaintiffs argue that this matter should be remanded for lack of supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B), a companion statute to 28 U.S.C. § 1369 (Multiparty, Multiforum Trial Jurisdiction Act or "MMTJA"). Defendants insist that the issue of subject

-2-

Case 2:05-cv-04182-SRD-JCW    Document 1680-4    Filed 11/17/06    Page 23 of 25

Case 2:06-cv-02142-JCZ-SS    Document 31    Filed 09/07/2006    Page 42 of 44
Case 2:06-cv-00114-ML-SS    Document 58    Filed 06/07/2006    Page 3 of 5

matter jurisdiction is foreclosed because "the Fifth Circuit has now ruled twice in this case without detecting a lack of subject matter jurisdiction."

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Insurance Company of America, 114 S.Ct. 1673, 1675 (1994) (citations omitted); Peoples National Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004), citing Hashemite Kingdom of Jordan v. Layale Enterp., S.A., 272 F.3d 264, 269 (5th Cir. 2001); Acosta v. Bleich, 2004 WL 1057570 *1, (E.D.La.) Vance, J., citing Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Absent subject matter jurisdiction conferred by the Constitution or statue, federal courts lack the power to adjudicate claims. Robinson v. The University of Texas Health Science Center, 74 Fed.Appx. 400, 2003 WL 22047380 (C.A. 5(Tex.)).

Federal subject matter jurisdiction extends to actions that involve a federal question, diversity of parties, admiralty

Case 2:05-cv-04182-SRD-JCW   Document 1680-4   Filed 11/17/06   Page 24 of 25

Case 2:06-cv-02142-JCZ-SS      Document 31      Filed 09/07/2006      Page 43 of 44
Case 2:06-cv-00114-ML-SS      Document 58      Filed 06/07/2006      Page 4 of 5

actions, suits between states, suits against foreign states or

ambassadors, and bankruptcy proceedings.   Acosta, at id., citing

28 U.S.C. §§ 1330-1334; see also UNITED STATES CONSTITUTION, ART. III,

SEC. 2 ("The judicial Power shall extend to all Cases, in Law and

Equity, arising under this Constitution, the Laws of the United

States, ... –between citizens of different States; ....")   There

is a presumption against federal subject matter jurisdiction that

must be rebutted by the party asserting that jurisdiction.

Kokkonen, 114 S.Ct. at 1675;   Peoples National Bank, 362 F.3d at

336;   Acosta, at *1.   "A district court may dismiss an action for

lack of subject matter jurisdiction based on (1) the complaint

alone; (2) the complaint supplemented by undisputed facts in the

record; or (3) the complaint supplemented by undisputed facts

plus the Court's resolution of disputed facts."   Acosta, at id.

(citations omitted).

The complaint requests relief based solely on Louisiana law.

No Constitutional or federal statutory issue is raised, hence

there is no federal question jurisdiction.   All plaintiffs and

all defendants are Louisiana citizens, precluding even minimal

diversity jurisdiction.   Defendants do not controvert the lack of

federal question or diversity jurisdiction evident on the face of

the complaint.   Rather, their Notice of Removal asserts federal

supplemental subject matter jurisdiction under 28 U.S.C. §

1441(e)(1)(B) and 28 U.S.C. § 1369[1].  This is insufficient to

overcome the presumption against federal subject matter

jurisdiction.  Because this court lacks subject matter

jurisdiction, it cannot entertain defendants' motions to

transfer.

Accordingly,

**IT IS ORDERED** that Wallace's motion to remand this matter is

**GRANTED**.

**IT IS FURTHER ORDERED** that this matter **BE AND IS HEREBY**

**REMANDED** to the 25th Judicial District Court for the Parish of

Plaquemines.

New Orleans, Louisiana, June 7, 2006.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge

---

[1]Section 1369(a) requires at least "minimal diversity", and section
1441(e)(5) provides that "[a]n action removed under this subsection shall be
deemed to be an action under section 1369 ...."