UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH SCOTT** | * | **No. 06-5886** |
| | * | |
| **VERSUS** | * | **JUDGE: Sarah S. Vance** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION: "R"** |
| | * | |
| | * | **MAGISTRATE: 5** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

On at least four separate occasions this Court has been afforded the opportunity to accept State Farm's interpretation of the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA) and declare that the United States District Court for the Eastern District of Louisiana has subject matter jurisdiction over virtually every post Hurricane Katrina insurance law suit that has been or will be filed in Louisiana. *Berry v. Allstate Ins. Co.*, Slip Copy, No. 06-4922 WL 2710588 (E.D. La. 9/19/2006); *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546, 2006 WL 2375593

(E.D. La. Aug. 15, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006). This Honorable Court has consistently rejected what has now become the insurance industries' standard interpretation of the MMTJA. *Id.* The MMTJA is simply inapplicable to post Hurricane Katrina homeowners' insurance law suits.

Despite the very clear rulings of this Honorable Court, State Farm now joins the ranks of those foreign insurers that would peddle baseless removal arguments in an effort to further delay the final resolution of their customers' post Hurricane Katrina homeowners' insurance claims. Perhaps this Court will have to reiterate its stance on the MMTJA twenty-five, fifty, or even one hundred times before State Farm and its brethren in the insurance industry finally retire the MMTJA as a weapon in their arsenal of delay. However, with each case that requires a reiteration, a Louisiana citizen's struggle to rebuild is further thwarted. In this case, Mr. Keith Scott's efforts to rebuild have been delayed by what can best be described as State Farm's request for a reiteration of this Honorable Court's very clear and consistent position on the MMTJA.

This Court must begin to put an end to State Farm's and other like minded insurers' practices of removing post Hurricane Katrina insurance suits based solely on the MMTJA. Such removals, given the clear and consistent rulings of this Court, are tactically initiated for no other purpose than to further delay the final resolution of these claims. Success or failure on the merits of the MMTJA argument is of no concern to the insurers such as State Farm that continually raise

it in support of removal. These removals are designed only to delay the resolution of such claims in hopes that insureds like Plaintiff Keith Scott will eventually settle their claims for seventy five, fifty, or even twenty five cents on the dollar. Such efforts by these insurers seem to only add credence to plaintiffs' continued assertions of "bad faith" and would lead one to conclude that such insurers are actually expanding the definition of "bad faith" in the aftermath of Hurricane Katrina. As such, Plaintiff Keith Scott, once again reiterates his request that this Court remand this case to the Civil District Court of Orleans Parish with an award of $1,000 in reasonable attorneys fees to Plaintiff for State Farm's coercion of the removal process. The award of such fees will ultimately be the only deterrent to groundless removals by Defendants such as State Farm that are unconcerned with the ultimate success or failure of their argument.

I.  **THIS HONORABLE COURT HAS CONSISTENTLY RULED THAT HURRICANE KATRINA WAS NOT AN "ACCIDENT" AS DEFINED BY THE MMTJA**

State Farm spends nearly five pages of its Opposition to Plaintiff's Motion to Remand citing among other sources Black's Law Dictionary and South Dakota law in support of the proposition that Hurricane Katrina was in fact an accident as defined by the MMTJA. As much State Farm and its brethren may wish that it were not so, this Honorable Court has ruled **OVER**,

> "First of all, [this] Court does not agree with Allstate's contention that Hurricane Katrina was an 'accident' as that term is defined in the Act."*Berry v. Allstate Ins. Co.*, Slip Copy, No. 06-4922 at 6, WL 2710588 (E.D. La. 9/19/2006).

-3-

and **OVER**

> "Contrary to Defendant's assertion, this Court determines that it is anything but clear that Hurricane Katrina was an 'accident' within the meaning of the statute. If anything, it is more clear that it was not an accident within the meaning of this statute." *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848 at 11, 2006 WL 2385365 (E.D. La. Aug. 16, 2006).

and **OVER**

> "This Court has determined that Hurricane Katrina has not been classified as a § 1369 'accident' by any court and therefore, this Court declines to interpret the statutory definition of 'accident' so broadly." *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546 at 7, 2006 WL 2375593 (E.D. La. Aug. 15, 2006)

and **OVER AGAIN**

> "Moreover, Hurricane Katrina has not been found to be an 'accident' under § 1369." *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605 at 10, 2006 WL 2583406 (Sept. 6, 2006).

