## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: Responder, Levee and MRGO, | § | |
| O'Dwyer, No. 06-5771 | § | |
| _____ | § | |

## DEFENDANT UNITED STATES' MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Defendant, United States of America, has moved pursuant to Fed. R. Civ. P. 12(b)(1) and

12(h)(3) to dismiss plaintiffs' action for lack of subject matter jurisdiction.  The Complaint,

styled as a class action against the United States, alleges, *inter alia*, common law tort claims for

damages arising from the failure of certain levee systems in New Orleans, Louisiana, during

Hurricane Katrina.  Plaintiffs assert subject matter jurisdiction over claims against the United

States under the Fifth Amendment to the United States Constitution, the Federal Tort Claims

Act, various federal and state environmental statutes, 28 U.S.C. § 1346, and certain admiralty

and maritime statutes.  Compl. ¶¶ I, III, V - IX, XXIII, XXVIII, XXXII.  None of the grounds

1

cited by the plaintiffs supply this Court with jurisdiction over their action.

Plaintiffs, with the exception of Maureen O'Dwyer, have failed to exhaust their administrative remedies with the appropriate federal agency before filing suit in accordance with 28 U.S.C. § 2675(a) and 46 U.S.C. App. § 740, which are statutorily mandated jurisdictional prerequisites to suit against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and the Admiralty Extension Act (AEA), 46 U.S.C. § 740. Because of these defects, this Court lacks subject matter jurisdiction over plaintiffs' action, requiring dismissal. Moreover, even if the plaintiffs had exhausted their administrative remedies before filing suit, those claims would be barred by the Flood Control Act, 33 U.S.C. § 702(c), which provides immunity from damage from floods or flood waters. Additionally, their suit would also be barred by an express exception to the FTCA: 28 U.S.C. § 2680(a). This exception precludes claims challenging the execution of a statute or regulation with due care or challenging the performance of a discretionary function. Nor could plaintiffs' claims proceed as an unjust taking of their property because their property was not put to use for the public good and, in any event, jurisdiction would not lie in the district court. Lastly, plaintiffs' reliance on other federal statutes is equally misplaced.[1]

---

[1] This Complaint is effectively an amendment to Maureen O'Dwyer's previously filed Complaint which is the subject of extensive briefing on a Motion to Dismiss the United States in *O'Dwyer v. United States*, CA 06-4024, Doc. Rec. No. 1405, incorporated herein by reference and attached without exhibits as Exhibit 1, pending before this Court and consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*, CA 05-4182. In the CA 06-4024 suit, Ms. O'Dwyer has submitted an administrative claim (Exhibit 2) separate from the claim she is asserting in the instant Complaint. Although the present Complaint contains additional plaintiffs other than Maureen O'Dwyer, the factual and legal contexts parallel those described in CA 06-4024. As such, this Motion to Dismiss will address allegations, and provide information, not already briefed in CA 06-4024. The United States requests that the Court consolidate this present Complaint and Motion to Dismiss with CA 06-4024.

## BACKGROUND

In their Complaint, the plaintiffs ask that the United States be held liable for varied damages suffered in the wake of Hurricane Katrina.[2]  Compl. ¶¶ III, XXVIII.  According to the plaintiffs, these harms were not caused by Katrina itself but were instead caused by the defective and negligent design, construction, operation, inspection, maintenance, and dredging of an "entire navigable waterway system, including levees and retaining wall structures, consisting of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a "The Industrial Canal"), the London Avenue Canal, the Orleans Avenue Canal and the 17th Street Canal, their environs and tributaries" as well as by the "negligent failure to contain the navigable waters of the United States identified, *supra*."[3]  Compl. ¶ V.  The plaintiffs aver that "[t]he very existence of the MRGO directly caused the destruction of the coastal marshes and wetlands which had previously served as a 'buffer' to hurricane winds and storm surge, the effect being that the MRGO became a 'hurricane highway,' aimed straight at the heart of St. Bernard and the Greater New Orleans Metropolitan Area.  Additionally, dredging activity in the MRGO has contributed to the widening of the waterway and to the destruction of the 'buffer' marshes and wetlands."  Compl. ¶ XIII.  Further, "[w]hen or shortly after Hurricane

---

[2] Plaintiffs' alleged damages occurred in "the Parishes of Orleans, Jefferson and St. Bernard, State of Louisiana."  Compl. ¶ III.

[3] The London Avenue, Orleans Avenue, and 17th Street Canals are drainage canals in New Orleans used for pumping water into Lake Pontchartrain.  The Corps was responsible for the construction of the levees and floodwalls along the Canals per the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP).  However, contrary to plaintiffs' allegations, it is not responsible for the design, construction, maintenance, inspection or dredging of the Canals. Compl. ¶¶ V, XIX.  That is the responsibility of the City of New Orleans.  *See* United States' Motion to Dismiss in *O'Dwyer*, CA 06-4024, Doc. Rec. No. 1405, fn 8, for source cite.  Exhibit 1.

