# Exhibit 4

Case 2:05-cv-04182-SRD-JCW   Document 1695-5   Filed 11/29/06   Page 2 of 3
Case 2:05-cv-04182-SRD-JCW   Document 543-4   Filed 06/12/2006   Page 19 of 34
Case 2:05-cv-04419-HGB-JCW   Document 161   Filed 05/25/2006   Page 1 of 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF INGRAM BARGE COMPANY, AS OWNER OF THE ING4727, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>No. 05-4419<br><br>SECTION "C" |

ORDER

Before the Court is the United States' Motion to Dismiss for lack of subject matter jurisdiction (Rec. Doc. 88). The government contends that claimants have failed to exhaust their administrative remedies as required for this Court to assert jurisdiction under various federal statutes including the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), 2671-2680 ("FTCA"). For the following reasons, the motion is **GRANTED**.

Background:

The allegations in this case arise out of the damage caused by the flooding that ravaged New Orleans after Hurricane Katrina. In particular, this action concerns the injuries to people and property resulting from the flooding of the Industrial Canal, the Mississippi River Gulf Outlet ("MRGO"), and the Gulf Intracoastal Waterway ("GICW") which was allegedly caused

1

Case 2:05-cv-04182-SRD-JCW   Document 1695-5   Filed 11/20/06   Page 3 of 3
Case 2:05-cv-04182-SRD-JCW   Document 543-4   Filed 06/12/2006   Page 23 of 34
Case 2:05-cv-04419-HGB-JCW   Document 161   Filed 05/25/2006   Page 5 of 12

when the injury was caused "by a vessel" and "her appurtenances." <u>Egorov, et. al., v. Terriberry, Carroll, et. al.</u>, 183 F.3d 453, 456 (5th Cir. 1999). The AEA contains an explicit administrative exhaustion requirement that mirrors that of the FTCA.

In sum, negligence claims against the United States that do not arise under this Court's admiralty jurisdiction are filed pursuant to the FTCA and require administrative exhaustion. Negligence claims against the United States that *do* arise under this Court's admiralty jurisdiction will require exhaustion only if the allegation involves damages on land *caused by a vessel*. If the claim alleges damage on land caused by a vessel, the claim arises under the AEA and requires administrative exhaustion. If the claim does not involve damage caused by a vessel, but nonetheless still arises under the Court's admiralty jurisdiction, as claimants contend, the claim is made pursuant to the SAA and does not require administrative exhaustion.[3]

<u>Jurisdictional Analysis of barge-related claims</u>:

Throughout history, Congress and the Supreme Court have continuously reshaped the

---

[3] As a factual matter, the Court finds that claimants have not in fact fulfilled the procedural administrative requirements set forth in the various statutes under which they seek jurisdiction. Claimants contend that a letter sent on October 12, 2005 to the Army Corps of Engineers constitutes the filing of an administrative claim. This letter is clearly a FOIA request which does not constitute a proper administrative claim. The filing of a deficient administrative claim is tantamount to no filing at all. <u>Industrial Indemnity Co. v. United States</u>, 504 F.Supp. 394 (E.D.Cal. 1980). Claimants additionally argue that they subsequently filed a proper administrative claim (as early as January 10, 2006) which they claim was "denied" by the agency via a letter to claimants' counsel Mr. O'Dwyer which stated, "Your clients have not filed a valid FTCA administrative claim" citing procedural deficiencies. Whether or not claimants' January 10th submissions constitute a valid administrative claim, they certainly have not been finally denied by the agency, nor has six months passed since a valid claim was filed. The statutory requirements to establish jurisdiction in this case have not been met.