FILED

'05 JUP -7 A 11:00

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2004-17143               DIVISION "F"               SECTION 10

BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT

VERSUS

CITY OF NEW ORLEANS, BY AND THROUGH THE NEW ORLEANS
PUBLIC BELT RAILROAD COMMISSION, CSX TRANSPORTATION, INC.,
AND THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

FILED:_____      _____
                                   DEPUTY CLERK

### AFFIDAVIT OF JIM BRIDGER

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the undersigned authority, personally came and appeared:

JIM BRIDGER

who, being first duly sworn, did depose and say that:

    1.    Affiant is the General Manager (Chief Executive Officer) of the Public Belt Railroad Commission for the City of New Orleans (the "Public Belt"). Affiant has been employed in his current position since 11-19-01. (J.B.)

    2.    The Public Belt is a publicly owned and operated terminal switching railroad, and a political subdivision of the State of Louisiana. It provides services in the Parishes of Jefferson and Orleans in the State of Louisiana. The Public Belt is a defendant in the above-captioned litigation.

    3.    On September 11, 2004, some of the rail cars in a train operated by Public Belt employees derailed near the Industrial Canal in New Orleans, Louisiana.

    4.    At least one of the derailed cars struck and damaged Floodgate W-30 and the support system of that floodgate, causing damage to the structure.

    5.    Attachment "A" hereto is a copy of the front and back sides of Public Belt check no. 50322, dated December 10, 2004 and payable to the "Orleans Levee Board," in the amount of $427,387.96. The back of the check indicates the check was endorsed by the Levee Board and deposited in its account at the Whitney National Bank.



EXHIBIT 1

6. Attachment "B" hereto is a copy of my letter of December 14, 2004 to Max Hearn, the Executive Director of the Orleans Levee Board. Attachment "A", the check payable to the Levee Board, was enclosed with my letter of December 14, 2004, and both were hand delivered on that date to Mr. Hearn at the Levee Board office.

7. On December 10, 2004, the Levee Board faxed a document captioned "Estimated Costs to Reconstruct Floodgate W-30" to the Public Belt office. That estimate is Attachment "C" hereto. That Levee Board estimate stated that the estimated cost to reconstruct Floodgate W-30 was $427,387.96.

8. That same date, December 10, 2004, the claims manager of the Public Belt, John Morrow, wrote an interoffice memorandum to the Public Belt Accounting Department, requesting the issuance of a check in the amount of $427,387.96, payable to the Orleans Levee Board, "to reimburse the Board for damage to the Floodgate W-30 by the NOPB derailment on September 11, 2004." That December 10, 2004 memorandum is Attachment "D" hereto.

9. My December 14, 2004 letter to Mr. Hearn (Attachment "B" hereto) transmitting the $427,387.96 check stated, in part: "Realizing that this is indeed an 'estimate', the New Orleans Public Belt Railroad will process an additional check, if need be, for the difference if the repairs to the floodgate exceed this amount. Likewise, the Public Belt Railroad would appreciate a refund should any monies remain after the repairs are made."

10. In a telephone conversation prior to my December 14, 2004, letter, Mr. Hearn and I agreed that, in full satisfaction of the Levee Board's claim for damage to Floodgate W-30, the floodwall and the floodgate support system, the Public Belt would pay the $427,387.96 estimated by the Levee Board as the cost to reconstruct the floodwall, Floodgate W-30 and the floodgate support system. We further agreed that if the actual costs were greater than that, the Public Belt would pay the difference between the actual amount and the estimated costs; and on the other hand, if the actual costs were less than the estimated costs, the Levee Board would refund the amount of the difference to the Public Belt. The Public Belt did not, and does not, acknowledge liability or fault for the damage to Floodgate W-30, the floodwall, or the floodgate support system.

11. Attachment "E" hereto is a December 15, 2004, letter which I received from Gerard A. Metzger, Counsel for the Levee Board in the captioned litigation.

12. The documents attached hereto as Attachments "A" through "E" are business records from the files of the Public Belt. As the General Manager of the Public Belt, I have custody and control of such business records, including Attachments "A" through "E".

13. The repairs to the floodwall, to Floodgate W-30, and to the floodgate support structure have been completed. The Levee Board has made no request to the Public Belt for payment of the cost of such repairs, in addition to the $427,387.96 already

paid by the Public Belt to the Levee Board for that purpose.

FILED
SEP -7 A 11:00

_____
JIM BRIDGER

SWORN TO AND SUBSCRIBED

BEFORE ME, THIS 6th DAY

OF September, 2006.

_Susan D. Gainey_
NOTARY PUBLIC

SUSAN D. GAINEY
NOTARY PUBLIC No. 67641
ST. BERNARD PARISH, LOUISIANA
My Commission is for Life.