UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN FONTENOT AND | * | CIVIL ACTION NO.: 06-6872 |
| KIM FONTENOT | * | |
| | * | SECTION: "R" |
| VERSUS | * | |
| | * | JUDGE: SARAH S. VANCE |
| AUTO CLUB FAMILY INSURANCE | * | |
| COMPANY | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, JOHN FONTENOT and KIM FONTENOT, who respectfully request this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action of breach of contract, breach of fiduciary duty, and/or bad faith, committed by the defendant, AUTO CLUB FAMILY INSURANCE COMPANY (hereinafter "AUTO CLUB").

In their petition filed with the Civil District Court for the Parish of Orleans, the plaintiffs allege various theories of recovery against the defendant, AUTO CLUB, for damages done to

their home as a result of events both related and unrelated to Hurricane Katrina. These are strictly homeowner's insurance claims against the defendant, AUTO CLUB. Plaintiffs have not asserted any claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

In fact, the plaintiffs have been paid one hundred (100%) percent of their flood dwelling and content limits by a separate and distinct flood insurer. As such, there is no dispute with this defendant regarding the handling of plaintiffs' flood insurance claim.

Plaintiffs filed their petition on August 23, 2006. And on September 29, 2006, the defendant, AUTO CLUB, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II. LEGAL STANDARDS

### A. REMOVAL

A defendant may generally move a civil action in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R&H Oil & Gas Company*, 63 F.3rd 1326, 1335 (5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. *Frank v. Bear Stearns & Co.*, 128 F.3rd 919, 922 (5th Cir. 1997); *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs' properly completed complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3rd 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "....if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3rd 448, 456 (5th Cir. 1996).

"....[i]f the right for removal is doubtful, the case should be remanded." *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992) (citation omitted); *Vasquez v. Alto Bonito gravel Plant Corp.*, 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

**B.    REMOVAL IS IMPROPER UNDER 28 U.S.C. SECTION 1269(a) AND/OR 28 U.S.C. SECTION 1441(e)(1)(B).**

The defendant, AUTO CLUB, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision at 28 U.S.C. 1369, the Multiparty Multiforum Trial Jurisdiction Act (MMTJA). Alternatively, the defendant argues that 28 U.S.C. Section 1441 (e)(1)(B) allows a type of "piggyback" removal of a state court claim to the federal district court, where a Section 1369 case is pending, even if the state court claim could not itself have been removed under Section 1369. The defendant's position is erroneous.

28 U.S.C. Section 1369(a) states:

> **The district court shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least seventy-five natural persons had died in the accident**

**at a discrete location, if (1) a defendant resides in a State or other location, regardless of whether the defendant is also a resident of the state where a substantial part of the accident took place; (2) any two defendants reside in different states, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States."**

"Minimal diversity" is present under Section 1369 if any plaintiff and any defendant are diverse. 28 U.S.C. Section 1369(c)(1). An "accident" under Section 1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discreet location by at least seventy-five natural persons." 28 U.S.C. Section 1369(c)(4).

However, 28 U.S.C. Section 1369(b) requires a federal court to abstain from exercising its Section 1369(a) jurisdiction if (1) a substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State. In addition, the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs nor many defendants. See *Chehardy v. Wooley*, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.); *Southern Athletic Club, LLC v. Hanover Insurance Company*, 2006 WL 2583406 (E.D. La. 2006).

The instant matter involves two plaintiffs, a husband and wife with a single homeowner's insurance policy, and a single defendant. "….the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants. *Willhoft v. Kert Leblanc Insurance Agency*, No. 2:06-cv-1235 (E.D. La. July 3, 2006) (***remand granted on this ground***). The identical reasoning applies to this case.

In addition, the dispute is over homeowner's insurance coverage and whether the insurance company acted appropriately in the handling of the plaintiffs' insurance affairs, i.e., issues that are governed by the laws of a single state. There is absolutely no indication that the adjudication of the present suit in a state court forum would lead to inconsistent awards with

suits in other forums. As such, application of the MMTJA to this matter serves no significant purpose.

Furthermore, Hurricane Katrina has not been found to be an "accident" under Section 1369. In *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 2006 WL 2375593 (E.D. La. 2006), the Court disagreed with the insurance company's contention that the Court in *Chehardy* found that Hurricane Katrina satisfied the definition of an accident under Section 1369. Further, the Court in *Flint* stated that the Court of Appeals never reached the conclusion that hurricane met the definition of a Section 1369 accident in *Wallace v. Louisiana Citizens Property Insurance Company*, 444 F.3rd 697 (5th Cir. 2006). The Court in *Flint* declined to interpret the statutory definition of an accident so broadly as to classify Hurricane Katrina as an accident. This very same conclusion has been reached on many occasions in the Eastern District in removal cases. See *e.g. Southern Athletic Club v. Hanover Insurance Company, supra., Southall v. St. Paul Travelers Insurance Company*, 2006 WL 2385365 (E.D. La.).

As an alternative to this very weak assertion, the defendant contends that there is "piggyback" jurisdiction under the MMTJA and 28 U.S.C. Section 1441 (e)(1)(B) because AUTO CLUB is a defendant in an action pending in this Court which allegedly involves similar issues and over which the Court has jurisdiction under Section 1369(a).

Again, however, the instant matter is a simple homeowner's insurance claim. It has nothing whatsoever to do with any other matter pending before this or any other court in the Eastern District of Louisiana. To that end, the very same argument made by the defendant in this case has been repeatedly rejected by other sections of this Court. *Southern Athletic Club v. Hanover Insurance Company, supra.*; *Southall v. St. Paul Travelers Insurance Company, supra.*; *Flint v. Louisiana Farm Bureau Insurance Company, supra.*

### III. CONCLUSION

For the above and foregoing reasons, plaintiffs respectfully pray that their Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully Submitted,

_____
JOHN L. FONTENOT (#26640)
701 Poydras Street – Suite 4500
New Orleans, Louisiana 70139
Telephone:   (504) 585-0274
Facsimile:   (504) 566-0210

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 11 day of October, 2006, served a copy of the foregoing on all counsel for record via the United States Postal Service, properly addressed and postage prepaid.

_____
JOHN L. FONTENOT