```
                          FILED
                    U.S. DISTRICT COURT
                  EASTERN DISTRICT OF LA

                    2006 OCT 24  PM 2:15

                     LORETTA G. WHYTE
                          CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN FONTENOT AND** | * | |
| **KIM FONTENOT** | * | **CIVIL ACTION NO.: 06-6872** |
| | * | |
| | * | **SECTION "R"; MAG. 4** |
| **VERSUS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **AUTO CLUB FAMILY INSURANCE** | * | **MAG. JUDGE KAREN WELLS ROBY** |
| **COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendant, Auto Club Family Insurance Company ("ACFIC"), respectfully submits this Memorandum in Opposition to the Motion to Remand filed by the Plaintiffs. This Court has subject matter jurisdiction under 28 U.S.C. § 1369 and/or 1441(e)(1)(B). Accordingly, the Motion to Remand should be denied.

### BACKGROUND FACTS

The property which is the basis of this lawsuit is located at 6611 Canal Boulevard, New Orleans, Louisiana, in the Lakeview area of New Orleans. When the 17th Street Canal levee accidentally breached following Hurricane Katrina, the Plaintiffs' home was flooded with



approximately 8 to 10 feet of water. As the Court well knows, the breach of the 17th Street Canal levee resulted in the deaths of substantially more than seventy-five individuals.

The Plaintiffs have settled with their flood insurer for the policy limits of that policy, but have filed the instant lawsuit against their homeowners' insurer, ACFIC, for damages allegedly covered by the ACFIC policy.

## MULTIPARTY MULTIFORUM TRIAL JURISDICTION ACT (28 U.S.C. § 1369) GRANTS JURISDICTION TO THIS COURT

28 U.S.C. § 1369 ("MMTJA") reads in pertinent part:

(a) **In general.** The district court shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if-
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> (3) substantial parts of the accident took place in different States.

(b) **Limitation of jurisdiction of district courts.-** The district court shall abstain from hearing any civil action described in subsection (a) in which—

> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
> (2) the claims asserted will be governed by the laws of that State.

(c) **Special rules and definitions** – For purposes of this section --

> (4) the term "accident" means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons.

Defendants respectfully submit that the requirements of the MMTJA are satisfied in this case.

It should initially be noted, however, that even if this matter standing alone could not be brought under the MMTJA, 28 U.S.C. §1441(e)(1)(B) grants this Court supplemental jurisdiction in this matter. 28 U.S.C. §1441(e)(1) states:

>(e)(1) Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division of the United States for the district and division embracing the place where the action is pending if –
>
>>(A) the action could have been brought in a United States district court under section 1369 of this title; or
>>(B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The case of *Winston Aaron, Sr. and Donna Aaron, et al. versus AIG Centennial Insurance Company, et al.*, Docket No. 06-4746, is pending in this same court and section. Jurisdiction in the *Aaron* case is based on §1369, and there are multiple plaintiffs and multiple defendants. ACFIC is one of the defendants named in the *Aaron* case. Under 1441(e)(1)(B), this Court has jurisdiction because this case arises out of the same accident (i.e the breach of the levees and/or winds associated with Hurricane Katrina) as in the *Aaron* case, and ACFIC is already a party to that action brought under the MMTJA. In such situations, removal is proper "even if the action to be removed could not have been brought in a district court as an original matter."[1]

The case at bar is the very type of situation that (e)(1)(B) is intended to address. The Defendants' Petition for Removal sought not only the removal of the instant case, but also the consolidation of this case with the *Aaron* case. The Defendants' request for consolidation under 1441(e)(1)(B) is a distinction from many of the cases cited by the Plaintiffs in which other courts have refused to apply MMTJA.

---

[1] 28 U.S.C. § 1441 (e)(1)(B). Also see *Passa v. Derderian*, 308 F.Supp.2d 43, 63 (D.R.I. 2004), in which the Court denied a plaintiffs' motion to remand after a fire at a nightclub. The court held that one of the defendants had the right to remove the case to federal court based on 1441 (e)(1)(B) since it was already a party to another lawsuit filed in federal court arising from the same accident.

