

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV -6  P 4: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN FONTENOT AND<br>KIM FONTENOT | * | CIVIL ACTION NO.: 06-6872 |
| | * | SECTION: "R" |
| VERSUS | * | |
| | * | JUDGE: SARAH S. VANCE |
| AUTO CLUB FAMILY INSURANCE<br>COMPANY | * | MAGISTRATE: KAREN WELLS ROBY |

### REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, JOHN FONTENOT and KIM FONTENOT, who file this brief in response to Auto Club Family Insurance Company's Memorandum in Opposition to Motion to Remand for the following reasons:

#### ARGUMENT

The plaintiffs maintain their original arguments as set forth in their Memorandum in Support of Motion to Remand. However, they feel compelled to add the following additional statements in order to address a number of the grossly inaccurate and flawed arguments made by the defendant.

With regard to jurisdiction under 28 U.S.C. Section 1369, Auto Club claims that the breach of the 17th Street Canal levee was an accident and that the breach of that particular levee

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

caused the death of more than 75 persons in a discrete location. According to published reports by the United States Corps of Engineers and public media sources, which the court took judicial notice of in the case of *Carroll v. Lafayette Insurance Co.*, 2006 WL 2663013 (E.D. La.), the Corps has admitted that the levee **breaches** were due to design, construction, and/or maintenance flaws. The defendant would be hard pressed to demonstrate that a single levee breach caused all of the flooding it relies upon as a defense in this matter. Multiple levee breaches and numerous other events contributed to the flooding in Lakeview and the New Orleans area. Even in the light most favorable to the defendant, it cannot satisfy the single accident/event requirement of Section 1369 because the flooding was the result of a series of events culminating in multiple accidents, not that of "an accident" as required by Section 1369. *Id.*

As for the number of deaths, it is accepted that more than 75 people died as a result of Hurricane Katrina. However, the defendant has not provided any support that would link 75 deaths to the breach of the 17th Street Canal. A review of the death maps printed by the Times Picayune show fewer than 50 deaths in the Lakeview area, and the maps do not provide any information on the exact cause of the death. Given the lack of support provided by the defendant and the vagueness of the available information, it is impossible for the defendant to satisfy this requirement of Section 1369. *See, e.g., Berry v. Allstate*, 2006 WL 2710588 (E.D. La.) Since there was a series of events culminating in multiple accidents, the "discrete location" requirement cannot be met either. *Carroll v. Lafayette Insurance Co.*, 2006 WL 2663013 (E.D. La.)

With regard to 28 U.S.C. Section 1441, the defendant has simply stated that the *Aaron* case is based on Section 1369. This is not enough. The defendant must demonstrate, through a comprehensive analysis of the governing requirements, that the *Aaron* case is an action which is

2

or could have been brought under Section 1369. *Id.; See also, Flint v. Louisiana Farm Bureau*, 2006 WL 2375593. The defendant's failure to properly demonstrate that it is a party to an action which is or could have been brought under Section 1369 means that it has failed to meet its burden to establish federal jurisdiction pursuant to Section 1441. *Id.*

The defendant has also failed to demonstrate that this case and the *Aaron* case arise from the same "accident". Based on comments made by the defendant, the *Aaron* case is based, in substantial part, on the 17th Street Canal levee breach. The present case has absolutely nothing to do with the 17th Street Canal levee breach. The present case is based upon damage to the structure at 6611 Canal Boulevard that a structural engineer has determined was caused solely by wind forces associated with Hurricane Katrina. The factual presentation, the experts, the damages, and the theories of recovery to be presented by the plaintiffs in this case will vary drastically from those of the *Aaron* case, and the defendant has failed to demonstrate otherwise. Consequently, subject matter jurisdiction pursuant to Section 1441 is not supported by Auto Club's status as a defendant in *Aaron*. *Carroll v. Lafayette Insurance Co.*, 2006 WL 2663013 (E.D. La.)

The defendants are of the belief that a request to consolidate this case with the *Aaron* case is able to magically cure the foregoing defects in their argument. This is simply not the case. *See, e.g., Berry v. Allstate*, 2006 WL 2710588 (E.D. La.) (wherein court determined that consolidation of case with no allegation of levee breach with levee breach case would not support removal under Section 1441). As noted above, the factual presentation, the experts, the damages, and the theories of recovery will differ in the two cases. As such, consolidation of this case with the *Aaron* case will only retard the progress of the cases. In addition, consolidation is

not necessary to prevent inconsistent findings and awards. And the fact that the defendant plans to use the same lame duck defense in all of its Hurricane Katrina cases does not change this.

## CONCLUSION

For the above and foregoing reasons, plaintiffs respectfully pray that their Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully Submitted,

JOHN L. FONTENOT (#26640)
701 Poydras Street – Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 585-0274
Facsimile: (504) 566-0210

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30 day of October, 2006, served a copy of the foregoing on all counsel for record via the United States Postal Service, properly addressed and postage prepaid.

JOHN L. FONTENOT

4