UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTON NO. 05-4182 "K"(2) |
| PERTAINS TO: | § § | JUDGE DUVAL |
| INSURANCE: *Aaron*, 06-4746 | § | MAG. WILKINSON |

## MEMORANDUM IN SUPPORT OF USAA'S MOTION TO SEVER

Over 1,870 Plaintiffs are joined in this suit, each asserting individual claims against any one of 109 separate insurance companies in this mass action regarding insurance claims practices in the aftermath of Hurricane Katrina. This mass joinder is highly improper, and runs counter to the Federal Rules of Civil Procedure. Each Plaintiff's claims are made against different Defendants, arise from a different transaction or occurrence from the transactions or occurrences asserted by every other named Plaintiff, and involve no common questions of fact or law with the claims asserted by the other Plaintiffs. In the interests of judicial efficiency and fairness, this Court should follow recent precedent within the Fifth Circuit in similar Katrina-related cases and order every named Plaintiff severed from all other Plaintiffs. Alternatively, at a minimum, the Court should sever the claims against USAA from the claims asserted against the other Defendants in this lawsuit.

1

**I.     BACKGROUND**

Defendants USAA Casualty Insurance Company and USAA General Indemnity Company (collectively "USAA") have been improperly joined with the other 100+ insurance companies named in this suit. Of the more than 1800 Plaintiffs, only a handful are, or may be insured by USAA.[1]

Each Plaintiff's claims arise out of a transaction and occurrence that is completely distinct from the circumstances giving rise to the claims asserted by every other Plaintiff. Plaintiffs allege that "[a]ll plaintiffs are and/or were owners of immoveable property . . . which sustained damage on or about August 29, 2005 as a result of Hurricane Katrina and have made claims for recovery of those damages pursuant to contracts of property, commercial, business, rental and/or flood insurance issued to them for the properties in question by one or more of the named defendant [sic]." (Complaint, ¶ 4.) Plaintiffs also assert that the Defendants "tendered insufficient and untimely payments to the plaintiffs, said tenders did not contemplate the complete scope of repairs, damages, including but not limited to post-Katrina unit cost, labor cost and material cost, overhead and profit for the contractor hired to do repairs, adequate compensation for the loss of contents and additional living expense, business interruption, business loss, loss of income, profits, rental income and other recoverable items to be shown at trial." (Complaint, ¶ 14.)

While these allegations are made globally, each Plaintiff had his or her own separate policy of insurance with only one of the Defendants. Plaintiffs' allegations cast broadly across the vastly different factual situations and circumstances under which the particular claims against the various

---

[1] There is no overlap between those Plaintiffs allegedly insured by USAA and other Defendants. Those Plaintiffs that were allegedly insured by USAA, according to representations from Plaintiffs' counsel, are: JoAnn & Noel Bradley, Stacy and Timothy Brewer, Olga Walker, and Kevin & Jann Wynne.

insurers arose. In short, the array of various insurance contracts, the particular character of Katrina-related damages, the damages claimed under specific breach of contract claims, proofs submitted, and settlement offers made by various carriers give rise to the guarantee that if each Plaintiff's claims are not severed, this Court will be dealing with approximately 1,870 unique claims in the unwieldy context of one gigantic lawsuit. Such a situation calls for severance.

## II.     AGRGUMENT AND CITATION OF AUTHORITY

### A.     Plaintiffs' Claims against USAA Are Improperly Joined.

Federal Rule 20 provides:

> All persons may join in one action as plaintiffs if they asset any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these person will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Rule 20 thereby imposes two specific requisites to joinder: (1) a right to relief must be asserted relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. *See Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001). Both requirements must be satisfied in order to sustain the joinder of a party under Rule 20(a). *Id.* When a court concludes that joinder is improper because the parties' claims do not arise out of the same transaction, it must order severance under Rule 21. *See* 4 James Wm. Moore, *Moore's Federal Practice*, § 20.02[6][d] (3d ed. 2006). In this lawsuit, Plaintiffs cannot fulfill either requirement of Rule 20.

### 1.     Plaintiffs' claims do not arise out of the same transaction or occurrence.

The simple fact that each Plaintiff suffered losses from Hurricane Katrina is not a "same transaction or occurrence" under Rule 20. When allegations arise from totally separate transactions,

3

joinder is improper. *See Weber*, 2001 WL 274518, at *2 (plaintiffs asserting wrongful discharge could not join against common defendant where firings took place several months apart as a result of different activities). Claims against multiple defendants based on separate contracts are not appropriate for party joinder. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (disallowing a plaintiff's joinder of only two defendants for breach of contract where the second defendant was not a party to the plaintiff's contract with the first defendant).

