UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO.  05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>LEVEE<br><br>RICHARDSON V. BOH BROS.<br>    CONSTRUCTION CO., LLC, ET AL.<br>    (2:06-cv-8708) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**AFFIRMATIVE DEFENSES AND ANSWER
OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFF'S PETITION FOR DAMAGES, WRONGFUL DEATH,
<u>AND SURVIVAL ACTION WITH TRIAL BY JURY</u>**

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiff's Petition for Damages, Wrongful Death, and Survival Action with Trial by Jury (the "Complaint"), as follows:

**A.     Improper Venue**

Plaintiff has brought her Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

**B.    Failure to state a cause of action**

Plaintiff's claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiff to the relief sought or any other relief whatsoever from WGI.

**C.    Prescription**

Plaintiff's claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.    No right of action**

Plaintiff's claims fail, in whole or in part, because she lacks a right of action, standing or capacity, to bring some or all of the claims alleged in her Complaint, and thus Plaintiff has no right of action.

**E.    Failure to join indispensable parties**

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**F.    Duty / Risk**

Plaintiff's claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because she cannot establish: (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a duty to Plaintiff that encompassed the risk that Plaintiff would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiff, it breached that duty.

### G. Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiff was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H. Act-of-God

Plaintiff's claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I. Government Contractor

Plaintiff's claims are barred by the government contractor defense.

### J. Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K. Discharge in Bankruptcy

Plaintiff's claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiff's action is based was barred, discharged, and enjoined in bankruptcy.

### L. Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

M.  **Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

N.  **Set-Off**

WGI affirmatively alleges that to the extent plaintiff has or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiff receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiff's allegations in like-numbered paragraphs as follows:

1.a.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.a. of the Complaint and therefore DENIES each and every allegation contained therein.

1.b.     WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

1.c.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.c. of the Complaint and therefore DENIES each and every allegation contained therein.

1.d.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.d. of the Complaint and therefore DENIES each and every allegation contained therein.

1.e.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.e. of the Complaint and therefore DENIES each and every allegation contained therein.

1.f.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.f. of the Complaint and therefore DENIES each and every allegation contained therein.

2.     Paragraph 2 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 2 of the Complaint.

3.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 3 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief: (i) that Hurricane Katrina made

- 5 -

840354v.1

landfall along the Gulf Coast on August 29, 2005; and (ii) that flooding occurred in the Lower Ninth Ward following Hurricane Katrina.

4.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

5.  WGI DENIES each and every allegation in the third sentence of Paragraph 5 of the Complaint. WGI is without sufficient information or knowledge as to the allegations in the first and second sentences of Paragraph 5 of the Complaint and therefore DENIES each and every allegation contained therein.

7.[1]  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Paragraph 8-13 of the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 states that "[f]or stability reasons, I floodwalls rarely exceed 2.13 m (7 ft) above the ground surface" and "[t]he inverted T floodwall is used to make floodwall levee enlargements when walls higher than 2.13 m (7 ft) are required."

8.  WGI DENIES each and every allegation in the first sentence of Paragraph 8 of the Complaint. WGI is without sufficient information or knowledge as to the specific allegations in the second sentence of Paragraph 8 of the Complaint and therefore DENIES each and every allegation contained therein.

9.  WGI DENIES each and every allegation contained in Paragraph 9 of the Complaint.

---

[1] WGI notes that Plaintiff's complaint did not contain a Paragraph 6.

840354v.1

10. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 11 of the Complaint.

12. WGI DENIES each and every allegation contained in Paragraph 12 of the Complaint, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site").  WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.

13. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein.

14.a. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.a of the Complaint and therefore DENIES each and every allegation contained therein.

14.b. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.b of the Complaint and therefore DENIES each and every allegation

840354v.1

contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in the Parish of Orleans.

14.c. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.c of the Complaint and therefore DENIES each and every allegation contained therein.

14.d. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.d of the Complaint and therefore DENIES each and every allegation contained therein.

14.e. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.e of the Complaint and therefore DENIES each and every allegation contained therein.

14.f. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.f of the Complaint and therefore DENIES each and every allegation contained therein.

14.g. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.g of the Complaint and therefore DENIES each and every allegation contained therein.

14.h. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.h of the Complaint and therefore DENIES each and every allegation contained therein.

14.i. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.i of the Complaint and therefore DENIES each and every allegation contained therein.

840354v.1

14.j.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.j of the Complaint and therefore DENIES each and every allegation contained therein.

14.k.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14.k of the Complaint and therefore DENIES each and every allegation contained therein.

15.a.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.a of the Complaint and therefore DENIES each and every allegation contained therein.

15.b.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.b of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in the Parish of Orleans.

15.c.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15.c of the Complaint and therefore DENIES each and every allegation contained therein.

16.a.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16.a of the Complaint and therefore DENIES each and every allegation contained therein.

16.b.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16.b of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in the Parish of Orleans.

840354v.1

16.c. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16.c of the Complaint and therefore DENIES each and every allegation contained therein.

16.d. WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16.d of the Complaint and therefore DENIES each and every allegation contained therein.

17. WGI DENIES each and every allegation of Paragraph 17 of the Complaint. WGI admits, however, that the alleged amount in controversy exceeds $50,000.

18. WGI DENIES each and every allegation of Paragraph 18 of the Complaint. WGI admits, however, that Plaintiff purports to have sustained damages.

19. Paragraph 19 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI DENIES each and every allegation of Paragraph 19 of the Complaint.

\*   \*   \*

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

840354v.1

Dated: November 21, 2006

Respectfully submitted,

*/s/Heather S. Lonian*
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
Washington Group International

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiff's Petition for Damages, Wrongful Death, and Survival Action with Trial by Jury has been served upon all counsel of record by e-mail and/or via the Court's CM/ECF electronic notification of filing this 21st day of November, 2006.

*/s/Heather S. Lonian*

- 11 -

840354v.1