## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COLLEEN MOONEY** | * | |
| | * | **C.A. No.: Case No. 06-8602** |
| **Plaintiff,** | * | |
| | * | **Judge A. J. McNamara, Section D** |
| **versus** | * | |
| | * | **Magistrate Knowles, Division 2** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY AND CHARLES LAGARDE** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF MOTION TO REMAND</u>

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, **COLLEEN**

**MOONEY,** who respectfully requests this Honorable Court to remand the above entitled and

numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana,

because removal of this action by the defendant was improper and inappropriate, as more fully

set forth below.

### I. BACKGROUND

This is an action for homeowner's insurance recovery and for negligence and/or breach

of a fiduciary duty, committed by both the defendants, **State Farm Fire and Casualty**

**Company,** as the homeowner's carrier, and **Charles Lagarde** as agent/broker for plaintiff's flood insurance.

In the petition filed in the Civil District Court for the Parish of Orleans, plaintiff simply alleges that Charles Lagarde acted negligently as an agent and a broker for flood insurance by not procuring adequate coverage under its policy by closing the gap between homeowner's and flood insurance thereby preventing further damage by loss of insurance proceeds after Hurricane Katrina and its aftermath. This is strictly a claim for non-payment under a homeowner's policy and against a flood insurer acting as agent/broker for his errors and omissions/breach of fiduciary duty. Plaintiff has not asserted any claims whatsoever against any of defendants in this matter pursuant to the National Flood Insurance Program.

Plaintiff filed her petition on August 29, 2006 and on or about October 19, 2006, the defendants filed with this Court Notice of Removal. In response to that removal, plaintiff has filed the instant Motion to Remand.

## II. LEGAL STANDARDS

### (A)     Removal.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. <u>Allen v. R&H Oil & Gas Company</u>, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. <u>Frank v. Bear Stearns & Co.</u>, 128 F.3rd 919, 922 (5th Cir. 1997); <u>Carriere v. Sears Roebuck &</u>

2

Co., 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).   Courts have drawn a distinction between an NFIP participant's procurement of policies and the administration of existing policies. Claims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n. 3 (5th Cir.2005); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D.La.) (Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F.Supp.2d 531 (E.D.La.2006) (Fallon, J.) If there would be claims about NFIP policy provisions or claims handling, perhaps

3

remand would be inappropriate.  No such claims have been advanced against either defendant in its role of administrator/payor under the NFIP.

**(B)**     **Removal is improper under 28 U.S.C. § 1369(a) and/or 28**

**U.S.C. § 1441(e)(1)(B).**

The defendants assert jurisdiction in this matter under the National Flood Insurance Program.  Every review of the complaint will clearly indicate that at no time has there been any allegation of non-payment of the flood policy benefits issued through the National Flood Insurance Program brokered by the defendants and Charles Lagarde.  Thus the allegations made about the NFIP and any funds used to pay the claims being United States Treasury funds and there being any federal question issues are not applicable.  The terms of the NFIP are not at issue here.

**(C)**     **Removal is improper under federal question jurisdiction pursuant to the**

**National Flood Insurance Program, 42 U.S.C. § 4072.**

In addition to the defendants' support of its removal action, the defendants aver that plaintiff's petition has plead issues that raise federal questions thereby granting jurisdiction to this Court pursuant to the provisions of 28 U.S.C. § 1331.

Contrary to the defendants' assertions, there is nothing in plaintiff's petition which raises a federal question nor is there any claim stated in the petition for recovery of flood insurance money. Quite to the contrary, as indicated in the petition, the plaintiff has been paid full dollar limit of the flood dwelling and flood content coverages which were in place as of August 29, 2005.

The claims advanced by plaintiff in her petition are fairly simple to understand. Plaintiff

4

is seeking recovery of homeowner policy limits for dwelling and content as a result of the damage done to her home by events both related and unrelated to Hurricane Katrina. These include wind damage issues, value policy law issues, and questions related to the issue of what was the dominant and efficient cause of plaintiff's loss. Additionally, the plaintiff alleges bad faith on the part of the defendants, not as a result of its administering or handling of plaintiff's flood claim but, rather, as a result of their handling of plaintiff's homeowner's claim. Lastly, plaintiff alleges negligence and/or breach of fiduciary duty against defendants acting as an agent and broker,  as a result of their failure in procurement of certain aspects of plaintiff's flood insurance policy.

