

```
             FILED
      U.S. DISTRICT COURT
    EASTERN DISTRICT OF LA

     2006 NOV 20  PM 4: 21

        LORETTA G. WHYTE
             CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES  CONSOLIDATED LITIGATION | :  CIVIL ACTION  :  :  NO. 05-4182  "K" (2)  : |
| PERTAINS TO:  LEVEE (06-5163)  CREATO GORDON, ET AL. V.  UNITED STATES OF AMERICA, ET AL. | :  JUDGE DUVAL  :  :  MAGISTRATE WILKINSON  : |

---

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
TO COMPLAINT OF CREATO GORDON, ET AL.**

---

Modjeski and Masters, Inc. ("Modjeski"), for answer to the complaint of Creato Gordon, et al., ("plaintiffs"), respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a cause of action against Modjeski.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with flood protection for the Industrial Canal.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint arose from *force majeure*, Acts of God, and other causes beyond the control or responsibility of Modjeski.

### FIFTH AFFIRMATIVE DEFENSE

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

### SIXTH AFFIRMATIVE DEFENSE

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal question jurisdiction based upon government contractor status, Modjeski pleads, in the alternative, all defenses available to government contractors.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

### TENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source

doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

### ELEVENTH AFFIRMATIVE DEFENSE

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

### MODJESKI'S ANSWER TO THE COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 1 through and including 8, and therefore denies each and every allegation contained therein.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 9, and therefore denies the allegations contained therein, except to admit the domicile and status alleged as to Modjeski in paragraph 9(f).

3.

Modjeski denies the allegations of paragraphs 10 through and including 12.

4.

Modjeski is without knowledge or information sufficient to justify belief as to the truth of the allegations of paragraphs 13 through and including 15, and therefore denies each and every allegation contained therein, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the east of the City of New Orleans.

5.

Modjeski denies the allegations of paragraphs 16 and 17.

6.

Modjeski denies the allegations of paragraph 18, and refers to the drawings and specifications for the floodwall design on the 17th Street Canal.

7.

Modjeski denies the allegations of paragraph 19, and refers to the drawings and specifications for the design of the floodwalls along the 17th Street Canal.

8.

Modjeski denies the allegations of paragraph 20, and refers to the drawings and specifications as the best evidence of the design of the floodwalls along the 17th Street Canal.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 21 through and including 23, and therefore denies each and every allegation contained therein.

10.

Modjeski denies the allegations of paragraphs 24 through and including 28.

11.

Modjeski denies the allegations of paragraphs 29 through and including 31.

12.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth to the allegations of paragraph 32 through and including 37, and therefore denies each and every allegation contained therein.

13.

Modjeski denies the allegations of paragraphs 38 through and including 49.

14.

Modjeski denies the allegations of paragraph 50.

15.

Modjeski is without knowledge or information sufficient to justify belief as to the truth of the allegations of paragraphs 51 through and including 57, and therefore denies each and every allegation contained therein.

16.

Modjeski denies the allegations of paragraph 58.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 59 through and including 70, and therefore denies each and every allegation contained therein.

18.

Modjeski denies the allegations of paragraphs 71 through and including 73, and therefore denies each and every allegation contained therein.

19.

The allegations of paragraph 74 do not require a response. In the event that a response is required, Modjeski denies the allegations of paragraph 74.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

_[signature]_
Victor E. Stilwell, Jr., T.A. (#12484)
Francis J. Barry, Jr. (#02830)
Keith J. Bergeron (#25574)
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the above and foregoing Answer have been served this 20th day of November, 2006, by e-mail or by placing same in the United States Mail, postage prepaid and properly addressed to the following counsel of record:

Joseph M. Bruno
Bruno & Bruno
855 Baronne St.
New Orleans, LA 70113

Ralph Shelton Hubbard, III
Lugenbuhl, Wheaton, Peck,
Rankin & Hubbard
601 Poydras St.
Suite 2775
New Orleans, LA 70130

Hugh Palmer Lambert
Lambert & Nelson
701 Magazine St.
New Orleans, LA 70130

Michael R. C. Riess
Kingsmill Riess, LLC
201 St. Charles Ave.
Suite 3300
New Orleans, LA 70170-3300

George R. Simno, III
Sewerage & Water Board Legal Department
625 St. Joseph St.
Room 201
New Orleans, LA 70165

_____
Victor E. Stilwell, Jr.

#303270v1<DKS> -answer behalf modjeski and masters 10-30-06