## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | |
| LEVEE, RESPONDER  CASE NOS | * | JUDGE: DUVAL |
| O'DWYER – 06-4389 AND | * | |
| O'DWYER – 06-6099 | * | MAG. JUDGE: WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS STATE OF LOUISIANA, STATE AGENCY AND STATE OFFICER DEFENDANTS FROM 06-4389 AND 06-6099

**MAY IT PLEASE THE COURT:**

The plaintiffs allege defendants State of Louisiana; State of Louisiana, through the Department of Public Safety and Corrections (DPSC); State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police (LSP); and the State of Louisiana, through the Department of Justice, Office of the Attorney General (DOJ) violated federal and state law through acts or omissions regarding preparation for and response to Hurricane Katrina and for

-1-

liability related to the levee breaches which occurred in the immediate aftermath of the hurricane.  All claims against the moving defendants should be dismissed.

## I.  STATEMENT OF THE CASE.

The plaintiffs filed Civil Action No 05-4181 on September 19, 2005.  Therein, the plaintiffs allege the State of Louisiana and Governor Kathleen Blanco, among many others, violated federal and state law in their preparation for and response to Hurricane Katrina.[4]  The plaintiffs amended the complaint a total of twelve times.[5] The State of Louisiana, through the Department of Transportation and Development, was joined as a defendant via Sixth Supplemental and Amending Complaint on December 5, 2005.[6]  DOTD was not served with the lawsuit until September 26, **2006**.

The plaintiffs moved to amend for the eleventh time on February 6, 2006.[7] Defendants State of Louisiana and Governor Kathleen Blanco moved for dismissal, on February 13, 2006, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) respectively.[8] On February 22, 2006, Magistrate Judge Knowles entertained oral argument on the plaintiffs' motion for leave to amend for the eleventh time.[9]  In open court and on the record, Magistrate Judge Knowles granted the plaintiffs' motion but noted, "eleven

---

[4] See 05-4181, Rec. Doc. 1.
[5] See 05-4181, Rec. Docs. 3, 5, 7, 12, 16, 20, 23, 50, 123, 124, and 128 (first eleven supplemental and amending complaints, the twelfth is Rec. Doc. _____ in 05-4182 and does not change the substance of the complaints).
[6] See 05-4181, Rec. Doc. 20.
[7] See 05-4181, Rec. Doc. 78.
[8] See 05-4181, Rec. Docs. 88 and 89.
[9] See 05-4181, Rec. Doc. 111.

strikes and you're out.  Future amendments are not going to be granted in this case, Mr. O'Dwyer, unless you give me some really, really, really good reasons to do so."[10]

The plaintiffs moved for leave to amend for the twelfth time, fifteen calendar days after oral argument, to add new jurisdictional allegations.[11]  Therein, the plaintiffs alleged the applicability of general maritime law to their claims and accordingly, original admiralty jurisdiction of the Federal Court.[12]  The motion for leave to amend was denied on April 12, 2006 by Magistrate Judge Wilkinson.[13] Magistrate Judge Wilkinson noted in his reasons for denying the motion, "The amendment does not appear important. [...] This case is significantly unlike the separate Ingram Barge case in this court, upon which plaintiff relies so heavily in his supplemental memorandum, in that this case does not involve an admiralty limitation proceeding."[14]

This Honorable Court issued its order and reasons granting the motions to dismiss the State of Louisiana and Governor Kathleen Blanco on July 19, 2006.[15]  A judgment was issued the same day.[16]  This Court dismissed the State of Louisiana and

---

[10] See 05-4181, Rec. Doc. 159, p. 31, lines 21-24 (opposition by United States to plaintiffs' motion for leave to amend for the twelfth time, exhibit: transcript from oral argument on motion for leave for the eleventh time).
[11] See 05-4181, Rec. Doc. 143.
[12] Id.
[13] See 05-4182, Rec. Doc. 71.
[14] Id.
[15] Rec. Doc. 788.
[16] Rec. Doc. 789.

