UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY FRUGHT** | **CIVIL ACTION NO. 06-7577** |
| **VERSUS** | **JUDGE DUVAL** |
| **LAFAYETTE INSURANCE COMPANY** | **MAGISTRATE WILKINSON, JR.** |

# MEMORANDUM IN OPPOSITION
# TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

The instant litigation arises out of the levee breeches that are alleged in *In Re: Katrina Canal Breaches Litigation*, No. 05-4182 (E.D. La). Plaintiff, Shirley Frught, alleges in Paragraph 9 of the Petition for Damages that her losses were occasioned throughout St. Bernard Parish as "a storm surge overtopped the levees and contributed to levee failure." Because this case arises out of the same case or controversy that is the subject matter of the *Canal Breaches Litigation*, supplemental jurisdiction exists under 28 U.S.C. §1367 and other grounds for supplemental jurisdiction as recognized by the United States Supreme Court in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) and *Peacock v. Thomas*, 516 U.S. 349 (1996).

Furthermore, through the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), Congress provided federal jurisdiction for natural and other disasters that involve the death of "at least 75 persons" and requiring only minimal diversity, meaning one or more plaintiffs are citizens of one state and one of more adverse parties are citizens of another state. 28 U.S.C. §1369. Defendant is mindful of the rulings in this district that hold Hurricane Katrina is not an "accident" under the MMTJA, but those rulings fail to recognize the plain wording of the statute that provides that there is federal

jurisdiction for a "natural event culminating in an accident." The intent of Congress to provide for the orderly and uniform administration of the multitude of claims resulting in natural disasters resulted in the MMTJA being adopted into law.

Further, Congress provided that should a state court action arise out of the same event as the class action and the class action is one that could have been brought under the MMTJA, then the state court action may be removed to federal court. 28 U.S.C. §1441(e)(1). That is the basis for jurisdiction in this case and, as the Court well knows, is a scenario being repeated many times in this district.

The goal of Congress in enacting the MMTJA and 28 U.S.C. §1441(e)(1) was to provide a single forum for the orderly and uniform administration of a multitude of claims arising in the wake of a hurricane, tornado, earthquake, terrorist attack, pipeline explosion, railroad accident, oil spill, airplane crash, etc. See Offenbacher, *The Multiparty, Multiforum Trial Jurisdiction Act: Opening the Door to Class Action Reform*, 23 The Review of Litigation 177, 192 (2004). As an adjunct to the MMTJA, Congress provided for supplemental jurisdiction under 28 U.S.C. §1441(e)(1). "When the requirements of §1441(e)(1)(b) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including §1369(a), because supplemental jurisdiction has been established." *Wallace v. Louisiana Citizens Property Insurance*, 444 F.3d 697 (5th Cir. 2006). Congress sought to make federal judicial resources available for such disasters, and in effect, relieve the burden on state judicial systems that are antiquated, understaffed, ill-equipped, and lack resources to handle the onslaught of litigation arising out of the disaster. In this case, the state systems are quickly becoming overwhelmed.

## I. *Federal Supplemental Jurisdiction Exists as Congress Intended.*

In addition to *Katrina Canal Breaches Litigation*, Lafayette Insurance Company is a defendant in several class action lawsuits arising out of Hurricane Katrina, lawsuits that were or could have been brought under 28 U.S.C. §1369, including the following:

1. Connie Abadie, et al v. Aegis Security Insurance Company, et al., No. 06-5164 (E.D.La.);

2. Colleen Berthelot, et al v. Boh Bros. Construction Company, LLC, et al., USDC Eastern District, No. 05-4182, Sect. "K", Mag (2);

3. Keith Randall v. Allstate Indemnity Company, USDC Eastern Dist. No. 06-1053, Sect. "R", Mag (5);

4. Pearl Caruso, et al v. Allstate Insurance Company, et al, USDC Eastern Dist. No. 06-2613, Sect. "R", Mag. (1).

All the listed cases satisfy all of the requirements for jurisdiction under §1367 and §1369.

Jurisdiction in the present matter is based on the supplemental jurisdiction of §1441(e)(1)(b), a completely separate basis for jurisdiction that does not require the present matter to be a class action. Further, *Katrina Canal Breaches Litigation* and the other class actions in which Lafayette is a defendant do not have to be lodged in federal court on the basis of the MMJTA for there to be jurisdiction under §1441(e)(1)(b). The text of §1441(e)(1)(b) makes this abundantly clear:

> (e)(1) Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if--
>
> (A) the action could have been brought in a United States district court under section 1369 of this title; or
>
> (B) *the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter*.

3

> The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

28 U.S.C. §1441(e), emphasis added. Therefore, the notion that the MMTJA was intended for class actions is correct, but is not applicable to cases where removal is based on §1441(e)(1)(b). Because Lafayette is already a defendant in multiple cases where jurisdiction is proper under 28 U.S.C. §1369, removal is proper in this matter under §1441(e)(1)(b).

Jurisdiction in *Katrina Canal Breaches Litigation* is clearly satisfied under the MMTJA, and, hence, supports removal in this case. The statute's language is not technical or convoluted. The MMJTA states, in part, as follows:

### § 1369. Multiparty, multiforum jurisdiction

**(a) In general.**--The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if--

> **(1)** a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> **(2)** any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> **(3)** substantial parts of the accident took place in different States.

**(b) Limitation of jurisdiction of district courts.**--The district court shall abstain from hearing any civil action described in subsection (a) in which--

> **(1)** the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
> **(2)** the claims asserted will be governed primarily by the laws of that State.

