UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA M. LUDWIG, WIFE OF/AND WALTER A. LUDWIG<br>　　　　Plaintiffs<br>VERSUS<br><br>ALLIANCE INSURANCE AGENCY SERVICES, INC., JOSEPH SLOAN, AND THE STANDARD FIRE INSURANCE COMPANY<br>　　　　Defendants | CIVIL ACTION NO.: 06-8935<br><br>SECT. K / MAG. 2 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF ALLIANCE INSURANCE AGENCY SERVICES, INC. 'S OPPOSITION TO MOTION TO REMAND

Defendant, Alliance Insurance Agency Services, Inc. ("Alliance"), submits this Opposition to Sandra and Walter Ludwig's ("Plaintiffs") Motion to Remand. As shown below, this Court has federal question jurisdiction over Plaintiffs' claims pursuant to U.S.C. § 1331 because the resolution of this matter involves the interpretation of federal law.

In their Motion to Remand, Plaintiffs contend that removal of this matter was improper because their claims are not preempted by federal law, specifically 42 U.S.C. § 401 ("The National Flood Insurance Act). For the following reasons, Plaintiffs' motion should be denied:

- All flood claims, including failure to procure flood insurance, fall under

the purview of federal law notwithstanding judicial opinions to the contrary.

- Removal is proper because: 1) failure to procure flood insurance should be governed by (and perempted by) federal law and 2) if Plaintiffs' allegations are true, Alliance is a fiscal agent of the federal government.

In sum, this case involves questions of federal law which invoke this Court's federal question subject matter jurisdiction. Alliance's removal of this matter to this Court was appropriate.

## FACTS / PROCEDURAL HISTORY

The face of the Petition[1] is controlling in a removal action. The following is a summary of Plaintiff's allegations:

Plaintiff purchased an insurance policy with The Standard Insurance Fire Company ("Standard Fire") based upon the recommendations of Alliance. Alliance represented Plaintiff for the purpose of obtaining homeowners and flood insurance.

On August 29, 2005, Hurricane Katrina made landfall near Grand Isle, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Mississippi border. As expected, Hurricane Katrina produced a great deal of rainfall and caused significant wind damage in the metropolitan New Orleans area, as well as storm surges along the banks of Lake Ponchartrain.

Plaintiffs' home was damaged as a result of Katrina. Plaintiffs allege that Alliance provided them with a flood insurance policy that only covered the extent of the mortgage over their residence. Plaintiffs other allegations against Alliance include:

(1) Breach of fiduciary duty to fully inform Plaintiffs about their insurance coverages.

(2) Breach of express warranty.

---

[1] *See*, Petition

2

(3) Negligently misrepresenting the scope and nature of Plaintiffs' policy.

(4) Failing to procure the proper insurance overages for Plaintiffs.

On August 25, 2006, Plaintiffs filed suit for damages in state court seeking damages allegedly caused by Alliance's negligent and fraudulent failure to procure adequate flood insurance for their residence.

On October 23, 2006, Alliance filed a Notice of Removal with this court. Plaintiff's Motion to Remand followed.

## LAW AND ARGUMENT

I. **Notwithstanding Judicial Opinions to the Contrary, All Flood Claims, Including Failure to Procure Flood Insurance, Fall Under Purview Of Federal Law And Invoke Federal Question Jurisdiction.**

Alliance acknowledges the District Court case law contrary to its position on procurement of insurance as a state issue but respectfully submits that the cases preceding this case have not focused on the decisive basis for conferring federal question jurisdiction. This year, the Eastern District acknowledged that "the Fifth Circuit has not had the occasion to determine whether a state law tort claim for errors and omissions like the plaintiff's claim would be considered 'handling' and the Fifth Circuit has not determined whether state law claims for improper 'procurement' would be preempted by the National Flood Insurance Act (NFIA)." Landry v. State Farm Fire & Cas. Co., No. 06-181 (Apr. 25, 2006) (ruling against federal jurisdiction but noting no decision from Fifth Circuit on this precise issue), *citing*, Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005) ("state law tort claims arising from claims handling by a WYO are preempted by federal law").

3

The cases examining the issue have generally held that when an insurance agent fails to procure flood insurance, the federal government lacks a financial stake to confer federal question jurisdiction. However, as will be shown in this memorandum, whether the federal government has a financial stake should not be the dispositive issue and even if this Court finds that it is, the federal government has a huge financial stake in regulating the procurement of flood insurance policies.

The federal government enacted the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001 *et seq.*, in part, to ensure uniformity of flood protection. The government controls underwriting and procurement regulations and policies relative to flood insurance. It follows then that the case law governing procurement of flood insurance, which relies necessarily on the insurance agent learning, following, and executing those federal regulations, should be governed by a uniform body of federal law. The alleged failure of a "Write Your Own" (WYO) carrier to procure flood insurance in accordance with the federal guidelines should not be left to the individual decision of each trial court and ultimately each appellate court in each of the 50 states. Moreover, federal question jurisdiction exists because as a WYO carrier, Alliance is a fiscal agent of the federal government. Therefore, Alliance respectfully requests this Court to consider the removal/remand issue under the framework presented herein and to find that the Court should retain this matter under 28 U.S.C. § 1331 federal question jurisdiction.

