UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN MOONEY | * CIVIL ACTION |
| Plaintiffs | * NO. 06-8602 |
| VERSUS | * SECTION "D" |
| STATE FARM FIRE AND CASUALTY COMPANY AND CHARLES LAGARDE, JR. | * JUDGE MCNAMARA |
| | * MAGISTRATE KNOWLES |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES OF CHARLES LAGARDE, JR. TO PLAINTIFF'S PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel comes Defendant Charles Lagarde, Jr. ("Lagarde"), who submits the following Affirmative Defenses and Answer to Plaintiff's Petition for Damages.

### DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim against Lagarde upon which relief can be granted.

838808v.1

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by promissory estoppel, waiver or by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiff's claims would result in unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

The Petition does not present a justiciable case or controversy between Plaintiff and Lagarde.

## FIFTH AFFIRMATIVE DEFENSE

Lagarde conducted all of his actions in good faith.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims have prescribed and/or are barred by peremption.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is charged with knowledge of her insurance policies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own comparative fault and/or contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, and the Supremacy Clause of the Constitution of United States.

Lagarde procures and State Farm sells flood insurance policies covering both residential and commercial properties in Louisiana solely pursuant to its participation in the

National Flood Insurance Program ("NFIP") which was established in 1968 by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*

Under the NFIP and pursuant to federal authority statutorily delegated to it, FEMA authorized State Farm to participate in the NFIP as a "Write Your Own" ("WYO") insurance carrier that can issue NFIP flood insurance policies under the State Farm name. As a WYO carrier, State Farm is subject to, *inter alia*, FEMA regulations and the terms of an "Arrangement" between FEMA and State Farm.

Through its participation as a WYO carrier in the NFIP, State Farm issued, through Lagarde, flood insurance policy 98-RE-8363-6 to Plaintiff in 1995. By FEMA regulation, the flood insurance policy issued to Plaintiff and all other flood insurance policies issued by State Farm under the NFIP, were issued using the federally regulated terms and conditions of the Standard Flood Insurance Policy ("SFIP"). The SFIP itself is a regulation and is found in 44 C.F.R. Pt. 61, App. A. Neither State Farm nor its agents, including Lagarde, can vary or waive any of the SFIP terms and conditions without the express written consent of FEMA.

### TENTH AFFIRMATIVE DEFENSE

With respect to any determinations made under the Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program for Plaintiff, Lagarde reserves all defenses with respect to the SFIP including but not limited to all applicable conditions precedent, coverage limitations, exclusions, limitations on remedies and damages, appraisal rights, other insurance or payments, loss payee requirements, and other requirements and provisions of the SFIP, the National Flood Insurance Act, and the Federal Emergency

Management Agency, as well as causation, assumption of the risk, the Appropriations Clause of the United States Constitution, and the Separation of Powers doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Lagarde hereby invokes and adopts all affirmative and constitutional defenses available to him or the laws of other jurisdictions that may be subsequently determined to apply to this action and Lagarde reserves his right to amend his answer to assert any such defense.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has improperly joined claims, alleged causes of actions and defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

The SFIP issued to Plaintiff includes an "Other Insurance" provision which provides as follows:

C. Other Insurance

1. If a loss covered by this policy is also covered by other insurance that includes flood coverage not issued under the Act, we will not pay more than the amount of insurance you are entitled to for lost, damaged or destroyed property under this policy subject to the following:

    (i) We will pay only the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss, unless C.1.b. or c. immediately below applies.

    (ii) If the other policy has a provision stating that it is excess insurance, this policy will be primary.

    (iii) The policy will be primary (but subject to its own deductible) up to the deductible in the other flood policy (except another policy as described in C.1.b. above). When the other deductible amount is reached, this policy will participate in the same proportion that the amount of insurance under this policy bears to the total amount of both policies for the remainder of the loss.

44 C.F.R. Pt. 61, App.A(1), Art. VII.C.

State Farm homeowners policies also contain an "other insurance" clause that requires determining the total amount of insurance covering the loss in order to determine the amount to be paid under the homeowners policy. Therefore, if there were coverage for flood damage under the homeowners policy, then Plaintiff's claims would be contractually limited and/or barred and her claims would be perempted.

## ANSWER

**AND NOW**, responding to each allegation set forth in Plaintiff's Petition, states as follows:

**1.**

Lagarde denies the allegations contained in Paragraph 1 for lack of knowledge sufficient to justify a belief therein to the extent that the allegations do not pertain to Lagarde. To the extent that the allegations pertain to Lagarde, Lagarde admits that he is within the jurisdiction of the Court.

**2.**

Lagarde denies the allegations contained in Paragraph 2 for lack of knowledge sufficient to justify a belief therein.

