UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN MOONEY | * CIVIL ACTION |
| Plaintiffs | * NO. 06-8602 |
| VERSUS | * SECTION "D" |
| STATE FARM FIRE AND CASUALTY COMPANY AND CHARLES LAGARDE, JR. | * JUDGE MCNAMARA |
| | * MAGISTRATE KNOWLES |
| Defendants | * |

### ANSWER AND AFFIRMATIVE DEFENSES OF STATE FARM FIRE AND CASUALTY COMPANY TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Defendant State Farm Fire and Casualty Company ("State Farm"), who submits the following Affirmative Defenses and Answer to Plaintiff's Petition for Damages.

### DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim against State Farm upon which relief can be granted.

838810v.1

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by promissory estoppel, waiver or by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiff's claims would result in unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

The Petition does not present a justiciable case or controversy between Plaintiff and State Farm.

## FIFTH AFFIRMATIVE DEFENSE

State Farm conducted all of its actions in good faith.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims have prescribed and/or are barred by peremption.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is charged with knowledge of her insurance policies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own comparative fault and/or contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Petition improperly seeks to impair the obligation of contracts in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

838810v.1

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, and the Supremacy Clause of the Constitution of United States.

State Farm sells flood insurance policies covering both residential and commercial properties in Louisiana solely pursuant to its participation in the National Flood Insurance Program ("NFIP") which was established in 1968 by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*

Under the NFIP and pursuant to federal authority statutorily delegated to it, FEMA authorized State Farm to participate in the NFIP as a "Write Your Own" ("WYO") insurance carrier that can issue NFIP flood insurance policies under the State Farm name. As a WYO carrier, State Farm is subject to, *inter alia*, FEMA regulations and the terms of an "Arrangement" between FEMA and State Farm.

Through its participation as a WYO carrier in the NFIP, State Farm issued flood insurance policy 98-RE-8363-6 to Plaintiff in 1995. By FEMA regulation, the flood insurance policy issued to Plaintiff and all other flood insurance policies issued by State Farm under the NFIP, were issued using the federally regulated terms and conditions of the Standard Flood Insurance Policy ("SFIP"). The SFIP itself is a regulation and is found in 44 C.F.R. Pt. 61, App. A. Neither State Farm nor its agents can vary or waive any of the SFIP terms and conditions without the express written consent of FEMA.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to any determinations made under the Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program for Plaintiff, State Farm reserves all defenses with respect to the SFIP including but not limited to all applicable

conditions precedent, coverage limitations, exclusions, limitations on remedies and damages, appraisal rights, other insurance or payments, loss payee requirements, and other requirements and provisions of the SFIP, the National Flood Insurance Act, and the Federal Emergency Management Agency, as well as causation, assumption of the risk, the Appropriations Clause of the United States Constitution, and the Separation of Powers doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

The State Farm homeowner's policy excludes coverage of Plaintiff's flood claim. Among other provisions that may bear on coverage, the State Farm homeowners policies specifically exclude coverage for loss, *inter alia*, "which would not have occurred in the absence of ... flood.", "whether driven by wind or not". State Farm does not "insure for loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these." Additionally, the State Farm homeowner's policy does not cover a loss resulting from flood regardless of whether such loss is caused by, contributed to or aggravated by the "conduct, act, failure to act, or decision of any person ... or governmental body whether intentional, wrongful, negligent, or without fault" or resulted from a defect in "planning, zoning, ... design, specifications, workmanship, construction, ..." materials, or maintenance.

### THIRTEENTH AFFIRMATIVE DEFENSE

The homeowner policy issued by State Farm and the rates pertaining thereto have been filed with and approved by the Louisiana Department of Insurance ("DOI") and the Louisiana Insurance Rating Commission ("LIRC") in accordance with La. R.S. 22:620 and La.

- 5 -

R.S. 22:1401, *et seq.* The terms of the homeowner insurance policy does not cover damage caused by flooding that is claimed by Plaintiff. The homeowners rates approved by the LIRC and the DOI are not designed to cover the risks associated with flood claims. Thus, awarding compensation as requested by Plaintiff would contravene the terms of the lawful homeowner policy forms and the approved rates and thereby violate the Filed Rate Doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims interfere with the exclusive or primary jurisdiction of the Department of Insurance of Louisiana, including jurisdiction over policy forms.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Petition improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Petition improperly seeks to deprive State Farm of equal protection of the law in contravention of the Constitutions of the United States and the State of Louisiana.

## SEVENTEENTH AFFIRMATIVE DEFENSE

State Farm hereby invokes and adopts all affirmative and constitutional defenses available to it or the laws of other jurisdictions that may be subsequently determined to apply to this action and State Farm reserves its right to amend its answer to assert any such defense.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has improperly joined claims, alleged causes of actions and defendants.

- 6 -

## NINETEENTH AFFIRMATIVE DEFENSE

The SFIP issued to Plaintiff includes an "Other Insurance" provision which provides as follows:

> C. Other Insurance
>
> 1. If a loss covered by this policy is also covered by other insurance that includes flood coverage not issued under the Act, we will not pay more than the amount of insurance you are entitled to for lost, damaged or destroyed property under this policy subject to the following:
>
>    (i)  We will pay only the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss, unless C.1.b. or c. immediately below applies.
>
>    (ii) If the other policy has a provision stating that it is excess insurance, this policy will be primary.
>
>    (iii) The policy will be primary (but subject to its own deductible) up to the deductible in the other flood policy (except another policy as described in C.1.b. above). When the other deductible amount is reached, this policy will participate in the same proportion that the amount of insurance under this policy bears to the total amount of both policies for the remainder of the loss.
>
> 44 C.F.R. Pt. 61, App.A(1), Art. VII.C.

