UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| _____ | * | MAGISTRATE WILKINSON |
| | * | |
| PERTAINS TO: INSURANCE | * | |
| (*Dennis Muller*, No.06-09108) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Travelers Property Casualty Company of America ("Travelers"), which hereby responds to the allegations in the Petition for Damages ("Petition") filed by Dennis J. Muller, O.D. and Muller Eye Center, LLC d/b/a Cooper Eye Clinic.

**RESPONSES TO PARTICULAR ALLEGATIONS**

1. a.

Travelers admits that it is authorized to do business in the state of Louisiana, and avers that it is a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Travelers denies the remaining allegations of paragraph 1a.

1. b.

Travelers denies the allegations in paragraph 1(b) for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

1. c.

Travelers denies the allegations in paragraph 1(c) for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

2.

Travelers denies the allegations in paragraph 2 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

3.

Travelers avers that the allegations contained in paragraph III consist of a legal conclusion concerning venue in the state court to which no response is required.

4.

Travelers denies the allegations in paragraph 4 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

5.

Travelers admits that it issued a policy of commercial property and liability insurance (the "Policy") to Cooper Eye Clinic, Inc., bearing policy number 680-990W5196-TIL-05. The Policy was effective from January 1, 2005 to January 1, 2006. Travelers denies the remaining allegations in paragraph 5 and avers that the terms, conditions, exclusions and limitations in the Policy speak for themselves.

6.

Travelers admits that the named insured is Cooper Eye Clinic, Inc.  Travelers denies the remaining allegations of paragraph 6 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

7.

Travelers denies the allegations in paragraph 7 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

8.

Travelers denies the allegations in paragraph 8 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

9.

Travelers denies that the Policy was an "'all purpose' business policy."  Travelers denies the remaining allegations in paragraph 9 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

Travelers admits that the Policy contains limits of insurance of $217,360 for business personal property, $130,000 for buildings and "Actual loss up to 12 Consecutive Months" for loss of business income, subject to all of the terms, conditions, exclusions and limitations contained in the Policy.  Travelers denies the remaining allegations in paragraph 10.

11.

Travelers admits the allegations of paragraph 11, subject to the terms, conditions, exclusions and limitations of the Policy.

12.

Travelers admits that Hurricane Katrina resulted in rainfall, wind damage to some properties and flooding in St. Bernard Parish. Travelers denies the remaining allegations in paragraph 12 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

Travelers denies the allegations in paragraph 13 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

Travelers denies the allegations in paragraph 14 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

Travelers admits that Plaintiffs' property sustained certain damage from wind and flooding. Travelers denies the remaining allegations of paragraph 15.

16.

Travelers admits that Plaintiffs' property sustained some damage caused by wind. Travelers denies the remaining allegations in paragraph 16.

17.

Travelers admits that Plaintiffs sustained damages caused by flood. Travelers denies the remaining allegations in paragraph 17.

18.

Travelers admits that Plaintiffs sustained some business income losses caused by action of civil authority prohibiting access to the premises due to direct physical loss of or damage to

property within the jurisdiction invoking the civil authority.  Travelers denies the remaining allegations in paragraph 18 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

Travelers denies the allegations in the first sentence of paragraph 19 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  With respect to the second sentence of paragraph 19, Travelers avers that the terms, conditions, exclusions and limitations in the Policy speak for themselves.

20.

Travelers admits that, on or about September 2, 2006, Plaintiffs notified Travelers of a Hurricane Katrina loss.  Travelers denies the remaining allegations in paragraph 20.

21.

Travelers denies the allegations in paragraph 21 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

Travelers admits that Mr. Leonard Quick did evaluate Plaintiffs' losses.  Travelers denies the remaining allegations in paragraph 22.

23.

Travelers denies the allegations in paragraph 23.

24.

Travelers admits that there was no discernable damage to the insured property from rain entering through an opening created by wind.  Travelers denies the remaining allegations in paragraph 24.

25.

Travelers admits that it did receive a list of business personal property purportedly damaged. Travelers denies the remaining allegations in paragraph 25.

26.

Travelers admits that, on or about June 22, 2006, an independent consultant retained by Travelers examined Plaintiffs' ophthalmic equipment. Travelers denies the remaining allegations in paragraph 26.

