UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| XAVIER UNIVERSITY OF LOUISIANA | CIVIL ACTION NO. 06-0516 |
| VERSUS | SECTION "R" MAG "2" |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | |

### PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

NOW INTO COURT, through undersigned counsel, comes plaintiff, Xavier University of Louisiana, who, pursuant to Federal Rules of Civil Procedure, responds to the following Request for Production of Documents propounded upon them by Travelers Property Casualty Company of America:

### GENERAL OBJECTIONS

1. Xavier has not completed its search for documents, records, and information, has not completed discovery in this action, and has not completed its legal research in respect of the issues raised in this action. All of the responses set forth below are (subject to the qualifications identified) based solely upon the information and documents presently available to Xavier. Discovery will continue as long as permitted by statute, rule, or stipulation of the parties, and the investigation by Xavier, Xavier's attorneys, and Xavier's agents will continue throughout the trial of this action. As that investigation and discovery proceed, witnesses, facts, documents, and evidence may be discovered that are not set forth herein but that may be responsive to the Requests. The following responses are given without prejudice to Xavier's right to alter or amend these responses as the result



EXHIBIT B

of subsequently discovered evidence and to present evidence at trial, including, but not limited to, expert testimony, discovered or obtained after the date of these responses.

2. Nothing herein shall be construed as an admission by Xavier with respect to the admissibility or relevance of any documents produced.

3. Xavier objects to the Requests to the extent they seek information that is in the public domain and/or to which Defendants have equal or greater access.

4. Xavier objects to the Requests to the extent they seek disclosure or production of confidential, proprietary, trade secret, and/or constitutionally-protected business documents.

5. Xavier objects to the Requests to the extent they seek documents the production of which would violate any constitutional, statutory, or other privacy interest of any current or former employee or representative of Xavier or any other person or entity.

6. Xavier objects to the Requests to the extent they seek the production of documents that are protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection, including documents prepared in anticipation of this litigation and/or subsequent to the time this litigation was filed.

7. Xavier objects to the Requests to the extent they contain vague and/or ambiguous terms.

8. Xavier's responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

9. Xavier generally objects to Defendant's Requests for Production of Documents to the extent that they are overly broad and require an unduly burdensome search of Xavier's records.

10. By responding to Defendant's Requests, Xavier neither admits nor concedes the appropriateness or accuracy of Defendant's definitions in their Requests. Xavier will respond to Defendant's Requests in accordance with its understanding of the fair and reasonable meaning of the Requests.

## RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

Produce all DOCUMENTS related to THE POLICY.

**RESPONSE TO REQUEST NO. 1:**

The policy was attached to the Complaint.

**REQUEST NO.2:**

Produce all DOCUMENTS related to THE CLAIM.

**RESPONSE TO REQUEST NO. 2:**

Objection to the extent that this request calls for work product or attorney/client communications. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO.3:**

Produce a copy of all of YOUR flood insurance policies, both primary and excess, that were in force and effect on August 29, 2005.

**RESPONSE TO REQUEST NO. 3:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy. If you refer to National Flood Insurance Program policies, see the schedule forwarded to Travelers' adjuster, Mr. Claypool, on October 31, 2006. Other than this document, Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.4:**

Produce all DOCUMENTS and communications with YOUR flood insurance carrier(s) related to YOUR flood insurance claim.

**RESPONSE TO REQUEST NO. 4:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see all communications with Travelers. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.5:**

Produce all DOCUMENTS relating to the claim YOU filed claim with YOUR flood insurance carrier(s), including but not limited to reports prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of YOUR flood damage claim.

**RESPONSE TO REQUEST NO. 5:**

Objection, relevance. Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding the same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.6:**

Produce copies of all DOCUMENTS relating to YOUR flood insurance carrier's(s) investigation, determination and payment of YOUR flood insurance claim(s).

**RESPONSE TO REQUEST NO. 7:**

Objection, relevance. Objection, the term "flood" is not defined by you. If you refer to the inundation of the campus as a result of levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and communications regarding same. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.7:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by flood.

**RESPONSE TO REQUEST NO. 7:**

Objection, work product and attorney client privilege. Objection, the term "flood" is not defined by you. Xavier denies it had any damages as a result of "flood" within the meaning of that term as set forth in the policy. If you refer to the inundation of the campus as a result of

5

levee failure, which Xavier denies constitutes "flood" within the meaning of Travelers' policy, see the Travelers policy, and claims documentation previously produced by Xavier. Xavier objects to the production of any information concerning its NFIP insurance.

