UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WINSTON, SR. & DONNA AARON, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| AIG CENTENNIAL INSURANCE COMPANY et al., | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION

NO. 2:06-CV-4746

Section R (Judge Vance)

Magistrate 4 (Judge Roby)

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO SEVER BY SAFECO DEFENDANTS

Over 1,870 Plaintiffs seek to assert individual claims against 109 separate insurance companies in this mass action regarding insurance claims practices in the aftermath of Hurricane Katrina. This mass joinder is highly improper, and runs counter to the Federal Rules of Civil Procedure. Each Plaintiff's claims are made against different Defendants, arise from a different transaction or occurrence as those asserted by every other named Plaintiff, and involve no common questions of fact or law. Accordingly, based on this improper joinder, the Court should, at a minimum, sever the claims against the Safeco Defendants from the other Defendants in this lawsuit. Moreover, this Court, in the interests of judicial efficiency and fairness should

follow recent precedent within the Fifth Circuit in similar Katrina-related cases and order every named Plaintiff severed from all other Plaintiffs

I.  **BACKGROUND**

Defendants Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco National Insurance Company, and Safeco Surplus Lines Insurance Company (collectively, the "Safeco Defendants") have been improperly joined with the other 100 insurance companies named in this suit. Of the more than 1800 Plaintiffs, only a handful claim to be insured by one of the Safeco Defendants.[1]

Each Plaintiff's claims arise out of a transaction and occurrence that differs completely from those of each of the other Plaintiffs. Plaintiffs allege that "[a]ll plaintiffs are and/or were owners of immoveable property ... which sustained damage on or about August 29, 2005 as a result of Hurricane Katrina and have made claims for recovery of those damages pursuant to contracts of property, commercial, business, rental and/or flood insurance issued to them for the properties in question by one or more of the named defendant [sic]." Complaint, ¶ 4. Plaintiffs also assert that the Defendants "tendered insufficient and untimely payments to the plaintiffs, said tenders did not contemplate the complete scope of repairs, damages, including but not limited to post-Katrina unit cost, labor cost and material cost, overhead and profit for the contractor hired to do repairs, adequate compensation for the loss of contents and additional living expenses, business interruption, business loss, loss of income, profits, rental income and other recoverable items to be shown at trial." Complaint, ¶ 14.

---

[1] There is no overlap between those Plaintiffs allegedly insured by Safeco Defendants and other Defendants. Those Plaintiffs that were allegedly insured by Safeco Defendants, according to representations from Plaintiffs' counsel, are Bertha & Chris Ballard, Eirene Berard, Cheryl Cook, Alita Cusher, Lawrence & Betty Hamilton, Evelyn & Joseph Jr. Harrison, Carrie Milton, Robert Sr. & Linye Mitchell, Audrey Palmer, Natalie B. & Anthony Price, Ida Mae Smith, and Robin Watkins (collectively, the "Safeco Plaintiffs").

While theses allegations are made globally, each Plaintiff had his or her own separate policy of insurance with only one of the Defendants.[2] Plaintiffs' allegations encapsulate the vastly different factual situations and circumstances under which Plaintiffs' claims against their insurers arose. In short, there are approximately 1,870 Plaintiffs. The variance of their insurance contracts, Katrina damages, damages claimed under the contracts, proofs submitted, and settlement offers from their insurers guarantees that if each Plaintiff's claims are not severed, this Court will be dealing with approximately 1,870 unique claims in the unwieldy context of one gigantic lawsuit. Such a situation calls for severance.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### 1. Plaintiffs' Claims against the Safeco Defendants Are Improperly Joined.

Federal Rule 20 provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Rule 20 thereby imposes two specific requisites to joinder: (1) a right to relief must be asserted relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. *See Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001). Both requirements must be satisfied in order to sustain the joinder of a party

---

[2] Furthermore, as will be shown in their Motion to Dismiss due on November, 20, 2006, after reviewing their corporate records and examining the policies at issue in this litigation, the Safeco Defendants have determined that none of the named Plaintiffs are a party to *any* Safeco insurance contract, as those contracts are "lender-placed." The insured party under those policies is actually each individual Plaintiff's mortgage lender. Accordingly, no Plaintiff has standing to bring a claim against any of the Safeco Defendants. As the Safeco Defendants have grounds to be dismissed from this action, they would be materially prejudiced by not being severed from those Defendants who actually insured Plaintiffs at the time of Hurricane Katrina.

under Rule 20(a). *Id.* When a court concludes that joinder is improper because the parties' claims do not arise out of the same transaction, it must order severance under Rule 21. *See* 4 James Wm. Moore, *Moore's Federal Practice*, § 20.02[6][d] (3d ed. 2006). In this lawsuit, Plaintiffs cannot fulfill either requirement of Rule 20.

