UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WINSTON, SR. & DONNA AARON, ET AL., | * CIVIL ACTION |
| Plaintiffs, | * NO. 06-4746 |
| VERSUS | * SECTION "R"(4) |
| AIG CENTENNIAL INSURANCE COMPANY, ET AL., | * JUDGE VANCE |
| | * MAGISTRATE ROBY |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## STATE FARM'S MOTION TO SEVER

Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"), move to sever the claims of the individual Plaintiffs in this action. Plaintiffs do not assert any claim jointly and severally, nor do they assert claims arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiffs' claims arise under different insurance policies, are against different insurance companies, and address unique claims handling issues that are inherently unrelated. The facts and circumstances of each Plaintiff's loss must be determined on a case-by-case basis. Because Plaintiffs' claims do not

meet the permissive joinder requirements of Rule 20, their claims should be severed and proceeded with separately. Alternatively, State Farm requests that the Court sever the claims such that the claims asserted by State Farm insureds proceed separately from the claims asserted by other plaintiffs against their respective insurers.

## FACTS

On August 25, 2006, Plaintiffs filed a "Complaint for Damages" in this Court. (Compl., Rec. Doc. 1.) The caption of this document alone consumes over 15 pages. The Complaint presents over a thousand plaintiffs suing more than a hundred insurance companies. The only commonality among the hundreds of Plaintiffs is that they allegedly were "owners of property in southeast Louisiana", presumably with insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶¶ 6, 10.) The only alleged common feature among the insurance company Defendants is that they allegedly "issued policies of homeowners' property, commercial, business, rental and/or flood insurance" in southeast Louisiana. (Compl. ¶ 7.) Plaintiffs amended their complaint on August 29, 2006 to add additional plaintiffs. (First Am. Compl., Rec. Doc. 2.)

Plaintiffs' Complaint combines claims arising from "policies of property, commercial, business, rental and/or flood insurance." (Compl. ¶ 4.) Plaintiffs then allege that the Defendants "failed to make adequate payments on plaintiffs' claim." (Compl. ¶ 15.) They assert that the Defendants engaged in unfair business practices. (Compl. ¶¶ 17-18.) They allege that Defendants violated the Louisiana Valued Policy Law, La. R.S. 22:695 and that the Defendants failed to properly and adequately adjust claims in bad faith. (Compl. ¶¶ 19-23.) Finally, in paragraph 25, they list eight causes of action: breach of insurance contract; violation of La. R.S. 22:658; violation of La. R.S. 22:658.2; breach of a duty to act reasonable and fairly

2

under La. R.S. 22:1220; breach of duty under La. R.S. 22:1220; failure to tender adequate payment for casualty losses; bad faith adjusting practices; and other causes of action to be determined at trial. (Compl. ¶ 25.) Plaintiffs' Complaint fails to list any facts supporting these causes of action as to any plaintiffs.

## LAW AND ARGUMENT

### 1. This Court Should Sever the Plaintiffs' Claims Because There Are No Common Questions of Law or Fact With Respect to All Plaintiffs.

Joinder of the Plaintiffs' claims is improper. Federal Rule of Civil Procedure 20 prescribes the scope for permissive joinder of parties in federal court. Absent joint and several liability among the defendants, Rule 20 restricts the right to join parties in one action to those circumstances where (1) the right to relief is based on the same transaction or occurrence, or (2) the right to relief is based on a series of transactions and occurrences, and there exists a common question of law or fact with respect to all parties. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *Simoneaux v. Jolen Operating Co.*, Civ. A. No. 04-2467, 2004 WL 2988506 (E.D. La. Dec. 15, 2004). Parties to a lawsuit are misjoined and may be severed under Rule 21 if neither of these prerequisites is satisfied. *See id.* at *4.

Neither of the conditions required by Rule 20 is present here. Plaintiffs have not alleged facts upon which the Defendants could be held jointly or severally liable. Nor have they alleged a right to relief arising from the same transaction. Further, there are no common questions of law or fact common to all parties. In the present case, each Plaintiff's claims arises from a different transaction or occurrence and presents different questions of law and fact.

