UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WINSTON, SR. & DONNA AARON, ET AL., | * CIVIL ACTION |
| Plaintiffs, | * NO. 06-4746 |
| VERSUS | * SECTION "R"(4) |
| AIG CENTENNIAL INSURANCE COMPANY, ET AL., | * JUDGE VANCE |
| | * MAGISTRATE ROBY |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF STATE FARM'S
RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT**

Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"), move pursuant to Rule 12(e) for a more definite statement of Plaintiffs' Complaint. In this case, State Farm cannot properly respond to Plaintiffs' Complaint as drafted. Plaintiffs, who allege that they are a group of insurance policyholders, have sued over 100

1

836941v.1

insurance companies.[1]  Plaintiffs' Complaint, as amended, is a "scattershot" pleading missing any facts sufficient to put State Farm on notice of their claims.  Plaintiffs seek damages for a list of alleged injuries, including claims for defendants' failure to adequately adjust claims; for engaging in a bad faith adjusting scheme; for violating the Louisiana Unfair Claims Practices Act; for misrepresenting to Plaintiffs pertinent facts or policy provisions; and for violating Louisiana's Valued Policy Law.  The Complaint contains only vague and conclusory allegations for each of these causes of action and fails to notify State Farm of the facts that give rise to the claims they assert.  As currently presented, it is impossible for State Farm to properly respond to the Complaint.

## FACTS

On August 25, 2006, Plaintiffs filed a "Complaint for Damages" in this Court. (Compl., Rec. Doc. 1.)  The caption of this document alone consumes over 15 pages.  The Complaint presents over a thousand plaintiffs suing over a hundred insurance companies.  The only commonality among the hundreds of Plaintiffs is that they are "owners of property in southeast Louisiana," presumably with insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶¶ 6, 10.)  The only commonality among the insurance company Defendants is that they "issued policies of homeowners' property, commercial, business, rental and/or flood insurance" in southeast Louisiana. (Compl. ¶ 7.)  Plaintiffs amended their complaint on August 29, 2006 to add additional plaintiffs.  (First Am. Compl., Rec. Doc. 2.)

---

[1]  Plaintiffs' claims are clearly misjoined under Rule 20(a), since the defendants could not be jointly or severally liable for their alleged injuries, and none of the plaintiffs' alleged injuries arise out of the same transaction or occurrence.

Plaintiffs' Complaint combines claims arising from "policies of property, commercial, business, rental and/or flood insurance." (Compl. ¶ 4.) Without pointing to the specifics of any policy, Plaintiffs recite that "[a]ll of said policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs." (Compl. ¶ 11.) Plaintiffs then allege that State Farm and the other defendants "failed to make adequate payments on plaintiffs' claim." (Compl. ¶ 15.) They claim that the Defendants engaged in unfair business practices. (Compl. ¶¶ 17-18.) They allege that the Defendants violated the Louisiana Valued Policy Law, La. R.S. 22:695 and that the Defendants failed to properly and adequately adjust claims in bad faith. (Compl. ¶¶ 19-23.) Finally, in paragraph 25, they list eight causes of action: breach of insurance contract; violation of La. R.S. 22:658; violation of La. R.S. 22:658.2; breach of a duty to act reasonable and fairly under La. R.S. 22:1220; breach of duty under La. R.S. 22:1220; failure to tender adequate payment for casualty losses; bad faith adjusting practices; and other causes of action to be determined at trial. (Compl. ¶ 25.) Plaintiffs' Complaint fails to list any facts supporting these causes of action.

## LAW AND ARGUMENT

When a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

836941v.1

*See also Canto v. Hibernia Nat'l Bank,* 1999 WL 378256 (E.D. La. 6/31/99) (Clement, J.) (Rule 12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under a relevant statute").  Further, the Eleventh Circuit has held:

> Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.
>
> . . .
>
> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366-367 (11th Cir. 1996).

In *Edwards v. Allstate Property and Casualty Insurance Co.*, No. Civ. A. 04-2434, 2005 WL 221558 (E.D. La. Jan. 27, 2005), Judge Duval of this Court ruled upon a case that is squarely on point with this one.  In *Edwards*, the plaintiff had filed a class action lawsuit alleging that Allstate engaged in a corporate scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims. *Id.* at *1.  The plaintiff alleged breach of contract, bad faith claims under La. R.S. 22:1220 and 22:658, and fraud and deceit claims against

Allstate. *Id.* Allstate responded with a motion to dismiss under Rule 12(b)(6). *Id.* After reviewing the complaint, the Court noted that the plaintiff had failed to allege the facts necessary to support her claim:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim . The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of the required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to Mary Edwards' home are not adequately alleged.

*Id.* at *3. The Court granted the motion but permitted the plaintiff to amend the complaint. *Id.* at *4.

In the present case, the Plaintiffs have similarly failed to allege facts necessary to support their alleged causes of action. At a minimum, Plaintiffs must plead the policy provision that they claim that State Farm has breached and put State Farm on notice of the facts that give rise to their alleged injury. Of course, the lack of any facts sufficient to support a cause of action is a by-product of the massive misjoinder of parties and claims in this action. State Farm has filed simultaneously with this motion to sever to claims of the individual Plaintiffs in this action. Each individual Plaintiff should be required to file an amended complaint setting forth a more adequate statement of their allegations, if they can.

5

## CONCLUSION

The Plaintiffs have failed to allege the fact necessary to support their conclusory allegations. Therefore, State Farm requests that this Court order Plaintiffs to provide a more definite statement of the allegations in their Complaint.

Respectfully submitted,

s/ J. Dalton Courson
Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Michael Q. Walshe, Jr., 23968
J. Dalton Courson, 28542
Heather S. Lonian, 29956
    of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Memorandum in Support of State Farm's Rule 12(e) Motion for a More Definite Statement has been served upon all counsel of record by electronic service through the Court's CM/ECF system or placing same in the United States mail, postage prepaid and properly addressed, this 7th day of November, 2006.

s/ J. Dalton Courson

836941v.1