FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 21  PM 4: 42

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDY M. PAUL, ET AL** | **CIVIL ACTION 06-7682** |
| **VS.** | **SECTION "K"** |
| | **JUDGE DUVAL** |
| **SEWERAGE & WATER BOARD** | **MAGISTRATE (2)** |
| **OF NEW ORLEANS, ET AL** | **MAG. JUDGE WILKINSON** |

### MEMORANDUM IN OPPOSITION
### TO THE MOTION TO DISMISS OR ALTERNATIVELY
### MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT
### OF CROSS MOTION FOR STAY OR CONTINUANCE AND
### ALTERNATIVE MOTION FOR FRCP 56(f) RELIEF

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Judy M. Paul, et

al., through counsel of record, to file this Memorandum in Opposition to the Motion to Dismiss

or Alternatively Motion for Summary Judgment filed by CSXT, Inc. ("CSXT") and in Support of

Motion for Stay or Continuance and Alternative Motion for FRCP 56(f) Relief filed by Plaintiffs.

**Introduction**

This case was filed on August 28, 2006, by Plaintiffs, Judy M. Paul, et al, in the Civil

District Court for the Parish of Orleans, State Court Action No. 06-9738 [Doc. 1]. The parties

include the Port of New Orleans, the Orleans Levee Board, the New Orleans Sewerage & Water

Board, the Louisiana Department of Transportation, CSX Transportation, Inc., Burlington

Northern and Sante Fe Railroad Company, and the New Orleans Public Belt Railroad. Plaintiffs

1



seek class certification of a class of claimants defined as "all residents, real and personal property owners, business interests, and other economic and non-economic interests present on August 29, 2005, in an area bounded by Lake Pontchartrain on the North, the Inner Harbor Navigation Canal on the East, the Mississippi River on the South, and Elysian Fields Avenue on the West, and on behalf of persons whose decedents were located in that area on that date". Id. Paragraph 1. Generally put at issue in the Petition is the damage and personal injury to persons, including wrongful death due to the failure of the flood wall on the west bank of the Industrial Canal and particularly the flooding in the area due to the damage to Flood Gate I-W 30, a part of the flood wall compromised by a September 10, 2004, rail car derailment.

In its initial report or assessment, the No. UCB/CITRIS Berkley Report, Excerpt Ex. A1, described the Flood Gate I-W 30 failure in these general terms:

> ". . . (A) roadway embankment crosses through the levees, and a second gap in the 'line of protection' for a railway line (crossing the adjacent IHNC) crosses through at this location.  This represents a very complex 'transition' section, with overlapping users and overlapping authorities and responsible entities.  *The gate of the railway's floodgate wall had been knocked off by a train derailment several months prior to Hurricane Katrina,* and the railway was to have closed the resultant opening with a sandbag levee section within the gated opening.  Our understanding is that this sandbag closure was inspected by the Orleans Levee Board. This emergency closure appears to have been unsuccessful, *as floodwaters appear to have passed through this opening, and to have eroded and 2breached the earthen roadway embankment adjacent and behind this section . . . all apparently contributed to flooding of the neighborhoods immediately inboard of this site.*" (Emphasis Added)

---

1 Exhibit references are to the exhibits attached to the affidavit of counsel dated November 21, 2006, offered in support of Plaintiff's Motion for FRCT 56 Relief filed herewith.

In furtherance thereof, Plaintiffs caused FOIA requests to be made on the United States Army Corps of Engineers. The first under date January 19, 2006, asked for "any writings which reference or mention the damage to the Flood Gate W-30 occurring on or about midnight September 10, 2004, the cost of repairing same, the letting of the contract to effect the repair of the damage, the repair of the Gate and adjacent flood wall, the removal of the gate, and the temporary closure of the opening in advance of Hurricane Katrina and Rita  occasioned by the damage and removal, and the reinstallation of the Gate; together with any documents particular to the breach of the enclosure on August 29, 2005." Exhibit B.  The second on March 1, 2006, referenced the FOIA request made under date January 19, 2006, under 5 U.S.C. 552(a)(3)(a) and the Corps failure to make a timely determination under U.S.C. 552(a)(6)(8) 'deemed to have exhausted administrative remedies with respect to the request'.  Exhibit C.  The third made on the Department of Transportation, Federal Railroad Administration under date September 19, 2006, asked for "Any and all pictures, correspondence, documents, writings, and reports related to or respecting the damage to Flood Gate I-W30, West Bank of the Industrial Canal, allegedly occasioned on or about September 10, 2004, when rail cars operated by CSX Transportation, Inc. on tracks owned by the City of New Orleans Public Belt Rail Road and/or Burlington Northern struck the Floodwall and Flood Gate." Exhibit D.  The fourth made on Occupational Safety & Health Administration (OSHA) under date September 19, 2006, asked for "Any and all pictures, correspondence, documents, writings, and reports related or respecting the damage to Flood Gate I-W30, West Bank of the Industrial Canal, allegedly occasioned n or about September 10, 2004, when rail cars operated by CSX Transportation, Inc. on tracks owned by the City of New Orleans

