UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| JUDY M. PAUL and WILLIE MACKIE, SR.<br>Plaintiffs,<br><br>v.<br><br>SEWERAGE AND WATER BOARD OF<br>NEW ORLEANS, BOARD OF<br>COMMISSIONERS FOR THE ORLEANS<br>LEVEE DISTRICT, BOARD OF<br>COMMISSIONERS OF THE PORT OF<br>NEW ORLEANS, THE CITY OF NEW<br>ORLEANS, NEW ORLEANS PUBLIC<br>BELT RAILROAD COMMISSION, CSX<br>TRANSPORTATION, INC., BNSF<br>RAILWAY COMPANY, f/k/a<br>BURLINGTON NORTHERN AND SANTE<br>FE RAILROAD COMPANY, and THE<br>LOUISIANA DEPARTMENT OF<br>TRANSPORTATION AND<br>DEVELOPMENT<br>Defendants | CIVIL ACTION NO. 06-7682<br><br>SECTION "K"<br><br>MAGISTRATE 2<br><br>Removed from the Civil District<br>Court for the Parish of Orleans, State<br>of Louisiana, Division "I-14" |

## MEMORANDUM IN OPPOSITION TO
## THE MOTION TO DISMISS FILED BY BNSF

**NOW INTO COURT**, through undersigned counsel come Judy M. Paul and Willie Mackie, Sr., plaintiffs, to file this Memorandum in Opposition to the Motion to Dismiss filed by Burlington Northern & Sante Fe ("BNSF").

The matter is before the Court on Mover's Motion to Remand [Doc. 1543], which if granted would defeat the BNSF's Motions. Plaintiffs have moved for a stay pending resolution of their remand Motion, and respectfully submit that the BNSF's Motion is premature and should be stayed. [Doc. 1579]

As to the merits BNSF makes four arguments (i) it argues Plaintiffs state no duty to Plaintiffs, (ii) and no duty to Plaintiffs to repair (iii) it raises federal preemption, citing the Federal Railway Safety Act and Regulation or the Interstate Commence Termination Act, with the briefing offered by CSX Transportation, Inc. in support, and (iv) it challenges the sufficiency of Plaintiffs' Petition as a Class Action under FRCP 23.

## Summary of the Argument

It is alleged that Burlington, and the other rail defendants, the New Orleans Public Belt Railroad and CSX Transportation, Inc. knocked out the Floodgate I-W-30 which protected Plaintiffs and their property from the rising waters subsequently occurring with Hurricane Katrina. Whether BNSF owed a duty to Plaintiffs to repair is irrelevant. What is important in Plaintiffs view is that the damage is alleged to be the proximate cause of the rail accident propelled by a locomotive owned by BNSF. Plaintiffs "instituted suit against the defendants on more than one claim or theory of recovery out of one factual occurrence."[1] For the sake of argument if the rail defendant had no duty to repair (and it lay with the Orleans Levee District as BNSF contends) then BNSF is free to defend accordingly, and OLD's fault. Orleans Levee Board's fault is not appropriate to its 12(b)(6) Motion, since that defense is not reveled on the face of the Petition. Discussed *infra*. See Standard of Review at p. 2.

As to class certification, this case was initiated in State Court under the State Class Action Statute. As is clear form Plaintiffs' draft Motion for Class Certification and Memorandum in Support and Rule attached, Plaintiffs are prepared to proceed with Certification

---

[1] Quoting from *Prokop v. Mack Trucks, Inc.* 694 So.2d 387, (La.App. 5 Cir.,1996) describing the cumulation of damage action and a failure to repair action in the same proceeding against multiple defendants.

2

upon remand. In all and any event, Plaintiffs Paul and Mackie have asserted personal a action against BSFN making concern as to sufficiency of pleadings under FRCP 23 irrelevant.

Finally, BNSF defends under the Federal Railway Safety Act and the Interstate Commence Transportation Termination Act ("ICTTA"). Called "ordinary preemption", state laws that conflict with federal laws are preempted; preemption is asserted as "a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L.Ed.2d 55 (1987)[2] Disposition on a 12(b)(6) Motion is inappropriate. Federal preemption is a defense and neither defense is revealed on the face of the complaint. (T)he defense must be "based on facts appearing on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir., 2004)(internal quotation marks omitted). also *Brooks v. City or Winston Salem*, 85 F.3d 178, 181 (4th Cir; 1996) (observing that an affirmative defense may also be raised in a pre-answer motion pursuant to Rule 12(b)(6) of the Federal Rules "when the face of the complaint clearly reveals [its] existence"). "The defense faces a formidable hurdle when advanced on such a motion." *Cohn v. New Paltz Cent. School Dist.*, 171 Fed.Appx. 877 (2d. Cir, 2006);

I.  General Standard of Review - 12(b)(6)

A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts that would entitle him to legal relief. *Benton v. United States*, 960 F.2d. 19, 21 (1992) The Court must "treat all well-pleaded allegations in the complaint as true, and . . . . find dismissal proper only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of the claims that would entitle [them] to relief." *Downie v. City of Middleburg Heights*, 310 F.3d 688, 263(6th Cir., 2002) "When considering a 12(b)(1) motion, this Court may resolve

---

[2] See Memorandum in Support of Motion to Remand [Doc. 1543-2]

