FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 21  PM 4:50

LORETTA G. WHYTE
       CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § § | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: § § MRGO, *Reed*, No. 06-2152 § MRGO, *Ackerson*, No. 06-4066 § § § | |

### MEMORANDUM SUBMITTED BY *REED* AND *ACKERSON* PLAINTIFFS IN OPPOSITION TO THE DREDGING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO LA.R.S. 9:5624 AND FED.R.CIV. 12(c)

MAY IT PLEASE THE COURT:

NOW COME Phillip Reed, on behalf of himself and all others similarly situated, who is the plaintiff in Civil Action No. 06-2152, and Fellosea Ackerson, et al., who are all the plaintiffs in Civil Action No. 06-4066 (collectively "Plaintiffs"), and respectfully submit this memorandum in opposition to the Motion for Judgment on the Pleadings Pursuant to La.R.S.9:5624 and Fed.R.Civ.P. 12(c) filed by defendants, Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.;

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its own behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff and Gravel Company; and King Fisher Marine Service, L.P. (collectively the "Dredging Defendants").

## I. ARGUMENT.

### A. Standard applicable to Rule 12(c) motions.

Federal courts have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings. Federal Judges are unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. Wright & Miller, *Federal Practice Procedure, Civil 3d* § 1368. As it is for a motion under Rule 12(b)(6), for purposes of a Rule 12(c) all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. *In re: Complaint of Dann Marine Towing, L.C.*, 2004 WL 744881 (E.D. La. 2004); *Voest-Alpine*

*Trading USA Corp. v. Bank of China*, 142 F. 3d 887 (5th cir. 1998) (parties had not conducted discovery); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002).

**B.     La. R.S. 9:5624 does not apply in admiralty.**

Since the doctrine of latches — — which is applicable in these admiralty cases — — does not impose any definitive prescriptive or peremptive deadlines, the Dredging Defendants are attempting to apply prescriptive or preemptive deadlines under Louisiana law. Louisiana prescriptive and preemptive statutes conflict with the maritime doctrine of latches and is not applicable. *See* discussion in Plaintiffs' Opposition to Dredging Defendants' Motion for Judgment on the Pleadings Pursuant to La. R.S. 9:2772 and Fed.R.Civ.P. 12(c), which is adopted herein by reference.

**C.     Even if Louisiana law applied to these maritime cases, La.R.S. 9:5624 does not.**

The purpose of La.R.S. 9:5624 is to limit the exposure of the State of Louisiana and its political subdivision to liability in connection with <u>construction</u> of public works. *Nuckolls v. Louisiana Department of Highway*, 336 So.2d 313 (La. App. 1976). Nothing in the language or history of Section 5624 suggests that it was intended for the benefit of the Government or its subcontractors.

Moreover, Section 5624 does not apply to damages that result from <u>negligence</u> and which are not necessarily the consequence of the construction of a public project. *Estate of*

*Patout v. City of New Iberia*, 738 So.2d 544 (La. 1999); *Eubanks v. Bayou D'Arbonne Lake Watershed Dist.*, 742 So.2d 113 (La. App. 2d Cir. 1999); *Elmer v. West Jefferson Levee District*, 803 So.2d 229 (La. App. 5th Cir. 2001); *Summerville v. Missouri Pacific R. Co.*, 509 So.2d 639 (La. App. 3d Cir. 1987); *Perkins v. Simon*, 265 So. 2d 804 (La. App. 1972). Here, Plaintiffs have clearly alleged that the Dredging Defendants were <u>negligent</u>. *Reed* Complaint ¶¶ 31-34; *Ackerson* Complaint ¶¶ 31-34.

In addition, Plaintiffs allege that the damages result from <u>maintenance</u> dredging of the MRGO and not only from construction. *Reed* Complaint ¶¶ 4, 13, 14, 15, 16, 17, 18; *Ackerson* Complaint ¶¶ 4, 13, 14, 15, 16, 17, 18. The clear language of Section 5624 states that it applies to <u>construction</u> and not to maintenance. *Summerville, supra.*

Section 5624 applies only when the damage is an intentional and necessary consequence of the public project. *Dwyer v. Smith*, 546 So.2d 895 (La. App. 1st Cir. 1989). There is no evidence —— and the Dredging Defendants surely do not admit —— that when they dredged the MRGO they intended to (1) damage the wetlands around the MRGO, or (2) cause the MRGO to widen from 500 feet (designed width) to 2000 feet (current width), or (3) inundate New Orleans and destroy the Plaintiffs' homes. Obviously § 5624 does not apply.

## II. <u>CONCLUSION</u>.

For all the reasons set forth above, the Dredging Defendants' motion should be denied.

Respectfully Submitted:

Camilo K. Salas III (Louisiana Bar No. 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: 504-799-3080
Fax: 504-799-3085
E-Mail: csalas@salaslaw.com

_____
CAMILO K. SALAS III
Attorneys for Phillip Reed, on behalf of himself
and all others similarly situated in *Reed*,
No. 06-2152

And

A. J. Rebennack (Louisiana Bar No. 18677)
2202 Avenue B
Metairie, Louisiana 70001
Telephone: 504-792-0512
Fax: 504-831-1203
E-Mail: rebennacks@cox.net
Attorney for all the plaintiffs in *Ackerson*,
No. 06-4066

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of November, 2006 served a copy of the foregoing pleading on all parties to this proceeding via facsimile, e-mail and/or U. S. Mail.

_____
CAMILO K. SALAS III