

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |
| | * | |
| | * | |
| PERTAINS TO:    LEVEE AND MRGO | * | |
| (*Holmes* No. 06-5161) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
### ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant St. Paul Fire and

Marine Insurance Company ("St. Paul"), which, for its Answer to the Complaint for Damages --

Class Action (the "Complaint") filed by Fred Holmes and Alvin Livers, purportedly for

themselves and all others similarly situated, (collectively, the "Plaintiffs"), respectfully responds

to the particular paragraphs of the Petition as follows:

1.

The first five sentences of sub-parts A. and B. of Paragraph 1 are denied for lack of

sufficient information to justify a belief as to the truth of the matters asserted therein.  To the

extent the last sentences of sub-parts A. and B. of Paragraph 1 are directed at St. Paul, they are

_____ Fee_____
_____ Process_____
_X_ Dktd _____
_____ CtRmDep_____
_____ Doc. No_____

denied.  To the extent those sentences are directed at other defendants, they are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

2.

Sub-parts A. through D. and F. of Paragraph 2 are not directed at St. Paul or the Board of Commissioners for the Orleans Levee District (the "OLD") and, therefore, no response from St. Paul is required.  To the extent a response from St. Paul to these sub-parts may be deemed necessary, St. Paul denies the allegations in these sub-parts for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  In response to sub-part G. of Paragraph 2, St. Paul denies the allegations therein except to admit that it has been named as a defendant herein and that it is a foreign insurer authorized to do and doing business in the State of Louisiana.  St. Paul further responds that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005, which policy is subject to the terms, conditions, exclusions and limitations contained therein.  In further answer, St. Paul denies the allegations in sub-part E. except to admit that the OLD has been named as a defendant and is a political subdivision of the State of Louisiana.

3.

The assertions in Paragraph 3 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute under the Class Action Fairness Act and/or federal jurisdiction.

4.

The assertions in Paragraph 4 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

5.

The assertions in Paragraph 5 constitute a legal conclusion and are not directed at St. Paul.  Consequently, this paragraph requires no response from St. Paul.

6.

Paragraph 6 contains no factual allegations against St. Paul and contains conclusions of law.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph.

7.

Paragraph 7 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

8.

Paragraph 8 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

9.

Paragraph 9 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

10.

Paragraph 10 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

11.

Paragraph 11 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

12.

Paragraph 12 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

13.

Paragraph 13 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the

assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

14.

Paragraph 14 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

15.

Paragraph 15 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

16.

Paragraph 16 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

17.

Paragraph 17 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

18.

Paragraph 18 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

19.

Paragraph 19 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

20.

Paragraph 20 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

21.

Paragraph 21 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

22.

Paragraph 22 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the

assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

23.

Paragraph 23 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

24.

Paragraph 24 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

25.

Paragraph 25 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

26.

Paragraph 26 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

27.

Paragraph 27 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

28.

Paragraph 28 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

29.

Paragraph 29 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

30.

Paragraph 30 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

31.

The assertions in Paragraph 31 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions

in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

32.

The assertions in Paragraph 32 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

33.

The assertions in Paragraph 33 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

34.

To the extent the allegations in Paragraph 34 are directed at St. Paul, those allegations are denied. To the extent the allegations in this paragraph are directed at any other party, they are denied for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

35.

Paragraph 35 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

36.

Paragraph 36 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

37.

Paragraph 37 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

38.

Paragraph 38 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

39.

Paragraph 39 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

40.

Paragraph 40 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the

assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

41.

The assertions in Paragraph 41 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul affirmatively asserts that the statutory provision paraphrased in part by the Plaintiffs, La. R.S. 38:307(A)(1), is the best evidence of its terms.

42.

Paragraph 42 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in Paragraph 42 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

43.

Paragraph 43 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the allegations in Paragraph 43 for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

44.

The assertions in Paragraph 44 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

45.

The assertions in Paragraph 45 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

46.

The assertions in Paragraph 46 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

47.

The assertions in Paragraph 47 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

48.

Paragraph 48 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

49.

The assertions in Paragraph 47 constitute a legal conclusion and are not directed at St. Paul. Therefore, no response from St. Paul is required. To the extent a response is deemed

necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

50.

The assertions in Paragraph 50 constitute a legal conclusion and are not directed at St. Paul.  Therefore, no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies these assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

51.

The assertions in Paragraph 51 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

52.

St. Paul denies the assertions in Paragraph 52.

53.

In response to Paragraph 53 of the Complaint, St. Paul repeats, reiterates, and realleges each and every answer as set forth above

54.

The assertions in Paragraph 54 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of

13

sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

55.

The assertions in Paragraph 55 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

56.

The assertions in Paragraph 56 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

57.

In response to Paragraph 57 of the Complaint, St. Paul repeats, reiterates, and realleges each and every answer as set forth above.

58.

The assertions in Paragraph 58 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

59.

