FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 21 PM 4: 36

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § <br> _____ § <br> <br> PERTIANS TO: § <br> ST. RITA: (Kenney), Case No.06-7355 § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Third Party Plaintiffs Salvador A. Mangano, Mabel B. Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter collectively referred to as "St. Rita") submit this memorandum in opposition to the Lake Borgne Basin Levee District's ("LBBLD") motion to dismiss St. Rita's third party demand for contribution and/or indemnity. The LBBLD's principal argument is that Louisiana law does not recognize traditional tort concepts such as contribution and/or indemnity. This position is incorrect.

### BACKGROUND

This suit arises out of a cause of action filed by plaintiffs, Jeffery M. Kenney and Rachel K. Kenney, wherein the plaintiffs seek to recover for the death of Gladys

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

LeBlanc, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina.

On or about October 25, 2005, plaintiffs filed suit against Buffman Inc. d/b/a St. Rita's Nursing Home. Plaintiffs' action was originally filed in the 34th Judicial District for the Parish of St. Bernard. As a result of plaintiffs' allegations, defendant filed a third party demand against various federal and state entities and officials, including Lake Borgne Levee District.

Within the Third Party Demand, St. Rita's alleges that the LBBLD failed to discharge its statutorily mandated responsibilities as set forth in L.R.S. 38:325 and L.R.S. 38:301(B); in particular, flood control and maintenance of levees, such that the failure by LBBLD caused and/or contributed to the damages alleged by the plaintiffs and for which St. Rita's deny liability. Therefore, Pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to third party plaintiffs by way of indemnity or contribution in tort should third party plaintiffs be cast in judgment herein.

## ARGUMENT

The standard governing Rule 12(b)(6) motions to dismiss for failure to state a claim is well established in the Fifth Circuit. As the Court noted in *Piotrowski v. City of Houston*, dismissal under Rule 12(b)(6) is warranted <u>only</u> in those rare circumstances in which the movant can prove no set of facts in support of his claim that would entitle him to relief. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (citation omitted); this "liberal standard", *Fernandez-Montes Allied Pilots Ass'n*, 987 F.2d 278, (5th Cir. 1993), is exceedingly difficult to meet. First, the movant bears the burden of

2

showing that the criteria for Rule 12(b)(6) dismissal are satisfied. *First Nat'l Bank v. Lustig,* 809 F.Supp. 444, 446 (E.D. La. 1992) (citation omitted). Second, the district court reviewing the motion is obliged to take the factual allegations of the complaint as true and resolve in the non-movant's favor any ambiguities or doubts regarding the sufficiency of the claim. *Fernandez-Montes,* 987 F.2d at 284 (citing *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C. Dir. 1985) (citations omitted); *see also Castano v. American Tobacco Co.,* 870 F.Supp. 1425, 1430 (5th Cir. 1994) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)). Finally, the Court must bear in mind that Rule 12(b)(6) is designed to test the sufficiency of the complaint; it is not intended to resolve the dispute on the merits. *First Nat'l Bank,* 809 F.Supp. at 446 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). As the Supreme Court explained in its seminal 1957 decision in *Conley v. Gibson,* dismissal under Rule 12(b)(6) is inappropriate unless it appears "**beyond doubt**" that the plaintiff (or, in this case, defendant/third party plaintiff) has failed to state a claim upon which relief may be granted. *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L.Ed. 2d 80, 84, 78 S.Ct. 99 (1957) (emphasis added). Third Party Defendant LBBLD has completely failed to meet this exacting standard, and its motion to dismiss must therefore be denied.

Because dismissal under Rule 12(b)(6) is such a drastic remedy, courts are admonished to grant leave to amend the offending complaint as an alternative to outright dismissal under Rule 12(b)(6). *Fernandez-Montes,* 987 F.2d at 285 (citing *Conley,* 355 U.S. at 45-46, 2 L.Ed.2d at 84). Should this Court find that Third Party Plaintiff St. Rita's has failed to state a claim upon which relief may be granted, then St.

