U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 22   PM 4: 04

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| MRGO, *Reed*, No. 06-2152 | § | |
| MRGO, *Ackerson*, No. 06-4066 | § | |
| | § | |
| _____ | § | |

**MEMORANDUM SUBMITTED BY *REED* AND *ACKERSON*
PLAINTIFFS IN OPPOSITION TO (1)  THE RULE 12(b)(6) MOTION TO
DISMISS AND/OR RULE 56 MOTION FOR SUMMARY JUDGMENT ON
THE AFFIRMATIVE DEFENSE OF PEREMPTION TO DISMISS MRGO
PLAINTIFFS' COMPLAINTS AGAINST BEAN DREDGING LLC,
STUYVESANT DREDGING CORP. and BEAN STUYVESANT LLC AND
(2) THE  DREDGING  DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT TO LA. R.S. 9:2772 AND FED.R.CIV.P. 12(c)**

MAY IT PLEASE THE COURT:

NOW COME Phillip Reed, on behalf of himself and all others similarly situated, who

is the plaintiff in Civil Action No. 06-2152, and Fellosea Ackerson, et al., who are all the

plaintiffs in Civil Action No. 06-4066 (collectively "Plaintiffs"), and respectfully submit this

memorandum in opposition to (1)  the Rule 12(b)(6) Motion to Dismiss and/or Rule 56

Motion for Summary Judgment on the Affirmative Defense of  Peremption to Dismiss

___ Fee_____
___ Process_____
_X_ Dktd_____
_ı/_ CtRmDep_____
___ Doc. No_____

MRGO Plaintiffs' Complaints Against Bean Dredging LLC, Stuyvesant Dredging Corp. and Bean Stuyvesant LLC and (2) the Dredging Defendants' Motion for the Judgment on the Pleadings Pursuant to La. R.S. 9:2772 and Fed.R.Civ.P. 12(c) filed by defendants, Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its own behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff and Gravel Company; and King Fisher Marine Service, L.P. (all collectively the "Dredging Defendants").

## I.  INTRODUCTION.

Obviously aware that this case is controlled by maritime law, which has no prescriptive or peremptive periods, the Dredging Defendants ask this Court to disregard the principle of "uniformity," which has guided the development of maritime law over centuries, and apply to Plaintiffs' claims against them a Louisiana peremptive statute, La. R.S. 9:2772, that directly conflicts with the doctrine of laches and prescription statues enacted by Congress.  For the reasons outlined below, the Court should decline the invitation.

## II. <u>ARGUMENT</u>.

**A.**   <u>Standard applicable to Rule 12(c) motions</u>.

Federal courts have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings. Federal Judges are unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. Wright & Miller, *Federal Practice Procedure, Civil 3d* § 1368. As it is for a motion under Rule 12(b)(6), for purposes of a Rule 12(c) all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. *In re: Complaint of Dann Marine Towing, L.C.*, 2004 WL 744881 (E.D. La. 2004); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F. 3d 887 (5th cir. 1998) (parties had not conducted discovery); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002).

**B.**   <u>The "maritime but local" doctrine does not allow application of peremptive statutes that contravene established principles under maritime law</u>.

The substantive maritime law of the United Sates is federal law, except in limited circumstances when the "maritime but local" doctrine applies. *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717 (5th Cir. 1996) .

In *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 216 (1917), the Supreme Court made it clear that "there a limits to the extent a state could affect the general maritime law, and that

the State violates Articles II, § 2 and I, § 8 of the Constitution if it contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations."

The "maritime but local" doctrine is an exception to the *Jensen* rule that developed as courts tried to find state remedies that were not available to maritime workers injured on the water edge. *See generally*, *Peter v. Hess Oil Virgin Islands Corp.*, 903 F.2d 935 (3d Cir. 1990). This was made clear in *Director, OWCP v. Perini North River Ass.*, 459 U.S. 297 (1983), when the Supreme Court, quoting *Grant Smith-Porter Ship Co. v. Rohde*, 257 U.S. 469 (1922), said:

> If the employment of an injured worker was determined to have no "direct relation" to the navigation or commerce, and "the application of local law [would] not materially affect" the uniformity of maritime law, then the employment would be characterized as "maritime but local" and the State would provide a compensation remedy.

