FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 22  PM 4:05

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | |

**MEMORANDUM SUBMITTED BY *REED* AND *ACKERSON*
PLAINTIFFS IN OPPOSITION TO THE DREDGING DEFENDANTS'
MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(1) and 12(c)**

MAY IT PLEASE THE COURT:

NOW COME Phillip Reed, on behalf of himself and all others similarly situated, who is the plaintiff in Civil Action No. 06-2152, and Fellosea Ackerson, et al., who are all the plaintiffs in Civil Action No. 06-4066 (collectively "Plaintiffs"), and respectfully submit this memorandum in opposition to the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(c) filed by defendants, Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No_____

Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its own behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff and Gravel Company; and King Fisher Marine Service, L.P. (all collectively the "Dredging Defendants").

## I.  ARGUMENT.

**A.      The Government is not immune from suit.**

The Dredging Defendants have presented a "short-version" of the arguments made by the Government in *Robinson*, Case No. 06-2268. The issue of the Government's immunity has been fully briefed by the Government and the *Robinson* plaintiffs. Therefore, Plaintiffs simply adopt by reference all the pleadings and exhibits filed by the *Robinson* plaintiffs in these consolidated cases. Plaintiffs respectfully submit that those pleadings make it abundantly clear that the Government is not entitled to immunity.

B. <u>**The Dredging Defendants do not share the Government's immunity**</u>.

The Dredging Defendants argue first that they share "the protection of the Government's sovereign immunity." However, the Government waived its sovereign immunity and has consented to be sued in the Public Vessels Act, 46 U.S.C. app. § 781 and in the suits in Admiralty Act, 46 U.S.C. §§ 741-52.

The Dredging Defendants also argue that the Flood Control Act, 33 U.S.C. § 702c provides them immunity. Not so. The Act does not provide immunity to anyone for maritime activities. *Graci v. United States*, 456 F.2d 20 (5th Cir. 1971). Even if it does, by its own language it covers only the Government. 33 U.S.C. § 702c.

The Dredging Defendants also argue that Plaintiffs' claims are barred by discretionary function exception. This is not true, as demonstrated in the briefs filed in *Robinson*. Moreover, this exception applies only to the Government.

Finally the Dredging Defendants argue they are "immune in their own right" as Government contractors. This is not correct.

First, Plaintiffs have not alleged "that the Government approved reasonably precise specifications with which the Dredging Defendants conformed," as alleged at p. 17 of the Dredging Defendants' memorandum. The Dredging Defendants may want to prove that at trial, but it is not established by the pleadings.

Second, Plaintiffs have not alleged the "Government knew of the potential harmful effects of the MRGO" — — certainly not in ¶ 9 of the Complaints, as claimed by the Dredging Defendants at p. 17 of their memorandum.

Third, in order to avail themselves of the "Government contractor" defense, the Dredging Defendants must prove that they <u>warned</u> the Government of the potential harm and the Government ordered them to proceed anyway. *Kerstetter v. Pacific Scientific Company*, 210 F.3d 431 (5th Cir. 2000).

Therefore, the Dredging Defendants have not demonstrated they are entitled to judgment on the pleadings. All these issues will have to be tried.

## II. <u>CONCLUSION</u>.

For all the reasons set forth above, the Dredging Defendants' motions should be denied.

Respectfully Submitted:

Camilo K. Salas III (Louisiana Bar No. 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: 504-799-3080
Fax: 504-799-3085
E-Mail: csalas@salaslaw.com

_____
CAMILO K. SALAS III
Attorneys for Phillip Reed, on behalf of himself and all others similarly situated in *Reed*, No. 06-2152

And

A. J. Rebennack (Louisiana Bar No. 18677)
2202 Avenue B
Metairie, Louisiana 70001
Telephone: 504-792-0512
Fax: 504-831-1203
E-Mail: rebennacks@cox.net
Attorney for all the plaintiffs in *Ackerson,*
No. 06-4066

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 22nd day of November, 2006 served a copy of the foregoing pleading on all parties to this proceeding via facsimile, e-mail and/or U. S. Mail.

_____
CAMILO K. SALAS III