UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO.: 05-4182 "K"(2) |
| | * | |
| PERTAINS TO: | * | JUDGE: DUVAL |
| | * | |
| INSURANCE: *Aaron*, 06-4746 | * | MAGISTRATE: WILKINSON |
| | * | |
| | * | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ~~OR MOTION FOR MORE
DEFINITE STATEMENT~~ AND MOTION TO SEVER**

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................... 4

I.     Plaintiffs' Breach Of Insurance Contract Claims Must Be Dismissed Because They Fail To Identify Any Provision Of The Policy That Was Allegedly Breached. ........................................................ 4

II.    Plaintiffs Fail To Meet The Minimum Requirements Of Pleading Fraud – Namely, The Who, What, When, Where, and How Of The Fraud Allegation. ........................................................................................ 5

III.   Plaintiffs' Ancillary Claims Under La. R.S. 22:658, 22:658.2, And 22:1220 Also Fail Since Plaintiffs' Breach Of Contract Claims Fail. .............................................................................................................. 7

IV.   Generic Allegations That Scottsdale "Violated State And Federal Laws Pertaining To Unfair Trade Practices" Do Not State A Claim Under Rule 12(b)(6).................................................................................. 9

V.    Rule 20(a)'s Requirements For Permissive Joinder Of Plaintiffs Cannot Be Satisfied............................................................................... 10

    1.   Plaintiffs' Multiple Individual Claims Arise From Different Transactions And Occurrences, Involve Different Properties And Different Proofs. ............................................. 11

    2.   There Are No Common Issues Of Law Or Fact. ...................... 14

    3.   Even If Permissive Joinder Were Possible Under Rule 20, Severance Under Rule 21 Would Still Be Mandated Because A Single Trial Of Plaintiffs' Multiple Individual Claims Would Be Unwieldy And Prejudice Each Defendant's Right To A Fair Trial................................................. 16

CONCLUSION.............................................................................................................. 19

72152

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

## <u>CASES</u>

*Allied Elevator, Inc. v. East Texas State Bank*, 965 F. 2d 34 (5th Cir. 1992) ...............................16

*Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662 (5th Cir. 2004).......................................................................................................................5

*Ansolve v. State Farm Mut. Auto Ins. Co.*, 737 So. 2d 948 (La. App. 4th Cir. 1991) ........................................................................................................................8

*Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) ........................................11, 17

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161 (5th Cir. 1999) ................................................10

*Bergeron v. Pan Am Assur. Co.*, 731 So.2d 1037 (La. Ct. App. 1999) ............................................4

*Bradley v. Nationwide Mut. Ins. Co.*, No. 1:06 CV 528, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006) ............................................................................................11

*Brunet v. United Gas Pipeline Co.*, 15 F. 3d 500 (5th Cir. 1994) ............................................11, 16

*Buente v. Scottsdale Ins. Co.*, 422 F. Supp. 2d 690 (S.D. Miss. 2006)...........................................12

*Clausen v. Fidelity and Dep. Co. of Maryland*, 660 So. 2d 83 (La. App. 1st Cir. 1995) .....................................................................................................................7-8, 9

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).........................................................14

*Comer, et al. v. Nationwide Mut. Ins. Co., et al.*, No. 1:05 CV 436, 2006 WL 1066645 (S. D. Miss. Feb. 23, 2006)...........................................................................1, 12

*Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28 (S.D. Miss. 1994)............................... 11, 12-13, 18

*Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165 (E.D. La. Aug. 30, 2006) ...................................................................................13

*Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 1293 (E.D. La. Jan. 27, 2005)...................................................................................................10

*Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994) .....................................................17

*Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390 (S.D. W.Va. 2004) ......................................................................................................................13

72152

*Henderson v. AT&T Corp.*, 918 F. Supp. 1059 (S.D. Tex. 1996) ................................................17

*In re Consol. Parlodel Litig.*, 182 F.R.D. 441 (D.N.J. 1998) ...........................................17

*In re Merrill Lynch & Co., Inc. Research Reports Securities Litig.*, 214 F.R.D. 152 (S.D.N.Y. 2003)...........................................................................................................18

*Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547 (W.D. Wis. 1999) ...............................13

*Juneau v. Ducote,* No. 9409789, 2005 WL 2648861 (W.D. La. Oct. 17, 2005) ...........................14

*Klein v. Am. Life & Cas. Co.*, 858 So. 2d 527 (La. App. 1st Cir. 2003) .........................................9

*Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002), *cert. denied,* 540 U.S. 812 (2003) ........................................................................................................................4, 5, 8

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996)...............................7

*Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126 (M.D. Ala. Mar. 29, 1996).......................................................................................................................14

*McFarland v. State Farm Fire & Cas. Co.*, No. 1:06 CV 466, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006) ...........................................................................................11

*McIntosh v. Southwestern Bell*, 168 B.R. 187 (E.D. Ark. 1994) .................................16

*Moorhouse v. Boeing Co.*, 501 F. Supp. 390 (D.C. Pa. 1980), *aff'd per curiam,* 639 F.2d 774 (3d Cir. 1980).......................................................................................19

*Movie Sys., Inc. v. Abel*, 99 F.R.D. 129 (D. Minn. 1983).........................................16, 17

