UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: PAUL, NO. 06-7682 | * * * * * | JUDGE DUVAL MAG. WILKINSON |

**MEMORANDUM IN OPPOSITION TO**
**MOTION BY PLAINTIFFS' FOR FRCP 56(f) RELIEF**

MAY IT PLEASE THE COURT

Defendant CSX Transportation, Inc. ("CSXT") filed its "Motion for Dismissal Under Fed. R. Civ. P. 12(b)(6) and, In the Alternative, Motion for Summary Judgment," and properly noticed it for hearing on November 29, 2006, Dkt. No. 1530. The plaintiffs have moved for relief under Fed. R. Civ. P. 56(f), Dkt. No. 1767, *i.e.*, they want a continuance of the November 29 hearing. The plaintiffs' 56(f) motion must be denied because it fails to meet the requirements of Rule 56(f): the plaintiffs' supporting affidavit fails to say what facts require discovery, fails to show how those

931102-1                                    1

facts will defeat the summary-judgment motion, and fails to explain why those facts have not been previously discovered.

## Law and Argument

The basis for CSXT's motion for summary judgment is very simple. The plaintiffs' claim against CSXT rests entirely on the allegation that CSXT was operating a train that derailed and damaged a flood-wall. CSXT's motion for summary judgment presented an affidavit showing affirmatively that CSXT was <u>not</u> operating whatever train may have damaged the flood-wall, and moved the Court to dismiss the complaint against CSXT with prejudice. Unless the plaintiffs can somehow show by a countervailing affidavit that CSXT <u>was</u> operating the train that derailed and damaged the flood-wall, their claim against CSX has to be dismissed with prejudice.

In opposition to the Motion for Summary Judgment, the plaintiffs filed four papers, all bearing in one way or another on Rule 56(f):

- Memorandum In Opposition To [CSXT's] Motion To Dismiss Or Alternatively Motion For Summary Judgment And In Support Of Cross Motion For Stay Or Continuance And Alternative Motion For FRCP 56(F) Relief, Dkt. No. 1767

- Motion by Plaintiffs for FRCP 56(f) Relief (served by e-mail, apparently not yet on the docket sheet)

- Affidavit in Support of Motion for 56(f) Relief, Dkt. No. 1767

- Motion and order for Expedited Hearing on Motion by Motion of Plaintiffs for Rule 56(f) [sic], with Notice of Expedited Hearing (blank) (served by e-mail, apparently not yet on the docket sheet)

<u>The plaintiffs' affidavit is the only filing that may be considered in their Rule 56(f) motion.</u> The Court may consider only the affidavit because Rule 56(f) says that an opponent must show <u>by affidavit</u> why he cannot file a countervailing affidavit:

> **[Fed. R. Civ. P. 56(f): When Affidavits are Unavailable.]** Should it appear <u>from the affidavits</u> of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition,

931102-1                                2

> the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. [emphasis added]

Thus, the plaintiffs may make their 56(f) showing <u>only by affidavit</u>. Anything other than an affidavit may not be considered. In particular, a memorandum of law, which is no more than unsworn argument of counsel, is not an affidavit and not part of a Rule 56(f) showing. *See, for example, Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. (Okla.) 1992):

> [C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f). . . . Advocacy by counsel does not suffice for evidence or fact in the Rule 56(f) context.

Therefore a Rule 56(f) argument stands or falls on the facts set forth in the affidavit. The affidavit filed by these plaintiffs, however, does not show a single fact to support a Rule 56(f) motion.

<u>The plaintiffs' affidavit does not set forth any element of Rule 56(f).</u> The plaintiffs' affidavit says only that the plaintiffs' Exhibits A-L "are known to [the affiant] to be authentic documents" – nothing else. The affidavit fails to state a single fact to show why the plaintiffs need additional discovery and how that discovery will create a genuine issue of material fact.

Rule 56(f) requires a party to indicate to the court <u>why</u> he needs additional discovery and <u>how</u> the additional discovery will create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. (Tex.) 1993). A party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Id.* A party must state with precision the materials he hopes to obtain from discovery, and exactly how those materials will assist in opposing summary judgment. *Id.* at 1443. The plaintiffs' affidavit does

931102-1                                3

not even attempt to state why they need additional discovery and how the additional discovery will serve to oppose CSXT's motion.

Even if the plaintiffs were to show that they had attempted to undertake discovery, and that the discovery was incomplete, the Rule 56(f) motion would be legally insufficient. The plaintiffs have failed "to state with some precision the materials [they] hoped to obtain with further discovery, and exactly how [they] expected those materials would assist [them] in opposing summary judgment." *Krim*, 989 F. 2d at 1443. Indeed, the plaintiffs' affidavit makes no attempt to show those necessary elements. The Rule 56(f) motion should be denied and CSXT's motion should be heard as noticed, on November 29, 2006.

## Conclusion

The plaintiffs filed a petition against several defendants, including CSXT. The only facts that the plaintiffs alleged against CSXT are that CSXT's employees were operating a train that derailed and damaged a flood-gate. CSXT filed a Motion for Summary Judgment with an affidavit attesting unequivocally that another entity's employees operated the train. Unless the plaintiffs file a countervailing affidavit saying that CSXT employees <u>were</u> operating the train, CSXT's motion must be granted. The plaintiffs have not filed such an affidavit, and therefore CSXT's Motion for Summary Judgment should be granted – unless the plaintiffs can show that they are entitled to relief under Rule 56(f).

A proper Rule 56(f) motion must set forth "reasons stated" in an affidavit showing why the plaintiffs needed additional discovery and how that additional discovery would create a genuine issue of material fact. The plaintiffs' affidavit says only that the exhibits attached to the plaintiffs' Rule 56(f) motion are believed to be authentic. Nowhere in the affidavit is there a single statement to show why the plaintiffs need additional discovery or how that discovery

would create a genuine issue of material fact. The affidavit therefore fails to show the elements of Rule 56(f).

Lacking any proper support, the plaintiffs' Rule 56(f) motion should be denied. And CSXT's Motion for Dismissal Under Rule 12(b)(6) Or, In The Alternative, Motion for Summary Judgment, Dkt, 1530, should be heard on the noticed hearing date of November 29, 2006.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
 -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
 -of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall