UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

_____    _____

| | |
|---|---|
| NANCY ALFONSO | 06-9641 |
| JUNE L. ALIFF | 06-9642 |
| CARLOS ALONZO | 06-8759 |
| JACK R. ANGUZZA | 06-9038 |
| CAROL M. BEATMANN | 06-8947 |
| MARY A. BELL | 06-9037 |
| BRENDA BERTHELOT | 06-8810 |
| FRED BRACKLEIN | 06-7633 |
| SUSAN CONLON | 06-9321 |
| RAYMOND COUSINS | 06-9193 |
| JOHN M. DARSAM, JR. | 06-9569 |
| YOLANDA DELATTE HUBERT | 06-8219 |
| CHRISTOPHER M. DEPASCUAL | 06-8982 |
| JANE D. DORAND | 06-9191 |
| LINDA FRISCHHERTZ | 06-8821 |
| STEVEN GALLODORO | 06-9206 |
| SEBASTIEN GONZALES | 06-8972 |
| CAROL HERZOG | 06-8992 |
| ALAN JOHNSON | 06-7400 |
| JEFFEREY M. KENNEY | 06-7355 |
| WES KRAMER | 06-7457 |
| ROSE LEA L. LEPINE | 06-8881 |
| JOY LEWIS | 06-8107 |
| MARGARET LOTT | 06-9236 |
| LAURIE BOHNENSTIEHLVERGES | 06-8731 |
| ALBERT MONTALBANO | 06-8963 |
| NORMAN MORALES | 06-5962 |
| BETTY MULLINS | 06-7082 |
| EMILE R. POISSENOT | 06-7858 |
| TOMMY RODRIGUE | 06-6639 |
| DALE SANDERSON | 06-8731 |
| DARLENE THEDY | 06-8106 |
| CHARLES G. THOMASON | 06-9192 |
| DAN WAGNER | 06-8761 |

NO.99729647.1

- 2 -

SECTION "K"
JUDGE STANWOOD R. DUVAL, JR.

MAGISTRATE 2
MAGISTRATE JOSEPH C. WILKINSON, JR.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS**

Third-party defendants, Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary of the Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General of the State of Louisiana (collectively "Louisiana Defendants") submit this memorandum in support of their motion to dismiss.

**FACTS**

The original Petitions filed against Buffman, Inc. d/b/a St. Rita's Nursing Home ("St. Rita's") alleges, *inter alia*, that St. Rita's negligently failed to evacuate the residents of St. Rita's Nursing Home prior to the landfall of Hurricane Katrina on August 29, 2005. The Plaintiffs' Petitions do not name the Louisiana Defendants or assert any claims or causes of action or allege any fault by the Louisiana Defendants. St. Rita's, as Defendant and Third-Party Plaintiff, filed Third-Party Demands against the Louisiana Defendants based on their alleged breaches of the July 11, 2005, Emergency Operations Plan and their alleged failure to "offer transportation

resources to at-risk residents." Third-Party Demand at ¶ XVII. As a result of the flooding caused by Hurricane Katrina and the breaches by the Louisiana Defendants, St. Rita's alleges that the Nursing Home was damaged and thirty-five residents perished. St. Rita's Third-Party Demands seek indemnity and/or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code from the Louisiana Defendants and other Third-Party Defendants in the event that St. Rita's is liable to the Plaintiffs. *Id*. On October 5, 2006, the United States of America, a Third-Party Defendant, removed this case from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to this federal court.

**LAW AND ARGUMENT**

Rule 12(b)(1) allows a claim to be dismissed for lack of subject matter jurisdiction. Fed. Rule Civ. Proc. 12(b)(1). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must dismiss an action if it appears that the court does not have subject matter jurisdiction over the plaintiffs' claims. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Once a defendant objects to lack of subject-matter jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In the present case, the Louisiana Defendants are entitled to dismissal with prejudice of all claims against them. The Louisiana Defendants are protected under the Eleventh Amendment of the United States Constitution as administrative arms or officials of the State of Louisiana to whom sovereign immunity applies. The State of Louisiana has not waived such immunity, nor has Congress abrogated it such that St. Rita's could maintain this action. Therefore, all of St. Rita's claims should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).

