**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| NORMAN MORALES, individually and on behalf of LAURETA MORALES, | * * * | CIVIL ACTION |
| | | NO. 06-5962 |
| Plaintiffs, | * * | |
| v. | * * | JUDGE ~~BERRIGAN~~  D U V A L |
| | | MAG. JUDGE ~~SHUSHAN~~  W i L K i N S O N |
| BUFFMAN, INC., SALVADOR MANGANO, MABEL B. MANGANO, | * * * | |
| Defendants. | * * | |
| *    *    *    *    *    *    *    * | | |

**UNITED STATES' MEMORANDUM IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO REMAND**

The plaintiffs in the above-action have filed a motion to remand this case to state court.

The plaintiffs' motion should be denied because the case was properly removed pursuant to 28

U.S.C. § 1442, which allows the United States to remove a state civil action brought against it

regardless of whether the federal court has original jurisdiction over the claims against the United

States.  If this Court determines that it lacks subject matter jurisdiction as to the claims against

the United States, it may, in its discretion, remand the case to state court.

1

<u>BACKGROUND</u>

The plaintiffs filed their action against defendants Buffman Inc., Salvador Mangano, and Mabel B. Mangano ("the defendants"), owners of St. Rita's Nursing Home in St. Bernard Parish, on August 2, 2006, in the 34th Judicial District Court for the Parish of St. Bernard.  On September 1, 2006, the defendants filed a third-party claim against the United States and other state and local officials and agencies seeking indemnity and contribution in the event that they are held liable to the plaintiffs.  The defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  Record Docket No. 1, Exhibit 1, Answer and Third Party Demand at 10.

The United States removed this case to federal court on September 14, 2006, citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[1]  The plaintiffs now argue that the removal was improper and seek to remand this case to state court because, according to the plaintiffs, this Court lacks jurisdiction over the claims against the United States pursuant to the FTCA's discretionary function exception contained in 28 U.S.C. § 2680(a) and

---

[1]  Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows removal of state court cases to federal court when the district court has original jurisdiction over the claim.  Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

under the Flood Control Act of 1928, 33 U.S.C. § 702c.[2]  Record Docket No. 6-2, Plts.' Mem. in

Supp. of Mot. to Remand at 2-11.

The plaintiffs' motion to remand must be denied.  Even if the plaintiffs are correct that

this Court lacks original jurisdiction over the claims against the United States, the removal to

federal court was proper under 28 U.S.C. § 1442.  A remand at this time would be contrary to

law.

ARGUMENT

When a party files a motion to remand challenging the removal of an action from state

court, the burden falls upon the removing party to establish its right to a federal forum.  *See*

*Winters v. Diamond Shamrock Chemical Co*., 149 F.3d 387, 397 (5th Cir. 1998).  The statute

governing remand after removal is 28 U.S.C. § 1447(c):  "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28

U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1442(a)(1), the United States, any federal agency, and any officer

of the United States or of any federal agency may remove a state civil action or a state

prosecution brought against them.  Section 1442(a)(1) reads as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any
> of the following may be removed by them to the district court of the United States
> for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting
> under that officer) of the United States or of any agency thereof, sued in an
> official or individual capacity for any act under color of such office or on account
> of any right, title or authority claimed under any Act of Congress for the

---

[2]  The plaintiffs have asked that the United States be dismissed as a party to this suit.

apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).[3]

A federal court need not have original jurisdiction over a claim against a federal agency or officer for removal under § 1442 to be proper.  "To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction."  *IFMC Prof'l Servs. of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir. 1982); *see also Mesa v. California,* 489 U.S. 121, 136 (1989) (Constitutional basis for removal under § 1442(a)(1) is the federal officer's substantive immunity defense arising under federal law); *State of Nebraska, Ex Rel., Dept. of Social Servs. v. Bentson,* 146 F.3d 676, 679 (9th Cir. 1998) ("A [party's] power to remove a case to federal court is independent to the federal court's power to hear it. . . . Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."); *Mir v. Fosbury,* 646 F.2d 342, 344 (9th Cir. 1980) (unlike removal under § 1441, a district court has jurisdiction to hear an action removed pursuant to § 1442 even if the initial action could not have been commenced in a federal forum).

