UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | **CIVIL ACTION** |
| Plaintiff, | * | |
| **VERSUS** | * | |
| **SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC.** | * * * * | **NUMBER 06-8810** **SECTION "K"** **MAGISTRATE "2"** |
| Defendants, | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

A discussion of this Motion to Remand begins with the basic principle that a removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R &H Oil & Gas Co.* 63 F 3rd 1326, 1335 ( 5th Cir. 1995). In assessing whether removal was appropriate, courts are guided by the principle that federal courts are courts of limited jurisdiction and that the removal statute should be strictly construed. *Manguno v. Prudential Property and Casualty Insurance Company* 276 F 3rd 720, 723, (5th Cir. 2002). This memorandum will demonstrate that removal was improper and this matter should be remanded for the following reasons:

1. The United States has failed to provide evidence that it removed this matter within thirty (30) days of service of the third party demand in state court.

1

2. The United States of America was improperly joined as a third party defendant in this matter for the purpose of having this case removed to federal court since it was unnecessary to join the United States of America as a party in order to determine its potential liability and since contribution no longer exists in Louisiana tort law.

3. As is shown in the accompanying Motion to Dismiss, there is no subject matter jurisdiction in this case because the United States of America has no liability for damages created by flooding.

## ISSUE NO. 1

**Failure to prove when the United States of America was served with the third party demand and therefore failure to prove that removal was timely.**

28 USC 1446 (b) clearly requires that removal be effected within thirty (30) days of the United States of America having been served with the third party demand in state court. That statute provides in pertinent part, as follows:

"**b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

The United States has provided no proof as to when it was served with the third party demand in state court. From the pleadings and exhibits in the record, it is possible to discern that citation was issued on the third party demand on September 14, 2006. However, there is nothing in the record to show when the United States of America was actually served with the third party demand. The United States of America has the burden of showing that this removal was done in a timely manner and it has not provided that proof. Accordingly, the removal is procedurally defective for that reason.

## ISSUE NO. 2

**Improper joinder of the United States of America as the third party defendant for the purpose of having this case removed to federal court.**

The issue of "improper" or "fraudulent" joinder is normally discussed in the context of a plaintiff who allegedly joins a non-diverse defendant in order to prevent removal of a case. However, federal law does acknowledge the fact that sometimes parties are improperly joined in order to <u>create</u> federal jurisdiction. 28 USC 1359 provides as follows:

> "§ 1359. Parties collusively joined or made. A District Court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Thus, the concept of "improper" or "fraudulent" joinder also applies to defendants who file third party demands in order to create a basis for removal to federal court. That is what has

3

occurred in this case by the filing of a third party demand on behalf of the St. Rita's Nursing Home entities against the United States of America.

In the context of improper joinder to avoid the federal jurisdiction, the parties claiming improper joinder must establish the following:

1. Actual fraud in pleading jurisdictional facts or;

2. The inability of the plaintiff to establish the cause of action against the non-diverse defendant. *Ross v. Citi Financial Inc*. 344 F 3rd 458,461 (5th Cir. 2003).

It is submitted that a similar standard should apply in cases such as this one where an objection to removal is made on the grounds that improper joinder of a third party defendant to create federal jurisdiction. In keeping with the cases involving traditional improper joinder, the standard should be:

1. Actual fraud in pleading jurisdictional facts or;

2. The inability of the original defendant to establish a cause of action against the third party defendant.

In traditional improper joinder situations, the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Ross, supra.*

In the instant case, both grounds for establishing improper joinder are met. First, there are several clues strongly indicating that the original St. Rita's Nursing Home defendants wanted this matter removed to federal court and joined the United States of America as a third party defendant in order to accomplish that. First, in the third party demand filed by the St. Rita's

entities the defendants indicate the desired result in their pleadings.  Paragraph XXV of the third party demand provides as follows:

> "These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*. As this is filed as a Third Party Demand, the requirement that Third Party Plaintiffs first exhaust their administrative remedies is waived by statute.  28 U.S.C. § 2675 (a).  <u>Moreover, this third party claim may be brought in a state court, subject to the right of the United States to remove the entire action.</u>  *Hassan v. Louisiana Department of Transportation & Development,* 923 F. Supp. 890 (W.D. La. 1996)" (emphasis supplied)

