UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | |
| **VERSUS** | * | |
| **SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC.** | * * * * | **NUMBER  06-8810** **SECTION "K"** **MAGISTRATE  "2"** |
| **Defendants,** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED
AGAINST THE UNITED STATES OF AMERICA**

MAY IT PLEASE THE COURT:

This lawsuit arises out of the drowning death of plaintiff's mother at the St. Rita's Nursing Home in St. Bernard Parish on August 29, 2005 as a result of the flood waters generated by Hurricane Katrina.  The defendants Salvador Mangano, Mabel Mangano, and Buffman Inc. (hereinafter referred to as "St. Rita's Nursing Home entities") have filed a third party demand against the United States of America seeking "contribution" and "indemnity" for any liability those entities have as a result of damages sustained by plaintiff.  This memorandum will demonstrate that the third party demand fails to state a claim upon which relief can be granted and therefore should be dismissed for the following reasons:

1.     There is no cause of action in Louisiana tort law for legal indemnity or contribution since solidary liability no longer exists in Louisiana tort law.

2. The United States of America is immune from liability for any claims for damages arising out of damages caused by flood waters of any kind at any place pursuant to the flood control act of 1928.  33 USC 702 c.

3. This third party action is barred by the "due care" exception to the Federal Tort Claims Act codified at 28 USC § 2680 (a).

4. This third party action is barred by the "discretionary function" exception to the Federal Tort Claims Act as codified in 28 USC § 2680 (a).

## ISSUE NO. 1

**The third party demand fails to state a claim upon which relief can be granted since contribution and/or legal indemnity no longer exist in Louisiana tort law.**

The United States of America can be sued for contribution as a joint tortfeasor through the provisions of the Federal Tort Claims Act, but only if a right of contribution exists under state law.  *Certain Underwriters at Lloyd's v. United States of America* 511 F 2nd 159 (5th Cir. 1975).  No right of contribution in tort had existed in Louisiana law since the amendment of Civil Code Articles 2323 and 2324 in 1996 to eliminate solidary liability.  Indeed, the Louisiana Supreme Court has specifically held in *Dumas v. State, Department of Culture, Recreation & Tourism* 2002-0563 (La 10/15/02) 822 So. 2nd 530, that the 1996 amendments to Civil Code Articles 2323 and 2324 eliminated solidary liability and therefore eliminated the right of contribution among tortfeasors in Louisiana:

> "With the 1996 amendments to articles 2323 and 2324 (B), however, the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims receive full compensation for their injuries.  Now, however, Louisiana's policy is that each tortfeasor pays only that portion of the damage he has caused and the tortfeasor shall not be solidary liable with any other person for damages attributable to the fault of that other person.

> <u>With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity</u>." 828 So. 2nd at 538 (emphasis supplied)

While the defendants in this case stated in the third party demand that they were requesting an apportionment of liability, it was not necessary to add the United States of America as a party in order to do so. In *Dumas, supra,* the court held that the fault of a non-party could be considered in apportioning liability. Civil Code Article 2323 provides in pertinent parts.

> "Art. 2323 Comparative fault
> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty…".

It is clear beyond argument that it was completely unnecessary for the United States of America to be joined as a third party defendant in this matter for the purpose of legally non-existent "contribution" or for the purpose of determining its potential liability. As shown above, no right to contribution exists after the 1996 amendment Civil Code Article 2323 and 2324 and it is unnecessary for the United States of America to be a party in order for its potential liability to be apportioned. Likewise, there is no provision in Louisiana law for legal "indemnity" and no claim of a right to contractual indemnity has been raised. Therefore, for all the foregoing reasons, the United States of America was improperly joined in this matter in violation of 28 USC § 1359. This matter should be remanded for that reason.

3

## ISSUE NO. 2

**Any and all claims made against the United States of America for damages sustained as a result of flooding are absolutely barred by the Flood Control Act of 1928, 33 USC 702 c.**

The basis for the third party demand against the United States of America is the presence of the Mississippi River Gulf Outlet (MRGO), a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans.  Construction of this waterway was approved by Congress in the Rivers and Harbors Act of 1956.  The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers.  The third party demand essentially alleges that the presence of the MRGO has resulted over the years in the loss of wetlands that would absorb storm surge generated by hurricanes and help to prevent flooding.  The specific negligence asserted against the United States of America in the third party demand is as follows:

### XXXV

> "The United States of America owed a duty of reasonable care to third party plaintiffs which was beached by the construction and maintenance of the MRGO.  In addition, the United States of America negligently concealed from the third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein."

Clearly, the third party demand is based upon damages, by its own wording, resulting from flooding.

