UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WINSTON, SR. AND DONNA AARON, et al., | * | CIVIL ACTION NO.: 06-4746 |
| | * | |
| | * | HON. STANWOOD R. DUVAL, JR. |
| Plaintiffs, | * | SECTION "K" |
| | * | |
| VERSUS | * | HON. JOSEPH C. WILKINSON, JR. |
| | * | |
| AIG CENTENNIAL INSURANCE | * | |
| COMPANY, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF RULE 12(E) MOTION
FOR A MORE DEFINITE STATEMENT BY HORACE MANN
INSURANCE COMPANY AND HORACE MANN
PROPERTY & CASUALTY INSURANCE COMPANY**

Defendants, Horace Mann Insurance Company and Horace Mann Property & Casualty Insurance Company (collectively "Horace Mann"), move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of plaintiffs' Complaint. Horace Mann cannot respond intelligently to the Complaint because it fails to provide Horace Mann with notice of the charges against it and the specific allegations that form the bases of those charges. At a minimum, plaintiffs must specify which claims they are asserting against Horace Mann, and plaintiffs must clarify the factual allegations attributed to Horace Mann.

- 1 -

## FACTS

On August 25, 2006, plaintiffs filed a "Complaint for Damages" in this Court. (Doc. No. 1.)  An amended Complaint adding additional plaintiffs was filed on August 29, 2006. (Doc. No. 2.)  The caption of the Complaint alone consumes over 15 pages.  The Complaint presents over a thousand plaintiffs suing over a hundred different insurance companies.  The only commonality among the over 1,800 individual plaintiffs is that they are "owners of property in southeastern Louisiana," presumably with insurance policies in effect at the time of Hurricane Katrina.  (Compl. ¶¶ 6, 10.)  The only commonality among the insurance company defendants is that they allegedly "issued policies of homeowners' property, commercial, business, rental and/or flood insurance" in southeast Louisiana.  (Compl. ¶ 7.)

Plaintiffs' Complaint combines claims arising from "policies of property, commercial, business, rental and/or flood insurance."  (Compl. ¶ 4.)  Without pointing to the specifics of any policy, plaintiffs merely recite that "[a]ll of said policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs."  (Compl. ¶ 11.)  Plaintiffs then allege that defendants "failed to make adequate payments on plaintiffs' claim."  (Compl. ¶ 15.)  They also claim that defendants engaged in unfair business practices.  (Compl. ¶¶ 17-18.)  Plaintiffs further allege that defendants violated the Louisiana Valued Policy Law, La. R.S. 22:695, and that defendants failed to properly and adequately adjust their claims in bad faith.  (Compl. ¶¶ 19-23.)  Finally, plaintiffs purport to state the following causes of action against defendants:  breach of insurance contract; violation of La. R.S. 22:658; violation of La. R.S. 22:658.2; breach of a duty to act reasonable and fairly under La. R.S. 22:1220; breach of duty under La. R.S. 22:1220; failure to tender adequate payment for casualty losses; bad faith adjusting practices; and other causes of action to be determined at trial.  (Compl. ¶ 25.)  Plaintiffs' Complaint fails to specify

which of these claims, if any, is being made against Horace Mann, or the factual allegations being made against Horace Mann.

## LAW AND ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion will be denied if it is being used to uncover facts that should be determined during discovery. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).  However, a Rule 12(e) motion is appropriate where the complaint fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

When a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  "Generally, a motion for a more definite statement may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action." *Caraveo v. Nielsen Media Research, Inc.*, No. 01 Civ. 9609, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002) (*citing Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986)).  Thus, a plaintiff "may be required to specify which defendants are intended by a general reference to 'defendants' in order to allow the defendant to plead intelligently." *Hamilton v. Signature Flight Support Corp.*, No. C 05-490, 2005 WL 1514127, at *4 (N.D. Cal. June 21, 2005) (citation and quotation omitted). *See also Canto v. Hibernia Nat'l Bank*, No. 98-3773, 1999 WL 378256, at *2 (E.D. La. June 3, 1999) (Clement, J.) (Rule 12(e)

motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why defendant violated her rights under a relevant statute'"). Further, the Eleventh Circuit has held:

> Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.
>
> . . .
>
> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996).

In *Edwards v. Allstate Prop. & Cas. Ins. Co.*, No. 04-2434, 2005 WL 221558 (E.D. La. Jan. 27, 2005) (Duval, J.), this Court ruled upon a case that is squarely on point with that presented here. In *Edwards*, the plaintiff brought a class action lawsuit alleging that Allstate engaged in a corporate scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims. *Id.* at *1. The plaintiff alleged breach of contract, bad faith claims under La. R.S. 22:1220 and La. R.S. 22:658, and fraud and deceit claims. *Id.* Allstate responded with a motion to dismiss under Rule 12(b)(6). *Id* at *2. After reviewing the complaint, this Court noted that the plaintiff had failed to allege the facts necessary to support her claim:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim. The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of the required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was

> necessary due to the specific damages to Mary Edwards' home are
> not adequately alleged.

*Id.* at *3.  This Court granted Allstate's motion but permitted the plaintiff to amend the

complaint.  *Id.* at *4.

Here, plaintiffs have similarly failed to allege facts necessary to support their alleged

causes of action.  At a minimum, plaintiffs must plead the policy provision or provisions that

they claim that Horace Mann has breached and put Horace Mann on notice of the facts that give

rise to their alleged injury.  Of course, the lack of any facts sufficient to support a cause of action

is a by-product of the massive misjoinder of parties and claims in this action.  To address the

misjoinder, Horace Mann has filed simultaneously with this motion its joinder in the motions and

incorporated memoranda filed by State Farm, Safeco and Allstate, which seek to sever the claims

of the individual plaintiffs in this action.  Each individual plaintiff should be required to file an

amended complaint setting forth a more adequate statement, if any, of his or her allegations.

## CONCLUSION

Plaintiffs fail to allege the facts necessary to support their conclusory allegations.

Therefore, Horace Mann respectfully requests that this Court order plaintiffs to provide a more

definite statement of the allegations in their Complaint, clarifying which claims are being

asserted against which defendants and which factual allegations are being asserted against which

defendants, and to order such further relief as the Court deems proper.

Dated: November 20, 2006

Respectfully Submitted,

RALPH S. HUBBARD, III, T.A., La. Bar #7040
SETH A. SCHMEECKLE, La. Bar #23978
LUGENBUHL, WHEATON, PECK,
     RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

OF COUNSEL:
ALAN S. GILBERT
ANNE W. MITCHELL
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

**Attorneys for Horace Mann Insurance
Company and Horace Mann Property &
Casualty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2006, a copy of this pleading has been served upon all counsel of record in this action by depositing the same in the United States Mail, properly addressed, first class postage prepaid, telefax and/or electronic mail.