

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 21 PM 4: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § <br> ――――――――――――――――――――――― § <br> <br> PERTIANS TO: § <br> ST. RITA: (Verges), Case No. 06-8731 § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

This is an action filed by Laurie Melerine Bohenstiehl Verges and Nathan James Melerine, individually and on behalf of Lucille Melerine, wherein the plaintiffs seek to recover for the death of Lucille Melerine, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina. The action was originally filed in the 34th Judicial District Court for the Parish of St. Bernard. The Plaintiffs alleged that the Defendants were negligent in failing to evacuate the home in advance of the storm. Defendants filed answer to that suit, and brought a third party demand against the

___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep____
___ Doc. No_____

United States under the Federal Tort Claims Act, 28 U.S.C. §2674 and §1346(b) ("FTCA"). The case law permits a defendant in a state court action to bring a third party demand against the United States without exhausting administrative remedies. See, Hassan v. Louisiana Department of Transportation and Development, 923 F.Supp. 890 (W.D. La. 1996). Defendants alleged in their Third Party Demand that the Government was negligent in the design, construction and maintenance of the MRGO, and that the Government's negligence caused or exacerbated the flooding of the St. Rita Nursing Home. The Government in turn removed this action and many others to federal court.

The gist of Plaintiffs' Motion to Remand is that the Government is immune from suit by virtue of the "discretionary function" exception to the FTCA and pursuant to the immunity granted by the Flood Control Act of 1928, 33 U.S.C. §702(c). Neither of these issues is properly presented in a Motion to Remand. The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense. The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal. Devore v. City of Mesa, 783 F.Supp. 452 (D. Ariz. 1991). The Court is required to assume that all factual allegations of the Complaint are true. Keenan v. Unum Provident Corp., 252 F.Supp.2d 163 (E.D. Pa. 2003). The burden is on the non-movant to show that the case was properly removed. Nicholas v. Southeast Health Plan, 859 F.Supp. 553 (S.D.Ala. 1993).

The present motion is tantamount to a motion to dismiss the United States. Plaintiffs clearly lack standing to bring such a motion. In any event, the jurisdiction of this Court is clear. The United States of America is currently a party, and clearly claims against the United States are within the jurisdiction of the federal district courts. The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a). If and when the Government files a motion to dismiss and prevails, then plaintiff may urge that the case be remanded to state court.

As to the substance of the motion, the "discretionary function" exception and interplay between *Graci v. United States,* 456 F.2d 20 (5th Cir. 1971) and *Central Green Co. v. United States,* 531 U.S. 425 (2001), have been the subject of motions filed by the Government in proceedings before Judge Duval. Judge Duval took those matters under advisement on October 27, 2006. Should this Court reach the merits of the motion, rather than rehash those arguments, defendants would refer the Court to "Plaintiffs' Opposition to the Government's Motion to Dismiss" filed in C.A. 05-4182, R.Doc. 1003-1. A copy is appended hereto as Exhibit 1, and to the extent an opposition on the merits is required, defendants adopt the arguments contained therein. Defendants would also ask the Court to observe that the discretionary function defense was rejected in the *Graci* litigation which dealt with flooding caused by the MRGO during Hurricane Betsy. *See*, 301 F.Supp. 947 (E.D. La. 1969).

For the foregoing reasons, defendants request that the Motion to Remand be denied.

3

Respectfully submitted, this 21 day of November 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana 70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 21 day of November 2006.

_____

4