34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NUMBER:   **106 535**   DIVISION:

**A**

JANE D. DORAND,
JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, MABEL BUFFONE MANGANO
and ABC INSURANCE COMPANY

FILED: ___JUN 2 9 2006___   ~~DEPUTY~~ CLERK: _Lisa R. Torres_
___@2:35 p.m___

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, JANE D.
DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY, all
persons of the full age of majority and domiciled in the Parish of St. Bernard, State of
Louisiana, who with respect aver as follows:

I.

Made defendant herein are:

A)    BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME (herein referred to
      as St. Rita's), a domestic corporation authorized to do and doing business
      in the Parish of St. Bernard, State of Louisiana;

B)    SALVADOR A. MANGANO, a person of the full age of majority,
      domiciled in the Parish of St. Bernard, State of Louisiana;

C)    MABEL BUFFONE MANGANO, a person of the full age of majority,
      domiciled in the Parish of St. Bernard, State of Louisiana; and

D)    ABC INSURANCE COMPANY, an insurance corporation whose identity
      is currently unknown, but believe to have issued a policy of insurance
      insuring defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING

GOVERNMENT
EXHIBIT
A

HOME, SALVADOR A. MANGANO, and MABEL BUFFONE MANGANO.

## II.

Petitioners aver that the above named defendants are liable to your petitioners for the wrongful death and a survivors' action for the death of their late mother, JANE DANTONI DENLEY.

## III.

Petitioners aver that JANE DANTONI DENLEY was an eighty (80) year old female and resident of St. Rita's Nursing Home from 2003 through August 29, 2005.

## IV.

Petitioners aver that on Friday, August 26, 2005 they were assured by employees and representatives of the nursing home that the nursing home had an evacuation plan and that the residents would be evacuated in order to protect their safety should the request from governmental authorities be made.

## V.

Petitioners aver that they and the residents were led to believe they would be evacuated in light of the strength and size of Hurricane Katrina.

## VI.

Petitioners aver that defendant, ST. RITA'S NURSING HOME, SALVADOR MANGANO, and MABEL BUFFONE MANGANO and its employees, nurses and other representatives were negligent in the cause of their mother's death in the following non-exclusive of particulars:

A)  Failure to have in place an evacuation plan and/or follow the evacuation plan and protocol;

B)  Failure to heed the warnings of St. Bernard Parish Government Officials upon the request of a voluntary evacuation and mandatory evacuation;

C)  Failure to accept transportation and evacuation requests from St. Bernard Parish Authorities;

D)    By abandoning the residents of St. Rita's Nursing Home;

E)    Failing to have an appropriate plan to evacuate the patients in the event of an emergency such as Hurricane Katrina; and

F)    Any and all other acts of negligence as will be proven more fully at the trial of this matter.

VII.

Petitioners, JANE D. DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY, aver that they are entitled to reasonable compensation for damages as a result of the wrongful death of their mother, JANE DANTONI DENLEY and for all damages due JANE DANTONI DENLEY had she survived, for the pain, suffering, and mental anguish that she sustained prior to her death on or about August 29, 2005 and/or sometime thereafter.

VIII.

Petitioners aver that the ABC INSURANCE COMPANY at all times herein had a policy of insurance in favor of BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and/or MABEL BUFFONE MANGANO insuring the said defendants for the acts of negligence as set forth herein above and is therefore liable jointly and *in solido* with the said defendants.

**WHEREFORE,** plaintiffs, JANE D. DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY, pray that defendants be served with a certified copy of this Petition and that they be required to answer the same and that after all due proceedings had there be judgment in favor of petitioners, JANE D. DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and RONNIE J. DENLEY, and against the defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL BUFFONE MANGANO, and ABC INSURANCE COMPANY for

all damages as are just and reasonable in the premises herein, together with interest

from date of judicial demand and for all costs of these proceedings.

The petitioners further pray for all other just and equitable relief.

Respectfully submitted:

DYSART & TABARY, L.L.P.

DANIEL L. DYSART (#5156)
PAUL A. TABARY, III (#12623)
3510 N. Causeway Blvd.
Suite 600
Metairie, LA 70002
Telephone: (504) 838-7580

**PLEASE HOLD SERVICE:**

**BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME**

**SALVADOR A. MANGANO**

**MABEL R. MANGANO**

JANE D. DORAND, et al

versus

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, et al

TO:   COMMISSIONER OF INSURANCE
      P.O. BOX 94214
      BATON ROUGE, LA 70804
FROM: CLERK OF COURT, PARISH OF <u>ST BERNARD</u>

RE: R.S. 9:2800:7                           REPORTING FORM

   Section A shall be obtained by the Clerk of Court at the time suit is filed and submitted to the Commissioner of Insurance within 30 days of filing.  Section A shall also be completed at the time judgment becomes definitive.

