34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                    DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____SEP 0 6 2006_____          _____*Betty Borne*_____
              _830#_                                 DEPUTY CLERK

                                                     /S/Betty Borne

DILATORY EXCEPTION OF PREMATURITY
ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come Buffman Inc. d/b/a St.
Rita's Nursing Home ("St. Rita's"), Salvador Mangano, Sr. ("Mr. Mangano") and Mabel
Mangano ("Ms. Mangano") (collectively referred to as "Defendants"), who in response to the
plaintiff's Petition for Damages, do respectfully aver:

DILATORY EXCEPTION OF PREMATURITY
AND COMBINED MEMORANDUM

I.

Plaintiff has initiated claims for wrongful death and survival action against the named
parties alleging acts of negligence which resulted in the death of Janet Marie Parker.

II.

To the extent the allegations incorporated within Plaintiff's Petition for Damages are
determined to allege acts of medical negligence, Plaintiff's allegations are premature and
subject to dismissal pursuant to Louisiana Code of Civil Procedure Article 933 until such time
as a medical review panel has been established, has convened, and has rendered an opinion
regarding the alleged professional negligence of the defendant healthcare providers.    The
medical review panel process may be waived by consent of both parties pursuant to La. R.S.
40:1299.47(B)(1)(c).

GOVERNMENT EXHIBIT

III.

To the extent Plaintiff's claims fall within the express provisions of Louisiana Revised Statutes (LRS) 40:1299.41 *et seq*, known as the "Medical Malpractice Act." St. Rita's was enrolled in the Louisiana Patients' Compensation Fund and as such was a qualified healthcare provider at all pertinent times herein, therefore subject to the Medical Malpractice Act.

IV.

In accordance with LRS 40:1299.47A(1)(a), which states in pertinent part: "All malpractice claims against healthcare providers covered by this part . . . shall be reviewed by a medical review panel . . .". Additionally, "No action against a healthcare provider covered by this part . . . may be commenced in any court before the claimants' proposed complaint has been presented to a medical review panel established pursuant to this Section." [LRS 40:1299.47B(1)(a)(i)].

V.

Furthermore, plaintiff's suit or portions thereof may be subject to dismissal according to Louisiana Code of Civil Procedure (LCCP) Art. 933(A) which provides in pertinent part:

> "If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed."

VI.

To the extent a determination of medical negligence is made sometime in the future by this court or a higher court, Defendants reserve all rights afforded them as qualified health care providers covered by the Medical Malpractice Act, including therein their limitation of liability under LSA –R.S. 40:1299.41 *et seq*.

VII.

Accordingly, any allegations of medical negligence within plaintiff's petition are premature and subject to dismissal. Exceptors motion this court to set a date in which its Dilatory Exception of Prematurity may be heard.

## ANSWER

**AND NOW IN ANSWER TO PLAINTIFF'S PETITION** Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver:

### VIII.

Defendants deny each and every allegation contained within plaintiff's paragraph I, except to admit Salvador Mangano, Sr. and Mabel Mangano are persons of the age of majority and are displaced residents of the Parish of St. Bernard; and Buffman Inc., d/b/a St. Rita's Nursing Home is a Louisiana corporation authorized to do business in the State of Louisiana.

### IX.

Defendants deny each and every allegation contained within Plaintiff's paragraph II.

### X.

Defendants deny as written each and every allegation contained within Plaintiff's paragraph III.

### XI.

Defendants deny each and every allegation contained within Plaintiff's paragraph IV.

### XII.

Defendants deny each and every allegation contained within Plaintiff's paragraph V.

### XIII.

Defendants deny each and every allegation contained within Plaintiff's paragraph VI including subparts A through M.

### XIV.

Defendants deny each and every allegation contained within Plaintiff's paragraph VII for lack of sufficient information to justify a belief therein.

### XV.

Defendants deny as written each and every allegation contained within Plaintiff's paragraph VIII including subparts A through C, for lack of sufficient information to justify a belief therein.

XVI.

Defendants deny each and every allegation contained within Plaintiff's paragraph X.

XVII.

Furthermore, and in an abundance of caution, each and every allegation of any un-numbered or mis-numbered paragraphs or prayer for relief is denied.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver and would show:

XVIII.

At all pertinent times, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano, acted reasonably and appropriately and in consideration of the best interests of its resident, Janet Marie Parker and no intentional conduct or negligence on their part caused or contributed to the damages alleged in plaintiffs' petition.

XIX.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the damages allegedly suffered herein by the Plaintiff and the decedent were the result of an unfortunate and unprecedented *force majeure*.

XX.

Alternatively, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any damages allegedly suffered by the plaintiff were caused by a superceding force or events beyond the control of these defendants and for which neither responsibility nor liability could be imputed or imposed.

XXI.

Alternatively, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the damages allegedly suffered herein by the plaintiff were caused by the fault, negligence, lack of care and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

XXII.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any injuries allegedly sustained by plaintiff or the decedent were caused or contributed to by her own negligence and defendants plead the contributory/comparative fault of the plaintiff as a defense, including but not limited to the plaintiff's failure to remove her mother "out on pass" prior to Hurricane Katrina's landfall.

XXIII.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the injuries and/or damages allegedly suffered herein by the Plaintiff and her mother, were not the result of Hurricane Katrina but rather caused by the failure of the levee protection system which occurred post-Katrina.

XXIV.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that no clear communicated order from the St. Bernard Parish government broadcasted a mandatory evacuation to Mr. Mangano, Ms. Mangano, St. Rita's or the staff at St. Rita's Nursing Home prior to Hurricane Katrina's landfall.

XXV.

St. Rita's Nursing Facility timely filed its Emergency Operations Plan with the St Bernard Office of Emergency Preparedness.

XXVI.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano implemented their hurricane preparedness planning prior to August 27, 2005, planning with necessary generators, food, drinking water, water supply, medications, and staff.

XXVII.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver Hurricane Katrina passed through the Parish of St. Bernard without causing injury or harm to any resident of St. Rita's.

XXVIII.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any injuries and/or damages allegedly suffered by the plaintiff were the result of pre-existing conditions, causes, or damages and/or by coincidental damages which are unrelated to plaintiff's allegations against Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano and operate to bar and/or reduce any recovery due plaintiff.

XXIX.

At all pertinent times herein, Buffman, Inc. d/b/a St. Rita's Nursing Home was a qualified health care provider under the provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 *et seq.* ("MMA") and as such to the extent that Plaintiff has alleged any professional negligence in connection with the care or treatment provided to Janet Parker at St. Rita's, these Defendants are entitled to the protections afforded by the Louisiana MMA, including but not limited to, a right to have all allegations of professional negligence heard by a medical review panel and a limitation of the liability of the healthcare provider as set forth in the MMA.

XXX.

At all pertinent times, Defendants aver St. Rita's was a qualified health care provider pursuant to Act La. R.S. 40:1299.41 et seq., and, as such, it is entitled to all the benefits thereunder, including the limitation of liability, to the sum of $100,000.00 for any allegations of medical negligence asserted herein or in any supplemental or amending petition.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano pursuant to Louisiana Code of Civil Procedure Article 1572, move this Honorable Court for **written notice** ten (10) days in advance of the date fixed for the trial or hearing on any exception, motion, rule or trial on the merits in the above captioned proceeding, and pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, request immediate notice of all interlocutory and final orders and judgments on any exception, motions, rules or the trial on the merits in the above captioned proceeding.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano, pursuant to Louisiana Code of Civil Procedure Article 1733, demand a **jury trial** in this matter and are willing to post a bond in the amount and within the time set by this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 1734.

**WHEREFORE**, Exceptors, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano pray this court set a date and time in which their Dilatory Exception of Prematurity may be heard.

