IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| LEVEE (06-5163) | * | |
| CREATO GORDON, ET AL. v. | * | |
| UNITED STATES OF AMERICA, ET AL. | * | |
| | * | |
| | * | |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, T.L. James & Company, Inc. (hereinafter "T.L. James"), and in Answer to the class action complaint (hereinafter referred to as "Complaint") filed by plaintiffs, Creato Gordon, Fred Weikert, Unique Miles, Joanne Murse, and Regina Turner, responds and avers as follows:

## FIRST DEFENSE

The Complaint fails to state a claim, right, or cause of action against T.L. James upon which relief can be granted.

**SECOND DEFENSE**

T.L. James avers that plaintiffs' claims against it are barred by prescription, peremption and/or laches.

**THIRD DEFENSE**

If this case is tried to a jury, then it should be transferred to avoid prejudice to T.L. James because the jury pool consists of individuals who are potential members of the purported class.

**FOURTH DEFENSE**

T.L. James adopts and incorporates by reference all affirmative and constitutional defenses which have been or may be asserted by any other defendant, including, but not limited to, the United States of America, as if copied herein *in extenso*.

**FIFTH DEFENSE**

T.L. James avers that they are entitled to and claim the benefit of Sovereign Immunity and/or the discretionary function exception to the Federal Tort Claims Act, as T.L. James, at all pertinent times hereto, was acting as agent of the United States of America.

**SIXTH DEFENSE**

T.L. James avers that it is entitled to and claims immunity from any liability pursuant to La. R.S. 9:2771 since its work was performed pursuant to and in accordance with drawings and specifications prepared by another entity and furnished for the underlying project.

**SEVENTH DEFENSE**

T.L. James avers that plaintiffs' claims against it are barred and are subject to the complete defense of immunity under the government contractor defense recognized in *Yearsley v. Ross*, 600 S.Ct. 413 (1940), as any and all work performed by T.L. James as an agent of the U.S. Government

and was subject of approval by an Act of Congress and performed pursuant to work orders and directives of the United States Army Corps of Engineers.

## EIGHTH DEFENSE

T.L. James avers that to the extent plaintiffs have received any payments for the alleged injuries or damages from any individual, corporation or governmental entity, T.L. James is entitled to a credit and/or offset in the amount of any such payments.

## NINTH DEFENSE

Plaintiffs' claims should fail because they have failed to join parties needed for a just and proper adjudication of this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## TENTH DEFENSE

T.L. James avers that the individual named plaintiffs are not the real parties in interest and therefore not entitled to pursue or maintain this action.

## ELEVENTH DEFENSE

Alternatively, T.L. James avers that the damages as alleged were not as a result of fault on their part or any person or party for which T.L. James can be responsible. In the alternative, any damages sustained which are recoverable, were caused in whole or in part by the negligence and fault of other parties or entities over which T.L. James had no control and for whose actions or omissions T.L. James cannot be held liable.

## TWELFTH DEFENSE

T.L. James avers that the claims alleged in the Complaint are barred by the non-forseeability of any damages, which are denied, by T.L. James.

### THIRTEENTH DEFENSE

T.L. James avers that the claims alleged in the Complaint were the result of an Act of God, *force majeure*, and/or an inevitable accident beyond the control of T.L. James.

### FOURTEENTH DEFENSE

Plaintiffs' claims fail to meet the requirements of the Class Action Fairness Act of 2005, Public Law 109-2, 28 U.S.C. §1331(d)(2).

### FIFTEENTH DEFENSE

If damages were sustained, none of which are admitted, then plaintiffs failed properly to mitigate their damages.

### SIXTEENTH DEFENSE

T.L. James denies that plaintiffs' claims can be certified for treatment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### SEVENTEENTH DEFENSE

T.L. James avers that plaintiffs' claims for punitive damages are not recoverable under applicable law.

### EIGHTEENTH DEFENSE

T.L. James denies that plaintiffs are entitled to trial by jury.

### NINETEENTH DEFENSE

T.L. James is not liable or its liability is limited to acting solely as a surety to the proprietors of the levees pursuant to provisions of La. R.S. 9:2773.

**TWENTIETH DEFENSE**

The claims asserted by Plaintiffs in the Complaint frame political questions and not justiciable issues. The claims asserted in the Complaint do not comprise cases or controversy to which the judicial power of the United States extends, pursuant to Article III, Section 2 of the Constitution of the United States.

**TWENTY FIRST DEFENSE**

AND NOW, without waiving any of its defenses, and for answer to each of the allegations in plaintiffs' Complaint, T.L. James responds as follows:

1.

