535. Many of the deceased individuals residing at St. Rita's were personally known to individual judges of this Court. Additionally, individual judges are acquainted with family members of some of the decedents. In some instances these family members are parties in the suits. All of the judges of this district were present during the storm and its aftermath. As a result the judges were exposed to information regarding the events that may have transpired at St. Rita's. The gaining of such knowledge was unavoidable despite the fact that no such information was sought or solicited by the judges. Finally, individual judges have represented one or more of the decedents and/or parties to this litigation as attorneys prior to taking the bench.

To avoid any appearance of any impropriety, the Judges of this district find it necessary to request that they be recused from this case, as well as the cases numbered and listed herein. It is further requested that this recusal be accepted by the Louisiana Supreme Court and that this matter be heard by a Judge to be appointed by the Supreme Court to preside over all further proceedings and dispositions in these cases.

Signed this 30th day of June, 2006.

Judge Wayne G. Cresap, Chief Judge

Judge Robert A. Buckley, Division " A "

Judge Manuel A. Fernandez, Division " B "

Judge Kirk A. Vaughn, Division " D "

Judge Jacques A. Sanborn, Division " E "

A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By _____   /S/Elizabeth A. Ruiz
      DEPUTY CLERK
JUL 0 5 2006

SUPREME COURT OF LOUISIANA

FILED

JUL 2 8 2006

*Shirley Dise*
DEPUTY CLERK

O R D E R

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Judge Kirk A. Vaughn to assign a judge ad hoc to the Thirty-Fourth Judicial District Court in the below mentioned matters because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Frank Foil to accept such assignment,

IT IS ORDERED THAT:

Retired Judge Frank Foil be and he is hereby assigned as judge ad hoc of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of Case Nos. 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473; 105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-535; on the docket of said court, subject to the completion of any unfinished business.

This order shall not deprive the judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, of their offices as judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Frank Foil of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting ad hoc or pro tempore assistance shall have the duty and obligation of providing the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable ad hoc or pro tempore judges to fulfill their obligations.

The judge assigned to sit ad hoc or pro tempore hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this _27_ day of July, A.D., 2006, New Orleans, Louisiana.

FOR THE COURT:

SUPREME COURT OF LOUISIANA
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Jeffrey C. Collins*
Jeffrey C. Collins
Chief Deputy Clerk of Court

_____
Pascal F. Calogero, Jr., Chief Justice

**FILED**

AUG 07 2006

*Louise J Murray*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

## 34th JUDICIAL DISTRICT COURT

## PARISH OF ST. BERNARD

## STATE OF LOUISIANA

## NUMBERS 105-461, 105-620, 105-874, 105-927, 106-288,

## 106-289, 106-580, 105-473, 106-324, 106-279

FILED  *Aug. 7, 2006*

*Elizabeth A. Ruiz*

**DEPUTY CLERK**

/S/Elizabeth A. Ruiz

### ORDER SETTING STATUS CONFERENCE

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Wednesday, September 13, 2006, at 2:00 P.M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the 2nd day of August, 2006.

FRANK FOIL
Judge Ad Hoc

**Please send notice to:**

The Attorneys whose names and addresses are listed as Group 1 on the attached sheet.

34TH JDC – ST. RITA'S NURSING FACILITY CASES

GROUP 1

FILED

AUG 07 2006

*Lou g Noway*

ST. BERNARD PARISH CHIEF DEPUTY CLERK

| | |
|---|---|
| 105-461 | Taylor, Wellons, Politz & Duhe<br>7924 Wrenwood Blvd. Suite C<br>Baton Rouge, LA 70809 |
| 105-620 | Thornhill Law Firm<br>1308 Ninth Street<br>Slidell, LA 70458 |
| 105-874 | Richard A. Tonry, II<br>620 Oak Harbor Blvd.<br>Slidell, LA 70458 |
| 105-927 | Lirette, Gary & Spense<br>P.O. Box 2968<br>Houma, LA 70361 |
| 106-288<br>106-289<br>106-580 | (1) Gregory J. Noto<br>532 E. Judge Perez Dr.<br>Chalmette, LA 70043<br>(2) The Wolfe Law Offices<br>4821 Prytania St.<br>New Orleans, LA 70115<br>(3) Louisiana Nursing Home Association<br>7844 Office Park Blvd.<br>Baton Rouge, LA 70809 |
| 105-473<br>106-324 | John W. Wise<br>Daniel Lichtl<br>John L. Robert, III<br>Fowler, Rodriguez & Chalos<br>400 Poydras St., 30th Floor<br>New Orleans, LA 70130 |
| 106-279 | (1) Moody & Moody<br>213 E. Thomas St.<br>Hammond, LA 70401<br>(2) C. Rodney Harrington<br>P.O. Box 1278<br>Natchitoches, LA 71458-1278<br>(3) Louisiana Nursing Home Association<br>7844 Office Park Blvd.<br>Baton Rouge, LA 70809 |

All cases     (1) Emmett, Cobb, Waits & Henning
              1515 Poydras St., Suite 1950
              New Orleans, LA 70112
              (2) Jeremy Goux
              417 N. Theard St.
              Covington, La 70433

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                                    DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM,
BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDUM, MANACA, INC., MANGANO CONSULTANTS,
INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO
MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _____ AUG 2 9 2006               _____
              3:18 pm                        DEPUTY CLERK
                                             /S/Gwen S. Loze

MOTION FOR LEAVE TO FILE
THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Mabel Mangano, Salvador Mangano and Buffman, Inc., d/b/a St. Rita's Nursing Home, made defendants herein, and for the reasons more fully set forth in the attached memorandum, pursuant to La. Code of Civil Procedure Article 1111, move for leave of Court to file a Third Party Demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

This matter is not set for trial, and the filing of this incidental demand will not retard the process of the principal action.

Respectfully submitted, this _29th_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY:   _Susan E. Henning_

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Martha D. Bowden (28316)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:   985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon
all counsel of record by depositing same in the United States Mail, postage prepaid and
properly addressed, this _29th_ day of August, 2006.

_Susan E. Henning_
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                                          DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM,
BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDUM, MANACA, INC., MANGANO CONSULTANTS,
INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO
MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _____AUG 2 9 2006_____          _____
                                                    DEPUTY CLERK
                                                 /S/Gwen S. Loze

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE THIRD PARTY DEMAND**

**MAY IT PLEASE THE COURT:**

Plaintiff in the principal demand has filed suit against Mabel Mangano, Salvador

Mangano and Buffman, Inc. in which she alleges, among other things, that the

defendants failed to evacuate St. Rita's Nursing Home prior to Hurricane Katrina's

landfall.  Defendants have denied and continue to deny any negligence on their part.

Defendants seek to bring a Third Party Demand in their capacity as Third Party

Plaintiffs, seeking indemnity and/or contribution in tort from third party defendants in the

event that Third Party Plaintiffs are cast in judgment.  Third Party Plaintiffs also seek to

bring this action to assert apportionment of liability as mandated by Article 2324 of the

Louisiana Civil Code.

Pursuant to Louisiana Code of Civil Procedure Article 1033, Third Party Plaintiffs

move for leave of Court to file a third party demand in this matter.  Although Answer in

the principal demand has been filed, the matter is not set for trial and the filing of this

incidental demand will not retard the progress of the principal action.

