34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

**JURY TRIAL**

NO. **105 733**

DIVISION

**B**

**D**

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL,
MARINA E. DEPASCUAL DUSKIN, PAULA A. DEPASCUAL NEWMAN,
CARLOS P. DEPASCUAL and MANUEL R. DEPASCUAL, JR.

VERSUS

BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, SR. and MABEL B. MANGANO

FILED: _____ JAN 2 3 2006 _____    _____ DEPUTY CLERK _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., all persons of the full age of majority, who respectfully represent the following:

I.

Made defendants herein are:

A.  BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME – upon information and belief, a Louisiana Corporation authorized to and doing business in the Parish of St. Bernard, State of Louisiana;

B.  SALVADOR A. MANGANO, SR. – upon information and belief, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana; and

C.  MABEL B. MANGANO – upon information and belief, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana.

II.

Petitioners are the children of Agnes A. dePascual, who died domiciled in St. Bernard Parish, Louisiana following Hurricane Katrina on August 29, 2005.

III.

At the time of the hurricane, Agnes A. dePascual was a resident patient at St. Rita's Nursing Home in Poydras, Louisiana operated by defendants.

IV.

Petitioners were assured by defendants their mother would be evacuated if a mandatory evacuation order was issued by parish officials or if it were prudent to do so, prior to the arrival



of Hurricane Katrina. Despite their assurances, defendants failed to evacuate Agnes A. dePascual and instead intentionally left her at the nursing facility during and after the hurricane.

V.

Hurricane Katrina came ashore in St. Bernard Parish on August 29, 2005 causing catastrophic damage and flood waters over the entire parish. As a direct result of defendant's acts or omissions, Agnes A. dePascual died during the hurricane. It is believed her body has been recovered but it has not been positively identified.

VI.

Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B. Mangano and their employees acted with intentional disregard of the health and safety of Agnes A. dePascual, in the following non-exclusive particulars:

a.  In failing to evacuate Agnes A. dePascual from the nursing home before Hurricane Katrina when they knew or should have known it was necessary to do so for her safety;

b.  In assuring petitioners they would evacuate their mother, Agnes A. dePascual, and failing to then evacuate her;

c.  In failing to provide a safe facility for resident care of Agnes A. dePascual; and

d.  Any and all other acts which may be shown at the time of the trial of this matter, all of which acts are contrary to the laws of the State of Louisiana, and are plead herein as if copied in extenso.

VII.

Additionally, petitioners aver defendants breached their duties under LRS 40:2010.8, more particularly to assure Agnes A. dePascual adequate and appropriate health care, and protective and support services, including services consistent with the resident care plan, and with established and recognized practice standards within the community. Accordingly, defendants are liable under LRS 40:2010.9 for damages, attorney's fees and court costs.

VIII.

Alternatively, petitioners aver defendants were negligent in the care and treatment of Agnes A. dePascual by failing to evacuate her from the nursing home facility prior to Hurricane Katrina when they knew or should have known she was in danger of serious injury and death.

IX.

Agnes A. dePascual suffered pain and suffering, emotional distress, mental anguish and ultimately the loss of her life as a result of the negligence of defendants.

X.

Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., have suffered and will suffer in the future, emotional distress, mental anguish, and the loss of love and affection of their mother. Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., have incurred expenses in attempting to locate and identify their mother's body, and will incur expenses in providing a proper burial.

XI.

Defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B. Mangano, are jointly, severally and in solido liable unto petitioners for such an amount as is reasonable in the premises, which amount is in excess of the requisite amount for a jury. Petitioners request trial by jury.

WHEREFORE, petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., prays that citation and service be made on the defendants, and that after all legal delays and due proceedings had, there be judgment herein in his favor and against the defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B. Mangano, jointly, severally and in solido, for such an amount as is reasonable in the premises, together with legal interest from the date of judicial demand, as well as attorney's fees, court costs and all just and equitable relief.

Respectfully submitted,

JAMES B. GUEST, Bar No. 6405
Attorney At Law
1900 32nd Street
Kenner, Louisiana 70065
Telephone:  (504) 466-8266

**SERVICE TO BE ACCEPTED**

*05-733*

## AFFIDAVIT

**FILED**

JAN 23 2006

CH. DEPUTY CLERK

PARISH OF JEFFERSON

STATE OF LOUISIANA

  BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the

Parish of Jefferson, State of Louisiana, personally came and appeared:

### MANUEL R. DEPASCUAL, JR.

a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana,

who after being first duly sworn by me, Notary, did depose and state that he has read the

foregoing Petition for Damages and that all of the allegations and demands set forth therein are

true and correct to the best of his knowledge, information and belief.

