**34th JUDICIAL DISTRICT COURT**

**PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

**NUMBERS 105-433, 105-733, 105-889, 105-936, 106-254,**

**106-535,  106-061, 106-334, 106-335**

**FILED**

AUG 07 2006

*Lou J Ferry*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

FILED _August 7, 2006_

*Elizabeth A. Ruiz*
**DEPUTY CLERK**

/S/Elizabeth A. Ruiz

<u>**ORDER SETTING STATUS CONFERENCE**</u>

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Thursday, September 14, 2006, at 2:00 P.M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the 2nd day of August, 2006.

_____
**FRANK FOIL**
Judge Ad Hoc

**Please send notice to:**

The Attorneys whose names and addresses are listed as Group 3 on the attached sheet.

**FILED**

AUG 07 2006

*[signature]*
ST. BERNARD PARISH CHIEF DEPUTY CLERK

<u>Group 3</u>

| | |
|---|---|
| 105-433 | William R. Mustain<br>Stanga & Mustain<br>3177 22nd St., Suite 6<br>Metairie, LA 70002 |
| 105-733 | James B. Guest<br>1900 32nd St.<br>Kenner, LA 70065 |
| 105-889 | Michael C. Code<br>J. A. "Jay" Beatmann, Jr.<br>3445 N. Causeway Blvd., Suite 724<br>Metairie, LA 70002 |
| 105-936<br>106-254<br>106-535 | Dyzart & Tabary<br>3519 N. Causeway Blvd., Suite 600<br>Metairie, LA 70002 |
| 106-061 | (1) Ieyoub & Landry<br>8180 YMCA Plaza, Suite C<br>Baton Rouge, LA 70810<br>(2) Couhig Partners<br>One American Place<br>Baton Rouge, LA 70825 |
| 106-334<br>106-335 | Nix, Patterson & Roach<br>401 Edwards St.<br>8th Floor, Suite 820<br>Shreveport, LA 71101 |
| All cases | (1) Emmett, Cobb, Waits & Henning<br>1515 Poydras St., Suite 1950<br>New Orleans, LA 70112<br>(2) Jeremy Goux<br>417 N. Theard St.<br>Covington, LA 70433 |

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                           DIVISION "D"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

AUG 2 3 2006

FILED: _____ @ 1:21 Pm                    DEPUTY CLERK

## MOTION FOR LEAVE TO FILE
## THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Mabel Mangano,

Salvador Mangano and Buffman, Inc., d/b/a St. Rita's Nursing Home, made defendants

herein, and for the reasons more fully set forth in the attached memorandum, pursuant

to La. Code of Civil Procedure Article 1111, move for leave of Court to file a Third Party

Demand against The United States of America; Kathleen Blanco, in her official capacity

as Governor of the State of Louisiana; State of Louisiana, Department of Transportation

and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana

Department of Transportation and Development; State of Louisiana, Department of

Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary,

Louisiana Department of Health and Hospitals; State of Louisiana, Department of

Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney

General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J.

Rodriguez, in his official capacity as President, Parish of St. Bernard.

This matter is not set for trial, and the filing of this incidental demand will not

retard the process of the principal action.

Respectfully submitted, this _28th_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY:    _Susan E. Henning_
JAMES A. COBB, JR.  (4213)
SUSAN E. HENNING  (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _28th_ day of August, 2006.

_Susan E. Henning_
SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                    DIVISION "D"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED: _____AUG 2 8 2006_____                 _____
                                              DEPUTY CLERK

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE THIRD PARTY DEMAND**

**MAY IT PLEASE THE COURT:**

Plaintiffs in the principal demand have filed suit against Mabel Mangano,
Salvador Mangano and Buffman, Inc. in which they allege, among other things, that the
defendants failed to evacuate St. Rita's Nursing Home prior to Hurricane Katrina's
landfall.  Defendants have denied and continue to deny any negligence on their part.
Defendants seek to bring a third party demand seeking indemnity and/or contribution in
tort from third party defendants in the event that defendants are cast in judgment.
Defendants also seek to bring this action to assert apportionment of liability as
mandated by Article 2324 of the Louisiana Civil Code.

Pursuant to Louisiana Code of Civil Procedure Article 1033, defendants move for
leave of Court to file a third party demand in this matter.  Although Answer in the
principal demand has been filed, the matter is not set for trial and the filing of an
incidental demand by these defendants will not retard the progress of the principal
action.

Accordingly, Mabel Mangano, Salvador Mangano and Buffman, Inc. wish to file a third party demand against The United States of America; Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals; State of Louisiana, Department of Justice, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard as parties to these proceedings.

