## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELANIE PALMER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-7540** |
| | * | |
| **ENCOMPASS INSURANCE COMPANY and** | * | **SECT. K** |
| **APARICIO, WALKER & SEELING** | * | **MAG. 2** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APARCIO, WALKER & SEELING'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

Defendant Aparicio, Walker & Seeling ("AWS"), submits this Opposition to Plaintiff Melanie Palmer's ("Plaintiff") Motion to Remand. As shown below, this Court has subject matter jurisdiction over Plaintiff's claims against AWS based on based on federal question jurisdiction, diversity of citizenship, 28 U.S.C. § 1369 (the Multiparty, Multiforum Trial Jurisdiction Act, or MMTJA) and 28 U.S.C. 1441(e) supplemental jurisdiction.

In her Motion to Remand, Plaintiff contends that (1) AWS was not fraudulently joined, (2) Plaintiff's claims have not prescribed, (3) Plaintiff has asserted a reasonable basis for recovery against AWS, and (4) removal based on 28 U.S.C. § 1369 is inappropriate in this case. For the following reasons, Plaintiff's motion should be denied:

- All flood claims, including failure to procure flood insurance, fall under the purview of federal law notwithstanding judicial opinions to the contrary.

- Removal is proper because: 1) failure to procure flood insurance should be governed by (and preempted by) federal law and 2) if Plaintiffs' allegations are true, AWS is a fiscal agent of the federal government.

- Plaintiff has no cause of action against AWS; therefore, as a matter of law, AWS is improperly joined.

- Plaintiff's claims against AWS are perempted under La. R.S. § 9:5606.

- This Court has repeatedly held that Hurricane Katrina does satisfy the statutory definition of "accident" under 28 U.S.C. § 1369.

- This action and the *Abadie* federal court action arise from the same facts and circumstances; Thus, removal is authorized under 28 U.S.C. § 1441 (e)(1) supplemental jurisdiction.

For these reasons, AWS's removal of this action to this Court was appropriate.

Plaintiff's Motion to Remand should be denied.

## FACTS / PROCEDURAL HISTORY

This suit, filed in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana on August 28, 2006, arises out of Plaintiff's claims under their Encompass Insurance Company ("Encompass") homeowner's policy for losses allegedly caused by Hurricane Katrina. AWS, a local insurance agent, procured homeowner's insurance for Plaintiff through Encompass.[1] The Petition alleges that "Plaintiff's home and its contents were destroyed by the high wind storms from Hurricane Katrina."[2] The Petition further alleges that AWS's negligence and breach of duty caused Plaintiff to be deprived of proper insurance coverages.[3]

On August 28, 2006, this Court exercised its original subject matter jurisdiction over *Abadie, et al. v. Aegis Security Insurance Company*, et al., Civil Action No. 06-5164, Section K, Magistrate 2, Eastern District of Louisiana, a pending action which arose under the same accident or occurrence (i.e. Hurricane Katrina) as this suit. Accordingly, on October 6, 2006, AWS filed its Notice of Removal to this Court because removal is proper under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA") and 28 U.S.C. § 1441 (e)(1) supplemental jurisdiction.

---

[1] Petition, at ¶ 4.

[2] Petition, at ¶ 3.

[3] Petition, at ¶ 11.

On November 3, 2006, Plaintiff filed its Motion to Remand with this Court.

## LAW AND ARGUMENT

**I.**     **Notwithstanding Judicial Opinions to the Contrary, All Flood Claims, Including Failure to Procure Flood Insurance, Fall Under Purview Of Federal Law And Invoke Federal Question Jurisdiction.**

AWS acknowledges the District Court case law contrary to its position on procurement of insurance as a state issue but respectfully submits that the cases preceding this case have not focused on the decisive basis for conferring federal question jurisdiction.   This year, the Eastern District acknowledged that "the Fifth Circuit has not had the occasion to determine whether a state law tort claim for errors and omissions like Plaintiffs' claims would be considered 'handling' and the Fifth Circuit has not determined whether state law claims for improper 'procurement' would be preempted by the National Flood Insurance Act (NFIA)." Landry v. State Farm Fire & Cas. Co., No. 06-181 (Apr. 25, 2006) (ruling against federal jurisdiction but noting no decision from Fifth Circuit on this precise issue), *citing*, Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005) ("state law tort claims arising from claims handling by a WYO are preempted by federal law").

