UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA LEVEE BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION NO.: 05-4182

SECTION:  "K"(2)

PERTAINS TO:

INSURANCE:  *Aaron*, 06-4746

JUDGE:  DUVAL

MAGISTRATE:  WILKINSON

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON BEHALF OF REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND REPUBLIC LLOYDS

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    The Complaint Fails To Meet The Notice Requirements of Rule 8(a). . . . . . . . . . 3

        A.    The Complaint Fails To State A Claim By Any Single Plaintiff
               Against Any Of The RFCIC Or RL Defendants. . . . . . . . . . . . . . . . . . . . . 4

        B.    None Of The Separate Counts States A Cause of Action. . . . . . . . . . . . . . 6

               1.    The Breach-Of-Contract Claim Must Be Dismissed Because No
                     Plaintiff Alleges An Insurance Contract With RFCIC Or RL. . . . . 6

               2.    No Plaintiff States A Claim That RFCIC Or RL Acted Arbitrarily,
                     Capriciously, Or Without Probable Cause In Violation Of Section
                     658. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

               3.    No Plaintiff States A Claim Against RFCIC Or RL For Breach Of
                     Duty Under Section 1220. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               4.    No Plaintiff States A Claim Against RFCIC Or RL Under The
                     Provisions Of Section 658.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

               5.    No Plaintiff States A Claim Against RFCIC Or RL For Failure To
                     Tender Fair And Adequate Payment For Casualty Losses. . . . . . .10

               6.    No Plaintiff States A Claim Against RFCIC Or RL For Bad Faith
                     Adjusting Practices. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

               7.    No Plaintiff States A Claim Against RFCIC Or RL For Failure To
                     Comply With Louisiana's Valued Policy Law. . . . . . . . . . . . . . .13

    III.    Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

i

# TABLE OF AUTHORITIES

<u>Page</u>

**CASES:**

*Arikat v. JP Morgan Chase & Co.,*
  430 F. Supp. 2d 1013 (N.D. Cal. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Beanal v. Freeport-McMoran, Inc.,*
  197 F.3d 161 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*passim*

*CCBN.com, Inc. v. Thomson Fin., Inc.*
  270 F. Supp. 2d 146 (D. Mass. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chauvin v. State Farm Fire & Cas. Co.,*
  450 F. Supp. 2d 660 (E.D.La. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clausen v. Fid. & Deposit Co. of Md.,*
  660 So.2d 83 (La. Ct. App. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Collins v. Morgan Stanley Dean Witter,*
  224 F.3d 496 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Conley v. Gibson,*
  355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Dura Pharms., Inc. v. Broudo,*
  544 U.S. 336 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Edwards v. Allstate Prop. & Cas. Ins. Co.,*
  No. 04-2434, 2005 WL 221558 (E.D.La. Jan. 27, 2005). . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

*Fernandez-Montes v. Allied Pilots Ass'n,*
  987 F.2d 278 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Filson v. Windsor Court Hotel,*
  907 So.2d 723 (La. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gen. Elec. Capital Corp. v. Se. Health Care Inc.,*
  950 F.2d 944 (5th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Graham v. Milky Way Barge, Inc.*
  824 F.2d 376 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hopkins v. Saunders,*
    199 F.3d 968 (8th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 9

*In re Consol. Cos.,*
    185 B.R. 223 (E.D.La. 1995), *aff'd* 106 F.3d 396 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . 14

*Kyle v. Morton High School,*
    144 F.3d 448 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Lumber Prods., Inc. v. Hiriart,*
    255 So.2d 783 (La. Ct. App. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mathew v. Kilroe,*
    170 F. Supp. 416 (S.D.N.Y. 1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Munz v. Parr,*
    758 F.2d 1254 (8th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Phillips v. Patterson Ins. Co.,*
    813 So.2d 1191 (La. Ct. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Randall v. Lloyd's Underwriter's at London,*
    602 So.2d 790 (La. Ct. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Real Asset Mgmt. v. Lloyd's of London,*
    61 F.3d 1223 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Reinholdson v. Minnesota,*
    No. Civ. 011650, 2002 WL 32658480 (D. Minn. Nov. 21, 2002). . . . . . . . . . . . . . . . . . . 4

