## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTINE STEUDLEIN, wife of/and** | * | **CIVIL ACTION** |
| **HENRY J. STEUDLEIN, III** | | |
| | * | **NO.    06-7307** |
| **VERSUS** | | |
| | * | **SECTION "R"** |
| **STATE FARM FIRE AND CASUALTY** | | |
| **COMPANY, FIDELITY NATIONAL** | * | **MAGISTRATE 5** |
| **INSURANCE COMPANY, WARREN DENNIS** | | |
| **and HYLTON PETIT, JR.** | * | |

\*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the plaintiffs, CHRISTINE STEUDLEIN, wife of/and HENRY J. STEUDLEIN, III,  who respectfully request this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

## I.      BACKGROUND

This is an action for breach of contract, negligence and/or breach of a fiduciary duty, committed by the defendants, including the removal defendant, FIDELITY NATIONAL INSURANCE COMPANY (hereinafter "FIDELITY").

In their petition filed in the Civil District Court for the Parish of Orleans, plaintiffs allege various theories of recovery on their homeowner's policy against the

defendant, State Farm Fire and Casualty Company. This was for damages done to their home as a result of events both related and unrelated to Hurricane Katrina.

In addition to those claims, plaintiffs allege that the remaining defendants, including FIDELITY, were negligent and/or breached a fiduciary duty which those defendants owed to plaintiff relative to the procurement of plaintiffs' flood insurance policy. Plaintiffs have not asserted any claims whatsoever against any of the defendants, including FIDELITY, pursuant to the National Flood Insurance Program and plaintiffs acknowledge having received their full flood dwelling and flood content payments, and there is no dispute with any of the defendants, including FIDELITY, regarding the handling of plaintiffs' flood insurance claim.

Plaintiffs filed their petition on August 28, 2006 and on or about October 4, 2006, the defendant, FIDELITY, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II.     LEGAL STANDARDS

### (A)     Removal.

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th

Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. <u>Manguno v. Prudential Property & Casualty Insurance Co.</u>, 276 F.3rd 720, 723 (5th Cir. 2002); <u>Neal v. Kawasaki Motors Corp.</u>, 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); <u>Doddy v. Oxy USA, Inc.</u>, 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." <u>Ryan v. Dow Chemical Co.</u>, 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); <u>Vasquez v. Alto Bonito Gravel Plant Corp.</u>, 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. <u>Butler v. Polk</u>, 592 F.2nd 1293, 1296 (5th Cir. 1979).

**(B)    Removal is improper under federal question jurisdiction pursuant to the National Flood Insurance Program, 42 U.S.C. Section 4072 as well as improper pursuant to federal question jurisdiction, 28 U.S.C. Section 1331.**

Contrary to the defendant's assertions, there is nothing in plaintiff's petition which raises a federal question nor is there any claim stated in the petition for recovery of

flood insurance money. As said at the opening, plaintiffs have been paid the full dollar limit of the flood dwelling and flood content coverages which were in place as of August 29, 2005.

The claims addressed by plaintiffs in their petition are fairly simple to understand. Plaintiffs are seeking recovery of homeowner policy limits for dwelling and content as a result of the damage done to their home by events both related and unrelated to Hurricane Katrina. These include wind damage issues, value policy law issues, and questions related to the issue of what was the dominant and efficient cause of plaintiffs' loss.

Additionally, the plaintiffs allege errors and omissions and/or breach of fiduciary duty by FIDELITY, not as a result of its administration of plaintiffs' flood claims but, rather, as a result of its handling of the procurement of plaintiffs' flood insurance policy.

With regard to the latter issue, the Courts have repeatedly held that the National Flood Insurance Act does not preempt state law claims involving negligent policy procurement, so as to give rise to the federal question jurisdiction. Landry v. State Farm Fire and Casualty Company, 206 WL 1159391(E.D. La. 2006).

A clear distinction is made between lawsuits over flood insurance claims handling and flood insurance policy procurement. Plaintiffs do not assert that the defendants mishandled their claim or refused to pay their claim or that they were even dissatisfied with the reimbursement of their claim or any part thereof. Simply stated, lawsuits regarding policy procurement of flood insurance policies, do not give rise to federal jurisdiction. Waltrip v. Brooks Agency, Inc., 417 F.Supp. 768 (E.D. Va. 2006); Roybal v. Lalamos National Bank, 375 F.Supp. 1234 (D.N.M. 2005); Corliss v. South Carolina

Insurance Company, 2004 WL 2988497 (E.D. La. 2004); Moore v. USAA General Indemnity Company, 2002 WL 31886719 (E.D. La. 2002).

     **(C)    Removal is improper pursuant to 28 U.S.C. Section 1442.**

Under no circumstance have plaintiffs made any allegation which would even suggest that the defendant, FIDELITY, "…acted pursuant to a federal officer's direction and a causal nexus exists between the defendant's actions under color of federal office and the plaintiffs' claim…" Once again, plaintiffs' claims against the defendant relate to its negligence and/or breach of fiduciary duty regarding the procurement of plaintiffs' flood insurance policy. Plaintiffs make no allegation whatsoever that the defendant was acting as a federal officer at the time of its breach.

     **(D)    Removal is improper pursuant to 28 U.S.C. Section 1337.**

Alleging jurisdiction under 28 U.S.C. Section 1337 is simply another way of urging its other argument for federal question jurisdiction in this matter. The fact is there are no acts of congress regulating the procurement of insurance. Such are, purely, state law issues, regulated by state law and there is nothing in the National Flood Insurance Act which regulates or addresses questions regarding the errors and omissions of an agent or a WYO carrier.

Federal question jurisdiction does not exist as to claims related to procurement and errors and omissions. Landry v. State Farm Fire and Casualty Company, 420 F.2nd 531 (E.D. La. 2006); Elizabeth v. USAA General Indemnity Company, 2002 WL 31886719 (E.D. La. 2002); and Corliss v. South Carolina Insurance Company, *supra*.

     **(E)    Removal is improper since plaintiff has made no claims against the defendant under the SFIP.**

To repeat what has been earlier stated: Plaintiffs have made no claims against the defendant, FIDELITY, under the SFIP. All payments which were due to plaintiffs under the SFIP policy issued in this case have been fully paid. Plaintiffs have no disagreement with the defendant, FIDELITY, regarding any claims handling by FIDELITY on the flood insurance claim.

Moreover, plaintiffs are not challenging FIDELITY's administration of an FSIP, its payment of policy proceeds under the FSIP nor anything other than FIDELITY's participation, with plaintiffs' insurance agents, of the procurement of the flood policy, which does not raise federal question jurisdiction.

**(F)      Removal is improper since there is no supplemental jurisdiction over any state law claim.**

Once again, in making this argument, the defendant misstates the allegations contained plaintiffs' petition. There are no allegations in plaintiffs' petition which in any way relate to their efforts to obtain flood insurance benefits as a result of the losses which they sustained from Hurricane Katrina. All such losses due plaintiffs under the SFIP issued to them by FIDELITY were fully paid and satisfied.

These are solely state law claims dealing with flood insurance procurement issues and have nothing to do with any attempted recovery by plaintiffs of any additional flood insurance benefits from the NFIP.

### III.    CONCLUSION

For the above and foregoing reasons, plaintiffs respectfully pray that plaintiffs' Motion to Remand be granted and that the case be remanded to the Civil District Court

for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _____19_____ day of _____Oct_____, 20_06_, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.