UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY
March 16, 2006
DISTRICT JUDGE FRANK J. POLOZOLA

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1140-FJP-CN |

CONSOLIDATED WITH

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1162-FJP-CN |

CONSOLIDATED WITH

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1163-FJP-CN |

This matter came on this day for oral argument on subject matter jurisdiction and the motion to remand. All parties present signed the attached sign-in sheet.

Counsel present arguments.

For oral reasons assigned, the Court declines to exercise jurisdiction over the counterclaim[1] of defendant, The Standard Fire Insurance Company, under 28 U.S.C. §1367; therefore, the

---

[1] Rec. Doc. No. 18.

Doc#43131



counterclaim is hereby DISMISSED without prejudice.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(d) and 28 U.S.C. §1369. Therefore:

IT IS FURTHER ORDERED that plaintiffs' motions to remand[2] are hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' claim against the Louisiana Insurance Commissioner is hereby DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining issues in this matter shall be TRANSFERRED to the Eastern District of Louisiana.

Should it be later found on appeal that this Court did not have jurisdiction, the Court reserves the right to the Eastern District to transfer this matter back to this Court for remand.

The Court reserves its right to supplement its oral reasons given this day with written reasons should it become necessary.

******  

Reporter: E. Champion

C: CV 25b; T: 2:00

---

[2] Rec. Doc. Nos. 59 and 61.

Doc#43004                                2

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 3 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 34 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 1 of 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDERICK WILLHOFT ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-1235 |
| KERT LEBLANC INSURANCE AGENCY ET AL. | SECTION: "S" (2) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to remand of Frederick Willhoft and Carol Willhoft is **GRANTED**, and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard. (Document #9).

### I. BACKGROUND

Frederick and Carol Willhoft filed a petition for damages in the 34th Judicial District Court for the Parish of St. Bernard against Kert Leblanc Insurance Agency, Inc. (Leblanc), State Farm Fire and Casualty Company (State Farm), and ABC Insurance Company (ABC).[1] The Willhofts allege that they consulted with Leblanc regarding the appropriate coverage for their home at 3428 Karen Drive, Chalmette, Louisiana, and Leblanc placed their homeowners and flood dwelling coverage with State Farm. The policies were renewed annually without any

---

[1] ABC provided errors and omissions coverage to Leblanc.


EXHIBIT

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 4 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 35 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 2 of 6

discussion about the adequacy of the limits of the coverage. On August 29, 2005, the Willhoft's home was destroyed by Hurricane Katrina. Upon reporting their loss, the Willhofts learned that their coverage was inadequate to cover their losses and that a large portion of the losses were not insured.

The plaintiffs allege claims of negligence and breach of contractual and fiduciary duties on grounds that Leblanc, individually and on behalf of State Farm, did not explain the basis for his recommendations regarding coverage limits, including the difference between the limits under the homeowners and flood policies, but assured the plaintiffs that they were fully protected.

The defendants removed the case to federal court based on federal question jurisdiction, alleging that the National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers are all governed by federal law. The plaintiffs filed a motion to remand.

## II. DISCUSSION

### A. Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To determine whether a cause of action presents a federal question, the court examines the plaintiffs' well-pleaded complaint. See Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). The entire record is examined for a proper understanding of the true nature of the complaint. See Aquafaith Shipping, Ltd. v.

2

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 5 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 36 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 3 of 6

Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

### B. National Flood Insurance Act

The plaintiffs contend that there is no federal question jurisdiction under the National Flood Insurance Act (NFIA) because their claims arise from the procurement of their policy, not from the disallowance of a claim under their flood policy. They argue that NFIA does not preempt state law claims that arise from policy procurement.

