**UNITED STATES DISTRICT COURT**        **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| GUIDO E. HANAK and MARY C. HANAK, § | |
| § | |
| Plaintiffs, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:05-CV-777 |
| § | |
| TALON INSURANCE AGENCY, LTD., § | |
| TALON INSURANCE GROUP, INC., § | |
| TALON INSURANCE MANAGEMENT § | |
| SERVICES, INC. f/k/a FCA Insurance § | |
| Management, Inc., and BEAZLEY § | |
| INSURANCE COMPANY, INC. § | |
| f/k/a Omaha Property and Casualty Insurance § | |
| Company, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Beazley Insurance Company, Inc. f/k/a Omaha Property and Casualty Insurance Company's ("Beazley") Motion for Summary Judgment (#25). Beazley seeks summary judgment on Plaintiffs Guido E. Hanak and Mary C. Hanak's ("the Hanaks") claims for breach of contract and equitable lien arising out of a flood insurance policy issued by Beazley's predecessor, Omaha Property and Casualty Insurance Company ("OPAC"). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment is warranted.

I.      Background

On April 19, 2002, Albert Zamorsky ("Mr. Zamorsky") and Susan Zamorsky ("Mrs. Zamorsky"), formerly known as Susan Fraijo, (collectively, "the Zamorskys") purchased real property located at 2315 North 23rd Street in Beaumont, Texas, from the Hanaks. The purchase

was secured by a recorded deed of trust in favor of the Hanaks.  In early November 2002, Mr. Zamorsky contacted Talon Insurance Agency, Ltd. ("Talon"), a defendant in this action, to inquire about obtaining flood insurance for the property.  Talon provided a quote for a Standard Flood Insurance Policy ("SFIP") offered through the National Flood Insurance Program ("NFIP").  Mr. Zamorsky accepted the quote, and Talon, acting as the Zamorskys' agent,[1] completed the flood insurance application on the Zamorskys' behalf.  The application did not list the Hanaks as additional insureds, and the "Mortgagee Information" section on the application was left blank.[2]  Beazley's predecessor, OPAC, subsequently issued the SFIP in its capacity as a WYO insurance carrier.

On October 9, 2003, the insured property was damaged in a flood, and Mr. Zamorsky contacted Talon to seek assistance in filing a claim.  On November 18, 2003, the Zamorskys signed a sworn proof of loss, which listed "None" in the section instructing the claimant to list persons with any interest in or encumbrance on the damaged property.  OPAC paid the Zamorskys a total of $33,323.27 for the loss.  The Hanaks were not named as payees on the proceeds checks from OPAC, and they did not receive any reimbursement from the Zamorskys.  According to the Hanaks, the Zamorskys failed to use the insurance proceeds to repair the damaged property, which

---

[1] The court notes that, under the NFIP, "the duly licensed property or casualty agent acts for the insured," not the "Write-Your-Own" ("WYO") insurance carrier authorized to issue SFIPs under the NFIP.  44 C.F.R. § 61.5(e) (2005).

[2] A dispute exists as to whether Talon intentionally omitted this information at Mr. Zamorsky's request.  Plaintiffs submitted excerpts of Mr. Zamorsky's deposition stating that Talon did not inquire about the existence of a lienholder.  Plaintiffs, however, also submitted the affidavit of Anita Marie Garcia ("Garcia"), the Talon employee who completed the Zamorskys' insurance application, stating that she specifically asked Mr. Zamorsky about Plaintiffs' lien but that he instructed her not to list the encumbrance on the application because the deed of trust did not require that the Zamorskys maintain flood insurance.

2

resulted in its significant deterioration before the Hanaks ultimately foreclosed the lien and repossessed the property.

On October 4, 2004, the Hanaks filed a complaint in the Zamorskys' voluntary Chapter 7 proceeding in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division (Case No. 02-13215). Specifically, the Hanaks claimed that the Zamorskys fraudulently represented to OPAC that there was no lienholder on the property and then willfully and maliciously misappropriated the insurance proceeds by failing to repair the property or notify the Hanaks of the damage. The Bankruptcy Court entered a Final Default Judgment against the Zamorskys on March 1, 2006, awarding Plaintiffs $33,323.27 in actual damages, $1,650.00 in sanctions, and $8,500.00 in attorney's fees, as well as court costs and postjudgment interest. The court also ordered that the judgment would not be dischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6).

On October 28, 2005, the Hanaks filed the instant action in the 58th Judicial District Court of Jefferson County, Texas, and Beazley removed the case to federal court on November 21, 2005, on the basis of federal question jurisdiction. Against Talon, the Hanaks allege state law claims for breach of fiduciary duty and negligence for its failure to list them as mortgagees on the SFIP. Against Beazley, the Hanaks allege breach of contract on the grounds that Beazley knew or should have known that they held an interest in the insured property and failed to name them as payees. They further contend that this breach creates an equitable lien in Plaintiffs' favor pursuant to Texas law. On June 9, 2006, Beazley and Talon each filed third-party complaints against the Zamorskys, who were served with process on September 16, 2006, but have not yet entered an appearance in this action.

3

On May 25, 2006, Beazley moved for summary judgment on the Hanaks' breach of contract and equitable lien claims. Beazley argues that Plaintiffs' equitable lien claim is preempted by federal law and that there is no privity of contract between Beazley and the Hanaks. Beazley further contends that the doctrines of *res judicata* and collateral estoppel bar Plaintiffs' claims because the Hanaks have already litigated these matters against the Zamorskys in Bankruptcy Court. In response, Plaintiffs assert that the SFIP specifically includes them as mortgagees "determined to exist at the time of loss" and that they are third-party beneficiaries of the SFIP. Plaintiffs also argue that *res judicata* and collateral estoppel do not apply because there was no privity between Beazley and the Zamorskys in the bankruptcy action and the Bankruptcy Court would have lacked jurisdiction over the instant claims.

II.   Analysis

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005); *Martinez v.*

4

*Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'" *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248); *see Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999); *Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord EMCASCO Ins. Co. v. American Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454; *Harken Exploration Co.*, 261 F.3d at 471; *Merritt-Campbell, Inc.*, 164 F.3d at 961. The moving party, however, need not negate the elements of the nonmovants' case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322 n.3 (citing FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Matsushita Elec. Indus. Co. v. Zenith*

5

*Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003); *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *see Reeves*, 530 U.S. at 150; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Harken Exploration Co.*, 261 F.3d at 471; *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001). The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *See Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990) (citing *Anderson*, 477 U.S. at 255); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003); *Martinez*, 338 F.3d at 411; *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815 (2003); *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Nevertheless, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'" *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,

879 F.2d 1005, 1012 (2d Cir. 1989)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovants' burden is not satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions," by speculation, by the mere existence of some alleged factual dispute, or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (citations omitted); *see Anderson*, 477 U.S. at 247-48; *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540; *Wallace*, 80 F.3d at 1047; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002).

Summary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

B.      Preemption

The NFIP, which is administered by the Federal Emergency Management Agency

("FEMA"), was established by the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C.

§§ 4001-4129. "The NFIP has two components: (1) a flood insurance program, and (2) a unified

national plan for flood management." *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341,

342 (5th Cir. 2005) (citing 42 U.S.C. § 4001(b)-(c)). WYO insurance companies participating

in the NFIP "issue SFIPs in their own names, and arrange for the adjustment, settlement, payment

and defense of all claims arising from the policies." *Id.* FEMA regulations establish the terms

of the SFIP, and claims are ultimately paid with United States Treasury funds. *See id.* Effective

December 31, 2000, FEMA made several revisions to the language of the SFIP, including the

following amendment:

IX. WHAT LAW GOVERNS

This policy and all disputes arising from the handling of any claim under
the policy are governed exclusively by the flood insurance regulations issued by
FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001,
*et seq.*), and Federal common law.[3]

44 C.F.R. pt. 61, App. A(1), Art. IX (2005). Beazley contends that this amended language

expressly preempts Plaintiffs' state law claim for an equitable lien. The Hanaks have provided

no response to Beazley's argument.

While no federal appellate court has specifically held that the above-quoted amendment

operates as an express preemption provision, the amendment's plain language supports the

---

[3] Prior to its amendment, the language of this section read as follows: "This policy is governed
by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended
(42 U.S.C. 4001, *et seq.*) and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. XI (1999).

conclusion that state law claims arising out of the handling of SFIP claims are expressly preempted. *See Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 680 (E.D. Tex. 2004) (determining that FEMA effectively preempted all state law claims by revising the language of the SFIP). Moreover, several courts, when analyzing pre-amendment disputes, indicated that the proposed FEMA amendment, once effective, would expressly preempt such state law claims. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (explaining that, "[w]hile no circuit has yet addressed whether this amendment is effective as an express preemption of state law claims, it can obviously be so argued"); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 269 n.6 (3d Cir. 2004) (noting that the SFIP arguably now contains an express preemption provision); *Pecarovich v. Allstate Ins. Co.*, 272 F. Supp. 2d 981, 987 (C.D. Cal. 2003) (stating that "an express preemption provision" has been added to policies under the NFIP), *rev'd on other grounds*, 135 F. App'x 23, 26 (9th Cir. 2005); *Scherz v. South Carolina Ins. Co.*, 112 F. Supp. 2d 1000, 1005 (C.D. Cal. 2000) (determining that "[t]his proposed change, if eventually adopted as an agency regulation and incorporated into future SFIPs, will expressly preempt state law claims"). Hence, in accordance with these decisions, the court is of the opinion that Plaintiffs' claim for an equitable lien under Texas law is expressly preempted by the terms of the SFIP.

Furthermore, even if the amendment did not preempt Plaintiffs' equitable lien claim expressly, courts have consistently held that state law causes of action related to the handling of SFIP claims are preempted because they conflict with the NFIA. *See Wright*, 415 F.3d at 390; *C.E.R. 1988, Inc.*, 386 F.3d at 271-72; *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 949-50 (6th Cir. 2002); *Bartolome v. United States*, No. H-04-3898, slip op. at 2 (S.D. Tex. Aug. 4,

9

2006); *Pecarovich*, 272 F. Supp. 2d at 989; *Scherz*, 112 F. Supp. 2d at 1010. As the United States Court of Appeals for the Fifth Circuit has explained:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision . . . mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979); *accord Wright*, 415 F.3d at 389; *Scritchfield*, 341 F. Supp. 2d at 678. Here, because the Hanaks' dispute with Beazley concerns the handling of a claim under an SFIP, Plaintiffs' state law cause of action is preempted as conflicting with the NFIA. Accordingly, summary judgment in Beazley's favor is warranted with regard to the Hanaks' equitable lien claim.

### C. Breach of Contract

Beazley argues that there is no privity enabling the Hanaks to assert a claim for breach of contract because the SFIP was a contract between OPAC and the Zamorskys, not between OPAC and the Hanaks.[4] Article II of the SFIP provides that the "insured" under the policy includes "[a]ny mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss."[5] 44 C.F.R. pt. 61, App. A(1), Art. II(A). Additionally, Article VII of the SFIP states that a covered loss will be paid "to any mortgagee of whom [the insurer has] actual notice, as well as any other mortgagee or loss

---

[4] It is unclear whether the Hanaks intended to bring their breach of contract claim under Texas law or federal common law. Because a state law breach of contract claim is preempted by the NFIA, as explained above, the court will assume that Plaintiffs assert their contract claim under federal common law.

[5] Under the SFIP, the term "mortgagee" encompasses trustees. *See* 44 C.F.R. pt. 61, App. A(1), Art. VII(Q). For purposes of this discussion, the court will use the term "mortgagee."

payee determined to exist at the time of loss." *Id.* at Art. VII(Q).  Article VII further specifies that "[a]ll of the terms of this policy apply to the mortgagee." *Id.*

Here, the parties agree that the Hanaks were not listed as mortgagees on the SFIP application.  Beazley maintains that OPAC had no actual notice or knowledge of the Hanaks' encumbrance on the property when it paid the Zamorskys' claim, and Plaintiffs neither argue, nor offer evidence suggesting, that OPAC possessed such knowledge.  Rather, to extend coverage to them as insureds under the SFIP, the Hanaks assert that they qualify as mortgagees "determined to exist at the time of loss."  They further contend that the SFIP imposes an affirmative duty on a WYO insurer to investigate the existence of lienholders at the time it adjusts a claim. Specifically, the Hanaks rely on the policy language, "determined at the time of loss," as well as language in the NFIP Adjuster Claims Manual, which states that the policy will protect the interest of any mortgagee "discovered during the investigation."  The Hanaks argue that such language implies that the WYO insurer must conduct a title search or other form of investigation to determine the existence of undisclosed lienholders for any claim filed by a named insured. Plaintiffs cite no case law, additional policy language, or other authority in support of their proposition.

1.    Construction of Policy Language

Because claims under an SFIP constitute a direct charge on the United States Treasury, the court must strictly construe and enforce the policy's provisions, complying with "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947); *accord Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005); *Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1274 (N.D.

11

Fla. 2006); *Supermercados Econo v. Integrand Assurance Co.*, 359 F. Supp. 2d 62, 67 n.4 (D. P.R. 2005); *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606, 613 (S.D. Miss. 2001). In the instant case, the court can find no language in the SFIP or the applicable statutes and regulations suggesting that a WYO insurer must routinely conduct a search for lienholders on an insured property prior to adjusting a claim. Rather, a review of the policy language suggests that the burden lies with the insured to furnish accurate information concerning the existence of lienholders.

At the outset, the SFIP expressly states that the WYO insurer will pay for covered losses only if the insured has "furnished accurate information and statements." 44 C.F.R. pt. 61, App. A(1), Art. I. Additionally, the SFIP specifies that the insured's application provides the insurer with the information used to determine the eligibility of the risk, the type of policy that will be issued, and the correct premium payment. *See id.* at Art. II(B)(3). The application becomes a part of the flood insurance policy. *See id.* If a covered loss occurs, the claimant must provide a sworn proof of loss that furnishes the insurer with specific information to aid in its adjustment of the claim. *See id.* at Art. VII(J). In particular, the proof of loss must inform the insurer of the following: (1) the claimant's interest and the interest, if any, of others in the damaged property; (2) any changes in title or occupancy during the term of the policy; and (3) the names of any mortgagees or anyone else having a lien, charge, or claim against the insured property. *See id.* at Art. VII(J)(4)(c), (e), (g). Finally, the SFIP will be declared void if the named insured or any other insured or the insured's agent intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements relating to the policy. *See id.* at Art. VII(B).

The above provisions indicate that the burden of providing lienholder information rests with the insured and the insured's agent, not with the WYO insurance carrier. Adopting the Hanaks' interpretation of the policy language and imposing an affirmative duty on the WYO insurer to investigate the legal ownership and encumbrances of each insured property when it adjusts a claim would conflict with the SFIP's framework of requiring the insured to provide such information and would import language into the SFIP that does not exist. It would also impede the prompt disbursement of funds needed to repair or rebuild a dwelling or other structure after a flood, an undesirable result from a public policy standpoint. Rather, the language the Hanaks cite is likely directed at providing the insurer the flexibility to make post-loss reformations to the policy, if necessary.[6] In any event, this language falls far short of imposing an affirmative duty on WYO insurers to verify lienholder information for each policy, particularly when, as here, the insurer has no reason to believe that the information furnished by the policyholder is inaccurate. In sum, the court holds that the SFIP did not impose an affirmative duty on OPAC to verify the existence of liens on the property when it adjusted the Zamorskys' claim. Moreover, the Hanaks have not argued, or produced evidence suggesting, that OPAC knew of the lien or learned of it when adjusting the Zamorskys' claim. Accordingly, the Hanaks do not qualify as insureds under the SFIP because they were not listed on the policy, were not named in the application, were not identified in the proof of loss, and were not mortgagees "determined to exist at the time of loss."

---

[6] This interpretation is also consistent with the SFIP's other provisions allowing for post-loss reformation of the policy, such as when an insufficient premium was paid. *See id.* at Art. VII(G)(2)(b).

13

2.    Voidness of the Policy

Moreover, if the court were to accept the Hanaks' argument that they qualify as additional insureds under the SFIP, the Zamorskys' policy would be void under the circumstances of this case. The SFIP provides that, with respect to all insureds, the policy is void and of no legal force or effect if the named insured, any other insured, or the insured's agent:  (1) intentionally concealed or misrepresented any material fact or circumstance; (2) engaged in fraudulent conduct; or (3) made false statements relating to the policy. *See id.* at Art. VII(B).  If such conduct occurs at any time, before or after a loss, the policy is deemed void as of the date of the wrongful conduct. *See id.*

Last year, the district court in Puerto Rico declared an SFIP void under circumstances similar to the instant case. *See Supermercados Econo*, 359 F. Supp. 2d at 67.  In *Supermercados Econo*, Atlantic Cold Storage, Inc. ("Atlantic"), purchased an SFIP through its insurance agent, Colonial Insurance Agency, Inc., to insure a warehouse Atlantic was using to store dry and frozen goods. *See id.* at 64.  The policy was issued by Defendant Integrand Assurance Company ("Integrand"), a WYO insurer participating in the NFIP. *See id.*  At the request of Plaintiff Supermercados Econo ("Econo"), a distributor storing merchandise in Atlantic's warehouse, Atlantic added Econo as an additional insured on the SFIP. *See id.* at 64-65.  Although ownership of the warehouse changed on multiple occasions during the following year, none of the parties notified Integrand of the changes in ownership. *See id.* at 65.  On September 10, 1996, the warehouse suffered flood damage during a hurricane, and Econo's merchandise was destroyed. *See id.*  Atlantic signed a sworn proof a loss for Integrand, but it failed to disclose Econo's losses, as well as the changes in ownership of the facility. *See id.* at 66, 68.  Specifically, in the section

14

for listing other persons with an interest in or encumbrance on the insured property, Atlantic's agent answered, "none." *See id.* at 68. The district court held that the SFIP was rendered void because Atlantic and its agents willfully and negligently misrepresented material facts regarding the changes in ownership of the warehouse facility. *See id.* at 67. As the court explained, "the black letter language of the SFIP clearly prohibits misrepresentations in applications for coverage, renewals of coverage, or, in connection with the submission of any claim." *Id.* at 70. The court then concluded that Atlantic's bar from recovery under the SFIP also prevented Econo from recovering under the policy because a loss payee may only recover to the extent the insured can recover. *See id.*

In the case at bar, the Hanaks contend that Talon knew that the Hanaks held a deed of trust on the insured property, but failed to list that interest on the Zamorskys' flood insurance application. Taking Plaintiffs' allegations as true, Talon's conduct as the Zamorskys' agent voids the Zamorskys' SFIP pursuant to the plain language of Article VII(B) because, under the Hanaks' version of the events, Talon made a false statement or intentionally misrepresented a material fact in the application. Furthermore, as in *Supermercados Econo*, the Zamorskys' proof of loss inaccurately stated "None" in the section allotted for listing encumbrances on the property. Thus, the Zamorskys swore to a false statement in connection with filing their claim, which voids the SFIP and prevents the Hanaks from recovering on the policy. Because the Zamorskys' policy is void under Article VII(B), the Hanaks could not recover under the SFIP even if they qualified as additional insureds.

15

3.    Third-Party Beneficiary Requirements

Finally, the Hanaks maintain that they are third-party beneficiaries of the SFIP and, as a consequence, are entitled to recover from Beazley under the policy. "Under settled principles of federal common law, a third party may have enforceable rights under a contract if the contract was made for his direct benefit." *Holbrook v. Pitt*, 643 F.2d 1261, 1270 (7th Cir. 1981); *accord Crumady v. The Joachim Hendrik Fisser*, 358 U.S. 423, 428 (1959); *United States v. Andreas*, 216 F.3d 645, 663 (7th Cir.), *cert. denied*, 531 U.S. 1014 (2000); *Williams v. Fenix & Scisson, Inc.*, 608 F.2d 1205, 1208 (9th Cir. 1979); *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 362 (5th Cir. 1977) (citing *Bossier Parish Sch. Bd. v. Lemon*, 370 F.2d 847, 850-52 (5th Cir.), *cert. denied*, 388 U.S. 911 (1967)). If the contracting parties did not intend to benefit the third party, however, the third party is viewed as an incidental beneficiary, having no legally cognizable rights under the contract. *See Holbrook*, 643 F.2d at 1270; *see also Pharmaceutical Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 683 (2003) (Thomas, J., concurring) (citing RESTATEMENT (SECOND) OF CONTRACTS § 304 (1979)). Under federal law, contract interpretation "dovetails precisely with general principles of contract law," and "under both bodies of law, the judicial task in construing a contract is to give effect to the mutual intentions of the parties." *NRM Corp. v. Hercules, Inc.*, 758 F.2d 676, 681 (D.C. Cir. 1985); *accord Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003), *cert. denied*, 541 U.S. 937 (2004) (citing *McCarthy v. Azure*, 22 F.3d 351, 355 (1st Cir. 1994); *NRM Corp.*, 758 F.2d at 681)).

Here, Plaintiffs assert that OPAC and the Zamorskys clearly intended that the SFIP directly benefit the Hanaks "because the policy defines them as an insured." In essence, the Hanaks are reasserting their argument that they qualify as insureds under the SFIP based on their status as

16

mortgagees. As discussed above, however, the SFIP includes only those mortgagees named in the application and declarations page, mortgagees of whom the insurer had actual notice, and mortgagees determined to exist at the time of loss. *See* 44 C.F.R. pt. 61, App. A(1), Art. II(A), Art. VII(Q). Because it is undisputed that the Hanaks were not listed on the SFIP or the proof of loss, and Plaintiffs do not rebut Beazley's assertion that OPAC had no notice of the deed of trust, actual or otherwise, and did not learn of the Hanaks' existence during the adjustment of the claim, the Hanaks do not qualify as insureds under the express language of the policy. Moreover, if they did qualify as additional insureds, they still could not recover because, as discussed above, the SFIP is void due to the false statements relating to the policy made by the Zamorskys and/or Talon.

In any event, the circumstances of this case belie the notion that OPAC and the Zamorskys intended that the SFIP directly benefit the Hanaks. First, the court finds it implausible that OPAC intended to benefit directly trustees of whom it had no knowledge. Furthermore, the evidence the Hanaks have submitted regarding the Zamorskys' intentions does little, if anything, to support their assertion. In particular, the Hanaks cite Mr. Zamorsky's deposition, in which he testified that Talon never asked him about an encumbrance on the property. Even if the court assumes that Talon did not ask Mr. Zamorsky about the deed of trust, that fact does not establish that Mr. Zamorsky affirmatively intended that the SFIP benefit Plaintiffs. Indeed, this notion is refuted by the Garcia affidavit, attached to the Hanaks' brief. In the affidavit, Garcia, the Talon employee who spoke with Mr. Zamorsky, stated that she asked Mr. Zamorsky about the deed of trust, but he specifically instructed her not to the list the encumbrance on the application because the deed of trust did not require that the Zamorskys maintain flood insurance. This evidence indicates that

17

Mr. Zamorsky affirmatively intended not to benefit the Hanaks, but rather, to exclude them as beneficiaries of the policy. Thus, the Hanaks have failed to show that they have standing to sue Beazley as third-party beneficiaries of the SFIP.

Hence, Beazley is entitled to summary judgment, as the Hanaks' state law claim for an equitable lien is preempted, and they have presented no viable claim against Beazley for breach of contract under federal statutory or common law. In light of the court's finding that summary judgment is warranted on the above grounds, the court need not address the parties' arguments concerning *res judicata* and collateral estoppel. Furthermore, because the Hanaks have not prevailed against Beazley, Beazley's third-party complaint against the Zamorskys for breach of contract/unjust enrichment, payment by mistake, voidness of the SFIP, and indemnification and contribution is moot. As Beazley states in its third-party complaint, "Beazley denies any and all liability to the Hanaks. However, should the Hanaks prevail against Beazley, then Beazley has a right to recover against the Zamorskys." Hence, Beazley's third-party complaint against the Zamorskys, which is derivative of any liability of Beazley to the Hanaks, should be dismissed without prejudice.

### D.   State Law Claims Against Talon

The Hanaks also allege state law claims against Talon, over which this court may exercise supplemental jurisdiction. The Hanaks have asserted claims against Talon under Texas law for breach of fiduciary duty and negligence based on its failure to list them as mortgagees on the SFIP. Talon, in turn, has filed a third-party complaint against the Zamorskys based on state law, alleging claims for contribution and indemnity, negligence and negligent misrepresentation, constructive fraud, and conversion.

18

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540 (2002). Supplemental jurisdiction over state law claims, however, is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *Gibbs*, 383 U.S. at 726); *accord Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004). A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *accord Premiere Network Servs., Inc., v. SBC Commc'ns, Inc.*, 440 F.3d 683, 692 (5th Cir. 2006); *Priester*, 354 F.3d at 425; *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000), *cert. denied*, 533 U.S. 915 (2001); *Cabrol v. Town of Youngsville*, 106 F.3d 101, 110 (5th Cir. 1997) (citing *Cinel v. Connick*, 15 F.3d 1338, 1344 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994) (citing *Gibbs*, 383 U.S. at 725)). Consequently, a federal court must consider the provisions of 28 U.S.C. § 1367(c) and "weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Cohill*, 484 U.S. at 350; *accord International Coll. of Surgeons*, 522 U.S. at 172-73; *Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Cabrol*, 106 F.3d at 110; *Cinel*, 15 F.3d at 1344.

When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental jurisdiction remain, a district court has broad discretion to dismiss the state law claims. *See* 28 U.S.C. § 1367(c)(3); *International Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 349; *Gibbs*, 383 U.S. at 726-27; *Priester*, 354 F.3d at 425; *Heaton*, 231 F.3d at 997; *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). The Supreme Court has counseled that a court should decline jurisdiction "'if the federal claims are dismissed before trial.'" *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) (quoting *Gibbs*, 383 U.S. at 726). Moreover, in the Fifth Circuit, the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Premiere Network Servs., Inc.*, 440 F.3d at 692; *Batiste*, 179 F.3d at 227. The rule, however, is "'neither mandatory nor absolute.'" *Amedisys Inc.*, 298 F.3d at 447 (quoting *Batiste*, 179 F.3d at 227).

Here, the Hanaks' federal claims against Beazley are subject to summary judgment and Beazley's third-party claims against the Zamorskys are subject to dismissal, leaving only the Hanaks' state law claims against Talon for breach of fiduciary duty and negligence and Talon's third-party claims against the Zamorskys. The case is not set for docket call until April 6, 2007, and the discovery period will not be completed until December 12, 2006. In this situation, because the federal claims are being dismissed well before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court should decline to exercise jurisdiction over the remaining state law claims. *See Cohill*, 484 U.S. at 350; *Metro Ford Truck Sales, Inc.*

*v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999). Therefore, the Hanaks' claims against Talon and Talon's third-party claims against the Zamorskys will be remanded to state court. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994).

III.    Conclusion

Summary judgment is warranted on all of the Hanaks' claims against Beazley. Plaintiffs' state law claim for an equitable lien is preempted by the NFIA, and the Hanaks have no cognizable claim against Beazley for breach of contract under federal statutory or common law. The finding of no liability on the part of Beazley renders moot Beazley's third-party complaint against the Zamorskys. Thus, there remain no material facts in dispute, and Beazley is entitled to judgment as a matter of law. Accordingly, Beazley's Motion for Summary Judgment is GRANTED, and Beazley's third-party complaint against the Zamorskys is DISMISSED without prejudice.

21