UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTINE STEUDLEIN WIFE OF/AND | * | CASE NO. 06-7307 |
| HENRY J. STEUDLEIN, III | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | JUDGE STANWOOD R. DUVAL |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| FIDELITY NATIONAL INSURANCE COMPANY, | * | |
| WARREN DENNIS AND HYLTON PETIT, JR. | * | |
| | * | MAG. JUDGE: |
| Defendants. | * | JOSEPH C. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION FOR ORAL ARGUMENT

NOW INTO COURT comes the Defendant, Fidelity National Insurance Company ("Fidelity"), which respectfully prays that the Court will grant oral argument of the Plaintiffs' Motion to Remand now set for hearing on the morning of November 29, 2006. Fidelity asks for oral argument for the purpose of discussing with the Court three specific topics:

First, Fidelity asks for the opportunity to discuss with the Court, the current penchant of NFIP participants to argue that the euphemism "policy procurement" applies to literally any type of activity occurring before a date of loss, and further, arguing in Motions to Remand that their Petitions only put at issue so-called policy procurement issues, when clearly a simple reading of the Petition reveals a broader scope of allegations against FEMA fiscal agents. There exists a genuine need for a Court

decision that defines the various terms that are so loosely being used in various parties' memoranda, and counsel asks for the opportunity to discuss that prospect with the Court.

Second, Fidelity asks to present argument to the Court discussing the growing line of caselaw that recognizes a clear distinction between what is truly a "policy procurement" case, and that separate category of NFIP cases that puts at issue decisions made by a WYO Program carrier when issuing or administering an existing NFIP policy.

Third, Fidelity asks for the opportunity to present oral argument concerning the federal officer removal statute. The applicability of that statute seems "made to order" for cases of this type.

Finally, Defendant submits that the issues arising in this hearing arise in three cases this Court will take up on November 29, 2006. Those three cases are *Steudlein v. State Farm, et al*, No. 06-7307; *Ivker v. State Farm, et al,* No. 06-8942; and *Cooper v. Burghardt, et al*, No. 06-7454.

WHEREFORE, and particularly in light of the public importance of the rulings being rendered by the several judges of this Court concerning NFIP jurisdictional issues, Fidelity very respectfully prays that this Honorable Court will allow oral argument of the Plaintiffs' Motion to Remand.

Dated: November 21, 2006.

                                          Respectfully submitted,

                                          NIELSEN LAW FIRM, L.L.C.

                                          /s/ *Gerald J. Nielsen*
                                          Joseph J. Aguda, Jr., #27762
                                          Gerald J. Nielsen, (T.A.) #17078
                                          Three Lakeway Center
                                          3838 N. Causeway Boulevard, Suite 2850
                                          Metairie, Louisiana 70002
                                          Telephone (504)837-2500
                                          Facsimile (504) 832-9165
                                          Counsel for Defendant, Fidelity National Insurance Company.

CERTIFICATE OF SERVICE

    I hereby certify that on November 21, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Gary M. Pendergast
1515 Poydras Street, Suite 2260
New Orleans, LA 70112

    I further certify that I mailed the foregoing document and the notice of electronic filing by facsimile and first-class mail to the following non-CM/ECF participants.

    N/A

    /s/ *Gerald J. Nielsen*
    Gerald J. Nielsen