

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 13  PM 3: 05

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IVORY AND LARRY D. KNIGHT** | * | **CIVIL ACTION 06-7771** |
| **Plaintiff** | * | **JUDGE: SARAH S. VANCE** |
| **VERSUS** | * | **SECTION R** |
| **ALLSTATE INSURANCE COMPANY** | * | **MAGISTRATE 4** |
| **Defendant** | * | **MAGISTRATE: KAREN WELLS ROBY** |

\*     \*     \*     \*     \*     \*     \*

## MOTION TO REMAND WITH INCORPORATED
## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, LARRY KNIGHT,

who respectfully moves this Honorable Court, pursuant to 28 U.S.C.A. 1447(c), to remand this case

to Civil District Court for the Parish of Orleans, State of Louisiana, on the grounds that the instant

case was improperly removed, and states the following:

I.

Defendant, ALLSTATE Insurance Company, has improperly asserted its removal application

to this court.

**WHEREFORE**, the plaintiff respectfully moves this Honorable Court to remand this matter

H:\CLIENTS\K\Knight, Larry 3204.0000\Motion with Memo to Remand.wpd

\_\_\_ Fee_____
\_\_\_ Process_____
X\_ Dktd_____
\_\_ CtRmDep\_\_\_\_\_
\_\_\_ Doc. No_____

to the Civil District Court for the Parish of Orleans, State of Louisiana, on the grounds that the removal was improper as further set forth and argued in the incorporated Memorandum in support of Motion to Remand.

Respectfully Submitted:

**DAVID L. COLVIN & ASSOCIATES**
**A Professional Law Corporation**

*Connie P. Trieu*

**DAVID L. COLVIN, Bar No. 4353**
**CONNIE P. TRIEU, Bar No. 30312**
**JEFFERY P. BROTHERS, Bar No. 22279**
230 Huey P. Long Avenue
Gretna, Louisiana 70053
Telephone: (504) 367-9001
Facsimile: (504) 367-0650
Attorneys for Plaintiff
**LARRY KNIGHT**

## INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

### I. INTRODUCTION

1.  Plaintiffs are LARRY D. KNIGHT and his wife IVORY B. KNIGHT; defendant is ALLSTATE INSURANCE COMPANY.

2.  On August 24, 2006, Plaintiffs filed a petition for property damages in Civil District Court for the Parish of Orleans.

3.  On September 12, 2006, defendant was served with the suit.

4.  On October 11, 2006, defendant filed its notice of removal with this Court.  (See

Defendants' Notice of Removal in its entirely hereto as <u>Exhibit "A"</u>).

5.  Plaintiff has filed this motion to remand the case to state court 30 days from filing of removal notice by the defendant in federal court.

## II. ARGUMENT

The court may remand a case on the basis of any defect identified in a motion for remand made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a).  28 U.S.C. §1447(c).

**A.  The court should remand this case because the amount in controversy is not in excess of $75,000.00, exclusive of interest, costs, and attorney fees.**

Jurisdiction with this court is founded when two requirements are met: 1) the existence of a federal question under either 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B) or under 28 U.S.C. § 1441(e)(1)(B) and 2) the existence of diversity jurisdiction under 28 U.S.C. § 1332, which gives federal jurisdiction over claims that involve complete diversity of citizens of diverse states and in excess of $75,000.00 in controversy.

The removing defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 as required by the Fifth Circuit.  <u>Simon v. Wal-Mart Stores</u>, 193 F.3d 848, 850 (5th Cir. 1999); <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).  In this case, plaintiff stipulates that damages are not in excess of $75,000.00 excluding interest, costs, and attorney fees evidenced by plaintiff filing a binding stipulation pertaining to the claim amount.

At the time plaintiffs' *pro se* complaint was filed alleging their loss to be at least

$253,000.00, plaintiff was unrepresented and unsure of his damages.  Since then, plaintiffs have re-assessed their loss and stipulate that these damages are not in excess of $75,000.00 excluding interest, costs, and attorney fees.

## III.  CONCLUSION

ALLSTATE INSURANCE COMPANY, has improperly asserted its removal application to this court.  For these reasons, plaintiffs ask this Honorable Court to grant the motion to remand, remand this suit to the state court where it was originally filed, and award plaintiffs their court costs, expenses, and attorney fees.

Respectfully Submitted:

**DAVID L. COLVIN & ASSOCIATES**
**A Professional Law Corporation**

**DAVID L. COLVIN, Bar No. 4353**
**CONNIE P. TRIEU, Bar No. 30312**
**JEFFERY P. BROTHERS, Bar No.  22279**
230 Huey P. Long Avenue
Gretna, Louisiana  70053
Telephone:  (504) 367-9001
Facsimile:  (504) 367-0650
*Attorneys for Plaintiff*
**IVORY AND LARRY KNIGHT**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, hand delivery, and/or by placing a copy of the same in the United States mail, first class, postage prepared this _13_ day of November, 2006.

**CONNIE P. TRIEU**

H:\CLIENTS\K\Knight, Larry 3204.0000\Motion with Memo to Remand.wpd