Case 2:05-cv-04182-SRD-JCW   Document 1859   Filed 11/28/06   Page 1 of 7

15-6119



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 22 PM 4:44

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY D. KNIGHT AND HIS WIFE<br>IVORY BUTLER KNIGHT | CIVIL ACTION |
| VERSUS | DOCKET NO. 06-7771 |
| ALLSTATE INSURANCE COMPANY | SECTION K (DUVAL) |
| | MAGISTRATE 3 (KNOWLES) |

### OPPOSITION TO MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes defendant, Allstate Insurance Company, who opposes plaintiffs' Motion to Remand With Incorporated Memorandum in Support of Motion to Remand for the following reasons:

### FACTS

On September 12, 2006, defendant received notice of plaintiffs' filed Pro Se Complaint naming Allstate Insurance Company as the sole defendant. The petition alleges that Allstate provided homeowner's insurance for plaintiffs' property. The petition further alleges that the insured property was extensively damaged as a result of Hurricane Katrina. The petition states in pertinent part:



_ Fee_____
_ Process____
X Dktd_____
✓ CtRmDep___
_ Doc. No____

-1-

> 6. On September 1, 2005, Plaintiff submitted a claim and demand under the policy to recover for losses sustained to insured property as a result of Hurricane Katrina. Plaintiff further satisfied all other terms and conditions of the policy. The insured loss is estimated to be at least, but not limited to, $253,000.00.
>
> 8. Defendant has wrongfully failed to act on the claim submitted by Plaintiff, or, alternatively, has wrongfully denied the claim within the time provisions established by La. R.S. 22:658 and La. R.S. 22:1220. In doing so, Defendant has breached the express terms and conditions of the policy and has otherwise denied Plaintiff the insurance coverage promised by the Defendant in a manner that has been arbitrary, capricious and without probable cause.

Allstate filed a timely Notice of Removal citing the allegations contained in the petition as evidence that the amount in controversy exceeded the requisite $75,000.00 for federal jurisdiction. On November 13, 2006 plaintiffs filed a Motion to Remand with a "Stipulation." Plaintiffs bring a singular argument that defendant has failed to prove the amount in controversy exceeds $75,000.00. This position is erroneous for three reasons. First, the Pro Se Complaint, when removed, stated as plaintiffs acknowledge that the alleged loss plaintiffs suffered to be at least $253,000.00. Second, the "Stipulation" does not in fact state the matter in controversy will not exceed the sum or value of $75,000.00 exclusive of interest and costs. Third, the "Stipulation" is insufficient in that it does not constitute a binding stipulation wherein the plaintiffs affirmatively renounce a right to accept more than $75,000.00.

## It Is Facially Apparent That The Claims Are Likely Above $75,000.00

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. See Allen v.

R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of the removal. See Asociacion Nacional De Pescadores v. Doe Quimica, 988 F.2d 559, 565 (5th Cir. 1993), cert denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000.00, or (2) by setting forth facts in controversy - preferably in the removal petition, but sometimes by affidavit - that support a finding of the requisite amount. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999) (citing, Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In this instance, it is facially apparent that the claims are likely above $75,000.00.

To begin with, plaintiffs acknowledge in their remand motion that the complaint filed alleged a loss to be at least $253,000.00. Furthermore, although in Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition, if the claims sought are less than the requisite amount to exercise federal jurisdiction, plaintiffs are required to allege same in the petition. La.Code.Civ.P. Art. 893 (as amended by Acts 2004, No. 334). Here, the Pro Se Complaint not only when filed did not seek less than the requisite amount for federal jurisdiction, it specifically stated an amount above the jurisdictional amount. Thus, the plaintiffs have, in effect, conceded in their state court pleadings that the requisite

jurisdictional amount is in controversy. This creates a strong presumption in favor of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938).

Furthermore, plaintiffs have also alleged bad faith claims against Allstate and seek penalties and attorney's fees under LSA-R.S. 22:1220 and LSA-R.S. 22:658. Plaintiffs have alleged in their petition that they are entitled to a 25% penalty on the amount which was due from the insurance company as well as for attorney's fees. LSA-R.S. 22:1220 provides a penalty in an amount not to exceed two times the damages sustained or $5,000.00, whichever is greater. Causes of action in a petition for bad faith are included in determining the jurisdictional amount of this Court. Albarado v. State Farm Mutual Automobile Ins. Co., 91-2036, 1991 W.L. 165733 (E.D. La. August 20, 1991); St. Paul Reinsurance, 134 F.3d at 1253; Abbott Labs, 51 F.3d at 526-57.

Between the stated amount of damages, the lack of alleging damages less than the requisite amount for federal jurisdiction and the inclusion of penalties and attorney's fees, it is facially apparent that the amount in controversy exceeds $75,000.00. Plaintiffs' motion for remand should thus be denied.

### Plaintiffs' "Stipulation" Does Not State The Matter In Controversy Does Not Exceed The Sum Or Value Of $75,000.00

A review of plaintiffs' Stipulation does not demonstrate an amount exceeding $75,000.00 is not being sought. The Stipulation states that as of its filing the aggregate monetary damages on all counts do not exceed $75,000.00 "excluding costs, attorney's fees and interest." This is again repeated in plaintiffs' argument indicating that "plaintiff stipulates the damages are not in excess of $75,000.00 excluding interest, costs and

attorney's fees evidenced by plaintiff filing a binding stipulation pertaining to the claimed amount."[1] Although the Stipulation is rather ambiguous, the plaintiff has asserted in the Stipulation and in his Memorandum that the amount in controversy being under $75,000.00 does not include his right to attorney's fees. Since La. R.S. 22:658 could afford attorney's fees and same are included in the jurisdictional amount, the Stipulation is defective and plaintiffs' argument is erroneous. Plaintiffs cannot exclude a claim for attorney's fees from the amount in controversy as is argued in their Memorandum.

In resolving the Motion to Remand, this Court must look at the jurisdictional facts as they existed at the time the case was removed. Asociacion Nacional De Pescadores, supra. Jurisdiction may not be defeated by post-removal events. St. Paul Mercury Indemnity Co., supra. Plaintiffs may not defeat removal by subsequently changing their demand request because post-removal events cannot deprive a court of jurisdiction once it has attached. St. Paul Mercury Indemnity Co., supra, 303 U.S. at 292, 58 S.Ct. at 592. This is not a case wherein the plaintiffs are alleging there is some clarification of a previously uncertain jurisdictional issue. Here there is no ambiguity as to the amount in controversy at the time of the removal because the plaintiffs had pled an amount exceeding the jurisdictional amount necessary for federal jurisdiction.

## Plaintiffs' "Stipulation" Is Insufficient To Constitute A Binding Stipulation

The Stipulation submitted with the remand motion initially asserts that the aggregate monetary damages of plaintiffs on all counts do not exceed $75,000.00 excluding costs, attorney's fees and interest. The document goes on further to suggest that "in the future" the plaintiffs are reserving their right to amend their petition to

---

[1] Plaintiff's Motion to Remand @ p. 3

increase their demand over $75,000.00 if facts should warrant same. The third paragraph of the document suggests that plaintiffs' right to amend is limited to a one-year period.

To the extent plaintiffs are seeking to stipulate that their damages are less than $75,000.00, the statements they have made in the Stipulation are insufficient to constitute a binding stipulation because plaintiffs have not affirmatively renounced the right to accept more than $75,000.00. Davis v. State Farm Fire & Casualty, No. 06-0560, 2006 WL 1581272 at *2 (E.D. La. June 7, 2006) (citing, La.Code.Civ.P. Art. 862); see also Crosby v. Lassen Canyon Nursery, Inc., 203 WL 22533617, *3 (E.D. La. Nov. 3, 2003). A "Stipulation," like plaintiffs', which is not a sworn affidavit and falls short of stipulating that the claimants will not seek more than the jurisdictional amount, is not binding. Printworks, Inc. v. Dorn Co., 869 F.Supp. 463, 440 (E.D. La. 1994).

Considering the foregoing, it is evident that the amount in controversy exceeds $75,000.00 and that therefore, plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

**DONOVAN & LAWLER**, APLC

_____
**JAMES L. DONOVAN, JR.** (1337)
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885

Attorneys for defendant,
Allstate Insurance Company

## CERTIFICATE OF SERVICE

    I certify that I have served a copy of this document on all known counsel of record by United States Mail on November 20, 2006.

_____
JAMES L. DONOVAN, JR.