27345-00

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANCES IVKER, wife of/and BARRY IVKER | * | CIVIL ACTION NO. 06-8942 |
| versus | * | SECTION " R " |
| STATE FARM FIRE AND CASUALTY COMPANY, SUSAN GEOGHEGAN and XYZ INSURANCE COMPANY STATE FARM | * * | MAGISTRATE 1 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY'S FEES

**NOW INTO COURT** comes plaintiffs, Frances Ivker, wife of and Barry Ivker, who move this Court for an Order remanding this matter back to the Civil District Court for the Parish of Orleans and for related attorney's fees.

This Court lacks subject matter jurisdiction over this matter. This is a case that is based on the procurement of the proper type/amount of insurance coverage and the amounts paid by a homeowner's carrier. Nothing more, nothing less. Additionally, plaintiffs do not allege any

1

cause of action based upon the adjustment or administration of any flood policy. There is no diversity of citizenship. Additionally, this Honorable Court has already ruled that 28 U.S.C. § 1369, the MMTJA, is inapplicable to Hurricane Katrina. *Berry v. Allstate Ins. Co.*, Slip Copy, No. 06-4922 WL 2710588 (E.D. La. 9/19/2006) (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006).

I.  **BACKGROUND.**

The Petition alleges only state law claims against non-diverse defendants. The Petition asserts causes of action against defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), only for the adjustment and administration of plaintiffs' HOMEOWNER's policy. Plaintiffs do not allege any causes of action against State Farm for the adjustment and administration of any flood policy.

The Petition alleges only state law claims against Louisiana resident defendant, Susan Geoghegan (hereinafter "Geoghegan"), for negligence and misrepresentations made to plaintiffs in the PROCUREMENT of the flood insurance policy. Specifically, plaintiffs alleged that Geoghegan made numerous misrepresentations to plaintiffs concerning the type and amount of insurance necessary to cover plaintiffs, and that the homeowner's and flood policy were interlocking in that they would pick up for the other when coverage was exhausted. The Petition maintains that these misrepresentations breached numerous duties to plaintiffs, including the fiduciary duty owed to plaintiffs to be properly insured for an adequate amount of coverage.

2

The Petition does not make any claim concerning the adjustment or administration of any flood policy. In fact, Geoghegan failed to recommend to petitioners that they obtain adequate coverage for flood insurance, despite the availability of same. All of the claims alleged in the lawsuit pertain to violations of state law i.e., concern the adjustment and administration of HOMEOWNERS policy and the failure of Geoghegan to properly PROCURE the necessary amount of flood coverage.

Finally, there are no class action allegations in the Petition which may provide for any alternative basis for jurisdiction. Defendants' removal is baseless and so against the clear precedent of this Court and the Fifth Circuit that attorney's fees should be awarded.

## II. STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statute must be strictly construed. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); see also *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995). Doubts concerning removal must be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002); see also *Smith Lupo Williams Partners vs. Carter*, Civil Action # 06-2808, 2006 WL 2548255 (E.D. La.).

### III. THIS COURT DOES NOT HAVE JURISDICTION OVER NON-DIVERSE PARTIES FOR ANY STATE LAW CLAIMS ARISING IN ANY WAY FROM HOMEOWNER'S POLICIES.

Earlier this year, this Court addressed the issue of whether a federal court lacks subject matter jurisdiction over claims for damages that "arise under [plaintiff's] homeowner's policy." *Dupree v. Lafayette Ins. Co.*, No. 06-42, at 2 (E.D. La. 3/8/06) (Zainey, Jr.). Judge Zainey reasoned that a homeowner's policy is a contract and that any:

> [D]etermination as to whether [plaintiff's] claims fall within the coverage of that contract will not require reference to the [Standard Flood Insurance Policy]. <u>Any contention to the contrary is utterly unconvincing.</u>"

*Id.* at 5 (emphasis supplied).

Judge Zainey was so unconvinced by the *Dupree* defendants' persistent interjection of the Standard Flood Insurance Policy ("SFIP") into the controversy to try to create subject matter jurisdiction that he ordered defendant insurance company to pay attorneys' fees and costs related to remand and removal. *Id.* at 5-6.

There is simply no conceivable, credible argument put forth by defendants that provide a basis for federal question jurisdiction in any claim based upon state law claims concerning plaintiff's HOMEOWNER's policy.

### IV. PROCUREMENT VS. ADJUSTMENT: THIS COURT AND THE FIFTH CIRCUIT HAVE CONSISTENTLY HELD, WITHOUT DEVIATION, THAT

4

## ISSUES RELATED TO THE <u>PROCUREMENT</u> OF FLOOD POLICIES DO NOT GIVE RISE TO A FEDERAL QUESTION.

In the last few years, this Court has decided a number of cases in which it categorically held that there can be no federal question jurisdiction for state law claims arising out of the procurement of flood insurance. See *Corliss v. South Carolina Ins. Co.,* 2004 U.S. Dist. LEXIS 25664 (E.D. La. 2004) (Vance, J.); *Elizabeth v. USAA General Indemnity Co.,* 2002 U.S. Dist. LEXIS 24887 (E.D. La. 2002) (Vance, J.); *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc.,* 2000 U.S. Dist. LEXIS 15924 (E.D. La. 2000) (Duval, Jr.); *Lakewood Aparts. Assoc. L.P. v. Proctor Homer Warren, Inc.,* 1996 U.S. Dist. LEXIS 6274 (E.D. La. 1996) (Schwartz, J.).

In all of these cases, this Court relied upon *Spence v. Omaha Indem. Ins. Co.,* 966 F.2d 793 (5th Cir. 1993):

> The Fifth Circuit has held that because 42 U.S.C. § 4072 'addresses itself solely to actions arising from partial or complete disallowance of flood insurance policy claims' the [National Flood Insurance Act] does not preempt state tort claims arising from policy procurement. These claims are thus not governed by federal law, but by state law, and they provide no basis for federal question jurisdiction.

*Corliss,* 2004 U.S. Dist. LEXIS 25664, at *7 (quoting *Spence,* 996 F.2d at 796). See also, *Elizabeth,* 2002 U.S. Dist. LEXIS 24887, at *9-*13; *Powers,* 2000 U.S. Dist. LEXIS 15924, at *9-*11; *Lakewood Aparts. Assoc.,* 1996 U.S. Dist. LEXIS 6274, at *6-*7.

In *Corliss,* as in this case, this Court was dealing with "state law tort claims asserting that [defendant insurance agents] were negligent in advising plaintiffs when plaintiffs procured the policy." *Corliss,* 2004 U.S. dist. LEXIS 25664, at *7. Here, plaintiffs make state law tort claims

5

that defendant insurance agent was negligent in both failing to procure and failing to advise plaintiff as to the proper amount and type of flood coverage.

V.      **DEFENDANTS' ARGUMENT - 28 U.S.C. § 1332.**

In their Petition for Removal defendant contends that plaintiff has named Geoghegan solely to defeat diversity and that it is to be considered "fraudulent joinder." In fact, it is defendant in its argument that is in bad faith. Defendant has failed to submit proof of fraudulent joinder as required by law. Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an instate defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an instate defendant. A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting a *Fed. R. Civ. P. 12(b)(6)*-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. ***Southern Athletic Club, LLC v. The Hanover Insurance Company et al.,*** No: 06-2605, 2006 U.S. Dist. LEXIS 66634, 2006 WL 2583486 (E.D. La. 9/6/06).

Defendant cannot prove either factor. Defendants do not allege any actual fraud in pleading jurisdictional facts and doesn't even attempt to allege the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

In fact, Plaintiffs can establish a cause of action against the non-diverse defendant, Geoghegan, in state court. Geoghegan was the insurance agent for plaintiffs. Geoghegan is the one and only person who could recommend the types of coverages necessary and the amounts of coverages that were proper. Geoghegan recommended homeowner's coverage that included coverage for "contents." Geoghegan recommend flood insurance but failed to match the flood limits to that of the homeowner's policy, despite its availability and plaintiffs' specific request to do so. A lawsuit against one's insurance agent for failure to recommend and procure the type of coverage necessary to protect one's assets is based in state law negligence and is a viable claim governed only by state law and, thus, this case must be remanded. *American Zurich Ins. Co. v. Johnson,* 37, 567 (La.App. 2 Cir 7/30/03), 850 So.2d 1112; *Smith v. Millers Mutual Ins. Co.,* 419 So.2d 59 (La.App. 2d Cir. 1982); *Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728 (La. 1973); *Breck Construction Co., LLC v. Thomas Farr & Reeves Agency, Inc.,* 852 So.2d 1151, 37, 484 (La.App. 2nd Cir. 8/20/03); *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224 (5th Cir. 1990), 89-3557.

**An insurance agent or broker has a fiduciary duty and responsibility to its insured.** *Ferd. Marks Smither & Co. Ltd. v. Home Furnishings Store, Inc.,* 440 So.2d 239 (La.App. 4th Cir. 1983); *Williams v. Fab-CON, Inc.,* 990 F.2d 228 (La. 5th Cir. 1993) re-hearing denied.

    **A.    Acts of an agent are <u>not</u> imputed to an insurer.**

*American Zurich Ins. Co. v. Johnson,* holds that an act of an agent of the insured are **not** imputable to the insurer. *American Zurich Ins. Co. v. Johnson,* 37,567 (La. App. 2d Cir. 7/30/03), 850 So. 2d 1112.

### B.   Duty of An Insurance Agent – A Fiduciary Duty

Louisiana law does not place a duty on an insurance agent to procure or obtain additional insurance, or advise an insured regarding same, in the absence of an agreement between the insured and the agent. *Smith v. Millers Mutual Ins. Co.,* 419 So.2d 59 (La.App. 2d Cir. 1982); and *Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728 (La. 1973).

*Smith* dealt with the issue of whether an agent was negligent in failing to recommend higher limits, failing to advise of the availability of a single limit policy and failing to secure an umbrella policy. In *Smith,* the Court looked at the facts and determined that facts did not satisfy the *Smith* criteria for holding the agent liable. The criteria is as follows:

1)   An insurance agent is responsible not only for his unfaithfulness but also for his neglect. LSA-C.C.P. 3003; *Maclan Services Co. Inc. v. Louisiana Companies,* 351 So.2d 827 (La.App. 1st Cir. 1977); *Walker v. Fontenot,* 329 So.2d (La. App. 1st Cir. 1976).

2)   An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728 (La. 1973); *Kiernan v. Commercial Union Ins. Co. of N.Y.,* 271 So.2d 889 (La.App. 4th Cir. 1973).

3)   In order to recover for loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove:

8

a) An undertaking or agreement by the agent to procure insurance;

b) Failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify client promptly if he failed to obtain the insurance; and

c) The actions of the agent warranted an assumption by the client that he was properly insured. ***Porter v. Utica Mutual Ins. Co.***, 357 So.2d 1234 (La.App. 2nd Cir. 1978); ***Redmond v. National Union Fire Ins. Co.***, 403 So.2d 810 (La.App. 2d Cir. 1981).

The *Smith* court held that the evidence adduced at trial shows the agent discharged his duty to plaintiff by procuring the policy requested by plaintiff. The *Smith* court's holding requires an agent to obtain insurance when there is an undertaking or an agreement to procure said coverage. Failure to do so is a breach of the duty owed to the insured if the insurance is available.

Plaintiffs went to their agent, Geoghegan, and asked them to procure all of the necessary insurance that would cover petitioners' home for any loss sustained. Geoghegan procured homeowner's insurance that covered petitioner for the premises and contents. Geoghegan failed to procure the requested amount of flood insurance. Therefore, clearly, plaintiffs and defendant, Geoghegan, had an agreement that Geoghegan would procure plaintiffs any and all coverage necessary to protect plaintiff and Geoghegan failed to do so.

An insurance agent who suggests certain type of coverage to insured is more than a "mere order taker" for the insured under Louisiana law; his **fiduciary duties** include advising insured with regard to recommended coverage, investigating and ascertaining financial condition of prospective insurers, and notifying insured of policy cancellations or terminations. ***Offshore***

9

*Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224 (5th Cir. 1990), 89-3557. **An insurance agent or broker has a fiduciary duty and responsibility to its insured.** *Ferd. Marks Smither & Co. Ltd. v. Home Furnishings Store, Inc.*, 440 So.2d 239 (La.App. 4th Cir. 1983); *Williams v. Fab-CON, Inc.*, 990 F.2d 228 (La. 5th Cir. 1993) re-hearing denied.

An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. *Breck Construction Co., LLC v. Thomas Farr & Reeves Agency, Inc.*, 852 So.2d 1151, 37, 484 (La.App. 2nd Cir. 8/20/03).

**V.   28 U.S.C. § 1369(a)**

This Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1369 (a), the "MMTJA," 28 U.S.C. 1369(a) states:

> a) The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if -- --
>
> > 1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
> >
> > 2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
> >
> > 3) substantial parts of the accident took place in different States.

The recently decided *Southern Athletic Club* case provides some critical analysis of the legislative history, intent and precedent on the MMTJA (Civil Action No. 06-2605 Section: "S" (4), (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634):

> The Act would streamline the process by which multidistrict litigation governing disasters are adjudicated.

H.R.Conf.Rep. 107-685, § 11020, 202 U.S.C.C.A.M. 1120 (2002).

> The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties.

*23 Rev. Litig. 177 at 5 (2004).*

> The change to minimal diversity in class actions aims to promote the purposes of the class action device: fairness, uniformity, efficiency, and manageability in mass litigation.

*Id.* at 4.

> The intended scope of minimal diversity is to reach a 'very narrowly defined category of cases.'

*Id.* at 5.

> While the MMTJA could apply in an action by a single plaintiff against two defendants, '[m]ore likely, many plaintiffs and many defendants would be involved in the typical suit which [*16] would fall under the MMTJA, and often certification of a class action would be sought.

H.Alston Johnson, III, *Current Topics in Federal Subject Matter Jurisdiction Based on Diversity of Citizenship* (June 7, 2006).

11

**The narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants.** See, e.g., *Chehardy v. Wooley*, Nos. 06-1672, 06-1673 and 06-1674 (E.D. La.) (jurisdiction under § 1369; multi-plaintiff, multi-defendant case consolidated for pretrial purposes with *Colleen Berthelot v. Boh Brothers Construction Co.*, No. 05-4182 (E.D. La.) (class action for damages out of the breach of hurricane protection levees and flood walls)). This case involves only two plaintiffs and two defendants involved in the dispute over insurance coverage. When Congress enacted the MMTJA, it was intended to provide a federal forum for mass accidents such as plane crashes, train crashes, and hotel fires that occur at a discrete location. *See* 147 Cong. Rec. H893-01; 137 Cong. Rec. E1923-02 (1991). However, Hanover seeks to expand the MMTJA to include post Hurricane Katrina insurance claims.

Louisiana courts have established that a hurricane is a natural event – an "Act of God" or a "*force majeure*" – and not an "accident." *Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co.*, 803 So.2d 86, 92 (La. App. 4th Cir.2001). An "Act of God" is defined as a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ. *Rector v. Hartford Accident & Indem. Co.*, 120 So.2d 511, 522 (La. App. 1st Cir.1960).

An accident as opposed to an "Act of God" generally involves human agency, and its effects therefore can be avoided by the exercise of reasonable prudence, diligence, and care. In contrast, Hurricane Katrina developed over the course of many days, crossing the boundaries of Florida and the Gulf of Mexico, before striking Louisiana, Mississippi, and Alabama. No amount of reasonable prudence, diligence, or care could have spared the people of the Gulf Coast from Hurricane Katrina's fury. Such an event is easily distinguished from the plane crashes, train crashes, and hotel fires contemplated by Congress during the passage of the MMTJA.

Although it is undisputed that more than 75 persons died as a result of Hurricane Katrina and its aftermath, this Honorable Court has clearly determined that such deaths did not occur at a discrete location from a single incident attributable to Hurricane Katrina. ***Berry v. Hanover Ins. Co.***, Slip Copy, 06-4922 WL 2710588 (E.D. La. 9/19/2006) (Zainey, J.); ***Southall v. St. Paul Travelers Ins. Co.***, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.). Hurricane Katrina injured and killed people in Florida, Mississippi, Alabama, and Louisiana. As recognized by this Court, the 108,456-square-mile[1] area affected by Hurricane Katrina is not a "discrete location" by any definition.

Furthermore, in ***Flint v. La. Farm Bureau Mut. Ins. Co.***, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) and ***So. Athletic Club, LLC v. Hanover Ins. Co.***, No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006), Judges Duval and Lemmon rejected the argument that

---

[1] See ***2005 Louisiana Hurricane Impact Atlas***, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 7/6/06).

13

Hurricane Katrina was an "accident" for purposes of the MMTJA. *Berry*, 2006 WL 2710588, * 3, n. 1. In fact, no court thus far has concluded that Hurricane Katrina was an "accident" for purposes of §1369(a), including the Fifth Circuit in *Wallace v. Louisiana Citizens Property Insurance Company*, 444 F.3d 697 (5th Cir. 2006); *Berry*, 2006 WL 2710588, * 3.

Prior to Hurricane Katrina, the only reported case interpreting the MMTJA arose from a tragic fire at a Rhode Island nightclub in which more than one hundred patrons died. *Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I. 2004). A tragic night club fire is easily distinguishable from Hurricane Katrina in so much as a fire involves human agency and could have been "avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation render[ed] reasonable to employ." *Id.* Indeed, it is precisely this type of failure to exercise reasonable prudence, diligence and care by plane manufacturers, train operators, and nightclub owners that bring about the plane crashes, train crashes, and fires that trigger MMTJA jurisdiction. By contrast, a failure by State Farm and Geoghegan to exercise reasonable prudence, diligence, and care did not cause the tragic events of Hurricane Katrina. As such, an assertion of subject matter jurisdiction in this case pursuant to MMTJA is absurd.

The "accident" involved in the case at bar did not arise as a result of Hurricane Katrina. The cause of action arose out of defendant Geoghegan's failure to properly procure insurance on behalf of plaintiffs. Was the 'accident' when Geoghegan procured the insurance? Plaintiffs are not alleging any survival or wrongful death action, and merely sued their insurance agent for its negligence in procuring insurance. Certainly, 75 people did not die as a result of agent Geoghegan's failure to properly procure the proper and sufficient insurance coverage for

14

plaintiffs. Plaintiffs, like the court in the *Southern Athletic Club* case, finds it hard to believe that 28 U.S.C. 1369(a) was intended to cover an agent's negligence in procuring insurance for its client. *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, 2006 U.S. Dist. LEXIS 58264, 2006 WL 2375593 (E.D. La. 8/15/06).

If 28 U.S.C. § 1369(a) covered this case, every case filed even remotely occurring as a result of Hurricane Katrina would end up in Federal Court. It is clear that the elements of 28 U.S.C. 1369(a) have not been met and the District Court does not have subject matter jurisdiction over the agent's procurement of a policy and the improper adjustment of the claim by the homeowner carrier. Those claims are based in state law.

If this Court determines there is subject matter jurisdiction pursuant to 28 U.S.C. 1369(a), then this court can still decide to abstain from hearing the case if the elements of 28 U.S.C. 1669(b) are met:

> b) Limitation of jurisdiction of district courts. -- -- The district court shall abstain from hearing any civil action described in subsection (a) in which -- --
>
> 1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
> 2) the claims asserted with be governed primarily by the laws of that State.

There are only two plaintiffs in this matter and they are both citizens of the State of Louisiana. The claims asserted by Plaintiffs are governed only by the laws of this State. The actions plaintiffs have brought involve the errors and omissions of their insurance agent in the

15

procurement of insurance coverage and the failure of plaintiffs' insurer to properly adjust plaintiffs' claims under the terms of their homeowners policy. The errors and omissions claim is one of state law negligence and the claim against the insurer is a breach a contract claim. Both claims are state law claims.

## VI.   DEFENDANTS' ARGUMENT – 28 U.S.C. § 1441(c)(1)

Since this action could not be brought under 28 U.S.C. § 1369, removal is improper under 28 U.S.C. § 1441 (e)(1). Defendants cite *Wallace v. Louisiana Citizens Property Ins. Co., et al.*, Civil Action No. 06-0114, 444 F.3d 697 (5th Cir. 2006). *Wallace* was a class action petition filed by property owners in Plaquemines Parish against several Louisiana insurers regarding whether the plaintiffs are entitled to recover the full value stated on the face of their insurance policies for the total loss of their insured property as a result of Hurricane Katrina. The *Wallace* case has no bearing on plaintiff's case against his agent for negligence and his homeowner insurer for breach of contract. The *Wallace* case did not hold that 28 U.S.C. 1369(a) was applicable to Katrina related claims. *Wallace* only dealt with the abstention provisions of 28 U.S.C. 1369(b).

The Fifth Circuit remanded the *Wallace* case back to Judge Livaudais to determine if 28 U.S.C. § 1369(a) is applicable and, thus, if removal was proper. On June 7, 2006, Judge Livaudais held that the claims of supplemental subject matter jurisdiction under 28 U.S.C. § 1369(a) and 28 U.S.C. §1441(e)(1)(B) were insufficient to overcome the presumption against federal subject matter jurisdiction. (See **Exhibit "A".**)

16

## VIII. LA. R.S. 9:5606 - PRESCRIPTION/PEREMPTION

Defendants argue that the case is prescribed and/or perempted by La. R.S. 9:5606, by mentioning the statute, but provide nothing more than a policy purchase date to support this assertion. Defendant fails to produce the renewal dates and if the policy, its terms or amounts of insurance changed upon renewal. Defendant fails to attach the actual policy, declarations page, or file material related to the renewal by Geoghegan. Further, defendant fails to attach any evidence from Geoghegan regarding the renewal.

Each of the above is provided without benefit of review by plaintiffs on cross-examination. What defendant thinks is not "significant" may be significant under the law. Additionally, the actions of Geoghegan must be considered. What representations did Geoghegan make to plaintiffs when plaintiffs purchased or renewed said policy? Were there changes to the policy that interrupted the prescriptive and/or the peremptive period? That is unknown at this time and needs to be investigated.

For purposes of Remand, this Court must take the well pleaded facts as true. When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). Defendant has failed to meet its burden and thus the case must be remanded.

The removal statute must be strictly construed. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); see also *Sea Robin*

17

*Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995). Doubts concerning removal must be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); see also *Smith Lupo Williams Partners vs. Carter*, Civil Action # 06-2808, 2006 WL 2548255 (E.D. La.). Since the removal statute must be strictly construed and all doubts concerning removal must be construed against removal and in favor of remand to state court, defendants failure to submit any evidence whatsoever besides a self-serving Affidavit from Hanover demonstrates that remand is in order. The complete file of Geoghegan must be reviewed and Geoghegan's representatives deposed in state court before a determination of prescription and/or peremtion.

At a minimum, plaintiff should be allowed to conduct discovery on this issue since defendant is in possession of some documentation that would weigh on the issue of prescription and/or peremption. The case should be remanded to state court for said discovery since the Court lacks subject matter jurisdiction.[2]

## IX.   SHOULD THE AGENT'S AND INSURER'S CLAIMS BE SEVERED

Defendants also argue that the cases against State Farm and Geoghegan are improperly joined and should be severed. Defendants submit some case law in attempts to support this proposition, but that case law generally deals with improper joiner, and not with the issue presently before the court. i.e., whether and agent and insurer can be sued in the same cause of

---

[2]If the discovery demonstrates that the case against the agent is prescribed or perempted, diversity would exist and this Court would have jurisdiction.

action. Plaintiffs suggest that it would be a waste of time for plaintiffs, defendants, counsel and the appropriate courts to sever the cases. However, should this court determine that severing the matter is appropriate, only Plaintiffs' claims against State Farm case should be removed based on diversity and Geoghegan's case remanded to state court.

### X.    DEFENDANTS' REMOVAL IS SO GROSSLY LACKING IN ANY SUPPORT THAT ATTORNEY'S FEES SHOULD BE AWARDED.

Defendants' removal lacks any legal support. As a result of defendant's failure to follow the precedent of this Court, attorney's fees of $1,500 should be awarded.

Accordingly, plaintiff requests attorney's fees in the amount of $1,500 related to preparing and filing this remand pursuant to 28 U.S.C. § 1447. Defendants' removal of this case was without objectively reasonable grounds. See *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000).

### IX.   CONCLUSION.

Plaintiffs respectfully requests that this Court remand this matter with an award of attorney's fees in the amount of $1,500.

Respectfully submitted,

_____
BRIAN D. KATZ (Bar No. 24137)
**ATTORNEY FOR PLAINTIFFS**
*Herman Herman Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113

**Temporary Address:**
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70113

19

|  |  |
|---|---|
| **TELEPHONE:** | (504) 581-4892 |
| **FAX:** | (504) 561-6024 |
| **E-MAIL:** | bkatz@hhkc.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **November 8, 2006,** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

JOSEPH J. AGUDA, JR.

_____
BRIAN D. KATZ (Bar No. 24137)
ATTORNEY FOR PLAINTIFF
*Herman Herman Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
**Temporary Address:**
    Place St. Charles
    201 St. Charles Avenue, Suite 4310
    New Orleans, Louisiana 70113

|  |  |
|---|---|
| **TELEPHONE:** | (504) 581-4892 |
| **FAX:** | (504) 561-6024 |
| **E-MAIL:** | bkatz@hhkc.com |