UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES and REBECCA WALLACE, ET AL        CIVIL ACTION

versus        NO. 06-0114

LOUISIANA CITIZENS PROPERTY        SECTION: E/1
INSURANCE CORPORATION, ET AL

### ORDER AND REASONS

This matter is before the Court on plaintiffs' (collectively "Wallace") second motion to remand, record document #42. Defendants, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company, ANPAC Louisiana Insurance Company and Louisiana Citizens Property Insurance Corporation have filed motions to transfer this matter. The matter was considered on the briefs on June 7, 2006. For the reasons that follow, Wallace's second motion to remand is **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This is a Class Action Petition by property owners in Plaquemines Parish against several Louisiana insurers regarding whether the plaintiffs are entitled to recover the full value stated on the face of their insurance policies for the total loss of their insured property as a result of Hurricane Katrina, pursuant to Louisiana law. The lawsuit is brought solely


EXHIBIT "A"

pursuant to state law, La.R.S. 22:695(A) of the State Insurance Code, known as the "Valued Policy Law" (VPL). The lawsuit was filed in state court and removed to the district court by the intervening defendants in this lawsuit - Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company. Removal was based on 28 U.S.C. § 1441(e)(1)(B). R.d. #1. On February 15, 2006, the district court granted plaintiffs' first motion to remand and entered an order of remand. R.d. #21. Defendants appealed. R.d. ##22, 23 and 24. The Fifth Circuit exercised appellate jurisdiction pursuant to 28 U.S.C. § 1291, and vacated the district court's Order of Remand upon a finding that the district court had incorrectly based its remand order on 28 U.S.C. § 1369(b). The Fifth Circuit remanded the matter to the district court for further proceedings "not inconsistent with this opinion". C.A. No. 06-00009 (March 31, 2006). Plaintiffs' motion for a rehearing was denied.

In this second motion to remand, plaintiffs argue that this matter should be remanded for lack of supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B), a companion statute to 28 U.S.C. § 1369 (Multiparty, Multiforum Trial Jurisdiction Act or "MMTJA"). Defendants insist that the issue of subject

matter jurisdiction is foreclosed because "the Fifth Circuit has now ruled twice in this case without detecting a lack of subject matter jurisdiction."

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Insurance Company of America, 114 S.Ct. 1673, 1675 (1994) (citations omitted); Peoples National Bank v. Office of the Comptroller of the Currency of the United States, 362 F.3d 333, 336 (5th Cir. 2004), *citing* Hashemite Kingdom of Jordan v. Layale Enterp., S.A., 272 F.3d 264, 269 (5th Cir. 2001); Acosta v. Bleich, 2004 WL 1057570 *1, (E.D.La.) Vance, J., *citing* Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Absent subject matter jurisdiction conferred by the Constitution or statue, federal courts lack the power to adjudicate claims. Robinson v. The University of Texas Health Science Center, 74 Fed.Appx. 400, 2003 WL 22047380 (C.A. 5(Tex.)).

Federal subject matter jurisdiction extends to actions that involve a federal question, diversity of parties, admiralty

-3-

actions, suits between states, suits against foreign states or ambassadors, and bankruptcy proceedings.  Acosta, at id., *citing* 28 U.S.C. §§ 1330-1334; *see also* UNITED STATES CONSTITUTION, ART. III, SEC. 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, ... –between citizens of different States; ....")  There is a presumption against federal subject matter jurisdiction that must be rebutted by the party asserting that jurisdiction. Kokkonen, 114 S.Ct. at 1675;  Peoples National Bank, 362 F.3d at 336;  Acosta, at *1.  "A district court may dismiss an action for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts."  Acosta, at id. (citations omitted).

The complaint requests relief based solely on Louisiana law. No Constitutional or federal statutory issue is raised, hence there is no federal question jurisdiction.  All plaintiffs and all defendants are Louisiana citizens, precluding even minimal diversity jurisdiction.  Defendants do not controvert the lack of federal question or diversity jurisdiction evident on the face of the complaint.  Rather, their Notice of Removal asserts federal

-4-

supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and 28 U.S.C. § 1369[1]. This is insufficient to overcome the presumption against federal subject matter jurisdiction. Because this court lacks subject matter jurisdiction, it cannot entertain defendants' motions to transfer.

Accordingly,

**IT IS ORDERED** that Wallace's motion to remand this matter is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter **BE AND IS HEREBY REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, June 7, 2006.

*[signature]*
MARCEL LIVAUDAIS, JR.
Senior United States District Judge

---

[1] Section 1369(a) requires at least "minimal diversity", and section 1441(e)(5) provides that "[a]n action removed under this subsection shall be deemed to be an action under section 1369 ...."