


**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | § § § § § | **CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAGISTRATE WILKINSON** |
| **PERTIANS TO:** **ST. RITA:** (Kramer), Case No. 06-7457 | § § | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

This is an action filed by Wes Kramer, Tracy Kramer and Dean Kramer wherein the Plaintiffs seek to recover for the death of Mildred Kramer, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina. The action was originally filed in the 34th Judicial District Court for the Parish of St. Bernard. The Plaintiffs alleged that the Defendants were negligent in several respects, *inter alia*, in

___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No___

failing to evacuate the home in advance of the storm. Pursuant to case law, and in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674 *et seq.*, a defendant in a state court action is permitted to bring a third party demand against the United States *without* first exhausting administrative remedies. *See, Hassan v. Louisiana Department of Transportation and Development*, 923 F.Supp. 890 (W.D. La. 1996). Shortly after Defendants filing an Answer to Plaintiffs' petition, Defendants properly filed a Third Party Demand in the 34th Judicial District for the Parish of St. Bernard against the United States under the FTCA, 28 U.S.C. §2674 and §1346(b).[1] Defendants averred in the Third Party Demand that the Government was negligent in the design, construction and maintenance of the MRGO, and that the Government's negligence caused or exacerbated the flooding of the St. Rita Nursing Home. The Government in turn removed this action and many others to federal court.

The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense. The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal. *Devore v. City of Mesa*, 783 F.Supp. 452 (D. Ariz. 1991). The Court is required to assume that all factual allegations of the Complaint are true. *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163 (E.D. Pa. 2003). The burden is on the non-movant to show that the case was properly removed. *Nicholas v. Southeast Health Plan*, 859 F. Supp. 553 (S.D. Ala. 1993).

[1] State entities and officials were also named within the Third Party Demand.

Plaintiffs' falsely contend within their Memorandum in Support of Motion to Remand that the Defendants have filed the Third Party Demand against federal officials and entities as an attempt to delay and/or harass the Plaintiffs. This allegation is wholly without merit. Defendants inclusion of federal officials and entities within its' Third Party Demand is based upon the right to seek indemnity and/or contribution from Third Party Defendants in the event Defendants are cast in judgment herein. The right to indemnity and/or contribution *has not* been abolished by the 1996 Amendments to Louisiana Civil Code Article 2324. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 at *2 (E.D. La. 2005) (stating "the *Dumas* court did not hold that Louisiana had entirely eliminated tort indemnity and contribution"); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *2 (E.D.La. 2004) (affirming decision of *Campo*, discussed *supra*, regarding the holding of *Dumas*, "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution"); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (holding "the Louisiana supreme court [in *Dumas*] did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution").

As to the substance of the motion, the "facially apparent" test urged by the Plaintiffs as the appropriate standard for this Court to employ when considering a Motion to Remand is misplaced in the present case. The "facially apparent" test is utilized in *diversity cases* when questioning whether it is facially apparent the amount in controversy meets or exceeds the statutory amount codified at 28 § U.S.C. 1332.

The present motion is tantamount to a motion to dismiss the United States. Plaintiff clearly lacks standing to bring such a motion. In any event, the jurisdiction of this Court is clear. The United States of America is currently a party, and clearly claims against the United States are within the jurisdiction of the federal district courts. The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a). If and when the Government files a motion to dismiss and prevails, then Plaintiffs may urge that the case be remanded to state court.

For the foregoing reasons, defendants request that the Motion to Remand be denied.

Respectfully submitted, this 21 day of November, 2006.

EMMETT, COBB, WAITS & HENNING

BY: ______________________
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana 70433
Telephone: (985) 898-0504

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 21 day of November, 2006.