UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE, MRGO, RESPONDER O'Dwyer, No. 06-4389 | § § § § § | |

**RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWER
ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.**

Now into Court, through undersigned counsel, comes Eustis Engineering Company, Inc. ("Eustis") for the purpose of answering the plaintiffs' "Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorney's Fees and Taxable Costs in a Class Action Lawsuit Filed Pursuant to the Federal Rules of Civil Procedure" which named Eustis as a party ("Complaint").

**RULE 12(B)(6) DEFENSES**

**First Rule 12(b)(6) Defense**

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted.

### Second Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a timely claim against Eustis upon which relief can be granted.

### Third Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a viable claim against Eustis. Any claim against Eustis is perempted as a matter of law. The averred cause of the damage expired before the plaintiffs filed the Complaint.

### Fourth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Fifth Rule 12(b)(6) Defense

The Complaint fail to state a claim for recovery of damages, attorneys fees, litigation costs, or legal interest.

### **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

### Third Affirmative Defense

Eustis did not engage in any activity under which Eustis could be liable under a theory of negligence.

### Fourth Affirmative Defense

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

### Fifth Affirmative Defense

Any damages were neither caused nor contributed to by any act or omission by Eustis.

### Sixth Affirmative Defense

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

### Seventh Affirmative Defense

Eustis was engaged by the United States Army Corps of Engineers from time to time to provide engineering services. However, to the extent that plaintiffs allege federal question jurisdiction based on government contractor status, which Eustis denies, Eustis pleads, in the alternative, all defenses available to government contractors. Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

**Eighth Affirmative Defense**

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility.  On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation and was a superceding cause of the failure of the levees.

**Ninth Affirmative Defense**

The design criteria for the levees were exceeded during Hurricane Katrina.

**Tenth Affirmative Defense**

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

**Eleventh Affirmative Defense**

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

**ANSWER**

And now, in answer to the averments contained in the Complaint filed by the plaintiffs, Eustis states:

1.

No answer is required of Eustis to Paragraph 1 of the Complaint.  Out of caution, Eustis denies the averments contained in Paragraph 1, except to admit that the named plaintiffs filed a civil action.

2.

With respect to the averments against Eustis, Eustis denies the allegations in

Paragraph 2 of the Complaint. Out of caution, Eustis denies the remainder of the averments contained in Paragraph 2, except to admit that the named plaintiffs filed a civil action.

3.

Eustis denies the allegations contained in Paragraph 3 of the Complaint because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3, except to admit that Eustis engages in business within this federal district. Eustis also denies that it is a foreign corporation.

4.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 4 of the Complaint and also denies that maritime jurisdiction exists. The remainder of Paragraph 4 is denied, because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of Paragraph 4.

5.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 5 of the Complaint and also denies that the pollution statutes listed provide jurisdiction.

6.

With respect to the averments in Paragraph 6 of the Complaint, Eustis denies that any federal question jurisdiction exists and denies that Eustis, as a non-governmental actor, violated plaintiffs' Fifth Amendment rights.

7.

With respect to the averments contained in Paragraph 7 of the Complaint, Eustis denies that any supplemental jurisdiction exists. Eustis denies the remainder of Paragraph 7 because Eustis is without firsthand knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained therein.

8.

Eustis denies that admiralty and maritime jurisdiction exist in this action. No answer is required of Eustis to the remainder of the averments in Paragraph 8 of the Complaint. Out of caution, Eustis denies the remainder of the averments contained in Paragraph 8.

9.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 9 of the Complaint and denies that general maritime law applies.

10.

With respect to any averments against Eustis, Eustis denies the allegations in Paragraph 10 of the Complaint.

11.

No answer is required of Eustis to Paragraph 11 of the Complaint. Out of caution, Eustis denies the allegations in Paragraph 11 because Eustis is without sufficient information or firsthand knowledge of the averments in Paragraph 11.

12.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 12 of the Complaint. Eustis denies the remainder of the allegations in Paragraph 12 of the Complaint because Eustis is without sufficient information or firsthand

knowledge of the remainder of the averments in Paragraph 12.

13.

No answer is required of Eustis to Paragraph 13 of the Complaint. Out of caution, Eustis denies the averments contained in Paragraph 13.

14.

No answer is required of Eustis to Paragraph 14 of the Complaint. Out of caution, Eustis denies the averments contained in Paragraph 14.

15.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 15 of the Complaint. Eustis denies the remainder of the allegations in Paragraph 15 of the Complaint because Eustis is without sufficient information or firsthand knowledge of the allegations in Paragraph 15.

16.

Eustis denies all allegations in Paragraph 16 of the Complaint.

17.

Eustis denies all allegations in Paragraph 17 of the Complaint and denies that the doctrine of *res ipsa loquitor* applies.

18.

Eustis denies all allegations in Paragraph 18 of the Complaint and denies that the plaintiffs are entitled to attorneys fees and costs.

19.

No answer is required of Eustis to Paragraph 19 of the Complaint. Out of caution, Eustis denies the averments contained in Paragraph 19.

20.

No answer is required of Eustis to Paragraph 20 of the Complaint. Out of caution, Eustis denies the averments contained in Paragraph 20.

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Complaint filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

>Respectfully Submitted,
>
>GARDNER & KEWLEY
>A Professional Law Corporation
>
>  s/Erin E. Dearie
>THOMAS F. GARDNER, T.A. (#1373)
>ERIN E. DEARIE (#29052)
>1615 Metairie Road, Suite 200
>Metairie, Louisiana  70005
>Telephone:   (504) 832-7222
>Facsimile:    (504) 832-7223
>
>**ATTORNEYS FOR:**
>**EUSTIS ENGINEERING COMPANY, INC.,**
>**DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of November, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing, or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

>  s/Erin E. Dearie
>ERIN E. DEARIE