UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE, MRGO, RESPONDER O'Dwyer, No. 06-4389 | § § § § | |

**RULE 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND ANSWER ON BEHALF OF EUSTIS ENGINEERING COMPANY, INC.**

Now into Court, through undersigned counsel, comes Eustis Engineering Company, Inc. ("Eustis") for the purpose of answering the plaintiffs' "First Supplemental and Amending Complaint in a Class Action Lawsuit" ("Complaint").

**RULE 12(B)(6) DEFENSES**

**First Rule 12(b)(6) Defense**

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted.

**Second Rule 12(b)(6) Defense**

In the Complaint, the plaintiffs fail to state a timely claim against Eustis upon which

relief can be granted.

### Third Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a viable claim against Eustis. Any claim against Eustis is perempted as a matter of law. The averred cause of the damage expired before the plaintiffs filed the Complaint.

### Fourth Rule 12(b)(6) Defense

In the Complaint, the plaintiffs fail to state a claim against Eustis upon which relief can be granted because Eustis' last engineering services were finished more than five years before the plaintiffs filed suit.

### Fifth Rule 12(b)(6) Defense

The Complaint fails to state a claim for recovery of damages, attorneys fees, litigation costs, or legal interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The fault of third parties, for whom Eustis is not responsible, caused or contributed to the alleged damages.

### Second Affirmative Defense

A *force majure* event caused or contributed to the alleged damages.

### Third Affirmative Defense

Eustis did not engage in any activity under which Eustis could be liable under a theory of negligence.

**Fourth Affirmative Defense**

At all times pertinent, Eustis' conduct complied with the standard of care and skill employed by other geotechnical engineers practicing in this community.

**Fifth Affirmative Defense**

Any damages were neither caused nor contributed to by any act or omission by Eustis.

**Sixth Affirmative Defense**

In the event that Eustis is found to have been negligent, to have breached a contractual obligation, to have engaged or to have been at fault in connection with any theory of liability or cause of action, then Eustis' conduct could not have been the cause in fact of the damages.

**Seventh Affirmative Defense**

Eustis was engaged by the United States Army Corps of Engineers from time to time to provide engineering services.  However, to the extent that plaintiffs allege federal question jurisdiction based on government contractor status, which Eustis denies, Eustis pleads, in the alternative, all defenses available to government contractors.  Eustis is not responsible for alterations of Eustis' geotechnical advice and for designs based on subsequently developed criteria.

**Eighth Affirmative Defense**

Any damage as a result of the failure of the levees was due to geological faulting and is not Eustis' responsibility.  On information and belief, a geologic fault exists beneath the levee systems; movement along the fault beneath the levees damaged the foundation

and was a superceding cause of the failure of the levees.

### Ninth Affirmative Defense

The design criteria for the levees were exceeded during Hurricane Katrina.

### Tenth Affirmative Defense

Eustis incorporates, as one or more additional affirmative defenses, all of the averments listed previously as Rule 12(b)(6) defenses.

### Eleventh Affirmative Defense

Eustis pleads all averments listed in pleadings by any party may provide a basis for an affirmative defense that is not listed in this pleading.

### ANSWER

And now, in answer to the averments contained in the Complaint filed by the plaintiffs, Eustis states:

1.

No answer is required of Eustis to Paragraph 1 of the Complaint, amending Article I of the original complaint.  Out of caution, Eustis denies the averments contained in Paragraph 1, except to admit that the named plaintiffs filed a civil action.

2.

With respect to the averments against Eustis, Eustis denies the allegations in Paragraph 2 of the Complaint, amending Article II of the original complaint.  Out of caution, Eustis denies the remainder of the averments contained in Paragraph 2, except to admit that the named plaintiffs filed a civil action.

3.

No answer is required of Eustis to Paragraph 3 of the Complaint.  Out of caution, Eustis denies the averments contained in Paragraph 3 and reavers and reiterates all answers to the original complaint as if copied herein *in extenso.*

WHEREFORE, Eustis Engineering Company, Inc. prays that, after due proceedings are held, there be judgment dismissing with prejudice the Complaint filed by the plaintiffs, taxing the plaintiffs with all costs of this proceeding, and granting to Eustis Engineering Company, Inc. all other general and equitable relief.

Respectfully Submitted,

GARDNER & KEWLEY
A Professional Law Corporation


 s/Erin E. Dearie
THOMAS F. GARDNER, T.A. (#1373)
ERIN E. DEARIE (#29052)
1615 Metairie Road, Suite 200
Metairie, Louisiana  70005
Telephone:	(504) 832-7222
Facsimile:	(504) 832-7223

**ATTORNEYS FOR:
EUSTIS ENGINEERING COMPANY, INC.,
DEFENDANT**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 29th day of November, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing, or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

                                           s/Erin E. Dearie
                                           ERIN E. DEARIE