UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: O'DWYER, No. 06-4389 | * * * * | JUDGE DUVAL MAG. WILKINSON |

### MEMORANDUM IN SUPPORT OF CSX TRANSPORTATION, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

A complaint filed in our federal court system must "'give the Defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Complaint in this case fails this most basic test as to defendant CSX Transportation, Inc. ("CSXT"). Plaintiffs' "Complaint for Compensatory and Exemplary Damages and For Reasonable Attorney's Fees and Taxable Costs in a Class Action Lawsuit Filed Pursuant to the Federal Rules of Civil Procedure" filed on August 17, 2006 (O'Dwyer, No. 06-4389, Dkt. No. 1) ("Complaint") names CSXT as a defendant. That, plus a cursory jurisdictional assertion, is the totality of the Complaint's pleading as to CSXT. Complaint ¶ III.16. There is not a single allegation of substantive fact,

931982-1

nor a single allegation of substantive law, as to this defendant. By pleading nothing as to CSXT, plaintiffs by definition fail to plead an actual duty necessary to prosecute a negligence claim. CSXT and the Court have no way of knowing what CSXT is being accused of in this action, or why it is included at all.

CSXT accordingly seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

A.   **Plaintiffs' Complaint Fails to Allege Any Duty Owed by CSXT and Therefore Fails to State a Claim**

"A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006). In Louisiana the existence of a duty and its scope are questions of law. *See Dupre v. Chevron, U.S.A., Inc.*, 20 F.3d 154, 159 (5th Cir. 1994). The failure to allege a duty renders a complaint legally deficient. *Johnson v. United States*, 547 F.2d 688, 695 (D.C. Cir. 1976) (citing 5 C. Wright & A. Miller, *Federal Practice* § 1249 at 227-28 (1969)); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial" (citations omitted)).

The Complaint offers *no* allegations against CSXT other than its cursory statement identifying CSXT as a defendant and providing basic jurisdictional allegations. The Complaint fails to allege a duty owed by CSXT to the plaintiffs, or to anyone for that matter. Indeed, the Complaint offers no source for any duty, and no basis in negligence for recognizing or creating such a duty. Plaintiffs' failure to allege a duty is ultimately a failure to assert a claim; this failure is fatal to plaintiffs' claim against CSXT.

This Court and the parties are not required to speculate about plaintiffs' theory of duty. Because plaintiffs have failed to plead *any* facts that suggest CSXT owed them a duty, dismissal is now in order.

B.  **Plaintiffs' Complaint Fails to Make Any Allegations as to CSXT and Therefore Fails to State a Claim**

Under the liberal pleading requirements of Federal Rule 8(a), a plaintiff must plead: (1) a short and plain jurisdictional statement; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) a prayer for relief. Fed. R. Civ. P. 8(a). While a minimal obligation, it is an obligation no less. The pleading must at a bare minimum "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47). "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

The Complaint violates these most basic pleading requirements, and as a result states literally no claim against CSXT, much less a claim upon which relief can be granted. In fact, the only reference to CSXT in the Complaint can be found in the section listing the various defendants and asserting jurisdiction: "CSXT Transportation, Inc., a foreign corporation which, at all times pertinent, did business within the territorial jurisdiction of this Honorable Court". Complaint ¶ III.16. The Complaint thus fails to provide any notice of facts or circumstances giving rise to a claim against CSXT. Indeed, not only does the Complaint fail to set forth *sufficient* information to outline the elements of a claim -- it fails to set forth *any* information. Where a complaint offers no factual or legal allegations against a given defendant, dismissal is

931982-1                                3

appropriate. *See, e.g., Kadar Corp. v. Milbury*, 549 F.2d 230, 232 (1st Cir. 1977) (affirming dismissal of complaint, despite liberal pleading standard, where defendant was named only in the complaint's caption).

In this Circuit, as elsewhere, a complaint which "contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal*, 197 F.3d at 164 (citing *Walker v. South Centr. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). Even a "bare bones" allegation as to CSXT is found nowhere in the Complaint. Because plaintiffs have failed to assert any factual allegations against CSXT, plaintiffs have not stated a claim upon which relief can be granted. Accordingly, plaintiffs' claims should be dismissed.

## CONCLUSION

Respectfully, the Complaint should be dismissed as to CSXT for failure to assert anything as to this defendant and, therefore, for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,

        s/Brent A. Talbot
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
    -of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**