UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § | CIVIL ACTION |
| | § | NO. 05-4182 "K" (2) |
| PERTAINS TO: St. Rita 06-8810 (Berthelot) | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO REMAND AND TO DISMISS THIRD PARTY DEMAND**

MAY IT PLEASE THE COURT

This Supplemental Memorandum in Support of Motion to Remand is being filed in response to the St. Rita's entities' latest tactic in attempting to keep this matter in Federal Court—admitting that there is no longer a contribution in Louisiana tort law but claiming that they are somehow entitled to claim indemnity against the United States of America as a basis for federal jurisdiction.  This Supplemental Memorandum will demonstrate that St. Rita's entities have not stated a claim for indemnity under Louisiana law and therefore there is no basis for a third party demand against the United States of America, which is the only basis for subject matter jurisdiction in this case.

Louisiana tort indemnity law is extensively discussed *in Lombard v. New Orleans Naval Support Activity Commission*, 2004 WL 2988 483 (Eastern District of Louisiana 2004).  In *Lombard,* just as in the instant case, the United States of America was added as a third party defendant by a defendant in a tort suit.  Just as in the instant case, just after being added as a third

1

party defendant, the United States of America removed the matter to Federal Court. The only basis asserted for a third party demand against the United States of America by the defendant was that it was entitled to indemnity. That is the same situation that we have in the instant case. In granting the United States' Motion to Dismiss Third Party Complaint, Judge Africk exhaustively discussed Louisiana indemnity law. The court pointed out that the bedrock principle is that "generally, a tortfeasor has no right of indemnity against a co-tortfeasor." Citing *Ducre v. The Executive Officers of Halter Marine, Inc.*, 752 F. 2nd 976, 984 (5th Cir. 1985) The court also noted the well established principle that Louisiana Law allows claims for tort indemnity <u>only</u> when the third party plaintiff's negligence is passive or its fault is only technical or theoretical. See *Threlkeld v. Haskins Law Firm* 922 F 2nd 265, 267 (5th Cir. 1991) The court noted that in *Ducre, supra* the 5th Circuit Court of Appeals discussed several common forms of technical or passive fault which the Louisiana courts have recognized as giving rise to a claim for tort indemnity. As the *Ducre* court noted, there are four main situations in which tort indemnity will apply:

1.      When a surety has paid a creditor upon default of the primary debtor the surety has a claim for reimbursement from the primary debtor. 752 F. 2nd at 984.

2.      A second example is in an action based on vicarious liability in which an employer who has incurred liability pursuant to the principles of *respondeat superior* has the right of indemnity against its employee whose fault cause the plaintiff's damage. 752 F. 2nd at 985.

3.      Another common form of "passive" fault is when the owner of a building is held liable for a "vice" in the building which causes injuries solely on the ground that the owner failed to discover the dangerous condition. 752 F. 2nd at 985.

4.      Similarly, when a thing causing injury is not a building, but a defective piece of equipment, the owner of the equipment held liable for causing injury may recover an indemnity against the manufacturer whether the manufacturer is liable in negligence or strict tort. 752 F. 2nd at 985.

The court also noted that whenever active negligence of the defendant asserting indemnity is involved, indemnity is not available. For instance, where a store owner was, himself, actively negligent in failing to warn of a danger which he knew, the store owners liability was not based upon mere custody of a damaging instrumentality and failure to discover its defect but on this fact his own active negligence was committed after we knew of the defects. *Hunt v. City Stores* 387 So. 2nd 585 (La. 1980). Also, a seller of an unreasonably dangerous piece of equipment does not have a right of indemnification from a manufacturer when the seller is at fault in creating defects in the equipment or in failing to cure easily remediable defects. *Chaudoir v. Porsche Cars of N. Am.* 667 So. 2nd 559, 574 (La App. 3rd Cir. 1996).

Courts have dismissed claims for tort indemnity when the liability of the would-be indemnitee is not based upon any theory of vicarious or strict liability which compels such parties to pay a judgment based upon another party's fault but the claim, instead, is only based upon the would-be indemnitee's active negligent conduct. See *Threlkeld, supra* 923 F. 2nd at 268; *Hesse v. Champ Crv. Line* 828 So. 2nd at 687, 692 (La. App 3rd Cir. 2002; *Hamway v. Braud* 838 So. 2nd 803, 806 ( La. App. 1st Cir. 2002); *Carter v. Deitz* 505 So. 2nd 106 (La. App. 4th Cir. 1987) *Joiner v. Diamond M. Drilling Co.* 688 F. 2nd 256 (5th Cir. 1982)

As noted in *Lombard, supra,* in order to determine whether tort indemnity is available, the court should first look to the original plaintiff's claim against the defendant seeking

3

indemnity to determine whether those claims are premised upon imposing liability solely by vicarious, constructive or derivative liability. If the plaintiff's claims against the defendant seeking indemnity are allegations of active negligence, indemnity is not available. *Lombard, supra; Threlkeld, supra.* The original petition filed in this matter is attached hereto as Exhibit "A". As can be seen, the original petition makes the following allegations of negligence against the St. Rita's entities.

> "5. The death of Shirley Hartdegen was directly and proximately caused by the negligence and intentional acts of the defendants, including but not limited to the following:
>
> a. In failing to evacuate residents of St. Rita's Nursing Home despite actual knowledge and notice that Hurricane Katrina would present St. Bernard Parish with catastrophic flooding and wind damage;
>
> b. In failing to notify families and next of kin of residents of St. Rita's Nursing Home that residents would not be evacuated;
>
> c. In allowing families and next of kin of residents of St. Rita's Nursing Home to believe that residents of the nursing home would be properly cared for and evacuated if necessary;
>
> d. Other acts and omissions which will be shown at the trial of this matter."

As can be easily seen, the original petition filed against St. Rita's entities alleges active negligence on the part of the St. Rita's entities. There is no allegation of vicarious, constructive, or derivative liability on the part of the St. Rita's entities.

Next, reference should be had to the allegations of the third party demand by the St. Rita's entities against the United States of America. The essence of the third party demand is that the presence of the Mississippi River Gulf Outlet (MRGO) "greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane

4

Katrina."  (Paragraph XXXV of the third party demand) the specific allegation of the negligence of the United States of America made by the St. Rita's entities is as follows:

> "XXXV
>
> The United States of America owed a duty of reasonable care to third party plaintiff's which was breached by the construction and maintenance of the MRGO.  In addition, the United States of America negligently concealed from third party plaintiff's that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina.  By reason of these acts of negligence, the United States of America is liable to third party plaintiff's by way of indemnity and/or contribution should they be cast in judgment herein."

The holding of the court in *Lombard* in dismissing the third party demand against the United States of America in that case is equally applicable to the instant case and succinctoy states the reasons why the third party demand in this matter does not support a claim for tort indemnity under Louisiana Law.

> "Moreover, taking the allegations in the third party complaint as true and construing the third party complaint in favor of Goodworks, the allegations in Goodworks' third party complaint do not support a claim for tort indemnity.  The allegations in the third party complaint merely allege a negligence claim the United States and can only be read as:
> 1. A complete denial of its own negligence;
> 2. A claim that the United States is concurrently at fault; or
> 3. An argument that the alleged negligence of the United States is a superseding or primary cause of the decedent's death.  To the extent that Goodworks completely denies liability or seeks to claim that the negligence is a superseding cause of decedents death, such allegations simply constitute defenses to liability and " negate the fundamental predicate of the indemnity claim, namely, when the establishment of liability, in the first instance, against the would-be indemnitee. "
> Ducre, 752 F. 2nd at 987(citing, White, 662, F. 2nd at 250).  Additionally, Goodworks' allegation of its potential concurrent negligence also precludes a claim for tort indemnity because the right to indemnity does not exist in favor of a joint  tortfeasor

5

>whose act or failure was a contributing case of an injury. See *Nassif,* 739 So. 2nd at 186. Furthermore, Goodworks' suggest that it could be held liable for the fault of the United States is without any legal or factual foundation in the pleadings because, as noted above, Goodworks' liability is not based upon any theory of constructive, technical or vicarious fault and, therefore, Goodworks would not be answerable to plaintiff's in damages for the fault of the United States. "(*Lombard, supra page 9*)

The foregoing holding in *Lombard* applies equally to the allegations in this case. The allegations of original petition and third party demand simply do not form a basis for tort indemnity because there is no claim of vicarious, constructive or derivative liability by either plaintiff or by the third party plaintiff's. As a matter of fact, any legal right to an indemnity on the part of St. Rita's entities would not even arise unless and until a judgment was rendered against them. They could, at that point, consider filing a claim against the United States of America based upon indemnity if that could somehow be supported by the facts. The fact of the matter is that the only reason that a claim has been made by the St. Rita's entities against the United States of America was to create federal jurisdiction and get these cases out St. Bernard Parish. This tactic should not be allowed to stand. This matter should be remanded to state court.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**


BY:   s/ William R. Mustian, III
    **WILLIAM R. MUSTIAN, III (#9865)**
    3117  22nd Street, Suite 6
    Metairie, Louisiana  70002
    Telephone:  (504) 831-0666
    Facsimile:   (504) 831-0726
    E-mail:  wrm@stangamustian.com