UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY FRUGHT** | **CIVIL ACTION NO. 06-7577** |
| **VERSUS** | **SECTION: I** |
| **LAFAYETTE INSURANCE COMPANY** | **MAGISTRATE 5** |

_____

**ANSWER TO COMPLAINT
BY LAFAYETTE INSURANCE COMPANY**

NOW INTO COURT, through undersigned counsel, comes defendant, Lafayette Insurance Company, and respectfully answers, avers, and pleads as follows:

**FIRST DEFENSE**

The petition fails to state a cause of action against Lafayette Insurance Company upon which relief can be granted.

**SECOND DEFENSE**

The plaintiff has no right of action against Lafayette Insurance Company

**THIRD DEFENSE**

Lafayette Insurance Company breached no duty and/or obligation that it owed or may have owed under state and/or federal law to the plaintiff.

**FOURTH DEFENSE**

The claims in the petition are barred by the doctrine of waiver and/or estoppel and/or laches and/or ratification.

## FIFTH DEFENSE

Plaintiff's petition is vague and fails to conform to the requirements of La. C.C.P. Articles 856 and 863 and/or Federal Rules of Civil Procedure 9 and 11.

## SIXTH DEFENSE

Some or all of the claims in the petition are barred by the parol evidence rule since any contract between plaintiff and Lafayette Insurance Company embodies the full agreement of the parties.

## SEVENTH DEFENSE

Plaintiff failed to mitigate their damages, if any.

## EIGHTH DEFENSE

Plaintiff's claims fail for want of consideration.

## NINTH DEFENSE

Defendant pleads force majeure, Act of God and impossibility of performance.

## TENTH DEFENSE

The claims of plaintiff are premature, both as a matter of law and a matter of contract because plaintiff has failed to comply with the policy provisions of the subject policy including but not limited to any appraisal process.

## ELEVENTH DEFENSE

Lafayette Insurance Company is not guilty of any false, misleading or deceptive activities, or any other wrongful conduct as alleged in the petition.

## TWELFTH DEFENSE

Lafayette Insurance Company has at all times acted in good faith.

## THIRTEENTH DEFENSE

Lafayette Insurance Company specifically pleads the terms, conditions, exclusions, and limitations of any policy of insurance, as the best evidence of the contents of any policy of insurance, all of which is pled herein as if copied fully and in extensio.

## FOURTEENTH DEFENSE

Defendant may be entitled to mediation as provided by the Policies, Rules and Regulations of the Louisiana Department and Commissioner of Insurance.

## FIFTEENTH DEFENSE

To the extent Lafayette Insurance Company has made tenders to plaintiff under the Policy at issue, it is entitled to a credit for the tenders made to plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the matters of which it complains were adequately disclosed to it and/or it failed to read documents which were provided to it which disclosed such matters.

## SEVENTEENTH DEFENSE

Lafayette Insurance Company is entitled to set-off or credit for any amounts paid by it or any other entity.

## EIGHTEENTH DEFENSE

Lafayette Insurance Company affirmatively pleads, pursuant to *Louisiana Civil Code*, Articles 2323-2324, for an adjudication of fault, if any, as to all individuals and/or entities whose negligence may have contributed to cause the alleged injuries to plaintiff, whether they be parties, settling parties or non-parities.

## NINETEENTH DEFENSE

Alternatively, Lafayette Insurance Company would show that the alleged injuries to Plaintiff, if any, resulted from the acts or omissions of persons other than Lafayette Insurance Company, such acts or omissions constituting the independent, intervening and sole proximate cause of the Plaintiff's alleged injuries.

## TWENTIETH DEFENSE

Alternatively, Lafayette Insurance Company would show that there is an inherent mutual duty of good faith in the subject contract, and that the Plaintiff may have failed to act in good faith.

## TWENTY-FIRST DEFENSE

Lafayette Insurance Company would show that the claims asserted in the petition are barred in whole or in part, or are subject to offset any benefits paid to the Plaintiff.

## TWENTY-SECOND DEFENSE

Lafayette Insurance Company would show that the petition fails to state a claim or cause of action for extra-contractual damages and/or statutory penalties against it upon which any relief can be granted.

## TWENTY-THIRD DEFENSE

Lafayette Insurance Company would show that the subject insurance contract and all related activities conformed in every respect to accepted industry standards and practices, and further affirmatively pleads all insuring provisions and exclusions contained in the policy.

## TWENTY-FOURTH DEFENSE

Lafayette Insurance Company would show that the Plaintiff has ratified the insurance contract, and is, therefore, barred from asserting the claims raised in the complaint.

## TWENTY-FIFTH DEFENSE

Lafayette Insurance Company would assert that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## TWENTY-SIXTH DEFENSE

Lafayette Insurance Company affirmatively pleads all affirmative defenses available pursuant to La. C.C.P. Art. 1005 and/or Fed. R. Civ. P. 8(c).

## TWENTY-SEVENTH DEFENSE

Lafayette Insurance Company affirmatively pleads all terms, conditions and exclusions of the subject insurance contract.

## TWENTY-EIGHTH DEFENSE

Lafayette Insurance Company affirmatively pleads the defense of lis pendens as there is pending on the docket of this court several matters involving the same facts, parties, and issues, including Connie Abadie, et al v. Aegis Security Insurance Company, et al., No. 06-5164 (E.D.La.); Colleen Berthelot, et al v. Boh Bros. Construction Company, LLC, et al., USDC Eastern District, No. 05-4182, Sect. "K", Mag (2); Keith Randall v. Allstate Indemnity Company, USDC Eastern Dist.

No. 06-1053, Sect. "R", Mag (5); and Pearl Caruso, et al v. Allstate Insurance Company, et al, USDC Eastern Dist. No. 06-2613, Sect. "R", Mag. (1).

AND NOW, to answer each particular allegation of the complaint, Lafayette Insurance Company responds as follows:

1.

The allegations contained in Paragraph 1 of the Petition are denied.

2.

The allegations contained in Paragraph 2 of the Petition and all sub-parts thereof, are denied.

3.

The allegations contained in Paragraph 3 of the Petition and all sub-parts thereof, are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph of the Petition and all sub-parts thereof, are denied. To the extent these allegations state legal conclusions, defendant is not required to admit or deny them.

5.

Plaintiff's pray for relief is denied.

**JURY DEMAND**

Defendant prays for a trial by jury on all issues so triable.

**WHEREFORE,** defendant, Lafayette Insurance Company prays that this answer to the plaintiff's Petition for Damages be deemed good and sufficient and that, after due and legal proceedings are had herein, that there be a judgment in their favor, and against plaintiff, with

prejudice, dismissing the petition filed against Lafayette Insurance Company. Lafayette Insurance Company further prays for all costs of this proceeding, including

                              Respectfully submitted,

                              **BARRY & PICCIONE**

                              s/Stephen R. Barry
                              **STEPHEN R. BARRY (#21465) T.A.**
                              *A Professional Law Corporation*
                              **DAPHNE P. MCNUTT (#20292)**
                              **WENDELL R. VERRET (#21968)**
                              612 Gravier Street
                              New Orleans, Louisiana 70130
                              Telephone: (504) 525-5553
                              Facsimile: (504) 525-1909

                              **COUNSEL FOR DEFENDANT, LAFAYETTE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

       I certify that a copy of the foregoing pleading has been served upon all known counsel of record by fax, email, and/or U.S. Mail, postage prepaid and properly addressed.

    New Orleans, Louisiana this 29th day of November, 2006.

                                s/ Stephen R. Barry
                                **STEPHEN R. BARRY**