# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§ | CIVIL ACTION<br>NO.  05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| LEVEE | § | |
| | § | |
| FLEMING V. UNITED STATES OF AMERICA, ET AL.<br>(2:06-cv-5169) | §<br>§<br>§ | |

# AFFIRMATIVE DEFENSES AND ANSWER
# OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
# TO PLAINTIFFS' COMPLAINT FOR DAMAGES: CLASS ACTION

Defendant Washington Group International, Inc. ("WGI"), by and through its

undersigned attorneys, hereby responds to Plaintiffs' First Supplemental and Amending

Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys' Fees and

Taxable Costs in a Class Action Lawsuit (the "Complaint"), as follows:

## WGI'S AFFIRMATIVE DEFENSES

**A.     Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

**B.     Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

**C.     Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.     No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

**E.     Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

841541v.1

**F.     Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

**G.     Comparative Fault**

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

**H.     Act-of-God**

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

**I.     Government Contractor**

Plaintiffs' claims are barred by the government contractor defense.

**J.     Limitation of Liability**

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

**K.     Discharge in Bankruptcy**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim

upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

**L.     Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions**

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it

under federal law or the laws of other jurisdictions that may be subsequently determined to apply

to this action.

**M.     Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by

any other defendant to this action to the extent that such an affirmative defense applies to WGI,

and gives notice that it intends to rely upon any other defense that may become available or

appear during the proceedings in this case, and WGI hereby reserves its right to amend its

answer to assert any such defense.

**N.     Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the

putative class, where applicable) have or should hereafter settle for any of the alleged injuries

and damages with any persons, whether parties or non-parties, or should plaintiffs receive any

funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in

the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source

doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of

alleged fault.

**O.     Attorney's Fees Not Available**

Plaintiffs' claims for attorney's fees are barred by La. Code Civ. P. Art. 595(A).

**P.      Lack of Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGI brought under the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1365.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1.A.             Paragraph 1.A of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 1.A of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.A of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Flora Fleming purports to be a named plaintiff in this action.

1.B.             Paragraph 1.B of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 1.B of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.B of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Michael Jamison purports to be a named plaintiff in this action.

1.C.             Paragraph 1.C of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every

allegation of Paragraph 1.C of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.C of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Barbara Smith purports to be a named plaintiff in this action.

1.D.        Paragraph 1.D of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 1.D of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.D of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Joyce Dalferes purports to be a named plaintiff in this action.

1.E.        Paragraph 1.E of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 1.E of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 1.E of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Charles Leach purports to be a named plaintiff in this action.

2.A.        WGI DENIES each and every allegation of paragraph 2.A of the Complaint.

2.B.        WGI DENIES each and every allegation of paragraph 2.B of the Complaint.

2.C.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.C of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

2.D.        WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

2.E.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.E of the Complaint and therefore DENIES each and every allegation contained therein.

2.F.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.F of the Complaint and therefore DENIES each and every allegation contained therein.

2.G.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.G of the Complaint and therefore DENIES each and every allegation contained therein.

2.H.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.H of the Complaint and therefore DENIES each and every allegation contained therein.

2.I.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 2.I of the Complaint and therefore DENIES each and every allegation contained therein.

3.A.        WGI admits that jurisdiction exists under the Class Action Fairness Act because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs. WGI DENIES each and every remaining allegation in Paragraph 3.A of the Complaint.

841541v.1

3.B.       WGI DENIES each and every allegation of Paragraph 3.B of the Complaint.

3.C.       WGI DENIES each and every allegation of Paragraph 3.C of the Complaint.

3.D.       WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGI DENIES each and every remaining allegation of Paragraph 3.D of the Complaint.

4.       WGI DENIES each and every allegation of Paragraph 4 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

5.       Paragraph 5 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 5 of the Complaint.

6.A.       WGI DENIES each and every allegation of Paragraph 6.A of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

6.B.       WGI DENIES each and every allegation of Paragraph 6.B. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class definition is proper or legally sufficient.

- 8 -

6.C.         WGI DENIES each and every allegation of Paragraph 6.C. of the
Complaint.  WGI further DENIES that this action properly may be maintained as a class action
under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class satisfies
the requirement of common questions of law and fact.

6.D.         WGI DENIES each and every allegation of Paragraph 6.D. of the
Complaint.  WGI further DENIES that this action properly may be maintained as a class action
under Federal Rule of Civil Procedure 23.  WGI also DENIES that Plaintiffs satisfy the
requirement that they will fairly and adequately represent the interests of the proposed class.

6.E.         WGI DENIES each and every allegation of Paragraph 6.E. of the
Complaint.  WGI further DENIES that this action properly may be maintained as a class action
under Federal Rule of Civil Procedure 23.  WGI also DENIES that the claims of the putative
class representatives named in the Complaint satisfy the typicality requirement.

6.F.         WGI DENIES each and every allegation of Paragraph 6.F. of the
Complaint.  WGI further DENIES that this action properly may be maintained as a class action
under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action
satisfies the superiority requirement.

6.G.         WGI DENIES each and every allegation of Paragraph 6.G of the
Complaint and DENIES that this action properly may be maintained as a class action and that the
proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and
any putative class members are entitled to the relief sought in the Complaint or to any other relief
whatsoever from WGI.

7.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 7 of the Complaint and therefore DENIES each and every allegation contained therein.

8.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 8 of the Complaint and therefore DENIES each and every allegation contained therein.

9.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 9 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Hurricane Katrina passed near the City of New Orleans.

10.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein.

11.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein.

12.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein.

13.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

14.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein.

15.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein.

16.        Paragraph 16 of the Complaint contains argumentative statements to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint and therefore DENIES each and every allegation contained therein.

17.        Paragraph 17 of the Complaint contains argumentative statements to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein.

18.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein.

20.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

21.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22.          Paragraph 22 of the Complaint contains an argumentative statement to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

23.          Paragraph 23 of the Complaint contains argumentative statements to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

26.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

28.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein.

30.         WGI DENIES each and every allegation of Paragraph 30 of the Complaint and DENIES.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

31.         WGI DENIES each and every allegation of Paragraph 31 of the Complaint and DENIES.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

32.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 32 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

33.         WGI DENIES each and every allegation of Paragraph 33 pertaining to WGI.  WGI is without sufficient information or knowledge as to the specific allegations of the remainder of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

35.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein.

37.        Paragraph 37 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

38.        Paragraph 38 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein.

39.        WGI DENIES each and every allegation contained in Paragraph 39 of the Complaint, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site").  WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.

40.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 40 of the Complaint and therefore DENIES each and every allegation contained therein.

41.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 41 of the Complaint and therefore DENIES each and every allegation contained therein.

42.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 42 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the Industrial Canal is a canal connected to Lake Ponchartrain in Orleans Parish.

43.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 43 of the Complaint and therefore DENIES each and every allegation contained therein.

44.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 44 of the Complaint and therefore DENIES each and every allegation contained therein.

45.        Paragraph 45 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 45 of the Complaint and therefore DENIES each and every allegation contained therein.

46.        Paragraph 46 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information

841541v.1

or knowledge as to the specific allegations of Paragraph 46 of the Complaint and therefore DENIES each and every allegation contained therein.

47.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.

48.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 48 of the Complaint and therefore DENIES each and every allegation contained therein.

49.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 49 of the Complaint and therefore DENIES each and every allegation contained therein.

50.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 50 of the Complaint and therefore DENIES each and every allegation contained therein.

51.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 51 of the Complaint and therefore DENIES each and every allegation contained therein.

52.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 52 of the Complaint and therefore DENIES each and every allegation contained therein.

53.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 53 of the Complaint and therefore DENIES each and every allegation

841541v.1

contained therein, except WGI admits that the Industrial Canal is a canal connected to the Port of New Orleans.

54.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 54 of the Complaint and therefore DENIES each and every allegation contained therein.

55.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 55 of the Complaint and therefore DENIES each and every allegation contained therein.

56.     Paragraph 56 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 56 of the Complaint and therefore DENIES each and every allegation contained therein.

57.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 57 of the Complaint and therefore DENIES each and every allegation contained therein.

58.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 58 of the Complaint and therefore DENIES each and every allegation contained therein.

59.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 59 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the Industrial Canal is a canal connected to Lake Ponchartrain in Orleans Parish.

60.　　　　Paragraph 60 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 60 of the Complaint and therefore DENIES each and every allegation contained therein.

61.　　　　Paragraph 61 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 61 of the Complaint and therefore DENIES each and every allegation contained therein.

62.　　　　WGI DENIES each and every allegation of Paragraph 62 of the Complaint pertaining to WGI. WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 62 of the Complaint and therefore DENIES each and every allegation contained therein.

63.　　　　WGI is without sufficient information or knowledge as to the allegations of Paragraph 63 of the Complaint and therefore DENIES each and every allegation contained therein.

64.　　　　WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 64 of the Complaint and therefore DENIES each and every allegation contained therein.

65.　　　　Paragraph 65 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 65 of the Complaint and therefore DENIES each and every allegation contained therein.

66.         Paragraph 66 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 66 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

67.         Paragraph 67 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 67 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

68.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 68 of the Complaint and therefore DENIES each and every allegation contained therein.

69.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 69 of the Complaint and therefore DENIES each and every allegation contained therein.

70.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 70 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

841541v.1

71.          Paragraph 71 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 71 of the Complaint and therefore DENIES each and every allegation contained therein.

72.          Paragraph 72 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 72 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

73.          Paragraph 73 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 73 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

74.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 74 of the Complaint and therefore DENIES each and every allegation contained therein.

75.          Paragraph 75 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 75 of the Complaint and therefore DENIES each and every allegation contained therein.

841541v.1

76.        Paragraph 76 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 76 of the Complaint and therefore DENIES each and every allegation contained therein.

77.        Paragraph 77 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 77 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

78.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 78 of the Complaint and therefore DENIES each and every allegation contained therein.

79.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 79 of the Complaint and therefore DENIES each and every allegation contained therein.

80.        Paragraph 80 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 80 of the Complaint and therefore DENIES each and every allegation contained therein.

81.        Paragraph 81 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 81 of the Complaint and therefore

841541v.1

DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

82.     WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 82 of the Complaint and therefore DENIES each and every allegation contained therein.

83.     Paragraph 83 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 84 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

85.     Paragraph 85 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 85 of the Complaint and therefore DENIES each and every allegation contained therein.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

841541v.1

86.          WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

87.          WGI DENIES that Plaintiffs are entitled a trial by jury.  WGI admits that Plaintiffs purport to pray for trial by jury on issues so triable.

*          *          *

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

841541v.1

Dated:          November 30, 2006          Respectfully submitted,


*/s/Heather S. Lonian*
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
Washington Group International, Inc.

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Affirmative Defenses and

Answer has been served upon all counsel of record by email or via the Court's CM/ECF

electronic notice of filing, this 30th day of November, 2006.


*/s/Heather S. Lonian*


- 24 -

841541v.1