## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO:
Levee (DePass, IV, No. 06-5127)

CIVIL ACTION

NO. 05-4182
& Consol. Cases

SECTION "K" (2)
JUDGE DUVAL

MAGISTRATE WILKINSON

## ANSWER TO FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board

of Commissioners of the Port of New Orleans (the "Dock Board"), who, for answer to the

First Amended Complaint filed by plaintiffs, Elizabeth H. and William Keith DePass, IV,

et al. ("Plaintiffs"), respectfully avers as follows:

## FIRST DEFENSE

The Dock Board hereby incorporates by reference each and every exception,

denial, defense, and response contained in any pleading previously filed on its behalf in

these consolidated proceedings, as if set forth and copied herein in extenso.

- 1 -

## SECOND DEFENSE

**AND NOW**, answering each and every allegation contained in the First Amended Complaint, the Dock Board responds as follows:

I.

The allegations contained in Article 6 of the First Amended Complaint do not require a response from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

II.

The allegations contained in Article 71.1 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

III.

The allegations contained in Article 75.1 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

IV.

The allegations contained in Article 75.2 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

V.

The allegations contained in Article 75.3 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

VI.

The allegations contained in Article 75.4 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

VII.

The allegations contained in Article 75.5 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

VIII.

The allegations contained in Article 75.6 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

IX.

The allegations contained in Article 75.7 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

X.

The allegations contained in Article 75.8 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XI.

The allegations contained in Article 75.9 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XII.

The allegations contained in Article 75.10 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XIII.

The allegations contained in Article 75.11 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

XIV.

The allegations contained in Article 75.12 of the First Amended Complaint require no answer from this defendant; however, should an answer be required, the

allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

## THIRD DEFENSE

**FURTHER ANSWERING,** the Dock Board hereby incorporates by reference its Answer to the Plaintiffs' Original Complaint, as if set forth and copied herein in extenso.

**WHEREFORE**, the Dock Board prays that its Answer to the First Amended Complaint be deemed good and sufficient, and that after due proceedings are had there be judgment herein in favor of the Dock Board and against Plaintiffs, dismissing the Original and First Amended Complaint, with prejudice, at the cost of Plaintiffs.

Respectfully submitted, this 30th day of November, 2006.

DAIGLE FISSE & KESSENICH, PLC

BY:    /s/ J. Fredrick Kessenich
       J. FREDRICK KESSENICH (7354)
       JONATHAN H. SANDOZ (23928)
       MICHAEL W. MCMAHON (23987)
       JON A. VAN STEENIS (27122)
       KIRK N. AURANDT (25336)
       P. O. Box 5350
       Covington, Louisiana 70434-5350
       Telephone: 985/871-0800
       Facsimile:   985/871-0899
       Attorneys for Defendant, The Board of
       Commissioners of the Port of New
       Orleans

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 30th day of November, 2006.

/s/ J. Fredrick Kessenich
J. FREDRICK KESSENICH