UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL W. HUGHES | * | CIVIL ACTION |
| VERSUS | * | NO.   06-8885 |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION, | * | SECTION "I" |
| WILLIAM E. WASHINGTON, INC. and ALLSTATE INSURANCE COMPANY | * | MAGISTRATE 5 |

* * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, MICHAEL W. HUGHES, who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action for breach of contract, against the defendant, LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION (hereinafter "LOUISIANA CITIZENS") and for negligence and/or breach of a fiduciary duty, by the defendant, ALLSTATE INSURANCE COMPANY (hereinafter "ALLSTATE"), and plaintiff's insurance agent, WILLIAM E. WASHINGTON, INC. (hereinafter "WASHINGTON").

In his petition filed in the Civil District Court for the Parish of Orleans, plaintiff alleges various theories of recovery against the defendant, LOUISIANA CITIZENS, for damages done to his home as a result of events both related and unrelated to Hurricane

Katrina. These are strictly homeowner's insurance claims against the defendant, LOUISIANA CITIZENS. Plaintiff has not asserted claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

In addition to the above, the plaintiff alleges that the defendant, ALLSTATE, and its agent, WASHINGTON, were guilty of negligence and/or breach of fiduciary duty, as a result of the procurement of flood insurance for plaintiff by the defendants, particularly with regard to gaps or differentials in such coverage limits as compared to plaintiff's homeowner coverage limits.

As a result of the damage to his home, plaintiff was paid one hundred (100%) percent of his flood dwelling and content limits, and there is no dispute with either or both of the defendants regarding the handling of plaintiff's flood insurance claim.

Plaintiff filed his petition on August 28, 2006 and on or about October 20, 2006, the defendant, ALLSTATE, filed with this Court a Notice of Removal. In response to that removal, plaintiff has filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

**(A)   Removal.**

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co.,

128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**(B)    The defendant's removal is defective.**

The defendant, ALLSTATE's, removal of this matter from state court to federal court is defective for at least two reasons:

First, ALLSTATE's removal under 28 U.S.C. Section 1446(a) is untimely since neither LOUISIANA CITIZENS nor WASHINGTON concurred in ALLSTATE's removal within thirty days of service on ALLSTATE.

Second, since LOUISIANA CITIZENS was served on September 21, 2006 and WASHINGTON was served on September 27, 2006, the absolute latest date on which CUTITTO could properly consent to ALLSTATE's removal under 28 U.S.C. Section 1446(b) was October 21, 2006. In point of fact, neither LOUISIANA CITIZENS nor WASHINGTON have properly consented to ALLSTATE's removal.

Section 1446(b) clearly requires a notice of removal to be filed within thirty days after a plaintiff serves the defendant. In cases, such as this, involving more than one defendant, the Fifth Circuit has held that the thirty day period begins to run on the date that the first defendant is served. Getty Oil, Division of Texaco v. Insurance Company of North America, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); Clark v. Field Inspection Service, Inc., 1994 WL 180278 (E.D. La. 1994).

As a result, it is well settled in this Circuit that, providing the case is removable, all served defendants must join in the Notice of Removal no later than thirty days after the plaintiff serves the first defendant.

In this case, since LOUISIANA CITIZENS nor WASHINGTON has yet to consent to ALLSTATE's removal and ALLSTATE's removal is clearly too late given the fact that LOUISIANA CITIZENS was served on September 21, 2006 and WASHINGTON was served on September 27, 2006.

Plaintiff attaches hereto, as Exhibit 1, a copy of the online return from the Civil Sheriff for the Civil District Court for the Parish of Orleans evidencing personal service

on the defendant, LOUISIANA CITIZENS, on September 21, 2006, and, as Exhibit 2, a copy of the online return from the Civil Sheriff for the Civil District Court for the Parish of Orleans evidencing personal service on the defendant, WASHINGTON, on September 27, 2006.

(C) **Removal is improper under federal question jurisdiction pursuant to the National Flood Insurance Program, 42 U.S.C. Section 4072 as well as improper pursuant to federal question jurisdiction, 28 U.S.C. Section 1331.**

Contrary to the defendant's assertions, there is nothing in plaintiff's petition which raises a federal question nor is there any claim stated in the petition for recovery of flood insurance money. As said at the opening, plaintiff has been paid the full dollar limit of the flood dwelling and flood content coverages which were in place as of August 29, 2005.

The claims addressed by plaintiff in his petition are fairly simple to understand. Plaintiff is seeking recovery of homeowner policy limits for dwelling and content as a result of the damage done to his home by events both related and unrelated to Hurricane Katrina. These include wind damage issues, value policy law issues, and questions related to the issue of what was the dominant and efficient cause of plaintiff's loss.

Additionally, plaintiff alleges errors and omissions and/or breach of fiduciary duty by ALLSTATE, not as a result of its administration of plaintiff's flood claims but, rather, as a result of its handling of the procurement of plaintiff's flood insurance policy.

With regard to the latter issue, the Courts have repeatedly held that the National Flood Insurance Act does not preempt state law claims involving negligent policy

procurement, so as to give rise to the federal question jurisdiction. <u>Landry v. State Farm Fire and Casualty Company</u>, 206 WL 1159391(E.D. La. 2006).

A clear distinction is made between lawsuits over flood insurance claims handling and flood insurance policy procurement. Plaintiff does not assert that the defendants mishandled his claim or refused to pay his claim or that he was even dissatisfied with the reimbursement of his claim or any part thereof. Simply stated, lawsuits regarding policy procurement of flood insurance policies, do not give rise to federal jurisdiction. <u>Waltrip v. Brooks Agency, Inc.</u>, 417 F.Supp. 768 (E.D. Va. 2006); <u>Roybal v. Lalamos National Bank</u>, 375 F.Supp. 1234 (D.N.M. 2005); <u>Corliss v. South Carolina Insurance Company</u>, 2004 WL 2988497 (E.D. La. 2004); <u>Moore v. USAA General Indemnity Company</u>, 2002 WL 31886719 (E.D. La. 2002).

**(D)   Removal is improper pursuant to 28 U.S.C. Section 1442.**

Under no circumstance has plaintiff made any allegation which would even suggest that the defendant, ALLSTATE, "...acted pursuant to a federal officer's direction and a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claim..." Once again, plaintiff's claims against the defendant relate to its negligence and/or breach of fiduciary duty regarding the procurement of plaintiff's flood insurance policy. Plaintiff makes no allegation whatsoever that the defendant was acting as a federal officer at the time of its breach.

### III.   CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30/1t day of Oct, 2006, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____