# Digest and Guide on Litigation Concerning the National Flood Insurance Program

Office of the General Counsel
and
Federal Insurance Administration
of the
Federal Emergency Management Agency

*October 2000*

## INTRODUCTION

On behalf of the Federal Insurance Administration and the Federal Emergency Management Agency's Office of General Counsel, we, JoAnn Howard, Federal Insurance Administrator and Ernest B. Abbott, General Counsel, are pleased to introduce this Digest and Guide on Litigation Concerning the National Flood Insurance Program (NFIP). We would like to extend our sincere appreciation to former FEMA Associate General Counsel for Litigation Brenda G. Goranflo for her unstinting efforts in authoring this Digest. It is our hope that this Digest will provide assistance and guidance to attorneys charged with the defense of the NFIP, and aid Write-Your-Own carriers in the proper administration of benefits under the Program. While we recognize the limits of any litigation digest, we note that knowledge of judicial interpretations of the National Flood Insurance Act and the Standard Flood Insurance Policy are crucial to protecting the integrity of the Program. We welcome your comments as you use this new resource, the October, 2000 Digest and Guide. Thank you.

*JoAnn Howard*          *E. B. Abbott*

*Aycock v. Federal Emergency Management Agency*, No. CV92-H-172-NE (N.D. Ala June 10, 1993). WYO companies pursuant to the NFIP regulations are not general agents of the federal government. FEMA is not the proper party in a suit arising from an SFIP issued by a WYO company.

*Godchaux v. Aetna Cas. & Ins. Co.*, No. 89-1449 (E.D. La. Sept. 5, 1989). WYO companies are not agents of the federal government and when a WYO has issued the policy, the proper party defendant is the WYO company as set out in the WYO part of the NFIP regulations.

*Fortenberry v. Director, FEMA*, No. W85-0211 (B) (S.D. Miss. July 29, 1986). The SFIP was issued by a WYO company under the WYO arrangement and there is no jurisdiction over the claim against FEMA.

*Rushing v. Director, FEMA*, C.A. No. W85-0210 (B) (S.D. Miss. July 29, 1986). Omaha, a private insurer and WYO Company, issued the SFIP, and FEMA was not a party to the contract and thus was not the proper party defendant. The proper party defendant was the WYO Company.

### c. Agents and Brokers

**In general common law and insurance principles, unless there is an alternative express agreement to the contrary, the insurance agent is the agent of the insured and not the insurer. Likewise, and as set out in the federal law and NFIP regulations, the insurance agent is the agent of the insured and not the agent of FEMA or the WYO company. The agent owes certain fiduciary duties to the insured, his client. Any state licensed property and casualty broker or agent may sell flood insurance and the agents are regulated by State Insurance Commissions and not by FEMA. State law controls on issues of agent brokerage quality. Agents carry Errors & Omissions (E&O) coverage, and absent some negligence by FEMA, FEMA does not indemnify agents.**

*Zinsel Co., Inc. v. J. Everett Eaves, Inc.* 1999 La. App. LEXIS 3326 (La. App. 5th Cir. Nov. 30, 1999). The court affirmed a lower court determination that the agent had not breached a duty owed to his client, the plaintiff, when it failed to notify him of the availability of increased flood insurance, allegedly indirectly causing a $300,000 underinsured loss. The trial court found that there was no showing of any undertaking by the agent to see that plaintiff always had the maximum available flood insurance and, thus, its failure to notify was not negligence. In this case, the WYO company, not a party to the suit, had sent out a mailing to insureds, including plaintiff, advising them of the increased coverage available. The agent decided to rely on that notice. Plaintiff did not deny that the WYO company sent the notice, but asserted he never received it or he threw it out as junk mail.

18