THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL W. HUGHES** | * | |
| | * | **CIVIL ACTION NO.2:06-cv-08885** |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE: STANWOOD R. DUVAL** |
| | * | |
| **LOUISIANA CITIZENS PROPERTY** | * | |
| **INSURANCE CORPORATION,** | * | |
| **WILLIAM E. WASHINGTON, INC. and** | * | |
| **ALLSTATE INSURANCE COMPANY** | * | |
| | * | **MAG. JUDGE:JOSEPH C. WILKINSON** |
| **Defendants.** | * | |

**************************************

## MOTION FOR ORAL ARGUMENT

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company, which respectfully prays that this Honorable Court set Plaintiff's currently pending Motion to Remand for oral argument. Said motion is set for hearing on the morning of Wednesday, December 6, 2006. Allstate's reason for requesting oral argument is that analysis of the Plaintiff's motion raises to this Court a question of what constitutes a "separate and independent claim" for removal purposes, in the context of the National Flood Insurance Program. The analytical path

against which the issues are to be judged are as set forth in the Fifth Circuit cases discussed in Judge Vance's decision in *Benoit v. Grainger*, 1998 WL 749444 (Ed. La. 10/21/98). While Judge Berrigan's recent ruling finding the existence of a separate and independent claim under the NFIP in *Ripoll, et al. v. Allstate Insurance Company, et al.*, USDC Civil Action No. 06-8537, Sec. C-3, is close, it cannot be said that the *Ripoll* ruling is "on all fours."

Allstate contends that the question of whether federal fiscal intermediaries must obtain the consent of insurance agents to remove federally funded NFIP policy administration cases to the federal courts, is an issue of first impression. Defendant respectfully submits that there is no case law anywhere directly addressing the issue raised by this situation. Accordingly, and for the purpose of doing all that is possible to assist the Court in the handling of this issue, Defendant prays that the Court will allow oral argument.

        Respectfully submitted,

        NIELSEN LAW FIRM, L.L.C.

        /s/ *Gerald J. Nielsen*
        GERALD J. NIELSEN, La. S.B. 17078
        MARY ELLEN WYATT, La. S.B. 30805
        3838 N. Causeway Blvd. Suite 2850
        Metairie, Louisiana 70002
        Tel. (504) 837-2500
        Fax (504) 832-9165
        Email: gnielsen@nielsenlawfirm.com

        Attorney for Allstate Insurance Company in its capacity as a WYO Program carrier

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2006, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Gary M. Pendergast
1515 Poydras Street
Suite 2260
New Orleans, LA 70112

      I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

N/A

      /s/ *Gerald J. Nielsen*
      GERALD J. NIELSEN