UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WINSTON, SR. & DONNA AARON, ET AL | * * * | CIVIL ACTION NO. 06-4746 |
| vs. | * * | SECTION: "K" MAG. (2) |
| AIG CENTENNIAL INSURANCE COMPANY, ET AL | * * * | |

*********************************************************************

**MEMORANDUM IN SUPPORT OF SOUTHWEST BUSINESS CORPORATION'S <u>MOTION TO SEVER</u>**

Defendant, Southwest Business Corporation ("SWBC"), moves to sever the claims of the individuals Plaintiffs in this action. Plaintiffs do not assert any claim jointly and severally, nor do they assert claims arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiffs' claims arise under different insurance policies, are against different insurance companies, and address unique claims handling issues that are inherently unrelated. The facts and circumstances of each Plaintiff's loss must be determined on a case-by-case basis. Because Plaintiffs' claims do not need the permissive joinder requirements of Rule 20, they claims should be severed and proceeded with separately. Alternatively, SWBC requests that the Court sever the claims such that the claims asserted by SWBC insureds proceed separately from the claims asserted

by other plaintiffs against their respective insurers.[1]

## I. FACTS

On August 25, 2006, numerous Plaintiffs filed a "Complaint for Damages" in this Court. [Docket #1]. An mended Complaint adding additional plaintiffs was filed on August 29, 2006. [Docket #2].[2] The named plaintiffs in this action now total over 1,800. The Complaints name over 109 insurance company defendants. The only allegations common to all of the plaintiffs is that they are "owners of property in southeast Louisiana," presumably with insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶¶ 6, 10.) The only allegations common to the defendants is that they "issued policies of homeowners' property, commercial, business, rental and/or flood insurance"

## II. LAW AND ARGUMENT

### 1. Plaintiffs' Claims Against SWBC Are Improperly Joined.

Federal Rule 20 provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

---

[1] SWBC recognizes that a number of other defendants have filed similar Motions to Sever, and it hereby adopts the arguments made by its co-defendants in that regard. In order to make a complete record on its own behalf, it restates herein arguments made by its co-defendants in their supporting memorandum.

[2] The Complaint and Amended Complaint are referred to herein as "the Complaint".

Fed. R. Civ. P. 20(a) (emphasis added). Rule 20 thereby imposes two specific requisites to joinder: (1) a right to relief must be asserted relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. See *Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001). Both requirements must be satisfied in order to sustain the joinder of a party under Rule 20(a). *Id.* When a court concludes that joinder is improper because the parties' claims do not arise out of the same transaction, it must order severance under Rule 21. See 4 James Wm. Moore, *Moore's Federal Practice*, §20.02[6][d] (3d ed. 2006). In this lawsuit, the Plaintiffs cannot fulfill either requirement of Rule 20.

### A. Plaintiffs' claims do not arise out of the same transaction or occurrence.

The simple fact that each Plaintiff suffered losses from Hurricane Katrina is not a "same transaction or occurrence" under Rule 20. When allegations arise from totally separate transactions, joinder is improper. *See Weber*, 2001 WL 274518, at *2. Furthermore, claims against multiple defendants based on separate contracts are not appropriate for party joinder. See *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (disallowing a plaintiff's joinder of only two defendants for breach of contract where the second defendant was not a party to the plaintiff's contract with the first defendant."

Each of the 1,800-plus Plaintiffs' insurance contracts, each of which involves a distinct defendant, are separately at issue. Furthermore, none of the Plaintiffs are a party to any of the other

3

Plaintiffs' insurance contracts. Additionally, as Plaintiffs' claims against the Defendants arise out of over 1,800 separate insurance contracts, they necessarily concern wholly distinct questions as to liability, coverage, and damages in over 1,800 factual scenarios.

Other district courts within the Fifth Circuit have agreed, particularly in the context of Hurricane Katrine-related lawsuits. *See Bradley v. Nationwide Mut. Ins. Co.*, No. 1:06CV528-LTS-RHW, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006); *McFarland v. State Farm Fire & Cas. Co.*, No. A:06CV466-LTS-RHW, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006), *aff'd.*, No. 1:06CV466LTS-RHW, 2006 WL 3071988 (S.D. Miss. Oct. 25, 2006); *Vaz v. Allstate Prop. & Cas. Co.*, No. 1:06CV481-LTS-RHW, 2006 WL 2583733 (S.D. Miss. Sept. 6, 2006). In those cases, as in this case, "[t]here are hundreds of Plaintiffs joined in a single lawsuit, each asserting claims that arise out of damage to property caused by Hurricane Katrina." *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1. After examining the general rules for joinder under Rule 20, the Court state that"[i]n a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home." and found that joinder was improper. *Bradley*, 2006 WL 2594548, at *1; *McFarland*, 2006 WL 2577852, at *1; *Vaz*, 2006 WL 2583733, at *1.

### B. There is no question of law or fact common to all parties

The second requirement for joinder under Rule 20 is that there is a question of law or fact common to all Defendants.

4

Merely asserting similar causes of action, i.e., breach of contract or bad faith adjusting practices, against 109 Defendants does not create a common question of law or fact. Given that Plaintiffs' claims each arise from wholly separate transactions, wholly separate properties and difference insurance contracts, and because there are no allegations of conspiracy, the only possible commonality that could arise is the fact that Plaintiffs have asserted the same general theories of law against all Defendants. See Complaint ¶¶ 16-25. This does not suffice under Rule 20:

> The Court further finds that no common question of law or fact exists between the plaintiffs' cases, within the meaning of Rule 20(a). "It is, or course, true that plaintiffs have alleged against defendants claims based upon the same general theories of law, but this is not sufficient." As detailed previously, each demotion decision affecting the plaintiffs in these cases was a discrete act by the defendant. "As indicated, *the factual and legal questions between the plaintiffs and the defendant are based upon the wholly separate acts of the defendant with respect to each plaintiff.* There is consequently a complete lack of common questions of fact or law, the second element required by Rule 20(a), and the action[s] must be severed on this ground as well."

*Grayson v. K-Mart Corp.*, 849 F.Supp.785, 789, (N.D. Ga. 1994) (emphasis added) (citations omitted).

### 2. The Claims Against SWBC Should Be Severed.

The substantive prejudice to SWBC if claims against it are not severed will be significant. Joinder of these disparate and unconnected claims can only lead to jury confusion and risk of bias, thus prejudicing SWBC with respect to the claims of their alleged insureds against it. *See Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994) . In contrast, no Plaintiff will be whatsoever prejudiced by SWBC's severance request. The Plaintiffs allegedly insured by SWBC

5

are still able to sue SWBC, in a more manageable forum, and can pursue all appropriate discovery and remedies in doing so.

If these claims are not severed, SWBC will be materially prejudiced. It will be forced to prepare for and attend the dispositions of the non-SWBC Defendants and all Plaintiffs, and vice versa. At trial, jury confusions regarding the massive numbers of Plaintiffs and Defendants is virtually guaranteed, and damaging testimony against one Defendant would unfairly prejudice each of the over one hundred others.

### III. Conclusion.

For the reasons stated herein, the claims of all Plaintiffs should be severed and proceed separately. Alternatively, SWBC requests that the Court sever the claims asserted against it so that they may proceed separately from the claims asserted by other plaintiffs against their respective insurers.

Respectfully submitted,

CRULL, CASTAING & LILLY
Attorneys for Southwest Business Corporation

BY: _____
EDWARD J. LILLY, #8571
(elilly@cclhlaw.com)
2323 Pan American Life Center
601 Poydras Street
New Orleans, LA 70130
Tel. (504)581-7700
Fax (504)581-5523

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

I further certify that I mailed the foregoing document and the notice of electronic filing by U.S. mail, postage prepaid, to the following non-CM/ECF participants: None.

_____
EDWARD J. LILLY