UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WINSTON, SR. & DONNA AARON, ET AL | * * * | CIVIL ACTION NO. 06-4746 |
| | * | SECTION: "K" |
| vs. | * * | MAG. (2) |
| AIG CENTENNIAL INSURANCE COMPANY, ET AL | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF SOUTHWEST BUSINESS CORPORATION'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Southwest Business Corporation, ("SWBC"), moves, pursuant to 12(e) Fed. R.Civ. P., for a more definite statement of Plaintiffs' Complaint. SWBC cannot respond in any meaningful manner to the Complaint because it fails to provide SWBC with which of the Plaintiffs are making claims against it, notice of the claims brought against it by such Plaintiffs, and the specific allegations that form the bases of those claims. At a minimum, Plaintiffs must specify the names of the Plaintiffs who are asserting a claim against SWBC, the particular claims that they are asserting against it.[1]

---

[1] SWBC recognizes that a number of other defendants have filed Similar Rule 12(e) Motions for a More Definite Statement, and it hereby adopts the arguments made by its co-defendants in that regard. In order to make a complete record on its own behalf, it restates herein arguments made by its co-defendants in their supporting memorandum.

## FACTS

On August 25, 2006, numerous Plaintiffs filed a "Complaint for Damages" in this Court. [Docket #1]. An mended Complaint adding additional Plaintiffs was filed on August 29, 2006. [Docket #2].[2] The named Plaintiffs in this action now total over 1,800. The Complaints name over 109 insurance company defendants. The only allegations common to all of the Plaintiffs is that they are "owners of property in southeast Louisiana," presumably with insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶¶ 6, 10.) The only allegations common to the defendants is that they "issued policies of homeowners' property, commercial, business, rental and/or flood insurance" in southeast Louisiana. (Compl. ¶ 7.)

Plaintiffs' Complaint combines claims arising from "policies of property, commercial, business, renal and/or flood insurance." (Compl. ¶ 4.) Plaintiffs generally allege that "[a]ll of said policies issued by the defendants provided coverage for losses and damages sustained by Plaintiffs" (Compl. ¶ 11), that the Defendants "failed to make adequate payments on Plaintiffs' claim" (Compl. ¶ 15), that the Defendants engaged in unfair business practices, (Compl. ¶¶ 17-18), that the Defendants violated the Louisiana Valued Policy Law, La.R.S. 22:695, and that the Defendants failed to properly and adequately adjust claims in bad faith. (Compl. ¶¶ 19-23.) Paragraph 25 of the Complaint lists eight causes of action: breach of insurance contract; violation of La.R.S. 22:658; violation of La.R.S. 22:658.2; breach of a duty to act reasonable and fairly under La.R.S. 22:1220;

---

[2]The Complaint and Amended Complaint are referred to herein as "the Complaint".

breach of duty under La.R.S. 22:1220; failure to tender adequate payment for casualty losses; bad faith adjusting practices; and other causes of action to be determined at trial. (Compl. ¶ 25.)

Plaintiffs' Complaint makes no specific claims or factual allegation against any defendant, including SWBC.

## LAW AND ARGUMENT

When a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Geanal v. Freeport-McMoran, Inc.*, 197 F3d 161, 164 (5th Cir. 1999). Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

The fact that the Complaint makes numerous general allegations, on behalf of multiple plaintiffs against multiple defendants makes the application of Rule 12(e) particularly appropriate. "Generally, a motion for a more definite statement may be granted when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action" *Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, No. 01 Civ. 9609 (LBS), at *2 (S.D.N.Y. April 8, 2002) citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986). Thus, a plaintiff "May be required to specify which defendants are intended by a general reference to 'defendants'" in order to allow the defendant to plead intelligently." *Hamilton v. Signature Flight Support Corp.*, 2005 WL 1514127, No. C 05-

3

490 CW, at *4 (N.D. Cal. June 21, 2005) (citation and quotation omitted).

The Plaintiffs should be required to state with specificity who among the plaintiffs were insured by SWBC and who are now making a claim against it. Those plaintiffs, once their identity is pled, should be required to identify, at a bare minimum, the type of policy involved, the specific policy provisions that SWBC is alleged to have breached, and any other specific unfair business or claims practice that SWBC is alleged to have performed. Once such clear and unambiguous allegations are made, SWBC will, as is contemplated by the pleading requirements of the federal rules, be able to file an adequate and meaningful responsive pleading.

SWBC has filed contemporaneously with this motion a Motion to Sever which seeks to sever claims of the individual plaintiffs in this action. If the Motion to Sever is granted, each individual Plaintiff who has a claim against SWBC should be required to file an amended complaint setting forth a more adequate statement of their allegations against SWBC as requested in this motion.

Respectfully submitted,

CRULL, CASTAING & LILLY
Attorneys for Southwest Business Corporation

BY: _____
EDWARD J. LILLY, #8571
(elilly@cclhlaw.com)
2323 Pan American Life Center
601 Poydras Street
New Orleans, LA 70130
Tel. (504)581-7700
Fax (504)581-5523

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

I further certify that I mailed the foregoing document and the notice of electronic filing by U.S. mail, postage prepaid, to the following non-CM/ECF participants: None.

_____
EDWARD J. LILLY