IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>DREDGING LIMITATIONS<br>Civil Action Nos. 06-8676; 06-8884<br>06-8888; 06-8890; 06-8922; 06-8967<br>06-9075; 06-9223 | *<br>*<br>*<br>*<br>*<br>*<br>* | |

## OPPOSITION TO MOTION TO STAY LIMITATION ACTIONS

MAY IT PLEASE THE COURT:

T.L. James & Company, Inc., Gulf Coast Trailing Company, a Louisiana partnership, and

TLJIC, L.L.C., a partner therein; Great Lakes Dredge & Dock Company; Pine Bluff Sand and Gravel

Company; Luhr Bros. Inc.; Mike Hooks, Inc.; King Fisher Marine Services LP; and Weeks Marine,

Inc. (collectively referred to as "Dredging Defendants"), respectfully oppose the Motion to Stay

Limitation Actions filed by Philip Reed on behalf of himself and purportedly "all others similarly

situated[1]."  Plaintiff does not have the capacity to act as a purported class representative, or otherwise, on behalf of other potential claimants in the limitation actions, the motion is premature and unsupported by law, and the proposed stipulation is deficient[2].

A limitation of liability action provides a concursus of claims, a marshaling of assets and the equitable distribution of those assets should liability be found.[3]   In presiding over limitation proceedings,  "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[4] Although in certain limited circumstances claimants may proceed outside a limitation action, in order to do so "all claimants must sign a stipulation protecting the shipowner's rights under the Limitation Act."[5] Allowing claimants to proceed outside the limitation action "is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability."[6]

When the Dredging Defendants filed their limitation motions, all other lawsuits, including the class actions, were stayed by operation of law. Fed.R.Civ.P. Supplemental Rule F(3); 46 U.S.C. App. § 185. The Court did not need to take any further step for the stay to be in place. *The San*

_____

[1] Although technically plaintiffs in limitation, for the sake of consistency, in this opposition the dredging entities are referred to as "Dredging Defendants."

[2] It is questionable if Plaintiff even has standing to bring his motion as he has not appeared or filed a claim in any of the limitation actions.

[3] See *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 263 (5th Cir.  2001).

[4] *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

[5] *Odeco Oil and Gas Co., Drilling Div. v. Bonnette,* 74 F.3d 671, 675 (5th Cir. 1996)(citations omitted)(hereafter *"Odeco II")*.

[6] *Odeco II* at 674.

*Pedro*, 223 U.S. 365 (1912).  Plaintiff now seeks to stay all pending limitation actions in the Katrina Breaches Consolidated Litigation and to lift the stays issued in those actions, before a monition period has been set and before the countless currently unknown claimants have appeared and filed claims, all based upon a stipulation supposedly signed on behalf of **all** potential claimants by a purported class representative.  Plaintiff's attempt to proceed "on the law side of the court" before the initial procedural requirements of the limitation actions are fulfilled, would undermine the absolute rights provided to the Dredging Defendants by the Limitation of Liability Act.

Without reaching the fact that the law does not provide for staying a limitation action or for lifting the stays issued in the limitation actions under the circumstances of this case, plaintiff's motion is premature.  Neither the identities of the claimants nor their damages are known and the monition period has not been set, much less run.  Moreover, as of the date of the filing of this opposition, no claim has been filed in any limitation action.  Plaintiff has cited no case (and undersigned counsel is aware of none) which supports the lifting of a limitation stay under such circumstances.  It simply is impossible, under the circumstances of these limitation actions, for an appropriate stipulation to be executed before "all" claimants have filed claims.

Even assuming that the motion is timely, plaintiff, under the guise of a class representative, cannot act on behalf of other claimants in a limitation proceeding.  Both plaintiff's Complaint and the subject motion are filed by plaintiff, not only individually, but as a purported class representative on behalf "others similarly situated." Class actions are fundamentally incompatible with a limitation of liability proceeding.[7]   It is well established that class actions and limitation of liability proceedings are inconsistent because:

---

[7]  *Lloyds Leasing v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990).

> First, a class action interferes with the concursus contemplated by the limitation of liability proceeding... Second, the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action . . .   Third the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action.  In short, "the two rules  are incompatible, and class representation in the sense of Rule 23 should, therefore, not be allowed in limitation proceedings."[8]

Just as claimants cannot proceed in a limitation action as a class, they cannot act through a class representative in any proposed stipulation.  It is "all claimants" who must file claims in the limitation and who must, if they so choose, seek relief from the stay by signing a proper stipulation to protect the vessel owner.[9]

The Dredging Defendants' concerns have been proven well founded.  Brenda Berthelot has sought to have third party demands brought by defendant St. Rita's Nursing Home against third party defendant, the United States of America, dismissed on the basis that the United States is immune from liability pursuant to the Flood Control Act of 1928, and the third party action is barred both by the "due care" and  "discretionary function" exceptions of the Federal Tort Claims Act.[10]  Ms. Berthelot's mother died during the storm while at St. Rita's Nursing Home and, therefore, she is unarguably a member of one or more purported classes and a potential claimant in one or more of the limitation of liability actions.  Yet, her recent motion is completely contrary to the position of the class action plaintiffs who consistently have argued that the immunity provided by the Flood Control Act and the exceptions of the Federal Tort Claims Act are inapplicable in these consolidated

---

[8]  *Id.* (Citations omitted).

[9]  See *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 405 fn.7 (5th Cir.1993).

[10]  *Exhibit "A,"* Motion to Dismiss and Memorandum in Support of Motion to Dismiss filed against The United States of America.

-4-

cases and specifically in the case against these Dredging Defendants.[11] If Ms. Berthelot's position is not represented by the class on the very salient issue of the United States' legal obligations, there is no reason to believe that her position is represented in the proposed stipulation.[12]

In addition to the issues stated above, the stipulation is deficient. Cross-claimant Manson Construction Co. who has sought tort contribution and indemnity from vessel owners is not a party to the stipulation. Plaintiff fails to consider well established law that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."[13] Without cross-claimants such as Manson joining in the stipulation, the vessel owners are not protected adequately and as such, the stay cannot be lifted.[14]

### Conclusion

The law is clear. Plaintiff may not, in the capacity of class representative or otherwise, enter into a stipulation on behalf of others, whether known or unknown, in an attempt to lift a stay in a limitation action. All claimants, including cross-claimants for contribution and/or indemnity, must agree to be bound by the stipulation. Clearly, that has not happened and cannot happen at this time. Finally, there is clear evidence that the legal positions of potential claimants are not aligned with the

---

[11] *See* Memorandum Submitted by *Reed* and *Ackerson* Plaintiffs in Opposition to the Dredging Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c)(Document No. 1783), at 2-3.

[12] Ms. Berthelot's motion is not an isolated occurrence. Motions to remand based on the same legal arguments have been raised in the *Lewis* (06-8107)(Document No. 1813); *Thedy* (06-8106)(Document No. 1807); *Morales* (06-5962)(Document No. 1817) and *Lott* (05-4182)(Document No. 1883) actions.

[13] *Odeco II* at 675.

[14] *Id.*

purported class representatives, and as such, the Dredging Defendants cannot be protected sufficiently by the proposed stipulation. Therefore, plaintiff's Motion to Stay Limitation Actions should be denied.

Respectfully submitted,

**MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ, LLP**

A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
MICHAELA E. NOBLE (#28173)
RONALD J. KITTO (#28638)
KENNETH J. GELPI, JR. (#24103)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Phone: 504-585-3200
Fax: 504-585-7688
*T.L. James & Company, Inc., Gulf Coast Trailing Company, a Louisiana partnership, and TLJIC, L.L.C.*

/s/ James a Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. _____)
Emmet, Cobb, Waits & Henning
1515 Poydras St., Ste. 1950
New Orleans, LA 70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020
jac@ecwko.com
*Attorney for Weeks Marine, Inc.*

/s/ James H. Roussel
James H. Roussel ( Bar Roll No. _____)
Nyka M. Scott (Bar Roll No._____)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
*Attorneys for Great Lakes Dredge & Dock Company*

/s/ Richard Cozad
Richard Cozad (Bar Roll No. _____)
Emma A. Mekinda (Bar Roll No. _____)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone: (504) 561-0323
Facsimile: (504) 528-9442
em@mpc-law.com
*Attorneys for King Fisher Marine*

/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No.22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundry & Davis
501 Broad St.
P.O. Box 3010
Lake Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
*Attorneys for Mike Hooks, Inc.*

/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No._____)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St., Ste. 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com
*Attorneys for Pine Bluff Sand & Gravel Co.*

/s/ William J. Larzelere, Jr.
William J. Larzelere, Jr. (Bar Roll No. ____)
T. Justin Simpson (Bar Roll No._____)
Larzelere, Picou, Wells, Simpson & Lonero
3850 B. Causeway Blvd., Suite 1100
Tow Lakeway Center
Metairie, LA 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
jsimpson@lpw-law.com
*Attorneys for Luhr Bros.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _____1ST_____ day of _Decemuber_____, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.