IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * * | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: DREDGING LIMITATIONS Civil Action Nos. 06-8676; 06-8884 06-8888; 06-8890; 06-8922; 06-8967 06-9075; 06-9223 | * * * * * * | |

## OPPOSITION TO MOTION TO STAY LIMITATION ACTIONS

MAY IT PLEASE THE COURT:

T.L. James & Company, Inc., Gulf Coast Trailing Company, a Louisiana partnership, and TLJIC, L.L.C., a partner therein; Great Lakes Dredge & Dock Company; Pine Bluff Sand and Gravel Company; Luhr Bros. Inc.; Mike Hooks, Inc.; King Fisher Marine Services LP; and Weeks Marine, Inc. (collectively referred to as "Dredging Defendants"), respectfully oppose the Motion to Stay Limitation Actions filed by Philip Reed on behalf of himself and purportedly "all others similarly



situated[1]." Plaintiff does not have the capacity to act as a purported class representative, or otherwise, on behalf of other potential claimants in the limitation actions, the motion is premature and unsupported by law, and the proposed stipulation is deficient[2].

A limitation of liability action provides a concursus of claims, a marshaling of assets and the equitable distribution of those assets should liability be found.[3] In presiding over limitation proceedings, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[4] Although in certain limited circumstances claimants may proceed outside a limitation action, in order to do so "all claimants must sign a stipulation protecting the shipowner's rights under the Limitation Act."[5] Allowing claimants to proceed outside the limitation action "is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability."[6]

When the Dredging Defendants filed their limitation motions, all other lawsuits, including the class actions, were stayed by operation of law. Fed.R.Civ.P. Supplemental Rule F(3); 46 U.S.C. App. § 185. The Court did not need to take any further step for the stay to be in place. *The San*

---

[1] Although technically plaintiffs in limitation, for the sake of consistency, in this opposition the dredging entities are referred to as "Dredging Defendants."

[2] It is questionable if Plaintiff even has standing to bring his motion as he has not appeared or filed a claim in any of the limitation actions.

[3] See *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 263 (5th Cir. 2001).

[4] *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

[5] *Odeco Oil and Gas Co., Drilling Div. v. Bonnette,* 74 F.3d 671, 675 (5th Cir. 1996)(citations omitted)(hereafter *"Odeco II"*).

[6] *Odeco II* at 674.

*Pedro*, 223 U.S. 365 (1912). Plaintiff now seeks to stay all pending limitation actions in the Katrina Breaches Consolidated Litigation and to lift the stays issued in those actions, before a monition period has been set and before the countless currently unknown claimants have appeared and filed claims, all based upon a stipulation supposedly signed on behalf of **all** potential claimants by a purported class representative. Plaintiff's attempt to proceed "on the law side of the court" before the initial procedural requirements of the limitation actions are fulfilled, would undermine the absolute rights provided to the Dredging Defendants by the Limitation of Liability Act.

Without reaching the fact that the law does not provide for staying a limitation action or for lifting the stays issued in the limitation actions under the circumstances of this case, plaintiff's motion is premature. Neither the identities of the claimants nor their damages are known and the monition period has not been set, much less run. Moreover, as of the date of the filing of this opposition, no claim has been filed in any limitation action. Plaintiff has cited no case (and undersigned counsel is aware of none) which supports the lifting of a limitation stay under such circumstances. It simply is impossible, under the circumstances of these limitation actions, for an appropriate stipulation to be executed before "all" claimants have filed claims.

Even assuming that the motion is timely, plaintiff, under the guise of a class representative, cannot act on behalf of other claimants in a limitation proceeding. Both plaintiff's Complaint and the subject motion are filed by plaintiff, not only individually, but as a purported class representative on behalf "others similarly situated." Class actions are fundamentally incompatible with a limitation of liability proceeding.[7] It is well established that class actions and limitation of liability proceedings are inconsistent because:

---

[7] *Lloyds Leasing v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990).

> First, a class action interferes with the concursus contemplated by the limitation of liability proceeding... Second, the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action . . .  Third the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action. In short, "the two rules are incompatible, and class representation in the sense of Rule 23 should, therefore, not be allowed in limitation proceedings."[8]

Just as claimants cannot proceed in a limitation action as a class, they cannot act through a class representative in any proposed stipulation. It is "all claimants" who must file claims in the limitation and who must, if they so choose, seek relief from the stay by signing a proper stipulation to protect the vessel owner.[9]

The Dredging Defendants' concerns have been proven well founded. Brenda Berthelot has sought to have third party demands brought by defendant St. Rita's Nursing Home against third party defendant, the United States of America, dismissed on the basis that the United States is immune from liability pursuant to the Flood Control Act of 1928, and the third party action is barred both by the "due care" and "discretionary function" exceptions of the Federal Tort Claims Act.[10] Ms. Berthelot's mother died during the storm while at St. Rita's Nursing Home and, therefore, she is unarguably a member of one or more purported classes and a potential claimant in one or more of the limitation of liability actions. Yet, her recent motion is completely contrary to the position of the class action plaintiffs who consistently have argued that the immunity provided by the Flood Control Act and the exceptions of the Federal Tort Claims Act are inapplicable in these consolidated

---

[8] *Id.* (Citations omitted).

[9] See *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 405 fn.7 (5th Cir.1993).

[10] *Exhibit "A,"* Motion to Dismiss and Memorandum in Support of Motion to Dismiss filed against The United States of America.

cases and specifically in the case against these Dredging Defendants.[11] If Ms. Berthelot's position is not represented by the class on the very salient issue of the United States' legal obligations, there is no reason to believe that her position is represented in the proposed stipulation.[12]

In addition to the issues stated above, the stipulation is deficient. Cross-claimant Manson Construction Co. who has sought tort contribution and indemnity from vessel owners is not a party to the stipulation. Plaintiff fails to consider well established law that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."[13] Without cross-claimants such as Manson joining in the stipulation, the vessel owners are not protected adequately and as such, the stay cannot be lifted.[14]

### Conclusion

The law is clear. Plaintiff may not, in the capacity of class representative or otherwise, enter into a stipulation on behalf of others, whether known or unknown, in an attempt to lift a stay in a limitation action. All claimants, including cross-claimants for contribution and/or indemnity, must agree to be bound by the stipulation. Clearly, that has not happened and cannot happen at this time. Finally, there is clear evidence that the legal positions of potential claimants are not aligned with the

---

[11] *See* Memorandum Submitted by *Reed* and *Ackerson* Plaintiffs in Opposition to the Dredging Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c)(Document No. 1783), at 2-3.

[12] Ms. Berthelot's motion is not an isolated occurrence. Motions to remand based on the same legal arguments have been raised in the *Lewis* (06-8107)(Document No. 1813); *Thedy* (06-8106)(Document No. 1807); *Morales* (06-5962)(Document No. 1817) and *Lott* (05-4182)(Document No. 1883) actions.

[13] *Odeco II* at 675.

[14] *Id.*

purported class representatives, and as such, the Dredging Defendants cannot be protected sufficiently by the proposed stipulation. Therefore, plaintiff's Motion to Stay Limitation Actions should be denied.

> Respectfully submitted,
>
> **MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ, LLP**
>
> _/s/ A. Gordon Grant, Jr._
>
> A. GORDON GRANT, JR. (#6221) (T.A.)
> PHILIP S. BROOKS, JR. (#21501)
> MICHAELA E. NOBLE (#28173)
> RONALD J. KITTO (#28638)
> KENNETH J. GELPI, JR. (#24103)
> 1100 Poydras Street, Suite 3300
> New Orleans, LA 70163
> Phone: 504-585-3200
> Fax: 504-585-7688
> *T.L. James & Company, Inc., Gulf Coast Trailing Company, a Louisiana partnership, and TLJIC, L.L.C.*

/s/ James a Cobb, Jr.
James A. Cobb, Jr. (Bar Roll No. _____)
Emmet, Cobb, Waits & Henning
1515 Poydras St., Ste. 1950
New Orleans, LA 70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020
jac@ecwko.com
*Attorney for Weeks Marine, Inc.*

/s/ James H. Roussel
James H. Roussel ( Bar Roll No. _____)
Nyka M. Scott (Bar Roll No. _____)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
jroussel@bakerdonelson.com
*Attorneys for Great Lakes Dredge & Dock Company*

/s/ Richard Cozad
Richard Cozad (Bar Roll No. _____)
Emma A. Mekinda (Bar Roll No. _____)
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone: (504) 561-0323
Facsimile: (504) 528-9442
em@mpc-law.com
*Attorneys for King Fisher Marine*

/s/ Samuel B. Gabb
Samuel B. Gabb (Bar Roll No.22378)
Thomas P. LeBlanc (Bar Roll No. 22832)
Lundry & Davis
501 Broad St.
P.O. Box 3010
Lake Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029
*Attorneys for Mike Hooks, Inc.*

/s/ Andre J. Mouledoux
Andre J. Mouledoux (Bar Roll No._____)
Mouledoux, Bland, Legrand & Brackett
701 Poydras St., Ste. 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com
*Attorneys for Pine Bluff Sand & Gravel Co.*

/s/ William J. Larzelere, Jr.
William J. Larzelere, Jr. (Bar Roll No. ____)
T. Justin Simpson (Bar Roll No._____)
Larzelere, Picou, Wells, Simpson & Lonero
3850 B. Causeway Blvd., Suite 1100
Tow Lakeway Center
Metairie, LA 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
jsimpson@lpw-law.com
*Attorneys for Luhr Bros.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___1st___ day of ___December___, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.

H:\kgelpi\11780.1 - MRGO\Pleadings\Opposition Motion Stay first revision Crow body.wpd

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 8 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 1 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823   Filed 11/27/2006   Page 1 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | CIVIL ACTION |
| Plaintiff, | * | |
| VERSUS | * | |
| SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC. | * * * * * | NUMBER 06-8810 <br><br> SECTION "K" <br><br> MAGISTRATE "2" |
| Defendants, | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes Brenda Berthelot, plaintiff in the captioned action and pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves for dismissal of the third party demand in the above referenced matter asserted against the United States of America on the following grounds:

1. The third party demand filed herein against the United States of America fails to state a claim upon which relief can be granted for the reason that Louisiana tort law no longer affords contribution between and among tortfeasors because solidary liability no longer exists in Louisiana tort law.

2. Additionally, the third party demand attempts to assert liability on behalf of the United States of America for the deaths that occurred at the St. Rita's Nursing Home in St. Bernard Parish, Louisiana on August 29, 2005 as a result of drowning from flood waters.

1


EXHIBIT A

Case 2:05-cv-04182-SRD-JCW  Document 1945-1  Filed 12/01/06  Page 9 of 19
Case 2:05-cv-04182-SRD-JCW  Document 1942-2  Filed 12/01/2006  Page 2 of 12
Case 2:05-cv-04182-SRD-JCW  Document 1823-2  Filed 11/27/2006  Page 2 of 2

Pursuant to the Flood Control Act of 1928, 33 USC § 702 c, the United States of America has no liability of any kind for any damage from or by floods or flood waters at any place.

3. The defendants herein have asserted a third party demand against the United States of America pursuant to the Federal Tort Claims Act, 28 USC § 1346 (b), 2671-2680. The allegations of a third party demand come within the "due care" exception to a Federal Tort Claims Act codified at 28 USC § 2680 (a) and the discretionary function exception which is also codified at 28 USC § 2680 (a).

WHEREFORE, plaintiff prays that, after due proceedings had, there be judgment herein dismissing the third party demand filed against the United States of America.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY: _____s/ William R. Mustian, III_____
**WILLIAM R. MUSTIAN, III (#9865)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: wrm@stangamustian.com

Case 2:05-cv-04182-SRD-JCW    Document 1945-1    Filed 12/01/06    Page 10 of 19
Case 2:05-cv-04182-SRD-JCW    Document 1842-2    Filed 12/01/2006    Page 3 of 12
Case 2:05-cv-04182-SRD-JCW    Document 1823-2    Filed 11/27/2006    Page 1 of 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | **CIVIL ACTION** |
| Plaintiff, | * | |
| **VERSUS** | * | |
| **SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC.** | * * * * * | **NUMBER 06-8810** <br><br> **SECTION "K"** <br><br> **MAGISTRATE "2"** |
| Defendants, | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED AGAINST THE UNITED STATES OF AMERICA

MAY IT PLEASE THE COURT:

This lawsuit arises out of the drowning death of plaintiff's mother at the St. Rita's Nursing Home in St. Bernard Parish on August 29, 2005 as a result of the flood waters generated by Hurricane Katrina. The defendants Salvador Mangano, Mabel Mangano, and Buffman Inc. (hereinafter referred to as "St. Rita's Nursing Home entities") have filed a third party demand against the United States of America seeking "contribution" and "indemnity" for any liability those entities have as a result of damages sustained by plaintiff. This memorandum will demonstrate that the third party demand fails to state a claim upon which relief can be granted and therefore should be dismissed for the following reasons:

1. There is no cause of action in Louisiana tort law for legal indemnity or contribution since solidary liability no longer exists in Louisiana tort law.

1

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 11 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 4 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 2 of 8

2.  The United States of America is immune from liability for any claims for damages arising out of damages caused by flood waters of any kind at any place pursuant to the flood control act of 1928. 33 USC 702 c.

3.  This third party action is barred by the "due care" exception to the Federal Tort Claims Act codified at 28 USC § 2680 (a).

4.  This third party action is barred by the "discretionary function" exception to the Federal Tort Claims Act as codified in 28 USC § 2680 (a).

## ISSUE NO. 1

**The third party demand fails to state a claim upon which relief can be granted since contribution and/or legal indemnity no longer exist in Louisiana tort law.**

The United States of America can be sued for contribution as a joint tortfeasor through the provisions of the Federal Tort Claims Act, but only if a right of contribution exists under state law. *Certain Underwriters at Lloyd's v. United States of America* 511 F 2nd 159 (5th Cir. 1975). No right of contribution in tort had existed in Louisiana law since the amendment of Civil Code Articles 2323 and 2324 in 1996 to eliminate solidary liability. Indeed, the Louisiana Supreme Court has specifically held in *Dumas v. State, Department of Culture, Recreation & Tourism* 2002-0563 (La 10/15/02) 822 So. 2nd 530, that the 1996 amendments to Civil Code Articles 2323 and 2324 eliminated solidary liability and therefore eliminated the right of contribution among tortfeasors in Louisiana:

> "With the 1996 amendments to articles 2323 and 2324 (B), however, the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims receive full compensation for their injuries. Now, however, Louisiana's policy is that each tortfeasor pays only that portion of the damage he has caused and the tortfeasor shall not be solidary liable with any other person for damages attributable to the fault of that other person.

2

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 12 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 5 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 3 of 8

> With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity." 828 So. 2nd at 538 (emphasis supplied)

While the defendants in this case stated in the third party demand that they were requesting an apportionment of liability, it was not necessary to add the United States of America as a party in order to do so. In *Dumas, supra,* the court held that the fault of a non-party could be considered in apportioning liability. Civil Code Article 2323 provides in pertinent parts.

> "Art. 2323 Comparative fault
> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty...".

It is clear beyond argument that it was completely unnecessary for the United States of America to be joined as a third party defendant in this matter for the purpose of legally non-existent "contribution" or for the purpose of determining its potential liability. As shown above, no right to contribution exists after the 1996 amendment Civil Code Article 2323 and 2324 and it is unnecessary for the United States of America to be a party in order for its potential liability to be apportioned. Likewise, there is no provision in Louisiana law for legal "indemnity" and no claim of a right to contractual indemnity has been raised. Therefore, for all the foregoing reasons, the United States of America was improperly joined in this matter in violation of 28 USC § 1359. This matter should be remanded for that reason.

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 13 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 6 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 4 of 8

## ISSUE NO. 2

**Any and all claims made against the United States of America for damages sustained as a result of flooding are absolutely barred by the Flood Control Act of 1928, 33 USC 702 c.**

The basis for the third party demand against the United States of America is the presence of the Mississippi River Gulf Outlet (MRGO), a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans. Construction of this waterway was approved by Congress in the Rivers and Harbors Act of 1956. The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers. The third party demand essentially alleges that the presence of the MRGO has resulted over the years in the loss of wetlands that would absorb storm surge generated by hurricanes and help to prevent flooding. The specific negligence asserted against the United States of America in the third party demand is as follows:

### XXXV

> "The United States of America owed a duty of reasonable care to third party plaintiffs which was beached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from the third party plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to third party plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein."

Clearly, the third party demand is based upon damages, by its own wording, resulting from flooding.

In the Flood Control Act of 1928, Congress provided that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any

4

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 14 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 7 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 5 of 8

place. " 33 USC § 702 c. As the United States Supreme Court has observed, this provision outlines immunity in sweeping terms: No liability of any kind... for *any* damage from or by floods or flood waters at *any* place. (emphasis added [by court]) It is difficult to imagine broader language." *United States v. James* 478 US 597, 604 (1986). In *James*, the Supreme Court found nothing in either the statutory text or legislative history that would justify a departure from the plain words of the statute. 478 US 606.

The next major pronouncement on the Flood Control Act by the United States Supreme Court was in *Central Green Co. v. The United States* 531 US 425 (2001). In *Central Green Co.*, the court made it clear that the phrase "floods or flood waters" in the Act applies to:

1. "Those waters that a federal project is unable to control" and

2. "Waters that are released for flood controlled purposes when reservoired waters are at flood stage. *Central Green* at 431.

The significant association that is relevant to immunity under 33 USC §702 c is the casual relationship between water, specifically floods or flood waters, and the plaintiff's damages. Id at 434. It is "the character of the waters that caused the relevant damage," not "the character of the federal project or the purposes that it serves," that determines whether § 702 c applies. Id

It is beyond dispute that the waters that caused the relevant damage in the present case were "flood waters" within the meaning of § 702 c and under *Central Green* that casual connection requires application of the immunity provision and dismissal of this third party demand.

## ISSUE NO. 3

5

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 15 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 8 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 6 of 8

**This Third Party is barred by the "due care" exception to the Federal Tort Claims Act.**

The third party plaintiffs have cited the Federal Tort Claims Act 128 USC §1346 (b), 2671-2680, as establishing the Court's jurisdiction over this case. The Federal Tort Claims act is a limited waiver of sovereign immunity and the exclusive means by which plaintiff's can sue the United States for money damages for causes of action sounding in tort. The terms of the Federal Tort Claims Act define the extent of this Court's jurisdiction over these claims. The Act's terms and conditions must be strictly observed and construed. *Lane v. Pena* 518 US 187, 192 (1996).

With certain exceptions, the Federal Tort Claims Act gives the district courts jurisdiction of civil actions in tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC § 1346 (b)(1). Two pertinent exceptions are codified in 28 USC § 2680 (a), which provides that provisions of § 1346 (b) "shall not apply to-

> "Any claim based upon an act or omission of an employee of the government, exercising due care in the execution of a statute or regulation, whether or not such statute or regulation may be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

Both of these exceptions apply to this action. Some of the third party plaintiffs' allegations imply that MRGO was a bad idea from the start and should not have been approved by Congress. To the extent that the third party demand complains of the fulfillment of a mandate contained in the law, i.e. the construction of the MRGO, it is barred by the "due care" exception and must be dismissed. Congress approved construction of the MRGO for better or worse. Inasmuch as Congress mandated this project and funded its operation and maintenance, the mere

6

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 16 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 9 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-2   Filed 11/27/2006   Page 7 of 8

fact that the project was carried out in and of itself cannot form a basis of liability under the FTCA. The "due care" exception protects acts and omissions that occur while carrying out the dictates of a statute or regulation if the "carrying out" has been accomplished with the requisite care. *Dalehite v. The United States,* US 15 32-33 (1953). Accordingly, unless some deviation from the mandatory directive is alleged, general allegations of "negligence" are insufficient to prevent application of the "due care" exception. *Welch v. The United States* 409 F 3rd 646, 652 (4th Cir. 2005) cert. denied 126 S. Ct. 1431 (2006).

### ISSUE NO. 4

**The Third Party action is barred by the "discretionary function" exception to the Federal Tort Claims Act.**

By virtue of the second exception codified at 28 USC § 2680 (a), the Federal Tort Claims Act does not apply to claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved abused. 28 USC § 2680 (a). "This exception reflects a congressional intent to "prevent judicial second-guessing of legislative and administrative decisions granted in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines* 467 US 797, 814 (1984); *Baldassaro v. The United States* 64 F 3rd 206, 211 (5th Cir. 1995) Cert. Denied 517 US 1207 (1996). A discretionary action is one that involves choice or judgment. *United States v. Gaubert* 499 US 315, 325 (1991). In the instant case, the St. Rita's Nursing Home entities allege that the United States Government failed to warn those entities that the presence of the MRGO and alleged loss of wetlands as a result of its presence had, over the years, increased the susceptibility of the St. Rita's Nursing Home to flooding. There is no allegation that the United States

Case 2:05-cv-04182-SRD-JCW  Document 1945-1  Filed 12/01/06  Page 17 of 19
Case 2:05-cv-04182-SRD-JCW  Document 1942-2  Filed 12/01/2006  Page 10 of 12
Case 2:05-cv-04182-SRD-JCW  Document 1823-2  Filed 11/27/2006  Page 8 of 8

Government was mandated by law to issue such a warning, if such a warning was indeed warranted. Clearly, the third party action complains of, at most, a discretionary act—not giving of a warning regarding the effect of presence of the MRGO.

## CONCLUSION

For all the foregoing reasons, the third party demand filed herein by the St. Rita's Nursing Home entities fails to state a claim upon which relief can be granted, and fails to establish subject matter jurisdiction and accordingly the third party demand should be dismissed.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY: _____s/ William R. Mustian, III_____

**WILLIAM R. MUSTIAN, III (#9865)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: wrm@stangamustian.com

Case 2:05-cv-04182-SRD-JCW Document 1945-1 Filed 12/01/06 Page 18 of 19
Case 2:05-cv-04182-SRD-JCW Document 1942-3 Filed 12/01/2006 Page 11 of 12
Case 2:05-cv-04182-SRD-JCW Document 1823-3 Filed 11/27/2006 Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | |
| **VERSUS** | * | |
| **SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC.** | * * * * * | **NUMBER 06-8810** **SECTION "K"** **MAGISTRATE "2"** |
| **Defendants,** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I hereby certify that the Motion to Dismiss, Memorandum in Support of Motion to Dismiss, and Notice of Hearing have been served upon all parties in this matter through counsel of record, by placing a copy of same in the United States Mail, appropriate postage prepaid and properly addressed to each party. This 15th day of November, 2006.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY: ___s/ William R. Mustian, III___
**WILLIAM R. MUSTIAN, III (#9865)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: wrm@stangamustian.com

Case 2:05-cv-04182-SRD-JCW   Document 1945-1   Filed 12/01/06   Page 19 of 19
Case 2:05-cv-04182-SRD-JCW   Document 1942-2   Filed 12/01/2006   Page 12 of 12
Case 2:05-cv-04182-SRD-JCW   Document 1823-4   Filed 11/27/2006   Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRENDA BERTHELOT** | * | **CIVIL ACTION** |
| Plaintiff, | * | |
| **VERSUS** | * | |
| **SALVADOR MANGANO, MABEL BUFFONE MANGANO, THE MANGANO CORPORATION, MANQUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP, MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., MGH LIMITED PARTNERSHIP and BUFFMAN, INC.** | * * * * * | **NUMBER 06-8810** <br><br> **SECTION "K"** <br><br> **MAGISTRATE "2"** |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

Please take notice that plaintiff, Brenda Berthelot will bring on for hearing, the Motion to Dismiss filed in this matter on December 13, 2006 at 9:30 a.m. before the Honorable Judge Stanwood R. Duval, Jr. at 500 Poydras Street, Room C- 352, New Orleans, Louisiana 70130.

Respectfully Submitted:

**STANGA & MUSTIAN, P.L.C.**

BY:_____s/ William R. Mustian, III_____
**WILLIAM R. MUSTIAN, III (#9865)**
3117 22nd Street, Suite 6
Metairie, Louisiana 70002
Telephone: (504) 831-0666
Facsimile: (504) 831-0726
E-mail: wrm@stangamustian.com

1