**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ST. RITA (*Berthelot*, 06-8810) | § | |
| | § | |
| _____ | § | |

**UNITED STATES' MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**

The plaintiff in the above-action has filed a motion to remand this case to state court.[1]

This motion should be denied because the case was properly removed pursuant to 28 U.S.C. §

1442, which allows the United States to remove a state civil action brought against it regardless

of whether the federal court has original jurisdiction over the claims against the United States. If

this Court determines that it lacks subject matter jurisdiction as to the claims against the United

_____

[1] The plaintiff has also filed a Supplemental Memorandum in Support of Motions to Remand
and to Dismiss Third Party Demand. Doc. Rec. No. 1889-5.

States, it may, in its discretion, remand the case to state court.  The United States respectfully

submits that oral argument is not necessary and that the plaintiff's motion can be decided on the

briefs alone.[2]

## BACKGROUND

The plaintiff filed her action against defendants Salvador Mangano, Mabel Buffone

Mangano, The Mangano Corporation, Manquest, Inc., Manaca, Inc., AOLC Limited Partnership,

Mangano Management, Inc., Mangano Consultants, Inc., MGH Limited Partnership and

Buffman, Inc. ("the defendants"), on October 25, 2005, in the 34th Judicial District Court for the

Parish of St. Bernard.  Rec. Doc. No. 2-2, Plt's. State Court Complaint.  On September 14, 2006,

the defendants filed a third-party claim against the United States and other state and local

officials and agencies seeking indemnity and contribution in the event that they are held liable to

the plaintiff.  The defendants' claims against the United States are made pursuant to the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  Rec. Doc. No. 1-2, Third Party

Demand at 7-8.

---

[2] Similar motions to remand have been filed in the *Rodrigue* (06-6639), *Johnson* (06-7400), *Lewis* (06-8107), *Morales* (06-5962), *Thedy* (06-8106 ), *Kramer* (06-7457), *Verges* (06-8731), and *Poissenot* (06-7858) cases, which are pending before the Court in the *In Re: Katrina Canal Breaches Consolidated Litigation*, and in the *Lepine* (06-8881) case, also currently pending before the Court.

The United States removed this case to federal court on October 20, 2006[3], citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[4]  Rec. Doc. No. 1-1, United States' Notice of Removal.  The plaintiff now argues that the removal was improper and seeks to remand this case to state court.  According to the plaintiff, the defendants have no legal basis for their claims of contribution and indemnity against the United States, and, therefore, the third party demand against the United States was improper under 28 U.S.C. § 1359 and does not provide a basis for federal jurisdiction.[5]  Moreover, the plaintiff argues that this Court lacks jurisdiction over the claims against the United States pursuant to the FTCA's discretionary function and "due care" exceptions contained in 28 U.S.C. § 2680(a) and under the

_____

[3] The plaintiff argues that the "United States has failed to provide evidence that it removed this matter within thirty (30) days of service of the third party demand in state court," and, as such, the removal is procedurally defective.  Rec. Doc. No. 4-2, Mem. in Sup. of Mot. to Remand at 1-3.  The United States was served with the defendants' Third Party Demand on October 2, 2006.  Exhibit 1.  Thus, the United States timely removed the present case to this Court.

[4] Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows removal of state court cases to federal court when the district court has original jurisdiction over the claim.  Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

[5] 28 U.S.C. § 1359 reads as follows: A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Flood Control Act of 1928, 33 U.S.C. § 702(c).  Rec. Doc. No. 4-2, Plt's. Mem. in Sup. of Mot.

to Remand at 3-7.[6]

      The plaintiff's motion to remand must be denied.  Even if the plaintiff is correct that this

Court lacks original jurisdiction over the claims against the United States, the removal to federal

court was proper under 28 U.S.C. § 1442.  A remand at this time would be contrary to law.

<u>ARGUMENT</u>

      When a party files a motion to remand challenging the removal of an action from state

court, the burden falls upon the removing party to establish its right to a federal forum.  *See*

*Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).  The statute

governing remand after removal is 28 U.S.C. § 1447(c):  "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28

U.S.C. § 1447(c).

      Pursuant to 28 U.S.C. § 1442(a)(1), the United States, any federal agency, and any officer

of the United States or of any federal agency may remove a state civil action or a state

prosecution brought against them.  Section 1442(a)(1) reads as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any
> of the following may be removed by them to the district court of the United States
> for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting
> under that officer) of the United States or of any agency thereof, sued in an
> official or individual capacity for any act under color of such office or on account
> of any right, title or authority claimed under any Act of Congress for the
> apprehension or punishment of criminals or the collection of the revenue.

---

[6] The plaintiff's Memorandum in Support of Motion to Remand, Issue No. 3 at 7, refers the
Court to her Memorandum in Support of Motion to Dismiss Filed Against the United States of
America, Doc. Rec. No. 5-2, for a more thorough discussion of her arguments.

28 U.S.C. § 1442(a).[7]

A federal court need not have original jurisdiction over a claim against a federal agency or officer for removal under § 1442 to be proper.  "To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction."  *IFMC Prof'l Servs. of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5ᵗʰ Cir. 1982); *see also Mesa v. California*, 489 U.S. 121, 136 (1989) (Constitutional basis for removal under § 1442(a)(1) is the federal officer's substantive immunity defense arising under federal law); *State of Nebraska, Ex Rel., Dept. of Social Servs. v. Bentson*, 146 F.3d 676, 679 (9ᵗʰ Cir. 1998) ("A [party's] power to remove a case to federal court is independent of the federal court's power to hear it. . . . Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."); *Mir v. Fosbury*, 646 F.2d 342, 344 (9ᵗʰ Cir. 1980) (unlike removal under § 1441, a district court has jurisdiction to hear an action removed pursuant to § 1442 even if the initial action could not have been commenced in a federal forum).

One of the principal purposes of the right of removal under § 1442 is to allow a federal court to determine the validity of an asserted immunity defense.  *Winters*, 149 F. 3d. at 397-98; *see also State of La. v. Sparks*, 978 F.2d 226, 232 (5ᵗʰ Cir. 1992) (noting that chief purpose of § 1442 removal is "to prevent federal officers who simply comply with a federal duty from being

---

[7]   Section 1442 was specifically amended in 1996 to allow both the United States and federal agencies to remove cases to federal court; prior thereto, only federal officers and persons acting under them could use this statute to remove cases.  *See International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72 (1991), *superseded by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850.

punished by a state court from doing so"); *Reese v. South Florida Water Mgmt. District*, 853 F.
Supp. 413, 414 (S.D. Fla. 1994) ("Section 1442 is intended to protect federal interests by
providing federal officials a federal tribunal in which to litigate matters concerning acts
committed in their federal capacity.").  To qualify for removal under § 1442, federal agencies
must establish that the suit is for an act under color of office and raise a colorable federal
defense.  *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S.
121, 129, 139 (1989).  In construing the color of federal office and colorable federal defense
requirements, the Supreme Court has expressly rejected a narrow interpretation.  *Winters*, 149 F.
3d. at 398, 400 (color of federal office requirement "should be afforded a broad reading so as not
to frustrate the statute's underlying rational"; need not prove asserted federal defense, only
articulate its colorable applicability).  *See also Willingham*, 395 U.S. at 407 (The claim to a
federal defense must be colorable but not necessarily ultimately successful on the merits to
establish requirement.); *U.S. v. Todd*, 245 F.3d 691, 693-694 (8th Cir. 2001) (To establish a
colorable defense, the defense need only be plausible.)

   Third-party defendants may remove under § 1442.  "[B]ecause removal under section
1442 rests upon 'far stronger considerations of policy' [than removal under section 1441]. . .
courts have uniformly permitted third-party defendants to remove under section 1442(a)(1).
*Moreland v. Van Buren GMC, et al.,* 93 F. Supp.2d. 346, 350 (E.D.N.Y. 1999) (*quoting Bradford
v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960)); *see also IMFC Prof'l Servs. of Florida, Inc.*, 676
F.2d at 155 (the fact that removing party is third-party defendant does not defeat removal under §
1442(a)(1)).

If, once the case is removed, the district court determines that it lacks subject matter jurisdiction over the federal claims, federal jurisdiction is not extinguished. *IMFC Prof'l Servs. of Florida, Inc.*, 676 F.2d at 159-160. In such cases, the court may exercise its discretion in determining whether to retain the state law claims or remand them to state court. *Id.*

Removal of this case was proper under the plain language of § 1442. The defendants have asserted third-party claims against the United States for its alleged negligent actions under the color of federal office. *See* Third Party Demand at 8-10 (alleging that the United States, through the United States Army Corps of Engineers, negligently designed, constructed, and maintained the Mississippi River Gulf Outlet, the result of which greatly enhanced the possibility that the defendants' facility would flood during Hurricane Katrina.); *see also Moreland,* 93 F. Supp.2d. at 352-53 (federal agency necessarily acts under color of federal office). The defendants have invoked the FTCA as their basis for recovery against the United States, and the plaintiff has argued in her briefs that the United States is immune from suit under the Flood Control Act and the FTCA's discretionary function and "due care" exceptions.[8] Thus, even though the United States has not yet responded to the defendants' third-party claims, it is apparent that these cases will involve federal defenses.[9] *See, e.g., Moreland,* 93 F. Supp.2d. at 353 (finding colorable federal defense because third party defendants were immune from suit

---

[8] *See* plaintiff's arguments at Plt.'s Mem. in Sup. of Mot. to Remand, Doc. Rec. No. 4-2 at 7, and Plt.'s Mem. in Sup. of Mot. to Dismiss Filed Against the United States of America at Doc. Rec. No. 5-2 at 4-8.

[9] Pursuant to Chief Judge Berrigan's October 24, 2006 order automatically extending the time for parties to file responsive pleadings for an additional twenty days, the United States' answer to the third-party claim is due on December 21, 2006.

under the FTCA, 28 U.S.C. §§ 2679(a), 1346(b)).  Should the Court determine that it has no

jurisdiction over any of the federal claims, it may, at its discretion, remand the remaining state

claims to state court.  At this time, however, the case must remain in federal court until the

federal claims are dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's motion to remand should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch


s/ James F. McConnon, Jr.
JAMES F. MCCONNON, JR.
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 353-2604
(202) 616-5200 (fax)
jim.mcconnon@usdoj.gov
Attorneys for Defendant United States


December 4, 2006

8

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on December 4, 2006, I served a true copy of  "United States' Memorandum in Opposition to Plaintiff's Motion to Remand" upon the parties of record by ECF, electronic mail, or first class mail.


/s/ James F. McConnon, Jr.
James F. McConnon, Jr.