UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NUMBER 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| LEVEE CASES | * | |
| PERTAINS TO: 06-7682 | * | |
| (Paul) | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |

ANSWER OF THE PUBLIC BELT
RAILROAD COMMISSION FOR THE CITY OF NEW ORLEANS

**NOW INTO COURT** comes the defendant, the Public Belt Railroad Commission for the City of New Orleans (the "Public Belt"), through undersigned counsel, and in response to the state court removed Petition (hereafter, the "Complaint") filed by Judy M. Paul and Willie Mackie, Sr., individually and on behalf of all other similarly situated plaintiffs, the Public Belt denies each and every allegation contained in the Complaint, except those specifically admitted hereinafter and, in defense of the allegations set forth in the Complaint, specifically avers the following:

**1.**

The allegations of Paragraph 1 are denied with respect to the Public Belt.

**2.**

The allegations of Paragraph 2, including subparts, are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The Public Belt affirmatively avers that it is a political subdivision of the State of Louisiana, created and empowered by the state legislature pursuant to LSA-R.S. 33:4530, et seq., to develop, operate and manage a public belt railroad system for the City of New Orleans. To the extent that the allegations of Paragraph 4 concerning the status of the Public Belt differ from the statement in the preceding sentence, those allegations are denied. The Public Belt denies any liability to the plaintiffs. The allegations of Paragraph 4 concerning other defendants are denied, for lack of information to justify a belief therein.

5.

The allegations of Paragraph 5 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 5 are denied.

6.

The allegations of Paragraph 6 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8, including subparts, contain legal conclusions which require no answer. In an abundance of caution, the allegations of Paragraph 8 are denied. The Public Belt specifically avers that *none* of alleged "questions of law and fact" set forth in subparts A through H of Paragraph 8, relate to any issue concerning or involving the Public Belt.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

**10.**

The allegations of Paragraph 10 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 10 are denied.

**11.**

The allegations of Paragraph 11 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegation of Paragraph 11 are denied.

**12.**

The allegations of Paragraph 12 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 12 are denied.

**13.**

The allegations of Paragraph 13 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 13 are denied. Defendant notes further that the plaintiffs' prayer seeks only monetary damages and does not include any request for a medical monitoring program, injunctive relief, declaratory relief, or any equitable relief. The allegations of Paragraph 13 do not appear to relate to this matter and are due to be stricken from the Complaint.

**14.**

The allegations of Paragraph 14 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 14 are denied.

**15.**

The allegations of Paragraph 15 are denied. It is specifically denied that the allegations of Paragraph 15 are sufficient to define a plaintiff class.

**16.**

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

**18.**

Except to admit the existence of Hurricane Katrina, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

**21.**

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

**22.**

The allegations of Paragraph 22 are denied.

**23.**

The allegations of Paragraph 23 are denied, because the allegations refer to a September 11, 2004 derailment of a train owned by Buckington Northern and Sante [sic] Fe Company and operated by employees of CSX Transportation, Inc. The Public Belt avers that no such derailment occurred on September 11, 2004. The Public Belt further avers that it was not at fault in the cause of the derailment which did occur at the described site on December 11, 2004. Rather, the said derailment was due solely and entirely to the fault of another defendant over whom the Public Belt had no authority, control, or responsibility.

**24.**

The allegations of Paragraph 24 are denied. See response to Paragraph 23, above.

**25.**

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein. See also, response to Paragraph 23, above.

**26.**

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

**27.**

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

**28.**

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

**29. – 30.**

The allegations of Paragraphs 29 and 30 are captioned "Negligence and Fault of the Sewerage and Water Board," and allege specific claims against the Sewerage and Water Board. The allegations of Paragraphs 29 - 30, including all subparts, require no answer from the Public Belt. In an abundance of caution, the Public Belt denies the allegations for lack of sufficient information to justify a belief therein.

**31.**

There are two Paragraphs numbered 31 in the plaintiffs' Complaint. The allegations of both are captioned "Negligence and/or Fault of the Orleans Levee Board," and allege specific claims against the Orleans Levee Board. In an abundance of caution, the Public Belt denies the allegations of each Paragraph 31, for lack of sufficient information to justify a belief therein.

**32.**

There is no Paragraph numbered 32 in the plaintiffs' Complaint.

**33. – 34.**

The allegations of Paragraphs 33 – 34 are captioned "Liability of the Board of Commissioners of the Port of New Orleans." In an abundance of caution, the Public Belt denies the allegations of Paragraphs 33 and 34, for lack of sufficient information to justify a belief therein.

**35. – 36.**

The allegations of Paragraphs 35 – 36 are captioned "Negligence and/or Fault of the City of New Orleans." In an abundance of caution, the Public Belt denies the allegations of Paragraphs 35 and 36, for lack of sufficient information to justify a belief therein.

**37.**

In response to the allegations of Paragraph 37, the Public Belt re-alleges all responses pleaded in response to Paragraphs 16 through 28 as though copied *in extenso*.

**38.**

The Public Belt denies each and every allegations of Paragraph 38, and each subpart thereof, as the allegations are directed to the Public Belt. The Public Belt specifically denies that it was at fault in causing the train derailment that occurred on Decmber 11, 2004, at the site referenced in plaintiffs' complaint. With respect to the allegation in subpart G of Paragraph 38 that the railroad defendants failed to timely replace the damaged gate so as to prevent entry of storm surges into the adjacent community, the Public Belt specifically avers that it and the other railroad defendants are prohibited by the statutes of the United States and the State of Louisiana from performing repairs to the floodgate in question, or to the floodwall, or to any part of the flood control system. Moreover, the railroad defendants, including the Public Belt, have no duty to protect the adjacent community, or any community from storm surges, or from any flood or encroaching waters. Rather, that duty is imposed upon specified agencies of the U.S. government, and upon specified agencies or political subdivisions of the State of Louisiana other than the Public Belt.

**39. – 40.**

The allegations of Paragraphs 39 – 40 are captioned "Negligence and/or Fault of the Louisiana Department of Transportation and Development," and allege specific claims against that defendant. The Public Belt denies the allegations of Paragraphs 39 and 40, for lack of sufficient information to justify a belief therein.

**41.**

The allegations of Paragraph 41 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 41 are denied.

**42.**

The allegations of Paragraph 42 state a legal conclusion, to which no answer is required. In an abundance of caution, the allegations of Paragraph 42 are denied.

**43.**

The allegations of Paragraph 43, including all subparts, are denied.

**44.**

The allegations of Paragraph 44 require no answer. The Public Belt, a political subdivision of the State of Louisiana, specifically reserves its right to object to a trial by jury, pursuant to LSA-R.S. 13:5105, in the event this matter is hereafter remanded to state court.

**45.**

The allegations of the plaintiffs' prayer, mistakenly numbered Paragraph "454," require no answer. The Public Belt avers that the plaintiffs' prayer of the plaintiffs' Complaint fails to request any relief from the Public Belt, which is one reason, among several, why the plaintiffs' complaint fails to state a claim for relief against the Public Belt.

**AND NOW,** for further answer to the plaintiffs' complaint, the defendant Public Belt avers:

### First Affirmative Defense

The Complaint fails to state a claim against the Public Belt for which relief can be granted.

### Second Affirmative Defense

The plaintiffs' Complaint fails to state a claim for relief on behalf of absent class members upon which relief may be granted. There are no allegations of fact, as distinguished from mere legal conclusions, concerning the requisite elements of a class action, and no allegations of fact to demonstrate that the class action procedure is superior to other methods for the adjudication of this controversy.

### Third Affirmative Defense

The plaintiffs' claims cannot be brought as a class action under Rule 23 of the Federal Rules of Civil Procedure. There are no common questions of law and fact among the persons sought to be made members of the plaintiff class, or alternatively, the questions of law and fact common to the putative class members do not predominate over the questions affecting only individual members. There are no facts alleged that demonstrate the named plaintiffs' claims are typical of the claims of the putative class members. Upon information and belief, there may be defenses to the claims of the named plaintiffs which are not available to typical claims of putative class members. The named plaintiffs are not adequate representatives of the putative class, and the class action procedure is not superior to other methods for the adjudication of this controversy.

### Fourth Affirmative Defense

The injuries and damages allegedly suffered by the named plaintiffs and the absent class members, if any, were not caused by, contributed to or brought about by any negligence, strict liability or other fault on the part of the defendant Public Belt or on the part of any person or entity for whom the defendant Public Belt may be responsible.

### Fifth Affirmative Defense

The injuries and damages allegedly suffered by the named plaintiffs and the absent class members, if any, were caused and/or contributed to by the negligence, strict liability or other fault of a third party or third parties over whom the Public Belt has no authority, control or responsibility.

### Sixth Affirmative Defense

If it is found that the damages complained of were caused or contributed to by the fault of the Public Belt, the Public Belt pleads that plaintiffs have failed to take the required steps to mitigate any damages they may have suffered.

### Seventh Affirmative Defense

Plaintiffs' claim fail, in whole or in part, because plaintiffs have failed to join indispensable parties defendant as required by Federal Rule of Civil Procedure 19, and have dismissed, with prejudice, another indispensable party defendant.

### Eighth Affirmative Defense

The plaintiffs' claims against the Public Belt are preempted by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq.* and the regulations promulgated thereunder, including but not limited to, 49 C.F.R. §213, "Track Safety Standards," and its subparts, including 49 C.F.R. §213.2 (express preemption); §213.63 (maintenance of track surfaces); and §213.233 (track inspections), and 49 C.F.R. §215, "Railroad Freight Car Safety Standards, and its subparts, including §215.13 (pre-departure) and §215.15 (periodic inspection of freight cars. The defendant Public Belt is a common carrier and is engaged in interstate commerce, notwithstanding that the said Public Belt operates solely in two Louisiana parishes. The FRSA mandates the Secretary of Transportation to provide comprehensive and pervasive rules, regulations, orders, and standards for all areas of railroad safety. The claims asserted by the plaintiffs arise out of state laws of strict liability and negligence which, if applied to the design, construction and/or repair of rail tracks, or to the transport of freight cars by rail in interstate commerce, establish standards therefore which are inconsistent and in conflict with and contrary to the standards created and promulgated by the Secretary of Transportation pursuant to federal law. The plaintiffs' stated theories of action against the defendant Public Belt are accordingly preempted by application of the federal standards, duties, statutes, rules, orders, and regulations promulgated pursuant to the FRSA. See, e.g., 49 U.S.C. §20106.

### Ninth Affirmative Defense

The state law claims of negligence, strict liability or other fault asserted against the Public Belt fail because the Public Belt is immune from such claims pursuant to LSA- R.S. 9:2798.1, and owed no duty to the plaintiffs under the public duty doctrine or otherwise. The state law claims asserted against the Public Belt fail because the alleged acts and/or omissions by the Commission were discretionary and imputed no duty to the Public Belt.

### Tenth Affirmative Defense

Alternatively, in the event the Public Belt is found not to have immunity pursuant to LSA- R.S. 9:2798.1 from the plaintiffs' claims, then the plaintiffs' damages, if any, are absolutely limited by LSA- R.S. 13:5106 in their claims against the Public Belt.

### Eleventh Affirmative Defense

The Public Belt, a political subdivision of the State of Louisiana, specifically reserves its right to object to a trial by jury, pursuant to LSA-R.S. 13:5105, in the event this matter is hereafter remanded to state court.

### Twelfth Affirmative Defense

If the Public Belt was negligent or at fault, which is specifically denied, then the negligence or fault of the Public Belt should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against the Public Belt should be reduced accordingly.

### Thirteenth Affirmative Defense

The Public Belt affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

### Fourteenth Affirmative Defense

The Public Belt affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

### Fifteenth Affirmative Defense

The Public Belt affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

### Sixteenth Affirmative Defense

The Public Belt affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which the Public Belt may not be held responsible.

### Seventh Affirmative Defense

The Public Belt affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

### Eighteenth Affirmative Defense

The Public Belt affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by the Public Belt.

### Nineteenth Affirmative Defense

The Public Belt affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### Twentieth Affirmative Defense

The Public Belt reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### Twenty-First Affirmative Defense

The Public Belt affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

### Twenty-Second Affirmative Defense

The Public Belt affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, the Public Belt reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

### Twenty-Third Affirmative Defense

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

### Twenty-Fourth Affirmative Defense

The Public Belt owed no duty to the plaintiffs or the putative class members.

### Twenty-Fifth Affirmative Defense

Plaintiffs' damages were caused by, in whole or in part, an Act of God, force majure, and/or an extraordinary manifestation of the forces of nature, and consequently, plaintiffs' claims are barred completely, or plaintiffs' damages should be reduced according to the comparative causation of such acts of God and/or forces of nature.

### Twenty-Sixth Affirmative Defense

As a political subdivision of the State of Louisiana, the Public Belt alleges the defense available to it pursuant to LSA-R.S. 9:2800, and alleges that it never had notice (actual or constructive) of any vice or defect in the rail tracks and/or any equipment, which allegedly caused or contributed to plaintiffs' damages, and never had a reasonable opportunity to remedy any such alleged defect(s), the existence of which is denied.

**WHEREFORE,** the defendant, the Public Belt Railroad Commission for the City of New Orleans, prays that this Answer be deemed good and sufficient and after due proceedings, that there be judgment herein in favor of the said defendant and against plaintiffs, individually, and as representatives of the class of absent plaintiffs they seek to represent, dismissing their demands in their entirety and at plaintiffs' costs.

The defendant Public Belt further prays for all other just, legal and equitable relief to which it is entitled.

Respectfully submitted,

HAMILTON, BROWN & BABST

*/s/ Galen S. Brown*
GALEN S. BROWN, T.A. (#3556)
KAREN E. MILNER (#8499)
601 POYDRAS STREET, SUITE 2750
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 566-1805
FAX: (504) 566-1569
E-MAIL: gbrown@hamiltonfirm.net

Attorneys for Defendant, Public Belt Railroad Commission for the City of New Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 4th day of December, 2006.

_____
GALEN S. BROWN