**Alfonzo v. Buffman, Inc., 06-9641**

**THIRTY-FOURTH JUDICIAL DISTRICT COURT**
**PARISH OF ST. BERNARD**
**STATE OF LOUISIANA**

NO.:   **106  580**

 DIVISION " "

**NANCY ALFONSO INDIVIDUALLY/AND ON BEHALF OF**
**JANET MARIE PARKER**

**VERSUS**

**BUFFMAN, INC., SALVADOR A. MANGANO, AND MABEL B. MANGANO**

FILED:   JUL 0 7 2006                    _Lena R. Torres_

12:29                         DEPUTY CLERK

**PETITION FOR DAMAGES**

The petition of **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF**

**JANET MARIE PARKER,** a person of the full age of majority and, at time of this incident, a

resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and the natural

daughter of the decedent, **JANET MARIE PARKER,** with respect represents as follows:

I.

Made defendants herein are as follows:

A)  **BUFFMAN, INC,** upon reasonable information and belief available at the

present time, at all times material hereto, a domestic corporation doing business as "St. Rita's

Nursing Home"' in the Parish of St. Bernard, State of Louisiana;

B)  **SALVADOR A. MANGANO,** upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

C)  **MABEL B. MANGANO,** upon reasonable information and belief available

at the present time, and at all times material hereto, a person of the full age of majority and

domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known as St.

Rita's Nursing Home;

II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum of

money found to be reasonable in the premises, together with legal interest from the date of

judicial demand, for all costs of these proceedings, and for all other general and equitable relief

**PAGE TWO**

as may be afforded by this Honorable Court, for the following reasons:

III.

On or about the 29th day of AUGUST, 2005, JANET MARIE PARKER expired while in the care, custody and control of defendants BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.

IV.

JANET MARIE PARKER was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly injuries as a result of the failure of the defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioner avers that the death of her mother, ***death by asphyxia by drowning***, was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of JANEY MARIE PARKER, in that the defendants were negligent in the following non-exclusive particulars :

> A. Failing to evacuate nursing home residents in the face of a mandatory evacuation for the Parish of St. Bernard;
>
> B. Failing to have a viable, workable evacuation plan for the nursing home residents at the time of this emergency
>
> C. Failing to implement an evacuation plan, if one did exist;
>
> D. Failing to ask for assistance with evacuation of the nursing home residents;
>
> E. Refusing evacuation assistance from outside sources;
>
> F. Abandoning the care of JANET MARIE PARKER;

**PAGE THREE**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **JANET MARIE PARKER;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **NANCY ALFONSO, as the natural child of the decedent JANET MARIE PARKER,** has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival and wrongful death actions against defendants herein. *Petitioner alleges her mother suffered immeasurably prior to her death by drowning at the Nursing Home in question.*

VIII.

As a result of the negligence of the defendants herein causing the death of her mother, **JANET MARIE PARKER** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of her mother's death;

B. Past, past and future loss of love and affection from her mother;

C. Any and all damages which may be proven at trial;

X.

Your petitioners steadfastly aver amicable demand to defendant's, all to no avail.

.WHEREFORE, petitioner, **NANCY ALFONSO, INDIVIDUALLY/AND ON BEHALF OF JANET MARIE PARKER,** prays that defendants **BUFFMAN, INC.,**

**Anguzza et al. v. Buffman Inc. et al., 06-9038**

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERHARD

STATE OF LOUISIANA

NUMBER:  **105 936**      DIVISION:

E

JACK R. ANGUZZA and BRUCE A. ANGUZZA

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL BUFFONE MANGANO AND ABC INSURANCE COMPANY

FILED: _____MAR 0 7 2006_____      CLERK: _____

                    12:25 Am

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, JACK R. ANGUZZA and BRUCE A. ANGUZZA, both persons of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who with respect aver as follows:

I.

Made defendant herein are:

A)    BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME (herein referred to as St. Rita's), a domestic corporation authorized to do and doing business in the Parish of St. Bernard, State of Louisiana;

B)    SALVADOR A. MANGANO, a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana;

C)    MABEL BUFFONE MANGANO, a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana.

D)    ABC INSURANCE COMPANY, an insurance corporation whose identity is currently unknown, but believe to have issued a policy of insurance insuring defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL BUFFONE MANGANO.

II.

Petitioners aver that the above named defendants are liable to your petitioners for the wrongful death and a survivors' action for the death of their late mother, LILLIAN L. BANTA.

III.

Petitioners aver that LILLIAN BANTA was an eighty-eight (88) year old female and resident of St. Rita's Nursing Home from 2003 through August 29, 2006.

IV.

Petitioners aver that on Friday, August 26, 2005 they were at the nursing home with their

mother and were assured by employees and representatives of the nursing home that the nursing

home had an evacuation plan and that the residents would be evacuated in order to protect their

safety should the request from governmental authorities be made.

V.

Petitioners aver that on Saturday, August 27, 2005 they attempted to contact the nursing

home on several occasions and had no response.  At that time petitioners believed that the

residents had been evacuated in light of the voluntary evacuation order issued by St. Bernard

Parish Government.  Petitioners aver that they were advised of the death of their mother via the

internet.

VI.

Petitioners aver that defendant, ST. RITA'S NURSING HOME, SALVADOR

MANGANO, and MABEL BUFFONE MANGANO and its employees, nurses and other

representatives were negligent in the cause of their mother's death in the following non-

exclusive of particulars:

A)     Failure to have in place an evacuation plan and/or follow the evacuation plan and

protocol;

B)     Failure to heed the warnings of St. Bernard Parish Government Officials upon the

request of a voluntary evacuation and mandatory evacuation;

C)     Failure to accept transportation and evacuation requests from St. Bernard Parish

Authorities;

D)     By abandoning the residents of St. Rita's Nursing Home;

E)     Failing to have an appropriate plan to evacuate the patients in the event of an

emergency such as Hurricane Katrina;

F)     Any and all other acts of negligence as will be proven more fully at the trial of

this matter.

VII.

Petitioners, JACK R. ANGUZZA and BRUCE A. ANGUZZA, aver that they are entitled

to reasonable compensation for damages as a result of the wrongful death of their mother,

LILLIAN L. BANTA, and for all damages due LILLIAN L. BANTA had she survived, for the

# Bell v. Mangano et al., 06-9037

Jun 13 06 11:02a      Lindsey Ladouceur                                    9858834325

27270-00

## 34ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH ST. BERNARD

### STATE OF LOUISIANA

NO.        106 361                          DIVISION "

### MARY A. BELL

#### versus

**SALVADOR A. MANGANO, MABLE B. MANGANO,
MGH LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANGANO CONSULTANTS, INC.,
AOLC LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGUEST, INC., THE MANGANO CORPORATION,
and
BUFFMAN, INC.**

FILED:    MAY 30 2006          _____
                              DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition of Mary A. Bell, a person of the full age of majority and domiciled in Montgomery, Alabama, with respect, represents that:

1.

The following parties are made defendants herein and are liable unto your petitioner for a reasonable sum in the premises, together with legal interest thereon from date of judicial demand, all costs of these proceedings, and for all general and/or equitable relief for the reasons stated herein:

a)    **SALVADOR A. MANGANO**, a persons of the full age of majority and domiciled in St. Bernard, Louisiana;

b)    **MABLE B. MANGANO**, a person of the full age of majority and domiciled in St. Bernard, Louisiana;

c)    **MGH LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM**, an active Louisiana partnership with a mailing and domicile address of 1421 Bayou Road, St. Bernard, Louisiana 70085, which can be served through any of its limited partners, Mable B. Mangano, Salvador A. Mangano, as Trustee of the T.M.W. Trust and as Trustee of the S.A.M., Jr. Trust, also at the same address;

13 06 11:04a        Lindsey Ladouceur                                   9858934325

2.

On or about August 29, 2005, Hurricane Katrina struck the Parish of St. Bernard, State of Louisiana.

3.

In the days following Hurricane Katrina, levee systems began to fail, and flood waters began to inundate the Parish of St. Bernard, State of Louisiana.

4.

Robert Spinks was a resident of St. Rita's Nursing Home located at 1422 E. Louisiana Highway 60, St. Bernard, Louisiana 70085.

5.

Salvador A. Mangano, Mable B. Mangano and the above corporate entities failed to take any action in order to safeguard the residents of St. Rita's Nursing Home from the impending hurricane and the rising flood waters.

6.

As a result of their inactions, Robert Spinks drowned.

7.

Robert Spinks is survived by Mary Bell, his sister, and his brothers, Ervin Spinks and Larry Wigham.

8.

At all material times herein, Salvador A. Mangano, Mable B. Mangano, MGH Limited Partnership, A Louisiana Partnership In Commendam, Mangano Consultants, Inc., AOLC Limited Partnership, A Louisiana Partnership In Commendam, Manaca, Inc., Manguest, Inc., The Mangano Corporation, and Buffman, Inc., owned, operated and/or managed St. Rita's Nursing Home.

9.

At all material times herein, St. Rita's Nursing Home was insured by XYZ Insurance Company.

10.

Mary Bell brings a survival action, pursuant to C.C. art. 2315.1.

11.

Mary Bell brings a wrongful death action, pursuant to C.C. art. 2315.2.

# Berthelot v. Mangano, et al., 06-8810

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. *115. 433*                                    DIVISION " "

**BRENDA BERTHELOT**

**VERSUS**

SALVADOR MANGANO, MABEL BUFFONE MANGANO,
THE MANGANO CORPORATION,
MANGUEST, INC., MANACA, INC., AOLC LIMITED PARTNERSHIP,
MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC.,
MGH LIMITED PARTNERSHIP AND BUFFMAN, INC.

OCT 2 5 2005

FILED:_____            _____
        *1:50 PM*                              ~~DEPUTY~~ CLERK

## PETITION FOR DAMAGES

The petition of Brenda Berthelot, a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana, respectfully represents:

1.

The defendant, Salvador Mangano, is a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana. The defendant, Mabel Buffone Magano, is a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana. The defendant, Mangano Corporation, is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, Manguest, Inc., is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, Manaca, Inc., is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, AOLC Limited Partnership, is a Louisiana partnership, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, Mangano Management, Inc., is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, Mangano Consultants, Inc., is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant MGH Limited Partnership, is a Louisiana partnership, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana. The defendant, Buffman, Inc., is a Louisiana corporation, registered to do and actually doing business in the Parish of St. Bernard, State of Louisiana.

2.

At all relevant times herein, all defendants described in paragraph 1 of this Petition owned, operated and managed through themselves, their agents, officers and employees, St. Rita's Nursing Home located at 1422 E. La. Hwy. 46 in St. Bernard, Louisiana.

3.

On or about August 29, 2005, Hurricane Katrina, a major, catastrophic hurricane, struck St. Bernard Parish, Louisiana. As a result of the hurricane, most of St. Bernard Parish, including St. Rita's Nursing Home located at 1422 E. La. Hwy. 46, St. Bernard, Louisiana, was inundated with flood water. As a result, your petitioner's mother, Shirley Hartdegen, died of drowning.

4.

The decedent, along with other residents of St. Rita's Nursing Home were helpless and unable to evacuate from the nursing home and St. Bernard Parish. The defendants described in paragraph 1 of this Petition were all in a position to evacuate the decedent but failed and refused to do so despite having received numerous previous notices and warnings that Hurricane Katrina would strike St. Bernard Parish with catastrophic force and cause widespread flooding and wind damage. The defendants specifically refused to evacuate decedent and others from St. Rita's Nursing Home despite a mandatory evacuation order issued for St. Bernard Parish on or about August 28, 2005.

5.

The death of Shirley Hartdegen was directly and proximately caused by the negligence and intentional acts of the defendants, including but not limited to the following:

a)   In failing to evacuate residents of St. Rita's Nursing Home despite actual knowledge and notice that Hurricane Katrina would present St. Bernard Parish with catastrophic flooding and wind damage;

b)   In failing to notify families and next of kin of residents of St. Rita's Nursing Home that the residents would not be evacuated;

c)   In allowing families and next of kin of residents of St. Rita's Nursing Home to believe that residents of the nursing home would be properly cared for and evacuated if necessary;

d)   Other acts and omissions which will be shown at the trial of this matter.

# Conlon v. Mangano, et al., 06-9321

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.:      **1 0 6   2 2 0**                          DIVISION " "

**B**

SUSAN CONLON AS EXECUTRIX
OF THE SUCCESSION OF JANET RASHKIN

versus

SALVADOR MANGANO, SR., MABLE MANGANO, BUFFMAN, INC.
d/b/a ST. RITA'S NURSING HOME AND ABC INSURANCE COMPANY

FILED: ___MAY 0 8 2006___         _Lena R. Torres_

@ 3:12 pm                          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                    DEPUTY CLERK

<u>PETITION FOR DAMAGES</u>

*NOW INTO COURT, through undersigned counsel,* comes Susan Conlon, an
individual of the full age of majority, domiciled in Bergen County, New Jersey, appearing
herein as Dative Testamentary Executrix/Succession Representative of the succession of
her deceased grandmother, Janet Rashkin, who, with respect, represents:

<u>PARTIES</u>

1.

Petitioner is the granddaughter of Janet Rashkin ("the decedent") and the dative
testamentary executrix/succession representative of the decedent's succession. At the time
of her death, the decedent had no living beneficiaries as designated in Louisiana Civil Code
article 2315.1.

2.

Made defendants herein are (a) SALVADOR MANGANO, SR. and MABLE
MANGANO, persons of the full age of majority and residents of the Parish of St. Bernard,
State of Louisiana, (b) BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME
(collectively sometimes referred to as "ST. RITA'S"), a Louisiana corporation, and
(c) *ABC INSURANCE COMPANY, a fictional designation of an actual liability insurance*
company authorized to do and doing business in the State of Louisiana, and the liability
insurer at all relevant times for the MANGANOS and BUFFMAN, INC. The real name
of St. Rita's liability insurer will be substituted when it is learned through the discovery
process.

14.

Despite St. Rita's knowledge of the mandatory evacuation, and despite its knowledge of the anticipated track and magnitude of the storm even prior to the order of mandatory evacuation, defendants failed to evacuate decedent and the other residents of St. Rita's.

15.

Defendants failed to evacuate decedent and the other residents of St. Rita's despite receiving offers of assistance from local and state authorities to help them prior to Hurricane Katrina's landfall.

16.

Further, Ms. Moore, the decedent's niece, at all times believed the assurances of the owners and employees of St. Rita's that the decedent, and the other residents, would be safely evacuated. In so believing, Ms. Moore relied to her detriment on the consistent *representations and assurances of the defendants, in whom she had entrusted the care of her aunt.*

CAUSES OF ACTION

17.

The decedent's death by drowning in flood waters was caused by (1) the gross *negligence of defendants in failing to evacuate her to a safe location; and/or (2) the fact that* the decedent's niece, Helen Moore, was deprived of the opportunity to make plans for her safe evacuation because she relied to her detriment upon the representations of defendants and St. Rita's employees that a plan of evacuation existed and would be implemented.

18.

*Additionally, defendants through their representations to Ms. Moore and others* assumed a duty to evacuate, protect and rescue the residents of St. Rita's in the event of a threatening major hurricane.

19.

Defendants were grossly negligent in the performance of their assumed duties to evacuate, rescue and protect its residents in the event of a *threatening hurricane.*

4

# DePascual, et al. v. Buffman Inc., 06-8982

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    **105  733**                                          DIVISION " "

CHRISTOPHER M. DEPASCUAL, LOUIS R. DEPASCUAL,
MARINA E. DEPASCUAL DUSKIN, PAULA A. DEPASCUAL NEWMAN,
CARLOS P. DEPASCUAL and MANUEL R. DEPASCUAL, JR.

VERSUS

BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, SR. and MABEL B. MANGANO

FILED: _____ JAN 2 3 2006 _____    _____
                                         ~~DEPUTY~~ CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, Christopher M.

dePascual, Louis R. dePascual, Marina E. dePascual Duskin, Paula A. dePascual Newman,

Carlos P. dePascual and Manuel R. dePascual, Jr., all persons of the full age of majority, who

respectfully represent the following:

I.

Made defendants herein are:

A.   BUFFMAN, INC., INC. d/b/a ST. RITA'S NURSING HOME – upon
     information and belief, a Louisiana Corporation authorized to and doing business
     in the Parish of St. Bernard, State of Louisiana;

B.   SALVADOR A. MANGANO, SR.– upon information and belief, a person of the
     full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana;
     and

C.   MABEL B. MANGANO – upon information and belief, a person of the full age
     of majority and domiciled in the Parish of St. Bernard, State of Louisiana.

II.

Petitioners are the children of Agnes A. dePascual, who died domiciled in St. Bernard

Parish, Louisiana following Hurricane Katrina on August 29, 2005.

III.

At the time of the hurricane, Agnes A. dePascual was a resident patient at St. Rita's

Nursing Home in Poydras, Louisiana operated by defendants.

IV.

Petitioners were assured by defendants their mother would be evacuated if a mandatory

evacuation order was issued by parish officials or if it were prudent to do so, prior to the arrival

of Hurricane Katrina. Despite their assurances, defendants failed to evacuate Agnes A.

dePascual and instead intentionally left her at the nursing facility during and after the hurricane.

V.

Hurricane Katrina came ashore in St. Bernard Parish on August 29, 2005 causing

catastrophic damage and flood waters over the entire parish. As a direct result of defendant's

acts or omissions, Agnes A. dePascual died during the hurricane. It is believed her body has

been recovered but it has not been positively identified.

VI.

Buffman, Inc. d/b/a St. Rita's Nursing Home, Salvador A. Mangano, Sr.and Mabel B.

Mangano and their employees acted with intentional disregard of the health and safety of Agnes

A. dePascual, in the following non-exclusive particulars:

a.    In failing to evacuate Agnes A. dePascual from the nursing home before
      Hurricane Katrina when they knew or should have known it was necessary to do
      so for her safety;

b.    In assuring petitioners they would evacuate their mother, Agnes A. dePascual, and
      failing to then evacuate her;

c.    In failing to provide a safe facility for resident care of Agnes A. dePascual; and

d.    Any and all other acts which may be shown at the time of the trial of this matter,
      all of which acts are contrary to the laws of the State of Louisiana, and are plead
      herein as if copied in extenso.

VII.

Additionally, petitioners aver defendants breached their duties under LRS 40:2010.8,

more particularly to assure Agnes A. dePascual adequate and appropriate health care, and

protective and support services, including services consistent with the resident care plan, and

with established and recognized practice standards within the community. Accordingly,

defendants are liable under LRS 40:2010.9 for damages, attorney's fees and court costs.

VIII.

Alternatively, petitioners aver defendants were negligent in the care and treatment of

Agnes A. dePascual by failing to evacuate her from the nursing home facility prior to Hurricane

Katrina when they knew or should have known she was in danger of serious injury and death.

IX.

Agnes A. dePascual suffered pain and suffering, emotional distress, mental anguish and

ultimately the loss of her life as a result of the negligence of defendants.

# Dorand, et al. v. Buffman, Inc., 06-9191

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NUMBER: **106 535** DIVISION:

A

JANE D. DORAND,
JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME,
SALVADOR A. MANGANO, MABEL BUFFONE MANGANO
and ABC INSURANCE COMPANY

JUN 2 9 2006

FILED: 0:35 P.m.     ~~DEPUTY~~ CLERK: [signature]

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, JANE D.
DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and RONNEY J. DENLEY, all
persons of the full age of majority and domiciled in the Parish of St. Bernard, State of
Louisiana, who with respect aver as follows:

I.

Made defendant herein are:

A)    BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME (herein referred to
      as St. Rita's), a domestic corporation authorized to do and doing business
      in the Parish of St. Bernard, State of Louisiana;

B)    SALVADOR A. MANGANO, a person of the full age of majority,
      domiciled in the Parish of St. Bernard, State of Louisiana;

C)    MABEL BUFFONE MANGANO, a person of the full age of majority,
      domiciled in the Parish of St. Bernard, State of Louisiana; and

D)    ABC INSURANCE COMPANY, an insurance corporation whose identity
      is currently unknown, but believe to have issued a policy of insurance
      insuring defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING

HOME, SALVADOR A. MANGANO, and MABEL BUFFONE MANGANO.

II.

Petitioners aver that the above named defendants are liable to your petitioners for the wrongful death and a survivors' action for the death of their late mother, JANE DANTONI DENLEY.

III.

Petitioners aver that JANE DANTONI DENLEY was an eighty (80) year old female and resident of St. Rita's Nursing Home from 2003 through August 29, 2005.

IV.

Petitioners aver that on Friday, August 26, 2005 they were assured by employees and representatives of the nursing home that the nursing home had an evacuation plan and that the residents would be evacuated in order to protect their safety should the request from governmental authorities be made.

V.

Petitioners aver that they and the residents were led to believe they would be evacuated in light of the strength and size of Hurricane Katrina.

VI.

Petitioners aver that defendant, ST. RITA'S NURSING HOME, SALVADOR MANGANO, and MABEL BUFFONE MANGANO and its employees, nurses and other representatives were negligent in the cause of their mother's death in the following non-exclusive of particulars:

    A)    Failure to have in place an evacuation plan and/or follow the evacuation plan and protocol;

    B)    Failure to heed the warnings of St. Bernard Parish Government Officials upon the request of a voluntary evacuation and mandatory evacuation;

    C)    Failure to accept transportation and evacuation requests from St. Bernard Parish Authorities;

D)    By abandoning the residents of St. Rita's Nursing Home;

E)    Failing to have an appropriate plan to evacuate the patients in the event of

an emergency such as Hurricane Katrina; and

F)    Any and all other acts of negligence as will be proven more fully at the

trial of this matter.

VII.

Petitioners, JANE D. DORAND, JAMMIE A. DENLEY, PEGGY DENLEY and

RONNEY J. DENLEY, aver that they are entitled to reasonable compensation for

damages as a result of the wrongful death of their mother, JANE DANTONI DENLEY

and for all damages due JANE DANTONI DENLEY had she survived, for the pain,

suffering, and mental anguish that she sustained prior to her death on or about August

29, 2005 and/or sometime thereafter.

VIII.

Petitioners aver that the ABC INSURANCE COMPANY at all times herein had a

policy of insurance in favor of BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME,

SALVADOR A. MANGANO, and/or MABEL BUFFONE MANGANO insuring the

said defendants for the acts of negligence as set forth herein above and is therefore

liable jointly and *in solido* with the said defendants.

**WHEREFORE**, plaintiffs, JANE D. DORAND, JAMMIE A. DENLEY, PEGGY

DENLEY and RONNEY J. DENLEY, pray that defendants be served with a certified

copy of this Petition and that they be required to answer the same and that after all due

proceedings had there be judgment in favor of petitioners, JANE D. DORAND,

JAMMIE A. DENLEY, PEGGY DENLEY and RONNIE J. DENLEY, and against the

defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A.

MANGANO, MABEL BUFFONE MANGANO, and ABC INSURANCE COMPANY for

**Franz et al., v. Mangano et al., 06-10426**

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106 959                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____   _Sara R. Torres_
                @ 1154 Am

## PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of
the full age of majority and one or more being a residents of St. Bernard and/or
Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

   a. SALVADOR A. MANGANO, a person of the full age of majority and a
     resident of the Parish of St. Bernard;

   b. MABEL MANGANO, a person of the full age of majority and a resident of
     the Parish of St. Bernard;

   c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
     Louisiana Corporation authorized to do and doing business within the Parish
     of St. Bernard and within the jurisdiction of this Honorable Court;

   d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
     to do and doing business within the Parish of St. Bernard and within the
     jurisdiction of this Honorable Court;

   e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
     do and doing business within the Parish of St. Bernard and within the
     jurisdiction of this Honorable Court;

V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for
    evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be
    proven at trial of this matter, including, but not limited to, all acts and/or
    failures to act in violation of the laws of Louisiana, St. Bernard Parish, and
    the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

# Gallodoro, et al. v. Mangano, et al., 06-9206

Steven Gallodoro, Joseph L. Gallodoro, Sr.,
and Cheryl Ann Gallodoro Emmons,
Individually, and as the Surviving Children of
Tufanio Gallodoro

34th JUDICIAL DISTRICT COURT

ST. BERNARD PARISH, LOUISIANA

DOCKET NUMBER:

**VERSUS**

106  324

SALVADOR A. MANGANO, MABEL B.
MANGANO, SALVADOR A. MANGANO,
JR., AOLC LIMITED PARTNERSHIP, A
LOUISIANA PARTNERSHIP IN
COMMENDAM, BUFFMAN, INC.,
DORMAN INC., MGH LIMITED
PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGANO
CONSULTANTS, INC., THE MANGANO
CORPORATION, MANGUEST, INC.,
MANGANO MANAGEMENT, INC., STS
AMUSEMENTS, L.L.C., D/B/A ST. RITA
NURSING HOME



Filed:  MAY 2 4 2006

12:01 Pm

Lena R. Torres

Clerk

## PETITION

NOW COME Steven Gallodoro, Joseph L. Gallodoro, Sr., and Cheryl Ann Gallodoro

Emmons, Individually, and as the Surviving Children of Tufanio Gallodoro, and aver as follows:

1.

Petitioners were at all material times residents of St. Bernard Parish, and are the sole surviving

children of Tufanio Gallodoro, who was up until the time of his death in August, 2005 also a resident of

St. Bernard Parish.

2.

Named defendant herein are the following individuals:

a)  Salvador A. Mangano, at all material times a resident of St. Bernard Parish;

b)  Mabel B. Mangano, at all material times a resident of St. Bernard Parish;

c)  Salvador A. Mangano, Jr., at all material times a resident of St. Bernard Parish;

d)  AOLC Limited Partnership, A Louisiana Partnership in Commendam, at all material

times domiciled in St. Bernard Parish;

residents of St. Rita prior to the storm; despite the fact that La. Hwy. 46 where St. Rita is located is a designated hurricane evacuation route.

10.

Upon information and belief, St. Rita was the only one of four nursing homes in St. Bernard Parish which did not evacuate its residents.

11.

As a result of the failure of the defendants to evacuate St. Rita, Tufanio Gallodoro was forced to wait in the nursing home as water entered the building, knowing that there was no way for him to escape, and ultimately, to lose his life as or after the flood water filled the room in which he was located.

12.

The failure of defendants to look after, care for, and evacuate the residents of St. Rita, including Mr. Gallodoro, who were in their sole care, custody and control constituted an act of negligence, strict liability, gross negligence, and/or other fault, which will be shown at trial and/or through discovery, and was the direct cause of Mr. Gallodoro's death and the pain, suffering, anxiety, fear and emotional trauma associated with the manner of his death.

13.

Specifically, defendants were at fault in the following, non-exclusive particulars:

    a.    Failure to heed warnings from governmental authorities to evacuate;

    b.    Failure to accept assistance from governmental authorities to evacuate;

    c.    Failure to adhere to St. Rita's own plan for hurricane evacuation;

    d.    Failure to move elderly, infirm patients, including Shirley Lott, to higher ground and/or a more protected facility or location well in advance of hurricane, despite being fully aware of the difficulties of moving such patients during a storm;

4

e.   Failing to contact the families of the residents to advise that the residents would

not be moved and giving the residents an opportunity to make individual plans

to move the patients;

f.   Failure to use its own contracted ambulance service to move patients in

advance of the hurricane;

g.   Such other particulars as will be proven at trial.

14.

As his surviving children, Steven Gallodoro, Joseph L. Gallodoro, Sr., and Cheryl Ann

Gallodoro Emmons, are entitled to and do assert a claim for the wrongful death of Tufanio, including,

but not limited to, claims for loss of society, loss of consortium, love, affection, companionship, and

other damages which will be shown at trial and/or through discovery. In addition, as surviving children,

they assert a survival action to recover all damages to which Steven Gallodoro would have been

entitled for his conscious pain and suffering, emotional distress, fear, anxiety and other damages

associated with the manner of his death.

15.

Petitioners requests a trial by jury on all issues.

16.

Petitioners reserve the right to supplement and amend this Petition as discovery progresses.

WHEREFORE, Petitioners, Steven Gallodoro, Joseph L. Gallodoro, Sr., and Cheryl Ann

Gallodoro Emmons, pray that after due proceedings, there be judgment in their favor and against

defendants for all sums to which they may be entitled, including interest and costs, and for all other relief

appropriate in the premises.

Respectfully submitted:

_____
JON W. WISE, T.A. (#2192)
JOHN L. ROBERT, III (#29400)
FOWLER RODRIGUEZ & CHALOS
400 Poydras Street, 30th Floor
New Orleans, LA 70130
504-523-2600 Telephone
504-523-2705 Fax

**A TRUE COPY**

Lena R. Torres

CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

By_____
DEPUTY CLERK
/S/Elizabeth A. Ruiz
MAY 2 4 2006

5

**Gonzales, et al. v. Mangano, et al., 06-8972**

SEBASTIEN GONZALES,                34th JUDICIAL DISTRICT COURT
individually and on
behalf of his mother, BEULAH
HUTCHINSON GONZALES                    105  927
and BEULAH
HUTCHINSON GONZALES                                        **D**

VS. NO.                            PARISH OF ST. BERNARD

SALVADOR A. MANGANO,               STATE OF LOUISIANA
MABEL B. MANGANO, and
BUFFMAN, INC., a/k/a
ST. RITA'S NURSING HOME

Filed:        MAR 0 6 2006         *Lara R. Torres*

---

## PETITION FOR DAMAGES

---

The Petition of **SEBASTIEN GONZALES, individually and on behalf of his mother, BEULAH HUTCHINSON GONZALES and BEULAH HUTCHINSON GONZALES** , being of full age of majority and residents of the State of Louisiana, respectfully represent:

**I.**

Made Defendants herein are as follows:

a.      **SALVADOR A. MANGANO,** a person of the age of majority and resident of the Parish of St. Bernard;

b.      **MABEL MANGANO,** a person of the age of majority and resident of the Parish of St. Bernard; and

c.      **BUFFMAN, INC., a/k/a ST. RITA'S NURSING HOME,** a Louisiana Corporation authorized to do and doing business with the state of Louisiana and the jurisdiction of this Court.

**II.**

On or about August 29, 2005, Beulah Hutchinson Gonzales was severely and permanently injured while in the care of Defendants, **SALVADOR A.**

## VII.

Petitioners aver that Beulah Hutchinson Gonzales' injuries were caused by no fault of her own, but instead were caused by the negligence of defendants **SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. a/k/a ST. RITA'S NURSING HOME.**

## VIII.

Petitioners aver the negligence of **SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. a/k/a ST. RITA'S NURSING HOME,** was a legal cause, proximate cause, and cause in fact, of Beulah Hutchinson Gonzales' injuries, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate the Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan if one existed;

4. Failing to ask for assistance with evacuating the nursing home;

5. Refusing evacuation assistance;

6. Deserting Beulah Hutchinson Gonzales;

7. Inadequate and improper staffing;

8. Inadequate equipment;

9. Delay in attempt to evacuate;

10. Any and all other acts of negligence that may be proven at trial of this matter, including, but not limited to, all acts or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## IX.

Petitioner, Sebastian Gonzales, is surviving child of Beulah Hutchinson Gonzales, and has been granted a power of attorney on behalf of his mother.

# Herzog et al. v. St. Rita's Nursing Home a/k/a Buffman, Inc., et al., 06-8992

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

**1 0 5 · 8 7 4**   STATE OF LOUISIANA

NO.:                                                          DIVISION

CAROL HERZOG and MARY CORCORAN, individually and on behalf of their
deceased mother, JANET PARKER

Versus

ST. RITA'S NURSING HOME a/k/a BUFFMAN, INC., MANGUEST, INC.,
SALVADOR A. MANGANO, MABEL B. MANGANO, MANACA, INC., MANGANO
MANAGEMENT, INC., MANGANO CONSULTANTS, INC., THE MANGANO
CORPORATION, and ABC INSURANCE COMPANY

FILED:____**FEB 1 7 2006**____                    _____
        10 : 35 Pm                                         CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes CAROL HERZOG

and MARY CORCORAN, individually, and on behalf of their deceased mother,

JANET PARKER, both being of full age of majority and residents of St. Tammany

Parish and St. Bernard Parish, State of Louisiana, who respectfully represent:

I.

Made defendants herein are:

a)    BUFFMAN, INC., a corporation, organized under the laws of the State of

       Louisiana and authorized to do and doing business in the State of

       Louisiana, who at all times owned, operated, managed and was d/b/a the

       nursing home known as ST. RITA'S NURSING HOME, (Hereinafter

       referred to as ST. RITA'S);

b)    MANGUEST, INC., a corporation, organized under the laws of the State

       of Louisiana and authorized to do and doing business in the State of

       Louisiana, who at all times owned, operated, managed and was d/b/a the

       nursing home known as ST. RITA'S NURSING HOME, (Hereinafter

       referred to as ST. RITA'S);

c)    SALVADOR A. MANGANO, a person of the age of majority and

       resident of the parish of St. Bernard;

d)    MABEL MANGANO, a person of the age of majority and resident of the

       Parish of St. Bernard;

III.

Janet Parker was a patient of the St. Rita's Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of Defendants, ST. RITA'S NURSING HOME a/k/a BUFFMAN, INC., MANGUEST, INC., SALVADOR A. MANGANO, MABEL B. MANGANO, MANACA, INC., MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., and THE MANGANO CORPORATION, to evacuate said nursing home after a mandatory evacuation order was issued due to Hurricane Katrina.

IV.

Petitioners aver that Janet Parker's death was caused by no fault of her own, but instead was caused by the sole negligence of Defendants, ST. RITA'S NURSING HOME a/k/a BUFFMAN, INC., MANGUEST, INC., SALVADOR A. MANGANO, MABEL B. MANGANO, MANACA, INC., MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., and THE MANGANO CORPORATION.

V.

Petitioners aver the negligence of Defendants, ST. RITA'S NURSING HOME a/k/a BUFFMAN, INC., MANGUEST, INC., SALVADOR A. MANGANO, MABEL B. MANGANO, MANACA, INC., MANGANO MANAGEMENT, INC., MANGANO CONSULTANTS, INC., and THE MANGANO CORPORATION, was the sole legal, proximate, and cause in fact, of Janet Parker's death, in that Defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate the Nursing Home;
2. Failing to respond to repeated warnings that Hurricane Katrina was coming and its residents needed to be evacuated;
3. Failing to have an evacuation plan;
4. Failing to implement an evacuation plan if one existed;
5. Failing to ask for assistance with evacuating the nursing home;
6. Failing to use standing contract with ambulance company to evacuate residents;
7. Refusing evacuation assistance;
8. Deserting Janet Parker;

9.   Inadequate and improper staffing;

10.  Inadequate equipment;

11.  Delay in attempt to evacuate;

12.  Any and all other acts of negligence that may be proven at trial of this matter, including, but not limited to, all acts or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

VI.

Petitioners, Carol Herzog and Mary Corcoran, are surviving children of Janet Parker, and in accordance with Louisiana Civil Code Articles 2315.1 and 2315.2, Petitioners are asserting this survival and wrongful death action against Defendants.

VII.

As a result of the negligence of the Defendants, Janet Parker suffered the following non-exclusive damages:

a.   Past physical pain and suffering up to the time of her death;

b.   Past Mental anguish up to the time of her death;

c.   Any and all other elements of damages which may be proven at trial of this matter;

VIII.

As a result of the incident in question, Petitioners, Carol Herzog and Mary Corcoran, have suffered the following nonexclusive damages:

a.   Past, present and future mental anguish;

b.   Past, present and future loss of love and affection;

c.   Any and all other elements of damages which may be proven at trial.

IX.

Further, Petitioners aver that the acts of Defendants herein were violative of the [Nursing Home] Residents' bill of rights set forth in LSA-R.S. § 40:2010.8.

X.

Petitioners pray for the recovery of all damages reasonable in the premises under Louisiana law, including but not limited to, general and special damages plus interest

# Hubert v. Buffman Inc., et al., 06-08219

YOLANDA HUBERT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
ZERELDA DELATTE, DECEASED

v.

BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME,
MANGANO CONSULTANTS, INC., MANGANO
MANAGEMENT, INC., THE MANGANO CORPORATION,
MANGUEST, INC., MANACA, INC., MGH LIMITED
PARTNERSHIP, STS AMUSEMENTS, LLC, DORMAN,
INC., and AOLC LIMITED PARTNERSHIP

NO. 1 0 6  3 3 5
REALLOT PER
ORDER 6-6-06

34th JUDICIAL DISTICT

ST. BERNARD PARISH

STATE OF LOUISIANA

File          MAY 2 5 2006

2:12 PM

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, YOLANDA HUBERT, Individually and on Behalf of the Estate of

ZERELDA DELATTE, and avers as follows:

1.

Petitioner is and was at all material times the daughter of ZERELDA DELATTE,

who was up until the time of her death in August, 2005, also a resident of St. Bernard

Parish.

2.

Named Defendants herein are the following entities and individuals:

A.  BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME, is a Louisiana
    CORPORATION and a nursing home care facility, having its registered office
    in St. Bernard Parish. Its principal place of business is 1422 E. LA. Highway
    46, St. Bernard, LA 70085. This Defendant is and was doing business as
    BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME, may be served with
    process through its Registered Agent, Salvador Mangano, 1422 E. La. Hwy.
    46, St. Bernard, LA 70085.

B.  MANGANO CONSULTANTS, INC., is a Louisiana CORPORATION and a
    management company. It's mailing address is C/O Mabel B. Mangano, P.O.
    Box 35, Violet, LA 70092. Its principal place of business is 1422 E. La. Hwy.
    46, St. Bernard, LA 70085. This Defendant is and was doing business as
    MANGANO CONSULTANT, INC., may be served with process through its
    Registered Agent, Mabel B. Mangano, 1422 E. La. Hwy. 46, St. Bernard, LA
    70085.

C.  MANGANO MANAGEMENT, INC., is a Louisiana CORPORATION and a
    management company. It's mailing address is C/O Mabel B. Mangano, P.O.
    Box 35, Violet, LA 70092. Its principal place of business is 1522 E. La. Hwy.
    46, St. Bernard, LA 70085. This Defendant is and was doing business as

1

15.

Upon information and belief, St. Bernard Parish was under a mandatory evacuation order prior to the arrival of Hurricane Katrina. The Defendants ignored this order by failing to evacuate the residents of St. Rita prior to the storm, despite the fact that La. Hwy. 46, where St. Rita is located, is a designated hurricane evacuation route.

16.

Upon information and belief, St. Rita was the only one of four nursing homes in St. Bernard Parish which did not evacuate its residents.

17.

As a result of the failure of the Defendants to evacuate St. Rita, ZERELDA DELATTE was forced to wait in the nursing home as water entered the building, knowing that there was no way for her to escape, and ultimately, to drown to death as or after the floodwaters filled the room in which she was located.

18.

The failure of Defendants to look after, care fore, and evacuate the residents of St. Rita, including Ms. Delatte, who were in their sole care, custody and control constituted an act of negligence, strict liability, gross negligence, and/or other fault, which will be shown at trial and/or through discovery, and was the direct cause of Ms. Delatte's death and the pain, suffering, anxiety, fear, and emotional trauma associated with the manner of her death.

19.

Specifically, Defendants were at fault in the following, non-exclusive particulars:

a.    Failure to heed warnings from governmental authorities to evacuate;

b.    Failure to accept assistance from governmental authorities to evacuate;

c.    Failure to adhere to St. Rita's own plan for hurricane evacuation;

d.    Failure to move elderly, infirm patients, including ZERELDA DELATTE, to higher ground and/or a more protected facility or location well in advance of the hurricane, despite being fully aware of the difficulties of moving such patients during a storm;

7

e.     Failing to contact the families of the residents to advise that the residents would not be moved and giving the residents an opportunity to make individual plans to move the patient;

f.     Failure to use its own contracted ambulance service to move patients in advance of the hurricane; and,

g.     Such other particulars as will be proven at trial.

20.

Plaintiff specifically pleads the Doctrine of Respondeat Superior.

21.

Plaintiff specifically pleads the Doctrine of Res Ipsa Loquitur.

22.

As her daughter, YOLANDA HUBERT is entitled to and does assert a claim for the wrongful death of ZERELDA DELATTE, including, but not limited to, claims for loss of society, loss of consortium, love, affection, companionship, and other damages which will be shown at trial and/or through discovery. In addition, as daughter, she asserts a survival action to recover all damages to which ZERELDA DELATTE would have been entitled for her conscious pain and suffering, emotional distress, fear, anxiety, and other damages associated with the manner of her death by drowning.

23.

In that Plaintiff's claims exceeds the monetary amount required for trial by jury pursuant to La. C.C.P. art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Plaintiff hereby demands a trial by jury.

8

# Johnson v. Buffman, Inc., et al., 06-7400

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.  **105 809**          DIVISION "



ALAN JOHNSON

**VERSUS**

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,
MABEL MANGANO and SALVADOR MANGANO

FILED: _____FEB 0 7 2006_____        _Zena R. Torres_

_1:58 Am_          **DEPUTY CLERK**

FILED

AUG 29 2006

_Zena d. Mang_
CH. DEPUTY CLERK

**PETITION FOR DAMAGES**

The petition of **ALAN JOHNSON** full age majority, resident of Mansfield, State of

Georgia respectfully submits the following:

I.

That made Defendants herein are:

1.    **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,** a

Louisiana Corporation organized and chartered under the laws of the State of

Louisiana and authorized to do and doing business in the Parish of St.

Bernard, State of Louisiana;

2.    **MABEL MANGANO,** domiciled in the Parish of St. Bernard, State of

Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.**

**RITA'S NURSING HOME FACILITY;** and

3.    **SALVADOR MANGANO,** domiciled in the Parish of St. Bernard, State of

Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.**

**RITA'S NURSING HOME FACILITY.**

II.

The Defendants are justly and truly indebted unto your Petitioner for a just and

reasonable sum for the following reasons:

III.

On or about August 28, 2005, plaintiffs' mother, Mabel Johnson, was a resident at

St. Rita's Nursing Home in the Parish of St. Bernard, State of Louisiana; at sometime after

that date, Mildred Kramer, was caused to drown and suffer a horrific death in the flood

waters of Hurricane Katrina because of the negligence of the Defendants.

IV.

The death of Mabel Johnson and damages described below were caused solely through the negligence of the Defendants, **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO** which acts of negligence are set out as follows:

### *BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY*

a.  Failing to evacuate Mabel Johnson when it knew or should have known a category 4/5 hurricane was bearing down on St. Bernard and its neighboring parishes;

b.  Failing to follow the Hurricane Evacuation Plan it had in effect at the time of Hurricane Katrina;

c.  Lulling family members, such as Plaintiffs, into a sense of complacency and security by advising them that Mabel Johnson, and others similarly situated, would be evacuated and/or moved to a safer place to escape potential flooding;

d.  Allowing its residents to drown;

e.  Failing to have adequate rescue equipment, life vests, boats and any other rescue equipment for its resident; and

f.  Any and all other act of negligence to be proven at trial.

### *MABEL MANGANO*

a.  Advising Alan Johnson that if a category 4/5 was approaching, then residents, including Mabel Johnson, would be evacuated;

b.  Advising Alan Johnson that if a category 4/5 was approaching, then residents would be moved to a nearby school/shelter that provided higher ground and protection from flood waters;

c.  Refusing offers of transportation and aid in evacuating residents before the Hurricane struck St. Bernard;

d.  All act of negligence listed above regarding the negligence of St. Rita's Nursing Home; and

e.    Any and all acts of negligence to be proved at trial.

### *SALVADOR MANGANO*

a.    Failing to place a life vest around the neck of Mabel Johnson;

b.    All acts of negligence listed above regarding the negligence of St. Rita's
Nursing Home; and

c.    Any and all acts of negligence to be proven at trial.

. V.

On information and belief, Mabel Johnson, lived a brief period of time, but ultimately
drowned at St. Rita's Nursing Home.  Alan Johnson bring a survival action and wrongful
death action and itemize those damages as follows:

### *Survival Action Brought by Alan Johnson*

1.    The physical and mental pain and suffering of his mother, Mabel Johnson,
which resulted from the time the flood waters entered the home until the time
of her death by drowning;

2.    The funeral expenses of Mabel Johnson; and

3.    Any and all other damages to be proven at trial.

### *Wrongful Death Action Brought by Alan Johnson*

1.    Loss of love and affection of his mother;

2.    Loss of society and companionship of his mother; and

3.    Any and all other damages to be proven at trial.

VI.

That at the time of the accident Defendant, **BUFFMAN, INC. d/b/a ST. RITA'S
NURSING HOME FACILITY**, was a qualified healthcare provider and was insured by
Defendant, **ABC INSURANCE COMPANY**, in connection with the operation of the
nursing home.

VII.

In addition to the above acts of negligence, the Defendants, **BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY, MABEL MANGANO AND SALVADOR**

**Kenney et al. v. Buffman, Inc., et al., 06-7355**

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

CASE NO: 10 5 - 45 3

DIVISIO " "

JEFFERY M. KENNEY AND RACHEL K. AYLOR, INDIVIDUALLY
AND ON BEHALF OF GLADYS A. LEBLANC

VERSUS

BUFFMAN, INC., A LOUISIANA BUSINESS CORPORATION D/B/A ST. RITA'S
NURSING HOME AND ABC INSURANCE COMPANY

FILED:   OCT 2 7 2005
          /l.oom                            Lena R. Torres
                                               DEPUTY CLERK  /s

PETITION FOR DAMAGES AND DAMAGES FOR WRONGFUL DEATH

TO THE HONORABLE, Thirty-Fourth Judicial District Court for the Parish of St.
Bernard, State of Louisiana and the Judges thereof:

NOW INTO COURT, through undersigned counsel, come the plaintiffs, Jeffery M.
Kenney, whom is domiciled in the Parish of St. Bernard, State of Louisiana and Rachel K. Aylor
whom is domiciled in the County of Henrico, State of Virginia. Both persons are of the full age and
majority and come individually and on behalf of Gladys Leblanc, who respectfully aver as follows:

1.

BUFFMAN, INC., A Louisiana Business Corporation d/b/a St. Rita's Nursing Home,
named as "St. Rita's" herein, is a domestic business entity licensed to do and doing business in the
Parish of St. Bernard, State of Louisiana, and is liable to the plaintiffs for claims of the nature
asserted herein.

2.

ABC Insurance Company, named as "ABC" herein, is the fictitious name designation of the
foreign insurer licensed to do and doing business in the Parish of St. Bernard, State of Louisiana,
and which issued an insurance policy to BUFFMAN, INC., and provided insurance coverage for
claims of the nature asserted.

3.

Ms. Gladys Leblanc was a resident at the St. Rita's Nursing Home for approximately seven
(7) years.

4.

On or about August 27, 2005 a major hurricane, Katrina, was approaching the Louisiana
coastline.

5.

Due to the severity of Hurricane Katrina, local and state government officials issued a mandatory evacuation to St. Bernard and surrounding Parishes on or about August 29, 2005.

6.

Knowing the severity of the current and future weather conditions, St. Rita's chose not to evacuate Ms. Gladys LeBlanc, in addition to their other elderly residents, which left them in harms way of a Class 5 hurricane.

7.

Due to the predicted storm surge, wind damage and rainfall of Hurricane Katrina, St. Bernard Parish was inundated with several feet of water and extreme wind damage.

8.

As a result of the incident above, Ms. LeBlanc lost her life.

9.

As a result of the incident above, the plaintiffs, Ms. LeBlanc's grandchildren, sustained the loss of a loved one, incurred serious emotional injury, medical expenses and the cost of funeral expenses. Accordingly, and in accordance with Louisiana Civil Code article 2315.1, the plaintiffs, Jeffery M. Kenney and Rachel K. Aylor, are asserting this survival action, on behalf of their grandmother and against the defendants. Additionally, in accordance with Louisiana Civil Code article 2315.2, Jeffery M. Kenney and Rachel K. Aylor are asserting this wrongful death action against the defendants.

10.

A cause of the incident described above, the death suffered by Ms. LeBlanc, as well as the damages suffered by the plaintiffs is due to the negligence of Buffman, Inc., A Louisiana Business Corporation d/b/a St. Rita's Nursing Home, in the following particulars:

   a)   Failure to properly evacuate the nursing home residents to an adequate shelter to survive the storm;

   b)   Failure to render emergency care and/or failure to render adequate and timely emergency care, including, but not limited to, emergency rescue and CPR;

   c)   Failure to act in a reasonable and prudent manner under the circumstances;

   d)   Failure to act in accordance with its own policies and procedures; and,

   e)   Any other negligent acts of omission or commission which may be shown at the

time of the trial of the matter.

11.

In accord with Louisiana Civil Code Article 2315.1 et seq., the defendants are liable unto the decedent, Ms. Gladys A. LeBlanc., as a result of the negligence of Buffman, Inc., A Louisiana Business Corporation d/b/a St. Rita's Nursing Home, namely:

a)    Conscious physical pain and suffering;

b)    Conscious mental pain and suffering;

c)    Past, present and future lost wages; and,

d)    Past medical expenses.

12.

In accord with Louisiana Civil Code Article 2315.2 et seq., the defendants are liable unto Jeffery M. Kenney and Rachel K. Aylor, as a result of the negligence of Buffman, Inc., A Louisiana Business Corporation d/b/a St. Rita's Nursing Home, namely:

a)    Loss of future economic support;

b)    Loss of love, affection and companionship of Gladys A. Leblanc;

c)    Past, present and future mental grief and anguish; and,

d)    Funeral expenses.

**WHEREFORE,** for the above and foregoing reasons, the plaintiffs request that the defendants be served with a copy of this Petition and citation, and that after all legal proceedings and due delays are had, there be judgment in favor of Jeffery M. Kenney and Rachel K. Aylor, and against the defendants, Buffman, Inc., A Louisiana Business Corporation d/b/a St. Rita's Nursing Home and ABC Insurance Company, individually, jointly, severally and in solido, in a sum sufficient to compensate Gladys A. LeBlanc for the damages she sustained as a result of the negligence of the defendants namely: Conscience physical pain and suffering, conscience mental pain and suffering, past, present and future lost wages and medical expenses, and to compensate Jeffery M. Kenney and Rachel K. Aylor for the damages they sustained as a result of the negligence of the defendants, namely, loss of future economic support, loss of love and companionship of Gladys A. LeBlanc, funeral expenses and past, present and future mental anguish and grief together with interest from the date of judicial demand until paid and all costs of these proceedings. The plaintiffs further pray for all general and equitable relief.

**Kramer et al. v. Buffman, Inc., et al., 06-7457**

IN RE: MILDRED KRAMER
MEDICAL REVIEW PANEL
STATE OF LOUISIANA

NO.

WES KRAMER, TRACY KRAMER
and DEAN KRAMER

**VERSUS**

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,
MABLE MANGANO and SALVADOR MANGANO

FILED: _____                          AUG 29 2006
                          **DEPUTY CLERK**        /s/Gwen S. Loze
                                                  CLERK OF COURT
                    **PETITION FOR DAMAGES**      ST. BERNARD PARISH

        The petition of **WES KRAMER, TRACY KRAMER AND DEAN KRAMER,**

full age majority, residents of the Parish of St. Bernard, State of Louisiana respectfully

submit the following:

                                        I.

        That made Defendants herein are:

        1.      **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,** a

                Louisiana Corporation organized and chartered under the laws of the State of

                Louisiana and authorized to do and doing business in the Parish of St.

                Bernard, State of Louisiana;

        2.      **MABLE MANGANO,** domiciled in the Parish of St. Bernard, State of

                Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.**

                **RITA'S NURSING HOME FACILITY;** and

        3.      **SALVADOR MANGANO,** domiciled in the Parish of St. Bernard, State of

                Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.**

                **RITA'S NURSING HOME FACILITY.**

                                        II

        The Defendants are justly and truly indebted unto your Petitioners for a just and

reasonable sum for the following reasons:

                                        III.

        On or about August 28, 2005, plaintiffs' mother, Mildred Kramer, was a resident at

St. Rita's Nursing Home in the Parish of St. Bernard, State of Louisiana; at sometime after

that date, Mildred Kramer, was caused to drown and suffer a horrific death in the flood waters of Hurricane Katrina because of the negligence of the Defendants.

IV.

The death of Mildred Kramer and damages described below were caused solely through the negligence of the Defendants, **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY, MABLE MANGANO AND SALVADOR MANGANO** which acts of negligence are set out as follows:

### BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY

a.  Failing to evacuate Mildred Kramer when it knew or should have known a category 4/5 hurricane was bearing down on St. Bernard and its neighboring parishes;

b.  Failing to follow the Hurricane Evacuation Plan it had in effect at the time of Hurricane Katrina;

c.  Lulling family members, such as Plaintiffs, into a sense of complacency and security by advising them that Mildred Kramer, and others similarly situated, would be evacuated and/or moved to a safer place to escape potential flooding;

d.  Allowing its residents to drown;

e.  Failing to have adequate rescue equipment, life vests, boats and any other rescue equipment for its resident; and

f.  Any and all other act of negligence to be proven at trial.

### MABLE MANGANO

a.  Advising Tracy Kramer that if a category 4/5 was approaching, then residents, including Mildred Kramer, would be evacuated;

b.  Advising Tracy Kramer that if a category 4/5 was approaching, then residents would be moved to a nearby school/shelter that provided higher ground and protection from flood waters;

c.  Refusing offers of transportation and aid in evacuating residents before the Hurricane struck St. Bernard;

d.  All act of negligence listed above regarding the negligence of St. Rita's

Nursing Home; and

e. Any and all acts of negligence to be proved at trial.

### *SALVADOR MANGANO*

a. Failing to place a life vest around the neck of Mildred Kramer;

b. All acts of negligence listed above regarding the negligence of St. Rita's Nursing Home; and

c. Any and all acts of negligence to be proven at trial.

V.

On information and belief, Mildred Kramer, lived a brief period of time, but ultimately drowned at St. Rita's Nursing Home. Wes, Dean and Tracy Kramer bring a survival action and wrongful death action and itemize those damages as follows:

### *Survival Action Brought by Wes, Dean and Tracy Kramer*

1. The physical and mental pain and suffering of their mother, Mildred Kramer, which resulted from the time the flood waters entered the home until the time of her death by drowning;

2. The funeral expenses of Mildred Kramer; and

3. Any and all other damages to be proven at trial.

### *Wrongful Death Action Brought by Wes, Dean and Tracy Kramer*

1. Loss of love and affection of their mother;

2. Loss of society and companionship of their mother; and

3. Any and all other damages to be proven at trial.

VI.

That at the time of the accident Defendant, **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY**, was a qualified healthcare provider and was insured by Defendant, **ABC INSURANCE COMPANY**, in connection with the operation of the nursing home.

**WHEREFORE** Petitioners, **WES KRAMER, TRACY KRAMER AND DEAN KRAMER**, pray that the Defendants be duly cited and served with a copy of the petition for

**Lewis et al. v. Buffman Inc. et al., 06-8107**

Serve



**THIRTY-FOURTH JUDICIAL DISTRICT COURT**
**PARISH OF ST. BERNARD**
**STATE OF LOUISIANA**

106  288

NO.:

DIVISION

### JOY LEWIS INDIVIDUALLY/AND ON BEHALF OF
### LAURETA MORALES

**VERSUS**

BUFFMAN, INC., SALVADOR A. MANGANO, MABEL B. MANGANO AND
LOUISIANA NURSING HOME ASSOCIATION, INC.

FILED:_____MAY 1 8 2006_____    _Lena R. Torres_
          11:57 Am;                    **DEPUTY CLERK**

### PETITION FOR DAMAGES

The petition of **JOY LEWIS, INDIVIDUALLY AND ON BEHALF OF HER**

**MOTHER, LAURETA MORALES**, a person of the full age of majority and, at time of this

incident, a resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and the

natural daughter of the decedent, **LAURETA MORALES**, with respect represents as follows:

I.

Made defendants herein are as follows:

A) **BUFFMAN, INC**, upon reasonable information and belief available at the

present time, at all times material hereto, a domestic corporation doing business as "St. Rita's

Nursing Home'" in the Parish of St. Bernard, State of Louisiana;

B) **SALVADOR A. MANGANO**, upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

C) **MABEL B. MANGANO**, upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

D) **LOUISIANA NURSING HOME ASSOCIATION, INC.**, a non-profit

domestic corporation, authorized to do and doing business in the Parish of St. Bernard, State of

Louisiana;

*PAGE TWO*

## II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum of money found to be reasonable in the premises, together with legal interest from the date of judicial demand, for all costs of these proceedings, and for all other general and equitable relief as may be afforded by this Honorable Court, for the following reasons:

## III.

On or about the **29th day of AUGUST, 2005, LAURETA MORALES,** expired while in the care, custody and control of defendants **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

## IV.

**LAURETA MORALES** was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly injuries as a result of the failure of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO** to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

## V.

Your petitioner avers that the death of her mother was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

## VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of **LAURETA MORALES,** in that the defendants were negligent in the following non-exclusive particulars :

       A. Failing to evacuate nursing home residents in the face of a mandatory

       evacuation for the Parish of St. Bernard;

*PAGE THREE*

B. Failing to have a viable, workable evacuation plan for the nursing home residents at the time of this emergency

C. Failing to implement an evacuation plan, if one did exist;

D. Failing to ask for assistance with evacuation of the nursing home residents;

E. Refusing evacuation assistance from outside sources;

F. Abandoning the care of **LAURETA MORALES;**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **LAURETA MORALES;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **JOY LEWIS, as the natural child of the decedent LAURETA**

**MORALES,** has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival and wrongful death actions against defendants herein.

VIII.

As a result of the negligence of the defendants herein causing the death of her mother,

**JOY LEWIS** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of her mother's death;

**Lott v. Mangano et al., 06-9236**

MARGARET LOTT, Individually, and as
the Surviving Spouse of Shirley Lott

VERSUS

SALVADOR A. MANGANO, MABEL B.
MANGANO, SALVADOR A.
MANGANO, JR., AOLC LIMITED
PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
BUFFMAN, INC., DORMAN INC., MGH
LIMITED PARTNERSHIP, A LOUISIANA
PARTNERSHIP IN COMMENDAM,
MANACA, INC., MANGANO
CONSULTANTS, INC., THE MANGANO
CORPORATION, MANGUEST, INC.,
MANGANO MANAGEMENT, INC., STS
AMUSEMENTS, L.L.C., D/B/A ST. RITA
NURSING HOME

34th JUDICIAL DISTRICT COURT

DOCKET NUMBER: *105-473*



ST. BERNARD PARISH, LOUISIANA

**FILED**

NOV 04 2005

_Lena R Jones_
CHIEF DEPUTY CLERK
ST. BERNARD PARISH
*12134*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION

NOW COMES Margaret Lott, Individually, and as the Surviving Spouse of Shirley Lott,

and avers as follows:

1.

Petitioner is and was at all material times a resident of St. Bernard Parish, and is the

widow of Shirley Lott, who was up until the time of his death in August, 2005 also a resident of

St. Bernard Parish.

2.

Named defendant herein are the following individuals:

    a)    Salvador A. Mangano, at all material times a resident of St. Bernard Parish;

    b)    Mabel B. Mangano, at all material times a resident of St. Bernard Parish;

    c)    Salvador A. Mangano, Jr., at all material times a resident of St. Bernard Parish;

    d)    AOLC Limited Partnership, A Louisiana Partnership in Commendam, at all

        material times domiciled in St. Bernard Parish;

    e)    Buffman, Inc., a Louisiana corporation at all material times domiciled in St.

        Bernard Parish;

    f)    Dorman, Inc., a Louisiana corporation at all material times domiciled in St.

        Bernard Parish;

escape, and ultimately, to lose his life as or after the flood water filled the room in which he was located.

12.

. The failure of defendants to look after, care for, and evacuate the residents of St. Rita, including Mr. Lott, who were in their sole care, custody and control constituted an act of negligence, strict liability, gross negligence, and/or other fault, which will be shown at trial and/or through discovery, and was the direct cause of Mr. Lott's death and the pain, suffering, anxiety, fear and emotional trauma associated with the manner of his death.

13.

Specifically, defendants were at fault in the following, non-exclusive particulars:

a.   Failure to heed warnings from governmental authorities to evacuate;

b.   Failure to accept assistance from governmental authorities to evacuate;

c.   Failure to adhere to St. Rita's own plan for hurricane evacuation;

d.   Failure to move elderly, infirm patients, including Shirley Lott, to higher ground and/or a more protected facility or location well in advance of hurricane, despite being fully aware of the difficulties of moving such patients during a storm;

e.   Failing to contact the families of the residents to advise that the residents would not be moved and giving the residents an opportunity to make individual plans to move the patients;

f.   Failure to use its own contracted ambulance service to move patients in advance of the hurricane;

g.   Such other particulars as will be proven at trial.

14.

As his widow and surviving spouse, Margaret Lott is entitled to and does assert a claim for the wrongful death of Shirley Lott, including, but not limited to, claims for loss of society, loss of consortium, love, affection, companionship, and other damages which will be shown at trial and/or through discovery. In addition, as surviving spouse, she asserts a survival action to recover all damages to which Shirley Lott would have been entitled for his conscious pain and

4

# Montalbano et al. v. Buffman Inc., et al., 06-8963

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO:   **106 017**   DIVISION " "   SECTION:

ALBERT MONTALBANO, JOSEPH MONTALBANO, JR.
AND LINDA MONTALBANO

**VERSUS**

BUFFMAN INC. D/B/A ST. RITA'S NURSING HOME, MABEL MANGANO,
SALVADORE MANGANO, SR., ANTHONY BUFFONE, ABC INSURANCE
COMPANY AND XYZ INSURANCE COMPANY

FILED:   MAR 2 3 2006
8:55 Am                                    DEPUTY CLERK

_PETITION FOR DAMAGES FOR WRONGFUL DEATH_
_AND SURVIVAL ACTION_

The petition of Albert Montalbano, Joseph Montalbano, Jr. and Linda Montalbano,
children of Helen Fitzpatrick Montalbano, all persons of the full age of majority and residents
of the Parish of St. Bernard, State of Louisiana, respectfully represents:

I.

Defendant, BUFFMAN INC. D/B/A ST. RITA'S NURSING HOME is on
information and belief a Louisiana corporation having its principal place of business at St.
Rita's Nursing Home in St. Bernard Parish.

II.

Defendants, SALVADORE MANGANO, SR and MABEL MANGANO were
domiciled in St. Bernard Parish, State of Louisiana, along with ANTHONY BUFFONE who
is domiciled in the Parish of St. Tammany, State of Louisiana, were in charge of the day to
day operations of St. Rita's Nursing Home and the owners of the defendant corporation,
Buffman Inc.

III.

Defendant, ABC INSURANCE COMPANY, a foreign insurance corporation
authorized to do and actually doing business in the State of Louisiana, was on all dates
pertinent herein the liability insurer of Buffman Inc. d/b/a St. Rita's Nursing Home. Said
insurer is made party defendant herein under Louisiana Direct Action Statute LSA-R.S.
22:655 et seq.

IV.

Defendant, XYZ INSURANCE COMPANY, a foreign insurance corporation
authorized to do and actually doing business in the State of Louisiana, was on all relevant
dates pertinent herein the liability insurer of the individual defendants, Mabel Mangano,

Salvadore Mangano, Sr. and Anthony Buffone. Said insurer is made party defendant herein under Louisiana Direct Action Statute LSA-R.S. 22:655 et seq.

V.

Defendants, Buffman Inc. d/b/a St. Rita's Nursing Home, Mabel Mangano, Salvadore Mangano, Sr., Anthony Buffone, ABC Insurance Company and XYZ Insurance Company, are liable jointly, severally and in solido unto plaintiffs, Albert Montalbano, Joseph Montalbano, Jr. and Linda Montalbano in a reasonable compensatory sum plus legal interest and all costs of these proceedings for the following reasons to-wit:

VI.

On or around August 29, 2005, petitioners mother, Helen Fitzpatrick Montalbano was a resident in St. Rita's Nursing Home and under the duty and care of the defendants.

VII.

Prior to August 29, 2005, St. Bernard Parish was under a mandatory evacuation due to the danger of the approaching hurricane named Katrina.   Parish officials and meteorologists forecasted that a catastrophic hurricane was going to hit St. Bernard Parish and cause disastrous results.

VIII.

In spite of the fact that the defendants had received ample prior notice and a mandatory evacuation order from Parish and state officials they decided not to evacuate the residents under their care in St. Rita's Nursing Home.

IX.

Petitioners mother, Helen Fitzpatrick Montalbano, who was an old and frail resident of St. Rita's Nursing Home, drowned on or around August 29, 2005, while under the care of defendants in St. Rita's Nursing Home in St. Bernard Parish, State of Louisiana.

X.

The sole and proximate cause of the above described wrongful death is the negligence of the defendants, Mabel Mangano, Salvadore Mangano, Sr., Anthony Buffone and Buffman Inc. d/b/a St. Rita's Nursing Home.  The negligence consists of, but is not limited to the following:

1.    Failure to evacuate Ms. Montalbano to safe and high ground.

2.    Failure to obey a mandatory evacuation order of the government.

3.    Failure to fulfill the duty of care to a nursing home resident.

4.    Failure to execute defendant's evacuation plan.

5.    Failure to save a nursing home resident from drowning.

6.   Failure to guard against a foreseeable injury and death.

7.   Failure to execute defendant's own evacuation plan.

8.   Strict liability and gross negligence.

9.   Such other acts of negligence as will be shown at trial.

As a result of the above described incident, injuries to and death of Helen Fitzpatrick Montalbano, plaintiffs, Albert Montalbano, Joseph Montalbano, Jr. and Linda Montalbano, surviving children of Helen Fitzpatrick Montalbano, sustained loss, including, but not limited to pain and suffering of Helen Fitzpatrick Montalbano, deprivation of the companionship, love, security, society, service, support, affection, as well as grief, mental anguish, pain and suffering and funeral expenses.

WHEREFORE, plaintiffs pray that defendants be cited and served with a copy of this Petition and after all legal delays and due proceedings had that there be judgment in favor of plaintiffs, Albert Montalbano, Joseph Montalbano, Jr. and Linda Montalbano and against defendants, Buffman Inc. d/b/a St. Rita's Nursing Home, Mabel Mangano, Salvadore Mangano, Sr., Anthony Buffone, ABC Insurance Company and XYZ Insurance Company, in a reasonable compensatory sum, plus legal interest, all costs of these proceedings and for all general and equitable relief to which plaintiffs may be entitled.

Respectfully submitted,

RITTENBERG & SAMUEL, L.L.C.


WILLIAM E. RITTENBERG (No. 11287)
LARRY SAMUEL (No. 11678)
715 Girod Street, Suite 200
New Orleans, Louisiana 70130
Phone: (504) 524-5555
Fax: (504) 524-0912

**PLEASE SERVE**

BUFFMAN INC. D/B/A ST. RITA'S NURSING HOME
THROUGH ITS REGISTERED AGENT:
SALVADORE MANGANO
1422 EAST LA. HIGHWAY 46
ST. BERNARD, LOUISIANA 70085

MABEL MANGANO
1422 EAST LA. HIGHWAY 46
ST. BERNARD, LOUISIANA 70085

SALVADORE MANGANO, SR.
1422 EAST LA. HIGHWAY 46
ST. BERNARD, LOUISIANA 70085

ANTHONY BUFFONE
108 HERRING DRIVE
SLIDELL, LOUISIANA 70461

Morales et al. v. Buffman, Inc. et al., 06-5962

THIRTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA **FILED**

NO.: **106 736**

SEP 01 2006           DIVISION " "

CLERK OF COURT
ST. BERNARD PARISH
/s/CYNTHIA P. GALLARDO

NORMAN MORALES INDIVIDUALLY/AND ON BEHALF
LAURETA MORALES,

**VERSUS**

BUFFMAN, INC., SALVADOR A. MANGANO, MABEL B. MANGANO

AUG 0 2 2006

FILED: _____          _____
                                           **DEPUTY CLERK**

### PETITION FOR DAMAGES

The petition of **NORMAN MORALES, INDIVIDUALLY AND ON BEHALF OF**

**HIS MOTHER, LAURETA MORALES**, a person of the full age of majority and, at time of

this incident, a resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and

the natural son of the decedent, **LAURETA MORALES**, with respect represents as follows:

I.

Made defendants herein are as follows:

A) **BUFFMAN, INC**, upon reasonable information and belief available at the

present time, at all times material hereto, a domestic corporation doing business as "St. Rita's

Nursing Home'" in the Parish of St. Bernard, State of Louisiana;

B) **SALVADOR A. MANGANO**, upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

C) **MABEL B. MANGANO**, upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known

as St. Rita's Nursing Home;

II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum

of money found to be reasonable in the premises, together with legal interest from the date of

judicial demand, for all costs of these proceedings, and for all other general and equitable relief

**PAGE TWO**

as may be afforded by this Honorable Court, for the following reasons:

III.

On or about the 29th day of AUGUST, 2005, LAURETA MORALES, expired while in the care, custody and control of defendants BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.

IV.

LAURETA MORALES was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly  injuries as a result of the failure of the defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioner avers that the death of his mother was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of LAURETA MORALES, in that the defendants were negligent in the following non-exclusive particulars :

    A. Failing to evacuate nursing home residents in the face of a mandatory evacuation for the Parish of St. Bernard;

    B. Failing to have a viable, workable evacuation plan for the nursing home residents at the  time of this emergency

    C. Failing to implement an evacuation plan, if one did exist;

    D. Failing to ask for assistance with evacuation of the nursing home residents;

    E. Refusing evacuation assistance from outside sources;

    F. Abandoning the care of LAURETA MORALES;

**PAGE THREE**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **LAURETA MORALES;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII.

Petitioner, **NORMAN MORALES, as the natural child of the decedent LAURETA MORALES,** has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival injuries on her behalf and wrongful death actions against defendants herein.

VIII.

As a result of the negligence of the defendants herein causing the death of his mother, **NORMAN MORALES** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of his mother's death;

B. Past, past and future loss of love and affection from his mother;

C. Any and all damages which may be proven at trial;

IX.

Your petitioners steadfastly aver amicable demand to defendant's, all to no avail.

.WHEREFORE, petitioner, **NORMAN MORALES, INDIVIDUALLY/AND ON BEHALF OF LAURETA MORALES,** prays that defendants **BUFFMAN, INC., SALVADOR A. MANGANO, AND MABEL B. MANGANO** be served with a copy of this Petition for Damages; they each be made to answer same; and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of your petitioners, **NORMAN**

**Poissenot et al. v. Mangano et al., 06-7858**



34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NUMBER: *105-461*                    DIVISION " "

EMILE R. POISSENOT AND PATRICIA POISSENOT AGNELLY, INDIVIDUALLY AND
ON BEHALF OF THEIR DECEASED FATHER, EMILE HIPPOLITE POISSENOT

versus

SALVADOR MANGANO, SR., MABLE MANGANO, HUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME, AND ABC INSURANCE COMPANY

FILED: _*Nov. 2, 2005*_                    /s/ _*Rexa Dane*_
          *11 30 m*                         DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes EMILE R. POISSENOT
and PATRICIA POISSENOT AGNELLY, both individuals of the age of majority, appearing
herein individually and on behalf of their deceased father, EMILE HIPPOLITE
POISSENOT, who, with respect represent:

1.

Made defendants herein are SALVADOR MANGANO, SR., MABLE MANGANO,
BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME (collectively referred to as ST.
RITA's), and ABC INSURANCE COMPANY, their liability insurer at all relevant times.

2.

Plaintiffs were the sole children of EMILE HIPPOLITE POISSENOT ("the
decedent"), who was born on June 14, 1916. At all relevant times hereto the decedent was
a widower, his wife having died in 2004.

3.

Decedent, who had been diagnosed with Alzheimer's Disease approximately seven
years prior to his death, was a resident of St. Rita's Nursing Home from for approximately
five (5) years until August 29, 2005, the date of his death.

4.

Decedent died on August 29, 2005, by drowning, when the flood waters caused by

Hurricane Katrina rose in St. Bernard Parish and entered the premises of St. Rita's, where he resided.

5.

At the time of decedent's death, and for a period of approximately forty (40) hours prior thereto, St. Bernard Parish was under an order of mandatory evacuation.

6.

Further, even prior to the order of mandatory evacuation, it was or should have been clear to any reasonably prudent person responsible for and entrusted with the care of the sick, infirm and/or elderly, that the health and safety of those in his/her care were at substantial risk as a result of the anticipated track and magnitude of Hurricane Katrina.

7.

At all relevant times, defendants MANGANOs and BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, knew or should have known of the existence of the mandatory evacuation and of the anticipated track and magnitude of Hurricane Katrina.

8.

At all relevant times, defendants MANGANOs and BUFFMAN, INC. d/b/a ST. RITAS NURSING HOME, had first hand knowledge of the physical and mental limitation of the residents of St. Rita's Nursing Home, including specifically of decedent, and knew of the difficulty and time involved in evacuating said residents to a safe location removed from the track of the impending storm.

9.

Despite defendants' knowledge of the mandatory evacuation, and despite defendants' knowledge of the anticipated track and magnitude of the storm even prior to the order of mandatory evacuation, defendants failed to evacuate decedent and the other residents of St. Rita's Nursing Home.

10.

Plaintiff, EMILE R. POISSENOT, was assured by employees of St. Rita's Nursing Home a few days before the hurricane struck that his father and the other residents would be evacuated when necessary.

11.

This assurance was in addition to the assurances made personally to decedent's

son by SALVADOR MANGANO months earlier that he had a plan of evacuation, and that in the event of a major storm, the residents of ST. RITA's would be evacuated to Baton Rouge.

12.

Plaintiffs and other family members evacuated from their homes in St. Bernard Parish on the evening of Saturday, August 27, 2005, and drove east to Florida. Plaintiffs at all times believed the assurances of the owners and employees of ST. RITA's that their father and the other residents would be safely evacuated. In so believing, they relied to their detriment on the consistent representations and assurance of the defendants, in whom they had entrusted the care of their father.

13.

Plaintiffs submit that their father's death by drowning in flood waters was caused by (1) the inconceivable negligence of defendants in failing to evacuate him to a safe location; and/or (2) the fact that plaintiffs were deprived of the opportunity to make plans for their father's safe evacuation by reason of the fact that they relied to their detriment upon the representations of defendants and ST. RITA employees that a plan of evacuation existed and would be implemented.

14.

Plaintiffs have suffered incalculable damages as a result of the untimely and horrific death of their father, and are entitled to compensation for their mental anguish, emotional and physical pain and suffering, loss of society and companionship, and such other damages arising out of the wrongful death of their father, pursuant to and in accordance with La. Civ. Code Art. 2315.

15.

The decedent, who still recognized his children when they visited him, unquestionably endured intolerable terror and mental and physical anguish during the period of time between the entry of the water into St. Rita's and his ultimate death by drowning. As decedent's sole children, plaintiffs are entitled to recover compensation for these damages, pursuant to and in accordance with La. Civ. Code Art. 2315.1.

**Rodrigue et al. v. Buffman Inc. et al., 06-6639**

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. **105 808**

DIVISION "A"

TOMMY RODRIGUE, SANDRA MANCUSO,
DARLENE PHIPPS AND DARRELLE RODRIGUE

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,
MABEL MANGANO and SALVADOR MANGANO

FILED: FEB 0 7 2006

1:55 ᴬm

DEPUTY CLERK

PETITION FOR DAMAGES

The petition of **TOMMY RODRIGUE, SANDRA MANCUSO, DARLENE
PHIPPS and DARRELLE RODRIGUE,** all of the full age majority, residents of the Parish
Jefferson, State of Louisiana respectfully submit the following:

I.

That made Defendants herein are:

1.   **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY,** a
     Louisiana Corporation organized and chartered under the laws of the State of
     Louisiana and authorized to do and doing business in the Parish of St.
     Bernard, State of Louisiana;

2.   **MABEL MANGANO,** domiciled in the Parish of St. Bernard, State of
     Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.
     RITA'S NURSING HOME FACILITY;** and

3.   **SALVADOR MANGANO,** domiciled in the Parish of St. Bernard, State of
     Louisiana and is employed by Defendant, **BUFFMAN, INC. d/b/a ST.
     RITA'S NURSING HOME FACILITY.**

II.

The Defendants are justly and truly indebted unto your Petitioners for a just and
reasonable sum for the following reasons:

III.

On or about August 28, 2005, plaintiffs' mother, Eva Rodrigue, was a resident at St.
Rita's Nursing Home in the Parish of St. Bernard, State of Louisiana; at sometime after that



date, Eva Rodrigue, was caused to drown and suffer a horrific death in the flood waters of

Hurricane Katrina because of the negligence of the Defendants.

IV.

The death of Eva Rodrigue and damages described below were caused solely through

the negligence of the Defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME

FACILITY, MABEL MANGANO AND SALVADOR MANGANO which acts of

negligence are set out as follows:

### BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY

a.   Failing to evacuate Eva Rodrigue when it knew or should have known a
     category 4/5 hurricane was bearing down on St. Bernard and its neighboring
     parishes;

b.   Failing to follow the Hurricane Evacuation Plan it had in effect at the time of
     Hurricane Katrina;

c.   Lulling family members, such as Plaintiffs, into a sense of complacency and
     security by advising them that Eva Rodrigue, and others similarly situated,
     would be evacuated and/or moved to a safer place to escape potential
     flooding;

d.   Allowing its residents to drown;

e.   Failing to have adequate rescue equipment, life vests, boats and any other
     rescue equipment for its resident; and

f.   Any and all other act of negligence to be proven at trial.

### MABEL MANGANO

a.   Advising Tommy Rodrigue that if a category 4/5 was approaching, then
     residents, including Eva Rodrigue, would be evacuated;

b.   Advising Tommy Rodrigue that if a category 4/5 was approaching, then
     residents would be moved to a nearby school/shelter that provided higher
     ground and protection from flood waters;

c.   Refusing offers of transportation and aid in evacuating residents before the
     Hurricane struck St. Bernard;

    d.    All act of negligence listed above regarding the negligence of St. Rita's Nursing Home; and

    e.    Any and all acts of negligence to be proved at trial.

### *SALVADOR MANGANO*

    a.    Failing to place a life vest around the neck of Eva Rodrigue;

    b.    All acts of negligence listed above regarding the negligence of St. Rita's Nursing Home; and

    c.    Any and all acts of negligence to be proven at trial.

V.

On information and belief, Eva Rodrigue, lived a brief period of time, but ultimately drowned at St. Rita's Nursing Home. Tommy Rodrigue, Sandra Mancuso, Darlene Phipps and Darrelle Rodrigue bring a survival action and wrongful death action and itemize those damages as follows:

### *Survival Action Brought by*
### *Tommy Rodrigue, Sandra Mancuso, Darlene Phipps and Darrelle Rodrigue*

    1.    The physical and mental pain and suffering of their mother, Eva Rodrigue, which resulted from the time the flood waters entered the home until the time of her death by drowning;

    2.    The funeral expenses of Eva Rodrigue; and

    3.    Any and all other damages to be proven at trial.

### *Wrongful Death Action Brought by*
### *Tommy Rodrigue, Sandra Mancuso, Darlene Phipps and Darrelle Rodrigue*

    1.    Loss of love and affection of their mother;

    2.    Loss of society and companionship of their mother; and

    3.    Any and all other damages to be proven at trial.

VI.

That at the time of the accident Defendant, **BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY**, was a qualified healthcare provider and was insured by Defendant, **ABC INSURANCE COMPANY**, in connection with the operation of the nursing home.

**Thedy et al. v. Buffman, Inc., et al., 06-8106**

Serv

# THIRTY-FOURTH JUDICIAL DISTRICT COURT
## PARISH OF ST. BERNARD
### STATE OF LOUISIANA

NO.:  **106  289**

DIVISION " "

### DARLENE THEDY  INDIVIDUALLY/AND ON BEHALF OF
### ADELE JOYCELYN BALDINI COUSINS

### VERSUS

### BUFFMAN, INC., SALVADOR A. MANGANO, MABEL B. MANGANO AND
### LOUISIANA NURSING HOME ASSOCIATION, INC.

FILED: MAY 1 8 2006

12:00 pm

_____
**DEPUTY CLERK**

### PETITION FOR DAMAGES

The petition of **DARLENE THEDY , INDIVIDUALLY AND ON BEHALF OF HER MOTHER, ADELE JOYCELYN BALDINI COUSINS**, a person of the full age of majority and, at time of this incident, a resident of and domiciled in the Parish of St. Bernard, State of Louisiana, and the natural daughter of the decedent, **ADELE JOYCELYN BALDINI COUSINS**, with respect represents as follows:

I.

Made defendants herein are as follows:

A)  **BUFFMAN, INC,** upon reasonable information and belief available at the present time, at all times material hereto, a domestic corporation doing business as "St. Rita's Nursing Home'" in the Parish of St. Bernard, State of Louisiana;

B)  **SALVADOR A. MANGANO,** upon reasonable information and belief available at the present time, and at all times material hereto, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known as St. Rita's Nursing Home;

C)  **MABEL B. MANGANO,** upon reasonable information and belief available at the present time, and at all times material hereto, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who operated the facility known as St. Rita's Nursing Home;

D)  **LOUISIANA NURSING HOME ASSOCIATION, INC.,** a non-profit domestic corporation, authorized to do and doing business in the Parish of St. Bernard, State of Louisiana;

**PAGE TWO**

II.

The above defendants are indebted unto your petitioner jointly and in solido for a sum of money found to be reasonable in the premises, together with legal interest from the date of judicial demand, for all costs of these proceedings, and for all other general and equitable relief as may be afforded by this Honorable Court, for the following reasons:

III.

On or about the 29th **day of AUGUST, 2005, ADELE JOYCELYN BALDINI COUSINS,** expired while in the care, custody and control of defendants **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

IV.

**ADELE JOYCELYN BALDINI COUSINS** was a patient of the St. Rita's Nursing Home facility located in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and ultimately deadly injuries as a result of the failure of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO** to protect the residents of the home and evacuate them in a safe manner after a mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioner avers that the death of her mother was caused by no fault of your petitioner or the decedent, but was caused solely through the gross negligence, negligence and carelessness of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal, proximate cause and cause in fact of the death of **ADELE JOYCELYN BALDINI COUSINS,** in that the defendants were negligent in the following non-exclusive particulars :

A. Failing to evacuate nursing home residents in the face of a mandatory evacuation for the Parish of St. Bernard;

**PAGE THREE**

B. Failing to have a viable, workable evacuation plan for the nursing home residents at the time of this emergency

C. Failing to implement an evacuation plan, if one did exist;

D. Failing to ask for assistance with evacuation of the nursing home residents;

E. Refusing evacuation assistance from outside sources;

F. Abandoning the care of **ADELE JOYCELYN BALDINI COUSINS;**

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the home residents;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **ADELE JOYCELYN BALDINI COUSINS;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **DARLENE THEDY** , as the natural child of the decedent **ADELE JOYCELYN BALDINI COUSINS,** has suffered and is continuing suffer extreme emotional suffering and distress over the loss of her mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival and wrongful death actions against defendants herein.

VIII.

As a result of the negligence of the defendants herein causing the death of her mother, **DARLENE THEDY** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of her mother's death;

Thomason et al. v. Buffman, Inc. et al., 06-9192

CHARLES G. THOMASON and                    DOCKET NO.              SEC.
CAROLYN ANDERSON
                                           34TH JUDICIAL DISTRICT COURT
VERSUS

                                           PARISH OF ST. BERNARD
BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY,
SALVADOR MANGANO, MABEL R.
MANGANO and LOUISIANA NURSING
HOME ASSOCIATION, INC.                     STATE OF LOUISIANA

PETITION

NOW INTO COURT, through undersigned counsel, come plaintiffs, CHARLES G.

THOMASON and CAROLYN ANDERSON, both of the full age of majority, who

respectfully represent:

1.

Made defendants herein are:

(a)    BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY, a

       Louisiana corporation authorized to do and doing business in the Parish of St.

       Bernard, State of Louisiana;

(b)    MABEL R. MANGANO, a person of the full age of majority domiciled in the

       Parish of St. Bernard, State of Louisiana;

(c)    SALVADOR MANGANO, a person of the full age of majority domiciled in

       the Parish of St. Bernard, State of Louisiana; and

(d)    LOUISIANA NURSING HOME ASSOCIATION, INC., an organization

       believed to be an insurer of defendant, BUFFMAN, INC. d/b/a ST. RITA'S

       NURSING HOME FACILITY.

2.

On or about August 28, 2005, plaintiffs' brother, MICHAEL WAYNE

THOMASON, was a resident at St. Rita's Nursing Home Facility in the Parish of St.

Bernard, State of Louisiana. Subsequent to that date, Michael Wayne Thomason was caused

to drown and suffer a horrific death in the flood waters of Hurricane Katrina because of the

1

negligence of defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY, MABEL R. MANGANO and SALVADOR MANGANO.

3.

The death of Michael Wayne Thomason and damages described herein were caused solely through the fault and negligence of defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME FACILITY, MABEL R. MANGANO and SALVADOR MANGANO, which acts of negligence are described as follows:

a.  Failing to evacuate Michael Wayne Thomason when it knew or should have known that a Category 4/5 hurricane was bearing down on St. Bernard and its neighboring parishes.

b.  Failing to follow the hurricane evacuation plan it had in effect at the time of Hurricane Katrina.

c.  Allowing its residents to drown.

d.  Failing to have adequate rescue equipment, life vests, boats and any other rescue equipment for its residents.

e.  Refusing offers of transportation and aide in evacuating residents before the hurricane struck St. Bernard.

f.  Any and all other acts of negligence to be proven at the trial of this matter.

4.

On information and belief, Michael Wayne Thomason lived for a brief period of time, but ultimately drowned at St. Rita's Nursing Home Facility. Plaintiffs herein bring a survival action to recover damages for the physical and mental pain and suffering of their brother, Michael Wayne Thomason, which resulted from the time the flood waters entered the Nursing Home until the time of his death by drowning, the funeral expenses of Michael Wayne Thomason and any and all other damages to be proven at trial. In addition, plaintiffs bring a wrongful death action for the loss of love and affection of their brother, loss of

2

**Verges et al. v. Buffman Inc., et al., 06-8731**

THIRTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

SEP 1 4 2006

CLERK OF COURT
ST. BERNARD PARISH

NO.:  **106 787**

/S/CYNTHIA P. GALLARDO

DIVISION " "

**LAURIE MELERINE BOHNENSTIEHL VERGES AND
NATHAN JAMES MELERINE, INDIVIDUALLY/AND ON BEHALF OF
DECEDENT, _LUCILLE MELERINE_**

**VERSUS**

**BUFFMAN, INC., SALVADOR A. MANGANO, MABEL B. MANGANO**

FILED: _____AUG 0 2 2006_____  _Dma R. Torres_

@ 12:40 P.M.  ~~DEPUTY CLERK~~

**PETITION FOR DAMAGES**

The joint petition of **LAURIE MELERINE BOHNENSTIEHL VERGES AND**

**NATHAN JAMES MELERINE, INDIVIDUALLY AND ON BEHALF OF THEIR**

**MOTHER, LUCILLE MELERINE,** both persons of the full age of majority and, at time of

the incident, residents of and domiciled in the Parish of St. Bernard, State of Louisiana, and the

natural children of the decedent, **LUCILLE MELERINE,** with respect represents as follows:

I.

Made defendants herein are as follows:

A) **BUFFMAN, INC,** upon reasonable information and belief available at the

present time, at all times material hereto, a domestic corporation doing business as "St. Rita's

Nursing Home'" in the Parish of St. Bernard, State of Louisiana;

B) **SALVADOR A. MANGANO,** upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who owned and operated the

facility known as St. Rita's Nursing Home;

C) **MABEL B. MANGANO,** upon reasonable information and belief

available at the present time, and at all times material hereto, a person of the full age of majority

and domiciled in the Parish of St. Bernard, State of Louisiana, who owned and operated the

facility known as St. Rita's Nursing Home;

II.

The above defendants are indebted unto your petitioners jointly and in solido for a sum

of money found to be reasonable in the premises, together with legal interest from the date of

**PAGE TWO**

judicial demand, for all costs of these proceedings, and for all other general and equitable relief

may be afforded by the Honorable Court, for the following reasons:

III.

On or about the **29th day of AUGUST, 2005, LUCILLE MELERINE,** expired while

in the care, custody and control of defendants **BUFFMAN, INC., d/b/a ST. RITA'S**

**NURSING HOME, SALVADOR A. MANGANO AND MABEL B. MANGANO.**

IV.

**LUCILLE MELERINE** was a patient of the St. Rita's Nursing Home facility located

in the Parish of St. Bernard on or about August 29th, 2005 when she suffered painful and

ultimately deadly injuries as a result of the failure of the defendants, **BUFFMAN, INC., d/b/a**

**ST. RITA'S NURSING HOME, SALVADOR A. MANGANO AND MABEL B.**

**MANGANO** to protect the residents of the home and evacuate them in a safe manner after a

mandatory evacuation had been ordered by the authorities in the face of Hurricane Katrina..

V.

Your petitioners aver that the death of their mother was caused by no fault of your

petitioners or the decedent, but was caused solely through the gross negligence, negligence and

carelessness of the defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME,**

**SALVADOR A. MANGANO AND MABEL B. MANGANO.**

VI.

Petitioner avers that the negligence of the defendants in this matter was a legal,

proximate cause and cause in fact of the death of **LUCILLE MELERINE**, in that the

defendants were negligent in the following non-exclusive particulars :

> A. Failing to evacuate nursing home residents in the face of a mandatory
>
> evacuation for the Parish of St. Bernard in the face of Katrina;
>
> B. Failing to have a viable, workable evacuation plan for the nursing home
>
> residents at the time of this emergency
>
> C. Failing to implement an evacuation plan, if one did exist;
>
> D. Failing to ask for assistance with evacuation of the nursing home residents;
>
> E. Refusing evacuation assistance from outside sources;

PAGE THREE

F. Abandoning the care of **LUCILLE MELERINE** in the face of Katrina;

G. Inadequate staffing for the facility in question;

H. Having incompetent staff to operate a nursing home facility such as the one in question herein;

I. Having inadequate and/or outdated equipment;

J. Delay in attempts to evacuate the residents in the face of Katrina;

K. Failing to exercise proper and adequate control and care over one of the residents in it's care and control, **LUCILLE MELERINE;**

L. Failing to adequately supervise and/or train the employees in the proper care and custody of the residents in the face of a emergency;

M. All other acts of negligence which may be shown at a trial on the merits herein;

VII..

Petitioner, **LAURIE MELERINE BOHNENSTIEHL VERGES AND NATHAN JAMES MELERINE, as the natural children of the decedent, LUCILLE MELERINE,** have each suffered and is continuing suffer extreme emotional suffering and distress over the loss of their mother and, is at this time, asserting a claim in accordance with La. Civil Code articles 2315.1 and 2315.2, for the survival pain and suffering and drowning injuries on her behalf and wrongful death actions against defendants herein.

VIII.

As a result of the negligence of the defendants herein causing the death of their mother, **LAURIE MELERINE BOHNENSTIEHL VERGES AND NATHAN JAMES MELERINE** has suffered the following non-exclusive damages:

A. Past, present and future mental anguish as a result of their mother's death;

B. Past, past and future loss of love and affection from their mother;

C. Any and all damages which may be proven at trial;

IX.

Your petitioners steadfastly aver amicable demand to defendant's, all to no avail.

.WHEREFORE, petitioner, **LAURIE MELERINE BOHNENSTIEHL VERGES**