**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| | * | |
| LEVEE (O'DWYER, NO. 06-6099) | * | |
| ` | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' PROTECTIVE REFILED COMPLAINT FOR
COMPENSATORY AND EXEMPLARY DAMAGES, AND FOR REASONABLE
ATTORNEY'S FEES AND TAXABLE COSTS, IN A CLASS ACTION LAWSUIT**

NOW INTO COURT, through undersigned counsel, comes Defendant St. Paul Fire and
Marine Insurance Company ("St. Paul"), which, for its Answer to the Protective Refiled
Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorney's Fees and
Taxable Costs, In a Class Action Lawsuit (the "Complaint") filed by Maureen O'Dwyer, et al.,
purportedly for themselves and all others similarly situated, (collectively, the "Plaintiffs"),
respectfully responds to the particular paragraphs of the Complaint as follows:

I.

Paragraph I contains no factual allegations directed at St. Paul or any other party, but only identifies the parties who are named Plaintiffs in this suit.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

II.

Paragraph II contains no factual allegations directed at St. Paul or any other party, but only defines the class Plaintiffs seek to certify.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

III.

To the extent the assertions in Paragraph III are directed at other defendants, St. Paul denies those assertions for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  In response to the assertions directed at it, St. Paul denies the assertions therein except to admit that it has been named as a defendant herein and that it issued to "Orleans Levee District" a policy of insurance bearing the Policy No. GP06300925 with a policy period of November 1, 2004 to November 1, 2005 (the "Policy"), which policy is subject to the terms, conditions, exclusions and limitations contained therein.

IV.

The assertions in Paragraph IV constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul admits that this Court possesses jurisdiction over this dispute.

V.

The assertions in Paragraph V are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

VI.

The assertions in Paragraph VI are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

VII.

The assertions in Paragraph VII are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

VIII.

The assertions in Paragraph VIII constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations

directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

IX.

The assertions in Paragraph IX constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

X.

To the extent directed at other defendants, St. Paul denies the assertions in Paragraph X for lack of sufficient information to justify a belief as to the truth of the matters asserted therein. To the extent the assertions are directed at St. Paul, they are denied.

XI.

The assertions in Paragraph XI are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

XII.

The assertions in Paragraph XII are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

XIII.

The assertions in Paragraph XIII constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XIV.

The assertions in Paragraph XIV constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XV.

The assertions in Paragraph XV constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XVI.

The assertions in Paragraph XVI are vague and unintelligible, and therefore, no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

XVII.

The assertions in Paragraph XVII are not directed at St. Paul and constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed

necessary, St. Paul denies the assertions in this paragraph for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

XVIII.

The assertions in Paragraph XVIII constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XIX.

The assertions in Paragraph XIX constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XX.

The assertions in Paragraph XX constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XXI.

The assertions in Paragraph XXI constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XXII.

Paragraph XXII contains no factual allegations directed at St. Paul, but only a request for jury trial.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph.

XXIII.

The assertions in Paragraph XXIII constitute a legal conclusion to which no response from St. Paul is required.  To the extent a response is deemed necessary, St. Paul denies the allegations directed at other defendants for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.  To the extent directed at St. Paul, the assertions are denied.

XXIV.

The final paragraph of the Complaint contains no factual allegations against St. Paul but states only a prayer for relief and a request for class certification.  Consequently, this paragraph requires no response from St. Paul.  To the extent a response from St. Paul may be deemed necessary, St. Paul denies the allegations in this paragraph and affirmatively denies any liability to Plaintiffs.

**AND NOW,** in further answer to the Complaint, St. Paul asserts the following defenses:

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim against St. Paul upon which relief may be granted.

## SECOND DEFENSE

To the extent that this action purports to be a class action, it fails to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for treatment as a class action.

## THIRD DEFENSE

To the extent the Orleans Levee District has no or limited liability to the Plaintiffs (whether by operation of general tort principles, statutes concerning governmental liability and immunity, or otherwise), St. Paul can have no greater liability to the Plaintiffs.

## FOURTH DEFENSE

St. Paul incorporates by reference *in extenso* all defenses pled by the Board of Commissioners for the Orleans Levee District and/or The Orleans Levee District in its Answer to the  Plaintiffs' Complaint (or in any supplemental or amending Answer) to the extent such defenses are not inconsistent with any of the defenses asserted herein.

## FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy and/or are barred by the terms, exclusions, conditions and/or limitations contained in the Policy.

## SIXTH DEFENSE

If the Policy provides any primary insurance coverage for Plaintiffs' claims, which is expressly denied, such coverage could only be provided by the "Bodily injury and property damage liability" portions of the "Public Entity General Liability Protection" coverage form and/or the "Umbrella Excess Liability Protection" coverage form.  None of the other portions of those coverage forms nor any portion of any other coverage form in the Policy are potentially responsive to, or provide coverage for, Plaintiffs' claims.

## SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the party or parties against whom Plaintiffs allege liability are not "protected persons" within the meaning of the Policy.

## EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was not caused by an "event" within the meaning of the Policy.

## NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint does not constitute damages for "bodily injury" or "property damage" within the meaning of the Policy.

## TENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the recovery sought by Plaintiffs is something other than an amount that a protected person under the Policy is legally obligated to pay as damages for covered bodily injury or property damage that happened while the Policy was in effect and that was caused by an event.

## ELEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Expected or intended bodily injury or property damage" exclusion in the Policy.

## TWELFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Medical Expenses of certain persons" exclusion in the Policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Impaired property" exclusion in the Policy.

## FOURTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Pollution injury or damage" exclusion in the Policy.

## FIFTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Pollution work loss, cost or expense" exclusion in the Policy.

## SIXTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Mold or other fungi" exclusion in the Policy.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent coverage for the loss or damage alleged in the Complaint is excluded by the "Damage to your products or completed work" exclusion in the Policy.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint arose out of a "known loss," a "known risk" or otherwise arose out of non-fortuitous events.

## NINETEENTH DEFENSE

Any liability by St. Paul under the Policy is limited by any and all "Limits of Coverage" provisions in the Policy, including but not limited to the "General total limit," "Products and completed work total limit, " and "Each event limit" provisions in the Policy.

## TWENTIETH DEFENSE

Any liability by St. Paul under the Policy is subject to any "Other Insurance" clauses in the Policy.

## TWENTY-FIRST DEFENSE

St. Paul has no obligations under any primary coverage portions of the Policy unless and until all deductibles and self-insured retentions applicable to a claim have been exhausted.

## TWENTY-SECOND DEFENSE

St. Paul has no obligations under the "Umbrella Excess Liability Protection" coverage form of the Policy unless and until all deductibles, self-insured retentions, and underlying insurance or other insurance applicable to a claim have been exhausted.

11

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by the actions or inactions of third-parties for whom St. Paul is not responsible.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by pre-existing conditions over which the insured under the Policy had no control and for which St. Paul and the insured under the Policy are not responsible and may not be held liable.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent the acts or omissions of others, including other parties that have not been named in this proceeding, were new, superseding and/or independent causes of any of the loss or damage alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent any of the loss or damage alleged in the Complaint was caused by Plaintiffs' own contributory and/or comparative fault or negligence.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs, any protected person under the Policy, or any other responsible party failed to mitigate, minimize, avoid or abate any of the loss or damage allegedly sustained.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent that the act(s) or failure(s) to act which gave rise to the events alleged in the Complaint were in violation of public policy or law.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for equitable relief and/or are founded on equitable remedies.

## THIRTIETH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent Plaintiffs' claims are for declaratory and/or injunctive relief.

## THIRTY-FIRST DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability should be excluded or reduced to the extent that St. Paul's insured has other insurance applicable to the claims in the Complaint.

## THIRTY-SECOND DEFENSE

If and to the extent St. Paul has any liability under the Policy, such liability is subject to the limitations of liability, aggregates, retrospective premiums, self-insured retentions, and/or deductibles contained in the Policy as well as any non-cumulation, stacking of policies, or similar provisions contained in the Policy.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to comply with all of its duties and obligations under the Policy, including but not

limited to its obligation to provide St. Paul with timely notice of any occurrence or offense that may result in a claim to which the Policy might apply.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims against St. Paul are barred, in whole or in part, to the extent St. Paul's insured failed to meet all of the conditions precedent under the Policies.

## THIRTY-FIFTH DEFENSE

The Complaint fails to state a cause of action against St. Paul for attorney's fees.

## THIRTY-SIXTH DEFENSE

The Complaint is vague in that it does not describe the claims made against St. Paul with sufficient particularity to enable St. Paul to determine what defenses, including defenses based upon terms, conditions, limitations, or exclusions of the Policy, or the applicable law, St. Paul has in response to the Complaint.  St. Paul therefore reserves the right to raise all defenses which may be pertinent to the Complaint once the precise nature of the claims are ascertained through discovery or through amendments to pleadings.

**WHEREFORE,** defendant, St. Paul prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of St. Paul and against Plaintiffs (and members of the putative class), dismissing all of the claims of the Plaintiffs (and members of the putative class) against St. Paul, with prejudice, at  Plaintiffs' (and members of the putative class') cost.

Respectfully submitted,


s/ April R. Roberts
JOSEPH P. GUICHET, T.A., Bar #24441
RALPH S. HUBBARD III, Bar #7040
APRIL R. ROBERTS, Bar #30821
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**Attorneys for St. Paul Fire and Marine
Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2006, a copy of St. Paul Fire and Marine Insurance Company's Answer to Plaintiffs' Protective Refiled Complaint for Compensatory and Exemplary  Damages and for Reasonable Attorney's Fees and Taxable Costs, in a class Action Lawsuit was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys by operation of the court's electronic filing system.  Notice of this filing will be mailed to all non-participants of the court's electronic filing system.


s/April R. Roberts
April R. Roberts