UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § | CIVIL ACTION No. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152   MRGO, *Ackerson*, No. 06-4066 | § § § § | |

### REPLY IN FURTHER SUPPORT OF THE DREDGING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO LA. R.S. 9:5624 AND FED. R. CIV. P. 12(c)[1]

Plaintiffs' claims against the Dredging Defendants are perempted by La. R.S. 9:5624, which provides that claims for damages incurred "for public purposes" are confined to a two-year period running from the completion and acceptance of the public project. Plaintiffs propose

---

[1] This Reply is filed on the merits on behalf of Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; and Bean Horizon L.L.C. *In addition*, subject to the Court's ruling on the Limitation Dredgers' Motion for Leave to File Reply Briefs as *Amicus Curiae*, this Reply is tendered on behalf of Great Lakes Dredging & Dock Company, Mike Hooks, Inc., T.L. James and Company, Inc., Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C., a Partner therein, Luhr Bros, Inc., King Fisher Marine Services, LP, Weeks Marine and Pine Bluff Sand and Gravel Company, because the filing of their Limitation petitions stayed all other lawsuits by operation of law. *See* 46 U.S.C. App. § 185; Fed. R. Civ. P., Supp. Admiralty Rule F(3). This brief will refer to the

1

several reasons why Section 5624 is inapplicable here, all of which are based on misreading the statute and ignoring the cases cited by the Dredging Defendants. The law is clear. Section 5624 requires that all claims be dismissed.

## ARGUMENT

### I.   La. R.S. 9:5624 Applies to These Maritime Cases.

Section 5624 applies in these cases pursuant to the "maritime but local" rule. It is undisputed that Section 5624 operates peremptively, even though it is phrased as a "prescriptive" period.[2] As such, Section 5624 should apply here because, as more fully set forth in the Dredging Defendants' briefs in support of their La. R.S. 9:2772 Motions, the predominance of local interests justifies subjecting Plaintiffs' claims to Louisiana's peremptive rules.

### II.   La. R.S. 9:5624 Perempts Plaintiffs' Claims.

Without discussing or making any attempt to distinguish the cases on which the Dredging Defendants relied in their Opening Memorandum, Plaintiffs argue that Section 5624 does not perempt their claims for three reasons: (1) the statute only applies to claims against state actors; (2) it does not apply to negligence claims; and (3) it does not apply to damages caused by maintenance projects.[3] Plaintiffs are wrong on all three points.

First, Section 5624 has been applied repeatedly to private entities. For example, in *Drury v. United States Army Corps of Engineers*,[4] the Fifth Circuit dismissed the claims against a federal government contractor—a construction company that had allegedly damaged the

---

Bean entities, plus the proposed *amici* as the "Dredging Defendants." Defendant Manson Construction Company is not a party to this filing.

[2]   *See* Op. Mem. at 3 (citing cases).

[3]   Pls.' Resp. at 3-4.

[4]   359 F.3d 366 (5th Cir. 2004).

2

plaintiff's property while performing work on behalf of the U.S. Army Corps of Engineers—because the two-year period imposed by Section 5624 had expired.[5]

Plaintiffs contend that the statute is limited to the State of Louisiana and its political subdivisions, but the single case they cite, *Nuckolls v. La. Highway Dept.*,[6] cannot support this argument. *Nuckolls* involved claims against the state highway department and the town of Plain Dealing, so nothing turned on the court's passing observation about a legislative intent to limit governmental liabilities.[7] Plaintiffs would have found more support for their argument in *Dwyer v. Smith*[8] (which they do not cite for this point), where the court suggested in *dicta* that Section 5624 might be limited to "public defendants."[9] So far as the Dredging Defendants are aware, however, no court has held that the statute is limited as Plaintiffs propose. To the contrary, as shown by the numerous cases cited above, including the Fifth Circuit's decisions in *Drury* and *Mississippi River Transmission*—not to mention the plain language of the statute, which refers to "public purposes" not "public entities"—Section 5624 regularly affords its protection to private entities no less than public.

Second, Section 5624 applies to all damages suffered as a necessary result of a public works project, even if the damages were unintentional. Plaintiffs argue that the statute does not

---

[5] *Id.* at 367, 369 (holding that § 5624 period for claim against contractor was not tolled by filing administrative claim under FTCA); *see also, e.g., Mississippi River Transm. Corp. v. Tabor*, 757 F.2d 662, 669 (5th Cir. 1985) (applying § 5624 to damages incident to gas company's storage of natural gas); *Oswalt v. Irby Constr. Co.*, 424 So. 2d 348, (La. App. 2d Cir. 1982) (claims against construction company for destroying levees while erecting power lines); *Miller v. Colonial Pipeline Co.*, 173 So. 2d 840, 845 (La. App. 3d Cir. 1965) (damage caused by private company's construction of a pipeline).

[6] 337 So. 2d 313 (La. App. 2d Cir. 1976) (cited in Pls.' Resp. at 3).

[7] *See id.* at 315 (holding that a new two-year period does not run from each instance of flooding because the purpose of § 5624 is to limit state liabilities to a reasonable period of time).

[8] 546 So. 2d 895 (La. App. 1st Cir. 1989).

[9] *See id.* at 896 n.13.

3

apply to negligence claims,[10] but the cases they cite stand for no such thing. To the contrary, in *Estate of Patout v. City of New Iberia*,[11] the Louisiana Supreme Court specifically noted that negligence does not necessarily preclude application of Section 5624, holding that "even unintentional damage can be inflicted 'for public purposes' if it is a 'necessary consequence' of the public project."[12] The other cases cited by Plaintiffs are nothing more than run-of-the-mill applications of this rule,[13] all of which are consistent with the cases cited in the Dredging Defendants' Opening Memorandum holding that Section 5624 applies to any and all damage that is a "necessary consequence" of a public project.[14]

In any event, Plaintiffs cannot avoid the statute merely by including the conclusory allegation that Defendants were "negligent."[15] The only theory pleaded in Plaintiffs' Complaints

---

[10]   Pls.' Resp. at 3-4.

[11]   738 So. 2d 544 (La. 1999) (cited in Pls.' Resp. at 3-4).

[12]   *See id.* at 552-53 (citing cases); *see also Oswalt*, 424 So. 2d at 352 ("The public purpose work which caused the damage was intentional and necessary and it matters not for purposes of determining the applicable prescriptive period that the work was done in a negligent manner or that the full extent of the damages might have been unintentional."); *Miller v. Colonial Pipeline Co.*, 173 So. 2d 840, 845 (La. App. 3d Cir. 1965) (§ 5624 applied to claims for negligently destroying irrigation levees and upsetting a rice field during construction of a pipeline, but allowing cows to escape through a fence was not "necessary," and *that* claim therefore was not barred).

[13]   *See Elmer v. West Jefferson Levee District*, 803 So. 2d 229, 237 (La. App. 5th Cir. 2002) (§ 5624 applied where plaintiff claimed that new levees trapped water and adversely affected drainage on his property); *Eubanks v. Bayou D'Arbonne Lake Watershed Dist.*, 742 So. 2d 113, 118 (La. App. 2d Cir. 1999) (§ 5624 applied to *negligence claims* where plaintiffs' flood damages were "necessary consequences of the design and construction of the dam and spillway"); *Dwyer*, 546 So. 2d at 895 & n.3 (§ 5624 not applicable to suit for neighbors' intentional and unlawful discharge of sewage onto plaintiffs' property); *Summerville v. Missouri Pacific R.R.*, 509 So. 2d 639, 642 (La. App. 3d Cir. 1987) (§ 5624 not applicable to flooding damages that were not a necessary consequence of railroad track construction); *Perkins v. Simon*, 265 So. 2d 804, 808 (La. App. 3d Cir. 1972) (§ 5624 not applicable where an employee drove a bulldozer into a fire hydrant and onto neighbor's lawn because the damage was not a necessary consequence of constructing a housing project).

[14]   *See* Op. Br. at 3-4 (citing cases).

[15]   *See* Compl. ¶¶ 31-34.

4

is that the storm-surge damages suffered in the wake of Hurricane Katrina were a necessary consequence of the MRGO's very existence.[16] Plaintiffs do not allege that any of the maintenance dredging was negligently performed; rather, their claims depend on there being something fundamentally wrong with the design of the MRGO, and the decisions to build and maintain it.[17]

Finally, Plaintiffs are wrong in their claim that the "clear language of Section 5624 states that it applies to <u>construction</u> and not to maintenance."[18] The statute says, "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." The single case Plaintiffs cite to support their "clear language" argument, *Summerville*, has nothing to do with the maintenance/construction distinction that Plaintiffs seek to draw; the *Summerville* court held that Section 5624 was inapplicable because the damages were not a necessary consequence of the project.[19] In the six cases cited by the Dredging Defendants, on the other hand—all of which Plaintiffs' Response ignores—the courts held that Section 5624 bars claims arising from ongoing operation and maintenance of public projects.[20] Section 5624 applies to Plaintiffs' claims, all of which are perempted in their entirety and should

---

[16] *See* Op. Mem. at 3; Compl. ¶¶ 7, 19 (alleging the MRGO was constructed and operated to provide a safer, more efficient route between the Gulf of Mexico and New Orleans), ¶¶ 9, 18-22 (alleging the flooding and environmental effects of the MRGO, and that they were anticipated and widely recognized even before the channel was excavated).

[17] *Cf. Eubanks*, 742 So. 2d at 118 ("Although the plaintiffs base their claim for damages on the [negligent] failure to warn theory, the damages allegedly sustained by the plaintiffs resulted from flooding.") (holding that negligence claims were barred by § 5624 because the damages sustained were necessary consequences of "the design and construction" of a dam and spillway).

[18] Pls.' Resp. at 4 (original emphasis).

[19] *See* 509 So. 2d at 641-42 (cited in Pls.' Resp. at 4).

[20] *See* Op. Mem. at 4 n.10 (citing cases).

5

NO NMS 131487 v1
2902907-000001

be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in their Opening Memorandum, the Dredging Defendants respectfully request that the Court dismiss all claims against the Bean Defendants as barred by La. R.S. 9:5624, and award any further relief that the Court deems just and proper.

Respectfully submitted,

/s/Terrence L. Brennan.
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)

of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com

Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

NO NMS 131487 v1
2902907-000001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

4) ajrebennack@cox.net, Stephanie@rcaluda.com

/s/ Terrence L. Brennan

_____