UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

REPLY IN FURTHER SUPPORT OF THE
DREDGING DEFENDANTS' MOTION TO DISMISS PURSUANT TO
THE SUITS IN ADMIRALTY ACT AND FED. R. CIV. P. 12(c)[1]

Pursuant to 46 U.S.C. app. § 745, all claims against the Dredging Defendants must be dismissed because, "where a remedy is provided by [the Suits in Admiralty Act ("SAA")] it shall

---

[1] This Reply is filed on the merits on behalf of Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; and Bean Horizon L.L.C. *In addition*, subject to the Court's ruling on the Limitation Dredgers' Motion for Leave to File Reply Briefs as *Amicus Curiae*, this Reply is tendered on behalf Great Lakes Dredging & Dock Company, Mike Hooks, Inc., T.L. James and Company, Inc., Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C., a Partner therein, Luhr Bros, Inc., King Fisher Marine Services, LP, Weeks Marine and Pine Bluff Sand and Gravel Company, because the filing of their Limitation petitions stayed all other lawsuits by operation of law. *See* 46 U.S.C. App. § 185; Fed. R. Civ. P., Supp. Admiralty Rule F(3). This brief will refer to the Bean entities, plus the proposed *amici* as the "Dredging Defendants." Defendant Manson Construction Company is not a party to this filing.

1

NO NMS 131488 v1
2902907-000001

hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States . . . whose act or omission gave rise to the claim."[2]

Plaintiffs allege that the Government is responsible for the Dredging Defendants' activities in the MRGO, and they allege that the SAA provides them with a remedy against the Government for those activities.[3] Nonetheless, Plaintiffs oppose dismissing the Dredging Defendants from these cases, arguing that dismissal would be premature without discovery and without a ruling on the Government's motion to dismiss.[4] Plaintiffs are mistaken. There is no factual dispute requiring discovery because Plaintiffs' own allegations establish that the Dredging Defendants acted within the scope of a Section 745 agency.[5] Nor is there any reason to delay dismissal pending the outcome of the Government's motion—the Dredging Defendants' rights under Section 745 are not contingent on Plaintiffs properly managing their litigation against the Government. Section 745 requires dismissing Plaintiffs' claims.

## ARGUMENT

I.  **Plaintiffs' Allegations Establish that the Dredging Defendants Are "Agents" of the Government Under Section 745.**

Only one inference can be drawn from the Plaintiffs' Complaints: the Dredging Defendants acted subject to the Government's "overall control and direction" to accomplish

---

[2] If the Court determines that Plaintiffs' claims are barred by any of the several immunities raised in the Dredging Defendants' Immunity Motion (Doc. No. 1160), then it would not be necessary to resolve this claim for dismissal pursuant to the SAA exclusivity provision. *See* Op. Mem. at 2-3.

[3] *See* Compl. ¶¶ 4, 13, 14; *see also* Pls.' Resp. at 12 (arguing that the Government is responsible for the Dredging Defendants' activities and that the SAA provides a remedy against the Government); Op. Mem. at 3-9 (explaining why, if the Plaintiffs have any remedy on the facts alleged, then they have a remedy against the Government under the SAA).

[4] *See* Pls.' Resp. at 8-9, 12.

[5] *See* Op. Mem. at 9-10; Compl. ¶¶ 4, 13-17.

2

tasks undertaken on the Government's behalf.[6] This is all that Section 745 requires.[7] Plaintiffs assert that there is no evidence in the record or allegations in their Complaints to establish the Government's control over the Dredging Defendants' activities,[8] but in fact, Plaintiffs themselves expressly attribute the Dredging Defendants' activities in the MRGO to the Government. In addition to the concessions in their Response,[9] Plaintiffs' Complaints include the following allegations:

> "*the negligence of the United States of America arises out of its maritime activities . . . carried out* by the United States of America's own fleet of dredging vessels and *by fleets of dredging vessels owned by the other Defendants*, pursuant to maritime dredging contracts between them";[10]
>
> "*the Corps of Engineers*, using its own fleet of dredge vessels and *through maritime dredging contracts with the other Defendants*, continuously dredge the soil from the bottom of the channel";[11]
>
> "the Corps of Engineers *and its subcontractors (the other Defendants)* do advance maintenance dredging to the channel to a depth of 41 feet";[12]
>
> "The Corps of Engineers does not mitigate or compensate for the damage it causes to the wetlands. Each year, the United States of America pays the other Defendants, pursuant to maritime dredging contracts, about $22 million to dredge the bottom of the MRGO channel . . . ."[13]

---

[6]  *See* Compl. ¶¶ 4, 13, 14 (quoted below).

[7]  *Favorite v. Marine Personnel & Provisioning, Inc.*, 955 F.2d 382, 388 (5th Cir. 1992) (cited in Pls.' Resp. at 9-10); *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997-98 (9th Cir. 1997) (same).

[8]  Pls.' Resp. at 8-11.

[9]  *See* Pls.' Resp. at 12 ("Plaintiffs agree with the Dredging Defendants' argument that Plaintiffs' claims against the Government fall within the Court's admiralty jurisdiction . . . . Plaintiffs also agree with the Dredging Defendants' contention that the SAA allows Plaintiffs to assert admiralty claims against the Government for the damages they have suffered.").

[10]  Compl. ¶ 4 (emphasis added).

[11]  *Id.* ¶ 13 (emphasis added).

[12]  *Id.* ¶ 14 (emphasis added).

[13]  *Id.*

3

These admissions firmly establish that the Dredging Defendants' MRGO activities were undertaken on the Government's behalf, that those activities were subject to the Government's control, and that the party potentially liable for those activities is the United States. Put another way, it is impossible to infer from Plaintiffs' allegations that the Dredging Defendants were *not* subject to the Government's "overall control and direction" in carrying out their contractual obligations in the MRGO. Plaintiffs have pleaded themselves out of court and no discovery would remedy that deficiency.[14]

Plaintiffs' opposition to the Government's motion to dismiss further demonstrates that discovery would not resolve this issue. Arguing that their claims against the United States should not be dismissed for failure to comply with the Admiralty Extension Act, Plaintiffs explain that the Government is responsible "for damage resulting from the dredging performed under the maritime dredging contracts between the Government and the Dredging Defendants. *Pursuant to those contracts, the Dredging Defendants dredged the MRGO at the Government's request.*"[15]

In light of these admissions, Plaintiffs cannot be heard to assert that the relationship between the Dredging Defendants and the Government is a question of fact. It is not. The parties agree about the law, they agree that the Dredging Defendants were the Government's

---

[14] *See Morales v. Dept. of the Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them. [The defendant] may not now argue contrary to the factual allegations of his complaint.") (internal citations and quotation marks omitted); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("Allegations in a complaint are binding admissions, . . . and admissions can of course admit the admitter to the exit from the federal courthouse.") (citing *Morales*); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail.").

[15] Pls.' Opp. to Gov't Mot. to Dismiss at 9 (emphasis added); *see also id.* at 10-11 (arguing that the Extension Act requirements do not apply to claims against the Government for damage done by the vessels owned or operated by the Dredging Defendants).

4

"subcontractors," that the Government performed maintenance in the MRGO "through maritime dredging contracts with the other Defendants," and that if anyone is subject to suit for damages allegedly done by the Dredging Defendants' vessels, it is the United States.[16] The Dredging Defendants undertook to dredge the MRGO on the Government's behalf, and they acted subject to the Government's "overall control and direction." All claims should be dismissed.

## II. Plaintiffs' Missteps in Suing the Government Are Irrelevant to the Dredging Defendants' Rights Under Section 745.

Any missteps Plaintiffs made in suing the United States cannot impair the statutory rights of the Dredging Defendants to dismissal under Section 745. Plaintiffs allege that they have a remedy against the Government for damages connected to the Dredging Defendants' activities in the MRGO.[17] They argue, however, that the Dredging Defendants may not raise a Section 745 defense unless and until this Court denies the Government's motion to dismiss.[18] Plaintiffs do not cite any authority to support their argument. In fact, regardless of how the Court rules on the Government's motion, the Dredging Defendants are entitled to dismissal. For purposes of Section 745 and the Dredging Defendants' motion, the issue is whether Plaintiffs *had* a remedy against the Government on the facts alleged; it does not matter whether they pursue that remedy properly, improperly, or not at all.[19] All claims should be dismissed.

---

[16]   *See* Compl. ¶¶ 4, 13, 14; Resp. at 12; Op. Mem. at 3-9.

[17]   Pls.' Resp. at 12.

[18]   *Id.* at 11-12.

[19]   *See Favorite*, 955 F.2d at 388-89 (dismissing claims against agent under § 745 even though suit against the United States had been dismissed on statute of limitations grounds); *Watts v. Pinckney*, 752 F.2d 406, 408 (9th Cir. 1985) (vacating judgment against agent as void for lack of jurisdiction based on § 745 even though suit against United States was dismissed for failure to comply with "forthwith service" requirement in 46 U.S.C. app. § 742); *Farnsworth v. Sea-Land Serv., Inc.*, No. 87-5954, 1989 WL 20544, at *2-3 (E.D. La. Mar. 7, 1989), *aff'd* 896 F.2d 552 (5th Cir. 1990) (table) (dismissing claims against agent under § 745 even though suit against the United States had been dismissed for failure to comply with Fed. R. Civ. P. 4).

5

## CONCLUSION

For the foregoing reasons, and the reasons set forth in their Opening Memorandum, the Dredging Defendants respectfully request that the Court dismiss all claims against the Bean Defendants as barred by 46 U.S.C. app. § 745, and award any further relief that the Court deems just and proper.

Respectfully submitted,

/s/Terrence L. Brennan
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
   of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com

Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

6

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

4) ajrebennack@cox.net, Stephanie@rcaluda.com

/s/ Terrence L. Brennan