UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § | CIVIL ACTION No. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO:  MRGO, *Reed*, No. 06-2152           MRGO, *Ackerson*, No. 06-4066 | § § § | |

### REPLY IN FURTHER SUPPORT OF THE DREDGING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONCEALMENT AND IMPLIED WARRANTY CLAIMS PURSUANT TO FED. R. CIV. P. 12(c) AND 9(b)[1]

Plaintiffs offer no meaningful response to the Dredging Defendants' arguments that the Complaints fail to state a claim for "concealment" or for breach of implied warranty. In their

---

[1] This Reply is filed on the merits on behalf of Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; and Bean Horizon L.L.C. *In addition*, subject to the Court's ruling on the Limitation Dredgers' Motion for Leave to File Reply Briefs as *Amicus Curiae*, this Reply is tendered on behalf of Great Lakes Dredging & Dock Company, Mike Hooks, Inc., T.L. James and Company, Inc., Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C., a Partner therein, Luhr Bros, Inc., King Fisher Marine Services, LP, Weeks Marine and Pine Bluff Sand and Gravel Company, because the filing of their Limitation petitions stayed all other lawsuits by operation of law. *See* 46 U.S.C. App. § 185; Fed. R. Civ. P., Supp. Admiralty Rule F(3). This brief will refer to the Bean entities, plus the proposed *amici* as the "Dredging Defendants." Defendant Manson Construction Company is not a party to this filing.

two-paragraph argument, Plaintiffs assert little more than that such causes of action do exist.[2] Even if that were true—and for the proposed "negligent concealment" claim, it is not— Plaintiffs still must *plead* their claims. They have not done so. Both claims should be dismissed.

## ARGUMENT

**I.     Plaintiffs Have Failed To State a Claim for "Concealment."**

Plaintiffs' "concealment" claim has three fatal flaws, each of which warrants dismissal. First, this claim cannot succeed because *Plaintiffs' own allegations establish that nothing was concealed.*[3] Plaintiffs did not respond to this dispositive point.

Second, neither Louisiana law nor maritime law recognizes the tort of "negligent concealment" that Plaintiffs propose, and Plaintiffs concede that they have not stated a claim for *fraudulent* concealment.[4] Plaintiffs may not make up causes of action, nor may they pursue a novel application of existing law without giving the Defendants at least some notice of what they have in mind.

Third, the Complaints provide no basis for inferring that the Dredging Defendants owed Plaintiffs a duty to disclose. "If a misrepresentation claim is based on a failure to disclose, even fraudulent intent is insufficient to confer liability in the absence of a duty to disclose."[5] This

---

[2] Pls.' Resp. at 2-3.

[3] *See* Op. Mem. at 4-5; Compl. ¶¶ 7, 9 (alleging pre-excavation concerns with the MRGO's environmental effects, a "growing perception that the project had dramatically increased the region's vulnerability to hurricanes and tropical storms," and that by the 1990s the MRGO was "widely characterized as an environmental disaster"), ¶ 19 (discussing Hurricanes Betsy and George), ¶ 22 (alleging that the MRGO was a "critical and fundamental flaw" in New Orleans flood protection, as documented in the pre-Katrina assessment of a "storm surge expert").

[4] *See* Pls.' Resp. at 2 ("Plaintiffs have not alleged 'fraudulent concealment' . . . . This is a claim of negligent concealment.") (emphasis omitted). A Westlaw search in all Louisiana cases (state and federal) for "negligent concealment" turns up two cases, both of which involve hiding witnesses.

[5] *Dorsey v. Northern Life Ins. Co.*, No. 04-0342, 2005 WL 2036738, *18 (E.D. La. Aug. 15, 2005) (internal quotation marks and ellipses omitted).

2

disclosure obligation does not arise unless there is a fiduciary or other confidential relationship between the parties.[6] The Complaints do not provide any basis for an inference that the Dredging Defendants had such a relationship with the Plaintiffs,[7] and Plaintiffs do not argue otherwise.

Because Plaintiffs' allegations establish that nothing was concealed, because "negligent concealment" is not a cause of action under Louisiana or maritime law, and because Plaintiffs have not provided in their Complaints (or even in their Response) any basis for inferring that the Dredging Defendants owed Plaintiffs a duty to speak, Plaintiffs' "concealment" claims should be dismissed.

## II.  Plaintiffs Have Failed To State a Claim for Breach of an Implied Warranty.

Plaintiffs' Response fails to provide any meaningful defense of their implied warranty claim. Plaintiffs point out, correctly, that Louisiana law recognizes that contracts may be made for the benefit of third parties.[8] But the question presented here is whether there is any basis in the Complaints for inferring that *these* contracts between the Dredging Defendants and the U.S. Army Corps of Engineers are contracts *pour autrui*. There is not. Plaintiffs do not claim to be intended beneficiaries of these contracts, nor could they,[9] and the "court is not required to conjure up unpled allegations . . . to save a complaint."[10] This is not a question of fact as Plaintiffs contend;[11] it is a failure to state a claim.[12]

---

[6]  *See* Op. Br. at 6 (citing cases).

[7]  *See id.*

[8]  Pls.' Resp. at 3.

[9]  *See* Op. Br. at 8.

[10]  *Rios v. Del. Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

[11]  Pls.' Resp. at 3.

NO NMS 131489 v1
2902907-000001

In addition, government contracts are presumed *not* to be contracts *pour autrui*.[13] Not surprisingly, Plaintiffs do not claim that this is the exceptional case involving a government contract that gives a third-party a right to compensation, and thus a right to bring suit for breach of contract.[14] As such, even if the proposed warranty existed in the Dredging Defendants' contracts, and even if it was breached, as a matter of law, Plaintiffs still would not have standing to complain.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in their Opening Memorandum, the Dredging Defendants respectfully request that the Court dismiss the concealment and implied warranty claims against the Bean Defendants and award any further relief that the Court deems just and proper.

---

[12]     Plaintiffs complain that the Dredging Defendants improperly cite "non-maritime law from other jurisdictions." Pls.' Resp. at 3. This is not true. It is entirely reasonable for the Dredging Defendants to rely on federal cases interpreting government contracts and the Restatement (Second) of Contracts, in addition to a pair of admiralty cases originating in the Eastern District of Louisiana, including *Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457 (5th Cir. 1985). *See* Op. Mem. at 8-9. Further, Plaintiffs do not disagree with any of the legal principles on which the Dredging Defendants rely. *Compare* Pls.' Resp. at 3 (Louisiana law recognizes that third-party beneficiaries may sue to enforce contracts *pour autrui*), *with* Op. Mem. at 8 (under maritime law and the Restatement, third-parties may bring suit on a contract if they are intended beneficiaries, but not if they are incidental beneficiaries).

[13]     *See* Op. Mem. at 8-9 (citing *Montana v. United States*, 124 F.3d 1269, 1273 n.6 (Fed. Cir. 1997); *Kremen v. Cohen*, 337 F.3d 1024, 1029 (9th Cir. 2003)).

[14]     *See id.*

4

Respectfully submitted,

/s/Terrence L. Brennan .
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
  of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com

Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

6

NO NMS 131489 v1
2902907-000001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

4) A.J. Rebennack ajrebennack@cox.net, Stephanie@rcaluda.com

/s/ Terrence L. Brennan