UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON<br>§ |
| PERTAINS TO: MRGO, *Reed*, No. 06-2152<br>MRGO, *Ackerson*, No. 06-4066 | §<br>§<br>§<br>§ |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FOR CAUSE OF ACTION

Plaintiffs do not oppose the dredging defendants[1] motion to dismiss the Fourth Cause of

---

[1] This Reply is filed on the merits on behalf of Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; and Bean Horizon L.L.C. In addition, subject to the Court's ruling on the Limitation Dredgers' Motion for Leave to File Reply Briefs as Amicus Curiae, this Reply is tendered on behalf of Great Lakes Dredging & Dock Company, Mike Hooks, Inc., T.L. James and Company, Inc., Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C., a Partner therein, Luhr Bros, Inc., King Fisher Marine Services, LP, Weeks Marine and Pine Bluff Sand and Gravel Company, because the filing of their Limitation petitions stayed all other lawsuits by operation of law. See 46 U.S.C. App. § 185; Fed. R. Civ. P., Supp. Admiralty Rule F(3).

Action stating claims under the Clean Water Act, but they request that the dismissal be without prejudice. Plaintiffs attempt to delay the finality of this issue is not supported by facts or law. On the contrary, defendants set forth multiple reasons supported by law why these claims should be dismissed with prejudice. There is no valid reason to delay a dismissal with prejudice.

Plaintiffs only argument is that they may, at some time in the future, comply with the mandatory 60 day notice provision in the Act so the dismissal should be without prejudice. What they fail to acknowledge or even discuss is the undeniable fact that they will never be able to comply with this requirement because there is no on-going violation. The purpose of the notice provision is to allow the polluter time to correct the polluting activity before a lawsuit is filed. Since the dredging activity which forms the basis of plaintiffs claims ended long before suit was filed, there is no activity allegedly in violation of an effluent limitation to enjoin. As this Court has already held in another case arising from Hurricane Katrina, the " Clean Water Act addresses only on-going pollution concerns, not the results of catastrophic flooding." [2]

Additionally, plaintiffs opposition memorandum completely ignores the dredging defendants other independent reasons why these claims should be dismissed with prejudice. The law is clear that the Clean Water Act does not provide for a private right of action for damage to individual property.[3] The law is equally clear that the Clean Water Act does not provide a basis for a citizen suit for environmental damage.[4]

Plaintiffs do not and cannot challenge these reasons for a dismissal with prejudice, as the

---

[2]  *O'Dwyer, et al. v. United States of America*, No. 05-4181 (E.D. La., July 19, 2006).

[3]  See, *Middlesex County Sewerage Auth. V. Nat'l Sea Clammers Ass'n*, 453 U. S. 1, 11 (1981), and *EPA v. California ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 206 (1976).

[4]  See Hamker v. Diamond Shamrock Chemical Co., 756 F.2d 392, 397 (5th Cir. 1985).

law does not permit the relief sought by the plaintiffs in their Fourth Cause of Action. Accordingly, the dredging defendants are entitled to and the Court should enter a dismissal with prejudice.

>Respectfully submitted,
>
>/s/ Terrence L. Brennan
>William E. Wright, Jr. (Bar Roll No.8564)
>Terrence L. Brennan (Bar Roll No. 3434)
>of
>Deutsch, Kerrigan & Stiles, L.L.P.
>755 Magazine Street
>New Orleans, Louisiana 70130
>Telephone: (504) 581-5141
>Facsimile: (504) 566-1201
>wwright@dkslaw.com
>tbrennan@dkslaw.com
>
>Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

NO NMS 131518 v1
2902907-000001

law does not permit the relief sought by the plaintiffs in their Fourth Cause of Action. Accordingly, the dredging defendants are entitled to and the Court should enter a dismissal with prejudice.

Respectfully submitted,

/s/ Terrence L. Brennan
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com

Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

NO NMS 131518 v1
2902907-000001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

4) A.J. Rebennack ajrebennack@cox.net, Stephanie@rcaluda.com

/s/ Terrence L. Brennan