# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES ) | |
| CONSOLIDATED LITIGATION, ) | CIVIL ACTION |
| ) | |
| ) | NO. 05-4182 "K" (2) |
| ) | |
| Pertains to:  MRGO, *Reed* (06-2152) ) | JUDGE DUVAL |
| ) | MAG. WILKINSON |
| ) | |

### DEFENDANT UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Comes now Defendant United States and respectfully submits its reply to Plaintiff's Opposition to the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### I.  Plaintiff's Tort Claims Do Not Give Rise To Admiralty Jurisdiction.

Plaintiff describes his tort claims against the government as principally arising from the maintenance of the MRGO which, admittedly, was done by dredges owned by or under contract with the United States. These allegations are set out in an effort to bring his action within the admiralty jurisdiction of the Court, even though his action truly complains about

1

the design and construction of the MRGO, with its maintenance but a footnote.  In fact, Mr. Reed's claims are essentially the same as those asserted by the *Parfait* claimants in *In Re Ingram Barge*, 435 F. Supp. 2d 524 (E.D. La. 2006), in which the Court found no admiralty jurisdiction over claims for "negligent design, construction, and maintenance of the MRGO and the levee and floodwall systems along the MRGO, GICW, and Industrial Canal." *Id.* at 525.  The *Ingram Barge* Court found the plaintiffs had failed to show a "substantial relationship to traditional maritime activity" for such claims.  *Id.* at 528, *citing Grubart, Inc. v. Great Lakes Dredge and Dock*, 513 U.S. 527, 534, 115 S. Ct. 1043 (1995).

   The claimants in *Ingram Barge* made the same argument now made by Mr. Reed, that the participation of vessels in the maintenance of the MRGO suffices for admiralty jurisdiction.  As stated by counsel for the claimants at the hearing in *Ingram Barge* :

> Mr. O'Dwyer (for claimants):  But what you have to focus on and what I urge Mr. Bloch to focus on in assisting you with reaching the correct decision in this case is the Amended Pleadings, the Seventh Amended Complaint and its relationship to the new suit filed six months and one day after what I maintain was the functional equivalent of an administrative claim.  Namely, 06-1885.  And focus solely on one word, dredging.  I challenge the government, I challenge any intelligent person in this room to seriously argue that dredging is not a maritime activity.
>
> What the United States did or failed to do was to properly design, construct, operate and maintain a navigable waterway system.
>
> The Court:  You're talking about the MRGO?
>
> A.     Yes, ma'am, I am.  Do you know what they call the dredging of MRGO?  They don't just call it dredging, they call it quote maintenance dredging.  That is how the government maintains navigable waters such as MRGO, by letting private

2

> contracts for quote maintenance dredging and ordering United States government owned dredges to conduct maintenance dredging.
>
> The Court: I think your allegation isn't that the dredging caused the damage. Your allegation is that they failed to keep the confines of the waterway, which is a different aspect of the responsibilities than dredging. In fact, if anything, dredging, if it deepens the waterway arguably makes it less likely to flood.
>
> * * *
>
> Mr. O'Dwyer: And one other point while I have it on my mind, it was not only negligent dredging by the United States or maybe even willful intentional dredging that we're complaining about, but it's also the fact that the navigable waterway system, including particularly the MRGO, contributed to the deterioration and erosion of the marshland that formerly served as a buffer. So I focused on dredging in the first part of my argument. In that part of my argument, I am now saying that there is an additional reason to find that I have properly asserted a maritime cause of action which not only involved dredging but involved the negligent design, construction, inspection and maintenance of an entire waterway system which allowed the deterioration and erosion of our marshland.

Hearing Transcript at 6-10, May 17, 2006, *In Re Ingram Barge*, Civ. No. 05-4419/4237 (E.D. La.) (Dkt. No. 221).

As in *Ingram Barge*, the mere fact that Plaintiff has alleged not just that the government was negligent in the design, construction and maintenance of the MRGO, but that vessels were used for some of these activities, does not change the basic nature of the cause of action. Accordingly, Plaintiff's claim against the United States must rely on the waiver of sovereign immunity found in the Federal Tort Claims Act and he has failed to exhaust its administrative remedies by filing a claim.

## II. Even If Admiralty Jurisdiction Were Present Plaintiff Has Failed to Exhaust the Administrative Remedy Required by the AEA.

Plaintiff argues that he has alleged his tort claims against the United States in such a manner that he need not comply with the administrative claim requirement of the Admiralty Extension Act ("AEA"), 46 U.S.C. app. § 740. Plaintiff asserts he has "invoked jurisdiction under the PVA for their claims against the Government arising out of its operation of and damage caused by the Dredge Wheeler . . . ." He similarly states he has "invoked jurisdiction under the Suits in Admiralty Act . . . for all other claims against the Government." (Opp. Br. pp. 8-10.) Conversely Plaintiff states "the Government's Motion is premature because Plaintiffs have not yet invoked jurisdiction under the AEA." (Opp. Br. p. 10.)

Plaintiff misunderstands the PVA and SAA. They cannot provide a basis of jurisdiction by themselves, nor do they provide a cause of action against the United States, "they merely waive sovereign immunity for claims over which there is admiralty jurisdiction." Thomas J. Schoenbaum, *Admiralty and Maritime Law*, § 20-1 (2001), citing *Trautman v. Buck Steber, Inc.*, 693 F.2d 440, 443-444 (5th Cir. 1982). As a result, Plaintiff must allege admiralty jurisdiction *and* the appropriate waiver of sovereign immunity for the Court to have jurisdiction. The only way there can be admiralty jurisdiction over the damage to Mr. Reed's property ashore is pursuant to the AEA, regardless of whether the Act is mentioned in the Complaint. *See In Re Ingram Barge*, 435 F. Supp. 2d at 527 (admiralty

4

jurisdiction requires the injury to occur on navigable waters or, under the AEA, may be injury ashore caused by a vessel on navigable waters).

Plaintiff next argues that even if he is subject to the AEA's administrative claim requirement, it would be only for the injury allegedly caused by the Dredge Wheeler, because that vessel was the only one owned or operated by the United States, and the AEA requires claims be presented to the federal agency "owning or operating the vessel causing injury or damage." 46 U.S.C. app. § 740. Plaintiff maintains he would not have to file such a claim for the alleged injury caused by the private dredges. However, unless he alleges the private vessels were, at minimum, being operated on behalf of a government agency, he will be without a claim of maritime tort against the government. *Trautman*, 693 F.2d at 445 (Liability under SAA for another's operation of a vessel requires sufficient governmental operational control). In essence, if Plaintiff denies the government was substantially in control of the private dredges during the maintenance dredging, and thus no AEA claim need be filed, he is conceding that the negligence of the private dredges, if any, cannot be imputed to the United States. The AEA's claim filing requirement makes clear Congress did not anticipate the Act's application to claims against those who do not own or operate the offending vessel. Accordingly, if Plaintiff wishes to pursue an admiralty action against the United States a preceding administrative claim is mandatory.

### III.   Conclusion

For the foregoing reasons Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

Dated:  December 4, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JIM LETTEN
United States Attorney


s/ Stephen G. Flynn
STEPHEN G. FLYNN (La. Bar No. 01365)
Assistant Director for Admiralty
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, D.C.  20044-4271
Telephone:  (202) 616-4043
Facsimile:   (202) 616-4002

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2006 the foregoing Defendant United States' Reply Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction was served electronically on all counsel of record.

                                              s/ Stephen G. Flynn
                                              STEPHEN G. FLYNN