UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § § § § § § § § § § | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K"<br>JUDGE STANWOOD R. DUVAL, JR.<br><br>MAG. DIV. 2<br>MAG. JOSEPH C. WILKINSON, JR. |
| PERTAINS TO:<br><br>MRGO (Reed, No. 06-2152);<br><br>MRGO (Ackerson, No. 06-4066) | | |

### *EX PARTE* MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE REPLY MEMORANDUM *AMICUS CURIAE*

NOW INTO COURT, through undersigned counsel, comes Limitation Petitioner, Manson Construction Co. ("Manson"), and respectfully requests that this Honorable Court grant it leave to file the attached Reply Memorandum *Amicus Curiae*, regarding the following pleadings:

1. Plaintiffs' Opposition to Manson's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(c) (Rec Doc. 1776, adopting Rec. Doc. No. 1783);

2. Plaintiffs' Opposition to Manson's Motion to Dismiss Plaintiffs' Fourth Cause of Action Pursuant to Fed. R. Civ. Proc. 12(c) (Rec Doc. 1776, adopting Rec. Doc. No. 1773);

3. Plaintiffs' Opposition to Manson's Motion to Dismiss Plaintiffs' Concealment and Implied Warranty Claims Pursuant to Fed. R. Civ. Proc. 12(c) and 9(b). (Rec Doc. 1776, adopting Rec. Doc. No. 1782); and

4. Plaintiffs' Opposition to Manson's Motion to Dismiss Pursuant to the Suits in Admiralty Act. (Rec Doc. 1776, adopting Rec. Doc. No. 1774).

Previously, Manson filed a Motion for Dismissal and/or Partial Dismissal (Rec. Doc. 1176), as to which all four of the foregoing Opposition Memoranda of Plaintiffs apply. Subsequently, Manson filed its Complaint for Exoneration from or Limitation of Liability, which has yet to be docketed by the Clerk. When Manson's Limitation Complaint was filed, all claims against Manson were stayed as a matter of law.

Similar to the pending requests made by other co-Limitation Dredgers, and out of an abundance of caution, Manson requests that it be granted leave to file the attached Reply Memorandum *Amicus Curiae,* in connection with the identical motions that may still proceed against certain Dredging Defendants that did not file limitation actions, namely Bean Dredging L.L.C. and related companies.

Further, similar to the pending request of other co-Limitation Dredgers, Manson likewise requests leave of Court to participate in oral argument as to the foregoing motions as *Amicus Curiae*, or otherwise as the Court deems appropriate, without prejudice to its limitation proceedings.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
George M. Gilly, T.A.(Bar #6234)
William J. Riviere (Bar #20593)
Evans Martin McLeod (Bar #24846)
Christian E. Daigle (Bar #29819)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR MANSON CONSTRUCTION CO.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by electronic transmission, facsimile and/or by placing same in the United States mail, properly addressed and first class postage prepaid on this 4th day of December, 2006.

_____