FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 30   A 11: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br>_____ * <br> * <br> LEVEE CASES * <br> * <br> PERTAINS TO: 06-7682 (PAUL) * <br> * | CIVIL ACTION <br><br> NO. 05-4182 "K"(2) <br><br><br> JUDGE DUVAL <br><br> MAG. WILKINSON |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF BNSF RAILWAY COMPANY'S MOTION FOR DISMISSAL UNDER RULE 12(B)(6)

This supplemental memorandum is submitted by the BNSF Railway Company, f/k/a the Burlington Northern and Santa Fe Railway Company ("BNSF") in support of its Motion to Dismiss pursuant to FRCP 12(b)(6), on the basis that plaintiffs have failed to state a claim on which relief can be granted. Even assuming the allegations in the Complaint were true, BNSF owed no duty to plaintiffs to protect against flooding. More importantly, plaintiffs' sole allegation against BNSF is simply false. Plaintiffs' sole allegation against BNSF relates to the ownership of the locomotive involved in the derailment, but both locomotives were owned by the New Orleans Public Belt, not the BNSF. Given the absence of any legitimate claim for relief or any factual predicate on which to base such a claim, dismissal of BNSF is warranted.

___ Fee_____
___ Process_____
X  Dktd_____
√  CtRmDep_____
___ Doc. No_____

## **ARGUMENT**

BNSF extensively outlined the legal insufficiency of plaintiffs' allegations in its original memorandum. In addition to the legal inadequacies of plaintiffs' claim, the purported <u>evidentiary</u> basis for the claim against BNSF-- ownership of the locomotive involved in the derailment-- is factually inaccurate. Where matters outside the pleadings are considered by the district court on a motion to dismiss, <u>Rule 12(b)</u> requires the court to treat the motion as one for summary judgment and to dispose of it as required by <u>Rule 56</u>. <u>Carter v. Stanton</u>, 405 U.S. 669, <u>671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972)</u>; <u>Jackson v. Procunier</u>, 789 F.2d 307, 310 (5th <u>Cir.1986)</u>. To the extent that the court determines any basis for a duty based on the alleged ownership of the locomotive involved in this matter, evidence can be considered on this issue in the context of the 12(b)(6) motion. *See Id.*

BNSF attaches the affidavit of Thomas Lobello, Jr., the Chief Operating Officer of the New Orleans Public Belt Railroad ("NOPB"). (Exhibit A, Affidavit of Thomas Lobello, Jr.). Mr. Lobello was the Chief Operating Officer for the NOPB, a co-defendant, at the time of the derailment that occurred on September 11, 2006, and he has specific knowledge of the facts and circumstances surrounding the event. (Exhibit A, Affidavit of Thomas Lobello, Jr., ¶ 2,3). The two locomotives on the train at the time of the derailment were the NOPB 2002 and NOPB 2003. (Exhibit A, Affidavit of Thomas Lobello, Jr., ¶ 3,4). Both of the locomotives were owned and operated by the NOPB. (Exhibit A, Affidavit of Tom Lobello, Jr., ¶ 3,4). Neither piece of equipment was owned or operated by the BNSF. (Exhibit A, Affidavit of Thomas Lobello, Jr., ¶3, 4). No BNSF locomotive and no BNSF crew was involved in the derailment.

Ownership of a locomotive is the sole basis for the claim asserted by the plaintiffs. As detailed in the BNSF original memorandum, there is no other basis set forth as a claim for relief

against the BNSF. Absent evidence of ownership, no basis for a claim as to BNSF exists and certainly none has been plead.

## CONCLUSION

Plaintiffs' allegations as to the BNSF are plainly incorrect, and moreover, even if true, would not give rise to a duty owed by the BNSF to plaintiffs in this context. The BNSF 12(b)(6) motion should therefore be granted, and the matter dismissed.

Respectfully submitted,

FRILOT, PARTRIDGE, L.C.

_____
PATRICK A. TALLEY, JR. (#1616)
CARL E. HELLMERS, III (#25705)
1100 Poydras Street, Suite 3600
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
**Counsel for BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railroad Company**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of November, 2006 served a copy of the foregoing on all counsel of record via facsimile and/or by the United States Postal Service properly addressed and postage prepaid.

_____