

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL | * | CIVIL ACTION NO. **06-6099** |
| VERSUS | * | DIVISION " S " |
| | | JUDGE MARY VIAL LEMMON |
| THE UNITED STATES OF | * | |
| AMERICA, ET AL | | MAGISTRATE ( 3 ) |
| | * | JUDGE DANIEL E. KNOWLES |

* * * * * * * * * * *

### ANSWER AND DEFENSES

**NOW INTO COURT,** through undersigned counsel comes defendant, Marlin N. Gusman, Criminal Sheriff of Orleans Parish, who answers petitioner's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

### THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

### FOURTH DEFENSE

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

Defendant categorically paragraph by paragraph alleges and avers as follows:

## I.

Defendant denies the allegations contained in Paragraph I of the complaint for lack of sufficient information upon which to justify a belief therein.

## II.

Defendant denies the allegations contained in Paragraph II of the complaint.

## III.

Defendant admits the allegations contained in Paragraph III of the complaint as it pertains to his status but denies all others contained therein.

## IV.

Defendant denies the allegations contained in Paragraph IV of the complaint.

## V.

Defendant denies the allegations contained in Paragraph V of the complaint for lack of sufficient information upon which to justify a belief therein.

## VI.

Defendant denies the allegations contained in Paragraph VI of the complaint for lack of sufficient information upon which to justify a belief therein.

## VII.

Defendant denies the allegations contained in Paragraph VII of the complaint for lack of sufficient information upon which to justify a belief therein.

## VIII.

Defendant denies the allegations contained in Paragraph VIII of the complaint.

IX.

Defendant denies the allegations contained in Paragraph IX of the complaint.

X.

Defendant denies the allegations contained in Paragraph X of the complaint.

XI.

No answer is required of this defendant to Paragraph XI, but out of an abundance of caution, same is hereby denied.

XII.

Defendant denies the allegations contained in Paragraph XII of the complaint for lack of sufficient information upon which to justify a belief therein.

XIII.

Defendant denies the allegations contained in Paragraph XIII of the complaint.

XIV.

Defendant denies the allegations contained in Paragraph XIV of the complaint.

XV.

Defendant denies the allegations contained in Paragraph XV of the complaint.

XVI.

Defendant denies the allegations contained in Paragraph XVI of the complaint for lack of sufficient information upon which to justify a belief therein.

XVII.

No answer is required of this defendant to Paragraph XVII, but out of an abundance of caution, same is hereby denied.

### XVIII.

Defendant denies the allegations contained in Paragraph XVIII of the complaint.

### XIX.

Defendant denies the allegations contained in Paragraph XIX of the complaint.

### XX.

Defendant denies the allegations contained in Paragraph XX of the complaint.

### XXI.

Defendant denies the allegations contained in Paragraph XXI of the complaint.

### XXII

Defendant denies the allegations contained in Paragraph XXII of the complaint.

### XXIII.

Defendant denies the allegations contained in Paragraph XXIII of the complaint for lack of sufficient information upon which to justify a belief therein.

### FIFTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the petitioner in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

### SIXTH DEFENSE

Defendant herein pleads that any action taken by him was done in good faith and with

probable cause, without malice and under laws believed to be constitutional.

## SEVENTH DEFENSE

That the petitioner by virtue of his own actions and conduct was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## EIGHTH DEFENSE

Defendant avers that at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

## NINTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of his official duties.

## TENTH DEFENSE

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

## ELEVENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, petitioner failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

## TWELFTH DEFENSE

Defendant herein pleads that to the extent that any acts or omissions of the defendant were

*Maureen O'Dwyer, et al v. The U.S.A., et al*
USDC-ED 06-6099, "S" (3)
Page -5-

probable cause, without malice and under laws believed to be constitutional.

## SEVENTH DEFENSE

That the petitioner by virtue of his own actions and conduct was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## EIGHTH DEFENSE

Defendant avers that at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

## NINTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of his official duties.

## TENTH DEFENSE

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

## ELEVENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, petitioner failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

## TWELFTH DEFENSE

Defendant herein pleads that to the extent that any acts or omissions of the defendant were

a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendant is immune from liability under La. R.S. 9:2798.1.

## THIRTEENTH DEFENSE

The defendants specifically allege that the plaintiffs have not met and cannot meet the prerequisites to a class action as outlined in F.R.C.P. 23(a).

## FOURTEENTH DEFENSE

The defendants specifically allege that this action is not maintainable as a class action under F.R.C.P. 23(b)(1), (2), or (3).

## FIFTEENTH DEFENSE

The defendant herein pleads that plaintiffs do not allege in their complaint that they meet the standards necessary for a class action lawsuit.

**WHEREFORE,** defendant prays that this answer be deemed good and sufficient and after due proceedings, there be judgment herein, dismissing petitioner's Complaint with prejudice, at his costs and for all other general and equitable relief.

Respectfully submitted,

USRY, WEEKS & MATTHEWS

By: _____
FREEMAN R. MATTHEWS, (LSBN 9050)
TIMOTHY R. RICHARDSON, (LSBN 27625)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
Attorneys for Defendant Marlin N. Gusman
UW&M No. 06-494-04-F-1-037

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 16th day of November, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same via United States Mail, properly addressed, and first class postage pre-paid.

H:\06-494.004\answer.wpd