**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **LUNDY ENTERPRISES, L.L.C. AND** | * | **CIVIL ACTION NO. 06-3509** |
| **M-LUND ENTERPRISES, L.L.C.** | * | |
| | * | |
| **VERSUS** | * | **JUDGE: LEMMON** |
| | * | |
| **WAUSAU UNDERWRITERS INSURANCE** | * | |
| **COMPANY, IMA OF KANSAS, INC. AND** | * | **MAGISTRATE: SHUSHAN** |
| **ABC INSURANCE COMPANY** | * | |

## INTERROGARORIES PROPOUNDED TO PLAINTIFFS

**TO:   LUNDY ENTERPRISES, L.L.C. and
         M-LUND ENTERPRISES, L.L.C.
         Through their counsel of record
         Peter B. Sloss, Esq.
         Murphy, Rogers, Sloss & Gambel
         One Shell Square, Suite 400
         701 Poydras Street
         New Orleans, LA 70139**

**NOW INTO COURT,** through undersigned counsel, comes defendant, IMA of Kansas, Inc. ("IMA"), who propounds the following Interrogatories to the plaintiffs, to be answered in accordance with Louisiana Code of Civil Procedure.

## DEFINITIONS

Unless the context of the Interrogatory indicates a contrary meaning, the following definitions shall be controlling:

1.   The term "document" or any variation of the word, shall mean the original and any copy, and shall include all written, printed, typed, and recorded or graphic material

however produced or reproduced, including, but without limitation thereto, all writings, drawings, graphs, telexes, photographs, phonographs, records, sound reproduction tapes, computer printouts, carbon copies, photo copies, and data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, and, including further, all correspondence, memoranda, data, notes, diaries, papers, letters, communications, e-mail messages, telegraphs, messages of any kind, minutes of meeting, stenographic or handwritten notes, studies, searches, estimates, reports, service records, personnel records, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate or business records, lawsuits, pleadings, charges, or returns, exhibits, maps, surveys, sketches, mircofilm, or any other tangible thing which constitutes or contains matters discoverable under the Code of Civil Procedure.

  2. The term "identify," or any variation of the word, shall mean to give the name, residential address, residential telephone number, business address, business telephone number, and business occupation and title of any person whose identify is sought, or to so fully described any non-person, such as a document, so as to enable defendant to subpoena said object for trial and to otherwise recognize that object.

  3. The term "address" shall mean, and your response shall include, the municipal number and street or highway, post office box number, apartment or office number, route and box numbers, city or town, state and zip code.

  4. "You", "your", and "yourself" refer to plaintiffs, Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C.

5.      The term "date(s)" means the exact day, month and year, if ascertainable, then the best approximation (including relationship and other happenings or events) with the indication that it is an approximation of said date.

6.      Lundy Enterprises, L.L.C. and M-Lund Enterprises, L.L.C. are referred to as "Lundy Enterprises" herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

To the extent that you contend that IMA failed to notify Lundy Enterprises of a "substantial reduction of coverage, and that a number of its franchise locations might be left uncovered for water damage, until the end of June 2005," as alleged in Paragraph 10 of the Petition for Damages, please state with specificity and particularity each and every fact upon which you base those contentions. Please state the name, address and telephone number of any individual who has information regarding the foregoing contentions.

**INTERROGATORY NO. 2:**

To the extent that you contend that Lundy Enterprises made diligent efforts to obtain coverage through the National Flood Insurance Program (NFIP), as alleged in Paragraph 11 of the Petition for Damages, please state with specificity and particularity each and every fact upon which you base that contention, including the name, address, telephone number of any individual who has information regarding any efforts by you to obtain coverage through NFIP. Please state:

a)      detailed description of the efforts made to obtain NFIP coverage;

b)      the date(s) of such effort;

3

    c)    by whom the effort(s) was made;

    d)    if the effort(s) was made through oral communications, please identify the full and complete content and form of each such effort(s); and

    e)    if written materials of any type were involved in the effort(s) to obtain coverage, describe the nature of such written materials and whether you still possess any of these materials.

**INTERROGATORY NO. 3:**

To the extent that you contend that IMA failed to adequately notify you of your need to obtain coverage through NFIP and that IMA provided late notification which left Lundy Enterprises unable to obtain flood insurance, as alleged in Paragraphs 11 and 24 of the Petition for Damages, please state with specificity and particularity each and every fact upon which you base those contentions. Please state:

    a)    when you were notified of the need to obtain coverage through NFIP;

    b)    a detailed description of such notification;

    c)    whether the notification was made orally, in writing or a combination of both;

    d)    a description of each person(s) making or providing notification, including name, address, telephone number and job title;

    e)    names, addresses, telephone numbers of any other persons who were present during any notification;

    f)    the date of such notification;

    g)    if written materials of any type were involved in the notification to you, describe the nature of such written materials and whether you still possess any of these materials; and

    h)    if the notification was made orally (in whole or in part), please identify the full and complete content and form of each notification and the person(s) who communicated each notification.

**INTERROGATORY NO. 4:**

Paragraph 11 of the Petition for Damages contends that "other factors" prevented Lundy Enterprises from securing the necessary NFIP coverage on or before 29 August 2005. Please state with specificity and particularity all of the "other factors" that precluded you from securing the necessary NFIP coverage on or before 29 August 2005.

**INTERROGATORY NO. 5:**

Paragraph 24 of the Petition for Damages contends that IMA is liable for failing to provide Lundy Enterprises with adequate notice that a number of Lundy Enterprises properties would be excluded from coverage for "flood" as defined in the Wausau Policy's Flood Coverage Endorsement. Regarding the foregoing contention, please state:

- a) when you were notified "that a number of their (Lundy Enterprises) properties would be excluded from coverage for 'flood,' as defined in the Wausau Policy's Flood Coverage Endorsement";
- b) a detailed description of such notification;
- c) whether the notification was made orally, in writing or a combination of both;
- d) a description of each person(s) making or providing notification, including name, address, telephone number and job title;
- e) names, addresses, telephone numbers of any other persons who were present during any notification;
- f) the date of such notification;
- g) if written materials of any type were involved in the notification to you, describe the nature of such written materials and whether you still possess any of these materials; and

      h)      if the notification was made orally (in whole or in part), please identify the full and complete content and form of each notification and the person(s) who communicated each notification.

### INTERROGATORY NO. 6:

Paragraph 25 of the Petition for Damages contends that IMA was "negligent and/or at fault for breaching its duty to exercise reasonable care in the performance of its professional obligations as an insurance broker." Please state the following upon which you base this contention:

    a)    the nature of the alleged breach of duty to exercise reasonable care;

    b)    the name, address, telephone number and job title of any person who allegedly breached the duty of reasonable care;

    c)    the substance, in detail, of the breach;

    d)    the name and address of each person present and/or has any knowledge of the alleged breach of reasonable care in the performance of IMA's professional obligations as an insurance broker; and

    e)    identify and list every document which supports your contention herein.

### INTERROGATORY NO. 7:

Please provide the following information upon which you base your contention in Paragraph 25 of the Petition for Damages that IMA breached its fiduciary duty to Lundy Enterprises:

    a)    the nature of the alleged breach of fiduciary duty;

    b)    the name, address, telephone number and job title of any person who allegedly breached a fiduciary duty;

    c)    the substance, in detail, of the alleged breach;

      d)      the name, address, telephone number of each person who has any knowledge of IMA's alleged breach of fiduciary duty; and

      e)      identify and list every document which supports your contention herein.

**<u>INTERROGATORY NO. 8</u>:**

Please provide the following information upon which you base your contention in Paragraph 25 of the Petition for Damages that IMA breached its duties of good faith and fair dealing:

      a)      the nature of the alleged breach of faith and fair dealing;

      b)      the name, address, telephone number and job title of any person who allegedly breached the duty of good faith and fair dealing;

      c)      the substance, in detail, of the alleged breach;

      d)      the name, address, telephone number and job title of each person who has any knowledge of IMA's alleged breach of the duty of good faith and fair dealing; and

      e)      identify and list every document which supports your contention herein.

**<u>INTERROGATORY NO. 9</u>:**

Please identify each person known or reasonably believed by you to be a witness to be called at the trial of this case, whether expert or not. For each, describe the expected subject matter of their testimony and specifically as to which defendant the testimony will relate.

**<u>INTERROGATORY NO. 10</u>:**

As to each individual whom you expect to call as an expert witness at the trial of this matter, please state his/her name and business address, his/her field or profession, the

subject matter on which he/she is expected to testify, the substance of the facts to which he/she is expected to testify, the substance of the opinions to which he/she is expected to testify, and a summary for the grounds of each opinion.

**INTERROGATORY NO. 11:**

Please list each and every exhibit you intend to use at trial or that you anticipate using at trial.

**INTERROGATORY NO. 12:**

Please itemize and list with specificity each item of damages you claim is owed by IMA to Lundy Enterprises, L.L.C. and/or M-Lund Enterprises, L.L.C. along with a detailed description of the damages sought and the amount of the damages sought.

      **Respectfully submitted,**

      **DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

      s/ Lawrence J. Duplass

      _____
      **LAWRENCE J. DUPLASS (#5199)**
      **NICOLE McDANIEL BOWEN (#29099)**
      **3838 N. Causeway Blvd., Suite 2900**
      **Metairie, Louisiana 70002**
      **Telephone: (504) 832-3700**
      **Facsimile:  (504) 837-3119**
      **Counsel for Defendant, IMA of Kansas, Inc.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, or by facsimile or electronic mail, this 8th day of September, 2006.

                       s/ Lawrence J. Duplass
          _____
                   **LAWRENCE J. DUPLASS**