UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br><br>PERTAINS TO:<br>No. 06-4389 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, GOTECH, Inc. (GOTECH), which respectfully responds to plaintiffs' "Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorney's Fees and Taxable Costs in a Class Action Lawsuit Filed Pursuant to the Federal Rules of Civil Procedure"(Complaint) and "First Supplemental and Amending Complaint in A Class Action Lawsuit" (Amended Complaint), as follows.

## ANSWER TO THE COMPLAINT

1.

The allegations of paragraph I of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph II of the Complaint are denied.

1

3.

For answer to paragraph III of the Complaint, GOTECH denies that it is a foreign corporation. GOTECH is a Louisiana Corporation authorized to do business in the state of Louisiana and is doing business in New Orleans, Louisiana. The remaining allegations of paragraph III of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph IV of the Complaint are denied.

5.

The allegations of paragraph V of the Complaint are denied.

6.

The allegations of paragraph VI of the Complaint are denied.

7.

The allegations of paragraph VII of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph VIII of the Complaint are denied.

9.

The allegations of paragraph IX of the Complaint are denied.

10.

The allegations of paragraph X of the Complaint are denied.

11.

The allegations of paragraph XI of the Complaint are denied for lack of sufficient information to justify a belief therein, except that GOTECH admits that Hurricane Katrina made landfall in Louisiana on August 29, 2005.

12.

The allegations of paragraph XII of the Complaint are denied. GOTECH performed all of its engineering services on the subject project in accordance with the standard of care exercised by other design professionals on similar projects in this area. GOTECH did not perform any work relating to the design, construction, operation, inspection and/or maintenance of any retaining walls or levees of the 17th Street Canal, the Industrial Canal, the Orleans Avenue Canal, the Gulf Intercoastal Waterway or the Mississippi Gulf Outlet. In 1993, GOTECH agreed to provide limited design services on the project known as the "London Avenue Canal Flood Wall Improvements Contract Three" as a sub-consultant to Burk-Kleinpeter, Inc. GOTECH completed its design and surveying work on this project by November, 1993, almost twelve years prior to Hurricane Katrina, and therefore, all of plaintiffs' claims against GOTECH are perempted.

13.

The allegations of paragraph XIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph XIV of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph XV of the Complaint are denied.

16.

The allegations of paragraph XVI of the Complaint are denied.

17.

The allegations of paragraph XVII of the Complaint are denied.

18.

The allegations of paragraph XVIII of the Complaint are denied.

19.

The allegations of paragraph XIX of the Complaint are denied.

20.

The allegations of paragraph XX of the Complaint do not require a response, however, to the extent that a response is deemed necessary, GOTECH denies the allegations of paragraph XX for lack of sufficient information to justify a belief therein.

## ANSWER TO AMENDED COMPLAINT

21.

The allegations of paragraph I of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph II of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

23.

For answer to paragraph III of the Amended Complaint, GOTECH reiterates and incorporates by reference all of its statement, defenses and answers to plaintiffs' Complaint and otherwise denies the allegations of paragraph III.

**AND NOW FURTHER ANSWERING;**

GOTECH respectfully represents as follows:

24.

First Defense

GOTECH performed all of its professional engineering services on the subject project in accordance with the standard of care exercised by other design professionals in this area on similar projects.

25.

Second Defense

The allegations of plaintiffs against GOTECH are prescribed and/or perempted.

26.

Third Defense

The damages claimed by plaintiffs were caused by the negligence, fault or breach of obligations on the part of others, for whom GOTECH is not responsible.

27.

Fourth Defense

The damages claimed by plaintiffs were caused in whole or in part by plaintiffs' own negligence and their recovery, if any, should be reduced by plaintiffs' percentage of fault.

28.

## Fifth Defense

GOTECH denies that it is solidarily liable with any of the other defendants.

29.

## Sixth Defense

The claims alleged in the Complaint arose from *force majeure*, acts of God and other causes beyond the control or responsibility of GOTECH.

30.

## Seventh Defense

This case should be transferred to avoid prejudice to GOTECH because the jurors of this District are potential members of the purported class.

31.

## Eighth Defense

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

32.

## Ninth Defense

GOTECH was not engaged by the United States Corps of Engineers or any other federal governmental body to provide engineering services, however, to the extent that others allege federal question jurisdiction based upon government contractor status, which GOTECH denies, GOTECH pleads, in the alternative, all defenses available to government contractors.

33.

Tenth Defense

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based is barred, discharged or injoined in bankruptcy.

34.

Eleventh Defense

GOTECH is entitled to a credit, set off and/or offset in the amount of any settlement that plaintiffs have reached, or should hereafter settle, for any of the alleged injuries and damages with any persons, whether the parties are non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs that are not subject to any collateral source doctrine and/or for the amount of the settling and/or paying parties allocated percentage of fault.

35.

GOTECH adopts and incorporates by reference any affirmative defense plead by any other defendant in these consolidated actions to the extent that such defense applies to GOTECH and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings. GOTECH reserves its right to amend its answer to assert any such defense.

**WHEREFORE,** GOTECH, Inc. prays that this Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs and for all other relief that justice and equity require.

By attorneys:

**LONG LAW FIRM, L.L.P.**


s/ Adrian G. Nadeau
**ALBERT DALE CLARY, T.A.**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana 70809
(225) 922-5110
ADC@longlaw.com
AGN@longlaw.com

## CERTIFICATE OF SERVICE

I do hearby certify that I have on this 4th day of December, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

s/Adrian G. Nadeau
**ADRIAN G. NADEAU**

By attorneys:

**LONG LAW FIRM, L.L.P.**


s/ Adrian G. Nadeau
**ALBERT DALE CLARY, T.A.**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana 70809
(225) 922-5110
ADC@longlaw.com
AGN@longlaw.com

## CERTIFICATE OF SERVICE

I do hearby certify that I have on this 4th day of December, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by electronically filing or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

s/Adrian G. Nadeau
**ADRIAN G. NADEAU**