UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 "K" (2)<br>CONS. KATRINA CANAL |
| | * | |
| PERTAINS TO INSURANCE GROUP: | | JUDGE STANWOOD DUVAL |
| | * | |
| *Chehardy, et al v. State Farm, et al: 06-1672*<br>*Chehardy, et al v. State Farm, et al: 06-1673*<br>*Chehardy, et al v. State Farm, et al: 06-1674* | * | MAGISTRATE JUDGE JOSEPH<br>WILKINSON |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# MEMORANDUM IN SUPPORT OF RULE 59(E) MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT BY DEFENDANT LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION

MAY IT PLEASE THE COURT:

Louisiana Citizens Property Insurance Corporation ("LCPIC") moves for reconsideration of this Court's dismissal of its Rule 12(B)(6) Motion to Dismiss and to alter or amend *Order and Reasons for Judgment*. One of the policies submitted by LCPIC in support of its motion to dismiss (dkt. no. 903) warrants alteration or amendment of the Court's judgment dismissing LCPIC's Rule 12(B)(6) Motion to Dismiss. The motion should

have been granted under the Court's reasoning with respect to LCPIC's Policy FZH 0331504-01 issued to Eldridge and Latesha Pollard.

LCPIC took too literally the Court's admonition not to "flood" the Court with briefing on the Rule 12(b)(6) motions to dismiss on the insurance policies issues that the insurer defendants were to file.  This coupled with the fact that LCPIC's motion was filed electronically and the policy exhibits were filed manually very likely caused the confusion about the language in LCPIC's other policy, the one issued to the Pollards (Exhibit A to dkt. no. 903, attachment #5).   LCPIC filed and submitted its policies, including the Pollard policy, with its motion and adopted the fine briefing of several of the insurers who have far greater market share and potential exposure to the plaintiffs on the issues addressed.

The terms of the Pollard policy, attached as Exhibit A to LCPIC's Motion, was not addressed by the Court in its *Order and Reasons for Judgment* dated November 27, 2006 (dkt. no. 1803).  The language of the Pollard policy's "water" exclusion differs from the ISO policies cited by the Court.  It is more closely aligned with language in policies the Court found to be clear and unambiguous.  The Pollards' provides, in pertinent part:

"**SECTION I - EXCLUSIONS**

**A.**      We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \* \* \*

**3.  Water Damage**

Water Damage means:

a.      **Flood,** surface water, waves, tidal water, overflow

> > of a body of water, or spray from any of these, whether or not driven by wind;
>
> b. Water or water-borne material which backs up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment; or
>
> c. Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure;
>
> caused by or resulting from <u>human</u> or animal <u>forces</u> or any act of nature."

\* \* \* \* \*

Exhibit A, form HO 00 03 10 00, pages 11 and 12 of 22 (emphasis added). A copy of these two pages are attached to this memorandum.

The Court dismissed the suits against State Farm because its flood exclusion contained the language:

> "We do not insure for such loss regardless of: (a) the cause of the excluded event"

The Court's *Order and Reasons for Judgment*, dkt. no. 1803, p. 73. The Court reasoned that "This provision clearly excludes flood damage 'no matter the cause' which clearly includes both natural and man-made 'causes'." *Ib*.

The Pollard policy is express and clear. By referencing both "**human . . . forces or any act of nature**", the Pollard policy "water" exclusion excludes flood damage, no matter the cause, whether "natural" or "man-made". Under the rationale expressed by this Court throughout its *Order and Reasons for Judgment*, LCPIC is entitled to reconsideration of the

Court's denial of that part of LCPIC's *Motion to Dismiss* concerning the policy issued to the Pollards, and to alter and amend the *Order and Reasons for Judgment* to reflect that the policy language contained in LCPIC Policy FZH 0331504-01 issued to the Pollards clearly and unambiguously excludes flood damage regardless of whether it is deemed "natural" or "man-made". That portion of LCPIC's *Motion to Dismiss* should have been granted.

It should go without saying that LCPIC believes even without this different language flood damage no matter how caused is excluded. That issue will be appealed. However, LCPIC believes the records should be as complete as possible.

## CONCLUSION

LCPIC prays that its *Rule 59 Motion for Reconsideration and To Alter and Amend Judgment* be granted, and that portion of its *Rule 12(b)(6) Motion to Dismiss* (dkt. no. 903) concerning the policy issued to Eldridge and Latesha Pollard, LCPIC policy FZH 0331504-01, be granted.

>Respectfully submitted,
>
>BIENVENU, FOSTER, RYAN & O'BANNON
>
>BY:   /s/ Gregory J. McDonald
>      JOHN W. WATERS, JR. T.A. (#13258)
>      DAVID E. WALLE (#13199)
>      GREGORY J. McDONALD (#1933)
>      1010 Common Street, Suite 2200
>      New Orleans, LA 70112-2401
>      Telephone:   (504) 310-1500
>      Fax:   (504) 310-1501
>      Email:      Jwaters@bfrob.com
>      Email:      Dwalle@bfrob.com
>      Email:      Gmcdonald@bfrob.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic filing, or facsimile transmission, hand delivery, or depositing same in the United States Mail, postage pre-paid December 5, 2006.

                               */s/ Gregory J. McDonald*