**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO:  ST. RITA and | § | |
| *Alfonso, 06-9641* | § | |
| *Anguzza, 06-9038* | § | |
| *Bell*, 06-9037 | § | |
| *Berthelot, 06-8810* | § | |
| *Conlon, 06-9321* | § | |
| *DePascual, 06-8982* | § | |
| *Dorand, 06-9191* | § | |
| *Gallodoro, 06-9206* | § | |
| *Gonzales, 06-8972* | § | |
| *Herzog, 06-8992* | § | |
| *Hubert, 06-8219* | § | |
| *Johnson, 06-7400* | § | |
| *Kenney, 06-7355* | § | |
| *Kramer, 06-7457* | § | |
| *Lewis, 06-8107* | § | |
| *Lott, 06-9236* | § | |
| *Montalbano, 06-8963* | § | |
| *Morales, 06-5962* | § | |
| *Poissenot, 06-7858* | § | |
| *Rodrigue, 06-6639* | § | |
| *Thedy, 06-8106* | § | |
| *Thomason, 06-9192* | § | |
| *Verges, 06-8731* | § | |
| _____ | § | |

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THIRD-PARTY DEMANDS

The United States of America has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the third-party demands filed against it by defendants Buffman Inc. d/b/a/ St. Rita's Nursing Home Facility, Mabel Mangano, and Salvador Mangano ("defendants" or "third-party plaintiffs"), owners of St. Rita's Nursing Home in St. Bernard Parish. The United States respectfully submits that oral argument is not necessary and that the motion to dismiss the United States from these actions can be decided on the briefs alone.

### BACKGROUND

Numerous plaintiffs filed civil actions against the defendants in the 34th Judicial District Court for the Parish of St. Bernard. The plaintiffs' complaints allege that the defendants negligently failed to protect residents of the St. Rita's Nursing Home Facility during Hurricane Katrina in August 2005.[1]  In 34 of those state court actions, the defendants filed identical third-party claims against the United States and other state and local officials and agencies seeking indemnity and contribution in the event that the defendants are held liable to the plaintiffs.[2]  The

---

[1] Each of the plaintiffs' complaints in the above-listed actions allege similar specific acts of negligence committed by the defendants. *See* Exhibit 1. (Exhibit 1 is a compilation of relevant pages from the plaintiffs' complaints showing that the plaintiffs have made allegations of active negligence against the defendants.)

[2] All 34 of these cases are currently pending in this Court before the Honorable Stanwood R. Duval, Jr.  However, at the time this motion was filed, all 34 cases had not yet been consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*.  The United States will file separate motions to dismiss in those cases that have not been consolidated.  The United States will not file motions to dismiss in *Alonzo* (06-8759), *Frischhertz* (06-8821), *Wagner* (06-8761), and *Cousins* (06-9193).  *Alonzo*, *Frischhertz*, and *Wagner* were mistakenly removed by the United States after the defendants already had voluntarily dismissed their third-party claims against the United States in those cases.  *See* the United States' Notice of No Opposition to

defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The United States removed the cases to federal court, citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[3]

The defendants' third-party demands should be dismissed because this Court lacks jurisdiction over them on removal.  When a case is removed pursuant to 28 U.S.C. § 1442, the district court acquires only the same subject matter jurisdiction that the state court could have exercised.  The FTCA provides that federal district courts have exclusive jurisdiction over claims brought pursuant to it.  28 U.S.C. § 1346(b)(1).  Thus, the state court in which the third-party demands were filed had no subject matter jurisdiction, and this Court obtained none on removal.  Additionally, the defendants' third-party demands against the United States fail to state valid claims.  Louisiana law provides no cause of action for indemnity by a party found liable because of actual fault.  If the defendants are liable to the plaintiffs, it would be for actual negligence or wrongdoing, and no cause of action for indemnity would lie.  The Louisiana legislature also has established a pure comparative fault system, thereby abolishing the cause of action for

_____

Plaintiffs' Motion to Remand filed in each of those cases.  In *Cousins*, the defendants filed a Voluntary Motion to Dismiss their third-party claims against the United States on November 1, 2006, after the case already had been properly removed to federal court.  Thus, it is no longer necessary for the United States to seek to dismiss the claims against it in *Cousins*.

[3]  The plaintiffs in several of the above-referenced actions (*Berthelot*, 06-8810; *Conlon*, 06-9321; *Johnson*, 06-7400; *Kramer*, 06-7457; *Lewis*, 06-8107; *Morales*; 06-5962; *Poissenot*, 06-7858; *Rodrigue*, 06-6639; *Thedy*, 06-8106; *Verges*, 06-9192;) have filed motions to remand the cases to state court.  These cases were properly removed pursuant to 28 U.S.C. § 1442, which allows the United States to remove a state civil action brought against it regardless of whether the federal court has original jurisdiction over the claims against the United States; however, if this Court determines that the United States should be dismissed as a party to these actions, it may, in its discretion, remand these case to state court.

contribution from another tortfeasor.  Similarly, Louisiana law provides no independent cause of action for apportionment of liability.  Because the third-party demands fail to state claims for which Louisiana law provides a cause of action, it is not possible for the United States to be liable to the defendants, and assertion of a third-party claim is not permitted by Federal Rule of Civil Procedure 14(a).

<u>ARGUMENT</u>

The United States moves to dismiss the defendants' third-party demands for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  A motion to dismiss for lack of subject matter jurisdiction challenges the power of the district court to hear a case and may be based on the allegations in the complaint alone, or, as here, in the third-party demands.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction bears the burden to prove its existence, and a motion to dismiss should be granted when "it appears certain that the [party] cannot prove any set of facts in support of his claim that would entitle [the party] to relief."  *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted requires the Court to accept the facts alleged in the third-party demands, draw all inferences in favor of the defendants, and assess the defendants' right to relief based on those allegations.  *McWaters v. FEMA*, 436 F. Supp. 2d 802, 811 (E.D. La. 2006).  The same standard applies to the Court's review of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim as to a motion pursuant to Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction.  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *McWaters*, 436 F. Supp. 2d at 811.

4

Here, even assuming the truth of the defendants' allegations of negligence, this Court is without jurisdiction to consider their claims because the Court obtains no subject matter jurisdiction over actions removed pursuant to 28 U.S.C. § 1442(a)(1) where the state court from which the actions were removed had no jurisdiction.  Likewise, even accepting the defendants' allegations of fact, the third-party demands fail to state legally cognizable claims against the United States under Louisiana law.  To the extent Louisiana law provides no cause of action, the United States has not waived its immunity under the FTCA.

I.      THIS COURT DERIVES ITS JURISDICTION FROM THE STATE COURT ON REMOVAL AND THEREFORE LACKS JURISDICTION OVER THE THIRD-PARTY DEMANDS AGAINST THE UNITED STATES.

Pursuant to 28 U.S.C. § 1442(a)(1), the United States, any federal agency, and any officer of the United States or of any federal agency may remove a state civil action or a state prosecution brought against them.  Section 1442(a)(1) reads as follows:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).[4]

---

[4]  Section 1442 was specifically amended in 1996 to allow both the United States and federal agencies to remove cases to federal court; prior thereto, only federal officers and persons acting under them could use this statute to remove cases.  *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991), *superseded by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850.

A federal court need not have original jurisdiction over a claim against a federal agency or officer for removal under § 1442 to be proper. "To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *IFMC Prof'l Servs. of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir. 1982). *See also State of Nebraska, Ex. Rel., Dept. of Social Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) ("A [party's] power to remove a case to federal court is independent to the federal court's power to hear it. . . . Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."). "[B]ecause removal under section 1442 rests upon 'far stronger considerations of policy' than removal under section 1441. . . courts have uniformly permitted third-party defendants to remove under Section 1442(a)(1)." *Moreland v. Van Buren GMC, et al.,* 93 F. Supp.2d. 346, 350 (E.D.N.Y. 1999) (*quoting Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960)). *See also IMFC Prof'l Servs. of Florida, Inc*., 676 F.2d at 155 (the fact that removing party is third-party defendant does not defeat removal under § 1442(a)(1)).[5]

Prior to 1985, "[i]n the area of general civil removals, it [was] well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242-43 n.17 (1981). In 1985, the general removal statute at Section 1441 was amended to eliminate derivative jurisdiction under

---

[5] The United States' Notices of Removal cited both 28 U.S.C. § 1441(a) and § 1442(a) as bases for removal. The citation to 28 U.S.C. § 1441(a) was an error; third-party defendants have no right to removal pursuant to § 1441(a). *See Caringal v. Karteria Shipping, Ltd.*, 108 F. Supp. 2d 651 (E.D. La. 2000) (Judge Berrigan) (applying the principle that third-party defendants may not remove claims from state court pursuant to 28 U.S.C. § 1441(a)).

that Section.  The 1985 amendment created Section 1441(e), which read:  "The court to which

such civil action is removed is not precluded from hearing and determining any claim in such

civil action because the State court from which such civil action is removed did not have

jurisdiction over that claim."  Pub. L. 99-336 § 3, 100 Stat. 633.  Section 1441 was amended

again in 2002.  Pub. L. 107-273 § 11020(b)(3), 116 Stat. 1758.  The 2002 amendment

redesignated Section 1441(e) as 1441(f) and amended the text, "replacing 'The court to which

such civil action is removed' with the words 'The court to which a civil action is removed *under*

*this section*.'"  *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005) (quoting Pub. L.

107-273 § 11020(b)(3)(A), 116 Stat. 1758, 1827) (emphasis in original).  Thus, the 2002

amendment created the version of Section 1441(f) that remains in effect today, which reads:

"The court to which a civil action is removed under this section is not precluded from hearing

and determining any claim in such civil action because the State court from which such civil

action was removed did not have jurisdiction over that claim."  28 U.S.C. § 1441(f).

    After the creation of Section 1441(e) in 1985 but before the 2002 amendment, some

courts considered Section 1441(e) to have abolished the doctrine of derivative jurisdiction for all

removals, not only for the removals pursuant to Section 1441.  *See, e.g., State of North Dakota v.*

*Fredericks*, 940 F.2d 333, 337 (8th Cir. 1991) ("[T]he policy of Congress underlying new

§ 1441(e) supports the complete abandonment of the derivative-jurisdiction theory, even though

the words of the statute clearly do not reach this far."); *Ewell v. Petro Processors of Louisiana,*

*Inc.*, 655 F. Supp. 933 (M.D. La. 1987) (assessing derivative jurisdiction prior to the 2002

amendment to 28 U.S.C. § 1441 and rejecting the government's argument that the district court

was without jurisdiction over the claim after removal from state court because the state court lacked jurisdiction).  Many courts, however, held that Section 1441(e) applied only to removals pursuant to that Section, continuing to applying the doctrine of derivative jurisdiction to removals pursuant to Section 1442.  *See, e.g., Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction."); *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court."); *Moreland*, 93 F. Supp. 2d at 355 ("Given the plain language of Section 1441(e), ordinary principles of statutory construction and the weight of authority, the Court holds that the doctrine of derivative jurisdiction remains viable under Section 1442.").

"In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code."  *Barnaby*, 410 F. Supp. 2d at 144.  Therefore, when a case is properly removed pursuant to 28 U.S.C. § 1442(a)(1), as here, the derivative jurisdiction doctrine applies, and the federal court acquires the same jurisdiction that the state court had over the action.

The defendants' third-party demands against the United States are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.  State courts have no subject matter jurisdiction over an FTCA action because Section 1346(b)(1) of the FTCA provides that the federal district courts "shall have exclusive jurisdiction of civil actions on claims against the

8

United States, for money damages . . . for injury or loss of property, or personal injury or death

caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment . . . ."  28 U.S.C. § 1346(b)(1).  Thus, prior

to removal, the state court had no subject matter jurisdiction over the defendants' third-party

demands against the United States pursuant to the FTCA.  Deriving its jurisdiction from the state

court on removal, this Court likewise is left without jurisdiction over the claims.  *See Thompson

v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990) ("[S]ection 1346(b) confers exclusive

jurisdiction on the federal courts to hear cases within the Federal Tort Claims Act so that the

state courts lacked subject matter jurisdiction over the third-party complaints and, therefore, the

district courts could acquire none upon removal.").  Therefore, this Court should dismiss the

defendants' third-party demands against the United States for lack of subject matter jurisdiction.

> II.     THE THIRD-PARTY DEMANDS FAIL TO STATE CLAIMS UPON WHICH
>         RELIEF MAY BE GRANTED BECAUSE LOUISIANA LAW PROVIDES NO
>         CAUSE OF ACTION FOR CONTRIBUTION, INDEMNITY, OR
>         APPORTIONMENT OF LIABILITY.

The defendants bring their third-party demands against the United States pursuant to the

FTCA, seeking "indemnity and/or contribution in tort from third party defendants in the event

that [the defendants] are cast in judgment" as well as "apportionment of liability as mandated by

Article 2324 of the Louisiana Civil Code."  (*Rodrigue* Third Party Demand, ¶ IV.)[6]  The third-

---

[6]  Citations to the *Rodrigue* Third Party Demand will be used throughout the text of this
memorandum.  Since the Third Party Demands are all identical, the same language quoted above
can be found in paragraph IV in each Third Party Demand.  *See Alfonso* Third Party Demand,
¶ IV; *Anguzza* Third Party Demand, ¶ IV; *Bell* Third Party Demand, ¶ IV; *Berthelot* Third Party
Demand, ¶ IV; *Conlon* Third Party Demand, ¶ IV; *DePascual* Third Party Demand, ¶ IV;

party demands are based on the defendants' allegations "that their facility would not have

flooded . . . but for the presence of the [Mississippi River-Gulf Outlet (MRGO)] and its

environmental impacts" (*Rodrigue* Third Party Demand, ¶ XXXIV)[7] and that "by the

construction and maintenance of the MRGO," the United States breached a duty of care owed to

the defendants (Rodrigue Third Party Demand, ¶ XXXV).[8]  The defendants further allege that

"the United States of America negligently concealed from [the defendants] that the construction

---

*Dorand* Third Party Demand, ¶ IV; *Gallodoro* Third Party Demand ¶ IV; *Gonzales* Third Party Demand, ¶ IV; *Herzog* Third Party Demand, ¶ IV; *Hubert* Third Party Demand, ¶ IV; *Johnson* Third Party Demand, ¶ IV; *Kenney* Third Party Demand, ¶ IV; *Kramer* Third Party Demand, ¶ IV; *Lewis* Third Party Demand, ¶ IV; *Lott* Third Party Demand, ¶ IV; *Montalbano* Third Party Demand, ¶ IV; *Morales* Third Party Demand, ¶ IV; *Poissenot* Third Party Demand, ¶ IV; *Thedy* Third Party Demand, ¶ IV; *Thomason* Third Party Demand, ¶ IV; *Verges* Third Party Demand, ¶ IV; *Wagner* Third Party Demand, ¶ IV.

[7]  *See also Alfonso* Third Party Demand, ¶ XXXIV; *Anguzza* Third Party Demand, ¶ XXXIV; *Bell* Third Party Demand, ¶ XXXIV; *Berthelot* Third Party Demand, ¶ XXXIV; *Conlon* Third Party Demand, ¶ XXXIV; *DePascual* Third Party Demand, ¶ XXXIV; *Dorand* Third Party Demand, ¶ XXXIV; *Gallodoro* Third Party Demand ¶ IV; *Gonzales* Third Party Demand, ¶ XXXIV; *Herzog* Third Party Demand, ¶ XXXIV; *Hubert* Third Party Demand, ¶ XXXIV; *Johnson* Third Party Demand, ¶ XXXIV; *Kenney* Third Party Demand, ¶ XXXIV; *Kramer* Third Party Demand, ¶ XXXIV; *Lewis* Third Party Demand, ¶ XXXIV; *Lott* Third Party Demand, ¶ XXXIV; *Montalbano* Third Party Demand, ¶ XXXIV; *Morales* Third Party Demand, ¶ XXXIV; *Poissenot* Third Party Demand, ¶ XXXIV; *Thedy* Third Party Demand, ¶ XXXIV; *Thomason* Third Party Demand, ¶ XXXIV; *Verges* Third Party Demand, ¶ XXXIV; *Wagner* Third Party Demand, ¶ XXXIV.

[8]  *See also Alfonso* Third Party Demand, ¶ XXXV; *Anguzza* Third Party Demand, ¶ XXXV; *Bell* Third Party Demand, ¶ XXXV; *Berthelot* Third Party Demand, ¶ XXXV; *Conlon* Third Party Demand, ¶ XXXV; *DePascual* Third Party Demand, ¶ XXXV; *Dorand* Third Party Demand, ¶ XXXV; *Gallodoro* Third Party Demand ¶ IV; *Gonzales* Third Party Demand, ¶ XXXV; *Herzog* Third Party Demand, ¶ XXXV; *Hubert* Third Party Demand, ¶ XXXV; *Johnson* Third Party Demand, ¶ XXXV; *Kenney* Third Party Demand, ¶ XXXV; *Kramer* Third Party Demand, ¶ XXXV; *Lewis* Third Party Demand, ¶ XXXV; *Lott* Third Party Demand, ¶ XXXV; *Montalbano* Third Party Demand, ¶ XXXV; *Morales* Third Party Demand, ¶ XXXV; *Poissenot* Third Party Demand, ¶ XXXV; *Thedy* Third Party Demand, ¶ XXXV; *Thomason* Third Party Demand, ¶ XXXV; *Verges* Third Party Demand, ¶ XXXV; *Wagner* Third Party Demand, ¶ XXXV.

and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina."  (*Rodrigue* Third Party Demand, ¶ XXXV.)[9]

The defendants have no legal basis for their allegations against the United States. Liability under the FTCA is controlled by the substantive law of the state in which the alleged tort occurred.  28 U.S.C. § 1346(b)(1); *Richards v. United States*, 369 U.S. 1, 11 (1962); *Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006).  Accordingly, the law of Louisiana applies to the third-party claims against the United States.  Louisiana law provides no cause of action for the indemnity, contribution, or apportionment of liability claims alleged by the defendants.  Because the applicable state law provides no basis for liability, the Federal Rules of Civil Procedure do not permit the defendants to bring a third-party claim.

A.    INDEMNITY

The defendants' third-party demands seek "indemnity and/or contribution in tort" from the United States and other third-party defendants.  (*Rodrigue* Third Party Demand, ¶ IV.)[10] Under Louisiana law, "[s]ituations where tort indemnity arises are extremely limited."  *Romero v. Witherspoon*, 7 F. Supp. 2d 808, 812 (W.D. La. 1998).  The concept of indemnity is based on the equitable principle that "everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss."

---

[9]  *See* citations *supra* note 8.

[10]  *See* citations *supra* note 6.

*Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999). "To qualify, a solidary obligor must be free of actual fault and be liable only technically, vicariously, or constructively." *Romero*, 7 F. Supp. 2d at 812 (citing *Appalachian Corp. v. Brooklyn Cooperage Co.*, 91 So. 2d 539, 541 (La. 1922)). Indemnity cannot be sought by a party found to be at fault. *Id.*; *See also Nassif*, 739 So. 2d at 185; *Hamway v. Braud*, 838 So. 2d 803, 806 (La. Ct. App. 2002). "Scrutiny is thus directed at the nature, not the quantum, of the fault, if any, of the party seeking indemnity." *Ducre v. Executive Officers of Halter Marine, Inc.*, 752 F.2d 976, 984-85 (5th Cir. 1985).

As stated by the defendants in their third-party demands, the plaintiffs' petitions allege that the defendants "negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall." (*Rodrigue* Third Party Demand, ¶ III.)[11] The plaintiffs' claims thus allege active negligence on the part of the defendants. *See*, *e.g.*, *Rodrigue* Petition for Damages,¶ IV (alleging particular acts of negligence by the defendants, including "a. Failing to evacuate Eva Rodrigue when [defendant St. Rita's Nursing Home] knew or should have known a category 4/5 hurricane was bearing down on St. Bernard and its neighboring parishes; b. Failing to follow the Hurricane Evacuation Plan it had in effect at the time of Hurricane Katrina; c. Lulling family members, such as Plaintiffs, into a sense of complacency and security by advising them that Eva

---

[11] *See also Alfonso* Third Party Demand, ¶ III; *Anguzza* Third Party Demand, ¶ III; *Bell* Third Party Demand, ¶ III; *Berthelot* Third Party Demand, ¶ III; *Conlon* Third Party Demand, ¶ III; *DePascual* Third Party Demand, ¶ III; *Dorand* Third Party Demand, ¶ III; *Gallodoro* Third Party Demand ¶ IV; *Gonzales* Third Party Demand, ¶ III; *Herzog* Third Party Demand, ¶ III; *Hubert* Third Party Demand, ¶ III; *Johnson* Third Party Demand, ¶ III; *Kenney* Third Party Demand, ¶ III; *Kramer* Third Party Demand, ¶ III; *Lewis* Third Party Demand, ¶ III; *Lott* Third Party Demand, ¶ III; *Montalbano* Third Party Demand, ¶ III; *Morales* Third Party Demand, ¶ III; *Poissenot* Third Party Demand, ¶ III; *Thedy* Third Party Demand, ¶ III; *Thomason* Third Party Demand, ¶ III; *Verges* Third Party Demand, ¶ III; *Wagner* Third Party Demand, ¶ III.

Rodrigue, and others similarly situated, would be evacuated and/or moved to a safer place to escape potential flooding; d. Allowing its residents to drown; e. Failing to have adequate rescue equipment, life vests, boats and any other rescue equipment for its resident[s]; and f. Any and all other act[s] of negligence to be proven at trial.").[12]

The plaintiffs' allegations against the defendants make clear that the nature of the plaintiffs' theory of recovery is for actual wrongdoing, and the defendants have no basis for an indemnity action.  "[I]ndemnity is available only 'where the actual fault is *attributed* [to another] . . . . It is never applicable where both parties are actually in the wrong.'"  *Ducre*, 752 F.2d at 986 (emphasis in original) (quoting *United Gas Corp. v. Guillory*, 206 F.2d 49, 53 (5th Cir. 1953)).  Here, if the defendants are found to be liable for the claims asserted by the plaintiffs, they will have been found to have been actively negligent and at fault for the cause of the plaintiffs' damages; the liability would not simply result from a finding of passive negligence or fault based only on a "technical, constructive, or vicarious theory."  *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267 (5th Cir. 1991).  Under Louisiana law, therefore, no cause of action for indemnity from the United States exists, and the third-party demands should be dismissed.  *See Hamway*, 838 So. 2d at 806 ("[A] party who is actually negligent or actually at fault cannot recover tort indemnity.").

        B.    CONTRIBUTION

The defendants can show no set of facts that would entitle them to a claim for contribution from the United States because the cause of action for contribution from another

---

[12] The plaintiffs in all of the above-listed actions make the same or very similar allegations of negligence against the defendants. *See* Exhibit 1.

tortfeasor has been abolished in Louisiana.  The Louisiana legislature has established a pure

comparative fault system.  La. Civ. Code Articles 2323 and 2324(B).  This system "requires that

the fault of every person responsible for a plaintiff's injuries be compared, whether or not they

are parties, regardless of the legal theory of liability asserted."  *Hall v. Brookshire Bros., Ltd.*,

848 So. 2d 559, 567 (La. 2003).  *See also Keith v. United States Fid. & Guar.*, 694 So. 2d 180,

182 (La. 1997) ("[T]he Legislature added more specific language to Art. 2323 making it

mandatory for the determination of the percentage of fault of all persons contributing to an

injury, whether those persons are unidentified non-parties, statutorily immune employers, or

others.").  "Louisiana's policy is that each tortfeasor pays only for that portion of the damage he

has caused and [] shall not be solidarily liable with any other person for damages attributable to

the fault of that other person."  *Dumas v. State Dept. of Culture, Recreation & Tourism*, 828 So.

2d 530, 538 (La. 2002).

      Here, the defendants seek contribution from the United States based on their allegations

that the damages suffered by the plaintiffs were caused by the actions of the United States.

*(Rodrigue* Third Party Demand, ¶¶ IV, XXXIV-XXXV.)[13]  However, in Louisiana, "the right of

contribution among solidary tortfeasors [has] disappeared since it is no longer necessary in light

of the abolishment of solidarity."  *Dumas*, 828 So. 2d at 538.  Because the cause of action for

contribution no longer exists under Louisiana state law, the defendants' contribution claims

against the United States should be dismissed.[14]

---

[13]   *See* citations *supra* notes 7 & 8.

[14]   Pursuant to Louisiana Civil Code Article 2324(A), intentional tortfeasors may be solidarily liable for a plaintiff's damages, and the cause of action for contribution among intentional tortfeasors has not been abolished.  The defendants make no allegation of an intentional tort here.

C.       APPORTIONMENT OF LIABILITY

There is no independent cause of action for "apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code," as defendants assert.  (*Rodrigue* Third Party Demand, ¶ IV.)[15]  Article 2324(B) provides that "liability for damages caused by two or more persons shall be a joint and divisible obligation."  La. Civ. Code Article 2324(B).  It further provides that "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person . . . ."  *Id.*  Article 2323 makes clear that the apportionment of liability sought by the defendants must occur regardless of whether all tortfeasors are parties to the action:  "In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty . . . ."  La. Civ. Code Article 2323.  *See also Dumas*, 828 So. 2d at 537 (Article 2324(B) "makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323"); *Hamway v. Braud*, 838 So. 2d 803, 807 (La. Ct. App. 2002) ("Non-intentional tortuous [sic] acts are now considered joint and divisible, and each joint tortfeasor is liable only for the degree of fault attributed to his actions.") (citing La. Civ. Code Articles 2323 and 2324).  Louisiana law provides that the defendants may only be held liable for damages of their own causing, and no independent cause of action exists for apportionment of liability.[16]  Apportionment of liability is mandatory under the applicable

---

[15]   *See* citations *supra* note 6.

[16]   Likewise, there is no apportionment of liability in an action for indemnity.  *Nassif*, 739 So. 2d at 185 ("[B]ecause the party seeking indemnification must be without fault, a weighing of the

law, and the defendants may not assert such a claim by way of a third-party demand.  The

defendants' claims for apportionment of liability should be dismissed.

> ### D.    THE DEFENDANTS' THIRD-PARTY DEMANDS ARE NOT PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE.

Third-party practice in the federal district courts is governed by Federal Rule of Civil

Procedure 14(a).[17]  The defendants' third-party demands against the United States do not satisfy

the requirement of Rule 14(a) that a third party may be brought into an action only when that

party "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against

the third-party plaintiff."  Fed. R. Civ. P. 14(a).  Because the defendants fail to state any valid

claim against the United States, there is no potential for liability against the United States, and

the third-party demands should be dismissed for the independent reason that they are not

properly before the Court pursuant to Federal Rule 14(a).

Federal Rule 14(a) "permits a defendant to bring in a third-party defendant . . . so long as

the third-party defendant may become liable for all or part of the plaintiff's judgment.  Federal

impleader cannot, however, operate to enlarge the third-party plaintiff's right to recovery beyond

that available under the controlling substantive law."  *Andrulonis v. United States*, 26 F.3d 1224,

1233 (2d Cir. 1994).  *See also Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 146 (5th Cir.

1961) (quoting Moore, Federal Practice § 14.03 at 409-10) ("[U]nless there is some substantive

basis for the third-party plaintiff's claim, he cannot utilize the procedure of Rule 14.  The Rule

does not establish a right of reimbursement, indemnity, nor contribution . . . .")*; Pennine*

---

relative fault of tortfeasors has no place in the concept of indemnity.").

[17]  Pursuant to Federal Rule of Civil Procedure 81, the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."  Fed. R. Civ. P. 81(c).

*Resources, Inc. v. Dorwart Andrew & Co.*, 639 F. Supp 1071, 1074 n.5 (E.D. Pa. 1986) ("Impleader under Federal Rule of Civil Procedure 14(a) is procedural in nature.  The rule does not in itself create a right of contribution or indemnity.  Those rights must be recognized by the applicable substantive law . . . .").  As explained above, Louisiana law provides no cause of action for indemnity, contribution, or apportionment of liability.  The defendants may not use third-party practice to create a cause of action that does not exist under state law.  *See Smith v. Whitmore*, 270 F.2d 741, 745 (3d Cir. 1959) ("Rule 14 cannot be used in a contribution proceeding '. . . to enhance the substantive rights of the original defendant over what is given by state law.'") (quoting *D'Onofrio Constr. Co. v. Recon Co.*, 255 F.2d 904, 906 (1st Cir. 1958)).  *See also Linkenhoger v. Owens*, 181 F.2d 97 (5th Cir. 1950); *Brown v. Cranston*, 132 F.2d 631 (2d Cir. 1942).

      The United States cannot be liable to the defendants for any part of the claims against them because state law does not provide a right to recovery for indemnity, contribution, or apportionment of liability under the facts as alleged by the plaintiffs and defendants as third-party plaintiffs.  The third-party demands, therefore, do not satisfy Rule 14(a) and cannot be sustained in this court.  *See Commodity Futures Trading Comm'n v. Hunt*, 591 F.2d 1211, 1224 (7th Cir. 1979) (dismissing third-party claims as improper under Rule 14(a) because the applicable law made clear that the third-party defendants against whom the claims were brought could not be liable to the defendants for any part of the plaintiff's claim); *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849 (5th Cir. 1978) ("[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the

17

defendant."); *Erickson v. Erickson*, 849 F. Supp. 453, 458 (S.D. W.Va. 1994) (dismissing third

party complaint because state law did not support the cause of action for contribution or

indemnity.").[18]  The defendants' third-party demands against the United States should be

dismissed for failure to state a claim upon which relief may be granted.

---

[18]  Additionally, because the defendants' third-party claims are improper under Rule 14, their claims are subject to dismissal for failure to exhaust their administrative remedies.  The defendants allege in their third-party demands that they are exempt from the requirement of filing administrative claims:  "As this is filed as a Third Party Demand, the requirement that the Third Party Plaintiffs first exhaust their administrative remedies is waived by statute."  *See, e.g., Rodrigue* Third Party Demand, ¶ XXV.  Pursuant to 28 U.S.C. § 2675(a), actions against the United States cannot be instituted unless the claimant has first presented his claim to the appropriate Federal agency.  There is an exception to this requirement for third party complaints which are properly brought under the Federal Rules of Civil Procedure: "The provisions of this subsection shall not apply to such claims *as may be asserted under the Federal Rules of Civil Procedure* by third party complaint, cross-claims, or counterclaim." 28 U.S.C. § 2675(a) (emphasis provided).  The exception does not apply to third-party claims that are not true Rule 14 claims.  *See Keene Corp. v. United States*, 700 F.2d 836, 842-43 (2d Cir. 1983) ("We perceive no reason to read the FTCA's reference to third party actions as including more than is encompassed by Rule 14."); *see also, e.g., Northridge Bank v. Community Eye Care Center, Inc.*, 655 F.2d 832, 835-36 (7th Cir. 1981) (improper third-party claim under Rule 14 does not qualify for exception to administrative claim requirement); *McWhirter Distrib. Co., Inc., v. Texaco Inc.*, 668 F.2d 511, 527 (Temp. Emer. Ct. App. 1981) (improper Rule 14 third-party claim did not qualify for exception to administrative claim requirement when third-party plaintiff could not seek indemnity or contribution with respect to any possible liability to original plaintiff).  Because the exception would not apply here, the defendants' third-party demands also should be dismissed for failure to exhaust their administrative remedies.

<u>CONCLUSION</u>

For the foregoing reasons, the defendants' third-party demands against the United States should be dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted.[19]

Dated: December 4, 2006                    Respectfully submitted,


                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           C. FREDERICK BECKNER III
                                           Deputy Assistant Attorney General

                                           PHYLLIS J. PYLES
                                           Director, Torts Branch

                                           s/ Kara K. Miller
                                           Kara K. Miller
                                           Trial Attorney, Torts Branch, Civil Division
                                           U.S. Department of Justice
                                           Benjamin Franklin Station, P.O. Box 888
                                           Washington, D.C.  20044
                                           (202) 616-4448 / (202) 616-5200 (Fax)
                                           Attorneys for the United States

---

[19]   Should this motion be denied, the United States will file a motion to dismiss pursuant to Rule 12(b)(1) because, under the Flood Control Act, 33 U.S.C. § 702c, there is no waiver of the United States' sovereign immunity for the claims asserted by the defendants.  Additionally, the defendants' claims are barred by the "due care" and discretionary function exceptions to the FTCA's waiver of immunity.  28 U.S.C. § 2680(a).  The issue of the United States' immunity is the subject of a pending Motion to Dismiss in Civil Action No. 06-2268, *Robinson v. United States*.

<u>**CERTIFICATE OF SERVICE**</u>

I, Kara K. Miller, hereby certify that on December 4, 2006, I served a true copy of the United States' Motion to Dismiss, Memorandum in Support, and Notice of Hearing upon all counsel of record by ECF, electronic mail, or first class mail.

<u>s/ Kara K. Miller</u>
Kara K. Miller