UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ST. RITA (*Conlon*, 06-9321) | § | |
| _____ | § | |

### UNITED STATES' MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION TO REMAND

The plaintiff in the above-action has filed a motion to remand this case to state court. The plaintiff's motion should be denied for reasons already set forth in several pleadings in this consolidated litigation. The United States respectfully submits that oral argument is not necessary and that the plaintiff's motion can be decided on the briefs alone.

### BACKGROUND

The plaintiff filed her action against defendants Salvador Mangano, Sr., Mabel Mangano, Buffman, Inc. d/b/a St. Rita's Nursing Home, and ABC Insurance Company ("the defendants") in the 34th Judicial District Court for the Parish of St. Bernard. *See Conlon* Record Docket No. 1-3,

1

Plt's State Court Complaint. On September 15, 2006, the defendants filed a third-party claim against the United States and other state and local officials and agencies seeking indemnity and contribution in the event that they are held liable to the plaintiffs. The defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. *See Conlon* Record Docket No. 1-3, Third Party Demand ¶ XXV.

The United States removed these cases to federal court citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[1] *See Conlon* Record Docket No. 1-1, United States' Notice of Removal. The plaintiff now argues that removal of her case to federal court, while proper, is essentially unfair and suggests that the Court decline to exercise jurisdiction over her main demand. More specifically, the plaintiff urges the Court to sever the defendants' third-party claim against the United States from the plaintiff's main action and to remand the plaintiff's main demand back to state court. Moreover, the plaintiff requests that the defendants' third-party claim against the United States be stayed in federal court until the resolution of the main demand in state court. *See Consolidated Litigation* Record Docket No. 1642, Plt's Mem. In Supp. of Motion to Remand at 6.

---

[1] Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows removal of state court cases to federal court when the district court has original jurisdiction over the claim. Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

ARGUMENT

The plaintiff's motion should be denied. As the plaintiff has acknowledged, the removal of this case to federal court was proper under 28 U.S.C. § 1442(a), which allows the United States to remove a state civil action brought against it regardless of whether the federal court has original jurisdiction over the claims against the United States. This argument has been set out fully in the United States' Memorandums in Opposition to Plaintiffs' Motions to Remand in consolidated cases *Berthelot* (06-8810), *Johnson* (06-7400), *Kramer* (06-7457)*, Lewis* (06-8107), *Morales* (06-5962), *Poissenot* (06-7858), *Rodrigue* (06-6639), *Thedy* (06-8106 ), and *Verges* (06-8731), all of which are incorporated herein by reference. The defendants' third-party claim against the United States should not be severed or stayed because the United States should be dismissed as a third-party defendant. The arguments supporting the dismissal of the third-party claims against the United States are set out fully in the United States' Memorandum in Support of Its Motion to Dismiss Third Party Demands, *Consolidated Litigation* Record Docket No. 1959-2, which is incorporated herein by reference. Should the Court grant the United States' motion to dismiss, it may, at its discretion, remand the remaining claims to state court.

3

CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand should be denied.

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General
>
>C. FREDERICK BECKNER III
>Deputy Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>
>s/ James F. McConnon, Jr.
>JAMES F. MCCONNON, JR.
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 888
>Benjamin Franklin Station
>Washington, D.C.  20044
>(202) 353-2604
>(202) 616-5200 (fax)
>jim.mcconnon@usdoj.gov
>Attorneys for Defendant United States

December 5, 2006

## CERTIFICATE OF SERVICE

     I, James F. McConnon, Jr., hereby certify that on December 5, 2006, I served a true copy of "United States' Memorandum in Opposition to Plaintiffs' Motion to Remand" upon the parties of record by ECF, electronic mail, or first class mail.

                         /s/ James F. McConnon, Jr.
                           James F. McConnon, Jr.