## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| _____ | * | SECTION   K   - JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | |
| | * | MAG. (2) - MAG. WILKINSON |
| INSURANCE:          *Aaron*, 06-4746 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OPPOSITION TO MOTION TO DISMISS FILED ON BEHALF OF THE AIG DEFENDANTS

MAY IT PLEASE THE COURT:

Plaintiffs oppose the Motion on behalf of the   AIG defendants   to dismiss the above-captioned matter pursuant to Federal Rules of Civil Procedure 12(b)(6) and 20(a) on grounds hereinafter set forth.

### Law and Argument

**A.     Standard of review.**

[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.   *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1357 at 598 (1969)).   Indeed, the disfavor with which such motions are viewed within the U.S. Fifth

Circuit Court of Appeals has been chronicled for the better part of a century.  *See Millet v. Godchaux Sugars, Inc.*, 241 F.2d 264, 265 n.1 (5th Cir. 1957) (  As monuments to short-lived motions to dismiss and their high mortality rate on appeal are these cases from this court since 1938....  ).  In this regard, the Court observed in Singleton v. Foreman, 435 F.2d 962, 968 & n.1 (5th Cir. 1970),

> The central issue in this case, therefore, is whether the trial court was in error in dismissing the actions on the pleadings.  We are moved to note at the onset that dismissal at such an early stage is not looked upon favorably.  *Barnes v. Merritt*, 5 Cir. 1967, 376 F.2d 8, n.6.  Chief Judge Brown has characterized such a procedure as both a  precarious one with a high mortality rate,  *Barber v. Motor Vessel  Blue Cat,*  5 Cir. 1967, 372 F.2d 626, 627, and  a tortuous thing,  *Arthur H. Richland Co. v. Harper*, 5 Cir. 1962, 302 F.2d 324.  Though our opinions are replete with homilies and entreaties not to deal cavalierly with cases in this manner, they, like much of scripture, have too often gone unheaded.
>
> > FN1. For a list of the overgrowing number of case where the trial judge disregarded the caution we have so often tried to instill, see *Millet v. Godchaux Sugars, Inc.*, 5 Cir. 1967, 241 F.2d 264, n.1, and *Barber v. The Motor Vessel  Blue Cat,*  5 Cir. 1967, 372 F.2d 626, n.1.

Thus, the Fifth Circuit has gone to great lengths to express its contempt for dismissals under Rule 12(b)(6).

That such dismissals are anomalous is a result of the highly deferential standard to which they are subjected.  As stated in *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995),

> A motion to dismiss an action for failure to state a claim  admits the facts alleged in the complaint, but challenges plaintiff s right to relief based upon those facts.   *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1996).  Dismissal cannot be upheld unless it appears beyond doubt that the plaintiffs would not be entitled to recover under any set of facts that they could prove in support of their claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Worsham v. Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989).

Stated another way,

2

A dismissal for failure to state a claim upon which relief can be granted is a dis-
favored means of disposing a case.  *See Shipp v. McMahon*, 199 F.3d 256, 260 (5th
Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677
F.2d 1045, 1050 (5th Cir. 1982)).  District courts should avoid such dismissals
 unless it appears beyond doubt that the plaintiff can prove no set of facts in support
of his claim which would entitle him to relief.   *Conley v. Gibson*, 355 U.S. 41,
45-46, 78 S,Ct. 99, 2 L.Ed.2d 80 (1957).  To ascertain whether a complaint states a
claim, we must construe the complaint liberally in the plaintiff s favor and accept
all factual allegations in the complaint as true.  *See Shipp*, 199 F.3d at 260 (citing
*Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)).

*Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000).[1]

Applying this standard to a motion to dismiss,  [t]he issue is not whether the plaintiff will

ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the

court should not dismiss the claim unless the plaintiff would not be entitled to relief under any

set of facts or any possible theory that he could prove consistent with the allegations in the

complaint.   *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citations omitted).   A Rule

12(b)(6) dismissal is not warranted just because the district court  believes the plaintiff is

unlikely to prevail on the merits.   Even if it seems  almost a certainty to the court that the facts

alleged cannot be proved to support the legal claim,  the claim may not be dismissed so long as

---

[1]  Following the Fifth Circuit s lead, this Court has held:

The 12(b)(6) motion is not favored and should rarely be granted, *Madison v. Purdy*, 410 F.2d 99 (5th Cir.
1969), resolution on the merits being preferred to disposition on the technical grounds of failure to state a claim.
See, for example, *Blessing v. United States*, 447 F. Supp. 1160 at 1192-93 (E.D. Penn. 1978) and cases cited therein.
 The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his
behalf, the complaint states any valid claim for relief.   Wright & Miller, supra at p. 601 (footnotes omitted). See
also *Quinonez v. National Association of Securities Dealers, Inc.*, 540 F.2d 824 (5th Cir. 1976) and cases cited
therein.  Stated another way,  a motion to dismiss for failure to state a claim should not be granted unless it appears
to certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support
of his claim.  *Des Isles v. Evans*, 200 F.2d 614 at 615-16 (5th Cir. 1952), quoting 2 *Moore s Federal Practice*, 2d
Ed., § 8.13 p. 1653.

*Airline Car Rental, Inc. v. Shreveport Airport Authority*, 667 F.Supp. 293, 295-296 (W.D.La.1986).

the complaint states a claim.   *U.S. ex rel, Riley v. St. Luke s Episcopal Hosp.*, 355 F.3d 370, 376

(5th Cir. 2004) (citations omitted).

**B.      Other, Less Drastic Relief is Available to AIG Defendants.**

As the Court is aware, six (6) other defendants have filed motions in this matter, none of

which seek dismissal of this claim.  Specifically Motions to Sever and Motions for More Definite

Statement have been filed by co-defendants in this matter and are set for hearing on the same

date as this motion.  Additionally, plaintiffs, in their oppositions to the Motions to Sever and

Motions for More Definite Statement have proposed that this entire matter be administratively

closed.  The reasons set forth in plaintiffs  opposition to those motions equally apply to this

Motion to Dismiss.

As this Court is well aware, this suit represents a claim by a large number of plaintiffs

against a large number of insurance company defendants for recovery under various

homeowners, flood and commercial property insurance claims resulting from damages sustained

as a result of Hurricane Katrina.  The primary reason plaintiffs have filed this claim was to assure

that they did not lose any claim as a result of the running of prescription.  Since the filing of this

Complaint, plaintiffs, through undersigned counsel, have been involved in the continuing

negotiation and resolution of some of the claims presented.  Additionally undersigned counsel

has received indication from various defendants of their desire to move promptly  to resolve

these claims.  Specifically, the Travelers Group has agreed with the office of undersigned counsel

to meet during the week of December 11, 2006 for a period of three to four days in an effort to

resolve all the outstanding claims by plaintiffs against that particular group of insurance

companies.  It is certain that undersigned counsel for plaintiffs desire and believe that the vast

majority of the individual claims represented can be resolved without further litigation.  To this end, undersigned counsel for plaintiffs has prepared and will file a motion with this Court to administratively close this case with the right of any party to reopen same should progress towards resolution of these claims not be made.  The undersigned counsel for plaintiffs have attempted to obtain consent from the various defendants, but because of the vast numbers of said defendants is unable to obtain consent from all concerning administratively closing this claim. Of the number of defendants that have been contacted, although all indicated they would need to confer with their client directly in regard to the administrative closing, no attorney has indicated a probable objection to such a procedure.

Plaintiffs suggest that it is certainly in the interest of justice and judicial economy to follow this course of action.  Such action provides parties a reasonable opportunity without the added expense of litigation to resolve the differences among them.  Secondly, the paperwork required on the part of both plaintiffs and defendants to continue in litigation of this matter would be staggering to say the least and, ultimately unnecessary under the circumstances of this particular case.

The administrative closing of this file would alleviate the necessity to dismiss the case, to sever any particular claims, and the filing of additional complaints providing a more definite statement.

To cut to the chase, the entire memorandum submitted by AIG, in all seven sections, alleges that this Complaint should be dismissed because nowhere in plaintiffs  Complaint are there a list of individual plaintiffs  claims against individual insurance companies, including, the movers herein.  Plaintiffs respectfully submit that these deficiencies can be cured by the less

sever method pursued by co-defendants, that is, Motions to Sever and Motions for More Definite

Statement.  Plaintiffs suggest that if the Court is in fact disinclined to grant an administrative

closing of this matter our plaintiffs do not object to a severing out of each individual insurance

company along with their insureds in separate claims.  As stated in other opposition memoranda,

undersigned counsel for plaintiffs have already provided all defendants who have appeared and

requested, a list of the parties plaintiffs who are their insureds and have been working hand and

hand with a number of defendants to identify the particular insureds and the property in question.

Such an activity can take place without the necessity of litigation or the use of the Courts and,

should any one party became dissatisfied with process, they certainly have the right to approach

the Court to request the matter be reopened.

      For all these reasons as stated above undersigned counsel for plaintiffs suggest that the

most reasonable action in this case would be to administratively close same to allow all parties to

proceed in an orderly fashion in an effort to informally resolve this matter.

                        Respectfully Submitted:

                        **JIM S. HALL & ASSOCIATES**

                        s/Jim S. Hall            
                        **JIM S. HALL, (Bar No.: 21644)**
                        **JOSEPH W. RAUSCH (Bar No.: 11394)**
                        800 N. Causeway Blvd., Suite #100
                        Metairie, Louisiana 70001
                        Telephone: (504) 832-3000
                        Facsimile: (504) 832-1799
                        E-Mail: jim@jimshall.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 5th day of December, 2006, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing.

<div style="margin-left: 50%;">

s/Jim S. Hall
**JIM S. HALL, (Bar No.: 21644)**
**JOSEPH W. RAUSCH (Bar No.: 11394)**
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001
Telephone: (504) 832-3000
Facsimile:  (504) 832-1799
E-Mail Address: jim@jimshall.com

</div>

7