UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| ALL LEVEE, MRGO | * | |
| RESPONDER CASES AND TO | * | JUDGE DUVAL |
| NO.   06-4389 | * | |
| | * | MAGISTRATE WILKINSON |
| * * * * * * * * * * * * * * * * * * | * | |

SECOND SUPPLEMENTAL AND
AMENDING COMPLAINT IN
A CLASS ACTION LAWSUIT

**COME NOW** plaintiffs, appearing through undersigned counsel, and supplement and amend their Complaint, of record herein, with the following:

I.

By amending Article III of the Complaint to substitute the following allegations against defendants CSX Corporation and CSX Transportation, Inc.:

-1-

II.

Also made defendants herein are CSX Corporation and CSX Transportation, Inc., foreign corporations which plaintiffs aver are incorporated in State other than the State of Louisiana, having their principal officers and places of business outside the State of Louisiana, but which do business within this State.  Plaintiffs aver that CSX Corporation and CSX Transportation, Inc. are alter-egos of each other and constitute a single business enterprise under Louisiana law, a doctrine which was recently described by the Louisiana Fourth Circuit Court of Appeal in Miller v. Entergy Services, Inc., 913 So.2d 143 (La. App. 4th Cir. 2005) and cases cited therein, which doctrine plaintiffs aver is applicable to the corporate governance and management structure of CSX Corporation and CSX Transportation, Inc., such that any alleged corporate separateness does not legally exist or does not deserve to be recognized factually or legally.

II.

By adding Article XXI to the Complaint in order to make the following allegations against CSX Corporation and CSX Transportation, Inc.:

XXI.

At all times pertinent, CSX Corporation and/or CSX Transportation, Inc. owned, operated and controlled the right-of-way, roadbed and railroad track, which penetrated the New Orleans Flood Defense System on the East and West banks of the Inner Harbor

Navigation Canal (a/k/a the Industrial Canal).  Prior to and during Hurricane KATRINA, these penetrations of the New Orleans Flood Defense System, which CSX Corporation and/or CSX Transportation, Inc., or those for which they are legally responsible, had negligently designed, constructed and maintained, and negligently failed to adequately close, served as conduits for storm surge within the Inner Harbor Navigation Canal (a/k/a the Industrial Canal) to enter the Greater New Orleans Metropolitan Area, and to cause damage to plaintiffs and to those similarly situated to plaintiffs.  More particularly, water percolating through the railroad embankment fill on the West side of the Industrial Canal caused erosion of the fill for an adjacent roadway, allowing a large volume of water to enter the East Bank of Orleans Parish.  Upon information and belief, the same or similar percolation of water, erosion of fill and flooding occurred on the East side of the Industrial Canal, where the Federal "levee" system also was penetrated by railroad works owned and maintained by CSX Corporation and CSX Transportation, Inc.

III.

By adding Article XXII to the Complaint in order to make the following allegations against CSX Corporation and CSX Transportation, Inc.:

XXII.

The percolation of water, erosion of fill and flooding described in the foregoing Article were caused and/or occasioned as a result of fault, neglect and/or strict liability on the part of CSX Corporation and/or CSX

Transportation, Inc., which are alter egos of each other, and not entitled to corporate separateness or identity, or corporate limitation of liability, and by virtue of the following:

1) CSX Corporation and CSX Transportation, Inc. negligently failed to learn any lessons from the failure of their railroad works penetrations of the New Orleans Flood Defense System at the same locations during Hurricane BETSY some 40 years ago, in 1965;

2) CSX Corporation negligently failed to provide competent oversight and advice to its wholly-owned subsidiary, CSX Transportation, Inc., with respect to the subjects of accident and incident prevention, risk analysis, safety, regulatory issues and adequacy of liability insurance coverage.

3) CSX Corporation and/or CSX Transportation, Inc. are liable to plaintiffs under the provisions of the Federal Railroad Safety Act and/or the Interstate Commerce Termination Act of 1995, which impose strict liability on railroads whose facilities and operations cause damage or harm to persons and/or the public health and safety as a result of railroad related accidents and incidents, which this case specifically involves;  and

    4)     Alternatively, CSX Corporation and CSX Transportation, Inc. are liable to plaintiffs for negligent violation of the foregoing federal statutes.

Accordingly, CSX Corporation and/or CSX Transportation, Inc. is/are liable unto plaintiffs herein, and to those similarly situated to plaintiffs, pursuant to applicable federal and/or state law, including, without limitation, those federal and/or state laws previously invoked, including particularly, but without limitation, the Federal Railroad Safety Act, the Interstate Commerce Termination Act of 1995, and Articles 667, 2315, 2317.1 and 2322 of the Louisiana Civil Code.

III.

Plaintiffs reaver and reiterate all of the allegations of their Original Complaint, as supplemented and amended, as if copied herein *in extenso*.

**WHEREFORE**, plaintiffs pray that their class status be recognized and certified as such, and that after trial on the merits, and all due proceedings had, that there be judgment entered in favor of plaintiffs and against defendants, jointly, severally and *in solido*, for the full amount of plaintiffs' damages, plus reasonable attorney's fees, pre-judgment interest, and costs.

        S/Ashton R. O'Dwyer, Jr.
**Ashton R. O'Dwyer, Jr.**
**Law Offices of Ashton R. O'Dwyer, Jr.**
Bar No. 10166
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
Tel.: (504) 561-6561
Fax. (504) 561-6560