UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * * * | CIVIL ACTION<br><br>NO: 05-4182<br><br>JUDGE DUVAL<br><br>MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PERTAINS TO:
**LEVEE GROUP**
**MRGO**
**RESPONDER**
**CASE NO. 06-4389 (O'Dwyer)**

### ANSWER OF
### B & K CONSTRUCTION COMPANY, INC.

NOW INTO COURT, through undersigned counsel comes Defendant B & K Construction Company, Inc. ("B & K") and in response to the Complaint and First Supplemental and Amending Complaint filed by the Plaintiffs, answers as follows:

### B & K'S AFFIRMATIVE DEFENSES

1.

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate B & K's right to a hearing before a disinterested judge and jury.

2.

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against B & K, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from B & K.

3.

Plaintiffs' claims against B & K are barred by the peremptive period under 9 L.R.S. § 2772 involving actions based upon alleged deficiencies in the construction of immovables or improvements thereon.

4.

B & K is immune from liability to the Plaintiffs in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed2d 442 (1988) and *Hercules v. U.S.*, 516 U.S. 417, 116 S. Ct. 981, 134 L.Ed 2d 47 (1996).

5.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2771 pertaining to the non-liability of contractors for work constructed or under construction, in accordance with plans or specifications furnished the contractor which the contractor did not make or cause to be made.

6.

B & K is not liable to the Plaintiffs in accordance with the provisions of 9 L.R.S. § 2773 pertaining to the limitation on the responsibility of contractors which are to act solely as sureties of the proprietors under Article 667 of the Louisiana Civil Code.

7.

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

8.

Plaintiffs' claims fail, in whole or in part, because Plaintiffs' have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

9.

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (I) that B & K's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that B & K's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that B & K owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if B & K owed any such duty to Plaintiffs, it breached that duty.

10.

B & K hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct B & K is not responsible.

11.

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

12.

Plaintiffs have failed to mitigate their damages.

13.

B & K alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, B&K is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

14.

B & K adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to B & K, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and B & K hereby reserves its right to amend its answer to assert any such defense.

15.

This Court lacks subject matter jurisdiction over Plaintiffs' claims against B&K brought under the Oil Pollution Act of 1990, 33 U.S.C. §2701; the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9601, *et seq.*; the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. §1365; the Clean Water Act ("CWA"), 33 U.S.C. §1251; and the Clean Air Act, 42 U.S.C. §7401, *et seq*. This Court also lacks subject matter jurisdiction over Plaintiffs' claims against B&K to the extent that Plaintiffs purport to bring any claims under the Fifth Amendment to the United Sates Constitution.

**AND NOW IN FURTHER ANSWER TO THE PLAINTIFFS' COMPLAINT, B & K ASSERTS AS FOLLOWS:**

16.

The allegations of Paragraph I require no answer from B&K. However, to the extent an answer may be deemed necessary, the allegations of Paragraph I are denied.

17.

The allegations of Paragraph II, and sub-parts A through E containing legal conclusions are denied to the extent they state Plaintiffs' entitlement to proceed with a class action.

18.

Concerning the allegations of Paragraph III, B&K denies that it is a foreign corporation, but admits that at all times pertinent hereto, it did business within the territorial jurisdiction of this Court. The remaining allegations of Paragraph III require no response from B&K.

19.

B&K denies the jurisdictional allegations of Paragraph IV, and B&K further denies the allegations of Paragraph IV, to the extent they state or imply any fault, negligence, or liability on the part of B&K. B&K also denies that it was involved in any manner in the design, construction, operation, inspection and/or maintenance of either the alleged navigable waterway system, the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a "the Industrial Canal"), the Orleans Avenue Canal, or the 17th Street Canal or their environs and tributaries.

20.

B&K denies the jurisdictional allegations of Paragraph V, and B&K further denies the allegations of Paragraph V, to the extent they state or imply any fault, negligence, or liability on the part of B&K.

21.

B&K admits that federal question jurisdiction exists under 28 U.S.C. §1331 because B&K was a contractor of the federal government as asserted in Paragraph 4 above. B&K denies the allegations of Paragraph VI to the extent to the extent they state or imply any fault, negligence, or liability on the part of B&K.

22.

B&K denies the jurisdictional allegations of Paragraph VII, and B&K further denies the allegations of Paragraph VII, to the extent they state or imply any fault, negligence, or liability on the part of B&K. The balance of Paragraph VII is denied for lack of sufficient information to justify a belief therein.

23.

B&K denies the admiralty and maritime jurisdictional allegations of Paragraph VIII, and B&K denies all other allegations of Paragraph VIII, to the extent they state or imply any fault, negligence, or liability on the part of B&K.

24.

B&K denies the allegations of Paragraph IX to the extent they state or imply any fault, negligence, or liability on the part of B&K, or Plaintiffs' entitlement to invoke jurisdiction or remedies under the general Maritime Law.

25.

B&K admits the allegations of Paragraph X to the extent they state or imply any fault, negligence, or liability on the part of B&K.

26.

Except to admit the present of flood waters in certain parts of Orleans Parish on or about August 29, 2005, and the existence of levee and/or flood wall breaches at the 17th Street Canal, London Avenue Canal and the Industrial Canal, the allegations of Paragraph XI are denied for lack of sufficient information to justify a belief therein.

27.

B&K denies the allegations of Paragraph XII to the extent they state or imply any fault, negligence, or liability on the part of B&K; the balance of Paragraph XII is denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph XIII do not pertain to B&K, but in an abundance of caution, same are denied.

29.

The allegations of Paragraph XIV do not pertain to B&K, but in an abundance of caution, same are denied.

30.

B&K denies the allegations of Paragraph XV to the extent they state or imply any fault, negligence, or liability on the part of B&K; the balance of Paragraph XV is denied for lack of sufficient information to justify a belief therein.

31.

B&K denies the allegations of Paragraph XVI to the extent they state or imply any criminal, willful, wanton or reckless conduct by B&K or any fault, negligence or liability on the part of B&K. The balance of Paragraph XVI is denied for lack of sufficient information to justify a belief therein.

32.

B&K denies the application of *res judicata loquitur*.

33.

The allegations of Paragraph XVIII are denied.

34.

The allegations of Paragraph XIX are denied.

35.

The allegations of Paragraph XX require no answer by B&K. However, to the extent an answer may be deemed necessary, the allegations of Paragraph XX are denied.

WHEREFORE, defendant, B&K Construction Co., Inc., prays that this answer be deemed good and sufficient and that after all due proceedings had, there be judgment in its favor and against Plaintiffs, and for all other general and equitable relief to which it may be entitled.

**PLEASE SEE THE FOLLOWING PAGE FOR SIGNATURE BLOCK**

Respectfully submitted,

*[signature]*

Herman C. Hoffmann, Jr.  (#6899)
Betty F. Mullin, (#9818)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

New Orleans, Louisiana, this 5th day of December, 2006.

*[signature]*

Herman C. Hoffmann, Jr., Bar No. 6899
Betty F. Mullin, Bar No. 9818
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street
30th Floor - Energy Center
New Orleans, Louisiana 70163
(504) 569-2030
Attorneys for B&K Construction Company, Inc.

N:\DATA\K\03409023\Consolidated Pleadings\Answer-O'Dwyer-new.wpd