UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELANIE PALMER | * | CIVIL ACTION NO.: 2006-7540 |
| | * | |
| VERSUS | * | SECTION: "C" |
| | * | |
| ENCOMPASS INSURANCE COMPANY | * | MAGISTRATE: 3 |
| and APARICIO, WALKER & SEELING | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ENCOMPASS INSURANCE COMPANY'S
## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Encompass Insurance Company ("Encompass") hereby submits this Brief in Opposition to Plaintiff's Motion to Remand. Encompass removed this action pursuant to 28 U.S.C. § 1332 because complete diversity exists as to all properly joined parties. Plaintiff is alleged to be a citizen of the State of Louisiana. *See* Pet., introductory ¶. Encompass is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1). There is no dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Pl.'s Mem. at p. 3.

Accordingly, the sole issue presented on Plaintiff's remand motion is whether the non-diverse defendant has been improperly joined in this action. As set forth more fully below, the non-diverse defendant has been improperly joined for three reasons. First, Plaintiff's claims against Aparicio, Walker & Seeling ("Aparicio") are perempted under Section 9:5606 of the Louisiana Revised Statutes. Second, Plaintiff cannot state a claim against defendant Aparicio as a matter of law because Plaintiff did not specifically request that Aparicio procure flood insurance, and Aparicio had no duty to advise Plaintiff as to whether she should obtain other insurance coverages. Third, Aparicio is improperly joined because Plaintiff's claims against it arise out of separate transactions and occurrences, and involve separate issues of law and fact, than the claims against Encompass.

Therefore, the citizenship of Aparicio must be disregarded for purposes of determining whether diversity jurisdiction exists. Given the undisputed facts that Encompass and Plaintiff are completely diverse, and the matter in controversy exceeds $75,000, Plaintiff's Motion for Remand should be denied.

## I. FACTUAL BACKGROUND

This suit arises out of Plaintiff's claims on her Encompass homeowners policy for losses allegedly incurred during Hurricane Katrina. Although Plaintiff seeks to characterize her claims more broadly in her Memorandum in Support of Motion to Remand ("Memorandum") than pled in the Petition for Damages ("Petition"), the allegations contained in the Petition are fairly sparse and conclusory. Plaintiff alleges that her "home...and its contents were destroyed" by Hurricane Katrina (*see* Pet., ¶ 3) and that Encompass allegedly failed to pay for certain

damage to the property. *See generally* Pet. Plaintiff further alleges that Aparicio, an insurance agent, breached its duty by "fail[ing] to properly evaluate and place appropriate insurance coverage." *See* Pet., ¶ 10.

It is undisputed that Plaintiff and Encompass are diverse, and there is no dispute that the matter in controversy exceeds $75,000, exclusive of interest and costs. Encompass timely removed this action to this Court based on diversity jurisdiction.[1] Plaintiff's Motion to Remand followed.

## II. LAW AND ARGUMENT

"As a general rule, removability is determined from the record *as of the time the notice of removal was filed*"; thus, this Court may consider ***only*** the allegations in the Petition. JACK H. FRIEDENTHAL, MARY KAY KANE, & ARTHUR R. MILLER, CIVIL PROCEDURE (3d ed. 1999) (emphasis added); *see also Keating v. Shell Chem. Co.*, 610 F.2d 328, 331 (5th Cir. 1980) (courts must refer to allegations in state court pleadings to determine if removal is proper); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979) (same); *Hare v. City Fin. Co.*, 269 F. Supp. 2d 766, 770 (S.D. Miss. 2003) (citing *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1196-97 (S.D. Miss. 1989)) (whether a case has been properly removed is determined by

---

[1] On October 13, 2006, due to a miscommunication, two separate notices of removal were filed by two different law firms representing Encompass. The first was a consent to the removal notice filed by Aparicio, which also raised diversity as a separate basis for removal. The second was a stand-alone notice of removal based on diversity. (A copy of that notice of removal is attached hereto as Ex. A.) As a result, two separate federal case numbers were opened for this matter -- the present matter, Case No. 06-7540, and Case No. 06-8126. Upon learning of the mistake, Encompass moved to dismiss the higher numbered proceeding as redundant. Encompass apologizes for any confusion or inconvenience caused by this error.

reference to the allegations contained in the plaintiff's state court pleadings as the allegations existed at the time the petition for removal was filed).

### A. The Non-Diverse Defendant Aparicio is Improperly Joined.

Although Aparicio is a citizen of Louisiana, it does not defeat this Court's subject matter jurisdiction because it has been improperly joined. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995) (improperly joined defendants "must be ignored for diversity jurisdiction"); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction").

The standard for determining when a defendant has been improperly joined was recently explained by the Fifth Circuit as follows:

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545-56 (5th Cir. 2004).[2] "Under this standard, the Court must determine whether there is arguably a *reasonable* basis for predicting that state law might impose liability. This means that there must be a reasonable possibility of recovery, not merely a *theoretical* one." *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original, citations omitted); *see also Smallwood*, 385 F.3d at 573. "[I]n determining diversity the mere assertion of 'metaphysical doubt as to the material facts' [is] insufficient to create an issue if there is no basis for those facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (quoting *Jernigan*, 989 F.2d at 816).

These rules have been applied to improper joinder of insurance agents and claims adjusters. *Perez v. Metro. Prop. & Cas. Ins. Co. and Gregory Ruiz*, No. 06-2574, 2006 WL 2178753 (E.D. La. July 28, 2006) (Lemelle, J.); *Dobson v. Encompass Ins. Co.*, Nos. 06-252, *et al.*, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.); *Ragas v. Jimmy Tarleton III and Allstate Ins. Co.*, No. 06-4137, R. Doc. No. 13 (E.D. La. Oct. 10, 2006) (Feldman, J.); *Edwards v. Encompass Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005) (claims adjuster improperly joined where plaintiff failed to establish reasonable basis of recovery); *Kimball v. Modern Woodmen of Am.*, 939 F. Supp. 479 (M.D. La. 1996) (agent improperly joined where plaintiff failed to establish knowledge of falsity of representation).

Pursuant to this standard, the federal courts on a motion to remand will examine whether the claims against the non-diverse defendants provide a reasonable basis for recovery, including whether such claims are barred through prescription or statutes of limitations or are otherwise legally or factually insufficient. *See, e.g., Ross*, 344 F.3d at 458; *Morris Kirschman &*

---

[2] Although the terms "fraudulent joinder" and "improper joinder" have been used interchangeably in the case law, the Fifth Circuit recently indicated that the term "improper joinder" is the preferred terminology. *Smallwood*, 385 F.3d at 574-75.

*Co. v. Sicuro*, No. 03-1743, 2003 WL 22284553 (E.D. La. Sept. 30, 2003). Based on the allegations in the Petition at the time of removal, there is no possibility that Plaintiff can obtain relief against Aparicio.

### 1. *Plaintiff's Claims Against Aparicio Are Perempted.*

In her Petition, Plaintiff alleges that Aparicio "fail[ed] to obtain or recommend insurance coverages with adequate policy limits or adequate coverage amounts," "consistent with the value of the property insured," and "which would provide coverage or payment for the losses which plaintiff actually suffered." *See* Pet., ¶ 10. Yet, Plaintiff does not dispute that her homeowners policy was issued in March 2005 -- more than 1 year before this lawsuit was filed in August 2006. Accordingly, under well-settled Louisiana law, Plaintiff's claims against Aparicio are perempted under Section 9:5606(A) of the Louisiana Revised Statutes.

Section 9:5606 of the Louisiana Revised Statutes provides a peremptive period for claims against insurance agents that completely eliminates any right to a cause of action after the requisite time period.[3] LA. REV. STAT. 9:5606(A), (D). The statute provides, in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year* from the date of the alleged act, omission, or neglect, or *within one year* from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such

---

[3] *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) ("Peremption differs from prescription in several respects. While prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation, peremption extinguishes or destroys the right."); *see also Biggers v. Encompass Ins. Co.*, 886 So. 2d 1179, 1181 (La. App. 5th Cir. 2004) ("La. Civil Code Art. 3458 defines peremption as 'a period of time fixed by law for the existence of a right.' Further, under that article 'unless timely exercised, the right is extinguished upon the expiration of the peremptive period.'"); *Coffey v. Block*, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000).

> discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

(emphasis added). Because Aparicio is an insurance agent, the statute applies to it. *See Klein v. Am. Life & Cas. Co.*, 858 So. 2d 527, 531 (La. App. 1st Cir. 2003) (concluding that "because the acts of an insurance agent are generally imputable to the insurer he represents," peremptive period applies to insurance agents); *see also Biggers*, 886 So. 2d at 1180-83 (holding that peremptive period applied to insured's suit against agent for failure to procure adequate coverage).

As Plaintiff herself concedes, (*see* Pl.'s Mem. at p. 9), her homeowners policy was issued in March 2005. *See also* Ex. B. The purchase of the policy commenced the peremptive period. *Perez*, 2006 WL 2178753; *Dobson*, 2006 WL 2078423; *Biggers*, 886 So. 2d at 1183 (holding that peremptive period, applicable to insured's negligence suit against agent, began when plaintiff purchased policy); *Bordelon v. Indep. Order of Foresters*, No. 05-2640, 2005 WL 3543815 (E.D. La. Oct. 4, 2005) (peremptive period began to run on day plaintiff was assisted in completing insurance application); *Calvin v. Janbar Enters., Inc.*, 856 So. 2d 88 (La. App. 4th Cir. 2003) (peremptive period begins to run when policy is acquired). Accordingly, this suit filed in August 2006 -- one and a half years after the policy was issued to Plaintiff -- is perempted.

Plaintiff attempts to avoid this result by arguing that she was not damaged until August 29, 2005 when Hurricane Katrina struck, and therefore claims, for the first time, that her "cause of action did not accrue until that date." *See* Pl.'s Mem. at p. 9. This is simply incorrect: as a matter of law, the peremptive period on Plaintiff's claims with respect to her policy began to run in March 2005 when the policy was originally issued. *See Rault v. Encompass*, No. 06 CV 1734, 2006 WL 2078423, at *6 (E.D. La. July 21, 2006) (finding that "[t]he wrongful acts

- 8 -

alleged against [the agent] occurred in 1989, when plaintiff [originally] purchased her policy"); *Dobson*, 2006 WL 2078423, at *8 (holding: "[s]ince it is the terms of the flood exclusion that would render [the agent's] alleged statement to plaintiffs about the terms of their policy inaccurate, his alleged misconduct occurred in 1991 when he sold plaintiffs the policy containing the flood exclusion"); *Cresson v. State Farm Fire and Cas. Co.*, No. 06-4763 2006 WL 2912824 at *1-2 (E.D. La Oct. 5, 2006) (McNamara, A.J.) (holding that peremptive period began at time the claimant purchased her policy); *Perez*, 2006 WL 2178753, at *3 (same); *Biggers*, 886 So. 2d at 1183 (holding that peremptive period, applicable to insured's negligence suit against agent, began when plaintiff purchased policy).

Plaintiff cannot avoid peremption by claiming that she did not realize that she was underinsured until after Hurricane Katrina because her insurance policy itself was sufficient to put her on notice of this fact one and a half years ago. Louisiana has long recognized that a prescriptive period begins to run when a petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a tort. *See, e.g., Dobson*, 2006 WL 2078423, at *9 (stating that "[a] prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); *Campo v. Correa, M.D.*, 828 So. 2d 502, 510 (La. 2002). A person is deemed to have constructive knowledge when a reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry." *Id.*

Further, under Louisiana law, insureds are deemed to have read and know the provisions of their insurance contracts. *See T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667 (5th Cir. 2001) (stating that under Louisiana law, "an insured is presumed to know the provisions of his policy"); *Dobson*, 2006 WL 2078423, at *9 (stating that "[a]n insured party

is generally responsible for reading his policy, and he is presumed to know its provisions"); *McDermott Int'l, Inc. v. Indus. Risk Insurers*, No. 01 CV 3027, 2003 WL 22928802 (E.D. La. Dec. 9, 2003); *Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 686 (La. App. 2d Cir. 1995) (stating that "[a]n insured is presumed to know the provisions of his policy"); *Matthews v. Business Men's Assurance Co. of Am.*, 478 So. 2d 634, 637 (La. App. 2d Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So. 2d 488 (La. App. 1st Cir. 1989). Accordingly, the insurance policy itself was sufficient to place Plaintiff on notice regarding the adequacy of her insurance policy limits. When Plaintiff purchased and received her policy in March 2005, she had all of the information needed to "excite attention" and put her on notice. Her claims against Aparicio are, therefore, perempted because she filed suit more than one year from the date she knew or should have known of her cause of action. *See id.; Simmons v. Templeton*, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

This Court has recently reached the same decision in five similar cases, denying motions to remand and holding that insurance agents had been improperly joined because the plaintiffs' claims were perempted. *See Perez*, 2006 WL 2178753; *Dobson*, 2006 WL 2078423 (claims perempted in four different cases). Based on similar allegations that the agents in those cases failed to procure adequate and/or other insurance coverage and failed to advise that certain damages were not covered under their policies, the courts held that the claims against the agents were perempted under Section 9:5606 of the Louisiana Revised Statutes because more than one year/three years had passed from when the insurance policies were issued. *Id.* In the instant case, Plaintiff knew or should have known of her purported claim regarding the policy terms and limits in March 2005 when she purchased the homeowners policy and her claims are perempted. *See, e.g. Biggers*, 886 So. 2d at 1183; *Calvin*, 856 So. 2d at 88.

Finally, "when the plaintiff's petition is perempted on its face, the burden shifts to the plaintiff to show why the claim has not perempted." *Dauterive Contractors, Inc. v. Landry & Watkins*, 811 So. 2d 1242, 1253 (La. App. 3d Cir. 2002). Because Plaintiff's claims plainly have been perempted, the burden is on her to establish that Aparicio is not improperly joined. Plaintiff, however, has come forward with no evidence to support her position. Accordingly, any claims against Aparicio are perempted, and Aparicio was improperly joined. As a result, this Court has diversity jurisdiction over Plaintiff's claims against Encompass.

### B. Even Assuming *Arguendo* that Plaintiff's Claims are not Perempted, Plaintiff Fails to State a Claim Against Aparicio.

Plaintiff's claims against Aparicio fail for at least three additional reasons, each of which demonstrates why Aparicio has been improperly joined as a defendant in this case.[4]

#### 1. *Plaintiff Has Not Alleged that Aparicio Failed to Provide Requested Insurance.*

---

[4] Plaintiff cites a handful of cases in support of her argument that Aparicio has not been improperly joined, but each of the cases is readily distinguishable. For example, the court in both *Berry* and *Hillery* held that there was no diversity jurisdiction because the defendant could not establish that the amount in controversy exceeded the statutory minimum of $75,000, and never reached the issue of whether a non-diverse defendant was improperly joined. *Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 U.S. Dist. LEXIS 70499 (E.D. La. Sept. 19, 2006); *Hillery v. State Farm Fire and Cas. Co.*, No. 06-2909, 2006 U.S. Dist. LEXIS 51446 (E.D. La. July 26, 2006). Here, Plaintiff does not dispute that the amount in controversy exceeds $75,000. *See* Pl.'s Mem. at p. 3. *Harrington* is distinguishable because the court found that claims against the diverse and non-diverse defendants were sufficiently related to each other as the Plaintiffs alleged negligent and intentional misrepresentation by the agent defendant, as well as that both "defendants acted in concert to misrepresent or conceal policy terms." *Harrington v. Lexington Ins. Co.*, No. 06-1440, 2006 U.S. Dist. LEXIS 53564 (E.D. La. Aug. 1, 2006). Plaintiff does not allege that Aparicio negligently or intentionally misrepresented, or acted in concert with Encompass to conceal, policy terms.

- 11 -

Plaintiff alleges that Aparicio "fail[ed] to obtain or recommend insurance coverages" (*see* Pet., ¶ 10) and that because of such actions Plaintiff has been "deprived of proper insurance coverages, and therefore payment, for losses sustained as the result of Hurricane Katrina." *Id.* at ¶ 11. Yet, Plaintiff's own cases recognize that Louisiana only acknowledges a cause of action against an agent who fails to obtain "*requested*" insurance for the insured. *See, e.g., Fidelity Homestead Ass'n v. Hanover Ins. Co.*, No. 06-3511, 2006 WL 2873562, at *4 (E.D. La. Oct. 5, 2006); *Dobson*, 2006 WL 2078423, at *10 (holding that "[i]nsurance agents in Louisiana have a duty only to use reasonable diligence in attempting to place the insurance requested."); *see also Taylor v. Sider*, 765 So. 2d 416, 418 (La. App. 4th Cir. 2000) (holding that insurance agent has no fiduciary duty to procure particular coverage unless specifically requested to do so); *Jones v. Webb*, 821 So. 2d 614, 617 (La. App. 2d Cir. 2002) (same). In this case, Plaintiff does not allege in her Petition that Aparicio failed to place a particular type of insurance that was **specifically requested** by Plaintiff. Because the propriety of removal must be judged on the basis of allegations appearing on the face of the Petition at the time of removal (*Moore,* 717 F. Supp. at 1196-97) Plaintiff fails to state a cognizable claim against Aparicio.

### 2. *Aparicio Had No Duty to Offer or Advise Plaintiff as to Additional Coverage.*

Plaintiff also claims that Aparicio failed to "recommend" coverage based on "the special needs required by the location of the residence property." *See* Pet., ¶¶ 8, 10. This claim likewise fails under Louisiana law because there is absolutely no "case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *See Dobson*, 2006 WL 2078423, at *10-11. Instead, an *insured* has a duty to know and understand her coverage and limits. *See Motor Ins. Co. v. Bud's*

*Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990) ("Client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy."); *Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So. 2d 769 (La. App. 3d Cir. 2002) (holding insurance agent had no duty either in contract or tort to inquire into insureds' financial condition and advise them to carry higher liability limits or purchase an umbrella policy); *Smith v. Millers Mut. Ins. Co.*, 419 So. 2d 59 (La. App. 2d Cir. 1982) (noting insured should be held to have read and know limits of policy); *Sullivan v. State Farm Fire & Cas. Ins. Co.*, No. 06-0004, R. Doc. No. 42 (E.D. La. Apr. 6, 2006) (Duval, J.) (motion to dismiss granted where claims asserted that insurer and agent had a duty to advise of and procure additional insurance); *Tomlinson v. Encompass Indem. Co.*, No. 06-0617, R. Doc. 21 (E.D. La. May 12, 2006) (Roby, M.) (refusal to permit joinder of insurance agent regarding mitigation claim).

### 3. *Aparicio Cannot Be Held Personally Liable for Its Actions as Agents of Encompass.*

Plaintiff's claims against Aparicio fail for the additional reason that Aparicio was acting as the disclosed agent of Encompass, and therefore, is not personally liable to Plaintiff.[5]

Under Louisiana law, an agent for a disclosed principal cannot be held personally liable to a third party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal. LA. CIV. CODE arts. 3016, 3019; *Ragas*, R. Doc. No. 13 (motion to remand denied based on improper joinder of agent); *see also Leblanc v. Mid-Continent Life Ins.*, No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent

---

[5] Plaintiff tries to avoid this result by arguing, for the first time, that the claims against Aparicio "assert independent acts of negligence and breach of duty," rather than actions taken in the course of Aparicio's capacity as an agent of Encompass. *See* Pl.'s Mem. at p. 10. However, Plaintiff's Petition acknowledges and states that Aparicio is an insurance agent who placed her insurance policy with Encompass. *See* Pet., ¶¶ 4-5, 7.

- 13 -

personally bound itself or exceeded its authority); *Kimball*, 939 F. Supp. at 482 (finding no cause of action against insurance agent as there were no allegations that agent acted outside his authority or misrepresented company's position); *Miller v. Powers & Tuttle*, 145 So. 718, 719 (La. App. 2d Cir. 1933); *McMorris v. Stafford*, 655 F. Supp. 671 (M.D. La. 1987) (agent who discloses his principal is not liable to third party); *Picquet v. Amoco Prod. Co.*, 513 F. Supp. 938, 940 (M.D. La. 1981) (no liability for agent of disclosed principal).[6]

Plaintiff has not alleged, in her Petition or elsewhere, that Aparicio ever exceeded its authority, personally bound itself, or intentionally misrepresented a position of Encompass. Accordingly, Plaintiff has not alleged a cause of action against Aparicio. *Id.*; *see also Kevett v. Liberty Mut. Ins. Co.*, No. 03-351 (M.D. La. Aug. 26, 2003) (Riedlinger, M.) (denying motion to remand and finding no cause of action against agents in insurance context; "[t]here is no hint in this petition that any of these defendant [agents] offered to become personally responsible for [the plaintiffs'] claims under the insurance policy or that they in any way assumed a duty toward [the plaintiffs] except as the disclosed agent for Allstate.").

### C. The Claims Against Aparicio Are Completely Unrelated to the Claims Against Encompass, and Are Therefore Fraudulently Misjoined.

Plaintiff's discussion of the fraudulent misjoinder doctrine misses the mark. *See* Pl.'s Mem. at pp. 4-8. The genesis of the fraudulent misjoinder theory is the Eleventh Circuit's decision in *Tapscott*. *Tapscott v. MS Dealer Servs. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) *overruled on other grounds sub nom Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom

---

[6] "Officers, employees, and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context." *Korson v. Indep. Mall I, Ltd.*, 595 So. 2d 1174, 1178 (La. App. 5th Cir. 1992); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F. Supp. 2d 511, 515 (E.D. La. 2001).

a plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'") (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The fraudulent misjoinder theory holds that where claims against different defendants are merely parallel and have no real connection to each other, the claims should be severed from one another, and the fact that these unrelated claims include non-diverse parties does not defeat removal. *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003). Thus, if a plaintiff joins unrelated claims that include non-diverse defendants to defeat removal where diversity would otherwise exist, removal is still proper and the unrelated claims should be severed. *Id.* at 781-82 (denying in part motion to remand as to claim where diversity existed, granting motion to remand and severing the unrelated claim where diversity was lacking).

As other lower courts have recognized, the Fifth Circuit has cited the *Tapscott* fraudulent misjoinder theory with approval. *Id.* (citing *Benjamin Moore*, 309 F.3d at 296); *see also In re Benjamin Moore & Co. II*, 318 F.3d 626, 630-31 (5th Cir. 2002) ("[F]raudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction."). Plaintiff's Motion to Remand completely ignores the recent decision by Judge Duval of this Court, in which Judge Duval explicitly applied the fraudulent misjoinder theory to deny a motion for remand. *Berthelot v. Boh Bros. Constr. Co., L.L.C.*, No. 05-4182, 2006 U.S. Dist. LEXIS 51603, at *37-38 (E.D. La. June 1, 2006) (Duval, J.). In *Berthelot*, Judge Duval held that because claims against some defendants sounded in negligence under Louisiana tort law and the claims against other insurer defendants were based on contract law, the claims were fraudulently misjoined and were properly severable. *Id.*

Similarly, in *Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, 2006 U.S. Dist. LEXIS 61500, at *2 (E.D. La. Aug. 30, 2006), Judge Feldman expressly recognized the Fifth Circuit's adoption of the fraudulent misjoinder theory, citing the Fifth Circuit's decision in *Benjamin Moore*, *supra*. In *Defourneaux*, Judge Feldman found that the claims against the separate and unrelated defendants (MET and Jefferson Parrish) presented "neither overlapping questions of fact nor related issues of law." *Id.* Accordingly, Judge Feldman held that the "plaintiffs' claims against the defendants did not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined." *Id.*[7]

In sum, the doctrine of fraudulent misjoinder carries recognized validity in this Circuit and in this District. Where, as here, fraudulent misjoinder is apparent on the pleadings, diversity jurisdiction is not defeated and removal is proper. *Tapscott,* 77 F.3d at 1359-60; *see also Berthelot*, 2006 U.S. Dist. LEXIS 51603 (finding fraudulent misjoinder where claimants sued both insurers and non-diverse defendant, Orleans Levee District, because allegedly tortious conduct of Orleans Levee District presented factual and legal issues entirely separate and distinct from alleged breaches of contract by insurer defendants); *Chehardy v. La. Ins. Comm'r*, No. 05-1140 (M.D. La. March 10, 2006) (Polozola, J.) (finding fraudulent joinder and maintaining jurisdiction where plaintiff alleged separate claims against separate insurers and Insurance Commissioner).

---

[7] In an effort to cast doubt upon the continuing vitality of *Tapscott*, Plaintiff cites to *Schwartz v. Chubb & Sons*, 2006 WL 980673 (E.D. La. April 11, 2006). *See* Pl.'s Mem. at p. 4. In that case, Judge Fitzwater noted that defendants' "contention that the Fifth Circuit has adopted *Tapscott* may have some merit." However, *Schwartz* did not decide the issue. Furthermore, *Schwartz* was decided before numerous recent cases in this District expressly adopted the fraudulent misjoinder theory, including *Berthelot* and *Defourneaux*.

Plaintiff cites certain cases where the courts have found joinder of claims against an agent and an insurer not sufficiently egregious to constitute fraudulent misjoinder. *See, e.g.,* Pl.'s Mem. at pp. 4, 6-7 (citing *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673 (E.D. La. Apr. 11, 2006); *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. Sept. 6, 2006); and *Radlauer v. Great Northern Ins. Co.*, 2006 WL 1560791 (E.D. La. May 16, 2006)). Encompass respectfully submits that such cases were decided too narrowly and gloss over the unfairness and impropriety of lumping together separate and independent actions sounding in negligence against an agent, such as Aparicio here, for failing to recommend coverages, together with an entirely different action against an insurer for breach of contract under an insurance policy. Rather, Encompass urges this Court to follow the decisions in such cases as *Berthelot, Defourneaux, Chehardy, Tapscott, Smith,* and *Juneau v. Ducote*, 2005 WL 2648861 (W.D. La. 2005), because, here, the claims against Encompass are wholly distinct and separate from the claims against Aparicio. On the one hand, Plaintiff claims that Encompass failed to pay sums due under the homeowners policy, and on the other hand, Plaintiff purports to allege that Aparicio failed to obtain or recommend certain insurance coverages. The bases underlying these claims, the facts from which they arise, and the legal analyses this Court will employ in determining a proper resolution all are different. Thus, as noted by this Court in *Defourneaux,* "[t]he only common factual thread between the claims is Hurricane Katrina." *Defourneaux,* 2006 U.S. Dist. LEXIS 61500, at *1. This single, attenuated connection is insufficient to establish proper joinder of the claims against Encompass and Aparicio. Plaintiff's arguments to the contrary should be ignored.

In sum, the joinder of Aparicio here is improper, and this Court should disregard its citizenship in determining diversity jurisdiction. *Juneau,* 2005 WL 2648861, at *4.

## CONCLUSION

This Court has diversity jurisdiction over this dispute. Plaintiff's claims against Aparicio clearly have been perempted, and Plaintiff has not stated a claim against the non-diverse defendant, Aparicio. Accordingly, this Court must ignore the citizenship of Aparicio for diversity purposes, and deny Plaintiff's Motion to Remand in its entirety.

Dated: December 5, 2006

Respectfully submitted,

_/s/ Glenn B. Adams_
GLENN B. ADAMS (#2316)
MICHAEL W. COLLINS (#29129)
PORTEOUS, HAINKEL, & JOHNSON, LLP
704 Carondelet Street
New Orleans, Louisiana 70130-3774
Telephone: (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
       mcollins@phjlaw.com
*Attorneys for Encompass Insurance Co.*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon Plaintiff's counsel by electronic delivery via CM/ECF, facsimile service and/or by placing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December, 2006.

_/s/ Glenn B. Adams_
Glenn B. Adams
Michael W. Collins