UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA
2006 OCT 13  PM 5: 26
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| MELANIE PALMER, | * |
| Plaintiff, | * |
| | * CIVIL ACTION NO.: **06-8126** |
| VERSUS | * JUDGE: |
| ENCOMPASS INSURANCE COMPANY, ET AL. | * MAGISTRATE **SECT. C MAG 3** |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL BY DEFENDANT ENCOMPASS INSURANCE COMPANY

Defendant, Encompass Insurance Company ("Encompass"), hereby removes to this Court the state court action described below.

1. Melanie Palmer ("Plaintiff") commenced this action against Encompass and an insurance agency seeking recovery from her homeowners policy under several legal theories for damages she allegedly suffered to her dwellings, other structures, or personal property during Hurricanes Katrina.

2. This action was filed in the 24th Judicial District for the Parish of Jefferson, State of Louisiana, entitled *Melanie Palmer* versus *Encompass Insurance Company, Aparicio Walker and Seeling Inc.*, Case No. 635-382, Division I.

3. Plaintiff is alleged to be a citizen of Louisiana. (Petition, ¶¶ Intro., 2.)

4. The Petition names Encompass and an insurance agency, Aparicio Walker and Seeling, Inc. (collectively "Defendants"). (Petition ¶ I.) Encompass is alleged to be a foreign non-Louisiana insurance company, and Aparicio Walker and Seeling, Inc. ("Agent Defendant") is alleged to be a Louisiana corporation. (*Id.*)


EXHIBIT A

5. It is fundamental that a creative and fraudulent pleading cannot destroy diversity and defeat removal jurisdiction. Yet that is exactly what Plaintiff has attempted to do here.

6. Complete diversity exists between Plaintiff, who is a Louisiana citizen, and Encompass, a non-Louisiana citizen. In an effort to defeat diversity jurisdiction and avoid removal to federal court, Plaintiff has improperly pled her complaint in a fraudulent manner. Plaintiff has attempted to fraudulently join claims against the Agent Defendant which claims are not only meritless and perempted, but wholly unrelated to the claims Plaintiff alleges against Encompass.

7. Such a fraudulent pleading does not defeat diversity jurisdiction. Rather, Encompass has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 28 U.S.C. § 1441 because there is complete diversity as to all *properly* joined parties; and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

8. Encompass has attached all pleadings filed in the record of the state court proceeding. (*See* Ex. A.) Plaintiff served Encompass with process for the original Petition through the Louisiana Secretary of State on September 15, 2006. Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

9. Agent Defendant has signed written consents to this removal, attached hereto as Exhibit B.

### Complete Diversity Exists As To All Properly Joined Parties

10. Plaintiff is a citizen of Louisiana. (Petition Intro.)

11. Encompass is an Illinois corporation, with its principal place of business in Illinois. (*See* Petition ¶ I(1); Ex. C.)

12. Thus, there is complete diversity between Plaintiff and Encompass. As set forth in more detail below, Plaintiff's claims against the Agent Defendant are improperly joined with Encompass and should be disregarded for diversity purposes. *See, e.g., Burden v. General*

*Dynamics Corp.,* 60 F.3d 213, 217-18 (5th Cir. 1995) (holding that defendants who have been improperly joined, "must be ignored for purposes of diversity jurisdiction.")

### The Claims Against The Agent Defendant Are Improperly Joined And Should Be Disregarded.

13. The Agent Defendant is alleged to be a citizen of Louisiana. (Petition ¶ I.) The citizenship of the Agent Defendant does not defeat this Court's subject matter jurisdiction because his joinder as a defendant was improper. *See Burden,* 60 F.3d at 217-18 (holding that defendants who have been improperly joined, "must be ignored for purposes of diversity jurisdiction").

14. The gravamen of the Petition is that the Agent Defendant allegedly breached his fiduciary duty to Plaintiff to provide and secure appropriate and adequate coverage, and to properly advise Plaintiff as to her coverage needs. (Petition ¶¶ 6, 7, 9 - 11.) But the claims against the Agent Defendant do not defeat diversity. Plaintiff's claims against the Agent Defendant are perempted and also fail as a matter of substantive Louisiana law. Thus, the Agent Defendant's citizenship is irrelevant because he was improperly joined. Furthermore, since the claims against the Agent Defendant are wholly unrelated to the claims against Encompass, these claims should be severed entirely from Plaintiff's claims against Encompass.

### The Claims Against The Agent Defendant Fail As A Matter Of Law And Are Improperly Joined.

15. Plaintiff cannot state a claim against the Agent Defendant; and thus the Agent Defendant is improperly joined.

16. To establish that a defendant has been improperly joined, courts must find either, "(1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Id.* at 217. With respect to the second prong, courts consider

whether there is any *reasonable* probability of recovery against the non-diverse defendant in state court. *E.g., id.* at 217 (whether, "as a matter of law, there [is] no *reasonable* basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court.") (emphasis added, quoting *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)).

### 1. Plaintiff's claims against the Agent Defendant are barred by the one year peremptive period.

17.   Under Louisiana law, Plaintiff has not and cannot establish a claim against the Agent Defendant because any such claim is perempted pursuant to Louisiana Revised Statute 9:5606(A).

18.   Plaintiff originally purchased her homeowners policy in March 2005, more than *1 year* before the filing of the lawsuit on August 26, 2006.

19.   Louisiana courts have held that a claim against an insurance agent brought more than one year from the date that the plaintiff had either actual or constructive knowledge of the agent's alleged failure are perempted under La. Rev. Stat. 9:5606(A). In a recent decision, Judge Vance denied the plaintiffs' motions to remand in four different hurricane cases holding that the insurance agents had been improperly joined because the plaintiffs' claims against the agents were perempted under La. Rev. Stat. 9:5606. *See Dobson v. Allstate et al.*, No. 06-252, *Davis v. Allstate et al.*, No. 06-1064, *Wellmeyer v. Allstate et al.*, No. 06-1585, and *Rault v. Encompass et al.*, No. 06-1734, 2006 WL 1581272 (E.D. La. 7/21/06). Based on similar allegations that the agents in those cases failed to procure adequate and/or other insurance coverage and failed to advise that certain damages were not covered under their policies, Judge Vance held that the claims against the agents were perempted under La. Rev. Stat. 9:5606 because each plaintiff filed suit over one year from the date of the alleged wrongful act or omission, which Judge Vance held occurred at the time the insurance policies were issued. *Id.* Judge Vance also noted that the

plaintiffs failed to cite and the Court could not find any case law imposing a duty on an agent to identify clients' needs and advise on whether they were underinsured or carried the right type of coverage. *Id.*

20.     As in *Dobson, Davis, Wellmeyer,* and *Rault,* Plaintiff here cannot state a claim against the Agent Defendant. As noted above, Plaintiff would have known of the actual terms of her policy more than one year prior to the filing of this lawsuit. As such, Plaintiff cannot establish any actionable conduct within the one year peremptive period of Louisiana Revised Statute 9:5606. As in *Dobson, Davis, Wellmeyer,* and *Rault,* where plaintiffs filed suit after the peremptive period had run, Plaintiff's claims here are perempted, and removal is therefore proper.

### 2.     Plaintiff's claims against the Agent Defendant also fail as a matter of Louisiana agency law for several additional reasons.

21.     In addition, Plaintiff's claims against the Agent Defendant are precluded by Louisiana agency law to the extent that Plaintiff is arguing that the Agent Defendant was acting in his authority as an agent for Encompass. Under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds itself or exceeds its authority. La. Civ. Code arts. 3016, 3019; *see also Leblanc v. Mid-Continent Life Ins.*, No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceeded its authority); *Miller v. Powers & Tuttle,* 145 So. 718, 719 (La. App. 2d Cir. 1933); *Ragas v. Tarleton,* Case No. 06-4137 (E.D. La. October 10, 2006) (Feldman, J.) (denying motion to remand since plaintiff failed to state a claim against the non-diverse agent defendant).

22.     Plaintiff does not allege that the Agent Defendant exceeded his authority, personally bound himself, or misrepresented a position of Encompass, and as such, Plaintiff fails to state a claim against the Agent Defendant as a matter of law.

23. Plaintiff's general allegation that the Agent Defendant failed to tell her that her policy would not cover certain damage and did not procure adequate and/or other coverage (Petition ¶¶ 6, 7, 9 - 11.) also does not state a claim under Louisiana law. *See, e.g., Graves v. State Farm Mut. Auto. Ins. Co.*, 2001-1243, (La. App. 3 Cir. 6/26/02) 821 So. 2d 769, 773-74 (insurance agent and agency had no duty, either in contract or tort, to inquire into insureds' financial condition and advise them to carry higher limits or purchase additional policy); *Jones v. Webb*, 36,121 (La. App. 2d Cir. 6/12/02), 821 So. 2d 614, 617 (insurance agent has no duty to procure a policy unless specifically asked to do so); *Smith v. Millers Mut. Ins. Co.*, 419 So. 2d 59, 65 (La. App. 2 Cir. 1982) ("insured should be held to have read and know the liability limits . . . plainly disclosed on the face of the policy, particularly where, as here, the insured is an educated, experienced businessman"); *McCartney v. State Farm Ins. Co.*, 567 So. 2d 1168, 1171 (La. App. 3 Cir. 1990) (agent not negligent in failing to procure coverage for liability where no evidence that insureds specifically requested such coverage). In fact, following these authorities, Judge Stanwood Duval recently dismissed a plaintiff's claim that an insurer and insurance agent had a duty to advise of and procure additional insurance. *Sullivan, et al. v. State Farm Fire & Cas. Ins. Co., et al.*, No. 06-0004 (E.D. La. 4/6/06).

24. In sum, because Plaintiff cannot establish a claim against the Agent Defendant, the Agent Defendant is improperly joined and his Louisiana residence cannot be considered for diversity purposes.

### The Amount In Controversy Exceeds $75,000

25. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party must "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See Davis v. State Farm Fire & Cas.*, No. 06-0560, 2006 WL1581272, slip op. at *2 (E.D. La. June 7, 2006). The removing party, here Encompass, can

meet this burden by demonstrating that it is facially apparent from the Petition that the claims of at least one plaintiff are likely to be above $75,000. *Id.*; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 2615, 162 L.Ed.2d 502, 515 (2005) (holding that where "at least one named plaintiff in the action satisfied the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount. . . .") Alternatively, where it is not facially apparent on the pleading, the defendant may set forth facts in controversy demonstrating that at least one plaintiff's claims exceed $75,000. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

26. Here, the amount in controversy exceeds $75,000. Plaintiff alleges that her residence ". . . suffered significant damage and/or ***total destruction*** from Hurricane Katrina. . ." (Petition ¶ 13, emphasis added; *see also* Petition ¶¶ 3, 24.) Plaintiff's homeowners insurance policy with Encompass, under which her claims are made, has property location limits of $500,000 (which includes the dwelling, its contents and other structures). These policy limits establish that the amount in controversy is met here. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met). Also, Plaintiff seeks to recover additional living expenses which further swells the amount in controversy. (Petition ¶ 11.) Plaintiff alleges that Encompass has "denied coverage for the losses except minimal payment." (Petition ¶ 15.) Upon information and belief, to-date Plaintiff has received an adjustment of her claim from Encompass in the amount of $13,639.58. Accordingly, the amount in controversy well exceeds $75,000.

27. In addition to the contractual amounts claimed, each Plaintiff also seek attorneys' fees and penalties that can total twice the amount of damages. (Petition ¶¶ 18, 19, 21.) While

Encompass denies it acted in bad faith, such attorney fees and penalties are properly included in determining the jurisdictional amount. *See Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reins.*, 134 F.3d at 1253 (noting that attorney fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). These potential penalties and fees simply swell the amount in controversy and clearly establish that the jurisdictional minimum is met.

28. Accordingly, the amount in controversy exceeds $75,000.00 for diversity jurisdiction.

**WHEREFORE,** Encompass respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

_____
Glenn B. Adams (#2316)
Porteous, Hainkel & Johnson, LLP
704 Carondelet Street
New Orleans LA 70130
[504]581-3838
[504]581-4069 [fax]
Attorneys for Encompass Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal by Encompass Insurance Company, has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 13th day of October, 2006.

_____

Glenn B. Adams



**DIV. I**
**JUDGE JO ELLEN GRANT**

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 635-382                                              DIVISION: I

MELANIE PALMER

VERSUS

ENCOMPASS INSURANCE COMPANY
AND APARICIO, WALKER & SEELING

FILED: AUG 26, 2006

FILED: _____   _____
                                     DEPUTY CLERK

### PETITION FOR DAMAGES-JURY TRIAL

The petition of MELANIE PALMER, person of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana, respectfully represents as follows:

1.

Made defendants herein are:

A. ENCOMPASS INSURANCE COMPANY, a foreign insurance corporation authorized to do and doing business in the State of Louisiana, Parish of Jefferson; and

B. APARICIO, WALKER & SEELING, INC. a domestic corporation authorized to do and doing business in the State of Louisiana, Parish of Jefferson.

2.

At all times pertinent hereto, plaintiff, Melanie Palmer (hereafter "Palmer"), was the owner of, and resided in the house located at 3529 Tolmas Street, Metairie, Louisiana.

3.

On or about August 29, 2005, and thereafter, plaintiff's home in Jefferson Parish and its contents were destroyed by the high storm winds from Hurricane Katrina, and their ancillary effects, including water from broken drainage canals.



EXHIBIT "A"

## Errors and Omissions

4.

At all times pertinent hereto, there were, in full force and effect, policies of insurance intended to provide insurance coverage to plaintiff for losses of, or to, her home which insurance coverages were recommended and placed by defendant, Aparicio, Walker & Seeling, Inc., (hereafter "AWS"), including coverages placed with Encompass Insurance Company (hereafter, "Encompass").

5.

At all times pertinent hereto, defendant AWS was a duly licensed insurance agency and broker of insurance.

6.

At all times pertinent hereto, defendant, AWS, held themselve out to be trained and skilled insurance professionals with specialized and expert knowledge in the evaluation of insurance needs and insurance coverages, and further undertook to act as insurance agents, insurance consultants, insurance brokers and expert insurance advisors to plaintiff, Palmer.

7.

At all times pertinent hereto, defendant, AWS, acting as expert insurance agents and consultants and advisors to plaintiff, Palmer, proposed to, and did in fact, place insurance coverage for Palmer, including coverage for loss due to fire, wind, storm, and hurricane, and including insurance coverage for flood. In order to induce Palmer to accept their insurance proposal and placement of coverage, defendant, AWS represented to Palmer that the proposed insurance coverage was the best available and provided full insurance coverage to her, with full coverage amounts for all potential losses to the full extent that coverage and coverage limits were available or could be obtained.

8.

At all times pertinent hereto, defendants had actual knowledge, or should have known that Petitioner's residence was located in a special flood zone, which should have alerted the defendants to the special needs required by the location of the residence property.

9.

At all times pertinent hereto, defendants, AWS knew or should have known that homes located in Metairie are at or below sea level and that as such, they have particular susceptibilities to storms and hurricanes, and are subject to flooding and damage from water.

10.

Defendant, AWS, committed errors, omissions, negligence, fault, and/or breaches of duty, in the failure to properly evaluate and place appropriate insurance coverage as represented to plaintiff, Palmer as follows:

a. Failure to properly review the provisions and coverages prior to placing or renewing plaintiff's insurance policies, including homeowners and flood insurance;
b. Placing or renewing insurance policies with inconsistent coverage limits for hurricane/windstorm coverages and for flood coverage;
c. Failure to obtain or recommend insurance coverages with adequate policy limits or adequate coverage amounts;
d. Failure to obtain or recommend insurance coverages in amounts consistent with the value of the property insured;
e. Failure to obtain or recommend insurance coverages which would provide coverage or payment for the losses which plaintiff actually suffered;
f. Increasing plaintiff's fire/wind/hurricane coverage limits without corresponding increases in flood insurance limits and failing to warn plaintiff that defendants were not increasing his flood limit;
g. Failing to advise petitioner of, or correct a gap in homeowner's and flood insurance coverage limits;
h. Failing to apprise the plaintiff of the existence of or changes to other insurance products, especially increases in flood coverages and excess flood insurance coverage;
i. Other acts of negligence, fault, or breach of duty to be established at trial.

11.

As a direct and proximate result of the negligence, fault, errors, omissions and breach of duty of defendant AWS, plaintiff, Palmer, has been deprived of proper insurance coverages, and therefore payment, for losses sustained as the result of Hurricane Katrina, including without limitation, loss of her home and its contents, the additional cost of living associated with the loss of her home, damage to her home and the increased cost of repair or rebuilding, and other items of loss and damage, all of which warrant judgment in plaintiff's favor in an amount reasonable under the circumstances and sufficient to warrant trial by jury.

### Homeowner's Claim

12.

At all times pertinent hereto, there was in full force and effect a policy of insurance issued by defendant, Encompass Insurance Company, (hereafter, Encompass) and providing insurance coverage to plaintiff for losses to her home at 3529 Tolmas, Metairie, Louisiana; the policy was in force and effect on or about August 29, 2005, and provided coverage for damages caused directly and/or indirectly by Hurricane Katrina.

13.

On or about August 29, 2005, Plaintiff's home at 3529 Tolmas, in Metairie, suffered significant damage and/or total destruction from Hurricane Katrina winds and the ancillary effects of such winds, including water from broken drainage canals and including damage to insured structures including outbuildings, trees, decks, roofs, movement of the second story which resulted in damage to the interior walls, roof and structure as well as damage to the petitioner's residential structure, furnishing, appliances, utensils, draperies, curtains, rugs and other insured property.

14.

Petitioner, Palmer notified defendant, Encompass in a prompt and timely fashion that her home had sustained losses under the policy. Further plaintiff provided all information, documents, and access requested by Encompass, and plaintiff cooperated fully, and in good faith, in connection with the assertion of his claim for payments under the policy issued by Encompass. At all times pertinent hereto, Palmer has stood willing to provide all information and or documentation regarding the extent and cause of damage to her home.

15.

Encompass has denied coverage for the losses except minimal payment.

16

Plaintiff asserts that Encompass' response to her claim was wholly inadequate, including without limitation, the "drive-by appraisal," the failure to properly inspect or appraise her damages, failure to include damage caused by wind, including without limitation, damage to plaintiff's roof, interior and exterior walls, framing, windows, and otherwise wind damage affecting the entire building envelope and structure.

17.

Encompass is liable to petitioner for payment under her homeowner policy for the wind damage to the building which includes repairs to the structure, repairs to the roof, repairs to the interior of the structure, and replacement of the contents that were damaged by wind, as well as losses for destruction of trees and removal, for wind damage to the house, outbuildings, and contents as well as payment under its policy provisions for loss of use for the uninhabitable insured premises.

18.

Despite receiving prompt and timely notice of this claim, and despite Encompass' full opportunity to conduct its investigation and appraisal, and despite full cooperation from its insured, Encompass arbitrarily, and capriciously, and without probable cause, failed to initiate adjustment of plaintiff's claim within the time delays provided by statute, failed to conduct a good faith appraisal of the loss, failed to make payment of the claim within 30 days of their "investigation" nor since, all in violation of La. R.S. 22:658(A), which renders Encompass liable for statutory penalties and attorneys fees pursuant to La.R.S.22:658(B).

19.

Despite Encompass' full opportunity to conduct its investigation and appraisal, and despite full cooperation from its insured, Encompass arbitrarily, and capriciously, and without probable cause, failed to make payment of its insured's claim within 60 days in violation of La. R.S. 22:1220(B)(5), rendering it liable for damages as well as statutory penalties to pursuant to La. R.S. 22:1220(C).

20.

Since petitioner's initial claim, Encompass has engaged in a pattern of arbitrary and capricious behavior for the purpose of delaying or avoiding proper payment, under which pattern defendant has improperly denied coverage, misstated policy coverages, miscalculated damage amounts and/ or improperly denied obvious causes of damage, in an attempt to mislead its insured and avoid payment of a valid claim.

Other Policy Claims

21.

The Encompass Insurance Company(Encompass) issued policy of insurance which provided homeowners insurance coverage to plaintiff. This homeowner policy is subject of Louisiana's "Valued Policy Law" La.R.S. 22:695 *et seq.*, pursuant to which, Encompass placed a valuation on plaintiff's covered property, agreeing, to pay such value in the event of total loss of the property.

22.

Petitioner avers pursuant to the provisions of the Louisiana "Valued Policy Law" La.-R.S. 22:695, *et seq.*, exclusionary language or anti-concurrent cause provisions contained in this policy are null and void as being ambiguous and against public policy and the expressed provisions of La.-R.S. 22:695 (B). Also, such exclusionary language or anti-concurrent cause clauses are further specifically prohibited by the provisions of La.-R.S. 22:695 (B).

23.

Encompass assessed the damage to petitioner's home after the events of August 29, 2005, and without conducting sufficient investigation arbitrarily determined the damage to the covered property was not caused by a covered peril, thus denying plaintiff payment for plaintiff's losses.

24.

Plaintiff asserts that the covered property sustained total loss or damage from perils which are covered under the insurance policy issued by Encompass, specifically, the dominant and efficient causes of all damage to plaintiff's home were covered perils, including but not limited to: wind and / or windstorm (a covered peril), hurricane (a covered peril), falling rain (a covered peril), and/or negligence of persons other than the insured (a covered peril). Hence, Encompass is liable for the full limit of the policy for the dwelling and all other insured structures.

25.

Defendant, Encompass is and has been well aware of the various post-Katrina studies which have been performed on the various flood wall failures, particularly the 17th Street canal failure, all of which concluded that water entering Jefferson Parish on August 29, 2005 was a result of an act of man and not a result flood driven waters from Hurricane Katrina. Plaintiff avers that defendant has arbitrarily and capriciously ignored these findings and denied coverage for these plaintiff's losses under her homeowner's policy.

26.

Plaintiff's insurance policy issued by Encompass contained a "Special Hurricane Deductible" endorsement which <u>specifically changed the policy coverage</u> to provide coverage for any loss suffered to the insured's premises that was "caused directly <u>or indirectly</u> by windstorm," if a named Hurricane has been determined by the National Weather Service. Petitioner avers that the loss sustained to the insured's premises were caused directly or indirectly by windstorm and are therefore covered under the policy change.

27.

As the direct and proximate result of Encompass' arbitrary and capricious failure and refusal to pay all sums properly due pursuant to the policy of insurance as stated above, plaintiff has suffered the loss of sums due under the policy, including policy limits of all coverages, suffered the inability to repair or rebuild his home, the inability to return to his home, losses due to continued deterioration of any remaining structure, inability to clear debris, and other damages to be demonstrated at trial, all of which warrant an award of damages in plaintiffs favor and against defendants, Encompass Insurance Company of America, in amounts as reasonable under the circumstances, in an amount sufficient to warrant trial by jury, together with penalties, attorneys fees, legal interest, court costs and all general and equitable relief.

WHEREFORE, plaintiff, Melanie Palmer, prays that the defendants, Encompass Insurance Company and Aparicio, Walker & Seeling, Inc., be duly cited and served with a copy of this petition and that after due proceedings, there be judgement herein in favor of plaintiff and against the defendants, in some respects jointly and in solido, and in some respects, individually, for all such sums as are reasonable in the premises, said sums to include amounts of losses, compensatory damages, insured amounts and penalties, attorney's fees, together with legal interests thereon from the date of judicial demand until paid and for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

/s/ David E. Kavanagh

DAVID E. KAVANAGH (Bar #2019)
WEEKS, KAVANAGH & RENDEIRO
810 Union Street, Second Floor
New Orleans, Louisiana 70112
Telephone: (504) 529-5100

PLEASE SERVE:

ENCOMPASS INSURANCE COMPANY
through its registered agent
Louisiana Secretary of State

APARICIO, WALKER & SEELING, INC.
through its registered agent
Albert Aparicio, Jr.
1810 Homer St.
Metairie, LA 70005

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

SS104 (R10/05)

AL ATER
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125



7004 2890 0000 9377 8507

CERTIFIED MAIL





02 1A
0004337156
MAILED FROM ZIP CODE 70802

UNITED STATES POSTAGE
$03.510
SEP 18 2006
PITNEY BOWES

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
09/19/2006
Log Number 511490136

TO: Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation –A6
Northbrook, IL, 60062-6127

Corporate Litigation

SEP 20 2006

Received

RE: **Process Served in Louisiana**

FOR: Encompass Insurance Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Melanie Palmer, Pltf. vs. Encompass Insurance Company and Aparicio, Walker & Seeling, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Citation, Petition |
| COURT/AGENCY: | 24th Judicial District Court, Parish of Jefferson, La Case # 635-382 |
| NATURE OF ACTION: | Insurance Litigation - Policy benefits claimed for property damage received as a result of the 2005 Hurricane Season |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Baton Rouge, LA |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 09/19/2006 postmarked on 09/18/2006 |
| APPEARANCE OR ANSWER DUE: | Within 15 days |
| ATTORNEY(S) / SENDER(S): | David E. Kavanagh<br>Weeks, Kavanagh & Rendeiro<br>810 Union Street<br>Second Floor<br>New Orleans, LA, 70112<br>504-529-5100 |
| REMARKS: | Process served/received by the Louisiana Secretary of State on 9/15/2006, and mailed to C T Corporation System on 9/18/2006. |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790566616434 |
| SIGNED: | C T Corporation System |
| PER: | Parrish Ritchie |
| ADDRESS: | 8550 United Plaza Boulevard<br>Baton Rouge, LA, 70809 |
| TELEPHONE: | 225-922-4490 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

# STATE OF LOUISIANA
# SECRETARY OF STATE

| | | |
|---|---|---|
| HELEN CUMBO<br>ADMINISTRATOR<br>COMMERCIAL DIVISION | 9/18/06 | LEGAL SERVICES SECTION<br>P.O. BOX 94125, BATON ROUGE, LA 70804-9125<br>(225) 922-0415 |

ENCOMPASS INSURANCE COMPANY
C/O C T CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA  70809

SUIT NO: 635382
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

MELANIE PALMER
vs
ENCOMPASS INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

AL ATER
Secretary of State

Served on: HELEN CUMBO                Date: 9/15/06 at 3:00 PM
Served by: J. BROWN                   Title: DEPUTY SHERIFF

```
================================================================================
Received       Number        Date       Paid By                   Amount
CHECK/M.O.     14428         8/28/06    WEEKS, KAVANAGH, ETAL     25.00

MS
================================================================================
```

# NO. 624569





DIV. I
JUDGE
JO ELLEN GRANT

(101) Citation: ISS PETITION FOR DAMAGES AND JURY TRIAL;   060901-7081-9

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MELANIE PALMER
versus
ENCOMPASS INSURANCE COMPANY, APARICIO
WALKER AND SEELING

Case: 635-382   Div: "I"
P 1 MELANIE PALMER

To: ENCOMPASS INSURANCE COMPANY
THRU THE SECRETARY OF STATE
BATON ROUGE LA

SS CK# 14428-$25.00

EBR CK# 14499-$27.20

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **PETITION FOR DAMAGES AND JURY TRIAL** of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **15 FIFTEEN CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney DAVID E. KAVANAGH and was issued by the Clerk Of Court on the 1st day of September, 2006.

SERVED ON
HELEN CUMBO

SEP 1 5 2006

ADMINISTRATOR
COMMERCIAL DIVISION

Heather L. Tenorio, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

(101) Citation: ISS PETITION FOR DAMAGES AND JURY TRIAL;   060901-7081-9

### SERVICE INFORMATION

Received on the _____ day of _____, _____ and on the _____ day of _____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: Parish of _____ this _____ day of _____, _____.

SERVICE: $ _____     BY: _____
MILEAGE: $ _____         Deputy Sheriff
TOTAL: $ _____