MINUTE ENTRY
DUVAL, J.
November 29, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: ALL CASES<br>*Publish to Web* | SECTION "K"(2) |

CONFERENCE OF 11/29/ 06 CONCERNING
CONTINUING MOTION PRACTICE

Attending a status conference for Liaison Counsel held this day were:

Joseph Bruno for plaintiffs and

Ralph Hubbard and Seth Schmeeckle for defendants.

As the recusal issue has been decided and these consolidated cases shall remain as part of the undersigned's docket, it is the intention of the Court to continue to manage the pretrial discovery and motion practice presented by these consolidated matters in an orderly and cogent manner.

To that end, the following procedures, deadlines and scheduling cut-offs are established with respect to all cases that have been filed or will be filed and consolidated with this matter as of **December 15, 2006.**  In the event that a case is filed and/or consolidated under this umbrella after December 15, 2006 at such a time as to make these deadlines unreasonable, counsel shall file a motion seeking relief after having contacted Liaison Counsel for direction.  If needed, another scheduling order will  be promulgated which will encompass the next wave of consolidated matters which again will be coordinated through Liaison Counsel.

I.      **Motions to Remand**

The Court has entertained sufficient oral argument on the various issues raised in connection with Motions to Remand in this consolidated matter that it has determined that there shall be no more oral argument held with respect to any Motion to Remand filed herein. Accordingly,

**IT IS ORDERED** that any Request for Oral Argument presently pending with respect to **any Motion to Remand** in this matter is **DENIED** and counsel shall no longer request oral argument with respect to any Motion to Remand filed herein.

II.     **Call Docket**

**IT IS ORDERED** that a call docket shall be conducted before Magistrate Judge Wilkinson on **Friday, January 5, 2007 at 10:00 a.m. in his Courtroom, Room B-421**. All counsel for plaintiffs in any of the consolidated cases who has named any defendant who has not yet made an appearance must appear in person and describe (1) what attempts have been made to serve the defendant or otherwise prompt an appearance, (2) what, if any, informal contacts that have been made with any representative of the defendant, (3) whether the Rule 4(m) period has lapsed or should be extended, and (4) whether entry of default might be appropriate.

III.    **Extension of Cut-Offs and Motion Practice**

**IT IS FURTHER ORDERED** that:

1.	The time to file responsive pleadings in all matters consolidated hereunder is **CONTINUED** to **February 1, 2007;** and

2.	All Rule 12 Motions on the Pleadings **must be filed no later than February 1, 2007.** Such motions shall be noticed for hearing on **Friday, March 23, 2007 at 9:30 a.m.** for docketing purposes; however, special settings for oral argument shall be established after the Court has reviewed the motions filed and determined the appropriate schedule considering the number of motions and complexity of issues.

**IT IS FURTHER ORDERED** that the schedule for such filings is as follows:

| | |
|---|---|
| February 1, 2007 | Motions must be filed. |
| February 22, 2007 | Responses/Oppositions must be filed. |
| March 1, 2007 | Reply briefs must be filed if needed |
| March 23, 2007 | Rule 12 Motions filed on or before February1, 2007 should be noticed for this date at 9:30 a.m.  Special settings for oral argument on the motions found to so require will be set after the Court's review of these motions on February 7, 2007 considering the number of motions and complexity of issues as explained in Paragraphs IV and V. |

**NO BRIEFS OVER 25 PAGES IN LENGTH WILL BE ACCEPTED OR ALLOWED WITHOUT PRIOR LEAVE OF COURT AND AN EXPLANATION FOR THE NEED**

**FOR ANY EXCESSIVE LENGTH. SUCH MOTION FOR LEAVE MUST BE FILED AT LEAST ONE WEEK PRIOR TO THE ACTUAL MEMORANDUM BEING FILED.**

IV.     Co-Ordination of Motion Practice and Report on Pending Motions

**IT IS FURTHER ORDERED** that the Liaison Counsel shall coordinate the motions noted above which would include all Rule 12 Motions that do not require discovery. Counsel intending to file any such motion **must report to Liaison Counsel no later than January 5, 2007 of such intention.**

It is expected that one joint motion concerning any particular issue that applies to groups of plaintiffs or defendants shall be filed by the committee and oppositions thereto filed by the opposing committee. While not encouraged, any individual lawyer who finds that he or she must augment such filings is limited to filing a 7 page supplemental brief simultaneously with the relevant committee filing.

V.      Pending Motions and Settings for Oral Argument on Pending Substantive Motions

The Court has identified the following categories of cases in which motions have been filed and if the Court determines oral argument is necessary for any of these categories, it will be scheduled for oral argument in 2007. All of the motions filed in a particular category will be consolidated for hearing. It is the intent of the Court to conduct hearings on discrete issues at one time as has been its practice to date. The relevant areas are:

    1.    St. Rita–Motions to Remand
    2.    Railroad–CSX/BNSF Motions
    3.    Class Actions filed by William Christian Gambel
          a.    Motions to Dismiss

        b.      Motions for Class Certification
4.     Motions to Sever–Improper Joinder Issue
5.     *Abadie/Aaron* –Motions to Stay
6.     Maritime Jurisdiction Issues
7.     United States' Motions to Dismiss

**IT IS FURTHER ORDERED** that Liaison Counsel shall identify the specific motions now pending with respect to each noted topic by document number in the consolidated docket sheet and prepare a list of same to be integrated into the scheduling order for those motions which will be filed in response to Paragraph IV above.

**IT IS FURTHER ORDERED** that a status conference with Liaison Counsel to discuss the motion practice as described in Paragraphs IV and V shall be held in Chambers on **February 7, 2007 at 3:00 P.M.**

**IT IS FURTHER ORDERED** that hearing on the Motion to Dismiss filed by the United States with respect to Responder, Levee and MRGO O'Dwyer, C. A. No. 06-4024 which was set for **January 10, 2006,** is **CONTINUED** to **March 23, 2007 at 9:30 a.m.** with the briefing schedule above to be applicable thereto.

**NOTE:  THIS PARAGRAPH DOES NOT AFFECT THE SETTING OF ORAL ARGUMENT ON THE DREDGING MOTIONS SET FOR DECEMBER 15, 2006. THIS PARAGRAPH ONLY APPLIES TO THOSE MOTIONS THAT ARE SET FOR DECEMBER 13, 2006 OR ANY HEARING DATE THEREAFTER.**

**VI.**    **Coverage Issues**

**IT IS FURTHER ORDERED** that the issue of insurance coverage is **STAYED** in all of the consolidated cases **and no motions shall be filed with respect to insurance coverage issues** pending the appeal of the Court's ruling of November 27, 2006 (Doc. No. 1803).

## VII.   MOTION TO STAY LIMITATIONS

A Motion to Stay Limitation Actions in ALL DREDGING LIMITATIONS was filed by Carlos Salas with a request for Oral Argument and and a Motion to Stay Limitation Actions in ALL DREDGING LIMITATIONS and *Ackerson v. Bean Dredging,* C.A. No. 06-4066 was filed by Albert Rebbenack, Jr. without a Notice of Hearing in which each seeks the staying of the limitation actions filed by the following defendants:

| | |
|---|---|
| Great Lakes Dredge & Dock Co. | C.A. No. 06-8676 |
| Mike Hooks, Inc. | C.A. No. 06-8884 |
| T.L.James and Co., Inc. | C.A. No. 06-8888 |
| C.A. Gulf Coast Trailing Co., et al. | C.A. No. 06-8890 |
| Manson Construction co. | C.A. No.06-8891 |
| Luhr Bros. Inc. | C.A. No.06-8922 |
| King Fisher marine Service LP | C.A. No.06-8976 |
| Pine Bluff Sand and Gravel Co. | C.A. No. 06-9075 |
| Weeks Marine, Inc. | C.A. No. 06-9223 |

Considering the pendency of the Motions to Dismiss the Dredging Complaints that are set for hearing on December 15, 2006, which seek the dismissal of the dredging suits,

**IT IS ORDERED** that these motions shall be set for January 24, 2007 at 9:30 a.m. until such time as the Court rules on the Dredging Motions and determines whether a more appropriate time for hearing is required.

**IT IS FURTHER ORDERED** that the Stay Order entered in the Limitation Action filed by King Fisher Marine Service LP, C.A. No. 06-8967 by Judge Ivan Lemelle on October 25, 2006, is **VACATED.**

**IT IS FURTHER ORDERED** that with respect to the Monition Orders pending in the above-listed cases, a determination of the timing and manner for advertisement will be heard at the same time as the Motion for Stay.

**NOTE: THESE MOTIONS TO STAY ARE NOT SUBJECT TO ¶V ABOVE.**

**VIII.   Notice of Related Cases**

**IT IS FURTHER ORDERED** that the **Clerk's Office** shall send to all attorneys who are registered for e-filing and shall post on the Court's Website the following notification:

**NOTICE TO ALL LITIGANTS INVOLVED IN
ANY KATRINA-RELATED INSURANCE LITIGATION**

**It is the intention of the Eastern District of Louisiana for any case concerning the effectiveness of a Water Damage Exclusion in an All-Risk Policy as it pertains to damage allegedly caused by a breach in a canal to be transferred to Section "K" for consolidation with the In Re: Katrina Canal Breaches Consolidated Litigation.  All motion practice concerning that issue has been stayed pending the outcome of the appeal of the Court's November 24, 2006 decision by the Hon. Judge Duval in *In re Katrina Canal Breaches Consolidated Litigation*, Slip Copy, 2006 WL 3421012(E.D.La. Nov 27, 2006) which can be reviewed on the Court's Canal Breaches Website in the Substantive Orders section (Doc. 1803) (C.A. No. 05-4182 and C.A. No. 06-0169).**

**If you are invoking coverage under an All-Risk policy for flooding caused BY A BREACH OF A CANAL or are relying on a Water Damage**

**Exclusion as a defense to a claim for flooding CAUSED BY A BREACH OF A CANAL under an All-Risk policy, you must move to transfer that case for consolidation to In Re: Katrina Canal Breaches Consolidated Litigation, C.A. No. 05-4182 "K"(2). Flooding caused by the failure of the pumping stations in Jefferson Parish are NOT INCLUDED in this litigation.**

IX.     **Extension of Presentation of Discovery Schedule**

A proposed schedule concerning discovery was to have been filed by liaison counsel; however, because of the number of motions filed and the complexity of issues, the anticipated time for establishing such a schedule has been affected. Accordingly,

**IT IS ORDERED** that Liaison Counsel shall file a proposed schedule for discovery **on or before January 15, 2007.**

X.      **St. Rita Nursing Home Litigation**

It has come to the attention of the Court that the issue of the third-party demand against the United States which created the basis for removal jurisdiction in these cases has been dismissed in at least one case filed–that is *Raymond Cousins, et al v. The Mangano Corp., et al.*, C. A. No. 06-9193.

**IT IS ORDERED** that Magistrate Judge Jay Wilkinson shall schedule a status conference with all counsel involved in these cases to be set by him to determine whether James A. Cobb, counsel for Salvador a. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home, intends to pursue the United States in all other cases or whether an approach can be reached that would result in the United States' dismissal in all other pending St. Rita Nursing Home suits.

8

**IT IS FURTHER ORDERED** that a determination on the Motions to Remand filed in these suits will be **STAYED** pending a report from Magistrate Judge Wilkinson on this issue.

XI.     **MANDATORY STATUS CONFERENCE**

**IT IS ORDERED** that a Mandatory Status Conference shall be held on **February 13, 2007 at 11:00 a.m. in the courtroom of the Honorable Stanwood R. Duval, Jr. IN OPEN COURT** to discuss issues relating to the further prosecution of these matters.

The Courtroom Deputy is directed to provide a court reporter with real time capability for said status conference.

**TRIAL COUNSEL FOR ALL SERVED PARTIES TO THESE SUITS ARE REQUIRED TO ATTEND *IN PERSON*. COUNSEL FOR EACH PARTY SHALL RESOLVE ANY SCHEDULING CONFLICT TO ENSURE THEIR APPEARANCE. THERE WILL BE NO EXCEPTIONS WITHOUT GOOD CAUSE SHOWN. APPEARANCE IS MANDATORY.**

**IN THE EVENT OF A CONFLICT,** *DO NO CONTACT THE COURT BY PHONE*. **ANY REQUEST FOR ALTERNATIVE COUNSEL TO ATTEND MUST BE MADE IN WRITING DELIVERED TO THESE CHAMBERS NO LATER THAN FEBRUARY 1,**

9

**2007 BY NOON. SUCH ALTERNATIVE COUNSEL MUST HAVE FULL AUTHORITY TO ACT ON BEHALF OF THE PARTY HE OR SHE REPRESENTS.**

**FAILURE TO ATTEND THIS STATUS CONFERENCE MAY RESULT IN SANCTIONS PURSUANT TO L.R. 83.2.9E.**

*[signature]*

JS-10: 2 HOURS