UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | : CIVIL ACTION<br>:<br>: NO. 05-4182 "K"(2)<br>: |
| PERTAINS TO:<br>MRGO - C.A. 06-2152 (Reed)<br>C.A. 06-4066 (Ackerson)<br>* * * * * * * * * * * * * * * * * * * * * * * * * * | : JUDGE DUVAL<br>:<br>: MAGISTRATE WILKINSON<br>: |

**AMENDED REPLY MEMORANDUM IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS AND/OR
RULE 56 MOTION FOR SUMMARY JUDGMENT BASED
UPON THE AFFIRMATIVE DEFENSE OF PEREMPTION
UNDER LA. R.S. 9:2772 FILED IN BEHALF OF
BEAN DREDGING, L.L.C., STUYVESANT DREDGING COMPANY,
and BEAN STUYVESANT, L.L.C.**

MAY IT PLEASE THE COURT:

The Bean and Stuyvesant defendants, together with the other Dredging Defendants, file this Reply to the Opposition Memoranda filed by both the plaintiffs (Document No. 1781) and by co-defendant Manson Construction Company (Document No. 1736) in regard to the peremption statute defenses of La. R.S. 9:2772.[1]

---

[1] This Reply is filed on the merits on behalf of Defendants Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; and Bean Horizon L.L.C. In addition, subject to the Court's ruling on the Limitation Dredgers' Motion for Leave to File Reply Briefs as Amicus Curiae, this Reply is tendered on behalf of Great Lakes Dredging & Dock Company, Mike Hooks, Inc., T.L. James and Company, Inc., Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C., a Partner therein, Luhr Bros, Inc., King Fisher Marine Services, LP, Weeks Marine and Pine Bluff Sand and Gravel Company, because the filing of their Limitation petitions stayed all other lawsuits by operation of law. See 46 U.S.C. App. § 185; Fed. R. Vic. P., Supp. Admiralty Rule F(3). This brief will refer to the Bean entities, plus the proposed amici as the "Dredging Defendants." Defendant Manson Construction Co. Is not a party to this filing. This Reply supports the Rule 12(c) motions filed by the Dredging Defendants that have gone into Limitation because such relief is also available to the Bean and Stuyvesant defendants.

1

The Opposition memoranda filed by Plaintiffs and by Manson Construction focus upon the tension between maritime uniformity and the "maritime, but local" doctrine.

Movants contend that their original memorandum in support (Document No. 1155) already dealt adequately with this argument for <u>maritime preemption</u> versus the <u>state peremptive</u> statute, at pages 16 to 21.

However, Movants suggest that the Opposition memoranda do not explain why maritime uniformity requires that the federal court override such a substantial local interest in peremption (strongly upheld in state law jurisprudence) in a maritime jurisdiction case.

(A)   There can be no doubt that this peremption statute is based upon a <u>strong</u> state policy decision. As the Court knows from its consideration of the Joint Engineers' Motion and the Joint Contractors' Motion filed herein, and oral argument heard in the levee breach cases on August 25, 2006, there were eloquent policy arguments expressed against the existence of the state peremption statutes covering engineers and contractors, but the fact remains that the Louisiana Legislature has expressed the will of the people of Louisiana in enacting such laws, and such laws have been upheld strongly by the Louisiana Supreme Court.

The Louisiana Legislature has determined, and the Louisiana Supreme Court has confirmed, that the design and construction of immovables in Louisiana requires the protection provided by a peremption period in this State. Numerous issues as to soil conditions, maintenance by owners or lessees, litigious practices, sub-contracting practices, construction binding requirements, all go into the Legislature's consideration of peremption <u>vis-a-vis</u> prescription in regard to designers and constructors of immovables in Louisiana. These conditions are not uniform throughout the country or this region.

(B)   On the other hand, the cause of uniformity in admiralty law is not

2

materially weakened by recognizing a "maritime, but local" exception here. First, the construction activities in building, repairing and maintaining local immovable objects are obviously more "local" than the traditional passage and/or collision of ships in the waterways of Louisiana, or in the loading and discharging of foreign cargos, or in the bodily injuries which occur on vessels, all of which are more easily recognizable as being subject to a uniform regime throughout the country based on the principle of maritime uniformity.

Second, the operation of such local statutes governing the liabilities of professionals licensed in this state is an obvious local state interest.

Third, the State regulation of such locally licensed engineers and contractors are surely no less a state interest than the regulation of insurance, or the emissions from smoke stacks on vessels in port.

As stated in S. Friedell, 1 Benedict on Admiralty, Jurisdiction and Principles, § 112, "Maritime law is not a monistic system. The state and federal governments jointly exert regulatory powers today as they have played joint roles in the development of maritime law throughout our history. . . it is also well established that state courts and legislatures have power to make law that is applicable in admiralty cases. Court's have struggled to articulate principles that determine the competence of states in this field."

From the language in 1917 by the Supreme Court in Southern Pacific Co. v. Jensen, 244 U.S. 205 (1917), up through the Supreme Court's recent statements in Norfolk Southern Railway v. James and Kirby Pty. Ltd., 543 U.S. 14, 27 (2004), ("a maritime contract's interpretation may so implicate local interests as to beckon interpretation by state law . . . but when state interests cannot be accommodated without defeating a federal interest, . . . then federal substantive law should govern"), it is clear that admiralty courts give deference to local law "when the law

regulates behavior in which the state has an especially strong interest." Exxon Corp. v. Chick Kam Choo, 817 F.2d 307, 317 (5th Cir. 1987) reversed on other grounds, 108 S. Ct. 1684 (1988).[2] <u>Benedict on Admiralty</u> goes on to state at section 112, page 7-32, that "the approach taken by many courts is to attempt to weigh the competing federal and state interests and to give effect to state law if it serves an interest that outweighs the federal interest."

Movants submit that the State of Louisiana has articulated an especially strong interest in regulating the liabilities of architects, engineers and contractors in building and repairing immovables in the state of Louisiana and that there is no intrenched marine principle which would negate such prioritization for state law principles.

Moreover, Manson's argument that La. R.S. 9:2772 should only be analyzed in terms of prescription and statutes of limitation is incorrect, because the Louisiana jurisprudence consistently holds that La. R.S. 9:2772 is not a statute of prescription, nor a statute of limitation, but rather a statute of <u>peremption,</u> which calls for completely different analysis. A peremption statute under state law is a much stronger statement of state law interest in a matter and effectively destroys the right, or cause of action, at the time of the ending of the peremptive period, as opposed to suspending or terminating the remedy associated with the cause of action. Manson argues that there are no cases showing a state statute of limitation or prescription prevailing over a "longer" maritime statute of limitation or latches; likewise there is no example of an admiralty court agreeing with Manson that an admiralty statute of limitation or prescription requires striking down a state peremptive statute.

---

[2] This is the same principle on which Movants relied in their Opening memoranda. See Doc. No. 1155. ("This principle allows the application of a particular state law even where uniformity is impaired on the basis that the predominant interest in the matter is on the state level despite the presence of a maritime claim.") (citing Thomas J. Schoenbaum, 1 <u>Admiralty & Maritime Law</u> § 4-2 (4th ed. 2004)); Doc. No. 1163 at 3 (same).

4

Manson also argues in its Opposition that application of the state peremptive statute of La. R.S. 9:2772 would limit Manson's maritime indemnity and contribution rights. However, it is clear that Manson has filed its own limitation of liability proceeding, along with many other dredging defendants in this case, and is protecting its rights to exoneration from and/or limitation of liability to the amount of interest at stake for each such dredging defendant, based upon the dredging contracts it performed during the specified time periods in the Mississippi Gulf Outlet. Moreover, Manson's argument – that a barred claim should be allowed to proceed because it has a "right" to recover a portion of its liability from its co-defendants – makes no sense. Application of La. R.S. 9:2772 would not place any more liability upon a dredging defendant who is not within the peremptive period, because the claims perempted by La. R.S. 9:2772 would no longer exist and would work a reduction of the entire liability and damages asserted against any remaining dredging defendants. Apparently Manson does not understand how indemnity and contribution works, or where its own interests lie.

This court has already held in O'Dwyer that the claims in these consolidated actions implicate Louisiana intrastate interests, that Louisiana law should apply, etc.[3] And, there is no superseding rationale to withhold from these dredging defendants the same peremptive statutes that may apply to other defendants working for the Corps of Engineers on the drainage canals in New Orleans, as opposed to the navigational canal/flood control project of the Mississippi River Gulf Outlet. Likewise, the arguments of plaintiffs in the Reed and Ackerson cases advanced in their Opposition fail because their arguments misapprehend the difference between a prescriptive statute and a peremptive statute. Plaintiffs cite to Fifth Circuit cases dealing with prescriptive periods, such Marathon Pipeline Company, Barrois, Ramos v. Continental Insurance Company,

---

[3]   Berthelot v. Boh Bros. Constr. Co., No. 05-4182, 2006 WL 2256995, *5 (E.D. La. July 19, 2006).

5

Davis v. Newpark Shipbuilding, and Complaint of Clear Sky Shipping Corp. (all cited at page 5 of plaintiffs' Opposition, Document Number 1781). The well established differences between prescriptive statutes and a peremptive statute were described in Movants original brief, (Document Number 1155 at pages 4 - 14), and the retroactivity effect of La. R.S. 9:2772 is cited at pages 14 through 16 of Movants original brief (Document Number 1155). Defendant Bean is entitled to dismissal.

Plaintiffs in the Reed and Ackerson suits further argue in this Opposition that the dredging work done in the MRGO does not involve construction repair or improvement of an immovable, but cite no authority that construction of canals and levees are not within the definition of the Louisiana Civil Code Articles cited by Movants. In fact, for the MRGO to fall outside the scope of La. R.S. 9:2772, it would have to be movable property. See La. C.C. Art. 448 ("Things are divided into common, public, and private; corporeals and incorporeals; and movables and immovables,"). The notion that the MRGO is movable property is absurd. See also La. C.C. Art 462 ("Tracts of land, with their component parts, are immovables."). The other authorities cited in Morvants' original Memoranda In Support (Document Number 1155 and Document Number 1163) provide ample support for applying La. R.S. 9:2772 to the maintenance dredging to the MRGO.

Movants urge the Court to consider the strong legislative will and public policy enunciated in La. R.S. 9:2772, and the support from the Louisiana Supreme Court in upholding such legislation, in respect to the well recognized "maritime, but local" application of state law in maritime jurisdiction cases.

NO NMS 131491 v1
2902907-000001

Respectfully submitted,

/s/Terrence L. Brennan .
William E. Wright, Jr. (Bar Roll No.8564)
Terrence L. Brennan (Bar Roll No. 3434)
    of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com

Attorneys for C.F. Bean L.L.C., Bean Stuyvesant, L.L.C., Stuyvesant Dredging Company, Stuyvesant Dredging, Inc. and Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation, C. F. Bean Corporation, Bean Horizon Corporation and Bean Horizon L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1)     jfnevares-law@microjuris.com

2)     dbecnel@becnellaw.com

3)     csalas@salaslaw.com

4)     A.J. Rebaneck

/s/ Terrence L. Brennan

NO NMS 131491 v1
2902907-000001