IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO.  05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>ALL DREDGING LIMITATIONS | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## STIPULATIONS SUBMITTED IN SUPPORT OF MOTION
## TO STAY LIMITATION ACTIONS

NOW COME all the plaintiffs ("Claimants") in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), through undersigned counsel of record in No. 06-2152 acting on behalf  of and with the consent of all other counsel of record in all Claimants' Actions, and submit the following stipulations in support of their Motion to Stay the Limitation Actions:

### A.  Great Lakes Dredge & Dock Company

1.    Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Great Lakes Dredge & Dock Company ("Great Lakes") in Civil Action No. 06-8676 ("Great Lakes' Limitation Action"), as owner of the Dredges California, Manhattan Island, Padre Island and Alaska, and as owner *pro hac vice* of the Dredge Texas (the "Great Lakes Vessels"), for exoneration from or limitation of liability under the Limitation of

Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

2.  Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Great Lakes' exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

3.  Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Great Lakes' Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Great Lakes' Limitation Action.

4.  Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Great Lakes' Limitation Action in excess of $54,953,897.00 (the combined value attributed by Great Lakes to its interest in the Great Lakes Vessels and their freight), plus interest, whether against Great Lakes or any other liable parties who may seek indemnification from, or cross-claim or claim over against Great Lakes, Claimants will not seek to enforce said excess judgment or award

2

against any party to the extent that execution thereof would expose Great Lakes to liability in excess of $54,953,897.00 plus interest, before there is a final adjudication of Great Lakes' Limitation Action before this Court.  Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Great Lakes, but only to the extent  that execution thereof would not expose Great Lakes to liability in excess of $54,953,897.00 plus interest.

5.      Should this Honorable Court ultimately grant Great Lakes limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

6.      For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Great Lakes is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Great Lakes and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Great Lakes, and will share the limitation fund pro-rata, so that all judgments against Great Lakes combined do not exceed the limitation fund.

### B.      Mike Hooks, Inc.

7.      Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by  Mike Hooks, Inc. ("Mike Hooks") in Civil Action No. 06-8884 ("Mike Hooks'

Limitation Action"), as owner of the Dredge Missouri H (the "Mike Hooks Vessel"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

8.      Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Mike Hooks' exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

9.      Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Mike Hooks' Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Mike Hooks' Limitation Action.

10.     Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Mike Hooks' Limitation Action in excess of $2,018,000.00 (the combined value attributed by Mike Hooks to its interest in the Mike Hooks Vessel and her freight), plus interest, whether against Mike Hooks or any other liable parties who may seek indemnification from, or cross-claim or claim over

4

against Mike Hooks, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose Mike Hooks to liability in excess of $2,018,000.00 plus interest, before there is a final adjudication of Mike Hooks' Limitation Action before this Court. Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Mike Hooks, but only to the extent that execution thereof would not expose Mike Hooks to liability in excess of $2,018,000.00 plus interest.

11.     Should this Honorable Court ultimately grant Mike Hooks limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

12.     For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Mike Hooks is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Mike Hooks and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Mike Hooks, and will share the limitation fund pro-rata, so that all judgments against Mike Hooks combined do not exceed the limitation fund.

### C.  T. L. James and Company, Inc.

13.     Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims

asserted by T. L. James and Company, Inc. ("T. L. James") in Civil Action No. 06-8888 ("T.

L. James' Limitation Action"), as owner of the Dredges Tom James and George D. Williams

II (a/k/a Geo D. Williams) (the "T. L. James Vessels"), for exoneration from or limitation of

liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and,

relatedly, the proper value of the limitation fund.

14.     Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-

4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them

in the law side of the Court and in which  trials by jury have been requested, or in any other

state or federal court, anywhere, any judgment or ruling on the issue of T. L. James'

exoneration from or limitation of liability, or the proper value of the limitation fund, based on

any findings made or judgments rendered in any of those actions.

15.     Claimants waive any defenses of *res judicata* and issue preclusion that would

otherwise be available to them in T. L. James' Limitation Action relevant to the issues of

exoneration from or limitation of liability and the value of the limitation fund based on any

judgment or ruling issued in the Claimants' Actions or any other state or federal court action

filed outside of T. L. James' Limitation Action.

16.     Claimants agree that if a judgment or award is made in their favor in the Claimants'

Actions or in any other state or federal court action filed outside of T. L. James' Limitation

Action in excess of $6,600,000.00 (the combined value attributed by T. L. James to its

interest in the T. L. James Vessels and their freight), plus interest, whether against T. L.

James or any other liable parties who may seek indemnification from, or cross-claim or claim

over against T. L. James, Claimants will not seek to enforce said excess judgment or award

against any party to the extent that execution thereof would expose T. L. James to liability in

excess of $6,600,000.00 plus interest, before there is a final adjudication of T. L. James'

Limitation Action before this Court.  Claimants, however, reserve their right to enforce any

and all judgments, or parts thereof, against any and all parties other than T. L. James, but

only to the extent  that execution thereof would not expose T. L. James to liability in excess

of $6,600,000.00 plus interest.

17.     Should this Honorable Court ultimately grant T. L. James limitation of liability, any

claims subject to limitation under the Act, filed by any other party or entity for

indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority

over the claims of Claimants.

18.     For the purpose of reducing their separate claims to the equivalent of a single

claim in the event that T. L. James is entitled to limit its liability, Claimants agree that

should they ultimately obtain any enforceable judgment(s) against T. L. James and/or the

limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against T. L. James, and will share the limitation fund pro-rata, so that all judgments against T. L. James combined do not exceed the limitation fund.

### D.   Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C. a partner therein.

19.    Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C. a partner therein (collectively "Gulf Coast") in Civil Action No. 06-8890 ("Gulf Coast' Limitation Action"), as owner of the Dredge Ouachita (the "Gulf Coast Vessel"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

20.    Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Gulf Coast' exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

21.    Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Gulf Coast' Limitation Action relevant to the issues of

exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Gulf Coast' Limitation Action.

22.     *Claimants agree that if a judgment or award is made in their favor in the Claimants'* Actions or in any other state or federal court action filed outside of Gulf Coast' Limitation Action in excess of $9,000,000.00 (the combined value attributed by Gulf Coast to its interest in the Gulf Coast Vessel and her freight), plus interest, whether against Gulf Coast or any other liable parties who may seek indemnification from, or cross-claim or claim over against Gulf Coast, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose *Gulf Coast to liability in excess of* $9,000,000.00 plus interest, before there is a final adjudication of Gulf Coast' Limitation Action before this Court.  Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Gulf Coast, but only to the extent  that execution thereof would not expose Gulf Coast to liability in excess of $9,000,000.00 plus interest.

23.     Should this Honorable Court ultimately grant *Gulf Coast limitation of liability,* any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Gulf Coast is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Gulf Coast and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Gulf Coast, and will share the limitation fund pro-rata, so that all judgments against Gulf Coast combined do not exceed the limitation fund.

### E.  <u>Manson Construction Co</u>.

24.     Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Manson Construction Co. ("Manson") in Civil Action No. 06-8891 ("Manson's Limitation Action"), as owner of the Hopper Dredges Newport and Bayport (the "Manson Vessels"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq*., and, relatedly, the proper value of the limitation fund.

25.     Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Manson's exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

26.     Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Manson's Limitation Action relevant to the issues of *exoneration from or limitation of liability and the value of the limitation fund* based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Manson's Limitation Action.

27.     Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Manson's Limitation Action in excess of $35,400,000.00 (the combined value attributed by Manson to its interest in the Manson Vessels and their freight), plus interest, *whether against Manson or any other* liable parties who may seek indemnification from, or cross-claim or claim over against Manson, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose Manson to liability in excess of $35,400,000.00 plus interest, before there is a final adjudication of Manson's Limitation *Action before this Court.* Claimants, *however, reserve their right* to enforce any and all judgments, or parts thereof, against any and all parties other than Manson, but only to the extent that execution thereof would not expose Manson to liability in excess of $35,400,000.00 plus interest.

28.     Should this Honorable Court ultimately grant Manson limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for

*indemnification, contribution, defense costs,* interest and/or attorneys' fees shall have priority over the claims of Claimants.

29.     For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Manson is entitled to limit its liability, Claimants agree that should *they ultimately obtain any enforceable judgment(s)* against Manson and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Manson, and will share the limitation fund pro-rata, so that all judgments against Manson combined do not exceed the limitation fund.

### F.   Luhr Bros., Inc.

30.     Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Luhr Bros., Inc. ("Luhr Bros.") in Civil Action No. 06-8922 ("Luhr Bros.' Limitation Action"), as owner of the Spud Barge L-1101, Spud Barge L-1103 and M/V Michael A, and as owner *pro hac vice* of the M/V Michael B (the "Luhr Bros. Vessels"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

31.     Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Luhr Bros.'

exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

32.     Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Luhr Bros.' Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Luhr Bros.' Limitation Action.

33.     Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Luhr Bros.' Limitation Action in excess of $1,075,000.00 (the combined value attributed by Luhr Bros. to its interest in the Luhr Bros. Vessels and their freight), plus interest, whether against Luhr Bros. or any other liable parties who may seek indemnification from, or cross-claim or claim over against Luhr Bros., Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose Luhr Bros. to liability in excess of $1,075,000.00 plus interest, before there is a final adjudication of Luhr Bros.' Limitation Action before this Court.  Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Luhr Bros., but only to the extent that execution thereof would not expose Luhr Bros. to liability in excess of $1,075,000.00 plus interest.

34.     Should this Honorable Court ultimately grant Luhr Bros. limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

35.     For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Luhr Bros. is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Luhr Bros. and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Luhr Bros., and will share the limitation fund pro-rata, so that all judgments against Luhr Bros. combined do not exceed the limitation fund.

### G. <u>King Fisher Marine Service L.P.</u>

36.     Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by King Fisher Marine Service L.P. ("King Fisher") in Civil Action No. 06-8967 ("King Fisher's Limitation Action"), as owner of the Dredges Leonard M. Fisher and Everett Fisher (the "King Fisher Vessels"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

14

37.   Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of King Fisher's exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

38.   Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in King Fisher's Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of King Fisher's Limitation Action.

39.   Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of King Fisher's Limitation Action in excess of $3,300,000.00 (the combined value attributed by King Fisher to its interest in the King Fisher Vessels and their freight), plus interest, whether against King Fisher or any other liable parties who may seek indemnification from, or cross-claim or claim over against King Fisher, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose King Fisher to liability in excess of $3,300,000.00 plus interest, before there is a final adjudication of King Fisher's

Limitation Action before this Court. Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than King Fisher, but only to the extent that execution thereof would not expose King Fisher to liability in excess of $3,300,000.00 plus interest.

40. Should this Honorable Court ultimately grant King Fisher limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

41. For the purpose of reducing their separate claims to the equivalent of a single claim in the event that King Fisher is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against King Fisher and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against King Fisher, and will share the limitation fund pro-rata, so that all judgments against King Fisher combined do not exceed the limitation fund.

### H.  Pine Bluff Sand and Gravel Company.

42. Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Pine Bluff Sand and Gravel Company ("Pine Bluff") in Civil Action No. 06-9075 ("Pine Bluff's Limitation Action"), as owner of the Dredge Marion (the "Pine Bluff Vessel"), for exoneration from or limitation of liability under the Limitation of Liability Act

16

(the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

43.     Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Pine Bluff's exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

44.     Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Pine Bluff's Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Pine Bluff's Limitation Action.

45.     Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Pine Bluff's Limitation Action in excess of $4,002,000.00 (the combined value attributed by Pine Bluff to its interest in the Pine Bluff Vessel and her freight), *plus interest, whether against Pine Bluff or any other liable parties who may seek indemnification from, or cross-claim or claim over against* Pine Bluff, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose Pine Bluff to liability in excess of

17

$4,002,000.00 plus interest, before there is a final adjudication of Pine Bluff's Limitation Action before this Court.  Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Pine Bluff, but only to the extent that execution thereof would not expose Pine Bluff to liability in excess of $4,002,000.00 plus interest.

46.     Should this Honorable Court ultimately grant Pine Bluff limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

47.     For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Pine Bluff is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Pine Bluff and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Pine Bluff, and will share the limitation fund pro-rata, so that all judgments against Pine Bluff combined do not exceed the limitation fund.

### I. Weeks Marine, Inc.

48.     Claimants concede that this Court has exclusive jurisdiction to adjudicate the claims asserted by Weeks Marine, Inc. ("Weeks Marine") in Civil Action No. 06-9223 ("Weeks Marine's Limitation Action"), as owner of the Dredges B. E. Lindholm, George D. Williams,

18

BT 208 and Weeks 262 (the "Weeks Marine Vessels"), for exoneration from or limitation of liability under the Limitation of Liability Act (the "Act"), 46 U.S.C. §181, *et seq.*, and, relatedly, the proper value of the limitation fund.

49.     Claimants agree that they will not seek in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions"), which were filed by them in the law side of the Court and in which  trials by jury have been requested, or in any other state or federal court, anywhere, any judgment or ruling on the issue of Weeks Marine's exoneration from or limitation of liability, or the proper value of the limitation fund, based on any findings made or judgments rendered in any of those actions.

50.     Claimants waive any defenses of *res judicata* and issue preclusion that would otherwise be available to them in Weeks Marine's Limitation Action relevant to the issues of exoneration from or limitation of liability and the value of the limitation fund based on any judgment or ruling issued in the Claimants' Actions or any other state or federal court action filed outside of Weeks Marine's Limitation Action.

51.     Claimants agree that if a judgment or award is made in their favor in the Claimants' Actions or in any other state or federal court action filed outside of Weeks Marine's Limitation Action in excess of $22,300,000.00 (the combined value attributed by Weeks Marine to its interest in the Weeks Marine Vessels and their freight), plus interest, whether against Weeks Marine or any other liable parties who may seek indemnification from, or

cross-claim or claim over against Weeks Marine, Claimants will not seek to enforce said excess judgment or award against any party to the extent that execution thereof would expose Weeks Marine to liability in excess of $22,300,000.00 plus interest, before there is a final adjudication of Weeks Marine's Limitation Action before this Court.  Claimants, however, reserve their right to enforce any and all judgments, or parts thereof, against any and all parties other than Weeks Marine, but only to the extent  that execution thereof would not expose Weeks Marine to liability in excess of $22,300,000.00 plus interest.

52.     Should this Honorable Court ultimately grant Weeks Marine limitation of liability, any claims subject to limitation under the Act, filed by any other party or entity for indemnification, contribution, defense costs, interest and/or attorneys' fees shall have priority over the claims of Claimants.

53.     For the purpose of reducing their separate claims to the equivalent of a single claim in the event that Weeks Marine is entitled to limit its liability, Claimants agree that should they ultimately obtain any enforceable judgment(s) against Weeks Marine and/or the limitation fund in excess of the limitation fund, they will reduce proportionately their individual claims and/or judgments against Weeks Marine, and will share the limitation fund pro-rata, so that all judgments against Weeks Marine combined do not exceed the limitation fund.

Respectfully Submitted:

Camilo K. Salas III (Louisiana Bar No. 11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA  70130
Telephone:  504-799-3080
Fax:  504-799-3085
E-Mail:  csalas@salaslaw.com


CAMILO K. SALAS III
Counsel of Record in Civil Action No. 06-2152
for Phillip Reed, on behalf of himself and all
others similarly situated, and for purposes of these
stipulations on behalf of and with the consent of
counsel for all plaintiffs in Civil Actions Nos. 06-
2824; 06-4066; 06-5155; 06-5162 and 06-5260.


## CERTIFICATE OF SERVICE

I hereby certify that I have on this 16th day of November, 2006 served a copy of the

foregoing pleading on all parties to this proceeding via facsimile, e-mail and/or U. S. Mail.


CAMILO K. SALAS III