IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>ALL DREDGING LIMITATIONS<br>and Ackerson v. Bean Dredging<br>Civil Action 06-4066 | § § § § § § § | |

## MEMORANDUM SUBMITTED IN SUPPORT OF
## MOTION TO STAY LIMITATION ACTIONS

NOW COMES the plaintiff in Civil Action No. 06-4066, Fellosea Ackerson, on behalf of herself and all others similarly situated, through his undersigned counsel, and submit this memorandum in support of his Motion to Stay the Limitation Actions.

The plaintiffs ("Claimants") in Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260 (the "Claimants' Actions") have filed the Claimants' Actions in the law side of the Court against the United States of America (the "Government"), several other defendants who are alleged to have contracted with the Government to perform maintenance dredging of the Mississippi River Gulf Outlet ("MRGO"), and the owners of the vessels involved in the dredging.

Some of the defendants[1] — — the owners and owners *pro hac vice* of some of the vessels involved in the dredging of the MRGO — — have filed the Limitation Actions. Undoubtedly the owners want the Court to stay the Claimants' Actions as to them. This would result in the Claimants' Actions proceeding against all other defendants (including insurers who will be brought in shortly), but not against the owners. This result would create further docket complications in the handling of all these cases.

The owners also would like all Claimants to file claims in the Limitation Actions within a short period of time in order to limit the number of claims. This will only further complicate the Clerk's work in these cases. It would also "transform the [Limited Liability] Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights…" *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451 (2001).

In this motion Claimants ask the Court to stay the Limitation Actions and allow them to proceed with the Claimants' Actions in the law side of the Court. This procedure is routinely allowed by authority of the United States Supreme Court, the Fifth Circuit and this Court if Claimants provide the proper stipulations agreeing not to execute on any judgment entered against the owners in the Claimants' Actions until this Court has an opportunity

---

[1] Great Lakes Dredge & Dock Company (No. 06-8676); Mike Hooks, Inc. (No. 06-8884); T. L. James and Company, Inc. (No. 06-8888); Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C. a partner therein (No. 06-8890); Manson Construction Co. (No. 06-8891); Luhr Bros., Inc. (No. 06-8922); King Fisher Marine Service LP (No. 06-8967); Pine Bluff Sand and Gravel Company (06-9075) and Weeks Marine, Inc. (No. 06-9223) (together the "Limitation Actions").

(after the judgments are entered) to decide the limitation/exoneration issues. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001); *Texaco, Inc. v. Williams*, 47 F. 3d 765 (5th Cir. 1995); *In re: Tidewater, Inc.*, 249 F.3d 342 (5th Cir. 2001); *In re: M/V Miss Robbie*, 968 F. Supp. 305 (E.D. La. 1997) (Fallon J.) (discussing *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996)).

Claimants are entitled and wish to prosecute their claims against all defendants in the Claimants' Actions and for that purpose have made the necessary stipulations that comply with the requirements enunciated in *Complaint of Dammers and Vanderheide*, 836 F.2d 750 (2nd Cir. 1988); *In Re Two "R" Drilling Company, Inc.*, 943 F. 2d 576 (5th Cir. 1991); *Magnolia Marine Transport v. LaPlace Towing Corp.*, 964 F.2d 1571 (5th Cir. 1992); *Odeco v. Bonnette*, 4 F.3d 401 (5th Cir. 1993) and the cases cited above. Claimants request that the Court stay the Limitation Actions and allow them to proceed with the Claimants' Actions.

On October 25, 2006, before Civil Action No. 06-8967 (the Limitation Action filed by King Fisher Marine Service LP) was transferred to Section "K," Judge Ivan Lemelle entered an order which in part stays prosecution of all actions against King Fisher Marine Service LP. Claimants request that the Court set aside that order.

To the extent that all the parties who have filed Limitation Actions have asked this Court to enter stay orders similar to the one entered by Judge Lemelle, Claimants submit this memorandum in opposition to their request.

Based upon the authorities cited above and the stipulations made by <u>all</u> plaintiffs who have asserted claims against the owners, Claimants respectfully request that the Court enter an order (1) staying the Limitation Actions filed by Great Lakes Dredge & Dock Company (No. 06-8676); Mike Hooks, Inc. (No. 06-8884); T. L. James and Company, Inc. (No. 06-8888); Gulf Coast Trailing Company, a Louisiana Partnership, and TLJIC, L.L.C. a partner therein (No. 06-8890); Manson Construction Co. (No. 06-8891); Luhr Bros., Inc. (No. 06-8922); King Fisher Marine Service LP (No. 06-8967); Pine Bluff Sand and Gravel Company (06-9075) and Weeks Marine, Inc. (No. 06-9223) until conclusion of Civil Actions Nos. 06-2152; 06-2824; 06-4066; 06-5155; 06-5162 and 06-5260; and (2) setting aside the Stay Order entered in Civil Action No. 06-8967 by Judge Ivan Lemelle on October 25, 2006.

Respectfully Submitted:

Albert J. Rebennack, Jr. (Louisiana Bar No. 18677)
2202 Avenue B
Metairie, LA 70001
Telephone: 504-782-0512
Fax: 504-831-1203
E-Mail: rebennacks@cox.net

_____
Albert J. Rebennack, Jr.
Attorneys for Fellosea Ackerson, on behalf of herself and all others similarly situated

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of November, 2006 served a copy of the foregoing pleading on all parties to this proceeding via facsimile, e-mail and/or U.S. Mail.

_____
Albert J. Rebennack, Jr.