FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -5  PM 4: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |
| PERTAINS TO: § <br> ST. RITA: (Conlon), § <br> Case No. 06-9321 § | |

### MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

This is an action filed by Susan Conlon wherein the Plaintiff seeks to recover for the death of Janet Rashkin, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina. The action was originally filed in the 34th Judicial District Court for the Parish of St. Bernard. The Plaintiff alleged that the Defendants were negligent in several respects, *inter alia*, in failing to evacuate the home in advance of the storm. Pursuant to case law, and in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674 *et seq.*, a defendant in a state court action is permitted to bring a third party demand against the United States *without* first exhausting administrative remedies. See, *Hassan v. Louisiana Department of Transportation and*

*Development*, 923 F.Supp. 890 (W.D. La. 1996). Shortly after Defendants filing an Answer to Plaintiff's petition, Defendants properly filed a Third Party Demand in the 34th Judicial District for the Parish of St. Bernard against the United States under the FTCA, 28 U.S.C. §2674 and §1346(b).[1] Defendants averred in the Third Party Demand that the Government was negligent in the design, construction and maintenance of the MRGO, and that the Government's negligence caused or exacerbated the flooding of the St. Rita Nursing Home. The Government in turn removed this action and many others to federal court.

The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense. The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal. *Devore v. City of Mesa*, 783 F.Supp. 452 (D. Ariz. 1991). The Court is required to assume that all factual allegations of the Complaint are true. *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163 (E.D. Pa. 2003). The burden is on the non-movant to show that the case was properly removed. *Nicholas v. Southeast Health Plan*, 859 F. Supp. 553 (S.D. Ala. 1993). The United States of America is currently a party, and clearly claims against the United States are within the jurisdiction of the federal district courts. The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a).

Plaintiff avers "essential fairness dictates that St. Rita's third party contribution claim against the United States be severed from the main action and the other third

---

[1] State entities and officials were also named within the Third Party Demand.

party demands, and that the main demand be remanded back to state court." This is fundamentally an attempt by the Plaintiff to dismiss the United States from the present matter; however, the Plaintiff clearly lacks standing to bring such a motion.

Moreover, "the decision regarding severance balances convenience and judicial economy against the danger of prejudice and juror confusion." *Afabor v. Racetrac Petroleum, Inc.*, 2006 WL 1343636 at *4 (N.D. Tex. 2006) citing *Kumar v. Hyundai Semiconductors, Inc.*, No. 3:97-CV-1947-L, 1999 WL 202543, at *1 (N.D.Tex. Mar.31, 1999). Considerations of judicial economy and efficiency clearly support a policy of having substantially similar matters litigated before the same tribunal. *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214 at *5 (N.D. Tex. 2003) quoting *Sundance Leasing Company v. Bingham*, 503 F.Supp. 139, 140 (N.D.Tex.1980). Severing this particular Plaintiff's claim from the entirety of the claim would serve only to create piecemeal litigation and thwart the interests of judicial efficiency and economy.

Respectfully submitted, this 5th day of December 2006.

EMMETT, COBB, WAITS & HENNING

BY: *Susan E. Henning*
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

And

3

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana  70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December 2006.

_____