FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -5  PM 4: 32

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES §<br>CONSOLIDATED LITIGATION §<br>§<br>§<br>_____ § | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |
| PERTAINS TO: §<br>ST. RITA: (Berthelot), §<br>Case No. 06-8810 §<br>_____ | |

## <u>MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS</u>

Defendants and Third Party Plaintiffs Salvador A. Mangano, Mabel B. Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter collectively referred to as "St. Rita") submit this memorandum in opposition to Plaintiff's motion to dismiss St. Rita's third party demand filed against the United States of America.  Plaintiff argues Louisiana law does not recognize traditional tort concepts such as contribution and/or indemnity.  In addition, Plaintiff argues certain provisos of the Flood Control Act of 1928 and the due care and discretionary functionary exceptions provide the United States

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

with immunity from liability.  This position is incorrect.  Moreover, Plaintiff lacks standing to bring the present motion before the Court.

## **BACKGROUND**

This suit arises out of a cause of action filed by Plaintiff Brenda Berthelot wherein the Plaintiff seeks to recover for the death of Shirley Hartdegen, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina.

On or about October 25, 2005, Plaintiff filed suit against Buffman Inc. d/b/a St. Rita's Nursing Home.  Plaintiff's action was originally filed in the 34th Judicial District for the Parish of St. Bernard.  As a result of Plaintiff's allegations, Defendants filed a Third Party Demand against the United States of America and various state entities and officials.

Within the Third Party Demand, St. Rita's alleged that the creation, construction, design and maintenance of the Mississippi River Gulf Outlet (MRGO) has destroyed many wetlands and is currently causing the considerable erosion of surrounding wetlands.  The United States of America, and the United States Army Corps of Engineers, owed a duty of reasonable care to St. Rita's; however, this duty was violated by the construction and maintenance of the MRGO.  In addition, the United States of America negligently concealed from St. Rita's that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility would flood. By reason of the aforesaid acts of negligence, the United States of America is therefore liable to St. Rita's by way of indemnity or contribution in tort should Third Party Plaintiffs be cast in judgment herein.

## ARGUMENT

The standard governing 12(b)(6) motions to dismiss for failure to state a claim is well established in the Fifth Circuit. As the Court noted in *Piotrowski v. City of Houston*, dismissal under Rule 12(b)(6) is warranted <u>only</u> in those rare circumstances in which the movant can prove no set of facts in support of his claim that would entitle him to relief. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (citation omitted); this "liberal standard", *Fernandez-Montes Allied Pilots Ass'n*, 987 F.2d 278, (5th Cir. 1993), is exceedingly difficult to meet. First, the movant bears the burden of showing that the criteria for Rule 12(b)(6) dismissal are satisfied. *First Nat'l Bank v. Lustig*, 809 F.Supp. 444, 446 (E.D. La. 1992) (citation omitted). Second, the district court reviewing the motion is obliged to take the factual allegations of the complaint as true and resolve in the non-movant's favor any ambiguities or doubts regarding the sufficiency of the claim. *Fernandez-Montes*, 987 F.2d at 284 (citing *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Dir. 1985) (citations omitted); *see also Castano v. American Tobacco Co.*, 870 F.Supp. 1425, 1430 (5th Cir. 1994) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Finally, the Court must bear in mind that Rule 12(b)(6) is designed to test the sufficiency of the complaint; it is not intended to resolve the dispute on the merits. *First Nat'l Bank*, 809 F.Supp. at 446 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). As the Supreme Court explained in its seminal 1957 decision in *Conley v. Gibson*, dismissal under Rule 12(b)(6) is inappropriate unless it appears "**<u>beyond doubt</u>**" that the plaintiff (or, in this case, defendant/third party plaintiff) has failed to state a claim upon which relief may be granted. *Conley v. Gibson*, 355 U.S. 41,

3

45-46, 2 L.Ed. 2d 80, 84, 78 S.Ct. 99 (1957) (emphasis added).  Third Party Defendant LBBLD has completely failed to meet this exacting standard, and its motion to dismiss must therefore be denied.

Because dismissal under Rule 12(b)(6) is such a drastic remedy, courts are admonished to grant leave to amend the offending complaint as an alternative to outright dismissal under Rule 12(b)(6).  *Fernandez-Montes,* 987 F.2d at 285 (citing *Conley,* 355 U.S. at 45-46, 2 L.Ed.2d at 84).  Should this Court find that Third Party Plaintiff St. Rita's has failed to state a claim upon which relief may be granted, then St. Rita's respectfully requests the Court to grant it leave to amend its Third Party Demand against the LBBLD. "The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule(b)(6) motion." *Conmaco/Reactor L.P. v. Shaw & Sons Equipment Rental,* 2006 WL 3422258 at *1 (E.D. La. 2006) citing *U.S. v. City of New Orleans,* 2003 WL 22208578 at *1 (E.D.La.); *Benton v. U.S.,* 960 F.2d 19, 21 (5th Cir.1992).

Indemnity Remains Alive in Louisiana Tort Law

The Louisiana supreme court rendered what is considered to be the seminal decision regarding the 1996 legislative amendments to La. Civ. Code. Arts. 2323, 2324 in the matter of *Dumas v. State of La. through Dept. Culture, Recreation and Tourism,* 828 So.2d 530 (La. 2002).

The *Dumas* Court explained that the legislative amendments to Articles 2323 and 2324(B) operated "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system." *Dumas,* 828 So.2d 530, 535 (La. 2002).  Observing the amendments "effected a total shift in tort policy," the *Dumas*

Court stated before the 1996 amendments, tort "policy was to ensure that innocent victims received full compensation for injuries, . . . [the policy now] is that each tortfeasor pays only for the portion of the damage he caused, and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that person." *Dumas,* 828 So.2d at 538(La. 2002). Despite the Court's statement that "[w]ith the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity." *Id.* "the *Dumas* court did not hold that Louisiana had entirely eliminated tort indemnity and contribution." *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 at *2 (E.D. La. 2005); *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483 at *8 (E.D. La. 2004) (noting "one of its sister courts has held that the comparative fault principles in La. Civ. Code Arts. 2323 and 2324 do not alone warrant the dismissal of a claim for tort indemnity); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *2 (E.D. La. 2004) (stating "this Court had a complete understanding of the law" concerning La. Civ. Code Arts. 2323, 2324 and stating "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution."); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (stating "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared").

This Honorable Court has had multiple occasions to consider the *Dumas* opinion, in particular the *Dumas* Court's holding as to the existence of the right to contribution and/or indemnity after the 1996 legislative amendments to the Civil Code. *Kadlec*

*Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 (E.D. La. 2005); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 (E.D. La. 2004); *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483 (E.D. La. 2004); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 (E.D. La. 2003).   In each and every decision, cited *supra*, this Court has steadfastly stated the *Dumas* Court "did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared." *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003).

Indemnity "is based on the concept of unjust enrichment, the party primarily at fault is unjustly enriched when one held liable vicariously or by reason of technical fault discharges the indebtedness." *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) citing *Mayo v. Benson Chevrolet Co., Inc.*, 97-1121 (La. Ct. App. 5th Cir. 1998) 717 So.2d 1247, 1248, citing *Lebleu v. Southern Silica of Louisiana*, 554 So.2d 852 (La. Ct. App. 3d Cir. 1989).  Given that the right to indemnity remains, St. Rita's claim for indemnity from the United States of America is wholly viable.  The liability of St. Rita's to any of the Plaintiffs is specifically denied.  However, should St. Rita's be found liable for any damages of injuries suffered by the Plaintiffs, St. Rita's is justified in seeking indemnification from the United States of America since St. Rita's liability was brought about by the omissions of the United States of America.

Flood Control Act, Section 702c Not Pertinent

"The MRGO was built as an aid to navigation, not as or in connection with a flood control project; and Congressional directives provided *no* authorization for construction of flood control works in coordination with construction of the MRGO." *Graci v. United States*, 435 F.Supp. 189, 196 (E.D. La. 1977) citing *Graci v. United States*, 456 F.2d 20

(5th Cir. 1971) (emphasis added).  The Flood Control Act of 1928 ("FCA"), in particular 33 U.S.C. § 702c, strictly limits immunity to flood control projects.  It is clear § 702c of the FCA has no bearing on the present matter.  In lieu of unduly protracting this particular issue, Third Party Plaintiffs hereby incorporate by reference Plaintiffs' Opposition to the Government's Motion to Dismiss, Case 2:05-cv-04182, Document 1003-1.

Due Care & Discretionary Function Exceptions to Federal Tort Claims Act Inapplicable

Despite Plaintiff's averment that the due care exception to the Federal Tort Claim Act is applicable, Plaintiff fails to identify a particular allegation wherein the Third Party Plaintiffs have objected to the statute authorizing creation and construction of the MRGO.  The due care exception to the FTCA exists to prevent parties from bringing suit under the pretext of a tortious action when in actuality they are challenging the validity of the statute itself.  *Welch v. United States*, 316 F.Supp.2d 252, 254-55 (D. Md. 2004), *aff'd* 409 F.3d 646 (4th Cir. 2005) *cert. denied* 126 S.Ct. 1431, 164 L.Ed.2d 132; *See Stewart v. United States*, 486 F.Supp. 178, 181 (C.D. Ill.1980) (stating goal of "due care" exception is "to preclude testing the legality of a statute or regulation by a tort action."); *see also* H.R. Rep. No. 101-1015, at 134-36 (1991) ("Nor is it desirable or intended that the constitutionality of legislation or the legality of a rule or regulation should be tested through the medium of a damage suit for tort." (quoting H.R.Rep. No. 2245, 77th Cong., 2d Sess., at 10 (1942))).  Therefore, the due care exception is not applicable because the Third Party Demand does not challenge the statutory authorization of the MRGO, it challenges the manner in which government officers have created and maintained the MRGO.  *See, e.g.*, *Stewart*, 486 F.Supp. at 182 (concluding

7

the due care exception was not applicable because the suit challenged the "manner in which the sale [of asbestos] was made, i.e. without warnings," rather than the "validity" of the statute authorizing the sale).

Similarly, the discretionary function exception to the FTCA is inapplicable to the present matter.  "The [discretionary function] exception covers only acts that are discretionary in nature, acts that "involv[e] an element of judgment or choice," *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273 113 L.Ed.2d 335 quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531; *see also Dalehite v. United States,* 346 U.S. 15, 34, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953); "and 'it is the nature of the conduct, rather than the status of the actor' that governs whether the exception applies." *Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, quoting *United States v. Varig Airlines*, 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984).  "The discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. at 1958-59.  When a federal entity has violated federal law, "there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." *Gaubert*, 499 U.S. at 324, 1111 S.Ct at 1274.  Thusly, the violation of statutory mandates thereby defeats the discretionary function exception to the FTCA given that "sovereign immunity does not bar suits based on an employee's failure to follow the prescribed course of conduct." *KiSKA Const. Corp. v. Washington Metropolitan Area Transit Authority*, 321 F.3d 1151, 1159 (D.C. Cir. 2003) (internal citation omitted).  Therefore, the discretionary function exception is

8

inapplicable to the present matter as the United States of America, and the United States Army Corps of Engineers, have violated numerous federal statutes in the creation, construction and maintenance of the MRGO causing the damages alleged by Third Party Plaintiffs.   In lieu of unduly protracting why these particular exceptions are inapplicable, Third Party Plaintiffs hereby incorporate by reference Plaintiffs' Opposition to the Government's Motion to Dismiss, Case 2:05-cv-04182, Document 1003-1.

## CONCLUSION

Because the Plaintiff has not carried its burden of showing that St. Rita's has failed to state a claim upon which relief may be granted or that this Court lacks subject matter jurisdiction, St. Rita's respectfully requests the Court to deny the Plaintiff's motion to dismiss.

Respectfully submitted, this 5th day of December 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
    JAMES A. COBB, JR. (4213)
    SUSAN E. HENNING (6793)
    JOHN F. EMMETT  (1861)
    LOUIS G. SPENCER  (26520)
    JASON R. KENNEY (29933)
    1515 Poydras Street, Suite 1950
    New Orleans, Louisiana  70112
    Telephone:  504-581-1301
    Facsimile:    504-581-6020

    WYNNE, GOUX & LOBELLO
    Jeremy Goux, Esq. (25065)
    417 N. Theard Street
    Covington, Louisiana  70433
    Telephone: (985) 898-0504

9

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December 2006.