FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -5  PM 4: 32

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES §<br>CONSOLIDATED LITIGATION §<br>§<br>§<br>§<br>———————————————————— §<br><br>PERTAINS TO: §<br>ST. RITA: (Berthelot), §<br>Case No. 06-8810 §<br>———————————————— | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAGISTRATE WILKINSON |

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

This is an action filed by Brenda Berthelot wherein the Plaintiff seeks to recover

for the death of Shirley Hartdegen, which occurred at the St. Rita Nursing Home in St.

Bernard Parish during Hurricane Katrina.  The action was originally filed in the 34th

Judicial District Court for the Parish of St. Bernard.  The Plaintiff alleged that the

Defendants    were    negligent    in    several    respects,    *inter    alia*,    in

___ Fee_____
___ Process_____
_X_ Dktd _____
_✓_ CtRmDep_____
___ Doc. No_____

failing to evacuate the home in advance of the storm.  Pursuant to case law, and in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674 *et seq.*, a defendant in a state court action is permitted to bring a third party demand against the United States *without* first exhausting administrative remedies.  *See, Hassan v. Louisiana Department of Transportation and Development*, 923 F.Supp. 890 (W.D. La. 1996).  Shortly after Defendants filing an Answer to Plaintiff's petition, Defendants properly filed a Third Party Demand in the 34th Judicial District for the Parish of St. Bernard against the United States under the FTCA, 28 U.S.C. §2674 and §1346(b).[1] Defendants averred in the Third Party Demand that the Government was negligent in the design, construction and maintenance of the MRGO, and that the Government's negligence caused or exacerbated the flooding of the St. Rita Nursing Home.  The Government in turn removed this action and many others to federal court.

The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense.  The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal.  *Devore v. City of Mesa*, 783 F.Supp. 452 (D. Ariz. 1991).  The Court is required to assume that all factual allegations of the Complaint are true.  *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163 (E.D. Pa. 2003).  The burden is on the non-movant to show that the case was properly removed. *Nicholas v. Southeast Health Plan*, 859 F. Supp. 553 (S.D. Ala. 1993).  The United States of America is currently a party, and clearly claims against the United States are

---

[1] State entities and officials were also named within the Third Party Demand.

within the jurisdiction of the federal district courts.  The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a). Defendants hereby adopt and incorporate by reference herein the United States' Memorandum in Opposition to Plaintiffs' Motion to Remand filed on December 4, 2005 in the present matter.   If and when the Government files a motion to dismiss and prevails, then Plaintiff may urge that the case be remanded to state court.

Plaintiff alleges Defendants filed a third party demand in order to create a basis for removal to federal court.   This allegation is wholly without merit.   Defendants' inclusion of federal officials and entities within its Third Party Demand is based upon the right to seek indemnity and/or contribution from Third Party Defendants in the event Defendants are cast in judgment herein.  The right to indemnity and/or contribution *has not* been abolished by the 1996 Amendments to Louisiana Civil Code Article 2324. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 at *2 (E.D. La. 2005) (stating "the *Dumas* court did not hold that Louisiana had entirely eliminated tort indemnity and contribution"); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *2 (E.D. La. 2004) (affirming decision of *Campo*, discussed *supra*, regarding the holding of *Dumas*, "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution"); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (holding "the Louisiana supreme court [in *Dumas*] did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution").

3

In addition to arguing lack of proof that the Government removed this matter within thirty (30) days from service and improper joinder of parties, Plaintiff argues that the Government is immune from suit by virtue of the "discretionary function" exception to the FTCA and pursuant to the immunity granted by the Flood Control Act of 1928, 33 U.S.C. §702(c). Neither of these immunity arguments is properly presented in a Motion to Remand as they are tantamount to a motion to dismiss the United States. Plaintiff clearly lacks standing to bring such a motion. The "discretionary function" exception and interplay between *Graci v. United States,* 456 F.2d 20 (5th Cir. 1971) and *Central Green Co. v. United States,* 531 U.S. 425 (2001), have been the subject of motions filed by the Government in proceedings before Judge Duval. Judge Duval took those matters under advisement on October 27, 2006. Should this Court reach the merits of the motion, rather than rehash those arguments and burden the Court with additional paper, Defendants hereby incorporate by reference herein "Plaintiffs' Opposition to the Government's Motion to Dismiss" filed in C.A. 05-4182, Doc. 1003-1, and to the extent an opposition on the merits is required, Defendants adopt the arguments contained therein. Defendants would also ask the Court to observe that the discretionary function defense was rejected in the *Graci* litigation which dealt with flooding caused by the MRGO during Hurricane Betsy. *See,* 301 F.Supp. 947 (E.D. La. 1969).

Respectfully submitted, this 5th day of December 2006.

4

EMMETT, COBB, WAITS & HENNING

BY: _____

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile:   504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana 70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December 2006.

_____

EMMETT, COBB, WAITS & HENNING

BY: _Susan E. Henning_

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana   70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon

all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United

States Mail, postage prepaid and properly addressed, this 5th day of December 2006.

_Susan E. Henning_

5