## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

PERTAINS TO:
ST. RITA (POISSENOT)          NO.:  06-7858

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

The Poissenots do not dispute that indemnity claims are alive and well in Louisiana. Those claims are limited, however, to narrow circumstances which are not present in the case at bar.[1]

"Liability for indemnity arises only when the party seeking indemnity is free from fault and has discharged a debt that should be paid wholly by the indemnitor."[2] Indemnity shifts

---

[1] Since there are no allegations of a contractual relationship between St. Rita's and the United States, this reply will only address the claim for tort indemnity.

[2] *Campo v. John Fayard Fast Freight, Inc.*, Not reported in F.Supp.2d, 2003 WL 22229300 (E.D.La.) *2.

the entire loss from a tortfeasor **only technically or constructively at fault**[3] to the primary responsible party.[4] Where the plaintiff alleges active fault on the part of the defendant who seeks indemnity, his claim cannot stand.[5] Where the third-party demand alleges concurrent fault or intervening/superceding fault, such allegations do not support a claim for indemnity.[6]

In the *Lombard* case, the United States moved to dismiss the third party demand of Goodworks who sought indemnity from the United States based on its contention that the United States, *inter alia*, failed to adopt minimum safety standards for the operation of forklifts. In the original suit, plaintiffs alleged that Goodworks was at fault for the accident and ultimate death of Mr. Lombard, because Goodworks left the keys in the ignition of the forklift creating an attractive nuisance. Goodworks, in turn, essentially argued that the United States should have done more to prevent Goodworks' negligence. This court, after a detailed review of Louisiana tort indemnity law, dismissed the third party demand

---

[3] Examples of constructive or technical fault include the surety on a debt, an employer for the fault of an employee or an owner of a defective thing against the party who made the thing defective. See *Lombard v. New Orleans Naval Support Activity Commission*, Not reported in F.Supp.2d, 2004 WL 2988483 (E.D. La.) *6, FN17.

[4] *Id.* Emphasis added.

[5] *Lombard v. New Orleans Naval Support Activity Commission*, Not reported in F.Supp.2d, 2004 WL 2988483 (E.D. La.) *6.

[6] *Id.*

because the plaintiff's theory of recovery against Goodworks was active and not passive. It was not predicated on the fault of another for whom it was responsible. Reasoning that there was no link between Goodworks and the United States which would force Goodworks to assume liability of the United States, the court held to true comparative fault principles and dismissed Goodworks claim.[7]

Likewise, in this case, plaintiffs allege active fault on the part of St. Rita's. There is no link or relationship between St. Rita's and the United States which will force St. Rita's to assume liability on the part of the United States. Based on the allegations of the original petition, St. Rita's cannot be held liable for any one else's fault than its own. That being said, St. Rita's does not have a claim for tort indemnity against the United States.

Respectfully submitted,

**TAYLOR, WELLONS, POLITZ & DUHE, APLC**

/s/ Paula M. Wellons

PAULA M. WELLONS (19028)
FAYE DYSART MORRISON (23049)
7924 Wrenwood Boulevard, Suite C
Baton Rouge, Louisiana 70809
Telephone: 225-387-9888
Facsimile: 225-387-9886
Counsel for Plaintiffs

---

[7] Id. *10.

                    John W. deGravelles
                    deGravelles, Palmintier, Holthaus & Frugè, LLP
                    618 Main Street
                    Baton Rouge, LA 70801-1910
                    Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

- ( ) Hand Delivery           ( ) Prepaid U.S. Mail
- ( ) Facsimile                ( ) Federal Express
- (X) Electronically

Baton Rouge, Louisiana this 4th day of December, 2006.

                    /s/ Paula M. Wellons

                    TAYLOR, WELLONS, POLITZ & DUHE, APLC