UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § PERTAINS TO: § § LEVEE (06-5137) § § | CIVIL ACTION No. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |

**MEMORANDUM IN SUPPORT OF NSRC'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**I.  INTRODUCTION**

It is well-settled that, though complaints filed in federal court require only notice pleading, a plaintiff must still set forth allegations that are sufficiently detailed and informative to enable a defendant to respond.  Plaintiffs here have failed to so inform defendant Norfolk Southern Railway Company ("NSRC").

Plaintiffs have attempted to assert a negligence claim against NSRC for allegedly having railroad tracks atop of an earthen levee that broke during Hurricane Katrina; however, in doing so they have failed to state a claim against NSRC.  It is black letter law that negligence requires an allegation of duty and a breach thereof.  Here, plaintiffs make no such allegations against NSRC.  Plaintiffs have not alleged any duty that NSRC allegedly owed to them, much less breach of that duty.  Plaintiffs' mere allegation that railroad tracks atop an earthen levee were the proximate cause of the levee breach is simply insufficient to state a claim.  Accordingly, NSRC respectfully requests that this Court grant its Motion to Dismiss for failure to state a claim.

1

II.     STATEMENT OF THE FACTS

According to plaintiffs' complaint for damages and declaratory judgment, filed August 28, 2006, plaintiffs were residing or doing business in the Kenilworth Lakefront Community[1] until Hurricane Katrina made landfall on August 29, 2005.  Complaint, p. 1.  Plaintiffs further allege that when Katrina made landfall they suffered damages due to the "failure of the flood protection system for the New Orleans East polder." *Id.*, p. 2.  Plaintiffs have sued defendants the Port of New Orleans, the Orleans Levee District, the Louisiana Department of Transportation and Development, and NSRC (incorrectly identified as "Norfolk and Southern Rail Road Company") claiming that these defendants are responsible for the failure of the flood protection system for the New Orleans East polder.

Although the twenty-seven page complaint describes in some detail the duties and responsibilities that the Port of New Orleans, the Orleans Levee District, and the Louisiana Department of Transportation and Development have for these waterways and flood gates, the complaint makes almost no allegations with regard to NSRC.  Indeed, other than its identification as a defendant, NSRC is mentioned only four times throughout the twenty-seven pages.  The first mention of NSRC comes in paragraph 18, when plaintiffs allege that the "failure [of the flood protection system] was cause in material part by the failure of the earthen levees as a bed of the [NSRC] tracks."  The second mention comes in paragraph 22, which alleges that "The failure was cause in material party by the compromise of flood protection accomplished by due use of the earthen levee as the bed for [NSRC]."  The third mention comes in paragraph 72 and is essentially a restatement of paragraphs 18 and 22—"[NSRC] used earthen levees to support its tracks, and the use contributed to the failure of the earthen levees, a proximate cause

of plaintiffs' loss." The final mention is on page twenty-seven, when plaintiffs finally identify the legal theory under which they claim damages from NSRC. On that page, plaintiffs pray for a holding "[NSRC] liable for the damages proximately caused by [its] own negligence." As shown below, these three allegations simply do not state a claim for negligence against NSRC. Accordingly, NSRC respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for a dismissal for failure to state a claim.

### III. LEGAL ARGUMENT

#### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) PERMITS DISMISSAL FOR FAILURE TO STATE A CLAIM

As this Court is aware, a motion to dismiss for failure to state a claim, made under Federal Rule of Civil Procedure 12(b)(6), will be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Chauvin v. State Farm Cas. & Ins. Co.*, 450 F. Supp.2d 660, 662 (E.D. La. 2006). As the First Circuit so eloquently wrote:

> There are, however, limits on this generous formulation. For one thing, the complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. [Internal citations omitted]. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; "[d]espite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." [Internal citations omitted].

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

A motion to dismiss under Rule 12(b)(6) permits a court to eliminate, with a minimum expenditure of time and expense, the unnecessary burden of discovery when there is no reasonable prospect that a plaintiff can allege a claim from events stated in the complaint. *Carl*

---

[1] Plaintiffs' petition defines "Kenilworth Lakefront Community" as the "Kenilworth Subdivisions, Lakefront, Spring Lake, Lake Willow and Pines Village communities to Crowder Boulevard and its environs to the Lakefront

3

*Sandberg Village Condo Ass'n v. First Condo Dev. Co.*, 758 F.2d 203, 207 (7th Cir. 1985).  In reviewing a Rule 12(b)(6) motion, courts are limited to the factual allegations set forth in the pleading, which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FEDERAL R. CIV. PROC. 8(a); *Gogreve v. Downtown Dev. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).  Although courts are to assume all well-pleaded allegations are true and to view them in the light most favorable to the plaintiff, a plaintiff must plead specific facts, not mere conclusory allegations to avoid dismissal.  *See Chauvin*, 450 F. Supp. 2d at 662; *Gogreve*, 426 F. Supp. 2d at 388.  Conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Indeed, the complaint must contain either direct allegations on every material point necessary to sustain a recovery, or it must contain allegations from which one may fairly infer that evidence on material points will be introduced at trial.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

      **B.**    **NSRC'S 12(B)(6) MOTION SHOULD BE GRANTED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE A CLAIM OF NEGLIGENCE AGAINST NSRC**

Plaintiffs' alleged negligence claim should be dismissed for several reasons.  First as stated above, mere conclusory allegations will not survive a motion to dismiss.  *Guidry*, 954 F.2d at 281.  Plaintiffs' allegation that the railroad track atop an earthen levee was the proximate cause of the levee's breach is a mere conclusory allegation.  Moreover, if such an allegation were somehow considered sufficient, it is not sufficient to state a negligence claim against NSRC.

Negligence is a state law claim, and thus, whether such a claim has been properly stated must be analyzed under Louisiana law.  *See Guidry*, 954 F.2d at 286.  Louisiana negligence claims are examined using a duty/risk analysis, which requires analysis of five separate elements:

---

Airport."

(1) the defendant's conduct was cause-in-fact of the plaintiffs' injuries; (2) the defendant had a duty to conform its conduct to a specific standard; (3) the defendant breached that duty to conform its conduct to a specific standard; (4) the defendant's conduct was the legal cause of the plaintiffs' injuries; and (5) actual damages. *Joseph v. Dickerson*, 1999-1046 (La. 1/19/00), 754 So.2d 912, 916 (internal citations omitted). A negative answer to any of the elements of the duty/risk analysis prompts a no-liability determination. *Id*. (internal citations omitted).

Like the *Guidry* defendants, NSRC contends that plaintiffs' negligence claim should be dismissed because plaintiffs have not alleged that NSRC owes them any duty. *Guidry*, 954 F.2d at 286. Indeed, NSRC does not owe, much less has breached, any duty to plaintiffs. Without an alleged duty, plaintiffs cannot maintain their suit against NSRC since duty is a necessary element of the duty/risk analysis. *Joseph*, 754 So.2d at 916.

Determining whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties. *Id*. The only allegations that plaintiffs have made with regard to NSRC are: (1) there was an earthen work levee in the Kenilworth Lakefront Community; (2) NSRC had railroad tracks on top of the earthen work levee[2]; and (3) having railroad tracks on top of the earthen work levee contributed to its failure. Assuming, for the purposes of this motion only, the truth of these allegations, they do not create a claim of negligence. Here, plaintiffs have not alleged any relationship with NSRC. They have not alleged that NSRC owed them a duty. They have not alleged that NSRC breached a duty to them. They have not even claimed that the mere placement of the railroad tracks on top of the levee was somehow unreasonable. Without an alleged duty, there can be no breach of that duty and therefore no negligence claim. *See Joseph*, 754 So.2d at 916.

Plaintiffs may contend that they do not need to plead specific facts because federal court requires notice pleading; however, any such argument should fail. Notice pleading requires "'a short and plain statement of the claim showing the pleader is entitled to relief.'" *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 206) (internal citations omitted). In other words, a proper complaint is one that is detailed and informative enough to enable the defendant to respond. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1215 (3d ed. 2004). As explained above, plaintiffs' complaint is neither. Because plaintiffs have failed to allege a duty or breach thereof, NSRC cannot respond to the complaint.

## IV.   CONCLUSION

Plaintiffs' complaint fails to make any mention of any duty that NSRC owed to them or of any duty that NSRC allegedly breached. It is elementary that a claim for negligence requires the pleading of a duty as well as a breach thereof. Without such allegations, no negligence claim may be stated as a matter of law. Accordingly, NSRC respectfully requests this Court grant its Motion To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

LEMLE & KELLEHER, LLP

s/ Susannah B. Walter_____
Benjamin R. Slater, III (Bar No. 12127)
Susannah B. Walter (Bar No. 29048)
Thomas L. Colletta, Jr. (Bar No. 26851)
21st Floor, Pan-American Life Center
601 Poydras Street

---

[2] If this 12(b)(6) motion is not granted, then NSRC will soon bring a motion for summary judgment showing that there were no NSRC tracks on top of the earthen work levee at issue; and therefore, as a matter of law, the tracks could not have contributed to the failure of the levee.

New Orleans, Louisiana 70130-6097
Telephone (504) 586-1241
**Attorneys for Defendant, Norfolk Southern Railway Company**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all parties of record.

s/ Susannah B. Walter