UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA DICORTE | * | CIVIL ACTION NO.: 06-8270 |
| | * | |
| VERSUS | * | SECTION: R |
| | * | |
| ST. PAUL TRAVELER'S CASUALTY INSURANCE COMPANY OF AMERICA, ET AL | * | MAGISTRATE: 1 |
| ********************************** | * | ************************************ |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

**I.   INTRODUCTION**

On October 17, 2006, Defendants, The Standard Fire Insurance Company, improperly identified as St. Paul Traveler's Indemnity Company of America (hereinafter "Standard Fire"), moved to remove this case to Federal Court. The Notice of Removal avers this Court has jurisdiction because there is complete diversity between Plaintiff Patricia Dicorte and Defendants referenced herein, and the amount in controversy exceeds $75,000.

## II. PROCEDURAL HISTORY

On August 28, 2006, Plaintiff filed a Petition for Declaratory Judgment and Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, requesting service on Defendant Standard Fire through the Secretary of State, and Defendant Lastrapes Insurance Agency at 110 Veterans Blvd., Suite 110, Metairie, Louisiana. Hereinafter, Defendants filed a Notice of Removal.

## III. FACTS

Plaintiff is the owner of a residence located at 808 Weidlen Place, New Orleans, Louisiana. Hurricane Katrina caused extensive damages to Plaintiff's property rendering it inhabitable for a period of time. Massive repairs are warranted. At all times pertinent hereto, Plaintiff had a homeowner's policy with Standard Fire which allegedly covered the extensive wind damage done to her home. Ms. Dicorte purchased this coverage through her agent, namely Defendant Lastrapes Insurance Agency.

## IV. LAW AND ARGUMENT

### A. Plaintiff's Claim does not meet the requirements of 28 USC 1369 "Multiparty Multiforum Trial Jurisdiction Act" nor is it the type of case for which this particular statute was enacted.

Arguing the Multiparty Multiforum Trial Jurisdiction Act, 28 USC 1369 (hereinafter "MMTJA"), Defendant is trying to "squeeze" into Federal Court. A review of the complete statute and legislative history makes it abundantly clear that the MMTJA does not apply in the instant case.

MMTJA is comprised of five (5) subparts (a-e). Defendants rely only on subpart (a); however, the remaining subparts, particularly subpart (b), is relevant to the inquiry as to whether

the Court can exercise jurisdiction pursuant to this statute, Subpart (b), entitled "Limitation of Jurisdiction of District Courts" deals with the fact that in certain circumstances the Court must refrain from any MMTJA civil action. Specifically, Subpart (b) provides:

The District Court <u>shall</u> <u>abstain</u> (emphasis added) from hearing any civil action described in subsection (a) in which

> (1) The substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also defendants; and
>
> (2) The claims asserted will be governed primarily by the laws of that state.

The language of Subpart (a) gives the District Courts original jurisdiction over any civil action, arising from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if certain other criteria are met. In the instant case, there is one Plaintiff, who is a natural person, and two defendants, two juridical persons, and one natural person, namely the agent, arising out of inadequate insurance practices.

No natural person has died herein as a result of the insurance coverage failures. As such, the plain language of the statute and the facts and circumstances herein make it clear that MMTJA is inapplicable. Moreover, Subpart (b) clearly states that if all plaintiffs and the primary defendants are citizens of the same State wherein that State's law applies, the Federal District Court must abstain from the case. Both the Plaintiff and the Defendant Insurance Agent, namely Lastrapes Insurance Agency, are Louisiana residents. Hence, the District Court should be precluded from its exercising jurisdiction herein.

Assuming arguendo that that the statutory language is unclear, the legislative history removes any doubt regarding whether it should apply to this case. Congress ultimately enacted MMTJA to focus "on the problem of dispersed complex litigation arising out of a single accident

resulting in multiple deaths or injuries." H.R.Conf. Rep. No. 107-685 at 199 (2002); 2002 U.S.C.C.A.N. 1120, 1151. MMTJA was intended to "streamline the process by which multidistrict litigation governing disasters are adjudicated" creating a device whereby multiple causes of action could be consolidated. Id. The aim of MMTJA was to address inefficiencies and inconsistencies of duplicate litigation arising from a single mass tort. H.R. Conf. Rep. No. 106-276 at 6-7 (1999). It was Congress' belief that without a statute such as MMTJA, jurisdictional and procedural complaints would prevent the joinder of all parties in a single forum for consolidated litigation. Id. at 7. Thus, Plaintiffs would be required to file duplicate lawsuits arising from the same accident. Id.

It was further Congress' intent that this statute be applied to mass torts and complex litigation, and, as such, Congress clearly intended the statute to be narrowly applied. Congress explicitly intended MMTJA apply to only a "very narrowly defined category of cases". 147 Cong.Rec. H893-01, H894 (Daily Ed. March 14, 2001)(Statement of Rep. Conyers). MMJTA was "targeted toward reducing duplicative litigation resulting from serious single accidents." 136 Cong. Rec. 9,12612 (1990)(Statement of Rep. kastenmeir). In debating this issue, Congress specifically articulated the types of cases to which this statute was aimed, specifically stating "airplane crashes, bridge collapses, hotel fires, and train wrecks." Id; see also H.R. Conf. Rep. No. 107-685, at 200 (2002). The legislative history is synonymous with the plain language of the statute, making it apparent that the types of cases which MMTJA would apply are multi-plaintiff, complex litigations.

Inasmuch as MMTJA is relatively new statute, there exists very little jurisprudence interpreting it. The first reported decision interpreting the statute is actually a collection of cases arising out of the tragic nightclub fire in Rhode Island. See Gray v. Derderian, 365 F.Supp. 2d

218 (D.R.I. 2004); <u>Passa v. Derderian</u>, 308 F.Supp. 2d 43 (D.R.I. 2005). In the Rhode Island nightclub case, 100 natural persons were killed, 200 natural persons were injured, and approximately 75 people escaped during the nightclub fire. Litigation ensued from that tragedy on behalf of 375 victims; precisely the type of mass tort MMTJA envisioned.

<u>Wallace v. La Citizens Property Ins., Corp.</u>, 444 F3d 697 (5th Cir. 2006) is another reported decision interpreting MMTJA. Therein, the Fifth Circuit Court of Appeal erred in remanding a case against insurers arising out of Katrina. However, inapposite to that case which was a class action seeking to "piggyback" onto another class action, one from the Eastern District and the second from the Middle District, that was precisely the type of case which fits squarely within the plain language and legislative intent of MMTJA. In the instant case, on the other hand, there is one insured who has brought a claim against one insurance company and one insurance agent, not a multiple number of same. This was hardly the type of "dispersed complex litigation", MMTJA was enacted to address. Accordingly, this Court should not exercise jurisdiction based on this particular statute, and thereby, it should remand the case back to the Civil District Court for the Parish of Orleans.

**B. Defendant Standard Fire cannot meet its burden of proving that there is "absolutely no possibility" the Plaintiff will be able to prevail against Lastrapes Insurance Agency, her insurance agent.**

Defendant next alleges the Federal Court should exercise jurisdiction because defendant Lastrapes Insurance Agency has been fraudulently joined in this litigation to defeat jurisdiction. 28 USC 1332 provides that U.S. District Courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. This statute is interpreted as requiring each defendant to be a citizen of a different state from each plaintiff. See <u>Donahue v. Home Depot</u>, 1999 U.S. Dist. LEXIS 13039 (E.D. La 1999). In the

instant case it is undisputed that both plaintiff and one of the defendants are both citizens of Louisiana. Therefore, the only issue that needs to be resolved is whether Defendant's allegation that Defendant Lastrapes Insurance Agency has been fraudulently joined. Said allegation is clearly not supported by the facts and jurisprudence.

Defendants have the burden of proving that Defendant Lastrapes Insurance Agency was fraudulently joined. Donahoe, 1999 U.S. Dist. LEXIS at 3. This burden can only be met by showing there exists absolutely no possibility that Defendant Lastrapes Insurance Agency would be liable to Plaintiff in State Court. Green v. Amerada Hess Corp., 707 F.2d 201 (5th Cir. 1983)(emphasis added). In deciding this issue, the Court must resolve all disputed questions of fact and all ambiguities must be resolved in favor of plaintiff. Carriere v. Sear Roebuck & Co., 893 F.2D 98 (5th Cir. 1990). Should plaintiff have any possibility of recovery against Defendant Lastrapes Insurance Agency, the case must be remanded back. Id.

Defendants cannot meet this heavy burden of showing absolutely no possibility of plaintiff prevailing against Defendant Lastrapes Insurance Agency. Defendant argues there is no possibility of recovery against Defendant Lastrapes Insurance Agency because (1) any claim against them would be preempted and (2) there is no cause of action against for failing to procure adequate insurance. Both these arguments are without merit and not supported by Louisiana law.

La.R.S. 9:5606 governs the prescriptive period for actions against an insurance agent arising out of an engagement to provide insurance services. The statute provides for a one (1) year prescriptive period and a three (3) year preemptive period for these types of actions.

In the instant case, Plaintiff obtained insurance though her agent Lastrapes Insurance Agency within one year of Hurricane Katrina, clearly within the three year preemptive period provided for in R.S. 9:5606. Hence, the case herein is not preempted.

As to whether Plaintiff's claim is subject to a one year prescriptive period, R.S. 9:5606 provides that the Plaintiff must file her respective claim against her insurance agent within one year from the date that the agent's negligence is discovered or should have been discovered. Here, Ms. Dicorte did not discover Defendant Lastrapes Insurance Agency's error and omission until after Hurricane Katrina; thus, her claim was filed well within the one year period.

Moreover, inasmuch as Plaintiff was clear with her agent about her insurance needs, she had no reason to suspect that her agent failed to procure adequate coverage for her. Thus again, Ms. Dicorte did not discover her agent's neglect until after she made a claim for Hurricane Katrina related damages. The lawsuit was filed before the anniversary date of the storm; thus, Plaintiff's claim had not prescribed.

Plaintiff is likewise somewhat confused by Defendant's argument that the facts as plead do not give rise to a cause of action against the insurance agent, namely Lastrapes Insurance Agency. Specifically, Defendant contends Plaintiff does not have a claim against her agent because the claim is premised on allegations that Lastrapes Insurance Agency failed to advise the Plaintiff of certain terms and conditions that were plainly set forth in the policy. Moreover, Defendant avers that an agent has no duty to independently advise a client about cost, availability or desirability of certain coverages or additional limits of insurance, unless the agent assumes or agrees to such a duty. Louisiana courts have held to the contrary.

An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. A client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage. La. C.C. 3002 and 3003; <u>Kienra v. Commercial Union Ins. Co. of N.Y.</u>, 271 So.2d

889 (La. App. 4th Cir. 1973); Hight v. Stewart, 265 So.2d 640 (La. App. 2nd Cir. 1972); Borelon v. Herculean Risks, Inc., 241 So.2d 766 (La. App. 3rd Cir. 1970).

In the instant case, Plaintiff has plead that Defendant Lastrapes Insurance Agency was fully aware of her needs and failed to procure the necessary amount of insurance coverage to adequately protect her property. This inaction certainly gives rise to an action under Louisiana law as referenced above. Hence, Plaintiff's Motion to Remand should be granted on this reasoning as well.

### C. Defendants cannot meet their burden of proving that Plaintiff's claim against them has no connection at all to one another.

Lastly, Defendant argues that the agent has been fraudulently misjoined because the claims against him have "no connection at all" to the claims against Standard Fire. Fraudulent misjoinder is just yet another attempt of Defendant to apply a legal theory typically reserved for complex, mass tort, multidistrict litigation to the facts of this single plaintiff insurance claim.

Tapscott v. M.S. Dealer Servives Corp., 77 F.3d 1353 (11th Cir. 1966) is the seminal case regarding fraudulent misjoinder. That decision has made it perfectly clear that only "egregious" misjoinder will allow the district court to ignore the citizenship of a non-diverse co-defendant. See Tapscott at 1360. The type of "egregious" joinder in that case was a finding by the court that the claims against the two defendants were "wholly distinct." The Court was further careful to state that mere misjoinder is not fraudulent joinder.

In the case sub judice, Defendant has not plead in their Notice of Removal an "egregious" misjoinder. Hence, it may not avail itself of the fraudulent misjoinder doctrine. Moreover, joinder of claims against an insurer and an insurance agent have been frequently allowed. See Hill, Peterson, Carper, Bee & Deitzier, P.L.L.C. v. XL Specialty Ins. Co., 261 F.Supp.2d 546

(S.D. W.Va. 2003) and <u>Ferguson v. Security Life of Denver Ins. Co.</u>, 996 F. Supp. 597 (N.D. Tex 1998). Accordingly, this argument too is without merit and the case should be remanded.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that her Motion for Remand be granted.

Respectfully submitted,

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.

_____
KENNETH W. ANDRIEU, BAR # 20675
JOHN W. HOUGHTALING, BAR # 25099
JAMES M. WILLIAMS, BAR # 26141
STEPHEN M. HUBER, BAR # 24463
3500 N Hullen Street
Metairie, LA 70002
Telephone:  (504) 456-8600
Facsimile:  (504) 456-8624
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing same in the United States mail postage prepaid and properly addressed on this 20th day of October, 2006.

_____
KENNETH W. ANDRIEU