UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICIA DICORTE                                      CIVIL ACTION NO. 06-8270

VERSUS

ST. PAUL TRAVELER'S CASUALTY                          JUDGE SARAH S. VANCE
INSURANCE COMPANY OF AMERICA
ET AL.                                                MAGISTRATE SALLY SHUSHAN

## STANDARD FIRE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## A.   BRIEF BACKGROUND

Plaintiff, Patricia Dicorte ("Dicorte"), sued three defendants:

a)   Standard Fire Insurance Company ("Standard Fire"), improperly named in the petition as St. Paul's Travelers Casualty Insurance Company of America;

b)   Lastrapes Insurance Agency ("Lastrapes"); and

c)   AAA Contractors ("AAA").

Dicorte asserts that she is entitled to recover more money from Standard Fire, her homeowner's insurer, due to damage to her home caused by Hurricane Katrina.[1] As to Lastrapes, the petition alleges that it "failed . . . to properly **advise** plaintiff as to his/her options"[2] and "fail[ed] to procure **adequate** insurance coverage for plaintiff's

---

[1]   See Petition at ¶ XIII.

[2]   *Id.* at ¶ XVII (emphasis added).

1

property."[3]   AAA is an "alternative defendant."   The primary claim involving AAA is that Standard Fire is required to pay for the fees charged by AAA to the plaintiff, because they are reasonable.[4]   Alternatively, Plaintiff alleges that she is "entitled to a refund [from AAA] of all monies [she] paid to [AAA] which are deemed excessive and/or unreasonable."[5]

Standard Fire removed this action based on diversity-of-citizenship and federal-question jurisdictions.   There is no dispute that the requisite amount-in-controversy exists for diversity jurisdiction.   There is dispute, however, regarding: (a) whether Lastrapes and AAA — both Louisiana citizens — have been improperly joined in an attempt to defeat diversity; and (b) whether the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §1369 and 1441(c)(1) provides federal-question jurisdiction.

## B.   MAJOR ISSUES PRESENTED

1.   A plaintiff does not defeat diversity jurisdiction by combining unrelated claims against a local defendant with separate and distinct claims against a non-resident defendant.   Whereas the claim against Standard Fire is in contract, the claims against Lastrapes and AAA (which are wholly unrelated to Standard Fire) are in tort.   Lastrapes and AAA do not defeat diversity jurisdiction.

2.   A claim against an insurance agent is perempted if it is not brought within three years from the date that the policy was originally issued.   Plaintiff's policy was originally issued in 1996.   Plaintiff's claims against Lastrapes are perempted.

---

[3]     *Id.* at ¶ XVIII (emphasis added).

[4]     *See id.* at ¶ XXIII.

[5]     *Id.* at ¶ XXIV.

## C.    SUMMARY OF ARGUMENTS

Whereas the claims against Standard Fire are in contract, the claims against Lastrapes and AAA are in tort.  Because those claims and defendants are unrelated, they have been improperly joined and cannot be used to defeat diversity.  **Dicorte does not dispute that argument as to AAA.**  Lastrapes has been further improperly joined because the claims against it are perempted by Louisiana law, and the allegations against it do not state a cause of action.  Similarly, the claim against AAA is not ripe, and the allegation against it does not state a cause of action.

Standard Fire relies on the MMTJA authority and arguments that it submitted in its Notice of Removal.

## D.    LAW AND ANALYSIS

### 1.    IMPROPER CUMULATION OF CLAIMS

#### a.    The Authority is Settled

Under a doctrine developed by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds sub nom., Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000), a plaintiff does not defeat diversity jurisdiction by combining unrelated claims against a local defendant with separate and distinct claims against a non-resident defendant.  *Id.* at 1359-60.[6]  The

---

[6]      *See also Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 533 (5th Cir. 2006) (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants"); *Polk v. Lifescan, Inc.,* No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003); *Mallard v. Prudential Ins. Co. of Am.,* No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. Mar. 29,

Fifth Circuit has cited this rule with approval, most recently in *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

Further, in *Berthelot v. Boh Bros. Const. Co., L.L.C.*, Civ. A. No. 05-4182, 2006 WL 1984661 (E.D. La. June 1, 2006), another Hurricane Katrina case, Judge Duval recently held that, where a petition alleges parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper. The plaintiffs in *Berthelot* sued the Orleans Levee District, a non-diverse defendant, as well as a number of insurance companies, which were of diverse citizenship. Whereas the claims against the Levee District sounded in negligence, the claims against the insurance defendants were premised on the contractual interpretation of the plaintiffs' policies. *Id.* at *11. Relying on *Tapscott*, Judge Duval found the claims against the Levee District were parallel, separate from, and unrelated to, the claims against the insurance defendants, and thus were improperly joined. Judge Duval then remanded the claims against the Levee District, but denied the motion to remand as to the insurance companies. Id. at *12.

As recently as August 30, 2006, Judge Feldman in *Defourneaux v. Metropolitan Property and Casualty Ins. Co.*, No. 06-3809, 2006 WL 2524165 (E.D. La. Aug. 30, 2006), applied *Berthelot* and *In re Benjamin Moore* to sever Hurricane Katrina claims against an insurer and a non-insurer. Relying on FED. R. CIV. P. 21, which provides that

---

1996); *Turpeau v. Fid. Fin. Servs., Inc.*, 936 F. Supp. 975 (N.D. Ga. 1996), *aff'd*, 112 F.3d 1173 (11th Cir. 1997); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

"any claims against a party may be severed and proceeded with separately,"[7] and FED. R. CIV. P. 20, Judge Feldman held that "the claims against the two defendants present different issues of law because the claims against [one defendant] are grounded in contract law, and the claims against [the other defendant] are based on negligence and tort theories."  *Defourneaux* at *2.  The claims' mutual connection to Hurricane Katrina made no difference, as it was "[t]he only common factual thread between the claims . . . an uncontested fact of which the Court will take judicial notice."  *Id.* (citing *Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp. 2d 777, 781 (S.D. Miss. 2003)).

Similarly, in *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777 (S.D. Miss. 2003), the plaintiffs sued the driver of a mower that allegedly caused an automobile accident in which one of the plaintiffs was injured. The plaintiffs also brought claims against an insurance company, alleging that it failed to make medical payments for the plaintiffs' injuries resulting from the automobile accident.  *Id.* at 778.  Citing *Tapscott* and *Benjamin Moore*, the court held that the plaintiffs had combined unrelated lawsuits resulting in fraudulent joinder of claims to defeat diversity jurisdiction. The court explained that because the claims against the non-diverse defendants were based on negligence relating to the accident, and the claims against the diverse insurer sounded in contract based on the failure to pay benefit claims, the claims were unrelated and improperly joined.  *Id.* at 780-81.

---

[7]        FED. R. CIV. P. 21.

Finally, in *Juneau v. Ducote*, No. 9409789, 2005 WL 2648861 (W.D. La. Oct. 17, 2005), the plaintiffs, who alleged that they were exposed to high levels of lead, sued their employer, a supervisor, and several insurance companies.  *Id.* at *3.  After deciding that there was no possibility of recovery against the supervisor and employer on several counts, the court decided that the remaining viable claims were misjoined. Citing FED. R. CIV. P. 20, the court explained that "the matters sued upon do not arise from the same transaction or occurrence and present no common questions of law or fact." *Id.* at *4.

### b.      Plaintiff's Authority is Unpersuasive

Dicorte cites *Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C. v. XL Specialty Ins. Co.*, 261 F. Supp. 2d 546 (S.D. W. Va. May 13, 2003) and *Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. Mar. 2, 1998) in support of her proposition that joinder of the claims against Lastrapes and AAA is proper.  However, neither case addresses whether *Tapscott* and its progeny preclude fraudulent misjoinder of claims brought against a diverse insurer and a non-diverse tortfeasor.  *Hill* and *Ferguson* merely addressed whether the plaintiff stated a cause of action against an agent under that respective state's law.

### c.      Remand is Not Warranted

Like the claims in *Tapscott, Berthelot, Defourneaux, Smith*, and *Juneau*, the claims against Lastrapes and AAA in the present case are wholly distinct and separate

6

from the claims against Standard Fire.  Dicorte does not dispute this argument as to AAA.

Dicorte claims that Standard Fire failed to pay sums due under its insurance policy.  In contrast, Dicorte alleges that Lastrapes and AAA negligently breached duties. The claim against Lastrapes dates back to November of 1996 when Dicorte procured the first Standard Fire policy through Lastrapes and involves whether Lastrapes failed to properly advise Dicorte and to procure adequate coverage.  The claim against AAA, which is asserted in the alternative, involves whether Dicorte was overcharged by AAA. Dicorte's claim against Standard Fire, however, is strictly a matter of policy interpretation.  Accordingly, the basis underlying the claims against Standard Fire, Lastrapes, and AAA, the facts from which they arise, and the legal analyses the Court will employ in determining a proper resolution are all different.

This is a case where Dicorte included claims against Lastrapes and AAA for the sole purpose of defeating removal.  This is precisely the type of misjoinder that *Tapscott* and its progeny have found insufficient to defeat diversity jurisdiction.  Accordingly, joinder of these defendants is improper, and the Court should disregard the citizenship of Lastrapes and AAA and deny the motion to remand.

### 2.  IMPROPER JOINDER OF PARTIES

Separate from whether the claims are the type that should be tried together, an action is also removable if the non-diverse defendant is "improperly joined" to defeat diversity jurisdiction.  *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571, fn.

1 (5th Cir. 2004); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-678 (5th Cir. 1999).  Improper joinder exists if the plaintiff cannot establish a cause of action against the non-diverse defendant.  *Id.*

>           **a.      Peremption as to Lastrapes**

Here, Lastrapes has been improperly joined as a defendant because the claims against it are barred by Louisiana law.  There is no reasonable possibility of recovery against Lastrapes in this case, because Dicorte's claims against Lastrapes are perempted under Louisiana law.

Claims against an insurance agent must be filed within the earlier of "one year from the date that the alleged act, omission, or neglect . . . should have been discovered"[8] and "three years from the date of the alleged act, omission, or neglect."[9] These are preemptive periods.[10]

>           ***(1)      Three-Year Peremption***

The policy purchased through Lastrapes became effective November 29, 1996,[11] well over three years before Dicorte filed suit on August 28, 2006.  For that reason, the plaintiff's claims are perempted.

---

[8]       La. R.S. § 9:5606(A).

[9]       *Id.*

[10]      *See* La. R.S. § 9:5606(D).

[11]      *See* Affidavit of Monica Grissom at ¶ 3, which is attached hereto as Exhibit "A;" Affidavit of John Lastrapes at ¶ 9, which is attached hereto as Exhibit "B."

Dicorte alleges that Lastrapes failed to properly advise Dicorte regarding her options and to procure adequate insurance.[12]   This alleged misconduct occurred in November 1996 when Lastrapes sold Dicorte the policy.   The petition does not allege any subsequent misrepresentations in connection with the renewal.   According to Lastrapes's affidavit,

> After initially discussing the amount of homeowner's coverage on the building and contents with Ms. Dicorte in 1996, Ms. Dicorte had no further conversations with me, nor anyone else in my office regarding the amount of homeowner's coverage on the building or property located at 808 Weiblen.   The only conversations that occurred involved claims or complaints about increase in the costs of the premiums.[13]

Under the three-year preemption, the cause of action is extinguished, regardless of when the negligence was discovered and even if a plaintiff could not have brought her claim before the three-year period expired.   *Reeder v. North*, 701 So.2d 1291, 1297 (La. 1997); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *6 (E.D. La. Jul. 21, 2006).   The Louisiana Supreme Court, in dealing with an analogous provision of Louisiana's legal malpractice statute,[14] pointed out that "the Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all."   *Reeder*, 701 So.2d at 1297.

---

[12]   *See* Petition at ¶¶ XVII and XVIII.

[13]   Affidavit of John Lastrapes at ¶ 9, which is attached hereto as Exhibit "B."

[14]   *See* La. R.S. § 9:5605.

9

The Court recognized that while the peremption provision of the legal malpractice statute may seem unfair in that a "person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative." *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182 (La.App. 5 Cir. Oct 26, 2004) (construing *Reeder v. North,* 701 So.2d 1291 (La. 1997)).

### *(2)    Policy Renewal Does Not Provide Relief*

Dicorte's claims against Lastrapes are perempted, regardless of any policy renewals.  Louisiana law recognizes that subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La.App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377, 382-83 (La.App. 2003).

A renewal does not constitute a separate tort.  *Dobson*, 2006 WL 2078423, at *6; *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562, at *2 (E.D.La. 2006); *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, at *2 (E.D. La. 2006); *Perez v. Metropolitan Property* and *Cas. Ins. Co.* 2006 WL 2178753, at *3 (E.D. La. 2006).  In order for each renewal to constitute a separate tort, the disputed conduct must consist of separate and distinct acts, "each of which gives rise to immediately apparent damages," as opposed to being a "continuation of the ill effects of an original unlawful act."  *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182 (La.App. 5 Cir. Oct 26, 2004) (quoting *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377, 382 (La.App. 1 Cir. 2003); *see also Bustamento v. Tucker*, 607 So.2d 532, 540 (La. 1992).   The

10

peremptive period generally runs from the date of the original purchase of the policy because the renewal process usually does not afford the insurance agent the opportunity to make further misrepresentations about the policy, thus not constituting a separate and distinct act. *Biggers*, 886 So.2d at 1182; *Bel*, 845 So.2d at 382-83.

*Perez* involved damages incurred to the plaintiff's home as a result of Hurricane Katrina. *Perez*, 2006 WL 2178753, at *1. The plaintiff alleged that his home and personal property were destroyed by wind and sought the policy limits under his homeowner's policy, which was initially purchased in 1985, together with penalties and attorney's fees. *Id.* The plaintiff filed suit against his insurer and insurance agent. *Id.*

The Court in *Perez* held that the three-year peremptive period found in La. R.S. § 9:5606 began to run in this case in 1985 when the homeowner policy was initially purchased. *Id.* at *3; citing *Biggers*, 886 So.2d at 1183 (holding that peremptive period, applicable to the insured's negligence suit against agent, began when insured purchased policy). The court also held that "the fact that the plaintiff renewed his homeowner policy each year does not toll the one-year peremptive period under well-settled Louisiana law." *Id.;* citing *Bel*, 845 So.2d 377 ("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); and *Biggers*, 886 So.2d at 1183, (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); and *Bordelon v. Indep. Order of Foresters*, 2005 WL 3543815 (E.D.La. 2005) (peremptive period begins

11

to run when policy is acquired).  As a result, the suit the plaintiff filed against his agent in February 2006, over twenty years after he purchased his homeowner policy from the agent, was perempted pursuant to La. R.S. § 9:5606.  *Id.* at *4.

### (3)    One-Year Peremption

Even if the renewals did re-start the peremptive period, the fact that the last renewal before Hurricane Katrina was more than one year before the petition was filed[15] precludes Dicorte from relying on the renewals to avoid peremption.

Dicorte claims that she "did not discover Defendant Lastrapes Insurance Agency's error and omission until after Katrina."[16]  In applying La. Rev. Stat. § 9:5606, however, the issue is not when Dicorte actually discovered the alleged negligence, but rather when Dicorte "should have known" of the alleged negligence.  Under Louisiana law, an insured is responsible for reading its policy and is presumed to know its provisions.  *See, e.g., Stephens v. Audubon Ins. Co.,* 665 So. 2d 683, 686 (La. App. 1996) ("An insured is presumed to know the provisions of his policy.*"); Matthews v. Business Men's Assurance Co.*, 478 So. 2d 634, 637 (La. App. 1985) (same); *Perkins v. Shelter Ins. Co.*, 540 So. 2d 488, 490 (La. App. 1989) (same); *Kieran v. Commercial Union Ins. Co.*, 271 So. 2d 889, 892 (La. App. 1973) ("We find no negligence or fault on the part of [the agent].  On the contrary, the fault, if any, was on the [the insured's] part . . . in not reading the clear provisions of [the] policy.").  As the Fifth Circuit stated, an

---

[15]     *See* Affidavit of Monica Grissom at ¶ 4, which is attached hereto as Exhibit "A;" Affidavit of John Lastrapes at ¶ 8, which is attached hereto as Exhibit "B."

[16]     Dicorte Memorandum in Support of Motion to Remand at p. 7.

insured is "considered responsible for . . . reading the clear provisions of the insurance policy." *Motors Ins. Co. v. Bud's Boat Rental*, 917 F. 2d 199, 205 (5th Cir. 1990).

In *Dobson v. Allstate Ins. Co.*, Civ. A. No. 06-0252, 2006 WL 2078423 (E.D. La. July 21, 2006), this Judge recently addressed a nearly identical claim against a broker. In finding the plaintiff's claim against the broker time-barred, this Judge recognized the policyholder's obligation to review the policy to confirm the accuracy of the broker's statements concerning coverage:

> Knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard. Thus, even if the Court were to consider plaintiffs' assertion that [the agent] negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Plaintiffs did not file suit against Ruiz until December 21, 2005. Because the alleged negligence should have been discovered by plaintiffs more than one year from the date on which they filed suit, their claims against [the agent ] are preempted.

Id. at *9.  Dicorte, therefore, cannot seek to avoid the one-year peremptive period by claiming that Lastrapes misrepresented the policy's contents.  Dicorte had a duty to read the policy and confirm the nature and extent of the coverage.

Thus, if Lastrapes was negligent in procuring the policy, Dicorte has had at least constructive knowledge of that negligence since, at the latest, November 29, 2004. Louisiana law recognizes that "[a] prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit." *Dobson*, at *7, citing *Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002)

(prescriptive period commences upon constructive knowledge); *Atlas Iron & Metal Co. v. Ashy*, 918 So. 2d 1205, 1210 (La. Ct. App. 2006) (one-year peremptive period for legal malpractice claim begins at the time constructive knowledge is obtained).   In this case, the one-year peremptive period under La. R S.  9:5606 began to run, at the latest, on November 29, 2004, and expired, at the latest, on November 29, 2005.   Since Dicorte did not file its petition until August 28, 2006, Dicorte's claim against Lastrapes is perempted under Louisiana law.  *See Calvin v. Janbar Enters. Inc.,* 856 So. 2d 88, 91-92 (La. App. 2003), *writ denied*, 865 So. 2d 92 (La. 2004); *Amie v. State Farm Fire & Cas. Co.*, 2006 U.S. Dist. LEXIS 65340 (E.D. La. 9/13/06)(Feldman, J., presiding)(denying motion to remand and finding improper joinder where in-state insurance agent was named as defendant based on the prescriptive/peremptive provisions of La. R.S. 9:5606).   Accordingly, Lastrapes should be disregarded for diversity purposes, as it was improperly joined.

### b.    No Cause of Action

Even if the Court finds that the claim against Lastrapes is not perempted, Dicorte does not state a cause of action against Lastrapes or AAA.

### (1)    Lastrapes

Dicorte alleges that Lastrapes failed to properly "advise" her and to provide "adequate" insurance.[17]   These allegations do not give rise to a cause of action.

---

[17]        *See* Petition at ¶¶ XVII and XVIII.

*(a)     The Law*

The general duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested by the customer.  *See Porter v. Utica Mut. Ins. Co.*, 357 So.2d 1234, 1238 (La. App. 1978); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 64 (La. App. 1982).  Accordingly, Louisiana courts have recognized that a broker generally has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance, unless the agent assumes or agrees to such a duty.  *See Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So.2d 769, 773-774 (La. App. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise [sic]."); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 65-66 (La. App. 1982) (rejecting client's argument that broker had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits").  Similarly, absent actions taken to mislead the insured, a broker has no duty to affirmatively advise the insured about the terms and conditions of the policy, as it is the insured's own duty to read its policy.  *See Porter*, 357 So.2d at 1239-39.

In *Tomlinson v. Allstate Indemnity Company*, 2006 WL 1331541 (E.D. La. May 12, 2006), the plaintiffs alleged that their insurance agent for their homeowner's policy "breached her fiduciary duty by her 'complete lack of assistance and cooperation' and by her failure 'to handle their claims effectively.'"  *Tomlinson* held that the plaintiff had no

15

claim for relief.  Likewise, in *Raja v. Tarleton*, 2006 WL 2925448 (E.D. La. 2006) (Slip Op.), Judge Feldman held that "[t]he fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer."

In *Tomlinson v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2632105 at p. 9 (E.D. La. Sept. 12, 2006) (Slip Op.), Judge Feldman clarified another requisite of any claim against an insurance agent:

> Negligence by an insurance agent is not acceptable under Louisiana law unless it constitutes the cause in fact of the harm for which recovery is sought.  *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199 (5th Cir. 1990); *Offshore Prod. Contractors v. Republic Underwriters Ins. Co.*, 910 F.2d 224 (5th Cir. 1990).  An act is a cause in fact of an injury when the harm would not have occurred without it.  *Toston v. Pardon*, 874 So.2d 791, 799 (La. 2004).

Because "[t]he plaintiffs did not . . . demonstrate how their insurance agent's [alleged breach] cause the lack of payment [by the insurer,]"[18] Judge Feldman held that "the plaintiff . . . failed to state a claim against the in-state defendant" and found "no reasonable basis for 'predicting that the state law might impose liability on the facts involved.'  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted)."[19]

---

[18]   *Id.*

[19]   *Id.*

(b)    Application of the Law

Here, Plaintiff's claims against Lastrapes are premised on allegations that Lastrapes failed to advise Plaintiff of certain terms and conditions that are plainly set forth in the policy itself.   Under Louisiana law, such allegations, are insufficient to impose legal liability on Lastrapes.   *See Dobson*, 2006 U.S. Dist. LEXIS 55832 (denying motion to remand and holding that plaintiffs could not establish a cause of action against their agents for negligent misrepresentation since justifiable reliance is an essential element of a misrepresent claim and any alleged reliance on agent's statements were not justified where policies at issue contained a clearly-worded flood exclusion – "plaintiffs are chargeable with knowledge of the terms of their policies, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they had").

Furthermore, Dicorte's own arguments are an admission that she has stated no cause of action against Lastrapes.   According to Dicorte, she "has plead [sic] that Defendant Lastrapes Insurance Agency was fully aware of her needs and failed to procure the necessary amount of insurance coverage to adequately protect her property."[20]   There is a difference between procuring the **necessary** coverage and procuring the **requested** coverage.   An agent has no duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits."   *Smith*, 419 So.2d at 65-66.  Because Plaintiff has

---

[20]       Plaintiff's Memorandum in Support of Motion to Remand at p. 8.

not alleged the failure to procure the **requested** coverage, she has not stated a cause of action.

Finally, because there is no indication or allegation that Lastrapes's alleged negligence was the cause in fact of the alleged lack of payment by Standard Fire, there is no cause of action by Dicorte.

### *(2)   AAA*

The alternative allegation against AAA is likewise wholly improper and unsustainable.   By not disputing Standard Fire's arguments regarding AAA in her supporting memorandum, Dicorte essentially concedes as to the misjoinder of AAA. Perhaps this is because there is no legal authority for the lone claim against AAA, and that claim is not ripe.

### *(a)     Not Ripe*

Even the claim itself is improperly pled.   While a plaintiff may assert alternative claims against a defendant, there is no authority for an alternative defendant.   The lone claim against AAA is in the alternative.   This exposes the premature and unripe nature of Dicorte's claim.   On the face of the petition, the claim exists only if certain conditions are satisfied, i.e. a ruling that Standard Fire is not liable for AAA's fees.

The United States Supreme Court has defined ripeness as "a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . .'"[21]   Ripeness requires that

---

[21]      *Nat'l Park Hospitality Ass'n v. Dept. of the Interior*, 538 US. 803, 807 (2003).

the relief awarded will have conclusive effect[22] and be of practical utility.[23]  As explained in *Crestar Mortgage Corp. v. Peoples Mortgage Co., Inc.*,[24] "Federal ripeness doctrine . . . counsels against adjudication of questions that might be altered or dissolved by further action in the state court."

(b)     No Cause of Action

Further, Dicorte provides no authority to support that it has a claim against AAA. After Dicorte freely paid AAA, there is no legal basis for Dicorte to now argue that the fees are excessive and unreasonable.

## E.     CONCLUSION

Based on the foregoing, Plaintiff's motion to remand should be denied.

---

[22]     15 MARTIN H. REDISH, MOORE'S FEDERAL PRACTICE – CIVIL § 101.77 (2006) ("In order for an issue to be ripe for litigation, it is necessary that the court be able to grant relief or fashion a remedy in a manner that would have a conclusive effect on the dispute. . . . The 'conclusiveness' test for ripeness helps to ensure that there is a live controversy for the court to review. . . . [Adjudicating a matter that is not a live controversy] would violate the constitutional prohibition on the rendering of advisory opinions, as well as the prudential grounds for the ripeness doctrine.  Judicial resources would be wasted rendering decisions that never take effect . . . Moreover, the legal rights of the parties would not be finally determined in any helpful matter that would put an end to the dispute.").

[23]     *Id.* at § 101.78 ("[I]f the issue involved or the decision that could be rendered is too contingent to know how – or even if – the parties will be affected, then the decision would not serve a useful purpose. A decision would not be of practical utility if it would not affect the parties' plan of action, or would not be of practical assistance in the setting of the underlying controversy to rest.") (*citing Save-Ourselves, Inc. v. Army Corps of Eng'rs*, 958 F.2d 659, 662 (5th Cir. 1992)) (other citations omitted).

[24]     *Crestar Mortgage Corp. v. Peoples Mortgage Co., Inc.*, 818 F.Supp. 816, 821 n. 5 (E.D. Penn. 1993) (citation omitted).

Respectfully submitted:

s/Gary J. Russo
Gary J. Russo (#10828)
Kyle M. Bacon (#28485)
Attorneys for BellSouth
PERRET, DOISE APLC
P. O. Drawer 3408
Lafayette, LA.  70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@pdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2006, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

**John William Houghtaling, II**
**James M Williams, & Stephen M. Huber**
GAUTHIER, HOUGHTALING & WILLIAMS
3500 North Hullen Street
Metairie, Louisiana  70002
Telephone:   (504) 456-8676
Email:  john@ghwlaw.net

s/Gary J. Russo
Gary J. Russo (#10828)
Kyle M. Bacon (#28485)
Attorneys for BellSouth
PERRET, DOISE APLC
P. O. Drawer 3408
Lafayette, LA.  70502-3408
Telephone: (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@pdlaw.com

0894.0210\remand\RemandOppBrief-.final.doc

20