UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA DICORTE, | * | CIVIL ACTION NO. 06-8270 |
| | * | |
| PLAINTIFF | * | SECTION "R" |
| | * | |
| | * | MAGISTRATE "1" |
| VERSUS | * | |
| | * | |
| ST. PAUL TRAVELERS CASUALTY | * | |
| INSURANCE COMPANY OF | * | |
| AMERICA, ET AL. | * | |
| | * | |
| DEFENDANTS | * | |
| | * | |

**************************************

**<u>LASTRAPES INSURANCE AGENCY'S OPPOSITION TO MOTION TO REMAND</u>**

**MAY IT PLEASE THE COURT**:

Defendant, Standard Fire Insurance Company ("Standard Fire") removed this matter based, in part, upon the fraudulent joinder of Defendant, Lastrapes Insurance Agency ("Lastrapes"). Plaintiff, Patricia Dicorte ("Plaintiff"), has filed a Motion for Remand, arguing that her claims against her insurance agent, Lastrapes, are not perempted, and arguing that she does have a cause of action for the allege failure to procure adequate insurance coverage. Plaintiff is incorrect, all

potential claims against Lastrapes are perempted under Louisiana law, Plaintiff has failed to state

a cause of action against Lastrapes, and Plaintiff's Motion to Remand should be denied.

## I.   __PEREMPTION__

Louisiana Revised Statute 9:5606 provides, in pertinent part:

A.   No action for damages against any insurance agent, broker or solicitor, or other similar licensed under the state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to an action filed within one year from the date of such discovery, and all events, such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.

. . .

D.   The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Added by Acts 1991, No. 764, Section 1.  Amended by Acts 1999, No. 908, Section

The claims brought by Plaintiff against Lastrapes are perempted by Louisiana Revised Statute

9:5606.  The one-year and three-year limitation periods of Louisiana Revised Statute 9:5606 are

peremptive, not prescriptive.  Thus, the date that the cause of action arises is irrelevant.  The three-

year period runs from the date of the act, regardless of the day of discovery.  Louisiana Revised

2

Statute 9:5606(a): *Bel v. State Farm Mutual Automobile Insurance Company*, 2002, 1292 (La.App. 4th Cir. 2/14/03), 845 So.2d 377, 380, *writ denied*; *Bordelon v. The Independent Order of Foresters*, 2005 WL 3543815, at p. 3 (E.D.La. 2005); *Yates v. Southwestern Life Insurance Company*, 1998 WL 61033 at p. 3 (E.D.La. 1998).   Here, Plaintiff makes blanket allegations she has conversed with Lastrapes regarding the limits and scope of coverage regarding hurricane damage within the past three years.   However, Plaintiff's Petition is not verified by Plaintiff, and Plaintiff attaches no affidavit to its Motion to Remand to assert factual allegations.   In contrast, Lastrapes submits the attached affidavit (Exhibit A) which establishes that plaintiff has in fact had no conversations or contact with Lastrapes regarding the scope of coverage or the amount of coverage within three years of the filing of her lawsuit.   The unverified assertions  of Plaintiff's counsel in the Petition for Damages do not create a factual dispute, especially in light of the fact that Plaintiff's counsel has filed identical Petitions in scores of suits filed near the anniversary of Hurricane Katrina.   Attached as Exhibits B, C and D are just three examples of identical Petitions filed by Plaintiff's counsel.

Mere renewals of the policy without additional specific conversations which might constitute alleged misrepresentations of the agent do not interrupt the peremptive period of Louisiana Revised Statute 9:5606.   In *Bel v. State Farm Mutual Auto Insurance Company*, *supra*, an insurance agent allegedly misrepresented to a husband and wife about the type of coverage they needed.   The court determined that renewals of the husband and wife's personal liability umbrella policy did not constitute separate and distinct torts, and so the peremptive period was not restarted.   The court

determined that the renewals were nothing more than the continuation of the "ill effects of the original act." *Id*. at p. 380.  In *Biggers v. Allstate Insurance Company*, 04-282 (La.App. 5th Cir. 10/26/04), 886 So.2d 1179, the plaintiff alleged that the insurance agent was negligent for failing to procure adequate coverage on a homeowner's insurance policy.  The court found that the alleged error occurred when the policy was initially procured, and therefore was peremted pursuant to the three-year period, despite annual renewals for several years and the agent's alleged failure with each renewal to point out the inadequacy of coverage for jewelry and silverware.  The court determined that the agent had no occasion to misrepresent the amount of coverage after the issuance of the original policy.  *Id*.  In this case, as evidenced by the uncontroverted affidavit of John Lastrapes, there similarly was no opportunity for Lastrapes to have allegedly committed any negligent acts after the initial policies were procured in 1996.[1]

## II.   **NO CAUSE OF ACTION**

Plaintiff has failed to state a cause of action against Lastrapes, which might entitle Plaintiff to a tort recovery under Louisiana law.  Insurance agents in Louisiana have a duty only to use reasonable diligence in attempting to place the insurance requested.  *Karam v. St. Paul Fire & Marine Insurance Company*, 281 So.2d 728, 730 (La. 1973).  In order to recover for negligent misrepresentation, Plaintiff must be able to prove that she justifiably relied on Lastrapes alleged

---

[1]Additionally, to the extent Plaintiff was underinsured, she has known she has been underinsured for many years.  Therefore the one-year peremptive period applies because Plaintiff knew or should have known that she allegedly did not have sufficient insurance coverage.

misrepresentations about the policies. *Abbott v. Equity Group, Inc.*, 2 F.3rd 613, 624, n.38; *Abell v. Potomac Insurance Company*, 858 F.2d 1104, 1131, n.33 (5th Cir. 1998), vacated on other grounds, 492 U.S. 914 (1999).  In her Motion to Remand, Plaintiff cites certain Louisiana case law for the proposition that an insurance agent is liable if it fails to procure **requested** coverage.  Defendant does not disagree with this proposition.  However, it is important to note that Plaintiff did not request any more coverage than she received.  The affidavit of John Lastrapes clearly proves that Plaintiff never requested any additional coverage.   On the occasion when Plaintiff's mortgage company requested additional coverage, that coverage was provided.

Additionally, Plaintiff had a duty to review her policy.  As this Honorable Court stated in its opinion in *Dobson v. Allstate Insurance Company*, Civil Action No. 06-252, at p. 27:

> "An insured is responsible for reading his policy and presumed to know its terms. See *Motors Insurance Company*, 917 F.2d at 205; Stephens, 665 So.2d 686, *citing Matthews v. Businessmen's Assur. Co. of America*, 478 So.2d 634, 647 (La. Ct. App. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. Ct. App. 1989)).  The Court finds that plaintiffs are chargeable with knowledge of the terms of their policy and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they had.  Plaintiffs received their policies, and the terms of the coverage were clear. . . ."

Even if it were true that Lastrapes told Plaintiff that she was insured for all damages caused by flood or hurricane, Plaintiff cannot prove justifiable reliance on the alleged misrepresentations

made by Lastrapes in light of her possession of clearly worded contractual terms to the contrary.

Plaintiff has no cause of action against Lastrapes.[2]

III.   **<u>CONCLUSION</u>**

Plaintiff's claims against Lastrapes are perempted and she has failed to state a claim against

Lastrapes.  Plaintiff's Motion to Remand should be denied.

**Respectfully submitted,**

**LOWE, STEIN, HOFFMAN,**
 **ALLWEISS & HAUVER, L.L.P.**

**         /s/ James T. Busenlener**
**MAX J. COHEN (17515)**
**JAMES T. BUSENLENER (22284)**
**701 Poydras Street, Suite 3600**
**New Orleans, Louisiana 70139-7735**
**(504) 581-2450**
**(504) 581-2461 (Fax)**
**Attorneys for Defendants, Lastrapes Insurance**
**Agency, LLC**

---

[2] Judge Barbier recently ruled that there was no cause of action against an insurance agent where the plaintiff alleged the agent had a duty to determine and advise her that she was underinsured , following the *Dobson* decision. *Frischhertz v. Lexington,* No. 06-5676, Order and Reasons dated November 3, 2006.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding by hand delivery, by fax, by Federal Express, or by placing a copy in the United States Mail, postage prepaid and properly addressed this 7th day of November, 2006.        **/s/James T. Busenlener**
                                                            **JAMES T. BUSENLENER**