FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

**HURRICANE LITIGATION**

NO.: 06-9970   DIVISION    SECTION

MARY VIOLA

VERSUS

ALLSTATE INSURANCE COMPANY, MICHAEL MIRAMON, INSURANCE UNDERWRITERS, LTD, PITTMAN JOHNSON

FILED: _____   _____
                                            DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COMES Mary Viola, plaintiff, through undersigned counsel, who respectfully represent that:

I.

Made plaintiff herein is Mary Viola, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

II.

Made defendants herein is:

**ALLSTATE INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter "defendant insurance company and/or defendant insurer).

**MICHAEL MIRAMON**, an individual authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent).

**INSURANCE UNDERWRITERS, LTD**, an Louisiana company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent).

**PITTMAN JOHNSON**, an individual authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent).

III.

Venue in this action is proper in Orleans Parish under Louisiana Code of Civil Procedure

EXHIBIT B

insofar as the loss occurred in Orleans Parish.

IV.

Defendants are justly and truly indebted jointly, severally, and *in solido* to plaintiff herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

V.

Plaintiff contracted with the defendant insurance companies through the defendant insurance agent, which insured their property located at 341 12th Street, New Orleans, Louisiana 70126.

VI.

In the days preceding August 29, 2005, weather forecasters and government officials predicted that Hurricane Katrina, which was then in the Gulf of Mexico, would severely impact the greater New Orleans area.

VII.

In anticipation of the impending storm, government officials ordered the mandatory evacuation of the greater New Orleans area. The mandatory evacuation order applied to everyone, including plaintiff, requiring him/her to vacate the greater New Orleans area and requiring them to remain outside of and away from the area until further notice.

VIII.

On August 29, 2005, Hurricane Katrina made landfall in the greater New Orleans area. The event caused widespread devastation and damage including damage to plaintiff's property.

IX.

The extensive damage to the property caused by Hurricane Katrina rendered the property unable to be occupied and necessitated massive repairs.

X.

At all times pertinent hereto, the defendant insurance companies provided insurance coverage for the matters, risks, and things involved herein, such insurance coverage attaching to plaintiff and the property home he/she owns.

XI.

The insurance policy from the defendant insurance companies contains endorsements and/or other provisions which provide coverage for all hurricane related damage.

XII.

Despite having been provided with "satisfactory proof of loss", the defendant insurance companies have bad faith refused to pay for all of the damage to plaintiff's property.

XIII.

Plaintiff are entitled to a judgment declaring that the language of plaintiff's insurance policy provides coverage for all damage resulting from a hurricane.

XIV.

Plaintiff have yet to receive a reasonable tender from the defendant insurers as a result of their loss on August 29, 2005. As such, the defendant insurers are in direct violation of La. R.S. 22:658 and 22:1220.

XV.

As the Louisiana legislature has recognized in enacting House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session:

> (Louisiana citizens affected by Hurricane Katrina) can not begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of the homeowners' insurance policies and stalling or refusing to pay claims; and WHEREAS, this delay or refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process. THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the attorney general, state of Louisiana, the Honorable Charles C. Foti, to file suit seeking declaratory judgment that provisions of homeowners' insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are null and void as against the pubic policy of the state of Louisiana.

Accordingly, plaintiff is entitled to a declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiff as a result of Hurricane Katrina and that any

3

exclusions which purport to deny coverage under the policy are null and void.

### XVI.

The defendant insurers are liable unto plaintiff under the following legal theories:

a. Breach of contract;

b. Intentional infliction of emotional distress;

c. Bad faith claims adjusting;

d. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

### XVII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiff was seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiff as to his/her options, including but not limited to the following:

a. Providing plaintiff the option of purchasing excess flood insurance;

b. Failing to inform plaintiff that damages caused by a hurricane may not be covered under their chosen policy;

### XVIII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiff plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiff by failing to procure adequate insurance coverage for plaintiff's property. Their acts of omission and/or commission include but are not limited to:

a. failing to procure adequate flood insurance coverage for the buildings

b. failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;

c. failing to advise plaintiff of the inadequacy of his/her flood coverage; and

4

    d.    all other acts which will be shown and proven at the trial of this matter.

### XIX.

Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing all of which will be shown and proven at the trial of this matter.

### XX.

At all times pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for its property, plaintiff retained Defendant insurance agent to provide advice, and to act as its agent in procuring necessary insurance coverage for the property that was adequate to fully protect its property.

### XXI.

As a result of the actions of the defendants named herein, plaintiff has suffered the following nonexclusive list of damages:

    a.    Loss of use of property;

    b.    Loss of enjoyment of property;

    c.    Diminution in value of the property;

    d.    Repair and remediation expenses;

    e.    Mental anguish;

    f.    Attorney's fees;

    g.    Costs of this litigation; and

    h.    All other losses which will be proven at the trial of this matter.

### XXII.

Plaintiff is entitled to penalties and attorneys fees for the insurers' bad faith failure to pay plaintiff's claims.

### XXIII.

Plaintiff reserves the right supplemental and amend this Petition for Declaratory Judgment and Damages.

WHEREFORE, plaintiff herein, prays that the Petition for Declaratory Judgment be deemed good, valid, an sufficient and that after due proceedings there be judgment rendered herein declaring that the language of the policy provides coverage for all hurricane related damage; and that plaintiff is entitled to a judgment that any damage resulting from the hurricane is not excluded under the policy. Plaintiff herein, prays that the defendants be served with a copy of this petition and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of plaintiff and against defendants, in an amount that will fully compensate plaintiff for its damages pursuant to the evidence and in accordance with the law and for penalties and attorneys fees; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.

JOHN HOUGHTALING, BAR NO. 25099
JAMES M. WILLIAMS, BAR NO. 26141
STEPHEN M. HUBER, BAR NO. 24463
3500 N Hullen
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
ATTORNEYS FOR PLAINTIFF

PLEASE SERVE:

**ALLSTATE INSURANCE COMPANY**
Through its registered agent for service of process
The Louisiana Secretary of State
State Capitol, 20th Floor
900 Riverside North
Baton Rouge, Louisiana 70804-9125

**MICHAEL MIRAMON**
4240 Williams Blvd, #4

Kenner, LA 70065

**INSURANCE UNDERWRITERS, LTD**
Through its registered agent for service of process
Mark S. Stein
701 Poydras Street, Ste. 3600
New Orleans, LA 70139-3600

**PITTMAN JOHNSON**
2610 Edenborn Avenue
Metairie, LA 70009-6738

FILED
06 AUG 28 P 5: 46
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**HURRICANE LITIGATION**

NO.:                             DIVISION " "                    SECTION

MARY VIOLA

VERSUS

ALLSTATE INSURANCE COMPANY, MICHAEL MIRAMON, INSURANCE UNDERWRITERS, LTD, and PITTMAN JOHNSON

FILED: _____          _____
                                                DEPUTY CLERK

**ORDER**

THIS MATTER will come before the court for the case management conference on the _____ day of __NOV - 2 2006__, 2006 at _11:15_ o'clock _a_.m. before Division _X_.

NEW ORLEANS, LOUISIANA, this _____ day of __SEP 0 8 2006__, 2006.

SANDRA PETERS
MINUTE CLERK

~~JUDGE~~
A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

PLEASE SERVE WITH PETITION:

**ALLSTATE INSURANCE COMPANY**
Through its registered agent for service of process
The Louisiana Secretary of State
State Capitol, 20th Floor
900 Riverside North
Baton Rouge, Louisiana 70804-9125

**MICHAEL MIRAMON**
4240 Williams Blvd, #4
Kenner, LA 70065

**INSURANCE UNDERWRITERS, LTD**
Through its registered agent for service of process
Mark S. Stein
701 Poydras Street, Ste. 3600
New Orleans, LA 70139-3600

**PITTMAN JOHNSON**
2610 Edenborn Avenue
Metairie, LA 70009-6738