Wednesday 27 of Sep 2006, KANFAXMP01         ->504 581 2461         Page 8 of 4
Case 2:05-cv-04182-SRD-JCW   Document 2118-3   Filed 12/10/06   Page 1 of 7
'age 7 of 13)

SEP-22-2006 08:35                                              P.06/12
SEP. 21. 2006 2:54PM

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TAMMANY

STATE OF LOUISIANA

NO.: 2006-14316      DIVISION I            SECTION

JOHN ST. BLANC

VERSUS

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, ET AL

FILED: AUG 29 2006                S/CONNIE GENNARO
                                   DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COME John St. Blanc, plaintiff, through undersigned counsel, who respectfully represent that:

I.

Made plaintiff herein is:

**JOHN ST. BLANC**, a person of the full age of majority and domiciled in the Parish of St. Tammany, State of Louisiana.

II.

Made defendants herein is:

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

**ELLSWORTH CORPORATION**, a Louisiana corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent).

III.

Venue in this action is proper in St. Tammany Parish under Louisiana Code of Civil Procedure insofar as the loss occurred in St. Tammany Parish.

IV.

Defendants are justly and truly indebted jointly, severally, and *in solido* to plaintiff herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following to-wit:

EXHIBIT C

Wednesday 27 of Sep 2006, KANFAXMP01 ->504 581 2461 Page 9 of 4
age 8 of 13)
Case 2:05-cv-04182-SRD-JCW   Document 2118-3   Filed 12/10/06   Page 2 of 7
SEP-22-2006 08:36
SEP. 21. 2006 2:24PM
P.07/12

V.

Plaintiff contracted with the defendant insurance companies through the defendant insurance agents, which insured their property located at 31 Rue Su Sud, Madisonville, Louisiana.

VI.

In the days preceding August 29, 2005, weather forecasters and government officials predicted that Hurricane Katrina, which was then in the Gulf of Mexico, would severely impact the greater New Orleans area.

VII.

In anticipation of the impending storm, government officials ordered the mandatory evacuation of the greater New Orleans area. The mandatory evacuation order applied to everyone, including plaintiffs, requiring them to vacate the greater New Orleans area and requiring them to remain outside of and away from the area until further notice.

VIII.

On August 29, 2005, Hurricane Katrina made landfall in the greater New Orleans area. The event caused widespread devastation and damage including damage to plaintiffs' properties.

IX.

The extensive damage to the properties caused by Hurricane Katrina rendered the properties unable to be occupied and necessitated massive repairs.

X.

At all times pertinent hereto, the defendant insurance companies provided insurance coverage for the matters, risks, and things involved herein, such insurance coverage attaching to plaintiffs and the properties home they own.

XI.

The insurance policy from the defendant insurance companies contains endorsements and/or other provisions which provide coverage for all hurricane related damage.

XII.

Despite having been provided with "satisfactory proof of loss", the defendant insurance

Wednesday 27 of Sep 2006, KANFAXMP01 ->504 581 2461 Page 10 of 14
Case 2:05-cv-04182-SRD-JCW Document 2118-3 Filed 12/10/06 Page 3 of 7
(Page 9 of 13)

SEP-22-2006 08:36 P.08/12

companies have bad faith refused to pay for all of the damage to plaintiffs' properties.

### XIII.

Plaintiff is entitled to a judgment declaring that the language of plaintiff's insurance policy provides coverage for all damage resulting from a hurricane.

### XIV.

Plaintiff have yet to receive a reasonable tender from the defendant insurers as a result of their loss on August 29, 2005. As such, the defendant insurers are in direct violation of La. R.S. 22:658 and 22:1220.

### XV.

As the Louisiana legislature has recognized in enacting House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session:

> (Louisiana citizens affected by Hurricane Katrina) can not begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of the homeowners' insurance policies and stalling or refusing to pay claims; and WHEREAS, this delay or refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process. THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the attorney general, state of Louisiana, the Honorable Charles C. Foti, to file suit seeking declaratory judgment that provisions of homeowners' insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are null and void as against the pubic policy of the state of Louisiana.

Accordingly, plaintiff is entitled to a declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiffs as a result of Hurricane Katrina and that any exclusions which purport to deny coverage under the policy are null and void.

### XVI.

The defendant insurers are liable unto plaintiff under the following legal theories:

a. Breach of contract;

b. Intentional infliction of emotional distress;

c. Bad faith claims adjusting;

d. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

Wednesday 27 of Sep 2006, KANFAXMP01 ->504 581 2461 Page 11 of 4
age 10 of 13)
Case 2:05-cv-04182-SRD-JCW Document 2118-3 Filed 12/10/06 Page 4 of 7

SEP-22-2006 08:36 P.09/12
SEP. 21. 2006 2:55PM

## XVII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiffs as to their options, including but not limited to the following:

a. Providing plaintiffs the option of purchasing excess flood insurance;

b. Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;

## XVIII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs by failing to procure adequate insurance coverage for plaintiffs' properties. Their acts of omission and/or commission include but are not limited to:

a. failing to procure adequate flood insurance coverage for the buildings

b. failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;

c. failing to advise plaintiffs of the inadequacy of their flood coverage; and

d. all other acts which will be shown and proven at the trial of this matter.

## XIX.

Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing all of which will be shown and proven at the trial of this matter.

## XX.

At all times pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing

Wednesday 27 of Sep 2006, KANFAXMP01    ->504 581 2461    Page 12 of 4
age 11 of 13)   Case 2:05-cv-04182-SRD-JCW   Document 2118-3   Filed 12/10/06   Page 5 of 7
SEP-22-2006 08:37                                                              P.10/12

the insurance for their properties, plaintiffs retained Defendant insurance agent to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect their properties.

XXI.

As a result of the actions of the defendants named herein, plaintiffs have suffered the following nonexclusive list of damages:

a. Loss of use of property;

b. Loss of enjoyment of property;

c. Diminution in value of the property;

d. Repair and remediation expenses;

e. Mental anguish;

f. Attorney's fees;

g. Costs of this litigation; and

h. All other losses which will be proven at the trial of this matter.

XXII.

At all times pertinent hereto, plaintiffs engaged services with the defendant contractor to repair and remediate the properties damaged by Hurricane Katrina. The defendant contractors billed and/or assessed damages for repair and plaintiffs incurred contractors' cost in rendering this service. It is in dispute between plaintiff, defendant insurer and defendant contractor whether the charges and fees billed by defendant contractor to plaintiffs are excessive, unfair, burdensome, and unjustified.

XXIII.

Plaintiffs are entitled to a declaratory judgment that contractor fees and/or estimates are reasonable, justified and necessary. Plaintiffs are further entitled to a declaratory judgment that such repairs are covered by the contract of insurance.

XXIV.

Alternatively, plaintiffs are entitled to a declaratory judgment that such bills and fees were excessive and unreasonable. Alternatively plaintiffs are entitled to the charges and fees estimated

Wednesday 27 of Sep 2006, KANFAXMP01   ->504 581 2461   Page 13 of 4
age 12 of 13)
Case 2:05-cv-04182-SRD-JCW   Document 2118-3   Filed 12/10/06   Page 6 of 7

SEP-22-2006 08:37                                                    P.11/12
SEP. 21, 2006  2:33PM

and/or billed by defendant contractors were excessive, unfair, unreasonable and unjustified. In the alternative, plaintiffs are also entitled to a refund of all monies they paid to defendant contractors which are deemed excessive and/or unreasonable.

### XXV.

Plaintiffs are entitled to penalties and attorneys fees for the insurers' bad faith failure to pay plaintiff's claims.

### XXVI.

Plaintiffs reserve the right supplemental and amend this Petition for Declaratory Judgment and Damages.

### XXVII.

Plaintiffs' damages are less than Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiffs herein, pray that the Petition for Declaratory Judgment be deemed good, valid, an sufficient and that after due proceedings there be judgment rendered herein declaring that the language of the policy provides coverage for all hurricane related damage; and that plaintiffs are entitled to a judgment that any damage resulting from the hurricane is not excluded under the policy. Plaintiffs herein, pray that the defendants be served with a copy of this petition and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of plaintiffs and against defendants, in an amount that will fully compensate plaintiffs for their damages pursuant to the evidence and in accordance with the law and for penalties and attorneys fees; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Wednesday 27 of Sep 2006, KANFAXMP01 ->504 581 2461 Page 14 of 4
Page 13 of 13)
Case 2:05-cv-04182-SRD-JCW   Document 2118-3   Filed 12/10/06   Page 7 of 7

SEP-22-2006 08:37
SEP. 21, 2000 2:30PM

P. 12/12

Respectfully submitted,

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.

JOHN HOUGHTALING, BAR NO. 25099
JAMES M. WILLIAMS, BAR NO. 26141
STEPHEN M. HUBER, BAR NO. 24463
3500 N Hullen
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE:**

**TRAVELER INDEMNITY COMPANY OF CONNECTICUT**
Through Its Agent for Service of Process:
The Louisiana Secretary of State
State Capitol, 20th Floor
900 Riverside North
Baton Rouge, LA 70804-9125

**ELLSWORTH CORPORATION**
Through its registered agent for service of process
Elliot Lonker
3900 N. Causeway Boulevard, Ste. 1450
Metairie, Louisiana 70002