ASTMO-1

24TH DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 635-691    DIVISION " "    SECTION

JG BISHOP CORP d/b/a ASI MODULEX and
BISHOP PROPERTIES

VERSUS

CONTINENTAL CASUALTY COMPANY d/b/a CAN,
EUSTIS INSURANCE AGENCY, INC., and AAA CONTRACTORS

FILED: _____    _____
                                  DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COMES JG Bishop Corp d/b/a ASI Modulex, and Bishop Properties, LLC, plaintiffs, through undersigned counsel, who respectfully represents that:

I.

Made plaintiff herein are:

**JG BISHOP CORP D/B/A ASI MODULEX**, a Louisiana business authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

**BISHOP PROPERTIES, LLC**, a Louisiana company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

II.

Made defendants herein is:

**CONTINENTAL CASUALTY COMPANY d/b/a CNA**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter "defendant insurance company and/or defendant insurer).

**VALLEY FORGE INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter "defendant insurance company and/or defendant insurer).

**EUSTIS INSURANCE AGENCY, INC.**, a Louisiana corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant insurance agent).

**AAA CONTRACTORS**, sued herein as the nominee corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court (hereinafter defendant contractor).

EXHIBIT D

III.

Venue in this action is proper in Jefferson Parish under Louisiana Code of Civil Procedure insofar as the losses occurred in Jefferson Parish.

IV.

Defendants are justly and truly indebted jointly, severally, and *in solido* to plaintiffs herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

V.

Plaintiffs contracted with the defendant insurance companies through the defendant insurance agent, which insured their property/businesses located at 1101 24th Street, Kenner, Louisiana.

VI.

In the days preceding August 29, 2005, weather forecasters and government officials predicted that Hurricane Katrina, which was then in the Gulf of Mexico, would severely impact the greater New Orleans area.

VII.

In anticipation of the impending storm, government officials ordered the mandatory evacuation of the greater New Orleans area. The mandatory evacuation order applied to everyone, including plaintiffs, requiring them to vacate the greater New Orleans area and requiring them to remain outside of and away from the area until further notice.

VIII.

On August 29, 2005, Hurricane Katrina made landfall in the greater New Orleans area. The event caused widespread devastation and damage including damage to plaintiff's property/business.

IX.

The extensive damage to the properties caused by Hurricane Katrina rendered the properties unable to be occupied and necessitated massive repairs.

X.

At all times pertinent hereto, the defendant insurance companies provided insurance coverage for the matters, risks, and things involved herein, such insurance coverage attaching to plaintiffs and the property/businesses they own.

XI.

The insurance policy from the defendant insurance companies contains endorsements and/or other provisions which provide coverage for all hurricane related damage, including but not limited to business interruption coverage and loss of rental income coverage.

XII.

Despite having been provided with "satisfactory proof of loss", the defendant insurance companies have bad faith refused to pay for all of the damage to plaintiffs' property/businesses.

XIII.

Plaintiffs are entitled to a judgment declaring that the language of plaintiffs' insurance policy provides coverage for all damage resulting from a hurricane, including but not limited to business interruption coverage and loss of rental income coverage.

XIV.

Plaintiffs have yet to receive a reasonable tender from the defendant insurers as a result of its loss on August 29, 2005. As such, the defendant insurers are in direct violation of La. R.S. 22:658 and 22:1220.

XV.

As the Louisiana legislature has recognized in enacting House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session:

> (Louisiana citizens affected by Hurricane Katrina) can not begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of the homeowners' insurance policies and stalling or refusing to pay claims; and WHEREAS, this delay or refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process. THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the attorney general, state of

3

> Louisiana, the Honorable Charles C. Foti, to file suit seeking declaratory judgment that provisions of homeowners' insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are null and void as against the pubic policy of the state of Louisiana.

Accordingly, plaintiffs are entitled to a declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiffs as a result of Hurricane Katrina and that any exclusions which purport to deny coverage under the policy are null and void.

## XVI.

The defendant insurers are liable unto plaintiff under the following legal theories:

a. Breach of contract;

b. Intentional infliction of emotional distress;

c. Bad faith claims adjusting;

d. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

## XVII.

Within the last year, plaintiffs have conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiffs as to their options, including but not limited to the following:

a. Providing plaintiffs the option of purchasing excess flood insurance;

b. Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;

## XVIII.

Within the last year, plaintiffs have conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs by failing to procure adequate insurance coverage for plaintiffs' property/businesses. Their acts of omission

4

and/or commission include but are not limited to:

    a.     failing to procure adequate flood insurance coverage for the buildings

    b.     failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;

    c.     failing to advise plaintiff of the inadequacy of their flood coverage; and

    d.     all other acts which will be shown and proven at the trial of this matter.

### XIX.

Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing all of which will be shown and proven at the trial of this matter.

### XX.

At all times pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for its property, plaintiffs retained Defendant insurance agent to provide advice, and to act as their agent in procuring necessary insurance coverage for the property/businesses that were adequate to fully protect its property/businesses.

### XXI.

As a result of the actions of the defendants named herein, plaintiffs have suffered the following nonexclusive list of damages:

    a.     Loss of use of property;

    b.     Loss of enjoyment of property;

    c.     Business interruption;

    d.     Loss of business income;

    e.     Loss of rental income;

    f.     Diminution in value of the property;

    g.     Repair and remediation expenses;

    h.     Mental anguish;

    i.     Attorney's fees;

j.  Costs of this litigation; and

k.  All other losses which will be proven at the trial of this matter.

## XXII.

At all times pertinent hereto, plaintiffs engaged services with the defendant contractor to repair and remediate the property damaged by Hurricane Katrina. The defendant contractors billed and/or assessed damages for repair and plaintiffs incurred contractors' cost in rendering this service. It is in dispute between plaintiffs, defendant insurer and defendant contractor whether the charges and fees billed by defendant contractor to plaintiffs are excessive, unfair, burdensome, and unjustified.

## XXIII.

Plaintiffs are entitled to a declaratory judgment that contractor fees and/or estimates are reasonable, justified and necessary. Plaintiffs are further entitled to a declaratory judgment that such repairs are covered by the contract of insurance.

## XXIV.

Alternatively, plaintiffs are entitled to a declaratory judgment that such bills and fees were excessive and unreasonable. Alternatively plaintiffs are entitled to the charges and fees estimated and/or billed by defendant contractors were excessive, unfair, unreasonable and unjustified. In the alternative, plaintiffs are also entitled to a refund of all monies it paid to defendant contractors which are deemed excessive and/or unreasonable.

## XXV.

Plaintiffs are entitled to penalties and attorneys fees for the insurers' bad faith failure to pay plaintiffs' claims.

## XXVI.

Plaintiffs reserve the right supplemental and amend this Petition for Declaratory Judgment and Damages.

WHEREFORE, plaintiffs herein, pray that the Petition for Declaratory Judgment be deemed

6

good, valid, an sufficient and that after due proceedings there be judgment rendered herein declaring that the language of the policy provides coverage for all hurricane related damage; and that plaintiff are entitled to a judgment that any damage resulting from the hurricane is not excluded under the policy. Plaintiff herein, pray that the defendants be served with a copy of this petition and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of plaintiff and against defendants, in an amount that will fully compensate plaintiff for their damages pursuant to the evidence and in accordance with the law and for penalties and attorneys fees; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.

JOHN HOUGHTALING, BAR NO. 25099
JAMES M. WILLIAMS, BAR NO. 26141
STEPHEN M. HUBER, BAR NO. 24463
3500 N Hullen
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

CNA INSURANCE COMPANY
Through its registered agent for service of process
The Louisiana Secretary of State
State Capitol, 20th Floor
900 Riverside North
Baton Rouge, Louisiana 70804-9125

EUSTIS INSURANCE AGENCY, INC.
Through its registered agent for service of process
Ward Stallings
1340 Poydras Street, Ste. 1900
New Orleans, LA 70112

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

7