# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIRGINIA H. GUILLORY | * | CIVIL ACTION |
| VERSUS | * | NO.   06-9039 |
| AAA INSURANCE | * | SECTION "A" |
| *  *  *  *  *  *  *  * | * | MAGISTRATE 2 |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, VIRGINIA H. GUILLORY, who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action for breach of contract breach of contract committed by the defendant, AUTO CLUB FAMILY INSURANCE COMPANY, improperly identified in plaintiff's petition as AAA Insurance Company (hereinafter "AUTO CLUB"). In her petition, filed in the 34th Judicial District Court for the Parish of St. Bernard, plaintiff alleged various theories of recovery against the defendant, AUTO CLUB, for damages done to her home as a result of events both related and unrelated to Hurricane Katrina. These are strictly homeowner's insurance claims against the defendant and plaintiff has filed a sworn Affidavit in her state court pleadings acknowledging that she will not accept more than $74,999.00 in the event of a successful recovery in this claim.

Plaintiff filed her petition on August 25, 2006, and on or about October 26, 2006, the defendant, AUTO CLUB, filed with this Court a Notice of Removal. In response to that removal, plaintiff has filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

**(A)   Removal.**

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of

removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**(B)    Removal is improper under 28 U.S.C. Section 1369(a) and/or 28 U.S.C. Section 1441(e)(1)(B).**

The defendant, AUTO CLUB, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision at 28 U.S.C. 1369, the Multiparty Multiforum Trial Jurisdiction Act (MMTJA).

Alternatively, the defendant argues that 28 U.S.C. Section 1441(e)(1)(B) allows a type of "piggyback" removal of a state court claim to the federal district court, where a Section 1369 case is pending, even if the state court claim could not itself have been removed under Section 1369.

28 U.S.C. Section 1369(a) states:

> **"The district court shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least seventy-five natural persons had died in the accident at a discrete location, if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether the defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different states, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States."**

"Minimal diversity" is present under Section 1369, if any plaintiff and any defendant are diverse. 28 U.S.C. Section 1369(c)(1). An "accident" under Section 1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discreet location by at least seventy-five natural persons." 28 U.S.C. Section 1369(c)(4).

However, 28 U.S.C. Section 1369(b) requires a federal court to abstain from exercising its Section 1369(a) jurisdiction if (1) a substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State.

It is obvious that the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs nor many defendants. See Chehardy v. Wooley, Nos. 06-1672, 06-1673 and 06-1674(E.D. La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406(E.D. La. 2006).

The instant matter involves plaintiff and defendant involved in a dispute over homeowner's insurance coverage and whether the insurance company was negligent in the handling of plaintiff's insurance affairs.

Additionally, Hurricane Katrina has not been found to be an "accident" under Section 1369. In Flint v. Louisiana Farm Bureau Mutual Insurance Company, 2006 WL 2375593 (E.D. La. 2006), the Court disagreed with the insurance company's contention that the Court in Chehardy found that Hurricane Katrina satisfied the definition of an accident under Section 1369. Further, the Court in Flint stated that the Court of Appeals never reached the conclusion that hurricane met the definition of a Section 1369 accident in Wallace v. Louisiana Citizens Property Insurance Company, 444 F.3rd 697 (5th Cir.

2006). The Court in Flint declined to interpret the statutory definition of an accident so broadly as to classify Hurricane Katrina as an accident. This very same conclusion has been reached on many occasions in the Eastern District in removal cases. See e.g. Southern Athletic Club v. Hanover Insurance Company, *supra*., Southall v. St. Paul Travelers Insurance Company, 2006 WL 2385365 (E.D. La.).

Alternatively, the defendant contends that there is "piggyback" jurisdiction under the MMTJA and 28 U.S.C. Section 1441(e)(1)(B) because AUTO CLUB is a defendant in an action pending in this Court which allegedly involves similar issues and over which the Court has jurisdiction under Section 1369(a).

Again, however, the instant matter is a simple homeowner's insurance claim coupled with an errors and omissions claim, and has nothing whatsoever to do with any other matter pending before this or any other court in the Eastern District of Louisiana. To that end, the very same argument the defendant makes in this case has been repeatedly rejected by other sections of this Court. Southern Athletic Club v. Hanover Insurance Company, *supra*.; Southall v. St. Paul Travelers Insurance Company, *supra*.; Flint v. Louisiana Farm Bureau Insurance Company, *supra*.

There is absolutely no indication that the adjudication of the present suit in a state court form would lead to inconsistent awards with suits in other forms. "...the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." Willhoft v. Kert Leblanc Insurance Agency, No. 2:06-cv-1235 (E.D. La. July 3, 2006) (order granting remand). The identical reasoning applies to this case.

### III. CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

### CERTIFICATE OF SERVICE

I hereby certify that I have on this ____ day of _____, 20 ___ served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____