UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FARRELL J. CHATELAIN, JR. | CIVIL ACTION |
| VERSUS | NO. 06-8789 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION K, MAG. 2 |
| | ~~JUDGE SARAH S. VANCE~~ |
| | ~~MAGISTRATE SALLY SHUSHAN~~ |

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Farrell J. Chatelain, Jr. ("Plaintiff"), and in support of his Motion to Remand, respectfully shows the Court as follows:

### BACKGROUND

The matter before the Court is a garden-variety insurance claim stemming from damage to a rental property (the "Property") owned by Plaintiff and located in Orleans Parish. The Property suffered damage during Hurricane Katrina. Plaintiff timely and properly made a claim for damages under the insurance policy covering the Property. The Defendant, State Farm Fire and Casualty Company ("State Farm"), failed timely to pay Plaintiff's claim. Accordingly, since

1

167747

state law breach of contract and state law bad faith insurance law governed his claim, since no Federal question was involved, and since the amount in controversy was not in excess of seventy-five thousand dollars ($75,000.00), Plaintiff filed suit in the Civil District Court of Orleans Parish in order to toll the time period for filing such claims and to protect and preserve his rights as against State Farm. On the face of the Petition, Plaintiff in good faith stated that his damages, exclusive of fees and costs, did not exceed seventy-five thousand dollars ($75,000.00). See Petition for Damages, Exhibit 1 hereto, at Paragraph XV.

State Farm filed a notice of removal on two grounds. First, State Farm claims that Plaintiff's allegation that his damages did not exceed seventy-five thousand dollars ($75,000.00) was made in bad faith, and that therefore diversity jurisdiction somehow exists. Second, State Farm asserts, under a rather tortured construction of the Multiparty, Multiforum Trial Jurisdiction Act, that this single party, single forum, garden-variety insurance claim is subject to removal. State Farm is wrong on both points, and the case should be remanded to Civil District Court where it belongs.

## LAW AND ARGUMENT

### 1. *The Amount in Controversy Does Not Exceed $75,000.00.*

Attached hereto as Exhibit 2 is Plaintiff's Affidavit, wherein Plaintiff states under oath that the amount in controversy in this case does not exceed seventy-five thousand dollars ($75,000.00) exclusive of fees and costs.

Attached hereto as Exhibit 3 is Plaintiff's Irrevocable Stipulation that he does not, and will at no time in the future, claim any damages in this suit that exceed seventy-five thousand dollars ($75,000.00) exclusive of fees and costs.

2

167747

Accordingly, there is now no question as to the amount in controversy. Plaintiff submits that there never was a good faith question as to the amount in controversy, which was made clear from the face of the Petition.

State Farm should be held accountable for Plaintiff's fees associated with this remand for several reasons. First, prior to filing the remand, State Farm had in its possession the claim file from Plaintiff, which showed that Plaintiff's entire claim did not come close to meeting the jurisdictional minimum to establish diversity jurisdiction. Second, counsel for State Farm made no attempt to contact undersigned counsel prior to filing the notice of removal with this Court. Had counsel for State Farm merely complied with local rules requiring consultation prior to filing motions, counsel for State Farm could have received a binding irrevocable stipulation that Plaintiff did not and would not make a claim in an amount higher than the jurisdictional minimum, as is attached hereto as Exhibit 3. Just one phone call could have saved Plaintiff and the Court a great deal of time and effort. Third, State Farm has made totally unfounded and spurious allegations that Plaintiff has acted in bad faith, when State Farm made no attempt whatsoever to conduct any reasonable investigation to establish any facts to support such a claim. In fact, at the time State Farm made the claim, it had evidence in its own claim file that showed otherwise. Plaintiff respectfully submits that, under these circumstances, he should be entitled to recover his fees associated with filing this Motion to Remand.

2.   *The Multiparty, Multiforum Trial Jurisdiction Act Does Not Apply.*

Plaintiff finds two reported decisions recently issued by the Eastern District rejecting the arguments made by State Farm in its removal papers. These are *Carroll v Lafayette Insurance Company*, 2006 U.S. Dist. LEXIS 69334 (E.D. La. 2006), where Judge Lemelle analyzed and rejected the same arguments now made by State Farm, and *Flint v. Louisiana Farm Bureau*,

2006 U.S. Dist. LEXIS 58264 (E.D. La. 2006), where Judge Duval analyzed and rejected the same arguments now made by State Farm. Both decisions stand for the proposition that the 25 U.S. § 1369 does not apply to insurance claims arising from Katrina.

State Farm has the burden of proving that the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." *28 U.S.C. § 1369(a)*. *Carroll, supra*. Under the two decisions noted above, State Farm cannot meet this burden.

Judge Duval reasoned in *Flint* that Hurricane Katrina did not fit the definition of an accident as required by § 1369 because the hurricane was a natural event that resulted in many different accidents at various locations, not a single accident resulting in 75 deaths at a discrete location. Judge Lemelle reasoned that Hurricane Katrina did not fit the definition of accident as required by § 1369 because multiple levee breaches occurred in multiple locations. Both cases specifically deal with State Farm's assertion that the *Chehardy* case forms a basis for removal, or piggyback removal. Finally, with no basis for subject matter jurisdiction under § 1369, there is no supplemental jurisdiction over Plaintiff's state law claims, which in fact are the only claims Plaintiff asserts.

State Farm is undoubtedly aware of both of the reported decisions noted above, and probably is aware of more that undersigned counsel's review did not uncover. These are nowhere cited in State Farm's papers.

This case merely involves wind and wind driven rain damage to a dwelling. Clearly, it does not involve a single accident resulting in 75 deaths at a discrete location. There simply is no federal subject matter jurisdiction, and the case should be remanded to state court. Under these circumstances, Plaintiff moves the Court to award him fees associated with this Motion to Remand.

4

Respectfully submitted,

_____
GEORGE R. WENTZ, JR. (#21800)
JOHN C. ENOCH (#22774)
Energy Center, Suite 2000
1100 Poydras Street
New Orleans, Louisiana 70163-2000
Telephone: (504) 569-2900
Facsimile: (504) 569-2099
and
BURKE & MAYER, of Counsel
Attorneys for Plaintiff, Farrell J. Chatelain, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by depositing same in the United States Mail, postage prepaid, addressed to them at their respective offices this \_\_\_\_ day of November, 2006.

_____

5

167747