UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                                CIVIL ACTION
CONSOLIDATED LITIGATION
                                                            NO. 05-4182

PERTAINS TO: LEVEE                                          SECTION "K"(2)

| C.A. No. 05-4181 O'Dwyer | C.A. No.05-6314 Ezell | |
| C.A. No. 05-4182 Berthelot | C.A. No.05-6324 Brown | C.A. No. 06-2287 Sanchez |
| C.A. No. 05-4191 Jared Vodanovich | C.A. No. 05-6327 LeBlanc | C.A. No. 06-2346 Fitzmorris |
| C.A. No. 05-5237 Ann Vodanovich | C.A. No.06-0060 Tauzin | C.A. No. 062545 Marcello |
| C.A. No. 05-6073 Kirsch | C.A.No. 06-0225 Bradley | |
| C.A. No.06-0886 Finney | C.A. No. 06-2278 Christenberry | |

**ORDER AND REASONS**

Before the Court are Boh Bros. Construction Co., L.L.C.'s Rule 56 Motion for Summary Judgment (Doc. 560) and B & K Construction Company, Inc's Motion for Summary Judgment Based on Peremption (Doc. 624). The focus of these motions concerns whether the causes of action brought by plaintiffs in this consolidated matter are perempted under La. Rev. Stat. 9:2772. These motions were heard at oral argument on August 25, 2006. The Court having reviewed the pleadings, documents, affidavits and the relevant law, is prepared to rule.

**Background**

Boh Bros. Construction Co., L.L.C. ("Boh Bros.") and B & K Construction Company, Inc. ("B & K") (collectively "Contractor Defendants") have been sued by plaintiffs for negligent construction and maintenance. Boh Bros. allegedly performed construction work on the 17th Street Canal and the Industrial Canal and B & K performed work on the London Avenue Canal. Plaintiffs contend that the Contractor Defendants were negligent in connection with services allegedly rendered on levee and flood wall projects. Contractor Defendants maintain that the

claims are perempted, that the relevant statute is retroactive in nature and that all services rendered in reference to the failed levees and floodwalls were performed and completed at least five years prior to filing of the subject suits.  Plaintiffs argue that the statute is not retroactive, that discovery is warranted under Fed. R. Civ. P. 56(f) and that although they have not plead fraud, they argue that they should have an opportunity to discover whether fraud has been committed.  Additionally, one plaintiff argues that the general maritime law would apply which would supplant the five-year peremptive statute.

**Standard of Review**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the non-movant "to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.  "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment.  Fed. R. Civ. P. 56(e).  Rather, the non-movant must come forward with "specific facts" that establish an issue for trial.  *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits.  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact.  *Anderson*, 477 U.S. at 255.  To that end, the Court must resolve disputes over material facts in the non-movant's favor.  "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed."  *Leonard v. Dixie Well Service & Supply, Inc*., 828 F.2d 291, 294 (5th Cir. 1987).

**Analysis**

Contractors move to dismiss the claims against them based on the peremptive statute La. Rev. Stat. 9:2772 which provides for a five year preemptive period to file suit.  The statute reads:

> **§2772. Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon**
>
> A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing

land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

(2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

B. (1) The causes which are perempted within the time described above include any action:

(a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).

(b) For damage to property, movable or immovable, arising out of any such deficiency.

(c) For injury to the person or for wrongful death arising out of any such deficiency.

(d) Brought against a person for the action or failure to act of his employees.

(2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.

(3) This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.

E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.

F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, if not performed preparatory to construction, which exist prior to September 11, 1981, shall be perempted one year from said date or by the applicable peremptive period established by this

>Section, whichever is later.

>H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

>(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.

>(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.

>I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.

La. Rev. Stat. 9:2772.

The Contractor Defendants provided the Court with affidavits and documents detailing the dates that the relevant work was performed in the area of all of the floodwalls and/or levees of all the canals in the area where the relevant failures occurred. A review of these voluminous exhibits demonstrates that no services where rendered by any of the contractors in the relevant areas since September 16, 1999 for Boh Brothers and October 31, 1996 for B &K.

Plaintiffs contend that Boh Brothers has not provided sufficient documentation to show acceptance of the Corps of Engineers on the Pile Load Testing Contract of September 16, 1999. Plaintiffs also contend that if the work was completed on May 25, 2000 as alleged by Boh Brothers that pursuant to La. Rev. Stat. 9:2772(C), the action is not perempted. Boh Brothers contends that the affidavit of Stanley Vicknair, its field project manager, establishes that the work on the Industrial Canal project was completed on or before May 26, 2000 and that on or

before that date, Boh Bros. relinquished all control and occupancy of the project site to the Corps of Engineers. Boh Bros. acknowledges that there was no formal acceptance of the project filed in the public record; however, Boh Bros. also provided the Court with a Certificate of Authenticity dated July 18, 2006, provided by Dianne Allen, Chief of Policy Branch, Contracting Division for the New Orleans District U.S. Corps of Engineers, certifying that the accuracy of documents which indicate the work was accepted on the Industrial Canal Pile Load Testing Contract on May 25, 2000.

The Court therefore must decide two fundamental questions to resolve these motions. The first question is whether the five year peremptive statute is retroactive and the second question is whether there is any genuine issue of material fact as to whether the services were performed and accepted more than five years prior to the filing of the instant lawsuits.

**Applicability of Five Year Peremptive Statute**

Plaintiffs argue that the five year statute enacted in 2003 is not retroactive in nature and that the former seven year peremptive period applies. Alternatively, plaintiffs claim that even if the five year provision applies, plaintiffs' claims are timely under subsection (C) of the statute. Moreover, plaintiffs contend that if the five year peremptive statute applies, it is unconstitutional as it would take a "vested" property right away from them.

Peremption is a period of time fixed by law for a right to exist. *Poree v. Elite Elevator Serv., Inc.*, 665 So.2d 133 (La. App. 4th Cir. 1995), *writ den.*, 667 So.2d 1053 (La. 1996). Unless the right is timely exercised, the right is extinguished when the peremptive period ends. La. Civ. Code art. 3458. A peremption statute is by its nature remedial.

> Statutes of limitation are exclusively a legislative prerogative. In setting a statute of limitation, a legislature does not eliminate the remedy for a civil wrong; it makes a legislative determination that after a certain period of time no cause of action can arise. Until the time that a cause of action vests, a legislature has the power to create new rights and abolish old ones. *Dunn v. Felt,* 379 A.2d 1140, 1141 (Del.Super.1977). In finding that the right to recover in tort is not a fundamental right, our court has noted that "[w]here access to the judicial process is not essential to the exercise of a fundamental constitutional right, the legislature is free to allocate access to the judicial machinery on any system or classification which is not totally arbitrary." *Bazley v. Tortorich,* 397 So.2d 475, 485 (La.1981); *Everett v. Goldman,* 359 So.2d 1256 (La.1978).
> *Crier v. Whitecloud,* 496 So.2d 305, 310 (La.1986) (on rehearing); *see also, Whitnell v. Silverman,* 95-0112 (La.12/6/96), 686 So.2d 23.

*Orleans Parish School Bd. v. Pittman Const. Co., Inc*., 372 So.2d 717, 720 (La.App. 4th Cir. 1979)

A remedial statute is accorded retroactive application unless a cause of action has vested and thus a property right exists which is protected by the guarantee of due process. As stated in the seminal case, *Reeder v. North,* 701 So.2d 1291 (La.1997):

> It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. . . . However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitution apply retroactively to disturb a person of a pre-existing right. . . . Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. . . . Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. . . . Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. . . ." (Citations omitted.) *Lott v. Haley*, [370 So.2d 521] at 523-524.

*Id.* at 1296 -1297.

A cause of action for property damage does not arise until damages are incurred. It is only at that point in time, the cause of action would be considered to have "vested."

> The prescriptive period for an action under LSA-C.C. Art. 667 for damages caused to neighboring property is one year. *Dean v. Hercules, Incorporated,* 328 So.2d 69 (La.1976); *Dwyer v. Smith,* 546 So.2d 895 (La.App. 1st Cir.1989). Prescription commences to run from the date damages were sustained or from the date the owner of the damaged property acquired, or should have acquired, knowledge of the damage. LSA-C.C. Arts. 3492, 3493.

*Barr v. Smith,* 598 So.2d 438, 440 (La.App. 2nd Cir. 1992). "It is very basic under LSA-C.C. Art. 2315, that for there to be a cause of action, the plaintiff must suffer some loss or receive some damage. *Potter v. Krown Drugs*, 214 So.2d 198 (La.App.4th Cir., 1968)." *Perkins v. Brown,* 236 So.2d 579, 581-582 (La.App. 1s Cir. 1970).

Thus, based on Louisiana law, as to any work completed more than 5 years from the filing of these lawsuits, the causes of action would be pre-empted and no longer exist. Plaintiffs argue that the vesting took place at the time the allegedly defective services were rendered. Plaintiffs cited several cases which they argue hold that a cause of action vests when the injury occurs. *See, e.g., Lott v. Hailey*, 370 So.2d 521, 524 (La. 1979). It is important to note that these cases involved prescription rather than peremption. When a statute is clearly peremptive such as the one at issue, a cause of action is extinguished if the injury has not yet occurred. Moreover, in *Lott*, the injury did occur to the plaintiff in the form of malpractice. Here, no injury occurred (i.e. damage to property) until after the five year period had run. Therefore, if no services were performed within five years of the date suit was filed, any cause of action is perempted.

As to the issue concerning the effect of subsection (C) of the statute with respect to these claim being perempted, the Court finds no merit in plaintiffs' contentions. Although the statute allows a one-year time period for asserting claims that arise in the fifth year following the acceptance or occupancy of the improvement, in this case, the fifth year commenced on May 26,

9

2004 and expired on May 26, 2005.  Plaintiffs' causes of action did not accrue until August 29th or 30th , 2005 and therefore, plaintiffs' claims are perempted.

**Is There a Genuine Issue of Material Fact as to When These Services Were Performed?**

Plaintiffs argue that there are genuine issues of material fact as to when certain work was completed and if other work was performed and not revealed in preliminary discovery.  Plaintiffs have not submitted any affidavits or other competent evidence indicating that the information submitted by the Contractor Defendants that the services performed and the acceptance of those services is incorrect.  Plaintiffs hypothesize and speculate but do not overcome the prima facie evidence submitted by the contractors.  Based upon the extensive documentary evidence submitted by the contractors, and the amount of public information available to plaintiffs as well as information supplied to them by the defendants,  the Court finds that further discovery is not warranted.

Plaintiffs at oral argument also requested the Court allow discovery to determine whether the contractors committed fraud thereby avoiding the applicability of the five year peremptive statute.  As stated above,   La. Rev. Stat. 9:2772(H)(1) provides that the statute would not be applicable in cases of fraud.  Again, there is neither any allegation of fraud in the various complaints, nor is there any competent evidence presented to the Court that would create a genuine issue as to a material fact or convince the Court to allow discovery on this issue.

**O'Dwyer Contentions**

The *O'Dwyer* complaints are those suits numbered C..A. Nos. 05-4181, 06-1850, 06-1885, 06-4024 and 06-4389[1]. In C.A. No. 06-4389, O'Dwyer names a myriad of defendants including the Contractor Defendants. O'Dwyer makes general allegations not discrete to each defendant. Moreover, he alleges various bases for jurisdiction including the general maritime law. Again, he does not state how these allegations apply to the Contractor Defendants, or for that matter, any of the other defendants. The defendants and the allegations are all in globo. Moreover, it appears that the defendants are mis-joined. Therefore, the complaint is completely conclusory and indecipherable, and equally subject to the previous admonition by this Court with respect counsel's wholesale listing of federal jurisdictional grounds as stated in Doc. 788 at 12 in the Court's Order and Reasons of July 19, 2006 in which the Court noted, as stated in Wright & Miller, *Federal Practice and Procedure*, § 1210:

> As is true in the case of pleading a federal question under Section 1331, the entirety of the complaint must support the jurisdictional allegation in a case based on a claim arising under a special federal question statute. Enough should be alleged in the statement of the claim to show that the action does arise under the statute on which it purports to be based. Indeed, it is these statements in the body of the pleading that give the district court subject matter jurisdiction and not the mere conclusory reference to or recitation of a federal statute in the jurisdictional allegations.

*Id.* at 146.

---

[1] The Court must note that it has dismissed for the most part the first complaint filed by Mr. O'Dwyer, that being C.A. No. 05-4181; in addition, Mr. O'Dwyer was denied leave to amend after having amended said complaint twelve times. In addressing Mr. O'Dwyer's allegations herein, the Court does not intend to sanction or comment on the viability of these subsequently filed complaints as they may run counter to the Court's order denying leave to amend.

In sum, Mr. O'Dwyer's allegations invoking maritime law are conclusory, non-specific and without context. "To establish maritime jurisdiction and demonstrate the independent application of maritime law, a plaintiff must show a maritime situs and a connection to traditional maritime activity. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 534, 115 S. Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995)." *Champagne v. Tetra Applied Technologies Inc.*, 2006 WL 287985 (S.D.Tex. Feb. 6, 2006). The O'Dwyer complaint makes no allegations as to the Contractor Defendants that would establish maritime jurisdiction. Additionally, none of the other plaintiffs that have sued the contractors have plead or argued maritime jurisdiction. Accordingly,

**IT IS ORDERED** that Boh Bros. Construction Co., L.L.C.'s Rule 56 Motion for Summary Judgment (Doc. 560) and B & K Construction Company, Inc's Motion for Summary Judgment Based on Peremption (Doc. 624) are **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 54(b), finding there is no just cause for delay, judgment shall be entered in favor of defendants Boh Bros. Construction Co., L.L.C. and B & K Construction Company, Inc. and against all plaintiffs in C.A. No. 05-4181 O'Dwyer, C.A. No. 05-4182 Berthelot, C.A. No. 05-4191 Jared Vodanovich, C.A. No. 05-5237 Ann Vodanovich, C.A. No. 05-6073 Kirsch, C.A. No.06-0886 Finney, C.A. No.05-6314

Ezell, C.A. No.05-6324 Brown, C.A. No. 05-6327 LeBlanc,  C.A. No.06-0060 Tauzin, C.A.No. 06-0225 Bradley, C.A. No. 06-2278 Christenberry, C.A. No. 06-2287  Sanchez, C.A. No. 06-2346 Fitzmorris, and  C.A. No. 062545 Marcello.

New Orleans, Louisiana, this __8th__ day of December, 2006.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**