UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATION LITIGATION | * | |
| | * | NO. 05-4182 |
| PERTAINS TO: | * | & Consol. Cases |
| (PALMER:  Case No. 06-7540) | * | |
| | * | SECTION "K" |
| | * | MAG. (2) |

*****************************************************

**REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT, APARCIO, WALKER, & SEELING, INC.**

May it please the court

This Memorandum is filed in Reply to plaintiff's Memorandum in Opposition to Partial Motion for Summary Judgment filed by defendant Aparcio, Walker, & Seeling, Inc.

Counsel classifies the Partial Motion for Summary Judgment as "absurd", "junk pleadings", and "a waste of this court's resources."

Just so the record is clear:

1. Have hundreds of Hurricane Katrina lawsuits been filed where insurance agents have been named and allegations of bad faith, penalties, attorney's fees, etc. made against them in many of them?  Yes.

2. Did plaintiff in this case allege entitlement to penalties and attorney's fees?  Yes.

3. In some paragraphs of the Petition does plaintiff delineate claims against defendants? Yes.

4. In the prayer for relief does plaintiff allege

> "that the defendants, Encompass Insurance Company and Aparcio, Walker, & Seeling, Inc. be duly cited and served with a copy of this Petition and after due proceedings, there be judgment herein in favor of plaintiff and against the defendants, in some respects jointly and in solito, and in some respects, individually, for all such sums as are reasonable in the premises, said sums to include amounts of losses, compensatory damages, insured amounts, and penalties, attorney's fees, …."? Yes.

5. In October, did undersigned counsel write to plaintiff counsel and state: "the Petition makes vague references to penalties and attorney's fees. You cannot recover penalties and attorney's fees against the agent. Just so the record is clear, enclosed is a Partial Motion to Dismiss those claims as to the agent only. Please sign and return that to me within 15 days or I will bring a Motion for Partial Summary Judgment."? Yes.

6. Did undersigned counsel forward a courtesy copy of a Partial Motion to Dismiss the claim for bad faith and penalties against the agent only? Yes.

7. Did plaintiff counsel call to discuss this issue? No.

8. Did plaintiff counsel write or respond in any fashion? No.

9. Would a telephone call or correspondence from plaintiff counsel have resolved this issue? Yes.

10. Would a phone call or correspondence communication from plaintiff counsel have avoided the need to file the Partial Motion for Summary Judgment? Yes.

11. Did undersigned counsel attempt to resolve this issue and avoid the filing of a Motion before doing so? Yes.

12. Did plaintiff counsel reply or respond in any manner before the Motion was filed? No.

13. If plaintiff counsel had responded or communicated in any fashion, would the issue have been resolved? Yes.

14. If plaintiff counsel had responded or communicated at all, would the filing of this Motion been necessary? No.

15. In light of counsel's pleading, can the Partial Motion for Summary Judgment be dismissed as moot? Yes.

16. If counsel had simply advised undersigned counsel "that no such claims had been made", would undersigned counsel have filed the Motion? No.

Undersigned counsel also believes that such undignified, uncivil, and discourteous personal attacks on other counsel are inappropriate and unnecessary especially when all that counsel had to do was either pick up the phone or send a quick letter or email. Undersigned counsel will be happy to share with the court a number of petitions where claims for statutory penalties and attorney's fees have been made against insurance agents in some form or fashion. Undersigned counsel simply was looking to protect his client and make sure the record was clear. Opposing counsel's comments- while cute, entertaining, and humorous-are totally inappropriate and unnecessary.

Again, in light of opposing counsel's pleadings which amount to a stipulation/admission that no such claims are being made against AWS, undersigned counsel agrees that the Motion can be dismissed as moot.

**Respectfully submitted:**

**UNGARINO & ECKERT, LLC**

**/s/ William H. Eckert**
*WILLIAM H. ECKERT (#18591)*
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, Louisiana  70002**
**Telephone:**    *(504) 836-7556*
**Fax:**          **(504) 836-7566**
**Email:**        **beckert@ungarino-eckert.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following:  David E. Kavanagh and Charles M. Ponder, III
.

/s/ William H. Eckert
_____
WILLIAM H. ECKERT