

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ITELD, BERNSTEIN & ASSOCIATES, LLC** * | | |
| * | | |
| Plaintiff, * | Civil Action No.: 06-3418 | |
| * | | |
| * | Section: R | |
| Versus * | | |
| * | Judge: Hon. Sarah S. Vance | |
| **THE HANOVER INSURANCE GROUP;** * | | |
| **MASSACHUSETTS BAY INSURANCE** * | Magistrate Division: 1 | |
| **COMPANY; MOSES SWENT; EUSTIS** * | | |
| **INSURANCE, INC.; ABC INSURANCE** * | | |
| **COMPANY;** * | | |
| * | | |
| Defendants. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION TO REMAND

Defendants, The Hanover Insurance Company (incorrectly named in the caption as "The Hanover Insurance Group," and erroneously sued herein) and Massachusetts Bay Insurance Company (hereinafter collectively "Massachusetts Bay"), hereby submit this supplemental memorandum in opposition to the Motion to Remand filed by plaintiff, Iteld, Bernstein & Associates ("IBA") to advise the Court of a recent decision that may have an impact on the Motion to Remand pending before this Honorable Court.

- 1 -

I.  **Review of Argument**

Massachusetts Bay removed this action on two separate, independent grounds. First, original jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. sections 1369 and 1442(e), because this case arises from Hurricane Katrina, which is an "accident" falling within the scope of the statute. Second, diversity jurisdiction exists under 28 U.S.C. section 1332, because IBA's tort claims against the non-diverse defendants – its insurance agents – were fraudulently and improperly joined. This supplemental memorandum addresses the first basis of removal, and more specifically the "accident" issue.

In its original Memorandum in Opposition, Massachusetts Bay shows that the Fifth Circuit in *Wallace*[1] previously concluded that Hurricane Katrina qualifies as an "accident" within the meaning of the MMTJA. The Memorandum in Opposition further shows that, regardless of *Wallace*, under the definition of "accident" in Black's Law Dictionary and the literal interpretation of the statutory language, Hurricane Katrina and the subsequent flooding qualify as "accidents."

On the same date that Massachusetts Bay filed its Memorandum in Opposition to Plaintiff's Motion to Remand, Judge Duval issued a decision, *Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (No. C.A. 06-2546), that also addresses whether Hurricane Katrina and the subsequent flooding qualify as "accidents" within the meaning of the MMTJA. Massachusetts Bay submits that the *Wallace* decision is controlling on this issue. However, even if the Court determines that *Wallace* does not control, under the *Flint* analysis Iteld's damages still arise out of an "accident," and, therefore, this Court has subject matter jurisdiction under the MMTJA.

---

[1] *Wallace v. Louisiana Citizens Prop. Ins. Corp.*, 444 F. 3d 697 (5th Cir. 2006).

## II.     *Flint v. Louisiana Farm Bureau Mut. Ins. Co.*

Similar to the analysis Massachusetts Bay set forth in its original Memorandum in Opposition to Motion to Remand, the Court in *Flint* concluded that levee breaches caused by Hurricane Katrina qualify as "accidents" for purposes of the MMTJA:

> This Court has determined that Hurricane Katrina has not been classified as a § 1369 "accident" by any court and therefore, this Court declines to interpret the statutory definition of "accident" so broadly. *Chehardy* arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that § 1369 jurisdiction exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location.FN7
>
> \*     \*     \*
>
> FN7. In other words, Hurricane Katrina was the natural event that culminated in the levee break that caused at least 75 deaths at a discrete location. Therefore, the levee break, not Hurricane Katrina, was the § 1369 accident.

(*See* Exhibit "A" at page 4).

In an abundance of caution, Massachusetts Bay attaches the following documents that conclusively show that levee breaches (as opposed to overtopping) in St. Bernard and Orleans Parishes caused extensive flooding throughout both the parishes:

1. Expert report prepared by Joseph N. Suhayda, Ph.D, Coastal Hydrologist, attached hereto as Exhibit "B;"

2. Expert report prepared by Gordon P. Boutwell, P.E, attached hereto as Exhibit "C;"

3. US Army Corps of Engineers, "Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System; Volume I – Executive Summary and Overview," dated June 1, 2006, attached hereto as Exhibit "D;" and

4. US Army Corps of Engineers, "Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System; Volume V – The Performance – Levees and Floodwalls," dated June 1, 2006, attached hereto as Exhibit "E."

In addition, Massachusetts Bay attaches maps that show Iteld's Patricia Street (St. Bernard Parish) and Bullard Avenue (Orleans Parish) locations. (See Exhibits "F" and "G" respectively).

### III. Conclusion

Whether the Court follows *Wallace*'s conclusion that Hurricane Katrina is an "accident" or *Flint*'s conclusion that the subsequent levee breaches qualify as "accidents," this case is subject to the MMTJA. Accordingly, the Court should deny IBA's Motion to Remand and leave this case where it belongs, in federal court.

Respectfully submitted,

_____
RALPH S. HUBBARD III, #7040
KRISTOPHER T. WILSON, #23978
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990

OF COUNSEL:
KEVIN P. KAMRACZEWSKI
PAUL E. B. GLAD
DAVID R. SIMONTON
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000
**Attorneys for Massachusetts Bay Insurance Company and The Hanover Insurance Company (erroneously sued herein and erroneously named in caption as "The Hanover Insurance Group")**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September 2006, a copy of this pleading has been served upon all counsel of record in this action by depositing same in the United States Mail, properly addressed, first class postage prepaid.

_____