Westlaw.

Slip Copy                                                                                                          Page 1

Slip Copy, 2006 WL 2873562 (E.D.La.)

(Cite as: 2006 WL 2873562 (E.D.La.))

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Louisiana.
FIDELITY HOMESTEAD ASSOCIATION
v.
The HANOVER INSURANCE COMPANY,
Insurance Underwriters, Ltd., Westover Insurance Company and Elliot W. Laudeman, III.
Civil Action No. 06-3511.

Oct. 5, 2006.

Robert Stephen Rooth, Corinne Ann Morrison, Peter Joseph Rotolo, III, Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, LA, for Fidelity Homestead Association.

Ralph Shelton Hubbard, III, Seth Andrew Schmeeckle, Simeon B. Reimonenq, Jr., Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for Hanover Insurance Company.

### ORDER AND REASONS

HELEN G. BERRIGAN, District Judge.

*1 Before this Court is a Motion to Remand filed by Plaintiff, Fidelity Homestead Association ("Plaintiff" or "Fidelity") (Rec.Doc.4). Defendant, The Hanover Insurance Company ("Defendant" or "Hanover") opposes the motion, alleging fraudulent joinder of the non-diverse defendants and jurisdiction under the 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED**.

### I. BACKGROUND

Fidelity is a savings and loan association organized under the laws of Louisiana. As part of its business, it escrows and pays flood insurance premiums for policies which cover real property mortgaged to it by its borrowers as collateral for their loans. Fidelity alleges that after Hurricane Katrina, it discovered that its employees failed to renew or pay premiums on several of the flood insurance policies meant to cover real property mortgaged to it. Fidelity claims that this caused them to pay $700,000 to the affected borrowers.

At that time, Fidelity was insured by Hanover under a policy which covered "Mortgageholders Errors and Omissions." Fidelity alleges that it submitted a claim to Hanover for the $700,000 that it paid to its borrowers and that Hanover denied that the insurance policy covered the claim. Fidelity filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana on April 27, 2006, seeking to enforce coverage under the policy.

Insurance Underwriters, Ltd. ("IU") and Elliot W. Laudeman, III ("Mr.Laudeman") were also made defendants to the suit. They were the Hanover's independent insurance agents through whom Fidelity procured the insurance policy in question. Fidelity alternatively alleges that IU and Mr. Laudeman are liable to it for their negligence in advising Fidelity as to its insurance procurement and policies. Westover Insurance Company ("Westover") was IU and Mr. Laudeman's insurer for errors and omissions and was thus added as a defendant in this capacity.

Hanover subsequently removed the case to this Court alleging diversity jurisdiction and jurisdiction under the MMTJA. Hanover claims that the Louisiana defendants, IU, Mr. Laudeman and Westover, were fraudulently joined to this action so as to prevent removal. Furthermore, Hanover

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 2

Slip Copy, 2006 WL 2873562 (E.D.La.)

(Cite as: 2006 WL 2873562 (E.D.La.))

asserts that Hurricane Katrina is an "accident" within the meaning of the MMTJA. Fidelity disagrees and has filed this motion to remand. Hanover opposes the motion.

## II. ANALYSIS

### A. Fraudulent Joinder

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.,* 252 F.3d 220, 222-23 (5th Cir.2003); See also, *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood,* 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir.1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.,* 1997 WL 785668, *2 (E.D.La.2003) (citing, *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995)) (emphasis added).

*2 A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline,* 206 F.Supp.2d 815, 817 (E.D.La.2002) (citing, *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593, 595 (M.D.La.1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande,* 206 F.Supp.2d at 819 (citing *B., Inc.,* 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande,* 206 F.Supp.2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995)). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *Englande,* 206 F.Supp.2d at 817. (citing *Cavallini,* 44 F.3d at 264). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood,* 352 F.3d at 222.

In its Notice of Removal (Rec.Doc.1), Hanover presents three alternate theories of why IU, Mr. Laudeman and Westover are fraudulently joined. First, it contends that the claims against IU and Mr. Laudeman are perempted by Louisiana Revised Statute § 9:5606. Secondly, Hanover claims that IU and Mr. Laudeman did not owe any fiduciary duty to Fidelity. Finally, Hanover alleges that IU, Mr. Laudeman and Westover were improperly joined because the actions against them would sound in tort, while the action against Hanover sounds in contract.

### 1. Peremption

Hanover alleges that the claims against IU and Mr. Laudeman are perempted under Louisiana Revised Statute § 9:5606. [FN1] Hanover claims that Fidelity purchased the insurance policy in question through IU over twenty-five (25) years ago and continuously renewed it through the policy period of March 6, 2005 to March 6, 2006. Hanover alleges that renewal policies have contained the same Mortgageholders Errors and Omissions Coverage Form since at least 2000. As a result, Hanover argues that the renewals of the insurance policy did not constitute issuances of the policy. Thus, it asserts that the peremption period of Louisiana Revised Statute § 9:5606 started running at the initial issuance of the policy and was never restarted.

> FN1. Louisiana Revised Statute § 9:5606 provides in relevant part:
> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 2873562 (E.D.La.)
(Cite as: 2006 WL 2873562 (E.D.La.))

provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

In general, renewals of insurance policies do not operate to restart peremption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La.2006) (citing *Dobson v. Allstate Ins. Co.,* 2006 WL 2078423 *8 (E.D.La.2006)). However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La.App. 5 Cir. 10/26/04). The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

*3 Here, the Court finds that Hanover has not met its burden to establish that there is no reasonable basis to determine that the March 6, 2005 renewal did not constitute an act that was separate and distinct from the original purchase of the insurance policy. Fidelity presents evidence that its representative had a yearly meeting with IU and Mr. Laudeman before the policy renewal. Fidelity alleges that at the meeting the parties discussed whether all necessary and proper coverages had been procured. Rec. Doc. 4, Exhibit A. These acts may constitute separate torts. Thus, there is a reasonable possibility under Louisiana law that the claims against IU and Laudeman are not perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

Louisiana Revised Statute § 9:5606 also provides for a one year peremptive period. Fidelity filed suit on April 27, 2006. Fidelity did not actually know about the alleged actions, omissions or neglect until sometime after Hurricane Katrina, August 29, 2005, when Hanover denied its claims. These dates show that Fidelity filed suit within one year of when it actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when Fidelity should have discovered the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.,* 665 So.2d 683, 686, 27,658 (La.App.12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America,* 478 So.2d 634, 637 (La.App. 2 Cir.1985); *Perkins v. Shelter Ins. Co.,* 540 So.2d 488 (La.App. 1 Cir.1989)). Fidelity alleges that it relied on IU and Mr. Laudeman's "counsel and attention" in procuring its insurance. Rec. Doc. 1, Exhibit A. As a result, Fidelity claims that IU, Mr. Laudeman and Westover are liable to it if it did not have insurance coverage for damages owed to its borrowers for its employees' omissions concerning their flood insurance policies. Arguably, Fidelity could have discovered any gaps in the Mortgageholders Errors and Omissions Coverage Form by carefully reading the policy. At the same time, without further factual development, the Court cannot determine whether Fidelity was lulled into complacency by representations made by Mr. Laudeman and IU. The facts may disclose that Fidelity's reliance was well-founded, regardless of the actual language of the policy, and that Fidelity therefore is excused from its failure to discover the problem earlier.

### *2. Fiduciary Duty*

Hanover also claims that IU, Mr. Laudeman and Westover are improperly joined because IU and Mr. Laudeman did not owe a fiduciary duty to Fidelity. Hanover argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. However, Hanover does recognize that an insurance agent can assume such a duty by inducing the client's justifiable reliance on the agent's representations about its coverage. Hanover claims that Fidelity did not justifiably rely on IU or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                Page 4

Slip Copy, 2006 WL 2873562 (E.D.La.)

(Cite as: 2006 WL 2873562 (E.D.La.))

Mr. Laudeman because the Errors and Omissions Coverage Form "clearly and unambiguously excludes from coverage any loss or damage caused directly or indirectly by water, including flood." Rec. Doc. 15. Fidelity, on the other hand, claims that IU and Mr. Laudeman assumed the duty to advise it about the availability or limits of coverage.

*4 Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club,* 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d. 728, 730-31 (La.1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id,* (citing *Graves v. St. Farm Mut. Auto Ins. Co.,* 821 So.2d 769, 773, 2002-1243 (La.Ct.App.06/26/02)).

Fidelity suggests that IU and Mr. Laudeman assumed such a greater duty. Fidelity claims that its representative had a yearly meeting with IU and Mr. Laudeman to discuss its insurance coverage. It alleges that at these meetings the parties discussed whether all the necessary and proper insurance had been obtained. These allegations are sufficient to suggest that the IU and Mr. Laudeman assumed a greater duty than merely procuring insurance. Accordingly, the Court finds that Hanover has not established that there is no reasonable basis for Fidelity's claims against IU, Mr. Laudeman and Westover.

### 3. Misjoinder of Parties

Alternatively, Hanover claims that IU, Mr. Laudeman and Westover were improperly joined because the actions against them sound in tort while the claims against Hanover lie in contract. Fidelity argues that the joinder is proper because the action seeks redress for the same injury, namely, the lack of insurance coverage. Fidelity alleges that the claims arise out of the same basic facts and occurrence and both rely on the interpretation of the errors and omissions coverage policy.

In a similar case, *Southern Athletic Club,* Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.,* 2006 WL 1560791 (E.D.La.2006) to find that there was no fraudulent joinder. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *4 (E.D.La.2006). Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each Court found that there was a real connection between the claims and the parties, because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar. Here, Fidelity, the lone plaintiff, is suing the insurance company, the sellers of the policy and their liability insurer. All of the claims arise out of the insurance coverage that Fidelity obtained to cover its errors and omissions. Therefore, the parties are not fraudulently misjoined and diversity jurisdiction is lacking.

### B. Jurisdicion under the Multiparty, Multiforum Trial Jurisdicion Act (MMTJA)

*5 Hanover alleges that this court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). [FN2] Specifically, Hanover claims that Hurricane Katrina is an "accident" within the terms of the statute. Hanover argues that Fidelity's alleged injuries arise out of the hurricane because it never would have made the insurance claims if the Hurricane had not occurred.

> FN2. The MMTJA provides in relevant part:
> **(a) In general.** The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 5

Slip Copy, 2006 WL 2873562 (E.D.La.)
(Cite as: 2006 WL 2873562 (E.D.La.))

have died in the accident at a discrete location if: (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.
**(b) Limitation of jurisdiction of district courts.** The district court shall abstain from hearing any civil action described in subsection (a) in which: (1) the substantial majority of the plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by state law.

This Court has not found Hurricane Katrina to be an "accident" under the terms of the MMTJA. In *Flint v. Louisiana Farm Bureau Ins. Co.*, **2006 WL 2375593, \* 3 (E.D.La.**2006), Judge Duval stated that the Fifth Circuit Court of Appeals never reached the conclusion that Hurricane Katrina met the definition of an accident under § 1369. Furthermore, Judge Duval ruled that the individual levee breaks could be accidents by the terms of the statute, but that the hurricane itself was not. *Id.* Other Judges in this district agree with Judge Duval's reasoning. See, *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, \*6 (E.D.La.2006) (J. Lemmon); *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, \*3 (E.D.La .2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, \*3 (E.D.La.2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.*, 2006 WL 2385365, \*5 (E.D.La.2006) (J. Barbier). This Court agrees that Hurricane Katrina was not an "accident" within the terms of § 1369. Therefore, Hanover cannot rely on the MMTJA for federal subject matter jurisdiction.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Remand is **GRANTED.**

Slip Copy, 2006 WL 2873562 (E.D.La.)

**Motions, Pleadings and Filings (Back to top)**

• 2:06cv03511 (Docket) (Jul. 6, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.