UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELANIE PALMER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 2006-8126 |
| | * | |
| ENCOMPASS INSURANCE COMPANY | * | SECT. C |
| AND APARICIO, WALKER & SEELING | * | MAG. 3 |

*****************************************************************

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**</u>

**PLEASE NOTE:**    This case has been the subject of two removal petitions and has been assigned two different Federal Court case numbers: <u>**No. 06-7540, Sec.C / Mag.4**</u> and <u>**No. 06-8126 Sec.C / Mag. 3.**</u> On October 31, 2006, an order was issued in <u>**06-7540 C/4**</u> transferring that case to <u>**Sec. K, Mag 2**</u>.

**MAY IT PLEASE THE COURT:**

**INTRODUCTION**

On August 28, 2006, Plaintiff, Melanie Palmer (hereafter "Palmer") filed her Petition for

Damages in state court against her property insurance carrier, Encompass Insurance Company

(hereafter Encompass), alleging breach of contract and bad faith for their failure to pay Palmer's

insurance claim, and also against Aparicio, Walker & Seeling (hereafter "AWS") alleging

negligence and breach of duty in their advice and placement of Palmer's insurance coverages on

Palmer's property.   On October 6, 2006, AWS filed its  Notice of Removal to this Court,

claiming federal jurisdiction is proper pursuant to 28 U.S.C. §1369, the Multiparty, Multiforum

Trial Jurisdiction Act ("MMTJA"), and supplemental jurisdiction under 28 U.S.C. §1441(e)(1).

On October 13, 2006, Encompass filed its Notice of Removal to this Court, claiming federal jurisdiction is proper pursuant to 28 U.S.C. §1332, diversity of citizenship, arguing that AWS is fraudulently joined, a claim that AWS itself did not assert. Palmer files this Motion to Remand, as none of the grounds asserted by the AWS nor Encompass support federal jurisdiction over Palmer's claims.

On August 29, 2005, Palmer had in effect an insurance policy issued by Encompass, providing coverage for her property located in Metairie, Louisiana. The coverages had been placed by AWS, and based upon the recommendations of AWS as experts in the insurance field, with vastly divergent coverages under homeowners and flood coverages. Palmer's property sustained significant damage following Hurricane Katrina far in excess of the flood limit recommended by AWS. Further, Encompass has failed to properly and timely pay Palmer under the policy it issued. Palmer filed this lawsuit against both the Encompass and AWS based on insurance coverage for her damaged property following Hurricane Katrina.

**LAW AND ARGUMENT**

**Legal Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). There is a presumption that a case lies outside this limited jurisdiction. *Id.* Moreover, removal statutes are to be strictly construed and any doubt as to the propriety of removal is to be resolved in favor of remand. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Cir. 1995); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon &*

2

*Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). The Defendants have not met their burden, so this matter should be remanded to the 24th Judicial District Court.

### Encompass Has Not Met Its Heavy Burden of Proof for Fraudulent Joinder

The Encompass Defendant asserts that federal jurisdiction lies in this case pursuant to 28 U.S.C. §1332, diversity of citizenship. The parties herein do not dispute that the amount in controversy exceeds the requisite jurisdictional limit for federal jurisdiction of $75,000. There is likewise no dispute that on the face of Palmer's Petition, there is no diversity of citizenship. Palmer is domiciled in Louisiana, as is AWS. In order to remove Palmer's Petition, Encompass has asserted that Palmer has fraudulently joined AWS, and, as such, the citizenship of AWS is not considered for purposes of the §1332 diversity of citizenship analysis.

Encompass bears a heavy burden in proving Palmer's joinder of AWS was fraudulent and improper. *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, *1 (E.D. La. 4/11/06) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."); *see also Fidelity Homestead Association v. Hanover Insurance Company*, 2006 WL 2873562, *2 (E.D. La. 10/5/06) ("Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one. *Smallwood,* 352 F.3d at 222."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state

3

defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.").

Here, Encompass purports to make two arguments for fraudulent joinder. First, Encompass asserts that Palmer's claim against AWS has prescribed; thus, AWS is fraudulently joined. Second, Encompass asserts that somehow, Palmer has no claim against AWS on the ground that AWS was a "disclosed agent" Encompass arguments fail on both counts.

### Encompass cannot prove fraudulent misjoinder

The first aspect of the Encompass fraudulent joinder claim is fraudulent misjoinder, which was first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).[1] The improper joinder in *Tapscott* has been referred to as "particularly egregious", rendering it fraudulent, as the plaintiffs in that case attempted to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants with no connection between the groups. *See Bright III v. No Cuts Inc.*, 2003 WL 22434232, *2 (E.D. La. 10/27/03) and cases cited therein. Courts analyzing fraudulent joinder since *Tapscott* have consistently found that mere misjoinder does not constitute fraudulent misjoinder. *Id.* If there is a palpable connection between the claims and parties joined, district courts in this circuit have

---

[1] At least one court in this district has noted that *Tapscott*'s fraudulent misjoinder may not be recognized in the Fifth Circuit. *See Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673, *4 (E.D. La. 4/11/06). In *Schwartz*, Judge Fitzwater, sitting by designation after Judge Schwartz' colleages in the Eastern District had recused themselves, found that he did not need to resolve the issue of whether the Fifth Circuit would recognize the *Tapscott*-type fraudulent joinder, as the joinder in that case was not sufficient to constitute fraudulent joinder. "Plaintiffs allege that defendants should have paid all the damages they sought in their proof of loss for damages from Hurricane Katrina and that Eagan was professionally negligent by failing to inform them properly of the available insurance coverages that could be purchased to cover losses to their property." *Schwartz*, 2006 WL 980673 at *5.  The court further noted that if the defendant had a basis under Louisiana law to establish it had been improperly joined, it can seek severance in state court following remand. *Id.*  At that point, if severance is granted, the defendant could seek to remove the case against it, arguing the case was not initially removable but became removable. *Id.*

declined to find fraudulent misjoinder. *Id.* at *5.

This misjoinder argument centers around Rule 20(a) of the Federal Rules of Civil Procedure on joinder, which has two requirements for proper joinder:  (1) a claim for relief asserting joint, several or alternative liability and arising from the same transaction, occurrence or a series of transactions or occurrences, and (2) a common question of law or fact. *Tapscott*, 77 F.3d at 1360.   The relevant inquiry is whether the connection between the joined claims and parties is so tenuous as to justify disregarding the citizenship of the joined parties upon removal. *Bright III*, 2003 WL 22434232 at *5.  *See, e.g., Triggs v. John Crump Toyoto, Inc.*, 154 F.3d 1284, 1290 (11th Cir. 1998) (reversing district court's finding of fraudulent misjoinder of plaintiffs because "unlike *Tapscott,* there is a real connection between the claims of the named plaintiff and the claims which defendants seek to bifurcate and sever"); *Fidelity Homestead Association*, 2006 WL 2873562 at *4 (remanding, in part based on the court's finding that there was no fraudulent misjoinder in single plaintiff's suit against insurance company, the sellers of the policy and their liability insurer, as all claims arise out of the insurance coverage the plaintiff obtained to cover its errors and omissions); *Jamison v. Purdue Pharma Co.*, 251 F.Supp.2d 1315, 1322-23 (S.D. Miss. 2003) (rejecting defendant's fraudulent joinder claim and granting remand because claims had a sufficient "logical relationship" to satisfy permissive joinder under both the federal and Mississippi joinder rules).

Here, unlike in *Tapscott* where there were multiple plaintiffs whose claims were matched with particular defendants against whom they alleged individual claims but where no group of claims was related, there is only one plaintiff alleging all claims arising from her property insurance dispute following the damage she sustained after Hurricane Katrina.  Palmer's claims against Encompass and her claims against AWS arise from the same occurrence, will have

overlapping facts, will be based on the same discovery and Palmer's relief will be based on the same damage calculations and testimony.

For example, the damage for both claims arose from Hurricane Katrina, and the amount of damage sustained by Palmer will require the use of experts.  The scope of coverage and exclusions will be litigated in both claims.  The damage calculations will be the same for both claims, and to the extent Palmer was underinsured, any damage not covered by the Encompass policy will be assessed to AWS.  The facts and legal issues relating to Palmer's damage and damage calculation will be the same in both cases.

Other cases within this district have been remanded based on similar facts.  For example, in *Schwartz*, plaintiffs filed suit against their non-resident homeowners insurer seeking to recover under the policy.  *Schwartz*, 2006 WL 980673.  The plaintiffs also named their resident insurance agent as a defendant, alleging professional negligence for failing to inform them of any and all coverages under their policy.  *Id.*   The court found that the defendants did not meet their burden of establishing fraudulent misjoinder. *Id.*

This Court has also recently remanded a case with similar facts.  In *Southern Athletic Club, LLC v. Hanover Insurance Company,* 2006 WL 2583406 (E.D. La. 9/6/06), the plaintiff had filed suit against its insurer, the adjusting firm hired by its insurer, the adjuster assigned to plaintiff's claim and plaintiff's insurance broker.  The plaintiff's claims against its broker were based in negligence, for the broker's alleged failure to properly advise plaintiff as to its coverage, since it appeared that plaintiff was underinsured following Hurricane Katrina.  *Southern Athletic Club, LLC,* 2006 WL 2583406.  The insurer removed the case, alleging in part that the resident insurance broker was fraudulently misjoined. *Id.*   The plaintiff argued that the parties were properly joined, as the action sought recovery for the same injury – lack of

6

insurance proceeds to pay for the damage to its property. *Id.* In finding no fraudulent misjoinder, the Court analogized the case with *Radlauer v. Great Northern Ins. Co.*, 2006 WL 1560791 (E.D. La. 5/16/06) in which that plaintiff had also filed suit against his insurer and a non-diverse insurance underwriter. The *Radlauer* court found no misjoinder "because there was only one plaintiff suing an insurance company, one of its adjusters, and the seller of the insurance policy. Although Radlauer alleged different grounds of recovery against the defendant, there was a palpable or real connection between the claims and the parties joined because the plaintiff sought recovery for the same injury." *Southern Athletic Club, LLC*, 2006 WL 2583406 at *4. Likewise this Court in *Southern Athletic Club, LLC* found no misjoinder of the parties, as the plaintiff sought recovery from each defendant based on insurance coverage for the damaged property. *Id.*

There is a sufficient and clear factual and legal nexus between Palmer's claims against Encompass and its claims against AWS such that there is no fraudulent misjoinder. Therefore, there is no diversity of citizenship based on this theory of fraudulent joinder.

**Encompass cannot prove fraudulent joinder, as Palmer has stated a claim against AWS**

In its removal, Encompass asserted that AWS is fraudulently joined because Palmer cannot establish a cause of action against AWS. The only specific allegations made by Encompass to support its heavy burden of proof for fraudulent joinder are that (1) Palmers's claims against the Norris Defendants have prescribed and (2) AWS is a "disclosed agent" therefore, Palmer has no possibility of recovery against AWS.

Fraudulent joinder[2] is established by showing (1) actual fraud in pleading

---

[2]Various courts in this district have noted that the Fifth Circuit now refers to "fraudulent joinder" as "improper joinder". *See, e.g., Dobson, et al., v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La. 7/21/06), n.1. One court has noted that the term "fraudulent joinder" is still used in many Fifth Circuit cases "causing no shortage of confusion". *Id.*

jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999); *see also Dobson, et al. v. Allstate Ins. Co.,* 2006 WL 2078423, *4 (E.D. La. 7/21/06). The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002). This Court has set forth the applicable standard as follows:

> The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. A court may predict whether the plaintiff has a reasonable basis of recovery under the state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Southern Athletic Club, LLC,* 2006 WL 2583406 at *1 (internal citations omitted). Further, and as in a Rule 12(b)(6) challenge, in conducting this inquiry, the court must construe all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff, and the court must resolve all ambiguities in favor of the non-moving party. *Dobson,* 2006 WL 2078423 at *4. Finally, "[i]f the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995).

8

**Encompass has not established that Palmer's claims against AWS have prescribed**

Despite the fact that Encompass bears the burden of proof in this instance, Encompass'

prescription argument has no factual support.  Instead, it makes the conclusory statement that

Palmer's claims against AWS have prescribed, with no further elaboration or support. There is

likewise no support for Encompass' prescription argument on the face of Palmer's Petition.

Indeed, according to Encompass' own Removal papers, AWS first recommended and placed the

coverage for Palmer in March 2005.  Palmer sustained damage as a result of those

recommendations 5 months later on August 29, 2005.  Clearly, Palmer's claims have not

prescribed.  Palmer's tort claims against AWS are subject to a one year prescriptive period that

does not begin to run until the damage is sustained. La. C.C. art. 3492.  There is nothing in

Palmer's Petition to indicate her claims against AWS for negligence, breach of duty and/or

breach of contract have prescribed, Encompass' Notice of Removal is totally devoid of any

support for this argument.

La. R.S. 9:5606 does not provide support for Encompass' prescription argument.  As

noted above, Encompass itself asserts that the policy was first placed in March 2005, only 5

months before Hurricane Katrina and well within the three year peremption period.  Further,

since Palmer's damage did not occur until August 29, 2005, its cause of action did not accrue

until that date.  Palmer's Petition was filed within one year from its loss, making it timely.  *See*

*also Southern Athletic Club, LLC*, 2006 WL 2583406 at *3 (plaintiff's suit was timely filed

when plaintiff discovered that the building and its contents were underinsured when he received

a loss adjustment from the insurer on February 24, 2006 and suit was filed on March 8, 2006).[3]

---

[3] Cases in which remand is denied because the plaintiff's claims against the non-diverse insurance agent had prescribed are distinguishable from this case in that in those cases, the policy was initially purchased from the agent prior to the *three year peremptive period and there are no allegations of subsequent misrepresentations in connection with renewals* to restart the peremptive period. *See, e.g., Dobson,* 2006 WL 2078423 at *6 (wrongful acts alleged against the agent

**Encompass has not established that Palmer has no possible recovery against AWS**

Encompass' second conclusory argument with no support of fraudulent joinder is that AWS is a "disclosed agent."    No claim whatsoever is asserted in the petition against AWS in its capacity as "agent" of Encompass. Rather all claims assert independent acts of negligence and breach of duty on the part of AWS as it relates to AWS' relationship with Palmer and AWS' representations to Palmer as to its expertise in the field of insurance coverages and its advice, recommendations, and ultimate placement of coverage for Palmer.

Taking as true Palmer's uncontested facts set forth in its Petition, it is clear that Palmer has stated a cause of action against AWS and that Encompass  have failed to show that there is no reasonable basis for Palmer to recover against AWS under state law.  Accordingly, the Encompass fraudulent joinder arguments fail, there is no diversity of citizenship in this case, and there is no federal jurisdiction.  This matter must be remanded.

For cases illustrating this point, see *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes that there is no diversity jurisdiction over Katrina claim because plaintiff's claim against his insurance agent does not constitute fraudulent joinder); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no diversity jurisdiction because insurance agent was not fraudulently joined;  under Louisiana law, agents and brokers may be held liable for fault in failing to procure adequate insurance

---

occurred in 1989 when the policy was purchased; subsequent renewals of insurance policies do not restart the prescriptive period on torts committed at the time of initial purchase); *Dobson*, 2006 WL 2078423 at *8 (there are no allegations in the original complaint of any subsequent misrepresentations in connection with renewals; accordingly, the renewals do not operate to restart peremption); *Perez v. Metropolitan Property and Casualty Ins. Co.*, 2006 WL 2178753 (E.D. La. 7/28/06). *See also Southern Athletic Club, LLC*, 2006 WL 2583406 at *3 (finding defendant failed to establish no reasonable basis to predict that the policy renewal was not a separate and distinct act from the original purchase of the policy).

coverage and defendant has not conclusively established that the defendant broker would have a peremption defense; case remanded); *Hillery v. State Farm Fire and Casualty Company,* 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier finds there is no diversity jurisdiction because the amount in controversy doesn't exceed $ 75,000;); *Harrington v. Lexington Insurance Co.,* 06-1440 (E.D. La. 8/1/06) (Judge Vance concludes that Louisiana law recognizes causes of action against agents for fault in failing to assist the insured to obtain adequate coverage and this claim may properly be joined with a claim against the insurer; hence a claim against an agent doesn't constitute fraudulent joinder in a suit against the insurer, there is no diversity jurisdiction, case must be remanded ); *Gertrude Gardner, Inc. v. State Farm Mutual Automobile Insurance Co.,* 02-3182 (E.D. La. 6/30/04) 2004 U.S. Dist. LEXIS 12181 (Judge Berrigan examines Louisiana law in depth, concludes that, on proper showing, agent or broker may be held liable for fault in failing to assist insured in procuring adequate insurance).

### MMTJA does not Form a Basis for Federal Jurisdiction Under These Circumstances

The AWS Defendant has also moved to Remove to this Court arguing that this Court has jurisdiction over Palmer's claims pursuant to 28 U.S.C. §1441(e)(1)(B) because Palmer's claims are a civil action brought in a state court over which this federal court would have original jurisdiction under 28 U.S.C. §1369.  This case does not fall within §1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"); therefore, there is no original jurisdiction under the MMTJA on which to base removal, and there is likewise no supplemental jurisdiction over Palmer's claims under §1441(e)(1)(B).

**1.      There is no original jurisdiction under §1369 because Hurricane Katrina is not an "accident" "at a discrete location"**

The MMTJA, §1369, grants original jurisdiction to district courts in actions involving

minimal diversity between adverse parties that arise from a single accident where at least 75

natural persons have died in the accident at a discrete location if any two defendants reside in

different states.  As noted by this Court, "[t]he narrow jurisdiction under the MMTJA is not

intended to apply to a case where there are not many plaintiffs and many defendants". *Southern*

*Athletic Club, LLC*, 2006 WL 2583406 at *5; *see also Maestri v. Lafayette Ins. Co.,* 2006 WL

2990120, *3 (E.D. La. 10/16/06) ("This is not a class action with multiple plaintiffs and

defendants. It is a suit by one plaintiff against two non-diverse defendants grounded solely on

claims arising under state law. The "jurisdictional" statues at issue here, 28 U.S.C. 1441(e)(1)(B)

and 28 U.S.C. 1369, cannot be so stretched as to sweep into federal jurisdiction any cause of

action against any defendant by any plaintiff that has some connection with Hurricane

Katrina.").  As in *Southern Athletic Club, LLC,* this case involves only one plaintiff and

Defendants over insurance coverage.

   Courts have uniformly refused to take jurisdiction over Katrina cases under 28 U.S.C.

1369(a), because it is simply not possible to view Katrina as an "accident" within the meaning of

the statute and because the deaths caused by Katrina did not occur at "a discrete location." [4]

*Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499

(Judge Zainey concludes that Katrina is not an "accident" for MMTJA purposes so there is no

---

[4] In this connection, plaintiff would respectfully ask this Honorable Court to take judicial notice of the following well known facts: Katrina achieved hurricane status on August 23, 2005. Katrina made an initial landfall in Florida, causing substantial property damage and the deaths of approximately 10 persons.  Katrina then moved back into the Gulf of Mexico and strengthened sharply while disrupting offshore oil production. Katrina then made a second landfall in Louisiana on August 29 and swept across South Louisiana flooding large portions of Plaquemines Parish, St. Bernard Parish, Orleans Parish, and Jefferson Parish with resulting death and destruction in these and inland parishes.  Katrina then moved briefly back across the waters of the Gulf to make a third and final landfall in Mississippi, causing additional death and destruction in Mississippi and Alabama.  After this final landfall, Katrina moved inland causing much additional destruction and several deaths  in several interior states before finally dropping below tropical storm strength in the neighborhood of the Great Lakes on August 31.

original MMTJA jurisdiction);  *Flint v. Louisiana Farm Bureau Mutual Insurance Company,* 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that Katrina was not an "accident" within the meaning of the MMTJA but, instead, was a "natural event" which caused many separate accidents; there is no MMTJA original jurisdiction); *Carroll v. Lafayette Insurance Co.,* 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes there is no MMTJA original jurisdiction); *Hillery v. State Farm Fire and Casualty Company,* 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier finds defendant has failed to establish MMTJA original jurisdiction); *Willhoft v. Kert Leblanc Ins. Agency, 06-1235 (E.D.La. 7/5/06), 2006 U.S. Dist. LEXIS 45796* ( Judge Lemmon holds that there is no MMTJA original jurisdiction over Katrina claims brought by individual plaintiffs against their insurers);  *Jambon v. State Farm Fire and Casualty Company,* 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA original jurisdiction); *Southall v. St. Paul Travelers Insurance Company,* 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA original jurisdiction); *Southern Athletic Club, LLC v. The Hanover Insurance Company,* 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no MMTJA original jurisdiction).

With the enactment of the MMTJA, Congress intended to provide a federal forum specifically for mass accidents such as plane crashes, train crashes and hotel fires.  *See* 147 CONG. REC. H893-01; 137 CONG. REC. E1923-02 (1991).  Hurricane Katrina does not qualify as an "accident".  Likewise, the Gulf Coast, spanning from Louisiana to Florida, does not qualify as a "discrete location", as required by §1369 for original jurisdiction either.  Accordingly, there is no federal jurisdiction over Palmer's claims pursuant to §1369.

13

**(2) MMTJA supplemental jurisdiction (28 U.S.C. § 1441(e)(1)(B))**

MMTJA supplemental jurisdiction exists under 28 U.S.C. § 1441(e)(1)(B) when there are two related cases as follows:

> (1) a federal court case with MMTJA jurisdiction under 28 U.S.C. 1369 which has the insurer as a defendant;

> (2) a state court case which arises out of the same "accident" and which has the same insurer as a defendant.

When this pattern exists, the federal courts will have MMTJA supplemental jurisdiction over the second of the two cases and this case can be removed to federal court. *See Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).

There are a handful of Katrina-related mass tort suits pending in federal court and various insurers have attempted to remove various state court cases on the theory that the state court case arises out of the same "accident" as one or another of the pending federal cases. [5] There are several reasons why the removing insurers have been unsuccessful in establishing MMTJA supplemental jurisdiction, including the following.

First, although the defendants usually cite *Wallace* in support of their position, a full review of this case will show that *Wallace* gives little assistance to the defense. In *Wallace,* the Judge Livaudais remanded the case and indicated that the basis for remand was a decision to abstain from the exercise of jurisdiction pursuant to 28 U.S.C. 1369(b). The 5th Circuit reversed, concluding that IF a federal court that has MMTJA supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B), then the court may not abstain under 28 U.S.C. 1369(b) but, instead, must proceed to hear the case. The 5th Circuit remanded the case to Judge Livaudais for further

---

[5] One of these federal cases (*Chehardy*) is discussed in *Wallace.*

14

proceedings.  Judge Livaudais, as directed, went beyond 28 U.S.C. 1369(b) abstention and addressed the jurisdictional issues.   He concluded that the insurer had failed to establish MMTJA supplemental jurisdiction and again remanded the case to state court. *Wallace v. Louisiana Citizens Property Insurance Corporation*, 06-0114 (E.D. La. 6/7/06).  The defense, dissatisfed with this outcome, sought relief from the 5th Circuit.  However, the 5th Circuit refused to hear the case.  *Wallace v. Louisiana Citizens Property Insurance Corporation*, _____ (5th Cir. 8/2/06).

In sum, the 5th Circuit in *Wallace* did not hold that there is federal jurisdiction over Katrina cases or over any subclass of Katrina cases. [6]  The 5th Circuit merely held that, if and when 1441(e)(1)(B) jurisdiction is established, the federal judge to whom the case is assigned should proceed to hear the case rather than abstain under 1369(b).

A second problem insurers face in attempting to establish MMTJA supplemental jurisdiction is that there are ongoing jurisdictional disputes about most of the Katrina-related cases which are currently pending in federal court.  It is not clear that there is 1369(a) jurisdiction over these cases and it is not clear that a defendant can remove a state court case under 28 U.S.C. 1441(e)(1)(B) for the purpose of joining it with an already-pending federal case when jurisdiction has not yet been established in the pending federal case.

Third, in order to justify removal on a theory of MMTJA supplemental jurisdiction, the defendant has to establish that there is a close relationship between the pending

---

[6]       *Wallace* discusses a case pending in the Eastern District (the *Chehardy* case) as a case which might possibly qualify as an anchor case supporting supplemental MMTJA supplemental jurisdiction. However, *Wallace* does not hold that *Chehardy* or any other federal case is, in fact, a suitable anchor to support supplemental jurisdiction for any state case. *Wallace* merely instructs the district court to examine the issue.  As noted above, when Judge Livaudais examined the issue in response to the 5th Circuit's instructions, he concluded that supplemental jurisdiction did not exist.

federal case and the state case sought to be removed.   The statute specifies that both claims must

arise out of the same "accident."   As noted above, Katrina is not an "accident" within the

meaning of the MMTJA so merely showing that both claims result from Katrina does not begin

to meet the "arising from the same accident" test.  Additionally, judges that have addressed this

issue appear to be adopting a procedural test: it appears that, in order for two cases to arise out of

the same "accident" for MMTJA purposes, the cases must be sufficiently related that, if the state

case is removed to federal court, the removed state case can be consolidated with the pending

federal case. This criterion follows logically from the purpose of the MMTJA.   Since the whole

purpose of the MMTJA is to enable consolidation of all cases from a mass disaster into a single

lawsuit, there is little purpose in removing a state court case to federal court if it can't be

consolidated with the already-pending federal lawsuit.

          In sum, common issues and other characteristics necessary to support

consolidation are required.  It appears that procedural barriers to consolidation may prevent a

finding of supplemental jurisdiction.   For example, if the federal case is a class action, it is not

clear that an individual claim can be removed from state court on the theory that MMTJA

supplemental jurisdiction exists, since the individual claim, even if removed, could not be

consolidated with the class action because this would destroy the individual's right to opt out of

the class.

        Thus, in order to establish MMTJA supplemental jurisdiction, the defense must do far

more than present a general allegation of relatedness.   A defendant who desires to establish

MMTJA supplemental jurisdiction must demonstrate a close relationship between the pending

federal case and the state case which the defendant is attempting to remove.   It appears that the

defendant must be able to show that the state case, if removed, could be consolidated with the

pending federal case.

To the contrary, district judges that have addressed the issue have uniformly concluded that there is no MMTJA supplemental jurisdiction over Katrina claims. Judge Livaudais's decision on remand in *Wallace* has already been discussed above. Other judges, presented with similar arguments on other fact patterns, have also reached the conclusion that MMTJA supplemental jurisdiction does not exist. *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes there is no MMTJA supplemental jurisdiction and remands case); *Carroll v. Lafayette Insurance Co.*, 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction and remands case); *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA supplemental jurisdiction, case remanded); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that there is no MMTJA supplementary jurisdiction, case remanded); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier defendant has failed to establish MMTJA supplemental jurisdiction, case remanded); *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction because a claim against an agent for failure to procure adequate insurance does not "arise out of" an accident, case remanded); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no MMTJA supplemental jurisdiction, case remanded).

Respectfully submitted:

David E. Kavanagh - Bar No. 2019
WEEKS, KAVANAGH & RENDEIRO
810 Union Street, 2nd Floor
New Orleans, LA 70112
(504)529-5100
Attorney for Melanie Palmer

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been forwarded to opposing counsel by placing copy of same in the U.S. Mail, postage prepaid, this 3 day of November, 2006.

18