UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES E. BATES, JR. AND | * | CIVIL ACTION NO. 06-10566 |
| PATRICIA C. BATES | * | |
| | * | SECTION. N |
| VERSUS | * | |
| | * | MAGISTRATE 4 |
| ALLSTATE INSURANCE COMPANY, | * | |
| FRANK CAPELLA, III AND ABC | * | |
| INSURANCE COMPANY | * | |
| | * | |
| *   *   *   *   *   *   * | * | |

### ANSWER OF FRANK CAPELLA, III TO PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes defendant, Frank Capella, III, who in answer to the Petition for Damages of plaintiffs, James E. Bates, Jr. and Patricka C. Bates, responds as follows:

1.

The allegations of Paragraph 1 of the Petition are admitted such that the above referenced Court has subject matter jurisdiction over this matter.

2.

The allegations of Paragraph 2 of the Petition are admitted such that the above referenced Court has personal jurisdiction over Frank Capella, III.

3.

The allegations of Paragraph 3 of the Petition are denied as written for lack of sufficient information to justify a belief therein.

4.

Defendant admits his status but denies the remaining allegations of Paragraph 4 of the Petition for lack of sufficient information to justify a belief therein.

5.

Defendant admits the existence of Hurricane Katrina, but denies the remaining allegations of Paragraph 5 of the Petition.

6.

The allegations of Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

Defendant admits that a policy of insurance was issued to James E. Bates, Jr. and Patricia C. Bates.  But defendant submits that the policy is the best evidence of its contents, and deny any allegations which may tend to enlarge, contradict or contravene the provisions, exclusions or limitations of such policy.  The remaining allegations are of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 of the Petition are denied.

9.

The allegations of Paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the Petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Petition are denied for lack of sufficient information to justify a belied therein.

14.

The allegations of Paragraph 14 of the Petition are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the Petition are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Petition are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the Petition are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 of the Petition are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 of the Petition are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 of the Petition are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 of the Petition are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 of the Petition are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 of the Petition are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 of the Petition are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 of the Petition are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 of the Petition are denied.

28.

The allegations of Paragraph 28 of the Petition are denied.

29.

The allegations of Paragraph 29 of the Petition are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 of the Petition are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 of the Petition are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 of the Petition are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 of the Petition are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 of the Petition are denied for lack of sufficient information to justify a belied therein.

35.

The allegations of Paragraph 35 of the Petition are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 of the Petition are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 of the Petition are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 of the Petition are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 of the Petition are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 of the Petition are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 of the Petition are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 of the Petition are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 of the Petition are denied.

44.

The allegations of Paragraph 44 of the Petition are denied.

45.

The allegations of Paragraph 45 of the Petition are denied.

46.

The allegations of Paragraph 46 of the Petition are denied.

47.

The allegations of Paragraph 47 of the Petition are denied.

48.

The allegations of Paragraph 48 of the Petition are denied.

49.

The allegations of Paragraph 49 of the Petition are denied.

50.

The allegations of Paragraph 50 of the Petition are denied.

51.

The allegations of Paragraph 51 of the Petition are denied.

52.

The allegations of Paragraph 52 of the Petition require no answer of this defendant.

**AND NOW,** for further answer, defendant avers:

52.

Plaintiffs fail to state a claim upon which relief can be granted against defendant, Frank B. Capella, III.

53..

Plaintiffs' claims are preempted under La. Rev. Stat 9:5606 and/or prescribed.

54.

Defendant, Frank B. Capella, III, used reasonable diligence in assisting in the procurement of any insurance coverage requested by the petitioners.

55.

Plaintiffs' claims are barred by the applicable doctrines of waiver, estoppel, ratification, consent and/or release.

56.

Plaintiffs' damages, if any, resulted from their own fault, negligence or inattention for the following, non-exclusive reasons:

(1) Failing to choose additional coverage offered by Allstate Insurance Company upon annual renewals of the policy in question.

(2) Failing to read their policies of insurance relative to coverage for hurricanes, including exclusions within their policy.

(3) Failing to mitigate their damages.

(4) Any and all other such acts of negligence or want of due care which may be shown at the trial of this matter.

Such fault, neglect and want of due care should operate to bar or diminish any recovery herein.

57.

Plaintiffs' alleged damages were caused by the acts or omissions of third parties for whom defendant has no legal responsibility and over whom defendant has no control.

58.

Defendant, Frank B. Capella, III, did not personally bind himself to plaintiffs, nor did defendant exceed his authority from the insurer, in assisting plaintiffs in obtaining insurance coverage.

59.

Defendant, Frank B. Capella, III, denies that he made any representation or misrepresentation of any fact, be it material or otherwise, to plaintiffs regarding the issue of

coverage under their insurance policy and upon which plaintiffs claim they relied to their detriment.

60.

Defendant pleads all terms, conditions and exclusions of the homeowner's insurance policy at issue as if copied completely herein.

61.

Defendant pleads a credit for any payments previously made by the insurer.

62.

Defendant reserves the right to file additional and/or supplemental answers, third party demands, cross claims and/or reconventional demands such as the facts may later disclose and require.

63.

Defendant requests a trial by jury on all issues.

**WHEREFORE**, defendant, Frank B. Capella, III, prays that his Answer be deemed good and sufficient and that, after due proceedings had, that there be judgment in his favor and against plaintiffs, dismissing plaintiffs' Petition, with prejudice, and at plaintiffs' cost. Defendant also prays for all additional relief as law, equity and the nature of the cause may require, and for a trial by jury on all issues.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

*S/Kelly Cambre Bogart*

_____
KELLY CAMBRE BOGART (22985)
CHRISTINA M. ROSELLE (#30036)
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
kbogart@duplass.com
croselle@duplass.com

**ATTORNEYS FOR DEFENDANT,
FRANK B. CAPELLA, III**

## CERTIFICATE OF SERVICE

I hereby certify on this 11th day of December, 2006, that a copy of the foregoing Answer of Frank B. Capella, III to Petition for Damages and Request for Trial by Jury was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all counsel by operation of the court's electronic filing system.

*S/ Kelly Cambre Bogart*

_____
KELLY CAMBRE BOGART (22985)
CHRISTINA M. ROSELLE (30036)
kbogart@duplass.com
croselle@duplass.com

11