ATTORNEY'S NAME: Wentz Jr, George 02180
AND ADDRESS: Gables International Plaza,
Coral Cables FL 33134-1603

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO: 2006 - 09331 1 SECTION: 8 – N

CHATELAIN, FARRELL J. versus STATE FARM FIRE AND CASUALTY COMPANY

# CITATION

TO: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH: ITS AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE

BATON ROUGE LA

YOU HAVE BEEN SUED:

SERVED ON
HELEN CUMBO
SEP 21 2006
ADMINISTRATOR
COMMERCIAL DIVISION

You must either comply with the demand contained in the petition
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.: you may call 529-1000 for more information.

COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 12, 2006.

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by Shirley Conkley
Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE

On this ______ day of ______
______ served a copy of the w/i petition
PETITION FOR DAMAGES

On STATE FARM FIRE AND CASUALTY COMPANY

______ in person through
ITS AGENT FOR SERVICE OF PROCESS:

Returned same day
No. ______

Deputy Sheriff of ______

Mileage: $______

______ / ENTERED / ______
PAPER RETURN

______ / ______ / ______
SERIAL NO. DEPUTY PARISH

DOMICILIARY SERVICE

On this ______ day of ______
______ served a copy of the w/i petition
PETITION FOR DAMAGES

On STATE FARM FIRE AND CASUALTY COMPANY

______ through
ITS AGENT FOR SERVICE OF PROCESS:
by leaving same at the dwellinghouse,
or usual place of abode,

In the hands of ______
a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said STATE FARM FIRE AND CASUALTY COMPANY

being absent from the domicile at time of said service.
Returned same day
No. ______

Deputy Sheriff of ______

RECEIVED BY
SEP 22 2006
WEDGEWOOD CSO

EXHIBIT
A

CIVIL DISTRICT COURT CLERKS FEE 338.00 14793 AUG 28 PAID D. Campbell
PAID
conform Copy

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE LITIGATION

NO. 2006-9331 DIVISION N-08

FARRELL J. CHATELAIN, JR.

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED:______________ DEPUTY CLERK:______________

**PETITION FOR DAMAGES**

I.

The petition of Farrell J. Chatelain, Jr. ("Plaintiff"), a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, with respect represents as follows:

II.

Made defendant herein is State Farm Fire and Casualty Company ("Defendant"), a foreign insurance company authorized to do and doing business in this state, who at all times pertinent hereto provided a Rental Dwelling Policy to Plaintiff.

III.

Defendant is justly and truly indebted unto Plaintiff, in a full and true sum reasonable under the circumstances, together with legal interest thereon from the date of judicial demand until paid, to wit:

IV.

On or about August 29, 2005, Plaintiff was the owner of certain rental property bearing address 1219 Tita Street, New Orleans, Louisiana 70114-1645 (the "Property").

V.

Said rental property was covered by a policy of insurance bearing policy number 98-C3-5671-6 (the "Policy"), which was issued by Defendant.

VI.

The Policy issued by Defendant covered fire and casualty to the Property, as well as debris removal and the actual amount of rental revenue lost by Plaintiff in the event of a covered loss.

VII.

On or about August 29, 2005, the Property suffered extensive damage as a result of high winds and/or tornado winds and/or wind driven rain, all of which were a result of and were caused by Hurricane Katrina.

VIII.

Plaintiff has duly and properly made a claim with Defendant for payment under the Policy and has been assigned claim number 18R516412.

IX.

Plaintiff has repeatedly made demand for payments due under the Policy, and has provided proof of loss, but Defendant has arbitrarily and capriciously refused to provide reasonable and appropriate payments for Plaintiff's loss under the terms of the Policy.

X.

Defendant has refused to pay reasonable amounts under the Policy based upon adjusting practices that are intentionally designed to undervalue the actual damage sustained by Plaintiff by failing to employ reasonable costs associated with rebuilding in New Orleans, Louisiana post-Katrina. Defendant's cost estimates, intentionally based upon pre-Katrina conditions, do not reflect reality, significantly undervalue the cost of necessary repairs covered under the Policy, and do not reasonably compensate Plaintiff for the covered losses sustained by Plaintiff.

XI.

Defendant has failed to timely adjust claims under the Policy, and has therefore intentionally and unreasonably delayed paying Defendant's claim.

XII.

Defendant has refused to pay any amount for loss of rents, which are specifically covered under the Policy.

XIII.

Defendant's intentional, arbitrary, and capricious refusal to pay amounts due under the Policy is in bad faith and in violation of Louisiana Revised Statutes 22:658 et. seq. and 22:1220, and as such, Defendant is obligated to pay penalties and attorney's fees as provided by law.

XIV.

Plaintiff is entitled to recover from Defendant actual damages suffered by Plaintiff for all covered losses under the Policy, calculated at a reasonable fair market value, as provided for under the Policy.

XV.

The amount in controversy in this case, exclusive of fees and costs, does not exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

XVI

JURY DEMAND

Plaintiff demands a jury trial for all issues in this case that may be so tried.

Wherefore, Plaintiff prays that the defendant be duly cited to appear and answer this petition and after all legal delays and due proceedings had, that there be judgment rendered herein in favor of Plaintiff, Farrell J. Chatelain, Jr.. and against Defendant, State Farm Fire and Casualty Company, in a full and true sum reasonable under the circumstances, together with legal penalties and attorney's fees plus all legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, and for all other general and equitable relief this Honorable Court may deem just.

Respectfully Submitted:

GEORGE R. WENTZ, JR. (#2180)
JOHN C. ENOCH (#22774)
Energy Center, Suite 2000
1100 Padres Street
New Orleans, Louisiana 70163-2000
Telephone: (504) 569-2900
Facsimile: (504) 569-2099
and
BURKE & MAYER, of Counsel
Attorneys for Plaintiff, Farrell J. Chatelain, Jr.
(165682)

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
Through its agent for service of process:
Louisiana Secretary of State
3851 Essen Lane - State Archives Building
Baton Rouge, Louisiana 70809

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via fax and by placing same in the United States Mail, postage prepaid and properly addressed, this 18th day of August, 2006.

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT PARISH OF ORLEANS STATE OF L

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**HURRICANE LITIGATION**

NO.________ DIVISION________

FARRELL J. CHATELAIN, JR.

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED:____________ DEPUTY CLERK:____________

**ORDER**

THIS MATTER will come before the Court for case management conference on the 16th day of November 2006, at 3:15 o'clock p.m., before Division N.

NEW ORLEANS, LOUISIANA, this 8th day of September, 2006.

/s/ Myrna Shelton
~~JUDGE~~ minute clerk

PLEASE SERVE WITH PETITION:

A TRUE COPY
[signature]
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY
March 16, 2006
DISTRICT JUDGE FRANK J. POLOZOLA

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1140-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1162-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1163-FJP-CN

This matter came on this day for oral argument on subject matter jurisdiction and the motion to remand. All parties present signed the attached sign-in sheet.

Counsel present arguments.

For oral reasons assigned, the Court declines to exercise jurisdiction over the counterclaim[1] of defendant, The Standard Fire Insurance Company, under 28 U.S.C. §1367; therefore, the

[1] Rec. Doc. No. 18.

Doc#43131



counterclaim is hereby DISMISSED without prejudice.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(d) and 28 U.S.C. §1369. Therefore:

IT IS FURTHER ORDERED that plaintiffs' motions to remand[2] are hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' claim against the Louisiana Insurance Commissioner is hereby DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining issues in this matter shall be TRANSFERRED to the Eastern District of Louisiana.

Should it be later found on appeal that this Court did not have jurisdiction, the Court reserves the right to the Eastern District to transfer this matter back to this Court for remand.

The Court reserves its right to supplement its oral reasons given this day with written reasons should it become necessary.

******

Reporter: E. Champion

C: CV 25b; T: 2:00

---

[2] Rec. Doc. Nos. 59 and 61.

Doc#43004