UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KERR S. HOWELL, Plaintiff | * * * | CIVIL ACTION NO. 06-8845 |
| VS. | * * | SECTION "A" K(2) |
| AMERICAN SOUTHERN HOME INSURANCE COMPANY, Defendant | * * * * | JUDGE: JAY C. ZAINEY MAG. JUDGE: ALMA L. CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO REMAND

May it please the Court:

**I.    Removal Standard**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed and any doubt as to the propriety of removal is to be resolved in favor of remand. Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sid Richardson Carbon & Gasline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state

court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

## II. 28 U.S.C. 1332

### A. Plaintiff's claims do not exceed $75,000.00

On October 20, 2006, defendant filed a Notice of Removal, effecting the removal of this case from the Civil District Court for the Parish of Orleans, State of Louisiana. One purported basis for the removal was that this case was within the original jurisdiction of this Honorable Court, under 28 U.S.C. 1332 (a), in that it is a suit by resident plaintiff against defendant from a different state and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff does not dispute that diversity or the citizenship of the defendant. Plaintiff does dispute the existence of the requisite jurisdictional amount in controversy to elevate this case to the level of a federal case.

Defendant cited that because plaintiff did not state that the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction and further because plaintiff generally states that his property was a total loss and requests punitive damages and attorney's fees, that the allegations contained in the petition therefore make it facially apparent that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Pursuant to the provisions of Louisiana Code of Civil Procedure Article 893 (a)(1) plaintiff pled no specific amount as to any of his damages. Under Louisiana Code of Civil Procedure Article 893 (a)(1) a plaintiff may also plead that the claim is for an amount less than the requisite to establish federal jurisdiction.

That was an oversight which plaintiff seeks to clarify by the binding stipulation attached hereto as Exhibit "A" and the affidavit in support attached hereto as Exhibit "B", acknowledging that plaintiff's claim does not exceed $75,000.00, exclusive of interest and costs, and plaintiff, never intended to make such a demand for its damages in the State Court petition filed in these proceedings.

The "vanilla allegations" that the plaintiff has suffered a "total loss" is insufficient to establish that it is facially apparent from plaintiff's petition that the jurisdictional threshold is met.

Attached hereto as Exhibit "C" is an appraisal obtained by plaintiff prior to the filing of his state court petition indicating that the amount of his property damages do not exceed $43,000.00 much less the jurisdictional limit of $75,000.00.

Accordingly, plaintiff respectfully moves this Honorable Court to enter an Order remanding this case to the State Court from which it was improvidently removed for want of subject matter jurisdiction of this Court under 28 U.S.C. 1332 (a).

### B. Stipulation of the Plaintiff May be Used to Show With Legal Certainty that Plaintiff Cannot Recover More than $75,000.00, Exclusive of Interest and Costs

In the instant case, the Plaintiff's stipulation and the affidavit attached hereto as Exhibits "A" and "B" may be used to show with legal certainty that Plaintiff cannot recover more than $75,000.00, exclusive of interest or costs in this Court or any other Court, since the allegations of the Petition do not make it "facially apparent" that the amount in controversy exceeds the jurisdictional amount and Defendant has produced no evidence that would support its contention.

In St. Paul Mercury, the Court recognized that a plaintiff is the master of his pleading. St. Paul Mercury, supra, 303 U.S. 294, 58 S.Ct. 593. The Court also recognized the existence of the defendant's competing right to remove a case to the federal courts when that is appropriate under the Removal Statutes. The Court said: "Events occurring subsequent to the institution of the suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." The Court also recognized the principle that a plaintiff who does not "desire to try his case in federal court . . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." Consequently, the Fifth Circuit held in DeAguilar II that litigants who want to prevent removal must file a binding stipulation or affidavit.

By filing the aforementioned stipulation and affidavit, plaintiff is not attempting to reduce the claim originally made in his state court petition, but merely to clarify the original claim to enable the federal court to determine whether the claim as originally pled was or was not for an amount less than the federal jurisdictional threshold.

## CONCLUSION

Plaintiff is entitled to have this Honorable Court grant his Motion to Remand and to have this case returned to the Civil District Court for the Parish of Orleans, State of Louisiana, from which it was erroneously removed, because there is not the requisite

jurisdictional amount, and there exists no subject matter jurisdiction under either 28 U.S.C. 1331 or 28 U.S.C. 1332.

RESPECTFULLY SUBMITTED,

ALAN G. BOUTERIE, 16822
200 Commercial Square, Suite D
Slidell, LA 70043
(985) 641-9002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by faxing and mailing same to each properly addressed and postage prepaid on this 6th day of December, 2006.

ALAN G. BOUTERIE