# Mullins v. Mangano et al., 06-7802

CIVIL SUIT NO.: **106 678**

| | |
|---|---|
| BETTY MULLINS, Individually, and as the Surviving Child of SHIRLEY LOTT | 34TH JUDICIAL DISTRICT COURT |
| VERSUS | ST. BERNARD PARISH |
| SALVADOR A. MANGANO; MABEL B. MANGANO; SALVADOR A. MANGANO, JR.; AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM; BUFFMAN, INC.; DORMAN, INC.; MGH LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM; MANACA, INC.; MANGANO CONSULTANTS, INC.; THE MANGANO CORPORATION; MANGUEST, INC.; MANGANO MANAGEMENT, INC.; STS AMUSEMENTS, L.L.C; D/B/A ST. RITA NURSING HOME | STATE OF LOUISIANA |

Filed: JUL 25 2006

_Lena R. Torres_

---

NOW COMES BETTY MULLINS, Individually, and as the Surviving Child of SHIRLEY LOTT, and avers as follows:

1.

Petitioner is the surviving child of SHIRLEY LOTT, who was at the time of his death in August 2005, a resident of St. Bernard Parish.

2.

Named defendants herein are the following:

a) SALVADOR A. MANGANO, at all material times a resident of St. Bernard Parish;

b) MABEL B. MANGANO, at all material times a resident of St. Bernard Parish;

c) SALVADOR A. MANGANO, JR., at all material times a resident of St. Bernard Parish;

d) AOLC LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, at all material times domiciled in St. Bernard Parish;

e) BUFFMAN, INC., a Louisiana corporation at all material times domiciled in St. Bernard Parish;

f) DORMAN, INC., a Louisiana corporation at all material times domiciled in St. Bernard Parish;

g) MGH LIMITED PARTNERSHIP, A LOUISIANA PARTNERSHIP IN COMMENDAM, at all material times domiciled in St. Bernard Parish

-1-

The death of SHIRLEY LOTT and damages described herein were caused through the fault, negligence, negligence *per se*, gross negligence and/or strict liability of defendants in the following, non-exclusive particulars:

a) Failing to evacuate SHIRLEY LOTT when it knew or should have known that a Category 4/5 hurricane was bearing down on St. Bernard and its neighboring parishes;

b) Failing to follow the hurricane evacuation plan it had in effect at the time of Hurricane Katrina;

c) Allowing its residents to drown;

d) Failing to have sufficient staff, qualified personnel, adequate rescue equipment, life vests, boats and any other rescue equipment for its residents;

e) Refusing offers of transportation and aide in evacuating residents before the hurricane struck St. Bernard;

f) Failure to heed warnings from governmental authorities to evacuate;

g) Failure to accept assistance from governmental authorities to evacuate;

h) Failure to adhere to St. Rita's own plan for hurricane evacuation;

i) Failure to move elderly, infirm patients, including SHIRLEY LOTT, to higher ground and/or a more protected facility or location well in advance of hurricane, despite being fully aware of the difficulties of moving such patients during a storm;

j) Failing to contact the families of the residents to advise that the residents would not be moved and giving the residents an opportunity to make individual plans to move the patients;

k) Failure to use its own contracted ambulance service to move patients in advance of the hurricane;

l) Violation of the Louisiana Department of Health and Hospital regulations; and

m) Such other particulars as will be learned through discovery and/or proven at trial.

14.

As his surviving child, BETTY MULLINS, is entitled to and asserts a claim for the

-4-