UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSE LEA L. LEPINE, INDIVIDUALLY | * | CIVIL ACTION |
| AND ON BEHALF OF HER MOTHER, | * | |
| HELEN PERRET, | * | NO. 06-8881 "K" (2) |
| | * | JUDGE DUVAL |
| Plaintiffs, | * | MAG. WILKINSON |
| v. | * | |
| | * | |
| SALVADOR MANGANO, | * | |
| MABEL B. MANGANO, MANGUEST, INC. | * | |
| a/k/a ST. RITA'S NURSING HOME, | * | |
| MANGANO CONSULTANTS, INC., | * | |
| MANGANO MANAGEMENT, INC., | * | |
| MANACA, INC., BUFFMAN, INC., | * | |
| THE MANGANO CORPORATION, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \*

**UNITED STATES' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

The plaintiffs in the above-action have filed a motion to remand this case to state court. The plaintiffs' motion should be denied because the case was properly removed pursuant to 28 U.S.C. § 1442, which allows the United States to remove a state civil action brought against it regardless of whether the federal court has original jurisdiction over the claims against the United States. If this Court determines that it lacks subject matter jurisdiction as to the claims against

the United States, it may, in its discretion, remand the case to state court. The United States respectfully submits that oral argument is not necessary and that the plaintiffs' motions can be decided on the briefs alone.[1]

## BACKGROUND

The plaintiffs filed their action against defendants Buffman Inc.; Salvador Mangano; Mabel B. Mangano; Manguest, Inc., a/k/a St. Rita's Nursing Home; Mangano Consultants, Inc.; Mangano Management, Inc.; Manaca, Inc.; Buffman, Inc.; and the Mangano Corporation ("the defendants"), owners of St. Rita's Nursing Home in St. Bernard Parish in the 34th Judicial District Court for the Parish of St. Bernard. On September 14, 2006, the defendants filed a third-party claim against the United States and other state and local officials and agencies seeking indemnity and contribution in the event that they are held liable to the plaintiffs. The defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Record Docket No. 1-2, Third Party Demand, ¶ XXV.

The United States removed this case to federal court on October 23, 2006, citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[2] Record Docket

---

[1] Similar motions to remand have been filed in the following cases in the *In Re: Katrina Canal Breaches Consolidated Litigation*: *Berthelot*, 06-8810; *Johnson*, 06-7400; *Kramer*, 06-7457; *Lewis*, 06-8107; *Morales*; 06-5962; *Poissenot*, 06-7858; *Rodrigue*, 06-6639; *Thedy*, 06-8106; *Verges*, 06-9192.

[2] Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows removal of state court cases to federal court when the district court has original jurisdiction over the claim. Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court

No. 1.  The plaintiffs now argue that the removal was improper and seek to remand this case to state court because, according to the plaintiffs, this Court lacks jurisdiction over the claims against the United States pursuant to the FTCA's discretionary function exception contained in 28 U.S.C. § 2680(a) and under the Flood Control Act of 1928, 33 U.S.C. § 702c.  Record Docket No. 3-2, Plts.' Mem. in Supp. of Mot. to Remand at 3-14.

The plaintiffs' motion to remand must be denied.  Even if the plaintiffs are correct that this Court lacks original jurisdiction over the claims against the United States, the removal to federal court was proper under 28 U.S.C. § 1442.  A remand at this time would be contrary to law.

## ARGUMENT

When a party files a motion to remand challenging the removal of an action from state court, the burden falls upon the removing party to establish its right to a federal forum.  *See Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998).  The statute governing remand after removal is 28 U.S.C. § 1447(c):  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

---

when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

Pursuant to 28 U.S.C. § 1442(a)(1), the United States, any federal agency, and any officer of the United States or of any federal agency may remove a state civil action or a state prosecution brought against them. Section 1442(a)(1) reads as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a).[3]

A federal court need not have original jurisdiction over a claim against a federal agency or officer for removal under § 1442 to be proper. "To the contrary, § 1442 itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *IFMC Prof'l Servs. of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir. 1982); *see also Mesa v. California*, 489 U.S. 121, 136 (1989) (Constitutional basis for removal under § 1442(a)(1) is the federal officer's substantive immunity defense arising under federal law); *State of Nebraska, Ex Rel., Dept. of Social Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) ("A [party's] power to remove a case to federal court is independent of the federal court's power to hear it. . . . Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."); *Mir v. Fosbury*, 646 F.2d 342, 344 (9th Cir. 1980) (unlike removal under §

---

[3] Section 1442 was specifically amended in 1996 to allow both the United States and federal agencies to remove cases to federal court; prior thereto, only federal officers and persons acting under them could use this statute to remove cases. *See International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72 (1991), *superseded by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850.

1441, a district court has jurisdiction to hear an action removed pursuant to § 1442 even if the initial action could not have been commenced in a federal forum).

One of the principal purposes of the right of removal under § 1442 is to allow a federal court to determine the validity of an asserted immunity defense. *Winters*, 149 F. 3d. at 397-98; *see also State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) (noting that chief purpose of § 1442 removal is "to prevent federal officers who simply comply with a federal duty from being punished by a state court from doing so"); *Reese v. South Florida Water Mgmt. District*, 853 F. Supp. 413, 414 (S.D. Fla. 1994) ("Section 1442 is intended to protect federal interests by providing federal officials a federal tribunal in which to litigate matters concerning acts committed in their federal capacity."). To qualify for removal under § 1442, federal agencies must establish that the suit is for an act under color of office and raise a colorable federal defense. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129, 139 (1989). In construing the color of federal office and colorable federal defense requirements, the Supreme Court has expressly rejected a narrow interpretation. *Winters*, 149 F. 3d. at 398, 400 (color of federal office requirement "should be afforded a broad reading so as not to frustrate the statute's underlying rational"; need not prove asserted federal defense, only articulate its colorable applicability). *See also Willingham*, 395 U.S. at 407 (The claim to a federal defense must be colorable but not necessarily ultimately successful on the merits to establish requirement.); *U.S. v. Todd*, 245 F.3d 691, 693-694 (8th Cir. 2001) (To establish a colorable defense, the defense need only be plausible.)

Third-party defendants may remove under § 1442. "[B]ecause removal under section 1442 rests upon 'far stronger considerations of policy' [than removal under section 1441]. . . courts have uniformly permitted third-party defendants to remove under section 1442(a)(1). *Moreland v. Van Buren GMC, et al.,* 93 F. Supp.2d. 346, 350 (E.D.N.Y. 1999) (*quoting Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960)); *see also IMFC Prof'l Servs. of Florida, Inc.*, 676 F.2d at 155 (the fact that removing party is third-party defendant does not defeat removal under § 1442(a)(1)).

If, once the case is removed, the district court determines that it lacks subject matter jurisdiction over the federal claims, federal jurisdiction is not extinguished. *IMFC Prof'l Servs. of Florida, Inc.*, 676 F.2d at 159-160. In such cases, the court may exercise its discretion in determining whether to retain the state law claims or remand them to state court. *Id.*

Removal of this case was proper under the plain language of § 1442. The defendants have asserted third-party claims against the United States for its alleged negligent actions under the color of federal office. *See* Third Party Demand at pp. 8-10 (alleging that the United States, through the United States Army Corps of Engineers, negligently designed, constructed, and maintained the Mississippi River Gulf Outlet, the result of which greatly enhanced the possibility that the defendants' facility would flood during Hurricane Katrina.); *see also Moreland,* 93 F. Supp.2d. at 352-53 (federal agency necessarily acts under color of federal office). Even though the United States has not yet responded to the defendants' third party claim,[4] it is apparent that this case will involve federal defenses. The defendants have invoked the FTCA as their basis for

---

[4] Pursuant to Chief Judge Berrigan's October 24, 2006 order automatically extending the time for parties to file responsive pleadings for an additional twenty days, the United States' answer to the third-party claim is due on December 15, 2006.

recovery against the United States, and the plaintiffs have argued in their brief that the United States is immune from suit under the FTCA's discretionary function exception and the Flood Control Act. *See, e.g., Moreland,* 93 F. Supp.2d. at 353 (finding colorable federal defense because third party defendants were immune from suit under the FTCA, 28 U.S.C. §§ 2679(a), 1346(b)). Should the Court determine that it has no jurisdiction over any of the federal claims, it may, at its discretion, remand the remaining state claims to state court. At this time, however, the case must remain in federal court until the federal claims are dismissed.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand should be denied.


Dated: November 30, 2006               Respectfully submitted,


                                       PETER D. KEISLER
                                       Assistant Attorney General

                                       C. FREDERICK BECKNER III
                                       Deputy Assistant Attorney General

                                       PHYLLIS J. PYLES
                                       Director, Torts Branch


                                       s/ Traci L. Colquette
                                       Traci L. Colquette
                                       Trial Attorney, Torts Branch, Civil Division
                                       U.S. Department of Justice
                                       Benjamin Franklin Station, P.O. Box 888
                                       Washington, D.C.  20044
                                       (202) 305-7536 / (202) 616-5200 (Fax)
                                       Attorneys for the United States

## CERTIFICATE OF SERVICE

      I, Traci L. Colquette, hereby certify that on November 30, 2006, I served a true copy of the above United States' Memorandum in Opposition to Plaintiffs' Motion to Remand upon the following parties by ECF or electronic mail:

| | |
|---|---|
| Chadwick William Collings<br>chad@thornhilllawfirm.com | Jeremy D. Goux<br>wynnegouxlobello@bellsouth.net |
| Tommy Wood Thornhill<br>tom@thornhilllawfirm.com | Louis G. Spencer<br>lgs@ecwko.com |
| James A. Cobb, Jr.<br>jac@ecwko.com | Susan E. Henning<br>seh@ecwko.com |

                                  s/ Traci L. Colquette
                                       Traci L. Colquette