# Lepine et al. v. Salvador Mangano et al., 06-8881

### 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. =105 620                                                    DIVISION B

ROSE LEA L. LEPINE, individually and on
behalf of her mother, HELEN PERRET

**VERSUS**

SALVADOR A. MANGANO, MABEL B. MANGANO, MANGUEST, INC. a/k/a
ST. RITA'S NURSING HOME, MANGANO CONSULTANTS, INC., MANGANO
MANAGEMENT, INC., MANACA, INC., BUFFMAN, INC., THE MANGANO
CORPORATION

FILED: ___DEC 2 1 2005___    _____
        /:20 PM              DEPUTY CLERK

---

### PETITION FOR DAMAGES

The Petition of ROSE LEA L. LEPINE, individually and on behalf of her mother,

HELEN PERRET, being of full age of majority and resident of Pearl River County, State

of Mississippi, Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

a.  SALVADOR A. MANGANO, a person of the age of majority and resident

    of the Parish of St. Bernard;

b.  MABEL MANGANO, a person of the age of majority and resident of the

    Parish of St. Bernard;

c.  MANGUEST, INC., a/k/a ST. RITA'S NURSING HOME, a Louisiana

    Corporation authorized to do and doing business within the Parish of St.

    Bernard and the jurisdiction of this Court;

d.  MANGANO CONSULTANTS, INC., a Louisiana Corporation authorized

Page 1 of 7

was issued.

### IV.

Petitioners aver that Helen Perret's death was caused by no fault of her own, but instead was caused by the negligence of defendants MANGUEST, INC., a/k/a ST. RITA'S NURSING HOME, SALVADOR MANGANO, MABEL MANGANO, THE MANGANO CORPORATION, BUFFMAN INC., MANACA, INC, MANGANO MANAGEMENT, INC., AND MANGANO CONSULTANTS, INC.

### V.

Petitioners aver the negligence of MANGUEST, INC., a/k/a ST. RITA'S NURSING HOME, SALVADOR MANGANO, MABEL MANGANO, THE MANGANO CORPORATION, BUFFMAN INC., MANACA, INC, MANGANO MANAGEMENT, INC., AND MANGANO CONSULTANTS, INC., was a legal cause, proximate cause, and cause in fact, of Helen Perret's death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate the Nursing Home;
2. Failing to have an evacuation plan;
3. Failing to implement an evacuation plan if one existed;
4. Failing to ask for assistance with evacuating the nursing home;
5. Refusing evacuation assistance;
6. Deserting Helen Perret;
7. Inadequate and improper staffing;
8. Inadequate equipment;
9. Delay in attempt to evacuate;
10. Any and all other acts of negligence that may be proven at trial of this matter, including, but not limited to, all acts or failures to act in violation of the laws

of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## VI.

Petitioners, Rose Lea L. Lepine, is surviving child of Helen Perret, and in accordance with Louisiana Civil Code Articles 2315.1 and 2315.2, Ms. Lepine is asserting this survival and wrongful death action against defendants.

## VII.

As a result of the incident in question, Helen Perret, suffered the following non-exclusive damages:

   a.   Past physical pain and suffering up to the time of her death;

   b.   Past mental anguish up to the time of her death;

   c.   Any and all other elements of damages which may be proven at trial of this matter;

## VIII.

As a result of the incident in question, Petitioner, Rose Lea L. Lepine, has suffered the following nonexclusive damages:

   a.   Past, present, and future mental anguish;

   b.   Past, present, and future loss of love and affection

   c.   Any and all other elements of damages which may be proven at trial.

## IX.

Further, plaintiff avers that the acts of defendants herein were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. § 51:1401 *et seq.*, which renders defendants liable for damages, plus interest thereon from the date of demand, reasonable attorneys fees, and cost of all of these proceedings.

**WHEREFORE**, petitioner, **ROSE LEA L. LEPINE**, pray that the defendants,