FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC -5 PM 4:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAGISTRATE WILKINSON |
| | § | |
| | | |
| PERTAINS TO: | § | |
| ST. RITA: (Lepine), | § | |
| Case No. 06-8881 | § | |

## <u>MEMORANDUM IN OPPOSITION TO MOTION TO REMAND</u>

This is an action filed by Rose Lea L. Lepine wherein the Plaintiff seeks to recover for the death of Helen Perret, which occurred at the St. Rita Nursing Home in St. Bernard Parish during Hurricane Katrina.  The action was originally filed in the 34th Judicial District Court for the Parish of St. Bernard.  The Plaintiff alleged that the Defendants were negligent in several respects, *inter alia*, in failing to evacuate the home in advance of the storm.  Pursuant to case law, and in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq.*, a defendant in a state court action is permitted to bring a third party demand against the United States *without* first

Fee
Process
X Dktd
CtRmDep
Doc. No.

exhausting administrative remedies. *See*, *Hassan v. Louisiana Department of Transportation and Development*, 923 F.Supp. 890 (W.D. La. 1996). Shortly after Defendants filing an Answer to Plaintiff's petition, Defendants properly filed a Third Party Demand in the 34th Judicial District for the Parish of St. Bernard against the United States under the FTCA, 28 U.S.C. §2674 and §1346(b).[1] Defendants averred in the Third Party Demand that the Government was negligent in the design, construction and maintenance of the MRGO, and that the Government's negligence caused or exacerbated the flooding of the St. Rita Nursing Home. The Government in turn removed this action and many others to federal court.

The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense. The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal. *Devore v. City of Mesa*, 783 F.Supp. 452 (D. Ariz. 1991). The Court is required to assume that all factual allegations of the Complaint are true. *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163 (E.D. Pa. 2003). The burden is on the non-movant to show that the case was properly removed. *Nicholas v. Southeast Health Plan*, 859 F. Supp. 553 (S.D. Ala. 1993).

The gist of Plaintiff's Motion to Remand is that the Government is immune from suit by virtue of the "discretionary function" exception to the FTCA and pursuant to the immunity granted by the Flood Control Act of 1928, 33 U.S.C. §702(c). Neither of these issues is properly presented in a Motion to Remand. The issue before the Court on a

---

[1] State entities and officials were also named within the Third Party Demand.

motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense.  The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal.  *Devore v. City of Mesa,* 783 F.Supp. 452 (D.Ariz. 1991).  The Court is required to assume that all factual allegations of the Complaint are true.  *Keenan v. Unum Provident Corp.,* 252 F.Supp.2d 163 (E.D.Pa. 2003).  The burden is on the non-movant to show that the case was properly removed.  *Nicholas v. Southeast Health Plan,* 859 F.Supp. 553 (S.D.Ala. 1993).

The present motion is tantamount to a motion to dismiss the United States. Plaintiff clearly lacks standing to bring such a motion.  In any event, the jurisdiction of this Court is clear.  The United States of America is currently a party, and clearly claims against the United States are within the jurisdiction of the federal district courts.  The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a).  Defendants hereby adopt by reference the United States' Memorandum in Opposition to Plaintiffs' Motion to Remand filed with the Court on November 30, 2006 in this matter.  Accordingly, if and when the Government files a motion to dismiss and prevails, then Plaintiff may urge that the case be remanded to state court.

As to the substance of the motion, the "discretionary function" exception and interplay between *Graci v. United States,* 456 F.2d 20 (5th Cir. 1971) and *Central Green Co. v. United States,* 531 U.S. 425 (2001), have been the subject of motions filed by the Government in proceedings before Judge Duval.  Judge Duval took those matters under advisement on October 27, 2006.  Should this Court reach the merits of the motion,

rather than rehash those arguments and burden the Court with additional paper, Defendants hereby incorporate by reference herein "Plaintiffs' Opposition to the Government's Motion to Dismiss" filed in C.A. 05-4182, Doc. 1003-1, and to the extent an opposition on the merits is required, Defendants adopt the arguments contained therein.  Defendants would also ask the Court to observe that the discretionary function defense was rejected in the *Graci* litigation which dealt with flooding caused by the MRGO during Hurricane Betsy.  *See*, 301 F.Supp. 947 (E.D. La. 1969).

For the foregoing reasons, defendants request that the Motion to Remand be denied.

Respectfully submitted, this 5th day of December 2006.

EMMETT, COBB, WAITS & HENNING

BY: _Susan E Henning_

JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT  (1861)
LOUIS G. SPENCER  (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana  70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December 2006.

_Susan E Henning_