UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br>NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER II, No. 06-4389 | * * | MAG. WILKINSON |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE
TO FILE SECOND SUPPLEMENTAL AND AMENDING COMPLAINT**

The *O'Dwyer* plaintiffs return yet again to this Court seeking to amend their pleadings. This time they seek (1) to allege an alter ego theory as between the two sued CSX entities, CSX Transportation, Inc. ("CSXT") and CSX Corporation, and (2) to assert purported private rights of action under two railway statutes. The proposed amendment should be denied as futile.

"[L]eave to amend should not be given automatically." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). While amendment of pleadings is liberally permitted under Rule 15(a), leave is denied when amendment would be futile. *Id.; Davis v. U.S.*, 961 F.2d 53, 57 (5th Cir. 1991) ("In exercising this discretion, a district court considers a variety of factors, such as . . . futility of the

934346-1

amendment."); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) ("If the amendment would be futile, it may be disallowed.").

The amendment proposed here is futile. It does not cure – or even address -- the defects raised by the CSX defendants' pending Rule 12 motions. The amendment's alter ego theory is offered without factual support, and in the face of competing, competent, and unrebutted evidence demonstrating that CSX Corporation cannot be haled into this Court. And the two newly asserted railway private rights of action do not exist.

A.  **Plaintiffs' Proposed Amendment Does Not Allege A Basis for Personal Jurisdiction Over CSX Corporation.**

Plaintiffs' proposed "Second Supplemental and Amending Complaint" ("Amending Complaint") states what this Court already knows: that CSX Corporation is the parent company of CSXT. Plaintiffs now wish to add that this Court may exercise personal jurisdiction over CSX Corporation because CSX Corporation and CSXT are "alter-egos of each other and constitute a single business enterprise". Amending Complaint (Dec. 5, 2006) ¶¶ I.II and III.XXII(2), Dkt. No. 2014.

A plaintiff must plead and show *facts* before personal jurisdiction may be asserted over a parent based on the actions of its subsidiary. *See, e.g., Crawford v. Offshore Pipelines Int'l, Ltd.*, Civ. A. No. 97-0144, 1998 U.S. Dist. LEXIS 6027 (E.D. La. Apr. 22, 1998) (attached as **Exh. 1**); *Bank of La. v. D&A Funding Corp.*, Civ. A. No. 97-1315, 1997 U.S. Dist. LEXIS 16407 (E.D. La. Oct. 15, 1997) (**Exh. 2**).[1] The Amending Complaint offers no facts. It simply declares, without basis or support, that CSX Corporation and CSXT are alter egos. This is impermissible.

---

[1] Among the facts a court considers are: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers;

(continued...)

934346-1

2

Of equal importance, the Amending Complaint's conclusory alter ego allegation is contradicted by competent evidence already in the record. The affidavit filed by CSX Corporation in support of its Rule 12(b)(2) motion, Dkt. No. 1550, Exh. 3, not only establishes CSX Corporation's lack of contacts with Louisiana, but avers that CSX Corporation has never been a common carrier railroad and has never constructed, maintained, or operated any railroad rolling equipment, any railroad track, roadbed, or any other railroad equipment. *Id.* Plaintiffs have filed no countervailing affidavit or any other admissible evidence. As counsel for plaintiffs has conceded, "I don't have any affidavit evidence to counter their affidavit evidence." Transcript of Hearing, Nov. 1, 2006, Dkt. No. 1555, at 52, lines 17-18 (in *O'Dwyer*, Civil Action No. 05-4181) (p. 52 attached as **Exh. 4**). This evidence stands unopposed.

**B.     Plaintiffs' Proposed Amendment Is Futile For Failure To Allege Any Duty Owed By The CSX Defendants.**

The operative complaint in this action alleges no duty owed by CSXT to plaintiffs, or to anyone else. *See* Memorandum in Support of CSXT's Motion to Dismiss (Nov. 29, 2006), Dkt. No. 1886 (in *O'Dwyer*, No. 06-4389). In fact, the operative complaint alleges nothing against CSXT and CSX Corporation beyond their names and locations.

The Amending Complaint does not attempt to cure this fundamental pleading defect. It repeats the allegation that CSX Corporation and/or CSXT "owned, operated and controlled the right-of-way roadbed and railroad track, which penetrated the New Orleans Flood Defense

---

(continued)

(3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and, (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *see also Campbell v. Bridgestone (USA), Inc.*, Civ. A. No. H-05-0872, 2005 U.S. Dist. LEXIS 36259, at *10 (S.D. Tex. Dec. 9, 2005) (**Exh. 3**).

934346-1                                                      3

System," were "negligently designed, constructed and maintained," and "served as conduits for storm surge" during Hurricane Katrina. Amending Complaint ¶ II. XXI. CSXT has already acknowledged that it owns tracks that run through parts of New Orleans. *See* Reply in Support of CSXT's Motion to Dismiss (Oct. 27, 2006), Dkt. No. 1473, at 3 (in *O'Dwyer*, Civil Action No. 05-4181). But "owning tracks" is not tortious, and does not alone give rise to legal duties in tort. *Id.*

The Amending Complaint alleges no facts that would or could impose duties on CSXT. A railroad operator has no duty in tort to safeguard the citizens of New Orleans from natural disasters or to protect populations from floods. Other entities, such as the Army Corps of Engineers and the Board of Commissioners of the Orleans Levee District, assume these responsibilities. *See Bd. Of Comm'rs of the Orleans Levee Dist. v. Dep't of Natural Res.*, 496 So. 2d 281, 289 (La. 1986) (Louisiana legislature has given this Board authority and duty to protect New Orleans citizens from damage by flood); *Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1154 (5th Cir. 1983) (Orleans Levee District maintains the hurricane protection levees in the New Orleans area, in compliance with the designs, plans, specifications, and requirements of the Corps of Engineers). Indeed, this Court has held as much. *See* Order and Reasons, Sept. 13, 2006, Dkt. No. 1133, p. 1 (granting the Motion to Dismiss filed by the City of New Orleans, in several civil actions).

**C.    The New Purported Statutory Claims Against CSXT And CSX Corporation Do Not Exist.**

The Amending Complaint asserts that CSXT's and/or CSX Corporation's roadbed and railroad track, and their intersection with the New Orleans flood protection system, were "negligently designed, constructed and maintained" and that the penetrations "failed to adequately close" prior to Hurricane Katrina, resulting in flooding. Amending Complaint

934346-1                                            4

¶ II.XXI. As CSXT has previously explained, such attempts to dictate how and where CSXT constructs, maintains and operate its track, roadbed, and right-of-way are preempted by the Federal Railroad Safety Act ("FRSA") and the Interstate Commerce Commission Termination Act ("ICCTA"). *See* Memorandum in Support of CSXT's Motion to Dismiss (Aug. 29, 2006) (O'Dwyer I, No. 05-4181, Dkt. No. 1045) (discussing pertinent principles of FRSA and ICCTA preemption).

The Amending Complaint's new twist is to assert that CSXT and CSX Corporation are "liable to plaintiffs under the provisions of the Federal Railroad Safety Act and/or the Interstate Commerce Termination Act of 1995 [sic]." Amending Complaint ¶ III.XXII(3) & (4). Plaintiffs thus acknowledge CSXT's core point: that claims relating to railroad safety and to railroad construction or operation fall within the purview of FRSA and ICCTA. Asserting such claims in federal court, however, is impermissible and futile: FRSA creates no private cause of action, and ICCTA creates an exclusively administrative remedy.

***FRSA***. "By its terms, the FRSA does not provide a general private right of action to either (1) enforce compliance with safety regulations or (2) seek moneys based on loss caused by violations of those regulations." *Nippon Yusen Kaisha v. Union Pac. R.R. Co.*, Civ. A. No. CV 04-8861-GAF (RZX), 2005 U.S. Dist. LEXIS 9718, at *4 (C.D. Cal. May 10, 2005) (**Exh. 5**). Instead, "'[t]he language of [the FRSA] is but a command to a federal agency, creating no rights in individuals.'" *Id.* at *5 (quoting *DeBiasio v. Illinois Central R.R.*, 1992 U.S. Dist. LEXIS 15573, at *8-9 (N.D. Ill. Oct. 8, 1992) (**Exh. 6**)).

The FRSA creates an extensive regulatory scheme that places authority over safety standards in the hands of the Federal Railroad Administration and, in limited circumstances, certain state agencies -- ***not*** in the hands of private plaintiffs. *Id.*; *see also Abate v. So. Pac.*

*Transp. Co.*, 928 F.2d 167, 170 (5th Cir. 1991) ("The structure of the FRSA indicates that Congress intended to give federal agencies, ***not private persons***, the sole power of enforcement." (emphasis added)). The "strict liability" and "negligence" claims plaintiffs now seek to bring under the umbrella of FRSA do not exist. Their attempt to amend to include such claims is futile.

*ICCTA*. The same is true of ICCTA. ICCTA vests the Surface Transportation Board with complete and exclusive jurisdiction over claims related to railroad operation and railroad construction. 49 U.S.C § 10501(b) ("The jurisdiction of the Board over . . . the construction, acquisition, operation, abandonment, or discontinuance of . . . tracks, or facilities . . . is exclusive."). The Surface Transportation Board alone has jurisdiction over claims related to railroad track location, construction, or operation – such as the claims comprising the Amending Complaint. *See* 49 C.F.R. Part 1111 (Surface Transportation Board – Complaint and Investigation Procedures).

Claims relating to track operation and construction brought both under ICCTA and under state tort law cannot coexist. The Surface Transportation Board has exclusive jurisdiction over the "remedies provided . . . with respect to . . . routes, services, and facilities" and the "construction [or] operation . . . of . . . side tracks, or facilities." 49 U.S.C. § 10501(b). The opportunity to seek redress for alleged wrongs for actions covered by ICCTA belongs before the Surface Transportation Board, not before this Court. *Id.*

## CONCLUSION

For these reasons, plaintiffs' Motion for Leave to File Second Supplemental and Amending Complaint should be denied.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION AND CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall

934346-1