Westlaw.

Not Reported in F.Supp.2d      Page 1
Not Reported in F.Supp.2d, 2005 WL 1241866 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Nippon Yusen Kaisha v. Union Pacific Railroad CoC.D.Cal.,2005.Only the Westlaw citation is currently available.
United States District Court,C.D. California.
NIPPON YUSEN KAISHA d.b.a. NYK Line
v.
UNION PACIFIC RAILROAD COMPANY, et al.
No. CV048861GAF (RZX).

May 10, 2005.

Marilynn Morris, for Plaintiffs.

CIVIL MINUTES-GENERAL
GARY FEESS, J.

Proceedings: (In Chambers)

*1 Currently outstanding in this case are two Orders to Show Cause issued by the Court on January 12, 2005 and March 25, 2005.[FN1] The first addressed this Court's subject matter jurisdiction and the second the potential res judicata effect of the denial of Plaintiff's motion for leave to add Defendant to the suit in the related case CV 03-6523-GAF (RZx). Plaintiff having shown cause in the latter, the Court hereby VACATES the OSC of March 25, 2005. However, the Court finds that Plaintiff has failed to show cause why this case should not be dismissed for lack of subject matter jurisdiction, and thus the Court DISMISSES the suit.

> FN1. The Court also stayed consideration of the parties' stipulation to consolidate this case with case number CV-03-6523. Given that the Court is dismissing this action the request is now moot.

*I. Background*

Plaintiff Nippon Yusen Kaisha d.b.a. NYK Line ("Plaintiff" or "NYK") brought this action on October 26, 2004, seeking indemnification and contribution arising out of the derailment of a train operated by Burlington Northern and Santa Fe Railway ("BNSF") on trackage owned by Defendant Union Pacific Railroad Company ("UPRR" or "Defendant"). The derailment damaged five container loads of cargo requiring Plaintiff to pay, pursuant to a bill of lading issued by Plaintiff, $387,349.83 to the owners and shippers of the cargo. Plaintiff alleges that the derailment was caused "in whole or in part, [by] UPRR's failure to inspect, maintain, repair or operate the track in a reasonably safe manner or in compliance with federal law." (Compl.¶ 1).

Specifically, Plaintiff contends that UPRR violated the Federal Railway Safety Act ("FRSA"), 49 U.S.C. § § 20100 *et seq.*, and the regulations promulgated thereunder at 49 C.F.R. § § 200 *et seq.* Jurisdiction for this claim is pled under 28 U.S.C. § § 1331 (federal question) and 1337 (commerce and antitrust regulations).[FN2] Plaintiff's second cause of action is a supplemental state law negligence claim brought pursuant to 28 U.S.C. § 1367. The claim alleges that UPRR "negligently fail[ed] to inspect, maintain, repair, or operate its track in a reasonably safe manner and condition." (Compl.¶ 14).

> FN2. Section 1337 grants the district courts original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

*II. Plaintiff's Federal Claim Fails Because FRSA Does Not Contain an Express or Implied Private Right of Action*

Both § 1331 and § 1337 grant federal jurisdiction for civil actions "arising under" federal laws. 28 U.S.C. § § 1331, 1337. "[T]he 'arising under' language in section 1337 is interpreted in essentially the same way as the 'arising under' phrase in section 1331." *Hunter v. United Van Lines,* 746 F.2d 635, 639 (9th Cir.1984). "[A] suit arises under the law that creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Riley v. Alabama Great Southern Railroad Co.,* 2002 U.S. Dist. LEXIS 18645, *8 (E.D.La. Sept. 30, 2002) ("Because plaintiffs' do not have a cause of action ... under federal law, their claims do not arise under federal law.").

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 5

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1241866 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

Plaintiff's federal claim alleges that Defendant UPRR "negligently failed to inspect, maintain, repair and/or operate its track in accordance with federal law, including 49 U.S.C. § § 20100, *et seq.* and regulations thereunder at 49 C.F.R. § § 200, *et seq.*" (Compl.¶ 12). However, the FRSA contains no express or implied cause of action authorizing suit by a private individual.

*A. Express Cause of Action*

**\*2** By its terms, the FRSA does not provide a general private right of action to either (1) enforce compliance with safety regulations [FN3] or (2) seek moneys based on loss caused by violations of those regulations. The stated purpose of the FRSA is to "promote safety in all areas of railroad operations," 49 U.S.C. § 20101, and not merely among the members of a discrete group such as workers or passengers. "The language of section [20101] is but a command to a federal agency, creating no rights in individuals." *DeBiasio v. Illinois Cent. R.R.,* 1992 U.S. Dist. LEXIS 15573, 8-9 (N.D.Ill. Oct. 8, 1992). The FRSA specifically vests enforcement of safety standards solely within the power of the Secretary of Transportation. 49 U.S.C. § 20111 ("The Secretary of Transportation has exclusive authority ... to impose and compromise a civil penalty for a violation of a railroad safety regulation prescribed or order issued by the Secretary"). Civil actions under the FRSA may be filed by the Attorney General, but again, only at the request of the Secretary of Transportation. 49 U.S.C. § 20112. Thus, no express private right of action exists.

> FN3. Civil actions may, however, be filed by *employees* of a railroad to compel the Secretary of Transportation to issue a safety regulation if the absence of such a regulation would expose the employee to imminent physical injury. 49 U.S.C. § 20104. Even if NYK were an employee, it still could not file a suit against UPRR directly, but could only seek to compel the Secretary to act.

*B. Implied Cause of Action*

Courts have also found that neither the FRSA nor its supporting regulations create an *implied* causes of action. The Supreme Court has set out four factors to be considered: "(1) Is the plaintiff one of the class for whose especial benefit the statute was enacted; (2) is there any indication of legislative intent to create a private remedy; (3) is such a remedy consistent with the purposes of the underlying legislative scheme; and (4) is the cause of action traditionally one entrusted to state law?" *DeBiasio,* 1992 U.S. Dist. LEXIS 15573 at \*5-6 (citing *Court v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)). However, "[t]he question of whether a statute creates a private cause of action is primarily a question of legislative intent," and there exists a strong presumption against finding an implied cause of action. *DeBiasio,* 1992 U.S. Dist. LEXIS 15573 at \*5.

As stated above, the language of the FRSA is a general command to an agency and gives no indication that it was enacted for the express benefit of any one special group. *Id.* at \*8-9. As to the second and most important factor, it is clear that Congress did not intend to create a private right of action. "Rather than create a private cause of action, the FRSA creates an extensive regulatory scheme that places all authority over safety standards in the hands of the FRA and, in limited circumstances, certain state agencies." *Id.* at 9. Further, since the "legislative scheme" leaves enforcement to the FRA and the Attorney General, implying a private right of action would be inconsistent. *Abate v. Southern Pac. Transp. Co.,* 928 F.2d 167, 170 (5th Cir.1991). "In short, the structure of the FRSA no more supports inferring a private cause of action than does its language." *Id.* Finally, "where no private remedy under the statute is found, none may be implied under its implementing regulations." *DeBiasio,* 1992 U.S. Dist. LEXIS 15573 at \*10-11. Accordingly, Plaintiff's first cause of action, cannot be maintained under either the FRSA or its implementing regulations and is thus DISMISSED WITH PREJUDICE.

*III. Plaintiff's State Law Claim Provides no Independent Basis for Jurisdiction*

**\*3** Plaintiff's second cause of action provides no independent basis for jurisdiction and the Court will not retain it under supplemental jurisdiction. "[T]hough state law creates [Plaintiff's second] cause[ ] of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis added). Even where, as here, a federal regulation may

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 2189-4   Filed 12/12/06   Page 3 of 6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1241866 (C.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

constitute an element of the state law claim it must be "pivotal," or "substantial," as opposed to merely "incidental," and the resolution of the federal question must play a significant role in the proceedings. *Berg v. Leason,* 32 F.3d 422, 424 (9th Cir.1994). However, the Supreme Court has found that "if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question." *Utley v. Varian Assocs., Inc.,* 811 F.2d 1279, 1283 (9th Cir.1987) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

Furthermore, this is not one of the rare cases, i.e., those implicating the Employee Retirement Security Act ("ERISA") or § 301 of the Labor Management Relations Act ("LMRA"), where federal law completely preempts Plaintiff's common law negligence claim so as to create a federal question by transforming it into a federal cause of action. Even where a federal law or regulation may provide a preemption defense to a state law cause of action, such a defense does not give the federal court jurisdiction over the claim. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang,* 376 F.3d 831, 839 (9th Cir.2004). Only in rare cases where the preemptive force of a federal statute is so powerful that it displaces all state causes of action is jurisdiction provided. *Id.*

Thus, even if a Defendant has available as a defense to the negligence claim the fact that it complied with federal regulations in this area, *see e.g., Fed. Ins. Co. v. Burlington N. & Santa Fe Ry. Co.,* 270 F.Supp.2d 1183, 1187-1188 (C.D.Cal.2003), no federal jurisdiction exists unless there is complete preemption. As the Eighth Circuit noted, unlike LMRA or ERISA, which include a specific jurisdictional provision stating that the district courts have jurisdiction to grant relief, the FRSA does not provide such a private right of action. *Chapman v. LabOne, Inc.,* 390 F.3d 620, 629 (8th Cir.2004). "[T]he absence of an alternative cause of action militates against a finding of complete preemption." *Id.* (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 26, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Finding no independent basis for jurisdiction over this remaining claim, the Court DISMISSES this cause of action WITHOUT PREJUDICE.[FN4]

> FN4. While Plaintiff may have an independent basis for jurisdiction under 28 U.S.C. § 1332, it has failed to plead it in the complaint or to assert the necessary elements in response to the Court's OSC.

*4 IT IS SO ORDERED.

C.D.Cal.,2005.
Nippon Yusen Kaisha v. Union Pacific Railroad Co
Not Reported in F.Supp.2d, 2005 WL 1241866 (C.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 2:04cv08861 (Docket) (Oct. 26, 2004)

END OF DOCUMENT



Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 297396 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

**H**
Briefs and Other Related Documents
Debiasio v. Illinois Cent. R.R.N.D.Ill.,1992.Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Steve **DEBIASIO**, Plaintiff,
v.
ILLINOIS CENTRAL RAILROAD, a foreign corporation, Defendant.
**No. 92 C 2281.**

Oct. 8, 1992.

MEMORANDUM OPINION AND ORDER
PLUNKETT, District Judge.
*1 Plaintiff Steve Debiasio has filed a three-count Complaint against Illinois Central Railroad, seeking damages for personal injuries suffered while Debiasio was an employee of the Defendant. Count III alleges a private cause of action for damages under the Federal Railroad Safety Act ("FRSA"). This matter is before this Court on Illinois Central's Motion to Strike Count III of Debiasio's Complaint on the grounds that the FRSA does not give rise to private right of action. (Mot. to Strike at 2.) For the reasons set forth below, Illinois Central's Motion is granted.

*Facts* [FN1]

Steve Debiasio was an employed as a switchman by Illinois Central at it's Glenn Yard facility in Cook County. (Compl. ¶¶ 3, 4.) On February 6, 1992, while Debiasio was working, one railroad car failed to automatically couple with another, and Debiasio attempted to open a "knuckle" on the recalcitrant car by hand. (Compl. ¶¶ 5, 7.) During the course of this procedure, Debiasio was injured. (Compl. ¶ 8.) Debiasio has filed a three-count Complaint against Illinois Central. Counts I and II sound under the Federal Employers Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), and the Safety Appliance Act, 45 U.S.C. § 1-21. Count III, at issue here, asserts a private cause of action under the FRSA and the regulations promulgated thereunder. 45 U.S.C. § 431(a); 49 C.F.R. 215.123(d)(2).

*Discussion*

As an initial matter, the procedural posture of Illinois Central's Motion is in need of adjustment. While the essential remedy sought by Illinois Central is the dismissal of Debiasio's FRSA Count, see Fed.R.Civ.Proc. 12(b)(6), the Motion has in fact been filed as a Motion to Strike. See Fed.R.Civ.P. 12(f). A Motion to Strike is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and the primary procedure for objecting to an insufficient defense. Wright & Miller, *Federal Practice and Procedure* § 1380. A Motion to Strike, however, is an inappropriate means of seeking dismissal of part of the Complaint. *Pierson v. Dean, Witter, Reynolds, Inc.,* 551 F.Supp. 497, 502 (C.D.Ill.1982) (citing Wright & Miller § 1380). Thus, as Illinois Central's Motion attacks the legal sufficiency of Count III, it shall be treated as a Motion to Dismiss under 12(b)(6).

On a motion to dismiss, the court views the allegations of the complaint as true, along with reasonable inferences therefrom, and views these in the light most favorable to the plaintiff. *Powe,* 664 F.2d at 642. Plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief.... Nevertheless, a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), cert. denied, 475 U.S. 1047 (1986) (citations omitted).

*2 Illinois Central attacks Count III on the grounds that no private right of action, express or implied, is created by the FRSA. It cites as authority *Abate v. Southern Pacific Transp. Co.,* 928 F.2d 167 (5th Cir.1991). Debiasio responds on two fronts: (1) that because a violation of the regulations under the FRSA constitutes negligence *per se,* Count III should stand; and (2) that an implied private cause of action is created by the FRSA. Debiasio's first contention is irrelevant to the Motion at issue. Whether or not violation of the regulations under the FRSA constitutes negligence per se is an evidentiary concern. It has nothing to do with the legal issue of whether Debiasio may maintain a private cause of action for breach of those regulations. If the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Case 2:05-cv-04182-SRD-JCW   Document 2189-4   Filed 12/12/06   Page 5 of 6

Not Reported in F.Supp.
Page 2
Not Reported in F.Supp., 1992 WL 297396 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

regulations do indeed provide an applicable standard of care, as Debiasio suggests, then the proper place to allege breach of that standard is under paragraphs 11 and 12 of Count I, where he alleges negligent acts in violation of FELA, not as an independent count.

Section 421(a)(1) of the FRSA, provides the Secretary of Transportation ("Secretary") the authority to promulgate the regulations at issue in the present case. The section states that the Secretary "shall proscribe, as necessary, appropriate rules, regulations, orders, and standards for all areas of railroad safety...." 45 U.S.C. § 431(a)(1). The Secretary has delegated this rule making authority to the FRA. 49 C.F.R. § 1.49(m). The authority to enforce these rules and to assess civil penalties for their violation is included in subsequent sections. See 45 U.S.C. § 437 (Secretary authorized to issue orders directing compliance); 45 U.S.C. § 438 (Secretary shall assess civil penalties against any railroad in violation).

The question of whether a statute creates a private cause of action is primarily a question of legislative intent. Thompson v. Thompson, 484 U.S. 174, 179 (1988). As guidelines, the federal courts look to the factors set out in the seminal case Cort v. Ash, 422, U.S. 66, 78 (1975). The four factors are: (1) Is the plaintiff one of the class for whose especial benefit the statute was enacted; (2) is there any indication of legislative intent to create a private remedy; (3) is such a remedy consistent with the purposes of the underlying legislative scheme; and (4) is the cause of action traditionally one entrusted to state law? Court v. Ash, 422 U.S. 66, 78 (citations omitted); See also Daily Income Fund, Inc. v. Fox, 464 U.S. 523 (1984).

Despite the numeration of this four-factor test, the most important factor is clear: Unless legislative intent to create a private cause of action appears, expressly or implicitly, from the language or structure of the statute or some other source, "the essential predicate for implication of a private remedy simply does not exist." Thompson, id., (quoting Northwest Airlines, Inc. v. Transp. Workers, 451 U.S. 77, 94 (1981)); see also Suter v. Artist M., 112 S.Ct. 1360, 1370 (1992) (Congressional intent most important factor); Community and Economic Dev. Ass'n v. Suburban Cook County Area Agency on Aging, 770 F.2d 662 (7th Cir.1985).

*3 Generally, there is a strong presumption against finding an implied cause of action. West Allis Memorial Hosp., Inc. v. Bowen, 852 F.2d 251, 254 (7th Cir.1988); In re Olympia Brewing Co. Sec. Litig., 674 F.Supp. 597, 609 (N.D.Ill.1987). District courts must exercise caution in finding such under a federal statute or rule. Soft Drink Indus. Local Union No. 744 v. Coca-Cola Bottling Co. of Chicago, 679 F.Supp. 743, 746 (N.D.Ill.1988).

Further, the burden of demonstrating the existence of each of the four Cort factors rests with the plaintiff. Suter v. Artist M., 112 S.Ct. 1360, 1370 (1992). Debiasio has failed to meet that burden here, spending the pages of his Response on the irrelevant issue discarded above and in attempting to distinguish contrary authority. Therefore, we must analyze the issues without the benefit of the Plaintiff's wisdom.

For guidance in applying the Cort analysis to the present statute, we turn to the only reported case to address this issue in the federal courts, Abate v. Southern Pac. Transp. Co., 928 F.2d 167 (5th Cir.1991). Abate dealt generally with the issue of a private cause of action under the FRSA; specifically, it asked whether a private cause of action existed for violation of the drug-testing rules promulgated under the authority of sections 431, 437 and 438 of the FRSA. Though the regulations concerning drug testing are different from those at issue in the present case, the authority to enact them arises from the very same section of the FRSA as is at issue here, section 431, and we find Debiasio's attempts to distinguish Abate unpersuasive.

When analyzing the first Cort factor, we find that the language of the FRSA does not expressly identify railroad employees as the class whom Congress intended to receive the "especial benefit" of its provisions. Cort, 422 U.S. at 78; Abate, 928 F.2d at 169. The stated purpose of the Act is to "promote safety in all areas of railroad operations ...," 45 U.S.C. § 421, not merely among the members of a discrete group such as workers or passengers. The language of section 431 is but a command to a federal agency, creating no rights in individuals. See, e.g., id. (citations omitted).

As to the second Cort factor, we agree with the Fifth Circuit's holding that nothing about the language of section 421 suggests any congressional intent to create a private right of action on the part of railroad employees. See Abate, 928 F.2d at 169. Rather than create a private cause of action, the FRSA creates an extensive regulatory scheme that places all authority over safety standards in the hands of the FRA and, in limited circumstances, certain state agencies. See e.g., 45 U.S.C. § 434; Abate, id.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:05-cv-04182-SRD-JCW   Document 2189-4   Filed 12/12/06   Page 6 of 6

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 297396 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

Further, the presence of such a pervasive scheme indicates that implying a private right of action would be inconsistent with the underlying legislative purpose of consolidating authority over railroad safety in the hands of the FRA. 45 U.S.C. § 434 (railroad safety standards to be nationally uniform). Therefore, the third *Cort* factor also indicates that Congress did not intend to provide a private remedy. *Id.* (citation omitted).

*4 With three of the *Cort* factors clearly militating against implying a private cause of action, yet another consideration convinces us that no implied private remedy was intended under the FRSA. Section 432(e) of the statute, not at issue here, gives a railroad employee a private right of action if the Secretary or his designees fail to act in certain emergency situations. 45 U.S.C. § 432(e). Where certain sections of a statute expressly create a private remedy, courts have refused to imply one in other sections of the same statute on the theory that "when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 570 (1978).

Debiasio has alleged that the regulations themselves, 49 C.F.R. § 215.123(d)(2),[FN2] give rise to a private cause of action. We reject this contention. It is true that a private remedy for violation of federal regulation may be implied when an private remedy exists under the empowering statute, *see e.g., Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 536-37 (9th Cir.1984). However, where no private remedy under the statute is found, none may be implied under its implementing regulations. The power of an administrative agency to adopt regulations pursuant to a statute is not the power to make law. Rather, it is limited to expressing the intent of the underlying statute. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 213-14 (1976). No private cause of action may be implied from an agency rule where, as here, the enabling statute does not allow such a private remedy and to do so would be inconsistent with the purpose of the statute under which it was enacted. *Polaroid Corp. v. Disney,* 862 F.2d 987, 994 (3d Cir.1988).

*Conclusion*

For the foregoing reasons, Illinois Central's Motion is granted. Debiasio's Count III is dismissed.

FN1. On a motion to dismiss, the court views the allegations of the complaint as true. *Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Thus, the facts herein are gleaned from Debiasio's Complaint.

FN2. This subpart provides, in relevant portions, that "A railroad may not place or continue in service a car, if- ... (d) The car has a knuckle pin or knuckle thrower that is: (1) Missing; or (2) Inoperative...." 49 C.F.R. § 215.123(d).

N.D.Ill.,1992.
Debiasio v. Illinois Cent. R. R.
Not Reported in F.Supp., 1992 WL 297396 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:92cv02281 (Docket) (Apr. 03, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.