UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | | |
| | * | NUMBER 05-4182 |
| | | |
| LEVEE CASES | * | SECTION "K" (2) |
| PERTAINS TO: 06-4634 | | |
| GLENN MICHAEL ADAMS, ET AL | * | JUDGE DUVAL |
| Versus BOH BROS. ET AL. | | |
| | * | MAGISTRATE WILKINSON |

ANSWER AND AFFIRMATIVE DEFENSES OF
THE SEWERAGE AND WATER BOARD OF NEW ORLEANS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the Sewerage and Water Board of New Orleans, in response to the Class Action Complaint, filed by the Plaintiffs, Glenn Michael Adams, et al., answers and sets forth their Affirmative Defenses as follows:

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs (and the proposed class members) have brought their Complaint in an improper venue, as any proceedings in the Eastern District of Louisiana will violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' (and the proposed class members') claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the Sewerage & Water Board of New Orleans, and further fails to state facts sufficient to entitle the Plaintiffs (and the proposed class members) to the relief sought, or any other relief whatsoever, from the defendant, the Sewerage and Water Board of New Orleans.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that

encompassed the risk that the Plaintiffs would suffer the alleged harm; or (d) that if the Sewerage and Water Board of New Orleans owed any such duty to Plaintiffs, that it breached that duty.

### FIFTH AFFIRMATIVE DEFENSE

The defendant, Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans was not then, and is not now responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiffs' (and members of the putative class) harm.

### NINTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should the plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### TENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### TWELFTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals,

agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the Plaintiffs (and members of the putative class) were negligent in failing to follow the repeated lawful orders to evacuate from the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and such other acts or omissions that may be proven at the time of trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina and/or Hurricane Rita, during the months of August and September, 2005.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the Plaintiffs (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs' (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the Sewerage and Water Board of New Orleans.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that that the plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, Sewerage and Water Board of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs' (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Defendant, Sewerage and Water Board of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear

during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that at no time material alleged in the complaint did the defendant, Sewerage and Water Board of New Orleans own any of the outfall canals listed therein, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal.

## ANSWER

**AND NOW**, answering separately the allegations of the Complaint, the defendant, the Sewerage and Water Board of New Orleans, admits, denies and avers as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

2.

The allegations of Paragraphs 2 are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

5.

The allegations of Paragraph 5 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

6.

The allegations of Paragraph 6 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

7.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied as written and the defendant calls for strict proof thereof.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

9 (a) – (m).

The allegations of Paragraph 9(a) – (m) are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

11(a) – (c).

The allegations of Paragraph 11(a) – (c) are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

12(a) – (s).

a. No answer required by this defendant.
b. No answer required by this defendant.
c. No answer required by this defendant.
d. No answer required by this defendant.
e. No answer required by this defendant.
f. No answer required by this defendant.
g. No answer required by this defendant.
h. No answer required by this defendant.
i. No answer required by this defendant.
j. No answer required by this defendant.
k. No answer required by this defendant.
l. No answer required by this defendant.
m. No answer required by this defendant.
n. Admitted.
o. No answer required by this defendant.

    p.  No answer required by this defendant.

    q.  No answer required by this defendant.

    r.  No answer required by this defendant.

    s.  No answer required by this defendant.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

16.

Except to admit the presence of floodwaters in certain parts of Orleans Parish on or about August 29th, 2005, the allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Defendant admits the presence of water within parts of the City of New Orleans on the date referenced. The remaining allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein and the defendant calls for strict proof thereof.

27.

The allegations of Paragraph 27 are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New

Orleans; the remaining allegations of this paragraph are denied for lack of sufficient information to justify a belief therein.

28.

1. – 12. The allegations of Paragraph 28 (1) – (12) are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

13. The allegations of Paragraph 28 (13) are denied to the extent that they state and/or imply any fault, negligence or liability on the part of the defendant, the Sewerage and Water Board of New Orleans; at no time did the Sewerage and Water Board of New Orleans have the care, custody, control and/or garde of the land along, over and on the shores, bottom, and/or bed of Lake Pontchartrain and/or along the shores adjacent to the lake and/or along the canals connected therewith.

The Sewerage and Water Board of New Orleans admits that the 17th Street Canal, the London Avenue Canal and the Industrial Canal are canals connected to Lake Pontchartrain in Orleans Parish but denies that the canals are part of the land in the care, custody, control and/or garde of the Sewerage and Water Board of New Orleans.

The levees and floodwalls adjacent to the canal referred to in the paragraph were at no time in the garde of the Sewerage and Water Board of New Orleans.

At no time was the Sewerage and Water Board of New Orleans aware of any alleged vices and/or defects in the levees and/or floodwalls adjacent to the canals referred to in this paragraph, nor at any time did the Sewerage and Water Board of New Orleans have any responsibility for actual and/or constructive knowledge of any alleged vices or defects in said

levees and/or floodwalls as the levees and/or floodwalls were the responsibility of the Board of Commissioners for the Orleans Levee District and/or other agencies.

The remaining allegations of this paragraph are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

14. – 17. The allegations of Paragraph 28 (14) – (17) are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

29. – 48.

The allegations of Paragraphs 29 – 48 are denied for lack of sufficient information to justify a reasonable belief therein and the defendant calls for strict proof thereof.

**WHEREFORE**, the defendant, Sewerage and Water Board of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the Sewerage and Water Board of New Orleans, and against the plaintiffs, Glenn Michael Adams, et al (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully Submitted,

/s/ George R. Simno III.

**GEORGE R. SIMNO III. T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, LA 70165
Telephone: (504) 585-2242
Facsimile: (504) 585-2426
Email: Gsimno@swbno.org

**ATTORNEYS FOR DEFENDANT**
**SEWERAGE & WATER BOARD OF NEW ORLEANS**

## CERTIFICATE OF SERVICE

      I certify that a copy of this pleading: <u>Answer & Affirmative Defenses filed by the defendant, Sewerage and Water Board of New Orleans</u>, has been served on all counsel of record in this proceeding, by email or by depositing a copy of said pleading in the United States Mail, postage prepaid, on this the 12th day of December, 2006.

                         /s/ George R. Simno III.
                         **GEORGE R. SIMNO III.**

n:\lit\def\hurricane katrina\adams, glenn michael\ple\061212answer.doc