**Darsam et al. v. Buffman, Inc. et al., 06-9569**

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERHARD

STATE OF LOUISIANA

NUMBER: 106 254   DIVISION:

JOHN M. DARSAM, JR., LAWRENCE J. DARSAM, and FRED J. DARSAM

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL BUFFONE MANGANO AND ABC INSURANCE COMPANY

FILED: MAY 1 2 2006   CLERK: _____
10:35 Am

**C**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, JOHN M. DARSAM, JR., LAWRENCE J. DARSAM, and FRED J. DARSAM, all persons of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who with respect aver as follows:

I.

Made defendant herein are:

A)  BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME (herein referred to as St. Rita's), a domestic corporation authorized to do and doing business in the Parish of St. Bernard, State of Louisiana;

B)  SALVADOR A. MANGANO, a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana;

C)  MABEL BUFFONE MANGANO, a person of the full age of majority, domiciled in the Parish of St. Bernard, State of Louisiana.

D)  ABC INSURANCE COMPANY, an insurance corporation whose identity is currently unknown, but believe to have issued a policy of insurance insuring defendants, BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL BUFFONE MANGANO.

II.

Petitioners aver that the above named defendants are liable to your petitioners for the wrongful death and a survivors' action for the death of their late mother, MARY LEITZ DARSAM.

III.

Petitioners aver that MARY LEITZ DARSAM was an eighty-three (83) year old female and resident of St. Rita's Nursing Home from 2002 through August 29, 2005.

IV.

Petitioners aver that on Friday, August 26, 2005 they were assured by employees and representatives of the nursing home that the nursing home had an evacuation plan and that the residents would be evacuated in order to protect their safety should the request from governmental authorities be made.

V.

Petitioners aver that on Saturday, August 27, 2005 they attempted to contact the nursing home on several occasions and had no response. At that time petitioners believed that the residents had been evacuated in light of the voluntary evacuation order issued by St. Bernard Parish Government.

VI.

Petitioners aver that defendant, ST. RITA'S NURSING HOME, SALVADOR MANGANO, and MABEL BUFFONE MANGANO and its employees, nurses and other representatives were negligent in the cause of their mother's death in the following non-exclusive of particulars:

A) Failure to have in place an evacuation plan and/or follow the evacuation plan and protocol;

B) Failure to heed the warnings of St. Bernard Parish Government Officials upon the request of a voluntary evacuation and mandatory evacuation;

C) Failure to accept transportation and evacuation requests from St. Bernard Parish Authorities;

D) By abandoning the residents of St. Rita's Nursing Home;

E) Failing to have an appropriate plan to evacuate the patients in the event of an emergency such as Hurricane Katrina;

F) Any and all other acts of negligence as will be proven more fully at the trial of this matter.

VII.

Petitioners, JOHN M. DARSAM, JR., LAWRENCE J. DARSAM, and FRED J. DARSAM, aver that they are entitled to reasonable compensation for damages as a result of the