UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN M. DARSAM, JR., LAWRENCE J. DARSAM and FRED J. DARSAM | * * * | CIVIL ACTION |
| Plaintiffs | * * | NO.: 06-9569 |
| VERSUS | * * * | SECTION: B(4)  K(2) |
| BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL BUFFONE MANGANO AND ABS INSURANCE COMPANY | * * * * * | |
| Defendants | * | |

***************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT**:

The Third Party Demand filed by the Salvador Mangano, Sr., Mabel Mangano Buffman, Inc. d/b/a St. Rita's Nursing Home ("St. Rita's") against the United States of America, ("United States"), should be dismissed as improperly made under 28 U.S.C. §1359 because Louisiana law does not afford St. Rita's any remedy against the United States under the facts pleaded in its Third Party Demand. As more fully set forth below, because St. Rita's is only liable to the plaintiffs, for its own percentage or allocation of fault, it has no cause of action against the United States for contribution or indemnity. There being no other basis for federal jurisdiction than St. Rita's claim against the United States, the suit should be remanded to state court.

## FACTUAL BACKGROUND

The original suit brought by the plaintiffs, John M. Darsam, Jr., Lawrence J. Darsam and Fred J. Darsam ("the Darsams"), is a tort claim brought under Louisiana law for the wrongful death and survival action of their mother, Mary Leitz Darsam, who died at St. Rita's Nursing Home in St. Bernard Parish when the flood waters brought by Hurricane Katrina filled the nursing home on August 29, 2005. The Darsams allege that the original defendants, the owners and operators of St. Rita's, are at fault for their mother's suffering and ultimate death because, *inter alia*, they failed to evacuate the nursing home despite adequate notice and warning. St. Rita's answered the suit and filed a Third Party Demand against a number of others who they claim contributed to the damages of the Darsams. The United States is among those who St. Rita's blames. The United States removed the suit to this Honorable Court. (Rec. Doc. 1).

## LAW AND ARGUMENT

**A. St. Rita's cannot state a cause of action for contribution or indemnity.**

The claim made by St. Rita's essentially, is one for contribution, which was abolished by the Louisiana 1996 Tort Reform Act. In 1996, Civil Code Articles 2323 and 2324 regarding comparative negligence were amended, and Louisiana became a "pure comparative fault" jurisdiction. With these changes, the legislature "effected a total shift in tort policy,"[1] such that each tortfeasor is only liable for his portion of fault. With this change, the cause of action for contribution disappeared.[2] Because the fault of all

---

[1] *Dumas v. State of Louisiana*, 2002-0563 (La. 10/15/02), 828 So.2d 530 at 538.

[2] *Id.*

parties contributing to the loss shall now be determined regardless of the basis for liability, under La. C.C. art. 2323 and because solidarity among non-intentional tortfeasors have been abolished by La. C.C. art. 2324, a party can no longer be held accountable for more than its percentage of fault.[3]  As a necessary result, there is no claim for a non contract related contribution, subrogation or indemnity claim.

Under Civil Code Article 2324(B), liability "for damages caused by two or more persons shall be a joint and divisible obligation" and any joint tortfeasor "shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person,..."  The only exception, which is not applicable in this case, is if two or more persons conspire to cause damage.

Under the current law, in this case, if facts were presented to support St. Rita's allegation that the United States was negligent in causing the damages sought by the plaintiffs, the Darsams, then St. Rita's would not and could not be held liable for any damages attributable to the fault of he United States.  As a result, there are no grounds upon which St. Rita's can assert their contribution or indemnity claims against the United States because St. Rita's can never be called upon to pay any damages allegedly resulting from the fault of the United States.

The St. Rita's defendants are being required to defend themselves in this case because it is alleged that they are responsible for the death of Mary Leitz Darsam because they failed to evacuate her out of the path of Hurricane Katrina.  They are free

---

[3] *Id.*

to plead the fault of other persons as affirmative defenses regardless of whether those persons are named as parties in the suit. They are not entitled, however, to demand contribution or indemnity from third parties that they claim are also responsible for the original plaintiff's damages.

Following adoption of the pure comparative fault scene in Louisiana, claims for indemnity, subrogation or contribution such as these alleged by St. Rita's herein, are available only when provided by contract. In this case, there is no contract between the St. Rita's and the United States. Based on the allegations of the original Petition and the Third Party Demand, Louisiana law does not afford St. Rita's the remedy they seek from the United States. The Third Party Demand was improper and as such does not provide a basis for federal jurisdiction, under 28 U.S.C. §1359.

**B. There is no federal jurisdiction where party is improperly joined.**

28 U.S.C. § 1359 precludes federal jurisdiction in a civil action where any party is improperly joined to invoke such jurisdiction. 28 U.S.C. § 1359 provides as follows:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

28 U.S.C. § 1359 was enacted to prevent litigation of purely local claims in federal court.[4]

> Section 1359 is designed to prevent the litigation of claims in federal court by suitors who by sham, pretense, or other fiction acquire a spurious

---

[4] *Lester v. McFadden*, 415 F.2d 1101 (C.A. (S.C.) 1969).

status that would allow them to invoke the limited jurisdiction of the federal courts.[5]

Federal courts have long frowned upon the joinder of parties for the purpose of confecting jurisdiction. To that end, the fraudulent joinder doctrine was created to test the joinder of non-diverse defendants named allegedly for the purpose of destroying federal diversity jurisdiction. As this court well knows, the fraudulent joinder doctrine allows for the citizenship of a non-diverse defendant to be disregarded where it is clear that there is no chance of state court recovery against said defendant.[6]

For analogous reasons, this court should examine the likelihood of a favorable verdict on behalf of third party plaintiffs against the United States prior to assuming jurisdiction. In making the determination of whether the joinder of the United States was improper under 28 U.S.C. §1359 this court should look to whether there is <u>any</u> chance that St. Rita's can state a valid cause of action against the United States, as is done in the fraudulent joinder analyses.[7] Based on the language of the Third Party Demand which seeks only contribution and indemnity, and current Louisiana law cited above, St. Rita's simply cannot state a valid claim against the United States.

St. Rita's named a number of third party defendants, including the United States, against whom it has no legitimate cause of action or chance of recovery. The inevitable result has been delay and removal of a number of state law tort suits to this Honorable

---

[5] *Delgado v. Shell Oil Co.*, 231 F.3d 165 178 citing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1067 (5th Cir. 1990)

[6] See *Smallwood v. Illinois Central Railroad Company*, 353 F.3d 220 (5th Cir. 2003).

[7] See *Smallwood v. Illinois Central Railroad Company*, 353 F.3d 220 (5th Cir. 2003).

Court.[8]  Since St. Rita's cannot be held liable for any damages caused by the United States, it has no cause of action for indemnity or contribution against the United States. As such, the naming of the United States in this suit is improper under 28 U.S.C. §1359.

## CONCLUSION

Louisiana is a pure comparative fault state.  A defendant from whom damages are sought can only be held responsible for those damages attributable to his fault, and cannot be held solidarily liable with any other party unless he conspires with another party to cause damage.  There is no allegation of conspiracy between St. Rita's and the United States.  Because St. Rita's is only liable to the plaintiffs for its portion of fault as allocated under La. C.C. art. 2323, it cannot be called upon to pay any damages which may be proven to be caused by the negligence of third parties, including but not limited to the United States.  Because there is no written contract between St. Rita's and the United States, it has no right to indemnity or contribution from the United States. Because there is no legal basis for the joinder of the United States in this suit, it should be dismissed from the suit and the suit should be remanded to the 34th Judicial District

---

[8] In excess of 50 separate suits were filed in the 34th JDC. Slowly but surely they are each being removed to this jurisdiction. At present, the following related suits are burdening this court's docket.

Court for the Parish of St. Bernard.

>Respectfully submitted,
>
>**DYSART & TABARY, L.L.P.**
>
>_/s/ Paul A. Tabary, III_
>
>DANIEL L. DYSART (#5156)
>PAUL A. TABARY, III (#12623)
>ELIZABETH R. BORNE (#30403)
>3 Courthouse Square
>Chalmette, Louisiana 70043
>Telephone: (504) 271-8011
>Facsimile: (504) 648-0255
>Counsel for Plaintiffs
>
>and
>
>Paula M. Wellons (#19028)
>Faye Dysart Morrison (#23049)
>Taylor, Wellons, Politz & Duhe APLC
>7924 Wrenwood Boulevard, Suite C
>Baton Rouge, Louisiana 70809
>Telephone: (225) 387-9888
>Facsimile: (225) 387-9886
>Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Federal Express |
| (X) | Electronically | | |

Chalmette, Louisiana this 30th day of November, 2006.

>/s/ PAUL A. TABARY, III
>
>DYSART & TABARY, L.L.P.