

**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Staff

Robin D. Smith
Trial Attorney

P.O. Box 888, Benjamin Franklin Station
Washington, DC 20044
Tel.: (202) 616-4289  Fax: (202) 616-5200
robin.doyle.smith@usdoj.gov

PJP:RSmith
157-0-272

December 7, 2006



VIA FEDEX, FAX (504-589-2393), AND EMAIL

Honorable Stanwood R. Duval, Jr.
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

RE: *Berthelot v. Boh Bros. Constr.*, Civ. No. 05-4182
(pertains to *Robinson*, No. 06-2268)

Dear Judge Duval:

Regarding the pending motion to dismiss *Robinson*, I am writing to apprise you of a pertinent case that was decided after briefing was complete.

In *Cranford v. United States*, 466 F.3d 955 (11th Cir. 2006), the Court of Appeals held that the discretionary function exception protected decisions of the U.S. Coast Guard in marking and choosing not to remove a submerged shipwreck which was struck by the plaintiffs' motorboat, resulting in personal injuries and death. In reaching its decision, the Court of Appeals considered and rejected arguments that have been asserted in the present case.

First, the court rejected a contention that *Indian Towing* foreclosed application of the discretionary function exception to the execution of a governmental decision. 466 F.3d 959. The court observed that this interpretation of *Indian Towing* was "'severely undercut, if not altogether disavowed, by the Supreme Court in *Gaubert*.'" *Id.* Second, the court rejected an argument that the decision to mark rather than remove the submerged vessel involved "merely the application of professional standards, not policy decisions." *Id.* at 960. The second part of the discretionary function test was satisfied because the challenged decisions concerning how to mark it involved "taking into account

Letter to Hon. Stanwood R. Duval, Jr.
December 7, 2006
Page 2

the knowledge and customs of international mariners, balancing the needs of pleasure and commercial watercraft, and evaluating agency resource constraints." *Id.* Citing *Gaubert* once again, the Court of Appeals observed that decisions requiring the application of professional standards do not prevent consideration of broader and more general policies unless they are "'so precisely formulated'" as to keep social, political, and economic concerns from influencing the decision. *Id.* Inasmuch as the decisions about how to mark the submerged wreck did not involve professional standards in the nature of mathematical calculations, the application of professional standards did not prevent the challenged decisions from being susceptible to policy analysis.

                                         Respectfully submitted,

                                         ROBIN D. SMITH
                                         Trial Attorney
                                         Torts Branch, Civil Division
                                         U.S. Department of Justice

cc:    Pierce O'Donnell, Esq.
        Joe Bruno, Esq.
        Ralph Hubbard, Esq.