34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

## Ad Hoc

STATE OF LOUISIANA

NO.   **106 959**                              DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____AUG 1 8 2006_____     *Tara R. Torres*
_____@ 11:54 am

### PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,

individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of

the full age of majority and one or more being a residents of St. Bernard and/or

Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

    a. SALVADOR A. MANGANO, a person of the full age of majority and a
       resident of the Parish of St. Bernard;

    b. MABEL MANGANO, a person of the full age of majority and a resident of
       the Parish of St. Bernard;

    c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
       Louisiana Corporation authorized to do and doing business within the Parish
       of St. Bernard and within the jurisdiction of this Honorable Court;

    d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
       to do and doing business within the Parish of St. Bernard and within the
       jurisdiction of this Honorable Court;

    e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
       do and doing business within the Parish of St. Bernard and within the
       jurisdiction of this Honorable Court;


GOVERNMENT
EXHIBIT
A

f. LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g. ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

## II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUEST~~ Buffman INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

## III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

## IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

**V.**

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

**VI.**

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

**VII.**

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1.  Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2.  Failing to have an evacuation plan;

3.  Failing to implement an evacuation plan;

4.  Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5.  Refusing Evacuation Assistance;

6.  Deserting and abandoning ROSEMARY DAVIS;

7.  Failure to provide a life jacket to ROSEMARY DAVIS;

8.  Failure to rescue ROSEMARY DAVIS;

9.  Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

**Section 9729 Emergency Preparedness**

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS. Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

<u>9719 Personnel</u>

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services. Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.

X.

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XI.

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XII.

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children. Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

### XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

### XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**PLEASE SERVE:**

**BUFFMAN, INC. d/b/a**
**ST. RITA'S NURSING HOME FACILITY**
**Through their Agent for Service of Process**
**Salvador Mangano**
**1422 E. Louisiana Highway 46**
**St. Bernard, LA 70085**

**<u>And</u> through it's attorney of record**
**James A. Cobb, Jr.**
**Emmett, Cobb, Waits & Kessenic**
**1515 Poydras Street, Suite 1950**
**New Orleans, LA 70112**

**SALVADOR A. MANGANO**
**1422 E. LA. Highway 46**
**St. Bernard, LA 70085**

**MABEL MANGANO**
**1422 E. LA. Highway 46**
**St. Bernard, LA 70085**

**MANGANO CONSULTANTS, INC.**
**Through it's Agent for Service of Process**
**MABEL MANGANO**
**1422 E. LA. Highway 46**
**St. Bernard, LA 70085**

**MANGANO MANAGEMENT, INC..**
**Through it's Agent for Service of Process**
**MABEL MANGANO**
**1422 E. LA. Highway 46**
**St. Bernard, LA 70085**

**LOUISIANA NURSING HOME ASSOCIATION**
**THROUGH IT'S Agent for Service of Process**
**JOSEPHEN A. DONCHESS**
**7844 Office Park Blvd.**
**Baton Rouge, LA 70809**

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106 959                           DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:  _____AUG 1 8 2006_____        _Alice Perniciaro_

---

## VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

_Lucille Franz_

Done this 17 day of August, 2006, in _Kenner_____, Louisiana, before me,

_____, Notary Public.

Notary Public  19136   Stephen Rue   Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   **106 959**                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____          _____

---

## VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

_Eugene J. Ruiz_

Done this _17th_ day of August, 2006, in _St Bernard_, Louisiana, before me,
_Sallie Jones_, Notary Public.

Notary Public

_Sallie D Jones_
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.          106  959          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____          _Alice Pennicano_

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

_Peter Ruiz Jr._                    **ORIGINAL**

Done this /7 day of August, 2006, in _St. Bernard_, Louisiana, before me,

_Sallie Jones_, Notary Public.
Notary Public
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106  959

DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:    AUG 1 8 2006

_____

**REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS,
ORDERS, ETC,
REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY
ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK
OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH,
LOUISIANA**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana
Code of Civil Procedure, you are hereby requested to give us, as counsel fo
Petitioners, written notice, by mail, at least ten (10) days in advance of any date
fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the
merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana
Code of Civil Procedure, you are also requested to send notice of any order or
judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY



FILED

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **BUFFMAN, INC., D/B/A
ST. RITA'S NURSING HOME FACILITY**
THROUGH THEIR AGENT FOR SERVICE OF PROCESS:
SALVADOR MANGANO
1422 E. LOUISIANA HIGHWAY 46
ST. BERNARD, LA  70085

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION
FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
18TH  day of  AUGUST, 2006.
P-1  NL

LENA R. TORRES
CLERK OF COURT

BY_____
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same as _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
Returned Parish of St. Bernard_____, _____.
_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on_____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.
_____
Sheriff



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 0 8 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:  **BUFFMAN, INC., D/B/A**
     **ST. RITA'S NURSING HOME FACILITY**
     THROUGH THEIR AGENT FOR SERVICE OF PROCESS:
     SALVADOR MANGANO
     1422 E. LOUISIANA HIGHWAY 46
     ST. BERNARD, LA  70085

     YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION
FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

     You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

     If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

     This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
18TH day of AUGUST, 2006.
P-1  NL

                                        LENA R. TORRES
                                        CLERK OF COURT


                              BY_____
                                        Deputy Clerk
                                        /S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____,_____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                    Returned Parish of St. Bernard_____, _____.

                                        _____
                                                  Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                    Returned Parish of St. Bernard _____, _____.

                                        _____
                                                  Sheriff

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.        1 0 6   9 5 9                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____AUG 1 8 2006_____   _____

@ 1154Ar

PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,

individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of

the full age of majority and one or more being a residents of St. Bernard and/or

Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

   a. SALVADOR A. MANGANO, a person of the full age of majority and a

     resident of the Parish of St. Bernard;

   b. MABEL MANGANO, a person of the full age of majority and a resident of

     the Parish of St. Bernard;

   c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a

     Louisiana Corporation authorized to do and doing business within the Parish

     of St. Bernard and within the jurisdiction of this Honorable Court;

   d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized

     to do and doing business within the Parish of St. Bernard and within the

     jurisdiction of this Honorable Court;

   e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to

     do and doing business within the Parish of St. Bernard and within the

     jurisdiction of this Honorable Court;

f. LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g. ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUEST~~ Buffman, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of  ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1.  Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2.  Failing to have an evacuation plan;

3.  Failing to implement an evacuation plan;

4.  Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5.  Refusing Evacuation Assistance;

6.  Deserting and abandoning ROSEMARY DAVIS;

7.  Failure to provide a life jacket to ROSEMARY DAVIS;

8.  Failure to rescue ROSEMARY DAVIS;

9.  Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS. Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

**9719 Personnel**

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services. Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.


**X.**

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

**XI.**

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.


**XII.**

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children. Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

### XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

### XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.


Respectfully submitted,


STEPHEN RUE & ASSOCIATES, L.L.C.

*[signature]*

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By *[signature]* Norma Thiell
DEPUTY CLERK
AUG 2 9 2006

PLEASE SERVE:

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

And through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106  959                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____AUG 1 8 2006_____     ____/S/ALICE PERNICIARO_____

---

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

_Lucille Franz_

Done this 17 day of August, 2006, in ___Kenner___, Louisiana, before me,

_____, Notary Public.

Notary Public  19136   Stephen Rue   Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.  **106  959**                                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____        _____/S/ALICE PERNICIARO____

---

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

#### EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*Eugene G. Ruiz*                          **ORIGINAL**

Done this *17th* day of August, 2006, in *St Bernard*, Louisiana, before me,
*Sallie Jones*_____, Notary Public.

Notary Public

*Sallie D. Jones*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106   959                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:   AUG 1 8 2006                    /S/ALICE PERNICIARO

---

## VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.


*Peter Ruiz Jr.*                          **ORIGINAL**


Done this _17_ day of August, 2006, in _St. Bernard_, Louisiana, before me,

_Sallie Jones_, Notary Public.

Notary Public

# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.        106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____        /S/ALICE PERNICIARO

**REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS,
ORDERS, ETC,
REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY
ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK
OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH,
LOUISIANA**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana
Code of Civil Procedure, you are hereby requested to give us, as counsel fo
Petitioners, written notice, by mail, at least ten (10) days in advance of any date
fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the
merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana
Code of Civil Procedure, you are also requested to send notice of any order or
judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

### CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY



**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MABEL MANGANO**
1422 E. LA. HIGHWAY 46
ST. BERNARD, LA 70085

YOU HAVE BEEN SUED. Attached to this Citation is a certified copy of PETITION FOR DAMAGES/AFFIDAVITS. The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA 70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 18TH day of AUGUST, 2006.
P-1 NL

LENA R. TORRES
CLERK OF COURT

BY _Norma Lovell_
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____,_____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
Returned Parish of St. Bernard_____, _____.

_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

AUG 29 2006



**D**

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

<u>CITATION</u>

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MABEL MANGANO**
      1422 E. LA. HIGHWAY 46
      ST. BERNARD, LA 70085

        YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PETITION FOR DAMAGES/AFFIDAVITS</u>.  The Petition tells you what you are being sued for.

        You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

        If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

        This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 18TH day of AUGUST, 2006.
P-1  NL

                        LENA R. TORRES
                        CLERK OF COURT

                        BY _Nerma Snell_
                        Deputy Clerk
                        /S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                Returned Parish of St. Bernard_____, _____.
                                        _____
                                                        Sheriff
PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                Returned Parish of St. Bernard _____, _____.
                                        _____
                                                        Sheriff

AUG 2 9 2006

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106  959                                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____     _____Sara R. Torres_____

                @ 11:54 Am

## PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of
the full age of majority and one or more being a residents of St. Bernard and/or
Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

a. SALVADOR A. MANGANO, a person of the full age of majority and a
resident of the Parish of St. Bernard;

b. MABEL MANGANO, a person of the full age of majority and a resident of
the Parish of St. Bernard;

c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
Louisiana Corporation authorized to do and doing business within the Parish
of St. Bernard and within the jurisdiction of this Honorable Court;

d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
to do and doing business within the Parish of St. Bernard and within the
jurisdiction of this Honorable Court;

e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
do and doing business within the Parish of St. Bernard and within the
jurisdiction of this Honorable Court;

f.  LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g.  ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUEST~~, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

## V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

## VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

## VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS. Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

**9719 Personnel**

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services. Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.


**X.**

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

**XI.**

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.


**XII.**

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children. Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

### XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

### XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

### XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_[signature]_

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**A TRUE COPY**

Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

By _[signature]_
DEPUTY CLERK
AUG 2 9 2006

PLEASE SERVE:

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

And through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   **106  959**                                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____          /S/ALICE PERNICIARO

---

## VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*Lucille Franz*

Done this 17 day of August, 2006, in _Kenner_, Louisiana, before me,

_____, Notary Public.

Notary Public  19136   Stephen Rue   Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.     106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____     /S/ALICE PERNICIARO

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*ORIGINAL*

*Eugene J. Ruiz*

Done this 17th day of August, 2006, in *St. Bernard*, Louisiana, before me,
*Sallie Jones*, Notary Public.

Notary Public

*Sallie O. Jones*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106  959                              DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:        AUG 1 8 2006              /S/ALICE PERNICIARO

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Peter Ruiz Jr.*                    **ORIGINAL**

Done this 17 day of August, 2006, in St. Bernard, Louisiana, before me,

*Sallie Jones*, Notary Public.

Notary Public

# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. **106 959**                                      DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____**AUG 1 8 2006**_____    _____/S/ALICE PERNICIARO_____

---

**REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS,
ORDERS, ETC,
REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY
ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK
OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH,
LOUISIANA**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana

Code of Civil Procedure, you are hereby requested to give us, as counsel fo

Petitioners, written notice, by mail, at least ten (10) days in advance of any date

fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the

merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana

Code of Civil Procedure, you are also requested to send notice of any order or

judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

NO: #106-959

## CITATION

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY



**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **SALVADOR A. MANGANO**
1422 E. LA. HIGHWAY 46
ST. BERNARD, LA  70085


YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION
FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA 70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
18TH day of AUGUST, 2006.
P-1  NL

LENA R. TORRES
CLERK OF COURT

BY ___*Norma Lovell*___
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
          Returned Parish of St. Bernard _____, _____.
                                    _____
                                           Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
          Returned Parish of St. Bernard _____, _____.
                                    _____
                                           Sheriff

AUG 2 9 2006



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

### CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **SALVADOR A. MANGANO**
1422 E. LA. HIGHWAY 46
ST. BERNARD, LA 70085

        YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PETITION FOR DAMAGES/AFFIDAVITS</u>.  The Petition tells you what you are being sued for.

        You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

        If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

        This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the <u>18TH</u> day of <u>AUGUST</u>, 2006.
P-1  NL

                                LENA R. TORRES
                                CLERK OF COURT

                        BY _____
                                Deputy Clerk
                                /S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                        Returned Parish of St. Bernard_____, _____.
                                                        _____
                                                                        Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                        Returned Parish of St. Bernard _____, _____.
                                                        _____
                                                                        Sheriff

                                                                AUG 2 9 2006

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106 959                           DIVISION:



LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMIN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____

@ 11:54 Am

PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,

individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of

the full age of majority and one or more being a residents of St. Bernard and/or

Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

a.  SALVADOR A. MANGANO, a person of the full age of majority and a
    resident of the Parish of St. Bernard;

b.  MABEL MANGANO, a person of the full age of majority and a resident of
    the Parish of St. Bernard;

c.  BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
    Louisiana Corporation authorized to do and doing business within the Parish
    of St. Bernard and within the jurisdiction of this Honorable Court;

d.  MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
    to do and doing business within the Parish of St. Bernard and within the
    jurisdiction of this Honorable Court;

e.  MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
    do and doing business within the Parish of St. Bernard and within the
    jurisdiction of this Honorable Court;

f.   LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g.   ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUEST~~ Buffman, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been  clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for
    evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be
    proven at trial of this matter, including, but not limited to, all acts and/or
    failures to act in violation of the laws of Louisiana, St. Bernard Parish, and
    the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC.
D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND
MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO
MANAGEMENT, INC. failed to follow the legal mandate and safety standards of
care for nursing home residents found in the Louisiana Department of Health and
Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which
   conforms to the office of Emergency Preparedness model plan) designated to
   manage the consequence of natural disasters or other emergencies that
   disrupt the Nursing Home's ability to provide care and treatment or threaten
   the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

   1. The evacuation of residents to a safe place, either within the nursing
      home or to another location.
   2. The delivery of the essential care and services to nursing home
      residents, whether residents are housed off-site or when additional
      residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals
regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A
ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND
SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS.  Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

<u>9719 Personnel</u>

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services.  Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.

X.

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XI.

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XII.

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children.  Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as  ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ,

EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and

wrongful death and all other actions against all defendants.

## XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following

non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of
   her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

## XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered

the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and
   companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the

following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and
   companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered

the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and
   companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**A TRUE COPY**

Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

By _____
DEPUTY CLERK

AUG 2 9 2006

**PLEASE SERVE:**

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

And through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.          106 959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____          /S/ALICE PERNICIARO

_____

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Lucille Franz*

Done this 17 day of August, 2006, in _Kenner_, Louisiana, before me,

_____, Notary Public.

Notary Public  19136  Stephen Rue  Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.        106 959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____ AUG 1 8 2006 _____        _____/S/ALICE PERNICIARO

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Eugene G. Ruiz*

**ORIGINAL**

Done this 19th day of August, 2006, in *St. Bernard* , Louisiana, before me,

*Sallie Jones* , Notary Public.

Notary Public

*Sallie D. Jones*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.     106  959                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____ AUG 1 8 2006              /S/ALICE PERNICIARO
                                          _____

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*Peter Ruiz Jr.*

**ORIGINAL**

Done this 17 day of August, 2006, in St. Bernard , Louisiana, before me,
Sallie Jones , Notary Public.
Notary Public
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    **1 0 6  9 5 9**        DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____**AUG 1 8 2006**_____    /S/ALICE PERNICIARO _____

**REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS, ORDERS, ETC.**
**REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH, LOUISIANA**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel fo Petitioners, written notice, by mail, at least ten (10) days in advance of any date fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send notice of any order or judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
CITATION

**D**

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MANGANO CONSULTANTS, INC.**
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
MABEL MANGANO
1422 E. LA HIGHWAY 46
ST. BERNARD, LA  70085

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PETITION</u>
<u>FOR DAMAGES/AFFIDAVITS</u>.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
<u>18TH</u> day of <u>AUGUST</u>, 2006.
P-1  NL

LENA R. TORRES
CLERK OF COURT

BY _Norma Snell_
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
Returned Parish of St. Bernard_____, _____.
_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on ____ at ____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.
_____
Sheriff

AUG 2 9 2006



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
<u>CITATION</u>

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MANGANO CONSULTANTS, INC.**
      THROUGH ITS AGENT FOR SERVICE OF PROCESS:
      MABEL MANGANO
      1422 E. LA HIGHWAY 46
      ST. BERNARD, LA  70085

      YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PETITION FOR DAMAGES/AFFIDAVITS</u>.  The Petition tells you what you are being sued for.

      You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

      If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

      This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the <u>18TH</u> day of <u>AUGUST</u>, 2006.
P-1  NL

                        LENA R. TORRES
                        CLERK OF COURT

                        BY _____
                               Deputy Clerk
                             /S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
               Returned Parish of St. Bernard_____, _____.
                                              _____
                                                          Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
               Returned Parish of St. Bernard _____, _____.
                                              _____
                                                          Sheriff            AUG 2 9 2006

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106  959                          DIVISION:



LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____     _Tara R. Torres_

@ 11578

## PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,

individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of

the full age of majority and one or more being a residents of St. Bernard and/or

Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

a. SALVADOR A. MANGANO, a person of the full age of majority and a
   resident of the Parish of St. Bernard;

b. MABEL MANGANO, a person of the full age of majority and a resident of
   the Parish of St. Bernard;

c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
   Louisiana Corporation authorized to do and doing business within the Parish
   of St. Bernard and within the jurisdiction of this Honorable Court;

d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
   to do and doing business within the Parish of St. Bernard and within the
   jurisdiction of this Honorable Court;

e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
   do and doing business within the Parish of St. Bernard and within the
   jurisdiction of this Honorable Court;

f.  LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g.  ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

## II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, MANGUEST, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

## III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

## IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been  clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

**V.**

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

**VI.**

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

**VII.**

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;