10. Failure to possess and or utilize adequate equipment and vehicles for

   evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be

   proven at trial of this matter, including, but not limited to, all acts and/or

   failures to act in violation of the laws of Louisiana, St. Bernard Parish, and

   the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC.
D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND
MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO
MANAGEMENT, INC. failed to follow the legal mandate and safety standards of
care for nursing home residents found in the Louisiana Department of Health and
Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which
   conforms to the office of Emergency Preparedness model plan) designated to
   manage the consequence of natural disasters or other emergencies that
   disrupt the Nursing Home's ability to provide care and treatment or threaten
   the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

   1. The evacuation of residents to a safe place, either within the nursing
      home or to another location.
   2. The delivery of the essential care and services to nursing home
      residents, whether residents are housed off-site or when additional
      residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals
regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A
ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND
SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS. Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

9719 Personnel

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services. Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.

X.

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XI.

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XII.

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children. Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

## XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

## XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By

DEPUTY CLERK

AUG 2 9 2006

PLEASE SERVE:

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

And through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106  959                                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____ AUG 1 8 2006 _____ /S/ALICE PERNICIARO

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

_Lucille Franz_

Done this 17 day of August, 2006, in _Kenner_, Louisiana, before me,

_____, Notary Public.

Notary Public  1913G  Stephen Rue   Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.        106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____     AUG 1 8 2006          /S/ALICE PERNICIARO

_____

**VERIFICATION AFFIDAVIT**

BEFORE ME, undersigned notary public, came and appeared:

EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*Eugene G. Ruiz*

**ORIGINAL**

Done this 17th day of August, 2006, in St. Bernard, Louisiana, before me,
*Sallie Jones*_____, Notary Public.

Notary Public
*[signature]*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.          106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____ /S/ALICE PERNICIARO

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

_Peter Ruiz Jr._

**ORIGINAL**

Done this _17_ day of August, 2006, in _St. Bernard_ , Louisiana, before me,

_Sallie Jones_ , Notary Public.

Notary Public

# 65492

34ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106 959                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____    /S/ALICE PERNICIARO

### REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS, ORDERS, ETC.
### REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK OF COURT 34ᵀᴴ JUDICIAL DISTRICT COURT ST. BERNARD PARISH, LOUISIANA

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel fo Petitioners, written notice, by mail, at least ten (10) days in advance of any date fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send notice of any order or judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

### CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY



FILED

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MANGANO MANAGEMENT , INC.**
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
MABEL MANGANO
1422 E. LA HIGHWAY 46
ST. BERNARD, LA  70085

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 18TH day of AUGUST, 2006.
P-1  NL

LENA R. TORRES
CLERK OF COURT

BY _Norma Lovell_

Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
          Returned Parish of St. Bernard_____, _____.
                                        _____
                                              Sheriff
PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
          Returned Parish of St. Bernard _____, _____.
                                        _____
                                              Sheriff

AUG 2 9 2006



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 08 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **MANGANO MANAGEMENT , INC.**
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
MABEL MANGANO
1422 E. LA HIGHWAY 46
ST. BERNARD, LA  70085


YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 18TH day of AUGUST, 2006.
P-1 NL

LENA R. TORRES
CLERK OF COURT

BY _Norma Lovell_
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
               Returned Parish of St. Bernard _____, _____.

_____
               Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
               Returned Parish of St. Bernard _____, _____.

_____
               Sheriff               AUG 2 9 2006

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106 959                          DIVISION:



LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 2 8 2006 _____    _Tena R. Torres_

@ 11:54 Am

## PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,

individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of

the full age of majority and one or more being a residents of St. Bernard and/or

Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

a. SALVADOR A. MANGANO, a person of the full age of majority and a
resident of the Parish of St. Bernard;

b. MABEL MANGANO, a person of the full age of majority and a resident of
the Parish of St. Bernard;

c. BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
Louisiana Corporation authorized to do and doing business within the Parish
of St. Bernard and within the jurisdiction of this Honorable Court;

d. MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
to do and doing business within the Parish of St. Bernard and within the
jurisdiction of this Honorable Court;

e. MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
do and doing business within the Parish of St. Bernard and within the
jurisdiction of this Honorable Court;

f. LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g. ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUESE~~, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO .AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS.  Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

<u>9719 Personnel</u>

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services.   Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.

X.

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XI.

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XII.

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children.  Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as  ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

### XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

    A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
    B. Past mental anguish and suffering up to the time of her death;
    C. Death by drowning;
    D. Funeral and burial expenses; and
    E. Any and all other elements of damages which may be proven at trial.
    F.

### XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

    A. Past, Present, and Future mental anguish and suffering;
    B. Past, present, and future loss of love and affection, society and companionship;
    C. Funeral and burial expenses, and
    D. Any and all other elements of damages which may be proven at trial.

### XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

    A. Past, Present, and Future mental anguish and suffering;
    B. Past, present, and future loss of love and affection, society and companionship;
    C. Funeral and burial expenses, and
    D. Any and all other elements of damages which may be proven at trial.

### XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

    A. Past, Present, and Future mental anguish and suffering;
    B. Past, present, and future loss of love and affection, society and companionship;
    C. Funeral and burial expenses, and
    D. Any and all other elements of damages which may be proven at trial.

XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS,

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By Verna Givel
DEPUTY CLERK

PLEASE SERVE:

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

And through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED:_____AUG 1 8 2006_____       /S/ALICE PERNICIARO
                                        _____

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

### LUCILLE FRANZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Lucille Franz*

Done this 17 day of August, 2006, in  Kenner , Louisiana, before me,

_____, Notary Public.

Notary Public  19136   Stephen Rue   Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    106  959                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____      /S/ALICE PERNICIARO

---

### VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

*Eugene J. Ruiz*

ORIGINAL

Done this 17th day of August, 2006, in St. Bernard, Louisiana, before me,
*Sallie Jones*, Notary Public.

Notary Public
*Sallie O. Jones*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.    **1 0 6    9 5 9**                          DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____      _____/S/ALICE PERNICIARO_____

**VERIFICATION AFFIDAVIT**

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who
after being sworn did depose and state that the allegations and facts set forth in the
aforesaid Petition for Damages is true and correct to the best of his/her personal
knowledge and belief.

_Peter Ruiz Jr._                        **ORIGINAL**

Done this _17_ day of August, 2006, in _St. Bernard_ , Louisiana, before me,

_Sallie Jones_ , Notary Public.

_Sallie Jones_
**Notary Public**
_# 65492_

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

1 0 6   9 5 9

NO.                                                              DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____          _____/S/ALICE PERNICIARO_____

---

**REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS,
ORDERS, ETC.
REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY
ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK
OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH,
LOUISIANA**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana

Code of Civil Procedure, you are hereby requested to give us, as counsel fo

Petitioners, written notice, by mail, at least ten (10) days in advance of any date

fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the

merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana

Code of Civil Procedure, you are also requested to send notice of any order or

judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

Parish:  St. Bernard

Case No.: (43) 106959

Serial Number | Service Type
1 | Citation & Petition

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

**Paul R. Valteau, Jr.**
**Orleans Parish Civil Sheriff**

421 Loyola Avenue
Room 403
New Orleans, LA 70112



Stephen R Rye

Bar Roll Number: 19956

**FILED**

SEP 11 2006

CLERK OF COURT
ST BERNARD PARISH

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA
September 7, 2006

Laurie Matthews
Deputy Sheriff

Return Charge
$20.00



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
CITATION

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

**FILED**

SEP 1 1 2006

CLERK OF COURT
ST. BERNARD PARISH

TO:   **BUFFMAN, INC., D/B/A ST. RITA'S**
      **NURSING HOME FACILITY**
      THROUGH ITS ATTORNEY OF RECORD:
      JAMES A. COBB, JR.
      EMMETT COBB WAITS & KESSENIC
      1515 POYDRAS STREET, STE 1950
      NEW ORLEANS, LA 70112



        YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of PETITION
FOR DAMAGES/AFFIDAVITS.  The Petition tells you what you are being sued for.

        You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA 70043.

        If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

        This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
18TH day of AUGUST, 2006.
P-1 NL

                                        LENA R. TORRES
                                        CLERK OF COURT

                                        BY _Norma Shull_
                                            Deputy Clerk
                                        /S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                        Returned Parish of St. Bernard_____, _____.
                                                    _____
                                                        Sheriff

PERSONAL
Received Parish of St. Bernard on the _l_ day of _Sept_ , _06_ and on the _6_ day of
_Sept_ . _06_ , I served a copy of the within _Petition_ on _Kelly Bell_ this
_Kelly Bell_ on _____ at _James Cobb_ Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                        Returned Parish of St. Bernard _____, _____.
                                                    _JC_ _323_
                                                        Sheriff

                                                            AUG 2 9 2006

SUPREME COURT OF LOUISIANA

DCT 1 1 2006

/S/Betty Borne

DEPUTY CLERK

O R D E R

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Chief Judge Wayne George Cresap to assign a judge ad hoc to the Thirty-Fourth Judicial District Court in the below mentioned matters because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Frank Foil to accept such assignment,

IT IS ORDERED THAT:

Retired Judge Frank Foil be and he is hereby assigned as judge ad hoc of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, for the purpose of hearing and disposing of Case Nos. 106-737; 106-580; 106-678; 106-736; 106-959; 106-965; 107-071; 107-252; 107-388; 107-401; 107-418; 107-436; 107-530; 107-660; 107-688; 107-711; 107-805; 107-806; 107-060; 107-835; and 107-864; on the docket of said court, subject to the completion of any unfinished business.

This order shall not deprive the judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, of their offices as judges of the Thirty-Fourth Judicial District Court, Parish of St. Bernard, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Frank Foil of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting ad hoc or pro tempore assistance shall have the duty and obligation of providing the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable ad hoc or pro tempore judges to fulfill their obligations.

The judge assigned to sit ad hoc or pro tempore hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this _____ day of October, A.D., 2006, New Orleans, Louisiana.

FOR THE COURT:

SUPREME COURT OF LOUISIANA
A TRUE COPY

Carmen B. Young
Deputy Clerk of Court

_____
Pascal F. Calogero, J., Chief Justice

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-959          DIVISION: "D"

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION,
INC., AND ABC INSURANCE COMPANY

FILED: _____Oct. 20, 2006_____       _Elizabeth A. Ruiz_
                                       DEPUTY CLERK
                                  /S/Elizabeth A. Ruiz

### THIRD PARTY DEMAND

NOW INTO COURT, through undersigned counsel, come Third Party Plaintiffs, Salvador A. Mangano, Mabel B. Mangano, Buffman, Inc. a/k/a St. Rita's Nursing Home who for their Third Party Demand against: the United States of America, Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General, State of Louisiana; the Lake Borgne Basin Levee District; and Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard, respectfully aver as follows:

I.

Third Party Plaintiffs bring this Third Party Demand pursuant to Article 1111 of the Louisiana Code of Civil Procedure.

II.

On August 29, 2005, Hurricane Katrina passed through St. Bernard Parish, the effects of which caused significant breaches in the Lake Borgne Basin Levee system resulting in flooding of the entire parish. As a consequence of this catastrophic flooding,

St. Rita's Nursing Home, which is owned and operated by defendant Buffman, Inc., was severely damaged and thirty five residents of the home perished.

### III.

The original petition filed against the Third Party Plaintiffs, alleges, among other things, that they negligently failed to evacuate St. Rita's Nursing Home prior to the storm making landfall. Third Party Plaintiffs have denied and continue to deny any negligence on their part.

### IV.

Third Party Plaintiffs bring this third party demand seeking indemnity and/or contribution in tort from third party defendants in the event that Third Party Plaintiffs are cast in judgment herein. Third Party Plaintiffs also bring this action seeking apportionment of liability as mandated by Article 2324 of the Louisiana Civil Code.

### V.

Made Third Party Defendants are the following:

(a)    The United States of America;

(b)    Kathleen Blanco, in her official capacity as Governor of the State of Louisiana;

(c)    State of Louisiana, Department of Transportation and Development;

(d)    Johnny Bradberry, in his official capacity as Secretary, Louisiana Department of Transportation and Development;

(e)    State of Louisiana, Department of Health and Hospitals;

(f)    Frederick P. Cerise, M.D., in his official capacity as Secretary, Louisiana Department of Health and Hospitals;

(g)    State of Louisiana, Department of Justice, Office of the Attorney General;

(h)    Charles Foti, in his official capacity as Attorney General, State of Louisiana;

(i)    the Lake Borgne Basin Levee District, which is a political subdivision of the State of Louisiana; and

(j)     Henry J. Rodriguez, in his official capacity as President, Parish of St. Bernard.

## CLAIMS AGAINST DEPARTMENTS AND OFFICIALS
## OF THE STATE OF LOUISIANA

VI.

On or about July 11, 2005, Governor Blanco adopted the Louisiana Emergency Operations Plan by Executive Order KBB 2005-18.  Defendants Bradberry, Foti and Cerise were also signatories to the Emergency Operations Plan ("EOP").  In addition to the terms of the EOP itself, the EOP incorporated as a separately published supplement the Southeast Louisiana Hurricane and Evacuation Plan (Supplement 1A).

VII.

The EOP mandates the responsibilities of state officials and agencies in the event of an emergency.  The EOP "assigns responsibilities for actions and tasks that the State will take to provide for safety and welfare of its citizens against the threat of natural disasters." (EOP, at Section I, page 1)

VIII.

Governor Blanco declared a state of emergency on the evening of August 26, 2005 as Hurricane Katrina approached, thus triggering the provisions of the EOP.

IX.

Pursuant to the EOP, Governor Blanco was charged with the "overall responsibility for emergency management in the state." (EOP, at Section IV, page 7). The Governor is also responsible for the coordinated delivery of all emergency services, public, quasi-volunteer, and private, during a natural, technological and/or national security emergency/disaster situation.  (EOP, at Section V, page 9).  By reason of her overall responsibility for emergency management, Governor Blanco had an obligation to make sure that the State was in compliance with its own EOP.  By reason of the failures to follow the EOP, which are detailed below, Governor Blanco failed to discharge her overall responsibility for emergency management and such failure caused and/or

3

contributed to the damages alleged by the plaintiffs, and for which Third Party Plaintiffs deny liability.

## X.

Pursuant to the EOP, State departments, agencies and offices are required to carry out the responsibilities designated in Attachment 3 to the EOP, which is entitled "State Agency Emergency Support Functions ("ESF")." The EOP requires that these departments or agencies, including defendants Department of Transportation and Development, Department of Health and Hospitals, and Department of Justice, Office of the Attorney General, "organize, supervise and coordinate all the activities that take place in its functional area." (EOP, at Section IV, page 7).

## XI.

ESF 1 imposes primary responsibility for emergency transportation on the Louisiana Department of Transportation and Development ("LDOTD"). ESF imposed a duty on LDOTD to designate a coordinator to "develop plans and procedures to mobilize transportation and support emergency evacuation for at risk populations." (ESF 1, at Section III(B)(1))

## XII.

Upon information and belief, LDOTD did nothing to carry out the responsibilities imposed upon it under the EOP and ESF 1. LDOTD did nothing to provide transportation to persons at risk to permit them to evacuate prior to Hurricane Katrina. LDOTD did nothing to mobilize transportation and support emergency evacuation for the residents of the St. Rita Nursing Home. Johnny Bradberry, Secretary, has admitted in testimony before the United States Congress that he failed to carry out the responsibilities imposed on his department by the EOP. Secretary Bradberry's admitted inaction and failure to act caused and/or contributed to the damages alleged by the plaintiffs and for which Third Party Plaintiffs deny liability.

## XIII.

ESF 13 deals with Public Safety and Security. Pursuant to this ESF, the Louisiana Department of Justice ("LDOJ") "ensures that operations are taken in

accordance with the legal authority of the state."  (ESF 13, at Section III).  Pursuant to this language, the Department of Justice, Office of the Attorney General, had the responsibility to monitor the compliance of other departments with the EOP.  Appendix 2 to ESF 13 shows that with respect to safety and security, all other state departments, including LDOTD, reported to and assisted the Department of Justice.

XIV.

Upon information and belief, the Department of Justice and third party defendant Foti failed to carry out their duties and responsibilities under ESF 13 in that they did nothing to monitor and assure compliance by LDOTD and the Louisiana Department of Health and Hospitals with their obligations under the EOP.  Such failures caused and/or contributed to the damages alleged by the plaintiffs and for which Third Party Plaintiffs deny liability.

XV.

Supplement 1A to the EOP is the Southeast Louisiana Hurricane Evacuation Plan.  Pursuant to this Plan, the Louisiana Department of Health and Hospitals ("LDHH") was charged with the responsibility to "coordinate the evacuation and sheltering of people who have special medical and health needs." (Page 11)  The plan further imposed a duty on LDHH to "call all nursing homes and other custodial care organizations in risk areas to make sure they are prepared to evacuate their residents." (Page 17)  This Plan also required that once evacuation was recommended, LDHH was required to "mobilize State transportation resources to aid in the evacuation of people who have mobility and/or health problems." (Page 19)

XVI.

Upon information and belief, LDHH and defendant Cerise did not comply with the provisions of this Plan.  They did not call St. Rita's Nursing Home as required by the Plan, and offered no State transportation resources to evacuate the residents of St. Rita's Nursing Home.  Such failures on the part of LDHH and Secretary Cerise caused and/or contributed to the damages alleged by the plaintiffs and for which the Third Party Plaintiffs deny liability.

5

XVII.

By reason of their breaches of the EOP, and the failure of the State or its agencies to offer transportation resources to at-risk residents, should Third Party Plaintiffs be cast in judgment herein, then defendants Blanco, LDTOD, LDOJ, LDHH, Bradberry, Foti and Cerise are liable to the Third Party Plaintiffs by way of indemnity or contribution in tort pursuant to Articles 2315 and 2324 of the Louisiana Civil Code.

## CLAIMS AGAINST THE LAKE BORGNE BASIN LEVEE DISTRICT

XVIII.

The Lake Borgne Basin Levee District was created by Act of the Louisiana Legislature codified at L.R.S. 38:327. Pursuant to this Act, the Board was granted the authority to establish adequate drainage and flood control in St. Bernard Parish and other areas within its jurisdiction. The Act specifically granted to the Lake Borgne Basin Levee District authority to erect flood control works as they relate to tidewater flooding, hurricane protection and saltwater intrusion.

XIX.

By law, all levee districts, including The Lake Borgne Basin Levee District, are required to engage in flood protection and in the construction and maintenance of levees. L.R.S. 38:325. By law, all levee districts and their commissioners, including this third party defendant, have the responsibility for the care and inspection of levees. L.R.S. 38:301(B).

XX.

The levees protecting St. Bernard Parish and St. Rita's Nursing Home failed in some instances during Hurricane Katrina, and were overtopped in others. Following the storm, it was determined by independent engineers that the levees in St. Bernard Parish had subsided significantly since their initial construction. These independent studies concluded that this change in elevation also caused and contributed to the failure and overtopping of levees in St. Bernard Parish. A principal author of one of these studies,

Professor Robert Bea of the University of California, has stated publicly that these elevation changes were ignored.

XXI.

Third party plaintiffs aver upon information and belief that the Lake Borgne Basin Levee District failed to discharge its statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by the plaintiff and for which Third Party Plaintiffs deny liability. Pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to Third Party Plaintiffs by way of indemnity or contribution in tort should Third Party Plaintiffs be cast in judgment herein.

**CLAIMS AGAINST HENRY J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF ST. BERNARD PARISH**

XXII.

By law, a local disaster or emergency may only be declared by a parish president. Any such order which declares a local emergency must be given prompt and general publicity and must be filed with the office of emergency preparedness and the office of the clerk of court. L.R.S. 29:727 (D). Once such an order is issued, the parish president also has the authority to direct and compel the evacuation of all or part of the population from the stricken or threatened area.

XXIII.

No written mandatory evacuation order was issued by Mr. Rodriguez or his designee as Hurricane Katrina approached. It is unclear whether any verbal mandatory evacuation order was ever given. If such a verbal order was given, then Mr. Rodriguez failed in his duty to give prompt and general publicity, as third party plaintiffs were never informed of any mandatory evacuation order. Mr. Rodriguez also failed in his responsibility to issue a written order as required by law or to appoint a nominee to do so in the event of his incapacity and inability to perform that responsibility.

7

XXIV.

Should Third Party Plaintiffs be cast in judgment herein for a failure to evacuate St. Rita's Nursing Home, then Third Party Plaintiffs aver that such failure was caused or contributed to by the failure of third party defendant Rodriguez to timely issue an evacuation order, or alternatively, in failing to put such order in writing and to assure dissemination of such order to Third Party Plaintiffs. By reason of such failure, third party defendant, Rodriguez, is liable to Third Party Plaintiffs by way of indemnity and/or contribution pursuant to Article 2315 of the Louisiana Civil Code.

### CLAIMS AGAINST THE UNITED STATES OF AMERICA

XXV.

These claims for indemnity or contribution are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* As this is filed as a Third Party Demand, the requirement that Third Party Plaintiffs first exhaust their administrative remedies is waived by statute. 28 U.S.C. § 2675(a). Moreover, this third party claim may be brought in a state court, subject to the right of the United States to remove the entire action. *Hassan v. Louisiana Department of Transportation & Development,* 923 F.Supp. 890 (W.D.La. 1996).

XXVI.

Venue is proper in the Parish of St. Bernard in that the claims giving rise to this third party action occurred in this parish.

XXVII.

The United States of America has waived its sovereign immunity in connection with these claims under 28 U.S.C. §2674 and 28 U.S.C. §1346(b).

XXVIII.

The Mississippi River Gulf Outlet ("MRGO") is a man-made navigational channel connecting the Gulf of Mexico to the City of New Orleans. Construction of the waterway was approved by Congress under the Rivers and Harbors Act in 1956. The construction was carried out by an instrumentality of the United States of America, the United States Army Corps of Engineers ("Corps of Engineers") in 1965.

XXIX.

The MRGO was originally designed to have a width of 650 feet and a depth of 36 feet. The waterway was constructed in the shallow marsh areas of St. Bernard Parish and the Chandeleur Sound. One of the primary justifications for the construction of the waterway was as a short-cut for vessels to enter the Port of New Orleans.

XXX.

The MRGO had known and foreseeable impacts on the environment of St. Bernard Parish. Over time, the waterway caused the loss of thousands of acres of wetlands, including brackish marsh, saline marsh, and cypress swamps and forests. Over time and due to dredging activities done by the Corps of Engineers, the MRGO expanded in size, to a width in some places of over 2000 feet. By 2005, this soil erosion, when coupled with the loss of wetlands, made the MRGO a conduit for storm surge and greatly increased the risk of flooding in the interior sections of St. Bernard Parish.

XXXI.

Wetlands such as those destroyed since the opening of the MRGO provide a natural barrier against tidal surge from storms and hurricanes. Wetlands loss from the construction and maintenance of the MRGO have made St. Bernard Parish and Third Party Plaintiffs' nursing home facility more vulnerable to the effect of storm surge. This was evident as early as 1965, when Hurricane Betsy created a tidal surge that moved up the MRGO and breached levees in Orleans Parish. Third Party Plaintiffs' facility was not flooded by Hurricane Betsy. By 2005, however, the MRGO had expanded and caused erosion of wetlands that acted as a means for tidal surge to directly enter the populated areas of St. Bernard Parish.

XXXII.

On August 29, 2005, levees along the MRGO were breached in several different places in St. Bernard Parish where wetlands had been lost. These levees were also overtopped due to the magnitude of the storm surge that was not absorbed and

lessened by the wetlands that previously had protected St. Bernard Parish. In areas where the wetlands had not been lost, the levees were not breached.

### XXXIII.

On the morning August 29, 2005, a massive storm surge traveled from Lake Borgne and the Gulf of Mexico via the MRGO, causing the destruction of the levees protecting the St. Rita Nursing Home from flooding. The magnitude of the storm surge was amplified by the presence of the MRGO and its environmental impacts. The storm surge and destruction of the levees in turned caused catastrophic flooding in St. Bernard Parish.

### XXXIV.

The St. Rita's Nursing Home sits on what is relatively high ground for St. Bernard Parish. Despite its elevation, on the morning of August 29, 2005, the facility became inundated in a matter of minutes to a depth of some six feet. Upon information and belief, Third Party Plaintiffs aver that their facility would not have flooded, and the plaintiffs' decedent would not have perished but for the presence of the MRGO and its environmental impacts.

### XXXV.

The United States of America owed a duty of reasonable care to Third Party Plaintiffs which was breached by the construction and maintenance of the MRGO. In addition, the United States of America negligently concealed from Third Party Plaintiffs that the construction and maintenance of the MRGO had greatly enhanced the possibility that their facility, which did not flood during Hurricane Betsy, would flood during Hurricane Katrina. By reason of these acts of negligence, the United States of America is liable to Third Party Plaintiffs by way of indemnity and/or contribution should they be cast in judgment herein.

**WHEREFORE**, Third Party Plaintiffs pray that process in due form of law may issue, citing the Third Party Defendants to appear and answer within the time prescribed by law, and that after due proceedings are had, that there be judgment in favor of Third Party Plaintiffs, dismissing the original petition at petitioners' cost;

alternatively, should Third Party Plaintiffs be cast in judgment herein, they pray that they

may recover against Third Party Defendants by way of indemnity and/or contribution,

together with all costs of these proceedings.

RESPECTFULLY SUBMITTED:

WYNNE, GOUX & LOBELLO

BY:    _Martha D. Bowden_
Jeremy D. Goux, Esq. LBRN 25065
Martha D. Bowden LBRN 28316
417 North Theard Street
Covington, Louisiana   70433
Telephone: (985) 898-0504
Facsimile:  (985) 898-0840
Email:  wgllawfirm@bellsouth.net

EMMETT, COBB, WAITS & HENNING
James A. Cobb, Jr. (La. 4213)
Susan E. Henning (La. 6793)
Louis G. Spencer (La. 26520)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana   70112
Telephone: (504) 581-1301
Facsimile: (504) 581-6020

### C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that the above and foregoing has been served on all counsel of record by depositing a copy of same in the United States mail, postage prepaid and properly addressed, OR via facsimile transmission on this 17th day of October, 2006.

_Martha D. Bowden_
Martha D. Bowden

**PLEASE SERVE:**

**The United States of America**
Service Pursuant to Rule 4, F.R.C.P.

Serve a copy on:
(1) **James Letten**
United States Attorney
Eastern District of Louisiana
500 Poydras Street, Suite B210
Hale Boggs Federal Building
New Orleans, Louisiana   70130

By Certified Mail by defendants to:

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice

11

950 Pennsylvania Avenue NW
Washington, DC   20530-0001

**(2) Kathleen Blanco**
Governor of the State of Louisiana
Service pursuant to La.Code Civ.Pro. Art. 1265,
      L.R.S. 13:5107 and L.R.S. 39:1538
900 Third Street, Office of the Governor
Baton Rouge, Louisiana   70802

**(3) Louisiana Department of Transportation and Development**
1201 Capitol Access Road
Baton Rouge, Louisiana   70804

**(4) Johnny Bradberry**
1201 Capitol Access Road Room 302O
Baton Rouge, Louisiana   70804

**(5) Louisiana Department of Justice, Office
of the Attorney General, Charles Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

**(6) Louisiana Department of Health and Hospitals**
628 North Fourth Street
Baton Rouge, Louisiana   70802

**(7)  Frederick P. Cerise, M.D.**
628 North Fourth Street
Baton Rouge, Louisiana   70802

In order to comply with L.R.S. 13:5107 and L.R.S. 39:1538,
Please also serve on behalf of all State of Louisiana defendants:

**(8) Charles C. Foti**
Capitol Building, 22nd Floor
Baton Rouge, Louisiana   70804

and through:


**(9) Office of Risk Management**
1201 North Third Street
Baton Rouge, Louisiana   70802

**(10)  Lake Borgne Basin Levee District**
Through Robert Turner
6136 E. St. Bernard Highway
Violet, Louisiana   70092

**(11)  Henry J. Rodriguez**
8201 West Judge Perez Drive
St. Bernard Government Complex
Chalmette, Louisiana   70043

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-959                                           DIVISION: "D"

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION,
INC., AND ABC INSURANCE COMPANY

FILED: _____          _____
                                                   DEPUTY CLERK

## MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT**, come Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., sought to be made defendants herein, and appearing through undersigned counsel solely and exclusively for the purpose of moving for an extension of time to file its responsive pleadings, exceptions, answer and affirmative defenses, and in no way making a general appearance on behalf of any named defendant and upon suggesting to the Court that:

Co-Counsel for Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., received a copy of the Petition for Damages which presents complicated matters of fact and law which require additional time to fully investigate prior to answering.

**WHEREFORE**, Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., sought to be made defendants herein, pray that they be granted an additional 30 days or through and until October 16, 2006 to answer or otherwise plead in this matter.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

By: _____
JEREMY D. GOUX, LBRN 25065
MARTHA D. BOWDEN, LBRN 28316

417 North Theard Street
Covington, Louisiana 70433
Telephone:  985-898-0504
Facsimile:  985-898-0840

Susan E. Henning, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** the above and foregoing has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 15th day of September, 2006.


_____
Jeremy D. Goux
Martha D. Bowden

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-959                                    DIVISION: "D"

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION,
INC., AND ABC INSURANCE COMPANY

FILED: _____           _____
                                                    DEPUTY CLERK

ORDER

Considering the above and foregoing:

**IT IS HEREBY ORDERED** that Salvador A. Mangano, Mabel B. Mangano,

Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano

Management, Inc., sought to be made defendants herein, are granted an additional Thirty

(30) days or through and until October 16, 2006 in which to Answer or otherwise plead in

this matter.

Parish of St. Bernard, Louisiana this _____ day of _____, 2006.


_____
**JUDGE FRANK FOIL**



THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
<u>CITATION</u>

NO: #106-959

LUCILLE FRANZ, EUGENE RUIZ, AND
PETER RUIZ, JR., INDIVIDUALLY AND ON THE
BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO,
BUFFMAN, INC., D/B/A ST. RITA'S NURSING HOME
FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC.
AND ABC INSURANCE COMPANY

TO:   **BUFFMAN, INC., D/B/A ST. RITA'S**
**NURSING HOME FACILITY**
THROUGH ITS ATTORNEY OF RECORD:
JAMES A. COBB, JR.
EMMETT COBB WAITS & KESSENIC
1515 POYDRAS STREET, STE 1950
NEW ORLEANS, LA 70112

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PETITION FOR DAMAGES/AFFIDAVITS</u>.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA 70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the <u>18TH</u> day of <u>AUGUST</u>, 2006.
P-1 NL

LENA R. TORRES
CLERK OF COURT

BY _Norma Lovell_
Deputy Clerk
/S/ NORMA LOVELL

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

AUG 2 9 2006

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.   106 959                                    DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____ AUG 1 8 2006 _____
@ 1154 Am

PETITION FOR DAMAGES

The Petition of LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
individually and on behalf of their deceased sibling, ROSEMARY DAVIS, being of
the full age of majority and one or more being a residents of St. Bernard and/or
Jefferson Parishes in Louisiana, respectfully represents:

I.

Made Defendants herein are as follows:

    a.   SALVADOR A. MANGANO, a person of the full age of majority and a
        resident of the Parish of St. Bernard;

    b.   MABEL MANGANO, a person of the full age of majority and a resident of
        the Parish of St. Bernard;

    c.   BUFFMAN, INC. A/K/A ST. RITA'S NURSING HOME FACILITY, a
        Louisiana Corporation authorized to do and doing business within the Parish
        of St. Bernard and within the jurisdiction of this Honorable Court;

    d.   MANGANO CONSULTANTS, INC., , a Louisiana Corporation authorized
        to do and doing business within the Parish of St. Bernard and within the
        jurisdiction of this Honorable Court;

    e.   MANGANO MANAGEMENT, INC., a Louisiana Corporation authorized to
        do and doing business within the Parish of St. Bernard and within the
        jurisdiction of this Honorable Court;

f. LOUISIANA NURSING HOME ASSOCIATION, INC., an organization believed to be an insurer of defendant, BUFFMAN, INC D/B/A/ ST. RITA'S NURSING HOME FACILITY, who is authorized and doing business within the Parish of St. Bernard and within the jurisdiction of this Honorable Court.

g. ABC INSURANCE COMPANY, the liability insurer of defendants, authorized, and doing business within the Parish of St. Bernard, in the State of Louisiana, and within the jurisdiction of this Honorable Court.

## II.

On or about August 29, 2005, ROSEMARY DAVIS died by drowning and related injuries by flood waters while in the care of Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, ~~MANGUEST~~ Buffman, INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. (hereinafter referred to collectively as "Defendants").

## III.

ROSEMARY DAVIS was a patient and resident of the St. Rita Nursing Home on or about August 29, 2005, and suffered injuries including death as a result of the failure on the part of defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. to evacuate said nursing home after a mandatory evacuation order was issued.

## IV.

Further, even prior to the order of mandatory evacuation, it was and/or should have been clear to any reasonably prudent person, including Defendants, responsible for and entrusted with the care or the sick, infirm, and/or elderly, that the health and safety of those in defendants' care were at substantial risk as a result of the anticipated track and magnitude of hurricane Katrina and related storm surges.

## V.

Employees of St. Rita's Nursing Home assured third parties a few days prior to August 29, 2005 that the residents at St. Rita's Nursing Home would be evacuated when necessary.

## VI.

Petitioners aver that ROSEMARY DAVIS' death was caused by no fault of her own, but instead was directly and proximately caused by the negligence of defendants SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC., D/B/A/ ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC.. Said defendants owned, operated and/or controlled, either directly or indirectly through the agency of other agents, subsidiaries, servants or employees, the operation of St. Rita's Nursing Home.

## VII.

Petitioners aver the negligence of SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. Was the legal cause, proximate cause, and cause in fact, of  ROSEMARY DAVIS' injuries, sufferings, and death, in that defendants were negligent in the following, nonexclusive respects:

1. Failing to evacuate ROSEMARY DAVIS from the St. Rita's Nursing Home;

2. Failing to have an evacuation plan;

3. Failing to implement an evacuation plan;

4. Failing to seek assistance with evacuating ROSEMARY DAVIS from the St. Rita's Nursing Home;

5. Refusing Evacuation Assistance;

6. Deserting and abandoning ROSEMARY DAVIS;

7. Failure to provide a life jacket to ROSEMARY DAVIS;

8. Failure to rescue ROSEMARY DAVIS;

9. Failure to provide adequate and proper staffing at St. Rita's Nursing Home;

10. Failure to possess and or utilize adequate equipment and vehicles for evacuation of ROSEMARY DAVIS;

11. Delaying in any attempts to evacuate;

12. Any and all other acts and omissions fo negligence and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

## VIII.

In addition to the above acts of negligence, The Defendants, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO AND MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to follow the legal mandate and safety standards of care for nursing home residents found in the Louisiana Department of Health and Hospital regulations, which provide in pertinent part the following:

### Section 9729 Emergency Preparedness

A. The nursing home shall have an emergency preparedness plan (which conforms to the office of Emergency Preparedness model plan) designated to manage the consequence of natural disasters or other emergencies that disrupt the Nursing Home's ability to provide care and treatment or threaten the lives or safety of the nursing home residents.

B. As a minimum, the program shall have a written plan that describes:

1. The evacuation of residents to a safe place, either within the nursing home or to another location.
2. The delivery of the essential care and services to nursing home residents, whether residents are housed off-site or when additional residents are housed in the nursing home during an emergency;...

## IX.

In addition to the violation of the Department of Health and Hospitals regulation 9729, which is negligence per se, the Defendants BUFFMAN, INC D/B/A ST. RITA'S NURISNG HOME FACILITY, MABEL MANGANO AND SALVADOR MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failed to have the requisite number of

employees/staff on duty at the time of the hurricane to provide care and treatment to the residents at the St. Rita's Nursing Home Facility which caused and/or contributed to the death of ROSEMARY DAVIS. Specifically, a violation of the Department of Health and Hospitals regulation 9719 occurred in that Section 9719 establishes a standard of care and provides for the following non-delayable duty:

<u>9719 Personnel</u>

There shall be sufficient qualified personnel to properly operate each department of the nursing home to assure the health, safety, proper care and treatment of the residents.

Again, the violations of Sections 9729 and 9719 of the above stated Department of Health and Hospitals regulations is a breach of the standard of care for those providing nursing home patient care and services. Defendants, BUFFMAN, INC. D/B/A ST. RITA'S NURSING HOME FACILITY, SALVADOR MANGANO and MABEL MANGANO, , MANGANO CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC. failures to follow sections 9729 and 9719 caused and/or contributed to the death of ROSEMARY DAVIS.

X.

Petitioners specifically plead the Doctrine of Respondeat Superior applies to the acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XI.

Petitioners specifically plead the Doctrine of Res Ipsa Loquitur applies to the circumstances, acts and/or omissions of defendants that lead to the resulting death of ROSEMARY DAVIS.

XII.

At all pertinent times, including her time of date of death, ROSEMARY DAVIS, was a widow, with no living husband, parents, or children. Petitioners LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR. are the surviving sister and brothers of the deceased ROSEMARY DAVIS, and as ROSEMARY DAVIS had left no spouse, child, or parent surviving, and in accordance with

Louisiana Civil Code Articles 2315, 2315.1 and 2315.2, et seq., LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR are herein asserting this survival and wrongful death and all other actions against all defendants.

## XIII.

As a result of the aforesaid incident, ROSEMARY DAVIS suffered the following non-exclusive damages:

A. Past pain and suffering, anxiety, fear and emotional trauma up to the time of her death;
B. Past mental anguish and suffering up to the time of her death;
C. Death by drowning;
D. Funeral and burial expenses; and
E. Any and all other elements of damages which may be proven at trial.
F.

## XIV.

As a result of the aforesaid incident, Petitioner LUCILLE FRANZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XV.

As a result of the aforesaid incident, Petitioner EUGENE RUIZ has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVI.

As a result of the aforesaid incident, Petitioner PETER RUIZ, JR has suffered the following nonexclusive damages:

A. Past, Present, and Future mental anguish and suffering;
B. Past, present, and future loss of love and affection, society and companionship;
C. Funeral and burial expenses, and
D. Any and all other elements of damages which may be proven at trial.

## XVII.

The decedent, ROSEMARY DAVIS who still recognized and had an ongoing relationship with LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., endured intolerable mental and physical anguish during the period of time between the anticipation of the entry of water into the St. Rita's Nursing Home, the entry of the flood waters, and the ultimate death by drowning.

## XVIII.

Further, Petitioners aver that the acts and omissions of all Defendants herein are/were violative of Louisiana's Unfair Trade Practices & Consumer Protection Law LSA-R.S. 51:1401 Et. Seq., which renders Defendants liable for damages, plus interest from the date of demand, reasonable attorneys fees, and all cost associated with these proceedings.

## XIX.

In that Petitioner's claims exceed the monetary amount required for a trial by jury pursuant to LA C.C.P. Art. 1732 and exceeds the minimum amount in controversy necessary for federal jurisdiction in diversity cases, Petitioners hereby demand a trial by JURY.

## XX.

At all pertinent times, Defendant LOUISIANA NURSING HOME ASSOCIATION, INC., upon information and belief, issued a policy of insurance that was in full force and effect at the time of the actions described herein insuring BUFFAMN, INC. d/b/a ST. RITA NURSING HOME FACILITY, and therefore, is liable for any amounts for which defendant is held liable.

## XXI.

At all pertinent times, Defendant ABC INSURANCE COMPANY, issued a policy of insurance that was in full force and effect at the time of the actions

described herein insuring one or more of the aforementioned Defendants, and therefore, is liable for any amounts for which defendants are held liable.

WHEREFORE, Petitioners, LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., individually and the behalf of ROSEMARY DAVIS, pray that Defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A/ ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC. and ABC INSURANCE COMPANY, be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered in Petitioner's favor and against all named defendants, SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. INC A/K/A ST. RITA'S NURSING HOMES, MANGANO CONSULTANTS, INC., MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION, INC., ABC INSURANCE COMPANY, jointly, severely an in solido, and or as there legal obligations require, for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioners reserve the right to amend this Petition as reasonable and proper herein. Petitioners pray for a trial by JURY. Petitioners further pray for all legal, just, and equitable relief allowed under the facts and premises enumerated herein.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By _____
DEPUTY CLERK

AUG 2 9 2006

PLEASE SERVE:

BUFFMAN, INC. d/b/a
ST. RITA'S NURSING HOME FACILITY
Through their Agent for Service of Process
Salvador Mangano
1422 E. Louisiana Highway 46
St. Bernard, LA 70085

<u>And</u> through it's attorney of record
James A. Cobb, Jr.
Emmett, Cobb, Waits & Kessenic
1515 Poydras Street, Suite 1950
New Orleans, LA 70112

SALVADOR A. MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO CONSULTANTS, INC.
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

MANGANO MANAGEMENT, INC..
Through it's Agent for Service of Process
MABEL MANGANO
1422 E. LA. Highway 46
St. Bernard, LA 70085

LOUISIANA NURSING HOME ASSOCIATION
THROUGH IT'S Agent for Service of Process
JOSEPHEN A. DONCHESS
7844 Office Park Blvd.
Baton Rouge, LA 70809

34th **JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

NO.          **1 0 6   9 5 9**                    DIVISION:

**LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS**

**VERSUS**

**SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY**

FILED: _____ AUG 1 8 2006 _____    /S/ALICE PERNICIARO

---

**VERIFICATION AFFIDAVIT**

**BEFORE ME,** undersigned notary public, came and appeared:

**LUCILLE FRANZ**

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Lucille Franz*

Done this 17 day of August, 2006, in _Kenner_, Louisiana, before me,

_____, Notary Public.

Notary Public  19136  Stephen Rue  Life

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.       106  959                        DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY
/S/ALICE PERNICIARO

FILED: _____ AUG 1 8 2006 _____        _____

VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

EUGENE RUIZ

A person of the full age of majority and a resident of the State of Louisiana, who

after being sworn did depose and state that the allegations and facts set forth in the

aforesaid Petition for Damages is true and correct to the best of his/her personal

knowledge and belief.

*Eugene J. Ruiz*                         **ORIGINAL**

Done this /7th day of August, 2006, in *St. Bernard*, Louisiana, before me,

*Sallie Jones*          , Notary Public.

Notary Public

*Sallie O Jones*
# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO.  106  959       DIVISION:

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY

FILED: _____AUG 1 8 2006_____    /S/ALICE PERNICIARO

## VERIFICATION AFFIDAVIT

BEFORE ME, undersigned notary public, came and appeared:

PETER RUIZ, JR.

A person of the full age of majority and a resident of the State of Louisiana, who after being sworn did depose and state that the allegations and facts set forth in the aforesaid Petition for Damages is true and correct to the best of his/her personal knowledge and belief.

_Peter Ruiz Jr._

**ORIGINAL**

Done this _17_ day of August, 2006, in _St. Bernard_, Louisiana, before me,

_Sallie Jones_, Notary Public.

Notary Public

# 65492

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO.     **106 959**       DIVISION:

**LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR., INDIVIDUALLY
AND ON THE BEHALF OF THEIR SIBLING, ROSEMARY DAVIS**

**VERSUS**

**SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFAMN, INC. D/B/A
ST. RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC.,
AND MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME
ASSOCIATION, INC. and ABC INSURANCE COMPANY**

FILED:_____ **AUG 1 8 2006** _____     **/S/ALICE PERNICIARO**

_____

### REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, JUDGMENTS, ORDERS, ETC., REQUEST FOR NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED DIRECTED TO THE CLERK OF COURT 34TH JUDICIAL DISTRICT COURT ST. BERNARD PARISH, LOUISIANA

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel fo Petitioners, written notice, by mail, at least ten (10) days in advance of any date fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send notice of any order or judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

STEPHEN RUE & ASSOCIATES, L.L.C.

_____
STEPHEN R. RUE (#19136)
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONERS
LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON THE BEHALF OF ROSEMARY DAVIS

# 34th JUDICIAL DISTRICT COURT

# PARISH OF ST. BERNARD

# STATE OF LOUISIANA

CASE NO. 105-406                                    DIVISION " D "

### RAYMOND COUSINS and BERNARD REYES

#### -versus-

### THE MANGANO CORPORATION
### d/b/a ST. RITA'S NURSING FACILITY, et al

Filed: _June 30, 2006_        _Elizabeth A. Ruiz_
                                Deputy Clerk      /S/Elizabeth A. Ruiz

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### _EN BANC_ ORDER OF RECUSATION

As provided for under Louisiana Rules of Civil Procedure Article 151 and 152(3), the Judges of the 34th Judicial District Court wish to voluntarily recuse themselves from the above entitled case, and the cases herein listed. Further, it is respectfully requested that this Order be deemed a written request to the Louisiana Supreme Court for recusal of the Judges of this district and that the Supreme Court accept, approve of and order this recusal.

This case involves a suit for damages arising out of the death of Plaintiffs' mother, Adel Cousins while residing at St. Rita's Nursing Facility in St. Bernard Parish. It is alleged that Plaintiffs' mother, along with numerous similarly situated individuals were not evacuated for Hurricane Katrina in August 2005, and died as a result this natural disaster. In addition to the above numbered and entitled matter, the following suits have been filed in this Court for other deceased residents of St. Rita's, to-wit: Case Numbers 105-406; 105-410; 105-433; 105-453; 105-461; 105-466; 105-473;105-522; 105-550; 105-551; 105-589; 105-590; 105-591; 105-620; 105-733; 105-808; 105-809; 105-810; 105-874; 105-889; 105-927; 105-936; 106-017; 106-061; 106-220; 106-254; 106-274; 106-279; 106-288; 106-289; 106-324; 106-334; 106-335; 106-361; 106-446; and 106-

535.  Many of the deceased individuals residing at St. Rita's were personally known to individual judges of this Court.  Additionally, individual judges are acquainted with family members of some of the decedents.  In some instances these family members are parties in the suits.  All of the judges of this district were present during the storm and its aftermath.  As a result the judges were exposed to information regarding the events that may have transpired at St. Rita's.  The gaining of such knowledge was unavoidable despite the fact that no such information was sought or solicited by the judges.  Finally, individual judges have represented one or more of the decedents and/or parties to this litigation as attorneys prior to taking the bench.

To avoid any appearance of any impropriety, the Judges of this district find it necessary to request that they be recused from this case, as well as the cases numbered and listed herein.  It is further requested that this recusal be accepted by the Louisiana Supreme Court and that this matter be heard by a Judge to be appointed by the Supreme Court to preside over all further proceedings and dispositions in these cases.

Signed this 30th day of June, 2006.

_____
Judge Wayne G. Cresap, Chief Judge

_____
Judge Robert A. Buckley, Division " A "

_____
Judge Manuel A. Fernandez, Division "B "

_____
Judge Kirk A. Vaughn, Division " D "

_____
Judge Jacques A. Sanborn, Division " E "

A TRUE COPY
Lena  R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By _____
DEPUTY CLERK

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 106-959                              DIVISION: "D"

LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION,
INC., AND ABC INSURANCE COMPANY

FILED: _____SEP 1 9 2006_____          _____
              11.05th                             DEPUTY CLERK
                                          /S/Gwen S. Loze

## MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT**, come Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., sought to be made defendants herein, and appearing through undersigned counsel solely and exclusively for the purpose of moving for an extension of time to file its responsive pleadings, exceptions, answer and affirmative defenses, and in no way making a general appearance on behalf of any named defendant and upon suggesting to the Court that:

Co-Counsel for Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., received a copy of the Petition for Damages which presents complicated matters of fact and law which require additional time to fully investigate prior to answering.

**WHEREFORE**, Salvador A. Mangano, Mabel B. Mangano, Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano Management, Inc., sought to be made defendants herein, pray that they be granted an additional 30 days or through and until October 16, 2006 to answer or otherwise plead in this matter.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

By: _____
JEREMY D. GOUX, LBRN 25065
MARTHA D. BOWDEN, LBRN 28316

417 North Theard Street
Covington, Louisiana 70433
Telephone: 985-898-0504
Facsimile: 985-898-0840

Susan E. Henning, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** the above and foregoing has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 15th day of September, 2006.


_____
Jeremy D. Goux
Martha D. Bowden

**34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

**DOCKET NO: 106-959**                                        **DIVISION: "D"**

**LUCILLE FRANZ, EUGENE RUIZ, AND PETER RUIZ, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS**

**VERSUS**

**SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC. D/B/A ST.
RITA'S NURSING HOME FACILITY, MANGANO CONSULTANTS, INC., AND
MANGANO MANAGEMENT, INC., LOUISIANA NURSING HOME ASSOCIATION,
INC., AND ABC INSURANCE COMPANY**

FILED: **SEP 1 9 2006**

DEPUTY CLERK
/S/Gwen S. Loze

**ORDER**

Considering the above and foregoing:

**IT IS HEREBY ORDERED** that Salvador A. Mangano, Mabel B. Mangano,

Buffman Inc., d/b/a St. Rita's Nursing Home, Mangano Consultants, Inc., and Mangano

Management, Inc., sought to be made defendants herein, are granted an additional Thirty

(30) days or through and until ~~October 16~~, 2006 in which to Answer or otherwise plead in

this matter.

Parish of St. Bernard, Louisiana this _____ day of _October_ , 2006.

_____
**JUDGE FRANK FOIL**

**Frank Foil
Judge Ad Hoc**

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO: 106-959                                          DIVISION: "D"

LUCILLE FRANZ, EUGENE RUIZ AND PETER RUIZ, JR.
INDIVIDUALLY AND ON BEHALF OF THEIR SIBLING, ROSEMARY DAVIS

VERSUS

SALVADOR A. MANGANO, MABEL B. MANGANO, BUFFMAN, INC.
D/B/A ST. RITA'S NURSING HOME FACILITY, MANGANO
CONSULTANTS, INC., AND MANGANO MANAGEMENT, INC., LOUISIANA
NURSING HOME ASSOCIATION, INC., AND ABC INSURANCE COMPANY

FILED: _Nov 20, 2006_                 _Elizabeth A. Ruiz_
                                      DEPUTY CLERK
                                      /S/Elizabeth A. Ruiz

NOTICE OF FILING NOTICE OF REMOVAL

TO:   James A. Cobb, Jr., Esq.                Jeremy Goux, Esq.
      Susan E. Henning, Esq.                  Martha D. Bowden, Esq.
      John F. Emmett, Esq.                    Wynne, Goux & Lobello
      Louis G. Spencer, Esq.                  417 N. Theard St.
      1515 Poydras Street, Suite 1950         Covington, LA 70433
      New Orleans, Louisiana 70112
                                              Governor Kathleen Blanco
                                              Office of the Governor
      Louisiana Dept. Of Health & Hosp.       900 Third Street
      628 N. Fourth Street                    Baton Rouge, Louisiana 70802
      Baton Rouge, Louisiana 70802
                                              Frederick P. Cerise, M.D.
      Louisiana Department of Transportation  628 N. Fourth Street
      and Development                         Baton Rouge, Louisiana 70802
      1201 Capital Access Road
      Baton Rouge, Louisiana 70804            Attorney General Charles Foti
                                              Office of the Attorney General
      Johnny Bradberry                        Louisiana Department of Justice
      1201 Capital Access Road                Capital Building, 22nd Floor
      Baton Rouge, Louisiana 70804            Baton Rouge, Louisiana 70804

      Office of Risk Management               Lake Borgne Basin Levee District
      1201 N. Third Street                    Lawrence J. Duplass, Esq.
      Baton Rouge, Louisiana 70804            Duplass, Zwain, Bourgeois, Morton,
                                                Pfister & Weinstock
      Henry J. Rodriguez                      3838 N. Causeway Blvd., 29th Fl.
      8201 W. Judge Perez Drive               Metairie, Louisiana 70002
      St. Bernard Government Complex
      Chalmette, Louisiana 70043              Stephen R. Rue, Esq.
                                              Stephen Rue and Associates, L.L.C.
      Louisiana Nursing Home Association, Inc. 3309 Williams Blvd.
      Joseph A. Donchess                      Kenner, LA 70065
      7844 Office Park Blvd.
      Baton Rouge, Louisiana 70809

**PLEASE TAKE NOTICE** that on November 17, 2006, the United States of America, filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana its Notice of Removal of the above action to said United States District Court. A copy of such notice is annexed hereto.

A copy of the Notice of Removal is filed with the Clerk, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, pursuant to 28 U.S.C. § 1446 (d).

New Orleans, Louisiana, this 17th day of November, 2006.

Respectfully Submitted:

JIM LETTEN
UNITED STATES ATTORNEY

STEVENS E. MOORE (14242)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Room 210B
New Orleans, Louisiana 70130
Telephone: (504) 680-3061

Traci L. Colquette
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C. 20044
(202) 305-7536 / (202) 616-5200 (Fax)