UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO.: 05-4182 "K"(2) |
| PERTAINS TO: | * * | JUDGE: DUVAL |
| INSURANCE: *Aaron*, 06-4746 | * * * | MAGISTRATE: WILKINSON |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR MORE DEFINITE STATEMENT**

Defendants Scottsdale Indemnity Company and Scottsdale Insurance Company (collectively "Scottsdale") submit this Memorandum in Support of their Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).[1]  Scottsdale cannot properly respond to Plaintiffs' Complaint as drafted.  Plaintiffs' conclusory allegations and the "scattershot" use of buzz words fail to put Scottsdale on notice of their claims.

---

[1] Scottsdale has filed a Motion to Dismiss or Motion for More Definite Statement and Motion to Sever plaintiffs' claims.  We were told that we had to file a Motion for More Definite Statement separately.  Thus, out of an abundance of caution we are filing this Motion.  Hearing on the Motion to Dismiss was originally set for December 13, 2006, but has been re-noticed for hearing on March 23, 2007 at 9:30 a.m.

1

73720

## FACTS

Plaintiffs allege that they own property in Louisiana that was insured by Scottsdale and suffered damages as a result of Hurricane Katrina. (Compl. ¶ 3). Plaintiffs claim that they submitted insurance claims to their respective insurer and that Scottsdale "engaged in a bad faith adjusting scheme to deprive insureds of full policy benefits for which they paid...." (Compl. ¶ 17). Based upon these barebones conclusory allegations, Plaintiffs have attempted to assert causes of action for: breach of insurance contract; negligence; violation of La. R.S. 22:658; La. R.S. 22:658.2; La. R.S. 22:1220; failure to tender fair and adequate payment for casualty losses; bad faith adjusting practices; violation of state and federal laws pertaining to unfair trade practices; and other causes of action to be determined at trial. (Compl. ¶¶ 17 and 25).

The Complaint also alleges fraud and refers to alleged misrepresentations. But, Plaintiffs cite *no* facts to support these bald assertions. (Compl. ¶ 17). Conspicuously absent from the Complaint are any allegations setting forth the alleged "scheme" that Scottsdale engaged in to intentionally deprive insureds of full policy benefits; the identities of the Scottsdale representatives who allegedly engaged in this "bad faith scheme"; the specific nature of the information known to these representatives; what specific representations Scottsdale allegedly made to the Plaintiffs; why those representations were false; when Scottsdale made the representations; or facts establishing that Scottsdale acted with the requisite intent to commit fraud.

The Complaint contains only vague and conclusory allegations for each of the above-listed causes of actions and fails to notify Scottsdale of the facts that give rise to the claims they assert making it impossible for Scottsdale to properly respond. Plaintiffs' allegations are deficient, failing to satisfy the pleading requirements of Rules 8(a) and 9(b) of the

Federal Rules of Civil Procedure. Accordingly, Plaintiffs should be required to provide a more definite statement pursuant to Rule 12(e).

## ARGUMENT

Federal Rule of Civil Procedure 12(e) provides the basis for Scottsdale's motion:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. Proc. 12(e). Applying Rule 12(e), courts consistently grant Motions for More Definite Statement when faced with a vague conclusory complaint. *See Canto v. Hibernia Nat'l Bank*, 1999 U.S. Dist. LEXIS 8598, *5-6 (E.D. La.) (Clement, J.) (Rule 12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under a relevant statute"). Indeed, when a defendant is faced with such a complaint, it is "expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. District Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F. 3d 364, 366 (11th Cir. 1996); *Sisk v. Texas Parks & Wildlife Dep't*, 644 F. d 1056, 1059 (5th Cir. 1981) (a motion pursuant to Rule 12(e) is the proper remedy for a complaint failing to satisfy Rule 8). If a plaintiff then does not provide a more definite statement that complies with Rule 8, then dismissal with prejudice is appropriate. *See, e.g., Matthews v. Social Security of La.*, 2002 WL 1022267, at *2 (E.D. La. May 20, 2002) (when more definite statement still failed to allow defendants to respond, plaintiff's claims were dismissed with prejudice); *Frito-Lay v. Wapco Constrs., Inc.*, 520 F. Supp. 186, 188 (M.D. La. 1981) (ordering plaintiff to amend complaint within 15 days to provide more information and providing that failure to do so would result in dismissal of claim).

Federal courts grant Rule 12(e) motions when a plaintiff has failed to put defendants on "fair notice" of claims against them. *See, e.g., Parker v. Brush Wellman, Inc.*, No. 04-0606, 2005 WL 1706927, at *4 (N.D. Ga. March 29, 2005) (ordering plaintiffs to provide additional information within 20 days of ruling pursuant to Rule 12(e)). The court may dismiss a complaint with leave to amend, or order the plaintiff to provide claims and allegations within a specified period of time. *See, e.g., Edwards v. Allstate. & Cas. Ins. Co.*, No. 04-2434, 2005 WL 221558, at *4 (E.D. La. Jan. 27, 2005) (dismissing claims without prejudice and allowing plaintiff to amend complaint); *Parker*, 2005 WL 1706927, at *2 (granting Rule 12(e) motion and ordering plaintiff to restate claims and provide pertinent factual allegations). The Fifth Circuit affirms dismissals of complaints when plaintiffs fail to provide more definite statements of vague claims. *See, e.g., Beanal v. Freeport McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999) (describing Rule 12(e) as the proper remedy for insufficient information or pleading). Courts also use Rule 12(e) to ensure that a defendant has notice of a plaintiff's claims. *See, e.g., Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444, 2002 WL 31697714 (E.D. La. Oct. 20., 2002) (plaintiff's complaint did not establish elements of claim and ordering plaintiff to provide more information pursuant to Rule 12(e)); *Johnson v. Danzig*, No. 00-2369, 2001 WL 562080, at *3 (E.D. La. May 22, 2001) (ordering plaintiff to provide defendant with notice of basis for claim).

In a similar case, this Court required a plaintiff to amend her complaint. *Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 WL 221558 at *1. In *Edwards*, the plaintiff brought a lawsuit alleging that Allstate engaged in a corporate scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims. *Id.* Specifically, the plaintiff alleged breach of contract, bad faith claims under La. R.S. 22:1220 and La. R.S. 22:658, and fraud and

deceit claims. *Id.* Allstate filed a 12 (b)(6) Motion to Dismiss. The court found that that the plaintiff failed to allege the facts necessary to support her claim:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim. The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of the required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to Mary Edwards' home are not adequately alleged.

Id. at *3. The Court granted Allstate's motion but permitted the plaintiff to amend the Complaint. *Id.* at *4.

In like manner, the Court here should grant Scottsdale's Motion for More Definite Statement. Plaintiffs' Complaint as a whole is so vague and ambiguous that Scottsdale cannot reasonably be required to frame an answer in response. The Complaint does not contain any facts related to Scottsdale which would enable it to understand the nature of the allegations against it and prepare responsive pleadings adequately, such as the "when, how, where, and why" of why Plaintiffs believe Scottsdale committed any alleged wrongful acts. Nor do the Plaintiffs plead any policy provision(s) that they claim that Scottsdale has breached. Further, the Complaint also alleges "fraud" and refers to alleged misrepresentations, but cites to *no* facts to support these bald assertions. If the Complaint is not dismissed, at a minimum a more definite statement clearly is required.

## CONCLUSION

The Plaintiffs have failed to allege the fact necessary to support their conclusory allegations. Therefore, Scottsdale requests that this Court order Plaintiffs to provide a more definite statement of allegation in their Complaint.

73720

Respectfully Submitted,

_____
Judy Y. Barrasso, 2814
Steven W. Usdin, 12896
Shera J. Finn, 29184
    Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone 504- 589-9700

Attorneys for Scottsdale Indemnity
Company and Scottsdale Insurance
Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion for More Definite Statement has been served upon all counsel of record by placing same in the U.S. mail, postage prepaid and properly addressed, this 13th day of December, 2006.

_____

73720