UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * | CIVIL ACTION NO: 05-4182 |
| CONSOLIDATED LITIGATION * | |
| * | JUDGE: STANWOOD R. DUVALL, JR. |
| * | "K" |
| PERTAINS TO: INSURANCE * | |
| * | MAGISTRATE: JOSEPH C. WILKINSON |
| AARON, ET AL VERSUS * | JR. "2" |
| AIG CENTENNIAL INSURANCE * | |
| COMPANY, ET AL * | |
| 2006-4746 * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMO IN SUPPORT OF MOTION TO SEVER

The Plaintiffs' complaint improperly joins over one thousand Plaintiffs and over one hundred Defendants in one single suit arising from damages sustained during Hurricane Katrina. The Plaintiffs allege several general causes of action against Defendants and support these allegations with broad and vague factual assertions. While each Plaintiff's claims arise out of separate transactions and occurrences, the Complaint implies that these claims are not only transactionally related, but also factually related. Hurricane Katrina was a common occurrence for all parties in this Complaint; however, the individual insurance contracts and the unique facts underlying the Plaintiffs' claims are all inherently separate and distinct. Thus, joinder of both Plaintiffs and Defendants in this matter is improper as the requirements for joinder under Rule 20 are not satisfied.

1

I.  **FACTS**

On August 25, 2006, over one thousand Plaintiffs filed a Complaint for Damages naming over one hundred insurance companies as defendants. This Complaint involves several claims emanating from Defendants', "issued policies of homeowners' property, commercial, business, rental and/or flood insurance," that allegedly cover Plaintiffs' damages sustained as a result of Hurricane Katrina. (Compl. ¶ 4). Plaintiffs state several causes of action against Defendants, including breach of insurance contract; violations of La. R.S. 22:658 and La. R.S. 22:1220; failure to tender fair and adequate payment for losses; and, bad faith adjusting practices. (Compl. ¶ 25). This "shotgun" styled complaint targets and alleges the same causes of action against each insurance Defendant. Although these allegations are made to include all Defendants, each Plaintiff is situated differently with regard to their specific policies, damages, and causes of damage. Hurricane Katrina is the <u>only</u> common occurrence that ties these claims together.

II.  **LAW AND ARGUMENT**

According to Rule 20 of the Federal Rules of Civil Procedure:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed R. Civ. P. 20. The main purpose of Rule 20 is to promote judicial economy through trial convenience and the elimination of unnecessary lawsuits. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (U.S. 11 Cir. 2000). This permissive joinder of plaintiffs and defendants is at the option of the plaintiffs. *Applewhite v. Reichhold Chemicals*, 67 F.3d 571, 574 (U.S. 5 Cir. 1995).

However, Under Rules 20(b) and 21, the district court has the discretion to sever an action if it is misjoined or will cause delay or prejudice.

Whenever multiple plaintiffs are joined in an action without meeting the requirements of Rule 20(a), and the defendants call attention to the misjoinder, the court should sever the claims of the misjoined plaintiffs and allow them to proceed in separate actions. *Elmore v. Henderson*, 227 F.3d 1009, 1013 (U.S. 7 Cir. 2000). Similarly, if multiple defendants are joined in one action under Rule 20, but do not meet Rule 20's requirements for joinder, severance is appropriate. *Tele-Media Co. v. Antidormi*, 179 F.R.D. 75, 76 (D. Conn. 1998).

In this case, severance is appropriate. The claims asserted by the Plaintiffs do not involve the same transaction or occurrence and only involve some general, common questions of law and fact that do not apply to each and every claim. The separate and distinct insurance contracts as well as the various causes, types, and degrees of damages to each person's property demonstrates the different transactions, occurrences, and facts that give rise to each and every claim.

A factually similar situation was addressed in *McFarland v. State Farm Fire and Cas. Co.*, when Judge Walker ordered that hundreds of Plaintiffs joined in a single lawsuit should be required to file separate complaints. 2006 WL 2577852 (S.D. Miss. 2006). In this case, the plaintiffs sued their insurer for damages sustained during Hurricane Katrina. In deciding the defendant's Motion to Sever, the Court held that each insurance contract was a separate transaction for purposes of Rule 20(a). Further, the Court recognized the varying nature and extent of property damage caused by the storm and opined that Hurricane Katrina was a common occurrence only superficially. Similarly, in *Comer v. Nationwide Mutual Ins. Co.*, Judge Senter wrote:

3

> Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses. The nature and extent of the property damage the owners sustain from the common cause, Hurricane Katrina, will vary greatly in its particulars, depending on the location and condition of the property before the storm struck and depending also on what combination of forces caused the damage. Thus, at least with respect to the issue of damages, each individual claim will require particular evidence to establish the cause of and the extent of the loss...To the extent the property was insured, the particulars of coverage will vary from policy to policy and from one insurance company to the next. In order to adjudicate the rights and liabilities between the policy holder and his insurance company, the particular terms of each policy must be considered.

2006 WL 1066645 (S.D. Miss 2006). The same considerations made in *Comer* and *McFarland* should apply to the instant case as well.

Because of the differences among the claims of the individual Plaintiff, each Plaintiff should be required to proceed in a separate action. However, if it were decided that the Plaintiffs have enough in common to meet Rule 20's permissive joinder requirements, alternatively, the Court should still require the Plaintiffs to sever each claim each Defendant in a separate action. The mere fact that the Defendants are all insurance companies does not provide sufficient bases to join them as defendants. The United States Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (1996), specifically held that common business practice was insufficient to permit permissive joinder. The only common factor uniting me class action claims in *Tapscott* was the allegation that the sale of service contracts violated certain state laws. 77 F.3d at 1355. In attempt to apply this rationale as a basis to assert this purported commonality, the plaintiffs joined separate and unrelated sellers of service contracts in the same suit. Notwithstanding same, the Eleventh Circuit affirmed the granting of a motion to sever finding that the plaintiffs failed to allege joint liability or conspiracy and held that allegations that the defendants violated the same statute is insufficient on its face for joinder. *Id.* at 1360.

Applying the same factual and legal reasoning applied by the Court in *Tapscott*, the same hold true for the instant case supporting a severance of the claims. Both Empire and Fidelity issue their own insurance policies, and have their own claims adjusters that are separate and distinct from the policies and claims adjuster used by all of the other Defendants. It is undisputed that the claims asserted against Fidelity and Empire and the other Defendants are not based on the same transaction or occurrence. Simply because the plaintiffs may assert the same legal theory to attack the different insurers is insufficient basis for joinder. *See, e.g., Tapscott*, 77 F.3d at 1360. Therefore, the Plaintiffs' claims are not sufficiently related so as to permit joinder under Rule 20(b), and, at the very least, the Plaintiffs should be required to proceed against each of the Defendants separately.

## CONCLUSION

The claims asserted by plaintiffs in this action involve different facts unique to each Plaintiff and Defendant. The interpretations and previous holdings of other District Courts reiterate this fact and prove Rule 20(a)'s inapplicability. The joinder of the Plaintiffs and Defendants in this matter is inappropriate under Rule 20 and does not promote judicial economy. Accordingly, the undersigned Defendants respectfully request that this honorable Court order the severance of the claims of the plaintiffs and require the division of this suit into separate lawsuits requiring separate complaints.

Respectfully Submitted,

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**


BY: _____s//: Sean P. Mount_____
    **DOMINIC J. OVELLA, #15030 – T.A.**
    **LAURENCE E. LARMANN, #08044**
    **JOSEPH L. SPILMAN, #17813**
    **ANNE E. MEDO, #24556**
    **SEAN P. MOUNT, #27584**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Counsel for Defendants, Fidelity and Deposit Company of Maryland and Empire Fire & Marine Insurance Company

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing pleading by mailing the same by United States Mail, properly addressed, and first class postage prepaid, by facsimile service and/or by electronic mail to:

        All Counsel of Record

on this 15 December 2006.

                              _____s//: Sean P. Mount_____