UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br> * <br> * <br> PERTAINS TO: INSURANCE * <br> * <br> AARON, ET AL VERSUS * <br> AIG CENTENNIAL INSURANCE * <br> COMPANY, ET AL * <br> 2006-4746 * | CIVIL ACTION NO: 05-4182 <br><br> JUDGE: STANWOOD R. DUVALL, JR. <br> "K" <br><br> MAGISTRATE: JOSEPH C. WILKINSON <br> JR. "2" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## MOTION FOR A MORE DEFINITE STATEMENT

Defendants, Empire Fire and Marine Insurance Company ("Empire") and Fidelity and Deposit Company of Maryland ("Fidelity"), move pursuant to Rule 12(e) for a more definite statement of Plaintiffs' Complaint, as defendants cannot respond in any comprehensive manner whatsoever because the Complaint fails to Empire and Fidelity with any form of notice of the charges against each insurer and the specific allegations that form the bases of such charges. At the very least, plaintiffs must provide more clarity in the factual allegations attributed to both Fidelity and Empire.

## I. FACTS

On August 25, 2006, over one thousand Plaintiffs filed a Complaint for Damages naming over one hundred insurance companies as defendants. This Complaint involves several claims emanating from Defendants', "issued policies of homeowners' property, commercial, business, rental and/or flood insurance," that allegedly cover Plaintiffs' damages sustained as a result of Hurricane Katrina. (Compl. ¶ 4). Plaintiffs state several causes of action against Defendants, including breach of insurance contract; violations of La. R.S. 22:658 and La. R.S. 22:1220; failure to tender fair and adequate payment for losses; and, bad faith adjusting practices. (Compl. ¶ 25). The *only* factual allegations that tie Defendants to these causes of action are that Defendants, provided coverage for the losses sustained and failed to make adequate payments. (Compl. ¶ 7,11,14,15). These factual allegations, alone, are too generalized and do not provide enough specificity to support the claims or allow Defendants to form an appropriate AND intelligent response.

## II. LAW AND ARGUMENT

Under the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. Proc. 8(a)(2). The overall purpose of this pleading rule is, "not to flesh out the factual details of the case, but to provide notice of the grievance, and the general factual background upon which it is based." *Moore's Federal Rules Pamphlet*, p. 134 (2006). Thus, the pleading must provide a sufficient factual background for each claim so that a responsive pleader may have a fair idea of the basis for the complaint and the legal grounds claimed for recovery. If a pleading does not sufficiently provide a sound legal and/or factual basis for recovery, a party

may move for a more definite statement so that a responsive pleading can provide an appropriately tailored response. Rule 12(e) of the Federal Rules of Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed R. Civ. Proc. 12(e). This rule provides a remedy for any party who struggles to formulate an answer because of ambiguities contained in the pleading.

In this case, over one-hundred defendant insurance companies are collectively accused of breaching their insurance contracts, violating multiple insurance statutes, and engaging in unfair business practices. While the Plaintiffs do attempt to comply with Rule 8(a)(2)'s requirement that the statement of the claim be "short and plain," this pleading fails to provide a general factual basis on which these claims can be supported. This Complaint does not provide a short and plain statement of *facts* that support their claims for relief. Instead, this Complaint supplies only conclusory allegations of the Defendants' liability based upon vague and broad factual allegations. For example, in paragraph 17 of the Complaint, the Plaintiffs allege that the Defendants, "engaged in a bad faith adjusting scheme to deprive the insureds of full policy benefits," and violated State and Federal Law. (Compl. ¶ 17). While this statement is certainly short and plain, this conclusory allegation does not specify what particular laws were violated, nor does it provide a reasonable factual basis upon which this claim is asserted. In *Benal v. Freeport-McMoran, Inc.*, the Fifth Circuit stated that a complaint is inadequate only if it fails to, "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these

elements exist." 197 F.3d 161, 164 (U.S. 5th Cir. 1999) Considering the vast amount of insurance regulations and their complexity, references to general violations of law do not provide enough information for Defendant's to frame a purposeful response.

Even more troublesome is the Plaintiffs' use of a "shotgun" styled complaint that alleges the same causes of action and lists multiple violations of various laws for all of the defendants. The Complaint repeatedly refers the Defendants' multiple violations of both state and federal laws without specifying what provisions or parts of the law were violated. Despite the separate and distinct insurance contracts that each defendant is allegedly liable under, the Complaint attempts to target every possible defendant for every possible claim. This "shotgun" technique is in violation of rule 8(a)(2)'s requirement and does not provide a short and plain factual and legal basis for Plaintiffs' relief. It is highly unlikely that each Defendant is liable for the same reasons and has violated the same laws as other Defendants named in this Complaint. Moreover, support for these allegations is made by merely citing the language of the insurance laws and stating that the defendants are in violation. The Complaint does not specify in what ways the defendants violated these extensive laws.

In short, more precise allegations and more information supporting these allegations are needed to satisfy Rule 8's requirements. In order for Defendants to appropriately formulate a response to this Complaint, specificity as to, the particular contract provisions breached, the ways in which these provisions were breached, the pertinent parts of the law violated, and facts leading to these allegations are required. Without this information, Defendants are unable to sufficiently determine how to frame an appropriate response. Additionally, defendants join in, adopt, and incorporate herein by reference any and all Motions for More Definite Statement filed on behalf of any and all defendants previously in the instant matter.

## CONCLUSION

The claims set forth in the Plaintiffs' Complaint, as amended, do not provide a sufficient factual and legal basis as required by Rule 8(a)(2). This complaint contains conclusory assertions of liability based upon general violations of law. In order to answer this Complaint, Defendants require a more definite statement of what laws were violated and what facts reveal these violations. Accordingly, the undersigned Defendants request that this Court order Plaintiffs to provide a more definite statement of the allegations contained in the Complaint. Respectfully Submitted,

> HAILEY, McNAMARA, HALL,
> LARMANN & PAPALE, L.L.P.
>
>
> BY:     s//: Sean P. Mount
>         **DOMINIC J. OVELLA, #15030 – T.A.**
>         dovella@hmhlp.com
>         **LAURENCE E. LARMANN, #08044**
>         **JOSEPH L. SPILMAN, #17813**
>         **ANNE E. MEDO, #24556**
>         **SEAN P. MOUNT, #27584**
> One Galleria Boulevard, Suite 1400
> Metairie, Louisiana 70001
> Telephone: (504) 836-6500
> Counsel for Defendants, Fidelity and Deposit Company of Maryland and Empire Fire & Marine Insurance Company

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing pleading by mailing the same by United States Mail, properly addressed, and first class postage prepaid, by facsimile service and/or by electronic mail to:

All Counsel of Record

on this 15 December 2006.

<u>  <i>s//: Sean P. Mount</i>  </u>