UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO:  ST. RITA and | § | |
| *Aliff*, 06-9642 | § | |
| *Anguzza,* 06-9038 | § | |
| *Darsam*, 06-9569 | § | |
| *Dorand,* 06-9191 | § | |
| *Gallodoro,* 06-9206 | § | |
| *Gonzales,* 06-8972 | § | |
| *Lott,* 06-9236 | § | |
| *Thomason*, 06-9192 | § | |
| _____ | § | |

### UNITED STATES' MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' MOTIONS TO REMAND

The plaintiffs in the above-actions have filed motions to remand their cases to state court. The plaintiffs' motions should be denied because their cases were properly removed pursuant to 28 U.S.C. § 1442, which allows the United States to remove a state civil action brought against it regardless of whether the federal court has original jurisdiction over the claims against the United States.  If this Court determines that it lacks subject matter jurisdiction as to the claims against

1

the United States, it may, in its discretion, remand the cases to state court. The United States respectfully submits that oral argument is not necessary and that the plaintiffs' motions can be decided on the briefs alone.[1]

## BACKGROUND

The plaintiffs filed their actions against the defendants in the 34th Judicial District Court for the Parish of St. Bernard. The plaintiffs' complaints allege that the defendants, owners of St. Rita's nursing home in St. Bernard Parish, negligently failed to protect residents of the St. Rita's Nursing Home Facility in their preparation for and actions during Hurricane Katrina in August 2005.[2] The defendants filed identical third-party claims against the United States and other state and local officials and agencies seeking indemnity and contribution in the event they are held liable to the plaintiffs. The defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The United States removed these cases to federal court citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[3] The plaintiffs, making the same or similar arguments as in the cases

---

[1] Similar motions to remand have been filed in the *Rodrigue* (06-6639), *Johnson* (06-7400), *Lewis* (06-8107), *Morales* (06-5962), *Thedy* (06-8106 ), *Berthelot* (06-8810), *Kramer* (06-7457), *Verges* (06-8731), *Conlon* (06-9321), *Lepine* (06-8881) and *Poissenot* (06-7858) cases, which are pending before the Court in the *In Re: Katrina Canal Breaches Consolidated Litigation*.

[2] Each of the plaintiffs' complaints in the above-listed actions allege similar specific acts of negligence committed by the defendants. *See* United States' Memorandum of Law in Support of its Motion to Dismiss Third-Party Demands, *Consolidated Litigation* Record Docket No. 1959-2. *See also*, *Aliff*, Record Docket No. 3-1, and *Darsam*, Record Docket No. 4-1, which were not consolidated when the United States filed its Motion to Dismiss Third-Party Demands in the *Consolidated Litigation*.

[3] Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property,

cited in note 1, argue that the removal of their cases to federal court was improper and seek to remand their cases back to state court.

ARGUMENT

The plaintiffs' motions to remand must be denied. The United States' removal of these cases to federal court was proper under 28 U.S.C. § 1442 for the reasons argued in the United States' Memorandums in Opposition to Plaintiffs' Motions to Remand in the cases cited at note 1, *supra*, incorporated herein by reference. The United States has moved to dismiss the third-party claims against it in each of the above-listed cases. *See* United States' Memorandum of Law in Support of Its Motion to Dismiss Third-Party Demands, *Consolidated Litigation* Record Docket No. 1959-2, *Aliff*, Record Docket No. 3-1, and *Darsam*, Record Docket No. 4-1. *See* note 2. Should the Court grant the United States' motion to dismiss, it may, at its discretion, remand the remaining claims to state court. At this time, however, the cases must remain in federal court until the federal claims are dismissed.

---

or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows removal of state court cases to federal court when the district court has original jurisdiction over the claim. Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

CONCLUSION

For the foregoing reasons, the plaintiffs' motions to remand should be denied.

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General
>
>C. FREDERICK BECKNER III
>Deputy Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>
>s/ James F. McConnon, Jr.
>JAMES F. MCCONNON, JR.
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 888
>Benjamin Franklin Station
>Washington, D.C.  20044
>(202) 353-2604
>(202) 616-5200 (fax)
>jim.mcconnon@usdoj.gov
>Attorneys for Defendant United States

December 18, 2006

<strong>CERTIFICATE OF SERVICE</strong>

  I, James F. McConnon, Jr., hereby certify that on December 18, 2006, I served a true copy of "United States' Memorandum in Opposition to Plaintiffs' Motions to Remand" upon the parties of record by ECF, electronic mail, or first class mail.

           /s/ James F. McConnon, Jr.
            James F. McConnon, Jr.