LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,4]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [8]
KEVIN M. McGLONE
SHARONDA R. WILLIAMS [1,9]
CHAD P. MORROW
LAUREN L. HUDSON [3]

ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [1]
KEITH L. MAGNESS
R. SCOTT HOGAN

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

October 6, 2006

Tina L. Garmon, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130

Re:   *Mandie Battaglia, wife of/and*
      *Daryl A. Battaglia, Jr. v.*
      *Horace Mann Insurance Company, Horace*
      *Mann Property & Casualty and Teachers*
      *Insurance Company*
      U.S.D.C., E.D. La. No. 06-04529, Sec. "S," Mag. 3
      Our reference:  20779.0002

Dear Counsel:

We have enclosed for your review Plaintiff's Requests for Admissions to Horace Mann Insurance Company, Plaintiff's Requests for Admissions to Teachers Insurance Company and Plaintiff's Requests for Admissions to Horace Mann Property & Casualty Company. Please let us know if you have any questions.

Cordially,

*Lauren Hudson*

James M. Garner
Lauren L. Hudson

EXHIBIT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANDIE BATTAGLIA, wife of/and DARYL A. BATTAGLIA, JR.** | **CIVIL ACTION** |
| **Plaintiffs,** | **NO. 06-4529** |
| **VERSUS** | **SECTION "S"** |
| **HORACE MANN INSURANCE; HORACE MANN PROPERTY & CASUALTY;AND TEACHERS INSURANCE COMPANY** | **MAGISTRATE "3"** |
| **Defendants** | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS
## TEACHERS INSURANCE COMPANY ("TEACHERS")

TO:   Teachers Insurance Company ("Teachers")
      Through its Attorney of Record
      Tina L. Garmon, Esq.
      Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
      27th Floor, Pan American Life Center
      601 Poydras Street
      New Orleans, Louisiana 70130

Daryl A. Battaglia, Jr. and Mandie Battaglia ("Plaintiffs") on authority of Federal Rule of

Civil Procedure 36, hereby request full and separate answers, in writing, to these Requests for

Admission (the "Requests") and further requests service of your answers on **James M. Garner and**

**Lauren L. Hudson, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., 909 Poydras Street,**



Twenty-Eighth Floor, New Orleans, Louisiana, 70112, within thirty (30) days of service hereof.

In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are deemed to be continuing and supplementation of your responses is requested as information changes or more information becomes available.

## DEFINITIONS

When used herein, the following words have respectively the following meanings, unless otherwise indicated:

1) "PERSON" means person, party, corporation, partnership or concern, singular or plural.

2) "NAME" means full proper names, as well as all other names by which the person has been known.

3) "PLAINTIFFS" means Daryl A. Battaglia, Jr., Mandie Battaglia, their attorneys, and/or their representatives.

4) "DESCRIBE" means list and describe separately sufficient for the purposes of a motion for production thereof.

5) "DOCUMENTS" means all writings or computer data of any nature, including but not limited to:

    (a)    Formal or informal;

    (b)    Penned, penciled, drawn, crayoned, printed electronically stored or mechanically reproduced;

    (c)    Front and back; and

    (d)    Rough or smooth of:

        (I)    Correspondence, whether an original or a file copy thereof, whether directly sent or received, and whether copies of correspondence between other parties, including any type of

2

letters or forms substituting therefor;

(ii)      Intercompany communications;

(iii)     Intracompany communications;

(iv)      Telephone memoranda;

(v)       Notes;

(vi)      Endorsements, whether by pencil, pen, or interlineation on any copies of the foregoing, whether on all copies or not;

(vii)     Working notes of the same nature as "(vi)";

(viii)    Logs;

(ix)      Reports;

(x)       Detailed lists of work or service to be done under an agreement, oral or written, tacit or expressed;

(xi)      Business and investigation records made in the normal courset;

(xii)     Committee records, notes and minutes, whether secret, private or public;

(xiii)    Director's subcommittee and Board resolutions, whether a standing board or ad hoc;

(xiv)     Commissions of endeavor and letters of credence;

(xv)      Credential and recall of credentials;

(xvi)     Specifications and bill of material, in the original and in the copy of, whether final, tentative or working, including all working notes thereon, whether voided or not, modified or not, complete or not or approved or not;

(xvii)    Layout, structural and material specification changes, including all free hand or informal scaled design drawings;

(xviii)   Statistical forms;

(xix)     Personnel rosters;

3

(xx)      Job classifications and duty assignments;

(xxi)     Pictures and photographs, whether positive or negative;

(xxii)    X-rays, whether normal or of an advanced stage of the art;

(xxiii)   Contracts, modifications and rescissions thereof, including working proposals and endorsements thereon;

(xxiv)    Consultation reports;

(xxv)     Written requests and commentaries concerning consultative reports;

(xxvi)    Private diaries coming under the control or possession of responding party;

(xxvii)   Progress and performance reports, letters and communications;

(xxviii)  Written complaints, demands, assertions and breach of contracts;

(xxix)    Facsimiles, telexes, telegrams, mailgrams and wireless reports;

(xxx)     E-mail, data files, programs, floppy discs, or other data maintained or generated on or by computer;

(xxxi)    Insurance inspection reports pertaining to casualty risk of property as distinguished from third-party claims;

(xxxii)   Surveyor's reports, letters or written commentaries;

(xxxiii)  Work and job orders;

(xxxiv)   Acceptance of work or service documents.

6)   "IDENTIFY," "IDENTITY," AND "IDENTIFICATION" when used to refer to a

natural person, means to state the following:

(a)   The person's full name and present or last known home address, home

      telephone number, business address, and business telephone number;

(b)   The person's present title and employer or other business affiliation;

(c)   The person's home address, home telephone number, business address

4

and business telephone number at the time of the actions at which each Request is directed; and

    (d)    The person's employer and title at the time of the actions at which each Request is directed.

7)    "IDENTIFY," "IDENTITY," and "IDENTIFICATION," when used to refer to a document, means to state the following:

    (a)    The subject of the document

    (b)    The title of the document;

    (c)    The type of document (e.g., letter, memorandum, telegram, facsimile, email, chart);

    (d)    The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

    (e)    The identity of the person or persons who wrote, contributed to, prepared, or originated such document; and

    (f)    The present or last known location and custodian of the documents.

All responses directing the undersigned to the attention of an exhibit list will be deemed insufficient, incomplete and evasive. You must specify which particular document(s) on the exhibit list fulfills the information requested in the discovery request.

8)    "YOU" or "YOUR" means Teachers Insurance Company, its adjusters, investigators, attorneys, representatives, agents, underwriters, employees, executives, directors, officers, independent contractors, ANY wholly-owned or affiliated companies, or anyone else answering on their behalf.

9)     "REGARDING" means regarding, relating to, relevant to, concerning, evidencing, referring to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

All terms defined herein, and those not specifically defined, shall be given their usual and customary meaning.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Please admit that YOU are incorporated in a state other than Louisiana with YOUR principal place of business in Springfield, Illinois.

**REQUEST NO. 2:**

Please admit that YOU issued PLAINTIFFS a homeowner's insurance policy with policy number HO 1701365079 ("the Horace Mann Policy").

**REQUEST NO. 3:**

Please admit that the Horace Mann Policy was effective for the policy period September 17, 2004 through September 17, 2005.

**REQUEST NO. 4:**

Please admit that the Horace Mann Policy insures the residence located at 8320 Sabre Drive, Chalmette, Louisiana 70043 (the "Insured Premises").

**REQUEST NO. 5:**

Please admit that despite numerous requests, Horace Mann failed to provide PLAINTIFFS with a copy of the policy in force at the time of the loss.

**REQUEST NO. 6:**

Please admit that instead of providing a copy of the policy in force at the time of loss, YOU

6

instead provided a copy of the current policy.

**REQUEST NO. 7:**

Please admit that the current policy provides substantially the same coverage as the policy in effect at the time of the loss.

**REQUEST NO. 8:**

Please admit that, with respect to coverage for the residence and related private structures, the Horace Mann Policy is an "all risk" policy.

**REQUEST NO. 9:**

Please admit that the "all risk" Horace Mann Policy creates a special type of coverage extending to every conceivable loss or damage, unless clearly, specifically and expressly excluded therein.

**REQUEST NO. 10:**

Please admit that the current Horace Mann Policy provides Dwelling and Personal Property coverage.

**REQUEST NO. 11:**

Please admit the current Horace Mann Policy covers plaintiffs' residence, up to the liability limit of $119,000.00.

**REQUEST NO. 12:**

Please admit the Horace Mann Policy covers related private structures up to the liability limit of $11,900.00.

**REQUEST NO. 13:**

Please admit the Horace Mann Policy covers personal property up to the limit of liability of $71,880.00.

**REQUEST NO. 14**:

Please admit the Horace Mann Policy covers additional living expenses up to the limit of liability of $71,880.00.

**REQUEST NO. 15**:

Please admit the Horace Mann Policy covers PLAINTIFFS' debris removal expenses.

**REQUEST NO. 16**:

Please admit that on August 29, 2005, Hurricane Katrina struck the New Orleans area causing substantial property damage to PLAINTIFFS' insured property.

**REQUEST NO. 17**:

Please admit that in September 2005, PLAINTIFFS provided YOU with notice of loss at the Insured Premises as a result of Hurricane Katrina.

**REQUEST NO. 18**:

Please admit that PLAINTIFFS spoke with your representatives on several occasions.

**REQUEST NO. 19**:

Please admit that when PLAINTIFFS spoke with representatives of the insurance company, they were informed that the adjusters were not inspecting properties in the Chalmette area at that time.

**REQUEST NO. 20**:

Please admit that undersigned counsel telephoned you and the adjusters assigned to the claim.

**REQUEST NO. 21**:

Please admit that the adjusters assigned to the claim were Mr. Pat Goins and Mr. Eric Roberts.

**REQUEST NO. 22:**

Please admit that after multiple attempts to reach Mr. Goins and Mr. Roberts, Mr. Roberts returned counsel's telephone calls and advised that another adjuster had been assigned to the claim.

**REQUEST NO. 23:**

Please admit that on October 24, 2005, undersigned counsel notified YOU of PLAINTIFFS' loss again.

**REQUEST NO. 24:**

Please admit that YOU responded on November 6, 2005, opining that the Insured Premises sustained only $1,376.51 of covered damage.

**REQUEST NO. 25:**

Please admit that YOU submitted payment of $256.51 to PLAINTIFFS.

**REQUEST NO. 26:**

Please admit that on November 21, 2005, undersigned counsel responded to YOUR effective denial of the claim explaining that the "water damage" exclusion contained in the Horace Mann Policy did not preclude coverage.

**REQUEST NO. 27:**

Please admit that on November 21, 2005, undersigned counsel requested that, at a minimum, YOU submit payment for items clearly damaged by wind.

**REQUEST NO. 28:**

Please admit that on November 21, 2005, Counsel also requested that YOU submit payment for, among other damages, PLAINTIFFS' additional living expenses.

**REQUEST NO. 29:**

Please admit that on November 21, 2005, Counsel also requested that YOU submit payment

for, among other damages, PLAINTIFFS' debris removal expenses.

**REQUEST NO. 30:**

Please admit that on November 21, 2005, Counsel also requested that YOU submit payment for, among other damages, PLAINTIFFS' mandatory evacuation expenses.

**REQUEST NO. 31:**

Please admit that YOU responded on November 28, 2006 denying PLAINTIFFS' claim again.

**REQUEST NO. 32:**

Please admit that YOU opined in YOUR November 28, 2006 correspondence that the damages not addressed in the report of November 6, 2005 were excluded under the policy.

**REQUEST NO. 33:**

Please admit that YOU refused to assign a second adjuster to inspect the premises.

**REQUEST NO. 34:**

Please admit that on December 21, 2005, undersigned counsel responded to YOUR latest denial of coverage, reiterating its position that YOUR damage estimate was unreasonably low.

**REQUEST NO. 35:**

Please admit that in the December 21, 2005 correspondence, undersigned counsel repeated its request that YOU re-evaluate the damages and submit payment for PLAINTIFFS' damages.

**REQUEST NO. 36:**

Please admit that YOU repeated YOUR denial of the claim on December 22, 2005.

**REQUEST NO. 37:**

Please admit that to today's date, YOU have refused to take the minor step toward resolution and assign a second adjuster to evaluate the claim.

10

**REQUEST NO. 38**:

Please admit that after numerous additional telephone calls with YOU, PLAINTIFFS requested mediation with the American Arbitration Association.

**REQUEST NO. 39**:

Please admit that on May 24, 2006, PLAINTIFFS attempted to mediate the dispute.

**REQUEST NO. 40**:

Please admit that immediately prior to the mediation, PLAINTIFFS gave YOUR representative, Mr. Guy Sledge, an estimate for repairs to their fence.

**REQUEST NO. 41**:

Please admit that immediately prior to the mediation, PLAINTIFFS gave YOUR representative, Mr. Guy Sledge, an estimate for repairs to their gutters.

**REQUEST NO. 42**:

Please admit that immediately prior to the mediation, PLAINTIFFS gave YOUR representative, Mr. Guy Sledge, an estimate for repairs to the roof of their shed.

**REQUEST NO. 43**:

Please admit that PLAINTIFFS also provided Mr. Sledge with a detailed inventory of contents damages as the result of roof leaks caused by wind damage to their home.

**REQUEST NO. 44**:

Please admit that YOUR representative, Mr. Guy Sledge, refused to mediate in good faith.

**REQUEST NO. 45**:

Please admit that after approximately five minutes of an "opening statement," Mr. Sledge indicated that he attended the mediation only because he was required to.

**REQUEST NO. 46:**

Please admit that Mr. Sledge also indicated that he would not offer PLAINTIFFS any additional funds to resolve this dispute.

**REQUEST NO. 47:**

Please admit that despite YOUR liability for PLAINTIFFS' damages under the Horace Mann Policy, YOU have failed to tender full payment for PLAINTIFFS' damages.

**REQUEST NO. 48:**

Please admit that YOU have indicated that it is YOUR position that the majority of PLAINTIFFS' damages, if not all, were caused by "flood waters," and thus subject to various exclusions under the Horace Mann Policy.

**REQUEST NO. 49:**

Please admit that PLAINTIFFS' damages did not result from flood.

**REQUEST NO. 50:**

Please admit that PLAINTIFFS' damages did not result from surface water.

**REQUEST NO. 51:**

Please admit that PLAINTIFFS' damages did not result from waves.

**REQUEST NO. 52:**

Please admit that PLAINTIFFS' damages did not result from tidal water.

**REQUEST NO. 53:**

Please admit that PLAINTIFFS' damages did not result from overflow from a body of water or spray.

**REQUEST NO. 54:**

Please admit that PLAINTIFFS' damages did not result from overflow any other cause listed

in the water damage exclusion of the Horace Mann Policy.

**REQUEST NO. 55:**

Please admit that PLAINTIFFS' damages resulted from Hurricane Katrina.

**REQUEST NO. 56:**

Please admit that PLAINTIFF'S damages from Hurricane Katrina are an encompassed risk and covered loss under the Horace Mann Policy.

**REQUEST NO. 57:**

Please admit that any damages related to water sustained by PLAINTIFFS resulted solely from the breach of the levees and floodwalls along the Mississippi River Gulf Outlet ("MR-GO").

**REQUEST NO. 58:**

Please admit that the breach of the levees and floodwalls along the Mississippi River Gulf Outlet ("MR-GO"), were caused by the acts or omissions of a third party, the United States Army Corps of Engineers (the "Corps").

**REQUEST NO. 59:**

Please admit that the Corps' acts and omissions with respect to the design, construction, operation, repair and maintenance of the MR-GO caused PLAINTIFFS' damages.

**REQUEST NO. 60:**

Please admit that the Corps' acts and omissions with respect to the design, construction, operation, repair and maintenance of the levees purportedly protecting St. Bernard Parish caused PLAINTIFFS' damages.

**REQUEST NO. 61:**

Please admit that following an investigation of the levee failures coordinated by the Interagency Performance Evaluation Taskforce ("IPET"), the United States Army Corps of

Engineers conceded that the failure of the levee protection systems was caused by problems within its control.

**REQUEST NO. 62**:

Please admit that errors or omissions of the Corps are covered perils under the all-risk Horace Mann Policy.

**REQUEST NO. 63**:

Please admit that PLAINTIFFS have already sustained damages greater than $250,000.00 as a result of Hurricane Katrina.

Respectfully submitted,

JAMES M. GARNER #19589 T.A.
LAUREN L. HUDSON #28614
**SHER GARNER CAHILL RICHTER**
**KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR MANDIE BATTAGLIA AND**
**DARYL A. BATTAGLIA, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 6 day of October, 2006.

JAMES M. GARNER

14

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,7]
PETER L. HILBERT, JR. [1]
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [5]
KEVIN M. McGLONE
CHAD P. MORROW
LAUREN L. HUDSON [2]
ELLEN PIVACH DUNBAR

JEFFREY D. KESSLER [6]
KEITH L. MAGNESS
R. SCOTT HOGAN
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA C. RUSSO
ADAM J. SWENSEK
KATHERINE A. WILKINSON

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

November 20, 2006

**Via E-Mail and U.S. Mail**

Teachers Insurance Company
Through Counsel of Record
Tina L. Garmon, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130

> Re:   *Mandie Battaglia, wife of/and*
>       *Daryl A. Battaglia, Jr. v.*
>       *Horace Mann Insurance Company, Horace*
>       *Mann Property & Casualty and Teachers*
>       *Insurance Company*
>       U.S.D.C., E.D. La. No. 06-04529, Sec. "S," Mag. 3
>       Our reference: 20779.0002

Dear Counsel:

     According to our records, responses to our discovery requests are overdue. We have enclosed for your convenience another copy of these discovery requests. We would like to conduct a 10.1 conference with you regarding the discovery requests on Monday, November 27, 2006 at 10:00 am. If you are unavailable at this time, please let us know so that we may re-schedule the telephone conference. We would also like to take the corporate deposition of your client in the near future. Please let us know when your client is available for a corporate deposition.

                              Cordially,

                              *Lauren Hudson*

                              James M. Garner
                              Lauren L. Hudson

**EXHIBIT**

**F**

tabbies®

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
A LAW CORPORATION
27TH FLOOR, PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

TEL: (504) 568-1990
FAX: (504) 310-9195

INTERNET ADDRESS:
tgarmon@ lawia.com

# FAX TRANSMISSION

Date:       November 22, 2006

To:         Lauren Hudson                    Facsimile No. 299-2300

Company:

From:       Tina L. Garmon

Pages:      2        (including this sheet)

Message:

Mandie Battaglia & Daryl Battaglia, Jr.

Please see the attached for your review. Thank you.



EXHIBIT
tabbies
G

## CONFIDENTIALITY NOTICE

THIS FACSIMILE TRANSMISSION (AND ANY DOCUMENTS ACCOMPANYING IT) MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT OUR COST TO ARRANGE FOR RETURN OF THE DOCUMENTS.

## LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
### A LAW CORPORATION
27TH FLOOR, PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

TINA L. GARMON

TEL (504) 568-1990
FAX (504) 310-9195
tgarmon@lawla.com

November, 2006



RECEIVED
NOV 2 5 2006
By_____

*Via Facsimile: 299-2300*
Lauren L. Hudson
Sher Garner Cahill Richter Klein & Hilbert, LLC
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033

      Re:    **Mandie Battaglia wife of/and Daryl A. Battaglia, Jr. v. Horace Mann Insurance Company**
               **USDC - Eastern District of Louisiana - Civil Action No.: 06-4529**

Dear Ms. Hudson:

    On Tuesday, November 22, 2006, I received several duplicate copies of Mandie and Dayl Battaglia's Interrogatories and Request for Production of Documents to Horace Mann Property and Casualty ("Horace Mann"). Under the federal rules, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." See Fed. R. Civ. P. 26(d). The parties have not yet had their Rule 26(f) conference.

    Unless you tell us that you would prefer to withdraw these discovery requests and serve new ones following the Rule 26(f) conference, we will calendar our response date for 30 days following the day we have the conference.

    Should you have any questions, please feel free to contact me.

                    Sincerely,

                    Tina L. Garmon

TLG/msb

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,2]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [5]
KEVIN M. McGLONE
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR

JEFFREY D. KESSLER [6]
KEITH L. MAGNESS
R. SCOTT HOGAN
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA C. RUSSO
ADAM J. SWENSEK
KATHERINE A. WILKINSON

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

November 27, 2006

**Via E-Mail and U.S. Mail**
Tina L. Garmon, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130

Re:  *Mandie Battaglia, wife of/and*
*Daryl A. Battaglia, Jr. v.*
*Horace Mann Insurance Company, Horace*
*Mann Property & Casualty and Teachers*
*Insurance Company*
U.S.D.C., E.D. La. No. 06-04529, Sec. "S," Mag. 3
Our reference: 20779.0002

Dear Ms. Garmon:

In light of your letter of November 22, 2006, we assume that you disagree with our proposal to waive the rule 26 conference and initial disclosures. Accordingly, we would like to schedule a Rule 26 conference for Thursday, November 30, 2006 at 10:00. If you are unavailable at this time, please let us know and we can conduct the conference on Friday, December 1, 2006 at 1:00 p.m. We look forward to speaking with you.

Cordially,

*Lauren Hudson.*

James M. Garner
Lauren L. Hudson

**EXHIBIT**
**H**