UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCES IVKER, WIFE OF/AND BARRY IVKER | ) |
| | ) CASE NO.  06-8942 |
| Plaintiffs, | ) |
| | ) JUDGE STANWOOD DUVAL JR |
| vs. | ) |
| | ) MAG. JUDGE JOSEPH |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) WILKINSON JR. |
| SUSAN GEOGHEGAN AND XYZ INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

_____

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

MAY IT PLEASE THE COURT:

Defendants, Susan Geoghegan, along with State Farm Fire and Casualty Company
("State Farm"), a Write-Your-Own ("WYO") Program carrier participating in the United States
government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood
Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in its "fiduciary"[2] capacity, as
the "fiscal agent" of the United States"[3] and at the expense of the U.S. Treasury,[4] and file this
Opposition to Plaintiffs' Motion to Remand as follows:

---

[1] 42 U.S.C. §4001, *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[4] *Moffett v. Computer Sciences Corp,* ___ F.Supp.2d ___ 2006 WL 3000121, *10-12 (D.Md. Sept. 29, 2006).

## PREAMBLE

Plaintiffs' Memorandum in Support of Motion to Remand is apparently a *form*-type document, which asserts numerous arguments that might apply to other cases, but which have no relevance to this dispute. For instance, Plaintiffs present a whole host of arguments concerning 28 U.S.C. §1369(a) ("the MMTJA"), despite the fact that in this case, Defendants did not invoke that statute as one of its grounds for removal. In addition, Plaintiffs argue that their Petition does not assert any claims handling allegations with respect to the flood policy. This is not correct.

Just as Plaintiffs filed a form-based type of Motion to Remand, their Petition is likewise form-based. As will be discussed herein, their Petition clearly does include both breach of contract and claims handling allegations, *and these are not in any sense limited to the homeowners' policy*. For instance, Plaintiffs' breach of contract allegation found at paragraph 32 of the Plaintiffs' Petition, expressly references both policies in the plural, rather than just claiming breach of a singular policy:

> Petitioners maintain that insurer's proceeding conduct constitutes a breach of the contract as embodied by the aforementioneds' insurance policies. (Petition, ¶31)

Further still, Plaintiffs do virtually nothing to establish that they have any possibility of an actual recovery against the insurance agent, Susan Geoghegan. Not one date of the supposed misdeeds of Ms. Geoghegan is to be found anywhere within Plaintiffs' Petition, nor are any dates mentioned in Plaintiffs' Motion to Remand. As for Ms. Geoghegan, and while she lost her office and most of her records in Hurricane Katrina, she personally remembers both of these insureds, for Dr. Ivker was formally Ms. Geoghegan's OB-GYN (Ex. A). She would personally remember her contacts with these insureds, given her medical relationship with Dr. Ivker. As per her attached affidavit, and as well as the affidavit from State Farm itself, there was no contact between these insureds and either the company or the agent in a timeframe that would lead to

any possibility of a viable recovery against Ms. Geoghegan in light of *Dobson v. Allstate*, 2006 WL 2078423 (E.D.La. July 21, 2006). (Exs. A, B)

At bottom, Defendants pray that this Honorable Court will hold both parties to the full measure of the "well-pleaded Complaint rule." Plaintiffs' Petition does include both breach of contract and extra-contractual claims handling allegations that are not in any sense limited to just the homeowners' policy. Moreover, the Petition fails to set forth any viable claim against the agent, much less one that is neither prescribed nor perempted.

## ARGUMENT

Defendants will present this Court a more truncated Memorandum in Opposition in this matter, given that the Plaintiffs' Motion to Remand is not actually tailored to the Petition in this lawsuit. Defendants submit that Plaintiffs' Petition on its face pled claims that gave State Farm the right to invoke this Honorable Court's removal jurisdiction pursuant to both 42 U.S.C. §4072 and 28 U.S.C. §1331. Also, per the attached affidavits, the dates of occurrence in this case clearly place this case within the parameters of diversity jurisdiction as per *Dobson, supra*.

In the light of the Plaintiffs' Petition and their Memorandum in Support of Motion to Remand, Defendants will first examine what is actually pleaded in the Plaintiffs' Petition for Damages. Thereafter, Defendants will establish that its removal of this case is justified under 42 U.S.C. §4072 (the flood program's exclusive jurisdiction statute), to 28 U.S.C. §1331 (federal question jurisdiction), and finally 28 U.S.C. §1332 (diversity jurisdiction).

## 1.     Plaintiffs' Well-Pleaded Petition

Plaintiffs' Petition is nowhere near as confined as Plaintiffs argue within their Memorandum in Support of Motion to Remand. At page 1 of Plaintiffs' Memorandum, they assert their position as follows:

This Court lacks subject matter jurisdiction over this matter. This is a case that is based on the procurement of the proper type/amount of insurance coverage and the amounts paid by a homeowners' carrier. Nothing more, nothing less. Additionally, Plaintiffs do not allege any cause of action based upon the adjustment or administration of any flood policy. There is no diversity of citizenship. (Plaintiffs' Memo, pp. 1-2)

Turning now to Plaintiffs' actual Petition, Defendants note the following:

At paragraph 4 of the Petition, Plaintiffs allege that they entered into a contract "underwritten by the National Flood Insurance Program, for flood insurance with Policy No. 98-RF-9551-9," with State Farm.

At paragraphs 8 and 9 of the Petition, Plaintiffs allege that their home "was significantly damaged, including, but not limited to, a total loss of the premises and contents located on the first floor," as a result of Hurricane Katrina.

At paragraphs 11 of the Petition, Plaintiffs allege that "[a] significant portion of petitioners' damage was caused by storm surge."

At paragraph 13 of the Petition, Plaintiffs allege that, "Insurer sent an adjuster to evaluate petitioners' losses. The adjuster acted as Insurer's legal agent."

At page 3 of the Petition, Plaintiffs begin laying out their "causes of action against Defendant insurer" State Farm.

At paragraph 17 of the Petition, Plaintiffs allege that State Farm's conduct breached a duty to make a reasonable effort to settle claims (plural) with the insured.

At paragraph 18 of the Petition, Plaintiffs allege that State Farm misrepresented pertinent facts for insurance policy provisions, failed to pay settlement within thirty days, denied coverage or attempted to settle a claim on the basis of an application which State Farm knew was altered without notice, knowledge or consent of the insured, mislead the Plaintiffs as to the applicable

-4-

prescriptive periods, and failed to pay the amount of any claim due the Plaintiffs insured by the contract within sixty days after receipt of a satisfactory Proof of Loss.

At paragraphs 24 and 25 of the Petition, Plaintiffs allege again that State Farm failed to initiate loss adjustment within thirty days of being notified of Plaintiffs' claim and/or after being provided satisfactory Proof of Loss.

At paragraph 28 of the Petition, Plaintiffs allege that State Farm failed to take into account the increase in cost of materials and instructed its adjusters to under value and/or delay the Plaintiffs' claim.

At page 6 of the Petition, Plaintiffs lay out a wholly independent count "**E. Breach of Contract**" wherein Plaintiffs allege that State Farm's alleged conduct "constitutes a breach of the contract as embodied by the aforementioned insurance <u>policies</u>." (Emphasis added.)

**2.       42 U.S.C. §4072**

Despite the Plaintiffs' protestations to the contrary, the Petition clearly does assert both a claim of breach of contract with respect to the flood policy, as well as claims handling allegations as to the flood policy. As such, Defendants properly invoked this Court's jurisdiction pursuant to 42 U.S.C. §4072.

It is a settled proposition both nationally and in this courthouse that NFIP-related lawsuits that challenge the way a WYO carrier handled a flood claim are subject to the exclusive jurisdiction of the United States pursuant to 42 U.S.C. §4072. The best example of an appellate court so-holding is *Van Holt v. Liberty Mutual,* 163 F.3d 161 (3rd Cir. 1998) (on rehearing). In *Van Holt*, the plaintiffs did not sue for federal benefits under the policy itself. Instead, the plaintiffs alleged that the defendant WYO carrier had violated New Jersey's consumer protection

statutes in how the NFIP claim had been handled. The Third Circuit, on rehearing, held that such

a lawsuit would still be restricted to the original exclusive jurisdiction of the federal courts:

> Consequently, we conclude that the district court had jurisdiction under §4072 over the Plaintiffs' suit alleging that Liberty Mutual violated the New Jersey Consumer Fraud Act and acted in bad faith. Although the Van Holts' suit does not explicitly allege that Liberty Mutual violated the insurance policy contract, their lawsuit should be deemed an action subject to the Act. The statutory and regulatory scheme reveals that Congress would have intended to give the district court original exclusive jurisdiction had Congress considered the issue. Most importantly, federal funds are at stake in this suit. Congress would want federal courts to adjudicate disputes over federal flood insurance policies for which the federal government would be responsible for reimbursing the WYO company if the claimant prevails. Although the Van Holts' claims sound in tort, their causes of action alleging impropriety in the investigation and adjustment of their insurance claim are intimately related to the disallowance of their insurance claim. *Id*. at 167.

Expressing the same reasoning, Judge Vance of this Court wrote the following in *Corliss*

*v. So. Carolina Ins. Co.*, 2004 WL 2988497 (E.D.La. Dec. 14, 2004):

> The NFIA grants federal courts original exclusive jurisdiction over lawsuits against insurance companies for disallowing claims made by insureds under SFIPs. 42 U.S.C. §4072. Thus, when an insured sues over the handling of its claim under the policy, that suit must be brought in federal court. *Id*.; *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1996). Because Plaintiffs originally asserted a claim against SCIC that challenged the way SCIC handled Plaintiffs' claim under the SFIP, removal to this Court was proper. *Id*. at *2

A similar holding is found in *Lauer v. Cover*, 2006 WL 2700059 (E.D.La. Sept. 18,

2006). In *Lauer*, the plaintiff "alleges that State Farm acted in improperly in administering the

claims under the flood insurance policy." *Id*. at *2. Judge Berrigan found that, "It is clear that the

federal district courts have exclusive subject matter jurisdiction in cases arising out of claims

under insurance policies issued pursuant to the NFIP. *Id*. at *1.

Because the Plaintiffs chose, as the master of their claim, to include a claim in their

Petition that affirmatively puts at issue how State Farm handled and administered their claim for

benefits under their flood policy, that this Court has original exclusive jurisdiction over this case pursuant to 42 U.S.C. §4072.

**3.      28 U.S.C. §1331:**

Even if it were not a settled proposition that petitions of this type are subject to the exclusive jurisdiction of the federal courts, there would still be a separate basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. In this regard, even those few courts that have declined to hold that because of 42 U.S.C. §4071(a)(1), that 42 U.S.C. §4072 does apply to claims against WYO Program carriers, have nevertheless consistently held that jurisdiction over such cases properly lies in federal court under 28 U.S.C. §1331. See, e.g., *Downey v. State Farm Fire & Cas. Co.,* 266 F. 3d 675*, rehearing denied* 276 F.3d 243 (7th Cir. 2002); and *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir.2002).

Those courts that have declined to hold that §4072 supplies a statutory jurisdictional predicate to jurisdiction over cases of this type, nevertheless find federal jurisdiction under §1331 given the forum selection clause of the SFIP. *Downey, supra*, 276 F.3d at 244. That clause, which is found within every SFIP (including these Plaintiffs') reads as follows:

> You may not sue us to recover money under this policy unless you have complied with all of the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all of part of the claim, and you must file the suit in the United States District Court of the district on which the covered property was located at the time of loss. **This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.** (emphasis added) 44 C.F.R. Pt. 61, App. A(1), Art. VII(R)

The most prominent decision in this category is the Fourth Circuit's decision in *Battle, supra*. In *Battle*, the district judge had granted the WYO carrier's Motion for Summary Judgment concerning the claim for benefits under the policy, and then remanded to state court all state-law-based claims arising out of how the WYO carrier had handled the plaintiff's SFIP claim. The

plaintiff/insured appealed the summary judgment as to the breach of contract action, and the WYO carrier appealed the remand order as to the state law claims. On appeal, the Fourth Circuit affirmed the summary judgment ruling denying further benefits under the policy, and then REVERSED the district judge's decision to remand the state law claims to state court. *Battle, supra*, 288 F.3d at 606-609. Those too were deemed subject to the federal court's jurisdiction under 28 U.S.C. §1331.

Given that the Plaintiffs' Petition, on its face, makes a claim arising out of how Plaintiffs' claim for federal benefits was handled by Defendant State Farm, this case is properly subject to this Honorable Court's federal question jurisdiction under 28 U.S.C. §1331.

**4.      28 U.S.C. §1332:**

Removal to this Court was proper because this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiffs are alleged to be citizens of the State of Louisiana. State Farm is a foreign insurer. Although Geoghegan, the Defendant agent, is a citizen of Louisiana, her citizenship does not defeat this Court's subject matter jurisdiction because Plaintiffs improperly joined Geoghegan. Therefore, complete diversity exists as to all properly joined parties. Further, the amount in controversy exceeds $75,000, as will be established later herein.

The standard for determining when a defendant has been improperly joined recently was explained by the Fifth Circuit in *Hornbuckle v. State Farm Lloyds*, wherein the court stated:

> For removal purposes, a local defendant is deemed fraudulently joined not only
> when there is no arguably reasonable basis for predicting that the local law would
> recognize the cause of action pled against that defendant, but also when, as shown
> by piercing the pleadings in a summary judgment type procedure, there is no
> arguably reasonable basis for predicting that the plaintiff would produce sufficient
> evidence to sustain a finding necessary to recover against that defendant. Were
> this not the rule, the removal rights of out-of-state defendants would largely be
> theoretical and practically meaningless. 385 F.3d 538, 545-56 (5th Cir. 2004).

In analyzing this standard, the Fifth Circuit has held that courts "must determine whether there is arguably a *reasonable* basis for predicting that state law might impose liability." See *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2005) (emphasis in original, citations omitted); *Smallwood*, 385 F.3d at 573. In other words, "there must be a reasonable possibility of recovery, not merely a *theoretical* one." *Id*. Additionally, "in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' [is] insufficient to create an issue if there is no basis for those facts." *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 393 (5th Cir. 2000) (quoting *Jernigan*, 989 F.2d at 816). A court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id*. at 394.

Significantly, these rules have been applied to instances of improper joinder of insurance agents and adjusters.[5] In the instant case, based on the allegations in the Petition at the time of removal, there is no possibility that Plaintiffs can obtain relief against Geoghegan.

There is no possibility that Plaintiffs can obtain relief against Geoghegan because there Petition fails to actually state any viable claim against Geoghegan. Nowhere within the Petition does it assert a specific request from the Plaintiffs to Ms. Geoghegan, that she then agreed to undertake, and then that she failed to do it. Similarly, there is no assertion of an actual misrepresentation of a discreet fact by Ms. Geoghegan. All that the Plaintiffs assert is the vaguest of possible information that the agent said that the flood and homeowners' policies were

---

[5] See, e.g., *Ragas*, 2006 WL 2925448 (Feldman, J.) (denying motion to remand where agent improperly joined); *Dobson v. Allstate Ins. Co.*, No. 06CV0252, 2006 WL 2078423 (Vance, J.) (same); *Cresson v. State Farm Fire and Cas. Co.*, No. 06CV4763, 2006 WL 2912824 (E.D. La. Oct. 5, 2006) (McNamara, J.) (same); *Perez v. Metropolitan Prop. and Cas. Ins. Co.*, No. 06CV2574, 2006 WL 2178753 (E.D. La. July 28, 2006) (Lemelle, J.) (same); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005) (Duval, J.) (finding adjuster was fraudulently joined where plaintiff failed to establish reasonable basis of recovery).

"complimentary." Simply put, if the so-called "facts" set forth in the Plaintiffs' pleadings[6] are true, there is no viable claim stated against Geoghegan in the Plaintiffs' Petition.

The agent allegations here are identical to those in *Davis v. Allstate* and *Wellmeyer v. Allstate*, wherein this Court denied the plaintiffs' motion to remand. *See Davis*, 2006 WL 2078423 at *9 (Vance, J.); *Wellmeyer*, 2006 WL 2078423 at *9 (Vance, J.). As in *Davis* and *Wellmeyer*, Plaintiffs have not alleged that they made any specific inquiry to Geoghegan for a particular type or amount coverage. See *Id*. Further, like the plaintiffs in *Davis* and *Wellmeyer*, Plaintiffs merely contend that they relied on the agent, Geoghegan, to procure adequate coverage. See *Id*. Because Geoghegan had no duty to spontaneously identify Plaintiffs' needs and advise them as to whether they are insufficiently insured, as in *Davis* and *Wellmeyer*, the Plaintiffs' allegations fail to state a claim against Geoghegan. See *Id*.[7]

Plaintiffs also have no possibility of obtaining relief against Geoghegan because their claims clearly are perempted on their face.[8] La.R.S. 9:5606 provides a one-year/three-year peremptive period for claims against insurance agents, which completely eliminates any right to

---

[6] Please recall that the pleadings standard under Louisiana civil practice is fact pleading, which is different from the federal court notice pleading requirement.

[7] *See also, Cheryl B. Frischertz v. Lexington Ins. Co.*, No. 06-5676, Rec. Doc. No. 37 (E.D. La. Nov. 3, 2006) (denying motion to remand and finding that "the [insured] is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy") (internal citations omitted); *Rodney & Patra Parker v. Lexington Ins. Co.*, No. 06-4156, Rec. Doc. No. 21 (E.D. La. Nov. 11, 2006) (finding that the plaintiffs did not state a cause of action against the defendant agent because they did not allege that the agent failed to give advice about an area in which he had superior knowledge given his insurance expertise and because the plaintiffs themselves were in a far better position that the agent to know that their property was worth more than the coverage limits that they selected).

[8] "When the plaintiff's petition is perempted on its face, the burden shifts to the plaintiff to show why the claim has not perempted." *Dauterive Contractors, Inc. v. Landry & Watkins*, 811 So. 2d 1242, 1253 (La. App. 3d Cir. 2002). Because plaintiffs' claims plainly have been perempted, the burden is on them to establish that Geoghegan is not improperly joined.

-10-

a cause of action after the requisite time period.[9] See La. R.S. 9:5606(A), (D). There is no dispute that Geoghegan is an insurance agent and that she sells insurance. Therefore, the statute applies to Geoghegan.

As to the prescription/peremption issue, the Court is asked to first notice that Plaintiffs have studiously avoided mentioning any dates whatsoever within their Petition for Damages. Nowhere do they assert that Ms. Geoghegan did anything in a timeframe that would allow Plaintiffs to obtain a judgment against her. Next, the Court is asked to examine the attached affidavits of both State Farm and Ms. Geoghegan. (Exs. A, B) The State Farm affidavit establishes that Plaintiffs' flood policy was in effect for many years, and the only changes to limits of that policy were adjustments due to inflation. Ms. Geoghegan's affidavit establishes that she is personally familiar with Dr. Ivker because Dr. Ivker was her OB-GYN. Accordingly, and despite the fact that Ms. Geoghegan lost all of her records that bear upon this matter in Hurricane Katrina, she is still able to attest to this Court that she had no contact with these people in any way that would allow a holding that she committed an act or omission vis-à-vis these Plaintiffs during a timeframe that is not either prescribed or perempted.

Also, please consider that under well-settled Louisiana law, the fact that Plaintiffs renewed their insurance policy each year does not toll the peremptive period. As Judge Vance explained in *Dobson*, "renewals do no operate to restart peremption." *See Dobson*, 2006 WL

---

[9] *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) ("Peremption differs from prescription in several respects. While prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation, peremption extinguishes or destroys the right"). See also, *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1181 (La. App. 5th Cir. 2004) ("La. Civil Code Art. 3458 defines peremption as 'a period of time fixed by law for the existence of a right.' Further, under that article 'unless timely exercised, the right is extinguished upon the expiration of the peremptive period.'"); *Coffey v. Block*, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000).

2078423 at * 8. Plaintiffs cannot avoid peremption by claiming that they did not realize that they were under-insured until after Hurricane Katrina because their insurance policy itself was sufficient to put them on notice of this fact years ago. Louisiana has long recognized that a prescriptive period begins to run when a Petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a tort. See, e.g., *Dobson*, 2006 WL 2078423, at * 9 (stating that "[a] prescriptive or preemptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); *Campo v. Correa, M.D.*, 828 So. 2d 502, 510 (La. 2002). A person is deemed to have constructive knowledge when a reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry." *Id*.

Further, under Louisiana law, insureds are deemed to have read and know the provisions of their insurance contracts. *See T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667 (5th Cir. 2001) (stating that under Louisiana law, "an insured is presumed to know the provisions of his policy"); *Dobson*, 2006 WL 2078423 at *9 (stating that "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions"); *Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 686 (La. App. 2d Cir. 1995) (stating that "[a]n insured is presumed to know the provisions of his policy"); *Matthews v. Business Men's Assurance Co. of America*, 478 So. 2d 634, 637 (La. App. 2d Cir. 1985). The insurance policy itself was sufficient to place Plaintiffs on notice regarding the sufficiency of their flood policy limits. In short, when the Plaintiffs purchased the policy in 1996, and, at a minimum, when they continued to renew the policy each year and to pay premiums on their flood policy, they had all of the information needed to "excite attention" and put them on inquiry. Therefore, Plaintiffs' claims are perempted because they filed suit more than a year from the date they knew or should

-12-

have known of their cause of action. See *Id; Simmons v. Templeton*, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

Finally, it is irrefutable that the amount in controversy exceeds $75,000, given a fair reading of the Plaintiffs' Petition for Damages. The Plaintiffs' Petition does not allege an exact amount of damages. However, Plaintiffs have alleged that their State Farm homeowners' policy had limits of $185,200 for property damage and $177,780.00 for personal property coverage. (Petition, ¶3) Additionally, Plaintiffs allege that they received only $4,900.00 under their homeowners' policy. (Petition, ¶14)   Further, Plaintiffs have not alleged any payment under the SFIP with building limits of $185,200 and $18,600 for contents coverage.

At paragraph 9 of the Petition, Plaintiffs allege that their home was "significantly damaged" and that the building was a "total loss" as well as all contents located on the first floor.  (Petition, ¶9)

Further, Plaintiffs also attempt to state causes of action in the Petition under La.R.S. 22:658 and 22:1220, which provide for awards of damages and penalties. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorney's fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). While State Farm denies that Plaintiffs are entitled to any penalties or other relief, such penalties demanded by Plaintiffs are thus included in determining the jurisdictional amount.

Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction. Because there is complete diversity and the amount in controversy exceeds $75,000, there is federal jurisdiction over this action.  28 U.S.C. §1332. *See, Albarado v. State Farm Mut. Auto Ins. Co.*, No. 91-2036, 1991 WL 165733, (E.D. La. Aug. 20, 1991) (Policy limits plus statutory penalties are properly considered when determining if jurisdictional amounts are met.) See *Albarado v. State Farm Mut. Auto. Ins. Co. And St. Paul Co. v. Greenburg*, 134 F. 3d 1220, 1253 (5 Cir. 1998) (noting

that the attorney's fees and penalties are included in determining jurisdictional amounts when party could be liable for same).

## CONCLUSION

Defendants ask that the Plaintiffs be held to the full measure of the well-pleaded Complaint rule. They did not confine their allegations to just homeowners' claims, and just a claim against the agent, as they contend in their Motion to Remand. Their Petition complains of breach of contract and extra-contractual claims handling issues as to both policies. Alternatively, because the Plaintiffs' claims against Geoghegan are (1) non-viable, (2) prescribed and (3) perempted, Defendants properly invoked this Court's jurisdiction under 28 U.S.C. §1332.

WHEREFORE, for all of the reasons assigned herein, Defendants pray that this Honorable Court will deny the Plaintiffs' Motion to Remand.

Dated: November 21, 2006.

Respectfully submitted,

Nielsen Law Firm, L.L.C.

/s/ Gerald J. Nielsen
Joseph J. Aguda Jr., #27762
Counsel to be Notified Via Electronic Filing
Gerald J. Nielsen, #17078
Counsel to be Notified Via Electronic Filing
Three Lakeway Center
3838 N. Causeway Blvd, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Counsel for Defendants State Farm Fire and
Casualty Company and Susan Geoghegan

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Brian D. Katz
> 820 O'Keefe Ave
> New Orleans, LA 70113

Temp contact: 201 St. Charles Ave, Suite 4310
> New Orleans, LA 70113

I further certify that on November 21, 2006, I mailed and faxed the foregoing document and the notice of electronic filing to the following non-CM/ECF participants:

> N/A

> /s/*Gerald J. Nielsen*
> Gerald J. Nielsen