UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K" (2) |
| | * | |
| PERTAINS TO LEVEE: | * | JUDGE DUVAL |
| | * | |
| PAUL, NO. 06-7682 | * | MAG. WILKINSON |
| | * | |

REPLY IN SUPPORT OF CSX TRANSPORTATION, INC.'S MOTION FOR
DISMISSAL UNDER RULE 12(b)(6) OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

    Plaintiffs seem to oppose the motion to dismiss or for summary judgment filed by CSX

Transportation, Inc. ("CSXT"), Dkt. 1530, on four grounds:  (1) the defense of preemption does

not "appear on the face of" plaintiffs' complaint; (2) the evidence that CSXT proffers in support

of summary judgment is different from the evidence plaintiffs would like to have seen; (3) the

functions and not-for-profit status of the New Orleans Public Belt -- the entity that assumed

responsibility for damages to the flood gate at issue -- preclude it from expending funds to repair

damaged flood gates; and (4) discovery should proceed before CSXT's motion is considered.

Dkt. No. 1767.  None of these assertions has merit.

1.      As CSXT's opening brief explained, plaintiffs' claims against CSXT are preempted by the Federal Railroad Safety Act ("FRSA") and the Interstate Commerce Commission Termination Act ("ICCTA"). On this basis, and because plaintiffs failed to allege a duty owed by CSXT to them, CSXT moved to dismiss plaintiffs' claims.

Plaintiffs' Opposition Brief ("Opp.") does not challenge the merits of CSXT's motion to dismiss – plaintiffs cite not a single authority contradicting CSXT's claim of preemption, and neither defend nor discuss the absence in the complaint of any allegations of legal duty. Instead, plaintiffs contend that preemption cannot be resolved at this juncture because its applicability is not clear on the face of plaintiffs' complaint. Opp. at 6, 8.

In fact, CSXT's preemption defense hinges on allegations found in plaintiffs' complaint. The complaint alleges that CSXT is liable to plaintiffs for damages flowing from CSXT's supposed role in a September 2004 derailment – a role CSXT has disputed with admissible evidence. Nevertheless, in their complaint plaintiffs allege that CSXT negligently operated a train, failed to properly repair and maintain railroad tracks, and failed to take proper steps to avoid derailment. *See* Complaint ¶ 38. These allegations are the very paradigm of preempted railway claims, focused as they are on how and where CSXT places track and how it runs its railroad. As explained in CSXT's Opening Brief, the claims as to CSXT's supposed failure to "repair," "maintain," and "control" its rail line and rail cars, Complaint ¶ 38, are subsumed by the FRSA and the Department of Transportation's preemptive regulations. For purposes of preemption analysis, state law causes of action, such as those alleged here, are a form of regulation, and thus come within FRSA's preemptive reach. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993) ("Legal duties imposed on railroads by the common law fall within the scope of these broad phrases."). Similarly, because plaintiffs complain about the "remedies

provided . . . with respect to . . . [CSXT's] routes" and the "construction, acquisition, [and] operation" of "spur, industrial, team, switching, or side tracks, or facilities . . . " plaintiffs' claims are preempted by the ICCTA. *See Wisconsin Cent. Ltd. v. City of Marshfield*, 160 F. Supp. 2d 1009, 1013 (W.D. Wisc. 2000) ("It is clear that the ICCTA has preempted *all* state efforts to regulate rail transportation." (emphasis added)); *see also* 49 U.S.C. § 10501. Thus, it is precisely the allegations of the complaint that implicate the FRSA and ICCTA and give rise to the defense of preemption.

2.    In support of its alternative motion for summary judgment, CSXT submitted an affidavit of Jim Bridger, General Manager at NOPB, and a declaration of Tom T. May, Terminal Manager–New Orleans for CSXT. Both establish that CSXT was not operating the train that derailed in September 2004, and that the derailment did not occur on tracks owned by CSXT. *See* Exhibits 1 and 2 to CSXT's Motion to Dismiss or for Summary Judgment [Dkt. No. 1530]. Plaintiffs do not challenge the admissibility or veracity of these affidavits, and do not raise a single issue of disputed fact regarding their assertions.    Instead, plaintiffs suggest that they would like to see an accident report. Opp. at 6.

CSXT has filed admissible evidence in support of its motion for summary judgment. Plaintiffs, having had full opportunity, have failed to dispute that evidence. CSXT's evidence is thus undisputed. There is no requirement, under Federal Rule 56 or otherwise, of an accident report. Because the undisputed evidence establishes that CSXT did not operate the derailed train, and because plaintiffs' only "factual" allegation as to CSXT is that it operated the derailed train, summary judgment should be entered in favor of CSXT.

3.    Plaintiffs' lone substantive argument in opposition to CSXT's motion for summary judgment is that CSXT has "ignored" the status and function of the New Orleans

Public Belt ("NOPB"), the entity that assumed responsibility for the flood gate damage caused by the September 2004 derailment. Opp. at 10.

CSXT has proffered admissible evidence showing that CSXT was not operating the train that derailed in September 2004 and that the derailment did not occur on CSXT tracks. These are the only possible bases for plaintiffs' assertion that CSXT is liable to them in this action.[1] Plaintiffs have not disputed CSXT's evidence. Whether NOPB is a not-for-profit entity that operates under contracts with other railroad entities (Opp. at 10) is not relevant to a determination – now undisputed -- that CSXT did not play the role in the September 2004 derailment that the complaint suggests.

4.    Finally, plaintiffs contend that they cannot oppose CSXT's motion for summary judgment absent discovery. Despite citing cases that specifically require plaintiffs to support such a contention by affidavit, plaintiffs have provided no affidavit – nor, indeed, any argument at all – explaining how they will be able to dispute CSXT's summary judgment evidence through discovery. A naked plea for discovery is insufficient to evade summary judgment.[2] Absent a Rule 56(f) affidavit itemizing specifics about what discovery might yield and why it is necessary, plaintiffs' plea at postponement is idle.

**WHEREFORE** CSX Transportation, Inc. moves this Court to dismiss the plaintiffs' Complaint or, in the alternative, to grant summary judgment in its favor.

---

[1] Plaintiffs' Opposition appears to contend, for the first time, that CSXT might be held liable under an "enterprise" theory. The complaint includes no such legal theory, and no factual allegations in support of such theory. Plaintiffs cannot amend their complaint through an opposition brief. *See, e.g., Downs v. Liberty Life Assurance Co. of Boston*, Civ. A. No. 3:05-CV-0791-R, 2005 U.S. Dist. LEXIS 22531, at *11 (N.D. Tex. Oct. 5, 2005).

[2] *See* CSXT's Memorandum in Opposition to Motion By Plaintiffs for FRCP 56(f) Relief, filed November 27, 2006, and incorporated herein by reference.

Respectfully submitted,

   s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
   -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
   -of-
RODNEY & ETTER, L.L.C.
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

   I hereby certify that on this 27th day of November, 2006, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

       s/ Jonathan C. McCall