Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Lombard v. New Orleans Naval Support ActivityE.D.La.,2004.Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
Carla LOMBARD, Individually and on behalf of the estate of Antonio Jesus Lombard
v.
NEW ORLEANS NAVAL SUPPORT ACTIVITY COMMISSION, et al
Tony A. LOMBARD, Individually and as the Administrator of the estate of Antonio Jesus Lombard
v.
GOODWORKS, INC., et al
**No. Civ.A.03-3020, Civ.A.04-2296.**

Dec. 10, 2004.

Leo Joseph Palazzo, David D. Bravo, Palazzo Law Firm, Gretna, LA, Ford Thomas Hardy, Jr., Ford Thomas Hardy, Jr., Attorney at Law, Gerald A. Melchiode, Timothy William Hassinger, New Orleans, LA, for Plaintiffs.
Sharon Denise Smith, Timothy William Hassinger, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, Eric Lopez Schnabel, Klett Rooney Lieber & Schorling, Philadelphia, PA, J. Geoffrey Ormsby, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, Thomas Landers Watson, Constantine D. Georges, New Orleans, LA, for Defendants.

*ORDER AND REASONS*
AFRICK, J.
*1 Consolidated with

Before the Court is a motion filed on behalf of third-party defendant, the United States of America, to dismiss the third-party complaints filed against it by third-party plaintiffs, Goodworks, Inc. and Transcontinental Insurance Company (collectively "Goodworks"), in the above-captioned consolidated actions.[FN1] Goodworks opposes the motion. After consideration of the motion, the legal memoranda submitted by the parties, the pleadings, and the law, for the reasons assigned, the United States' motion is GRANTED.

FN1. Rec. Doc. No. 36.

*BACKGROUND*

This case arises out of the death of Antonio J. Lombard, who was killed when a forklift that he was operating rolled over and crushed him. On October 16, 2003, plaintiff, Carla Lombard, the decedent's mother, filed a lawsuit in state court against, *inter alia,* the Defense Commissary Agency ("DeCa") and two DeCa employees for negligence in connection with the alleged accident.[FN2] On October 27, 2003, the United States removed the action.[FN3] Thereafter, the United States was substituted as the proper defendant for both DeCa and the individual employees pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* ( "FTCA"), and the claims against the United States were dismissed without prejudice because plaintiff had failed to exhaust her administrative remedies.[FN4] On February 26, 2004, plaintiff filed an amended complaint adding Goodworks as a defendant and alleging that Goodworks' negligence caused or contributed to the decedent's death.[FN5] On June 7, 2004, Goodworks filed a third-party complaint against the United States alleging that the United States was liable for causing and/or failing to prevent the alleged accident which caused the decedent's death and asserting claims against the United States for contribution and indemnity.[FN6]

FN2. *Carla Lombard v. New Orleans Naval Support Commissary,* 03-CV-3020 (E.D.La.)(hereinafter *Carla Lombard* ), Rec. Doc. No. 1. The Defense Commissary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Agency was incorrectly named in plaintiff's state court lawsuit as the New Orleans Naval Support Activity Commissary.

FN3. *Id.*

FN4. *Id.*, Rec. Doc. No. 4.

FN5. *Id.*, Rec. Doc. No. 6, plaintiff's first supplemental and amending complaint ("Carla Lombard Comp.") ¶ 2.

FN6. *Id.*, Rec. Doc. No. 15.

On October 16, 2003, plaintiff, Tony A. Lombard, the alleged administrator of the estate of his minor child, Antonio J. Lombard, filed a lawsuit in state court against, *inter alia,* Goodworks alleging a negligence cause of action in connection with the alleged forklift accident.[FN7] On February 2, 2004, while the action was pending in state court, Goodworks answered Tony Lombard's petition and made a third-party demand against the United States for contribution and indemnity.[FN8] Subsequently, Goodworks filed an amended third-party demand alleging third-party claims for contribution and indemnity against the two DeCa employees originally named defendants in Carla Lombard's lawsuit.[FN9] On August 11, 2004, the United States removed Tony Lombard's action pursuant to 28 U.S.C. §§ 1441 and 1442(a).[FN10]

FN7. *Tony A. Lombard v. Goodworks, Inc., et al,* 04-CV-2296 (E.D.La.) (hereinafter *Tony Lombard* ), Rec. Doc. No. 1, plaintiff's state court petition, ¶ III.

FN8. *See Carla Lombard,* Rec. Doc. No. 25, notice of compliance filed by the United States and attached *Tony Lombard* state court pleadings, answer and third-party demand filed by Goodworks.

FN9. *See id.,* first supplemental and amending third-party demand (collectively with the third-party complaint filed in the *Carla Lombard* action, "Goodworks' Third-Party Complaint").

FN10. *Tony Lombard,* Rec. Doc. No. 1.

On August 23, 2004, this Court entered an order consolidating these two cases.[FN11] On August 24, 2004, the third-party claims against the DeCa employees alleged in the Tony Lombard action were dismissed and the United States was substituted as the only proper third-party defendant. [FN12]

FN11. *Carla Lombard,* Rec. Doc. No. 20.

FN12. *Carla Lombard,* Rec. Doc. No. 23. In addition, both plaintiffs filed products liability claims against Clark Material Handling Company ("Clark"). *See id.,* Rec. Doc. No. 1, plaintiff's petition, ¶ IX; *Tony Lombard,* Rec. Doc. No. 1, plaintiff's petition for damages ("Tony Lombard Pet.") ¶ III. All of the claims against Clark were stayed based upon the bankruptcy petition filed by Clark. *Carla Lombard,* Rec. Doc. Nos. 7 & 27.

On July 30, 2004, plaintiff, Carla Lombard, filed a motion to remand her lawsuit to state court. On September 30, 2004, plaintiff, Tony Lombard, also filed a motion to remand his lawsuit to state court. On October 15, 2004, upon motion of counsel, this Court held a status conference in which Goodworks clarified that its third-party claims against the United States in both actions were based upon tort indemnity pursuant to Louisiana law, the United States advised the Court that it intended to file a motion to dismiss the third-party complaints filed in these consolidated actions, and the parties agreed that should the United States be dismissed, these consolidated actions should be remanded to state court.[FN13]

FN13. Rec. Doc. No. 35.

\*2 On October 27, 2004, the United States filed this motion pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the third-party complaints filed against it by

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Goodworks for lack of subject matter jurisdiction. The United States argues that Goodworks' claims for contribution and indemnity cannot be sustained pursuant to Louisiana law and, therefore, such claims do not fall within the waiver of sovereign immunity contained in the FTCA. 28 U.S.C. § 2674. The United States argues that pursuant to *Dumas v. State Dept. of Culture Recreation & Tourism,* 828 So.2d 530 (La.2002) and the 1996 revisions to the Louisiana Civil Code articles 2323 and 2324(B), Louisiana has abolished the right of contribution between non-intentional tortfeasors. Therefore, it asserts that Goodworks' claim for contribution does not fall within the waiver of sovereign immunity contained in the FTCA. Additionally, the United States argues that because Louisiana has now moved to a pure comparative fault system, Goodworks cannot sustain a claim for tort indemnity because it cannot be held responsible for the fault of the United States.

Goodworks admits that it cannot sustain a claim for contribution after *Dumas.* However, Goodworks argues that its claim for tort indemnity is permitted by Louisiana law. Specifically, Goodworks claims that its alleged liability for plaintiffs' decedent's death, if any, was only brought about by the actions of the United States. Goodworks maintains that its fault, if any, was purely passive in that in its capacity as a federal contractor and agent of the United States, it was only following the directions of the United States with respect to the use of the forklift that allegedly caused the decedent's death. Based upon this "passive" fault, Goodworks maintains that it has stated a viable claim for tort indemnity.

### LAW AND ANALYSIS

#### I. *The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). In order to assess whether subject matter jurisdiction exists, this Court may look to the complaint and the undisputed facts in the record. *See id.* When analyzing the complaint, this Court will take the allegations in the complaint as true. *Sawar Partnership v. United States,* 67 F.3d 567, 569 (5th Cir.1995). A dismissal for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted is proper "only if it appears certain, taking all facts as true and resolving all inferences and doubts in plaintiff's favor, that plaintiff's claim would not entitle him to relief." *In re Supreme Beef Processors, Inc.,* --- F.3d ----, 2004 WL 2601123, *2 (5th Cir.2004) (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992)).

*3 "It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Linkous v. United States,* 142 F.3d 271, 275 (5th Cir.1998); *Broussard v. United States,* 989 F.2d 171, 174 (5th Cir.1993). The FTCA constitutes a limited waiver of sovereign immunity and courts must strictly construe all waivers of the federal government's sovereign immunity resolving all ambiguities in favor of the sovereign. *See Leleux v. United States,* 178 F.3d 750, 754 (5th Cir.1999) (citiations omitted); *Linkous,* 142 F.3d at 275 (citing *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992)).

Pursuant to the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, *in the same manner and to the same extent as a private individual under like circumstances,* but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674 (emphasis supplied). Similarly, pursuant to 28 U.S.C. § 1346(b), the federal district courts have exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act of a government employee "under circumstances where the United

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The purpose of the FTCA is to compensate victims of governmental negligence "in circumstances like those in which a private person would be compensated for private person negligence." *Sant v. United States,* 896 F.Supp. 639, 640-41 (W.D.La.1995). According to the United States, if Goodworks cannot sustain a claim for contribution or tort indemnity against a private individual in the circumstances presented in this case pursuant to Louisiana law, the claims do not fall within the limited waiver of sovereign immunity contained in section 2674 and this Court lacks subject matter jurisdiction over such claims.

The United States Supreme Court has stated that " the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998). Ordinarily, jurisdiction is not defeated by the possibility that the allegations in a pleading fail to state a claim upon which a party could actually recover. *See id.* The Fifth Circuit has held that " [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981).[FN14] When a Rule 12(b)(1) motion constitutes an indirect attack on the merits of a claim, judicial economy is best promoted when a court reaches the question of whether a valid claim exists and, where no valid claim exists, the court dismisses that claim on the merits. *See Williamson,* 645 F.2d at 415. When a defendant is challenging the merits of a cause of action within a motion to dismiss for lack of subject matter jurisdiction, a court should analyze the motion to dismiss as it would a motion to dismiss brought pursuant to Rule 12(b)(6). *See id.*

> FN14. Ordinarily, a court's dismissal for lack of subject matter jurisdiction is not a decision on the merits and it does not prevent the plaintiff from pursuing the claim in a court that has proper jurisdiction. *Santee v. AGIP Petroleum,* 45 F.Supp.2d 558, 565 (S.D.Tex.1999) (citing *Hitt v. Pasadena,* 561 F.2d 606, 608 (5th Cir.1977)).

*4 In the particular context of the FTCA, 28 U.S.C. §§ 1346(b) and 2674, the inquiry with respect to a federal court's jurisdiction based upon the United States' limited waiver of sovereign immunity and the question of whether a party states a valid claim pursuant to state law collapse into one inquiry. However, the substance of the United States' motion directly attacks the merits of Goodworks' claims for contribution and indemnity. Moreover, the United States seeks a dismissal of the third-party complaint with prejudice. In light of the fact that the federal district courts have exclusive jurisdiction over any claim against the United States brought pursuant to the FTCA, 28 U.S.C. § 1346(b), this Court concludes that it has subject matter jurisdiction to decide the United States' motion and that the United States' motion should be analyzed as a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). In assessing the complaint, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 5

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

the plaintiff. *Spivey,* 197 F.3d at 774; *Lowry v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. ..." ' *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992)(quoting *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989)) (alteration in original). " '[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (quoting *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1994)). Moreover, " 'legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ' *Blackburn,* 42 F.3d at 931 (quoting *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995)(internal quotation and citation omitted).

## II. *Comparative Fault in Louisiana*

*5 In 1996, the Louisiana Legislature amended articles 2323 and 2324(B) of the Louisiana Civil Code "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system." *Dumas,* 828 So.2d at 535.[FN15] Article 2323 "requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person." *Id.* at 537. The Louisiana Supreme Court further explained:

> FN15. Article 2323 of the Louisiana Civil Code provides:
> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
> B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
> C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.
> Article 2324 (A) and (B) provide:
> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 6

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Likewise, the language of Article 2324(B) is equally clear. It provides that in non-intentional cases, liability for damages caused by two or more persons *shall* be a joint and divisible obligation. Each joint tortfeasor *shall not* be liable for more than his degree of fault and *shall not* be solidarily liable with any other person for damages attributable to the fault of that other person. This provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323.
*Id.* (emphasis in original). Addressing the effect of the 1996 amendments on the right of a tortfeasor to seek contribution, the court stated:
With the 1996 amendments to Articles 2323 and 2324(B), however, the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims received full compensation for their injuries. Now, however, Louisiana's policy is that each tortfeasor pays only for that portion of the damage he has caused and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that other person. *With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity.*

*Id.* at 538 (emphasis supplied).

As noted above, Goodworks acknowledges that no allegation exists in this case that it engaged in an intentional act such that it would be solidarily bound with the United States for decedent's death. Accordingly, there is no legal basis for Goodworks claim for contribution from the United States.

III. *Tort Indemnity*

A.

"Generally, a tortfeasor has no right of indemnity against a cotortfeasor." *Ducre v. Executive Officers of Halter Marine, Inc.,* 752 F.2d 976, 984 (5th Cir.1985)(citing *Appalachian Corp. v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539, 541 (1922)). Louisiana law allows claims for tort indemnity only when the third-party plaintiff's negligence is passive or its fault is only technical or theoretical. *Threlkeld v. Haskins Law Firm,* 922 F.2d 265, 267 (5th Cir.1991)(citiations omitted). In 1922, the Louisiana Supreme Court ruled that when "the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty ... indemnity may be had against the one primarily responsible for the act which caused the damage." *Appalachian Corp. v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539, 541 (1922). In *Nassif v. Sunrise Homes, Inc.,* 739 So.2d 183 (La.1999), the Louisiana Supreme Court explained the conceptual and legal basis for a claim of indemnity:
*6 Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. *Black's Law Dictionary* 769 (6th ed.1990); 42 C.J.S *Indemnity* § 2 (1991). It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S. *Indemnity* at § 32. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. *Id.* at § 29. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. *Bewley Furniture Co., Inc. v. Maryland Cas. Co.,* 285 So.2d 216, 219 (La.1973). Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity. *Id.*

*Id.* at 185. Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the party primarily responsible for the damages whereas contribution, or now comparative fault, apportions the loss between joint tortfeasors. *See*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 7

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

*Green v. TACA Intern. Airlines,* 304 So.2d 357, 359 (La.1974); *Mayo v. Benson Chevrolet,* 717 So.2d 1247, 1249 (La.App. 5th Cir.1998). Because indemnity is based upon the concept of unjust enrichment, an action for tort indemnity arises only when one held liable vicariously or by reason of technical fault has been compelled to discharge the indebtedness of the party that is wholly responsible for an injury. *Nassif,* 739 So.2d at 185; *Mayo,* 717 So.2d at 1248.

The right to indemnity does not exist in favor of a joint tortfeasor whose act or failure in the performance of a duty was a contributory cause of an injury, and there is no right to indemnity when the liability of the party seeking it cannot be regarded as technical, vicarious, constructive or derivative. *Nassif,* 739 So.2d at 186; *Hamway v. Braud,* 838 So.2d 803, 806 (La.App. 1st Cir.2002). Because a claim for tort indemnity is based upon the indemnitee's constructive or technical liability, " [s]crutiny is thus directed at the nature, not the quantum, of the fault, if any, of the party seeking indemnity." *Ducre,* 752 F.2d at 984-85.[FN16] If the fault of the party seeking indemnity "can be characterized as merely technical or constructive, the action for indemnity may lie." *Id.* On the other hand, if the nature of the fault alleged against the indemnitee is actual or active fault, an action for tort indemnity cannot be sustained. *See id; see also Threlkeld,* 922 F.2d at 267 (holding that defendant cannot seek tort indemnity against a third party for tort immunity when a plaintiff seeks to recover from a defendant for the latter's affirmative negligence); *Hesse v. Champ Serv. Line,* 828 So.2d 687, 692 (La.App. 3d Cir.2002). If the facts alleged by a plaintiff against the party seeking indemnity do not show that a defendant's liability could be predicated upon mere constructive or derivative fault, such defendant cannot state a cause of action for indemnity. *Threlkeld,* 922 F.2d at 267-68 (holding that a defendant cannot sustain an action for indemnity when a plaintiff seeks to recover from a party for its affirmative negligence); *Hamway,* 838 So.2d at 806 (holding that allegations that demonstrate direct or primary negligence of a defendant precluded a tort indemnity claim by such defendant against other defendants).[FN17] If the allegations in a third-party complaint for indemnity could be read only as charging either concurrent fault or fault constituting an intervening or superseding cause of the injured party's damage, such allegations would not support a claim for indemnity. *See Ducre,* 752 F.2d 976 (citing *White v. Johns-Manville Corp.,* 662 F.2d 243 (4th Cir.1981) ).

> FN16. A defendant that could be held to be at fault is not entitled to indemnity because " 'liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor." ' *Hesse,* 828 So.2d at 692 (La.App. 3d Cir.2002) (quoting *Klumpp v. XYZ Ins. Co.,* 547 So.2d 391, 394 (La.App. 3d Cir.1989)).

> FN17. In *Ducre,* the Fifth Circuit discussed several common forms of technical or passive fault which the Louisiana courts have recognized as giving rise to a claim for tort indemnity. In Louisiana, the prototypal indemnity action is the surety's demand for reimbursement from the primary debtor for funds paid by the surety to the creditor upon default. 752 F.2d at 984. A second example is in an action based on vicarious liability when an employer who has incurred liability pursuant to principles of *respondeat superior* has the right of indemnity against its employee whose fault caused the plaintiff's damage. *See* 752 F.2d at 985 (citations omitted). Another common form of "passive" fault is when the owner of a building is held liable for a "vice" in the building which causes injury solely on the ground that the owner failed to discover the dangerous condition. *Id.* (citations omitted); *Dusenbery v. McMoRan Exploration Co.,* 458 So.2d 102, 105 (La.1984) (noting that a defendant who is liable *only* as the owner of an unreasonably dangerous structure may have a claim for indemnity against the defendant who actually caused the unreasonably

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 8
Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

dangerous condition for which the owner is strictly liable). Similarly, when the thing causing injury is not a building, but a defective piece of equipment, the owner of the equipment held liable for causing injury may recover in indemnity against the manufacturer whether the manufacturer is liable in negligence or strict tort. *Id.*
In contrast, Louisiana courts have held that when a store owner was, himself, actively negligent in failing to warn of a danger of which he knew, the store owner's liability was not based upon mere custody of a damaging instrumentality and failure to discover its defect, but on his own active negligence committed after he knew of the defects. *Ducre,* 752 F.2d at 986 (discussing *Hunt v. City Stores,* 387 So.2d 585 (La.1980)). Similarly, a seller of an unreasonably dangerous piece of equipment does not have a right of indemnification from a manufacturer when the seller is at fault in creating defects in the equipment or in failing to cure easily remediable defects. *Chaudoir v. Porsche Cars of N. Am.,* 667 So.2d 569, 574 (La.App. 3d Cir.1996).

*7 Courts have dismissed claims for tort indemnity when the liability of the would-be indemnitee is not based upon any theory of vicarious or strict liability which could compel such party to pay a judgment based upon another party's fault but the claim is, instead, based only upon the would-be indemnitee's active negligent conduct. *See Threlkeld,* 922 F.2d at 268 (holding that an allegation by a client that an attorney was affirmatively negligent in permitting a claim to prescribe could not result in the attorney being cast in judgment for mere technical or passive fault); *Hesse,* 828 So.2d at 691 (affirming dismissal of premises lessor and lessee's indemnity claim against a product manufacturer because the fault alleged against the lessor and lessee was direct and primary rather than constructive or derivative); *see also Hamway,* 838 So.2d at 806 (holding that fault based upon affirmative conduct contributing to a plaintiff's injury was actual fault rather than constructive or derivative fault and such fault precluded a claim for indemnity); *but cf. Klumpp,*

547 So.2d at 394-95 (holding that plaintiff's allegations of affirmative negligence are not dispositive of a defendant's claim for tort indemnity when the plaintiff has also alleged a claim for strict liability against the defendant, thus raising the possibility that the defendant could be held technically or vicariously liable for the third-party defendant's conduct).

In *Carter v. Deitz,* 505 So.2d 106 (La.App. 4th Cir.1987), a third-party plaintiff alleged that it was entitled to indemnity because its negligence, if any, was only passive in nature as compared to the active negligence of the third-party defendants. *Id.* at 108. The court of appeal stated:
There is no claim against [the third-party plaintiff] DeLaureal for strict or vicarious liability; indeed, under the facts of this case, such a claim would be impossible. Rather, the claim against DeLaureal is for simple negligence. Any recovery by plaintiff against DeLaureal will be based upon DeLaureal's actual negligence, not upon any theoretical or constructive liability. The question of whether DeLaureal's negligence, if any, was active or passive might have some bearing upon the percentage of fault attributable to DeLaureal, but it is not relevant to the issue of indemnity. Indemnity is not available to a party who is actually negligent. *Appalachian Corporation, supra* at 541; 109 *Dupree v. Pechinay St. Gobain Co.,* 369 So.2d 1075 (La.App. 1st Cir.1979), *writ denied,* 371 So.2d 1341 (La.1979); *Joiner v. Diamond M. Drilling Co.,* 688 F.2d 256 (5th Cir.1982).

*Id.* at 108-09.

B.

The plaintiffs allege that the decedent, a minor child, was operating a forklift at the Defense Commissary Agency when a component of the forklift failed causing the forklift to roll over and kill the decedent. Additionally, the plaintiffs allege that although OSHA regulations did not permit decedent to operate a forklift, Goodworks left the keys in the ignition of an unattended forklift, thereby creating an "attractive nuisance" to which the decedent succumbed, ultimately resulting in his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 9

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

death.[FN18] Plaintiffs allege that Goodworks was negligent by leaving the keys in the forklift, failing to adopt minimum safety standards in the maintenance and operation of the forklifts under their custody and control, violating OSHA safety regulations, failing to properly train its employees in the use of the forklift, failing to instruct its employees with respect to OSHA safety regulations, and failing to instruct its employees to never leave the keys in an unattended forklift.[FN19]

> FN18. Carla Lombard Comp., ¶ 2; Tony Lombard Pet., ¶ II.
>
> FN19. Carla Lombard Comp., ¶ 3; Tony Lombard Pet., ¶ III.

*8 In Goodworks' third-party complaints against the United States, Goodworks alleges that the United States was negligent by failing to adopt minimum safety standards for the operation of forklifts, failing to train its employees in the proper maintenance and operation of forklifts, permitting an obvious and unreasonably dangerous condition to exist, failing to remedy an obvious and unreasonably dangerous condition and/or warn of such a condition, and permitting unsupervised minors onto the premises of DeCa. Goodworks denies any and all liability to plaintiffs. Alternatively, Goodworks alleges that if it is found liable, "in whole or in part," or if it is held liable for the fault of the United States, it is entitled to indemnity from the United States.

The United States argues that due to the adoption of comparative fault principles, a defendant can no longer be "passively" negligent in tort and, therefore, no right of indemnity exists because a defendant may only be liable for its own negligence. Moreover, the United States argues that in the context of this case, Goodworks would not be held liable for any judgment based upon the fault of the United States and, therefore, there is no basis for Goodworks' claim of tort indemnity. In response thereto, Goodworks maintains that the adoption of comparative fault principles, while abolishing the basis for a claim of contribution among joint tortfeasors, left the doctrine of tort immunity intact. Goodworks claims that it was acting as an agent of the United States and, therefore, its negligence, if any, is only "passive" while the negligence of the United States is "active." Additionally, Goodworks maintains that because it is a federal contractor entitled to the government contractor defense, any liability imposed on Goodworks should be attributed to the United States.

To the extent that the United States urges the adoption of a *per se* rule that Louisiana's adoption of a pure comparative fault system among joint tortfeasors abolished the doctrine of tort immunity, the Court finds that it need not adopt such a broad rule to resolve this case.[FN20] Accepting the facts alleged in the pleadings as true, the Court agrees with the United States that in this case there is no basis for Goodworks' claim of tort immunity and, therefore, comparative fault principles govern this case.

> FN20. The Court notes that one of its sister courts has held that the comparative fault principles in La. Civ.Code arts. 2323 and 2324 do not alone warrant the dismissal of a claim for tort indemnity. *See Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 (E.D.La. September 26, 2003).

As in *Carter*, there is no claim against Goodworks based upon a theory of vicarious or strict liability; the claim against Goodworks is for simple negligence. *See* 505 So.2d at 108. The plaintiffs' claims against Goodworks are not premised upon imposing "solely constructive or derivative" liability on Goodworks. *See Nassif*, 739 So.2d at 185. Goodworks potential liability is not premised upon any theory of *respondeat superior* or strict liability based upon the mere custody of a dangerous instrumentality which would expose Goodworks to legal liability in the absence of actual fault. *See Ducre*, 752 F.2d at 985-86. Instead, plaintiffs seek to hold Goodworks liable for their own affirmative negligent conduct in failing to remove the keys from the forklift and, *inter alia*, its own failure to properly train its own employees and its own violation of safety regulations. As in *Threlkeld*, "this recovery is not sought on a technical, constructive, or vicarious theory." 922

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 10

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

F.2d at 269. In light of plaintiff's allegations, the basis for Goodworks' liability, if any, cannot be characterized as merely constructive or technical. Goodworks' liability, if any, would be based upon its direct and primary negligence and, therefore, in the event that Goodworks was found liable to plaintiffs, Goodworks' would not be entitled to tort immunity because "[i]ndemnity is not available to a party who is actually negligent." *Carter,* 505 So.2d at 108.

*9 Goodworks advances the arguments that it is entitled to bring an indemnity claim because it was acting as an agent of the United States and because it is a federal contractor entitled to immunity pursuant to the federal contractor defense set forth in *Boyle v. United Technologies Corp.,* 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). To support these arguments, Goodworks submits extra-pleading documentary evidence and it argues that discovery is necessary to explore the relationship between itself and the United States. The thrust of Goodworks argument is that all of its liability, if any, was only passive because it was acting pursuant to instructions of the United States and, therefore, any liability for negligence should be borne by the United States.

Neither argument is relevant to Goodworks' claim for tort indemnity. A principal may become subject to liability for the tortious conduct of an agent when the principal has the right to control the physical details of the agent as to the manner of his performance. *E.g., Rivera v. United Gas Pipeline Co.,* 697 So.2d 327, 338 (La.App. 5th Cir.1997). In such a case, the *principal* may be held vicariously liable for the agent's conduct. *See id.* Goodworks has not cited any legal authority for the converse proposition, *i.e.,* that an agent may be held vicariously liable for the negligent conduct of the principal. Putting aside that fact that an agency relationship is nowhere alleged in Goodworks' third-party complaint, and even assuming *arguendo* that Goodworks can establish that it was an agent of the United States, such a relationship would only bear on the vicarious liability of the United States, not the vicarious liability of Goodworks for the United States' conduct. Accordingly, Goodworks argument does not establish its right to seek tort indemnity. Because Goodworks claimed agency relationship with the United States does not support a claim for tort indemnity, the Court need not consider the evidence submitted by Goodworks in support of the argument and further discovery, even if it established such an agency relationship, would not change the outcome in this case.

Goodworks argument with respect to its status as a federal contractor is likewise unavailing. "The government contractor defense, as formulated in 1988 by the Supreme Court in *Boyle,* generally immunizes government contractors from civil liability arising out of the performance of federal procurement contracts." *Bailey v. McDonnell Douglas Corp.,* 989 F.2d 794, 797 (5th Cir.1993) (citing *Boyle,* 487 U.S. at 505-06, 108 S.Ct. at 2515). "The defense stems from the immunity enjoyed by the United States from claims based on the performance of so-called 'discretionary functions', pursuant to the [FTCA], 28 U.S.C. § 2680(a)." *Id.* at 797-98. "The primary purpose behind the formulation of the government contractor defense was to 'prevent the contractor from being held liable when the government is actually at fault ..."' *Mitchell v. Lone Star Ammunition, Inc.,* 913 F.2d 242, 245 & n. 5 (5th Cir.1990)(quoting *Trevino v. General Dynamics Corp.,* 865 F.2d 1474, 1478 (5th Cir.1989)). However, the protective shield in favor of the contractor collapses when the actions of the government contractor-and not those of the Government-produce the damaging condition. *See id.* at 245-46. In such a situation, fairness dictates that a government contractor should not be permitted to escape liability by asserting the sovereign immunity of the Government. *Id.* at 246.

*10 Assuming *arguendo* that the federal contractor defense would be available to Goodworks, the establishment of the defense would simply mean that Goodworks would be immune from civil liability arising out of the United States' conduct. In such a case, it cannot be said that Goodworks could be compelled to pay a judgment to plaintiffs that should have rightly been paid by the federal government. As noted in *Mitchell,* the government contractor defense *prevents* liability from being imposed on a government contractor when the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

United States is at fault. Absent some legal basis upon which to hold Goodworks liable for the fault of the United States, "[t]he question of whether [Goodworks'] negligence, if any, was active or passive might have some bearing upon the percentage of fault attributable to [Goodworks], but it is not relevant to the issue of indemnity." *Id.*[FN21]

> FN21. The Court emphasizes that by addressing Goodworks' arguments with respect to agent and federal contractor statuses, the Court does not make any implicit ruling on the actual merits of these arguments. Rather, the Court only addresses the arguments to demonstrate the immateriality of Goodworks' status on its claim for tort indemnity.

Moreover, taking the allegations in the third-party complaint as true and construing the third-party complaint in favor of Goodworks, the allegations in Goodworks' third-party complaint do not support a claim for tort indemnity. The allegations in the third party complaint merely allege a negligence claim against the United States and can only be read as (1) a complete denial of its own negligence; (2) a claim that the United States' is concurrently at fault; or (3) an argument that the alleged negligence of the United States is a superseding or primary cause of the decedent's death. To the extent that Goodworks completely denies liability or seeks to claim that the negligence is a superseding cause of decedent's death, such allegations simply constitute defenses to liability and "negate[ ] the fundamental predicate of the indemnity claim, namely, the establishment of liability, in the first instance, against the would-be indemnitee." *Ducre,* 752 F.2d at 987 (citing *White,* 662 F.2d at 250). Additionally, Goodworks' allegation of its potential concurrent negligence also precludes a claim for tort indemnity because the right to indemnity does not exist in favor of a joint tortfeasor whose act or failure was a contributory cause of an injury. *See Nassif,* 739 So.2d at 186. Furthermore, Goodworks' suggestion that it could be held liable for the fault of the United States is without any legal or factual foundation in the pleadings because, as noted above, Goodworks' liability is not based upon any theory of constructive, technical or vicarious fault and, therefore, Goodworks would not be answerable to plaintiffs in damages for the fault of the United States.

Absent a valid claim for tort indemnity, comparative fault principles apply in this case. Pursuant to those principles, "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, [or] immunity by statute...." La. Civ.Code 2323. "[E]ach tortfeasor pays only for that portion of the damage he has caused and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that other person." *Dumas,* 828 So.2d at 538. Given the applicability of Louisiana's pure comparative fault system to the claims in these consolidated actions, "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings ... in the light most favorable to [Goodworks] that could result in [Goodworks] being cast in judgment for mere technical or passive fault" for purposes of asserting a tort indemnity claim against the United States. *See* 752 F.2d at 985; *see also Threlkeld,* 922 F.2d at 267-68.[FN22]

> FN22. Plaintiff, Tony Lombard, has also filed a memorandum with respect to the United States' motion to dismiss in which he argues that discovery should be permitted in this action based upon his speculation that discovery may change the claims plead in this case. The Court declines to engage in speculation as to what discovery may or may not reveal in this case. As plaintiff concedes, his arguments are based upon claims not alleged in this case. Accordingly, it is unnecessary to address the arguments raised in his memorandum submitted in connection with the United States' motion to dismiss.

IV. *This Action is Remanded to State Court*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 12

Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

*pursuant to the Agreement of the Parties*

END OF DOCUMENT

*11 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." § 1367(c) & (c)(3). With respect to the Carla Lombard action, original jurisdiction was predicated on the existence of plaintiff's FTCA claims against the United States as well as Goodworks' third-party complaint filed in connection with that action. With respect to the Tony Lombard action, original jurisdiction was predicated upon Goodworks' third-party demand against the United States. The parties agreed that should this Court dismiss Goodworks' third-party claims against the United States, remand of these actions would be appropriate.

Accordingly, and for the above and foregoing reasons,

IT IS ORDERED that the motion filed on behalf of third-party defendant, the United States of America, to dismiss the third-party complaints filed against it by third-party plaintiffs, Goodworks, Inc. and Transcontinental Insurance Company, is GRANTED and the third-party claims against the United States in these consolidated actions are DISMISSED.

IT IS FURTHER ORDERED that *Carla Lombard v. New Orleans Naval Support Activity Commissary,* Civil Action No. 03-3020, is hereby REMANDED to the Orleans Parish Civil District Court.

IT IS FURTHER ORDERED that *Tony A. Lombard v. Goodworks, Inc., et al,* Civil Action No. 04-2296, is hereby REMANDED to the Orleans Parish Civil District Court.

E.D.La.,2004.
Lombard v. New Orleans Naval Support Activity
Not Reported in F.Supp.2d, 2004 WL 2988483 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2:03CV03020 (Docket) (Oct. 27, 2003)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.