UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 06-4389 | * * | MAG. WILKINSON |

### REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant CSX Corporation filed a "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and In The Alternative Under Fed. R. Civ. P. 12(b)(6)," noticing it for hearing on November 29, 2006, Dkt. No. 1550. The plaintiffs filed a Memorandum in Opposition, Dkt. No. 1778. CSX Corporation now replies to the plaintiffs' Opposition Memorandum because:

(1) The plaintiffs' Opposition Memorandum makes no attempt whatsoever to dispute CSX Corporation's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) (lack of jurisdiction over the person), so that the 12(b)(2) motion is undisputed, and

(2) The plaintiffs' Opposition Memorandum opposes CSX Corporation's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) only by speculating about possibilities that are

931359-1

not part of the plaintiffs' complaint and that are therefore not properly before the Court in a 12(b)(6) motion, so that the 12(b)(6) motion is also effectively undisputed.[1]

The plaintiffs' complaint against CSX Corporation should be dismissed under Fed. R. Civ. P. 12(b)(2) and, in the alternative, under 12(b)(6).

### Motion to Dismiss for Lack of Jurisdiction Over the Person, Fed. R. Civ. P. 12(b)(2)

CSX Corporation is a foreign corporation that has never had the required minimum contacts with Louisiana to permit it to be subjected to the jurisdiction of a court in Louisiana. CSX Corporation's motion to dismiss included an affidavit showing affirmatively its lack of contacts. The plaintiffs' Opposition Memorandum nowhere addresses the motion to dismiss for lack of jurisdiction over the person. CSX Corporation's 12(b)(2) motion to dismiss is effectively unopposed and should be granted.

### Motion to Dismiss for Failure to State a Claim, Fed. R. Civ. P. 12(b)(6)

CSX Corporation moved for dismissal under Rule 12(b)(6) because the plaintiffs' complaint failed to make <u>any</u> allegations whatsoever about CSX Corporation except that CSX Corporation is a foreign corporation doing business within the court's territorial jurisdiction. The only opposition that the plaintiffs offer to CSX Corporation's motion is speculation that CSX Corporation may have exercised some sort of "oversight" of its subsidiaries. The plaintiffs asked that they be permitted to take discovery to determine the insurance, risk management, and safety structure of both parent and subsidiary.

---

[1] The plaintiffs' Opposition Memorandum claims to oppose motions to dismiss filed by CSX Corporation and defendant CSX Transportation, Inc. In fact, only CSX Corporation has filed a motion to dismiss in this action. The deadline for CSX Transportation, Inc. to file responsive pleadings has not yet passed. *See* Dkt. No. 1669 (order granting CSX Transportation, Inc.'s Motion for Extension).

The plaintiffs do not explain how any such discovery would bear in any way on CSX Corporation's liability. But more serious is that all of the argument in the plaintiffs' Opposition Memorandum is outside of the complaint and therefore may not be considered in a Rule 12(b)(6) motion. The plaintiffs are not allowed to oppose a 12(b)(6) motion by supplementing the allegations in their complaint. "A court ruling on a Rule 12(b)(6) motion to dismiss 'may not . . . take into account additional facts asserted in a memorandum opposing the motion, because such memoranda do not constitute pleadings under Rule 7(a).'" *Downs v. Liberty Life Assurance Co. of Boston*, Civ. A. No. 3:05-CV-0791-R, 2005 U.S. Dist. LEXIS 22531, at *11 (N.D. Tex. Oct. 5, 2005)) (quoting 2 *Moore's Federal Practice* § 12.34[2] (3d. ed. 2005)). A memorandum is not a complaint and cannot amend a complaint.

The plaintiffs' Opposition Memorandum cannot change the fact that the complaint makes no allegations whatsoever about any liability on the part of CSX Corporation. Without any such allegations the complaint is legally deficient and CSX Corporation's 12(b)(6) motion must be granted.

## CONCLUSION

The plaintiffs' Opposition Memorandum does not offer any opposition whatsoever to CSX Corporation's motion to dismiss for lack of personal jurisdiction. That motion is therefore unopposed and should be granted. In the alternative, the plaintiffs' Opposition Memorandum offers no fact or other reason to support a claim against CSX Corporation. Even if it did, any such allegations would be an improper attempt to supplement the complaint. The Rule 12(b)(6) Motion is decided on the face of the complaint, and CSX Corporation's motion should be granted, dismissing the plaintiffs' complaint with prejudice.

Respectfully submitted,

____s/ Jonathan C. McCall_____
BRENT A. TALBOT (#19174)
JONATHAN C. McCALL (#9227)
MICHAEL D. SPENCER (#27649)
  -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
  -of-
**RODNEY & ETTER, L.L.C.**
1232 Camellia Boulevard, Suite "C"
Lafayette, Louisiana 70508
Telephone: (337) 981-5293
Telefax: (337) 988-6918

**ATTORNEYS FOR CSX CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

____s/ Jonathan C. McCall_____