## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| _____ | * | JUDGE DUVALL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:     06-5161 (HOLMES) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES - CLASS ACTION

NOW INTO COURT, through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were

negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through

the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle  for any of the alleged injuries and damages with any persons

or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class

action.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not

entitled to attorney's fees.

### THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims

are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive

period.

### THIRTY FIRST DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1,

and La. R.S. 9:2800.17.

AND NOW, answering separately the allegations of the Complaint, defendant, The Board

of Commissioners for the Orleans Levee District, admits, denies and avers as follows:

I.

The allegations of Paragraph 1, subparts (a) & (b), are denied for lack of sufficient

information to justify a belief therein.

II.

The allegations of Paragraph 2 are admitted only to the extent that defendant maintains and

operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.  The balance of Paragraph 2 requires no answer from this defendant.

### III.

The allegations of Paragraph 3 contain legal conclusions for which no answer is necessary, however, to the extent an answer is deemed necessary, defendant admits this court has jurisdiction.

### IV.

The allegations of Paragraph 4 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

### V.

The allegations of Paragraph 5 require no answer from this defendant.

### VI.

The allegations of Paragraphs 6, (A) through (G), contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  To the extent an answer may be deemed necessary, the allegations are denied.

### VII.

Defendant denies the allegations of Paragraph 7 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 7 is denied for lack of sufficient information to justify a belief therein.

### VIII.

Except to admit that flooding occurred in Plaquemines Parish, the allegations of Paragraph

-7-

8 are denied for lack of sufficient information to justify a belief therein.

## IX.

Defendant denies the allegations of Paragraph 9 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 9 is denied for lack of sufficient information to justify a belief therein.

## X.

Defendant denies the allegations of Paragraph 10 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 10 is denied for lack of sufficient information to justify a belief therein.

## XI.

Defendant denies the allegations of Paragraph 11 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 11 is denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

## XIII.

Defendant denies the allegations of Paragraph 13 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 13 is denied for lack of sufficient information to justify a belief therein.

## XIV.

Defendant denies the allegations of Paragraph 14 to the extent they state or imply any fault,

negligence, or liability on the part of this defendant; the balance of Paragraph 14 is denied for lack of sufficient information to justify a belief therein.

### XV.

Defendant denies the allegations of Paragraph 15 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 15 is denied for lack of sufficient information to justify a belief therein.

### XVI.

Defendant denies the allegations of Paragraph 16 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 16 is denied for lack of sufficient information to justify a belief therein.

### XVII.

Defendant denies the allegations of Paragraph 17 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 17 is denied for lack of sufficient information to justify a belief therein.

### XVIII.

Except to admit the existence of certain failures in certain levees/flood walls following Hurricane Katrina, Paragraph 18 is denied for lack of sufficient information to justify a belief therein.

### XIX.

Defendant denies the allegations of Paragraph 19 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 19 is denied for lack of sufficient information to justify a belief therein.

XX.

Except to admit that flooding occurred in the Lower Ninth Ward, the allegations of Paragraph 20 is denied for lack of sufficient information to justify a belief therein.

XXI.

Except to admit the existence of certain failures in certain levees/flood walls following Hurricane Katrina, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

Except to admit the existence of certain failures in certain levees/flood walls following Hurricane Katrina, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

Defendant denies the allegations of Paragraph 23 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 23 is denied for lack of sufficient information to justify a belief therein.

XXIV.

Defendant denies the allegations of Paragraph 24 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVII.

Defendant denies the allegations of Paragraph 27 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 27 is denied for lack of sufficient information to justify a belief therein.

XXVIII.

Except to admit the occurrence of breach(es) along the London Avenue Canal and the 17th Street Canal, the allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

XXIX.

Defendant denies the allegations of Paragraph 29 to the extent they state or imply any fault, negligence or liability on the part of this defendant.  The balance of Paragraph 29 is denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 require no answer from this defendant.

XXXI.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief

therein.

### XXXIII.

Defendant denies the allegations of Paragraph 33 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 33 is denied for lack of sufficient information to justify a belief therein.

### XXXIV.

The allegations of Paragraph 34 are denied insofar as they concern this defendant.

### XXXV.

The allegations of Paragraph 35 require no answer from this defendant.

### XXXVI.

The allegations of Paragraph 36 require no answer from this defendant.

### XXXVII.

The allegations of Paragraph 37 require no answer from this defendant.

### XXXVIII.

The allegations of Paragraph 38 require no answer from this defendant.

### XXXIX.

The allegations of Paragraph 39 require no answer from this defendant.

### XL.

The allegations of Paragraph 40 require no answer from this defendant.

### XLI.

The allegations of Paragraph 41 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United

States Government, as well as state and federal regulations and statutes.

## XLII.

Defendant admits the Industrial Canal is within Orleans Parish and is within the area of its geographic jurisdiction; however, defendant denies it had jurisdiction and control over the Industrial Canal.

## XLIII.

Except to state that the Orleans Levee District did not have a duty to test the design or construction of the Industrial Canal, the allegations of Paragraph 43 are denied.

## XLIV.

The allegations of Paragraph 44 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

## XLV.

The allegations of Paragraph 45 are denied.

## XLVI.

The allegations of Paragraph 46 contain a legal conclusion for which no answer is necessary, however, to the extent an answer is deemed necessary, the allegations are denied.

## XLVII.

The allegations of Paragraph 47 require no answer from this defendant.

## XLVIII.

The allegations of Paragraph 48 require no answer from this defendant.

XLIX.

The allegations of Paragraph 49 require no answer from this defendant.

L.

The allegations of Paragraph 50 require no answer from this defendant.

LI.

The allegations of Paragraph 51 are denied.

LII.

The allegations of Paragraph 52 require no answer from this defendant.

LIII.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LIV.

The allegations of Paragraph 54 are denied insofar as they concern this defendant.

LV.

The allegations of Paragraph 55 are denied insofar as they concern this defendant.

LVI.

The allegations of Paragraph 56 are denied insofar as they concern this defendant.

LVII.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LVIII.

The allegations of Paragraph 58 contain legal conclusions for which no answer is necessary,

-14-

however, to the extent that an answer is deemed necessary, the allegations are denied as written.

## LIX.

Defendant denies the allegations of Paragraph 59 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 59 is denied for lack of sufficient information to justify a belief therein.

## LX.

The allegations of Paragraph 60 contain legal conclusions for which no answer is necessary, however, to the extent an answer is deemed necessary, the allegations are denied.

## LXI.

Defendant denies the allegations of Paragraph 61 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 61 is denied.

## LXII.

Defendant denies the allegations of Paragraph 62 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 62 is denied.

## LXIII.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

## LXIV.

The allegations of Paragraph 64 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes; the balance of Paragraph 64 is denied.

## LXV.

The allegations of Paragraph 65 are denied insofar as they concern this defendant.

## LXVI.

The allegations of Paragraph 66 are denied insofar as they concern this defendant.

## LXVII.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso.*

## LXVIII.

Defendant denies the allegations of Paragraph 68 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 68 is denied for lack of sufficient information to justify a belief therein.

## LXIX.

Defendant denies the allegations of Paragraph 69 to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

## LXX.

The allegations of Paragraph 70 are denied insofar as they concern this defendant.

## LXXI.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso.*

## LXXII.

The allegations of Paragraph 72 are denied insofar as they concern this defendant.

LXXIII.

The allegations of Paragraph 73 are denied insofar as they concern this defendant.

LXXIV.

The allegations of Paragraph 74 are denied insofar as they concern this defendant.

LXXV.

The allegations of Paragraph 75 require no answer from this defendant.

LXXVI.

The allegations of Paragraph 76 are admitted.

LXXVII.

Defendant denies all allegations contained in Plaintiffs' prayer for relief.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class'), dismissing all of the claims of the plaintiffs (and members of the putative class') against them, with prejudice, and at plaintiffs'(and members of the putative class') cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,

-17-

HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all

counsel of record by electronic transmittal and/or placing same in the United States Mail, postage

prepaid and properly addressed this 19th day of December, 2006.

-18-