UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>* | CIVIL ACTION<br><br>NO.: 05-4182 "K"(2) |
| PERTAINS TO: | * | JUDGE: DUVAL |
| INSURANCE: *Aaron*, 06-4746 | *<br>*<br>*<br>* | MAGISTRATE: WILKINSON |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION FOR MORE DEFINITE STATEMENT

Defendants, Metlife Auto and Home, Metropolitan Property and Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, and Metropolitan Casualty Insurance Company, properly referred to as Metropolitan Property and Casualty Insurance Company (collectively "Met P&C") submit this Memorandum in Support of their Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).[1]   Met P&C cannot properly respond to Plaintiffs' Complaint as drafted. Plaintiffs' allegations, asserted in a conclusory manner, and the "scattershot" use of buzz words fail to put Met P&C on notice of their claims.

---

[1] Met P&C has filed a Motion to Dismiss and/or to Sever plaintiffs' claims.

73782

## FACTS

Plaintiffs allege that they own property in Louisiana that was insured by Met P&C and suffered damages as a result of Hurricane Katrina. (Compl. ¶ 3). Plaintiffs claim that they submitted insurance claims to their respective insurer and that Met P&C "engaged in a bad faith adjusting scheme to deprive insureds of full policy benefits for which they paid...." (Compl. ¶ 17). Based upon these barebones allegations, asserted in a conclusory manner, Plaintiffs have attempted to assert causes of action for: breach of insurance contract; negligence; violation of La. R.S. 22:658; La. R.S. 22:658.2; La. R.S. 22:1220; failure to tender fair and adequate payment for casualty losses; bad faith adjusting practices; violation of state and federal laws pertaining to unfair trade practices; and other causes of action to be determined at trial. (Compl. ¶¶ 17 and 25).

The Complaint also alleges fraud and refers to alleged misrepresentations. But, Plaintiffs cite *no* facts to support these bald assertions. (Compl. ¶ 17). Conspicuously absent from the Complaint are any allegations setting forth the alleged "scheme" that Met P&C engaged in to intentionally deprive insureds of full policy benefits; the identities of the Met P&C representatives who allegedly engaged in this "bad faith scheme"; the specific nature of the information known to these representatives; what specific representations Met P&C allegedly made to the Plaintiffs; why those representations were false; when Met P&C made the representations; or facts establishing that Met P&C acted with the requisite intent to commit fraud.

The Complaint contains only vague allegations for each of the above-listed causes of actions and fails to notify Met P&C of the facts that give rise to the claims they assert making it impossible for Met P&C to properly respond. Plaintiffs' allegations are deficient, failing to

73782

satisfy the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.

Accordingly, Plaintiffs should be required to provide a more definite statement pursuant to Rule

12(e).

## ARGUMENT

Federal Rule of Civil Procedure 12(e) provides the basis for Met P&C's motion:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Fed. R. Civ. Proc. 12(e).   Applying Rule 12(e), courts consistently grant Motions for More

Definite Statement when faced with a vague complaint.  *See Canto v. Hibernia Nat'l Bank*, 1999

U.S. Dist. LEXIS 8598, *5-6 (E.D. La.) (Clement, J.) (Rule 12(e) motion granted where "[i]t is

equally evident that Canto made no attempt to state 'when, how, where, and why' defendant

violated her rights under a relevant statute").   Indeed, when a defendant is faced with such a

complaint, it is "expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file

a more definite statement." *Anderson v. District Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F. 3d

364, 366 (11th Cir. 1996); *Sisk v. Texas Parks & Wildlife Dep't*, 644 F. d 1056, 1059 (5th Cir.

1981) (a motion pursuant to Rule 12(e) is the proper remedy for a complaint failing to satisfy

Rule 8).  If a plaintiff then does not provide a more definite statement that complies with Rule 8,

then dismissal with prejudice is appropriate. *See, e.g., Matthews v. Social Security of La.*, 2002

WL 1022267, at *2 (E.D. La. May 20, 2002) (when more definite statement still failed to allow

defendants to respond, plaintiff's claims were dismissed with prejudice); *Frito-Lay v. Wapco

Constrs., Inc.*, 520 F. Supp. 186, 188 (M.D. La. 1981) (ordering plaintiff to amend complaint

73782

within 15 days to provide more information and providing that failure to do so would result in dismissal of claim).

Federal courts grant Rule 12(e) motions when a plaintiff has failed to put defendants on "fair notice" of claims against them. *See, e.g., Parker v. Brush Wellman, Inc.*, No. 04-0606, 2005 WL 1706927, at *4 (N.D. Ga. March 29, 2005) (ordering plaintiffs to provide additional information within 20 days of ruling pursuant to Rule 12(e)). The court may dismiss a complaint with leave to amend, or order the plaintiff to provide claims and allegations within a specified period of time. *See, e.g., Edwards v. Allstate. & Cas. Ins. Co.*, No. 04-2434, 2005 WL 221558, at *4 (E.D. La. Jan. 27, 2005) (dismissing claims without prejudice and allowing plaintiff to amend complaint); *Parker*, 2005 WL 1706927, at *2 (granting Rule 12(e) motion and ordering plaintiff to restate claims and provide pertinent factual allegations). The Fifth Circuit affirms dismissals of complaints when plaintiffs fail to provide more definite statements of vague claims. *See, e.g., Beanal v. Freeport McMoran, Inc.*, 197 F. 3d 161, 164 (5th Cir. 1999) (describing Rule 12(e) as the proper remedy for insufficient information or pleading). Courts also use Rule 12(e) to ensure that a defendant has notice of a plaintiff's claims. *See, e.g., Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444, 2002 WL 31697714 (E.D. La. Oct. 20., 2002) (plaintiff's complaint did not establish elements of claim and ordering plaintiff to provide more information pursuant to Rule 12(e)); *Johnson v. Danzig*, No. 00-2369, 2001 WL 562080, at *3 (E.D. La. May 22, 2001) (ordering plaintiff to provide defendant with notice of basis for claim).

In a similar case, this Court required a plaintiff to amend her complaint. *Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 WL 221558 at *1. In *Edwards*, the plaintiff brought a lawsuit alleging that Allstate engaged in a corporate scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims. *Id.* Specifically, the plaintiff alleged

73782

breach of contract, bad faith claims under La. R.S. 22:1220 and La. R.S. 22:658, and fraud and deceit claims. *Id.* Allstate filed a 12 (b)(6) Motion to Dismiss. The court found that that the plaintiff failed to allege the facts necessary to support her claim:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim. The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of the required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to Mary Edwards' home are not adequately alleged.

Id. at *3. The Court granted Allstate's motion but permitted the plaintiff to amend the Complaint. *Id.* at *4.

In like manner, the Court here should grant Met P&C's Motion for More Definite Statement. Plaintiffs' Complaint as a whole is so vague and ambiguous that Met P&C cannot reasonably be required to frame an answer in response. The Complaint does not contain any facts related to Met P&C which would enable it to understand the nature of the allegations against it and prepare responsive pleadings adequately, such as the "when, how, where, and why" of why Plaintiffs believe Met P&C committed any alleged wrongful acts. Nor do the Plaintiffs plead any policy provision(s) that they claim that Met P&C has breached. Further, the Complaint also alleges "fraud" and refers to alleged misrepresentations, but cites to *no* facts to support these bald assertions. If the Complaint is not dismissed, at a minimum a more definite statement clearly is required.

## CONCLUSION

The Plaintiffs have failed to allege the fact necessary to support their vague allegations. Therefore, Met P&C requests that this Court order Plaintiffs to provide a more definite statement of allegation in their Complaint.

73782

Respectfully Submitted,

Judy Y. Barrasso, 2814
Shera J. Finn, 29184
Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone 504- 589-9700

Attorneys for Metropolitan Property and
Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of

Motion for More Definite Statement has been served upon all counsel of record by placing same

in the U.S. mail, postage prepaid and properly addressed, this 18th day of December, 2006.

73782