

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION<br><br>NO.: 05-4182 "K"(2) |
| PERTAINS TO: | * * | JUDGE: DUVAL |
| INSURANCE: *Aaron*, 06-4746 | * * * | MAGISTRATE: WILKINSON |

### DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY MOTION TO SEVER

Pursuant to Federal Rules of Civil Procedure 12(b), 9(b), and 20(a), Metlife Auto and Home, Metropolitan Property and Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Group Property and Casualty Insurance Company, and Metropolitan Casualty Insurance Company (collectively "Met P&C"), move to dismiss or alternatively motion to sever Plaintiffs' claims on the following grounds as more fully explained in Met P&C's accompanying memorandum:

1.

Plaintiffs fail to state any valid claim against Met P&C. Plaintiffs' primary claim is for breach of insurance contract based upon Met P&C's alleged failure to make adequate payments and engaging in a "bad faith adjusting scheme." (Compl. ¶¶ 16, 17, 21, and 25). The breach of

- 1 -



contract claim, however, fails under Louisiana law because Plaintiffs have failed to identify *any* specific provision of Plaintiffs' policy that Met P&C allegedly violated.

2.

Plaintiffs also have failed to comply with Rule 9(b) by not pleading fraud with particularity. Their conclusory allegation that Met P&C violated "state and federal unfair trade practices laws" likewise fails to state a claim. (Compl. ¶¶ 16, 17 and 25). No private cause of action lies against an insurer for use of allegedly unfair trade practices. And, Plaintiffs' claims for breach of their duty to act reasonably and fairly under La. R.S. 22:1220 fails to state a claim under that statute which requires breach of a specifically enumerated duty to give rise to a claim. (Compl. ¶ 25).

3.

Plaintiffs also purport to allege state law claims under flood insurance policies; however, those claims are preempted and barred by federal law, and thus likewise fail under Rule 12(b)(6) and must be dismissed.

4.

Moreover, the Complaint should be dismissed for failure to satisfy Rule 20(a) joinder requirements. The attempted joinder of over a thousand plaintiffs with multiple highly-individualized property damage claims against over a hundred different insurance companies is wholly improper under Rule 20(a). The Complaint does not provide any facts to form a basis for any type of joint liability. Moreover, there are only eight Plaintiffs in this case that even have a Met P&C insurance policy. Given that the claims arise from a separate insurance policy with a single defendant, separate adjusting decisions, and separate instances of claims handling, the

73986

claims should be dismissed for improper joinder under Rule 20(a). Even if joinder of this mass action was somehow tolerable under Rule 20(a), the prejudice to Defendants and significant difficulties in judicial administration requires severance under Rule 21.

**WHEREFORE**, Met P&C prays that the Court grant its Motion to Dismiss or Alternatively Motion to Sever.

Respectfully Submitted,

_____
Judy Y. Barrasso, 2814
Shera J. Finn, 29184
    Of
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone 504- 589-9700

Attorneys for Metropolitan Property and
Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion to Dismiss or Alternatively Motion to Sever has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, this 18th day of December, 2006.

_____

73986