UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO: | SECTION "K" (2) |

*Iteld, Berstein & Associates*, C.A. No. 06-3418

### ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 2147). Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Eustis Insurance, Inc. ("Eustis") and Moses Swent, are improperly joined. Defendants maintain that action against the agents are perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy

language is clear as to extent of coverage).

Plaintiff brings claims related to the failure to properly adjust its claims under an insurance policy's business interruption coverage. The policy was issued in June 2003, and suit was not filed until well over a year after issuance of the policy. Plaintiff specifically alleges that "Defendants, Swent and Eustis, intentionally and/or negligently misrepresented the coverages on the policy sold to Petitioner, including intentionally and/or negligently misrepresentations that the policy would give Petitioner full coverage for interruption to their business and the concomitant loss of business income in the event of a covered loss to described premises." *See* Notice of Removal, Petition, at ¶ XXXVII (Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against them are perempted, Defendant agents are improperly joined in this action, and with their dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 2147) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Eustis and Moses Swent are **DISMISSED**.

New Orleans, Louisiana, on this  19th  day of December, 2006.

                                        **STANWOOD R. DUVAL, JR.**
                             **UNITED STATES DISTRICT COURT JUDGE**