UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____§ | | MAG. WILKINSON |
| | § | |
| PERTAINS TO: MRGO, *Robinson* (06-2268) | § | |
| _____§ | | |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE
TO SUPPLEMENT RECORD**

On Friday, December 15, the Department of the Army transmitted to Congress the Mississippi River Gulf Outlet Deep-Draft De-authorization Interim Report.  *See* Exh. 1 (transmittal letters).   In the course of presenting options for de-authorizing deep-draft navigation on the MRGO and evaluating the feasibility of integrating them into a broader undertaking to protect and restore Louisiana coastal areas, the report describes the relationship between the MRGO and the Lake Pontchartrain and Vicinity Hurricane Protection Project levees that were overtopped and dislocated during Hurricane

1

Katrina. *See* Exh. 2 (MRGO De-authorization Report) at 6. Figure 2, "Hurricane Protection System for City of New Orleans," shows LPVHPP levees and floodwalls encircling New Orleans East and bounding the Lower Ninth Ward and the area of St. Bernard Parish where the *Robinson* plaintiffs' residences and businesses are alleged to have been flooded. *See id.*

The MRGO Report also considers the involvement of the MRGO in the flooding of which the plaintiffs complain. It reports that during Katrina "the MRGO levees were overtopped by high surge and high, long-period waves before the hurricane made landfall, and that the high velocities of water movement over the levees caused scouring and breaching of levees along the MRGO." *Id.* at 8.

At these points and others, the MRGO Report supports the pending motion to dismiss by revealing that the flood of which the plaintiffs here complain is one that involved a federal flood control project. *Cf.* Def. Mem in Support (Record Document 809) at 2 ("Even if the plaintiffs were correct in asserting that § 702c does not apply unless there is a nexus between the alleged damages and a flood control project, their action would still be barred by it."), 4 ("The levees and floodwalls that surrounded the plaintiffs' properties were federal flood control structures, and the floodwaters that allegedly harmed the plaintiffs were waters that these federal works failed to contain."), 5 ("MR-GO's involvement in the Katrina flood cannot be analyzed apart from its impact on the LPVHPP works that failed."). By confirming that the LPVHPP levees encircled New Orleans East and bounded the Lower Ninth Ward and St. Bernard Parish on four sides (the LPVHPP levees tied into the Mississippi River levee, which protected the only

2

boundary not guarded by the hurricane-protection system), the MRGO Report provides an additional basis for concluding that the Flood Control Act of 1928, 33 U.S.C. § 702c, renders the United States immune to this action.

The MRGO Report has been published by the Army Corps of Engineers. It appears on the New Orleans District's web site. From the home page, which is located at http://www.mvn.usace.army.mil, the report can be accessed by clicking on the "news release" link and then the "Interim Report" link listed there. The report's direct URL is

http://www.mvn.usace.army.mil/PAO/RELEASES/MRGO_Report_Congress_061214_Final.pdf. The publication of this report on an official government web site and its accessibility through that site are sufficient to support a finding that the report is what it appears to be. *See United States v. Jimenez Lopez,* 873 F.2d 769, 772 (5th Cir. 1989). Accordingly, this document is admissible under Rule 902(5) as a self-authenticating official publication. *See U.S. Equal Employment Opportunity Commission v. E.I. Du Pont De Nemours & Co.,* 2004 U.S.Dist. LEXIS 20753 at *5 (E.D. La. Oct. 18, 2004).

Inasmuch as the report will aid the Court in fulfilling its continuing obligation to determine whether it has jurisdiction over the subject matter of this action, the motion for leave to supplement the record should be granted. *See Univ. of S. Ala. v. Amer. Tobacco Co.,* 168 F.3d 405, 409-10 (11th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir. 1990).

For these reasons, the United States' motion for leave to supplement the record should be granted.

>Respectfully submitted,
>
> PETER D. KEISLER
>Assistant Attorney General
>
>JEFFREY S. BUCHOLTZ
>Principal Deputy Assistant Attorney General
>
>C. FREDERICK BECKNER III
>Deputy Assistant Attorney General
>
>PHYLLIS J. PYLES
>Director, Torts Branch
>
>s/ Robin D. Smith
>ROBIN D. SMITH
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>P.O. Box 888
>Benjamin Franklin Station
>Washington, D.C.  20044
>(202) 616-4289
>(202) 616-5200 (fax)
>robin.doyle.smith@usdoj.gov
>Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2006, a true copy of Defendant United States' Memorandum of Law in Support of Its Motion for Leave to Supplement the Record was served on all counsel of record by ECF, electronic mail, facsimile, or first class mail.

s/ Robin D. Smith<br>
Robin D. Smith