UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: NO. 06-7682 ~~O'DWYER, NO. 06-4389~~ (PAUL) | * * * * | JUDGE DUVAL MAG. WILKINSON |

OPPOSITION BY CSX TRANSPORTATION, INC. ("CSXT")
TO PLAINTIFFS' MOTION TO WITHDRAW STIPULATION OF DISMISSAL

MAY IT PLEASE THE COURT:

The plaintiffs and two of the eight defendants negotiated, prepared, signed, and filed a Stipulation of Dismissal With Prejudice, which recites the parties' reciprocal agreements that (1) the plaintiffs' actions against defendants CSXT and BNSF were dismissed with prejudice and (2) that CSXT's and BNSF's oppositions to the plaintiffs' motion to remand were mooted and withdrawn (and the dismissal also mooted the Rule 12 motions that CSXT and BNSF had filed). The Stipulation included a proposed order of dismissal with prejudice, which the Court signed. Now the plaintiffs are asking the Court to vacate the dismissal. They say that, because of a supposed misunderstanding among the seven lawyers representing the plaintiffs (not a

935657-1                                                                 1

misunderstanding between lawyers and their clients), they should have agreed only to a without-prejudice dismissal instead of with-prejudice dismissal.

Former defendant CSX Transportation, Inc. opposes the plaintiffs' Motions to Vacate because:

1. The Stipulation of Dismissal was valid under Fed. R. Civ. P. 41(a)(1)(ii) and effected a dismissal immediately upon filing, independent of any later order of dismissal.

2. In the alternative, the plaintiffs' claims against CSXT and BNSF were dismissed by order of the Court, and the plaintiffs have failed to make the requisite showing under Fed. R. Civ. P. 60, which is their only recourse in the district court.

3. The Stipulation was not given gratuitously by the plaintiffs, but was a bilateral and mutually beneficial bargain, and neither the Stipulation nor the ensuing order of dismissal should be vacated over the opposition of the defendants.[1]

4. If the plaintiffs' Motion to Vacate is granted because of a misunderstanding among counsel for the plaintiffs, then every filing signed by fewer than all of a party's lawyers could be subject to a motion to vacate.

## Introduction

The two plaintiffs commenced this civil action in a state court in Orleans Parish in August of 2006, against eight defendants, including railroad companies CSXT and BNSF Railway Company. After removal to this Court, CSXT and BNSF filed motions to dismiss under Fed. R. Civ. P. 12 (and alternatively Rule 56). The plaintiffs filed a motion to remand, which

---

[1] Indeed, CSXT and BNSF had filed motions to dismiss and alternative motions for summary judgment, Dkt. 1530 & 1579. Those motions show that the plaintiffs have no viable claim against either railroad.

935657-1                                          2

CSXT and BNSF opposed. The motions, set for hearing on November 29, 2006, remain undecided.[2]

On November 8, 2006, the plaintiffs' lawyer, Richard Martin, approached CSXT's lawyer about the possibility of a voluntary dismissal of CSXT. The plaintiffs wanted to dismiss the parties that had opposed the motion to remand. *See* Plaintiffs' Motion to Vacate Order of Dismissal with Prejudice, supporting memorandum, Dkt. 2231-2, p. 2 ("Plaintiffs' objective was remand."). CSXT e-mailed a proposed stipulation with prejudice to Richard Martin, who revised it and returned it to CSXT. CSXT and BNSF made some additional revisions and on December 1, 2006, the parties signed and filed the stipulation of dismissal <u>with prejudice</u>, along with a proposed judgment of dismissal with prejudice. The signature on behalf of the plaintiffs listed all seven law firms representing the plaintiffs, and was signed by one of those lawyers, Richard Martin.

On December 4, 2006, however, the plaintiffs filed a "Motion to Vacate Stipulation of Dismissal With Prejudice," Dkt. No. 2001, noticed for hearing on December 27, 2006. The motion listed only one of the plaintiffs' seven firms, and had the signature only of a lawyer at that firm (Richard Martin).

The plaintiffs say that they delivered to chambers a copy of their Motion to Vacate Stipulation, and alerted one of the judge's clerks to the existence of the issue, all on December 4, 2006.[3] Nonetheless, on the next day, December 5, 2006, the Court signed, without changing, the

---

[2] Motions to Dismiss, Dkt. 1530 (CSXT) & 1579 (BNSF); Motion to Remand, Dkt. 1543; Memoranda in Opposition to the Motion to Remand, Dkt. 1735 (CSXT) & 1766 (BNSF); and Minute Entry memorializing the status conference of November 29, 2006, Dkt. 2034.

[3] So stated in Motion to Vacate Order of Dismissal with Prejudice, supporting memorandum, Dkt. 2231-2, p. 2.

935657-1

3

proposed order that the parties had filed with the Stipulation. The order of dismissal with prejudice said, in part:

> Upon the foregoing Stipulation of Voluntary Dismissal with Prejudice, the actions and claims of the plaintiffs against CSX Transportation, Inc. and the BNSF Railway Co., f/k/a the Burlington Northern and Santa Fe Railway Company, including all claims made by the plaintiffs in matter 06-7682, be and they are hereby DISMISSED with prejudice, each party to bear his, her, or its own costs. [Dkt. No. 2075]

Then, on December 13, 2006, the plaintiffs filed "Motion to Vacate Order of Dismissal With Prejudice," Dkt. No. 2231, noticed for hearing on January 10, 2007. That second Motion to Vacate (the Order), which lists all seven of the plaintiffs' law firms and the signature of Richard Martin, says that it "relates to, and is intended to replace as needed," the first Motion to Vacate (the Stipulation).

## Law and argument

1. **The Stipulation of Dismissal was valid under Fed. R. Civ. P. 41 and effected a dismissal immediately upon filing, independent of any later order of dismissal.**

The Stipulation was signed by counsel for the dismissing parties and counsel for the dismissed parties, and was filed with the consent of both. The Stipulation effects an immediate dismissal under Fed. R. Civ. P. 41(a)(1)(ii), which says, "[A]n action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." *See, for example, Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995):

> According to [Rule 41(a)(1)(ii)], such stipulations take effect when *filed* and do not require an order of the court. Fed. R. Civ. P. 41(a)(1)(ii). Therefore, the district court's order approving the dismissal is of no consequence. . . . The claims were dismissed when the parties filed the stipulation . . . [italics by the court].

The Stipulation of Dismissal With Prejudice was knowingly and intentionally filed by the parties, and approved by the Court. The parties have not dismissed the entire action, nor have they dismissed any party who did not sign the Stipulation. The Stipulation simply dismissed the two defendants who, together with the plaintiffs' lawyer, signed and filed it. The Stipulation was valid and binding as soon as it was filed on December 1, 2006, and the plaintiffs' motion to vacate should be denied.

**2.  In the alternative, the plaintiffs' claim against CSXT and BNSF has been dismissed by order of the Court, and the plaintiffs have failed to make the requisite showing under Fed. R. Civ. P. 60, which is their only recourse in the district court.**

Fed. R. Civ. P. 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...." Yet Rule 60(b) should only be used to disturb the finality of judgments on narrow grounds and upon a showing of exceptional circumstances. *See Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999, 1003 (7th Cir. 1971), *cert. denied by Herriman v. Midwestern United Life Ins. Co.*, 405 U.S. 921 (1972). The rule is not intended to enable litigants to avoid the consequences of a decision to settle or compromise that may, with hindsight, appear to have been unfortunate. *See Sampson v. Radio Corporation of America*, 434 F.2d 315, 317 (2d Cir. 1970).

<u>The plaintiffs are not entitled to relief under Rule 60 because they knowingly and voluntarily filed the dismissal papers.</u> Voluntary action such as deliberately adopted stipulations or voluntary dismissals may estop a party from seeking relief under Rule 60 on the ground of mistake or excusable neglect. *See* 11 Wright & Miller, *Fed. Prac. & Proc.* § 2858, p.282 (1995), and, for example, *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) (counsel's error in not

contemplating breadth of stipulation dismissing with prejudice was not sufficient mistake, inadvertence, surprise, or excusable neglect to afford relief from judgment).

The plaintiffs' dismissal of CSXT and BNSF was negotiated, prepared, signed, and filed by their counsel of record, knowingly and voluntarily. The plaintiffs do not maintain that they were deceived or coerced or that there is any other such justification for effecting the dismissal. They simply want to fine-tune the terms of their stipulation (and they are still prepared to offer a without-prejudice dismissal). The plaintiffs are not entitled to relief under Rule 60.

<u>The plaintiffs do not claim that they lacked authority *from their clients*, only that there was a misunderstanding among counsel.</u> Where it can be shown that a consent judgment or stipulation of dismissal was entered into without express authority from <u>the client</u> or without the actual consent of <u>the client</u>, Rule 60 relief may be appropriate. *See Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979). But the plaintiffs' motions to vacate in this action do not claim that they lacked the authority of their clients to sign and file the dismissal papers. What they say instead is that "plaintiffs' counsel" – presumably referring to the other six law firms – did not authorize a with-prejudice dismissal.

The plaintiffs nowhere represent that the Stipulation of Dismissal and the resulting order of dismissal lacked the authority of the clients. When those papers were filed, the signing lawyer represented the plaintiffs just as much as the other six law firms. Even if the signing lawyer was mistaken about what his co-counsel wanted to do, the plaintiffs are not entitled to relief under Rule 60. No showing has been made that the filing of the dismissal papers lacked the consent or authority of the clients. "[A] consent judgment shown to have been entered without express authority from the client or without the client's actual consent may be the subject of Rule 60(b) relief." *Smith v. Widman Trucking & Excavating*, 627 F.2d 792, 796 (7th Cir. 1980). But here

935657-1

6

there is no claim that the lawyer lacked his clients' authority. Relief under Rule 60 is not warranted, and the plaintiffs' motions to vacate should be denied.[4]

3. **The Stipulation was not given gratuitously by the plaintiffs, but was a bilateral and mutually beneficial bargain and should not be vacated over the opposition of the defendants.**

The Stipulation shows on its face that both sides had bargained for a benefit from the dismissal. The Stipulation correctly recites that both dismissed defendants had filed Rule 12 motions, and both had filed memoranda in opposition to the plaintiffs' motion to remand to state court. In fact, the Stipulation is careful to recite that "in light of the foregoing stipulation of dismissal with prejudice," the oppositions to the motion to remand were mooted and withdrawn. The Order that was attached to the Stipulation – and the order, like the Stipulation, was negotiated, prepared, signed, and filed by the parties – declares that is based on the Stipulation ("Upon the foregoing Stipulation of Voluntary Dismissal with Prejudice . . . ").

The Stipulation was a bargain that the parties negotiated, with benefits flowing to each side. The defendants gained a dismissal with prejudice, and the plaintiffs in turn gained a significant benefit:

- The dismissal of the only two parties to oppose the plaintiffs' motion to remand, so that the motion to remand became unopposed -- in other words, the Stipulation of Dismissal achieved the very purpose for which the plaintiffs had entered into it.[5]

- The dismissal of two of the three defendants that had filed Rule 12 motions.[6]

---

[4] And the Motions to Vacate should in no event be granted without allowing discovery on the authority actually given by the plaintiffs to their lawyers.

[5] The plaintiffs have stated that "[p]laintiffs' objective was remand." Plaintiffs' Motion to Vacate Order of Dismissal with Prejudice, supporting memorandum, Dkt. 2231-2, p. 2.

[6] Defendant Louisiana Department of Transportation & Development also filed a motion to dismiss, Dkt. 1582 (filed on November 13, 2006).

The dismissal works no hardship or inequity on the plaintiffs. Indeed, it confers a significant benefit on them. Their Motions to Vacate, to their credit, do not claim that the dismissal is unfair, unjust, or oppressive. The plaintiffs simply want a slightly different form of relief from what they bargained for and agreed to. CSXT respectfully suggests that the intervention of the Court is not merited, and that the plaintiffs must abide by their original intention – and accept the considerable benefit that they gain from it.

4.  **If the plaintiffs' Motion to Vacate is granted because of a misunderstanding among counsel for the plaintiffs, then every filing signed by fewer than all of a party's lawyers will be subject to a motion to vacate.**

The premise of the plaintiffs' motion is that if one of a party's lawyers signs and files a paper, he can later file a motion to vacate, pleading a misunderstanding with the other lawyers for that party. If that were true, then neither the Court nor any party could rely on a paper that was filed and signed by only one of a party's lawyers. Without the signature of every co-counsel representing a party, a filed paper could be the subject of a motion to vacate at any time.

In this action the two plaintiffs are represented by seven law firms. The names of all seven firms appear on the Stipulation, with the signature of only one, Mr. Martin. That complies with Fed. R. Civ. P. 11(a), which says that every pleading or other papers shall be signed "by at least one attorney of record." But if the signing attorney is allowed to vacate the pleading, then every time that the plaintiffs file a paper signed by fewer than all seven law firms, the paper would be subject to a motion to vacate. The Court and the defendants could protect themselves from that possibility only by requiring that all seven law firms sign every single paper filed on behalf of the plaintiffs -- a cumbersome and unnecessary imposition on this litigation, violating the spirit, if not the letter, of Rule 11(a).

The plaintiffs have filed this Stipulation through their counsel of record. His signature is sufficient under Rule 11(a). The Stipulation and the ensuing order of dismissal are proper and binding and should not be vacated on the grounds that the other six law firms did not also sign.

## Conclusion

The plaintiffs filed a Stipulation of Dismissal With Prejudice that was valid and effective immediately upon filing. Then the plaintiffs moved to vacate that Stipulation, representing that they had had a misunderstanding among counsel (not between lawyer and client). They notified the Court that they were filing a motion to vacate, but the Court nonetheless signed the order of dismissal with prejudice that the parties had filed with the Stipulation.

The plaintiffs' Motion to Vacate the Stipulation and their Motion to Vacate the Order should be denied because the plaintiffs filed the Stipulation knowingly, willingly, and after negotiation; because they do not suggest that they lacked authority from their clients; because the Stipulation was bargained for and gave benefits to the plaintiffs as well as to the dismissed defendants; and because vacating the Stipulation and Order would impose uncertainty upon every paper filed that bore the signature of fewer than all co-counsel for the filing party.

CSXT respectfully urges the Court to deny both motions to vacate.

Respectfully submitted,

s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
-of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
-of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, LA 70119
Telephone: 504-483-3224
Facsimile: 504-483-2259

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2006, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

s/ Jonathan C. McCall