UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | *  CIVIL ACTION <br> * <br> *  NO. 05-4182 "K" (2) |
| PERTAINS TO: <br> INSURANCE      (*Aaron,* 06-4746) | * <br> *  JUDGE DUVAL <br> * <br> *  MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### STATE FARM'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR ENTRY OF AN ORDER ADMINISTRATIVELY CLOSING *AARON, ET AL. V. AIG, ET AL.*, NO. 06-4746

Defendants, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company (collectively, "State Farm") submit this memorandum in opposition to the plaintiffs' motion for leave to file an "Unopposed Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al. v. AIG, et al.,* No. 06-4746," Rec. Doc. 2237.  Contrary to the plaintiffs' representation, State Farm opposes the administrative closure of the *Aaron* case at this time, for reasons that will be fully addressed in later briefing and argument.  Therefore, this Court should deny plaintiffs leave to file their motion as an unopposed motion.

- 1 -

844410v.1

- 2 -

State Farm has not made any representation to plaintiffs' counsel that it would voluntarily consent to administrative closure of the *Aaron* case at this time. Plaintiffs filed with their motion for leave an accompanying "Local Rule 7.6E Certificate."[1] That certificate stated that plaintiffs' counsel in *Aaron* had contacted Plaintiffs' liaison counsel, Joseph Bruno, and that Mr. Bruno had indicated that he was filing a similar motion in another consolidated case and that he had not received an objection to the motion in that case. Plaintiffs' counsel's conversation with Mr. Bruno did not provide plaintiffs with a reasonably sufficient basis to believe that none of the *Aaron* defendants would agree to an administrative closure of this case.

State Farm and other defendants have motions pending in this proceeding. In addition, there has been no discussion of the parameters, effects, or implications that closure of such a massive proceeding would have on all parties. This court should deny the plaintiffs leave

---

[1] Local Rule 7.6E only governs motions to intervene, to amend pleadings, or to file third-party complaints, and therefore has no applicability here.

- 3 -

to file their motion as unopposed. The plaintiffs' motion should be docketed as a contradictory motion and scheduled for hearing at a later date.

    Respectfully submitted,

    s/ J. Dalton Courson
    Wayne J. Lee, 7916, T.A.
    Mary L. Dumestre, 18873
    Michael Q. Walshe, Jr., 23968
    J. Dalton Courson, 28542
    Heather S. Lonian, 29956
        of
    STONE PIGMAN WALTHER WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, LA  70130
    Telephone: (504) 581-3200

    Attorneys for State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Mutual Automobile Insurance Company

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to File Motion for Entry of an Order Administratively Closing *Aaron, et al. v. AIG, et al.,* No. 06-4746 has been served upon all counsel of record by electronic service through the Court's CM/ECF system or placing same in the United States mail, postage prepaid and properly addressed, this 19th day of December, 2006.

    s/ J. Dalton Courson

844410v.1