

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 19 P 3: 00

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES | * | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | * | |
| | | * | NO. 05-4182 "K"(2) |
| | | * | |
| LEVEE CASES | | * | |
| | | * | JUDGE DUVAL |
| PERTAINS TO: 06-7682 (PAUL) | | * | |
| | | * | MAG. WILKINSON |

## OPPOSITION TO MOTION TO VACATE STIPULATION OF DISMISSAL WITH PREJUDICE

This Memorandum is submitted by the BNSF Railway Company, f/k/a the Burlington Northern and Santa Fe Railway Company ("BNSF") in opposition to plaintiffs' Motion to Vacate the Stipulation of Dismissal with Prejudice. BNSF appears for the limited purpose of opposing Plaintiffs motion to vacate the stipulation dismissing it with prejudice. Plaintiffs seek to vacate the stipulation of dismissal as to both BNSF and CSX following extended negotiation between counsel as well as a very clear understanding as to the nature and purpose for the dismissal. Plaintiffs were well aware that the stipulation under Rule 41 was with prejudice, and Rule 41 expressly provides that such a stipulation is effective upon filing, without a further order of the court. Plaintiffs' motion should be denied.

___ Fee_____
___ Process_____
X  /Dktd _____
\/ CtRmDep_____
___ Doc. No_____

## BACKGROUND

This proposed class action was originally filed in Louisiana State Court on August 28, 2006. The matter was subsequently removed on October 10, 2006 by CSX Transportation, Inc. (CSXT). Following removal, both CSXT and BNSF filed motions to dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6). In addition, plaintiffs filed a Motion to Remand the case back to state court in Orleans Parish.

Plaintiff's claims arise out of flooding caused by Hurricane Katrina. Plaintiffs attempt to weave BNSF and CSXT into the web of tangential theories of recovery based on a train derailment that occurred on September 11, 2004, nearly a year prior to the hurricane. Plaintiffs contend that damage caused to a floodgate at the time of the derailment went unrepaired and is the responsibility of the railroads. The plaintiffs' contentions in this regard wholly disregard the circumstances surrounding the incident, payments made in order to provide for repairs to the floodgate, and the plethora of intervening causes.

Faced with almost certain dismissal and a retention of this matter in federal court, the plaintiffs approached BNSF and CSXT to discuss dismissal. Plaintiffs first proposed a dismissal without prejudice through counsel for CSXT. BNSF advised that the dismissal without prejudice was unacceptable. Plaintiffs, seeking an unopposed path back to state court, apparently intended to dismiss the railroad defendants in federal court and then later add the railroad defendants back to the case after a return to state court. BNSF would not agree to the dismissal without prejudice, and plaintiffs ultimately agreed to a dismissal with prejudice. Counsel for the plaintiffs reviewed the stipulation well in advance, and the stipulation and dismissal was signed by counsel for all

2

three parties, and stipulation was filed on Friday, December 1, 2006. (Exhibit A, file stamped copy of the Stipulation of Dismissal).

Plaintiffs now seek to vacate the dismissal on the premise that they were "mistaken" and further on the basis that the stipulation had not yet been "signed." This court entered an order, however, on December 5, 2006, granting the stipulation of dismissal granting the stipulation of dismissal and dismissing this matter as to CSXT and BNSF Railway Company with prejudice.[1] The stipulation and resulting dismissal was properly entered pursuant to the provisions of Rule 41(a) of the Federal Rules, and the dismissal was effective on December 1, 2006.

## ARGUMENT

### A. The Stipulation of Dismissal Was Effective Upon Filing.

The stipulation entered on December 1, 2006 was agreed to pursuant to FRCP Rule 41(a)(1). Rule 41 expressly provides that a matter can be dismissed by stipulation without an order of the court. Both sections of Rule 41(a) provide that an "action" shall be dismissed under the rule. The Fifth Circuit has held that the word "action" in Rule 41 does not mean the entire lawsuit. *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 n. 5 (5th Cir.1980); *Plain Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir.1973). Once the stipulation between the parties who have appeared is properly filed, no order of the court is necessary to effectuate dismissal. *See Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. the City of San Jose*, 111 F.3d 688 (9th Cir. 1997); *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995); *Ceja v. Delano Regional Medical Center*, 2006 WL 2827454 (E.D. Ca).

---

[1]    Plaintiffs' have filed a separate motion to set aside the Order dismissing the case. Plaintiffs' motion on this issue is set for hearing on January 23, 2006, and

The notice of stipulation was entered and expressly provided that the dismissal was with prejudice as to all claims asserted against BNSF or CSXT. Upon the filing of the stipulation, the dismissal was effective. No further action was required by this court. Plaintiffs' suggestion that the stipulation can now be withdrawn simply because an Order was not signed is directly contrary to the provisions of rule 41.

BNSF will quite obviously suffer substantial prejudice if plaintiffs' are permitted to withdraw the stipulation. The matter has been dismissed with prejudice, and there is no claim pending against this defendant. Moreover, there is no basis for plaintiffs' proposed withdrawal of the stipulation of dismissal. The stipulation was agreed upon and signed after negotiation on behalf of the parties. There was no mistake and certainly no confusion as to the effect of the stipulation. Plaintiffs intended strategy by dismissing the defendant railroads was to obtain a remand to state court. Realizing that a remand is no guarantee, plaintiffs now seek a different course. Plaintiffs strategic ruminations, notwithstanding, the case was dismissed as to BNSF, and BNSF was no longer a party to the case after the stipulation was filed on December 1, 2006.

**B. Plaintiffs' Offer No Legitimate Basis To Rescind The Order Of Dismissal.**

Plaintiffs next ask this court to vacate the Order signed on December 5, 2006 dismissing the case in light of the stipulation. While no order was required to make the stipulation effective, the Order can be rescinded or modified only under the provisions of FRCP 60. The strict provisions of Rule 60 do not apply. The relevant test for the applicability of Rule 60 (a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60 (a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. *U.S. v. Arnold,* 467 F.3d 880 (5th Cir. 2006).

4

There is no mistake, inadvertent surprise or excusable neglect, and therefore no basis to rescind the Order of dismissal. The plaintiffs decision to stipulate to the dismissal of the railroad defendants was based on an intended strategy, not a mistake. To the contrary, counsel for plaintiffs had an opportunity to review the stipulation and proposed order and, moreover, had an opportunity to work with the panel counsel on the agreement as to a dismissal of the railroads. Plaintiffs cannot now, after rethinking the issue, bring these defendants back into the case.

### CONCLUSION

The Rule 41 stipulation of dismissal was entered by the agreement of BNSF, CSXT, and plaintiffs' counsel. The parties expressly and specifically agreed that the dismissal would be with prejudice. On December 1, 2006, all counsel executed the stipulation, and the stipulation was therefore effective upon the filing of the dismissal. The plaintiffs offer no legitimate or excusable basis whatsoever to revise, modify, or otherwise vacate the stipulation of dismissal or the court's subsequent December 4, 2006 order formally dismissing all claims asserted against BNSF with prejudice. The motion to vacate the stipulation should be denied.

Respectfully submitted,

**FRILOT, PARTRIDGE, L.C.**

**PATRICK A. TALLEY, JR. (#1616)**
**MICHAEL R. PHILLIPS (#21020)**
**CARL E. HELLMERS, III (#25705)**
1100 Poydras Street, Suite 3600
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
**Counsel for BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railroad Company**

5

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 19th day of December, 2006 served a copy of the foregoing on all counsel of record via facsimile and/or by the United State Postal Service properly addressed and postage prepaid.