

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § | | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |
| PERTAINS TO: § <br> ST. RITA: (Lott), § <br> Case No. 06-9236 § | | |

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Defendants and Third Party Plaintiffs Salvador A. Mangano, Mabel B. Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter collectively referred to as "St. Rita") submit this memorandum in opposition to Plaintiff's Motion to Remand.

Plaintiff Margaret Lott has moved this Honorable Court to remand the present matter to state court averring lack of subject matter jurisdiction. In lieu of explicating particularized grounds, Plaintiff instead adopted by incorporation various Motions to Remand filed by other plaintiffs in the St. Rita litigation. Similarly, Defendants/Third Party Plaintiffs adopt and hereby incorporate by reference as if fully reproduced herein



United States' Memorandum in Opposition to Plaintiffs' Motion to Remand, *Doc Nos. 1727, 1810, 1815, 1819, 1837, 1954, 2004, 2137, 2141, 2182 and 2245.*

## BACKGROUND

Plaintiff filed suit against St. Rita's in the 34th Judicial District for the Parish of St. Bernard alleging various charges of negligence in relation to the nursing home's preparations and actions before, during and after Hurricane Katrina. After duly responding to said suits by timely filing answers, St. Rita's filed a Third Party Demand with the aforementioned state court naming the United States, the State of Louisiana and various state and local officials and agencies as Third Party Defendants. The Defendants/Third Party Plaintiffs' sued the United States government in state court pursuant to The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. In FTCA practice, there exists no requirement to file administrative claim prior to suing the United States as a third party. *Hassan v. Louisiana Dept. of Transp. & Development*, 923 F.Supp. 890 (W.D. La. 1996). The United States of America removed this suit, along with many others, from Louisiana state court to this Federal Court pursuant to 28 U.S.C. §§ 1346(b)(1); 1441(a) and 1442(a).

## ARGUMENT

The issue before the Court on a motion to remand is whether the Court has jurisdiction over the action, and not whether one defendant – here the Government – has a valid affirmative defense. The existence of jurisdiction is determined by looking at the complaint as it existed at the time of removal. *Devore v. City of Mesa*, 783 F.Supp. 452 (D. Ariz. 1991). The Court is required to assume that all factual allegations of the Complaint are true. *Keenan v. Unum Provident Corp.*, 252 F.Supp.2d 163 (E.D. Pa.

2003). The burden is on the non-movant to show that the case was properly removed. *Nicholas v. Southeast Health Plan*, 859 F. Supp. 553 (S.D. Ala. 1993). The United States of America is currently a party, and clearly claims against the United States are within the jurisdiction of the federal district courts. The case was properly removed by the Government to this Court under 28 U.S.C. §§1346(b)(1), 1441(a) and 1442(a). A remand, at this time is contrary to 28 U.S.C. § 1442, which creates independent jurisdictional grounds over cases involving the United States or its agencies or officials. This matter was removed to federal court and must remain before this Court unless the Court determines it lacks subject matter jurisdiction, 28 U.S.C. § 1447(c). Currently pending before this Court is the United States' Motion to Dismiss. Given that these cases have been removed by reason of the United States, Defendants/Third Party Plaintiffs respectfully urge the Court to withhold all decisions regarding Motions to Dismiss and Motions to Remand until it has ruled upon the United States' Motion to Dismiss. Should the Court grant said Motion, then the Court may, at its discretion, determine whether to retain or remand the St. Rita's cases.

The supporting memoranda upon which Plaintiffs rely upon as grounds for their present motion before this Court contend Defendants improperly joined the United States so as to create federal jurisdiction and thereby delay the ultimate conclusion of pending suits. This allegation is wholly without merit. Defendants' inclusion of federal officials and entities within its Third Party Demand is based upon the right to seek indemnity and/or contribution from Third Party Defendants in the event Defendants are cast in judgment herein. The right to indemnity and/or contribution *has not* been abolished by the 1996 Amendments to Louisiana Civil Code Article 2324. *Kadlec*

*Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155767 at *2 (E.D. La. 2005) (stating "the *Dumas* court did not hold that Louisiana had entirely eliminated tort indemnity and contribution"); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *2 (E.D. La. 2004) (affirming decision of *Campo*, discussed *supra*, regarding the holding of *Dumas*, "the Louisiana Supreme Court did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution"); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (holding "the Louisiana supreme court [in *Dumas*] did not hold that the right to seek indemnification among alleged co-tortfeasors disappeared, just the right of contribution").

Plaintiffs further rely upon exceptions granting immunity to the Government as cause for this action to be remanded. More specifically, the gist of said memoranda aver the Government is immune from suit by virtue of the "discretionary function" exception to the FTCA and pursuant to the immunity granted by the Flood Control Act of 1928, 33 U.S.C. §702(c). However, neither of these issues is properly presented in a Motion to Remand.

The Plaintiffs present motion is tantamount to a motion to dismiss the United States. Plaintiffs clearly lack standing to bring such a motion. In any event, the jurisdiction of this Court is clear.

Concerning the "discretionary function" exception and interplay between *Graci v. United States*, 456 F.2d 20 (5th Cir. 1971) and *Central Green Co. v. United States*, 531 U.S. 425 (2001), arguments upon which Plaintiffs rely, the same points have been the subject of motions filed by the Government in proceedings before Judge Duval. Judge

Duval took those matters under advisement on October 27, 2006. Should this Court reach the merits of the motion, rather than rehash those arguments and burden the Court with additional paper, Defendants hereby incorporate by reference herein "Plaintiffs' Opposition to the Government's Motion to Dismiss" filed in C.A. 05-4182, Doc. 1003-1, and to the extent an opposition on the merits is required, Defendants adopt the arguments contained therein. Defendants would also ask the Court to observe that the discretionary function defense was rejected in the *Graci* litigation which dealt with flooding caused by the MRGO during Hurricane Betsy. *See*, 301 F.Supp. 947 (E.D. La. 1969).

Concerning Plaintiffs' averments "the defendants would not have voluntarily dismissed the United States of America had they truly believed they are entitled to indemnity or contribution in tort from the United States" and that said dismissal is "evidence that the United States i[s] neither an indispensable or necessary party." *Plaintiff's Memorandum in Support of Motion to Remand*, p. 2. Defendants have voluntarily dismissed the United States from certain cases for particularized reasons to which the Plaintiffs in the present matter are not privy to nor entitled to question.

## CONCLUSION

Wherefore, for the foregoing reasons, the Plaintiffs' Motion to Remand must be denied.

Respectfully submitted, this 19th day of December 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)

5

LOUIS G. SPENCER  (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana  70112
Telephone:  504-581-1301
Facsimile:   504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana  70433
Telephone: (985) 898-0504

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 19th day of December 2006.

_____