

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |
| PERTAINS TO: § <br> ST. RITA: (Bracklein), § <br> Case No. 06-7633 § | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants and Third Party Plaintiffs Salvador A. Mangano, Mabel B. Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter collectively referred to as "St. Rita") submit this memorandum in opposition to Third Party Defendants', State of Louisiana and state agencies and actors, Joint Motion to Dismiss.

Defendants/Third Party Plaintiffs adopt and hereby incorporate by reference as if fully reproduced herein United States' Memorandum in Opposition to Plaintiffs' Motion to Remand, *Doc Nos. 1727, 1810, 1815, 1819, 1837, 1954, 2004, 2137, 2141, 2182 and 2245.*

Fee_____
Process_____
X Dktd_____
✓ CtRmDep_____
Doc. No._____

## BACKGROUND

Several plaintiffs filed suit against St. Rita's in the 34th Judicial District for the Parish of St. Bernard alleging various charges of negligence in relation to the nursing home's preparations and actions before, during and after Hurricane Katrina. After duly responding to said suits by timely filing answers, St. Rita's filed a Third Party Demand with the aforementioned state court naming the United States, the State of Louisiana and various state and local officials and agencies as Third Party Defendants. The Defendants/Third Party Plaintiffs' sued the United States government in state court pursuant to The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. In FTCA practice, there exists no requirement to file administrative claim prior to suing the United States as a third party. *Hassan v. Louisiana Dept. of Transp. & Development*, 923 F.Supp. 890 (W.D. La. 1996). The United States of America removed this suit, along with many others, from Louisiana state court to this Federal Court pursuant to 28 U.S.C. §§ 1346(b)(1); 1441(a) and 1442(a). The State actors and agencies argue this Court lacks authority over the resolution of the Third Party Demand pursuant to the Eleventh Amendment and doctrine of sovereign immunity and thereby seek dismissal *with* prejudice of all claims by this Court. *Third Party Defendants' Memorandum in Support of Motion, p. 3.*

## ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(1) challenges the federal court's subject matter jurisdiction over the action pending before it. Fed. R.Civ.P. 12(b)(1). Federal courts are vested with authority to adjudicate claims only when authorized by express statutory or constitutional language; hence, they are considered to be courts of

limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489 (5th Cir. 2005); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). See *Rodriguez v. Texas Commission on the Arts*, 992 F.Supp. 876, 879 (N.D. Tex. 1998). When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

Third Party Defendants' Motion to Dismiss is premature. Similarly, a remand, at this time is contrary to 28 U.S.C. § 1442, which creates independent jurisdictional grounds over cases involving the United States or its agencies or officials. This matter was properly removed to federal court and must remain before this Court unless the Court determines it lacks subject matter jurisdiction, 28 U.S.C. § 1447(c). Currently pending before this Court is the United States' Motion to Dismiss. Given that these cases have been removed by reason of the United States, Defendants/Third Party Plaintiffs respectfully urge the Court to withhold all decisions regarding Motions to Dismiss and Motions to Remand until it has ruled upon the United States' Motion to

Dismiss. Should the Court grant said Motion, then the Court may, at its discretion, determine whether to retain or remand the St. Rita's cases.

Regarding Third Party Defendants' request that this Court dismiss all claims with prejudice while simultaneously claiming this Court lacks subject matter jurisdiction, Defendants/Third Party Plaintiffs respectfully assert Third Party Defendants cannot have it both ways. They are, in essence, demanding this Court assert no authority over them but issue a judgment as to the merits of the claims against them. If a federal court lacks subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; it is only just any claims that are barred by sovereign immunity should be dismissed *without* prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

## CONCLUSION

Wherefore, for the foregoing reasons, the Third Party Defendants' Motion to Dismiss must be denied.

Respectfully submitted, this 19th day of December 2006.

EMMETT, COBB, WAITS & HENNING

BY: _____
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
LOUIS G. SPENCER (26520)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana 70433
Telephone: (985) 898-0504

4

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 19th day of December 2006.

_____