## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | |
| LEVEE, RESPONDER CASE NOS | * | JUDGE: DUVAL |
| O'DWYER – 06-4389 AND | * | |
| O'DWYER – 06-6099 | * | MAG. JUDGE: WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SANCTIONS

**MAY IT PLEASE THE COURT:**

The judiciary has a duty to protect the states and government officers from the burdens of contemptible litigation. This obligation is expressed in the doctrines of sovereign immunity and qualified immunity. The law on sovereign immunity places the onus on the plaintiffs to establish that the federal court is the proper forum in which their grievances against a state may be redressed. The law on qualified immunity encompasses a heightened fact pleading requirement so

government officials charged with the violation of rights protected by federal law and the U.S. Constitution will not be forced to set aside their official duties to defend vague lawsuits, suits filled with conclusory allegations, or suits failing to establish the requisite causal connexity between the alleged constitutional violation and alleged conduct of the defendants.

The three lawsuits filed by the plaintiffs in this Honorable Court join, as defendants, the State of Louisiana and four of its agencies, the Department of Transportation and Development (DOTD), the Military Department, Office of Homeland Security and Emergency Preparedness (OHSEP), the Department of Social Services (DSS), and the Department of Public Safety and Corrections (DPSC).  The State of Louisiana and DOTD are sued in all three cases.  OHSEP, DSS, and DPSC are sued in 06-6099.  The plaintiffs also sue Governor Kathleen Blanco, in her official capacity, in 05-4181 and 06-6099 and Johnny Bradberry, in his official capacity as Secretary of DOTD, in 06-4389 and 06-6099.  In 06-6099, the plaintiffs also sue Ann Williams, in her official capacity as Secretary of DSS, Colonel Jeff Smith, in his official capacity as Adjunct General of the Office of Homeland Security and Emergency Preparedness, and Richard Stalder, in his official capacity as Secretary of the Department of Public Safety and Corrections.

A lawsuit against an agency or officer (in his official capacity) of the State of Louisiana is actually a suit against the sovereign state.  Accordingly, the State, its agencies and officers, in their official capacities, are entitled to sovereign immunity from every claim raised by the plaintiffs in each of their cases.  The plaintiffs' relentlessness in repeatedly suing the State of Louisiana in Federal Court and in asserting frivolous arguments that the lawsuits are properly in Federal Court, constitute violations of Fed. R. Civ. P. 11 and 28 U.S.C. §1927.

The plaintiffs also sue Governor Blanco, Secretary Bradberry, Colonel Smith, Secretary Williams, and Secretary Stalder in their individual capacities. The plaintiffs' claims against each are legally frivolous and were filed for the purpose of harassment.  In addition, the plaintiffs state *no facts whatsoever* in support of the joinder of Colonel Smith, Secretary Williams and Secretary Stalder in 06-6099.  Their joinder was clearly unreasonable and vexatious multiplication of the litigation.

## I.   OVERVIEW OF THE PLAINTIFFS' HURRICANE KATRINA-RELATED LITIGATION AGAINST THE STATE OF LOUISIANA, ITS AGENCIES AND OFFICERS.

The plaintiffs filed Civil Action No 05-4181 on September 19, 2005. Therein, the plaintiffs allege the State of Louisiana and Governor Kathleen Blanco, among many others, violated federal and state law in their preparation for and

response to Hurricane Katrina.[2]  The plaintiffs amended the complaint a total of twelve times.[3]  The State of Louisiana, through the Department of Transportation and Development, was joined as a defendant via Sixth Supplemental and Amending Complaint on December 5, 2005.[4]  DOTD was not served with the lawsuit until September 26, **2006**.

The plaintiffs moved to amend for the eleventh time on February 6, 2006.[5] Defendants State of Louisiana and Governor Kathleen Blanco moved for dismissal, on February 13, 2006, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) respectively.[6]  On February 22, 2006, Magistrate Judge Knowles entertained oral argument on the plaintiffs' motion for leave to amend for the eleventh time.[7]  In open court and on the record, Magistrate Judge Knowles granted the plaintiffs' motion but noted, "eleven strikes and you're out.  Future amendments are not going to be granted in this case, Mr. O'Dwyer, unless you give me some really, really, really good reasons to do so."[8]

---

[2] See 05-4181, Rec. Doc. 1.
[3] See 05-4181, Rec. Docs. 3, 5, 7, 12, 16, 20, 23, 50, 123, 124, and 128 (first eleven supplemental and amending complaints, the twelfth is Rec. Doc. _____ in 05-4182 and does not change the substance of the complaints).
[4] See 05-4181, Rec. Doc. 20.
[5] See 05-4181, Rec. Doc. 78.
[6] See 05-4181, Rec. Docs. 88 and 89.
[7] See 05-4181, Rec. Doc. 111.
[8] See 05-4181, Rec. Doc. 159, p. 31, lines 21-24 (opposition by United States to plaintiffs' motion for leave to amend for the twelfth time, exhibit: transcript from oral argument on motion for leave for the eleventh time).

The plaintiffs moved for leave to amend for the twelfth time, fifteen calendar days after oral argument, to add new jurisdictional allegations.[9]   Therein, the plaintiffs alleged the applicability of general maritime law to their claims and accordingly, original admiralty jurisdiction of the Federal Court.[10]   The motion for leave to amend was denied on April 12, 2006.[11]   Magistrate Judge Wilkinson noted in his reasons for denying the motion, "The amendment does not appear important. […] This case is significantly unlike the separate Ingram Barge case in this court, upon which plaintiff relies so heavily in his supplemental memorandum, in that this case does not involve an admiralty limitation proceeding."[12]

This Honorable Court issued its order and reasons granting the motions to dismiss the State of Louisiana and Governor Kathleen Blanco on July 19, 2006.[13] A judgment was issued the same day.[14]   This Court dismissed the State of Louisiana and Governor Blanco in her official capacity based on sovereign immunity.[15]   This Court further dismissed Governor Blanco in her individual capacity based on qualified immunity.[16]   Approximately one month *after the dismissal*, on August 17, 2006, the plaintiffs filed Civil Action No. 06-4389 against

---

[9] See 05-4181, Rec. Doc. 143.
[10] Id.
[11] See 05-4182, Rec. Doc. 71.
[12] Id.
[13] Rec. Doc. 788.
[14] Rec. Doc. 789.
[15] Rec. Doc. 788.

the State of Louisiana, through the Department of Transportation and Development, and Secretary Johnny Bradberry.[17]  Therein, the plaintiffs allege the applicability of general maritime law as a basis for this Court's original subject matter jurisdiction.[18]

On September 19, 2006, the plaintiffs filed a "Protective Refiled Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys Fees and Taxable Costs."[19]  Therein, the plaintiffs sue the State of Louisiana; Governor Kathleen Blanco; State of Louisiana, through the Department of Transportation and Development (DOTD); Secretary Johnny D. Bradberry; State of Louisiana, through the Military Department, Office of Homeland Security and Emergency Preparedness (incorrectly referred to as "the Governor's Office of Homeland Security and Emergency Preparedness" and hereinafter referred to as "OHSEP"); Colonel Jeff Smith; State of Louisiana, through the Department of Social Services (DSS), Secretary Ann S. Williams, State of Louisiana, through the Department of Public Safety and Corrections (DPSC), and Secretary Richard S. Stalder.[20]  Therein the plaintiffs' admit that some of the claims lodged in 06-6099 are the same as those lodged, and dismissed, from 05-4181.

---

[16] Id.
[17] See 06-4389, Rec. Doc. 1.
[18] Id.
[19] See 06-6099, Rec. Doc. 1.

> Although plaintiffs concede that the substance of some of the allegations contained herein against certain defendants may have been summarily dismissed previously by This Honorable Court, those dismissals are currently on appeal to the United States Court of Appeals to [sic] the Fifth Circuit.  Plaintiffs specifically aver that any duplicative claims asserted in this action are not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, but are being presented as warranted by existing law or by non-frivolous arguments for the extension, modification or reversal of existing law or the establishment of new law.[21]

As of today, November 28, 2006, the appeal to which the plaintiffs refer, are dismissed for failure to pay the docketing fees.[22]

On September 22, 2006, this Honorable Court dismissed DOTD from 05-4181, 05-6073, and 06-0020 based on sovereign immunity.[23]  DOTD and Secretary Bradberry were served with 06-4389 on September 26, 2006.  DOTD and all other moving defendants were served with 06-6099 on October 23, 2006.[24]

## II.   THE COMPLAINTS IN 06-4389 AND 06-6099 VIOLATE RULE 11.

The complaints in 06-4389 and 06-6099 violate the provisions of Fed. R. Civ. P. 11(b)(1) and 11(b)(2).  The State of Louisiana respectfully suggests that 06-4389 and 06-6099 were filed for improper purposes such as to circumvent

---

[20] Id.
[21] See 06-6099, Rec. Doc. 1, p. 35 ¶XXIII.
[22] See Clerk's Order of 10/03/06 in Civil Appeal No. 06-30840.
[23] See 05-4182, Rec. Doc. 1231.

this Honorable Court's order restricting the plaintiffs' ability to amend their complaint in 05-4181 and to harass the State, its agencies and officers. Furthermore, the jurisdictional allegations, contentions that the lawsuits were properly filed in federal court, and theories of recovery are all legally frivolous. As such, the plaintiffs and their attorney, violated Rule 11 and sanctions should be issued accordingly.

A.   THE LAW ON FED. R. CIV. P. 11 SANCTIONS.

Sanctions under Rule 11 may be appropriate if: (1) a document has been presented for an improper purpose,[25] (2) the claims or defenses of the signer are not supported by existing law or by a good-faith requirement for an extension or change in existing law,[26] or (3) the allegations and other factual contentions lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation.[27]   In determining whether a litigant has violated Rule 11, courts apply an objective (rather than subjective) standard of reasonableness.[28] The conduct of the litigant is assessed at the time he submitted the offending pleading

---

[24] See 06-6099, Rec. Docs. 3-11.
[25] Bynum v. American Airlines, Inc., 166 Fed.Appx. 730, 732 (5th Cir. 2006).(citing Fed. R. Civ. P. 11(b)(1)).
[26] Id (citing Fed. R. Civ. P. 11(b)(2)).
[27] Id (citing Fed. R. Civ. P. 11(b)(3)).
[28] Delor v. Intercosmos Media Group, Inc., Not Reported in F.Supp.2d, 2006 WL 435997, *1 (E.D. La. 2006) (citing Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir.1994); United States v. Alexander, 981 F.2d 250, 252 (5th Cir.1993)).

or motion.[29]  "Under Rule 11, the district court has broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11. Proper objectives of Rule 11 sanctions are to deter, to punish and to compensate opposing parties. The court should use the least severe sanction that is adequate to fulfill this purpose ."[30]

> It is true that, generally, district courts do not sanction attorneys who make nonfrivolous representations. A district court may do so, however, where it is objectively ascertainable that an attorney submitted a paper to the court for an improper purpose.[31]

Rule 11 sanctions are appropriate for "gross abuse of process."[32]

Rule 11 sanctions are also appropriate if a party asserts unreasonable legal arguments or makes numerous frivolous arguments to the court.[33]  Rule 11 states that attorneys must not file suit without evidentiary support for the allegations contained in the complaint.[34]  Moreover, an attorney must have made a reasonable

---

[29] Id (*citing* <u>Thomas v. Capital Sec. Servs.</u>, 836 F.2d 866, 875 (5 Cir.1988) ( en banc ); Fed.R.Civ.P. 11 Adv. Comm. Note)).

[30] <u>American Airlines, Inc. v. Allied Pilots Ass'n</u>, 968 F.2d 523, 533 (5th Cir.1992).  *See also* <u>Bruno v. Starr</u>, Slip Copy, 2006 WL 2631861, *5 (E.D. La. 2006) (Civil Action No. 05-1887);.

[31] <u>Whitehead v. Food Max of Mississippi, Inc</u>., 332 F.3d 796, 802 (5th Cir. 2003) (*citing* <u>Sheets v. Yamaha Motor Corp.</u>, 891 F.2d 533, 537-38 (5th Cir.1990) ("Although a district court is not to read an ulterior motive into a document "well grounded in fact and law", it may do so in exceptional cases, such as this, where the improper purpose is objectively ascertainable").

[32] <u>Mercury Air Group, Inc. v. Mansour</u>, 237 F.3d 542, 548 (5th Cir. 2001) (*citing* <u>Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.</u>, 497 F.2d 1151 (2 Cir.), *cert. denied*, 419 U.S. 968, 95 S.Ct. 232, 42 L.Ed.2d 184 (1974)).

[33] Id (*citing* <u>Villar v. Crowley Maritime Corp.</u>, 990 F.2d 1489, 1500 (5th Cir.1993), *cert. denied*, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994)).

[34] Id (*citing*  Fed. R. Civ. P. 11(b)(1), (b)(3)).

inquiry into the facts and law of a case at the time which he affixes his signature on any papers to the court.[35]

Courts must impose the least severe sanction on attorneys and parties who violate Rule 11.[36]   The Fifth Circuit, however, has affirmed a district court's determination that the least severe sanction for a lawsuit that is wholly frivolous is the imposition of reasonable attorneys' fees and expenses.[37]

**B.   THE COMPLAINTS IN 06-4389 AND 06-6099 WERE FILED FOR IMPROPER PURPOSES IN VIOLATION OF FED. R. CIV. P. 11(B)(1).**

The complaints in 06-4389 and 06-6099 were filed for improper purposes in violation of Rule 11.   The standard for determining "improper purposes" is objective, not subjective, and depends on the factual circumstances.[38]   It does not depend on the subjective state of mind of the attorney.[39]   The objective test may be satisfied by analysis of an attorney's entire course of conduct in the same or connected litigation, such as a pattern of abusive litigation tactics.[40]   The course of conduct engaged in by the plaintiffs and their attorney, Ashton O'Dwyer, clearly shows the complaints in 06-4389 and 06-6099 were filed for the purposes of

---

[35] Mercury Air Group, Inc. v. Mansour, 237 F.3d at 548.
[36] Id (*citing* Merriman v. Security Insurance Co. of Hartford, 100 F.3d 1187, 1194 (5th Cir.1996)).
[37] Id (*citing* Granader v. McBee, 23 F.3d 120, 124 (5th Cir.1994)).
[38] *See e.g.* Delor v. Intercosmos Media Group, Inc., Not Reported in F.Supp.2d, 2006 WL 435997, *1 (E.D. La. 2006) (*citing* Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir.1994); United States v. Alexander, 981 F.2d 250, 252 (5th Cir.1993)).
[39] Id.

-10-

harassing the defendants and circumventing orders of this Honorable Court which accordingly lead to needless increase in the cost of litigation.

The plaintiffs' complaints in 06-4389 and 06-6099 were clearly filed to circumvent orders of this Honorable Court issued in the plaintiffs' first filed lawsuit, 05-4181.  The filing of a lawsuit which directly circumvents an order of a district court may be deemed filed for an improper purpose.[41]  For example, this Honorable Court has found:

> [T]he only plausible explanation for plaintiff's conduct is that he filed this lawsuit to circumvent the order of the United States District Court in Texas requiring him to pre-pay defendant's expenses before reinstating his case. This violates Rule 11(b)(1) prohibiting a litigant from submitting a pleading that is interposed for an improper purpose.[42]

"When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed."[43]  This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by "circumventing the rules pertaining to the

---

[40] See *Proof of Violation of Federal Rule of Civil Procedure 11 and of Sanctions Thereunder*, 47 Am. Jur. Proof of Facts 3d 241, §11 (2006).

[41] *See e.g*. Dillon v. Diamond Offshore Mgmt. Co., 2002 WL 31415706, *4 (E.D. La. 2002) (*citing* Fed. R. Civ. P. 11(b)(1)).

[42] Id.

[43] Friends of the Earth, Inc. v. Crown Central Pet. Corp., 95 F.3d 358, 362 (5th Cir.1996) (*quoting* Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir.1985)).

amendment of complaints."[44]   A plaintiff "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants."[45]   The plaintiffs', in filing the successive lawsuits against the State of Louisiana, clearly attempt to circumvent orders of This Court.

The plaintiffs amended the complaint in 05-4181 a total of twelve times.[46] The plaintiffs moved to amend for the eleventh time on February 6, 2006.[47]   On February 22, 2006, Magistrate Judge Knowles entertained oral argument on the plaintiffs' motion for leave to amend for the eleventh time. Magistrate Judge Knowles granted the plaintiffs' motion but noted, "eleven strikes and you're out. Future amendments are not going to be granted in this case, Mr. O'Dwyer, unless you give me some really, really, really good reasons to do so."[48]

---

[44] Id.  *See also* Curtis v. Citibank, N.A., 226 F.3d 133 (2nd Cir.2000) (affirming in part dismissal of claims pled as separate, second lawsuit where plaintiffs had sought, but been denied, leave to amend to add those same claims in first suit); Fawcett v. Ditkowsky, No. 92C2371, 1992 WL 186065 (N.D.Ill. July 27, 1992) (dismissing as duplicative a second suit based upon allegations which plaintiffs sought leave to amend in first suit, but withdrew motion prior to ruling by first court).
[45] Dockery House Publishing, Inc. v. Quebecor Printing (USA) Corp., No. 3:99-CV-2426, 2000 WL 973572 at *1 (N.D.Tex. July 13, 2000) (but holding that the two complaints before it did not arise from same transaction and thus dismissal was not required).
[46] See 05-4181, Rec. Docs. 3, 5, 7, 12, 16, 20, 23, 50, 123, 124, and 128 (first eleven supplemental and amending complaints, the twelfth is Rec. Doc. _____ in 05-4182 and does not change the substance of the complaints).
[47] See 05-4181, Rec. Doc. 78.
[48] See 05-4181, Rec. Doc. 159, p. 31, lines 21-24 (opposition by United States to plaintiffs' motion for leave to amend for the twelfth time, exhibit: transcript from oral argument on motion for leave for the eleventh time).

The plaintiffs moved for leave to amend for the twelfth time, fifteen calendar days after oral argument, to add new jurisdictional allegations.[49]   Therein, the plaintiffs sought to add the following paragraph:[50]

> Alternatively, this Court has jurisdiction over the claims herein asserted pursuant to 28 U.S.C. §1333(1), and pursuant to the Suits in Admiralty Act (46 U.S.C. §741, et. seq.) by virtue of the defendants' negligent failure to contain navigable waters of the United States in the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a "The Industrial Canal"), the London Avenue Canal and the Seventeenth Street Canal, resulting in injury and damage to plaintiffs, and to those similarly situated, on land.[51]

The motion for leave to amend was denied on April 12, 2006.[52]  Magistrate Judge Wilkinson noted in his reasons for denying the motion, "The amendment does not appear important. […] This case is significantly unlike the separate Ingram Barge case in this court, upon which plaintiff relies so heavily in his supplemental memorandum, in that this case does not involve an admiralty limitation proceeding."[53]

On August 17, 2006, the plaintiffs filed 06-4389.  The complaint states in pertinent part:

---

[49] See 05-4181, Rec. Doc. 143.
[50] Id.
[51] Rec. Doc. 143, p. 10, ¶IV.
[52] See 05-4182, Rec. Doc. 71.
[53] Id.

> This Court has jurisdiction of the claims herein asserted pursuant to 28 U.S.C. §1333(1) by virtue of the following maritime torts committed by defendants: […]
>
> 2) Negligent failure to contain the navigable waters of the United States identified, supra [the Mississippi River Gulf Outlet, the Gulf Intracoastal Waterway, the Inner Harbor Navigation Canal (a/k/a "The Industrial Canal"), the London Avenue Canal, the Orleans Avenue Canal and the 17th Street Canal, their environs and tributaries.][54]

Case No. 06-4389 contains the claims and "additional jurisdictional allegations" plaintiffs attempted to amend into their complaint in 05-4181. They filed 06-4389 because leave to amend was denied. The complaint blatantly circumvents the Court's Order denying leave to amend and requiring a showing of good cause.

Similarly, the plaintiffs' course of conduct in the filing of 06-6099 clearly shows an attempt to collaterally attack this Honorable Court's dismissal of the same claims from 05-4181. Defendants Governor Kathleen Blanco and the State of Louisiana moved to dismiss the complaints as alleged against them.[55] This Honorable Court issued its order and reasons granting the motions to dismiss the State of Louisiana and Governor Kathleen Blanco on July 19, 2006.[56] A judgment was issued the same day.[57] Two months later, on September 19, 2006, the

---

[54] See 06-4389 Rec. Doc. 1, p. 25, ¶IV.
[55] See 05-4181, Rec. Docs. 88, 89.
[56] Rec. Doc. 788.
[57] Rec. Doc. 789.

plaintiffs filed 06-6099 entitled: "Protective Refiled Complaint for Compensatory and Exemplary Damages, and for Reasonable Attorneys Fees and Taxable Costs."[58]  Therein, the plaintiffs admit their improper attempt to collaterally attack the court's dismissals.

> Although plaintiffs concede that the substance of some of the allegations contained herein against certain defendants may have been summarily dismissed previously by This Honorable Court, those dismissals are currently on appeal to the United States Court of Appeals to the Fifth Circuit.[59]

This concession shows a clear intent to force the repeatedly-sued defendants to defend the same claims simultaneously in district and appellate courts.  The concession is followed by a certification that the refiled complaint was not filed for an improper purpose.  However, as described above, it is objective conduct not subjective intent which supports the issuance of sanctions.[60]

The plaintiffs' course of conduct throughout this litigation shows, not only the blatant attempt to circumvent orders of this Honorable Court, but a clear intent to harass the State of Louisiana.  A lawsuit against an agency of the State or an officer of the state, in his official capacity, is actually a lawsuit against the

---

[58] See 06-6099, Rec. Doc. 1.
[59] See 06-6099, Rec. Doc. 1, p. 35, ¶XXIII.
[60] *See e.g.* Delor v. Intercosmos Media Group, Inc., Not Reported in F.Supp.2d, 2006 WL 435997, *1 (E.D. La. 2006) (*citing* Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 (5th Cir.1994); United States v. Alexander, 981 F.2d 250, 252 (5th Cir.1993)).

sovereign state.[61]  Accordingly, a lawsuit against DOTD, DSS, OHSEP or, DPSC, Governor Blanco, Secretary Bradberry, Secretary Williams, Colonel Smith or, Secretary Stalder, in their official capacity, is actually a suit against the sovereign State of Louisiana.  The plaintiffs, in 05-4181, 06-4389 and 06-6099, sue the State of Louisiana a total of fifteen (15) times.

On July 19, 2006, this Court dismissed the State of Louisiana and Governor Blanco in her official capacity from 05-4181 based on sovereign immunity.[62] Approximately one month *after the dismissal*, on August 17, 2006, the plaintiffs filed Civil Action No. 06-4389 against the State of Louisiana, through the Department of Transportation and Development, and Secretary Johnny Bradberry (in his individual and official capacities).[63]  One month after filing 06-4389, on September 19, 2006, the plaintiffs filed 06-6099.[64]  Therein, the plaintiffs sue the State of Louisiana, Governor Kathleen Blanco, DOTD, Secretary Johnny D. Bradberry, OHSEP, Colonel Jeff Smith, DSS, Secretary Ann S. Williams, DPSC, and Secretary Richard S. Stalder.[65]  On September 22, 2006, this Honorable Court

---

[61] *See* Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).
[62] Rec. Doc. 788.
[63] See 06-4389, Rec. Doc. 1.
[64] See 06-6099, Rec. Doc. 1.
[65] Id (please note all state officers are sued *both* in their individual and official capacities).

-16-

dismissed DOTD from 05-4181, 05-6073, and 06-0020 based on sovereign immunity.[66]

At the time the State of Louisiana and DOTD were dismissed from the plaintiffs' suit, 05-4181, they had not been served with either of the two newly filed complaints.  DOTD and Secretary Bradberry were served with 06-4389 on September 26, 2006.  All state defendants were served with 06-6099 on or about October 23, 2006.[67]  Although the complaints were filed before the dismissals, the plaintiffs' conduct in withholding service of process until after the motions to dismiss were fully briefed and decided shows that 06-4389 and 06-6099 were filed to provide the plaintiffs additional opportunities to argue that the State of Louisiana either waived or never enjoyed sovereign immunity from the plaintiffs' suit in federal court.  The plaintiffs, in maintaining 06-4389 and 06-6099 are repeatedly forcing the State to defend its constitutional right to sovereign immunity from _their suit_ in federal court.  Their persistent refusal to acknowledge the applicability of this clearly established body of law constitutes harassment.

---

[66] See 05-4182, Rec. Doc. 1231.
[67] See 06-6099, Rec. Docs. 3-11.

**B.    THE CLAIMS IN 06-4389 AND 06-6099 ARE NOT WARRANTED BY EXISTING LAW IN VIOLATION OF FED. R. CIV. P. 11(B)(2).**

The plaintiffs, in 06-4389 and 06-6099, attempt to lodge a viable complaint against the State of Louisiana, various agencies and officers individually and in their official capacity.  However, the fundamental allegations of venue and subject matter jurisdiction are not warranted by existing law.  Furthermore, the substantive claims against the state defendants are legally frivolous.  As such, the plaintiffs' complaint is not warranted by existing law and violates Rule 11(b)(2).

The plaintiffs raise substantive allegations in 06-6099 which were on appeal at the time the complaint was filed.  In the Fifth Circuit, it is well-settled that once a notice of appeal has been filed, a district court has no jurisdiction over any matters involved in the appeal.[68]  Filing a lawsuit alleging the same claims as those pending on appeal is sanctionable under Rule 11(b)(2).[69]  "[P]laintiff's decision to file the same lawsuit in the Eastern District of Louisiana while his appeal in the Fifth Circuit was pending violates Rule 11(b)(2), which requires him to certify that

---

[68] *See* Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816-17 (5th Cir.1997); Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 578 (5th Cir.1996); Henry v. Indep. Am. Savings Ass'n, 857 F.2d 995, 997-98 (5th Cir.1988); 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.32 (3d ed.2002) (explaining that this is "a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time.")
[69] Dillon v. Diamond Offshore Mgmt. Co., 2002 WL 31415706, *4 (E.D. La. 2002) (*citing* Fed. R. Civ. P. 11(b)(2)).

the claims asserted are warranted by existing law."**70**   The plaintiffs admit their

sanctionable action.

> Although plaintiffs concede that the substance of some of
> the allegations contained herein against certain
> defendants may have been summarily dismissed
> previously by This Honorable Court, those dismissals are
> currently on appeal to the United States Court of Appeals
> to the Fifth Circuit. [71]

This concession clearly displays that the complaint in 06-6099 was not warranted

by existing law.

The plaintiffs, furthermore, provide a wholesale list of alleged bases for

subject matter jurisdiction is wholly without merit.  The plaintiffs delineate statutes

and legal theories pursuant to which they conclusorily allege this Court may

exercise subject matter jurisdiction.  The plaintiffs list the following statutes, in 05-

4181, as alleged bases for subject matter jurisdiction:

1.    The Oil Pollution Act of 1990, 33 U.S.C. §2701;

2.    The Comprehensive Environmental Response
       Compensation and Liability Act, 42 U.S.C. §9601, *et seq.;*

3.    The Federal Water Pollution Control Act, 33 U.S.C. §1365;

4.    The Clean Water Act, 33 U.S.C. §1251;

---

[70] Id.
[71] See 06-6099, Rec. Doc. 1, p. 35, ¶XXIII.

5.      The Clean Air Act.[72]

Each of these bases of jurisdiction was found wholly unsupported by the facts alleged by the plaintiffs in 05-4181.[73]  The reasons these statutes are inapplicable to this case are fully and clearly described in this Court's Order and Reasons granting the various motions to dismiss in 05-4181.[74]  Despite the clarity of this Court's explanation, the plaintiffs allege the same statutes in 06-4389.   The ultimate conclusion of this Court, in its Order and Reasons, was that it has subject matter jurisdiction over only one type of the plaintiffs' claims, the  claims under 42 U.S.C. §1983 against individual officers in their individual capacities. [75]  All other jurisdictional allegations, including admiralty jurisdiction in 06-4389, are frivolous.

All §1983 claims, in both cases, against the State of Louisiana, its agencies, and officers are legally frivolous.  The State of Louisiana, its agencies, and officers in their official capacities are not "persons" capable of being sued under 42 U.S.C. §1983. [76]  Therefore, all §1983 claims against them are not warranted by existing law.  Furthermore, the §1983 claims against the state officers, in their individual capacities, are also not warranted by existing law.  The plaintiffs conspicuously fail to state a claim against any of them and they are entitled to qualified immunity.

---

[72] See Rec. Doc. 788, pp. 12-14.
[73] Id.
[74] Id.
[75] Id.

-20-

The plaintiffs have the burden to rebut the qualified immunity defense "by establishing that the official's allegedly wrongful conduct violated clearly established law. [77]   [The Courts] do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs."[78]   The plaintiffs in 05-4181, 06-4389 ,and 06-6099 describe no facts identifying a clearly established constitutional right, no facts describing how a clearly established right was violated, no facts identifying a violation of law clearly established at the time of the conduct, and no facts describing conduct as unreasonable in light of clearly established federal law. [79]   More significantly, the plaintiffs do not even mention Secretary Bradberry, Secretary Stalder, Secretary Williams, or Colonel Smith outside of the list of named defendants in 06-6099. The plaintiffs made no effort to establish the requisite causal connexity between the alleged constitutional violation and alleged conduct of the named defendants.

The plaintiffs' complaints in 06-4389 and 06-6099 are so saturated with baseless jurisdictional allegations and frivolous substantive claims that their counsel of record should be sanctioned.  He was made well aware of the flaws in of

---

[76] *See* Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).
[77] *Id*.  (*Quoting* Pierce v. Smith, 117 F.3d 866, 871-72 (5th Cir.1997) (citations and internal quotation marks omitted); see also McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir.2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.")).
[78] *Id.*
[79] Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998); Harper v. Harris County, 21 F.3d 597, 600 (5th Cir. 1994).

his allegations by both undersigned counsel, through motions, and this Honorable Court through its orders and reasons granting the State's motions to dismiss. Nonetheless, counsel for the plaintiffs indefatigably pursues the same frivolous claims in two successive suits.

## IV.    PLAINTIFFS' COUNSEL SO UNREASONABLY AND VEXATIOUSLY MULTIPLIED THIS LITIGATION THAT THE STATE OF LOUISIANA IS ENTITLED TO FEES AND COSTS FROM HIM.

Under 28 U.S.C. §1927, "[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[80]  The Courts of Appeals review imposition of sanctions under §1927 for abuse of discretion.[81]  A district court abuses its discretion if it awards sanctions based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[82]

A district court may, pursuant to §1927, sanction an attorney who engages in "the persistent prosecution of a meritless claim."[83]  In order to recover all costs associated with an action, the moving party must show with "'convincing clarity'

---

[80] Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999) (*citing* 28 U.S.C. §1927).
[81] Id (*citing* Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir.1994)).
[82] Id (*citing* Esmark Apparel, Inc. v. James, 10 F.3d at 1163).
[83] Id (*citing* Pease v. Pakhoed Corp., 980 F.2d 995, 1001 (5th Cir.1993)).

that every facet of th[e] litigation was patently meritless."[84] The district court is in the best position to assess the propriety of a party's conduct. [85]

Every facet of the litigation as lodged against the State of Louisiana, its agencies and officers has been patently meritless.  The plaintiffs fail to state a claim against each of the individual defendants.  Furthermore, they ignore the clearly established law on sovereign immunity barring suits against the State in federal court.  As described above, the successive claims are evidence of the persistent pursuit of meritless claims, many of which are pending on appeal.  Civil Action Nos. 06-4389 and 06-6099 are clearly unreasonable.

The suits are also vexatious.  The language used by plaintiffs' counsel in both lawsuits displays the relentlessness with which the litigation was pursued. For example, in 06-4389 the plaintiffs allege the following "actions" of DOTD render them liable for damages:

> (10) Institutionalizing a complete lack of cooperation and coordination and [sic] between the New Orleans Levee Board and the Sewerage and Water Board of New Orleans. […]

> (21) Failing to have a clear understanding with the Federal Government (the U.S. Army Corps of Engineers) and with each other [referring to other defendants] about who was responsible for what, when there was a problem.[86]

---

[84] Id (*citing* <u>Browning v. Kramer</u>, 931 F.2d 340, 345 (5th Cir.1991)).
[85] Id (*citing* <u>Esmark Apparel, Inc.</u>, 10 F.3d at 1164).
[86] See 06-4389, Rec. Doc. 1., p. 31 ¶XIII.

The above are mere examples of the type of unprofessional language used by the plaintiffs' counsel in 06-4389. These and the innumerable mentions of governmental "incompetence" provide evidence of counsel's unwavering desire to force the government to agree with his assessment of who is to blame for injuries attributable to Hurricane Katrina.

06-6099 contains similar language. "By failing to order the evacuation of such persons, by private or commercial aircraft, by train, by other means of ground transportation, or by vessels or craft capable of navigation on the Mississippi River, Governor Blanco and Mayor Nagin killed more of their constitutents in this manner than they killed by drowning."[87] Aside from the obvious failure to state a claim, this type of claim epitomizes the vexatious pursuit of meritless litigation. Counsel for the plaintiffs' should be required to pay for the added expenses of this malicious litigation.

## V.   CONCLUSION.

Considering the foregoing memorandum it is abundantly clear that the plaintiffs and their counsel violated Fed. R. Civ. P. 11 and 28 U.S.C. §1927 when drafting and filing the complaints in 06-4389 and 06-6099.

---

[87] See 06-6099, Rec. Doc. 1, p. 31 ¶3.

As such, sanctions should be issued and costs and fees assessed accordingly.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

**BY**:   ___*s/ Michael C. Keller*_____
**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**STEPHEN F. BABIN (#2634)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.      504-599-1200
Facsimile No.      504-599-1212
Email:      KellerM@ag.state.la.us
                 GlazerP@ag.state.la.us
                 BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

I hereby certify that on *December 22, 2006*, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system which will send a

notice of electronic filing to the following: *All Counsel of Record*.

_____*s/ Michael C. Keller*_____
**MICHAEL C. KELLER**

-25-