CODED

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 635946          DIVISION: **DIV. O**
                                JUDGE
                                ROSS P. LaDART

PONTCHARTRAIN BAPTIST CHURCH, ARTHUR C. SARGENT, LUCY T. SARGENT, PAMELA YOUNG SMALLPAGE, RICHARD MAITLAND SMALLPAGE JR., MR. & MRS. H.J. BOSWORTH, ROTHFOS CORPORATION AND INTERAMERICAN COFFEE, INC., AND NOBLE AMERICAS CORPORATION

VERSUS

THE SEWERAGE AND WATER BOARD OF NEW ORLEANS, THE CITY OF NEW ORLEANS, THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, MODJESKI AND MASTERS INC., BOH BROS. CONSTRUCTION COMPANY LLC, GULF GROUP INC., C.R. PITTMAN CONSTRUCTION COMPANY **CODED** JAMES CONSTRUCTION GROUP LLC.

FILED: _____
                                    DEPUTY CLERK

## PETITION FOR INVERSE CONDEMNATION, ABSOLUTE AND GENERAL LIABILITY AND DAMAGES; GENERAL MARITIME LIABILITY AND DAMAGES

### PLAINTIFFS

1.

**NOW INTO COURT**, through undersigned counsel, come plaintiffs:

a. Pontchartrain Baptist Church, 600 Old Hammond Highway, New Orleans, Louisiana 70124, Pastor Jerry Smith,
b. Arthur C. & Lucy T. Sargent, 5540 Belaire Drive, New Orleans, Louisiana 70124,
c. Pamela Young Smallpage and Richard Maitland Smallpage, Jr., 809 Ridgewood Drive, Metairie, Louisiana 70001,
d. Mr. & Mrs. H.J. Bosworth, 5752 Bellaire Drive, New Orleans, LA 70124,
e. Rothfos Corporation, 10 Bank Street, White Plains, NY 10606,
f. InterAmerican Coffee, Inc., 7600 W. Tidwell, Suite 800, Houston, TX 77040,
g. Noble Americas Corporation, Stamford Harbor Park, 333 Ludlow St., Suite 1230, Stamford, CT 06902.

Plaintiffs a-d are persons of full age of majority, and entities who are owners of property domiciled in the parishes of Jefferson and Orleans, State of Louisiana. Plaintiffs Rothfos Corporation, InterAmerican Coffee, Inc., and Noble Americas Corporation are foreign Corporations doing business in and owners of property in the Parish of Orleans, who bring this action on behalf of themselves and their successors and assigns. All Plaintiffs also bring this action under the "saving to suitors" clause of 28 USCA § 1333(1) and under the Extension of Admiralty Jurisdiction Act, 46 USC App § 740.

IMAGED AUG 29 06

1

EXHIBIT
A

## DEFENDANTS

2.

Made Defendants herein are the following:

a. The Sewerage and Water Board of New Orleans (hereinafter "S&WB"), a political subdivision, organized and existing in accordance with La. R.S. 33:4071 et seq., with its domicile in the City of New Orleans, which acts in a proprietary function and is not an "arm of the state of Louisiana".

b. The Board of Commissioners for the Orleans Levee District (hereinafter "Orleans Levee District"), a political subdivision, organized and existing in accordance with La. R.S. 38:291 et seq., with its domicile in the City of New Orleans, which acts in a proprietary function and is not an "arm of the state of Louisiana".

c. The City of New Orleans, a political subdivision and municipality, organized under a local home rule charter pursuant to La. Const. Art. VI, §§ 2 & 5, with its domicile in the State of Louisiana, which acts in a proprietary function through its employees, officers and agents and also acts similar to a corporation to provide services to businesses and individuals and is not an "arm of the state of Louisiana".

d. Modjeski and Masters, Inc.,(Engineers) foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

e. Boh Bros. Construction Company LLC, a limited liability company organized and existing under the laws of the State of Louisiana with its domicile in Orleans Parish, Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

f. Gulf Group Inc., a foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

g. C.R. Pittman Construction Company Inc., a corporation organized and existing under the laws of the State of Louisiana with its domicile in Orleans Parish, Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

h. Miller Excavating Services, Inc., a Louisiana corporation with its domicile in the Parish of St. Charles and at all pertinent times doing business in Orleans and Jefferson Parishes.

i. James Construction Group, LLC, a Limited Liability Company, f/k/a Iafrate Construction, LLC, a foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

IMAGED AUG 29 '06

## JURISDICTION AND VENUE

3.

Venue is proper in Jefferson Parish pursuant to La. R.S. 13:5104, La. C.C.P. 74, and La. C.C.P. 42. Jurisdiction is also asserted in Admiralty under the "savings and suitors" clause in 28 USCA § 1333(1) and under the Extension or Admiralty Jurisdiction Act, 46 USC App 5740.

## FACTS

4.

### Louisiana Constitution of 1974: Preamble

*We, the people of Louisiana, grateful to Almighty God for the civil, political, economic, and religious liberties we enjoy, and desiring to protect individual rights to life, liberty, and property; afford opportunity for the fullest development of the individual; assure equality of rights; promote the health, safety, education, and welfare of the people; maintain a representative and orderly government; ensure domestic tranquility; provide for the common defense; and secure the blessings of freedom and justice to ourselves and our posterity, do ordain and establish this constitution.*

5.

### Louisiana Constitution of 1974: Article 1 § 2, Due Process of Law

*No person shall be deprived of his life, liberty or property, except by due process of law.*

6.

### Louisiana Constitution of 1974: Article 1 § 4(B), Right to Property

*Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss.*

IMAGED AUG 29 '06

3

### The Canals

7.

The 17th Street Canal, Orleans Avenue Canal and London Avenue Canal (hereinafter referred to as "the Canals") are navigable waters of the United States and major outfall canals in Jefferson and Orleans Parish, draining into Lake Pontchartrain.

8.

The 17th Street Canal and the works connected thereto (including Pumping Station No. 6) (collectively referred to hereinafter as the 17th Street Canal) lie almost entirely within Jefferson Parish.

9.

The 17th Street Canal drains 8,100 acres of urbanized land in Orleans Parish and 2,450 acres of similar area in Jefferson Parish.



17th Street Canal

10.

The Orleans Avenue Canal and the works connected thereto (collectively referred to hereinafter as Orleans Avenue Canal) lie entirely within Orleans Parish.

11.

IMAGED AUG 29 '08

The London Avenue Canal and the works connected thereto (including Pumping Station No. 4) (collectively referred to hereinafter as London Avenue Canal) lie entirely within Orleans Parish.

12.

The S&WB may acquire servitudes and/or full ownership of land in the name of the City of New Orleans, for the use and benefit of the S&WB, pursuant to La. R.S. 33:4071, et. seq., and in such capacity became the owner and proprietor of the Canals.

13.

The S&WB owns, constructs, controls, maintains and operates the Canals pursuant to La. R.S. 33:4071, et. seq. The S&WB may levy taxes and incur debt and work with municipalities, parishes, and others.

14.

The S&WB may open, deepen and enlarge banks, drains and outfalls of canals as deemed necessary and perform work to make drainage effective.

15.

The S&WB and City of New Orleans have the care, custody, control and *garde* of the Canals.

16.

The Orleans Levee District owns land and has servitudes and easements on land adjacent to the Canals.

17.

The S&WB, City of New Orleans and Orleans Levee District, are the combined owners of the Canals and immediately adjacent land.

18.

The S&WB, City of New Orleans and Orleans Levee District control the acts and works in and adjacent to the Canals all of which activities are substantially related to traditional maritime activities, including, without limitation, continuous, repeated and ongoing dredging, bank expansion and diminution construction and overlapping maintenance and construction operations all of which defendants knew or should have known would cause loss and property damage to plaintiffs.

IMAGED AUG 29 '06

### Dredging Activities

19.

As a result of the rainfalls of May 3, 1978 and April 13, 1980, the S&WB sought to improve drainage through the Canals and increase pumping capacity to accelerate drainage.

20.

To that end, the S&WB sought to upgrade pumping station No. 6 on the 17th Street Canal to increase pumping capacity to 10,000 cubic feet per second from 6,650 cubic feet per second and had actual and constructive knowledge of the danger and loss and damage from such activities.

21.

The S&WB subsequently authorized agents and employees to utilize vessels and appurtenances to dredge the 17th Street and other Canals to reshape it and its banks for hydraulic improvement and accommodate accelerated drainage.

22.

Upon information and belief, similar acts and works and use or vessels and appurtenances were conducted on the London Avenue and Orleans Avenue Canals.

23.

Upon information and belief, Modjeski and Masters, Inc. and other agents of the S&WB, City of New Orleans and Orleans Levee District conducted engineering, dredging, pump improvements, and other drainage improvement acts and works on the Canals and bridges continuously and repeatedly from 1980 to the present.

24.

From at least 1980 onward, the S&WB, City of New Orleans and Orleans Levee District their members, employees and agents were fully aware of the danger that dredging, widening and deepening the Canals and work on bridges would increase the instability of the canal and bank soils and each had the power to withhold such activities knowing that going forward could and did result in inundation and loss and damage to property.

25.

From at least 1981, the S&WB, City of New Orleans, Orleans Levee District, their employees and agents also had knowledge that increasing the pumping capacity of the pumping

IMAGED AUG 29 '06

stations on the Canals would increase pressure on the unstable soils in the Canals giving use to dangerous canal failures.

26.

Despite knowledge of dangerous canal soil conditions in the canals and below the levees and the dangers associated with increasing volumes of water pumped and channeled through the canals and under bridges, Modjeski and Masters, Inc. (Engineers) and other defendants and agents of the S&WB, City of New Orleans and Orleans Levee District repeatedly and continuously dredged, pumped increasing volumes of water, uninstalled and installed sheet pilings, and conducted other acts and works on the Canals and bridges from 1981 through 2005 with the use of vessels and thus appurtenances.

27.

Upon information and belief, Modjeski and Masters, Inc. (Engineers) and other construction company defendants and agents of the S&WB, City of New Orleans and Orleans Levee District failed to exercise the degree of professional care and diligence that should reasonably have been expected dredging the Canals and bridges, and their work failed to account for the weakening of the soil in the Canals.

28.

These and other acts and works exposed known layers of unstable peat and soft clays to dangerous pressure from water in the Canals, left the canal too deep to prevent seepage, removed layers of clay that sealed the canal bottom, and created a lopsided canal shape that increased seepage through the weak soils.

29.

Additionally, the soil within and land adjacent to the Canals subsided significantly, reducing the amount of support that the land provided against water pressure.

30.

Upon information and belief, the S&WB, City of New Orleans and Orleans Levee District and their agents, employees and members allowed, without warning, wanton and willful acts that were negligent, reckless, and grossly negligent in the dredging, pump improvements, vessel activities and other drainage improvement acts and works, including, but not limited to, appropriation and acquisition of property to property protect the Plaintiffs and others from Canal

failures and, failed to exercise reasonable care in accounting for the dangers associated with soil conditions in the Canals and ensuring that their acts and works were adequate to prevent soil degradation and erosion.

**Bridge Demolition, Construction and Pile Driving Activities**

31.

The Orleans Levee District was a local sponsor of the demolition and reconstruction of the New Hammond Highway bridge over the 17th Street Canal, the Robert E. Lee Boulevard Bridge over Orleans Canal, and the Leon C. Simon Boulevard, Filmore Avenue, Mirabeau and Gentilly Boulevard Bridges over the London Avenue Canal, which were widened, expanded and flood-proofed over at least a period of 5 years from 2000 to 2005.



Hammond Highway Bridge

32.

The S&WB, City of New Orleans and Orleans Levee District knowingly authorized and permitted acts and works with vessels on the bridges spanning the Canals. These projects included demolition, removal of existing bridge supports and pilings, pile driving, installation of new canal pilings, use of heavy equipment, vibration monitoring, soil core sampling, dredging and drainage improvements.

33.

Upon information and belief, Gulf Group, Inc. conducted acts and works on the Hammond Highway Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

34.

Upon information and belief, Boh Bros. Construction Company LLC conducted acts and works on the Robert E. Lee Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

IMAGED AUG 29 '06

35.

Upon information and belief, Miller Excavating Services, Inc. conducted acts and works on the Leon C. Simon Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

36.

Upon information and belief, James Construction Group, LLC conducted acts and works on the Filmore Avenue and Mirabeau Bridges with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

37.

Upon information and belief, C.R. Pittman Construction Company, Inc. conducted acts and works on the Gentilly Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

38.

Upon information and belief, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction Company, Inc. were negligent and reckless in the demolition of the old bridges and construction of the new bridges, failed to exercise reasonable care in accounting for the dangers associated with soil conditions in the canals and ensuring that construction was adequate to prevent soil degradation and erosion.

39.

Upon information and belief, heavy construction and pile driving activities in the Canals and adjacent areas to the bridges created serious vibrations, allegedly damaging neighboring homes and businesses.

40.

Upon information and belief, acts and works on the bridges lead to further soil component degradation in the canals, decreasing the load bearing capacity of the soil and increasing erosion and subsidence within the Canals.

41.

The S&WB, City of New Orleans, Orleans Levee District, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction Company, Inc. took no or insufficient action to ascertain or prevent the negative impacts of any of these acts and works on the stability of the soil in the canals and on the plaintiffs' property.

IMAGED AUG 29 '06

42.

The S&WB, City of New Orleans, Orleans Levee District, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction Company, Inc. failed to take proper precautions to ensure safety and reduce or mitigate the instability of the soils in the Canals.

### Knowledge and Failure to Act or Warn

43.

Based on information and belief, in November or December 2004, residents of Bellaire Drive complained of water seeping into their yards, creating sand boils and flooding their property.

44.

In December 2004 and February 2005, the S&WB responded to complaints in the Bellaire Drive area, but found no water line or sewerage break.

45.

Based on information and belief, an investigator from the S&WB environmental section tested the water in February 2005 and concluded that it was coming from the 17th Street Canal through the soils in the canal banks, beneath the levees.

46.

Although the leaking continued over the next nine months, no further action or duty to investigate was taken to prevent the water from leaking through the soils within the 17th Street Canal into neighboring yards and creating sand boils.

47.

Despite the complaints of the Bellaire and area residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did nothing to ascertain or prevent damage to their neighbors' property.

48.

Despite the complaints of the Bellaire residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did not properly repair and maintain the 17th Street Canal.

IMAGED AUG 29 '06

49.

Despite the complaints of the Bellaire residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did not warn the public, other agencies or their neighbors of the danger of 17th Street Canal and other canal water seeping through the unstable soils.

50.

By exposing the weak organic soils to the 17th Street Canal water, the S&WB, City of New Orleans and Orleans Levee District allowed saturation, decomposition and settlement to create a maze of small cavities and channels for water to flow through, even further eroding the soil and creating larger openings that ran hundreds of yards through the soil.

51.

Upon information and belief, similar seepage was took place in the Orleans and London Avenue Canals.

**Catastrophic Failure**

52.

On August 29th, 2005, Hurricane Katrina impacted Orleans and Jefferson Parishes with wind and rain.

53.

Water pressure on the unstable canal soils resulted in a subterranean flow of water through weak peat and clay soil strata causing a catastrophic failure of the walls and banks of the 17th Street and London Avenue Canals and the levees.



Soil Failure Study

54.

As a result, the 17th Street and London Avenue Canal banks and levees failed and a large volume of water escaped these canals and inundated the plaintiffs' property with minimal impediments to slow velocity or disburse its volume.

IMAGED AUG 29 '06

11

55.

The plaintiffs' property was severely damaged as a result of water inundation from the 17th Street and London Avenue Canals, rendering their immovable and movable property useless for habitation purposes and diminishing each in value.

## CAUSES OF ACTION

### Inverse Condemnation

56.

In support of its cause of action for Inverse Condemnation, plaintiffs reallege and reaver paragraphs 1-55.

57.

The plaintiffs allege that the their private immovable and movable property has been functionally damaged and taken without just compensation by the S&WB, City of New Orleans, and Orleans Levee District in violation of the Constitution of the State of Louisiana of 1974 Article 1 § 4.

58.

As a result, plaintiffs' property is uninhabitable, unusable, unattractive for sale, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, enjoy, protect, and dispose of their immovable and movable property.

59.

The result of the defendants' acts and works and failure to investigate and warn on the Canals has resulted in the equivalent of a confiscation of the plaintiffs' right to pass on property and the abrogation of all property rights.

### Absolute Liability Under La. Civil Code Article 667

60.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

61.

S&WB, City of New Orleans and Orleans Levee District, by virtue of Article 667 of the Louisiana Civil Code, are absolutely liable for damage to the plaintiffs' property caused by ultrahazardous activities conducted on the defendants' property.

IMAGED AUG 29 '06

62.

Upon information and belief, pile driving activities conducted on vessels and adjacent to and along the canals for bridge and levee improvements lead to soil component degradation and instability, decreasing the load bearing capacity of the soil and increasing erosion, causing the damage to the plaintiffs' property.

63.

As a result, plaintiffs' property is uninhabitable, unusable, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, habitation, enjoy, protect, and dispose of their immovable and movable property.

64.

As owners of the 17th Street Canal and London Avenue Canal, the S&WB, City of New Orleans and Orleans Levee District had a nondelegable duty to refrain from ultrahazardous acts and works that would interfere with or damage the plaintiffs' property rights.

### General Liability Under La. Civil Code Article 667

65.

In support of its cause of action, plaintiffs reallege and reaver paragraphs 1-55.

66.

S&WB, City of New Orleans and Orleans Levee District, by virtue of Article 667 of the Louisiana Civil Code, are liable to the plaintiffs for damaging the plaintiffs' property. The S&WB, City of New Orleans and Orleans Levee District abused their rights as property owners by conducting acts and works on the canals despite actual and constructive knowledge that those acts and works could and in all likelihood would cause damage to their neighbors' properties and failing to exercise reasonable care to prevent that damage.

67.

The S&WB, City of New Orleans and Orleans Levee District had knowledge that the soils in the canals were dangerously unstable, and that acts and works such as dredging, increasing pumping capacity, pile driving, construction, and other erosive activities would cause soil degradation and reduced load capacity in the canals.

IMAGED AUG 29 '06

68.

The S&WB, City of New Orleans and Orleans Levee District failed to ascertain or take reasonable care to prevent damage to the plaintiffs' property as a result of these vessel dredging, pumping, pile driving, construction and other erosive acts and works.

69.

As a direct and proximate result of S&WB, City of New Orleans and Orleans Levee District' acts and works on their property, petitioners have suffered substantial and irreversible loss and damage to their immovable and movable property due to the wanton, reckless acts and omissions of defendants and their members, employees and agents.

70.

As owners of the 17th Street Canal and London Avenue Canal, the S&WB, City of New Orleans and Orleans Levee District had a nondelegable duty to refrain from acts and works that would interfere with or damage the plaintiffs' property rights and failed to do so.

71.

As a result of the S&WB, City of New Orleans and Orleans Levee District's negligence, recklessness, gross negligence, and willful misconduct, plaintiffs' property is uninhabitable, unusable, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, enjoy, protect, and dispose of their immovable and movable property.

**Liability Under the General Maritime Law and.or La. Civil Code Articles 2315 and 2317**

72.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

73.

Defendants are liable to the plaintiffs for damaging the plaintiffs' property because they knew or should have known that the works and acts conducted on the canals could and in all likelihood would cause such damage, and failed to exercise reasonable care to prevent that damage.

74.

Defendants are liable to the plaintiffs for damage to the plaintiffs' property caused by the ruin, vice or defect of the canals and the works connected thereto over which they had *garde*, custody and control.

IMAGED AUG 29 '06

14

75.

The defendants had a duty to repair the defective condition of the canals and works connected thereto, failed to do so, and their failure to do so caused the continuing and increasing damages suffered by the plaintiffs.

76.

In addition, the defendants had a duty to investigate and to warn plaintiffs of the dangerous condition of the Canals, but negligently and recklessly failed to take any measures to warn plaintiffs of the danger to their property.

77.

As a result of defendants' District's negligence, recklessness, gross negligence, and willful misconduct, plaintiffs suffered and continue to suffer ongoing and increasing damage to their immovable and movable property.

### Liability Under La. Civil Code Article 655

78.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

79.

S&WB, City of New Orleans and Orleans Levee District are liable to plaintiffs, under Article 655 of the Louisiana Civil Code, for causing waters to flow onto their estates by an act of man.

### DAMAGES

80.

As a proximate cause and result of the defendants' acts and works, the plaintiffs have suffered and will continue to suffer the following injuries:

- Functional expropriation of their property
- Loss of rights to control, access, use, enjoy, protect, and dispose of their property
- Physical damages to their property
- Substantial diminution in value of their property
- Costs associated with reparation, cleanup and restoration of their property
- Costs of replacement and relocation
- Diminution of value of their property due to "flood stigma"

IMAGED AUG 29 '08

- Loss of property ownership's moral justification – it's service to the pursuit of happiness and security.
- Elimination of the rights of use, enjoyment and disposal.

81.

Therefore, the plaintiffs request that the court find in their favor that the defendants are jointly and solidarily liable for the loss and damages asserted and grant them just compensation to the full extent of their losses as well as any additional damages or relief this Court deems equitable, just and proper, including attorneys' fees, expert witness fees, legal interest, cost and litigation expenses under La. R.S. 13:5111.

82.

Plaintiffs request trial by jury on all issues against all defendants as applicable.

Respectfully submitted,

*William E. O'Neil*
WILLIAM E. O'NEIL (LA# 10213)
SUSAN M. VANCE (LA#18825)
SHAWN M. ROUSSEL (LA#30039)
OF
THE O'NEIL-VANCE GROUP, L.L.C.
701 N CAUSEWAY BLVD
METAIRIE, LA 70001

AND

*Don M. Richard*
DON M. RICHARD (LA#11226)
ATTORNEY AT LAW
701 N CAUSEWAY BLVD
METAIRIE, LA 70001

**PLEASE SERVE:**

THE SEWERAGE AND WATER BOARD OF NEW ORLEANS
Through its Executive Director:
Marcia St. Martin
625 Saint Joseph Street, Room 237
New Orleans, LA 70165

THE CITY OF NEW ORLEANS
Through the City Attorney:
Penya Mose-Fields
1300 Perdido, Room 5E03
New Orleans, LA 70114

THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT
Through its Board President:
Michael P. McCrossen
#2 Finch Street
New Orleans, Louisiana 70124

IMAGED AUG 29 '06

16

C. R. PITTMAN CONSTRUCTION COMPANY, INC.
Through its Registered Agent:
Lolita A. Pittman
1747 Oriole Street
New Orleans, LA 70122

MODJESKI AND MASTERS, INC.
Through its Registered Agent:
William B. Conway
1055 St. Charles Avenue
New Orleans, LA 70130

BOH BROS. CONSTRUCTION CO., L.L.C.
Through its Registered Agent:
Michael G. Cullen
12203 Airline Highway
Baton Rouge, LA 70118

MILLER EXCAVATING SERVICE, INC.
Through its Registered Agent:
Annie Mae Miller
421 Almedia Rd.
St. Rose, LA 70087

JAMES CONSTRUCTION GROUP, L.L.C.
Through its Registered Agent:
Jill Waren
11200 Industriplex Blvd., Suite 150
Baton Rouge, LA 70809

GULF GROUP, INC.
7402 Highway 2302
Southport, FL 32409

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PONTCHARTRAIN BAPTIST CHURCH; ARTHUR C. SARGENT; LUCY T. SARGENT; PAMELA YOUNG SMALLPAGE; RICHARD MAITLAND SMALLPAGE, JR.; MR. & MRS. H.J. BOSWORTH; ROTHFOS CORPORATION AND INTERAMERICAN COFFEE, INC.; AND NOBLE AMERICAS CORPORATION | * * * * * * * * | CIVIL ACTION NO. |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAG. |
| THE SEWERAGE AND WATER BOARD OF NEW ORLEANS; THE CITY OF NEW ORLEANS; THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT; MODJESKI AND MASTERS, INC.; BOH BROS. CONSTRUCTION COMPANY, LLC; GULF GROUP, INC.; C.R. PITTMAN CONSTRUCTION COMPANY, INC.; AND JAMES CONSTRUCTION GROUP, LLC | * * * * * * * * | JUDGE |

\* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION

I, Corey Melancon, declare as follows:

1. I am of full age and majority, and I am competent to make this declaration.

2. During the time period in question, I was the Project Engineer of James Construction Group, LLC, f/k/a Angleo Iafrate Construction, LLC ("James"), and the following is based upon my personal knowledge:

{N1546987.1}

1



3. In 2001, James was engaged by the U.S. Army Corps of Engineers to demolish and reconstruct two bridges crossing the London Avenue Canal at Filmore Avenue and at Mirabeau Avenue respectively.

4. James' work on the two bridges was performed pursuant to a contract number DACW29-02-C-0013 between James (under its former name) and the U.S. Army Corps of Engineers ("Construction Contract").

5. James performed the work in strict compliance with the Corps' plans and specifications, as set forth in the Construction Contract and the "Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection, High Level Plan, Orleans Parish, LA London Avenue Outfall Canal, Parallel Protection Floodproofing of Mirabeau Ave and Filmore Ave Bridges" ("Project Specs").

6. The Project Specs detailed exactly how the old bridges were to be demolished and reconstructed, including, among other things, designing the boundary of James' work area, and approving the equipment to be used in the work.

7. The Corps occupied and staffed a full time field office at the project site and performed daily inspections of the work being performed by James to verify that the work was in compliance with the specifications of the Corps.

8. Prior to performing major items of work, James was required to submit to the Corps for its approval the proposed methods of performing the work.

9. James was also required to submit to the Corps for its approval the items of equipment it planned on using to perform the work.

10. Prior to commencing work, preparatory meetings were scheduled by James and the Corps to go over the submittals to verify and approve precisely how the work was to be performed.

11. On a daily basis, the Corps prepared a Quality Assurance Report detailing its findings regarding James' compliance with the specifications and Corps' directions.

12. The project was completed and the Corps informed James that after inspection the Corps found that the work of James was done in accordance with the Project plans and specifications and was accepted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed 27 September, 2006.

*[signature]*
COREY MELANCON

{N1546987.1}

3