UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | KATRINA CANAL BREACHES | * | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | | * | JUDGE Duval |
| | | * | MAG. WILKINSON |
| | | * | |
| _____ | | * | |
| | | * | |
| PERTAINS TO: | | * | |
| | | * | |
| LEVEE   (06-5032 Joseph) | | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | | |

## ANSWER

Defendant, Virginia Wrecking Company, Inc., answers the Class Action Complaint for Damages of Nathaniel Joseph, et al, as follows:

### FIRST DEFENSE

The Class Action Complaint fails to meet the prerequisites for a class action in that:

A. The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

B. The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to individual liability and damages issues inherent in the different

1

      zones alleged in the Class Action Complaint; and

C.      The plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

SECOND DEFENSE

The Class Action Complaint fails to state a claim against this defendant upon which relief may be granted.

THIRD DEFENSE

And now answering the specific allegations of the Class Action Complaint, defendant avers:

1.

The allegations of Paragraph I of the Complaint are denied.

2.

The allegations of Paragraph II of the Complaint are denied.

3.

The allegations of Paragraph III of the Complaint are denied, except to admit that defendant is a non-Louisiana corporation with its domicile in Alabama.

4.

The allegations of Paragraph IV of the Complaint are denied.

5.

The allegations of Paragraph V of the Complaint are denied.

6.

The allegations of Paragraph VI of the Complaint are denied.

7.

The allegations of Paragraph VII of the Complaint are denied.

8.

The allegations of Paragraph VIII of the Complaint are denied.

9.

The allegations of Paragraph IX of the Complaint are denied.

10.

The allegations of Paragraph X of the Complaint are denied.

11.

The allegations of Paragraph XI of the Complaint are denied for a lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph XII of the Complaint are denied.

13.

The allegations of Paragraph XIII of the Complaint are denied.

14.

The allegations of Paragraph XIV of the Complaint are denied.

15.

The allegations of Paragraph XV of the Complaint are-denied.

16.

The allegations of Paragraph XVI of the Complaint are-denied.

17.

The allegations of Paragraph XVII of the Complaint are denied.

18.

The allegations of Paragraph XVIII of the Complaint are denied.

19.

The allegations of Paragraph XIX of the Complaint are denied.

20.

The allegations of Paragraph XX of the Complaint are denied.

21.

The allegations of Paragraph XXI of the Complaint are denied.

22.

The allegations of Paragraph XXII of the Complaint are denied.

23.

The allegations of Paragraph XXIII of the Complaint are denied.

24.

The allegations of Paragraph XXIV of the Complaint are denied.

25.

The allegations of Paragraph XXV of the Complaint are denied.

26.

The allegations of Paragraph XXVI of the Complaint are denied.

27.

The allegations of Paragraph XXVII of the Complaint are denied.

28.

The allegations of Paragraph XXVIII of the Complaint are denied.

29.

The allegations of Paragraph XXIX of the Complaint are denied.

30.

The allegations of Paragraph XXX of the Complaint are denied.

31.

The allegations of Paragraph XXXI of the Complaint are denied.

32.

The allegations of Paragraph XXXII of the Complaint are denied.

33.

The allegations of Paragraph XXXIII of the Complaint are denied.

34.

The allegations of Paragraph XXXIV of the Complaint are denied.

35.

The allegations of Paragraph XXXV of the Complaint are denied.

36.

The allegations of Paragraph XXXVI of the Complaint are admitted.

## FOURTH DEFENSE

Alternatively, defendant avers that any work by defendant was done in accordance with plans or specifications furnished to defendant and it has no liability pursuant to Louisiana R.S. 9:2771.

## FIFTH DEFENSE

Alternatively, any work done by defendant was done under the supervision and/or direction and/or control of the U.S. Army Corps. of Engineers and defendant is thereby

immune from suit and from tort liability.

## SIXTH DEFENSE

Alternatively, any work done by defendant was done in accordance with plans or specifications furnished by the U.S. Army Corps. of Engineers and defendant has no liability pursuant to Louisiana R.S. 9:2771.

1                            SEVENTH DEFENSE

Alternatively, defendant avers that any work done by defendant was not done where any break of any levee/flood wall occurred or where any failure of any levee/flood wall occurred.

## EIGHTH DEFENSE

Alternatively, defendant avers that it has no liability for any subcontractors as defendant is not vicariously liable or liable under the doctrine of *respondeat superior* for subcontractors.

## NINTH DEFENSE

Alternative, any breaks in any levee/flood walls or any failures of any levee/flood walls occurred as a result of the fault or negligence of others for whom this defendant is not liable or responsible, including, but not limited to, the City of New Orleans, the United States Government, the U.S. Army Corps. of Engineers, the Levee Boards, the architects or engineers who designed the levees/flood walls, and others.

## TENTH DEFENSE

Alternatively, plaintiffs' claims are barred by Louisiana R.S. 9:2772.

## ELEVENTH DEFENSE

Alternatively, any breaks in any levee/flood walls or any failures of any levee/flood

walls occurred as a result of an act of nature, namely, Hurricane Katrina, for which this defendant is not responsible or liable.

## TWELFTH DEFENSE

Any work done by Virginia Wrecking Company was done under the supervision and/or direction and/or control of the U. S. Army Corps of Engineers, and Virginia Wrecking is thereby immune from suit and from tort liability in accordance with the government contractor's defense recognized in **_Boyle v. United Technologies Corp.,_** 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 442 (1988) and **_Hercules v. U.S.,_** 516 U.S. 417, 116 S. Ct. 981, 134 L. Ed. 2nd 47 (1996).

## THIRTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

Plaintiffs cannot prove that any action by Virginia Wrecking Company was the cause in fact of the harm they allegedly suffered or that it was a proximate cause or substantial factor in the harm or that Virginia Wrecking Company owed a duty to the plaintiffs encompassed by the risks that plaintiffs would suffer the alleged harm.

37.

Defendant desires trial by jury.

WHEREFORE, defendant, Virginia Wrecking Co., Inc., prays that there be judgment in its favor and against the plaintiffs, dismissing their suit, at their costs, and with full prejudice. Defendant further prays for trial by jury.

Respectfully submitted,

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**


    /s/ Wade A. Langlois, III
THOMAS L. GAUDRY, JR., T.A. (#5980)
WADE A. LANGLOIS, III (#17681)
401 Whitney Avenue, Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
Email: wlanglois@grhg.net
Counsel for Defendant, Virginia Wrecking Company, Inc.

**GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

THOMAS W. DARLING (#23020)
888 Tara Blvd., Suite B
Baton Rouge, LA 70806
Phone: (225) 231-4916   Fax: (225) 231-4917
Email: tdarling@grhg.net
Counsel for Defendant, Virginia Wrecking Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that on the __27th__ day of __December__, 2006 a copy of the above and foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system, and that a copy has been served upon all counsel of record by electronic transmittal and/or by United States Mail, postage prepaid and properly addressed, on this __27th__ Day of __December__, 2006.

    /s/ Wade A. Langlois, III
WADE A. LANGLOIS, III, LSBA #17681

G:\0262\1692\Pleadings\Joseph\Answer.wpd