UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

DARYL A. BATTAGLIA, SR. and　　　　　　　　　CIVIL ACTION NO. 06-4532
BONNIE BATTAGLIA
　　　　　　　　　　　　　　　　　　　　　　　　SECTION: K
VERSUS
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE: STANWOOD R. DUVAL
HORACE MANN INSURANCE COMPANY,
HORACE MANN PROPERTY & CASUALTY　　　　　　MAGISTRATE: ALMA CHASEZ
INSURANCE COMPANY &
TEACHERS INSURANCE COMPANY

and

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § <br> § <br> PERTAINS TO: § <br> INSURANCE (06-04529 *Battaglia, Jr.*) § <br> § | CIVIL ACTION <br> NO. 05-4182 "K" 2 <br> JUDGE DUVAL <br> MAG. WILKINSON |

## **OPPOSITION TO MOTION TO QUASH; REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RULE 26 CONFERENCE AND/OR RESPONSES TO DISCOVERY REQUESTS; AND MOTION TO SET PRELIMINARY CONFERENCE AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiffs, Daryl and Bonnie Battaglia and Daryl and Mandie Battaglia, moved to compel a Rule 26 Conference and discovery responses in the *Daryl A. Battaglia, Sr. et al v. Horace Mann et al.* (hereinafter "*Battaglia, Sr.*"), as well as in *Daryl A Battaglia, Jr. et al v. Horace Mann, et al.*, Civil Action number 06-4529 (hereinafter *"Battaglia, Jr."*). Defendants filed one Opposition to the motion to compel and an incorporated motion to quash (hereinafter the "Opposition") in both cases. Although the Plaintiffs in both cases are related, the cases are not. And, although one case has been consolidated into the *In re: Katrina Canal Breached* consolidated litigation, *Battaglia, Sr.* has not yet been consolidated. Thus, Plaintiffs are filing the instant memorandum and Motion to Set Preliminary Conference in both cases. Plaintiffs submit this memorandum in opposition to Defendants', Horace Mann Insurance Company, Horace Mann Property & Casualty Insurance Company, and Teachers Insurance Company (collectively, "Horace Mann" or "Defendants") Motion to Quash and in Support of Plaintiffs' Motion compel a rule 26 Conference and/or Responses to Plaintiffs' discovery requests. Plaintiffs also respectfully submit that Defendants' Motion to Quash should be denied and Plaintiffs move this Court to set a preliminary conference. Additionally, Plaintiffs inform this Court that Judge Duval has requested a telephonic status conference with James Garner, Joe Bruno, and Ralph Hubbard to discuss discovery issues and that the status conference may resolve this dispute. The exact date and time of the status conference has not been confirmed, but it is expected to take place no later than Tuesday, January 2, 2007.

I.      **Factual Background**

The facts as issue in Plaintiffs' Motion to Compel and Defendants' Motion to Quash are not in dispute. Rather, the question at issue is whether Judge Duval stayed all discovery, including discovery that pertains only to the individual member cases of the consolidated litigation. Defendants admit in their Opposition that Plaintiffs have attempted to conduct a Rule 26 Conference. And, Plaintiffs admit that the Rule 26 Conference has not yet occurred, hence, the reason for the instant motion to compel a Rule 26 Conference. Although Defendants complain that Plaintiffs "unilaterally" scheduled a rule 26 conference within a few days of its December 11, 2006, letter, in fact, the December 11, 2006 letter was Plaintiffs' third attempt to set the Rule 26 conference in the *Battaglia, Jr.* matter. *See* Letter of November 27, 2006, attached hereto as Exhibit A, in which Plaintiffs attempted to schedule a Rule 26 Conference for November 30, 2006 or December 1, 2006. Counsel for Defendants informed undersigned counsel that they were unable to conduct the Rule 26 Conference at either of these times, thus, in its letter of December 11, 2006, Plaintiffs' counsel again attempted to schedule the conference for December 18, 2006. Contrary to Defendants' assertions, the December 11, 2006 correspondence attempted to schedule the Rule 26 Conference **seven** days from the date of the letter, rather than "within a few days of the letter" as stated in Defendants' Opposition. Moreover, in the December 11, 2006 correspondence, attached to Plaintiffs' Motions to Compel as Exhibit F, undersigned counsel invited Defendants' counsel to contact undersigned counsel at any time if they were unavailable for the third attempted Rule 26 Conference. In summary, Plaintiffs' counsel has attempted to comply with Federal Rule of Civil Procedure 26 on several occasions, but counsel for Defendants will not conduct the Rule 26 Conference. Federal Rule of Civil Procedure 26 was not intended to allow a party to refuse to participate in basic

3

discovery requests by refusing to conduct a Rule 26 Conference. In order to comply with Rule 26, Plaintiffs moved this Court to Compel Defendants to participate in a Rule 26 Conference or to deem the Rule 26 Conference waived and to compel Defendants to respond to Plaintiffs' discovery requests.[1]

## II. Law and Argument

### A. This Court should compel Defendants to participate in a Rule 26 Conference or deem the requirement waived.

As noted by Defendants in their Opposition, Rule 26 provides that the parties must, "as soon as practicable" confer to develop a discovery plan. Fed. Rule Civ. Proc. 26(f). Suit was filed in both of these cases in August 2006, and Plaintiffs have attempted to schedule a Rule 26 conference on several occasions. Plaintiffs submit that Defendants continued unavailability for a Rule 26 Conference is not in compliance with the spirit of Rule 26. Consequently, Plaintiffs respectfully request that this Court compel Defendants to participate in a Rule 26 Conference or deem the Rule 26 conference requirement waived.

Moreover, Defendants seemingly argue that, according to Rule 26, the Rule 26 conference does not have to take place until seven days prior to preliminary conference and that because the preliminary conference is not yet scheduled, there is no need to conduct the Rule 26 Conference. In order to resolve this issue, Plaintiffs now move this Court to schedule preliminary conferences

---

[1] On a separate note, undersigned counsel would like to clarify Defendants' statement at page three of their Opposition that Plaintiffs responded to Defendants' request for a settlement offer by propounding discovery. To the contrary, the correspondence enclosing the discovery requests was not a response to Defendants' request for a settlement demand, rather the correspondence enclosed copies of previously propounded discovery requests for the convenience of Defendants' new counsel. As explained in Plaintiffs' Motions to Compel, Plaintiffs previously forwarded Defendants' counsel settlement demand letters and as of today's date, Defendants have not responded.

4

in both matters.

Defendants rely on Judge Duval's Minute Entry of April 11, 2006, document number 69 in the consolidated Katrina litigation (attached hereto as Exhibit B) arguing that the Minute Entry ordered that Rule 26(a)(1) disclosures are deferred until further order of the court and that, accordingly, the Rule 26 disclosures in *Battaglia, Sr.* and *Battaglia, Jr.* are also stayed. Defendants fail to note, however, that this minute entry clearly states: "The following Minute Entry pertains to these cases . . . ." *Id.* The Minute Entry proceeds to list 24 cases, none of which are *Battaglia, Sr.* or *Battaglia, Jr.* Thus, Plaintiffs submit that this Minute Entry, by its own limitation, does not apply to the cases at hand. And, as explained in Plaintiffs' Motions to Compel, Judge Duval's Minute Entry of November 29, 2006, paragraph IX, ordered Liaison Counsel to file a proposed discovery schedule by January 15, 2007. Judge Duval's minute entry, however, does not stay discovery relating only to the individual member cases. In fact, in the *Xavier University of Louisiana v. Travelers Property Casualty Company of America*, No. 06-0516, Judge Duval allowed discovery relating to the specific issues and allegations in that matter and stated on the record that discovery was not stayed. Thus, Plaintiffs submit that Judge Duval did not stay discovery efforts that pertain only to each individual member case and that Plaintiffs' Motions to Compel should be granted.

**B.     Defendants' Motion to Quash should be denied.**

With respect to Defendants' incorporated Motion to Quash, Plaintiffs submit that the Motion should be denied. Defendants argue that the discovery is premature and should be quashed due to the failure of the parties to confer as required by Rule 26. As previously explained, the only reason the Rule 26 Conference has not occurred is because Defendants' counsel refuses to participate in the conference. Defendants cannot use Rule 26 as a shield to prevent all progress on these matters.

### III.  Conclusion

Plaintiffs should be allowed to conduct discovery personal to their claims and allegations, to obtain documents such as Defendants' claims file, photographs, and adjusters' reports, and to know exactly why Defendants have denied coverage in this matter. Thus, Plaintiffs respectfully requests that this Court compel Defendants to participate in a Rule 26 Conference or deem the Rule 26 Conference waived; compel Defendants to respond to Plaintiffs' discovery requests; and schedule a Preliminary Conference for these matters.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER #19589 T.A.
LAUREN L. HUDSON #28614
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR PLAINTIFFS
DARYL & BONNIE BATTAGLIA, SR.**

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send electronic notification to all counsel of record, and that I served a copy of the above and foregoing has been served on all counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 29th day of December, 2006.

/s/ James M. Garner
**JAMES M. GARNER**