# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARYL A. BATTAGLIA, SR. and<br>BONNIE BATTAGLIA | CIVIL ACTION NO. 06-4532 |
| | SECTION: K |
| VERSUS | |
| | JUDGE: STANWOOD R. DUVAL |
| HORACE MANN INSURANCE COMPANY,<br>HORACE MANN PROPERTY & CASUALTY<br>INSURANCE COMPANY &<br>TEACHERS INSURANCE COMPANY | MAGISTRATE: ALMA CHASEZ |

## MOTION TO COMPEL RULE 26 CONFERENCE AND DISCOVERY RESPONSES AND INCORPORATED MEMORANDUM IN SUPPORT

Plaintiffs, Daryl and Bonnie Battaglia ("Plaintiffs") respectfully request that this Court compel Defendants, Horace Mann Insurance Company, Horace Mann Property & Casualty Insurance Company, and Teachers Insurance Company (collectively, "Horace Mann"), to participate in a Rule 26 Conference or deem the Rule 26 Conference waived and Compel Defendants to respond to Plaintiffs' discovery requests. On August 22, 2006, Plaintiffs filed suit and propounded Interrogatories and Requests for Production upon Defendants, suggesting that the parties waive the Rule 26 Conference and proceed directly to discovery.[1] Plaintiffs propounded Requests for

---

[1] *See* Letter of August 22, 2006, attached hereto as Exhibit A, Interrogatories, attached hereto as Exhibit B, and Requests for Production of Documents, attached hereto as Exhibit C.

Admissions on Defendants on October 9, 2006.[2] Undersigned counsel has spoken with counsel for Defendants on multiple occasions and Defendants' counsel requested a demand letter in an attempt to a settle this matter. Plaintiffs chose not to push the discovery issues in an attempt to resolve this matter. Defendants have not, however, responded to Plaintiffs' demand letter and, despite their efforts, undersigned counsel has been unable to conduct a Rule 26 Conference. On December 11, 2006, Plaintiffs again wrote Defendants regarding discovery and scheduling a Rule 26 Conference and a discovery conference for December 18, 2006.[3] Counsel for Plaintiffs attempted to contact Defendants' counsel on the morning of December 18, 2006, but Defendants' counsel has not returned undersigned counsel's telephone calls. Rather, in a letter dated December 13, 2006, Defendants' counsel indicated that Defendants would not answer Plaintiffs' discovery requests until the Rule 26 Conference has taken place. Federal Rule of Civil Procedure 26 was not intended to allow a party to refuse to participate in basic discovery requests by refusing to conduct a Rule 26 Conference. Accordingly, Plaintiffs move this Court to Compel Defendants to participate in a Rule 26 Conference or to deem the Rule 26 Conference waived and to compel Defendants to respond to Plaintiffs' discovery requests.

Defendant's counsel further indicated in his correspondence of December 14, 2006 that Judge Duval's has "issued an order deferring Rule 26 disclosures until further order of the court," and that Defendants would not respond to discovery requests at this time. The only order of which undersigned counsel is aware regarding discovery issues in the consolidated litigation is Judge

---

[2] *See* Letter of October 9, 2006, attached hereto as Exhibit D, and Requests for Admissions, attached hereto as Exhibit E.

[3] *See* Letter of December 11, 2006, attached hereto as Exhibit F.

Duval's Minute Entry of November 29, 2006. Moreover, paragraph IX of Judge Duval's Minute Entry of November 29, 2006 in the consolidated Katrina litigation ordered Liaison Counsel to file a proposed discovery schedule by January 15, 2007. Judge Duval's minute entry, however, does not stay discovery relating only to the individual member cases. In fact, in the *Xavier University of Louisiana v. Travelers Property Casualty Company of America*, No. 06-0516, Judge Duval allowed discovery relating to the specific issues and allegations in that matter and stated on the record that discovery was not stayed. Similarly, Plaintiffs should be allowed to conduct discovery personal to their claims and allegations, to obtain documents such as Defendants' claims file, photographs, and adjusters' reports, and to know exactly why Defendants have denied coverage in this matter. Thus, Plaintiffs respectfully requests that this Court compel Defendants to participate in a Rule 26 Conference or deem the Rule 26 Conference waived, and Compel Defendants to respond to Plaintiffs' discovery requests.

Despite these efforts to amicably resolve this discovery dispute, Defendants have failed to respond to Plaintiffs' discovery requests. Accordingly, Plaintiffs move this Court, pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure and of this Court's local rules, to compel Defendants to respond to Plaintiffs' discovery requests. Plaintiffs base their Motion upon the accompanying Certificate of Compliance with Local Rule 37.1E, the files and records in this action, and such further evidence and argument as may be presented to the Court at the hearing on this matter. Further, Plaintiffs are entitled to an order compelling further responses to the Interrogatories and Requests for Production of Documents at issue because the discovery requests seek the production of relevant information and documents. Moreover, the information and documents Plaintiffs seek are not protected by the attorney-client privilege and/or work product doctrine.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER #19589 T.A.
LAUREN L. HUDSON #28614
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR PLAINTIFFS
DARYL & BONNIE BATTAGLIA, SR.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 18th day of December, 2006.

/s/ James M. Garner
**JAMES M. GARNER**