LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [3,4]
PETER L. HILBERT, JR.
MARIE A. MOORE [2]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [6]
KEVIN M. McGLONE
SHARONDA R. WILLIAMS [5,9]
CHAD P. MORROW
LAUREN L. HUDSON [3]

ELLEN PIVACH DUNBAR
JEFFREY D. KESSLER [7]
KEITH L. MAGNESS
R. SCOTT HOGAN




OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

October 9, 2006

Tina L. Garmon, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130

    Re:    *Daryl A. Battaglia, Sr. and Bonnie Battaglia*
             *v. Horace Mann Insurance Company, Horace*
             *Mann Property & Casualty Insurance Company*
             *& Teachers Insurance Company*
             U.S.D.C., E.D. La., No. 06-4532, Sec. "K"
             Our Ref.: 20779.0001

Dear Ms. Garmon:

    We have enclosed for your review Plaintiffs' Requests for Admissions to Horace Mann
Property & Casualty Insurance Company, Plaintiffs' Requests for Admissions to Horace Mann
Insurance Company, and Plaintiffs' Requests for Admissions to Teachers Insurance Company.
Please let us know if you have any questions.

             Cordially,

             *Lauren Hudson*

             James M. Garner
             Lauren L. Hudson



EXHIBIT
tabbies

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF LOUISIANA

DARYL A. BATTAGLIA, SR. and        CIVIL ACTION NO. 06-4532
BONNIE BATTAGLIA

                                        SECTION "K"
VERSUS

                                        MAGISTRATE "5"
HORACE MANN INSURANCE COMPANY,
HORACE MANN PROPERTY & CASUALTY
INSURANCE COMPANY &
TEACHERS INSURANCE COMPANY

<u>PLAINTIFFS' REQUESTS FOR ADMISSIONS
TO TEACHERS INSURANCE COMPANY ("TEACHERS")</u>

TO:    Teachers Insurance Company ("Teachers")
       Through its Attorney of Record
       Tina L. Garmon, Esq.
       Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
       27th Floor, Pan American Life Center, 601 Poydras Street
       New Orleans, Louisiana 70130

       Daryl A. Battaglia, Sr. and Bonnie Battaglia ("Plaintiffs") on authority of Federal Rule of

Civil Procedure 36, hereby request full and separate answers, in writing, to these Requests for

Admission (the "Requests") and further request service of your answers on **James M. Garner and

Lauren L. Hudson, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., 909 Poydras Street,

Twenty-Eighth Floor, New Orleans, Louisiana, 70112,** within thirty (30) days of service hereof.

       In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are

deemed to be continuing and supplementation of your responses is requested as information changes



EXHIBIT
E

or more information becomes available.

<h1 align="center">DEFINITIONS</h1>

When used herein, the following words have respectively the following meanings, unless otherwise indicated:

1)    "PERSON" means person, party, corporation, partnership or concern, singular or plural.

2)    "NAME" means full proper names, as well as all other names by which the person has been known.

3)    "PLAINTIFFS" means Daryl A. Battaglia, Sr., Bonnie Battaglia, their attorneys, and/or their representatives.

4)    "DESCRIBE" means list and describe separately sufficient for the purposes of a motion for production thereof.

5)    "DOCUMENTS" means all writings or computer data of any nature, including but not limited to:

(a)    Formal or informal;

(b)    Penned, penciled, drawn, crayoned, printed electronically stored or mechanically reproduced;

(c)    Front and back; and

(d)    Rough or smooth of:

(I)    Correspondence, whether an original or a file copy thereof, whether directly sent or received, and whether copies of correspondence between other parties, including any type of letters or forms substituting therefor;

(ii)    Intercompany communications;

(iii)    Intracompany communications;

(iv)     Telephone memoranda;

(v)      Notes;

(vi)     Endorsements, whether by pencil, pen, or interlineation on any
         copies of the foregoing, whether on all copies or not;

(vii)    Working notes of the same nature as "(vi)";

(viii)   Logs;

(ix)     Reports;

(x)      Detailed lists of work or service to be done under an agreement,
         oral or written, tacit or expressed;

(xi)     Business and investigation records made in the normal courset;

(xii)    Committee records, notes and minutes, whether secret, private or
         public;

(xiii)   Director's subcommittee and Board resolutions, whether a
         standing board or ad hoc;

(xiv)    Commissions of endeavor and letters of credence;

(xv)     Credential and recall of credentials;

(xvi)    Specifications and bill of material, in the original and in the copy
         of, whether final, tentative or working, including all working
         notes thereon, whether voided or not, modified or not, complete
         or not or approved or not;

(xvii)   Layout, structural and material specification changes, including
         all free hand or informal scaled design drawings;

(xviii)  Statistical forms;

(xix)    Personnel rosters;

(xx)     Job classifications and duty assignments;

(xxi)    Pictures and photographs, whether positive or negative;

(xxii)   X-rays, whether normal or of an advanced stage of the art;

3

(xxiii)   Contracts, modifications and rescissions thereof, including working proposals and endorsements thereon;

(xxiv)   Consultation reports;

(xxv)   Written requests and commentaries concerning consultative reports;

(xxvi)   Private diaries coming under the control or possession of responding party;

(xxvii)   Progress and performance reports, letters and communications;

(xxviii)   Written complaints, demands, assertions and breach of contracts;

(xxix)   Facsimiles, telexes, telegrams, mailgrams and wireless reports;

(xxx)   E-mail, data files, programs, floppy discs, or other data maintained or generated on or by computer;

(xxxi)   Insurance inspection reports pertaining to casualty risk of property as distinguished from third-party claims;

(xxxii)   Surveyor's reports, letters or written commentaries;

(xxxiii)   Work and job orders;

(xxxiv)   Acceptance of work or service documents.

6)   "IDENTIFY," "IDENTITY," AND "IDENTIFICATION" when used to refer to a natural person, means to state the following:

(a)   The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

(b)   The person's present title and employer or other business affiliation;

(c)   The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

(d)   The person's employer and title at the time of the actions at which

4

each Request is directed.

7)    "IDENTIFY," "IDENTITY," and "IDENTIFICATION," when used to refer to a

document, means to state the following:

(a)    The subject of the document

(b)    The title of the document;

(c)    The type of document (e.g., letter, memorandum, telegram, facsimile, email, chart);

(d)    The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

(e)    The identity of the person or persons who wrote, contributed to, prepared, or originated such document; and

(f)    The present or last known location and custodian of the documents.

All responses directing the undersigned to the attention of an exhibit list will be deemed insufficient, incomplete and evasive.  You must specify which particular document(s) on the exhibit list fulfills the information requested in the discovery request.

8)    "YOU" or "YOUR" means Teachers Insurance Company, its adjusters, investigators, attorneys, representatives, agents, underwriters, employees, executives, directors, officers, independent contractors, ANY wholly-owned or affiliated companies, or anyone else answering on their behalf.

9)    "REGARDING" means regarding, relating to, relevant to, concerning, evidencing, referring to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

5

All terms defined herein, and those not specifically defined, shall be given their usual and customary meaning.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Please admit that YOU are incorporated in a state other than Louisiana with YOUR principal place of business in Springfield, Illinois.

**REQUEST NO. 2:**

Please admit that YOU issued PLAINTIFFS a homeowner's insurance policy with policy number 17001378271 ("the Horace Mann Policy").

**REQUEST NO. 3:**

Please admit that the Horace Mann Policy was effective for the policy period February 12, 2005 through February 12, 2006.

**REQUEST NO. 4:**

Please admit that the Horace Mann Policy insures the residence at 3217 Charles Court, Chalmette, Louisiana, 70043-3711 (the "Insured Premises").

**REQUEST NO. 5:**

Please admit that, with respect to coverage for the residence and related private structures, the Horace Mann Policy is an "all risk" policy.

**REQUEST NO. 6:**

Please admit that the "all risk" Horace Mann Policy creates a special type of coverage extending to every conceivable loss or damage, unless clearly, specifically and expressly excluded therein.

6

**REQUEST NO. 7**:

Please admit that the Horace Mann Policy provides Dwelling and Personal Property coverage.

**REQUEST NO. 8**:

Please admit the Horace Mann Policy covers the residence with a liability limit of $173,300.00.

**REQUEST NO. 9**:

Please admit the Horace Mann Policy covers related private structures with a liability limit of $17,300.00.

**REQUEST NO. 10**:

Please admit the Horace Mann Policy covers personal property with a limit of liability of $103,980.00

**REQUEST NO. 11**:

Please admit the Horace Mann Policy covers an additional living expenses with a limit of liability of $103,980.00.

**REQUEST NO. 12**:

Please admit the Horace Mann Policy includes coverage for PLAINTIFFS' debris removal expenses.

**REQUEST NO. 13**:

Please admit that Hurricane Katrina caused substantial property damage to PLAINTIFFS' insured property.

**REQUEST NO. 14**:

Please admit that on August 30, 2005, PLAINTIFFS provided Defendants with notice of loss

at the Insured Premises as a result of Hurricane Katrina.

**REQUEST NO. 15**:

Please admit that PLAINTIFFS spoke with and/or left messages for YOUR representatives on September 21, 2005.

**REQUEST NO. 16**:

Please admit that PLAINTIFFS spoke with and/or left messages for YOUR representatives on September 25, 2005.

**REQUEST NO. 17**:

Please admit that PLAINTIFFS spoke with and/or left messages for YOUR representatives on September 30, 2005.

**REQUEST NO. 18**:

Please admit that PLAINTIFFS spoke with and/or left messages for YOUR representatives on October 2, 2005.

**REQUEST NO. 19**:

Please admit that when PLAINTIFFS spoke with YOUR representatives, they were informed that the adjusters were not inspecting properties in the Chalmette area at that time.

**REQUEST NO. 20**:

Please admit that the adjuster assigned to the claim was Mr. Alan Roemer.

**REQUEST NO. 21**:

Please admit that Mr. Roemer requested a list of damaged contents.

**REQUEST NO. 22**:

Please admit that Mr. Roemer emailed undersigned counsel a form for PLAINTIFFS to use for the contents list.

**REQUEST NO. 23:**

Please admit that on October 7, 2005, undersigned counsel notified YOU of the loss again.

**REQUEST NO. 24:**

Please admit that on October 7, 2005, undersigned counsel notified Mr. Roemer of the loss.

**REQUEST NO. 25:**

Please admit that on November 1, 2005, undersigned counsel forward a detailed inventory of damaged contents to the adjuster assigned to the claim, Mr. Alan Roemer.

**REQUEST NO. 26:**

Please admit that Mr. Roemer responded to the October 7, 2005 letter via email indicating that he had not received the letter of representation.

**REQUEST NO. 27:**

Please admit that undersigned counsel forwarded the letter of representation to Mr. Roemer again on November 3, 2005.

**REQUEST NO. 28:**

Please admit that Mr. Roemer responded via email on November 3, 2005 stating that "This is still not the letter staing [sic] that you represent Mr [sic] Battaglia that has been signed by him [sic] What is it that is so hard for you to understand about a letter of representation? Do you not have a contract with the insured that he signed [sic] I will not be communicating with you until I have that in hand [sic]."

**REQUEST NO. 29:**

Please admit that undersigned counsel responded via email on November 3, 2005, requesting that Mr. Roemer conduct himself in a professional manner and cease the delay tactics.

**REQUEST NO. 30:**

Please admit that on November 3, 2005, YOU denied the entire claim.

**REQUEST NO. 31:**

Please admit that in denying PLAINTIFFS' claim, YOU stated that PLAINTIFFS had no wind damage despite the fact that Hurricane Katrina passed nearly directly over their home.

**REQUEST NO. 32:**

Please admit that undersigned counsel responded, noting that, at a minimum, YOU should provide coverage for items clearly damaged by wind.

**REQUEST NO. 33:**

Please admit that undersigned counsel requested that a second adjuster be assigned to review the claim.

**REQUEST NO. 34:**

Please admit that YOU refused to assign a second adjuster to assess the claim.

**REQUEST NO. 35:**

Please admit that on November 20, 2005, YOU mailed a letter denying all coverage for the third time.

**REQUEST NO. 36:**

Please admit that on November 20, 2005, YOU also mailed another letter enclosing a check in the amount of $20,571.65.

**REQUEST NO. 37:**

Please admit that the payment of November 20, 2005 is based on the adjuster summary report dated November 17, 2005.

**REQUEST NO. 38:**

Please admit that the although the November 20, 2005(?) loss report contains comments indicating that the author inspected the home, it also provides: "We will inspect this loss once the area is opened to Adjusters and other non residence [sic]."

**REQUEST NO. 39:**

Please admit that the loss report failed to address certain damaged items, such as a broken window on the second floor of the home.

**REQUEST NO. 40:**

Please admit that the loss report indicated that the master bathroom had ceramic flooring when in fact, the master bathroom is carpeted.

**REQUEST NO. 41:**

Please admit that the area sustained severe wind damage before the waters began rising.

**REQUEST NO. 42:**

Please admit that undersigned counsel also requested a second opinion regarding the roof estimate.

**REQUEST NO. 43:**

Please admit that counsel also enclosed an affidavit explaining that the broken window omitted from the loss report was damaged by Mr. and Mrs. Battaglia's neighbor, Arthur Stearns.

**REQUEST NO. 44:**

Please admit that on December 13, 2005, YOU responded, enclosing a report with photographs.

**REQUEST NO. 45:**

Please admit that the comments to photograph number 23, page 12, states that the window

11

was not broken at the time of the first inspection.

**REQUEST NO. 46:**

Please admit that this was an error because, as evidenced by the affidavit previously mailed to YOU, the window was broken by PLAINTIFFS' neighbor, Arthur Stearns.

**REQUEST NO. 47:**

Please admit that undersigned counsel mailed another letter to YOU on December 21, 2005, explaining that witnesses who weathered the storm in the immediate vicinity of PLAINTIFFS' home witnessed severe wind damage prior to the rising waters.

**REQUEST NO. 48:**

Please admit that in the December 21, 2005 letter, undersigned counsel also further explained the deficiencies in YOUR damage assessment.

**REQUEST NO. 49:**

Please admit that in the January 23, 2006, undersigned counsel pointed out the fact that YOU calculated the tax at 5% rather than 9%.

**REQUEST NO. 50:**

Please admit that in the January 23, 2006, undersigned counsel pointed out the fact that the adjuster's photographs of a shed which the adjuster believed to PLAINTIFFS' shed, were in fact photographs of PLAINTIFFS' neighbor's shed.

**REQUEST NO. 51:**

Please admit that undersigned counsel spoke with YOUR representative, Mr. Guy Sledge, on the morning of January 30, 2006, during which Mr. Sledge referred to undersigned counsel, Lauren Hudson, as "stupid".

**REQUEST NO. 52:**

Please admit that during this conversation, Mr. Sledge also insisted that the broken window was covered under the liability portion of the policy.

**REQUEST NO. 53:**

Please admit that during this conversation, Mr. Sledge ended the conversation by hanging up on undersigned counsel.

**REQUEST NO. 54:**

Please admit that YOU assigned another adjuster to inspect PLAINTIFFS' home.

**REQUEST NO. 55:**

Please admit that you inspected the property again on February 7, 2006.

**REQUEST NO. 56:**

Please admit that on February 15, 2006, YOU denied PLAINTIFFS' claim for the window broken by Mr. Stearns.

**REQUEST NO. 57:**

Please admit that in denying PLAINTIFFS' claim for the window damage, YOU claimed that the broken window and the damage caused by rain waters entering the broken window were less than the deductible of $1,000.00.

**REQUEST NO. 58:**

Please admit that on February 20, 2006, YOU prepared a supplemental report.

**REQUEST NO. 59:**

Please admit that the supplemental report provides: "The claim for gutter replacement is denied. The gutters were below the flood line and there is no evidence od [sic] any damage other than flood."

**REQUEST NO. 60:**

Please admit that the supplemental report is a direct contradiction to the previous adjuster's report which provides "the gutters were blow [sic] the water line but they appear to have been damaged by wind as there are marks on the garage roof that indicate that the gutter were [sic] striking the roof."

**REQUEST NO. 61:**

Please admit that in the supplemental report, the second adjuster commented as follows on the shed roof: "the claim for the hed [sic] roof is denied. The photos show that the interior roof decking is clean and that there was no wind damage to this roof prior to the flood. The only damage to the shed is from the flood and is not covered in the policy."

**REQUEST NO. 62:**

Please admit that the photographs of the shed taken by YOUR adjusters depict PLAINTIFFS' neighbor's shed rather than PLAINTIFFS' shed.

**REQUEST NO. 63:**

Please admit that the fact that the shed in the photograph taken by YOUR adjusters depicted PLAINTIFFS' neighbors' shed rather than PLAINTIFFS' shed had been pointed out to YOU on numerous occasions.

**REQUEST NO. 64:**

Please admit that during the second inspection, undersigned counsel and PLAINTIFF showed the second adjuster the correct shed and he did not inspect the shed because two snakes intercepted his path to the shed.

**REQUEST NO. 65:**

Please admit that the second adjuster could not have commented on the condition of the shed

14

because he did not inspect the shed.

**REQUEST NO. 66:**

Please admit that the photographs of PLAINTIFFS' shed show that the roof was indeed ripped off.

**REQUEST NO. 67:**

Please admit that on March 3, 2006, undersigned counsel requested mediation with the American Arbitration Association.

**REQUEST NO. 68:**

Please admit that the this matter was mediated on May 24, 2006.

**REQUEST NO. 69:**

Please admit that at the mediation of this matter, YOUR representative refused to negotiate in good faith.

**REQUEST NO. 70:**

Please admit that at the mediation of this matter, YOUR representative continued to blindly insist on relying on the adjusters' summaries, even in the face of the above-referenced blatant inaccuracies in the adjusters' reports.

**REQUEST NO. 71:**

Please admit that at the mediation of this matter, YOUR representative offered PLAINTIFFS $5,000.00 after several hours of negotiation.

**REQUEST NO. 72:**

Please admit that at the mediation of this matter, PLAINTIFFS declined YOUR offer.

**REQUEST NO. 73:**

Please admit that on November 6, 2005, you opined that the Insured Premises sustained only

$1,376.51 of covered damage.

**REQUEST NO. 74:**

Please admit that on July 26, 2006, YOU again denied PLAINTIFFS' claim.

**REQUEST NO. 75:**

Please admit that YOU have failed to tender full payment for PLAINTIFFS' damages.

**REQUEST NO. 76:**

Please admit that it is YOUR position that the majority of PLAINTIFFS' damages, if not all,

were caused by "floodwaters," and thus subject to various exclusions under the Horace Mann Policy.

**REQUEST NO. 77:**

Please admit that PLAINTIFFS' damages did not result from flood.

**REQUEST NO. 78:**

Please admit that PLAINTIFFS' damages did not result from surface water.

**REQUEST NO. 79:**

Please admit that PLAINTIFFS' damages did not result from waves.

**REQUEST NO. 80:**

Please admit that PLAINTIFFS' damages did not result from tidal water.

**REQUEST NO. 81:**

Please admit that PLAINTIFFS' damages did not result from overflow of a body of water

or spray.

**REQUEST NO. 82:**

Please admit that PLAINTIFFS' damages did not result from any other cause listed in the

water damage exclusion of the Horace Mann Policy.

**REQUEST NO. 83:**

Please admit that PLAINTIFFS' damages resulted from Hurricane Katrina.

**REQUEST NO. 84:**

Please admit that PLAINTIFFS' damages from Hurricane Katrina are an encompassed risk and covered loss under the Horace Mann Policy.

**REQUEST NO. 85:**

Please admit that water damages sustained by PLAINTIFFS resulted solely from the breach of the levees and floodwalls along the Mississippi River Gulf Outlet ("MR-GO").

**REQUEST NO. 86:**

Please admit that the breach of the levees and floodwalls along the Mississippi River Gulf Outlet ("MR-GO"), were caused by the acts or omissions of a third party, the United States Army Corps of Engineers (the "Corps").

**REQUEST NO. 87:**

Please admit that the Corps' acts and omissions with respect to the design, construction, operation, repair and maintenance of the MR-GO caused PLAINTIFFS' damages.

**REQUEST NO. 88:**

Please admit that the Corps' acts and omissions with respect to the design, construction, operation, repair and maintenance of the levees purportedly protecting St. Bernard Parish caused PLAINTIFFS' damages.

**REQUEST NO. 89:**

Please admit that following an investigation of the levee failures coordinated by the Interagency Performance Evaluation Taskforce ("IPET"), the United States Army Corps of Engineers conceded that the failure of the levee protection systems was caused by problems within

17

its control.

**REQUEST NO. 90:**

Please admit that errors or omissions of the Corps are covered perils under the all-risk Horace

Mann Policy.

**REQUEST NO. 91:**

Please admit that PLAINTIFFS' home and shed also sustained damage as a result of the

Murphy Oil spill.

**REQUEST NO. 92:**

Please admit that PLAINTIFFS have already sustained damages greater than $250,000.00

as a result of Hurricane Katrina.

Respectfully submitted,

JAMES M. GARNER #19589 T.A.
LAUREN L. HUDSON #28614
**SHER GARNER CAHILL RICHTER
  KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Twenty-eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**COUNSEL FOR BONNIE BATTAGLIA
AND
DARYL A. BATTAGLIA, SR.**

18

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this _9_ day of October, 2006.

JAMES M. GARNER

19

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

| | | |
|---|---|---|
| LEOPOLD Z. SHER [1] | DEBORAH J. MOENCH | JEFFREY D. KESSLER [7] |
| JAMES M. GARNER [2] | DOROTHY S. WATKINS LAWRENCE [3] | KEITH L. MAGNESS |
| ELWOOD F. CAHILL, JR. | JOHN T. BALHOFF, II | R. SCOTT HOGAN |
| RICHARD P. RICHTER | ALVIN C. MIESTER, III | JONATHAN B. CERISE |
| STEVEN I. KLEIN [1,8] | KAREN T. HOLZENTHAL | ASHLEY G. COKER |
| PETER L. HILBERT, JR. | ASHLEY S. BERGERON | AMANDA C. RUSSO |
| MARIE A. MOORE [5] | CHRISTOPHER T. CHOCHELES | ADAM J. SWENSEK |
| DEBRA J. FISCHMAN | HOWARD T. BOYD, III [2] | |
| ROBERT P. THIBEAUX | RYAN D. ADAMS | |
| DARNELL BLUDWORTH [2] | THOMAS J. MADIGAN, II [6] | |
| MARTHA Y. CURTIS [2] | KEVIN M. McGLONE | OF COUNSEL: |
| NEAL J. KLING | CHAD P. MORROW | TIMOTHY B. FRANCIS |
| KEITH A. KORNMAN [2] | LAUREN L. HUDSON [3] | DAVID A. MARCELLO |
| JOSHUA S. FORCE [2,4] | ELLEN PIVACH DUNBAR | |

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION
[9] REGISTERED TO PRACTICE BEFORE THE
    UNITED STATES PATENT AND TRADEMARK
    OFFICE

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

December 11, 2006

**Via E-Mail & U.S. Mail**
Michael E. Holoway
LUGENBUHL WHEATON PECK RANKIN & HUBBARD
27th Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130

> Re: *Daryl A. Battaglia, Sr. and Bonnie Battaglia*
> *v. Horace Mann Insurance Company, Horace*
> *Mann Property & Casualty Insurance Company*
> *& Teachers Insurance Company*
> U.S.D.C., E.D. La., No. 06-4532, Sec. "K"
> Our Ref.: 20779.0002

Dear Michael:

As you may know, we represent Mr. and Mrs. Battaglia in the above-referenced suit. Several weeks ago, we mailed a demand letter to Ms. Tina Garmon and we have not yet received a response. We have enclosed this letter for your review. If you are planning on responding, please do so as soon as possible. In the event that your client is not interested in resolving this matter at this point in time, we must move forward the case. Accordingly, we would like to schedule a Rule 26 conference and a discovery conference for December 18, 2006 at 10:00 a.m. If you are unavailable at this time, please feel free to contact our office at any time before the conference. We have enclosed for your review the Interrogatories, Requests for Production, and Request for Admission propounded on your


EXHIBIT
F

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

Michael E. Holoway
December 11, 2006
Page - 2 -

client.  We would also like to schedule the corporate deposition of your client during the month of January.  Please let us know when your client is available for a corporate deposition.

We look forward to speaking with you.

Cordially,

*Lauren Hudson*

James M. Garner
Lauren L. Hudson

LLH/gyj
Enclosures