UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRYL A. BATTAGLIA, SR. and <br> BONNIE BATTAGLIA <br>                    Plaintiffs, <br> <br> Versus <br> <br> HORACE MANN INSURANCE COMPANY, <br> HORACE MANN PROPERTY & CASUALTY <br> INSURANCE COMPANY, and <br> TEACHERS INSURANCE COMPANY <br> <br>                    Defendants. | Civil Action No. 06-4532 <br> <br> Judge: Duval <br> <br> Magistrate Judge: Chasez |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26 CONFERENCE AND DISCOVERY RESPONSES AND MOTION TO QUASH**

**MAY IT PLEASE THE COURT:**

Horace Mann Insurance Company (Horace Mann) respectfully submits this Memorandum in Opposition to Plaintiffs Motion to Compel Rule 26 Conference and Discovery Responses. Plaintiffs, Darryl A. Battaglia, sr. and Bonnie Battaglia in Civil Action Number 06-4532 (Battaglia, Sr.) and Darryl and Mandie Battaglia in Civil Action

1

Number 06-4529 (Battaglia, Jr.) have both filed identical Motions to Compel a Rule 26 Conference and Discovery Responses and Incorporated Memorandum in Support. In both cases, plaintiffs filed suit on August 22, 2006. Attached to each Petition were Interrogatories, Requests for Production of Documents and a cover letter directed to no one in particular at the corporate offices of Horace Mann suggesting that the Rule 26 Conference should be waived and the Plaintiffs should be allowed to proceed directly to discovery. (See Exhibit A of Plaintiff's submission to the Court).

Subsequently, on October 9, 2006, Plaintiffs forwarded two separate Requests for Admissions, numbering 92 Requests for Admissions in the Battaglia, Sr. case (Plaintiff's Exhibit E in 06-4532) and 63 Requests for Admissions in the Battaglia, Jr. case (Also designated as Exhibit E in 06-4529).

As a result of the foregoing discovery requests, on November 22, 2006, counsel for defendants forwarded a letter to counsel for Plaintiffs pointing out that Plaintiffs' discovery was premature according to Federal Rule of Civil Procedure 26(f) and Federal Rule of Civil Procedure 26(d). (Exhibit "A"). In response to that letter, Plaintiff's attorney forwarded a letter designated as Exhibit H in the Battaglia, Jr. case unilaterally attempting to schedule a Rule 26 conference within a few days of the letter. Upon receipt of that letter, undersigned counsel contacted counsel for plaintiffs, Ms. Hudson, and informed her that defendants were willing to enter into a good faith settlement negotiations with the Plaintiffs, however, the discovery was premature as was the unilateral scheduling or attempt to schedule a Rule 26 conference. Defendants

requested from Plaintiffs a reasonable settlement offer. In response, Plaintiffs forwarded duplicate copies of the Battaglia, Jr. Interrogatories, Request for Production of Documents and Request for Admissions in separate envelopes with duplicate cover letters referencing the Battaglia, Sr. litigation. On December 13, 2006, undersigned counsel forwarded a letter to the Battaglias' counsel acknowledging receipt of duplicate copies of the Battaglia, Jr. Interrogatories, Request for Production of Documents and Request for Admissions with cover letters referencing Darryl Battaglia, Sr. In that correspondence, it was again indicated to Plaintiffs attorneys that the discovery was premature in accordance with Rules 33(a), 34(b) and 36(a) of the Federal Rules of Civil Procedure. (Exhibit "B"). All three rules have nearly identical language which states "Without leave of Court or written Stipulation, [Interrogatories, a Request, Request for Admission] may not be served before the time specified in Rule 26(d)".

Rule 26(d) is very specific and states: "...a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". The only mandatory requirement concerning the timing of a Rule 26(f) conference is that the parties must "as soon as practicable and in any event at least twenty-one days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer" to arrange for rule 26(a)(1) disclosures and to develop a proposed discovery plan. Local Rule 26.4E modifies the Rule 26(f) mandate and provides as follows:

> "A. Except as otherwise ordered in a particular case, a conference between the parties required by *FRCvP 26(f)* shall be held no later

3

than seven working days before the scheduled preliminary conference."

In both of these cases, there is no scheduled preliminary conference. The Battaglia, Jr. case has already been consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*. Pursuant to the Order of Judge Duval in his Minute Entry of November 29, 2006, case 2:05-cv-04182-SRD-JCW, Document 2034, section VIII, the Battaglia, Sr. case was consolidated into the *In Re: Katrina Canal Breaches Consolidated Litigation* by Motion and Proposed Order filed on December 20, 2006.

By Minute Entry in Case 2:05-cv-04182-SRD-JCW, Document 69, Judge Duval issued another order in the consolidated cases stating: "It is further ordered that Rule 26(a)(1) disclosures shall be deferred until further order of the Court..."

It is interesting to note that Plaintiffs have cited no authority for their Motion other than a reference to a statement allegedly made by Judge Duval on the record regarding discovery. It is respectfully suggested that the statement referred to by plaintiffs concerning discovery referred to cases which had already passed the Rule 26 threshold for disclosures and 26(f) conferences. Subsequent to that, the order contained in document 69 was issued by Judge Duval deferring all Rule 26(a)(1) disclosures until further order of the Court.

The case law of the United States District Court for the Eastern District of Louisiana is replete with instances where failure to follow the mandates of the Federal Rules of Civil Procedure regarding discovery are not countenanced. In <u>Chevron USA,</u>

Inc. v. Peuler, Not Reported in F.Supp.2nd, 2003 WL 139164 (E.D.La. 2003) Judge Barbier quashed discovery issued in violation of Federal Rule 26(b).  Judge Barbier stated:

> "In this case, the attorneys have admitted that they have never had a Rule 26(f) conference, have not made their initial disclosures, have not had a federal Rule 16 scheduling conference, have not agreed to waive the initial disclosure requirement, and have not agreed on when or how to make their disclosures.  And, while the limitations set forth in Federal Rule 26(f) may be altered by Court Order or stipulation, neither has occurred in this case.  Accordingly, plaintiff's scheduling of the deposition, and issuance of a Subpoena Duces Tecum, violates Federal Rule 26(d).

Similarly, in Baker Tanks, Inc. v. Stranco, Inc., Not Reported in F.Supp., 1998 WL 382142 (E.D.La. 1998), in a case with strikingly similar facts, the Honorable Magistrate Judge Wilkinson noted discovery was premature. In that case, which was only recently filed with the Court (four months previous to the hearing) and in which a Federal Rule of Civil Procedure 16 Conference was scheduled but not yet conducted, the Court stated:

> "Plaintiff filed this suit on March 6, 1998.  On that same date, it served the voluminous and complex Interrogatories and Request for Production of Documents that are the subject of this motion.  This was improper and a violation of Fed.R.Civ.P. 26(d) and Local Rule 26.4E.  Without specifically relying upon Rule 26(d) defendant has made references to the prematurity of Plaintiff's discovery throughout its responses to the discovery and this motion."

The defendant in that case did not even quote Rule 26(d) and did not ask that the discovery be quashed.  Magistrate Judge Wilkinson noted that if the scheduling

conference were not scheduled within the week he "would simply quash plaintiff's discovery and require compliance with Rule 26(f)."

In another case with very similar facts, the Court was faced with a case filed in State Court on August 4, 1998, and removed to Federal Court on September 3, 1998. Two months after removal, the Honorable Magistrate Judge Wilkinson on November 4, 1998, denied plaintiff's Motion to Compel. The discovery was premature as it was submitted to the defendants in violation of Rule 26(d).  There, the Court stated:

> "Fed.R.Civ.P. 26(d) prohibits the commencement of discovery until the parties have met, conferred and submitted the discovery plan required by F.R.Civ.P. 26(f).  Local Rule 26.4E makes both Rule 26(d) and (f) applicable to this situation, unless all parties have agreed *in writing* not to confer as required by Rule 26(f). The parties have submitted no such written agreement in this case. Thus, the discovery that is the subject of this motion was premature and violated the Rule 26(d) bar."(emphasis in original).

Cowboy Mouth, LLC v. Monkey Hill Productions, Inc., Not Reported in F. Supp. 2d., WL 781234 (E.D.La. 1998)

In the present case, it is clear that although the Battaglia, Sr. matter was originally opened as a Division K case, it should be consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation* and subject to the orders of the Court concerning same.  The Court presently has pending meetings between the liaison counsel for the Plaintiffs and Defendants and the Court to conclude an orderly and manageable discovery schedule in these consolidated cases.  Presently, Horace Mann and Teachers Insurance Company have approximately 20 cases pending in the Eastern District which may be subject to the consolidation order.  Given this mass of litigation

which was filed contemporaneously with the two Battaglia matters in August, 2006, it is certainly reasonable the Orders of this Honorable Court and the mandates of the Federal Rules of Civil Procedure pertaining to discovery be followed scrupulously to avoid unfairness to *any* of the parties in these consolidated matters. It is also respectfully suggested that undersigned counsel has continued to negotiate in good faith with Plaintiff's counsel in order to attempt to amicably resolve these new cases. Whether that will actually be accomplished is unknown at the present time, however, undersigned counsel is not using Rule 26 as a shield to prohibit the amicable resolution of matters which may be resolved.

## **CONCLUSION**

Based on the foregoing, there is no question that the mandates of Rule 26 of the Federal Rules of Civil Procedure have not been followed by the Plaintiffs in this matter and that the discovery, including Interrogatories, Request for Production of Documents and Request for Admissions are premature. As such, the defendants respectfully request that this Court quash the discovery issued by the plaintiffs. Defendants further respectfully request that Plaintiff's Motion to Compel a Rule 26 Conference be dismissed as contrary to the Orders of the Court in the Consolidated Katrina Canal Breaches Litigation. Finally, to the extent that it is required, defendants would respectfully request that Plaintiff's Motion to Compel Answers to their Discovery be dismissed as premature and in violation of the Federal Rules of Civil Procedure referred to herein.

Respectfully submitted,

**s/Michael E. Holoway**
**RALPH S. HUBBARD III, La. Bar # 7040**
**MICHAEL E. HOLOWAY, T.A., La. Bar # 1966**
**TINA L. GARMON, La. Bar #29,579**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for The Horace Mann Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2006 a copy of the foregoing Memorandum in Opposition to Plaintiffs Motion to Compel Rule 26 Conference and Discovery Responses was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

James M. Garner; Lauren L. Hudson; Michael E Holoway; Ralph S Hubbard, III; and Tina L. Garmon

by operation of the court's electronic filing system.

**s/Michael E. Holoway**
**MICHAEL E. HOLOWAY, T.A. La. Bar # 1966**
**Counsel for Horace Mann Insurance Company**
**LUGENBUHL, WHEATON, PECK,**
**RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990

8