Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1998 WL 382142 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**
c

Briefs and Other Related Documents
Baker Tanks, Inc. v. Stranco, Inc.E.D.La.,1998.Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
BAKER TANKS, INC.
v.
STRANCO, INC.
No. CIV. A. 98-730.

July 8, 1998.

WILKINSON, Magistrate J.
*1 This case was only recently filed and the Court has set but not yet conducted its initial scheduling **conference** pursuant to Fed.R.Civ.P. 16 on July 16, 1998. Record Doc. No. 7. Pending before me is the motion to **compel** filed by plaintiff, which defendant has timely opposed. Considering the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Plaintiff filed this suit on March 6, 1998. On that same date, it served the voluminous and complex interrogatories and requests for production of documents that are the subject of this motion. This was improper and a violation of Fed.R.Civ.P. 26(d) and Local **Rule** 26.4E. Without specifically relying upon **Rule** 26(d), defendant has made references to the prematurity of plaintiff's discovery throughout its responses to the discovery and this motion. Nevertheless, defendant provided plaintiff with answers and objections to the interrogatories and a blanket objection to all requests for production. Because plaintiff violated **Rule** 26(d), defendant was justified in its complaint that the discovery was premature, and if the Court's scheduling **conference** were not scheduled to occur in about a week, I would simply quash plaintiff's discovery and require compliance with **Rule 26(f)**. Under the present circumstances, however, since the Court's initial scheduling **conference** is set to occur in about a week, the case will be ready for discovery to commence immediately thereafter, and plaintiff would probably submit the same written discovery to defendant at that time, I will address the merits of the discovery dispute.

The motion is denied as to Interrogatories No. 2 and 3. The current answers are sufficient, subject of course to the requirements of Fed.R.Civ.P. 26(e).

The motion is denied as to Interrogatories No. 5, 12 and 13. Defendant's objections to these interrogatories are sustained.

The motion is denied as to Interrogatories No. 4, 15 and 17. I find that even if these interrogatories seek information that is relevant to the subject matter of this action, the information is obtainable by other means that are less burdensome and the burden or expense of this discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(i) and (iii).

The motion is granted in part as to Interrogatory No. 16, but only in that defendant must identify only those tank inspections conducted by itself or its agents. In all other respects, the motion is denied as to Interrogatory No. 16.

The motion is granted as to all remaining interrogatories, and defendant's objections to the remaining interrogatories are overruled. However, the parties are reminded that if a recipient of interrogatories has no information responsive to the question, that is an acceptable answer, as long as it is true and the sworn verification, signed by an authorized representative of the party-not its counsel, as required by Fed.R.Civ.P. 33(b)(1) and (2), accompanies the answers and Fed.R.Civ.P. 26(e) is complied with thereafter. Thus, for example, it may well be that defendant cannot yet identify its trial witnesses, but if it knows the identity of persons with knowledge of the type described in the remainder of Interrogatory No. 1, it must provide that information. Many of the remaining interrogatories may be subject to the same kind of difficulty at this early stage of the proceedings.

*2 The motion is granted as to the requests for production of documents, but only as follows. Because plaintiff violated **Rule** 26(d), defendant's objection that the requests were premature was well-founded. In addition, it appears that some of the requests for production seek irrelevant information or should be limited pursuant to Fed.R.Civ.P. 26(b)(2). Accordingly, defendant will have a full

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
(Cite as: Not Reported in F.Supp.)

Page 2

opportunity to respond and/or object to the requests in the manner contemplated by Fed.R.Civ.P. 34(b). Accordingly, as to the requests for production, IT IS ORDERED that defendant must provide plaintiff with written responses to each request *individually,* advising plaintiff what materials will be made available for inspection and related activities without objection at a mutually convenient time and place, whether specific objections to particular requests are being asserted, and whether no materials in defendant's possession, custody or control are responsive to specific requests. In all other respects, the motion is denied as to the requests for production.

All interrogatory answers and responses to requests for production of documents ordered herein must be provided by defendant to plaintiff no later than August 10, 1998.

Plaintiff's request for an award of costs and fees in connection with this motion is denied. Plaintiff violated Rule 26(d) in submitting this discovery, and the motion has been granted in part and denied in part. Under these circumstances I find that a just apportionment of the expenses incurred in connection with this motion is that plaintiff should bear its own costs. Fed.R.Civ.P. 37(a)(4)(C).

Counsel hereby are specifically reminded of their obligations under Fed.R.Civ.P. 37(a)(2)(B) and Local **Rule** 37.1E in connection with any future motions to **compel**.

E.D.La.,1998.
Baker Tanks, Inc. v. Stranco, Inc.
Not Reported in F.Supp., 1998 WL 382142 (E.D.La.)

Briefs and Other Related Documents (Back to top)

. 2:98cv00730 (Docket) (Mar. 06, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.