Not Reported in F.Supp.2d                                                                                       Page   1
Not Reported in F.Supp.2d, 1998 WL 781234 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

H

Briefs and Other Related Documents
Cowboy Mouth, L.L.C. v. Monkey Hill Productions, Inc.E.D.La.,1998.Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Cowboy MOUTH, L.L.C. et al.
v.
MONKEY HILL PRODUCTIONS, INC.
No. CIV. A. 98-2615.

Nov. 4, 1998.

WILKINSON, Magistrate J.
*1 Two motions illustrating the inefficiencies that result when counsel do not follow applicable procedural **rules** are pending before me. They are plaintiffs' motion to **compel** and plaintiffs' motion for "reconsideration, new trial and/or review."

This case was filed in state court on August 4, 1998. On that same date, as apparently permitted by Louisiana procedural law, plaintiffs submitted to defendants the same requests for production and admissions that are now the subject of their pending motion to **compel**.

On September 3, 1998, the case was removed to this Court. At that time, the Federal **Rules** of Civil Procedure became applicable to the case, including the subject discovery. *McIntyre v. K-Mart Corp.,* 794 F.2d 1023, 1025 (5th Cir.1986) (quoting *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890, 895 (5th Cir.1984)). Among the **rules** that became applicable to this case upon removal are the following:

Fed.R.Civ.P. 26(d) prohibits the commencement of discovery until the parties have met, **conferred** and submitted the discovery plan required by Fed.R.Civ.P. **26(f)**. Local **Rule** 26.4E makes both **Rules** 26(d) and (f) applicable to this action, unless all parties have agreed *in writing* not to **confer** as required by **Rule 26(f)**. The parties have submitted no such written agreement in this case. Thus, the discovery that is the subject of this motion was premature and violated the **Rule** 26(d) bar. In addition, it is the responsibility *of counsel* filing motions, *not the Court,* to select the hearing date and to provide opposing counsel with notice of that date, Local **Rule** 7.2E, unless the motion is accompanied by a motion and proposed order for an expedited hearing. All counsel have failed to comply with this **rule** in this case in that they have on occasion submitted to their opponents blank hearing notices without specific hearing dates. Finally, Local **Rule** 37.1E requires that all motions relative to discovery must be accompanied by the certificate of counsel for the moving party "that counsel have **conferred** *in person or by telephone* " in a good faith effort to resolve their dispute without Court intervention. Plaintiffs' motion for reconsideration fails to include the required certificate. Plaintiffs' motion to **compel** includes a certificate stating only that counsel exchanged correspondence, not that they **conferred** as required by the **rule**.

Under these circumstances, IT IS ORDERED that plaintiffs' motion to **compel** is DENIED because (1) the discovery was premature in that it was submitted to defendants in violation of the **Rule** 26(d) discovery bar and (2) plaintiffs failed to comply with Local **Rule** 37 .1E in filing the motion.

IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration is GRANTED IN PART as follows. I granted defendants' motion for extension of time to respond to the discovery because plaintiffs had failed to oppose it timely as required by Local **Rule** 7.5E. It appears, however, that defendants failed to comply with Local **Rule** 7 .2E when they filed the motion because they failed to provide plaintiffs with notice of the hearing date. Accordingly, my order of October 14, 1998, Record Doc. No. 18, is VACATED, and I will now reconsider defendants' motion for an extension of time to respond to plaintiffs' discovery.

*2 As discussed above, at the time defendants filed their motion for an extension of time, they were under no obligation to respond to plaintiffs' discovery because it was premature and submitted in violation of Rule 26(d). It was clear from defendants' motion, however, that they were willing to forego the protection from hasty discovery provided by Rule 26(d) if responses were not required till November 18, 1998. Plaintiffs' reasons for seeking faster discovery are without merit. This case has only recently been filed. A motion to remand it to state court is pending. No trial date or other hearings requiring the presentation of evidence

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d              **Page 2**
(Cite as: **Not Reported in F.Supp.2d**)

are set. It therefore appears that there is no present need for expedited discovery. Accordingly,

IT IS ORDERED that defendants' motion for an extension of time is again GRANTED and that plaintiff's motion for reconsideration is DENIED insofar as it seeks an earlier date by which defendants must respond to plaintiffs' discovery. Defendants' written responses and/or objections (none of which have been waived) to plaintiffs' requests for admissions and requests for production of documents must be submitted no later than November 18, 1998.

IT IS FURTHER ORDERED that no other discovery may be instituted by any party while the Court's decision on the pending motion to remand this case to state court is under advisement, unless leave of Court is first obtained. If the motion to remand is denied, all parties must meet and **confer** for all purposes required by **Rule 26(f)**, and file the required report, within ten (10) days of entry of any order denying the motion to remand.

E.D.La.,1998.
Cowboy Mouth, L.L.C. v. Monkey Hill Productions, Inc.
Not Reported in F.Supp.2d, 1998 WL 781234 (E.D.La.)

Briefs and Other Related Documents (Back to top)

. 2:98cv02615 (Docket) (Sep. 03, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.