LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1,7]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
KEITH A. KORNMAN [2]
JOSHUA S. FORCE [2,4]

DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II
ALVIN C. MIESTER, III
KAREN T. HOLZENTHAL
ASHLEY S. BERGERON
CHRISTOPHER T. CHOCHELES
HOWARD T. BOYD, III [2]
RYAN D. ADAMS
THOMAS J. MADIGAN, II [5]
KEVIN M. McGLONE
CHAD P. MORROW
LAUREN L. HUDSON [3]
ELLEN PIVACH DUNBAR

JEFFREY D. KESSLER [6]
KEITH L. MAGNESS
R. SCOTT HOGAN
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA C. RUSSO
ADAM J. SWENSEK
KATHERINE A. WILKINSON

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[6] MEMBER OF LOUISIANA AND NEW YORK BARS
[7] BOARD CERTIFIED TAX ATTORNEY LOUISIANA
    BOARD OF LEGAL SPECIALIZATION

ALL OTHERS LOUISIANA BAR

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

(504) 299-2100
FAX (504) 299-2300

November 27, 2006

**<u>Via E-Mail and U.S. Mail</u>**

Tina L. Garmon, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
27th Floor, Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130

      Re:    *Mandie Battaglia, wife of/and*
              *Daryl A. Battaglia, Jr. v.*
              *Horace Mann Insurance Company, Horace*
              *Mann Property & Casualty and Teachers*
              *Insurance Company*
              U.S.D.C., E.D. La. No. 06-04529, Sec. "S," Mag. 3
              Our reference: 20779.0002

Dear Ms. Garmon:

      In light of your letter of November 22, 2006, we assume that you disagree with our proposal to waive the rule 26 conference and initial disclosures. Accordingly, we would like to schedule a Rule 26 conference for Thursday, November 30, 2006 at 10:00. If you are unavailable at this time, please let us know and we can conduct the conference on Friday, December 1, 2006 at 1:00 p.m. We look forward to speaking with you.

                                    Cordially,

                                    *Lauren Hudson*

                                    James M. Garner
                                    Lauren L. Hudson

EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

The following Minute Entry pertains to these cases:

| | |
|---|---|
| 05-4181 "K"(2) | O'Dwyer, et al. v. USA, et al. |
| 05-4182 "K"(2) | Berthelot, et al. v. Boh Bros. Construction, et al. |
| 05-4191 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-4568 "K"(2) | Harvey v. Board of Commissioners for the Orleans Levee Board |
| 05-5237 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-6073 "K"(2) | Kirsch, et al. v. Boh Bros. Construction Co., et al. |
| 05-6314 "K"(2) | Ezell, et al. v. Boh Bros. Construction Co., et al. |
| 05-6323 "K"(2) | Vanderbrook, et al. v. State Farm Fire & Casualty |
| 05-6324 "K"(2) | Brown, et al. v. Boh Brothers Construction, et al. |
| 05-6327 "K"(2) | LeBlanc, et al. v. Boh Bros. Construction Co., et al. |
| 05-6359 "K"(2) | Bradley, et al. v. Modjeski and Master, Inc. |
| 05-6438 "K"(2) | Armstead, et al. v. C. Ray Nagin, et al. |
| 06-0004 "K"(2) | Sullivan, et al. v. State Farm Fire & Cas. Ins. |
| 06-0020 "K"(2) | Tauzin, et al. v. Board of Comm. for the Orleans Levee Board |
| 06-0151 "K"(2) | Conlay v. Encompass Ins. Co., et al. |
| 06-0152 "K"(2) | Rogers v. Encompass Ins. Co., et al |
| 06-0153 "K"(2) | Baird, et al. v. Encompass Ins. Co., et al. |
| 06-0169 "K"(2) | Humphreys v. Encompass Ins. Co., et al. |
| 06-0225 "K"(4) | Bradley, et al. v. Pittman Const. Co., et al. |
| 06-0886 "K"(2) | Finney, et al. v. Boh Brothers, et al. |
| 06-1640 "K"(3) | Abel et al v. Broussard et al (case severed from 05-4181) |
| 06-1672 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1673 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1674 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |

A status conference was held on April 6, 2006 at 10:0 a.m. pursuant to the Court's previous order of March 24, 2006.

**IT IS ORDERED** that a transcript of the entire proceedings shall be filed into the record.

**Recognition of the Scribe's Work**

EXHIBIT B

The Court thanked Gerry Meunier and Ralph Hubbard for their work in compiling the first joint report which was an excellent tool for the Court to use in dealing with its approach to managing these cases.

**Recusal**

As the deadline for seeking recusal was April 4, 2006, it appears that the only parties seeking recusal of the Court in the cases in which they appear are Washington Group International and the Orleans Levee District. These motions are presently set for hearing on **April 19, 2006.** However, because of the Court's schedule,

**IT IS ORDERED** that oral argument on the recusal motions is **RESET** to **3:00 p.m. on April 19, 2006.**[1]

While recognizing that these parties might seek mandamus from the United States Court of Appeals for the Fifth Circuit, the Court noted that in the event that it does not recuse, it will not wait for a ruling from the Fifth Circuit concerning mandamus; rather, it will begin to rule on all other pending motions. The Court may consider foregoing ruling on the remand motions as

---

[1]This order would pertain to **Washington Group International, Inc.'s Motion to Recuse** filed in the following cases: *Berthelot v. Boh Bros.*, C.A. No. 05-4182 (Doc. No. 63), *Vodanovich v. Boh Bros.*, C. A. 05-5237 (Doc. No. 53), *Kirsch v. Boh Bros.*, C.A. No. 05-6073 (Doc. 58), *Ezell v. Boh Bros.*, C. A. No. 05-6314 (Doc. No. 38), *Brown v. Boh Bros.*, 05-6324 (Doc. 24), *Leblanc v. Boh Bros.*, 05-6327 (Doc. No. 44), *Tauzin v. Boh Bros.*, C.A. No. 06-020 (Doc. No. 24), *Finney v. Boh Bros.*, C.A. No. 06-886 (Doc. No. 17); and **the Motion for Disqualification filed by the Board of Commissioners of the Orleans Levee District** in the following cases: *O'Dwyer v. United States*, C.A. No. 05-4181 (Doc. No. 183), *Berthelot v. Boh Bros.*, C.A. No. 05-4182(Doc. No. 61), *Harvey v. The Board of Comm.*, C.A. No. 05-4568 (Doc. No. 32), *Vodanovich v. Boh Bros.*, C.A. No. 05-5237 (Doc. No. 52), *Kirsch v. Boh Bros.*, C.A. 05-6073 (Doc. No. 56), *Ezell v. Boh Bros.*, C.A. No. 05-6314 (Doc. No. 37), *Vanderbrook v. State Farm*, C.A. 05-6323 (Doc. No. 35), *Brown v. Boh Bros.*, C.A. No. 05-6324 (Doc. No. 23), *Leblanc v. Boh Bros.*, C.A. No. 05-6327 (Doc. No. 43), *Milton Armstead v. Nagin*, C.A. No. 05-6438 (Doc. No. 21), *Tauzin v. The Board of Comm.*, C.A. No. 06-0020(Doc. No. 23), *Conlay v. Encompass*, 06-151 (Doc. No. 35), *Diane Rogers v. Encompass*, C.A. No. 06-152 (Doc. No. 32), *Baird v. Encompass*, C.A. No. 06-153 (Doc. No. 29), *Humphreys v. Encompass*, C. A. No. 06-169 (Doc. No. 33), *Bradley v. Pittman*, C. A. No. 06-225 (Doc. 225).

this is the only category of motion that would not be subject to *de novo* review as noted in *Patterson v. Mobil Oil Corporation*, 335 F.3d 476 (5th Cir. 2003).

**Consolidation for Pretrial Purposes**

In order to manage these cases in an orderly fashion, the Court has determined that it shall consolidate the following cases[2] for certain pretrial purposes:

| | |
|---|---|
| 05-4181 "K"(2) | O'Dwyer, et al. v. USA, et al. |
| 05-4182 "K"(2) | Berthelot, et al. v. Boh Bros. Construction, et al. |
| 05-4191 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-4568 "K"(2) | Harvey v. Board of Commissioners for the Orleans Levee Board |
| 05-5237 "K"(2) | Vodanovich v. Boh Bros. Construction, et al. |
| 05-6073 "K"(2) | Kirsch, et al. v. Boh Bros. Construction Co., et al. |
| 05-6314 "K"(2) | Ezell, et al. v. Boh Bros. Construction Co., et al. |
| 05-6323 "K"(2) | Vanderbrook, et al. v. State Farm Fire & Casualty |
| 05-6324 "K"(2) | Brown, et al. v. Boh Brothers Construction, et al. |
| 05-6327 "K"(2) | LeBlanc, et al. v. Boh Bros. Construction Co., et al. |
| 05-6359 "K"(2) | Bradley, et al. v. Modjeski and Master, Inc. |
| 06-0020 "K"(2) | Tauzin, et al. v. Board of Comm. for the Orleans Levee Board |
| 06-0151 "K"(2) | Conlay v. Encompass Ins. Co., et al. |
| 06-0152 "K"(2) | Rogers v. Encompass Ins. Co., et al |
| 06-0153 "K"(2) | Baird, et al. v. Encompass Ins. Co., et al. |
| 06-0169 "K"(2) | Humphreys v. Encompass Ins. Co., et al. |
| 06-0225 "K"(4) | Bradley, et al. v. Pittman Const. Co., et al. |
| 06-0886 "K"(2) | Finney, et al. v. Boh Brothers, et al. |
| 06-1672 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1673 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |
| 06-1674 "K" (2) | Chehardy et al v. State Farm Fire & Casualty Company et al |

---

[2]The matter of *Sullivan v. State Farm Fire & Cas. Ins.*, C.A. No. 06-0004"K"(2) is not consolidated in this matter as requested by counsel for all parties; likewise, *Armstead, et al. v. C. Ray Nagin, et al.* C.A. No. 05-6438 "K"(2), and *Abel, et al. v. Broussard, et al.*, C.A. No. 06-1640 (case severed from *O'Dwyer*, C. A No. 05-4181) are not consolidated herein for reasons previously discussed in the March 26th conference.

3

A separate consolidation order will be entered hereafter. The consolidation includes the suits presently filed and pending in this section concerning damage allegedly caused by the breaches of the 17th Street Canal, the London Avenue Canal, the Industrial Canal and MRGO. While the Court previously believed that MRGO should not be included in this umbrella, because of the inter-relationship and more importantly, as this consolidation is SOLELY for pretrial matters including discovery, the Court will allow certain MRGO litigation to be included herein upon proper motion and showing.

**Call Docket**

Having decided that it is time to proceed with these cases,

**IT IS ORDERED** that a call docket will be conducted before Magistrate Judge Wilkinson on **Wednesday, April 26, 2006 at 10:00 a.m. in his courtroom, Room B-421**. All counsel for plaintiffs in any of the captioned cases who has named any defendant who has not yet made an appearance must appear in person and describe what attempts have been made to serve the defendant or otherwise prompt an appearance, any informal contacts that have been made with any representative of the defendant, whether the Rule 4(m) period has lapsed or should be extended, and whether entry of default might be appropriate.

**Preservation of Evidence**

Having considered the on-going nature of the repairs to the flood walls involved in this litigation and the need to balance the preservation of evidence with the necessity of not hampering the repair of the levees and flood walls,

4

**IT IS FURTHER ORDERED** that an evidentiary hearing will be conducted before **Magistrate Judge Wilkinson in his courtroom, Room B-421, on Wednesday, April 26, 2006 at 2:00 p.m.** The main purpose of the hearing is to receive the testimony of one or more representatives of the United States Army Corps of Engineers Task Force with knowledge of and/or supervisory responsibility for all procedures and logistics for evidence preservation or disposal currently in place in connection with the ongoing repair and investigation efforts concerning the levees and/or flood walls at issue in these cases. An ancillary purpose of the hearing is to facilitate consideration by the court and all counsel of whether a special evidence preservation order should be entered in these cases.

**IT IS FURTHER ORDERED** that Robin Smith, counsel for the United States, is responsible for designating and producing at the hearing the appropriate witness or witnesses capable of addressing this topic. Counsel for the United States will conduct direct examination of the witness or witnesses at the hearing, followed by cross-examination by one representative of plaintiffs and one representative of defendants, and redirect examination by counsel for the United States.

**IT IS FURTHER ORDERED** that **no later than April 13, 2006,** counsel for plaintiffs and defendants must submit to Magistrate Judge Wilkinson the names of counsel who are willing to conduct this examination, including especially the name of any proposed examiner whom counsel for one side or the other agree should be the designated questioner.

Thereafter, Magistrate Judge Wilkinson will appoint two lawyers, one for plaintiffs and one for defendants, to act as designated examiner for each side.

**IT IS FURTHER ORDERED** that no later than **April 20, 2006,** counsel for the United States must submit a letter to Magistrate Judge Wilkinson, with copies to the two designated cross-examiners, (a) identifying the witness or witnesses who will appear at the hearing, (b) stating whether any written protocol or policy concerning evidence preservation or disposal at the relevant sites already exists, and, if so, (c) providing a copy of any such written protocol or policy to Magistrate Judge Wilkinson and the two designated cross-examiners, who will in turn provide copies to other interested counsel upon request. Questioning of the witness or witnesses will be limited to (a) the topic described above, and (b) 45 minutes per questioner, unless a longer time period is deemed necessary by the court during the hearing.

**Amended Pleading Deadline**

**IT IS FURTHER ORDERED** that any and all amendments to pleadings shall be filed no later than **5:00 p.m. on April 26, 2006.**

**Disclosures**

**IT IS FURTHER ORDERED** that Rule 26(a)(1) disclosures shall be deferred until further order of the Court; however, all defendants shall disclose **no later than April 20, 2006,** any connection they may have relative to the design, construction, or maintenance of the 17th Street, London Avenue or Industrial Canal Levees with specificity and shall include in these disclosure whether any related or subsidiary companies were also involved.

**Appointment of Plaintiffs' and Defendants' Master Committees**

In order to facilitate the motion practice that the Court anticipates, it will appoint preliminarily representatives of the different "groups" of plaintiffs and defendants involved in these matters to comprise a Master Plaintiffs' Committee and a Master Defendants' Committee. These committees may evolve into the Master Committees previously discussed in the March 26 Minute Entry, so that persons applying should be aware that service on these committees may require the payment of certain costs.

**IT IS ORDERED** that any counsel wishing to be appointed shall file an application **no later than April 28, 2006** in which counsel should include an explanation of the scope of the group he or she seeks to represent on these committees. The Court will reach a decision by **May 5, 2006.**

**IT IS FURTHER ORDERED** that these Master Committees shall coordinate the following preliminary motions:

    a)    all Rule 12 Motions that do not require discovery

    b)    all motions to remand or sever

    c)    immunity motions

    d)    preemption motions

    e)    coverage issues that require no discovery

It is expected that one joint motion concerning any particular issue that applies to groups of plaintiffs or defendants shall be filed by the committee and oppositions thereto filed by the opposing committee. While not encouraged, any individual lawyer who finds that he or she must

7

augment such filings is limited to filing a 7 page supplemental brief simultaneously with the relevant committee filing.

**IT IS FURTHER ORDERED** that the schedule for such filings is as follows:

| | |
|---|---|
| June 15, 2006 | Motions must be filed. |
| June 29, 2006 | Responses/Oppositions must be filed. |
| July 5, 2006 | Reply briefs must be filed if needed |
| July 12, 2006 | Motions filed on June 15, 2006 should be noticed for this date at 9:30 a.m. If oral argument is requested and found to be need, the Court may reset a motion at a special setting considering the number of motions and complexity of issues. |

**Service Through E-mail**

At the request of counsel,

**IT IS ORDERED** that counsel shall be allowed to serve counsel pleadings **where possible** by e-mail in lieu of faxing. This order does not expand the ability to file such pleadings with the Court except to the extent so allowed by order of the Clerk of Court's Office.

**Disclosure**

At the very end of the conference, the United States' attorney suggested that the Court should make a "full disclosure" concerning any possible FEMA relief which it and its staff have received. Considering that this Court has made such full disclosures in the context of cases where FEMA is a named defendant, such a request seems redundant. See *McWaters v. Federal*

*Emergency Management Agency*, C.A. No. 05-5488 (Doc. 33 and Doc. 40). Furthermore, its relevancy as concerns this matter seems less than pellucid particularly in light of the fact that this Court and its entire staff receives its entire salary from the United States government and FEMA, to the Court's knowledge, is not a party to any of the consolidated litigation. Accordingly

**IT IS FURTHER ORDERED** in the event that the United States considers this request necessary, a proper motion containing an explanation of the relevance to this litigation shall be filed **no later than April 26, 2006.**

Next Status Conference

**IT IS FURTHER ORDERED** that the next **Mandatory Status Conference** shall be held on **May 12, 2006, at 10:00 a.m.**

JS-10: 1:35