**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | § | NO.: 05-4182 "K"(2) |
| | | § | JUDGE DUVAL |
| | | § | MAG. WILKERSON |
| | | § | |
| | | § | |
| PERTAINS TO: | | § | |
| LEVEE (06-6642) | | § | |
| (PONTCHARTRAIN BAPTIST CHURCH) | | § | |

**C.R. PITTMAN CONSTRUCTION COMPANY INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

MAY IT PLEASE THE COURT:

Defendant, C.R. Pittman Construction Company, Inc. ("C.R. Pittman"), opposes Plaintiffs' Motion to Remand with Incorporated Memorandum ("Motion") for the following reasons:

**INTRODUCTION**

Plaintiffs argue that that this matter (06-6642), which has been consolidated as **In re Katrina Breaches Consolidated Litigation**, is not subject to removal as provided by 28 U.S.C § 1142(a)(1). In particular, Plaintiffs argue in their Motion that the State "saving to suitors maritime claims" and others asserted cannot be removed by a defendant contractor whose alleged contract is with a non-party, namely the United States, any agency thereof, and/or any officer of the United States, and that the defendant contractors do not qualify as a "person acting

under that officer" language in 28 U.S.C § 1142(a)(1).[1]  According to Plaintiffs, since neither the United States, its agencies nor any officer of the United States is not named as a defendant, C.R. Pittman is not immune from civil liability and, therefore, the case is not removable.

## FACTUAL BACKGROUND

This suit arises out of Plaintiffs' claims for damages allegedly resulting from levee breaches and/or failures during Hurricane Katrina at the 17th Street Canal, the London Avenue Canal and the Orleans Avenue Canal.  C.R. Pittman was named as a defendant in a civil suit filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Pontchartrain Baptist Church, et al versus The Sewerage and Water Board of New Orleans, et al*, Case No. 634-946, Division "O" on the docket of that court.[2]  C.R. Pittman consented to the removal of the above action, pending in the 24th Judicial District Court for Jefferson Parish, State of Louisiana under Case No. 635-94, and subsequently filed its *Consent to Removal* with this Court on October 11, 2006.[3]  Plaintiffs' Motion to Remand followed and said Motion was filed with this Court on October 26, 2006.[4]

C.R. Pittman performed work on the 17th Street Canal and the London Avenue Canal. C.R. Pittman was involved in three (3) projects on the two (2) canals involving the failed levees.[5] On the 17th Street Canal project, C.R. Pittman served as a subcontractor to Pierce Foundations, Inc., who was the prime contractor for Contract No. DACW29-99-C-0018 between Pierce Foundations, Inc. and the United States Army Corps of Engineers ("U.S.A.C.E.").[6]  C.R. Pittman was responsible for the installation of floodgates at Sewerage and Water Board Pump Station

---

[1] *See* Motion at 3.
[2] *See* Exhibit A, Plaintiff's State Court Petition.
[3] *See* Rec. Doc. 3.
[4] *See* Rec. Doc. 1526, Motion.
[5] *See* Exhibit B, C.R. Pittman's Disclosure Pursuant to Court's April 11, 2006 Order at 2.
[6] *See* Exhibit C.

No. 6.[7]  This project involved work that was on the east side in the break in the 17th Street Canal floodwall.[8]

For the two (2) projects involving the London Avenue Canal, C.R. Pittman served as the prime contractor.  For the first London Avenue Canal project, C.R. Pittman was responsible for elevating the portion of the Gentilly Boulevard Bridge that traversed the London Avenue Canal,[9] Contract No. DACW29-99-C-0005.[10]  This work was conducted on the east side failure of the floodwall.[11]  The second London Avenue Canal project involved the installation of the floodgates at Sewerage and Water Board Pump Station No. 4,[12] Contract No. DACW29-99-C-0012.[13]  This work was conducted north of the east side failure of the floodwall and south of the west side failure of the floodwall.[14]  The respective contracts for the London Avenue Canal projects were issued by U.S.A.C.E.

## LAW AND ARGUMENT

I. **C.R. PITTMAN'S STATUS AS A FEDERAL GOVERNMENT CONTRACTOR ALLOWS REMOVAL OF THE CASE PURSUANT TO 28 U.S.C. § 1442(a)(1) and 28 U.S.C. §1331.**

C.R. Pittman, as a federal government contractor, is immune from civil liability under the federal government contractor defense, thus making the matter eligible for removal pursuant to 28 U.S.C. § 1442(a)(1).  The pertinent language of 28 U.S.C. § 1442(a)(1) of provides as follows:

---

[7] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 3.
[8] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 3.
[9] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 4.
[10] *See* Exhibit E.
[11] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 4.
[12] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 5.
[13] *See* Exhibit F.
[14] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 5.

**(a) A civil action or criminal prosecution commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:**

**(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.**

Furthermore, C.R. Pittman avers that this Honorable Court has federal question jurisdiction under 28 U.S.C. § 1331 as a result of C.R. Pittman's status as a federal government contractor.  28 U.S.C. § 1331 provides:

**The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.**

By virtue of these respective statutes and C.R. Pittman's federal government contractor defense, federal question jurisdiction exists, thus further supporting C.R. Pittman's removal of Plaintiffs' claims to federal court.[15]

In order to invoke the removal remedies afforded by 28 U.S.C. § 1442(a)(1), C.R. Pittman must satisfy the requirements set forth in *Mesa v. California*, which establishes a three-prong inquiry to determine if removal is warranted under the statute if a "person" seeking removal alleges a federal law defense.[16]  The inquiry requires that the moving "person" acting "under a federal officer" to (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office.[17]  In addition to the requirements set forth in *Mesa*, the determination of the "raising of a colorable defense" should

---

[15] *See Miles v. Sewerage and Water Board of New Orleans*, 2004 WL 1794527, at 2-3 (E.D. La. 2004).

[16] Crocker v. Borden, C.A. 94-1303-1313  (E.D. La. 1994); 852 F. Supp. 1322, 1325 (*citing Mesa v. California*, 489 U.S. 121, 109 S. Ct. 959 (1989).

[17] *Id.*at 1326-27.

be afforded a broad reading so as not to frustrate §1442 underlying rationale.[18]   The party asserting the defense need not prove the asserted defense, only articulate its colorable applicability.[19]

C.R. Pittman satisfies the first and second prongs by demonstrating that at all material times, it acted under the direction and supervision of the U.S.A.C.E., the federal agency which issued the procurement contracts upon which C.R. Pittman's bid proposal and scope of work were performed.  In regards to the "raising a colorable defense" requirement, C.R. Pittman asserts that as a result of its status as a federal government contractor, it shall have the right to assert the same immunities from civil liability as officers and agencies of the United States enjoy.    Further, C.R. Pittman, albeit a corporation, is considered to be a "purely legal person" performing activities amounting to the implementation of federal policy under the direction of a federal officer.[20]

As to the "causal nexus" requirement, C.R. Pittman must show a causal relationship between its actions performed for the U.S.A.C.E. and the subsequent damages claimed by Plaintiffs which allegedly resulted from C.R. Pittman's work for the U.S.A.C.E.[21]   Further, a federal official must have "direct and detailed" control over the defendant.[22]   The federal official's control may be proven by demonstrating strong government intervention and the threat that a defendant will be sued in state court "based upon actions taken pursuant to federal direction".[23]

---

[18] *Winters v. Diamond Shamrock Chemical Co.*, 97-40113149 (5th Cir. 1998); 149 F.3d 387, 398.
[19] *Id*. at 400.
[20] *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 946-47 (E.D.N.Y. 1992).
[21] *Id.* at 945.
[22] *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992)(*citing Ryan*, 781 F. Supp. at 947).
[23] *Id.*(*citing Gulati v. Zuckerman*, 723 F. Supp. 353 (E.D. Pa. 1989)).

In a case similar to the issue at hand, a contractor was required to perform its scope of work according to the plans and specifications of the U.S.A.C.E., which were part of the prime contract,[24] and in which the contractor was well aware of the potential of being sued in state court for any allegations arising from its work.   Likewise, as in *Jemison*, the U.S.A.C.E. monitored C.R. Pittman's performance at all times and required C.R. Pittman to construct the projects in accordance with the applicable and approved specifications incorporated into the procurement contracts upon which C.R. Pittman developed its bid proposal and performed its scope of work.[25]   The U.S.A.C.E. exercised "direct and detailed" control over the construction projects performed and completed by C.R. Pittman.[26]   Therefore, "where 'a person' acting under" federal officers can present a colorable "government contractor defense" or other federal law defense, the case is removable by such a "person" as authorized by 28 U.S.C. § 1442(a)(1).[27] Moreover, as a result of C.R. Pittman's government contractor defense, there is a federal issue at question, thus invoking §1331 and which allows this Honorable Court to have jurisdiction over this matter.

In addition, applying the rationale set forth in James Construction Group's ("James") Opposition to Motion to Remand, C.R. Pittman agrees with James' position that Plaintiffs' suggestion that "until discovery is conducted", it is unclear whether the federal government contractor defense will prevail.[28]   As cited in *Miles* and *Winters*, Defendants asserting the federal government contractor defense do not have to prove the government contractor defense, but

---

[24] *See Jemison v. The Duplex*, 163 F.Supp. 947 (D.C. Ala. 1958).
[25] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 3-5 and Exhibits C, E and F.
[26] *See Ryan*, 781 F.Supp at 947.
[27] *Id*. at 939.
[28] *See* James Construction Group LLC's Opposition to Remand, Rec. Doc. 2354 at 10-11.

rather only need to prove its colorable applicability.[29]   Therefore, there is no need to conduct

discovery to determine the applicability of the defense.   Further, Plaintiffs' argument that C.R.

Pittman and the other similarly situated Defendants cannot assert such a defense when the party

from whom their respective contracts were issued, in this case the U.S.A.C.E., is not named as a

party in the suit, is unfounded.   As James' Opposition to Remand stated, Plaintiffs have not

provided any evidentiary support for this argument.[30]   Moreover, Plaintiffs' position is contrary

to case law in that neither the United States, any agency thereof, and/or any officer of the United

States, is required to be named as a Co-Defendant for the federal government contractor defense

to apply.[31]   The United States is arguably immune.   It is nonsensical to require that an immune

party be named in the lawsuit so that another party, in this case, C.R. Pittman, can claim

immunity.   Immunity means they are immune.

## II.      C.R. PITTMAN QUALIFIES AS A FEDERAL GOVERNMENT CONTRACTOR AND IS IMMUNE FROM CIVIL LIABILITY.

C.R. Pittman qualifies as a federal government contractor for work performed under the

direction and supervision of the U.S.A.C.E., a government agency, to afford it immunity as a

defense contractor for performance of its obligations under a government procurement contract

issued by the U.S.A.C.E.   Specifically, C.R. Pittman contends that as a result of its contractual

performance of the contracts issued by the U.S.A.C.E., and subsequent acceptance of C.R.

Pittman's work by the U.S.A.C.E., C.R. Pittman is afforded the immunity reserved for the United

States and its officers and agencies, who are sued in either an official or individual capacity, to

---

[29] *See Miles v. Sewerage and Water Board of New Orleans*, 2004 WL 1794527, at 2 (E.D. La. 2004) and *Winters v. Diamond Shamrock Chemical Co.*, 97-40113 (5th Cir. 1998); 149 F.3d 387, 398.

[30] *See* James Construction Group LLC's Opposition to Remand, Rec. Doc. 2354 at 10-11.

[31] *See* James Construction Group LLC's Opposition to Remand, Rec. Doc. 2354 at 10.

allow the civil action filed against C.R. Pittman to be removed to the proper district court and division where said suit is pending.[32]

The primary purpose of the government contractor defense is to prevent the subcontractor from being held liable when the government is actually at fault…"[33]   The Supreme Court examined the government contractor defense and recognized that the defense generally immunizes government contractors from civil liability arising out of the performance of federal procurement contracts.[34]   However, this defense is available in limited circumstances, particularly where the government contractor's work was approved by the government after full consideration by the appropriate government agency.[35]

In this instance, C.R. Pittman's scope of work was performed pursuant to the specifications of the three (3) procurement contracts issued by the U.S.A.C.E.  Furthermore, C.R. Pittman's scope of work for the respective projects was authorized and directed by the U.S.A.C.E.  As a result, there should be no liability on C.R. Pittman's part for "following the directive and executing the will" of the government as required and authorized by the procurement contract issued by U.S.A.C.E.[36]  As such, C.R. Pittman qualifies for immunity as a federal government defense contractor, and is afforded the protections reserved for officers and agencies of the United States, therefore allowing the pending suit against C.R. Pittman to be removed to federal court pursuant to 28 U.S.C. § 1442(a)(1).[37]  There is no question that the U.S.A.C.E. administered the plans and specifications for the projects performed by C.R. Pittman.

---

[32] *See* U.S.C. 28 § 1442(a)(1).

[33] *Bardwell v. George Sharp, Inc.*, 1995 WL 386894 (E.D. La 1995)(*citing Mitchell v. Lone Star Ammunition Inc.*, 913 F.2d 242 (5th Cir. 1990)).

[34] *Boyle v. United Technologies Corp.*, 108 S.Ct  2510,  2515 (1988).

[35] *Id.*

[36] *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18 (1940).

[37] *See* Exhibit D, Affidavit of Charles R. Pittman, ¶ 3-5 and Exhibits C, E and F.

C.R. Pittman asserts by the attached affidavit that its scope of work was performed per plans and specifications and subsequently accepted by the U.S.A.C.E.

**III.    28 U.S.C. § 1367 APPLIES AS C.R. PITTMAN IS SIMILARLY SITUATED TO THE OTHER NAMED DEFENDANTS ASSERTING THE FEDERAL GOVERNMENT CONTRACTOR DEFENSE.**

As removal is proper under 28 U.S.C. § 1442(a)(1), this Honorable Court also has supplemental jurisdiction over this matter as outlined in 28 U.S.C. § 1367.  28 U.S.C. § 1367(a) provides:

> **"…[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."**

Therefore, once this Honorable Court determines that removal is proper under 28 U.S.C. § 1442(a)(1) for any of the similarly situated Defendants who are asserting the federal government contractor defense, the Court would be vested with supplemental jurisdiction over the matter due to the claims being "so related that they form part of the same case or controversy."[38]

## CONCLUSION

By virtue of C.R. Pittman's status as a federal government contractor working under the color of the U.S.A.C.E., a government agency, and by satisfying the factors enumerated in *Mesa*, Plaintiffs' civil action naming C.R. Pittman as a defendant may be removed pursuant to 28 U.S.C. § 1442(a)(1).  Also, since this Honorable Court retains jurisdiction over this matter under 28 U.S.C. § 1331 and §1367(a), jurisdiction is properly vested with this Honorable Court.

---

[38] C.R. Pittman adopts James' argument that the "savings to suitors clause" does not preclude removal and that the government contractor defense creates a substantial federal issue which serves as an independent basis for removal as well as federal jurisdiction.  As such, Plaintiffs' admiralty and maritime claims do not trump the existence of a valid and recognized basis to vest jurisdiction with this Court to defeat removal.  *See* Exhibit I, James Construction Group LLC's Opposition to Remand, Rec. Doc. 2354 at 7, 11.

Respectfully submitted:

*s/ Gerald A. Melchiode*
GERALD A. MELCHIODE, T.A.  (#22525)
Email: jmelchiode@gjtbs.com
JASON J. MARKEY (#29722)
Email:  jmarkey@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
**Counsel for C.R. Pittman Construction
Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___2nd___ day of _____January_____, 2007  a  copy

of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

s/  *Gerald A. Melchiode*
Gerald A. Melchiode, T.A. (#22525)
Email: jmelchiode@gjtbs.com
Jason J. Markey. (#29722)
Email:  jmarkey@gjtbs.com
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
**Counsel for C.R. Pittman Construction
Company, Inc.**

10