24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 634-976                                    DIVISION:

PONTCHARTRAIN BAPTIST CHURCH, ARTHUR C. SARGENT, LUCY T. SARGENT,
PAMELA YOUNG SMALLPAGE, RICHARD MAITLAND SMALLPAGE JR.,
MR. & MRS. H.J. BOSWORTH, ROTHFOS CORPORATION AND INTERAMERICAN
COFFEE, INC., AND NOBLE AMERICAS CORPORATION

VERSUS

THE SEWERAGE AND WATER BOARD OF NEW ORLEANS, THE CITY OF NEW
ORLEANS, THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT,
MODJESKI AND MASTERS INC., BOH BROS. CONSTRUCTION COMPANY LLC, GULF
GROUP INC., C.R. PITTMAN CONSTRUCTION COMPANY INC., AND JAMES
CONSTRUCTION GROUP LLC.

FILED: _____

                                    DEPUTY CLERK

**PETITION FOR INVERSE CONDEMNATION, ABSOLUTE AND GENERAL
LIABILITY AND DAMAGES; GENERAL MARITIME LIABILITY AND DAMAGES**

**PLAINTIFFS**

1.

NOW INTO COURT, through undersigned counsel, come plaintiffs:

a. Pontchartrain Baptist Church, 600 Old Hammond Highway, New Orleans, Louisiana 70124, Pastor Jerry Smith,
b. Arthur C. & Lucy T. Sargent, 5540 Belaire Drive, New Orleans, Louisiana 70124,
c. Pamela Young Smallpage and Richard Maitland Smallpage, Jr., 809 Ridgewood Drive, Metairie, Louisiana 70001,
d. Mr. & Mrs. H.J. Bosworth, 5752 Bellaire Drive, New Orleans, LA 70124,
e. Rothfos Corporation, 10 Bank Street, White Plains, NY 10606,
f. InterAmerican Coffee, Inc., 7600 W. Tidwell, Suite 800, Houston, TX 77040,
g. Noble Americas Corporation, Stamford Harbor Park, 333 Ludlow St., Suite 1230, Stamford, CT 06902.

Plaintiffs a-d are persons of full age of majority, and entities who are owners of property

domiciled in the parishes of Jefferson and Orleans, State of Louisiana. Plaintiffs Rothfos

Corporation, InterAmerican Coffee, Inc., and Noble Americas Corporation are foreign

Corporations doing business in and owners of property in the Parish of Orleans, who bring this

action on behalf of themselves and their successors and assigns. All Plaintiffs also bring this

action under the "saving to suitors" clause of 28 USCA § 1333(1) and under the Extension of

Admiralty Jurisdiction Act, 46 USC App § 740.

**EXHIBIT**

"A"

## DEFENDANTS

### 2.

Made Defendants herein are the following:

a. The Sewerage and Water Board of New Orleans (hereinafter "S&WB"), a political subdivision, organized and existing in accordance with La. R.S. 33:4071 et seq., with its domicile in the City of New Orleans, which acts in a proprietary function and is not an "arm of the state of Louisiana".

b. The Board of Commissioners for the Orleans Levee District (hereinafter "Orleans Levee District"), a political subdivision, organized and existing in accordance with La. R.S. 38:291 et seq., with its domicile in the City of New Orleans, which acts in a proprietary function and is not an "arm of the state of Louisiana",

c. The City of New Orleans, a political subdivision and municipality, organized under a local home rule charter pursuant to La. Const. Art. VI, §§ 2 & 5, with its domicile in the State of Louisiana, which acts in a proprietary function through its employees, officers and agents and also acts similar to a corporation to provide services to businesses and individuals and is not an "arm of the state of Louisiana",

d. Modjeski and Masters, Inc., (Engineers) foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

e. Boh Bros. Construction Company LLC, a limited liability company organized and existing under the laws of the State of Louisiana with its domicile in Orleans Parish, Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

f. Gulf Group Inc., a foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

g. C.R. Pittman Construction Company Inc., a corporation organized and existing under the laws of the State of Louisiana with its domicile in Orleans Parish, Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

h. Miller Excavating Services, Inc., a Louisiana corporation with its domicile in the Parish of St. Charles and at all pertinent times doing business in Orleans and Jefferson Parishes.

i. James Construction Group, LLC, a Limited Liability Company, f/k/a Iafrate Construction, LLC, a foreign corporation, authorized to do business in Louisiana, and at all pertinent times doing business in Orleans and Jefferson Parishes.

## JURISDICTION AND VENUE

3.

Venue is proper in Jefferson Parish pursuant to La. R.S. 13:5104, La. C.C.P. 74, and La. C.C.P. 42. Jurisdiction is also asserted in Admiralty under the "savings and suitors" clause in 28 USCA § 1333(1) and under the Extension or Admiralty Jurisdiction Act, 46 USC App 5740.

## FACTS

4.

### Louisiana Constitution of 1974: Preamble

*We, the people of Louisiana, grateful to Almighty God for the civil, political, economic, and religious liberties we enjoy, and desiring to protect individual rights to life, liberty, and property; afford opportunity for the fullest development of the individual; assure equality of rights; promote the health, safety, education, and welfare of the people; maintain a representative and orderly government; ensure domestic tranquility; provide for the common defense; and secure the blessings of freedom and justice to ourselves and our posterity, do ordain and establish this constitution.*

5.

### Louisiana Constitution of 1974: Article 1 § 2, Due Process of Law

*No person shall be deprived of his life, liberty or property, except by due process of law.*

6.

### Louisiana Constitution of 1974: Article 1 § 4(B), Right to Property

*Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss.*

3

## The Canals

7.

The 17th Street Canal, Orleans Avenue Canal and London Avenue Canal (hereinafter referred to as "the Canals") are navigable waters of the United States and major outfall canals in Jefferson and Orleans Parish, draining into Lake Pontchartrain.

8.

The 17th Street Canal and the works connected thereto (including Pumping Station No. 6) (collectively referred to hereinafter as the 17th Street Canal) lie almost entirely within Jefferson Parish.

9.

The 17th Street Canal drains 8,100 acres of urbanized land in Orleans Parish and 2,450 acres of similar area in Jefferson Parish.



17th Street Canal

10.

The Orleans Avenue Canal and the works connected thereto (collectively referred to hereinafter as Orleans Avenue Canal) lie entirely within Orleans Parish.

11.

Fax

12.

The S&WB may acquire servitudes and/or full ownership of land in the name of the City of New Orleans, for the use and benefit of the S&WB, pursuant to La. R.S. 33:4071, et seq., and in such capacity became the owner and proprietor of the Canals.

13.

The S&WB owns, constructs, controls, maintains and operates the Canals pursuant to La. R.S. 33:4071, et seq. The S&WB may levy taxes and incur debt and work with municipalities, parishes, and others.

14.

The S&WB may open, deepen and enlarge banks, drains and outfalls of canals as deemed necessary and perform work to make drainage effective.

15.

The S&WB and City of New Orleans have the care, custody, control and *garde* of the Canals.

16.

The Orleans Levee District owns land and has servitudes and easements on land adjacent to the Canals.

17.

The S&WB, City of New Orleans and Orleans Levee District, are the combined owners of the Canals and immediately adjacent land.

18.

The S&WB, City of New Orleans and Orleans Levee District control the acts and works in and adjacent to the Canals all of which activities are substantially related to traditional maritime activities, including, without limitation, continuous, repeated and ongoing dredging, bank expansion and diminution construction and overlapping maintenance and construction operations all of which defendants knew or should have known would cause loss and property damage to plaintiffs.

### Dredging Activities

19.

As a result of the rainfalls of May 3, 1978 and April 13, 1980, the S&WB sought to improve drainage through the Canals and increase pumping capacity to accelerate drainage.

20.

To that end, the S&WB sought to upgrade pumping station No. 6 on the 17th Street Canal to increase pumping capacity to 10,000 cubic feet per second from 6,650 cubic feet per second and had actual and constructive knowledge of the danger and loss and damage from such activities.

21.

The S&WB subsequently authorized agents and employees to utilize vessels and appurtenances to dredge the 17th Street and other Canals to reshape it and its banks for hydraulic improvement and accommodate accelerated drainage.

22.

Upon information and belief, similar acts and works and use or vessels and appurtenances were conducted on the London Avenue and Orleans Avenue Canals.

23.

Upon information and belief, Modjeski and Masters, Inc. and other agents of the S&WB, City of New Orleans and Orleans Levee District conducted engineering, dredging, pump improvements, and other drainage improvement acts and works on the Canals and bridges continuously and repeatedly from 1980 to the present.

24.

From at least 1980 onward, the S&WB, City of New Orleans and Orleans Levee District their members, employees and agents were fully aware of the danger that dredging, widening and deepening the Canals and work on bridges would increase the instability of the canal and bank soils and each had the power to withhold such activities knowing that going forward could and did result in inundation and loss and damage to property.

25.

From at least 1981, the S&WB, City of New Orleans, Orleans Levee District, their employees and agents also had knowledge that increasing the pumping capacity of the pumping stations on the Canals would increase pressure on the unstable soils in the Canals giving use to dangerous canal failures.

26.

Despite knowledge of dangerous canal soil conditions in the canals and below the levees and the dangers associated with increasing volumes of water pumped and channeled through the

6

canals and under bridges, Modjeski and Masters, Inc. (Engineers) and other defendants and agents of the S&WB, City of New Orleans and Orleans Levee District repeatedly and continuously dredged, pumped increasing volumes of water, uninstalled and installed sheet pilings, and conducted other acts and works on the Canals and bridges from 1981 through 2005 with the use of vessels and thus appurtenances.

27.

Upon information and belief, Modjeski and Masters, Inc. (Engineers) and other construction company defendants and agents of the S&WB, City of New Orleans and Orleans Levee District failed to exercise the degree of professional care and diligence that should reasonably have been expected dredging the Canals and bridges, and their work failed to account for the weakening of the soil in the Canals.

28.

These and other acts and works exposed known layers of unstable peat and soft clays to dangerous pressure from water in the Canals, left the canal too deep to prevent seepage, removed layers of clay that sealed the canal bottom, and created a lopsided canal shape that increased seepage through the weak soils.

29.

Additionally, the soil within and land adjacent to the Canals subsided significantly, reducing the amount of support that the land provided against water pressure.

30.

Upon information and belief, the S&WB, City of New Orleans and Orleans Levee District and their agents, employees and members allowed, without warning, wanton and willful acts that were negligent, reckless, and grossly negligent in the dredging, pump improvements, vessel activities and other drainage improvement acts and works, including, but not limited to, appropriation and acquisition of property to properly protect the Plaintiffs and others from Canal failures and, failed to exercise reasonable care in accounting for the dangers associated with soil conditions in the Canals and ensuring that their acts and works were adequate to prevent soil degradation and erosion.

7

failures and, failed to exercise reasonable care in accounting for the dangers associated with soil conditions in the Canals and ensuring that their acts and works were adequate to prevent soil degradation and erosion.

### Bridge Demolition, Construction and Pile Driving Activities

31.

The Orleans Levee District was a local sponsor of the demolition and reconstruction of the New Hammond Highway bridge over the 17th Street Canal, the Robert E. Lee Boulevard Bridge over Orleans Canal, and the Leon C. Simon Boulevard, Filmore Avenue, Mirabeau and Gentilly Boulevard Bridges over the London Avenue Canal, which were widened, expanded and flood-proofed over at least a period of 5 years from 2000 to 2005.



Hammond Highway Bridge

32.

The S&WB, City of New Orleans and Orleans Levee District knowingly authorized and permitted acts and works with vessels on the bridges spanning the Canals. These projects included demolition, removal of existing bridge supports and pilings, pile driving, installation of new canal pilings, use of heavy equipment, vibration monitoring, soil core sampling, dredging and drainage improvements.

33.

Upon information and belief, Gulf Group, Inc. conducted acts and works on the Hammond Highway Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

34.

Upon information and belief, Boh Bros. Construction Company LLC conducted acts and works on the Robert E. Lee Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

8

35.

Upon information and belief, Miller Excavating Services, Inc. conducted acts and works on the Leon C. Simon Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

36.

Upon information and belief, James Construction Group, LLC conducted acts and works on the Filmore Avenue and Mirabeau Bridges with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

37.

Upon information and belief, C.R. Pittman Construction Company, Inc. conducted acts and works on the Gentilly Boulevard Bridge with the authorization and approval of the S&WB, City of New Orleans and Orleans Levee District similar to those in article 32.

38.

Upon information and belief, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction Company, Inc. were negligent and reckless in the demolition of the old bridges and construction of the new bridges, failed to exercise reasonable care in accounting for the dangers associated with soil conditions in the canals and ensuring that construction was adequate to prevent soil degradation and erosion.

39.

Upon information and belief, heavy construction and pile driving activities in the Canals and adjacent areas to the bridges created serious vibrations, allegedly damaging neighboring homes and businesses.

40.

Upon information and belief, acts and works on the bridges lead to further soil component degradation in the canals, decreasing the load bearing capacity of the soil and increasing erosion and subsidence within the Canals.

41.

The S&WB, City of New Orleans, Orleans Levee District, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction

Company, Inc. took no or insufficient action to ascertain or prevent the negative impacts of any of these acts and works on the stability of the soil in the canals and on the plaintiffs' property.

42.

The S&WB, City of New Orleans, Orleans Levee District, Gulf Group, Inc., Miller Excavating Services, Inc., James Construction Group, LLC, and C.R. Pittman Construction Company, Inc. failed to take proper precautions to ensure safety and reduce or mitigate the instability of the soils in the Canals.

## Knowledge and Failure to Act or Warn

43.

Based on information and belief, in November or December 2004, residents of Bellaire Drive complained of water seeping into their yards, creating sand boils and flooding their property.

44.

In December 2004 and February 2005, the S&WB responded to complaints in the Bellaire Drive area, but found no water line or sewerage break.

45.

Based on information and belief, an investigator from the S&WB environmental section tested the water in February 2005 and concluded that it was coming from the 17th Street Canal through the soils in the canal banks, beneath the levees.

46.

Although the leaking continued over the next nine months, no further action or duty to investigate was taken to prevent the water from leaking through the soils within the 17th Street Canal into neighboring yards and creating sand boils.

47.

Despite the complaints of the Bellaire and area residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did nothing to ascertain or prevent damage to their neighbors' property.

48.

Despite the complaints of the Bellaire residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did not properly repair and maintain the 17th Street Canal.

09/06/06   WED 14:13   [TX/RX NO 5474]

49.

Despite the complaints of the Bellaire residents and the results of the environmental section tests, the S&WB, City of New Orleans and Orleans Levee District did not warn the public, other agencies or their neighbors of the danger of 17th Street Canal and other canal water seeping through the unstable soils.

50.

By exposing the weak organic soils to the 17th Street Canal water, the S&WB, City of New Orleans and Orleans Levee District allowed saturation, decomposition and settlement to create a maze of small cavities and channels for water to flow through, even further eroding the soil and creating larger openings that ran hundreds of yards through the soil.

51.

Upon information and belief, similar seepage was took place in the Orleans and London Avenue Canals.

### Catastrophic Failure

52.

On August 29th, 2005, Hurricane Katrina impacted Orleans and Jefferson Parishes with wind and rain.

53.

Water pressure on the unstable canal soils resulted in a subterranean flow of water through weak peat and clay soil strata causing a catastrophic failure of the walls and banks of the 17th Street and London Avenue Canals and the levees.



Soil Failure Study

54.

As a result, the 17th Street and London Avenue Canal banks and levees failed and a large volume of water escaped these canals and inundated the plaintiffs' property with minimal impediments to slow velocity or disburse its volume.

11

55.

The plaintiffs' property was severely damaged as a result of water inundation from the 17th Street and London Avenue Canals, rendering their immovable and movable property useless for habitation purposes and diminishing each in value.

## CAUSES OF ACTION

### Inverse Condemnation

56.

In support of its cause of action for Inverse Condemnation, plaintiffs reallege and reaver paragraphs 1-55.

57.

The plaintiffs allege that tho their private immovable and movable property has been functionally damaged and taken without just compensation by the S&WB, City of New Orleans, and Orleans Levee District in violation of the Constitution of the State of Louisiana of 1974 Article 1 § 4.

58.

As a result, plaintiffs' property is uninhabitable, unusable, unattractive for sale, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, enjoy, protect, and dispose of their immovable and movable property.

59.

The result of the defendants' acts and works and failure to investigate and warn on the Canals has resulted in the equivalent of a confiscation of the plaintiffs' right to pass on property and the abrogation of all property rights.

### Absolute Liability Under La. Civil Code Article 667

60.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

61.

S&WB, City of New Orleans and Orleans Levee District, by virtue of Article 667 of the Louisiana Civil Code, are absolutely liable for damage to the plaintiffs' property caused by ultrahazardous activities conducted on the defendants' property.

12

62.

Upon information and belief, pile driving activities conducted on vessels and adjacent to and along the canals for bridge and levee improvements lead to soil component degradation and instability, decreasing the load bearing capacity of the soil and increasing erosion, causing the damage to the plaintiffs' property.

63.

As a result, plaintiffs' property is uninhabitable, unusable, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, habitation, enjoy, protect, and dispose of their immovable and movable property.

64.

As owners of the 17th Street Canal and London Avenue Canal, the S&WB, City of New Orleans and Orleans Levee District had a nondelegable duty to refrain from ultrahazardous acts and works that would interfere with or damage the plaintiffs' property rights.

## General Liability Under La. Civil Code Article 667

65.

In support of its cause of action, plaintiffs reallege and reaver paragraphs 1-55.

66.

S&WB, City of New Orleans and Orleans Levee District, by virtue of Article 667 of the Louisiana Civil Code, are liable to the plaintiffs for damaging the plaintiffs' property. The S&WB, City of New Orleans and Orleans Levee District abused their rights as property owners by conducting acts and works on the canals despite actual and constructive knowledge that those acts and works could and in all likelihood would cause damage to their neighbors' properties and failing to exercise reasonable care to prevent that damage.

67.

The S&WB, City of New Orleans and Orleans Levee District had knowledge that the soils in the canals were dangerously unstable, and that acts and works such as dredging, increasing pumping capacity, pile driving, construction, and other erosive activities would cause soil degradation and reduced load capacity in the canals.

68.

The S&WB, City of New Orleans and Orleans Levee District failed to ascertain or take reasonable care to prevent damage to the plaintiffs' property as a result of these vessel dredging, pumping, pile driving, construction and other erosive acts and works.

69.

As a direct and proximate result of S&WB, City of New Orleans and Orleans Levee District' acts and works on their property, petitioners have suffered substantial and irreversible loss and damage to their immovable and movable property due to the wanton, reckless acts and omissions of defendants and their members, employees and agents.

70.

As owners of the 17th Street Canal and London Avenue Canal, the S&WB, City of New Orleans and Orleans Levee District had a nondelegable duty to refrain from acts and works that would interfere with or damage the plaintiffs' property rights and failed to do so.

71.

As a result of the S&WB, City of New Orleans and Orleans Levee District's negligence, recklessness, gross negligence, and willful misconduct, plaintiffs' property is uninhabitable, unusable, and diminished in value, and plaintiffs have been deprived of their rights to control, access, use, enjoy, protect, and dispose of their immovable and movable property.

**Liability Under the General Maritime Law and/or La. Civil Code Articles 2315 and 2317**

72.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

73.

Defendants are liable to the plaintiffs for damaging the plaintiffs' property because they knew or should have known that the works and acts conducted on the canals could and in all likelihood would cause such damage, and failed to exercise reasonable care to prevent that damage.

74.

Defendants are liable to the plaintiffs for damage to the plaintiffs' property caused by the ruin, vice or defect of the canals and the works connected thereto over which they had *garde*, custody and control.

14

75.

The defendants had a duty to repair the defective condition of the canals and works connected thereto, failed to do so, and their failure to do so caused the continuing and increasing damages suffered by the plaintiffs.

76.

In addition, the defendants had a duty to investigate and to warn plaintiffs of the dangerous condition of the Canals, but negligently and recklessly failed to take any measures to warn plaintiffs of the danger to their property.

77.

As a result of defendants' District's negligence, recklessness, gross negligence, and willful misconduct, plaintiffs suffered and continue to suffer ongoing and increasing damage to their immovable and movable property.

## Liability Under La. Civil Code Article 655

78.

In support of this cause of action, plaintiffs reallege and reaver paragraphs 1-55.

79.

S&WB, City of New Orleans and Orleans Levee District are liable to plaintiffs, under Article 655 of the Louisiana Civil Code, for causing waters to flow onto their estates by an act of man.

## DAMAGES

80.

As a proximate cause and result of the defendants' acts and works, the plaintiffs have suffered and will continue to suffer the following injuries:

- Functional expropriation of their property
- Loss of rights to control, access, use, enjoy, protect, and dispose of their property
- Physical damages to their property
- Substantial diminution in value of their property
- Costs associated with reparation, cleanup and restoration of their property
- Costs of replacement and relocation
- Diminution of value of their property due to "flood stigma"

15

- Loss of property ownership's moral justification – it's service to the pursuit of happiness and security.

- Elimination of the rights of use, enjoyment and disposal.

81.

Therefore, the plaintiffs request that the court find in their favor that the defendants are jointly and solidarily liable for the loss and damages asserted and grant them just compensation to the full extent of their losses as well as any additional damages or relief this Court deems equitable, just and proper, including attorneys' fees, expert witness fees, legal interest, cost and litigation expenses under La. R.S. 13:5111.

82.

Plaintiffs request trial by jury on all issues against all defendants as applicable.

Respectfully submitted,

WILLIAM E. O'NEIL (LA# 10213)
SUSAN M. VANCE (LA#18825)
SHAWN M. ROUSSEL (LA#30039)
OF
THE O'NEIL-VANCE GROUP, L.L.C.
701 N CAUSEWAY BLVD
METAIRIE, LA 70001

AND

DON M. RICHARD (LA#11226)
ATTORNEY AT LAW
701 N CAUSEWAY BLVD
METAIRIE, LA 70001

PLEASE SERVE:

THE SEWERAGE AND WATER BOARD OF NEW ORLEANS
Through its Executive Director:
Marcia St. Martin
625 Saint Joseph Street, Room 237
New Orleans, LA 70165

THE CITY OF NEW ORLEANS
Through the City Attorney:
Penya Mose-Fields
1300 Perdido, Room 5E03
New Orleans, LA 70114

THE BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT
Through its Board President:
Michael P. McCrossen
#2 Finch Street
New Orleans, Louisiana 70124

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

16

C. R. PITTMAN CONSTRUCTION COMPANY, INC.
Through its Registered Agent:
Lolita A. Pittman
1747 Oriole Street
New Orleans, LA 70122

MODJESKI AND MASTERS, INC.
Through its Registered Agent:
William B. Conway
1055 St. Charles Avenue
New Orleans, LA 70130

BOH BROS. CONSTRUCTION CO., L.L.C.
Through its Registered Agent:
Michael G. Cullen
12203 Airline Highway
Baton Rouge, LA 70118

MILLER EXCAVATING SERVICE, INC.
Through its Registered Agent:
Annie Mae Miller
421 Almedia Rd.
St. Rose, LA 70087

JAMES CONSTRUCTION GROUP, L.L.C.
Through its Registered Agent:
Jill Waren
11200 Industriplex Blvd., Suite 150
Baton Rouge, LA 70809

GULF GROUP, INC.
7402 Highway 2302
Southport, FL 32409

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, et al. | * | CIVIL ACTION |
| | * | |
| versus | * | No. 05-4182 |
| | * | |
| BOH BROS CONSTRUCTION CO., | * | SECTION "K(2)" |
| L.L.C., et al. | * | CONS. KATRINA CANAL |

THIS DOCUMENT ALSO RELATES TO:        05-5237
                                      05-6073
                                      05-6314
                                      05-6324
                                      06-0886

**DISCLOSURE PURSUANT TO COURT'S APRIL 11, 2006 ORDER**

Now into court, through undersigned counsel comes C. R. Pittman Construction Company, Inc. ("C.R. Pittman") for the purpose of complying with the Court's pre-Rule 26 disclosure requirements. C.R. Pittman has not been served in any of these or related lawsuits.

Without waiving service, C.R. Pittman submits this disclosure and supporting documentation responsive to the Court's request in an effort to clarify what projects C.R. Pittman actually worked on. Attached exhibits include:

Exhibit    A:    Affidavit of Charles Pittman, President of
                 C.R. Pittman Construction Company, Inc.

           B:    Contract between Pierce Foundations, Inc.,
                 and the United States Army Corps of
                 Engineers ("USACE") (No. DACW29-99-
                 C-0018) for work performed at the 17th
                 Street Canal.

           C:    Contract between C.R. Pittman Construction
                 Company, Inc., and the USACE (No.

EXHIBIT

"B"

DACW29-99-C-0005) for work performed
at the London Avenue Canal. This work
involved work on the Gentilly
Boulevard bridge.

D:     Release of Claims signifying the completion
       of Contract No. DACW29-99-C-0005,
       signed by Michael Pittman, Vice President,
       C.R. Pittman Construction Company, Inc.

E:     Contract between C.R. Pittman Construction
       Company, Inc., and the USACE (No.
       DACW29-99-C-0012) for work performed
       installing Frontal Protection at Pumping
       Station No. 4 at the London Avenue Canal.

F:     Release of Claims signifying the completion
       of Contract No. DACW29-99-C-0012,
       signed by Charles Pittman, President, C.R.
       Pittman Construction Company, Inc.

## THE PROJECTS

C. R. Pittman was only involved in three projects on two canals that involve the
failed levees. These projects are identified by canal and described below:

### 17th Street Canal

- Installation of Floodgates at Pumping Station No. 6

C. R. Pittman's involvement in this project was as a subcontractor to Pierce
Foundations, Inc., who was the prime contractor for Contract No. DACW29-99-C-0018.
(*See* Exhibit B). C.R. Pittman's work on this project involved installation of floodgates
at Sewerage and Water Board Pump Station No. 6. (*See* Exhibit A, ¶ 3). This project
involved work that was approximately three miles south of the east side break in the 17th
Street Canal floodwall. (*See* Exhibit A, ¶ 3).

**London Avenue Canal**

- Work on the Gentilly Boulevard bridge

C.R. Pittman was the prime contractor on Contract No. DACW29-99-C-0005. (*See* Exhibit C). This work involved the Gentilly Boulevard bridge. Prior to completion of this work, high levels of water from the London Avenue Canal used to flood the Gentilly Boulevard bridge rendering transportation impossible. The contract called for C. R. Pittman to elevate the part of the bridge that traversed the canal. This work was conducted approximately two miles south of the east side failure of the floodwall. (*See* Exhibit A, ¶ 4). This contract was completed and a corresponding Release of Claims, signed in 2001 by a representative of C.R. Pittman, is attached as Exhibit D.

- Installation of Floodgates at Pumping Station No. 4

The third and final project conducted by C.R. Pittman was the installation of floodgates at Sewerage and Water Board Pump Station No. 4 at the London Avenue Canal. (*See* Exhibit A, ¶ 5). For this project, C.R. Pittman was the prime contractor for Contract No. DACW29-99-C-0012. (*See* Exhibit E). This work was conducted approximately three quarters of a mile north of the east side failure of the floodwall and approximately three quarters of a mile south of the west side failure of the floodwall. (*See* Exhibit A, ¶ 5). This contract was completed and a corresponding Release of Claims, signed in 2005 by a representative of C.R. Pittman, is attached as Exhibit F.

3

The above represents the entirety of the work performed by C.R. Pittman Construction Company, Inc., on the levee system.  C. R. Pittman did not perform any work on the Industrial Canal or the Mississippi River Gulf Outlet.

Respectfully submitted,

GERALD A. MELCHIODE (#22525)
J. MARSTON FOWLER (#29719)
GALLOWAY, JOHNSON, TOMPKINS,
       BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:    (504) 525-6802
Facsimile:    (504) 525-2456
Email:        gmelchiode@gjtbs.com
              mfowler@gjtbs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record via email or United States mail, properly addressed and postage prepaid, this 20th day of April, 2006.

J. Marston Fowler

4

| NAME AND ADDRESS OF OFFEROR (include ZIP Code) | 15. TELEPHONE NO. (include area code) |
| --- | --- |
| Pierce Foundations, Inc.<br>1940 Harrow Road<br>New Orleans, Louisiana 70127 | 504-245-8516 |
|  | 16. REMITTANCE ADDRESS (include only if different than item 14) |
| CAGE CODE   1GNX5    DUNS Number: 092101237 |  |
| CODE    FACILITY CODE |  |

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within 30 calendar days after the date offers are due. (Insert any number equal to or greater than the minimum requirement stated in item 13D. Failure to insert any number means the offeror accepts the minimum in item 13D.)

AMOUNTS ▸ $ 8,795,287.00

*Eight million seven hundred ninety-five thousand two hundred eighty-seven dollars and no cents*

18. The offeror agrees to furnish any required performance and payment bonds.

**19. ACKNOWLEDGMENT OF AMENDMENTS**
(The offeror acknowledges receipt of amendments to the solicitation – give number and date of each)

| AMENDMENT NO. | 0001 | 0002 | 0003 | 0004 | 0005 | 0006 |  |  |  |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| DATE | 9/3/98 | 9/30/98 | 10/2/98 | 10/13/98 | 10/26/98 | 11/2/98 |  |  |  |

| 20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print) | 20B. SIGNATURE | 20C. OFFER DATE |
| --- | --- | --- |
| Roy T. Pierce, President |  | 11/16/98 |

**AWARD (To be completed by Government)**

21. ITEMS ACCEPTED:

Contract No. DACW29-99-C-0018                    Bidding Schedule Items 0001 through 0029
Lake Pontchartrain, LA and Vicinity, Hurricane Protection, High Level Plan, Fronting Protection at Pump Station #6,
Orleans Parish – Jefferson Parish, 17th Street Outfall Canal (Metairie Relief)

| 22. AMOUNT | 23. ACCOUNTING AND APPROPRIATION DATA |  |
| --- | --- | --- |
| $8,795,287.00 | 96X3122 | 002B04 |

| 24. SUBMIT INVOICES TO ADDRESS SHOWN IN<br>(4 copies unless otherwise specified) | ITEM | 25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO |
| --- | --- | --- |
|  | 26 | ☐ 10 U.S.C. 2304(c)(   )        ☐ 41 U.S.C. 253(c)(   ) |

| 26. ADMINISTERED BY          CODE | 27. PAYMENT WILL BE MADE BY |
| --- | --- |
| NEW ORLEANS AREA OFFICE<br>U. S. ARMY CORPS OF ENGINEERS<br>P O BOX 60267<br>NEW ORLEANS LA  70160-0267 | USAED NEW ORLEANS<br>C/O USACE FINANCE CENTER<br>7800 THIRD AVENUE<br>MILLINGTON TN  38054-5005 |

**CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE**

| ☐ 28. NEGOTIATED AGREEMENT   (Contractor is required to sign this document and return _____ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all work, requisitions identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract. | ☐ 29. AWARD   (Contractor is not required to sign this document.) Your offer on this solicitation, is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary. |
| --- | --- |
| 30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN (Type or print) | 31A. NAME OF CONTRACTING OFFICER (Type or print)<br>Loretta E. Castay |
| 30B. SIGNATURE          30C. DATE | 31B. UNITED STATES OF AMERICA          31C. AWARD DATE<br>BY          12 Jan 99 |

**EXHIBIT "C"**

STANDARD FORM 1442 BACK  (REV. 4-85)

| SOLICITATION, OFFER, AND AWARD (Construction, Alteration, or Repair) | 1. SOLICITATION NO. DACW29-98-B-0112 | 2. TYPE OF SOLICITATION [X] SEALED BID (IFB) [ ] NEGOTIATED (RFP) | 3. DATE ISSUED 09/03/98 | PAGE OF PAGES |
|---|---|---|---|---|

IMPORTANT – The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. DACW29-99-C-0018 | 5. REQUISITION/PURCHASE REQUEST NO. E00000-8219-0007 | | 6. PROJECT NO. DACW29-98-B-0112 |
|---|---|---|---|

| 7. ISSUED BY | CODE | ISSUE1 | 8. ADDRESS OFFER TO | OFFER1 |
|---|---|---|---|---|

US ARMY ENGR DIST  NEW ORLEANS
PO BOX 60267
NEW ORLEANS LA 70160-0267

US ARMY ENGR DIST  NEW ORLEANS
ATTN CELMN-CT
PO BOX 60267
NEW ORLEANS  LA  70160-0267

| 9. FOR INFORMATION CALL: | A. NAME Sheila H. Enclade | SC1 | B. TELEPHONE NO. (include area code)  (NO COLLECT CALLS) (504) 862-1514 |
|---|---|---|---|

## SOLICITATION

NOTE: In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS (Title, identifying no., date):

11. The Contractor shall begin performance within ___10___ calendar days and complete it within ___700___ calendar days after receiving

[ ] award,  [X] notice to proceed. This performance period is [X] mandatory, [ ] negotiable. (See _____.)

| 12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? (If "YES," indicate within how many calendar days after award in Item 12B.) [X] YES  [ ] NO | 12B. CALENDAR DAYS 3 |
|---|---|

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and ___0___ copies to perform the work required are due at the place specified in Item 8 by ___1400___ (hour) local time ___10/06/98___ (date). If this is a sealed bid solicitation, offers must be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B. An offer guarantee [X] is, [ ] is not required.

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than ___30___ calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212

1442-101

STANDARD FORM 1442 (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.236-1(e)

AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, personally came and appeared:

CHARLES R. PITTMAN

a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, who, after being duly sworn did depose and state:

1.     He is a shareholder, officer and President of the Corporation, C.R. Pittman Construction Company, Inc., and as such is personally familiar with all of the projects undertaken, or performed by the Corporation over the period of existence of the Corporation;

2.     The Corporation has no affiliation whatsoever with Pittman Construction Company, Inc., formerly owned by Albert Pittman, deceased, and members of his family.

3.     The Corporation installed flood gates on Sewerage and Water Board ("Board") Pump Station No. 6 on the 17th Street Canal, approximately three miles south of the east side break in the 17th Street Canal flood wall. The flood gates had nothing whatsoever to do with the failure and were built to specification and accepted by the Board long before Hurricane Katrina.

4.     The Corporation replaced the Gentilly Boulevard bridge over the London Avenue canal, approximately two miles south of the east side failure of the flood wall. The bridge had nothing whatsoever to do with the flood wall failure and was built to specification and accepted long before Hurricane Katrina. The Gentilly Boulevard bridge is still in use today.

5.     The Corporation installed flood gates at the Sewerage and Water Board Pump Station No. 4 on the London Avenue canal which is approximately three quarters of a mile north of the east side flood wall failure and approximately three quarters of a mile south of the west side failure of the flood wall. The flood gates had nothing to do with the flood wall failures and were built to specification and accepted by the Board long before Hurricane Katrina.

6.     Flood gates are solely and only for the purpose of permitting the operators, if on duty, to prevent back flow into the canals through the pumps. None of the gates failed mechanically.

EXHIBIT

"D"

7.   All of the above statements are based upon my personal knowledge, information,
and belief.

_____

CHARLES R. PITTMAN

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 23rd DAY
OF March _____ 2006.

_____

NOTARY PUBLIC

Notary ID# 13457

My commission expires: at death

| 14. NAME AND ADDRESS OF OFFEROR (Include ZIP Code) | 15. TELEPHONE NO. (Include area code) 504-947-4771 |
|---|---|
| C.R. Pittman Construction Company, Inc. 3021 Franklin Avenue New Orleans, Louisiana 70122 | 16. REMITTANCE ADDRESS (Include only if different than Item 14) |

| CAGE CODE | DUNS# 78-144-1548 |
|---|---|
| CODE | FACILITY CODE |

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within __30__ calendar days after the date offers are due. (Insert any number equal to or greater than the minimum requirement stated in Item 13D. Failure to insert any number means the offeror accepts the minimum in Item 13D.)

**AMOUNTS ▶**

$ 3,333,000.00

*(Three million three hundred thirty-three thousand dollars and no cents)*

18. The offeror agrees to furnish any required performance and payment bonds.

### 19. ACKNOWLEDGMENT OF AMENDMENTS
(The offeror acknowledges receipt of amendments to the solicitation = give number and date of each)

| AMENDMENT NO. | 0001 | 0002 | 0003 | | | | | |
|---|---|---|---|---|---|---|---|---|
| DATE | 8/21/98 | 8/27/98 | 9/8/98 | | | | | |

| 20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print) | 20B. SIGNATURE | 20C. OFFER DATE |
|---|---|---|
| C.R. Pittman, President | *(signature)* | 9/22/1998 |

### AWARD (To be completed by Government)

21. ITEMS ACCEPTED:

Contract No.  DACW29-99-C-0005
Lake Pontchartrain, Louisiana and Vicinity, London Avenue Outfall Canal, Parallel Protection, Floodproofing of Gentilly Boulevard Bridge, Orleans Parish, Louisiana

| 22. AMOUNT | 23. ACCOUNTING AND APPROPRIATION DATA | |
|---|---|---|
| $3,333,000.00 | 96x3122    001WNZ    ($750,000.00) | |

| 24. SUBMIT INVOICES TO ADDRESS SHOWN IN (4 copies unless otherwise specified) ▶ | ITEM 26 | 25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO ☐ 10 U.S.C. 2304(c)(   )    ☐ 41 U.S.C. 253(c)(   ) |
|---|---|---|

| 26. ADMINISTERED BY                CODE | 27. PAYMENT WILL BE MADE BY |
|---|---|
| NEW ORLEANS AREA OFFICE U.S. ARMY CORPS OF ENGINEERS P O BOX 60267 NEW ORLEANS LA  70160-0267 | USAED NEW ORLEANS C/O USACE FINANCE CENTER 7800 THIRD AVENUE MILLINGTON TN  38054-5005 |

### CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE

| ☐ 28. NEGOTIATED AGREEMENT   (Contractor is required to sign this document and return ____ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all work, requisitions identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract. | ☒ 29. AWARD   (Contractor is not required to sign this document.) Your offer on this solicitation, is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary. |
|---|---|

| 30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN (Type or print) | 31A. NAME OF CONTRACTING OFFICER (Type or print) Loretta E. Castay |
|---|---|
| 30B. SIGNATURE | 30C. DATE | 31B. UNITED STATES OF AMERICA BY *(signature)* Loretta E. Castay | 31C. AWARD DATE 21 October 1998 |

STANDARD FORM 1442 BACK  (REV. 4-85)

00010-2

EXHIBIT "E"

| SOLICITATION, OFFER, AND AWARD<br>(Construction, Alteration, or Repair) | 1. SOLICITATION NO.<br>DACW29-98-B-0060 | 2. TYPE OF SOLICITATION<br>☒ SEALED BID (IFB)<br>☐ NEGOTIATED (RFP) | 3. DATE ISSUED<br>07/30/98 | PAGE OF PAGES |
|---|---|---|---|---|

IMPORTANT – The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO. | 5. REQUISITION/PURCHASE REQUEST NO.<br>ED0000-8035-0088 | | 6. PROJECT NO.<br>DACW29-98-B-0060 |
|---|---|---|---|

| 7. ISSUED BY | CODE | ISSUE1 | 8. ADDRESS OFFER TO | OFFER1 |
|---|---|---|---|---|

7. ISSUED BY
US ARMY ENGR DIST  NEW ORLEANS
PO  BOX  60267
NEW ORLEANS  LA  70160-0267

8. ADDRESS OFFER TO
US ARMY ENGR DIST  NEW ORLEANS
ATTN  CELMN-CT
PO  BOX  60267
NEW ORLEANS  LA  70160-0267

| 9. FOR INFORMATION CALL: | A. NAME<br>Sheila W. Enclade           SC1 | B. TELEPHONE NO. (Include area code)   (NO COLLECT CALLS)<br>(504) 862-1514 |
|---|---|---|

## SOLICITATION

NOTE:  In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS (Title, identifying no., date):

11. The Contractor shall begin performance within ___10___ calendar days and complete it within ___365___ calendar days after receiving ☐ award, ☒ notice to proceed. This performance period is ☒ mandatory, ☐ negotiable. (See _____.)

12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? (If "YES," indicate within how many calendar days after award in Item 12B.)
☒ YES        ☐ NO

12B. CALENDAR DAYS
003

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A.  Sealed offers in original and ___0___ copies to perform the work required are due at the place specified in Item 8 by ___1400___ (hour) local time ___08/31/98___ (date). If this is a sealed bid solicitation, offers must be publicly opened at that time.  Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B.  An offer guarantee ☒ is,  ☐ is not required.

C.  All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D.  Offers providing less than ___30___ calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212

1442-101

00010·1

STANDARD FORM 1442 (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.236-1(e)



# C.R. PITTMAN CONSTRUCTION CO., INC.
3021 FRANKLIN AVE.•NEW ORLEANS, LOUISIANA 70122• (504) 947-4771 • FAX: (504) 947-4811



December 18, 2001

U.S. Army Corps of Engineers
New Orleans Area Office, CELMN-CD-NO
P.O. Box 60267
New Orleans, LA 70160-0267

Attn:   Mr. Domingo J. Elguezabal, P.E.
        Area Engineer

RE:    Contract No. DACW29-99-C-0005
       Lake Pontchartrain and Vicinity,
       Hurricane Protection, High Level Plan
       London Avenue Outfall Canal
       Flood Proofing of Gentilly Blvd. Bridge
       Orleans Parish, Louisiana
       Return of Release of Claims
       CR9803-638

Dear Sir:

Attached is a signed copy of the Release of Claims form for the above referenced project. Our Vice-President, Michael R. Pittman, has signed the document.

                      Sincerely,

                C.R. Pittman Construction Co., Inc.

                Raymond J. McCabe

**EXHIBIT**

tabbies

## Release of Claims

The undersigned contractor under Contract DACW29-99-C-0005 dated
October 21, 1998 between the United States and the said contractor,
for Lake Pontchartrain, Louisiana and Vicinity, London Avenue
Outfall Canal, Parallel Protection, Floodproofing of Gentilly
Boulevard Bridge, Orleans Parish, Louisiana, in accordance with
Contract Clause 52.232-5, PAYMENTS UNDER FIXED-PRICE CONSTRUCTION
CONTRACTS, paragraph 62 (h)(3), hereby releases the United States,
its officers, agents, and employees from any and all claims arising
under or by virtue of said contract or any modification or change
thereof, except with respect to those claims, if any, listed below:

(Provide general description and monetary amount for all claims.)

Contractor: C R Pittman Construction Co., Inc.

By: _____    12/19/2001
          Signature                    Date

MICHAEL R PITTMAN  VICE PRESIDENT
          Name and Title

| 14. NAME AND ADDRESS OF OFFEROR (Include ZIP Code) | 15. TELEPHONE NO. (Include area code) |
|---|---|
| C.R. Pittman Construction Company Inc.<br>3021 Franklin Avenue<br>New Orleans, Louisiana 70122<br>CEC NO. | 504-947-4771 |
| | 16. REMITTANCE ADDRESS (Include only if different than Item 14) |

DUNS # 78144/548

CODE      FACILITY CODE

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within _____ calendar days after the date offers are due. (Insert any number equal to or greater than the minimum requirement stated in Item 13D. Failure to insert any number means the offeror accepts the minimum in Item 13D.)

**AMOUNTS** ▶

$ 6,319,915.00

( Six million three hundred nineteen thousand nine hundred fifteen and ××⁴/100 )

18. The offeror agrees to furnish any required performance and payment bonds.

### 19. ACKNOWLEDGMENT OF AMENDMENTS
(The offeror acknowledges receipt of amendments to the solicitation – give number and date of each)

| AMENDMENT NO. | .0001 | 0002 | 0003 | 0004 | 0005 | 0006 | 0007 | 0008 | 0009 | 0010 |
|---|---|---|---|---|---|---|---|---|---|---|
| DATE | 1/15/98 | 2/4/98 | 2/13/98 | 2/19/98 | 3/2/98 | 3/10/98 | 3/11/98 | 4/8/98 | 9/30/98 | 10/23/98 |

| 20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print) | 20B. SIGNATURE | 20C. OFFER DATE |
|---|---|---|
| C.R. Pittman, President | | 11/3/98 |

### AWARD (To be completed by Government)

21. ITEMS ACCEPTED:

Contract No. DACW29-99-C-0012        Bidding Schedule Items 0001 thru 0031

Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection, High Level Plan, Orleans Parish, London Ave. Outfall Canal, Parallel Plan Fronting Protection at Pumping Station No. 4, Orleans Parish, LA

| 22. AMOUNT | 23. ACCOUNTING AND APPROPRIATION DATA |
|---|---|
| $6,319,915.00 | 96X3122   001WP1   ($2,000,000.00) |

| 24. SUBMIT INVOICES TO ADDRESS SHOWN IN (4 copies unless otherwise specified) ▶ | ITEM<br>26 | 25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO<br>☐ 10 U.S.C. 2304(c)( )    ☐ 41 U.S.C. 253(c)( ) |
|---|---|---|

| 26. ADMINISTERED BY    CODE | 27. PAYMENT WILL BE MADE BY |
|---|---|
| NEW ORLEANS AREA OFFICE<br>U. S. ARMY, CORPS OF ENGINEERS<br>P. O. BOX 60267<br>NEW ORLEANS, LA 70160-0267 | DISBURSING OFFICE<br>U. S. ARMY, CORPS OF ENGINEERS<br>P. O. BOX 60267<br>NEW ORLEANS, LA 70160-0267 |

### CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE

☐ 28. NEGOTIATED AGREEMENT   (Contractor is required to sign this document and return _____ copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all work, requisitions identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract.

☐ 29. AWARD   (Contractor is not required to sign this document.) Your offer on this solicitation, is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary.

| 30A. NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN (Type or print) | 31A. NAME OF CONTRACTING OFFICER (Type or print) |
|---|---|
| | Diane K. Pecoul |

| 30B. SIGNATURE | 30C. DATE | 31B. UNITED STATES OF AMERICA | 31C. AWARD DATE |
|---|---|---|---|
| | | BY | 30 November 1998 |

**EXHIBIT**

"F"

STANDARD FORM 1442 BACK (REV. 4-85)

00010-2

| SOLICITATION, OFFER, AND AWARD<br>(Construction, Alteration, or Repair) | 1. SOLICITATION NO.<br>DACW29-98-B-0053 | 2. TYPE OF SOLICITATION<br>[X] SEALED BID (IFB)<br>[ ] NEGOTIATED (RFP) | 3. DATE ISSUED<br>01/12/98 | PAGE OF PAGES |
|---|---|---|---|---|

IMPORTANT – The "offer" section on the reverse must be fully completed by offeror.

| 4. CONTRACT NO.<br>DACW29-99-C-0012 | 5. REQUISITION/PURCHASE REQUEST NO.<br>ED0000-7119-0015 A | | 6. PROJECT NO.<br>DACW29-98-B-0053 |
|---|---|---|---|

| 7. ISSUED BY | CODE | ISSUE1 | 8. ADDRESS OFFER TO | OFFER1 |
|---|---|---|---|---|

7. ISSUED BY

US ARMY ENGR DIST NEW ORLEANS
PO BOX 60267
NEW ORLEANS LA 70160-0267

8. ADDRESS OFFER TO

US ARMY ENGR DIST NEW ORLEANS
ATTN CELMN-CT
PO BOX 60267
NEW ORLEANS LA 70160-0267

| 9. FOR INFORMATION CALL: | A. NAME<br>Sheila M. Enclade    SC1 | B. TELEPHONE NO. (Include area code)  (NO COLLECT CALLS)<br>(504) 862-1514 |
|---|---|---|

## SOLICITATION

NOTE: In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS (Title, Identifying no., date):

11. The Contractor shall begin performance within ___10___ calendar days and complete it within ___550___ calendar days after receiving [ ] award, [X] notice to proceed. This performance period is [X] mandatory, [ ] negotiable. (See _____.)

12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE AND PAYMENT BONDS? (If "YES," indicate within how many calendar days after award in item 12B.)

[X] YES    [ ] NO

12B. CALENDAR DAYS
007

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and ___0___ copies to perform the work required are due at the place specified in item 8 by _1400_ (hour) local time _02/12/98_ (date). If this is a sealed bid solicitation, offers must be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B. An offer guarantee [X] is, [ ] is not required.

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than ___30___ calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

NSN 7540-01-155-3212    1442-101    STANDARD FORM 1442 (REV. 4-85)
Prescribed by GSA
FAR (48 CFR) 53.236-1(e)

00010-1



# C.R. PITTMAN CONSTRUCTION CO., INC.

3021 FRANKLIN AVE. • NEW ORLEANS, LOUISIANA 70122 • (504) 947-4771 • FAX: (504) 947-4811



April 29, 2005

Department of the Army
New Orleans District
Corps of Engineers
P.O. Box 60267
New Orleans, Louisiana 70160-0267

Attention: Mr. Alan F. Hunter, P.E.

Re:     Contract Number DACW29-99-C-0012
        Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection
        Fronting Protection at Pumping Station No. 4
        Orleans Parish, Louisiana
        9804-933

Dear Sir:

Attached herewith please find an executed "Release of Claims" form for the above referenced project.

We hope that this will enable you to finally close out this contract.

Should you have any questions and/or comments please contact the writer.

Sincerely,

C.R. Pittman Construction Company, Inc.

Charles R. Pittman
PRESIDENT

Cc:     JRP
        LPM
        MRP
        Contract File

EXHIBIT

F

Release of Claims

The undersigned contractor under Contract  DACW29-99-C-0012-NA ,dated  98-11-30  between the United
States and the said contractor, for Lake Pontchartrain, LA & Vicinity, High Level Plan, Orleans Parish,
London Avenue Outfall Canal, Parallel Plan Fronting Protection at Pumping Station No. 4, Orleans Parish,
LA, in accordance with Contract Clause 52.232-5,  PAYMENTS UNDER FIXED-PRICE CONSTRUCTION
CONTRACTS, paragraph  63 (h)(3), hereby releases the United States, its officers, agents, and employees
from any and all claims arising under or by virtue of said contract or any modification or change thereof,
except with respect to those claims, if any, listed below:

—— NONE ——
(Provide general description and monetary amount for all claims.)

Contractor:  C. R. Pittman Construction Co., Inc.

By: _____        29April 2005
          Signature                                                          Date

Charles R. Pittman, President
              Name and Title