UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION
NO. 05-4182 "K"(2)
JUDGE DUVAL
MAGISTRATE WILKINSON

PERTAINS TO:
INSURANCE (06-8636)
*Gambino v. The Standard Fire Insurance
Company and Alliance Insurance Agency
Services, Inc.*

## STANDARD FIRE'S MEMORANDUM IN
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes The Standard

Fire Insurance Company ("Standard Fire"), who files this Memorandum in

Opposition to Plaintiffs' Motion to Remand and who, for the reasons set forth

herein and in any opposition memorandum that may be filed by Alliance

Insurance Agency Services, Inc., respectfully requests that Plaintiffs' Motion be

denied.

1

## A.   BACKGROUND

Plaintiffs filed this action in Louisiana state court against Standard Fire and Alliance Insurance Agency Services, Inc. ("Alliance") alleging various claims related to damages allegedly sustained as a result of Hurricane Katrina.   The matter was timely removed to this Court.

Plaintiffs thereafter filed a pleading styled "Motion to Remand, Memorandum Incorporated and Stipulations" (hereinafter, the "Motion to Remand") pursuant to which Plaintiffs seek to have this matter remanded to state court.   In the Motion to Remand, Plaintiffs made the following stipulations:   (1) "that the damages sued upon herein are not the result of flooding" and (2) "that the damages sued upon herein do not exceed $75,000.00, exclusive of costs, interest, and penalties."  *See* Motion to Remand.

Plaintiffs' Motion to Remand must be denied since diversity jurisdiction exists in this matter.

## B.   SUMMARY OF ARGUMENT

Diversity jurisdiction exists in this case since Plaintiffs and Standard Fire are citizens of different states and the amount in controversy exceeds $75,000. The citizenship of Alliance should not be considered since Alliance was improperly joined as a defendant in this matter.

## C.   LAW AND ARGUMENT

### 1.   The amount in controversy exceeds $75,000.

The allegations of the Petition and the provisions of the policy at issue in this case establish that Plaintiffs' claims exceed $75,000, exclusive of interest and costs.  Plaintiffs did not allege in their Petition that the amount in controversy at issue in this case does not exceed $75,000.  When a plaintiff's damages are insufficient for federal jurisdiction, in accordance with Louisiana Code of Civil Procedure Article 893, plaintiff is required to make such an allegation in the Petition.  Pursuant to Louisiana Code of Civil Procedure article 893, as amended, Louisiana law requires an allegation regarding the amount of damages when necessary to establish the "lack of jurisdiction of federal courts due to insufficiency of damages . . ."  La. Code Civ. Proc. art. 893 (in pertinent part); *see also Bruce v. Fisher*, No. 06-0840 (W.D. La. July 13, 2006), 2006 WL 2505908.  "In other words, the foregoing allegation is required *only* when the damages are insufficient to satisfy the federal jurisdictional minimum." La. Code Civ. Proc. Art. 893 (in pertinent part).  In the absence of such an allegation, the plaintiff has "in effect conceded by their state court pleadings that the requisite jurisdictional amount *is* in controversy.   This creates a 'strong presumption' in favor of jurisdiction." *Id.* at *1.

In *Bruce v. Fisher*, the plaintiffs were involved in a car accident and sued the defendant in state court. The *Bruce* plaintiffs did not allege that their damages were less than the jurisdictional minimum. The defendant removed the case to federal court and the plaintiffs filed a motion to remand. In denying the plaintiff's motion, the court found that because plaintiffs did not allege that their damages were less than the jurisdictional amount, as required by law, "it [was] *'facially apparent'* that the amount in controversy exceeded $75,000 at the time of removal." *Id.*

In addition, the policy of homeowner's insurance issued by Standard Fire to the Plaintiffs provides coverage in the amount of $110,000 for the dwelling, $11,000 for other structures, $55,000 for personal property, and $11,000 for loss of use.[1] Thus, the total possible payment under the policy is $187,000.

In the Petition, the Plaintiffs describe the property insured by Standard Fire to include, their dwelling, other structures, personal property, contents, and additional living expenses.[2] Also in the Petition, the Plaintiffs allege that they "suffered severe damage and destruction" to the above-described property as a result of Hurricane Katrina.[3] Given the foregoing, there can be no doubt that the amount in controversy exceeds $75,000. *See, St. Paul Reinsurance Co. v.*

---

[1]      *See* Exhibit "A", Affidavit of Monica Grissom, ¶ 3.

[2]      Petition, ¶ IV.

[3]      Petition, ¶ V.

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (where policy limits are at issue and exceed the amount in controversy requirement, diversity jurisdiction exists).

Moreover, the Plaintiffs seek penalties and attorney's fees from Standard Fire.[4]   Under La. R.S. 22:1220, "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."  Consideration of these alleged penalties and attorney's fees confirms that the amount in controversy exceeds $75,000.  *St. Paul Reinsurance Co.,* 134 F.3d at 1255; *see generally, Brooks v. Georgia Gulf Corp.*, 924 F.Supp. 739, 741-42 (M.D. La. 1996).  *See also*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (considering claims for penalties and attorney's fees pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).

Notwithstanding that the amount in controversy requirement is clearly satisfied In this case, Plaintiffs' seek to avoid this Court's jurisdiction by submitting post-removal stipulations.  Under applicable law, the jurisdictional facts must be judged at the time of removal and a subsequent reduction of the amount claimed cannot oust a federal district court's jurisdiction.  *Gebbia v. Wal-*

---

[4]        Petition, ¶ II, Prayer.

*Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  A federal district court may not consider post-removal events in determining whether the amount in controversy is met.  *See, St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1254 & n.18 (5th Cir. 1998); *Association Nacional de Pascadores a Peuqena Escala o Artesanales de Columbia v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).   As such, this Court should not consider Plaintiffs' post-removal stipulations in determining whether jurisdiction exists in this case.

Even if the Court is inclined, however, to consider the Plaintiffs' stipulation herein, it is clearly inadequate.  The stipulation at issue provides as follows: "that the damages sued upon herein do not exceed $75,000.00, exclusive of costs, interest, and penalties."  *See* Motion to Remand.   This stipulation does not conclusively establish that the amount in controversy does not exceed the jurisdictional threshold.  Under Louisiana law, a plaintiff is not limited to recovery of the damages requested in his pleadings.  *See* La. Code Civ. Proc. art. 862; *Davis v. State Farm Fire & Cas.*, No. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  Accordingly, the inquiry does not end simply because the plaintiff makes a stipulation that his damages do not exceed $75,000.  *Hampton v. Smart Prof'l Photocopy Corp.*, No. 02-2883, 2003 WL 133223, at *2 (E.D. La. Jan. 14, 2003)(denying motion to remand despite stipulation as to amount in controversy).

In this case, the Plaintiffs' stipulation is deficient as a matter of law for purposes of establishing the amount in controversy because it fails to renounce the right to **accept** a judgment in excess of $75,000.  In *Davis v. State Farm Fire & Cas.*, this Court expressly held that "[a] plaintiff must affirmatively renounce the right **to accept** a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."   *See Davis*, No. 06-0560, 2006 WL 1581272 at *2 (citing La. Code Civ. Proc. art. 862); *see also Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617 at *3 (E.D. La. Oct. 31, 2003)).

In *Davis*, Judge Vance considered similar stipulations by plaintiffs in their hurricane suits, and held that the plaintiffs' stipulations that they sought less than $75,000 in damages was insufficient to show the amount in controversy was less than $75,000.  As in *Davis*, the Plaintiffs stipulation is deficient since the Plaintiffs failed to renounce their right to **accept** a judgment in excess of $75,000.

The stipulation is also deficient since the Plaintiffs exclude penalties from their stipulation that their damages do not exceed $75,000.  Under applicable law, penalties sought by the plaintiff are considered in calculating whether the jurisdictional amount has been satisfied.  *Poynot v. Hicks*, No. 02-2068, 2002 WL 31040174, at *3 (E.D. La. Sept. 12, 2002) (considering claims for penalties

pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).

As the foregoing establishes, the amount in controversy in this case clearly exceeds the jurisdictional threshold of $75,000.

**2.     There is complete diversity of citizenship between Plaintiffs and Standard Fire.**

Plainitiffs are residents of Jefferson Parish, Louisiana and acknowledge that Standard Fire is a foreign insurance company.   *See* Petition, Introduction and ¶ 1.  Standard Fire is, in fact, an insurance company domiciled in and with its principal place of business in the State of Connecticut.[5]  Thus, there can be no doubt that Plaintiffs and Standard Fire are diverse in citizenship.

**3.     Alliance has been improperly joined in this case.**

An action is removable if the non-diverse defendant is "improperly joined" to defeat diversity jurisdiction.  *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571, fn. 1 (5th Cir. 2004); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-678 (5th Cir. 1999).  Improper joinder exists if the plaintiff cannot establish a cause of action against the non-diverse defendant.  *Id.*

---

[5]      *See* Exhibit "B" hereto, Louisiana Department of Insurance information regarding The Standard Fire Insurance Company.

In evaluating a claim of improper joinder, the Court must look to whether there is a reasonable basis for predicting that state law might impose liability on the non-diverse defendant.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003).  As the Fifth Circuit has explained, "[t]his means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Id.* at 462 (emphasis in original).  Moreover, "in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' [is] insufficient to create an issue if there is no basis for those facts."  *Badon v. RJR Nabisco, Inc.*, 224 F.3d 383, 393 (5th Cir. 2000) (quoting *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  A court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *Badon*, 224 F.3d at 393 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Here, Plaintiffs' claims against Alliance are time barred pursuant to La. Rev. Stat. § 9:5606.  Even if the claims are not time barred, Plaintiffs' claims fail as a matter of law because Plaintiffs cannot establish a cause of action against Alliance.

*a.    Plaintiffs' claims against Alliance are perempted under Louisiana law.*

Here, Alliance has been improperly joined as a defendant because Louisiana law bars the claims asserted against it.  There is no reasonable possibility of recovery against Alliance in this case, because Plaintiffs' claims against Alliance are perempted under Louisiana law.

9

Claims against an insurance agent must be filed within the earlier of "one year from the date that the alleged act, omission, or neglect . . . should have been discovered"[6] and "three years from the date of the alleged act, omission, or neglect."[7]  These are peremptive periods.[8]

*(1)   Three-Year Peremption*

The homeowner's policy purchased by Plaintiffs through Alliance became effective October 21, 1998,[9] more than seven years before Plaintiff filed suit in this matter.  For that reason, the Plaintiffs' claims are perempted.

Plaintiffs allege that Alliance failed to "properly inform Petitioners of the available insurance coverages for purchase"[10] and failed to "secure . . . the insurance coverages requested."[11]  This alleged misconduct occurred in October 1998 when Alliance sold the policy to Plaintiffs.

Under the three-year peremption, the cause of action is extinguished, regardless of when the negligence was discovered and even if a plaintiff could not have brought her claim before the three-year period expired.  *Reeder v.*

---

[6]     La. R.S. § 9:5606(A).

[7]     *Id.*

[8]     *See* La. R.S. § 9:5606(D).

[9]     Exhibit "A", Affidavit of Monica Grissom, ¶ 4.

[10]    Petition, ¶ VII.

[11]    *See* Petition, ¶ VIII.

*North*, 701 So.2d 1291, 1297 (La. 1997); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *6 (E.D. La. Jul. 21, 2006).  The Louisiana Supreme Court, in dealing with an analogous provision of Louisiana's legal malpractice statute,[12] pointed out that "the Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all."  *Reeder*, 701 So.2d at 1297.  The Court recognized that while the peremption provision of the legal malpractice statute may seem unfair in that a "person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative."  *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182 (La. App. 5th Cir. 2004) (construing *Reeder v. North,* 701 So.2d 1291 (La. 1997)).

*(2)    Policy Renewal Does Not Defeat Peremption*

The case law is clear that Plaintiffs' claims against Alliance are perempted, regardless of any policy renewals.  Louisiana law recognizes that subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers*, 886 So.2d at 1182-83; *Bel*, 845 So.2d at 382-83.

---

[12]    *See* La. R.S. § 9:5605.

A renewal does not constitute a separate tort. *Dobson*, 2006 WL 2078423, at *6; *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562, at *2 (E.D. La. 2006); *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, at *2 (E.D. La. 2006); *Perez v. Metropolitan Property* and *Cas. Ins. Co.* 2006 WL 2178753, at *3 (E.D. La. 2006). In order for each renewal to constitute a separate tort, the disputed conduct must consist of separate and distinct acts, "each of which gives rise to immediately apparent damages," as opposed to being a "continuation of the ill effects of an original unlawful act." *Biggers*, 886 So.2d at 1182 (quoting *Bel,* 845 So.2d at 382). *See also, Bustamento v. Tucker*, 607 So.2d 532, 540 (La. 1992). In this case, none of the renewal policies changed any substantive or material restrictions in the coverage provided by the original Policy issued to Plaintiffs and specifically the Policy has always contained a flood exclusion provision.[13] Accordingly, the particular features of the Policy that Plaintiffs now allege Alliance failed to secure or advise them about were present in the original Policy, which became effective on October 21, 1998 and in all subsequent renewals of the Policy.[14]

The peremptive period generally runs from the date of the original purchase of the policy because the renewal process usually does not afford the insurance agent the opportunity to make further misrepresentations about the

---

[13]     Exhibit "A", Affidavit of Monica Grissom, ¶ 6.

[14]     Exhibit "A", Affidavit of Monica Grissom, ¶¶ 4-6.

policy, thus not constituting a separate and distinct act. *Biggers*, 886 So.2d at 1182; *Bel*, 845 So.2d at 382-83.

The *Perez* case involved damages incurred to the plaintiff's home as a result of Hurricane Katrina. *Perez*, 2006 WL 2178753, at *1. The plaintiff alleged that his home and personal property were destroyed by wind and sought the policy limits under his homeowner's policy, which was initially purchased in 1985, together with penalties and attorney's fees. *Id.* The plaintiff filed suit against his insurer and insurance agent. *Id.*

The court in *Perez* held that the three-year peremptive period found in La. R.S. § 9:5606 began to run in 1985 when the homeowner policy was initially purchased. *Id.* at *3 (citing *Biggers*, 886 So.2d at 1183 (holding that peremptive period applicable to the insured's negligence suit against his agent began when insured purchased policy)). The court also held that "the fact that the plaintiff renewed his homeowner policy each year does not toll the one-year peremptive period under well-settled Louisiana law." *Id.* (citing *Bel*, 845 So.2d at 380 ("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); *Biggers*, 886 So.2d at 1183, (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); and *Bordelon v. Indep. Order of*

*Foresters*, 2005 WL 3543815, at * 4 (E.D. La. 2005) (peremptive period begins to run when policy is acquired; as a result, the suit the plaintiff filed against his agent in February 2006, over twenty years after he purchased his homeowner policy from agent, was perempted pursuant to La. R.S. § 9:5606)).

Plaintiffs may attempt to avoid the application of La. Rev. Stat. § 9:5606 by claiming that since they did not specify when the alleged actions of Alliance occurred, this Court should somehow assume that they occurred within the preemptive period. In applying La. Rev. Stat. § 9:5606, however, the issue is not when Plaintiffs actually discovered the alleged negligence, but rather whether Plaintiffs "should have known" of the alleged negligence within the three-year peremptive period. Under Louisiana law, an insured is responsible for reading its policy and is presumed to know its provisions. *See, e.g., Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La. App. 2d Cir. 1996) ("An insured is presumed to know the provisions of his policy*."); Matthews v. Business Men's Assurance Co.*, 478 So.2d 634, 637 (La. App. 2d Cir. 1985) (same); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488, 490 (La. App. 1st Cir. 1989) (same); *Kieran v. Commercial Union Ins. Co.*, 271 So.2d 889, 892 (La. App. 4th Cir. 1973) ("We find no negligence or fault on the part of [agent]. On the contrary, the fault, if any, was on the [the insured's] part . . . in not reading the clear provisions of [the] policy."). As the Fifth Circuit stated, an insured is "considered responsible for . . . reading the

clear provisions of the insurance policy." *Motors Ins. Co. v. Bud's Boat Rental*, 917 F. 2d 199, 205 (5th Cir. 1990).

In *Dobson v. Allstate Ins. Co.*, Civ. A. No. 06-0252, 2006 WL 2078423 (E.D. La. July 21, 2006), Judge Vance addressed a nearly identical claim against an insurance agent.  In finding the plaintiff's claim against the agent time-barred, the Court recognized the policyholder's obligation to review the policy to confirm the accuracy of the broker's statements concerning coverage:

> Knowledge of policy terms that directly contradict a statement by Alliance who sold the policy is sufficient to excite attention and put the insured on guard. Thus, even if the Court were to consider plaintiffs' assertion that [agent] negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Plaintiffs did not file suit against Ruiz until December 21, 2005. Because the alleged negligence should have been discovered by plaintiffs more than one year from the date on which they filed suit, their claims against [agent] are perempted.

*Id.* at *9.  Plaintiffs, therefore, cannot seek to avoid the peremptive period by claiming that they were unaware of the clear and unambiguous contents of the Policy.  Plaintiffs had a duty to read the Policy and confirm the nature and extent of the coverage.

Louisiana law recognizes that "[a] prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit." *Dobson*, at *7, citing *Campo v. Correa*, 828 So.2d 502, 510 (La. 2002) (prescriptive period commences upon constructive

knowledge); *Atlas Iron & Metal Co. v. Ashy*, 918 So.2d 1205, 1210 (La. Ct. App. 3d Cir. 2006) (peremptive period for legal malpractice claim begins at the time constructive knowledge is obtained).

In this case, the peremptive period under La. Rev. Stat. § 9:5606 had run long before the Plaintiffs filed the instant lawsuit.  *See Calvin v. Janbar Enters. Inc.,* 856 So.2d 88, 91-92 (La. App. 4th Cir. 2003), *writ denied*, 865 So.2d 92 (La. 2004); *Amie v. State Farm Fire & Cas. Co.*, 2006 U.S. Dist. LEXIS 65340 (E.D. La. 9/13/06)(Feldman, J., presiding)(denying motion to remand and finding improper joinder where in-state insurance agent was named as defendant based on the prescriptive/peremptive provisions of La. R.S. 9:5606).  Accordingly, the citizenship of Alliance should be disregarded for diversity purposes, as it was improperly joined.

**b.    *Additionally, Plaintiffs fail to state a claim on the merits against Alliance.***

Even if the Court finds that the claim against Alliance is not perempted, which is denied, Plaintiffs do not state a cause of action against Alliance. Plaintiffs allege that Alliance failed to inform them of available insurance coverages and secure the insurance coverage requested.[15]  These allegations do not give rise to a cause of action.

---

[15]    *See* Petition, ¶¶ VII, VIII.

The general duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested by the customer.  *See Porter v. Utica Mut. Ins. Co.*, 357 So.2d 1234, 1238 (La. App. 2d Cir. 1978); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 64 (La. App. 2d Cir. 1982). Accordingly, Louisiana courts have recognized that an agent generally has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance, unless the agent assumes or agrees to such a duty.  *See Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So.2d 769, 773-774 (La. App. 3d Cir. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise [sic]."); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 65-66 (La. App. 1982) (rejecting client's argument that agent had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits").  Similarly, absent actions taken to mislead the insured, an agent has no duty to affirmatively advise the insured about the terms and conditions of the policy, as it is the insured's own duty to read its policy.  *See Porter*, 357 So.2d at 1239-39.

In *Tomlinson v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2632105 at *9 (E.D. La. Sept. 12, 2006), Judge Feldman clarified another requisite of any claim against an insurance agent:

> Negligence by an insurance agent is not acceptable under Louisiana law unless it constitutes the cause in fact of the harm for which recovery is sought. *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199 (5th Cir. 1990); *Offshore Prod. Contractors v. Republic Underwriters Ins. Co.*, 910 F.2d 224 (5th Cir. 1990). An act is a cause in fact of an injury when the harm would not have occurred without it. *Toston v. Pardon*, 874 So.2d 791, 799 (La. 2004).

Because "[t]he plaintiffs did not . . . demonstrate how their insurance agent's [alleged breach] cause the lack of payment [by the insurer,]"[16] Judge Feldman held that "the plaintiff . . . failed to state a claim against the in-state defendant" and found "no reasonable basis for 'predicting that the state law might impose liability on the facts involved.' *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted)."[17]

Plaintiffs' allege that Alliance failed to advise them of the availability of insurance coverages.[18] However, Louisiana law is clear that an Alliance has no duty to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage. *See Motors Ins. Co. v. Bud's Boat Rental,*

---

[16]     *Id.*

[17]     *Id.*

[18]     Petition, ¶ VII.

*Inc.*, 917 F.2d 199, 205 (5th Cir. 1990) ("the client himself is considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy"); (*Frischhertz v. Lexington Ins. Co.*, 2006 U.S. Dist. LEXIS 80620 at *6 -*7 (E.D. La. 11/03/06) (Barbier, J. Presiding) (finding that plaintiff had "no viable cause of action" against her insurance Alliance and denying motion to remand).  As the court in *Frischhertz* properly noted, these types of allegations simply do not establish a viable cause of action under Louisiana law.

In *Parker v. Lexington Ins. Co., et al.*, 2006 U.S. Dist. LEXIS 83285 (E.D. La. 11/15/06), the court denied the plaintiffs' Motion to Remand and granted an agent's Motion to Dismiss.  In so ruling, Judge Zainey found that the plaintiffs' allegations that their agent failed to advise them to purchase flood coverage with higher limits and that his failure to do so caused them to be underinsured failed to state a cause of action under Louisiana law.  *Id.* at *11 - *13.  In *Parker*, the court noted that the only time an agent has a duty to "advise" an insured is with respect to "aspects of the policies or aspects of insurance law that were not within the knowledge generally held by a lay person."  *Id.* at 10-11.  "In other words, the information that agent had a duty to provide was something about which agent had superior knowledge given his insurance expertise, and agent's specific knowledge of the insureds' individual situation triggered the duty to

disclose." *Id.*  Like the plaintiffs in *Parker*, Plaintiffs herein fail to state a cause of action against Alliance under Louisiana law.

**2.     Plaintiffs have improperly cumulated claims against Standard Fire and Alliance.**

Under a doctrine developed by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds sub nom., Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000), a plaintiff does not defeat diversity jurisdiction by combining unrelated claims against a local defendant with separate and distinct claims against a non-resident defendant.  *Id.* at 1359-60.[19]  The Fifth Circuit has cited this rule with approval, most recently in *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).

Further, in *Berthelot v. Boh Bros. Const. Co., L.L.C.*, Civ. A. No. 05-4182, 2006 WL 1984661 (E.D. La. June 1, 2006), another Hurricane Katrina case, Judge Duval recently held that, where a petition alleges parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper.  The plaintiffs in *Berthelot* sued the Orleans Levee District, a non-diverse defendant, as well as a number of insurance companies, which were of diverse citizenship. Whereas the claims against the

---

[19]     *See also Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 533 (5th Cir. 2006) (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants"); *Polk v. Lifescan, Inc.,* No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003); *Mallard v. Prudential Ins. Co. of Am.,* No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. Mar. 29, 1996); *Turpeau v. Fid. Fin. Servs., Inc.,* 936 F. Supp. 975 (N.D. Ga. 1996), *aff'd,* 112 F.3d 1173 (11th Cir. 1997); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979).

Levee District sounded in negligence, the claims against the insurance defendants were premised on the contractual interpretation of the plaintiffs' policies. *Id.* at *11. Relying on *Tapscott*, Judge Duval found the claims against the Levee District were parallel, separate from, and unrelated to, the claims against the insurance defendants, and thus were improperly joined. Judge Duval then remanded the claims against the Levee District, but denied the motion to remand as to the insurance companies. *Id.* at *12.

On August 30, 2006, Judge Feldman in *Defourneaux v. Metropolitan Property and Casualty Ins. Co.*, No. 06-3809, 2006 WL 2524165 (E.D. La. Aug. 30, 2006), applied *Berthelot* and *In re Benjamin Moore* to sever Hurricane Katrina claims against an insurer and a non-insurer. Relying on FED. R. CIV. P. 21, which provides that "any claims against a party may be severed and proceeded with separately,"[20] and FED. R. CIV. P. 20, Judge Feldman held that "the claims against the two defendants present different issues of law because the claims against [one defendant] are grounded in contract law, and the claims against [the other defendant] are based on negligence and tort theories." *Defourneaux* at *2. The claims' mutual connection to Hurricane Katrina made no difference, as it was "[t]he only common factual thread between the claims . . . an uncontested fact of which the Court will take judicial notice." *Id.* (citing *Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp. 2d 777, 781 (S.D. Miss. 2003)).

---

[20]    FED. R. CIV. P. 21.

Similarly, in *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777 (S.D. Miss. 2003), the plaintiffs sued the driver of a mower that allegedly caused an automobile accident in which one of the plaintiffs was injured. The plaintiffs also brought claims against an insurance company, alleging that it failed to make medical payments for the plaintiffs' injuries resulting from the automobile accident. *Id.* at 778. Citing *Tapscott* and *Benjamin Moore*, the court held that the plaintiffs had combined unrelated lawsuits resulting in fraudulent joinder of claims to defeat diversity jurisdiction. The court explained that because the claims against the non-diverse defendants were based on negligence relating to the accident, and the claims against the diverse insurer sounded in contract based on the failure to pay benefit claims, the claims were unrelated and improperly joined. *Id.* at 780-81.

Finally, in *Juneau v. Ducote*, No. 9409789, 2005 WL 2648861 (W.D. La. Oct. 17, 2005), the plaintiffs, who alleged that they were exposed to high levels of lead, sued their employer, a supervisor, and several insurance companies. *Id.* at *3. After deciding that there was no possibility of recovery against the supervisor and employer on several counts, the court decided that the remaining viable claims were misjoined. Citing FED. R. CIV. P. 20, the court explained that "the matters sued upon do not arise from the same transaction or occurrence and present no common questions of law or fact." *Id.* at *4.

Like the claims in *Tapscott, Berthelot, Defourneaux, Smith*, and *Juneau*, the claims against Alliance in the present case are wholly distinct and separate from the claims against Standard Fire.

Plaintiffs claim that Standard Fire failed to pay sums due under its insurance policy. In contrast, Plaintiffs allege that Alliance negligently breached its duties to Plaintiffs. The claim against Alliance dates back to October 21, 1998, when Plaintiffs procured the first Standard Fire policy through Alliance and involves whether Alliance failed to properly advise Plaintiffs and to procure requested coverage. Plaintiffs' claim against Standard Fire, however, is strictly a matter of policy interpretation. Accordingly, the basis underlying the claims against Standard Fire and Alliance, the facts from which they arise, and the legal analyses the Court will employ in determining a proper resolution are all different.

This is a case where Plaintiffs included claims against Alliance for the sole purpose of defeating removal. This is precisely the type of misjoinder that *Tapscott* and its progeny have found insufficient to defeat diversity jurisdiction. Accordingly, joinder of these defendants is improper, and the Court should disregard the citizenship of Alliance and deny the motion to remand.

## D.   CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Remand should be denied.

F:\DATA\0894 Travelers St Pauls\0894.0192 Gambino Frank\pldgs-suit #2\opp-remand01.doc

Respectfully submitted:

s/Camille Bienvenu Poché

Camille Bienvenu Poché (#22597)
Gary J. Russo (#10828)
Douglas C. Longman, Jr. (#8719)
PERRET DOISE,
A Professional Law Corporation
P. O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:  (337) 262-9000
Fax:  (337) 262-9001
Email:  cpoche@pdlaw.com

Attorneys for Defendant,
The Standard Fire Insurance Company

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:  William Harry Eckert and Derek G. Gambino.

s/Camille Bienvenu Poché
Camille Bienvenu Poché (#22597)
Gary J. Russo (#10828)
Douglas C. Longman, Jr. (#8719)
PERRET DOISE,
A Professional Law Corporation
P. O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:  (337) 262-9000
Fax:  (337) 262-9001
Email:  cpoche@pdlaw.com

Attorneys for Defendant,
The Standard Fire Insurance Company

25