UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| _____ | * | JUDGE DUVALL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:     06-6642 (PONTCHARTRAIN) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

## ANSWER TO PETITION FOR INVERSE CONDEMNATION, ABSOLUTE, AND GENERAL LIABILITY AND DAMAGES, GENERAL MARITIME LIABILITY AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Board of

Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint

respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled

to discretionary immunity pursuant to La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm. *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied.  *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The certification and maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated

by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with requisite particularity.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs have or should hereafter settle for any of the alleged injuries and damages with any persons or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source

doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others. To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges that plaintiffs are not entitled to attorney's fees.

## TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs' claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTIETH DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.17.

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

I.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

III.

The allegations of Paragraph 3 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied.

IV.

The allegations of Paragraph 4 require no answer from this defendant.

V.

The allegations of Paragraph 5 require no answer from this defendant.

VI.

The allegations of Paragraph 6 require no answer from this defendant.

VII.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied.

VIII.

The allegations of Paragraph 8 are denied.

IX.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 are admitted.

XI.

There are no allegations contained in Paragraph 11.

XII.

The allegations of Paragraph 12 require no answer from this defendant.

XIII.

The allegations of Paragraph 13 require no answer from this defendant.

XIV.

The allegations of Paragraph 14 require no answer from this defendant.

XV.

The allegations of Paragraph 15 require no answer from this defendant.

## XVI.

The allegations of Paragraph 16 are admitted.

## XVII.

The allegations of Paragraph 17 contain legal conclusions for which no answer is necessary.

## XVIII.

The allegations of Paragraph 18 contain legal conclusions for which no answer is necessary; however, to the extent an answer may be deemed necessary, the allegations are denied insofar as they concern this defendant.

## XIX.

The allegations of Paragraph 19 require no answer from this defendant.

## XX.

The allegations of Paragraph 20 require no answer from this defendant.

## XXI.

The allegations of Paragraph 21 require no answer from this defendant.

## XXII.

The allegations of Paragraph 22 require no answer from this defendant.

## XXIII.

Defendant denies the allegations of Paragraph 23 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 23 is denied as written insofar as they concern this defendant.

## XXIV.

The allegations of Paragraph 24 are denied insofar as they concern this defendant.

XXV.

The allegations of Paragraph 25 are denied insofar as they concern this defendant.

XXVI.

Defendant denies the allegations of Paragraph 26 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 26 is denied as written insofar as it concerns this defendant.

XXVII.

The allegations of Paragraph 27 are denied insofar as they concern this defendant.

XXVIII.

Defendant denies the allegations of Paragraph 28 to the extent they state or imply any fault, negligence, or liability on the part of this defendant.

XXIX.

Defendant denies the allegations of Paragraph 29 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 29 is denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 are denied insofar as they concern this defendant.

XXXI.

Defendant admits  the allegations of Paragraph 31.

XXXII.

Defendant denies the allegations of Paragraph 32 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 32 is denied for lack

of sufficient information to justify a belief therein.

XXXIII.

The allegations  of Paragraph 33 is denied insofar as this defendant is concerned.

XXXIV.

The allegations of Paragraph 34 are admitted.

XXXV.

The allegations of Paragraph 35 are denied insofar as this defendant is concerned.

XXXVI.

The allegations of Paragraph 36 are denied as written.

XXXVII.

The allegations of Paragraph 37 are denied insofar as this defendant is concerned.

XXXVIII.

The allegations of Paragraph 38 require no answer from this defendant.

XXXIX.

Defendant denies the allegations of Paragraph 39 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 39 is denied for lack of sufficient information to justify a belief therein.

XL.

Defendant denies the allegations of Paragraph 40 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 40 is denied for lack of sufficient information to justify a belief therein.

## XLI.

The allegations of Paragraph 41 are denied insofar as they concern this defendant.

## XLII.

The allegations of Paragraph 42 are denied insofar as they concern this defendant.

## XLIII.

The allegations of Paragraph 43 require no answer from this defendant.  However, to the extent an answer may be deemed necessary, the allegations of Paragraph 43 are denied.

## XLIV.

The allegations of Paragraph 44 require no answer from this defendant.

## XLV.

The allegations of Paragraph 45 require no answer from this defendant.

## XLVI.

The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

## XLVII.

The allegations of Paragraph 47 are denied insofar as they concern this defendant. Further answering, this defendant did not receive notice of alleged complaints.

## XLVIII.

The allegations of Paragraph 48 are denied insofar as they concern this defendant.  Further answering, this defendant did not receive notice of the alleged complaints.

## XLIX.

Defendant denies the allegations of Paragraph 49 to the extent they state or imply any fault,

negligence, or liability on the part of this defendant.  Further answering, this defendant did not receive notice of the alleged complaints.

## L.

The allegations of Paragraph 50 are denied insofar as they concern this defendant.

## LI.

The allegations of Paragraph 51 are denied insofar as they concern this defendant.

## LII.

The allegations of Paragraph 52 are admitted.

## LIII.

The allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

## LIV.

Except to admit the existence of levee and/or flood wall breaches at the 17th Street Canal and the London Avenue Canal, the allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

## LV.

The allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

## LVI.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LVII.

The allegations of Paragraph 57 are denied insofar as they concern this defendant.

LVIII.

The allegations of Paragraph 58 are denied.

LIX.

The allegations of Paragraph 59 are denied insofar as they concern this defendant.

LX.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LXI.

The allegations of Paragraph 61 are denied insofar as they concern this defendant.

LXII.

Defendant denies the allegations of Paragraph 62 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 62 is denied for lack of sufficient information to justify a belief therein.

LXIII.

The allegations of Paragraph 63 are denied.

LXIV.

The allegations of Paragraph 64 contain legal conclusions for which no answer is necessary, however to the extent that an answer is deemed necessary, the allegations of Paragraph 64 are denied as written.

LXV.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LXVI.

The allegations of Paragraph 66 are denied insofar as they concern this defendant.

LXVII.

The allegations of Paragraph 67 are denied insofar as they concern this defendant.

LXVIII.

The allegations of Paragraph 68 are denied insofar as they concern this defendant.

LXIX.

The allegations of Paragraph 69 are denied insofar as this defendant is concerned.

LXX.

Defendant denies the allegations of Paragraph 70 are denied insofar as this defendant is concerned.

LXXI..

The allegations of Paragraph 71 are denied insofar as this defendant is concerned.

LXXII.

Defendant realleges and reavers, in their entirely, all answers and defenses previously plead as if copied *in extenso*.

LXXIII.

The allegations of Paragraph 73 are denied insofar as this defendant is concerned.

LXXIV.

The allegations of Paragraph 74 are denied insofar as this defendant is concerned.

LXXV.

The allegations of Paragraph 75 are denied insofar as this defendant is concerned.

LXXVI.

The allegations of Paragraph 76 are denied insofar as this defendant is concerned.

LXXVII..

The allegations of Paragraph 77 are denied insofar as this defendant is concerned.

LXXVIII.

Defendant realleges and reavers, in their entirely,  all answers and defenses previously plead as if copied *in extenso*.

LXXIX.

The allegations of Paragraph 79 are denied insofar as this defendant is concerned.

LXXX.

The allegations of Paragraph 80 are denied insofar as this defendant is concerned.

LXXXI.

The allegations of Paragraph 81 are denied insofar as this defendant is concerend.

LXXXII.

The allegations of Paragraph 82 are admitted.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, that it be granted a trial by jury and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs,

-15-

dismissing all of plaintiffs' claims, with prejudice, and at plaintiffs' cost.

Respectfully submitted,

_____
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492


-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 3rd day of January, 2007.

_____

-16-