## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| _____ | * | JUDGE DUVALL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:     06-4634 (ADAMS) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

### ANSWER TO CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, The Board of Commissioners for the Orleans Parish Levee District, and for answer to plaintiffs' Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

-1-

### THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

### FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm. *See* La. R.S. 9:2800.

### FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied. *See* La. R.S. 9:2800.

### SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

### SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

### EIGHTH DEFENSE

Defendant affirmatively pleads the doctrine of Lis Pendens.

### NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were

negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through

the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c).

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle  for any of the alleged injuries and damages with any persons

or should receive any funds from an insurer or federal or state agency, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

### TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

### TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges that it cannot be held liable to plaintiffs (and members of the putative class) when it was in compliance with the designs, plans, specifications, and requirements or the United States Army Corps of Engineers or others.  To the extent that same is applicable, defendant specifically pleads the Government Contractor Defense.

### TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class

action.

## TWENTY-SEVENTH DEFENSE

Defendant affirmatively pleads improper and/or inconvenient venue.

## TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

## TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

## THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

## THIRTY FIRST DEFENSE

Defendants are immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.17.

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Board of Commissioners for the Orleans Levee District, admit, deny and aver as follows:

1.

The allegations of the first unnumbered paragraph are denied for lack of specific information to justify a belief therein.

1a.

The allegations of the second unnumbered paragraph are denied.

-6-

1b.

The allegations of Paragraph 1 are admitted.

2.

Defendant admits that ir conducts business within this judicial district which is in the state of Louisiana.

3.

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 contain legal conclusions for which no answer is necessary, however, to the extent that an answer is deemed necessary, the allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 contain legal conclusions for which no answer is necessary, however, to the extent an answer is deemed necessary, the allegations of Paragraph 5 are admitted.

6.

The allegations of Paragraph 6 contain legal conclusions for which no answer is necessary, however, to the extent an answer is deemed necessary, the allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 contain legal conclusions for which no answer is necessary, however, to the extent an answer is deemed necessary, the allegations of Paragraph 7 are admitted.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  To the extent an answer may be deemed necessary, the allegations of Paragraph 11 are denied.

12.

Except to admit defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes, the allegations of Paragraph 12 require no answer from this defendant.

13.

The allegations of Paragraph 13 are admitted.

14.

Except to admit the existence of Hurricane Katrina, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

Except to admit that Hurricane Katrine made landfall on August 29, 2005, the allegations of

-8-

Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Except to admit the existence of levee wall/flood wall breaches along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

Except to admit the existence of levee wall/flood wall breaches along the 17th Street Canal, the London Avenue Canal, and the Industrial Canal, the allegations of Paragraph 18 are denied insofar as they allege any fault on the part of this defendant.

19.

The allegations of Paragraph 19 are admitted insofar as the levee/flood walls were constructed with an I-wall design; the balance of Paragraph 19 is denied insofar as the stated document is the best evidence of its content.

20.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 23 are admitted to the extent that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal levees did breach in certain areas.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are admitted.

26.

The allegations of Paragraph 26 are admitted insofar as portions of the 17th Street Canal, London Avenue Canal, and Industrial Canal were breached.

27.

The allegations of Paragraph 27 are denied insofar as they concern this defendant.

28.

The allegations of Paragraph 28 (1) require no answer from this defendant.

29.

The allegations of Paragraph 28(2) require no answer from this defendant.

30.

The allegations of Paragraph 28(3) require no answer from this defendant.

-10-

31.

The allegations of Paragraph 28(4) require no answer from this defendant.

32.

The allegations of Paragraph 28(5) require no answer from this defendant.

33.

The allegations of Paragraph 28(6) require no answer from this defendant.

34.

The allegations of Paragraph 28(7) require no answer from this defendant.

35.

The allegations of Paragraph 28(8) require no answer from this defendant.

36.

The allegations of Paragraph 28(9) require no answer from this defendant.

37.

The allegations of Paragraph 28(10) require no answer from this defendant.

38.

Except to admit defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes, the allegations of Paragraph 28(11) are denied.

39.

The allegations of Paragraph 28(12) require no answer from this defendant.

40.

The allegations of Paragraph 28(13) require no answer from this defendant.

-11-

41.

The allegations of Paragraph 28(14) require no answer from this defendant.

42.

The allegations of Paragraph 28(15) require no answer from this defendant.

43.

The allegations of Paragraph 28(16) require no answer from this defendant.

44.

The allegations of Paragraph 28(17) require no answer from this defendant.

45.

The allegations of Paragraph 29 are denied.

46.

The allegation of Paragraph 30 contain legal conclusions for which no answer is necessary, however, to the extent an answer may be deemed necessary, the allegations of Paragraph 30 are denied.

47.

The allegations of Paragraph 31 are denied insofar as this defendant is concerned.

48.

Except to admit that breaches in the 17th Street and London Avenue Canal, the allegations of Paragraph 32 are denied.

49.

The allegations of Paragraph 33 are denied insofar as this defendant is concerned.

-12-

50.

The allegations of Paragraph 34 require no answer.   To the extent an answer may be deemed necessary, the allegations of Paragraph34 are denied.

51.

The allegations of Paragraph 35 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of Paragraph 36 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 37 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 38 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 39 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary,

-13-

the allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations of Paragraph 39 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein

57.

The allegations of Paragraph 40 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein

58.

The allegations of Paragraph 41 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein

59.

The allegations of Paragraph 42 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein

60.

The allegations of Paragraph 43 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein

61.

The allegations of Paragraph 44 are denied.

62.

The allegations of Paragraph 45 (A) - (E) contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 45 (A) - (E) are denied.

63.

The allegations of Paragraph 46 are denied.

64.

The allegations contained in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 48 are admitted.

**WHEREFORE,** defendant, The Board of Commissioners for the Orleans Levee District, prays that this answer be deemed good and sufficient, and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully, submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
JAMES C. RATHER, JR. (#25839)
KYLE P. KIRSCH (#26363)

-15-

ANDRE J. LAGARDE (#28649)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-


JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all

counsel of record by email and/or placing same in the U.S. Mail, postage prepaid and properly

addressed this _3rd_ day of January, 2007.

-16-