UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                        CIVIL ACTION
CONSOLIDATED LITIGATION

                                                           NO. 05-4182

PERTAINS TO:                                          SECTION "K"(2)
05-4181, 05-5237, 05-6073, 05-6314
05-6324, 05-6327,  06-0225, 06-0886,
06-2278, 06-2287, 06-2545, 06-2346

ORDER AND REASONS

Before the Court is the Sewerage and Water Board of New Orleans' Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 563) in which the Sewerage and Water Board of New

Orleans ("SWB") seeks dismissal based on its contention that it had no garde and/or care,

custody or control of the levees or the floodwalls and that the United States Corps of Engineers

had the sole mandate and legal responsibility concerning the levees.   Having reviewed the

pleadings, memoranda, and the relevant law, the Court will deny this motion.

**Standard Under Rule 12(b)(6)**

When a defendant attacks the complaint because it fails to state a legally cognizable

claim, Rule 12(b)(6) provides the appropriate challenge.  The test for determining the sufficiency

of a complaint under Rule 12(b)(6) is that "'a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief.'"   *Id. citing Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957).  The Fifth Circuit explained:

> Subsumed within the rigorous standard of the *Conley* test is the
> requirement that the plaintiff's complaint be stated with enough clarity to enable a
> court or an opposing party to determine whether a claim is sufficiently alleged.

> *Elliott v. Foufas,* 867 F.2d 877, 880 (5ᵗʰ Cir. 1989).  Further, "the plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities, Inc.* 94 F.3d 189, 194 (5ᵗʰ Cir. 1996).  This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt*, 561 F.2d at 608.  In other words, a motion to dismiss an action for failure to state a claim"admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5ᵗʰ Cir. 1992).  Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory.  *Cinel v. Connick*, 15 F.3d 1338, 1341 (5ᵗʰ Cir. 1994).

*Id*. at 161-62.

**Analysis**

Plaintiffs contend, *inter alia,* that the SWB, has been responsible for drainage since 1896. Plaintiffs allege that the SWB  negligently interfered with the Corps with respect to the drainage canals and the installation of tidal gates and pumps at the drainage canal outfalls.   They also contend that in 1988 the SWB  deepened and widened the 17ᵗʰ St. Canal which allegedly weakened the floodwalls. SWB also allegedly failed to investigate properly the water pooling at the 17ᵗʰ St. Canal and to disseminate  their knowledge that the pooled water emanated from the canal.  Plaintiffs further contend that the SWB had garde of the shores along the canals and moreover had garde of the canals themselves.

These are factual allegations which are more appropriate for disposition by motion for summary judgment rather than a motion to dismiss.  Since the Court has found the SWB not immune under La. Rev. Stat. 29:735 and for the purposes of this Rule 12(b)(6) motion the Court must accept plaintiffs' allegations as true, the motion to dismiss must be denied.  *See Kelly v. Boh Bros. Construction Co., Inc.*, 694 So.2d 463  (La. App. 5ᵗʰ Cir. 1997) (Orleans Levee Board and

SWB found jointly liable for dredging project in 17th Street Canal); *see also Eschete v. City of New Orleans and Sewerage and Water Board*,  231 So.2d 725 (La. App. 4th Cir. 1970) (SWB found to have control over construction, maintenance and operation of city drainage system). Accordingly,

      **IT IS ORDERED** that the Sewerage and Water Board of New Orleans' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 563) is **DENIED**.

      New Orleans, Louisiana, this   29th  day of December, 2006.

 

 

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**