

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATION LITIGATION | :  CIVIL ACTION<br>:<br>:  NO. 05-4182  "K" (2)<br>:<br>:  JUDGE DUVAL<br>:<br>:  MAGISTRATE WILKINSON<br>: |
| LEVEE<br>PERTAINS TO: NO. 06-5032 | |

---

### ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
### TO COMPLAINT OF NATHANIEL JOSEPH, ET AL.

---

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action complaint of Nathaniel Joseph, et al., ("plaintiffs"), on behalf of themselves and all others similarly situated, respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the

Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with flood protection for the Industrial Canal.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint arose from *force majeure,* Act of God, and other causes beyond the control or responsibility of Modjeski.

### FIFTH AFFIRMATIVE DEFENSE

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

### SIXTH AFFIRMATIVE DEFENSE

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

### EIGHTH AFFIRMATIVE DEFENSE

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal question jurisdiction based upon government contractor status, which Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

### TENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds

from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

### ELEVENTH AFFIRMATIVE DEFENSE

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

### MODJESKI'S ANSWER TO THE COMPLAINT

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph I.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph II.

3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph III, and, therefore denies each and every allegation contained therein, except it admits in regard to paragraph III (10) that it is a non-Louisiana corporation authorized to do business in the State of Louisiana and is doing business in New Orleans, Louisiana.

4.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph IV, except to admit that it was doing business in New Orleans, Louisiana on August 29, 2005, and thereafter.

5.

Modjeski denies the allegations of paragraphs V through VIII.

6.

Modjeski denies the allegations of paragraphs IX and X.

7.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XI, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the east of the City of New Orleans.

8.

Modjeski admits that the purpose of the levees and floodwalls is to provide flood protection, and is without knowledge or information sufficient to justify a belief as to the truth of the remaining allegations of paragraph XII, and, therefore, denies each and every remaining allegation contained therein.

9.

Modjeski denies the allegations of paragraph XIII.

10.

Modjeski denies the allegations of paragraph XIV.

11.

Modjeski denies the allegations of paragraph XV.

12.

Modjeski denies the allegations of paragraph XVI, except to admit that the floodwalls along the Industrial Canal have "I-Wall" and "T-Wall" sections, is without knowledge or information sufficient to justify a belief as to the truth of the allegations regarding London Avenue floodwalls, and refers to the drawings and specifications for the project entitled "Excavation and Flood Protection – 17th Street Canal, Capping of

Floodwalls, East Side Levee Improvements," for the design and configuration of the floodwall on the east side of the 17th Street Canal.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph XVII, and therefore denies each and every allegation contained therein.

14.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs XVIII and XIX, and, therefore denies each and every allegation contained therein.

15.

Modjeski denies the allegations of paragraphs XX through XXXI.

16.

Modjeski denies the allegations of paragraph XXXII.

17.

Modjeski denies the allegations of paragraph XXXIII(A)(4), and is without knowledge or information sufficient to justify a belief as to the truth of the remaining

allegations of paragraph XXXIII, and therefore, denies each and every remaining allegation contained therein.

18.

Modjeski denies the allegations of paragraphs XXXIV and XXXV.

19.

The allegations of paragraph XXXVI require no response. To the extent that a response is required, Modjeski denies the allegations of paragraph XXXVI.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

_____
Francis J. Barry, Jr., T.A. (#02830)
Email: fbarry@dkslaw.com
Keith J. Bergeron (#26574)
Email: kbergeron@dkslaw.com
Frederick R. Bott (#03285)
Email: fbott@dkslaw.com
Scott J. Hedlund (#30549)
Email: shedlund@dkslaw.com
       of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the above and foregoing Answer on behalf of Modjeski and Masters, Inc. have been served this 27th day of December, 2006, by e-mail or by placing same in the United States Mail, postage prepaid and properly addressed to the following counsel of record:

Attorney for plaintiffs
Marion Overton White, Esq.
511 E. Landry Street
Opelousas, LA 70570
337-948-8296

Attorney for Board of Commissioners for
the Orleans Levee District
Thomas P. Anzelmo, Esq.
McCraine, Sistrunk, Anzelmo, Hardy,
Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
504-831-0946
504-831-2492 - fax
Tanzelmo@mcsalaw.com

Attorney for St. Paul Fire & Marine Ins. Co.
Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
504-568-1990
504-310-9195
rhubbard@lawla.com

Attorney for Boh Bros. Construction Co., Inc.
Michael R.C. Reiss, Esq.
Kingsmill Riess, LLC
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170-3300
504-581-3300
504-581-3310 - fax
mriess@kingsmillriess.com

Attorney for James Construction Group LLC
Richard John Tyler, Esq.
Jones Walker Waechter, Poitevent,
Carrere & Denegre
Place St. Charles
201 St. Charles Ave., 50th floor
New Orleans, LA 70170-5100
504-582-8266
504-582-8583
rtyler@joneswalker.com

Attorney for Sewerage and Water Board of New Orleans
George R. Simno, III, Esq.
Sewerage and Water Board Legal Department
625 St. Joseph Street, Room 201
New Orleans, LA 70165
504-582-2242
gsimno@swbno.org

_____
Keith J. Bergeron

#292750v1<DKS> -answer - Joseph