

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>            CONSOLIDATION LITIGATION | :  CIVIL ACTION<br>:<br>:  NO. 05-4182  "K" (2)<br>:<br>:  JUDGE DUVAL<br>:<br>:  MAGISTRATE WILKINSON<br>: |
| LEVEE<br>PERTAINS TO: NO. 06-5042 | |

### ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
### TO COMPLAINT OF RUBEN COHEN, ET AL.

Modjeski and Masters, Inc. ("Modjeski"), for answer to the purported class action complaint of Ruben Cohen, et al., ("plaintiffs"), on behalf of themselves and all others similarly situated, respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the

Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings. According, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action against Modjeski.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with flood protection for the Industrial Canal.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD"). The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps"). OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces. Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

### FIFTH AFFIRMATIVE DEFENSE

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

**SIXTH AFFIRMATIVE DEFENSE**

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal question jurisdiction based upon government contractor status, which Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

**TENTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds

from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

**MODJESKI'S ANSWER TO THE COMPLAINT**

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 1.

2.

Modjeski denies the allegations of paragraph 2.

3.

Modjeski denies the allegations of paragraphs 3 and 4.

4.

Modjeski denies the allegations of paragraphs 5 through 10.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 11 through 17.

6.

Modjeski denies the allegations of paragraph 18.

7.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 19, and, therefore denies each and every allegation contained therein, except it admits in regard to paragraph 19 (e) that it is a non-Louisiana corporation.

8.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 20, except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the east of the City of New Orleans.

9.

Modjeski denies the allegations of paragraphs 21 through 24.

10.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 25 through 30, and therefore denies each and every allegation contained therein.

11.

Modjeski denies the allegations of paragraph 31 except to admit it produced the drawings and specifications for the project entitled "Excavation and Flood Protection – 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements".

12.

Modjeski denies the allegations of paragraph 32.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 33 through 69, and therefore denies each and every allegation contained therein.

14.

Modjeski denies the allegations of paragraph 70.

15.

Modjeski denies the allegations of paragraph 71.

16.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 72 and 73, and therefore denies each and every allegation contained therein.

17.

Modjeski denies the allegations of paragraphs 74 through 80.

18.

The allegations of paragraph 81 require no response. To the extent that a response is required, Modjeski denies the allegations of paragraph 81.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

*/s/ Keith J. Bergeron*
Francis J. Barry, Jr., T.A. (#02830)
Email: fbarry@dkslaw.com
Keith J. Bergeron (#25574)
Email: kbergeron@dkslaw.com
Frederick R. Bott (#03285)
Email: fbott@dkslaw.com
Scott J. Hedlund (#30549)
Email: shedlund@dkslaw.com
   of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
Attorneys for Modjeski and Masters, Inc.,
Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of the above and foregoing Answer have been served this 27th day of December, 2006, by e-mail or by placing same in the United States Mail, postage prepaid and properly addressed to the following counsel of record:

Attorney for plaintiffs
Keith Michael Couture, Esq.
Keith Couture Law Firm
1341 W. Causeway Approach
Mandeville, LA 70471
985-674-4428
985-867-9540 - fax
keithcouture@bellsouth.net

Attorney for Board of Commissioners for
the Orleans Levee District
Thomas P. Anzelmo, Esq.
McCraine, Sistrunk, Anzelmo, Hardy,
Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
504-831-0946
504-831-2492 - fax
Tanzelmo@mcsalaw.com

Attorney for St. Paul Fire & Marine Ins. Co.
Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
504-568-1990
504-310-9195
rhubbard@lawla.com

Attorney for Boh Bros. Construction Co., Inc.
Michael R.C. Reiss, Esq.
Kingsmill Riess, LLC
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170-3300
504-581-3300
504-581-3310 - fax
mriess@kingsmillriess.com

Attorney for Pittman Construction Co., Inc.
Lawrence D. Wiedemann
Wiedemann & Wiedemann
821 Baronne St.
New Orleans, LA 70113
(504) 581-6180
wiedemannlaw@gmail.com

Attorney for Burk-Kleinpeter, Inc.
Charles F. Seemann, Jr., Esq.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130
504-593-0646
504-566-1201
cseemann@dkslaw.com

Attorney for B & K Construction Co., Inc.
Herman C. Hoffmann, Jr., Esq.
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras Street, 30th floor
New Orleans, LA 70163-3000
504-569-2030
504-569-2999
hhoffmann@spsr-law.com

Attorney for Eustis Engineering Co., Inc.
Thomas F. Gardner, Esq.
Gardner & Kewley, APLC
1615 Metairie Road
Metairie, LA 70005
504-832-7222
504-832-7223 - fax
gardner@bayoulaw.com

Attorney for Sewerage & Water Board of New Orleans
George R. Simno, III, Esq.
Sewerage & Water Board Legal Department
625 St. Joseph Street, Room 201
New Orleans, LA 70165
504-585-2242
gsimno@swbno.org

Attorney for United States of America
Catherine J. Finnegan, Esq.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20044
(202) 616-4916
(202) 616-5200 - fax

_____
Keith J. Bergeron

#292858v1<DKS> -answer - Cohen