UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES   * | | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION    * | | |
| * | | SECTION "K" |
| * | | |
| PERTAINS TO:   * | | MAGISTRATE (2) |
| ALL LEVEE, MRGO    * | | |
| RESPONDER CASES AND TO    * | | JUDGE DUVAL |
| NO.   06-4389    * | | |
| 06-6099    * | | MAGISTRATE WILKINSON |
| * | | |

* * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO THE STATE'S MOTION FOR SANCTIONS**

**MAY IT PLEASE THE COURT:**

Obviously annoyed over the fact that plaintiffs' counsel spit in the faces[1] of the police "goons" who the State of Louisiana sicked on counsel in the aftermath of Hurricane KATRINA, and bewildered by counsel's refusal to be intimated by other members of its "goon squad", the rich and powerful State of Louisiana is seeking protection from Ashton R. O'Dwyer, Jr. and has filed a Motion for Sanctions, alleging that the State requires the intervention of This Honorable Court in order to protect it from his "harassment".

Plaintiffs offer the following arguments in opposition to the State's Motion for Sanctions:

---

[1]  Figuratively rather than literally, of course.

-1-

1) Plaintiffs' counsel is not guilty of sanctionable conduct. Rather, it is lawyers within the Louisiana Department of Justice who This Honorable Court should sanction. Refer to Record Document No. 2382, which is Plaintiffs' Motion to Disqualify the Louisiana Department of Justice in "Victims of KATRINA" litigation as a sanction for the LDOJ's outrageous criminal conduct directed at plaintiffs' counsel.

2) Counsel is not guilty of sanctionable conduct. Refer to the Affidavit of Ashton R. O'Dwyer, Jr., appended hereto and marked for identification as Exhibit No. 1.

3) The causes of action asserted by plaintiffs against the State of Louisiana, State agencies, and individuals employed by the State, in the cases being the subject of the State's Motion for Sanctions are meritorious, and the State has waived sovereign immunity for the claims asserted by plaintiffs. Article XII §10(A) of the Louisiana Constitution of 1974. See also LSA-R.S. 9:2798.1.

4) Plaintiffs aver that the State of Louisiana, its agencies, etc., have received untold millions of dollars from the Federal Government, both prior to and since Hurricane KATRINA, and plaintiffs should be allowed to conduct discovery into what conditions the Federal Government may have imposed upon the State, its agencies, etc. in consideration for the receipt of those federal funds.

5) Plaintiffs aver that the State of Louisiana, its agencies, etc. have waived Eleventh Amendment Immunity by virtue of persistent and systematic invocation of the jurisdiction of the Federal Court system in Louisiana.[2]

6) Eleventh Amendment Immunity has been misconstrued.  Refer to separate Memorandum directed to this issue, appended hereto and marked for identification as Exhibit No. 2.

7) The United States Court of Appeals for the Fifth Circuit has not yet ruled on the District Court's summary dismissal of the State defendants in Civil Action No. 05-4181, which plaintiffs maintain was erroneous.

8) Even if plaintiffs' counsel was guilty of sanctionable conduct, which is denied, he sued the State of Louisiana, its agencies, etc. in State Court in the matter entitled:  "Maureen O'Dwyer vs. Louisiana Department of Transportation and Development", being No. 2006-8322 on the docket of the Civil District Court for the Parish of Orleans, and that action was removed to This Honorable Court from State Court by one of the defendants, and now bears Civil Action No. 06-5786.  Accordingly, the merits of the claims against the State defendants in No. 06-5786 will have to be litigated in the federal forum, regardless of whether plaintiffs' claims against State defendants are immunized by Eleventh Amendment, or by anything else, in Civil Action Nos. 06-4389 and 06-6099.

Plaintiffs respectfully submit that the State's Motion for Sanctions should be denied, and the Louisiana Department of Justice should be disqualified from representing the State, its agencies, etc., in all Victims of KATRINA litigation.

---

[2]  Two such actions bear Civil Action Nos. 05-4157 and 06-3813 on the docket of this Court.

-4-

                        S/Ashton R. O'Dwyer, Jr.
**Ashton R. O'Dwyer, Jr.**
**Law Offices of Ashton R. O'Dwyer, Jr.**
Bar No. 10166
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
Tel.: (504) 561-6561
Fax. (504) 561-6560

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record; I further certify that I E-mailed the foregoing document to the non-CM/ECF participants.

                        **S/Ashton R. O'Dwyer, Jr.**