UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION NO.: 05-4182 |
| CONSOLIDATED LITIGATION | * | JUDGE DUVAL |
| | * | MAG. JUDGE CHASEZ |
| ****************************************** | | SECTION "K-5" |

THIS PLEADING PERTAINS TO:

| | | |
|---|---|---|
| WINSTON, SR. & DONNA AARON, ET AL. | * | CIVIL ACTION NO.: 06-4746 |
| | * | |
| vs. | * | SECTION: "J-5" |
| | * | |
| AIG CENTENNIAL INSURANCE COMPANY, | * | JUDGE DUVAL |
| ET AL. | * | |
| | * | MAG. JUDGE WILKINSON |
| ************************************************ | | |

**DEFENDANTS, FIDELITY NATIONAL INSURANCE COMPANY AND FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S, ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW, the Defendants, Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company, (hereinafter collectively "Fidelity") Write-Your-Own ("WYO") Program carriers participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (the "NFIA"),

1

and appearing herein in their fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] as well as on behalf of any other insurance Fidelity may write in Louisiana, and files the following as their Answer and Affirmative Defenses to the Plaintiffs' Complaint for Damages, to wit:

ANSWER

1.

The allegations contained in paragraph 1 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

2.

The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

4.

The allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

5.

The allegations contained in paragraph 5 of the Plaintiffs' Complaint are denied that

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] 42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

jurisdiction is vested through 28 U.S.C. § 1369, admitted that jurisdiction is proper pursuant to 28 U.S.C. § 1331, and denied as to 42 U.S.C. § 4053, as the NFIP no longer operates under Part A of said Program, however, jurisdiction is proper pursuant to 42 U.S.C. § 4072.

6.

The allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

7.

The allegations contained in paragraph 7 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

8.

The allegations contained in paragraph 8 of the Plaintiffs' Complaint are admitted.

9.

The allegations contained in paragraph 9 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

10.

The allegations contained in paragraph 10 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

11.

The allegations contained in paragraph 11 of the Plaintiffs' Complaint are denied due to lack of sufficient information upon which to base a belief.

12.

The allegations contained in paragraph 12 of the Plaintiffs' Complaint are denied due to lack

of sufficient information upon which to base a belief.

13.

The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied.

14.

The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied.

15.

The allegations contained in paragraph 15 of the Plaintiffs' Complaint are denied.

16.

The allegations contained in paragraphs 16 - 27 of the Plaintiffs' Complaint are denied, including the right to trial by jury.

17.

Fidelity denies that the Plaintiffs are entitled to the relief sought in their prayer for relief following paragraph 27 of the Complaint.

**AFFIRMATIVE DEFENSES**

AND NOW IN FURTHER ANSWER, come Defendants, Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company, to assert to following Affirmative Defenses, to wit:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which this Honorable Court may grant relief as to Fidelity.

SECOND DEFENSE

The Supremacy Clause of the U.S. Constitution, as well as the separation of powers doctrine,

precludes the reformation of the Standard Flood Insurance Policy, as it is a codified federal regulation found at 44 C.F.R. Part 61, App. A(1)(2004 edition).

## THIRD DEFENSE

As all claims under the Standard Flood Insurance Policy are made with U.S. Treasury funds out of segregated accounts, maintained by the WYO Carrier in Compliance with the "Arrangement," all payments must be in conformity with the Appropriations Clause of the U.S. Constitution.

## FOURTH DEFENSE

Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the Standard Flood Insurance Policy, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required.

## FIFTH DEFENSE

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by the WYO Carrier. The only person who may make such a waiver is the Federal Insurance Administrator, and it must be made in writing. See Article VII(D) of the SFIP; see also 44 C.F.R. §61.13(d).

## SIXTH DEFENSE

The Standard Flood Insurance Policy at issue in this lawsuit was written by the United States Government (not by the WYO Carrier), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the National Flood Insurance Program.

SEVENTH DEFENSE

Defendant, Fidelity, is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Fidelity's logo.  Fidelity agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency.  Fidelity does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program.  The Federal Insurance Administration is the sole authority.

EIGHTH DEFENSE

Defendant avers that "Definitions" set forth in Article II of the Standard Flood Insurance Policy must be strictly construed, interpreted and enforced.

NINTH DEFENSE

The Declarations Page constitutes representations <u>by the applicant</u> for insurance to the insurer (the WYO Carrier); the Declarations Page does not contain representations of the WYO Carrier. See Article II, Definitions of "Declarations Page"; see also Article II, Definitions of "Application" in the policy.

TENTH DEFENSE

Fidelity pleads that Plaintiff has failed to meet all of the conditions precedent for filing a lawsuit against the WYO Carrier, as required by 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

ELEVENTH DEFENSE

Defendant pleads Article VII(J), Requirements in Case of Loss, setting forth the requirements

for presentation of a flood claim under the Standard Flood Insurance Policy as an affirmative defense. Plaintiff must strictly comply with every requirement under Article VII(J), including proof of loss.

## TWELFTH DEFENSE

Defendant pleads as an affirmative defense the limitations set forth in Article III, A. Coverage A – Building Property, regarding those items that are specifically covered under the Standard Flood Insurance Policy.

## THIRTEENTH DEFENSE

Defendant pleads as an affirmative defense the limitations set forth in Article III, B. Coverage B – Personal Property.

## FOURTEENTH DEFENSE

Defendant pleads as an affirmative defense the limitations set forth in Article III, Coverage C – Other Coverages, regarding Debris Removal, Loss Avoidance Measures, and Pollution Damages.

## FIFTEENTH DEFENSE

Defendant pleads as an affirmative defense Article IV, Property Not Covered, and all subparts contained therein.

## SIXTEENTH DEFENSE

Defendant pleads as an affirmative defense Article V, Exclusions, and all subparts thereto, of the Standard Flood Insurance Policy.

## SEVENTEENTH DEFENSE

All extra-contractual claims against Fidelity are preempted and barred by federal

constitutional, statutory, and regulatory law.

## EIGHTEENTH DEFENSE

If there was no meeting of the minds between the parties as to the property to be insured, the policy is void.

## NINETEENTH DEFENSE

The SFIP only pays "for direct physical loss by or from flood" under the conditions contained in Article I, "Agreement," as stated in the SFIP.

## TWENTIETH DEFENSE

The Plaintiff has failed to submit a timely signed and sworn Proof of Loss which conforms to the requirements of Article VII(J)(4) of the SFIP.

## TWENTY-FIRST DEFENSE

Federal law governs the SFIP, not state law. See 44 C.F.R. part 61, App. A(1), Art. IX.

## TWENTY-SECOND DEFENSE

Fidelity cannot be liable under state law for obeying the mandates of federal law.

## TWENTY-THIRD DEFENSE

Pursuant to 44 C.F.R. 61.5(e), any representations regarding the extent and scope of coverage that are inconsistent with the terms of the SFIP are void as a matter of federal law, and the insurance agent acts for the insured, not Fidelity.

## TWENTY-FOURTH DEFENSE

The question of whether the Plaintiff is entitled to anything, and if so how much, is strictly governed by the federal laws, rules and regulations applicable to this matter, and all of the policy's terms and conditions as set forth in the SFIP which can be found 44 C.F.R. Part 61, App. A(1),

together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## TWENTY-FIFTH DEFENSE

The contents coverage under a SFIP is always on an actual cash value basis (ACV), such that any damages awarded to the Plaintiff would also have to be based on an ACV basis.  See Article VII(V)(4)(e)-(h) of the SFIP.

## TWENTY-SIXTH DEFENSE

All persons are charged with knowledge of the published federal laws, rules and regulations, and the SFIP is itself codified and found at 44 C.F.R. Part 61, App. A(1).  Furthermore, per U.S. Supreme Court precedents, the Plaintiff has an obligation to familiarize himself with the terms and conditions for participating in this federal program.

## TWENTY-SEVENTH DEFENSE

Under the McCarren-Ferguson Act, including but not limited to 15 U.S.C. § 1012(b), federal law (not state law) governs this federal program.

## TWENTY-EIGHTH DEFENSE

Fidelity pleads the limitations on coverage contained in 44 C.F.R. § 61.4.

## TWENTY-NINTH DEFENSE

As NFIP does not explicitly grant the right to a trial by jury and as any claims in this matter would be paid with U.S. Treasury funds, the Plaintiffs are not entitled to a trial by jury.

## THIRTIETH DEFENSE

As to the claims of the Plaintiffs rise from contract, any of the Plaintiffs who has no contract with Fidelity cannot assert a claim against Fidelity.

## THIRTY-FIRST DEFENSE

Fidelity pleads *lis pendens* as to the claims of certain of the Plaintiffs.

## THIRTY-SECOND DEFENSE

Plaintiffs' Complaint is impermissibly vague.

## THIRTY-THIRD DEFENSE

Fidelity has no motive to engage in any scheme to pay anything less than top dollar value as to any claim, as Fidelity is paid by the Federal Government 3.3% of all monies it pays out in claims. See, 44 C..F.R. Part 62, Appendix A, Article III(C)(1).

## THIRTY-FOURTH DEFENSE

Fidelity has paid all amounts properly payable.

## THIRTY-FIFTH DEFENSE

As to any Plaintiffs with a Fidelity policy which is not a flood policy, said policy contains an exclusion against rising water.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendants reserve the right to supplement and amend this answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE THE DEFENDANTS, Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company, pray that this Answer and Affirmative Defenses be found good, and all claims of the Plaintiffs will be dismissed with prejudice, and that all costs and expenses will be taxed to the Plaintiffs.

Respectfully submitted,
NIELSEN LAW FIRM, L.L.C.

>  */s/ William R. DeJean*
> GERALD J. NIELSEN, La. S.B. 17078
> WILLIAM R. DEJEAN, La. S.B. 22762
> 3838 N. Causeway Blvd., Suite 2850
> Metairie, Louisiana 70002
> Tel. (504) 837-2500
> Fax (504) 832-9165
> Email:   wdejean@nielsenlawfirm.com
> Counsel for Defendants: Fidelity National Insurance Company and Fidelity National Property and Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Jim S. Hall, Esq.
JIM S. HALL & ASSOCIATES
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001

I further certify that I mailed the foregoing document and the notice of electronic filing by facsimile and first-class mail to the following non-CM/ECF participants:

N/A

>  */s/ William R. DeJean*