UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 "K"(2)<br>JUDGE DUVALL<br>MAG WILKINSON |

**PERTAINS TO:**

**LEVEE:** *Ponchartrain Baptist Church*, 06-06642

### *EX PARTE* MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO MOTION TO REMAND

**NOW COMES** Defendant, James Construction Group, LLC f/k/a Angelo Iafrate Construction, LLC ("James"), which respectfully requests that this court grant it leave to supplement its Opposition to Motion to Remand, filed December 26, 2006, Rec. Doc. 2354 ("Opposition"). The proposed supplement will aid the Court in its consideration of this issue.

James seeks to supplement its Opposition with the January 5, 2007 Declaration of Michael Killgore, attached hereto. The Plaintiffs have argued that admiralty jurisdiction applies to their claims in this matter, thus there is no basis for removal. As discussed in detail in James'

---

[1] The name change is noted in the on-line records of the Louisiana Secretary of State. See http://www.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=34684511Q

{N1597974.2}

1

Opposition, *even if* admiralty jurisdiction applies, there is ample grounds for removal on the basis of James' colorable "government contractor defense."

The Opposition also makes clear that Plaintiffs' Petition fails to state a claim within the admiralty jurisdiction of any court, state or federal. The Petition fails to allege that James' allegedly tortious conduct in connection with the London Avenue Canal occurred on navigable water or that the injury suffered on land was proximately caused by a vessel on navigable water. The Petition likewise fails to plead conduct by James that meets the connection test as set forth in *In Re Ingram Barge Company*, 435 F. Supp. 2d 524, 526 (E.D. La. 2006) (setting forth the two-part "location" and "connection" test). In short, admiralty jurisdiction does not apply to Plaintiffs' claims, and cannot prevent removal of this case.

James submits this proposed supplement to further illustrate that Plaintiffs' claims do not fall within the admiralty jurisdiction of any court. While Plaintiffs have not produced evidence sufficient to meet either prong of the two-part test, the Declaration provides additional factual information regarding the work performed by James. The information in the Declaration will assist the Court in determining that Plaintiffs' have not met the first prong of the test, specifically that the alleged tortious conduct did not occur on navigable water or the alleged injury suffered on land was not proximately caused by a vessel on a navigable waterway. Thus, admiralty jurisdiction does not apply and cannot defeat removal.

For the foregoing reasons, Defendant James Construction Group, LLC f/k/a Angelo Iafrate Construction, LLC, respectfully requests that this Court grant it leave to supplement its Opposition to Plaintiffs' Motion to Remand by attaching and incorporating the January 5, 2007 Declaration of Michael Killgore.

Respectfully submitted,

{N1597974.2}

        __/s/ Emily E. Eagan _____
        RICHARD J. TYLER, T.A. (#1155)
        EMILY E. EAGAN (#29166)
        Jones, Walker, Waechter, Poitevent,
         Carrère & Denègre L.L.P.
        201 St. Charles Avenue, 49th Floor
        New Orleans, LA 70170-5100
        (504) 582-8266
        Fax: (504) 589-8266
        Attorneys for James Construction Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, ECF, e-mail, hand delivery, or facsimile this 5th day of January, 2007.

        __/s/ Emily E. Eagan_____

{N1597974.2}