UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES          CIVIL ACTION
CONSOLIDATED LITIGATION
                                       NO. 05-4182

PERTAINS TO:                           SECTION "K" (2)

*Ludwig,* C.A. No. 06-8935

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 1572). After reviewing the pleadings, memoranda, and relevant law, the Court finds that Plaintiffs' motion has merit and hereby grants the motion for the reasons assigned below.

## I. BACKGROUND

Plaintiffs instituted this action against Defendants for failures allegedly concerning the procurement of a flood insurance policy issued under the National Flood Insurance Act (NFIA). Specifically, Plaintiffs allege that they sought maximum coverage for flood damage that they could reasonably afford for their immovable property and its contents. *See* Notice Removal,

1

Petition, at ¶ V (Rec.Doc.No. 1).

Defendant claims that the courts of this district have misapplied 42 U.S.C. § 4072, in that, the statute mandates all claims relating to flood insurance, including a failure to procure claim, are preempted by federal law as opposed to only those claims involving the public fisc. Defendant cites *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005) for this proposition.

Plaintiffs contend that this suit was improperly removed because the allegations involve only a failure to procure adequate flood insurance, as opposed to other claims related to flood insurance that fall within the scope of 42 U.S.C. § 4072. Plaintiffs cite recent cases in this district that have held that procurement claims are not preempted by the NFIP. *See Richmond v. Chubb Group of Ins. Co.*, 2006 WL 2710566, at *4 (E.D. La. Sept. 20, 2006) (Africk, J.) (Fifth Circuit has not ruled on whether procurement claims are preempted by federal law, but lower courts have held that they are not preempted under NFIP); *see also Seruntine v. State Farm Fire & Cas. Co.*, 2006 WL 2361641, at *2-5 (E.D. La. Aug. 7, 2006) (Vance, J.); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 534-36 (E.D. La. Aug. 25, 2006) (Fallon, J.).

## II. LEGAL STANDARD

**A.     Removal**

Pursuant to 28 U.S.C. §1441(b), "an action filed in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction based on a claim or right arising under the Constitution, treaties or laws of the United States." *Jernigan v.Ashland*

*Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded. *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. Jan. 29, 1992).

The Court noted previously that the determination as to whether a cause of action presents a federal question, making it subject to removal, depends on the allegations made on the face of the plaintiff's complaint as it exists at the time of removal. *Lightfoot v. Bellsout Telecommunications, Inc.*, 2004 WL 2381533 (E.D. La., Oct. 27, 2004) (*citing Carpenter v. Wichita Falls Indep. School Dist.,* 44 F.3d 362, 366 (5th Cir. 1995).

**B.      Federal Question Jurisdiction**

A determination as to whether a cause of action presents a federal question, and therefore, subject to removal in this context, depends upon the allegations made on the face of the plaintiff's well-pleaded complaint. *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). A federal defense to a state law claim does not create removal jurisdiction. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990). A defendant may not remove a case on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936); *Carpenter*, 44 F.3d at 366; *see Sears v. Chrysler Corp.*, 884 F.Supp. 1125 (E.D. Mich. 1995).

There is an exception to the well-pleaded complaint rule where federal law so completely preempts a field of state law, a plaintiff's complaint must be recharacterized as stating a federal cause of action. *Aaron*, 876 F.2d at 1161 (*citing Avco Corp. v Aero Lodge No. 735*, 390 U.S. 557 (1968). The doctrine does not convert legitimate state claims into federal ones, but rather reveals the suits necessary federal character. *Carpenter*, 44 F.3d at 367 (5th Cir. 1995).

### III. ANALYSIS

A.    **The National Flood Insurance Program**

The National Flood Insurance Program (NFIP) is a federally supervised and guaranteed insurance program administered by the Federal Emergency Management agency (FEMA). Part "A" of NFIA created a pool of private insurance companies which issued flood insurance policies and administered the NFIP pursuant to a contract with the Department of Housing & Urban Development (HUD). Pursuant to Part "A," if a pool company refused to pay a claim under a flood insurance policy, the insured was permitted to sue the pool insurance company "on the claim" in Federal District Court regardless of the amount in controversy. *See* 42 U.S.C. § 4053. On January 1, 1978, the contractual relationship with the pool of insurers was ended pursuant to 42 U.S. § 4071, and HUD assumed greater responsibility for operating the NFIP.

The new arrangement is referred to as Part "B" of the NFIP and it is administered by FEMA through the Flood Insurance Administration. In 1983, FEMA created the WYO Program. See 44 C.F.R. Section 62.23-24. In this program the insurance companies write their own

insurance policies. The premiums are remitted to the Flood Insurance Administration. See 44 C.F.R. P.T. 62, App. A, Article VII(b). WYO companies also draw money from FEMA through letters of credit to disburse claims. Thus, regardless of whether FEMA or a WYO company issues a flood insurance policy, the United States Treasury Funds are used to pay the insured's claims. *See Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir.1988); *in re: Estate of Lee,* 812 F.2d at 256.

In addition to granting exclusive subject matter jurisdiction in cases arising out of claims under policies issued pursuant to Part "B," 42 U.S.C. § 4072 also provides that an insured may sue FEMA if it adjusts a claim and improperly refuses to pay benefits. 42 U.S.C. § 4072; *see Van Holt v. Liberty Mutual Fire Insurance Company,* 163 F.3d 161 (5th Cir.1998). Although WYO insurers may draw on FEMA letters of credit to pay SFIP claims, the WYO-FEMA agreement and the appropriate regulations do not permit reimbursement for a judgment based on a state law tort claim. 44 C.F.R. Section 62.23(a) only permits reimbursement of WYO companies for "payments as a result of awards or judgments for damages arising under the scope of this Arrangement, policies of flood insurance issued pursuant to this Arrangement, and the claims processing standards and guides set forth at Article II, Section A, 2.0 of this Arrangement." 44 C.F.R. Pt. 62, App. A, Article III, Section D(2). The regulation also calls for reimbursement of losses adjustment expenses and premium refunds. 44 C.F.R. Pt 62, App. A, Article III, Sections (C), (E).

**B.     Procurement Claim under the NFIP**

In the context of an NFIP, the courts in this district have consistently held that the claims that do not give rise to federal question jurisdiction are those relating to the procurement of the flood insurance policy, as opposed to claims handling or administration of the policy, because procurement claims do not involve the public fisc. *See Cosse v. B.G. Mate*, 2006 WL 1968868 at *2 (E.D.La.2006); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 534-36 (E.D.La.2006); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497 at *3 (E.D.La.2004); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719 at *3 (E.D.La.2002) *see also Waltrip v. Brooks Agency, Inc.,* 417 F.Supp.2d 768, 770 (E.D.Va.2006); *Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324, 1332-33 (D.N.M.2005). These courts reasoned that the need for uniformity, and consequent federal preemption, does not exist when federal funds are not involved.

Courts have consistently held that claims on SFIPs issued by WYOs are actions for federal funds. *Gibson v. Am. Bankers,* 289 F.3d 943, 946 (6th Cir.2002); *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 166 (3d Cir.1998); *Gowland,* 143 F.3d at 955. However, 42 U.S.C. § 4081(c) provides that FEMA may not hold harmless or indemnify an agent or broker for his or her errors or omissions. To this end, FEMA promulgated regulations permitting FEMA to decline to recognize as a reimbursable loss cost claims grounded in actions by the WYO, which FEMA determines are "significantly outside the scope of this Agreement." 44 C.F.R. Pt. 62, App. A. Art. III(D)(4).

The Arrangement between a WYO and FEMA provides:

> If the FEMA OGC finds that the litigation is grounded in actions by the Company that are significantly outside the scope of this Arrangement, ***and/or involves issues of agent negligence***, then the FEMA OGC shall make a recommendation to the Administrator regarding whether all or part of the litigation is significantly outside the scope of the Arrangement(emphasis added).

44 C.F.R. Pt. 62, App. A(III)(D)(3). This language supports the conclusion that for those actions that are significantly outside the scope of the Arrangement, FEMA will not reimburse a defendant. Specifically, it is clear from a literal reading of the Arrangement that negligence of the procuring agent could fall significantly outside the scope of the authority granted by FEMA to Allstate, and therefore, does not involve the public fisc.

The Court finds that there is no reason to depart from the jurisprudence of this district regarding the state law nature of a procurement claim given that public funds are not involved. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 1572) is hereby **GRANTED** and the case is **REMANDED** to state court.

New Orleans, Louisiana, on this   8th   day of January, 2007.

------

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**