UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION "K" MAG "2" |
| PERTAINS TO:<br>INSURANCE (XAIVER UNIVERSITY<br>OF LOUISIANA V. TRAVELERS<br>CASUALTY PROPERTY COMPANY<br>OF AMERICA NO. 06-516) | |

**********************************************************************
### XAVIER UNIVERSITY OF LOUISIANA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who submits this memorandum in opposition to the Motion to Stay Litigation Pending Appeal filed by the defendant insurers in this consolidated action. For the following reasons, the defendants' motion should be denied. A stay in this matter is neither required by law nor appropriate considering the uncertain timing of the outcome of the defendant insurers' appeals of this Court's November 27, 2006 Order. Discovery should commence sooner rather than later so that the plaintiffs in these consolidated actions can be afforded a prompt and efficient resolution of their claims.

An indefinite stay of discovery will do more harm than good to both parties. Over time, memories will fade. Documents may be lost. Witnesses may change location and have to be found again. The end result is that delayed discovery may ultimately be more costly than starting discovery at this time. The parties have already waited more than sixteen months after Hurricane Katrina to begin discovery concerning the cause of the levee failures. They should not have to wait any longer to begin the process of preserving evidence concerning the levee failures.

The defendants' motion is yet another attempt at delaying this litigation. The insurers have dragged their feet regarding discovery of their claims handling and adjustment practices, and now seek a further delay of discovery concerning the levee failures. The insurers should not be permitted to continue to obstruct the process of this litigation.

This Court, through the authority granted it in the Federal Rules of Civil Procedure, can fashion a plan by which discovery can proceed in an orderly fashion. The defendants complain about the extensive discovery that will be necessary in this case, but, rather that begin that process, they wish to further delay it. Such inaction will only further delay the plaintiffs' opportunity to achieve a fair and just resolution of their claims. Instead, as this Court has already proposed, the parties should work together to formulate a joint discovery plan that can address the various areas of discovery in a coordinated fashion.

Further, any stay of proceedings is a matter within this Court's discretion, and several other courts have declined to exercise that discretion and order a stay pending an interlocutory appeal. For example, in *Powell v. National Football League*, 711 F. Supp. 959 (D. Minn. 1989), the court certified for interlocutory appeal its order concerning the application of antitrust laws to the NFL's collective bargaining agreement. The court went on to consider whether a stay of proceedings was

appropriate. Ultimately, the court decided against a stay noting that "[t]he potential harm to plaintiffs in further delaying resolution of its antitrust claims outweighs any benefit that may be gained by awaiting the Court of Appeals' decision." *Id.* at 962.

The Court, in *In re American Honda Motor Co., Inc. Dealerships Relations Litigation*, 958 F. Supp. 1045 (D. Md. 1997), echoed similar concerns when determining whether to stay discovery after having certified a ruling for interlocutory appeal. The court held:

> Whether I should stay discovery against Honda Motor during the pendency of the appeal involves balancing conflicting interests. On the one hand, the type of discovery to which Honda Motor can be subjected turns upon whether it remains a party defendant. Therefore, denial of a stay would deprive Honda Motor of substantial rights were it ultimately to prevail on appeal. ***On the other hand, this litigation is extremely complex and involves the rights and potential liability of numerous parties.*** The wrongs alleged are said to have begun more than 15 years ago, and it is time for them to be remedied if, in fact, they were committed. ***I have a duty to the litigants, transferor courts, and the multidistrict panel to keep the litigation moving on a steady course.***

*Id.* at 1060 (emphasis added).

The *Honda Motor Co.* and the *Powell* courts recognized that staying discovery pending an interlocutory appeal can have a detrimental affect on a plaintiffs' right to recovery and, therefore, refused to order a stay. Like the present case before this Court, those cases also involved complex litigation involving substantial discovery. This Court should follow the lead of those courts and decline to enter a stay of discovery concerning the levee failures. The plaintiffs in this case are entitled to a prompt, fair, and just, adjudication of their claims, something which will not be possible if the defendants' motion is successful.

For the foregoing reasons, Xavier respectfully requests that this Honorable Court deny the

defendants' motion for a stay pending the interlocutory appeal of this Court's order.

          Respectfully Submitted:

           /s/ James M. Garner
          JAMES M. GARNER, #19589
          DARNELL BLUDWORTH, #18801
          TIMOTHY B. FRANCIS, #14973
          **SHER GARNER CAHILL RICHTER**
          **KLEIN & HILBERT, L.L.C.**
          909 Poydras St., 28th Floor
          New Orleans, LA   70112
          Telephone:  504-299-2100
          Facsimile: 504-299-2300
          COUNSEL FOR XAVIER UNIVERSITY
          OF LOUISIANA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

        Ralph S. Hubbard, III
        Simeon B. Reimonenq, Jr.
        601 Poydras St., Suite 2775
        New Orleans, LA   70130
        Attorneys for Travelers Property Casualty Company of America

          /s/ James M. Garner
          JAMES M. GARNER