### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE KATRINA CANAL** | * | **CIVIL ACTION** |
| **BREACHES CONSOLIDATED** | * | |
| **LITIGATION** | * | **NUMBER 05-4182 "K"(2)** |
| | * | |
| ***PERTAINS TO:*** | * | |
| **LEVEE, RESPONDER  CASE NOS** | * | **JUDGE: DUVAL** |
| **O'DWYER – *05-4181*, 06-4389,** | * | |
| ***06-5786*, 06-6099** | * | **MAG. JUDGE: WILKINSON** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO**</u>
<u>**DISQUALIFY THE LOUISIANA DEPARTMENT OF JUSTICE AS COUNSEL**</u>
<u>**OF RECORD FOR ALL STATE AND STATE AGENCY DEFENDANTS**</u>

**MAY IT PLEASE THE COURT**:

Ashton O'Dwyer[1] filed a motion to disqualify the Louisiana Department of Justice as counsel of record for the State of Louisiana, state agency, and state officer defendants in the four consolidated cases[2] he filed which allege claims arising out of the preparation for and aftermath of Hurricane Katrina.  All four cases name the State of Louisiana and a plethora of state agencies and state officers as defendants.  Ashton O'Dwyer states only the conclusory allegation that this Honorable Court should

---

[1] See Rec. Doc. 2382, p.1 (Ashton O'Dwyer purports to represent himself and hundreds of "victims" of Katrina). Rec. Doc. 2382, p. 3 (However, he files this motion ***pro se***).
[2] 05-4181, 06-4389, 06-5786, and 06-6099 (all four are consolidated into the *In re Katrina Canal Breach Consolidated Litigation*, 05-4182).

sanction the Louisiana Department of Justice, Office of the Attorney General (DOJ) by disqualifying them from representing the State, its agencies and officers. He provides neither law nor well pleaded facts to support that assertion.

The disqualification of DOJ from 05-4181 and 06-5786 is ludicrous. No state defendants remain in 05-4181. The State of Louisiana and Governor Kathleen Blanco were dismissed from 05-4181 and a judgment entered to that effect.[3] That dismissal is currently on appeal.[4] The Louisiana Department of Transportation and Development was also dismissed from 05-4181.[5] It is unclear whether that dismissal is also on appeal. All state defendants were dismissed from 05-4181 and, therefore, disqualification of DOJ as their counsel of record is moot.

The third of plaintiffs' four lawsuits, 06-5786, was originally filed in Civil District Court for the Parish of Orleans on August 24, 2006. The plaintiffs never requested nor issued service of process on **any** state defendant in that case. As a result, none of the state defendants have retained counsel, the undersigned have not received authority to represent any state defendant in that case and no appearance has been entered on behalf of any state defendant. Although, DOJ *would*, by statute, represent the State and its agencies, no counsel of record has been appointed. Therefore, a motion to disqualify DOJ as "counsel of record" in 06-5786 is absurd.

---

[3] See Rec. Docs. 788, 789 (in 05-4182).
[4] See U.S.C.A. Docket No. 06-30840.
[5] See Rec. Doc. 1231 (in 05-4182).

Mr. O'Dwyer may only attempt to disqualify DOJ from representing the state defendants in the two remaining cases, 06-4389 and 06-6099.  Both cases were served upon all state defendants.  The state defendants moved to dismiss both cases[6] and asked for sanctions in both cases.[7]  The motions are currently set for hearing on January 10, 2007.  Presumably in an effort to focus the Court's attention on something other than the "merits" of his levee and responder lawsuits and to obscure the pending request for sanctions, Ashton O'Dwyer has moved on to a new tactic – disqualification of DOJ.

Consistent with the complaints he files, the motion to disqualify has no legal merit.  Mr. O'Dwyer, therefore, fills his motion with unsubstantiated ramblings about governmental conspiracies and defamatory references to outrageous comments and threats of physical violence.  Mr. O'Dwyer provides, as the only "factual" basis for his motion to disqualify, his own "verified" account of what has, undeniably, become an *adversarial* relationship between himself and employees of DOJ.  He uses, as evidence of this relationship, the motion for sanctions and the safe harbor cover letter, which he refers to as a "threat of a Motion for Sanctions,"[8] served upon him with the motion for sanctions 21days prior to filing, in accordance with Fed. R. Civ. P. 11.[9]

---

[6] Rec. Doc. 1731.
[7] Rec. Doc. 2345.
[8] Rec. Doc. 2382-2, p. 6,  ¶4; Doc. 2382-4, p. 10.
[9] Id.

3

As further evidence of the adversarial nature of his relationship with opposing counsel, Ashton O'Dwyer explicitly states that Michael Keller, Assistant Attorney General committed "a threat of physical violence … on March 17, 2006." This assertion is a **_lie_**. Mr. O'Dwyer has repeatedly, throughout this litigation, raised this "threat" by Mr. Keller and used his ex-parte letter to this Honorable Court as evidence thereof. The letter clearly displays Mr. O'Dwyer's propensity for inferring a *threat* where there was none. "I received a telephone call from Michael C. Keller, Esq., counsel for the State of Louisiana and the Governor who, although he couched his conversation in terms of a 'friendly telephone call,' invoking only the provisions of Rule 11, clearly 'threatened' me.'"[10] Mr. O'Dwyer's own words clearly show that, at no time, did Mr. Keller ever physically threaten the plaintiff.

Mr. O'Dwyer also states that Paul Deal, the Office Chief for the DOJ New Orleans office, made an "outrageous, unprofessional, and threatening statement … on the steps of the Federal Courthouse." The statement quoted by the plaintiff is further evidence of Mr. O'Dwyer's propensity for hearing threats when there are none.

The animosity expressed by Mr. O'Dwyer stems from his belief, albeit admittedly unsubstantiated, that "certain individuals conspired with State actors to inflict bodily harm on him, in order to embarrass and humiliate him, to silence him

---

[10] Rec. Doc. 2382-4, p. 9.

and to intimidate him from the free exercise of his constitutional rights."[11]   Mr. O'Dwyer, however, provides no legal rationale for the conclusory assertion that the fantastic government conspiracy provides the basis for disqualification of DOJ.

The motion to disqualify has no merit, contains no well pleaded facts and no law to support the conclusory allegation that the Louisiana Department of Justice must be disqualified.  The motion is patently meritless and should be denied.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

**BY**:      _s/ Phyllis E. Glazer_
**MICHAEL C. KELLER (#20895) (T.A.)**
**PHYLLIS E. GLAZER (# 29878)**
**STEPHEN F. BABIN (#2634)**
**ASSISTANT ATTORNEYS GENERAL**

**DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
601 Poydras Street, Suite 1725
New Orleans, Louisiana 70130
Telephone No.      504-599-1200
Facsimile No.      504-599-1212
Email:      KellerM@ag.state.la.us
              GlazerP@ag.state.la.us
              BabinS@ag.state.la.us

---

[11] Rec. Doc. 2382-2, p. 5.

## CERTIFICATE OF SERVICE

I hereby certify that on *January 11, 2007*, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: *All Counsel of Record*.

_____*s/ Phyllis E. Glazer*_____
**PHYLLIS E. GLAZER**