UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARREN WEESE** | * | **CIVIL ACTION NO. 06-10499** |
| | * | |
| **VERSUS** | * | **JUDGE BERRIGAN** |
| | * | |
| **THE HANOVER INSURANCE** | * | **SECTION "C"** |
| **COMPANY AND INSURANCE** | * | |
| **UNDERWRITERS, LTD.** | * | **MAGISTRATE (5)** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR REMAND AND FOR ATTORNEY'S FEES AND EXPENSES

**MAY IT PLEASE THE COURT:**

Plaintiff, Darren Weese (hereinafter referred to as "plaintiff"), submits this Memorandum in Support of Motion for Remand and for Attorney's Fees and Expenses and urges this Court to remand this case for lack of subject matter jurisdiction under 28 U.S.C. §1332, 1369 and 1441(e)(1)(B). Defendants, The Hanover Insurance Company and Insurance Underwriters, Ltd. (hereinafter referred to as "defendants"), removed this case on the alleged basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, supplemental subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B) and its companion statute, 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). When federal jurisdiction is disputed, the burden is on the removing

party to establish federal jurisdiction.[1] A review of governing legal principles will show that the defendants have failed to demonstrate the existence of federal jurisdiction in our case and the case must be remanded to state court.

## I.  SUMMARY OF GOVERNING LEGAL PRINCIPLES

Numerous lawsuits have been filed in state court as the result of Hurricane Katrina. The insurance company defendants have repeatedly attempted to remove these lawsuits, relying on various theories to establish federal jurisdiction. The insurers' efforts to establish federal jurisdiction have focused on the following:

(1) diversity jurisdiction (28 U.S.C. § 1332); and

(2) MMTJA original jurisdiction and supplement jurisdiction (28 U.S.C. § 1369 and § 1441(e)(1)(B)).

The federal courts have uniformly refused to find MMTJA jurisdiction. A survey of the case law is as follows.

### (1)  DIVERSITY JURISDICTION AND FRAUDULENT JOINDER

Federal courts have uniformly recognized that under Louisiana law, an insured may bring a claim against his insurance agent or broker for negligence or breach of fiduciary duty if the agent or broker fails to give adequate advice or otherwise fails to exert himself appropriately concerning the procurement of proper insurance coverage. When a Louisiana plaintiff sues a Louisiana agent

---

[1] The removing defendants carry the burden of showing the existence of federal jurisdiction. See *Gerigi`In v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Willy v. Coastal Corp.*, 855 F. 2d 1160, 1164 (5th Cir. 1988). The defendants must prove the existence of all facts necessary to establish federal jurisdiction. Any statutory ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La.1989); see also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

2

or broker as well as an out of state insurance company, the Louisiana plaintiff will usually be found to have stated a viable claim against the agent or broker. Thus, there is no fraudulent joinder and no diversity jurisdiction.

For exemplifying this point, see *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S. Dist. LEXIS 70499, (Judge Zainey concludes that there is no diversity jurisdiction over Katrina claims because plaintiff's claim against his insurance agent does not constitute fraudulent joinder); *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La.9/6/06), 2006 U.S. Dist. Lexis 66634, (Judge Lemmon concludes that there is no diversity jurisdiction because insurance agent was not fraudulently joined; under Louisiana law, agents and brokers may be held liable for fault in failing to procure adequate insurance coverage and defendant has not conclusively established that the defendant broker would have a preemption defense; (case remanded); *Harrington v. Lexington Insurance Co.*, 06-1440 (E.D. La. 8/1/06), (Judge Vance concludes that Louisiana law recognizes a cause of action against agents for fault in failing to assist the insured in obtaining adequate coverage and the claim may properly be joined with a claim against the insurer; therefore a claim against an agent does not constitute fraudulent joinder in a suit against the insurer).[2] Thus, there is no diversity jurisdiction and the case must be remanded.

In the present case, defendant, Hanover, has caused this matter to be removed to this United States District Court by Petition for Notice of Removal filed herein on November 20, 2006. Defendant admits a lack of complete diversity between parties necessary for federal jurisdiction since the plaintiff, Darren Weese, and one defendant, Insurance Underwriters, Ltd., hereinafter referred to as "Insurance Underwriters," are domiciled in Louisiana, but argues the domicile of

---

[2] See *Dorothy Harrington v. Lexington Insurance Company*, Case No.: 06-1440 (E.D. La. 8/1/2006), attached hereto as Exhibit "A".

3

Insurance Underwriters should be ignored by this court because of an alleged improper or fraudulent joinder of Insurance Underwriters by plaintiff in such a manner to artificially manufacture complete diversity.

In the present matter, the plaintiff joins the defendants, alleging their joint and several liability for acts which caused the damage sued upon. It is alleged that the failure of the defendant, Insurance Underwriters, to produce a policy of insurance, among other things, caused the insured to be unaware of a clause in the policy that attempted to prevent the plaintiff from collecting the damage caused by wind whenever there was some damage caused by water. The fact that this limitation was not known to the insured, after buying a policy that purportedly provided coverage for all wind storm damage, is actionable negligence. Also, actionable is the fact that the clause which allegedly limits the coverage is opposed to state law and further, if the clause was legally valid, it was not made known to the insured so that he could have had a choice not to take the insurance policy. Each of these causes of action are based in Louisiana State law, either in tort or contract against both defendants.

Insurance Underwriters sold the homeowners insurance contract issued by Hanover to plaintiff, collected a premium thereon from plaintiff, remitted a portion thereof to Hanover and retained the remainder as his commission income. Clearly, each is a financial stakeholder in the successful marketing of the Hanover homeowners insurance policy to plaintiff.

The operative factor in the plaintiff's loss against both Hanover and Insurance Underwriters is Hurricane Katrina, the damage it caused to plaintiff's property and the resultant loss. The very policy of homeowner insurance is the identical one provided by Hanover, marketed, issued and produced by Insurance Underwriters. The cause of action is on that policy of homeowners insurance.

4

Plaintiff's claim expressly stated in the allegations of the petition shows that Insurance Underwriters advised plaintiff on his insurance matters and recommended insurers to provide that coverage. Insurance Underwriters and Hanover failed or neglected to disclose the coverages and exclusions in the Hanover policy "acting in concert with one another".

The contents of the policy, its terms and exclusions were "concealed from Petitioner by the defendants acting negligently, deliberately and in concert to effectively market their homeowners insurance in order to gain premium income".

An insurance policy should further be construed "to fulfill the reasonable expectations of the parties in the light of the customs and usages in the industry." *Trinity Industries v. Insurance Company of North America*, 916 F. 2d 267 (5th Cir. 1990).

Consequently, the claim against Hanover and Insurance Underwriters are not only related to one another, but they are intrinsically bound to one another such as they cannot be severed or resolved independently of one another, particularly where the allegations relate to the joint conduct of both defendants.

Louisiana law recognizes the right of recovery by an insured against an insurance agent, who undertakes to procure insurance for another owes him an obligation to use reasonable diligence in attempting to place the insurance for which the insured may recover if he sustains a loss result of the agents failure to procure the desired insurance. *Karam v. St. Paul Fire & Marine Insurance Company*, 281 So. 2d. 728 ( La. 1973).

Whether a relationship exists as an agent or broker is dependent on the facts of a particular set of circumstances. However, because a person sells insurance for more than one company does not preclude him from being an agent to all or any of them. The determination of the duty owed and

the possible breach of that duty falls within the parameters of negligence. *Kidd v. Independent Fire Insurance Company*, 668 So. 2d. 406 (La. App. 4th Cir. ).

Insurance agents and brokers owe the same duty to a client for whom the agent or broker have agreed to procure insurance. When a duty imposed by the relationship of the parties is breached by an act or omission of a party, that party breaching the duty is liable for such act or omission. *Taylor v. Sider*, 765 So. 2d. 416 ( La. App. 4th Cir. 2000). Thus, the claim against Insurance Underwriters was not only viable, but essential to plaintiff's lawsuit.

(2) **JURISDICTION ELEMENTS OF 28 U.S.C. § 1369 AND 28 U.S.C. § 1441(e)(1)(B)**

A. **"Accident"**

In order to establish subject matter jurisdiction under 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B), defendants have the burden of proving that the instant action "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). Defendants must show that: (1) this action arises from a single accident (not simply from a natural event); (2) at least 75 people died in the single accident that gave rise to this action; and (3) that this single accident involving 75 or more deaths occurred at a discrete location. Defendants have tried to confuse these elements by suggesting that Hurricane Katrina itself was an accident.

In order to meet the requirement of an "accident" under the MMTJA, an "accident" must be "a sudden accident, or a natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369. Presumably, this means that Hurricane Katrina is either a "sudden accident" or "a natural event culminating in an accident." 28 U.S.C. § 1369. Defendants offers no further explanation. Louisiana civil and common law jurisprudence

recognize, without exception, that a hurricane is a natural event – an "Act of God" or a "*force majeure*" – and not an "accident."

In Louisiana, it is well-established that "hurricanes . . . are considered in law to be an "Act of God." *Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co.*, 803 So.2d 86, 92 (La. App. 4 Cir. 2001). Louisiana courts have recognized that "a hurricane that causes unexpected and unforeseeable devastation with unprecedented wind velocity, tidal rise, and upriver tidal surge, is a classic case of an 'Act of God." *Id.* According to the seminal Louisiana case of *Rector v. Hartford Accident & Indem. Co.*, 120 So.2d 511, 522 (La. App. 1 Cir. 1960), an "Act of God" is:

> a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ.

In contrast to an Act of God, an "accident" typically involves human agency, and its effects therefore can be avoided by the exercise of reasonable prudence, diligence, and care. When Congress enacted the MMTJA, it was intended to provide a federal forum specifically for mass accidents such as plane crashes, train crashes, and hotel fires. *See* 147 Cong. Rec. H893-01; 137 Cong. Rec. E1923-02 (1991). The only reported case interpreting the MMTJA is *Passa v. Derderian*, 308 F. Supp. 2d 43 (D.R.I. 2004), a case arising from a tragic fire at a Rhode Island nightclub in which more than one hundred patrons died. All of these examples - plane crashes, train crashes, and hotel and nightclub fires - are distinguishable from Acts of God, because all involve human agency and all can be "avoided by the exercise of reasonable prudence, diligence, and care or by the use of those means which the situation renders reasonable to employ." *Id.* It is this failure to exercise reasonable prudence, diligence, and care that gives rise to lawsuits against plane manufacturers, train operators, and nightclub owners. There is no negligence, and thus no liability,

associated with an Act of God. This is what distinguishes an Act of God from an accident, and this is why Congress distinguished between a "natural event" and an "accident".

Hurricane Katrina itself was neither "sudden"[3] nor an "accident." The only reasonable interpretation of Hanover's equivocal jurisdictional allegation is that Hurricane Katrina was a natural event that culminated in some (unidentified) accident in which 75 or more (unidentified) people died at some discrete (albeit unidentified) location. Presuming that defendants have alleged that Hurricane Katrina is "a natural event culminating in an accident," it has failed to identify the "single accident" in which 75 or more people died at a discrete location. There is a simple explanation for defendants' failure to establish these jurisdictional elements: this action does not arise from any accident, much less an accident in which 75 or more people died at a discrete location. As the plaintiff has already stated, this action arises from contract disputes over insurance coverage for hurricane damage to plaintiff's home, and is unrelated to any accident or death. Plaintiff's action arises out of a series of events culminating in multiple accidents not out of an "accident" as required under 28 U.S.C. § 1369.

### B. "Discrete Location"

Defendants have failed to identify the discrete location at which the alleged accident occurred. The 108,456-square-mile[4] area affected by Hurricane Katrina is not a "discrete location" by any definition. In the *Black's Law Dictionary*, Seventh Edition, 1999, the word "discrete" means

---

[3] This Court can take judicial notice that Hurricane Katrina formed on August 23, 2005 and did not dissipate until August 31, 2005. See *2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 6/30/06). Eight days of continuous coverage by the National Weather Service and meteorologists from the Bahamas to the Gulf Coast states hardly qualifies as a "sudden" and unexpected occurrence.

[4] See *2005 Louisiana Hurricane Impact Atlas*, updated May 2006 by Joshua D. Kent, Data Manager, Louisiana Geographic Information Center, available at http://lagic.lsu.edu/ (last visited 7/6/06).

"[i]ndividual; separate; distinct." A fire at a nightclub is an accident at a "discrete location." A train crash is an accident at a "discrete location." A hurricane that affects five states and the Gulf of Mexico is not an "accident" at a "discrete location." Defendants, as the removing parties, have the burden of establishing each element of federal subject matter jurisdiction under 28 U.S.C. § 1441(e)(1)(B), and it cannot ignore this jurisdictional element any more than a removing defendant alleging diversity jurisdiction under 28 U.S.C. § 1332(a) can ignore the element of diversity because the parties are not actually diverse. This action did not arise from an "accident" at a "discrete", *i.e.*, individual, separate, distinct location, and defendants have failed to establish an essential element of federal subject matter jurisdiction.

### C. "Same Accident"

Defendants allege supplemental subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(e)(1)(B), based on its argument that this action arises from the "same accident" as several other civil actions in which it is a defendant, and which allegedly "are or could have been brought under 28 U.S.C.§1369." Defendants' Notice of Removal fails to identify the "single accident" from which these actions allegedly arose, but it implies that this jurisdictional element is satisfied by the fact that these actions arose from Hurricane Katrina. Plaintiff recognizes that even if these actions did arise from Hurricane Katrina, the fact is Hurricane Katrina was not an "accident," nor did it culminate in any accident giving rise to these diverse and unrelated actions. Removal under 28 U.S.C.§1441(e)(1)(B) requires that these case occurred from the "same accident," not from the same natural event. The Eastern District has granted remand on several of these cases rejecting Katrina as an "accident" under 28 U.S.C. § 1441(e)(1)(B). See *Bode v. State Farm Fire and Casualty Co.*, No. 06-3202(E.D. La. Nov. 2, 2006); *Fidelity Homestead Assn. v. The Hanover Insurance Co.*, No. 06-3511 WL 2873562 (E.D. La. Oct. 8, 2006); *Berry v. Allstate Ins. Co.*, No. 06-

4922 WL 2710588 (E.D. La. Sept. 19, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.*, No 06-2005, 2006 WL2583406 (Sept. 6, 2006); *Southall v. St. Paul Traveler Ins.*, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006).

Hanover is named as a defendant in *Martin v. Hanover and Massachusetts Bay*, Case No. 06-4480, which is still currently pending in court. Hanover alleges that the *Martin* case and the plaintiff's case are related in facts. To the contrary, the *Martin* action arises from breeches in the levee system in Jefferson and Orleans parishes. The plaintiff's action arises from contract disputes over insurance coverage for hurricane damage to his home in St. Bernard Parish, and is unrelated to any accident or death pertaining to the *Martin* case. This Court should reject defendants unfounded assertion that this matter satisfies the jurisdictional elements of 28 U.S.C. §1369 and 28 U.S.C. §1441(e)(1)(B). Defendants dragged this state court action into federal court on the pretense that it arose from a "single accident" at a "discrete location" where at least 75 people died. Defendants have failed to meet its burden of establishing the jurisdictional prerequisites of 28 U.S.C. §1332, 1369 and 28 U.S.C. §1441(e)(1)(B).

## II. DEFENDANT'S REMOVAL IS SO GROSSLY LACKING IN ANY SUPPORT THAT ATTORNEY'S FEES AND EXPENSES SHOULD BE AWARDED

Not only does defendants' removal lack any legal support, but this exact issue was decided six weeks before the defendant filed its removal.[5] Accordingly, plaintiff requests attorney's fees and expenses related to removal and remand pursuant to 28 U.S.C. § 1447(c). Defendants's removal of this case was without objectively reasonable grounds. See *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d

---

[5]See *Carroll vs. Lafayette Insurance Company*, Civil Action No. 06-3955, Exhibit "B". See also a copy of the Order and Reasons in *Wood v. State Farm Fire and Casualty Company, et al*, dated October 24, 2006, attached hereto as Exhibit "C".

10

290, 292 (5th Cir. 2000). Hanover must be stopped from continuing to file frivolous pleadings that are aimed at delaying the substantive state issues that were properly brought before the 34th Judicial District Court.

### III. CONCLUSION

The defendants' attempt to remove this case based on a fraudulent joinder has not carried its burden of proving that there is no possibility of the plaintiff obtaining a judgment against the in state defendant, Insurance Underwriters. The defendants have not presented to the Court any reason that the allegations of the plaintiff's petition should not be accepted as true as is required by law under the circumstances. As the plaintiff has clearly presented causes of action against both the insurer and the insurance agent, the case should be remanded.

Defendants, also "bear the burden of showing that federal jurisdiction exists. Defendants attempt to meet this burden by combining natural events and accidents, and suggest that Hurricane Katrina itself was an "accident" at a "discrete location." These arguments have no statutory or jurisprudential basis, and simply confuse the plain language of the MMTJA in an attempt to convert this narrow, tort-based jurisdictional statute into a blanket grant of federal jurisdiction over any cause of action between any parties arising from any natural disaster. It is clear from the legislative history and plain language of the MMTJA that this limited expansion of federal jurisdiction was intended to provide a federal forum for actions arising out of accidents such as plane crashes, train wrecks and hotel fires, and not to enormous natural catastrophes that affect thousands of square miles. The clear jurisdictional prerequisites of 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B) have not been satisfied in this case. Additionally, defendants fail to satisfy any of the requirements under 28 U.S.C. § 1332. Despite overwhelming jurisprudential evidence mandating these hurricane claims do not fall under the MMTJA, Hanover continues to file the same removal motion in every

11

homeowners case brought in State Court knowing that these same arguments have already been adjudicated in favor of the plaintiffs. Plaintiff respectfully urges this Honorable Court to remand this case back to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, and to award plaintiff attorney's fees and costs.

Respectfully submitted,

Bruce C. Betzer, Bar No.: 26800
The Law Office of Bruce C. Betzer
A Professional Limited Liability Company
3500 North Causeway Boulevard, Suite 1442
Metairie, Louisiana 70002
Telephone: (504) 832-1984
Facsimile: (504) 831-0892
Attorney for Plaintiff, Darren Weese

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, on this the ___/7___ day of December, 2006.

Bruce C. Betzer

12