UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES M. VIDRIOS, | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 06-10790 |
| | * | |
| v. | * | JUDGE DUVAL |
| | * | MAG. JUDGE WILKINSON |
| BUFFMAN, INC., D/B/A ST. RITA'S | * | |
| NURSING HOME, SALVADOR A. | * | |
| MANGANO, MABLE BUFFONE | * | |
| MANGANO AND ABC INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \*

### UNITED STATES' MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION TO REMAND

The plaintiff in the above-action has filed a motion to remand his case to state court. The plaintiff's motion should be denied because his case was properly removed pursuant to 28 U.S.C. § 1442, which allows the United States to remove a state civil action brought against it regardless of whether the federal court has original jurisdiction over the claims against the United States. If

1

this Court determines that it lacks subject matter jurisdiction as to the claims against the United States, it may, in its discretion, remand this case to state court. The United States respectfully submits that oral argument is not necessary and that the plaintiff's motion can be decided on the briefs alone.[1]

## BACKGROUND

The plaintiff filed his action against the defendants, owners of St. Rita's nursing home in St. Bernard Parish, in the 34th Judicial District Court for the Parish of St. Bernard. The plaintiff's complaint alleges that the defendants negligently failed to protect Inez Perez Vidrios, a resident of the St. Rita's Nursing Home Facility, during Hurricane Katrina in August 2005. The defendants filed a third-party claim against the United States and other state and local officials and agencies seeking indemnity and contribution in the event they are held liable to the plaintiff. The defendants' claims against the United States are made pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The United States removed this case to federal court citing 28 U.S.C. §§ 1346(b)(1), 1441(a), and 1442(a) as the statutory bases for removal.[2] The plaintiff, making the same or similar arguments as in the cases cited in note 1,

---

[1] Similar motions to remand have been filed in other St. Rita's cases, including *Aliff* (06-9642), *Anguzza* (06-9038), *Berthelot* (06-8810), *Conlon* (06-9321), *Darsam* (06-9569), *Dorand* (06-9191), *Gallodoro* (06-9206), *Gonzales* (06-8972), *Johnson* (06-7400), *Kramer* (06-7457), *Lepine* (06-8881), *Lewis* (06-8107), *Lott* (06-9236), *Morales* (06-5962), *Poissenot* (06-7858), *Rodrigue* (06-6639), *Thedy* (06-8106 ), *Thomason* (06-9192), and *Verges* (06-8731), which are pending before the Court in the *In Re: Katrina Canal Breaches Consolidated Litigation*.

[2] Section 1346(b)(1) of the FTCA gives federal district courts exclusive jurisdiction of "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." Section 1441(a) is a removal statute, commonly known as the general removal statute, which allows

argues that the removal of his case to federal court was improper and seeks to remand it back to state court.

ARGUMENT

The plaintiff's motion to remand must be denied.  The United States' removal of this case to federal court was proper under 28 U.S.C. § 1442 for the reasons argued in the United States' Memorandums in Opposition to Plaintiffs' Motions to Remand in the cases cited at note 1, *supra*, incorporated herein by reference.  The United States has moved to dismiss the third-party claim against it in this case.  *See* United States' Motion to Dismiss, Record Docket No. 6. Should the Court grant the United States' motion to dismiss, it may, at its discretion, remand the remaining claims to state court.  At this time, however, the case must remain in federal court until the federal claims are dismissed.

---

removal of state court cases to federal court when the district court has original jurisdiction over the claim. Section 1442(a) is a removal statute, commonly know as the federal agencies and officers removal statute, which allows removal of state court cases to federal court when a civil action or criminal prosecution is brought against the United States, any federal agency, or any officer of the United States or federal agency.

3

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand should be denied.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    C. FREDERICK BECKNER III
    Deputy Assistant Attorney General

    PHYLLIS J. PYLES
    Director, Torts Branch

    s/ Traci L. Colquette
    TRACI L. COLQUETTE
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 888
    Benjamin Franklin Station
    Washington, D.C.  20044
    (202) 305-7536
    (202) 616-5200 (fax)
    Attorneys for Defendant United States

January 5, 2007

## CERTIFICATE OF SERVICE

      I, Traci L. Colquette, hereby certify that on January 5, 2007, I served a true copy of "United States' Memorandum in Opposition to Plaintiff's Motions to Remand" upon the parties of record by ECF.

                                       s/ Traci L. Colquette
                                        Traci L. Colquette