**MINUTE ENTRY**
**DUVAL, J.**
**January 11, 2007**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | |
| | **NO. 05-4182** |
| **PERTAINS TO: ALL CASES** | **SECTION "K"(2)** |
| *To be published to Web as Organizational Order* | |

Attending a status conference to discuss coordination of discovery in the Katrina Canal Breaches Consolidation Litigation with the discovery which will be conducted in state court were:

    Judge Kern Reese

    Judge Lloyd Medley

    Judge John Peytavin

    Judge Kirk Vaughn

    Magistrate Judge Jay Wilkinson

    Robin Smith and Traci Calquette for USDOJ

    Ralph Hubbard and Seth Schmeeckle, Defendants' Liaison Counsel

    Jim Garner, Darnell Bludworth and Calvin Fayard, Xavier, et al.

    Joe Bruno and Darlene Jacobs, Plaintiffs' Liaison Counsel

**Creation of the First Discovery Plan for the Katrina Canal Breaches Consolidated Litigation and State Court Cooperative Efforts**

A vigorous discussion was had concerning the need to coordinate discovery for the litigation arising out of Hurricane Katrina and its aftermath in order to reduce needless duplication and streamline discovery.  This goal is underscored by a number of facts.  First, any discovery concerning the United State Government must ultimately be overseen by this district court.  Another fact is that there are in the neighborhood of 100 insurers involved in this litigation all of whom will be subject to Rule 30(b)(6) depositions concerning their respective adjusting corporate policy.  In addition,  experts that were involved in the IPET report will also be subject  to thousands of discovery requests which would be disruptive and unduly burdensome on those persons.  The Government and the insurers will need to protect their interests during such depositions and would need to be notified thereof.  Finally, the overall cost of this litigation could be greatly diminished by establishing certain protocols, creating discovery depositories and allowing discovery conducted in the federal litigation to be used in the state court proceedings, which concept was represented to the Court is supported by counsel involved in the state court proceedings.

Liaison counsel reported that they have been coordinating with each other and the United States and are on the verge of presenting the discovery plan which was ordered to be presented no later than January 15, 2007.   Having demonstrated that the parties have made every effort to comply with that deadline, the Court agreed to an extension of the deadline to present a proposed schedule for discovery from January 15, 2007 to January 22, 2007 by 5:00 p.m.

The state court judges, who so graciously participated in this meeting, recognized the efficacy of creating coordinating discovery and agreed to review the proposed schedule,

comment thereon to this Court, and with its adoption by this Court, to present the First Discovery Plan to their respective *en banc* courts for possible adoption.

    Accordingly,

    **IT IS ORDERED** that the present deadline for the presentation of a proposed discovery schedule herein is **CONTINUED** from **January 15, 2007** to **January 22, 2007 by 5:00 p.m.**

JS–10: 2 hours