UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES §<br>CONSOLIDATED LITIGATION § <br>§<br>§<br>§<br>_____§<br>§<br>PERTAINS TO: §<br>INSURANCE      (06-5370) §<br>*Kiefer, et al. v. Allstate, et al.* §<br>_____§ | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

**PLAINTIFFS' MEMORANDUM IN SUPPORT FOR ENTRY
OF AN ORDER ADMINISTRATIVELY CLOSING
*KIEFER, ET AL. V. ALLSTATE, ET AL.*, NO. 06-5370**

**MAY IT PLEASE THE COURT:**

This matter was filed as a class action lawsuit near the one year anniversary of Hurricane Katrina for the purpose of interrupting prescription with regard to claims against insurers for damages arising from the hurricane, and therefore preserving the rights of all named and similarly situated plaintiffs. Subsequently, the lawsuit was amended deleting class allegations.

The original complaint named approximately sixteen defendants and a few dozen plaintiffs, all of whom at the time of filing had begun the claims process and who as of this date continue to negotiate their insurance claims and attempt to resolve them.

Despite the filing of the lawsuit, the adjusting process is continuing and negotiations between the named plaintiffs and the various defendant insurance companies is ongoing.

The adjusting process is continuing and negotiations between the named plaintiffs and the defendant insurance companies is ongoing. Inasmuch as there continues to be negotiations of individual plaintiffs' claims between the individual plaintiffs and their insurers, it seems reasonable,

prudent, and in furtherance of the interests of justice that this matter be administratively closed to allow those negotiations to continue unimpeded by protracted litigation.

Plaintiffs recognize that continued negotiations may not in all cases be successful and that individual settlements in some instances might not be reached, and therefore suggest that in such case that the plaintiffs retain the option to move to re-open this matter at which time plaintiffs will move to sever those claims that cannot be settled, and then move again to administratively close this matter leaving the severed claims to be adjudicated by the court.

## CONCLUSION

Considering the above and foregoing, it seems reasonable, prudent, and in furtherance of the interests of justice that this matter be administratively closed to allow negotiations between the parties to continue unimpeded by protracted litigation. Plaintiffs believe, and respectfully suggest that in the instances where negotiations prove to be unsuccessful that they should retain the option of moving to re-open the case, and then upon re-opening move to sever their claims at which time the instant matter could then administratively closed again.

Respectfully submitted,

**FAYARD & HONEYCUTT, APC**

_____
Calvin C. Fayard, Jr. (La. Bar Roll No. 5486)
D. Blayne Honeycutt (La. Bar Roll No. 18264)
Wanda J. Edwards (La. Bar Roll No. 27448)
519 Florida Avenue SW
Denham Springs, LA 707226
PH: (225) 664-4193
FX: (225) 664-6925
EM: calvinfayard@fayardlaw.com
EM: dbhoneycutt@fayardlaw.com
EM: wandaedwards@fayardlaw.com

And

**MURPHY LAW FIRM**
Peyton P. Murphy (La. Bar Roll No. 22125)
7035 Jefferson Highway
Baton Rouge, LA 70726
PH: (225) 928-8800
FX: (225) 328-8802

## CERTIFICATE OF SERVICE

I hereby certify tha tI have served a copy of this document upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this __12th__ day of January, 2007.

/s/  Wanda J. Edwards
WANDA J. EDWARDS