UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES       CONSOLIDATED LITIGATION | * * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| PERTAINS TO: | * | |
| LEVEE | * | JUDGE DUVAL |
| RICHARDSON, NO. 06-8708 | * | |
| | * | MAG. WILKINSON |
| *   *   *   *   *   *   *   *   *   *   *   *   * | | |

### OPPOSITION OF BOH BROS. CONSTRUCTION CO., L.L.C. TO PLAINTIFFS' MOTION TO REMAND

Boh Bros. Construction Co., L.L.C. ("Boh Bros.") opposes plaintiffs' Motion to Remand.[1] With all due respect to plaintiff's counsel, the motion sets forth virtually no authority, and certainly does not dispute the facts proved with the removal, nor establish any basis of improper removal.

Indeed, within Your Honor's opinion on peremption on December 8, 2006, in favor of Boh Bros., as well as in *Robert Harvey, et al v. The Board of Commissioners for the Orleans Levee District, Parish of Orleans*, C.A. No. 05-4568, coupled with the Affidavit of Stan

---

[1] Boh Bros. points out that Your Honor recently granted summary judgment in favor of Boh Bros., on the basis of peremption, in most, but not all of the cases filed against Boh Bros. Boh Bros. certainly intends to file peremption motions in the remaining cases by the currently applicable deadline date for such motions, February 2, 2007. Whether they will be opposed or not remains to be seen. In any event, it may be unlikely that Your Honor would rule upon such remaining motions before this opposition is due, and Boh Bros. respectfully submits this opposition in order to preserve its argument herein, even should Boh Bros. subsequently be dismissed from this matter on the basis of peremption.

Vicknair submitted with the removal of this matter, this Honorable Court already has before it the factual underpinnings necessary to deny this motion to remand, based on federal officer jurisdiction.  There is simply no need to reinvent the wheel.

Plaintiffs allege that Boh Bros. was "negligent" and at fault in connection with various items of work on both the Industrial Canal and the 17th Street Canal.

## INDUSTRIAL CANAL

At the Industrial Canal, Boh Bros. drove test pilings in the year 2000.  This Honorable Court, in its "Order and Reasons" dated December 8, 2006, has already held that Boh Bros. is entitled to dismissal on the basis of peremption, concerning its activities at the Industrial Canal.  Inherent in that finding, and more specifically pertinent to this motion, are the additional factual findings necessary for this Honorable Court to deny remand in this matter.

More specifically, unlike at the 17th Street Canal, Boh Bros. did have direct privity of contract with the U. S. Army Corps of Engineers at the Industrial Canal.  Your Honor, at pages 6, 7 and 10, acknowledged this factual evidence, and noted specifically "the acceptance" of Boh Bros.' work by the U. S. Army Corps of Engineers.  (Document No. 476).  Given the same factual information, and given that there is privity of contract at that site, there is no doubt whatsoever that Boh Bros. is entitled to a "government contractor" defense, and thus removal of this matter was proper.  Moreover, as was set forth in the Notice of Removal, which was accompanied by the Affidavit of Stan Vicknair, the project manager, the same factual evidence necessary to establish the government contractor defense is present, and the plaintiffs herein are utterly unable to contradict such evidence.

## 17TH STREET CANAL

At the 17th Street Canal, Boh Bros. performed construction work for the Sewerage and Water Board of New Orleans ("Water Board") and the Orleans Levee District ("OLD"), as per its contract with same. (See Contract No. 24306 attached hereto as Exhibit "A" and specific terms for same as Exhibit "B"). Although Boh Bros. was not in privity of contract with the U.S. Army Corps of Engineers ("Corps"), Boh Bros.' role was clearly that of subcontractors involved in government work, and clearly meets the jurisdictional requirements of 28 U.S.C. 1442(a)(1).

This Honorable Court has already established, by either law of the case or perhaps judicial notice of its own factual determinations, the salient factual information necessary to establish that there is federal officer jurisdiction. In the opinion issued on May 31, 2006 (Document No. 476), in ***Robert Harvey***, C.A. No. 05-4568, this Honorable Court offered a lengthy factual recitation of the relationship between the U. S. Army Corps of Engineers and the Orleans Levee District ("OLD"), noting in particular the following salient facts:

- The 17th Street Outfall Canal is a "component" of the National Flood Control Program. (Page 1)

- Pursuant to 33 U.S.C. 701(a-1), "improvements of rivers and other waterways for flood control and allied purposes shall be under the direction of the Secretary of the Army and supervision of the Chief of Engineers." (Page 2)

- The United States Army Corps of Engineers (hereinafter "Corps") designed and installed the floodwalls for the London Avenue and 17th Street Outfall Canals. (Page 3)

- "The Corps issued the specifications and bid packages for the construction of the London Avenue and 17th Street Outfall Canals." (Page 3)

- "Any maintenance performed by OLD on the levees was done under the supervision and in accordance with regulations promulgated by the Corps."  (Page 3)

- "Federal law even prohibits OLD from initiating any flood control project without prior federal approval."  33 U.S.C. § 701(b-13)  (Page 5)

- OLD contends that the Corps was solely responsible for any construction work or structural design at the 17th Street Outfall Canal.  (Page 12)

Boh Bros.' only involvement in this litigation, concerning the 17th Street Outfall Canal, is because of its construction activities performed as a subcontractor, on a government project that was unquestionably under the control, supervision and direction of the U. S. Army Corps of Engineers, not to mention that the U. S. Army Corps of Engineers was virtually in complete control of the design and planning of the project, all of which occurred pursuant to the National Flood Control Program.  It is only logical to so conclude, given that this Honorable Court's prior opinion in *Robert Harvey*, as well as its opinion in *Berthelot v. Boh Bros. Construction Co., L.L.C.,* 2006 WL 1984661 (E.D. La. 2006), issued the very next day, both establish without doubt that the OLD was not involved in such activities, and consequently the only party who could have been was the U. S. Army Corps of Engineers.  Thus, it necessarily follows that any construction activities involving the 17th Street Outfall Canal were performed by a "person" "acting under" federal officers, and thus, because any such contractor parties can present a "colorable" "government contractor defense," the power to remove this matter was and is absolute.[2]  While this Honorable Court may have previously determined that the OLD could not

---

[2] Your Honor, in *Furleigh v. Sewerage and Water Board of New Orleans*, 2004 WL 1794524 (E.D. La. 2004), noted that the availability of a collarable government contractor defense, to a person acting under a federal officer, rendered a case removable under 28 U.S.C. 1442.  Thus, a showing that such a defense exhibits, to such a person, makes the case removable, even if such a defense by itself does not establish jurisdiction.

assert federal officer jurisdiction, the implication of the earlier opinions is that the contractor defendants (and for that matter the engineer defendants as well) patently can assert federal officer jurisdiction, and indeed have done so. This Honorable Court said as much in its earlier opinions, noting that the OLD did not "build or design" any structure, and noting that the litigations have focused on the design and construction of the levees which "was undertaken by the Corps." (*Robert Harvey*, p. 11). Unlike the OLD, Boh Bros., as well as the other contractor and engineer defendants, did participate in the construction process, and that is the critical distinction that yields federal officer jurisdiction herein.

### PRIVITY OF CONTRACT IS UNNECESSARY IN ANY EVENT

Although the issue is not directly raised in this motion, Boh Bros. will nonetheless submit the following authorities with respect to the necessity of privity of contract between it and the U.S. Army Corps of Engineers.

*Nesbiet v. General Electric Company*[3] and *Fink v. Todd Shipyards*[4] are examples of cases in which a party removed suits to federal court under 28 U.S.C. 1442 by asserting federal officer/government contractor defenses. Both cases refer to the same affidavit used by General Electric and the same facts regarding General Electric supplying marine steam turbines containing asbestos to the Navy in the 1940's.

Judge Porteous' decision in *Fink* found that the affidavit of David Hopson was sufficient to support removal. In *Nesbiet*, the court found that the Hopson affidavit was not sufficient to establish that the Navy prohibited the warnings about asbestos being published, but then found that an accompanying affidavit of Rear Admiral Lehman (ship superintendent at the Brooklyn

---

[3] 399 F. Supp. 2d 205 (SDNY 2005).

[4] C.A. 04-430 USDC, ED La. 4/19/04.

Navy Yard between 1942 and 1944), was sufficient to support the contention that the Navy controlled all warnings placed on equipment and in technical manuals.

While the issue of "privity of contract" between General Electric and the Navy was not specifically discussed in *Nesbiet*, it is clear from the recitation of facts that the claims were in regard to turbines supplied in General Electric to Navy ships both by direct contract between General Electric and the Navy and by contracts between General Electric and shipyards, which in turn were under contract with the Navy. Thus, in at least some of the claims removed in *Nesbiet*, General Electric was not in privity of contract with the Navy. As stated in *Nesbiet*, "The Hopson affidavits show that GE manufactured and supplied turbines for U.S. Navy ships under contracts between GE and the Navy Department or contracts between GE and shipyards that had themselves contracted with the Navy Department."[5]

Judge Porteous' opinion in *Fink* also refers to the Hopson affidavit as stating that GE supplied turbines to Navy ships either by direct contract between the Navy and GE **or** by contract between GE and shipyards. The opinion also specifically refers to the Hopson affidavit (paragraphs 11 and 12) as supporting the assertion that "In the design phase of a turbine, as in all other phases, the U.S. Navy retained ultimate decision authority . . . if an engineering disagreement arose between the Navy and the outside design consultants, the Navy controlled the design adopted."

In *Crocker v. Borden, Inc.*[6], Judge Livaudais held that Westinghouse, a third party defendant, properly removed claims against it based on its supplying marine turbines to Avondale for Navy vessels, based upon the affidavit of its manager of design verification, James

---

[5] 399 F. Supp. 2d at 206.

[6] 852 F. Supp. 1322, 1325 (ED La. 1994).

Gate, who declared that Westinghouse performed its work "under close, constant and detailed control and supervision by the Department of the Navy. The supervision and control was exercised by contract documents, design and construction drawings, written specifications, and personal oversight of Westinghouse work by Naval officers and civilian employees of the United States Navy." Judge Livaudais noted that the Gate affidavit was unrebutted.

Judge Lemelle, in *Mazant v. Visioneering, Inc.*[7], ruled that subcontractors may use the government contractor defense, citing Fifth Circuit authority in the *Kirstetter v. Pacific Scientific Company*[8] and *Garner v. Santoro*[9] cases, and referring to that rule being adopted in the Third, Fourth and Sixty Circuits as well. (Judge Lemelle also denied summary judgment on the government contractor's defense asserted by a subcontractor, Burnham, because it did not prove that the government officers were engaged in review of its work, but then granted summary judgment in favor of Burnham for reason that there was no evidence of any defects in the sub-component which it manufactured).

*Kirstetter* and *Garner* clearly acknowledge the possibility of a government subcontractor defense, particularly if the government approved the specifications. *Kirstetter* does not address privity but recites in its presentation of facts that defendant, Pacific Scientific Company, manufactured the "pilot restraint system" in the aircraft sold to the Navy. In discussing the government contractor defense, the Court stated, "The government need not prepare the specifications to be considered to have approved them." See *Trevino v. General Dynamics*, 865 F. 2d 1474, 1489 (5th Cir. 1989) (holding that 'substantive review' is adequate). To determine

---

[7] C.A. 04-0057, USDC, ED La. 3/14/06.

[8] 210 F. 3d 431 (5th Cir. 2000).

[9] 865 F. 2d 629 (5th Cir. 1989).

whether ÷substantive review¢ occurred, a court must take into consideration a number of factors. Those factors involve examining drawings, evaluation from time to time, criticism, and extensive government testing a continuous ÷back and forth¢ between the contractor and the government.ö 210 F. 3d at 435.

In *Garner*, the Court was confronted with the defendant epoxy paint manufacturer (õSeaguardö) who sold paint to Ingalls Shipyard, which held a Navy contract to build destroyers (which were to be transferred to Iran). The plaintiff objected to Seaguard¢s assertion of the government contractor defense because no government contract with Seaguard was involved. The Fifth Circuit stated:

> õGarner¢s argument could be interpreted to mean that because the Navy does not have a direct contract with Seaguard, Seaguard cannot assert the government contractor defense. Garner cites no case to support this proposition, and we have not found a case which binds us to such a per se rule. Indeed, though not binding, ***Schwindt v. Cessna Aircraft Co.***, No. CV 485-472 (S.D. Ga. Aug. 31, 1988) [1988 WL 148433], indicates that a supplier to a company with a government contract can assert the defense if the supplier can meet the conditions set forth in ***Boyle***. We, however, only state that given the limited factual information available to us concerning this defense, in particular what the terms of the involved contracts are, we are unprepared to agree with Garner¢s argument.ö 865 F. 2d at 637 n. 13.

Judge Lemelle¢s reference to ***Ramey v. Martin-Baker Aircraft Company***[10] as an example of the Fourth Circuit recognizing a subcontractor (not in privity of contract) eligible for government contractor defense is based upon the appellate court¢s affirmance of the trial court¢s finding that an ejection seat manufacturer for a Navy fighter was immune under the government contractor defense and that such component part manufacturer (Martin-Baker Aircraft Company) had successfully removed the case to federal court after McDonald Douglas had been dismissed

---

[10] 874 F. 2d 946 (4th Cir. 1989).

from the Maryland state court action. The federal district court then dismissed the claims against Martin-Baker on the grounds of military contractor defense. There is no direct mention in the opinion about privity of contract; rather, the court uses the usual *Boyle* three-prong test and holds that ". . . Martin-Baker has demonstrated Navy participation in the design that amounts to more than rubber stamping." 874 F. 2d at 950.

Judge Lemelle's reference to *Tate v. Boeing Helicopters*[11], as holding that subcontractors can assert the defense in the Sixth Circuit is grounded upon the Sixth Circuit's reference, 140 F. 3d at 657 n. 2 that "Breeze-Eastern [the subcontractor] concedes that, as a subcontractor, it bases its claims to the government contractor defense largely on the communications between the prime contractor, Boeing, and the Army. Plaintiffs, however, do not dispute that a subcontractor receives the benefit of the relationship between the prime contractor and the government. See generally, *McGuire v. Hughes Aircraft Corp.*, 91212 F. 2d 67 (3rd Cir. 1990)(applying government contractor defense to subcontractor on basis of prime contractor's interaction with government)." In *McGuire*, the Third Circuit approved application of the government contractor defense to MPB Corporation, a manufacturer which supplied ball bearings to Allison Gas Turbine Division of General Motors Corporation, which supplied the helicopter engine of Hughes Aircraft, which supplied the helicopter to the Army.

Your Honor has previously denied motions to remand and approved removals by James Construction Group of suits for property damages arising from the Napoleon Avenue Covered Canal Project, involving the Water Board and the Corps.[12] Your Honor stated, "The Court also

---

[11] 140 F. 3d. 654 (6th Cir. 1998).

[12] *Furleigh v. Sewerage & Water Board of New Orleans*, C.A. No. 04-1374, USDC, ED La. 8/9/04); *Miles v. Sewerage & Water Board of New Orleans*, C.A. No. 04-1587, USDC, ED La. 8/9/04).

finds that James acted in both cases, under the direction of a federal officer, namely, the Corps and its chief engineer for the project, Timothy Roth . . . as stated in James' Notice of Removal and the supporting affidavit by James' Project Superintendent, Jerry E. Swenson, the Corps had direct and detailed control over James' work."

## THE REMOVAL WAS PROCEDURALLY PROPER

The only discernable basis stated in the motion to remand is that there was not full consent by all defendants when Boh Bros. removed this matter. Actually, Boh Bros. contends that consent of all defendants is not required by law, particularly in this particular type of removal, nor generally speaking, nor under these particular circumstances.

This matter was removed on October 19, 2006. On November 2, 2006, this case was consolidated into the "umbrella" of litigations. Notice of that consolidation was duly issued to all parties. This motion to remand was not filed until November 17, and was filed inappropriately, without the caption and other particulars previously ordered by this Honorable Court. Thus, the motion to remand could be viewed as having been improperly filed.

Nonetheless, if that technicality is overlooked, the issue becomes whether consent of all defendants was necessary, either prior to the removal or within thirty days of same. Frankly, Boh Bros. suggests that this "unanimity rule" does not seem to have any basis in law or reason, and certainly is not part of the statutory language set forth in 28 U.S.C. § 1446. Indeed, such a rule tends to contradict the very language of the statute itself, which opens in section (a) with the phrase "A defendant or defendants . . . ," suggesting that removal can be accomplished by one or by a group. **There is nothing in the statute that requires unanimity.** In fact, careful research of this question reveals that courts across the nation have blindly followed the unanimity rule with no apparent reason at all. The Fifth Circuit case most often cited for this rule is ***Johnson v.***

*Helmerich and Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990). However, the opinion sets forth no reason for the rule, and in fact, cites an earlier case, *Tri-Cities Newspapers, Inc. v. Tri-Cities P & P & A Local 349*, 427 F.2d 325 (5th Cir. 1970). [13] That case simply states that the "law is clear that under 28 U.S.C. § 1446(a) removal procedure requires that all defendants join in the removal petition." It cites a 1900 U. S. Supreme Court case, *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), but that case does not really establish why the rule applies either, keeping in mind that the removal statute in place then was a very different creature from the present-day statute. Indeed, a recent decision specifically noted that "there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal," and rather concluded that there is only "widespread agreement" among the nation's courts that the unanimity rule should apply. *Novick v. Bankers Life Ins. Co. of New York*, 410 F.Supp. 2d 98 (E.D. N.Y. 2006). When it gets right down to it, there is no reason why there should be a unanimity rule in a statute that does not expressly require unanimity. Had Congress intended it to be that way, over the many years the statute has existed, and given its amendment roughly eight or more times, Congress could simply have put that requirement into the statute. It has not, and moreover, the express language in section (a) would seem to suggest that removal can be accomplished by one defendant acting alone, or by a group of defendants. The "rule of unanimity" is only "unanimous" because no one has ever questioned it.

Moreover, there is an inherent conflict between the so-called "rule of unanimity" that courts have read into 28 U.S.C. § 1446, and the "absolute" right of removal created by 28 U.S.C. § 1442. See: *Arizona v. Many Penny*, 451 U.S. 232, 101 S.Ct. 1657, 88 L.Ed. 2d 58 (1981);

---

[13] It is interesting to note that in *Johnson*, the Fifth Circuit, in 1990, referenced subsection (b), whereas earlier, in *Tri-Cities Newspaper*, in 1970, it referenced subsection (a).

***Berthelot***, *supra.*  28 U.S.C. § 1442 was clearly created by Congress to protect not just the United States as a party, but also any parties who were acting at the bequest of the United States, and was unquestionably intended to give such parties a "absolute" right of removal, whether acting alone or in concert with others.  In other words, it was Congress' intent that cases involving the United States, or parties under the control and direction of the United States, should be removable on their face.  To require a "rule of unanimity" in such cases would defeat Congressional intent.

Moreover, since the consolidation of this particular case on November 2, 2006, and during that general timeframe, there have been a multitude of parties added to the "umbrella" litigation.  It would be needlessly burdensome to require the consent of all such parties to this particular removal.  The defendants named in this particular case, the ***Richardson*** case, were all already before this Honorable Court in other specific cases, and had been participating in this case (the umbrella case) for months and months before ***Richardson*** was filed and removed, and all of said parties have participated since then.  In multiple pleadings too numerous to count and itemize, all of these parties have expressed their belief that there is federal jurisdiction for the reason this case was removed.  Because this was such an unusual and exceptional circumstance, the consent of all parties is readily apparent, even if not specifically expressed by the filing of pleadings within this particular litigation.  Virtually all of these parties have filed such express intent in pleadings in one or more cases.  Thus, there is no issue about a lack of consent in any event.

## CONCLUSION

The foregoing authority compels this Court's exercise of jurisdiction over the claims asserted against Boh Bros.

The facts clearly establish both federal officer jurisdiction, and the availability of a government contractor defense, and the jurisdiction under 28 U.S.C. § 1442 as to the claims against Boh Bros.

Once jurisdiction under 28 U.S.C. § 1442 is proper as to any of the defendants, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims that are so related that they form part of the same case or controversy. ***Davis v. Dept of Health and Hospitals***, 2006 WL 2089264 (5th Cir. 2206); ***Perret v. American National Property and Casualty***, 2006 WL 3412267 (E.D. La. 2006); ***Torregano v. Cross***, 2006 WL 3375363 (E.D. La. 2006).

Plaintiffs' motion to remand should therefore be denied.

                Respectfully submitted,

                **KINGSMILL RIESS, L.L.C.**

By: ___*/s/ Charles B. Colvin*___
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
***Attorneys for Boh Bros. Construction Co., L.L.C.***

Terrence L. Brennan (#32434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
***Attorneys for Boh Bros. Construction Co., L.L.C.***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this __16th__ day of __January__, 2007, I electronically filed the foregoing Opposition of Boh Bros. Construction Co., L.L.C. to Plaintiffs' Motion to Remand with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.

___/s/ Charles B. Colvin__