UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                CIVIL ACTION
       CONSOLIDATED LITIGATION

                                             NO. 05-4182
LEVEE CASES

PERTAINS TO: 06-7682(PAUL)                   SECTION "K"(2)

### ORDER AND OPINION

Before the Court are the "Motion to Vacate Stipulation of Dismissal With Prejudice" and the "Motion to Vacate Order of Dismissal with Prejudice" filed on behalf of plaintiffs Judy M. Paul and Willie Mackie, Sr. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, denies plaintiffs' motions.

### BACKGROUND

One of seven co-counsel for plaintiffs Judy Paul and Willie Mackie, Sr., as well as counsel for CST Transportation, Inc. ("CSXT") and counsel for BNSF Railway Company, f/k/a/ Burlington Northern and Santa Fe Railroad Company ("BNSF") signed a "Stipulation of Voluntary Dismissal with Prejudice" stipulating to the dismissal with prejudice of plaintiffs' claims against CSXT and BNSF. On December 1, 2006 counsel for CSXT filed the stipulation with the court (Doc. 2065) and counsel filed a proposed order dismissing the claims of CSXT and BNSF pursuant to the stipulation. On December 4, 2006, the plaintiffs' counsel who had signed the stipulation filed a motion to vacate the stipulation stating that "he acted under the mistaken impression that Plaintiffs' counsel collectively agreed to offer the Railroad Defendants a dismissal *with* prejudice. (Doc.

2001).  This understanding was in error and the voluntary stipulation, as worded, 'with prejudice,' was not authorized."

On December 5, the Court signed the order of dismissal. (Doc. 2075).  Thereafter the plaintiffs moved to vacate the Court's order dismissing the claims against CSXT and BNSF. (Doc. 2231).

## *LAW AND ANALYSIS*

A stipulation of dismissal filed pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure takes effect when filed; an order signed by a judge is not required to give effect to a filed stipulation. *See* Fed. R.Civ.P. 41(a)(1)(ii); *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995).  Thus, an order approving the dismissal which is the subject of the stipulation "is of no consequence. *Id.*

Plaintiffs cite no case law in support of their contention that the stipulation should be vacated due to counsel's "mistaken impression" concerning the terms of dismissal which would be acceptable to his co-counsel.  Nor has the Court located any such authority. There is no basis for vacating the stipulation.

Moreover, even assuming *arguendo* that the stipulation had not taken effect when it was filed and that the claims against CSXT and BNSF were dismissed only after the Court signed the order dismissing them, plaintiffs would not be entitled to have the order of dismissal vacated.  Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party or a party's legal representative from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ."  Plaintiffs do not urge "mistake" as a basis for vacating the order of dismissal.  They simply assert that after one of their counsel signed the "Stipulation of Voluntary Dismissal with

Prejudice" and the stipulation was filed into the record that "Plaintiffs determined that the agreement vis-a-vis dismissal *with prejudice* was inappropriate and should be withdrawn." "Inappropriate" decisions do not qualify as "mistake" or "inadvertence." Plaintiffs have failed to demonstrate any facts that satisfy any of the Rule 60(b) criteria for vacating the Court's order dismissing plaintiffs' claims against CSXT and BNSF. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' "Motion to Vacate Voluntary Stipulation of Dismissal with Prejudice" (Doc. 2001) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' "Motion to Vacate Order of Dismissal With Prejudice" (Doc. 2231) is denied.

New Orleans, Louisiana, this 16th day of January, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE