UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENJAMIN J. GLAUDI, JR. | * | CIVIL ACTION |
| VERSUS | * | NO.   06-8452 |
| RODNEY COSSE and STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "I" |
| * * * * * * * * | | MAGISTRATE 4 |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes the plaintiff, BENJAMIN J. GLAUDI, JR., who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action for breach of contract, negligence and/or breach of a fiduciary duty, committed by both the defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "STATE FARM"), and plaintiff's insurance agent, RODNEY COSSE (hereinafter "COSSE").

In his petition filed in the Civil District Court for the Parish of Orleans, plaintiff alleges various theories of recovery against the defendant, STATE FARM, for damages done to his home as a result of events both related and unrelated to Hurricane Katrina.

These are strictly homeowner's insurance claims against the defendant, STATE FARM. Plaintiff has not asserted claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

In addition to the above, the plaintiff alleges that the defendant, STATE FARM, and its agent, COSSE, were guilty of negligence and/or breach of fiduciary duty, as a result of the procurement of flood insurance for plaintiff by the defendants, particularly with regard to gaps or differentials in such coverage limits as compared to plaintiff's homeowner coverage limits.

Plaintiff filed his petition on August 23, 2006 and on October 18, 2006, the defendant, STATE FARM, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

### (A)   Removal.

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th

Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**(B)  Removal is improper under 28 U.S.C. Section 1369(a) and/or 28 U.S.C. Section 1441(e)(1)(B).**

The defendant, STATE FARM, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision at 28 U.S.C. 1369, the Multiparty Multiforum Trial Jurisdiction Act (MMTJA).

Alternatively, the defendant argues that 28 U.S.C. Section 1441(e)(1)(B) allows a type of "piggyback" removal of a state court claim to the federal district court, where a Section 1369 case is pending, even if the state court claim could not itself have been removed under Section 1369. The defendant's argument is erroneous.

28 U.S.C. Section 1369(a) states:

> "The district court shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least seventy-five natural persons had died in the accident at a discrete location, if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether the defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different states, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States."

"Minimal diversity" is present under Section 1369, if any plaintiff and any defendant are diverse. 28 U.S.C. Section 1369(c)(1). An "accident" under Section 1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discreet location by at least seventy-five natural persons." 28 U.S.C. Section 1369(c)(4).

However, 28 U.S.C. Section 1369(b) requires a federal court to abstain from exercising its Section 1369(a) jurisdiction if (1) a substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State.

It is obvious that the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs nor many defendants. See Chehardy v.

Wooley, Nos. 06-1672, 06-1673 and 06-1674(E.D. La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406(E.D. La. 2006).

The instant matter involves plaintiff and defendants involved in a dispute over homeowner's insurance coverage and whether the insurance company and agent were negligent in the handling of plaintiff's insurance affairs.

Additionally, Hurricane Katrina has not been found to be an "accident" under Section 1369. In Flint v. Louisiana Farm Bureau Mutual Insurance Company, 2006 WL 2375593 (E.D. La. 2006), the Court disagreed with the insurance company's contention that the Court in Chehardy found that Hurricane Katrina satisfied the definition of an accident under Section 1369. Further, the Court in Flint stated that the Court of Appeals never reached the conclusion that hurricane met the definition of a Section 1369 accident in Wallace v. Louisiana Citizens Property Insurance Company, 444 F.3rd 697 (5th Cir. 2006). The Court in Flint declined to interpret the statutory definition of an accident so broadly as to classify Hurricane Katrina as an accident. This very same conclusion has been reached on many occasions in the Eastern District in removal cases. See e.g. Southern Athletic Club v. Hanover Insurance Company, *supra.*, Southall v. St. Paul Travelers Insurance Company, 2006 WL 2385365 (E.D. La.).

Alternatively, the defendant contends that there is "piggyback" jurisdiction under the MMTJA and 28 U.S.C. Section 1441(e)(1)(B) because STATE FARM is a defendant in an action pending in this Court which allegedly involves similar issues and over which the Court has jurisdiction under Section 1369(a).

Again, however, the instant matter is a simple homeowner's insurance claim coupled with an errors and omissions claim, and has nothing whatsoever to do with any

other matter pending before this or any other court in the Eastern District of Louisiana. To that end, the very same argument the defendant makes in this case has been repeatedly rejected by other sections of this Court. Southern Athletic Club v. Hanover Insurance Company, *supra*.; Southall v. St. Paul Travelers Insurance Company, *supra*.; Flint v. Louisiana Farm Bureau Insurance Company, *supra*.

There is absolutely no indication that the adjudication of the present suit in a state court form would lead to inconsistent awards with suits in other forms. "...the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." Willhoft v. Kert Leblanc Insurance Agency, No. 2:06-cv-1235 (E.D. La. July 3, 2006) (order granting remand). The identical reasoning applies to this case.

(C)     **Removal is improper pursuant to 28 U.S.C. Section 1332.**

The defendant, STATE FARM, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision of 28 U.S.C. Section 1332. In so doing, STATE FARM argues that the plaintiff's insurance agents have been fraudulently joined in an attempt to defeat diversity jurisdiction.

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff, against an in state defendant which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in state defendant. Richmond v. Chubb Group of Insurance Companies, 2006 WL 2710566 (E.D. La. 2006).

In determining whether a plaintiff has some reasonable basis of recovery under state law, a court may resolve the issue by conducting a Rule 12(b)(6)-type analysis,

looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. Richmond v. Chubb Group of Insurance Companies, *supra*.

The "...burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B. Inc. v. Miller Brewing Company, 663 F.2nd 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "...the district court must evaluate all of the factual allegations in the light most favorable to plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Burden v. General Dynamics Corporation, 60 F.3rd 213 (216) (5th Cir. 1995). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. Id.

In this matter, plaintiffs allege that the defendants, STATE FARM and COSSE, who is domiciled in the Parish of Jefferson, and State of Louisiana, were liable, for the following errors and omissions and breach of fiduciary duty:

(A)  Failing to advise the plaintiff that damage to his property as a result of a hurricane would not be covered under the terms of the policy, despite the use of the term "hurricane deductible."

(B)  Failing to apprise the plaintiff the existence of other insurance products, specifically flood insurance coverage, which would allow plaintiff to have properly insured his dwelling and contents.

(C)  Failing to advise the plaintiff that homeowner/fire/liability insurance would not cover catastrophic levee and/or canal failure and/or other acts of man which might result in damage to plaintiff's property.

As stated above, to determine if joinder is improper, the Court must decide whether plaintiff has a reasonable basis of recovery under state law. Clearly, plaintiff's allegations state causes of action under Louisiana law for errors and omissions and breach of duty and, therefore, the defendant has not proved improper joinder.

**(D)    The defendant's removal is defective.**

The defendant, STATE FARM's, removal of this matter from state court to federal court is defective.

First, STATE FARM's removal under 28 U.S.C. Section 1446(a) is untimely since COSSE has not concurred in STATE FARM's removal.

In this matter, plaintiff attaches hereto, as Exhibit 1, a Motion for Extension of Time filed in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 06-8104 in the proceedings entitled "**Benjamin J. Glaudi, Jr. v. Rodney Cosse and State Farm Fire and Casualty Company**," whereby an appearance was made on behalf of COSSE. Although, apparently, service of process was not effectuated on COSSE in the State Court proceedings, his appearance by way of the filing of the Motion for Extension of Time constitutes an appearance such that his consent to this removal is necessary.

Section 1446(b) clearly requires a notice of removal to be filed within thirty days after a plaintiff serves the defendant. In cases, such as this, involving more than one defendant, the Fifth Circuit has held that the thirty day period begins to run on the date that the first defendant is served. Getty Oil, Division of Texaco v. Insurance Company of North America, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); Clark v. Field Inspection Service, Inc., 1994 WL 180278 (E.D. La. 1994).

In this matter, STATE FARM was served on September 19, 2006 and, although its removal was timely filed on October 18, 2006, the failure of COSSE to join in the removal is fatal.

### III.  CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of Oct, 2006, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____