FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 12  PM 1: 28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENJAMIN J. GLAUDI, JR. | * | DOCKET NO.: 06-8452 |
| | * | |
| | * | JUDGE: Africk |
| VERSUS | * | |
| | * | SECTION: "I" |
| RODNEY COSSE AND STATE | * | |
| FARM FIRE AND CASUALTY | * | MAGISTRATE: 1 |
| COMPANY | * | |

*************************************

## OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

DEFENDANT, **STATE FARM FIRE AND CASUALTY COMPANY** ("State Farm")

opposes the Motion for Remand filed by plaintiff, Benjamin J. Glaudi, Jr. ("Glaudi") for the

following reasons:

## I.    INTRODUCTION

Plaintiff moves for remand on the basis of no federal jurisdiction.  Plaintiffs' Motion

should be denied because the case was properly removed under diversity jurisdiction, 28 USCA

§ 1332, because the agent, Rodney Cosse, is improperly joined to the lawsuit.  Without Cosse,

there is complete diversity of citizenship.  Alternatively, the Multiparty, Multiforum Trial

Jurisdiction Act, 28 U.S.C. § 1369, provides federal jurisdiction justifying a denial of Plaintiff's

Motion to Remand.

___ Fee_____
___ Process _____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

## II.   FACTUAL & PROCEDURAL BACKGROUND

Glaudi filed a Petition for Damages on or about August 23, 2006, stating claims for damages against State Farm and Cosse.  Exhibit "A".  Cosse has not been served with the Petition for Damages.  Exhibit "B"  This matter was removed to this court on October 18, 2006.  Glaudi lives at 4631 Major Drive, New Orleans.  Plaintiff's assertion that the removal was defective because Cosse did not consent to the Removal has no merit.

In November 1980, State Farm issued homeowners policy No: 18-02-7582 to Mr. Glaudi.  Policy No: 18-02-7582 was renewed yearly thereafter.[1]  Rodney Cosse was not the agent that procured the State Farm Policy No. 18-02-7582 for Mr. Glaudi in November 1980.[2]  Mr. Cosse began handling Mr. Glaudi's policy in October 1997.[3]  The Hurricane Deductible has been a part of Mr. Glaudi's policy since July 2000 and was provided to Mr. Glaudi with his policy renewals.[4]  Cosse has not had any contact with Mr. Glaudi with respect to the homeowners policy No. 18-02-7582 in the three years prior to August 23, 2006.[5]

## III.   ARGUMENT

Glaudi's assertion that the removal was defective because Cosse did not consent to the removal has no merit since Cosse has not been served with the Original Petition for Damages.  Glaudi's claims against State Farm invoke this court's diversity jurisdiction.  Alternatively, the case is removeable under the MMTJA, 28 USC § 1369.

---

[1] See exhibit C, Affidavit of Rodney Cosse.

[2] See Exhibit C, Affidavit of Rodney Cosse.

[3] See Exhibit C, Affidavit of Rodney Cosse.

[4] See Exhibit C, Affidavit of Rodney Cosse.

## A.      Non-Served Party Consent Not Required For Removal.

Plaintiff argues in their Motion for Remand that Defendants' Notice of removal is defective because the removal was not joined by Cosse. Plaintiff has not serviced *Cosse* with the Petition for Damages. Exhibit "B". 28 U.S.C. § 1446 requires a Notice of Removal to be filed within 30 days after a plaintiff *serves* the defendant. Plaintiff correctly cites *Getty Oil* which states the general rule that in cases involving more than one defendant, the thirty day period begins to run on the date that the first defendant is *served*. *Getty Oil, Division of Texaco v. Insurance Company of North America*, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); Clark v. Field Inspection Services, Inc., 1994 WL 180278 (E.D. La. 1994).

A recognized exception to the general rule that all defendants must join in notice of removal exists when a defendant **has not yet been served** with the state court summons. See Jones v. Houston Independent School Dist., 979 F.2d 1004 (5th Cir. 1992). It is undisputed that Cosse has not been served with the Petition for Damages, therefore, Cosse's consent is not required to validate the removal.

## B.      Agent Rodney Cosse Was Improperly And/Or Fraudulently Joined To The Lawsuit To Defeat Diversity.

Plaintiff does not dispute that the amount in controversy is more than the $75,000 jurisdictional requirement.

Plaintiff's Petition for Damages names as a defendant Rodney Cosse, a State Farm Agent and Louisiana domiciliary, who ostensibly would by his presence defeat diversity jurisdiction. However, federal removal jurisdiction premised on diversity cannot be defeated by the presence

---

[5] See Exhibit C, Affidavit of Rodney Cosse.

of an improperly-joined non-diverse and/or in-state defendant. See, e.g., Smallwood v. Ill. Cent. R.R., 385 F.3d 568 (5th Cir.2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

Plaintiff's Petition alleges that Rodney Cosse: (1) Failed to advise the plaintiff that damages to his property as a result of a hurricane would not be covered under the terms of the policy, despite the use of the term "hurricane deductible". (2) Failing to apprise the plaintiff the existence of other insurance products, specifically flood insurance coverage, which would allow plaintiff to have properly insured his dwelling and contents. (3) Failing to advise the plaintiff that homeowners/fire/liability insurance would not cover catastrophic levee and/or canal failure and/or other acts of man which might result in damage to plaintiff's property.

On the contrary, plaintiff had been provided with a copy of his policy, and well before 2005. Plaintiff purchased the original homeowners policy from State Farm in November *1980*.[6] The policy has since undergone yearly renewals.[7] Plaintiff had been in possession of this policy for twenty five years at the time of Hurricane Katrina.[8] The "hurricane deductible" has been a part of the policy since July 2000.

Furthermore, Rodney Cosse was not the agent who sold plaintiff this policy (Cosse inherited the file from a different agent).[9] Cosse became plaintiff's agent in October 1997, when the policy had already been in existence 17 years.[10] Further, it would not have been Cosse who allegedly failed to inform the plaintiff as to the existence of the exclusionary language in the policy, though

---

[6] See Exhibit C, Affidavit of Rodney Cosse.

[7] See Exhibit C, Affidavit of Rodney Cosse.

[8] See Exhibit C, Affidavit of Rodney Cosse.

[9] See Exhibit C, Affidavit of Rodney Cosse.

this allegation is irrelevant since the plaintiff is responsible for reading his policy and presumed to know its terms. See Dobson, et al, v. Allstate Insurance Co., No. 06-252, at p. 21, 27 (E.D. La 7/21/2006) (Vance, J.) (citing Motors Ins. Co. v. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir. 1990); Stephens v. Audubon Ins. Co., 665 So.2d 683, 686 (La. App. 2nd Cir. 12/6/95) (citing Matthews v. Business Men's Assur. Co. of America, 478 So.2d 634, 637 (La. App. 2nd Cir. 1985); Perkins v. Shelter Ins. Co., 540 So.2d 488 (La.App. 1st Cir.1989)).

The acts of negligence/ omissions asserted by the plaintiff in this matter occurred at the time of the policy's issuance – in 1980 – well more than three years before the filing of this lawsuit. The issue of explaining the "hurricane deductible" also would have occurred in 2000, more than three years before the filing of this suit. Cosse confirms that he had no contact with Glaudi for the three years prior to August 2006 in regards to the homeowners policy.

Louisiana Revised Statutes § 9:5606 establishes a **3-year peremptive period** for claims by an insured against an insurance agent. That statute provides, in pertinent part:

> No action for damages against any insurance agent ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed ... within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. **However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**

(Emphasis added). Plaintiff did not file suit within three years of the date of any alleged act, omission or neglect. The policy was originally issued to the plaintiff in 1980. Plaintiff's Hurrican Deductible was a part of the policy since 2000. The exclusionary language has been a part of the

---

[10] See Exhibit C, Affidavit of Rodney Cosse.

policy since 1990.  Plaintiff was in possession of his policy for 17 years before Cosse even became

involved with the policy.  Further, Cosse confirms that he has had no contact with plaintiff in the last

three years before the filing of this lawsuit with reference to this homeowners policy.[11]  Plaintiff's

claims against Cosse (and/or the original State Farm agent, who is not named) are barred by

peremption.

"[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is

no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which

stated differently means that there is no reasonable basis for the district court to predict that the

plaintiff might be able to recover against an in-state [or nondiverse] defendant." See Smallwood

v. Ill. Cent. R.R., 385 F.3d at 573.

Plaintiff has no reasonable chance of recovery because (1) the allegations plaintiff

attempts to set forth against Cosse apply not to Cosse, but the original agent who sold plaintiff

his policy in 1980 and because (2) the acts or omissions pled by plaintiffs occurred long ago, and

are barred by peremption.  Malone is therefore fraudulently joined to this lawsuit and this joinder

cannot prevent removal to this court under the court''s diversity jurisdiction under 28 U.S.C.

§1332.

**C.    Multiparty, Multiforum Trial Jurisdiction Act (MMTJA)**

This Court also has jurisdiction under 28 U.S.C. § 1369 over lawsuits arising from

Hurricane Katrina.  28 U.S.C. § 1369 is titled the "Multiparty, Multiforum Trial Jurisdiction Act

(MMTJA)."  This statute was passed in an effort to provide a federal forum and consolidate

actions related to a large disaster.  "The MMTJA was designed to ameliorate the restrictions on

---

[11] See Exhibit C, Affidavit of Rodney Cosse.

the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." Wallace v. Louisiana Citizens Property Ins. Corp., 444 F.3d 697, 702 (5ᵗʰ Cir. 2006), citing the statute's legislative history at H.R.REP. NO. 106-276, at 7 (1999). In §1369, and its corresponding removal statute, §1441(e), Congress has displayed a preference for common federal forums for large disasters in order to promote uniformity. Note, The Multiparty, Multiforum Trial Jurisdiction Act: Open Ing The Door To Class Action Reform, 23 Rev. Litig. 177 (Winter 2004), 186 (footnotes omitted). Various provisions of the MMTJA, such as the minimal diversity requirement, the "piggyback" provisions of 28 USC 1441(e)(1)(b), and the elimination of the requirement that all defendants consent to removal have also been said to reveal "that the removal amendment is meant to allow parties to join actions currently in state courts to cases pending in federal court." See id, citing H.R. Rep. No. 102-373, at 11 (1999).

At least one federal court in Louisiana has denied a Motion to Remand in a Hurricane Katrina case based on that courts' assumption of jurisdiction under 28 U.S.C. § 1369. On March 16, 2006, Judge Polozola in the Middle District of Louisiana, in Gladys Chehardy, et al, v. J. Robert Wooley,. et al, denied a Motion to Remand and found the court to have jurisdiction under 28 U.S.C.§ 1369. See Exhibit "D." [12]

---

[12] Chehardy was originally filed in the Middle District of Louisiana (3:05-CV-01140), transferred to the Eastern District of Louisiana, and consolidated with # 2:05-cv-04182-SRD-JCW. The Order attached as Exhibit H was rendered in the Middle District

Plaintiffs note in their Motion for Remand that Defendant's Notice of Removal cites Wallace v. Louisiana Citizens Property Ins. Corp., 444 F.3d 697, 702 (5ᵗʰ Cir. 2006), to support its removal under §1369's "piggyback" jurisdiction. On March 31, 2006, a panel of the U.S. Fifth Circuit Court of Appeal, in James Wallace, et al, v. Louisiana Citizens Property Insurance Corp., et al, 444 F.3d 697, 702 (5ᵗʰ Cir. 2006), vacated a grant of a Motion to Remand, determining that federal jurisdiction existed based on 28 U.S.C.§ 1369. The Fifth Circuit opinion in Wallace does indeed support Defendant's removal of this case. However, subsequent to this ruling the District Court, Judge Livaudais, despite the Fifth Circuit's ruling, again remanded the case because "piggyback" jurisdiction − see section III(C)(2) below—was "insufficient" despite clear statutory

## 1.  This court has original jurisdiction under 28 U.S.C. § 1369.

This case meets the criteria for jurisdiction under 28 U.S.C. § 1369, which provides, in

pertinent part:

> ### § 1369. Multiparty, multiforum jurisdiction
>
> **(a) In general.**--The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if--
>
>> **(1)** a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>>
>> **(2)** any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>>
>> **(3)** substantial parts of the accident took place in different States.

Thus, original jurisdiction will lie if each of the following requirements is met:

| | |
|---|---|
| (a) | There is minimal diversity; |
| (b) | One of the jurisdictional requirements set out in §1369(a)(1) – (3) is met; |
| (c) | The action arises from a single "accident," as defined in § 1368(c)(4); |
| (d) | At least 75 persons died as a result of the "accident"; and |
| (e) | Those deaths occurred at a "discrete location." |

These factors are discussed below:

(a)     Minimal Diversity is Present.

Minimal diversity exists because Plaintiff is a citizen of Louisiana and State Farm is a

citizen of Illinois.  See 28 U.S.C. § 1369(c)(1) ("minimal diversity exists between adverse parties

if any party is a citizen of a state and any adverse party is a citizen of another State").

---

authority and a 5th Circuit decision to the contrary.  Mover respectfully suggests that Judge Livaudais' decision

(b)     Jurisdictional Requirements are Present.

Additionally, it is beyond dispute that, of the three jurisdictional requirements of § 1369(a), at least § 1369 (a)(2) applies to this case because State Farm is a resident of Illinois and Cosse is a citizen of Louisiana.[13]

(c) This Action Arises from a Single "Accident" as defined by 28 U.S.C. §1369(c)(4).

The MMTJA defines "accident" as either (1) "a sudden accident" or (2) "a natural event culminating in an accident." 28 U.S.C. § 1369(c)(4).   Initially, it should be noted that in defining the statutory term "accident", §1369(c)(4) uses the term "accident" within the body of the definition.   To avoid circularity, it must be assumed that Congress intended for the term "accident" as used within the definition to have the ordinary meaning of that term which, when combined with the other parts of the definition, provides a definition of the statutory term "accident" for the purpose of the MMTJA. "Accident" is generally defined as "an unintended or unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated." Black's Law Dictionary 15 (7th ed. 1999).

Hurricane Katrina was a statutory "accident" under the second prong of the statutory definition (i.e., "a natural event culminating in an accident"). There can be no dispute that Hurricane Katrina was a "natural event," and that Hurricane Katrina culminated in an untold number of smaller "accidents" within the ordinary meaning of that word (i.e., unintended or

---

is erroneous and the Fifth Circuit opinion is correct.

[13] Further, the other two requirements will also be met in this case: State Farm resides in Illinois and substantial parts of the accident took place in other states, i.e., Louisiana and Mississippi. (§ 1369 (a)(1)); substantial parts of the accident took place in different states, such as Louisiana and Mississippi (§ 1369 (a)(3));

unforeseen injurious occurrences) across Louisiana and Mississippi, including the damage to the Plaintiff's residence, various levee breaches, and flooding throughout Orleans parishes.[14]

Pursuant to the definition of "accident" in § 1369 (c)(4), the jurisdictional provisions of the MMTJA are implicated where an action arises either from (1) a sudden or unintended or unforeseen injurious occurrence or (2) a natural event culminating in an unintended or unforeseen injurious occurrence.   Hurricane Katrina meets both alternatives of the specific, specialized definition of "accident" provided by the MMTJA.

Furthermore, the plaintiff's property was in New Orleans.   New Orleans was inundated after the breach of the levees.   These levee breaches must also be considered an "accident" within the meaning of the statute. "a levee break might very well be considered an "accident" arising from a natural event so as to trigger the provisions of the MMTJA."   Berry v. Allstate Ins. Co. 2006 WL 2710588, *3 (E.D.La.,2006), citing Flint v. Louisiana Farm Bureau Mut. Ins. Co., 2006 WL 2375593 (E.D.La.,2006).

(d).   At least 75 persons died as a result of the accident.

Plaintiff's claims stem from Hurricane Katrina, August 29, 2005, an event during which over 1,500 persons died, including over 1,200 in Southeast Louisiana.[15]

---

[14] Additionally, the first prong of §1369(c)(4)'s definition of the statutory term "accident" (i.e., a sudden accident) provides a second way to find that this lawsuit arises out of an accident within the meaning of the MMTJA. Under the ordinary meaning of "accident" (i.e., "an unintended or unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated"), there can be little question that a hurricane qualifies as an "accident"; there is no doubt that Katrina struck suddenly or that its physical impact on the Gulf Coast was sudden.

(e).    Those deaths occurred at a discrete location.

While it is beyond dispute that Hurricane Katrina resulted in more than 75 deaths, the statute also requires that the requisite number of deaths have occurred at a "discrete location." 28 U.S.C. §1369(c)(4). "Discrete" is a relative term; it denotes something "individual; separate; distinct." Black's Law Dictionary 479 (7th Ed. 1999). The specificity of the term "discrete" is a function of the context and circumstances in which it is used. A natural reading of the term "discrete location" as used in the MMTJA would vary the applicable boundaries of the location based upon the nature and characteristics of the statutory accident at issue. Here, where Hurricane Katrina is the statutory accident, the term "discrete location" should be understood as encompassing the geographic area devastated by the landfall of that storm (i.e. the American Gulf Coast). This location is specific and identifiable to the exclusion of all other geographic areas and its scope of framed by reference to the causative event (i.e. Hurricane Katrina).

Nonetheless, even if the Court were inclined to interpret the term "discrete" to require that the requisite number of deaths have occurred in a defined area less than the entire area impacted by the statutory accident, there are numerous locations that would qualify, including the State of Louisiana, the Eastern District of Louisiana, the City of New Orleans, and/or the Lakeview area of New Orleans between the 17th Street and London Avenue Canals. Any of these various discrete locations would suffice to satisfy the MMTJA's threshold.

Once it is established that the requisite number of deaths occurred at a given discrete location and that those deaths resulted from the statutory accident, the Court would have

---

[15] See http://www.cnn.com/2006/US/03/19/katrina.toll/index.html;
http://www.dhh.louisiana.gov/offices/page.asp?ID=192&Detail=5248;
http://www.insurancejournal.com/news/southeast/2006/01/24/64517.htm.

jurisdiction over any and all civil actions arising out of the same accident.   MMTJA jurisdiction

does not depend upon whether the Plaintiffs' claim is related in some way to any of the deaths

caused by Hurricane Katrina, nor does it depend upon whether Plaintiffs' claim even arises in the

same discrete location as the deaths.   The MMTJA specifically contemplates that the qualifying

accident could span multiple judicial districts or states.   See 28 U.S.C. §1369(a)(3) (providing for

jurisdiction where "substantial parts of the accident took place in different States"); see also 28

U.S.C. § 1391 (g) (providing for venue "in any district in which … a substantial part of the

accident giving rise to the action took place").

Katrina was both a sudden unintended or unforeseen injurious occurrence and a natural

event culminating in many unintended or unforeseen injurious occurrences across the Gulf Coast.

Hurricane Katrina resulted in more than 75 deaths both overall and in specific locales as small as

the Lakeview district of New Orleans.   There is no dispute about the fact that this lawsuit arose

out of Hurricane Katrina; indeed, Plaintiffs' Petition has expressly alleged such.   (Petition,

Paragraph III).   This is all the plain language of §1369 requires.

### 2.   Cases Declining to Find Jurisdiction under the MMTJA Fail to Consider the Plain Language of the Statute.

The best evidence of what Congress intended in enacting a particular statute is the words

that it chose to use in the statute itself; courts should not consult legislative history unless the

statutory language itself is ambiguous.   See Exxon Mobil Corp. v. Allapattah Services, Inc., 545

U.S. 546, 125 S. Ct. 2611, 2625-27, 162 L.Ed.2d 502 (2005). "[The Supreme Court] has stated

time and again that courts must presume that a legislature says in a statute what it means and

means in a statute what it says there. When the words of a statute are unambiguous then, the first

canon is also the last: judicial inquiry is complete." Conn. Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992)(citations and internal quotation marks omitted).

Despite the plain language of §1369 and without acknowledging any of the aforementioned Supreme Court precedent, some recent decisions have refused to apply §1369 to claims arising out of Hurricane Katrina based on legislative history. See Southhall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006) (Barbier, J.) (concluding from legislative history that MMTJA did not confer jurisdiction over case before court because it was not a large class action and defendants had made no suggestion that case should be consolidated with any other pending litigation); Hillery v. State Farm Fire & Cas. Co., Case No. 2:06-CV-2909, Docket No. 7, pp. 5-8 (E.D. La. July 26, 2006) (Barbier, J.) (attached as Exhibit "K" (same); Willhoft v. Kert Leblanc Ins. Agency, Inc., Case No. 2:06-CV-1235, Docket No. 27, pp. 4-5 (E.D. La. July 5, 2006) (Lemmon, J.) (attached as Exhibit "L") (concluding from legislative history and commentary that MMTJA jurisdiction "is not intended to apply to a case where there are not many plaintiffs and many defendants"); see also Wallace v. La. Citizens Prop., Ins. Corp., No. 2:06-CV-114, Docket No. 58, p. 4 (E. D. La. June 7, 2006) (Livaudais, J.) (attached as Exhibit "M") (rejecting MMTJA argument out of hand based solely on general "presumption against federal subject matter jurisdiction"). However, the plain and unambiguous text of § 1369 imposes no requirement that a given case involved any particular number of plaintiffs or defendants or that it have any legal or factual issues in common with any other pending action other than arising from the same "accident." As one commentator has noted:

> The MMJTA could include a class action, but it is not limited to class actions.
> In theory, at least, it could apply to an action by a single plaintiff against two
> defendants, one of diverse citizenship from the plaintiff and one not—not long
> as the other requisites of the statute are satisfied.

Johnson, "Current Topics in Federal Subject Matter Jurisdiction" (attached as Exhibit N), p. 9.

While jurisdictional statures are to be strictly construed, they must still be applied in accordance

with their plain language.  The unambiguous requirements of § 1369 are all satisfied in this case.

This court thus has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1369(a).

Further, the limited abstention grounds of §1369 do not apply:

> **(b) Limitation of jurisdiction of district courts.**--The district court shall
> abstain from hearing any civil action described in subsection (a) in which--
>
> (1) the substantial majority of all plaintiffs are citizens of a single State of
> which the primary defendants are also citizens; and
>
> (2) the claims asserted will be governed primarily by the laws of that State.

Section 1369(b) does not require the Court to abstain from exercising jurisdiction over this case.

Section 1369(b)(1), the first requirement for abstention, is not satisfied.  State Farm must be

considered a "primary" defendant.   It is therefore not the case that the plaintiffs are citizens of

the same state as all of the primary defendants and the court should not abstain.  See Passa v.

Derderian, 308 F. Supp. 2d 44, 61 (D.R.I. 2004) ("§ 1369 does not require this court to abstain if

any *one* of the so-called 'primary defendants' is from a state other that Rhode Island") (emphasis

in original).

### 3.    This Court has "Piggyback" Jurisdiction under 28 U.S.C. §1369.

In the alternative, if there were no original removal jurisdiction under 28 U.S.C. §1369, the

statute also grants what has been termed "piggyback" jurisdiction.   While 28 U.S.C. §

1441(e)(1)(A), allows removal in cases where the federal courts have original jurisdiction under §

1369, a companion provision, 28 U.S.C. § 1441(e)(1)(B) allows removal of actions not otherwise

removable but where a defendant is a party to a different case which was brought or could have been

brought into federal court under § 1369.   State Farm is a defendant in the Katrina-related matter

entitled <u>Gladys Chehardy, et al, v. J. Robert Wooley, et al.</u>, (3:05-CV-01140) in the Middle District of Louisiana. <u>Chehardy</u> has been removed pursuant to §1369 and §1441(e)(1)(A). <u>See</u> Exhibit "D".

Under the language of 28 U.S.C. § 1441(e)(1)(B), because State Farm "is a party to an action [<u>Chehardy</u>] which is or could have been brought, in whole or in part, under § 1369 in a United States district court and arises from the same accident as the action in State court", the present action [<u>Glaudi</u>] is removable "even if the action to be removed [<u>Glaudi</u>] could not have been brought in a district court as an original matter." In other words, because <u>Chehardy</u> has been removed to federal court under § 1369 and § 1441(e)(1)(A), other cases arising out of the same accident (Hurricane Katrina) in which State Farm is a party may also be removed to federal court under 1441(e)(1)(B) even if there was no original jurisdiction under § 1369.

Plaintiff complains that "one case cannot piggyback on another unrelated case simply because they are pending in the same court." On the contrary, this is precisely what the plain language of the statute provides. The only requirement is that the cases arise from the same accident, and interpreting the "accident" as either Hurricane Katrina or the 17th Street Canal Levee breach, this requirement is met within the plain language of the statute.

Moreover, even assuming the abstention provision of Section 1369(b) did apply to this case, that would not prevent the Court from exercising jurisdiction over this case under the piggyback jurisdiction of 28 U.S.C. § 1441(e)(1)(B). The Fifth Circuit has specifically held that Section 1369(b) operates only as a limitation on a court's ability to hear a case brought as an *original* matter under Section 1369(a). <u>Wallace</u>, 444 F. 3d at 702. Therefore, even if found applicable to the facts of this case, Section 1369(b) would not prevent defendants from removing this case on the basis of Section 1441(e)(1)(B). <u>See</u> <u>Wallace</u>, 444 F. 3d at 702 ("Consequently, §

1369(b) is not an independent bar to the exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), as it applies only to the exercise of original jurisdiction under § 1369(a).")

## IV.   <u>CONCLUSION</u>

The removal filed by State Farm was timely and valid.  Cosse has not been served with the Petition for Damages, therefore his consent is not required.  This Honorable Court has diversity jurisdiction in this matter.  The claims against Cosse are perempted, and the case is removable for diversity jurisdiction.

In the alternative, 28 U.S.C. §1369 provides an additional basis for federal jurisdiction.

**ACCORDINGLY**, Defendants pray that the Court deny the Motion To Remand.

Respectfully submitted,

BRANT J. CACAMO, #26227  T/A
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*

*CERTIFICATE OF SERVICE*

I do hereby certify that I have on this ___12___ day of ___Dec___, **2006**, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.