CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE LITIGATION CIVIL DISTRICT COURT

NO. 06-8104

DIVISION " "

DRS

BENJAMIN J. GLAUDI, JR.

VERSUS

RODNEY COSSE and STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____    _____
                                      DEPUTY CLERK

## PETITION

The petition of BENJAMIN J. GLAUDI, JR., domiciled in the Parish of Orleans, State of Louisiana, with respect represents:

I

Named defendants herein are RODNEY COSSE (hereinafter referred to as "COSSE"), on information and belief, domiciled in the Parish of Jefferson, State of Louisiana; and STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as "STATE FARM"), a foreign insurance corporation, authorized to do and doing business in the Parish of Orleans, State of Louisiana.

The defendants are indebted unto your petitioner, in some respects jointly and *in solido*, and in some respects individually, in the amounts and for the reasons as hereinafter stated:

### Count 1

II

On August 29, 2005, plaintiff owned property located at 4631 Major Drive, in the City of New Orleans, State of Louisiana.

III

On that date, as a result of hurricane force winds from Hurricane Katrina, plaintiff's property suffered significant wind damage and damage due to other additional

EXHIBIT A

perils covered under a policy of homeowners/fire/liability insurance issued by the defendant, STATE FARM, to plaintiff.

IV

Plaintiff avers that the defendant, STATE FARM, issued Policy No. 18-02-7582-4 for the covered dwelling. This policy was issued subject to Louisiana's "Valued Policy Law," which specifically prohibits any contrary exclusionary language, or anti-concurrent cause clauses, and declares that such language or clauses are null and void.

V

Subsequent to the damage to plaintiff's property, an insurance adjuster representing the defendant, STATE FARM, assessed the damage to plaintiff's home and arbitrarily determined that the defendant would not pay plaintiff for the damage as follows:

(1) Plaintiff sustained significant damage to the roof of his dwelling as a result of wind. Rainwater then entered the interior of plaintiff's residence, causing interior damage.

(2) In addition to the above, plaintiff sustained damage to the content of his home as a result of rain water entering the premises.

(3) As a result of wind damage to plaintiff's premises, he was unable and has remained unable to occupy the premises. Plaintiff avers that the defendant has failed to pay any loss of use as called for in the policy.

(4) As a result of breaches in the industrial canal and as a result of design defects in the MRGO, plaintiff sustained additional loss to his dwelling and the content within his dwelling as a result of water entering his home as a direct and proximate result of the negligent acts of others.

VI

Plaintiff avers that, pursuant to Louisiana Insurance Code, the defendant, STATE FARM, was required to pay the amount of any claim due plaintiff within thirty days after receipt of satisfactory proofs of loss. Although the defendant, STATE FARM, inspected the covered property and has received such proof of loss, it failed to pay any of the sums due under the policy for the repair and/or replacement of plaintiff's covered property

within the delays established by law and has continued to fail and refuse to pay for those items mentioned above.

VII

Said failure by the defendant, STATE FARM, is arbitrary, capricious and in bad faith and, accordingly, the defendant is liable to the plaintiff for penalties and attorneys fees pursuant to applicable provisions of state and federal law as well as consequential damages pursuant to state law.

VIII

Plaintiff has made demand upon the defendant, STATE FARM, for the cost of repairs and/or replacement as enumerated above, to no avail. This claim is now being filed as a result of the defendant's breach of contract and to enforce the policy of insurance pursuant to applicable provisions of the Louisiana Insurance Code.

Count 2

IX

As mentioned hereinabove, the defendant, STATE FARM, had issued to plaintiff a policy of homeowner/fire/liability insurance for his residence which carried a "Hurricane" deductible. This policy of insurance had been procured by COSSE, who was either employed or was an agent of the defendant, STATE FARM. As such, the defendant, STATE FARM, is liable and responsible for the acts, errors and omissions of the defendant, COSSE, rendering the defendants liable, jointly and *in solido*, for plaintiff's damages and losses.

X

Plaintiff avers that the defendants, COSSE and STATE FARM, both failed to disclose to him and negligently misled him into believing that, by agreeing to a "Hurricane" deductible, all losses occasioned to his dwelling and its content as a direct and proximate result of a hurricane, would be covered under the said policy, including the very type of losses which plaintiff sustained as a result of the events of August 29, 2005.

XI

Plaintiff avers that the defendants, COSSE and STATE FARM, were negligent in the following non-exclusive particulars:

(1) Failing to advise plaintiff that damage to his property as a result of a hurricane would not be covered under the terms of the policy, despite their usage of the term "Hurricane Deductible."

(2) Failing to apprise the plaintiff of the existence of other insurance products, specifically flood insurance coverage, which would have allowed plaintiff to have properly insured his dwelling and content.

(3) Failing to advise the plaintiff that homeowner/fire/liability insurance would not cover catastrophic levee and/or canal failure and/or other acts of man which might result in damage to plaintiff's property.

(4) Such other acts of negligence and inaction as shown at the trial of this cause.

## XII

As a result of the breach of contract, the breach of fiduciary duty which the defendants owed to plaintiff and as a result of the defendants' errors and omissions, plaintiff has sustained significant damage and is entitled to recover such sums as are reasonable, said sums to include damages for breach of contract in the amount of plaintiff's homeowner/fire/liability dwelling and contents limits, as well as damages for breach of their fiduciary duties and their negligence, such sums to be calculated on the basis of the total loss of plaintiff's dwelling and the total loss of plaintiff's content, together with such other pecuniary and non-pecuniary damages as may be proven at the trial of this cause.

## XIII

Plaintiff avers that his damages, exclusive of interest and cost, both for breach of contract and in negligence, exceed the sum of $50,000.00.

WHEREFORE, plaintiff prays that the defendants be duly cited and served with a copy of this petition and that, after due proceedings had, there be judgment herein in his favor and against the defendant, in some respects jointly and *in solido*, and in some respects individually, for such sums as are reasonable in the premises, said sums to include penalties, attorney's fees and other compensable damages, said sums to be with

legal interest thereon, from date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted,

GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

PLEASE SERVE:

RODNEY COSSE
3445 N. Causeway Boulevard
Metairie, Louisiana 70002

STATE FARM FIRE AND CASUALTY COMPANY
Through the Secretary of State,
AL ATER
3851 Essen Lane
Baton Rouge, Louisiana 70809

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE LITIGATION

NO. 2006-8104

DIVISION "C" D.R.S. "T"

BENJAMIN J. GLAUDI, JR.

VERSUS

RODNEY COSSE and STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____   _____
                          DEPUTY CLERK

### ORDER

THIS MATTER will come before the Court for case management conference on the 6th day of October, 2006, at 10:45 o'clock a. M., before Division "C".

NEW ORLEANS, LOUISIANA, this 25th day of Aug., 2006.

T. G. ROBINSON
MINUTE CLERK — DIVISION "C"
Civil District Court
421 Loyola Ave., Room 200 C
New Orleans, LA 70112
(504) 592-9209

PLEASE SERVE WITH PETITION:

RODNEY COSSE
3445 N. Causeway Boulevard
Metairie, Louisiana 70002

STATE FARM FIRE AND CASUALTY COMPANY
Through the Secretary of State,
AL ATER
3851 Essen Lane
Baton Rouge, Louisiana 70809

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

| Case Number: 2006 - 08104   D - 16 |
| --- |
| GLAUDI, BENJAMIN J. JR. versus COSSE, RODNEY ETAL |

| Filed: 8/23/2006 | Type: HURRICANE SUIT | Cat: Paying |
| --- | --- | --- |

**PAGE 1 OF 1**

| Date Filed | Description | |
| --- | --- | --- |
| 9/1/2006 | Citation - COSSE, RODNEY ETAL | View |

**Pleading Detail...**

| Litigant: | Attorney: 10420 -- Pendergast, Gary M | |
| --- | --- | --- |
| Filed as Pauper: No | Fee Amount Charged: 0.00   Amount Paid: 0.00 | Amount Due: 0.00 |
| Date Signed: | Signed By: | Witness Date: 9/1/2006 |
| Show Cause Date: 10/6/2006 10:45 AM | IFP Order Signed Date: | Signed By: |
| Remarks: | | |

**Service Detail... Document ID 2**

| Party Served: | STATE FARM FIRE AND CASUALTY COMPANY | Through: | THE SECRETARY OF STATE, AL ATER |
| --- | --- | --- | --- |
| Address1: | 3851 ESSEN LANE | Address2: | |
| City / State / Zip: | BATON ROUGE,   LA 70809 | | |
| Service Remarks: | PETITION FOR DAMAGES | | |

**Return Detail...**

| Date Returned to Clerk's Office: | 9/27/2006 | Date of Service: | 9/19/2006 |
| --- | --- | --- | --- |
| Type of Service: | Personal | Sheriff: | |
| Return Remarks: | | | |

**Service Detail... Document ID 1**

| Party Served: | COSSE, RODNEY ETAL | Through: | |
| --- | --- | --- | --- |
| Address1: | 3445 N. CAUSEWAY BOULEVARD | Address2: | |
| City / State / Zip: | METAIRIE,   LA 70002 | | |
| Service Remarks: | PETITION FOR DAMAGES | | |

**Return Detail...**

| Date Returned to Clerk's Office: | | Date of Service: | |
| --- | --- | --- | --- |
| Type of Service: | | Sheriff: | |
| Return Remarks: | | | |

| 9/1/2006 | Citation - STATE FARM FIRE AND CASUALTY COMPANY | View |
| --- | --- | --- |

**PAGE 1 OF 1**

RETURN



EXHIBIT B

# AFFIDAVIT

STATE OF LOUISIANA
PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, personally came and appeared:

## RODNEY COSSE

who, after being duly sworn, did depose and say:

1. I have been an insurance agent for State Farm Fire and Casualty Company for 28 years.

2. I took over handling of Benjamin J. Glaudi, Jr.'s State Farm policy No: 18-02-7582 in October 1997.

3. The underwriting materials show that Mr. Glaudi's homeowners policy No. 18-02-7582 originated in November 1980 and was sold by another agent;

4. I was not the State Farm agent who procured policy No. 18-02-7582;

5. That Benjamin J. Glaudi, Jr. has been in possession of his policy for more than twenty-five (25) years;

6. Benjamin J. Glaudi, Jr. has received yearly renewal notices of this policy for the last twenty-five (25) years;

7. I have had no contact with Benjamin J. Glaudi, Jr. with respect to the homeowners policy No. 18-02-7582 in the three years prior to August 23, 2006.

8. That the Hurricane Deductible has been apart of Mr. Glaudi's policy since July 2000 and was provided to Mr. Glaudi with his policy renewals.

_____
RODNEY COSSE

EXHIBIT
C

Page 1 of 2

SWORN TO AND SUBSCRIBED
BEFORE ME THIS __8__ DAY
OF _December_____, 2006.

_Gloria L. Faust, 65656_
NOTARY PUBLIC

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY
March 16, 2006
DISTRICT JUDGE FRANK J. POLOZOLA

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1140-FJP-CN |

CONSOLIDATED WITH

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1162-FJP-CN |

CONSOLIDATED WITH

| | |
|---|---|
| GLADYS CHEHARDY, ET AL. | |
| VERSUS | CIVIL ACTION |
| J. ROBERT WOOLEY, ET AL. | NO. 05-1163-FJP-CN |

This matter came on this day for oral argument on subject matter jurisdiction and the motion to remand. All parties present signed the attached sign-in sheet.

Counsel present arguments.

For oral reasons assigned, the Court declines to exercise jurisdiction over the counterclaim[1] of defendant, The Standard Fire Insurance Company, under 28 U.S.C. §1367; therefore, the

---

[1] Rec. Doc. No. 18.

Doc#43131


EXHIBIT D

counterclaim is hereby DISMISSED without prejudice.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(d) and 28 U.S.C. §1369. Therefore:

IT IS FURTHER ORDERED that plaintiffs' motions to remand[2] are hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' claim against the Louisiana Insurance Commissioner is hereby DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining issues in this matter shall be TRANSFERRED to the Eastern District of Louisiana.

Should it be later found on appeal that this Court did not have jurisdiction, the Court reserves the right to the Eastern District to transfer this matter back to this Court for remand.

The Court reserves its right to supplement its oral reasons given this day with written reasons should it become necessary.

******

Reporter: E. Champion

C: CV 25b; T: 2:00

---

[2] Rec. Doc. Nos. 59 and 61.



Doc#43004

2