UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § § | CIVIL ACTION NO.  05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: § § § LEVEE § § § RICHARDSON, ET AL. V. BOH BROS. §    CONSTRUCTION CO., LLC, ET AL. § (2:06-cv-8708) § § | |

**DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND AND ORDER**

Defendant Washington Group International, Inc. ("Washington Group") respectfully submits this memorandum in opposition to Plaintiff Josephine Richardson's Motion for Remand and Order ("Motion").  In the motion, Plaintiff argues that removal was improper for two reasons: first, because "[t]he subject matter of this lawsuit is not premised on any type of federal subject matter jurisdiction," and second, because Boh Bros. Construction Co.'s notice of removal did not reflect the consent of all defendants.[1]  Motion at 1.  As will be explained below, Plaintiff's motion is incorrect on both counts, and therefore the motion must be denied.

---

[1] Plaintiff's Motion also included a request for "an additional 30 days to supplement this memorandum before the matter is heard to address the Defendant's federal sub [c]ontractor rational[e] for removal."  Motion at 1-2.  To Washington Group's knowledge, the Court has not granted this request.

849440v.1

## FACTS

Washington Group is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.  In 1999, Washington Group's predecessor, Morrison Knudsen Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site").  Washington Group began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times Washington Group acted at the direction and under the supervision of the USACE.  *See generally* Declaration of Phillip Staggs ("Staggs Decl."), attached hereto as Exhibit 1 and Declaration of Richard Lesser ("Lesser Decl."), attached hereto as Exhibit 2.  This direction and control included, but was not limited to, the following:

- The USACE identified the "abandoned industrial sites along the Industrial Canal between the flood wall and the canal" that Washington Group was to "level and clear."  Complaint ¶ 12; Staggs Decl. ¶¶ 6-7; Lesser Decl. ¶¶ 4-5.

- The USACE approved the construction equipment used "along the Industrial Canal between the flood wall and the canal."  Complaint ¶ 12; Staggs Decl. ¶ 9.

- The USACE conducted mandatory preparatory meetings with Washington Group; required, reviewed and formally approved a recommendation report at the beginning of the project; and specifically approved Washington Group's proposed work plans, including schedules, means and methods, safety requirements, and inspection criteria, among other things, for performing work "along the Industrial Canal between the flood wall and the canal."  Complaint ¶ 12; Staggs Decl. ¶ 7; Lesser Decl. ¶ 7.

- The USACE conducted regular inspections of the work site and the work Washington Group was performing, and maintained an on-site presence. Staggs Decl. ¶ 9; Lesser Decl. ¶¶ 6-7.

- The USACE informed Washington Group that it was performing the work in accordance with the terms of the contract. Lesser Decl. ¶ 8.

- Washington Group complied with the terms of the contract and the written and other instructions given by the USACE pursuant to that contract at all times during its work leveling and clearing the abandoned industrial sites along the Industrial Canal between the flood wall and the canal. Staggs Decl. ¶ 10; Lesser Decl. ¶¶ 7-8.

Washington Group completed the work in accordance with the contract, and its work was subsequently accepted and approved, as evidenced by a May 26, 2005 letter signed by James A. Montegut III, the Contracting Officer's Representative for the Department of the Army, true and correct copies of which are attached as Exhibit A to the Declaration of Richard Lesser.

Plaintiff filed her Petition for Damages, Wrongful Death and Survival Action With Trial by Jury (the "Complaint") in the Civil District Court for the Parish of Orleans on August 28, 2006. In the Complaint, Plaintiff seeks to recover damages resulting from the alleged wrongful death of her husband, Joseph Richardson, following alleged levee breaches and/or failures in the aftermath of Hurricane Katrina at the 17th Street Canal, the London Avenue Canal, and the Industrial Canal. The Complaint alleges that "Washington Group International, Inc. contracted to level and clear abandoned industrial sites along the Industrial Canal between the flood wall and the canal," and that Washington Group's work in this regard allegedly served to "damage[] the levee and/or flood wall and caused and/or contributed the . . . breach in the levee and/or flood wall." Compl. ¶ 12

Washington Group was served with a copy of the Complaint on October 2, 2006. The Complaint was timely removed to the United States District Court for the Eastern District of Louisiana on October 19, 2006, by Boh Bros. Construction Co., LLC, a co-defendant in this

849440v.1

action. Washington Group filed its Consent to and Joinder in Removal and Statement of Supplemental Grounds For Removal ("Joinder") on October 24, 2006, in which it noted that removal was also proper under 28 U.S.C. § 1442(a). Plaintiff filed her Motion for Remand on November 17, 2006.

## DISCUSSION

### A.     Removal is Proper Under 28 U.S.C. § 1442(a) Because Washington Group was a Federal Government Contractor.

Contrary to Plaintiff's assertion in the Motion, the subject matter of this lawsuit *does* implicate federal subject matter jurisdiction, despite the fact that complete diversity of citizenship does not exist between the parties. Washington Group is entitled to a federal forum under the federal officer removal provisions of 28 U.S.C. § 1442(a), because the actions of Washington Group that plaintiff challenges in her Complaint (*see* Complaint ¶ 12) were undertaken pursuant to the direction and control of an officer of the United States government, namely, the USACE and its representatives.

A defendant is entitled to removal under § 1442(a) upon a showing of (1) an act under the direction of a federal officer; (2) a causal nexus between the alleged conduct or actions and the direction of the federal officer; (3) the existence of a colorable federal defense; and (4) that defendant is a "person" within the meaning of the statute. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 125 (1989). All elements are present in this case.[2]

---

[2] As a corporation, Washington Group is a "person" for purposes of 28 U.S.C. § 1442(a). *See Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1988); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 57-58 (5th Cir. 1975); *Miles v. Sewerage & Water Bd. of New Orleans*, No. 04-1587, 2004 WL 1794527, at *1 (E.D.La. Aug 10, 2004).

### 1.     Washington Group Acted Under the Direction of a Federal Officer

The Complaint alleges that Washington Group "contracted to level and clear abandoned industrial sites along the Industrial Canal between the flood wall and the canal" and that this work somehow contributed to the alleged failures of the levee and floodwall at the Industrial Canal.  Compl. ¶ 12.  The contract in question was between Morrison Knudsen, Washington Group's corporate predecessor, and the USACE.  Washington Group, therefore, was acting as a federal government contractor at all times in connection with the activities alleged in the Complaint.

### 2.     A Causal Nexus Exists Between Washington Group's Actions and the Direction of the USACE

The Complaint alleges that Washington Group's "use of heavy vehicles and/or other heavy construction equipment along the Industrial Canal . . . caused and/or contributed to the above-mentioned breach in the levee and/or flood wall."  Compl. ¶ 12.  As set forth above, Plaintiff's allegations pertain to work that Washington Group performed at the request of, and in accordance with the directions of, the USACE.  Because Plaintiff challenges Washington Group's actions, which were directed and supervised by the USACE pursuant to a contract with the federal government, a causal nexus exists between the alleged conduct and the directions of the USACE.

### 3.     Washington Group Has a Colorable Federal Defense

As a federal contractor that complied with the directives of the USACE and performed its work in accordance with the terms of its contract with that federal entity, Washington Group is entitled to immunity under the well-established government contractor defense.  Indeed, this is precisely the scenario that § 1442's removal provisions were designed to address.  *See, e.g.*, *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[T]he

Supreme Court has noted that one of the most important functions of this right of removal [under § 1442] is to allow a federal court to determine the validity of an asserted official immunity defense.") (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

In its Joinder[3] and its Answer to the Complaint,[4] Washington Group invoked the government contractor defense, which shields government contractors from liability for any alleged negligence in work performed at the request of the federal government where "(1) the United States approved reasonably precise specifications; (2) the [work] conformed to those specifications; and (3) the [contractor] warned the United States about the dangers in the [work] that were known to the [contractor] but not to the United States." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). The Fifth Circuit has repeatedly recognized this defense. *See, e.g., Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *Trevino v. General Dynamics*, 865 F.2d 1474, 1479 (5th Cir. 1989). *See also Bynum v. FMC Corp.*, 770 F.2d 556, 564 (5th Cir. 1985) (citing *Myers v. United States*, 323 F.2d 580 (9th Cir. 1963); *Hix v. United States Army Corps of Engineers*, 155 Fed. Appx. 121, 127 n.6 (5th Cir. 2005).

Because Plaintiff's allegations against Washington Group directly involve the work that Washington Group performed for the USACE, those allegations squarely implicate the elements of the government contractor defense set forth in *Boyle*. Consequently, removal is proper pursuant to § 1442(a).

**B.    Consent of All Defendants is not Required for Removal Under § 1442(a).**

Plaintiff also contends in her Motion that removal was improper because "[t]he Defendant[] Boh Brothers Construction Co. . . . has not procured the consent of all Defendants to

---

[3] Joinder ¶ 9.

[4] Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiff's Petition for Damages, Wrongful Death, and Survival Action with Trial by Jury, *Richardson v. Boh Bros. Constr. Co., LLC, et al.*, Civil Action No. 2:06-cv-8708 (Nov. 21, 2006), ¶ I.

have this matter removed in the appropriate time period." Motion at 1. This assertion, however, is simply erroneous. Both Boh Brothers' original Notice of Removal, as well as Washington Group's Joinder, invoked removal pursuant to 28 U.S.C. § 1442(a). Settled law provides that a defendant removing a case to federal court under § 1442(a) need not obtain consent from the other defendants before doing so. *See, e.g.*, *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) (removal under § 1442(a) by one party removes entire case to federal court); *see also Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034-35 (10th Cir. 1998) (no consent required). Consequently, this case was properly removed to this Court in accordance with § 1442(a)'s requirements.

## CONCLUSION

For the foregoing reasons, Washington Group respectfully requests that this Court deny Plaintiff's Motion for Remand.

Dated:        January 16, 2007                    Respectfully submitted,


/s/Heather S. Lonian
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

849440v.1

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Defendant Washington Group International, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Remand and Order has been served upon all counsel of record via the Court's CM/ECF notice of electronic filing or by placing same in the United States mail, postage prepaid and properly addressed, this 16th day of January, 2007.

/s/Heather S. Lonian