# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | * | **NO. 05-4182** |
| | * | |
| | * | **SECTION "K" (2)** |
| | * | |
| **PERTAINS TO:     INSURANCE** | * | |
| **AARON, ET AL. V. AIG CENTENNIAL** | * | **JUDGE DUVAL** |
| **INSURANCE COMPANY, ET AL.  06-4746** | * | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | **MAG. WILKINSON** |

### HOMESITE INSURANCE COMPANY'S MEMORANDUM  IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER ADMINISTRATIVELY CLOSING *AARON, ET AL. V. AIG, ET AL.*, NO.06-4746

Defendant, Homesite Insurance Company (Homesite), with full reservation of rights of all exceptions, rights, and defenses, and for the limited purpose of opposing plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al v. AIG, et al.*, No. 06-4747, submits this memorandum in opposition to plaintiffs' motion.[1]

Plaintiffs allege in their memorandum in support of their motion that this case was filed on or about the one year anniversary of Hurricane Katrina "for the purpose of interrupting prescription with regard to claims against insurers for damages arising from the hurricane, and therefore

---

[1]Contrary to plaintiffs' representation, Homesite opposes the administrative closure of *Aaron*. Homesite was not contacted by opposing counsel about the closure and has not made any representation to plaintiffs' counsel that it would voluntarily consent to the administrative closure.

preserving the rights of named and similarly situated plaintiffs."[2]  Regardless of plaintiffs reason for filing suit, this case is currently in litigation and presumably plaintiffs believe their claims have merit. In order to appropriately defend against plaintiffs' claims, Homesite must engage in discovery, including obtaining any all information, documents, photographs and/or other evidence supporting plaintiffs' alleged loss. Homesite will also want to depose its insureds and others possessing relevant information.

Administratively closing this case will only frustrate the discovery process. As plaintiffs continue to rebuild, or move away from Louisiana, evidence is compromised and memories fade, so that the more time that passes, the less likely it is that plaintiffs and witnesses will accurately recall important information and events. The possibility that  plaintiffs will relocate is also significantly increased. To preserve its rights and defenses vis à vis the claims against it, Homesite respectfully submits that this case should not be "administratively closed."

Another prejudicial effect caused by a closure is the potential for increased bad faith damages. Plaintiffs assert causes of action under La. R.S. 22: 658 and 22: 1220. Plaintiffs allege that they are entitled to damages, penalties and attorney fees for untimely adjustment and payment. Any delay in payment caused solely by the closure may be impugned to Homesite and lead a jury to award unjustified fees and penalties. Judicial interest is also constantly accruing resulting in an additional unwarranted expense.

Plaintiffs suggest that the purpose of their motion is to allow negotiations between the parties to continue "unimpeded by protracted litigation."[3] Plaintiffs recognize that continued

---

[2]*See* Plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al. v. AIG, et al.*, No. 06-4747, p. 1.

[3]*See* Plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al. v. AIG, et al.*, No. 06-4747, p. 2.

negotiations "may not in all cases be successful and that individual settlements in some instances might not be reached," and therefore, retain the option to re-open this matter and move to sever the claims that cannot be settled.[4]  Although plaintiffs state generally the objective of a closure, they fail to explain what obligations, if any, they have regarding settlement negotiations while this case is actually closed. Specifically, there is no indication of plaintiffs' willingness to voluntarily provide defendants with information needed to evaluate their demands including responding to discovery and/or submitting to depositions, much less deadlines for providing such information.

Additionally, plaintiffs assume the first step towards resolving *all* of the over one thousand claims is settlement negotiations and that court assistance, at least initially, is unnecessary. However, in cases where claims are not covered and/or are excluded by the terms and conditions of defendants' policies, defendants have a right and  interest in filing any motion that may result in a dismissal of certain plaintiffs' claims early in this litigation.[5] In such cases, defendants have no reason to entertain settlement prior to the resolution of their motions. Closing such claims in order to continue negotiations prior to the resolution of coverage defenses serves no useful purpose. Even in cases where coverage is not the issue, defendants cannot be expected to appropriately evaluate plaintiffs' settlement demands until meaningful discovery is conducted.

Because of the numerous unresolved questions regarding the parameters and implications of plaintiffs' Motions to Administratively Close this case and due the potential prejudicial effects of an

---

[4]*See* Plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al. v. AIG, et al.*, No. 06-4747, p. 2

[5] Homesite is aware of and acknowledges this Court's Order staying any motions on insurance coverage pending the appeal of its November 29, 2006 ruling. Homesite assumes the stay is for any motions based on coverage and is not limited to those regarding the ambiguity of the flood provision. However, once the appeal decision is rendered and coverage motions are permitted, defendants have an interest in having any motions that may result in dismissals of plaintiffs claims resolved as quickly as possible.

administrative closure, plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al v. AIG, et al.*, No. 06-4747 should be denied.

Alternatively, Homesite moves this court to sever the claims against Homesite from the claims against the other defendants.[6]

Respectfully submitted,

/S/ KERRIE T. BELSOME
**ROBERT E. KERRIGAN (#7350)**
**KERRIE T. BELSOME (#28246)**
**DEUTSCH, KERRIGAN & STILES, LLP**
755 MAGAZINE STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 581-5141
FACSIMILE:   (504) 566-1201
**ATTORNEYS FOR DEFENDANT  HOMESITE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Plaintiffs' Motion and Incorporated Memorandum in Support for Entry of an Order Administratively Closing *Aaron, et al v. AIG, et al.*, No. 06-4747 *Aaron, et al v. AIG, et al.*, No. 06-4747 has been served on counsel for all parties by either facsimile, hand delivery, electronic mail or  U.S. Mail, properly addressed and postage prepaid, on this 16th day of January, 2007.

/S/ KERRIE T. BELSOME
**KERRIE T. BELSOME**

---

[6]Homesite has filed a separate Motion to Sever currently set for hearing on March 23, 2007.

#345361v1<DKS> -Aaron.Opposition to Motion to Administratively Clo