# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.  05-4182 |
| | SECTION: K |
| | JUDGE STANWOOD R. DUVAL, JR. |
| PERTAINS TO: | |
| INSURANCE:  06-10499 (Weese) | MAGISTRATE: 2 |
| | MAG. JOSEPH C. WILKINSON, JR. |

## HANOVER INSURANCE COMPANY'S MEMORANDUM REGARDING THE AMOUNT IN CONTROVERSY AND IMPROPER JOINDER

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

On November 20, 2006 Defendant, Massachusetts Bay Insurance Company, incorrectly sued as the Hanover Insurance Company ("MBIC"), through undersigned counsel and pursuant to 28 U.S.C. sections 1441 and 1446, filed a Notice of Removal of the above-captioned action, *Darren Weese  v. The Hanover Insurance Company and Insurance Underwriters, LTD.,* Civil action No. 06-

10499 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana. Following the filing of the Notice of Removal, and a Motion for Remand filed by Plaintiff on December 18, 2006, this Honorable Court issued an Order on December 27, 2006, requiring the parties to submit memoranda regarding the amount in controversy on the date the Notice of Removal was filed, as well as whether Insurance Underwriters, Ltd. was fraudulently joined so as to prevent removal to the federal court on the basis of diversity jurisdiction.

In support of its Notice of Removal, MBIC respectfully represents the following:

### FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff alleged that he "purchased a residence located at 4301 Florida Avenue, in Meraux, Louisiana" and "purchased a homeowners insurance policy through [Massachusetts Bay]." (Petition, ¶¶ 4, 5.) Plaintiff further alleged that his residence was rendered "uninhabitable" as a result of Hurricane Katrina "as the entire structure was torn apart by tornadoes and hurricane force winds, then washed away by a subsequent flood." ((Petition, ¶¶ 9, 10.) Plaintiff also alleged he is entitled to the "full value of the policy," which has a combined limit of $151,800 for damage to the house and other structures ($138,000.00 for Plaintiff's dwelling and $13,800.00 for "other structures" located on the property. (Petition, ¶ 22, Notice of Removal, ¶ 13, 19.) Based on his Petition, Plaintiff is seeking to recover approximately $151,000.00 in policy limits for damage to his home and other structures, under Louisiana's Valued Policy Law. (Petition, ¶ 22, Notice of Removal, ¶ 13.)

The Petition further alleges that MBIC failed its duty of good faith and fair dealing in handling Plaintiff's claim, and seeks penalties and attorney's fees pursuant to La. R.S. 22:658 and La. R.S. 22:1220. (Petition, ¶¶ 18, 20 and final paragraph of the Petition.)

### AMOUNT IN CONTROVERSY EXCEEDED $75,000

**ON THE DATE THE NOTICE OF REMOVAL WAS FILED.**

On the date of the filing of the Notice of Removal, the amount in controversy exceeded $75,000.00, exclusive of interest and costs.  With respect to his loss, Plaintiff claims entitlement to the policy limits for his dwelling and other structures: which, under the limits of the policy, totals $151,800.  (*See* Petition  ¶¶  9, 10, 22; *see also*, Affidavit of Christine A. George, attached as Exhibit 1).  To date, and as of the date that the Removal was filed, MBIC has made the following payments to Plaintiff, which could be properly offset against the amount Plaintiff claims is owed under the policy:  $11,836.31 for damages to the dwelling, and $771.08 for loss of use.  (Affidavit of Christine A. George, attached as Exhibit 1).  Thus, on November 20, 2006, the amount in controversy exceeded $75,000 and equaled $151,800.00, less insurance payments of $12,607.39 already made, for a total claim of, at least, $139,192.61  *See* Affidavit of Christine A. George, Exhibit 1.

In addition to the damages noted above, Plaintiff also seeks attorney's fees, statutory penalties and interest under Louisiana law. (Petition, ¶¶ 18, 20 and final paragraph of Petition). Should the Court deem it necessary to look beyond the damages set forth above, consideration of the claim for statutory penalties and interest further confirms the amount in controversy exceeds $75,000.00.  *See St. Paul Reinsurance*, 134 F.3d at 1255; *see generally Lailhengue, v. Mobil Oil Corp.,* 775 F. Supp. 908 (E.D. La. 1991); *Brooks v. Georgia Gulf Corp.,* 924 F. Supp. 739 (M.D. La. 1996).

**JOINDER OF INSURANCE UNDERWRITERS LTD WAS IMPROPER**

Plaintiff has also named his agent, Insurance Underwriters Ltd., in the instant lawsuit claiming that Insurance Underwriters was "negligent" in failing to "advise" Plaintiff of the "existence" of the "concurrent causation clause" contained in the Policy.  (Petition, ¶¶ 13, 14.) According to Plaintiff, this "prevent[ed] the plaintiff from collecting the damage caused by wind

3

whenever there was some damage caused by water).  (Motion for Remand, p. 4.)  Plaintiff's Motion

for Remand further asserts that Insurance Underwriters failed "to produce a policy of insurance" to

Plaintiff.   (Motion of Remand, p. 4).   For the reasons set forth below, these allegations are

insufficient  to state a claim against Insurance Underwriters.   Therefore, joinder of Insurance

Underwriters in this action is improper and cannot be used to defeat diversity jurisdiction.

Although Plaintiff alleges that Insurance Underwriters should have advised him about the

"concurrent causation" provision of his Policy, this allegation cannot support a claim against

Insurance Underwriters because Louisiana law has long recognized that an agent has no duty to

independently advise the insured about the desirability of certain coverages.  *See Graves v. State*

*Farm Mut. Auto Ins. Co.,* 821 So. 2d 769, 773-774 (La. App. 2002) ("[T]here is no evidence that any

of the defendants held themselves out as an advisor to the Graves or that there existed a special

relationship or agreement to render insurance advise [sic].")

As in *Graves*, Plaintiff has made no allegation that his agent held himself out as an advisor or

undertook any special responsibility to render advice to Plaintiff.  Moreover, there is no allegation

that Plaintiff asked any questions about whether the Policy contained a "concurrent causation"

clause or inquired in anyway as to what coverage applied in the event of concurrent wind and water

damage.  There is also no allegation that the insured requested or inquired about coverage in the

event of damage caused by flooding.  As a result, because there is no allegation that Plaintiff

requested coverage that the agent negligently failed to secure, there is simply no legal basis upon

which to hold Insurance Underwriters liable, and it should be properly dismissed from this action.

In addition, Plaintiff asserts in his Motion for Remand (at p. 4) that Insurance Underwriters

failed to provide the Policy to the insured, which left the insured unaware of the concurrent

causation provision.  Significantly, Plaintiff does not assert this "omission" against Insurance

4

Underwriters in his Petition.  Instead, the Petition simply states that the insured did not receive the Policy.  (Petition, ¶ 13.)  Nonetheless, in the event the Court reaches this issue, raised for the first time in Plaintiff's Motion for Remand, Insurance Underwriters did not assume any obligation to send the Policy to the insured, and thus cannot be liable to the insured for any alleged omission in this regard.  On the contrary, because the insured's Policy was "new business" (which means it was the first policy issued by Massachusetts Bay to the insured) Massachusetts Bay assumed responsibility for sending the Policy to the insured, and its records reflect that the policy was "released" for mailing to the insured on February 11, 2005.

## CONCLUSION

The negligence of an insurance agent is not actionable in Louisiana unless such negligence is a cause in fact of the harm for which recovery is sought.  *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 232 (5th Cir. 1990).  Here, there is no allegation that Insurance Underwriters undertook any special advisory role toward the insured or failed to procure the homeowners insurance policy requested by Plaintiff.  Specifically, Plaintiffs' allegations against Insurance Underwriters that (1) it did not independently advise Plaintiff to obtain supplemental coverage; and (2) it did not mail the insured the Policy it secured from Massachusetts Bay are not legally valid claims, because Insurance Underwriters had no obligation to, and did not, undertake either of these actions.  Thus, there is no valid legal claim that Insurance Underwriters caused the harm for which Plaintiff seeks damages.

For these reasons, and each of the reasons set forth above, Defendant, MBIC, asserts that the amount in controversy on the date of  the filing of the Notice of Removal exceeded the jurisdictional requirement of $75,000, and the joinder of Insurance Underwriters was improper because Plaintiff has not set forth a legally cognizable claim against Insurance Underwriters.

5

Respectfully submitted,


_____s/LaDonna G. Wilson_____

**RALPH S. HUBBARD, III, La. Bar. # 7040**
**SETH A. SCHMEECKLE, La. Bar #27076**
**LADONNA G. WILSON, T.A., La. Bar #28814**
**LUGENBUHL, WHEATON, PECK, RANKIN**
**& HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990

And

OF COUNSEL:
**KEVIN P. KAMRACZEWSKI**
**PAUL E. B. GLAD**
**SONNENSCHEIN NATH & ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Telephone:     (312) 876-8000
Facsimile:      (312) 876-7934
**Attorneys for Massachusetts Bay Insurance Company**
**(Incorrectly sued as The Hanover Insurance Company)**


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2007 a copy of the foregoing **HANOVER INSURANCE COMPANY'S MEMORANDUM REGARDING THE AMOUNT IN CONTROVERSY AND IMPROPER JOINDER** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

- **Bruce Betzer**
  lriddell@nbglaw.com
- **James Thomas Busenlener**
  jbusenlener@lshah.com
- **Max Jeffrey Cohen**
  MCohen@lshah.com
- **Monica C. Sanchez**
  msanchez@lshah.com
- **Ralph Shelton Hubbard, III**
  rhubbard@lawla.com ljackson@lawla.com
- **Seth Andrew Schmeeckle**

sschmeeckle@lawla.com mspadoni@lawla.com
- **LaDonna Grey Wilson**
  lwilson@lawla.com

by operation of the court's electronic filing system.  I also certify that there are no non-CM/ECF

participants in this matter.

      s/LaDonna G. Wilson

**Ralph S. Hubbard III, La. Bar No. 7040**
**LaDonna G. Wilson, T.A., La. Bar No. 28814**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195
e-mail:    lwilson@lawla.com
**Attorneys for Massachusetts Bay Insurance Company**
**(Incorrectly sued as The Hanover Insurance Company)**