UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
| | SECTION: "K"(2) |
| PERTAINS TO: | |
| INSURANCE:   *Aaron*, 06-4746            *Abadie,* 06-5164 | JUDGE: DUVAL |
| | MAGISTRATE: WILKINSON |

**RESPONSE TO MOTIONS TO ADMINSTRATIVELY CLOSE CASE FILED BY PLAINTIFFS IN *AARON* AND *ABADIE***

**MAY IT PLEASE THE COURT:**

Defendants, American National General Insurance Company, American National Property and Casualty Company, and ANPAC Louisiana Insurance Company (collectively, "ANPAC"), and Republic Fire And Casualty Insurance Company and Republic Lloyds (collectively, "Republic") submit this response to plaintiffs' *ex parte* motions to administratively close the *Aaron* and *Abadie* cases. (Rec. Docs. 2237, 2238.)

In accordance with this Honorable Court's prior request in its Minute Entry dated November 29, 2006 (Rec. Doc. 2034), and in the interest of judicial economy, defendants herein advise that they adopt the *Response to Plaintiffs' Motions for Administrative Closure* (Rec. Doc. 2688) filed by State Farm Fire and Casualty Company, State Farm Mutual Automobile Insurance

Company, and State Farm General Insurance Company (collectively, "State Farm") as if set forth herein, *in extenso,* except as stated below and with the following supplementation.

In addition to the "Background" information provided by State Farm in its response, ANPAC and Republic advise that on November 28, 2006, both ANPAC and Republic filed separate Motions for Judgment on the Pleadings contending that plaintiffs' complaint fails to allege the facts necessary to support their causes of action. (Rec. Docs. 1844 and 1846 in 05-4182, with reference to 06-4746.)  The motions filed by ANPAC and Republic have also been re-set for hearing on March 23, 2007. (Rec. Doc. 2034, p. 3.)

Additionally, State Farm states in its Response that it will file a motion to sever and a motion for more definite statement in the *Abadie* matter.  ANPAC and Republic hereby advise that they plan to file a motion for more definite statement and/or a motion to strike class allegations in *Abadie*.

State Farm contends in Section B, Part 3, of its response that defendants will be prejudiced by the proposed Administrative Closure in its current form.  State Farm contends that the proposed Order submitted by plaintiffs does not address informal discovery or other evidentiary issues.  Defendants ANPAC and Republic agree with these contentions and further contend that the respective insurance policies issued by defendants also allow the defendants, *inter alia*, to conduct inspections of the property they insure, request production of documents from the insureds, and take examinations under oath of the insureds.  The proposed administrative closure by plaintiffs does not address the rights granted to defendants under their respective insurance policies, and the defendants should not be precluded or prejudiced by the administrative closure from exercising all rights allowed to defendants under the insurance

2

policies.  Any administrative closure should preserve the right of defendants to avail themselves of the rights and remedies under the insurance policies they have issued to the plaintiffs.

In Section B, Part 5, of State Farm's Response, it is asserted that the closure of the actions does not address the effect of the stay on individual claims.  State Farm provides examples of situations where the propriety of the stay on individual claims calls into question the benefit of such a ruling. ANPAC and Republic advise this Honorable Court that they also are aware of situations that call into question the effect of such a "blanket" Order as that proposed by plaintiffs.  Specifically, in some instances, separate lawsuits are being filed by named plaintiffs in the *Abadie* and/or *Aaron* lawsuits.  ANPAC and Republic have also been contacted by their insureds who are also plaintiffs in *Abadie* and/or *Aaron* who have advised that their insurance claims should not be included as part of the *Abadie* and/or *Aaron* lawsuits.  Other counsel have also advised ANPAC and Republic that they are currently representing plaintiffs named in the *Abadie* and/or *Aaron* lawsuits.  The proposed administrative closure does nothing to address these issues.

Finally, in Section B, Part 4, of State Farm's response, it is asserted that this Honorable Court should rule on all pending motions before any cases are administratively closed**.**  ANPAC and Republic do not take a position on this issue and do not join in State Farm's arguments on this matter.  ANPAC and Republic do agree, however, that under the current proposal there is no mechanism for claims to be dismissed and resolved without reopening the entire litigation, and assert that any administrative closure should take this into consideration.

ANPAC and Republic respectfully request that this Honorable Court consider the arguments presented above, and that if this Honorable Court decides to grant the administrative

closures, that it consider the issues presented herein and enter an appropriate judgment that minimizes the prejudice the closures will have upon the parties.

        Respectfully submitted,

        **LARZELERE PICOU WELLS**
            **SIMPSON LONERO, LLC**
        Suite 1100 - Two Lakeway Center
        3850 N. Causeway Boulevard
        Metairie, LA   70002
        Telephone:     (504) 834-6500
        Fax:  (504) 834-6565

**BY:**   **/s/ Christopher R. Pennison**
        **JAY M. LONERO, T.A. (No. 20642)**
            jlonero@lwp-law.com
        **CHRISTOPHER R. PENNISON (No. 22584)**
            cpennison@lwp-law.com
        **ANGIE ARCENEAUX AKERS (No. 26786)**
            aakers@lwp-law.com

        **ATTORNEYS FOR AMERICAN NATIONAL GENERAL INSURANCE COMPANY, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, ANPAC LOUISIANA INSURANCE COMPANY, REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY, AND REPUBLIC LLOYD'S**

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this  16th  day of January, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                            /s/ Christopher R. Pennison