UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | ) ) ) ) | CIVIL ACTION |
| | | NO. 05-4182 |
| PERTAINS TO: | ) ) | Section K (Judge Duval) |
| INSURANCE   (*Abadie*, 06-5164) | ) | |
| (*Aaron*, 06-4746) | ) ) | Magistrate 2 (Judge Wilkinson) |

**SAFECO DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTIONS FOR LEAVE TO FILE MOTIONS FOR ENTRY
OF ORDERS OF ADMINISTRATIVE CLOSURE**

Defendants Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco National Insurance Company, and Safeco Surplus Lines Insurance Company (collectively, the "Safeco Defendants"), with a full reservation of all exceptions, rights, and defenses, and for the limited purpose of responding to Plaintiffs' Motions for Leave to File Motions for Entry of Orders Administratively Closing *Abadie, et. al. v. AEGIS Security Insurance Co., et al.*, No. 06-5164, Rec. Doc. 2238, and *Aaron, et al. v. AIG, et al.*, No. 06-5164, Rec. Doc. 2237, hereby submit this Response to Plaintiffs' Motions.[1]

---

[1] These Defendants incorporate the arguments contained in the State Farm Defendants' memorandum in response to these Motions, filed today, January 16, 2007 (Doc. 2688).

**A.     *Aaron* is not properly a part of the Consolidated Litigation.**

As a preliminary matter, the *Aaron* case should not be consolidated within the umbrella and before addressing closure, the Court should examine whether the *Aaron* case is properly consolidated. The *Aaron* matter—one of multiple, often overlapping, lawsuits filed by attorney Jim Hall—was originally assigned to Judge Vance, and then transferred to this section to be consolidated with the umbrella case. The *Aaron* Complaint, however, does not address the flood exclusion of the various Defendants' policies. Rather, the Complaint focuses on the specific claims practices of the various Defendants. Because the *Aaron* case should not be consolidated within the Consolidated Litigation, it would be inappropriate for this Court to address the administrative closure at this time. Rather, the judge to whom this case is ultimately assigned should address this issue.

By now the Court is aware that Plaintiffs' counsel in *Aaron*, Jim Hall, has filed, in addition to *Aaron*, several other lawsuits seeking relief against insurers and attacking their claims practices in the wake of Hurricane Katrina. This Court and other sections within the Eastern District have previously recognized that these cases should not be consolidated under the umbrella case. On December 18, Judge Zainey refused to transfer *Mercadel, et al. v. Hanover Am. Ins. Co. et al.*, No. 06-4658, to this section for consolidation. *See* December 18, 2006 Order, attached hereto as Exhibit A. This Court, on January 12, 2007, found that three other cases filed by Plaintiffs' counsel should not be transferred to, or consolidated under, the *Katrina Canal Breaches* litigation.[2] *See* January 12, 2007 Minute Entry, attached hereto as Exhibit B. Finally, just today, Judge Barbier ordered that the case *Harrison v. Safeco Insurance Company, et al.*, 06-4664, should not be transferred and consolidated with the umbrella case. *See* January 16, 2007

---

[2] Those three cases are *Battiste, et al. v. Travelers Cas. & Surety Co.*, No. 06-4661, *Barthelemy v. Nat'l Sec. Fire & Cas. Co.*, No. 06-4665, and *Hayes v. Horace Mann Ins. Co.*, No. 06-4669.

Order, attached as Exhibit C.  The factual allegations in the *Mercadel*, *Battiste,* and *Harrison* Complaints, attached hereto as Exhibits D, E, and F, respectively, are strikingly similar to the *Aaron* Complaint.  The conclusion is inescapable; since the primary issue in *Aaron* does not involve an evaluation of the applicability of a water damage exclusion, *Aaron* does not belong in the consolidated litigation.  *See* Exhibit B.

In addition, if the Court is inclined to keep the *Aaron* case within the umbrella, the Court should address the outstanding motions of the parties, including the Safeco Defendants' Motion to Sever,[3] before looking at administrative closure.  These issues have been briefed, are ripe for ruling by the Court, and are set for hearing on March 23, 2007.  Delaying ruling on these issues for an undetermined period while these cases are administratively closed is unfair to the parties that have presented these issues to the Court.

**B.     Administrative Closure**

As to the issue of administrative closure, the Safeco Defendants have not made any representations to Plaintiffs' counsel that they will voluntarily consent to administrative closure of these cases at this time.  On the contrary, while the Safeco Defendants do not necessarily oppose the administrative closure of these matters, Plaintiffs' motions and proposed orders contain <u>no</u> discussion of the parameters, effects or implications of the closure of these lawsuits.  As is also discussed in the Response Memorandum filed by the State Farm Defendants, without addressing certain parameters and considerations, there is the risk of substantial prejudice to the Safeco Defendants of a simple blanket administrative closure of these cases.  Accordingly, the Safeco Defendants respectfully request clarification from this Court on several issues relating to the potential closure of these matters, and respectfully request that should the Court be inclined

---

[3] Filed November 7, 2006.

to administratively close these matters, the Court should enter an order that contains the conditions discussed below.

### 1. Re-opening the Cases

Plaintiffs do not address when and how the cases can be re-opened. On this issue, Plaintiffs or Defendants should be permitted to move the Court to re-open either matter at any time. Also, the Court should be able to re-open these matters upon its own initiative at any time. Moreover, the Court should provide a mechanism by which a party can re-open the case for a limited purpose (i.e., to approve a settlement or address a dispositive issue). Any party should be permitted to seek to re-open either case for the limited purpose of asking the Court to address a motion or issue particular to that party, without re-opening the case for all parties. Such parameters with ensure the cases do not lag unnecessarily, and allow individual parties to address certain issues with the court without re-opening the entirety of the litigation. Also, the Plaintiffs' proposed administrative closure is presumably indefinite. To avoid the cases languishing unnecessarily, the Court should hold a status conference within three months of any order of administrative closure to address the status of the cases and determine whether the cases should remain closed.

### 2. Discovery

Plaintiffs' proposal does not address discovery. Simply, the proposed Case Management and Scheduling Order No. 4 to be entered in the *In Re Katrina Canal Breaches Consolidated Litigation* should not apply to *Abadie* or *Aaron*. Also, no discovery should be permitted in *Abadie* or *Aaron* until such time as the cases are re-opened, and the Court enters a Case Management and Scheduling Order specific to *Aaron* and *Abadie*. Once such an Order has been entered, discovery in the re-opened case can commence, consistent with the terms of such Order.

In addition, Plaintiffs and Defendants in *Abadie* and *Aaron* should not be required to participate in nor be bound by the discovery taken in the Consolidated Litigation. Rather, the parties in *Aaron* and *Abadie* should be permitted to take discovery in those cases once the cases are re-opened on all subjects, even if discovery has already been taken on the same subjects in the open cases within the Consolidated Litigation. Allowing discovery to proceed in the other consolidated cases, but foreclosing the Safeco Defendants and the other parties from examining those same issues through discovery if and when *Abadie* and *Aaron* are reopened is certainly prejudicial.

### 3. Effects of Other Cases within the Umbrella

Plaintiffs' proposal also fails to address the effect of any orders or rulings in other consolidated cases while *Aaron* and *Abadie* are closed. Simply, no orders should issue in either *Abadie* or *Aaron* during the administrative closure. The Safeco Defendants, and all parties, should be permitted appropriate notice and opportunity to be heard before any orders are entered. Indeed, due process requires that all parties have an opportunity to develop a record and be heard on any issue before being bound by any order, judgment or other ruling issued in the Consolidated Litigation.

### 4. Pre-judgment Interest

Finally, Plaintiffs fail to address the issue of pre-judgment interest. If the Safeco Defendants are precluded from defending these claims during the time period of the administrative closure, it would be highly prejudicial for pre-judgment interest to accrue during that time period. As such, in the event a judgment is ultimately entered against any of the Defendants in *Aaron* and *Abadie*, pre-judgment interest shall not accrue during the time period these cases are administratively closed.

The Safeco Defendants believe that all parties and the administration of justice would be best served by this Court's clarification of these and any other issues set forth by counsel at this Court's January 24, 2007 hearing regarding the potential administrative closure of the *Aaron* and *Abadie* cases.   A proposed order is submitted for the Court's consideration.

Respectfully submitted, this 16th day of January, 2007.

> GORDON, ARATA, McCOLLAM,
>     DUPLANTIS & EAGAN, L.L.P.
> 201 St. Charles Avenue, 40th Floor
> New Orleans, Louisiana 70170-4000
> (504) 582-1111
> (504) 582-1121 (*Facsimile*)
>
> /s/   Wendy Hickok Robinson
> Wendy Hickok Robinson
> Louisiana Bar No. 25225
> Nina Wessel English
> Louisiana Bar No. 29176
>
> And
>
> Cari K. Dawson, Georgia Bar No. 213490
> Daniel F. Diffley, Georgia Bar No. 221703
> John A. Sensing, Georgia Bar No. 141327
> Admitted *pro hac vice*
> Alston & Bird LLP
> 1201 West Peachtree Street
> Atlanta, Georgia  30309-3424
> (404) 881-7000
> (404) 881-7777 (*Facsimile*)
>
> Attorneys for the Safeco Defendants

C E R T I F I C A T E

I hereby certify that on this 16th day of January, 2007, a copy of **THE SAFECO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE MOTIONS FOR ENTRY OF ORDERS ADMINISTRATIVELY CLOSING ABADIE, ET. AL. V. AEGIS SECURITY INSURANCE CO., ET AL., NO. 06-5164 AND** *AARON, ET AL. V. AIG, ET AL.***, NO. 06-4746** was sent to counsel of record via the electronic filing system for the Eastern District of Louisiana.  Further, on the 17th of January, 2007, a copy of this pleading will be sent by United States mail, postage prepaid, to any counsel of record not registered to receive documents electronically.

      /s/ Wendy Hickok Robinson

GAMDE-N.O.:199221_1