UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARNOLD AND CAROLYN | * | CIVIL ACTION NO: 06-4658 |
| MERCADEL AND ALLEN DESVIGNES | * | |
| | * | |
| VERSUS | * | |
| | * | SECTION:  A |
| THE HANOVER AMERICAN | * | |
| INSURANCE COMPANY AND | * | |
| THE HANOVER INSURANCE | * | MAGISTRATE: (3) |
| COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

CONSIDERING THE FOREGOING Exparte Motion and the Notice of the Court issued

December 12, 2006;

**IT IS HEREBY ORDERED** the above captioned matter be and is hereby transferred to

Section  K  of this Court for consolidation with IN RE: Katrina Canal Breaches Consolidated

Litigation CA No. 05-4182.

New Orleans, Louisiana this ___18th___ day of ___December___, 2006.

_____
JUDGE

1

**EXHIBIT A**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 13th day of December, 2006, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following: Seth A. Schmeeckle, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard.

s/Jim S. Hall
**JIM S. HALL, (Bar No.: 21644)**
**JOSEPH W. RAUSCH (Bar No.: 11394)**
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001
Telephone: (504) 832-3000
Facsimile:  (504) 832-1799
E-Mail Address: jim@jimshall.com

MINUTE ENTRY
DUVAL, J.
January 12, 2007

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                NO. 05-4182

PERTAINS TO: INSURANCE CASES                    SECTION "K"(2)

Attending a telephonic status conference held this day concerning a number of class

actions suits filed by Jim S. Hall concerning primarily claims against insurers concerning below

market unit pricing on items and non-payment of industry standard items were:

   Joe Rausch for Jim S. Hall

   Judy Barasso for Allstate and

   Seth Schmeeckle for Horace Mann  Insurance Company and Travelers Insurance Co.

   The Court explained that the conference was called to discuss various  Motions to

Transfer filed in these cases to this section of court in relation to its standing order concerning

the transfer of any case concerning the effectiveness of a Water Damage Exclusion in an All-

Risk Policy as it pertains to damage allegedly caused by a breach in a canal.

   After a thorough discussion, the Court determined that the primary issue of these cases

did not involve an evaluation of the applicability of a water damage exclusion.  As such, the

Court found that these cases should neither be transferred nor consolidated under the Katrina

Canal Breaches Consolidated Litigation.  In the event that the water damage exclusion actually

becomes an issue, then the Court will entertain further discussion.  Accordingly,

JAN 1 2 2007

TRANSFERRED TO

SECT. F

___ Fee_____
___ Process_____
 X  Dktd _____
___ CtRmDep_____
___ Doc. No_____

**EXHIBIT B**

**IT IS ORDERED** that the following cases be transferred back to the appropriate sections

of Court as the Court finds that they are not related to the Katrina Canal Breaches Consolidated

Litigation:

| | | |
|---|---|---|
| 06-4661 | Battiste , et al . v. Travelers Cas. and Surety Co. | MLCF-JW |
| 06-4665 | Barthelemy v. National Sec. Fire and Cas. Co. | MLCF-DK |
| 06-4669 | Hayes v. Horace Mann Ins. Co. | IVLR-KR |

JS–10: 15minutes

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH AND EVELYN HARRISON                  CIVIL ACTION
AND ROBERT AND LIYNE
MITCHELL

VERSUS                                      NO: 06-4664

SAFECO INSURANCE COMPANY OF                 SECTION: J(1)
AMERICA ET AL.

**ORDER**

This Court has consulted with Judge Duval as to whether this case should be transferred to his Court.  Based upon Judge Duval's determination,

**IT IS ORDERED** that the **Ex Parte Motion to Transfer (Rec. Doc. 19)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 16th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

1

**EXHIBIT C**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 24   PM 4: 25

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARNOLD AND CAROLYN MERCADEL AND ALLEN DESVIGNES** | * | CIVIL ACTION NO: **06-4658** |
| | * | |
| **VERSUS** | * | SECTION : |
| | * | |
| **THE HANOVER AMERICAN INSURANCE COMPANY AND THE HANOVER INSURANCE COMPANY** | * | MAGISTRATE: **SECT. A MAG 3** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FILED:_____        _____

                                                  **DEPUTY CLERK**

### CLASS ACTION COMPLAINT

Plaintiffs file this class action complaint on their own behalf, and on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have injuries common to all those similarly situated who incurred damages and losses as a result of the actions of the defendants, identified herein, who intentionally, improperly, unjustly and negligently adjusted property, business, commercial and flood insurance claims as set forth below.

___ Fee $350⁰⁰
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

# EXHIBIT D

1.

Made plaintiffs herein are:

A) Arnold and Carolyn Mercadel, husband and wife, persons of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana; and

B) Allen Desvignes, a person of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana.

Above listed plaintiffs seek to represent and prosecute all claims through class action proceedings against the below named defendants for the class of persons similarly situated in the State of Louisiana for the reasons set forth in this complaint.

2.

Made defendants herein are the following:

A) The Hanover American Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court; and

B) The Hanover Insurance Company, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

3.

This class action proceeding is brought on behalf of the class identified as follows:

All immovable property owners in the State of Louisiana who were issued a property, business, commercial and/or flood insurance policy by the named defendants and whose policy was in full force and effect at the time of the covered event and who made a claim for benefits under said policy to address the physical damages to their property which was damaged as a result of Hurricane

2

Katrina and its aftermath. In addition, each class member has been determined by the defendant to have a compensable loss and has either been paid or in the process of being paid by the defendant for the compensable loss of the property. The loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items, resulting in inadequate compensation to the class members, all as more fully set forth herein.

## JURISDICTION

4.

This Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil action for damages involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five (75) natural persons have died in the accident at a discrete location.

5.

Jurisdiction is further invoked pursuant to the  the Class Action Fairness Act (CAFA), 28 USC 1332 (d) (2) because this is a class action in which there is minimal diversity of citizenship and the aggregate amount  in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and cost and any member of the class of plaintiffs is a citizen of a state different from any defendant.

Additionally, there is jurisdiction pursuant to 28 USCA 1331, federal question, in that a significant number of the claims are made under the National Flood Insurance Program under which this court has exclusive original jurisdiction pursuant to 42 USCA 4053  because the insured property is situated within this district.

3

6.

Venue is proper in this district pursuant to 28 USC 1391 because certain negligent and wrongful conduct of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damage to plaintiffs property occurred within the Eastern District of Louisiana and most of the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

**FACTUAL ALLEGATIONS**

7.

Plaintiffs were all owners of property in southeastern Louisiana all within the jurisdiction of this Honorable Court.

8.

Defendant insurance companies all issued policies of homeowners' property, business, commercial and/or flood insurance covering plaintiffs' property in southeast Louisiana.

9.

On the morning of August 29, 2005 Hurricane Katrina made landfall in Southeast Louisiana.

10.

As a result of the hurricane force winds, storm surge and/or failure of levees, plaintiffs' properties were severely damaged and/or destroyed.

11.

Plaintiffs' homeowners' property, business, commercial and flood insurance policies were all in full force and effect on and about August 29, 2005.

4

12.

All of policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs.

13.

Plaintiffs promptly reported the damage to the respective insurance company defendants and therefore the insurance company defendants knew almost immediately that plaintiffs' property had sustained severe physical and structural damage and that plaintiffs had sustained other losses and damages covered under the policies in question.

14.

All plaintiffs submitted proof of losses to their respective insurance company defendants.

15.

Defendant/Insurance companies tendered insufficient payment to plaintiff class members, said tenders where calculated using below market unit price figures for various items damaged and/or destroyed in the occurrence which practice resulted in significantly lower payments made to the members of the class which were inadequate to repair the damages sustained and said payments were not in compliance with the terms of the policy and practices of the industry.

16.

Plaintiffs allege that the use of the below market unit pricing by the defendants herein was intentional, fraudulent and in bad faith. Defendant insurance companies engaged in a wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items all in contravention of the terms of the policies issued and the practices of the industry.

5

17.

Plaintiffs allege that the defendants, through their agents, employees, adjusters and other individuals for whom they are responsible had, at all pertinent times hereto and at the time that the proof of loss and adjustment of claims were made, ready access to unit prices being paid throughout the region for specific items of loss.  It was the practice of defendants to significantly reduce the amount of money paid per unit for the items of loss, thus resulting in offers and/or settlements which were inadequate and improper under the terms of the policies and the practice of the industry

## CLASS ALLEGATIONS

18.

The claims of the proposed class representatives are typical of the claims of the proposed class.

19.

The common questions of law and fact as shown in this petition predominate over individual questions of causation or individual damages.

20.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

21.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the

6

Courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendants' actions. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication. economies of scale. and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

22.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

This action is appropriate for determination through the class action procedure for the following additional reasons:

**A. NUMEROSITY**

As a result of Hurricane Katrina and its aftermath, 200,000 or more homes and businesses were severely damaged or destroyed. The action of the defendants herein effected a large percentage of buildings that were damaged or destroyed thus causing damages to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class

7

of plaintiffs clearly consists of thousands of persons presenting a level of numerosity better handled through the class action procedure.

## B. COMMON QUESTIONS OF LAW AND FACT

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to whether below market unit pricing by defendants was intentional, fraudulent, in bad faith and a breach of their insurance contract with the class members.

## C. ADEQUATE REPRESENTATION

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

## D. TYPICALITY

The claims of the class representative as named herein are typical of the claims of the class members they seek to represent in that they are all claims seeking damages arising  from the improper adjustment of claims through use of below market unit pricing as described herein by defendants.

## E. SUPERIORITY

The class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs, would also be unduly burdensome and expensive to the court system as well as the

8

defendants.

## CAUSES OF ACTION

23.

The failure of the defendants to make just and pay adequate payments as above described through below market unit pricing and non-payment of industry standard items, on claims made under the policies they have issued constitute violation of widely accepted standards throughout the insurance industry, violation of fair claims adjusting practices and violations of multiple State and Federal statutes concerning regulation of the insurance industry and fair trade practices all of which rendered defendants liable for interest, penalties, attorneys' fees and punitive damages, if applicable, in addition to amounts still remaining due under policy provisions.

24.

Plaintiffs further allege that the defendants engaged in a scheme as above described to deprive its insureds of full policy benefits for which they paid and such scheme was in violation of both State and Federal Law concerning Unfair Business Practices.

25.

La R.S. 22:658 requires insurers, among other things, to pay the amount of any claim due its insureds within thirty (30) days after receipt of satisfactory proof of loss, to initiate loss adjustment within thirty (30) days of notification of the loss by claimant, and make a written offer to settle within thirty (30) days of satisfactory proof of loss. Defendants herein failed to comply.

26.

Defendants' actions, as above described, were arbitrary, capricious and without probable cause and were in bad faith making defendants liable to plaintiffs for damages, penalties and

9

attorney's fees under applicable law including, but not limited to La. R.S. 22:658.

27.

La R.S. 22:1220 provides that an insurer owes a duty of good faith and fair dealing to its insured, and it provides that insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims.

28.

Defendants, through their agents, employees and representatives and others for whom they are liable, violated their duties under La. R.S. 22:1220 as alleged herein and are therefore liable for general and special damages, penalties and attorney's fees under the applicable law, including but not limited to La. R.S. 22:1220 by the following acts or omissions:

a.) Knowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue;

b.) Arbitrarily, capriciously and without probable cause failing to pay the amount of claim due within sixty (60) days after receipt of satisfactory proof of loss; and

c.) Adjusting claims in violation of La. R.S. 22:658.2.

29.

Defendant insurance companies are liable for the acts and omissions of its agents, employees, and representatives in the handling of plaintiffs' claims.

30.

Based on the conduct and actions of the defendants as described above, plaintiffs have the following causes of action against defendants:

1. Breach of insurance contract;

10

2.      Violation of La. R.S. 22:658;

3.      Violation of La. R.S. 22:658.2

4.      Violation of State and Federal laws pertaining to unfair trade practices;

5.      Breach of their duty to act reasonably and fairly under La. R.S. 22:1220;

6.      Failure to tender fair and adequate payment for casualty losses; and

7.      Other causes of actions that will be determined at trial.


31.

Plaintiffs are entitled to the following elements of damages for the causes of action previously mentioned:

1.      Full reimbursement for property damages and proper per unit pricing and payment for industry standard items;

2.      Penalties under La. R.S. 22:658, 22:658.2 and 22:1220;

3.      Double damages pursuant to La. R.S. 22:1220;

4. .     Fifty percent (50%) penalties for failure to submit payment within thirty (30) days from proof of claim;

5.      Attorneys' fees;

6.      Emotional distress caused by defendants improper actions;

7.      Court costs;

8.      Any relief that this Honorable Court deems fair and equitable.

32.

Plaintiffs allege that the defendants are liable for punitive damages pursuant to Louisiana

11

Civil Code Article 3546 in that the decision to utilize below market unit pricing and failure to pay or intentional underpayment for industry standard items occurred in states which authorize the award of punitive damages and was further authorized by the law of the place where the person whose conduct caused the injury was domiciled.

33.

Plaintiffs pray for trial by jury.


**WHEREFORE**, plaintiffs pray that after due proceedings be had there be judgment in their favor and against the defendants in amounts that are reasonable under the premises, including, damages or mental and emotional suffering caused by the action of the defendants, penalties, attorney's fees, expert witness fees, punitive damages and interest and all costs for this proceeding.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

**JIM S. HALL (Bar No.: 21644)**
800 N. Causeway Blvd., Suite #100
Metairie, Louisiana 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799


**NOTICE OF LAWSUIT AND WAIVER OF SUMMONS TO BE MAILED.**

12



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 AUG 24  PM 4: 35

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACKIE BATTISTE AND ARMAND CHARBONNET** * | **CIVIL ACTION NO:** |
| * | |
| **VERSUS** | |
| * | |
| **TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY COMPANY OF CONNECTICUT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS EXCESS AND SURPLUS LINES COMPANY, TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, AND TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY** | **SECTION 06 - 4661** |
| | **SECT. F MAG 2** |
| | |
| | **MAGISTRATE:** |

**SECTION 06 - 4661**

**SECT.F MAG 2**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED:**_____          _____
                                                                    **DEPUTY CLERK**

## CLASS ACTION COMPLAINT

Plaintiffs file this class action complaint on their own behalf, and on behalf of a class of

Fee $350 00
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

**EXHIBIT E**

plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have injuries common to all those similarly situated who incurred damages and losses as a result of the actions of the defendants, identified herein, who intentionally, improperly, unjustly and negligently adjusted property, business, commercial and flood insurance claims as set forth below.

1.

Made plaintiffs herein are:

A) Jackie Battiste, a person of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana; and

B)Armand Charbonnet, a person of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana.

Above listed plaintiffs seek to represent and prosecute all claims through class action proceedings against the below named defendants for the class of persons similarly situated in the State of Louisiana for the reasons set forth in this complaint.

2.

Made defendants herein are the following:

A) Travelers Casualty and Surety Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

B) Travelers Casualty and Surety Company of America, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

C) Travelers Casualty Company of Connecticut, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

2

D) Travelers Casualty Insurance Company of America, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

E) Travelers Excess and Surplus Lines Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

F) Travelers Home and Marine Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

G) The Travelers Indemnity Company of America, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

H) The Travelers Indemnity Company of Connecticut, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

I) The Travelers Indemnity Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

J) Travelers Property Casualty Company of America, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court; and

K) Travelers Property Casualty Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

3.

This class action proceeding is brought on behalf of the class identified as follows:

All immovable property owners in the State of Louisiana who were issued a property, business, commercial and/or flood insurance policy by the named defendants and whose policy was in full force and effect at the time of the covered event and who made a claim for benefits under said policy to address the physical damages to their property which was damaged as a result of Hurricane

3

Katrina and its aftermath. In addition, each class member has been determined by the defendant to have a compensable loss and has either been paid or in the process of being paid by the defendant for the compensable loss of the property. The loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items, resulting in inadequate compensation to the class members, all as more fully set forth herein.

## JURISDICTION

4.

This Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil action for damages involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five (75) natural persons have died in the accident at a discrete location.

5.

Jurisdiction is further invoked pursuant to the the Class Action Fairness Act (CAFA), 28 USC 1332 (d) (2) because this is a class action in which there is minimal diversity of citizenship and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and cost and any member of the class of plaintiffs is a citizen of a state different from any defendant.

Additionally, there is jurisdiction pursuant to 28 USCA 1331, federal question, in that a significant number of the claims are made under the National Flood Insurance Program under which this court has exclusive original jurisdiction pursuant to 42 USCA 4053 because the insured property is situated within this district.

4

6.

Venue is proper in this district pursuant to 28 USC 1391 because certain negligent and wrongful conduct of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damage to plaintiffs property occurred within the Eastern District of Louisiana and most of the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

7.

Plaintiffs were all owners of property in southeastern Louisiana all within the jurisdiction of this Honorable Court.

8.

Defendant insurance companies all issued policies of homeowners' property, business, commercial and/or flood insurance covering plaintiffs' property in southeast Louisiana.

9.

On the morning of August 29, 2005 Hurricane Katrina made landfall in Southeast Louisiana.

10.

As a result of the hurricane force winds, storm surge and/or failure of levees, plaintiffs' properties were severely damaged and/or destroyed.

11.

Plaintiffs' homeowners' property, business, commercial and flood insurance policies were all in full force and effect on and about August 29, 2005.

5

12.

All of policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs.

13.

Plaintiffs promptly reported the damage to the respective insurance company defendants and therefore the insurance company defendants knew almost immediately that plaintiffs' property had sustained severe physical and structural damage and that plaintiffs had sustained other losses and damages covered under the policies in question.

14.

All plaintiffs submitted proof of losses to their respective insurance company defendants.

15.

Defendant/Insurance companies tendered insufficient payment to plaintiff class members, said tenders where calculated using below market unit price figures for various items damaged and/or destroyed in the occurrence which practice resulted in significantly lower payments made to the members of the class which were inadequate to repair the damages sustained and said payments were not in compliance with the terms of the policy and practices of the industry.

16.

Plaintiffs allege that the use of the below market unit pricing by the defendants herein was intentional, fraudulent and in bad faith. Defendant insurance companies engaged in a wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items all in contravention of the terms of the policies issued and the practices of the industry.

17.

Plaintiffs allege that the defendants, through their agents, employees, adjusters and other individuals for whom they are responsible had, at all pertinent times hereto and at the time that the proof of loss and adjustment of claims were made, ready access to unit prices being paid throughout the region for specific items of loss. It was the practice of defendants to significantly reduce the amount of money paid per unit for the items of loss, thus resulting in offers and/or settlements which were inadequate and improper under the terms of the policies and the practice of the industry

## CLASS ALLEGATIONS

18.

The claims of the proposed class representatives are typical of the claims of the proposed class.

19.

The common questions of law and fact as shown in this petition predominate over individual questions of causation or individual damages.

20.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

21.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the

7

Courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendants' actions. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication. economies of scale. and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

22.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

This action is appropriate for determination through the class action procedure for the following additional reasons:

**A. NUMEROSITY**

As a result of Hurricane Katrina and its aftermath, 200,000 or more homes and businesses were severely damaged or destroyed. The action of the defendants herein effected a large percentage of buildings that were damaged or destroyed thus causing damages to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class

8

of plaintiffs clearly consists of thousands of persons presenting a level of numerosity better handled through the class action procedure.

## B. COMMON QUESTIONS OF LAW AND FACT

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to whether below market unit pricing by defendants was intentional, fraudulent, in bad faith and a breach of their insurance contract with the class members.

## C. ADEQUATE REPRESENTATION

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

## D. TYPICALITY

The claims of the class representative as named herein are typical of the claims of the class members they seek to represent in that they are all claims seeking damages arising from the improper adjustment of claims through use of below market unit pricing as described herein by defendants.

## E. SUPERIORITY

The class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs, would also be unduly burdensome and expensive to the court system as well as the

defendants.

## CAUSES OF ACTION

23.

The failure of the defendants to make just and pay adequate payments as above described through below market unit pricing and non-payment of industry standard items, on claims made under the policies they have issued constitute violation of widely accepted standards throughout the insurance industry, violation of fair claims adjusting practices and violations of multiple State and Federal statutes concerning regulation of the insurance industry and fair trade practices all of which rendered defendants liable for interest, penalties, attorneys' fees and punitive damages, if applicable, in addition to amounts still remaining due under policy provisions.

24.

Plaintiffs further allege that the defendants engaged in a scheme as above described to deprive its insureds of full policy benefits for which they paid and such scheme was in violation of both State and Federal Law concerning Unfair Business Practices.

25.

La R.S. 22:658 requires insurers, among other things, to pay the amount of any claim due its insureds within thirty (30) days after receipt of satisfactory proof of loss, to initiate loss adjustment within thirty (30) days of notification of the loss by claimant, and make a written offer to settle within thirty (30) days of satisfactory proof of loss. Defendants herein failed to comply.

26.

Defendants' actions, as above described, were arbitrary, capricious and without probable cause and were in bad faith making defendants liable to plaintiffs for damages, penalties and

10

attorney's fees under applicable law including, but not limited to La. R.S. 22:658.

27.

La R.S. 22:1220 provides that an insurer owes a duty of good faith and fair dealing to its insured, and it provides that insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims.

28.

Defendants, through their agents, employees and representatives and others for whom they are liable, violated their duties under La. R.S. 22:1220 as alleged herein and are therefore liable for general and special damages, penalties and attorney's fees under the applicable law, including but not limited to La. R.S. 22:1220 by the following acts or omissions:

    a.)    Knowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue;

    b.)    Arbitrarily, capriciously and without probable cause failing to pay the amount of claim due within sixty (60) days after receipt of satisfactory proof of loss; and

    c.)    Adjusting claims in violation of La. R.S. 22:658.2.

29.

Defendant insurance companies are liable for the acts and omissions of its agents, employees, and representatives in the handling of plaintiffs' claims.

30.

Based on the conduct and actions of the defendants as described above, plaintiffs have the following causes of action against defendants:

11

1.  Breach of insurance contract;

2.  Violation of La. R.S. 22:658;

3.  Violation of La. R.S. 22:658.2

4.  Violation of State and Federal laws pertaining to unfair trade practices;

5.  Breach of their duty to act reasonably and fairly under La. R.S. 22:1220;

6.  Failure to tender fair and adequate payment for casualty losses; and

7.  Other causes of actions that will be determined at trial.

31.

Plaintiffs are entitled to the following elements of damages for the causes of action previously mentioned:

1.  Full reimbursement for property damages and proper per unit pricing and payment for industry standard items;

2.  Penalties under La. R.S. 22:658, 22:658.2 and 22:1220;

3.  Double damages pursuant to La. R.S. 22:1220;

4. . Fifty percent (50%) penalties for failure to submit payment within thirty (30) days from proof of claim;

5.  Attorneys' fees;

6.  Emotional distress caused by defendants improper actions;

7.  Court costs;

8.  Any relief that this Honorable Court deems fair and equitable.

32.

Plaintiffs allege that the defendants are liable for punitive damages pursuant to Louisiana

12

Civil Code Article 3546 in that the decision to utilize below market unit pricing and failure to pay or intentional underpayment for industry standard items occurred in states which authorize the award of punitive damages and was further authorized by the law of the place where the person whose conduct caused the injury was domiciled.

33.

Plaintiffs pray for trial by jury.

**WHEREFORE**, plaintiffs pray that after due proceedings be had there be judgment in their favor and against the defendants in amounts that are reasonable under the premises, including, damages or mental and emotional suffering caused by the action of the defendants, penalties, attorney's fees, expert witness fees, punitive damages and interest and all costs for this proceeding.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

**JIM S. HALL (Bar No.: 21644)**
800 N. Causeway Blvd., Suite #100
Metairie, Louisiana 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799

**NOTICE OF LAWSUIT AND WAIVER OF SUMMONS TO BE MAILED.**

13



SERVED ON
HELEN CUMBO

AUG 3 0 2006

ADMINISTRATOR
COMMERCIAL DIVISION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH AND EVELYN HARRISON AND ROBERT AND LIYNE MITCHELL | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | | SECTION 06 - 4664 |
| | * | |
| SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF ILLINOIS, SAFECO INSURANCE COMPANY OF INDIANA, SAFECO NATIONAL INSURANCE COMPANY, AND SAFECO SURPLUS LINES INSURANCE COMPANY | * | SECT. J MAG 1 |
| | * | MAGISTRATE |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED:_____        _____

**DEPUTY CLERK**

### CLASS ACTION COMPLAINT

Plaintiffs file this class action complaint on their own behalf, and on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have injuries common to all those similarly situated who incurred damages and losses as a result of the actions of the defendants, identified herein, who intentionally, improperly, unjustly and negligently adjusted property, business, commercial and flood insurance claims as set forth below.

# EXHIBIT F

1.

Made plaintiffs herein are:

A) Joseph and Evelyn Harrison, husband and wife, persons of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana; and

B) Robert and Linye Mitchell, husband and wife, persons of the full legal age of majority and a resident of the Parish of Orleans, State of Louisiana.

Above listed plaintiffs seek to represent and prosecute all claims through class action proceedings against the below named defendants for the class of persons similarly situated in the State of Louisiana for the reasons set forth in this complaint.

2.

Made defendants herein are the following:

A) Safeco Insurance Company of America, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

B) Safeco Insurance Company of Illinois, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

C) Safeco Insurance Company of Indiana, a foreign insurer, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court;

D) Safeco National Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court; and

E) Safeco Surplus Lines Insurance Company, a foreign insurer, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

2

3.

This class action proceeding is brought on behalf of the class identified as follows:

All immovable property owners in the State of Louisiana who were issued a property, business, commercial and/or flood insurance policy by the named defendants and whose policy was in full force and effect at the time of the covered event and who made a claim for benefits under said policy to address the physical damages to their property which was damaged as a result of Hurricane Katrina and its aftermath.  In addition, each class member has been determined by the defendant to have a compensable loss and has either been paid or in the process of being paid by the defendant for the compensable loss of the property.  The loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items, resulting in inadequate compensation to the class members, all as more fully set forth herein.

**JURISDICTION**

4.

This Court has jurisdiction in this matter pursuant to 28 USCA 1369 in that this is a civil action for damages involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five (75) natural persons have died in the accident at a discrete location.

5.

Jurisdiction is further invoked pursuant to the  the Class Action Fairness Act (CAFA), 28 USC 1332 (d) (2) because this is a class action in which there is minimal diversity of citizenship and the aggregate amount  in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and cost and any member of the class of plaintiffs is a citizen of a state different from any

3

defendant.

Additionally, there is jurisdiction pursuant to 28 USCA 1331, federal question, in that a significant number of the claims are made under the National Flood Insurance Program under which this court has exclusive original jurisdiction pursuant to 42 USCA 4053 because the insured property is situated within this district.

6.

Venue is proper in this district pursuant to 28 USC 1391 because certain negligent and wrongful conduct of the defendants occurred in the Eastern District of Louisiana, the plaintiffs reside in the Eastern District of Louisiana, the damage to plaintiffs property occurred within the Eastern District of Louisiana and most of the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

7.

Plaintiffs were all owners of property in southeastern Louisiana all within the jurisdiction of this Honorable Court.

8.

Defendant insurance companies all issued policies of homeowners' property, business, commercial and/or flood insurance covering plaintiffs' property in southeast Louisiana.

9.

On the morning of August 29, 2005 Hurricane Katrina made landfall in Southeast Louisiana.

4

10.

As a result of the hurricane force winds, storm surge and/or failure of levees, plaintiffs' properties were severely damaged and/or destroyed.

11.

Plaintiffs' homeowners' property, business, commercial and flood insurance policies were all in full force and effect on and about August 29, 2005.

12.

All of policies issued by the defendants provided coverage for losses and damages sustained by plaintiffs.

13.

Plaintiffs promptly reported the damage to the respective insurance company defendants and therefore the insurance company defendants knew almost immediately that plaintiffs' property had sustained severe physical and structural damage and that plaintiffs had sustained other losses and damages covered under the policies in question.

14.

All plaintiffs submitted proof of losses to their respective insurance company defendants.

15.

Defendant/Insurance companies tendered insufficient payment to plaintiff class members, said tenders where calculated using below market unit price figures for various items damaged and/or destroyed in the occurrence which practice resulted in significantly lower payments made to the members of the class which were inadequate to repair the damages sustained and said payments

were not in compliance with the terms of the policy and practices of the industry.

16.

Plaintiffs allege that the use of the below market unit pricing by the defendants herein was intentional, fraudulent and in bad faith. Defendant insurance companies engaged in a wrongful scheme to delay, deny or underpay claims by repeatedly utilizing below market unit pricing and nonpayment or intentional underpayment of industry standard items all in contravention of the terms of the policies issued and the practices of the industry.

17.

Plaintiffs allege that the defendants, through their agents, employees, adjusters and other individuals for whom they are responsible had, at all pertinent times hereto and at the time that the proof of loss and adjustment of claims were made, ready access to unit prices being paid throughout the region for specific items of loss. It was the practice of defendants to significantly reduce the amount of money paid per unit for the items of loss, thus resulting in offers and/or settlements which were inadequate and improper under the terms of the policies and the practice of the industry

## CLASS ALLEGATIONS

18.

The claims of the proposed class representatives are typical of the claims of the proposed class.

19.

The common questions of law and fact as shown in this petition predominate over individual questions of causation or individual damages.

6

20.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

21.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendants' actions. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication. economies of scale. and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.

22.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

This action is appropriate for determination through the class action procedure for the following additional reasons:

## A. NUMEROSITY

As a result of Hurricane Katrina and its aftermath, 200,000 or more homes and businesses were severely damaged or destroyed. The action of the defendants herein effected a large percentage of buildings that were damaged or destroyed thus causing damages to the plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class of plaintiffs clearly consists of thousands of persons presenting a level of numerosity better handled through the class action procedure.

## B. COMMON QUESTIONS OF LAW AND FACT

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to whether below market unit pricing by defendants was intentional, fraudulent, in bad faith and a breach of their insurance contract with the class members.

## C. ADEQUATE REPRESENTATION

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

## D. TYPICALITY

The claims of the class representative as named herein are typical of the claims of the class

8

members they seek to represent in that they are all claims seeking damages arising from the improper adjustment of claims through use of below market unit pricing as described herein by defendants.

## E.     SUPERIORITY

The class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs, would also be unduly burdensome and expensive to the court system as well as the defendants.

## CAUSES OF ACTION

### 23.

The failure of the defendants to make just and pay adequate payments as above described through below market unit pricing and non-payment of industry standard items, on claims made under the policies they have issued constitute violation of widely accepted standards throughout the insurance industry, violation of fair claims adjusting practices and violations of multiple State and Federal statutes concerning regulation of the insurance industry and fair trade practices all of which rendered defendants liable for interest, penalties, attorneys' fees and punitive damages, if applicable, in addition to amounts still remaining due under policy provisions.

### 24.

Plaintiffs further allege that the defendants engaged in a scheme as above described to deprive its insureds of full policy benefits for which they paid and such scheme was in violation of both State and Federal Law concerning Unfair Business Practices.

9

25.

La R.S. 22:658 requires insurers, among other things, to pay the amount of any claim due its insureds within thirty (30) days after receipt of satisfactory proof of loss, to initiate loss adjustment within thirty (30) days of notification of the loss by claimant, and make a written offer to settle within thirty (30) days of satisfactory proof of loss.  Defendants herein failed to comply.

26.

Defendants' actions, as above described, were arbitrary, capricious and without probable cause and were in bad faith making defendants liable to plaintiffs for damages, penalties and attorney's fees under applicable law including, but not limited to La. R.S. 22:658.

27.

La R.S. 22:1220 provides that an insurer owes a duty of good faith and fair dealing to its insured, and it provides that insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims.

28.

Defendants, through their agents, employees and representatives and others for whom they are liable, violated their duties under La. R.S. 22:1220 as alleged herein and are therefore liable for general and special damages, penalties and attorney's fees under the applicable law, including but not limited to La. R.S. 22:1220 by the following acts or omissions:

a.)     Knowingly misrepresenting pertinent facts or policy provisions regarding the coverage at issue;

b.)     Arbitrarily, capriciously and without probable cause failing to pay the amount of

claim due within sixty (60) days after receipt of satisfactory proof of loss; and

c.)      Adjusting claims in violation of La. R.S. 22:658.2.


29.

Defendant insurance companies are liable for the acts and omissions of its agents, employees, and representatives in the handling of plaintiffs' claims.


30.

Based on the conduct and actions of the defendants as described above, plaintiffs have the following causes of action against defendants:

1.      Breach of insurance contract;

2.      Violation of La. R.S. 22:658;

3.      Violation of La. R.S. 22:658.2

4.      Violation of State and Federal laws pertaining to unfair trade practices;

5.      Breach of their duty to act reasonably and fairly under La. R.S. 22:1220;

6.      Failure to tender fair and adequate payment for casualty losses; and

7.      Other causes of actions that will be determined at trial.


31.

Plaintiffs are entitled to the following elements of damages for the causes of action previously mentioned:

1.      Full reimbursement for property damages and proper per unit pricing and payment

11

for industry standard items;

2.    Penalties under La. R.S. 22:658, 22:658.2 and 22:1220;

3.    Double damages pursuant to La. R.S. 22:1220;

4. .  Fifty percent (50%) penalties for failure to submit payment within thirty (30) days from proof of claim;

5.    Attorneys' fees;

6.    Emotional distress caused by defendants improper actions;

7.    Court costs;

8.    Any relief that this Honorable Court deems fair and equitable.

32.

Plaintiffs allege that the defendants are liable for punitive damages pursuant to Louisiana Civil Code Article 3546 in that the decision to utilize below market unit pricing and failure to pay or intentional underpayment for industry standard items occurred in states which authorize the award of punitive damages and was further authorized by the law of the place where the person whose conduct caused the injury was domiciled.

33.

Plaintiffs pray for trial by jury.

12