UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES ) | CIVIL ACTION |
| CONSOLIDATED LITIGATION ) | |
| ) | NO. 05-4182 |
| ) | |
| PERTAINS TO: ) | Section K (Judge Duval) |
| INSURANCE     (*Abadie*, 06-5164) ) | |
| (*Aaron*, 06-4746) ) | Magistrate 2 (Judge Wilkinson) |
| ) | |

## [PROPOSED] ORDER

Upon review of the motion of the Plaintiffs and the submissions of the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that the matters of *Aaron, et al. v. AIG, et al.*, No. 06-4746 and *Abadie, et al. v. Aegis Security Insurance Co., et al.*, No. 06-5164 be and are hereby administratively closed, subject to the conditions enumerated below. The administrative closure does not preclude the Parties from seeking to settle or resolve these matters on their own.

The cases will be administratively closed subject to the following conditions:

1.      Plaintiffs or Defendants shall retain the option to move the Court to re-open either matter at any time. The Court can re-open these matters upon its own initiative at any time. A party may also seek to re-open either case for the limited purpose of asking the Court to address a motion or issue particular to that party, without re-opening the case for all Parties.

2.      The Case Management and Scheduling Order No. 4 entered in the *In Re Katrina Canal Breaches Consolidated Litigation* shall not apply to *Abadie* or *Aaron*. No discovery shall be taken in

-2-

*Abadie* or *Aaron* until such time as the cases are re-opened, and Plaintiffs and Defendants confer in good faith and the Court enters a Case Management and Scheduling Order specific to those cases. Once such an Order has been entered, discovery in the re-opened case will commence, consistent with the terms of such Order.

3.  Because Plaintiffs and Defendants in *Abadie* and *Aaron* are not parties subject to the *In Re Katrina Canal Breaches Consolidated Litigation* Discovery and Case Management Order, they are neither required to participate in nor bound by the discovery taken in the Consolidated Litigation. Consistent with due process, the Parties in *Aaron* and *Abadie* will be permitted to take discovery in those cases once the cases are re-opened on all subjects, even if discovery has already been taken on the same subjects in the open cases within the Consolidated Litigation.

4.  Because *Aaron* and *Abadie* are stayed during the administrative closure, no orders shall be entered in either case unless and until they are reopened, as due process requires that each Party have an opportunity to develop a record and be heard on any issue before being bound by any order or judgment issued in the Consolidated Litigation.

5.  In the event a judgment is ultimately entered against any of the Defendants in *Aaron* and *Abadie*, pre-judgment interest shall not be accrue during the time period these cases are administratively closed;

6.  The Court will hold a status conference three months from the date of this Order to address with counsel for the Parties whether the cases should remain administratively closed, and to address any other issues the Parties believe should be raised regarding the litigation; and

7. The proposed administrative closure does not affect the rights of defendants under their respective insurance policies, and the defendants are not be precluded or prejudiced by the administrative closure to exercise all rights allowed to defendants under the insurance policies. Defendants may avail themselves of all rights and remedies under their respective insurance policies.

8. The Court will retain jurisdiction over these matters during the administrative closure.

IT IS SO ORDERED this _____ day of January, 2007.

_____
**United States District Judge**

GAMDE-N.O.:199226-1