UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | CIVIL ACTION<br><br>NO. 05-4182<br><br>SECTION K (2) |
| PERTAINS ONLY TO: DARREN WEESE VS. THE HANOVER INSURANCE COMPANY AND INSURANCE UNDERWRITERS, LTD., CASE NO 06-10499 | * * * * | JUDGE DUVAL<br><br>MAG. WILKINSON |

* * * * * * * * * * * * * * * *

### INSURANCE UNDERWRITERS' MEMORANDUM REGARDING THE AMOUNT IN CONTROVERSY AND IMPROPER JOINDER PURSUANT TO JUDGE BERRIGAN'S ORDER DATED DECEMBER 27, 2006

**MAY IT PLEASE THE COURT:**

Complying with the Court's Order, Insurance Underwriters respectfully represents the following:

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

On August 29, 2006, Plaintiff, Darren Weese, filed a Petition for Damages against Defendants, Massachusetts Bay Insurance Company (incorrectly sued as The Hanover Insurance Company and

1

hereinafter referred to as "MBIC") and Insurance Underwriters, Ltd. (hereinafter referred to as "Insurance Underwriters") for property damages sustained during Hurricane Katrina.[1] Plaintiff alleges that, on or about August 29, 2005, he had into effect a homeowners policy of insurance with MBIC which allegedly provided coverage for all property damages sustained during the storm.[2] This homeowners policy was sold by Insurance Underwriters on February 12, 2005.[3]

Plaintiff alleges that his house "was torn apart by tornados and hurricane force winds, then washed away by subsequent flood waters," as a result of Hurricane Katrina.[4] Plaintiff further alleges that he provided MBIC with proof of loss on or about November 30, 2005 when an MBIC's adjuster assessed the damage to Plaintiff's property, but that MBIC refused to provide coverage for the sustained damages.[5] According to Plaintiff's pleadings, MBIC refused to pay several claims which included "loss of use, contents, debris removal, and building damage caused by the wind, and rain entering in when the roof was ripped off by the winds, and all damage done to other structures," relying on the concurrent flooding exclusion in the policy.[6] As a result, Plaintiff filed this lawsuit against MBIC and Insurance Underwriters in Thirty Fourth Judicial District Court for the Parish of St. Bernard, on August 29, 2006.[7]

---

[1] *See* Plaintiff's Petition for Damages.

[2] *See* Plaintiff's Petition for Damages, paragraphs 4, 5 and 21.

[3] *See* Exhibit "B", Insurance Application, and Exhibit "C", Affidavit from Dana Rousselle.

[4] *See* Plaintiff's Petition for Damages, paragraph 6.

[5] *See* Plaintiff's Petition for Damages, paragraphs 7-12.

[6] *Id*.

[7] *See* Plaintiff's Petition for Damages.

On November 20, 2006, defendant, MBIC, filed a Petition for Removal pursuant to 28 U.S.C. sections 1441 and 1446, on the basis that: 1). the amount in controversy exceeded $75,000, as stipulated by Plaintiff in his pleadings, and 2). federal court has exclusive jurisdiction over this matter given that Plaintiff is a Louisiana citizen and MBIC is a foreign insurance carrier.[8]  Even though Insurance Underwriters is a domestic corporation, its citizenship cannot defeat diversity in this case.  As correctly pointed out by MBIC in its removal pleadings, Insurance Underwriters' inclusion as a defendant in this matter constitutes improper joinder because Plaintiff has no right of action against Insurance Underwriters as his claims are perempted and, further, because he failed to state a cause of action in his Petition for Damages for which he could seek recovery.

Plaintiff filed a Motion to Remand on December 18, 2006.  Then, on December 27, 2006, this Honorable Court issued an Order requiring all parties to submit memoranda regarding the amount in controversy on the date of removal and the issue of improper joinder of Insurance Underwriters.

## II.

## LAW AND ARGUMENT

**A.    THE AMOUNT IN CONTROVERSY EXCEEDED $75,000 ON THE DATE THE NOTICE OF REMOVAL WAS FILED.**

As set forth in Plaintiff's Petition for Damages, the amount in controversy exceeds $75,000, exclusive of interest and costs.   In the Petition for Damages, Plaintiff stated that  MBIC was "liable for the full value of the policy pursuant to Louisiana's Valued Policy Clause, ... as the house located at 4301

---

[8]*See* Massachusetts Bay Insurance Company's Petition for Removal filed on November 20, 2006.

3

Florida Avenue in Meraux Louisiana was a total loss as result of a covered peril."[9]  In addition, Plaintiff is also seeking damages in the form of attorney's fees, penalties and interest allegedly allowed under La. R.S. 22:658.[10]

The homeowners policy in question provided coverage totaling $151,000 for covered perils.[11] Upon information and belief, MBIC has paid to date approximately $11,836.31 for damages to the dwelling, and $771.08 for loss of use, out of the $151,000 in coverage.[12]  In other words, because Plaintiff has made a claim for the full value of the policy, Plaintiff is still seeking to recover approximately $138,000 in property damages from MBIC.  Thus, the amount in controversy clearly exceeded the $75,000 jurisdictional requirement at the time of removal.

**B.   INSURANCE UNDERWRITERS WAS IMPROPERLY JOINED BECAUSE PLAINTIFF'S CLAIMS AGAINST THIS DFENDANT ARE PEREMPTED PURSUANT TO LA. R.S. 9: 5606, AND PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR WHICH HE CAN RECOVER DAMAGES.**

Insurance Underwriters, the insurance agent, has been named as a second defendant in this litigation.  In his Petition for Damages, Plaintiff has only alleged that Insurance Underwriters failed to advise Plaintiff about MBIC's "concurrent causation clause/exclusion" relied upon by MBIC to deny coverage of Plaintiff' claims, and that it failed to provide Plaintiff with a copy of the policy, when he purchased his policy in February 2005.[13]  However, these alleged errors and/or omissions by Insurance Underwriters

---

[9] *See* Plaintiff's Petition for Damages, paragraph 22.

[10] *See* Plaintiff's Petition for Damages, paragraph 20.

[11] *See* Exhibit "A", Declaration Sheet, and Exhibit "B", Insurance Application, in globo.

[12] *See* Massachusetts Bay Insurance Company's Memorandum Regarding the Amount in Controversy and Improper Joined filed on January 16, 2007.

[13] *See* Plaintiff's Petition for Damages, paragraphs 13-14.

do not give rise to a cause of action that is recoverable under Louisiana Law. Moreover, even if Insurance Underwriters' alleged errors and/or omissions were actionable, a fact the Insurance Underwriters vehemently denies, all of Plaintiff's claims are now perempted as they were not raised within the one year peremptive period, as mandated by La. R.S. 9:5606.

    1.    <u>All negligence claims against Insurance Underwriters are perempted pursuant to La. R.S. 9:5606; therefore, Plaintiff has no right of action to institute this proceeding against Insurance Underwriters.</u>

Plaintiff's claim against Insurance Underwriters are perempted pursuant to La. R.S. 9:5606. Insurance Underwriters procured the homeowners policy in question on February 12, 2005. Louisiana law clearly states that all causes of actions against an insurance agent arising out of his/her professional negligence must be brought <u>within one year</u> of the date the alleged act, omission, or neglect is discovered or should have been discovered.[14] The one-year period of limitation provided in La. R.S. 9:5606 is a <u>peremptive</u> period within the meaning of Louisiana Civil Code Article 3458, and it is applicable to all persons whether infirm or not, including minors and interdicts.[15] "Peremption" is a period of time fixed by law for the existence of a right.[16] Thus, unless timely exercised, the right is extinguished upon the expiration of the peremptive period, as "peremption" may not be renounced, interrupted, or suspended, except in cases of fraud.[17] However, Plaintiff has not alleged fraud in this case. Moreover, this Court has

---

[14] La. R.S. 9:5606. *See also Lieschen Clover v. Allstate Insurance Company*, 2006 WL 3366132 (E.D. La. Nov. 2006)*, Dobson v. Allstate Ins. Co.,* 2006 WL 207 8423 (E.D. La. July 21, 2006)*,* and *Perez v. Metropolitan Property & Casualty Insurance Company*, 06-2574 (E.D. La. 2006), 2006 WL 2178753.

[15] La. R.S. 9:5606.

[16] La. C.C. Art. 3458.

[17] La. C.C. Art. 3461.

consistently held in similar cases in the Hurricane Katrina related litigation that the peremptive period commences when the policy is issued because any misrepresentations could have been discovered upon reading the policy.[18]

Based on the foregoing, Plaintiff's claim against Insurance Underwriters are clearly perempted under La. R.S. 9:5606. MBIC's insurance policy was initially procured by Insurance Underwriters on or about February 12, 2005.[19] Since the key issue in this case is the alleged misrepresentations by Insurance Underwriters about what was covered and/or not covered under the terms of MBIC's homeowners policy, Insurance Underwriters' alleged professional negligence occurred in February 2005 when the policy was sold to Plaintiff. Thus, Plaintiff's lawsuit should have been filed on or before February 2006. Instead, he filed suit on August 29, 2006, more than one and half years after the peremptive period began, and several months after his rights ceased to exist.

Plaintiff will likely assert that the lawsuit was timely filed because he did not know that MBIC's homeowners policy would not cover any losses caused by floodwaters until MBIC refused to provide coverage for the losses sustained during Hurricane Katrina. However, Plaintiff cannot benefit from an extended discovery rule because he knew or should have known about the exclusion on or about February 2005. Any argument by Plaintiff to the contrary is disingenuous and not supported by the facts of this case or existing law, as previously cited.

It is well known that the insurer - not the insurance agent - customarily mails copies of the insurance

---

[18] *See Lieschen Clover v. Allstate Insurance Company*, 2006 WL 3366132 (E.D. La. Nov. 2006), *Dobson v. Allstate Ins. Co.,* 2006 WL 207 8423 (E.D. La. July 21, 2006)*,* and *Perez v. Metropolitan Property & Casualty Insurance Company*, 06-2574 (E.D. La. 2006), 2006 WL 2178753.

[19]*See* Exhibit "B" *in globo,* and Exhibit "C".

policy to an insured once the policy has been procured.[20] Plaintiff never notified Insurance Underwriters that he had not received a copy of the policy from the insurer nor he ever requested that another copy be provided by the insurer.[21] Thus, absent supporting evidence to the contrary, it can be presumed that MBIC mailed Plaintiff a copy of the policy in on or about February 2005, immediately after the policy went into effect, and that Plaintiff received the policy at that time, thus triggering the commencement of the peremptive period.

Moreover, contrary to Plaintiff's allegations in his Motion to Remand, Plaintiff certainly knew that MBIC's homeowners policy did not cover damages related to floodwaters because he inquired about flood coverage prior to Hurricane Katrina's landfall in August 2005. On two separate occasions in July 2005, Plaintiff (and/or his wife) contacted Insurance Underwriters to inquire about flood coverage, and to obtain a copy of the policy.[22] On both occasions, Insurance Underwriters advised Plaintiff that he did not have flood coverage for his property.[23] However, despite his knowledge about lack of coverage in a flood type situation, Plaintiff never requested a flood policy for his property. If, as Plaintiff contends, he thought that the MBIC policy covered flood related damage when concurrent with wind damage, then Plaintiff would have certainly not inquired about a flood policy in July 2005, as it would have provided duplicative coverage and double premiums for the same losses.

Lastly, it is also well established law that subsequent renewals of insurance do not restart the

---

[20] *See* Exhibit "C", Affidavit from Dana Rousselle, paragraph 12.

[21] *Id.* at paragraph 11.

[22] *See* Exhibit "C", Affidavit from Dana Rousselle, paragraphs 7-10.

[23] *Id.*

prescriptive period on torts committed at the time of purchase of the initial policy, therefore Plaintiffs do not benefit from any renewals or re-issuances, if any.[24]

To summarize, the claims against Insurance Underwriters are perempted. Plaintiff filed his lawsuit in August 2006, one and half years after the alleged cause of action against Insurance Underwriters first arose in February 2005, when the policy was first issued. Therefore, any and all claims for professional negligence against Insurance Underwriters should have been filed with the Court on or before February 12, 2006.

2. <u>Insurance Underwriters' alleged failure to advise about the exclusion or to provide Plaintiff with a copy of the policy do not give rise to a cause of action under Louisiana Law.</u>

Plaintiff's only allegations against Insurance Underwriters are that it failed to advise Plaintiff about MBIC's exclusion, and that it failed to provide Plaintiff with a copy of the policy. However, these alleged errors and/or omissions do not give rise to a cause of action for which relief can be granted.

Under Louisiana law, an insurance agent's duties are very limited. In fact, an agent is only required to use reasonable diligence to attempt to place the insurance requested and to notify the client if he is unable to obtain the requested insurance.[25] In the instant case, Plaintiff has not alleged that Insurance Underwriters failed to procure the insurance they requested nor could they prove such failure. In February 2005, Insurance Underwriters procured a homeowners policy for Plaintiff's property, as per Plaintiff's

---

[24]*See Biggers v. Allstate Insurance Co.*, 886 So.2d 1179, (La. App. 5 Cir. 10/26/04), *Bordelon v. Independent Order of Foresters*, 05-2640 (E.D. La 2005), 2005 WL 3543185.

[25]*Karam v. St. Paul Fire and Marine Ins. Co.*, 281 So.2d 728 (La. 1973). *See also Lieschen Clover v. Allstate Insurance Company*, 2006 WL 3366132 (E.D. La. Nov. 2006)*, Dobson v. Allstate Ins. Co.,* 2006 WL 207 8423 (E.D. La. July 21, 2006)*,* and *Perez v. Metropolitan Property & Casualty Insurance Company*, 06-2574 (E.D. La. 2006), 2006 WL 2178753.

instructions. For whatever reason, Plaintiff made a conscious decision not to buy flood coverage in February 2005, and again in July 2005. Thus, Insurance Underwriters can hardly be faulted for Plaintiff's decisions if they turned out to be detrimental to him. Insurance Underwriters provided options of coverage and simply placed the order as requested by the Plaintiff. Thus, Insurance Underwriters fulfilled its duty toward Plaintiff.

Contrary to Plaintiff's allegations, the courts have not expanded agents' duties to cover the allegations set forth in Plaintiffs' Petition for Damages against Insurance Underwriters. Any wrongdoing associated with the sufficiency of the coverage rests solely with the Plaintiff and cannot be imputed to Insurance Underwriters. In fact, this Courts has consistently placed the <u>duty on the policyholder</u> to read the policy so that he or she can know the extent of the coverage provided by the policy, not on the agent to advise about any exclusions therein.[26] Moreover, this Court has consistently ruled that even if misrepresentations were made, the misrepresentations could not have been justifiably relied upon because they could have been discovered upon a review of the policy.[27] Lastly, with regards to Plaintiff's allegation in his Motion to Remand that Insurance Underwriters failed to provide him with a copy of the insurance policy, Insurance Underwriters submits to this Court that the insurer, not the agent, provides the insured with a copy of said policy.[28] Therefore, Insurance Underwriters did not breach any duty to Plaintiff.

Consequently, all claims against Insurance Underwriters should be dismissed with prejudice given

---

[26]*See Lieschen Clover v. Allstate Insurance Company*, 2006 WL 3366132 (E.D. La. Nov. 2006), *Dobson v. Allstate Ins. Co.,* 2006 WL 207 8423 (E.D. La. July 21, 2006), and *Perez v. Metropolitan Property & Casualty Insurance Company*, 06-2574 (E.D. La. 2006), 2006 WL 2178753.

[27]*Id.*

[28]*See* Exhibit "C", Affidavit from Dana Rousselle.

that Plaintiff has failed to state a cause of action for which he can recover damages.

### III.

### CONCLUSION

Plaintiff has failed to state a cause of action against Insurance Underwriters for which he can recover damages. First, all negligence claims against Insurance Underwriters are time-barred or perempted because Plaintiffs failed to file his lawsuit within the one year peremptive period set forth in La. R.S. 9:5606. Plaintiff purchased the homeowners policy in question in February 2005, but he did not file his lawsuit until August 29, 2006, more than one year after the commencement of the one-year peremptive period. Second, Plaintiff has failed to establish a breach of any of the agent's duties established by law. Louisiana law imposes only limited duties on insurance agents, none of which include the duties set forth in Plaintiff's Petition for Damages - advise Plaintiff about all exclusions in the policy and provide Plaintiff with a copy of the policy.

Accordingly, based on the foregoing, Plaintiff has failed to state a cause of action against Insurance Underwriters for which he can recover damages. Therefore, Plaintiff's Motion to Remand should be denied and all claims against Insurance Underwriters should be dismissed with prejudice.

Respectfully submitted,

LOWE, STEIN, HOFFMAN,
ALLWEISS & HAUVER, L.L.P.

*/s/ Monica C. Sanchez*
MAX J. COHEN, T.A. (17515)
JAMES T. BUSENLENER (22284)
MONICA C. SANCHEZ (26498)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139-7735
(504) 581-2450
(504) 581-2461 (Fax)
*Attorneys for Insurance Underwriters, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading was filed electronically with the Clerk of Court using the CM/ECF system on this 16th day of January, 2007, and that notice of this filing will be send automatically by the Court via e-mail to all parties involved in this litigation.

*/s/ Monica C. Sanchez*
Monica C. Sanchez