UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 JAN 11 PM 3:59
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| FREDERICK BRADLEY, LAWRENCE RABIN AND MARK H. SAMUELS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED | * CIVIL ACTION<br>*<br>* NO. 06-225<br>* |
| VERSUS | * SECTION "R" K<br>* |
| PITTMAN CONSTRUCTION CO., INC., ABC INSURANCE COMPANY, ORLEANS PARISH LEVEE BOARD, AND DEF INSURANCE COMPANY | * MAGISTRATE (2)<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * *

## ANSWER TO CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Pittman Construction Co., Inc. (**Pittman**) and answers the Complaint of Frederick Bradley, Lawrence Rabin, and Mark H. Samuels, Individually and On Behalf of All Other Persons Similarly Situated, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief may be granted.

### SECOND DEFENSE

The claim is barred by the applicable statute(s) of limitations and/or statute(s) of repose.

### THIRD DEFENSE

Class certification should not be granted in this case as the prerequisites for maintenance of a class action set forth in F.R.C.P. 23(a) and F.R.C.P. 23(b) have not/cannot be met.

### FOURTH DEFENSE

The named complainants are not or, alternatively, are insufficiently representative of the proposed class(es).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## FIFTH DEFENSE

Complainants' damages, if any, were caused by a party or parties for whom Pittman is not responsible and over whom it exercised/had no control.

## SIXTH DEFENSE

And now, as a separate and complete defense, answering each allegation of the removed Complaint individually, Pittman avers as follows:

### I.

The allegations contained in paragraph 2 of the removed Complaint are conclusions of law and not allegations of fact. Accordingly, no answer is required by Pittman. However, to the extent an answer may be deemed to be required, the allegations contained in paragraph I of the removed Complaint are denied. Further answering, it is averred that this allegations has been rendered moot by the Board of Commissioners, the Orleans Levee District (**Orleans Levee District**)'s removal of this matter from the Civil District Court for Orleans Parish, Louisiana, to this Court on or about January 19, 2006.

### II.

The allegations contained in paragraph 2 of the removed Complaint are denied as written.

### III.

The allegations contained in paragraph 3 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

### IV.

The allegations contained in paragraph 4 of the removed Complaint are conclusions of law and not allegations of fact. Accordingly, no answer is required of Pittman. However, to the extent an answer may be deemed to be required, the allegations contained in paragraph 4 of the

removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

V.

The allegations contained in paragraph 5 of the removed Complaint are denied as written.

VI.

The allegations contained in paragraph 6 of the removed Complaint are denied as written.

VII.

The allegations contained in paragraph 7 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

VIII.

The allegations contained in paragraph 8 of the removed Complaint are denied as written.

IX.

The allegations contained in paragraph 9 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

X.

The allegations contained in paragraph 10 of the removed Complaint are denied.

XI.

The allegations contained in paragraph 11 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

XII.

The allegations contained in paragraph 12 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

XIII.

The allegations contained in paragraph 13 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

XIV.

On information and belief, Pittman avers that it maintained liability insurance as required by its contract. It is attempting to determine who its insurers were during the relevant time period. All other allegations contained in paragraph 14 of the removed Complaint are denied.

XV.

The allegations contained in paragraph 15 of the removed Complaint are denied for lack of sufficient knowledge and information to justify a belief therein.

XVI.

The allegations contained in paragraph 16 of the removed Complaint do not require an answer by Pittman. However, to the extent an answer may be deemed to be required, the allegations contained in paragraph 16 of the Complaint are denied as the prerequisites for class action status set forth in F.R.C.P. 23(a) and F.R.C.P. 23(b) have not been met.

XVII.

The allegations contained in paragraph 17 of the removed Complaint are conclusions of law and not allegations of fact. Accordingly, no answer is required of Pittman. However, to the extent an answer may be deemed to be required, the allegations contained in paragraph 17 of the removed Complaint are denied. Further answering, Pittman avers that class action status in this matter is now governed by F.R.C.P. 23 and other applicable Federal Rules of Civil Procedure, statutes and jurisprudence.

## XVIII.

The allegations contained in paragraph 18 of the removed Complaint are conclusions of law and not allegations of fact. Accordingly, no answer is required by Pittman. However, to the extent that an answer may be deemed to be required, the allegations contained in paragraph 18 of the Complaint are denied as written.

## SEVENTH DEFENSE

Pittman reserves its right to supplement and amend its response to the removed Complaint, including the filing of such F.R.C.P. 12 and 56 motions, cross-claims and third-party claims as further discovery in this matter may warrant.

**WHEREFORE**, defendant, Pittman Construction Co., Inc., prays that this answer be deemed good and sufficient in law and that after due proceedings had, the Complaint be dismissed, with prejudice, at Complainants' cost. Pittman Construction Co., Inc., further prays for all general and equitable relief to which it may be entitled.

Respectfully submitted,

**KILLEEN & STERN, PC**

By: _____
Robert C. Stern, T.A. (La. Bar No. 12454)
400 Poydras Street, Suite 1710
New Orleans, LA 70130
Telephone: (504) 525-8111
Facsimile: (504) 680-6080
        and
Robert J. Killeen, Jr. (La. Bar No. 18287)
8 Greenway Plaza, Suite 614
Houston, TX 77046
Phone: (713) 626-5100
Facsimile: (713) 626-4545

**ATTORNEYS FOR PITTMAN CONSTRUCTION CO., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2007, a true and correct copy of the foregoing document was forwarded via facsimile, regular mail, certified mail, return receipt requested and/or hand delivery to all counsel of record.

_____
Robert C. Stern