## UNITED STATE DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * | CIVIL ACTION NO.: 05-4182 |
| | * | JUDGE: |
| Pertains to: | * | STANWOOD R. DUVAL, JR. |
| *ANNEZ KIEFER, ET AL.* | * | |
| | * | SECTION "K" |
| *VERSUS* | * | |
| | * | MAGISTRATE: |
| *ALLSTATE INSURANCE COMPANY,* *ET AL.* | * * | JOSEPH C. WILKINSON, JR. |
| | * | MAG.: (2) |
| *CIVIL ACTION NO.: 06-5370* | * | |

**************************************

### ANSWER AND AFFIRMATIVE DEFENSES TO THE
### COMPLAINT AND AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, comes Defendants, **LAFAYETTE INSURANCE COMPANY (LAFAYETTE) (Improperly named as United Fire Group)** who submits the following Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### A.
### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

All plaintiffs who are not insureds of Lafayette have no right or cause of action against Lafayette.

#### Second Affirmative Defense

The petition fails to state a claim upon which relief can be granted.

## Third Affirmative Defense

Lafayette is entitled to a credit for any amounts which have been paid to any Lafayette insured.

## Fourth Affirmative Defense

Granting the relief sought in the Petition would result in unjust enrichment.

## Fifth Affirmative Defense

The petition improperly seeks to impair the obligations of contracts, seeks to effect a taking without just compensation, and seeks to deprive Lafayette under equal protection under the law in contravention of rights guaranteed to Lafayette by the Constitution of the United Sates and the Constitution of the State of Louisiana.

## Sixth Affirmative Defense

Plaintiff's claims are preempted by federal law and are not properly asserted herein.

## Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the filed rate doctrine.

## Eighth Affirmative Defense

The policies issued by Lafayette are the best evidence of its term, conditions, coverages and exclusions and are pled herein as if copied in full.  Lafayette asserts all terms, conditions, coverages and exclusions which may be applicable to plaintiff's claims.

## Ninth Affirmative Defense

Lafayette invokes and adopts all affirmative and constitutional defenses available to Lafayette or pled by any other defendant.  Lafayette reserve the right to amend their answer to assert any such defenses.

### Tenth Affirmative Defense

Plaintiffs' claims are premature both as a matter of law and as a matter of contract.  Plaintiffs have not complied with all of the prerequisite terms and conditions of the Lafayette policies which are pled as if copied here in full.

### Eleventh Affirmative Defense

At all times relevant hereto, defendant has acted in good faith and has not acted in an arbitrary and capricious manner.

### Twelfth Affirmative Defense

The amount of any recovery by plaintiffs is limited by the terms and conditions of the Lafayette policies sued upon, including any limitations as to coverage payable.

### Thirteenth Affirmative Defense

Lafayette  excepts and objects on the grounds of Lis Pendens to other class action suits or other suits which may involve the same subject matter and which may seek similar recoveries or remedies.

### Fourteenth Affirmative Defense

Lafayette is a qualified, licensed insurer under the Louisiana Insurance Code, authorized to do and doing business in the parishes where its polices are written.  The defendant is in compliance with the Insurance Code, having submitted its policies to the Commissioner of Insurance and received approval for its policies.  Lafayette is entitled to all benefits and defenses available thereunder.

### Fifteenth Affirmative Defense

All premiums which have been charged by Lafayette to any policy holder in Louisiana have been approved by the Louisiana Commissioner of Insurance. Lafayette is entitled to all benefit and defenses available thereunder.

### Sixteenth Affirmative Defense

Lafayette is entitled to a credit, offset or reduction for any amounts which plaintiffs may receive from other sources including but not limited to third parties, other insurers, federal and state relief packages, tax credits, other governmental relief and other lawsuits including class actions.

### Seventieth Affirmative Defense

Lafayette hereby invokes all rights and defenses available to it pursuant to Louisiana's Value Policy Law.

### Eighteenth First Affirmative Defense

Plaintiff's claims against Lafayette are barred by equitable estoppel, waiver or by the doctrine of laches.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred or reduced by comparative or contributory negligence.

### Twentieth Affirmative Defense

Plaintiffs have improperly joined and cumulated actions, claims, causes of action and parties.

### Twenty First Affirmative Defense

Lafayette adopts any affirmative defenses which may be asserted by any other defendant in this case and gives notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case. Lafayette reserves the right to amend its answer to assert any such defense.

**Twenty Second Affirmative Defense**

Any claim under either state or federal statutes dealing with unfair claims/trade practices are preempted.  Additionally, Plaintiff's petition fails to state a cause of action under any state or federal statutes dealing with unfair claims/trade practices.  Further, Plaintiff's have failed to satisfy the requirements for damages under any state or federal statutes for unfair claims/trade practices.

**Twenty Third Affirmative Defense**

Lafayette's policies exclude coverage for water damage claims.  Additionally, Lafayette's policies do not cover a loss resulting from flood. Lafayette's policies are the best evidence of their terms, conditions, coverages and exclusions are pled as if copied here in full.

**Twenty Fourth Defense**

To the extent applicable, plaintiffs claims are preempted or barred in whole or in part by the National Flood Insurance Program (42 USC §4001 et seq) and the National Flood Insurance Act.

**Twenty Fifth Defense**

Lafayette is entitled to a credit, offset or reduction for any amounts which plaintiffs may receive from other sources including but not limited to third parties, other insurers, federal and state relief packages, tax credits, other governmental relief and other lawsuits including class actions.

**B.**
**ANSWER**

And now, responding to the specific allegations of the Complaint, Lafayette states as follows:

**I.**
**INTRODUCTION**

1.

The allegations of Paragraph 1 are denied as written for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied as written for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 and sub-parts a-e are denied.

## II.
## PARTIES

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied as written for lack of sufficient information to justify a belief therein. However, Lafayette admits that it is a domestic insurer authorized to do business in the state of Louisiana.

## III.
## JURISDICTION AND VENUE

6.

Lafayette agrees that there is jurisdiction under 28 U.S.C.§1332, , §1369, §1441 and other bases for jurisdiction as may be asserted.

7.

The allegations of Paragraph 7 are denied as written.  Lafayette has no knowledge of the status of other insurers.  However, Lafayette  agrees that it was conducting business in the state of Louisiana on August 29, 2005.

8.

The allegations of Paragraph 8 are denied as written for lack of sufficient information to justify a belief therein. However, Lafayette agrees that it was conducting business in the State of Louisiana and in the parishes of Jefferson and Orleans.

### IV
### CLASS ACTION ALLEGATIONS

9.

The allegations of Paragraph 9 and sub-parts a-g are denied. Lafayette denies that the Petition satisfies the requirements for class certification pursuant to Federal Rule of Civil Procedure 23.

### V.
### FACTUAL BACKGROUND

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

8

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

18.

The allegations of Paragraph 18 are denied as written.  However, Lafayette admits that Congress enacted the Federal Flood Insurance Act and the NFIP.  Those statues are the best evidence of their terms and conditions.

19.

The allegations of Paragraph 19 are denied as written.  However, Lafayette admits that Congress enacted the Federal Flood Insurance Act and the NFIP.  Those statues are the best evidence of their terms and conditions.

20.

The allegations of Paragraph 20 are denied as written.  However, Lafayette admits that Congress enacted the Federal Flood Insurance Act and the NFIP.  Those statues are the best evidence of their terms and conditions.

21.

The allegations of Paragraph 21 are denied as written.  However, Lafayette admits that Congress enacted the Federal Flood Insurance Act and the NFIP.  Those statues are the best evidence of their terms and conditions.

22.

The allegations of Paragraph 22 are denied as written.

**HURRICANE KATRINA DAMAGES POLICYHOLDER'S PROPERTY**

23.

The allegations of Paragraph 23 are denied as written.  However, Lafayette admits that Hurricane Katrina made landfall on August 29, 2005.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

**COUNT 1-DECLARATORY JUDGMENT**

34.

The allegations of Paragraph 34 do not require a response.  However, if a response is required, the allegations are denied.

35.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein. Lafayette has no knowledge regarding policies of other insurer's. Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

39.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein. Lafayette has no knowledge regarding policies of other insurer's. Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein. Lafayette has no knowledge regarding policies of other insurer's. Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

12

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.  Additionally, the prayer for relied under this section and its sub-parts are denied.

**COUNT II–BREACH OF CONTRACT**

48.

The allegations of Paragraph 48 do not require a response.  However, if a response is required, the allegations are denied.

49.

The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

13

that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

50.

The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

51.

The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.

52.

The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.  Lafayette has no knowledge regarding policies of other insurer's.  Lafayette admits that it issued a policy of insurance to Shirley Esprit which policy is the best evidence of it terms, conditions, coverages and exclusions and is pled herein as if copied in full.  Additionally, the prayer under this section is denied.

## COUNT III-BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING

53.

The allegations of Paragraph 53 do not require a response.  However, if a response is required, the allegations are denied.

54.

The allegations of Paragraph 54 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

55.

The allegations of Paragraph 55 are denied as written.

56.

The allegations of Paragraph 56 are denied as written.

57.

The allegations of Paragraph 57 are denied as written.

58.

The allegations of Paragraph 58 are denied as written. Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

59.

The allegations of Paragraph 59 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

60.

The allegations of Paragraph 60 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

15

61.

The allegations of Paragraph 61 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

62.

The allegations of Paragraph 62 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

63.

The allegations of Paragraph 63 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

64.

The allegations of Paragraph 64 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.  Additionally, the prayer in this section is denied.

## COUNT IV–BREACH OF LA. REV. STAT. ANN. 22:1220

65.

The allegations of Paragraph 65 do not require a response.  However, if a response is required, the allegations are denied.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

16

66.

The allegations of Paragraph 66 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

67.

The allegations of Paragraph 67 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

68.

The allegations of Paragraph 68 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

69.

The allegations of Paragraph 69 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

70.

The allegations of Paragraph 70 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

17

71.

The allegations of Paragraph 71 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

72.

The allegations of Paragraph 72 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

73.

The allegations of Paragraph 73 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

74.

The allegations of Paragraph 74 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

75.

The allegations of Paragraph 75 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.  Additionally, the prayer in this section is denied.

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

18

## COUNT VI–BREACH OF LA. REV STATUTE 22:695

76.

The allegations of Paragraph 76 do not require a response.  However if a response is required, the allegations are denied.

77.

The allegations of Paragraph 77 are denied as written.

78.

The allegations of Paragraph 78 are denied as written.  However, defendant admits that valuations were placed on the property at issue.

79.

The allegations of Paragraph 79 are denied as written.

80.

The allegations of Paragraph 80 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

81.

The allegations of Paragraph 81 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

82.

The allegations of Paragraph 82 are denied as written.  Additionally, Lafayette denies the prayer for this section.

## COUNT VII–BREACH OF FIDUCIARY DUTY

83.

The allegations of Paragraph 83 do not require a response.  However, if a response is required, the allegations are denied.

84.

The allegations of Paragraph 84 are denied.

85.

The allegations of Paragraph 85 are denied.

86.

The allegations of Paragraph 86 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

87.

The allegations of Paragraph 88 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

88.

The allegations of Paragraph 89 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

89.

The allegations of Paragraph 89 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

90.

The allegations of Paragraph 90 are denied as written.  Additionally, Lafayette states that at all times relevant hereto, Lafayette acted in good faith and did not act in an arbitrary and capricious manner.

91.

The allegations of Paragraph 1 of the Amended Complaint do not require a response. However, if a response is required, the allegations are denied.

92.

The allegations of Paragraph 2 of the Amended Complaint do not require a response. However, if a response is required, the allegations are denied.

93.

The allegations of Paragraph 3 of the Amended Complaint do not require a response. However, if a response is required, the allegations are denied.

94.

The allegations of Paragraph 4 of the Amended Complaint do not require a response. However, if a response is required, the allegations are denied.

95.

The allegations of the introductory paragraph, any misnumbered or unnumbered paragraphs together with petitioners prayer for judgment in the original and amended complaint, first supplemental and amending complaint are denied.

96.

Lafayette prays for trial by jury on all issues triable by jury.

WHEREFORE, defendant respectfully prays that its answer be deemed good and sufficient, and after due proceedings had, there be judgment rendered in favor of defendant dismissing plaintiffs' Complaint and Amended Complaint at plaintiffs' cost.  Defendant further prays for all general, special and equitable relief as the law, action and nature of the case may permit, as well as, all costs and attorney fees of these proceedings.  Defendant requests a trial by jury on all issues which permit trial by jury.

Respectfully submitted,

**BERNARD, CASSISA, ELLIOTT & DAVIS**
A Professional Law Corporation

BY:     *s/Howard B. Kaplan*                                
          **HOWARD B. KAPLAN (#14414)**
          **STEPHEN N. ELLIOTT (#5326)**
          **DAVID M. MCDONALD (#30625)**
          **WILLIAM D. O'REGAN, IV (#29730)**
          1615 Metairie Road
          P.O. Box 55490
          Metairie, LA  70055-5490
          Telephone:  (504) 834-2612

          **COUNSEL FOR,**
          **LAFAYETTE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the all non-CM/ECF participants, this 17th day of January, 2007.

<u>*s/Howard B. Kaplan*</u>
**HOWARD B. KAPLAN (#14414)**

*S:\0-KATRINA LAWSUITS\1-CLASS ACTION SUITS\KIEFER\Pleadings\Lafayette\answer and affirmative defenses 01 17 07 (F).wpd*

23