UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>* | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" (2) |
| PERTAINS TO: | *<br>* | JUDGE DUVAL |
| 05-4181, 05-4182, 05-5237, 05-6073, 05-6314,<br>05-6324, 05-6327, 06-0020, 06-225, 06-886,<br>06-2278, 06-2287, 06-2545, 06-2346 | *<br>*<br>* | MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GOVERNMENT DEFENDANTS', THE BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT AND THE SEWERAGE AND WATER BOARD OF NEW ORLEANS MEMORANDUM IN SUPPORT OF MOTION TO AMEND/ALTER JUDGMENT AND/OR TO CERTIFY THE JUDGMENT FOR IMMEDIATE APPEAL

NOW INTO COURT, through undersigned counsel, come government defendants, The Board of Commissioners for the Orleans Levee District (hereinafter sometimes referred to as "defendant" or "OLD") and The Sewerage and Water Board of New Orleans (hereinafter sometimes referred to as "SWBNO"), which submit the following Memorandum In Support of their *Motion To Amend/Alter Judgment and/or to Certify the Judgment for Immediate Appeal*:

**I.    NATURE OF THIS MOTION:**

OLD and SWBNO file this Memorandum In Support of their Motion to Amend/Alter Judgment and/or to Certify the Judgment for Immediate Appeal, with respect to this Court's ruling on December 29, 2006, denying their Joint Motion to Dismiss.[1] In its ruling the Court expressed

---

[1] Document #2423 (Order & Reasons).

disagreement with the magistrate judge's interpretation of the statute at issue stating:

> In adopting Judge Wilkinson's Report and Recommendation, this Court noted, The Court does not agree with any tangential inference that acts or omissions of the Levee Board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute.[2]

Alternatively, defendants seek to have the Court's ruling certified for immediate appeal in the manner to which the Court has adhered with respect to other dispositive motion rulings in this matter.[3]

## II.   MOTION TO AMEND/ALTER JUDGMENT STANDARD:

Two of the grounds upon which a Rule 59(e) motion may be granted exist in this case: (1) an error of law, and/or (2) the Court may have committed a manifest error of fact.[4]  OLD and SWBNO submit that both of the above grounds are available because: (1) the Court's decision conflicts with the majority of the jurisprudence interpreting the emergency preparedness statute and its own Magistrate's report and recommendation in Armstead v. Nagin; and (2) the Court's referencing the fact that some of the actions alleged took place before the statute at issue was passed is either legally or manifestly erroneous, since a prior version of the immunity statute was in effect.

---

[2] Document #2423, at p.6 (Order & Reasons); See also, Armstead v. Nagin, 2006 WL 3861769 (E.D. La. 2006).

[3] *See* In Re Katrina Canal Breaches Litigation, 2006 WL 3421012 (E.D. La. 2006);  In Re Katrina Canal Breaches Litigation, 2006 WL 3627749 (E.D. La. 2006); Berthelot v. Boh Brothers, 2006 WL 2256995 (E.D. La. 2006);

[4] Charles A. Wright, Arthur R. Miller, & May K. Kane, *Federal Practice & Procedure*: Civil2d §2810.1, pp.124-127; W.G. Pettigrew Distributing Co. v. Borden, Inc., 976 F.Supp. 1043, 1062 (S.D. Tex. 1996).

2

*See* former La. R.S. 29:613, et seq. which was promulgated in 1950 attached hereto as Exhibit A.[5]

## III. THE ERIE DOCTRINE:

It is well established that when a state's highest court has not squarely addressed an issue of state law the federal court must make an "Erie guess."[6] The Fifth Circuit has instructed: "[i]f the Louisiana Supreme Court has not ruled on this issue, then this Court must make an 'Erie guess' and 'determine as best it can' what the Louisiana Supreme Court would decide."[7] "In making an Erie guess, this Court may look to the decisions of intermediate appellate courts for guidance."[8] Decisions of intermediate appellate courts in Louisiana "are a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."[9] The Fifth Circuit has also noted: "[a]lthough the refusal to grant a writ has no precedential effect, such a refusal does provide 'persuasive' evidence that the Louisiana Supreme Court approves of the legal conclusions reached by the

---

[5] Mercadal v. City of New Orleans, 192 So.2d 234 (La. App. 4 Cir. 1966), writ refused, 193 So.2d 531 (La. 1967)(holding SWBNO was immune under La. R.S. 29:613 from suit where plaintiffs' alleged it was liable for failing to take the Levee Board's advice and close culverts)..

[6] Howe Ex Rel Howe v. Scottsdale Ins. Co., 204 F.3d 624, 627 (5th Cir. 2000); Powers v. Vista Chemical Co., 109 F.3d 1089, 1093 (5th Cir. 1997); Rogers v. Corrosion Products, Inc., 42 F.3d 292, 295 (5th Cir. 1995); Kirkland v. Franco, 92 F.Supp.2d 578, 581 (E.D. La. 2000); Bauer v. GEICO, 61 F.Supp.2d 514, 517 (E.D. La. 1999).

[7] Howe Ex Rel Howe, 204 F.3d at 627.

[8] Kirkland, 92 F.Supp.2d at 581, *citing*, Matheny v. Glen Falls Ins. Co., 152 F.3d 348, 354 (5th Cir. 1998).

[9] Howe Ex Rel Howe, 204 F.3d at 627.

appellate court."[10]

## IV. JURISPRUDENCE INTERPRETING LA. R.S. 29:735:

Louisiana courts have noted that "there is a marked paucity of caselaw interpreting state emergency statutes."[11] Currently, there are seven decisions (including this one) addressing the immunity provided by La. R.S. 29:735 to a political subdivision engaged in emergency preparedness activities. Five of the seven cases have indicated that the governmental entity involved is entitled to immunity,[12] and two have held to the contrary.[13]

In the most recent decision by the Louisiana Fifth Circuit Court of Appeal, the court suggested that this immunity statute was applicable to the levee district's raising of the levee in 1985-1986 stating as follows:

> In *Elmer v. West Jefferson Levee Dist.*, 01-249 (La.App. 5th Cir.111/27/01), 803 So.2d 229, 239, we determined that the Defendant's actions in raising the Northern levee in 1985-1986 after Hurricane Juan was not a taking, thus was not an expropriation, as the taking of the property for construction of the levee occurred in the early 1920's with the construction of the four foot "Westwego levee" on the north

---

[10] Blair v. Sealift, Inc., 91 F.3d 755, 762 (5th Cir. 1996), *citing*, Colonial Pipeline Co. v. Agerton, 289 So.2d 93, 96 (La. 1974), *aff'd*, 421 U.S. 100, 95 S.Ct. 1538 (1975).

[11] Castille v. Lafayette City-Parish Conoslidate Government, 896 So.2d 1261, 1241 (La. App. 3 Cir. 2005); See also, Robin v. U.S., 2006 WL 2038169, at p.2 (E.D. La. 2006)

[12] *See* Yates v. Elmer, 2006 WL 3422220, at n.8 (La. App. 5 Cir. 2006); Hontex Enterprises, Inc. v. City of Westwego, 833 So.2d 1234 (La. App. 5 Cir. 2002), writ denied, 852 So.2d 1041 (La. 2003); Castille, 896 So.2d 1261 (La. App. 3 Cir. 2005); Armstead v. Nagin, 2006 WL; 3861769, at pp.15-16 (E.D. La. 2006)(Wilkinson, M.J.)(providing "Certainly building and maintaining levees for flood control is intended as mitigation of and preparation for a disaster . . . ."); Robin, 2006 WL 2038169.

[13] *See* Document #2423 (Order & Reasons); Clement v. Reeves, 935 So.2d 279 (La. App. 3 Cir. 2006).

4

> side of the Elmer property. We find no reason to revisit that decision in this appeal. Under the defense of governmental immunity, the public entity is immune from liability for *negligence* when the acts are discretionary under La. R.S. 9:2798.1, or taken to prepare for an emergency under R.S. 29:735. See: *Hontex Enterprises, Inc. v. City of Westwego*, 02-506 (La. App. 5th Cir.12/11/02) 833 So.2d 1234, 1240; writ denied, 03-0505, (La.9/5/03), 852 So.2d 1041 and 03-0455 (La.9/5/03), 852 So.2d 1042.

This statement is in accord with Magistrate Wilkinson's report and recommendation in Armstead v. Nagin wherein he held:

> The Levee District's functions of building and maintaining levees for flood protection, *id.* §38:325, are "emergency preparedness activities" for which the Levee District is immune from liability. The statute defines "emergency preparedness" as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." *Id.* §29:723(3). Certainly building and maintaining levees for flood control is intended as mitigation of and preparation for a disaster . . . ."[14]

These two interpretations of the statute in question are also in accord with the Fifth Circuit's statement in Hontex Enterprises, Inc. v. City of Westwego wherein it noted that "the defendants have immunity for *negligent* acts taken to prepare for an emergency under La. R.S. 29:735." Additionally, the above interpretations of La. R.S. 29:735 are consistent with the statutory language used in the emergency preparedness statutes, La. R.S. 29:721 et seq. The stated purpose of the act demonstrates this as it provides:

> Because of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, and in order to ensure that **preparations of this state will be adequate to deal with such emergencies or disasters,** and in order **to detect, prevent, prepare for,** investigate, respond to, or recover from these events, and generally to preserve the lives and property of the people of the state of Louisiana,

---

[14] Armstead, 2006 WL; 3861769, at p.15 (Wilkinson, M.J.).

5

> it is hereby found and declared to be necessary: . . . . (4) To reduce the **vulnerability** of people and communities to damage, injury, and loss of life and property <u>resulting from natural and man made catastrophes</u> . . .[15]

Preparations for emergencies and disasters of unprecedented size and destructiveness do not exclusively take place while a threat is "impending" or "bearing down" on a city. Preventing terrorists attacks, for example, requires years of preparation. Fortifying a state's defenses against enemy attack, sabotage, or other hostile action takes time. Building and/or maintaining levees to protect against floods is a long-term endeavor.

The language that the governmental entities are to reduce a community's "vulnerability" and are to take steps "to detect, prevent, [and] prepare for"[16] such emergencies confirms that there is no temporal element to the immunity provisions of this section. Therefore, immunity under §735 <u>should</u> be found to cover preparations for an emergency or disaster even though said emergency or disaster is not imminent. To conclude otherwise would read out the "vulnerability"and "to detect, prevent, prepare for" language in the emergency preparedness statutes and violate the following Louisiana rules of statutory construction:

> It is presumed that every word and provision in a statute was intended to serve some useful purpose, that some effect is to be given to each provision, and that no words or provisions were used unnecessarily. *ABL Mgmt., Inc. v. Board of Sup'rs of Southern Univ.,* 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. Conversely, it is not presumed that the legislature inserted idle, meaningless or superfluous language in a statute or that it intended any part of the statute to be meaningless, redundant or useless. *Id.* The courts have a duty, if possible, to adopt a statutory construction that harmonizes and reconciles the statute with other provisions. *Id.* Finally, courts

---

[15]La. R.S. 29:722(A) and (A)(4).

[16]La. R.S. 29:722(A)(parenthesis added).

6

should avoid a construction that creates an inconsistency when a reasonable interpretation can be adopted that does not do violence to the plain words of the statute and will carry out the legislature's intention. *Id.* [17]

Further, while the words "response to" and "recovery from"[18] indicate a temporal element, the "preparation for" language contains no such limitation. The reason for this is obvious, the Act contemplates actions while there is no impending emergency or disaster because it encourages governmental entities to take actions "to reduce the **vulnerability** of people and communities[,]"[19] and "to detect, prevent, prepare for"[20] such situations. Therefore, OLD and SWBNO pray that this Court grant their Motion to Alter/Amend and find that they are entitled to immunity from suit in this matter.

## V.   THE DENIAL OF DEFENDANTS' JOINT MOTION DISREGARDS THE DISTINCTIONS BETWEEN THE DIFFERENT MATTERS.

Defendants respectfully submit that, in summarily denying their Joint Motion to Dismiss, which was founded upon La. R.S. 29:735, the Court failed to account for the distinctions among the various lawsuits. In particular, while defendants disagree with the Court's conclusion that La. R.S. 29:735, contains a narrow temporal element, defendants suggest that the Court erroneously failed to find the statute applicable to the "Responder" cases, which share the temporal element of

---

[17]Mallard Bay Drilling, Inc. v. Kennedy, 914 So.2d 533, 546 (La. 2005)

[18]This also demonstrates Clement, 935 So.2d 279 is distinguishable from the captioned matter since the actions involved in Clement were "response" actions as opposed to the "preparation for" actions involved in the instant case.

[19]La. R.S. 29:722(A)(4).

[20]La. R.S. 29:722(A).

*Armstead*. Additionally, defendants respectfully submit that the decision is inherently inconsistent, as it failed to pare down those claims which assert negligence on the part of the defendants on the eve of Hurricane Katrina's advent. Defendants aver that, even if the Court is of the belief that the immunity statute is of limited temporal protection, it committed an error of law in failing to dismiss those claims/theories that fall within the window of protection which the Court recognized.

## VI. AN IMMEDIATE APPEAL WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION:

Alternatively, OLD and SWBNO request that this Court certify this matter for immediate appeal since there is obviously a substantial ground for difference of opinion pursuant to 28 U.S.C. 1292(b), as is demonstrated below:

### A. APPEAL OF INTERLOCUTORY ORDERS(28 U.S.C. 1292(b)):

§1292(b) permits a district court to designate an interlocutory order for immediate appeal if (1) there is a controlling question of law;[21] (2) for which there is a substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation.[22] The Fifth Circuit has expressed disappointment in the failure to use such a procedure

---

[21] Castano v. American Tobacco Co., 162 F.R.D. 112, 115-116 (E.D. La. 1995), *modified by*, 889 F.Supp. 904 (E.D. La. 1995), *modification denied*, 908 F.Supp. 378 (E.D. La. 1995), *quoting*, In Re Cement Antitrust Litigation, 673 F.2d 1020, 1026-1027 (9th Cir. 1982)("[A]ll that must be shown in order for a question to 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.").

[22] 28 U.S.C. 1292(b); See also, In Re Coastal Plains, Inc., 179 F.3d 197, 204 (5th Cir. 1999), reh'g denied, 192 F.3d 128 (5th Cir. 1999), cert. denied, 120 S.Ct. 936 (2000).

when the aforementioned requirements are satisfied.[23]

§1292(b)'s requirements are met in this case because: (1) the emergency preparedness immunity statute is the controlling law in this case; (2) there is a substantial ground for difference of opinion because: (a) there are "no clear controlling precedents in the decisions of the Louisiana Supreme Court"[24] interpreting La. R.S. 29:735; (b) this Court's decision is in opposite to Magistrate Wilkinson's interpretation of La. R.S. 29:735; and (c) there are five Louisiana cases which have expressed interpretations of this statute that are contrary to this Court's interpretation, and two opinions (including the one at issue) that have reached the opposite result;[25] and (3) the determination of whether the emergency preparedness immunity statute bars all claims against OLD and SWBNO will determine whether there is a need to proceed with plaintiffs' claims against these entities. Obviously, if the emergency preparedness immunity statute bars all claims against OLD and SWBNO then these entities will be dismissed from this litigation. Therefore, there should be

---

[23]In Re Coastal Plains, Inc., 179 F.3d at 204(stating "Most unfortunately, Browning did not seek certification from the district court that, pursuant to 28 U.S.C. §1292(b), the judicial estoppel ruling 'involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'").

[24]Badon v. RJR Nabisco, Inc., 224 F.3d 382, 401 (5th Cir. 2000); See also, In Re Katrina Canal Breaches Litigation, 2006 WL 3421012, at p.48; Jesco v. Nationsbank, 278 F.3d 444, 448 (5th Cir. 2001).

[25]*Compare* Yates, 2006 WL 3422220, at n.8(suggesting construction of levees would be covered by La. R.S. 29:735's immunity provision); Hontex Enterprises, Inc., 833 So.2d 1234; Castille, 896 So.2d 1261; Armstead, 2006 WL; 3861769, at pp.15-16 (providing "Certainly building and maintaining levees for flood control is intended as mitigation of and preparation for a disaster . . .."); Robin, 2006 WL 2038169; *with* Document #2423 (Order & Reasons); Clement, 935 So.2d 279.

9

no doubt that certifying this decision as immediately appealable will "materially advance the ultimate termination of the litigation."[26] Moreover, this Court has certified several decisions in this case for the very same reason.[27]

An identical situation was addressed in Jesco v. Nationsbank wherein Judge Porteous certified as immediately appealable his denial of the defendants Motion for Summary Judgment. Judge Porteous certified his denial of the defendants' summary judgment motions because there were conflicting Louisiana appellate decisions and federal district court opinions on the legal issue before him.[28]

Similarly, in Badon v. RJR Nabisco, Inc. the Fifth Circuit granted an appeal pursuant to §1292(b) because the "Louisiana Court of Appeals decisions appear(ed) to be divided"[29] and there were "no clear controlling precedents in the decisions of the Louisiana Supreme Court."[30]

## CONCLUSION

Defendants respectfully submit that, for the foregoing reasons, the requirements of FRCP

---

[26] In Re Coastal Plains, Inc., 179 F.3d at 204.

[27] See In Re Katrina Canal Breaches Litigation, 2006 WL 3421012 (E.D. La. 2006); In Re Katrina Canal Breaches Litigation, 2006 WL 3627749 (E.D. La. 2006); Berthelot v. Boh Brothers, 2006 WL 2256995 (E.D. La. 2006);

[28] Jesco v. Nationsbank, 2000 WL 1251960 (E.D. La. 2000); See also, Jesco v. Nationsbank, 278 F.3d 444 (5th Cir. 2001), *certified question accepted*, 812 So.2d 632 (La.2002), *certified question answered*, 830 So.2d 989 (La. 2002), *answer to certified question conformed*, 321 F.3d 501 (5th Cir. 2003).

[29] Badon, 224 F.3d at 400.

[30] Badon, 224 F.3d at 401; See also, In Re Katrina Canal Breaches Litigation, 2006 WL 3421012, at p.48; Jesco, 278 F.3d at 448.

10

59(e) have been met. Accordingly, it is respectfully submitted that reconsideration is appropriate. In the alternative, given the fact that certification for immediate appeal is appropriate under 28 U.S.C. § 1292(b), defendants respectfully submit that the matter should be certified for immediate appeal, as the Court has done for the other dispositive motions upon which it has ruled.

WHEREFORE, Defendants, OLD and SWBNO, pray that this Court Alter/Amend its decision, denying defendants' Joint Motion to Dismiss or, alternatively, grant their motion certifying this matter as immediately appealable.

Respectfully submitted:

s/Kyle P. Kirsch
THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA  70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
	-and-
JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
One Petroleum Center
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT,
THE ORLEANS LEVEE DISTRICT

Respectfully Submitted:

s/George Simno, III
GEORGE SIMNO, III (#12271)
GERARD M. VICTOR(# 9815)
625 St. Joseph St.,  Room 201
New Orleans, LA 70165
Telephone:  (504) 529-2837
Facsimile:  (504) 585-2455
ATTORNEYS FOR DEFENDANT
THE SEWERAGE AND WATER BOARD
OF NEW ORLEANS

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

/s/Kyle P. Kirsch