UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES * | CIVIL ACTION.: | No. 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION * | | |
| * | JUDGE: | DUVAL |
| * | | |
| * | MAGISTRATE: | WILKINSON |
| * | | |

**************************************
\*
PERTAINS TO: \*
\*
INSURANCE   (Larroque, No. 06-8451) \*
\*
**************************************

## MEMORANDUM IN SUPPORT OF

## MOTION TO RE-TRANSFER TO SECTION "C"

MAY IT PLEASE THE COURT:

State Farm Fire and Casualty Company (hereinafter "State Farm") moves this court to "deconsolidate" this case from 2005-04182, *In Re Katrina Canal Breaches Consolidated Litigation* and transfer it back to Section "C" where it was initially allotted.

1

Introduction

Because of this Court's November 27, 2006 ruling regarding the State Farm water damage (flood) exclusion,[1] the legal issue that this case had in common with the other canal-levee-breach cases has been decided in State Farm's favor, and that issue will not be a factor at trial. There will be no need at the trial of this matter for the parties to put on evidence regarding the levee breaches, because, as the Court held in its November 27, 2006 Order,[2] the plaintiff's water damage in this case is excluded from coverage by the State Farm policy regardless of the cause or source of the water. Accordingly, what remains for discovery and trial are individual issues (*e.g.,* what wind damage was sustained by the Larroque home) that are specific to this case and that do not require consolidated discovery or trial proceedings. For these reasons, and to allow the action to proceed more quickly, the Court should decline to consolidate (or "deconsolidate") this case and transfer it back to Section "C".

Facts

This case was filed on August 25, 2006. Kathryn Larroque and Urban G. Larroque, Jr., sued State Farm to recover for damage to their Lakeview-area home sustained in Hurricane Katrina. The Larroques had no flood policy, so they now seek recovery for flood damage under their homeowners policy.[3]

This Court, beginning with the *Colleen Berthelot* action, began consolidating lawsuits that purported to assert claims related to the alleged breaches of various canal

---

[1] *See* "Order," *In re Katrina*, 5-04182 (11/27/06), Document # 1803.
[2] *See id.*
[3] A copy of the original petition of the *Larroque* matter is attached as Exhibit "A."

levees in the New Orleans area. These cases, now divided into six categories, are consolidated under the 05-04182 heading, now captioned *In Re Katrina Canal Breached Consolidated Litigation*.

One of the categories of consolidated cases is "Insurance" actions, which includes the *Gladys Chehardy, et al, v. J. Robert Wooley, et al.,* (2:06-cv-01672, -1673 and -1674) and *Vanderbrook v. State Farm* actions involving numerous insurance company defendants, including State Farm. The "Insurance" cases were consolidated under the Levee Breach umbrella because various plaintiffs averred that their homeowners policies should be interpreted to cover water damage arising from levee breaches that resulted from negligence. Thus the preliminary issue in the Insurance group of cases was whether the "water damage" or "flood" exclusions stated in the various insurance companies' homeowners policies operate to exclude damage caused by flooding resulting from the levee breaches.

This Court, on November 27, 2006, issued an Order (document #1803) in the *In re Katrina* matter ruling on the validity of the water damage ("flood") exclusions in the homeowners policies of various insurance companies. While the above-captioned matter (*Larroque*) was not consolidated into this action at the time the Order was issued, one of the policies ruled on was a State Farm policy identical to the policy sued upon in the above-captioned matter.[4] The Court ruled that the word "flood" could be interpreted to mean "naturally-occurring" floods and not floods that involve human negligence (such as allegedly occurred with the levee breaches). However, the Court also noted that due to a

"lead-in" provision, the State Farm homeowners policy "makes clear that regardless of the **cause** of the flooding, there is no coverage for any flooding 'regardless of the cause.' Such language is clear to the court and as such, the Court must find that the State Farm policy as written excludes coverage for all flooding." See Order, *In re Katrina*, No. 05-4182 (Eastern District of Louisiana, 11/27/06)(Duval, J.), p.50; the Court's discussion of the State Farm policy language is at p. 50-51.

This Court subsequently ordered, in its Minute Entry (document # 2034) from a November 29, 2006 conference, that all cases arising from canal levee breaches, including, specifically, the 17th Street and London Avenue Canals in New Orleans must be consolidated with the 05-4182 matter. This matter was transferred to Section "K" and consolidated into *In re Katrina* as a result of that Order.

## Law and Argument

While State Farm complied with the Court's order and moved to transfer this matter, it believes consolidation is no longer needed in this matter and that consolidation will, in fact, slow down the progress of this matter. Accordingly, State Farm moves the Court to reverse the Rule 42 consolidation (i.e., to "deconsolidate" this matter) and return it to Section "C" from whence it came.

As a result of the Court's November 27, 2006 Order, the plaintiff's water damage in the above-captioned matter will be excluded by the language in plaintiff's homeowners policy. The Court determined, as State Farm has argued, that the exclusion applies to all

---

[4] The State Farm policy language is quoted on p. 16 of the Order (#1803).

flooding damage, whether or not the water came from a levee breach, a levee overtopping, or some other source.[5]

This Court, in the *In Re Katrina* litigation, may still need to determine the causes of levee breaches and the fault, if any, of various defendants including governmental bodies, contractors, architects, and construction companies involved with designing and building the levees and floodwalls and dredging the canals. This Court may also need to determine whether, indeed, the flooding of various areas around New Orleans should be considered "natural" or "man-made" and whether there is insurance coverage in the policies of insurance companies whose water-damage exclusions the Court found ambiguous in its November 27, 2006 Order (#1803).

However, where State Farm insurance policies are concerned, such as in the present matter, these issues have ceased to be germane to the case. In this case and other cases involving the State Farm homeowners policy, the water damage from flooding will be excluded regardless the causes of the levee breaches. The trial of this matter will not include evidence about whether the levees breached, why, or whose fault it was. Considering the language of the State Farm flood exclusion, whether the flood was natural or man-made is irrelevant; coverage is excluded. Whether the Army Corps of Engineers was negligent is irrelevant; coverage is excluded. Neither State Farm nor the plaintiffs should be burdened by the expenditures of time and cost that will be incurred by discovery, experts, and motion practice regarding the causes of the flooding.

---

[5] *See id,* at 50-51

In their Motion to Stay Litigation Pending Appeal (January 2, 2007, document #2414), other insurance companies in the *Chehardy* action also recognized that if their policies are ultimately held to provide coverage, those insurers would need to file third party complaints against defendants such as the Army Corps of Engineers and the Orleans Parish Levee District; they would need to take part in discovery of parties such as the architects, engineers and contractors involved in designing, constructing levees and floodwalls; and they would need to obtain expert witnesses relative to these issues. Because of the Court's November 27, 2006 Order, these are all things that neither State Farm not Plaintiffs in State Farm cases should have to do, so this matter does not need to be consolidated with other cases in which such tasks must be undertaken.

In short, because of the Court's ruling on the coverage issue, the only reason for State Farm's presence under this consolidated *In re Katrina* umbrella has been removed. There is no reason for this case to remain consolidated with other cases that will necessarily involve substantial discovery, pre-trial and trial issues regarding the cause or source of the water that damaged particular properties. The threshold coverage issue having been resolved as to State Farm cases, the trial of this matter can and should now focus on the issues unique to this case, such as the value of plaintiff's covered losses, i.e., wind damage.

While the consolidated cases do all stem from Hurricane Katrina and they, at least allegedly, involve damage resulting from canal levee breaches, there are also significant individual issues in each case. In a mass-joinder case, the Southern District of Mississippi has written that "[i]n a superficial sense, the hurricane was a common

6

occurrence; however the storm was vastly different in its effect depending on the specific geographic location of each particular home." *Bradley v. Nationwide Mut. Ins. Co.*, 2006 WL 2594548 (S.D. Miss. Sept. 6, 2006).

There are significant factual issues that are not common from one case to the next. Only some of the consolidated cases under the *In re Katrina* umbrella involve insurance coverage; some do not. Some involve claims against insurance agents; some do not. This case involves individualized damage determinations at one location.

Civil Procedure Rule 42 states, in pertinent part:

> Consolidation; Separate Trials
>
> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Federal Rule of Civil Procedure, Rule 42.

> Rule 42(a) of the Federal Rules of Civil Procedure gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice. *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964), *cert. denied,* 382 U.S. 812 (1965). The mere existence of common issues, a prerequisite to consolidation, does not require consolidation. *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.Del.1981). The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions. *Id.* The proper administration of justice requires that issues be resolved without unnecessary cost or delay.

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.* 775 F.Supp. 759, 761 (D.Del. 1991). The common issue linking this case to the other consolidated cases has been decided, so although it was originally efficient to consolidate the Insurance category of cases with other levee breach suits involving levee breaches until deciding

the issue of insurance coverage, those efficiencies are no longer present as to State Farm. From this time forward, the issues in this case can and should be those that are specific to this case.  If the Court intends to proceed with consolidated discovery as to the cause of the flooding, the Court's November 27, 2006 Order makes State Farm's involvement in such unnecessary and burdensome.  The forthcoming progress of this case and other State Farm cases will likely be very different from other consolidated cases where recovery may depend on further discovery and rulings about the nature and causation of and liability for the levee breaches.  Therefore this case no longer needs to be consolidated with the others in the *In re Katrina* umbrella.

In *Comeaux v. Mackwani*, 124 Fed.Appx. 909, 911 (5th Cir. 2005) the Fifth Circuit found improper the consolidation of two suits by the same inmate; "With the exception of the fact that Comeaux raised Eighth Amendment claims in both civil rights suits, the suits did not involve common questions of law and fact."   In *American Emp. Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976), the court found improper consolidation of nine actions by the same plaintiff: "There is no commonality of law or fact in the nine actions, save for King's personal and family involvement in each. However, because of the varying degrees of such involvement, there is no commonality of fact upon which to predicate consolidation."  These cases are illustrative that consolidation is not necessary despite the presence of some common trait, where the common issues are secondary.[6]  Consolidation of this matter is not required with *In re*

---

[6] *See also Continental Bank & Trust Co. v. Ols. E. D. Platzer*  304 F.Supp. 228, 229 (S.D. Tex. 1969)("While it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a

*Katrina.* It is clear that the issue that this case possibly had in common with the consolidated action *In re Katrina* is no longer common following the Court's November 27, 2006 Order.

It is within the Court's discretion to consolidate cases based on convenience and to avoid undue prejudice. *Robinson v. Adco Metals, Inc.,* 663 F.Supp. 826 (D.Del.1987). It must also be within the Court's discretion to "deconsolidate" them. Defendant State Farm submits that, the Court having already ruled on coverage, it would be more convenient for the parties for this case to be returned to its original section for discovery and trial. This case and other State Farm cases should be transferred back to their original sections where they can be placed on individual discovery and cutoff schedules. The matter will proceed more quickly and efficiently. The continued consolidation of this case with *In re Katrina* will cause, rather than alleviate, unnecessary costs and expenses by making the parties to this matter take part in discovery and motion practice regarding issues that are no longer relevant to this case. Having to take part in such discovery and motion practice will likely slow down the progression of this case toward trial or settlement. This case (and others) deconsolidated from *In re Katrina* and sent back to its original section can be made subject to Case Management Orders respecting the rulings pertaining to levee-related cases while not causing any delay or increased cost burden related to such a large consolidated action.

---

common question does not require consolidation")(citing 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 941 (1961)).

Forcing this case to remain consolidated hinders rather than enhances the administration of justice. The Court should exercise its discretion to "deconsolidate" this and other cases that involve State Farm, and except State Farm cases from the mandate of the November 29, 2006 minute entry (document 2034).

WHEREFORE, considering the forgoing, State Farm prays that this Court grant this Motion to transfer this case back to Section "C" for further proceedings consistent with the Court's November 27, 2006 order.

Respectfully submitted:

\_\_\_/s Eric B. Berger_____
BURT K. CARNAHAN #3920
TARA L. MASON, T.A. #24544
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have, on this **18th** day of **January, 2007**, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

\_\_\_\_\_/s Eric B. Berger_____