ATTORNEY'S NAME: Pendergast, Gary 10420
AND ADDRESS: Ste 2280, 1515 Poydras St
New Orleans    LA 70112-3746

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2006 - 08600    1    SECTION: 15 - B

### LARROQUE, KKATHRYN ET AL versus STATE FARM INSURANCE COMPANY

## CITATION

TO: STATE FARM INSURANCE COMPANY
THROUGH: THE SECRETARY OF STATE

SERVED ON
HELEN CUMBO
SEP 2 0 2006
ADMINISTRATOR
COMMERCIAL DIVISION

BATON ROUGE    LA    70806
YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA    August 31, 2006

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of ____ served a copy of the w/i petition PETITION | On this ____ day of ____ served a copy of the w/i petition PETITION |
| On STATE FARM INSURANCE COMPANY | On STATE FARM INSURANCE COMPANY |
| ____ in person through THE SECRETARY OF STATE | ____ through THE SECRETARY OF STATE by leaving same at the dwellinghouse, or usual place of abode. |
| Returned same day No. ____ | In the hands of ____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said STATE FARM INSURANCE COMPANY |
| Deputy Sheriff of ____ Mileage: $ ____ | |
| ____ / ENTERED / ____ PAPER    RETURN | being absent from the domicile at time of said service. Returned same day No. ____ |
| SERIAL NO.    DEPUTY    PARISH | Deputy Sheriff of ____ |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 06-8600    DIVISION " " B-15

KATHRYN LARROQUE, wife of/and URBAN G. LARROQUE, JR.

VERSUS

STATE FARM INSURANCE COMPANY

FILED:_____    _____
                                          DEPUTY CLERK

## PETITION

The petition of KATHRYN LARROQUE, wife of/and URBAN G. LARROQUE, JR., domiciled in the Parish of Orleans, State of Louisiana, with respect represents:

I

Named defendant herein is STATE FARM COMPANY (hereinafter referred to as "STATE FARM"), a foreign insurance corporation, authorized to do and doing business in the Parish of Orleans, State of Louisiana.

The defendant is indebted unto your petitioners in the amounts and for the reasons as hereinafter stated:

II

On August 29, 2005, plaintiffs owned property located at 6569-6571 Avenue A in the City of New Orleans, State of Louisiana.

III

On that date, as a result of hurricane force winds from Hurricane Katrina, plaintiffs' property suffered significant wind damage, damage from rain and other water damage due to additional perils covered under a policy of homeowners/fire/liability insurance issued by the defendant, STATE FARM, to plaintiffs.

IV

Plaintiffs aver that the defendant, STATE FARM, issued Policy No. 18-45-12327 with coverage limits of $112,700.00 for the covered dwelling; $84,525.00 for its content, the actual loss sustained for any loss of use and $11,270.00 for other covered structures. This policy was issued subject to Louisiana's "Valued Policy Law," which specifically

prohibits any contrary exclusionary language, or anti-concurrent cause clauses, and declares that such language or clauses are null and void.

V

Subsequent to the damage to plaintiffs' property, an insurance adjuster representing the defendant, STATE FARM, assessed the damage to plaintiffs' home and arbitrarily determined that the defendant would not pay plaintiffs for the damage as follows:

(1) Prior to the breach of the 17th Street Canal, plaintiffs' home suffered significant and substantial damage to its roof which caused rain water to enter the dwelling destroying the interior of the dwelling and its content. Despite the coverage limits as aforementioned, the defendant paid plaintiffs only the sum of $15,911.92 in dwelling payments.

(2) Subsequent to the breach in the 17th Street Canal, water entered plaintiffs' home causing undetermined damage given the fact that rain water had already destroyed the home's interior and its content. Nonetheless, plaintiffs aver that the water entering their home from the breach in the 17th Street Canal was a peril covered under the subject policy.

(3) Plaintiffs aver that the applicable policy of insurance provided for additional living expenses for loss of use of their home for which the defendant only paid the sum of $7,370.00. Plaintiffs aver that their actual loss of use far exceeded that amount.

VI

Plaintiffs aver that, pursuant to Louisiana Insurance Code, the defendant, STATE FARM, was required to pay the amount of any claim due plaintiffs within thirty days after receipt of satisfactory proofs of loss. Although the defendant, STATE FARM, inspected the covered property and has received such proof of loss, it failed to pay any of the sums due under the policy for the repair and/or replacement of plaintiffs' covered property within the delays established by law and has continued to fail and refuse to pay for those items mentioned above.

VII

Said failure by the defendant, STATE FARM, is arbitrary, capricious and in bad faith and, accordingly, the defendant is liable to the plaintiffs for penalties and attorneys fees pursuant to applicable provisions of state and federal law as well as consequential damages pursuant to state law.

VIII

Plaintiffs have made demand upon the defendant, STATE FARM, for the cost of repairs and/or replacement as enumerated above, to no avail. This claim is now being filed as a result of the defendant's breach of contract and to enforce the policy of insurance pursuant to applicable provisions of the Louisiana Insurance Code.

IX

Plaintiffs aver that their damages, exclusive of interest and cost, exceed the sum of $50,000.00.

WHEREFORE, plaintiffs pray that the defendant be duly cited and served with a copy of this petition and that, after due proceedings had, there be judgment herein in their favor and against the defendant, for such sums as are reasonable in the premises, said sums to include damages, penalties and attorney's fees, all such amounts to be with legal interest from date of judicial demand until paid and for all costs of these proceedings.

Respectfully submitted,

GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

PLEASE SERVE:

STATE FARM INSURANCE COMPANY
Through the Secretary of State,
AL ATER
3851 Essen Lane
Baton Rouge, Louisiana 70809

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA