UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * |
| | * CIVIL ACTION |
| | * |
| | * NO. 05-4182 "K" (2) |
| PERTAINS TO: | * |
| INSURANCE     (*Kiefer*, 06-5370) | * JUDGE DUVAL |
| | * |
| | * MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### STATE FARM'S RESPONSE TO
### PLAINTIFFS' MOTION FOR ADMINISTRATIVE CLOSURE

Defendant, State Farm Fire and Casualty Company ("State Farm") submits this Response to the Plaintiffs' Unopposed Motion and Incorporated Memorandum in Support for Entry of an Order for Administratively Closing *Kiefer, et al. v. Allstate, et al.,* No. 06-5370. (Rec. Doc. 2659.)

### BACKGROUND

On August 29, 2006, plaintiffs filed a complaint in this Court.  (Compl., Rec. Doc. 1 in 06-5370.)  The Complaint presents 46 plaintiffs suing 16 insurance companies.  The only commonality among the plaintiffs is that they are "Louisiana residents who owned immovable property," whose property allegedly suffered damage from Hurricane Katrina, and

850317v.1

who had insurance policies in effect at the time of Hurricane Katrina.  (Compl. ¶ 1.)  The only commonality among the insurance company defendants is that they allegedly issued homeowners insurance policies to one or more named plaintiffs and/or putative class members.  (Compl. ¶ 4.) Plaintiffs dropped their previously asserted class action allegations in an amended complaint filed on October 10, 2006.  (Rec. Doc. 23 in 06-5370.)

In most respects, the *Kiefer* complaint is identical to the *Abadie* complaint.  The *Kiefer* plaintiffs aver that they purchased "All Risk Policies" from the defendant insurers and that plaintiffs had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind."  (Compl. ¶ 10.)  Plaintiffs further allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm and the other defendants have failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners policies under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

The Complaint requests declaratory relief, including, among other things, a declaration that the plaintiffs' "losses were caused by covered perils...and the efficient and proximate causes of losses were covered perils."  (Compl. ¶ 42.)  The Complaint further alleges

850317v.1

against all insurance defendants breach of contract (Compl. ¶¶ 48-52); breach of the implied covenant of good faith and fair dealing pursuant to La. R.S. 22:658 and La. R.S. 22:1220 (Compl. ¶¶ 53-75); breach of the Louisiana Valued Policy Law, La. R.S. 22:695 (Compl. ¶¶ 76-82); and breach of fiduciary duty (Compl. ¶¶ 83-90). The Complaint lists no facts supporting these causes of action and does not assert any basis for or demand for joint liability among the insurance defendants.

The plaintiffs have filed a Motion to Administratively Close the *Kiefer* case. (Rec. Doc. 2238). Like the plaintiffs in *Aaron* and *Abadie,* the *Kiefer* plaintiffs assert that they filed the suit to interrupt prescription. (*Id.* at ¶ 1.) They further assert that negotiations between the plaintiffs and insurers are ongoing, and that this litigation should be administratively closed "to allow those negotiations to continue unimpeded by protracted litigation." (*Id.* at ¶¶ III-V.) The Court will also hear this motion on January 24, 2007.

## <u>ARGUMENT</u>

The plaintiffs' proposal to administratively close *Kiefer* presents similar problems and issues as the proposals to close *Abadie* and *Aaron*. Rather than addressing those issues again, State Farm refers the Court to its Response to Plaintiffs' Motion for Administrative Closure filed in connection with *Abadie* and *Aaron*. (Rec. Doc. 2688.) Although the *Kiefer* plaintiffs have dropped their class action allegations, the remaining concerns raised by State Farm in response to the administrative closure proposals in *Abadie* and *Aaron* apply with equal force to *Kiefer*.

3

## **CONCLUSION**

State Farm requests that the Court consider the issues previously raised by State

Farm in *Abadie* and *Aaron* before filing a blanket order closing the *Kiefer* case.


s/ Sarah H. Barcellona

_____
Wayne J. Lee, 7916
Stephen G. Bullock, 3648
Lesli D. Harris, 28070
Sarah H. Barcellona, 28080
   of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for State Farm Fire and Casualty
Company

4

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing State Farm's Response to Plaintiffs'
Motion for Administrative Closure was filed electronically with the Clerk of Court through the
CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the
court's electronic system.

s/ Sarah H. Barcellona

_____

850317v.1