UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NUMBER 05-4182 |
| | * | |
| ———————————— | * | SECTION "K"  (2) |
| | * | |
| LEVEE CASES | * | |
| PERTAINS TO: 06-7682 (Paul) | * | |
| | * | JUDGE DUVAL |
| | * | |
| | * | MAGISTRATE WILKINSON |

———————————————————————

**MEMORANDUM IN SUPPORT OF RULE 60(b)
MOTION BY THE PUBLIC BELT RAILROAD COMMISSION OF
THE CITY OF NEW ORLEANS FOR RECONSIDERATION OF ORDER
REMANDING CASE TO STATE COURT DUE TO MISTAKE OF FACT**

The Public Belt Railroad Commission for the City of New Orleans (the "Public Belt"), a defendant in the referenced *Paul* case (No. 06-7682), submits this Memorandum in Support of its Motion for Reconsideration of the Court's Order remanding the *Paul* matter to state court.

On January 16, 2007, the Court issued its Order and Opinion (document "doc." no. 2718),[1] which granted the plaintiffs' motion to remand the *Paul* case to state court. (Doc. no. 1543).

In the Order and Opinion granting the motion to remand, the Court stated that CSX Transportation, Inc. ("CSX") and BNSF Railway Company ("BNSF") were "the

---

[1]       The Court's Order and Opinion was also entered as document no. 6 in the *Paul*  case, 06-7682.

only two parties which opposed the motion to remand, [and they] have been dismissed from the lawsuit." Id., doc. no. 2718, p. 2.

The Court's statement that CSX and BNSF were "the only two parties which opposed the remand" is a mistake of fact.

On December 4, 2006, in reference to the *Paul* case, the defendant Public Belt filed an "Ex Parte Motion for Leave to File Memorandum In Opposition to Plaintiffs' Motion to Remand." Doc. no. 1969. The "Memorandum of the Public Belt Railroad Commission for the City of New Orleans In Opposition to Plaintiffs' Motion to Remand" was Exhibit One thereto. (Doc. no. 1969-3).

On December 7, 2006, the Court executed and filed an Order granting the Public Belt's Motion for Leave to File Memorandum in Opposition to Motion to Remand. That Order is document no. 2083, and it states, in part: "It is ORDERED that the Memorandum of the Public Belt Railroad Commission for the City of New Orleans in Opposition to Motion to Remand be filed as requested."

Plainly, the Court's January 16, 2007 Order and Opinion, which granted the plaintiffs' motion to remand the *Paul* case to state court, is based upon a mistake of fact. CSX and BNSF were not the only parties to file an opposition to the *Paul* plaintiffs' motion to remand. The Public Belt also filed such an opposition.

The Public Belt respectfully asserts that the Court erred in granting the plaintiffs' motion to remand on the basis that the only parties opposing remand have been voluntarily dismissed from the *Paul* case. The Public Belt is a defendant in the *Paul* case, and it was granted leave to file its memorandum in opposition to the plaintiffs' motion to remand, after the motion to remand was submitted for decision.[2]

Thus, the Public Belt's Memorandum in Opposition to the *Paul* Plaintiffs' Motion to Remand was of record when the Court issued its Order and Opinion granting the plaintiffs' motion to remand on the factually incorrect basis that the only opponents to the remand motion had been voluntarily dismissed as defendants by the *Paul* plaintiffs.

---

[2]  The facts which led the Public Belt to seek leave of Court to file its memorandum in opposition to the plaintiffs' motion to remand after the motion to remand had been submitted are set forth at pages 2 – 3 of the "Memorandum In Support of Ex Parte Motion of Defendant, the Public Belt Railroad Commission for the City of New Orleans, for Leave to File Memorandum In Opposition to Plaintiffs' Motion to Remand," doc. no. 1969-4.  As noted in the text above, the Court granted the Public Belt's motion for leave to file the opposition by order of December 7, 2006. (Doc. no. 2083).

Because the Court's remand Order was based upon a mistake of fact as set forth above, the Public Belt respectfully asserts that it may be granted relief from the Order pursuant to F.R.C.P. Rule 60(b)(1), which provides that on motion and upon such terms as are just, the Court may relieve a party from a final judgment or order on the ground of a mistake.

Rule 60(b)(1) authorizes relief from a mistake of the court. In *Matter of 310 Associates*, 346 F.3d 31 (2nd Cir. 2003), the Court noted, with respect to Rule 60(b)(1):

> In the original version of the Rule, relief was permitted a party for "*his* mistake"; the 1946 amendments changed to language to make clear that relief from judgment was available for any mistake, including the mistake of the court. *See* 12 James Wm. Moore, et al., *Moore's Federal Practice* § 60.41[3] (3d ed. 2003) ("*Moore's Fed. Prac.*") (discussing amendments to Rule 60 that allow relief from mistakes by court); *see also* Fed.R.Civ.P. 60(b) advisory comm.. note to 1946 amend.

*Id.* at 34-35; emphasis in the original. The Court concluded that the rule authorized the lower court "to reopen a judgment based upon its own mistake of fact," as well as a mistake of law. *Id.* at 35.

In *Davis v. Magnolia Lady, Inc.*, 178 F.R.D. 473 (N.D. Miss. 1988), the Clerk of Court had entered the District Court's Order of dismissal of the plaintiff's claims on the same day that the plaintiff and defendant entered into a settlement agreement. The defendant subsequently refused to make payments under the settlement agreement, contending that the Order dismissed all of the plaintiff's claims. *Id.* at 474.

Relying in part on Rule 60(b)(1), the Court withdrew the prior order of dismissal, stating:

> If the parties' settlement agreement preceded the entry of judgment by the clerk of this court, then the plaintiff is entitled to relief pursuant to Fed.R.Civ.P. 60(b)(1), which permits this court to grant relief from judgment on the grounds of mistake. It would be this court's mistake of fact, *i.e.*, that the parties had not settled the claims at bar before entry of judgment by the clerk, that justifies relief in that instance. . . . [T]he court can say with all sincerity that had it been informed of the settlement agreement prior to the entry of final judgment by the clerk, the undersigned would have directed the clerk of this court not to docket this court's December 15 opinion and order.

*Id.* at 474-75.

The Public Belt asserts that, from the Court's stated reasons for granting the plaintiffs' motion to remand, it appears that if the Court had known the Public Belt had filed an opposition to the remand motion, the Court would not have granted the plaintiffs' remand motion without first considering the Public Belt's opposition.  If that is true, then the Court is authorized by Rule 60(b)(1) to grant relief to the Public Belt, and to reconsider the plaintiffs' remand motion.

Alternatively, the Public Belt requests that the Court grant this motion for reconsideration of the remand Order pursuant to Rule 60(b)(6), which authorizes the Court to grant relief to a party from a final order or judgment "for any other reason justifying relief from the operation of the judgment."  In the further alternative, the Public Belt requests the Court to reconsider the remand Order pursuant to F.R.C.P. Rule 59, or pursuant to such other procedural vehicle as may be warranted by the facts stated above and appearing of record herein.

The Public Belt respectfully requests the Court to reconsider and vacate the Order and Opinion granting the plaintiffs' remand motion, and then reconsider the merits of the plaintiffs' remand motion in light of the Public Belt's previously-filed "Memorandum in Opposition to the Plaintiffs' Motion to Remand" (doc. no. 1969-3).

The Public Belt further respectfully suggests that, in due course, the Court should deny the plaintiffs' motion to remand the *Paul* matter to state court.

Respectfully submitted,

HAMILTON, BROWN & BABST

*Galen S Brown*

GALEN S. BROWN, T.A. (#3556)
KAREN E. MILNER (#8499)
601 POYDRAS STREET, SUITE 2750
NEW ORLEANS, LOUISIANA  70130
TELEPHONE:  (504) 566-1805
FAX:  (504) 566-1569
E-MAIL: gbrown@hamiltonfirm.net

Attorneys for Defendant, Public Belt
Railroad Commission for the City of New
Orleans

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this _19th_ day of January, 2007.

_Galen S. Brown_
GALEN S. BROWN