## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO.  05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| | § | |
| PERTAINS TO: | § | |
| | § | |
| LEVEE | § | |
| | § | |
| G. ADAMS V. BOH BROTHERS CONSTRUCTION | § | |
| CO., L.L.C., ET AL. | § | |
| (2:06-cv-4634) | § | |
| | § | |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
## TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Class Action Complaint (the "Complaint"), as follows:

### WGI'S AFFIRMATIVE DEFENSES

**A.**     **Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

**B.**     **Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts

850637v.1

sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

### C.      Prescription

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

### D.      No right of action

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

### E.      Failure to join indispensable parties

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

### F.      Duty / Risk

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

850637v.1

**G.      Comparative Fault**

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

**H.      Act-of-God**

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

**I.      Government Contractor**

Plaintiffs' claims are barred by the government contractor defense.

**J.      Limitation of Liability**

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

**K.      Discharge in Bankruptcy**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

**L.      Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions**

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

850637v.1

**M.**     **Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.**     **Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**O.**     **Attorney's Fees Not Available**

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

## <u>WGI'S ANSWER</u>

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

850637v.1

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1.          WGI admits that jurisdiction exists under the Class Action Fairness Act because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs. WGI also admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.   WGI DENIES each and every remaining allegation in Paragraph 1 of the Complaint.

2.          WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 2 of the Complaint and therefore DENIES each and every allegation contained therein.

3.          WGI DENIES each and every allegation of Paragraph 3 of the Complaint. WGI admits, however, that Plaintiffs purport to have suffered damages in excess of $75,000.00 exclusive of interest and costs.

4.          WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGI also admits that jurisdiction exists under the Class Action Fairness Act.

5.          WGI admits that jurisdiction exists under the Class Action Fairness Act because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs. WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.

850637v.1

6.          WGI DENIES each and every allegation of Paragraph 6 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

7.          WGI admits that supplemental jurisdiction exists over all claims that arise under state law and are not within this Court's original jurisdiction.

8.          WGI DENIES each and every allegation of Paragraph 8 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

9.a.          WGI DENIES each and every allegation of Paragraph 9.a. of the Complaint, except WGI admits that Glenn Michael Adams purports to be a named plaintiff in this action.

9.b.          WGI DENIES each and every allegation of Paragraph 9.b. of the Complaint, except WGI admits that Robin Angelica purports to be a named plaintiff in this action.

9.c.          WGI DENIES each and every allegation of Paragraph 9.c. of the Complaint, except WGI admits that Toni Angelica purports to be a named plaintiff in this action.

9.d.          WGI DENIES each and every allegation of Paragraph 9.d. of the Complaint, except WGI admits that Nicholas Angelica purports to be a named plaintiff in this action.

9.e.        WGI DENIES each and every allegation of Paragraph 9.e. of the Complaint, except WGI admits that Esther Angelica purports to be a named plaintiff in this action.

9.f.        WGI DENIES each and every allegation of Paragraph 9.f. of the Complaint, except WGI admits that Lana Lenfant purports to be a named plaintiff in this action.

9.g.        WGI DENIES each and every allegation of Paragraph 9.g. of the Complaint, except WGI admits that Krisitie Maloz purports to be a named plaintiff in this action.

9.h.        WGI DENIES each and every allegation of Paragraph 9.h. of the Complaint, except WGI admits that Ezekial Magoun purports to be a named plaintiff in this action.

9.i.        WGI DENIES each and every allegation of Paragraph 9.i. of the Complaint, except WGI admits that Charlotte Magoun purports to be a named plaintiff in this action.

9.j.        WGI DENIES each and every allegation of Paragraph 9.j. of the Complaint, except WGI admits that Hannah Magoun purports to be a named plaintiff in this action.

9.k.        WGI DENIES each and every allegation of Paragraph 9.k. of the Complaint, except WGI admits that Mary Melancon purports to be a named plaintiff in this action.

9.l.        WGI DENIES each and every allegation of Paragraph 9.l. of the Complaint, except WGI admits that Cynthia Sherman purports to be a named plaintiff in this action.

850637v.1

9.m.          WGI DENIES each and every allegation of Paragraph 9.m. of the Complaint, except WGI admits that Edward Sherman purports to be a named plaintiff in this action.

10.          WGI DENIES each and every allegation of Paragraph 10 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

11.          WGI DENIES each and every allegation of Paragraph 11 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

12.a.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.a of the Complaint and therefore DENIES each and every allegation contained therein.

12.b.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.b of the Complaint and therefore DENIES each and every allegation contained therein.

12.c.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.c of the Complaint and therefore DENIES each and every allegation contained therein.

12.d.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.d of the Complaint and therefore DENIES each and every allegation contained therein.

12.e.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.e of the Complaint and therefore DENIES each and every allegation contained therein.

12.f.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.f of the Complaint and therefore DENIES each and every allegation contained therein.

12.g.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.g of the Complaint and therefore DENIES each and every allegation contained therein.

12.h.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.h of the Complaint and therefore DENIES each and every allegation contained therein.

12.i.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.i of the Complaint and therefore DENIES each and every allegation contained therein.

12.j.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.j of the Complaint and therefore DENIES each and every allegation contained therein.

850637v.1

12.k.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.k of the Complaint and therefore DENIES each and every allegation contained therein.

12.l.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.l of the Complaint and therefore DENIES each and every allegation contained therein.

12.m.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.m of the Complaint and therefore DENIES each and every allegation contained therein.

12.n.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.n of the Complaint and therefore DENIES each and every allegation contained therein.

12.o.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.o of the Complaint and therefore DENIES each and every allegation contained therein.

12.p.        WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

12.q.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.q of the Complaint and therefore DENIES each and every allegation contained therein.

850637v.1

12.r.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.r of the Complaint and therefore DENIES each and every allegation contained therein.

12.s.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12.s of the Complaint and therefore DENIES each and every allegation contained therein.

13.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina was in the Gulf of Mexico on August 27, 2005.  To the extent that Paragraph 13 relies on statements contained in the public record, those statements speak for themselves.

14.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina increased in strength on August 28, 2005.  To the extent that Paragraph 14 relies on statements contained in the public record, those statements speak for themselves.

15.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005.

16.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint and therefore DENIES each and every allegation

850637v.1

contained therein, except that WGI admits on information and belief that flooding occurred in the Lower Ninth Ward following Hurricane Katrina.

17.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

18.       WGI DENIES each and every allegation in the third sentence of Paragraph 18 of the Complaint.  WGI is without sufficient information or knowledge as to the allegations in the first and second sentences of Paragraph 18 of the Complaint and therefore DENIES each and every allegation contained therein.

19.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Paragraph 8-13 of the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 states that "[f]or stability reasons, I floodwalls rarely exceed 2.13 m (7 ft) above the ground surface" and "[t]he inverted T floodwall is used to make floodwall levee enlargements when walls higher than 2.13 m (7 ft) are required."

20.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 20 of the Complaint, and therefore DENIES each and every allegation contained therein.

21.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint, and therefore DENIES each and every allegation contained therein.

850637v.1

22.        WGI DENIES each and every allegation in the first sentence of Paragraph 22 of the Complaint.  WGI is without sufficient information or knowledge as to the specific allegations in the second sentence of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

23.        WGI DENIES each and every allegation of Paragraph 23 of the Complaint.

24.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005.

26.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

27.        WGI DENIES each and every allegation in Paragraph 27 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph 27, and therefore DENIES each and every remaining allegation contained therein.

850637v.1

28.1.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.1. of the Complaint and therefore DENIES each and every allegation contained therein.

28.2.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.2. of the Complaint and therefore DENIES each and every allegation contained therein.

28.3.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.3. of the Complaint and therefore DENIES each and every allegation contained therein.

28.4.          Paragraph 28.4 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.4. of the Complaint and therefore DENIES each and every allegation contained therein.

28.4.a.[1]          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.4.a. of the Complaint and therefore DENIES each and every allegation contained therein.

28.5.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.5. of the Complaint and therefore DENIES each and every allegation contained therein.

28.6.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.6. of the Complaint and therefore DENIES each and every allegation contained therein.

---

[1] Plaintiffs' Complaint contains two paragraphs numbered Paragraph 28.4.  *See* Complaint pp. 17-18.  WGI has designated the second of these paragraphs as Paragraph 28.4.a.

850637v.1

28.7.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.7. of the Complaint and therefore DENIES each and every allegation contained therein.

28.8.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.8. of the Complaint and therefore DENIES each and every allegation contained therein.

28.9.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.9. of the Complaint and therefore DENIES each and every allegation contained therein.

28.10.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.10. of the Complaint and therefore DENIES each and every allegation contained therein.

28.11.       Paragraph 28.11 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.11. of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

28.12.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.12. of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

850637v.1

28.13.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.13. of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

28.14.        WGI DENIES each and every allegation contained in Paragraph 28.14. of the Complaint, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site"). WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.

28.15.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.15. of the Complaint and therefore DENIES each and every allegation contained therein.

28.16.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.16. of the Complaint and therefore DENIES each and every allegation contained therein.

28.17.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28.17. of the Complaint and therefore DENIES each and every allegation contained therein.

850637v.1

29.         Paragraph 29 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 29 of the Complaint.

30.         WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

31.         Paragraph 31 of the Complaint contains argumentative statements to which no response is required.  To the extent a response is required, WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that flooding occurred in and around New Orleans following Hurricane Katrina.

32.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 32 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that flooding occurred in and around New Orleans following Hurricane Katrina.

33.         Paragraph 33 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 33 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein

34.         WGI DENIES each and every allegation of Paragraph 34 of the Complaint and DENIES that this action properly may be maintained as a class action under Federal Rule of

850637v.1

Civil Procedure 23.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

35.        WGI DENIES each and every allegation of Paragraph 35 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

36.        WGI DENIES each and every allegation of Paragraph 36 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

37.        WGI DENIES each and every allegation of Paragraph 37 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

38.        WGI DENIES each and every allegation of Paragraph 38 of the Complaint and DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

39.        WGI DENIES each and every allegation of Paragraph 39 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action satisfies the superiority requirement.

850637v.1

40.          WGI DENIES each and every allegation of Paragraph 40 of the Complaint and DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

41.          WGI DENIES each and every allegation of Paragraph 41 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action satisfies the superiority requirement.

42.          WGI DENIES each and every allegation of Paragraph 42 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

43.          WGI DENIES each and every allegation of Paragraph 43 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

44.          The allegations of Paragraph 44 of the Complaint contain argumentative statements to which no response is required.  To the extent that a response is required, WGI DENIES each and every allegation of Paragraph 44 of the Complaint.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

850637v.1

45.         WGI DENIES each and every allegation of Paragraph 45 of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.

45.A.       WGI DENIES each and every allegation of Paragraph 45.A. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action satisfies the numerosity requirement.

45.B.       WGI DENIES each and every allegation of Paragraph 45.B. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class satisfies the requirement of common questions of law and fact.

45.C.       WGI DENIES each and every allegation of Paragraph 45.C of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that Plaintiffs satisfy the requirement that they will fairly and adequately represent the interests of the proposed class.

45.D.       WGI DENIES each and every allegation of Paragraph 45.D. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the claims of the putative class representatives named in the Complaint satisfy the typicality requirement.

45.E.       WGI DENIES each and every allegation of Paragraph 45.E. of the Complaint.  WGI further DENIES that this action properly may be maintained as a class action under Federal Rule of Civil Procedure 23.  WGI also DENIES that the proposed class action satisfies the superiority requirement.

850637v.1

46.          WGI DENIES each and every allegation of Paragraph 46 of the Complaint.

47.          WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

48.          Paragraph 48 of the Complaint contains a legal conclusion to which no response is required  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 48 of the Complaint.

850637v.1

* * *

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:        January 19, 2007                     Respectfully submitted,


                                                   /s/Heather S. Lonian_____
                                                   William D. Treeby, Bar No. 12901
                                                   John M. Landis, Bar No. 7958
                                                   Heather S. Lonian, Bar No. 29956
                                                   Stone Pigman Walther Wittmann LLC
                                                   546 Carondelet Street
                                                   New Orleans, LA 70130
                                                   Phone:  504-581-3200
                                                   Fax:  504-581-3361

                                                   Of Counsel:

                                                   George T. Manning
                                                   JONES DAY
                                                   1420 Peachtree Street, N.E.
                                                   Suite 800
                                                   Atlanta, GA 30309-3053
                                                   Phone:  404-521-3939
                                                   Fax:  404-581-8330

                                                   Adrian Wager-Zito
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, D.C. 20001-2113
                                                   Phone:  1-202-879-3939
                                                   Fax: 1-202-626-1700

                                                   *Attorneys for Defendant*
                                                   *Washington Group International*

850637v.1

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Answer has been served upon all counsel of record by the Court's CM/ECF electronic notice of filing or by placing same in the United States mail, postage prepaid and properly addressed, this 19th day of January, 2007.

_/s/Heather  S. Lonian_

850637v.1