UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KATRINA CANAL BREACH CONSOLIDATION LITIGATION

| | |
|---|---|
| COLLEEN BERTHELOT ET AL | CIVIL ACTION |
| VERSUS | DOCKET NO. 05-4182<br>Consolidated with 06-7771 |
| BOH BROTHERS CONSTRUCTION CO., LLC ET AL | SECTION: K<br>MAGISTRATE: 2 |

**SECOND SUPPLEMENTAL AND AMENDING COMPLAINT**

**NOW COMES** plaintiffs, IVORY and LARRY D. KNIGHT, for the purpose of supplementing and amending the original *Pro se* and First Supplemental and Amending Complaint in this matter to-wit:

1.

Petitioner requests leave of court to file this Second Supplemental and Amended Complaint.

2.

Petitioners re-aver and re-assert all the allegations of their original and First supplemental and Amended complaints as if copied herein in *extensio*.

Petitioners further aver the following:

3.

The first efficient proximate cause of the losses suffered by the Policyholders on August 29, 2005 was "windstorm", a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policies;

4.

The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 25, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere were acts of negligence, standard perils in the Insurance Company Defendants' homeowners policies;

5.

The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 28, 2005 was "storm surge", a known meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendant's insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policy;

6.

The breaking or failure of levees or boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by any of the Insurance Company Defendant's insurance policy, in contrast to other insurance policy available in the market; and

7.

The damage caused by water entering the City of New Orleans and surrounding parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal and elsewhere neither falls within the regular definition of "flood", nor within any of the subject insurance policies' exclusions of "flood".

8.

Plaintiffs are owners of immovable property with improvements, principal houses or related residential structures, as well as personal property located there, with such property being located in the Parish of Orleans.

9.

The Plaintiff's purchased a homeowner's insurance policy (the "All Risk Policy") from AllState Insurance Company.

10.

Plaintiff's purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by

hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and "storm surge" proximately caused by hurricane wind.

11.

For the purpose of obtaining such hurricane coverage, some policyholders had to agree to pay a "hurricane deductible".

12.

However, notwithstanding the specific topographic townsite of the Greater New Orleans Metropolitan Area specifically known to the Insurance Company Defendant, notwithstanding their advanced knowledge about the fragility of the New Orleans area levee systems, and in contrast to the other insurance policies available in the market, at no time did they specifically exclude from coverage the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.

13.

Plaintiffs purchased their respective All Risk Policy wither directly from AllState Insurance Company, whom sells its policies directly to policy holders, or from agents authorized by the Insurance Company Defendants to sell insurance as agents on their behalf.

14.

Plaintiff's trusted and relied upon Allstate Insurance Company representatives that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their respective Insurance Policy would cover any and all hurricane damage.

15.

The amount of Insurance the plaintiff's received was based on the estimate cost of replacing the home, an amount estimated by AllState Insurance Company or an agent authorized by Allstate Insurance Company to determine the replacement cost of each individual home.

16.

At all times relevant hereto, Plaintiffs made timely payments of the premiums due on their respective All Risk Policies.

17.

Plaintiffs sustained damage to their property as a result of the catastrophic events of August 28, 2005 and the following days, said catastrophic events being participated by Hurricane Katrina, a category 4 storm with sustained winds of 145 miles per hour.

18.

Recent engineering reports have stated that vast amounts of the water that entered the City of New Orleans and the surrounding parishes came about as the result of levee failures caused by negligent design, negligent maintenance and/or inadequate materials and not by topping of the levees.

19.

As a result, plaintiffs aver, upon information and belief, that any damages attributed to the levee failures are the result of improper and/or negligent design, construction, maintenance of the levees by various third parties and or third party negligence.

20.

An actual controversy exists between Policyholders and the Insurance Company Defendants' duty to indemnify Policyholders for their losses.

21.

Consequently, under the circumstances, it is necessary and appropriate for the Court to declare Plaintiff's and Insurance Company Defendant's rights and duties under the Policy pursuant to 28 U.S.C. § 2201.

22.

The losses suffered by plaintiffs as a result of Hurricane Katrina are covered losses under their respective All Risk Policies.

23.

Plaintiff's have given timely notification to the Insurance Company Defendant and made timely demands in writing that the Insurance Company Defendants cover Policyholders' losses.

24.

AllState Insurance Company is obligated by the terms and conditions of their All Risk Policies to indemnify Plaintiffs for their losses.

25.

AllState Insurance Company has refused to indemnify Policyholders for their losses and have denied coverage for the losses.

26.

Thus, plaintiffs are entitled to a declaratory judgment that the damages they suffered are covered losses under the All Risk Policies.

27.

Specifically, the plaintiffs' losses were caused by covered perils, the efficient causes of their losses were covered perils and the efficient and proximate causes of loss were covered perils.

28.

Further, to give the "flood" exclusions a broad reading and thus disallow the coverage for the damages arising from this catastrophic disaster, which occurred despite the vast and expansive levees existing in the greater New Orleans area, would contravene the very purpose of homeowner's policies.

29

The reasonable expectations of Louisiana policyholders is that "flood" encompasses overflowing of the Mississippi River, accumulation of surface water due to heavy rainfalls, or similar phenomena, but not the failing of virtually all man-made structures containing

Navigable Waters of the United States surrounding the New Orleans Metropolitan Area due to negligent conduct beyond the policyholders' control.

30.

Finally, plaintiffs should not be deprived of the coverage of the All Risk Policies where AllState Insurance Company have drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rules that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, All State Insurance Company should have specifically excluded hurricane damage and/or the failure of levees as the most probably perils for the New Orleans Metropolitan Area. Instead, Allstate Insurance Company decided to sell the same comprehensive all-Risk Homeowners Insurance policies that they sell in the "high and dry" plains throughout the United States.

31.

Plaintiffs had a contract in full force and effect with AllState Insurance Company and Allstate has refused to meet its obligations under the policy and refused to pay the full damages for Policyholders' damaged home.

32.

AllState Insurance Company has directed its adjusters to ignore any information or evidence other than the arbitrary and capricious application of any nearby waterline, Allstate Insurance Company violated La. Rev. Stat. Ann. § 658.2(A)(1).

33.

AllState Insurance Company's behavior is arbitrary and capricious and warrant the imposition of punitive damages against them.

Wherefore, Plaintiffs respectfully request that this Court enter a declaratory judgment in their favor and against AllState Insurance Company, demand judgment against Allstate Insurance Company for all amounts due under the Policies, other compensatory damages, punitive damages, interest, attorney fees, costs, and any further relief this Court deems equitable, just and proper

Respectfully Submitted,

**DAVID L. COLVIN & ASSOCIATES**
**A Professional Law Corporation**

/s/ David L. Colvin
**DAVID L. COLVIN** (LSBN 4353)
**SCOTT GLENDENING Bar Roll #: 28049**
230 Huey P. Long Avenue
Gretna, Louisiana 70053
Telephone: (504) 367-9001
Facsimile:  (504) 367-0650
Attorneys for Plaintiff,
IVORY and LARRY D. KNIGHT

**PLEASE SERVE:**
**ALLSTATE INSURANCE COMPANY**
Through their attorney of record:
Christopher P. Lawler
***Donovan & Lawler***
4608 Rye Street, Suite 200
Metairie, Louisiana 70006
(504) 454-6808
E-mail:  JDONOVAN@DONOVANLAWLER.COM