UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. JUDGE WILKINSON |

PERTAINS TO:

MRGO     06-5260 (Leduff)

ANSWER TO COMPLAINT

NOW COMES Luhr Bros, Inc., and in answer to the Complaint filed in C.A. No. 06-5260, with respect represents:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

The losses complained of were due to *force majeure* or an Act of God.

THIRD DEFENSE

This defendant, which entered into contracts with the United States of America for the maintenance dredging work conducted in the Mississippi River Gulf Outlet, is immune from suit under the "government contractor defense."

## FOURTH DEFENSE

Defendant pleads that it is entitled to exoneration from and/or limitation of liability pursuant to 46 U.S.C. 183 *et seq.*, in that it was free from fault or alternatively its managerial personnel did not have any privity or knowledge in any legal fault causing plaintiff's alleged damages.

## FIFTH DEFENSE

This action is not properly plead as a class action, and represents an improper cumulation of actions.

## SIXTH DEFENSE

The losses and injuries complained of were not due to any fault or neglect on the part of this defendant, but rather were caused by the sole and/or contributing fault of others for whom this defendant is not legally responsible or liable which exculpates or diminishes any liability on the part of this defendant.

## SEVENTH DEFENSE

Plaintiffs assumed the risk.

## EIGHTH DEFENSE

Defendant pleads a failure to mitigate damages.

## NINTH DEFENSE

Defendant pleads immunity and all defenses available under The Public Vessels Act, The Clean Water Act and The Suits in Admiralty Act.

TENTH DEFENSE

Pursuant to L.R.S. 9:2771, which applies either of its own force or by adoption into the general maritime law, defendant can have no liability as it performed the work in accordance with the plans, drawings and specifications of the United States of America.

ELEVENTH DEFENSE

Defendant pleads the contributory negligence of the plaintiffs as a bar to or in mitigation of any recovery herein.

TWELTH DEFENSE

Plaintiffs have failed to join indispensable parties.

THIRTEENTH DEFENSE

In the event that it is cast in judgment, defendant is entitled to set-off to the extent of any governmental payments made to the plaintiffs.

FOURTEENTH DEFENSE

This action was served in violation of the automatic stay/monition created by the filing of a petition for limitation of liability by Luhr Bros, Inc. in this Court.

FIFTEENTH DEFENSE

This defendant pleads improper service of process.

FOR SPECIFIC ANSWER AND DEFENSE:

I.

The allegations of Articles 3, 5, 6, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 28, 29, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77,

78 and V, VII and IX of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Articles 7, 8, and 9 state legal conclusions which require no answer of this defendant, though if answer be required, those allegations are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Articles 1, 2 and 4 require no answer, though if answer be required, those allegations are denied except to admit that Luhr Bros, Inc. is a foreign corporation domiciled in Columbia, Illinois.

IV.

The allegations of Articles 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 and 93 of the Complaint are denied as to Luhr Bros., and denied for lack of sufficient information to justify a belief therein as respects all other parties.

V.

The allegations of Article 32 of the Complaint are admitted in so far as they allege that Luhr Bros, Inc. did dredging work in the MRGO in a time period to be shown at trial, and denied for lack of sufficient information in all other respects.

VII.

Defendant expressly denies plaintiffs' prayer for relief.

VIII.

Defendant reserves the right to amend this answer as the facts become more clearly known, or as permitted by order of Court.

WHEREFORE, Luhr Bros, Inc. prays that this answer be deemed good and sufficient, and after due proceedings are had, that there be judgment in its favor, dismissing the Complaint at plaintiffs' cost, together with all other and further relief to which it in law and in justice may be entitled to receive.

Respectfully submitted this 23rd day of January, 2007

EMMETT, COBB, WAITS & HENNING

BY: s/John F. Emmett
JAMES A. COBB, JR. (La. 4213), T.A.
JOHN F. EMMETT (La. 1861)
RANDOLPH J. WAITS (La. 13157)
MATTHEW F. POPP (La. 24608)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana   701112
Telephone:  (504) 581-1301
Facsimile:  (504) 581-6020

Attorneys for Luhr Bros., Inc.
in C.A. 06-5260

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, either by facsimile, or by U.S. mail, postage prepaid and properly addressed, or by filing same with the Court's electronic filing system on this 23rd day of January, 2007.

s/John F. Emmett