UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NUMBER: 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO:  MR-GO, *Robinson* (06-2268) | |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION</u>**

**<u>FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS</u>**

**<u>MOTION TO SUPPLEMENT RECORD</u>**

The Government's motion to augment the evidence is an attempt to deflect this Court from the true issue underlying Plaintiffs' case:  the extent to which the Mississippi River-Gulf Outlet contributed to the flooding of Greater New Orleans.  In fact, during oral argument, the Government conceded that even if it was found that the MR-GO was only partially responsible for the resultant flood damage, and the remainder of the destruction was due to the failure of flood control structures, the United States would be still be liable for damages to the extent of the MR-GO's culpability.  Thus, at the pleading stage of this dispute, the existence of "flood control measures" along the MR-GO is irrelevant because even if they existed, this would not absolutely immunize the Government from liability, and the Government is not entitled to a dismissal.

Plaintiffs clearly explained in their opposition to the Government's motion to dismiss that the construction of the MR-GO called for the erection of a wave quelling dike along the waterway and that the Government's own evidence showed that mounds of soil dredged from the bottom of the MR-GO were deposited along the canal during normal maintenance cycles.  Consequently, it is a question of fact whether the "dirt piles" along the MR-GO were (1) the navigation dyke, (2) the disbursed soil from MR-GO maintenance, or (3) the flood control levees that the Government claims were built along the MR-GO.  Indeed, the Government tacitly concedes as much, stating "[t]he application of the Flood Control Act turns (at least, possibly) on whether the mounds . . . were flood-control structures intended to control floodwaters generated by Katrina."  Government's Brief at p. 4.

Notwithstanding the Government's facile attempt to belittle Plaintiffs by asserting that "[f]raming the issues as one of science is patent nonsense," (Governments Brief at p. 4), a determination as to the whether or not "flood control structures" were erected along the MR-GO requires expert analysis.  For this reason, the 2006 MR-GO Report is inadmissible because the Government has provided no evidence or cited any supporting authority evincing that the purpose of the document was to investigate the existence of flood control structures along the waterway.  Similarly, even if the report had purported to assess flood control measures lining the MR-GO, the Government has offered no evidence by which this Court or Plaintiffs could test the qualifications of the persons conducting the analysis, or assess the adequacy of their scientific methods.

The Government instead simply retreads its threadbare argument that "every one knows that there were levees along the MR-GO so it must be true."  This blithe

assumption does not satisfy the Government's burden of proof or persuasion with respect to the 2006 MR-GO Report's relevance and admissibility, and the Court should therefore deny the Government's motion.

Likewise, the Government argues that Plaintiffs are being disingenuous about claiming the 2006 MR-GO Report was unauthenticated because the "Statement of Concerns" submitted by Plaintiffs with their earlier opposition references the document. The issue, however, is whether the copy of the document *submitted to this Court* was authentic, and the Government has introduced no factual evidence, nor has it cited a single statute or case, validating its conclusion that the copy of the 2006 MR-GO Report *provided to this Court* was self-authenticating. Accordingly, this Court should deny the Government's motion to augment the evidence.

Dated: January 24, 2007           Respectfully submitted,


<u>s/ Joseph M. Bruno</u>
JOSEPH M. BRUNO (LSBA No. 3604)
Bruno & Bruno, on behalf of
PIERCE O'DONNELL (*pro hac vice*)
O'Donnell & Associates PC
550 S. Hope Street, Suite 1000
Los Angeles, California 90071
(213) 347-0290
(213) 347-0299 (fax)
pod@oslaw.com
Attorney for Plaintiffs

## PROOF OF SERVICE

I hereby certify that on January 24, 2007, a true and correct copy of Plaintiffs'

Opposition to Defendant United States' Motion for Leave to File a Reply Memorandum

in Support of its Motion to Supplement Record were served on Robin D. Smith,

Defendants' counsel of record, by e-mail at robin.doyle.smith@usdoj.gov and facsimile

at (202) 616-5200, and all other counsel of record by ECF.


s/ Joseph M. Bruno
JOSEPH M. BRUNO