UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| ALL LEVEE, MRGO | * | |
| RESPONDER CASES AND TO | * | JUDGE DUVAL |
| NO.   05-4181 | * | |
| 06-4389 | * | MAGISTRATE WILKINSON |
| 06-5786 | * | |
| 06-6099 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISQUALIFY
THE LOUISIANA DEPARTMENT OF JUSTICE**

**MAY IT PLEASE THE COURT:**

Although the Louisiana Department of Justice (hereinafter sometimes the "LDOJ") has filed a Memorandum in Opposition to Plaintiffs' Motion to Disqualify (Rec. Doc. No. 2382), the LDOJ has failed to do any of the following in its "opposition":

1. The LDOJ failed to deny that plaintiffs' counsel was brutalized by a "goon-squad" employed by the State of Louisiana on September 20, 2005, and that brutal physical injuries requiring medical attention were inflicted on plaintiffs' counsel by the police goons.  Is the Court supposed to believe that the wounds shown in the photographs of plaintiffs' counsel's

-1-

    lower extremities, and his medical records, which were "manually attached" as Exhibits to Plaintiffs' Memorandum in Support of Record Document No. 2382, occurred because plaintiffs' counsel fell out of bed or ran into a door?  Precisely what is the Court supposed to believe about who inflicted those injuries on plaintiffs' counsel, and why?  Plaintiffs' counsel re-makes a point made in his Memorandum in Support of the Motion to Disqualify the LDOJ:

> "If counsel were a convicted murderer, armed robber or rapist, he would not have deserved the brutal, physical injuries which were deliberately inflicted upon him by the "goon-squad" employed by the State of Louisiana".

2. Although the lawyer who filed the LDOJ's Memorandum in Opposition to Plaintiffs' Motion to Disqualify brands plaintiffs' allegations as "lies", the LDOJ filed no countervailing affidavit(s) or offered any explanation whatsoever for why plaintiffs' counsel was brutalized by the "goon-squad" employed by the State,[1] nor does she deny the obvious inference that the Louisiana Supreme Court and its Chief Disciplinary Counsel are implicated, not to mention the LDOJ, the State Police and the Department of Public Safety and Corrections;

3. The LDOJ failed to deny that the agency itself, the LDOJ, refused to investigate plaintiffs' counsel's complaints to the LDOJ about the criminal conduct which was directed at him, personally, by State actors;  and

---

[1] There can be no "explanation" for the criminal conduct which was directed at plaintiffs' counsel.

4. The LDOJ failed to offer any countervailing affidavits, denying the threat(s) made by Mr. Keller or the more recent "broomstick" comment by Paul Deal,[2] both of whom are employed by the LDOJ.

In short, the LDOJ's "opposition" to Plaintiffs' Motion to Disqualify is really no opposition at all.[3]

There is additional documentation which the Court should consider in deciding the merits of Plaintiffs' Motion to Disqualify the LDOJ, more particularly the following:

1. Plaintiffs' counsel's Affidavit, appended hereto and marked for identification as Exhibit No. 1;

2. Statement given by plaintiffs' counsel to investigators within the LDOJ on October 14, 2005, appended hereto and marked for identification as Exhibit No. 2;

3. Verified Timeline of events since August 29, 2005 (revised as of January 15, 2007), appended hereto and marked for identification as Exhibit No. 3, from which the Court can discern what is more likely than not and who is lying;

4. Public Records Act requests by plaintiffs' counsel and his client, his spouse, for public records from the following State agencies (or agents) and custodians of Louisiana Public Records:

---

[2] Parenthetically, Deal's Secretary, Sally Pierce, heard the broomstick comment, giggled, but then "gasped" as soon as she made eye contact with plaintiffs' counsel concerning the comment. Where is her "countervailing affidavit"?

[3] Insofar as branding disqualification of the LDOJ in Civil Action Nos. 05-4181 and 06-5786 as "ludicrous", the LDOJ's argument is, itself, ludicrous. Who will file the pleadings in the Court of Appeals on behalf of the State and State agency defendants in those cases? Also, the State and State agencies will soon be served in No. 06-5786.

      a)      The Louisiana Supreme Court through Chief Justice Calogero, dated December 18, 2006;

      b)      The Office of Disciplinary Counsel through Mr. Plattsmier, dated December 18, 2006;

      c)      Lemle & Kelleher, L.L.P., which acted as agent for the Louisiana Supreme Court, Associate for Justice Kimball and for Mr. Plattsmier, dated December 20, 2006;

      d)      The Louisiana Department of Public Safety and Corrections through Mr. Stalder, dated December 29, 2006;

      e)      The Louisiana State Police through Colonel Whitehorn, dated December 29, 2006;  and

      f)      The Louisiana Department of Justice through Mr. Foti, dated January 16, 2007.

Said documents are appended hereto and marked as Exhibit No. 4 (a-f).

Pursuant to the provisions of the Louisiana Public Records Act, LSA-R.S. 44:1, <u>et seq.</u>, the parties to whom plaintiffs' counsel's Public Records Act requests were directed had only three (3) days to respond.  Not one shred of paper, printed E-mail, or anything else for that matter, has been produced in response to any of the Public Records Act requests forming part of Exhibit No. 4.  Plaintiffs' counsel is not a public figure.  It should not be at all difficult for the involved agencies to produce the requested records pertaining to plaintiffs' counsel since Hurricane KATRINA – unless, of course, the allegations which plaintiffs' counsel has made are correct, and plaintiffs' counsel has indeed been the subject of a State-orchestrated conspiracy to inflict bodily injuries and

-4-

other redressible harm(s) on him since the hurricane.[4] The Court should intervene and order the LDOJ and the other State actors to respond to plaintiffs' counsel's requests for public records, expose the records to the light of day, and "Let the chips fall".

It is respectfully submitted that what has happened to, and continues to happen to, plaintiffs' counsel is a crime, and contrary to the administration of justice, and should not be allowed in the United States of America, or anywhere else where free men live.

The Louisiana Department of Justice should be disqualified from representing the State of Louisiana and other State defendant sin this case for the foregoing reasons and for the reasons stated in Record Document No. 2382.

>Respectfully submitted,
>
>**LAW OFFICES OF**
>**ASHTON R. O'DWYER, JR.**
>**Counsel for Plaintiffs**
>
>By:   **S/Ashton R. O'Dwyer, Jr.**
>      Ashton R. O'Dwyer, Jr.
>      One Canal Place
>      365 Canal Street
>      Suite 2670
>      New Orleans, LA 70130
>      Tel. 504-561-6561
>      Fax. 504-561-6560

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>               S/Ashton R. O'Dwyer, Jr.

---

[4] The attacks continue. The LDOJ has a pending Motion for Sanctions against counsel. Will this spark another "investigation" by Mr. Plattsmier?