**LAW OFFICES OF**
**ASHTON R. O'DWYER, JR.**
**ONE CANAL PLACE**
**365 CANAL STREET**
**SUITE 2670**
**NEW ORLEANS, LA 70130**
**TELEPHONE: (504) 561-6561**
**FACSIMILE: (504) 561-6560**

December 18, 2006

**VIA FACSIMILE**
**(504) 310-2339**
**and**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The Louisiana Supreme Court
c/o The Honorable Pascal F. Calogero, Jr.
Chief Justice and Custodian of Public Records
Supreme Court Building
400 Royal Street
New Orleans, LA 70130

    Re: Ashton R. O'Dwyer, Jr.
       Bar No. 10166

Dear Chief Justice Calogero:

  This is a formal request for Louisiana public records made pursuant to the provisions of the Louisiana Public Records Act, LSA-R.S. §44:1, et seq., and the Louisiana Constitution of 1974, Article XII, §3. I am making this request on my own behalf, and on behalf of my client, Katherine Taber O'Dwyer, who also happens to be my spouse. We are asking the Louisiana Supreme Court to produce the following public records for inspection and copying:

  Any and all records generated by or received by any Member of the Louisiana Supreme Court, including particularly, but without limitation, Associate Justice Catherine D. Kimball, and/or anyone else working for or employed by the Court, in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, and continuing through the present time, to include any and all files and records, whether in hard copy form, recorded form, on card, disc, microfilm or tape, or generated, received or maintained electronically, as well as any and all writings of every nature or kind in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, the said files, records and writings to include, without limitation, any and all correspondence, letters, memoranda, intra-



December 19, 2006
Page 2

office memoranda, memoranda to or from a specific recipient or sender, or recipients or senders, or to a file, and including complaint files, administrative files, investigative files, or any other types of files maintained by the Louisiana Supreme Court, and/or the Office of Disciplinary Counsel, and/or the Louisiana Attorney Disciplinary Board, facsimiles, notes, whether handwritten or typed, E-mails, whether printed or in electronic form, electronic digitized copies, records stored on the hard drive of any State-owned or personal computer, or information contained in electronic data processing equipment, and including complaints, requests for investigation, information or action of any type, and the responses to any such requests, minutes of meetings, including particularly, but without limitation, a meeting which is believed to have been held in Baton Rouge on Sunday, September 11, 2005, being attended by Charles B. Plattsmier, Catherine D. Kimball and Frank Neuner, and all other writings of any nature or kind in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, and continuing through the present time, and including all files, records, and writings sent to or received from any of the following and any Member of the Louisiana Supreme Court, including particularly, but without limitation, Associate Justice Catherine D. Kimball, and/or anyone working for or employed by the Court, as well as telephone records, whether land-line, satellite, or cellular, evidencing communication between any Member of the Louisiana Supreme Court, including particularly, but without limitation, Associate Justice Catherine D. Kimball, and/or anyone else working for or employed by the Court, and any of the following since August 29, 2005:

    John Nelson, Louisiana State Trooper

    Christopher Ivy, Louisiana State Trooper

    The State of Louisiana

    Governor Kathleen Blanco or anyone else in the Executive Branch, including particularly her husband, "Coach" Blanco

    The Louisiana Department of Public Safety and Corrections
    Richard L. Stalder, Secretary, Department of Public Safety and Corrections, or anyone else working for or employed by the Department of Public Safety and Corrections

    The Louisiana State Police

    Col. Henry L. Whitehorn, Superintendent of the Louisiana State Police, or anyone else working for or employed by the Louisiana State Police

    The Louisiana Department of Justice

Charles C. Foti, Jr., Attorney General, or anyone else working for or employed by the Louisiana Department of Justice;

Burton Guidry, Executive Director, Criminal Division for the Louisiana Department of Justice

Paul B. Deal

Ricky Murphy

The City of New Orleans

C. Ray Nagin, Mayor, City of New Orleans, or anyone else working for or employed by the City

Warren Riley, Superintendent, New Orleans Police Department, or anyone else working for or employed by the New Orleans Police Department

Marlin Gusman, Criminal Sheriff for Orleans Parish, or anyone else working for or employed by the Orleans Parish Criminal Sheriff's Office

Charles B. Plattsmier, Chief Disciplinary Counsel

Any members of the Louisiana Attorney Disciplinary Board and/or anyone working for or employed by the Office of Disciplinary Counsel and/or the Louisiana Attorney Disciplinary Board

Michael Magner, Assistant U.S. Attorney for the Eastern District of Louisiana

Anyone working for or employed by the U.S. Attorney's Office for the Middle District of Louisiana

Anyone working for or employed by the U.S. Attorney's Office for the Eastern District of Louisiana

Anyone working for or employed by the Federal Bureau of Investigation

Frank Neuner

Any member of the law firm of Lemle & Kelleher, L.L.P.

December 19, 2006
Page 4

        Ernest L. Edwards

        Joseph L. Shea

        Charles R. Talley

        Dave Winn, Office Administrator of Lemle & Kelleher, L.L.P.

in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005 and continuing to the present time.

If the Louisiana Supreme Court chooses to deny this request, in whole or in part, the Court is respectfully requested to provide a written explanation for each denial, including reference to the specific statutory exemptions upon which the Court may rely. Also, the Court is respectfully requested to provide all segregable, producible portions of otherwise excepted materials.

Because disclosure of the public records identified herein is in the public interest, both Mrs. O'Dwyer and I request that any fees for copying and postage be waived. If the request for waiver is denied, please advise me if fees for complying with this request are expected to exceed $100.

        Respectfully,

        Ashton R. O'Dwyer, Jr.

AROD/vtb