LAW OFFICES OF
ASHTON R. O'DWYER, JR.
ONE CANAL PLACE
365 CANAL STREET
SUITE 2670
NEW ORLEANS, LA 70130
TELEPHONE: (504) 561-6561
FACSIMILE: (504) 561-6560

December 29, 2006

**VIA FACSIMILE**
**225-925-3742**
**and**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

The Louisiana State Police
c/o Col. Henry K. Whitehorn, Superintendent
7919 Independence Blvd.
Baton Rouge, LA 70806

      Re:    Ashton R. O'Dwyer, Jr.
                Public Records Request

Dear Sir:

    This is a formal request for Louisiana public records made pursuant to the provisions of the Louisiana Public Records Act, LSA-R.S. §44:1, et seq., and the Louisiana Constitution of 1974, Article XII, §3. I am making this request on my own behalf, and on behalf of my client, Katherine Taber O'Dwyer, who also happens to be my spouse. We are asking the Louisiana State Police to produce the following public records for inspection and copying:

    Any and all records generated by or received by any employee of the Louisiana State Police in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, and continuing through the present time, to include any and all files and records, whether in hard copy form, recorded form, on card, disc, microfilm or tape, or generated, received or maintained electronically, as well as any and all writings of every nature or kind in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, the said files, records and writings to include, without limitation, any and all correspondence, letters, memoranda, intra-office memoranda, memoranda to or from a specific recipient or sender, or recipients or senders, or to a file, and including complaint files, administrative files, investigative files, or any other types of files maintained by the Louisiana



December 29, 2006
Page 2

State Police, dispatch or dispatching records, logs, police logs, facsimiles, notes, whether handwritten or typed, E-mails, whether printed or in electronic form, electronic digitized copies, records stored on the hard drive of any State-owned or personal computer, or information contained in electronic data processing equipment, and including complaints, requests for investigation, information or action of any type, and the responses to any such requests, minutes of meetings, and all other writings of any nature or kind in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005, and continuing through the present time, and including all files, records, and writings sent to or received from any of the following and any employee of the Louisiana State Police, as well as telephone records, whether land-line, satellite, or cellular, evidencing communication between any employee of the Louisiana State Police and any of the following since August 29, 2005:

John Nelson, Louisiana State Trooper

Christopher Ivy, Louisiana State Trooper

The State of Louisiana

Governor Kathleen Blanco or anyone else in the Executive Branch, including particularly her husband, "Coach" Blanco

The Louisiana Department of Public Safety and Corrections
Richard L. Stalder, Secretary, Department of Public Safety and Corrections, or anyone else working for or employed by the Department of Public Safety and Corrections

The Louisiana State Police

Col. Henry L. Whitehorn, Superintendent of the Louisiana State Police, or anyone else working for or employed by the Louisiana State Police

The Louisiana Department of Justice

Charles C. Foti, Jr., Attorney General, or anyone else working for or employed by the Louisiana Department of Justice;

Burton Guidry, Executive Director, Criminal Division for the Louisiana Department of Justice

Paul B. Deal

Ricky Murphy

December 29, 2006
Page 3

        The City of New Orleans

        C. Ray Nagin, Mayor, City of New Orleans, or anyone else working for or employed by the City

        Warren Riley, Superintendent, New Orleans Police Department, or anyone else working for or employed by the New Orleans Police Department

        Marlin Gusman, Criminal Sheriff for Orleans Parish, or anyone else working for or employed by the Orleans Parish Criminal Sheriff's Office

        The Louisiana Supreme Court, including particularly Associate Justice Catherine D. Kimball or anyone else working for or employed by the Court

        Charles B. Plattsmier, Chief Disciplinary Counsel

        Any members of the Louisiana Attorney Disciplinary Board and/or anyone working for or employed by the Office of Disciplinary Counsel and/or the Louisiana Attorney Disciplinary Board

        Michael Magner, Assistant U.S. Attorney for the Eastern District of Louisiana

        Anyone working for or employed by the U.S. Attorney's Office for the Middle District of Louisiana

        Anyone working for or employed by the U.S. Attorney's Office for the Eastern District of Louisiana

        Anyone working for or employed by the Federal Bureau of Investigation

        Frank Neuner

        Any member of the law firm of Lemle & Kelleher, L.L.P.

        Ernest L. Edwards

        Joseph L. Shea

        Charles R. Talley

December 29, 2006
Page 4

Dave Winn, Office Administrator of Lemle & Kelleher, L.L.P.

in any way pertaining to Ashton R. O'Dwyer, Jr., Esq., since August 29, 2005 and continuing to the present time, and including particularly those records requested, supra, which pertain to the following:

1) The dispatching of Louisiana State Police Troopers to Mr. O'Dwyer's home at 6034 St. Charles Avenue, New Orleans, Louisiana 70118, during the early morning hours of Tuesday, September 20, 2005;

2) Mr. O'Dwyer's alleged arrest for "public intoxication";

3) Mr. O"Dwyer's detention and incarceration at the Union Passenger Terminal between 0030 hours (approximately) and 1700 hours on September 20, 2005;

4) Mr. O'Dwyer's brutalization while in custody;

5) The circumstances surrounding Mr. O'Dwyer's release at 1700 hours on September 20, 2005; and

6) The identities of the so-called arresting officers, those law enforcement personnel who kept Mr. O'Dwyer in custody, and of those who brutalized him while he was in custody.

If the Louisiana State Police chooses to deny this request, in whole or in part, then you are requested to provide a written explanation for each denial, including reference to the specific statutory exemptions upon which you may rely. Also, you are requested to provide all segregable, producible portions of otherwise excepted materials.

Because disclosure of the public records identified herein is in the public interest, both Mrs. O'Dwyer and I request that any fees for copying and postage be waived. If the request for waiver is denied, please advise me if fees for complying with this request are expected to exceed $100.

Yours very truly,

Ashton R. O'Dwyer, Jr.

AROD/vtb