UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION |
| PERTAINS TO: | NO. 05-4182 |
| *Morris Kirschman & Co., L.L.C., et al.*<br>*No. 06-5183* | SECTION "K" (2) |

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel, comes Westchester Surplus Lines Insurance Company ("WSLIC"), and denying all liability, respond to the allegations contained in the Complaint filed by and on behalf of Morris Kirschman & Co., L.L.C., K&L Properties, Inc., MK New Ventures, L.L.C., Houma ARK, L.L.C., and Kirschman Enterprises, L.L.C. (the "plaintiffs"), upon information and belief as follows.

I(A).

It is admitted that WSLIC is a Georgia corporation with its principal place of business in Georgia. It is also admitted that WSLIC has issued insurance policies in Louisiana and other states. Except as specifically admitted, the allegations of Paragraph I(A) are denied.

I(B).

The allegations of Paragraph I(B) are denied for lack of knowledge or information sufficient to justify a belief therein.

II.

The allegations of Paragraph II are admitted.

III.

It is admitted that WSLIC issued Policy No. D3595045A 002, which provides commercial property coverage up to a limit of $25,000,000 per occurrence subject to certain terms, conditions, limitations and exclusions. Except as specifically admitted, the allegations of Paragraph III are denied.

IV.

The allegations of Paragraph IV are denied for lack of knowledge or information sufficient to justify a belief therein.

V.

The allegations of Paragraph V are denied for lack of knowledge or information to justify a belief therein.

NO.99728594.1

VI.

It is admitted that a mandatory evacuation order was issued for various areas in and around the Gulf Coast. Except as specifically admitted, the allegations of Paragraph VI are denied.

VII.

It is admitted that Hurricane Katrina struck the Gulf Coast on August 29, 2005. Except as specifically admitted the allegations of Paragraph VII are denied.

VIII.

It is admitted that some of the property insured under the policy sustained certain losses, types of loss, and/or damage. Except as specifically admitted, the allegations of Paragraph VIII(A)-(K) are denied for lack of knowledge or information sufficient to justify a belief therein.

IX.

It is admitted that WSLIC received an initial notice of loss on August 29, 2005. Except as specifically admitted, the allegations of Paragraph IX are denied for lack of knowledge or information sufficient to justify a belief therein.

X.

It is admitted that WSLIC investigated the claim presented by the plaintiffs and that the claim was and is still in the process of being adjusted. Except as specifically admitted, the allegations of Paragraph X are denied.

XI.

The allegations of Paragraph XI are admitted.

XII.

It is admitted that the plaintiffs were paid $750,000 in December of 2005. Except as specifically admitted, the allegations of Paragraph XII are denied.

XIII.

The allegations of Paragraphs XIII(a)-(c) are denied for lack of knowledge or information sufficient to justify a belief therein.

XIV.

The allegations of Paragraph XIV are denied for lack of knowledge or information sufficient to justify a belief therein.

XV.

WSLIC repeats and realleges all preceding paragraphs.

XVI.

The allegations of Paragraphs XVI(a)-(c) are denied.

XVII.

The allegations of Paragraphs XVII(a)-(e) are denied.

XVIII.

WSLIC repeats and realleges all preceding paragraphs.

XIX.

The allegations of Paragraph XIX are denied.

XX.

The allegations of Paragraph XX are denied.

XXI.

The allegations of Paragraph XXI are denied.

XXII.

WSLIC repeats and realleges all preceding paragraphs.

XXIII.

It is admitted that WSLIC issued Policy No. D3595045A 002, which provides commercial property coverage, subject to certain terms, conditions, limitations and exclusions. Except as specifically admitted, the allegations of Paragraph XXIII are denied.

XXIV.

It is admitted that the plaintiffs provided certain documentation of losses and/or damage to some or all of the insured properties. Except as specifically admitted, the allegations of Paragraph XXIV are denied for lack of knowledge or information sufficient to justify a belief therein.

XXV.

The allegations of Paragraph XXV are denied.

XXVI.

The allegations of Paragraph XXVI are denied.

XXVII.

WSLIC repeats and realleges all preceding paragraphs.

XXVIII.

The allegations of Paragraph XXVIII are denied.

XXIX.

The allegations of Paragraph XXIX are denied.

XXX.

The allegations of Paragraph XXX are denied.

### XXXI.

WSLIC repeats and realleges all preceding paragraphs.

### XXXII.

The allegations of Paragraphs XXXII(a)-(i) are denied.

### XXXIII.

The allegations of Paragraph XXXIII are denied.

### XXXIV.

WSLIC repeats and realleges all preceding paragraphs.

### XXXV.

The allegations of Paragraph XXXV are denied.

### XXXVI.

The allegations of Paragraph XXXVI are denied.

### XXXVII.

WSLIC repeats and realleges the preceding paragraphs.

### XXXVIII.

It is admitted that certain types of loss and/or damage are excluded from the Policy and other types of loss and/or damage fall within the scope of the Flood Coverage Endorsement and/or the Water Endorsement contained in Policy No. D3595045A 002. It is further admitted that Policy No. D3595045A 002 is a written document the terms and conditions of which are the best evidence. Except as specifically admitted, the allegations of Paragraph XXXVIII are denied.

### XXXIX.

The allegations of Paragraph XXXIX are denied as stated.

NO.99728594.1

XL.

The allegations of Paragraph XL are denied.

XLI.

WSLIC repeats and realleges the preceding paragraphs.

XLII.

The allegations of Paragraph XLII are denied.

XLIII.

The allegations of Paragraph XLIII are denied.

XLIV.

The allegations of Paragraph XLIV fail to state contentions of fact and therefore, require no response. However, if a response is required, the allegations of Paragraph XLIV are denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue the claims recited in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs are obligated to provide proof of loss sufficient to allow WSLIC the opportunity to properly adjust this claim. The plaintiffs' claims are barred, in whole or in part, to the extent the plaintiffs failed to provide information to WSLIC or access to records or other documents supporting the alleged losses, costs or expenses.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' recovery, if any, should be reduced to the extent they failed to minimize, mitigate or avoid any alleged or actual damage.

## FIFTH AFFIRMATIVE DEFENSE

Liability of WSLIC in this matter, if any, is dependant upon a policy of insurance which, as a written document, is the best evidence of its terms, conditions, limitations and exclusions and WSLIC specifically pleads all of the terms, conditions, limitations and exclusions of Policy No. D3595045A 002, as if copied herein *in extenso*.

## SIXTH AFFIRMATIVE DEFENSE

There is no coverage to the extent that some or all of the claims do not fall within the scope of and/or satisfy the requirements of the Water Endorsement, the terms and conditions of which are pled as if copied herein *in extenso*.

## SEVENTH AFFIRMATIVE DEFENSE

There is no coverage to the extent that some or all of the claims do not fall within the scope of and/or satisfy the requirements of the Flood Coverage Endorsement, the terms and conditions of which are pled as if copied herein *in extenso*.

## EIGHTH AFFIRMATIVE DEFENSE

The Flood Endorsement Declarations form states that "[n]o flood coverage is provided under this endorsement for Locations located within the following NFIP Zones: A, A1 through A30, AE, AH, AO, AR, A99, V, V1 through V-30 and VE." The terms and conditions of the Flood Endorsement Declarations form are pled as if copied herein *in extenso*.

NO.99728594.1

## NINTH AFFIRMATIVE DEFENSE

There is no coverage to the extent that some or all of the claims do not fall within the scope of and/or satisfy the requirements of the Business Income (And Extra Expense) Coverage Form, the terms and conditions of which are pled as if copied herein *in extenso*.

## TENTH AFFIRMATIVE DEFENSE

There is no coverage to the extent the plaintiffs' damages do not result from "direct physical loss of or damage to Covered Property at the premises . . . caused by or resulting from any Covered Cause of Loss," as required by the Building and Personal Property Coverage Form and the Business Income (And Extra Expense) Coverage Form, the terms and conditions of which are pled as if copied herein *in extenso*.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage to the extent that the plaintiffs' claims involve Property Not Covered as required by the Building and Personal Property Coverage Form, the terms and conditions of which are pled as if copied herein *in extenso*.

## TWELFTH AFFIRMATIVE DEFENSE

The Appraisal provision of Policy No. D3595045A 002 states that if the parties cannot agree as to the value of the property or the amount of the loss (Building and Personal Property Coverage Form) or in the event Underwriters and the plaintiffs disagree on the net income and operating expense or the amount of the loss (Business Income (And Extra Expense) Coverage Form) either party may make a demand for an appraisal of the loss according to the terms of the policy. WSLIC expressly reserves and does not waive the right to demand appraisal under the policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Occurrence Limit of Liability Endorsement states that "[t]he amount shown on the face of this policy is an amount per occurrence. In no event will the liability of this Company exceed this amount in any one loss, disaster or casualty, irrespective of the number of locations involved." WSLIC specifically pleads the terms and conditions contained in the Occurrence Limit of Liability Endorsement as if copied herein *in extenso*.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' recovery, if any, is barred in whole or in part based on the application of the Additional Exclusion – Fungus, Wet Rot, Dry Rot and Bacteria Endorsement in Policy No. D3595045A 002.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' recovery, if any, is barred in whole or in part based on specified exclusion and/or the Other Insurance provisions of Policy No. D3595045A 002.

### SIXTEENTH AFFIRMATIVE DEFENSE

WSLIC has paid $1,315,044.90 to plaintiffs in connection with this claim and may make additional payments as to items of loss that are proven to be within the scope of coverage under Policy No. D3595045A 002 as more information becomes available. Plaintiffs' recovery, if any, must be reduced by amounts already tendered by WSLIC for the loss under Policy No. D3595045A 002.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' recovery, if any, must be reduced by any amounts owed or tendered for the loss by any other insurer, individual, or entity and WSLIC is entitled to a set-off or credit for any and all such amounts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

WSLIC asserts the defenses of comparative fault pursuant to La. C.C. Art. 2323 as well as all defenses and limitations afforded by the Louisiana Civil Code and Louisiana law.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because WSLIC acted in good faith at all times and did not act arbitrarily or capriciously or without probable cause. WSLIC's decisions were reasonable based upon good faith defenses under Policy No. D3595045A 002.

### TWENTIETH AFFIRMATIVE DEFENSE

WSLIC acted as quickly and responsibly as practicable under the circumstances in their investigation of this loss.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

WSLIC pleads all statutory and regulatory provisions applicable to the allegations of the plaintiffs' Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

WSLIC hereby gives notice that it intends to rely on such other defenses as may become available by law or during discovery and hereby reserves its right to amend its answer to assert such defenses.

WHEREFORE, WSLIC prays that this, its Answer and Defenses, be deemed good and sufficient and that, after due proceedings had, there be a judgment in WSLIC's favor and against the plaintiffs, dismissing the plaintiffs' claims with prejudice, at plaintiffs' costs, and for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _/s/ Rebecca Y. Cooper_____
HARRY ROSENBERG, T.A. (#11465)
REBECCA Y. COOPER (#23004)
A. SIMONE MANUEL (#30611)
RICHARD N. DICHARRY (#4929)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
**ATTORNEYS FOR WESTCHESTER
SURPLUS LINES INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I do hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

_/s/ Rebecca Y. Cooper_____