FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 16  PM 3: 39

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARREN WEESE** | * | CIVIL ACTION NO. 06-10499 |
| | * | |
| **VERSUS** | * | JUDGE DUVAL |
| | * | |
| **THE HANOVER INSURANCE** | * | SECTION "K" |
| **COMPANY AND INSURANCE** | * | |
| **UNDERWRITERS, LTD.** | * | MAGISTRATE (2) |
| | * | |

*********************************************

### PLAINTIFF'S MEMORANDUM REGARDING THE MINIMUM JURISDICTIONAL AMOUNT IN EXISTENCE AT THE TIME OF REMOVAL

**MAY IT PLEASE THE COURT:**

Plaintiff, Darren Weese, submits this Memorandum regarding the minimum jurisdictional amount in existence at the time of removal and the joining of Insurance Underwriters, Ltd., as follows:

It is important to note that the plaintiff sued a non diverse agent in this case. The agent, Insurance Underwriters, Ltd., breached a fiduciary duty to its client as pointed out in the plaintiff's Motion For Remand. First and foremost, Insurance Underwriters sold Mr. Weese a policy of insurance that did not provide the type of coverage that he requested. Mr. Weese relied on Insurance Underwriters to procure "full coverage" for his home in the event a hurricane destroyed it completely. Insurance Underwriters not only failed to give him a copy of the policy, but neglected to tell him of the existence of the anti-concurrency clause.

___ Fee_____
___ Process____
X  Dktd_____
___ CtRmDep___
___ Doc. No____

Plaintiff's claim expressly stated and the allegations of the petition show that Insurance Underwriters advised plaintiff on his insurance matters and recommended insurers to provide that coverage. Insurance Underwriters and Hanover Insurance failed or neglected to disclose the coverages and exclusions in the Hanover policy acting in concert with one another".

The contents of the policy, its terms and exclusions were "concealed from Petitioner by the Defendants acting negligently, deliberately and in concert to effectively market their homeowners insurance in order to gain premium income".

An insurance policy should further be construed "to fulfill the reasonable expectations of the parties in the light of the customs and usages in the industry." *Trinity Industries v. Insurance Company of North America*, 916 F. 2d 267 (5th Cir. 1990).

Consequently, the claim against Insurance Underwriters and Hanover Insurance are not related to one another, but they are intrinsically bound to one another such as they cannot be severed or resolved independently of one another, particularly where the allegations relate to the joint conduct of both defendants.

Louisiana law recognizes the right of recovery by an insured against an insurance agent, who undertakes to procure insurance for another owes him an obligation to use reasonable diligence in attempting to place the insurance for which the insured may recover if he sustains a loss result of the agents failure to procure the desired insurance. *Karam v. St. Paul Fire & Marine Insurance Company*, 281 So. 2d. 728 ( La. 1973).

Whether a relationship exists as an agent or broker is dependent on the facts of a particular set of circumstances. However, because a person sells insurance for more than one company does not preclude him from being an agent to all or any of them. The determination of the duty owed and the possible breach of that duty falls within the parameters of negligence. *Kidd v. Independent Fire Insurance Company*, 668 So. 2d. 406 (La. App. 4th Cir. ).

Insurance agents and brokers owe the same duty to a client for whom the agent or broker have agreed to procure insurance. When a duty imposed by the relationship of the parties is breached by an act or omission of a party, that party breaching the duty is liable for such act or omission. *Taylor v. Sider,* 765 So. 2d. 416 ( La. App. 4th Cir. 2000). Thus, the claim against Insurance Underwriters was not only viable, but essential to plaintiff's lawsuit.

Mr. Weese's claim against the agent, Insurance Underwriters, is not only a viable claim but an essential claim in this litigation. Therefore, there is no minimum jurisdiction as there are non diverse parties to this litigation. Thus, plaintiff's claim should be remanded to state court and the plaintiff should be awarded attorney's fees and court costs for having to defend such an argument of fraudulent joinder.

Respectfully submitted,

Bruce C. Betzer, Bar No.: 26800
The Law Office of Bruce C. Betzer
A Professional Limited Liability Company
3500 North Causeway Boulevard, Suite 1442
Metairie, Louisiana 70002
Telephone: (504) 832-1984
Facsimile: (504) 831-0892
Attorney for Plaintiff, Darren Weese

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, on this the __16__ day of January, 2007.

Bruce C. Betzer