UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN E. CAMPBELL   and | * | CIVIL ACTION NO.: 06-8934 |
| JENNIE CAMPBELL | * | |
| | * | |
| | * | SECTION: I (4) |
| VERSUS | * | |
| | * | |
| FIREMAN'S FUND INSURANCE COMPANY | * | |
| And STONE INSURANCE, INC. | * | |
| | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF**
**MOTION TO REMAND**

## I.    INTRODUCTION

Defendant, STONE INSURANCE, INC. (hereinafter, "Stone"), a Louisiana corporation, separately removed this case with co-defendant, FIREMAN'S FUND INSURANCE COMPANY (hereinafter, "Fireman's Fund") on October 23, 2006.  The Notice of Removal claims that this Court has jurisdiction because there is complete diversity between plaintiffs, STEPHEN E. CAMPBELL and JENNIE CAMPBELL (hereinafter, "the Campbells") and Fireman's Fund and the amount in controversy exceeds $75,000.00.  However, this removal was improper because Stone is a properly joined party whose existence destroys subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 and the claim is not time-barred by La.R.S. 9:5606.  This memo details the facts and law explaining why these contentions are incorrect.

In support of their removal, Fireman's Fund argues that his Court has diversity jurisdiction as to all properly joined parties because Stone was improperly joined in this action, and the amount in controversy exceeds $75,000[1].

However, Stone is a properly joined party with Fireman's Fund. Fireman's Fund bears the heavy burden of proving that Stone is not a properly joined party, which they can not and have not proven. This case was improperly removed because the Campbells have stated a valid cause of action against in-state defendant Stone. The Campbells adequately alleged an actionable claim against Stone and any unresolved facts must be interpreted in favor of the Campbells. Further, Fireman's Fund argues that Stone is fraudulently joined because the claims against Fireman's Fund and Stone are not closely related. However, this argument is also erroneous due to the real connection between the Campbells' claims and the claims which defendants seek to bifurcate and sever. The Campbells purchased their insurance policy from Fireman's Fund through Stone, who sought and procured this policy. Stone and Fireman's Fund are inextricably connected with the sale of this policy to the Campbells, and the determination of liability for the Campbells' damages demonstrates that both defendants are properly joined in this action. The lack of subject matter jurisdiction requires remand.

## II.     PROCEDURAL HISTORY

On August 29, 2006, the Campbells commenced the captioned action by filing a Petition for Damages in the Civil District Court in Orleans Parish, State of Louisiana. (See Petition, attached as Exhibit 1). Plaintiffs served Fireman's Fund and Stone through the Louisiana Secretary of State. On October 23, 2006, defendant Fireman's Fund filed a Notice of Removal claiming that this Court properly had jurisdiction pursuant to 28

---

[1] The Campbells do not dispute that the amount in controversy exceeds $75,000.00.

U.S.C. §§ 1332 and 1441. As detailed in this memorandum, this honorable Court lacks jurisdiction under these statutes and this action should be remanded back to state court.

## III.    FACTUAL BACKGROUND

Plaintiff is the owner of a residence located at 5864 Bellaire Drive, New Orleans, Louisiana. *See* Petition at ¶ V. During the windstorm of Hurricane Katrina, this residence sustained substantial wind and rain damage. Id. at ¶ VII, IX, and X. The extensive damage to the building caused by Hurricane Katrina rendered the residence unable to be occupied and necessitated massive repairs. Id.. At that time, plaintiff was insured by Fireman's Fund with a homeowner's policy procured and purchased through Stone. Id. at ¶ XI, XX, and XXI.

Stone held itself out as an insurance agency to procure necessary insurance coverage for the property that was adequate to fully protect the residence. Id. at ¶ XXIII. Despite Stone's assurances and representations, the type and extent of insurance coverage was inadequate and insufficient to cover damage to the residence caused by Hurricane Katrina. Despite the fact higher policy limits and excess flood insurance were available at the time of these requests, and Stone failed to alert the Campbells to or procure this additional coverage. Id. at XX and XXI. As a result of Stone' errors and omissions, the Campbells have suffered severe financial consequences.

## IV.    STANDARD OF REVIEW

It is undisputed that the Campbells are domiciled in Louisiana and defendant Stone is a properly joined, Louisiana party. The existence of two opposing parties domiciled in the same state destroys diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

1. **Fireman's Fund bears the heavy burden of proving that the Campbells improperly joined Stone.**

The federal removal statute, 28 U.S.C. § 1441, prohibits removal of this case which involves a defendant citizen of the State of Louisiana. That Statute provides in pertinent part:

> *(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States Shall be removable without regard to the citizenship or residence of the parties.  Any other such **action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought**.*

Because the defendant Stone is a defendant and citizen of the State of Louisiana, this case was not removable from the Louisiana Judicial District Court.  Fireman's Fund has alleged that the Campbells fraudulently joined Stone, however, they have not offered sufficient evidence to carry that burden.

A party invoking the removal jurisdiction of the federal courts bears a heavy burden.  Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995); see also Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990) (observing that the removing party bears the burden of proving fraudulent joinder).

  a. **Fireman's Fund must prove that the Campbells have no possibility of establishing a cause of action against Stone.**

In order to successfully prove that non-diverse defendants have been fraudulently joined in order to defeat diversity, the removing party must demonstrate **"*that there is absolutely no possibility that the plaintiffs will be able to establish a cause of action against the in-state defendant in state court.*"** (Emphasis added).  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995); East Texas Mack Sales, Inc.

v. Northwest Acceptance Corp., 819 F.2d 116, 119 (5th Cir. 1987); B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiffs might prevail. "*We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.*" Burden, 60 F.3d at 216.

> **b. All unresolved factual questions must be interpreted in favor of the Campbells based on the allegations set forth in the Petition.**

Moreover, in reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. B., Inc. v. Miller Brewing Co., et al., 663 F.2d 545 (5th Cir. 1981); Dudley v. Community Public Service Company, 108 F.2d 119 (5th Cir. 1939); Sid Richardson Carbon & Gasoline Co., v. Interenergy Resources, Ltd., 99 F.3d 746 (5th Cir. 1996); Burden, 60 F.3d at 216; Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

Having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, if there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. B., Inc., 663 F.2d at 549, 550; Sid Richardson, 99 F.3d at 750; Burden, 60 F.3d at 216.

> **2. Fireman's Fund has the burden of proving that the claims against Stone are prescribed/perempted.**

The defense argues that the action against Stone has prescribed/perempted. Prescription on a cause of action does not begin to run until a claimant knew or should have known the existence of facts that would enable him to state a cause of action. Bustamente v. Vezina, 668 So. 2d 1286, 95-556 (La. App. 5th Cir. 1/30/96), Vaughn v. Slaughter, 94-0552 (La. App. 1st Cir. 3/3/95), 653 So. 2d 36, *writ denied* 95/0828 (La. 5/5/95), 654 So. 2d 339.  The burden of proving that a suit has prescribed rests with the party pleading prescription.  Castaneda v. Louisiana Insurance Guarantee Association, 95-29 (La. App. 5th Cir. 5/30/95), 657 So. 2d 338, *writ denied* 95-2097 (La. 11/17/95), 663 So. 2d 715.

## V.      LAW AND ARGUMENT

**1.  This case was improperly removed because the Campbells have timely stated a valid cause of action against in-state defendant Stone.**

The federal removal statute, 28 U.S.C. § 1441, prohibits removal of this case which involves a defendant citizen of the State of Louisiana. That Statute provides in pertinent part:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States Shall be removable without regard to the citizenship or residence of the parties.  Any other such ***action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought***.

Because the plaintiff Campbells and defendant Stone are both citizens of the State of Louisiana, this case was not removable from the Louisiana Judicial District Court.

Fireman's Fund contends that the Campbells do not have a claim against Stone because the claim is premised on allegations that Stone failed to advise the Campbells of certain terms and conditions that were plainly set forth in the policy.  Additionally,

Fireman's Fund claims that a broker such as Stone has no duty to independently advise a client about cost, availability, or desirability of certain coverage or additional limits of insurance, unless the agent assumes or agrees to such a duty.  These contentions are incorrect.  As alleged in the Petition, the Campbells have stated several claims against Stone which are recognized under Louisiana law.[2]  Further, any factual disputes arising from the Petition must be interpreted with the controlling state law in favor of the plaintiff.  <u>B., Inc. v. Miller Brewing Co., et al.</u>, 663 F.2d 545 (5th Cir. 1981).

**a.  Louisiana law recognizes that Stone owes a duty to the Campbells.**

Louisiana courts have held that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance.  As stated in <u>Smith v. Millers Mutual Insurance Co.</u>, 419 So.2d 59, 64 (La.App. 2 Cir.), *writ denied,* 422 So.2d 155 (La.1982), "*an insurance agent is responsible not only for his unfaithfulness but also for his fault or neglect.*" The Louisiana Supreme Court, in <u>Karam v. St. Paul Fire & Marine Insurance Co.</u>, 281 So.2d 728, 730-31 (1973), stated:

> *An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the <u>desired</u> coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the <u>desired</u> coverage*. (Emphasis added.)

In order to recover for loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove:  (1) an undertaking or agreement by

---

[2] See <u>Petition</u> at paragraphs VI, VII, VIII, IX, XXXIII, XXXIV.

the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) the actions of the agent warranted an assumption by the client that he was properly insured.  *See* Taylor v. Sider, 765 So.2d 416 (La.App. 4 Cir. 5/31/00).  However, the facts supporting these claims must only be alleged at this stage of litigation and the court must treat these unresolved facts as true.

This reasoning was recently confirmed by Judge Berrigan in Three X v. Lexington, 2006 WL 3142276 (E.D.La.2006).  In Three X, the plaintiff filed suit to recover from an insurance policy that failed to pay for damages caused by Hurricane Katrina.  Id.  When the plaintiff joined the insurance agent in the action, the defendant insurance company alleged that this joinder was fraudulent because the plaintiffs did not expressly allege that the insurance agent was liable for negligence and omissions.  Id. at 3.  However, the court found that the language in the petition amounted to an allegation when it held:

> [Plaintiff] alleges that the agents are liable because [the agent] failed to place flood insurance and/or because he failed to ensure that [plaintiff] was fully insured for all risks. Although the state court petition does not allege that [plaintiff] requested either flood or all risks coverage, the allegations included therein imply that [plaintiff] relied on the agents to ensure that the property was insured for "all risks."
> Id.

In the instant case, the Campbells expressly alleged that Stone had taken a duty to ensure that they were insured for all risks.[3]  In dealing with this question of what kind of duty an agent assumed, the Judge Berrigan stated in Three X that:

> [T]he allegations in the state court petition also imply that [the agent] assumed a duty greater than that of an agent to procure the coverage

---

[3] See Petition at paragraphs VI, VII, VIII, IX, XXXIII, XXXIV.

request. [Plaintiff] asserts that the agents are liable because [the agent] failed to advise it of certain limitation and exclusions in its policy. A deeper factual inquiry may reveal that [the agent] had assumed this greater duty. Accordingly, the Court finds that [plaintiff] may have a possibility of recovery under state law against the parties whose joinder is questioned. Thus, the joinder of [the agent] and [the insurance agency] is not fraudulent in law or in fact.
<u>Id.</u>

Under this reasoning, a "deeper factual inquiry" is necessary before Stone may be relieved of any liability to the Campbells.  At this stage of litigation, removal is improper until discovery sheds light onto the duties and breaches of Stone.   Stone may be considered improperly joined _only if_ discovery reveals that he has no liability towards the Campbells from which they could recover, which is undetermined at this point.  Because of this, Stone must be considered properly joined and Fireman's Fund improperly removed this action.

**b.  The Campbells adequately alleged an actionable claim against Stone and any unresolved facts must be interpreted in favor of the Campbells.**

Louisiana case law recognizes that unresolved facts in the petition must be accepted as true when determining whether the plaintiff has adequately asserted a cause of action.  B., Inc. v. Miller Brewing Co., et al., 663 F.2d 545 (5th Cir. 1981); Dudley v. Community Public Service Company, 108 F.2d 119 (5th Cir. 1939); Sid Richardson Carbon & Gasoline Co., v. Interenergy Resources, Ltd., 99 F.3d 746 (5th Cir. 1996); Burden, 60 F.3d at 216; Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

Having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, if there is any possibility that the plaintiff has stated a cause of action against any non-diverse

defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded.  B., Inc., 663 F.2d at 549, 550; Sid Richardson, 99 F.3d at 750; Burden, 60 F.3d at 216.

The Campbells have alleged sufficient facts giving rise to several claims which are detailed in the petition.[4]   In Taylor, a defendant insurance agent failed to advise plaintiff of provisions in her insurance policy.  After the insurance agent responded with an Exception of No Cause of Action, the court held:

> Louisiana law in certain instances imposes a fiduciary duty on insurance agents in their dealings with the insured. Plaintiff essentially alleges that had she been informed of the relevant provisions of Louisiana law, she may have opted for a different type of coverage which would have provided recovery in this case. Accepting the allegations of plaintiff's amended petitions as true, we find that plaintiff has adequately asserted a cause of action against defendants as to the insurance agent's duty in procuring this insurance and informing the insured of the policy limitations and exclusions. Id. at 417-419.

Under Taylor, the Campbells have a valid cause of action against Stone.  The Taylor court examined the petition, accepted the allegations against the agent as true and found a valid cause of action.  The Campbells have also stated a valid cause of action against agent Stone in the Petition, and the allegations must be accepted as true.  Since the Campbells have properly stated a claim against an in-state defendant, this action was improperly removed.

### c. The Campbells properly joined Co-defendants Fireman's Fund and Stone.

Defendant Fireman's Fund alleges that the Campbells fraudulently joined defendant Stone.  The relevant inquiry is whether the connection between the joined claims and parties is so tenuous so as to justify disregarding the citizenship of the joined

---

[4] See Petition at paragraphs VI, VII, VIII, IX, XXXIII, XXXIV.

parties upon removal.  Upon a claim of fraudulent joinder, the burden of proof rests with

the party seeking removal.  Smallwood v. Illinois Central Railroad Co., 352 F.3d 220 (5th

Cir. 12/1/2003).  The Fifth Circuit has consistently held that:

> *The proper focus of a fraudulent joinder claim is whether the joinder of the local parties was fraudulent, a simple concept that is too easily obscured.  The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity.  As such, 'The burden of demonstrating fraudulent joinder is a heavy one.'  To establish fraudulent joinder, the party seeking removal to the federal court must either show '1) Actual fraud in the pleading of jurisdictional facts, or 2) Inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'* Id. *at 222 (citing* Griggs v. Fireman's Fund Lloyds, *181 F.3d 694, 701 (5th Cir. 1999)).*

Courts in this district have noted that the Fifth Circuit has put forth the test for

fraudulent joinder "determinedly".  Doe v. Cutter Biological, 774 F.Supp. 1001 (E.D. La.

9/5/1991).  In Cutter, the court cited the following language from the Fifth Circuit

opinion in Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983), cert. denied,

464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed. 2nd 166 (1984), "*The removing party must prove*

*that there is absolutely no possibility that the plaintiff will be able to establish a cause of*

*action against the in-state defendants in state court...*"  Cutter at 1003.

In conducting its analysis for a fraudulent joinder claim, the Court state that it

"*must determine whether there is no possibility that the plaintiff could establish a cause*

*of action against the non-diverse defendants.  The key inquiry to a claim of fraudulent*

*joinder is whether the plaintiff made the non-diverse party a defendant under a claim*

*theory that has substantive merit*.  Cutter at 1004.

At this stage in the litigation, Fireman's Fund cannot say that the Campbells do

not have a valid cause of action against the non-diverse defendant Stone.  Because of this,

Fireman's Fund cannot meet their burden of proof that the Campbells fraudulently joined

Stone.  *See also* <u>Delgado v. Shell Oil Co.</u>, 231 F. 3d 165,179 (5th Cir. 2000) (holding that the party "crying foul" must show that here is no reasonable probability of recovery against the joined party of that there has been outright fraud in the pleading of jurisdictional facts).

 Fireman's Fund argues that plaintiff has attempted to assert a claim against Stone premised in tort, i.e. the negligent breach of a professional duty and in contract, i.e. the alleged breach of the policy.  Fireman's Fund bases their arguments solely upon the fact that the claims against Fireman's Fund are wholly unrelated and have no connection at all to the claims against Stone.

 Fireman's Fund relies on <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F. 3d 1353 (11th Cir. 1996).  In <u>Tapscott</u>, the Eleventh Circuit Court of Appeals held that a defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant as to whom there is no allegation of joint, several or alternative liability and where claims against non-diverse defendants have "no real connection with the controversy." The <u>Tapscott</u> plaintiffs filed suit in state court against four (4) defendants stating that claims of fraud and conspiracy arising from the sale of automotive service contracts.  The plaintiffs filed an amended complaint which added three (3) new defendants and centered on extended service contracts for retail products.  After the district court severed the claims, the plaintiffs appealed this order.  The Eleventh Circuit affirmed the order and held that a mere allegation of a common business practice was insufficient to permit joinder.

 The instant case is distinguishable from <u>Tapscott.</u>  The Campbells sought advice from Stone, which in turn procured an insurance policy.  Fireman's Fund underwrote the

policy of coverage that Stone procured for the Campbells' residence.  Stone was aware of the needs of the Campbells and failed to procure adequate and sufficient coverage from Fireman's Fund.  Accordingly, there is a sufficient factual and legal nexus between the Campbells' claims against Stone and Fireman's Fund.

Since in-state defendant Stone and Fireman's Fund are properly joined with in-state plaintiffs, the diversity requirement of 28 U.S.C. 1332 is not met and this Court lacks subject matter jurisdiction.  Accordingly, this action must be remanded to state court.

**2.  The Campbells timely stated a claim against Stone under <u>La. R.S. 9:5606</u> as a result of Stone's breached duty.**

The defense argues that the Campbells' claims are time-barred because the suit was filed more than three (3) years after it purchased the original policy from Stone.  This contention incorrectly assumes that the peremptive period begins on the date of the original policy.  While this initial policy issuance is possibly the first time Stone breached its duty to the Campbells, Stone more recently breached its duty – within three (3) years of the filing of this action – when it disregarded further requests by the Campbells for additional insurance.

**a.  <u>La. R.S. 9:5606</u> does not facially perempt the Campbell's claim.**

The Campbells' most recent requests which triggered the omissions/neglect by Stone occurred within the three (3) year peremptive period and constitute an actionable claim.  The defense bases its peremption argument upon <u>La. R.S. 9:5606</u>:

> *No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged*

> *act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should be discovered.  However, even as to action filed within one year from the date of such discovery, in all events such action shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.*

La. R.S. 9:5606 provides that suit must be filed against the broker within one year from the date the negligent conduct was discovered or should have been discovered.  *See* Deep South Towing Inc. v.  Sedgwick of New Orleans and Marsh USA, Inc., *901 So. 2d 466, 468 (La. App. 4 Cir. 3/23/05).*  The Campbells did not ***discover*** that Stone failed to properly procure sufficient coverage until after he filed a claim to recover from losses sustained by Hurricane Katrina.  Soon thereafter, the Campbells timely filed suit within one year of such discovery.

Additionally, the defense contends that the Campbells' claims against Stone are barred since the petition was filed on August 28, 2006, approximately three (3) years after the purchase of the original policy.  The Campbells sought additional insurance coverage within the past three (3) years from Stone.  *See* Petition, at ¶ XXI.  The Campbells hired Stone only after Stone held themselves out as insurance experts.  Id. at XXIII.  By failing to alert or notify the Campbells of this additional insurance, or procure this requested additional insurance, Stone breached their duty to the Campbells.  This breach has its own peremptive period in La. R.S. 9:5606, which was not time barred when the Campbells filed this action on August 29, 2006.  The defense incorrectly alleges that the three (3) year period began to run on the starting date of the initial Fireman's Fund policy – and that subsequent breaches and negligence would not and could not start this tolling anew.  The Campbells brought this suit for damages resulting from Stone' breach and negligence that occurred within the three (3) years of the filing of this action.

Therefore, their claim is not extinguished by peremption of three years set forth by La. R.S. 9:5606.

### b. Louisiana case law holds that Stone's negligence and omissions in the three (3) years prior to this lawsuit give rise to a valid cause of action.

In support of this removal, Fireman's Fund incorrectly applied the facts of Biggers v. Allstate Ins. Co., 886 So.2d 1179, 1180, 04-282 (La.App. 5 Cir. 10/26/04). Biggers held that an agent was not liable for failing to alert the insured of inadequate coverage at each renewal since there were no findings to evidence that "*the plaintiffs had contacted the agent or that the agent had an opportunity to misrepresent the amount of coverage after the issuance of the original policy*." The Biggers reasoning relies on the fact that the plaintiff did not allege that he contacted his insurance agent regarding additional insurance coverage, and additionally that the plaintiff failed to allege that the agent could have misrepresented the existence of additional coverage.

In the current case, the Campbells contacted Stone seeking higher amounts of insurance coverage. This request happened within the three (3) year period allowed by La. R.S. 9:5606. Thus, the Campbells' claim is not perempted. In addition, the one-year time period is from the date in which the claimant discovers the negligence. After the Hurricane Katrina, Campbells ***discovered*** that Stone failed to properly procure sufficient coverage and timely filed a petition within the three-year peremptive period provided by La. R.S. 9:5606. Thus, the Campbells' claims against Stone are not peremptively/prescriptively barred by virtue of La. R.S. 9:5606

## VI.    CONCLUSION

Fireman's Fund has urged that insurance agency Stone was fraudulently joined in this action with insurance company Fireman's Fund because the duty that Stone owed

was statutorily time-barred.  This argument is incorrect and/or incomplete.  Each of the above reasons for remand, standing alone, suffices to mandate the granting of this motion in this case.  Therefore, for the above and foregoing reasons, this matter should be remanded to state court.

<div style="margin-left:40%">

Respectfully submitted:

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.


_____s/Stephen M. Huber_____
JOHNW.HOUGHTALING,BARNO. 25099
JAMES M. WILLIAMS, BAR NO. 26141
STEPHEN M. HUBER, BAR # 24463
3500 N. Hullen Street
Metairie, LA  70002
Telephone:     (504) 456-8600
Facsimile:      (504) 456-8624
ATTORNEYS FOR PLAINTIFF

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing same in the United States mail postage prepaid and properly addressed on this 21st day of November, 2006.

<div style="margin-left:30%">

_____s/Stephen M. Huber_____
STEPHEN M. HUBER

</div>