CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**HURRICANE LITIGATION**

NO.: 06-9994     DIVISION " "     CIVIL SECTION COURT
F-10

STEPHEN E. CAMPBELL and JENNIE CAMPBELL

VERSUS

FIREMAN'S FUND INSURANCE COMPANY AND
STONE INSURANCE, INC.

FILED: _____     _____
DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COME Stephen E. Campbell and Jennie Campbell, plaintiffs herein, through undersigned counsel, who respectfully represent that:

I.

Made plaintiffs herein are Stephen E. Campbell and Jennie Campbell, persons of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

II.

Made defendants herein is:

**FIREMAN'S FUND INSURANCE COMPANY** (hereinafter referred to as "Fireman's Fund"), a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

**STONE INSURANCE, INC.** (hereinafter referred to as "Stone Insurance"), a corporation authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

III.

Venue in this action is proper in Orleans Parish under the Louisiana Code of Civil Procedure insofar as the subject property is located in Orleans Parish, insofar as the subject contract was executed in Orleans Parish and the Plaintiff is domiciled in Orleans Parish, and insofar as the loss occurred in Orleans Parish.

IV.

Defendants are justly and truly indebted jointly, severally, and *in solido* to plaintiffs herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial


PLAINTIFF'S EXHIBIT 1

demand until paid, and for costs in these proceedings, for the following, to-wit:

V.

On or before July 16, 2005, plaintiffs contracted with Fireman's Fund Insurance Company through Stone Insurance, Inc. to provide insurance, which insured the contents of the residence located at 5864 Bellaire Drive in New Orleans, Louisiana.

VI.

In the days preceding August 29, 2005, weather forecasters and government officials predicted that Hurricane Katrina, which was then in the Gulf of Mexico, would severely impact the greater New Orleans area.

VII.

In anticipation of the impending storm, government officials ordered the mandatory evacuation of the greater New Orleans area. The mandatory evacuation order applied to everyone, including plaintiffs, requiring them to vacate the greater New Orleans area and requiring them to remain outside of and away from the area until further notice.

VIII.

On August 29, 2005, Hurricane Katrina made landfall in the greater New Orleans area. The event caused widespread devastation and damage including damage to plaintiffs contents located at 5864 Bellaire Drive, New Orleans, Louisiana.

IX.

During the windstorm of Hurricane Katrina, the residence located at 5864 Bellaire Drive, New Orleans, Louisiana sustained substantial wind and rain damage.

X.

The levee system protecting Jefferson Parish and New Orleans failed as a result of the intensity of the windstorm thereby subsequently causing further damage to the contents at 5864 Bellaire Drive, New Orleans, Louisiana.

XI.

At all times pertinent hereto, Fireman's Fund Insurance Company, provided insurance coverage for the matters, risks, and things involved herein, such insurance coverage attaching to plaintiffs contents located at 5864 Bellaire Drive, New Orleans, Louisiana.

XII.

Plaintiff made a claim for the respective content loss under the insurance policy with Fireman's Fund Insurance Company.

XIII.

Fireman's Fund Insurance Company remitted payment for musical instruments under the "Schedule Valuable Possessions".

XIV.

Fireman's Fund Insurance Company informed plaintiffs that they would not cover the physical damage to the contents of their residence that was not a "Scheduled Valuable Possession".

XV.

Despite having been provided with "satisfactory proof of loss", the defendant insurance companies have bad in faith refused to pay for all of the damage to plaintiffs' properties.

XVI.

Plaintiffs are entitled to a judgment declaring that the language of plaintiffs' insurance policy provides coverage for all damage resulting from a hurricane.

XVII.

As the Louisiana legislature has recognized in enacting House Concurrent Resolution No. 58 of the 2005 First Extraordinary Session:

> (Louisiana citizens affected by Hurricane Katrina) can not begin to return home to rebuild their destroyed businesses and homes because insurance companies are contesting the validity of the homeowners' insurance policies and stalling or refusing to pay claims; and WHEREAS, this delay or refusal to pay is detrimental to the citizens of Louisiana and is causing delays in the recovery process. THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby urge and request the attorney general, state of Louisiana, the Honorable Charles C. Foti, to file suit seeking declaratory judgment that provisions of homeowners' insurance policies excluding coverage for damage sustained as a result of wind, hail, and hurricanes are null and void as against the pubic policy of the state of Louisiana.

Accordingly, plaintiffs are entitled to a declaratory judgment that the insurance policy at issue in this case applies to all losses sustained by plaintiffs as a result of Hurricane Katrina and that any exclusions which purport to deny coverage under the policy are null and void.

XVIII.

Plaintiffs have yet to receive a reasonable tender from Fireman's Fund Insurance Company as a result of their loss on August 29, 2005. As such, Fireman's Fund Insurance Company is in direct violation of La. R.S. 22:658 and 22:1220.

XIX.

Defendant, Fireman's Fund Insurance Company, is liable unto plaintiffs under the following legal theories:

    a.    Breach of contract;

    b.    Intentional infliction of emotional distress;

    c.    Bad faith claims adjusting;

    d.    Negligent claims adjusting;

    e.    Invasion of privacy;

    f.    Any and all other legal theories which may be found through discovery and proven at trial in this matter.

XX.

Within the last year, plaintiff has conversed with Stone Insurance, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time Plaintiffs were seeking to obtain insurance within the last year, Stone Insurance failed in its capacity as an insurance agent to properly advise Plaintiffs as to their options, including but not limited to the following:

    a.    Providing plaintiffs the option of purchasing excess flood insurance;

    b.    Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;

XXI.

Within the last year, Plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with Plaintiffs by failing to procure adequate insurance coverage for Plaintiffs' properties. Their acts of omission and/or commission include but are not limited to:

4

a. Failing to procure adequate flood insurance coverage for the buildings

b. Failing to procure property insurance that would provide coverage for Hurricane-related damages and losses for all of Plaintiffs' property;

c. Failing to advise plaintiffs of the inadequacy of their flood coverage; and

d. All other acts which will be shown and proven at the trial of this matter.

XXII.

Defendants have committed other acts of negligence, breach of contract, and breach of their duty of good faith and fair dealing all of which will be shown and proven at the trial of this matter.

XXIII.

At all times pertinent hereto, Defendant Stone Insurance held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for the contents located at 5864 Bellaire Drive, New Orleans, Louisiana, plaintiffs retained Defendant Stone Insurance to provide advice, and to act as their agent in procuring necessary insurance coverage for their contents which was adequate to fully protect their property. The actions of Defendant Stone Insurance warranted an assumption by plaintiffs that they were properly insured.

XXIV.

As a result of the actions of the defendants named herein, plaintiffs have suffered the following nonexclusive list of damages:

a. Loss of use of property;

b. Loss of enjoyment of property;

c. Additional living expenses;

d. Diminution in value of the property;

e. Repair and remediation expenses;

f. Mental anguish;

g. Attorney's fees; and

h. Costs of this litigation.

XXV.

Plaintiffs reserve the right supplemental and amend this Petition for Declaratory Judgment and Damages.

XXVI.

Plaintiffs pray for trial by jury.

WHEREFORE, Stephen E. Campbell and Jennie Campbell, plaintiffs herein, pray that the defendants, Firemans Fund Insurance Company and Stone Insurance, Inc., be served with a copy of this petition and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of plaintiffs and against defendants, in an amount that will fully compensate plaintiffs for his damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

GAUTHIER, HOUGHTALING
& WILLIAMS, L.L.P.

JOHN HOUGHTALING, BAR NO. 25099
JAMES M. WILLIAMS, BAR NO. 26141
STEPHEN M. HUBER, BAR NO. 24463
3500 N Hullen
Metairie, LA  70002
Telephone:   (504) 456-8600
Facsimile:    (504) 456-8624
ATTORNEYS FOR PLAINTIFFS

PLEASE SERVE:

**FIREMANS FUND INSURANCE COMPANY**
Through its registered agent for service of process
The Louisiana Secretary of State
Baton Rouge, Louisiana

**STONE INSURANCE, INC.**
Through its registered agent for service of process
Shawn M. Bridgewater
Chaffe, McCall
2300 Energy Center
1100 Poydras St.
New Orleans, LA 70163