UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br>_____ | *<br>*<br>* | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO LEVEE: | * | JUDGE DUVAL |
| PAUL & MACKIE:  NO. 06-7682 | * | |

_____

MEMORANDUM IN OPPOSITION TO 62(b) MOTION
FOR RECONSIDERATION (Doc. 2731) OF ORDER OF REMAND

**NOW INTO COURT,** through undersigned counsel come Judy M. Paul and Willie Mackie, Sr., Plaintiffs in a state court action removed by defendant CSX Transportation, Inc. (hereinafter "CSXT") to file this opposition to the Motion of the Public Belt Railroad Commission of the City of New Orleans for Reconsideration ( Doc. 2731) of this Court's Order of Remand. ( Doc. 2718).  Defendants consisted of  CSX Transportation and Burlington Northern Railroad, and an array of state defendants:  Sewerage & Water Board, Orleans Levee Board, Port of New Orleans, the Louisiana Department of Transportation & Development "LDTD", and Mover the City of New Orleans Public Belt Railroad Commissions.

As aforesaid, this matter is before the Court on Motion of the Public Belt Railroad Commission for reconsideration of the Order of Remand (Doc. 2718) entered pursuant to the Motion to Remand filed by Plaintiffs Mackie and Paul (Doc. 1543).  Mover cites 62(b) or alternatively 60(b), and complain that its opposition was overlooked.

The Motion for Reconsideration should be denied.  Reconsideration is in the discretion of the Court.  Though Public Belt makes a compelling argument of mistake, both 62(b) and 60(b) are discretionary.  The State Department of Transportation & Development is a party in the case and it did not consent to Removal.  Mistake or not, Public Belt cannot overcome the failure to obtain the consent of state defendant LDTD. Furthermore, neither Public Belt's opposition to remand nor its Answer ( Doc.1958) articulated any grounds for complete preemption in the opposition it proffered.

As noted in the Plaintiffs' Memorandum in Support of the Motion for Remand ( Doc. 1543), FRSA and ICTCA, to the extent either is applicable here are defensive.  Neither affords complete preemption sufficient to create federal question jurisdiction and removal.  ["(A) case may not be removed to federal court on the basis of a federal defense. . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  At 14.]  Called "ordinary conflict preemption", state laws that conflict with federal laws are preempted, and preemption is asserted as "a federal defense to the plaintiff's suit.  As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court."  *Metropolitan Life Ins. Co. v. Taylor* 481 U.S. 58, 63 107 S.Ct. 1542, 95 L.Ed. 2d. 55 (1987).

The rule was applied in two recent cases which arose in this circuit.

In *Southeast Texas Environmental, L.L.C. v. BP Amoco Chem. Co.*, 329 F.Supp.2d 853 (S.D.Tex. 2004), Judge Kent said this:

> Defendants do not explain how this alleged statutory defense provides the Court with subject matter jurisdiction. The Court can only suppose that Defendants seek to establish federal question jurisdiction by virtue of . . . certain provisions of CERCLA. Even assuming that (CERCLA) furnishes a defense against Plaintiffs' claims, this argument goes to the merits of the case, not to the Court's jurisdiction. The well-pleaded complaint rule

2

> dictates that subject matter jurisdiction cannot rest on a federal defense. *See Rivet v. Regions Bank of Louisiana,* 522 U.S. at 478, 118 S.Ct. at 925 (1998). ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, ⋯ even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* (citing Franchise Tax Board , 463 U.S. at 14, 103 S.Ct. at 2848. While the AOC's "Contribution Protection" provision may bode ill for Plaintiffs' claims, it does not support removal jurisdiction.
>
> Defendants maintain that Plaintiffs' state-law claims are preempted by CERCLA and therefore arise under federal law. Ordinary conflict preemption, however, does not support subject matter jurisdiction. *See Rivet,* 522 U.S. at 478, 118 S.Ct. at 925. Even assuming that state-law contribution claims are preempted by CERCLA, this argument fails to establish that Plaintiffs' claims arise under federal law.

In *America First Communications*, *Inc. v. Shadowlands*, 2004 WL 32936 (E.D.La. 2004), Judge Vance, made the same point:

> In short, *Shadowland*s confuses complete preemption and ordinary preemption. The doctrine of complete preemption is inapplicable here, and although ordinary conflict preemption may apply, *Shadowlands* may assert this doctrine only as a defense. As a defense, conflict preemption does not support removal because there is no federal claim on the face of plaintiff's complaint. This Court therefore lacks jurisdiction to entertain this action.

Remanding the case to state court, Judge Vance added:

> The Court is therefore confident that the state court, pursuant to the overwhelming weight of federal and state precedent, will be able to recognize the validity of the preemption defense and dismiss the action.

In fact, CSX in effect conceded as much, i.e., that FRSA did not support federal question jurisdiction in its Opposition to the Motion to Remand. (Doc. 1735). Endeavoring to salvage its argument, it focused instead on the Carmack. Amendment to the Federal Interstate Commerce Act, and to illustrate that ICTTA is complete preemption, cited the Fifth Circuit decision in *Hoskins v. Belkins Van Lines,* 343 F3d, 769 (5th Cir., 2003).

CSXT was correct when it says that the Carmack provides complete preemption of some ICTCA, it provides the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods arising from the interstate transportation of those goods by a common carrier.  Its arguments fails when it attempts to extend Carmack and the preemption it provided under ICTCA beyond "the uniform, national remedy against common carriers".

CSXT was not the first to attempt to read *Hoskins v. Belkins Van Line* as saying so.  The Court in *Lexington Insurance Co. v. Daybreak Express,* 391 F. Supp. 2d 538 (S. D. Tex., 2005), another case from this circuit, made just such an attempt just last year, to mo avail. There the Court correctly observed that : .

> Daybreak's reliance on *Hoskins* is misplaced.  As the Hoskins court recognized, the Carmack Amendment's preemptive effect derives from Congress's purpose in enacting it to provide a uniform, national remedy against common carriers, which were being subjected to such a diversity of legislative and judicial building that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own State. . . . *Id.* At 776 (quoting 541 *Adams Express Co. v. Croninger*, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed 314 (1913). . . . The Carmack Amendment therefore supersedes the 'special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments. *Id* at 777. (quoting *Missouri K. & T. R. Co. of Tex. V. Harris,* 234 U. S. 412, 34 S. Ct. 790, 58 L. Ed. 1377 (1914)).  The *Hoskins* plaintiff's state-law claims were properly construed as arising under the Carmack Amendment because the plaintiff sought to hold her carrier responsible for damage incurred in the shipment of property from Texas to Virginia.  In the present case, by contrast, Lexington does not seek to impose liability on Daybreak for damages arising from the interstate transport of property. . . .Because this is not  a suit to recover for loss or damage to property against a carrier but rather one to enforce a settlement agreement, the case will be remanded to state court.

4

## Conclusion

Public Belt's Motion for reconsideration should be denied. The Order of Remand should stand. .

January 26th, 2007.

Respectfully submitted,

OF COUNSEL:  
MILLING BENSON WOODWARD, LLP

/s/ William C. Gambel  
WILLIAM C. GAMBEL (#5900)  
909 Poydras Street, Suite 2300  
New Orleans, LA 70112  
Telephone: (504) 569-7000  
Telecopier: (504) 569-7001

RICHARD M. MARTIN, Jr., Bar # 8998  
416 Gravier Street  
New Orleans, LA 70130  
Telephone: (504) 586-0000

JOHN J. CUMMINGS, III, Bar # 4652  
CUMMINGS & CUMMINGS  
416 Gravier Street  
New Orleans, LA 70130  
Telephone: (504) 586-0000

DEBORAH SULZER, Bar # 19806  
650 Poydras Street, Suite 2635  
New Orleans, LA 70130  
Telephone: (504) 299-3380

RICHARD A.WEIGAND, Bar # 13324  
WEIGAND & LEVENSON  
427 Gravier Street  
New Orleans, LA 70130  
Telephone:  (504) 568-1256

ARTHUR MORRELL, Bar # 1494  
J.P. MORRELL, Bar # 29635  
1660 Treasure Street  
New Orleans, LA 70119  
Telephone: (504) 261-0535

SUZETTE BAGNERIS, Bar # 2224  
JUANA MARINE LOMBARD, Bar #25783  
3520 General DeGaulle Drive, Suite 4070  
New Orleans, LA 70114  
Telephone: (504) 368-1911

STEVEN GILL, Bar #30520  
1465 North Broad, Suite 203  
New Orleans, LA  70119  
Telephone:  (504) 942-0290  
Telecopier:  (504) 942-0294

Attorneys for Plaintiffs

W355863

CERTIFICATE OF SERVICE

      I certify that on this 26th day of January, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, e-mail, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

                                            /s/William C. Gambel

W355863