UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES ) | | |
| CONSOLIDATED LITIGATION, ) | CIVIL ACTION | |
| ) | | |
| ) | NO. 05-4182 "K" (2) | |
| ) | | |
| Pertains to:  MRGO, *Anderson* (06-5162) ) | JUDGE DUVAL | |
| ) | MAG. WILKINSON | |
| ) | | |

DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
[FRCP 12(b)(1)]

Plaintiffs Eric Anderson, Earl Green and Jodie Sievers, on behalf of themselves and an alleged class of individuals, filed this action on August 28, 2006 against the United States claiming the Army Corps of Engineers' design, construction, and maintenance of the Mississippi River Gulf Outlet ("MRGO") caused flooding damage to Plaintiffs' homes by Hurricane Katrina on August 29, 2005.  The named defendants other than the United States are dredging companies said to have assisted in the maintenance of the MRGO through

1

contracts with the United States.  The United States now moves to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I.  Plaintiffs' Allegations

Plaintiffs' five causes of action include four that sound in tort and one that asserts the violation of an environmental protection statute.

Plaintiffs' first cause of action (Complaint ¶¶ 66-69) alleges negligence of the government and, while it does not specify what activities are negligent, the Complaint states elsewhere: "[T]he negligence of the United States of America arises out of its maritime activities, connected to the construction, continuous dredging and maintenance of the MRGO . . . ."  Complaint ¶ 3.B.

Plaintiffs' second cause of action (Complaint ¶¶ 70-75) alleges strict liability "for the damages occasioned by the vices and/or defects in accordance with La. Civil Code article 2317 *et seq.* . . . ."  Complaint ¶ 73.

Plaintiffs' third cause of action (Complaint ¶¶ 76-79) alleges a breach of an implied warranty by the defendants that when they "undertook construction and/or dredging of the MRGO, they impliedly warranted that their operations would not cause environmental damage to the nearby wetlands and/or flooding of Orleans and/or St. Bernard Parishes." Complaint ¶ 77.

Plaintiffs' fourth cause of action (Complaint ¶¶ 80-83) alleges "concealment" by the defendants in failing to disclose to the plaintiffs "that such maritime activities caused damage

to the protective wetlands and increased the risk of flooding to Orleans and St. Bernard Parishes . . . ." Complaint ¶ 81.

Plaintiffs' fifth and final cause of action (Complaint ¶¶ 84-86) alleges that the government's "dredging activities have caused environmental damage in violation of the Water Pollution Control Act, 33 U.S. §§ 1251, *et seq*." (also known as the Clean Water Act ("CWA")). Complaint ¶ 85.

Plaintiffs asserts the United States has waived its sovereign immunity to suit for the stated causes of action pursuant to the Suits in Admiralty Act, 46 U.S.C. §§ 741-52 ("SAA"), the Public Vessels Act, 46 U.S.C. §§ 781-90 ("PVA") and/or the Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq*. *See* Complaint ¶ 5. As will be shown, the tort causes of action and the environmental claim require Plaintiffs to have first exhausted their administrative remedies before filing an action in this Court. Plaintiffs have not done so and the Court lacks subject matter jurisdiction.

### II. Plaintiffs' Tort Causes of Action Must be Dismissed For Failure to Exhaust Administrative Remedies.

The United States may be sued only if it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Hall v. United States*, 704 F.2d 246 (6th Cir.), *cert. denied*, 464 U.S. 1002 (1983). Unless the United States consents to suit, sovereign immunity protects the United States from liability. *Mitchell*, 445 U.S. at 538. Subject matter jurisdiction over cases involving the United States requires a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976).

The essence of Plaintiffs' Complaint is that the negligence of the United States Army Corps of Engineers "connected to the construction, continuous dredging and maintenance of the MRGO as a navigable channel" (Complaint ¶ 3.B.), allowed Hurricane Katrina to cause damage to Plaintiffs' real property along with various attendant damages. *See* Complaint ¶¶ 7, 9, 68, 83, 86. It has recently been held by Judge Berrigan that such a claim falls outside of this Court's admiralty jurisdiction, and that any waiver of sovereign immunity would therefore arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); §§ 2401-2680. *In Re Ingraham Barge Co.*, 435 F. Supp. 2d 524 (E.D. La. 2006).

As noted, the FTCA's waiver of sovereign immunity requires a claimant to submit an administrative claim to the agency allegedly responsible for the tort. 28 U.S.C. § 2675(a).[1] The Supreme Court has observed, with regard to this requirement: "The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to

---

[1] Section 2675(a) provides in pertinent part:

> *An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied* by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993) (upholding dismissal of FTCA action for failure to exhaust administrative remedies). The Fifth Circuit has also held that the failure to comply with 28 U.S.C. § 2675(a) leaves "the district court . . . without subject matter jurisdiction." *Price v. United States*, 81 F. 3d 520, 521 (5th Cir. 1996).

Of the three named Plaintiffs, only Mr. Green filed an administrative claim with the Army Corps of Engineers prior to filing suit. Mr. Green filed his claim on April 25, 2006 but failed to wait the requisite six months before bringing this action on August 28, 2006. Mr. Anderson did not file an administrative claim until after suit was filed, and the New Orleans District of the Corps has not received any administrative claim from Jodie Sievers. *See* Declaration of Angela Jean Drinkwitz, U.S. Army Corps of Engineers (filed herewith). Accordingly, none of the three named Plaintiffs have complied with the FTCA nor, as will be discussed, with the similar requirements should the action give rise to admiralty jurisdiction.

As explained, Plaintiffs do not assert that the FTCA provides the necessary waiver of sovereign immunity. Instead they invoke this Court's admiralty jurisdiction, and maintains the waiver is provided by the SAA or PVA, primarily because the Corps' maintenance of the MRGO relied on dredges either owned by the government or working under contract for it. Even if such activity satisfied the requirements for admiralty jurisdiction, which is disputed, it would only be through the expansion of such jurisdiction to cover damage ashore effected

by the Admiralty Extension Act ("AEA"), 46 U.S.C. app. § 740.  "The purpose of this act was to end the confusion over the line between land and waters by bringing into admiralty jurisdiction those cases in which the injury caused by a ship occurred or was consummated on the shore." Thomas J. Schoenbaum, Admiralty and Maritime Law, § 3-4 (2001).

The SAA and the PVA cannot provide a basis of jurisdiction by themselves.  These statutes merely provide a limited waiver of sovereign immunity *if* admiralty jurisdiction is present.  To allege injury ashore and admiralty jurisdiction, Plaintiffs must rely on the AEA.

The AEA contains an explicit administrative remedy exhaustion requirement that mirrors that of the FTCA:  "[N]o suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 U.S.C. app. § 740.  As discussed above, none of the three named Plaintiffs have complied with these administrative requirements.  Without compliance, Plaintiffs cannot invoke the Court's admiralty jurisdiction.  *Dept. Of Highways, State of Louisiana v. United States*, 204 F. 2d 630 (5th Cir. 1953).  *See also, Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir.), *cert. denied*, 502 U.S. 819 (1991); *Turner Terminals Inc. v. United States*, 177 F.2d 844 (5th Cir. 1949); *Hahn v. United States*, 218 F. Supp. 562 (E.D. Va. 1963).

Accordingly, whether the applicable waiver of sovereign immunity is provided by the FTCA, the SAA, or the PVA, Plaintiffs' tort causes of action against the United States must be dismissed because of their failure to exhaust their administrative remedies.

### III. Plaintiffs' Cause of Action for Environmental Damage Must be Dismissed for Lack of Subject Matter Jurisdiction.

Plaintiffs' fifth cause of action alleges that the United States has "caused environmental damage in violation of the Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*" Complaint ¶ 85. Although Plaintiffs' Complaint includes numerous factual allegations regarding the allegedly detrimental impacts of the MRGO, nowhere do Plaintiffs identify any actions by the United States or any of its agencies that allegedly violate the Act. *See generally* Complaint ¶¶ 84-86. Even if Plaintiffs' Complaint can be liberally read to include such allegations, however, Plaintiffs' CWA claim should be dismissed for lack of jurisdiction.

First, to the extent that Plaintiffs' Complaint could be read to allege a violation of the Act, any such violation lies wholly in the past. *See* Complaint ¶ 20 (alleging that the MRGO was "completed over 40 years ago under the supervision and control of the Army Corps"); ¶ 7 (alleging that ongoing maintenance dredging of MRGO stopped in August 2005). It is a jurisdictional prerequisite under the CWA citizen suit provision, 33 U.S.C. § 1365, that the plaintiff make a good faith allegation that the alleged CWA violations are continuous or intermittent at the time of the Complaint. *See Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987). Furthermore, this Court has concluded that the CWA "is not designed to address the facts of the case at hand. This statute addresses on-going pollution concerns, not

the alleged results of catastrophic flooding." *Berthelot v. Boh Bros. Contruction Co.*, 2006 WL 2256995, *7 (E.D. La. 2006).

Second, Section 505 of the Act, 33 U.S.C. § 1365, waives the United States' sovereign immunity to citizen suits in only two limited circumstances. First, a citizen may bring a civil action against "any person [including the United States] who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator [of EPA] or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). Any such suit must be preceded by sixty days' notice to, *inter alia*, the alleged violator. 33 U.S.C. § 1365(b)(1). As determined by this Court, compliance with this notice requirement "is condition precedent for jurisdiction." *Berthelot* at *7; *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989) (addressing similar notice provision under RCRA); *see also New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co.*, 72 F.3d 830, 833 (10th Cir. 1996) (compliance with notice provision of CWA is mandatory precondition for suit). Plaintiffs do not even allege that the United States is presently in violation of any effluent standard or limitation or order issued under the Act, let alone allege that they have provided the required notice.

A citizen may also bring an action "against *the Administrator* where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary . . . ." 33 U.S.C. § 1365(a)(2) (emphasis added). This provision is also subject to a sixty day notice requirement as a mandatory precondition for suit. 33 U.S.C.

8

§ 1365(b)(2). Even if the Plaintiffs have demonstrated that they had provided the required notice and had alleged any violation of a nondiscretionary duty, neither of which has been done, Plaintiffs would not be able to invoke this sovereign immunity waiver. The only federal agency mentioned in Plaintiffs' Complaint is the Corps, and it is the Corps' past actions that Plaintiffs apparently object to – but this sovereign immunity waiver does not apply to the Corps.[2]  As one court has observed:

> The CWA expressly permits suits against the "Administrator," who is defined as the Administrator of EPA. . . . [T]he Court may not extend the waiver beyond the statute's express terms to include the Corps. This conclusion is reinforced by the fact that the statute elsewhere refers specifically to the "Secretary," meaning "the Secretary of the Army, acting through the Chief of Engineers." . . . "Administrator" thus is not a catchall term.

*Cascade Conservation League v. M.A. Segale, Inc.*, 921 F. Supp. 692, 696 (W.D. Wash. 1996) (emphasis added); *see also Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996) (section 505(a)(2) does not clearly and unambiguously waive sovereign immunity in regard to Corps). Plaintiffs' Clean Water Act claims must therefore be dismissed for lack of jurisdiction.

---

[2] Section 101(d) of the Act, 33 U.S.C. § 1251(d), defines the term "Administrator" to mean the Administrator of EPA. In contrast, where the Act refers to the Corps, it uses the term "Secretary." *See* 33 U.S.C. § 1344(d) ("The term 'Secretary' as used in this section means the Secretary of the Army, acting through the Chief of Engineers."). Nowhere in 33 U.S.C. § 1365 is the term "Secretary" used.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss the Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction should be granted and all claims against the United States and its agencies dismissed.

Dated: January 29, 2007

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        JIM LETTEN
        United States Attorney


        s/Sharon K. Shutler
        SHARON K. SHUTLER, VA Bar #31499
        Trial Attorney
        U.S. Department of Justice
        Torts Branch, Civil Division
        P.O. Box 14271
        Washington, D.C.  20044-4271
        Telephone:  (202) 616-4046
        Facsimile:   (202) 616-4159
        Sharon.shutler@usdoj.gov


        Certificate of Service

I do hereby certify that I have on this 29th day of January, 2007 served a copy of the foregoing pleading on counsel of all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.


        /s/ Sharon K. Shutler