UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Vanderbrook*, No. 05-6323 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF RULE 54(b) JUDGMENT
BY HARTFORD INSURANCE COMPANY OF THE MIDWEST**

**MAY IT PLEASE THE COURT:**

Defendant Hartford Insurance Company of the Midwest, incorrectly named as Hartford Insurance Company ("Hartford"), respectfully submits this memorandum in support of its Motion for Entry of Rule 54(b) Judgment.

Rule 54(b) expressly allows parties involved in multi-party litigation to obtain the entry of judgment as to fewer than all of the parties.  The rule provides in relevant part:

> When more than one claim for relief is presented in action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination and direction that there is no just reason for delay and upon an express direction for the entry of judgment.

1

Fed. R. Civ. Pro. 54(b). As both the rule's text and the Supreme Court have made clear, a district court in granting a motion to certify a judgment under Rule 54(b) must make two determinations. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980). First, the district court must determine that "it is dealing with a 'final judgment.'" *Id*. at 7. The judgment is final if "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (*quoting Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 100 L. Ed. 1297, 76 S. Ct. 895 (1956)). The second finding the district court must make is that there exists no just reason for delay. *Curtiss-Wright Corp.*, 446 U.S. at 8.

In the present case, a Rule 54(b) judgment is appropriate as the judgment as to Hartford is final and there is no just reason for delay. On November 27, 2006, this Court granted Hartford's Rule 12 Motion to Dismiss [Doc. #572] dismissing all claims brought by the plaintiffs against Hartford, including without limitation those claims asserted by its policyholder, Jack Capella as the Executor of the Succession of Lillian Capella ("Capella Estate") [Doc. #1803]. All of the remaining claims in the litigation involve different parties. *See e.g. Ackerman v. Federal Deposit Ins. Corp.*, 973 F.2d 1221, 1225 (5th Cir. 1992) (affirming grant of Rule 54(b) certification).

**WHEREFORE,** Hartford now respectfully requests the Court to enter a final judgment under Rule 54(b) finding that there is no just reason for delay and dismissing Hartford with prejudice from the captioned matter.

Respectfully submitted:

**/s/ Seth A. Schmeeckle**
Ralph S. Hubbard III, T.A. La. Bar. # 7040
Joseph P. Guichet, La. Bar # 24441
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

> 601 Poydras Street, Suite 2775
> New Orleans, LA 70130
> Telephone:   (504) 568-1990
> Facsimile:   (504) 310-9195
> e-mail:   rhubbard@lawla.com
> jguichet@lawla.com
> sschmeeckle@lawla.com
>
> OF COUNSEL:
> Christopher W. Martin (pro hac vice)
> Texas Bar 13057620
> Federal ID 13515
> Martin R. Sadler (pro hac vice)
> Texas Bar 00788842
> Federal ID 18230
> MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
> 808 Travis Street, Suite 1800
> Houston, Texas 77002
> Telephone: (713) 632-1700
> Facsimile: (713) 222-0101
>
> **Attorneys for Hartford Insurance Company of the Midwest, incorrectly named as Hartford Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January 2007 a copy of the foregoing HARTFORD'S **MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF RULE 54(b) JUDGMENT** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

**All known counsel of record**

by operation of the court's electronic filing system.

> s/Seth A. Schmeeckle
> Seth A. Schmeeckle, La. Bar No. 27076