UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | JUDGE: DUVAL |
| LEVEE, CASE NUMBER: | * | |
| LeDUFF– 06-5260 | * | MAG. JUDGE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

**MAY IT PLEASE THE COURT,**

The plaintiff filed his complaint pursuant to state law alleging that various negligent acts were committed by the defendants. One of the named defendants is the State of Louisiana, through the Department of Transportation and Development (DOTD). DOTD is clearly entitled to sovereign immunity from the plaintiff's suit in Federal Court.

1

## I.    STANDARD FOR MOTION UNDER FED. R. CIV. P. 12(b)(1).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.[1] A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate it.[2] State sovereign immunity deprives the federal court of subject matter jurisdiction and, accordingly, is an issue properly brought in a Rule 12(b)(1) motion.[3]

The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists.[4] The same standard of review applies to motions to dismiss under Rule 12(b)(1) and motions urged pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[5] A claim may not be dismissed for lack of subject matter jurisdiction unless it appears certain that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[6] A court must take all facts as true and resolve all inferences and doubts in

---

[1] Ramming v. United States, 281 F.3d 158 (5th Cir. 2001).
[2] Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998).
[3] See e.g. Meyers ex rel. Benzing v. Texas, 410 F.3d 236 (5th Cir. 2005).
[4] Ramming, 281 F.3d at 161.
[5] See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir.2003).
[6] See Bombardier, 354 F.3d at 351; Home Builders Ass'n, 143 F.3d at 1010.

the plaintiff's favor.[7]  However, a Rule 12(b)(1) motion is not necessarily limited to the content of the complaint.[8]

## II. THE STATE OF LOUISIANA, THROUGH DOTD, IS ENTITLED TO SOVEREIGN IMMUNITY FROM THIS SUIT IN FEDERAL COURT.

The State of Louisiana is entitled to sovereign immunity from this suit in this Honorable Court.  Pursuant to the Eleventh Amendment to the United States Constitution, all claims against the State of Louisiana should be dismissed for lack of subject matter jurisdiction.  The Eleventh Amendment bars all persons from suing a state for money damages in federal court.[9]  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought.[10]

---

[7] In re Supreme Beef Processors, Inc., 391 F.3d 629, 633 (5th Cir.2004).
[8] *See* Jackson v. Westin Galleria Hotel, 2002 WL 484673 (*citing* Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981)) (holding that the Court may consider the EEOC charge in deciding the case because the 12(b)(1) motion is not limited to the content of the complaint).
[9] Ussrey v. State of Louisiana, 150 F.3d 431, 434 (5th Cir. 1998) (*citing* U.S. Const. Amend. XI; Seminole Tribe v. Fla., 517 U.S. 44, 116 S.Ct. 1114 (1996)).
[10] Cory v. White, 457 U.S. 85, 91 (1982); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986).

3

This immunity applies regardless of whether jurisdiction is asserted under this Court's original or supplemental jurisdiction.[11]

The Eleventh Amendment is not an absolute bar because states may consent to suit or Congress may abrogate the states' immunity.[12] Generally, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[13] The Louisiana Legislature clearly expresses that "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[14] Specifically, Louisiana has not waived sovereign immunity for suits under 42 U.S.C. §1983.[15] Therefore, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity.[16] The State of Louisiana does not consent to this suit and herein respectfully declines to waive its Eleventh Amendment immunity.

Congress may abrogate sovereign immunity of the states by enacting legislation pursuant to Section Five of the Fourteenth Amendment to the U.S.

---

[11] Pennhurst State School and Hospital v. Haldermann, 104 S.Ct. 900, 917-19 (1984).
[12] *Id* (*citing* Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)).
[13] Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).
[14] La. R.S. 13:5106(A).
[15] Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).
[16] Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

Constitution.[17]  Congress used this authority and chose to abrogate sovereign immunity of the states regarding Title VII claims.[18]  Congress must unequivocally express its intent to abrogate the states' Eleventh Amendment immunity.[19]  The intent to abrogate must be expressed "in unmistakable language in the statute itself."[20]  No federal claims are lodged against the State of Louisiana, through DOTD, in this case.  Therefore, congressional abrogation is irrelevant.

This Honorable Court has already recognized that DOTD is entitled to sovereign immunity from this suit in federal court.[21]

> As stated by Judge Fallon in *Lambert v. Kenner City*, 2005 WL 53307 (E.D.La. Jan. 5, 2005):
>
> As an arm of the state, DOTD is immune from suit in federal court unless it has consented to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Perez v. Region 20 Educ. Service Center,* 307 F.3d 318, 326 (5 Cir.2002). DOTD's consent must be clearly expressed in order to be regarded as a waiver of it's (sic) sovereign immunity. *Mohler v. State of Mississippi,* 782 F.2d 1291, 1293 (5 Cir.1986).[22]

---

[17] Ussrey, 150 F.3d at 434 (*citing* **Seminole** Tribe, 517 U.S. at 55).
[18] Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 2670 (1976).
[19] Ussrey, 150 F.3d at 434 (*citing* **Seminole Tribe**, 517 U.S. at 55).
[20] *Id* (*quoting* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 243 (1985)).
[21] Rec. Doc. 1231.  Order and Reasons Dismissing DOTD from three consolidated suits (05-4181, 05-6073, and 06-20).
[22] Rec. Doc. 1231 (*quoting* Lambert v. Kenner City 2005 WL 53307, *3 -4 (E.D.La. Jan. 5, 2005)).

The plaintiff in this case, like in O'Dwyer, Kirsch, and Tauzin[23], sues the State of Louisiana under state law in this Honorable Federal Court.  The State, through DOTD, respectfully declines to waive its sovereign immunity.  Therefore, defendant State of Louisiana, through the Department of Transportation and Development, should be dismissed from this suit at plaintiff's cost.

        Respectfully submitted,

        **CHARLES C. FOTI, JR.**
        **ATTORNEY GENERAL**

**BY**:   ___s/ *Michael C. Keller*_____
        **MICHAEL C. KELLER (#20895) (T.A.)**
        **PHYLLIS E. GLAZER (# 29878)**
        **STEPHEN F. BABIN (#2634)**
        **ASSISTANT ATTORNEYS GENERAL**

        **DEPARTMENT OF JUSTICE**
        **LITIGATION DIVISION**
        601 Poydras Street, Suite 1725
        New Orleans, Louisiana 70130
        Telephone No.    504-599-1200
        Facsimile No.    504-599-1212
        Email:    KellerM@ag.state.la.us
                  GlazerP@ag.state.la.us
                  BabinS@ag.state.la.us

## CERTIFICATE OF SERVICE

**I CERTIFY** that on *January 29, 2007*, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will provide service of process to *All Counsel of Record*.

        */s/Michael C. Keller*_____
        **MICHAEL C. KELLER**

---

[23] Civil Action Nos: 05-4181, 05-6073, and 06-20,  respectively.