# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NUMBER 05-4182 "K"(2) |
| | * | |
| *PERTAINS TO:* | * | JUDGE: DUVAL |
| LEVEE, CASE NUMBER: | * | |
| O'Dwyer – 06-5786 | * | MAG. JUDGE: WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANTS STATE OF LOUISIANA, STATE AGENCIES AND STATE OFFICERS FOR FAILURE TO TIMELY REQUEST SERVICE OF PROCESS

**MAY IT PLEASE THE COURT**, the plaintiffs filed this lawsuit on August 24, 2006 in the Civil District Court for the Parish of Orleans.[1] Defendant, B&K Construction removed the case to federal court.[2] The plaintiffs' petition contains no service instructions.[3]

## I.  STANDARD FOR MOTION TO DISMISS UNDER F.R.C.P. 12(b)(5).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner. "When service of process is challenged, the serving party bears the burden of proving its validity

---

[1] See *State Court Pleadings*, Rec. Doc. 1, 06-5786.
[2] Id.
[3] Id.

1

or good cause for failure to effect timely service."[4]  The sole remedy available in this case, pursuant to Fed. R. Civ. P. Rules 4 and 12(b)(5) is dismissal.

## II. THE PLAINTIFFS FAILED TO TIMELY REQUEST SERVICE ON DEFENDANTS, STATE OF LOUISIANA, ITS AGENCIES AND OFFICERS AND ACCORDINGLY, THEY SHOULD BE DISMISSED.

Louisiana law determines whether service was timely requested and properly made prior to removal.[5]  LSA R.S. 13:5107 explicitly governs service against the State of Louisiana, state agencies, and state officers.  §5107(D) clearly establishes the time limitations for requesting service of process on them and the effects of failure to timely request service.  §5107(D) states:

> (D)(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation **shall be requested within ninety days** of the commencement of the action […]
>
> (D)(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in the Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.[6]

The plaintiffs filed this lawsuit in Civil District Court for the Parish of Orleans on August 24, 2006.[7]  The plaintiffs requested service on January 11, 2007, one-

---

[4] Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir.1990).
[5] *See* Sal Ciolino & Associates v. First Extended Service Corp., 156 Fed. Appx. 621, 622 (5th Cir. 2005) (*citing* Freight Terminals, Inc. v. Ryder Sys., Inc., 461 F.2d 1046, 1052 (5th Cir. 1972)).
[6] LSA R.S. 13:5107(D)(1), (2) (emphasis added).
[7] See *State Court Pleadings*, Rec. Doc. 1. in 06-5786.

2

hundred thirty-nine (139) days after the lawsuit was filed.[8]  The plaintiffs clearly failed to request service of process on the State, its agencies and officers within 90 days of filing this lawsuit.

Louisiana Code of Civil Procedure Article 1672 requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90 day time period prescribed by article 1201(C) and La. R.S. 13:5107(D) unless good cause is shown why service could not be requested.  If the plaintiff successfully demonstrates good cause, "the court may order that service be effected within a specified time."[9]  Louisiana courts strictly construe the good cause requirement of article 1672(C).[10]  In this case, counsel for the plaintiffs has filed numerous lawsuits against the State of Louisiana both before and after this lawsuit was filed and timely requested service of process in all but this one.[11] Although most of plaintiffs' counsel's lawsuits were filed in federal court and the time limitation for service is 120 days instead of the 90 in state court, in this case plaintiffs exceeded *both* limitations.  A thorough examination of the record of this consolidated action reveals that plaintiffs never requested an extension of time to serve the State defendants.  No good cause exists for their failure to timely request

---

[8] Rec. Doc. 2816 in 05-4182.
[9] La. Code Civ. P. art. 1672(C).
[10] Barnett v. Louisiana State University Medical Center – Shreveport, 841 So.2d 725, 726, 2002-2576 (La. 2/7/03) (*citing* Norbert v. Loucks, 791 So.2d 1283, 01-1229 (La. 6/29/01)).
[11] See e.g. Civil Action Nos. 05-4181, 06-4389, 06-6099, 06-7280, 06-10811.

service in this case. It is abundantly clear, therefore, that the moving state defendants should be dismissed from this case for the failure of the plaintiffs to timely request service of process.

        Respectfully submitted,

        **CHARLES C. FOTI, JR.**
        **ATTORNEY GENERAL**

**BY**:   s/ *Michael C. Keller*
        **MICHAEL C. KELLER (#20895) (T.A.)**
        **PHYLLIS E. GLAZER (# 29878)**
        **STEPHEN F. BABIN (#2634)**
        **ASSISTANT ATTORNEYS GENERAL**

        **DEPARTMENT OF JUSTICE**
        **LITIGATION DIVISION**
        601 Poydras Street, Suite 1725
        New Orleans, Louisiana 70130
        Telephone No.   504-599-1200
        Facsimile No.   504-599-1212
        Email:   KellerM@ag.state.la.us
                    GlazerP@ag.state.la.us
                      BabinS@ag.state.la.us

## **CERTIFICATE OF SERVICE**

**I CERTIFY** that on *January 30, 2007*, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will provide service of process to *All Counsel of Record*.

       */s/Michael C. Keller*
       **MICHAEL C. KELLER**

4