UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *  CIVIL ACTION<br>*  NO.  05-4182 "K"(2)<br>*  JUDGE DUVAL<br>*  MAG. WILKINSON<br>* |
| _____ | |
| | * |
| PERTAINS TO INSURANCE: | *<br>* |
| MOONEY, 06-8602 | *<br>*<br>* |

**STATE FARM FIRE AND CASUALTY COMPANY AND CHARLES LAGARDE'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, State Farm Fire and Casualty Company ("State Farm") and Charles Lagarde ("Lagarde"), respectfully submit this Opposition to Motion to Remand.  As shown in the Notice of Removal and discussed below, the Court has subject matter jurisdiction over this matter because (1) traditional diversity jurisdiction exists under 28 U.S.C. § 1332(a) since the only non-diverse defendant is improperly or fraudulently joined; (2) original exclusive jurisdiction exists pursuant to 42 U.S.C. § 4072, which gives federal courts exclusive jurisdiction over claims with respect to flood insurance policies issued under the National Flood Insurance Program ("NFIP"); (3) original exclusive jurisdiction exists under 28 U.S.C. § 1331, which gives federal courts

jurisdiction over claims that involve substantial questions of federal law even though nominally brought as state law claims; (4) federal jurisdiction exists pursuant to 28 U.S.C. § 1442 because the Petition challenges State Farm's actions under color of a federal office or agency; (5) federal jurisdiction exists under 28 U.S.C. § 1369 and 1441(e); and (6) jurisdiction over any state law claims asserted pursuant to 28 U.S.C. § 1367 exists.  Accordingly, Plaintiff's Motion to Remand should be denied.

## I.      STATEMENT OF THE FACTS.

On August 29, 2006, Plaintiff Colleen Mooney commenced this action by filing a Petition for Damages ("Petition") against Defendants State Farm and Charles Lagarde in the Civil District Court for the Parish of Orleans.  Plaintiff claims in her Petition that she suffered damages as a result of negligence, breach of contract and breach of fiduciary duties by State Farm and Charles Lagarde.  With respect to Lagarde, Plaintiff alleges that Lagarde, *inter alia*, failed to inform and advise her regarding the availability or option to purchase excess flood insurance coverage, to advise her about the difference between her homeowners and flood policy coverage, to increase the flood insurance limits commensurate with the homeowners coverage increases, and to obtain coverage for Plaintiff's home that would cover the losses sustained to Plaintiff's property.  (Petition ¶ 10).  As discussed below, none of these allegations support a cause of action against an agent.  Moreover, any cause of action against Lagarde, if it existed (which State Farm denies), is perempted under Louisiana law.  Plaintiff also alleges that State Farm improperly adjusted her claim and in doing so, violated La. R.S. 22:658 and 22:1220, which if State Farm were found to be arbitrary and capricious in its adjusting, would allow the Court to impose punitive damages on State Farm.

In support of the removal, State Farm attached the affidavit of Kerry Babin attesting to Plaintiff's insurance coverage with State Farm.  Plaintiff owned both a State Farm

homeowners policy and a State Farm-issued Standard Flood Insurance Policy ("SFIP"). *See* Affidavit of Kerry Babin, attached hereto as Exhibit A.[1] Both policies were issued in 1995. The coverage limits on Plaintiff's homeowners policy were $155,848 for the dwelling, $15,585 for dwelling extension, and $116,886 for personal property contents. State Farm also issued Plaintiff a Standard Flood Insurance Policy ("SFIP") with coverage in the amount of $192,500 for the building and $35,800 for personal contents. *Id.* Plaintiff was paid approximately $20,576 in benefits under her homeowners policy for covered damage (primarily wind related) to the dwelling and contents. *Id.* at ¶ 4. Plaintiff was paid $228,300 in flood benefits. State Farm timely removed this suit to this Court. Plaintiff now seeks to remand.

## II.   LAW & ARGUMENT.

Plaintiff does not dispute that State Farm has satisfied the procedural requirements for removal. Plaintiff only disputes the bases for removal by State Farm. In the interest of brevity, State Farm refers the Court to the Notice of Removal for a discussion supporting subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 1369, 1441 and 1442 and 42 U.S.C. § 4072. However, this Court does not have to consider these likewise valid reasons for denial of Plaintiff's motion to remand. As recognized by several judges of this District, including this Court, under similar facts, diversity jurisdiction clearly exists under 28 U.S.C. § 1332 because the only non-diverse identified defendant, Charles Lagarde, is fraudulently joined. Moreover, the discussion below evidencing the propriety of § 1332 jurisdiction, illustrates that interpretation of the federal flood policy and the failure of Plaintiff to read her flood policy are critical elements of Plaintiff's claims against Lagarde, further supporting jurisdiction under 42 U.S.C. § 4072, which gives federal courts exclusive jurisdiction

---

[1]     The original affidavit of Kerry Babin was attached to State Farm's Notice of Removal,

over claims with respect to flood insurance policies issued under the National Flood Insurance Program.

Plaintiff has not stated and cannot state a cause of action against Lagarde under Louisiana law. Plaintiff's claims against Lagarde are based solely upon the assumption that insurance companies and insurance agents have a standing affirmative duty to relieve policyholders of any responsibility to know their own coverage needs or to read their own policies, but no such duty exists at law. No Louisiana statute, regulation, or jurisprudence imposes a duty upon an insurance agent that would relieve a customer of any responsibility for their insurance coverages. Moreover, any such claims against Lagarde would no longer exist under Louisiana law because any alleged act or omission would have taken place more than three years before Plaintiff filed this lawsuit.

## A.   **Plaintiff Has Stated No Cause of Action Under the Facts Alleged.**

While Louisiana law imposes a fiduciary duty on insurance agents in their dealings with the insured in certain instances, this is not one of those instances. The Petition alleges merely that 1) Plaintiff purchased standard homeowners and flood insurance policies from State Farm through agent Lagarde; 2) that Plaintiff relied on Lagarde's expertise with respect to her homeowners and flood insurance; 3) that Lagarde failed to obtain proper and adequate homeowners and flood coverage (but Plaintiff knew the amount of this coverage before the hurricane and said nothing); 4) that Lagarde did not advise her that she needed more homeowners and flood insurance (but Plaintiff knew the amounts of her insurance coverage and the value of her own property); 5) that Lagarde failed to obtain or recommend coverage which would provide payment for the damages Plaintiff actually suffered (the plain language of the

---

Rec. Doc. No. 1.

851487v.1

homeowners and flood policies contains clear language of what is covered under the policies); and 6) that Lagarde failed to provide excess flood coverage. Thus, the gist of Plaintiff's claims against Lagarde revolve around the language of the federal flood policy (invoking federal jurisdiction in itself) and the homeowners policy, Plaintiff's failure to read her policies, and Plaintiff's attempt to relinquish her responsibility to know her own coverage needs. Louisiana courts and federal courts interpreting Louisiana law have denied the relief requested under each of these theories.[2]

In *Whitehead v. State Farm Insurance Co, et al.*, No. 06-8115, Rec. Doc. 9 (E.D. La. 12/15/06), Judge Berrigan denied a motion to remand holding that an insurance agent has no duty to independently assess a client's insurance needs and recommend coverage. There, plaintiffs sued their insurer and their insurance agent. With respect to their agent, plaintiffs alleged that they "retained [the agent] to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect the building." *Id.* at p.3 They further alleged that their agent should have assessed their insurance needs and

---

[2]     Nor does the Petition present factual allegations that establish that Lagarde otherwise assumed such obligations. Louisiana courts have held that in order to hold an insurance agent liable for failure to procure insurance for another, the complainant must allege and prove: 1) an undertaking or agreement by the insurance agent to procure insurance, 2) failure of the agent to use reasonable diligence in attempting to place the insurance requested and failure to notify the client promptly if he has failed to obtain the insurance, and 3) the actions of the agent warranted an assumption by the client that he was properly insured. *See e.g., Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So. 2d 728, 730-731 (La. 1973). The Petition makes no allegations that purport to establish any of these elements. It neither alleges that the Plaintiff ever requested information regarding the availability of more flood insurance; nor that Lagarde offered or agreed to procure more flood insurance for the Plaintiff, or to advise her about additional flood coverage. Rather, Plaintiff asserts merely that Lagarde never told Plaintiff that excess flood insurance could be purchased. Significantly absent is any averment that Plaintiff ever asked Lagarde about the availability of more flood insurance. The facts as alleged fail to set forth an undertaking to provide information about excess flood coverage.

that he breached an agreement with them to procure adequate insurance coverage. *Id.* State Farm removed the case asserting traditional diversity jurisdiction contending that the insurance agent was fraudulently joined because plaintiffs had not stated a cause of action against the agent under Louisiana law. The court agreed with State Farm and denied plaintiffs' motion to remand. The court found that "no case imposes a duty on an agent to identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage." *Id.* at p. 4 (citing *Bilbe v. Belsom, et al.*, 2006 WL 3388482 (E.D. La. 11/21/06) (Barbier, J.), and *Dobson v. Allstate Ins. Co.*, 2006 WL 7078423 (E.D. La. 7/21/06)). The plaintiffs there, like Plaintiff here, did not allege that they requested a specific type or amount of coverage which the agent then failed to provide, but rather that the agent failed to independently and unilaterally assess the plaintiffs' insurance needs and recommend higher coverage. *Id.* As held by this Court, no such duty on the part of the agent exists under Louisiana law. *Id.*

Other judges in the Eastern District, using similar reasoning, also have held that there is no standing duty for an agent to advise an insured about the availability of private flood insurance in excess of the amount available under the NFIP, notwithstanding claims of underinsurance or discrepancies in the amounts of flood vs. homeowners coverages. For instance, in *Dobson, et al. v. Allstate Ins. Co., et al.*, Nos. 06-0252, 06-1097, 06-1064, 06-1255, 06-1734, and 06-1585, 2006 WL 2078423, *10 (E.D. La. July 21, 2006), in denying plaintiff's motions to remand in cases 06-1064 and 06-1585, Judge Vance noted that no Louisiana case imposes a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage. Like the Plaintiff here, the *Dobson* plaintiffs alleged that their respective agents failed to inform them that they were underinsured. Even further, like the Plaintiff here, the *Dobson* plaintiffs averred that the agent

- 6 -

negligently assured them that their insurance "'would cover and insure them for all damages caused by a hurricane.'" *Id.* at \*9.  The plaintiffs there, as in this case, did not allege that they made a specific inquiry of their agents for a particular type or amount of coverage in connection with the renewal.  *Id.*  Instead, plaintiffs argued that their agents negligently omitted to supply information or supplied incorrect information to them at the time of renewal, thereby causing plaintiffs to suffer uninsured losses from Hurricane Katrina.  The court, however, ruled that even accepting as true that the agents told plaintiffs that they were insured for all damages caused by hurricanes, the plaintiffs could not prove justifiable reliance on the alleged misrepresentations because they were charged with knowledge of the terms of the policies.  *Id.* at \*11-12.  Thus, the plaintiff knew the coverage limits and should have known that certain types of damages were excluded from coverage.  The motion to remand was denied because the agent was fraudulently joined.

In *Parker v. Lexington Ins. Co., et al*, 2006 WL 3328041 (E.D. La. 11/15/06) (Zainey, J.), the court held that there is no reasonable basis for predicting that Louisiana law might impose liability on an insurance agent for an alleged failure of a purported duty to inform customers about and/or advise customers to purchase excess flood insurance.  There, plaintiffs sued their insurer for the alleged improper adjustment of their Katrina claims and their insurance agent for an alleged failure to advise them of the availability of private flood insurance in excess of the amount available under the NFIP, thus causing them to be underinsured.  Lexington removed the case asserting traditional diversity jurisdiction contending that the insurance agent was fraudulently joined because plaintiffs had no cause of action against the agent under Louisiana law.  The court agreed with Lexington and denied plaintiffs' motion to remand.  The court found that the case did not fall under *Karam* because the agent procured the coverage requested.  The

court also found that the case did not involve a failure to give advice about an area in which the agent had superior knowledge given the agent's insurance expertise because the plaintiffs "were in a far better position than Bubrig [their agent] to know that their property was worth more than the coverage limits that they selected." *Id.* at p.9. "In fact, in the single Louisiana case to address the issue, the Second Circuit concluded that an agent has no duty to counsel an insured on policy limits." *Id.* at p.10 (citing *Smith v. Millers Mutual Ins. Co.*, 419 So.2d 59, 64-65 (La. App. 2d Cir. 1982)). These holdings apply here as well.

In *Sullivan, et. al. v. State Farm Fire and Cas. Ins. Co.*, No. 06-0004 (E.D. La. 4/6/06), Rec. Doc. Nos. 42, 44,[3] this Court noted that there is no support for the contention that an insurance agent owes a duty to advise of the potential availability of excess flood insurance, This Court stated:

> There is not one case that I can find in the United States that has held an agent and/or company liable for not advising someone that there's another insurance out - - or not saying 'Oh you'd better get excess insurance'

*Sullivan, et. al. v. State Farm Fire and Cas. Ins. Co.*, No. 06-0004, Rec. Doc. No. 44 at pp. 23-24. In further response to the allegations that an agent has a purported standing duty at law to advise of excess flood, this Court stated:

> But as this thing is pled, it's that duty exists period. If it's the first time you walk into an insurance company, that duty exists from when you walk in the door, I want some flood insurance. Here's the policy. And then you're saying there's a duty to say Well, do you really want more? *I don't see that in the law, sir.*

*Id.* at p. 29 (emphasis added). This Court further held that plaintiffs failed to state a cause of action against State Farm and the agent, where, as here, plaintiffs did not allege facts evidencing

---

3       This Court did not rule on the fraudulent joinder issue in the context of plaintiffs' motion to remand because the Court maintained federal jurisdiction under CAFA and thus found it unnecessary to reach the fraudulent joinder issue.

an undertaking by the State Farm agent to advise about and/or offer excess flood insurance. *Id.,* Rec. Doc. Nos. 42 and 44.

*Frischhertz v. Lexington Insurance Co.*, 2006 WL 3228385 (E.D. La. 11/03/06) (Barbier, J.), is another case where the court, addressing similar issues, denied the plaintiff's motion to remand. There, the plaintiff sued her insurance company for the alleged improper adjustment of her Katrina homeowners claim, the wholesale broker ("Hull") operating as a program administrator for the insurer, and the retail producer through whom the broker issued the insurer's homeowners policies ("Stiel"), asserting that Hull and Stiel breached purported fiduciary duties to advise plaintiff with regard to recommended coverage on her properties and to advise her that she was underinsured. Lexington removed the case contending that Hull and Stiel were fraudulently joined because no causes of action were asserted against them under Louisiana law and the court agreed. The court held that there are no cases that impose a duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage. *Id.* at p.5 (citing with approval *Dobson*, 2006 WL 2078423 (E.D. La. 7/21,06). Indeed, and as noted by Judge Barbier, in *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990), the Fifth Circuit has held that, "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." *Id.* Further, Judge Barbier noted his decision in *Sullivan v. State Farm Fire and Cas. Co.*, 2006 WL 2119320 (E.D. La. 2006) (Barbier, J.) was inapplicable, as it is here, because it involved an agent who represented that he had applied for flood contents coverage, when, in fact, he had not. *Id.*

Similarly, in *Bilbe v. Belsom, et al.*, 2006 WL 3388482 (E.D. La. 11/21/06), another case in which plaintiff sued its insurer and its insurance agent, Judge Barbier ruled that

- 9 -

federal subject matter jurisdiction existed pursuant to traditional diversity because the plaintiff was unable to state a claim against the agent who was the only non-diverse defendant. There, as here, the plaintiff did not allege that she specifically asked her agent questions about her policy coverage that he answered incorrectly. *Id.* at p. 2. Nor did the plaintiff allege that she requested a specific amount of coverage and that the agent failed to provide her with the requested coverage. *Id.* at p.3. Finding no cases that impose a duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage, the court held that the plaintiff could not state a viable claim against the agent and the agent's citizenship should not be considered for purposes of removal. *Id.* (citing approvingly *Dobson v. Allstate Ins. Co.*, 2006 WL 7078423 (E.D. La. 7/21/06)).

Louisiana state courts, in analogous situations, have similarly found no duty owed by the insurance company or agent to advise actual or prospective insureds. For instance, in *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769 (La. App. 3 Cir. 2002), the court held that the insurance agent and agency had no duty, either in contract or in tort, to inquire into the insureds' financial condition and advise them to carry higher liability limits or purchase an umbrella policy even though the additional coverage was available from the defendant companies. 821 So. 2d at 773-74. In that case, the plaintiffs, State Farm insureds, had been involved in an automobile accident. *Id.* at 770. The owners of the other vehicle involved in the accident, the Roys, sued the Graves. *Id.* Ultimately, the Graves and State Farm settled with the Roys for an amount that exceeded the Graves' liability limits. *Id.* The Graves then brought suit against State Farm, and the insurance agency and agent that issued the Graves' policy, to recover their contribution to the settlement, asserting that State Farm, and the insurance agency and agent that issued the Graves' policy had a duty, both in contract and in tort, to advise them to carry

- 10 -

higher liability limits or purchase an umbrella policy. *Id.* The evidence established that the Graves had been doing business with the agency for approximately ten years prior to the accident. *Id.* at 772. However, there was no evidence that they asked the defendants for insurance advice. *Id.* at 772-73. Thus, the court found nothing to establish that any of the defendants ever assumed a duty to advise the plaintiffs or that the defendants failed to procure the coverage requested by the plaintiffs. *Id.* at 773-74.

In *Jones v. Webb,* 821 So. 2d 614 (La. App. 2d Cir. 2002), the court held that an insurance agent has no fiduciary duty to procure an umbrella policy unless specifically asked to do so. *Id.* at 614, 617. That case involved an underlying automobile accident in which one of the motorists involved in the accident, and her husband, both of whom worked for a corporation owned by their son, brought a personal injury lawsuit against a number of defendants, including the insurance agency that had procured the corporation's commercial general liability policy. *Id.* at 615. Plaintiffs argued that the defendants had breached a fiduciary duty to recommend and procure umbrella coverage. *Id.* at 617. However, there was no evidence that the husband, who was in charge of procuring the corporation's insurance, ever specifically requested umbrella coverage. *Id.* The court found no support for plaintiffs' argument that the insurance agent and agency had a standing duty to procure any coverage other than what the plaintiffs specifically requested. *Id.* Thus, without any evidence establishing that the plaintiffs specifically requested umbrella coverage, the court held that no such duty existed. *Id.*

In *Smith v. Millers Mut. Ins. Co.*, 419 So. 2d 59 (La. App. 2d Cir. 1982), a lawsuit arising out of a motor vehicle accident, the defendant brought a third-party demand against the insurance agency and agent that had procured his liability policy. He alleged that the third party defendants were negligent and breached a fiduciary duty to obtain liability insurance coverage

- 11 -

with higher limits and to obtain an umbrella policy. *Id.* at 61. The defendant argued that the insurance agency and agent were negligent in failing to recommend higher limits, in failing to advise him of the availability of a higher single limit policy, and in failing to obtain an umbrella policy. *Id.* The court noted that an individual may recover from an insurance agency or agent for loss arising out of an insurance agent's failure to obtain insurance coverage by proving (1) an undertaking by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to promptly notify the client if he fails to obtain the insurance, and (3) the actions or the agent warranted an assumption by the client that he was properly insured. *Id.* However, the court found that the agent discharged his duty to the defendant by procuring the insurance requested by the defendant. *Id.* at 64. The court went on to note that the stated liability limits of an insurance policy is not a complex matter and

an insured should be held to have read and know the liability limits of his automobile insurance policy, plainly disclosed on the face of the policy, particularly where, as here, the insured is an educated, experienced businessman, signed an application showing the policy limits, and has received copies of his policy each year for several years with advice to review it.

*Id.* at 65.

The Louisiana cases that address procurement amply show that there is no reasonable possibility Plaintiff can establish a cause of action against Lagarde. The courts in *Graves*, *supra*; *Jones*, *supra*; and *Smith*, *supra*, all found that the insurers and/or insurance agencies and agents had no duty to procure the insurance coverage at issue. Here, the terms and conditions of the flood policy purchased by the Plaintiff, specifically the policy limits, are clearly set forth, leaving the Plaintiff with no doubt as to the extent of her coverage. Plaintiff's Petition is nothing more than a post-Katrina attempt to retroactively impose a duty when no such duty exists at law.

851487v.1

As set forth by the Louisiana Supreme Court in *Karam* and its progeny, insurance agents in Louisiana have a duty only to use reasonable diligence in attempting to place the insurance requested. *See e.g., Karam*, 281 So.2d at 728. Louisiana law does not, however, impose a duty on an agent to "spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." *Dobson*, 2006 WL 2078423 at *10. Here, Plaintiff makes no allegations that Plaintiff requested that Lagarde provide any insurance other than the federal flood insurance or homeowners insurance that she did purchase through Lagarde. Thus, where as here, the Petition contains no allegations that the defendant agent undertook to advise about or provide anything other than the insurance *actually obtained* by the agent, Plaintiff's claims against the agent fail to state a cause of action.

Further still, Louisiana law recognizes actions for negligent misrepresentation leading to pecuniary loss only when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from *justifiable* reliance on the misrepresentation. *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So.2d 106, 123 (La. Ct. App. 2005); *see also Devore v. Hobart Mfg.*, Co., 367 So.2d 836, 839 (La. 1979). Thus, in order to recover for negligent misrepresentation, Plaintiff must not only identify the "misrepresentation," but also prove that she *justifiably* relied on Lagarde's alleged misrepresentations about Plaintiff's policies. *Dobson*, 2006 WL 2078423 at * 11 (citing *Abbot v. Equity Grp., Inc,.* 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1131 n.33 (5th Cir. 1988), *vacated on other grounds*, 492 U.S. 914 (1989)). The Petition here does not state a claim for negligent misrepresentations or omissions. Plaintiff simply cannot show justifiable reliance on any alleged

misrepresentations about Plaintiff's policies, because the flood and homeowners policies themselves belie the alleged misrepresentation.

Plaintiff further alleges that Lagarde failed to obtain or recommend insurance coverage which would provide coverage or payment for the losses that Plaintiff actually suffered. Again, the facts belie the assertions the Petition. Lagarde procured a State Farm homeowners insurance policy that covered certain hurricane-related damages. The homeowners policy excludes flood damage, regardless of its cause. Plaintiff was paid for hurricane-related damages under her homeowners policy that were not otherwise excluded. Indeed, Plaintiff was paid a total of $20,576 in benefits under her homeowners policy for hurricane-related damages. Plaintiff was also paid $223,300 in flood benefits. Accordingly, the claims against Lagarde must fail because Lagarde procured a policy that provided coverage for hurricane-related damages that were not otherwise excluded by the homeowners policy as well as a flood policy that covered flood related damages.

And, as noted above, an insured is responsible for reading her policy and presumed to know its terms. *See e.g.*, *Dobson*, 2006 WL 2078423 at \*11; *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990); *Stephens v. Audobon Ins. Co.*, 665 So.2d 683, 686 (La. Ct. App. 1996) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 337 (La. Ct. App. 1985)); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. Ct. App. 1989)). Plaintiff does not dispute that State Farm issued Plaintiff's SFIP and homeowner policies in 1995. Exh. A, Affidavit of Kerry Babin. Thus, Plaintiff received her policies, with the coverage limits, terms, and exclusions, approximately 10 years before Hurricane Katrina.

Plaintiff is charged with knowledge of the coverage limits and terms of her policies. Plaintiff has no viable claim against Lagarde for not telling her what was readily

- 14 -

851487v.1

apparent from the face of the policies -- including the coverage limits selected by Plaintiff.
Accordingly, there is no reasonable possibility that Plaintiff would be able to establish a cause of
action against Lagarde.

## B.     Plaintiff's Claims Against Lagarde Are Time-Barred Under Louisiana Law.

Plaintiff's claims against Lagarde are perempted under Louisiana Revised Statute

§ 9:5606. La. R.S. 9:5606 provides in pertinent part:

> No action for damages against any insurance agent . . . whether based upon tort,
> or breach of contract, or otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . . . within one year from the date
> of the alleged act, omission, or neglect, or within one year from the date that the
> alleged act, omission, or neglect is discovered or should have been discovered.
> However, even as to actions filed within one year from the date of such discovery,
> in all events such actions shall be filed at the latest within three years from the
> date of the alleged act, omission, or neglect.

Thus, under the express terms of the statute, regardless of whether a plaintiff sues within one

year of discovering his cause of action, the claim is perempted if he does not bring it within three

years of the act, omission, or neglect. La. R.S. 9:5606. Subsequent renewals of insurance

policies do not restart the prescriptive period on torts committed at the time of initial purchase.

*See Dobson*, 2006 WL 2078423 at *8; *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83

(La. Ct. App. 2004) (peremptive period ran from the date of purchase because the renewal

process did not afford the insurance agent the opportunity to make further misrepresentations

about the policy); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d, 377, 382-83 (La. Ct. App.

2003) (same); *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3

(E.D. La. 2005). Further, peremptive statutes are not subject to suspension. *Reeder v. North*,

701 So.2d 1291 (La. 1997).

In *Bilbe v. Belsom, supra.*, the court also held that the plaintiff's claims against the

agent were perempted under La. R.S. 9:5606. 2006 WL 3388482 at 2. The insurance policy at

issue in that case was purchased by the plaintiff in 1993 and there were no allegations that the plaintiff specifically asked the agent questions about her policy coverages that the agent failed to answer. *Id. See also Cresson v. State Farm Fire and Casualty Company*, 2006 WL 2912824 (E.D. La. 10/05/06) (McNamara, J.) (denying motion to remand under traditional diversity jurisdiction because the claims against the agent, similar to the claims presented here, were perempted under La. R.S. 9:5606 as the policy was issued in 2000); *White v. State Farm Fire & Casualty Co., et al.*, No. 06-7414, Rec. Doc. 9 (E.D. La. 12/18/06) (Duval, J.) (denying motion to remand based on traditional diversity jurisdiction because the claims against the agent were perempted as the policies were issued in 1982 and 1983 and renewals did not re-start the peremptive period).

It is undisputed that State Farm issued Plaintiff's flood and homeowners policies to Plaintiff in 1995. Plaintiff's Petition contains no allegations that Plaintiff specifically asked the agent questions about her policy coverages that the agent failed to answer. Plaintiff did not file the lawsuit until August 28, 2006. Renewals do not operate to re-start peremption. *See Dobson*, 2006 WL 2078423 at *8; *see also Biggers*, 886 So.2d at 1182-83; *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d at 382-83. Significantly, Plaintiff does not allege that she ever inquired about, or requested additional homeowners coverage, additional flood coverage or excess flood insurance. Further, only the Plaintiff could describe how much coverage was "sufficient" since Plaintiff was in the best position to determine whether there was a difference in the amount of coverages she purchased under her homeowners policy and the amount purchased under the federal flood policies. *See e.g., Dobson*, 2006 WL 2078423 at *11 (insured is responsible for reading his policy and presumed to know its terms); *see also id.* at *10 (finding no case requiring agent to "spontaneously identify a client's needs and advise him as to whether

- 16 -

he is underinsured or carries the right type of coverage"). Plaintiff's claims against Lagarde therefore are time-barred by La. R.S. 9:5606. Because Plaintiff would be unable to establish a cause of action against Lagarde, Lagarde is improperly or fraudulently joined and his Louisiana residency cannot be considered for diversity purposes. *Dobson*, 2006 WL 2078423, *7-9 (denying motions to remand because diversity jurisdiction existed as claims against agents were prescribed and/or perempted under Louisiana law); *Amie v. State Farm Fire and Casualty Co., et al.*, No. 06-3416, Rec. Doc. No. 29 (E.D. La. 9/13/06) (Feldman, J.) (denying motion to remand because diversity jurisdiction existed as claims against the agent were perempted under Louisiana law), *reconsideration denied*, 2006 WL 3068819 (E.D. La. 10/25/06) (slip opinion).

State Farm's removal is properly before this Court because this Court has subject matter jurisdiction under 28 U.S.C. § 1332. And even if a remand is ordered, an award of attorney's fees is not appropriate because State Farm's bases for removal are well-supported in law and on the face of the Petition.

## C.     The Plaintiff Is Diverse from All Properly Joined Defendants and the Amount in Controversy Exceeds the Jurisdictional Amount.

Diversity exists in this case because all properly joined defendants are diverse from the Plaintiff. As discussed above, Plaintiff cannot prove any claims against Lagarde and his citizenship should be disregarded for purposes of considering whether diversity jurisdiction exists.

Moreover, the amount in controversy herein exceeds $75,000. Plaintiff alleges that her home and its contents were destroyed in Hurricane Katrina. (Petition ¶ 2). As noted above, when Hurricane Katrina struck, the coverage limits under the Plaintiff's State Farm homeowners policy were $155,848 for the dwelling, $15,585 for dwelling extension, and $116,886 for personal property contents. Her flood coverage limits were $192,500 for the

- 17 -

building and $35,800 for contents. Plaintiff was paid $228,300 in benefits under this flood claim

and approximately $20,576 in benefits under the homeowners policy. *See* Exhibit A, Affidavit

of Kerry Babin. Plaintiff asserts that she is entitled to receive the full policy limits of her

homeowners policy under La. R.S. 22:695. (Petition at ¶ 24). Since plaintiff was paid $20,575

under the homeowners policy, $135,273 less than the $155,848 policy limit, the $75,000 amount

in controversy is easily met.

Plaintiff also seeks bad faith penalties, attorneys fees and costs under La. R.S.

22:658 and 1220. (Petition ¶ 18-19). While State Farm disputes that the revisions to § 658 apply

to this case, and rather that the prior version of § 658 (which did not allow attorneys fees) is the

law applicable to this case, the amount in controversy must be determined by the complaint as

pleaded. While State Farm admits no liability nor any element of damages, when the penalties

claimed by Plaintiff are factored in, it is facially apparent from the Petition that the amount in

controversy likely exceeds the $75,000 threshold amount required by 28 U.S.C. § 1332(a).

## III. The Court May Exercise Supplemental Jurisdiction Over Any Remaining State Law Claims.

To the extent that any of Plaintiff's claims against State Farm are not subject to

federal jurisdiction under 28 U.S.C. §§ 1332 or 1369, the Court has jurisdiction over such claims

under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367; *see generally Exxon Mobil Corp. v. Allapattah Servs.,*

*Inc.*, 125 S. Ct. 2611, 2620-21 (2005); *Stay-N-Play Discovery School*, 2006 WL 2947878 at *2

(E.D. La. Oct. 14, 2006) (Duval, J.).

- 18 -

To find that claims are "so related" and "form part of the same case or controversy" for section 1367 jurisdiction, the Court must determine whether Plaintiff's claims "derive from a common nucleus of operative fact." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997). All of Plaintiff's claims against State Farm relate to 1) Plaintiff's damages from Hurricane Katrina to Plaintiff's home or, alternatively, to 2) State Farm's adjustment of Plaintiff's Hurricane Katrina flood and homeowners claims and thus "derive from a common nucleus of operative fact." The Court has original jurisdiction over this suit because Plaintiff's claim involves recovery under her SFIP for losses due, in part, from flooding, and the Court must interpret Plaintiff's SFIP. And while the Court does not have original jurisdiction over the state law claims, because of the factual connexity of the state law claims and the federal claims, it is appropriate for this Court to employ supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. *See, e.g., Stay-N-Play*, 2006 WL 2947878 at *2.

Further, should the Court find jurisdiction under 28 U.S.C. § 1369 and/or 1441(e), but also find that there has not been a fraudulent joinder, then the Court would have jurisdiction over the claims against Lagarde under 28 U.S.C. § 1367 as well.

## IV. Alternatively, Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1441(e)(1)(B).

Removal is permitted, pursuant to 28 U.S.C. § 1441(e)(1)(A), in cases where the federal courts have original jurisdiction under 28 U.S.C. § 1369, and pursuant to 28 U.S.C. § 1441(e)(1)(B), in actions not otherwise removable where a defendant is a party to a different case which was brought or could have been brought in federal court under 28 U.S.C. § 1369. State Farm is a defendant in a number of other Hurricane Katrina-related lawsuits pending in the United States District Court for the Eastern District of Louisiana, which were or could have been

brought in federal court under 28 U.S.C. § 1369.[4]  State Farm respectfully refers the Court to its

Notice of Removal for a discussion of those cases and additional authorities cited therein.  Thus,

under the language of 28 U.S.C. § 1441(e)(1)(B), because State Farm "is a party to an action which

is or could have been brought, in whole or in part, under section 1369 in a United States district

court and arises from the same accident as the action in State court", the

above-captioned matter is removable "even if the action to be removed could not have been

brought in a district court as an original matter."

## V.   CONCLUSION.

This Court has original jurisdiction over this action and should deny Plaintiff's

Motion to Remand.

Respectfully submitted,

Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Lesli D. Harris, 28070
    Of
STONE PIGMAN WALTHER
  WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Attorneys for State Farm Fire and Casualty
Company and Charles Lagarde

---

[4]   State Farm disputes that the cumulated parties in the putative class, mass, and individual
actions pending against State Farm in the Eastern District and cited herein are properly
cumulated.  State Farm further denies that the claims asserted in these suits are properly
asserted and/or have any validity.

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing State Farm Fire and Casualty Company and Charles Lagarde's Opposition to Motion Remand has been served upon the following counsel of record by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 30th day of January, 2007:

Gerald Weeks
Weeks, Kavanagh & Renderio
810 Union Street, Second Floor
New Orleans, Louisiana 70112

- 21 -