UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

CIVIL ACTION

NO. 05-4182

PERTAINS TO:
*Steudlein*, C.A. No. 06-7307

SECTION "K" (2)

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.Nos. 1852, 1853).[1] Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant Hylton Petit, Jr., is improperly joined. Defendants maintain that action against Hylton Petit, Jr. is perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.)

---

[1] There a two pending Motions to Remand in this proceeding that allege the same grounds in support of the motion. This Order is applicable to both motions.

1

(misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The policy was issued in May 1999, and suit was not filed until well over a year after issuance of the policy. All of the insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶ XXII (Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against him are perempted, Defendant Hylton Petit, Jr. is improperly joined in this action, and with Mr. Petit's dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 1852, 1853) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hylton Petit, Jr. is **DISMISSED**

New Orleans, Louisiana, on this 29th day of January, 2007.

STANWOOD R. DUVAL, JR.

**UNITED STATES DISTRICT COURT JUDGE**