## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | **NO. 05-4182 "K" (2)** |
| | * | **JUDGE DUVAL** |
| | * | **MAG. WILKINSON** |
| **PERTAINS TO ST. RITA:** | * | |
| | * | |
| **Alfonso (06-9641)** | * | |
| **Aliff (06-9642)** | * | |
| **Alonzo (06-8759)** | * | |
| **Anguzza (06-9038)** | * | |
| **Beatmann (06-8947)** | * | |
| **Bell (06-9037)** | * | |
| **Berthelot (06-8810)** | * | |
| **Bracklein (06-7633)** | * | |
| **Conlon (06-9321)** | * | |
| **Cousins (06-9193)** | * | |
| **Darsam (06-9569)** | * | |
| **DePascual (06-8982)** | * | |
| **Dorand (06-9191)** | * | |
| **Franz (06-10426)** | * | |
| **Frischhertz (06-8821)** | * | |
| **Gallodoro (06-9206)** | * | |
| **Gonzales (06-8972)** | * | |
| **Herzog (06-8992)** | * | |
| **Hubert (06-8219)** | * | |
| **Johnson (06-7400)** | * | |
| **Kenney (06-7355)** | * | |
| **Kramer (06-7457)** | * | |
| **Lepine (06-8881)** | * | |
| **Lewis (06-8107)** | * | |
| **Lopez (07-0269)** | * | |
| **Lott (06-9236)** | * | |
| **Montalbano (06-8963)** | * | |

| | |
|---|---|
| **Morales (06-5962)** | * |
| **Mullins (06-7802)** | * |
| **Poissenot (06-7858)** | * |
| **Rodrigue (06-6639)** | * |
| **Sanderson (06-8731)** | * |
| **Thedy (06-8106)** | * |
| **Thomason (06-9192)** | * |
| **Verges (06-8731)** | * |
| **Vidrios (06-10790)** | * |
| **Wagner (06-8761)** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Third-Party Defendant, Lake Borgne Basin Levee District, ("LBBLD"), submits the following Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. For reasons more fully set forth below, LBBLD urges this Honorable Court to grant its Rule 12(b)(6) Motion to dismiss with prejudice the Third-Party Demands of Third-Party Plaintiff, Buffman, Inc., a Louisiana Business Corporation d/b/a St. Rita's Nursing Home, against Third-Party Defendant, LBBLD.

**I.    STATEMENT OF FACTS**

The Petitions for Damages filed by Plaintiffs against Buffman, Inc., a Louisiana Business Corporation d/b/a St. Rita's Nursing Home ("St. Rita's") allege, among other things, that St. Rita's negligently failed to evacuate St. Rita's Nursing Home residents prior to the storm making landfall.[1]

---

1  See Plaintiffs' Petitions.

2

The Petitions for Damages do not assert any claims or allege any fault against LBBLD. The Petitions for Damages do not name LBBLD as a defendant.[2] Third-Party Plaintiff, Buffman, Inc. d/b/a St. Rita's Nursing Home filed Third-Party Demands against LBBLD due to alleged breaches in the Lake Borgne Basin Levee system which resulted in flooding of St. Bernard parish.[3] As a consequence of the flooding, it has been alleged that St. Rita's Nursing Home was damaged and thirty-five residents of the home perished.[4] St. Rita's Third- Party Demands seek indemnity and/or contribution in tort from the Third-Party Defendant in the event that St. Rita's is cast in judgment.[5] St. Rita's also brings the Third-Party Demands seeking apportionment of liability pursuant to Article 2324 of the Louisiana Civil Code.[6]

## II.   LAW AND ARGUMENT

Third-Party Defendant, LBBLD, moves for dismissal of St Rita's Third-Party Demands pursuant to Rules 12(b)(6). The Third-Party Demands fail to state a claim upon which relief can be granted against LBBLD. Specifically, under Louisiana law, there is no cause of action for tort indemnity or contribution from LBBLD in the event St. Rita's is cast in judgment, for the reasons set forth more fully below:

### A.   1996 Tort Reform Eliminates Solidarity

---

2  *Id.*

3  See Third-Party Demands at para. II

4  *Id.*

5  *Id.* at IV.

6  *Id.* at IV.

As part of the tort reform legislation enacted in 1996, Louisiana adopted a pure comparative fault system, in which no party can be held liable for more than its share of the damages.[7] Consequently, St. Rita's has no tort claim for contribution or indemnity against LBBLD.

Louisiana Civil Code articles 2323 and 2324 have effectively eliminated causes of action for contribution and indemnity except in willful or intentional tort cases.[8] In this case, there is no intentional or willful tort claim alleged against LBBLD. Louisiana Civil Code article 2323 provides in pertinent part:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
>
> B. *The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.*

La. Civ.Code art. 2323 (emphasis added).

---

7 See *Dumas v. State of La. through DCRT*, 828 So.2d 530, 535; see also *Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998) (the amended Civil Code articles 2323 and 2324 revoked solidarity for non-conspiratorial acts and expressed defendant's liability instead as a joint and divisible obligation. "A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person.").

8 *Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415 at *1 (E.D. La. 2001); *Osgood v. Branam Enterprises*, 2000 WL 622608 at *3 (E.D. La. 2000) (citing *Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998)).

4

Louisiana Civil Code article 2324 provides that only a party who conspires with another to commit a willful or intentional act shall be solidarily liable for damages. It states in relevant part:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
>
> B. *If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person,* including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

La. Civ. Code art. 2324 (emphasis added).

As set forth below, Articles 2323 and 2324, as amended, have eliminated a cause of action for contribution and tort indemnity except in very limited circumstances not applicable in the instant case.

### B.    Contribution Cause of Action

The substantive basis for the right to claim contribution is subrogation to the plaintiff's rights among remaining tortfeasors. La. Civ. Code arts. 1804-1805. Contribution permits a tortfeasor who has paid more than his share of a solidary obligation to seek reimbursement from other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each. *Hamway v. Braud*, 2001 CA 2364 (La. App. 1 Cir. 11/08/02), 838 So.2d 803, 807. Accordingly, contribution is allowed only among tortfeasors who are solidarily liable. *Id*.; *Thompson v.*

*Harrington*, 99-571, p. 11 (La. App. 3 Cir. 10/13/99), 746 So.2d 652, 658.

### C. Tort Indemnity

Indemnity, which is based on the concept of unjust enrichment, may lie when one party discharges a liability that another rightfully should have assumed. *Nassif v. Sunrise Homes, Inc.*, 98-3193, pp. 2-3 (La. 06/29/99), 739 So.2d 183, 185. Tort indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may be had against one who, because of his act, has caused such constructive liability to be imposed. *Nassif*, 98-3193 at 3, 739 So.2d at 185. A party who is actually negligent or actually at fault cannot recover tort indemnity. *Sellers v. Seligman*, 463 So.2d 697, 700 (La. App. 4 Cir.), *writ denied*, 464 So.2d 1379 (La. 1985).

### D. Post-1996 Jurisprudence Rejects Contribution and Tort Indemnity Claims

Post-1996 jurisprudence has rejected contribution and tort indemnity claims except in very limited circumstances not applicable to the instant case. In *Dumas v. State of La., DCRT*, the Supreme Court held "the right of contribution among solidary tortfeasors disappeared since it is no longer necessary in light of the abolishment of solidarity."[9]

In *Osgood v. Branam Enterprises*, the court granted a third-party defendant's motion to dismiss third-party plaintiff Branam's claims that it was entitled to full indemnity and/or contribution against the third-party defendant.[10] The matter involved the death of a bungee jumper who was killed while rehearsing for Superbowl XXXI in the Superdome. Plaintiffs filed suit against

---

9  828, So.2d 530, 538 (La. 10/15/02).

various contractors and subcontractors, including Branam.[11]  Branam filed a third-party demand against various independent contractors claiming it was entitled to full indemnity over and against the third-party defendants, as well as contribution.  The court noted that the plaintiffs had not made any claims against the third-party defendants.[12]

The third-party defendants moved to dismiss Branam's claims against them "on the grounds that after the 1996 amendments to the Louisiana Civil Code, there is no right to contribution or tort indemnity under Louisiana Civil Code articles 2323 and 2324."[13]  After reviewing the pertinent language of those statutes (as set forth above), the court, citing *Aucoin v. State of Louisiana*, held that "articles 2323 and 2324 have effectively eliminated contribution and indemnity except in those tort cases in which the act causing the injury was willful or intentional."[14]  Since no willful or intentional allegations were made, the parties could not be solidarily liable to the plaintiffs.  The court stated that:

> [s]ince solidarity is arguably dead in non-intentional tort cases, contribution is of little or no importance.  That is, the right to contribution arose only where one party paid more than its share because of the imposition of a solidary obligation.  Now, one should never pay more than one's share because there is no more solidarity in non-intentional tort cases.[15]

---

10  *Osgood v. Branam Enterprises*, 2000 WL 622608 at *1 (E.D. La. 2000).

11  *Id*.

12  *Id*.
.
13  *Id*.

14  *Id*. at *3.

15  *Osgood*, 2000 WL 622608 at * 3, fn. 1 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., Buying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law, 71 Tul. L.Rev. 339, 409 (1996)).

The court held that because "each person's fault will be assessed, no one person will be held liable for more than his share," thus, Branam will suffer no prejudice.[16]

The court also held that articles 2323 and 2324, as amended in 1996, "obviated the need for indemnity in tort cases, other than in those cases involving strict liability." Quoting Maraist and Galligan, the court stated that:

> [t]he doctrine of tort indemnity is more or less a dead letter ... tort indemnity arose where one party was strictly liable and another party's fault had created the risk which made the strictly liable defendant liable. The strictly liable defendant would be indemnified by the risk creator. Without strict liability, there will be little or no tort indemnity.[17]

The court held that under Louisiana's new tort laws, in order for Branam to be found liable to the plaintiffs, the fact finder would have to determine that Branam was at fault because it breached a duty which contributed to or caused the accident.[18] Because Louisiana has adopted a pure comparative fault scheme, the court ruled that Branam had no viable claim against the third-party defendants as under no circumstance would Branam be cast for their fault, and the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was granted.[19]

Likewise, the court in *Rachel v. Petroleum Helicopters, Inc.*, 2001 WL 699415 (E.D. La. 2001), denied a third-party plaintiff's Motion for Leave of Court to File Third-Party Complaint for

---

16 *Id.* at *3.

17 *Id.* at *3 (quoting Maraist & Galligan, 71 Tul. L.Rev. at 409).

18 *Id.* at *3.

19 *Osgood*, 2000 WL 622608 at *3.

8

the same reasons as in *Osgood*. In *Rachel*, the plaintiff was injured while a passenger aboard a Petroleum Helicopters, Inc. ("PHI") aircraft, resulting in his need for hip replacement surgery. The plaintiff alleged the hip implant was defective in a separate lawsuit against the implant manufacturer. PHI sought leave of court to file a third-party complaint against the manufacturer for contribution and/or indemnity for any damages attributable to the defective hip implant for which PHI may be held liable.

The plaintiff opposed PHI's motion claiming that Louisiana no longer recognizes claims for indemnity and contribution in non-intentional tort cases and the court agreed.[20] Citing the amended language of Civil Code articles 2323 and 2324, the court found that Louisiana replaced solidary liability in non-intentional tort cases with comparative liability. As such, "the original tortfeasor is now liable for only his comparative share of the fault for the subsequent tort."[21]  Thus, the court denied PHI's motion for leave to file its third-party complaint because PHI was barred by Louisiana law from bringing any claims for contribution or indemnity against the implant manufacturer.[22]

Accordingly, post-1996 jurisprudence uniformly rejects contribution and tort indemnity causes of action, except under very limited circumstances not applicable to the instant case.[23] Therefore, St. Rita's Third-Party Demand against LBBLD should be dismissed with prejudice.

---

20  *Id*.

21  *Id*. citing Maraist & Galligan, 71 Tul. L.Rev. 339, 406-09 (1996).

22  *Rachel*, 2001 WL 699415 at *2.

23  As one jurist has noted, "What would have been a third party demand for contribution in the past, is now better plead as a type of affirmative defense." See *Hamway v. Breaux*, 2001 CA. 2364 (La. App. 1 Cir. 11/08/02), 838 So.2d 803, 807 (Fitzsimmons, concurrence with additional reasons).

In previous Memorandum filed, St. Rita's discussed the Louisiana Supreme Court decision of *Dumas vs. State of Louisiana through Department of Culture, Recreation, and Tourism*, a decision regarding the 1996 legislative amendments to Louisiana Civil Code articles 2323 and 2324.[24] Additionally, St. Rita's cited numerous cases acknowledging the holding in *Dumas,* that "Louisiana had not entirely eliminated tort indemnity and contribution."[25] However, despite the fact that it is discussed in nearly every case cited in Third-Party memorandum, at no point does plaintiff mention that the doctrine of tort indemnity hinges upon an examination of the nature of the Third-Party Plaintiff's alleged fault.[26] LBBLD respectfully submits that Third-Party Plaintiff's claims fail under such an examination and, therefore, LBBLD's Motion to Dismiss must be granted.

In determining whether Third-Party Plaintiff's claim for tort indemnity is valid, the Court need look no further than the very cases cited by Third-Party Plaintiff. For example, in *Lombard v. New Orleans Naval Support Activity*, the United States District Court for the Eastern District of Louisiana recently addressed this very issue under remarkably similar procedural facts.[27] In *Lombard*, plaintiffs filed a claim against several defendants after a young man was killed when a forklift he was operating rolled over and crushed him.[28] A subcontractor, Goodworks, was

---

24    828 So.2d 530 (La. 2002).

25    See Rec. Doc. No. 1780, at pp. 4-5.

26    *Lombard v. New Orleans Naval Support Activity*, Nos. 03-3020 and 04-2296, 2004 WL 2988483 (E.D.La. 12/10/04), attached hereto as Exhibit "A."

27    See Exhibit "A."

28    *Lombard*, at p. 1.

allegedly liable for negligently causing or contributing to the decedent's death.[29] Specifically, the plaintiffs sought to hold Goodworks liable for its own affirmative negligent conduct in failing to remove the keys from the forklift, and its own failure to properly train its employees and its own violation of safety regulations.[30] Thereafter, Goodworks filed a third party complaint against the United States alleging that the United States was liable for causing and/or failing to prevent the alleged accident which caused the decedent's death, and asserting claims against the United States for contribution and indemnity.[31] The third party defendant filed a Rule 12(b) Motion to Dismiss the third party claims, arguing that Goodworks' claims for contribution and indemnity could not be sustained pursuant to Louisiana law.[32] Contrarily, Goodworks argued that its claim for tort indemnity is permitted under Louisiana law, and only the right of contribution was abolished.[33]

Beginning its analysis of whether of Goodworks' third party demand was viable, the Court concisely instructed:

> The right to indemnity does not exist in favor of a joint tortfeasor whose act or failure in the performance of duty was a contributory cause of an injury, and there is no right to indemnity when the liability of the party seeking it cannot be regarded as technical, vicarious, constructive or derivative….Because a claim for tort indemnity is based upon indemnitee's constructive or technical

---

29    *Id.*

30    *Id.* at p. 8.

31    *Id.* at p. 1.

32    *Id.* at pp. 2-3.

33    *Id.* at p. 3.

11

liability, "[s]crutiny is thus directed at the nature, not the quantum, of the fault, if any, of the party seeking indemnity."…If the fault of the party seeking indemnity "can be characterized as merely technical or constructive, the action for indemnity may lie."…On the other hand, **if the nature of the fault alleged against the indemnitee is actual or active fault, an action for tort indemnity cannot be sustained.** *See id.*; *see also Threlkeld*, 922 F.2d at 267 (holding that defendant cannot seek tort indemnity against a third party for tort immunity (indemnity) when a plaintiff seeks to recover from a defendant for the latter's affirmative negligence)…[34]

The Court further instructed:

> If the facts alleged by a plaintiff against a party seeking indemnity do not show that a defendant's liability could be predicated upon mere constructive or derivative fault, such defendant cannot state a cause of action for indemnity….**If the allegations in a third-party complaint for indemnity could be read only as charging either concurrent fault or faults constituting an intervening or superseding cause of the injured party's damage, such allegations would not support a claim for indemnity.**[35]

In further clarification, the Court provided several common examples of technical or passive fault recognized by Louisiana courts as giving rise to a claim for tort indemnity. The Court noted:

> In Louisiana, the prototypical indemnity action is the surety's demand for reimbursement from the primary debtor for funds paid by the surety to the creditor upon default….A second example is an action based on vicarious liability when an employer who has incurred liability pursuant to principles of *respondeat superior* has the right of indemnity against its employee whose fault caused the plaintiff's damage….Another common form of "passive" fault is when the owner of a building is held liable for a "vice" in the

---

34    *Lombard*, at p. 7 (internal citations and footnote omitted) (emphasis added).

35    *Id*. (emphasis added).

>building which causes injury solely on the ground that the owner failed to discover the dangerous condition.[36]

Thus, in preparation of examining the claims before it, the Court noted that other courts have dismissed claims for tort indemnity when the liability of the would-be indemnitee is not based upon either theory of vicarious or strict liability that would compel such party to pay a judgment based upon another party's fault but the claim is, instead, based only upon the would-be indemnitee's active negligent conduct.[37]

Examining the claims before it, the Court noted that the plaintiffs alleged that Goodworks was negligent by leaving keys in the forklift, failing to adopt a minimum safety standards in the maintenance and operation of the forklifts under their custody and control, violating OSHA safety regulations, failing to properly train its employees in the use of the forklift, failing to instruct its employees with respect OSHA safety regulations, and failing to instruct its employees to never leave the keys in an unattended forklift.[38] The Court also noted that Goodworks' third-party complaint against the United States alleged that the United States was negligent by failing to adopt a minimum safety standards for the operation of forklifts, failing to train its employees in the proper maintenance of operation of forklifts, permitting an obvious and unreasonably dangerous condition to exist, failing to remedy an obvious and unreasonably dangerous condition and/or warn of such a condition, and permitting unsupervised minors onto the premises. Accepting the facts as alleged in the pleadings as true, the Court concluded that there

---

36  *Lombard*, at p. 7 n. 17 (citations omitted).

37  *Id*. at p. 8 (citation omitted).

38  *Id*. at p. 9.

was no basis for Goodworks' claim for tort immunity, and, therefore, comparative fault principles govern the case.[39] The Court explained:

> As in *Carter*, there is no claim against Goodworks based on a theory of vicarious or strict liability; the claim against Goodworks is for simple negligence….The plaintiffs' claims against Goodworks are not premised upon imposing "solely constructive or derivative" liability on Goodworks….Goodworks' potential liability is not premised on any theory of *respondeat superior* or strict liability based upon the mere custody of dangerous instrumentality which would expose Goodworks to legal liability in the absence of actual fault….Instead, plaintiffs seek to hold Goodworks liable for their own affirmative negligent conduct in failing to remove the keys from the forklift and, *inter alia*, its own failure to properly train its employees in its own violation of safety regulations.  As in *Threlkeld*, "this recovery is not sought on technical, constructive, or vicarious liability."[40]

Thus, the court ultimately concluded:

> Goodworks' liability, if any, would be based upon a direct and primary negligence and, therefore, in the event that Goodworks was found liability to plaintiffs, Goodworks would not be entitled to tort immunity because "[i]ndemnity is not available to a party who is actually negligent."[41]

Additionally, the Court instructed that the actual allegations in Goodworks' third-party complaint did not support a claim for tort indemnity.  The Court noted that the allegations in the third party complaint alleged that the third-party defendant was concurrently at fault.  Noting this admission by the third-party plaintiff, the Court instructed:

---

39     *Id*. at p. 9.

40     *Id*. at p. 9 (citations omitted).

41     *Id*. at p. 10 (citation omitted).

> **Additionally, Goodworks' allegation of its potential concurrent negligence also precludes a claim for tort indemnity because the right to indemnity does not exist in favor of joint tortfeasor whose act or failure was a contributory cause of an injury.**[42]

Thus, the Court concluded that there was no basis for Goodworks' claim for tort indemnity, and the 12(b) Motion was granted.

Like the third party plaintiff in *Lombard*, St. Rita's liability here would be based upon its direct and primary negligence and, therefore, in the event that St. Rita's is found liable to Plaintiffs, St. Rita's would not be entitled to tort indemnity. Plaintiffs' Petitions for Damages and Damages for Wrongful Death allege that St. Rita's chose not to evacuate the decedent despite knowing the severity of the current and future weather conditions.[43] The Plaintiffs specifically allege that St. Rita's was negligent in failing to property evacuate the nursing home residents to an adequate shelter to survive the storm; failure to render emergency care and/or failure to render adequate and timely emergency care, including, but not limited to, emergency rescue and CPR; failure to act in a reasonable and prudent manner under the circumstances; and failure to act in accordance with its own policies and procedures.[44] On the other hand, St. Rita's third party demand alleges that LBBLD failed to discharge statutorily mandated responsibilities as respects flood control and maintenance of levees, and such failure caused and/or contributed to the damages alleged by Plaintiffs and for which [St. Rita's] denies liability.[45] The Third-Party

---

[42]   *Lombard*, at para. 11.

[43]   Rec. Doc. No. 1, Attachment No. 1, at p. 26, at para. 6.

[44]   Rec. Doc. No. 1, Attachment No. 1, at pp. 26-27, at para. 10.

[45]   Rec. Doc. No. 1, Attachment No. 1, at p. 6, at para. XXI.

Demand continues by alleging that pursuant to Articles 2315 and 2317 of the Louisiana Civil Code, the Lake Borgne Basin Levee District is liable to third party plaintiff by way of indemnity or contribution in tort should third party plaintiff be cast in judgment herein.[46]

A plain reading of the foregoing allegations mandates that St. Rita's is unable to maintain a tort indemnity claim here. Plaintiffs allege direct negligence on the part of St. Rita's, independent of any actions related to LBBLD. This is precisely the type of situation wherein the United District Court for the Eastern District has held that a claim for tort indemnity does not lie. St. Rita's liability, if any, is based upon its direct and primary negligence. Therefore, in the event that St. Rita's is found liable to Plaintiffs, St. Rita's would not be entitled to tort indemnity because indemnity is not available to a party who is actually negligent. Likewise, St. Rita's assertion that LBBLD's alleged failure to discharge its statutorily mandated responsibilities "contributed" to the damages alleged by the Plaintiffs on its face precludes a claim for tort indemnity because the right to indemnity does not exist in favor of a joint tortfeasor whose act or failure was a contributory cause of an injury. Thus, again, St. Rita's liability is not based upon any theory of constructive, technical or vicarious fault. Therefore, St. Rita's would not be answerable to Plaintiffs in damages for the fault of LBBLD. Under such circumstances, St. Rita's has failed to state a cause of action against LBBLD, and LBBLD's Motion to Dismiss should be granted.

**WHEREFORE**, Third-Party Defendant, LBBLD, respectfully requests that this Honorable Court dismiss LBBLD with prejudice from St. Rita's Third-Party Demands because the Third-Party Demands fail to state a claim upon which relief can be granted against LBBLD.

        Respectfully submitted,

        ***DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK***

        s/ Lawrence J. Duplass

        LAWRENCE J. DUPLASS (#5199)
        3838 N. Causeway Blvd., Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        Facsimile: (504) 837-3119
        lduplass@duplass.com
        ATTORNEY FOR THIRD-PARTY DEFENDANT,
        LAKE BORGNE BASIN LEVEE DISTRICT

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of January, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

        s/ Lawrence J. Duplass
        _____
        LAWRENCE J. DUPLASS
        lduplass@duplass.com

---

46    Rec. Doc. No. 1, Attachment No. 1, at p. 6, at para. XXI.