## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| _____ | SECTION: K<br>JUDGE STANWOOD R. DUVAL, JR. |
| PERTAINS TO:<br>INSURANCE: 06-10499 (Weese) | MAGISTRATE: 2<br>MAG. JOSEPH C. WILKINSON, JR. |

### HANOVER INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

On November 20, 2006, Defendant, Massachusetts Bay Insurance Company, incorrectly sued as the Hanover Insurance Company ("MBIC"), filed a Notice of Removal in the above-captioned action, *Darren Weese v. The Hanover Insurance Company and Insurance Underwriters, Ltd.,* Civil action No. 06-10499. Plaintiff responded by filing a Motion for Remand on December 18, 2006. Thereafter, on December 27, 2006, this Court issued an Order requiring Defendants, MBIC and Insurance Underwriters, Ltd., as well Plaintiff, to submit memoranda regarding the following: (1) whether the amount in controversy exceeded the jurisdictional limit of $75,000.00 on the date the

Notice of Removal was filed; and (2) whether Insurance Underwriters, Ltd., was fraudulently joined so as to prevent removal to the federal court on the basis of diversity jurisdiction. All parties submitted memoranda, as ordered by the Court, on January 16, 2007 ("Supporting Memorandum"). MBIC now submits its full Opposition to Plaintiff's Motion for Remand.

## **INTRODUCTION AND SUMMARY OF ARGUMENT**

As Plaintiff's Motion for Remand and Supporting Memorandum make clear, there is no dispute that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, as required under 28 U.S.C. section 1332(b). This concession is apparent from the fact that ***Plaintiff never denies that his claim for damages exceeds $75,000.00.*** As a result, because the jurisdictional minimum necessary to convey federal jurisdiction is admittedly met, the single remaining question for this Court to determine is whether Plaintiff's agent, Insurance Underwriters Ltd. (a company domiciled in Louisiana), was "improperly" or "fraudulently" joined for the purpose of defeating diversity jurisdiction.

Notwithstanding Plaintiff's new theory of his case, the allegations of his Petition and the evidence before the Court plainly establish that Plaintiff has no viable legal claim against Insurance Underwriters. First, in contrast to the cases relied upon by Plaintiff, the facts alleged in the Petition do not assert that Plaintiff's agent undertook any special advisory role to recommend insurance to Plaintiff, nor is there is any allegation, or factual support for an argument, that Plaintiff asked for particular insurance coverage that Insurance Underwriters failed to secure. Second, Plaintiff's allegation that he never received his insurance policy in the mail (a claim that is contradicted by MBIC's records confirming that the policy was released for mailing), is ***irrelevant*** to any claim against Insurance Underwriters. Indeed, it is undisputed that MBIC, not Insurance Underwriters, was obligated to send Plaintiff his policy.

2

In short, because Plaintiff had no obligation to provide Plaintiff with his policy or advise him as to his insurance needs, Plaintiff cannot state a legally viable claim against Insurance Underwriters; and this case was, therefore, properly removed under the diversity statute.

Finally, with respect to the MMTJA, MBIC recognizes that other Honorable Judges from this District have declined to apply the MMTJA in similar cases arising from Hurricane Katrina. While MBIC respectfully disagrees with such a result, it sees no need to descend into a contentious debate on the issue. Because diversity jurisdiction plainly exists here, it is irrelevant whether removal jurisdiction also exists under the MMTJA, and this Court may disregard that issue.

## **ARGUMENT AND AUTHORITY**

Although removal jurisdiction pursuant to 28 U.S.C. § 1332 generally requires complete diversity, an action is nevertheless removable if the non-diverse defendant is "improperly joined" (which was formerly referred to as being "fraudulently joined"). *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-678 (5th Cir. 1999). A non-diverse defendant is improperly joined if there is no possibility the plaintiff can establish a cause of action against that defendant under applicable state law. *See Smallwood*, 385 F.3d at 573-74.

In *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003), the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that the plaintiff is unable to state a claim against the non-diverse defendant. *Id.* at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. *Id.*, *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* In reviewing a claim for improper joinder, the Court may "pierce the pleadings"

3

and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

### 1. There Is No Dispute That The Amount In Controversy Exceeds $75,000

As the Court is aware, MBIC brought the instant removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. section 1332. With respect to the amount in controversy, it is clear that Plaintiff seeks to recover in excess of $75,000, because the Petition alleges that he is entitled to the "full value" of his homeowners insurance policy (the "Policy"), which totals approximately $150,000.00. *See Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002) (a defendant satisfies the burden of establishing the jurisdictional minimum is met by showing that more than $75,000 is in controversy from the allegations of the petition or by setting forth the facts in controversy in the Removal and/or through affidavit). *See also* Notice of Removal, ¶ 13 and Exhibit A; and Affidavit of Christine A. George, attached as Exhibit 1 to MBIC's Supporting Memorandum.

Moreover, Plaintiff's Motion to Remand and Supporting Memorandum do ***not*** dispute that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs. Instead, Plaintiff's sole challenge to diversity jurisdiction is the presence of his agent, Insurance Underwriters, as a non-diverse defendant. Yet, as further discussed below, this argument is wholly unavailing because Plaintiff has not set forth any factual allegation, nor come forward with any supporting evidence, to establish that Plaintiff has a legally valid claim against Insurance Underwriters.

### 2. Joinder Of Insurance Underwriters Ltd Was Improper

#### a. Insurance Underwriters Did Not Provide Insurance Coverage Advice

4

**Or Fail To Secure Any Requested Insurance**

A review of Plaintiff's Petition demonstrates that the only claims asserted against Insurance Underwriters are as follows:  (1) that Insurance Underwriters was "negligent" in failing to "advise" Plaintiff of the "existence" of the "concurrent causation clause" contained in the Policy; and (2) that Insurance Underwriters "concealed" this provision from him. (Petition, ¶¶ 13, 14.)  As explained in Plaintiff's Motion for Remand, the alleged failure of Insurance Underwriters to "advise" Plaintiff as to the "existence" of the concurrent causation provision (which was included as a standard provision in the homeowners policy form issued by MBIC) "prevent[ed] the plaintiff from collecting the damage caused by wind whenever there was some damage caused by water." (Motion for Remand, p. 4.)  Expanding this argument, Plaintiff's Motion for Remand asserts that if Plaintiff had known about the concurrent causation provision of the policy "he could have had a choice not to take the insurance policy." (Motion for Remand, p. 4).  Of course, if Plaintiff had elected not to accept a homeowners policy with a "concurrent causation" clause, he most certainly would have had no homeowners insurance whatsoever (*see* Notice of Removal, ¶ 27).  How such a situation could possibly have benefited Plaintiff is not explained in Plaintiff's Motion to Remand or Supporting Memorandum.  Equally absent from Plaintiff's argument is any foundational assertion that he asked for flood insurance, or inquired as to whether the Policy provided coverage for damages arising from a flood.

These omissions are dispositive because, as a matter of established Louisiana law, an agent has no duty to  independently advise the insured about the desirability of certain coverages.  *See Graves v. State Farm Mut. Auto Ins. Co.,* 821 So. 2d 769, 773-774 (La. App. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise [sic].")  Here, as in Graves,

5

Plaintiff's Petition contains no allegation that his agent held himself out as an advisor or undertook any special responsibility to render advice to Plaintiff.

Further, Plaintiff's Petition fails to assert that he asked for particular coverage that his agent failed to secure, which, as the Louisiana Supreme Court recognized in *Karam v. St. Paul Fire and Marine Insurance Company,* 281 So.2d 728 (La. 1973), is also an essential element of any claim against the agent. In *Karam v. St. Paul Fire and Marine Insurance Company*, 281 So.2d 728 (La. 1973), a case relied upon by Plaintiff, the Louisiana Supreme Court held that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance ***requested*** and to notify the client promptly if he has failed to obtain the ***requested*** insurance. *Id.* at 730-31. If the agent fails to obtain the requested coverage, and if the actions of the agent warranted an assumption by the client that the requested coverage was obtained, the client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage. *Id.* Importantly, however, the client himself is responsible for adequately advising the agent of the coverage desired. *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990).

In an apparent effort to escape the legal effect of this dispositive case law on the allegations of his Petition, Plaintiff attempts to bolster his factual claims through argument of counsel. Specifically, and notwithstanding the fact that Plaintiff's Petition fails to assert that Insurance Underwriters assumed the role of insurance advisor, Plaintiff's Motion to Remand asserts that "Insurance Underwriters advised plaintiff on his insurance matters and recommended insurance to provide that coverage." (Plaintiff's Motion for Remand, p. 5.) Notably, there is no citation to the Petition for this assertion (no doubt because such an allegation is nowhere contained in the

6

Petition), nor is there any supporting affidavit from the Plaintiff to substantiate this new-found claim.1

Similarly, the Petition contains no allegation that Plaintiff asked Insurance Underwriters for any particular coverage that the agent failed to procure. However Plaintiff's Supplemental Memorandum nevertheless *argues* that: "Insurance Underwriters sold Mr. Weese a policy of insurance that did not provide the type of coverage he requested" and that "Mr. Weese relied on Insurance Underwriters to procure 'full coverage' for his home in the event a hurricane destroyed it completely." (Supplemental Memorandum, p. 1.) Again, this is pure argument advanced with absolutely no citation to the record or supporting affidavit from Plaintiff.2

Of course, argument is not evidence and the unsubstantiated assertions made in Plaintiff's

---

1 In addition, this statement (standing alone) is of no consequence, because it is impossible to know what it means. If, for example, Plaintiff's agent at Insurance Underwriters stated that Plaintiff needed a homeowners policy to insure his home and that MBIC had the best rate for the standard coverage provided in Louisiana, this would hardly constitute assuming the role of "advisor" within the meaning of *Graves*. In short, because there are no factual allegations to support or explain the argument, it is entitled to no weight. *See Alomang v. Freeport-McMoran, Inc.*, 718 So.2d 971, 943 (La.App. 4 Cir. 1998) (Arguments of counsel, whether oral or in writing in the form of briefs and memoranda, no matter how artful, are not evidence.); *Johnson v. Holden Springs, Inc.*, 811 So.2d 1123, 1125 (La. App. 4 Cir. 2002)(Allegations made in memoranda are not evidence); *In re Melancon*, 935 So.2d 661, 666 (La. 2006)(Arguments and pleadings are not evidence).

2 Further, this statement is so vague as to be meaningless. Specifically, there is no factual allegation to explain what coverage Plaintiff purportedly "requested." If he simply requested a homeowners policy, that is precisely what he got. If he requested "full coverage" without specifying he wanted more than what the standard homeowners policy provides, that is also precisely what he got. Again, absent factual allegations in the Petition to support this argument, or an affidavit from Plaintiff, there is simply no basis for the Court to conclude that the agent failed to provide any particular coverage, as required under *Karam*. *See Alomang v. Freeport-McMoran, Inc.*, 718 So.2d 971, 943 (La.App. 4 Cir. 1998) (Arguments of counsel, whether oral or in writing in the form of briefs and memoranda, no matter how artful, are not evidence.); *Johnson v. Holden Springs, Inc.*, 811 So.2d 1123, 1125 (La. App. 4 Cir. 2002)(Allegations made in memoranda are not evidence); *In re Melancon*, 935 So.2d 661, 666 (La. 2006)(Arguments and pleadings are not evidence).

Motion for Remand and Supporting Memorandum -- which are not supported by the allegations of the Petition or an affidavit from Plaintiff -- are, therefore, properly disregarded by the Court. *See Alomang v. Freeport-McMoran, Inc.*, 718 So.2d 971, 943 (La.App. 4 Cir. 1998) (Arguments of counsel, whether oral or in writing in the form of briefs and memoranda, no matter how artful, are not evidence.); *Johnson v. Holden Springs, Inc.*, 811 So.2d 1123, 1125 (La. App. 4 Cir. 2002)(Allegations made in memoranda are not evidence); *In re Melancon*, 935 So.2d 661, 666 (La. 2006)(Arguments and pleadings are not evidence). 3

### b.  Insurance Underwriters Had No Obligation To Provide Plaintiff With The Insurance Policy Issued By MBIC

In addition, Plaintiff asserts in his Motion for Remand (at p. 4) that Insurance Underwriters failed to provide Plaintiff with his Policy, which left the insured unaware of the "concurrent causation" provision. Significantly, Plaintiff does not assert this "omission" against Insurance Underwriters in his Petition. Instead, the Petition simply states that the insured did not receive the Policy. (Petition, ¶ 13.) Further, and in keeping with his failure to substantiate the arguments made in his pleadings, Plaintiff likewise failed to submit any supporting affidavit to accompany the Motion for Remand.

Although Plaintiff's failure to come forward with any factual support for his argument provides a sufficient basis to disregard it, even if the Court does reach this issue, it is of no assistance to Plaintiff given the undisputed facts of this case. Specifically, MBIC, as well as Insurance Underwriters, have established that Insurance Underwriters had no obligation to send

---

3 Plaintiff's related claim (made at p. 5 of the Motion for Remand), that MBIC and Insurance Underwriters acted "in concert" to conceal the "concurrent causation" clause from Plaintiff, fails for the same reasons as those set forth above. Obviously, if Insurance Underwriters assumed no obligation to advise Plaintiff as to his insurance needs, it cannot be held liable for conspiring to

Plaintiff his Policy, and there is no allegation (in the Petition or otherwise) that Insurance Underwriters independently assumed such an obligation.4  On the contrary, because the insured's Policy was "new business" (which means it was the first policy issued by Massachusetts Bay to the insured), Massachusetts Bay assumed responsibility for sending the Policy to the insured.  Further, MBIC's records reflect that the policy was "released" for mailing to the insured on February 11, 2005.  (See Affidavit of Roberta Rattary, Exhibit 1.)

Accordingly, because MBIC, not Insurance Underwriters, assumed responsibility for providing Plaintiff with his Policy, Insurance Underwriters simply cannot be liable to Plaintiff for any alleged omission in this regard.  **(Case Cite)**

### 3. The Court Need Not Consider The MMTJA

Although MBIC originally removed this case based on two independent grounds:  (1) traditional diversity jurisdiction under 28 U.S.C. section 1332, and (2) original and supplemental jurisdiction under the MMTJA, 28 U.S.C. sections 1369 and 1441(e), MBIC is aware, as noted above, that several Honorable Judges from this District have declined to apply the MMTJA to other insurance cases arising from Hurricane Katrina.  For the reasons stated in its Notice of Removal, MBIC respectfully maintains that removal jurisdiction is proper under the MMTJA.  Nevertheless, in light of the undeniable existence of traditional diversity jurisdiction, MBIC sees no need to engage in a contentious argument regarding the MMTJA.  Because removal jurisdiction plainly exists under 28 U.S.C. section 1332, the issue regarding the MMTJA is moot, and the Court can and should deny Plaintiffs' motion to remand without ruling upon the MMTJA's applicability.

---

withhold the same information it had no obligation to provide in the first place.
4 Insurance Underwriter's Supporting Memorandum indicates that prior to the loss, Plaintiff's wife called Insurance Underwriters and asked for a copy of their "flood policy" -- at which point, Insurance Underwriter's evidence establishes that Plaintiff's wife was told they had not

### 4. There Is Absolutely No Basis To Award Attorneys Fees

Relying on the fact that other Judges in the Eastern District have declined to apply the MMTJA to Hurricane Katrina cases, Plaintiff argues that he is entitled to recover the attorney fees and costs incurred to defend against MBIC's Removal. This argument ignores the critical fact that MBIC's Removal is entirely appropriate, for each of the reasons analyzed above and set forth in its Notice of Removal, on the basis of diversity jurisdiction under U.S.C. section 1332 – without any reliance on the separate and independent ground for jurisdiction under the MMTJA. Indeed, given Plaintiff's admission that the amount in controversy exceeds the jurisdictional minimum and his failure to demonstrate that there are legally cognizable claims set forth against Insurance Underwriters -- either through the allegations of his Petition or a supporting affidavit --  MBIC maintains that there is not only nothing frivolous about this Removal, but that Plaintiff's Motion for Remand is properly denied on the record before this Court.

### **CONCLUSION**

The negligence of an insurance agent is not actionable in Louisiana unless such negligence is a cause in fact of the harm for which recovery is sought. *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 232 (5th Cir. 1990). Here, there is no valid legal claim that Insurance Underwriters caused the harm for which Plaintiff seeks damages. Instead, because there is no factual allegation in the Petition, or supporting factual evidence before this Court, that Insurance Underwriters (1) assumed a special "advisory" role; or (2) failed to an honor Plaintiff's request for particular insurance coverage, Plaintiff cannot state a claim against Insurance Underwriters. *See Graves v. State Farm, supra,* 821 So. 2d 769, 773-774; *Karam v. St Paul, supra,* 281 So. 2d 728, 730-31; *see also Porter v. Utica Mut. Ins. Co.,* 357 So. 2d 1234, 1238 (La.

---

purchased flood insurance. *See* Affidavit of Dana Rousselle, paragraphs 8, 9.

App. 1978) (The general duty of an insurance broker is to use reasonable diligence to procure the coverage requested by the client); *Smith v. Millers Mut. Ins. Co.,* 419 So. 2d 59, 64 (La. App. 1982) (rejecting client's argument that broker had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs).

Plaintiff is similarly unable to state a claim against Insurance Underwriters for its purported failure to provide Plaintiff with a copy of his Policy.  Not only does Plaintiff fail to make such an allegation in his Petition or through an admissible supporting affidavit, but even if he had, the argument would still be without merit for the following simple reason.  Insurance Underwriters had no obligation to send Plaintiff his Policy.

As a result, because it is undisputed that the amount in controversy on the date of filing the Notice of Removal exceeded the jurisdictional requirement of $75,000, and the joinder of Insurance Underwriters was improper because Plaintiff has not set forth a legally cognizable claim against Insurance Underwriters, MBIC's Removal was proper, and Plaintiff's Motion to Remand should, therefore, be denied.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2007 a copy of the foregoing **HANOVER INSURANCE COMPANY'S MEMORANDUM REGARDING THE AMOUNT IN CONTROVERSY AND IMPROPER JOINDER** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

- **Bruce Betzer**
  lriddell@nbglaw.com
- **James Thomas Busenlener**
  jbusenlener@lshah.com
- **Max Jeffrey Cohen**
  MCohen@lshah.com
- **Monica C. Sanchez**
  msanchez@lshah.com
- **Ralph Shelton Hubbard, III**
  rhubbard@lawla.com ljackson@lawla.com

11

- **Seth Andrew Schmeeckle**
  sschmeeckle@lawla.com mspadoni@lawla.com
- **LaDonna Grey Wilson**
  lwilson@lawla.com

by operation of the court's electronic filing system.  I also certify that there are no non-CM/ECF participants in this matter.

         _____s/LaDonna G. Wilson_____
         **Ralph S. Hubbard III, La. Bar No. 7040**
         **LaDonna G. Wilson, T.A., La. Bar No. 28814**
         **Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
         601 Poydras Street, Suite 2775
         New Orleans, LA 70130
         Telephone: (504) 568-1990
         Facsimile: (504) 310-9195
         e-mail:  lwilson@lawla.com
         **Attorneys for Massachusetts Bay Insurance Company**
         **(Incorrectly sued as The Hanover Insurance Company)**