UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br>INSURANCE     (*Abadie,* 06-5164) | *  <br>*  CIVIL ACTION<br>*  <br>*  NO. 05-4182<br>*  <br>*  SECTION "K" (2)<br>*  <br>*  JUDGE DUVAL<br>*  <br>*  MAGISTRATE WILKINSON<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS CLASS ALLEGATIONS

NOW INTO COURT, through undersigned counsel, come Defendants State Farm Fire and Casualty Company and State Farm General Insurance Company (collectively "State Farm"), with a full reservation of all exceptions, rights, and defenses, and respectfully move, pursuant to Rule 23(D)(4) to dismiss the class allegations. In support of this motion, State Farm states as follows:

1.

On August 28, 2006, plaintiffs filed a putative class action complaint in this Court. (Compl., Rec. Doc. 1 in 06-5164.) The Complaint presents several thousand plaintiffs suing 161 insurance companies. The only commonality among the thousands of plaintiffs is that they are averred to be "property owners in the State of Louisiana" whose property allegedly suffered damage from Hurricane Katrina, and who had insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶ 9(a).) The only commonality among the insurance company

853400v.1

defendants is that they each allegedly issued homeowners insurance policies to one or more named plaintiffs and/or putative class members. (Compl. ¶¶ 2, 9(a).) The plaintiffs amended their Complaint on September 6, 2006 to name additional plaintiffs. (First Supp. and Am. Compl., Rec. Doc. 2 in 06-5164.)

2.

The Complaint avers that plaintiffs purchased "All Risk Policies" from the defendant insurers and without pointing to the specifics of any policy, plaintiffs further aver that they had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind." (Compl. ¶ 12.) Plaintiffs further allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm and the other defendants have failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners polices under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

3.

Plaintiffs seek to represent a proposed plaintiff class consisting of "[a]ll property owners in the State of Louisiana, whose property was destroyed or damaged by winds generated by Hurricane Katrina, and who at the time of the loss had in effect homeowner's insurance policies from any of the Insurance Company Defendants." (Compl. ¶ 9(a)).

853400v.1

4.

Plaintiffs' allegations will require an intensive review of the individual facts of each class member's claims, including the nature and extent of damage, the timing and adjustment of each class member's claim, the discussions had and documents exchanged during the adjustment of the claims, the policy provisions applicable to the respective items of damage claimed, how much each class member was paid for his claim and for what damage, whether that amount was sufficient and paid in a timely fashion, and whether the adjuster's conduct was arbitrary, capricious, or without reasonable cause.  These types of issues can only be addressed on a claim specific basis.

5.

Similarly, there will be claim-specific and fact intensive issues pertaining to whether the premises was a total loss and if so, whether a covered event was the cause of the total loss.  Because of the individual nature of each claim, there is no commonality, typicality, or adequacy of representation as required by Rule 23(a), and the predominance of common issues required of Rule 23(b)(3) also fails.  Accordingly, plaintiffs' claims are patently inappropriate for class treatment and pursuant to Rule 23(d)(4), the Court should strike the class allegations.

**WHEREFORE**, pursuant to Rule 23(d)(4) of the Federal Rules of Civil Procedure, State Farm respectfully moves for a dismissal of the class allegations.

> Respectfully submitted,
>
> s/ Sarah H. Barcellona
> _____
> Wayne J. Lee, 7916
> Mary L. Dumestre, 18873
> Andrea L. Fannin, 26280
> Sarah H. Barcellona, 28080
>     Of
> STONE PIGMAN WALTHER
>   WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana  70130
> Telephone: (504) 581-3200
> Facsimile: (504) 581-3361
>
> Attorneys for State Farm Fire and Casualty Company and State Farm General Insurance Company

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Motion to Dismiss Class Allegations has been served all known counsel of record by electronic notice from the Court's CM/ECF system, and/or by facsimile, and/or by placing same items in the United States mail, postage prepaid and properly addressed, this 1st day of February, 2007.

s/ Sarah H. Barcellona