UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| PERTAINS TO: | * | JUDGE DUVAL |
| INSURANCE        (*Abadie,* 06-5164) | | |
| | | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION
### <u>TO DISMISS THE CLASS ALLEGATIONS</u>

Defendants, State Farm Fire and Casualty Company and State Farm General Insurance

Company (collectively "State Farm") have moved to dismiss the class claims.   Plaintiffs'

allegations are wholly inappropriate for class treatment because the Complaint sets forth nothing

more than individual claims against State Farm for allegedly failing to properly adjust claims in a

timely manner.   The individualized nature of these claims patently destroys commonality,

typicality, adequacy of class representation, and adequacy of class definition under Rule 23(a).

In addition, while the Complaint purports to seek certification under Rule 23(b)(1), (b)(2), and

(b)(3), the Complaint alleges no facts that satisfy the requisites of any of these provisions.

Moreover, the claim for monetary damages precludes class certification under Rule 23(b)(1) or

852610v.1

(b)(2).  Where, as here, a Complaint's class allegations are so patently inappropriate for class treatment, the Court can and should dismiss the class allegations on preliminary motions rather than incur the unnecessary and costly expense of class discovery.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2006, plaintiffs filed a putative class action complaint in this Court. (Compl., Rec. Doc. 1 in 06-5164.)  The Complaint presents several thousand plaintiffs suing 161 insurance companies.  The only commonality among the thousands of plaintiffs is that they are "property owners in the State of Louisiana" whose property allegedly suffered damage from Hurricane Katrina, and who had insurance policies in effect at the time of the hurricane.  (Compl. ¶ 9(a).)  The only commonality among the insurance company defendants is that they allegedly issued homeowners insurance policies to one or more named plaintiffs and/or putative class members.  (Compl. ¶¶ 2, 9(a).)  Plaintiffs amended their Complaint on September 6, 2006 to name additional plaintiffs.  (First Supp. and Am. Compl., Rec. Doc. 2 in 06-5164.)

The *Abadie* plaintiffs aver that they purchased "All Risk Policies" from the defendant insurers.  Citing no policy provisions plaintiffs further aver that they had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind."  (Compl. ¶ 12.) They further allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm and the other defendants have failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood

coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners polices under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

The Complaint requests declaratory relief, including, among other things, a declaration that the plaintiffs' "losses were caused by covered perils and the efficient and proximate causes of losses were covered perils."  (Compl. ¶ 42.)  The Complaint further alleges against all insurance defendants breach of contract (Compl. ¶¶ 48-52); breach of the implied covenant of good faith and fair dealing pursuant to La. R.S. 22:658 and La. R.S. 22:1220 (Compl. ¶¶ 53-75); breach of the Louisiana Valued Policy Law, La. R.S. 22:695 (Compl. ¶¶ 76-82); and breach of fiduciary duty (Compl. ¶¶ 83-90).

The Complaint lists no facts supporting these causes of action and presents no basis for or demand for joint liability among the insurance defendants.[1]  However, the Complaint alleges that the plaintiffs are asserting a class action against all the defendants.  (Compl. ¶ 91).  Indeed, plaintiffs seek to represent a proposed plaintiff class consisting of "[a]ll property owners in the State of Louisiana, whose property was destroyed or damaged by winds generated by Hurricane Katrina, and who at the time of the loss had in effect homeowner's insurance policies from any of the Insurance Company Defendants."  (Compl. ¶ 9(a)).  According to plaintiffs, the common questions of law and fact that serve to unite the class concern "the legal determination of whether the efficient proximate cause of losses suffered as a result of water entering the City of New Orleans and surrounding parishes on August 29, 2005 from breaches in the levees and levee walls along the 17th Street Canal, the London Avenue Canal, the Industrial Canal, and elsewhere were standard covered perils in the insurance company defendants' homeowners insurance policies."  (Compl. ¶ 9(c)).

---

[1]  Pursuant to hearings conducted on January 24, 2007, it is anticipated that the claims against State Farm are being severed from the claims asserted against the other insurance company defendants.

## II.  ARGUMENT AND AUTHORITIES

Sometimes class allegations in a Complaint are so patently insufficient that they should be stricken right from the outset of a case.  This is just such a case.  The allegations are wholly inappropriate for class treatment and should be stricken

**A.**    **The Court Should Dismiss Class Allegations At the Pleading Stage Where, As Here, The Allegations Are Patently Inappropriate For Class Treatment.**

A plaintiff cannot convert an individual action into a class action simply by labeling it a "class action."  5 Moore's Federal Practice § 23.60[2] (3d ed. 1997); *see also e.g., In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (district judge ordered to decertify the plaintiff class where plaintiffs failed to meet their burden of demonstrating predominance of common issues); *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999) (the court should not "'blindly rely on conclusory allegations which parrot Rule 23 requirements and . . . may consider the legal and factual issues presented by the plaintiff's complaints'") (citation omitted).  Rather, in order to maintain a class action, a plaintiff must plead facts in the complaint sufficient to meet the requirements of Federal Rule of Civil Procedure 23.

A party who wishes to bring a class action must establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met.  *Pederson v. La. State Univ.*, 213 F.3d 858, 867 (5th Cir. 2000); *Young v. Ray Brandt Dodge, Inc.*, 176 F.R.D. 230, 233 (E.D. La. 1997).  *See also Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 445 (E.D. Pa. 2000).  The party seeking class certification bears the burden of proof.  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *In re Am. Med. Sys., Inc.*, 75 F.3d at 1086.  Further, merely parroting the language of Rule 23(a) is not sufficient.  Rather, "[t]here must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *In re Am Med. Sys., Inc.,* 75 F.3d at 1079.  When a complaint fails to set forth the minimum facts required to establish the existence of the class action criteria,

852610v.1

the court may dismiss or strike the class allegations– even at the pleading stage.  *See, e.g.*, *Gen. Tele. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . ."); s*ee also Jones v. Nat'l Sec. Fire & Cas. Co.*, 2006 WL 3228409 at *4 (W.D. La. Nov. 3, 2006) (holding that plaintiffs' attempt to propose a class that was defined and clearly ascertainable failed and granting defendant's motion to dismiss prior to the commencement of discovery); *Lumpkin v. E.I. Du Pont De Nemours & Co.*, 161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (denying certification of a class based on plaintiff's pleadings, without requiring the defendant to respond to class discovery); *Hedgepeth v. Blue Cross & Blue Shield of Miss.*, 2006 WL 141624 (N.D. Miss. Jan. 18, 2006) (noting that Fifth Circuit has upheld the power of district courts to dismiss class allegations prior to any extensive class related discovery taking place); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (recognizing that federal courts use motions to strike to test the viability of a class at the earliest pleading stage of the litigation) (collecting cases); *Ross-Randolph v. Allstate Ins.*, 2001 U.S. Dist. LEXIS 25645, at *21-22 (D. Md. 2001) (striking class allegations in an action based on the wrongful denial of benefits because the cause of each plaintiff's damages and whether each plaintiff was entitled to relief required individualized inquiries); 5 Moore's Federal Practice, § 23.60[3] (3d ed. 1997) ("if the court determines from the pleadings that the case should not proceed as a class action, then Rule 23(d)(4) permits the court to order that the pleadings be amended to eliminate allegations regarding the representation of absent persons, and that the action proceed accordingly as a non-class action").

**B.      Class Certification Should be Denied Because Plaintiffs Cannot Satisfy All Of The Elements Required For Certification Under Rule 23.**

        Under Rule 23, a proponent of class certification must satisfy all four prerequisites of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation in paragraph (a)

and one of the three elements set forth in paragraph (b).  Fed. R. Civ. P. 23.  Additionally, a proper class definition is "an essential prerequisite to maintaining a class action."  *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976).  It is well established that the proponent of certification bears the burden of showing that all of the Rule 23 requirements for class certification have been met.  *See e.g., Amchem Prods. v. Windsor*, 521 U.S. 591, 613-14 (1997); *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 573 (5th Cir. 1995)

After a rigorous analysis, the court must be satisfied that all of the prerequisites of Rule 23 have been met.  *See Applewhite*, 67 F.3d at 573 (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 at 1038) (5th Cir. 1981).  As explained by one court, "[b]ecause classwide relief is an exception to the general rule that litigation be conducted by and on behalf of individual named parties only, a district court must rigorously analyze a motion for class certification to insure that the requirements of Rule 23 are met."  *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 365 (E.D. La. 1997) (citing *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155, 102 S. Ct. 2364 (1982)).  Consequently, courts must deny class certification when a class proponent cannot demonstrate one or more of the necessary class certification elements established in Rule 23.  Here, plaintiffs' Complaint fails to meet the prerequisites of an objectively defined class, commonality, typicality, and adequacy of class representation; therefore, plaintiffs' class allegations should be dismissed.

1.    **Plaintiffs' Claims Do Not Satisfy The Requirements Of An Objectively Defined Class, Commonality, Typicality, And Adequacy Of Class Representation.**

a.    **Plaintiffs have not defined a proper class.**

As an initial matter, plaintiffs fail to define an objectively ascertainable class.  A proper, objectively defined class definition is "an essential prerequisite to maintaining a class action." *Roman* 550 F.2d at 1348 (4th Cir. 1976); *see also, DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); Wright, et al. at § 1760.  "[T]he requirement that there be a class will not be

deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 382 (D. Colo. 1993). In light of plaintiffs' inability even to allege a well-defined and clearly-ascertainable class, the Court should strike plaintiffs' class allegations.[2]

The Complaint alleges that the plaintiff class consists of "[a]ll property owners in the State of Louisiana, whose property was destroyed or damaged by winds generated by Hurricane Katrina, and who at the time of the loss had in effect homeowner's insurance policies from any of the Insurance Company Defendants." (Compl. ¶ 9(a)). Plaintiffs aver that they purchased "All Risk Policies" from the defendant insurers and without pointing to the specifics of any policy, plaintiffs further aver that they had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind." (Compl. ¶ 12.) Further still, plaintiffs allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners polices under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

---

[2] Certification should be denied where plaintiffs do not define a proper class. *Rappaport v. Katz*, 62 F.R.D. 512, 513 (S.D.N.Y. 1974). *Abromovitz v. Ahern*, 96 F.R.D. 208, 212 (D. Conn. 1982).

Plaintiffs' class definition is improper for several reasons. First, certification is not appropriate when determination of the identities of class members would require individualized inquiries into each class member's claims. *See, e.g.*, *Bozaich v. State of California*, 32 Cal.App.3d 688, 695 (1973) ("[i]f the rights of each member of the class are dependent upon the facts applicable only to him, there is not the requisite ascertainable class required for a representative suit."); s*ee also Jones v. Nat'l Sec. Fire & Cas. Co.,* 2006 WL 3228409, at *4; *Newton v. Southern Wood Piedmont Co*., 163 F.R.D. 625 (S.D. Ga. 1995) (proposed class of plaintiffs exposed to chemicals and who subsequently developed a form of cancer cannot be certified because it would require examination and diagnosis before class member could be designated). "[Class definitions] should avoid criteria that are subjective (*e.g.*, a plaintiff's state of mind) or that depend on the merits (*e.g.*, persons who were discriminated against). Such definitions frustrate efforts to identify class members, contravene the policy against considering the merits of a claim in deciding whether to certify a class, and create potential problems of manageability." *Nat'l Sec. Fire & Cas. Co.,* 2006 WL 3228409, at *4 (citing Manual for Complex Litigation, Third § 30.14). "[W]ithout reasonable specificity the court cannot define the class, cannot determine whether the representation is adequate, and the [defendant] does not know how to defend[.]" *Falcon,* 457 U.S. at 161 (citation omitted). Here, plaintiffs' proposed class is improper because before any potential class member can have a cognizable claim, the Court would have to examine thousands of files to even determine 1) whether each insured suffered a loss insured by a State Farm homeowners policy; 2) whether the risk at issue suffered any wind damage; 3) whether each insured with covered property damage suffered a "total loss"; 4) whether the policyholder was paid for all covered losses; 5) whether the policyholder was paid the limit of his policy; and 6) the extent of the damages from water as opposed to wind.[3]

---

[3]  The Court has already held that the water damage exclusion in State Farm's policy is unambiguous and

Second, a definition is inadequate when it is not possible to determine membership in the class without mini-trials. *See Mueller v. CBS, Inc.*, 200 F.R.D. 227 (W.D. Pa. 2001) (proposed class of plaintiffs in age discrimination suit could not be certified because court would be required to hold "mini-hearings" on the merits of each claim in order to designate class members). *See also Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 163 (1974). Needless to say, the determination of cause of damage to a particular property could in many instances require a trial on the merits. *See e.g., Real Asset Management, Inc. v. Lloyd's of London*, 61 F.3d 1223 (5th Cir. 1995). Thus, some claims could have to be fully litigated before class membership is determined.

In addition, State Farm's homeowners policies include an appraisal provision triggered by either the insured or State Farm when they fail to agree on the amount of loss. Plaintiffs' proposed class definition is not limited to those who refused to comply with the appraisal clause. Thus, the proposed class definition includes individuals who have already disputed and settled claims through alternative means. Only a file-by-file review would identify those who have settled their claims through appraisal or otherwise and those who did not. The plaintiffs' class definition is improper and certification should be denied.

> **b.    Commonality does not exist.**

The test of commonality set forth in Rule 23(a) requires "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982); *see also* Newberg on Class Actions, § 3.10, at 3-50 (citations omitted); *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir. 1999) (citations omitted); *cf. Applewhite*, 67 F.3d at 573 (requiring at least two issues in common). However, not every "common" question will satisfy this requirement; rather, only those that may

---

enforceable and thus precludes recovery for flood damages regardless of whether the third-party negligence caused or contributed to the flooding as averred by plaintiffs. *See* discussion *infra*.

852610v.1

be expected to advance the litigation should suffice. *Musmeci v. Schwegmann Giant Super Markets*, 2000 WL 1010254, *2 (E.D. La. 2000)  Similarly, when individualized determinations obscure common issues, courts have refused to find basic (a)(2) commonality. *See, e.g., Trevino v. Holly Sugar Corp.*, 811 F.2d 896, 905 (5th Cir. 1987) ("The necessity for individualized proof indicates that a class action is not 'an economical or efficient way of processing the complaints of the proposed class'.")

Determining whether to certify a class requires careful consideration of the substantive issues to be tried. *In re Gap Stores Sec. Lit.*, 79 F.R.D. 283, 269 (N.D. Cal. 1978).[4]  The Complaint requests declaratory relief, including a declaration that the plaintiffs' "losses were caused by covered perils and the efficient and proximate causes of losses were covered perils." (Compl. ¶ 42, 34-37.)  The Complaint further alleges the following: (1) State Farm breached its contractual obligations to plaintiffs and requests all amounts due under plaintiffs' policies, other compensatory damages, interest, attorney's fees, and costs (Compl. ¶¶ 48-52); (2) State Farm breached the implied covenant of good faith and fair dealing pursuant to La. R.S. 22:658 and La. R.S. 22:1220 and requests all amounts due under plaintiffs' policies, other compensatory damages, punitive damages, interest, attorney's fees, and costs (Compl. ¶¶ 53-75); (3) State Farm violated the Louisiana Valued Policy Law, La. R.S. 22:695 and requests the full face value of the plaintiffs' property, interest, attorney's fees, and costs (Compl. ¶¶ 76-82); and (4) State Farm breached its fiduciary duties by failing to advise policyholders regarding flood insurance available under the NFIP and about the availability of additional flood coverage in excess of the

---

[4]  That plaintiffs seek class certification under 23(b)(1)(B), 23(b)(2) and 23(b)(3), does not eliminate the need to conduct a rigorous examination of whether (a)(2) commonality exists.  "[T]he fact plaintiff seeks injunctive and declaratory relief which would bind the entire class does not obviate the necessity of a determination of whether each putative class member is entitled to relief as a class.  When the propriety of injunctive of declaratory relief turns on determinations made with respect to each individual class member, common questions may not be found." *See Mathis v. Bess,* 692 F. Supp. 248, 257 (S.D.N.Y. 1988).

NFIP limits (Compl. ¶¶ 83-90).   A review of these allegations reveals their inherently individualized nature which precludes the commonality required for class treatment.

> **(i) The Court has upheld State Farm's Water Damage Exclusion and the issue is pending before the Fifth Circuit.**

Plaintiffs' claims for declarations that State Farm's exclusion for water damage does not apply to flood losses arising out of Hurricane Katrina and that the "efficient proximate causes" of their losses were "windstorm," "storm surge," and "acts of negligence" in the design, construction and maintenance of the levees and other flood control barriers that failed in the wake of the hurricane are not common questions of law and do not support the propriety of class treatment.   Indeed, this Court has already addressed these same claims in *Chehardy* and in *Vanderbrook*. C.A. 05-1482, Doc. 1803.   There the Court ruled that State Farm's water damage exclusion and its lead in language clearly exclude damage from flood "regardless of the cause". *Id*. at 50, 73. The Court also properly rejected plaintiffs' contentions regarding the efficient proximate cause doctrine, which are raised herein, that plaintiffs' second basis for appealing the judgment in favor of State Farm is their contention that under Louisiana law the "efficient proximate cause doctrine" overrides the unambiguous exclusionary language in State Farm's policy. *Id*. at 33, 51.   The Court certified its ruling for immediate interlocutory review and petitions for permission to appeal are pending in the Fifth Circuit.

> **(ii) The Eastern District has interpreted the Louisiana Valued Policy Law ("VPL") and the issue is before the Fifth Circuit.**

Similarly, plaintiffs' VPL arguments also have been decided by both the Eastern and Western Districts and are not common issues of fact or law sufficient to support class treatment. In *Chauvin et al. v. State Farm Fire and Cas. Co.,* 450 F.Supp.2d 660 (Aug. 2, 2006 E.D. La. 2006), Judge Vance disallowed the plaintiffs' attempt to invoke the VPL as a basis for recovering plaintiffs' flood losses from their homeowners insurers, correctly observing that the statute "was

designed to regulate the valuation of a covered loss, not to create coverage for perils not covered by the policy." *Id.* at 667 (citation omitted).  The court rejected the plaintiffs' urged interpretation to the contrary as commercially unreasonable and inconsistent with the statute's purpose because no insurer is "required to pay for damage not covered by the policy and for which it did not charge a premium." *Id.* at 666.  That ruling is pending appeal in the Fifth Circuit.[5]

### (iii) Plaintiffs' claims require case-by-case analysis and fail the common character requirement.

As noted above, plaintiffs' claims herein for (1) declarations that State Farm's exclusion for water damage does not apply to flood losses arising out of Hurricane Katrina and that the "efficient proximate causes" of their losses were "windstorm," "storm surge," and "acts of negligence" in the design, construction and maintenance of the levees and other flood control barriers that failed in the wake of the hurricane, and (2) regarding the interpretation of the Louisiana Valued Policy Law here provide no common questions of fact or law.  Even if these issues had not been previously decided, these issues would not justify class treatment.  Setting aside the water damage exclusion and VPL issues, the only claims remaining are plaintiffs' individual claims for the alleged improper adjustment of their respective homeowners claims.  No common questions among these claims exist other than that Hurricane Katrina may have

---

[5]  Other Louisiana federal judges who have interpreted the VPL also have ruled that the VPL does not require insurers to pay the policy limits for total losses not caused by covered perils; *see Richard v. State Farm Fire and Cas. Co.*, 2006 WL 3499901 (W.D. La. Dec. 4, 2006) (Melancon J.); *Maziarz v. Auto Club Inter-Ins. Exch.*, 2006 U.S. Dist. LEXIS 81817 (E.D. La. Nov. 8, 2006) (Berrigan, C.J.); *Turk v. La. Citizens Prop. Ins. Corp.* 2006 WL 1635677 (W.D. La. June 7, 2006) (Haik, C.J.).  In contrast to these earlier well-reasoned opinions, a state court recently issued a two-page opinion holding that the VPL required a homeowners insurer to pay the policy limit, even though the covered property was rendered a total loss by an excluded peril, because the insurer had failed to include the exclusion in the policy application.  *Landry v. La. Citizens Prop. Ins. Corp.*, Docket No. 85571, slip op. (La. 15th Jud. Dist. Ct., Vermilion Parish, January 4, 2007).  Devoting scant analysis to the absurd consequences of its ruling, the state court, in essence, held that the VPL requires that an insurer list every single term and condition of its

caused some property damage.[6]  Notwithstanding any potential attempt to bifurcate the litigation, this is a damages case, in which the plaintiffs seek both compensatory and punitive monetary relief.  The need for individualized determinations in order to attain these remedies precludes a finding of commonality.  State Farm evaluates and adjusts every claim on an individual, case-by-case basis.  Each claim representative's assessment of damage is based upon the highly specific and individual conditions of that particular property.  Thus, no one insured's claim is common to any other insured's claim.  And as demonstrated above, in order to identify the class members and then evaluate their entitlement to the relief, the Court will have to examine each putative class member's claim and make separate, fact-based determinations on the following issues: 1) whether each insured suffered a loss insured by a State Farm homeowners policy; 2) whether the risk at issue suffered any wind damage; 3) whether each insured with covered property damage suffered a "total loss" or "constructive total loss"; 4) whether the wind damage was the cause of the property being rendered a total loss; 5) whether the insured was paid the limit of their homeowner policy; and 6) whether the insured already received the full value of the property. These determinations can only be made after a review of the claim file of each and every proposed class member and precludes class certification.

### (iv) La. R.S. 22:658 and 22:1220 destroy commonality.

Plaintiffs also allege bad faith and unfair dealing and seek award of penalties under La. R.S. 22:1220.  (Compl. ¶¶ 65-75).  Plaintiffs' claims for statutory penalties will need to be determined on an individualized, case-by-case basis thereby precluding class treatment. *Defraites v. State Farm Mut. Auto. Ins. Co.,* 864 So. 2d 254, 262-63 (La. App. 5 Cir. 2004).

---

policy in order to avoid being required to pay the policy limit when a covered property is rendered a total loss by an excluded peril.

[6]  Indeed, Plaintiffs' motion to administratively close the case concedes that this lawsuit was filed merely to interrupt prescription with regard to claims against insurers. Rec. Doc. 2238 at ¶ I.

- 13 -

First, under La R.S. 22:658, the plain meaning of the statutory language requires individualized determinations of whether there is a delay that violates the statute. *See e.g., Mathis,* 692 F. Supp. at 255 (where plaintiff brought (b)(2) putative class action alleging that delays in providing trial transcripts violated prisoners' constitutional rights, the court held that "not only are there factual differences underlying each individual allegation of delay, but whether the delay rises to the level of a constitutional violation is a separate consideration and one which must be determined on a case-by-case basis.").

Second, any claims for bad faith under 22:658 require, at a minimum, an examination of the circumstances of each claimant's notice to State Farm of a claim and a determination of State Farm's timeliness of initiation of investigation. *See Toerne v Henry,* 812 So. 2d 755, 757 (La. App. 1 Cir. 2002). "Initiation" merely requires the insurer to take some substantive and affirmative step to accumulate the facts necessary to evaluate the claim. *Block v. St. Paul Fire & Marine Ins. Co.* 742 So. 2d 746, 752 (La. App. 2 Cir. 1999). Thus, to determine a violation of 22:658(A)(3), the court must examine the circumstances of each claim, the steps taken to "initiate" investigation, and whether those steps were timely.

Similarly, 658(A)(4) and La. R.S. 22:1220 require an individualized examination of whether State Farm received a "sufficient proof of loss" and if so, whether it responded within the statutory timeframe. A penalty can only be assessed against an insurer if the claimant presents "satisfactory proofs of loss," and the insurer then fails to make an offer of settlement of property damage within thirty days. *Block,* 742 So. 2d at 752. "Satisfactory proofs of loss" is that which is sufficient to "fully" apprise the insurer of the claim, including the extent of damage. *Id.* The determination of whether State Farm received satisfactory proofs of loss requires claim-by-claim determination. Further still, the statute provides that a violation only occurs "when such failure to pay within the statutory timeframe is found to be <u>arbitrary, capricious, or without</u>

- 14 -

probable cause…"   22:658(A)(4) (emphasis added).   "[D]etermination of whether an insurer acted in bad faith turns on the facts and circumstances of each case."  *Block*, 742 So. 2d at 752.

Finally, plaintiffs also seek penalties under 22:1220 which provides for penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."   La. R.S. 22:1220.   Louisiana case law holds that penalties under 22:1220 are *discretionary* in the sense that the court can award penalties even if the claimant cannot prove actual damage.  *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 860 So. 2d 1112, 1119 (La. 12/3/03). However, the exercise of discretion requires a claim-by-claim inquiry.   Moreover, every claimant has the right to prove actual damages in order to recover more than $5,000.   Plaintiffs cannot waive the rights of the putative class members to seek recovery of their maximum potential damages under 1220.  *See, e.g., Manguno v. Prudential Prop & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) (representative plaintiff could not "ethically unilaterally waive" rights of putative class without their authorization); *Pendelton v. Parke-Davis*, 2000 WL 1808500, *5 (E.D.La. 2000) (representative plaintiff's waiver of putative class members' rights held invalid).

As with La. R.S. 22:658, La. R.S. 22:1220 requires an individualized examination of whether State Farm received a "sufficient proof loss" and if so, whether it responded within the statutory timeframe.  *Block v. St. Paul Fire & Marine Co.*, *supra*.   The determination of whether State Farm received satisfactory proofs of loss requires claim-by-claim determination.   And like § 658, § 1220 provides a violation only occurs "when such failure within the statutory timeframe is found to be arbitrary, capricious, or without probable cause." 22:1220(B)(5)(emphasis added). "[D]etermination of whether an insurer acted in bad faith turns on the facts and circumstances of each case."  *Block*, 742 So. 2d at 752.

      **c.**      **Plaintiffs Have Not Pled Facts That Establish Typicality and Cannot Adequately Protect Class Interests.**

Similarly, the "typicality" requirement set forth in Rule 23(a)(3) presents another hurdle to class treatment.  As noted by the Supreme Court, the purpose of the typicality requirement is "to limit the class claims to those fairly encompassed by the named plaintiff's claims."  *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S. Ct. 1698, 1706 (1980).  A critical element of the typicality inquiry is that, because the interests of the named plaintiffs are aligned with those of the putative class members, the representatives will necessarily advance the interests of the class members by pursuing their own.  *See* Newberg On Class Actions, § 3.13 at 3-74 to 3-76 (3d ed. 1992); *see also Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) ("[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class").

Typicality is important, not just because it is one of the mandatory prerequisites established in 23(a), but also because it is closely related to another mandatory prerequisite-- adequacy of representation.  The tests of typicality and adequacy of representation merge because "'[i]f the representatives' claims are not typical of the class, they cannot adequately protect the interests of the absent class members.'"  *Spivak v. Petro-Lewis Corp.*, 120 F.R.D. 693, 698 (D.Colo.1987) *citing Kas v. Financial Gen. Bankshares, Inc.*, 105 F.R.D. 453, 461 (D.D.C.1984).  *See also Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417 (D.N.M. 1988).  Only when the named plaintiffs' claims are typical is there any chance that a class action will be an efficient dispute resolution mechanism or that the class representatives will have a genuine incentive to pursue the "common" class interest.

Here, plaintiffs have failed to demonstrate that their claims are typical of the claims of other purported class members.  For the same reasons that commonality is not satisfied, the prerequisite of typicality also fails.  This case involves fact-specific claims by individual

852610v.1

claimants.  No putative class member's claim is typical of another putative class member's claim. None of these divergent claims are "typical" beyond the fact of their insurance with State Farm and that they submitted Hurricane Katrina claims.

"Adequacy of representation" demands that the class representative be "squarely aligned in interest" with the absent class members.  Newberg, § 3.01 at 3-5.  A plaintiff cannot be an adequate class representative when facts specific to his case are disparate from other class members or create an arguable defense specific to his claim.  *See e.g., J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980).  This requirement is one of constitutional dimension.  *Bartelson v. Dean Witter & Co.*, 86 F.R.D. 657, 662 (E.D. Pa. 1980). As previously discussed, the named plaintiffs are not squarely aligned in interest with all of the proposed class members because their claims are not the same as those of other insureds.  Thus, the named plaintiffs cannot adequately protect the interests of the putative class members.

**2.     Plaintiffs' Claims Do Not Satisfy Any of The Criteria Of Rule 23(b).**

Under Rule 23, in addition to the prerequisites in paragraph (a), one of the three elements set forth in paragraph (b) must be satisfied.  Fed. R. Civ. P. 23.  Plaintiffs assert that class certification is appropriate under Rule 23(b)(1)(B), (b)(2), and (b)(3).  However, a review of the Complaint belies such assertions.

**a.     Disposition of one individual's claims will not be dispositive of any other individual's claims.**

Under Rule 23(b)(1)(B) a class may be maintained if the prerequisites of paragraph (a) are satisfied and "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair of impede their ability to protect their interests".  Fed. R. Civ. P. 23 (b)(1)(B).  Such is not the case here.  For the same reasons that commonality, typicality, and adequacy of representation are not present, the element that adjudications of the

individual class members claims would be dispositive of the claims of other insureds not party to this lawsuit also is not satisfied.  This case involves fact-specific claims by individual claimants.  A ruling as to one individual insured's claims will not dictate the outcome as to any other individual insured's claims.  Indeed, if such were the case, then the Court could easily dispose of the thousands of individual Katrina lawsuits regarding insurance claims currently pending in the Eastern District.

### b.    State Farm has not acted or refused to act on grounds generally applicable to the class.

Under Rule 23(b)(2), a class may be maintained if the prerequisites of paragraph (a) are satisfied and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  An examination of the Complaint's class allegations reveals the lack of the cohesiveness required for Rule 23(b)(2) class treatment.  "Liability for 'incidental damages' should not require additional hearings to resolve the disparate merits of each individual's case:  it should neither introduce new and substantial legal or factual issues, nor entail complex, individualized determinations."  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998).  The monetary relief sought by plaintiffs is neither a group remedy nor incidental to the declaratory relief, but rather would depend upon and would reflect the individual circumstances of each class member.  Plaintiffs' proposed class is not the "homogenous, cohesive" group contemplated by the Federal Rules of Civil Procedure or the Fifth Circuit in *Allison* and subsequent cases.  Rather, this is a disparate group whose claims for damage would depend upon facts peculiar to their circumstances.

In order to determine each purported class member's claim, it will be necessary to litigate each individual's covered losses, the amount and timing of any payment made, and the sufficiency of that payment.  Additionally, with respect to the plaintiffs' VPL allegations, it will

852610v.1

be necessary to determine whether an insured's property was in fact a "total loss," including a "constructive total loss," whether it incurred any wind damage, and whether each class member had been paid the policy limits.  The disparate positions of the potential class members with respect to these issues underscores the lack of cohesiveness of the proposed class and demonstrates that Rule 23(b)(2) certification is inappropriate.  Likewise, plaintiffs' request for penalties under La. R.S. 22:658 and 22:1220 will require determination of the actions and the good faith or bad faith of State Farm with respect to each individual insured, illustrating yet another aspect of the uniqueness of each claim and the monetary nature of the relief sought.  Clearly, the fact-specific inquiries necessary to determine the merits of each plaintiffs' claim defeat (b)(2) cohesiveness.

> **c.**     **Rule 23(b)(2) certification is improper when plaintiffs primarily seek monetary relief.**

Further, to the extent that plaintiffs propose 23(b)(2) certification in lieu of 23(b)(1)(B) and/or 23(b)(3) certification, Federal Rule 23(b)(2) is strictly limited to actions in which "final injunctive or declaratory relief [is] requested against the party opposing the class."  7A Charles A. Wright, et al., *Federal Practice and Procedure* § 1775 (2d ed. 1986).  The Advisory Committee Notes on Rule 23 state that class certification under (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." Fed. R. Civ. P. 23 (Advisory Committee notes).  The Committee further states that Rule 23(b)(2) applies only when it is appropriate to award "final injunctive relief or *corresponding declaratory relief*." Fed. R. Civ. P. 23(b)(2) (emphasis added).  "Declaratory relief 'corresponds' to injunctive relief when as a practical matter it *affords injunctive relief or serves as a basis for later injunctive relief*." Fed. R. Civ. P. 23 advisory committee note (subdivision (b)(2)) (emphasis added).  That is not the kind of declaratory relief that plaintiffs seek in this case.  Instead, they

852610v.1

seek declaratory relief in conjunction with their demands for compensatory and punitive damages.

The Fifth Circuit and other appellate courts agree that a putative class should not be certified pursuant to Rule 23(b)(2) when monetary damages predominate over injunctive or declaratory relief.  *Allison,* 151 F.3d at 413; *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.), *cert denied*, 531 U.S. 957, 121 S.Ct. 381 (2000).  In *Allison*, the Fifth Circuit held that "monetary relief 'predominates' under Rule 23(b)(2) when its presence in the litigation suggests that procedural safeguards of notice and opt-out are necessary, that is, when the monetary relief is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case." 151 F.3d at 413.  Providing further guidance in *Bolin, et al. v. Sears Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir. 2000), the Fifth Circuit observed:

> To determine whether damages predominate, a court should certify a class on a claim-by-claim basis, treating each claim individually and certifying the class with respect to only those claims for which certification is appropriate.  It must examine each claim asserted by the class in the context of the composition of the class.  The specific claims brought by the class identify the types of relief available to the class.  The composition of the class determines which of those types of relief the class is eligible for and would benefit from.

The *Bolin* Court then examined each of the causes of action asserted by the plaintiffs and determined whether the remedy for the claim was money damages or an injunction.  *Id.* at 977.  The Court then considered the composition of the class to see which available remedies would benefit the class.  *Id.* at 978.  At issue in *Bolin* were alleged illegal practices by Sears including coercion of payment of discharged pre-bankruptcy debt, offers of new credit on extortionate terms, abusive litigation practices and other affirmative conduct.  In finding that the district court had abused its discretion in certifying the class under (b)(2), the Court stated:

> These plaintiffs have nothing to gain from an injunction, and the declaratory relief they seek serves only to facilitate the award of damages. Thus, the definition of the class shows that most of the plaintiffs are seeking only damages.

*Id. See also McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 553-54 (5th Cir. 2003) (a breach of warranty claim --even when creatively pled as an equitable action--cannot be certified as a (b)(2) class because any order compelling the defendants to fix the class members' products was an inherently individual remedy arising out of potential liability to individual class members).

There are good reasons why the (b)(2) class vehicle is not appropriate when the putative class members seek a monetary award. The requirement that injunctive and/or declarative relief predominate over monetary damages ensures the cohesiveness of a Rule 23(b)(2) class. As the Fifth Circuit observed in *Allison*, 151 F.3d at 413,

> The underlying premise of the (b)(2) class --that its members suffer from a common injury properly addressed by class-wide relief -- "begins to break down when the class seeks to recover...forms of monetary relief to be allocated based on individual injuries." (citation omitted)

The "predomination test" set forth by the Fifth Circuit in *Allison* and subsequent cases effectively fixes the burden upon the party seeking certification to establish that the injunctive or declaratory relief sought clearly predominates over the monetary relief. The imposition of such a burden "serves essentially the same functions as the procedural safeguards and efficiency and manageability standards mandated in (b)(3) class actions." *Allison*, 151 F.3d at 414-15. The nature of plaintiffs' proposed class and the predominance of money damages over injunctive relief destroys the cohesiveness of the putative class here and necessitates the procedural safeguards of notice and opt-out to class members.

In *Defraites*, the Petition sought monetary damages for "diminished value" of automobiles that suffered repairable damage in accidents, plus penalties under La. R.S. 22:658 and 1220. 864 So. 2d 254. In an effort to qualify as a (b)(2) class, he proposed to defer the

- 21 -

claim for compensatory damage and focus on the declaratory and injunctive relief. The court

held that even the claims for penalties could only be evaluated on a claim by claim basis:

> Claims for diminution in value as well as claims for failure to comply with
> statutory obligations to initiate loss adjustment must be assessed on an individual
> basis. Plaintiff's claim for statutory penalties also requires individualized proof.
> Although plaintiff asserts he seeks a declaratory judgment for the class, he also
> seeks penalties under La. R.S. 22:1220. Plaintiff contends that a $5,000 penalty is
> an automatic assessment, and there is no need for an individualized analysis
> which would preclude class certification. However, plaintiff's entitlement to
> penalties under 22:1220 are predicated on liability for a violation of 22:658,
> which requires a case-by-case analysis as discussed above. Further, the amount of
> the penalty cannot be resolved on a class-wide basis.

*Id.* at 261-62. *See also Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142-43 (3d Cir. 1998) (the

need for individual determinations destroys the cohesiveness required for (b)(2) certification).

Clearly, the claim that State Farm's claims handling violates these statutes requires

individualized examinations that defeat (b)(2) cohesiveness.

Plaintiffs' mere recitation of a request for injunctive or declaratory relief cannot transform

a request for money damages into a Rule 23(b)(2) class action. "An action seeking a declaration

concerning defendant's conduct that appears designed simply to lay the basis for a damage award

rather than injunctive relief would not qualify under Rule 23(b)(2)." Charles Alan Wright, et al.

at § 1775. The Fifth Circuit has counseled that a district court has the affirmative duty to guard

against a plaintiff's attempt to "shoehorn" damages into the (b)(2) class framework. *Bolin*, 231

F.3d at 976. "Insignificant or sham requests for injunctive relief should not provide cover for

[Rule 23] (b)(2) certification of claims that are brought essentially for monetary recovery."

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 164 (2nd Cir. 2001) (citing *In re*

*School Asbestos Litig.*, 789 F.2d 996, 1008 (3d Cir. 1986)); *see also Doan v. Watson*, 2000 U.S.

Dist. LEXIS 8595 at * 24 (S.D. Ind. March 2, 2000) ("Plaintiffs seek to use the [(b)(2)]class

action as a method of obtaining the equivalent of a declaratory judgment that . . . only serves to

advance Plaintiffs' later anticipated claims for damages. We agree with the Northern District

852610v.1

Court of Illinois that 'it cuts against the grain of Rule 23(b)(2) [to use] declaratory relief as the predicate for later damages claims.'"); *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 220 (W.D. Mich. 1998) (noting that plaintiffs' requested injunctive relief was "designed primarily to facilitate and ensure the satisfaction of any monetary relief the Court might award"); *Marlow v. American Suzuki Motor Corp.*, 584 N.E.2d 345, 350 (Ill. App. Ct. 1991) (holding that any declaration of "defect" would foster "impermissible piecemeal litigation" because "Plaintiff here is not attempting to settle a controversy before it ripens into a legal liability, nor is she trying to terminate litigation.  *On the contrary, the declaratory relief she requests would operate as a prelude to or preparation for a myriad of individual damage claims.*") (quoting *Sarafin v. Sears Roebuck & Co.*, 446 F. Supp. 611, 615 (N.D. Ill. 1978)). This is all about damages.  Indeed, the injunctive relief the plaintiffs seek is an order that would require State Farm to pay disputed money to putative class members.

Furthermore, a request for declaratory relief does not create any substantive rights, causes of action, or remedies.  *See Bolin*, 231 F.3d at 978-7; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996) (same); nor does declaratory relief change the basic character of the suit.  As the Fifth Circuit explained:

> The extent to which the declaratory relief sought satisfies Rule 23(b)(2) is . . . *no greater than the extent to which the substantive statutes underlying the claim for declaratory relief satisfy Rule 23(b)(2).*  Since certification under none of the underlying [claims] was proper, certification with respect to the DJA was also an abuse of discretion.

*Bolin*, 231 F.3d 978-79 (emphasis added).

The Court should follow *Allison*, *Bolin*, and *Defraites* and reject any effort to move forward with a Rule 23(b)(2) certification hearing because it is apparent that the plaintiffs' claims for money damages clearly predominate over their claims for injunctive relief.

- 23 -

> **d.    Common questions do not predominate; nor is the class vehicle superior to any other method of adjudicating plaintiffs' claims.**

To maintain a class under Rule 23(b)(3), a plaintiff must show: (1) that common questions predominate over any questions affecting only individual members, and (2) that class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23 (b)(3). In order to predominate, common issues must form a significant part of otherwise individual claims. *Mullen*, 186 F.3d at 626. Indeed, the predominance requirement is "far more demanding" than the commonality requirement because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). Where, as here, a class would result in a series of individual trials, the requirement cannot be satisfied. *Maldonado v. Ochsner*, 2006 WL 2042376, at *6 (E.D. La. Mar. 24, 2006).

The individual inquiries regarding the extent of each class member's covered losses, the amount and timing of any payment made, and the sufficiency of that payment, which will be required for each putative class member, destroy any prospect of predominance as required by Rule 23. Indeed, because each class member's claim requires an individualized inquiry the Court should strike the class allegations. *Spiers v. Liberty Mut. Fire Ins. Co.*, No. 06-4493, Rec. Doc. 11 (E.D. La. Nov. 21, 2006) (Feldman, J.) (granting insurer's motion to strike class allegations in Katrina insurance lawsuit alleging that defendant insurer engaged in a "corporate scheme and pattern and practice of bad faith and improper claims handling," and asserting causes of action for breach of contract, breach of implied duties of good faith, and breach of fiduciary duty because individual questions pertaining to each class member overwhelmed any arguably common issues); *see also Ross-Randolph*, 2001 U.S. Dist. LEXIS 25645, at *21-22 (striking class allegations in an action based on the wrongful denial of benefits because the cause of each plaintiff's damages and whether each plaintiff was entitled to relief required individualized

- 24 -

852610v.1

inquiries); *Comer v. Nationwide Mut. Ins. Co.*, 2006 WL 1066645, at *2-3 (S.D. Miss. Feb. 23, 2006) (denying motion for leave to file amended complaint seeking class action against insurers by homeowners seeking coverage for damages from Hurricane Katrina because no two property owners would have suffered the same loss and each individual claim would require particular evidence to establish the cause and extent of loss); *Pollet v. Travelers Prop. Cas. Ins. Co.*, 2001 WL 1471724 (E.D. La. 2001) (holding class certification was inappropriate in an action alleging that insurer failed to adequately compensate policyholders because of the need for individualized proof on thousands of separate insurance claims.[7]

### III. CONCLUSION

Plaintiffs' allegations are wholly inappropriate for class treatment because the Complaint sets forth nothing more than individual claims against State Farm for failing to properly adjust claims in a timely manner. An individual inquiry into the unique facts of each class member's claims is necessary. Class treatment therefore is inappropriate and the Court should dismiss the class allegations.

---

[7] *See also Maldonado v. Ochsner*, 2006 WL 2042376, at *8-10 (E.D. La. Mar. 24, 2006) ("Where, after adjudication of the classwide issues, plaintiffs still must introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).") (citations omitted); *Fulford v. Transp. Serv. Co.*, 2004 U.S. Dist. LEXIS 12013, at *4-5 (E.D. La. 2004) (denying plaintiff's motion for reconsideration of denial of class certification where the causation of damages suffered from a chemical spill would require highly individualized inquiries); *In re: Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 170 F.R.D. 417, 425-26 (E.D. La. 1997) (denying class certification where individual questions of law and fact overwhelmed common questions and mini-trials on causation would be necessary); *Young v. Ray Brandt Dodge, Inc.*, 176 F.R.D. 230, 234 (E.D. La. 1997) (finding class certification inappropriate because "[e]ach plaintiff clearly has a specific set of circumstances surrounding his or her purchase of the insurance at issue"); *Stott v. Haworth*, 916 F.2d 134, 139 (4th Cir. 1990) (finding class certification improper where resolution required inquiry into the facts surrounding each claimant); *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 209 F.R.D. 134, 140-41 (W.D. Mich. 2002) (denying class certification in contract and tort claims against insurance company where the violation required individualized assessments of causation and reliance).

Respectfully submitted,

s/ Sarah H. Barcellona

Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Sarah H. Barcellona, 28080
    of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and Casualty
Company and State Farm General Insurance
Company

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Memorandum in Support
of Motion to Dismiss Class Allegations has been served upon all counsel of record by electronic
service through the Court's CM/ECF system and/or by placing same in the United States mail,
postage prepaid and properly addressed, this 1st day of February, 2007.

s/ Sarah H. Barcellona

852610v.1