## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: INSURANCE    *Chehardy*, No. 06-1672    *Chehardy*, No. 06-1673    *Chehardy*, No. 06-1672 | |

## DEFENDANT LEXINGTON INSURANCE COMPANY'S
## ANSWER TO THE AMENDED AND RESTATED COMPLAINT

Defendant Lexington Insurance Company ("Lexington") answers the plaintiffs' Amended and Restated Complaint as follows:

In answering the complaint, Lexington will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberrel, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Petemon, Wendell Glation,

and Mack Barham) as "Plaintiffs." No further response is necessary to the introductory paragraph of the Amended and Restated Complaint.

## I.     INTRODUCTION

1.     Lexington admits that Plaintiffs have filed a complaint that purports to assert a class action. Lexington further admits that plaintiff Austra Zapata ("Ms. Zapata") owned a home in Louisiana and that Ms. Zapata maintains that her home was damaged on or about August 29, 2005. Lexington further admits that Ms. Zapata's home had incurred some wind and flood damage. Except as expressly admitted, Lexington is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and Restated Complaint and on that basis denies those allegations.

2.     Lexington admits that Plaintiffs filed a complaint that purports to assert causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes. Lexington denies that it wrongfully, negligently, recklessly, or intentionally refused to provide insurance coverage for covered losses and damages to property caused by Hurricane Katrina. Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance Company Defendants (this term is used herein, as defined in the Amended and Restated Complaint, excluding Lexington) and on that basis denies those allegations. Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 2.

3.     Lexington admits that Plaintiffs filed a complaint seeking declaratory relief and compensatory and punitive damages. To the extent that Paragraph 3 of the Amended and Restated Complaint calls for legal conclusions, it requires no response. To the extent that Paragraph 3 contains factual allegations that require a response and alleges that Lexington

engaged in "wrongful conduct," Lexington denies the allegations.  To the extent that Paragraph 3 contains factual allegations that require a response and alleges that other Insurance Company Defendants engaged in "wrongful conduct," Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 3.

## II.    PARTIES

4.      Lexington admits that Ms. Zapata had a Lexington Insurance Company homeowner's insurance policy with an effective period of September 30, 2004, to September 30, 2005.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 4.

5.      Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on that basis denies those allegations.

6.      Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on that basis denies those allegations.

7.      Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on that basis denies those allegations.

8.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

9.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended and Restated Complaint and on that basis denies those allegations.

10.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

11.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

12.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

13.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended and Restated Complaint and on that basis denies those allegations.

14.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and on that basis denies those allegations.

15.     Lexington admits that it is a foreign insurer and that it has been served with process in this case.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 15 of the Amended and Restated Complaint.

16.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended and Restated Complaint and on that basis denies those allegations.

17.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended and Restated Complaint and on that basis denies those allegations.

18.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended and Restated Complaint and on that basis denies those allegations.

19.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended and Restated Complaint and on that basis denies those allegations.

20.     Lexington admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

### III.     JURISDICTION AND VENUE

21.     To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Lexington denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

22.     To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual

allegations requiring a response, Lexington admits, solely for purposes of this case, that this Court has personal jurisdiction over Lexington but denies that Lexington is currently or was transacting business in this District during 2005 by way of selling insurance policies to homeowners.  To the extent that Paragraph 22 contains factual allegations requiring a response as to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them. Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 22.

23.     To the extent that Paragraph 23 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual allegations requiring a response, Lexington admits that a substantial part of the events giving rise to this action occurred in this District.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 23 as to Lexington.  To the extent that Paragraph 23 contains factual allegations requiring a response as to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

## IV.     FACTUAL BACKGROUND

## Appropriateness of Class Action[1]

24.     To the extent that Paragraph 24 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.

---

[1]     The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

a.     To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(a) contains factual allegations requiring a response, Lexington denies that this case is appropriate for class certification and lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

b.     To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(b) contains factual allegations requiring a response, Lexington denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

c.     To the extent that Paragraph 24(c) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(c) contains factual allegations requiring a response, Lexington denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(c) as to Lexington. To the extent that Paragraph 24(c) contains factual allegations requiring a response as to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

d.     To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies

those allegations.   To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Lexington denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 24.

25.   Lexington denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

### Policyholders' Purchase Of The Policies

26.   Lexington admits that in August 2005 Ms. Zapata owned a home in the Parish of Orleans.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 26.

27.    Lexington admits that Ms. Zapata had a Lexington homeowner's insurance policy with an effective period of September 30, 2004, to September 30, 2005, but denies that Ms. Zapata purchased a homeowner's insurance policy directly from Lexington.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 27.

28.   Lexington denies the allegations of Paragraph 28 of the Amended and Restated Complaint as to Lexington.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 as to other Insurance Company Defendants and on that basis denies those allegations.

29.     Ms. Zapata's insurance policy with an effective period of September 30, 2004, to September 30, 2005, is in writing and speaks for itself.  Lexington denies that its policyholders had to agree to pay a "hurricane deductible."  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 29.

30.     Lexington denies that it had "advanced knowledge about the fragility of the New Orleans area levee system."  Lexington further denies that its homeowner's insurance policies do not exclude coverage for water damage from the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint and on that basis denies those allegations.

31.     Lexington denies that it sold homeowner's policies to homeowners in Louisiana either directly or through Lexington agents.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.

32.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent they refer to Plaintiffs' subjective beliefs and to other Insurance Company Defendants and on that basis denies those allegations.  Lexington denies each and every remaining allegation in Paragraph 32.

33.     Lexington denies the allegations of Paragraph 33 of the Amended and Restated Complaint as to Lexington.  Lexington is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 33 as to other Insurance Company Defendants and on that basis denies those allegations.

34.     Lexington admits that timely premium payments were made for the Lexington policy insuring Ms. Zapata's home with an effective period of September 30, 2004, to September 30, 2005.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 34.

<u>**Insurance Company Defendants Fail To Advise**</u>
<u>**Policyholders Regarding The Availability Of Flood Insurance**</u>

35.     Lexington admits that Congress enacted the Federal Flood Insurance Act in 1956. Lexington further admits that Congress passed the National Flood Insurance Act in 1968 and created the National Flood Insurance Program ("NFIP").  Lexington states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 35 of the Amended and Restated Complaint.

36.     Lexington admits that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding.  42 U.S.C. § 4013(b)(2).  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 36 of the Amended and Restated Complaint.

37.     Lexington admits that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis

denies those allegations.    Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 37.

38.    Lexington denies the allegations of Paragraph 38 of the Amended and Restated Complaint as to Lexington.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company Defendants and on that basis denies those allegations.

39.    Lexington denies that Ms. Zapata was not advised of the availability of flood insurance under the NFIP.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended and Restated Complaint and on that basis denies those allegations.

### Hurricane Katrina Damages Policyholders' Property

40.    Lexington admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated Complaint and on that basis denies those allegations.

41.    Lexington admits that there was water on both sides of the Industrial Canal in New Orleans and in the City's Lower Ninth Ward on August 29, 2005.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies those allegations.

42.    Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

43.     Lexington admits that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

44.     Lexington further admits that Ms. Zapata owned a home in Louisiana and that Ms. Zapata asserts that her home was damaged on or about August 29, 2005.  Lexington further admits that Ms. Zapata's home had incurred some wind and flood damage.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

45.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

46.     Lexington acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

47.     Lexington acknowledges that *The Times Picayune* contained an article on April 6, 2005, that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

48.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

49.     Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

50.     To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Lexington denies the allegations.

## COUNT I - DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Lexington incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Lexington denies that it has not properly addressed Ms. Zapata's covered losses.  To the extent that Paragraph 52 contains other factual allegations requiring a response, Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis denies those allegations.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual

allegations requiring a response as to Lexington and Ms. Zapata, Lexington denies the allegations. To the extent that Paragraph 53 contains other factual allegations requiring a response, Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those allegations.

54.     To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Lexington admits that it has offered payment for the covered wind damage losses under Ms. Zapata's Lexington homeowner's policy that were incurred on or about August 29, 2005. Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 54 as to Ms. Zapata. Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.     Lexington denies the allegations of Paragraph 55 of the Amended and Restated Complaint as to Lexington. Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and on that basis denies those allegations.

56.     To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 56 contains factual allegations requiring a response, Lexington states that Ms. Zapata's insurance policy with an effective period of September 30, 2004, to September 30, 2005, is in writing and speaks for itself. To the extent that Paragraph 56 contains other factual allegations requiring a response, Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis denies those allegations.

57.    Lexington denies Paragraph 57 of the Amended and Restated Complaint as to Ms. Zapata and states that it offered to indemnify Ms. Zapata in accordance with the terms of the policy with an effective period of September 30, 2004, to September 30, 2005, for covered wind damage losses incurred on or about August 29, 2005.   Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 57.

58.    To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 58 contains factual allegations requiring a response and refers to Lexington, Lexington denies each and every allegation in Paragraph 58.   Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on that basis denies those allegations.

59.    To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 59 contains factual allegations requiring a response and alleges that Lexington improperly adjusted Ms. Zapata's claim, Lexington denies the allegations.   To the extent that Paragraph 59 contains other factual allegations requiring a response, Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies those allegations.

60.    To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 60 contains factual allegations requiring a response, Lexington states that Ms. Zapata's insurance policy with an

effective period of September 30, 2004, to September 30, 2005, is in writing and speaks for itself. To the extent that Paragraph 60 contains other factual allegations requiring a response, Lexington denies each and every remaining allegation in Paragraph 60.

61.    Lexington denies each and every allegation in Paragraph 61 of the Amended and Restated Complaint.

62.    To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 62 contains factual allegations requiring a response and refers to Lexington, Lexington denies each and every allegation in Paragraph 62. To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

63.    Lexington admits that any investments made by it or on its behalf may earn income. Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 63.

64.    Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and on that basis denies those allegations.

With regard to the prayer for relief, Lexington denies that Plaintiffs have any basis for judgment against Lexington and alleges that Plaintiffs shall be denied all relief and that Lexington be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
## v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Lexington incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     To the extent that Paragraph 66 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 66 contains factual allegations requiring a response, Lexington admits that Ms. Zapata had a Lexington insurance policy with an effective period of September 30, 2004, to September 30, 2005.  Lexington states that Ms. Zapata's insurance policy with an effective period of September 30, 2004, to September 30, 2005, is in writing and speaks for itself.  To the extent that Paragraph 66 contains other factual allegations requiring a response, Lexington is without knowledge or information sufficient to form a belief as to the truth of such remaining allegations and on that basis denies them.  Lexington denies each and every remaining allegation in Paragraph 66.

67.     Lexington admits that Ms. Zapata paid all premiums due under the Lexington policy with an effective period of September 30, 2004, to September 30, 2005.  Except as expressly admitted, Lexington denies each and every remaining allegation in Paragraph 67 of the Amended and Restated Complaint as to Lexington.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and on that basis denies those allegations.

68.     To the extent that Paragraph 68 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to other Insurance Company Defendants and on that basis denies those allegations.

69.     To the extent that Paragraph 69 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 69 contains factual

allegations requiring a response and refers to Lexington, Lexington denies each and every allegation in Paragraph 69.  To the extent that Paragraph 69 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

With regard to the prayer for relief, Lexington denies that Plaintiffs have any basis for judgment against Lexington and alleges that Plaintiffs shall be denied all relief and that Lexington be awarded costs of court and such other relief as is just.

## COUNT III- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Lexington incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations and states that as a surplus lines carrier in Louisiana, it does not sell policies directly to policyholders.  To the extent that Paragraph 71 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to other Insurance Company Defendants and on that basis denies those allegations.

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 72 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 as to other Insurance Company Defendants and on that basis denies those allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.     To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 75 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

76.     To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 76 refers to other

Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

77.     To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further, Louisiana Revised Statute § 22:658.2(A)(1) is in writing and speaks for itself.  To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 77 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.     To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

79.     To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

80.    To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.    To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

With regard to the prayer for relief, Lexington denies that Plaintiffs have any basis for judgment against Lexington and alleges that Plaintiffs shall be denied all relief and that Lexington be awarded costs of court and such other relief as is just.

## COUNT IV   BREACH OF LA. REV. STAT. ANN. § 22:1220
## (Insurance Bad Faith) v. AU Insurance Company Defendants

82.    In response to Paragraph 82 of the Amended and Restated Complaint, Lexington incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.    With respect to Paragraph 83 of the Amended and Restated Complaint, Lexington states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.  To the

extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Lexington denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint, Lexington states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Lexington denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 85 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

86.     To the extent that Paragraph 86 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 86 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.     To the extent that Paragraph 87 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 87 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 87 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     To the extent that Paragraph 88 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 88 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.   To the extent that Paragraph 88 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those allegations.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 89 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.   To the extent that Paragraph 89 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   Lexington states that the statutes referred to in Paragraph 90 are in writing and speak for themselves.   To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations. To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

91.     To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   The statute referred to in Paragraph 91 is in writing

and speaks for itself.  To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

With regard to the prayer for relief, Lexington denies that Plaintiffs have any basis for judgment against Lexington and alleges that Plaintiffs shall be denied all relief and that Lexington be awarded costs of court and such other relief as is just.

### COUNT V - BREACH OF FIDUCIARY DUTY
### v. State Farm, Allstate Indemnity, Allstate Insurance and
### Liberty Mutual and Other Similarly Situated Insurance Company Defendants

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Lexington incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.     To the extent that Paragraph 94 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 94 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.     To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 95 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 95 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those allegations.

96.     To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.     To the extent that Paragraph 97 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 97 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.     To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 98 refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

100.    To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Lexington, Lexington denies the allegations.  To the extent that Paragraph 100 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Lexington is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those allegations.

With regard to the prayer for relief, Lexington denies that Plaintiffs have any basis for judgment against Lexington and alleges that Plaintiffs shall be denied all relief and that Lexington be awarded costs of court and such other relief as is just.

*       *       *

Except as expressly admitted, Lexington denies each and every remaining allegation in the Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO RIGHT OR CAUSE OF ACTION)

All Policyholders who are not insureds of Lexington have no right or cause of action against Lexington.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (NO CLASS ACTION)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (IMPROPER JOINDER)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (POLICY TERMS AND CONDITIONS)

The policies issued by Lexington are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.  Lexington asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (WATER DAMAGE EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the Lexington policies for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

1.      We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

   . . . .

   c.      **Water Damage**, meaning:

      (1)      Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

      (2)      Water which backs up through sewers or drains or which overflows from a sump; or

      (3)      Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

      Direct loss by fire, explosion or theft resulting from water damage is covered.

The Lexington policies further contain the following notice:

### IMPORTANT FLOOD INSURANCE NOTICE

Your homeowners or dwelling policy does NOT provide coverage for loss caused by flood or mudslide, which is defined, in part, by the National Flood Insurance Program as:

   A general and temporary condition of partial or complete inundation of normally dry land areas from overflow of inland or tidal waters or from the unusual and rapid accumulation or runoff of surface waters from any source.

If you are required by your mortgage lender to have flood insurance on your property, or if you feel that your property is susceptible to flood damage,

insurance covering damage from flood is available on most buildings and contents in participating communities through the National Flood Insurance Program.

Information about flood insurance and whether your community participates in the program can be obtained from your insurance company from your insurance agent/broker, or directly from the National Flood Insurance Program by calling 1-800-638-6620.

If you purchase the maximum limits available through the National Flood Insurance Program, and require additional limits, contact your agent/broker for information regarding the Lexington Insurance Company's Excess Flood Program.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (ORDINANCE OR LAW EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the

Lexington policies for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

1.      We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

   a.      **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (WEATHER CONDITIONS EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the

Lexington policies for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

2.      We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    a.    **Weather conditions.**   However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1.** above to produce the loss;

## NINTH SEPARATE AND ADDITIONAL DEFENSE
## (ACTS OR DECISIONS EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the Lexington policies for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

2.    We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    . . . .

    b.    **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;

## TENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAULT, INADEQUACY, OR DEFECT EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the Lexington policies for loss caused by any of the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – EXCLUSIONS**

. . . .

2.    We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    . . . .

    c.    **Faulty, inadequate or defective:**

        (1)    Planning, zoning, development, surveying, siting;

**(2)**   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**   Materials used in repair, construction, renovation or remodeling; or

**(4)**   Maintenance;

of part or all of any property whether on or off the "residence premises."

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (MOLD RELATED ITEMS EXCLUSION)

Policyholders' claims are excluded from coverage, in whole or in part, under the

Lexington policies for loss caused by any of the following:

**LIMITED MOLD RELATED COVERAGE**
**SECTION I – PROPERTY COVERAGES**
**ADDITIONAL COVERAGES**

The following Additional Coverage is added:

**12.**   **"Mold Related Items"**

**a.**   The amount shown in the Schedule above is the most we will pay for:

**(1)**   The total of all loss payable under Section **I** – Property Coverages caused by "mold related items";

**(2)**   The cost to remove "mold related items" from property covered under Section **I** – Property Coverages;

**(3)**   The cost to tear out and replace any part of the building or other covered property as needed to gain access to the "mold related items"; and

**(4)**   The cost of testing of air or property to confirm the absence, presence or level of "mold related items" whether performed prior to, during or after removal, repair, restoration or replacement. The cost of such testing will be provided only to the extent that there is a reason to believe that there is the presence of "mold related items".

**b.**   The coverage described in **12.a.** only applies when such loss or costs are a result of a Peril Insured Against that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at and after the time the Peril Insured Against occurred.

**c.**   The amount shown in the Schedule for this coverage is the most we will pay for the total of all loss or costs payable under this Additional Coverage regardless of the:

**(1)**   Number of locations insured under this endorsement; or

**(2)**   Number of claims made.

**d.**   If there is covered loss or damage to covered property, not caused, in whole or in part, by "mold related items", loss payment will not be limited by the terms of this Additional Coverage, except to the extent that "mold related items" causes an increase in the loss. Any such increase in the loss will be subject to the terms of this Endorsement.

This coverage does not increase the limit of liability applying to the damaged covered property.

. . . .

## SECTION I – EXCLUSIONS

Exclusion **1.i.** is added.

**i.**   **"Mold Related Items"**

"Mold Related Items" including the presence, growth, proliferation, spread or any activity of "mold related items".

This Exclusion does not apply:

**(1)**   When "Mold Related Items" results from fire or lightning; or

**(2)**   To the extent coverage is provided for in the "Mold Related Items" Additional Coverage under Section I – Property Coverages with respect to loss caused by a Peril Insured Against other than fire or lightning.

Direct loss by a Peril Insured Against resulting from "Mold Related Items" is covered.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO EXHAUST CONTRACTUAL REMEDIES)

Policyholders' claims are barred in whole or in part by the failure to exhaust mandatory contractual remedies. The Lexington policies require, by way of example only and not as a complete list of conditions, the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

6.    **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

    Each party will:

a.    Pay its own appraiser; and

b.    Bear the other expenses of the appraisal and umpire equally.

. . . .

8.    **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (ASSISTANCE AND COOPERATION)

The Lexington policies contain provisions requiring assistance and cooperation on behalf of the insured. To the extent that Policyholders breached these provisions, coverage is precluded under the Lexington policy or policies, which state the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

**2.**    **Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:

    **a.**    Give prompt notice to us or our agent;

    **b.**    Notify the police in case of loss by theft;

    **c.**    Notify the credit card or fund transfer card company in case of loss under Credit Card or Fund Transfer Card coverage;

    **d.**    Protect the property from further damage. If repairs to the property are required, you must:

        **(1)**    Make reasonable and necessary repairs to protect the property; and

        **(2)**    Keep an accurate record of repair expenses;

    **e.**    Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

    **f.**    As often as we reasonably require:

        **(1)**    Show the damaged property;

        **(2)**    Provide us with records and documents we request and permit us to make copies; and

        **(3)**    Submit to examination under oath, while not in the presence of any other "insured," and sign the same;

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (SUFFICIENT PROOF OF LOSS)

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss under Louisiana Revised Statutes § 22:1220 and under the terms of the Lexington policies, which state the following:

32

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

2.      **Your Duties After Loss.**  In case of a loss to covered property, you must see that the following are done:

. . . .

g.      Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1)     The time and cause of loss;

(2)     The interest of the "insured" and all others in the property involved and all liens on property;

(3)     Other insurance which may cover the loss;

(4)     Changes in title or occupancy of the property during the term of the policy;

(5)     Specifications of damaged buildings and detailed repair estimates;

(6)     The inventory of damaged personal property described in **2.e.** above;

(7)     Receipts for additional living expenses incurred and records that support the fair rental value loss; and

(8)     Evidence or affidavit that supports a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (POLICY LIMITS)

The amount of any recovery by Policyholders is limited by the terms and conditions of the Lexington policies sued upon, including any limitations as to coverage payable, including the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

I.     **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

    **a.**     To the "insured" for more than the amount of the "insured's" interest at the time of loss; or

    **b.**     For more than the applicable limit of liability.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(OTHER INSURANCE)**

Lexington's liability, if any, for Policyholders' claims is limited by the other insurance clause in Lexington's policies of insurance, which states the following:

**HOMEOWNERS 3 SPECIAL FORM**
**SECTION I – CONDITIONS**

. . . .

**7.**     **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(SETOFF)**

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been compensated for their alleged loss through payment of their claims.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(UNJUST ENRICHMENT)**

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
### (COMPARATIVE FAULT – THIRD PARTIES)

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholders and any liability of Lexington, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code art. 2323.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
### (ABSENCE OF REASONABLE RELIANCE)

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Lexington to Policyholders upon which Policyholders could have reasonably or justifiably relied.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO DECLARATORY RELIEF)

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (INAPPLICABILITY OF LA. REV. STAT. §§ 22:1220 & 22:658.2)

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is inapplicable under the facts of this case, as alleged by Policyholders.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
## (GOOD FAITH)

Without admitting application of the referenced statutory provisions to it, Lexington alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (NO FIDUCIARY DUTY)

Lexington owed no fiduciary duty to Policyholders.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
## (NO DUTY TO PAY ATTORNEYS' FEES OR OTHER COSTS)

Lexington has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Lexington or any other insurer.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO STATE A CLAIM FOR PUNITIVE DAMAGES)

Policyholders have failed to state facts sufficient to give rise to a claim against Lexington for punitive damages.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO MITIGATE)

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (PREEMPTION)

Policyholders claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
## (PROCEDURAL DUE PROCESS)

Policyholders claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE
## (SUBSTANTIVE DUE PROCESS)

Policyholders claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
## (DUE PROCESS)

To the extent that Lexington's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Lexington liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
## (PUNITIVE DAMAGES)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
## (EQUITABLE DOCTRINES)

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (ADDITIONAL DEFENSES)

Lexington reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Lexington also hereby incorporates by reference any additional defenses raised by other defendants to this action.


WHEREFORE, Lexington prays for judgment as follows:

1.      That Policyholders take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Lexington recover its costs of suit;

4.      That Lexington recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Robert I. Siegel

ROBERT I. SIEGEL, ESQUIRE (#12063)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:      (504) 561-0400
Facsimile:      (504) 561-1011

*-and-*

RICHARD J. DOREN, ESQUIRE
**GIBSON, DUNN & CRUTCHER, LLP**
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:     (213) 229-7038

*-and-*

DANIEL W. NELSON, ESQUIRE
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:     (202) 955-8500

COUNSEL FOR LEXINGTON INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on this **1**[st] day of **February 2007**, I electronically filed **Defendant Lexington Insurance Company's Answer to the Amended and Restated Complaint** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

/s/ Robert I. Siegel