# SINGLETARY & ASSOCIATES
*A Professional Law Corporation*

| | | |
|---|---|---|
| Michael D. Singletary† | 346 WEST BELLEVUE STREET | |
| Crystal Guillory | P.O. Box 97 | Telephone: (337) 407-8990 |
| Kathy L. Smith | OPELOUSAS, LOUISIANA 70571-0097 | Fax: (337) 407-8993 |
| †Admitted to practice in Louisiana and Texas | | |

Thursday, February 1, 2007

<u>***VIA ELECTRONIC FILING***</u>

Ms. Loretta G. Whyte
Clerk of Court
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C151
New Orleans, LA 70130

           RE:    Katrina Canal Breaches Consolidated Litigation
                  USDC, E.D. La. No. 2005-4182
                  Pertains to Insurance, Abadie Et al v. Aegis Security Insurance Co., et al
                  No. 2006-5164
                  Our File No. 06FCS006

Dear Ms. Whyte:

      Attached please find Defendant's Answer to Plaintiff's Original and First Supplemental and Amending Complaint to be filed with the Court. A copy is also being sent to counsel for Plaintiffs.

      Should you have any questions or concerns, please feel free to contact this office. Thanking you for your kind professional courtesies, I remain

                                      Sincerely,
                                      **SINGLETARY AND ASSOCIATES, APLC**


                                      <u>/s/ Michael D. Singletary</u>
                                      MICHAEL D. SINGLETARY

MDS/kls
Attachment

cc: Joseph M. Bruno

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION NO.: 2005-4182 |
| | | JUDGE: STANDWOOD R. DUVAL, JR. "K" |
| PERTAINS TO: INSURANCE ABADIE ET AL. v. AEGIS SECURITY INSURANCE CO. ET AL 2006-5164 | § § § § § § | MAGISTRATE: JOSEPH C. WILKINSON, JR. (2) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER TO PLAINTIFF'S ORIGINAL AND FIRST
SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Financial Casualty & Surety, Inc., who answers the Original Complaint and First Supplemental and Amending Complaint as follows:

FIRST DEFENSE

The Complaint and First Supplemental and Amending Complaint fail to state a claim upon which relief can be granted.

SECOND DEFENSE

At no time did Financial Casualty & Surety, Inc. issue any "All Risk Policy" as is alleged in the complaint, as it only offered bail bond policies, if in fact any of the named plaintiffs actually purchased insurance coverage from Financial Casualty & Surety, Inc.

THIRD DEFENSE

If plaintiffs suffered any damages as alleged, such damages were caused in whole or in part by the actions or inactions of third parties, and not defendant herein.

FOURTH DEFENSE

If plaintiffs suffered any damages, such damages were caused, in whole or part, by plaintiffs' failure to mitigate their damages, which supports a complete bar to or diminution of plaintiffs' damages.

FIFTH DEFENSE

Financial Casualty & Surety, Inc. pleads, as though set for herein in extensor, any and all policies of insurance which this defendant may have issued to those plaintiffs alleged to be insureds of defendants, if any including any and all provisions, limitations, exclusions, and/or endorsements to said policies, which are the best evidence of the contents of said policies.

SIXTH DEFENSE

Plaintiffs' claims are diminished and/or barred by the applicable deductibles under any policies issued by Financial Casualty & Surety, Inc.

SEVENTH DEFENSE

Financial Casualty & Surety, Inc. pleads the defense of credit, compromise, set-off, and res judicata as to any prior payments made to any plaintiff for any claims made pursuant to a policy of insurance issued by Financial Casualty & Surety, Inc.

EIGHTH DEFENSE

Financial Casualty & Surety, Inc. is entitled to a full set-off or credit for the proceeds of any policy of insurance that has or should pay for losses sustained by plaintiffs issued by any other insurance carrier.

NINTH DEFENSE

And now, responding to the individual allegations of the Complaint, Financial Casualty & Surety, Inc. respectfully represents:

# I.  INTRODUCTION

1.

Paragraph 1 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

2.

Paragraph 2 of Plaintiffs' Complaint is denied.

3.

Paragraphs 3a-e of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

# II.  PARTIES

4.

Paragraph 4 of Plaintiffs' Complaint is denied.

5.

Paragraph 5 of Plaintiffs' Complaint is admitted.

# III.  JURISDICTION AND VENUE

6.

The allegations of Paragraph 6 state legal conclusions which call for no answer.

7.

The allegations of Paragraph 7 state legal conclusions which call for no answer.

8.

The allegations of Paragraph 8 state legal conclusions which call for no answer.

## IV. CLASS ACTION ALLEGATIONS

9.

Paragraphs 9a-g of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

## V. FACTUAL BACKGROUND

10.

Paragraph 10 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

11.

Paragraph 11 of Plaintiffs' Complaint is denied. Financial Casualty & Surety, Inc. did not offer homeowner's insurance policies or "All Risk" policies. The only policies sold to Louisiana residents were bail bond policies.

12.

Paragraph 12 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

13.

Paragraph 13 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

14.

Paragraph 14 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

15.

Paragraph 15 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

16.

Paragraph 16 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

17.

Paragraph 17 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

18.

Paragraph 18 of Plaintiffs' Complaint is admitted only insofar as Congress enacted the Federal Flood Insurance Act. The remainder Paragraph 18 of plaintiffs' complaint is denied.

19.

The allegations of Paragraph 19 state legal conclusions which call for no answer.

20.

Paragraph 20 of Plaintiffs' Complaint is denied.

21.

Paragraph 21 of Plaintiffs' Complaint is denied.

22.

Paragraph 22 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

23.

Paragraph 23 of Plaintiffs' Complaint is admitted.

24.

Paragraph 24 of Plaintiffs' Complaint is admitted.

25.

Paragraph 25 of Plaintiffs Complaint is admitted.

26.

Paragraph 26 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

27.

Paragraph 27 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

28.

Paragraph 28 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

29.

Paragraph 29 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

30.

Paragraph 30 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

31.

Paragraph 31 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

32.

Paragraph 32 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

33.

Paragraph 33 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

COUNT I – DECLARATORY JUDGMENT

34.

The allegations of Paragraph 34 call for no answer.

35.

Paragraph 35 of Plaintiffs' Complaint is denied.

36.

Paragraph 36 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

37.

Paragraph 37 of Plaintiffs' Complaint is denied. Financial Casualty & Surety, Inc. did not offer "All Risk" policies to Louisiana residents.

38.

Paragraph 38 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

39.

Paragraph 39 of Plaintiffs' Complaint is denied.

40.

Paragraph 40 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

41.

Paragraph 41 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

42.

Paragraph 42 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

43.

Paragraph 43 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

44.

Paragraph 44 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

45.

Paragraph 45 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

46.

Paragraph 46 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

47.

Paragraph 47 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

COUNT II – BREACH OF CONTRACT

48.

Paragraph 48 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

49.

Paragraph 49 of Plaintiffs' Complaint is denied.

50.

Paragraph 50 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

51.

Paragraph 51 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

52.

Paragraph 52 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

## COUNT III – BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

53.

Paragraph 53 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

54.

Paragraph 54 of Plaintiffs' Complaint is denied.

55.

Paragraph 55 of Plaintiffs' Complaint is denied.

56.

Paragraph 56 of Plaintiffs' Complaint is denied.

57.

Paragraph 57 of Plaintiffs' Complaint is denied.

58.

Paragraph 58 of Plaintiffs' Complaint is denied.

59.

Paragraph 59 of Plaintiffs' Complaint is denied.

60.

Paragraph 60 of Plaintiffs' Complaint is denied.

61.

Paragraph 61 of Plaintiffs' Complaint is denied.

62.

Paragraph 47 of Plaintiffs' Complaint is denied.

63.

Paragraph 61 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

64.

Paragraph 64 of Plaintiffs' Complaint is denied.

COUNT IV – BREACH OF LA. REV. STAT. ANN. §22:1220

65.

Paragraph 65 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

66.

The allegations of Paragraph 66 state legal conclusions which call for no answer.

67.

The allegations of Paragraph 67 state legal conclusions which call for no answer.

68.

Paragraph 68 of Plaintiffs' Complaint is denied.

69.

Paragraph 69 of Plaintiffs' Complaint is denied.

70.

Paragraph 70 of Plaintiffs' Complaint is denied.

71.

Paragraph 71 of Plaintiffs' Complaint is denied.

72.

Paragraph 72 of Plaintiffs' Complaint is denied.

73.

The allegations of Paragraph 73 state legal conclusions which call for no answer.

74.

Paragraph 74 of Plaintiffs' Complaint is denied.

75.

Paragraph 75 of Plaintiffs' Complaint is denied.

COUNT VI – BREACH OF LA. REV. STAT. AN. §22:695

76.

Paragraph 76 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

77.

The allegations of Paragraph 77 state legal conclusions which call for no answer.

78.

Paragraph 78 of Plaintiffs' Complaint is denied.

79.

Paragraph 79 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

80.

Paragraph 80 of Plaintiffs' Complaint is denied.

81.

Paragraph 81 of Plaintiffs' Complaint is denied.

82.

Paragraph 82 of Plaintiffs' Complaint is denied.

COUNT VII – BREACH OF FIDUCIARY DUTY

83.

Paragraph 83 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

84.

Paragraph 84 of Plaintiffs' Complaint is denied.

85.

Paragraph 85 of Plaintiffs' Complaint is denied.

86.

Paragraph 86 of Plaintiffs' Complaint is denied.

87.

Paragraph 87 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

88.

Paragraph 88 of Plaintiffs' Complaint is denied.

89.

Paragraph 89 of Plaintiffs' Complaint is denied.

90.

Paragraph 90 of Plaintiffs' Complaint is denied for lack of sufficient information to justify a belief therein.

TENTH DEFENSE

And now, responding to the individual allegations of the First Supplemental and Amending Complaint, Financial Casualty & Surety, Inc. respectfully represents:

1.

The allegations of Paragraph 1 do not call for an answer.

2.

The allegations of Paragraph 2 do not call for an answer.

WHEREFORE, defendants pray for trial by jury on all issues herein, and that this Answer be filed of record and be deemed good and sufficient and that after the lapse of all legal delays and due proceedings had, there be judgment rendered herein in favor of defendant dismissing plaintiffs' complaint, with prejudice, at plaintiffs' cost.

Respectfully Submitted,

SINGLETARY & ASSOCIATES, APLC

*/s/ Michael D. Singletary*
Michael D. Singletary (23941) T.A.
Crystal Guillory (27490)
Kathy L. Smith (30731)
346 West Bellevue Street
P.O. Drawer 97
Opelousas, LA 70571-0073
(337) 407-8990
(337) 407-8993 facsimile

ATTORNEYS FOR DEFENDANT
FINANCIAL CASUALTY & SURETY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleadings has this day been forwarded to all counsel of record to this proceeding by:

_____ Telefacsimile transmission

\_\_\_X\_\_\_ United States Mail, postage prepaid and properly addressed

_____ Certified Mail Return Receipt Requested

_____ Hand delivery

_____ Federal Express

\_\_\_X\_\_ Electronic Mail

\_\_\_X\_\_ Court's CM/ECF System

Opelousas, Louisiana, this 31st day of January, 2007.


/s/ *Michael D. Singletary*
Michael D. Singletary