**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: LEVEE, MRGO | * | |
| *Bobby LeDuff, et al.*,  NO. 06-5260 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S**
**RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") respectfully submits this memorandum in support of its motion for a more definite statement of Plaintiffs' Original Complaint (the "Complaint"). The Complaint fails to provide St. Paul with adequate notice of the charges against it or the specific allegations that form the bases of those charges. Specifically, while the Complaint alleges that St. Paul issued a policy of insurance that renders St. Paul liable to the plaintiffs for any liability owed by its insured, the Complaint does not identify who is the alleged insured of St. Paul and/or what insurance policy issued by St. Paul is in dispute. At a minimum, the plaintiffs must specify what person or entity the plaintiffs are

alleging St. Paul insured and for which they are alleging St. Paul to be liable, and the policy

period of such insurance policy that the plaintiffs allege is implicated by their claims.

INTRODUCTION

On August 29, 2006, Plaintiffs filed "Plaintiffs Original Complaint" in this Court.  The

Complaint identifies 54 different companies or governmental entities as named defendants,

including St. Paul – the only insurance company named as a defendant.[1] Against these 54

defendants, the Complaint sets forth 95 paragraphs of allegations spanning numerous years,

including some allegations of events that date back to the 1950's.  However, as to the allegations

against St. Paul, the Complaint offers only a few vague, cursory allegations.  Indeed, the entirety

of the allegations against St. Paul consist of the following two entries in the Complaint:

- "[St. Paul] . . . at all times relevant herein had in full force and effect a policy of liability insurance, under the terms, provisions, and conditions of which it assumed liability for the acts and/or negligence *of its insured*, and against whom plaintiffs assert their claim under the Louisiana Direct Action Statute, LA R.S. 22:655." Compl. ¶4R. (emphasis added); and

- "Plaintiff avers, upon information and belief, that the breaches and failure of the hurricane protection levees and flood walls were caused by the negligence and fault of the defendants BOH BROS. CONSTRUCTION CO., LLC, WASHINGTON GROUP INTERNATIONAL, INC., VIERGINIA WRECKING COMPANY, INC., GULF GROUP, INC. OF FLORIDA, MODJESKI AND MASTERS, INC., C.R. PITTMAN CONSTRUCTION COMPANY, INC., PITTMAN CONSTRUCTION CO. OF LA, INC. BURK-KLEINPETER, INC., BURK-KLEINPETER, LLC, B&K CONSTRUCTION COMPANY, INC., MILLER EXCAVATING SERVICES, INC., JAMES CONSTRUCTION GROUP LLC, BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, THE CITY OF NEW ORLEANS, and SEWERAGE AND WATER BOARD OF NEW ORLEANS ("SWB"), CSX CORPORATION,

---

[1] Plaintiffs also name as defendants:

> All insurers and underwriters who provided primary and excess coverage to certain Defendants (except the United States of America) and to the fleet of vessels used by Defendants (except the United States of America) in dredging operations conducted in the MRGO from 1965 through August 29, 2005. Plaintiff reserves the right to amend and supplement this complaint for the purpose of naming such insurers and underwriters as soon as their identities are established through discovery.

CSX TRANSPORTATION, INC., EUSTIS ENGINEERING COMPANY, INC., and GEOTECH, INC. as set forth herein." Compl. ¶70 (emphasis added).

<u>LAW AND ARGUMENT</u>

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed.R.Civ.P.12(e). A Rule 12(e) motion will be denied if it is being used to uncover facts that should be determined during discovery. *Mitchell v. E-Z way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). However, a Rule 12(e) motion is appropriate where the complaint fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

Moreover, when a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). *See also Canto v. Hibernia Nat'l Bank*, 1999 WL 378256, No. Civ. A .98-3773, at *2 (E.D. La. June 3, 1999) (Clement, J.) (Rule 12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under a relevant statute").

In this case, the plaintiffs' Complaint is too vague to provide sufficient notice of the claims being made against St. Paul to allow St. Paul to respond. The Complaint does not provide any insight as to who St. Paul is alleged to have insured, or when St. Paul insured them, such as to create a cause of action against St. Paul that the plaintiffs seek to assert.

Moreover, the Complaint alleges different acts of negligence and other tortious conduct, including concealment, against numerous defendants. Some of these allegations are directed at a

specific defendant, while others are collectively directed at the "Defendants." Thus, the Complaint as a whole creates confusion for all defendants in general as a defendant might not be able to ascertain which allegations are directed at it. This confusion is compounded for St. Paul as the only allegations specifically directed against it refer to an anonymous "insured" for whose actions St. Paul is alleged to be liable.

The plaintiffs' failure to identify St. Paul's alleged insured makes it impossible for St. Paul to understand the claims being made against it or to prepare a response to those claims. At a minimum, the plaintiffs should be required to identify the defendant or defendants that they claim St. Paul allegedly insured and put St. Paul on notice of the facts that give rise to its alleged liability.

<u>CONCLUSION</u>

The plaintiffs have failed to allege facts sufficient to put St. Paul on notice of the claims made against it or to allow St. Paul to file an appropriate response. Therefore, St. Paul respectfully requests that this Court order the plaintiffs to clarify their allegations against St. Paul to include, at the very least, the identity of St. Paul's alleged insured and the time period of the insurance policies that the plaintiffs allege are implicated by their claims.

Respectfully submitted,


/s/ April R. Roberts_____
Joseph P. Guichet, T.A., La. Bar # 24441
Ralph S. Hubbard, III, La. Bar # 7040
April R. Roberts, La. Bar #30821
**LUGENBUHL, WHEATON, PECK,**
**     RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine**
**Insurance Company**


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2007, a copy of Memorandum in Support of St. Paul Fire and Marine Insurance Company's Rule 12(e) Motion for a More Definite Statement was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys by operation of the court's electronically filing system. Notice of this filing will be mailed to all non-participants of the court's electronic filing system.


/s/ April R. Roberts_____
April R. Roberts