# EXHIBIT E

**Energy and Water Development Appropriations Act of 1993**
**(Excerpts)**

Case 2:05-cv-04182-SRD-JCW Document 2951-9 Filed 02/01/07 Page 2 of 5

992

.on of this joint in the Federal ses account shall

/ol. 28 (1992):



Public Law 102-377
102d Congress

# An Act

Making appropriations for energy and water development for the fiscal year ending September 30, 1993, and for other purposes.

Oct. 2, 1992
[H.R. 5373]

Energy and Water Development Appropriations Act, 1993.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the following sums are appropriated, out of any money in the Treasury not otherwise appropriated, for the fiscal year ending September 30, 1993, for energy and water development, and for other purposes, namely:

## TITLE I

## DEPARTMENT OF DEFENSE—CIVIL

## DEPARTMENT OF THE ARMY

### CORPS OF ENGINEERS—CIVIL

The following appropriations shall be expended under the direction of the Secretary of the Army and the supervision of the Chief of Engineers for authorized civil functions of the Department of the Army pertaining to rivers and harbors, flood control, beach erosion, and related purposes.

### GENERAL INVESTIGATIONS

For expenses necessary for the collection and study of basic information pertaining to river and harbor, flood control, shore protection, and related projects, restudy of authorized projects, miscellaneous investigations, and when authorized by laws, surveys and detailed studies and plans and specifications of projects prior to construction, $175,780,000, to remain available until expended: *Provided,* That with funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to undertake the following items under General Investigations in fiscal year 1993 in the amounts specified:

Los Angeles County Drainage Area Water Conservation and Supply, California, $200,000;

Los Angeles River Watercourse Improvement, California, $300,000;

Rancho Palos Verdes, California, $400,000;

Miami River Sediments, Florida, $50,000;

Monroe County (Smathers Beach), Florida, $500,000;

Casino Beach, Illinois, $110,000;

Chicago Shoreline, Illinois, $600,000;

McCook and Thornton Reservoirs, Illinois, $3,500,000;

Lake George, Hobart, Indiana, $260,000;

Little Calumet River Basin (Cady Marsh Ditch), Indiana, $170,000;

Mississippi River, Vicinity of St. Louis, Missouri, $500,000;

ervation in the vicinity of the Salt River, Arizona: *Provided further,* That using $500,000 appropriated herein, to remain available until expended, the Secretary of the Army acting through the Chief of Engineers, is directed to continue preconstruction, engineering and design for the Kentucky Lock addition in accordance with the Report of the Chief of Engineers, dated June 1, 1992: *Provided further,* That the Secretary of the Army, acting through the Chief of Engineers is directed to use $1,000,000 of available funds to carry out the purposes of section 411 of Public Law 101–640.

CONSTRUCTION, GENERAL

For the prosecution of river and harbor, flood control, shore protection, and related projects authorized by laws; and detailed studies, and plans and specifications, of projects (including those for development with participation or under consideration for participation by States, local governments, or private groups) authorized or made eligible for selection by law (but such studies shall not constitute a commitment of the Government to construction), $1,230,503,000, to remain available until expended, of which such sums as are necessary pursuant to Public Law 99–662 shall be derived from the Inland Waterways Trust Fund, for one-half of the costs of construction and rehabilitation of inland waterways projects, including rehabilitation costs for the following projects: Mississippi River, Lock and Dam 13, Illinois and Iowa; Mississippi River, Lock and Dam 15, Illinois and Iowa; Illinois Waterway, Brandon Road, Dresden Island, Marseilles, and Lockport Locks and Dams, Illinois: *Provided,* That with funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to undertake the following projects in fiscal year 1993 in the amounts specified:

Kissimmee River, Florida, $8,000,000;
O'Hare Reservoir, Illinois, $3,000,000;
Des Moines Recreational River and Greenbelt, Iowa, $2,500,000;
Red River Basin Chloride Control, Texas and Oklahoma, $6,000,000;
Wallisville Lake, Texas, $500,000; and
LaConner, Washington, $870,000:

*Provided further,* That using $7,653,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue the project to correct seepage problems at Beaver Lake, Arkansas, and all costs incurred in carrying out that project shall be recovered in accordance with the provisions of section 1203 of the Water Resources Development Act of 1986: *Provided further,* That the Secretary of the Army, acting through the Chief of Engineers, is directed to base all economic analyses of the Sacramento River Flood Control (Deficiency Correction), California, project on the benefits of the entire project, rather than the benefits of individual increments of the project: *Provided further,* That the Secretary of the Army, acting through the Chief of Engineers, shall expend $500,000 of the funds appropriated herein and additional amounts as required from previously appropriated funds to continue plans and specifications, environmental documentation, and the comprehensive hydraulic modeling necessary to achieve to the maximum extent practicable in fiscal year 1993 the project to restore the riverbed gradient at Mile

206 of the Sacramento River in California, for purposes of stabilizing the level of the river and establishing the proper hydraulic head to facilitate new fish protection facilities, the planning, design and implementation of which are integrally related to the planning, design and implementation of the project to restore the flood-damaged riverbed gradient: *Provided further,* That using $660,000 in funds previously appropriated in Public Law 102–104, the Secretary of the Army, acting through the Chief of Engineers, is directed to develop a floodplain management planning model for the Yolo Bypass and adjacent areas as deemed appropriate, except, as provided in section 321 of Public Law 101–640, such funds shall not be subject to cost-sharing requirements. The one-time construction of operation and maintenance facilities associated with the Yolo Basin Wetlands, Sacramento River, California, project shall be included as part of project costs for the purposes of cost-sharing authorized by law: *Provided further,* That using $4,000,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to complete preconstruction engineering and design for the San Timoteo feature of the Santa Ana River Mainstem, California, project: *Provided further,* That using funds available in this Act or any previous appropriations Act, the Secretary of the Army shall undertake at Federal expense such actions as are necessary to ensure the safety and integrity of the work performed under Contract Number DACW05–86–C–0101 for the Walnut Creek, California, flood control project: *Provided further,* That using $700,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue work on project modifications for the improvement of the environment, as part of the Anacostia River Flood Control and Navigation project, District of Columbia and Maryland, under the authority of section 1135 of Public Law 99–662, as amended: *Provided further,* That using $3,000,000 of the funds appropriated under this heading in Public Law 101–514, the Secretary of the Army, acting through the Chief of Engineers, is directed to complete real estate appraisals and make offers to willing sellers for the purchase of land at Red Rock Lake and Dam, Iowa, no later than October 31, 1993, in accordance with Public Law 99–190: *Provided further,* That with $22,500,000 of the funds appropriated herein to remain available until expended, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue to undertake structural and nonstructural work associated with the Barbourville, Kentucky, and the Harlan, Kentucky, elements of the Levisa and Tug Forks of the Big Sandy River and Upper Cumberland River project authorized by section 202 of Public Law 96–367: *Provided further,* That with $20,565,000 of the funds appropriated herein to remain available until expended, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue to undertake structural and nonstructural work associated with the Matewan, West Virginia, elements of the Levisa and Tug Forks of the Big Sandy River and Upper Cumberland River project authorized by section 202 of Public Law 96–367: *Provided further,* That with $23,000,000 of prior year appropriations to remain available until expended, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue construction of the Lower Mingo County, West Virginia, ~~Tug Fork Tributaries, West Virginia, Upper Tug Fork, West Virginia,~~[1] element of the Levisa and Tug Forks of the Big Sandy River and Upper

[1] Editorial Note: When the original law was received at the National Archives and Records Administration these words were marked out in pencil.

Cumberland River project authorized by section 202 of Public Law 96–367: *Provided further,* That with $1,500,000 of the funds appropriated herein to remain available until expended, the Secretary of the Army, acting through the Chief of Engineers, is directed to initiate and complete construction, using continuing contracts, of the Hatfield Bottom, West Virginia, element of the Levisa and Tug Forks of the Big Sandy River and Upper Cumberland River project authorized by section 202 of Public Law 96–367: *Provided further,* That with $1,195,000 of the funds appropriated herein to remain available until expended, the Secretary of the Army, acting through the Chief of Engineers, is directed to expedite completion of specific project reports for McDowell County, West Virginia, Upper Mingo County, West Virginia, Wayne County, West Virginia, Upper Tug Fork Tributaries, West Virginia, Tug Fork, West Virginia, and Pike County, Kentucky: *Provided further,* That no fully allocated funding policy shall apply to construction of the Matewan, West Virginia, Lower Mingo County, West Virginia, Hatfield Bottom, West Virginia, Barbourville, Kentucky, and Harlan, Kentucky, elements of the Levisa and Tug Forks of the Big Sandy River and Upper Cumberland River project; and specific project reports for McDowell County, West Virginia, Upper Mingo County, West Virginia, Wayne County, West Virginia, Tug Fork Tributaries, West Virginia, Upper Tug Fork, West Virginia, and Pike County, Kentucky: *Provided further,* That using $400,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue construction of the Salyersville cut-through as authorized by Public Law 99–662, section 401(e)(1), in accordance with the Special Project Report for Salyersville, Kentucky, concurred in by the Ohio River Division Engineers on or about July 26, 1989: *Provided further,* That using $7,700,000 of the funds appropriated herein and $4,300,000 of the funds appropriated in Public Law 102–104, the Secretary of the Army, acting through the Chief of Engineers, is directed to incorporate parallel protection along the Orleans and London Avenue Outfall Canals into the authorized Lake Pontchartrain and Vicinity, Louisiana, Hurricane Protection project and award continuing contracts for construction of this parallel protection to be cost-shared as part of the overall project, not separately, in accordance with the cost-sharing provisions outlined in Public Law 89–298 and Public Law 102–104. Therefore, agreements executed prior to June 1, 1992, between the Federal Government and local sponsors for the authorized project shall suffice for this purpose and will not require any additional local cost-sharing agreements or supplements: *Provided further,* That using $4,400,000 of the funds appropriated herein, the Secretary of the Army, acting through the Chief of Engineers, is directed to continue design and construction of the Ouachita River levees, Louisiana, project in an orderly but expeditious manner including rehabilitation or replacement at Federal expense of all deteriorated drainage structures which threaten the security of this critical protection: *Provided further,* That the project for flood control, Sowashee Creek, Meridian, Mississippi, authorized by the Water Resources Development Act of 1986 (Public Law 99–662) is modified to authorize and direct the Secretary of the Army, acting through the Chief of Engineers, to construct the project with an expanded scope recreation plan, as described in the Post Authorization Change Report of the Chief of Engineers dated August 1991, and at a total project cost of $31,994,000 with

an estimated
non-Federal c
of the recreat
easements, ri
using $175,00
of the Army,
to provide sev
the B. Everet
*Provided furtl*
herein, the S
Engineers, is
Memorandum
the Falls Lak
using $5,000,0
of the Army,
to continue wo
of Drift, New
ation of engin
Brooklyn 2, Ki
River Reaches
Authur Kill, I
the continuatio
Jersey and Bro
of the Jersey
$1,000,000 of t
Army, acting t
construction o
New Jersey, i
1062 of the Ir
1991 (Public La
of the funds ap
the Secretary c
is authorized a
measures as ar
tion, restoratio
facilities in W
undertaken in
Engineers at
Washington: *Pr*
of the funds ap
Fish Mitigation
acting through
advanced plann
facilities that
at minimum op
That using $2,
retary of the
directed upon
District Court,
and prepare th
of the Elk Cree
retary of the A
of recreation fac
in lieu of cash,
work in-kind, in
equipment: *Pro*
appropriated he