IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |

PERTAINS TO:
LEVEE (06-5163)
CREATO GORDON, ET AL. v.
UNITED STATES OF AMERICA, ET AL.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 BASED UPON PEREMPTION

**MAY IT PLEASE THE COURT:**

In the months following Hurricane Katrina, several class action lawsuits were filed against various engineers, contractors, and other parties for damages resulting from a breach of the levee and flood wall on the 17th Street Canal. T. L. James & Company, Inc. (hereinafter "T. L. James") was not named as a defendant in any of those suits. Nevertheless, during the exchange of preliminary discovery, it was revealed to certain plaintiffs' counsel that in 1988 T. L. James performed

contracting work for the Board of Commissioners of the New Orleans Levee District to a toe wall at the No. 6 pumping station located at the head of the 17th Street Canal, approximately two miles from the breach. The contract was completed and accepted by the Board of Commissioners of the New Orleans Levee District on March 29, 1989.[2] Furthermore, in 1998 T. L. James discontinued its construction business and sold all of its construction related assets.[3] Since 1998, T. L. James' primary business has been growing, harvesting and selling pine timber.[4]

Shortly after being informed of the T. L. James work on the 17th Street Canal toe wall, plaintiffs' counsel filed the *Creato Gordon* complaint (C.A. No.06-5163) against the United States Army Corps of Engineers, the Board of Commissioners for the Orleans Levee District, various engineers and contractors who allegedly performed work on the 17th Street Canal, including T. L. James, and others. With regard to T.L. James, plaintiffs alleged, pursuant to Louisiana law, that T. L. James negligently caused or contributed to the failure of the 17th Street Canal levee and flood wall when it performed work on the toe wall, some two miles away from the breach, and that T. L. James had knowledge of "certain design and/or construction and/or design impacts" which it fraudulently failed to disclose and concealed.

As set forth below, the plaintiffs in *Creato Gordon* have failed to plead their allegations properly or recognize that the alleged claims against T. L. James are perempted by law, as was

---

[2] *Exhibit "A"*, Acceptance of Contract from Board of Commissioners of the New Orleans Levee District.

[3] *Exhibit "B"*, Affidavit of Richard Brantley, President and CEO of T. L. James & Company, Inc.

[4] *Exhibit "B"*, Affidavit of Richard Brantley, President and CEO of T. L. James & Company, Inc.

2

previously determined by this Court. Accordingly, the complaint of *Creato Gordon et al* against T. L. James is barred and should be dismissed.

## LAW AND ARGUMENT

### Negligence

In June 2006, defendants Boh Bros. Construction Co., L.L.C. ("Boh Bros.") and B&K Construction Company, Inc. ("B&K") (Rec. Docs. 560 and 624), who had been sued by a variety of plaintiffs for negligence in the performance of work to various levees and flood walls, moved for summary judgment based on peremption pursuant to La. Rev. Stat. 9:2772. Boh Bros. allegedly had performed work on the 17th Street Canal and the Industrial Canal prior to September 6, 1999. B&K allegedly had performed work on the London Avenue Canal prior to October 31, 1996.

The motions were heard at oral argument on August 25, 2006, and on December 11, 2006, this Court rendered its Order and Reasons (Rec. Doc. 2142) dismissing the claims against Boh Bros. and B&K, holding La. Rev. Stat. 9:2772 applicable and applying its five year peremptive period to the work at issue.

In the *Creato Gordon* case, T. L. James stands in a similar position of Boh Bros. and B&K with respect to the application of peremption pursuant to La. Rev. Stat. 9:2772. T. L. James was sued for construction work it performed on a toe wall at the head of the 17th Street Canal in 1988 and which was completed on March 29, 1989.[5] Further, T. L. James sold all of its construction assets in 1998 and changed its business from construction to that of a timber company.[6] There is

---

[5] *Exhibit "A"*, Acceptance of Contract from Board of Commissioners of the New Orleans Levee District.

[6] *Exhibit "B"*, Affidavit of Richard Brantley, President and CEO of T. L. James & Company, Inc.

no allegation in the complaint nor is there any evidence that T. L. James performed any construction or related work on the 17th Street Canal or any other levee or flood wall in the New Orleans area within the five years prior to the filing of the *Creato Gordon* complaint. Accordingly, and pursuant to the ruling of this Court regarding Boh Bros. and B&K, plaintiffs' negligence claims asserted against T. L. James are perempted and should be dismissed.

## Concealment

In a transparent and preemptive attempt to avoid the preclusive effect of peremption, plaintiffs have alleged, in addition to negligence, that T. L. James "failed to warn of or disclose the existence of risk posed to Plaintiffs in the 17th Street Canal Levee System and fraudulently concealed such risks."[7] The complaint makes no mention of what was allegedly concealed, when or how it was allegedly concealed from plaintiffs, and most importantly why it was concealed.

Under Louisiana law, fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[8] Fraud is not actionable where plaintiffs "could have ascertained the truth without difficulty, inconvenience or special skill."[9]

---

[7] Plaintiffs further allege that the "[f]ailure to disclose these risks constitutes fraud in accordance with article 1953 of the Louisiana Civil Code." See, *Complaint of Creato Gordon et al*, para. 69.3.

[8] La.Civ.Code Ann. art. 1953.

[9] La.Civ.Code Ann. art. 1954. See also, *Bronco II Product Liability Litigation*, 982 F.Supp. 388, 397 (E.D.La. 1997)(explaining that there can be no concealment when plaintiff has access to the allegedly concealed information).

4

Rule 9 of the Federal Rules of Civil Procedure requires all allegations of fraud to be "stated with particularity."[10] General and conclusory allegations of fraudulent concealment do not suffice.[11] Rather, to plead fraudulent concealment properly, plaintiffs must show: (1) the information that was concealed; (2) the general time period during which the fraudulent conduct occurred; (3) the relationship giving rise to the duty to speak; and (4) what the entity engaged in the fraudulent conduct gained by concealing the information.[12]

Furthermore, when an action is perempted or has prescribed on the face of the complaint, plaintiffs bear "the burden of proving facts which would have the effect of either interrupting or avoiding prescription" or peremption.[13] "The controlling test is when fraud should be discovered with the exercise of due diligence, and accordingly, plaintiffs must plead circumstances that would have given notice of the fraudulent conduct, which circumstances were not discovered because of concealment, and when the fraudulent conduct was discovered."[14]

None of the elements necessary for a proper fraud allegation are contained within the *Creato Gordon* complaint. The only allegation even mentioning fraud is that "Defendant failed to warn of or disclose the existence of risks posed to Plaintiffs in the 17th Street Canal levee system and fraudulently concealed such risks." Nowhere within the complaint do plaintiffs explain what

---

[10] Louisiana state law requirements for pleading fraud are identical to Rule 9. *See* La. Code Civ. Pro. art. 865.

[11] *Romano v. Merrill Lynch*, 638 F.Supp. 269, 272 (E. D. La. 1986)(citation omitted).

[12] *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 598 (E.D.La.1993)

[13] *Romano* supra.

[14] *Id.*

information T. L James had that it concealed, what the purported risks were that T. L. James allegedly knew of or when the alleged fraudulent concealment took place. Moreover, plaintiffs do not allege, nor in fact could they prove, that any contractual relationship existed between plaintiffs and T. L. James that would create a duty to speak. T. L. James' contract was with the Board of Commissioners for the Orleans Levee District, not plaintiffs. Lastly, there would have been nothing for T. L. James to gain from any alleged concealment and not surprisingly, plaintiffs make no allegation of that necessary element of fraud existing in this case.

Putting aside the complete failure to plead fraud properly, plaintiffs' claim of fraudulent concealment is unfounded as any information concerning work performed on the 17th Street Canal levee or flood wall are public records. Louisiana law clearly provides that any and all documents, contracts or other data prepared or used in conjunction with any government contract are public records and are available for inspection by any person over the age of majority.[15] Plaintiffs make no allegation within the complaint that they conducted any search for any allegedly concealed information. Similarly, plaintiffs make no allegation that they were ever denied any request for any information on the 17th Street Canal levee or flood wall work. As there can be no fraudulent concealment where plaintiffs have access to allegedly concealed information, the claims of fraudulent concealment in *Creato Gordon* against T. L. James are without merit.

The *Creato Gordon* complaint, when reviewed in light of the other levee litigation and the motion practice therein, is not a legitimate claim for fraud but rather a transparent attempt to avoid the dispositive ramifications of peremption. The elements of fraudulent concealment do not exist in this case and were not pled. Accordingly, plaintiffs' allegations against T. L. James in *Creato*

---

[15] LSA-R.S. 44:1 *et seq.*

*Gordon* should be dismissed.

## Conclusion

T. L. James did not perform any construction or related work on the 17th Street Canal levee or flood wall within the five years prior to the filing of the *Creato Gordon* complaint. Pursuant to the previous ruling of this Court regarding to Boh Bros. and B&K, plaintiffs' negligence claims asserted against T. L. James are perempted. Furthermore, plaintiffs have failed to plead the necessary elements of fraudulent concealment or to show that any information allegedly concealed could not have been obtained by plaintiffs through due diligence. Consequently, the claims of fraudulent concealment against T. L. James should also be dismissed.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ, L.L.P.

_____
A. GORDON GRANT, JR. (#6221) (T.A.)
PHILIP S. BROOKS, JR. (#21501)
KENNETH J. GELPI, JR. (#24103)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Phone: 504-585-3200
Fax: 504-585-7688
*T.L. James & Company, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___1st___ day of ___February___, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, e-mail, overnight mail and/or by United States mail.

_____