UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO:  INSURANCE | * | MAGISTRATE JUDGE WILKINSON |
| *Vanderbrook*, No. 05-6323 | * | |
| | * | |
| | * | |
| | * | |

## <u>DEFENDANT HANOVER INSURANCE COMPANY'S<br>ANSWER TO PETITION FOR DAMAGES</u>

**NOW INTO COURT**, through undersigned counsel, comes Hanover Insurance

Company, which hereby responds to the allegations in the Petition For Damages of Richard

Vanderbrook, Mary Jane Silva, James Capella, Sophia Granier, Jack Capella as the Executor of

the Succession of Lilian Capella, Gregory Jackson, Peter Ascani, III and Robert G. Harvey, Sr.,

(referred to herein as "Plaintiffs").

1.

Made Defendants herein are:

a) **State Farm Fire and Casualty Company**, a foreign insurance company,

authorized to do and doing business in the State of Louisiana;

b) **Kemper Insurance Company**, a foreign insurance company, authorized to do

and doing business in the State of Louisiana;

c)      **Hartford Insurance Company**, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

d)      **Travelers Insurance Company**, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

e)      **Hanover Insurance Company**, a foreign insurance company, authorized to do and doing business in the State of Louisiana;

f)      **St. Paul Travelers Insurance Company**, a foreign insurance company, authorized to do and doing business in the State of Louisiana; and

g)      **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, a state agency responsible for providing levee protection to the residents of the Parish of Orleans,

who are all truly indebted unto your Petitioners for the following reasons to-wit:

**ANSWER:** Hanover admits that it is a foreign insurance company, authorized to do and doing business in the State of Louisiana.  Hanover is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Petition for Damages and on that basis denies those allegations.

2.

On or about August 29, 2005, Hurricane Katrina passed over and near the City of New Orleans, causing damage to the homes and structures in the City of New Orleans.

**ANSWER:** Hanover admits that Hurricane Katrina passed over and near the City of New Orleans on or about August 29, 2005, causing damage to the homes and structures in the City of New Orleans.

3.

Sometime between 10:00 and 11:00 a.m. on August 29, 2005, before the full force of the storm reached the City of New Orleans, a small section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans and homes of Petitioners, causing damage as hereinafter alleged.

**ANSWER:** Hanover admits that on August 29, 2005, a section of the concrete outfall canal wall known as the 17th Street Canal, suddenly broke, causing water to enter the streets of the City of New Orleans.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Petition for Damages and on that basis denies those allegations.

4.

That said water damage inflicted on the Petitioners' homes and property was not the result of flood, surface water, waves, title water, tsunami, seiche, overflow of a body of water, seepage under or over the outfall canal wall or spray from any of the above but was water intrusion, caused simply from a broken levee wall.

**ANSWER:** Hanover denies the allegations contained in Paragraph 4 of the Petition for Damages.

5.

The Defendant, **the Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, is statutorily charged with maintenance of the levee system, including the outfall canals, particularly the 17th Street Canal, which includes inspection and monitoring of the levees during storms.

**ANSWER:**  To the extent that Paragraph 5 of the Petition for Damages calls for a legal conclusion, it requires no response.  Further, the applicable statute is in writing and speaks for itself.  Hanover denies any allegation inconsistent with the statute(s).

6.

Although the concrete outfall canal levee wall broke sometime between the hours of 10:00 and 11:00 a.m. on August 29, 2005, the defendant, **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, breached their duty to Petitioners by failing to correct the break or warn others including Petitioners of the impending water intrusion, apparently absent from their post.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Petition for Damages and on that basis denies those allegations.

7.

As a result of the water damage caused by the sudden break in the concrete outfall levee wall, your Petitioners suffered damages as follows:

h)   **Richard Vanderbrook** suffered water damage to his home at 6964 Vicksburg, New Orleans, LA, 70124 including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts.  At all times relevant, Richard Vanderbrook maintained a homeowner's policy of insurance with Kemper Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

i)   **Mary Jane Silva** suffered water damage to her home at 431 12th Street, New Orleans, LA 70124, including but not limited to structural damage, destruction of her home, destruction of the contents to her home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts.  At all

-4-

times relevant, Mary Jane Silva maintained a homeowner's policy of insurance with State Farm Fire and Casualty Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

j)    **James Capella** suffered water damage to his home at 6771 Louis XIV Street, New Orleans, La 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts.  At all times relevant, James Capella maintained a homeowner's policy of insurance with Hanover Insurance Company which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

k)    **Sophia Granier** suffered water damage to her home at 5942 Pratt Dr., New Orleans, LA 70124, including but not limited to structural damage, destruction of his [her] home, destruction of the contents to his [her] home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts.  At all times relevant, Sophie Granier maintained a homeowner's policy of insurance with Hanover Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

l)      **Jack Capella as the Executor of the Succession of Lilian Capella**, suffered
water damage to his home at 5910 Louis XIV, New Orleans, Louisiana 70124,
including but not limited to structural damage, destruction of his home,
destruction of the contents to his home, personal irreplaceable keepsakes and
mementos, furniture, appliances, landscaping and property values, all as
reasonable under the premise, to be determined by the trier of facts.  At all times
relevant, Jack Capella, as the Executor of the Succession of Lilian Capella,
maintained a homeowner's policy of insurance with Hartford Insurance Company,
which provided coverage for sudden break of a concrete outfall canal wall,
resulting in water intrusion and damage.

m)      **Gregory Jackson**, suffered water damage to his home at 5828 Orleans Avenue,
New Orleans, LA 70124, including but not limited to structural damage,
destruction of his home, destruction of the contents to his home, personal
irreplaceable keepsakes and mementos, furniture, appliances, landscaping and
property values, all as reasonable under the premise, to be determined by the trier
of facts.  At all times relevant, Gregory Jackson, maintained a homeowner's
policy of insurance with Travelers Insurance Company, which provided coverage
for sudden break of a concrete outfall canal wall, resulting in water intrusion and
damage.

n)      **Peter Ascani, III**, suffered water damage to his home at 444 Lane Street, New
Orleans, LA 70124, including but not limited to structural damage, destruction of
his home, destruction of the contents to his home, personal irreplaceable
keepsakes and mementos, furniture, appliances, landscaping and property values,

all as reasonable under the premise, to be determined by the trier of facts.  At all times relevant, Peter Ascani, III maintained a homeowner's policy of insurance with St. Paul Travelers Insurance Company, which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

o)   **Robert G. Harvey, Sr.**, suffered water damage to his home at 100 Bellaire Dr., New Orleans, LA 70124, including but not limited to structural damage, destruction of his home, destruction of the contents to his home, personal irreplaceable keepsakes and mementos, furniture, appliances, landscaping and property values, all as reasonable under the premise, to be determined by the trier of facts.  At all times relevant, Robert G. Harvey, Sr. maintained a homeowner's policy of insurance with State Farm [Exhibit A, Section 1, Paragraph 2 (c)], which provided coverage for sudden break of a concrete outfall canal wall, resulting in water intrusion and damage.

**ANSWER:** Hanover admits that James Capella had a homeowners insurance policy with an effective period of January 11, 2005 to January 11, 2006 covering his home located at 6771 Louis XIV Street, New Orleans, La 70124, and that the covered property sustained water damage.  Hanover denies that James Capella's homeowners insurance policy covered such water damage.  On oral joint motion and Order of the Court on August 25, 2006, Madeline Grenier was substituted for Sophia Granier.  Hanover admits that Madeline Grenier had a homeowners insurance policy with an effective period of July 19, 2005 to July 19, 2006 covering her home located at 5242 Pratt Drive, New Orleans, La 70122.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Petition for Damages and on that basis denies those allegations.

8.

As a result of breach of duty by **The Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, in failing to discover, correct and notify others including Petitioners of the break in the levee wall, your Petitioners suffered damages all as reasonable under the premise, to be determined by the trier of fact.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Petition for Damages and on that basis denies those allegations.

9.

Petitioners aver amicable demand to no avail.

**ANSWER:** Hanover denies the allegation in Paragraph 9 of the Petition for Damages

10.

Defendants, **State Farm Fire and Casualty Company, Kemper Insurance Company, Hartford Insurance Company, Travelers Insurance Company, St. Paul Travelers Insurance Company and Hanover Insurance Company**, despite amicable demand, refuse to adjust or pay for a covered loss and with full knowledge that the water damage suffered by Petitioners was due to a sudden break in the concrete wall of the levee outfall canal and is not described in any policies as an excluded loss and thus defendants are arbitrary and capricious and Petitioners are entitled to additional damages, as provided by statute and as reasonable under the premise, to be determined by the trier of fact.

**ANSWER:** Hanover denies the allegations of Paragraph 10 of the Petition for Damages as they pertain to Hanover.  Hanover is without knowledge or information sufficient to form a belief as to the truth allegations of Paragraph 10 as to other Defendant insurers and on that basis denies those allegations.

11.

The homeowners' policies of insurance issued by the Defendant insurers are adhesion contracts, unduly and unreasonably complex in their provisions and language and difficult to

understand by the average consumer and policy holder, which resulted in a lack of knowledge in the provisions of the policies and lack of understanding on the part of the policy holders.  The vague exclusion provisions contained in these policies, issued by the Defendants, are unreasonably favorable to the Defendants and oppressive to the policy holders and bear no reasonable relationship to the risk and needs of the business of the Defendants, thereby rendering such exclusion provisions substantially and procedurally unconscionable, void and subject to any interpretation by the Defendants to exclude Plaintiffs from coverages to which they are entitled.

**ANSWER:** Hanover denies the allegations in Paragraph 11 of the Petition for Damages as they pertain to Hanover.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 as to other Defendant insurers and on that basis denies those allegations.

WHEREFORE your Petitioners pray that a copy of this petition be served on all defendants herein and that they be duly cited to appear and answer same and after all legal delays and due proceedings there be judgment herein in favor of Petitioners, **Richard Vanderbrook, Mary Jane Silva, James Capella, Sylvia Granier, Jack Capella as the Executor of the Succession of Lillian Capella, Gregory Jackson, Peter Ascani III, and Robert G. Harvey, Sr.** and against Defendants, **State Farm Fire and Casualty Company, Kemper Insurance Company, Hartford Insurance Company, Travelers Insurance Company, Hanover Insurance Company, St. Paul Travelers Insurance Company and the Board of Commissioners for the Orleans Levee District for the Parish of Orleans**, for all amounts as reasonable under the premises; additionally, Petitioners pray that they are entitled to arbitrary and capricious penalties against all named insurers for failing to adjust and pay for all public water damage claims, all as provided for by statute, together with legal interest from date of judicial demand until paid, for all cost, all expert fees, attorney fees and for all general and equitable relief.

**ANSWER:** With regard to the prayer for relief, Hanover denies that Plaintiffs have any basis for judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that Hanover be awarded costs of court and such other relief as is just.

## FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs' claimed losses fall outside the insuring language of the Policy including, but not limited to, any insuring language for "Coverage A – Dwelling," "Coverage B – Other Structures," "Coverage C – Personal Property," "Coverage D – Loss of Use," and/or the Additional Coverages for "Debris Removal," "Trees, Shrubs and Other Plants," "Property Removed," "Reasonable Repairs," and "Collapse."

## THIRD AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs' claimed losses were not caused by a "Peril Insured Against" as specified in the Policy.

## FOURTH AFFIRMATIVE DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses were to "Property Not Covered" as specified in the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiffs are seeking benefits under the Additional Coverage for "Debris Removal" for the removal of trees that were not "felled" by a peril specified in that Additional Coverage, or for the removal of trees that did not "damage[] a covered structure."   In addition, coverage is barred, in whole or part, to the extent Plaintiff is seeking benefits in excess of the applicable limit of liability, or for tree removal expenses that exceed $500, as specified by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiffs are seeking benefits under the Additional Coverage for "Trees, Shrubs and Other Plants" for losses that were not caused by one of the Perils Insured Against specified in that Additional Coverage.  In addition, coverage is barred, in whole or part, to the extent Plaintiffs are seeking benefits in excess of the applicable limit of liability, or that exceed $500 for any one tree, shrub, or plant.

## SEVENTH AFFIRMATIVE DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses fall within a Policy deductible.

## EIGHTH AFFIRMATIVE DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses exceed any applicable limit of insurance or time limit specified in the Policy.

## NINTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs' claimed losses fall within an exclusion and/or limitation to the coverage provided by the Policy.

## TENTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

**COVERAGE A – Dwelling**
. . .
This coverage does not apply to land, including land on which the dwelling is located.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**a.**    Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

**1.**    We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**d.**    Power Failure, meaning the failure of power or other utility service if the failure takes place off the "residence premises."  But, if a Peril Ensured Against ensues on the "residence premises," we will pay only for that ensuing loss.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by the following language, or language substantially  similar, in the Policy issued to Plaintiffs:

**1.**    We do not insure for loss caused directly or indirectly by any of  the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**c. Water Damage**, meaning:

**(1)** Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
**(2)** Water which backs up through sewers or drains or which overflows from a sump; or
**(3)** Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

. . .

## FOURTEENTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

**COVERAGE D - Loss of Use**

>  **1.**  If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover, at your choice, either of the following.  However, if the "residence premises" is not your principal place of residence, we will not provide the option under paragraph **b.** below.

> >  **a.  Additional Living Expense**, meaning any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living; or

> >  **b.  Fair Rental Value**, meaning the fair rental value of that part of the "residence premises" where you reside less any expenses that do not continue while the premises is not fit to live in.

>  Payment under **a.** or **b.** will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs seek to recover losses that are not attributable to Debris Removal within the meaning of the Policy.  The Policy contains language that provides:

>  **1.   Debris Removal.**  We will pay your reasonable expense for the removal of:

> >  a.   Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss….

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent coverage exists, coverage may be limited, in whole or in part, by the following language in the Policy:

**SECTION I – CONDITIONS**
   **4. Loss to a Pair or Set.**  In case of loss to a pair or a set we may elect to:
   a.   Repair or replace any part to restore the pair or set to its value before the loss; or
   b.   Pay the difference between the actual cash value of the property before and after the loss.

## SEVENTEENTH AFFIRMATIVE DEFENSE

 Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover Additional

Living Expenses, as defined in the policy, that are not attributable to an "Insured" within the

meaning of the policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition is barred, in whole or in part, to the extent the following

condition in the Policy has been violated and/or not satisfied:

**Suit Against Us.**  No action can be brought unless the policy provisions have been

complied with and the action is started within one year after the date of loss.

## NINETEENTH AFFIRMATIVE DEFENSE

No coverage exists under the Policy, in whole or in part, to the extent the following

condition in the Policy applies:

**Other Insurance**.  If a loss covered by this policy is also covered by other
insurance, we will pay only the proportion of the loss that the limit of liability that
applies under this policy bears to the total amount of insurance covering the loss.

## TWENTIETH AFFIRMATIVE DEFENSE

 Coverage is precluded, in whole or in part, by the following language in the Policy:

We do not insure for loss caused directly or indirectly by any of the following.
Such loss is excluded regardless of any other cause or event contributing
concurrently or any sequence to the loss.
. . .

e.      **Neglect**, meaning neglect of the "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Hanover has no duty to perform under the Policy, in whole or part, unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, of the Policy have been satisfied.  The Policy conditions include, but are not limited to, those detailed in the provisions entitled "Insurable Interest and Limit of Liability," "Your Duties After Loss,"  "Loss Settlement," "Loss to a Pair or Set," "Other Insurance," "Suit Against Us," "Our Option," "Loss Payment," "Abandonment of Property," "Mortgage Clause," "No Benefit to Bailee," "Recovered Property."  To the extent an insured has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, Hanover has no liability under the Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy have been violated and/or not satisfied:

2.      **Your Duties After Loss.**  In case of a loss to covered property, you must see that the following are done:

a.      Give prompt notice to us or our agent;
b.      Notify the police in case of loss by theft;
c.      Notify the credit card or fund transfer card company in case of  loss under Credit Card or Fund Transfer Card coverage;
d.      Protect the property from further damage.  If repairs to the property are required, you must:
**(1)**  Make reasonable and necessary repairs to protect the property; and
**(2)** Keep an accurate record of repair expenses.
. . .

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the

following condition in the Policy has been violated and/or not satisfied:

> **10.**   **Loss Payment**
> We will adjust all losses with you.  We will pay you unless
> some other person is named in the policy or is legally
> entitled to receive payment.  Loss will be payable 60 days
> after we receive your proof of loss and:
>
> **a.**  Reach an agreement with you;
>
> **b.**  There is an entry of final judgment; or
>
> **c.**  There is a filing of an appraisal award with us.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the

following condition in the Policy has been violated:

> **SECTION I AND II – CONDITIONS**
> **2.**  **Concealment or Fraud.**  The entire policy will be void if, whether before
> or after a loss, an "insured" has:
> > (a)  Intentionally concealed or misrepresented any material fact or
> > circumstance;
> > (b)  Engaged in fraudulent conduct; or
> > (c)  Made false statements;
> > relating to this insurance.
> > . . .

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Hanover has no duty to perform under the Policy, in whole or in part, to the extent the

following condition in the Policy applies:

> **13.**   **No Benefit to Bailee.**  We will not recognize any
> assignment or grant any coverage that benefits a
> person or organization holding, storing or moving

-16-

property for a fee regardless of any other provision
of this policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

No coverage exists under the Policy, in whole or in part, to the extent the following

condition in the Policy applies:

**7. Other Insurance**.  If a loss covered by this policy is also covered by other

insurance, we will pay only the proportion of the loss that the limit of liability that

applies under this policy bears to the total amount of insurance covering the loss.

. . .

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, to the extent Plaintiffs

failed to provide a sufficient proof of loss to Hanover.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, to the extent Plaintiffs

failed to mitigate, minimize, or avoid its alleged damages, the fact and extent of which Hanover

denies.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, to the extent Plaintiffs

failed to cooperate with Hanover in the investigation or adjustment of Plaintiffs' insurance claim.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, because Hanover at all

times acted reasonably and in good faith in connection with Plaintiffs' insurance claim.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Petition is barred and/or Plaintiffs' alleged damages, the fact and extent of which Hanover denies, are reduced to the extent that Plaintiffs' alleged damages were the result of the contributory, comparative, or active fault of Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, the fact and extent of which Hanover denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Hanover, for which Hanover is not responsible.  Such intentional conduct, negligence, or fault bars recovery against Hanover or comparatively reduces the percentage of fault, if any, of Hanover.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, the fact and extent of which Hanover denies, were proximately caused by intervening, superseding, and/or supervening acts or events for which Hanover has no responsibility.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by the following language, or language substantially similar, in the Policy issued to Plaintiffs:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

. . .
. . . We do not insure, however, for loss:
. . .

**2.**  Caused by:

**e.**  Any of the following:

**(1)**  Wear and tear, marring, deterioration;

**(2)**  Inherent vice, latent defect, mechanical breakdown;

**(3)**  Smog, rust or other corrosion, mold, wet or dry rot;

. . .

**(5)**  Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against under Coverage C of this policy.
Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed[.]

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language, or language substantially similar, in the Policy issued to Plaintiffs:

> 2.  We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
>
>> a.  **Weather conditions**.  However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph **1.** above to produce the loss[.]

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language, or language substantially similar, in the Policy issued to Plaintiffs:

> 2.  We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
>
>> c.  **Faulty, inadequate or defective:**
>>> (1)  Planning, zoning, development, surveying, siting;
>>> (2)  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>>> (3)  Materials used in repair, construction, renovation or remodeling; or
>>> (4)  Maintenance;

of part or all of any property whether on or off the
"residence premises."

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Coverage is precluded, in whole or in part, by the following language, or language

substantially similar, in the Policy issued to Plaintiffs:

> 2.  We do not insure for loss to property described in Coverages A
>     and B caused by any of the following.  However, any ensuing
>     loss to property described in Coverages A and B not excluded
>     or excepted in this policy is covered.
>
> . . .
>
> **b.  Acts or decisions**, including the failure to act or decide, of
>     any person, group, organization or governmental body;....

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Valued Policy Law are barred because the Valued Policy Law

is limited on its face to fire insurance coverage.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the Valued Policy Law to the extent plaintiffs'

damages did not result in a total loss.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the Valued Policy Law to the extent plaintiffs'

damages did not result from a covered cause.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Hanover reserves the right to amend this answer to assert any additional defenses or any

other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may

become apparent during Hanover's ongoing investigation and discovery.

**WHEREFORE**, Hanover hereby prays that the Petition be dismissed with prejudice and that Hanover be awarded its costs.

Respectfully submitted:

**/s/ Seth A. Schmeeckle**
Ralph S. Hubbard III, T.A. La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:      (504) 568-1990
Facsimile:      (504) 310-9195
e-mail:          rhubbard@lawla.com
                 sschmeeckle@lawla.com

And

OF COUNSEL:
KEVIN P. KAMRACZEWSKI
PAUL B. GLAD
ANDREW R. GREENE
**SONNENSCHEIN NATH &
ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Phone: (312) 876-8000
Fax: (312) 876-7934

**Attorneys for The Hanover Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2007 a copy of the foregoing HANOVER'S  **ANSWER TO PETITION FOR DAMAGES** was filed  electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

**All known counsel of record**

by operation of the court's electronic filing system.

s/Seth A. Schmeeckle
Seth A. Schmeeckle, La. Bar No. 27076