**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br>INSURANCE     *Chehardy*, No. 06-1672<br>                    *Chehardy*, No. 06-1673<br>                    *Chehardy*, No. 06-1674 | |

**DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S**
**ANSWER TO THE AMENDED AND RESTATED COMPLAINT**

Defendant Great Northern Insurance Company ("Great Northern") (for itself and as erroneously sued as Chubb Group of Insurance Companies, a non-entity, incapable of being sued) answers the plaintiffs' Amended and Restated Complaint as follows:

In answering the complaint, Great Northern will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberrel, Debbie and Dave

76262

Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina

Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis,

Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Petemon, Wendell

Glation, and Mack Barham) as "Plaintiffs."  No further response is necessary to the introductory

paragraph of the Amended and Restated Complaint.

## I.   INTRODUCTION

1.      Great Northern admits that Plaintiffs have filed a complaint that purports to assert

a class action.  Great Northern further admits that plaintiffs Larry and Glenda Forster (the

"Forsters") and Mack Barham ("Barham") filed insurance claims with Great Northern indicating

that their homes were damaged on or about August 29, 2005.  Great Northern further admits that

the Forsters and Barham's homes had incurred some wind and flood damage.  Except as

expressly admitted, Great Northern is without knowledge or information sufficient to form a

belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and

Restated Complaint and on that basis denies those allegations.

2.      Great Northern admits that Plaintiffs filed a complaint that purports to assert

causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair

dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes.

Great Northern denies that it wrongfully, negligently, or recklessly refused to provide insurance

coverage for covered losses and damages to property caused by Hurricane Katrina.  Great

Northern is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance

76262

Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 2.

3.      Great Northern admits that Plaintiffs filed a complaint seeking declaratory relief and compensatory and punitive damages.  To the extent that Paragraph 3 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.  To the extent that Paragraph 3 contains factual allegations that require a response and alleges that Great Northern engaged in "wrongful conduct," Great Northern denies the allegations.  To the extent that Paragraph 3 contains factual allegations that require a response and alleges that other Insurance Company Defendants engaged in "wrongful conduct," Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 3.

## II.      PARTIES

4.      Great Northern admits that the Forsters and Barham, respectively, had Great Northern homeowner's insurance policies which were in effect on August 29, 2005.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 4.

5.      Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on that basis denies those allegations.

6.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on that basis denies those allegations.

7.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on that basis denies those allegations.

8.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

9.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended and Restated Complaint and on that basis denies those allegations.

10.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

11.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

12.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

76262

13.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended and Restated Complaint and on that basis denies those allegations.

14.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and on that basis denies those allegations.

15.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended and Restated Complaint and on that basis denies those allegations.

16.     Great Northern denies the allegations of Paragraph 16 of the Amended and Restated Complaint.

17.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended and Restated Complaint and on that basis denies those allegations.

18.     Great Northern admits that it is a foreign insurer domiciled in the State of Minnesota and doing business in Louisiana and that it can be served with process in Louisiana through the Louisiana Secretary of State.  Except as expressly admitted, Great Northern denies any remaining allegations in Paragraph 18 of the Amended and Restated Complaint.

19.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended and Restated Complaint and on that basis denies those allegations.

20.     Great Northern admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

### III.     JURISDICTION AND VENUE

21.     To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Great Northern denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

22.     To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual allegations requiring a response, Great Northern admits that this Court has personal jurisdiction over Great Northern.  To the extent that Paragraph 22 contains other factual allegations requiring a response and makes allegations against other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.   Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 22.

23.     To the extent that Paragraph 23 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual allegations requiring a response, Great Northern admits that a substantial part of the events giving rise to this action occurred in this District.  Except as expressly admitted, Great Northern

denies each and every remaining allegation in Paragraph 23 as to Great Northern.  To the extent that Paragraph 23 contains factual allegations requiring a response as to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

### IV.   FACTUAL BACKGROUND
### Appropriateness of Class Action[1]

24.     To the extent that Paragraph 24 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.

a.      To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(a) contains factual allegations requiring a response, Great Northern denies that this case is appropriate for class certification and lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

b.      To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(b) contains factual allegations requiring a response, Great Northern denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

---

[1]     The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

    c.    To the extent that Paragraph 24(c) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(c) contains factual allegations requiring a response, Great Northern denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(c) as to Great Northern.  To the extent that Paragraph 24(c) contains factual allegations requiring a response as to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

    d.    To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies those allegations.  To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Great Northern denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 24.

25.     Great Northern denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

### Policyholders' Purchase Of The Policies

26.     Great Northern admits that in August 2005 the Forsters and Barham, respectively, each owned homes in the Parish of Orleans.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 26.

27.      Great Northern admits that the Forsters and Barham, respectively, each had a Great Northern homeowner's insurance policy which was in effect on August 29, 2005.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 27.

28.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended and Restated Complaint concerning plaintiffs' subjective beliefs and on that basis denies those allegations.   Great Northern further denies that plaintiffs could have reasonably had the expectations alleged in Paragraph 28.  Great Northern denies each and every remaining allegation in Paragraph 28.

76262

29.     The Forsters and Barham's insurance policies which were in effect on  August 29, 2005 are in writing and speak for themselves.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 29.

30.     Great Northern denies that it had "advanced knowledge about the fragility of the New Orleans area levee system."  Great Northern further denies that its homeowner's insurance policies do not exclude coverage for water damage from the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint and on that basis denies those allegations.

31.     Great Northern denies that it sold homeowner's policies to homeowners in Louisiana either directly or through other similarly situated insurance companies.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 as to other Insurance Company Defendants and on that basis denies those allegations.

32.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent they refer to Plaintiffs' subjective beliefs and to other Insurance Company

Defendants and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 32.

33.     Great Northern admits that the amount of insurance varies for each Policyholder, in accordance with the terms and conditions of the respective policies, which are in writing and speak for themselves.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 33.

34.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended and Restated Complaint that all Policyholders made timely payment of premiums and on that basis denies those allegations.

### Insurance Company Defendants Fail To Advise Policyholders Regarding The Availability Of Flood Insurance

35.     Great Northern admits that Congress enacted the Federal Flood Insurance Act in 1956.  Great Northern further admits that Congress passed the National Flood Insurance Act in 1968 and created the National Flood Insurance Program ("NFIP").  Great Northern states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 35 of the Amended and Restated Complaint.

36.     Great Northern admits that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding.  42 U.S.C. § 4013(b)(2).  Except as expressly

- 11 -

76262

admitted, Great Northern denies each and every remaining allegation in Paragraph 36 of the Amended and Restated Complaint.

37.     Great Northern admits that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 37.

38.     Great Northern denies the allegations of Paragraph 38 of the Amended and Restated Complaint as to Great Northern.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company Defendants and on that basis denies those allegations.

39.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended and Restated Complaint and on that basis denies those allegations.

## Hurricane Katrina Damages Policyholders' Property

40.     Great Northern admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated Complaint and on that basis denies those allegations.

41.     Great Northern admits that there was water on both sides of the Industrial Canal in New Orleans and in the City's Lower Ninth Ward on August 29, 2005.  Great Northern is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies those allegations.

42.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

43.     Great Northern admits that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

44.     Great Northern admits that the Forsters and Barham, respectively, owned homes in Louisiana and that they each filed insurance claims with Great Northern asserting that their homes were damaged on or about August 29, 2005.  Great Northern further admits that the Forsters and Barham's homes had incurred some wind and flood damage.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

45.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

76262

46.     Great Northern acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

47.     Great Northern acknowledges that *The Times Picayune* contained an article on April 6, 2005, that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

48.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

49.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

50.     To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Great Northern denies the allegations.

76262

## COUNT I - DECLARATORY JUDGMENT
### v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Great Northern incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Great Northern denies that it has not properly addressed the coverage claims of the Forsters and Barham.  Great Northern admits an actual controversy exists between the Forsters and Barham and Great Northern.  To the extent that Paragraph 52 contains other factual allegations requiring a response, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis denies those allegations.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual allegations requiring a response as to Great Northern and the Forsters and Barham, Great Northern denies the allegations.  Great Northern admits an actual controversy exists between the Forsters and Barham and Great Northern.  To the extent that Paragraph 53 contains other factual allegations requiring a response, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those allegations.

54.     To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Great Northern admits that the Forsters and Barham,

- 15 -

respectively, submitted claims to Great Northern for damages incurred on or about August 29, 2005, and that Great Northern has paid for the covered losses under the Forsters and Barham's Great Northern homeowner's policies.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 54 as to the Forsters and Barham.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.     Great Northern admits that the Forsters and Barham, respectively, provided timely notification to Great Northern of claimed covered losses under their policies.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55  of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 55.

56.     To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 56 contains factual allegations requiring a response, Great Northern states that the insurance policies of the Forsters and Barham which were in effect on August 29, 2005 are in writing and speak for themselves. To the extent that Paragraph 56 contains other factual allegations requiring a response, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis denies those allegations.

57.     Great Northern denies Paragraph 57 of the Amended and Restated Complaint as to the Forsters and Barham and states that it indemnified the Forsters and Barham in accordance with the terms of their respective policies which were in effect on August 29, 2005, for covered

76262

losses incurred on or about August 29, 2005.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 57.

58.    To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 58 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies each and every allegation in Paragraph 58.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on that basis denies those allegations.

59.    To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 59 contains factual allegations requiring a response and alleges that Great Northern improperly adjusted the Forsters and Barham's claims, Great Northern denies the allegations.  To the extent that Paragraph 59 contains other factual allegations requiring a response, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies those allegations.

60.    To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 60 contains factual allegations requiring a response, Great Northern states that the insurance policies of the Forsters and Barham, respectively, which were in effect on August 29, 2005 are in writing and speak for

76262

themselves.   To the extent that Paragraph 60 contains other factual allegations requiring a response, Great Northern denies each and every remaining allegation in Paragraph 60.

61.   Great Northern denies each and every allegation in Paragraph 61 of the Amended and Restated Complaint.

62.   To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 62 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies each and every allegation in Paragraph 62.   To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

63.   Great Northern admits that any investments that it makes may earn income.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis denies those allegations.   Except as expressly admitted, Great Northern denies each and every remaining allegation in Paragraph 63.

64.   Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and on that basis denies those allegations.

With regard to the prayer for relief, Great Northern denies that Plaintiffs have any basis for judgment against Great Northern and alleges that Plaintiffs shall be denied all relief and that Great Northern be awarded costs of court and such other relief as is just.

76262

## COUNT II - BREACH OF CONTRACT
## v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Great Northern incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     To the extent that Paragraph 66 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 66 contains factual allegations requiring a response, Great Northern admits that the Forsters and Barham had Great Northern insurance policies in effect on August 29, 2005, which are in writing and speak for themselves.  To the extent that Paragraph 66 contains other factual allegations requiring a response, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such remaining allegations and on that basis denies them.  Great Northern denies each and every remaining allegation in Paragraph 66.

67.     Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended and Restated Complaint that all policyholders made timely payments of premiums and materially performed their obligations under the policies and on that basis denies those allegations.

68.     To the extent that Paragraph 68 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to other Insurance Company Defendants and on that basis denies those allegations.

69.     To the extent that Paragraph 69 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 69 contains factual

76262

allegations requiring a response and refers to Great Northern, Great Northern denies each and every allegation in Paragraph 69.  To the extent that Paragraph 69 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

With regard to the prayer for relief, Great Northern denies that Plaintiffs have any basis for judgment against Great Northern and alleges that Plaintiffs shall be denied all relief and that Great Northern be awarded costs of court and such other relief as is just.

<u>COUNT III- BREACH OF THE IMPLIED COVENANT OF<br>GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants</u>

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Great Northern incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 71 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies those allegations.

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the

76262

allegations.   To the extent that Paragraph 72 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and on that basis denies those allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.   To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.   To the extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.     To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.   To the extent that Paragraph 75 refers to other Insurance Company Defendants, Great Northern is without knowledge or information

76262

sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

76.     To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 76 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

77.     To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further, Louisiana Revised Statute § 22:658.2(A)(1) is in writing and speaks for itself.  To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 77 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.     To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

76262

79.     To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

80.     To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.     To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

76262

With regard to the prayer for relief, Great Northern denies that Plaintiffs have any basis for judgment against Great Northern and alleges that Plaintiffs shall be denied all relief and that Great Northern be awarded costs of court and such other relief as is just.

## COUNT IV   BREACH OF LA. REV. STAT. ANN. § 22:1220
### (Insurance Bad Faith) v. All Insurance Company Defendants

82.     In response to Paragraph 82 of the Amended and Restated Complaint, Great Northern incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.     With respect to Paragraph 83 of the Amended and Restated Complaint, Great Northern states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself. To the extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Great Northern denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint, Great Northern states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself. To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Great Northern denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 85 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

86.     To the extent that Paragraph 86 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 86 refers to

76262

other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.     To the extent that Paragraph 87 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 87 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     To the extent that Paragraph 88 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 88 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those allegations.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 89 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 89 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Great Northern states that the statutes referred to in

Paragraph 90 are in writing and speak for themselves.  To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

91.     To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  The statute referred to in Paragraph 91 is in writing and speaks for itself.  To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

76262

With regard to the prayer for relief, Great Northern denies that Plaintiffs have any basis for judgment against Great Northern and alleges that Plaintiffs shall be denied all relief and that Great Northern be awarded costs of court and such other relief as is just.

## COUNT V - BREACH OF FIDUCIARY DUTY
### v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other Similarly Situated Insurance Company Defendants

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Great Northern incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.     To the extent that Paragraph 94 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 94 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.     To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 95 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 95 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those allegations.

96.     To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the

76262

allegations.   To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.     To the extent that Paragraph 97 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 97 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.     To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 98 refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.   To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

76262

100.    To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Great Northern, Great Northern denies the allegations.  To the extent that Paragraph 100 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those allegations.

With regard to the prayer for relief, Great Northern denies that Plaintiffs have any basis for judgment against Great Northern and alleges that Plaintiffs shall be denied all relief and that Great Northern be awarded costs of court and such other relief as is just.

*       *       *

Except as expressly admitted, Great Northern denies each and every remaining allegation in the Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES
### FIRST AFFIRMATIVE DEFENSE

All Policyholders who are not insureds of Great Northern lack standing, and have no right or cause of action against Great Northern.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

76262

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

The policies issued by Great Northern are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.  Great Northern asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

## SIXTH AFFIRMATIVE DEFENSE

Great Northern pleads the terms, provisions, limits, and exclusions of the policies issued to the insureds as affirmative defenses which bar or diminish recovery by Plaintiffs. There is no coverage provided under the policies as insureds' damages are subject to the policies' exclusions.  Due process provisions of the Louisiana and United States Constitution bar any attempt by Plaintiffs to require Great Northern to pay for losses that do not result from covered perils.

## SEVENTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Great Northern, any additional amounts due under the policies are subject to applicable policy deductibles, limits of liability, valuation clauses, and all other policy provisions, conditions, and exclusions.

## EIGHTH AFFIRMATIVE DEFENSE

Great Northern's policies exclude coverage for losses caused by ordinance or law. Great Northern's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

76262

## NINTH AFFIRMATIVE DEFENSE

Great Northern's policies exclude coverage for losses caused by acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body. Great Northern's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## TENTH AFFIRMATIVE DEFENSE

Great Northern's policies exclude coverage for loss caused by surface water or ground water. Great Northern's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## ELEVENTH AFFIRMATIVE DEFENSE

Great Northern's policies exclude coverage for losses caused by faulty, inadequate, or defective design, workmanship, construction, materials, maintenance, and other acts or things identified in the exclusion's terms. Great Northern's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## TWELFTH AFFIRMATIVE DEFENSE

Great Northern's policies exclude coverage for losses caused by mold related items. Great Northern's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## THIRTEENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part by the failure to exhaust mandatory contractual remedies.

76262

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged Great Northern policies contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Policyholders breached these provisions, coverage is precluded under the alleged Great Northern policy or policies, which are pleaded herein as if copied in full.

## FIFTEENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

The amount of any recovery by Policyholders is limited by the terms and conditions of the Great Northern policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Great Northern's liability, if any, for Policyholders' claims is limited by the other insurance clause in Great Northern's policies of insurance, which is pleaded herein as if copied in full.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part to the extent that Policyholders already have been compensated for their alleged loss through payment of their claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

76262

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholders and any liability of Great Northern, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code article 2323.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Great Northern to Policyholders upon which Policyholders could have reasonably or justifiably relied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is applicable under the facts of this case, as alleged by Policyholders.

76262

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without admitting application of the referenced statutory provisions to it, Great Northern alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Great Northern, Great Northern avers that it is not subject to any consequential damages, or economic loss, or any type of extra contractual damages, because Great Northern at all times acted in good faith in handling insureds' claim, and Great Northern has adjusted and continues to adjust insureds' claims according to Louisiana law and the terms and conditions of the policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Great Northern owed no fiduciary duty to Policyholders.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Great Northern has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Great Northern or any other insurer.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Policyholders have failed to state facts sufficient to give rise to a claim against Great Northern for punitive damages.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

Policyholders' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Policyholders' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Policyholders' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Great Northern's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Great Northern liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

76262

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

If the plaintiffs suffered any damages, as alleged, such injuries were caused in whole or in part by the actions or inactions of third parties, and not Great Northern.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Great Northern reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Great Northern also hereby incorporates by reference any additional defenses raised by other defendants to this action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The plaintiffs have no claims against Great Northern for allegedly being underinsured or lacking certain additional insurance coverage.

76262

WHEREFORE, Great Northern prays for judgment as follows:

1.      That Policyholders take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Great Northern recover its costs of suit;

4.      That Great Northern recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.


Respectfully Submitted,

*/s/Steven W. Usdin*
Steven W. Usdin, 12986
Edward R. Wicker, Jr., 27138
    Of
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
*Attorneys for Great Northern Insurance Company*

76262

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Defendant Great Northern Insurance Company's Answer to the Amended and Restated Complaint has been served upon all counsel of record by electronic noticing of filings by the electronic filing of this motion with the Court, and all other counsel by email transmission, this 1st day of February, 2007.

*/s/Steven W. Usdin*

76262