UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO.: 05-4182 "K"(2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Chehardy et at. 06-1672* | * | MAGISTRATE JUDGE WILKINSON |
| *Chehardy et at  06-1673* | * | |
| *Chehardy et al. 06-1673* | * | |

## DEFENDANT HANOVER INSURANCE COMPANY'S ANSWER TO THE AMENDED AND RESTATED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Hanover Insurance

Company, which hereby responds to the allegations in the complaint of Gladys Chehardy, Daniel

and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori

Gervais, Andre and Marlin Mauberrel, Debbie and Dave Strawn, Stephanie and Brad Boyd, New

Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree,

Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina

Perkins, Eldridge Pollard, Michael Petemon, Wendell Glation, and Mack Barham (referred to

herein as "Plaintiffs").

## I.      INTRODUCTION

1.

The Representative Policyholders have instituted this class action pursuant to Rule 23 of
the Federal Rules of Civil Procedure on behalf of themselves and a class of homeowners
insurance policyholders as defined in Paragraph 25 ("Policyholders") who, on August 29, 2005,

1

were Louisiana residents who owned immovable property with improvements, principally houses or related residential structures, as well as personal property located there, which was destroyed or damaged by winds generated by Hurricane Katrina.

**ANSWER:** Hanover admits that Plaintiffs have filed a complaint that purports to assert a class action.  Hanover denies that the purported class action is exclusively on behalf of homeowners insurance policyholders.  Hanover admits that plaintiff New Orleans Flooring Supply, Inc. owned property in Louisiana and that New Orleans Flooring Supply, Inc. filed an insurance claim with Hanover indicating that its property was damaged on or about August 29, 2005. Hanover admits that New Orleans Flooring Supply, Inc. had incurred some wind and flood damage.  Except as expressly admitted, Hanover is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and Restated Complaint and on that basis denies those allegations.

2.

The Representative Policyholders bring this class action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes, arising out of the wrongful, negligent, reckless and/or intentional refusal of various Insurance Companies (collectively "Insurance Company Defendants") to provide insurance coverage to Policyholders for losses and damages to Policyholders' property caused by Hurricane Katrina, as required by the insurance policies that Policyholders purchased from one or more of the Insurance Company Defendants.

**ANSWER:** Hanover admits that Plaintiffs filed a complaint that purports to assert causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes.  Hanover denies that it wrongfully, negligently, or recklessly refused to provide insurance coverage for covered losses and damages to property caused by Hurricane Katrina.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance Company Defendants

and on that basis denies those allegations.  Except as expressly admitted, Hanover denies each

and every remaining allegation in Paragraph 2.

3.

Policyholders seek compensatory and punitive damages from the Insurance Company Defendants as a result of their wrongful conduct, in addition to declaratory relief by the Court that:

a.     The first efficient proximate cause of the losses suffered by the Policyholders on August 29, 2005 was "windstorm," a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policies;

b.     The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17h Street Canal, London Avenue Canal, Industrial Canal, and elsewhere were acts of negligence, standard covered perils in the Insurance Company Defendants' homeowners insurance policies;

c.     The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and surrounding parishes on August 29, 2005 was "storm surge", a known meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

d.     The breaking or failure of levees or boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market; and

e.     The damage caused by water entering the City of New Orleans and surrounding parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levee walls along the 17h Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the regular definition of "flood," nor within any of the subject insurance policies' exclusions of 'Mood".

**ANSWER:** Hanover admits that Plaintiffs filed a complaint seeking declaratory relief and

compensatory and punitive damages.  To the extent that Paragraph 3 of the Amended and

Restated Complaint calls for legal conclusions, it requires no response.  To the extent that

Paragraph 3 contains factual allegations that require a response and alleges that Hanover engaged

in "wrongful conduct," Hanover denies the allegations.  To the extent that Paragraph 3 contains

factual allegations that require a response and alleges that other Insurance Company Defendants

engaged in "wrongful conduct," Hanover is without knowledge or information sufficient to form

a belief as to the truth of such allegations and on that basis denies them.  Except as expressly

admitted, Hanover denies each and every remaining allegation in Paragraph 3.

## II. <u>PARTIES</u>

4.

Representative Policyholders Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry
and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin
Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply,
Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and
Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard,
Michael Peterson, Wendell Glation and Mack Barham purchased homeowners insurance policies
from one of the following insurance companies: State Farm Fire & Casualty Company, Allstate
Insurance Company, Allstate Indemnity Company, Lafayette Insurance Company, Liberty
Mutual Fire Insurance Company, Chubb Custom Insurance Company, The American Insurance
Company, AAA Homeowners Auto Club Family Insurance Company, Louisiana Citizens
Property Insurance Corporation, Traveler's Property Casualty Company of America, Lexington
Insurance Company, Encompass Insurance Company of America, AEGIS Security Insurance
Company, Great Northern Insurance Company and Hanover Insurance Company.

**<u>ANSWER:</u>** Hanover admits that New Orleans Flooring Supply, Inc. had a commercial property

insurance policy with an effective period of February 9, 2005 to February 9, 2006.  Hanover is

without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 4 of the Amended and Restated Complaint as to other Insurance Company Defendants

and on that basis denies those allegations.  Except as expressly admitted, Hanover denies each

and every remaining allegation in Paragraph 4.

5.

Defendant State Farm Fire & Casualty Company (hereinafter referred to as "State Farm")
is a foreign insurer organized and existing under the laws of the State of Illinois and doing

business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on

that basis denies those allegations.

6.

Defendant Allstate Insurance Company (hereinafter referred to as "Allstate") is a foreign insurer organized and existing under the laws of the State of Illinois and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd,, Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on

that basis denies those allegations.

7.

Defendant Allstate Indemnity Company (hereinafter referred to as "Allstate Indemnity") is a foreign insurer organized and existing under the laws of the State of Illinois and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on

that basis denies those allegations.

8.

Defendant Lafayette Insurance Company (hereinafter referred to as "Lafayette") is a foreign insurer organized and existing under the laws of the State of Iowa and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

9.

Defendant Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual") is a foreign insurer organized and existing under the laws of the State of Massachusetts and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended and Restated Complaint and on that basis denies those allegations.

10.

Defendant Chubb Custom Insurance Company (hereinafter referred to as "Chubb") is a foreign insurer organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

11.

Defendant The American Insurance Company (hereinafter referred to as "American") is a foreign insurer organized and existing under the laws of the State of Nebraska, with its principal place of business in California and doing business in the State of Louisiana and which may be served with process by service on its registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

12.

Defendant AAA Homeowners Auto Club Family Insurance Company (hereinafter referred to as "AAA") is a foreign insurer organized and existing under the laws of the State of Missouri and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

13.

Defendant Louisiana Citizens Property Insurance Corporation (hereinafter referred to as "LA FAIR Plans") is an insurer domiciled in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809, or at their place of business at 433 Metairie Road, Suite 400, Metairie, LA 7005, or at their official mailing address P.O. Box 60730, New Orleans, LA 70160.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and on that basis denies those allegations.

14.

Defendant Travelers Property Casualty Company of America (hereinafter referred to as "Travelers") is a foreign insurer organized and existing under the laws of the State of Connecticut and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and

on that basis denies those allegations.

15.

Defendant Lexington Insurance Company (hereinafter referred to as "Lexington") is a
foreign insurer organized and existing under the laws of the State of Massachusetts and doing
business in the State of Louisiana and can be served through their registered agent for service of
process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 15 of the Amended and Restated Complaint and

on that basis denies those allegations.

16.

Defendant Encompass Insurance Company of America (hereinafter referred to as
"Encompass") is a foreign insurer organized and existing under the laws of the State of Illinois
and doing business in the State of Louisiana and can be served through their registered agent for
service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA
70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 16 of the Amended and Restated Complaint and

on that basis denies those allegations.

17.

Defendant AEGIS Security Insurance Company (hereinafter referred to as "AEGIS") is a
foreign insurer organized and existing under the laws of the State of Pennsylvania and doing
business in the State of Louisiana and can be served through their registered agent for service of
process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 17 of the Amended and Restated Complaint and

on that basis denies those allegations.

18.

Defendant Great Northern Insurance Company (hereinafter referred to as "Great Northern") is a foreign insurer organized and existing under the laws of the State of New Jersey and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended and Restated Complaint and on that basis denies those allegations.

19.

Defendant Hanover Insurance Company (hereinafter referred to as "Hanover") is a foreign insurer organized and existing under the laws of the State of Massachusetts and doing business in the State of Louisiana and can be served through their registered agent for service of process, the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809

**ANSWER:** Hanover admits that it is a foreign insurer organized under the laws of New Hampshire and headquartered in Massachusetts and that it can be served with process in Louisiana through the Louisiana Secretary of State.  Hanover admits that it is doing business in the State of Louisiana.

20.

The foregoing Defendants will hereinafter be collectively referred to as the "Insurance Company Defendants."

**ANSWER:** Hanover admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

### III.  JURISDICTION AND VENUE

21.

This Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(d) because the proposed class of Policyholders contains more than 100 members, the aggregate amount in controversy exceeds five million dollars and at least one member of the Policyholders' class is diverse from at least one of the Insurance Company Defendants.

**ANSWER:** To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Hanover denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

22.

This Court has personal jurisdiction over the Insurance Company Defendants because the Insurance Company Defendants are or were transacting business in this District within the relevant time periods by way of selling insurance policies to the Policyholders, who are also located in this District.

**ANSWER:** To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual allegations requiring a response, Hanover admits that this Court has personal jurisdiction over it and that it is currently or was transacting business in this District during 2005.  To the extent that Paragraph 22 contains other factual allegations requiring a response and makes allegations that other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.   Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 22.

23.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and the Insurance Company Defendants regularly transact business in this District.

**ANSWER:** To the extent that Paragraph 23 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual allegations requiring a response, Hanover admits that a substantial part of the events giving rise to this action occurred in this District and that Hanover regularly transacts business in this District.  To the extent that Paragraph 23 contains factual allegations requiring a response as to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

## IV.  FACTUAL BACKGROUND

### Appropriateness of Class Action[1]

24.

Representative Policyholders meet the prerequisites to bring this action on behalf of the class because:

(a)    As a result of this unprecedented catastrophic event up to 160,000 homes are estimated to be unusable and the exact number and identities of the class of Policyholders are unknown at this time, and can only be ascertained through appropriate investigation. Representative Policyholders are of information and belief that the class of Policyholders clearly consists of tens or perhaps hundreds of thousands of persons presenting a level of numerosity better handled through the. class action procedure. The class is so numerous that joinder of all members as individual plaintiffs is impracticable;

(b)    There are common questions of law and fact common not only to all class members but will be applicable to all Insurance Company Defendants and all homeowners insurance companies in the New Orleans area including the issues of law and fact that form the basis for the declaratory and other relief sought by Representative Policyholders;

---

[1] The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

     (c)      Representative Policyholders' claims are typical of the claims of the class insofar as they are all seeking declaratory and other relief and damages from the Insurance Company Defendants for their bad faith conduct and wrongful refusal to pay Policyholders' insurance claims; and

     (d)      Representative Policyholders will fairly and adequately represent the interests of the class. The class representatives herein are represented by skilled attorneys who are experienced in the handling of class action and large-scale insurance litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class.

**ANSWER:**

     (a)      To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(a) contains factual allegations requiring a response, Hanover denies that this case is appropriate for class certification and lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

     (b)      To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(b) contains factual allegations requiring a response, Hanover denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

     (c)      To the extent that Paragraph 24(c) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(c) contains factual allegations requiring a response, Hanover denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(c) as to Hanover.  To the extent that Paragraph 24(c) contains factual allegations requiring a response as to other Insurance Company Defendants, Hanover is

without knowledge or information sufficient to form a belief as to the truth of

such allegations and on that basis denies those allegations.

(d)     To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls

for a legal conclusion, it requires no response.  To the extent that Paragraph 24(d)

contains factual allegations regarding Plaintiffs' attorneys, Hanover is without

knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 24(d) and on that basis denies those

allegations.  To the extent that Paragraph 24(d) contains other factual allegations

requiring a response, Hanover denies that this case is appropriate for class

certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph

24.

25.

The Policyholders' Class, for purposes of relief sought by this action, is defined as all
owners in the Parishes of Orleans, St. Bernard, and Jefferson, State of Louisiana, who own
immovable property with improvements, principally houses or related residential structures, as
well as personal property located there, which was destroyed or damaged by winds generated by
Hurricane Katrina in excess of their respective policy deductibles and not reimbursed by their
insurance companies, but excluding members of the judiciary, their administrative staff and any
other personnel who may cause a member of the Louisiana bench to be unable to preside over
this action.

**ANSWER:** Hanover denies that this case is appropriate for class certification and denies any

remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

**Policyholders' Purchase Of The Policies**

26.

Policyholders are owners of immovable property with improvements, principally houses
or related residential structures, as well as personal property located there, with such property
being located in the Parishes of Orleans, St. Bernard, and Jefferson, State of Louisiana.

13

**ANSWER:** Hanover admits that in August 2005, New Orleans Flooring Supply, Inc. owned property in the Parish of Orleans.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 26.

27.

Each Policyholder purchased a homeowner's insurance policy (the "All Risk Policy" or "All Risk Policies") from one of the Insurance Company Defendants.

**ANSWER:** Hanover admits that New Orleans Flooring Supply, Inc. had a commercial property insurance policy with an effective period of February 9, 2005 to February 9, 2006 but denies that New Orleans Flooring Supply, Inc. directly purchased its commercial property insurance policy from Hanover and that New Orleans Flooring Supply, Inc. purchased any type of homeowners policy from Hanover.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other insurers in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations.

28.

Plaintiffs purchased their policy with the reasonable expectation that they would be able to recover for any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and "storm surge" proximately caused by hurricane wind.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended and Restated Complaint concerning plaintiffs' subjective beliefs and on that basis denies those allegations.  Hanover denies each and every remaining allegation in Paragraph 28.

29.

For the purpose of obtaining such hurricane coverage, some policyholders had to agree to pay a "hurricane deductible".

**ANSWER:** New Orleans Flooring Supply, Inc.'s commercial property insurance policy, with an effective period of February 9, 2005 to February 9, 2006, is in writing and speaks for itself. Hanover denies that New Orleans Flooring Supply, Inc. had to agree to pay a "hurricane deductible."  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint and on that basis denies those allegations.

30.

However, notwithstanding the specific topographic townsite of the Greater New Orleans Metropolitan Area specifically known to the Insurance Company Defendants, notwithstanding their advanced knowledge about the fragility of the New Orleans area levee systems, and in contrast to other insurance policies available in the market, at no time did they specifically exclude from coverage the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.

**ANSWER:** Hanover denies that it had "advanced knowledge about the fragility of the New Orleans area levee system."  Hanover further denies that its homeowners insurance policies do not exclude coverage for water damage from the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint and on that basis denies those allegations.

31.

Policyholders purchased their respective All Risk Policies either directly from State Farm, Allstate Insurance, Allstate Indemnity, Liberty Mutual or other similarly situated Insurance Company Defendants, each of whom sells its policies directly to policyholders, or from agents authorized by the Insurance Company Defendants to sell insurance as agents on their behalf.

15

**ANSWER:** Hanover denies that it sold homeowner's policies to homeowners in Louisiana either directly or through Hanover agents.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 as to other Insurance Company Defendants and on that basis denies those allegations.

32.

Plaintiffs trusted and relied upon State Farm, Allstate Insurance, Allstate Indemnity, Liberty Mutual or other similarly situated Insurance Company Defendants representations that the subject policy would cover any damage caused by a hurricane and, thus, reasonably believed that their respective Insurance Policy would cover any and all hurricane damage.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent they refer to Plaintiffs' subjective beliefs and to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 32.

33.

The amount of insurance varied for each Policyholder based on the estimated cost of replacing the home, an amount estimated by the Insurance Company Defendants or an agent authorized by them to determine the replacement cost of each individual home.

**ANSWER:** Hanover denies that it issued the insured in this case, New Orleans Flooring Supply, Inc., a homeowners policy.  Hanover admits that insurance policy limits are related to the estimated cost of replacing the insured property, but denies that Hanover unilaterally estimates the value.  Hanover further admits that the amount of insurance varies by Hanover policyholders. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning other insurers contained in Paragraph 33 of the Amended and Restated Complaint and on that basis denies those allegations.

16

34.

At all times relevant hereto, Policyholders made timely payment of the premiums due on their respective All Risk Policies.

**ANSWER:** Hanover admits that timely premium payments were made for the Hanover policy

issued to New Orleans Flooring Supply, Inc. with an effective period of February 9, 2005 to

February 9, 2006.  Hanover is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 34 of the Amended and Restated

Complaint and on that basis denies those allegations.

## Insurance Company Defendants Fail To Advise Policyholders Regarding The Availability Of Flood Insurance

35.

In 1956 Congress enacted the Federal Flood Insurance Act. The National Flood Insurance Act, as amended in 1968, is now the seminal authority for the current National Flood Insurance Program ("NFEP"). Congress created the NFIP to provide insurance coverage for property located in floodplain areas where the risk of certain natural or seasonal flooding is increased.

**ANSWER:** Hanover admits that Congress enacted the Federal Flood Insurance Act in 1956.

Hanover further admits that Congress passed the National Flood Insurance Act in 1968 and

created the National Flood Insurance Program ("NFIP").  Hanover states that the statutes and

regulations that comprise the NFIP are in writing and speak for themselves.  Except as expressly

admitted, Hanover denies each and every remaining allegation in Paragraph 35 of the Amended

and Restated Complaint.

36.

The NFIP provides a minimum level of insurance for the peril of natural or seasonal flooding with a cap of $250,000 per property. 42 U.S.C. § 4121(a)(1).

**ANSWER:** Hanover admits that the NFIP provides up to $250,000 of coverage per residential

property to cover the peril of flooding.  42 U.S.C. § 4013(b)(2).  Except as expressly admitted,

Hanover denies each and every remaining allegation in Paragraph 36 of the Amended and

Restated Complaint.

37.

Since the inception of the NAP, the insurance industry has been willing to sell insurance in excess to the minimal level of coverage provided by the NFIP. Thus, the availability of additional flood insurance was known to and sold by the Insurance Company Defendants at the time they sold their respective All Risk Policies to Policyholders.

**ANSWER:** Hanover admits that some private insurers sell flood insurance coverage in excess of

the coverage provided under the NFIP.  Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated

Complaint as to other Insurance Company Defendants and on that basis denies those allegations.

Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph

37.

38.

Despite this knowledge, at no time prior to August 29, 2005 did any of the Insurance Company Defendants, particularly State Farm, Allstate Indemnity, Allstate Insurance or Liberty Mutual, advise Policyholders that - contrary to their representations - their true intent was not to cover damage or loss caused by hurricanes that may involve damage, in part, from water beyond the NFIP limit, and that their homes may accordingly be grossly underinsured, or that additional coverage could be purchased excess of the NFIP limit.

**ANSWER:** Hanover denies the allegations of Paragraph 38 of the Amended and Restated

Complaint as to Hanover.  Hanover is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company

Defendants and on that basis denies those allegations.

39.

In addition, many Policyholders have not at all been advised on the availability of flood insurance under the NFIP by the Insurance Company Defendants.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 39 of the Amended and Restated Complaint and

on that basis denies those allegations.

## Hurricane Katrina Damages Policyholders' Property

### 40.

At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Grande Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a shod time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 am.

**ANSWER:** Hanover admits that Hurricane Katrina made landfall in southeastern Louisiana on

August 29, 2005.  Hanover is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated

Complaint and on that basis denies those allegations.

### 41.

At 8:00 am. on August 29, there was water on both sides of the Industrial Canal in New Orleans, and by 9 am. there was six to eight feet of water in the City's Lower Ninth Ward.

**ANSWER:** Hanover admits that there was water on both sides of the Industrial Canal in New

Orleans and in the City's Lower Ninth Ward on August 29, 2005.  Hanover is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies

those allegations.

### 42.

At 2:00 p.m. on August 29, New Orleans officials publicly confirmed the reason for the water accumulating in the Lower Ninth Ward was a breach in the industrial Canal levee wail, a breach which was reported to be two city blacks wide.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

43.

Other significant breaches in the New Orleans area levee systems occurred on or after August 29, 2005 which similarly caused releases of water into the City and adjoining parishes. In all, the levees around the City and adjoining parishes failed in at least eight (8) distinct locations, including the 17th Street, London Avenue and Industrial Canals, causing distinct and unique harm to different sections of the City and the surrounding parishes.

**ANSWER:** Hanover admits that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

44.

Policyholders' sustained damage to their property as a result of the catastrophic events of August 29, 2005 and the following days, said catastrophic events being precipitated by Hurricane Katrina, a category 4 storm with sustained winds of 145 miles per hour.

**ANSWER:** Hanover admits that New Orleans Flooring Supply, Inc. filed an insurance claim with Hanover asserting the insured property was damaged on or about August 29, 2005. Hanover further admits that the property covered by the policy issued to New Orleans Flooring Supply, Inc. had incurred some wind and flood damage.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

45.

In the aftermath of the storm, it was estimated that approximately 80% of Orleans Parish was under water, and that losses from the hurricane are estimated to be as high as $200 billion.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

46.

Recent engineering reports have stated that vast amounts of the water that entered the City of New Orleans and the surrounding parishes came about as the result of levee failures caused by negligent design, negligent maintenance and/or inadequate materials and not by topping of the levees.

**ANSWER:** Hanover acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.  Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

47.

Moreover, in its April 6, 2006, edition, The Times Picayune reported that Lt. Gen. Carl Strock, the Chief of the Army Corps of Engineers, told a Senate committee that the Corps neglected to consider the possibility that the levee walls atop the 17th Street Canal levee would lurch away from their footings under significant water pressure and eat away at the earthen barriers below. The levees simply failed to work the way they were supposed to work.

**ANSWER:** Hanover acknowledges that *The Times Picayune* contained an article on April 6, 2005, that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself.  Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

21

48.

Congressional investigators, experts, and some Army Corps of Engineers officers have also suggested that the failure of the levees might have been caused by leaks in the barriers based upon poor construction and/or maintenance of the levee.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

49.

In addition, it was learned that the levee breach of the Industrial Canal to the Lower Ninth Ward side was caused by an inadequately moored barge that crashed into the levee wall, rupturing the levee and compromising its ability to hold water back.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

50.

As a result, Policyholders aver, upon information and belief, that any damages attributable to the levee failures are the result of improper and/or negligent design, construction, maintenance of the levees by various third parties and or third party negligence.

**ANSWER:** To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Hanover denies the allegations.

## COUNT I - DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

51.

Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** In response to Paragraph 51 of the Amended and Restated Complaint, Hanover

incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.

An actual controversy exists between Policyholders and the Insurance Company
Defendants concerning the Insurance Company Defendants' duty to indemnify Policyholders for
their losses.

**ANSWER:** To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual

allegations requiring a response, Hanover denies that it has not properly addressed New Orleans

Flooring Supply, Inc.'s coverage claim.  To the extent that Paragraph 52 contains other factual

allegations requiring a response, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis

denies those allegations.

53.

Consequently, under the circumstances, it is necessary and appropriate for the Court to
declare Policyholders' and Insurance Company Defendants' rights and duties under the Policies
pursuant to 28 U.S.G. § 2201.

**ANSWER:** To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual

allegations requiring a response as to Hanover and New Orleans Flooring Supply, Inc., Hanover

denies the allegations.  To the extent that Paragraph 53 contains other factual allegations

requiring a response, Hanover is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those

allegations.

54.

The losses suffered by Policyholders as a result of Hurricane Katrina are covered losses under their respective All Risk Policies.

**ANSWER:** To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Hanover admits that New Orleans Flooring Supply, Inc. submitted a claim to Hanover for damages incurred on or about August 29, 2005, and that Hanover has offered payment for the covered wind damage losses under New Orleans Flooring Supply, Inc.'s Hanover commercial property policy.  Except as expressly admitted, Hanover denies each and every remaining allegation in Paragraph 54 as to New Orleans Flooring Supply, Inc.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.

Policyholders have given timely notification to the Insurance Company Defendants and made timely demands in writing that the Insurance Company Defendants cover Policyholders' losses.

**ANSWER:** Hanover admits that New Orleans Flooring Supply, Inc. provided timely notification to Hanover of claimed covered wind damage losses under the policy with an effective period of February 9, 2005 to February 9, 2006.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55  of the Amended and Restated Complaint and on that basis denies those allegations.

56.

The Insurance Company Defendants are obligated by the terms and conditions of their All Risk Policies to indemnify Policyholders for their losses.

24

**ANSWER:** To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 56 contains factual

allegations requiring a response, Hanover states that New Orleans Flooring Supply, Inc.'s

insurance policy with an effective period of February 9, 2005 to February 9, 2006, is in writing

and speaks for itself and requires only that Hanover pay for covered losses under the terms,

conditions, and exclusions of the policy.  To the extent that Paragraph 56 contains other factual

allegations requiring a response, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis

denies those allegations.

57.

The Insurance Company Defendants have refused to indemnify Policyholders for their
losses and have denied coverage for the losses.

**ANSWER:** Hanover denies Paragraph 57 of the Amended and Restated Complaint as to New

Orleans Flooring Supply, Inc. and states that it offered to indemnify New Orleans Flooring

Supply, Inc. for covered losses arising from Hurricane Katrina in accordance with the terms of

the policy with an effective period of February 9, 2005 to February 9, 2006.  Hanover admits it

did not pay damages not covered by the policy.  Hanover is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57

of the Amended and Restated Complaint and on that basis denies those allegations.

58.

Thus, Policyholders are entitled to a declaratory judgment that the damages they suffered
are covered losses under the All Risk Policies.

**ANSWER:** To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 58 contains factual

allegations requiring a response and refers to Hanover, Hanover denies each and every allegation

in Paragraph 58.  Hanover is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on

that basis denies those allegations.

59.

Specifically, the Policyholders' losses were caused by covered perils, the efficient causes
of their losses were covered perils and the efficient and proximate causes of loss were covered
perils.

**ANSWER:** To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 59 contains factual

allegations requiring a response, Hanover denies the allegations to the extent New Orleans

Flooring Supply, Inc. claims coverage for losses not covered by the policy, which document

speaks for itself as to the terms, conditions, and exclusions of coverage.  To the extent that

Paragraph 59 contains other factual allegations requiring a response, Hanover is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 59 and on that basis denies those allegations.

60.

Further, to give the "flood" exclusions a broad reading and thus disallow the coverage for
the damages arising from this catastrophic disaster, which occurred despite the vast and
expansive levees existing in the greater New Orleans area, would contravene the very purpose of
homeowner's policies.

**ANSWER:** To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 60 contains factual

allegations requiring a response, Hanover states that New Orleans Flooring Supply, Inc.'s

insurance policy with an effective period of February 9, 2005 to February 9, 2006, is in writing

and speaks for itself.  To the extent that Paragraph 60 contains other factual allegations requiring

a response, Hanover denies each and every remaining allegation in Paragraph 60.

61.

The reasonable expectations of Louisiana policyholders is that "flood" encompasses overflowing of the Mississippi River, accumulation of surface water due to heavy rainfalls, or similar phenomena, but not the failing of virtually all man-made structures containing Navigable Waters of the United States surrounding the New Orleans Metropolitan Area due to negligent conduct beyond the policyholders' control.

**ANSWER:** Hanover denies each and every allegation in Paragraph 61 of the Amended and

Restated Complaint.

62.

Finally, Policyholders should not be deprived of the coverage of the All Risk Policies where the Insurance Company Defendants have drafted vague, ambiguous and unclear limitations on coverage, thereby violating the rule that exclusions must be clearly and explicitly drafted. If so intended, and in contrast to other insurance policies available in the market, Insurance Company Defendants should have specifically excluded hurricane damage and/or the failure of Levees as the most probable perils for the New Orleans Metropolitan Area. Instead, Insurance Company Defendants decided to sell the same comprehensive All-Risk Homeowners Insurance Policies that they sell in the "high and dry" plains throughout the United States.

**ANSWER:** To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 62 contains factual

allegations requiring a response and refers to Hanover, Hanover denies each and every allegation

in Paragraph 62.  To the extent that Paragraph 62 contains other factual allegations requiring a

response and refers to other Insurance Company Defendants, Hanover is without knowledge or

information sufficient to form a belief as to the truth of such allegations and on that basis denies

them.

63.

While the Insurance Company Defendants may continue to make investment income during the course of any protracted legal proceedings, Policyholders, on the other hand, have little recourse but to sit idly by awaiting a decision, all the while being unable to begin reconstruction or renovation of their homes until they have the money to pay contractors.

**ANSWER:** Hanover admits that any investments that it makes may earn income.  Hanover is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis

denies those allegations.

64.

As a result, without resolution of this issue by declaratory judgment, Policyholders, in most instances, will be unable to remedy the damages they fully expected were covered by their All Risk Policies.

**ANSWER:** Hanover is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and

on that basis denies those allegations.

WHEREFORE, Policyholders respectfully request that this Court enter a declaratory

judgment in their favor and against the Insurance Company Defendants as to Count I, ordering

and decreeing that:

(1)     The first efficient proximate cause of the losses suffered by the Policyholders on August 29, 2005 was "windstorm," a covered peril under all of the insurance policies purchased by the Policyholders, thereby rendering any subsequent impact from water released by the levee and/or levee wall failures irrelevant to coverage afforded by the insurance policies;

(2)     The second efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 from the breaches in the levees and levee walls along the 17th Street Canal, London Avenue Canal, Industrial Canal, and elsewhere were acts of negligence, standard covered perils in the Insurance Company Defendants' homeowners insurance policies;

    (3)      The third efficient proximate cause of the losses resulting from water entering the City of New Orleans and adjoining parishes on August 29, 2005 was "storm surge", a known meteorological phenomenon that is not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market, thereby rendering any damage caused by "storm surge" and resulting water pressure covered under the policies;

    (4)      The breaking or failure of boundaries of lakes, reservoirs, rivers, streams, or other bodies of water was a peril not specifically excluded by any of the Insurance Company Defendants' insurance policies, in contrast to other insurance policies available in the market; and

    (5)      The damage caused by water entering the City of New Orleans and adjoining parishes from Hurricane Katrina beginning on August 29, 2005, due to the breaches in the levees and levee walls along the 17'" Street Canal, London Avenue Canal, Industrial Canal, and elsewhere neither falls within the regular definition of "flood," nor within any of the subject insurance policies' exclusions of hood".

**ANSWER:** With regard to the prayer for relief, Hanover denies that Plaintiffs have any basis for judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that Hanover be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
## v. All Insurance Company Defendants

65.

Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** In response to Paragraph 65 of the Amended and Restated Complaint, Hanover incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.

Valid contracts exist between Policyholders and the Insurance Company Defendants in the form of the individual All Risk Policies, which, *inter alia*, obligate the Insurance Company Defendants to cover the loss of or damage to a dwelling and personal property therein which is caused by wind or windstorms, storm surge, or acts of negligence.

**ANSWER:** To the extent that Paragraph 66 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 66 contains factual allegations requiring a response, Hanover admits that New Orleans Flooring Supply, Inc. had a Hanover commercial property insurance policy with an effective period of February 9, 2005 to February 9, 2006.  Hanover states that New Orleans Flooring Supply, Inc.'s commercial property insurance policy is in writing and the terms, conditions, and exclusions of said policy speak for themselves.  Hanover denies each and every remaining allegation in Paragraph 66.  To the extent that Paragraph 66 contains factual allegations as to other carriers requiring a response, Hanover is without knowledge or information sufficient to form a belief as to the truth of such remaining allegations and on that basis denies them.

67.

Policyholders paid all premiums due under their All Risk Policies and materially performed their obligations under those Policies.

**ANSWER:** Hanover admits that New Orleans Flooring Supply, Inc. paid all premiums due under the Hanover policy with an effective period of February 9, 2005 to February 9, 2006.  Hanover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Amended and Restated Complaint and on that basis denies those allegations.

68.

Upon proper and repeated demands by Policyholders, the Insurance Company Defendants have refused to meet their obligations under the All Risk Policies and refused to pay the full damages for Policyholders' homes being destroyed or damaged by the efficient proximate cause of windstorms, storm surge and/or negligence.

**ANSWER:** To the extent that Paragraph 68 of the Amended and Restated Complaint refers to Hanover, Hanover denies the allegations.  Hanover is without knowledge or information

30

sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to other Insurance

Company Defendants and on that basis denies those allegations.

69.

As a direct and proximate result of the breaches by the Insurance Company Defendants, Policyholders were deprived of the benefit of insurance coverage for which the Insurance Company Defendants were paid substantial premiums and, accordingly, Policyholders have suffered substantial damages.

**ANSWER:** To the extent that Paragraph 69 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 69 contains factual

allegations requiring a response and refers to Hanover, Hanover denies each and every allegation

in Paragraph 69.  To the extent that Paragraph 69 contains other factual allegations requiring a

response and refers to other Insurance Company Defendants, Hanover is without knowledge or

information sufficient to form a belief as to the truth of such allegations and on that basis denies

them.

WHEREFORE, Policyholders demand judgment against the Insurance Company Defendants for all amounts due under the All Risk Policies, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

**ANSWER:**  With regard to the prayer for relief, Hanover denies that Plaintiffs have any basis

for judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that

Hanover be awarded costs of court and such other relief as is just.

## COUNT Ill - BREACH Of THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants

70.

Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** In response to Paragraph 70 of the Amended and Restated Complaint, Hanover

incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.

By selling their All Risk Policies to Policyholders, the Insurance Company Defendants
assumed a duty of good faith and fair dealing to the Policyholders, including an obligation to
promptly indemnify Policyholders for their losses.

**ANSWER:** To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual

allegations requiring a response and refers to Hanover, Hanover denies each and every allegation

and states further that it does not sell policies directly to policyholders.  To the extent that

Paragraph 71 contains other factual allegations requiring a response and refers to other Insurance

Company Defendants, Hanover is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 71 as to other Insurance Company Defendants and

on that basis denies those allegations.

72.

The Insurance Company Defendants have failed to follow Louisiana's long-standing
efficient proximate cause doctrine and have instead adopted an industry-wide approach to
denying valid claims for inappropriate reasons.

**ANSWER:** To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual

allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the

extent that Paragraph 72 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 72 as to other Insurance Company

Defendants and on that basis denies those allegations.

73.

The Insurance Company Defendants have also failed to provide coverage for Policyholders' losses and instead have attempted to equate the efficient proximate cause of windstorm and the negligent design, construction and maintenance of the levees in the New Orleans area and/or third party negligence which caused Policyholders' losses with flooding in an effort to exclude coverage.

**ANSWER:** To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

74.

The Insurance Company Defendants have also wrongfully denied coverage for claims by equating "storm surge" with flood, thereby improperly expanding the flood exclusion and defeating the reasonable expectation of Louisiana policy holders.

**ANSWER:** To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.

Moreover, the Insurance Company Defendants directed their adjusters to follow specific "guidelines" whereby the adjusters would arbitrarily, capriciously and without probable cause, find a nearby waterline and apply it to Policyholders' property in order to deny full payment of Policyholders' claims.

**ANSWER:** To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Hanover, Hanover denies the allegations. To the extent that Paragraph 75 refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

76.

The Insurance Company Defendants further directed their adjusters to ignore all other information and evidence and, instead, to use only the procedure and guidelines mandated by them, specifically, the arbitrary application of any nearby waterline to Policyholders' property.

**ANSWER:** To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Hanover, Hanover denies the allegations. To the extent that Paragraph 76 refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

77.

In directing their adjusters to ignore any information or evidence other than the arbitrary and capricious application of any nearby waterline, the Insurance Company Defendants violated La. Rev. Stet. Ann. § 658.2(A)(1) which provides that "[n]o insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy."

**ANSWER:** To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Further, Louisiana Revised Statute § 22:658.2(A)(1) is

34

in writing and speaks for itself.  To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 77 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.

By engaging in all of the conduct above, the Insurance Company Defendants lack an arguable or legitimate basis for refusing to pay the Policyholders' claims.

**ANSWER:** To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

79.

By engaging in the conduct described above, the insurance Company Defendants have violated the duties of good faith and fair dealing owed to Policyholders.

**ANSWER:** To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

80.

As a direct and proximate result of the Insurance Company Defendants' bad faith actions, Policyholders have suffered, and will continue to suffer, substantial damages.

**ANSWER:** To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.

Moreover, by engaging in the conduct above, the Insurance Company Defendants' persistent and systematic actions and failures to act were done with malice and gross negligence and with a disregard for Policyholders' rights so as to warrant the imposition of punitive damages against the Insurance Company Defendants.

**ANSWER:** To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

WHEREFORE, Policyholders demand judgment against the Insurance Company Defendants for all amounts due under the Policies, other compensatory damages, punitive damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

**ANSWER:**  With regard to the prayer for relief, Hanover  denies that Plaintiffs have any basis

for judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that

Hanover be awarded costs of court and such other relief as is just.

## COUNT IV - BREACH OF LA. REV. STAT. ANN. § 22:1220
## (Insurance Bad Faith) v. All Insurance Company Defendants

82.

Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** In response to Paragraph 82 of the Amended and Restated Complaint, Hanover

incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.

Pursuant to La. Rev. Stat. Ann. § 22:1220A, the Insurance Company Defendants owe Policyholders a "duty of good faith and fair dealing" as well as a duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims" with Policyholders.

**ANSWER:** With respect to Paragraph 83 of the Amended and Restated Complaint, Hanover

states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.  To the

extent that the allegations in Paragraph 83 purport to characterize or summarize the statute,

Hanover denies the allegations in Paragraph 83.

84.

La. Rev. Stat. Ann. § 22:1220B prohibits the Insurance Company Defendants from, *inter alia,* "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" and "[t]ailing to pay the amount of any claim . . . when such failure is arbitrary, capricious or without probable cause."

**ANSWER:** With respect to Paragraph 84 of the Amended and Restated Complaint, Hanover

states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.  To the

extent that the allegations in Paragraph 84 purport to characterize or summarize the statute,

Hanover denies the allegations in Paragraph 84.

85.

The Insurance Company Defendants have misrepresented the coverage afforded by the
All Risk Policy provisions by wrongfully and without a legitimate basis seeking to have the
"flood" exclusions given a broad reading in an effort to disallow coverage for the damages
arising from Hurricane Katrina.

**ANSWER:** To the extent that Paragraph 85 of the Amended and Restated Complaint refers to

Hanover, Hanover denies the allegations.  To the extent that Paragraph 85 refers to other

Insurance Company Defendants, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those

allegations.

86.

The Insurance Company Defendants have failed to follow Louisiana's long-standing
efficient proximate cause doctrine and have instead adopted an industry-wide approach to
denying valid claims for inappropriate reasons without probable cause.

**ANSWER:** To the extent that Paragraph 86 of the Amended and Restated Complaint refers to

Hanover, Hanover denies the allegations.  To the extent that Paragraph 86 refers to other

Insurance Company Defendants, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those

allegations.

87.

Specifically, the Insurance Company Defendants have failed to provide coverage for
Policyholders' losses and, instead, have attempted to equate the efficient cause of windstorm and

the negligent design, construction and maintenance of the levees in New Orleans which caused Policyholders' losses with flooding in an effort to exclude coverage and/or third party negligence.

**ANSWER:** To the extent that Paragraph 87 of the Amended and Restated Complaint refers to

Hanover, Hanover denies the allegations.  To the extent that Paragraph 87 refers to other

Insurance Company Defendants, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those

allegations.

88.

The Insurance Company Defendants have also wrongfully denied coverage for claims by equating "storm surge" with flood, thereby improperly expanding the flood exclusion and defeating the reasonable expectation of Louisiana policy holders.

**ANSWER:** To the extent that Paragraph 88 of the Amended and Restated Complaint refers to

Hanover, Hanover denies the allegations.  To the extent that Paragraph 88 refers to other

Insurance Company Defendants, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those

allegations.

89.

As such, the Insurance Company Defendants have breached known duties through a motive of self interest and/or ill will without having a reasonable basis to deny these claims, instead denying claims in an arbitrary and capricious manner and without probable cause.

**ANSWER:** To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 89 contains factual

allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the

extent that Paragraph 89 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

90.

Moreover, pursuant to a recent enactment of the Legislature of Louisiana, an insurance company acts in bad faith when it fails "to pay claims pursuant to R.S. 22:658.2 [and] such failure is arbitrary, capricious, or without probable cause." La. Rev. Stat. Ann. § 22:1220A.

**ANSWER:** To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Hanover states that the statutes referred to in Paragraph 90 are in writing and speak for themselves.  To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

91.

In directing their adjusters to consider only nearby waterlines and to ignore all other evidence in determining whether Policyholders' losses are covered under the All Risk Policies, the Insurance Company Defendants violated La. Rev. Stat. Ann. § 658.2.A(1), which provides that "(n)o insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy."

**ANSWER:** To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  The statute referred to in Paragraph 91 is in writing and speaks for itself.  To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company

Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.

By engaging in all of the above conduct, Insurance Company Defendants have engaged in bad faith conduct in violation of La. Rev. Stat. Ann. § 22:1220.

**ANSWER:** To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

WHEREFORE, Policyholders demand judgment against the Insurance Company Defendants for all compensatory damages including all amounts due under the Policies, other compensatory damages, plus interest on that amount, costs of suit, attorneys' fees incurred in pursuing payment of the loss, consequential damages, punitive damages, and such other relief deemed just and proper by the Court.

**ANSWER:** With regard to the prayer for relief, Hanover denies that Plaintiffs have any basis for judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that Hanover be awarded costs of court and such other relief as is just.

**COUNT V - BREACH OF FIDUCIARY DUTY**
**v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other Similarly Situated Insurance Company Defendants**

93.

Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**ANSWER:** In response to Paragraph 93 of the Amended and Restated Complaint, Hanover

incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.

Defendants State Farm, Allstate Indemnity, Allstate and Liberty Mutual and other
similarly situated Insurance Company Defendants sell their homeowners insurance policies
directly to their customers, including Policyholders and, in that respect, function in the capacity
of insurance brokers or agents.

**ANSWER:** To the extent that Paragraph 94 of the Amended and Restated Complaint refers to

Hanover, Hanover denies the allegations.  To the extent that Paragraph 94 refers to other

Insurance Company Defendants, Hanover is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those

allegations.

95.

By directly marketing and selling their Policies to Policyholders, Defendants State Farm,
Allstate Indemnity, Allstate, Liberty Mutual and other similarly situated Insurance Company
Defendants owe those Policyholders who purchased All Risk Policies from them a fiduciary duty
of undivided loyalty, due care, and fidelity.

**ANSWER:** To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a

legal conclusion, it requires no response.  To the extent that Paragraph 95 contains factual

allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the

extent that Paragraph 95 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those

allegations.

96.

State Farm, Allstate Indemnity, Allstate, Liberty Mutual and other similarly situated Insurance Company Defendants owed Policyholders a fiduciary duty to perform their responsibilities as insurance brokers and/or agents with good faith and appropriate skill in Policyholders' best interests and with heightened care, fidelity, diligence and full disclosure required of a fiduciary.

**ANSWER:** To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.

Among other things, insurance brokers and/or agents are obligated to provide advice and assistance to policyholders so that risks to which they are exposed are adequately insured, or at a minimum, provide them with adequate opportunity and advice to make a decision as to what coverage to purchase.

**ANSWER:** To the extent that Paragraph 97 of the Amended and Restated Complaint refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 97 refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.

At no time relevant hereto did any of the Insurance Company Defendants, particularly State Farm, Allstate Indemnity, Allstate or Liberty Mutual, advise or suggest to Policyholders that - contrary to their representations - their true intent was not to cover damage or loss caused by hurricanes that may involve damage, in part, from water beyond the NFIP limit, and that their

43

homes may accordingly be grossly underinsured, or that additional coverage could be purchased excess of the NFIP limit.

**ANSWER:** To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 98 refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.

By failing to advise Policyholders of the availability of flood insurance, Defendants State Farm, Allstate indemnity, Allstate, Liberty Mutual and other similarly situated Insurance Company Defendants breached their fiduciary duty to act in Policyholders' best interest and with the care and full disclosure required of a fiduciary.

**ANSWER:** To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

100.

The breaches of fiduciary duty by State Farm, Allstate Indemnity, Allstate, Liberty Mutual and other similarly situated Insurance Company Defendants have caused Policyholders substantial damages.

**ANSWER:** To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Hanover, Hanover denies the allegations.  To the

44

extent that Paragraph 100 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Hanover is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those

allegations.

WHEREFORE, Policyholders demand judgment against State Farm, Allstate Indemnity, Allstate, Liberty Mutual and other similarly situated Insurance Company Defendants for all amounts due under the Policies, other compensatory damages, punitive damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

**ANSWER:** With regard to the prayer for relief, Hanover denies that Plaintiffs have any basis for

judgment against Hanover and alleges that Plaintiffs shall be denied all relief and that Hanover

be awarded costs of court and such other relief as is just.

*        *        *

Except as expressly admitted, Hanover denies each and every remaining allegation in the

Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO RIGHT OR CAUSE OF ACTION)

All Policyholders who are not insureds of Hanover have no right or cause of action

against Hanover.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to

state a claim upon which relief may be granted.

## THIRD SEPARATE AND ADDITIONAL DEFENSE
### (NO CLASS ACTION)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (IMPROPER JOINDER)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (POLICY TERMS AND CONDITIONS)

The policies issued by Hanover are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full. Hanover asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (WATER DAMAGE exclusion)

Hanover's policies exclude coverage for water damage claims. Additionally, Hanover's policies do not cover a loss resulting from flood. Hanover's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (ORDINANCE OR LAW exclusion)

Hanover's policies exclude coverage for losses caused by ordinance or law.  Hanover's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (WEATHER CONDITIONS exclusion)

Hanover's policies exclude coverage for losses caused by weather conditions that contribute to certain other excluded causes or events, including water damage and ordinance or

46

law.  Lexington's policies are the best evidence of their terms, conditions, coverages, and

exclusions and are pleaded herein as if copied in full.

### NINTH SEPARATE AND ADDITIONAL DEFENSE
### (ACTS OR DECISIONS exclusion)

Hanover's policies exclude coverage for losses caused by acts or decisions, including the

failure to act or decide, of any person, group, organization, or governmental body.  Hanover's

policies are the best evidence of their terms, conditions, coverages, and exclusions and are

pleaded herein as if copied in full.

### TENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAULT, INADEQUACY, OR DEFECT exclusion)

Hanover's policies exclude coverage for losses caused by faulty, inadequate, or defective

design, workmanship, construction, materials, maintenance, and other acts or things identified in

the exclusion's terms.  Hanover's policies are the best evidence of their terms, conditions,

coverages, and exclusions and are pleaded herein as if copied in full.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (FUNGI OR BACTERIA exclusion)

Hanover's policies exclude coverage for losses caused by fungi or bacteria.  Hanover's

policies are the best evidence of their terms, conditions, coverages, and exclusions and are

pleaded herein as if copied in full.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (failure to exhaust contractual remedies)

Policyholders' claims are barred in whole or in part by the failure to exhaust mandatory

contractual remedies.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (assistance and cooperation)

The alleged Hanover policies contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Policyholders breached these provisions, coverage is precluded under the alleged Hanover policy or policies, which are pleaded herein as if copied in full.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (SUFFICIENT PROOF OF LOSS)

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (POLICY LIMITS)

The amount of any recovery by Policyholders is limited by the terms and conditions of the Hanover policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (other insurance)

Hanover's liability, if any, for Policyholders' claims is limited by the other insurance clause in Hanover's policies of insurance, which is pleaded herein as if copied in full.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (SETOFF)

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been compensated for their alleged loss through payment of their claims.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (UNJUST ENRICHMENT)

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Comparative Fault – Third Parties)

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholders and any liability of Hanover, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code art. 2323.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
### (ABSENCE OF REASONABLE RELIANCE)

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Hanover to Policyholders upon which Policyholders could have reasonably or justifiably relied.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO DECLARATORY RELIEF)

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (INAPPLICABILITY OF LA. REV. STAT. §§ 22:1220 & 22:658.2)

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is applicable under the facts of this case, as alleged by Policyholders.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Good Faith)

Without admitting application of the referenced statutory provisions to it, Hanover alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in

compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (No Fiduciary Duty)

Hanover owed no fiduciary duty to Policyholders.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (NO DUTY TO PAY ATTORNEYS' FEES OR OTHER COSTS)

Hanover has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Hanover or any other insurer.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim for Punitive Damages)

Policyholders have failed to state facts sufficient to give rise to a claim against Hanover for punitive damages.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE)

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (preemption)

Policyholders' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
### (Procedural DUE PROCESS)

Policyholders' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE
### (SUBSTANTIVE DUE PROCESS)

Policyholders' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (DUE PROCESS)

To the extent that Hanover's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Hanover liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (PUNITIVE DAMAGES)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
### (EQUITABLE DOCTRINES)

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

Coverage is precluded, in whole or in part, to the extent New Orleans Flooring Supply, Inc.'s claimed losses fall outside the insuring language of the Policy.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists to the extent New Orleans Flooring Supply, Inc.'s claimed losses fall within a Policy deductible.

### THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists to the extent New Orleans Flooring Supply, Inc.'s claimed losses exceed any applicable limit of insurance or time limit specified in the Policy.

### THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists to the extent New Orleans Flooring Supply, Inc.'s claimed losses were not caused by a "Covered Cause of Loss" as specified in the Policy.

### THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists under the Policy's "Business Income" or "Extra Expense" provisions to the extent New Orleans Flooring Supply, Inc.'s claimed losses were incurred outside of the "period of restoration," as that term is defined in the Policy.

### THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists under the Policy's "Extra Expense" provision to the extent that New Orleans Flooring Supply, Inc.'s claimed losses were not necessitated by a direct physical loss of or damage to property at the described premises caused by or resulting from a Covered Cause of Loss, as specified in the Policy.

### FORTIETH SEPARATE AND ADDITIONAL DEFENSE

No coverage exists under the Policy's "Business Income," "Extra Expense," or "Extended Business Income" provisions to the extent that New Orleans Flooring Supply, Inc.'s claimed losses represent windfall profits that might have been earned due to any unfavorable conditions caused by the impact of a covered loss, as specified in said Policy provisions.

### FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

Coverage is precluded, in whole or in part, to the extent New Orleans Flooring Supply, Inc.'s  claimed losses fall within an exclusion and/or limitation to the coverage provided by the Policy.

### FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

Coverage is barred, in whole or in part, to the extent New Orleans Flooring Supply, Inc. seeks to recover losses attributable to the failure of power or other utility service, except as may be provided in the Property Special Broadening Endorsement.

### FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

Coverage is barred, in whole or in part, to the extent New Orleans Flooring Supply, Inc. seeks to recover losses attributable to artificially generated electrical current, except as may be provided in the Property Special Broadening Endorsement.

### FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

Coverage is precluded, in whole or in part, by the following provision in the Policy, or language functionally similar thereto, subject to any terms, conditions, limitations, and/or modifications as may appear in the Property Special Broadening Endorsement:

4.    Special Exclusions

The following provisions apply only to the specified Coverage Forms.

**a.    Business Income (And Extra Expense) Coverage Form, Business Income (Without Extra Expense) Coverage Form, or Extra Expense Coverage Form**

We will not pay for:

(1)    Any loss caused directly or indirectly by the failure of power or other utility service supplied to the described premises, however caused, if the failure occurs outside of a covered building.

But if the failure of power or other utility service results in a Covered Cause of Loss, we will pay for the loss resulting from that Covered Cause of Loss.

(2)    Any loss caused by or resulting from:

(a)    Damage or destruction of "finished stock"; or

(b)    The time required to reproduce "finished stock".

This exclusion does not apply to Extra Expense.

(3)    Any loss caused by or resulting from direct physical loss or damage to radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers.

(4)    Any increase of loss caused by or resulting from:

(a)    Delay in rebuilding, repairing or re-placing the property or resuming "operations", due to interference at the location of the rebuilding, repair or replacement by strikers or other persons; or

       (b)      Suspension, lapse or cancellation of any license, lease or contract. But if the suspension, lapse or cancellation is directly caused by the "suspension" of "operations", we will cover such loss that affects your Business Income during the "period of restoration" and any extension of the "period of restoration" in accordance with the terms of the Extended Business In-come Additional Coverage and the Extended Period Of Indemnity Optional Coverage or any variation of these.

(5)      Any Extra Expense caused by or resulting from suspension, lapse or cancellation of any license, lease or contract beyond the "period of restoration".

(6)      Any other consequential loss.

. . .

## FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

Defendants have no duty to perform under the Policy, in whole or part, unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, of the Policy have been satisfied.  The Policy conditions include, but are not limited to, those detailed in the provisions entitled "Abandonment," "Appraisal," "Duties in the Event of Loss or Damage," "Loss Payment," "Recovered Property," "Vacancy," "Valuation," "Coinsurance," and "Mortgageholders."  To the extent an insured has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, Defendants have no liability under the Policy.

## FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

Defendants have no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy, or conditions functionally similar thereto, have been violated and/or not satisfied:

Duties In The Event Of Loss Or Damage

a.      You must see that the following are done in the event of loss or damage to Covered Property:

. . .

(2)      Give us prompt notice of the loss or damage. Include a description of the property involved.

(3)      As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4)      Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a covered cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the Covered Property aside and in the best possible order for examination.

(5)      At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

(6)      As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)      Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8)      Cooperate with us in the investigation or settlement of the claim.

## FORTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Defendants have no duty to perform under the Policy, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, has been violated and/or not satisfied:

    4.      Loss Payment

. . .

    g.      We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, provided you have complied with all the terms of this policy, and:

        (1)      We have reached agreement with you on the amount of loss; or

        (2)      An appraisal award has been made.

## FORTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Defendants have no duty to perform under the Policy, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, applies:

    **3.**      **CONCEALMENT, MISREPRESENTATION OR FRAUD**

We will not pay for any loss if you or any other Named Insured at any time intentionally conceal or misrepresent a material fact concerning:

    1.      This Coverage Part;

    2.      The "covered property";

    3.      Your interest in the "covered property"; or

    4.      A claim under this Coverage Part.

## <u>FORTY-NINTH SEPARATE AND ADDITIONAL DEFENSE</u>

No coverage exists under the Policy, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, applies:

**4.    OTHER INSURANCE**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a.  Primary Insurance**
This insurance is primary except when **b.** below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in **c.** below.

**b.  Excess Insurance**
This insurance is excess over:
1)  Any of the other insurance, whether primary, excess, contingent, or on any other basis:

a)  That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

b)  That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner.

c)  That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

d)  If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to exclusion **g.** of Section **1** - Coverage **A** - Bodily Injury And Property Damage Liability.

2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

. . .

## FIFTIETH SEPARATE AND ADDITIONAL DEFENSE

New Orleans Flooring Supply, Inc.'s complaint is barred, in whole or in part, to the extent the following condition in the Policy, or a condition functionally similar thereto, has been violated and/or not satisfied:

**4.     LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this insurance unless:

a.     There has been full compliance with all of the terms of this Policy[.]

## FIFTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

New Orleans Flooring Supply, Inc.'s complaint is barred and/or New Orleans Flooring Supply, Inc.'s alleged damages, the fact and extent of which Defendants deny, are reduced to the extent that New Orleans Flooring Supply, Inc.'s alleged damages were the result of the contributory, comparative, or active fault of New Orleans Flooring Supply, Inc. or its agents, employees, attorneys, or representatives.

## FIFTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

New Orleans Flooring Supply, Inc.'s alleged damages, the fact and extent of which Defendants deny, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than

Hanover, for which Hanover is not responsible.  Such intentional conduct, negligence, or fault bars recovery against Defendants or comparatively reduces the percentage of fault, if any, of Defendants.

## FIFTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

New Orleans Flooring Supply, Inc.'s alleged damages, the fact and extent of which Defendants deny, were proximately caused by intervening, superseding, and/or supervening acts or events for which Defendants have no responsibility.

## FIFTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

The claims in New Orleans Flooring Supply, Inc.'s complaint are barred, in whole or in part, to the extent that New Orleans Flooring Supply, Inc. lacks an insurable interest in the Covered Property.

## FIFTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

Coverage is precluded, in whole or in part, by the following language, or language functionally similar thereto, in the Policy:

**C.      LIMITATIONS**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

. . .

c.      The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

   (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

   (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

## FIFTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

Defendants have no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy, or conditions functionally similar thereto, have been violated and/or not satisfied:

  **2.**  **Appraisal**

   If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If there is an appraisal, we will still retain our right to deny the claim.

## FIFTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

1. Coinsurance

   If a Coinsurance percentage is shown in the Declarations, the following condition applies.

a.   We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

(1)   Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2)   Divide the Limit of Insurance of the property by the figure determined in Step (1);

(3)   Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and

(3)   Subtract the deductible from the figure determined in Step (3).

We will pay the amount determined in Step (4) or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

## FIFTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Hanover reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Hanover also hereby incorporates by reference any additional defenses raised by other defendants to this action.

WHEREFORE, Hanover prays for judgment as follows:

1.   That Policyholders take nothing;

2.   That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.   That Hanover recover its costs of suit;

4.   That Hanover recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully submitted:

**/s/ Seth A. Schmeeckle**
Ralph S. Hubbard III, T.A. La. Bar. # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:      (504) 568-1990
Facsimile:      (504) 310-9195
e-mail:          rhubbard@lawla.com
                 sschmeeckle@lawla.com

And

OF COUNSEL:
KEVIN P. KAMRACZEWSKI
PAUL B. GLAD
ANDREW R. GREENE
**SONNENSCHEIN NATH &
ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Phone: (312) 876-8000
Fax: (312) 876-7934

**Attorneys for The Hanover Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2007 a copy of the foregoing
HANOVER'S  **ANSWER TO THE AMENDED AND RESTATED COMPLAINT** was filed
electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be
sent to:

**All known counsel of record**

by operation of the court's electronic filing system.

s/Seth A. Schmeeckle
Seth A. Schmeeckle, La. Bar No. 27076