UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K"(2) |
| | * | JUDGE DUVAL |
| PERTAINS TO | * | MAG. WILKINSON |
| INSURANCE  *Chehardy,* No. 06-1672 | * | |
| *Chehardy,* No. 06-1673 | * | |
| *Chehardy,* No. 06-1672 | * | |

**************************************

### ANSWER OF THE AMERICAN INSURANCE COMPANY
### TO THE AMENDED AND RESTATED COMPLAINT

Defendant, The American Insurance Company ("The American") answers the plaintiffs'

Amended and Restated Complaint ("Complaint") as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted and thus The American is

entitled to a dismissal.

In answering the particular allegations of the Complaint, defendant avers as follows:

1.      The American admits that certain individuals have instituted this class action but

denies that this matter is appropriately certified as a class action and further denies that the

representative policyholders were all policyholders of The American.  The remaining allegations

contained in paragraph 1 of the Complaint are denied for lack of sufficient information to justify

a belief therein.

2.      The American admits that Gladys Chehardy purchased a policy of insurance from

The American.  The American denies that Ms. Chehardy is entitled to the relief sought herein.

The remaining allegations contained in paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.     To the extent that the allegations contained in paragraph 3 of the Complaint call for a legal conclusion, no response is required on behalf of this defendant.  The American denies that it engaged in any wrongful conduct.  The American denies that Chehardy is entitled to the relief sought. The American denies the remaining allegations contained in paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4.     The American admits that it issued a policy of insurance to Gladys Chehardy, the policy is the best evidence of its terms, conditions and exclusions and the policy is pled as if copied herein *in extenso.*  The remaining allegations contained in paragraph 4 of the Complaint are denied for lack of sufficient information.

5.     The allegations contained in paragraph 5 of the Complaint do not apply to The American and therefore no response is required of this defendant.

6.     The allegations contained in paragraph 6 of the Complaint do not apply to The American and therefore no response is required of this defendant.

7.     The allegations contained in paragraph 7 of the Complaint do not apply to The American and therefore no response is required of this defendant.

8.     The allegations contained in paragraph 8 of the Complaint do not apply to The American and therefore no response is required of this defendant.

9.     The allegations contained in paragraph 9 of the Complaint do not apply to The American and therefore no response is required of this defendant.

10.     The allegations contained in paragraph 10 of the Complaint do not apply to The American and therefore no response is required of this defendant.

11.     The allegations contained in paragraph 11 of the Complaint do not apply to The American and therefore no response is required of this defendant. The American admits its status as alleged in paragraph 12 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint do not apply to The American and therefore no response is required of this defendant.

13.     The allegations contained in paragraph 13 of the Complaint do not apply to The American and therefore no response is required of this defendant.

14.     The allegations contained in paragraph 14 of the Complaint do not apply to The American and therefore no response is required of this defendant.

15.     The allegations contained in paragraph 15 of the Complaint do not apply to The American and therefore no response is required of this defendant.

16.     The allegations contained in paragraph 16 of the Complaint do not apply to The American and therefore no response is required of this defendant.

17.     The allegations contained in paragraph 17 of the Complaint do not apply to The American and therefore no response is required of this defendant.

18.     The allegations contained in paragraph 18 of the Complaint do not apply to The American and therefore no response is required of this defendant.

19.     The allegations contained in paragraph 19 of the Complaint do not apply to The American and therefore no response is required of this defendant.

20.     The allegations contained in paragraph 20 of the Complaint require no response from this defendant.

21.     To the extent that paragraph 21 of the Complaint calls for a legal conclusion, no response is required.  The American denies this case is appropriate for class action proceedings,

3

but as pled, the class contains more than 100 members, the aggregate amount in controversy exceeds $5,000,000, and at least one member of the policyholders' class is diverse from at least one of the Insurance Company Defendants.

22.     To the extent that paragraph 22 of the Complaint calls for a legal conclusion, no response is required.  The American admits that this Court has personal jurisdiction over it but denies the remaining allegations contained in paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein.

23.     To the extent that paragraph 23 of the Complaint calls for a legal conclusion, no response is required. The American admits that venue is proper for Chehardy's claims against it and denies the remaining allegations contained in paragraph 23 of the Complaint for lack of sufficient information to justify a belief therein.

24.     To the extent the allegations contained in paragraph 24 of the Complaint call for a legal conclusion, no response is required by this defendant.   Further, The American denies that this matter is appropriate for class certification.  The remaining allegations contained in paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.     The American denies that this matter is appropriate for class certification.  The remaining allegations contained in paragraph 25 of the Complaint do not require a response.

26.     The American admits that Chehardy is an owner of immovable property in the Parish of Orleans and denies the remaining allegations contained in paragraph 26 of the Complaint for lack of sufficient information to justify a belief therein.

27.     The American admits that Chehardy purchased a The American homeowner's insurance policy; the policy itself is the best evidence of its terms, conditions and provisions.

The remaining allegations contained in paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28.     The American denies the allegations contained in paragraph 28 of the Complaint for lack of sufficient information to justify a belief therein.

29.     The American denies the allegations contained in paragraph 29 of the Complaint as written as it applies to The American. The American denies the remaining allegations contained in paragraph 29 for lack of sufficient information to justify a belief therein.

30.     The American denies the allegations contained in paragraph 30 of the Complaint, as it applies to The American.  The American denies the remaining allegations contained in paragraph 30 for lack of sufficient information to justify a belief therein.

31.     The American denies the allegations contained in paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.     The American denies the allegations contained in paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.     The American admits that Chehardy's limits are based n the estimated cost of replacing her home.  The American denies the allegations contained in paragraph 33 of the Complaint for lack of sufficient information to justify a belief therein.

34.     The American admits that Chehardy made timely payment of premiums to The American.  The American denies the remaining allegations contained in paragraph 34 of the Complaint for lack of sufficient information to justify a belief therein.

35.     The American responds that the statutes and regulations that comprise the National Flood Insurance Program ("NFIP") and its legislative history are in writing and speak for themselves.

36.     The American responds that the statutes and regulations that comprise the National Flood Insurance Program ("NFIP") are in writing and speak for themselves.

37.     The American admits that some private insurers sell flood insurance in excess of the coverage provided under the NFIP.  The American denies the remaining allegations contained in paragraph 37 of the Complaint for lack of sufficient information to justify a belief therein.

38.     The American denies the allegations contained in paragraph 38 of the Complaint, as it pertains to The American.  The American denies the remaining allegations contained in paragraph 38 of the Complaint for lack of sufficient information to justify a belief therein.

39.     The American denies the allegations contained in paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.     The American admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005, and denies the remaining allegations contained in paragraph 40 of the Complaint for lack of sufficient information to justify a belief therein.

41.     The American denies the allegations contained in paragraph 41 of the Complaint for lack of sufficient information to justify a belief therein.

42.     The American denies the allegations contained in paragraph 42 of the Complaint for lack of sufficient information to justify a belief therein.

43.     The American denies the allegations contained in paragraph 43 of the Complaint for lack of sufficient information to justify a belief therein.

44.     The American admits that Ms. Chehardy's residence sustained damage as a result of Hurricane Katrina and its aftermath and denies the remaining allegations contained in paragraph 44 of the Complaint for lack of sufficient information to justify a belief therein.

45.     The American denies the allegations contained in paragraph 45 of the Complaint for lack of sufficient information to justify a belief therein.

46.     Any reports opining as to the cause of the flood in the City of New Orleans speak for themselves.  The American denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     The referenced newspaper article speaks for itself and no response is required by The American.

48.     The American denies the allegations contained in paragraph 48 of the Complaint for lack of sufficient information to justify a belief therein.

49.     The American denies the allegations contained in paragraph 49 of the Complaint for lack of sufficient information to justify a belief therein.

50.     To the extent the allegations contained in paragraph 50 of the Complaint call for a legal conclusion, no response is required.  The remaining allegations contained in paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

51.     The American repeats and incorporates its responses to the allegations of the foregoing paragraphs as if copied herein.

52.     To the extent the allegations contained in paragraph 52 of the Complaint call for a legal conclusion, no response is required.  The American states that it has properly handled and addressed Chehardy's coverage claim.  The remaining allegations contained in paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief therein.

53.     The allegations contained in paragraph 53 of the Complaint call for a legal conclusion, and no response is required.

54.     To the extent the allegations contained in paragraph 54 of the Complaint call for a legal conclusion, no response is required.  The American admits that Chehardy sustained some covered damage as a result of Hurricane Katrina and that payment has been made with respect to the covered wind damage losses under the homeowner's policy.  The remaining allegations contained in paragraph 54 of the Complaint are denied as they apply to The American.  The remaining allegations contained in paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.     The American admits that Chehardy provided timely notification to The American of claimed covered wind damage.  The remaining allegations contained in paragraph 55 of the Complaint are denied for lack of sufficient information to justify a belief therein.

56.     The policy of insurance issued to Chehardy speaks for itself and is pled as if copied herein *in extenso*.  The remaining allegations contained in paragraph 56 of the Complaint are denied for lack of sufficient information to justify a belief therein.

57.     The American has indemnified Chehardy for covered wind losses under the policy of insurance, and thus the allegations are denied as they apply to The American.  The remaining allegations contained in paragraph 57 of the Complaint are denied for lack of sufficient information to justify a belief therein.

58.     To the extent that paragraph 58 of the Complaint calls for a legal conclusion, it requires no response.  The American denies Chehardy is entitled to the declarations sought.  The remaining allegations contained in paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief therein.

59.     To the extent that paragraph 59 of the Complaint calls for a legal conclusion, it requires no response.  The American denies that Chehardy is entitled to the declarations sought.

The remaining allegations contained in paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief therein.

60.     To the extent that paragraph 59 of the Complaint calls for a legal conclusion, it requires no response.  The American pleads its policy as if copied herein *in extenso* as it is the best evidence of its provisions.  The American denies that Chehardy is entitled to the declarations sought.  The remaining allegations contained in paragraph 60 of the Complaint are denied for lack of sufficient information to justify a belief therein.

61.     The American denies the allegations contained in paragraph 61 of the Complaint.

62.     To the extent that paragraph 62 of the Complaint calls for a legal conclusion, it requires no response.  The American denies all of the allegations contained in paragraph 62 of the Complaint, as they apply to The American.  The remaining allegations contained in paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief therein.

63.     The American admits that its investments may make income.  The remaining allegations contained in paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief therein.

64.     The American denies the allegations contained in paragraph 63 of the Complaint for lack of sufficient information to justify a belief therein.

With respect to the prayer for relief paragraph in Count I, The American denies that plaintiffs are entitled to the relief sought therein.

65.     In response to paragraph 65 of the Complaint, The American incorporates by reference its answers to paragraphs 1 through 64 inclusive.

9

66.     To the extent that paragraph 66 of the Complaint calls for a legal conclusion, it requires no response.  The American admits that it issued a policy of insurance to Chehardy, which is in writing and speaks for itself and it is pled as if copied herein *in extenso*.  The remaining allegations contained in paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief therein.

67.     The American admits that Chehardy paid all premiums due under the policy and performed her obligations under the policy with respect to her claim for wind damage.  The remaining allegations contained in paragraph 67 of the Complaint are denied for lack of sufficient information to justify a belief therein.

68.     To the extent that paragraph 68 of the Complaint applies to The American, The American denies the allegations contained therein. The American denies the remaining allegations contained in paragraph 68 of the Complaint for lack of sufficient information to justify a belief therein.

69.     To the extent that paragraph 69 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the factual allegations as they apply to The American.  The remaining allegations contained in paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief therein.

With respect to the prayer for relief in Count II, The American denies that the plaintiffs are entitled to the relief sought therein.

70.     In response to paragraph 70 of the Complaint, The American incorporates by reference its answers to paragraphs 1 through 69 inclusive.

71.     To the extent the allegations in paragraph 71 of the Complaint call for a legal conclusion, no response is required. To the extent that paragraph 71 of the Complaint applies to

The American, The American denies that it breached any duty to Chehardy. The remaining allegations contained in paragraph 71 of the Complaint are denied for lack of sufficient information to justify a belief therein.

72.     To the extent that paragraph 72 of the Complaint calls for a legal conclusion, it requires no response.  With respect to The American, the allegations are denied.  The remaining allegations contained in paragraph 72 of the Complaint are denied for lack of sufficient information to justify a belief therein.

73.     To the extent that paragraph 73 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 73 as they apply to The American.  The remaining allegations contained in paragraph 73 of the Complaint are denied for lack of sufficient information to justify a belief therein.

74.     To the extent that paragraph 74 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 74 as they apply to The American.  The remaining allegations contained in paragraph 74 of the Complaint are denied for lack of sufficient information to justify a belief therein.

75.     To the extent that paragraph 75 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 75 as they apply to The American.  The remaining allegations contained in paragraph 75 of the Complaint are denied for lack of sufficient information to justify a belief therein.

76.     To the extent that paragraph 76 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 76 as they apply to The American.  The remaining allegations contained in paragraph 76 of the Complaint are denied for lack of sufficient information to justify a belief therein.

77.     To the extent that paragraph 77 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 77 as they apply to The American.  The remaining allegations contained in paragraph 77 of the Complaint are denied for lack of sufficient information to justify a belief therein.

78.     To the extent that paragraph 78 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 78 as they apply to The American.  The remaining allegations contained in paragraph 78 of the Complaint are denied for lack of sufficient information to justify a belief therein.

79.     To the extent that paragraph 79 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 79 as they apply to The American.  The remaining allegations contained in paragraph 79 of the Complaint are denied for lack of sufficient information to justify a belief therein.

80.     To the extent that paragraph 80 of the Complaint calls for a legal conclusion, it requires no response.  The American denies the allegations contained in paragraph 80 as they apply to The American.  The remaining allegations contained in paragraph 80 of the Complaint are denied for lack of sufficient information to justify a belief therein.

81.     To the extent that paragraph 81 of the Complaint calls for a legal conclusion, it requires no response.  To the extent the allegations apply to The American, The American denies the allegations.  The remaining allegations contained in paragraph 81 of the Complaint are denied for lack of sufficient information to justify a belief therein.

With respect to the prayer for relief in Count III, The American denies that the plaintiffs are entitled to the relief sought therein.

82.     In response to paragraph 82 of the Complaint, The American incorporates by reference its answers to paragraphs 1 through 81 inclusive.

83.     To the extent that paragraph 83 of the Complaint calls for a legal conclusion, it requires no response.  The statute at issue speaks for itself.

84.     To the extent that paragraph 84 of the Complaint calls for a legal conclusion, it requires no response.  The statute at issue speaks for itself.

85.     To the extent that the allegations contained in paragraph 85 of the Complaint refers to The American, The American denies the allegations.  The remaining allegations contained in paragraph 85 of the Complaint for lack of sufficient information to justify a belief therein.

86.     To the extent that the allegations contained in paragraph 86 of the Complaint refers to The American, The American denies the allegations.  The remaining allegations contained in paragraph 86 of the Complaint for lack of sufficient information to justify a belief therein.

87.     To the extent that the allegations contained in paragraph 87 of the Complaint refers to The American, The American denies the allegations.  The remaining allegations contained in paragraph 87 of the Complaint for lack of sufficient information to justify a belief therein.

88.     To the extent that the allegations contained in paragraph 88 of the Complaint refers to The American, The American, The American denies the allegations.  The remaining allegations contained in paragraph 88 of the Complaint for lack of sufficient information to justify a belief therein.

89.     To the extent that the allegations contained in paragraph 89 of the Complaint refers to The American, The American denies the allegations.  The remaining allegations contained in paragraph 89 of the Complaint for lack of sufficient information to justify a belief therein.

90.     To the extent that the allegations contained in paragraph 90 calls for a legal conclusion, no response is required.  Moreover, the statutes at issue are in writing and speak for themselves.  To the extent that there are any factual allegations that apply to The American, those allegations are denied.

91.     To the extent that the allegations contained in paragraph 91 calls for a legal conclusion, no response is required.  Moreover, the statute at issue speaks for itself.  Further, to the extent that the allegations apply to The American, they are denied.  The remaining allegations contained in paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.     To the extent that the allegations contained in paragraph 92 calls for a legal conclusion, no response is required.  To the extent that there are any factual allegations applying to The American, The American denies those allegations.  The remaining allegations contained in paragraph 92 are denied for lack of sufficient information to justify a belief therein.

With respect to the prayer for relief in Count IV, The American denies that the plaintiffs are entitled to the relief sought therein.

93.     In response to paragraph 93 of the Complaint, The American incorporates by reference its answers to paragraphs 1 through 92 inclusive.

94.     The allegations contained in paragraph 94 of the Complaint do not apply to The American as The American does not directly sell its policies to consumers, and thus no response is required by this defendant.

95.     The allegations contained in paragraph 95 of the Complaint do not apply to The American and thus no response is required.

96.     The allegations contained in paragraph 96 of the Complaint do not apply to The American and thus no response is required.

97.     The allegations contained in paragraph 97 of the Complaint do not apply to The American and thus no response is required.

98.     The allegations contained in paragraph 98 of the Complaint do not apply to The American and thus no response is required.

99.     The allegations contained in paragraph 99 of the Complaint do not apply to The American and thus no response is required.

100.    The allegations contained in paragraph 100 of the Complaint do not apply to The American and thus no response is required.

With respect to the prayer for relief in Count V, The American denies that the plaintiffs are entitled to the relief sought therein.

* * *

Except as expressly admitted, The American denies each and every remaining allegation in the Complaint.

And now, in further answering, The American submits the following:

**SECOND DEFENSE**

All policyholders who are not insureds of The American have no cause or right of action against The American.

**THIRD DEFENSE**

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

Defendant asserts that some of the claims herein are preempted by the National Flood Insurance Act and/or other laws of the United States.

**FIFTH DEFENSE**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

**SIXTH DEFENSE**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

The American policy contains provisions regarding assistance and cooperation on behalf of the insured.  To the extent that any of those provisions have been breached, coverage is precluded under The American policy.

**EIGHTH DEFENSE**

Any recoveries allegedly due Plaintiffs herein under policies allegedly issued by Defendant are subject to the express terms, conditions, limitations and exclusions of the policies allegedly at issue.  Defendant avers that the burden of proving the existence of those policies and

the scope of such coverage is on Plaintiffs, and Defendant is not liable to Plaintiffs to the extent

that any alleged policy was not in fact issued by Defendant and/or to the extent Plaintiffs are

unable to prove the existence, delivery, and contents of any alleged policy by clear and

convincing evidence.  To the extent that coverage under any such policy is established, the terms

and conditions of such policy are asserted herein, as if copied *in extenso*.

## NINTH DEFENSE

Any coverage afforded by Defendant's policy is subject to the limits of liability,

aggregates, retrospective premiums, self-insured retentions and/or deductibles contained in the

policy.

## TENTH DEFENSE

Policyholder's claims are barred in whole or in party by the failure to exhaust mandatory

contractual remedies.

## ELEVENTH DEFENSE

The alleged The American policies contain provisions requiring assistance and

cooperation on behalf of the insured.  To the extent that policyholders breached these provisions

coverage is precluded under the alleged The American policy or policies, which are pleaded

herein as if copied in full.

## TWELFTH DEFENSE

Chehardy's claims are barred in whole or in part by the failure to provide sufficient proof

of loss.

## THIRTEENTH DEFENSE

Policyholders' claims are barred in whole or in part to the extent that policyholders have

already been compensated for their alleged loss through payment of their claim.

## FOURTEENTH DEFENSE

Granting the relief sought in the Amended and Reinstated Complaint would unjustly enrich policyholders.

## FIFTEENTH DEFENSE

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures or omissions made by The American to policyholders upon which policyholders could have reasonably or justifiably relief.

## SIXTEENTH DEFENSE

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among policyholders making declaratory relief impossible.

## SEVENTEENTH  DEFENSE

The Chehardy policy contains a water damage exclusion that provides, in pertinent part, as follows:

> We do not cover loss or damage caused directly or indirectly by any of the following.  Such loss or damage is not covered regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> . . .
>
> b.   Water Damage, meaning:
>
>> (1)     flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
>>
>> (2)     water which backs up through sewers or drains or which overflows from a sump; or

     (3)    water or water-borne material below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

     (4)    continuous or repeated seepage or leakage of water or steam from any source over a period of weeks, months or years unless such loss is sudden and accidental.  Sudden and accidental shall include a physical loss that is hidden or concealed for a period of time.  A hidden or concealed loss must be reported to us no later than 30 days after the date appreciable loss or damage occurs and is detected or should have been detected.

Plaintiffs' claims are barred in whole or in part to the extent the water damage exclusion applies.

## <u>EIGHTEENTH DEFENSE</u>

The Chehardy policy contains an exclusion which provides, in pertinent part, as follows:

We do not cover loss or damage caused directly or indirectly by any of the following.  Such loss or damage is not covered regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    a.     Earth Movement;

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion applies.

## <u>NINETEENTH DEFENSE</u>

The Chehardy policy contains an exclusion which provides, in pertinent part, as follows:

We do not cover loss caused by any of the following.  However, any ensuing loss not excluded in this policy is covered.

    a.     weather conditions that contribute in any way with a loss not covered in 1. above; [including earth movement, water damage, neglect or power failure and other specified excluded losses]….

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion applies.

## TWENTIETH DEFENSE

The Chehardy policy contains an exclusion which provides, in pertinent part, that the policy does not cover loss caused by:

*   *   *

b.      acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body;

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion applies.

## TWENTY-FIRST DEFENSE

The Chehardy policy contains an exclusion which provides, in pertinent part, that the policy does not cover loss caused by:

faulty, inadequate or defective:

(1)     planning, zoning, development, surveying, siting;

(2)     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3)     materials used in repair, construction, renovation or remodeling; or

(4)     maintenance

of part or all of any property on or off the residence premises.

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion applies.

**TWENTY-SECOND DEFENSE**

The Chehardy policy contains an exclusion, which provides, in pertinent part that the

policy does not cover loss caused by:

> dampness, dryness or changes in extremes in temperature, whether atmospheric or
> not, including any condensation….

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion

applies.

**TWENTY-THIRD DEFENSE**

The Chehardy policy contains an exclusion and limitations which provides, in pertinent

part, as follows:

> We will not pay for loss or damage arising, in whole or in part, out of,
> resulting from, caused by, or in any related to fungi.  This includes the
> cost to test for, monitor, abate, mitigate or remediate fungi.
>
> If fungi is the result of a cause of loss otherwise covered in this policy, we
> will pay up to policy limits.  However, if the fungi is located on a portion
> of the covered property that did not sustain direct physical damage from
> the covered peril, we will pay up to [a specified dollar amount] on an
> annual aggregate basis for all property damage covered under the
> Dwelling, Other Structures, Personal Property, and Additional Property
> Coverages and related Loss of Use, caused by or resulting from the fungi.
> This includes the cost to test for, monitor, abate, mitigate, or remediate
> fungi.

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusions

and/or limitations apply.

**TWENTY-FOURTH DEFENSE**

The Chehardy policy may contain an exclusion for damage to personal property that

provides, in pertinent part, as follows:

The following Property Losses are not covered.  The cause of loss of:

windstorm or hail does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

Plaintiffs' claims are barred in whole or in part to the extent that the foregoing exclusion applies.

## TWENTY-FIFTH DEFENSE

Plaintiffs who are not policyholders of The American lack standing to pursue any claims against The American.

## TWENTY-SIXTH DEFENSE

The Chehardy policy contains provisions limiting coverage for Loss of Use and Defendant pleads those limitations and policy provisions as if copied herein *in extenso.*

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are or may be barred in whole or in part to the extent that the alleged "property damage" described in the complaint does not arise out of, does not result from or is not caused by an "occurrence" as that term is defined in any policies of insurance allegedly issued by Defendant.  "Occurrence" in the policy is defined as "accidental loss and damage to covered property which occurs during the policy period and is caused by one or more causes of loss we cover."  The policy further states "We will pay for direct physical loss to property described in Dwelling and Other Structures resulting from an occurrence."

## TWENTY-EIGHTH DEFENSE

To the extent that Defendant may have any liability to Plaintiffs pursuant to the policies of insurance allegedly issued by Defendant any such liability may be diminished or eliminated by terms and conditions relating to other insurance and by similar provisions.

## TWENTY-NINTH DEFENSE

Plaintiffs failed to take reasonable steps to mitigate their damages, if any.

## THIRTIETH DEFENSE

Plaintiffs and/or the alleged insureds have failed to perform the obligations, covenants and conditions precedent and subsequent under the policies of insurance allegedly issued by Defendant.

## THIRTY-FIRST DEFENSE

If the Plaintiffs suffered any damages, as alleged, such injuries were caused in whole or in part by the actions or in actions of third parties, and not Defendant.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to, the Supremacy Clause, Due Process Clause, Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## THIRTY-THIRD DEFENSE

To the extent that The American's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding The American liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FOURTH DEFENSE

Neither §22:1220 nor §22:658.2 of the Louisiana Revised Statutes is inapplicable under the facts of this case, as alleged by policyholders.

## THIRTY-FIFTH DEFENSE

The American owes no fiduciary duty to policyholders.

## THIRTY-SIXTH DEFENSE

The American has no duty to pay policyholders' attorney's fees or other costs incurred in prosecuting their claim for coverage against The American or any other insurer.

## THIRTY-SEVENTH DEFENSE

Policyholders have failed to state facts sufficient to give rise to a claim against The American for punitive damages.

## THIRTY-EIGHTH DEFENSE

Defendant affirmatively avers that at all times it acted reasonably in the handling of Plaintiffs' claims based on the information submitted and the policy provisions.

## THIRTY-NINTH DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown, and thus Defendant cannot adequately determine all policy provisions that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

(1)     Additional defenses become applicable under state and federal law.

(2)     Additional defenses are established as discovery proceeds.

(3)     Additional defenses are available under subsequently asserted theories of recovery.

To the extent that defenses raised by any other defendant in this litigation are not inconsistent with this Answer and defenses, Defendant specifically adopts and incorporates such defenses as if copied herein.

**WHEREFORE**, Defendant prays that its Answer to the Complaint be deemed good and sufficient and after all due and legal proceedings are had herein, that there be judgment rendered in favor of Defendant, and against Plaintiffs, dismissing Plaintiffs' suit with prejudice, at Plaintiffs' costs and for all costs of these proceedings.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK**

*s/Kelly Cambre Bogart*

_____
**LAWRENCE J. DUPLASS  #5199**
**C. MICHAEL PFISTER (#14317)**
**KELLY CAMBRE BOGART (#22985)**
**JAIME M. CAMBRE (#29116)**
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Attorneys for The American Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel by operation of the court's electronic filing system.

*s/Kelly Cambre Bogart*
_____
KELLY CAMBRE BOGART
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119