UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| PERTAINS TO: | * | JUDGE DUVAL |
| INSURANCE      (*Abadie,* 06-5164) | | |
| | | MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Defendants, State Farm Fire and Casualty Company and State Farm General

Insurance Company (collectively "State Farm"), move pursuant to Rule 12(e) for a more definite

statement of plaintiffs' Complaint.  In this case, State Farm cannot properly respond to plaintiffs'

Complaint as drafted.  Plaintiffs, who allege that they are a group of insurance policyholders,

have sued over 100 insurance companies.[1]  Plaintiffs' Complaint, as amended, is a "scattershot"

---

[1]      Plaintiffs' claims clearly are improperly joined in violation of Federal Rule of Civil
Procedure 20(a), since none of the plaintiffs' alleged injuries arise out of the same
*(continued on next page)*

pleading devoid of fact allegations sufficient to put State Farm on notice of their respective claims. Plaintiffs request damages for a list of sweepingly described actions and/or inactions, including claims that the defendants' failed to adequately adjust claims; failed to pay for covered losses; failed to advise plaintiffs about flood insurance available under the National Flood Insurance Program ("NFIP"); failed to advise plaintiffs about flood insurance coverage in excess of the NFIP limits; engaged in a bad faith practices; and violated Louisiana's Valued Policy Law. The Complaint contains only vague and conclusory allegations for each of these causes of action and fails to notify State Farm of the facts that give rise to the claims they assert or even to know which allegations apply to which plaintiffs. As currently presented, it is impossible for State Farm to fully respond to the Complaint.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2006, plaintiffs filed a putative class action complaint in this Court. (Compl., Rec. Doc. 1 in 06-5164.) The Complaint presents several thousand plaintiffs suing 161 insurance companies. The only commonality among the thousands of plaintiffs is that they are all averred to be "property owners in the State of Louisiana" whose property allegedly suffered damage from Hurricane Katrina, and who had insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶ 9(a).) The only commonality among the insurance company

transaction or occurrence, and the defendants cannot be jointly or severally liable for plaintiffs' alleged injuries. State Farm is simultaneously filing a motion to sever.

[2] While the Complaint fails to adequately identify which claims of any alleged misconduct apply to which respective plaintiff, it is facially apparent that the characters of the claims is such that they can not properly proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, State Farm has separately filed a motion to dismiss the class action allegations.

defendants is that they all allegedly issued homeowners insurance policies to one or more named plaintiffs and/or putative class members.  (Compl. ¶¶ 2, 9(a).)  The plaintiffs amended their Complaint on September 6, 2006 to name additional plaintiffs.  (First Supp. and Am. Compl., Rec. Doc. 2 in 06-5164.)

The *Abadie* plaintiffs aver that they purchased "All Risk Policies" from the defendant insurers and without pointing to the specifics of any policy, plaintiffs further aver that they had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind." (Compl. ¶ 12.)  Plaintiffs further allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm and the other defendants have failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners polices under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

The Complaint requests declaratory relief, including, among other things, a declaration that the plaintiffs' "losses were caused by covered perils and the efficient and proximate causes of losses were covered perils." (Compl. ¶ 42.)  The Complaint further alleges against all insurance defendants breach of contract (Compl. ¶¶ 48-52); breach of the implied covenant of good faith and fair dealing pursuant to La. R.S. 22:658 and La. R.S. 22:1220 (Compl. ¶¶ 53-75); breach of the Louisiana Valued Policy Law, La. R.S. 22:695 (Compl. ¶¶ 76-82); and breach of fiduciary duty (Compl. ¶¶ 83-90).  The Complaint lists no facts supporting

these causes of action and does not assert any basis for or demand for joint liability among the

insurance defendants.   However, the Complaint does include allegations that the plaintiffs are

asserting a class action against all the defendants.  (Compl. ¶ 91).[3]

## II.  LAW AND ARGUMENT

When a complaint does not contain sufficient information to permit a defendant to

frame a response, the proper remedy is a Rule 12(e) motion for more definite statement.  *Beanal*

*v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  Federal Rule of Civil Procedure

12(e) provides:

> If a pleading to which a responsive pleading is permitted is so
> vague or ambiguous that a party cannot reasonably be required to
> frame a responsive pleading, the party may move for a more
> definite statement before interposing a responsive pleading.

*See also Canto v. Hibernia Nat'l Bank,* 1999 WL 378256 (E.D. La. 6/31/99) (Clement, J.) (Rule

12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when,

how, where, and why' defendant violated her rights under a relevant statute").   Further, the

Eleventh Circuit has held:

> Where, as here, the plaintiff asserts multiple claims for relief, a
> more definite statement, if properly drawn, will present each claim
> for relief in a separate count, as required by Rule 10(b), and with
> such clarity and precision that the defendant will be able to discern
> what the plaintiff is claiming and to frame a responsive pleading.
>
> . . .

---

[3]   While State Farm denies that any aspect of the *Abadie* case is appropriate for class treatment, plaintiffs appear to have, in the vaguest of terms, attempted to assert a class action.

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366-367 (11th Cir. 1996).

In *Edwards v. Allstate Property and Casualty Insurance Co.*, No. Civ. A. 04-2434, 2005 WL 221558 (E.D. La. Jan. 27, 2005), this Court ruled upon a case that is squarely on point with this one. In *Edwards*, the plaintiff had filed a class action lawsuit alleging that Allstate engaged in a corporate scheme to withhold payment of contractors' overhead and profit from homeowner dwelling claims. *Id.* at *1. The plaintiff alleged breach of contract, bad faith claims under La. R.S. 22:1220 and 22:658, and fraud and deceit claims against Allstate. *Id.* Allstate responded with a motion to dismiss under Rule 12(b)(6). *Id.* After reviewing the complaint, the Court noted that the plaintiff had failed to allege the facts necessary to support her claim:

> In the petition, plaintiff fails to identify or even allege any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs on Mary Edwards' specific claim . The Court notes that absent from the petition is a single fact alleged that would give rise to any need for general contractors' overhead and profit. There are no allegations for the type of damage that was suffered or the nature or complexity of the required repairs. The facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary due to the specific damages to Mary Edwards' home are not adequately alleged.

*Id.* at *3. The Court granted the motion but permitted the plaintiff to amend the complaint. *Id.* at *4.

In the present case, the plaintiffs have alleged even less than the plaintiffs in *Edwards*. As in *Edwards*, the *Abadie* plaintiffs have failed to allege facts necessary to support

5

their alleged causes of action.  But even then, the defendants are left to speculate as to what conduct is complained of or which policy provisions are the subject of the purported failure to pay what plaintiffs contend is owed.  At a minimum, plaintiffs must plead the policy provision that they claim that State Farm has breached and put State Farm on notice of the facts that give rise to their alleged injury.  Of course, the lack of any facts sufficient to support a cause of action is a by-product of the massive misjoinder of parties and claims in this action.  State Farm has filed simultaneously with this motion a motion to sever the claims of the individual plaintiffs in this action.  Each individual plaintiff should be required to file an amended complaint setting forth a more adequate statement of their allegations, if they can.

### III.  CONCLUSION

The plaintiffs have failed to allege the facts necessary to support their conclusory allegations.  Therefore, State Farm requests that this Court order plaintiffs to provide a more definite statement of the allegations in their Complaint.

Respectfully submitted,

s/ Sarah H. Barcellona

Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Sarah H. Barcellona, 28080
    of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and Casualty Company and State Farm General Insurance Company

840018v.1

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Rule 12(e) Motion for a More Definite Statement has been served upon all counsel of record by electronic service through the Court's CM/ECF system and/or by placing same in the United States mail, postage prepaid and properly addressed, this 1st day of February, 2007.

s/ Sarah H. Barcellona                              

7

840018v.1