UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *  CIVIL ACTION<br>*<br>*  NO. 05-4182<br>*<br>*  SECTION "K" (2)<br>* |
| PERTAINS TO:<br>INSURANCE     (*Abadie,* 06-5164) | *  JUDGE DUVAL<br><br>   MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER

Defendants, State Farm Fire and Casualty Company and State Farm General Insurance Company, (collectively, "State Farm"), move to sever the claims of the individual plaintiffs in this action. Plaintiffs do not assert any claim jointly and severally, nor do they assert claims arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiffs' claims arise under different insurance policies, are against different insurance companies, and address unique claims handling issues that are inherently unrelated. The facts and circumstances of each plaintiff's loss must be determined on a case-by-case basis. Because plaintiffs' claims do not meet the permissive joinder requirements of Rule 20, their claims should be severed and proceeded with separately.

852485v.1

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2006, plaintiffs filed a putative class action complaint in this Court. (Compl., Rec. Doc. 1 in 06-5164.) The Complaint presents several thousand plaintiffs suing 161 insurance companies. The only commonality among the thousands of plaintiffs is that they are "property owners in the State of Louisiana" whose property allegedly suffered damage from Hurricane Katrina, and who had insurance policies in effect at the time of Hurricane Katrina. (Compl. ¶ 9(a).) The only commonality among the insurance company defendants is that they allegedly issued homeowners insurance policies to one or more named plaintiffs and/or putative class members. (Compl. ¶¶ 2, 9(a).) The plaintiffs amended their Complaint on September 6, 2006 to name additional plaintiffs. (First Supp. and Am. Compl., Rec. Doc. 2 in 06-5164.)

The *Abadie* plaintiffs aver that they purchased "All Risk Policies" from the defendant insurers and without pointing to the specifics of any policy, plaintiffs further aver that they had the reasonable expectation that these policies would cover "any and all losses to their residence and personal property caused by hurricanes, including any and all damage proximately and efficiently caused by hurricane wind, and 'storm surge' proximately caused by hurricane wind." (Compl. ¶ 12.) Plaintiffs further allege that their properties were damaged by Hurricane Katrina's wind and flood waters caused *inter alia*, by the breaches of the levees (Compl. ¶¶ 23-27); and that State Farm and the other defendants have failed to pay for covered losses under their insurance policies (Compl. ¶¶ 37, 40, 51), failed to properly adjust claims (Compl. ¶¶ 53-75), failed to advise plaintiffs of flood insurance available under the NFIP and of the availability of additional flood coverage in excess of the NFIP limits (Compl. ¶ 88), and owe the face amount of the homeowners polices under the Louisiana Valued Policy Law (Compl. ¶¶ 76-82).

The Complaint requests declaratory relief, including, among other things, a declaration that the plaintiffs' "losses were caused by covered perils and the efficient and proximate causes of losses were covered perils." (Compl. ¶ 42.) The Complaint further alleges against all insurance defendants breach of contract (Compl. ¶¶ 48-52); breach of the implied covenant of good faith and fair dealing pursuant to La. R.S. 22:658 and La. R.S. 22:1220 (Compl. ¶¶ 53-75); breach of the Louisiana Valued Policy Law, La. R.S. 22:695 (Compl. ¶¶ 76-82); and breach of fiduciary duty (Compl. ¶¶ 83-90). The Complaint lists no facts supporting these causes of action and does not assert any basis for or demand for joint liability among the insurance defendants. However, the Complaint does include allegations that the plaintiffs are asserting a class action against all the defendants. (Compl. ¶ 91).[1]

## LAW AND ARGUMENT

1. **This Court Should Sever the Plaintiffs' Claims Because There Are No Common Questions of Law or Fact With Respect to All Plaintiffs.**

Joinder of the plaintiffs' claims is improper. Federal Rule of Civil Procedure 20 prescribes the scope for permissive joinder of parties in federal court. Absent joint and several liability among the defendants, Rule 20 restricts the right to join parties in one action to those circumstances where (1) the right to relief is based on the same transaction or occurrence, or (2) the right to relief is based on a series of transactions and occurrences, and there exists a common question of law or fact with respect to all parties. *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *Simoneaux v. Jolen Operating Co.*, Civ. A. No. 04-2467, 2004

---

[1] While State Farm denies that any aspect of the *Abadie* case is appropriate for class treatment, plaintiffs appear to have, in the vaguest of terms, attempted to assert a class action.

WL 2988506 (E.D. La. Dec. 15, 2004). Parties to a lawsuit are misjoined and may be severed under Rule 21 if neither of these prerequisites is satisfied. *See id.* at *4.

Neither of the conditions required by Rule 20 is present here. Plaintiffs have not alleged facts upon which the defendants could be held jointly or severally liable. Nor have they alleged a right to relief arising from the same transaction. Further, there are no common questions of law or fact common to all parties. In the present case, each plaintiff's claims arises from a different transaction or occurrence and presents different questions of law and fact.

There are clearly no overlapping issues of law. Each plaintiff that sustained damage during Hurricane Katrina suffered a distinct loss, possibly from several causes (*e.g.,* wind, flood, or looting), and the causation and extent of the loss will be different for each plaintiff. While some terms of the insurance policies at issue may be similar, each policy has distinct terms that must be separately interpreted and applied to the specific facts associated with each distinct claim. Each plaintiff's claim for damage was separately assessed by an insurance adjuster who examined that claim's particular facts. Plaintiffs have not pled any allegations that would lead the Court to conclude that there are any questions of law common to all plaintiffs.

Even if there were some overlapping issues of law among the plaintiffs, each plaintiff's unique facts would require severance. Directly on point is *Weber v. Lockheed Martin Corp.*, Civ. A. No. 00-2876, 2001 WL 274518, at *2 (E.D. La. Mar. 20, 2001). In that case, two plaintiffs brought claims in a single suit against the defendant Lockheed Martin for employment discrimination. *Id.* at *1. The Court found that severance was appropriate because there were no "overlapping facts or activities" and the evidence would consist of "two discrete universes of facts." *Id.* at *2. Although both plaintiffs were alleging employment discrimination claims, the Court determined that "the absence of any common issues of fact outweighs each plaintiff's

reliance on similar law." *Id.* Here, each plaintiff is suing based upon a separate claim for insurance covering a distinct property. There are no overlapping facts among the plaintiffs.

Thus, because there are no common questions of law and fact with respect to all parties, plaintiffs have not met the permissive joinder requirements of Rule 20, and their claims should be severed.

## CONCLUSION

Plaintiffs have failed to meet the requirements of Rule 20 for permissive joinder of parties. Therefore, State Farm requests that this Court sever the plaintiffs' claims and require each plaintiff to proceed separately.

Respectfully submitted,

s/ Sarah H. Barcellona

Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Sarah H. Barcellona, 28080
  Of
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire and Casualty Company and State Farm General Insurance Company

## **C E R T I F I C A T E**

      I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Sever has been served all known counsel of record by electronic notice from the Court's CM/ECF system, and/or by facsimile, and/or by placing same items in the United States mail, postage prepaid and properly addressed, this 1st day of February, 2007.

                                          s/ Sarah H. Barcellona

852485v.1