UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COLLEEN BERTHELOT, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 05-4182 |
| | * | |
| BOH BROTHERS CONSTRUCTION CO., | * | SECTION "K"(2) |
| L.L.C., ET AL | * | |
| | * | CONS. KATRINA CANAL |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:

**LEVEE GROUP**
**CASE NO. 06-4065 (C. ADAMS)**
**CASE NO. 06-4634 (G. ADAMS)**
**CASE NO. 06-4931 (BROCK)**
**CASE NO. 06-5032 (JOSEPH)**
**CASE NO. 06-5042 (COHEN)**
**CASE NO. 06-5308 (GISEVIUS)**
**CASE NO. 06-5785 (COCHRAN)**
**CASE NO. 06-5937 (YACOB)**

**LEVEE AND MR. GO GROUPS**
**CASE NO. 06-5260 (LEDUFF)**

**LEVEE, MR. GO AND RESPONDER GROUPS**
**CASE NO. 06-4389 (O'DWYER)**

**LEVEE AND RESPONDER GROUPS**
**CASE NO. 06-5786 (O'DWYER)**

**NOT YET DESIGNATED**
**CASE NO. 06-5471 (E. WILLIAMS)**

**MEMORANDUM IN SUPPORT OF B & K CONSTRUCTION COMPANY, INC.'S
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT
<u>BASED ON PEREMPTION</u>**

MAY IT PLEASE THE COURT:

B & K Construction Company, Inc. ("B&K") submits the following in support of its

second Motion for Summary Judgment seeking dismissal based on its peremption defense, already recognized by this Court's December 8, 2006 Judgment and Order and Reasons granting dismissals in thirteen similar cases. (Docs. 2142 and 2145) Much of the following tracks the arguments made by B&K in the previous Motion in these cases. B&K will also demonstrate that certain fraud claims in *Edward Williams v. Bd. of Comm'rs.*, No. 06-5471 (E.D.La. Filed August 26, 2006), fail to state a claim upon which relief may be granted and thus must be dismissed under Rule 12(b)(6).

## <u>STATEMENT OF FACTS</u>

As detailed in B&K's Statement of Uncontested Facts, B&K was the U.S. Army Corps of Engineers' contractor that constructed the floodwalls for the London Avenue Canal. All work was completed by the date of acceptance, October 31, 1996, with the exception of minor close-out finished by January 26, 1997.

The London Avenue Canal floodwalls failed soon after Hurricane Katrina hit the City of New Orleans on August 29, 2005, over eight years after B&K had completed its work. Thereafter, in 2006 the above captioned Complaints were filed.

## <u>ISSUES</u>

1.      Whether the five (5) year peremptive period established by LSA-R.S. 9:2772 is applicable such that Plaintiffs' claims against B&K are statutorily perempted.

2.      Whether the *Williams* Plaintiffs have failed to state a fraud claim upon which

2

relief may be granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.[1]  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[2]

## STATING A CAUSE OF ACTION FOR FRAUD

In all averments of fraud, the circumstances constituting fraud must be stated with

---

[1]     *Stults v. Conoco Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,323 (1986)), *cert denied*, 506 U.S. 832 (1992));  *Alliance General Insurance Co. v. Louisiana Sheriff's Automobile Risk Program*, 52 F.Supp.2d 711, 714 (E.D. La. 1999).

[2]     *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex Inc. v. M/V RISAN*, 45 F.3d 951,954 (5th Cir. 1995);  *Wooley v. City of Baton Rouge,* 211 F.3d 913, 918 (5th Cir. 2000).

particularity.  Fed. R.Civ.P. 9(b).  This pleading rule "requires the plaintiff to set forth the 'who, what, when, where and how' of the alleged fraud."[3]  Specifically, the following circumstances of the fraud must be pled: (1) the time; (2) the place; (3) the content of the false representation or omission; (4) the identity of the person make the misrepresentation or failing to make a complete disclosure; and (5) what the defendant obtained thereby.[4] A pleading which fails to state fraud with particularity fails to properly state a claim and is therefore, subject to dismissal.[5]

Under Louisiana Civil Code Article 1953 ("Article 1953")invoked by the *Williams* Plaintiffs, "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction."

A properly stated cause of action for fraud under Fed.R.Civ.P. 9(b) and Article 1953 requires that the plaintiff assert:  (1) the time when the defendant suppressed the truth; (2) the place where the defendant suppressed the truth; (3) the content of the omission; (4) the identity of the person failing to make a complete disclosure; and (5) what unjust advantage to the defendant, or loss or inconvenience to the plaintiff was obtained by the defendant.

---

[3]     *U.S. ex rel. William v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (Citation omitted); *Benchmark Electronics v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

[4]     *Benchmark Electronics, Id.* at 723 (citations omitted).

[5]     *Shushan v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993), citing *Guidry v. Bank of LaPlace*, 954 F.2d 271, 281 (5th Cir. 1992).

## LAW AND ARGUMENT

I.     **PLAINTIFFS' CLAIMS ARE BARRED BY PEREMPTION**

Peremption is a period of time fixed by law for the existence of a right[6].  Unless timely exercised, the right is extinguished upon the expiration of the peremptive period[7]. Peremption may not be renounced, interrupted, or suspended[8].  Nor are peremptive periods subject to exceptions such as *contra non valentum*[9].  Accordingly, nothing may interfere with the running of a peremptive period[10].

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature[11].  The legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently

---

[6]  LSA-C.C. Art. 3458.

[7]  *Id.*

[8]  LSA-C.C. Art. 3461.

[9]  *See Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1298.

[10]  *Id.*

[11]  LSA-C.C. Art. 9; *New Orleans Rosenbush Claims Serv. Inc. v. City of New Orleans*, 94-2223, p. 11 (La. 4/10/95), 653 So.2d 538, 544. *Hamp's Const., L.L.C. v. City of New Orleans*, 05-0489 (La. 2/22/06), 924 So.2d 104, 1001.

6

from the preceding statute, the legislature is presumed to have intended to change the law[12].

In the absence of contrary legislative expression, substantive laws apply prospectively only[13].  Procedural, curative, remedial and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary[14]. It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application[15].

LSA-R.S. 9: 2772 ("the Statute") provides a peremptive period for actions involving deficiencies in ... construction of immovables or improvements thereon.  In its present form, the Statute provides that:

> [n]o action ... arising out of ... construction ... or building immovable or movable property ... shall be brought against any person performing ... construction of immovables, or the improvement to immovable property ... more than five years after the date of registry ... of acceptance of the work ... (or) more than five years after the improvement has been thus occupied by the owner[16].

---

[12]   *Id.* (as to *Rosenbush* and *Hamps*); *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131, 150-151.

[13]   LSA-C.C. Art. 6.

[14]   *See* LSA-C.C. Art. 6. *see also Orleans Parish School Board v. Pittman Construction Co.*, 372 So.2d 717, 720 (La. App. 4 Cir 6/5/79).

[15]   *Orleans Parish School Board v. Pittman Construction Co.*, supra, *citing Lott v. Haley*, 370 So.2d 521 (La. 1979).

[16]   LSA-R.S. 9: 2772 (A)

The causes which are perempted within this time include any action: (a) for any deficiency ... in the construction of any improvement to immovable property ..., (b) for damage to property, movable or immovable, arising out of any such deficiency, or (c) for injury to the person or for wrongful death arising out of any such deficiency[17].  The existence of any right to such actions ceases to exist at the end of the five year period.  The clear intent of the Statute is to limit the time when actions may be brought to a certain period after completion of the improvement[18], thus curing what the legislature found to be an overexposure to liability of contractors under the jurisprudence[19].

In 1964, Louisiana's legislature enacted the Statute, thereby providing for a peremptive period of ten years.  Subsequent decisions of Louisiana's appellate courts considered the general laws of retroactivity as well as constitutional considerations of the disturbance of pre-existing rights, and held that the Statute was subject to retroactive application[20].

In 1999, Louisiana's state legislature amended the Statute, shortening the peremptive period to seven years.  With this amendment, the legislature expressly provided that "[t]he provisions of this Act shall have prospective application only and shall

---

[17]   LSA-R.S. 9: 2772 (A)

[18]   *Orleans Parish School Board v. Pittman Construction Co.*, 372 So.2d at 720.

[19]   *Id.* at 721.

[20]   *See*, for example, *Stipe v. Joseph A. Nerey General Contractors, Inc.*, 385 So.2d 568 (La. App. 4 Cir. 1980); Orleans Parish School Board v. Pittman Construction Co. Inc., 372 So.2d 717 (La. App. 4 Cir. 1979).

8

apply only to contracts entered into on or after the effective date of this Act[21]." Louisiana courts subsequently addressing the issue of retroactivity of the seven year period were compelled, by LSA-C.C. Art. 6,[22] and the legislature's expression, to contradict the general rule by applying only prospectively this otherwise retroactive/remedial legislation.

It is vital to this current inquiry to note that the language carefully chosen by the 1999 legislature provides only for non-retroactivity of "this Act." The legislature obviously understood that, barring this language, the Statute would be applied retroactively. Their choice of words carefully avoids providing fodder for any future inference as to legislative intent with respect to the general principles of retroactivity, even with respect to later enactments of this same statute.

In 2003, Louisiana's state legislature amended the Statute, shortening the peremptive period to five years[23]. As was obviously true with the 1999 legislature, the 2003 legislature enacted the Statute in light of preceding statutes involving the same subject matter and court decisions construing those statutes. The 2003 legislature knew that (1)  absent legislative expression to the contrary, remedial laws apply both prospectively and retroactively; (2) the ten year period had been applied retroactively; (3) the 1999 legislature chose to apply its Act, instituting  the seven year period, only

---

[21]  *See* § 2 of Acts 1999, No. 1024 (effective August 15, 1999). (emphasis added).

[22]  Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.  LSA-C.C. Art. 6.

[23]  See § 1 of Acts 2003, No. 919.

prospectively; and (4) absent

similar language, the 2003 Act would, once again, be subject to the general rule of retroactivity of remedial statutes.

In 2003, Louisiana's legislature made a thoughtful and purposeful decision.  The language of the 1999 Act was carefully reviewed, it's implications were understood, and the portion regarding prospective application of the Act was avoided.  The 2003 legislature could easily have provided for only prospective application of the new  five-year peremptive period.  It chose not to.  Differences between the 1999 and 2003 acts necessarily lead to the conclusion that the 2003 legislature intended to change the law[24].  By avoiding any "legislative intent to the contrary[25]," the 2003 legislature effectively declared that the general rule of retroactivity of statutes imposing periods of limitation would, once again, be applicable to the Statute.[26]

Because the general rule of retroactivity of statutes of limitation applies to the Statute, the peremptive period for the filing of any claim based on B&K's work on the London Avenue Canal is five years.  This being the case, any suit instituted after October 31, 2001, (five years after the project was accepted), or, at the latest, January 26, 2002,

---

[24] *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131, 150-151.

[25] *See* LSA-C.C. Art. 6.

[26] A contrary opinion was set forth in the unreported decision of *Broussard v. Aviara Energy Corp.*, 2005 WL 1473998 (W.D. La 2005).  In *Broussard*, the court applied the language of the 1999 Act to the 2003 act, thereby failing to recognize the importance of the 2003 legislature's careful choice of language.  In support of it's decision, the *Broussard* court cited the 2002 decision of *August v. Grand Lake Const.*, 837 So.2d 78, (La. App. 5 Cir. 2002) which was handed down prior to the 2003 enactment eliminating the "prospective only" language.  The only logical explanation is that the *Broussard* court's reliance on a decision that predated the Act in question simply led to an incorrect outcome.

(five years after B&K's last work on the project), has been statutorily perempted.

All of the Complaints at issue here were filed years after the peremptive period for suits against B&K had run.  Thus, B&K is entitled to summary judgment.

## II.    THE *WILLIAMS* PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR FRAUD

In addition to allegations of negligence, the *Williams* Plaintiffs also contend that:

> . . . the silence of Defendants BOARD OF COMMISSIONERS OF THE ORLEANS PARISH LEVEE DISTRICT, THE SEWERAGE AND WATER BOARD OF NEW ORLEANS, MODJESKI AND MASTERS, LLC, BURK KLEINPETER, INC., B&K CONSTRUCTION COMPANY, INC., GO-TECH ENGINEERING, and EUSTIS ENGINEERING COMPANY, INC. constitute fraud through silence or inaction as set forth in La. Civil Code article 1953 in that defendants failed to disclose an obvious defect in the flood protection system.[27]

These allegations of fraud are wholly inadequate to satisfy the particularity requirements of Rule 9(b), as interpreted by the Fifth Circuit in that no information whatsoever is given concerning the "who, what, when, where, and how" of the alleged fraudulent silence of B&K.[28]  Moreover, Plaintiffs also fail to assert an essential element under Louisiana Civil Code Article 1953, i.e., that B&K acted with the intention either to obtain an unjust advantage for B&K or to cause a loss or inconvenience to the Plaintiffs.

---

[27]    Case No. 06-5471 Class Action Complaint.  (Doc. 1, ¶57)

[28]    *Benchmark Electronics v. J.M.  Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

13

Because the *Williams* Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b) and Louisiana Civil Code Article 1953, the fraud claims fail to state a cause of action upon which relief can be granted, and thus must be dismissed under Rule 12(b)(6).

The current fraud charges follow on the heels of similar allegations made by the same attorneys in their unsuccessful attempt to stave off the dismissals that ultimately came in this Court's December 8, 2006 Judgment in favor of B&K.  Over seven months ago in their Memorandum in Opposition to B&K's first Motion for Summary Judgment counsel argued:

> . . . the peremption defense may not be asserted by a party 'whose fraud has caused the breach of contract or damages sued upon.' . . .  Accordingly, Plaintiffs should be afforded the opportunity to search the Defendants 'mind, memory, or conscience' . . .

(Doc. 691 at p. 5)

In rejecting the Plaintiffs' request for a delay so Plaintiffs could search B&K's "mind, memory or conscience", this Court recognized that there was no "competent evidence presented to the Court that would create a genuine issue as to a material fact or convince the Court to allow discovery on this issue [of fraud]" (Doc. 2142 at p. 10).

Seven months have passed since counsel asked for additional time to "discover" fraud.  Still there are no material facts asserted, nor is there reason to allow additional time for such discovery.

14

## **CONCLUSION**

For the foregoing reasons, B&K's Motion should be granted.

Respectfully submitted,

_____
Herman C. Hoffmann, Jr.  (#6899)
Betty F. Mullin, (#9818)
Wade M. Bass (#29081)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
30th Floor - Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: 504-569-2030

Attorneys for B & K Construction Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

New Orleans, Louisiana, this _____ day of _____, 2007.

_____
Herman C. Hoffmann, Jr., Bar No. 6899
Betty F. Mullin, Bar No. 9818
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street
30th Floor - Energy Center
New Orleans, Louisiana 70163
(504) 569-2030

Attorneys for B&K Construction Company, Inc.

N:\DATA\K\03409023\Consolidated Pleadings\Summary-Dismiss-mem.wpd

16