# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | |
| | * | SECTION:    K (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |

**PERTAINS TO:**

**LEVEE:**
C.A. No. 06-4065 C. Adams
C.A. No. 06-4634 G. Adams
C.A. No. 06-5367 Breithoff
C.A. No. 06-4931 Brock
C.A.  No. 06-5785 Cochran
C.A. No. 06-5042 Cohen
C.A. No. 06-6473 Deane
C.A. No. 06-5159 Fleming
C.A. No. 06-5308 Gisevius
C.A. No. 06-5163 Gordon
C.A. No. 06-5161 Holmes
C.A. No. 06-5032 Joseph
C.A. No. 06-6642 Pontchartrain Baptist Church
C.A. No. 06-8708 Richardson
C.A. No. 06-5937 Yacob

**LEVEE, MRGO:**
C.A. No. 06-5260 LeDuff

**LEVEE, MRGO, RESPONDER:**
C.A. No. 06-4389 O'Dwyer

**LEVEE, RESPONDER:**
C.A. No. 06-5786 O'Dwyer

## MEMORANDUM OF BOH BROS. CONSTRUCTION CO., L.L.C.
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

*May It Please the Court*:

On December 8, 2006, this Court granted summary judgment in favor of Boh Bros. Construction Co., L.L.C. ("Boh Bros.") and dismissed, as perempted under La. R.S. 9:2772, the first fourteen consolidated cases asserting tort claims for flood damages allegedly caused by Boh Bros.' construction work on the 17th Street Canal and the Industrial Canal. [1] Plaintiffs contended in those cases that Boh Bros.' work caused or contributed to the failure of the levees in those canals/waterways and the subsequent flooding of the various claimants' properties in Orleans, Jefferson and St. Bernard Parishes following Katrina's landfall on August 29, 2005.

Boh Bros. now moves for summary judgment in the above captioned 18 cases, on the same grounds of peremption, and based on the same uncontested material facts, adopted fully herein by reference (See Docs. Nos. 560, 751-1 and 803), which supported its previous motion for summary judgment, and on which this Court based its judgment of December 8, 2006. [2]

Since its amendment in 2003,[3] La. R.S. 9:2772 perempts all actions "... whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn ..." five years from

_____

[1] This Court's Order and Reasons is Doc. No. 3142 and the accompanying Judgment is Doc. No. 2145.

[2] Doc. No. 560 includes Boh Bros.' original Motion for Summary Judgment, supporting Memorandum and Affidavits and Statement of Undisputed Facts. Doc. No. 751-1 is Boh Bros.' Reply memorandum and supporting Affidavit, and Doc. No. 803 is Boh Bros.' Second Reply Memorandum with supporting certificate of authenticity and attached performance evaluation of the USACE for the Test Pile Program at the Industrial Canal. Moreover, Boh Bros. submits that the issue of peremption under La. R.S. 9:2772 has been decided and is now the "law of the case." *DeSoto v. Pride International, Inc.*, 2004 WL 414958 (E.D. La. 2004); *Loumar v. Smith*, 698 F.2d 759 (5th Cir. 1983); *Lynch v. Lee*, 2004 WL 1900463 (E.D. La. 2004).

[3] Acts 2003, No. 919.

the date of registry of the owner's acceptance of the work.  La. R.S. 9:2772A(1)(a). [4] The statute specifically perempts all causes "arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work."  La. R.S. 9:2772A.

All of the above-captioned cases, except the claims asserted in the *Creato Gordon* case (Docket No. 06-5163), discussed below, assert claims of negligence (actions *ex delicto*) arising out of Boh Bros.' construction work on the 17th Street Canal and the Industrial Canal.  Boh Bros. established conclusively in its earlier motion for summary judgment that all of its work on the 17th Street Canal was completed in early 1992, and the acceptance of its work was recorded on August 24, 1992, more than ten years before Hurricane Katrina made landfall in August, 2005.  Boh Bros. also established conclusively that its work in connection with the Test Pile Program at the Industrial Canal was completed no later than May 25, 2000 when the USACE accepted the work which was more than five years before Hurricane Katrina's landfall.  Accordingly, all such negligence claims are perempted under La. R.S. 9:2772 and Boh Bros. should be dismissed from these cases, with prejudice, by summary judgment.

The *Creato Gordon* complaint, which contains the claims of five plaintiffs and is limited to the damages caused by the levee failure at the 17th St. Canal, was filed on August 28, 2006, immediately after the August 25, 2006 oral argument on Boh Bros.' earlier motion.  As phrased by the Engineers (Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., Gotech, Inc., and Modjeski

---

[4] The statute also defines "deficiency" to include "failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained".  La. R.S. 9:2772B(2).

& Masters, Inc.), who have filed joint motions to dismiss, the *Gordon* suit is a transparent attempt to avoid preemption by pleading fraud against all defendants named therein, including Boh Bros.

Yet, despite its length (59 pages and 73 paragraphs, with multiple subparagraphs), the complaint is devoid of the particularity or specificity required by Rule 9(b) of the Federal Rules of Civil Procedure[5] sufficient to withstand dismissal by a Rule 12(b)(6) motion or by a Rule 56 motion for summary judgment.

The entirety of the allegations against Boh. Bros. in the *Gordon* complaint are found in paragraph 61, beginning on page 41 of the Complaint.  Paragraph 61 contains 5 subparagraphs. Except for one conclusory phrase in sub-paragraph 4, all of the allegations of liability against Boh Bros. are couched in terms of simple negligence.

For example, sub-paragraph one alleges "upon information and belief" that the "action and inaction" of Boh Bros. "caused or contributed" to the failure of the levee.  Subparagraph two alleges that Boh Bros. "failed to act in a prudent fashion" to prevent the levee failure.  Subparagraph 3 alleges, again "upon information and belief," that Boh Bros. "knew" but "remained silent" about certain unspecified "design and/or construction impacts" through their work on the canal. Subparagraph five states explicitly that plaintiffs' damages were the "direct and proximate result of Boh Bros. negligence."

These general allegations of negligence (Boh Bros.' failures to act, or to do what it should have done based on what it knew or should have known) are specifically covered by La. R.S. 9:2772 and are preempted.

---

[5]Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The only cause of action that La. R.S. 9:2772 does not perempt is "an action to recover on a contract or to recover damages against any person enumerated in Subsection A . . . whose fraud has caused the breach of contract or damages sued upon." La. R.S. 9:2772H(1). But the statute defines "fraud" as having "the same meaning as provided in Civil Code Article 1953." La. R.S. 9:2772H(3). Civil Code Article 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

In an attempt to fall within this exception to peremption, the *Gordon* complaint contains the allegation in Subparagraph 4 of Paragraph 61 that Boh Bros. "failed to warn of or disclose the existence of risks posed to Plaintiffs in the 17[th] Street Canal levee system and fraudulently concealed such risks." The complaint asserts the conclusion that "failure to disclose theses risks constitutes fraud in accordance with Article 1953 of the Louisiana Civil Code."

As noted above, "failure to warn" claims are specifically included in the causes covered by the peremption period of La. R.S. 9:2772. Any damage caused by Boh Bros.' alleged failure to warn or to disclose is specifically perempted.

That leaves only the phrase that Boh Bros. "fraudulently concealed such risks." This allegation is wholly conclusory and utterly lacking in the particularity and specificity that Rule 9(b) and its interpretive case law require to withstand summary dismissal.

Boh Bros. adopts and incorporates herein by reference the case law and arguments advanced by the Engineers in support of their Rule 12(b)(6) Joint Motion to Dismiss and Rule 56 Joint Motion for Summary Judgment on the fraud claims asserted in the *Creato Gordon* suit.[6]   Boh Bros. also

---

[6]*See, e.g., Shushan v. Allwaste, Inc.*, 992 F.2d 517 (5th Cir. 1993); *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F. 3d 450, 453 (5th Cir. 2005); *Benchmark Electronics v. J.M. Huber Corp.*, 343 F. 3d 719, 724 (5th Cir. 2003); and *Doe v. Dow Chem*, 343 F. 3d 325, 329 (5th Cir. 2003),

adopts and incorporates herein by reference the arguments advanced by B&K Construction Company, Inc., in its supporting memorandum. Suffice it to state here that the conclusory allegation that Boh Bros. "fraudulently concealed such risks" utterly fails to state the "who, what, where, when and how" that such fraud was committed. The complaint does not contain even a conclusory allegation generally of Boh Bros.' "intention," either to obtain an unjust advantage or to cause any harm, as Civil Code Article 1953 requires. [7]

Accordingly, Boh Bros. motion for summary judgment should be granted and the complaints filed in the above captioned cases should all be dismissed, with prejudice, as perempted under La. R.S. 9:2772.

**KINGSMILL RIESS, L.L.C.**

*/s/ Charles B. Colvin*

_____

**MICHAEL R. C. RIESS (#2073)**
**CHARLES B. COLVIN (#4352)**
**201 St. Charles Avenue, Suite 3300**
**New Orleans, LA   70170**
**Telephone: (504) 581-3300**
**Facsimile: (504) 581-3310**
**Attorneys for Boh Bros. Construction**
**Co., L.L.C.**

_____

cited in footnote 18, page 6, of the Engineer's supporting memorandum.

[7] Plaintiffs' counsel, in their opposition to Boh Bros.' earlier motion for summary judgment, argued that the Plaintiffs "... should be afforded the opportunity to search the Defendants 'mind, memory or conscience ...'" but this Court summarily rejected this argument. Plaintiffs' Memorandum in Opposition is Doc. No. 692.

**Terrence L. Brennan (Bar No. 3434)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**755 Magazine Street**
**New Orleans, Louisiana  70130**
**Telephone:  (504) 581-5141**
**Facsimile:  (504) 566-1201**
**Attorneys for Boh Bros. Construction Co., LLC**

CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of February, 2007, he electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing to those attorneys who have registered to receive same.  On that same date she served all other parties by mailing a copy of said pleading to all other counsel of record.

*/s Charles B. Colvin*
_____