UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: LEVEE | * | |
| *Glenn Michael Adams, et al.*  No. 06-4634 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
<u>RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT</u>**

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") respectfully submits this memorandum in support of its motion for a more definite statement of Plaintiffs' Class Action Complaint (the "Complaint"). The Complaint fails to provide St. Paul with adequate notice of the charges against it or the specific allegations that form the bases of those charges. Specifically, while the Complaint alleges that St. Paul issued a policy of insurance that renders St. Paul liable to the plaintiffs for any liability owed by its insured, the Complaint does not identify who is the alleged insured of St. Paul and/or what insurance policy issued by St. Paul is in dispute. At a minimum, the plaintiffs must specify what person or entity the plaintiffs are

alleging St. Paul insured and for which they are alleging St. Paul to be liable, and the policy period of such insurance policy that the plaintiffs allege is implicated by their claims

## INTRODUCTION

On August 24, 2006, Plaintiffs filed their "Class Action Complaint" in this Court. The Complaint identifies 20 different companies or governmental entities as named defendants, including St. Paul – the only insurance company named as a defendant. Against these 20 defendants, the Complaint sets forth 49 paragraphs of allegations spanning numerous years. However, as to the allegations against St. Paul, the Complaint offers only a few vague, cursory allegations. Indeed, the entirety of the allegations against St. Paul consist of the following two entries in the Complaint:

- "[St. Paul] . . . at all times relevant herein had in full force and effect a policy of liability insurance, under the terms, provisions, and conditions of which it assumed liability for the acts and/or negligence *of its insured*, and against whom plaintiffs assert their claim under the Louisiana Direct Action Statute, LA R.S. 22:655." Compl. ¶12s. (emphasis added); and

- "Plaintiff avers, upon information and belief, that the breaches and failure of the hurricane protection levees and flood walls were caused by the negligence and fault of the defendants BOH BROS. CONSTRUCTION CO., LLC, GULF GROUP, INC. OF FLORIDA, MODJESKI AND MASTERS, INC., EUSTIS ENGINEERING COMPANY, INC., C.R. PITTMAN CONSTRUCTION COMPANY, INC., PITTMAN CONSTRUCTION CO. OF LA, INC., BURK-KLEINPETER, INC., BURK-KLEINPETER, LLC, B&K CONSTRUCTION COMPANY, INC., MILLER EXCAVATING SERVICES, INC., BOARD OF COMMISSIONERS FOR THE ORLEANS LEVEE DISTRICT, THE CITY OF NEW ORLEANS, SEWERAGE AND WATER BOARD OF NEW ORLEANS ("SWB"), U.S. ARMY CORP OF ENGINEERS, UNITED STATES OF AMERICA, WASHINGTON GROUP INTERNATIONAL, INC., VIRGINIA WRECKING COMPANY, INC., JAMES CONTRUCTION COMPANY, LLC and *ST. PAUL FIRE AND MARINE INSURANCE COMPANY*, as set forth herein." Compl. ¶27 (emphasis added).

LAW AND ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed.R.Civ.P.12(e). A Rule 12(e) motion will be denied if it is being used to uncover facts that should be determined during discovery. *Mitchell v. E-Z way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). However, a Rule 12(e) motion is appropriate where the complaint fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

Moreover, when a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). *See also Canto v. Hibernia Nat'l Bank*, 1999 WL 378256, No. Civ. A .98-3773, at *2 (E.D. La. June 3, 1999) (Clement, J.) (Rule 12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under a relevant statute").

In this case, the plaintiffs' Complaint is too vague to provide sufficient notice of the claims being made against St. Paul to allow St. Paul to respond. The Complaint does not provide any insight as to who St. Paul is alleged to have insured, or when St. Paul insured them, such as to create a cause of action against St. Paul that the plaintiffs seek to assert.

Moreover, the Complaint alleges different acts of negligence and other tortious conduct, against numerous defendants. Some of these allegations are directed at a specific defendant, while others are collectively directed at the "Defendants." Thus, the Complaint as a whole

creates confusion for all defendants in general as a defendant might not be able to ascertain which allegations are directed at it. This confusion is compounded for St. Paul as the only allegations specifically directed against it refer to an anonymous "insured" for whose actions St. Paul is alleged to be liable.

The plaintiffs' failure to identify St. Paul's alleged insured makes it impossible for St. Paul to understand the claims being made against it or to prepare a response to those claims. At a minimum, the plaintiffs should be required to identify the defendant or defendants that they claim St. Paul allegedly insured and put St. Paul on notice of the facts that give rise to its alleged liability.

## CONCLUSION

The plaintiffs have failed to allege facts sufficient to put St. Paul on notice of the claims made against it or to allow St. Paul to file an appropriate response. Therefore, St. Paul respectfully requests that this Court order the plaintiffs to clarify their allegations against St. Paul to include, at the very least, the identity of St. Paul's alleged insured and the time period of the insurance policies that the plaintiffs allege are implicated by their claims.

Respectfully submitted,

/s/ April R. Roberts
Joseph P. Guichet, T.A., La. Bar # 24441
Ralph S. Hubbard, III, La. Bar # 7040
April R. Roberts, La. Bar #30821
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2007, a copy of the Memorandum in Support of St. Paul Fire and Marine Insurance Company's Rule 12(e) Motion for a More Definite Statement was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be mailed to all non-participants of the court's electronic filing system.

/s/ April R. Roberts