UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |

| | | |
|---|---|---|
| PERTAINS TO: | | *LEVEE, MRGO:* |
| *LEVEE:* | | Leduff          06-5260 |
| Adams, Cathy | 06-4065 | *LEVEE, MRGO, RESPONDER:* |
| Adams, Glenn | 06-4634 | O'Dwyer     06-4389 |
| Bradley | 06-0225 | *LEVEE, RESPONDER:* |
| Breithoff | 06-5367 | O'Dwyer     06-5786 |
| Brock | 06-4931 | *NOT YET DESIGNATED*: |
| Cochran | 06-5785 | Williams, E.  06-5471 |
| Cohen | 06-5042 | |
| Deane | 06-6473 | |
| Gisevius | 06-5308 | |
| Gordon | 06-5163 | |
| Joseph | 06-5032 | |
| Pontchartrain Baptist | 06-6642 | |
| Yacob | 06-5937 | |

**MEMORANDUM IN SUPPORT OF RULE 56 *RES JUDICATA*,
OR IN THE ALTERNATIVE, COLLATERAL ESTOPPEL, JOINT MOTION OF
ENGINEERS FOR SUMMARY JUDGMENT TO DISMISS ALL CLAIMS, OR IN THE
ALTERNATIVE,TO DISMISS AS ALL ISSUES ARE PRECLUDED**

## 1.     TABLE OF CONTENTS

PAGE

1. TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

2. TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

3. SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

4.   BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

5. ARGUMENT: ALL COMPLAINTS ARE REGULATED BY THE JUDGMENT. . .  5

   I.     FEDERAL POLICIES THAT UNDERLIE THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL COMPEL DISMISSAL OF ALL COMPLAINTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

   II.    THE DOCTRINE OF PRIVITY BINDS ALL NON-PARTIES TO THE EFFECT OF THE JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

          A.     All Plaintiffs, Even Non-Parties, Were Similarly Situated and by Virtue of the Court Orders, Shared Representative Privity with the Original Plaintiffs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

          B.     Virtual and Adequate Representative Privity. . . . . . . . . . . . . . . .  8

                 1.     All Plaintiffs Were Adequately Represented by the Plaintiffs' Committee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

                 2.     The Original Plaintiffs and the Plaintiffs' Committee Virtually Represented all Plaintiffs. . . . . . . . . . . . . . . . . .  10

                 3.     Virtual Representation Arises From the Plaintiffs' Closely Aligned Interests as in Shimon v. Sewerage and Water Board of New Orleans. . . . . . . . . . . . . . . . . . . . . . .  13

   III.   *RES JUDICATA* BARS ALL CLAIMS AND COLLATERAL ESTOPPEL PRECLUDES ALL ISSUES BY ALL PLAINTIFFS. . . . . . . . . . . . . . . .  16

          A.     The Judgment Bars all Claims in all Complaints. . . . . . . . . . . .  16

          B.     Collateral Estoppel Precludes Relitigation of All Previously Decided Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

6.    <u>CONCLUSION</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

2. **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975). . . . . . . . .  8, 10, 15, 17

Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 (L.Ed.2d 308 (1980)). . . . . . . .  18

Benson and Ford v. Wanda Petroleum Co., 833 F.2d 1172
(5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Cauefield v. Fidelity and Cas. Co. of New York, 378 F.2d 876 (5th Cir. 1967),
*cert. denied*, 389 U.S. 1009 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Donaldson v. Acosta, 163 F. App'x 261 p.2 2006 WL 25971 (5th Cir. 2006)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Forum for Equality, PAC v. McKeithen, 893 So.2d 738, 745
(La. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Freeman v. Lester Coggins Trucking, 771 F2d. 860, 865
(5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Martin v. Am. Bancorporation Retirement Plan, 407 F.3d 643
(4th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266-67 (5th Cir. 1990). .  6, 8, 9, 11, 15, 18

Parklane Hosiery Co. v. Shore, 99 S. Ct. 645, 649 (1979). . . . . . . . . . . . . . . . . . . . . .  5

Shimon v. S&WB, 2006 WL 2088304 (E.D. La. July 25, 2006). . . . . . . . . . . . . . . . 13-15

Southwest Airlines Co. v.  Texas Intern. Airlines, 546 F.2d 84,
94 (5th Cir. 1977)       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7, 9

Terrell v. DeConna, 877 F.2d 1267, 1271 (5th Cir. 1989) . . . . . . . . . . . . . . . .  11, 18, 19

Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571
(5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Tyus v. Schoemehl, 93 F. 3d 449, 453 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . 15

U.S. v. Mendoza, 104 Sup. Ct. at 571, 572 (1984). . . . . . . . . . . . . . . . . . . . . . . 16, 18

Wehling v. Columbia Broadcasting System, 721 F.2d 506, 508
        (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## STATUTES

La. Rev. Stat. 9:5607(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 19

## OTHER

LA. CIV. CODE ART. 1953. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 19

3.    **SUMMARY OF ARGUMENT**

The claims in nine additional civil actions filed in August, 2006 against the Engineers, and all complaints that have been filed but not served, should be dismissed. Those claims are barred by this Court's December 8, 2006 Judgment, under either *res judicata* or collateral estoppel.

4.    **BACKGROUND**

Beginning on September 19, 2005, various plaintiffs filed putative class actions and individual complaints (with multiple plaintiffs).  The common thread in all of the complaints was the recovery of damages allegedly caused by the levee breaches.  Subsequently, fourteen plaintiffs, some of which were representatives of putative classes, brought claims against the Engineers ("Original Plaintiffs").

On April 11, 2006, nearly seven months after the first complaint was filed, the Court consolidated twenty-one pending cases (including the fourteen Original Plaintiffs' cases for certain pretrial purposes, and thereby organized all "suits . . . concerning damage allegedly caused by the breaches."[1]  The Court recognized that some of the defendants may have absolute defenses to the claims, and ordered that the defendants act in groups and file preliminary, dispositive motions by June 15, 2006.  At the same time, the Court created the Plaintiffs' Master Committee ("Plaintiffs' Committee") to "coordinate the . . . preliminary motions . . . ."[2]  As a further efficiency measure, the Court ordered a single filing by each group of defendants and a single opposition by the Plaintiffs' Committee.

---

[1]      Minute Entry dated 4/11/06, Doc. No. 69.

[2]      Minute Entry dated 4/11/06, Doc. No. 69.

> It is expected that **one joint motion** concerning any particular issue that applies to groups of plaintiffs or defendants shall be **filed by the committee and oppositions thereto filed by the opposing committee**.[3]

On May 5, 2006, the Court appointed five attorneys to the Plaintiffs' Committee and designated those attorneys as "Plaintiffs' Counsel."[4]

The Court issued a second Scheduling Order and reiterated that each group of plaintiffs or defendants was required to submit joint filings.[5]

On June 1, 2006, the Engineers' group filed a Joint Motion ("Engineers' Motion")[6] seeking dismissal of all claims brought by the Original Plaintiffs and the attorneys for plaintiffs received notice of the filing and setting.   On June 29, 2006, the Plaintiffs' Committee, joined by three non-member attorneys,[7] filed an Omnibus Opposition to the Engineers' Motion.  However, only eight of fourteen Original Plaintiffs joined in opposing the Engineers' Motion.

---

[3]    Minute Entry dated 4/11/06, Doc. No. 69 (emphasis added).

[4]    Order dated 5/5/06, Doc. No. 291.  (The Court appointed Messrs. Bruno, Becnel, Lambert, Fayard and Meunier as Plaintiffs' Counsel, instructing, "The primary purpose of these committees is limited to facilitating communication among the attorneys relative to the preliminary motions outlined in the above-mentioned minute entry.")

[5]    Minute Entry dated 5/12/06, Doc. No. 380.

[6]    The joint motion was a Rule 12(b)6 Joint Motion and Rule 56 Motion for Summary Judgment.  Doc. No. 463.  GOTECH was later added as a defendant and filed a motion essentially identical to that filed earlier by the other Engineers.  *See* Doc. No. 894.  Subsequently, one or more of the Engineers filed Doc. Nos. 552, 747, 792, 911, 952, 1054 and 1094. The subsequent filings contained information specific to each engineer.

[7]    Plaintiffs' filing list the names of the members of the Executive Committee, including Mr. Meunier, counsel for Bradley, and of non-committee members Messrs. Dumas, Maples and O'Dwyer.

On July 14, 2006, the Court issued Case Management Order No. 1 ("CMO No. 1")

and delineated:

> [A] set of rules by which the parties in those cases presently consolidated
> before the Court and **all parties** in litigation **subsequently consolidated**
> **shall be bound**.[8]

Also on July 14, 2006, the Court issued a Minute Entry setting the Engineers' Motions[9] for

hearing on August 25, 2006.  On August 18, 2006, more than one month after the Court

issued CMO No. 1, the Plaintiffs' Committee filed a Sur-Reply to the Engineers' Motion.

All fourteen of the Original Plaintiffs (including the six who failed to oppose the Engineers'

Motion) and seven non-committee attorneys (who represent parties and non-parties to the

Engineers' Motion) joined in the Sur-Reply.  On August 25, 2006, plaintiff's counsel for

Bradley, a non-party[10] to the Engineers' Motion, argued the opposition "for plaintiffs."[11]

During August 2006, nine additional lead plaintiffs ("August Plaintiffs") filed new

complaints against one or more of the individual Engineers.  The Court ordered previously

that all complaints be consolidated into discrete groups.[12]  Members of the Plaintiffs

---

[8]     Doc. No. 790 (emphasis added).  In this Order, the Court grouped each
action and ordered liaison counsel to designate a grouping for all new
consolidated cases.

[9]     Minute Entry dated 7/14/06, Doc. No. 798.

[10]    Bradley named, but never properly served nor obtained a waiver from any
of the Engineers.  The docket entry reflecting "service by waiver" is
incorrect and no service return appears in the record.  Therefore, Bradley
was a non-party to the Engineers' Motion.

[11]    Exhibit 1, p. 22.  Additionally, Messrs. O'Dwyer and Lambert also
presented argument in opposition.

[12]    Doc. Nos. 380 & 790.

Committee filed some of the new complaints on behalf of the August Plaintiffs. The original members of the Plaintiffs Committee continue as the interim representatives for all plaintiffs.

On December 8, 2006, the Court issued a final Judgment ("Judgment"),[13] including Orders and Reasons ("Reasons"),[14] dismissing all of the claims brought by the Original Plaintiffs against the Engineers.[15] Specifically, after weighing the evidence and applying the summary judgment standard, the Court dismissed all causes of action under Rule 56 and wrote:

> While the joint motion was filed both as a Rule 12 Motion and as one for summary judgment, the Court will approach these two motions as one for summary judgment.[16]

In ruling on the Engineers' Motion, the Court:

1.  <u>Tort Peremption</u>: **"Granted** the Engineers' Rule 56 Joint Motion for Summary Judgment on the affirmative **defense of Peremption."**[17]

2.  <u>Tort Remoteness</u>: Found that, "[P]laintiffs submitted **no competent evidence** to indicate that any work performed **on the remote area** would have any bearing on any of the areas that failed. Without such affidavit evidence, **plaintiffs have failed to raise a genuine issue as to a material fact as to the so-called "remote" work."**[18]

---

[13]    Doc. No. 2149.

[14]    Doc. No. 2148.

[15]    "The focus of these motions concerns whether the causes of action brought by plaintiffs in this consolidated matter are perempted under <u>La. Rev. Stat. 9:5607</u>." Doc. No. 2148, Reasons, p. 1.

[16]    Doc. No. 2148, Reasons, p. 2.

[17]    Doc. No. 2148, Reasons, p. 16 (emphasis added).

[18]    Doc. No. 2148, Reasons, p. 14 (emphasis added).

3. Fraud Exception: Found that, "As stated above, in La. Rev. Stat. 9:5607(E) provides that the statute would not be applicable in cases of fraud as defined in **LA. CIV. CODE ART. 1953**. Again, there is **neither any allegation of fraud** in the various complaints, **nor is there any competent evidence** presented to the Court that would create a **genuine issue as to a material fact** or convince the Court to allow discovery on this issue."[19]

The Court dismissed all fourteen actions filed by the Original Plaintiffs.

## 5. ARGUMENT: ALL COMPLAINTS ARE REGULATED BY THE JUDGMENT

### I. FEDERAL POLICIES THAT UNDERLIE THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL COMPEL DISMISSAL OF ALL COMPLAINTS

"Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."[20]

There is no reason to relitigate claims and issues of peremption, remoteness and fraud. In the Judgment,[21] the Court applied a Rule 56 analysis to all fourteen of the complaints filed by the Original Plaintiffs and dismissed all claims. All claims were hotly contested and the Court litigated to final judgment.

There are several reasons of fairness and judicial economy that support the application of *res judicata* to all claims against the Engineers.

The principle of res judicata serves several policies important to our judicial system. By declaring an end to litigation, the doctrine adds certainty and stability to social institutions. This certainty in turn generates public respect for the courts. By preventing relitigation of issues, res judicata conserves

---

[19]     Doc. No. 2148, Reasons, p. 14 (emphasis added).

[20]     Parklane Hosiery Co. v. Shore, 99 S. Ct. 645, 649 (1979).

[21]     Doc. No. 2149.

judicial time and resources.  It also supports several private interests, including avoidance of substantial litigation expenses, protection from harassment or coercion by lawsuit, and avoidance of conflicting rights and duties from inconsistent judgments.[22]

The Court should enforce these common sense federal policies by summarily dismissing all pending and future complaints against the Engineers which contain tort or fraud claims or issues.  The Judgment regulates all similarly grouped plaintiffs identically, therefore, all claims and issues that are contained in one or more of the complaints filed by Bradley, by the August Plaintiffs and by all plaintiffs consolidated in the future should be dismissed.

## II.    THE DOCTRINE OF PRIVITY BINDS ALL NON-PARTIES TO THE EFFECT OF THE JUDGMENT

When there exists a sufficiently close relationship, *res judicata* and collateral estoppel have been applied to bar claims made or issues raised by persons who were not parties to the initial litigation.

Thus, the term privity in itself does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.[23]

Courts have articulated several tests to determine if privity exists.

Courts have tended to treat authorized representation, class representation, associational representation, and virtual representation as synonymous with adequate representation for res judicata purposes.[24]

As explained below, privity exists under several of these tests, therefore, all plaintiffs

---

[22]    Southwest Airlines Co. v.  Texas Intern. Airlines, 546 F.2d 84, 94 (5th Cir. 1977) (footnotes omitted).

[23]    Id. at 95.

[24]    Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266-67 (5th Cir. 1990).

should be  regulated equally by the Judgment.

### A.   All Plaintiffs, Even Non-Parties, Were Similarly Situated and by Virtue of the Court Orders, Shared Representative Privity with the Original Plaintiffs

Sufficient privity relationship exists to bind a non-party to a judgment when similarly situated persons are designated as such by the court.  Relying on the Restatement of Judgments, the Fifth Circuit has regulated the rights of similarly situated non-parties:

(1)  A person is represented by a party who is:

. . . .

(e)  **The representative of** a class or **persons similarly situated, designated as such with the approval of the court, of which the person is a member**.

(2)  A person represented by a party to an action **is bound** by the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to service of process.[25]

Here, the Court consolidated twenty-one actions and ordered that similarly situated groups of plaintiffs be designated into discrete groups.  Every plaintiff with a claim against one or more of the Engineers was assigned to one or both of the Levee and MRGO Groups.  The Court also ordered that the Plaintiffs' Committee file a group opposition to each defense motion.

In addition to a group opposition to the Engineers' Motion, the Plaintiffs' Committee additionally filed a Sur-Reply, joined by representatives of seven non-parties.   The Plaintiffs' Committee also allowed counsel for a non-party to argue for the plaintiffs.

On August 25, 2006, the Original Plaintiffs had a full and fair opportunity to oppose

---

[25]     Southwest Airlines Co., 546 F.2d at 96 (emphasis added) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 85 (Tentative Draft No. 2, 1975)).

and to argue against dismissal.  The August Plaintiffs, many of whom, particularly <u>Gordon</u> and <u>Williams</u> plaintiffs, were represented by members of the Plaintiffs' Committee, had ample opportunity to file an opposition to the Engineers' Motion before the Court ruled in December.  None of the August Plaintiffs, all "similarly situated",[26] filed anything.  Under a plain application of the Fifth Circuit's "similarly situated" and judicial designation relationship test,[27] the August Plaintiffs, <u>Bradley</u> (who never server an Engineer) and all future plaintiffs with claims against the Engineers are in representative privity with the Original Plaintiffs and are controlled by the Judgment.

### B.   Virtual and Adequate Representative Privity

Privity sufficient to bind a non-party to a judgment may also be found under the doctrines of adequate and virtual representation.

> For res judicata purposes, this court has held that privity exists . . . where the non-party's interests were adequately represented by a party to the original suit.[28]

> Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.[29]

There are two divergent approaches to the application of virtual privity: a liberal view and a narrow or stringent application.  Under the narrow application, some decisions find that virtual representation is appropriate when:

1.   The parties to the first suit were accountable to the non-parties, and

---

[26]   <u>Id.</u>

[27]   <u>Id.</u>

[28]   <u>Meza v. Gen. Battery Corp.</u>, 908 F.2d 1262, 1266 (5th Cir. 1990).

[29]   <u>Aerojet-Gen. Corp. v. Askew</u>, 511 F.2d 710, 719 (5th Cir. 1975).

2.      The virtual representative had at least tacit approval of the court to act for the

non-party.[30]

As explained below, the record supports a finding of privity under even the most stringent

standards.

### 1.      All Plaintiffs Were Adequately Represented by the Plaintiffs' Committee

Under the Court's Orders and Minute Entries, all plaintiffs were represented through

the Plaintiffs' Committee, and all plaintiffs within the designated group were associated in

opposing the Engineers' Motion.

> Under the rubric of adequate representation, federal courts have consistently
> held that a non-party is bound if . . . he was represented as a member of a
> class or association in the original litigation.[31]

Under the Court's Consolidation Order, Berthelot, the other putative class actions and the

mass-joinder complaints constitute an association.  The fourteen consolidated actions,

each with claims against an Engineer, were grouped together into the Levee, Responder

or MRGO designation by the Court.  These associations, group designations and joint

filings support a finding of adequate representation of all plaintiffs.  As a practical matter,

had the Court set the Engineers' Motions for hearing after certification of the classes, then

all plaintiffs would be bound; or alternatively, had the Court set the Engineers' Motion for

hearing after denying class certification, the Engineers would have listed each civil action

individually, and all plaintiffs would have been bound by the Judgment.  Deferral of class

certification is no reason in this circumstance to relitigate tort, remoteness and fraud

---

[30]    *See* Southwest Airlines Co., 546 F. 2d at 96; Martin v. Am.
Bancorporation Retirement Plan, 407 F.3d 643 (4th Cir. 2005).

[31]    Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266-67 (5th Cir. 1990).

9

claims.  The consolidated association of fourteen complaints into the Levee and MRGO designations, clustered into a Court Ordered group filing by the Plaintiffs' Committee, perfects adequate representation of all non-party plaintiffs.

### 2. The Original Plaintiffs and the Plaintiffs' Committee Virtually Represented all Plaintiffs

Privity may also arise from the conduct of the parties.  For example, tacit acquiescence to a stay of a federal action, while the parties proceeded to judgment in a parallel state court action, is sufficient to perfect the implied legal relationship required under the doctrine of virtual representation.[32]

Here, there is more than tacit acceptance by the parties of a stay order.  All consolidated parties, acting through the Committees, participated in drafting several scheduling orders, including the schedule for all preliminary motions.  The Committees posted the Scheduling Orders associated with the Engineers' Motion on the Court's Katrina website.  No plaintiff requested more time to file an opposition.  The conduct of the parties that led to various Orders and Minute Entries perfected a legal relationship sufficient to perfect privity that binds all non-parties to the Judgment.

"The question whether a party's interests in a case are virtually representative of the interests of a nonparty is one of fact for the trial court."[33]  The Fifth Circuit, in Meza[34] explained that the concept of virtual representation exists when the parties to the first suit

---

[32]     See Benson and Ford v. Wanda Petroleum Co., 833 F.2d 1172 (5th Cir. 1987) (interpreting Cauefield v. Fidelity and Cas. Co. of New York, 378 F.2d 876 (5th Cir. 1967), cert. denied, 389 U.S. 1009 (1967)).

[33]     Aerojet-Gen., 511 F. 2d at 719.

[34]     See supra n. 24.

are accountable to the non-parties in the second suit.[35]

Here "accountability" was established by several facts linking earlier plaintiffs and later plaintiffs:

1.  Global Orders: The Court's Orders and Minute Entries bound all present and all future parties.

2.  Plaintiffs' Group:  The Plaintiffs' Committee, the Court-ordered designee for filings by all plaintiffs, made several group filings opposing the Engineers' Motions.

3.  Class Actions:   Many of the Original Plaintiffs filed putative class action complaints which, if either certified or found to be an association, would include and would bind all plaintiffs that were not parties to the Engineers' Motion.

4.  Late Oppositions by Parties and Non-Parties: On June 29, 2006, six Original Plaintiffs failed to join in the Plaintiffs' Committee omnibus opposition to the Engineers' Motions.  Nevertheless, on August 18, 2006, these six plaintiffs and counsel for seven non-parties all joined in a Sur-Reply filed by the Plaintiffs' Committee.

5.  Remoteness: On June 29, 2006,[36] eight of the fourteen Original Plaintiffs raised "remoteness."[37]

---

[35]   Meza, 908 F.2d at 1272, 1278; see also Terrell v. DeConna, 877 F.2d 1267, 1271 (5th Cir. 1989) and Freeman v. Lester Coggins Trucking, 771 F2d. 860, 865 (5th Cir. 1985).

[36]   Plaintiffs' Omnibus Opposition, Doc. No. 686, pg. 5.

[37]   Plaintiffs' Omnibus Opposition, Doc. No. 686, pg. 5.

6.      Fraud: On June 29, 2006,[38] eight of the fourteen Original Plaintiffs raised fraud as an exception to peremption.[39]

7.      Sur-Reply Remoteness:  On August 18, 2006,[40] all fourteen of the Original Plaintiffs and counsel for seven non-parties raised remoteness.

8.      Sur-Reply Fraud: On August 18, 2006,[41] all fourteen of the Original Plaintiffs and counsel for seven non-parties raised fraud as an exception to peremption.

9.      Sur-Reply Timing:  The Plaintiffs' Committee filed the August 18, 2006 Sur-Reply after the Court's July 14, 2006 Order bound all future consolidated plaintiffs.

10.     Non-Party Intervention:  Counsel for seven non-parties intervened into the Plaintiffs' Committee Sur-Reply to the Engineers' Motion.

11.     Non-Party Participation:  Counsel for a non-party plaintiff, Bradley, argued in opposition to the Engineers' Motion, and was listed on all of the Plaintiffs' Committee filings in opposition to the Engineers' Motion.

12.     Cross Representation:  Members of the Plaintiffs' Committee represent non-party Bradley and many of the August Plaintiffs.

13.     Opportunity:   The August Plaintiffs had ample opportunity to file an opposition to the Engineers' Motion but did not; nor did they object to

---

[38]     Plaintiffs' Omnibus Opposition, Doc. No. 686, pp. 10 and 12.

[39]     Plaintiffs' Omnibus Opposition, Doc. No. 686, pp. 10 and 12.

[40]     Plaintiffs' Sur-Reply, Doc. No. 946, Exhibit 4, p. 4.

[41]     Plaintiffs' Sur-Reply, Doc. No. 946, Exhibit 4, p. 5.

consolidation with original cases or inclusion in the case management order.

14.     Motion Coordination: The Court's Order to the Master Committees mandated coordination of the Engineers' Motions.  Therefore, the Plaintiffs' Committee was under a duty to insure complete participation and adequate representation of all plaintiffs.

15.     Communication Order: The Court's Order to the Master Committees mandated communication among group attorneys relative to the preliminary motions.

16.     Docket Control: The Court's Orders, posted both on Pacer and on the Court's Katrina website by members of the Master Committee, placed the world on notice of the hearing date and the pendency of the Engineers' Motions.

The Engineers submit that these sixteen incontestible facts of virtual representation, all of which appear in the record, prove the "legally accountable relationship" between the Original Plaintiffs and all other plaintiffs necessary to apply *res judicata*.

> **3.     Virtual Representation Arises From the Plaintiffs' Closely Aligned Interests as in Shimon v. Sewerage and Water Board of New Orleans**

Recently, in Shimon v. Sewerage and Water Board of New Orleans,[42] the Court, in very similar circumstances, applied *res judicata* when it considered the effect of a final, state-court judgment in the Southeast Louisiana Drainage ("SELA") cases on a record that contains only a few of the foregoing sixteen virtual representation facts.

In the SELA cases, hundreds of plaintiffs filed independent suits for property

---

[42]     Shimon v. S&WB, 2006 WL 2088304 (E.D. La. July 25, 2006).

damage claims allegedly arising out of the design and construction of drainage improvements in the Broadmoor area of New Orleans. The SELA plaintiffs brought suit against the Sewerage & Water Board ("S&WB"), and the S&WB brought third party demands against the engineers.

Three of the SELA plaintiffs were elderly so those three cases (collectively, "Holzenthal Plaintiffs") were severed from the hundreds of other petitioners, and the three severed cases were then consolidated and tried to judgment. In Holzenthal, the state trial court issued a judgment dismissing the S&WB's third party demands against the engineers ("Holzenthal Judgment"). Subsequently, after the remaining SELA cases were removed to federal court, the Court[43] found that the interests of the Holzenthal Plaintiffs and those of the remaining SELA plaintiffs were sufficiently aligned so that the Holzenthal Judgment was *res judicata*. The Court held that the Holzenthal Judgment was *res judicata* as to remaining cases.

> Moreover, when one party's interests were adequately represented by a second party to an earlier action who may be considered the first party's virtual representative because their interests are closely aligned, the presence of the first party in later litigation does not disrupt the res judicata analysis. Forum for Equality, PAC v. McKeithen, 893 So.2d 738, 745 (La. 2005). The Court finds that the interests of the Shimon, Sheen, Blalock and Smith plaintiffs are closely aligned with those of the Holzenthal, *et al* plaintiffs such that they could be considered their virtual representative for the purpose of res judicata analysis.[44]

Here, as in Shimon, the Original Plaintiffs' interests and the subsequent plaintiffs' interests are closely aligned; all interests flow from the damage wrought by the levee breaches. The

---

[43]     These cases were removed to Federal Court and consolidated for pre-trial purposes.

[44]     Shimon v. S&WB, 2006 WL 2088304, at *3 (E.D. La. July 25, 2006). The Court decided this case under Louisiana's *res judicata* statute.

Court has dismissed the tort, remoteness, and fraud exception claims against the Engineers in a final Judgment.  Therefore, following <u>Shimon</u>, virtual representation privity is proper between the Original Plaintiffs and the remaining plaintiffs,[45] and the Judgment bars all claims by all plaintiffs against the Engineers.

"Preclusion is rooted in concerns of judicial economy."[46]  "A liberal use of virtual representation better accommodates the competing considerations of judicial economy and due process."[47]

### 4.    Virtual Representation Prevents Deliberate Maneuvering to Avoid the Effects of the First Judgment

One of the purposes of *res judicata* is to conserve judicial resources by discouraging "fence-sitting" by non-parties who seek a second "bite at the litigative apple."[48]  Here the filing of the complaints in both <u>Gordon</u> and <u>Williams</u>, beginning on the second working day after the argument on the Engineers' Motions, was such an attempt.  On June 29, 2006, the Original Plaintiffs filed an opposition and an affidavit fully admitting knowledge of the fraud exception to peremption, but did not plead fraud.  And during oral argument on August 25, 2006, the Original Plaintiffs admitted that the complainants lacked fraud

---

[45]    The Fifth Circuit has held:

> Somewhat less settled is the principle, expounded by this court, that a non-party is bound where a party to the original suit is "so closely aligned to the non-party's interests as to be his virtual representative."  <u>Meza v. Gen. Battery Corp.</u>, 908 F.2d 1262, 1267 (5th Cir. 1990) (quoting <u>Aerojet-Gen. v. Askew</u>, 511 F.2d 710, 719 (5th Cir. 1975)).

[46]    <u>Tyus v. Schoemehl</u>, 93 F. 3d 449, 453 (8th Cir. 1996).

[47]    <u>Tyus</u>, 93 F. 3d at 455.

[48]    <u>Tyus</u>, 93 F. 3d at 456-57.

particularity.  Both Gordon's and Williams' complaints, filed during the last week of August, were timed to avoid the effect of peremption by lodging fraud exceptions to claims after plaintiffs exhausted June, July and August in opposition - all the while failing to plead fraud. No Original Plaintiff moved to amend to plead fraud timely.  None moved to lift the pleading cut-off date.  Of the August Plaintiffs, only Williams and Gordon allege fraud; but other than using the word "fraud", they offer no new allegations to describe a fraud: what engineers were involved; what projects were involved; when did the fraudulent acts take place, etc. Conservation of judicial resources, when confronted with patent fence-sitting, is a bona fide reason to apply *res judicata* and to bar all claims.

### III.    *RES JUDICATA* BARS ALL CLAIMS AND COLLATERAL ESTOPPEL PRECLUDES ALL ISSUES BY ALL PLAINTIFFS

The doctrines of *res judicata* and collateral estoppel avoid wasting time and judicial resources by prohibiting, respectively, relitigation of claims or issues.

> The canon of res judicata encompasses two separate, but interrelated doctrines: 1) true res judicata or claim preclusion; and 2) collateral estoppel or issue preclusion.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).  While claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit, . . . [c]ollateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.  U.S. v. Mendoza, 104 Sup. Ct. at 571, 572 (1984).[49]

### A.    The Judgment Bars all Claims in all Complaints

*Res judicata* bars all claims that were brought or which could have been brought by the Original Plaintiffs and now by any plaintiff in privity.

---

[49]    Donaldson v. Acosta, 163 F. App'x 261 p.2 2006 WL 25971 (5th Cir. 2006).

> The federal doctrine of **res judicata bars** relitigating any part of the cause of action in question, including **all claims** and defenses that **were actually raised** or **could have been raised**. . . . **Looking beyond the pleadings** to **what could have been pleaded**, however, is precisely what **is required** by the federal law of res judicata, and precisely what was called for in this case.[50]

In opposition to the Engineers' Motion, the Original Plaintiffs raised all claims now asserted in the August suits - tort claims, remoteness claims and the fraud exception to peremption in an affidavit, in opposition filings, in Sur-Reply and at oral argument.  By their own admission, the Original Plaintiffs could have pled fraud, but did not bring a fraud count into those actions which have now been dismissed nor did they offer any further allegation adequate to suggest the remoteness complaint.  Therefore, under an ordinary application of *res judicata*, since all plaintiffs are in privity, all claims that were brought or which could have been brought, including counts that purport to state tort and fraud claims, are barred as a matter of law.

### B.  Collateral Estoppel Precludes Relitigation of All Previously Decided Issues

On April 11, 2006, the Court ordered, "[O]ne joint motion concerning any **particular issue** that applies to groups of plaintiffs or defendants shall be filed by committee and oppositions thereto filed by the opposing committee."[51]  It is a waste of a party's time and of the courts' resources to relitigate the particular issues that the Plaintiffs' Committee raised in opposition to the Engineers' Motion and which the Court decided in the December 8, 2006 Judgment.  In the event that *res judicata* does not apply to all claims, then

---

[50]   Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 715 (5th Cir. 1975) (emphasis added).

[51]   Doc. No. 69 (emphasis added).

17

collateral estoppel regulates all issues.  Under the doctrine of issue preclusion, all non-parties to the Engineers' Motion, who are in privity[52] with the Original Plaintiffs, are also bound by the issues that the Court  decided.   The Court decided three particular issues:

1.   Tort Peremption:  **Granted** the Engineers' Rule 56 Joint Motion for Summary Judgment on the affirmative **defense of Peremption**.[53]

2.   Tort Remoteness:  Found that, "[P]laintiffs submitted **no competent evidence** to indicate that any work performed **on the remote area** would have any bearing on any of the areas that failed.  Without such

---

[52]   This Court has previously dismissed the Engineers from suits brought by putative class claimants that share the identity of parties with the August and Bradley Plaintiffs.

Collateral estoppel, like the related doctrine of res judicata, serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'  In furtherance of those policies, this Court in recent years has broadened the scope of the doctrine of collateral estoppel beyond its common law limits.  It has done so by abandoning the requirement of mutuality of parties . . . .

U.S. v. Mendoza, 464 U.S. 154, 158 (1984) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 (L.Ed.2d 308 (1980)).

Following the Supreme Court's finding that mutuality is not always required, the Fifth Circuit held:

Complete identity of parties in the two suits is not required.  A preclusion defense . . . may be invoked . . . in limited instances against a non-party to the prior suit.

. . . .

Federal courts will bind a non-party whose interests were represented adequately by a party in the original suit.

Terrell v. DeConna, 877 F2d 1267, 1270 (5th Cir. 1989); Meza, 908 F.2d at 173.

[53]   Doc. No. 2148, Reasons, p. 16. (emphasis added).

affidavit evidence, **plaintiffs have failed to raise a genuine issue as to a material fact as to the so-called "remote" work**.[54]

3.   <u>Fraud Exception</u>:  Found that, "As stated above, in LA. REV. STAT. 9:5607(E) provides that the statute would not be applicable in cases of fraud as defined in **LA. CIV. CODE ART. 1953**.  Again, there is **neither any allegation of fraud** in the various complaints, **nor is there any competent evidence** presented to the Court that would create a **genuine issue as to a material fact** or convince the Court to allow discovery on this issue."[55]

Under the federal rules of issue preclusion, a party is prevented from relitigating issues provided:

(1)   that the issue at stake be identical to the one involved in the prior litigation;

(2)   that the issue has been actually litigated in the prior litigation; and

(3)   that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action.[56]

The Judgment and Reasons confirm that all three issue preclusion requirements are present.  First, the Engineers moved for dismissal for failure to state a claim and for summary judgment on the basis of the defense of tort peremption.  Second, the Judgment and Reasons  demonstrate that tort claims and the "exception" issues of remoteness and of fraud, raised by the Plaintiffs' Committee and strenuously advocated, were the three focal points of the Judgment.  Third, peremption, remoteness and fraud were the central issues in the Court's Reasons and were a critical and necessary part of the Judgment.  All three issue preclusion prongs are complete.  For these reasons, the Engineers urge the

---

[54]     Doc. No. 2148, Reasons, p. 14. (emphasis added).

[55]     Doc. No. 2148, Reasons, p. 14. (emphasis added).

[56]     <u>Terrell v. DeConna</u>, 877 F.2d 1267, 1270 (5th Cir. 1989) (citing <u>Wehling v. Columbia Broadcasting System</u>, 721 F.2d 506, 508 (5th Cir. 1983)).

Court to dismiss all complaints against the Engineers that contain tort or fraud issues.

6.      **CONCLUSION**

For these reasons, the Engineers move to dismiss, with prejudice, the following civil actions in which they have, respectively,[57] been named:

    1)   Adams, Cathy 06-4065,
    2)   Adams, Glenn 06-4634,
    3)   Bradley, 06-225,
    4)   Breithoff, 06-5367,
    5)   Brock, 06-4931,
    6)   Cochran, 06-5785,
    7)   Cohen, 06-5042,
    8)   Deane, 06-6473,
    9)   Gisevius, 06-5308,
  10)   Gordon, 06-5163
  11)   Joseph, 06-5032,
  12)   Leduff, 06-5260,
  13)   O'Dwyer 06-4389,
  14)   O'Dwyer 06-5786,
  15)   Pontchartrain Baptist, 06-6642,
  16)   Williams, Edward 06-5471, and
  17)   Yacob, 06-5937.

---

[57]      Not all of the entities that comprise the Engineers/Architects group have been named in each of the 17 captioned cases.

Respectfully Submitted,

FOWLER, RODRIGUEZ & CHALOS          DEUTSCH, KERRIGAN & STILES, L.L.P.

_/s/ Mat M. Gray, III_                      _/s/ Charles F. Seemann, Jr._
MAT M. GRAY,III, T.A. (#6264)          CHARLES F. SEEMANN, JR., T.A. (#11912)
ALANSON T. CHENAULT, IV (#20747)       755 Magazine Street
400 Poydras Street, 30th Floor          New Orleans, Louisiana 70130
New Orleans, Louisiana  70130          Telephone: (504) 581-5141
Telephone:   (504) 523-2600            Facsimile: (504) 566-1201
Facsimile:     (504) 523-2705

**ATTORNEYS FOR:**                     **ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY, INC.,**  **BURK-KLEINPETER, INC. AND**
**DEFENDANT AND MOVER**                **DEFENDANT AND MOVER**


DEUTSCH, KERRIGAN & STILES, L.L.P.     LONG LAW FIRM

_/s/ Keith J. Bergeron_                 _/s/ Albert Dale Clary_
FRANCIS J. BARRY, JR., T.A. (#02830)    ALBERT DALE CLARY, T.A. (#4165)
FREDERICK R. BOTT (#3285)              ADRIAN G. NADEAU (#28169)
KEITH J. BERGERON (#25574)            One United Plaza
SCOTT J. HEDLUND (#30549)             Suite 500, 4041 Essen Lane
755 Magazine Street                    Baton Rouge, Louisiana 70809
New Orleans, Louisiana 70130          Telephone: (225) 922-5110
Telephone: (504) 581-5141             Facsimile: (225) 922-5105
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**                     **ATTORNEYS FOR:**
**MODJESKI AND MASTERS, INC.**         **GOTECH, INC.**
**DEFENDANT AND MOVER**                **DEFENDANT AND MOVER**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February, 2007, served a copy of the Memorandum in Support of Rule 56 *Res Judicata*, or in the Alternative, Collateral Estoppel, Joint Motion of Engineers for Summary Judgment to Dismiss All Claims, or in the Alternative, to Dismiss as all Issues are Precluded, on counsel for all parties to this proceeding, by e-filing, e-mail or United States Mail, postage prepaid.

/s/ *Keith J. Bergeron*
KEITH J. BERGERON