UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| LITIGATION | * | CIVIL ACTION |
| | * | No. 05-4182 |
| | * | SECTION "K" |
| RELATES TO LEVEE | * | MAGISTRATE "2" |
| *Williams, No. 06-5471* | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## MEMORANDUM IN SUPPORT OF
## ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
## RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") respectfully submits this memorandum in support of its motion for a more definite statement of Plaintiffs' Class Action Complaint (the "Complaint"). The Complaint fails to provide St. Paul with adequate notice of the charges against it or the specific allegations that form the bases of those charges. In fact, the Complaint fails to allege a single allegation against St. Paul individually, and, other than the caption, St. Paul's name does not appear in the Complaint. St. Paul assumes that it has been named as the insurer of one of the parties, but the Complaint does not identify who is the alleged insured of St. Paul and/or what insurance policy issued by St. Paul is in dispute. At a minimum, the plaintiffs must specify what person or entity the plaintiffs are alleging St. Paul insured and for which they are alleging St. Paul to be liable, and the policy period of such insurance policy that the plaintiffs allege is implicated by their claims.

INTRODUCTION

On August 29, 2006, Plaintiffs filed the "Class Action Complaint" in this Court.  The Complaint identifies a number of companies or governmental entities as named defendants, including St. Paul. Against these defendants, the Complaint sets forth 60 paragraphs of allegations asserting numerous claims, including negligence and fraud.  Not a single paragraph or allegation, however, is directed at St. Paul.

In an attempt to remedy the situation, St. Paul contacted counsel for Plaintiffs and informed counsel of the lack of allegations against St. Paul.  Counsel agreed to grant St. Paul an extension of time to respond during which counsel would amend the Complaint to make allegations against St. Paul.  In the meantime, this Court granted an extension of time to all defendants in the In re: Katrina Canal Breach Litigation.  To date, counsel has not amended the Complaint and the deadline for responsive pleadings is upon us.  Thus, St. Paul asks this honorable Court to order Plaintiffs to clarify their Complaint to put St. Paul on notice of the facts alleged against it, or to dismiss the illusory "claims" against St. Paul, as the Court feels appropriate.

LAW AND ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  Fed.R.Civ.P.12(e).  A Rule 12(e) motion will be denied if it is being used to uncover facts that should be determined during discovery. *Mitchell v. E-Z way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).  However, a Rule

12(e) motion is appropriate where the complaint fails to specify the allegations in a manner that provides sufficient notice. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

Moreover, when a complaint does not contain sufficient information to permit a defendant to frame a response, the proper remedy is a Rule 12(e) motion for more definite statement. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). *See also Canto v. Hibernia Nat'l Bank*, 1999 WL 378256, No. Civ. A .98-3773, at *2 (E.D. La. June 3, 1999) (Clement, J.) (Rule 12(e) motion granted where "[i]t is equally evident that Canto made no attempt to state 'when, how, where, and why' defendant violated her rights under a relevant statute").

In this case, the plaintiffs' Complaint is too vague to provide sufficient notice of the claims being made against St. Paul to allow St. Paul to respond. The Complaint does not provide any insight as to the allegations against St. Paul. The only information that the Complaint gives St. Paul is the knowledge that it has been named as a defendant.

The plaintiffs' failure to articulate a single allegation against St. Paul makes it impossible for St. Paul to understand the claims being made against it or to prepare a response to those claims. Thus, plaintiffs have failed to put St. Paul on notice of the facts that give rise to its alleged liability.

## CONCLUSION

The plaintiffs have failed to allege facts sufficient to put St. Paul on notice of the claims made against it or to allow St. Paul to file an appropriate response. Therefore, St. Paul respectfully requests that this Court order the plaintiffs to clarify their allegations against St. Paul.

Respectfully submitted,


/s/ April R. Roberts
Joseph P. Guichet, T.A., La. Bar # 24441
Ralph S. Hubbard, III, La. Bar # 7040
April R. Roberts, La. Bar #30821
**LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for St. Paul Fire and Marine Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2007, a copy of the foregoing Memorandum in Support of St. Paul Fire and Marine Insurance Company's Rule 12(e) Motion for a More Definite Statement was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys by operation of the court's electronic filing system.  Notice of this filing will be mailed to all non-participants of the court's electronic filing system.


/s/ April R. Roberts
April R. Roberts