UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 2005-4182 "K" (2) |
| | * | |
| _____ | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| *PALMER* C.A. No. 06-7540 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ENCOMPASS INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

NOW INTO COURT, through undersigned counsel, comes Defendant, Encompass Insurance Company ("Encompass"), who responds and answers Plaintiff's petition as follows:

### A.

### AFFIRMATIVE DEFENSES

First Defense.

Plaintiff has been fully compensated for all covered losses under her Encompass policy.

1

Second Defense.

Plaintiff's Encompass policy specifically excludes coverage for loss, *inter alia*, consisting of or caused by flood, including but not limited to surface water, waves, tidal water or overflow of body water, or spray from any of these, "whether or not driven by wind."

Third Defense.

Plaintiff's Encompass policy specifically excludes coverage for loss, *inter alia*, caused by faulty, inadequate, or defective planning, construction, or maintenance of property "whether on or off the residence premises by any person or organization."

Fourth Defense.

Plaintiff's Encompass policy specifically excludes coverage for loss, *inter alia*, caused by "weather conditions that contribute in any way with a cause of loss excluded" to produce a loss; and excludes loss when there are two or more causes of loss to property and the predominant cause of loss is excluded.

Fifth Defense.

If Plaintiff suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, and not Encompass.

Sixth Defense.

To the extent that monies recoverable under Plaintiff's policy are payable to a mortgagee or other third-party (collectively, "Mortgagee"), Encompass is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of their interest.

Seventh Defense.

Plaintiff's claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in her Encompass policy.

Eighth Defense.

Plaintiff's claims are barred in whole or in part by her failure to mitigate.

Ninth Defense.

The Louisiana Valued Policy statute, La. R.S. 22:695(A), does not apply to Plaintiff's Encompass policy or her claims in this action. *See* Slip Opinion, *Chauvin et al. v. State Farm Fire & Cas. Co. et al.*, No. 05-6454, Rec. doc. No. 20 (E.D. La. Aug. 2, 2006).

Tenth Defense.

Plaintiff's claims are subject to application of any and all deductibles as set forth in her Encompass policy.

Eleventh Defense.

To the extent that Plaintiff has previously agreed to fully compromise or resolve her claims, whether Encompass or with a third-party, Plaintiff's action is barred by release and/or the doctrine of accord and satisfaction.

Twelfth Defense.

Plaintiff may not have double recovery under her policies, and may not profit from an insurance claim.

Thirteenth Defense.

The Plaintiff's Complaint fails to state a claim for which this Honorable Court may grant relief.

Fourteenth Defense.

3

Encompass further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

B.

ANSWER

**AND NOW,** responding to the specific allegations of the petition, Encompass further states as follows:

Encompass denies the allegations in the introductory paragraph for lack of sufficient information to justify a belief therein.

1.

Except as expressly admitted herein, the allegations of Paragraph 1 are denied. Encompass admits it is a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

2.

Except as expressly admitted herein, the allegations of Paragraph 2 are denied. Encompass admits Plaintiff purports to own immovable property located at 3529 Tolmas Street, Metairie, Louisiana.

3.

Except as expressly admitted herein, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein. Encompass admits that Hurricane Katrina occurred.

4.

Except as expressly admitted herein, the allegations of Paragraph 4 are denied. Upon information and belief, Encompass admits it issued to Plaintiff an insurance policy providing certain coverage for property located at 3529 Tolmas Street, Metairie, Louisiana. Encompass avers the full contents of the policy as if copied herein *in extenso* as the terms and conditions of the policy speak for themselves.

5.

To the extent that an answer is required by Your Defendant of Paragraph 5, the allegations of Paragraph 5, upon information and belief, are admitted.

6.

To the extent that an answer is required by Your Defendant of Paragraph 6, the allegations of Paragraph 6, upon information and belief, are denied for lack of sufficient information to justify a belief therein.

7.

To the extent that an answer is required by Your Defendant of Paragraph 7, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

To the extent that an answer is required by Your Defendant of Paragraph 9, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

To the extent that an answer is required by Your Defendant of Paragraph 10, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

To the extent that an answer is required by Your Defendant of Paragraph 11, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

Except as expressly admitted herein, the allegations of Paragraph 12 are denied. Upon information and belief, Encompass admits it issued to Plaintiff an insurance policy providing certain coverage for property located at 3529 Tolmas Street, Metairie, Louisiana. Encompass avers the full contents of the policy as if copied herein *in extenso* as the terms and conditions of the policy speak for themselves.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied as written.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied. Encompass denies that the Louisiana Valued Policy statute, La. R.S. 22:695(A), applies to Plaintiff's Encompass Policy or her claims in this action. *See* Slip Opinion, *Chauvin et al. v. State Farm Fire & as. Co. et al.*, No. 05-6454, rec. Doc. No. 20 (E.D. La. Aug 2, 2006). Encompass avers the full contents of the policy as if copied herein *in extenso* as the terms and conditions of the policy speak for themselves.

22.

The allegations of Paragraph 22 are denied. Encompass denies that the Louisiana Valued Policy statute, La. R.S. 22:695(A), applies to Plaintiff's Encompass Policy or her claims in this action. *See* Slip Opinion, *Chauvin et al. v. State Farm Fire & as. Co. et al.*, No. 05-6454, rec. Doc. No. 20 (E.D. La. Aug 2, 2006). Encompass avers the full contents of the policy as if copied herein *in extenso* as the terms and conditions of the policy speak for themselves.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 are denied.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied. Encompass avers the full contents of the policy as if copied herein *in extenso* as the terms and conditions of the policy speak for themselves.

27.

The allegations of Paragraph 27 are denied.

28.

No answer is deemed necessary in response to Plaintiff's Prayer. To the extent an answer is deemed necessary, Plaintiff's Prayer is denied.

WHEREFORE, Defendant, Encompass Insurance Company prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceeding, this Court render judgment in its favor, with all costs and fees alleged against Plaintiff.

Respectfully Submitted,

/s Michael W. Collins
GLENN B. ADAMS (#2316)
MICHAEL W. COLLINS (#29129)
PORTEOUS, HAINKEL, & JOHNSON, LLP
704 Carondelet Street
New Orleans, Louisiana 70130-3774
Telephone: (504) 581-3838
Facsimile: (504) 581-4069
Email: gadams@phjlaw.com
mcollins@phjlaw.com
*Attorneys for Encompass Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 1st day of February, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic mail through CM/ECF, facsimile service, and/or by mailing same by United States Mail, properly addressed and first class postage prepaid.

s/ Michael W. Collins
GLENN B. ADAMS
MICHAEL W. COLLINS

9