UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |

PERTAINS TO:

**LEVEE, MRGO:**
Leduff          06-5260

**LEVEE:**

| | |
|---|---|
| Adams, Cathy | 06-4065 |
| Adams, Glenn | 06-4634 |
| Bradley | 06-0225 |
| Breithoff | 06-5367 |
| Brock | 06-4931 |
| Cochran | 06-5785 |
| Cohen | 06-5042 |
| Deane | 06-6473 |
| Gisevius | 06-5308 |
| Gordon | 06-5163 |
| Joseph | 06-5032 |
| Pontchartrain Baptist | 06-6642 |
| Yacob | 06-5937 |

**LEVEE, MRGO, RESPONDER:**
O'Dwyer          06-4389

**LEVEE, RESPONDER:**
O'Dwyer          06-5786

**NOT YET DESIGNATED:**
Williams, E.   06-5471

**MEMORANDUM IN SUPPORT OF ENGINEERS' RULE 12(b)(6) JOINT
MOTION TO DISMISS AND RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT**

*#351230v1<DKS> -Memo2SuppRule12MTD*

## 1.    **TABLE OF CONTENTS**

**PAGE**

1.   TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

2.   TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

3.   BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

4.   LAW AND ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

  I.   PEREMPTION BARS PLAINTIFFS' TORT CLAIMS. . . . . . . . . . . . . . . .  3

  II.   PLAINTIFFS' FRAUD ALLEGATIONS FAIL THE PARTICULARITY
       REQUIREMENT IN RULE 9, AND THEREFORE MERIT DISMISSAL
       ON THE FACE OF THE PLEADINGS. . . . . . . . . . . . . . . . . . . . . . . . . .  4

       A.   Plaintiffs' "Information and Belief" Pleadings are Unsupported
            and Therefore Fail to Satisfy the Minimum Requirement of
            Pleading Fraud under Rule 9. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

       B.   Plaintiffs Fail to Plead the Five Circumstances of the Fraud
            with  Particularity, Therefore, the Pleadings Violate Rule 9. . . . . .  6

            1.   Plaintiffs Fail to Plead "Who" Perpetrated the Fraud. . . . . .  8

            2.   Plaintiffs Fail to Plead "What" Constituted the Fraud. . . . . .  9

            3.   Plaintiffs Fail to Plead "When" the Fraud Occurred. . . . . .  11

            4.   Plaintiffs Fail to Plead "Where" the Fraud Took Place. . . .  11

            5.   Plaintiffs Fail to Plead "How" the Engineers Intended to
                 Benefit or to Harm Anyone. . . . . . . . . . . . . . . . . . . . . . . . .  12

  III.   PLAINTIFFS FAIL TO STATE A STATE-LAW BASED ARTICLE 1953
        FRAUD CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

  IV.   PLAINTIFFS' FAILURE TO WARN THEORIES ARE INSUFFICIENT
        TO QUALIFY AS A FRAUD EXCEPTION TO PEREMPTION. . . . . . . .  15

5.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

7.   ENGINEERS' JOINT APPENDIX IN SUPPORT OF RULE 12(B)(6) JOINT MOTION

TO DISMISS AND RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF PEREMPTION. . . . . . . . . . . . . . . . . . . . 22

8.    ENGINEERS' JOINT EXHIBITS AND LISTING. . . . . . . . . . . . . . . . . . . . . . . . 25

2. **TABLE OF AUTHORITIES**

**PAGE**

I.   FEDERAL DECISIONS

    A.   COURT OF APPEALS DECISIONS

Benchmark Electronics v. J.M. Huber Corp.,
   343 F.3d 719 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Costner v. URS Consultants,
   317 F.3d 883 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Doe v. Dow Chem.,
   343 F.3d 325 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Guidry v. Bank of LaPlace,
   954 F.2d 271 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Harris v. Black Clawson,
   961 F.2d 547 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

KSLA-TV v. Radio Corp. of America,
   732 F.2d 441 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Shushan v. Allwaste,
   992 F.2d 517 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Thompson v. Columbia/HCA Healthcare,
   125 F.3d 899 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Williams v. Bell Helicopter Textron,
   417 F.3d 450 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 12

Williams v. WMX Technologies,
   112 F.3d 175 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B.   DISTRICT COURTS

Lacoste v. Smithkline Beecham Clinical Lab,
   2000 WL 17838 (E.D. La. Jan. 10, 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

U.S. *ex rel.* Stewart v. The Louisiana Clinic,
   2002 WL 1066745 (E.D. La. May 28, 2002). . . . . . . . . . . . . . . . . . . . . . . . . .  6, 9, 10

II.   LOUISIANA PRECEDENT

A.   SUPREME COURT DECISIONS

Bunge Corp. v. GATX,
   557 So. 2d 1376 (La. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-17

Shelton v. Standard/700 Assocs.,
   2001-0587 (La. 10/16/01); 798 So. 2d 60 (La. 2001). . . . . . . . . . . . . . . . . . .  8, 13, 14

B.   COURT OF APPEAL DECISIONS

Anders v. J.L. Evans & Co.,
   187 So. 109 (La. App. 2nd Cir. 1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Billups v. Lyons,
   2001-1655 (La. App. 4 Cir. 5/29/02); 821 So. 2d 499. . . . . . . . . . . . . . . . . . . .  13, 15

Cortez v. Lynch,
   2002-1498 (La. App. 1 Cir. 5/09/03); 846 So. 2d 945. . . . . . . . . . . . . . . . . . . . .  13

Duplechin v. Adams,
   95-0480 (La. App. 1 Cir. 11/9/95); 665 So. 2d 80. . . . . . . . . . . . . . . . . . . . . . . .  15

McDonough Marine Service v. Doucet,
   95-2087 (La. App. 1 Cir. 06/28/96); 694 So.2d 305. . . . . . . . . . . . . . . . . . . . . . .  13

Poree v. Elite Elevator Services,
   98-0032 (La. App. 4 Cir. 04/08/98); 711 So. 2d 816. . . . . . . . . . . . . . . . . . . . . . .  16

III.   CODES, STATUTES & ADMINISTRATIVE REGULATIONS

A.   FEDERAL STATUTES

Fᴇᴅ. R. Cɪᴠ. P. 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fᴇᴅ. R. Cɪᴠ. P. 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.       LOUISIANA STATUTES

1990 La. Acts 712 § 1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Lᴀ. Cɪᴠ. Cᴏᴅᴇ art. 1953
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13

Lᴀ. Rᴇᴠ. Sᴛᴀᴛ. Aɴɴ. § 9:2772 B (2) (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Lᴀ. Rᴇᴠ. Sᴛᴀᴛ. Aɴɴ. § 9:5607. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Lᴀ. Rᴇᴠ. Sᴛᴀᴛ. Aɴɴ. § 9:5607A (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Lᴀ. Rᴇᴠ. Sᴛᴀᴛ. Aɴɴ. § 9:5607D (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV.    OTHER AUTHORITIES

    TREATISES

5A Cʜᴀʀʟᴇs Aʟᴀɴ Wʀɪɢʜᴛ & Aʀᴛʜᴜʀ R. Mɪʟʟᴇʀ,
   Fᴇᴅᴇʀᴀʟ Pʀᴀᴄᴛɪᴄᴇ ᴀɴᴅ Pʀᴏᴄᴇᴅᴜʀᴇ (3d ed. 2006). . . . . . . . . . . . . . . . . . . . . . 6, 7, 12

**MAY IT PLEASE THE COURT:**

On December 8, 2006, this Court entered judgment granting the Engineers' summary judgment motion ("Judgment").[1]   This Court dismissed the first fourteen consolidated cases that contained claims against the Engineers.

This motion seeks dismissal of suits filed after the Engineers' earlier motion was filed.  The remaining claims against the Engineers fall essentially into two categories: (1) negligence and (2) fraud.  The Engineers move to dismiss[2] (1) all state tort claims as perempted and (2) all other tort and fraud claims for failure to state a claim.[3]   The supporting documents for Engineers' initial joint motion are incorporated in this Motion,[4] and Burk-Kleinpeter, Inc. ("BKI") submits a brief, additional Affidavit regarding peremption of two 17th Street Canal projects which did not breach.[5]

---

[1]   Doc. No. 2149.  See also Doc. No. 2148 containing the Order and Reasons for Judgment.

[2]   The Engineers are also concurrently filing a separate motion to dismiss the remaining negligence claims on the basis of *res judicata*.  That motion submits that the Judgment also bars these remaining claims.  However, in the event the *res judicata* motion is not granted, this motion submits that these remaining negligence claims are also barred by peremption.

[3]   To the extent that these subsequently filed actions are not controlled by *res judicata* or collateral estoppel (issue preclusion), the Engineers move for summary judgment on the affirmative defense of peremption and incorporate by reference into this motion, all previously filed motion papers and seek dismissal under Rule 56.  *See* Engineers' Appendix Table No.1.

[4]   See Engineers Joint Appendix and Engineers Joint Exhibit, *infra*.

[5]   Declaration of Michael G. Jackson, BKI Exhibit No. 1, stating that two of the four remote projects BKI had on the 17th Street Canal were completed five years prior to Hurricane Katrina.

Most of the levee class action suits filed after the first fourteen mimic the earlier suits and thus the Judgment would control all later filed cases.  Two possible exceptions are: Creato Gordon v. U.S.A. et al, No. 06-5163 (E.D. La. filed August 28, 2006) and Edward Williams v. Bd. of Comm'rs et al, No. 06-5471 (E.D. La. filed August 29, 2006).  The same attorneys who filed several of the first twelve suits, in which peremption operated to bar all claims, also filed Gordon and Williams.  Gordon and Williams differ from the earlier suits in a major respect:  Both cases were filed immediately after the August 25, 2006 peremption argument, and are desperate efforts to avoid the Engineers' peremption defense by pleading, without particularity, that the Engineers fraudulently concealed defects in the levee or levee design and/or failed to warn of such defects.

On their face, the fraud claims in both Gordon and Williams suffer from at least three fatal defects.  First, plaintiffs failed to meet the Rule 9 requirement to plead fraud with particularity.[6]  Second, plaintiffs failed to state a LA. CIV. CODE art. 1953 fraud claim.  Third, plaintiffs' failure to warn theories are insufficient to qualify as a fraud exception to peremption.

For these reasons, the Court should dismiss, with prejudice, all complaints against the Engineers.

**3.    BACKGROUND**

In June 2006, plaintiffs admitted that they lacked a particular basis on which to plead fraud.

---

[6]    Two working days before filing Gordon, plaintiffs' counsel admitted in open court that they lacked sufficient particularity to support any fraud allegations.  Transcript of Hearing, Exhibit No. 1, p. 45, lines 14-16.

> Plaintiffs should have the opportunity, given the peremption defense, to raise allegations of fraud.  Plaintiffs have been unable to assert these very serious potential allegations due to Rule 11 constraints.[7]

Two months later, on August 25, 2006, in open court, counsel for plaintiffs again admitted a complete lack of a basis to plead fraud conceding, "That's one of these little **fraud problems** that we have that **we don't have enough particularity** at this point in time to address."[8]  Two working days after admitting in open court that "we don't have enough particularity," counsel for plaintiffs filed the fraud contentions in <u>Gordon</u> and, the next day, filed additional fraud contentions in <u>Williams</u>.  Given counsel for plaintiffs' admissions, it was entirely foreseeable that the August fraud averments would lack particularity.

## 4.   <u>LAW AND ARGUMENT</u>

### I.   **PEREMPTION BARS PLAINTIFFS' TORT CLAIMS**

The plaintiffs contend that the Engineers' performed services negligently.[9]  However, the Engineers proved[10] completion of all engineering services at every breach site before September 18, 2000.  The Court dismissed all tort claims against the Engineers arising out of a breach, including all "remoteness" claims to peremption.[11]  Accordingly, the Court

---

[7]      Plaintiffs' Omnibus Opposition, Document No. 686, page 10.

[8]      Transcript of Hearing, Exhibit No. 1, p. 45, lines 14-16 (emphasis added).

[9]      <u>Gordon</u>, ¶¶ 26-28 & 57; <u>Williams</u>, ¶¶ 54-57.

[10]      *See* Engineers' Appendix, Table No. 1, for the listing of pleadings incorporated into this motion in support of the Engineers' affirmative defense of peremption and re-urged in this motion.  *See also* Joint Exhibit No. 1.

[11]      Judgment, Doc. 2149.

should now dismiss all of the pending tort claims as perempted.[12]

## II. PLAINTIFFS' FRAUD ALLEGATIONS FAIL THE PARTICULARITY REQUIREMENT IN RULE 9, AND THEREFORE MERIT DISMISSAL ON THE FACE OF THE PLEADINGS

In Gordon, plaintiffs contend that five Engineers and thirteen other defendants perpetrated an Article 1953 fraud.[13]  "On information and belief," Gordon contends that a group of eighteen licensed and lay business and public entities collectively:

    (1)    failed to warn of or disclose the risks that the levees and floodwalls may fail,

    (2)    acquired knowledge and either remained silent or failed to act, and

    (3)    fraudulently concealed the risks that the new levees and floodwalls may fail.[14]

In Williams, plaintiffs also allege that the four Engineers and three other defendants collectively perpetrated an Article 1953 fraud.[15]  Plaintiffs allege that this group of seven defendants:

    (1)    knew, or reasonably should have known, that the levees could fail;

    (2)    failed to do what should have been done and failed to see what should have been seen; and

    (3)    remained silent or failed to act, and that this silence or inaction constitutes fraud.[16]

---

[12]    As set forth in § 2, plaintiffs' fraud averments are insufficient to defend peremption.

[13]    Gordon, ¶ 50.

[14]    Gordon, ¶¶ 26-28 & 57.

[15]    Williams, ¶ 57.

[16]    Williams, ¶¶ 54-57.

These unsupported pleadings based on "information and belief" do not state a fraud action; pleadings that lack particularity violate Rule 9 and plaintiffs' fraudulent concealment and inaction contentions are impeached by plaintiffs' admissions (that the Engineers disclosed what the plaintiffs' fraud claims contend that the Engineers had concealed).

**A.   Plaintiffs' "Information and Belief" Pleadings are Unsupported and Therefore Fail to Satisfy the Minimum Requirement of Pleading Fraud under Rule 9**

In Gordon, plaintiffs aver that each of the eighteen defendants perpetuated exactly the same fraud, based solely on information and belief.[17]   Unsupported "information and belief" allegations are insufficient to plead fraud.  Thus, if a plaintiff pleads fraud based on

---

[17]

> However, **upon information and belief**, Defendants **gained knowledge** from nearly **fifty (50) years** of science, engineering, dredging, design, construction, and maintenance of the 17th Street Canal levee system . . . a duty to constantly update and/or change areas . . . that posed a risk . . . . **Failure to disclose these risks constitutes fraud** in accordance with **article 1953** of the Louisiana Civil Code.
>
>        . . . .
>
> EUSTIS ENGINEERING COMPANY, INC.
>
> 1.      **Upon information and belief**, Defendant, Eustis . . . caused and/or contributed to the failure . . . .
>
>        . . . .
>
> 4.      . . . [**F**]**ailed to warn of or disclose the existence of risks** . . . and **fraudulently concealed** such risks.  **Failure to disclose** these constitutes **fraud** in accordance with **article 1953** of the Louisiana Civil Code.
>
> Gordon, ¶¶ 24, 57.  (emphasis added).  Similar allegations are made by the plaintiffs against the other engineers. See Gordon ¶¶ 58, 62.

information and belief, "the complaint must set forth a factual basis for such belief."[18] Despite the compulsory factual support requirement for fraud claims based on "information and belief," plaintiffs offer neither the basis for nor the source of either the "information" or the "belief." Plaintiffs have had access to technical experts for more than 16 months,[19] but Gordon offered nothing; not a single document or affidavit in support of the alleged "information and belief" based pleadings. Accordingly, the unsupported "information and belief" fraud averments in Gordon[20] violate Rule 9, and the Court should dismiss the fraud count as nothing more than unsupported conjecture.

### B. Plaintiffs Fail to Plead the Five Circumstances of the Fraud with Particularity, Therefore, the Pleadings Violate Rule 9

Rule 9(b) is clear in requiring particularity in all fraud claims. One purpose of Rule 9(b) is to allow a defendant to defend, not merely to deny.[21] "In all averments of fraud or

---

18     U.S. ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450, 454; see also U.S. ex rel. Stewart v. The Louisiana Clinic, 2002 WL 1066745, at *1 (E.D. La. May 28, 2002) (citing U.S. ex rel. Thompson v. Columbia/HCA Healthcare, 125 F.3d 899, 903 (5th Cir. 1997)). See also Lacoste v. Smithkline Beecham Clinical Lab., 2000 WL 17838, at *3 (E.D. La. Jan. 10, 2000). Allegations of the circumstances of a fraud based on information and belief, which are commonplace and often a necessity in many litigation contexts, usually do not satisfy the particularity requirement of Rule 9(b), unless accompanied by a statement of the facts upon which the pleader's belief is founded, but the application of the rule may be relaxed as to matters peculiarly within the opposing party's knowledge that the pleader is not privy to at the time the document is being drafted. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1298 (3d ed. 2006) (emphasis added).

19     In July 2006, in opposition to the Engineers' motions, the plaintiffs offered the affidavit of David Rosenberg, a purported engineer. Additionally, counsel for the O'Dwyer plaintiffs retained experts in October 2005.

20     See footnote 17 for highlighted information and belief pleadings.

21     See Costner v. URS Consultants, Inc., 317 F.3d 883, 889 (8th Cir. 2003).

mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[22]

Both Gordon and Williams seek to avoid the effect of peremption by alleging "group" fraud based on state law, Civil Code Article 1953.[23]  But state-law based fraud pleadings, like federal causes of action, are regulated by the same Rule 9 constraints.  There is  "no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules . . . ."[24]  Thus in a state-law based fraud complaint, plaintiff must state all five circumstances with particularity.  "[Rule 9(b)] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."[25]  The Gordon and Williams complaints fail all of the five particularity requirements.  "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure

---

[22]     FED. R. CIV. P. 9(b).

[23]     *See* footnote 17.

[24]     Williams v. WMX Technologies, 112 F.3d 175, 177 (5th Cir. 1997).

[25]     U.S. *ex rel.* Williams v. Bell Helicopter Textron, Inc., 417 F.3d 450, 453 (5th Cir. 2005) (citation omitted); Benchmark Electronics v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003); Doe v. Dow Chem., 343 F.3d 325, 329 (5th Cir. 2003).  Williams v. WMX Technologies, Inc., 112 F.3d 175, 177 (5th Cir. 1997); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (3d ed. 2006).  More specifically, the particularity requirements must include the following circumstances:

1.     The time,
2.     The place,
3.     The content of the false representations or omissions,
4.     The identity of the person making the misrepresentation or failing to make a complete disclosure, and
5.     What that defendant obtained thereby.

*See* Benchmark Electronics, 343 F. 3d at 723 (citations omitted).

to state a claim."[26]

### 1.    Plaintiffs Fail to Plead "Who" Perpetrated the Fraud

Gordon contends that the Corps modeled the breach mechanism in 1977 as the E-99 Test Section ("E-99 Test"); and that the Engineers committed fraud (1) by not using this data in the design, and (2) by failing to disclose the E-99 Test.[27]  However, Gordon never alleges that the Corps disclosed the E-99 Test to anyone.  Further, Gordon never alleges that any of the Engineers knew of the Corps E-99 Field Test Section before August 29, 2005.  The plaintiffs' failure to plead the identity of anyone employed by the Engineers who had actual knowledge of the E-99 Test before the levees breached confirms that Gordon fails to state a claim, which precludes a finding of fraud.[28]

One of the purposes of Rule 9(b) is to

---

[26]    Shushan v. Allwaste, Inc., 992 F.2d 517, 520 (5th Cir. 1993) (citing Guidry v. Bank of LaPlace, 954 F.2d 271, 281 (5th Cir. 1992)).

[27]    Gordon, ¶¶ 25-28.  Gordon also alleges:

According to ILIT, there were significant errors during initial design . . . .  These included, but are not limited to:

> I.    Despite the E-99 test section (near Atchafalaya) . . . the results . . . were not subsequently used . . . .  This mechanism, which proved to be the actual field failure mechanism . . . .

Gordon, ¶ 26.  The plaintiffs further allege

. . . **Upon information and belief**, Plaintiffs aver that the Defendants . . . **had knowledge** of certain design and/or construction and/or dredging impacts . . . .

Gordon ¶ 27 (emphasis added).

[28]    See Shelton v. Standard/700 Assocs., 2001-0587, pp. 6-7 (La. 10/16/01); 798 So. 2d 60, 65.

> [G]uard against guilt by association . . . .  Thus allegations that 'lump all
> defendants together, failing to segregate the alleged wrongdoing of one from
> those of another,' do not satisfy the rule.[29]

Gordon lumps the Engineers together with the Corps, the Orleans Levee District , the

Sewerage and Water Board of New Orleans, the United States of America, and a plethora

of contractors, all business and public entities, without identifying even one person who the

plaintiffs contend was personally involved in any of the alleged wrongdoing.  Plaintiffs' do

not identify a single person whom they alleged knew of either the E-99 Test or of any other

causation knowledge and then perpetrated a fraud.[30]  The complaint must state the identity

of those persons who allegedly had knowledge and engaged in the fraud, not merely allege

that a group of seven engineers and contractors or of eighteen business and public entities

is collectively liable.[31]  Plaintiffs' group fault averment fails the "who" particularity prong of

Rule 9 by failing to identify the actor - either by name, position, or otherwise - within any

of the business entities who allegedly committed fraud.  Plaintiffs' complaint lacks all "who"

(identity) particularity; this alone warrants dismissal.

### 2.    Plaintiffs Fail to Plead "What" Constituted the Fraud

Plaintiffs contend that the Engineers had knowledge and that the Engineers' silence,

failure to disclose and/or fraudulent concealment constituted fraud; but they do not allege

what knowledge the Engineers had that constituted fraud.[32]

---

[29]   U.S. ex rel. Stewart v. The Louisiana Clinic, 2002 WL 1066745, at *2
(E.D. La. May 28, 2002) (citations omitted).

[30]   See Gordon, ¶ 51; Williams, ¶¶ 45 & 57.

[31]   See Doe, 343 F.3d at 329.

[32]   Gordon, ¶¶ 57.1-3; Williams, ¶¶ 45 & 57.

9

> Such 'legal conclusions masquerading as factual conclusions' do not suffice to state a claim even under the liberal pleading requirements of Rule 8. Certainly, they do not satisfy Rule 9(b).[33]

Plaintiffs' pleadings omit a description of "what" actual causation knowledge an employee of any of the Engineers allegedly had and did not disclose.

Plaintiffs aver that the defendants had "a duty to constantly update and/or change areas of the 17th Street Canal System that posed a risk . . . [and] failure to disclose constitutes fraud."[34]  The plaintiffs plead that the Corps' April 30, 2000 manual disclosed the allegedly excessive floodwall height.  According to plaintiffs, the allegedly excessive floodwall "height" was the fraud.[35]  However, construction of the floodwalls on the 17th Street Canal was completed in 1995, five years <u>before</u> the Corps published floodwall height standards in 2000.[36]  Whatever disclosures the 2000 manual made occurred five years after Engineers' completion of their work and five years before Katrina.  Any failure by the Engineers to exercise clairvoyance cannot support a claim of fraud.

---

[33]    <u>Stewart</u>, 2002 WL 1066745, at *5 (citation omitted).

[34]    <u>Gordon</u>, ¶ 24.

[35]    <u>Gordon</u>, ¶¶ 18 & 19.

[36]    *See* Acceptance Certificate, Document 463, Exhibit 2.6.

### 3.    Plaintiffs Fail to Plead "When" the Fraud Occurred

Plaintiffs' averment that the Engineers' gained knowledge over five decades, does not fairly plead the timing of the alleged fraud.[37]  The complaint lacks date, week, month, year, even decade particularity.

Similarly, plaintiffs do not allege when each Engineer - or any one of them - learned of the failure mechanism and when an Engineer failed to disclose that the levees might fail due to a specific causal defect.  This glaring omission is consistent with plaintiffs' vague pleadings, but further undermines plaintiffs' fraud claims.

### 4.    Plaintiffs Fail to Plead "Where" the Fraud Took Place

Similarly, plaintiffs' averments do not specify a location where the fraud occurred. Plaintiffs do not state if the fraud occurred on a canal, in an office building, at a restaurant or at some other location.   Plaintiffs offer no context within which the fraud allegedly occurred.  Plaintiffs fail to identify a particular document, a location or a communication linked to an Engineer.  Plaintiffs'  pleading fails the "where" particularity prong of Rule 9.

---

[37]     "However, upon information and belief, defendants gained knowledge from over fifty years . . . ."  <u>Gordon</u>, ¶ 24; <u>Williams</u>, ¶¶ 45 & 57.

11

### 5.   Plaintiffs Fail to Plead "How" the Engineers Intended to Benefit or to Harm Anyone

Plaintiffs' charge that Engineers' alleged culpability rests on conclusory Article 1953 fraud allegations but no where state how the Engineers accomplished the fraud.[38] General and conclusory allegations are insufficient to satisfy the particularity requirements set forth in Rule 9 to plead fraud.[39]

> As many judicial opinions have made clear, a pleader's general assertion of his opponent's "fraud" or "fraudulent conduct" or some other conclusory variant serves no informative function for either the district court or the defendant and therefore is insufficient under Rule 9(b) to raise an issue as to fraud without something more by way of supporting particulars.[40]

Dismissal of the fraud charges based on general, conclusory allegations[41] is warranted because plaintiffs' generic Article 1953 fraud complaints fail to comply with Rule 9(b)'s "how" particularity requirement.[42]

### III.   PLAINTIFFS FAIL TO STATE A STATE-LAW BASED ARTICLE 1953 FRAUD CLAIM

Plaintiffs plead Civil Code Article 1953 fraud, but no where state how any of the Engineers intended to benefit or to harm anyone.

---

[38]    *See* footnotes 13-16.

[39]    *See* Williams v. Bell Helicopter Textron, 417 F.3d 450, 454 (5th Cir. 2005).

[40]    5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 (3d ed. 2006).

[41]    A pleading that simply avers the technical elements of fraud without providing any showing that a factual relationship exists between the defendant or defendants and the challenged conduct does not have sufficient informational content to satisfy the rule's pleadings-with-particularity requirements.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297 (3d ed. 2006).

[42]    *See* Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992).

> Fraud is a misrepresentation or a suppression of the truth **made with the intention** either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction(emphasis added).[43]

Civil Code Article 1953 fraud requires (1) a misrepresentation or a suppression of the truth, and (2) an intention, either to obtain an unjust advantage or to cause a loss or inconvenience.[44]  A cursory review of the complaints discloses that plaintiffs failed to plead each element of state-law based fraud.

First, plaintiffs failed to plead that any Engineer engaged in any misrepresentation or suppression of the truth.  The complaints allege, at most, obvious defects or errors in the design.[45]  Allegations of negligence are not synonymous with fraud.[46]  Plaintiffs plead neither what the Engineers' supposedly misrepresented nor what truth the Engineers suppressed.

Second, plaintiffs failed to plead deceit.  "Fraudulent intent, which constitutes the intent to deceive, is a necessary element of fraud."[47]  <u>Williams</u> contends that there were

---

[43]   LA. CIV. CODE art. 1953. The silence or inaction contemplated in the Article must be calculated to produce a misleading effect.  <u>Id.</u> (revision cmt.(b)(1984)).

[44]   *See* <u>Cortez v. Lynch</u>, 2002-1498 (La. App. 1 Cir. 5/09/03); 846 So. 2d 945, 950; <u>McDonough Marine Service v. Doucet</u>, 95-2087 (La. App. 1 Cir. 06/28/960; 694 So.2d 305, 308 (citations omitted); <u>Shelton v. Standard/700 Assoc.</u>, 2001-0587, p.4 (La. 10/16/01); 798 So. 2d 60, 64 (citation omitted).

[45]   <u>Gordon</u>, ¶¶ 26-28, 57; <u>Williams</u>, ¶ 57.

[46]   <u>Anders v. J.L. Evans & Co.</u>, 187 So. 109 (La. App. 2nd Cir. 1938).

[47]   <u>Cortez</u>, 846 So. 2d at 950; <u>McDonough</u>, 694 So.2d at 309.  *See also* <u>Billups v. Lyons</u>, 2001-1655, pp. 5-10 (La. App. 4 Cir. 5/29/02); 821 So. 2d 499, 505-506.

significant errors made on the London Avenue Canal,[48] and that the Engineers' silence, in failing to disclose this "obvious defect," constituted Article 1953 fraud.[49]  Plaintiffs are mistaken because Article 1953 requires that a perpetrator commit deceit.  By definition, deceit cannot be obvious, and plaintiffs have pled "obvious defect."  The plaintiffs' own characterization of the "obvious" nature of the alleged defect suffice to defeat all fraud claims.

The other averments in the complaints,[50] regarding what the Engineers should have known, what they failed to see and what they should have seen, are nothing more than speculation and do not claim deceit.  Speculation is insufficient to plead intent to deceive, which intent must be based upon actual knowledge, a prerequisite to proving fraud.[51]  What

---

[48]     The alleged failure to require the sheet piles, that supported the floodwalls, terminate in clay, not in sand.  Williams, ¶ 42.

[49]     Williams, ¶ 57.

[50]     Because of their work on the London Avenue Canal levee and flood wall improvement project, defendants BOARD OF COMMISSIONERS OF THE ORLEANS PARISH LEVEE DISTRICT, MODJESKI AND MASTERS, LLC, BURK KLEINPETER, INC., B&K CONSTRUCTION COMPANY, INC., GO-TECH, ENGINEERING, and EUSTIS ENGINEERING COMPANY, INC., **knew, or reasonably should have known** . . . the sheet piles necessary to support the I-walls atop the earthen levees should have been placed to a depth of fifty feet.

Williams, ¶ 45.

[F]ailed to do what should have been done and failed to see what should have been seen . . . .

Williams, ¶ 54.

[51]     Shelton v. Standard/700 Assoc., 2001-0587, pp. 6-7 (La. 10/16/01); 798 So. 2d 60, 65; Louisiana Pigment Co. v. Scott Construction Co., 06-1026, pp. 9-10 (La. App. 3rd Cir. 12/20/06), 2006 WL 3733102.

a defendant "should have known is irrelevant in the fraud context.   Without actual knowledge, there can be no intent to defraud."[52] Even plaintiffs admit that their contentions are not fraud counts, but are merely tort claims.   "The question becomes - - a familiar question in **tort cases such as this** - - what did the defendants know and when did they know it?"[53]

Plaintiffs' counsel admitted, "Fraud goes to intent,"[54] but plaintiffs never plead intent. Omitting an intent averment from the pleadings is fatal to any complaint attempting to state an Article 1953 fraud claim.[55]  Plaintiffs' pleadings fail the "suppression" and "intent" prongs of Article 1953.

## IV.   PLAINTIFFS' FAILURE TO WARN THEORIES ARE INSUFFICIENT TO QUALIFY AS A FRAUD EXCEPTION TO PEREMPTION

Seeking to maintain otherwise extinguished claims,[56] plaintiffs advance various

---

[52]   Bunge Corp. v. GATX, 557 So. 2d 1376,1388 (Cole, J., dissenting on application for rehearing).

[53]   Transcript, Exhibit No. 1, p. 25, lines 23-25 (emphasis added).  *See also* Williams, ¶¶ 55 & 56.

    As a direct and proximate result of . . . negligence, Plaintiffs sustained damages . . . .

    In addition to the above stated negligence . . . petitioners therefore plead the doctrine of *res ipsa loquitur.*

[54]   Transcript, Exhibit No. 1, p. 26, line 3.

[55]   Billups v. Lyons, 2001-1655 (La. App. 4 Cir. 5/29/02); 821 So. 2d 499, 505-506.  *See also* Duplechin v. Adams, 95-0480 (La. App. 1 Cir. 11/9/95); 665 So. 2d 80.

[56]   Judgment, Doc. No. 2148.

"failure to warn" fraud theories[57] as exceptions to peremption.[58]  Twenty-two years ago, the

Fifth Circuit dismissed identical "failure to warn" fraud theories and upheld the peremptive

bar.

> Clearly, **failure to warn** of a danger arising from the design or construction
> of the tower, **whether knowledge of the danger was obtained
> subsequently or not, would fall within the statute**.[59]

In KSLA-TV, the Fifth Circuit held that the peremption statute "applied to all actions by its

terms," therefore, all failure to warn theories were perempted.

Initially, Louisiana state courts failed to follow the Fifth Circuit's KSLA-TV decision.

In Bunge,[60] the Louisiana Supreme Court announced a two-part "failure to warn" fraud

exception to peremption.[61]

> Nevertheless, in a cause of action based on **failure to warn**, the . . . plaintiff
> **must not only show a defect** or hazard **but must establish knowledge** on
> the part of the builder in order to present a viable cause of action.[62]

---

[57]    Gordon, ¶¶ 26-28, 57; Williams, ¶¶ 56 and 57.

[58]    The peremptive period provided in subsection A of this Section shall not
apply in cases of fraud, as defined in Civil Code Article 1953.  LA. REV.
STAT. ANN. § 9:5607 D  (2006).

[59]    KSLA-TV v. Radio Corp. of America, 732 F.2d 441, 444 (5th Cir. 1984)
(emphasis added).  Later, the Louisiana Legislature adopted KSLA's
peremption logic and expressly incorporated all failure to warn claims into
the definition of deficiency in Section 9:2772.  "Deficiency . . . includes
failure to warn . . . regardless of when knowledge . . . is obtained or
should have been obtained."  LA. REV. STAT. ANN. § 9:2772 B (2) (1990).
Poree v. Elite Elevator Services, 98-0032 (La. App. 4 Cir. 04/08/98); 711
So. 2d 816.

[60]    Bunge Corp. v. GATX, 557 So. 2d 1376, 1381 (La. 1990).

[61]    A short-lived peremption exception that the Louisiana Legislature would
strike down only three months later.  1990 La. Acts 712 § 1.

[62]    Bunge, 557 So.2d at 1384-85 (emphasis added).

Under Bunge, failure to warn qualified as a fraud exception to peremption only because the defendant acquired actual knowledge of the defect that caused the failure. Bunge recognized that no liability could arise when the defendant timely disclosed knowledge of the deficiency.[63]

In June of 1990, the Louisiana Legislature overturned Bunge's failure to warn fraud exception, and amended the Peremption Act to expressly include all failure to warn actions within the definition of deficiency.[64] Thus Gordon and Williams rely on a failure to warn exception to peremption applicable to contractors that the legislature overturned more than fifteen years ago. Plaintiffs have utterly failed to qualify under the superceded Bunge exception because plaintiffs have not pled that the Engineers' acquired actual knowledge of the causal defect before the breaches occurred.

Finally, the peremption statute applicable to engineers, LA. REV. STAT. ANN. § 9:5607, never allowed failure to warn claims to qualify as an exception to peremption.

> No action for damages against any professional engineer . . . whether based upon tort, or breach of contract, or otherwise . . . shall be brought unless filed . . . within five years . . . .[65]

Section 9:5607 is stark. Section 9:5607 is crystal clear. Section 9:5607 does not contain an exception based on either a failure to warn or a deficiency. Since no failure to warn exception exists, Section 9:5607 extinguished all tort claims before the levees failed.

---

[63]   Bunge, 557 So.2d at 1383.

[64]   1990 La. Acts. 712 § 1; See also Harris v. Black Clawson, 961 F.2d 547, 554, n. 21 (5th Cir. 1992).

[65]   LA. REV. STAT. ANN. § 9:5607A (2006).

17

5.   **CONCLUSION**

Peremption bars all negligence claims against the Engineers.

Plaintiffs' fraud complaints are fatally flawed.  First, plaintiffs based their fraud counts on unsupported information and belief averments.  Second, plaintiffs failed to satisfy any of the five compulsory particularity requirements for pleading fraud.  Third, the complaints fail to state the two required elements of a cause of action in fraud under Article 1953.  Fourth, the plaintiffs "failure to warn" allegations are insufficient to qualify as fraud.  Finally, based on plaintiffs' "no particularity" admission in open court, the fraud claims facially violate Rule 9, common sense and good faith pleading rules.  Thus the Court should dismiss the complaints.[66]

For these reasons, the Engineers seek dismissal, with prejudice, from the following civil actions in which they have, respectively,[67] been named:

1)   Adams, Cathy 06-4065,
2)   Adams, Glenn 06-4634,
3)   Bradley, 06-0225,
4)   Breithoff, 06-5367,
5)   Brock, 06-4931,
6)   Cochran, 06-5785,
7)   Cohen, 06-5042,
8)   Deane, 06-6473,
9)   Gisevius, 06-5308,
10)  Gordon, 06-5163
11)  Joseph, 06-5032,
12)  Leduff, 06-5260,
13)  O'Dwyer 06-4389,

---

[66]   Alternatively, the Court could permit the plaintiffs to amend by providing a more definite statement in an attempt to comply with Rule 9.  *See* FED. R. CIV. P. 12(e).  But plaintiffs' admissions demonstrate that an amendment would be futile.

[67]   Not all of the entities that comprise the Engineers/Architects group have been named in each of the 17 captioned cases.

14)    O'Dwyer 06-5786,

15)    Pontchartrain Baptist, 06-6642,

16)    Williams, Edward 06-5471, and

17)    Yacob, 06-5937.

Respectfully Submitted,


FOWLER, RODRIGUEZ & CHALOS    DEUTSCH, KERRIGAN & STILES, L.L.P.


 /s/ *Mat M. Gray, III*           /s/ *Charles F. Seemann, Jr.*

MAT M. GRAY, III, T.A. (#6264)      CHARLES F. SEEMANN, JR., T.A. (#11912)
ALANSON T. CHENAULT, IV (#20747)   755 Magazine Street
400 Poydras Street, 30th Floor        New Orleans, Louisiana 70130
New Orleans, Louisiana  70130       Telephone: (504) 581-5141
Telephone:   (504) 523-2600         Facsimile: (504) 566-1201
Facsimile:    (504) 523-2705

**ATTORNEYS FOR:**                **ATTORNEYS FOR:**
**EUSTIS ENGINEERING COMPANY,**   **BURK-KLEINPETER, INC. AND**
**INC.,**                             **DEFENDANT AND MOVER**
**DEFENDANT AND MOVER**


DEUTSCH, KERRIGAN & STILES, L.L.P.   LONG LAW FIRM


 /s/ *Keith J. Bergeron*           /s/ *Albert Dale Clary*

FRANCIS J. BARRY, JR., T.A. (#02830)   ALBERT DALE CLARY, T.A. (#4165)
FREDERICK R. BOTT (# 3285)       ADRIAN G. NADEAU (#28169)
KEITH J. BERGERON (#25574)        One United Plaza
SCOTT J. HEDLUND (#30549)         Suite 500, 4041 Essen Lane
755 Magazine Street              Baton Rouge, Louisiana 70809
New Orleans, Louisiana 70130       Telephone: (225) 922-5110
Telephone: (504) 581-5141         Facsimile: (225) 922-5105
Facsimile: (504) 566-1201

**ATTORNEYS FOR:**                **ATTORNEYS FOR:**
**MODJESKI AND MASTERS, INC.**     **GOTECH, INC.**
**DEFENDANT AND MOVER**         **DEFENDANT AND MOVER**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 1st day of February, 2007, served a copy of the

Memorandum in Support of Rule 12 (b)(6)  Engineers' Joint Motion and Rule 56 Joint

Motion for Summary Judgment, on counsel for all parties to this proceeding, by e-filing, e-

mail or United States Mail, postage prepaid.


_____/s/ *Keith J. Bergeron*_____
KEITH J. BERGERON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |

PERTAINS TO:        **LEVEE, MRGO:**
***LEVEE:***          Leduff   06-5260

| | | |
|---|---|---|
| Adams, Cathy | 06-4065 | **LEVEE, MRGO, RESPONDER:** |
| Adams, Glenn | 06-4634 | O'Dwyer 06-4389 |
| Bradley | 06-0225 | **LEVEE, RESPONDER:** |
| Breithoff | 06-5367 | O'Dwyer 06-5786 |
| Brock | 06-4931 | ***NOT YET DESIGNATED:*** |
| Cochran | 06-5785 | Williams, E. 06-5471 |
| Cohen | 06-5042 | |
| Deane | 06-6473 | |
| Gisevius | 06-5308 | |
| Gordon | 06-5163 | |
| Joseph | 06-5032 | |
| Pontchartrain Baptist | 06-6642 | |
| Yacob | 06-5937 | |

**7. ENGINEERS' JOINT APPENDIX IN SUPPORT OF RULE 12(B)(6) JOINT MOTION TO DISMISS AND RULE 56 JOINT MOTION FOR SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF PEREMPTION**

   1.  Table No. 1: Listing of Incorporated Prior Filings

TABLE NO. 1:  LISTING OF INCORPORATED PRIOR FILINGS

| # | DOC. # | DATE | TITLE |
|---|--------|------|-------|
| 1 | 463 | 6/01/06 | 1)  Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment On the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on Behalf of Eustis Engineering Company, Inc., Burk - Kleinpeter, Inc. and Modjeski and Masters, Inc., 2)  Memorandum in Support of Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on Behalf of Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc. And Modjeski and Masters, Inc., 3)   Notice of Hearing, 4)   Declaration of Michael G. Jackson, 5)   Burk-Kleinpeter, Inc.'s Rule 56 Statement of Material Facts as Basis for Motion to Dismiss on Peremption, 6)   Appendix in Support of Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and MRGO Groups of Plaintiffs' Complaints on Behalf of Eustis Engineering Company, Inc., 7)   Statement of Undisputed Material Facts Under Local Rule 56.1 on Behalf of Eustis Engineering Company, Inc., 8)   Appendix to Modjeski and Masters, Inc,'s Rule 12(b)(6) and Rule 56 Motions |
| 2 | 552 | 6/13/06 | Motion for Summary Judgment |
| 3 | 747 | 7/10/06 | Joint Reply on Behalf of the Engineers to Plaintiffs' Opposition to the Engineers' Joint Motions and Joint Opposition on Behalf of the Engineers to Plaintiffs' Rule 56(f) Request |
| 4 | 792 | 7/19/06 | Supplemental Memorandum in Support of Burk-Kleinpeter, Inc. |
| 5 | 894 | 8/11/06 | GOTECH Motion for Summary Judgment, with Memorandum (Doc. 894-2), Exhibits (Doc. 894-3) and Statement of Uncontested Facts (Doc. 894-4). |
| 6 | 911 | 8/11/06 | First Supplemental Affidavit of William W. Gwyn |

| # | DOC. # | DATE | TITLE |
|---|--------|------|-------|
| 7 | 952 | 8/21/06 | Engineers' Joint Opposition on Behalf of Burk-kleinpeter, Inc., Eustis Engineering Company, Inc., and Modjeski and Masters, Inc.<br>To Plaintiffs' Motion for Leave to Exceed Page Limitation and to Plaintiffs' Sur-reply for the Levee Breach Litigation Group to the Engineers' Responses and Supplemental Memoranda to Plaintiffs' Omnibus Memorandum in Opposition to the Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment on the Affirmative Defense of Peremption to Dismiss the Levee and Mrgo Groups of Plaintiffs' Complaints |
| 8 | 1064 | 8/30/06 | Engineers' Joint Opposition on Behalf of Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., Modjeski and Masters, Inc. and GOTECH, Inc. to Plaintiffs' Surreply, Including<br>Related Document Nos. 945, 946 and 1021 |
| 9 | 1094 | 9/08/06 | Engineers' Joint Objection on Behalf of Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., and Modjeski and Masters, Inc., to Plaintiffs' Supplemental Memorandum in Support of the Levee Breach Litigation Group's Sur-reply to the Engineers' Responses and Supplemental Memorandum to Plaintiffs' Omnibus Memorandum in Opposition to Engineers' Rule 12(b)(6) Joint Motion and Rule 56 Joint Motion for Summary Judgment |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K"(2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| _____ | § | |

PERTAINS TO:
*LEVEE:*

| | | |
|---|---|---|
| Adams, Cathy | 06-4065 |
| Adams, Glenn | 06-4634 |
| Bradley | 06-0225 |
| Breithoff | 06-5367 |
| Brock | 06-4931 |
| Cochran | 06-5785 |
| Cohen | 06-5042 |
| Deane | 06-6473 |
| Gisevius | 06-5308 |
| Gordon | 06-5163 |
| Joseph | 06-5032 |
| Pontchartrain Baptist | 06-6642 |
| Yacob | 06-5937 |

*LEVEE, MRGO:*
Leduff          06-5260
*LEVEE, MRGO, RESPONDER:*
O'Dwyer        06-4389
*LEVEE, RESPONDER:*
O'Dwyer        06-5786
*NOT YET DESIGNATED:*
Williams, E.  06-5471


8.   **ENGINEERS' JOINT EXHIBITS AND LISTING**

   1.   Exhibit No. 1:  August 25, 2006 Transcript (excerpts)