UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § § | C.A. NO. 05-4182; K-2<br><br>JUDGE: DUVAL<br><br>MAGISTRATE: WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PERTAINS TO:**

| **LEVEE:** | | **LEVEE, MRGO:** | |
|---|---|---|---|
| Adams, Cathy | 06-4065 | Leduff | 06-5260 |
| Adams, Glenn | 06-4634 | **LEVEE, MRGO, RESPONDER:** | |
| Gisevius | 06-5308 | O'Dwyer | 06-4389 |
| Gordon | 06-5163 | **LEVEE, RESPONDER:** | |
| Brock | 06-4931 | O'Dwyer | 06-5786 |
| Joseph | 06-5032 | | |
| Cochran | 06-5785 | | |
| Yacob | 06-5937 | | |
| Breithoff | 06-5367 | | |
| Deane | 06-6473 | | |
| Pontchartrain Baptist | 06-6622 | | |
| Cohen | 06-5042 | | |
| Williams, E. | 06-5471 | | |

### DECLARATION OF MICHAEL G. JACKSON IN SUPPORT OF ENGINEERS' SECOND JOINT MOTION FOR SUMMARY JUDGMENT

The declaration of Michael G. Jackson, made in accordance with 28 U.S.C. 1746, under penalty of perjury, avers as follows:



EXHIBIT BKI EXHIBIT NO. 1

(1)     My name is Michael G. Jackson and I am 58 years old. I was a resident of Orleans Parish Louisiana until Hurricane Katrina; presently I am residing at 5373 Courtyard Drive, Gonzales, Louisiana, 70737.

(2)     I am Executive Vice President of Burk-Kleinpeter, Inc. (BKI), and have been for 15 years. My qualifications as a Professional Engineer and my long employment and experience at BKI are detailed in my declaration dated May 24, 2006 and filed as part of the BKI Appendix to the Engineers' First Joint Motion for Summary Judgment, paragraphs 3-6, which I declare here are true and are incorporated here by reference.

(3)     Neither BKI or any of its personnel had anything at all to do in the design, construction, construction administration or inspection of construction, of any floodwalls or levees which failed along the 17th Street Canal in New Orleans during Hurricane Katrina.

(4)     On April 20, 2006, BKI filed court ordered Disclosures in earlier Katrina Levee Suits now consolidated with the suits which are the subject of this motion. I here specifically aver and offer under oath the truth of the statements made for BKI in those Disclosures. As set out in those earlier Disclosures, in the last 15 years, BKI has participated in only four projects along the 17th Street Canal, none of which failed in Katrina. The four projects were:

A. Additions to Pump Station No. 6 at the south end of the 17th Street Canal, for the New Orleans Sewerage and Water Board (SW&B).

B. Canal Street Canal Pumping Station outlet on the west side of the canal, south of I-10 right-of-way, for the Jefferson Parish Council (Jefferson).

C. Outlets for I-10 Pump Station into the east side of the 17th Street Canal, south of I-10, for the Louisiana Department of Transportation and Development (DOTD).

D. Bucktown Harbor Break Water project, outside the hurricane protection levee system, around the north end of the jetty on the west side of the canal, for Jefferson Parish Council.

A map of the canal, showing the location of each project is Exhibit J to BKI's Disclosures; and also in my Supplemental Declaration which was Exhibit I in support of Supplemental Reply by BKI to Plaintiffs' Opposition to Engineers' [Initial] Joint Motion for Summary Judgment, where the map was Exhibit 2. A copy of my Supplemental Declaration is attached hereto as Exhibit 1.

3

(5)     Of the foregoing projects, two were complete more than five years before Katrina, as follows:

### Improvements to Pump Station No. 6

(6)     BKI's involvement - - BKI's work on this project was performed under contract with the SW&B dated August 14, 1981, and later amended on June 25, 1984.

(7)     The contract for the improvements to Pump Station No. 6 was awarded to Atlas Construction Company, Inc., based on public bidding; that contract was satisfactorily completed, and is acknowledged as such, by the SW&B on August 20, 1997, <u>more than five years before Katrina</u>. A copy of the Certificate of Substantial Completion is Exhibit 2 to this Declaration.

### Canal Street Canal Pumping Station

(8)     The contract for this project was awarded after bidding to Professional Construction Services, and was completed on March 11, 1998 as indicated on the Certificate of Substantial Completion attached as Exhibit 3 to this Declaration.

(9)     BKI was not engaged by the Orleans Levee District, East Jefferson Levee District or the Corps of Engineers (the three government entities charged with the responsibility of building and maintaining the hurricane protection floodwalls) for any of the

4

projects on the 17th Street Canal; and the work performed did not involve maintaining the levees/floodwalls along the 17th Street Canal.

In accordance with 28 U.S.C. 1746, I declare under penalty of perjury, under the laws of the United States that the forgoing is true and correct.

Signed on this __3 1__ day of __JANUARY__, 2007.

MICHAEL G. JACKSON

*/s/ Michael B Jackson*

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLLEEN BERTHELOT ET AL | CIVIL ACTION |
| VERSUS | NO. 05-4182 |
| BOH BROTHERS CONSTRUCTION CO., L.L.C. ET AL | SECTION "K" (2) CONS. KATRINA CANAL |

**THIS DOCUMENT RELATES TO:**

| | | | |
|---|---|---|---|
| 05-4182 "K" (2) | (Berthelot) | 06-0020 "K" (2) | (Tauzin) |
| 05-5237 "K" (2) | (Vodanovich) | 06-0886 "K" (2) | (Finney) |
| 05-6073 "K" (2) | (Kirsch) | 06-2346 "K" (2) | (Fitzmorris) |
| 05-6314 "K" (2) | (Ezell) | 06-2228 "K" (2) | (Christenberry) |
| 05-6324 "K" (2) | (Brown) | 06-2287 "K" (2) | (Sanchez) |
| 05-6327 "K" (2) | (LeBlanc) | | |

## SUPPLEMENTAL DECLARATION OF MICHAEL G. JACKSON

The supplemental declaration of Michael G. Jackson, made in accordance with 28 U.S.C. 1746, under penalty of perjury, avers as follows:

(1) Plaintiffs' Opposition to the Engineers' Motions for Summary Judgment suggests there is a contradiction between my Declaration filed with the Motions, and with the "Court Ordered Disclosures" by Burk-Kleinpeter, Inc. (BKI) on April 20. They complain that the Disclosures and my Declaration both indicated that BKI did no inspection or



contract administration on the construction of the levees/floodwalls which were part of the parallel flood protection on the London Avenue Canal, which failed in Katrina, although BKI did prepare drawings and specifications.

(2) The Disclosures and my original Declaration also informed that BKI had prepared for the Orleans Levee District, plans for interim levees and floodwalls to strengthen weak spots along the Canal, pending construction of final improvements. A few hundred feet of that "interim protection" was constructed; and BKI provided inspection and contract administration for construction of those interim improvements. But as the Disclosures and my original Declaration establish, those improvements which BKI inspected were later removed during construction of the permanent improvements which later failed. Because the interim improvements were gone by the time of Katrina, I did not mention them in my Declaration, and I assume that is why our counsel did not put them in the Disclosures.

## BKI PROJECTS ON THE 17TH STREET CANAL

(3) The BKI Disclosures show that BKI provided engineering services for four other projects on the 17th Street Canal prior to Katrina, none of which improvements failed during Katrina. Three of the improvements, listed in the Disclosures, subparagraphs C1, 2 and 3, were all south of Interstate 10; and, Interstate 10 is well over a mile south of the breach, which occurred around Stafford and Spencer Streets on the east bank of the 17th Street Canal.

A fourth project, the new sheet pile bulkhead to protect the Bruning House, was on the lake at the far north end of the canal, outside the Hurricane Protection System, *i.e.*,

north of both the Old Hammond Highway Bridge and the "Bucktown Bridge" at the mouth of the 17th Street Canal.

In accordance with 28 U.S.C. 1746, I declare under the penalty of perjury, under the laws of the United States that the forgoing is true and correct.

Signed on this ___7___ day of ___JULY___, 2006.

_____
MICHAEL G. JACKSON

#230578v1<DKS> -SuppDecl-Michael G. Jackson

StreetFinder Map

One inch equals 0.5 mile

NORTH BOUNDARY

Lake Pontchartrain

↑ SCALE

BRIDGES

STAFFORD/
← SPENCER
BREACH

17th St
Canal

I-10

70124

70122

EXHIBIT 2

STATE OF LOUISIANA
PARISH OF ORLEANS



I, Stephen P. Bruno, Custodian of Notarial Records, Parish of Orleans, State of Louisiana, do hereby certify that the above and foregoing is a true and correct copy of      **ASSIGNMENT**

NA#      1997-40533
consisting of ___1___ pages
dated the      25th      day of      AUGUST, 1997      executed before
GERARD M. VICTOR
a Notary Public of the
Parish of Orleans, State of Louisiana, the original of which document is on file in my office.

New Orleans, Louisiana, this      6TH      day of      NOV, 2006

No. 020058

Stephen P. Bruno
CUSTODIAN OF NOTARIAL RECORDS
PARISH OF ORLEANS
Room B-4, Civil Courts Building
421 Loyola Avenue
New Orleans, Louisiana

**EXHIBIT 2**



RECORDED AS GIVEN

TR No. 431630



MARC H. MORIAL, President
HENRY A. DILLON, JR., President Pro-Tem

# Sewerage & Water Board OF NEW ORLEANS

August 20, 1997

625 ST. JOSEPH STREET
NEW ORLEANS, LA., 70165 • 585-2232



ADMINISTRATIVE SERVICES
Ann M. Boulware
Operations Administrator

Recorder of Mortgages
Parish of Orleans
New Orleans, LA 70112

RE: CONTRACT 5097 - ATLAS CONSTRUCTION COMPANY, INC.
Construction of 1986 Additions to Drainage Pumping Station No. 6 (Items 1 & 2)

TO WHOM IT MAY CONERN:

Please be advised that the Sewerage and Water Board of New Orleans, at its regular monthly meeting today, accepted as satisfactorily complete all work on the above referenced contract. Said contract was duly recorded on **April 18, 1986** as MOB Number 2529, Folio Number 319 in Orleans, MOB Number **1484**, Folio Number **183** in Jefferson.

Should you require any further information regarding this matter, please contact Michelle C. Sieb of my office at 585-2472.

Thank you for your assistance.

Sincerely,

Harold J. Gorman
Executive Director

Sworn to and Subscribed before me this

25th day of August, 1997

Notary Public  (GERARD M. VICTOR)

HJG/MCS/imj

LREC05097-97

TROY A. CARTER • HENRY A. DILLON, JR. • BENJAMIN L. EDWARDS, SR. • NORMAN N. FRANCIS • CAROLYN J. HARRIS • WILLIAM A. HOLTON, JR.
J. JUPITER • KATHERINE RUSSO MARALDO • MARC H. MORIAL • JAMES M. SINGLETON • STAFFORD R. TUREAUD, SR. • PEGGY WILSON • MARY K. ZERVIGON
"An Equal Opportunity Employer"

On joint motion of all Councilmen present, the following resolution was offered:

RESOLUTION NO. __86501__

A resolution granting an acceptance to Professional Construction Services, Inc. for their completed contract, which contract was authorized by Resolution No. 81180 adopted on January 10, 1996 bearing Proposal No. 11398 and covers construction of the Canal St. Canal Pumping Station, Public Works Project No. 91-028-DR, for the Department of Drainage Pump Stations. (Council District No. 6)

NOW, THEREFORE, BE IT RESOLVED, by the Jefferson Parish Council, the governing authority of said Parish:

SECTION 1. That Professional Construction Services, Inc. is hereby granted an acceptance of their completed contract, which contract dated June 10, 1996 under Proposal No. 11398 covers construction of the Canal St. Canal Pumping Station, Public Works Project No. 91-028-DR for the Department of Drainage Pump Stations, and is recorded with the Clerk of Court in and for the Parish of Jefferson M.O.B. __3751__, FOLIO __781__.

SECTION 2. That the said Professional Construction Services, Inc. be and is hereby authorized to file a copy of this resolution with the said Clerk of Court as evidence of the acceptance of completion of said contract, and in order that the 45 days lien and privilege period may begin from the date of filing thereof with the said Clerk of Court.

SECTION 3. That at the expiration of the 45 days, the said Professional Construction Services, Inc. shall furnish the Department of Public Works of Jefferson Parish with a clear lien and privilege certificate from the Clerk of Court and upon presentation of said certificate, the Department of Public Works will prepare the necessary documents to authorize payment of retainage on said certificate.

The foregoing resolution having been submitted to a vote, the vote thereon was as follows:

YEAS: 7    NAYS: None    ABSENT: None

The resolution was declared to be adopted on this the ____11th____ day of ____March____, 1998.

THE FOREGOING IS CERTIFIED
TO BE A TRUE & CORRECT COPY

*Terrie T. Rodrigue*

TERRIE T. RODRIGUE
PARISH CLERK
JEFFERSON PARISH COUNCIL

*Professional*
*Construction*
*Services*
P.O. Box 26345
N.O., LA 70186

**EXHIBIT 3**