## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br>INSURANCE     *Chehardy*, No. 06-1672<br>                      *Chehardy*, No. 06-1673<br>                      *Chehardy*, No. 06-1674 | |

### DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ANSWER
### TO THE AMENDED AND RESTATED COMPLAINT

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"") answers the plaintiffs' Amended and Restated Complaint as follows:

In answering the complaint, Liberty Mutual will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberrel, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane

76814

Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Petemon, Wendell Glation, and Mack Barham) as "Plaintiffs."   No further response is necessary to the introductory paragraph of the Amended and Restated Complaint.

## I.    INTRODUCTION

1.    Liberty Mutual admits that Plaintiffs have filed a complaint that purports to assert a class action.  Liberty Mutual further admits that plaintiff Shane Sylvester ("Mr. Sylvester") owned a home in Louisiana and that Mr. Sylvester filed an insurance claim with Liberty Mutual indicating that his home was damaged on or about August 29, 2005.  Liberty Mutual further admits that Mr. Sylvester's home had incurred some wind and flood damage.  Except as expressly admitted, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and Restated Complaint and on that basis denies those allegations.

2.    Liberty Mutual admits that Plaintiffs filed a complaint that purports to assert causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes.  Liberty Mutual specifically denies that it wrongfully, negligently, or recklessly refused to provide insurance coverage for covered losses and damages to property caused by Hurricane Katrina.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 2.

3.    Liberty Mutual admits that Plaintiffs filed a complaint seeking declaratory relief and compensatory and punitive damages.  To the extent that Paragraph 3 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.  To the extent that

76814

Paragraph 3 contains factual allegations that require a response and alleges that Liberty Mutual engaged in "wrongful conduct," Liberty Mutual denies the allegations.   To the extent that Paragraph 3 contains factual allegations that require a response and alleges that other Insurance Company Defendants engaged in "wrongful conduct," Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 3.

## II. PARTIES

4.      Liberty Mutual admits that Mr. Sylvester had a Liberty Mutual Insurance Company homeowner's insurance policy with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 4.

5.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on that basis denies those allegations.

6.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on that basis denies those allegations.

7.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on that basis denies those allegations.

76814

8.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

9.      Liberty Mutual admits the allegations contained in Paragraph 9 of the Amended and Restated Complaint.

10.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

11.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

12.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

13.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended and Restated Complaint and on that basis denies those allegations.

14.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and on that basis denies those allegations.

14.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended and Restated Complaint and on that basis denies those allegations.

76814

16.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended and Restated Complaint and on that basis denies those allegations.

17.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended and Restated Complaint and on that basis denies those allegations.

18.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended and Restated Complaint and on that basis denies those allegations.

19.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended and Restated Complaint and on that basis denies those allegations.

20.     Liberty Mutual admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

### III. JURISDICTION AND VENUE

21.     To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Liberty Mutual denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

22.     To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual

allegations requiring a response, Liberty Mutual admits that this Court has personal jurisdiction over Liberty Mutual and that Liberty Mutual is currently and was previously transacting business in this District during 2005 by way of selling insurance policies to homeowners.  To the extent that Paragraph 22 contains other factual allegations requiring a response and makes allegations that other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them. Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 22.

23.     To the extent that Paragraph 23 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual allegations requiring a response, Liberty Mutual admits that a substantial part of the events giving rise to this action occurred in this District.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 23 as to Liberty Mutual.  To the extent that Paragraph 23 contains factual allegations requiring a response as to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

## IV.  FACTUAL BACKGROUND

**Appropriateness of Class Action[1]**

24.     To the extent that Paragraph 24 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.

---

[1]  The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

a.      To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(a) contains factual allegations requiring a response, Liberty Mutual denies that this case is appropriate for class certification and lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

b.      To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(b) contains factual allegations requiring a response, Liberty Mutual denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

c.      To the extent that Paragraph 24(c) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(c) contains factual allegations requiring a response, Liberty Mutual denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(c) as to Liberty Mutual.  To the extent that Paragraph 24(c) contains factual allegations requiring a response as to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

d.      To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys,

76814

Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies those allegations.  To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Liberty Mutual denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 24.

25.    Liberty Mutual denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

### Policyholders' Purchase Of The Policies

26.    Liberty Mutual admits that in August 2005 Mr. Sylvester owned a home in the Parish of Orleans.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 26.

27.    Liberty Mutual admits that Mr. Sylvester had a Liberty Mutual homeowner's insurance policy with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations.   Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 27.

28.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended and Restated Complaint concerning plaintiffs' subjective beliefs and on that basis denies those allegations.   Liberty Mutual denies each and every remaining allegation in Paragraph 28.

29.     Mr. Sylvester's insurance policy with an effective period of June 8, 2005 to June 8, 2006, is in writing and speaks for itself.   Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 29.

30.     Liberty Mutual denies that it had "advanced knowledge about the fragility of the New Orleans area levee system."   Liberty Mutual further denies the allegation that its homeowner's insurance policies do not exclude coverage for water damage from the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water.   Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint and on that basis denies those allegations.

31.     Liberty Mutual admits that it sold homeowner's policies to homeowners in Louisiana either directly or through Liberty Mutual agents.   As to the remaining allegations in Paragraph 31, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 as to other Insurance Company Defendants and on that basis denies those allegations.

76814

32.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent they refer to Plaintiffs' subjective beliefs and to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 32.

33.     Liberty Mutual admits that Mr. Sylvester's insurance policy limits related to the estimated cost of replacing his home.  Liberty Mutual further admits that the amount of insurance varies by Liberty Mutual policyholders.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 33.

34.     Liberty Mutual admits that timely premium payments were made for the Liberty Mutual policy insuring Mr. Sylvester's home with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 34.

## Insurance Company Defendants Fail To Advise Policyholders
## Regarding The Availability Of Flood Insurance

35.     Liberty Mutual admits that Congress enacted the Federal Flood Insurance Act in 1956.  Liberty Mutual further admits that Congress passed the National Flood Insurance Act in 1968 and created the National Flood Insurance Program ("NFIP").  Liberty Mutual states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.  Except

76814

as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 35 of the Amended and Restated Complaint.

36.     Liberty Mutual admits that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding.  42 U.S.C. § 4013(b)(2).  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 36 of the Amended and Restated Complaint.

37.     Liberty Mutual admits that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 37.

38.     Liberty Mutual denies the allegations of Paragraph 38 of the Amended and Restated Complaint as to Liberty Mutual.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company Defendants and on that basis denies those allegations.

39.     Liberty Mutual denies that Mr. Sylvester was not advised of the availability of flood insurance under the NFIP.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended and Restated Complaint and on that basis denies those allegations.

### Hurricane Katrina Damages Policyholders' Property

40.     Liberty Mutual admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.  Liberty Mutual is without knowledge or information sufficient to

76814

form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated Complaint and on that basis denies those allegations.

41.     Liberty Mutual admits that there was water on both sides of the Industrial Canal in New Orleans and in the City's Lower Ninth Ward on August 29, 2005.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies those allegations.

42.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

43.     Liberty Mutual admits that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

44.     Liberty Mutual further admits that Mr. Sylvester owned a home in Louisiana and that Mr. Sylvester filed an insurance claim with Liberty Mutual asserting that his home was damaged on or about August 29, 2005.  Liberty Mutual further admits that Mr. Sylvester's home had incurred some wind and flood damage.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

76814

45. Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

46. Liberty Mutual acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

47. Liberty Mutual acknowledges that *The Times Picayune* contained an article on April 6, 2005, that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

48. Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

49. Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

50. To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and

Restated Complaint contains factual allegations requiring a response, Liberty Mutual denies the allegations.

## COUNT I - DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Liberty Mutual incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Liberty Mutual denies that it has not properly addressed Mr. Sylvester's coverage claim.  To the extent that Paragraph 52 contains other factual allegations requiring a response, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis denies those allegations.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual allegations requiring a response as to Liberty Mutual and Mr. Sylvester, Liberty Mutual denies the allegations.  To the extent that Paragraph 53 contains other factual allegations requiring a response, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those allegations.

54.     To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Liberty Mutual admits that Mr. Sylvester submitted a claim to Liberty Mutual for damages incurred on or about August 29, 2005, and that Liberty Mutual has offered payment for the covered wind damage losses under Mr. Sylvester's Liberty

Mutual homeowner's policy.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 54 as to Mr. Sylvester.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.    Liberty Mutual admits that Mr. Sylvester provided timely notification to Liberty Mutual of claimed covered wind damage losses under the policy with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 55.

56.    To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 56 contains factual allegations requiring a response, Liberty Mutual states that Mr. Sylvester's insurance policy with an effective period of June 8, 2005 to June 8, 2006, is in writing and speaks for itself.  To the extent that Paragraph 56 contains other factual allegations requiring a response, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis denies those allegations.

57.    Liberty Mutual denies Paragraph 57 of the Amended and Restated Complaint as to Mr. Sylvester and states that it paid Mr. Sylvester in accordance with the terms of the policy with an effective period of June 8, 2005 to June 8, 2006, for covered wind damage losses incurred on or about August 29, 2005.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57

76814

of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 57.

58.     To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 58 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies each and every allegation in Paragraph 58.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on that basis denies those allegations.

59.     To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 59 contains factual allegations requiring a response and alleges that Liberty Mutual improperly adjusted Mr. Sylvester's claim, Liberty Mutual denies the allegations.   To the extent that Paragraph 59 contains other factual allegations requiring a response, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies those allegations.

60.     To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 60 contains factual allegations requiring a response, Liberty Mutual states that Mr. Sylvester's insurance policy with an effective period of June 8, 2005 to June 8, 2006, is in writing and speaks for itself.  To the extent that Paragraph 60 contains other factual allegations requiring a response, Liberty Mutual denies each and every remaining allegation in Paragraph 60.

61.     Liberty Mutual denies each and every allegation in Paragraph 61 of the Amended and Restated Complaint.

76814

62.     To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 62 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies each and every allegation in Paragraph 62.  To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

63.     Liberty Mutual admits that investments that it makes may earn income.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 63.

64.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and on that basis denies those allegations.

With regard to the prayer for relief, Liberty Mutual denies that Plaintiffs have any basis for judgment against Liberty Mutual and alleges that Plaintiffs shall be denied all relief and that Liberty Mutual be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
## v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Liberty Mutual incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     To the extent that Paragraph 66 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 66 contains factual

allegations requiring a response, Liberty Mutual admits that Mr. Sylvester had a Liberty Mutual insurance policy with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual states that Mr. Sylvester's insurance policy with an effective period of June 8, 2005 to June 8, 2006, is in writing and speaks for itself.  To the extent that Paragraph 66 contains other factual allegations requiring a response, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such remaining allegations and on that basis denies them.  Liberty Mutual denies each and every remaining allegation in Paragraph 66.

67.     Liberty Mutual admits that Mr. Sylvester paid all premiums due under the Liberty Mutual policy with an effective period of June 8, 2005 to June 8, 2006.  Liberty Mutual further admits that, with respect to the policy with an effective period from June 8, 2005 to June 8, 2006, Mr. Sylvester performed the insured's obligations under the policy with regard to his Hurricane Katrina insurance claim.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in Paragraph 67.

68.     To the extent that Paragraph 68 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to other Insurance Company Defendants and on that basis denies those allegations.

69.     To the extent that Paragraph 69 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 69 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies each and every allegation in Paragraph 69.   To the extent that Paragraph 69 contains other factual

76814

allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

With regard to the prayer for relief, Liberty Mutual denies that Plaintiffs have any basis for judgment against Liberty Mutual and alleges that Plaintiffs shall be denied all relief and that Liberty Mutual be awarded costs of court and such other relief as is just.

### COUNT III- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Liberty Mutual incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 71 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to other Insurance Company Defendants and on that basis denies those allegations.

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 72 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in

- 19 -

Paragraph 72 as to other Insurance Company Defendants and on that basis denies those allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.     To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 75 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

76.     To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 76 refers to

other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

77.     To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further, Louisiana Revised Statute § 22:658.2(A)(1) is in writing and speaks for itself.  To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 77 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.     To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

79.     To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

80.     To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.     To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

With regard to the prayer for relief, Liberty Mutual denies that Plaintiffs have any basis for judgment against Liberty Mutual and alleges that Plaintiffs shall be denied all relief and that Liberty Mutual be awarded costs of court and such other relief as is just.

76814

## <u>COUNT IV   BREACH OF LA. REV. STAT. ANN. § 22:1220</u>
### <u>(Insurance Bad Faith) v. AU Insurance Company Defendants</u>

82.     In response to Paragraph 82 of the Amended and Restated Complaint, Liberty Mutual incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.     With respect to Paragraph 83 of the Amended and Restated Complaint, Liberty Mutual states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Liberty Mutual denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint, Liberty Mutual states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Liberty Mutual denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 85 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

86.     To the extent that Paragraph 86 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 86 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.     To the extent that Paragraph 87 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 87 refers to

76814

other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     To the extent that Paragraph 88 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 88 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those allegations.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 89 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 89 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Liberty Mutual states that the statutes referred to in Paragraph 90 are in writing and speak for themselves.  To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

76814

91.     To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  The statute referred to in Paragraph 91 is in writing and speaks for itself.  To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

With regard to the prayer for relief, Liberty Mutual denies that Plaintiffs have any basis for judgment against Liberty Mutual and alleges that Plaintiffs shall be denied all relief and that Liberty Mutual be awarded costs of court and such other relief as is just.

<u>**COUNT V - BREACH OF FIDUCIARY DUTY**</u>
<u>**v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other**</u>
<u>**Similarly Situated Insurance Company Defendants**</u>

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Liberty Mutual incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.     Liberty Mutual admits that it sells some homeowners insurance policies directly to customers.  Liberty Mutual denies the remaining allegations.  To the extent that Paragraph 94

76814

refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.    To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 95 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 95 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those allegations.

96.    To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.    To the extent that Paragraph 97 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 97 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

76814

98.     To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 98 refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

100.     To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Liberty Mutual, Liberty Mutual denies the allegations.  To the extent that Paragraph 100 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those allegations.

With regard to the prayer for relief, Liberty Mutual denies that Plaintiffs have any basis for judgment against Liberty Mutual and alleges that Plaintiffs shall be denied all relief and that Liberty Mutual be awarded costs of court and such other relief as is just.

*        *        *

76814

Except as expressly admitted, Liberty Mutual denies each and every remaining allegation in the Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All Policyholders who are not insureds of Liberty Mutual have no right or cause of action against Liberty Mutual.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE

The policies issued by Liberty Mutual are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full. Liberty Mutual asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

### SIXTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for water damage claims. Additionally, Liberty Mutual's policies do not cover a loss resulting from flood. Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

76814

### SEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for losses caused by ordinance or law. Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

### EIGHTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for losses caused by weather conditions that contribute to certain other excluded causes or events, including water damage and ordinance or law.  Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

### NINTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for losses caused by acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body. Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

### TENTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for losses caused by faulty, inadequate, or defective design, workmanship, construction, materials, maintenance, and other acts or things identified in the exclusion's terms.  Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

### ELEVENTH AFFIRMATIVE DEFENSE

Liberty Mutual's policies exclude coverage for losses caused by mold related items. Liberty Mutual's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

76814

## TWELFTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part by the failure to exhaust mandatory contractual remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged Liberty Mutual policies contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Policyholders breached these provisions, coverage is precluded under the alleged Liberty Mutual policy or policies, which are pleaded herein as if copied in full.

## FOURTEENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

## FIFTEENTH AFFIRMATIVE DEFENSE

The amount of any recovery by Policyholders is limited by the terms and conditions of the Liberty Mutual policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

## SIXTEENTH AFFIRMATIVE DEFENSE

Liberty Mutual's liability, if any, for Policyholders' claims is limited by the other insurance clause in Liberty Mutual's policies of insurance, which is pleaded herein as if copied in full.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been compensated for their alleged loss through payment of their claims.

76814

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholders and any liability of Liberty Mutual, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code art. 2323.

**TWENTIETH AFFIRMATIVE DEFENSE**

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Liberty Mutual to Policyholders upon which Policyholders could have reasonably or justifiably relied.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is inapplicable under the facts of this case, as alleged by Policyholders.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Without admitting application of the referenced statutory provisions to it, Liberty Mutual alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in

76814

compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Liberty Mutual owed no fiduciary duty to Policyholders.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Liberty Mutual or any other insurer.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Policyholders have failed to state facts sufficient to give rise to a claim against Liberty Mutual for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Policyholders claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Policyholders claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

Policyholders claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

76814

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Liberty Mutual's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Liberty Mutual liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Liberty Mutual reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Liberty Mutual also hereby incorporates by reference any additional defenses raised by other defendants to this action.

WHEREFORE, Liberty Mutual prays for judgment as follows:

1.      That Policyholders take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Liberty Mutual recover its costs of suit;

76814

4.      That Liberty Mutual recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

_/s/H. Minor Pipes, III_
Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Susan M. Rogge, 28203
        Of
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys for Liberty Mutual Fire
  Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant Liberty Mutual

Fire Insurance Company's Answer to the Amended and Restated Complaint has been served

upon all counsel of record by electronic noticing this 1st day of February, 2007.

_/s/H. Minor Pipes, III_

76814