## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL BREACHES** | § | **CIVIL ACTON** |
| **CONSOLIDATED LITIGATION** | § | |
| | § | **NO. 05-4182 "K"(2)** |
| | § | |
| **PERTAINS TO:** | § | **JUDGE DUVAL** |
| | § | |
| **INSURANCE:** *Flake*, 06-8244 | § | **MAG. WILKINSON** |

### MEMORANDUM IN SUPPORT OF HARTFORD'S MOTION
### TO DISMISS PLAINTIFF'S VALUED POLICY LAW CLAIM

Defendant Hartford Insurance Company of the Midwest ("Hartford"), incorrectly named as The Hartford Insurance Company, files this Memorandum in support of its Motion to Dismiss the claim of Plaintiff Beverly H. Flake ("Plaintiff") for recovery under La. R.S. 22:695, Louisiana's Valued Policy Law ("VPL"), and would show:

### I.
### SUMMARY OF MOTION

Plaintiff alleges that the VPL requires Hartford to pay policy limits in the event of a total loss to the dwelling it insured even though the dwelling is alleged to have been destroyed both by wind, a covered cause of loss, and by flood waters from the 17th Street Canal levee breach allegedly caused by third-party negligence, an excluded cause of loss.[1]  If the VPL had the meaning Plaintiff ascribes to it, an insured holding a policy that covers wind damage but specifically excludes flood, could nevertheless recover the full value of the policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water.  This interpretation of the VPL has been uniformly rejected by

---

[1] This allegation is in the alternative to Plaintiff's allegation that wind and rain were the sole causes of the damage to the dwelling and contents.

Louisiana courts and should be rejected by this Court. Moreover, the VPL is, by its own terms, limited in application to circumstances involving a fire loss.

## II.
## THE FACTS AS ALLEGED BY PLAINTIFF

1.      Plaintiff's dwelling located at 310 16th Street, New Orleans, Louisiana 70124 (the "Dwelling") was insured by Hartford under Policy No. 55 RB450657 (the "Policy").[2]

2.      During and following Hurricane Katrina, the Dwelling suffered damage caused by both wind,[3] and flood.[4]

3.      Plaintiff alleges that the damage resulted in the "total destruction" of the Dwelling.[5]

3.      Plaintiff was paid $30,405.54 for the wind and rain damage to the Dwelling and nothing else.[6]

4.      Plaintiff claims that Louisiana's Valued Policy Law, La. R.S. 22:695, requires Hartford to pay the policy limits under the Policy.[7]

## III.
## STANDARD FOR DISMISSAL

Dismissal is proper under Rule 12(b)(6) if "it appears, based solely on the pleadings, that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Eason v. Holt,* 73 F.3d 600, 601 (5th Cir. 1996). A motion to dismiss is to be considered solely on the pleadings. *Jackson v. City of Beaumont Police*

---

[2] *See* Exhibit A – Petition, ¶ 7.
[3] *See* Exhibit A – Petition, ¶ 5, 8.
[4] *See* Exhibit A – Petition, ¶ 12.
[5] *See* Exhibit A – Petition, ¶ 14.
[6] *See* Exhibit A – Petition, ¶ 13.
[7] *See* Exhibit A – Petition, ¶ 18.

*Dept.,* 958 F. 2d 616, 618 (5th Cir. 1992).[8]  In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff=s complaint.  *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass=n.,* 987 F.2d 278, 284 (5th Cir. 1993).

## IV.
## LAW AND ARGUMENT

**A**   **THE VPL ONLY APPLIES WHEN THE TOTAL LOSS IS CAUSED BY A COVERED PERIL.**

The VPL specifically restricts indemnity payments to "any covered loss" in the event of a total loss.  The statute provides:

> A.   Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, *in the case of a total loss* the insurer shall *compute and indemnify or compensate any covered loss of, or damage to such property* which occurs during the term of the policy at such valuation without deduction or offset. . . .

La. R.S. 22:695(A) (emphasis added).

Nothing in the statute suggests that the insurer is obligated to pay for excluded losses and the statute has never been so interpreted.  Yet Plaintiff's interpretation would require Hartford to pay for flood losses that are excluded under the Policy.  Specifically, the Policy unambiguously excludes loss from flood caused by third-party negligence with

---

[8] A certified copy of the Policy was attached to Hartford's Answer and is attached to this memorandum. The policy is also properly considered because it is referenced in the Petition and it is central to the Plaintiff's claim for relief.  *Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (on a Rule 12(b)(6) motion to dismiss, a court may consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim").  *See also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-499 (5th Cir. 2000); *Branch v. Tunnell,* 14 F.3d 449,453-454 (9th Cir. 1994): *and Venture Associates Corporation v. Zenith Data Systems Corporation,* 987 F.2d 429, 431-432 (7th Cir. 1993).

3

respect to levee failures by the following language in Hartford's H-380-1 Endorsement attached to the Policy:

> Even if any of the terms of this policy might be construed otherwise, the following Perils, as described in Paragraphs **A.** and **B.** below, are **SPECIFICALLY EXCEPTED FROM THIS POLICY. WE DO NOT COVER OR INSURE AGAINST LOSS OR DAMAGE DIRECTLY OR INDIRECTLY CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY, OR WHICH WOULD NOT HAVE OCCURRED BUT FOR, EITHER OF THESE PERILS:**
>
> **A.    ACTS, ERRORS OR OMISSIONS** by you or others in:
>
> 1.   Planning, zoning, developing, surveying, testing or sitting property;
> 2.   Establishing or enforcing any building code, or any standard, ordinance or law about the construction, use or repair of any property or materials, or requiring the tearing down of any property, including the removal of its debris:
> 3.   The design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of the following:
>       a.    Land or buildings or other structures;
>       b.    Roads, water or gas mains, sewers, drainage ditches, levees, dams, or other facilities; or
>       c.    Other improvements or changes in or additions to land or other property.
> 4.   The furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of any of the above property or facilities; or
> 5.   The maintenance of any such property or facilities.
>
> This exception A. applies whether or not the property or facilities described above are:
> 1.   Covered under this policy; or
> 2.   On or away from the covered premises.
>
> This Exception A. does not reduce the insurance for loss or damage caused directly by a Covered Peril.[9]

This Court enforced this provision in Hartford's policies and granted Hartford's motion to dismiss in *Vanderbrook, et al v. State Farm Fire & Cas. Co., et al*, C.A. No. 05-6323

---

[9] *See* Exhibit B – Policy, Bates Labeled Pages Policy 44-45.

(E.D. La.), *consolidated with In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182 (E.D. La.). *See* Rec. Doc. 1803, Pages 53-54.

In *Chauvin v. State Farm Fire and Cas. Co.*, 450 F.Supp.2d 660 (E.D. La. 2006), Judge Vance performed a thorough analysis of this identical issue in dozens of consolidated cases pending in the Eastern District of Louisiana and found that applying the statute as Plaintiff would have this Court do would lead to an absurd consequence and thus flatly rejected it. *Id.* at 666. The court stated that if the VPL had the meaning the plaintiffs had ascribed to it, an insured holding a valued homeowners policy that covered wind damage but specifically excluded flood losses could recover the full value of his policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. *Id.*

The facts in *Chauvin* are strikingly similar to the facts of this case. While Plaintiff recovered $30,405.54 for the wind and rain damage to the Dwelling,[10] Plaintiff also alleges that the Dwelling was damaged by flood from the 17th Street Canal breach.[11] If any amount of flood caused damage to the Dwelling, Plaintiff clearly did not suffer a "total loss" by a covered peril, even assuming Plaintiff suffered a total loss. Plaintiff would nevertheless have Hartford compensate the covered wind loss, which is relatively minor in relation to the alleged flood loss, at the value of the entire house. As the court in *Chauvin* noted, in effect the insurer would be required to pay for damage not covered by the policy and for which it did not charge a premium. *Chauvin*, 450 F.Supp.2d at 666. "Such a result would be well outside the boundaries of any party's reasonable expectation of the operation of an insurance contract." *Id.* Furthermore, the court in *Chauvin* stated

---

[10] *See* Exhibit A – Petition, ¶ 13.
[11] *See* Exhibit A – Petition, ¶ 12.

that it "seriously doubts that the Louisiana legislature intended such a commercially unreasonable result when it adopted the VPL." *Id.*

The Western District of Louisiana issued a similar holding on the same issue earlier this year in *Turk v. Louisiana Citizens Prop. Ins. Corp.*, 2006 WL 1635677, *1 (W.D. La. 2006), in which the court held:

> [B]ecause the homeowner policies at issue exclude coverage for damage caused by flood water, and thus the policyholders did not pay a premium for flood coverage under their homeowner policies, La. R.S. 22:695 cannot be construed to require [the insurers] to pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage.

Significantly, the court in *Chauvin* noted that "[i]f the Louisiana VPL authorized the windfall type of recovery plaintiffs suggest, one would expect Louisiana case law to be emphatic in support of that proposition." *Chauvin*, 450 F.Supp.2d at 667.  In fact, no Louisiana court has ever held that the VPL applies to a situation where a covered peril was not, at the very least, the proximate cause of the building becoming an actual or constructive total loss.  Because the VPL only applies in situations where a structure has been rendered a total loss by a covered peril, which Plaintiff has not alleged and cannot prove, Plaintiff's claim under the VPL fails as a matter of law and dismissal of that claim is appropriate.

**B.    THE VPL DOES NOT APPLY TO NON-FIRE LOSSES.**

Plaintiff's claim under the VPL fails for a second, independent reason; application of the VPL is limited to fire losses as expressly stated in the statute:

> A.    Under any *fire insurance policy* insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium

6

charge to be made under the policy, in the case of a total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to such property which occurs during the term of the policy at such valuation without deduction or offset. . . .

La. R.S. 22:695(A) (emphasis added).

Consistent with the plain language of the VPL, both the Fifth Circuit and the Eastern District of Louisiana have refused to apply the VPL when the insured's loss is not due to fire. *In re Consolidated Companies, Inc.*, 185 B.R. 223, 225-226 (E.D. La. 1995), *aff'd,* 106 F.3d 396 (5th Cir. 1996); *see also Graham v. Milky Way Barge, Inc.*, 824 F.2d 376, 381-382 (5th Cir. 1987) (refusing to apply the valuation provisions of La. R.S. 22:695 to non-fire losses because Section E of La. R.S. 22:691 provides that the standard fire provisions need not be complied with for non-fire coverages where the policy provides coverage against "the peril of fire and substantial coverage against other perils").

In *Consolidated Companies*, the court found that because the policy at issue provided multi-peril coverage for a single premium, the standard fire policy terms did not apply to the coverage for perils other than fire, pursuant to La. Rev. Stat. § 22:691(E). *Consolidated Companies*, 185 B.R. at 225-226. The court found that "Sections A and B of R.S. 22:691, which mandate a particular form with standard provisions, conditions, etc., and would also trigger the application of R.S. 22:695 [the Valued Policy Clause] for valuation purposes, <u>need not be complied with, with respect to the non-fire perils covered by the policy</u>." *Consolidated Companies*, 185 B.R. at 226 (emphasis added). Consequently the court concluded "the valuation provisions of R.S. 22:695 <u>should not be</u>

read into the . . . policy coverage for theft and vandalism, which are triggered by the loss

suffered in this case." *Consolidated Companies*, 185 B.R. at 226.[12]

The mere fact that fire coverage is included in a broader coverage form, such as

an all risk commercial property insurance policy or a homeowners policy, does not

extend application of the VPL to non-fire losses that are also covered under the broader

coverage form. The Fifth Circuit in *Graham* found it to be significant that it could not

find "any Louisiana case law to the effect that La. R.S. § 22:692 should be applied to any

other than fire losses covered by a policy for insurance covering losses due to fire."

*Graham*, 824 F.2d at 382.[13]  There simply is no case law supporting the application of the

VPL to non-fire losses.  Therefore, Plaintiff's claim that the VPL statute extends to non-

fire losses should be rejected by this Court and Hartford's Motion to Dismiss Plaintiff's

VPL claim should be granted.

## V.
## CONCLUSION

Nothing in the Louisiana Valued Policy Law supports Plaintiff's argument that

application of the VPL valuation provisions requires Hartford to pay the face value of the

Policy in response to the occurrence of an excluded flood loss.  The VPL does not apply

under the circumstances of Plaintiff's claim because the statute is restricted by its very

terms to apply only to fire losses.  Moreover, the VPL is limited in application to

circumstances in which the total loss is caused by a covered peril.  It is undisputed that

flood caused by third-party negligence with respect to the levees is not a covered peril

---

[12] The case was affirmed by the Fifth Circuit without opinion. *In re Consolidated Cos., Inc.* 106 F.3d 396 (5th Cir. 1996).
[13] Deciding that the standard fire insurance provisions did not apply to non-fire losses, the court referred to the fact that the standard fire policy regulations (including La. R.S. 22:695) are all contained in Part XV, Chapter 1 of the Louisiana Insurance Code, entitled "Standard Fire Policy." *Graham*, 824 F.2d 382, n. 2.

under the Policy.  Therefore, even if the VPL was theoretically available to mandate payment of the face value of the policy in the case of non-fire claims brought under Plaintiff's Policy, Plaintiff's claim fails as a matter of law because he has not suffered a total loss caused by a covered peril.  Accordingly, this Court should conclude that Plaintiff's claim under the VPL fails as a matter of law and grant Hartford's Motion to Dismiss Plaintiff's VPL claim.

Respectfully submitted,

James P. Nader, #14256
Alex P. Tilling, #29686
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
The Texaco Center, Suite 2300
400 Poydras Street
New Orleans, Louisiana  70130
Telephone:  504-586-9292
Facsimile:  504-586-1290

And

OF COUNSEL:

Christopher W. Martin
Texas Bar No.: 13057620
Martin R. Sadler
Texas Bar No.: 00788842
Patrick M. Kemp
Texas State Bar No.: 24043751
MARTIN, DISIERE, JEFFERSON & WISDOM,
L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:    (713) 222-0101

**Attorneys for Defendant,**
**Hartford Insurance Company**

of the Midwest

## CERTIFICATE OF SERVICE

I hereby certify that on this __i__ day of February 2007, a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF to:

Mr. Seth H. Schaumburg
FAVRET, DEMAREST, RUSSO & LUTKEWHITE
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112

_____
Alex P. Tilling