## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES    *
CONSOLIDATED LITIGATION       *
                            *
                            *
                            *
PERTAINS TO:               *
                            *
INSURANCE (*Vidacovich*, 2:06-cv-4719)   *
                            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION NO. 05-4182

SECTION: K(2)

JUDGE DUVAL

MAG. WILKINSON

### MEMORANDUM IN SUPPORT OF HARTFORD'S MOTION
### TO DISMISS PLAINTIFFS' VALUED POLICY LAW CLAIM

Defendant Hartford Insurance Company of the Midwest ("Hartford"), files this Memorandum in support of its Motion to Dismiss the claims of Chester and Murleen Vidacovich ("Plaintiffs") for recovery under La. R.S. 22:695, Louisiana's Valued Policy Law ("VPL"), and would show:

## I.
## SUMMARY OF MOTION

Plaintiffs allege that the VPL requires Hartford to pay policy limits in the event of a total loss to the dwelling it insured even though the dwelling is alleged to have been destroyed both by wind, a covered cause of loss, and by flood waters from the 17th Street Canal levee breach allegedly caused by third-party negligence, an excluded cause of loss. If the VPL had the meaning Plaintiffs ascribe to it, an insured holding a policy that covers wind damage but

specifically excludes flood, could nevertheless recover the full value of the policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. This interpretation of the VPL has been uniformly rejected by Louisiana courts and should be rejected by this Court. Moreover, the VPL is, by its own terms, limited in application to circumstances involving a fire loss.

## II.
## THE FACTS AS ALLEGED BY PLAINTIFFS

1.    Plaintiffs' dwelling located at 2209 Kingfisher Drive, St. Bernard, Louisiana 70092 (the "Dwelling") was insured by Hartford under Policy No. 55RBB715016 (the "Policy").[1]

2.    Plaintiffs allege that during and following Hurricane Katrina, the Dwelling suffered damage caused by both wind,[2] and flood.[3]

3.    Plaintiffs allege that the damage resulted in the "total loss" of the Dwelling.[4]

4.    Plaintiffs claim that Louisiana's Valued Policy Law, La. R.S. 22:695, requires Hartford to pay the policy limits under the Policy.[5]

## III.
## STANDARD FOR DISMISSAL

Dismissal is proper under Rule 12(b)(6) if "it appears, based solely on the pleadings, that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Eason v. Holt,* 73 F.3d 600, 601 (5th Cir. 1996). A motion to dismiss is to be considered solely on the pleadings. *Jackson v. City of Beaumont Police Dept.,* 958 F. 2d 616, 618 (5th Cir. 1992).[6]

---

[1] *See* Exhibit A – Petition, ¶¶ 2-3.
[2] *See* Exhibit A – Petition, ¶¶ 6.
[3] *See* Exhibit A – Petition, ¶¶ 7.
[4] *See* Exhibit A – Petition, ¶ 51.
[5] *See* Exhibit A – Petition, ¶¶ 45-51.
[6] A certified copy of the Policy was attached to Hartford's live Answer and is attached to this memorandum. The policy is also properly considered because it is referenced in the Petition and it is central to the Plaintiffs' claim for relief. *Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003) (on a Rule 12(b)(6) motion to dismiss, a court may consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim").

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff's complaint. *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

## IV.
## LAW AND ARGUMENT

**A    THE VPL ONLY APPLIES WHEN THE TOTAL LOSS IS CAUSED BY A COVERED PERIL.**

The VPL specifically restricts indemnity payments to "any covered loss" in the event of a total loss. The statute provides:

> A.    Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, *in the case of a total loss* the insurer shall *compute and indemnify or compensate any covered loss of, or damage to such property* which occurs during the term of the policy at such valuation without deduction or offset. . . .

La. R.S. 22:695(A) (emphasis added).

Nothing in the statute suggests that the insurer is obligated to pay for excluded losses and the statute has never been so interpreted. Yet Plaintiffs' interpretation would require Hartford to pay for flood losses that are excluded under the Policy. Specifically, the Policy unambiguously excludes loss from flood caused by third-party negligence with respect to levee failures by the following language in Hartford's H-380-1 Endorsement attached to the Policy:

> Even if any of the terms of this policy might be construed otherwise, the following Perils, as described in Paragraphs **A.** and **B.** below, are **SPECIFICALLY EXCEPTED FROM THIS POLICY. WE DO NOT COVER OR INSURE AGAINST LOSS OR DAMAGE DIRECTLY OR INDIRECTLY CAUSED BY, RESULTING FROM,**

---

*See also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-499 (5th Cir. 2000); *Branch v. Tunnell,* 14 F.3d 449,453-454 (9th Cir. 1994): *and Venture Associates Corporation v. Zenith Data Systems Corporation,* 987 F.2d 429, 431-432 (7th Cir. 1993).

**CONTRIBUTED TO OR AGGRAVATED BY, OR WHICH WOULD NOT HAVE OCCURRED BUT FOR, EITHER OF THESE PERILS:**

A.   **ACTS, ERRORS OR OMISSIONS** by you or others in:

   1.   Planning, zoning, developing, surveying, testing or sitting property;
   2.   Establishing or enforcing any building code, or any standard, ordinance or law about the construction, use or repair of any property or materials, or requiring the tearing down of any property, including the removal of its debris:
   3.   The design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of the following:
      a.   Land or buildings or other structures;
      b.   Roads, water or gas mains, sewers, drainage ditches, levees, dams, or other facilities; or
      c.   Other improvements or changes in or additions to land or other property.
   4.   The furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of any of the above property or facilities; or
   5.   The maintenance of any such property or facilities.
   This exception A. applies whether or not the property or facilities described above are:
   1.   Covered under this policy; or
   2.   On or away from the covered premises.
   This Exception A. does not reduce the insurance for loss or damage caused directly by a Covered Peril.[7]

This Court enforced this provision in Hartford's policies and granted Hartford's motion to dismiss in *Vanderbrook, et al v. State Farm Fire & Cas. Co., et al*, C.A. No. 05-6323 (E.D. La.), *consolidated with In re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182 (E.D. La.). *See* Rec. Doc. 1803, Pages 53-54.

In *Chauvin v. State Farm Fire and Cas. Co.*, 450 F.Supp.2d 660 (E.D. La. 2006), Judge Vance performed a thorough analysis of this identical issue in dozens of consolidated cases pending in the Eastern District of Louisiana and found that applying the statute as Plaintiffs would have this Court do would lead to an absurd consequence and thus flatly rejected it. *Id.* at

---

[7] *See* Exhibit B – Policy, Bates Labeled Pages Policy 43-44.

666. The court stated that if the VPL had the meaning the plaintiffs had ascribed to it, an insured holding a valued homeowners policy that covered wind damage but specifically excluded flood losses could recover the full value of his policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. *Id.*

The facts in *Chauvin* are strikingly similar to the facts of this case. While Plaintiffs recovered for the wind and rain damage to the Dwelling, Plaintiffs also allege that the Dwelling was damaged by flood.[8] If any amount of flood caused damage to the Dwelling, Plaintiffs clearly did not suffer a "total loss" by a covered peril, even assuming Plaintiffs suffered a total loss. Plaintiffs would nevertheless have Hartford compensate the covered wind loss at the value of the entire house. As the court in *Chauvin* noted, in effect the insurer would be required to pay for damage not covered by the policy and for which it did not charge a premium. *Chauvin*, 450 F.Supp.2d at 666. "Such a result would be well outside the boundaries of any party's reasonable expectation of the operation of an insurance contract." *Id.* Furthermore, the court in *Chauvin* stated that it "seriously doubts that the Louisiana legislature intended such a commercially unreasonable result when it adopted the VPL." *Id.*

The Western District of Louisiana issued a similar holding on the same issue earlier this year in *Turk v. Louisiana Citizens Prop. Ins. Corp.*, 2006 WL 1635677, *1 (W.D. La. 2006), in which the court held:

> [B]ecause the homeowner policies at issue exclude coverage for damage caused by flood water, and thus the policyholders did not pay a premium for flood coverage under their homeowner policies, La. R.S. 22:695 cannot be construed to require [the insurers] to pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage.

---

[8] *See* Exhibit A – Petition, ¶ 7.

Significantly, the court in *Chauvin* noted that "[i]f the Louisiana VPL authorized the windfall type of recovery plaintiffs suggest, one would expect Louisiana case law to be emphatic in support of that proposition." *Chauvin*, 450 F.Supp.2d at 667. In fact, no Louisiana court has ever held that the VPL applies to a situation where a covered peril was not, at the very least, the proximate cause of the building becoming an actual or constructive total loss. Because the VPL only applies in situations where a structure has been rendered a total loss by a <u>covered peril,</u> which Plaintiffs have not alleged and cannot prove, Plaintiffs' claim under the VPL fails as a matter of law and dismissal of that claim is appropriate.

**B.      THE VPL DOES NOT APPLY TO NON-FIRE LOSSES.**

Plaintiffs' claim under the VPL fails for a second, independent reason; application of the VPL is limited to fire losses as expressly stated in the statute:

> A.      Under any *fire insurance policy* insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of a total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to such property which occurs during the term of the policy at such valuation without deduction or offset. . . .

La. R.S. 22:695(A) (emphasis added).

Consistent with the plain language of the VPL, both the Fifth Circuit and the Eastern District of Louisiana have refused to apply the VPL when the insured's loss is not due to fire. *In re Consolidated Companies, Inc.*, 185 B.R. 223, 225-226 (E.D. La. 1995), *aff'd*, 106 F.3d 396 (5th Cir. 1996); *see also Graham v. Milky Way Barge, Inc.*, 824 F.2d 376, 381-382 (5th Cir. 1987) (refusing to apply the valuation provisions of La. R.S. 22:695 to non-fire losses because Section E of La. R.S. 22:691 provides that the standard fire provisions need not be complied with

for non-fire coverages where the policy provides coverage against "the peril of fire and substantial coverage against other perils").

In *Consolidated Companies*, the court found that because the policy at issue provided multi-peril coverage for a single premium, the standard fire policy terms did not apply to the coverage for perils other than fire, pursuant to La. Rev. Stat. § 22:691(E). *Consolidated Companies*, 185 B.R. at 225-226. The court found that "Sections A and B of R.S. 22:691, which mandate a particular form with standard provisions, conditions, etc., and would also trigger the application of R.S. 22:695 [the Valued Policy Clause] for valuation purposes, <u>need not be complied with, with respect to the non-fire perils covered by the policy</u>." *Consolidated Companies*, 185 B.R. at 226 (emphasis added). Consequently the court concluded "the valuation provisions of R.S. 22:695 <u>should not be read into the . . . policy coverage for theft and vandalism</u>, which are triggered by the loss suffered in this case." *Consolidated Companies*, 185 B.R. at 226.[9]

The mere fact that fire coverage is included in a broader coverage form, such as an all risk commercial property insurance policy or a homeowners policy, does <u>not</u> extend application of the VPL to non-fire losses that are also covered under the broader coverage form. The Fifth Circuit in *Graham* found it to be significant that it could not find "any Louisiana case law to the effect that La. R.S. § 22:692 should be applied to any other than fire losses covered by a policy for insurance covering losses due to fire." *Graham*, 824 F.2d at 382.[10] There simply is no case law supporting the application of the VPL to non-fire losses. Therefore, Plaintiffs' claim that the

---

[9] The case was affirmed by the Fifth Circuit without opinion. *In re Consolidated Cos., Inc.* 106 F.3d 396 (5th Cir. 1996).

[10] Deciding that the standard fire insurance provisions did not apply to non-fire losses, the court referred to the fact that the standard fire policy regulations (including La. R.S. 22:695) are all contained in Part XV, Chapter 1 of the Louisiana Insurance Code, entitled "Standard Fire Policy." *Graham*, 824 F.2d 382, n. 2.

VPL statute extends to non-fire losses should be rejected by this Court and Hartford's Motion to Dismiss Plaintiffs' VPL claim should be granted.

## V.
## CONCLUSION

Nothing in the Louisiana Valued Policy Law supports Plaintiffs' argument that application of the VPL valuation provisions requires Hartford to pay the face value of the Policy in response to the occurrence of an excluded flood loss. The VPL does not apply under the circumstances of Plaintiffs' claim because the statute is restricted by its very terms to apply only to fire losses. Moreover, the VPL is limited in application to circumstances in which the total loss is caused by a covered peril. It is undisputed that flood caused by third-party negligence with respect to the levees is not a covered peril under the Policy. Therefore, even if the VPL was theoretically available to mandate payment of the face value of the policy in the case of non-fire claims brought under Plaintiffs' Policy, Plaintiffs' claim fails as a matter of law because they have not suffered a total loss caused by a covered peril. Accordingly, this Court should conclude that Plaintiffs' claims under the VPL fail as a matter of law and grant Hartford's Motion to Dismiss Plaintiffs' VPL claim.

Respectfully submitted,

s/Simeon B.Reimonenq, Jr.
Simeon B.Reimonenq, Jr. T.A., La. Bar. # 19755
Ralph S. Hubbard, III, La. Bar # 7040
LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile:  (504) 310-9195

And

OF COUNSEL:

Christopher W. Martin
Texas Bar No.: 13057620
Martin R. Sadler
Texas Bar No.: 00788842
Ethan D. Carlyle
Texas Bar No.: 24031794
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:    (713) 222-0101

**Attorneys for Defendant,
Hartford Insurance Company
of the Midwest**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2007, a copy of this Memorandum in Support of Hartford's Motion to Dismiss Plaintiffs' Valued Policy Law Claim has been served upon all counsel of record in this action by depositing same in the United States Mail, first class postage prepaid, properly addressed to:

Remy Voisin Starns
Attorney at Law
2098 A Staring Lane
Baton Rouge, Louisiana 70810

s/Simeon B. Reimonenq, Jr.
Simeon B. Reimonenq, Jr.