FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 25 PM 12:49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHESTER VIDACOVICH | * | |
| MURLEEN VIDACOVICH | * | Case No. |
|    Plaintiffs | * | |
| versus | * | **06-4719** |
| | * | Judge |
| HARTFORD INSURANCE COMPANY | * | |
| OF THE MIDWEST | * | **SECT. D MAG 4** |
|    Defendant | * | |
| | * | Magistrate |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, **CHESTER VIDACOVICH** and **MURLEEN VIDACOVICH**, ("Plaintiffs") persons of the full age of maority domiciled in St. Bernard Parish at the time Hurricane Katrina struck southeast Louisiana who respectfully file this COMPLAINT FOR DAMAGES and respectfully aver as follows:

### PARTIES

The following party is made defendant herein and are liable unto your Plaintiffs for such damages as are reasonable and equitable, together with legal interest thereon from the date of judicial demand until paid:

1. **HARTFORD INSURANCE COMPANY OF THE MIDWEST** ( Hartford"), a foreign insurance corporation licensed to issue insurance policies and is in fact issuing insurance policies in the State of Louisiana.

### BACKGROUND

2. At all times material herein, plaintiffs owned the following immovable property located in St. Bernard Parish, Louisiana, to-wit:

EXHIBIT "A"

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

**2209 Kingfisher Drive**
**St. Bernard, Louisiana 70092**

3. At all times material herein, Plaintiffs owned a Hartford homeowner's policy, policy number 55 RBB 715016, that provided "Dwelling Protection Coverage", "Other Structure Protection Coverage", and "Personal Property Protection Coverage.

4. At approximately 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Buras, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the city of New Orleans at approximately 9:00 a.m. As expected, Hurricane Katrina produced a great deal of rain fall and caused significant wind damage in St. Bernard Parish and created a storm surge that overtopped the levees and contributed to levee failure.

5. Plaintiffs' property was significantly damaged by the wind, rain, and storm surge and rendered a total loss.

6. A significant portion of Plaintiffs' damage was caused by the wind and wind blown rain of the hurricane.

7. A significant portion of Plaintiffs' damage was caused by the rising water and flood following the storm surge.

8. The efficient proximate cause of the loss suffered by Plaintiffs on August 29, 2005, was "windstorm", a covered peril under the homeowners' policy which was in full force and effect at all times pertinent herein.

9. "Storm Surge" is a known meteorological phenomenon that is not specifically excluded by the homeowners' policy at issue here.

10. All damage occasioned by "Storm Surge" is covered under plaintiffs' Hartford homeowner's policy.

11. The damage caused by water entering the parish of St. Bernard falls neither within the regular definition of "flood" nor within the subject insurance policy's exclusions of "flood."

12. As soon as was practicable after the storm, Plaintiffs notified Hartford of their loss and filed a claim.

13. Hartford sent adjusters to evaluate Plaintiffs' losses. The adjusters acted as Hartford's legal agents.

14. The adjusters' inspections comprised satisfactory proofs of losses. Plaintiffs also provided Hartford with numerous documents reflecting their losses.

15. In late 2005, Hartford communicated that the damages to Plaintiffs' home were significantly lower than the true value of the damage to their home and Hartford has not paid plaintiffs the amount owed them.

## CAUSES OF ACTION AGAINST DEFENDANT INSURER

**Bad Faith: LOUISIANA REVISED STATUTE 22:1220**

16. Plaintiffs repeat and re-allege all allegations in paragraphs 1-14.

17. Plaintiffs maintain that Hartford's aforementioned conduct breached the following duties to Plaintiffs: (1) the duty of "*good faith and fair dealing*;" (2) the "affirmative duty to adjust claims fairly and promptly"; and (3) the "affirmative duty" to "make a *reasonable effort to settle claims with the insured or the claimant, or both*."

18. Plaintiffs further maintain that Hartford "knowingly committed or performed "the following acts, thereby constituting a breach of the insurer's duties: (1) denying coverage; (2) *failing to pay the amount of any claim due any person insured by the contract within sixty days*

after receipt of satisfactory proof of loss from the claimant and such failure was *arbitrary, capricious, and/or without probable cause*; and (3) *a violation of* LOUISIANA REVISED STATUTE 22:658.2.

19. As a result of Hartford's aforementioned conduct, Hartford is liable for any damages sustained as a result of the breach, including, but not limited to specific and *general damages* (i.e. for mental anguish and/or inconvenience), attorneys' fees, and penalties. Such penalties include an amount not to exceed two times the damages sustained or five thousand dollars, which ever is greater.

**Bad Faith: LOUISIANA CIVIL CODE ARTICLE 1997**

20. Plaintiffs repeat and re-allege all preceding paragraphs.

21. Plaintiffs maintain that Hartford's aforementioned conduct violates La. Civil Code art. 1997.

22. As a result of its bad faith, Hartford is liable to Plaintiffs for all damages, foreseeable or not, that a direct consequence of its failure to perform.

**Violation of LOUISIANA REVISED STATUTE 22:658**

23. Plaintiffs repeat and re-allege all preceding paragraphs.

24. Plaintiffs maintain that Hartford's aforementioned conduct violated La. Rev. Stat. § 22:658 by Defendant Insurer's failure to initiate loss adjustment within thirty (30) days of being notified of the claim by Plaintiffs.

25. Plaintiffs maintain that Hartford's aforementioned conduct violated La. Rev. Stat. § 22:658 by Defendant Insurer's failure to provide Plaintiffs payment within thirty (30) days after being provided satisfactory proof of loss by Plaintiffs.

26. As a result of its misconduct, Hartford is liable to Plaintiffs for all damages occasioned by

the breach, specific and general, as well as attorneys' fees, costs, interests, penalties as provided in Section 658, as effective August 15, 2006.

**Miscellaneous Breaches of Duties Owed Insured Plaintiffs**

27. Plaintiffs repeat and re-allege all preceding paragraphs.

28. Plaintiffs maintain that Hartford further breached the aforementioned duties for the following, non-exclusive acts: (1) Failing to properly train its adjusters and agents; (2) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; (3) failing to take into account the economic climate after Hurricane Katrina; (4) failing to account for the increase in labor, materials, costs, and time in valuing Plaintiff's claims; (5) failing to provide a proper means to facilitate contact between Plaintiffs and Defendant Insurer; (6) instructing its adjusters and agents to undervalue Plaintiffs damages; (7) instructing its adjusters and agents to delay the process of Plaintiffs' claim; (8) instructing its adjusters and agents to engage in multiple, time consuming evaluations of Plaintiffs' claim; (9) instructing its adjusters to deny Plaintiffs' claim before any inspection of the property; and (10) any and all other misconduct as becomes known before trial.

29. As a result of its misconduct, Hartford is liable to Plaintiffs for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interest and penalties.

**Breach of Contract**

30. Plaintiffs repeat and re-allege all preceding paragraphs.

31. Plaintiffs maintain that Hartford's preceding conduct constitutes a breach of the contract as embodied by the aforementioned insurance policies.

32. As a result of its misconduct, Hartford is liable to Plaintiffs for all damages resulting from the breach.

**Unconscionable Contractual Provisions**

33. Plaintiffs repeat and re-allege all preceding paragraphs.

34. The aforementioned homeowner's policy excludes coverage for damages caused by rising water, although the same homeowner's policy provides coverage for wind and rain damage caused by hurricanes.

35. Plaintiffs' water damage was the direct unavoidable result of the storm surge caused by Hurricane Katrina. This storm surge was wind driven water.

36. Plaintiffs maintain that the enforcement of the water exclusion in this circumstance would be unconscionable and violative of public policy. Hartford should be prohibited from "splitting" the damaging effects from the same source. As a result, the home owner's policy should cover all damage caused by the hurricane, including water that was caused by the storm surge.

37. The insurance contract provisions which are purportedly coverage exclusions as they relate to water, flood, rising water, or any other " water exclusion" are ambiguous and unenforceable as a matter of law in the context of Hurricanes Katrina and Rita where, as here, policyholders possess Homeowners Insurance Policy that provides wind/hail coverage and contains a "Wind/Hail." deductible.

38. To the extent that the subject insurance policy contains an "anti-concurrent cause clause" or any other provision that purports to resist coverage where some of the loss sustained was caused by a non-covered peril is ambiguous and unenforceable as a matter of law in the context of Hurricanes Katrina and Rita where, as here, policyholders possess Homeowners Insurance Policy that provides wind/hail coverage and contains a "Wind/Hail." deductible.

**Waiver**

39. In the alternative, should the Court not find Hartford's anti-concurrent cause clause illegal

and unenforceable, then plaintiffs specifically allege that Hartford waived any of the exclusion's benefits by paying plaintiffs for a percentage of their total loss.

**Equitable Estoppel**

40.  In the alternative, should the Court not find Hartford's anti-concurrent cause clause illegal and unenforceable, then plaintiffs specifically allege that Hartford is equitably estopped from enforcing the exclusion based on its partial payment to plaintiffs for their total loss

**Third Party Liability**

41.  Plaintiffs repeat and re-allege all preceding paragraphs.

42.  To the extent that the court finds that the aforementioned exclusions are not invalid as a matter of law, the subject home-owner's policy covers damages caused by the fault of third parties but excludes damage caused by rising water.

43.  Plaintiffs maintain that the water damage they sustained was caused by the fault of a third party, namely, the United States Army Corps of Engineers, and is a covered loss.

44.  Plaintiffs maintain that the conflict in the insurance policy should be resolved in favor of the Plaintiffs.

**Total Loss: LOUISIANA REVISED STATUTE 22:695**

45.  Plaintiffs repeat and re-allege all preceding paragraphs.

46.  Plaintiffs' Hartford homeowner's policy is known under the law as a "valued policy" because Hartford placed a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy.

47.  Plaintiffs' property sustained a total loss as defined and contemplated by Section 695.

48.  Plaintiffs suffered "any covered loss of, or damage to" the property as contemplated by Section 695.

49.  Section 695A is a conditional obligation containing a suspensive condition as contemplated by La. C.C. art. 1767.

50. "In the case of a total loss" as contained in Section 695A is a suspensive condition as contemplated in La. C.C. art. 1767.

51. As a result of plaintiffs' total loss, Hartford is liable to Plaintiffs for the policy limits, attorney fees, penalties, costs, and interest from the date of judicial demand.

### TRIAL BY JURY

52. Plaintiffs request a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that after due proceedings are had and after a jury verdict in their favor that this Court enter judgment in their favor against Defendants for all damages discussed herein, including, but not limited to, all general, specific, equitable, and punitive relief which include but are not limited to costs, attorneys fees, penalties, and interest from the date of injury and any and all other just relief this honorable court deems just.

Respectfully Submitted,

RÉMY VOISIN STARNS
Attorney At Law
2098 A Staring Lane
Baton Rouge, Louisiana 70810
(225) 936-7819
(225) 612-6940 (fax)
rvs127@juno.com

_____
Rémy Voisin Starns, ESQ
Baton Rouge, Louisiana
La. Bar # 26522

Attorney for Plaintiffs Chester Vidacovich and Murleen Vidacovich

Please Serve:
Hartford INSURANCE COMPANY
Through their Registered Agent
for Service of Process: