UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO.: 05-4182 "K" (2) |
| _____ | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Chehardy,* Nos. 06-1672, 06-1673, and 06-1674 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \* \* \*

**DEFENDANT ALLSTATE INSURANCE COMPANY
AND ALLSTATE INDEMNITY COMPANY'S
<u>ANSWER TO THE AMENDED AND RESTATED COMPLAINT</u>**

Defendants Allstate Insurance Company and Allstate Indemnity Company (hereinafter sometimes collectively referred to as "Allstate") answer the plaintiffs' Amended and Restated Complaint as follows:

In answering the complaint, Allstate will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberrel, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane

1

Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Petemon, Wendell Glation, and Mack Barham) as "Plaintiffs."   No further response is necessary to the introductory paragraph of the Amended and Restated Complaint.

## I.     INTRODUCTION

1.     Allstate denies the allegations of Paragraph 1 except to admit that the Complaint is the best evidence of its allegations.

2.     Allstate denies the allegations of Paragraph 2 except to admit that the Complaint is the best evidence of its allegations.

3.     Allstate denies the allegations of Paragraph 3, including its subparts, except to admit that the Complaint is the best evidence of its allegations.

## II.     PARTIES

4.     Allstate denies the allegations of Paragraph 4 except to admit that Kenneth and Judy Maier purchased a homeowner insurance policy with an effective period of October 26, 2004 to October 26, 2005 from Allstate Indemnity Company; Susan and Kernan Brown (incorrectly identified as Patricia Brown in the Amended and Restated Complaint) purchased a homeowner insurance policy with an effective period of November 13, 2004 to November 13, 2005 from Allstate Insurance Company; and Sabrina and Dwayne Perkins purchased a homeowner insurance policy with an effective period of September 15, 2004 to September 15, 2005 from Allstate Indemnity Company.

5.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies those allegations.

6.     Allstate Insurance Company admits the allegations of Paragraph 6.

76852

7.      Allstate Indemnity Company admits the allegations of Paragraph 7.

8.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies those allegations.

9.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies those allegations.

10.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis denies those allegations.

11.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis denies those allegations.

12.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies those allegations.

13.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies those allegations.

14.      Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies those allegations.

76852

15.    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis denies those allegations.

16.    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and on that basis denies those allegations.

17.    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies those allegations.

18.    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis denies those allegations.

19.    Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis denies those allegations.

20.    Allstate admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

### III.    JURISDICTION AND VENUE

21.    Allstate denies the allegations of Paragraph 21 except to admit that this Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(d).

4

76852

22.     Allstate denies the allegations of Paragraph 22 except to admit that this Court has personal jurisdiction over it.  To the extent that Paragraph 22 contains other factual allegations requiring a response and makes allegations against other Insurance Company Defendants, Allstate is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

23.     Allstate denies the allegations of Paragraph 23 except to admit that a substantial part of the events giving rise to this action occurred in this District and that Allstate regularly transacts business in this District.

### IV.     FACTUAL BACKGROUND

### Appropriateness of Class Action[1]

24.     To the extent that Paragraph 24 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.

a.      To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(a) contains factual allegations requiring a response, Allstate denies that this case is appropriate for class certification and lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

---

[1]     The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

76852

b.    To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(b) contains factual allegations requiring a response, Allstate denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

c.    To the extent that Paragraph 24(c) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(c) contains factual allegations requiring a response, Allstate denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(c) as to Allstate. To the extent that Paragraph 24(c) contains factual allegations requiring a response as to other Insurance Company Defendants, Allstate is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

d.    To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys, Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies those allegations. To the extent that Paragraph 24(d) contains other factual allegations requiring a

6

response, Allstate denies that this case is appropriate for class certification

and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Allstate denies each and every remaining allegation in

Paragraph 24.

25.     Allstate denies that this case is appropriate for class certification and

denies any remaining factual allegations in Paragraph 25.

### Policyholders' Purchase Of The Policies

26.     Allstate denies the allegations of Paragraph 26 except to admit that in

August 2005, Kenneth and Judy Maier owned a home in the Parish of Jefferson, Susan and

Kernan Brown owned a home in the Parish of Orleans and Sabrina and Dwayne Perkins owned a

home in the Parish of St. Tammany.

27.     Allstate denies the allegations of Paragraph 27 except to admit that

Kenneth and Judy Maier had an Allstate homeowner insurance policy with an effective period of

October 26, 2004 to October 26, 2005; Susan and Kernan Brown had an Allstate homeowner

insurance policy with an effective period of November 13, 2004 to November 13, 2005; and

Sabrina and Dwayne Perkins had an Allstate homeowner insurance policy with an effective

period of September 15, 2004 to September 15, 2005.

28.     Allstate denies the allegations of Paragraph 28.

29.     Allstate denies the allegations of Paragraph 29 except to admit that the

policies of Kenneth and Judy Maier, Susan and Kernan Brown and Sabrina and Dwayne Perkins

each included a deductible that applies where damage from a covered peril occurs during a

named hurricane or tropical storm.

30.      Allstate denies the allegations of Paragraph 30.

31.      Allstate denies the allegations of Paragraph 31 except to admit that Kenneth and Judy Maier, Susan and Kernan Brown and Sabrina and Dwayne Perkins each purchased their homeowner policy through an insurance agent acting on Allstate's behalf.

32.      Allstate denies the allegations of Paragraph 32.

33.      Allstate denies the allegations of Paragraph 33 except to admit that the amount of insurance obtained by a policyholder varies.

34.      Allstate denies the allegations of Paragraph 34 except to admit that Kenneth and Judy Maier paid premium payments for the Allstate policy with an effective period of October 26, 2004 to October 26, 2005; Susan and Kernan Brown paid premium payments for the Allstate policy with an effective period of November 13, 2004 to November 13, 2005; and Sabrina and Dwayne Perkins paid premium payments for the Allstate policy with an effective period of September 15, 2004 to September 15, 2005.

**Insurance Company Defendants Fail To Advise Policyholders
Regarding The Availability Of Flood Insurance**

35.      Allstate denies the allegations of Paragraph 35 except to admit that Congress enacted the Federal Flood Insurance Act in 1956, passed the National Flood Insurance Act in 1968, and created the National Flood Insurance Program ("NFIP").  Allstate states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.

36.      Allstate denies the allegations of Paragraph 36 except to admit that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding. 42 U.S.C. § 4013(b)(2).

76852

37.     Allstate denies the allegations of Paragraph 37 except to admit that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.

38.     Allstate denies the allegations of Paragraph 38 as to Allstate.  Allstate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and on that basis denies those allegations.

39.     Allstate denies the allegations of Paragraph 39.

### Hurricane Katrina Damages Policyholders' Property

40.     Allstate denies the allegations of Paragraph 40 except to admit that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.

41.     Allstate denies the allegations in Paragraph 41.

42.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and on that basis denies those allegations.

43.     Allstate denies the allegations of Paragraph 43 except to admit that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.

44.     Allstate denies the allegations of Paragraph 44 except to admit that Kenneth and Judy Maier filed a claim asserting that their home was damaged on or about August 29, 2005; Susan and Kernan Brown filed a claim asserting that their home was damaged on or about August 29, 2005; and Sabrina and Dwayne Perkins filed a claim asserting that their home was damaged on or about August 29, 2005.

76852

45.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and on that basis denies those allegations.

46.     Allstate denies the allegations of Paragraph 46 except to admit that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.

47.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 47 and Restated Complaint and on that basis denies those allegations.

48.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 and on that basis denies those allegations.

49.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and on that basis denies those allegations.

50.     To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Allstate denies the allegations.

76852

## COUNT I - DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Allstate incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Allstate denies that it has not properly addressed the coverage claims of Kenneth and Judy Maier, Susan and Kernan Brown and Sabrina and Dwayne Perkins and denies any remaining allegations of Paragraph 52.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual allegations requiring a response as to Allstate, Allstate denies the allegations.

54.     Allstate denies the allegations of Paragraph 54 except to admit that Kenneth and Judy Maier submitted a claim for damages incurred on or about August 29, 2005, and that Allstate has paid for the covered wind damage losses under their homeowner policy; Susan and Kernan Brown submitted a claim for damages incurred on or about August 29, 2005, and that Allstate has offered payment for the covered wind damage losses under their homeowner policy; and Dwayne and Sabrina Perkins submitted a claim for damages incurred on or about August 29, 2005, and that Allstate has offered payment for the covered wind damage losses under their homeowner policy.

55.     Allstate denies the allegations of Paragraph 55.

56.     Allstate denies the allegations of Paragraph 56.

76852

57.     Allstate denies the allegations of Paragraph 57.

58.     Allstate denies the allegations of Paragraph 58.

59.     Allstate denies the allegations of Paragraph 59.

60.     Allstate denies the allegations of Paragraph 60.

61.     Allstate denies the allegations of Paragraph 61.

62.     Allstate denies the allegations of Paragraph 62.

63.     Allstate denies the allegations of Paragraph 63 except to admit that any investments that it makes may earn income.

64.     Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and on that basis denies those allegations.

With regard to the prayer for relief, Allstate denies that Plaintiffs have any basis for judgment against Allstate and alleges that Plaintiffs shall be denied all relief and that Allstate be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
### v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Allstate incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     Allstate denies the allegations of Paragraph 66.

67.     Allstate denies the allegations of Paragraph 67.

68.     Allstate denies the allegations of Paragraph 68.

69.     Allstate denies the allegations of Paragraph 69.

76852

With regard to the prayer for relief, Allstate denies that Plaintiffs have any basis for judgment against Allstate and alleges that Plaintiffs shall be denied all relief and that Allstate be awarded costs of court and such other relief as is just.

### COUNT III- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Allstate incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response, Allstate denies the allegations.

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response, Allstate denies the allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response, Allstate denies the allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response, Allstate denies the allegations.

75.     Allstate denies the allegations of Paragraph 75.

76.     Allstate denies the allegations of Paragraph 76.

77.     Allstate denies the allegations of Paragraph 77.

76852

78.     Allstate denies the allegations of Paragraph 78.

79.     Allstate denies the allegations of Paragraph 79.

80.     Allstate denies the allegations of Paragraph 80.

81.     Allstate denies the allegations of Paragraph 81.

With regard to the prayer for relief, Allstate denies that Plaintiffs have any basis for judgment against Allstate and alleges that Plaintiffs shall be denied all relief and that Allstate be awarded costs of court and such other relief as is just.

## COUNT IV    BREACH OF LA. REV. STAT. ANN. § 22:1220
### (Insurance Bad Faith) v. AU Insurance Company Defendants

82.     In response to Paragraph 82 of the Amended and Restated Complaint, Allstate incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.     With respect to Paragraph 83 of the Amended and Restated Complaint, Allstate states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Allstate denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint, Allstate states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Allstate denies the allegations in Paragraph 84.

85.     Allstate denies the allegations of Paragraph 85.

86.     Allstate denies the allegations of Paragraph 86.

87.     Allstate denies the allegations of Paragraph 87.

76852

88.     Allstate denies the allegations of Paragraph 88.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 89 contains factual allegations requiring a response, Allstate denies the allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Allstate states that the statutes referred to in Paragraph 90 are in writing and speak for themselves.  To the extent that the allegations in Paragraph 90 purport to characterize or summarize the statute, Allstate denies the allegations in Paragraph 90.

91.     To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Allstate, Allstate denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Allstate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     Allstate denies the allegations of Paragraph 92.

With regard to the prayer for relief, Allstate denies that Plaintiffs have any basis for judgment against Allstate and alleges that Plaintiffs shall be denied all relief and that Allstate be awarded costs of court and such other relief as is just.

## COUNT V - BREACH OF FIDUCIARY DUTY
### v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other Similarly Situated Insurance Company Defendants

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Allstate incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

76852

94.     Allstate denies the allegations of Paragraph 94.

95.     Allstate denies the allegations of Paragraph 95.

96.     Allstate denies the allegations of Paragraph 96.

97.     Allstate denies the allegations of Paragraph 97.

98.     Allstate denies the allegations of Paragraph 98.

99.     Allstate denies the allegations of Paragraph 99.

100.    Allstate denies the allegations of Paragraph 100.

With regard to the prayer for relief, Allstate denies that Plaintiffs have any basis for judgment against Allstate and alleges that Plaintiffs shall be denied all relief and that Allstate be awarded costs of court and such other relief as is just.

*       *       *

Except as expressly admitted, Allstate denies each and every remaining allegation in the Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

### 1.

All Policyholders who are not insureds of Allstate have no right or cause of action against Allstate.

### 2.

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

**3.**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

**4.**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder of the plaintiffs or the defendants under the Federal Rules of Civil Procedure.

**5.**

Policyholders' claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in Allstate's policies.  The policies issued by Allstate are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full. Allstate asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

**6.**

Allstate's policies exclude coverage for water damage claims. Additionally, Allstate's policies do not cover a loss resulting from flood. Allstate's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**7.**

Allstate's policies exclude coverage for losses caused by enforcement of certain building codes, ordinances or laws.  Allstate's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

76852

**8.**

Allstate's policies exclude coverage for losses caused by weather conditions that contribute in any way with an excluded cause of loss to produce a loss.  Allstate's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**9.**

Allstate's policies exclude coverage for losses caused by faulty, inadequate, or defective design, workmanship, construction, materials, maintenance, and other acts or things identified in the exclusion's terms.  Allstate's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**10.**

Allstate's policies limit coverage for losses caused by mold related items.  Allstate's policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**11.**

The Allstate policies contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Policyholders breached these provisions, coverage is precluded under the Allstate policy or policies, which are pleaded herein as if copied in full.

**12.**

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

76852

**13.**

The amount of any recovery by Policyholders is limited by the terms and conditions of the Allstate policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

**14.**

Allstate's liability, if any, for Policyholders' claims is limited by the other insurance clause in Allstate's policies of insurance, which is pleaded herein as if copied in full.

**15.**

To the extent that monies recoverable under Policyholders' policy are payable to a mortgagee or other third-party (collectively, "Mortgagee"), Allstate is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of their interest.

**16.**

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been fully compensated for their alleged loss through payment of their claims.

**17.**

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

**18.**

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Allstate to Policyholders upon which Policyholders could have reasonably or justifiably relied.

76852

**19.**

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

**20.**

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is applicable under the facts of this case, as alleged by Policyholders.

**21.**

Without admitting application of the referenced statutory provisions to it, Allstate alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

**22.**

Allstate owed no fiduciary duty to Policyholders.

**23.**

Allstate has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Allstate or any other insurer.

**24.**

Policyholders have failed to state facts sufficient to give rise to a claim against Allstate for punitive damages.

**25.**

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

76852

**26.**

Policyholders' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

**27.**

Policyholders' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**28.**

Policyholders' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**29.**

To the extent that Allstate's liability depends in part upon Congress's decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Allstate liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**30.**

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**31.**

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, res judicata, laches, and/or unclean hands.

**32.**

Policyholders' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to, the Supremacy Clause, Impairment of Contract (Art.

I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

**33.**

If Policyholders suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, not Allstate.

**34.**

To the extent a Policyholder's policy contained a Hurricane Deductible, that Policyholder's claims are subject to application of the Hurricane Deductible as set forth in the Allstate policy.

**35.**

Policyholders' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust their administrative remedies.

**36.**

Allstate has detrimentally relied upon prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

**37.**

Allstate reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.   Allstate also hereby incorporates by reference any additional defenses raised by other defendants to this action.

76852

WHEREFORE, Allstate prays for judgment as follows:

1.      That Policyholders take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Allstate recover its costs of suit;

4.      That Allstate recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
BARRASSO USDIN KUPPERMAN
      FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
      ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000

Attorneys for Defendants Allstate Insurance
Company and Allstate Indemnity Company

76852

## **CERTIFICATE OF SERVICE**

   I, Judy Y. Barrasso, hereby certify that a copy of the above and foregoing Answer

to Amended and Restated Complaint has been served upon the below listed counsel of record via

electronic mail this 2nd day of February 2007.

**Counsel for Plaintiffs:**

Joseph M. Bruno (jbruno@brunobrunolaw.com)
Joseph J. McKernan (jemckernan@mckernanlawfirm.com)
Calvin C. Fayard, Jr. (calvinfayard@fayardlaw.com)
John N. Ellison (jellison@andersonkill.com)
Drew Ranier (drainer@rgelaw.com)
James M. Garner (jgarner@shergarner.com)
Robert G. Harvey, Sr. (rgharvey@bellsouth.net)
Tamara Kluger Jacobson (tkjacobson@aol.com)

**Counsel for Defendants:**

Judy Y. Barrasso (jbarrasso@barrassousdin.com)
Wayne J. Lee (wlee@stonepigman.com)
H. Minor Pipes, III (mpipes@barrassousdin.com)
Howard Bruce Kaplan (hkaplan@bernard-cassisa.com)
Kelly Cambre Bogart (kbogart@duplass.com)
Alan J. Yacoubian (ayacoubian@jjbylaw.com)
John William Waters, Jr. (jwaters@bfrob.com)
Stephen E. Goldman (sgoldman@rc.com)
Ralph Shelton Hubbard (rhubbard@lawla.com)
Robert I. Siegel (rsiegel@glllaw.com)
Richard Doren (rdoren@gibsondunn.com)
Maura Zivalich Pelleteri (mpelleteri@kfplaw.com)
Paul E.B. Glad (pglad@sonnenschein.com)
Kristopher T. Wilson (kwilson@lawla.com)

76852

The Counsel for Plaintiffs listed below was served via first class mail, postage prepaid and properly addressed, this 2nd day of February, 2007.

Thomas J. Corrington
The Corrington Law Firm
3431 Prytania Street
New Orleans, Louisiana  70115

_____
Judy Y. Barrasso

76852