UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO.: 05-4182 "K" (2) |
| _____ | * | |
| | * | JUDGE DUVAL |
| PERTAINS TO:  INSURANCE | * | |
| *Chehardy,* Nos. 06-1672, 06-1673, and 06-1674 | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS ENCOMPASS INDEMNITY COMPANY'S
### ANSWER TO THE AMENDED AND RESTATED COMPLAINT

Defendant Encompass Indemnity Company (hereinafter sometimes referred to as "Encompass") answers the plaintiffs' Amended and Restated Complaint as follows:

### I.

### ANSWER TO SPECIFIC ALLEGATIONS

In answering the complaint, Encompass will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Susan and Kernan Brown [incorrectly identified as Patricia Brown in the Amended and Restated Complaint], Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis,

76831

Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Petemon, Wendell Glation, and Mack Barham) as "Plaintiffs."  No further response is necessary to the introductory paragraph of the Amended and Restated Complaint.

A.    **Introduction**

      1.    Encompass denies the allegations of Paragraph 1 except to admit that the Complaint is the best evidence of its allegations.

      2.    Encompass denies the allegations of Paragraph 2 except to admit that the Complaint is the best evidence of its allegations.

      3.    Encompass denies the allegations of Paragraph 3, including its subparts, except to admit that the Complaint is the best evidence of its allegations.

B.    **Parties**

      4.    Encompass denies the allegations of Paragraph 4 except to admit that Debbie and Dave Strawn purchased a homeowner insurance policy with an effective period of March 11, 2005 to March 11, 2006 from Encompass Indemnity Company and  Angelina Burst purchased a homeowner insurance policy with an effective period of November 21, 2004 to November 21, 2005 from Encompass Indemnity Company.

      5.    Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies those allegations.

76831

6.      Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies those allegations.

7.      Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis denies those allegations.

8.      Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies those allegations.

9.      Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies those allegations.

10.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis denies those allegations.

11.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis denies those allegations.

12.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies those allegations.

76831

13.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies those allegations.

14.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies those allegations.

15.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis denies those allegations.

16.     Encompass admits the allegations of Paragraph 16.

17.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies those allegations.

18.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis denies those allegations.

19.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis denies those allegations.

76831

20.    Encompass admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

**C.    Jurisdiction and Venue**

21.    Encompass denies the allegations of Paragraph 21 except to admit that this Court has subject matter jurisdiction based upon 28 U.S.C. § 1332(d).

22.    Encompass denies the allegations of Paragraph 22 except to admit that this Court has personal jurisdiction over it.  To the extent that Paragraph 22 contains other factual allegations requiring a response and makes allegations other Insurance Company Defendants Encompass is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

23.    Encompass denies the allegations of Paragraph 23 except to admit that a substantial part of the events giving rise to this action occurred in this District and that Encompass regularly transacts business in this District.

**II.**

**FACTUAL BACKGROUND**

**Appropriateness of Class Action[1]**

24.    To the extent that Paragraph 24 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.

---

[1]    The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

76831

a.      To the extent that Paragraph 24(a) of the Amended and Restated
        Complaint calls for a legal conclusion, it requires no response.  To the
        extent that Paragraph 24(a) contains factual allegations requiring a
        response, Encompass denies that this case is appropriate for class
        certification and lacks knowledge or information sufficient to form a belief
        as to the truth of any remaining factual allegations in Paragraph 24(a) and
        on that basis denies those allegations.

b.      To the extent that Paragraph 24(b) of the Amended and Restated
        Complaint calls for a legal conclusion, it requires no response.  To the
        extent that Paragraph 24(b) contains factual allegations requiring a
        response, Encompass denies that this case is appropriate for class
        certification and denies the allegations in Paragraph 24(b).

c.      To the extent that Paragraph 24(c) of the Amended and Restated
        Complaint calls for a legal conclusion, it requires no response.  To the
        extent that Paragraph 24(c) contains factual allegations requiring a
        response, Encompass denies that this case is appropriate for class
        certification and denies the allegations in Paragraph 24(c) as to
        Encompass.  To the extent that Paragraph 24(c) contains factual
        allegations requiring a response as to other Insurance Company
        Defendants, Encompass is without knowledge or information sufficient to

- 6 -

form a belief as to the truth of such allegations and on that basis denies those allegations.

d.   To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys, Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies those allegations.  To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Encompass denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Encompass denies each and every remaining allegation in Paragraph 24.

25.   Encompass denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25.

## Policyholders' Purchase Of The Policies

26.   Encompass denies the allegations of Paragraph 26 except to admit that in August 2005, Debbie and Dave Strawn owned a home in the Parish of Jefferson and  Angelina Burst owned a home in the Parish of Jefferson.

27.   Encompass denies the allegations of Paragraph 27 except to admit that Debbie and Dave Strawn  had a homeowner insurance policy issued by Encompass with an

76831

effective period of March 11, 2005 to March 11, 2006 and Angelina Burst had a homeowner insurance policy issued by Encompass with an effective period of November 21, 2004 to November 21, 2005.

28.     Encompass denies the allegations of Paragraph 28.

29.     Encompass denies the allegations of Paragraph 29 except to admit that the policies of Debbie and Dave Strawn and  Angelina Burst each included a deductible that applies where damage from a covered peril occurs during a named hurricane or tropical storm.

30.     Encompass denies the allegations of Paragraph 30.

31.     Encompass denies the allegations of Paragraph 31 except to admit that Debbie and Dave Strawn and  Angelina Burst each purchased their homeowner policy through an insurance agent or broker.

32.     Encompass denies the allegations of Paragraph 32.

33.     Encompass denies the allegations of Paragraph 33 except to admit that the amount of insurance obtained by a policyholder varies.

34.     Encompass denies the allegations of Paragraph 34 except to admit that Debbie and Dave Strawn paid premium payments for the Encompass policy with an effective period of March 11, 2005 to March 11, 2006 and  Angelina Burst paid premium payments for the Encompass policy with an effective period of November 21, 2004 to November 21, 2005.

76831

**Insurance Company Defendants Fail To Advise Policyholders**
**Regarding The Availability Of Flood Insurance**

35.     Encompass denies the allegations of Paragraph 35 except to admit that Congress enacted the Federal Flood Insurance Act in 1956, passed the National Flood Insurance Act in 1968, and created the National Flood Insurance Program ("NFIP").  Encompass states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.

36.     Encompass denies the allegations of Paragraph 36 except to admit that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding. 42 U.S.C. § 4013(b)(2).

37.     Encompass denies the allegations of Paragraph 37 except to admit that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.

38.     Encompass denies the allegations of Paragraph 38 as to Encompass. Encompass is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and on that basis denies those allegations.

39.     Encompass denies the allegations of Paragraph 39 as to Encompass. Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 as to other Insurance Company Defendants on that basis denies the allegation.

**Hurricane Katrina Damages Policyholders' Property**

40.     Encompass denies the allegations of Paragraph 40 except to admit that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.

- 9 -

76831

41.     Encompass denies the allegations of Paragraph 41.

42.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies those allegations.

43.     Encompass denies the allegations of Paragraph 43 except to admit that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.

44.     Encompass denies the allegations of Paragraph 44 except to admit that Debbie and Dave Strawn filed a claim asserting that their home was damaged on or about August 29, 2005 and  Angelina Burst filed a claim asserting that their home was damaged on or about August 29, 2005

45.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and on that basis denies those allegations.

46.     Encompass denies the allegations of Paragraph 46 except to admit that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.

47.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 47 and Restated Complaint and on that basis denies those allegations.

76831

48.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in Paragraph 48 and on that basis denies those allegations.

49.     Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and on that basis denies those allegations.

50.     To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Encompass denies the allegations.

### COUNT I - DECLARATORY JUDGMENT
### v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Encompass incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 52 contains factual allegations requiring a response, Encompass denies that it has not properly addressed the coverage claims of Debbie and Dave Strawn and Angelina Burst and denies any remaining allegations of Paragraph 52.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 53 contains factual allegations requiring a response as to Encompass,  Encompass denies the allegations.

76831

54.    Encompass denies the allegations of Paragraph 54 except to admit that Debbie and Dave Strawn submitted a claim for damages incurred on or about August 29, 2005, and that Encompass has offered payment for the covered wind damage losses under their homeowner policy and Angelina Burst submitted a claim for damages incurred on or about August 29, 2005, and that Encompass has offered payment for the covered wind damage losses under their homeowner policy.

55.    Encompass denies the allegations of Paragraph 55.

56.    Encompass denies the allegations of Paragraph 56.

57.    Encompass denies the allegations of Paragraph 57.

58.    Encompass denies the allegations of Paragraph 58.

59.    Encompass denies the allegations of Paragraph 59.

60.    Encompass denies the allegations of Paragraph 60.

61.    Encompass denies the allegations of Paragraph 61.

62.    Encompass denies the allegations of Paragraph 62.

63.    Encompass denies the allegations of Paragraph 63 except to admit that any investments that it makes may earn income.

64.    Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and on that basis denies those allegations.

With regard to the prayer for relief, Encompass denies that Plaintiffs have any basis for judgment against Encompass and alleges that Plaintiffs shall be denied all relief and that Encompass be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
### v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Encompass incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     Encompass denies the allegations of Paragraph 66.

67.     Encompass denies the allegations of Paragraph 67.

68.     Encompass denies the allegations of Paragraph 68.

69.     Encompass denies the allegations of Paragraph 69.

With regard to the prayer for relief, Encompass denies that Plaintiffs have any basis for judgment against Encompass and alleges that Plaintiffs shall be denied all relief and that Encompass be awarded costs of court and such other relief as is just.

## COUNT III- BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### v. All Insurance Company Defendants

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Encompass incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response, Encompass denies the allegations.

76831

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response, Encompass denies the allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response, Encompass denies the allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response, Encompass denies the allegations.

75.     Encompass denies the allegations of Paragraph 75.

76.     Encompass denies the allegations of Paragraph 76.

77.     Encompass denies the allegations of Paragraph 77.

78.     Encompass denies the allegations of Paragraph 78.

79.     Encompass denies the allegations of Paragraph 79.

80.     Encompass denies the allegations of Paragraph 80.

81.     Encompass denies the allegations of Paragraph 81.

With regard to the prayer for relief, Encompass denies that Plaintiffs have any basis for judgment against Encompass and alleges that Plaintiffs shall be denied all relief and that Encompass be awarded costs of court and such other relief as is just.

76831

## COUNT IV    BREACH OF LA. REV. STAT. ANN. § 22:1220
## (Insurance Bad Faith) v. AU Insurance Company Defendants

82.     In response to Paragraph 82 of the Amended and Restated Complaint,
Encompass incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.     With respect to Paragraph 83 of the Amended and Restated Complaint,
Encompass states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.
To the extent that the allegations in Paragraph 83 purport to characterize or summarize the
statute, Encompass denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint,
Encompass states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.
To the extent that the allegations in Paragraph 84 purport to characterize or summarize the
statute, Encompass denies the allegations in Paragraph 84.

85.     Encompass denies the allegations of Paragraph 85.

86.     Encompass denies the allegations of Paragraph 86.

87.     Encompass denies the allegations of Paragraph 87.

88.     Encompass denies the allegations of Paragraph 88.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint
calls for a legal conclusion, it requires no response.  To the extent that Paragraph 89 contains
factual allegations requiring a response, Encompass denies the allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint
calls for a legal conclusion, it requires no response.  Encompass states that the statutes referred to
in Paragraph 90 are in writing and speak for themselves.  To the extent that the allegations in

76831

Paragraph 90 purport to characterize or summarize the statute, Encompass denies the allegations in Paragraph 90.

91.     To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Encompass, Encompass denies the allegations.   To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Encompass is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     Encompass denies the allegations of Paragraph 92.

With regard to the prayer for relief, Encompass denies that Plaintiffs have any basis for judgment against Encompass and alleges that Plaintiffs shall be denied all relief and that Encompass be awarded costs of court and such other relief as is just.

## COUNT V - BREACH OF FIDUCIARY DUTY
### v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other Similarly Situated Insurance Company Defendants

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Encompass incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.     Encompass denies the allegations of Paragraph 94.

95.     Encompass denies the allegations of Paragraph 95.

96.     Encompass denies the allegations of Paragraph 96.

97.     Encompass denies the allegations of Paragraph 97.

98.     Encompass denies the allegations of Paragraph 98.

99.     Encompass denies the allegations of Paragraph 99.

- 16 -

100.    Encompass denies the allegations of Paragraph 100.

With regard to the prayer for relief, Encompass denies that Plaintiffs have any basis for judgment against Encompass and alleges that Plaintiffs shall be denied all relief and that Encompass be awarded costs of court and such other relief as is just.

*      *      *

Except as expressly admitted, Encompass denies each and every remaining allegation in the Amended and Restated Complaint.

<u>**SEPARATE AND ADDITIONAL DEFENSES**</u>

**1.**

All Policyholders who are not insureds of Encompass have no right or cause of action against Encompass.

**2.**

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

**3.**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

**4.**

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder of the plaintiffs or the defendants under the Federal Rules of Civil Procedure.

76831

**5.**

Policyholders' claims are barred, in whole or in part, by other provisions, terms, conditions and/or exclusions contained in Encompass' policies. The policies issued by Encompass are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full. Encompass asserts all terms, conditions, coverages, and exclusions that may be applicable to Policyholders' claims.

**6.**

Encompass' policies exclude coverage for water damage claims. Additionally, Encompass' policies do not cover a loss resulting from flood. Encompass' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**7.**

Encompass' policies exclude coverage for losses caused by weather conditions that contribute in any way with a cause or event otherwise excluded. Encompass' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**8.**

Encompass' policies exclude coverage for losses caused by acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body. Encompass' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

76831

**9.**

Encompass' policies exclude coverage for losses caused by faulty, inadequate, or defective design, workmanship, construction, materials, maintenance, and other acts or things identified in the exclusion's terms.  Encompass' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**10.**

Encompass' policies limit coverage for losses caused by mold related items. Encompass' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

**11.**

The Encompass policies contain provisions requiring assistance and cooperation on behalf of the insured.  To the extent that Policyholders breached these provisions, coverage is precluded under the Encompass policy or policies, which are pleaded herein as if copied in full.

**12.**

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

**13.**

The amount of any recovery by Policyholders is limited by the terms and conditions of the Encompass policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

**14.**

Encompass' liability, if any, for Policyholders' claims is limited by the other insurance clause in Encompass' policies of insurance, which is pleaded herein as if copied in full.

76831

**15.**

To the extent that monies recoverable under Policyholders' policy are payable to a mortgagee or other third-party (collectively, "Mortgagee"), Encompass is entitled to a set-off for any amounts paid to the Mortgagee and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the Mortgagee, to the extent of their interest.

**16.**

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been fully compensated for their alleged loss through payment of their claims.

**17.**

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

**18.**

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Encompass to Policyholders upon which Policyholders could have reasonably or justifiably relied.

**19.**

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

**20.**

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is applicable under the facts of this case, as alleged by Policyholders.

76831

**21.**

Without admitting application of the referenced statutory provisions to it, Encompass alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

**22.**

Encompass owed no fiduciary duty to Policyholders.

**23.**

Encompass has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Encompass or any other insurer.

**24.**

Policyholders have failed to state facts sufficient to give rise to a claim against Encompass for punitive damages.

**25.**

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

**26.**

Policyholders' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

**27.**

Policyholders' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

76831

**28.**

Policyholders' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**29.**

To the extent that Encompass' liability depends in part upon Congress' decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Encompass liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**30.**

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**31.**

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, res judicata, estoppel, laches, and/or unclean hands.

**32.**

Policyholders' claims are barred, in whole or in part, by the United States Constitution, including, but not limited to, the Supremacy Clause, Impairment of Contract (Art. I, Sec. 10), the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

**33.**

If Policyholders suffered any damages, as alleged, such injuries were caused, in whole or in part, by the actions or inactions of third parties, not Encompass.

76831

**34.**

To the extent a Policyholder's policy contained a Hurricane Deductible, that Policyholder's claims are subject to application of the Hurricane Deductible as set forth in the Encompass policy.

**35.**

Policyholders' claims are barred, in whole or in part, because the matters at issue are within the exclusive jurisdiction of the Louisiana Department of Insurance by virtue of the filed rate doctrine or otherwise, and policyholders have failed to exhaust their administrative remedies.

**36.**

Encompass has detrimentally relied upon prior approval of its policy forms by the Commissioner of Insurance of Louisiana and upon acceptance by its policyholders of policies offered in accordance with the approved forms.

**37.**

Encompass reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Encompass also hereby incorporates by reference any additional defenses raised by other defendants to this action.

WHEREFORE, Encompass prays for judgment as follows:

1.      That Policyholders take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Encompass recover its costs of suit;

76831

4.      That Encompass recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

_____
Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
    ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000

Attorneys for Defendant Encompass
Indemnity Company

- 24 -

76831

## CERTIFICATE OF SERVICE

I, Judy Y. Barrasso, hereby certify that a copy of the above and foregoing Answer to Amended and Restated Complaint has been served upon the below listed counsel of record via electronic mail this 2nd day of February 2007.

**Counsel for Plaintiffs:**

Joseph M. Bruno (jbruno@brunobrunolaw.com)
Joseph J. McKernan (jemckernan@mckernanlawfirm.com)
Calvin C. Fayard, Jr. (calvinfayard@fayardlaw.com)
John N. Ellison (jellison@andersonkill.com)
Drew Ranier (drainer@rgelaw.com)
James M. Garner (jgarner@shergarner.com)
Robert G. Harvey, Sr. (rgharvey@bellsouth.net)
Tamara Kluger Jacobson (tkjacobson@aol.com)

**Counsel for Defendants:**

Judy Y. Barrasso (jbarrasso@barrassousdin.com)
Wayne J. Lee (wlee@stonepigman.com)
H. Minor Pipes, III (mpipes@barrassousdin.com)
Howard Bruce Kaplan (hkaplan@bernard-cassisa.com)
Kelly Cambre Bogart (kbogart@duplass.com)
Alan J. Yacoubian (ayacoubian@jjbylaw.com)
John William Waters, Jr. (jwaters@bfrob.com)
Stephen E. Goldman (sgoldman@rc.com)
Ralph Shelton Hubbard (rhubbard@lawla.com)
Robert I. Siegel (rsiegel@glllaw.com)
Richard Doren (rdoren@gibsondunn.com)
Maura Zivalich Pelleteri (mpelleteri@kfplaw.com)
Paul E.B. Glad (pglad@sonnenschein.com)
Kristopher T. Wilson (kwilson@lawla.com)

76831

The Counsel for Plaintiffs listed below was served via first class mail, postage prepaid and properly addressed, this 2nd day of February, 2007.

> Thomas J. Corrington
> The Corrington Law Firm
> 3431 Prytania Street
> New Orleans, Louisiana  70115

_____

Judy Y. Barrasso

76831