UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANCES IVKER, WIFE OF/AND<br>BARRY IVKER | * * * | CIVIL ACTION NO. 06-8942 |
| VERSUS | * * | JUDGE: STANWOOD R. DUVALL |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, SUSAN GEOGHEGAN<br>AND XYZ INSURANCE COMPANY | * * * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, who appears for the purposes of amending the Answer and Affirmative Defenses to the Complaint and does, with respect, avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause and/or a right of action upon which relief can be granted against State Farm Fire and Casualty Company.

### SECOND AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies that it acted arbitrarily capriciously or without probable cause and further avers that at all times it acted in good faith and in compliance with all applicable Louisiana statutory law.

-1-

Our file: 0895-0289WW

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's have no right to recover penalties attorney fees and/or costs.

## FOURTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that no coverage exists under the homeowner's policy for the Plaintiffs' losses caused or contributed to by flood.

## FIFTH AFFIRMATIVE DEFENSE

State Farm reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

## SIXTH AFFIRMATIVE DEFENSE

State Farm avers that the terms and conditions of the policy of insurance issued by it to Plaintiff's, particularly the anti-concurrent clause found therein are valid, binding and fully comply with Louisiana law and, as such, must be applied.

## SEVENTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, State Farm would aver and plead that any allegation contained in the Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs' Complaint improperly attempts to require State Farm to provide insurance coverage under a homeowner's policy for flood losses for which State Farm received no premiums and would violate State Farm's protections under the Constitution of Louisiana and the Constitution of the United States.

## NINTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that Plaintiffs are charged with knowledge of the purpose of the National Flood Insurance Program, specifically that homeowner's policies of insurance do

Our file: 0895-0289WW

not provide coverage for "flood" damages. There can be no reasonable reliance, as a matter of law, on a person failing to know this, the terms of the homeowner's policy, the terms of the National Flood Insurance Policy and/or the law related thereto.

### TENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that to the extent Plaintiffs have received funds from other sources as a result of their damages claimed from Hurricane KATRINA, herein, and the same may be required to be repaid as a result of any recovery hereunder, that State Farm is not required to make such payment on behalf of the insured, or is entitled to a set-off for the same. In this regard, without limitation, State Farm as homeowner's insurance carrier pleads all rights and defenses arising from the existence of and payment to Plaintiffs under a flood insurance policy.

### ELEVENTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the Plaintiffs have the burden of proving a loss insured and its amount by the policy.

### TWELFTH AFFIRMATIVE DEFENSE

State Farm affirmatively pleads that the homeowner's policy issued by State Farm under which the Plaintiffs are making a claim is the best evidence of the policy's contents and is pled herein as though copied in its entirety. State Farm specifically pleads all terms, conditions and exclusions, without limitations, of the Plaintiffs' homeowner's policy. Further, State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is vague and ambiguous on its face and a more definitive statement is required.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are premature and Plaintiffs have failed to present amicable demand.

## SIXTEENTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company denies that the facts as alleged in the Complaint occurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company is entitled to a credit for any and all documents paid or to be paid to or on behalf of Plaintiffs, including but not limited to any monies received or recoverable from FEMA, The Red Cross or any other governmental agency, insurance company or charitable organization.

## EIGHTEENTH AFFIRMATIVE DEFENSE

State Farm Fire and Casualty Company is entitled to a trial by jury on all issues and claims relating to Homeowner's insurance policies and hereby requests and prays for same.

## NINETEENTH AFFIRMATIVE DEFENSE

With regard to the plaintiffs' homeowner's policy, to the extent that the petition claims entitlement to recovery under La.R.S. 22:655, the Louisiana Valued Policy Law, State Farm denies the applicability of that law to the facts of this suit. State Farm further avers that Plaintiff's have not suffered a total loss that was caused by a covered peril, and that any award made to Plaintiffs pursuant to La.R.S. 22:695 would equate to impairment of contract, result in a taking without just compensation, would interfere with interstate commerce, would constitute deprivation of property without due process, and would deprive State Farm of equal protection of

-4-

Our file: 0895-0289WW

the law, all in contravention of the constitutions of the United States of America and the State of Louisiana.

## TWENTIETH AFFIRMATIVE DEFENSE

State Farm does not waive any defenses asserted in the original answer. This First Amended Answer and Affirmative Defenses and Request for Trial by Jury is intended to supplement additional defenses to the original answer.

State Farm Fire and Casualty Company is entitled to and hereby requests and prays for a trial by jury.

WHEREFORE, the forgoing considered, State Farm Fire and Casualty Company prays that this First Amended Answer and Affirmative Defenses and Request for trial by Jury be deemed good and sufficient, and after due proceeding had, there be judgment rendered in its favor dismissing the Complaint filed by Plaintiffs, with prejudice, at their cost for trial by jury and for all other general and equitable relief.

Respectfully submitted,

**CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)**
**JAMES ERIC JOHNSON, ESQUIRE (#23800)**
**BRYAN J. HAYDEL, JR., ESQUIRE (#27500)**
**ELEANOR WEEKS WALL (#29695)**
PORTEOUS, HAINKEL, AND JOHNSON, L.L.P.
343 Third Street, Suite 202
Baton Rouge, Louisiana 70801-1309
(225) 383-8900 Telephone; (225) 383-7900 Facsimile
email: cchassaignac@phjlaw.com

Our file: 0895-0289WW

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2007, a copy of the foregoing First Amended Answer and Affirmative Defenses and Request for Trial by Jury was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Charles L. Chassaignac IV, Bryan Joseph Haydel, Jr., Joseph J. Aguda, Jr., Joseph Edward Cain, Soren Erik Gisleson, Brian David Katz and Gerald J. Neilsen by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service, properly addressed, and first class postage prepaid, this filing to the following non-CM/ECF participants:

(No manual recipients)

_____
**CHARLES L. CHASSAIGNAC, IV, ESQUIRE (#20746)**

Our file: 0895-0289WW