# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

*In re* KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO:
INSURANCE

*Chehardy*, No. 06-1672
*Chehardy*, No. 06-1673
*Chehardy*, No. 06-1674

CIVIL ACTION
NO. 05-4182 "K"(2)
JUDGE DUVAL
MAG. WILKINSON

## DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S ANSWER TO THE AMENDED AND RESTATED COMPLAINT

Defendant Aegis Security Insurance Company ("Aegis") answers the plaintiffs' Amended and Restated Complaint as follows:

In answering the Amended and Restated Complaint, Aegis will refer to the individual named plaintiffs (Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberrel, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Shawn and Angelina Burst, Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation, and Mack Barham) as "Plaintiffs." No further response is necessary to the introductory paragraph of the Amended and Restated Complaint.

# I. INTRODUCTION

## I.

Aegis admits that Plaintiffs have filed a complaint that purports to assert a class action. Aegis further admits that Aegis issued a policy of homeowner's insurance to plaintiff Michael Peterson ("Mr. Peterson") and Karen Peterson covering a dwelling in Louisiana and that Mr. Peterson filed an insurance claim with Aegis indicating that said dwelling was damaged on or about August 29, 2005. Aegis further admits that the dwelling had incurred some wind and flood damage. Except as expressly admitted, Aegis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and Restated Complaint and on that basis denies those allegations.

## II.

Aegis admits that Plaintiffs filed a complaint that purports to assert causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes. Aegis denies that it wrongfully, negligently, recklessly, or intentionally refused to provide insurance coverage for covered losses and damages to property caused by Hurricane Katrina. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance

Company Defendants and on that basis denies those allegations. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 2.

## III.

Aegis admits that Plaintiffs filed a complaint seeking declaratory relief and compensatory and punitive damages. To the extent that Paragraph 3 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 3 contains factual allegations that require a response and alleges that Aegis engaged in "wrongful conduct," Aegis denies the allegations. To the extent that Paragraph 3 contains factual allegations that require a response and alleges that other Insurance Company Defendants engaged in "wrongful conduct," Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 3.

## II. PARTIES

## IV.

Aegis admits that Mr. Peterson was named as an insured under a homeowner's insurance policy with an effective period of April 1, 2005 to April 1, 2006 issued by Aegis. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended and Restated Complaint as to other Insurance

Company Defendants and on that basis denies those allegations.   Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 4.

## V.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on that basis denies those allegations.

## VI.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on that basis denies those allegations.

## VII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on that basis denies those allegations.

## VIII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

## IX.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended and Restated Complaint and on that basis denies those allegations.

## X.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

## XI.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

## XII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

## XIII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended and Restated Complaint and on that basis denies those allegations.

## XIV.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended and Restated Complaint and on that basis denies those allegations.

## XV.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended and Restated Complaint and on that basis denies those allegations.

## XVI.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended and Restated Complaint and on that basis denies those allegations.

## XVII.

Aegis admits that it is a foreign insurer organized under the laws of the State of Pennsylvania and that it can be served with process in Louisiana through the Louisiana Secretary of State.  Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 17 of the Amended and Restated Complaint.

## XVIII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended and Restated Complaint and on that basis denies those allegations.

## XIX.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended and Restated Complaint and on that basis denies those allegations.

## XX.

Aegis admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants."

## III.  JURISDICTION AND VENUE

## XXI.

To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Aegis denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

7

## XXII.

To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual allegations requiring a response, Aegis admits that this Court has personal jurisdiction over Aegis.  To the extent that Paragraph 22 contains other factual allegations requiring a response as to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.  Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 22.

## XXIII.

To the extent that Paragraph 23 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual allegations requiring a response, Aegis admits that a substantial part of the events giving rise to this action occurred in this District.  Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 23 as to Aegis.  To the extent that Paragraph 23 contains factual allegations requiring a response as to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

## IV. FACTUAL BACKGROUND

## <u>Appropriateness of Class Action</u>[1]

## XXIV.

To the extent that Paragraph 24 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.

a.      To the extent that Paragraph 24(a) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(a) contains factual allegations requiring a response, Aegis denies that this case is appropriate for class certification.  Further answering, Aegis lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 24(a) and on that basis denies those allegations.

b.      To the extent that Paragraph 24(b) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24(b) contains factual allegations requiring a response, Aegis denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(b).

c.      To the extent that Paragraph 24© of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 24© contains factual allegations requiring a response, Aegis denies that this case is

---

[1]The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this Answer for ease of reference.  To the extent that the headings could be construed as constituting factual allegations or characterizations thereof, those allegations are denied.

appropriate for class certification and denies the allegations in Paragraph 24© as to Aegis.   To the extent that Paragraph 24© contains factual allegations requiring a response as to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations.

d.      To the extent that Paragraph 24(d) of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.   To the extent that Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24(d) and on that basis denies those allegations.   To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Aegis denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d).

Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 24.

## XXV.

Aegis denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

10

## Policyholders' Purchase of the Policies

### XXVI.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations.

### XXVII.

Aegis admits that Mr. Peterson was named as an insured under an Aegis homeowner's insurance policy with an effective period of April 1, 2005 to April 1, 2006 but denies that Mr. Peterson purchased a homeowner's insurance policy directly from Aegis. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 27.

### XXVIII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended and Restated Complaint concerning plaintiffs' subjective beliefs and on that basis denies those allegations. Aegis denies each and every remaining allegation in Paragraph 28.

## XXIX.

Mr. Peterson's insurance policy with an effective period of April 1, 2005 to April 1, 2006 is in writing and speaks for itself. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 29.

## XXX.

Aegis denies that it had "advanced knowledge about the fragility of the New Orleans area levee system." Aegis further denies that its homeowner's insurance policies do not exclude coverage for water damage from the breaking or failure of boundaries and levees of lakes, rivers, streams, or other bodies of water. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint and on that basis denies those allegations.

## XXXI.

Aegis denies that it sold homeowner's policies to homeowners in Louisiana either directly or through Aegis insurance agents. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.

## XXXII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent that they refer to Plaintiffs' subjective beliefs or to other Insurance Company Defendants and on that basis denies those allegations. Aegis denies each and every remaining allegation in Paragraph 32.

## XXXIII.

Mr. Peterson's insurance policy with an effective period of April 1, 2005 to April 1, 2006 is in writing and speaks for itself. Further answering, Aegis admits that the amount of insurance varies by Aegis policyholders. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Amended and Restated Complaint and on that basis denies those allegations. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 33.

## XXXIV.

Aegis admits that premium payments were timely made for the Aegis policy with an effective period of April 1, 2005 to April 1, 2006 insuring Mr. Peterson's dwelling. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Amended and Restated Complaint and on that basis denies those allegations.

**Insurance Company Defendants Fail to Advise Policyholders**
**Regarding the Availability of Flood Insurance**

### XXXV.

Aegis admits that Congress enacted the Federal Flood Insurance Act in 1956. Aegis further admits that Congress passed the National Flood Insurance Act in 1968 and created the National Flood Insurance Program ("NFIP"). Aegis states that the statutes and regulations that comprise the NFIP are in writing and speak for themselves. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 35 of the Amended and Restated Complaint.

### XXXVI.

Aegis admits that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding. 42 U.S.C. § 4013(b)(2). Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 36 of the Amended and Restated Complaint.

### XXXVII.

Aegis admits that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP but denies that it does so. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 37.

14

## XXXVIII.

Aegis denies the allegations of Paragraph 38 of the Amended and Restated Complaint as to Aegis. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company Defendants and on that basis denies those allegations.

## XXXIX.

Aegis denies that Mr. Peterson was not advised of the availability of flood insurance under the NFIP. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended and Restated Complaint and on that basis denies those allegations.

## Hurricane Katrina Damages Policyholders' Property

## XL.

Aegis admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLI.

Aegis admits that there was water on both sides of the Industrial Canal in New Orleans and in the City's Lower Ninth Ward on August 29, 2005. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining

15

allegations contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLIII.

Aegis admits that on or after August 29, 2005, water entered into the City of New Orleans and adjoining parishes from multiple locations.  Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLIV.

Aegis admits that Mr. Peterson was named as an insured under an Aegis policy of homeowner's insurance covering a dwelling in Louisiana and that Mr. Peterson filed an insurance claim with Aegis indicating that said dwelling was damaged on or about August 29, 2005.  Aegis further admits that the dwelling had incurred some wind and flood damage.  Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

16

## XLV.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLVI.

Aegis acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

## XLVII.

Aegis acknowledges that *The Times Picayune* contained an article on April 6, 2005 that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

## XLVIII.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified comments by unspecified individuals contained in

Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

## XLIX.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

## L.

To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Aegis denies the allegations.

## COUNT I - DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

## LI.

In response to Paragraph 51 of the Amended and Restated Complaint, Aegis incorporates by reference its answers to Paragraphs 1 through 50, inclusive.

## LII.

To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Aegis denies that it has not properly addressed Mr. Peterson's coverage claim.  Aegis is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis denies those allegations.

## LIII.

To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 53 contains factual allegations requiring a response as to Aegis and/or Mr. Peterson, Aegis denies the allegations. To the extent that Paragraph 53 contains other factual allegations requiring a response, Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those allegations.

## LIV.

To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Aegis admits that Mr. Peterson submitted a claim for damages incurred on or about August 29, 2005, and that Aegis has made payment for the covered wind damage losses under Mr. Peterson's Aegis homeowner's policy. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 54 as to Mr. Peterson. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

**LV.**

Aegis admits that Mr. Peterson provided timely notification of claimed covered wind damage losses under the policy with an effective period of April 1, 2005 to April 1, 2006. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 55 as to Mr. Peterson. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Amended and Restated Complaint and on that basis denies those allegations.

**LVI.**

To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 56 contains factual allegations requiring a response, Aegis states that Mr. Peterson's insurance policy with an effective period of April 1, 2005 to April 1, 2006 is in writing and speaks for itself. Further answering, Aegis avers that it has made payment for all losses covered under Mr. Peterson's homeowner's policy with an effective period of April 1, 2005 to April 1, 2006 and denies the allegations of Paragraph 56 with respect to the other alleged losses suffered by Mr. Peterson. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis denies those allegations.

**LVII.**

Aegis denies the allegations contained in Paragraph 57 of the Amended and Restated Complaint as to Mr. Peterson and states that it has made payment to Mr. Peterson in

accordance with the terms of the policy with an effective period of April 1, 2005 to April 1, 2006 for covered wind damage losses incurred on or about August 29, 2005. Except as expressly admitted, Aegis denies each and every remaining allegation in Paragraph 57 as to Aegis and/or Mr. Peterson. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Amended and Restated Complaint and on that basis denies those allegations.

## LVIII.

To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 58 contains factual allegations requiring a response and refers to Aegis, Aegis denies each and every allegation in Paragraph 58. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on that basis denies those allegations.

## LIX.

To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 59 contains factual allegations requiring a response and alleges that Aegis improperly adjusted Mr. Peterson's claim, Aegis denies the allegations. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies those allegations.

21

## LX.

To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 60 contains factual allegations requiring a response, Aegis states that Mr. Peterson's insurance policy with an effective period of April 1, 2005 to April 1, 2006 is in writing and speaks for itself.  Aegis denies each and every remaining allegation in Paragraph 60.

## LXI.

Aegis denies each and every allegation in Paragraph 61 of the Amended and Restated Complaint.

## LXII.

To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 62 contains factual allegations requiring a response and refers to Aegis, Aegis denies each and every allegation in Paragraph 62.  To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

## LXIII.

Aegis admits that any investments that it makes may earn income.  Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis denies those allegations.

## LXIV.

Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and on that basis denies those allegations.

With regard to the prayer for relief, Aegis denies that Plaintiffs have any basis for judgment against Aegis and prays that Plaintiffs be denied all relief and that Aegis be awarded costs of court and such other relief as is just.

## COUNT II - BREACH OF CONTRACT
## v. All Insurance Company Defendants

## LXV.

In response to Paragraph 65 of the Amended and Restated Complaint, Aegis incorporates by reference its answers to Paragraphs 1 through 64, inclusive.

## LXVI.

To the extent that Paragraph 66 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 66 contains factual allegations requiring a response, Aegis admits that Mr. Peterson was named as an insured under an Aegis insurance policy with an effective period of April 1, 2005 to April 1, 2006. Aegis states that Mr. Peterson's insurance policy with an effective period of April 1, 2005 to April 1, 2006 is in writing and speaks for itself. To the extent that Paragraph 66 of the

Amended and Restated Complaint contains other factual allegations as to Aegis and/or Mr. Peterson, Aegis denies the allegations. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 and on that basis denies them.

## LXVII.

Aegis admits that all premiums due under Mr. Peterson's Aegis policy with an effective period of April 1, 2005 to April 1, 2006 were paid. To the extent that Paragraph 67 of the Amended and Restated Complaint contains other factual allegations as to Aegis and/or Mr. Peterson, Aegis denies the allegations. Aegis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 and on that basis denies those allegations.

## LXVIII.

To the extent that Paragraph 68 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 as to other Insurance Company Defendants and on that basis denies those allegations.

## LXIX.

To the extent that Paragraph 69 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 69 contains factual allegations requiring a response and refers to Aegis, Aegis denies each and every allegation

in Paragraph 69.  To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

With regard to the prayer for relief, Aegis denies that Plaintiffs have any basis for judgment against Aegis and prays that Plaintiffs be denied all relief and that Aegis be awarded costs of court and such other relief as is just.

## COUNT III - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### v. All Insurance Company Defendants

### LXX.

In response to Paragraph 70 of the Amended and Restated Complaint, Aegis incorporates by reference its answers to Paragraphs 1 through 69, inclusive.

### LXXI.

To the extent that Paragraph 71 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations.  To the extent that Paragraph 71 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to other Insurance Company Defendants and on that basis denies those allegations.

25

## LXXII.

To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 72 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 72 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and on that basis denies those allegations.

## LXXIII.

To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

## LXXIV.

To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the

extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

## LXXV.

To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 75 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

## LXXVI.

To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 76 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

## LXXVII.

To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Further, Louisiana Revised Statute § 22:658.2(A)(1) is in writing and speaks for itself. To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 77 contains other factual allegations requiring a response and refers

27

to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

## LXXVIII.

To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

## LXXIX.

To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

## LXXX.

To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

## LXXXI.

To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

With regard to the prayer for relief, Aegis denies that Plaintiffs have any basis for judgment against Aegis and prays that Plaintiffs be denied all relief and that Aegis be awarded costs of court and such other relief as is just.

## COUNT IV - BREACH OF LA. REV. STAT. ANN. § 22:1220
## (Insurance Bad Faith) v. AU Insurance Company Defendants

### LXXXII.

In response to Paragraph 82 of the Amended and Restated Complaint, Aegis incorporates by reference its answers to Paragraphs 1 through 81, inclusive.

### LXXXIII.

To the extent that Paragraph 83 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Further, Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself. To the extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Aegis denies the allegations in Paragraph 83.

### LXXXIV.

With respect to Paragraph 84 of the Amended and Restated Complaint, Aegis states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself. To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Aegis denies the allegations in Paragraph 84.

### LXXXV.

To the extent that Paragraph 85 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 85 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

## LXXXVI.

To the extent that Paragraph 86 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 86 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

## LXXXVII.

To the extent that Paragraph 87 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 87 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

## LXXXVIII.

To the extent that Paragraph 88 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 88 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those allegations.

## LXXXIX.

To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 89 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 89 contains other factual allegations requiring a response and refers to

other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

## XC.

To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Further, the statutes referred to in Paragraph 90 are in writing and speak for themselves. To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

## XCI.

To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. Further, the statute referred to in Paragraph 91 is in writing and speaks for itself. To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

## XCII.

To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further, the statute referred to in Paragraph 92 is in writing and speaks for itself.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations.  To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

With regard to the prayer for relief, Aegis denies that Plaintiffs have any basis for judgment against Aegis and prays that Plaintiffs be denied all relief and that Aegis be awarded costs of court and such other relief as is just.

## COUNT V - BREACH OF FIDUCIARY DUTY
### v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual <u>and Other Similarly Situated Insurance Company Defendants</u>

## XCIII.

In response to Paragraph 93 of the Amended and Restated Complaint, Aegis incorporates by reference its answers to Paragraphs 1 through 92, inclusive.

## XCIV.

To the extent that Paragraph 94 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 94 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

## XCV.

To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 95 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 95 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those allegations.

## XCVI.

To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

## XCVII.

To the extent that Paragraph 97 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 97 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 97 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

## XCVIII.

To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 98 refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

## XCIX.

To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

## C.

To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response. To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Aegis, Aegis denies the allegations. To the extent that Paragraph 100 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Aegis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies those allegations.

With regard to the prayer for relief, Aegis denies that Plaintiffs have any basis for judgment against Aegis and prays that Plaintiffs be denied all relief and that Aegis be awarded costs of court and such other relief as is just.

\* \* \*

Except as expressly admitted, Aegis denies each and every remaining allegation in the Amended and Restated Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO RIGHT OR CAUSE OF ACTION)

All Plaintiffs who are not insureds of Aegis have no right or cause of action against Aegis.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to state a claim upon which relief may be granted.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (NO CLASS ACTION)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for the establishment of a plaintiff class.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (IMPROPER JOINDER)

Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under the Federal Rules of Civil Procedure.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (POLICY TERMS AND CONDITIONS)

The policies issued by Aegis are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full. Aegis asserts all terms, conditions, coverages, and exclusions that may be applicable to the claims of its policyholders ("Policyholders").

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (WATER DAMAGE EXCLUSION)

Aegis' policies exclude coverage for water damage claims. Additionally, Aegis' policies do not cover a loss resulting from flood. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (ORDINANCE OR LAW EXCLUSION)

Aegis' policies exclude coverage for losses caused by ordinance or law. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (WEATHER CONDITIONS EXCLUSION)

Aegis' policies exclude coverage for losses caused by weather conditions that contribute to certain other excluded causes or events, including water damage and ordinance or law. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
## (ACTS OR DECISIONS EXCLUSION)

Aegis' policies exclude coverage for losses caused by acts or decisions, including the failure to act or decide, of any person, group, organization, or governmental body. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## TENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAULT, INADEQUACY, OR DEFECT EXCLUSION)

Aegis' policies exclude coverage for losses caused by faulty, inadequate, or defective design, workmanship, construction, materials, maintenance, and other acts or things identified in the exclusion's terms. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (MOLD RELATED ITEMS EXCLUSION)

Aegis' policies exclude coverage for losses caused by mold related items. Aegis' policies are the best evidence of their terms, conditions, coverages, and exclusions and are pleaded herein as if copied in full.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO EXHAUST CONTRACTUAL REMEDIES)

Policyholders' claims are barred in whole or in part by the failure to exhaust mandatory contractual remedies.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (ASSISTANCE AND COOPERATION)

The alleged Aegis policies contain provisions requiring assistance and cooperation on behalf of the insured. To the extent that Policyholders breached these provisions, coverage is precluded under the alleged Aegis policy or policies, which are pleaded herein as if copied in full.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (SUFFICIENT PROOF OF LOSS)

Policyholders' claims are barred in whole or in part by the failure to provide sufficient proof of loss.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (POLICY LIMITS)

The amount of any recovery by Policyholders is limited by the terms and conditions of the Aegis policies sued upon, including any limitations as to coverage payable; the policies are pleaded herein as if copied in full.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (OTHER INSURANCE)

Aegis' liability, if any, for Policyholders' claims is limited by the other insurance clause in Aegis' policies of insurance, which is pleaded herein as if copied in full.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (SETOFF)

Policyholders' claims are barred in whole or in part to the extent that Policyholders have already been compensated for their alleged loss through payment of their claims.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
## (UNJUST ENRICHMENT)

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Policyholders.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
### (COMPARATIVE FAULT – THIRD PARTIES)

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both) to any injury or damage to Policyholders and any liability of Aegis, that liability should be reduced by the percentage of fault attributed to those other persons and entities pursuant to Louisiana Civil Code art. 2323.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
### (ABSENCE OF REASONABLE RELIANCE)

Policyholders' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Aegis to Policyholders upon which Policyholders could have reasonably or justifiably relied.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
### (NO DECLARATORY RELIEF)

Policyholders are not entitled to any declaratory relief, because the facts and circumstances of each claim and the policies at issue will vary among Policyholders, making declaratory relief impossible.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (INAPPLICABILITY OF LA. REV. STAT. §§ 22:1220 & 22:658.2)

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is applicable under the facts of this case, as alleged by Policyholders.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
## (GOOD FAITH)

Without admitting application of the referenced statutory provisions to it, Aegis alleges that it acted at all times in good faith and not in an arbitrary or capricious manner, and in compliance with Louisiana law, including § 22:1220 and § 22:658.2 of the Louisiana Revised Statutes.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
## (NO FIDUCIARY DUTY)

Aegis owed no fiduciary duty to Policyholders.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
## (NO DUTY TO PAY ATTORNEYS' FEES OR OTHER COSTS)

Aegis has no duty to pay Policyholders' attorneys' fees or other costs incurred in prosecuting their claim for coverage against Aegis or any other insurer.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO STATE A CLAIM FOR PUNITIVE DAMAGES)

Policyholders have failed to state facts sufficient to give rise to a claim against Aegis for punitive damages.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
## (FAILURE TO MITIGATE)

Policyholders' claims are barred in whole or in part to the extent that Policyholders failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
## (PREEMPTION)

Policyholders' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
## (PROCEDURAL DUE PROCESS)

Policyholders' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE
## (SUBSTANTIVE DUE PROCESS)

Policyholders' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
## (DUE PROCESS)

To the extent that Aegis' liability depends in part upon Congress' decision to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Aegis liable violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
### (PUNITIVE DAMAGES)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
### (EQUITABLE DOCTRINES)

Policyholders' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (ADDITIONAL DEFENSES)

Aegis reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Policyholders' position.  Aegis also hereby incorporates by reference any additional defenses raised by other defendants to this action.

WHEREFORE, Aegis prays for judgment as follows:

1.    That Policyholders take nothing;

2.    That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.    That Aegis recover its costs of suit;

4.    That Aegis recover its reasonable attorneys' fees; and

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

KREBS, FARLEY, & PELLETERI, L.L.C.


/s/ Maura Z. Pelleteri
MAURA Z. PELLETERI (8463)
ANDREA MITTLEIDER (27578
AMY M. SELTZER (28992)
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Telephone: (504) 299-3570
Facsimile: (504) 299-3582

ATTORNEYS FOR AEGIS SECURITY
INSURANCE COMPANY

45

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of February, 2007, served a copy of the foregoing pleading upon all counsel of record by facsimile and/or by electronic mail.

/s/ Maura Z. Pelleteri
MAURA Z. PELLETERI