**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*



James F. McConnon
Trial Attorney

Post Office Box 888, Benjamin Franklin Station
Washington, D.C. 20044

Telephone: (202) 353-2604
Facsimile: (202) 616-5200

PJP:JFMcConnon
157-0-272

January 31, 2007

**VIA FACSIMILE and U.S. MAIL**
Honorable Joseph C. Wilkinson, Jr.
B409 Hale Boggs Federal Bldg.
500 Poydras Street
New Orleans, LA 70130

Re:   In Re Katrina Canal Breaches Litigation Civil Action No. 05-4182 (All Levee) "K"

Dear Judge Wilkinson:

    This letter concerns what amounts to an impasse that is interfering with the completion of repairs at the site of the 17th Street Canal breach. The impasse has its roots in the original protocol (R.D. 503) that was designed to afford counsel and their consultants an opportunity to enter the construction site to inspect materials and observe operations. Because the protocol specified and incorporated anticipated work procedures and inspection opportunities, it required amendment a few months later when it was discovered that the plaintiffs would not be able to view the connections between the sheet piles and concrete monoliths in one area of the work site. Accordingly, on September 12, 2006, the protocol was amended (R.D. 1152). The amendment, like the original protocol, set forth the repair procedures that were expected to ensue. But soon thereafter, it was discovered that the construction sequence specified in the amended protocol was incompatible with site conditions. Counsel for Boh Brothers therefore asked counsel for the United States to file the necessary motions with the Court to revise the amended protocol to correspond to the new construction sequence. Since that time, counsel for the United States has been attempting to obtain a response from counsel for the plaintiffs concerning a revision.

    The present situation amounts to an impasse because counsel for the plaintiffs, for more than a month, have promised to respond to a proposed revision of the protocol but have failed to do so. Because of the inherent difficulty in drafting a protocol that attempts to forecast specific future operations and procedures, and that would therefore be likely to require subsequent amendments, the United States, with the concurrence of Boh Brothers, has drafted a new, superseding protocol. This new superseding protocol is intended to provide greater flexibility in adapting the work to respond to changing conditions without requiring renegotiation of the protocol.

Adopting a new protocol is essential, so that the repair of the floodwall can continue without additional undue delay. Continued delay may prevent completion of the repair by the onset of the 2007 hurricane season.

## Proposed Superseding 17th Street Protocol

This Protocol is intended to allow litigation counsel and other representatives of litigants an opportunity to inspect and preserve evidence without imposing substantial costs or delays upon the repair work:

1. After each workday at the site, Boh Brothers will send a report the next business day via e-mail to Robin Smith, Traci Colquette, Kara Miller, and James McConnon as counsel for the United States. Counsel for the United States will send the report on or about 1:00 p.m. CT that same day to interested parties, who request notification. The report will briefly describe the work performed during the workday. The report will also, on a best efforts basis only, identify what excavation, demolition, or removal work is expected to occur during the next three to five days.

2. If liaison counsel or their representatives wish to visit the site, liaison counsel must notify by e-mail Robin Smith, Traci Colquette, Kara Miller, and James McConnon of the identity of those individuals no later than 4:00 p.m. CT on the day before the visit, specifying the time of arrival so that the Corps can have a representative escort the visitors during the site visit. Plaintiffs and Defendants are each permitted to have no more than eight attorneys or other representatives on site. Boh Bros. shall have the right to bar all visitors if these limits are exceeded. The designated visitors shall report to the Boh Bros. project superintendent or his designee prior to entering the site. No unauthorized and/or unannounced visits will be permitted, and visitors are prohibited from conversing with site personnel other than their Corps escort. Visitors must have the necessary personal protective equipment, i.e., standard issue hard hat, steel-toed shoes, safety vests, and eye protection.

3. If any party seeks preservation of materials from the construction site, counsel must communicate a request for preservation of the materials to counsel for the United States and Boh Bros. At its option and expense, the United States may elect to maintain custody of those materials and to preserve them under chain-of-custody procedures that provide the litigants with an opportunity to inspect and test them. But if the United States elects not to maintain custody of the materials, then the party or parties who desire their preservation shall make satisfactory arrangements with the United States to obtain these materials. The cost of obtaining (including, but not limited to, extricating, excavating, labeling, loading, and transporting) and storing the materials shall be borne entirely by the parties advocating preservation, not by the United States or Boh Bros. The parties who obtain the materials are also responsible for maintaining an evidentiary chain-of-custody. The United States reserves the right to retain and test similar or duplicate samples of all materials obtained by the parties.

4. Liaison counsel and their representatives expressly acknowledge and agree that Boh Bros. and the Corps shall be in sole control of on-site activities (including the designation of safe areas within which visitors must remain while on site). All parties are permitted to inspect, view, photograph, videotape, or otherwise record the material and operations insofar as is feasible consistent with the safety restrictions imposed on the visitors by the project superintendent or his designee.

5. In the event that liaison counsel desire greater access than they or their representatives are being afforded by the project superintendent or his designee, inquiries shall be directed to counsel for Boh Bros. and the United States. Failing an agreement concerning requested access, liaison counsel may file an appropriate motion with the Court to obtain relief. Correspondingly, counsel for Boh Bros. and the United States reserve the right to file a motion for protective order to enforce this Protocol or obtain relief from it.

Sincerely,

James F. McConnon, Jr.
Trial Attorney
Civil Division, Torts Branch

cc:  (Via email)
     Hugh Lambert
     Joe Bruno
     Ralph Hubbard
     Michael Riess