UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * CIVIL ACTION NO. 05-4182 |
| Plaintiff | * SECTION "K"(2) |
| PERTAINS TO: 05-4181, 05-4182, 05-5237, 05-6073, 05-6314, 05-6324, 05-6327, 06-0020, 06-225, 06-886, 06-2278, 06-2287, 06-2545, 06-2346 | * JUDGE DUVAL * MAGISTRATE WILKINSON |

*******************************************

### OPPOSITION TO GOVERNMENT DEFENDANTS', THE BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT AND THE SEWERAGE AND WATER BOARD OF NEW ORLEANS MEMORANDUM IN SUPPORT OF MOTION TO AMEND/ALTER JUDGMENT AND/OR CERTIFY THE JUDGMENT FOR IMMEDIATE APPEAL

**NOW INTO COURT**, through undersigned counsel, comes plaintiffs in the above referenced cases, who in opposition to governmental defendants the Board of Commissioners of the Orleans Levee District ("OLD") and The Sewerage and Water Board of New Orleans ("S&WBNO") Motion to Amend/Alter Judgment and/or Certify Judgement for Immediate Appeal, does state:

I.

FACTS

On June 13, 2006, defendants the Board of Commissioners of the Orleans Levee District and The Sewerage and Water Board of New Orleans, filed a Motion to Dismiss. Plaintiffs filed a timely opposition, and on December 29, 2006, Judge Duval denied the Motion to Dismiss. (Document No. 2423). Defendants filed their Motion to Amend/Alter on January 16, 2007.

## II.

## ARGUMENT

### A. *Motion to Amend/Alter*

Federal Rule of Civil Procedure, Rule 59 (e) holds in pertinent part: "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Based upon a quick count of the calendar days, the defendants motion was not filed in a timely fashion.

If defendants motion were deemed to be timely filed, its Motion to alter or amend a judgment may not be used as vehicle for a losing party to rehash arguments previously considered and rejected by the district court. Torre v. Federated Mut. Ins. Co., 862 F.Supp. 299 (D.Kan.1994). Reconsideration of a prior order is an extraordinary remedy which must be used sparingly; when issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration is a change in the factual or legal underpinning upon which decision is based. Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority, , 814 F.Supp. 1072 (M.D.Fla.1993).

In its Motion to Dismiss, the OLD and S&WBNO relied upon a prior decision Armstead v. Nagin, 2006 WL3861769 (E.D. La. 2006), in which the court considered and approved the Report and Recommendation of the United States Magistrate Judge (and the failure of plaintiffs to file an objection to the Magistrate Judge's Report and Recommendation), and adopted the Magistrate's opinion "except with respect to the scope of the Magistrate Judge's Report and Recommendation as to plaintiffs' failure to state a claim against the Levee District under State Law.

In denying the OLD and S&WBNO Motion to Dismiss, Judge Duvall distinguished the

result in the <u>Armstead</u> matter, indicating that <u>Armstead</u> was factually distinguishable from the allegations of the present case.

In rehashing its same argument, the OLD and S&WBNO repeatedly rely on the language of <u>Armstead</u>. In addition, defendants reassert the same jurisprudence that they relied upon in their Motion, and which Judge Duvall specifically addressed in denying the Motion to Dismiss.

The OLD and S&WBNO are seeking a second bite at the apple in seeking their Motion to Dismiss. Because this violates the both the clear intent and spirit of Rule 59, the defendants Motion to Amend/Alter must be denied.

### *B.* *Motion to Certify*

In order to seek appeal, defendants must show that they are irreparably harmed as result of the adverse ruling on their Motion to Dismiss. As they have failed to do so, the Motion must be denied.

### III.

### CONCLUSION

For the foregoing reasons, the Board of Commissioners of the Orleans Levee District and The Sewerage and Water Board of New Orleans Motion to Amend/Alter Judgment and/or Certify Judgement for Immediate Appeal must be denied.

Respectfully submitted;

BY: _____
JOSEPH M. BRUNO, (#3604)
L. SCOTT JOANEN (#21431)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA  70113
Telephone: (504) 525-1335

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 6st day of February, 2007.

_____
Joseph M. Bruno