UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT VOSBEIN | * | CIVIL ACTION |
| VERSUS | * | NO.   06-7759 |
| CHAPETTA INSURANCE AGENCY, INC. and ALLSTATE INSURANCE COMPANY | * | SECTION "S" |
| * * * * * * * * | * | MAGISTRATE 5 |

MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes the plaintiff, ALBERT VOSBEIN, who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

I.   BACKGROUND

This is an action for homeowners insurance recovery and breach of contract against ALLSTATE INSURANCE COMPANY (hereinafter "ALLSTATE"), and negligence and/or breach of fiduciary duty, committed by both the defendants, ALLSTATE and plaintiff's insurance agent, CHAPETTA INSURANCE AGENCY, INC. ( hereinafter "CHAPETTA").

In his petition filed in the Civil District Court for the Parish of Orleans, plaintiff alleges various theories of recovery against the defendants, for damages done to his home as a result of events both related and unrelated to Hurricane Katrina. These are strictly

homeowner's insurance claims against the defendant, ALLSTATE, and errors and omissions/breach of fiduciary duty claims against both ALLSTATE and CHAPETTA. Plaintiff has not asserted any claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

Plaintiff filed his petition on August 23, 2006 and on or about October 10, 2006, the defendant, ALLSTATE, filed with this Court a Notice of Removal. In response to that removal, plaintiff has filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

### (A)   Removal.

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential

Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "…if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"…[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**(B)   The defendant's removal is defective.**

The defendant, ALLSTATE's, removal of this matter from state court to federal court is defective for at least two reasons:

First, ALLSTATE's removal under 28 U.S.C. Section 1446(a) is untimely since CHAPPETTA did not concur in ALLSTATE's removal within thirty days of ALLSTATE's service.

Second, since CHAPPETTA was served on September 11, 2006, the absolute latest date on which CHAPPETTA could properly consent to ALLSTATE's removal under 28 U.S.C. Section 1446(b) was October 11, 2006. In point of fact, CHAPPETTA has yet to properly consent to ALLSTATE's removal.

Section 1446(b) clearly requires a notice of removal to be filed within thirty days after a plaintiff serves the defendant. In cases, such as this, involving more than one

defendant, the Fifth Circuit has held that the thirty day period begins to run on the date that the first defendant is served. Getty Oil, Division of Texaco v. Insurance Company of North America, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); Clark v. Field Inspection Service, Inc., 1994 WL 180278 (E.D. La. 1994).

As a result, it is well settled in this Circuit that, providing the case is removable, all served defendants must join in the Notice of Removal no later than thirty days after the plaintiff serves the first defendant.

In this case, CHAPPETTA has yet to consent to ALLSTATE's removal and ALLSTATE's removal is clearly too late given the fact that CHAPPETTA was served in this matter on September 11, 2006.

Plaintiff attaches hereto, as Exhibit 1, a copy of the online return from the Civil Sheriff for the Civil District Court for the Parish of Orleans evidencing personal service on the defendant, CHAPPETTA, on September 11, 2006.

(C)     **Removal is improper pursuant to 28 U.S.C. Section 1332.**

The defendant, ALLSTATE, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision of 28 U.S.C. Section 1332. In so doing, ALLSTATE argues that the plaintiff's insurance agent has been fraudulently joined in an attempt to defeat diversity jurisdiction.

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff, against an in state defendant which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in state defendant. Richmond v. Chubb Group of Insurance Companies, 2006 WL 2710566 (E.D. La. 2006).

In determining whether a plaintiff has some reasonable basis of recovery under state law, a court may resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. <u>Richmond v. Chubb Group of Insurance Companies</u>, *supra*.

The "...burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." <u>B. Inc. v. Miller Brewing Company</u>, 663 F.2nd 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "...the district court must evaluate all of the factual allegations in the light most favorable to plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." <u>Burden v. General Dynamics Corporation</u>, 60 F.3rd 213 (216) (5th Cir. 1995). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. Id.

In this matter, plaintiff alleges that the defendants, ALLSTATE and CHAPETTA, who is a non-diverse defendant and domiciled in the Parish of Jefferson, and State of Louisiana, were liable, for the following errors and omissions and breach of fiduciary duty (See Paragraphs XXI and XXIV of plaintiff's original state court Petition):

(A)  Failing to advise plaintiff of the gap between homeowners coverages and flood coverages and failing to close the gap;

(B)  Underinsuring plaintiff's property both for homeowner losses and flood losses;

(C)  Increasing homeowner/fire/liability limits without implementing corresponding increases in flood insurance limits and failing to warn plaintiff that it was not increasing flood limits;

(D)  Failing to apprise the plaintiff of the existence of other insurance products, specifically excess flood insurance coverage, which would have allowed plaintiff to properly insure his dwelling and content;

(E)  Deviating from industry standards by failing to "match" plaintiff's flood content coverage to plaintiff's flood dwelling coverage; and

(F)  Failing to advise the plaintiff that homeowners/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in damage to plaintiff's property.

As stated above, to determine if joinder is improper, the Court must decide whether plaintiff has a reasonable basis of recovery under state law. Clearly, plaintiff's allegations state causes of action under Louisiana law for errors and omissions and breach of duty and, therefore, the defendants have not proved improper joinder.

In addition to the above, the defendants allege that "all claims against the agent may have preempted and prescribed under Louisiana law."

However, there is nothing in plaintiff's petition which would resolve a contested issue of substantive fact regarding communications between the agent and plaintiff and, therefore, since the Court must resolve all contested issues of substantive fact in plaintiff's favor, the defendant has not proved improper joinder by preemption. Burden v. General Dynamics Corp., *supra*; Richmond v. Chubb Insurance Group Companies, *supra*.

### III. CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

### CERTIFICATE OF SERVICE

I hereby certify that I have on this _19_ day of _Oct_, 20_06_, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____