**THAT HURRICANE KATRINA WAS NOT AN "ACCIDENT" AS DEFINED BY THE MMTJA**.

**II.   THIS HONORABLE COURT HAS CONSISTENTLY RULED THAT THERE WERE NOT 75 DEATHS AT A DISCRETE LOCATION DUE TO HURRICANE KATRINA AS REQUIRED BY THE MMTJA**

Once again, State Farm spends nearly five pages of its Opposition to Plaintiff's Motion to Remand citing among other sources Black's Law Dictionary and the New Orleans Times Picayune in support of the proposition that pursuant to the MMTJA, Hurricane Katrina resulted in more that 75 deaths at a discrete location. As much as State Farm and its brethren may wish that it were not so, this Honorable Court has ruled **OVER**

> "Although it is undisputed that more than 75 persons died as a result of Hurricane Katrina and its aftermath, the deaths did not occur from a single incident attributable to the storm or at a discrete location." *Berry* at 7.

and **OVER AGAIN**

> "This Court concludes that although more than 75 died as a result of Hurricane Katrina and its aftermath, those deaths did not arise from a 'single accident' and did not occur at a 'discrete location' so as to trigger jurisdiction under this statute." *Southall* at 11.

**THAT HURRICANE KATRINA DID NOT RESULT IN MORE THAN 75 DEATHS AT A DISCRETE LOCATION AS REQUIRED BY THE MMTJA**.

**III.   THIS HONORABLE COURT HAS CONSISTENTLY RULED THAT REMOVAL BASED UPON 28 U.S.C. § 1441 (E) AND *CHEHARDY* IS INAPPROPRIATE WHEN PLAINTIFF DOES NOT ALLEGE DAMAGES BASED UPON THE LEVEE BREACHES**

Plaintiff's claim for damages stem only from wind related events that transpired days before the levee breaches. Plaintiff has made no allegation of damages resulting from levee breaches. Unless State Farm is prepared to concede that its homeowners' policies do cover damage sustained as a result of levee breaches, it's absurd to assert that a claim under a homeowners' policy could arise as a result of such levee breaches. State Farm made no reference to levee breaches in its Notice of Removal. Instead, State Farm asserted that Hurricane Katrina was the relevant "accident" that triggered this Court's jurisdiction pursuant to the MMTJA. Thus, once again State Farm's assertion is contrary to this Court's clear and unambiguous

rulings. In so much as Plaintiff's damage claim does not arise from levee breaches, it cannot be removed based upon 28 U.S.C. § 1441 (e) and *Chehardy*. *Id.*

## IV. AN INTERLOCUTORY APPEAL IS UNNECESSARY IN SO MUCH AS THIS ISSUE IS CLEAR.

As cited above, within the last six months, this Honorable Court has ruled on at least four separate occasions that the MMTJA is simply inapplicable to post Hurricane Katrina homeowners' insurance law suits. As such, the issue is "crystal clear" and does not warrant this Court's denial of this Motion to Remand with a certification of immediate appeal. How much more clarification do insurers such as State Farm need on this issue? **NONE**.

## V. CONCLUSION

This case should be remanded to the Civil District Court of Orleans Parish, based solely on the rulings of this Honorable Court. This Court need not consult Black's Law Dictionary or South Dakota law to resolve an issue that it has ruled on at least four separate occasions within the past six months.

Despite this Court's clear and unambiguous rulings, insurers such as State Farm will continue to inundate this Court with baseless removals under the guise of the MMTJA, until it becomes fiscally imprudent to do so. As previously discussed, in so much as these removals delay the resolution of thousands of post Katrina homeowners' claims and facilitate the insurers goal to delay the process as long as possible in hopes that their customer will settle for seventy five, fifty, or even twenty five cents on the dollar, the financial incentive to insurers such as State

Farm to file such baseless removals remains strong. As such, Plaintiff requests that his Motion to Remand be **GRANTED** and that this Honorable Court award the Plaintiff $1,000 in reasonable attorneys fees.

Respectfully Submitted:

s/ Joseph Cain
**JOSEPH E. "JED" CAIN**, La. Bar No. 29785
**HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**
820 O'Keefe Avenue
New Orleans, LA 70113
*Temporary Address:*
201 St. Charles Ave., Suite 4310
New Orleans. LA 70170
Telephone: (504) 581-4892
Fax No. (504) 561-6024

**ATTORNEY FOR PLAINTIFF
KEITH SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: James R. Nieset, Jr. and Adrianne L. Baumgartner.

s/ Joseph Cain
**JOSEPH E. "JED" CAIN**, La. Bar No. 29785
**HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**
820 O'Keefe Avenue
New Orleans, LA 70113

-7-

*Temporary Address:*
201 St. Charles Ave., Suite 4310
New Orleans. LA 70170
Telephone: (504) 581-4892
Fax No. (504) 561-6024

**ATTORNEY FOR PLAINTIFF
KEITH SCOTT**