3

Katrina made landfall in Louisiana, levees along the MRGO failed in numerous places along its length, directly flooding most of St. Bernard Parish.  The existence of and the eroded condition of the MRGO intensified KATRINA's initial storm surge, raised the height of the wall of water which accompanied it, and increased the velocity of the surge experienced by levee structures which were intended to resist hurricane effects, including the levee and floodwall structures which should have contained the navigable waters described herein." Compl. ¶ XIV.  The plaintiffs further aver that the "intersection of the wider and deeper Gulf Intracoastal Waterway with the Inner Harbor Navigation Canal . . . cause[d] a narrowing funnel shape into the Industrial Canal . . . thus there exists a waterway system which becomes progressively narrower and shallower as it proceeds toward the New Orleans Ninth Ward, heightening any storm surge from the north and east into the Industrial Canal."[4]  Compl. ¶ XV.  Additionally, "[d]uring Hurricane KATRINA, the 'intensification' or 'funnel effect' . . . permitted storm surge to overtop levees and retaining wall structures, leading to scouring on the landward side of the levees, which in turn undermined the earthen levees along the MRGO, the Gulf Intracoastal Waterway and the Industrial Canal, and which resulted in inundation by water of Orleans and St. Bernard Parishes that would not have occurred but for the existence of and deteriorated condition of the MRGO and the inadequacies of the levee and retaining wall structures along the MRGO, the Gulf Intracoastal Waterway and the Industrial Canal."  Compl. ¶ XVI.

## ARGUMENT

The flooding caused by Hurricane Katrina was indeed tragic.  The United States,

---

[4] The Inner Harbor Navigation Canal and the Industrial Canal are the same.

4

however, is not liable for the damages that the plaintiffs, or the unnamed class members[5], seek because sovereign immunity shields the United States from this suit.  Foremost, plaintiffs, with the exception of Maureen O'Dwyer, have failed to exhaust their administrative remedies with the appropriate federal agency before filing suit in accordance with 28 U.S.C. § 2675(a) and 46 U.S.C. § 740, which are statutorily mandated jurisdictional prerequisites to filing suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and the AEA, 46 U.S.C. § 740.  Because of these defects, this Court lacks subject matter jurisdiction over plaintiffs' action, requiring dismissal.  Moreover, even if the plaintiffs had filed valid claims, those claims would be barred by the Flood Control Act (FCA) of 1928, 33 U.S.C. §§ 700 et seq., which provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters . . . ."  *Id.* § 702c.  Even absent the immunity afforded by the FCA, the limited waiver of sovereign immunity provided by the FTCA would not provide jurisdiction over this action because the FTCA bars claims for (1) the exercise of due care for conduct authorized by statute or regulation or (2) discretionary acts or omissions that are

---

[5] This Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each unnamed individual claimant comprising the class action identified in the Complaint at ¶ III.  *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 194, 198 (2d Cir. 1987) *aff'g in relevant part*, *In re Agent Orange Prod. Liab. Litig.*, 506 F. Supp. 757 (E.D. N.Y. 1980); *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977); *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977); *Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); *cf. Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *cert. denied*, 464 U.S. 864 (1983).  Accordingly, the plaintiffs' request for recognition and certification of the class status should be denied.  Likewise, the potential claims made by the Reverend Curtis Coleman, Sr., on behalf of his entire Congregation and the Ephesian Missionary Baptist Church are impermissible because each unnamed individual claimant has not been identified.  Therefore, it is impossible to determine whether each individual has filed a claim against the United States, a prerequisite to filing suit under the FTCA, 28 U.S.C. § 2675(a).  Compl. ¶ 2 at 15.

grounded in considerations of policy.  For these reasons, the United States' motion to dismiss for

lack of jurisdiction should be granted.[6]  None of the other federal laws cited by the plaintiffs cure

the fundamental jurisdictional deficiency inherent in their Complaint.

## I.  PLAINTIFFS CANNOT BRING SUIT UNDER THE FTCA BECAUSE THEY HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

It is axiomatic that the United States, as sovereign, is immune from suit except to the

extent it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Because the

federal courts are courts of limited jurisdiction, if an action does not come within the limited

grant of power derived from Article III of the U.S. Constitution and from Congress' legislative

acts, a federal court does not have the power to hear or determine that action.  *See Insurance*

*Corporation of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982);

*Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994); *Mosley v. Cozby*, 813 F.2d

659, 660 (5th Cir. 1987); *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995)*, rehr'g denied,* 81

F.3d 520 (5th Cir. 1996), *cert. denied,* 519 U.S. 927 (1996).  Further, the burden to establish

jurisdiction rests on the party asserting it.  *Kokkenen*, 511 U.S. at 377 ("Federal courts . . .

possess only that power authorized by Constitution and statute, which is not to be expanded by

judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the

burden of establishing the contrary rests upon the party asserting jurisdiction.").  The plaintiffs

have failed to meet this burden.

_____

[6] The issue of the United States' immunity pursuant to the Flood Control Act and jurisdictional defenses under the Federal Tort Claims Act is the subject of extensive briefing on a Motion to Dismiss the United States in *Robinson v. United States*, CA 06-2268, Doc. Rec. No. 822, and Reply to Motion to Dismiss the United States, Doc. Rec. 1183, pending before this Court and consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*, CA 05-4182.  The factual and legal contexts in the present case parallel those described in *Robinson*.

The United States, through the FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, has "waived [its] sovereign immunity . . . for certain torts committed by federal employees." *Id.; accord Guile v. United States,* 422 F.3d 221, 229 (5th Cir. 2005). "As the FTCA is a waiver of the government's sovereign immunity, [courts] must strictly construe the statute; any ambiguities will be resolved in favor of the sovereign." *McLaurin v. United States,* 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied,* 545 U.S. 1104 (2005). The statute expressly prohibits commencement of a tort action against the United States before administrative remedies have been exhausted:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. § 2675(a) (emphasis added). Failure to comply with § 2675(a) leaves "the district court . . . without subject matter jurisdiction." *Price v. United States,* 81 F.3d 520, 521 (5th Cir. 1996); *accord Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), *cert. denied,* 519 U.S. 927 (1996). Moreover, "[a]n individual with a claim against the United States . . . satisfies § 2675's requirement that 'the claimant shall have first presented the claim to the appropriate Federal agency' if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim. . . . This information alone allows the claimant to maintain a subsequent action in the district court following the denial of his or her claim by the agency or the passage of six months. Noncompliance with § 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams v. United States,*

7

615 F.2d 284, 289-290 (5th Cir. 1980), *on rehearing*, 622 F.2d 197 (5th Cir. 1980); *see also, Graubarth v. United States*, 2005 WL 3543763 at *2 (E.D. La. 2005); *Wardsworth v. United States*, 721 F.2d 503, 505-06 (5th Cir. 1983).  "The notice and sum certain requirements 'ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability.'" *Graubarth*, 2005 WL 3543763 at *2 (quoting *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984)).  This requirement that an administrative claim be filed with the appropriate agency prior to filing suit is jurisdictional and "cannot be waived."  *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).  Moreover, the administrative claim requirement provides "a meaningful opportunity to resolve the matter without the necessity of judicial intervention."  *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).

Here, the plaintiffs failed to satisfy these minimal requirements for presentment of a valid administrative claim.  Thus, the plaintiffs cannot establish that this Court has jurisdiction over their suit.

### A.  FILING A MOTION TO DISMISS DOES NOT CONSTITUTE A DENIAL OF CLAIMS UNDER THE FTCA.

Plaintiffs first argue that the requirement of submitting an administrative claim to the appropriate federal agency prior to instituting suit under the FTCA is satisfied by virtue of the fact that the United States filed a Motion to Dismiss in the *Robinson* case which constitutes a denial of their claims.  Plaintiffs aver the following:

> [O]n July 26, 2006, defendant, the United States of America, filed a Motion to Dismiss (Record Document No. 822 in Civil Action No. 05-4182) pertaining to Civil Action No. 06-2268 on the Docket of this Court.  In the said Motion to Dismiss, defendant invoked immunity from civil liability pursuant to:

(1) The Flood Control Act of 1928, and more particularly pursuant to 33 U.S.C. § 702(c); (2) pursuant to the "due care" exception to the Government's waiver of sovereign immunity under the Federal Tort Claims Act, and more particularly pursuant to 28 U.S.C. §2680(a); and (3) pursuant to the FTCA's discretionary function exception, codified in 28 U.S.C. §2680(a). Plaintiffs aver that the aforesaid Motion to Dismiss filed by defendant, the United States of America, constitutes a denial of any and all claims against the Government by the Citizenry of the Greater New Orleans Metropolitan area, rendering this Civil Action both timely and proper against the United States of America.

Compl. ¶ XX.

There is no legal precedent that supports the plaintiffs' misguided argument. A Motion to Dismiss by the United States in the *Robinson* case involving different plaintiffs than those here neither exhausts the current plaintiffs' FTCA administrative claim requirements nor constitutes a denial of their potential claims thereby allowing them to file suit in federal district court.[7] Indeed, to exhaust the administrative claim requirements under the FTCA, a plaintiff must present a claim to the appropriate federal agency to include a sum certain and sufficient notice to enable the agency to investigate prior to filing suit in federal district court. 28 U.S.C. § 2675(a); *Graubarth*, 2005 WL 3543763 at *2. Nothing in the *Robinson's* administrative claims satisfied the instant plaintiffs' exhaustion requirement and the United States' Motion to Dismiss in *Robinson* had no operative legal effect in this case. In the absence of administrative claims with sums certain thereby giving the Army Corps of Engineers an opportunity to investigate, the plaintiffs have failed to satisfy the minimal requirements of § 2675(a). Thus, the filing of their Complaint is premature and the Court lacks subject matter jurisdiction. *Adams,* 615 F.2d at 289-

---

[7] The plaintiffs in the *Robinson* case, CA 06-2268, are Norman Robinson, Kent Lattimore, Lattimore and Associates, Tanya Smith, Anthony Franz, Jr., and Lucille Franz. None of these plaintiffs are listed in the case at bar. Moreover, the instant suit, while alleging similar underlying facts as the *Robinson* Complaint, avers additional theories of liability against the United States.

290; *Montoya*, 841 F.2d at 104; *Martinez*, 728 F.2d at 697; *Gregory*, 634 F.2d at 203-04.

## B.  SUBMITTING A COMPLAINT TO AN AGENCY IS NOT A VALID CLAIM UNDER THE FTCA.

In the alternative, plaintiffs argue that they presented a copy of the complaint filed in CA 05-4181 to the Army Corps of Engineers on October 12, 2005, as part of a request for information and documents made under the Freedom of Information Act (FOIA), thus exhausting their administrative remedies pursuant to the FTCA.  Plaintiffs assert the following:

> [O]n October 12, 2005, their duly appointed and authorized Attorney-in-Fact delivered to the United States Army Corps of Engineers, New Orleans District Office, a copy of plaintiffs' Complaint in the matter entitled: "Maureen O'Dwyer vs. The United States of America", being Civil Action No. 05-4181 "K"(5) on the Docket of this Court.  The Complaint which was delivered to the United States Army Corps of Engineers on October 12, 2005, accompanied a Freedom of Information Act request for documents and other tangible things, and was specifically identified as a piece of "litigation involving the United States of America, acting by and through its agency and instrumentality, the U.S. Army Corps of Engineers".  Plaintiffs aver that by delivering a copy of the referenced Complaint to the United States Army Corps of Engineers on October 12, 2005, certain plaintiffs submitted the "functional equivalents" of valid administrative claims to the appropriate Federal agency, and that plaintiffs have, therefore, exhausted administrative remedies pursuant to the provisions of 28 U.S.C. §2675, since more than six months has now elapsed since the claims were first presented, and plaintiffs opt to deem that passage of time as a final denial of their claims.

Compl. ¶ XXI.

Plaintiffs' argument is without merit.  Plaintiffs do not attach to their Complaint copies of the October 12, 2005, FOIA request or the civil complaint to which they refer.[8]  Mr. O'Dwyer's October 12, 2005, FOIA request is attached to the United States' Motion to Dismiss, and is not

---

[8] The civil complaint to which the plaintiffs refer is *O'Dwyer v. United States*, CA 05-4181, Doc. Rec. No. 1, consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*, CA 05-4182.  CA 05-4181 was denied for, *inter alia*, failing to exhaust FTCA administrative remedies.  Doc. Rec. No. 788 at 29-35.

the "functional equivalent" of a valid administrative tort claim.  Exhibit 3.

Even though an administrative claim may be submitted in a form other than the Standard Form 95 (Claim for Damage, Injury, or Death), the claim must be one for money damages and contain certain specific elements of information.  *See Montoya*, 841 F.2d at 104; *Graubarth*, 2005 WL 3543763 at *2.  None of the information submitted to the Army Corps of Engineers as part of a FOIA request made on October 12, 2005, satisfies the elements of a valid administrative claim under the FTCA.  Mr. O'Dwyer's FOIA request is specifically labeled in multiple places as a "Freedom of Information Act Request."  While it references the submission of two civil complaints as pending litigation against the United States, nothing in the document puts the agency on notice that a tort claim is being alleged against it through the document.  Further, the request does not specify any personal injuries or property damage for which compensation might be sought, and it does not state a sum certain value for any claims that may be asserted against the United States.  These elements are essential for a valid administrative claim.  *Graubarth*, 2005 WL 3543763 at *2 (notice must be "sufficient to enable the agency to investigate," and it must "place[] a value on the claim").  Plaintiffs previously have argued that the October 12, 2005 FOIA request satisfied their obligation to file an administrative claim, which argument was flatly rejected by this Court in the plaintiffs' related case, *In the Matter of the Complaint of Ingram Barge Company*, Case No. 05-4237.  *See* Order, Docket Number 161 (consolidated with Case No. 05-4419) at 5 n.3 ("Claimants contend that a letter sent on October 12, 2005 to the Army Corps of Engineers constitutes the filing of an administrative claim.  This letter is clearly a FOIA request which does not constitute a proper administrative claim.").  Exhibit 4.

Attaching a copy of the complaint for CA 05-4181 to their counsel's FOIA request does

not constitute a validly filed administrative claim with an agency of the United States.  A civil complaint does not qualify as an administrative claim under the FTCA; an administrative claim must be filed prior to institution of litigation.  *See Gregory*, 634 F.2d at 203-04 (Section 2675(a) "requires that jurisdiction must exist at the time the complaint is filed.").  Simply putting the agency on notice of "litigation" against it fails to satisfy the requirements that an administrative claim specific to the claim at issue must be filed with the agency.  *See Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) (rejecting the same argument made by the plaintiffs here: "[A]lthough her first complaint may have given the agency 'notice' in one sense of the word, it did not give the agency the timely notice of a live controversy that would have allowed the agency to investigate administratively . . . . Plaintiff has not only failed to comply with the letter of 28 U.S.C. § 2675(a), she has, despite her argument to the contrary, failed to comply with the statute's spirit and purpose.").  Moreover, the complaint in CA 05-4181does not provide the information required for a valid administrative claim that satisfies 28 U.S.C. § 2675(a).  The complaint does not include a sum certain of damages claimed by each claimant.  Additionally, the substance of the allegations of negligence in CA 05-4181 differs from the allegations in this action.[9]  Submission of CA 05-4181 as part of a FOIA request to the agency did not put the agency on notice that the FOIA request was intended to be an administrative tort claim. Accordingly, because plaintiffs have failed to exhaust their administrative remedies under the FTCA, the Court plainly lacks subject matter jurisdiction.  *Montoya*, 841 F.2d at 104; *Martinez*, 728 F.2d at 697; *Gregory*, 634 F.2d at 203-04.

---

[9] While there is some overlap between later amendments to the complaint in CA 05-4181 and the present action, the allegations in the original complaint do not match those in the present action.

## C.  PLAINTIFF'S FEBRUARY 17, 2006, LETTER IS NOT A
## VALID FTCA ADMINISTRATIVE CLAIM.

The plaintiffs next argue that their February 17, 2006, letter to the Army Corps of

Engineers was their "functional equivalents" of claims, and as such, this Complaint is timely.

Plaintiffs aver the following:

> [O]n February 17, 2006, by letter of the same date, sent "certified, return
> receipt requested", plaintiffs' Attorney-in-Fact presented claims in writing
> to the United States of America through its agency and instrumentality, The
> U.S. Army Corps of Engineers, in the sum certain of $2,500,000 for each individual
> claim.  Plaintiffs aver that the aforesaid letter was received by the U.S. Army
> Corps of Engineers on March 1, 2006.  Today's date, September 8, 2006 is more
> than six (6) months since plaintiffs' "functional equivalents" of claims in writing
> for sum certain were presented to and received by the U.S. Army Corps of Engineers
> and plaintiffs opt to deem that passage of time, and the agency's failure to act on
> their claims, as denials of their claims.  Accordingly, plaintiffs aver that this Civil
> Action against the United States of America is timely and proper under the
> circumstances.  Plaintiffs attach as Exhibit A (1-17), the referenced letter of
> February 17, 2006 and the return receipt dated March 1, 2006.

Compl. ¶ XXII.

In the Fifth Circuit, to be a validly filed administrative claim under the FTCA, the

plaintiff must "(1) give[] the agency written notice of the claim sufficient to enable the agency to

investigate and (2) place[] a value on the claim." *Graubarth,* 2005 WL 3543763 at *2, quoting

*Wardsworth,* 721 F.2d at 505-06.  Mr. O'Dwyer's 17-page letter of February 17, 2006, attached

to the Complaint, sent to the Army Corps of Engineers and the Federal Emergency Management

Agency, fails to fulfill these requirements.  The letter provides a conclusory statement that "[t]he

above-identified individual claims against your agencies include claims arising out of the

deficient preparations for and deficient response to Hurricane KATRINA and its aftermath by

your agencies, which caused damages to my clients."  Letter at 17.  Apart from listing at least

13

604 potential claimants, stating a litany of alleged bases for jurisdiction, providing a list of

generalized damages, and providing a sum certain of $2.5 million for each claimant, nothing else

is provided in the letter.

The Army was unable to investigate these potential claims with such scant information

because the letter fails to state where the claimants incurred their alleged damages, the nature of

their individual damages (personal injury, property damage, wrongful death), when their damages

occurred, and the exact nature of the United States' alleged negligence resulting in their damages.

As such, the Army mailed a letter to Mr. O'Dwyer on March 22, 2006, informing him that the

individuals named in his letter have not submitted valid FTCA administrative tort claims for the

following reasons:

> 1.  Proof that you legally represent each individual listed as a claimant
> was not provided with your letter[].  28 C.F.R. § 14.2(a).  Further, for
> any individual asserting a claim for wrongful death or survival actions,
> appropriate testamentary letters granting that individual the authority to file
> a claim on behalf of the decedent or their heirs must be submitted with their
> claim.  28 C.F.R. § 14.3(c).
>
> 2.  Listed individuals have failed to submit to this Agency adequate information
> that would allow us to thoroughly investigate their alleged claims.  Specifically,
> your letter[] state[s] that individuals are claiming for loss or damage to their real
> and/or personal property.  However, no evidence was provided that: (a) identifies
> the address of the real property or location of the personal property that was
> damaged or destroyed; (b) demonstrates the lawful owner of the real or personal
> property; (c) identifies exactly what was damaged or destroyed; and (d) specifically
> explains how the Army caused the individuals' real and/or personal property losses
> or damages.  Further, for the alleged death of an individual, you must state the
> circumstances of the death and how the Army was responsible for that individual's
> death.  28 C.F.R. § 14.4.

Exhibit 5.

On March 28, 2006, Mr. O'Dwyer responded to the Army's March 22, 2006, letter with

14

the following:

> [M]y clients and I view your letter as insulting.  Does the U.S. Army Corps
> of Engineers really believe that I would risk criminal prosecution by representing
> to you that I have authority to speak on behalf of people who have not authorized
> me to do so, either directly or through a duly-authorized family representative?
> Ask me anything you or the COE might want to know about any claimant, and
> I will respond to your request(s) for additional information in due course.  In
> the meantime, my clients and I are treating your letter as constituting formal
> denial of our claims by the Corps of Engineers, and we intend to so inform
> Judge Duval.

Exhibit 6.

Despite Mr. O'Dwyer's statement that he would respond to the Army's request for additional information "about any claimant," he has failed to provide any responsive information that would allow the Army to properly investigate his clients' potential claims.  More specifically, it was impossible for the Army to investigate the plaintiffs' potential claims because Mr. O'Dwyer did nothing more than provide a conclusory statement regarding the nature of the Army's alleged negligence that caused his clients' alleged damages; did not provide each claimants' address where the real or personal property was damaged or destroyed; did not identify the lawful owner for each real or personal property that was damaged or destroyed; did not identify exactly what was damaged or destroyed for each claimant; did not explain how the Army's alleged negligence caused each claimants' real or personal property losses or damages; did not identify which claimants were injured or died; did not identify how the Army was responsible for each claimant's personal injuries or death; did not explain the circumstances of each claimant's personal injuries or death; did not identify the date when each claimant sustained their real or personal property losses, personal injuries or when he/she died; did not identify any decedent's lawful heirs seeking compensation from the United States; and did not describe with

15

any specificity how he arrived at the monetary damages attributable to each individual claimant.

Therefore, the plaintiffs have failed to exhaust their administrative remedies under the FTCA because they did not provide the Army with sufficient information for it to adequately investigate their potential claims and assign a value to those claims. *Romulus v. United States*, 983 F. Supp. 336, 340 (E.D.N.Y. 1997), *aff'd*, 160 F.3d 131, 132 (2d Cir. 1998), citing *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980), *on rehearing*, 622 F.2d 197 (5th Cir. 1980) (The district court found that "the *Adams* rationale is the proper interpretation of the presentment requirement in § 2675(a)," and held that the claim must be written, state a sum certain, and "sufficiently describe the claim so that the agency can 'investigate and ascertain the strength of a claim.'" The district court found that this standard was not met where plaintiff merely filed a conclusory claim that made agency evaluation impossible, and did not comply with agency requests for additional information.).[10]  Here, the plaintiffs have clearly failed to comply with the minimal administrative requirements for a properly filed claim under 28 U.S.C. § 2675.  Indeed, the filing of a deficient administrative claim is tantamount to no filing at all. *Industrial Indemnity Co. v. U.S.*, 504 F.Supp. 394 (E.D.Cal. 1980).  Accordingly, this Complaint is premature and the Court lacks subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106,

---

[10] *See also, Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992) (Plaintiff's administrative claim was found insufficient because it did not provide enough specific information to the agency about the claim.  Although plaintiff stated in general terms that he was harassed by the Post Office after making a complaint to OSHA because OSHA negligently revealed his name to the Post Office, he did not give the location or date of his complaint nor that of OSHA's alleged negligent disclosure); *Tidd v. United States*, 786 F.2d 1565 (11th Cir. 1986) (In a claim for death due to a swine flu vaccination, the claimant's Form 95 failed to provide the correct information concerning the date of the incident, the name of the program or the service providing the inoculation or other details.  The court held that the claim failed to meet the statutory standard of giving proper notice under § 2675, as set forth in *Adams v. United States*, 615 F.2d 284 (5th Cir. 1980)).

113 (1993)(the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Adams*, 615 F.2d at 290; *Montoya*, 841 F.2d at 104; *Martinez*, 728 F.2d at 697; *Gregory*, 634 F.2d at 203-04.

## II.  IF THE SAA APPLIES, IT IS ONLY THROUGH THE AEA AND PLAINTIFFS' FAILURE TO COMPLY WITH THE AEA'S ADMINISTRATIVE EXHAUSTION REQUIREMENT COMPELS DISMISSAL.

Plaintiffs assert that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333(1), and the Suits in Admiralty Act (SAA) (46 U.S.C. § 741, et seq.), "by virtue of the following maritime torts which were committed against plaintiffs, their loved ones, and their property, by defendant:"

> 1)  Defective and negligent design, construction, operation, inspection and maintenance of an entire navigable waterway system, including levees and retaining wall structures, consisting of the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a "The Industrial Canal"), the London Avenue Canal, the Orleans Avenue Canal and the 17th Street Canal, their environs and tributaries;

> 2)  Negligent failure to contain the navigable waters of the United States identified, *supra*;

> 3)  Negligent dredging of the navigable waters of the Untied (sic) States identified, *supra*;

Compl. ¶ V.  The plaintiffs further aver that "assuming admiralty and maritime jurisdiction, and the applicability of the Suits in Admiralty act to the claims herein asserted, plaintiffs are entitled to bring this action without any prior exhaustion of administrative remedies."  Compl. ¶ XXIII. The plaintiffs' claims do not lie under 28 U.S.C. § 1333(1) or the SAA.  Admiralty jurisdiction, if at all, lies under the Admiralty Extension Act (AEA) which requires the exhaustion of administrative remedies before filing suit.  The plaintiffs have failed to meet that burden.

17

## A.  IF THE SAA APPLIES IT IS ONLY THROUGH THE AEA.

Federal admiralty jurisdiction for tort claims for damages will not lie under 28 U.S.C. §
1333(1) because the injury alleged by the plaintiff was not "'wholly' sustained on navigable
waters."  *See Grubart v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527 (1995).  Under the
"traditional test for admiralty tort jurisdiction" not only was it necessary that the tort occur in
navigable waters but it was also necessary "that the injury . . . be 'wholly' sustained on navigable
waters."  *Grubart*, 513 U.S. at 531-32.  The traditional rule was modified by the AEA, which
provides that "the admiralty and maritime jurisdiction of the United States shall extend to and
include all cases of damage or injury . . . caused by a vessel on navigable water, notwithstanding
that such damage or injury be done or consummated on land."  *Id.* at 532 (quoting 46 U.S.C.
App. § 740).  The injuries alleged by the plaintiffs, and the class they represent, were not
"'wholly' sustained on navigable waters."  *Id.*; cf. Compl. ¶ I (describing "class action for money
damages arising out of the destruction of a major Metropolitan Area),  ¶ III (describing plaintiffs
as representative of proposed class of "[c]itizens and/or residents of the Parishes of Orleans,
Jefferson and St. Bernard, State of Louisiana.").  Thus, as *Grubart* makes clear, if admiralty
jurisdiction exists here, if at all, it must exist pursuant to the AEA.[11]

---

[11] The plaintiff's allegation that the United States negligently designed, constructed,
operated, inspected and maintained an "entire navigable waterway system, including levees and
retaining wall structures" and negligently failed to contain those navigable waters, is nothing
more than an attack on the design, construction and maintenance of the LPVHPP.  The
application of the SAA to the plaintiffs' potential claims regarding this issue has already been
analyzed and rejected by Judge Berrigan in the related case of *In the Matter of the Complaint of
Ingram Barge*, 435 F. Supp. 2d 524 (E.D. La. 2006).  For a more thorough discussion of the
inapplicability of the SAA to the dredging and other issues regarding the plaintiffs' potential
claims, the Court is respectfully referred to ¶ III D of the United States' Motion to Dismiss in
*O'Dwyer*, CA 06-4024, Doc. Rec. No. 1405.  Exhibit 1.

## B.  PLAINTIFFS HAVE FAILED TO EXHAUST THE AEA ADMINISTRATIVE REQUIREMENT.

Even if the AEA is applicable to the plaintiffs' potential claims, their claims would be barred because they have failed to exhaust their administrative remedy under the AEA.  The AEA specifically provides that "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage."  46 U.S.C. App. § 740. These requirements are jurisdictional.  *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991).  Moreover, courts have long considered the AEA administrative claim requirements as being consistent with those contained in the FTCA.  *See Keene Corp. v. United States*, 700 F.2d 836, 843 n. 12 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983) ("Like the FTCA, the AJEA requires submission of a notice of claim to the appropriate agency prior to filing suit in the district court. [Plaintiff's] Amended notice does not constitute an adequate "claim" under the AJEA for the same reason that it fails to satisfy the FTCA notice requirements."); *In the Matter of the Complaint of Ingram Barge*, 435 F. Supp. 2d at 526 ("The AEA contains an explicit administrative exhaustion requirement that mirrors that of the FTCA."); *Noble v. Penns Landing Corp.*, 1992 A.M.C. 721 (E.D. Pa. 1991) (Administrative claim requirement does not apply to filing of third-party complaint following, by analogy, procedure under the FTCA.).

Although Maureen O'Dwyer has exhausted her administrative remedy under the FTCA, and by analogy the AEA, due to the fact that she filed a separate claim over six months ago with the appropriate federal agency providing them with sufficient notice to investigate her claim, the

remaining plaintiffs in the case at bar have not.[12]  Although 46 U.S.C. App. § 740 does not state

what is required for providing notice of a claim, the following case is illustrative of what

qualifies as a written presentation of a claim under the AEA.  In the Eastern District of

Pennsylvania, the Court, in holding that the administrative claim requirement of the AEA does

not apply to the filing of a third-party complaint following, by analogy, the procedure under the

FTCA, opined that:

> [T]he Act [AEA] requires written presentation of "the claim" to the appropriate
> federal agency. The Nobles satisfied this requirement by submitting a
> "Claim for Damage, Injury, or Death" to the U.S. Coast Guard Department
> of Transportation on August 1, 1990.  The claim explained that the accident
> had occurred on Sunday, July 15, 1990 at 4:15 p.m., at Penns Landing, at
> which time Mr. Noble "fell from [an] improperly secured gangplank on
> USCGC Eagle." The claim informed the United States that Mr. Noble had
> suffered fractured ribs and other injuries, the extent of which was not yet
> determined, and that they requested $1,000,000.00 in personal injury
> damages. . . . The Admiralty Extension Act does not require anything more
> than presentation of "the claim," which the Nobles provided.

*Noble*, 1992 A.M.C. at 721.

Thus, as evidenced by the *Noble* case, a properly presented written claim under the AEA,

just like the FTCA, includes the date of the accident, the location of the accident, the

circumstances surrounding the claimant's injury, the nature of the claimant's injuries, and a

monetary sum certain for specific injuries.  Accordingly, Mr. O'Dwyer's February 17, 2006,

letter fails to provide sufficient written notice to the Army for it to investigate his clients'

potential claims under the AEA for the same reasons discussed in ¶ 1C, herein, pursuant to the

FTCA.  Therefore, this Complaint is premature because plaintiffs have failed to provide the

---

[12] Maureen O'Dwyer's claim referenced here is the subject of *O'Dwyer,* CA 06-4024.
Exhibit 2.

United States with proper notice of their written administrative claims six months before filing suit.  46 U.S.C. App. § 740; *Loeber,* 924 F.2d at 1342.   Accordingly, this Court lacks subject matter jurisdiction. *Id.*

### III.  PLAINTIFFS HAVE NO OTHER VIABLE BASIS UPON WHICH TO ASSERT SUBJECT MATTER JURISDICTION.

Even if the plaintiffs had exhausted their administrative remedies before filing suit, those claims would be barred by the Flood Control Act, 33 U.S.C. § 702(a), which provides immunity from damage from floods or flood waters.  Additionally, their suit would also be barred by an express exception to the FTCA: 28 U.S.C. § 2680(a).  This exception precludes claims challenging the execution of a statute or regulation with due care[13] or challenging the performance of a discretionary function.[14]  Nor could plaintiffs' claims proceed as an unjust taking of their property pursuant to the Fifth Amendment to the United States Constitution because their property was not put to use for the public good and, in any event, jurisdiction would not lie in the district court.  *Lucas v. South Carolina Coast Council*, 505 U.S. 1003, 1019 (1992); 28 U.S.C. § 1346(a)(2).  Lastly, plaintiffs' reliance on other federal and state statutes is

---

[13] Plaintiffs aver that the "U.S. Army Corps of Engineers negligently did or failed to . . . discharge the statutory obligations as outlined in The Rivers and Harbors Appropriation Act of 1899 (33 U.S.C. §401, et seq.)."  Compl. ¶ XXV 1.  This argument fails because it challenges the execution of a statute or regulation with "due care"for the same reasons as discussed in ¶ II A in the United States Motion to Dismiss in *O'Dwyer*, CA 06-4024, Doc. Rec. No. 1405.  Exhibit 1.

[14] The plaintiffs make 28 conclusory allegations in ¶ XXV 2-29 of their Complaint that, if taken as true, are without merit because they are discretionary acts or omissions that are grounded in considerations of policy, and are thus, excluded under the FTCA for similar reasons as argued in ¶ II B of the United States Motion to Dismiss in *O'Dwyer*, CA 06-4024, Doc. Rec. No. 1405.  Exhibit 1.

21

equally misplaced.[15]

Because this Complaint is effectively an amendment to Maureen O'Dwyer's previously filed Complaint which is the subject of extensive briefing on a Motion to Dismiss the United States in *O'Dwyer v. United States*, CA 06-4024, Doc. Rec. No. 1405, pending before this Court, the United States respectfully requests  the Court consolidate this present Complaint and Motion to Dismiss with CA 06-4024.

---

[15] The United States respectfully refers the Court to ¶¶ I - III of the United States' Motion to Dismiss in *O'Dwyer*, CA 06-4024, Doc. Rec. No. 1405, for a more thorough discussion of these issues.  Exhibit 1.

## CONCLUSION

For these reasons, the United States' Motion to Dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

s/ James F. McConnon, Jr.
JAMES F. MCCONNON, JR.
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 353-2604
(202) 616-5200 (fax)
jim.mcconnon@usdoj.gov
Attorneys for Defendant United States

November 20, 2006

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on November 20, 2006, I served a true copy of "United States' Memorandum in Support of its Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.


/s/ James F. McConnon, Jr.
James F. McConnon, Jr.

24