The Plaintiffs have represented to the Court that they have already recovered from their flood insurer, so there are no damages related to flood insurance coverage, only damage from wind. Nevertheless, the Plaintiffs' cause of action arises from the same accident as that claimed in the *Aaron* case since the plaintiffs in *Aaron* have alleged damage from both wind and water as a result of the breach of the levees. The phrase "arises from" is broad enough to include claims that are related to the accident which is the basis jurisdiction in the *Aaron* case. In *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 391 (5th Cir. 2002), the court stated, "'Arising out of' are words of much broader significance than 'caused by.' They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from,' or in short, 'incident to, or having connection with.'" Accordingly, the Plaintiffs' argument that their present claims are merely breach of contract claims that do not relate to the same issues present in the *Aaron* case do not take into account the broad jurisprudential interpretation of phrases such as "arises from." The plaintiffs' cause of action in this case clearly arises from the events of Hurricane Katrina and the subsequent levee breach.

Moreover, one of the critical issues in the case at bar will be whether the damage to the Plaintiffs' home was caused by a covered peril (such as wind) versus an excluded peril (such as rising water). As acknowledged by the Plaintiffs in their Petition for Damages (par. 20), ACFIC has denied coverage for many of the damages claimed by the Plaintiffs on the grounds that the damages were caused by rising waters from the breach of the levees. While the Plaintiffs may be of the belief that the damages were caused by wind (perhaps because there is no additional flood insurance on the home to recover), there is a very important issue that must be decided in this case and hundreds of other similar cases: whether property damages such as structural settlement of homes in the Lakeview and New Orleans area were the result of wind or the result of water.

-4-

The Plaintiffs may consider this one single insurance claim to be of minor significance, but the legal impact of this case and other similarly situated cases is potentially precedent setting, and the possibility of inconsistent verdicts from state court juries to federal court juries and judges should be a very real concern for the judiciary and the insurance industry. There are issues that are going to be decided, and expert testimony that will be forthcoming, in the *Aaron* case that would be helpful in determining the issues presented in the case at bar. For these reasons, the Plaintiffs' Motion to Remand should be denied, and this case consolidated with the *Aaron* case.

In addition to 1441 (e)(1)(B), the Defendants submit that this Court has original jurisdiction under MMTJA. There is clearly minimal diversity between the parties. The Plaintiffs are residents of the State of Louisiana. ACFIC is a Missouri corporation with its principal place of business in St. Louis, Missouri. Additionally, ACFIC resides in a state other than where the accident occurred.

There was a single accident which occurred at a discrete location. The term "accident" is defined in the MMTJA as "a sudden accident, **or natural event culminating in an accident, that results in death incurred at a discrete location by at least seventy-five natural persons.**" (emphasis added). Clearly, the breach of the 17th Street Canal levee was an accident which occurred only after a natural event (Hurricane Katrina), i.e. Hurricane Katrina culminated in a single accident (the breach of the levee). Consequently, the breach of the levee caused the deaths of more than 75 persons in the Lakeview and New Orleans area. Unlike many of the cases cited by the Plaintiffs in their Memorandum in Support of the Motion to Remand, this Court does not have to determine that Hurricane Katrina was an accident in itself; rather, the Court merely has to determine whether Hurricane Katrina (which was indisputably a "natural event") *culminated* in a single accident (which Defendants assert was the breach of the levee).

The Plaintiffs also argue that the Court must abstain from exercising jurisdiction under 1369 (b). The requirements of mandatory abstention are not met, however. 1369 (b) requires both that the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens and the claims asserted will be governed primarily by the laws of that State. Even if the Court believes that the second part of this provision is met, it is clear that the Plaintiffs are not citizens of the same state as the primary defendant since the Plaintiffs are Louisiana citizens and the defendant is a citizen of Missouri. Accordingly, the Court is not required to abstain from exercising jurisdiction in this case.

## CONCLUSION

The Plaintiffs' claims arise from the same accident at issue in the *Aaron* case which is already pending in this Court and in which ACFIC is already a party. Under 1441(e)(1)(B), the Defendants are entitled to remove this case to federal court and consolidate it with the *Aaron* case. Aside from supplemental jurisdiction under 1441 (e)(1)(B), Defendants assert that this Court has original jurisdiction under the MMTJA.

The Plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.

By: _____
THOMAS M. RICHARD (#2069)
JASON P. FOOTE (#25050)
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9550
**Attorney for Defendant, Auto Club Family Insurance Company**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 24th day of October, 2006, served a copy of the foregoing pleadings on counsel for all parties by:

( )  Hand Delivery        ( )  Prepaid U.S. Mail

(X)  Facsimile            ( )  Overnight Delivery

_____
JASON P. FOOTE

-7-