Here, for each of the 1,800+ insurance contracts at issue, only one Defendant insurer is a party to any given contract. Furthermore, none of the Plaintiffs are a party to any of the other Plaintiffs' insurance contracts. Additionally, each Plaintiffs' claims against that Plaintiff's carrier will pose wholly distinct questions as to liability, coverage, and damages from those at issue in each of over 1,800 other factual scenarios.

The Complaint itself highlights the improper joinder. First, the Complaint alleges that Plaintiffs' claims arise from one of five types of insurance: property, commercial, business, rental, and/or flood. (Complaint, ¶ 4.)[2] Second, Plaintiffs allege at least fifteen separate potential categories of damages. (Complaint, ¶ 26.) It is evident, based on these allegations alone, that the examination of each Plaintiff's claim will be based on widely varying contractual provisions, vastly different types of policies and vastly different measures of damages. An automobile policy and a homeowners policy are quite dissimilar in their coverages, limits, and exclusions, and the damages claimed by a renter and a business owner will vary on just as great a scale. Additionally, the damage suffered from Hurricane Katrina is distinct and unique to each property owner. Given this array of dissimilar issues, the Plaintiffs' claims do not arise out of the same transaction or occurrence.

---

[2] It should be noted that "property" insurance, as an example, might refer to any number of homeowner property coverage types, or property coverage for commercial entities, auto policies, etc. Thus, these categories are hardly limited to even five separate policy types.

4

Other district courts in the Fifth Circuit have agreed, particularly in the context of Hurricane Katrina related lawsuits. *See Bradley v. Nationwide Mut. Ins. Co.*, No. 1:06CV528-LTS-RHW, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006); *McFarland v. State Farm Fire & Cas. Co.*, No. 1:06CV466-LTS-RHW, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006), *aff'd*, No. 1:06CV466LTS-RHW, 2006 WL 3071988 (S.D. Miss. Sept. 6, 2006); *Vaz v. Allstate Prop. & Cas. Co.*, No. 1:06CV481-LTS-RHW, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006). In these cases, as here, "there are hundreds of Plaintiffs joined in a single lawsuit, each asserting claims that arise out of damage to property caused by Hurricane Katrina." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577851, at *1; Vaz, 2006 WL 2583733, at *1.[3] After examining the general rules for joinder under Rule 20, the Southern District of Mississippi stated that "[i]n a superficial sense, the hurricane was a common occurrence; however the storm was vastly different in its effect depending on the specific geographic location of each particular home," and found that joinder was improper. *Bradley*, 2006 WL 2594548, at *1 *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1.

The court in those cases also recognized that each plaintiff's claim arose from a different transaction and occurrence under Rule 20:

> [E]ach property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in the particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage.

*Bradley*, 2006 WL, at *2; *McFarland*, 2006 WL 2577852, at *2; *Vaz*, 2006 WL 2583733, at *2 (all three cases quoting *Comer v. Nationwide Mut. Ins. Co.*, No. 1:05CV436, 2006 WL 1066643 at *2

---

[3] The *Bradley*, *McFarland*, and *Vaz* opinions parallel each other almost verbatim.

5

(S.D. Miss. Feb. 23, 2006)). Judge Senter's comments in *Comer* regarding the uniqueness of each plaintiff's damages are no less true in Louisiana than in Mississippi.

In *Bradley*, *McFarland*, and *Vaz*, each Plaintiff "held basically the same standard homeowners policy, [but] each insurance contract is a separate transaction." *Bradley*, 2006 WL 2594548, at *1; *McFarland,* 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1. The various claims presented to this Court are not even limited to claims under "basically the same standard … policy." Instead, underscoring the number of discrete transactions at issue, Plaintiffs have alleged coverage under at least five separate (and poorly defined) types of insurance: property, commercial, business, rental, and flood insurance. In *Comer*, Judge Senter noted that "[t]o the extent the property was insured, the particulars of coverage will vary from policy to policy and from one insurance company to the next. In order to adjudicate the rights and liabilities between the policy holder and his insurance company, the particular terms of each policy must be considered." *Comer*, 2006 WL 1066645, at *2. In light of the singularity of damages of each Plaintiff, and the separate contracts for each Plaintiff, the Court in *Bradley*, *McFarland,* and *Vaz* held that while "there may be some common issues of law and fact, the Court finds that the Plaintiffs have not met the same transaction or occurrence prong of Rule 20(a)." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at 1; *Vaz,* 2006 WL 2583733, at *1. As Plaintiffs failed to assert the same transaction or occurrence, the Court found that "Plaintiffs' individual claims should be divided into separate lawsuits requiring separate complaints," and "[e]ach complaint should correspond to a single damaged property." *Bradley*, 2006 WL 2594548, at *2; *McFarland*, 2006 WL 2577852, at *2; *Vaz*, 2006 WL 2583733, at *2.

Here, over 1800 Plaintiffs have sued over 100 Defendants for claims arising from wholly separate transactions, and each individual Plaintiff's claims should similarly be divided into separate

6

lawsuits, each corresponding to a single damaged property.  The joinder attempted by Plaintiffs in this lawsuit is not permitted under Rule 20.

**2.      There is no question of law or fact common to all parties.**

The second requirement for joinder under Rule 20 is that there is a question of law or fact common to *all* parties.  As one court has explained, "[t]he second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties."  *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1324 (11th Cir. 2000).

Merely asserting similar causes of action, i.e., breach of contract or bad faith adjusting practices, against 109 separate Defendants does not create a common question of law or fact.  Given that Plaintiffs' claims each arise from wholly separate transactions, wholly separate properties and different insurance contracts, the only possible commonality that could arise is the fact that Plaintiffs have asserted the same general theories of law against all Defendants.  (See Complaint ¶¶ 16-25.)  This does not suffice under Rule 20:

> The Court further finds that no common question of law or fact exists between the plaintiffs' cases, within the meaning of Rule 20(a).  "It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient."  As detailed previously, each demotion decision affecting the plaintiffs in these cases was a discrete act by the defendant.  "As indicated, ***the factual and legal questions between the plaintiffs and the defendant are based upon the wholly separate acts of the defendant with respect to each plaintiff.***  There is consequently a complete lack of common questions of act or law, the second element required by Rule 20(a), and the action[s] must be severed on this ground as well."

*Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789, (N.D. Ga. 1994) (emphasis added) (citations omitted).

*Grayson* confirms what is intuitively obvious - that merely asserting similar causes of action against multiple defendants does not create a common question of law or fact.  For example,

7

although Plaintiffs have alleged bad faith against all Defendants, the witnesses, proof, and damages will vary widely for each Plaintiff allegedly insured even by the same Defendant. This Court has also recognized this principle. *See Weber,* 2001 WL 274518, at *2 ("[A]ny overlap of law is outweighed by the potential uniqueness of each plaintiff's factual allegations"). Accordingly, no question of law or fact is common to these Plaintiffs, and joinder is thereby improper.

### B. This Court Should Sever Plaintiffs' Claims.

The claims asserted by the many Plaintiffs in this case are blatantly misjoined. This Court should sever each Plaintiff's claims from those of the other Plaintiffs. At a minimum, this Court should sever the Plaintiffs' claims against the USAA Defendants from those against the other Defendants.

#### 1. Severance is appropriate when there is misjoinder.

Where there is misjoinder under Rule 20, a Court can sever the parties  *See* Fed. R. Civ. P. 21. This Court's ability to sever parties is not limited to curing misjoinder; Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." In particular, when it will serve the ends of justice, this Court has broad discretion to sever an action, and should do so. *Id.*; *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 503 (5th Cir. 1994) ("The trial court has broad discretion to sever issues to be tried before it."); *Bradley*, 2006 WL 2594548, at *1; *McFarland,* 2006 WL 2577852, at *1, *Vaz*, 2006 WL 2583733, at *1 ("Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."*).*

Rule 20 seeks to create efficiencies in the judicial system. Plaintiffs, in contravention of Rule 20, are essentially seeking to try over 1,800 cases as one.[4]  *Weber*, 2001 WL 274518, at *2.

---

[4] Plaintiffs do allege that "the defendants engaged in a bad faith adjusting scheme to deprive its

8

Allowing them to do so would result in a tremendous waste of resources to the litigants and this Court. *See id.* ("To try plaintiffs' cases together would require development of proof of [over 1,800] discrete universes of facts, which would be highly inefficient").

### B.     The claims against USAA should be severed.

The substantive prejudice to USAA if claims against it are not severed will be significant. Joinder of these disparate and unconnected claims can only lead to jury confusion and risk of bias, thus prejudicing USAA with respect to the claims raised by USAA's alleged insureds. *See Demoski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994) ("the burden imposed on the Defendant to defend four substantially different sets of facts and law in only one forum far outweighs any practical benefits that might accrue to the parties and the Court").  In contrast, no Plaintiff will be whatsoever prejudiced by USAA's severance request.

The USAA Defendants will be materially prejudiced if these claims are not severed.  USAA will be forced to prepare for and attend the depositions of non-USAA Defendants and all Plaintiffs, and vice versa.  Briefing would be unnecessarily complex.  Scheduling would be nightmarish.  At trial, jury confusion regarding the massive numbers of Plaintiffs and Defendants is virtually guaranteed, and damaging testimony against one Defendant would unfairly prejudice each of the over one hundred others.

### C.     Each Plaintiff's claims should be severed from the others.

The Court should sever each Plaintiff's claim from the others, requiring each Plaintiff to proceed separately against his or her individual insurer. Other courts within the Fifth Circuit, in cases related to Hurricane Katrina, have suggested that courts ought to examine "whether judicial

---

insureds of full policy benefits for which they paid." (Complaint, ¶ 17.)  This allegation, though, does not charge the Defendants with collective action to enforce their "scheme;" and furthermore, as stated *supra*, the particulars of each Plaintiff's insurance policy and the adjusting practices of the

9

economy would be facilitated" and "whether prejudice would be avoided" in determining whether to sever claims. *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; Vaz, 2006 WL 2583733, at *1.  Here, judicial economy is clearly furthered by severance in several material ways.  Differing witnesses and differing documentary proof will be required for every single claim that Plaintiffs are asserting, and only an in-depth look at each claim will determine whether the Defendant in question interpreted the policy at issue correctly and whether the claim was valued reasonably.  Participation in discovery, motion practice, and trial related to literally thousands of unrelated claims against other Defendants would be tremendously and unnecessarily expensive for all litigants – Plaintiffs and Defendants.

## III. CONCLUSION

For the foregoing reasons, this Court should recognize the improper joinder and misjoinder of claims in this case and should sever the claims of each named Plaintiff from that of every other named Plaintiff.  Alternatively, the Court should sever the claims against USAA from those claims against the other Defendants.

Respectfully Submitted:

_s/Ralph S. Hubbard III_____
**Seth A. Schmeeckle, La. Bar No. 27076**
**Ralph S. Hubbard III, La. Bar No. 7040**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
e-mail: sschmeeckle@lawla.com
rhubbard@lawla.com

Of Counsel:   Christopher W. Martin, Texas Bar No.: 13057620
Martin R. Sadler, Texas Bar No.: 00788842
Patrick M. Kemp, Texas Bar No.: 24043751

---

insuring Defendant in regards to that policy will necessarily be distinct.

10

Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
e-mail: martin@mdjwlaw.com
sadler@mdjwlaw.com
kemp@mdjwlaw.com
**Attorneys for Defendants, USAA Casualty Insurance Company and USAA General Indemnity Company**

### CERTIFICATE OF SERVICE

I hereby certify that on _ 21 November 2006_ a copy of the foregoing MEMORANDUM IN SUPPORT OF USAA'S MOTION TO SEVER was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

| | | |
|---|---|---|
| William David Aaron, Jr | Neil Charles Abramson | Wystan M. Ackerman |
| Glenn B. Adams | Orr Adams, Jr | Jonathan Beauregard Andry |
| Thomas P. Anzelmo | John E. Baay, II | Adam Babich |
| Stephen F. Babin | Suzette Peychaud Bagneris | Sarah House Barcellona |
| Judy Y. Barrasso | Francis J. Barry, Jr | Stephen R. Barry |
| Adrianne L. Baumgartner | Samuel Beardsley, Jr | Daniel E. Becnel, Jr. |
| Robert M. Becnel | Keith J. Bergeron | Kelly Cambre Bogart |
| Martha Dupree Bowden | Thomas M. Brahney | Terrence L. Brennan |
| Philip S. Brooks, Jr | Joseph M. Bruno | Joseph Edward Cain |
| Robert John Caluda | Jaime Michele Cambre | David Ryan Cannella |
| Christopher Chocheles | Albert D. Clary | James A. Cobb, Jr |
| Kevin Lawrence Cole | Traci L. Colquette | Charles Bruce Colvin |
| John Patrick Connick | Clayton Morris Connors | Joseph W. Cotchett |
| Keith Michael Couture | Richard Abelard Cozad | William Jerrol Crain |
| Robert G. Creely | Jack J. Crowe | John J. Cummings, III |
| Martha Y. Curtis | Frank Jacob D'Amico, Jr | Christian E. Daigle |
| Thomas W. Darling | Jacques P. DeGruy | Beverly Aloisio DeLaune |
| Erin E. Dearie | Kevin R. Derham | Joseph Vincent DiRosa, Jr |
| Walter C. Dumas | Mary L. Dumestre | Richard G. Duplantier, Jr |
| Lawrence J. Duplass | Emily E. Eagan | William Harry Eckert |
| N. Frank Elliot, III | John N. Ellison | John F. Emmett |
| Clarence William Emory | Nina Wessel English | John Karl Etter |
| Richard M. Exnicios | Andrea L. Fannin | Christopher R. Farrell |
| Calvin Clifford Fayard, Jr | Shera J. Finn | Catherine J. Finnegan |
| Debra J. Fischman | Stephen G. Flynn | Charles C. Foti, Jr |
| Nina D. Froeschle | Craig Edmond Frosch | Samuel B. Gabb |
| William Christian Gambel | Christian Albert Garbett | Thomas Francis Gardner |

| | | |
|---|---|---|
| James M. Garner | Scott Owen Gaspard | James F. Gasquet, III |
| Thomas Livingston Gaudry, Jr | Louis L. Gertler | Meyer H. Gertler |
| George Moore Gilly | Thomas V. Girardi | Phyllis Esther Glazer |
| Stephen E. Goldman | Pablo Gonzalez | Jeremy D. Goux |
| Arthur Gordon Grant, Jr | Andrew R. Greene | Philip L. Gregory |
| James Bradley Guest | Joseph Pierre Guichet | Kara M. Hadican |
| Jim S. Hall | William Marvin Hall | Mark Emerson Hanna |
| Lesli D. Harris | Randall Earl Hart | Robert G. Harvey, Sr |
| Lambert Joseph Hassinger, Jr | Timothy William Hassinger | Bonita Y. Hawkins |
| Joseph W. Hecker | Carl E. Hellmers, III | Herman C. Hoffmann, Jr |
| Brian A. Homza | David Blayne Honeycutt | Ralph Shelton Hubbard, III |
| \Darleen Marie Jacobs | Tamara Kluger Jacobson | H. Alston Johnson |
| Kevin P. Kamraczewski | Howard Bruce Kaplan | Brian David Katz |
| David Edmund Kavanagh | Patrick G. Kehoe, Jr | Anne Derbes Keller |
| Michael Courtney Keller | Duane M. Kelley | John Fredrick Kessenich |
| Richard E. King | Kyle P. Kirsch | Ronald Joseph Kitto |
| Robert W. Knights | William Lee Kohler | Beth M. Kramer |
| Stephen Skelly Kreller | Alex Kriegsman | Andre Jude Lagarde |
| Hugh Palmer Lambert | Kent A. Lambert | John M. Landis |
| Kathryn W. Landry | Mickey P. Landry | Wade Antoine Langlois, III |
| Lindsay A. Larson, III | William J. Larzelere, Jr | Thomas Patrick LeBlanc |
| Joseph E. Lee, III | Wayne J. Lee | Daniel Lichtl |
| Douglas Conrad Longman, Jr | Heather Shauri Lonian | Barbara L. Lyons |
| Wayne Robert Maldonado | George T. Manning | F. Gerald Maples |
| Belhia V. Martin | Christopher W. Martin | Richard Massie Martin, Jr |
| Adam Patrick Massey | Freeman Rudolph Matthews | Ben Louis Mayeaux |
| Jonathan Christopher McCall | James F. McConnon, Jr | Gregory John McDonald |
| Julia E. McEvoy | Gordon J. McKernan | J. J. (Jerry) McKernan |
| Evans Martin McLeod | Michael William McMahon | Daphne P. McNutt |
| Emma Alexandra Mekinda | Gerald A. Melchiode | Gerald Edward Meunier |
| Kara K. Miller | Clay Mitchell | Stevens E. Moore |
| Arthur Anthony Morrell | Andre J. Mouledoux | Sean P. Mount |
| James Bryan Mullaly | Betty Finley Mullin | J. Wayne Mumphrey |
| John Herr Musser, IV | William Roy Mustian, III | Adrian Girard Nadeau |
| Daniel W. Nelson | John Francis Nevares | John A.V. Nicoletti |
| Gerald J. Nielsen | James R. Nieset, Jr | Michaela E. Noble |
| Gregory James Noto | Robert A. Novak | Pierce O'Donnell |
| Ashton Robert O'Dwyer, Jr | William E. O'Neil | Pius Akamdi Obioha |
| Frances Mae Olivier | Dominic J. Ovella | Michael C. Palmintier |
| James L. Pate | Darren Albert Patin | Maura Zivalich Pelleteri |
| Gary Michael Pendergast | Ronnie Glynn Penton | David K Persons |
| C. Michael Pfister | Dennis J. Phayer | Frank Anthony Piccolo |
| H. Minor Pipes, III | Andrew Lane Plauche, Jr | Camille Bienvenu Poche |
| Charles Milton Ponder, III | Matthew F. Popp | Drew A. Ranier |
| James C. Rather, Jr | Albert Joseph Rebennack, Jr | Simeon B. Reimonenq, Jr |
| Gino John Rendeiro | Don M. Richard | Thomas M. Richard |

| | | |
|---|---|---|
| Timothy R. Richardson | Michael R.C. Riess | William Joseph Riviere |
| Wendy Hickok Robinson | Roy J. Rodney, Jr | Susan Muller Rogge |
| James H. Roussel | James P. Roy | Gary Jude Russo |
| Camilo Kossy Salas, III | David P. Salley | Jonathan H. Sandoz |
| David Scott Scalia | Seth Andrew Schmeeckle | Matthew D. Schultz |
| Nyka M. Scott | Charles F. Seemann, Jr | Kevin Discon Shearman |
| Robert I. Siegel | George R. Simno, III | David R. Simonton |
| John H Smith | Randall A. Smith | Robin D. Smith |
| Louis G. Spencer | Michael D. Spencer | Remy Voisin Starns |
| Elwood C. Stevens, Jr | Victor Elbert Stilwell, Jr | David A. Strauss |
| Deborah M. Sulzer | Frank J. Swarr | Brent A. Talbot |
| Patrick A. Talley, Jr | Christopher Kent Tankersley | Kelly Theard |
| Cynthia J. Thomas | Vernon Palmer Thomas | Sidney Donecio Torres, III |
| Virginia Y. Trainor | Chad M. Trammell | William T. Treas |
| William D. Treeby | Richard John Tyler | John Elliott Unsworth, Jr |
| Steven W. Usdin | Jon A. Van Steenis | Susan Molero Vance |
| Gregory P. Varga | Wendell R. Verret | Jean Michel Voltaire |
| John R. Walker | Jennifer W. Wall | B. Gerald Weeks |
| William John Wegmann, Jr | Marion Overton White | Lawrence D. Wiedemann |
| Stephen Michael Wiles | Kristopher T. Wilson | LaDonna Grey Wilson |
| Jesse Lee Wimberly, III | Scott L. Winkelman | Jon Wesley Wise |
| Scott G. Wolfe, Jr | Robert R. Wood, Jr | Justin I. Woods |
| Bob F. Wright | William Everard Wright, Jr | Alan J. Yacoubian |

by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants:

| | | |
|---|---|---|
| Carole A. Breithoff  (Weller)<br>2932 Lime Street<br>Metairie, LA 70006 | Frederick J. Gisevius, Jr<br>Law Offices of Fred Gisevius<br>12 Metairie Court<br>Metairie, LA 70001 | Avram C. Herman<br>Herman & Herman<br>111 Veterans Memorial Blvd.<br>Suite 1506<br>Metairie, LA 70005 |
| Joseph P. Lopinto, III<br>Lopinto Law Firm, L.L.C.<br>P. O. Box 246<br>Metairie, LA 70004 | William J. Luscy, III<br>William Luscy, III, Attorney at Law<br>616 Papworth Ave., Suite C<br>Metairie, LA 70005 | Richard Anthony Weigand<br>Weigand & Levenson<br>427 Gravier St., 1st Floor<br>New Orleans, LA 70130 |
| Francis Gerald Weller<br>Francis Gerald Weller, Attorney at Law<br>215 Jewel St.<br>New Orleans, LA 70124 | John W. deGravelles<br>deGravelles, Palmintier, Holthaus & Fruge'<br>618 Main Street<br>Baton Rouge, LA 70801-1910 | |

    _s/Ralph S. Hubbard III_____
**Ralph S. Hubbard III, La. Bar No. 7040
Attorneys for Defendants,USAA Casualty
Insurance Company and USAA General**

13

            **Indemnity Company**
            **Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
            601 Poydras Street, Suite 2775
            New Orleans, LA 70130
            Telephone: (504) 568-1990
            Facsimile: (504) 310-9195
            e-mail:  rhubbard@lawla.com