With regard to the latter issue, the Courts have repeatedly held that the National Flood Insurance Program does not preempt state law claims involving negligent policy procurement, so as to give rise to the federal question jurisdiction. Landry v. State Farm Fire and Casualty Company, 2006 WL 1159391(E.D. La. 2006), 428 F. Supp. 2d 531, 532-33 (E.D. La. 7006) (Falla, J.) (citing *Wright v. Allstate*, 415 F. 3d 384, 389 (5th Cir. 2005)..

A clear distinction is made between lawsuits over flood insurance claims handling and flood insurance policy procurement. Plaintiff does not assert that the defendants mishandled her claim or refused to pay her claim or that she was even dissatisfied with the reimbursement of her claim or any part thereof. Simply stated, lawsuits regarding policy procurement of flood insurance policies, do not give rise to federal jurisdiction. Waltrip v. Brooks Agency, Inc., 417 F.Supp. 768 (E.D. Va. 2006); Roybal v. Lalamos National Bank, 375 F.Supp. 1234 (D.N.M. 2005); Corliss v. South Carolina Insurance Company, 2004 WL 2988497 (E.D. La. 2004); Moore v. USAA General Indemnity Company, 2002 WL 31886719 (E.D. La. 2002).

The defendants also allege that there is supplemental jurisdiction by this court.  Under 28 U.S.C. § 1367.  In order to establish supplemental jurisdiction, defendants must do more than just present a general allegation of some relatedness.  A defendant who desires to establish supplemental jurisdiction, must demonstrate a relationship between a pending federal case and a state case which defendant is attempting to remove.  So far the defendants have not demonstrated any other case which would support supplemental jurisdiction over this Katrina claim.  If there is no federal question in the claim, there can be no supplemental jurisdiction.

**(D)     Removal of a "Federal Officer" case is not supported.**

The defendants are clearly wrong when they attempt to use 28 U.S.C. §1442, by claiming that the defendants are now acting as "federal officers" or operating under the direction of a federal officer, and there is some causal nexus between defendants' action and a federal officer's conduct in the plaintiff's claim.  The defendants say that they assert a "colorable federal defense".  That defense is colorable but only with invisible ink.  There is no reasonable reading of this lawsuit and the status of the defendants which would enable this court to say that there are any other issues applicable that make this case removable under § 1442.  The federal officer removal statute, is designed to protect officers of the federal government, who are acting pursuant to authority granted them under federal law and have violated state law, <u>Winters v. Diamond Shamrock Chem. Co. .,</u> 149 F.3d 387, 397 (5th Cir.1998) (quoting <u>Willingham v. Morgan, 395 U.S. 402, 89 s. Ct. 1813,</u> <u>395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396</u> (1969)). One of the most important functions of this right of removal is to allow a federal court to determine the validity of an asserted official immunity defense. *Id.* Removal pursuant to § 1442(a)(1) is meant to "ensure a federal forum in any case where a federal official is entitled to raise a defense

6

arising out of his official duties." Id. (quoting Arizona v. Manypenny, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981)). Application of the federal officer removal statute is appropriate where (1) the defendant is a "person" within the meaning of the statute, (2) the defendant acted pursuant to a federal officer's directions when committing the acts that allegedly give rise to the injury at issue, and (3) the defendant can assert a colorable federal defense. Id. at 397-98. Mesa v. California, 489 U.S. 121,131-2 109 S.Ct 959, 966, 103 L.Ed. 2d 99 (1989). Crocker v. Borden, Inc., 852 F. Supp. 1322, 1325 (E.D.LA 1994). None of those conditions precedent are applicable to an insurance company and agent for their commercial activities.

**(E)    Homeowners' claims do not impede "commerce".**

Neither does federal jurisdiction exist by impeding commerce under 28 U.S.C. § 1337. For the defendants to allege that a suit against an insurance company somehow violates a federal statute which regulates "commerce" or protects trade and commerce against restraints and monopolies is farfetched under these circumstances at best. An intellectual exercise of pouring over statutes which confer jurisdiction to U.S. Districts Courts and then making allegations that an insurance claim somehow violates a federal statute is not substantively grounded to confer removal jurisdiction on this Court. As stated earlier, the claim is against an insurance company and an individual acting as an agent/broker and for its breach of contract and negligence, neither of which violate federal statutes against restraint of trade or monopolies, needed to confer jurisdiction by § 1337.

**(F)    Diversity of citizenship of this direct action against a liability insurer is not present.**

The burden of establishing federal jurisdiction is on the party seeking removal. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993) (citing Dodson v. Spiliada Maritime

Corp., 951 F.2d 40, 42 (5th Cir. 1992); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). Removal jurisdiction is strictly construed because its application "deprives a state court of a case properly before it and thereby implicates important federalism concerns." Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. See Vasquez v. Alto Bonito Gravel plant Corp., 56 F.3d 689, 694 (5th Cir. 1995).

Pursuant to 28 U.S.C. § 1332(c)(l), insurance companies Oubre v. Enterprise Leasing Co., 2006 WL 318635 *1 (W.D.La.) take on the citizenship of potentially three different states, the insured, the insurer's state of incorporation and the insurer's principal place of business. Title 28 U.S.C. § 1332(c)(l), provides:

> A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The defendants have alleged that there is complete diversity of the parties and therefore, claim removal was proper under 28 U.S.C. § 1332(c)(l). Obviously, defendants are relying on the misguided interpretation of § 1332(c)(1) allowing federal diversity jurisdiction because of the interpretation of what is a "policy or contract of liability insurance". In cases which appear to support that proposition, Hull v. Allstate Insurance Company, Inc. 682 F.Supp. 867, (E.D.La.1988) and Medical Research Centers v. St. Paul Property and Liability Insurance Company, 303 F.Supp. 2d 11 (E.D. La. 2004), both interpretations too tightly draw the definition

of the "policy of contract of liability" to provide a sound legal basis to allow diversity to exist and therefore, supporting removal.  The statute § 1332(c)(1) says what is says.  A policy is a policy is a policy.  The insurer is cloaked with the citizenship of the insured in a "policy or contract of liability insurance".  The homeowner's policy which was purchased by the plaintiff's decedent does have a liability provision in it.  Most homeowners' policies provide for a liability provision in the "policy" for damages to others and possibly to the insureds and their family members for any number of potential occurrences which are listed in the "policy".  To carve out the liability aspect of that contract of insurance and then say that it is not covered under Louisiana's direct action statute because there are other provisions which may not be covered by the liability aspects of the policy is to dance on the head of that "policy" pin.

Just as automobile policies have liability provisions, they also contain property damage, uninsured motorists, medical payments, comprehensive (theft, fire) etc., provisions which do not deal with liability of the insured.  So it is with homeowner/fire policies.  They too, as did this policy have provisions which are liability related, but have other provisions.  Without a more explicit determination that this statutes' express language of  "policy" applies clearly to auto policies and not others, it applies to any unitary policy which has a liability provision, by the very face of its language.

There are insurance policies out there which would be clearly excluded because it would not be a policy of liability insurance, if it has no liability provisions in the policy at all.  That type of policy does not exist here.  The party that seeks removal has not made a showing necessary to effect a proper removal.  The defendants' argument is simply that they are a foreign insurer and the insured is a Louisiana resident, therefore there is complete diversity.  It is the

9

contention of the plaintiff that § 1332(c)(1) is applicable to this policy of liability insurance which was in effect.  The fact that the homeowner's policy may have contained other provisions can not act to exclude it completely from the effect of the federal statute dictating that the insurer should have the same citizenship as the insured, simply because of other non-liability provisions in the policy of liability insurance itself.

### MMTJA does not Form a Basis for Federal Jurisdiction Under These Circumstances

The State Farm Defendant has also moved to Remove to this court arguing that this Court has jurisdiction over Mooney's claims pursuant to 28 U.S.C. §1441 (e)(1)(B) because Mooney's claims are a civil action brought in a state court over which this federal court would have original jurisdiction under 28 U.S.C. §1369.    This case does not fall within §1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"); therefore, there is no original jurisdiction under the MMTJA on which to base removal, and there is likewise no supplemental jurisdiction over Mooney's clams under §1369.

**1.   There is no original jurisdiction under §1369 because Hurricane Katrina is not an "accident" "at a discrete location".**

The MMTJA, §1369, grants original jurisdiction to district courts in actions involving minimal diversity between adverse parties that arise from a single accident where at least 75 natural persons have died in the accident at a discrete location if any two defendants reside in different states.  As noted by this Court, "[t]he narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants". *Southern Athletic Club, LLC*, 2006 WL 2583406 at: see also *Maestri v. Lafayette Ins. Co.*, 2006 WL

2990120, (E.D. La. 10/16/06) This is not a class action with multiple plaintiffs and defendants. It is a suit by one plaintiff against two non-diverse defendants grounded solely on claims arising under state law.  The "jurisdictional" statues at issue here, 28 U.S.C. §§1441 (e)(1)(B) and 28 U.S.C. §1369, cannot be so stretched as to sweep into federal jurisdiction any cause of action against any defendant by any plaintiff that has some connection with Hurricane Katrina").  As in *Southern Athletic Club, LLC*, this case involves only one plaintiff and defendants over insurance coverage.

Courts have uniformly refused to take jurisdiction over Katrina cases under 28 U.S.C. 1369(a), because it is simply not possible to view Katrina as an "accident" within the meaning of the statute and because the deaths caused by Katrina did not occur at "a discrete location." [1] *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes that Katrina is not an "accident" for MMTJA purposes so there is no original MMTJA jurisdiction); *Flint v. Louisiana Farm Bureau Mutual Insurance Company,* 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that Katrina was not an "accident" within the meaning of the MMTJA but, instead, was a "natural event" which caused many separate accidents; there is no MMTJA original jurisdiction); *Carroll v. Lafayette*

---

[1] In this connection, plaintiff would respectfully ask this Honorable Court to take judicial notice of the following well known facts: Katrina achieved hurricane status on August 23, 2005. Katrina made an initial landfall in Florida, causing substantial property damage and the deaths of approximately 10 persons.  Katrina then moved back into the Gulf of Mexico and strengthened sharply while disrupting offshore oil production. Katrina then made a second landfall in Louisiana on August 29 and swept across South Louisiana flooding large portions of Plaquemines Parish, St. Bernard Parish, Orleans Parish, and Jefferson Parish with resulting death and destruction in these and inland parishes.  Katrina then moved briefly back across the waters of the Gulf to make a third and final landfall in Mississippi, causing additional death and destruction in Mississippi and Alabama.  After this final landfall, Katrina moved inland causing much additional destruction and several deaths  in several interior states before finally dropping below tropical storm strength in the neighborhood of the Great Lakes on August 31.  For a complete description of these events, see article *Hurricane Katrina Effects by Region*, Wikipedia, The Free Encyclopedia, http://en.wikipedia.org/wiki/Hurricane_Katrina_effects_by_ region.

*Insurance Co.*, 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes there is no MMTJA original jurisdiction); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier finds defendant has failed to establish MMTJA original jurisdiction); *Willhoft v. Kert Leblanc Ins. Agency, 06-1235 (E.D.La. 7/5/06), 2006 U.S. Dist. LEXIS 45796* ( Judge Lemmon holds that there is no MMTJA original jurisdiction over Katrina claims brought by individual plaintiffs against their insurers); *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA original jurisdiction); *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA original jurisdiction); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no MMTJA original jurisdiction).

With the enactment of the MMTJA, Congress intended to provide a federal forum specifically for mass accidents such as plane crashes, train crashes and hotel fires. *See* 147 CONG. REC. H893-01; 137 CONG. REC. E1923-02 (1991). Hurricane Katrina does not qualify as an "accident". Likewise, the Gulf Coast, spanning from Louisiana to Florida, does not qualify as a "discrete location", as required by §1369 for original jurisdiction either. Accordingly, there is no federal jurisdiction over Mooney's claims pursuant to §1369.

### (2) MMTJA supplemental jurisdiction (28 U.S.C. § 1441(e)(1)(B))

MMTJA supplemental jurisdiction exists under 28 U.S.C. § 1441(e)(1)(B) when there are two related cases as follows:

(1) a federal court case with MMTJA jurisdiction under 28 U.S.C. 1369 which has the insurer as a defendant;

(2) a state court case which arises out of the same "accident" and which has the same insurer as a defendant.

When this pattern exists, the federal courts will have MMTJA supplemental jurisdiction over the second of the two cases and this case can be removed to federal court. *See Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).

There are a handful of Katrina-related mass tort suits pending in federal court and various insurers have attempted to remove various state court cases on the theory that the state court case arises out of the same "accident" as one or another of the pending federal cases. [2]   So far, no defendant has succeeded in achieving removal on this basis.  There are several reasons why the removing insurers have been unsuccessful in establishing MMTJA supplemental jurisdiction, including the following.

First, although the defendants usually cite *Wallace* in support of their position, a full review of this case will show that *Wallace* gives little assistance to the defense.   In *Wallace,* the Judge Livaudais remanded the case and indicated that the basis for remand was a decision to abstain from the exercise of jurisdiction pursuant to 28 U.S.C. 1369(b).  The 5th Circuit reversed, concluding that IF a federal court that has MMTJA supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B), then the court may not abstain under 28 U.S.C. 1369(b) but, instead, must proceed to hear the case.   The 5th Circuit remanded the case to Judge Livaudais for further proceedings.   Judge Livaudais, as directed, went beyond 28 U.S.C. 1369(b) abstention and addressed the jurisdictional issues.    He concluded that the insurer had failed to establish

---

[2] One of these federal cases (*Chehardy*) is discussed in *Wallace.*

13

MMTJA supplemental jurisdiction and again remanded the case to state court. *Wallace v. Louisiana Citizens Property Insurance Corporation*, 06-0114 (E.D. La. 6/7/06). The defense, dissatisfied with this outcome, sought relief from the 5th Circuit. However, the 5th Circuit refused to hear the case. *Wallace v. Louisiana Citizens Property Insurance Corporation*, _____ (5th Cir. 8/2/06).

In sum, the 5th Circuit in *Wallace* did not hold that there is federal jurisdiction over Katrina cases or over any subclass of Katrina cases. [3] The 5th Circuit merely held that, if and when 1441(e)(1)(B) jurisdiction is established, the federal judge to whom the case is assigned should proceed to hear the case rather than abstain under 1369(b).

A second problem insurers face in attempting to establish MMTJA supplemental jurisdiction is that there are ongoing jurisdictional disputes about most of the Katrina-related cases which are currently pending in federal court. It is not clear that there is 1369(a) jurisdiction over these cases and it is not clear that a defendant can remove a state court case under 28 U.S.C. 1441(e)(1)(B) for the purpose of joining it with an already-pending federal case when jurisdiction has not yet been established in the pending federal case.

Third, in order to justify removal on a theory of MMTJA supplemental jurisdiction, the defendant has to establish that there is a close relationship between the pending federal case and the state case sought to be removed. The statute specifies that both claims must arise out of the same "accident." As noted above, Katrina is not an "accident" within the meaning of the

---

[3]     *Wallace* discusses a case pending in the Eastern District (the *Chehardy* case) as a case which might possibly qualify as an anchor case supporting supplemental MMTJA supplemental jurisdiction. However, *Wallace* does not hold that *Chehardy* or any other federal case is, in fact, a suitable anchor to support supplemental jurisdiction for any state case. *Wallace* merely instructs the district court to examine the issue. As noted above, when Judge Livaudais examined the issue in response to the 5th Circuit's instructions, he concluded that supplemental jurisdiction did not exist.

MMTJA so merely showing that both claims result from Katrina does not begin to meet the "arising from the same accident" test.  Additionally, judges that have addressed this issue appear to be adopting a procedural test: it appears that, in order for two cases to arise out of the same "accident" for MMTJA purposes, the cases must be sufficiently related that, if the state case is removed to federal court, the removed state case can be consolidated with the pending federal case. This criterion follows logically from the purpose of the MMTJA.  Since the whole purpose of the MMTJA is to enable consolidation of all cases from a mass disaster into a single lawsuit, there is little purpose in removing a state court case to federal court if it can't be consolidated with the already-pending federal lawsuit.

In sum, common issues and other characteristics necessary to support consolidation are required.   It appears that procedural barriers to consolidation may prevent a finding of supplemental jurisdiction.   For example, if the federal case is a class action, it is not clear that an individual claim can be removed from state court on the theory that MMTJA supplemental jurisdiction exists, since the individual claim, even if removed, could not be consolidated with the class action because this would destroy the individual's right to opt out of the class.

Thus, in order to establish MMTJA supplemental jurisdiction, the defense must do far more than present a general allegation of relatedness.   A defendant who desires to establish MMTJA supplemental jurisdiction must demonstrate a close relationship between the pending federal case and the state case which the defendant is attempting to remove.   It appears that the defendant must be able to show that the state case, if removed, could be consolidated with the pending federal case.  So far, no defendant has been able to carry this heavy burden and no defendant has been able to establish MMTJA supplemental jurisdiction over a Katrina claim.

15

To the contrary, district judges that have addressed the issue have uniformly concluded that there is no MMTJA supplemental jurisdiction over Katrina claims.     Judge Livaudais's decision on remand in *Wallace* has already been discussed above.  Other judges, presented with similar arguments on other fact patterns, have also reached the conclusion that MMTJA supplemental jurisdiction does not exist.     *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes there is no MMTJA supplemental jurisdiction and remands case); *Carroll v. Lafayette Insurance Co.*, 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction and remands case);  *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA supplemental jurisdiction, case remanded); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that there is no MMTJA supplementary jurisdiction, case remanded); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier defendant has failed to establish MMTJA supplemental jurisdiction, case remanded);  *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction because a claim against an agent for failure to procure adequate insurance does not "arise out of" an accident, case remanded);   *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no no MMTJA supplemental jurisdiction, case remanded) .

**Defendants Have Not Met Its Heavy Burden of Proof for Fraudulent Joinder**

The Defendants assert that federal jurisdiction lies in this case pursuant to 28 U.S.C. §1332, diversity of citizenship. The parties herein do not dispute that the amount in controversy exceeds the requisite jurisdictional limit for federal jurisdiction of $75,000. There is likewise no dispute that on the face of Mooney's Petition, there is no diversity of citizenship. Mooney is domiciled in Louisiana, as is State Farm as is Charles Lagarde. In order to remove Mooney's Petition, Defendants have asserted that Mooney has fraudulently joined Lagarde and, as such, the citizenship of Lagarde Farm is not considered for purposes of the §1332 diversity of citizenship analysis.

Defendants bear a heavy burden in proving Mooney's joinder of Lagarde was fraudulent and improper. *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, *1 (E.D. La. 4/11/06) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."); *see also Fidelity Homestead Association v. Hanover Insurance Company*, 2006 WL 2873562, *2 (E.D. La. 10/5/06) ("Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood,* 352 F.3d at 222."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of

17

jurisdictional facts.").

**Defendants cannot prove fraudulent misjoinder.**

The first aspect of the State Farm fraudulent joinder claim is fraudulent misjoinder, which was first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).[4]   The improper joinder in *Tapscott* has been referred to as "particularly egregious", rendering it fraudulent, as the plaintiffs in that case attempted to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants with no connection between the groups. *See Bright III v. No Cuts Inc.*, 2003 WL 22434232, *2 (E.D. La. 10/27/03) and cases cited therein.   Courts analyzing fraudulent joinder since *Tapscott* have consistently found that mere misjoinder does not constitute fraudulent misjoinder. *Id.*  If there is a palpable connection between the claims and parties joined, district courts in this circuit have declined to find fraudulent misjoinder. *Id.* at *5.

This misjoinder argument centers around Rule 20(a) of the Federal Rules of Civil Procedure on joinder, which has two requirements for proper joinder:  (I) a claim for relief asserting joint, several or alternative liability and arising from the same transaction, occurrence

---

[4] At least one court in this district has noted that *Tapscott*'s fraudulent misjoinder may not be recognized in the Fifth Circuit. *See Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, *4 (E.D. La. 4/11/06). In *Schwartz*, Judge Fitzwater, sitting by designation after Judge Schwartz' colleges in the Eastern District had recused themselves, found that he did not need to resolve the issue of whether the Fifth Circuit would recognize the *Tapscott*-type fraudulent joinder, as the joinder in that case was not sufficient to constitute fraudulent joinder.  "Plaintiffs allege that defendants should have paid all the damages they sought in their proof of loss for damages from Hurricane Katrina and that Eagan was professionally negligent by failing to inform them properly of the available insurance coverages that could be purchased to cover losses to their property." *Schwartz*, 2006 WL 980673 at *5.   The court further noted that if the defendant had a basis under Louisiana law to establish it had been improperly joined, it can seek severance in state court following remand. *Id.*  At that point, if severance is granted, the defendant could seek to remove the case against it, arguing the case was not initially removable but became removable. *Id.*

or a series of transactions or occurrences, and (2) a common question of law or fact. *Tapscott*, 77 F.3d at 1360. The relevant inquiry is whether the connection between the joined claims and parties is so tenuous as to justify disregarding the citizenship of the joined parties upon removal. *Bright III*, 2003 WL 22434232 at *5. *See, e.g., Triggs v. John Crump Toyoto, Inc.*, 154 F.3d 1284, 1290 (11th Cir. 1998) (reversing district court's finding of fraudulent misjoinder of plaintiffs because "unlike *Tapscott*, there is a real connection between the claims of the named plaintiff and the claims which defendants seek to bifurcate and sever"); *Fidelity Homestead Association*, 2006 WL 2873562 at *4 (remanding, in part based on the court's finding that there was no fraudulent misjoinder in single plaintiff's suit against insurance company, the sellers of the policy and their liability insurer, as all claims arise out of the insurance coverage the plaintiff obtained to cover its errors and omissions); *Jamison v. Purdue Pharma Co.*, 251 F.Supp.2d 1315, 1322-23 (S.D. Miss. 2003) (rejecting defendant's fraudulent joinder claim and granting remand because claims had a sufficient "logical relationship" to satisfy permissive joinder under both the federal and Mississippi joinder rules).

Here, unlike in *Tapscott* where there were multiple plaintiffs whose claims were matched with particular defendants against whom they alleged individual claims but where no group of claims was related, there is only one plaintiff alleging all claims arising from her property insurance dispute following the damage she sustained after Hurricane Katrina. Mooney's claims against State Farm and her claims against Charles Lagarde arise from the same occurrence, will have overlapping facts, will be based on the same discovery and Mooney's relief will be based on the same damage calculations and testimony.

Other cases within this district have been remanded based on similar facts.  For example, in *Schwartz*, plaintiffs filed suit against their non-resident homeowners insurer seeking to recover under the policy.  *Schwartz*, 2006 WL 980673.  The plaintiffs also named their resident insurance agent as a defendant, alleging professional negligence for failing to inform them of any and all coverages under their policy. *Id.*   The court found that the defendants did not meet their burden of establishing fraudulent misjoinder. *Id.*

This Court has also recently remanded a case with similar facts.  In *Southern Athletic Club, LLC v. Hanover Insurance Company*, 2006 WL 2583406 (E.D. La. 9/6/06), the plaintiff had filed suit against its insurer, the adjusting firm hired by its insurer, the adjuster assigned to plaintiff's claim and plaintiff's insurance broker.  The plaintiff's claims against its broker were based in negligence, for the broker's alleged failure to properly advise plaintiff as to its coverage, since it appeared that plaintiff was underinsured following Hurricane Katrina. *Southern Athletic Club, LLC*, 2006 WL 2583406.  The insurer removed the case, alleging in part that the resident insurance broker was fraudulently misjoined. *Id.*   The plaintiff argued that the parties were properly joined, as the action sought recovery for the same injury – lack of insurance proceeds to pay for the damage to its property. *Id.*  In finding no fraudulent misjoinder, the Court analogized the case with *Radlauer v. Great Northern Ins. Co.*, 2006 WL 1560791 (E.D. La. 5/16/06) in which that plaintiff had also filed suit against his insurer and a non-diverse insurance underwriter.   The *Radlauer* court found no misjoinder "because there was only one plaintiff suing an insurance company, one of its adjusters, and the seller of the insurance policy.  Although Radlauer alleged different grounds of recovery against the defendant, there was a palpable or real connection between the claims and the parties joined because the plaintiff sought

20

recovery for the same injury." *Southern Athletic Club, LLC*, 2006 WL 2583406 at *4. Likewise this Court in *Southern Athletic Club, LLC* found no misjoinder of the parties, as the plaintiff sought recovery from each defendant based on insurance coverage for the damaged property. *Id.*

There is a sufficient and clear factual and legal nexus between Mooney's claims against State Farm and its claims against Charles Lagarde such that there is no fraudulent misjoinder. Therefore, there is no diversity of citizenship based on this theory of fraudulent joinder.

### III. CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

B. Gerald Weeks (#13306)
WEEKS, KAVANAGH & RENDEIRO
810 Union Street - Second Floor
New Orleans, LA 70112
Telephone: (504)529-5100
*Attorney for Plaintiff*

### CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid, this 17 day of November, 2006.

B. GERALD WEEKS