Governor Blanco in her official capacity based on sovereign immunity.[17]  This Court further dismissed Governor Blanco in her individual capacity based on qualified immunity.[18]   The plaintiffs filed Civil Action No. 06-4389 against the State of Louisiana, through the Department of Public Safety and Corrections, and Secretary Johnny Bradberry approximately one month *later*, on August 17, 2006.[19]  Therein, the plaintiffs allege the applicability of general maritime law as a basis for this Court's original subject matter jurisdiction.[20]

On September 19, 2006, the plaintiffs filed a "Protective Refiled Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys Fees and Taxable Costs."[21]   Therein, the plaintiffs sue the State of Louisiana; Governor Kathleen Blanco; State of Louisiana, through the Department of Transportation and Development (DOTD); Secretary Johnny D. Bradberry; State of Louisiana, through the Military Department, Office of Homeland Security and Emergency Preparedness (incorrectly referred to as "the Governor's Office of Homeland Security and Emergency Preparedness" and hereinafter referred to as "OHSEP"); Colonel Jeff Smith; State of Louisiana, through the Department of Social Services (DSS),

---

[17] Rec. Doc. 788.
[18] Id.
[19] See 06-4389, Rec. Doc. 1.
[20] Id.
[21] See 06-6099, Rec. Doc. 1.

Secretary Ann S. Williams, State of Louisiana, through the Department of Public Safety and Corrections (DPSC), and Secretary Richard S. Stalder.[22]

On September 22, 2006, this Honorable Court dismissed DOTD from 05-4181, 05-6073, and 06-0020 based on sovereign immunity.[23]   DOTD and all other moving defendants were served with 06-6099 on October 23, 2006.[24]

## II.   STANDARD FOR DISMISSAL UNDER FRCP 12(b)(1) and 12(b)(6).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case.   The burden of proof for a rule 12(b)(1) motion is on the party asserting jurisdiction.[25]   The same standard of review applies to motions to dismiss under Rule 12(b)(1) and motions urged pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[26]   A claim may not be dismissed for lack of subject matter jurisdiction unless it appears certain that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[27]   A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate it.[28]

---

[22] Id.
[23] See 05-4182, Rec. Doc. 1231.
[24] See 06-6099, Rec. Docs. 3-11.
[25] Ramming v. United States, 281 F.3d 158 (5th Cir. 2001).
[26] See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir.2003).
[27] See Bombardier, 354 F.3d at 351; Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998).
[28] Home Builders Ass'n, 143 F.3d at 1010.

Federal courts are duty-bound to examine the basis of subject matter jurisdiction.[29]   A plaintiff's complaint must plead facts which establish that the alleged basis of subject matter jurisdiction actually applies to his claims.  As stated in Wright & Miller, *Federal Practice and Procedure*, §1210:

> As is true in the case of pleading a federal question under Section 1331, the entirety of the complaint must support the jurisdictional allegation in a case based on a claim arising under a special federal question statute. Enough should be alleged in the statement of the claim to show that the action does arise under the statute on which it purports to be based. Indeed, it is these statements in the body of the pleading that give the district court subject matter jurisdiction and not the mere conclusory reference to or recitation of a federal statute in the jurisdictional allegations.[30]

A litany of statutes with no factual underpinning will not establish the subject matter jurisdiction of the Federal Court and should not be allowed to stand.[31]

In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial."[32] The primary issue that a district court must confront at this stage of the proceedings is not whether a plaintiff

---

[29] Union Planters Bank National Assoc. v. Salih, 369 F.3d 457 (5th Cir. 2004) (*citing* Steel. Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

[30] Berthelot v. Boh Brothers Const. Co., L.L.C., Slip Copy, 2006 WL 2256995, *6 (E.D.La. 2006) (*citing* Wright & Miller, *Federal Practice and Procedure*, §1210 at p. 146).

[31] Id (*citing* Fed. R. Civ. P. 11).

[32] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) (citation omitted).

will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that a plaintiff "is entitled to offer evidence to support his claim[s]." [33]  It would be inappropriate for a district court to dismiss a plaintiff's complaint pursuant to a Rule 12(b)(6) motion, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [34]

The legal sufficiency of claims stated in the complaint must be evaluated solely on the basis of the pleadings.[35]  The district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. [36]  That being said, it is well established that courts do not have to accept every allegation in the complaint as true in considering its sufficiency.[37]

The plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity.[38]  It is well-established that "pro se complaints are held to less stringent standards than formal

---

[33] Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).
[34] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also* Jones, *supra*, at 324 (observing that dismissing an action is improper "unless the plaintiff would not be entitled to relief under *any* set of facts or any possible theory that he could prove consistent with the allegations in the complaint") (emphasis added).
[35] Jackson v. Procunier, 789 F.2d 307 (5th Cir. 1986).
[36] Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir.1993).
[37] Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 903-04 (E.D.La.,2001) (citing 5A Wright & Miller, Federal Practice & Procedure § 1357, at 311; Associated Builders, Inc. v. Alabama Power Company, 505 F.2d 97, 100 (5th Cir.1974)).
[38] *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000).

pleadings drafted by lawyers." [39]   However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." [40]

In the context of 42 U.S.C. § 1983 claims, it is well established that the claimant must plead specific facts, not mere conclusory allegations to survive a motion to dismiss.[41]

> In cases such as this, where civil rights complaints are lodged against public officials for actions undertaken in their official capacities, the Fifth Circuit has recognized that "liberal notions of notice pleading must ultimately give way to immunity doctrines that protect us from having the work of our public officials chilled or disrupted by participation in the trial or the pretrial development of civil lawsuits." [42]

As such, the United States Court of Appeals for the Fifth Circuit has "consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to

---

[39] Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quoting Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).
[40] *Id* (quoting S. Christian Leadership Conference v. Supreme Court of the State of La., 252 F.3d 781, 786 (5th Cir. 2001) (quoting Fernandez-Montes, 987 F.2d at 284)).
[41] Causey, 167 F.Supp.2d at 903-04 (citations omitted).
[42] *Id* (quoting Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir.1985)).

dismiss."[43]   The heightened pleading requirement in civil rights cases against those asserting immunity is necessary because to allow traditional discovery to commence based on broadly worded complaints "effectively eviscerates important functions and protections of official immunity."[44]

## III.   THE STATE OF LOUISIANA, ITS AGENCIES AND OFFICERS IN THEIR OFFICIAL CAPACITIES, ARE ENTITLED TO SOVEREIGN IMMUNITY FROM THIS SUIT IN THIS HONORABLE COURT.

The State of Louisiana is entitled to sovereign immunity from this suit pursuant to the Eleventh Amendment to the United States Constitution.  As an arm of the state, DOTD is immune from suit in federal court unless it has consented to suit or Congress has clearly and validly abrogated the state's sovereign immunity.[45] A suit against DSS and OHSEP, state agencies that are part of the executive branch of the state, is one against the State of Louisiana.[46] A suit against the DPSC, is a suit against the State.[47]   Furthermore, the State of Louisiana is the real party in

---

[43] Causey, 167 F.Supp. 2d at 904 (citing Geter v. Fortenberry, 849 F.2d 1550, 1553 (5 th Cir.1988) (citing Elliott v. Perez, 751 F.2d 1472, 1479 n. 20 (5th Cir.1985)).

[44] Causey, 167 F.Supp. 2d at 904.

[45] See Berthelot v. Boh Bros. Const., Slip Copy, 2006 WL 2726503, *1 (E.D. La. 2006) (Rec. Doc. 1231) (citing Perez v. Region 20 Educ. Service Center, 307 F.3d 318, 326 (5 Cir.2002); Mohler v. State of Mississippi, 782 F.2d 1291, 1293 (5 Cir.1986); Lambert v. Kenner City, 2005 WL 53307, *3-4 (E.D.La. Jan. 5, 2005)).

[46] See August v. Mitchell, Not Reported in F.Supp.2d, 2001 WL 1160857, *1 (citing Darlak v. Bobear, 814 F.2d 1055, 1059-60 (5 Cir.1987)) (abrogated on other grounds).

[47] Rogers v. Department of Corrections, 263 F.3d 163 (5th Cir. 2001) (citing Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999)).

interest to a suit against all state officers, in their official capacities.[48]  The claims against the moving defendants should, therefore, be dismissed.

This Court has already explicitly found that the State of Louisiana, DOTD, and Governor Kathleen Blanco, in her official capacity, are entitled to sovereign immunity from the plaintiffs' suit in this Honorable Court.  "The Eleventh Amendment bars suit against a state entity such as the Governor in her official capacity and the State of Louisiana itself.  As such, the claims against them shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)."[49]  "The Eleventh Amendment bars suit against a state entity such as the Department of Transportation and Development.  As such, the claims against it shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)."[50]  Despite the clarity of the Court's reasons for finding the State, DOTD, and Governor Blanco in their official capacity, are entitled to sovereign immunity, the plaintiffs insist on suing the State of Louisiana, its agencies and officers in their official capacities again and again in this Honorable Court.  Therefore, the moving defendants will again fully explain why they are entitled to sovereign immunity.[51]

---

[48] Kentucky v. Graham, 473 U.S. 159, 165 (1985); Green v. State Bar, 27 F.3d 1083, 1087 (5th Cir. 1994) (state officials); Humphries v. Various Federal USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999) (federal officials).
[49] See 05-4182, Rec. Doc. 788, p. 28.
[50] See 05-4182, Rec. Doc. 1231, p. 4.
[51] See 05-4181, Rec. Doc. 88 (fully briefing the Sovereign Immunity of the State of Louisiana); 05-4182, Rec. Doc. 321 (fully briefing the Sovereign Immunity of the State of Louisiana, through the Department of Transportation and Development).

The Eleventh Amendment bars all persons from suing a state for money damages in federal court.[52]   The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The plaintiffs may contend that the Eleventh Amendment is not applicable to suits of this nature by citizens of a defendant state against their own state. This argument lacks merit.   The United States Supreme Court held, in *Hans v. Louisiana*[53], sovereign immunity pursuant to the Eleventh Amendment applies to suits against a state by its own citizens.[54]   "The suability of a state, without its consent, was a thing unknown to the law.  This has been so often laid down and acknowledged by courts and jurists that it is hardly necessary to be formally asserted."[55]   The Supreme Court's 1890 holding has never been overruled.

The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought.[56]

---

[52] Ussrey v. State of Louisiana, 150 F.3d 431, 434 (5th Cir. 1998) (*citing* U.S. Const. amend. XI; Seminole Tribe v. Fla., 517 U.S. 44, 116 S.Ct. 1114 (1996)).
[53] 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
[54] *See* Hans, *supra*. See also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73, 107 S.Ct. 2941, 2945-46, 97 L.Ed.2d 389 (1987)(plurality opinion).
[55] Hans, 134 U.S. at 16.
[56] Cory v. White, 457 U.S. 85, 91 (1982); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986).

This immunity applies regardless of whether jurisdiction is asserted under this Court's original or supplemental jurisdiction.[57]

"State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution."[58]  The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."[59] The Eleventh Amendment is not an absolute bar, therefore, because states may consent to suit.[60]

The plaintiffs may allege the State of Louisiana waived its sovereign immunity. Sovereign immunity cannot be indirectly waived.[61] A State's sovereign immunity is "a personal privilege which it may waive at its pleasure."[62]  The decision to waive that immunity "is altogether voluntary on the part of the sovereignty."[63] Accordingly, the "test for determining whether a State has waived

---

[57] Pennhurst State School and Hospital v. Haldermann, 104 S.Ct. 900, 917-19 (1984).

[58] Myers v. State of Texas, 410 F.3d 236, 240 (5th Cir. 2005) (citing Alden v. Maine, 527 U.S. 706, 713 (1999)).

[59] *Id* (*citing* Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 1999)(*quoting* Hans v. Louisiana 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

[60] *Id* (*citing* Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)).

[61] College Savings, *supra*  (requiring a clear declaration by state of intent to waive sovereign immunity).

[62] College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999) (*citing* Clark v. Barnard, 108 U.S. 436, 447 (1883)).

[63] *Id*  (*citing* Beers v. Arkansas, 20 How. 527, 529, 15 L.Ed. 991 (1858)).

its immunity from federal-court jurisdiction is a stringent one."[64]   The Court will usually find a waiver either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[65]

Generally, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[66]   The Louisiana Legislature clearly expresses that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[67]   Specifically, Louisiana has not waived sovereign immunity for suits under 42 U.S.C. §1983.[68]   Therefore, in each unsanctioned instance of federal suit, the State, its agencies or officers in their official capacities must affirmatively waive its Eleventh Amendment immunity.[69]   The State of Louisiana does not consent to this suit and herein respectfully declines to waive its Eleventh Amendment immunity.

Suits may be brought against unconsenting states in federal court pursuant to certain federal statutes.   Congress may abrogate sovereign immunity of the states by enacting legislation pursuant to Section Five of the Fourteenth Amendment to

---

[64] *Id* (*quoting* Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985)).
[65] College Savings, 527 U.S. at 675-76 (citing Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284 (1906); Great Northern Life Ins. v. Read, 322 U.S. 47 (1944)).
[66] Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).
[67] La. R.S. 13:5106(A).
[68] Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).

the U.S. Constitution.[70]   Congress used this authority, for example, and chose to abrogate sovereign immunity of the states regarding Title VII claims.[71]   Congress must unequivocally express its intent to abrogate the states' Eleventh Amendment immunity.[72]   The intent to abrogate must be expressed "in unmistakable language in the statute itself."[73]   Congress has not abrogated sovereign immunity of the states as to claims under 42 U.S.C. §1983 or for the deprivation of civil rights claimed in this matter.[74]   As such, since Congress has not abrogated and the State has not waived sovereign immunity, the State is immune from this suit.

The State of Louisiana has neither waived nor Congress abrogated its sovereign immunity therefore, the State, DOTD, OHSEP, DSS, DPSC and the moving State officers in their official capacities, should be dismissed from this suit at plaintiffs' cost pursuant to Fed. R. Civ. P. 12(b)(1).

**IV.   <u>SUBJECT MATTER JURISDICTION OVER THE CLAIMS AGAINST THE MOVING DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES IS FOUNDED SOLELY ON 42 U.S.C. §1983.</u>**

The plaintiffs list a number of statutes and legal theories pursuant to which they conclusorily allege this Court may exercise subject matter jurisdiction.   The plaintiffs

---

[69] <u>Port Auth. Trans-Hudson Corp. v. Feeney</u>, 495 U.S. 299, 305 (1990); <u>Stem v. Ahearn</u>, 908 F.2d 1, 4 (5th Cir. 1990).
[70] <u>Ussrey</u>, 150 F.3d at 434 (*citing* <u>Seminole Tribe</u>, 517 U.S. at 55).
[71] Fitzpatrick *v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 2670 (1976).
[72] <u>Ussery</u>, 150 F.3d at 434 (*citing* <u>Seminole Tribe</u>, 517 U.S. at 55).
[73] *Id* (*quoting* <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 243 (1985)).
[74] *See* <u>Fitzpatrick v. Pitzer</u>, 96 S.Ct. 2666 (1976); <u>Quern v. Jordan</u> 99 S.Ct. 1139 (1979).

list the following statutes, in 05-4181 and 06-4389, as alleged bases for subject matter jurisdiction:

1.    The Oil Pollution Act of 1990, 33 U.S.C. §2701;

2.    The Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §9601, *et seq.;*

3.    The Federal Water Pollution Control Act, 33 U.S.C. §1365;

4.    The Clean Water Act, 33 U.S.C. §1251;

5.    The Clean Air Act.[75]

Each of these bases of jurisdiction was found wholly unsupported by the facts alleged by the plaintiffs in 05-4181.[76]   The issue of applicability of these statutes to this case has been fully adjudicated.   The reasons these statutes are inapplicable to this case are fully and clearly described in this Court's Order and Reasons granting the various motions to dismiss in 05-4181.[77]

In addition to the above listed statutes, the plaintiffs allege applicability of general maritime law to establish this Honorable Court's subject matter jurisdiction over the plaintiffs' claims.   The inapplicability of general maritime law to the facts of this case was fully adjudicated by the plaintiffs.   The plaintiffs, in 05-4181, moved for leave to amend for the twelfth time to add new jurisdictional allegations.[78]   Therein,

---

[75] See Rec. Doc. 788, pp. 12-14.
[76] Id.
[77] Id.
[78] See 05-4181, Rec. Doc. 143.

-15-

the plaintiffs alleged the applicability of general maritime law to their claims and accordingly, original admiralty jurisdiction of the Federal Court.[79]   The motion for leave to amend was denied on April 12, 2006 by Magistrate Judge Wilkinson.[80]   Magistrate Judge Wilkinson noted in his reasons for denying the motion, "The amendment does not appear important. […] This case is significantly <u>un</u>like the separate Ingram Barge case in this court, upon which plaintiff relies so heavily in his supplemental memorandum, in that this case does not involve an admiralty limitation proceeding."[81]

The issue of applicability of the above described "bases for jurisdiction" has been fully exhausted.  As such, the moving defendants will not reargue the issue and respectfully suggest that all of these superfluous alleged bases for subject matter jurisdiction should again be dismissed.

**V.** **SECRETARY BRADBERRY, COLONEL SMITH, SECRETARY WILLIAMS AND SECRETARY STALDER ARE ENTITLED TO QUALIFIED IMMUNITY  FROM THE ONLY REMAINING CLAIMS: INDIVIDUAL CAPACITY CLAIMS UNDER 42 USC §1983 IN 06-6099.**

As described above, all claims against the State of Louisiana, DOTD, OHSEP, DSS, DPSC, and all moving state officers in their official capacities, should be dismissed based on sovereign immunity.  The remaining claims, at this point, are the menagerie of claims against the moving state officers in their individual capacities.

---

[79] Id.
[80] See 05-4182, Rec. Doc. 71.

As described in the preceding section, all extraneous and unsupported bases for jurisdiction and liability of the state officers should be dismissed as they were in 05-4181. The sole remaining claims, therefore, are the claims under 42 U.S.C. §1983 against the moving defendants in their individual capacities. These claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiffs conspicuously fail to state a claim and the moving defendants are entitled to qualified immunity.

## A.    The Law on Qualified Immunity.

The protection afforded by the defense of qualified immunity is "immunity from suit, not simply immunity from liability"[82] therefore, the issue of qualified immunity must be resolved at the earliest possible stage of litigation.[83]   "Before this court-or any court-can adjudicate the merits" of Plaintiffs' claims, they "must overcome the bar of qualified immunity."[84]   Once raised, the plaintiffs have the burden to rebut the qualified immunity defense "by establishing that the official's allegedly wrongful conduct violated clearly established law.  We do not require that an official demonstrate that he did not violate clearly established federal rights; our

---

[81] Id.
[82] Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994)
[83] See Hunter v. Bryant, 112 S.Ct. 534, 536 (1991).
[84] Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 380 (5th Cir. 2005) (quoting Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir.2005); cf. Camilo-Robles v. Hoyos, 151 F.3d 1, 8 (1st Cir.1998) ( "[C]ourts are well-advised to separate 'qualified immunity' analysis from 'merits' analysis whenever practicable. In some circumstances, however, these inquiries overlap ···· Since our inquiry into objective legal reasonableness involves deliberate indifference, however, we are compelled to engage the merits to a greater extent than is usual.")).

precedent places that burden upon plaintiffs."[85]   Although qualified immunity is a two-step analysis, the threshold issue presented by any case arising under Section 1983 is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution.[86]

Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[87]   Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"[88] and therefore, allows government officials the freedom to exercise fair judgment. A defendant is entitled to qualified immunity if reasonable public officials could differ on the lawfulness of the actions.[89]   Officials are not expected to determine the manner in which the law's gray areas might be clarified or defined.[90]

The bifurcated test to determine whether a defendant is entitled to qualified immunity is clearly established law.[91]   The test is as follows: (1) Whether the plaintiff

---

[85] *Id*. (*Quoting* Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir.1997) (citations and internal quotation marks omitted); see also McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir.2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.")).
[86] Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services, 380 F.3d 872, 879 (5th Cir. 2004) (*citing* Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).
[87] Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982).
[88] Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986).
[89] Hussan v. Lubbock Independent School District, 55 F.3d 1075, 1079 (5th Cir. 1995).
[90] Davis v. Scherer, 104 S.Ct. 3012, 3019-20 (1984).
[91] Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998); Harper v. Harris County, 21 F.3d 597, 600 (5th Cir. 1994).

has alleged a violation of a clearly established constitutional right and, if so; (2) whether the defendant's conduct was objectively unreasonable in light of the clearly established law at the time of the incident.[92]

The first prong of the qualified immunity test is a "purely legal question" to be determined by the court.[93]   The court uses "currently applicable constitutional standards to make this assessment."[94]   Cases "clearly establishing" constitutional rights decided by the United States Supreme Court and Fifth Circuit Court of Appeals are binding precedent.  In the absence of binding precedent, the right may be clearly established by a "consensus of cases of persuasive authority."[95]

The Supreme Court defined what it means for a constitutional right to be "clearly established."

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." [96]

The "contours" of a right are not sufficiently clarified simply because the law is established as a general proposition (such as the Fourth Amendment prohibiting "unreasonable" searches or the Eighth Amendment prohibiting "excessive" force.)

---

[92] *Id.*
[93] Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).
[94] Hare, 135 F.3d at 326.
[95] McClendon, 305 F.3d at 329-30, 332.
[96] Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).

> The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful _in the situation he confronted_.[97]

42 U.S.C. § 1983 liability is only imposed for violations of rights protected by the United States Constitution, **not** for violations of rights and/or duties arising under state tort law.[98]

If it is found that the plaintiff sufficiently identified a clearly established constitutional right, the plaintiff must then show that the defendant's actions **caused** the deprivation of the plaintiff's constitutional rights in order to impose individual liability on the defendants under §1983.[99]

Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under §1983.[100]   Supervisory officers cannot be held liable under §1983 for the actions of subordinates on any theory of vicarious liability.[101]   Once a defendant raises the defense of qualified the plaintiff must plead "allegations of fact focusing specifically on the conduct of the

---

[97] Saucier, 533 U.S. at 201 (emphasis added).
[98] Baker v. McCollan, 443 U.S. 137, at 147, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).
[99] *See e.g.* Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999).
[100] *See* Coleman v. Houston Independent School District, 113 F.3d 528, 534 (5th Cir. 1997).
[101] Alton, 168 F.3d at 200; Monell v. Department of Social Services, 98 S.Ct. 2018, 2036-38 (1978); Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984) (*en banc*).

individual who caused the plaintiffs' injury"[102]   Bare conclusory allegations of supervisory liability are insufficient.[103]

In order to satisfy the second prong of the qualified immunity test, the plaintiffs must establish (A) that the constitutional rights allegedly violated under the first prong were clearly established at the time of the incident and; (B) if so, the conduct of each defendant was objectively unreasonable in light of law clearly established at the time. [104]

**Part A:**    Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful."[105]   Assuming the constitutional rights allegedly violated are clearly established, the plaintiffs must show that the courts "clearly established" the constitutional rights, *before* the occurrence of the conduct complained of.

**Part B:**    Objective unreasonableness of the conduct is a question of law for the court.[106]   Unreasonableness is assessed in light of the law as it existed at the time of the conduct.[107]   The plaintiff bears the burden of pleading a violation of clearly

---

[102] Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) (*citing* Schultea v. Wood, 47 F.3d 1427, 1430, 1432 (5th Cir.1995) (en banc)).
[103] Id.
[104] Hare, 135 F.3d at 326.  *See also*, Woods 60 F.3d at 1164.
[105] Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).
[106] Hare, 135 F.3d at 328.
[107] Harper, 21 F.3d at 601.

established federal law.[108]   As stated above, §1983 liability is only imposed for

violations of rights protected by the United States Constitution, **not** for violations of

rights and/or duties arising under state tort law.[109]   For qualified immunity to be

surrendered:

> pre-existing law must dictate, that is, truly compel (not just
> suggest or allow or raise a question about), the conclusion
> for every like-situated, reasonable government agent that
> what defendant is doing violates **federal** law in the
> circumstances.[110]

The plaintiffs must satisfy both parts of the qualified immunity test in order to

establish liability under §1983.

**B.    The moving defendants are clearly entitled to qualified immunity from
suit under 42 U.S.C. §1983 for the same reasons this Honorable Court
dismissed the moving government officer defendants from 05-4181.**

Governor Kathleen Blanco is entitled to qualified immunity in this case as she

was in 05-4181.  "The Court finds that Governor Blanco in her individual capacity is

entitled to qualified immunity as concerns any cause of action brought pursuant to 28

U.S.C. §1983.  Clearly, Governor Blanco's actions were objectively reasonable in

light of clearly established law at the time these alleged violations occurred.  She had

---

[108] *See* <u>Mitchell v. Forsyth</u>, 105 S.Ct. 2806, 2815 (1985); <u>Foster v. City of Lake Jackson</u>, 28 F.3d 425, 428 (5th Cir. 1994).
[109] <u>Baker v. McCollan</u>, 443 U.S. 137, at 147, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).
[110] <u>Sorenson v. Ferrie</u>, 134 F.3d 325, 330 (*citing* <u>Pierce v. Smith</u>, 117 F.3d 866, 882 (5th Cir. 1997)).

to confront a catastrophic occurrence unlike anything experienced by any state official before, except perhaps the Great Flood of 1927."[111]

Defendants Secretary Johnny Bradberry, Colonel Jeff Smith, Secretary Ann Williams, and Secretary Richard Stalder are named **only** in the list of defendants found on pages 18 and 19 of the plaintiffs' complaint in 06-6099.[112]   The plaintiffs generally list the "wrongs" allegedly committed by "the State Government Defendants."[113]   None of the listed "wrongs" is a violation of a constitutional right. No specific conduct of Secretary Bradberry, Colonel Smith, Secretary Williams or Secretary Stalder is described.   The plaintiffs fail to describe *how* their delineated rights were violated by *each of the named defendants*.   The plaintiffs' complaint is so devoid of facts it clearly fails to show the moving defendants are not entitled to qualified immunity.   Therefore, the plaintiffs' §1983 claims as alleged against the moving state officers in their individual capacities should be dismissed.

## VI.   <u>CONCLUSION</u>.

Considering the foregoing memorandum and incorporated decisions of this Court against *these plaintiffs*, it is clear the complaints in 06-4389 and 06-6099 should be dismissed as alleged against the State of Louisiana, Governor Kathleen Blanco, the Louisiana Department of Transportation and Development, Secretary Johnny

---

[111] See 05-4182, Rec. Doc. 788, p. 29.
[112] Rec. Doc. 1-1 (in 06-6099), p. 18-19, ¶5, 7, 9, 11 (respectively).
[113] Id at p. 28-29.

Bradberry, the Louisiana Military Department, Office of Homeland Security and Emergency Preparedness, Colonel Jeff Smith, the Louisiana Department of Social Services, Secretary Anne Williams, the Louisiana Department of Public Safety and Corrections, and Secretary Richard Stalder.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

**BY**: ___*s/ Michael C. Keller*_____
**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**STEPHEN F. BABIN (#2634)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.     504-599-1200
Facsimile No.     504-599-1212
Email:     KellerM@ag.state.la.us
             GlazerP@ag.state.la.us
             BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on *November 21, 2006*, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: *All Defendants*. I further certify that, on this same day, a copy of the foregoing was sent to *Ashton R. O'Dwyer* via email and First Class United States Mail.

_____*s/ Michael C. Keller*_____
**MICHAEL C. KELLER**