4

> **(c) Special rules and definitions.**--For purposes of this section--
>
>> **(1)** minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in section 1603(a) of this title;
>>
>> **(2)** a corporation is deemed to be a citizen of any State, and a citizen or subject of any foreign state, in which it is incorporated or has its principal place of business, and is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business;
>>
>> **(3)** the term "injury" means--
>>
>>> **(A)** physical harm to a natural person; and
>>>
>>> **(B)** physical damage to or destruction of tangible property, but only if physical harm described in subparagraph (A) exists;
>>
>> **(4)** the term "accident" means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons; and
>>
>> **(5)** the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.
>
> **(d) Intervening parties.**--In any action in a district court which is or could have been brought, in whole or in part, under this section, any person with a claim arising from the accident described in subsection (a) shall be permitted to intervene as a party plaintiff in the action, even if that person could not have brought an action in a district court as an original matter.
>
> **(e) Notification of judicial panel on multidistrict litigation.**--A district court in which an action under this section is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of the action.

28 U.S.C. §1369. Under the statute, an "accident" includes a "natural event culminating in an accident." The fact that Hurricane Katrina resulted in extensive damage qualifies that event as an "accident" under the MMJTA. See Offenbacher, *The Multiparty, Multiforum Trial Jurisdiction Act:*

5

*Opening the Door to Class Action Reform*, 23 The Review of Litigation 177, 192 (2004), "Congress included the 'natural event' language to encompass events caused by natural forces over time, such as long-term flooding or shifting foundation, event if they are not sudden;" Raforth, *Congress and the Multiparty, Multiforum Trial Jurisdiction Act of 2002: Meaningful Reform or a Comedy of Errors*, 54 Duke L.J. 255, 263 (2004), "Additionally, the explicit inclusion of accident resulting from natural disasters indicates that Congress was more concerned with accident characteristics likely to affect subsequent litigation than with the nature of the causes behind covered accidents."

Plaintiff argues Hurricane Katrina was not an "accident" under the MMTJA but stops short of admitting its claim is not the result of an accident. Of course, plaintiff would have no claim against if its alleged damages were not the result of an accident. Plaintiff alleges in his own petition that Hurricane Katrina caused damage to his property. The hypocrisy is obvious. If Congress intended to exclude natural events such as a hurricane from qualifying as an accident, Congress would have not included natural events in the language of the statute. Even if this Court finds that Hurricane Katrina is not an "accident," then the levee breach as alleged in *Katrina Canal Breaches Litigation*, which in turn caused the "flooding," of which excludes plaintiff's recovery herein, is an accident for which there is jurisdiction under the MMTJA. See *Flint v. Louisiana Farm Bureau Insurance Company*, USDC, Eastern District, Civil Action No. 06-2546.

This Court should also find that the "accident" at issue in *Katrina Canal Breaches Litigation* and in the present matter occurred at a "discrete location." While Congress did not define "discrete location," the term must be interpreted according to the objectives sought by the passage of Section 1369. Commentators suggest the term was used to ensure administrative convenience. As one decision observed:

6

> . . . [T]he MMTJA was intended to 'streamline the process by which multidistrict litigation governing disasters are [sic] adjudicated,' creating a device whereby multiple causes of action all stemming from one major disaster can be consolidated for adjudication in one federal court. * * * [I]t is clear that in enacting §1369, Congress intended to create a mechanism whereby litigation stemming from one federal court for discovery and trial. ***It is also clear that Congress' motivation in passing this legislation was to promote judicial efficiency while avoiding multiple lawsuits concerning the same subject matter strewn through the country in various state and federal courts.*** Thus §1369 was intended to address these concerns by creating a new statutory grant of original federal jurisdiction aimed exclusively at large accidents resulting in 75 or more deaths.

*Passa v. Derderian*, 308 F.Supp. 2d 43 (D.R.I. 2004), emphasis added. The court in *Passa* recognized the objective of the statute was to provide an administrative convenience of having a single place in the judicial system in which all claims arising out of an identifiable accident or natural disaster may be efficiently considered. It is also clear from the statute that it is the deaths, not the natural disaster, that must have occurred at a discrete location. The statute is consistent in this regard by referring to "parts of an accident" taking place in different states.

Hurricane Katrina was a natural event that resulted in deaths, personal injury, property damage, and upheaval the likes of which are unprecedented in our history. This Court should not deny the federal forum to litigious claims arising out of that event, but instead should follow the lead and foresight Congress provided for through enactment of the MMTJA and 28 U.S.C. §1441(e)(1).

## II.   *Attorney's Fees and Costs Are Not Warranted*

Plaintiffs has not cited any U.S. Fifth Circuit authority to support the Motion to Remand and the plain language of the statute supports jurisdiction. The issue of subject matter jurisdiction in this case have never before been litigated to the extent litigation is proceeding at this moment. There is no definitive Fifth Circuit or Supreme decision on point. It is only by a strained argument that a hurricane is not an accident or that plaintiff's damages did not result from the hurricane that plaintiff seeks

attorney's fees and costs. Defendant has cited statutory language and commentary from scholarly journals supporting its position. In sum, defendant has provided "objectively reasonable grounds" to support removal. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 (5th Cir. 2000).

## III. CONCLUSION

For the reasons submitted herein, the Motion to Remand should be **DENIED**.

Respectfully submitted by,

**BARRY & PICCIONE**

**BY:**      /s/ Wendell R. Verret
**STEPHEN R. BARRY (# 21465)**
**DAPHNE P. MCNUTT  (#20292)**
**WENDELL R. VERRET (# 21968)**
Barry & Piccione
612 Gravier Street
New Orleans, LA 70130
Tel: (504) 525-5553

**COUNSEL FOR LAFAYETTE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this date been forwarded to all known counsel of record by email, fax, and/or U.S. Mail, postage prepaid and properly addressed.

New Orleans, Louisiana this 21st day of November, 2006.

       /s/ **Wendell R. Verret**
**Wendell R. Verret**