II. **Removal Is Proper Because: (1) Failure to Procure Flood Insurance Should Be Governed By (and Perempted by) Federal Law And (2) If Plaintiffs' Allegations Are True, Alliance Is A Fiscal Agent of the Federal Government.**

The NFIP is operated by the Federal Emergency Management Agency ("FEMA"), which has authority to regulate the participation of private companies in the

4

NFIP, the terms on which flood insurance will be provided, and the manner in which claims are adjusted and paid. 42 U.S.C. §§ 4013(a), 4019, 4071, 4081. By FEMA regulation, all policies issued under the NFIP (whether by FEMA or by a WYO company) must be issued using the terms and conditions of the Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). In 2003, FEMA changed its regulations to provide explicitly that sales and administration of flood policies are subject to those regulations insofar as WYO carriers are involved. 44 C.F.R. Pt. 62, App. A, Art. I. The SFIP form itself is a regulation and is found in 44 C.F.R. Pt.61, App. A. The WYO companies are not authorized to vary or waive any of the SFIP terms and conditions without the express written consent of FEMA. 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). As a matter of federal law, these terms and conditions govern the adjustment of all claims: "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the NFIP, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d).

    WYO carriers are paid by FEMA for the services they provide in connection with the underwriting and sale of SFIPs and for the handling and defense of claims under the policy. *See* 44 C.F.R. Part 62, App. A, Art. III. WYO carriers, however, do not bear the risk of loss under the SFIPs. Rather, claims are paid with federal funds, and the federal government bears the risk of loss under the program. WYO carriers are fiscal agents of the United States, 42 U.S.C. § 4071(a)(I); 44 C.F.R. § 62.23(g), and payments on SFIP claims are a direct charge on the United States Treasury. *See,* Wright v. Allstate Ins. Co.,

415 F.3d 384, 390 (5th Cir. 2005)("state law tort claims arising from claims handling by a WYO are preempted by federal law"); 42 U.S.C. § 4017(d)(I).

The NFIP's federal regulatory structure is not confined to the four corners of the SFIP, but extends into numerous other areas of the activities of WYO companies and their agents including sales, marketing, and procurement. *See* 44 C.F.R. Pt. 62, App. A art. I (stating that the Federal Insurance Administration ("FIA") "has promulgated regulations and guidance implementing the Act and the Write-Your-Own program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer [SFIPs], and has extensively regulated the participating companies' activities when selling or administering [SFIPs]"). By way of example, the Arrangement expressly directs that WYO companies "shall issue policies under the regulations prescribed by the Administrator in accordance with the Act," 44 C.F.R. Pt. 62, App. A, art. II.D.2, and "shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA." Id. art. n.G.2.

Additionally, federal regulations direct WYO companies to "encourage [their] present property insurance policyholders to purchase flood insurance through the NFIP WYO program," 44 C.F.R. § 62.23(h)(1), and to comply with specified requirements regarding rating system procedures, transmission of premium payments, and the offering of premium payment plans. Id. § 62.23(h)(2), (3), (7).

Finally, in order to qualify for participation in the NFIP, WYO companies must "submit information concerning [their] plans for the WYO program including plans for the training and support of producers and staff [and] marketing plans and sales targets," 44 C.F.R. § 62.24(d), and WYO companies are required to submit to a federal review of

6

their "claims, underwriting, customer service, marketing, and litigation activities" at least once every three years. 44 C.F.R. § 62.23(j)(2); 44 C.F.R. Pt. 62, App. B.

Plaintiffs' claims would thus necessarily involve determining what SFIP coverage she could have purchased and the extent to which their alleged losses would have been covered under any such SFIP coverage. Moreover, the SFIP itself is "governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 *et seq.*), and Federal common law." 44 C.F.R. Part 61 App. A(1), art. IX; *see also* Wright v. Allstate Ins. Co., 415 F.3d at 390.

Moreover, one of Plaintiffs' claims is premised on an alleged duty to provide certain kinds of advice with respect to policy options in connection with the sale of an SFIP by a WYO company. By federal statute, FEMA is charged with regulating the terms of participation in the WYO. 42 U.S.C. §§ 4071, 4081. FEMA regulates such participation through the "Arrangement" between FEMA and WYO companies, 44 C.F.R. Pt. 62, App. A, as well as numerous regulations and directives. Any duties or conditions imposed on WYO companies as a result of participation in the NFIP could only be imposed as a matter of federal law. Accordingly, an essential element of Plaintiffs' claims - the purported duty to advise as to additional coverage - requires construction of federal laws.

## CONCLUSION

This case invokes questions of federal law which invoke this Court's federal question subject matter jurisdiction. All flood claims, including failure to procure flood insurance, fall under purview of federal law and invoke federal question jurisdiction.

7

Further, removal is proper because: (1) failure to procure flood insurance should be governed by (and prempted by) federal law and (2) if Plaintiffs' allegations are true, Alliance is a fiscal agent of the federal government. In conclusion, Alliance's removal of this matter to this Court was appropriate. Plaintiffs' Motion to Remand should be denied.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on November 14, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following: Louis L. Gertler, Robert W. Knights<br><br>/s/ David I. Bordelon<br>ATTORNEY FOR ALLLIANCE INSURANCE AGENCY SERVICES, INC.<br>UNGARINO & ECKERT, LLC<br>3850 N. Causeway Blvd., Suite 1280<br>Metairie, LA 70002<br>Telephone: (504) 836-7565<br>Fax: (504) 836-7566<br><br>dbordelon@ungarino-eckert.com | Respectfully submitted:<br><br>**UNGARINO & ECKERT, LLC**<br><br>*s/s David I. Bordelon*<br>**WAYNE R. MALDONADO (#19076)**<br>**DAVID I. BORDELON (#16815)**<br>**PAUL J. HAMMER (#30540)**<br>Suite 1280 Lakeway Two<br>3850 North Causeway Boulevard<br>Metairie, Louisiana 70002<br>Telephone: 504/836-7547<br>Facsimile: 504/836-7538<br>Email beckert@ungarino-eckert.com<br>Email gdeforest@ungarino-eckert.com |