**3.**

Lagarde denies the allegations contained in Paragraph 3 for lack of knowledge sufficient to justify a belief therein.

**4.**

To the extent that the allegations in Paragraph 4 pertain to Lagarde, Lagarde denies the allegations except to affirmatively state that Plaintiff had both a homeowners policy and SFIP issued by State Farm that were in effect at the time Hurricane Katrina struck. Lagarde

denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

5.

Lagarde denies the allegations contained in Paragraph 5, but affirmatively states that he is an independent insurance agent authorized to service and sell State Farm insurance products. Lagarde denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

6.

Lagarde denies the allegations contained in Paragraph 6 to the extent that the allegations pertain to Lagarde, and specifically denies that he undertook any duty on behalf of the Plaintiff. Lagarde denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

7.

Lagarde denies the allegations of Paragraph 7 to the extent that the allegations pertain to Lagarde, but affirmatively states that he procured a State Farm homeowners policy and State Farm SFIP for Plaintiff in 1995. Those policies are the best evidence of the coverage provided and Lagarde denies the allegations that are inconsistent with the written provisions of those policies. Lagarde denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

8.

Lagarde denies the allegations of Paragraph 8 to the extent that the allegations pertain to Lagarde. Lagarde denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

- 7 -

**9.**

Lagarde denies the allegations of Paragraph 9 to the extent that the allegations pertain to Lagarde. Lagarde denies the remaining allegations to the extent that they do not pertain to Lagarde for lack of knowledge sufficient to form a belief therein.

**10.**

Lagarde denies the allegations of Paragraph 10 and its subparts.

**11.**

The allegations of Paragraph 11 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, Lagarde denies the allegations contained in Paragraph 11.

**12.**

Lagarde admits that Plaintiff owned a State Farm homeowners policy and a State Farm SFIP, both of which contain specific language regarding covered and excluded perils. Both of those policies were in effect at the time Hurricane Katrina struck. The policies themselves are the best evidence of the coverage provided and hazard denies any allegations that are inconsistent with the written provisions of those policies. Lagarde denies the remaining allegations contained in Paragraph 12.

**13.**

Lagarde denies the allegations contained in Paragraph 13 for lack of knowledge sufficient to form a belief therein.

**14.**

The allegations contained in Paragraph 14 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response

from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**15.**

The allegations contained in Paragraph 15 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**16.**

The allegations contained in Paragraph 16 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**17.**

The allegations contained in Paragraph 17 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**18.**

The allegations contained in Paragraph 18 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

- 9 -

**19.**

The allegations contained in Paragraph 19 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**20.**

The allegations contained in Paragraph 20 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

**21.**

The allegations contained in Paragraph 21 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein, except to affirmatively state that State Farm issued a homeowners policy to Plaintiff numbered 18-CY-0131-7.

**22.**

The allegations of Paragraph 22 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, Lagarde denies the allegations contained in Paragraph 22 for lack of knowledge sufficient to form a belief therein.

23.

The allegations contained in Paragraph 23 do not pertain to Lagarde and do not require a response from Lagarde. In an abundance of caution and to the extent that a response from Lagarde is required, Lagarde denies the allegations for lack of knowledge sufficient to form a belief therein.

24.

The allegations of Paragraph 24 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, Lagarde denies the allegations contained in Paragraph 24 for lack of knowledge sufficient to form a belief therein.

25.

The allegations of Paragraph 25 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, Lagarde denies the allegations contained in Paragraph 24 for lack of knowledge sufficient to form a belief therein.

26.

The allegations of Paragraph 26 are largely conclusions of law and demands for relief, and as such, do not require a response. In an abundance of caution, Lagarde denies the allegations contained in Paragraph 26 for lack of knowledge sufficient to form a belief therein.

27.

The allegations of the "WHEREFORE" paragraph are conclusions of law and demands for relief which require no response. However, to the extent that a response is required and in an abundance of caution, Lagarde denies the allegations and expressly denies that Plaintiff is entitled to the relief sought in the paragraph or any other relief sought in the Petition.

**WHEREFORE,** defendant Charles Lagarde prays that his Affirmative Defense and Answer be deemed good and sufficient and that after due proceedings, this Court enter

838808v.1

judgment in favor of Lagarde and dismiss the Petition, at Plaintiff's cost and for all other equitable relief to which Lagarde may be entitled.

Respectfully submitted,

_____
Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Lesli D. Harris, 28070
    Of
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for Charles Lagarde

## CERTIFICATE

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses of Charles Lagarde to Plaintiff's Petition for Damages has been served upon the following counsel of record by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 22nd day of November, 2006:

Gerald Weeks
810 Union Street, Second Floor
New Orleans, Louisiana 70112

_____

838808v.1