State Farm homeowners policies also contain an "other insurance" clause that requires determining the total amount of insurance covering the loss in order to determine the amount to be paid under the homeowners policy. Therefore, if there were coverage for flood damage under the homeowners policy, then Plaintiff's claims would be contractually limited and/or barred and her claims would be perempted.

## ANSWER

**AND NOW**, responding to each allegation set forth in Plaintiff's Petition, State Farm states as follows:

838810v.1

**1.**

State Farm denies the allegations contained in Paragraph 1 for lack of knowledge sufficient to justify a belief therein to the extent that the allegations do not pertain to State Farm. To the extent that the allegations pertain to State Farm, State Farm admits that it is a foreign insurance company authorized to do and doing business in the State of Louisiana.

**2.**

State Farm denies the allegations in Paragraph 2 of the Petition for lack of knowledge sufficient to justify a belief therein.

**3.**

State Farm denies the allegations in Paragraph 3 of the Petition for lack of knowledge sufficient to justify a belief therein.

**4.**

To the extent that the allegations in Paragraph 4 pertain to State Farm, State Farm denies the allegations except to affirmatively state that Plaintiff had both a homeowners policy and SFIP issued by State Farm that were in effect at the time Hurricane Katrina struck. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**5.**

To the extent that the allegations pertain to State Farm, State Farm denies the allegations contained in Paragraph 5, but affirmatively states that LaGarde is an independent insurance agent authorized to service and sell State Farm insurance products. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**6.**

State Farm denies the allegations of Paragraph 6 as written. State Farm specifically denies that it undertook any duty on behalf of the Plaintiff. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**7.**

State Farm denies the allegations of Paragraph 7 to the extent that the allegations pertain to State Farm, other than to affirmatively state that it issued a homeowners policy and SFIP to Plaintiff in 1995. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**8.**

State Farm denies the allegations of Paragraph 8 to the extent that the allegations pertain to State Farm. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**9.**

State Farm denies the allegations of Paragraph 9 to the extent that the allegations pertain to State Farm. State Farm denies the remaining allegations to the extent that they do not pertain to State Farm for lack of knowledge sufficient to form a belief therein.

**10.**

State Farm denies the allegations contained in Paragraph 10.

**11.**

The allegations of Paragraph 11 are largely conclusions of law and demands for relief, and as such, do not require a response. In an abundance of caution, State Farm denies the

allegations contained in Paragraph 11 and further denies that the plaintiff is entitled to the relief requested.

**12.**

State Farm admits that Plaintiff owned a State Farm homeowners policy and a State Farm SFIP, both of which contain specific language regarding covered and excluded perils. Both of those policies were in effect at the time Hurricane Katrina struck. The policies themselves are the best evidence of the coverage provided and State Farm denies the allegations that are inconsistent with the written provisions of those policies. State Farm denies the remaining allegations contained in Paragraph 12.

**13.**

State Farm denies the allegations contained in Paragraph 13 for lack of knowledge sufficient to form a belief therein.

**14.**

State Farm denies the allegations contained in Paragraph 14 for lack of knowledge sufficient to form a belief therein.

**15.**

State Farm denies the allegations contained in Paragraph 15.

**16.**

The allegations of Paragraph 16 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 16 and specifically denies that it acted in bad faith in its adjustment of Plaintiff's insurance claims.

**17.**

The allegations of Paragraph 17 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 17.

**18.**

The allegations of Paragraph 18 are largely conclusions of law and requests for relief, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 18.

**19.**

The allegations of Paragraph 19 are largely conclusions of law and requests for relief, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 19.

**20.**

State Farm denies the allegations contained in Paragraph 20.

**21.**

The allegations of Paragraph 21 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 21 other than admit that it issued a homeowners policy to Plaintiff numbered 18-CY-0131-7.

**22.**

The allegations of Paragraph 22 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 22.

23.

State Farm denies the allegations contained in Paragraph 23.

24.

The allegations of Paragraph 24 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 24.

25.

The allegations of Paragraph 25 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 25.

26.

The allegations of Paragraph 26 are largely conclusions of law, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 26 except to affirmatively state that the Hurricane Deductible does not alter the scope of coverage afforded under a homeowners policy and does not negate the clear terms of the policy exclusions, including but not limited to the exclusion pertaining to flood damage, regardless of its cause.

27.

The allegations of Paragraph 27 are largely conclusions of law and requests for relief, and as such, do not require a response. In an abundance of caution, State Farm denies the allegations contained in Paragraph 27.

28.

The allegations of the "WHEREFORE" paragraph are conclusions of law and demands for relief which require no response. However, to the extent that a response is required

and in an abundance of caution, State Farm denies the allegations and expressly denies that Plaintiff is entitled to the relief sought in the paragraph or any other relief sought in the Petition.

**WHEREFORE,** defendant State Farm Fire and Casualty Company prays that its Affirmative Defense and Answer be deemed good and sufficient and that after due proceedings, this Court enter judgment in favor of State Farm and dismiss the Petition, at Plaintiff's cost and for all other equitable relief to which State Farm may be entitled.

Respectfully submitted,

_____
Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Lesli D. Harris, 28070
  Of
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and Casualty Company

## CERTIFICATE

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses of State Farm Fire and Casualty Company to Plaintiff's Petition for Damages has been served upon the following counsel of record by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 22nd day of November, 2006:

Gerald Weeks
810 Union Street, Second Floor
New Orleans, Louisiana 70112

_____