27.

Travelers admits that it concluded that there was no coverage under the Policy for the alleged damage to the ophthalmic equipment. Travelers denies the remaining allegations in paragraph 27.

28.

Travelers denies the allegations in paragraph 28.

29.

Travelers repeats and realleges its responses to paragraphs 1-28.

30.

Travelers avers that the allegations in paragraph 30 consist of a summary of the nature of Plaintiffs' claims to which no response is required. To the extent that a response may be deemed to be required, Travelers denies the allegations in paragraph 30.

31.

Travelers denies the allegations in paragraph 31.

32.

Travelers denies the allegations in paragraph 32.

33.

Travelers repeats and realleges its responses to paragraphs 1-32.

34.

Travelers denies the allegations in paragraph 34.

35.

Travelers denies the allegations in paragraph 35.

36.

Travelers denies the allegations in paragraph 36.

37.

Travelers denies the allegations in paragraph 37.

38.

Travelers repeats and realleges its responses to paragraphs 1-37.

39.

Travelers admits that the Policy provided certain coverage for loss of business income, subject to all of the terms, conditions, exclusions and limitations in the Policy, which speak for themselves.  Travelers denies the remaining allegations in paragraph 39.

40.

Travelers denies the allegations in paragraph 40.

41.

Travelers admits that it made payment to Plaintiffs under the Policy's "Civil Authority" coverage for certain losses of business income sustained in connection with Hurricane Katrina, and that Plaintiffs made a demand for a separate payment on a purported "Civil Authority" claim in connection with Hurricane Rita.  Travelers denies the remaining allegations in paragraph 41.

42.

Travelers admits that it made payment to Plaintiffs under the Policy's "Civil Authority" coverage for certain losses of business income sustained in connection with Hurricane Katrina. Travelers denies the remaining allegations in paragraph 42.

43.

Travelers denies the allegations in paragraph 43.

44.

Travelers denies the allegations in paragraph 44.

45.

Travelers repeats and realleges its responses to paragraphs 1-44.

46.

Travelers admits that the Policy contains an exclusion for loss caused by flood and certain other types of water damage, whether or not driven by wind, and that the Policy provides coverage for damage caused exclusively by the peril of wind.  Further answering, Travelers avers that the terms, conditions, exclusions and limitations in the Policy speak for themselves. Travelers denies the remaining allegations in paragraph 46.

47.

Travelers admits that Plaintiffs' property sustained certain damage as a result of water which falls within the Policy's water damage exclusion.  Travelers denies the remaining allegations in paragraph 47.

48.

Travelers submits that the allegations in paragraph 48 constitute legal conclusions which require no response.  To the extent a response is required, they are denied.

49.

Travelers denies the allegations in paragraph 49 and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

50.

Travelers avers that paragraph 50 contains no factual allegations but only a prayer for relief, to which no response is required.  To the extent that a response may be deemed to be required, Travelers denies the allegations in this paragraph.

51.

Travelers' responses to paragraphs 1-50 are asserted herein as if fully set forth.

52.

To the extent that the allegations of paragraph 52 are not directed at Travelers, no response is required.  To the extent that a response is required, Travelers denies the allegations in paragraph 52 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

53.

To the extent that the allegations of paragraph 53 are not directed at Travelers, no response is required.  To the extent that a response is required, Travelers denies the allegations in paragraph 53 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

54.

To the extent that the allegations of paragraph 54 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies the allegations in paragraph 54 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

55.

To the extent that the allegations of paragraph 55 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies the allegations in paragraph 55 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

56.

Travelers denies the allegations in paragraph 56 insofar as they are directed at Travelers. To the extent that the allegations of paragraph 56 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

57.

To the extent that the allegations of paragraph 57 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies the allegations in paragraph 57 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

58.

Travelers denies the allegations in paragraph 58 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

59.

To the extent that the allegations of paragraph 59 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies the allegations in paragraph 59 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

60.

To the extent that the allegations of paragraph 60 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies the allegations in paragraph 60 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein

61.

Travelers denies the allegations of paragraph 61.

62.

To the extent that the allegations of paragraph 62 are directed at Travelers, Travelers denies that it was consulted by Plaintiffs with respect to the adequacy of the coverage that they purchased. To the extent that the allegations of paragraph 62 are not directed at Travelers, no response is required. To the extent that a response is required, Travelers denies those allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

63.

Travelers denies the allegations in paragraph 63.

64.

Travelers avers that paragraph 64 contains no factual allegations but only a prayer for relief, to which no response is required.  To the extent that a response may be deemed to be required, Travelers denies the allegations in this paragraph.

65.

Travelers avers that paragraph 65 contains no factual allegations but only a prayer for relief, to which no response is required.  To the extent that a response may be deemed to be required, Travelers denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the Policy does not provide coverage with respect to any deductible per occurrence or uninsured waiting period.

### Third Affirmative Defense

Any liability that Travelers may have to the Plaintiff is subject to the per occurrence Limits of Insurance set forth in the Policy.

### Fourth Affirmative Defense

The insurance policy issued by Travelers to Cooper Eye Clinic, Inc. (hereinafter, the "Policy") provides as follows:

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**g. Water**

(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

### Fifth Affirmative Defense

The Policy provides as follows:

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**b.** Delay, loss of use or loss of market.

### Sixth Affirmative Defense

The Policy provides as follows:

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**d.** . . .
**(2)** Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect of any quality in property that causes it to damage or destroy itself;

### Seventh Affirmative Defense

The Policy provides as follows:

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**(7)** The following causes of loss to personal property:
 **(a)** Dampness or dryness of atmosphere;
 **(b)** Changes in or extremes of temperature;
 **(c)** Marring or scratching;
 **(d)** Evaporation, loss of weight, exposure to light or change in flavor, color, texture or finish;
 **(e)** Leakage;

### Eighth Affirmative Defense

The Policy provides as follows:

>   **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
>   **(8)** Contamination.

### Ninth Affirmative Defense

The Policy provides as follows:

>   **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
>   **f.** Continuous or repeated seepage or leakage of water or other liquids that occurs over a period of 14 days or more.

### Tenth Affirmative Defense

The Policy provides as follows:

**3.** We will not pay for loss or damage caused by or resulting from any of the following, but if an excluded cause of loss that is listed in **3.a.** through **3.c.** below results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

>   **a.** Weather conditions, but this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in **B.1** above to produce the loss or damage.

### Eleventh Affirmative Defense

The Policy provides as follows:

**3.** We will not pay for loss or damage caused by or resulting from any of the following, but if an excluded cause of loss that is listed in **3.a.** through **3.c.** below results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

>   **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

### Twelfth Affirmative Defense

The Policy provides as follows:

**3.** We will not pay for loss or damage caused by or resulting from any of the following, but if an excluded cause of loss that is listed in **3.a.** through **3.c.** below results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **c.** Faulty, inadequate or defective:
        **(1)** Planning, zoning, development, surveying, siting;
        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        **(3)** Materials used in repair, construction, renovation or remodeling; or
        **(4)** Maintenance;
of part or all of any property on or off the described premises.

### Thirteenth Affirmative Defense

The Policy provides as follows:

**4. Business Income and Extra Expense Exclusions**

We will not pay for:

**a.** Any Extra Expense, or increase of Business Income loss, caused by or resulting from:

    **(1)** Delay in rebuilding, repairing or replacing the property or resuming "operations", due to interference by strikers or other persons at the location of the rebuilding, repair or replacement; or

    **(2)** Suspension, lapse or cancellation of any license, lease or contract. But if the suspension, lapse or cancellation is directly caused by the "suspension" of "operations", we will cover such loss that affects your Business In come during the "period of restoration" and the period of extended Business Income.

**b.** Any other consequential loss.

### Fourteenth Affirmative Defense

The Policy provides as follows:

**5. Limitations**

**a.** We will not pay for loss of or damage to:

15

**(1)** The "interior of any building or structure" or to personal property in the building or structure, caused by rain, snow, sleet or ice whether driven by wind or not, unless:
    **(a)** The building or structure first sustains actual damage to the roof or walls by wind or hail and then we will pay only for the loss to the "interior of the building or structure" or the personal property in the building or structure that is caused by rain, snow, sleet, sand or dust entering the building(s) or structure(s) through openings in the roof or walls made by direct action of wind; or
    **(b)** The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

### Fifteenth Affirmative Defense

The Policy provides as follows:

**3. Duties in the Event of Loss or Damage**

**a.** You must see to it that the following are done upon the discovery of loss or damage, or a situation that may lead to loss or damage, to Covered Property:

* * *

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

* * *

**(9)** Cooperate with us in the investigation or settlement of the claim.

***

**(10)** If you intend to continue your business, you must resume all or part of your "operations" as quickly as possible.

### Sixteenth Affirmative Defense

The Policy provides as follows:

**4. Loss Payment — Building and Personal Property**

\* \* \*

**d.** We will not pay you more than your financial interest in the Covered Property.

### Seventeenth Affirmative Defense

The Policy provides as follows:

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

### Eighteenth Affirmative Defense

The Policy provides as follows:

**c.** Upon resumption of your "operations", we will reduce the amount of your:

  **(1)** Business Income loss, other than Extra Expense, to the extent you can resume your "operations," in whole or in part, by using damaged or undamaged property (including merchandise or stock) at the described premises or elsewhere.

### Nineteenth Affirmative Defense

The Policy provides as follows:

**d.** If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

### Twentieth Affirmative Defense

The Policy's Commercial Inland Marine Coverage Part provides as follows:

**1.** We will not pay for a "loss" caused directly or indirectly by any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss."

    **e. Water**

    **(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray; all whether driven by wind or not;

## Twenty-First Affirmative Defense

The Policy's Commercial Inland Marine Coverage Part provides as follows:

**2.** We will not pay for a "loss" caused by or resulting from any of the following:
    **a.** Delay, loss of market, loss of income or any other consequential loss, except as may be covered under A.2, Business Income and Extra Expense, of this Coverage Form.

    . . .
    **d.** Release, discharge or dispersal of "pollutants."

    . . .

    **f.** Corrosion, rust, dampness, dryness, cold, heat or humidity, except as provided in the Coverage Extension - Equipment Failure Coverages.

## Twenty-Second Affirmative Defense

The Policy's Commercial Inland Marine Coverage Part provides as follows:

**3.** We will not pay for a "loss" caused by or resulting from any of the following, but if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

    **a.** Faulty, inadequate or defective:
    **(1)** Design, specifications, workmanship, repair, manufacturing;
    **(3)** Materials used in repair, construction, or manufacturing; or
    **(4)** Maintenance;
    of part or all of any property wherever located, except as provided in the Coverage Extensions under Equipment Failure Coverages.

## Twenty-Third Affirmative Defense

The Policy's Commercial Inland Marine Coverage Part provides as follows:

**3.** We will not pay for a "loss" caused by or resulting from any of the following, but if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

    **c.** Failure, fluctuation or interruption of electrical power or any other utility service supplied to a described location, however caused, if the failure, fluctuation or

      interruption originates more than 1000 feet from the building containing the
      property to which the "loss" occurs.

### Twenty-Fourth Affirmative Defense

The Policy provides as follows:

However, this extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

**WHEREFORE**, defendant, Travelers Property Casualty Company of America, respectfully requests that plaintiffs' Petition for Damages be dismissed, with prejudice, that judgment be entered in favor of Travelers Property Casualty Company of America, and that Travelers Property Casualty Company of America be awarded its costs and reasonable attorney's fees, according to law.

                                                           Respectfully submitted,

                                                           s/Simeon B. Reimonenq, Jr.
                                                           SIMEON B. REIMONENQ, JR., #19755
                                                           RALPH S. HUBBARD III, #7040
                                                           **LUGENBUHL, WHEATON, PECK,**
                                                           **RANKIN & HUBBARD**
                                                           601 Poydras St., Suite 2775
                                                           New Orleans, LA 70130
                                                           Telephone: (504) 568-1990
                                                           **Attorneys for Travelers Property Casualty**
                                                           **Company of America**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 22, 2006, a copy of the Answer of Travelers Property Casualty Company of America was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys on the court's electronic listing by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to those attorneys listed by the court as non-CM/ECF participants.

            s/Simeon B. Reimonenq, Jr.
            SIMEON B. REIMONENQ, JR.

P:\aboyd\cooper\word docs\answer.DOC