**REQUEST NO.8:**

Produce all DOCUMENTS and communication related to your claim or application for reimbursement, or other payment filed with FEMA or any other governmental entity.

**RESPONSE TO REQUEST NO. 8:**

Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.

**REQUEST NO.9:**

Produce all DOCUMENTS relating to the claim or application YOU filed claim with FEMA or any other governmental agency seeking reimbursement or other payment for damages caused by Hurricane Katrina.

**RESPONSE TO REQUEST NO. 9:**

Objection, work product and attorney client privilege. Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence. Furthermore, this request is overly broad and burdensome.

**REQUEST NO. 10:**

Produce all DOCUMENTS relating to damage to THE PROPERTY that YOU contend was caused by wind as a result of Hurricane Katrina, including but not limited to reports

prepared by YOU or on YOUR behalf and all DOCUMENTS relating to YOUR investigation of the flood damage.

**RESPONSE TO REQUEST NO. 10:**

Objection, work product and attorney client privilege. See previous objections relating to the use of the term "flood." Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 11:**

Produce all DOCUMENTS relating to repairs to or replacement of THE PROPERTY (including any discrete portions thereof) that YOU contend was necessitated by Hurricane Katrina, including but not limited to any estimates, scopes of loss, invoices, receipts, bills, contracts, and agreements.

**RESPONSE TO REQUEST NO. 11:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 12:**

Produce all DOCUMENTS reflecting, evidencing, or related to YOUR alleged damages in this action.

**RESPONSE TO REQUEST NO. 12:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 13:**

Produce all DOCUMENTS reflecting, evidencing, or relating to expenses YOU incurred from August 29, 2005 to the present in connection with repairs YOU made or had made to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina.

**RESPONSE TO REQUEST NO. 14:**

Objection, work product and attorney client privilege. Xavier has voluntarily provided Travelers full access to in excess of 20 large binders of documents, which fill three file drawers. Many of these documents were also copied and forwarded to Travelers' adjuster. Xavier objects to again producing these documents. However, if Travelers wishes to bear the expense of having these documents copied, it may do so. Additionally, see the attached documents bates labeled XAVIER000001 through XAVIER001993.

**REQUEST NO. 14:**

Produce all DOCUMENTS reflecting, evidencing, or relating to payments made by YOU to Landis Construction Company from August 29, 2005 to the present in connection with repairs YOU made or made on your behalf to THE PROPERTY, resulting from damage caused by or resulting from Hurricane Katrina, including but not limited to cancelled checks and other proof of payment.

**RESPONSE TO REQUEST NO. 14:**

Xavier is in the process of obtaining these documents, and they will be produced upon receipt.

**REQUEST NO. 15:**

Produce all DOCUMENTS that YOU identified, referenced, referred to, or relied upon in drafting YOUR responses to accompanying interrogatories.

**RESPONSE TO REQUEST NO. 15:**

See documents previously produced.

**REQUEST NO. 16:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Department of Housing and Urban Development subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 16:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 17:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Bush-Clinton Hurricane Relief Fund to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 17:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 18:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the 3M Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 18:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 19:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Andrew W. Mellon Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 19:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 20:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Nation of Qatar subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 21:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from the Pfizer Corporation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 21:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 22:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The National Endowment for the Humanities subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 22:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 23:**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Kregge Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 23:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 24**

Produce all DOCUMENTS reflecting, evidencing or relating to any grant or other donations YOU received from The Bush Foundation subsequent to Hurricane Katrina.

**RESPONSE TO REQUEST NO. 24:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 25:**

Produce all DOCUMENTS reflecting, evidencing, or relating to an grants or other donations YOU received subsequent to Hurricane Katrina from any entity, corporation, foundation, individual, nation, partnership, non-profit organization, religious order, or other institution, not identified in request nos. 16-24, from August 29, 2005 to the present.

**RESPONSE TO REQUEST NO. 25:**

Objection, relevance. This request is not calculated to lead to the discovery of relevant evidence.

Respectfully submitted:

_____
James M. Garner, #19589
Darnell Bludworth, #18801
Timothy B. Francis, #14973
Kevin M. McGlone, #28145
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA 70112
504-299-2100
Counsel for Xavier University of Louisiana

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Request for Production of Documents has been served upon:

>Ralph S. Hubbard, III
>Simeon B. Reimonenq, Jr.
>601 Poydras St., Suite 2775
>New Orleans, LA 70130
>Attorneys for Travelers Property Casualty Company of America

via hand delivery, this 7th of September 2006.

_____
JAMES M. GARNER