### A. Plaintiffs' claims do not arise out of the same transaction or occurrence.

The simple fact that each Plaintiff suffered losses from Hurricane Katrina is not a "same transaction or occurrence" under Rule 20. When allegations arise from totally separate transactions, joinder is improper. *See Weber*, 2001 WL 274518, at *2 (plaintiffs asserting wrongful discharge could not join against common defendant where firings took place several months apart as a result of different activities). Furthermore, claims against multiple defendants based on separate contracts are not appropriate for party joinder. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (disallowing a plaintiff's joinder of only two defendants for breach of contract where the second defendant was not a party to the plaintiff's contract with the first defendant).

Here, for each of the 1,800-plus Plaintiffs' insurance contracts that are at issue, only one Defendant insurer is a party to each contract. Furthermore, none of the Plaintiffs are a party to any of the other Plaintiffs' insurance contracts. Additionally, as Plaintiffs' claims against the Defendants arise out of over 1,800 separate insurance contracts, they necessarily concern wholly distinct questions as to liability, coverage, and damages in over 1,800 factual scenarios.

The Complaint itself highlights the improper joinder. First, the Complaint alleges that Plaintiffs' claims arise from one of five types of insurance: property, commercial, business, rental, and/or flood. Complaint, ¶ 4. Second, Plaintiffs allege at least fifteen separate potential categories of damages. Complaint, ¶ 26. It is evident, based on these allegations alone, that the

examination of each Plaintiff's claim will be based on widely varying contractual bases, vastly different types of policies and vastly different measures of damages. A flood insurance contract and a homeowners' insurance contract are quite dissimilar in their coverages, limits, and exclusions, and the damages claimed by a renter and a business owner will vary on just as great a scale. Additionally, the damage suffered from Hurricane Katrina is distinctive and unique to each property owner. Given this, the Plaintiffs' claims do not arise out of the same transaction or occurrence.

Other district courts within the Fifth Circuit have agreed, particularly in the context of Hurricane Katrina-related lawsuits. *See Bradley v. Nationwide Mut. Ins. Co.*, No. 1:06CV528-LTS-RHW, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006); *McFarland v. State Farm Fire & Cas. Co.*, No. 1:06CV466-LTS-RHW, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006), *aff'd*, No. 1:06CV466LTS-RHW, 2006 WL 3071988 (S.D. Miss. Oct. 25, 2006); *Vaz v. Allstate Prop. & Cas. Co.*, No. 1:06CV481-LTS-RHW, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006). In those cases, as in this case, "[t]here are hundreds of Plaintiffs joined in a single lawsuit, each asserting claims that arise out of damage to property caused by Hurricane Katrina." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1.[3] After examining the general rules for joinder under Rule 20, the Court stated that "[i]n a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home," and found that joinder was improper. *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1.

The court in those cases also stated as follows, recognizing that each plaintiff's claim arose from a different transaction and occurrence under Rule 20:

---

[3] The *Bradley*, *McFarland*, and *Vaz* opinions parallel each other almost verbatim.

> [E]ach property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage.

*Bradley*, 2006 WL 2594548, at *2; *McFarland*, 2006 WL 2577852, at *2; *Vaz*, 2006 WL 2583733, at *2 (all three cases quoting *Comer v. Nationwide Mut. Ins. Co.*, No: 1:05CV436, 2006 WL 1066645 at *2 (S.D. Miss. Feb. 23, 2006)). Judge Senter's comments in *Comer* regarding the uniqueness of each plaintiff's damages are no less true in Louisiana than in Mississippi.

The *Bradley*, *McFarland*, and *Vaz* decisions also observed that although "Plaintiffs each held basically the same standard homeowner's policy, each insurance contract is a separate transaction." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1. In contrast, the Court is not being asked to interpret "basically the same standard homeowner's policy" in this litigation; instead, underscoring the number of discrete transactions at issue, Plaintiffs have alleged coverage under five separate types of insurance: property, commercial, business, rental, and flood insurance. In *Comer*, Judge Senter noted that "[t]o the extent the property was insured, the particulars of coverage will vary from policy to policy and from one insurance company to the next. In order to adjudicate the rights and liabilities between the policy holder and his insurance company, the particular terms of each policy must be considered." *Comer*, 2006 WL 1066645, at *2. In light of the singularity of damages of each Plaintiff, and the separate contracts for each Plaintiff, the Court in *Bradley*, *McFarland*, and *Vaz* held that while "there may be some common issues of law and fact, the Court finds that the Plaintiffs have not met the same transaction or occurrence prong of Rule

20(a)." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1. As Plaintiffs failed to assert the same transaction or occurrence, the Court found that "Plaintiffs' individual claims should be divided into separate lawsuits requiring separate complaints," and "[e]ach complaint should correspond to a single damaged property." *Bradley*, 2006 WL 2594548, at *2; *McFarland*, 2006 WL 2577852, at *2; *Vaz*, 2006 WL 2583733, at *2.

Therefore, as over 1800 Plaintiffs have sued over 100 Defendants for claims arising from wholly separate transactions, each individual Plaintiff's claims should be divided into separate lawsuits. The joinder employed by Plaintiffs in this lawsuit is not permitted under Rule 20.

### B. There is no question of law or fact common to all parties.

The second requirement for joinder under Rule 20 is that there is a question of law or fact common to *all* Defendants. As one court has explained, "[t]he second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1324 (11th Cir. 2000).

Merely asserting similar causes of action, i.e., breach of contract or bad faith adjusting practices, against 109 Defendants does not create a common question of law or fact. Given that Plaintiffs' claims each arise from wholly separate transactions, wholly separate properties and different insurance contracts, and because there are no allegations of conspiracy, the only possible commonality that could arise is the fact that Plaintiffs have asserted the same general theories of law against all Defendants. *See* Complaint ¶¶ 16-25. This does not suffice under Rule 20:

> The Court further finds that no common question of law or fact exists between the plaintiffs' cases, within the meaning of Rule 20(a). "It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but

> this is not sufficient." As detailed previously, each demotion decision affecting the plaintiffs in these cases was a discrete act by the defendant. "As indicated, *the factual and legal questions between the plaintiffs and the defendant are based upon the wholly separate acts of the defendant with respect to each plaintiff.* There is consequently a complete lack of common questions of fact or law, the second element required by Rule 20(a), and the action[s] must be severed on this ground as well."

*Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789, (N.D. Ga. 1994) (emphasis added) (citations omitted).

*Grayson* confirms what is intuitively obvious; that merely asserting similar causes of action against multiple defendants does not create a common question of law or fact. For example, although Plaintiffs have alleged bad faith against all Defendants, the witnesses, proofs, and damages will widely vary *for each Plaintiff allegedly insured by that Defendant*. This Court has also recognized this principle. *See Weber*, 2001 WL 274518, at *2 ("[A]ny overlap of law is outweighed by the potential uniqueness of each plaintiff's factual allegations."). Accordingly, no question of law or fact is common to these Plaintiffs, and joinder is thereby improper.

### 2. This Court Should Sever Plaintiffs' Claims.

Given the blatant misjoinder present in this case, this Court should, at a minimum, sever the Plaintiffs' claims against the Safeco Defendants from those against the other Defendants, and, more appropriately, should sever each Plaintiff's claims from those of the other Plaintiffs.

#### A. Severance is appropriate when there is misjoinder.

Where there is misjoinder under Rule 20, a Court can sever the parties. *See* Fed. R. Civ. P. 21. This Court's ability to sever parties is not limited to curing misjoinder; Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." In particular, when it will serve the ends of justice, this Court has broad discretion

to sever an action, and should do so. *Id.*; *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) ("The trial court has broad discretion to sever issues to be tried before it."); *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1 ("Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.").

Rule 20 seeks to create efficiencies in the judicial system. Despite the fact that Plaintiffs do not allege claims practices were carried out in a conspiracy or that they "were carried out by common actors, at a common time or with any common tactics," Plaintiffs, in contravention of Rule 20, are essentially seeking to try over 1,800 cases as one.[4] *Weber*, 2001 WL 274518, at *2. Allowing them to do so would result in a tremendous waste of resources to the litigants and this Court. *See id.* ("To try plaintiffs' cases together would require development of proof of [over 1,800] discrete universes of facts, which would be highly inefficient.").

### B. The claims against the Safeco Defendants should be severed.

The substantive prejudice to the Safeco Defendants if claims against them are not severed will be significant. Joinder of these disparate and unconnected claims can only lead to jury confusion and risk of bias, thus prejudicing the Safeco Defendants with respect to the claims of their alleged insureds against them. *See Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994) ("[T]he burden imposed on the Defendant to defend four substantially different sets of facts and law in only one forum far outweighs any practical benefits that might accrue to the parties and the Court."). In contrast, no Plaintiff will be whatsoever prejudiced by the Safeco

---

[4] Plaintiffs do allege that "the defendants engaged in a bad faith adjusting scheme to deprive its insureds of full policy benefits for which they paid." Complaint, ¶ 17. This allegation, though, does not charge the Defendants with collective action to enforce their "scheme"; and furthermore, as stated *supra*, the particulars of each Plaintiff's insurance policy and the adjusting practices the insuring Defendant in regards to that policy will necessarily be distinct.

Defendants' severance request. The Plaintiffs allegedly insured by Safeco entities are still able to sue those Safeco Defendants, in a more manageable forum, and can pursue all appropriate discovery and remedies in doing so.[5]

If these claims are not severed, the Safeco Defendants will be materially prejudiced. They will be forced to prepare for and attend the depositions of the non-Safeco Defendants and all Plaintiffs, and vice versa. Briefing would be unnecessarily complex. Scheduling would be nightmarish. At trial, jury confusion regarding the massive numbers of Plaintiffs and Defendants is virtually guaranteed, and damaging testimony against one Defendant would unfairly prejudice each of the over one hundred others.

### C.     Each Plaintiff's claim should be severed from the others.

The Court should sever each Plaintiff's claim from the others, requiring each Plaintiff to proceed separately against his or her individual insured. Other courts within the Fifth Circuit, in cases related to Hurricane Katrina, have suggested that courts ought to examine "whether ... judicial economy would be facilitated" and "whether prejudice would be avoided" in determining whether to sever claims. *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1. Here, judicial economy is furthered by severance in several material ways. Differing witnesses and differing documentary proof will be required for every single claim that Plaintiffs are asserting, and only an in-depth look at each claim will determine whether the Defendant in question interpreted the policy at issue correctly and whether the claim was valued reasonably. Participation in discovery, motion practice, and trial related to literally

---

[5] In fact, several of these same plaintiffs have already done just that. *See Harrison v. Safeco Ins. Co. of America*, Civ. Act. No. 2; 06-CV-04644, filed before this case. There, two plaintiffs, also plaintiffs in this case, claiming to be Safeco insureds, filed a lawsuit against the same Safeco Defendants named in this case. Their claims are nearly identical.

thousands of unrelated claims against other Defendants would be tremendously and unnecessarily expensive for all litigants—Plaintiffs and Defendants.

**III.   CONCLUSION**

For the foregoing reasons, this Court should recognize the misjoinder of claims in this case and should at a minimum, sever the claims against the Safeco Defendants from those claims against the other Defendants, and more appropriately should sever the claims of each named Plaintiff from that of every other named Plaintiff.

Respectfully submitted, this 7th day of November, 2006.

> GORDON, ARATA, McCOLLAM,
>    DUPLANTIS & EAGAN, L.L.P.
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana 70170-4000
> (504) 582-1111
> (504) 582-1121 (*Facsimile*)
>
>
> _s/Nina Wessel English_
> Wendy Hickok Robinson
> Louisiana Bar No. 25225
> whrobinson@gordonarata.com
> Nina Wessel English
> Louisiana Bar No. 29176
> nenglish@gordonarata.com
>
> And
>
> Cari K. Dawson, Georgia Bar No. 213490
> Daniel F. Diffley, Georgia Bar No. 221703
> John A. Sensing, Georgia Bar No. 141327
> (*pro hac vice* admissions pending)
> Alston & Bird LLP
> 1201 West Peachtree Street
> Atlanta, Georgia  30309-3424
> (404) 881-7000
> (404) 881-7777 (*Facsimile*)
>
> Attorneys for the Safeco Defendants

# CERTIFICATE

I hereby certify that on this _7th_ day of November, 2006, a copy of this **MEMORANDUM IN SUPPORT OF MOTION TO SEVER** was sent to counsel of record via the electronic filing system for the Eastern District of Louisiana. A copy of the pleading has also been sent by United States mail, postage prepaid, to any counsel of record not registered to receive documents electronically.

_s/Nina Wessel English_