There are clearly no overlapping issues of law. Plaintiffs admit that different types of policies of insurance are at issue. (Compl. ¶ 4 ("Defendants . . . issued policies of property, commercial, business, rental and/or flood insurance . . .")) Each Plaintiff that sustained

damage during Hurricane Katrina suffered a distinct loss, possibly from several causes (*e.g.*, wind, flood, or looting), and the causation and extent of the loss will be different for each plaintiff. While some terms of the insurance policies at issue may be similar, each policy has distinct terms that must be separately interpreted and applied to the specific facts associated with each distinct claim. Each Plaintiff's claim for damage was separately assessed by an insurance adjuster who examined that claim's particular facts. Plaintiffs have not pled any allegations that would lead the Court to conclude that there are any questions of law common to all Plaintiffs.

Even if there were some overlapping issues of law among the Plaintiffs, each Plaintiff's unique facts would require severance. Directly on point is *Weber v. Lockheed Martin Corp.*, Civ. A. No. 00-2876, 2001 WL 274518, at *2 (E.D. La. Mar. 20, 2001). In that case, two plaintiffs brought claims in a single suit against the defendant Lockheed Martin for employment discrimination. *Id.* at *1. The Court found that severance was appropriate because there was no "overlapping facts or activities" and the evidence would consist of "two discrete universes of facts." *Id.* at *2. Although both plaintiffs were alleging employment discrimination claims, the Court determined that "the absence of any common issues of fact outweighs each plaintiff's reliance on similar law." *Id.* Here, each Plaintiff is suing based upon a separate claim for insurance covering a distinct property. There are no overlapping facts among the plaintiffs.

Thus, because there are no common questions of law and fact with respect to all parties, Plaintiffs have not met the permissive joinder requirements of Rule 20, and their claims should be severed.

2. **Even if the Court Finds that Joinder of the Plaintiffs Is Appropriate, Each Defendant Should Be Severed Into a Separate Suit.**

Because of the differences among the claims of the individual Plaintiff, each Plaintiff should be required to proceed in a separate action. If this Court, however, decides that

4

the Plaintiffs have enough in common to meet Rule 20's permissive joinder requirements, the Court should still require the Plaintiffs to proceed against each Defendant in a separate action. The fact that the Defendants are all insurance companies is not a sufficient reason to join them as defendants. In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (1996), the Eleventh Circuit held that common business practice was insufficient to permit permissive joinder. The only common factor uniting the class action claims in *Tapscott* was the allegation that the sale of service contracts violated certain state laws. 77 F.3d at 1355. Based on this purported commonality, the plaintiffs joined separate and unrelated sellers of service contracts in the same suit. The Eleventh Circuit affirmed the granting of a motion to sever finding that the plaintiffs failed to allege joint liability or conspiracy and held that allegations that the defendants violated the same statute is insufficient on its face for joinder. *Id.* at 1360.

The same conclusion should be reached here. State Farm issues its own insurance policies and has its own claims adjusters that are separate and distinct from the policies and claims adjuster used by the other Defendants. The claims asserted against State Farm and the other Defendants are not based on the same transaction or occurrence. The mere fact the plaintiffs may assert the same legal theory to attack the different insurers is insufficient basis for joinder. *See, e.g., Tapscott,* 77 F.3d at 1360. Accordingly, the Plaintiffs' claims are not sufficiently related so as to permit joinder under Rule 20(b), and at a minimum the Plaintiffs should be required to proceed against each of the Defendants separately.

## CONCLUSION

Plaintiffs have failed to meet the requirements of Rule 20 for permissive joinder of parties. Therefore, State Farm requests that this Court sever the Plaintiffs' claims and require

each Plaintiff to proceed separately. Alternatively, State Farm requests that the Court sever the Plaintiffs' claims so that each Defendant is a party to a separate lawsuit.

Respectfully submitted,

s/ J. Dalton Courson
Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
Heather S. Lonian, 29956
　　of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200

Attorneys for State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Memorandum in Support of State Farm's Motion to Sever has been served upon all counsel of record by electronic service through the Court's CM/ECF system or placing same in the United States mail, postage prepaid and properly addressed, this 7th day of November, 2006.

s/ J. Dalton Courson

836958v.1