3

Public Belt Rail Road and/or Burlington Northern struck the Floodwall and Flood Gate." Exhibit "E".

The United States Army Corps of Engineers responded to the first and second requests by letter March 7, 2006. Exhibit F. The response included pictures of the damage (about 9/13/04 1-19) and two pages showing the state of repairs (10/2/05). Exhibit G.

In furtherance of the inquiry, Plaintiffs obtained a copy of "Petition for Damages" filed by the Orleans Levee Board against the City of New Orleans by and through the New Orleans Public Belt, CSX Transportation, Inc., and Burlington Northern Sante Fe Railway Company, a copy of which is attached. Exhibit H. In that petition it is alleged that "at least one of the derailed cars crashed into the flood wall and flood gate support system causing extensive damage to the structure and causing a 32.5' wide gap in the flood protection system." Petition for Damage Paragraph V. The Petition reflects that service was made on all defendants. With the Petition, the defendants were served with a First Request for Production. Id. Paragraph VII.

Finally, shortly after filing suit, Plaintiffs served discovery requests upon defendant Burlington. Although Burlington has formally responded, its responses are not particularly meaningful, Exhibit I; in fact they are meaningless. All four Requests for Admissions 2-5 are all "vague, overbroad and burdensome", as are Interrogatories 1, 2, 3, and 4. Interrogatory 7 is "vague, overbroad and ambiguous". Interrogatory 9 is just "vague and overbroad". Asked about the enterprise, the "relationship with other defendants", "persons operating the train", BNSF stonewalls.

Plaintiffs faired no better with Requests for Production.. Asked for "incident report or other writings . . . which reference the damage to Gate I-W30, or relative "to the law suit", (2)

4

and (3) or writings relied on to support the answers to Requests for Admissions and Interrogatories. Plaintiffs are told the Requests are "vague, overbroad and burdensome". "Further the term 'writings' is undefined".

Shortly after filing suit, Plaintiffs made FOIA requests of the Federal Railway Administration and OSHA. See letters attached. Exhibits D and E. The requests are pending, having been acknowledged, but responses have not yet been received. See acknowledgments attached. Exhibit J and Exhibit K.

Now plaintiffs have made a further FOIA request on the Corps under date of November 3, 2006, Exhibit L.

This cause was removed to the United States District Court by Motion to Remove filed October 10, 2006. [Case 06-7682 Doc.1] Further discovery is stayed here given that the requirements of FRCP 26(a)(1) Initial Disclosures have not been completed. The Court has directed liaison counsel to file a proposed discovery plan by , _____[Doc. 50] later continued to December 2, 2006. [Doc.____ ].

Plaintiffs Paul, et al, have filed a Motion to Remand which is scheduled to be heard on November 29, 2006.

## CSXT'S MOTIONS -FRCP 12b6 and FRCP 56

CSXT's Memorandum is a hodge podge mix of its argument on its Motion to Dismiss under 12(b)(6) and its Alternative Motion of Summary Judgment under 56. It is important to consider the two separately. For 12(b)(6) CSXT must recognize that Plaintiffs Petition is tested on its face only. It must consider as true plaintiffs' allegation that its (CSXT's) employees were operating the train, that the train derailed, that a rail car knocked out the Floodgate, that the gate

5

was not repaired at the time of Katrina and the failure of the West Flood wall was the proximate cause of plaintiffs' damages and losses. Considered for 12(b)(6) purposes, CSXT's argument rests entirely on its contention that Plaintiffs' claims are preempted by the Federal Railroad Safety Act and The Interstate Commerce Termination Act.

In response Plaintiffs suggest that both FRSA and ICTA are "ordinary preemption," asserted as "a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, . . .." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) As such, neither the FRSA nor the ICTTA defenses are suited to disposition on a 12(b)(6) Motion. Cf. Brooks v. City or Winston Salem,85 F.3d 178, 181 (4th Cir; 1996) (observing that an affirmative defense may also be raised in a pre-answer motion pursuant to Rule 12(b)(6) of the Federal Rules "when the face of the complaint clearly reveals [its] existence"). "The defense faces a formidable hurdle when advanced on such a motion." *Cohn v. New Paltz Cent. School Dist.,* 171 Fed.Appx. 877 (2d. Cir, 2006);

To support the FRCP 56 Motion, CSXT offers its spin on the facts. It acknowledges the derailment.  It acknowledges that a railcar stuck the gate. It acknowledges the damages, in fact it offers some evidence of a substantial payment of $456,000, acknowledging fault by rail defect(s). . It denies that its employees were operating the train, however, and asserts that it did not make the direct payment. It offers no accident report. It stands silent in the face of Plaintiffs allegations of joint enterprise locomotive owned by Burlington and operated by CSXT on tracts of Public Belt and CSXT.  Although it acknowledges that the rail cars came to rest on its tracts post derailment. Compliant is Burlington's non-responsiveness to Plaintiffs' discovery it is not forthcoming with any

6

information about its contracted relationship of the parties to the _____ the ownership

if the rail cars which inflated the damage, the cars in the tow, etc.

**Requested Relief**

  Plaintiffs Paul has moved to Continue CSXT's Motion to Dismiss or Alternative Rule 56(f)

Motion for Summary Judgment.  Should the Court grant Paul's remand motion, the Court will seek

the jurisdiction to decide CSXT's Motion.  Furthermore, Plaintiffs oppose the Motion to Dismiss or

Alternatively Motion for Summary Judgment as lacking in merit, not sufficient to support relief and

by alternative motion for 56(f) relief, citing the Plaintiffs' effort to develop the facts which

proceeded and to need to complete discovery to better oppose the merits of CSXT's Motion for

Summary Judgment.

<strong>Law &amp; Argument</strong>

*1.  Standard of Review – General 12(b)(6) Standard*

  A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set

of facts that would entitle him to legal relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992).

The Court must "treat all well-pleaded allegations in the complaint as true, and ⋯ find dismissal

proper only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of the

claims that would entitle [them] to relief." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693

(6th Cir.2002) "When considering a 12(b)(1) motion, this Court may resolve factual disputes. Moir,

895 F.2d at 269. When considering a 12(b)(6) motion, however, the Court must accept as true the

plaintiff's allegations." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451-452 (6th Cir.2003)

*Spann v. Cobb County Pretrial Court Services Agency,* Slip Copy, 2006 WL 3307467 (C.A.11;

2006). "We accept as true all factual allegations in the complaint and will affirm a dismissal under

7

Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Cf. Educadores Puertorriquenos en Acion v. Hernandez, 367 F.3d 61, 66. (1st Cir., 2004)

2.    *Standard of Review – 12(b)(6) Standard - more stringent*

Where, the defendant raises a affirmative defenses via Rule 12(b)(6) Motion, in this case federal preclusion under the Federal Railway Safety Act and Regulations, the burden is even more stringent. "The availability of the defense as a matter of law, then, turns on whether the plaintiff could possibly prove any set of facts that would undermine the objective reasonableness of defendants' actions. In other words, the defense must be "based on facts appearing on the face of the complaint." *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir., 2004)(internal quotation marks omitted). also *Brooks v. City or Winston Salem,*85 F.3d 178, 181 (4th Cir; 1996) (observing that an affirmative defense may also be raised in a pre-answer motion pursuant to Rule 12(b)(6) of the Federal Rules "when the face of the complaint clearly reveals [its] existence"). "The defense faces a formidable hurdle when advanced on such a motion." *Cohn v. New Paltz Cent. School Dist.,* 171 Fed.Appx. 877 (2d. Cir, 2006); Cf. *Nicholas v. Goord,* 430 F.3d 652, 658 n. 8 (2d. Cir., 2005) (stating that a  Rule 12(c) motion for judgment on the pleadings is "evaluated under the same standard as a Rule 12(b)(6) motion"). To prevail on a motion for qualified immunity in this early stage of the proceedings, "[n]ot only must the facts supporting the defense appear on the face of the complaint, but ⋯ the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief*McKenna,* 386 F.3d at 436

(internal quotation marks and citation omitted. Cf. *Brody v. Hankin,* 145 Fed.Appx. 768 (3rd Cir.,

2005.) (reversing a decision in granting a motion to dismiss under Rule 12(b0(6) grounds of res

judicata, or claim preclusion. "Because res judicata is an affirmative defense, and the basis for

dismissing this case on res judicata grounds was not apparent on the face of the complaint". At 770,

771) Cf. *Terranova v. New York,* 144 Fed.Appx. 143 (2nd. Cir.; 2005.)"[W]e have permitted the

defense to be successfully asserted in a Rule 12(b)(6) motion," id., where " 'the complaint itself

establishe[d] the circumstances required as a predicate to a finding of qualified immunity.' " *Green v.*

*Maraio,* 722 F.2d 1013 , 1018(2nd Cir.,1983)

3.      *Standard Of Review  - FRCP 56*

"Summary judgment is proper when, viewing the evidence in the light most favorable to the

nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to

judgment as a matter of law." *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States,* 832

F.2d 1358, 1364 (5th Cir.1987);  FED.R.CIV.P. 56(c)." *Carter v. **RMH Teleservices, Inc**.* Slip

Copy, 2006 WL 3147325 C.A.5 (Tex.), 2006. "(W)e will affirm a summary judgment only when

we are convinced, after an independent review of the record, that "there is no genuine issue as to

any material fact" and that the movant is "entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c); *see Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985).

When fact questions are raised, we must "review the facts drawing all inferences most favorable

to the party opposing the motion." *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States*

*Fire Insurance Company,* 832 F.2d 1358 (5th, Cir. 1987)

4.      Standard of Review 56 (f)

"Rule 56(f) requires a party to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit. *Chambers v. Am. Trans Air, Inc.,* 17 F.3d 998, 1002 (7th Cir.1994). Rule 56(f) motion for abuse of discretion. *See Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1056 (7[th])." *Waterloo Furniture Components, Ltd. v. Haworth,* 467 F.3d 641 (7 th Cir.2000)

5.    *Opposition to Summary Judgment*

Mover CSXT offers the affidavit of Bridgers of Public Belt to show that Public Belt employees not CSXT employees were operating the train at the time of its derailment. It ignores the fact that Public Belt Railroad is not for profit and no funds of the City of New Orleans or of said commission, except funds derived from the revenues produced by said operations shall be expended. 31.3. As such, Public Belt is in a facilitator – for the benefit of the for profit railroad companies moving its cars through the Public Belt facilities. It neglects to mention that it facilitates those railway companies via "contracts or contacts, containing such laws and conditions, stipulations and provisions "set by the Commission. R. S. 31.3A or that the Commission is granted the power and authority to compel . . . any railroad company or railroad companies entering the City of New Orleans . . . to use (its) property . . . on such reasonable terms and conditions as the Commission may prescribe . . "

It is not sufficient in the face of allegations of an enterprise, including a not for profit public entity, to simply say the public entity employed the drivers, and remain silent as to whether it had a contract with that entity, whether it had cars and cargo in the tow, or whether its rail car inflicted the damages or contributed to the events which led to the damages and loss.

10

## Conclusion

The Plaintiffs Motion to Stay should be granted. The grant of the Plaintiffs Motion to remand disposes of it. CSXT's 12b6 Motion should be denied. FRSA and ICTTA are defensive, not suitable for disposition by Motion to Dismiss. The Motion for 56(f) relief should be granted. Plaintiffs should be permitted to complete discovery. In any event the Motion for Summary Judgment should be denied.

Respectfully submitted,

_____
WILLIAM C. GAMBEL, Bar #5900
MILLING BENSON WOODWARD L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA 70112
Phone: (504) 569-7000
Fax:    (504) 569-7001

JOHN J. CUMMINGS, III, Bar #4652
**CUMMINGS & CUMMINGS**
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Fax:    (504) **522-8423**

RICHARD M. MARTIN, Bar #8998
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Fax:    (504) 522-8423

DEBORAH SULZER, Bar #19806
650 Poydras Street, Suite 2635
New Orleans, LA 70130
Phone: (504) 299-3380
Fax:    (504) 299-3385

RICHARD A. WEIGAND, Bar #13324

11

**WEIGAND & LEVENSON**
427 Gravier Street
New Orleans, LA 70130
Phone: (504) 568-1256
Fax:    (504) 525-3368

ARTHUR MORRELL, Bar #1494
J. P. MORRELL, Bar #29635
1660 Treasure Street
Phone: (504) 261-0535

SUZETTE BAGNERIS, Bar # 2224
3520 General DeGaulle Drive, Suite 4070
New Orleans, LA 70114
Phone: (504) 368-1911

W355252

CERTIFICATE OF SERVICE

I certify that on this 21 day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, e-mail, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.