3

factual disputes. *Moir, 895 F.2d at 269*. When considering a 12(b)(6) motion, however, the Court must accept as true the plaintiff's allegations." *Marks v. Newcourt Credit Group, Inc.*, 342 F2d. 444, 451-2 (6th Cir., 2003); *Spann v. Cobb County Pretrial Court Services Agency,* Slip Copy, 2006 WL 3307467 (C.A.11; 2006). "We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved." *Conley v. Gibson 355 U.S. 41, 45-46 (1957)* ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Cf. *Educadores Puertorriquenos en Acion v. Hernandez,* 367 F.3d 61, 66. (1st Cir., 2004)

II.     Standard of Review - federal preclusion , a more stringent standard

Where, the defendant raises a affirmative defenses via Rule 12(b)(6) Motion, in this case federal preclusion, under the Federal Railway Safety Act and Regulations, the burden is even more stringent. "The availability of the defense as a matter of law, then, turns on whether the plaintiff could possibly prove any set of facts that would undermine the objective reasonableness of defendants' actions. In other words, the defense must be "based on facts appearing on the face of the complaint." *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir., 2004)(internal quotation marks omitted). *also Brooks v. City or Winston Salem,*85 F.3d 178, 181 (4th Cir; 1996) (observing that an affirmative defense may also be raised in a pre-answer motion pursuant to Rule 12(b)(6) of the Federal Rules "when the face of the complaint clearly reveals [its] existence"). "The defense faces a formidable hurdle when advanced on such a motion." *Cohn v. New Paltz Cent. School Dist.,* 171 Fed.Appx. 877 (2d. Cir, 2006).

4

For examples of cases applying the more stringent rule to defense. See *Nicholas* v. *Goord*, 430 F.3d 652, 658 n. 8 (2d. Cir., 2005) (stating that a Rule 12(c) motion for judgment on the pleadings is "evaluated under the same standard as a Rule 12(b)(6) motion"). To prevail on a motion for qualified immunity in this early stage of the proceedings, "[n]ot only must the facts supporting the defense appear on the face of the complaint, but ⋯ the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna,* 386 F.3d at 436 (internal quotation marks and citation omitted.

*Brody v. Hankin* 145 Fed.Appx. 768 (3rd Cir., 2005.) (reversing a decision in granting a motion to dismiss under Rule 12(b0(6) grounds of *res judicata*, or claim preclusion. " Because *res judicata* is an affirmative defense, and the basis for dismissing this case on *res judicata* grounds was not apparent on the face of the complaint". At 770, 771)

*Terranova v. New York,* 144 Fed.Appx. 143 (2nd. Cir.; 2005.)" [W]e have permitted the defense to be successfully asserted in a Rule 12(b)(6) motion," *id.,* where " 'the complaint itself establishe[d] the circumstances required as a predicate to a finding of qualified immunity.' " *Green v. Maraio,* 722 F.2d 1013 , 1018(2nd Cir.,1983).

III.    Duty Risk Analysis-

Under the duty-risk approach to determining tort liability, the court first determines whether the defendant's conduct was a cause-in-fact of the plaintiff's damages. *Fowler v. Roberts, 556 So.2d 1 (La.1989); Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970).* This determination is usually a "but for" inquiry that tests whether the damages would not have occurred but for the defendant's conduct. The "substantial factor" inquiry is also useful to determine cause-in-fact when the conduct of each of two or more persons actually contributes to

the plaintiff's harm even though the harm would have occurred without the interaction of one. *Lombard v. Sewerage & Water Bd. of N.O., 284 So.2d 905, 913 (La.1973)*; William L. Crowe, Sr., *The Anatomy of a Tort*, 22 Loy L.Rev. 903, 904-05 (1976).

### Conclusion

BNSF Motion should be denied. Plaintiffs have pled that the Rail defendants knocked out the flood gate via a locomotive owned by BNSF which is alleged to be the proximate cause of the damages. Compliance with Class Action under Rule 23 is irrelevant. The Orleans Levee District's duty to repair and federal preemption under FRSA and ICTTA are defensive and do not appear on the face of the Plaintiffs Petition and not appropriate for disposition on a 12(b)(6) Motion.

Respectfully submitted,

WILLIAM C. GAMBEL, Bar #5900
MILLING BENSON WOODWARD L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA 70112
Phone: (504) 569-7000
Fax:   (504) 569-7001

JOHN J. CUMMINGS, III, Bar #4652
**CUMMINGS & CUMMINGS**
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Fax:   (504) 522-8423

RICHARD M. MARTIN, Bar #8998
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Fax:   (504) 522-8423

DEBORAH SULZER, Bar #19806
650 Poydras Street, Suite 2635
New Orleans, LA 70130

Phone: (504) 299-3380
Fax:    (504) 299-3385

RICHARD A. WEIGAND, Bar #13324
**WEIGAND & LEVENSON**
427 Gravier Street
New Orleans, LA 70130
Phone: (504) 568-1256
Fax:    (504) 525-3368

ARTHUR MORRELL, Bar #1494
J. P. MORRELL, Bar #29635
1660 Treasure Street
Phone: (504) 261-0535

SUZETTE BAGNERIS, Bar # 2224
3520 General DeGaulle Drive, Suite 4070
New Orleans, LA 70114
Phone: (504) 368-1911

Attorneys for Plaintiffs

W355326

## CERTIFICATE OF SERVICE

I certify that on this 21 day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, email, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

W355326