Paragraph 59 contains no factual allegations against St. Paul, and therefore, requires no response from St. Paul.   To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

60.

The assertions in Paragraph 60 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

61.

The assertions in Paragraph 61 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

62.

The assertions in Paragraph 62 constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

63.

In response to Paragraph 63 of the Complaint, St. Paul repeats, reiterates, and realleges each and every answer as set forth above.

64.

The assertions in Paragraph 64 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

65.

The assertions in Paragraph 65 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

66.

The assertions in Paragraph 66 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

67.

In response to Paragraph 67 of the Complaint, St. Paul repeats, reiterates, and realleges each and every answer as set forth above.

68.

The assertions in Paragraph 68 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

69.

The assertions in Paragraph 69 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

70.

The assertions in Paragraph 70 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

71.

In response to Paragraph 71 of the Complaint, St. Paul repeats, reiterates, and realleges each and every answer as set forth above.

72.

The assertions in Paragraph 72 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

73.

The assertions in Paragraph 73 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

74.

The assertions in Paragraph 74 constitute a legal conclusion to which no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph to the extent they are directed at St. Paul, and denies the assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein to the extent they are directed at other defendants.

75.

Paragraph 75 contains no factual allegations against St. Paul, but only cites certain Louisiana statutes relied upon by Plaintiffs. Consequently, no response from St. Paul is required. To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph.

76.

Paragraph 76 contains no factual allegations directed at St. Paul, but only a request for jury trial. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph.

77.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief. Consequently, this paragraph requires no response from St. Paul. To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW**, in further answer to the Complaint, St. Paul asserts the following defenses:

<u>**FIRST DEFENSE**</u>

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

<u>**SECOND DEFENSE**</u>

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

To the extent any alleged insured of St. Paul has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Sewerage and Water Board of New Orleans in its Answer (and/or any supplement thereto) to the Plaintiffs' Complaint to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## FIFTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners of the Orleans Levee District in its Answer (and/or any supplement thereto) to the Plaintiffs' Complaint to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## SIXTH DEFENSE

St. Paul did not insure the Sewerage and Water Board of New Orleans at the time of the events alleged in the Complaint.  Therefore, St. Paul has no liability for any liability owed by the Sewerage and Water Board of New Orleans.

## SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by any alleged policy of liability insurance issued by St. Paul in favor of the Sewerage and Water Board of New Orleans (the "Alleged Policy") and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Alleged Policy.

## EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Alleged Policy.

## NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was not caused by an "event" within the meaning of the Alleged Policy.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint does not constitute damages for "property damage" within the meaning of the Alleged Policy.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Alleged Policy is legally obligated to pay as damages for covered property damage that happened while the Alleged Policy was in effect and that was caused by an event.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any exclusion in the Alleged Policy concerning expected or intended bodily injury or property damage.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any exclusion in the Alleged Policy concerning impaired property.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any work-product exclusion(s) in the Alleged Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any exclusion in the Alleged Policy concerning pollution injury or damage.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any exclusion in the Alleged Policy concerning pollution work loss, cost or expense.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by any exclusion in the Alleged Policy concerning mold or other fungi.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint arose out of a known loss, a known risk or otherwise arose out of non-fortuitous events.

**NINETEENTH DEFENSE**

Any liability by St. Paul under the Alleged Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

**TWENTIETH DEFENSE**

Any liability by St. Paul under the Alleged Policy is subject to any other insurance the alleged insured may have.

**TWENTY-FIRST DEFENSE**

Any liability St. Paul may have under any Alleged Policy is subject to any and all deductibles and self-insured retentions applicable to a claim.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the alleged insured had no control and for which St. Paul and the alleged insured are not responsible and may not be held liable.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Complaint.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Alleged Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained or increased the hazard thereof.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for declaratory and/or injunctive relief.

## THIRTIETH

If and to the extent St. Paul has any liability under the Alleged Policy, such liability should be excluded or reduced to the extent that the alleged insured has other insurance applicable to the claims in the Complaint.

## THIRTY-FIRST DEFENSE

If and to the extent St. Paul has any liability under the Alleged Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Alleged Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Alleged Policy.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the alleged insured failed to comply with all of its duties and obligations under the Alleged Policy, including but not limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Alleged Policy might apply.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the alleged insured failed to meet all of the conditions precedent under the Alleged Policies.

## THIRTY-FOURTH DEFENSE

The Complaint fails to state a cause of action against St. Paul for attorney's fees.

25

## THIRTY-FIFTH DEFENSE

The Complaint is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Alleged Policy, or the applicable law, St. Paul has in response to the Complaint.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

JOSEPH P. GUICHET, T.A., Bar #24441
RALPH S. HUBBARD III, Bar #7040
APRIL R. ROBERTS, Bar #30821
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been forwarded to all counsel of record via U.S. mail, postage prepaid, this 21st day of November, 2006.

*April R. Roberts*