3

Rita's respectfully requests the Court to grant it leave to amend its Third Party Demand against the LBBLD.

Third Party Defendant LBBLD concentrates its motion to dismiss upon the abolishment of solidary liability amongst tortfeasors by the 1996 legislative amendments to Louisiana Civil Code Arts. 2323, 2324. However, Third Party Defendant LBBLD fails to appropriately address Third Party Plaintiffs' Demand seeks contribution and/or indemnity in the event they are cast in judgment to the plaintiffs.

The Louisiana supreme court rendered what is considered to be a seminal decision regarding the 1996 legislative amendments to La. Civ. Code. Arts. 2323, 2324 in the matter of *Dumas v. State of La. through Dept. Culture, Recreation and Tourism*, 828 So.2d 530 (La. 2002).

The *Dumas* Court explained that the legislative amendments to Articles 2323 and 2324(B) operated "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system." *Dumas*, 828 So.2d 530, 535 (La. 2002). Observing the amendments "effected a total shift in tort policy," the *Dumas* Court stated before the 1996 amendments, tort "policy was to ensure that innocent victims received full compensation for injuries, . . . [the policy now] is that each tortfeasor pays only for the portion of the damage he caused, and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that person." *Dumas*, 828 So.2d at 538(La. 2002). Despite the Court's statement that "[w]ith the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity." *Id.* "the *Dumas* court did not hold that Louisiana had entirely eliminated tort indemnity and

4

contribution." *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 at *2 (E.D. La. 2005); *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483 at *8 (E.D. La. 2004) (noting "one of its sister courts has held that the comparative fault principles in La. Civ. Code Arts. 2323 and 2324 do not alone warrant the dismissal of a claim for tort indemnity); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *2 (E.D. La. 2004) (stating "this Court had a complete understanding of the law" concerning La. Civ. Code Arts. 2323, 2324 and stating "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution."); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (stating "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared").

This Honorable Court has had multiple occasions to consider the *Dumas* opinion, in particular the *Dumas* Court's holding as to the existence of the right to contribution and/or indemnity after the 1996 legislative amendments to the Civil Code. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 (E.D. La. 2005); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 (E.D. La. 2004); *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483 (E.D. La. 2004); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 (E.D. La. 2003). In each and every decision, cited *supra*, this Court has steadfastly stated the *Dumas* Court "did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared." *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003).

Indemnity "is based on the concept of unjust enrichment, the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness." *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) citing *Mayo v. Benson Chevrolet Co., Inc.*, 97-1121 (La. Ct. App. 5th Cir. 1998) 717 So.2d 1247, 1248, citing *Lebleu v. Southern Silica of Louisiana*, 554 So.2d 852 (La. Ct. App. 3d Cir. 1989). Given that the right to indemnity remains, St. Rita's claim for indemnity from LBBLD is wholly viable. The liability of St. Rita's to any of the plaintiffs is specifically denied. However, should St. Rita's be found liable for any damages of injuries suffered by the plaintiffs, St. Rita's is justified in seeking indemnification from the LBBLD since St. Rita's liability was brought about by the omissions of the LBBLD.

## CONCLUSION

Because the LBBLD has not carried its burden of showing that St. Rita's has failed to state a claim upon which relief may be granted, St. Rita's respectfully requests the Court to deny the LBBLD's motion to dismiss St. Rita's third party demand.

Respectfully submitted, this 21st day of November, 2006.

                    EMMETT, COBB, WAITS & HENNING

BY: _____
          JAMES A. COBB, JR. (4213)
          SUSAN E. HENNING (6793)
          JOHN F. EMMETT (1861)
          LOUIS G. SPENCER (26520)
          JASON R. KENNEY (29933)
          1515 Poydras Street, Suite 1950
          New Orleans, Louisiana 70112
          Telephone: 504-581-1301
          Facsimile: 504-581-6020

          WYNNE, GOUX & LOBELLO
          Jeremy Goux, Esq. (25065)
          417 N. Theard Street
          Covington, Louisiana 70433
          Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 21st day of November, 2006.

_____