Thus, while state law may in some circumstances be applied in maritime cases, as when the maritime law is incomplete, it may not be applied (1) if it would defeat or narrow any substantial admiralty rights of recovery; (2) if the state law prejudices the characteristic features of maritime law or disrupts the harmony it strives to achieve; or (3) if the state law is in direct contradiction with the uniformity of admiralty law in some crucial respect. *American Dredging Company v. Miller*, 510 U.S. 443, 447 (1994); *Yamaha Motor*

*Corporation v. Calhoun*, 516 U.S. 199, 207 (1996); *World Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 723 (5th Cir. 1996); *Coast Fuels Marketing, Inc. v. Florida Express Shipping Co., Inc.*, 207 F.3d 1247 (11th Cir. 2000) (and cases cited therein); *St. Hilaire Moye v. Henderson*, 496 F.2d 973 (8th Cir. 1974); *Kalmbach, Inc. v. The Insurance Company of the State of Pennsylvania*, 422 F. Supp. 44 (D. Alaska 1976).

Mindful of this rule, the Fifth Circuit and other courts have refused to apply Louisiana's prescription statutes because they conflict with the maritime doctrine of laches. *Marathon Pipe Line Company v. Drilling Rig Rowan/Odesa*, 761 F.2d 229 (5th Cir. 1985); *Barrois v. Nelda Faye, Inc.*, 597 F.2d 881 (5th Cir. 1979); *Ramos v. Continental Insurance Company* (1st Cir. 1974) (refusing to apply a one-year Puerto Rico prescriptive period which is similar to Louisiana's); *Davis v. Newpark Shipbuilding & Repair, Inc.*, 659 F. Supp. 155 (E.D. Tx. 1987); *In re: Complaint of Clearsky Shipping Corp.*, 1998 WL 560347 (E.D. La. 1998).[1]

Against this back-drop the Dredging Defendants now ask this Court to apply La.R.S. 9:2772 — — a peremptive statute that would <u>completely</u> <u>eliminate</u> any claim based on dredging work they performed more than five years prior to August 29, 2005. As we shall discuss, this is not permitted.

---

[1] These cases also prevent application of La. R.S. 9:5624, a prescriptive statute, which the Dredging Defendants argued for in a different motion. In their opposition to that motion Plaintiffs incorporated this discussion by reference.

**C.**     <u>La. R.S. 9:2772 is in direct conflict with the doctrine of laches and prescription</u>
<u>statutes enacted by Congress.</u>

The maritime doctrine of laches has been described as follows:

> "Laches is much more than time. It is time plus prejudicial
> harm, and the harm is not merely that one loses what he
> otherwise would have kept, but the delay has subjected him to a
> disadvantage in asserting and establishing his claim right or
> defense." *Point Landing, Inc. v. Alabama Dry Dock &*
> *Shipbuilding Co.*, 261 F.2d 861, 865 (5th Cir. 1958).

Thus, "[t]he inquiry on laches partakes on two parts — (1) the excuse for the delay

and (2) prejudice to the pursued." *Fidelity & Casualty Company of New York v. C/B Mr.*

*Kim*, 345 F.2d 45 (5th Cir. 1965) (refusing to apply Louisiana's one-year prescriptive statute

to an insurer's maritime subrogation claim because laches applied); *McDaniel v. Gulf and*

*South American Steamship Co.*, 228 F.2d 189 (5th Cir. 1955); *Nealy v. Flour Drilling*

*Services, Inc.*, 524 F. Supp. 789 (W.D.La. 1981); *Johnson v. Mansfield Hardwood Lumber*

*Company*, 159 F. Supp. 104 (W.D. La. 1958).

In contrast to the analysis required by the doctrine of laches, the peremptive period of

La. R.S. 9:2772 2/ automatically completely eliminates the claim after five years —— it does

not permit the Court to make the inquiry and evaluation of prejudice required by the doctrine

of laches.

---

2 As well as the prescriptive period of La. R.S. 9:5624.

In *Barrois v. Nelda Faye, Inc.*, 597 F.2d 881, 884 (5ᵗʰ Cir. 1980), the Fifth Circuit stated that "laches is not, like limitation, a mere matter of time; but it is principally a question of the (equity or ) inequity of permitting the claim to be enforced." (quoting *Holmberg v. Armbrecht*, 327 U.S. 392 (1946). Disregarding this decision, in our case the Dredging Defendants seek to apply a rule which "like limitation, [is] a mere matter of time." This attempt is in direct contradiction with the doctrine of laches and the Fifth Circuit's decision.

Furthermore, while 46 U.S.C. app. § 763a gives Plaintiffs three years from "the date the cause of action occurred" to pursue their claims for personal injuries (which are alleged in Plaintiffs' Complaints), La. R.S. 9:2722 would <u>prevent</u> Plaintiffs from asserting those claims even though three years have not passed after they suffered their injuries. Clearly La. R.S. 9:2772 contravenes the specific statutes passed by Congress establishing deadlines for personal injuries.

Similarly, La. R.S. 9:2772 would prevent Plaintiffs' claims against the Government even though the suits in Admiralty Act states that "[s]uits... may be brought only within two years after the cause of action arises..." 46 U.S.C. app. § 745.

In sum, application of La. R.S. 9:2772 to maritime cases would "contravene [ ] the essential purpose expressed by an act of Congress [, would] work [ ] material prejudice to the characteristic features of the general maritime law [and would] interfere with the proper harmony and uniformity of [the maritime] law." *Southern Pacific v. Jensen*, 244 U.S. at 216.

The Court should not allow its application.

**D.      La. R.S. 9:2772 does not apply to a navigable channel.**

In order to bring the MRGO within the ambit of La. R.S. 9:2772, the Dredging

Defendants argue that "the MRGO is an improvement to immovable property." They go on

to argue that the MRGO, a navigable channel full of water, "fits comfortably" with the

definition of "immovables" provided by La. C.C. art 462, which states that "[t]racts of land,

with their component parts, are immovables." This is quite a stretch. None of the cases cited

by the Dredging Defendants support such finding. *Atkins v. Parish of Jefferson*, 591 So.2d

800 (La. App. 5th Cir. 1991) (levee and drainage culverts); *Ewin v. State of Louisiana*, 757

So.2d 843 (3d Cir. 2000) (drainage ditch); *Exxon Corp. v. Foster Wheeler Corp.*, 805 So.2d

432 (La. App. 1st Cir. 2001) (extensive list does not include navigable channel).

*Canty v. Terrebonne Parish Police Jury*, 397 So.2d 1370 (La. App. 1st Cir. 1981), the

closest case the Dredging Defendants have been able cite, involved only a drainage ditch.

There, the Court only said that "[t]he immovable drainage ditch called Bayou Sale is

certainly a 'thing'…" The Court did not say it was an immovable within the meaning of La.

R.S. 9:2772. In fact the case did not even involve that statute.

The Dredging Defendants then argue that the Plaintiffs' "complaint is with the MRGO

itself, not the performance of any particular dredging operation." They also argue that

"Plaintiffs do not claim that their damages were caused by any dredging project

performed in the last five years." This is not true. Plaintiffs have alleged that the Dredging

Defendants <u>negligently</u> performed <u>maintenance</u> <u>dredging</u> of the MRGO even up to the year

2005. *Reed* Complaint ¶ ¶ 4, 13, 16, 17, 18; *Ackerson* Complaint ¶ ¶ 4, 13, 16, 17, 18.

La. R.S. 9:2772 applies to "<u>construction</u> of immovables." Even if the MRGO is an

immovable, the Dredging Defendants are alleged to have performed <u>maintenance</u> dredging,

not <u>construction</u> dredging. Reed Complaint ¶ 17; Ackerson Complaint ¶ 17. Plaintiffs have

not yet determined which dredging companies where involved in the construction of the

MRGO other than the Government.

Finally, La. R.S. 9:2772 also applies to "improvement to immovable property." The

Dredging Defendants have not cited any case holding that an "improvement <u>to</u> immovable

property" includes a navigable channel. In fact, "improvement to immovable property"

means a building or structure on the land. *See, Moll v. Brown & Root, Inc.*, 218 F.3d 472 (5th

Cir. 2000).

Simply put, La. R.S. 9:2772 does not apply to the MRGO. It would be a great error to

disregard the uniformity of maritime law in favor of a statute that is not even applicable.

**E.**   **The alternative motion for summary judgment should be denied.**

The Dredging Defendants previously notified the Court and all counsel that they did

not intend to file any motions that required discovery. As a result, the Court's order

prohibiting discovery has remained in place and no one has conducted any discovery. No

motion for summary judgment can be filed and Plaintiffs cannot respond to one.

### III. CONCLUSION.

For all the reasons set forth above, the Dredging Defendants' motions should be denied.

Respectfully Submitted:

Camilo K. Salas III (Louisiana Bar No. 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: 504-799-3080
Fax: 504-799-3085
E-Mail: csalas@salaslaw.com

_____
CAMILO K. SALAS III
Attorneys for Phillip Reed, on behalf of himself
and all others similarly situated in *Reed,*
No. 06-2152

And

A. J. Rebennack (Louisiana Bar No. 18677)
2202 Avenue B
Metairie, Louisiana 70001
Telephone: 504-792-0512
Fax: 504-831-1203
E-Mail: rebennacks@cox.net
Attorney for all the plaintiffs in *Ackerson,*
No. 06-4066

10

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of November, 2006 served a copy of the foregoing pleading on all parties to this proceeding via facsimile, e-mail and/or U. S. Mail.

_____
CAMILO K. SALAS III