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358 (D. Del. 1983).......................................................................16

*Pittman v. Purdue Pharma Co.*, No. 3:03cv152BN, 2004 U.S. Dist. LEXIS 9840 (S.D. Miss. Mar. 12, 2004) ........................................................................................17

*Reed v. American Medical Security Group, Inc.*, 324 F. Supp. 2d 798 (S. D. Miss. 2004) .........................................................................................................................13

*Riley v. Transamerica Ins. and Group Premier Ins. Co.*, 923 F. Supp. 882 (E.D. La. 1996).......................................................................................................................7

*Robin v. Allstate Ins.*, 870 So. 2d 402 (La. App. 3rd Cir. 2004).......................................8

72152

*Rodriguez v. Travelers Ins. Co.*, No. 02-2013, 2002 WL 31409452 (E.D. La. Oct. 23, 2002) ................................................................................................9

*Saval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983) ........................................13

*Shelton Pollet, Jr. v. Travelers Prop. Cas. Ins. Co., et. al.*, No. 01-863, 2001 WL 1471724 (E.D. La. Nov. 16, 2001) ................................................18

*Shushany v. Allwaste, Inc.*, 992 F.2d 517 (5th Cir. 1993) ...........................6

*Smith v. Ayres*, 845 F.2d 1360 (5th Cir. 1998). ...........................................6

*Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777 (S.D. Miss. 2003) ................14

*Spiers v. Liberty Mut. Ins. Co.*, No. 06-4493 (E.D. La. Nov. 21, 2006)......................4, 8

*Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).................................................................................................14, 15

*Theriot v. Midland Risk Ins Co.*, 694 So. 2d 184 (La. 1997)........................8, 9

*Times Picayune Publ. Corp. v. Zurich Am. Ins. Co.*, 2004 U.S. Dist. LEXIS 5721 (E.D. La. April 2, 2004) ....................................................................8

*Travelers Indemn. Co. v. Powell Ins. Co.*, No. 9504188, 1996 WL 578030 (E.D. La. Oct. 4, 1996) ..............................................................................9

*Tuchman v. DCS Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994).........................7

*Turpeau v. Fid. Fin. Servs., Inc.*, 936 F. Supp. 975 (N.D. Ga. 1996), *aff'd*, 112 F.3d 1173 (11th Cir. 1997) .....................................................................14

*United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325 (5th Cir. 2003)....................5

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899 (5th Cir. 1997)...............................................................................5-6

*United States v. O'Neil*, 709 F. 2d 361 (5th Cir. 1983) ...............................16

*Vaughn v. Franklin*, 785 So. 2d 79 (La. App. 1st Cir. 2001)...........................8

*Vaz v. Scottsdale Prop. & Cas. Co.*, No. 1:06 CV 481, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006) .....................................................................10, 11

72152

*Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518 (E.D. La. Mar. 20, 2001) ....................................................................................................................11, 15

*Williams v. WMX Technologies, Inc.*, 112 F.3d 175 (5th Cir. 1997).........................................5-6

## STATUTORY AUTHORITIES

Federal Rule of Civil Procedure 9, *et seq.* ...................................................................................1, 3

Federal Rule of Civil Procedure 12, *et seq.*. .............................................................................1, 3, 5

Federal Rule of Civil Procedure 20, *et seq.* ...............................................................................1,2, 3

Federal Rule of Civil Procedure 21, *et seq.* ....................................................................................2

La. R.S. 22:658, et seq. .............................................................................................................2, 3, 7

La. R.S. 22:1213 ...............................................................................................................................9

La. R.S. 22:1214 ...............................................................................................................................9

La. R.S. 22:1220 ........................................................................................................................2, 3, 7,

72152

Defendants Scottsdale Indemnity Company and Scottsdale Insurance Company (collectively "Scottsdale") submit this Memorandum in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 9(b) or Motion for More Definite Statement pursuant to Rule 12(e) or Motion to Sever pursuant to Rule 20(a).

## INTRODUCTION

In this mass joinder suit, over 1800 unrelated separate plaintiff policyholders ("Plaintiffs") have sued over 100 unrelated insurance companies on their individual property damage claims arising from Hurricane Katrina. Asserting barebones conclusory allegations and a handful of specific information about an individual policyholder's claims, Plaintiffs purport to assert eight causes of action against each insurer on behalf of each Plaintiff. But, Plaintiffs fail to allege the most basic information linking a Plaintiff to a defendant insurer or alleging any factual basis to support a claim. As shown below, Plaintiffs' barebones conclusory allegations cannot withstand scrutiny and do not state a claim. At minimum, Plaintiffs should be ordered to provide a more definite statement.

In addition, Scottsdale's Motion to Sever should be granted because the attempted joinder of over a thousand Plaintiffs with multiple highly-individualized property damage claims against over a hundred different insurance companies is wholly improper under Rule 20(a). As Judge Senter recently noted in confronting a similar mass joinder suit brought in Mississippi arising out of Hurricane Katrina claims "each property owner in Mississippi who had real and personal property damage in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owner sustained from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what

combination of forces caused the damage." *Comer v. Nationwide Mut. Ins. Co., et al.*, No. 1:05 CV 436, 2006 WL 1066645, at *2 (S. D. Miss. Feb. 23, 2006). Judge Senter's reasoning equally applies here. The Complaint here does not provide any facts to form a basis for any type of joint liability. Instead, Plaintiffs only allege claims based on similar theories of liability. (Compl. ¶ 3). There are no facts alleged in the Complaint to suggest that the alleged acts which form the basis of any Plaintiff's claims arise out of the same transactions or occurrences as those acts alleged against any other defendant.[1]  Given that the claims arise from a separate insurance policy with a single defendant, separate adjusting decisions, and separate instances of claims handling, the claims should be dismissed for improper joinder under Rule 20(a). Even if joinder of this mass action was somehow tolerable under Rule 20(a), the prejudice to defendants and significant difficulties in judicial administration requires severance under Rule 21.

## BACKGROUND

Plaintiffs allege that they own property in Louisiana that was insured by Scottsdale and suffered damages as a result of Hurricane Katrina. (Compl. ¶ 3). Plaintiffs claim that they submitted insurance claims to their respective insurer and that Scottsdale "engaged in a bad faith adjusting scheme to deprive insureds of full policy benefits for which they paid...." (Compl. ¶ 17). Based upon these barebones conclusory allegations, Plaintiffs have attempted to assert causes of action for: breach of insurance contract; negligence; violation of La. R.S. 22:658; La. R.S. 22:658.2; La. R.S. 22:1220; failure to tender fair and adequate payment for casualty losses;

---

[1]  Only eight out of 1800 Plaintiffs in this case allegedly have a Scottsdale insurance policy. These Plaintiffs are: Maya/Willie Moten Edwards; Evelyn Frank; Charles and Sherri Jefferson; Sharon M. and Johnny Lewis; Alicia Phelps; Dwayne and Lynesha Bulter Sanders; Althea Phillips; and Danny and Zelda Townsend. (*See* Compl. Intro.). Althea Phillips and Danny and Zelda Townsend also are plaintiffs in *Phillips v. Scottsdale Ins. Co.*, Civil Action No. 06-4663, filed by Plaintiffs' counsel.

72152

bad faith adjusting practices; violation of state and federal laws pertaining to unfair trade practices; and other causes of action to be determined at trial. (Compl. ¶¶ 17 and 25).

The Complaint also alleges fraud and refers to alleged misrepresentations. But, Plaintiffs cite *no* facts to support these bald assertions. (Compl. ¶ 17). Conspicuously absent from the Complaint are any allegations setting forth the alleged "scheme" that Scottsdale engaged in to intentionally deprive insureds of full policy benefits; the identities of the Scottsdale representatives who allegedly engaged in this "bad faith scheme"; the specific nature of the information known to these representatives; what specific representations Scottsdale allegedly made to the Plaintiffs; why those representations were false; when Scottsdale made the representations; or facts establishing that Scottsdale acted with the requisite intent to commit fraud. Plaintiffs' fraud claims cannot survive an inquiry under Rules 12(b)(6) and 9(b) without providing this essential information. Additionally, Plaintiffs ancillary claims against Scottsdale for bad faith damages under La. Rev. Stat. §§ 22:658 and 22:1220 also must be dismissed as a matter of law since Plaintiffs' underlying claims fail to state a cause of action. (Compl. ¶¶ 16, 25).

Further, the Complaint fails because the claims have been improperly joined under Federal Rule of Civil Procedure 20(a). The Complaint names hundreds of individuals as Plaintiffs and involves multiple individual insurance claims submitted to different insurance companies arising from Hurricane Katrina. The Complaint should be dismissed, or alternatively severed, for failure to satisfy the requirements for joinder under Rule 20(a).

72152

## ARGUMENT

**I.     Plaintiffs' Breach Of Insurance Contract Claims Must Be Dismissed Because They Fail To Identify Any Provision Of The Policy That Was Allegedly Breached.**

"To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002), *cert. denied,* 540 U.S. 812 (2003) (affirming dismissal of action pursuant to Fed. R. Civ. P. 12(b)(6) since the plaintiff failed to cite any policy provision that the insurer breached) (quotation omitted, citing *Bergeron v. Pan Am Assur. Co.*, 731 So.2d 1037, 1045 (La. Ct. App. 1999)). *Spiers v. Liberty Mutual Ins. Co.*, No. 06-4493 (E.D. La. Nov. 21, 2006) (finding breach of contract claim insufficient, citing *Louque*). Here, Plaintiffs have failed to allege this most basic requirement. Plaintiffs allege they have "a cause of action for breach of insurance contract" but fail to identify any specific provision of their insurance policies that they claim Scottsdale breached. (Compl. ¶ 25). Instead, at most, Plaintiffs conclusory assert that Scottsdale failed:

> ... [t]o make just and adequate payment on claims made under the policies they have issued constitutes negligence and further violates widely accepted standard throughout the insurance industry....[and] engaged in a bad faith adjusting scheme to deprive its insureds of full policy benefits....

(Compl. ¶¶ 15, 16 and 17). But, Plaintiffs even fail to allege specific details about their own claims. Confronting similarly vague and conclusory allegations alleging that an insurer employed an improper pattern and practice to adjust claims, Judge Feldman held that the allegations failed to state a claim for breach of contract.[2] This allegation is plainly insufficient as it points to no specific provision in the policy that has been breached. Alleged failure to "make

---

[2]     Judge Feldman afforded the plaintiffs ten days to amend their Complaint.

adequate payment" does not per se constitute a breach of the insurer contract.   Likewise, Plaintiffs' allegations fail to state a breach of insurance contract claim here as a matter of law and must be dismissed.   *See Louque*, 314 F.3d at 782.

At minimum, Plaintiffs should be required to amend their Complaint pursuant to Rule 12(e) and provide a more definite statement regarding how Scottsdale allegedly breached the insurance contract in handling Plaintiffs' individual claims.   (Compl. ¶ 30).   Plaintiffs should be required to provide details of any alleged underpayment.

## II.   Plaintiffs Fail To Meet The Minimum Requirements Of Pleading Fraud – <u>Namely, The Who, What, When, Where, and How Of The Fraud Allegation.</u>

Throughout their Complaint, Plaintiffs allude to fraud or misrepresentations. Specifically, Plaintiffs allege "that the use of the below market unit pricing by the defendants herein was intentional, fraudulent and in bad faith." (Compl. ¶ 17).   Plaintiffs also complain that Scottsdale made misrepresentations.   (Compl. ¶ 23).   Plaintiffs' allegations fail to state a claim for fraud or misrepresentations.

To satisfy the Federal Rules' requirement of pleading fraud with particularity, a plaintiff must allege "[a]t a minimum" the "time, place and contents" of the alleged fraud, "as well as the identity of the person" committing the fraud, and "what that person gained thereby." *Williams*, 112 F.3d at 177-79 (quotations and citation omitted); *see also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.,* 115 Fed. Appx. 662, 667 (5th Cir. 2004); *United States ex rel. Doe v. Dow Chem. Co.,* 343 F.3d 325, 328 (5th Cir. 2003) (stating the Federal Rules require fraud to be pled with particularity); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997).   Rule 9(b) "requires that a plaintiff set forth the who, what, when,

where, and how of the alleged fraud." *Thompson*, 125 F.3d at 903 (quotations omitted).  Further, the plaintiff must go the extra step and "explain why the statements were fraudulent." *Williams*, 112 F.3d at 177-78.  Simply put, general allegations of fraud are insufficient.  *Smith v. Ayres*, 845 F.2d 1360, 1364-65 (5th Cir. 1998).

The Fifth Circuit's decision in *Williams* illustrates the application of these rules.  There, plaintiff filed a lengthy complaint, with 62 exhibits, alleging that the defendant falsely created the impression that there was a shortage of landfill space so as to induce the plaintiff into selling its garbage hauling business to the defendant.  *See Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 176-77 (5th Cir. 1997).  Despite the lengthy Complaint and numerous exhibits, the Fifth Circuit found the plaintiff's allegations inadequate because they failed to specify the place or time of many of the misrepresentations or explain why the statements in the prospectus were false.  *Id.* at 180; *accord Shushany v. Allwaste, Inc.*, 992 F.2d 517, 522 (5th Cir. 1993) (dismissing Complaint because plaintiff failed to identify the identity of the actors, the alleged wrongful acts, and why they were improper).

Plaintiffs' allegations here are woefully deficient, even more so than the complaints in *Williams* and *Shushany*.  The Plaintiffs here neither identify an individual Scottsdale representative who made any misrepresentation, omission, or misleading statement to them or any specific alleged misrepresentations.  Nor do Plaintiffs allege that Scottsdale caused them to believe falsities and that they relied on those falsities to their detriment.  Nor do Plaintiffs explain how Scottsdale's adjusting practices are intentional, fraudulent, and in bad faith.  They

6

do not allege that any Scottsdale representative held out a falsity as truth, nor do they allege that any Scottsdale representative withheld important information from them.

Also missing from the Complaint are allegations attempting to show that Scottsdale intended to defraud the Plaintiffs.   The Plaintiffs plead neither "facts that show defendant's motive to commit . . . fraud" nor "identify [ ] circumstances that indicate conscious behavior on the part of the defendant." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068-69 (5th Cir. 1994).   Just as in *Tuchman* and *Lovelace*, there are no allegations to show that the Defendants' statements "were belied by [its] actual knowledge of contradictory facts." *Id.*; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1068 (5th Cir. 1996).  Instead, the Plaintiffs plead only the "rote conclusory allegations" that the court in *Lovelace* expressly rejected as inadequate. 78 F.3d at 1019. (Compl. ¶ 25).

In short, the Plaintiffs who failed to plead *any* of the elements of fraud or specific misrepresentation fail to state a claim.  Accordingly, the Court should dismiss the fraud and misrepresentation allegations.  At the very least, the Court should order the Plaintiffs to provide a more definite statement to satisfy the stringent pleading requirements for fraud and misrepresentations.

**III.   Plaintiffs' Ancillary Claims Under La. R.S. 22:658, 22:658.2, And 22:1220 Also Fail Since Plaintiffs' Breach Of Contract Claims Fail.**

In order to state a claim under La. R.S. 22:658, 22:658.2, or 22:1220, a plaintiff must "first show that he has a 'valid, underlying, substantive claim upon which insurance coverage is based.'" *Riley v. Transamerica Ins. and Group Premier Ins. Co.*, 923 F. Supp. 882, 888 (E.D. La. 1996) (quoting *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La. App. 1Cir.

7

1995)).  Because, as discussed above, Plaintiffs' claims for breach of contract fail as a matter of law, their claims under these statutes, which are contingent upon the breach of insurance contract claim, also must necessarily fail.  *Id.*; *Clausen*, 660 So.2d at 85 (noting that these statutes are to be strictly construed, and "do not stand alone" but only provide a cause of action against an insurer if there is a "valid, underlying, insurance claim."); *see also Times Picayune Publ. Corp. v. Zurich Am. Ins. Co.*, 2004 U.S. Dist. LEXIS 5721 at *7 (E.D. La. April 2, 2004) ("If Zurich has not breached the contract, it ***cannot be held liable*** for bad faith breach of contract . . . or breach of the implied covenant of good faith and fair dealing. . . .") (emphasis added).

In addition, Plaintiffs' claims under the bad faith statutes, including Plaintiffs' claims for "breach of their duty to act reasonably and fairly under La. R.S. 22:1220," should be dismissed because Plaintiffs fail to specifically plead that Scottsdale breached one of the specifically enumerated duties.  Federal and state courts in Louisiana have long recognized that an insurer's extra-contractual liability is limited to claims for violation of one of the duties expressly enumerated in La. R.S. 22:658 or 1220(B). *Theriot v. Midland Risk,* 694 So. 2d 184 (La. 1997); *Louque v. Allstate Ins. Co.,* 314 F.3d at 782; *Spiers v. Liberty Mut. Ins. Co.,* No. 06-4493 (E.D. La. Nov. 21, 2006); *Robin v. Allstate Ins.,* 870 So. 2d 402 (La. App. 3rd Cir. 2004); *Ansolve v. State Farm Mut. Auto Ins. Co.,* 737 So. 2d 948 (La. App. 4th Cir. (1991); *Vaughn v. Franklin,* 785 So. 2d 79 (La. App. 1st Cir. 2001).  Neither statute includes a specific prohibition against use of "below market pricing" or a "duty to act reasonably and fairly."  Plaintiffs have made no other specific allegations that squarely fit within either Section 658 or 1220.  Accordingly, no

8

claim lies under Sections 658 or 1220.  In any event, Plaintiffs should be required to amend their Complaint to specifically allege how the bad faith statutes purportedly were violated.

**IV.    Generic Allegations That Scottsdale "Violated State And Federal Laws Pertaining To Unfair Trade Practices" Do Not State A Claim Under Rule 12(b)(6).**

Plaintiffs' conclusory allege that Scottsdale "violated state and federal laws pertaining to unfair trade practices." (Comp. ¶¶ 16, 25).  But, Plaintiffs cannot state a private cause of action under federal or Louisiana law for breach of any unfair trade practices law.  Numerous Louisiana courts have refused to recognize a private cause of action against an insurer based on allegations of unfair claims settlement practices.  *See Clausen v. Fidelity and Dep. Co. of Maryland*, 660 So. 2d 83, 86 (La. App. 1st Cir. 1995); *Rodriguez v. Travelers Ins. Co.*, No. 02-2013, 2002 WL 31409452 (E.D. La. Oct. 23, 2002) (granting 12(b)(6) motion and dismissing claim for unfair or deceptive acts in the business of insurance); *Travelers Indemn. Co. v. Powell Ins. Co.*, No. 9504188, 1996 WL 578030 (E.D. La. Oct. 4, 1996) (reviewing La. R.S. 22:1213 and 22:1214 and holding no private cause of action for unfair trade practices in insurance industry exists); *Klein v. Am. Life & Cas. Co.*, 858 So. 2d 527, 533 (La. App. 1st Cir. 2003) (holding that plaintiffs failed to state a cause of action for alleged injuries due to unfair trade practices in the insurance business, as no provision in the statutory scheme created a cause of action for violation of unfair trade practices law).  The Louisiana Supreme Court has agreed, expressly noting that "Courts that have considered the issue have generally decided that the enumerated unfair claims settlement practices do not support a private right of action for the benefit of either insureds or third party claimants, absent an expression of legislative will to that effect." *Theriot v. Midland Risk Ins Co.,* 694 So. 2d 184 (La. 1997).  Accordingly, Plaintiffs have not and cannot state a claim for violation of any state unfair trade practices law.

As to Plaintiffs' allegation that Scottsdale violated "federal unfair trade practices law," Plaintiffs cannot simply throw out a vague statement and hope to state a claim. (Compl. ¶¶ 16, 25). While federal notice pleading standards codified by Rule 8(a) are liberal, they do not allow a party to assert a statutory-based claim without identifying the specific statute for that claim. Under Rule 8(a), a complaint is inadequate if it fails to: "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (affirming dismissal of complaint) (citation omitted). Here, Plaintiffs fail to even identify *any claim* under a *specific statute* much less set forth information sufficient to "outline the elements" of a claim. *Id.* As such, Plaintiffs' purported "cause of action" for violation of state and federal laws pertaining to unfair trade practices must be dismissed. *Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 1293 at * 6-7 (E.D. La. Jan. 27, 2005) ("A complaint that gives a 'bare bones' allegation that a wrong occurred and does not plead any of the facts giving rise to the injury does not provide adequate notice.") (citing *Beanal*). If for any reason this Court does not dismiss this cause of action, then at a minimum Plaintiffs should be required to plead a more definite statement under Rule 12(e).

## V.   Rule 20(a)'s Requirements For Permissive Joinder Of Plaintiffs Cannot Be Satisfied.

Considering a similar mass joinder action involving hundreds of unrelated policyholders, Judge Senter held that the claims were improperly joined. *Vaz v. Scottsdale Prop. & Cas. Co.*, No. 1:06 CV 481, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006). Judge Senter noted:

> The Court concludes that the Plaintiffs should be required to file separate complaints. Although there may be some common issues of law and fact, the Court finds that the Plaintiffs have not met the same transaction or occurrence prong of Rule 20(a). In a superficial sense, the hurricane was a common

10

72152

occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home.

Id. at *1.   Likewise, joinder of over 1800 unrelated policyholders' claims against over 100 unrelated insurers is improper.  Rule 20(a) provides in relevant part that:

> (a)    Permissive joinder.   All persons may join in one action as plaintiffs, if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action….

Thus, permissive joinder of Plaintiffs under Rule 20(a) requires two elements:  (1) a right to relief arising from the "same transaction, occurrence, or series of transactions or occurrences," and (2) a question of law or fact common to all Plaintiffs.  *See, e.g., Demboski*, 157 F.R.D. at 29; *Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001).  Neither requirement is met here.

### 1.    Plaintiffs' Multiple Individual Claims Arise From Different Transactions And Occurrences, Involve Different Properties And Different Proofs.

This "mass action" involving multiple individual claims fails to satisfy the first requirement of Rule 20(a)'s requirements for permissive joinder, because Plaintiffs' right to relief (if any) does not arise from the same transaction, occurrence or series of transactions or occurrences.  Plaintiffs' claims, which are based on the terms of their policies and the adjustment of their insurance claims, arise from individualized sets of facts.  The determination of whether each Plaintiff prevails on any of his or her claims is dependent on individualized facts and circumstances surrounding each Plaintiff's loss.  Plaintiffs' properties are located in different communities near New Orleans and the properties experienced different conditions resulting in various degrees of damage.

As the U.S. District Court for the Southern District of Mississippi recently explained in confronting a practically identical situation:  "Each property owner in Mississippi who had real

and personal property damaged in Hurricane Katrina is uniquely situated.  No two property owners will have experienced the same losses.  The nature and extent of the property damage ... will vary greatly in its particulars depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage." *Comer, et al. v. Nationwide Mut. Ins. Co., et al.*, No. 1:05 CV 436, 2006 WL 1066645, at *2 (S. D. Miss. Feb. 23, 2006); *see also Vaz v. Scottsdale Prop. & Cas. Co.*, No. 1:06 CV 481, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006); *Bradley v. Nationwide Mut. Ins. Co.*, No. 1:06 CV 528, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006); *McFarland v. State Farm Fire & Cas. Co.*, No. 1:06 CV 466, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006).  In each of the *Vaz, Bradley,* and *McFarland* decisions, the court recognized that "[i]n a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home." *Vaz*, 2006 WL 2583733, at * 1; *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1.  The nature, extent and cause of damage at each plaintiff's property is a factual question requiring specific evidence pertaining to wind speeds, timing of the forces, possible eyewitness accounts, and expert analysis of available data with regard to each individual property.  *Cf. Buente v. Scottsdale Ins. Co.*, 422 F. Supp. 2d 690, 697 (S.D. Miss. 2006).

The case of *Demboski, supra,* further illustrates why severance is appropriate in the present case.  In that case, four plaintiffs brought a joint action seeking recovery for wrongful deaths and personal injuries allegedly sustained as a result of an alleged general practice by the defendant railroad company with respect to railroad crossing safety.  In granting the defendant's motion to sever the proceeding, the court explained:

> Plaintiffs' rights to relief do not arise from one transaction or occurrence or a series of transactions or occurrences; for example, the four crossings accidents

alleged in the Plaintiffs' Complaint involved different plaintiffs, separate accidents, different crossings, different train crews, different dates and times, different driver conduct, different vehicles, different injuries, different damages, different defensive postures, and different physical facts....

*Demboski*, 157 F.R.D. at 29-30.

Plaintiffs' claims here similarly involve different Plaintiffs, different adjusters, different properties, different combinations of wind and flood, different witnesses, different injuries, different damages, different policies, and will require different defensive postures. Rule 20(a)'s requirement that plaintiffs' right to relief arise from the same transaction, occurrence or series of transactions or occurrences cannot possibly be satisfied under such circumstances.[3] *Demboski*, *supra*; *see also Reed v. American Medical Security Group, Inc.*, 324 F. Supp. 2d 798, 804-05 (S. D. Miss. 2004) (Rule 20(a) requirement not satisfied because plaintiffs purchased their insurance policy under different circumstances and with a different understanding of their policies. *Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 398 (S.D. W.Va. 2004) (allegations that 1,800 plaintiffs "were fraudulently induced to purchase the same thing does not satisfy the requirements of Rule 20(a)"); *Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis. 1999) (Rule 20(a) "demands more than the bare allegation that all plaintiffs are victims of a fraudulent scheme perpetrated by one or more defendants"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (allegations of "similar problems" with cars, alleged reliance

---

[3] Although there is a split in the case law regarding whether federal or state joinder laws should apply to this analysis, with regard to Louisiana law there is no material difference between the two rules. *Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *1 n.2 (E.D. La. Aug. 30, 2006) (severing unrelated claims that included nondiverse parties and noting that there is a split in case law as to whether federal joinder rules or state joinder rules apply, but finding that Louisiana's joinder rule, Article 463 of the Louisiana Code of Civil Procedure, and Fed. R. Civ. P. 20 were very similar such that there is not a material difference between them).

upon similar misrepresentations and possession of similarly-worded warranties insufficient to support joinder).

### 2.      There Are No Common Issues Of Law Or Fact.

The Petition fails to meet the second requirement of Rule 20 as well.  The only "common issues" alleged to supposedly unite Plaintiffs and their multiple individual claims against defendants is that defendants are alleged to have independently committed the same actions giving rise to Plaintiffs' claims.  However, such bare allegations alone are a wholly insufficient basis for joinder.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("The only similarity between the allegations [against the various defendants] are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20.  Such commonality on its face is insufficient for joinder"),  *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. Mar. 29, 1996); *Turpeau v. Fid. Fin. Servs., Inc.*, 936 F. Supp. 975 (N.D. Ga. 1996), *aff'd*, 112 F.3d 1173 (11th Cir. 1997); *Juneau v. Ducote,* No. 9409789, 2005 WL 2648861, at *4-5 (W.D. La. Oct. 17, 2005) (holding that plaintiff's claim against non-diverse defendant to enforce right to access records of exposure to toxic materials was misjoined with plaintiff's claim against diverse defendant alleging exposure to toxic materials); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (claims against tortfeasor allegedly causing injury not properly joined with contract claim against insurer); *see also* Fed. R. Civ. P. 20.[4]

---

[4]      Federal Rule of Civil Procedure 20 provides, in relevant part: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

14

72152

In *Tapscott*, the only common factor uniting the plaintiffs' claims was the allegation that the sale of service contracts violated certain state laws. *Id.* at 1355. Based on this purported commonality, the plaintiffs joined separate and unrelated sellers of service contracts in the same suit. The Eleventh Circuit upheld the granting of a motion to sever:

> The [district] court rejected [the plaintiffs'] argument that "a mere allegation of a common business practice subjects all defendants to joinder." ... The district court correctly found no allegation of joint liability or any allegation of conspiracy. Further, the alleged transactions involved ... are wholly distinct....

*Id.* at 1360 (citations omitted). As in *Tapscott*, any Plaintiff's allegations against any defendant relate only to alleged actions taken by ***that defendant against that Plaintiff***—such claims are entirely distinct from other alleged actions taken by other defendants against other Plaintiffs. *See id.* Thus, in addition to severing plaintiffs' claims as against each defendant, each Plaintiff's claim against his or her insurer should be severed from the other Plaintiffs claiming against the same defendant.

Simply, the mere fact that Plaintiffs allege similar wrongful conduct against more than one defendant does not somehow transform separate claims into the same occurrence. As noted above, permissive joinder of defendants in the same action requires a right to joint, several, or alternative relief arising from the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a). By no stretch can the actions of each individual defendant against each of its policyholders be read in the Petition to relate to the same occurrence or series of occurrences alleged against that particular defendant, let alone the same occurrence or series of occurrences alleged against Scottsdale or any of the other defendants. *See, e.g., Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *2 (E.D. La. Mar. 20, 2001) ("Although the factual allegations in the petition are sparse, there is no allegation that the alleged discriminatory actions were carried out by common actors, at a common time or with any

15

common tactics."); *McIntosh v. Southwestern Bell*, 168 B.R. 187, 188-89 (E.D. Ark. 1994) (holding that, under the Eighth Circuit's "logical relationship" test, the defendants were misjoined because, "[t]here is no connection among the defendants other than the fact that they are all creditors of the debtor. There is no underlying transaction or occurrence which connect them.")[5]

> **3.     Even If Permissive Joinder Were Possible Under Rule 20, Severance Under Rule 21 Would Still Be Mandated Because A Single Trial Of Plaintiffs' Multiple Individual Claims Would Be Unwieldy And Prejudice Each Defendant's Right To A Fair Trial.**

Rule 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." The Court has "broad discretion" to sever claims under Rule 21. *See Brunet v. United Gas Pipeline Co.*, 15 F. 3d 500, 505 (5th Cir. 1994). Severance under Rule 21 creates "separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. East Texas State Bank*, 965 F. 2d 34, 36 (5th Cir. 1992) (citation omitted). Severance under Rule 21 is appropriate even where the requirements of Rule 20(a) for permissive joinder are satisfied. *See, e.g., United States v. O'Neil*, 709 F. 2d 361, 369 (5th Cir. 1983) (rejecting argument that "Rule 21 may be used only to cure misjoinder of parties," holding that the rule "is not so limited"). "[C]oncern for a fair and impartial trial" is "paramount" in deciding whether to sever

---

[5]     *See also Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983) (holding that a plaintiff patent holder could not join multiple alleged infringers under Fed. R. Civ. P. 20(a) because, "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129 (D. Minn. 1983) (holding that a distributor of television programs could not join, under Fed. R. Civ. P. 20(a), multiple defendants who were alleged to have pirated microwave signals because, "[i]t may be that the complaint[ ] assert[s] a right to relief against all defendants arising from *similar* transactions, but the rule permitting joinder requires that such arise from the *same* transactions. . . . No concert of action is alleged, nor could it be because the operative facts of each transaction are distinct and unrelated to any other.") (emphasis in original).

separate claims." *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).   Where "different injuries, different damages, different defensive postures and other individualized factors will be so dissimilar as to make the management of the cases [joined] under Rule 20 impractical," severance is mandated. *Pittman v. Purdue Pharma Co.*, No. 3:03cv152BN, 2004 U.S. Dist. LEXIS 9840, at *16 (S.D. Miss. Mar. 12, 2004) (citations omitted).

Here, severance pursuant to Rule 21 would be appropriate even if Plaintiffs could satisfy the requirements of Rule 20(a), which, as shown above, they cannot.   The prejudice that Scottsdale, as well as the other defendants, would suffer if forced to participate in a single trial of all Plaintiffs' claims is obvious.   The sheer volume of evidence concerning the differing claims of multiple individual Plaintiffs will inevitably lead to jury confusion.   *See, e.g., Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (severing action because "[t]he jury may simply resolve the confusion [created by five different factual situations] by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case"); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996) (severing action due to prejudice and the "great danger that the jury will find [defendant] liable based on the sheer number of witnesses testifying about its purported wrongdoing"); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (severing claims because of the "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims").

As one court put it, "[e]ven if tolerably permitted by [Federal Rule of Civil Procedure] 20(a)," where joinder of defendants will prejudice defendants or create significant difficulties in judicial administration, such concerns "far outweigh any financial saving and convenience to plaintiff...." *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983).   In the instant case,

"judicial economy and efficiency are self-evidently furthered by severance in material ways." *In re Merrill Lynch & Co., Inc. Research Reports Securities Litig.*, 214 F.R.D. 152, 157 (S.D.N.Y. 2003). Different witnesses and documentary proof will be required for each of Plaintiff's claims against his or her insurer or agent. *See, e.g., Shelton Pollet, Jr. v. Travelers Prop. Cas. Ins. Co., et. al.*, No. 01-863, 2001 WL 1471724, at *2 (E.D. La. Nov. 16, 2001) (rejecting plaintiff's attempt to consolidate property damage claims arising out of a storm where it "would result in several thousand mini-trials on individual issues"). In such a case, the "[d]iscovery burdens and associated expenses" to Scottsdale of litigating this case with the other defendants "would operate expansively absent a severance" of plaintiffs' claims against other insurers. *Id.* at 157. Participation by Scottsdale in discovery, motion practice and trial related to multiple unrelated claims against other insurers would be tremendously and unnecessarily expensive.

A consolidated trial would fester with confusion. The overwhelming bulk of the evidence at a joint trial would pertain to the many different circumstances surrounding multiple individual losses. As the court explained in *Demboski*, "[a]lthough Plaintiffs may develop some evidence … common to all claims … common sense dictates that the evidence in other instances as to each specific incident will be so dissimilar that it would be difficult to manage a consolidated trial. Certainly it would be very difficult to try all four of these separate cases together and be fair to all parties." *Id.* at 30. Obviously, the difficulties of trying four dissimilar cases together in *Demboski* pales in comparison to the difficult task of trying multiple individual cases at once in this action.

Although possible trial prejudice created by joinder can sometimes purportedly be negated by jury instructions, it is not realistic to expect this could be done in this action. "[E]ven the strongest jury instructions could not have dulled the impact of a parade of witnesses, each

72152

recounting his contention that defendant" acted wrongfully. *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 n.4 (D.C. Pa. 1980), *aff'd per curiam* 639 F.2d 774 (3d Cir. 1980).  A single jury cannot be expected to retain multiple different sets of facts and distinguish between the idiosyncrasies of each different claim.

**CONCLUSION**

For all of the foregoing reasons, this Court should grant Defendants' Motion to Dismiss or for More Definite Statement and/or to Strike Class Allegations.

Respectfully Submitted,

Judy Y. Barrasso, 2814
Steven W. Usdin, 12896
Shera J. Finn, 29184
Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone 504- 589-9700

Attorneys for Scottsdale Indemnity
Company and Scottsdale Insurance
Company

72152

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Dismiss or Alternatively Motion to Sever and for More Definite Statement has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, this ~~22nd~~ day of November, 2006.

20

72152