### A. Third-Party Plaintiff's Claims are Barred by the Eleventh Amendment and the Doctrine of Sovereign Immunity

The Eleventh Amendment of the United States Constitution confirms that the judicial power granted to federal courts by Article III of the Constitution does not confer federal courts with jurisdiction over suits against non-consenting States. *See, e.g.*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114 (1996). The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Therefore, a state is immune from private suits brought by its own citizens or citizens of another state unless the state consents. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974); *Alden v. Maine*, 527 U.S. 706, 712-13, 119 S.Ct. 2240, 2246 (1999). Eleventh Amendment immunity also extends to state agencies and departments. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). Third Party Plaintiff is a Louisiana corporation and its Third Party Demand against the Louisiana Defendants is precisely the type of suit that the Eleventh Amendment prohibits. Consequently, this Court lacks subject matter jurisdiction over all of St. Rita's claims against the Louisiana Defendants under the doctrine of sovereign immunity and the claims must be dismissed.

Obviously, the State of Louisiana is entitled to Eleventh Amendment immunity. The Louisiana Department of Transportation and Development, Department of Health and Hospitals and Office of the Attorney General are legislatively created entities that perform certain administrative functions of the State of Louisiana, as defined by statute.

La. Rev. Stat. § 36:501 created and empowered the Department of Transportation and Development:

> § 36:501. Department of Transportation and Development; creation; domicile; composition; purposes and functions
>
> The Department of Transportation and Development is created and shall be a body corporate with the power to sue and be sued. The domicile of the department shall be in Baton Rouge. The Department of Transportation and Development, through its offices and officers, shall be responsible for developing and implementing programs to assure adequate, safe, and efficient transportation and other public works facilities and services in the state in accordance with the transfer of agencies and functions made by this Chapter.

La. Rev. Stat. 36:251 created and empowered the Louisiana Department of Health and Hospitals

> § 36:251. Department of Health and Hospitals; creation; domicile; composition; purpose and functions
>
> The Department of Health and Hospitals is created and shall be a body corporate with the power to sue and be sued….The Department of Health and Hospitals, through its offices and officers, shall be responsible for the development and providing of health and medical services for the prevention of disease for the citizens of Louisiana.

La. Rev. Stat. 36:701 created and empowered the Louisiana Department of Justice.[1]

> § 36:701. Department of Justice; creation; domicile; purposes and functions
>
> The Department of Justice is created and shall be a body corporate with the power to sue and be sued….The attorney general shall serve as the executive head and chief administrative officer of the Department of Justice and shall have the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department.

The Department of Transportation and Development, Department of Health and Hospitals and Department of Justice, are all administrative arms of the State of Louisiana and clearly fall within the scope of protection of the Eleventh Amendment. *See, e.g.*, *Fireman's*

---

[1] Third Party Plaintiff improperly named the Office of Attorney General in its suit. The Attorney General is the "executive head and chief administrative officer" of the Department of Justice.

*Fund Ins. Co. v. Louisiana Department of Transportation and Development*, 792 F.2d 1373, 1376 (5th Cir. 1986) (holding that the Department of Transportation and Development of the State of Louisiana is entitled to claim immunity under the Eleventh Amendment from suit by private citizens in federal court); *Johnson v. Easley*, 2003 WL 203103, *2 (E.D.La. 2003) (holding that the Louisiana Department of Health and Hospitals "is an alter ego of the state and is entitled to Eleventh Amendment immunity"); *Hultberg v. State*, 1998 WL 30288, *4 (E.D.La. 1998) (holding that "the shield of the 11th Amendment immunity extends to the Louisiana Department of Justice…and its employees") (citing *Claiborne v. Director, Department of Health and Human Resources*, 630 F.Supp. 156, 158-59 (M.D.La. 1986) and *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D.La. 1985)).

Further, Louisiana has not waived its sovereign immunity and in fact, explicitly provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. § 13:5106(A). *See also Anderson v. Phelps*, 655 F.Supp. 560, 564 (M.D.La. 1985)(recognizing that "Louisiana has not consented to [being] sued in federal court…"). Because the State of Louisiana and the Departments of Health and Hospitals, Justice and Transportation and Development are all entitled to Eleventh Amendment immunity from suits by private citizens in federal court, the Third Party Demand against the Louisiana Defendants should be dismissed.

> **B.** **The Third Party Plaintiff's Claims against the Individual Louisiana Defendants in their Official Capacities are Similarly Barred by the Eleventh Amendment and the Doctrine of Sovereign Immunity**

The Eleventh Amendment bars suits in federal court against state officials in their official capacities unless the state consents or Congress clearly expresses its intent to abrogate the immunity. *See, e.g.*, *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). The narrow exception to this rule was articulated by the Supreme Court in *Ex Parte Young*. 209

U.S. 123 (1908).  *Young* established that the Eleventh Amendment does not bar a suit against a state official to enjoin an unconstitutional action by that official because the state does not "impart to [the official] any immunity from responsibility to the supreme authority of the United States."  *Id*. at 160.  The *Young* exception is designed to prevent ongoing violations of federal law rather than to compensate injuries caused by past violations.  *Papasan v. Allain*, 478 U.S. 265, 278 (1986).  The *Young* exception is not applicable in the instant case because St. Rita's Third-Party Demand does not raise any causes of action based upon federal law.  Specifically, it seeks indemnity and/or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code from the individual Louisiana Defendants.  Further, St. Rita's seeks compensation for the past injury that St. Rita's allegedly suffered because of the Louisiana Defendants' action or inaction.  *See, e.g.*, *Papasan*, 478 U.S. at 278 (Eleventh Amendment bars relief designed to compensate for past injury caused by a state official's violation of federal law).  As a result the *Young* exception is inapplicable and the Governor, Attorney General and Secretaries of the Departments of Health and Hospitals and Transportation and Development are entitled to Eleventh Amendment immunity from the suit by St. Rita's in this court.  *See also Hultberg v. State*, 1998 WL 30288, *4 (holding that the Governor of Louisiana and the Attorney General of Louisiana are state officials entitled to Eleventh Amendment immunity).

## **CONCLUSION**

For the foregoing reasons, the State of Louisiana and Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; the Department of Transportation and Development and Johnny Bradberry, in his official capacity as Secretary of the Louisiana Department of Transportation and Development; the Department of Health and Hospitals and Frederick P. Cerise, M.D., in his official capacity as Secretary, Department of Health and Hospitals, the Office of the Attorney General and Charles Foti, in his official capacity as

Attorney General of the State of Louisiana, as Third Party Defendants, respectfully request that this Court dismiss the Third Party Demand of Buffman, Inc., a Louisiana Business Corporation d/b/a St. Rita's Nursing Home and ABC Insurance Company.

    Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY:   /s/   Brent B. Barriere
       Brent B. Barriere (La. Bar No. 2818)
       Special Assistant Attorney General

       Susie Morgan (La. Bar No. 9715)
       Catherine E. Lasky (La. Bar No. 28652)
       Robert R. Wood, Jr. (La. Bar No. 29488)
       **PHELPS DUNBAR LLP**
       Canal Place
       365 Canal Street • Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: (504) 566-1311
       Telecopier: (504) 568-9130

**STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, JOHNNY BRADBERRY, SECRETARY**

**BY:**  /s/  William M. Hudson, III
       William M. Hudson, III  (La. Bar No. 1970)
       Special Assistant Attorney General
       Oats & Hudson
       100 East Vermillion Street, Suite 400
       Lafayette, LA  70501
       Telephone:  (337) 233-1100
       Facsimile:  (337) 233-1178

       Clifton O. Bingham, Jr. (La. Bar No. 3052)
       Special Assistant Attorney General
       Oats & Hudson
       343 Third Street, Suite 550
       Baton Rouge, LA  70801
       Telephone:  (225) 383-9993
       Facsimile:  (225) 383-6993

        Michael M. Duran, Jr. (La. Bar No. 18875)
        Special Assistant Attorney General
        Oats & Hudson
        530 Natchez Street, Suite 200
        New Orleans, LA  70130
        Telephone:  (504) 527-0960
        Facsimile:  (504) 524-2823


**STATE OF LOUISIANA, KATHLEEN BLANCO, GOVERNOR**

**BY:** /s/  Shelly D. Dick
        Shelly D. Dick (La. Bar No. 18865)
        Special Assistant Attorney General
        Amanda G. Clark (La. Bar No. 24432)
        Forrester, Jordan & Dick
        4981 Bluebonnet Avenue
        Baton Rouge, LA  70809
        Telephone:  (225) 928-5400
        Facsimile:  (225) 346-0285

**- AND –**

**FREDERICK P. CERISE, M.D., IN HIS OFFICIAL CAPACITY AS SECRETARY, DEPARTMENT OF HEALTH AND HOSPITALS**

**BY:**  /s/  Stephen Vogt
        Stephen Vogt (La. Bar No. 07706)
        Special Assistant Attorney General
        Thibaut, Thibaut & Vogt
        P. O. Box 36
        7809 Jefferson Hwy, Suite D-3
        Baton Rouge, LA  70809
        Telephone:  (225) 923-3200
        Facsimile:  (225)

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon the attached list of counsel via United States Mail, postage prepaid and properly addressed, this 27th day of November, 2006.

/s/   Brent B. Barriere

## ST. RITA SERVICE LIST

### Case No. 05-4182

| | |
|---|---|
| Daniel L. Dysart<br>Paul A. Tabary, III<br>3510 N.Causeway Blvd., Suite 600<br>Metairie, LA  70002 | Stevens E. Moore<br>833 Baronne Street<br>New Orleans, LA  70113 |
| Michael C. Code<br>J.A. "Jay" Beatmann, Jr.<br>3445 N. Causeway Blvd., Suite 724<br>Metairie, LA  70002 | Chadwick W. Collings<br>TomW. Thornhill<br>1308 Ninth Street<br>Slidell, LA  70458 |
| Jeremy D. Goux<br>Martha D. Bowden<br>417 North Theard Street<br>Covington, LA  70433 | Gregory J. Noto<br>532 E. Judge Perez Drive, Suite 102<br>Chalmette, LA  70043 |
| M.Chad Trammell<br>Kimberly A. Ramsey<br>Nix, Patterson & Roach, LLP<br>401 Edwards St., 8th Floor, Suite 820<br>Shreveport, LA  71101 | William E. Rittenberg<br>Larry Samuel<br>715 Girod Street, Suite 200<br>New Orleans, LA  70130 |
| Leon N. Frischhertz<br>Marc L. Frischhertz<br>Dominick F. Impastato, III<br>Frischhertz & Associates<br>634 Connell's Park Lane<br>Baton Rouge, LA  70806 | Caprice Ieyoub<br>Kathryn W. Landry<br>Ieyoub & Landry<br>8180 YMCA Plaza, Suite C<br>Baton Rouge, LA  70810 |
| Joseph P. Lopinto, III<br>P. O. Box 246<br>Metairie, LA  70004 | James B. Guest<br>1900 32nd Street<br>Kenner, LA  70065 |
| Lawrence J. Duplass<br>Duplass, Zwain, Bourgeois, Morton,<br> Pfister & Weinstock<br>3838 N. Causeway Blvd., Suite 2900<br>Metairie, LA  70002 | William R. Mustian<br>3117 22nd Street, Suite 6<br>Metairie, LA  70002 |

NO.99729647.1

| | |
|---|---|
| James A. Cobb, Jr.<br>Emmett, Cobb,Waits & Kessenich<br>1515 Poydras St., Suite 1950<br>New Orleans, LA  70112 | David O.Walker<br>2220 Bonaventure Court<br>P. O. Box 1190<br>Alexandria, LA  71309-1190 |
| Kimberly A. Ramsey<br>Nix, Patterson & Roach, LLP<br>401 Edwards Street<br>Suite 820<br>Shreveport, LA  71101 | Patrick G. Kehoe, Jr.<br>833 Baronne Street<br>New Orleans, LA  70113 |