One of the principal purposes of the right of removal under § 1442 is to allow a federal court to determine the validity of an asserted immunity defense.  *Winters,* 149 F. 3d. at 397-98; *see also State of La. v. Sparks,* 978 F.2d 226, 232 (5th Cir. 1992) (noting that chief purpose of § 1442 removal is "to prevent federal officers who simply comply with a federal duty from being

---

[3]  Section 1442 was specifically amended in 1996 to allow both the United States and federal agencies to remove cases to federal court; prior thereto, only federal officers and persons acting under them could use this statute to remove cases.  *See International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72 (1991), *superseded by statute,* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850.

punished by a state court from doing so"); *Reese v. South Florida Water Mgmt. District*, 853 F.
Supp. 413, 414 (S.D. Fla. 1994) ("Section 1442 is intended to protect federal interests by
providing federal officials a federal tribunal in which to litigate matters concerning acts
committed in their federal capacity.").  To qualify for removal under § 1442, federal agencies
must establish that the suit is for an act under color of office and raise a colorable federal
defense.  *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S.
121, 129, 139 (1989).  In construing the color of federal office and colorable federal defense
requirements, the Supreme Court has expressly rejected a narrow interpretation.  *Winters*, 149 F.
3d. at 398, 400 (color of federal office requirement "should be afforded a broad reading so as not
to frustrate the statute's underlying rational"; need not prove asserted federal defense, only
articulate its colorable applicability).  *See also Willingham*, 395 U.S. at 407 (The claim to a
federal defense must be colorable but not necessarily ultimately successful on the merits to
establish requirement.); *U.S. v. Todd*, 245 F.3d 691, 693-694 (8th Cir. 2001) (To establish a
colorable defense, the defense need only be plausible.)

Third-party defendants may remove under § 1442.  "[B]ecause removal under section
1442 rests upon 'far stronger considerations of policy' [than removal under section 1441]. . .
courts have uniformly permitted third-party defendants to remove under section 1442(a)(1).
*Moreland v. Van Buren GMC, et al.,* 93 F. Supp.2d. 346, 350 (E.D.N.Y. 1999) (*quoting Bradford
v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960)); *see also IMFC Prof'l Servs. of Florida, Inc.*, 676
F.2d at 155 (the fact that removing party is third-party defendant does not defeat removal under §
1442(a)(1)).

If, once the case is removed, the district court determines that it lacks subject matter

jurisdiction over the federal claims, federal jurisdiction is not extinguished.  *IMFC Prof'l Servs.*

*of Florida, Inc.*, 676 F.2d at 159-160.  In such cases, the court may exercise its discretion in

determining whether to retain the state law claims or remand them to state court.  *Id.*

Removal of this case was proper under the plain language of § 1442.  The defendants

have asserted third-party claims against the United States for its alleged negligent actions under

the color of federal office.  *See* Answer and Third Party Demand at 10-13 (alleging that the

United States, through the United States Army Corps of Engineers, negligently designed,

constructed, and maintained the Mississippi River Gulf Outlet, the result of which greatly

enhanced the possibility that the defendants' facility would flood during Hurricane Katrina.); *see*

*also Moreland,* 93 F. Supp.2d. at 352-53 (federal agency necessarily acts under color of federal

office).  Even though the United States has not yet responded to the defendants' third party

claim,[4] it is apparent that this case will involve federal defenses.  The defendants have invoked

the FTCA as their basis for recovery against the United States, and the plaintiffs have argued in

their brief that the United States is immune from suit under the FTCA's discretionary function

exception and the Flood Control Act.  *See, e.g., Moreland,* 93 F. Supp.2d. at 353 (finding

colorable federal defense because third party defendants were immune from suit under the

FTCA, 28 U.S.C. §§ 2679(a), 1346(b)).  Should the Court determine that it has no jurisdiction

over any of the federal claims, it may, at its discretion, remand the remaining state claims to state

court.  At this time, however, the case must remain in federal court until the federal claims are

dismissed.

---

[4]  The United States' answer to the third party demand is due on November 13, 2006.

CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand should be denied.

Dated: October 31, 2006                    Respectfully submitted,


                                           JEFFREY S. BUCHOLTZ
                                           Principal Deputy Assistant Attorney General

                                           C. FREDERICK BECKNER III
                                           Deputy Assistant Attorney General

                                           PHYLLIS J. PYLES
                                           Director, Torts Branch



                                           s/ Traci L. Colquette
                                           Traci L. Colquette
                                           Trial Attorney, Torts Branch, Civil Division
                                           U.S. Department of Justice
                                           Benjamin Franklin Station, P.O. Box 888
                                           Washington, D.C.  20044
                                           (202) 305-7536 / (202) 616-5200 (Fax)
                                           Attorneys for the United States

## CERTIFICATE OF SERVICE

I, Traci L. Colquette, hereby certify that on October 31, 2006, I served a true copy of the United States' Memorandum in Opposition to Plaintiffs' Motion to Remand upon the following parties by ECF or electronic mail:


Gregory James Noto
gjcookie45@AOL.com

Scott G. Wolfe
scott@wolfelaw.com

James A. Cobb, Jr.
jac@ecwko.com

Jeremy D. Goux
wynnegouxlobello@bellsouth.net

John F. Emmett
jfe@ecwko.com

Louis G. Spencer
lgs@ecwko.com

Susan E. Henning
seh@ecwko.com


s/ Traci L. Colquette
Traci L. Colquette