Any doubt that the St. Rita's Nursing Home entities desired for this matter to be removed to federal court is removed by the fact that these defendants have been actively opposing motions to remand filed in federal court subsequent to mass removal of these actions.  (See for example memorandum filed on behalf of St. Rita's entities opposing Motions to Remand in the matter entitled *Morales v. Buffman, Inc.,* No. 06-5962 attached as Exhibit "a")

The St. Rita's entities' enthusiastic effort to keep these matters in federal court is supportive of the conclusion that the United States of America was joined in this matter for the very purpose of achieving federal jurisdiction.

Indeed, there could have been no other purpose because the pretext for joining the United States of America, ie, to receive "contribution" for the United States of America's alleged share of fault in causing the death at St. Rita's Nursing Home, is a reason that does not exist.

The United States of America can be sued for contribution as a joint tortfeasor through the provisions of the Federal Tort Claims Act, but only if a right of contribution exists under state law.  *Certain Underwriters at Lloyd's v. United States of America* 511 F 2nd 159 (5th Cir. 1975).  No right of contribution in tort has existed in Louisiana law since the amendment of Civil Code Articles 2323 and 2324 in 1996 to eliminate solidary liability.  Indeed, the Louisiana

Supreme Court has specifically held in *Dumas v. State, Department of Culture, Recreation & Tourism* 2002-0563 (La 10/15/02) 822 So. 2nd 530, that the 1996 amendments to Civil Code Articles 2323 and 2324 eliminated solidary liability and therefore eliminated the right of contribution among tortfeasors in Louisiana:

> "With the 1996 amendments to articles 2323 and 2324 (B), however, the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims receive full compensation for their injuries. Now, however, Louisiana's policy is that each tortfeasor pays only that portion of the damage he has caused and the tortfeasor shall not be solidary liable with any other person for damages attributable to the fault of that other person. <u>With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity</u>." 828 So. 2nd at 538 (emphasis supplied)

While the defendants in this case stated in the third party demand that they were requesting an apportionment of liability, it was not necessary to add the United States of America as a party in order to do so. In *Dumas, supra,* the court held that the fault of a non-party could be considered in apportioning liability. Civil Code Article 2323 provides in pertinent part:

> "Art. 2323 Comparative fault
> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty…".

It is clear beyond argument that it was completely unnecessary for the United States of America to be joined as a third party defendant in this matter for the purpose of legally non-existent "contribution" or for the purpose of determining its potential liability. As shown above, no right to contribution exists after the 1996 amendment Civil Code Article 2323 and 2324 and it is unnecessary for the United States of America to be a party in order for its potential liability to

6

be apportioned. Likewise, there is no provision in Louisiana law for legal "indemnity" and no claim of a right to contractual indemnity has been raised. Therefore, for all the foregoing reasons, the United States of America was improperly joined in this matter in violation of 28 USC § 1359. This matter should be remanded for that reason.

## ISSUE NO. 3

**Because the United States of America is immune from liability for damages caused by flooding, there is no federal subject matter jurisdiction in this matter.**

An additional reason for remanding this matter is that no federal subject matter jurisdiction exists as shown by the accompanying Motion to Dismiss. As is discussed at length in the memorandum in support of that motion, the United States of America is immune under the Flood Control Act from liability for any damages caused by flooding. Moreover, it is immune from suit in this matter under the exceptions to the Federal Tort Claims Act known at the "due care" and "discretionary function" exceptions.

## CONCLUSION

For all the foregoing reasons, this Motion to Remand should be granted and this matter remanded to states district court for further proceedings.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY:   s/ William R. Mustian, III
      **WILLIAM R. MUSTIAN, III (#9865)**
      3117  22nd Street, Suite 6
      Metairie, Louisiana  70002
      Telephone:  (504) 831-0666
      Facsimile:  (504) 831-0726
      E-mail:  wrm@stangamustian.com