In the Flood Control Act of 1928, Congress provided that "[n] o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any

4

place. " 33 USC § 702 c.  As the United States Supreme Court has observed, this provision outlines immunity in sweeping terms: No liability of any kind… for *any* damage from or by floods or flood waters at *any* place. (emphasis added [by court])  It is difficult to imagine broader language." *United States v. James* 478 US 597, 604 (1986).  In *James,* the Supreme Court found nothing in either the statutory text or legislative history that would justify a departure from the plain words of the statute.  478 US 606.

The next major pronouncement on the Flood Control Act by the United States Supreme Court was in *Central Green Co. v. The United States* 531 US 425 (2001).  In *Central Green Co.,* the court made it clear that the phrase "floods or flood waters" in the Act applies to:

1.    "Those waters that a federal project is unable to control" and

2.    "Waters that are released for flood controlled purposes when reservoired waters are at flood stage. *Central Green* at 431.

The significant association that is relevant to immunity under 33 USC §702 c is the casual relationship between water, specifically floods or flood waters, and the plaintiff's damages. Id at 434.  It is "the character of the waters that caused the relevant damage," not "the character of the federal project or the purposes that it serves," that determines whether § 702 c applies.  Id

It is beyond dispute that the waters that caused the relevant damage in the present case were "flood waters" within the meaning of § 702 c and under *Central Green* that casual connection requires application of the immunity provision and dismissal of this third party demand.

## ISSUE NO. 3

**This Third Party is barred by the "due care" exception to the Federal Tort Claims Act.**

The third party plaintiffs have cited the Federal Tort Claims Act 128 USC §1346 (b), 2671-2680, as establishing the Court's jurisdiction over this case. The Federal Tort Claims act is a limited waiver of sovereign immunity and the exclusive means by which plaintiff's can sue the United States for money damages for causes of action sounding in tort. The terms of the Federal Tort Claims Act define the extent of this Court's jurisdiction over these claims. The Act's terms and conditions must be strictly observed and construed. *Lane v. Pena* 518 US 187, 192 (1996).

With certain exceptions, the Federal Tort Claims Act gives the district courts jurisdiction of civil actions in tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC § 1346 (b)(1). Two pertinent exceptions are codified in 28 USC § 2680 (a), which provides that provisions of § 1346 (b) "shall not apply to-

> "Any claim based upon an act or omission of an employee of the government, exercising due care in the execution of a statute or regulation, whether or not such statute or regulation may be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

Both of these exceptions apply to this action. Some of the third party plaintiffs' allegations imply that MRGO was a bad idea from the start and should not have been approved by Congress. To the extent that the third party demand complains of the fulfillment of a mandate contained in the law, i.e. the construction of the MRGO, it is barred by the "due care" exception and must be dismissed. Congress approved construction of the MRGO for better or worse. Inasmuch as Congress mandated this project and funded its operation and maintenance, the mere

fact that the project was carried out in and of itself cannot form a basis of liability under the FTCA. The "due care" exception protects acts and omissions that occur while carrying out the dictates of a statute or regulation if the "carrying out" has been accomplished with the requisite care. *Dalehite v. The United States,* US 15 32-33 (1953). Accordingly, unless some deviation from the mandatory directive is alleged, general allegations of "negligence" are insufficient to prevent application of the "due care" exception. *Welch v. The United States* 409 F 3rd 646, 652 (4th Cir. 2005) cert. denied 126 S. Ct. 1431 (2006).

## ISSUE NO. 4

**The Third Party action is barred by the "discretionary function" exception to the Federal Tort Claims Act.**

By virtue of the second exception codified at 28 USC § 2680 (a), the Federal Tort Claims Act does not apply to claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved abused. 28 USC § 2680 (a). "This exception reflects a congressional intent to "prevent judicial second-guessing of legislative and administrative decisions granted in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines* 467 US 797, 814 (1984); *Baldassaro v. The United States* 64 F 3rd 206, 211 (5th Cir. 1995) Cert. Denied 517 US 1207 (1996). A discretionary action is one that involves choice or judgment. *United States v. Gaubert* 499 US 315, 325 (1991). In the instant case, the St. Rita's Nursing Home entities allege that the United States Government failed to warn those entities that the presence of the MRGO and alleged loss of wetlands as a result of its presence had, over the years, increased the susceptibility of the St. Rita's Nursing Home to flooding. There is no allegation that the United States

Government was mandated by law to issue such a warning, if such a warning was indeed warranted. Clearly, the third party action complains of, at most, a discretionary act—not giving of a warning regarding the effect of presence of the MRGO.

## CONCLUSION

For all the foregoing reasons, the third party demand filed herein by the St. Rita's Nursing Home entities fails to state a claim upon which relief can be granted, and fails to establish subject matter jurisdiction and accordingly the third party demand should be dismissed.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY: _s/ William R. Mustian, III_

**WILLIAM R. MUSTIAN, III (#9865)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: wrm@stangamustian.com