A.  INITIAL INFORMATION
 1.  Caption of Suit:                              **106 535**

  a) Parish: <u>ST BERNARD</u>    b) Docket No.:
  c) Judicial district: __34TH__   d) Filing Date:  **JUN 2 9 2006**
  e) Type Suit: __DAMAGES__
   1. ____ Auto       7. ___ Professional Liability
   2. ____ Uninsured Motorist    ___ a. Medical
   3. ___ Government Liability   ___ b. Legal
   4. ___ General Liability    ___ c. Architectural
   5. ___ Products Liability    ___ d. Accounting
   6. ___ Property Damage    ___ e. Engineering
             X ___ Other
 2.  Nature of Injuries (If ascertainable from Petition): ___ Wrongful death

   Section B shall be obtained by the Clerk of Court and submitted to the Commissioner of Insurance within 30 days of definitive judgment.  (Section A(1)a-c must also be completed in order to accurately report.)

B.  JUDGMENT INFORMATION
 1.  Judgment by Merit Trial:
  a) ___ Judge ____ Jury
  b) ____ For the Plaintiff ____ For the Defendant
  c) ____ Judgment awarded, exclusive of interest and costs:
   1. ___ -0-
   2. ___ -0- but less than $10,000
   3. ___ $10,000 but less than $25,000
   4. ___ $25,000 but less than $50,000
   5. ___ $50,000 but less than $100,000
   6. ___ $100,000 but less than $250,000
   7. ___ $250,000 but less than $500,000
   8. ___ $500,000 but less than $750,000
   9. ___ $750,000 but less than $1,000,000
   10. ___ $1,000,000 but less than $2,000,000
   11. ___ $ 2,000,000 or more
 2.  Appeal Status:
  a) ____ Appeal Entered   b) ____ No Appeal Entered
   Section C shall be completed by the Clerk of Court and submitted to the Commissioner of Insurance within 30 days of dismissal.

C.  DISMISSAL INFORMATION
 1.  Date of dismissal: _____
 2. ____ With prejudice       Without prejudice

D.  A processing fee of $10.00 shall be taxed as costs of court in each suit on which the information required by this Section is submitted by the Clerk of Court.  Upon rendering of judgment under Section B of this form or dismissal under Section C of this form, $5.00 shall be paid to the Commissioner of Insurance by the Clerk of Court and $5.00 shall be retained by the Clerk from the court costs paid in Section D.

CLERK OR DEPUTY CLERK: _____

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535

DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

JUL 2 0 2006

FILED: _____

DEPUTY CLERK /S/Betty Borne

### ANSWER

NOW INTO COURT, through undersigned counsel comes, Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter referred to as "St. Rita's"), Salvador A. Mangano and Mabel B. Mangano, made defendants herein who respond to plaintiffs' Petition for Damages as follows:

1.

The statuses of Buffman, Inc., Salvador A. Mangano and Mabel Buffone Mangano as described in Paragraph I of plaintiffs' Petition for Damages are admitted. The remainder of the allegations of status set forth in Paragraph I of plaintiffs' Petition for Damages are denied.

2.

The allegations set forth in Paragraph II of plaintiffs' Petition are denied.

3.

Defendants admit that Jane Dantoni Denley was a resident of St. Rita's Nursing Home through August 29, 2005. The remainder of the allegations as set forth in Paragraph III of plaintiffs' Petition for Damages are denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph IV of plaintiffs' Petition for Damages are denied.

5.

The allegations contained in Paragraph V of plaintiffs' Petition for Damages are denied.

6.

The allegations contained in Paragraph VI of plaintiffs' Petition for Damages are denied.

7.

The allegations contained in Paragraph VII of plaintiffs' Petition for Damages are denied.

8.

The allegations contained in Paragraph VIII of plaintiffs' Petition for Damages are denied.

AND NOW FURTHER ANSWERING, defendants aver and would show that:

9.

At all pertinent times the defendants acted reasonably and appropriately and in consideration of the best interests of Jane Dantoni Denley and no intentional or negligent conduct on the part of these defendants or their employees caused or contributed to the damages allegedly sustained by the plaintiffs.

10.

Defendants aver that the damages allegedly suffered herein by the plaintiffs were the result of an unfortunate and unprecedented catastrophic force of nature, or *force majeure,* and nothing that these defendants did or failed to do, either negligently or intentionally caused or contributed in any way to the damages alleged to have been suffered by the plaintiffs herein.

**FIRST AFFIRMATIVE DEFENSE**

Defendants aver that the damages allegedly suffered herein by the plaintiffs were the result of a failure of the levee system which occurred after hurricane Katrina had passed beyond St. Bernard Parish.

## SECOND AFFIRMATIVE DEFENSE

St. Rita's Nursing Facility timely filed its Emergency Operations Plan with the St. Bernard Office of Emergency Preparedness.

## THIRD AFFIRMATIVE DEFENSE

Defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by the failure of the plaintiffs to retrieve their mother from St. Rita's and to provide for her evacuation.

## FOURTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative, that any damages allegedly suffered by the plaintiffs were caused by a superseding force of events beyond the control of these defendants and for which neither responsibility nor liability can be imputed or imposed.

## FIFTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative, that any damages allegedly suffered herein were caused by the fault, negligence, lack of care, and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

## SIXTH AFFIRMATIVE DEFENSE

In the further alternative, defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by their own negligence and defendants plead the contributory comparative fault of the plaintiffs as a defense.

## SEVENTH AFFIRMATIVE DEFENSE

In the further alternative, any alleged injuries or damages to the plaintiffs occurred as a result of preexisting conditions, causes or damages and/or by coincidental damages which are completely unrelated to plaintiffs' allegations against these defendants and operate to bar and or reduce any recovery due to plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that the plaintiffs have alleged acts of negligence which constitute medical malpractice or any negligence in the care and treatment of Jane Dantoni Denley, and that such negligence caused or contributed to the injuries sustained by the plaintiffs, such claims are subject to the provisions of the Louisiana Medical Malpractice Act La. R.S. 40:1299.41 *et seq* (the "MMA").

At all pertinent times herein Buffman, Inc. a/k/a St. Rita's Nursing Home was and is a qualified healthcare provider under the MMA and is entitled to the protections afforded therein, including but not limited to limitation on its liability pursuant to the provisions of La. R.S. 40:1299.42B(2).

WHEREFORE, Buffman, Inc. d/b/a St. Rita' s Nursing Home, Salvador Mangano, Mabel B. Mangano, pray that their Answer be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of these defendants and against the plaintiffs, dismissing plaintiffs' claims with prejudice at plaintiffs' cost and awarding defendants attorneys fees and costs.

Respectfully submitted, this 18th day of July, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 7043
Telephone:    985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 18th day of July, 2006.

_____
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535                                                    DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

FILED: __JUL 2 0 2006__                         DEPUTY CLERK

                                                /S/Betty Borne

## REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita' s Nursing Home, Salvador A. Mangano and Mabel B. Mangano defendants, who

pursuant to L.S.A.-C.C.P. Article 1572, move this Court for written notice ten (10) days

in advance of the date fixed for the trial or hearing on any exception, motion rule or trial

on the merits in the captioned proceeding, and pursuant to L.S.A. C.C.P. Articles 1913

and 1914, request immediate notice of all interlocutory and final orders and judgments

on any exception, motions, rules or the trial on the merits in the captioned proceeding.

**WHEREFORE**, the premises considered, defendants, Buffman, Inc. d/b/a St.

Rita's Nursing Facility, Salvador Mangano and Mabel Mangano request that they be

furnished with the above specified information.

Respectfully submitted, this 18 day of July, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR.  (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 7043
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this ___ day of July, 2006.

LOUIS G. SPENCER

SUPREME COURT OF LOUISIANA

JUL 28 2006

_Shirley Dese_
DEPUTY CLERK

O R D E R

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Judge Kirk A. Vaughn to assign a judge _ad hoc_ to the Thirty-Fourth Judicial District Court in the below mentioned matters because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Frank Foil to accept such assignment,

IT IS ORDERED THAT:

Retired Judge Frank Foil be and he is hereby assigned as judge _ad hoc_ of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of Case Nos. 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473; 105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-062; 106-254; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-535; on the docket of said court, subject to the completion of any unfinished business.

This order shall not deprive the judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, of their offices as judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Frank Foil of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting _ad hoc_ or _pro tempore_ assistance shall have the duty and obligation of providing the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable _ad hoc_ or _pro tempore_ judges to fulfill their obligations.

The judge assigned to sit _ad hoc_ or _pro tempore_ hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this __22__ day of July, A.D., 2006, New Orleans, Louisiana.

FOR THE COURT:

_Pascal F. Calogero_
Pascal F. Calogero, Jr., Chief Justice

SUPREME COURT OF LOUISIANA
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Jeffrey C. Collins_
Jeffrey C. Collins
Chief Deputy Clerk of Court

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535

DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

FILED: _____ JUL 2 0 2006 _____

DEPUTY CLERK

/S/Betty Borne

### REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador A. Mangano and Mabel B. Mangano defendants, who

pursuant to L.S.A.-C.C.P. Article 1572, move this Court for written notice ten (10) days

in advance of the date fixed for the trial or hearing on any exception, motion rule or trial

on the merits in the captioned proceeding, and pursuant to L.S.A. C.C.P. Articles 1913

and 1914, request immediate notice of all interlocutory and final orders and judgments

on any exception, motions, rules or the trial on the merits in the captioned proceeding.

**WHEREFORE**, the premises considered, defendants, Buffman, Inc. d/b/a St.

Rita's Nursing Facility, Salvador Mangano and Mabel Mangano request that they be

furnished with the above specified information.

Respectfully submitted, this 18 day of July, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 7043
Telephone:  985-898-0504

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this ___ day of July, 2006.

LOUIS G. SPENCER

**34th JUDICIAL DISTRICT COURT**

**PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

**NUMBERS 105-433, 105-733, 105-889, 105-936, 106-254,**

**106-535, 106-061, 106-334, 106-335**

**FILED**

AUG 07 2006

*Lisa J. ___*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

FILED *August 7, 2006*

*Elizabeth A. Ruiz*

**DEPUTY CLERK**

/S/Elizabeth A. Ruiz

**ORDER SETTING STATUS CONFERENCE**

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Thursday, September 14, 2006, at 2:00 P.M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the 2nd day of August, 2006.

_____
FRANK FOIL
Judge Ad Hoc

**Please send notice to:**

The Attorneys whose names and addresses are listed as Group 3 on the attached sheet.

**FILED**

AUG 0 7 2006

*[signature]*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

Group 3

105-433     William R. Mustain
            Stanga & Mustain
            3177 22nd St., Suite 6
            Metairie, LA 70002

105-733     James B. Guest
            1900 32nd St.
            Kenner, LA 70065

105-889     Michael C. Code
            J. A. "Jay" Beatmann, Jr.
            3445 N, Causeway Blvd., Suite 724
            Metairie, LA 70002

105-936     Dyzart & Tabary
106-254     3519 N. Causeway Blvd., Suite 600
106-535     Metairie, LA 70002

106-061     (1) Ieyoub & Landry
            8180 YMCA Plaza, Suite C
            Baton Rouge, LA 70810
            (2) Couhig Partners
            One American Place
            Baton Rouge, LA 70825

106-334     Nix, Patterson & Roach
106-335     401 Edwards St.
            8th Floor, Suite 820
            Shreveport, LA 71101

All cases    (1) Emmett, Cobb, Waits & Henning
             1515 Poydras St., Suite 1950
             New Orleans, LA 70112
             (2) Jeremy Goux
             417 N. Theard St.
             Covington, LA 70433

FILED

AUG 07 2006

*[signature]*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

Group 3

| | |
|---|---|
| 105-433 | William R. Mustain<br>Stanga & Mustain<br>3177 22nd St., Suite 6<br>Metairie, LA 70002 |
| 105-733 | James B. Guest<br>1900 32nd St.<br>Kenner, LA 70065 |
| 105-889 | Michael C. Code<br>J. A. "Jay" Beatmann, Jr.<br>3445 N, Causeway Blvd., Suite 724<br>Metairie, LA 70002 |
| 105-936<br>106-254<br>106-535 | Dyzart & Tabary<br>3519 N. Causeway Blvd., Suite 600<br>Metairie, LA 70002 |
| 106-061 | (1) Ieyoub & Landry<br>8180 YMCA Plaza, Suite C<br>Baton Rouge, LA 70810<br>(2) Couhig Partners<br>One American Place<br>Baton Rouge, LA 70825 |
| 106-334<br>106-335 | Nix, Patterson & Roach<br>401 Edwards St.<br>8th Floor, Suite 820<br>Shreveport, LA 71101 |
| All cases | (1) Emmett, Cobb, Waits & Henning<br>1515 Poydras St., Suite 1950<br>New Orleans, LA 70112<br>(2) Jeremy Goux<br>417 N. Theard St.<br>Covington, LA 70433 |

## 34th JUDICIAL DISTRICT COURT

## PARISH OF ST. BERNARD

## STATE OF LOUISIANA

### NUMBERS 105-433, 105-733, 105-889, 105-936, 106-254, 106-535, 106-061, 106-334, 106-335

**FILED**

AUG 0 7 2006

*Lou 2 Ruiz*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

FILED _August 7, 2006_          *Elizabeth A. Ruiz*

**DEPUTY CLERK**

/S/Elizabeth A. Ruiz

### ORDER SETTING STATUS CONFERENCE

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Thursday, September 14, 2006, at 2:00 P.M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the 2nd day of August, 2006.

**FRANK FOIL**
Judge Ad Hoc

**Please send notice to:**

The Attorneys whose names and addresses are listed as Group 3 on the attached sheet.

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO 106-535                            DIVISION A

Jane D. Dorand, Jammie A. Denley, Peggy Denley
and Ronney J. Denley
VS

Buffman,Inc. d/b/a St. Rita's Nursing Home,
Salvador A. Mangano, Mabel Buffone Mangano and ABC
Insurance Company

FILED:    AUG 2 2 2006                      _____ Deputy Clerk
          @10:35Am                          /S/ JENNIFER L. MATLOCK

**JURY ORDER**

Considering the request for a jury trial filed herein:

**IT IS ORDERED** that this matter shall be tried by a jury, subject to compliance with the
requirements and in accordance with La. R.S. 13:3049(B) and La. C.C.P. Article 1734.1, requiring cash
deposits in lieu of bond to defray the additional costs of a jury trial;

1.  The party seeking the trial by jury shall make a cash deposit for jury costs, in lieu
    of a jury bond, in an amount of **Two Thousand ($2,000.00) and no/100 Dollars**
    for the first day and **Four Hundred ($400.00) and no/100 Dollars**
    per day for each additional day.    The deposit shall be made sixty (60) days
    prior to the commencement of the jury trial.

2.  In the event the party requesting the jury trial fails to make the deposit for
    jury costs, such failure shall entitle any other party to this litigation to request
    a jury trial within ten (10) days after the date on which the deposit for jury costs
    were due by the party initially requesting the jury trial, by compliance with
    the requirements of law and this order in timely making the required deposits
    to pay the additional costs of a jury trial.

3.  The failure of the party initially requesting the jury trial or any other party to timely post the
    required deposits shall result in a waiver of the right to a trial by jury and no jurors may be
    summoned for service as jurors in this trial.

4.  On the date on which the jury trial is commenced and during the course of the trial, the Court
    shall require the cash deposit of additional sums to pay expenses and costs in excess of the
    cash deposit provided for herein.

5.  The Court may require an additional amount to
    insufficient to pay jury costs.

This Order is entered at Chalmette, Louisiana, on this ___

                                            _____
                                            DISTRICT

Requested by
Susan Henning
Emmett, Cobb, Waits & Henning
Attys for Buffman
(D-1)

7006 0810 0006 3463 3508

U.S. Postal Service
CERTIFIED MAIL. RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $

EMMETT, COBB, WAITS & HENNING
MS. SUSAN E. HENNING, ATTY.
1515 POYDRAS ST., SUITE 1950
NEW ORLEANS, LA 70112
# 106-535 JM (D-1) SEPT. 14, 2006

OFFICIAL USE

PS Form 3800, June 2002          See Reverse for Instructions

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535                                                    DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

AUG 2 9 2006

FILED: _____ 1:34pm          DEPUTY CLERK

/S/Gwen S. Loze

## MOTION FOR LEAVE TO FILE
## THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Mabel Mangano, Salvador Mangano and Buffman, Inc., d/b/a St. Rita's Nursing Home, made defendants herein, and for the reasons more fully set forth in the attached memorandum, pursuant to La. Code of Civil Procedure Article 1111, move for leave of Court to file a Third Party Demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

This matter is not set for trial, and the filing of this incidental demand will not retard the process of the principal action.

Respectfully submitted, this _29th_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _Susan E Henning_

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _29th_ day of August, 2006.

_Susan E Henning_
SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535                                                    DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

FILED: _____ AUG 2 9 2006 _____          _____
                                              DEPUTY CLERK
                                              /S/Gwen S. Loze

## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO FILE THIRD PARTY DEMAND

**MAY IT PLEASE THE COURT:**

Plaintiffs in the principal demand have filed suit against Mabel Mangano, Salvador Mangano and Buffman, Inc. in which they allege, among other things, that the defendants failed to evacuate St. Rita's Nursing Home prior to Hurricane Katrina's landfall. Defendants have denied and continue to deny any negligence on their part. Defendants seek to bring a third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that defendants are cast in judgment. Defendants also seek to bring this action to assert apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

Pursuant to Louisiana Code of Civil Procedure Article 1033, defendants move for leave of Court to file a third party demand in this matter. Although Answer in the principal demand has been filed, the matter is not set for trial and the filing of an incidental demand by these defendants will not retard the progress of the principal action.

Accordingly, Mabel Mangano, Salvador Mangano and Buffman, Inc. wish to file a third party demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as

Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard as parties to these proceedings.

Respectfully submitted, this 29th day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:   985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 29th day of August, 2006.

_____
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535                                          DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

**AUG 2 9 2006**

FILED: _____

DEPUTY CLERK
/S/Gwen S. Loze

## ORDER

Upon consideration of Motion for Leave to File Third Party Demand filed by

defendants Mabel Mangano, Salvador Mangano and Buffman, Inc. and the

Memorandum in Support thereof;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Motion for

Leave to File Third Party Demand filed by Mabel Mangano, Salvador Mangano and

Buffman, Inc. d/b/a St. Rita's Nursing Home, be and same is hereby GRANTED.

St. Bernard, Louisiana this 14th day of SEPTEMBER, 2006.

FRANK FOIL
JUDGE AD HOC

3

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 106-535                                                      DIVISION "A"

JANE D. DORAND, JAMMIE A. DENLEY,
PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO and ABC INSURANCE COMPANY

_Sept 14, 2006_                              _Elizabeth C. Ruiz_
FILED: _____              DEPUTY CLERK
                                                      /S/Elizabeth A. Ruiz

**THIRD PARTY DEMAND**

NOW INTO COURT, through undersigned counsel, come defendants Salvador

A. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home  and for

their third party demand against: the United States of America, Kathleen Blanco, in her

official capacity as Governor of the State of Louisiana; State of Louisiana, Department

of Transportation and Development; Johnny Bradberry, in his official capacity as

Secretary, Louisiana Department of Transportation and Development; State of

Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official

capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of

the Attorney General; Charles Foti, in his official capacity as Attorney General, State of

Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official

capacity as President, Parish of St. Bernard, respectfully aver as follows:

I.

Defendants bring this third party demand pursuant to Article 1111 of the

Louisiana Code of Civil Procedure.

II.

On August 29, 2005, Hurricane Katrina passed through St. Bernard Parish, the

effects of which caused significant breaches in the Lake Borgne Basin Levee system

resulting in flooding of the entire parish.  As a consequence of this catastrophic flooding,

St. Rita's Nursing Home, which is owned and operated by defendant Buffman, Inc., was severely damaged and thirty five residents of the home perished.

### III.

The petition filed against defendants, alleges, among other things, that defendants negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall. Defendants have denied and continue to deny any negligence on their part.

### IV.

Defendants bring this third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that defendants are cast in judgment herein. Defendants also bring this action seeking apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

### V.

Made third party defendants are the following:

(a)     The United States of America;

(b)     Kathleen Blanco, in her official capacity as Governor of the State of Louisiana;

(c)     State of Louisiana, Department of Transportation and Development;

(d)     Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development;

(e)     State of Louisiana, Department of Health and Hospitals;

(f)     Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals;

(g)     State of Louisiana, Department of Justice, Office of the Attorney General;

(h)     Charles Foti, in his official capacity as Attorney General, State of Louisiana;

(i)     the Lake Borgne Basin Levee District, which is a political subdivision of the State of Louisiana; and

(j)     Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

## CLAIMS AGAINST DEPARTMENTS AND OFFICIALS

## OF THE STATE OF LOUISIANA

VI.

On or about July 11, 2005, Governor Blanco adopted the Louisiana Emergency Operations Plan by Executive Order KBB 2005-18.  Defendants Bradberry, Foti and Cerise were also signatories to the Emergency Operations Plan ("EOP").  In addition to the terms of the EOP itself, the EOP incorporated as a separately published supplement the Southeast Louisiana Hurricane and Evacuation Plan (Supplement 1A).

VII.

The EOP mandates the responsibilities of state officials and agencies in the event of an emergency.  The EOP "assigns responsibilities for actions and tasks that the State will take to provide for safety and welfare of its citizens against the threat of natural disasters." (EOP, at Section I, page 1)

VIII.

Governor Blanco declared a state of emergency on the evening of August 26, 2005 as Hurricane Katrina approached, thus triggering the provisions of the EOP.

IX.

Pursuant to the EOP, Governor Blanco was charged with the "overall responsibility for emergency management in the state." (EOP, at Section IV, page 7). The Governor is also responsible for the coordinated delivery of all emergency services, public, quasi-volunteer, and private, during a natural, technological and/or national security emergency/disaster situation.  (EOP, at Section V, page 9).  By reason of her overall responsibility for emergency management, Governor Blanco had an obligation to make sure that the State was in compliance with its own EOP.  By reason of the failures to follow the EOP, which are detailed below, Governor Blanco failed to discharge her overall responsibility for emergency management and such failure caused and/or contributed to the damages alleged by the plaintiffs, and for which Defendants deny liability.

X.

Pursuant to the EOP, State departments, agencies and offices are required to carry out the responsibilities designated in Attachment 3 to the EOP, which is entitled

"State Agency Emergency Support Functions ("ESF")."  The EOP requires that these departments or agencies, including defendants Department of Transportation and Development, Department of Health and Hospitals, and Department of Justice, Office of the Attorney General, "organize, supervise and coordinate all the activities that take place in its functional area."  (EOP, at Section IV, page 7).

XI.

ESF 1 imposes primary responsibility for emergency transportation on the Louisiana Department of Transportation and Development ("LDOTD").  ESF imposed a duty on LDOTD to designate a coordinator to "develop plans and procedures to mobilize transportation and support emergency evacuation for at risk populations."  (ESF 1, at Section III(B)(1))

XII.

Upon information and belief, LDOTD did nothing to carry out the responsibilities imposed upon it under the EOP and ESF 1.  LDOTD did nothing to provide transportation to persons at risk to permit them to evacuate prior to Hurricane Katrina. LDOTD did nothing to mobilize transportation and support emergency evacuation for the residents of the St. Rita Nursing Home.  Johnny Bradberry, Secretary, has admitted in testimony before the United States Congress that he failed to carry out the responsibilities imposed on his department by the EOP.  Secretary Bradberry's admitted inaction and failure to act caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability.

XIII.

ESF 13 deals with Public Safety and Security.  Pursuant to this ESF, the Louisiana Department of Justice ("LDOJ") "ensures that operations are taken in accordance with the legal authority of the state."  (ESF 13, at Section III).  Pursuant to this language, the Department of Justice, Office of the Attorney General, had the responsibility to monitor the compliance of other departments with the EOP.  Appendix 2 to ESF 13 shows that with respect to safety and security, all other state departments, including LDOTD, reported to and assisted the Department of Justice.

XIV.

Upon information and belief, the Department of Justice and third party defendant Foti failed to carry out their duties and responsibilities under ESF 13 in that they did nothing to monitor and assure compliance by LDOTD and the Louisiana Department of Health and Hospitals with their obligations under the EOP. Such failures caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability.

XV.

Supplement 1A to the EOP is the Southeast Louisiana Hurricane Evacuation Plan. Pursuant to this Plan, the Louisiana Department of Health and Hospitals ("LDHH") was charged with the responsibility to "coordinate the evacuation and sheltering of people who have special medical and health needs." (Page 11) The plan further imposed a duty on LDHH to "call all nursing homes and other custodial care organizations in risk areas to make sure they are prepared to evacuate their residents." (Page 17) This Plan also required that once evacuation was recommended, LDHH was required to "mobilize State transportation resources to aid in the evacuation of people who have mobility and/or health problems." (Page 19)

XVI.

Upon information and belief, LDHH and defendant Cerise did not comply with the provisions of this Plan. They did not call St. Rita's Nursing Home as required by the Plan, and offered no State transportation resources to evacuate the residents of St. Rita's Nursing Home. Such failures on the part of LDHH and Secretary Cerise caused and/or contributed to the damages alleged by the plaintiffs and for which the defendants deny liability.

XVII.

By reason of their breaches of the EOP, and the failure of the State or its agencies to offer transportation resources to at-risk residents, should defendants be cast in judgment herein, then defendants Blanco, LDTOD, LDOJ, LDHH, Bradberry, Foti and Cerise are liable to third party plaintiffs by way of indemnity or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code.

**CLAIMS AGAINST THE LAKE BORGNE BASIN LEVEE DISTRICT**

XVIII.

The Lake Borgne Basin Levee District was created by Act of the Louisiana Legislature codified at L.R.S. 38:327. Pursuant to this Act, the Board was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction. The Act specifically granted to the Lake Borgne Basin Levee District authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion.

XIX.

By law, all levee districts, including this third party defendant, are required to engage in flood protection and in the construction and maintenance of levees. L.R.S. 38:325. By law, all levee districts and their commissioners, including this third party defendant, have the responsibility for the care and inspection of levees. L.R.S. 38:301(B).

XX.

The levees protecting St. Bernard Parish and St. Rita's Nursing Home failed in some instances during Hurricane Katrina, and were overtopped in others. Following the storm, it was determined by independent engineers that the levees in St. Bernard Parish had subsided significantly since their initial construction. These independent studies concluded that this change in elevation also caused and contributed to the failure and overtopping of levees in St. Bernard Parish. A principal author of one of these studies, Professor Robert Bea of the University of California, has stated publicly that these elevation changes were ignored.

XXI.

Third party plaintiffs aver upon information and belief that the Lake Borgne Basin Levee District failed to discharge its statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability. Pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to third party plaintiffs by way of indemnity or contribution in tort should third party plaintiffs be cast in judgment herein.

## CLAIMS AGAINST HENRY J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS

## PRESIDENT OF ST. BERNARD PARISH

XXII.

By law, a local disaster or emergency may only be declared by a parish president. Any such order which declares a local emergency must be given prompt and general publicity and must be filed with the office of emergency preparedness and the office of the clerk of court. L.R.S. 29:727 (D). Once such an order is issued, the parish president also has the authority to direct and compel the evacuation of all or part of the population from the stricken or threatened area.

XXIII.

No written mandatory evacuation order was issued by Mr. Rodriguez or his designee as Hurricane Katrina approached. It is unclear whether any verbal mandatory evacuation order was ever given. If such a verbal order was given, then Mr. Rodriguez failed in his duty to give prompt and general publicity, as third party plaintiffs were never informed of any mandatory evacuation order. Mr. Rodriguez also failed in his responsibility to issue a written order as required by law or to appoint a nominee to do so in the event of his incapacity and inability to perform that responsibility.

XXIV.

Should third party plaintiffs be cast in judgment herein for a failure to evacuate St. Rita's Nursing Home, then third party plaintiffs aver that such failure was caused or contributed to by the failure of third party defendant Rodriguez to timely issue an evacuation order, or alternatively, in failing to put such order in writing and to assure dissemination of such order to third party plaintiffs. By reason of such failure, third party defendant Rodriguez is liable to third party plaintiffs by way of indemnity and/or contribution pursuant to Article 2315 of the Louisiana Civil Code.

## CLAIMS AGAINST THE UNITED STATES OF AMERICA

XXV.

These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* As this is filed as a third party demand, the requirement that third party plaintiffs first exhaust their administrative remedies is waived by statute. 28 U.S.C. § 2675(a). Moreover, this third

party claim may be brought in a state court, subject to the right of the United States to remove the entire action.  *Hassan v. Louisiana Department of Transportation & Development*, 923 F.Supp. 890 (W.D.La. 1996).

XXVI.

Venue is proper in this parish in that the claims giving rise to this third party action occurred in this parish.

XXVII.

The United States of America has waived its sovereign immunity in connection with these claims under 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

XXVIII.

The Mississippi River Gulf Outlet ("MRGO") is a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans.  Construction of the waterway was approved by Congress under the Rivers and Harbors Act in 1956.  The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers ("Corps of Engineers") in 1965.

XXIX.

The MRGO was originally designed to have a width of 650 feet and a depth of 36 feet.  The waterway was constructed in the shallow marsh areas of St. Bernard Parish and the Chandeleur Sound.  One of the primary justifications for the construction of the waterway was as a short-cut for vessels to enter the Port of New Orleans.

XXX.

The MRGO had known and foreseeable impacts on the environment of St. Bernard Parish.  Over time, the waterway caused the loss of thousands of acres of wetlands, including brackish marsh, saline marsh, and cypress swamps and forests. Over time and due to dredging activities done by the Corps of Engineers, the MRGO expanded in size, to a width in some places of over 2000 feet.  By 2005, this soil erosion, when coupled with the loss of wetlands, made the MRGO a conduit for storm surge and greatly increased the risk of flooding in the interior sections of St. Bernard Parish.

XXXI.

Wetlands such as those destroyed since the opening of the MRGO provide a natural barrier against tidal surge from storms and hurricanes. Wetlands loss from the construction and maintenance of the MRGO have made St. Bernard Parish and third party plaintiff's nursing home facility more vulnerable to the effect of storm surge. This was evident as early as 1965, when Hurricane Betsy created a tidal surge that moved up the MRGO and breached levees in Orleans Parish. Plaintiff's facility was not flooded by Hurricane Betsy. By 2005, however, the MRGO had expanded and caused erosion of wetlands that acted as a means for tidal surge to directly enter the populated areas of St. Bernard Parish.

XXXII.

During Hurricane Katrina, levees along the MRGO were breached in several different places in St. Bernard Parish where wetlands had been lost. These levees were also overtopped due to the magnitude of the storm surge that was not absorbed and lessened by the wetlands that previously had protected St. Bernard Parish. In areas where the wetlands had not been lost, the levees were not breached.

XXXIII.

When Hurricane Katrina struck, a massive storm surge traveled from Lake Borgne and the Gulf of Mexico via the MRGO, causing the destruction of the levees protecting the St. Rita Nursing Home from flooding. The magnitude of the storm surge was amplified by the presence of the MRGO and its environmental impacts. The storm surge and destruction of the levees in turned caused catastrophic flooding in St. Bernard Parish.

XXXIV.

The St. Rita Nursing Home sits on what is relatively high ground for St. Bernard Parish. Despite its elevation, on the morning of August 29, 2005, the facility became inundated in a matter of minutes to a depth of some six feet. Upon information and belief, third party plaintiffs aver that their facility would not have flooded, and the plaintiffs' decedents would not have perished but for the presence of the MRGO and its environmental impacts.

## XXXV.

The United States of America owed a duty of reasonable care to third party plaintiffs which was breached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein.

WHEREFORE, third party plaintiffs pray that process in due form of law may issue, citing the third party defendants to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in their favor, dismissing the petition at petitioner's cost; alternatively, should third party plaintiffs be cast in judgment herein, they pray that they may recover over against third party defendants by way of indemnity and/or contribution, together with all costs of these proceedings.

Respectfully submitted this _28_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
James A. Cobb, Jr. (La. 4213)
Susan E. Henning (La. 6793)
Louis G. Spencer (La. 26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone: (504) 581-1301
Fa...

10

PLEASE SERVE:

**The United States of America**
Service Pursuant to Rule 4, F.R.C.P.

Serve a copy on:
(1) **James Letten**
United States Attorney
Eastern District of Louisiana
500 Poydras Street, Suite B210
Hale Boggs Federal Building
New Orleans, Louisiana   70130

By Certified Mail by defendants to:

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC   20530-0001

**(2) Kathleen Blanco**
Governor of the State of Louisiana
Service pursuant to La.Code Civ.Pro. Art. 1265,
        L.R.S. 13:5107 and L.R.S. 39:1538
900 Third Street, Office of the Governor
Baton Rouge, Louisiana   70802

**(3) Louisiana Department of Transportation and Development**
1201 Capitol Access Road
Baton Rouge, Louisiana   70804

**(4) Johnny Bradberry**
1201 Capitol Access Road Room 302O
Baton Rouge, Louisiana   70804

**(5) Louisiana Department of Justice, Office**
**of the Attorney General, Charles Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

**(6) Louisiana Department of Health and Hospitals**
628 North Fourth Street
Baton Rouge, Louisiana   70802

**(7)  Frederick P. Cerise, M.D.**
628 North Fourth Street
Baton Rouge, Louisiana   70802

In order to comply with L.R.S. 13:5107 and L.R.S. 39:1538,
Please also serve on behalf of all State of Louisiana defendants:

**(8) Charles C. Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

and through:

**(9) Office of Risk Management**
1201 North Third Street
Baton Rouge, Louisiana   70802

**(10)  Lake Borgne Basin Levee District**
Through Robert Turner
6136 E. St. Bernard Highway
Violet, Louisiana   70092

**(11)  Henry J. Rodriguez**
8201 West Judge Perez Drive
St. Bernard Government Complex
Chalmette, Louisiana   70043