**WHEREFORE**, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano pray that the pleadings set forth herein be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of Defendants and against Plaintiff, dismissing plaintiff's claims with prejudice at plaintiff's cost and for all equitable relief therein. And, in the alternative, in the event Petitioner has alleged any acts of medical negligence as defined within the Louisiana Medical Malpractice Act, that liability be limited to the sum of $100,000.00, if proved, which is denied herein, as set forth in the aforesaid statute. Furthermore, Defendants reserve their rights to amend their answer and/or their affirmative defenses as allowed by law.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

<div style="border:1px solid">

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the above and foregoing has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 31st day of August, 2006.

Jeremy D. Goux
Martha D. Bowden

</div>

By: _____

**JEREMY D. GOUX, LBRN 25065**
**MARTHA D. BOWDEN, LBRN 28316**
417 North Theard Street
Covington, Louisiana 70433
Telephone:  985-898-0504
Facsimile:  985-898-0840

Susan E. Henning, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                          DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____SEP 0 6 2006_____          _____*Betty Borne*_____
                                                        DEPUTY CLERK

                                                        /S/Betty Borne

## ORDER

**IT IS ORDERED**, that, Nancy Alfonso, Individually and on behalf of Janet Marie

Parker, through counsel, appear before this Honorable Court on the _____ day of

_____ , 2006 at _____ o'clock _____ .m and show

cause if any there be, why the Defendants', Buffman, Inc. d/b/a St. Rita's Nursing Home,

Salvador Mangano, Sr. and Mabel B. Mangano, Dilatory Exception of Prematurity should not

be granted, dismissing Petitioner's claims against these Defendants with prejudice, at

plaintiff's costs, and for all costs of having to defend this claim.

Parish of St. Bernard, Louisiana this _____ day of _____, 2006.

_____
**JUDGE**

**PLEASE SERVE:**
**NANCY ALFONSO, Individually and on behalf of Janet Marie Parker,**
Through her counsel of record:
Gregory J. Noto, Esq.
Noto Law Firm
532 East Judge Perez Drive
Chalmette, Louisiana 70043

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____**SEP 0 6 2006**_____          /s/Betty Barto

                                                DEPUTY CLERK

### DILATORY EXCEPTION OF PREMATURITY
### ANSWER AND AFFIRMATIVE DEFENSES

    **NOW INTO COURT,** through undersigned counsel, come Buffman Inc. d/b/a St. Rita's Nursing Home ("St. Rita's"), Salvador Mangano, Sr. ("Mr. Mangano") and Mabel Mangano ("Ms. Mangano") (collectively referred to as "Defendants"), who in response to the plaintiff's Petition for Damages, do respectfully aver:

### DILATORY EXCEPTION OF PREMATURITY
### AND COMBINED MEMORANDUM

I.

    Plaintiff has initiated claims for wrongful death and survival action against the named parties alleging acts of negligence which resulted in the death of Janet Marie Parker.

II.

    To the extent the allegations incorporated within Plaintiff's Petition for Damages are determined to allege acts of medical negligence, Plaintiff's allegations are premature and subject to dismissal pursuant to Louisiana Code of Civil Procedure Article 933 until such time as a medical review panel has been established, has convened, and has rendered an opinion regarding the alleged professional negligence of the defendant healthcare providers.   The medical review panel process may be waived by consent of both parties pursuant to La. R.S. 40:1299.47(B)(1)(c).

III.

To the extent Plaintiff's claims fall within the express provisions of Louisiana Revised Statutes (LRS) 40:1299.41 *et seq*, known as the "Medical Malpractice Act." St. Rita's was enrolled in the Louisiana Patients' Compensation Fund and as such was a qualified healthcare provider at all pertinent times herein, therefore subject to the Medical Malpractice Act.

IV.

In accordance with LRS 40:1299.47A(1)(a), which states in pertinent part: "All malpractice claims against healthcare providers covered by this part . . . shall be reviewed by a medical review panel . . .". Additionally, "No action against a healthcare provider covered by this part . . . may be commenced in any court before the claimants' proposed complaint has been presented to a medical review panel established pursuant to this Section." [LRS 40:1299.47B(1)(a)(i)].

V.

Furthermore, plaintiff's suit or portions thereof may be subject to dismissal according to Louisiana Code of Civil Procedure (LCCP) Art. 933(A) which provides in pertinent part:

> "If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed."

VI.

To the extent a determination of medical negligence is made sometime in the future by this court or a higher court, Defendants reserve all rights afforded them as qualified health care providers covered by the Medical Malpractice Act, including therein their limitation of liability under LSA –R.S. 40:1299.41 *et seq*.

VII.

Accordingly, any allegations of medical negligence within plaintiff's petition are premature and subject to dismissal. Exceptors motion this court to set a date in which its Dilatory Exception of Prematurity may be heard.

## ANSWER

**AND NOW IN ANSWER TO PLAINTIFF'S PETITION** Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver:

VIII.

Defendants deny each and every allegation contained within plaintiff's paragraph I, except to admit Salvador Mangano, Sr. and Mabel Mangano are persons of the age of majority and are displaced residents of the Parish of St. Bernard; and Buffman Inc., d/b/a St. Rita's Nursing Home is a Louisiana corporation authorized to do business in the State of Louisiana.

IX.

Defendants deny each and every allegation contained within Plaintiff's paragraph II.

X.

Defendants deny as written each and every allegation contained within Plaintiff's paragraph III.

XI.

Defendants deny each and every allegation contained within Plaintiff's paragraph IV.

XII.

Defendants deny each and every allegation contained within Plaintiff's paragraph V.

XIII.

Defendants deny each and every allegation contained within Plaintiff's paragraph VI including subparts A through M.

XIV.

Defendants deny each and every allegation contained within Plaintiff's paragraph VII for lack of sufficient information to justify a belief therein.

XV.

Defendants deny as written each and every allegation contained within Plaintiff's paragraph VIII including subparts A through C, for lack of sufficient information to justify a belief therein.

XVI.

Defendants deny each and every allegation contained within Plaintiff's paragraph X.

XVII.

Furthermore, and in an abundance of caution, each and every allegation of any un-numbered or mis-numbered paragraphs or prayer for relief is denied.

**AFFIRMATIVE DEFENSES**

**AND NOW FURTHER ANSWERING**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver and would show:

XVIII.

At all pertinent times, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano, acted reasonably and appropriately and in consideration of the best interests of its resident, Janet Marie Parker and no intentional conduct or negligence on their part caused or contributed to the damages alleged in plaintiffs' petition.

XIX.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the damages allegedly suffered herein by the Plaintiff and the decedent were the result of an unfortunate and unprecedented *force majeure*.

XX.

Alternatively, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any damages allegedly suffered by the plaintiff were caused by a superceding force or events beyond the control of these defendants and for which neither responsibility nor liability could be imputed or imposed.

XXI.

Alternatively, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the damages allegedly suffered herein by the plaintiff were caused by the fault, negligence, lack of care and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

XXII.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any injuries allegedly sustained by plaintiff or the decedent were caused or contributed to by her own negligence and defendants plead the contributory/comparative fault of the plaintiff as a defense, including but not limited to the plaintiff's failure to remove her mother "out on pass" prior to Hurricane Katrina's landfall.

XXIII.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that the injuries and/or damages allegedly suffered herein by the Plaintiff and her mother, were not the result of Hurricane Katrina but rather caused by the failure of the levee protection system which occurred post-Katrina.

XXIV.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that no clear communicated order from the St. Bernard Parish government broadcasted a mandatory evacuation to Mr. Mangano, Ms. Mangano, St. Rita's or the staff at St. Rita's Nursing Home prior to Hurricane Katrina's landfall.

XXV.

St. Rita's Nursing Facility timely filed its Emergency Operations Plan with the St Bernard Office of Emergency Preparedness.

XXVI.

In the further alternative, Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano implemented their hurricane preparedness planning prior to August 27, 2005, planning with necessary generators, food, drinking water, water supply, medications, and staff.

XXVII.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver Hurricane Katrina passed through the Parish of St. Bernard without causing injury or harm to any resident of St. Rita's.

XXVIII.

Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano aver that any injuries and/or damages allegedly suffered by the plaintiff were the result of pre-existing conditions, causes, or damages and/or by coincidental damages which are unrelated to plaintiff's allegations against Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, and Ms. Mangano and operate to bar and/or reduce any recovery due plaintiff.

XXIX.

At all pertinent times herein, Buffman, Inc. d/b/a St. Rita's Nursing Home was a qualified health care provider under the provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 *et seq*. ("MMA") and as such to the extent that Plaintiff has alleged any professional negligence in connection with the care or treatment provided to Janet Parker at St. Rita's, these Defendants are entitled to the protections afforded by the Louisiana MMA, including but not limited to, a right to have all allegations of professional negligence heard by a medical review panel and a limitation of the liability of the healthcare provider as set forth in the MMA.

XXX.

At all pertinent times, Defendants aver St. Rita's was a qualified health care provider pursuant to Act La. R.S. 40:1299.41 et seq., and, as such, it is entitled to all the benefits thereunder, including the limitation of liability, to the sum of $100,000.00 for any allegations of medical negligence asserted herein or in any supplemental or amending petition.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano pursuant to Louisiana Code of Civil Procedure Article 1572, move this Honorable Court for **written notice** ten (10) days in advance of the date fixed for the trial or hearing on any exception, motion, rule or trial on the merits in the above captioned proceeding, and pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, request immediate notice of all interlocutory and final orders and judgments on any exception, motions, rules or the trial on the merits in the above captioned proceeding.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano, pursuant to Louisiana Code of Civil Procedure Article 1733, demand a **jury trial** in this matter and are willing to post a bond in the amount and within the time set by this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 1734.

**WHEREFORE**, Exceptors, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano pray this court set a date and time in which their Dilatory Exception of Prematurity may be heard.

**WHEREFORE,** Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano pray that the pleadings set forth herein be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of Defendants and against Plaintiff, dismissing plaintiff's claims with prejudice at plaintiff's cost and for all equitable relief therein. And, in the alternative, in the event Petitioner has alleged any acts of medical negligence as defined within the Louisiana Medical Malpractice Act, that liability be limited to the sum of $100,000.00, if proved, which is denied herein. as set forth in the aforesaid statute. Furthermore, Defendants reserve their rights to amend their answer and/or their affirmative defenses as allowed by law.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** the above and foregoing has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 31st day of August, 2006.

_____
Jeremy D. Goux
Martha D. Bowden

</td><td>

By:

_____
**JEREMY D. GOUX, LBRN 25065**
**MARTHA D. BOWDEN, LBRN 28316**
417 North Theard Street
Covington, Louisiana 70433
Telephone: 985-898-0504
Facsimile: 985-898-0840

Susan E. Henning, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301

</td></tr>
</table>

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                    DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____ **SEP 0 6 2006** _____                /S/Betty Borne
                                            _____
                                                     DEPUTY CLERK

## ORDER

**IT IS ORDERED**, that, Nancy Alfonso, Individually and on behalf of Janet Marie

Parker, through counsel, appear before this Honorable Court on the _____ day of

_____ , 2006 at _____ o'clock _____ .m and show

cause if any there be, why the Defendants', Buffman, Inc. d/b/a St. Rita's Nursing Home,

Salvador Mangano, Sr. and Mabel B. Mangano, Dilatory Exception of Prematurity should not

be granted, dismissing Petitioner's claims against these Defendants with prejudice, at

plaintiff's costs, and for all costs of having to defend this claim.

Parish of St. Bernard, Louisiana this _____ day of _____, 2006.

_____
**JUDGE**

**PLEASE SERVE:**
**NANCY ALFONSO, Individually and on behalf of Janet Marie Parker,**
Through her counsel of record:
Gregory J. Noto, Esq.
Noto Law Firm
532 East Judge Perez Drive
Chalmette, Louisiana 70043

# WYNNE, GOUX & LOBELLO
## ATTORNEYS AT LAW
A LIMITED LIABILITY COMPANY

VINCENT F. WYNNE, JR.*
JEREMY D. GOUX*
VINCENT J. LOBELLO**
MARTHA D. BOWDEN*
*Limited Liability Company
**Professional Law Corporation

Of Counsel:
SILVIA G. MULLER

417 N. THEARD STREET
COVINGTON, LOUISIANA 70433
(985) 898-0504
FAX (985) 898-0840

MANDEVILLE OFFICE
2045 HIGHWAY 59
MANDEVILLE, LA 70448
(985) 626-1900
FAX (985) 727-9963

August 31, 2006

**United States Mail**
**Return Receipt Requested No:  7006 0100 0006 3313 0022**

The Honorable Lena R. Torres
Clerk of Court
34th Judicial District Court
Post Office Box 1746
Chalmette, Louisiana 70044

RE:   Nancy Alfonso Individually and obo Janet Marie Parker v. Buffman, Inc., *et al*
34th Judicial District Court Docket No: 106-580-E

Dear Ms. Torres:

Enclosed please find the original and two copies of the Defendants' Dilatory Exception of Prematurity, Answer and Affirmative Defenses, in the above referenced matter.  Please present the original to the judge for signature, use one copy for service and return a conformed copy in the enclosed self addressed envelope.  Also enclosed is a check in the amount One Hundred Twenty Five Dollars and Zero Cents ($125.00) for filing fees.

Thank you for your cooperation and should you have any questions regarding this matter, please do not hesitate to contact this office.

Sincerely,

Martha D. Bowden

MDB.kv

Enclosures

THIRTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

NO.: **106 580**



IVISION " "

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MARIE PARKER

**VERSUS**

BUFFMAN, INC., SALVADOR A. MANGANO, AND MABEL B. MANGANO

FILED:_____ JUL 0 7 2006 _____

12:29

DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF**

**JANET MARIE PARKER,** a person of the full age of majority and, at time of this incident, a

resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and the natural

daughter of the decedent, **JANET MARIE PARKER,** with respect represents as follows:

I.

Made defendants herein are as follows:

A) **BUFFMAN, INC,** upon reasonable information and belief available at the

present time, at all times material hereto, a domestic corporation doing business as "St. Rita's

Nursing Home'" in the Parish of St. Bernard, State of Louisiana;

B) **SALVADOR A. MANGANO,** upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

C) **MABEL B. MANGANO,** upon reasonable information and belief available

at the present time, and at all times material hereto, a person of the full age of majority and

domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known as St.

Rita's Nursing Home;

II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum of

money found to be reasonable in the premises, together with legal interest from the date of

judicial demand, for all costs of these proceedings, and for all other general and equitable relief

**PAGE TWO**

as may be afforded by this Honorable Court, for the following reasons:

III.

On or about the **29th day of AUGUST, 2005, JANET MARIE PARKER** expired while in the care, custody and control of defendants **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

IV.

**JANET MARIE PARKER** was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly injuries as a result of the failure of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO** to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioner avers that the death of her mother, ***death by asphyxia by drowning,*** was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of **JANEY MARIE PARKER**, in that the defendants were negligent in the following non-exclusive particulars :

 A. Failing to evacuate nursing home residents in the face of a mandatory evacuation for the Parish of St. Bernard;

 B. Failing to have a viable, workable evacuation plan for the nursing home residents at the time of this emergency

 C. Failing to implement an evacuation plan, if one did exist;

 D. Failing to ask for assistance with evacuation of the nursing home residents;

 E. Refusing evacuation assistance from outside sources;

 F. Abandoning the care of **JANET MARIE PARKER**;

**PAGE THREE**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **JANET MARIE PARKER;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **NANCY ALFONSO, as the natural child of the decedent JANET MARIE PARKER,** has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival and wrongful death actions against defendants herein. _**Petitioner alleges her mother suffered immeasurably prior to her death by drowning at the Nursing Home in question.**_

VIII.

As a result of the negligence of the defendants herein causing the death of her mother, **JANET MARIE PARKER** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of her mother's death;

B. Past, past and future loss of love and affection from her mother;

C. Any and all damages which may be proven at trial;

X.

Your petitioners steadfastly aver amicable demand to defendant's, all to no avail.

.**WHEREFORE,** petitioner, **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF JANET MARIE PARKER,** prays that defendants **BUFFMAN, INC.,**

**PAGE FOUR**

**SALVADOR A. MANGANO AND MABEL B. MANGANO** be served with a copy of this

Petition for Damages; they each be made to answer same; and, after all legal delays and due

proceedings had, there be judgment rendered herein in favor of your petitioners, **NANCY**

**ALFONSO, INDIVIDUALLY/AND ON BEHALF OF JANET MARIE PARKER** and

against the defendants **BUFFMAN, INC., SALVADOR A. MANGANO AND MABEL B.**

**MANGANO** for an amount of money found to be reasonable in the premises, together with legal

interest from the date of judicial demand, along with all costs of these proceedings and all other

general and equitable relief as may be afforded by this Honorable Court.

Respectfully submitted,

NOTO LAW FIRM
BY:_____
      GREGORY C. NOTO (No. 14275)
      532 E. Judge Perez Drive
      Suite 102
      Chalmette, Louisiana 70043
      (504) 279-6686
      *Attorney for Plaintiffs*

The Wolfe Law offices, LLC
BY:_____
      Scott G. Wolfe, Jr.(No. 30122)
      4821 Prytania Street
      New Orleans, La. 70115
      866-761-8934
      Co-counsel for plaintiff

## PLEASE SERVE:

*BUFFMAN, INC.  THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

*SALVADOR A. MANGANO  THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

*MABEL B. MANGANO  THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

SUPREME COURT OF LOUISIANA

JUL 2 8 2006

*Shirley Dice*
DEPUTY CLERK
#106-580

O R D E R

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Judge Kirk A. Vaughn to assign a judge <u>ad hoc</u> to the Thirty-Fourth Judicial District Court in the below mentioned matters because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Frank Foil to accept such assignment,

IT IS ORDERED THAT:

Retired Judge Frank Foil be and he is hereby assigned as judge <u>ad hoc</u> of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of Case Nos. 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473; 105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-535; on the docket of said court, subject to the completion of any unfinished business. # 106-580; 106-678.

This order shall not deprive the judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, of their offices as judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Frank Foil of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting <u>ad hoc</u> or <u>pro tempore</u> assistance shall have the duty and obligation of providing the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable <u>ad hoc</u> or <u>pro tempore</u> judges to fulfill their obligations.

The judge assigned to sit <u>ad hoc</u> or <u>pro tempore</u> hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this ___27___ day of July, A.D., 2006, New Orleans, Louisiana.

FOR THE COURT:

_Pascal F. Calogero Jr._
Pascal F. Calogero, Jr., Chief Justice

SUPREME COURT OF LOUISIANA
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Jeffrey C. Collins_
Jeffrey C. Collins
Chief Deputy Clerk of Court



**FILED**
JUL 3 1 2006
CLERK OF COURT
ST. BERNARD PARISH

## Paul R. Valteau, Jr.
## Orleans Parish Civil Sheriff

421 Loyola Avenue
Room 403
New Orleans, LA 70112

Parish:  St. Bernard

Case No.: (43)  106580

Gregory  J Noto

Bar Roll Number: 14275

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 2 | Citation & Petition | $20.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

July 26, 2006

Ernestine  Neville
Deputy Sheriff

Clerk of Court, 34th District
Hon. Lena R. Torres
P.O. Box 1746

Chalmette. La.  70044-1746

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA



CITATION

NO: **106-580**

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO

TO:   **MABEL B. MANGANO**
      **THRU**
      **EMMETT, COBB, WAITS & KESSENICH**
      **MR. JAMES A. COBB, JR., ESQUIRE**
      **1515 POYDRAS STREET**
      **SUITE 1950**
      **NEW ORLEANS, LA 70112**

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 7TH day of JULY, 2006.

CPG/P1

LENA R. TORRES
CLERK OF COURT

BY _____
Deputy Clerk
/S/CYNTHIA P. GALLARDO

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

PERSONAL  ORLEANS
Received Parish of St. Bernard on the 24 day of July, 06 and on the 24 day of July 06, I served a copy of the within Citation on _____ on _____ this _____ Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____ 06

_____
Sheriff





FILED

JUL 3 1 2006

CLERK OF COURT
ST. BERNARD PARISH

**Paul R. Valteau, Jr.**
**Orleans Parish Civil Sheriff**

421 Loyola Avenue
Room 403
New Orleans, LA 70112

Parish:  St. Bernard

Case No.: (43)  106580

_____

Gregory  J Noto

Bar Roll Number: 14275

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case
amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 3 | Citation & Petition | $20.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

July 26, 2006

Ernestine  Neville
Deputy Sheriff

Clerk of Court, 34th District
Hon. Lena R. Torres
P.O. Box 1746

Chalmette, La.  70044-1746

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

**FILED**

E 8 1 2005

CLERK OF COURT
ST. BERNARD PARISH

## CITATION

NO: **106-580**

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO

CIVIL SHERIFF'S OFFICE   2006 JUL 24  A 9: 16   **RECEIVED**

TO:   **SALVADOR A. MANGANO**
**THRU**
**EMMETT, COBB, WAITS & KESSENICH**
**MR. JAMES A. COBB, JR., ESQUIRE**
**1515 POYDRAS STREET**
**SUITE 1950**
**NEW ORLEANS, LA 70112**

ENTERED

PAPER   RETURN

029.08 #3

TRIAL NO.   DEPUTY   PARISH

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 7TH day of JULY, 2006.

CPG/P1

LENA R. TORRES
CLERK OF COURT

BY _____
Deputy Clerk

**/S/CYNTHIA P. GALLARDO**

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
Returned Parish of St. Bernard_____, _____.

_____
Sheriff

PERSONAL   ORLEANS
Received Parish of St. Bernard on the ____ day of  July , 06 and on the ____ day of
July  06 , I served a copy of the within   Citation   on  Kathy ____
on _____ at  Orleans   this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard  Orleans,  7/24   06
_____  S. Smith  4028   12:33 P.M.
Sheriff





FILED

JUL 3 1 2006

CLERK OF COURT
ST. BERNARD PARISH

## Paul R. Valteau, Jr.
## Orleans Parish Civil Sheriff

421 Loyola Avenue
Room 403
New Orleans, LA 70112

Parish:  St. Bernard

Case No.: (43)  106580

Gregory  J Noto

Bar Roll Number: 14275

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 1 | Citation & Petition | $20.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

July 26, 2006

Ernestine  Neville
Deputy Sheriff

Clerk of Court, 34th District
Hon. Lena R. Torres
P.O. Box 1746

Chalmette, La.  70044-1746

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

CITATION

NO: **106-580**

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO



FILED

JUL 3 1 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:  **BUFFMAN, INC.**
     **THRU**
     **EMMETT, COBB, WAITS & KESSENICH**
     **MR. JAMES A. COBB, JR., ESQUIRE**
     **1515 POYDRAS STREET**
     **SUITE 1950**
     **NEW ORLEANS, LA 70112**

   YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

   You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

   If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

   This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 7TH day of JULY, 2006.

CPG/P1

                                    LENA R. TORRES
                                    CLERK OF COURT

                                    BY _____
                                         Deputy Clerk
                                    /S/CYNTHIA P. GALLARDO

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                         Returned Parish of St. Bernard _____, _____.
                                                         _____
                                                              Sheriff

PERSONAL
Received Parish of St. Bernard on the 25 day of July, 06 and on the _____ day of
_____, _____, I served a copy of the within _____ on Kathy Judy this
_____ on _____ at _____
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                         Returned Parish of St. Bernard _____, _____.
                                                         _____
                                                              Sheriff        12:37 P.M.

**FILED**

**AUG 07 2006**

*Love J. Aury*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

## 34th JUDICIAL DISTRICT COURT

## PARISH OF ST. BERNARD

## STATE OF LOUISIANA

NUMBERS 105-461, 105-620, 105-874, 105-927, 106-288, 106-289, 106-580, 105-473, 106-324, 106-279

FILED *Aug. 7, 2006*

*Elizabeth A. Ruiz*

**DEPUTY CLERK**

/S/Elizabeth A. Ruiz

### ORDER SETTING STATUS CONFERENCE

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Wednesday, September 13, 2006, at 2:00 P.M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the 2nd day of August, 2006.

FRANK FOIL
Judge Ad Hoc

**Please send notice to:**

The Attorneys whose names and addresses are listed as Group 1 on the attached sheet.

## 34TH JDC – ST. RITA'S NURSING FACILITY CASES

### GROUP 1

| | |
|---|---|
| 105-461 | Taylor, Wellons, Politz & Duhe<br>7924 Wrenwood Blvd. Suite C<br>Baton Rouge, LA 70809 |
| 105-620 | Thornhill Law Firm<br>1308 Ninth Street<br>Slidell, LA 70458 |
| 105-874 | Richard A. Tonry, II<br>620 Oak Harbor Blvd.<br>Slidell, LA 70458 |
| 105-927 | Lirette, Gary & Spense<br>P.O. Box 2968<br>Houma, LA 70361 |
| 106-288<br>106-289<br>106-580 | (1) Gregory J. Noto<br>532 E. Judge Perez Dr.<br>Chalmette, LA 70043<br>(2) The Wolfe Law Offices<br>4821 Prytania St.<br>New Orleans, LA 70115<br>(3) Louisiana Nursing Home Association<br>7844 Office Park Blvd.<br>Baton Rouge, LA 70809 |
| 105-473<br>106-324 | John W. Wise<br>Daniel Lichtl<br>John L. Robert, III<br>Fowler, Rodriguez & Chalos<br>400 Poydras St., 30th Floor<br>New Orleans, LA 70130 |
| 106-279 | (1) Moody & Moody<br>213 E. Thomas St.<br>Hammond, LA 70401<br>(2) C. Rodney Harrington<br>P.O. Box 1278<br>Natchitoches, LA 71458-1278<br>(3) Louisiana Nursing Home Association<br>7844 Office Park Blvd.<br>Baton Rouge, LA 70809 |

**FILED**

AUG 07 2006

ST. BERNARD PARISH CHIEF DEPUTY CLERK

All cases    (1) Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA 70112
(2) Jeremy Goux
417 N. Theard St.
Covington, La 70433

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                          DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____AUG 2 9 2006_____          _____
                   1:42 pm                        DEPUTY CLERK

MOTION FOR LEAVE TO FILE
THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Mabel Mangano, Salvador Mangano and Buffman, Inc., d/b/a St. Rita's Nursing Home, made defendants herein, and for the reasons more fully set forth in the attached memorandum, pursuant to La. Code of Civil Procedure Article 1111, move for leave of Court to file a Third Party Demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

This matter is not set for trial, and the filing of this incidental demand will not retard the process of the principal action.

Respectfully submitted, this 29 day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Martha D. Bowden (28316)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 29 day of August, 2006.

_____
SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                                DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____AUG 2 9 2006_____          _____
                                                               DEPUTY CLERK

                                                               /S/Gwen S. Loze

MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE THIRD PARTY DEMAND

MAY IT PLEASE THE COURT:

    Plaintiffs in the principal demand has filed suit against Mabel Mangano, Salvador

Mangano and Buffman, Inc. in which she alleges, among other things, that the

defendants failed to evacuate St. Rita's Nursing Home prior to Hurricane Katrina's

landfall.  Defendants have denied and continue to deny any negligence on their part.

Defendants seek to bring a Third Party Demand in their capacity as Third Party

Plaintiffs, seeking indemnity and/or contribution in tort from third party defendants in the

event that Third Party Plaintiffs are cast in judgment.  Third Party Plaintiffs also seek to

bring this action to assert apportionment of liability as mandated by Article 2324 of the

Louisiana Civil Code.

    Pursuant to Louisiana Code of Civil Procedure Article 1033, Third Party Plaintiffs

move for leave of Court to file a third party demand in this matter.  Although Answer in

the principal demand has been filed, the matter is not set for trial and the filing of this

incidental demand will not retard the progress of the principal action.

    Accordingly, Mabel Mangano, Salvador Mangano and Buffman, Inc. wish to file a

Third Party Demand against The United States of America; Kathleen Blanco, in her

official capacity as Governor of the State of Louisiana; State of Louisiana, Department

of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard as parties to these proceedings.

Respectfully submitted, this ____ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

Jeremy Goux, Esq. (25065)
Martha D. Bowden (28316)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone: 985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this ____ day of August, 2006.

_____
SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                    DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____ AUG 2 9 2006 _____        _____
                                            DEPUTY CLERK
                                            /S/Gwen S. Loze

ORDER

Upon consideration of Motion for Leave to File Third Party Demand filed by Third Party Plaintiffs, Mabel Mangano, Salvador Mangano and Buffman, Inc. and the Memorandum in Support thereof;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Motion for Leave to File Third Party Demand filed by Mabel Mangano, Salvador Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home, be and same is hereby GRANTED.

St. Bernard, Louisiana this 13th day of Sevrember, 2006.

_____
FRANK FOIL
JUDGE AD HOC

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-580                                         DIVISION: "E"

NANCY ALFONSO INDIVIDUALLY/AND
ON BEHALF OF JANET MARIE PARKER

VERSUS

BUFFMAN, INC., SALVADOR A. MANGANO, SR.,
AND MABEL B. MANGANO

FILED: _____Sept 14, 2006_____          _____Elizabeth A. Ruiz_____
                                                      DEPUTY CLERK
                                                      /S/Elizabeth A. Ruiz

**THIRD PARTY DEMAND**

NOW INTO COURT, through undersigned counsel, come Third Party Plaintiffs, Salvador A. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home who for their Third Party Demand against: the United States of America, Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development;   Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard, respectfully aver as follows:

I.

Third Party Plaintiffs bring this Third Party Demand pursuant to Article 1111 of the Louisiana Code of Civil Procedure.

II.

On August 29, 2005, Hurricane Katrina passed through St. Bernard Parish, the effects of which caused significant breaches in the Lake Borgne Basin Levee system resulting in flooding of the entire parish.  As a consequence of this catastrophic flooding,

St. Rita's Nursing Home, which is owned and operated by defendant Buffman, Inc., was severely damaged and thirty five residents of the home perished.

III.

The original petition filed against the Third Party Plaintiffs, alleges, among other things, that they negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall.   Third Party Plaintiffs have denied and continue to deny any negligence on their part.

IV.

Third Party Plaintiffs bring this third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that Third Party Plaintiffs are cast in judgment herein.   Third Party Plaintiffs also bring this action seeking apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

V.

Made Third Party Defendants are the following:

(a)     The United States of America;

(b)     Kathleen Blanco, in her official capacity as Governor of the State of Louisiana;

(c)     State of Louisiana, Department of Transportation and Development;

(d)     Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development;

(e)     State of Louisiana, Department of Health and Hospitals;

(f)     Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals;

(g)     State of Louisiana, Department of Justice, Office of the Attorney General;

(h)     Charles Foti, in his official capacity as Attorney General, State of Louisiana;

(i)     the Lake Borgne Basin Levee District, which is a political subdivision of the State of Louisiana; and

(j)     Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

## CLAIMS AGAINST DEPARTMENTS AND OFFICIALS

## OF THE STATE OF LOUISIANA

### VI.

On or about July 11, 2005, Governor Blanco adopted the Louisiana Emergency Operations Plan by Executive Order KBB 2005-18.   Defendants Bradberry, Foti and Cerise were also signatories to the Emergency Operations Plan ("EOP").  In addition to the terms of the EOP itself, the EOP incorporated as a separately published supplement the Southeast Louisiana Hurricane and Evacuation Plan (Supplement 1A).

### VII.

The EOP mandates the responsibilities of state officials and agencies in the event of an emergency.  The EOP "assigns responsibilities for actions and tasks that the State will take to provide for safety and welfare of its citizens against the threat of natural disasters." (EOP, at Section I, page 1)

### VIII.

Governor Blanco declared a state of emergency on the evening of August 26, 2005 as Hurricane Katrina approached, thus triggering the provisions of the EOP.

### IX.

Pursuant to the EOP, Governor Blanco was charged with the "overall responsibility for emergency management in the state." (EOP, at Section IV, page 7). The Governor is also responsible for the coordinated delivery of all emergency services, public, quasi-volunteer, and private, during a natural, technological and/or national security emergency/disaster situation.  (EOP, at Section V, page 9).  By reason of her overall responsibility for emergency management, Governor Blanco had an obligation to make sure that the State was in compliance with its own EOP.  By reason of the failures to follow the EOP, which are detailed below, Governor Blanco failed to discharge her overall responsibility for emergency management and such failure caused and/or contributed to the damages alleged by the plaintiff, and for which Third Party Plaintiffs deny liability.

### X.

Pursuant to the EOP, State departments, agencies and offices are required to carry out the responsibilities designated in Attachment 3 to the EOP, which is entitled

"State Agency Emergency Support Functions ("ESF")."  The EOP requires that these departments or agencies, including defendants Department of Transportation and Development, Department of Health and Hospitals, and Department of Justice, Office of the Attorney General, "organize, supervise and coordinate all the activities that take place in its functional area."  (EOP, at Section IV, page 7).

<div align="center">XI.</div>

ESF 1 imposes primary responsibility for emergency transportation on the Louisiana Department of Transportation and Development ("LDOTD").  ESF imposed a duty on LDOTD to designate a coordinator to "develop plans and procedures to mobilize transportation and support emergency evacuation for at risk populations."  (ESF 1, at Section III(B)(1))

<div align="center">XII.</div>

Upon information and belief, LDOTD did nothing to carry out the responsibilities imposed upon it under the EOP and ESF 1.  LDOTD did nothing to provide transportation to persons at risk to permit them to evacuate prior to Hurricane Katrina. LDOTD did nothing to mobilize transportation and support emergency evacuation for the residents of the St. Rita Nursing Home.  Johnny Bradberry, Secretary, has admitted in testimony before the United States Congress that he failed to carry out the responsibilities imposed on his department by the EOP.  Secretary Bradberry's admitted inaction and failure to act caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability.

<div align="center">XIII.</div>

ESF 13 deals with Public Safety and Security.  Pursuant to this ESF, the Louisiana Department of Justice ("LDOJ") "ensures that operations are taken in accordance with the legal authority of the state."  (ESF 13, at Section III).  Pursuant to this language, the Department of Justice, Office of the Attorney General, had the responsibility to monitor the compliance of other departments with the EOP.  Appendix 2 to ESF 13 shows that with respect to safety and security, all other state departments, including LDOTD, reported to and assisted the Department of Justice.

XIV.

Upon information and belief, the Department of Justice and third party defendant Foti failed to carry out their duties and responsibilities under ESF 13 in that they did nothing to monitor and assure compliance by LDOTD and the Louisiana Department of Health and Hospitals with their obligations under the EOP.  Such failures caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability.

XV.

Supplement 1A to the EOP is the Southeast Louisiana Hurricane Evacuation Plan.  Pursuant to this Plan, the Louisiana Department of Health and Hospitals ("LDHH") was charged with the responsibility to "coordinate the evacuation and sheltering of people who have special medical and health needs." (Page 11)  The plan further imposed a duty on LDHH to "call all nursing homes and other custodial care organizations in risk areas to make sure they are prepared to evacuate their residents." (Page 17)  This Plan also required that once evacuation was recommended, LDHH was required to "mobilize State transportation resources to aid in the evacuation of people who have mobility and/or health problems."  (Page 19)

XVI.

Upon information and belief, LDHH and defendant Cerise did not comply with the provisions of this Plan.  They did not call St. Rita's Nursing Home as required by the Plan, and offered no State transportation resources to evacuate the residents of St. Rita's Nursing Home.  Such failures on the part of LDHH and Secretary Cerise caused and/or contributed to the damages alleged by the plaintiff and for which the Third Party Plaintiffs deny liability.

XVII.

By reason of their breaches of the EOP, and the failure of the State or its agencies to offer transportation resources to at-risk residents, should Third Party Plaintiffs be cast in judgment herein, then defendants Blanco, LDTOD, LDOJ, LDHH, Bradberry, Foti and Cerise are liable to tThird Party Plaintiffs by way of indemnity or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code.

## CLAIMS AGAINST THE LAKE BORGNE BASIN LEVEE DISTRICT

XVIII.

The Lake Borgne Basin Levee District was created by Act of the Louisiana Legislature codified at L.R.S. 38:327.  Pursuant to this Act, the Board was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction.  The Act specifically granted to the Lake Borgne Basin Levee District authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion.

XIX.

By law, all levee districts, including The Lake Borgne Basin Levee District, are required to engage in flood protection and in the construction and maintenance of levees.  L.R.S. 38:325.  By law, all levee districts and their commissioners, including this third party defendant, have the responsibility for the care and inspection of levees. L.R.S. 38:301(B).

XX.

The levees protecting St. Bernard Parish and St. Rita's Nursing Home failed in some instances during Hurricane Katrina, and were overtopped in others.  Following the storm, it was determined by independent engineers that the levees in St. Bernard Parish had subsided significantly since their initial construction.  These independent studies concluded that this change in elevation also caused and contributed to the failure and overtopping of levees in St. Bernard Parish.  A principal author of one of these studies, Professor Robert Bea of the University of California, has stated publicly that these elevation changes were ignored.

XXI.

Third party plaintiffs aver upon information and belief that the Lake Borgne Basin Levee District failed to discharge its statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability. Pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to Third Party Plaintiffs by way of indemnity or contribution in tort should Third Party Plaintiffs be cast in judgment herein.

## CLAIMS AGAINST HENRY J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS

## PRESIDENT OF ST. BERNARD PARISH

### XXII.

By law, a local disaster or emergency may only be declared by a parish president.  Any such order which declares a local emergency must be given prompt and general publicity and must be filed with the office of emergency preparedness and the office of the clerk of court.  L.R.S. 29:727 (D).  Once such an order is issued, the parish president also has the authority to direct and compel the evacuation of all or part of the population from the stricken or threatened area.

### XXIII.

No written mandatory evacuation order was issued by Mr. Rodriguez or his designee as Hurricane Katrina approached.  It is unclear whether any verbal mandatory evacuation order was ever given.  If such a verbal order was given, then Mr. Rodriguez failed in his duty to give prompt and general publicity, as third party plaintiffs were never informed of any mandatory evacuation order.   Mr. Rodriguez also failed in his responsibility to issue a written order as required by law or to appoint a nominee to do so in the event of his incapacity and inability to perform that responsibility.

### XXIV.

Should Third Party Plaintiffs be cast in judgment herein for a failure to evacuate St. Rita's Nursing Home, then Third Party Plaintiffs aver that such failure was caused or contributed to by the failure of third party defendant Rodriguez to timely issue an evacuation order, or alternatively, in failing to put such order in writing and to assure dissemination of such order to Third Party Plaintiffs.  By reason of such failure, third party defendant, Rodriguez, is liable to Third Party Plaintiffs by way of indemnity and/or contribution pursuant to Article 2315 of the Louisiana Civil Code.

## CLAIMS AGAINST THE UNITED STATES OF AMERICA

### XXV.

These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.*  As this is filed as a Third Party Demand, the requirement that Third Party Plaintiffs first exhaust

their administrative remedies is waived by statute. 28 U.S.C. § 2675(a). Moreover, this third party claim may be brought in a state court, subject to the right of the United States to remove the entire action. *Hassan v. Louisiana Department of Transportation & Development,* 923 F.Supp. 890 (W.D.La. 1996).

<div align="center">XXVI.</div>

Venue is proper in the Parish of St. Bernard in that the claims giving rise to this third party action occurred in this parish.

<div align="center">XXVII.</div>

The United States of America has waived its sovereign immunity in connection with these claims under 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

<div align="center">XXVIII.</div>

The Mississippi River Gulf Outlet ("MRGO") is a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans. Construction of the waterway was approved by Congress under the Rivers and Harbors Act in 1956. The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers ("Corps of Engineers") in 1965.

<div align="center">XXIX.</div>

The MRGO was originally designed to have a width of 650 feet and a depth of 36 feet. The waterway was constructed in the shallow marsh areas of St. Bernard Parish and the Chandeleur Sound. One of the primary justifications for the construction of the waterway was as a short-cut for vessels to enter the Port of New Orleans.

<div align="center">XXX.</div>

The MRGO had known and foreseeable impacts on the environment of St. Bernard Parish. Over time, the waterway caused the loss of thousands of acres of wetlands, including brackish marsh, saline marsh, and cypress swamps and forests. Over time and due to dredging activities done by the Corps of Engineers, the MRGO expanded in size, to a width in some places of over 2000 feet. By 2005, this soil erosion, when coupled with the loss of wetlands, made the MRGO a conduit for storm surge and greatly increased the risk of flooding in the interior sections of St. Bernard Parish.

XXXI.

Wetlands such as those destroyed since the opening of the MRGO provide a natural barrier against tidal surge from storms and hurricanes. Wetlands loss from the construction and maintenance of the MRGO have made St. Bernard Parish and Third Party Plaintiffs' nursing home facility more vulnerable to the effect of storm surge. This was evident as early as 1965, when Hurricane Betsy created a tidal surge that moved up the MRGO and breached levees in Orleans Parish. Third Party Plaintiffs' facility was not flooded by Hurricane Betsy. By 2005, however, the MRGO had expanded and caused erosion of wetlands that acted as a means for tidal surge to directly enter the populated areas of St. Bernard Parish.

XXXII.

On August 29, 2005,, levees along the MRGO were breached in several different places in St. Bernard Parish where wetlands had been lost. These levees were also overtopped due to the magnitude of the storm surge that was not absorbed and lessened by the wetlands that previously had protected St. Bernard Parish. In areas where the wetlands had not been lost, the levees were not breached.

XXXIII.

On the morning August 29, 2005,, a massive storm surge traveled from Lake Borgne and the Gulf of Mexico via the MRGO, causing the destruction of the levees protecting the St. Rita Nursing Home from flooding. The magnitude of the storm surge was amplified by the presence of the MRGO and its environmental impacts. The storm surge and destruction of the levees in turned caused catastrophic flooding in St. Bernard Parish.

XXXIV.

The St. Rita's Nursing Home sits on what is relatively high ground for St. Bernard Parish. Despite its elevation, on the morning of August 29, 2005, the facility became inundated in a matter of minutes to a depth of some six feet. Upon information and belief, Third Party Plaintiffs aver that their facility would not have flooded, and the plaintiff's' decedent would not have perished but for the presence of the MRGO and its environmental impacts.

## XXXV.

The United States of America owed a duty of reasonable care to third party plaintiffs which was breached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein.

WHEREFORE, third party plaintiffs pray that process in due form of law may issue, citing the third party defendants to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in their favor, dismissing the petition at petitioner's cost; alternatively, should third party plaintiffs be cast in judgment herein, they pray that they may recover over against third party defendants by way of indemnity and/or contribution, together with all costs of these proceedings.

Respectfully submitted this _28_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

James A. Cobb, Jr. (La. 4213)
Susan E. Henning (La. 6793)
Louis G. Spencer (La. 26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020



10

PLEASE SERVE:

**The United States of America**
Service Pursuant to Rule 4, F.R.C.P.

Serve a copy on:
(1) **James Letten**
United States Attorney
Eastern District of Louisiana
500 Poydras Street, Suite B210
Hale Boggs Federal Building
New Orleans, Louisiana  70130

By Certified Mail by defendants to:

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC  20530-0001

(2) **Kathleen Blanco**
Governor of the State of Louisiana
Service pursuant to La.Code Civ.Pro. Art. 1265,
        L.R.S. 13:5107 and L.R.S. 39:1538
900 Third Street, Office of the Governor
Baton Rouge, Louisiana  70802

(3) **Louisiana Department of Transportation and Development**
1201 Capitol Access Road
Baton Rouge, Louisiana  70804

(4) **Johnny Bradberry**
1201 Capitol Access Road Room 302O
Baton Rouge, Louisiana  70804

(5) **Louisiana Department of Justice, Office
of the Attorney General, Charles Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana  70804

(6) **Louisiana Department of Health and Hospitals**
628 North Fourth Street
Baton Rouge, Louisiana  70802

(7) **Frederick P. Cerise, M.D.**
628 North Fourth Street
Baton Rouge, Louisiana  70802

In order to comply with L.R.S. 13:5107 and L.R.S. 39:1538,
Please also serve on behalf of all State of Louisiana defendants:

(8) **Charles C. Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana  70804

and through:

(9) **Office of Risk Management**
1201 North Third Street
Baton Rouge, Louisiana  70802

**(10)  Lake Borgne Basin Levee District**
Through Robert Turner
6136 E. St. Bernard Highway
Violet, Louisiana   70092

**(11)  Henry J. Rodriguez**
8201 West Judge Perez Drive
St. Bernard Government Complex
Chalmette, Louisiana   70043

THIRTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

NO.: **106 580**

DIVISION " "

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MARIE PARKER

**VERSUS**

BUFFMAN, INC., SALVADOR A. MANGANO, AND MABEL B. MANGANO

FILED: _____ JUL 0 7 2006 _____

DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF
JANET MARIE PARKER,** a person of the full age of majority and, at time of this incident, a
resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and the natural
daughter of the decedent, **JANET MARIE PARKER,** with respect represents as follows:

I.

Made defendants herein are as follows:

A) **BUFFMAN, INC,** upon reasonable information and belief available at the
present time, at all times material hereto, a domestic corporation doing business as "St. Rita's
Nursing Home"' in the Parish of St. Bernard, State of Louisiana;

B) **SALVADOR A. MANGANO,** upon reasonable information and belief
available at the present time, and at all times material hereto, a person of the full age of majority
and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known
as St. Rita's Nursing Home;

C) **MABEL B. MANGANO,** upon reasonable information and belief available
at the present time, and at all times material hereto, a person of the full age of majority and
domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known as St.
Rita's Nursing Home;

II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum of
money found to be reasonable in the premises, together with legal interest from the date of
judicial demand, for all costs of these proceedings, and for all other general and equitable relief

**PAGE TWO**

as may be afforded by this Honorable Court, for the following reasons:

III.

On or about the 29th day of AUGUST, 2005, **JANET MARIE PARKER** expired while in the care, custody and control of defendants **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

IV.

**JANET MARIE PARKER** was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly injuries as a result of the failure of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO** to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioner avers that the death of her mother, ___death by asphyxia by drowning,___ was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of **JANEY MARIE PARKER**, in that the defendants were negligent in the following non-exclusive particulars :

A. Failing to evacuate nursing home residents in the face of a mandatory evacuation for the Parish of St. Bernard;

B. Failing to have a viable, workable evacuation plan for the nursing home residents at the time of this emergency

C. Failing to implement an evacuation plan, if one did exist;

D. Failing to ask for assistance with evacuation of the nursing home residents;

E. Refusing evacuation assistance from outside sources;

F. Abandoning the care of **JANET MARIE PARKER**;

**PAGE THREE**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **JANET MARIE PARKER**;

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **NANCY ALFONSO, as the natural child of the decedent JANET MARIE PARKER**, has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival and wrongful death actions against defendants herein. _Petitioner alleges her mother suffered immeasurably prior to her death by drowning at the Nursing Home in question._

VIII.

As a result of the negligence of the defendants herein causing the death of her mother, **JANET MARIE PARKER** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of her mother's death;

B. Past, past and future loss of love and affection from her mother;

C. Any and all damages which may be proven at trial;

X.

Your petitioners steadfastly aver amicable demand to defendant's, all to no avail.

.WHEREFORE, petitioner, **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF JANET MARIE PARKER**, prays that defendants **BUFFMAN, INC.,**

PAGE FOUR

SALVADOR A. MANGANO AND MABEL B. MANGANO. be served with a copy of this Petition for Damages; they each be made to answer same; and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of your petitioners, NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF JANET MARIE PARKER and against the defendants BUFFMAN, INC., SALVADOR A. MANGANO AND MABEL B. MANGANO for an amount of money found to be reasonable in the premises, together with legal interest from the date of judicial demand, along with all costs of these proceedings and all other general and equitable relief as may be afforded by this Honorable Court.

Respectfully submitted,

NOTO LAW FIRM
BY: _____
GREGORY C. NOTO (No. 14275)
532 E. Judge Perez Drive
Suite 102
Chalmette, Louisiana 70043
(504) 279-6686
*Attorney for Plaintiffs*

The Wolfe Law offices, LLC
BY: _____
Scott G. Wolfe, Jr.(No. 30122)
4821 Prytania Street
New Orleans, La. 70115
866-761-8934
Co-counsel for plaintiff

## PLEASE SERVE:

*BUFFMAN, INC.   THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

*SALVADOR A. MANGANO   THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

*MABEL B. MANGANO   THROUGH*

JAMES A. COBB, JR, ESQ.
Emmett, Cobb, Waits and Kessenich, APLC.
1515 Poydras Street
Suite 1950
New Orleans, La. 70112

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By _____
DEPUTY CLERK

/S/CYNTHIA P. GALLARDO

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

<u>CITATION</u>

NO: **106-580**



NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO

TO:   **MABEL B. MANGANO**
**THRU**
**EMMETT, COBB, WAITS & KESSENICH**
**MR. JAMES A. COBB, JR., ESQUIRE**
**1515 POYDRAS STREET**
**SUITE 1950**
**NEW ORLEANS, LA 70112**

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy., Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the <u>7TH</u> day of <u>JULY</u>, 2006.

CPG/P1

LENA R. TORRES
CLERK OF COURT

BY _____
Deputy Clerk
**/S/CYNTHIA P. GALLARDO**

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
Returned Parish of St. Bernard_____, _____.
_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.
_____
Sheriff

*Issued*
*7/24/06*

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

<u>CITATION</u>



NO: **106-580**

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO

TO:   **BUFFMAN, INC.**
      **THRU**
      **EMMETT, COBB, WAITS & KESSENICH**
      **MR. JAMES A. COBB, JR., ESQUIRE**
      **1515 POYDRAS STREET**
      **SUITE 1950**
      **NEW ORLEANS, LA 70112**

        YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

        You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy., Chalmette, LA 70043.

        If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

        This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the <u>7TH</u> day of <u>JULY</u>, 2006.

CPG/P1

                              LENA R. TORRES
                              CLERK OF COURT

                              BY *[signature]*
                                 Deputy Clerk
                              /S/CYNTHIA P. GALLARDO

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
                    Returned Parish of St. Bernard_____, _____.
                              _____
                                         Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                    Returned Parish of St. Bernard _____, _____.
                              _____
                                         Sheriff

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

<u>CITATION</u>



NO: **106-580**

NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF
JANET MAIRE PARKER

VERSUS

BUFFMAN, INC. SALVADOR A. MANGANO AND
MABEL B. MANGANO

TO:   **SALVADOR A. MANGANO**
   **THRU**
   **EMMETT, COBB, WAITS & KESSENICH**
   **MR. JAMES A. COBB, JR., ESQUIRE**
   **1515 POYDRAS STREET**
   **SUITE 1950**
   **NEW ORLEANS, LA 70112**

   YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

   You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

   If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

   This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 7TH day of JULY, 2006.

CPG/P1

                    LENA R. TORRES
                    CLERK OF COURT

                    BY _____
                              Deputy Clerk
                    /S/CYNTHIA P. GALLARDO

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
                    Returned Parish of St. Bernard _____, _____.
                    _____
                              Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                    Returned Parish of St. Bernard _____, _____.
                    _____
                              Sheriff

# 34th JUDICIAL DISTRICT COURT

## PARISH OF ST. BERNARD

## STATE OF LOUISIANA

CASE NO. 105-406                              DIVISION " D "

### RAYMOND COUSINS and BERNARD REYES

#### -versus-

### THE MANGANO CORPORATION
### d/b/a ST. RITA'S NURSING FACILITY, *et al*

Filed: *June 30, 2006*          *Elizabeth A. Ruiz*
_____          _____
                               Deputy Clerk      /S/Elizabeth A. Ruiz

**************************************************************

### *EN BANC* ORDER OF RECUSATION

As provided for under Louisiana Rules of Civil Procedure Article 151 and 152(3), the Judges of the 34th Judicial District Court wish to voluntarily recuse themselves from the above entitled case, and the cases herein listed. Further, it is respectfully requested that this Order be deemed a written request to the Louisiana Supreme Court for recusal of the Judges of this district and that the Supreme Court accept, approve of and order this recusal.

This case involves a suit for damages arising out of the death of Plaintiffs' mother, Adel Cousins while residing at St. Rita's Nursing Facility in St. Bernard Parish. It is alleged that Plaintiffs' mother, along with numerous similarly situated individuals were not evacuated for Hurricane Katrina in August 2005, and died as a result this natural disaster. In addition to the above numbered and entitled matter, the following suits have been filed in this Court for other deceased residents of St. Rita's, to-wit: Case Numbers 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473;105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-

535.  Many of the deceased individuals residing at St. Rita's were personally known to individual judges of this Court.  Additionally, individual judges are acquainted with family members of some of the decedents.  In some instances these family members are parties in the suits.  All of the judges of this district were present during the storm and its aftermath.  As a result the judges were exposed to information regarding the events that may have transpired at St. Rita's.  The gaining of such knowledge was unavoidable despite the fact that no such information was sought or solicited by the judges.  Finally, individual judges have represented one or more of the decedents and/or parties to this litigation as attorneys prior to taking the bench.

To avoid any appearance of any impropriety, the Judges of this district find it necessary to request that they be recused from this case, as well as the cases numbered and listed herein.  It is further requested that this recusal be accepted by the Louisiana Supreme Court and that this matter be heard by a Judge to be appointed by the Supreme Court to preside over all further proceedings and dispositions in these cases.

Signed this 30th day of June, 2006.

_____
Judge Wayne G. Cresap, Chief Judge

_____
Judge Robert A. Buckley, Division " A "

_____
Judge Manuel A. Fernandez, Division "B"

_____
Judge Kirk A. Vaughn, Division "D "

_____
Judge Jacques A. Sanborn, Division " E "

A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By_____
DEPUTY CLERK