The allegations contained in Paragraph 1 of the Complaint do not require an answer of this defendant or contain conclusions of law for which no answer is required. However, to the extent an answer is required, the allegations are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Complaint do not require an answer of this defendant except to the extent that apply to T.L. James, to which T.L. James states as follows:

    q.    Except to admit that T. L. James is a Louisiana corporation with its domicile in Lincoln Parish, the allegations are denied.

10.

The allegations contained in Paragraph 10 of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

11.

The allegations contained in Paragraph 11 of the Complaint contain conclusions of law and therefore, do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

12.

The allegations contained in Paragraph 12 of the Complaint state or attempt to state a conclusion of law for which no response is required. However, to the extent an answer is required, the allegations are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient

information to justify belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify belief therein.

19.

The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are denied.

29.

The allegations contained in Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

34.

The allegations contained in Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied.

39.

The allegations contained in Paragraph 39 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

40.

The allegations contained in Paragraph 40 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

41.

The allegations contained in Paragraph 41 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

42.

The allegations contained in Paragraph 42 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

43.

The allegations contained in Paragraph 43 of the Complaint do not require an answer of this defendant.  However, should an answer be deemed necessary, the allegations are denied.

44.

The allegations contained in Paragraph 44 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

45.

The allegations contained in Paragraph 45 of the Complaint contain conclusions of law and, therefore, do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

46.

The allegations contained in Paragraph 46 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

47.

The allegations contained in Paragraph 47 of the Complaint do not require an answer of this defendant.  However, to the extent an answer is required, the allegations are denied.

48.

The allegations contained in Paragraph 48 of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

49.

The allegations contained in Paragraph 49 of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

50.

The allegations contained in Paragraph 50 of the Complaint are denied.

51.

The allegations contained in Paragraph 51 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

52.

The allegations contained in Paragraph 52 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

53.

The allegations contained in Paragraph 53 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

54.

The allegations contained in Paragraph 54 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

55.

The allegations contained in Paragraph 55 of the Complaint do not require an answer of this

defendant. However, should an answer be deemed necessary, the allegations are denied.

56.

The allegations contained in Paragraph 56 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

57.

The allegations contained in Paragraph 57 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

58.

The allegations contained in Paragraph 58 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

59.

The allegations contained in Paragraph 59 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

60.

The allegations contained in Paragraph 60 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

61.

The allegations contained in Paragraph 61 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

62.

The allegations contained in Paragraph 62 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

63.

The allegations contained in Paragraph 63 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

64.

The allegations contained in Paragraph 64 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

65.

The allegations contained in Paragraph 65 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

66.

The allegations contained in Paragraph 66 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

67.

The allegations contained in Paragraph 67 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

68.

The allegations contained in Paragraph 68 of the Complaint do not require an answer of this defendant. However, should an answer be deemed necessary, the allegations are denied.

69.

The allegations contained in Paragraph 69 of the Complaint are denied except to admit that T.L. James & Company, Inc. provided contracting services to the Board of Commissioners for the Orleans Parish Levee District for the construction of a "toe wall" at Pump Station No. 6 pursuant to

drawings and specifications provided by Modjeski and Masters, Inc. Construction was substantially completed on March 29, 1989 and the work was accepted by the Board of Commissioners for the Orleans Parish Levee District on April 13, 1989.

70.

The allegations contained in Paragraph 70 of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

71.

The allegations contained in Paragraph 71 of the Complaint do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

72.

The allegations contained in Paragraph 72 of the Complaint are denied.

73.

The allegations contained in Paragraph 73 of the Complaint contain conclusions of law, and, therefore, do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

74.

The allegations contained in Paragraph 74 of the Complaint contain conclusions of law, and, therefore, do not require an answer of this defendant. However, to the extent an answer is required, the allegations are denied.

75.

The allegations contained in the Prayer for Relief and/or any unnumbered paragraphs are denied.

WHEREFORE, T.L. James & Company, Inc. prays that its answer be deemed good and sufficient and that, after due proceedings are had, Judgment be rendered in their favor and against plaintiffs, dismissing plaintiffs' Complaint at their costs, and for all general and equitable relief deemed appropriate by this Court.

Respectfully submitted,

**MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ, LLP**

/s/ Philip S. Brooks, Jr.
A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
MICHAELA E. NOBLE (#28173)
RONALD J. KITTO (#28638)
KENNETH J. GELPI (#24103)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Phone: 504-585-3200
Fax: 504-585-7688
*T.L. James & Company, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this  28th  day of  November, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.

/s/ Philip S. Brooks, Jr.

H:\Pbrooks\MRGO\PLEADINGS\Answer Creato.wpd