Accordingly, Mabel Mangano, Salvador Mangano and Buffman, Inc. wish to file a Third Party Demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard as parties to these proceedings.

Respectfully submitted, this 29th day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

Jeremy Goux, Esq. (25065)
Martha D. Bowden (28316)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone: 985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 29th day of August, 2006.

_____
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                    DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM,
BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDUM, MANACA, INC., MANGANO CONSULTANTS,
INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO
MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _____AUG 2 9 2006_____          _Gwen S. Loze_
                                            DEPUTY CLERK
                                            /S/Gwen S. Loze

ORDER

Upon consideration of Motion for Leave to File Third Party Demand filed by Third

Party Plaintiffs, Mabel Mangano, Salvador Mangano and Buffman, Inc. and the

Memorandum in Support thereof;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Motion for

Leave to File Third Party Demand filed by Mabel Mangano, Salvador Mangano and

Buffman, Inc. d/b/a St. Rita's Nursing Home, be and same is hereby GRANTED.

St. Bernard, Louisiana this _13TH_ day of _SEPTEMBER_, 2006.

_____
FRANK FOIL
JUDGE AD HOC

7006 0810 0006 3463 4291

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Postmark Here

Pr: KATHLEEN BLANCO
GOVERNOR OF THE STATE OF LA
900 3RD ST OFFICE THE GOVERNOR
BATON ROUGE, LA 70802
(NL) D-1  9-14-06  #105-473

PS Form 3800, June 2002

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                                          DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM,
BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDUM, MANACA, INC., MANGANO CONSULTANTS,
INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO
MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _Sept. 14, 2006_          _Elizabeth A. Ruiz_
                                    DEPUTY CLERK
                                    /S/Elizabeth A. Ruiz

## THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Third Party Plaintiffs,

Salvador A. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home

who for their Third Party Demand against: the United States of America, Kathleen

Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana,

Department of Transportation and Development;   Johnny Bradberry, in his official

capacity as Secretary, Louisiana Department of Transportation and Development; State

of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his

official capacity as Secretary, Department of Health and Hospitals; State of Louisiana,

Office of the Attorney General; Charles Foti, in his official capacity as Attorney General,

State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his

official capacity as President, Parish of St. Bernard, respectfully aver as follows:

I.

Third Party Plaintiffs bring this Third Party Demand pursuant to Article 1111 of

the Louisiana Code of Civil Procedure.

II.

On August 29, 2005, Hurricane Katrina passed through St. Bernard Parish, the effects of which caused significant breaches in the Lake Borgne Basin Levee system resulting in flooding of the entire parish.  As a consequence of this catastrophic flooding, St. Rita's Nursing Home, which is owned and operated by defendant Buffman, Inc., was severely damaged and thirty five residents of the home perished.

III.

The original petition filed against the Third Party Plaintiffs, alleges, among other things, that they negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall.  Third Party Plaintiffs have denied and continue to deny any negligence on their part.

IV.

Third Party Plaintiffs bring this third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that Third Party Plaintiffs are cast in judgment herein.   Third Party Plaintiffs also bring this action seeking apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

V.

Made Third Party Defendants are the following:

(a)     The United States of America;

(b)     Kathleen Blanco, in her official capacity as Governor of the State of Louisiana;

(c)     State of Louisiana, Department of Transportation and Development;

(d)     Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development;

(e)     State of Louisiana, Department of Health and Hospitals;

(f)     Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals;

(g)     State of Louisiana, Department of Justice, Office of the Attorney General;

(h)     Charles Foti, in his official capacity as Attorney General, State of Louisiana;

(i)     the Lake Borgne Basin Levee District, which is a political subdivision of

the State of Louisiana; and

(j)     Henry J. Rodriguez, in his official capacity as President, Parish of St.

Bernard.

<u>**CLAIMS AGAINST DEPARTMENTS AND OFFICIALS**</u>

<u>**OF THE STATE OF LOUISIANA**</u>

VI.

On or about July 11, 2005, Governor Blanco adopted the Louisiana Emergency

Operations Plan by Executive Order KBB 2005-18.   Defendants Bradberry, Foti and

Cerise were also signatories to the Emergency Operations Plan ("EOP").   In addition to

the terms of the EOP itself, the EOP incorporated as a separately published supplement

the Southeast Louisiana Hurricane and Evacuation Plan (Supplement 1A).

VII.

The EOP mandates the responsibilities of state officials and agencies in the

event of an emergency.   The EOP "assigns responsibilities for actions and tasks that

the State will take to provide for safety and welfare of its citizens against the threat of

natural disasters." (EOP, at Section I, page 1)

VIII.

Governor Blanco declared a state of emergency on the evening of August 26,

2005 as Hurricane Katrina approached, thus triggering the provisions of the EOP.

IX.

Pursuant to the EOP, Governor Blanco was charged with the "overall

responsibility for emergency management in the state." (EOP, at Section IV, page 7).

The Governor is also responsible for the coordinated delivery of all emergency services,

public, quasi-volunteer, and private, during a natural, technological and/or national

security emergency/disaster situation.   (EOP, at Section V, page 9).   By reason of her

overall responsibility for emergency management, Governor Blanco had an obligation to

make sure that the State was in compliance with its own EOP.   By reason of the failures

to follow the EOP, which are detailed below, Governor Blanco failed to discharge her

overall responsibility for emergency management and such failure caused and/or

contributed to the damages alleged by the plaintiff, and for which Third Party Plaintiffs deny liability.

X.

Pursuant to the EOP, State departments, agencies and offices are required to carry out the responsibilities designated in Attachment 3 to the EOP, which is entitled "State Agency Emergency Support Functions ("ESF")."  The EOP requires that these departments or agencies, including defendants Department of Transportation and Development, Department of Health and Hospitals, and Department of Justice, Office of the Attorney General, "organize, supervise and coordinate all the activities that take place in its functional area."  (EOP, at Section IV, page 7).

XI.

ESF 1 imposes primary responsibility for emergency transportation on the Louisiana Department of Transportation and Development ("LDOTD").  ESF imposed a duty on LDOTD to designate a coordinator to "develop plans and procedures to mobilize transportation and support emergency evacuation for at risk populations."  (ESF 1, at Section III(B)(1))

XII.

Upon information and belief, LDOTD did nothing to carry out the responsibilities imposed upon it under the EOP and ESF 1.  LDOTD did nothing to provide transportation to persons at risk to permit them to evacuate prior to Hurricane Katrina. LDOTD did nothing to mobilize transportation and support emergency evacuation for the residents of the St. Rita Nursing Home.  Johnny Bradberry, Secretary, has admitted in testimony before the United States Congress that he failed to carry out the responsibilities imposed on his department by the EOP.  Secretary Bradberry's admitted inaction and failure to act caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability.

XIII.

ESF 13 deals with Public Safety and Security.  Pursuant to this ESF, the Louisiana Department of Justice ("LDOJ") "ensures that operations are taken in accordance with the legal authority of the state."  (ESF 13, at Section III).  Pursuant to this language, the Department of Justice, Office of the Attorney General, had the

responsibility to monitor the compliance of other departments with the EOP.  Appendix 2
to ESF 13 shows that with respect to safety and security, all other state departments,
including LDOTD, reported to and assisted the Department of Justice.

XIV.

Upon information and belief, the Department of Justice and third party defendant
Foti failed to carry out their duties and responsibilities under ESF 13 in that they did
nothing to monitor and assure compliance by LDOTD and the Louisiana Department of
Health and Hospitals with their obligations under the EOP.  Such failures caused and/or
contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs
deny liability.

XV.

Supplement 1A to the EOP is the Southeast Louisiana Hurricane Evacuation
Plan.   Pursuant to this Plan, the Louisiana Department of Health and Hospitals
("LDHH") was charged with the responsibility to "coordinate the evacuation and
sheltering of people who have special medical and health needs." (Page 11)  The plan
further imposed a duty on LDHH to "call all nursing homes and other custodial care
organizations in risk areas to make sure they are prepared to evacuate their residents."
(Page 17)  This Plan also required that once evacuation was recommended, LDHH was
required to "mobilize State transportation resources to aid in the evacuation of people
who have mobility and/or health problems."  (Page 19)

XVI.

Upon information and belief, LDHH and defendant Cerise did not comply with the
provisions of this Plan.  They did not call St. Rita's Nursing Home as required by the
Plan, and offered no State transportation resources to evacuate the residents of St.
Rita's Nursing Home.  Such failures on the part of LDHH and Secretary Cerise caused
and/or contributed to the damages alleged by the plaintiff and for which the Third Party
Plaintiffs deny liability.

XVII.

By reason of their breaches of the EOP, and the failure of the State or its
agencies to offer transportation resources to at-risk residents, should Third Party
Plaintiffs be cast in judgment herein, then defendants Blanco, LDTOD, LDOJ, LDHH,

Bradberry, Foti and Cerise are liable to Third Party Plaintiffs by way of indemnity or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code.

## CLAIMS AGAINST THE LAKE BORGNE BASIN LEVEE DISTRICT

XVIII.

The Lake Borgne Basin Levee District was created by Act of the Louisiana Legislature codified at L.R.S. 38:327. Pursuant to this Act, the Board was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction. The Act specifically granted to the Lake Borgne Basin Levee District authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion.

XIX.

By law, all levee districts, including The Lake Borgne Basin Levee District, are required to engage in flood protection and in the construction and maintenance of levees. L.R.S. 38:325. By law, all levee districts and their commissioners, including this third party defendant, have the responsibility for the care and inspection of levees. L.R.S. 38:301(B).

XX.

The levees protecting St. Bernard Parish and St. Rita's Nursing Home failed in some instances during Hurricane Katrina, and were overtopped in others. Following the storm, it was determined by independent engineers that the levees in St. Bernard Parish had subsided significantly since their initial construction. These independent studies concluded that this change in elevation also caused and contributed to the failure and overtopping of levees in St. Bernard Parish. A principal author of one of these studies, Professor Robert Bea of the University of California, has stated publicly that these elevation changes were ignored.

XXI.

Third party plaintiffs aver upon information and belief that the Lake Borgne Basin Levee District failed to discharge its statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability. Pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin

Levee District is liable to Third Party Plaintiffs by way of indemnity or contribution in tort should Third Party Plaintiffs be cast in judgment herein.

## CLAIMS AGAINST HENRY J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF ST. BERNARD PARISH

XXII.

By law, a local disaster or emergency may only be declared by a parish president. Any such order which declares a local emergency must be given prompt and general publicity and must be filed with the office of emergency preparedness and the office of the clerk of court. L.R.S. 29:727 (D). Once such an order is issued, the parish president also has the authority to direct and compel the evacuation of all or part of the population from the stricken or threatened area.

XXIII.

No written mandatory evacuation order was issued by Mr. Rodriguez or his designee as Hurricane Katrina approached. It is unclear whether any verbal mandatory evacuation order was ever given. If such a verbal order was given, then Mr. Rodriguez failed in his duty to give prompt and general publicity, as third party plaintiffs were never informed of any mandatory evacuation order. Mr. Rodriguez also failed in his responsibility to issue a written order as required by law or to appoint a nominee to do so in the event of his incapacity and inability to perform that responsibility.

XXIV.

Should Third Party Plaintiffs be cast in judgment herein for a failure to evacuate St. Rita's Nursing Home, then Third Party Plaintiffs aver that such failure was caused or contributed to by the failure of third party defendant Rodriguez to timely issue an evacuation order, or alternatively, in failing to put such order in writing and to assure dissemination of such order to Third Party Plaintiffs. By reason of such failure, third party defendant, Rodriguez, is liable to Third Party Plaintiffs by way of indemnity and/or contribution pursuant to Article 2315 of the Louisiana Civil Code.

## CLAIMS AGAINST THE UNITED STATES OF AMERICA

XXV.

These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* As this is

filed as a Third Party Demand, the requirement that Third Party Plaintiffs first exhaust their administrative remedies is waived by statute. 28 U.S.C. § 2675(a). Moreover, this third party claim may be brought in a state court, subject to the right of the United States to remove the entire action. *Hassan v. Louisiana Department of Transportation & Development*, 923 F.Supp. 890 (W.D.La. 1996).

### XXVI.

Venue is proper in the Parish of St. Bernard in that the claims giving rise to this third party action occurred in this parish.

### XXVII.

The United States of America has waived its sovereign immunity in connection with these claims under 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

### XXVIII.

The Mississippi River Gulf Outlet ("MRGO") is a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans. Construction of the waterway was approved by Congress under the Rivers and Harbors Act in 1956. The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers ("Corps of Engineers") in 1965.

### XXIX.

The MRGO was originally designed to have a width of 650 feet and a depth of 36 feet. The waterway was constructed in the shallow marsh areas of St. Bernard Parish and the Chandeleur Sound. One of the primary justifications for the construction of the waterway was as a short-cut for vessels to enter the Port of New Orleans.

### XXX.

The MRGO had known and foreseeable impacts on the environment of St. Bernard Parish. Over time, the waterway caused the loss of thousands of acres of wetlands, including brackish marsh, saline marsh, and cypress swamps and forests. Over time and due to dredging activities done by the Corps of Engineers, the MRGO expanded in size, to a width in some places of over 2000 feet. By 2005, this soil erosion, when coupled with the loss of wetlands, made the MRGO a conduit for storm surge and greatly increased the risk of flooding in the interior sections of St. Bernard Parish.

XXXI.

Wetlands such as those destroyed since the opening of the MRGO provide a natural barrier against tidal surge from storms and hurricanes. Wetlands loss from the construction and maintenance of the MRGO have made St. Bernard Parish and Third Party Plaintiffs' nursing home facility more vulnerable to the effect of storm surge. This was evident as early as 1965, when Hurricane Betsy created a tidal surge that moved up the MRGO and breached levees in Orleans Parish. Third Party Plaintiffs' facility was not flooded by Hurricane Betsy. By 2005, however, the MRGO had expanded and caused erosion of wetlands that acted as a means for tidal surge to directly enter the populated areas of St. Bernard Parish.

XXXII.

On August 29, 2005,, levees along the MRGO were breached in several different places in St. Bernard Parish where wetlands had been lost. These levees were also overtopped due to the magnitude of the storm surge that was not absorbed and lessened by the wetlands that previously had protected St. Bernard Parish. In areas where the wetlands had not been lost, the levees were not breached.

XXXIII.

On the morning August 29, 2005,, a massive storm surge traveled from Lake Borgne and the Gulf of Mexico via the MRGO, causing the destruction of the levees protecting the St. Rita Nursing Home from flooding. The magnitude of the storm surge was amplified by the presence of the MRGO and its environmental impacts. The storm surge and destruction of the levees in turned caused catastrophic flooding in St. Bernard Parish.

XXXIV.

The St. Rita's Nursing Home sits on what is relatively high ground for St. Bernard Parish. Despite its elevation, on the morning of August 29, 2005, the facility became inundated in a matter of minutes to a depth of some six feet. Upon information and belief, Third Party Plaintiffs aver that their facility would not have flooded, and the plaintiff's' decedent would not have perished but for the presence of the MRGO and its environmental impacts.

XXXV.

The United States of America owed a duty of reasonable care to third party plaintiffs which was breached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein.

WHEREFORE, third party plaintiffs pray that process in due form of law may issue, citing the third party defendants to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in their favor, dismissing the petition at petitioner's cost; alternatively, should third party plaintiffs be cast in judgment herein, they pray that they may recover over against third party defendants by way of indemnity and/or contribution, together with all costs of these proceedings.

Respectfully submitted this _28_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

James A. Cobb, Jr. (La. 4213)
Susan E. Henning (La. 6793)
Louis G. Spencer (La. 26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana  70433
Telephone: (985) 898-0504

C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that a copy has been served on all counsel of record by depositing same in the United States mail, postage prepaid and properly addressed, on this _28_ day of August, 2006.

_____

JAMES A. COBB, JR.

PLEASE SERVE:

**The United States of America**
Service Pursuant to Rule 4, F.R.C.P.

Serve a copy on:
**(1) James Letten**
United States Attorney
Eastern District of Louisiana
500 Poydras Street, Suite B210
Hale Boggs Federal Building
New Orleans, Louisiana   70130

By Certified Mail by defendants to:

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC   20530-0001

**(2) Kathleen Blanco**
Governor of the State of Louisiana
Service pursuant to La.Code Civ.Pro. Art. 1265,
        L.R.S. 13:5107 and L.R.S. 39:1538
900 Third Street, Office of the Governor
Baton Rouge, Louisiana   70802

**(3) Louisiana Department of Transportation and Development**
1201 Capitol Access Road
Baton Rouge, Louisiana   70804

**(4) Johnny Bradberry**
1201 Capitol Access Road Room 302O
Baton Rouge, Louisiana   70804

**(5) Louisiana Department of Justice, Office**
**of the Attorney General, Charles Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

**(6) Louisiana Department of Health and Hospitals**
628 North Fourth Street
Baton Rouge, Louisiana   70802

**(7)  Frederick P. Cerise, M.D.**
628 North Fourth Street
Baton Rouge, Louisiana   70802

In order to comply with L.R.S. 13:5107 and L.R.S. 39:1538,
Please also serve on behalf of all State of Louisiana defendants:

**(8) Charles C. Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

and through:

**(9) Office of Risk Management**
1201 North Third Street
Baton Rouge, Louisiana   70802

**(10)  Lake Borgne Basin Levee District**
Through Robert Turner
6136 E. St. Bernard Highway
Violet, Louisiana   70092

**(11)  Henry J. Rodriguez**
8201 West Judge Perez Drive
St. Bernard Government Complex
Chalmette, Louisiana   70043

MARGARET LOTT, Individually, and as the
Surviving Spouse of Shirley Lott

34th JUDICIAL DISTRICT COURT

DOCKET NUMBER: 105-473 "D"

VERSUS

ST. BERNARD PARISH, LOUISIANA

SALVADOR A. MANGANO, MABEL B.
MANGANO, SALVADOR A. MANGANO,
JR., AOLC LIMITED PARTNERSHIP, A
LOUISIANA PARTNERSHIP IN
COMMENDAM, BUFFMAN, INC.,
DORMAN INC., MGH LIMITED
PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGANO
CONSULTANTS, INC., THE MANGANO
CORPORATION, MANGUEST, INC.,
MANGANO MANAGEMENT, INC., STS
AMUSEMENTS, L.L.C., D/B/A ST. RITA
NURSING HOME

*********************************************************

/S/Elizabeth A. Ruiz

## UNOPPOSED MOTION TO CONTINUE HEARINGS ON PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION, DILATORY EXCEPTION OF PREMATURITY

NOW INTO COURT, through undersigned counsel, comes Margaret Lott, Individually, and as

the Surviving Spouse of Shirley Lott, who respectfully requests that this Honorable Court continue the

hearings on defendants, Salvadore Mangano, Mabel B. Mangano, AOLC Limited Partnership, A Louisiana

Partnership in Commendum, Buffman, Inc., Dorman, Inc., MGH Limited Partnership, A Louisiana

Partnership in Commendum, Manaca, Inc., Mangano Consultants, Inc., The Mangano Corporation,

Manguest, Inc., Mangano Management, Inc., STS Amusements, LLC, d/b/a St. Rita's Nursing Home

(hereinafter collectively referred to as "Defendants"), Peremptory Exception of No Cause of Action and

Dilatory Exception of Prematurity currently set for March 17, 2006 at 9:30 a.m. for the reasons shown in

the attached Memorandum in support. Counsel for Defendants has been contacted and has no opposition

to the granting of this Motion.

Respectfully submitted

JON W. WISE, T.A. (#2192)
DANIEL LICHTL (#26385)
FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600 Telephone
504-523-2705 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on the 15th day of March, 2006, served a copy of the above and foregoing pleading on counsel for all parties to this proceeding, by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid.

2

MARGARET LOTT, Individually, and as the Surviving Spouse of Shirley Lott

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, SALVADOR A. MANGANO, JR., AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, MANACA, INC., MANGANO CONSULTANTS, INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

34th JUDICIAL DISTRICT COURT

DOCKET NUMBER: 105-473 "D"

ST. BERNARD PARISH, LOUISIANA

*************************************************************************

Filed:   MAR 1 6 2006

/S/Elizabeth A. Ruiz

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE HEARINGS ON PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION, AND DILATORY EXCEPTION OF PREMATURITY

MAY IT PLEASE THE COURT:

Plaintiff, Margaret Lott, Individually, and as the Surviving Spouse of Shirley Lott, requests that this Honorable Court continue the hearings on defendants' Peremptory Exception of No Cause of Action and Dilatory Exception of Prematurity. With respect to the Peremptory Exception, Plaintiff has filed suit against various corporations owned by or controlled by or incorporated by defendants, Salvador Mangano and Mabel Mangano. Defendants have pled that a number of these entities, AOLC Limited Partnership, MGH Limited Partnership, Dorman, Inc., Manaca, Inc., Mangano Consultants, Inc., the Mangano Corporation, Manguest, Inc., Mangano Management, Inc. and STS Amusements, LLC, have no ownership or other interest in the St. Rita Nursing Home facility, which is the subject of the litigation. Plaintiffs are propounding discovery to the various defendants with respect to ownership, operation and control of the operations of the nursing facility, and it is anticipated that the responses to this discovery will substantially aid in determining the merits of defendants' exceptions.

Counsel for defendants has been contacted and has no objections to the granting of this Motion and the continuance of hearing all of the exceptions presently set for hearing.

WHEREFORE, plaintiff, respectfully requests that her Motion be granted and this Court continue

the peremptory and dilatory exceptions filed by defendants without date.

Respectfully submitted:

JON W. WISE, T.A. (#2192)
DANIEL LICHTL (#26385)
FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600 Telephone
504-523-2705 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have on the _____ day of March, 2006, served a copy of the above and
foregoing pleading on counsel for all parties to this proceeding, by placing a copy of same in the United
States Mail, properly addressed and first class postage prepaid.

MARGARET LOTT, Individually, and as the Surviving Spouse of Shirley Lott

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, SALVADOR A. MANGANO, JR., AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, BUFFMAN, INC., DORMAN INC., MGH LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, MANACA, INC., MANGANO CONSULTANTS, INC., THE MANGANO CORPORATION, MANGUEST, INC., MANGANO MANAGEMENT, INC., STS AMUSEMENTS, L.L.C., D/B/A ST. RITA NURSING HOME

34th JUDICIAL DISTRICT COURT

DOCKET NUMBER: 105-473 "D"

ST. BERNARD PARISH, LOUISIANA

Filed:   MAR 1 6 2006

*****************************************************************

/S/Elizabeth A. Ruiz

## O R D E R

Considering the foregoing Unopposed Motion to Continue Hearings;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the hearings set on Defendants' Exceptions of No Cause of Action and Prematurity scheduled for March 17, 2006 at 9:30 a.m. are hereby continued without date.

Chalmette, Louisiana, this 16th day of ___March___, 2006.

JUDGE

A TRUE COPY
Lena R. Torres
CLERK OF COURT

MAR 2 7 2006

By_____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                                    DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN
COMMENDUM, BUFFMAN, INC., DORMAN INC., MGH LIMITED
PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM, MANACA,
INC., MANGANO CONSULTANTS, INC., THE MANGANO CORPORATION,
MANGUEST, INC., MANGANO MANAGEMENT, INC., STS AMUSEMENTS,
L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _____JAN 2 5 2006_____        _____KIMBERLY   GIOE_____
                                                 DEPUTY CLERK

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION**
**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT** through undersigned counsel come the following:

Salvadore Mangano ("Mr. Mangano"); Mabel B. Mangano ("Ms. Mangano"); AOLC Limited Partnership ("AOLC"), A Louisiana Partnership in Commendum; Buffman, Inc. ("Buffman"); Dorman, Inc. ("Dorman"); MGH Limited Partnership, A Louisiana Partnership in Commendum ("MGH"); Manaca, Inc. ("Manaca"); Mangano Consultants, Inc. ("Consultants"); The Mangano Corporation ("Corporation"); Manguest, Inc. ("Manguest"); Mangano Management, Inc. ("Management"); STS Amusements, LLC, d/b/a St. Rita's Nursing Home ("STS"), (hereinafter collectively referred to herein as "Defendants"), who in response to the plaintiff's Petition for Damages, do respectfully aver:

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION**

I.

The following defendants: AOLC, Dorman, MGH, Manaca, Consultants, Corporation, Manguest, Management, and STS, (hereinafter selectively referred to as the "Exceptors") respectfully represent:

II.

Pursuant to La. C.C.P. Art. 927, Plaintiffs fail to state a cause of action against AOLC, Dorman, MGH, Manaca, Consultants, Corporation, Manguest, Management, and STS for which they have a legal remedy.

III.

AOLC, Dorman, MGH, Manaca, Consultants, Corporation, Manguest, Management, and STS assert they are separate corporations, some of which are and have been dormant. Furthermore, Exceptors have never participated in the operation of Buffman Inc., d/b/a St Rita's Nursing Home.

IV.

Exceptors motion this court to set a date in which its peremptory exception may be heard.

## DILATORY EXCEPTION OF PREMATURITY

V.

Defendant's except to Plaintiff's alleged acts of negligence which constitute medical malpractice.

VI.

Specifically, Plaintiff's incorporate language such as:

    (a) "totally dependent for his care upon the staff of St. Rita," within their Paragraph 1;

    (b) "failure of defendants to look after, care for...the residents of St. Rita," within Paragraph 12;

    (c) "their sole care," within Paragraph 12; and

    (d) "Such other particulars as will be proven at trial,"

when referring to care provided Shirley Lott at St. Rita's Nursing Home.

VII.

To the extent these allegations allege acts of medical negligence, Plaintiff's allegations are premature and subject to dismissal pursuant to Louisiana Code of Civil Procedure Article 933 until such time as a medical review panel has been empaneled, has convened and has

rendered an opinion regarding the alleged professional negligence of the defendant healthcare providers.

### VIII.

Pursuant to the provisions of La. R.S. 40:129.41, a medical review panel must be convened to render an opinion with respect to allegations of medical or professional negligence prior to there being any litigation filed.

### IX.

Accordingly, plaintiffs' petition is premature and subject to dismissal. Exceptors motion this court to set a date in which its peremptory exception may be heard.

### ANSWER

1.

Plaintiff's Paragraph 1 fails to assert any allegations against Defendants, stating only facts which Defendants deny due to insufficient facts to support a believe therein. However, in an abundance of caution and in the event there exists an allegation against any Defendant within Plaintiff's Paragraph 1, Defendants deny each and every allegation therein.

2.

Plaintiff's Paragraph 2 fails to assert any allegations against Defendants, listing defendants which Plaintiff believes to have liability. However, in an abundance of caution and in the event there exists an allegation against any Defendants within Paragraph 2, Defendants deny each and every allegation therein.

3.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 3, except only to admit that Shirley Lott was a resident of St. Rita's Nursing Home prior to August 29, 2005.

4.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 4, admitting only that St. Rita's Nursing Home was owned and operated by Buffman, Inc., and that Buffman, Inc. is a "for profit" corporation.

5.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 5, for lack of sufficient information to justify a belief therein, admitting only that Hurricane Katrina came ashore in the State of Louisiana and water flowed over portions of St. Bernard Parish.

6.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 6, admitting only that Buffman, Inc complied with regulations regarding hurricane preparedness, timely filing its plan and having its plan accepted by the local parish agency.

7.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 7 for lack of information sufficient to justify a belief therein.

8.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 8.

9.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 9 for lack of information sufficient to justify a belief therein.

10.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 10 for lack of information sufficient to justify a belief therein.

11.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 11 for lack of information sufficient to justify a belief therein.

12.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 12.

13.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 13.

14.

Defendants deny each and every allegation as written within Plaintiff's Paragraph 14.

15.

Plaintiff's Paragraph 15 fails to assert any allegations against Defendants, stating only their intent to request a trial by jury. However, in an abundance of caution and in the event there exists an allegation against any Defendants within Paragraph 15, Defendants deny each and every allegation therein.

16.

Plaintiff's Paragraph 16 fails to assert any allegations against Defendants, stating only that Petitioner reserves the right to supplement and amend her petition as discovery progresses. However, in an abundance of caution and in the event there exists an allegation against any Defendants within Paragraph 16, Defendants deny each and every allegation therein.

17.

Furthermore, and in an abundance of caution, each and every allegation of any un-numbered or misnumbered paragraphs or prayer for relief is denied.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, Mr. Mangano, Ms. Mangano, and Buffman, Inc., aver and would show:

18.

At all pertinent times, Mr. Mangano, Ms. Mangano, and Buffman, Inc. acted reasonably and appropriately and in consideration of the best interests of its resident, Shirley Lott, and no intentional conduct or negligence on their part caused or contributed to the damages alleged in plaintiff's petition.

19.

Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that the damages allegedly suffered herein by the Plaintiff and the decedent were the result of an unfortunate and unprecedented *force majeure*.

20.

Alternatively, Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that any damages allegedly suffered by the plaintiffs were caused by a superseding force or events beyond the

control of these defendants and for which neither responsibility nor liability could be imputed or imposed.

21.

Alternatively, Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that the damages allegedly suffered herein by the plaintiff were caused by the fault, negligence, lack of care and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

22.

In further alternative, Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that any injuries allegedly sustained by plaintiffs were caused or contributed to by their own negligence and defendants plead the contributory/comparative fault of the plaintiff as a defense, including but not limited to the plaintiff's failure to remove the decedent "out on pass" prior to Hurricane Katrina's landfall.

23.

In further alternative, Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that the injuries and/or damages allegedly suffered herein by the Plaintiff and the decedent, were not the result of Hurricane Katrina but rather caused by the failure of the levee protection system which occurred post-Katrina.

24.

In further alternative, Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that no clear communicated order from the St. Bernard Parish government broadcasted a mandatory evacuation to Mr. Mangano, Ms. Mangano, or the staff at St. Rita's Nursing Home prior to Hurricane Katrina's landfall.

25.

In further alternative, Mr. Mangano, Ms. Mangano, and Buffman, Inc. implemented their hurricane preparedness planning prior to August 27, 2005, planning to shelter in place with necessary generators, food, drinking water, water supply, medications, and staff.

26.

Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver Hurricane Katrina passed through the Parish of St. Bernard without causing injury or harm to any resident of St. Rita's.

27.

Mr. Mangano, Ms. Mangano, and Buffman, Inc. aver that any injuries and/or damages allegedly suffered by the plaintiff were the result of pre-existing conditions, causes, or damages and/or by coincidental damages which are unrelated to plaintiff's allegations against Mr. Mangano, Ms. Mangano, and Buffman, Inc. and operate to bar and/or reduce any recovery due plaintiff.

**WHEREFORE,** Defendants pray that the pleadings set forth herein be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of Defendants and against Plaintiff, dismissing plaintiff's claims with prejudice at plaintiff's cost and for all equitable relief therein.

**WHEREFORE,** Exceptors: AOLC, Dorman, MGH, Manaca, Consultants, Corporation, Manguest, Management, and STS, pray this court set a date and time in which their Motion for Peremptory Exception – No Cause of Action may be heard.

RESPECTFULLY SUBMITTED:

WYNNE, GOUX & LOBELLO
ATTORNEYS AT LAW, LLC

By: _____

JEREMY D. GOUX, LBRN 25065
VINCENT E. WYNNE, LBRN 25309
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
Telephone: 985-898-0504
Facsimile: 985-898-0840

Susan E. Henning, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing Peremptory Exception, Answer and Affirmative Defenses, has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed OR, via facsimile transmission on this the ____ day of January, 2006.

_____
Jeremy D. Goux

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 105-473                                   DIVISION "D"

MARGARET LOTT, INDIVIDUALLY, AND
AS THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR MANGANO, MABEL B. MANGANO, SALVADOR MANGANO, JR.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN
COMMENDUM, BUFFMAN, INC., DORMAN INC., MGH LIMITED
PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDUM, MANACA,
INC., MANGANO CONSULTANTS, INC., THE MANGANO CORPORATION,
MANGUEST, INC., MANGANO MANAGEMENT, INC., STS AMUSEMENTS,
L.L.C., D/B/A ST. RITA NURSING HOME

FILED: _____JAN 2 5 2006_____          /S/ SHIRLEY   GUE
                                           DEPUTY CLERK

ORDER

IT IS ORDERED, that MARGARET LOTT, through counsel, appear before this

Honorable Court on 17th day of _____March_____, 2006 at 9:30 o'clock A m

and show cause why the defendants', AOLC LIMITED PARTNERSHIP, A LOUISIANA

PARTNERSHIP IN COMMENDUM, DORMAN INC., MGH LIMITED PARTNERSHIP, A

LOUISIANA PARTNERSHIP IN COMMENDUM, MANACA, INC., MANGANO

CONSULTANTS, INC., THE MANGANO CORPORATION, MANGUEST, INC.,

MANGANO MANAGEMENT, INC., and STS AMUSEMENTS, L.L.C., exceptions of No

Cause of Action should not be granted, dismissing Petitioner's claims against these specific

defendants and why all Defendants' Exception of Prematurity should not be granted,

dismissing Plaintiffs' claims against all Defendants.

_____/S/Kirk A. Vaughn_____
DISTRICT JUDGE

A TRUE COPY
Lena R. Torres
CLERK OF COURT

BY _Cynthia P. Gallardo_
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

/S/CYNTHIA P. GALLARDO

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO : 105-473

DIVISION "E'

MARGARET LOTT, ET AL

VS

SALVADOR MANGANO, ET AL

FILED:     JAN 3 1 2006

*/S/Gwen S. Loze* Deputy Clerk

/S/Gwen S. Loze

**JURY ORDER**

Considering the request for a jury trial filed herein:

**IT IS ORDERED** that this matter shall be tried by a jury, subject to compliance with the requirements and in accordance with La. R.S. 13:3049(B) and La. C.C.P. Article 1734.1, requiring cash deposits in lieu of bond to defray the additional costs of a jury trial;

1.     The party seeking the trial by jury shall make a cash deposit for jury costs, in lieu of a jury bond, in an amount of **Two Thousand ($2,000.00) and no/100 Dollars** for the first day and **Four Hundred ($400.00) and no/100 Dollars** per day for each additional day.     The deposit shall be made sixty (60) days prior to the commencement of the jury trial.

2.     In the event the party requesting the jury trial fails to make the deposit for jury costs, such failure shall entitle any other party to this litigation to request a jury trial within ten (10) days after the date on which the deposit for jury costs were due by the party initially requesting the jury trial, by compliance with the requirements of law and this order in timely making the required deposits to pay the additional costs of a jury trial.

3.     The failure of the party initially requesting the jury trial or any other party to timely post the required deposits shall result in a waiver of the right to a trial by jury and no jurors may be summoned for service as jurors in this trial.

4.     On the date on which the jury trial is commenced and during the course of the trial, the Court shall require the cash deposit of additional sums to pay expenses and costs in excess of the cash deposit provided for herein.

5.     The Court may require an additional amount to be filed during the trial if the deposits are insufficient to pay jury costs.

This Order is entered at Chalmette, Louisiana, on this _7_ day of _Feb_, 200_6_

_____
**DISTRICT JUDGE**

A TRUE COPY
Lena R. Torres
CLERK OF COURT

Requested by
JEREMY D. GOUX
(985) 898-0504
(D1)

FEB 2 1 2006

By_____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

/S/CYNTHIA P. GALLARDO

34TH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

### CITATION

NO: **105-473**



MARGARET LOTT, INDIVIDUALLY, AND AS
THE SURVIVING SPOUSE OF SHIRLEY LOTT

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
SALVADOR A. MANGANO, JR., AOLC LIMITED PARTNERSHIP,
A LOUISIANA PARTNERSHIP IN COMMENDAM,
BUFFMAN, INC., DORMAN, INC., MGH LIMITED PARTNERSHIP,
A LOUISIANA PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGANO CONSULTANTS, INC.,
THE MANGANO CORP., MANGUEST, INC.,
MANGANO MANAGEMENT, INC., STS AMUSEMENTS, L.L.C.,
D/B/A ST. RITA NURSING HOME

TO:  **BUFFMAN, INC.**
**THRU REGISTERED AGENT FOR SERVICE OF PROCESS**
**SALVADOR MANGANO**
**1422 E. LA. HWY. 46**
**ST. BERNARD, LA  70085**

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION**.
The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
28TH day of NOVEMBER, 2005.

CPG/P1

LENA R. TORRES
CLERK OF COURT

BY _Cynthia P. Gallardo_
Deputy Clerk
**/S/CYNTHIA P. GALLARDO**                AUG 2 9 2005

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                    Returned Parish of St. Bernard _____, _____.
                                        _____
                                                Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                    Returned Parish of St. Bernard _____, _____.
                                        _____
                                                Sheriff

MARGARET LOTT, Individually, and as
the Surviving Spouse of Shirley Lott

VERSUS

SALVADOR A. MANGANO, MABEL B.
MANGANO, SALVADOR A.
MANGANO, JR., AOLC LIMITED
PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
BUFFMAN, INC., DORMAN INC., MGH
LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGANO
CONSULTANTS, INC., THE MANGANO
CORPORATION, MANGUEST, INC.,
MANGANO MANAGEMENT, INC., STS
AMUSEMENTS, L.L.C., D/B/A ST. RITA
NURSING HOME

34th JUDICIAL DISTRICT COURT

DOCKET NUMBER: 105-473

ST. BERNARD PARISH, LOUISIANA

FILED

NOV 04 2005

_Lena R Jones_
CHIEF DEPUTY CLERK
ST. BERNARD PARISH
12134

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION

NOW COMES Margaret Lott, Individually, and as the Surviving Spouse of Shirley Lott,
and avers as follows:

1.

Petitioner is and was at all material times a resident of St. Bernard Parish, and is the
widow of Shirley Lott, who was up until the time of his death in August, 2005 also a resident of
St. Bernard Parish.

2.

Named defendant herein are the following individuals:

a)      Salvador A. Mangano, at all material times a resident of St. Bernard Parish;

b)      Mabel B. Mangano, at all material times a resident of St. Bernard Parish;

c)      Salvador A. Mangano, Jr., at all material times a resident of St. Bernard Parish;

d)      AOLC Limited Partnership, A Louisiana Partnership in Commendam, at all
        material times domiciled in St. Bernard Parish;

e)      Buffman, Inc., a Louisiana corporation at all material times domiciled in St.
        Bernard Parish;

f)      Dorman, Inc., a Louisiana corporation at all material times domiciled in St.
        Bernard Parish;

g)   MGH Limited Partnership, a Louisiana Partnership in Commendam, at all material times domiciled in St. Bernard Parish;

h)   Manaca, Inc., a Louisiana corporation, at all material times domiciled in St. Bernard Parish;

i)   Mangano Consultants, Inc., a Louisiana corporation at all material times domiciled in St. Bernard Parish;

j)   The Mangano Corporation, a Louisiana corporation at all material times domiciled in St. Bernard Parish;

k)   Manguest, Inc., a Louisiana corporation at all material times domiciled in St. Bernard Parish;

l)   Mangano Management, Inc., a Louisiana corporation at all material times domiciled in St. Bernard Parish;

m)   STS Amusements, L.L.C., a Louisiana corporation domiciled at all material times in St. Bernard Parish;

n)   St. Rita Nursing Home, an unincorporated entity or association believed to be owned by one or all or a combination of the above named defendants and/or a d/b/a for one or more of the above named defendants, and doing business in St. Bernard Parish.

3.

Plaintiff's husband, Shirley Lott, was, at all material times, a resident of the St. Rita Nursing Home located at 1422 East La. Hwy. 46, St. Bernard Parish, Louisiana ("St. Rita"). Mr. Lott was 93 years old and was totally dependent for his care upon the staff of St. Rita. He was unable to leave the facility without assistance.

4.

St. Rita was in August, 2005, owned and operated by a combination of one or more of the defendants. Particularly, the nursing home was run on a daily basis by Salvador A. and Mabel B. Mangano and their son Salvador Mangano, Jr. a/k/a "Little Sal." Upon information and belief, St. Rita was run as a "for profit" corporation or corporations and had 82 residents as of August 29, 2005.

2

5.

On August 29, 2005, Hurricane Katrina came ashore through St. Bernard Parish. As a result of the storm, flood waters swept over portions of the parish, including the area where St. Rita is located. Upon information and belief, at least 34 residents of St. Rita drowned or otherwise succumbed as a result of the incursion of flood water into the nursing home. Included among the dead was Shirley Lott.

6.

Upon information and belief, St. Rita was required by law and did in fact have an evacuation plan in place in the event of a hurricane. This plan called for a complete evacuation of the facility 72 hours before storm landfall.

7.

Upon information and belief, the St. Bernard Parish coroner, Bryan Bertucci, made a call to Salvador and/or Mabel Mangano and/or other representative of defendants offering two buses and two drivers to evacuate the residents of St. Rita in advance of the hurricane. This offer was refused by the Manganos, who chose to stay and not evacuate their residents.

8.

Upon information and belief, the defendant owners/operators of St. Rita had in place a contract with Acadian Ambulance Service but made no attempt to use this service to evacuate residents before the hurricane.

9.

Upon information and belief, St. Bernard Parish was under a mandatory evacuation order prior to the arrival of Hurricane Katrina. The defendants ignored this order by failing to evacuate the residents of St. Rita prior to the storm; despite the fact that La. Hwy. 46 where St. Rita is located is a designated hurricane evacuation route.

10.

Upon information and belief, St. Rita was the only one of four nursing homes in St. Bernard Parish which did not evacuate its residents.

11.

As a result of the failure of the defendants to evacuate St. Rita, Shirley Lott was forced to wait in the nursing home as water entered the building, knowing that there was no way for him to

escape, and ultimately, to lose his life as or after the flood water filled the room in which he was located.

12.

The failure of defendants to look after, care for, and evacuate the residents of St. Rita, including Mr. Lott, who were in their sole care, custody and control constituted an act of negligence, strict liability, gross negligence, and/or other fault, which will be shown at trial and/or through discovery, and was the direct cause of Mr. Lott's death and the pain, suffering, anxiety, fear and emotional trauma associated with the manner of his death.

13.

Specifically, defendants were at fault in the following, non-exclusive particulars:

a.    Failure to heed warnings from governmental authorities to evacuate;

b.    Failure to accept assistance from governmental authorities to evacuate;

c.    Failure to adhere to St. Rita's own plan for hurricane evacuation;

d.    Failure to move elderly, infirm patients, including Shirley Lott, to higher ground and/or a more protected facility or location well in advance of hurricane, despite being fully aware of the difficulties of moving such patients during a storm;

e.    Failing to contact the families of the residents to advise that the residents would not be moved and giving the residents an opportunity to make individual plans to move the patients;

f.    Failure to use its own contracted ambulance service to move patients in advance of the hurricane;

g.    Such other particulars as will be proven at trial.

14.

As his widow and surviving spouse, Margaret Lott is entitled to and does assert a claim for the wrongful death of Shirley Lott, including, but not limited to, claims for loss of society, loss of consortium, love, affection, companionship, and other damages which will be shown at trial and/or through discovery.  In addition, as surviving spouse, she asserts a survival action to recover all damages to which Shirley Lott would have been entitled for his conscious pain and

suffering, emotional distress, fear, anxiety and other damages associated with the manner of his death.

15.

Petitioner requests a trial by jury on all issues.

16.

Petitioner reserves the right to supplement and amend this Petition as discovery progresses.

WHEREFORE, Petitioner, Margaret Lott, prays that after due proceedings, there be judgment in her favor and against defendants for all sums to which she may be entitled, including interest and costs, and for all other relief appropriate in the premises.

Respectfully submitted:

JON W. WISE, T.A. (#2192)
DANIEL LICHTL (#26385)
FOWLER RODRIGUEZ & CHALOS
**Temporary Address:**
4 Houston Center, Suite 1560
1331 Lamar
Houston, TX 77010
504-495-7944 N.O. cell
832-689-3800 Houston cell
713-654-1560 Houston reception
713-654-7930 Houston fax
**Address as of November 21, 2005:**
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600 Telephone
504-523-2705 Fax

**PLEASE WITHHOLD SERVICE ON ALL DEFENDANTS:**
MGH Limited Partnership
Partnership in Commendum
Through The Secretary of State
State of Louisiana
Baton Rouge, LA 70804

AOLC Limited Partnership
Partnership in Commendum
Through The Secretary of State
State of Louisiana
Baton Rouge, LA 70804

A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
DEPUTY CLERK
/S/CYNTHIA P. GALLARDO
AUG 2 6 2005

5

Buffman, Inc.
Through registered agent for service of process:
Salvador Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Dorman, Inc.
Through registered agent for service of process:
Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Manaca, Inc.
Through registered agent for service of process:
Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Mangano Consultants, Inc.
Through registered agent for service of process:
Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Manguest, Inc.
Through registered agent for service of process:
Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Mangano Management, Inc.
Through registered agent for service of process:
Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

STS Amusements, L.L.C.
Through registered agent for service of process:
Salvador A. Mangano
1421 Bayou Road
St. Bernard, LA 70085

The Mangano Corporation
Through registered agent for service of process:
Lindsey M. Ladouceur
4330 Dumaine Street
New Orleans, LA 70119

Salvador A. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Mabel B. Mangano
1422 E. La. Hwy. 46
St. Bernard, LA 70085

Salvador A. Mangano, Jr.
1421 Bayou Road
St. Bernard, LA 70085

# 34th JUDICIAL DISTRICT COURT

# PARISH OF ST. BERNARD

# STATE OF LOUISIANA

CASE NO. 105-406                                    DIVISION " D "

## RAYMOND COUSINS and BERNARD REYES

### -versus-

## THE MANGANO CORPORATION
## d/b/a ST. RITA'S NURSING FACILITY, et al

Filed: _June 30, 2006_          _Elizabeth A. Ruiz_
                                **Deputy Clerk**      /S/Elizabeth A. Ruiz

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>EN BANC ORDER OF RECUSATION</u>

As provided for under Louisiana Rules of Civil Procedure Article 151 and 152(3),
the Judges of the 34th Judicial District Court wish to voluntarily recuse themselves from
the above entitled case, and the cases herein listed. Further, it is respectfully requested
that this Order be deemed a written request to the Louisiana Supreme Court for recusal of
the Judges of this district and that the Supreme Court accept, approve of and order this
recusal.

This case involves a suit for damages arising out of the death of Plaintiffs' mother,
Adel Cousins while residing at St. Rita's Nursing Facility in St. Bernard Parish. It is
alleged that Plaintiffs' mother, along with numerous similarly situated individuals were
not evacuated for Hurricane Katrina in August 2005, and died as a result this natural
disaster. In addition to the above numbered and entitled matter, the following suits have
been filed in this Court for other deceased residents of St. Rita's, to-wit: Case Numbers
105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473;105-522; 105-550;
105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810;
105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274;
106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-

535.  Many of the deceased individuals residing at St. Rita's were personally known to individual judges of this Court.  Additionally, individual judges are acquainted with family members of some of the decedents.  In some instances these family members are parties in the suits.  All of the judges of this district were present during the storm and its aftermath.  As a result the judges were exposed to information regarding the events that may have transpired at St. Rita's.  The gaining of such knowledge was unavoidable despite the fact that no such information was sought or solicited by the judges.  Finally, individual judges have represented one or more of the decedents and/or parties to this litigation as attorneys prior to taking the bench.

To avoid any appearance of any impropriety, the Judges of this district find it necessary to request that they be recused from this case, as well as the cases numbered and listed herein. It is further requested that this recusal be accepted by the Louisiana Supreme Court and that this matter be heard by a Judge to be appointed by the Supreme Court to preside over all further proceedings and dispositions in these cases.

Signed this 30th day of June, 2006.

Judge Wayne G. Cresap, Chief Judge

Judge Robert A. Buckley, Division " A "

Judge Manuel A. Fernandez, Division " B "

Judge Kirk A. Vaughn, Division " D "

Judge Jacques A. Sanborn, Division " E "

A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEPUTY CLERK

**Rodney J. Strain, Jr.**
**Sheriff St. Tammany Parish**

FILED

JAN 11 2006

ST. BERNARD PARISH
CLERK OF COURT
**DISTRICT COURT**
For the Parish of St. Tammany
1/3/2006

Clerk of Court  St. Bernard Parish
P.O. Box 1746

Chalmette, LA 70044

| Case: (44) 105453 7,288 | | JEFFERY M KENNEY AND RACHEL K AYLOR, IND. AND ON BEHALF OF GLADYS LEBLANC  vs BUFFMAN  INC. ETAL | |
|---|---|---|---|
| Nbr | Date | Service Type | Charges |
| 1 | 12/28/2005 | Citation | $20.00 |
| | | BUFFMAN INC. THRU JEREMY GOUX; 417 N Theard ST; COVINGTON, LA 70433 | |
| 1 | 12/28/2005 | Mileage Charge | $3.40 |
| | | Case Total: | $23.40 |
| | | Total: | $23.40 |

Please make check payable to:
Rodney J. Strain, Jr., Sheriff
701 N. Columbia St.
Covington, LA 70433

PLEASE RETURN THIS BILL WITH CHECK





THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

<u>CITATION</u>

NO: 105-453

JEFFERY M. KENNEY AND RACHEL K. AYLOR, INDIVIDUALLY AND ON BEHALF OF
GLADYS A. LEBLANC

VERSUS

BUFFMAN, INC., A LOUISIANA BUSINESS CORPORATION D/B/A
ST. RITA'S NURSING HOME AND ABC INSURANCE COMPANY

TO:   BUFFMAN, INC.
      THROUGH ATTORNEY OF RECORD
      JEREMY D. GOUX
      417 N. THEARD STREET
      COVINGTON, LA  70433

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION
FOR DAMAGES AND DAMAGES FOR WRONGFUL DEATH; REQUEST FOR
PRODUCTION OF DOCUMENTS; FIRST SET OF INTERROGATORIES**.  The Petition
tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
<u>12TH</u> day of <u>DECEMBER</u>, 2005.

AP (P1)

LENA R. TORRES
CLERK OF COURT

BY _____
Deputy Clerk  **/S/ ALICE PERNICIARO**

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                Returned Parish of St. Bernard_____, _____.

_____
                                    Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                Returned Parish of St. Bernard _____, _____.

_____
                                    Sheriff