            **MANUEL R. DEPASCUAL, JR.**

Sworn to and subscribed
before me, this ___ day
of _____, 2006.

**JAMES B. GUEST**, Notary Public, #6405
My Commission is for life.

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:   105-733                                      DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FEB 2 2 2006

FILED: _____ @ 1235 pm                    DEPUTY CLERK /S/ALICE PERNICIARO

### ANSWER

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.
Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel B. Mangano made
defendants herein who respond to plaintiffs' Petition for Damages as follows:

I.

The allegations of status set forth in paragraph I of plaintiffs' Petition for
Damages are admitted.

II.

The allegation contained in paragraph II of plaintiffs' Petition for Damages is
denied for lack of information sufficient to justify a belief therein.

III.

The allegation contained in paragraph III of plaintiffs' Petition for Damages is
admitted.

IV.

The allegation contained in paragraph IV of plaintiffs' Petition for Damages are
denied.

## V.

The allegations contained in paragraph V of plaintiffs' Petition for Damages are denied.

## VI.

The allegations contained in paragraph VI of plaintiffs' Petition for Damages are denied.

## VII.

The allegations contained in paragraph VII of plaintiffs' Petition for Damages are denied.

## VIII.

The allegations contained in paragraph VIII of plaintiffs' Petition for Damages are denied.

## IX.

The allegations contained in paragraph IX of plaintiffs' Petition for Damages are denied.

## X.

The allegations contained in paragraph X of plaintiffs' Petition for Damages are denied.

## XI.

The allegations contained in paragraph XI of plaintiffs' Petition for Damages are denied.

AND NOW FURTHER ANSWERING, defendants aver and would show that

## XII.

At all pertinent times, the defendants acted reasonably and appropriately and in consideration of the best interests of its resident, Agnes A. dePascual, and no intentional conduct or negligence on the part of the defendants or their employees, caused or contributed to the damages allegedly sustained in plaintiffs' petition.

## XIII.

Defendants aver that the damages allegedly suffered therein by the plaintiffs were the result of an unfortunate and unprecedented catastrophic force of nature, or *force majeure* and nothing that these defendants did or failed to do, either negligently or

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                          DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FEB 2 2 2006

FILED: _____          DEPUTY CLERK
                                         /S/ ALICE PERNICIARO

### MEMORANDUM IN SUPPORT
### OF PEREMPTORY EXCEPTION

MAY IT PLEASE THE COURT:

Plaintiffs have filed suit against Salvador and Mabel Mangano and Buffman, Inc.
d/b/a St. Rita's Nursing Home (hereinafter referred to as St. Rita's) in which they aver
that these defendants breached their duties under La.  R.S. 40:2010.8 to assure
Agnes de Pascual adequate and appropriate healthcare and protective and support
services, including services consistent with the resident care plan, and with established
and recognized practice standards within the community.  Accordingly, plaintiffs contend
that pursuant to La. R.S. 40:2010.9, they are entitled to recover not only damages, but
attorney fees and court costs.

La. R.S. 40:2010.8, known as Nursing Home Residents Bill of Rights (hereinafter
referred to as the "Bill of Rights Act"), was enacted in 1985 with the stated legislative
intent "to preserve the dignity and personal integrity of residents of nursing homes
through the recognition and declaration of rights safeguarding against encroachments
upon nursing home residents' right to self-determination. "  La. R.S. 40:2010.7.
Moreover, the series of statutes set forth in La. R.S. 40:2010.6 through La. R.S.
40:2010.9 were enacted relative to nursing homes "to create a residents bill of rights;

and to provide definitions; to establish penalties for violations of residents' rights; to provide for civil enforcement; to provide immunity for persons making complaints or testifying in proceedings concerning residents' rights violations and other specified matters."  The Bill of Rights Act was never intended to remove malpractice claims of covered healthcare providers from coverage under the Medical Malpractice Act, or to otherwise create a separate private right of action for damages.  The Bill of Rights Act specifies the remedy and enforcement available to address violations of residents' rights:

> Any violations of the residents' rights set forth in R.S. 40:2010.6 *et seq.* shall constitute grounds for appropriate action by the Department of Health and Hospitals. Residents shall have a private right of action **to enforce these rights as set forth in R.S. 40:2010.9.** The state courts shall have jurisdiction **to enjoin a violation of residents' rights** and to assess fines for violations not to exceed one hundred dollars per individual violation. (Emphasis Added) La. R.S. 40:2010.8 D (1)

La. R.S. 40:2010.9 sets forth civil enforcement provisions related to Bill of Rights Action violations:

> A.   Any resident who alleges that his rights, as specified in R.S. 40:2010.8, have been deprived or infringed upon may assert **a cause of action for injunctive relief** against any nursing home or healthcare facility responsible for the alleged violation.  The action may be brought by the resident or his curator, including a curator *ad hoc.*  The action may be brought in any court of competent jurisdiction **to enforce such rights** or to enjoin any deprivation or infringement on the rights of a resident. Any **plaintiff who prevails in such action shall be entitled to recover reasonable attorney fees, and costs of the action**, unless the court finds that the losing plaintiff has acted in bad faith with malicious purpose, and that there was an absence of a justifiable issue of either law or fact, in which case the court shall award the prevailing party his reasonable attorney fees. ***
> (Emphasis added, La. R.S. 40:2010.9 A)

These specific civil enforcement provisions were added in 2003 by Act 506 to clarify that private enforcement of any resident's rights as set forth in La. R.S. 40:2010.8 is by an action for injunctive relief and that if a plaintiff prevails **in an action for injunctive relief**, only then is he entitled to recover attorneys fees and costs of the action.

As noted by the Second Circuit Court of Appeal in Furlow v. Woodlawn Manor, Inc. 39, 485 (La. App. 2d Cir. 4/20/05), 900 So. 2d 336, 338 *writ denied*, 916 So. 2d 1064, 2005-1320 (La. 12/9/05), "[t]he amended version of La. R.S. 40:2010.9 provides

that any resident whose rights have been violated may assert a cause of action for injunctive relief, but limits recovery to attorneys fees and costs."

Plaintiffs have not filed a suit for injunctive relief or to otherwise enforce Agnes de Pascual's rights under the Bill of Rights. Obviously, under the circumstance of this claim which seeks damages for the death of Agnes de Pascual arising out of the alleged negligent failure of St. Rita's to evacuate their residents prior to Hurricane Katrina, seeking injunctive relief would not be appropriate. Plaintiffs may have stated a cause of action for personal injury, but they have not stated a legally recognizable cause of action under La. R.S. 40:2010.8 and they cannot, as a matter of law, claim entitlement to attorneys fees or court costs pursuant to La. R.S. 40:2010.9. Accordingly, pursuant to La. C.C.P. Art. 934, plaintiffs' claim and demand for damages, attorneys fees and court costs as pleaded in Paragraph VII of their petition should be dismissed.

Respectfully submitted, this 20ᵗʰ day of February, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _Susan E. Henning_

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 20ᵗʰ day of February, 2006.

_Susan E. Henning_
SUSAN E. HENNING

3

intentionally caused or contributed in any way to the damages alleged to have been suffered by the plaintiffs herein.

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that the damages allegedly suffered herein by the plaintiffs were the result of the failure of the levee system which occurred after hurricane Katrina had passed beyond St. Bernard Parish.

### SECOND AFFIRMATIVE DEFENSE

St. Rita's Nursing Home timely filed its Emergency Operations Plan with the St. Bernard Office of Emergency Preparedness.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by their own failure to retrieve their mother from the facility during their own evacuation.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative, that any damages allegedly suffered by the plaintiffs were caused by a superseding force of events beyond the control of these defendants and for which neither responsibility nor liability can be imputed or imposed.

### FIFTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative that any damages allegedly suffered herein were caused by the fault, negligence, lack of care, and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

### SIXTH AFFIRMATIVE DEFENSE

In the further alternative, defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by their own negligence and defendants plead the contributory comparative fault of the plaintiffs as a defense.

### SEVENTH AFFIRMATIVE DEFENSE

In the further alternative, any alleged injuries or damages to the plaintiffs occurred as a result of preexisting conditions, causes or damages and/or by coincidental damages which are completely unrelated to plaintiffs' allegations against these defendants and operate to bar and or reduce any recovery due to plaintiffs.

## DILATORY EXCEPTION

To the extent that plaintiffs have alleged acts of negligence which constitute medical malpractice, including any negligence in the care and treatment of Agnes A. dePascual as alleged in paragraph VIII of plaintiffs' Petition for Damages and that such negligence caused or contributed to the death of Agnes A. dePascual, plaintiffs' petition is premature, and pursuant to the provisions of La. R.S. 40:1299.41, a medical review panel must be convened to render an opinion with respect to those claims. Accordingly, plaintiffs' petition is premature and subject to dismissal pursuant to Louisiana Code of Civil Procedure Article 933, until such time as a medical review panel has been impaneled, has convened and has rendered an opinion regarding the alleged professional negligence of the defendant healthcare providers.

## PEREMTORY EXCEPTION

Defendants affirmatively plead that plaintiffs' allegations of a breach of duty under La. R.S. 40:2010.8, fails to state a cause of action and/or plaintiffs have no right of action for damages pursuant to the provisions of La. R.S. 40:2010.9.

WHEREFORE, Buffman, Inc., Salvador A. Mangano, Sr. and Mabel B. Mangano pray that their answers and exceptions be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of these defendants and against the plaintiffs' dismissing plaintiffs' claims with prejudice at plaintiffs' costs.

WHEREFORE, exceptors Buffman, Inc. Salvador A. Mangano, Sr. and Mabel B. Mangano, pray that this Court set a date and time on which their dilatory and peremptory exceptions may be heard.

Respectfully submitted, this 20th day of February, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433

4

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _20th_ day of February, 2006.

_Susan E. Henning_
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:   105-733                                          DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FEB 2 2 2006

FILED: _____          DEPUTY/CLERK *ALICE* PERNICIARO

**MEMORANDUM IN SUPPORT
OF DILATORY EXCEPTION OF
PREMATURITY**

MAY IT PLEASE THE COURT:

Plaintiffs have filed suit against St. Rita's Nursing Facility (Buffman, Inc.) and

Salvador and Mabel Mangano, hereinafter collectively referred to as St. Rita's, in which

they allege that their mother, Agnes A. de Pascual died at St. Rita's on or about August

29, 2005, as a consequence of the negligence of St. Rita's and its employees.

Specifically, plaintiffs allege that St. Rita's was negligent in the care and treatment of

their mother by failing to evacuate her from the nursing facility prior to Hurricane Katrina

when they knew or should have known she was in danger of serious injury and death.

(Exhibit A Paragraph VIII of Plaintiffs Petition).

On January 18, 2006, plaintiffs filed a Complaint of Medical Malpractice Claim

with the Commissioner of Administration and applied for a Medical Review Panel to be

formed pursuant to La. R.S. 40:1299.41 *et seq.*  Plaintiffs contend that the defendants

breached their duty to Agnes de Pascual by failing to assure that their mother received

adequate and appropriate healthcare and protection and support service, including

services connected with the resident care plan, and with established and recognized standards within the community. (Exhibit A, Paragraph VIII).

Plaintiffs' claim falls within the express provisions of LA.R.S. 40:1299.41 *et seq.* (the "Medical Malpractice Act"). As evidenced by the attached Certificate of Enrollment issued by the Louisiana Patients' Compensation Fund (Exhibit B), St. Rita's was a qualified healthcare provider at all pertinent times herein and as such is entitled to the benefit of La. R.S. 40:1299.47 which requires medical panel review as a condition precedent to suit. Because a medical review panel has not yet rendered an opinion in connection with this matter, plaintiffs' suit against St. Rita's is premature and pursuant to La. Code of Civil Procedure Article 933, the defendants are entitled to be dismissed without prejudice as parties defendant pending an opinion having been rendered by a medical review panel.

"Malpractice" is defined in the Medical Malpractice Act as "any unintentional tort... based on healthcare or professional services rendered, or which should have been rendered by a healthcare provider, to a patient..."

La. R.S. 40:1299.41A (8)

"Tort" is defined as any breach of duty or any negligent act or omission proximately causing injury or damage to another.***

La. R.S. 40:1299.41A (7)

"Healthcare" is defined as "any act, or treatment performed or furnished, or which should have been performed or furnished by any healthcare provider for, to, or on behalf of a patient during the patient's...confinement."

La. R.S. 40:1299.41 A (9)

In accordance with L.A. R.S. 40:1299.47 A(1)(a), "All malpractice claims against healthcare providers covered by this Part...shall be reviewed by a medical review panel..." Additionally, "No action against a healthcare provider covered by this Part...may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."

La. R.S.40:1299.47 B (1) (a) (i)

Not only have plaintiffs actually filed their claim pursuant to the provisions of the Medical Malpractice Act and requested the formation of a medical review panel to

review their claim, the identical allegations set forth in their Petition unquestionably relate to alleged breach of duty based on professional services which were rendered or which allegedly should have been rendered to Agnes de Pascual during her confinement at St. Rita's.  The specific allegations charging St. Rita's with failure to provide adequate and appropriate healthcare and protective and support services, including services consistent with the resident care plan, as well as negligence in the care and treatment of Agnes de Pascual, relate to dereliction of professional duties of a qualified healthcare provider to its resident during her confinement.

Plaintiffs claim against St. Rita's is therefore premature and is subject to dismissal pursuant to La. C.C.P. Art. 933 which provides in pertinent part:

> "If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.
> La. C.C.P. Art. 933 A.

Respectfully submitted, this _20th_ day of February, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _20th_ day of February, 2006.

_____
SUSAN E. HENNING

3

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.  **105 733**                                                    DIVISION  "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL,
MARINA E. DEPASCUAL DUSKIN, PAULA A. DEPASCUAL NEWMAN,
CARLOS P. DEPASCUAL and MANUEL R. DEPASCUAL, JR.

VERSUS

BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, SR. and MABEL B. MANGANO

FILED: _____ JAN 2 3 2006 _____     ~~DEPUTY~~ CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, Christopher M.

dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman,

Carlos P. dePascual and Manuel R. dePascual, Jr., all persons of the full age of majority, who

respectfully represent the following:

I.

Made defendants herein are:

A.    BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME – upon
      information and belief, a Louisiana Corporation authorized to and doing business
      in the Parish of St. Bernard, State of Louisiana;

B.    SALVADOR A. MANGANO, SR.– upon information and belief, a person of the
      full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana;
      and

C.    MABEL B. MANGANO – upon information and belief, a person of the full age
      of majority and domiciled in the Parish of St. Bernard, State of Louisiana.

II.

Petitioners are the children of Agnes A. dePascual, who died domiciled in St. Bernard

Parish, Louisiana following Hurricane Katrina on August 29, 2005.

III.

At the time of the hurricane, Agnes A. dePascual was a resident patient at St. Rita's

Nursing Home in Poydras, Louisiana operated by defendants.

IV.

Petitioners were assured by defendants their mother would be evacuated if a mandatory

evacuation order was issued by parish officials or if it were prudent to do so, prior to the arrival

**FILED**

FEB 2 2 2006




of Hurricane Katrina. Despite their assurances, defendants failed to evacuate Agnes A. dePascual and instead intentionally left her at the nursing facility during and after the hurricane.

V.

Hurricane Katrina came ashore in St. Bernard Parish on August 29, 2005 causing catastrophic damage and flood waters over the entire parish. As a direct result of defendant's acts or omissions, Agnes A. dePascual died during the hurricane. It is believed her body has been recovered but it has not been positively identified.

VI.

Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B. Mangano and their employees acted with intentional disregard of the health and safety of Agnes A. dePascual, in the following non-exclusive particulars:

a.   In failing to evacuate Agnes A. dePascual from the nursing home before Hurricane Katrina when they knew or should have known it was necessary to do so for her safety;

b.   In assuring petitioners they would evacuate their mother, Agnes A. dePascual, and failing to then evacuate her;

c.   In failing to provide a safe facility for resident care of Agnes A. dePascual; and

d.   Any and all other acts which may be shown at the time of the trial of this matter, all of which acts are contrary to the laws of the State of Louisiana, and are plead herein as if copied in extenso.

VII.

Additionally, petitioners aver defendants breached their duties under LRS 40:2010.8, more particularly to assure Agnes A. dePascual adequate and appropriate health care, and protective and support services, including services consistent with the resident care plan, and with established and recognized practice standards within the community. Accordingly, defendants are liable under LRS 40:2010.9 for damages, attorney's fees and court costs.

VIII.

Alternatively, petitioners aver defendants were negligent in the care and treatment of Agnes A. dePascual by failing to evacuate her from the nursing home facility prior to Hurricane Katrina when they knew or should have known she was in danger of serious injury and death.

IX.

Agnes A. dePascual suffered pain and suffering, emotional distress, mental anguish and ultimately the loss of her life as a result of the negligence of defendants.

X.

Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin.
Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., have suffered
and will suffer in the future, emotional distress, mental anguish, and the loss of love and
affection of their mother. Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E.
dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual,
Jr., have incurred expenses in attempting to locate and identify their mother's body, and will
incur expenses in providing a proper burial.

XI.

Defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and
Mabel B. Mangano, are jointly, severally and in solido liable unto petitioners for such an amount
as is reasonable in the premises, which amount is in excess of the requisite amount for a jury.
Petitioners request trial by jury.

WHEREFORE, petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E.
dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual,
Jr., prays that citation and service be made on the defendants, and that after all legal delays and
due proceedings had, there be judgment herein in his favor and against the defendants, Buffman,
Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B. Mangano, jointly,
severally and in solido, for such an amount as is reasonable in the premises, together with legal
interest from the date of judicial demand, as well as attorney's fees, court costs and all just and
equitable relief.

Respectfully submitted,

JAMES B. GUEST, Bar No. 6405
Attorney At Law
1900 32nd Street
Kenner, Louisiana 70065
Telephone: (504) 466-8266

**SERVICE TO BE ACCEPTED**

## AFFIDAVIT

PARISH OF JEFFERSON

STATE OF LOUISIANA

BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the

Parish of Jefferson, State of Louisiana, personally came and appeared:

### MANUEL R. DEPASCUAL, JR.

a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana,

who after being first duly sworn by me, Notary, did depose and state that he has read the

foregoing Petition for Damages and that all of the allegations and demands set forth therein are

true and correct to the best of his knowledge, information and belief.

**MANUEL R. DEPASCUAL, JR.**

Sworn to and subscribed
before me, this _18_ day
of ___Jan.___, 2006.

**JAMES B. GUEST**, Notary Public, #6405
My Commission is for life.



**LOUISIANA**
**PATIENTS' COMPENSATION FUND**
www.lapcf.louisiana.gov

**CERTIFICATE OF ENROLLMENT**

**ST. RITA'S NURSING FACILITY**
**AND BUFFMAN, INC.**
**1422 EAST LA. HIGHWAY 46**
**ST. BERNARD, LA 70085**

The above named Health Care Provider is hereby certified as an Enrollee under La. R.S. 40:1299.41 et seq., with effective dates as follows:

| ENROLLMENT PERIOD | | COMPANY | TYPE COVERAGE | CLASS TYPE | SPECIALTY |
|---|---|---|---|---|---|
| 10/01/2005 – 01/01/2006 | | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |
| 10/01/2004 – 10/01/2005 | | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |

# FILED

FEB 22 2006

*Louis G. Pearcy*
CH. DEPUTY CLERK

It is further certified that professional liability coverage for ONE HUNDRED THOUSAND ($100,000.00) Dollars through the above named insurance company, acknowledges primary responsibility for the indicated period(s).

It is further acknowledged that surcharges for excess coverages are paid for the indicated period(s).

**This certificate verifies the type of coverage and payment to the Patients' Compensation Fund; however, qualification for a medical review panel can only be determined at the time the request is filed.**

Date:  12/05/2005                    *Lorraine Gossens*

LOUISIANA PATIENTS' COMPENSATION FUND



34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 105-733                                    DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FEB 2 2 2006

FILED: _____          DEPUTY CLERK /S/ALICE PERNICIARO

### REQUEST FOR NOTICE

OW INTO COURT, through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador Mangano and Mabel Mangano defendants, who

pursuant to L.S.A.-C.C.P. Article 1572, move this Court for written notice ten (10) days

in advance of the date fixed for the trial or hearing on any exception, motion rule or trial

on the merits in the captioned proceeding, and pursuant to L.S.A. C.C.P. Articles 1913

and 1914, request immediate notice of all interlocutory and final orders and judgments

on any exception, motions, rules or the trial on the merits in the captioned proceeding.

WHEREFORE, the premises considered, defendants, Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador Mangano and Mabel Mangano request that they be

furnished with the above specified information.

Respectfully submitted, this _21st_ day of February, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR.  (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone: 504-581-1301

Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:   985-898-0504

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _21st_ day of January, 2006.

_Susan E. Henning_
SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO    105-733                                          DIVISION "B"

CHRISTOPHER M. DEPASCUAL, ETAL

VS

BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME, ETAL

FILED:  FEB 2 2 2006          _Alice Perniciaro_ Deputy Clerk
                                          /S/ALICE PERNICIARO

**JURY ORDER**

Considering the request for a jury trial filed herein:

**IT IS ORDERED** that this matter shall be tried by a jury, subject to compliance with the requirements and in accordance with La. R.S. 13:3049(B) and La. C.C.P. Article 1734.1, requiring cash deposits in lieu of bond to defray the additional costs of a jury trial;

1.    The party seeking the trial by jury shall make a cash deposit for jury costs, in lieu of a jury bond, in an amount of **Two Thousand ($2,000.00) and no/100 Dollars** for the first day and **Four Hundred ($400.00) and no/100 Dollars** per day for each additional day.    The deposit shall be made sixty (60) days prior to the commencement of the jury trial.

2.    In the event the party requesting the jury trial fails to make the deposit for jury costs, such failure shall entitle any other party to this litigation to request a jury trial within ten (10) days after the date on which the deposit for jury costs were due by the party initially requesting the jury trial, by compliance with the requirements of law and this order in timely making the required deposits to pay the additional costs of a jury trial.

3.    The failure of the party initially requesting the jury trial or any other party to timely post the required deposits shall result in a waiver of the right to a trial by jury and no jurors may be summoned for service as jurors in this trial.

4.    On the date on which the jury trial is commenced and during the course of the trial, the Court shall require the cash deposit of additional sums to pay expenses and costs in excess of the cash deposit provided for herein.

5.    The Court may require an additional amount to be filed during the trial if the deposits are insufficient to pay jury costs.

This Order is entered at Chalmette, Louisiana, on this _23_ day of _February_ 200_6_

_Manuel Fernandez_
DISTRICT JUDGE

Requested by
    Susan E. Henning, Atty.
    D1

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 105-733                                                    DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of, AGNES A.
DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR MANGANO, SR. and
MABEL MANGANO

FILED: _*March 9, 2006*_                    _*Elizabeth A. Ruiz*_
                                            DEPUTY CLERK

                                            /S/Elizabeth A. Ruiz

**RULE TO SHOW CAUSE**

On Exception of Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano

and Mabel Mangano, defendants herein, through undersigned counsel of record and

upon suggesting to the Court that defendants have filed Peremptory and Dilatory

Exceptions;

**IT IS HEREBY ORDERED** that plaintiff(s), Christopher M. de Pascual, Louis R.

de Pascual, Marina E. de Pascual Duskin, Paula A. de Pascual Newman, Carlos P. de

Pascual and Manuel R. de Pascual, Jr., show cause on the _7th_ day of

_April_, 2006, at 9:30 a.m., before this Honorable Court why its Peremptory

and Dilatory Exceptions should not be maintained, and why Judgment should not be

entered in favor of defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador

Mangano and Mabel Mangano, and against plaintiffs, Christopher M. de Pascual, Louis

R. de Pascual, Marina E. de Pascual Duskin, Paula A. de Pascual Newman, Carlos P.

de Pascual and Manuel R. de Pascual, Jr.

_____ day of _March_, 2006

_____
JUDGE

de Pascual,
A. de Pascual Newman,
de Pascual, Jr.

7005 2570 0001 7514 8301

EMMETT, COBB, WAITS & HENNING
MS. SUSAN E. HENNING, ATTY.
1515 POYDRAS ST. STE 1950
NEW ORLEANS, LA 70112
CPG   DI   03/20/06   105-549

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

THIRTY FOURTH JUDICIAL DISTRICT COURT

PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 105-733                                             DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL,
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL AND
MANUEL R. DEPASCUAL, JR.

VERSUS

BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME , SALVADOR A. MANGANO,
SR. AND MABEL B. MANGANO

FILED_____APR 1 0 2006_____ DEP.CLK._____

*************************************************************************

### MOTION TO CONTINUE

**IT IS ORDERED** that the above captioned matter previously set on Friday, April 7,

2006, at 9:30 a.m. be continued to Friday, June 9, 2006 at 9:30 a.m.

MANUEL A. FERNANDEZ,
JUDGE, DIVISION "B"

*Please serve all counsel.*



SUPREME COURT OF LOUISIANA

JUL 28 2006

*Shirley Dixon*
DEPUTY CLERK

O R D E R

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Judge Kirk A. Vaughn to assign a judge ad hoc to the Thirty-Fourth Judicial District Court in the below mentioned matters because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Frank Foil to accept such assignment,

IT IS ORDERED THAT:

Retired Judge Frank Foil be and he is hereby assigned as judge ad hoc of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of Case Nos. 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473; 105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-535; on the docket of said court, subject to the completion of any unfinished business.

This order shall not deprive the judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, of their offices as judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Frank Foil of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting ad hoc or pro tempore assistance shall have the duty and obligation of providing the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable ad hoc or pro tempore judges to fulfill their obligations.

The judge assigned to sit ad hoc or pro tempore hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this ___27___ day of July, A.D., 2006, New Orleans, Louisiana.

FOR THE COURT:

*Pascal F. Calogero*
Pascal F. Calogero, Jr., Chief Justice

SUPREME COURT OF LOUISIANA
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Jeffrey C. Collins*
Jeffrey C. Collins
Chief Deputy Clerk of Court

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:   105-733                                    DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

JUN 0 9 2006                          _Elizabeth A. Ruiz_

FILED:   _f 30 to_                    DEPUTY CLERK /S/Elizabeth A. Ruiz

## MOTION TO FILE AMENDED
## ANSWER AND WITHDRAW
## DILATORY EXCEPTION

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano made defendants

herein who move this Honorable Court to permit them to withdraw their dilatory

exception of prematurity previously filed in connection with their answer to the petition in

this matter on the grounds that plaintiffs have submitted their claim to the Louisiana

Patients' Compensation Fund and the Louisiana Patients' Compensation Fund has

advised that the allegations contained in the complaint are not within the scope of

medical malpractice as defined in the Medical Malpractice Act (La. R.S. 40:1299.41 *et

seq*). Accordingly, defendants seek to amend their answer and delete their exception of

prematurity.

Respectfully submitted, this _9th_ day of June, 2006.

EMMETT, COBB, WAITS & HENNING

BY:  _Susan E. Henning_
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:   985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served

upon all counsel of record by depositing same in the United States Mail, postage

prepaid and properly addressed, this 2nd day of June, 2006.

SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                      DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED: _____Jun 9, 2006_____          _____Elizabeth a. Ruiz_____
                                      DEPUTY CLERK

                                      /S/Elizabeth A. Ruiz

## ORDER

CONSIDERING THE FOREGOING Motion to Amend Answer and Withdraw
Dilatory Exception;

IT IS HEREBY ORDERED, that defendants, Buffman, Inc. d/b/a St. Rita's
Nursing Home, Salvador A. Mangano and Mabel Mangano's Motion to Amend Answer
and Motion to Withdraw Dilatory Exception are hereby GRANTED.

Chalmette, Louisiana this _14th_ day of _____June_____, 2006.

                              _____Kirk A. Vaughn_____
                              JUDGE

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                         DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

JUN 1 4 2006

FILED: _____

DEPUTY CLERK
/S/Gwen S. Loze

**AMENDED ANSWER**

**NOW INTO COURT,** through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel B. Mangano made

defendants herein, who supplement and amend their Answer to plaintiffs' Petition for

Damages by deleting, in its entirety, the Dilatory Exception of Prematurity contained

therein and by adding an eighth affirmative defense to read as follows:

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs may prove at the trial of this matter any acts of

negligence which constitute medical malpractice or negligence in the care and

treatment of Agnes A. dePascual, and that such negligence caused or contributed to the

injuries sustained by the plaintiffs, defendants aver that such claims are subject to the

provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 *et seq* (the

MMA), and as a qualified healthcare provider under the MMA, Buffman, Inc. a/k/a St.

Rita's Nursing Home is entitled to the protections afforded therein, including a limitation

on its liability for such malpractice pursuant to the provisions of La. R.S. 40:1299.42.

WHEREFORE, Buffman, Inc., Salvador A. Mangano, Sr. and Mabel B. Mangano

reaver all of their answers, defenses and peremptory exception as set forth in their

original Answer to plaintiffs' Petition for Damages and pray that their answers and

exception be deemed good and sufficient and that after due proceedings are had,

judgment be rendered in favor of these defendants and against the plaintiffs, dismissing the plaintiffs' claims with prejudice at plaintiffs' cost.

Respectfully submitted, this _____ day of June, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone: 985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _____ day of June, 2006.

_____
SUSAN E. HENNING

2

# THIRTY FOURTH JUDICIAL DISTRICT COURT

## PARISH OF ST. BERNARD

### STATE OF LOUISIANA

**D**

NUMBER 105-733                                           DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL AND
MANUEL R. DEPASCUAL, JR, INDIVIDUALLY AND ON BEHALF OF THE ESTATE
OF AGNES A. DEPASCUAL

### VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
AND MABLE B. MANGANO

FILED _June 9, 2006_                    _Elizabeth A. Ruiz_
                                                    DEPUTY CLERK
                                                    /S/Elizabeth A. Ruiz

### ORDER TO RECUSE AND RE-ALLOT FOR CONSIDERATION BY ANOTHER JUDGE OF THIS JUDICIAL DISTRICT

This Judge, on a motion sua sponte, recuses himself from consideration of this matter because this matter involves a claim by a former resident of st. Rita's Nursing Home resident for damages sustained when the Petitioner died during and in the aftermath of Hurricane Katrina on or about August 29, 2005.

Mrs Inez Vidrios, a maternal aunt of this Judge, also died while a resident of the same nursing home during or in the aftermath of Hurricane Katrina. Mrs Vidrios also had formerly been employed by this Judge as a legal secretary and a client of this Judge when he was engaged in the practice of law, prior to being elected to this judicial position. This recusal is made to avoid any claim of impropriety or interest in the cause and to dispel any potential claim of impartiality or prejudice. Accordingly,

IT IS ORDERED this recusal of this Judge be given full legal effect and all parties be notified hereof and matter be re-allotted by the Clerk of this Court for consideration by another division of this Court .

Chalmette, Louisiana on this 6th day of June, 2006

                    MANUEL A. FERNANDEZ
                    DISTRICT JUDGE, DIVISION "B"