Respectfully submitted, this _28th_ day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone: 985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _28th_ day of August, 2006.

_____
SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                                    DIVISION "D"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED: _____AUG 2 8 2006_____          DEPUTY CLERK

### ORDER

Upon consideration of Motion for Leave to File Third Party Demand filed by

defendants Mabel Mangano, Salvador Mangano and Buffman, Inc. and the

Memorandum in Support thereof;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Motion for

Leave to File Third Party Demand filed by Mabel Mangano, Salvador Mangano and

Buffman, Inc. d/b/a St. Rita's Nursing Home, be and same is hereby GRANTED.

St. Bernard, Louisiana this _14th_ day of _September_, 2006.

FRANK FOIL
JUDGE AD HOC

3

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                                DIVISION "D"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED:  _Sept. 14, 2006_          _Elizabeth A. Ruiz_
                                              DEPUTY CLERK
                                       **/S/Elizabeth A. Ruiz**

## THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come defendants Salvador

A. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home  and for

their third party demand against: the United States of America, Kathleen Blanco, in her

official capacity as Governor of the State of Louisiana; State of Louisiana, Department

of Transportation and Development;   Johnny Bradberry, in his official capacity as

Secretary, Louisiana Department of Transportation and Development; State of

Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official

capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of

the Attorney General; Charles Foti, in his official capacity as Attorney General, State of

Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official

capacity as President, Parish of St. Bernard, respectfully aver as follows:

I.

Defendants bring this third party demand pursuant to Article 1111 of the

Louisiana Code of Civil Procedure.

II.

On August 29, 2005, Hurricane Katrina passed through St. Bernard Parish, the effects of which caused significant breaches in the Lake Borgne Basin Levee system resulting in flooding of the entire parish.  As a consequence of this catastrophic flooding, St. Rita's Nursing Home, which is owned and operated by defendant Buffman, Inc., was severely damaged and thirty five residents of the home perished.

III.

The petition filed against defendants, alleges, among other things, that defendants negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall.  Defendants have denied and continue to deny any negligence on their part.

IV.

Defendants bring this third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that defendants are cast in judgment herein. Defendants also bring this action seeking apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

V.

Made third party defendants are the following:

(a)     The United States of America;

(b)     Kathleen Blanco, in her official capacity as Governor of the State of Louisiana;

(c)     State of Louisiana, Department of Transportation and Development;

(d)     Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development;

(e)     State of Louisiana, Department of Health and Hospitals;

(f)     Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals;

(g)     State of Louisiana, Department of Justice, Office of the Attorney General;

(h)     Charles Foti, in his official capacity as Attorney General, State of Louisiana;

(i)     the Lake Borgne Basin Levee District, which is a political subdivision of

the State of Louisiana; and

(j)     Henry J. Rodriguez, in his official capacity as President, Parish of St.

Bernard.

## CLAIMS AGAINST DEPARTMENTS AND OFFICIALS
## OF THE STATE OF LOUISIANA

VI.

On or about July 11, 2005, Governor Blanco adopted the Louisiana Emergency

Operations Plan by Executive Order KBB 2005-18.  Defendants Bradberry, Foti and

Cerise were also signatories to the Emergency Operations Plan ("EOP").  In addition to

the terms of the EOP itself, the EOP incorporated as a separately published supplement

the Southeast Louisiana Hurricane and Evacuation Plan (Supplement 1A).

VII.

The EOP mandates the responsibilities of state officials and agencies in the

event of an emergency.  The EOP "assigns responsibilities for actions and tasks that

the State will take to provide for safety and welfare of its citizens against the threat of

natural disasters." (EOP, at Section I, page 1)

VIII.

Governor Blanco declared a state of emergency on the evening of August 26,

2005 as Hurricane Katrina approached, thus triggering the provisions of the EOP.

IX.

Pursuant to the EOP, Governor Blanco was charged with the "overall

responsibility for emergency management in the state."  (EOP, at Section IV, page 7).

The Governor is also responsible for the coordinated delivery of all emergency services,

public, quasi-volunteer, and private, during a natural, technological and/or national

security emergency/disaster situation.  (EOP, at Section V, page 9).  By reason of her

overall responsibility for emergency management, Governor Blanco had an obligation to

make sure that the State was in compliance with its own EOP.  By reason of the failures

to follow the EOP, which are detailed below, Governor Blanco failed to discharge her

overall responsibility for emergency management and such failure caused and/or

contributed to the damages alleged by the plaintiffs, and for which Defendants deny liability.

## X.

Pursuant to the EOP, State departments, agencies and offices are required to carry out the responsibilities designated in Attachment 3 to the EOP, which is entitled "State Agency Emergency Support Functions ("ESF")."  The EOP requires that these departments or agencies, including defendants Department of Transportation and Development, Department of Health and Hospitals, and Department of Justice, Office of the Attorney General, "organize, supervise and coordinate all the activities that take place in its functional area."  (EOP, at Section IV, page 7).

## XI.

ESF 1 imposes primary responsibility for emergency transportation on the Louisiana Department of Transportation and Development ("LDOTD").  ESF imposed a duty on LDOTD to designate a coordinator to "develop plans and procedures to mobilize transportation and support emergency evacuation for at risk populations."  (ESF 1, at Section III(B)(1))

## XII.

Upon information and belief, LDOTD did nothing to carry out the responsibilities imposed upon it under the EOP and ESF 1.  LDOTD did nothing to provide transportation to persons at risk to permit them to evacuate prior to Hurricane Katrina. LDOTD did nothing to mobilize transportation and support emergency evacuation for the residents of the St. Rita Nursing Home.  Johnny Bradberry, Secretary, has admitted in testimony before the United States Congress that he failed to carry out the responsibilities imposed on his department by the EOP.  Secretary Bradberry's admitted inaction and failure to act caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability.

## XIII.

ESF 13 deals with Public Safety and Security.  Pursuant to this ESF, the Louisiana Department of Justice ("LDOJ") "ensures that operations are taken in accordance with the legal authority of the state." (ESF 13, at Section III).  Pursuant to

this language, the Department of Justice, Office of the Attorney General, had the responsibility to monitor the compliance of other departments with the EOP. Appendix 2 to ESF 13 shows that with respect to safety and security, all other state departments, including LDOTD, reported to and assisted the Department of Justice.

XIV.

Upon information and belief, the Department of Justice and third party defendant Foti failed to carry out their duties and responsibilities under ESF 13 in that they did nothing to monitor and assure compliance by LDOTD and the Louisiana Department of Health and Hospitals with their obligations under the EOP. Such failures caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability.

XV.

Supplement 1A to the EOP is the Southeast Louisiana Hurricane Evacuation Plan. Pursuant to this Plan, the Louisiana Department of Health and Hospitals ("LDHH") was charged with the responsibility to "coordinate the evacuation and sheltering of people who have special medical and health needs." (Page 11) The plan further imposed a duty on LDHH to "call all nursing homes and other custodial care organizations in risk areas to make sure they are prepared to evacuate their residents." (Page 17) This Plan also required that once evacuation was recommended, LDHH was required to "mobilize State transportation resources to aid in the evacuation of people who have mobility and/or health problems." (Page 19)

XVI.

Upon information and belief, LDHH and defendant Cerise did not comply with the provisions of this Plan. They did not call St. Rita's Nursing Home as required by the Plan, and offered no State transportation resources to evacuate the residents of St. Rita's Nursing Home. Such failures on the part of LDHH and Secretary Cerise caused and/or contributed to the damages alleged by the plaintiffs and for which the defendants deny liability.

XVII.

By reason of their breaches of the EOP, and the failure of the State or its agencies to offer transportation resources to at-risk residents, should defendants be

cast in judgment herein, then defendants Blanco, LDTOD, LDOJ, LDHH, Bradberry, Foti and Cerise are liable to third party plaintiffs by way of indemnity or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code.

## CLAIMS AGAINST THE LAKE BORGNE BASIN LEVEE DISTRICT

### XVIII.

The Lake Borgne Basin Levee District was created by Act of the Louisiana Legislature codified at L.R.S. 38:327. Pursuant to this Act, the Board was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction. The Act specifically granted to the Lake Borgne Basin Levee District authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion.

### XIX.

By law, all levee districts, including this third party defendant, are required to engage in flood protection and in the construction and maintenance of levees. L.R.S. 38:325. By law, all levee districts and their commissioners, including this third party defendant, have the responsibility for the care and inspection of levees. L.R.S. 38:301(B).

### XX.

The levees protecting St. Bernard Parish and St. Rita's Nursing Home failed in some instances during Hurricane Katrina, and were overtopped in others. Following the storm, it was determined by independent engineers that the levees in St. Bernard Parish had subsided significantly since their initial construction. These independent studies concluded that this change in elevation also caused and contributed to the failure and overtopping of levees in St. Bernard Parish. A principal author of one of these studies, Professor Robert Bea of the University of California, has stated publicly that these elevation changes were ignored.

### XXI.

Third party plaintiffs aver upon information and belief that the Lake Borgne Basin Levee District failed to discharge its statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by the plaintiffs and for which defendants deny liability. Pursuant

6

to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to third party plaintiffs by way of indemnity or contribution in tort should third party plaintiffs be cast in judgment herein.

## CLAIMS AGAINST HENRY J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS
## PRESIDENT OF ST. BERNARD PARISH

XXII.

By law, a local disaster or emergency may only be declared by a parish president.  Any such order which declares a local emergency must be given prompt and general publicity and must be filed with the office of emergency preparedness and the office of the clerk of court.  L.R.S. 29:727 (D).  Once such an order is issued, the parish president also has the authority to direct and compel the evacuation of all or part of the population from the stricken or threatened area.

XXIII.

No written mandatory evacuation order was issued by Mr. Rodriguez or his designee as Hurricane Katrina approached.  It is unclear whether any verbal mandatory evacuation order was ever given.  If such a verbal order was given, then Mr. Rodriguez failed in his duty to give prompt and general publicity, as third party plaintiffs were never informed of any mandatory evacuation order.   Mr. Rodriguez also failed in his responsibility to issue a written order as required by law or to appoint a nominee to do so in the event of his incapacity and inability to perform that responsibility.

XXIV.

Should third party plaintiffs be cast in judgment herein for a failure to evacuate St. Rita's Nursing Home, then third party plaintiffs aver that such failure was caused or contributed to by the failure of third party defendant Rodriguez to timely issue an evacuation order, or alternatively, in failing to put such order in writing and to assure dissemination of such order to third party plaintiffs.  By reason of such failure, third party defendant Rodriguez is liable to third party plaintiffs by way of indemnity and/or contribution pursuant to Article 2315 of the Louisiana Civil Code.

## CLAIMS AGAINST THE UNITED STATES OF AMERICA

XXV.

These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* As this is filed as a third party demand, the requirement that third party plaintiffs first exhaust their administrative remedies is waived by statute. 28 U.S.C. § 2675(a). Moreover, this third party claim may be brought in a state court, subject to the right of the United States to remove the entire action. *Hassan v. Louisiana Department of Transportation & Development,* 923 F.Supp. 890 (W.D.La. 1996).

XXVI.

Venue is proper in this parish in that the claims giving rise to this third party action occurred in this parish.

XXVII.

The United States of America has waived its sovereign immunity in connection with these claims under 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

XXVIII.

The Mississippi River Gulf Outlet ("MRGO") is a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans. Construction of the waterway was approved by Congress under the Rivers and Harbors Act in 1956. The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers ("Corps of Engineers") in 1965.

XXIX.

The MRGO was originally designed to have a width of 650 feet and a depth of 36 feet. The waterway was constructed in the shallow marsh areas of St. Bernard Parish and the Chandeleur Sound. One of the primary justifications for the construction of the waterway was as a short-cut for vessels to enter the Port of New Orleans.

XXX.

The MRGO had known and foreseeable impacts on the environment of St. Bernard Parish. Over time, the waterway caused the loss of thousands of acres of wetlands, including brackish marsh, saline marsh, and cypress swamps and forests. Over time and due to dredging activities done by the Corps of Engineers, the MRGO expanded in size, to a width in some places of over 2000 feet. By 2005, this soil erosion, when coupled with the loss of wetlands, made the MRGO a conduit for storm

8

surge and greatly increased the risk of flooding in the interior sections of St. Bernard Parish.

### XXXI.

Wetlands such as those destroyed since the opening of the MRGO provide a natural barrier against tidal surge from storms and hurricanes. Wetlands loss from the construction and maintenance of the MRGO have made St. Bernard Parish and third party plaintiff's nursing home facility more vulnerable to the effect of storm surge. This was evident as early as 1965, when Hurricane Betsy created a tidal surge that moved up the MRGO and breached levees in Orleans Parish. Plaintiff's facility was not flooded by Hurricane Betsy. By 2005, however, the MRGO had expanded and caused erosion of wetlands that acted as a means for tidal surge to directly enter the populated areas of St. Bernard Parish.

### XXXII.

During Hurricane Katrina, levees along the MRGO were breached in several different places in St. Bernard Parish where wetlands had been lost. These levees were also overtopped due to the magnitude of the storm surge that was not absorbed and lessened by the wetlands that previously had protected St. Bernard Parish. In areas where the wetlands had not been lost, the levees were not breached.

### XXXIII.

When Hurricane Katrina struck, a massive storm surge traveled from Lake Borgne and the Gulf of Mexico via the MRGO, causing the destruction of the levees protecting the St. Rita Nursing Home from flooding. The magnitude of the storm surge was amplified by the presence of the MRGO and its environmental impacts. The storm surge and destruction of the levees in turned caused catastrophic flooding in St. Bernard Parish.

### XXXIV.

The St. Rita Nursing Home sits on what is relatively high ground for St. Bernard Parish. Despite its elevation, on the morning of August 29, 2005, the facility became inundated in a matter of minutes to a depth of some six feet. Upon information and belief, third party plaintiffs aver that their facility would not have flooded, and the

plaintiffs' decedents would not have perished but for the presence of the MRGO and its environmental impacts.

### XXXV.

The United States of America owed a duty of reasonable care to third party plaintiffs which was breached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein.

WHEREFORE, third party plaintiffs pray that process in due form of law may issue, citing the third party defendants to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in their favor, dismissing the petition at petitioner's cost; alternatively, should third party plaintiffs be cast in judgment herein, they pray that they may recover over against third party defendants by way of indemnity and/or contribution, together with all costs of these proceedings.

Respectfully submitted this 28 day of August, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____

James A. Cobb, Jr. (La. 4213)
Susan E. Henning (La. 6793)
Louis G. Spencer (La. 26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112

7006 0810 0006 3475 2582

KATHLEEN BLANCO
GOVERNOR OF THE STATE OF LA
900 3RD ST OFFICE THE GOVERNOR
BATON ROUGE, LA 70802
(NL) D-1 9-14-06 #105-733

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

I hereby certify that a

depositing same in the United States mail, postage prepaid and properly addressed, on this _26_ day of August, 2006.

JAMES A. COBB, JR.

PLEASE SERVE:

**The United States of America**
Service Pursuant to Rule 4, F.R.C.P.

Serve a copy on:
(1) **James Letten**
United States Attorney
Eastern District of Louisiana
500 Poydras Street, Suite B210
Hale Boggs Federal Building
New Orleans, Louisiana   70130

By Certified Mail by defendants to:

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC   20530-0001

(2) **Kathleen Blanco**
Governor of the State of Louisiana
Service pursuant to La.Code Civ.Pro. Art. 1265,
       L.R.S. 13:5107 and L.R.S. 39:1538
900 Third Street, Office of the Governor
Baton Rouge, Louisiana   70802

(3) **Louisiana Department of Transportation and Development**
1201 Capitol Access Road
Baton Rouge, Louisiana   70804

(4) **Johnny Bradberry**
1201 Capitol Access Road Room 302O
Baton Rouge, Louisiana   70804

(5) **Louisiana Department of Justice, Office
of the Attorney General, Charles Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

(6) **Louisiana Department of Health and Hospitals**
628 North Fourth Street
Baton Rouge, Louisiana   70802

(7)  **Frederick P. Cerise, M.D.**
628 North Fourth Street
Baton Rouge, Louisiana   70802

In order to comply with L.R.S. 13:5107 and L.R.S. 39:1538,
Please also serve on behalf of all State of Louisiana defendants:

(8) **Charles C. Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

and through:

**(9) Office of Risk Management**
1201 North Third Street
Baton Rouge, Louisiana   70802

**(10)  Lake Borgne Basin Levee District**
Through Robert Turner
6136 E. St. Bernard Highway
Violet, Louisiana   70092

**(11)  Henry J. Rodriguez**
8201 West Judge Perez Drive
St. Bernard Government Complex
Chalmette, Louisiana   70043

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   **105 733**                                          DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL,
MARINA E. DEPASCUAL DUSKIN, PAULA A. DEPASCUAL NEWMAN,
CARLOS P. DEPASCUAL and MANUEL R. DEPASCUAL, JR.

VERSUS

BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, SR.and MABEL B. MANGANO

FILED:      JAN 2 3 2006          _____
                                  ~~DEPUTY~~ CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, Christopher M.

dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman,

Carlos P. dePascual and Manuel R. dePascual, Jr., all persons of the full age of majority, who

respectfully represent the following:

I.

Made defendants herein are:

A.   BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME – upon
     information and belief, a Louisiana Corporation authorized to and doing business
     in the Parish of St. Bernard, State of Louisiana;

B.   SALVADOR A. MANGANO, SR.– upon information and belief, a person of the
     full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana;
     and

C.   MABEL B. MANGANO – upon information and belief, a person of the full age
     of majority and domiciled in the Parish of St. Bernard, State of Louisiana.

II.

Petitioners are the children of Agnes A. dePascual, who died domiciled in St. Bernard

Parish, Louisiana following Hurricane Katrina on August 29, 2005.

III.

At the time of the hurricane, Agnes A. dePascual was a resident patient at St. Rita's

Nursing Home in Poydras, Louisiana operated by defendants.

IV.

Petitioners were assured by defendants their mother would be evacuated if a mandatory

evacuation order was issued by parish officials or if it were prudent to do so, prior to the arrival

of Hurricane Katrina. Despite their assurances, defendants failed to evacuate Agnes A.

dePascual and instead intentionally left her at the nursing facility during and after the hurricane.

V.

Hurricane Katrina came ashore in St. Bernard Parish on August 29, 2005 causing

catastrophic damage and flood waters over the entire parish. As a direct result of defendant's

acts or omissions, Agnes A. dePascual died during the hurricane. It is believed her body has

been recovered but it has not been positively identified.

VI.

Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B.

Mangano and their employees acted with intentional disregard of the health and safety of Agnes

A. dePascual, in the following non-exclusive particulars:

a.   In failing to evacuate Agnes A. dePascual from the nursing home before
     Hurricane Katrina when they knew or should have known it was necessary to do
     so for her safety;

b.   In assuring petitioners they would evacuate their mother, Agnes A. dePascual, and
     failing to then evacuate her;

c.   In failing to provide a safe facility for resident care of Agnes A. dePascual; and

d.   Any and all other acts which may be shown at the time of the trial of this matter,
     all of which acts are contrary to the laws of the State of Louisiana, and are plead
     herein as if copied in extenso.

VII.

Additionally, petitioners aver defendants breached their duties under LRS 40:2010.8,

more particularly to assure Agnes A. dePascual adequate and appropriate health care, and

protective and support services, including services consistent with the resident care plan, and

with established and recognized practice standards within the community. Accordingly,

defendants are liable under LRS 40:2010.9 for damages, attorney's fees and court costs.

VIII.

Alternatively, petitioners aver defendants were negligent in the care and treatment of

Agnes A. dePascual by failing to evacuate her from the nursing home facility prior to Hurricane

Katrina when they knew or should have known she was in danger of serious injury and death.

IX.

Agnes A. dePascual suffered pain and suffering, emotional distress, mental anguish and

ultimately the loss of her life as a result of the negligence of defendants.

X.

Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E. dePascual Duskin,
Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual, Jr., have suffered
and will suffer in the future, emotional distress, mental anguish, and the loss of love and
affection of their mother. Petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E.
dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual,
Jr., have incurred expenses in attempting to locate and identify their mother's body, and will
incur expenses in providing a proper burial.

XI.

Defendants, Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and
Mabel B. Mangano, are jointly, severally and in solido liable unto petitioners for such an amount
as is reasonable in the premises, which amount is in excess of the requisite amount for a jury.
Petitioners request trial by jury.

WHEREFORE, petitioners, Christopher M. dePascual, Louis R. dePascual, Marina E.
dePascual Duskin, Paula A. dePascual Newman, Carlos P. dePascual and Manuel R. dePascual,
Jr., prays that citation and service be made on the defendants, and that after all legal delays and
due proceedings had, there be judgment herein in his favor and against the defendants, Buffman,
Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel B. Mangano, jointly,
severally and in solido, for such an amount as is reasonable in the premises, together with legal
interest from the date of judicial demand, as well as attorney's fees, court costs and all just and
equitable relief.

Respectfully submitted,

JAMES B. GUEST, Bar No. 6405
Attorney At Law
1900 32nd Street
Kenner, Louisiana 70065
Telephone: (504) 466-8266

**SERVICE TO BE ACCEPTED**

**AFFIDAVIT**

PARISH OF JEFFERSON

STATE OF LOUISIANA

      BEFORE ME, the undersigned authority, duly commissioned and qualified in and for the Parish of Jefferson, State of Louisiana, personally came and appeared:

**MANUEL R. DEPASCUAL, JR.**

a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who after being first duly sworn by me, Notary, did depose and state that he has read the foregoing Petition for Damages and that all of the allegations and demands set forth therein are true and correct to the best of his knowledge, information and belief.

                                **MANUEL R. DEPASCUAL, JR.**

Sworn to and subscribed
before me, this _____ day
of _____, 2006.

**JAMES B. GUEST**, Notary Public, #6405
My Commission is for life.

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.: 105-733                                                DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

/S/ALICE PERNICIARO

FEB 2 2 2006

FILED: _____ @ 1235pm_____          DEPUTY CLERK

### ANSWER

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.
Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel B. Mangano made
defendants herein who respond to plaintiffs' Petition for Damages as follows:

I.

The allegations of status set forth in paragraph I of plaintiffs' Petition for
Damages are admitted.

II.

The allegation contained in paragraph II of plaintiffs' Petition for Damages is
denied for lack of information sufficient to justify a belief therein.

III.

The allegation contained in paragraph III of plaintiffs' Petition for Damages is
admitted.

IV.

The allegation contained in paragraph IV of plaintiffs' Petition for Damages are
denied.

V.

The allegations contained in paragraph V of plaintiffs' Petition for Damages are denied.

VI.

The allegations contained in paragraph VI of plaintiffs' Petition for Damages are denied.

VII.

The allegations contained in paragraph VII of plaintiffs' Petition for Damages are denied.

VIII.

The allegations contained in paragraph VIII of plaintiffs' Petition for Damages are denied.

IX.

The allegations contained in paragraph IX of plaintiffs' Petition for Damages are denied.

X.

The allegations contained in paragraph X of plaintiffs' Petition for Damages are denied.

XI.

The allegations contained in paragraph XI of plaintiffs' Petition for Damages are denied.

AND NOW FURTHER ANSWERING, defendants aver and would show that

XII.

At all pertinent times, the defendants acted reasonably and appropriately and in consideration of the best interests of its resident, Agnes A. dePascual, and no intentional conduct or negligence on the part of the defendants or their employees, caused or contributed to the damages allegedly sustained in plaintiffs' petition.

XIII.

Defendants aver that the damages allegedly suffered therein by the plaintiffs were the result of an unfortunate and unprecedented catastrophic force of nature, or *force majeure* and nothing that these defendants did or failed to do, either negligently or

2

intentionally caused or contributed in any way to the damages alleged to have been suffered by the plaintiffs herein.

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that the damages allegedly suffered herein by the plaintiffs were the result of the failure of the levee system which occurred after hurricane Katrina had passed beyond St. Bernard Parish.

### SECOND AFFIRMATIVE DEFENSE

St. Rita's Nursing Home timely filed its Emergency Operations Plan with the St. Bernard Office of Emergency Preparedness.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by their own failure to retrieve their mother from the facility during their own evacuation.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative, that any damages allegedly suffered by the plaintiffs were caused by a superseding force of events beyond the control of these defendants and for which neither responsibility nor liability can be imputed or imposed.

### FIFTH AFFIRMATIVE DEFENSE

Defendants aver in the alternative that any damages allegedly suffered herein were caused by the fault, negligence, lack of care, and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

### SIXTH AFFIRMATIVE DEFENSE

In the further alternative, defendants aver that any injuries allegedly sustained by the plaintiffs were caused or contributed to by their own negligence and defendants plead the contributory comparative fault of the plaintiffs as a defense.

### SEVENTH AFFIRMATIVE DEFENSE

In the further alternative, any alleged injuries or damages to the plaintiffs occurred as a result of preexisting conditions, causes or damages and/or by coincidental damages which are completely unrelated to plaintiffs' allegations against these defendants and operate to bar and or reduce any recovery due to plaintiffs.

## DILATORY EXCEPTION

To the extent that plaintiffs have alleged acts of negligence which constitute medical malpractice, including any negligence in the care and treatment of Agnes A. dePascual as alleged in paragraph VIII of plaintiffs' Petition for Damages and that such negligence caused or contributed to the death of Agnes A. dePascual, plaintiffs' petition is premature, and pursuant to the provisions of La. R.S. 40:1299.41, a medical review panel must be convened to render an opinion with respect to those claims. Accordingly, plaintiffs' petition is premature and subject to dismissal pursuant to Louisiana Code of Civil Procedure Article 933, until such time as a medical review panel has been impaneled, has convened and has rendered an opinion regarding the alleged professional negligence of the defendant healthcare providers.

## PEREMTORY EXCEPTION

Defendants affirmatively plead that plaintiffs' allegations of a breach of duty under La. R.S. 40:2010.8, fails to state a cause of action and/or plaintiffs have no right of action for damages pursuant to the provisions of La. R.S. 40:2010.9.

WHEREFORE, Buffman, Inc., Salvador A. Mangano, Sr. and Mabel B. Mangano pray that their answers and exceptions be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of these defendants and against the plaintiffs' dismissing plaintiffs' claims with prejudice at plaintiffs' costs.

WHEREFORE, exceptors Buffman, Inc. Salvador A. Mangano, Sr. and Mabel B. Mangano, pray that this Court set a date and time on which their dilatory and peremptory exceptions may be heard.

Respectfully submitted, this 20th day of February, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:  504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433

4

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 20th day of February, 2006.

SUSAN E. HENNING

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:  105-733                                                    DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

JUN 1 4 2006                                    /S/Gwen S. Loze
FILED: _____                 DEPUTY CLERK

**AMENDED ANSWER**

    **NOW INTO COURT,** through undersigned counsel, come Buffman, Inc. d/b/a St.
Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel B. Mangano made
defendants herein, who supplement and amend their Answer to plaintiffs' Petition for
Damages by deleting, in its entirety, the Dilatory Exception of Prematurity contained
therein and by adding an eighth affirmative defense to read as follows:

**EIGHTH AFFIRMATIVE DEFENSE**

    To the extent that plaintiffs may prove at the trial of this matter any acts of
negligence which constitute medical malpractice or negligence in the care and
treatment of Agnes A. dePascual, and that such negligence caused or contributed to the
injuries sustained by the plaintiffs, defendants aver that such claims are subject to the
provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 *et seq* (the
MMA), and as a qualified healthcare provider under the MMA, Buffman, Inc. a/k/a St.
Rita's Nursing Home is entitled to the protections afforded therein, including a limitation
on its liability for such malpractice pursuant to the provisions of La. R.S. 40:1299.42.

    WHEREFORE, Buffman, Inc., Salvador A. Mangano, Sr. and Mabel B. Mangano
reaver all of their answers, defenses and peremptory exception as set forth in their
original Answer to plaintiffs' Petition for Damages and pray that their answers and
exception be deemed good and sufficient and that after due proceedings are had,

judgment be rendered in favor of these defendants and against the plaintiffs, dismissing the plaintiffs' claims with prejudice at plaintiffs' cost.

Respectfully submitted, this _____ day of June, 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:  985-898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this _____ day of June, 2006.

_____
SUSAN E. HENNING

A TRUE COPY
Lena R. Torres
CLERK OF COURT

JUN 21 2006

By_____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:   105-733                                    DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED:                                            /S/Elizabeth A. Ruiz
                                                  DEPUTY CLERK

**MOTION TO FILE AMENDED
ANSWER AND WITHDRAW
DILATORY EXCEPTION**

**NOW INTO COURT**, through undersigned counsel, come Buffman, Inc. d/b/a St.

Rita's Nursing Home, Salvador A. Mangano, Sr. and Mabel Mangano made defendants

herein who move this Honorable Court to permit them to withdraw their dilatory

exception of prematurity previously filed in connection with their answer to the petition in

this matter on the grounds that plaintiffs have submitted their claim to the Louisiana

Patients' Compensation Fund and the Louisiana Patients' Compensation Fund has

advised that the allegations contained in the complaint are not within the scope of

medical malpractice as defined in the Medical Malpractice Act (La. R.S. 40:1299.41 *et*

*seq*). Accordingly, defendants seek to amend their answer and delete their exception of

prematurity.

Respectfully submitted, this _____ day of June, 2006.

EMMETT, COBB, WAITS & HENNING

BY:   _____
      JAMES A. COBB, JR. (4213)
      SUSAN E. HENNING (8793)
      JOHN F. EMMETT (1861)
      LOUIS G. SPENCER (26520)
      1515 Poydras Street, Suite 1950
      New Orleans, Louisiana  70112
      Telephone:  504-581-1301
      Facsimile:   504-581-6020

Jeremy Goux, Esq. (25065)
Wynne, Goux & Lobello
417 N. Theard St.
Covington, Louisiana 70433
Telephone:   985-898-0504

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 2nd day of June, 2006.

SUSAN E. HENNING

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:   105-733                                         DIVISION "B"

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL, MARINA E. DEPASCUAL
DUSKIN, PAULA A. DEPASCUAL NEWMAN, CARLOS P. DEPASCUAL and MANUEL
R. DEPASCUAL, JR., individually and on behalf of the estate of,
AGNES A. DEPASCUAL

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, SR.
and MABEL B. MANGANO

FILED: _Jun 9, 2006_                              /S/Elizabeth A. Ruiz
                                                  DEPUTY CLERK

## ORDER

CONSIDERING THE FOREGOING Motion to Amend Answer and Withdraw

Dilatory Exception;

IT IS HEREBY ORDERED, that defendants, Buffman, Inc. d/b/a St. Rita's

Nursing Home, Salvador A. Mangano and Mabel Mangano's Motion to Amend Answer

and Motion to Withdraw Dilatory Exception are hereby GRANTED.

Chalmette, Louisiana this _19th_ day of _June_____, 2006.

                              /s/ Kirk A. Vaughn
                              JUDGE

A TRUE COPY
Lena R. Torres
CLERK OF COURT

JUN 21 2006

By_____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

3