The cases examining the issue have generally held that when an insurance agent fails to procure flood insurance, the federal government lacks a financial stake to confer federal question jurisdiction.   However, as will be shown in this memorandum, whether the federal government has a financial stake should not be the dispositive issue and even if this Court finds that it is, the federal government has a huge financial stake in regulating the procurement of flood insurance policies.

The federal government enacted the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001 *et seq.*, in part, to ensure uniformity of flood protection.   The government controls

underwriting and procurement regulations and policies relative to flood insurance. It follows then that the case law governing procurement of flood insurance, which relies necessarily on the insurance agent learning, following, and executing those federal regulations, should be governed by a uniform body of federal law. The alleged failure of a "Write Your Own" (WYO) carrier to procure flood insurance in accordance with the federal guidelines should not be left to the individual decision of each trial court and ultimately each appellate court in each of the 50 states. Moreover, federal question jurisdiction exists because as a WYO carrier, AWS is a fiscal agent of the federal government. Therefore, AWS respectfully requests this Court to consider the removal/remand issue under the framework presented herein and to find that the Court should retain this matter under 28 U.S.C. § 1331 federal question jurisdiction.

## II. Removal Is Proper Because: (1) Failure to Procure Flood Insurance Should Be Governed By (and Perempted by) Federal Law And (2) If Plaintiff's Allegations Are True, AWS Is A Fiscal Agent of the Federal Government.

The NFIP is operated by the Federal Emergency Management Agency ("FEMA"), which has authority to regulate the participation of private companies in the NFIP, the terms on which flood insurance will be provided, and the manner in which claims are adjusted and paid. 42 U.S.C. §§ 4013(a), 4019, 4071, 4081. By FEMA regulation, all policies issued under the NFIP (whether by FEMA or by a WYO company) must be issued using the terms and conditions of the Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). In 2003, FEMA changed its regulations to provide explicitly that sales and administration of flood policies are subject to those regulations insofar as WYO carriers are involved. 44 C.F.R. Pt. 62, App. A, Art. I. The SFIP form itself is a regulation and is found in 44 C.F.R. Pt.61, App. A. The WYO companies are not authorized to vary or waive any of the SFIP terms and conditions without the express written consent of FEMA. 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). As a

matter of federal law, these terms and conditions govern the adjustment of all claims: "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the NFIP, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d).

WYO carriers are paid by FEMA for the services they provide in connection with the underwriting and sale of SFIPs and for the handling and defense of claims under the policy. *See* 44 C.F.R. Part 62, App. A, Art. III. WYO carriers, however, do not bear the risk of loss under the SFIPs. Rather, claims are paid with federal funds, and the federal government bears the risk of loss under the program. WYO carriers are fiscal agents of the United States, 42 U.S.C. § 4071(a)(I); 44 C.F.R. § 62.23(g), and payments on SFIP claims are a direct charge on the United States Treasury. *See,* Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005)("state law tort claims arising from claims handling by a WYO are preempted by federal law"); 42 U.S.C. § 4017(d)(I).

The NFIP's federal regulatory structure is not confined to the four corners of the SFIP, but extends into numerous other areas of the activities of WYO companies and their agents including sales, marketing, and procurement. *See* 44 C.F.R. Pt. 62, App. A art. I (stating that the Federal Insurance Administration ("FIA") "has promulgated regulations and guidance implementing the Act and the Write-Your-Own program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer [SFIPs], and has extensively regulated the participating companies' activities when selling or administering [SFIPs]"). By way of example, the Arrangement expressly directs that WYO companies "shall issue policies under the regulations prescribed by the Administrator in accordance with the Act,"

44 C.F.R. Pt. 62, App. A, art. II.D.2, and "shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA." Id. art. n.G.2.

Additionally, federal regulations direct WYO companies to "encourage [their] present property insurance policyholders to purchase flood insurance through the NFIP WYO program," 44 C.F.R. § 62.23(h)(1), and to comply with specified requirements regarding rating system procedures, transmission of premium payments, and the offering of premium payment plans. Id. § 62.23(h)(2), (3), (7).

Finally, in order to qualify for participation in the NFIP, WYO companies must "submit information concerning [their] plans for the WYO program including plans for the training and support of producers and staff [and] marketing plans and sales targets," 44 C.F.R. § 62.24(d), and WYO companies are required to submit to a federal review of their "claims, underwriting, customer service, marketing, and litigation activities" at least once every three years. 44 C.F.R. § 62.23(j)(2); 44 C.F.R. Pt. 62, App. B.

Plaintiff's claims would thus necessarily involve determining what SFIP coverage she could have purchased and the extent to which her alleged losses would have been covered under any such SFIP coverage. Moreover, the SFIP itself is "governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 et seq.), and Federal common law." 44 C.F.R. Part 61 App. A(1), art. IX; see also Wright v. Allstate Ins. Co., 415 F.3d at 390.

Moreover, one of Plaintiff's claims is premised on an alleged duty to provide certain kinds of advice with respect to policy options in connection with the sale of an SFIP by a WYO company. By federal statute, FEMA is charged with regulating the terms of participation in the WYO. 42 U.S.C. §§ 4071, 4081. FEMA regulates such participation through the "Arrangement"

between FEMA and WYO companies, 44 C.F.R. Pt. 62, App. A, as well as numerous regulations and directives. Any duties or conditions imposed on WYO companies as a result of participation in the NFIP could only be imposed as a matter of federal law. Accordingly, an essential element of Plaintiff's claims - the purported duty to advise as to additional coverage - requires construction of federal laws.

### A.   This Court May Exercise Supplemental Jurisdiction Over Any Remaining State Law Claims.

To the extent that any of Plaintiff's claims are not subject to federal jurisdiction under 28 U.S.C. §§ 1331 or 42 U.S.C. § 4072, this Court has jurisdiction over such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611 (2005). To find that claims are "so related" and "form part of the same case or controversy" for Section 1367 jurisdiction, the Court must determine whether the plaintiff's claims "derive from a common nucleus of operative fact." City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997). All Plaintiff's claims relate to insurance they allege they had or should have had for property allegedly destroyed as a result of Hurricane Katrina and thus "derive from a common nucleus of operative fact."

For all of these reasons, it is clear that Plaintiff's claims raise substantial federal questions. Removal is thus proper pursuant to 28 U.S.C. §§ 1331 or 42 U.S.C. § 4072.

### II.   Diversity Jurisdiction Exists Under 28 U.S.C. § 1332.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity as to all parties, and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

**A.    Plaintiff Has No Cause Of Action Against AWS; Therefore, As A Matter of Law, It is Improperly Joined.**

Encompass is a citizen of Illinois.[4]  Although both Plaintiff and AWS are citizens of Louisiana, AWS's citizenship does not defeat this Court's subject-matter jurisdiction because Plaintiff improperly joined AWS.[5]

The standard for determining when a defendant has been fraudulently joined was recently explained by the Fifth Circuit in Hornbuckle v. State Farm Lloyds[6]:

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant.  Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

"Under this standard, the Court must determine whether there is arguably a *reasonable* basis for predicting that state law might impose liability.  This means that there must be a

---

[4]     Petition, ¶ 1.

[5]     *See* Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006); Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004); *In re* Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); Burden v. General Dynamics Corp., 60 F.3d 213, 217-18 (5th Cir. 1995) (stating that improperly joined defendants "must be ignored for diversity jurisdiction"); Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 817 (5th Cir. 1993) (finding that because co-defendants "were improperly joined, ... their citizenship [was] to be disregarded for purposes of determining diversity jurisdiction").

[6]     385 F.3d 538, 545-56 (5th Cir. 2004).

reasonable possibility of recovery, not merely a *theoretical* one."[7]  Significantly, these rules have

been applied to instances of improper joinder of insurance agents and adjusters.[8]

There is no possibility that Plaintiff can obtain relief against AWS because they have not

stated and cannot state a claim against AWS under well-settled Louisiana law.  As supported by

the Fifth Circuit and several decisions of various sections of this Court, Plaintiff does not state a

cause of action against AWS, an insurance agent:

- Motor Ins. Co. v. Bud's Boat Rental, Inc.,[9] wherein the Fifth Circuit noted
  that "the client is himself considered responsible for adequately advising the
  agent of the coverage needed and for reading the clear provisions of the
  insurance policy."

- Ragas v. Tarleton,[10] wherein Judge Feldman held that defendant agent was
  fraudulently joined because the plaintiff, who did not allege that the agent
  exceeded his authority, personally bound himself, or made any
  misrepresentations, failed to state a claim against the agent;

- Davis v. Allstate,[11] wherein Judge Vance found that the plaintiff failed to
  state a cause of action against Allstate insurance agent because "Plaintiff does
  not cite, and the Court does not find, any case imposing a duty on an agent to

---

[7] Ross v. CitiFinancial, Inc., 344 F.3d 458, 462 (5th Cir.) cert. denied, 126 S. Ct. 335 (2005)
(emphasis in original, citations omitted); *see also* Smallwood, 385 F.3d at 573.

[8] *See e.g.*, Ragas v. Tarleton, 2006 WL 2925448 (Feldman, J.) (denying motion to remand where
agent improperly joined); Dobson v. Allstate, 2006 WL 2078423 (Vance, J.) (same); Cresson v. State
Farm Fire and Cas. Co., No. 06CV4763, 2006 WL 2912824 (E.D. La. Oct. 5, 2006) (McNamara, J.)
(same); Perez v. Metropolitan Prop. and Cas. Ins. Co., No. 06CV2574, 2006 WL 2178753 (E.D. La. July
28, 2006) (Lemelle, J.) (same); Edwards v. Allstate Prop. & Cas. Co., No. 04-2434, 2005 WL 221560
(E.D. La. Jan. 27, 2005) (Duval, J.) (finding adjuster was fraudulently joined where plaintiff failed to
establish reasonable basis of recovery); Kimball v. Modern Woodmen of Am., 939 F. Supp. 479 (M.D.
La. 1996) (Parker, J.) (holding that agent was fraudulently joined where plaintiff failed to establish
knowledge of falsity of representation).

[9] 917 F.2d 199, 205 (5th Cir. 1990).

[10] 06CV4137, 2006 WL 2925448, at * 3-4 (E.D. La. Oct. 10, 2006).

[11] 06CV1064, 2006 WL 2078243, at *10 (E.D. La. July 21, 2006).

spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage'';

- Dobson v. Allstate,[12] wherein Judge Vance found that even if the Court were to consider plaintiffs' assertion that the agent negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Plaintiffs did not file suit against [the agent] until December 21, 2005. Because the "alleged negligence should have been discovered by plaintiffs more than one year from the date on which they filed suit, their claims are preempted." Accordingly, the plaintiffs failed to state a cause of action against Allstate insurance agent because "Plaintiffs do not have a reasonable possibility of recovery against [agent]; he is therefore improperly joined"; and

- Wellmeyer v. Allstate,[13] wherein Judge Vance stated, "plaintiffs are chargeable with knowledge of the terms of their policy, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they held. Plaintiffs received their policies, and the terms of the coverage were clear. Plaintiffs could have verified or contradicted any representation about the terms of coverage by referring to the policies themselves."

- Parker v. Lexington Ins. Co.[14], Wherein Judge Zainey held that an agent had no duty to advise its client to purchase flood insurance with higher limits.

- Frischhertz v. Lexington Ins. Co.[15], Wherein Judge Barbier, citing Dobson, held that "no case imposes a duty on an agent to identify a cleint's needs and advise him whether he is underinsured or carries the correct type of coverage."

Based on Plaintiff's allegations in the Petition, there is no possibility that Plaintiff can obtain relief against AWS. Moreover, it is apparent the amount in controversy at issue in this case exceeds $75,000, exclusive of interest and costs. When a plaintiff's damages are insufficient for federal jurisdiction, in accordance with Louisiana Code of Civil Procedure article

---

[12]    06CV1064, 2006 WL 2078243, at *9 (E.D. La. July 21, 2006).

[13]    06CV1585, 2006 WL 2078423, at *11 (E.D. La. July 21, 2006).

[14]    06CV4156, 2006 WL 3328041, at * 9-10 (E.D. La. Nov. 15, 2006).

[15]    06CV5676, 2006 WL 3228385, at * 5-6 (E.D. La. Nov. 3, 2006).

893, a plaintiff is required to make such an allegation in the Petition.  Pursuant to Louisiana

Code of Civil Procedure article 893, as amended, Louisiana law now requires an allegation

regarding the amount of damages when necessary to establish the "lack of jurisdiction of federal

courts due to insufficiency of damages…"  La. Code Civ. Proc. art. 893 (in pertinent part); *see*

*also* Bruce v. Fisher, No. 06-0840 (W.D. La. July 13, 2006), 2006 WL 2505908.  "In other

words, the foregoing allegation is required *only* when the damages are insufficient to satisfy the

federal jurisdictional minimum." La. Code Civ. Proc. art. 893 (in pertinent part); *see also* Bruce

v. Fisher, No. 06-0840 (W.D. La. July 13, 2006), 2006 WL 2505908.  In the absence of such an

allegation, a plaintiff has "in effect conceded by their state court pleadings that the requisite

jurisdictional amount *is* in controversy.  This creates a 'strong presumption' in favor of

jurisdiction." Id. at *1.

  In Bruce v. Fisher, the plaintiff was involved in a car accident and sued the defendant in

state court.  The Bruce plaintiff did not allege that their damages were less than the jurisdictional

minimum.  The defendant removed the case to federal court and the Plaintiff filed a motion to

remand.  In denying the plaintiff's motion, the court found that because plaintiff did not allege

that their damages were less than the jurisdictional amount, as required by law, "it [was] 'facially

apparent' that the amount in controversy exceeded $75,000 at the time of removal." Id.  As such,

based on Plaintiff's allegations, it is apparent that the amount in controversy in this matter exceeds

$75,000 for diversity jurisdiction.  Accordingly, this Court has diversity jurisdiction and removal

is proper.

**B.** **Plaintiff's Claims Against AWS Are Perempted Under La. R.S. § 9:5
606.**

  Plaintiff's claim against AWS, an insurance agent, is perempted under La. R.S. § 9:5606.

Plaintiff cannot maintain a claim against AWS because any right to such claim no longer exists.

Louisiana Revised Statutes §9:5606 provides a one-year/three-year peremptive period for claims against insurance agents, which completely eliminates any right to a cause of action after the requisite time period.[16]  La. R.S. 9:5606(A), (D).  The statute provides, in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year* from the date of the alleged act, omission, or neglect, or *within one year* from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, *in all events such actions shall be filed at the latest within three years* from the date of the alleged act, omission, or neglect.

(emphasis added).  Because AWS is an insurance agency and sells insurance, the statute applies to AWS.[17]

The insurance policy in question was originally procured in March 2005[18], more than one year before the filing of this lawsuit.[19]   This action commenced the one-year peremptive period.[20]

---

[16]  Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) ("Peremption differs from prescription in several respects.  While prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation, peremption extinguishes or destroys the right"); *see also* Biggers v. Allstate Ins. Co., 886 So. 2d 1179, 1181 (La. App. 5th Cir. 2004) ("La. Civil Code Art. 3458 defines peremption as 'a period of time fixed by law for the existence of a right.'  Further, under that article 'unless timely exercised, the right is extinguished upon the expiration of the peremptive period.'"); Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000).

[17]  *See,* Klein v. Am. Life & Cas. Co., 858 So. 2d 527, 531 (La. App. 1st Cir. 2003) (concluding that "because the acts of an insurance agent are generally imputable to the insurer he represents," peremptive period applies to insurance agents); *see also Biggers,* 886 So. 2d at 1180-83 (holding that peremptive period applied to insured's suit against agent for failure to procure adequate coverage).

[18]  *See,* Encompass's Notice of Removal.

[19]  *See,* Rault v. Encompass., 06CV1734, 2006 WL 2078423, at *6 (E.D. La, July 21, 2006) (finding that "[t]he wrongful acts alleged against [the agent] occurred in 1989, when plaintiff [originally] purchased her policy"); Dobson, 2007 WL 2078423 at *8 (holding: "[s]ince it is the terms of the flood exclusion that would render [the agent's] alleged statement to plaintiffs about the terms of their policy

Accordingly, this suit filed on August 28, 2006, more than one year after procurement of the insurance policy, is perempted.    Most importantly, regardless of whether any policy renewals occurred after March 2005, Plaintiff's suit would not fall within the one year prescriptive period under well-settled Louisiana law.[21]

Plaintiff knew or should have known of their claim against AWS -- *i.e.*, that AWS was allegedly "negligent in failing to provide adequate insurance coverage to Plaintiff"[22] -- when Plaintiff purchased the insurance policy in March 2005.  Accordingly, Plaintiff knew or should have known the extent that her insurance policy covered various property damages at the time she purchased the policy.  Her claim at this late date is perempted.  Any claims against AWS became perempted in March 2006, one year after the policy was purchased.[23]

Plaintiff cannot avoid this result by claiming that they did not realize that her insurance policy did not cover property damages resulting from flood or winds or that AWS was negligent

---

inaccurate, his alleged misconduct occurred in 1991 when he sold plaintiffs the policy containing the flood exclusion); Cresson, 2006 WL 2912824 at *1-2 (holding that peremptive period began at time the claimant purchased her policy); Perez, 2006 WL 2178753 at *3 (same); Biggers, 886 So. 2d at 1183 (holding that peremptive period, applicable to insured's negligence suit against agent, began when plaintiff purchased policy).

[20]     Biggers, 886 So. 2d at 1183 (holding that peremptive period, applicable to insured's negligence suit against agent, began when plaintiff purchased policy).

[21]     *See, e.g.,* Bel, 845 So. 2d at 382 ("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); Biggers, 886 So. 2d at 1183 (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); Bordelon v. Indep. Order of Foresters, No. 05-2640, 2005 WL 3543815 (E.D. La. Oct. 4, 2005) (peremptive period began to run on day plaintiff was assisted in completing insurance application); Calvin v. Janbar Enters., Inc., 856 So. 2d 88 (La. App. 4th Cir. 2003) (peremptive period begins to run when policy is acquired).

[22]     Petition, at ¶ 11.

[23]     Biggers, *supra.*

in failing to provide adequate insurance coverage because the insurance policy itself was sufficient to put her on notice of these facts in March 2005. Further, Plaintiff can not claim that it filed this action within the three-year preemptive period allowed under §9:5606. Louisiana courts have long recognized that a prescriptive period begins to run "when a Petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a tort."[24]   A person is deemed to have constructive knowledge when a reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry."[25]

Moreover, under Louisiana law, insureds are deemed to have read and known the provisions of their insurance contracts.[26]   The insurance policy itself was sufficient to put Plaintiff on notice regarding any error or omission by AWS.  A reasonable person who read the policy's terms would be able to ascertain the coverage limits of the policy.

In sum, when the policy was procured in March 2005, Plaintiff had everything she needed to "excite attention" and put her on inquiry.  Because the policy expressly reveals any

---

[24]   *See e.g.*, Dobson, 2006 WL 2078423, at * 9 (stating that "[a] prescriptive or preemptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); *Campo v. Correa, M.D.*, 828 So. 2d 502, 510 (La. 2002).

[25]   *Id.* at 510-11.

[26]   *See,* T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc., 242 F.3d 667 (5th Cir. 2001) (stating that under Louisiana law, "an insured is presumed to know the provisions of his policy"); *Dobson*, 2006 WL 2078423 at *9 (stating that "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions"); McDermott Int'l, Inc. v. Industrial Risk Insurers, 01CV3027, 2003 WL 22928802 (E.D. La. Dec. 9, 2003); Stephens v. Audubon Ins. Co., 665 So. 2d 683, 686 (La. App. 2d Cir. 1995) (stating that "[a]n insured is presumed to know the provisions of his policy"); Matthews v. Business Men's Assurance Co. of America, 478 So. 2d 634, 637 (La. App. 2d Cir. 1985); Perkins v. Shelter Ins. Co., 540 So. 2d 488 (La. App 1st Cir. 1989).

alleged error or omission by AWS, Plaintiff was on actual or constructive notice of the purported

error or omission as of that date.[27]  Therefore, Plaintiff's claims are perempted because she filed

suit more than a year from the date she knew or should have known of her cause of action.[28]

Because Plaintiff's claims have plainly been perempted, the burden is on Plaintiff to

establish that AWS is not improperly joined.[29]  Plaintiff has not come forward with any solid

evidence to support her position.  Specifically, Plaintiff alleges that she filed suit within one year

of discovering AWS's alleged negligence.  This allegation is not enough to rebut the heavy

burden Louisiana courts have placed upon plaintiffs to establish a lack of improper joinder.  It is

clear that Plaintiff was put on adequate notice at the moment the policy was procured in March

2005.  Consequently, Plaintiff's claims are perempted because she filed suit more than a year

from the date it knew or should have known of its cause of action.

## III.  Subject Matter Jurisdiction Under 28 U.S.C. § 1369 is Appropriate Because Hurricane Katrina Meets the Statutory Definition of "Accident."

### A.  This Court has repeatedly held that Hurricane Katrina does satisfy the statutory definition of "accident" under 28 U.S.C. § 1369(c)(4).

Under 28 U.S.C. § 1369(c)(4), an "accident" is defined as "a sudden accident, or a natural

event culminating in an accident, that results in death incurred at a discrete location by at least 75

persons."

---

[27]    *See, e.g.,* McCord v. Minn. Mut. Life Ins. Co. 138 F. Supp. 2d 1180, 1189 (D. Minn. 2001) (under Louisiana law, "vanishing premium" claims were dismissed because policyholder should have known of conflict between policy terms and alleged misrepresentation made when he received the policy).

[28]    *See id.; see also* Simmons v. Templeton, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

[29]    Dauterive Contractors, Inc. v. Landry & Watkins, 811 So. 2d 1242, 1253 (La. App. 3d Cir. 2002).

In *Chehardy, et al. v. Louisiana Commissioner of Insurance, et al.,* Civil Action Nos. 06-1672, 06-1673 (Eastern District of Louisiana, following transfer from Middle District) this Court held that the levee breaches in New Orleans and the surrounding parishes caused by the forces of Hurricane Katrina satisfy this statutory definition of "accident" and that there is original subject matter jurisdiction over a civil action arising out of such an accident.

Furthermore, Judge Duval of the Eastern District recently held in remanding the case of *Flint v. Louisiana Farm Bureau Mutual Insurance Co.,* Civil Action No. 06-2546, Eastern District of Louisiana, that "Hurricane Katrina was the event that culminated in the levee break that caused at least 75 deaths at a discrete location." Thus, Judge Duval found that jurisdiction under 28 U.S.C. § 1369 "exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location."

Courts within this District have held on more than one occasion that Hurricane Katrina does satisfy the statutory definition of "accident" under 28 U.S.C. § 1369(c)(4). Accordingly, AWS respectfully suggests that this Court apply this same reasoning and retain its subject matter jurisdiction over this case.

## IV.    Federal Jurisdiction Exists Under 28 U.S.C. § 1441 (e)(1).

### A.   This action and the *Abadie* federal court action arise from the same facts and circumstances[30]; Thus, removal is authorized under 28 U.S.C. § 1441 (e)(1).

Under 28 U.S.C. § 1369, federal subject matter jurisdiction exists "over any civil

---

[30] This action arises under the same accident as does *Abadie* (i.e. Hurricane Katrina). In *Abadie,* the plaintiffs seek damages and declaratory relief for their losses allegedly caused by water entering the city of New Orleans and its surrounding parishes from levee breaches along the canals which occurred after Hurricane Katrina. Among the various theories of recovery invoked by the plaintiffs are breach of contract, breach of implied covenant of good faith and fair dealing, inappropriate insurance adjusting practices, breach of fiduciary duty and violation of the Louisiana Valued Policy Law, La.R.S. 22:695(A).

action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location" if any one of three statutory criteria are-met. In *Abadie*[31], two of these criteria are clearly met. Some of the defendants reside in states different from the state where "a substantial part of the accident took place" and "any two defendants reside in different states." Further, "minimal diversity" exists in *Abadie* under 28 U.S.C. § 1369 (c)(1) because the plaintiffs are Louisiana citizens and "any adverse party is a citizen of another

state. Therefore, this Court was correct in exercising its original subject matter jurisdiction over *Abadie*.

In pertinent part, 28 U.S.C. § 1441(e)(1) (another part of the MMJTA) reads:

> Notwithstanding the provisions of subsection (b) of this section, a defendant in civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if –
>
> ***
>
> (B) the defendant is a party to an action which is or could have been brought in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court in as an original matter.
>
> The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which defendant first becomes a party to an action under section 1369 in a Unites States district court that arises from the same accident as the action in the State court, or at a later time with leave of the district court.

The action in *Abadie* **"could have been brought"** under the provisions of 28 U.S.C. §

1369. This action arises from the same accident as does *Abadie*. As a result, this Court has

---

[31] The ground of subject matter jurisdiction stated in the original complaint by the plaintiffs in *Abadie* is 28 U.S.C. § 1332(d), the so-called Class Action Fairness Act, or CAFA. However, their action could also have been brought under 28 U.S.C. § 1369.

supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1).  Under this provision,

AWS has a right to remove this case to federal court.

Furthermore, the lánguage of 28 U.S.C. § 1441(e)(1)(B) is consistent with the purposes

of the MMJTA.  One of the primary objectives of the MMTJA was to identify a federal forum in

which claims arising from the same accident as defined by the statute could be aggregated for

efficient resolution.  *See Wallace v. Louisiana Citizens Property Insurance Corporation*, 444

F.3d 697 (5th Cir. 2006); *Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I. 2004).  An early House

Report explained the logic of the proposed legislation:

> Current efforts to consolidate all state and federal cases related to a common
> disaster are incomplete because current federal statutes restrict the ways in which
> consolidation can occur- apparently without intention to limit consolidation.  For
> example, plaintiffs.who reside in the same state as any one of the defendants can't
> file their cases in federal court because of a lack of complete diversity or
> citizenship, even if al parties to the lawsuit want the case consolidated.  For those
> cases that can't be brought into the federal system, no legal mechanism exists by
> which they can be consolidated, as state courts can't transfer cases across state
> lines.  In sum, full consolidation can't occur in the absence of federal legislative
> address.
>
> . . .
>
> As this report makes clear, the MMTJA was designed to ameliorate the
> restrictions on the exercise of federal jurisdiction that ultimately forced parties in
> multiple suits arising from the same disaster to litigate in several fora.   To
> hamstring the removal statute by misapplying the abstention provisions would
> undercut the MMTJA's ultimate goal of consolidation.

H.R.REP. NO. 106-276, at 7 (1999).

Furthermore, neither jurisdictional requirements of 28 U.S.C. § 1369 nor its abstention

provisions apply to a case removed under 28 U.S.C. § 1441(e)(1).  *Wallace*, 444 F.3d 697 at 702.

In *Wallace*, the Fifth Circuit found that § 1441(e)(1) permits removal in situations where

original subject matter jurisdiction does not exist and that the provision establishes subject matter

jurisdiction over the *Wallace* action, piggy-backing jurisdiction on the district court's original

jurisdiction under § 1369(a) over the pending *Chehardy* action, which involved the same questions of law and fact (i.e. Hurricane Katrina litigation). The Fifth Circuit further held that when the requirements of § 1441 (e)(1)(B) are met, a defendant need not establish the existence of independent subject matter jurisdiction.

Similar to *Wallace*, *Abadie* involves the same questions of law and fact as does *Chedardy*. Thus, federal subject matter jurisdiction over *Abadie* exists just as it did in *Wallace*. Accordingly, this Court should apply Fifth Circuit's reasoning in *Wallace* and hold that the removal provisions of § 1441(e)(1) are applicable to this case: AWS need not establish the existence of independent subject matter jurisdiction.

Aggregation of this action with the claims of *Abadie* is appropriate because both actions rest on the same facts (wind force and levee braches in New Orleans and surrounding parishes), implicate the same legal issues (insurance coverage disputes over "wind versus water causation") and invoke the same legal theories (the Louisiana valued Policy Law, breaches of fiduciary duty, good faith, and fair dealing).

The fact that some of the defendants in this action are alleged to be Louisiana citizens and that this action was initiated in a Louisiana state court is not a bar to removal. **The prohibition against removal of an action in which there are forum-state defendants is contained in 28 U.S.C. § 1441(b), and 28 U.S.C. § 1441(e)(1) is specifically exempts a removal such as this one from that requirement by the introductory clause, [n]otwithstanding the provisions of subsection (b) of this section."** For the same reason, the concurrence of the other defendants in this removal is not required.

Moreover, the fact that plaintiffs in this removed action and some of the defendants are all alleged to be Louisiana citizens is also not a bar to removal. The Court's subject mater

jurisdiction is the special supplemental jurisdiction granted under 28 U.S.C. § 1441(e)(1), which exists even over an action as this one which **"could not have been brought in a district court as an original matter" when the Court is exercising original jurisdiction over a case such as** *Abadie* **which "could have been brought under"** 28 U.S.C. § 1369. *Wallace*, 444 F.3d 697 at 699.

<h3 style="text-align:center"><u>CONCLUSION</u></h3>

This case invokes questions of federal law which invoke this Court's federal question subject matter jurisdiction. All flood claims, including failure to procure flood insurance, fall under purview of federal law and invoke federal question jurisdiction. Removal is proper in this case because: (1) failure to procure flood insurance should be governed by (and preempted by) federal law and (2) if Plaintiff's allegations are true, AWS is a fiscal agent of the federal government.

Moreover, this Court has diversity jurisdiction over this case and must ignore AWS's citizenship for diversity purposes. Plaintiff's claims against AWS have been preempted and Plaintiff has no cause of action against AWS. This Court has held on more than one occasion that Hurricane Katrina does satisfy the statutory definition of "accident" under 28 U.S.C. § 1369(c)(4).

Finally, the action in *Abadie* "could have been brought" under the provisions of 28 U.S.C. § 1369. Because this action arises from the same accident as does *Abadie*, supplemental jurisdiction under 28 U.S.C. § 1441(e)(1) is proper. In any event, penalties and attorney fees are not appropriate because: 1) the Fifth Circuit and/or the Louisiana Supreme Court has not issued a ruling on point and 2) AWS has submitted a good faith theory of federal jurisdiction which

would expound upon the existing law.  Plaintiff's Motion to Remand should be denied in its entirety.

Respectfully submitted:

UNGARINO & ECKERT, LLC

WILLIAM H. ECKERT #18591 – T.A.
DAVID I. BORDELON #16815
3850 N. Causeway Blvd. – Suite 1280
Metairie, Louisiana  70002
Telephone:     (504) 836-7556
Fax:             (504) 836-7566
E-mail:  beckert@ungarino-eckert.com

---

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, properly addressed and first class postage prepaid and/or via facsimile or email, on November 28, 2006.