*Riley v. Transamerica Ins. Group,*
    923 F. Supp. 882 (E.D.La. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8, 13

*Rios v. City of Del Rio, Tex.,*
    444 F.3d 417 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 9

*United States v. Bonanno Organized Crime Family of LA Cosa Nostra,*
    683 F. Supp. 1411 (E.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Yucyco, Ltd. v. Republic of Slovenia,*
    984 F. Supp. 209 (S.D.N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**STATUTES:**

FED.R.CIV.P. 11(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

FED.R.CIV.P. 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LSA-CC. ARTICLE 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

LSA-CC. ARTICLE 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

LSA-R.S. § 22:1220. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8, 9

LSA-R.S. § 22:658. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

LSA-R.S. § 22:658.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

LSA-R.S. § 22:695. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 13, 14

**OTHER AUTHORITY:**

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1248
   (3d ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## PRELIMINARY STATEMENT

Republic Fire And Casualty Insurance Company ("RFCIC") and Republic Lloyds ("RL") submit this Memorandum in Support of Motion for Judgment on the Pleadings and seek dismissal of the *Complaint for Damages* and *First Supplemental and Amended Complaint* (collectively, "the Complaint") under Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

In this case, more than 1,850 separate plaintiffs ("Plaintiffs") purport to bring claims against more than 100 separate insurance companies. The Complaint purports to assert eight separate causes of action, each apparently brought against each of the defendant insurance companies, producing a staggering 1,480,000 or more nominal causes of action. Despite this complexity, Plaintiffs base their claims on only a handful of general facts—indeed, the factual allegations are so sparse that they fail to provide any defendant with proper notice, even under the notice-pleading standards of Rule 8(a). Most significantly, Plaintiffs fail to allege facts linking any claim by an individual Plaintiff to an individual defendant—and this despite the fact that each of the eight causes of action necessarily arises from individual contractual relationships between one Plaintiff and one-and only one—defendant. Plaintiffs fail to indicate which Plaintiffs have insurance policies from which carrier, what type of policy or policies any Plaintiff had, whether a Plaintiff is claiming a "total loss" or insufficient payment for repairs, or the circumstances surrounding even one occurrence of allegedly improper claims handling by any one defendant. The U.S. Fifth Circuit has instructed that such a complaint, "which contains [ ] 'bare bones' allegation[s] that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) (affirming motion to dismiss). Accordingly, judgment should be

granted on the pleadings and the Complaint should be dismissed as to RFCIC and RL for failure to state a claim upon which relief may be granted.

## BACKGROUND

The facts alleged by Plaintiffs are few and general.  Plaintiffs simply allege that they all owned property in southeastern Louisiana and that the defendant companies "all issued policies of homeowners' property, commercial, business, rental and/or flood insurance covering plaintiffs' property." Compl. ¶ 7.  There is no allegation, however, about which insurer or what type of policy allegedly insured any—let alone each—Plaintiff.  Plaintiffs allege that "a significant number of the claims are made under the National Flood Insurance Program," *id*. ¶ 5, but provide no further information.  Plaintiffs allege that all of the policies "provided coverage for losses and damages sustained by plaintiffs," *id*. ¶ 11, and that "[a]s a result of the hurricane force winds and [the] consequent failure of levees, [their] properties were severely damaged and/or destroyed," *id*. ¶ 9; there is no allegation, however, about whether a Plaintiff seeks coverage for water damage, wind damage, or some other type of damage.  Plaintiffs also allege that the defendants failed to honor the terms of the policies by "tender[ing] insufficient and untimely payments" that did not adequately cover the cost of repairs and damages, *id*. ¶¶ 14-15, but Plaintiffs make no effort whatsoever to allege what circumstances they claim made any payment either insufficient or untimely.

## ARGUMENT

**I.     The Complaint Fails To Meet The Notice Requirements of Rule 8(a)**

The Complaint fails to state a claim against RFCIC or RL because it does not provide even the most basic notice as to any single Plaintiff's claim against RFCIC or RL.  Although the notice-pleading regime of the Federal Rules of Civil Procedure does not require detailed pleading of fact, it does require sufficient factual development of a claim to provide a defendant with notice.  As the United States Supreme Court explained last year, "the 'short and plain statement' [required by Rule 8(a)(2)] must provide the defendant with 'fair notice of what the plaintiff's claim is *and the grounds upon which it rests*.'"  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005), *quoting Conley v. Gibson*, 344 U.S. 41, 47 (1957) (emphasis added) (finding complaint legally insufficient for failing "this simple test").  The Fifth Circuit has made clear that a complaint that "contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury[ ] does not provide adequate notice."  *Beanal*, 197 F.3d at 164 (requiring notice of the circumstances that give rise to "the claim").

Importantly, the requisite notice comes from factual allegations, not from the legal theories asserted.  "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006), *quoting Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993), *cert. denied*, 127 S. Ct. 181 (2006).[1]

---

[1] *See also Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ("'[I]t is the facts well pleaded, not the theory of recovery or legal conclusions,' that state a cause of action and put a party on notice."; *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) ("For fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim.") (quotation marks omitted); *id.* at 456 ("[T]he law reporters are brimming with instances where a complaint failed to state a claim because of the lack of fair notice of the operative facts or the gravamen of the statement for relief.").

**A.     The Complaint Fails To State A Claim By Any Single Plaintiff Against RFCIC or RL**

The Complaint fails to meet Rule 8(a)'s standard.  One of several significant flaws is its failure to link any claim by an individual Plaintiff to a particular defendant, a failing that deprives each defendant of the required notice.  This defect is especially troubling because this case involves multiple claims, more than 1,800 individual plaintiffs, and more than 100 separate defendants.  *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1248 (3d ed. 2004) ("Complaints involving multiple claims and parties often pose special pleadings problems because of their inherent complexity.").  As one court explained, Rule 8(a) "requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants." *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 219 (S.D.N.Y. 1997) (quotation marks omitted).[2]  Courts have long held that a complaint's failure to clearly delineate which plaintiff asserts which claims(s) against which defendant warrants dismissal.  *See, e.g. Mathew v. Kilroe*, 170 F.Supp. 416, 417 (S.D.N.Y. 1959) (granting dismissal of a claim because "[i]t is impossible to know from the complaint exactly what wrong is alleged to which defendant").[3]

---

[2] *See also Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1010, 1020 (N.D. Cal. 2006) ("[P]laintiffs' allegations are insufficient in that they are ascribed to defendants collectively rather than to individual defendants."); *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F. Supp. 1411, 1429 (E.D.N.Y. 1988) (describing "Rule 8's requirement that actions brought against multiple defendants must clearly specify the claims with which each particular defendant is charged") (quotation marks omitted), *aff'd*, 879 F.2d 20 (2d Cir. 1989).

[3] *See al Yucyco*, 984 F. Supp. At 219 (dismissing for failure to "articulate[ ] claims specific to this defendant"); *Reinholdson v. Minnesota*, No. Civ. 011650, 2002 WL 32658480, at *2-3 (D. Minn. Nov. 21, 2002) (dismissing complaint for failing to comply with Rules 8 and Rule 10(b) and stating, "One of the difficulties in this case is that the Second Amended Complaint fails to articulate which Plaintiff is suing which Defendant for what cause of action. These failure are compounded by the fact that there are not only multiple Defendants, there are multiple Plaintiffs. . . . Plaintiffs and Defendants are referred to in the plural, with no distinctions as to which Plaintiff makes what claim against which Defendant.").

Moreover, there is no basis for Plaintiffs' failure to state their claims directly against a defendant.  Each claim is an individual one because it is based either on an insurance contract between one insured and one insurer or on a statutory duty arising out of that insurance relationship.  In other words, each Plaintiff has claims against only his or her insurance company, not against each defendant insurance company, a point Plaintiffs themselves recognize by referring to their "respective" insurers.  Compl. ¶¶ 12, 13.  This is not a case where a plaintiff might not be able to determine which defendant is the proper subject of a given claim, as in a tort case with two potential causes; to the contrary, because the claims all flow from alleged insurance contracts, each Plaintiff should easily be able to identify the insurance company against which a given claim is brought.

The failure to allege basic facts about the policy under which a claim is made deprives RFCIC and RL of fair notice and creates significant practical problems.  Even if RFCIC and RL were to search their records to determine which, if any, of the more than 1,850 Plaintiffs had policies with them on August 29, 2005, they still would not gain sufficient information to reveal what claims any individual Plaintiff actually intends to assert.[4]  For example, many Plaintiffs have common names, which render searches by name ineffective.  Indeed, the Complaint includes two Meredith Williams, Compl. pp. 13, 14, and both a Willie Smith and a Willie Lee Smith, Compl. p. 11.  Moreover, a given Plaintiff might have more than one policy, such as a commercial policy on one property and a homeowner's policy on another, but on the sparse facts alleged by the Complaint, there is no way of knowing which Plaintiff is suing which defendant under which insurance policy or policies.

---

[4] Moreover, the burden of uncovering this information falls on Plaintiffs under Rule 11, which requires that a plaintiff make an "inquiry reasonable under the circumstances" *before* filing a complaint.  FED.R.CIV.P. 11(b).  "Having made this inquiry, it is hardly burdensome to require the plaintiff to share his conclusion with the court and the defendants."  *Kyle*, 144 F.3d at 457 n.4 (addressing the fair-notice requirement).

The Complaint also fails to link individual Plaintiffs to particular claims. Because, for example, no details are provided about the extent of damage a given Plaintiff suffered, it is unclear whether any Plaintiff suffered a "total loss" and is making a claim under Louisiana's Valued Policy Law ("VPL"), LSA-R.S. § 22:695, or some lesser loss and is making a claim for cost of repair. The Complaint similarly fails to allege which Plaintiffs are bringing claims for refusal to pay for mold damage, *id.* ¶ 18(3), or which Plaintiffs claim they were improperly advised about available coverages, *id.* ¶ 18(1).

**B.      None Of The Separate Counts States A Cause of Action**

The absence of factual allegations also demonstrates that none of the causes of action states a claim upon which relief can be granted.[5]

**1.      The Breach-Of-Contract Claim Must Be Dismissed Because No Plaintiff Alleges An Insurance contract With RFCIC or RL**

Plaintiffs fail to allege sufficient facts to assert a breach of contract action against RFCIC and RL. In order to allege a breach of contract, an insured must allege the existence of a valid contract. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000). Contracts do not exist independent of contracting parties. A plaintiff must allege that a valid contract existed *between the plaintiff and the defendant*—yet no individual Plaintiff has alleged the existence of a contract with RFCIC or RL. *See, e.g., Randall v. Lloyd's Underwriter's at London*, 602 So. 2d 790, 791 (La.Ct.App. 1992) ("It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be

---

[5] In addition to the seven causes of action specifically listed in Paragraph 25 of the Complaint, Compl. ¶ 25(1)-(7), and the reference to violations of the VPL, *id.* ¶ 19, the Complaint makes a passing reference to "negligence" and to "violations of multiple state and Federal statutes," *id.* ¶ 16, and it purports to reserve the right to assert "[o]ther causes of action that will be determined at trial," *id.* ¶ 25(8). Facts, however, not theories of recovery, are necessary to provide notice, *Hopkins*, 199 F.3d at 973, and the Complaint alleges no circumstances that address negligence (an inherently fact-intensive cause of action) or provide any warning about what other violations the plaintiffs might have in mind. To the extent these passing references are an attempt to state a claim, they present only "legal conclusions masquerading as factual conclusions" and thus "will not suffice to prevent a motion to dismiss." *Rios*, 444 F.3d at 421 (quoting *Fernandez-Montes*, 987 F.2d at 284).

maintained against a party by an individual who is not a party thereto.").[6]   No Plaintiff has alleged an insurance contract with RFCIC or RL; accordingly, the Complaint fails to state a claim for breach of contract against RFCIC or RL.  *See Beanal*, 197 F. 3d at 164.

### 2. No Plaintiff States A Claim That RFCIC or RL Acted Arbitrarily, Capriciously, Or Without Probable Cause In Violation Of Section 658

Section 658 requires insurers to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss," to "initiate loss adjustment of a property damage claim" within a prescribed period after notification of loss (the duration of which depends on whether the loss is "catastrophic"), and to "make a written offer to settle any property damage claim . . . within thirty days after receipt of satisfactory proofs of loss."  LSA-R.S. § 22:658(A).  It also provides that failure to make such a payment or written offer to settle, "when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty." LSA-R.S. § 22:658(B)(1).

As an initial matter, the penalties authorized by § 658 "do not stand alone," and with "no underlying breach of contract on [an] insurance policy, [a plaintiff] has no claims for penalties under La. R.S. 12:[1]220 and 22:658."  *Edwards v. Allstate Prop. & Cas. Ins. Co.*, No Civ. A. 04-2434, 2005 WL 221558, at *3 (E.D.La. Jan. 27, 2005); *see also Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. Ct. App. 2002); *Riley*, 923 F. Supp. at 888.  Because no plaintiff states a valid breach-of-contract claim, no plaintiff has alleged a valid claim under § 658. *Edwards*, 2005 WL 221558, at *3.

Moreover, Plaintiffs' claims under § 658 fail because they are based solely on the bald assertion that the "[d]efendants' failure to pay and/or timely initiate good faith loss adjustment

---

[6] *See also Lumber Prods., Inc. v. Hiriart*, 255 So. 2d 783, 787 (La.Ct.App. 1972) (same); *Riley v. Transamerica Ins. Group*, 923 F. Supp. 882, 887 (E.D.La. 1996) (holding that a non-party to an insurance contract cannot state a claim against an insurer for breach of contract).

was arbitrary, capricious and without probable cause and is in bad faith."  Compl. ¶21.  But even if each of the more than 100 defendants had failed to meet § 658's time limits for each of the more than 1,850 Plaintiffs, the Complaint is devoid of any factual allegations about the circumstances of these alleged failures; it contains no allegations that could be construed to amount to a failure that was "arbitrary, capricious, or without probable cause," as required by the statute.  LSA-R.S. § 22:658(B)(1).  Simply stating a legal conclusion that the failure was arbitrary and parroting back the statutory language without providing any factual allegations in support is insufficient to state a claim.  *Beanal*, 197 F.3d at 165 (rejecting conclusory allegations); *Munz v. Parr*, 758 F.2d 1254, 1259 (8th Cir. 1985) (affirming dismissal of certain defendants where the plaintiff made "conclusory statement" that "merely parrot[ed]" the legal standard); *CCBN.com, Inc. v. Thomson Fin., Inc.,* 270 F. Supp. 2d 146. 154 (D. Mass. 2003) (dismissing claim where the complaint did "nothing more than parrot the second element" of the claim).

### 3.    No Plaintiff States A Claim Against RFCIC Or RL For Breach Of Duty Under Section 1220

Section 1220 imposes on insurers a "duty of good faith and fair dealing" and " an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims," LSA-R.S. § 22:1220(A).  It also lists six acts that, "if knowingly committed or performed by an insurer, constitute[ ] a breach" of those duties, LSA-R.S. § 22:1220(B).  Like their claims under § 658, Plaintiffs' claims based on alleged violations of § 1220 fail because they have not alleged a valid claim for breach of an insurance contract.  *See Edwards*, 2005 WL 221558, at *3; *Phillips*, 813 So. 2d at 1195; *Riley*, 923 F. Supp. at 888.

Plaintiffs' allegation that the defendants breached "their duty to act reasonably and fairly under La. R.S. 22:1220," Compl. ¶ 25(4), fails for the additional reason that there are no adequate

supporting factual allegations.   Determining whether actions were reasonable or fair requires some information about the actions that were taken and the surrounding circumstances.   The closest Plaintiffs come to providing any necessary context, however, is to allege that the defendants violated those duties

> by one of the following acts or omissions:   (a) [k]nowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue; (b) [a]rbitrarily, capriciously and without probable cause failing to pay the amount of claim due within sixty (60) days after receipt of satisfactory proof of loss; and (c) [a]djusting claims in violation of La. R.S. 22:258.2.

Compl. ¶ 23.  The way this allegation is phrased highlights the lack of notice permeating the Complaint; it accuses the defendants collectively of "*one* of the following acts or omissions," *id*. (emphasis added), without providing any factual allegations about even a single instance of one of the listed acts or omissions—let alone notifying individual defendants of what they are alleged to have done.   The above-quoted allegation about these potential acts or omissions asserts no facts; it is simply a legally insufficient, conclusory repetition of the statutory language of § 22:1220(B)(1), (5), and (6).   *See Rios*, 444 F.3d at 421; *Munz*, 758 F.2d at 1259; *Beanal*, 197 F.3d at 164; *Hopkins*, 199 F.3d at 973.

Rather than remedying the recurring problem of conclusory allegations masquerading as factual allegations, Plaintiffs instead abstract even further and allege even more generically that the defendants also committed a "[b]reach of duty under La. R.S. 22:1220."  Compl. ¶ 25(5). This claim fails for the same reasons as its predecessor; no factual allegations show how any defendant failed to fulfill a duty imposed by § 1220.

### 4.    No Plaintiff States A Claim Against RFCIC Or RL Under The Provision Of Section 658.2

Section 658.2 contains four provisions that govern claims involving immoveable property:  an insurer cannot determine whether a loss is covered by homeowner's insurance by

"us[ing], the floodwater mark on a covered structure without considering other evidence," LSA-R.S. § 22:658.2(A)(1); an insurer cannot determine whether a loss is covered by homeowner's insurance by "us[ing] the fact a home is removed or displaced from its foundation without considering other evidence," LSA-R.S. § 22:658.2(A)(2); the burden is on the insurer to establish an exclusion under the policy, LSA-R.S. § 22:658.2(B); and any clause that attempts to alter that burden is null and void, LSA-R.S. § 22:658.2(C).

Plaintiffs' attempt to state a cause of action for "adjust[ment of] claims in violation of La. R.S. 22:658.2," Compl. ¶ 23(c), also fails. Section 658.2 does not provide an independent basis for liability. Rather, it imposes liability pursuant to § 1220, and thus applies only when the requirements of § 1220 are met. *See* LSA-R.S. § 22.658.2(D). As described above, no Plaintiff has alleged a valid § 1220 claim.

Moreover, Plaintiffs fail to allege facts providing notice as to why or how § 658.2 could apply to RFCIC or RL. The Complaint alleges no facts that intimate how even a single defendant violated any of § 658.2's provisions. No allegation identifies which Plaintiffs have homeowner's insurance. No allegation asserts that any one insurer (let alone each and every insurer) relied exclusively on floodwater marks. No allegation asserts that the home of any Plaintiff was removed or displaced from its foundation, nor that any insurer relied exclusively on that fact. No allegation asserts that any insurer attempted to shift the burden of proof as to excluded perils. And no allegation asserts that any policy contained language attempting to shift this statutory burden. Plaintiffs, thus, have failed to state a claim under § 658.2.

### 5.    No Plaintiff States A Claim Against RFCIC Or RL For Failure To Tender Fair And Adequate Payment For Casualty Losses

Plaintiffs claim that the defendants also failed "to tender fair and adequate payment for casualty losses." Compl. ¶ 25(6). As a preliminary matter, it is unclear how this claim is any

different from Plaintiffs' legally deficient breach-of-contract claim.  There is no way to judge whether a payment is "fair and adequate" independent of the terms of the insurance policy; whether, for example, any particular type of payment is even potentially due a Plaintiff depends on whether the policy covers the loss at issue.  Since no Plaintiff provided any information showing the existence of a valid insurance contract with any individual defendant, it follows that no Plaintiff can show that any given payment was inadequate under the terms of a policy.

In addition, even if this were a valid, separate cause of action, Plaintiffs fail to allege any facts supporting a claim that payments were unfair or inadequate.  In making allegations apparently related to this claim, Plaintiffs blur together collective allegations against all the defendants, alleging the tender of "insufficient and untimely" payments that did not include the full costs of repair, such as "post-Katrina unit cost, labor cost and material cost, overhead and profit for the contractor hired to do repairs, adequate compensation for the loss of contents and additional living expenses, business interruption, business loss, loss of income, profits, rental income and other recoverable items to be shown at trial."  Compl. ¶ 14.  These allegations, however, simply state a legal conclusion, namely that Plaintiffs are entitled to certain costs; they do not set out any *facts* that support a claim for the costs.  The Complaint does not, for example, allege that even one Plaintiff incurred any repair costs of any sort—let alone costs in excess of a coverage payment.

In *Edwards*, a single plaintiff made "conclusory and expansive allegations that a contractor['s] overhead and profit costs are paid whenever damages occur on insured structures." 2005 WL 221558, at *3.  This Court noted that "absent from the petition [was] a single fact alleged that would give rise to any need for general contractors' overhead and profit."  *Id*.  "There are no allegations," this Court explained, "for the type of damage that was suffered or the nature

11

or complexity of required repairs.  The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to [the plaintiff's] home are not adequately alleged."  *Id*. (dismissing claims under Rule 12(b)(6)).  The Complaint here suffers the same type of shortcomings with regard to repair-related claims.  Even worse, the Complaint fails to allege any facts that might indicate *which* Plaintiffs seek more overhead and profit, which seek additional material cots, or which seek more compensation for lost contents.  The other claims suffer from similar flaws—there is no allegation, for example, of what business was interrupted, how it was interrupted, or for how long.

### 6.    No Plaintiff States A Claim Against RFCIC or RL For Bad Faith Adjusting Practices

The Complaint next alleges a cause of action for "[b]ad faith adjusting practices," based on a litany of alleged unfair practices, including:  (1) "[f]ailing to properly advise insureds of the available coverages applicable to plaintiffs' homeowner[s], business, commercial and flood policies;" (2) "[f]ailing to properly adjust claims;" (3) "[r]efusing to pay for mold damage which occurred from the covered loss;" (4) [i]mproperly applying concurrent causation clauses of the insurance policies;" and (5) violating § 22:1214(14)(a)-(o).  Compl. ¶¶ 25(7), 18.  Each of these allegations, however, is simply a bald conclusion unsupported by factual allegations as to even one instance of conduct.  The Complaint does not mention the circumstance under which any insurer failed to provide advice, nor what that advice should have been; it does not allege which, if any, plaintiff suffered mold damage; and it does not allege the circumstances surrounding even one instance of concurrent causes impacting payment.  In short, the Complaint provides no notice as to what circumstances give rise to a claim relating to even one of these asserted practices. *Beanal*, 197 F.3d at 164.

12

The last of this shotgun spray of allegations about unfair practices suffers from an additional flaw:  LSA-R.S. § 22:1214(14) of the Louisiana Insurance Code does not provide for a private cause of action.  *Clausen v. Fid. & Deposit Co. of Md.*, 660 So. 2d 83, 86 (La. Ct. App. 1995); *Riley*, 923 F. Supp. at 888.

> **7.    No Plaintiff States A Claim Against RFCIC or RL For Failure To Comply with Louisiana's Valued Policy Law**

Plaintiffs allege that the defendants have "failed to comply with Louisiana's Valued Policy Clause, La. R.S. 22:695."  Compl. ¶ 19.[7]  Even assuming the Complaint attempts to assert claims under the VPL, Plaintiffs fail to state a VPL claim for two basic reasons:  first, the VPL applies only to fire insurance policies and fire loss, but no Plaintiff has alleged that he or she had a fire insurance policy or suffered a loss from fire; second, the VPL applies only in the event of a "total loss" caused by a covered peril, but no Plaintiff has alleged that he or she suffered a total loss, let alone a total loss caused by a covered peril.

The text of the VPL makes clear that it applies only to fire insurance policies:  "Under any *fire insurance policy* insuring inanimate immovable property in this state, . . . in the case of total loss the insurer shall . . .compensate any covered loss" using the valuation placed by the insurer that is used to determine the premiums.  LSA-R.S. § 22:695(A) (emphasis added).[8] Plaintiffs, however, make no allegations that they were insured under fire insurance policies; they claim only that they had "policies of homeowners' property, commercial, business, rental

---

[7] This is the Complaint's only reference to the VPL.  Compl. ¶ 19.  Because Plaintiffs do not identify the VPL as one of the causes of action they are bringing, *see id.* ¶ 25, it is unclear whether any Plaintiff actually intends to assert a claim under the VPL.

[8] Under the Louisiana Civil Code, legislation takes precedence over jurisprudence, and thus federal courts applying the substantive law of Louisiana must focus on the text of the statute.  LSA-C.C. ARTICLE 1; *id.* ARTICLE 9 ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."); *Gen. Elec. Capital Corp. v. Se. Health Care Inc.*, 950 F.2d 944, 950 (5th Cir. 991).

and/or flood insurance," Compl. ¶ 7.  Such an allegation is insufficient to state a claim under §

22:695, as this Court has previously recognized.  *See In re Consol. Cos.*, 185 B.R. 223, 226 (E.D.

La. 1995), *aff'd* 106 F.3d 396 (5th Cir. 1996) (finding that § 22:695 should not be read into an all-

risk commercial property insurance policy).  Similarly, in *Graham v. Milky Way Barge, Inc.*, 824

F.2d 376, 281 (5th Cir. 1987), the Firth Circuit held that § 22:692, another statue referring to "fire

insurance," did not apply to non-fire losses because "[b]ased upon the language of the statute

itself, the provision would appear to apply to fire policies only."[9]

The Complaint fails to state a claim under the VPL for the additional reason that no

individual Plaintiff has alleged that he or she suffered a total loss.  The Complaint lumps

Plaintiffs together in alleging that their properties were "severely damaged and/or destroyed,"

but it fails to allege, as to even a single Plaintiff, that "the cost of repair exceeds the value of the

property," and so qualifies as a total loss.  *Real Asset Mgmt. v. Lloyd's of London*, 61 F.3d 1223,

1229 (5th Cir. 1995) (defining "total loss" under Louisiana law).  Given that the Complaint also

alleges that Plaintiffs—again without specifying which Plaintiffs—are entitled to repair costs,

including labor and material costs and overhead and profit, the defendants have no notice as to

any individual Plaintiff who is bringing a VPL claim.

In addition, no Plaintiff here has alleged that a covered peril caused the total loss.  Even if

the VPL were deemed to apply to policies that were not fire insurance policies, it would apply

only to total losses that result from a covered peril:  "in the case of total loss the insurer shall . . .

compensate any covered loss" at the value placed by the insurer on the policy.  LSA-R.S. §

22:695(A) (emphasis added).  In this case, Plaintiffs have alleged that their properties were

---

[9] These holdings are driven by well-settled Louisiana rules of statutory interpretation making clear that the
legislature's decision to use the unambiguous term "fire insurance policy," and not, for example, "any insurance
policy" or "homeowner's policy," is significant.  *Filson v. Windsor Court Hotel*, 907 So. 2d 723, 728 (La. 2005)
(applying "[t]he settled rule of statutory construction that the mention of one thing in a statute implies the exclusion
of another thing").

damaged by winds and flooding, Compl. ¶ 9, and that "a significant number of the claims are made under the National Flood Insurance Program," *id*. ¶ 5. No Plaintiff has alleged a total loss covered by a covered peril. As this Court recently held, "Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril." *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660, 669 (E.D.La. 2006). Thus, to the extent the Complaint purports to assert a claim under the VPL, it should be dismissed.

## CONCLUSION

Defendants, Republic Fire And Casualty Insurance Company and Republic Lloyds, pray that the *Motion for Judgment on the Pleadings* be granted and that the *Complaint for Damages* and *First Supplemental and Amended Complaint* be dismissed, with prejudice, for failure to state a cause of action against RFCIC and RL, with all costs of these proceedings assessed solely to plaintiffs and for all such other general and equitable relief as this Honorable Court may deem just under the circumstances, including attorneys fees.

Respectfully submitted,

**LARZELERE PICOU WELLS
SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:    (504) 834-6500
Fax:  (504) 834-6565

BY:   **/s/ Christopher R. Pennison**
**JAY M. LONERO, T.A. (No. 20642)**
**jlonero@lwp-law.com**
**CHRISTOPHER R. PENNISON (No. 22584)**
**cpennison@lwp-law.com**
**ANGIE ARCENEAUX AKERS (No. 26786)**
**aakers@lwp-law.com**

**ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY AND
REPUBLIC LLOYDS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this  28th  day of November, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

/s/ Christopher R. Pennison

16