Sections 4053 and 4072 of the NFIA "provide that flood insurance policyholders may sue their insurers in federal court in regard to disputes arising from the policies." Mid-America Nat'l Bank of Chicago v. First Savings and Loan Assoc. of South Holland, 737 F.2d at 642. The NFIA preempts state law claims for an adjustment of an insurance claim, which is considered "handling" of the claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). Although the Fifth Circuit has not addressed whether state law claims regarding procurement of policies would be preempted by the NFIA, a number of courts have held that the NFIA does not act to preempt state law for claims related to flood insurance procurement. See Landry v. State Farm Fire & Casualty Co., 2006 WL 1159391 at *3 (E.D. La. 2006) (J. Fallon). "The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus claims regarding handling of those policies also involve the spending of federal funds. Id. "[F]ederal funds are not used to reimburse [Write Your Own] insurers for liability arising outside of the scope of the Act. Id. Because claims involving procurement do not involve the expenditure of federal funds, "there is no equivalent justification for federal jurisdiction." Id.

3

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 6 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 37 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 4 of 6

The plaintiffs allege that Leblanc and State Farm were negligent and breached a contractual duty when Leblanc failed to advise the plaintiffs about the amount of coverage they should have purchased. Thus, the claims do not challenge the handling of their claim, but the procurement of sufficient insurance and Leblanc's errors and omissions in placing an inadequate policy. These state law claims are not preempted, and the court lacks subject matter jurisdiction under the NFIA.

C. Jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA)

The defendants contends that the court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act. (MMTJA). Section 1369 provides in relevant part:

> (a) In general. The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if–
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> (3) substantial parts of the accident took place in different States.
>
> (b) Limitation of jurisdiction of district courts.–The district court shall abstain from hearing any civil action described in subsection (a) in which–
> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
> (2) the claims asserted will be governed primarily by the laws of that State.

The Act "would streamline the process by which multidistrict litigation governing disasters are adjudicated. H.R.Conf.Rep. 107-685, §11020, 202 U.S.C.C.A.M. 1120 (2002).

4

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 7 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 38 of 44
Case 2:06-cv-01235-MVL-JCW   Document 27-1   Filed 07/05/2006   Page 5 of 6

"The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties." 23 Rev. Litig. 177 at 5 (2004). "The change to minimal diversity in class actions aims to promote the purposes of the class action device: fairness, uniformity, efficiency, and manageability in mass litigation." Id. at 4. The intended scope of minimal diversity is to reach a "very narrowly defined category of cases." Id. at 5. While the MMTJA could apply in an action by a single plaintiff against two defendants, "[m]ore likely, many plaintiffs and many defendants would be involved in the typical suit which would fall under the MMTJA, and often certification of a class action would be sought." H.Alston Johnson, III, Current Topics in Federal Subject Matter Jurisdiction Based on Diversity of Citizenship (June 7, 2006).

The narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants. See e.g. Chehardy v. Wooley, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.) (jurisdiction under § 1369; multi-plaintiff, multi-defendant case consolidated for pretrial purposes with Colleen Berthelot v. Boh Brothers Construction Co., No. 05-4182 (E.D.La.) (class action for damages out of the breach of hurricane protection levees and flood walls)).

### III. CONCLUSION

The court lacks jurisdiction under the NFIA because the case in one for procurement of adequate insurance, not the handling of a claim, and is not preempted by the NFIA. Jurisdiction is not proper under the MMTJA because it does not fall within the narrow jurisdictional

5

requirements of § 1369. Accordingly, the court lacks subjection matter jurisdiction, and plaintiffs' the motion to remand is granted.

New Orleans, Louisiana, this ___5th___ day of July, 2006.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 9 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 25 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 1 of 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNIE HILLERY AND JULIAN S. HILLERY JR. | CIVIL ACTION |
| VERSUS | NO: 06-2909 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "J" (5) |

### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand and for Costs, Expenses, and Attorney's Fees.** (Rec. Doc. 3.) The motion is opposed. (Rec. Doc. 4.) Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' motion should be GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiffs' house was damaged by Hurricane Katrina. It was not flooded. They claimed $73,255.51 in damages. Defendant paid them $20,632.91. Seeking to recover the remaining $52,622.60 that they think is owed them, Plaintiffs filed suit in state court. Defendant removed to this Court claiming diversity jurisdiction

1


EXHIBIT H

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 10 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 26 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 2 of 9

and jurisdiction under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA").

## LEGAL STANDARD

Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, Defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

### A.  Diversity Jurisdiction

Courts have original jurisdiction over disputes between citizens of different states when the amount in controversy is

2

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 11 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 27 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 3 of 9

greater than $75,000. 28 U.S.C. § 1332(a). It is undisputed that the parties are from different states. In the state petition, Plaintiffs pled the specific amounts they seek under the insurance policy. However, they also claim unspecified statutory penalties and attorney's fees based on allegations of arbitrary and capricious failure to pay their claim. Louisiana allows penalties for arbitrary and capricious failure to pay for proven losses within thirty days. See La. R.S. § 22:658. The penalties in this case would be twenty-five percent of the difference between the amount paid and the amount due, or around $13,155.65 according to Plaintiffs' claim. See id. In addition, La. R.S. § 22:1220 allows a penalty of twice the damages sustained from specific actions that violate an insurer's duty to act in good faith – including arbitrary and capricious failure to pay within 60 days following a proven claim. La. R.S. § 22:1220(B)(5). If no damage is caused by the breach of duty, then the maximum award is $5,000. Id. § 22:1220(C). Defendant argues that the amount on the face of the petition plus the availability of double penalties and attorney's fees puts the amount in controversy beyond the minimum jurisdictional amount.

As noted above, Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled.

3

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 12 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 28 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 4 of 9

*De Aguilar*, 47 F.3d at 1412. Although provisions for the recovery of penalties exist, Defendant has not come forward with any evidence of facts establishing possible penalties available under either La. R.S. § 22:658 or La. R.S. § 22:1220. Under section 22:1220, given that Defendant has offered no evidence of damages from the breach,[1] the maximum recovery of $5,000 would raise Plaintiffs' claim to around $57,662. Under section 22:658 Plaintiff's maximum recovery with penalties of twenty-five percent of the amount yet unpaid would be around $66,000.

Although attorney's fees were formerly available for arbitrary and capricious failure to pay a proven claim under La. R.S. § 22:658, Legislative Act 2003, No. 790, § 1 increased the penalty available from ten to twenty-five percent and eliminated the attorney's fee provisions effective August 15, 2003. The parties identify no other applicable provision that authorizes fee shifting. Even if there were an applicable fee shifting provision, Defendant has come forward with no evidence of the amount of fees for which it might be liable. Defendant has failed to meet its burden of proving diversity jurisdiction under 28

---

[1] The penalties of La. R.S. § 22:1220 double the recovery for damages resulting from the breach; they do not double the amount due under the policy. *See, Matter of Hannover Corp. of America*, 67 F.3d 70, 75-76 (5th Cir. 1995)

4

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 13 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 29 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 5 of 9

U.S.C. § 1332.[2]

B.  *Multiparty, Multiforum Trial and Jurisdiction Act of 2002*

Defendant also argues that jurisdiction exists pursuant to the MMTJA under either the original jurisdiction provision at 28 U.S.C. § 1369 or the supplemental provision at 28 U.S.C. § 1441(e)(1)(B). Section 1369 grants original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). "The term 'accident' means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." *Id.* § 1369(c)(4). When an action under this section is pending, the district court must promptly notify the judicial panel on multidistrict litigation. *Id.* § 1369(e). Defendant argues jurisdiction under section 1369 based on the theory that Hurricane Katrina qualifies as an "accident" under the statute, and Plaintiffs' claim relates to Hurricane Katrina.

---

[2] Because Defendant has not met its burden, the Court need not address the effect of Plaintiffs' stipulation that the amount in controversy does not exceed $75,000. *See De Aguilar*, 47 F.3d at 1412 (indicating that only after Defendant has met its burden must Plaintiff establish that it is legally certain that the jurisdictional amount cannot be recovered).

Case 2:05-cv-04182-SRD-JCW    Document 1854-8    Filed 11/28/06    Page 14 of 17

Case 2:06-cv-02142-JCZ-SS    Document 31    Filed 09/07/2006    Page 30 of 44
Case 2:06-cv-02909-CJB-ALC    Document 7    Filed 07/26/2006    Page 6 of 9

Defendant argues in the alternative that 28 U.S.C. § 1441(e)(1)(B) allows a party in an MMTJA case to remove a state court claim to the federal district court where the MMTJA case is pending even if the state claim could not itself have been removed under section 1369, when the state claim relates to the same accident.

Plaintiffs argue that the provisions of the MMTJA have to be read in the context of the suit before the court. Plaintiffs argue that, although Hurricane Katrina caused the damage, the "discrete location" at issue in this suit is their house, where no one died, and that no legal or factual issues are shared with any other claimants. Defendant counters that discrete is a relative term and that the act contemplates accidents that encompass multiple states and multiple jurisdictions.

As already noted, because federal courts exercise limited jurisdiction, jurisdictional statutes must be strictly construed in favor of remand. With this canon in mind, the Court must reject Defendant's arguments.

Congress enacted the MMTJA to allow full consolidation of state and federal cases related to a common disaster to eliminate multiple or inconsistent awards arising from multiforum litigation. *See* H.R. Conf. Rep. No. 107-685, at 200, *reprinted in*

6

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 15 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 31 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 7 of 9

2002 U.S.C.C.A.N. 1120, 1152 (2002). Defendant makes no suggestion that this case should be consolidated with any other related cases or that there are other potential claimants that share common issues with Plaintiffs in this case. The few cases that have thus far rested on the MMTJA have been large class action or consolidated cases.

Defendant in this case is also a defendant in *Chehardy v. Wooley*, No. 3:05-cv-1140. *Chehardy* was removed to the Middle District of Louisiana from a state court class action proceeding. After oral argument, jurisdiction was found to be based on 28 U.S.C. §§ 1332(a), 1332(d), and 1369. The record does not elaborate on the reasoning behind these alternative bases of jurisdiction. The case was then transferred to the Eastern District and consolidated as No. 2:06-cv-1672 with lead case *In re: Katrina Breaches Litigation*, No. 2:05-cv-4182, along with a multitude of other cases suing for damages resulting from the breached levees around New Orleans.

Defendant argues that because it is a defendant in *Chehardy*, which is based on section 1369, relates to the Hurricane Katrina "accident", and is in this jurisdiction, all other claims against it related to Hurricane Katrina can be removed to this jurisdiction under section 1441(e)(1)(B). Defendant does not

7

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 16 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 32 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 8 of 9

suggest that this claim should be consolidated with *Chehardy* and the *In re: Katrina Related Breaches Litigation* or with any other claims. Plaintiffs' claim has nothing to do with the breached levees and does not appear to require construction of Louisiana statutes. There is no indication that the adjudication of this suit in a state court forum would lead to inconsistent awards with suits in other fora. As the name of the act implies and as Judge Lemmon, looking at a similar jurisdictional claim, has recently decided, "[t]he narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." *Willhoft v. Kert Leblanc Ins. Agency*, No. 2:06-cv-1235 (E.D.La. July 5, 2006)(order granting remand). The same reasoning applies to this case.

Because Defendant's arguments were fairly supportable, the Court declines to award costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand** (Rec. Doc. 3) is **GRANTED**. The above-captioned matter is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Costs,**

8

Case 2:05-cv-04182-SRD-JCW   Document 1854-8   Filed 11/28/06   Page 17 of 17

Case 2:06-cv-02142-JCZ-SS   Document 31   Filed 09/07/2006   Page 33 of 44
Case 2:06-cv-02909-CJB-ALC   Document 7   Filed 07/26/2006   Page 9 of 9

Expenses and Attorney's Fees (Rec. Doc. 3) is DENIED.

New Orleans, Louisiana this the 26th day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE