

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT F. VOSBEIN | * | CIVIL ACTION NO.:  2006-7759 |
| | * | |
| | * | JUDGE:  VANCE |
| VERSUS | * | |
| | * | MAGISTRATE:  CHASEZ |
| CHAPETTA INSURANCE AGENCY, INC. | * | |
| and | * | |
| ALLSTATE INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ALLSTATE INSURANCE COMPANY'S
### OPPOSITION TO MOTION TO REMAND

Defendant   Allstate   Insurance   Company   ("Allstate")   submits   this
Opposition to the plaintiff's Motion to Remand.  As shown below, this Court has subject
matter jurisdiction over the plaintiff's claims against Allstate based on diversity of
citizenship, because the Chappetta Insurance Agency, Inc. ("Chappetta") was improperly
joined with Allstate.  In addition, Allstate adopts the reasons supporting removal as set forth
in Allstate's notice of removal.

In his Motion to Remand, the plaintiff contends that removal of this matter
was improper because Chappetta did not consent to Allstate's removal and Chappetta was
not improperly joined.  Allstate will demonstrate that its notice of removal was timely and



1

that the consent of Chappetta, who was improperly joined, was unnecessary.   Further,

Allstate will show that joinder of Chappetta was improper because:

> ❑   The plaintiff has no cause of action against Chappetta; therefore, as a matter of
>      law, he is improperly joined;

> ❑   The plaintiff's claims against Chappetta are perempted under La. Rev. Stat.
>      9:5606;

> ❑   The plaintiff has not alleged that Chappetta, as his insurance agent, personally
>      bound himself, exceeded his authority, or made any false representations that
>      would give rise to liability; and

> ❑   The plaintiff's claims against Chappetta are completely unrelated to her only
>      viable claims against Allstate, and therefore are misjoined.

For these reasons, Chappetta's citizenship must be disregarded for purposes

of determining whether diversity jurisdiction exists and his consent to removal is

unnecessary.   Given the undisputed facts that Allstate is completely diverse from the

plaintiff and that the matter in controversy exceeds $75,000, diversity jurisdiction exists in

this case, and Allstate's removal of this matter to this Court was proper.

## I.        FACTS

This suit, filed on August 28, 2006, arises out of the plaintiff's claims

under his Allstate homeowners policy for losses allegedly caused by Hurricane Katrina.

The Petition alleges that Allstate has failed fully to compensate the plaintiff for damage

to his home and property under his homeowners policy, which the plaintiff avers

constitutes bad faith insurance practices, entitling him to damages, penalties, costs, and

73095

attorney fees.[1]    Chappetta, a local insurance agent, initially procured flood and homeowners insurance policies for the plaintiff through Allstate in 1990 and 2004 respectively,[2] more than 2 years before this suit was filed.    Although the plaintiff's dwelling limits under his flood policy were in only $100 lower than under his homeowners policy on the date of the hurricane, the plaintiff alleges that Chappetta failed to advise him of and to close an alleged "gap" between the coverages of his flood and homeowners policies.[3]    In addition, the plaintiff alleges that Chappetta failed to advise him of the availability of or need for additional coverage for flood and homeowners damages, and failed to procure adequate and/or other (*e.g.*, excess) coverage.[4]

It is undisputed that the plaintiff is a citizen of Louisiana.[5]    It also is undisputed that Allstate is a citizen of Illinois for diversity purposes.[6]    Finally, Allstate has shown that the amount in controversy exceeds $75,000, exclusive of interest and costs and the plaintiff does not dispute this fact.    Allstate timely filed a notice of removal on October 2, 2006, on the basis of diversity jurisdiction.    The plaintiff's motion to remand followed.

---

[1]        *See* Petition, ¶¶ VI, X-XI, XII-XIV, and prayer for relief.

[2]        *See* Affidavit of John Chappetta, Exh. "A," ¶¶ 7, 9.

[3]        *See* Petition, ¶ XXIV.

[4]        *See id.*

[5]        *See id.* at Introductory ¶.

[6]        *See* 28 U.S.C. § 1332(c)(1); *see also* Allstate's Notice of Removal, ¶ 9.

73095

## II.   LAW AND ARGUMENT:

### Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(a)(1).

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  There is complete diversity as to all parties, and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

### A.   Allstate's Removal is Procedurally Sound.

The plaintiff contends that Allstate's removal was procedurally defective because Chappetta did not consent to the removal.[7]  This contention is without merit.  The Fifth Circuit has held that it is not necessary to obtain the consent of codefendants who are allegedly improperly or fraudulently joined, as Chappetta is here.[8]  The court has observed that "[i]n cases involving alleged improper or fraudulent joinder of parties, . . . application of [the consent] requirement would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."[9]  Accordingly, under Fifth Circuit precedent, Allstate was not required to obtain Chappetta's consent to removal, and the lack thereof does not defeat this Court's jurisdiction.

---

[7]     *See* Memorandum in Support of Motion to Remand, II(B).

[8]     *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

[9]     *See id.*

4

A.      **The Plaintiff Has No Cause Of Action Against Chappetta; Therefore, As a Matter of Law, He is Improperly Joined.**

Although Chappetta is a citizen of Louisiana, his citizenship does not defeat this Court's subject-matter jurisdiction, because the plaintiff improperly joined Chappetta.[10]

The standard for determining when a defendant has been fraudulently joined was recently explained by the Fifth Circuit in *Hornbuckle v. State Farm Lloyds*[11]:

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

"Under this standard, the Court must determine whether there is arguably a *reasonable* basis for predicting that state law might impose liability. This means that there must be a reasonable possibility of recovery, not merely a *theoretical* one."[12]

---

[10]     *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995) (stating that improperly joined defendants "must be ignored for diversity jurisdiction"); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (finding that because co-defendants "were improperly joined, … their citizenship [was] to be disregarded for purposes of determining diversity jurisdiction").

[11]     385 F.3d 538, 545-56 (5th Cir. 2004).

[12]     *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir.) *cert. denied,* 126 S. Ct. 335 (2005) (emphasis in original, citations omitted); *see also Smallwood,* 385 F.3d at 573.

73095

Significantly, these rules have been applied to instances of improper joinder of insurance agents and adjusters.[13]

There is no possibility that the plaintiff can obtain relief against Chappetta because he has not stated and cannot state a claim against Chappetta under well-settled Louisiana law.  As supported by several decisions of various sections of this Court, The plaintiff does not state a cause of action against Chappetta, an insurance agent:

❖ *Davis v. Allstate*,[14] wherein Judge Vance found that the plaintiff failed to state a cause of action against Allstate insurance agent because "Plaintiff does not cite, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage";

❖ *Dobson v. Allstate*,[15] wherein Judge Vance found that even if the Court were to consider plaintiffs' assertion that the agent negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Plaintiffs did not file suit against [the agent] until December 21, 2005.  Because the "alleged negligence should have been discovered by plaintiffs more than one year from the date on which they filed suit, their claims [] are perempted."  Accordingly, the plaintiffs failed to state a cause of action against Allstate insurance agent because "Plaintiffs do not

---

[13]     *See e.g., Ragas v. Tarleton*, 2006 WL 2925448 (Feldman, J.) (denying motion to remand where agent improperly joined); *Dobson v. Allstate*, 2006 WL 2078423 (Vance, J.) (same); *Cresson v. State Farm Fire and Cas. Co.*, No. 06CV4763, 2006 WL 2912824 (E.D. La. Oct. 5, 2006) (McNamara, J.) (same); *Perez v. Metropolitan Prop. and Cas. Ins. Co.*, No. 06CV2574, 2006 WL 2178753 (E.D. La. July 28, 2006) (Lemelle, J.) (same); *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005) (Duval, J.) (finding adjuster was fraudulently joined where plaintiff failed to establish reasonable basis of recovery); *Kimball v. Modern Woodmen of Am.*, 939 F. Supp. 479 (M.D. La. 1996) (Parker, J.) (holding that agent was fraudulently joined where plaintiff failed to establish knowledge of falsity of representation).

[14]     06CV1064, 2006 WL 2078243, at *10 (E.D. La. July 21, 2006).

[15]     06CV1064, 2006 WL 2078243, at *9 (E.D. La. July 21, 2006).

73095

have a reasonable possibility of recovery against [agent]; he is therefore improperly joined"; and

❖ *Wellmeyer v. Allstate*,[16] wherein Judge Vance stated, "plaintiffs are chargeable with knowledge of the terms of their policy, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they held. Plaintiffs received their policies, and the terms of the coverage were clear. Plaintiffs could have verified or contradicted any representation about the terms of coverage by referring to the policies themselves."

❖ *Parker v. Lexington*,[17] wherein this Court (Zainey) held that Louisiana law imposes no such duty upon an agent to procure an independent appraisal of Plaintiffs' property prior to allowing them to renew their policy. Quoting Judge Vance in *Davis v. Allstate* (infra), this Court noted that no case imposes "a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage."

❖ *Frischhertz v. Lexington*,[18] wherein Judge Barbier denied the plaintiff's motion to remand because no viable cause of action existed against the agent, where the plaintiff alleged that the agent breached fiduciary duties to advise her with regard to recommended coverage and failed to advise her that she was underinsured.

❖ *Ragas v. Tarleton*,[19] wherein Judge Feldman held that agent defendant was fraudulently joined because the plaintiff, who did not allege that the agent exceeded his authority, personally bound himself, or made any misrepresentations, failed to state a claim against the agent;

In the instant case, based on the allegations in the Petition at the time of removal, there is no possibility that the plaintiff can obtain relief against Chappetta.

---

[16]    06CV1585, 2006 WL 2078423, at *11 (E.D. La. July 21, 2006).

[17]    06-4156, 2006 WL 3328041, at * 4 (E.D. La. Nov. 15, 2006).

[18]    06-5676, 2006 WL 3228385, at *3 (E.D. La. Nov. 3, 2006)( Quoting Judge Vance in *Davis v. Allstate* (infra), the Court noted that no case imposes "a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage."

[19]    06CV4137, 2006 WL 2925448, at * 3-4 (E.D. La. Oct. 10, 2006).

73095

1.   **The Plaintiff's claims against Chappetta are perempted under La. Rev. Stat. 9:5606.**

The plaintiff's claims against Chappetta, an insurance agent, are perempted under La. Rev. Stat. 9:5606. Under Louisiana law, the plaintiff cannot maintain a claim against Chappetta because any right to such claim no longer exists. Louisiana Revised Statutes 9:5606 provides a one-year/three-year peremptive period for claims against insurance agents, which completely eliminates any right to a cause of action after the requisite time period.[20] La. Rev. Stat. 9:5606(A), (D). The statute provides, in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year* from the date of the alleged act, omission, or neglect, or *within one year* from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, *in all events such actions shall be filed at the latest within three years* from the date of the alleged act, omission, or neglect.

(emphasis added). Because Chappetta is an insurance agent and sells insurance, the statute applies to Chappetta.[21]

---

[20]   *Bel v. State Farm Mut. Auto. Ins. Co.,* 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) ("Peremption differs from prescription in several respects. While prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation, peremption extinguishes or destroys the right"); *see also Biggers v. Allstate Ins. Co.,* 886 So. 2d 1179, 1181 (La. App. 5th Cir. 2004) ("La. Civil Code Art. 3458 defines peremption as 'a period of time fixed by law for the existence of a right.' Further, under that article 'unless timely exercised, the right is extinguished upon the expiration of the peremptive period.'"); *Coffey v. Block,* 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000).

[21]   *See Biggers,* 886 So. 2d at 1180-83 (holding that peremptive period applied to insured's suit against agent for failure to procure adequate coverage).

73095

All or most of the plaintiff's allegations with respect to Chappetta concern the issuance of and terms of the plaintiff's homeowners and flood policies. Like the claims asserted against the agent in *Dobson*, the claims asserted against Chappetta concern the terms of the plaintiff's policies.[22] The peremptive period on the plaintiff's claims with respect to his policies, therefore, began to run in 2004 at the latest, when the homeowners policy was issued.[23] Accordingly, this suit filed on August 23, 2006, more than two years after plaintiff's policies were issued, is perempted.

The fact that the plaintiff allegedly renewed his policies each year does not toll the one-year peremptive period under well-settled Louisiana law.[24] As Judge Vance explained in *Dobson*, "renewals do no operate to restart peremption."[25] The plaintiff

---

[22]     *See Dobson*, 2007 WL 2078423 at *8.

[23]     *See Rault v. Encompass.*, 06CV1734, 2006 WL 2078423, at *6 (E.D. La. July 21, 2006) (finding that "[t]he wrongful acts alleged against [the agent] occurred in 1989, when plaintiff [originally] purchased her policy"); *Dobson*, 2007 WL 2078423 at *8 (holding: "[s]ince it is the terms of the flood exclusion that would render [the agent's] alleged statement to plaintiffs about the terms of their policy inaccurate, his alleged misconduct occurred in 1991 when he sold plaintiffs the policy containing the flood exclusion); *Cresson*, 2006 WL 2912824 at *1-2 (holding that peremptive period began at time the claimant purchased her policy); *Perez*, 2006 WL 2178753 at *3 (same); *Biggers*, 886 So. 2d at 1183 (holding that peremptive period, applicable to insured's negligence suit against agent, began when plaintiff purchased policy).

[24]     *See, e.g., Bel*, 845 So. 2d at 382 ("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); *Biggers*, 886 So. 2d at 1183 (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); *Bordelon v. Indep. Order of Foresters*, No. 05-2640, 2005 WL 3543815 (E.D. La. Oct. 4, 2005) (peremptive period began to run on day plaintiff was assisted in completing insurance application); *Calvin v. Janbar Enters., Inc.*, 856 So. 2d 88 (La. App. 4th Cir. 2003) (peremptive period begins to run when policy is acquired).

[25]     *See Dobson*, 2006 WL 2078423 at * 8. *See also, Bel*, 845 So. 2d at 382 (stating "[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); *Biggers*, 886 So. 2d at 1183 (finding that the peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); *Bordelon v. Indep. Order*

73095

knew or should have known of the bulk of his claims against Chappetta -- *i.e.*, failure to advise him of a gap in coverage, failure to advise him of the availability of or need for additional coverage for hurricane damages, and failure to procure adequate and/or other (*e.g.*, excess) coverage[26]-- when he initially purchased his policies in 1990 and 2004. Accordingly, the plaintiff knew or should have known that he allegedly did not have sufficient coverage on his property by 2004.  His claim at this late date is perempted. Any claims against Chappetta became perempted in April 2005, more than one year before the lawsuit was filed (one year from the date the homeowners policy was issued and fifteen years after the flood policy was issued).[27]

The plaintiff cannot avoid this result.  Indeed, the plaintiff does not even attempt to allege that he did not realize that his coverage was insufficient until after Hurricane Katrina.[28]  Nevertheless, his insurance policies themselves were sufficient to put him on notice of these facts by 2004.  Louisiana has long recognized that a prescriptive period begins to run "when a Petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a

---

*of Foresters,* No. 05-2640, 2005 WL 3543815 (E.D. La. Oct. 4, 2005) (holding that the peremptive period began to run on day plaintiff was assisted in completing insurance application); *Calvin v. Janbar Enters., Inc.,* 856 So. 2d 88 (La. App. 4th Cir. 2003) (stating that the peremptive period begins to run when policy is acquired).

[26]     Petition, ¶ XXIV.

[27]     *Biggers, supra.*

[28]     The plaintiff makes no allegations whatsoever that she was not aware of the terms of the insurance policies.

73095

tort."[29]   A person is deemed to have constructive knowledge when a reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry."[30]

Under Louisiana law, insureds are deemed to have read and know the provisions of their insurance contracts.[31]   The insurance policies themselves were sufficient to place the plaintiff on notice regarding any error or omission by Chappetta.  A reasonable person who read the policy terms no longer could believe that the policies would cover damages in excess of their express terms.

In short, when the plaintiff purchased the policies in 1990 and 2004, he had everything he needed to "excite attention" and put him on inquiry notice.  Because the policies expressly reveal any alleged gaps in coverage or omissions, the plaintiff had actual or constructive notice of such deficiencies as of the date the policies were issued.[32]

---

[29]     *See e.g.*, *Dobson*, 2006 WL 2078423, at * 9 (stating that "[a] prescriptive or preemptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); *Campo v. Correa, M.D.*, 828 So. 2d 502, 510 (La. 2002).

[30]     *Id.* at 510-11.

[31]     *See T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667 (5th Cir. 2001) (stating that under Louisiana law, "an insured is presumed to know the provisions of his policy"); *Dobson*, 2006 WL 2078423 at *9 (stating that "[a]n insured party is generally responsible for reading his policy, and he is presumed to know its provisions"); *McDermott Int'l, Inc. v. Industrial Risk Insurers*, 01CV3027, 2003 WL 22928802 (E.D. La. Dec. 9, 2003); *Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 686 (La. App. 2d Cir. 1995) (stating that "[a]n insured is presumed to know the provisions of his policy"); *Matthews v. Business Men's Assurance Co. of America*, 478 So. 2d 634, 637 (La. App. 2d Cir. 1985); *Perkins v. Shelter Ins. Co.* , 540 So. 2d 488 (La. App 1st Cir. 1989).

[32]     *See, e.g.*, *McCord v. Minn. Mut. Life Ins. Co.* 138 F. Supp. 2d 1180, 1189 (D. Minn. 2001) (under Louisiana law, "vanishing premium" claims were dismissed because policyholder should have known of conflict between policy terms and alleged misrepresentation made when he received the policy).

73095

Therefore, the plaintiff's claims are perempted because he filed suit more than a year from the date he knew or should have known of his cause of action.[33]

The only claim that arguably is subject to a different peremptive period is the plaintiff's unsupported allegation that Chappetta "fail[ed] to increase flood content limits to the available maximum when instructed to do so in the latter part of June 2005." Allstate denies that any such instruction was ever given to Chappetta.[34] Further, plaintiff's counsel has made this identical allegation in several hurricane suits against agents that are currently pending in this Court, which strongly suggests that this allegation has no basis in fact.[35] However, even assuming that this allegation is true, the plaintiff still waited more than a year after June 2005 to file suit. Accordingly, one-year peremption bars the plaintiff's claims against Chappetta.

Because the plaintiff's claims are plainly perempted, the burden is on him to establish that Chappetta is not improperly joined.[36] The plaintiff, however, has not come forward with a shred of evidence to support his position. Indeed, the plaintiff

---

[33]     *See id.; see also Simmons v. Templeton*, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

[34]     *See* Exh. A, ¶ 12.

[35]     *See, e.g., Petit v. Tarleton, et al.*, No. 06-7178, Doc. No. 1 (E.D. La. 2006); *Blanque v. Guidry, et al.*, No. 06-7557, No. 1 (E.D.La. 2006); *Duffy v. Orlando, et al.*, No. 06-8674, Doc. No. 1 (E.D. La. 2006); *Gomez v. Corcoran, et al.*, No. 06-8274, Doc. No. 1 (E.D. La. 2006); *Brenckle v. Lovecchio Ins. Agency, Inc., et al.*, No. 06-8274, Doc. No. 1 (E.D. La. 2006); *Chamberlain v. Louisiana Farm Bureau Cas. Ins. Co., et al.*, No. 06-8106, Doc. No. 1 (E.D. La. 2006); *Nevil v. Metropolitan Prop. & Cas. Ins. Co., et al.*, No. 06-7437, Doc. No. 1 (E.D. La. 2006); *Thomas v. Tully, et al.*, No. 06-7909, Doc. No. 1 (E.D. La. 2006); *Palumbo v. State Farm Fire & Cas. Co., et al.*, No. 06-7922, Doc. No. 1 (E.D. La. 2006).

[36]     *Dauterive Contractors, Inc. v. Landry & Watkins*, 811 So. 2d 1242, 1253 (La. App. 3d Cir. 2002).

73095

acknowledges that there is "nothing" in the Petition that would resolve the issue of the timing of any communications between Chappetta and the plaintiff.[37]   The plaintiff thus has failed to carry his burden to prove that Chappetta was properly joined.

The sole case cited by the plaintiff regarding peremption, *Richmond v. Chubb Group of Ins. Companies*,[38] does not provide him any relief.   The plaintiff presumably cites *Richmond* for the proposition that if a claimant does not make any allegations in his Petition concerning the date or time frame of an agent's asserted wrongful acts or omissions, then a court cannot determine whether the peremptive period against the agent has expired and must resolve the disputed fact in the plaintiffs' favor, thereby finding in favor of remand.[39]   Contrary to the plaintiff's self-serving assertion, the failure to specifically plead a date on which alleged wrongful conduct occurred does not render the plaintiff's claim immune to peremption.   The suggestion that a claimant can avoid federal jurisdiction by artfully crafting his pleading to intentionally exclude reference to a date or time frame of an alleged wrongful action or inaction is illogical and preposterous.

Further, as shown by the attached Affidavit executed by Chappetta, no alleged wrongful actions of Chappetta occurred within the one/three year(s) prior to the filing of plaintiff's suit.   The *Richmond* case is distinguishable from the instant case in

---

[37]     *See* Memorandum in Support of Motion to Remand, II(C).

[38]     06CV3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006).

[39]     *See id.*

73095

that, here it is clear when any alleged actions or inactions of Chappetta may have occurred. Chappetta's affidavit demonstrates that at no time between 2000 and the landfall of Hurricane Katrina did the plaintiff request additional information concerning coverages under his policies.[40] This fact is not contested. The plaintiff does not offer any summary-judgment type evidence to suggest otherwise. It is apparent, therefore, that the bulk of the plaintiff's claims concern events occurring in 2004, the latest date that peremption of the plaintiff's claims began to run. Accordingly, any claims against Chappetta are perempted, and Chappetta was improperly joined. As a result, this Court has diversity jurisdiction over the plaintiff's claims against Allstate.

> **2.    The plaintiff has not alleged that Chappetta, as his insurance agent, personally bound himself, exceeded his authority, or made any false representations that would give rise to liability.**

Even assuming *arguendo* that the plaintiff's claims against Chappetta were not perempted, Chappetta still improperly has been joined because the plaintiff has not and cannot state a claim against Chappetta under well-settled Louisiana law. In his Petition, the plaintiff generally alleges that Chappetta failed to advise him of or to close an alleged gap between his homeowners and flood coverage, failed to advise him of the availability of or need for additional coverage for flood and homeowner damages, and failed to procure adequate and/or other (*e.g.*, excess) coverage.[41] These allegations are insufficient to state a cause of action against Chappetta. As noted above, no case imposes "a duty on an agent to spontaneously identify a client's needs and advise him as to

---

[40]    *See* Exh. A, ¶ 11.

[41]    *See* Petition, ¶ XXIV.

73095

whether he is underinsured or carries the right type of coverage."[42]   The plaintiff has offered no legal support for his contention that his allegations state a claim against Chappetta.   Rather, the plaintiff only states, in conclusory fashion, that "[c]learly, plaintiff's allegations state causes of action under Louisiana law for errors and omissions and breach of duty . . . ."[43]  This is simply not the case, and the plaintiff's unsupported assertion does not make it so.

The plaintiff's sole allegation that arguably sidesteps this case law is the unsupported claim that Chappetta "fail[ed] to increase flood content limits to the available maximum when instructed to do so in the latter part of June 2005."   As discussed previously, Allstate denies that any such instruction was ever given.[44]   The plaintiff has produced no evidence to support his assertion that any such communication ever occurred.   Moreover, the reappearance of this identical allegation in almost every hurricane suit that plaintiff's counsel has filed strongly suggests that this allegation has no basis in fact and was included for the sole purpose of avoiding removal.[45]

Further, it is undisputed here that Chappetta, as agent, placed insurance for the plaintiff through Allstate, as principal.   Under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself,

---

[42]      See *Parker*, 06-4156, 2006 WL 3328041, at *410 (no case imposes "a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage."); *Firschhertz*, 06-5676, 2006 WL 3228385, at *3 (same); and *Davis*, 06CV1064, 2006 WL 2078243, at *10 (same).

[43]      See Memorandum in Support of Motion to Remand, II(C).

[44]      See Exh. A, ¶ 12.

[45]      See, *supra,* note 37.

73095

exceeds his authority, or misrepresents a position of the principal.[46]   "Officers, employees, and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context."[47]   Indeed, after discussing at great length the standard for improper removal, Judge Feldman recently denied a plaintiff's motion to remand, holding that the insurance agent was improperly joined because the plaintiff made "no allegations [in the petition] that the agent exceeded his authority, personally bound himself to [Plaintiff], or misrepresented Allstate's position.[48]   In doing so, Judge Feldman reiterated the longstanding rule that under Louisiana law, an agent for a known principal cannot be held personally liable unless the agent personally binds himself or exceeds his authority.[49]   In the absence of such allegations, joinder is improper.

---

[46]      La. Civ. Code arts. 3016, 3019; *see also Ragas v. Tarleton*, No. 06-4137, slip op. at *6 (E.D. La. October 10, 2006) (finding that agent was fraudulently joined where Plaintiff made no allegation that the agent exceeded his authority, personally bound himself to the plaintiff, or misrepresented the insurer's position); and *Leblanc v. Mid-Continent Life Ins.*, No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceeded its authority); *Kimball v. Modern Woodmen of Am.*, 939 F. Supp. 479, 482 (M.D. La. 1996) (finding no cause of action against insurance agent as there were no allegations that agent acted outside his authority or misrepresented company's position); *Miller v. Powers & Tuttle*, 145 So. 718, 719 (La. App. 2d Cir. 1933); *McMorris v. Stafford*, 655 F. Supp 671 (M.D. La. 1987) (agent who discloses his principal is not liable to third party); *Picquet v. Amoco Prod. Co.*, 513 F. Supp. 938, 940 (M.D. La. 1981) (no liability for agent of disclosed principal).

[47]      *Goodwin v. Agrilite of La.*, 643 So. 2d 249, 253 (La. App. 2d Cir. 1994); *see Korson v. Independence Mall I, Ltd.*, 595 So. 2d 1174, 1178 (La. App. 5th Cir. 1992); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F. Supp. 2d 511, 515 (E.D. La. 2001).

[48]      *See Ragas* at *6.

[49]      *Id.*

73095

Here, the plaintiff makes no allegations that Chappetta -- an alleged agent for a known principal, Allstate -- exceeded his authority or personally bound himself to the plaintiff.[50]

Nor does the plaintiff here even allege that a single representation made by Chappetta was false, which is required to state a claim against an agent.[51]   Accordingly, the plaintiff's allegations fail to state a claim against Chappetta.

### 3.    The plaintiff's claims against Chappetta are completely unrelated to the claims against Allstate, and therefore are misjoined.

The only legal duties that Allstate owes to the plaintiff arise out of its insurance contract, and thus, the only claims the plaintiff may assert against Allstate relate to its fulfillment or nonfilfillment of these contractual duties.[52]   On the other hand, the plaintiff's claims against Chappetta relate to his alleged failure to procure adequate and/or other insurance, and his failure to advise him concerning gaps in coverage.   The plaintiffs' claims against Chappetta and Allstate accordingly arise out of separate transactions and occurrences and involve separate issues of law and fact; for that reason

---

[50]    *Id.*; *see also Kevett v. Liberty Mut. Ins. Co.*, No. 03-351 (M.D. La. 8/26/03) (denying motion to remand and finding no cause of action against agents in insurance context; "There is no hint in this petition that any of these defendant [agents] offered to become personally responsible for [the plaintiff's] claims under the insurance policy or that they in any way assumed a duty toward [the plaintiff] except as the disclosed agent for Liberty Mutual.").

[51]    *Bertucci*, 2001 WL 1223587, at *2 (action against insurance agent must allege statements made were "false"; finding no cause of action against agent) (citing *Dorsey v. Manufacturers Life Ins. Co.*, 1997 WL 703354, at *7 (E.D. La. Nov. 10, 1997)).

[52]    While the plaintiff attempts to avoid misjoinder by artfully pleading that Allstate engaged in the same conduct as Chappetta (*see* Petition, ¶ XXI), such allegations are not actionable. Chappetta's claims against Allstate, if any, lie in contract rather than in tort.

17

alone, Chappetta improperly has been joined as a defendant. [53]   The plaintiff's claims against Chappetta are improper under the misjoinder doctrine pronounced in *Tapscott*[54] and its progeny, which instruct that when a complaint alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper.[55]   "The court will not allow [] plaintiffs to defeat the defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties."[56]   Courts have recognized "that the Fifth Circuit adopted the decision in *Tapscott* and applied its

---

[53]     *Tapscott*, 77 F.3d at 1355-60; *accord Mallard*, 1996 WL 170126, at *3.

[54]     The Fifth Circuit has recognized the fraudulent misjoinder analysis as set forth by the *Tapscott* decision. *Polk v. Lifescan, Inc.*, No. 03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sep. 22, 2003) (citing *In re Benjamin Moore*, 318 F.3d 626 (5th Cir. 2002)); *see also Crockett v. R.J. Reynolds Tobacco Co.*, No. 04-41584, 2006 WL 75242, at *2 (5th Cir. Jan. 13, 2006) (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants.") (citing *Tapscott, infra*).

[55]     *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 3/16/06) (Polozola, J.) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *see also Crockett*, 436 F.3d at 533 (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants") (citing *Tapscott*); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. Sept. 22, 2003); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996); *Juneau v. Ducote*, No. 04-0789, 2005 WL 2648561, at *3 (W.D. La. Oct. 17, 2005) (holding plaintiff's claim against non-diverse defendant to enforce right to access records of exposure to toxic materials was misjoined with plaintiff's claim against diverse defendant alleging exposure to toxic materials when the petition did not allege joint or several liability of the diverse and non-diverse defendants and matters sued upon did not arise from the same transaction); *Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp.2d 777, 781 (S.D. Miss. 2003) (holding claims against tortfeasor allegedly causing injury not properly joined with contract claim against insurer).

[56]     *Turpeau*, 936 F. Supp. at 978-79 (because each of the transactions at issue were made with different plaintiffs and different defendants, the transactions were not sufficiently related so as to permit joinder).

18

fraudulent misjoinder analysis."[57]  Notably, this Court (Judge Feldman), in *Defourneaux v. Metropolitan Property & Cas. Ins. Co.*,[58] recently granted the defendants' motion to sever the plaintiffs' claims against an insurer and Jefferson Parish.  Applying Rule 20, the Court found that the defendants were improperly joined.[59]  The Court then denied plaintiffs' motion to remand because: (1) the Court determined that the plaintiffs' claims against the diverse and non-diverse defendants were not sufficiently related; and (2) because the claims now had been severed, diversity existed between the plaintiffs and the defendant.[60]  This decision implicitly recognizes the *Tapscott* fraudulent misjoinder analysis.

Although the basis underlying the plaintiff's suit is a grievance arising out of damage caused by Hurricane Katrina, the claims could not be more different.  On the one hand, the plaintiff's only viable claims against Allstate relate to its contractual duties under its homeowners policy.  On the other hand, the plaintiff alleges that Chappetta failed to procure sufficient homeowners and flood coverages.[61]  The differences between these defendants and these claims are plain: one involves contractual interpretation and well-established insurance law and coverage issues, and the other claim does not.  Thus,

---

[57]     *Polk v. Lifescan, Inc.,* No. 03-020, 2003 WL 22938056, at *5 (N.D. Miss. Sep. 22, 2003) (citing *In re Benjamin Moore*, 318 F.3d 626 (5th Cir. 2002)); *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 3/16/06) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner).

[58]     *See Defourneaux v. Metropolitan Property & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165 (E. D. La. 8/30/2006).

[59]     *See id.*.

[60]     No. 063809, 2006 WL 2710462 (E. D. La. 9/19/2006).

[61]     Petition, ¶ XXIV.

73095

the bases underlying these claims, the facts from which they arise, and the legal analysis the Court will employ in determining a proper resolution are all different. Joinder of these defendants is improper, and this Court has jurisdiction over Allstate.

Like the claims in *Chehardy*, *Tapscott, Smith*, and *Juneau*, the claims against Allstate in the present case are wholly distinct and separate from the claims against Chappetta. The claims against Chappetta and Allstate are against different persons, arise out of different relationships, and involve different legal theories. On the one hand, the plaintiff claims that Allstate failed to adequately compensate him under his homeowners policy, and on the other hand, the plaintiff alleges that Chappetta failed to advise him regarding her insurance coverage. The bases underlying these claims, the facts from which they arise, and the legal analyses the Court will employ in determining a proper resolution are all different. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, joinder of these defendants is improper, and the Court should disregard the citizenship of Chappetta in determining diversity jurisdiction.[62]

## C.    The Amount in Controversy Exceeds $75,000.

It is apparent that the amount in controversy at issue in this case exceeds $75,000, exclusive of interest and costs and the plaintiff does not dispute this point in his motion to remand. Specifically, the plaintiff seeks to recover the full policy limits of his Allstate policy under Louisiana's Valued Policy Law, Louisiana Revised Statutes 22:695.[63] The plaintiff's homeowner's insurance policy with Allstate, under which this claim is made, has a dwelling limit of $52,100 and an appurtenant structure limit of

---

[62]      *Juneau*, 2005 WL 2648861, at *4.

[63]      *See* Petition, ¶¶ II-VI.

73095

$5,210, for a total of $57,310.[64]   Deducting Allstate's payments of $7,312.58, $49,997.42 remains in despite.   The plaintiff also seeks to recover his full policy limits of $36,470 for personal property.[65]   Deducting Allstate's payment of $545 brings the amount in dispute to $85.922.42 on the policy alone.   Moreover, the plaintiff's claim for penalties and attorney fees under Louisiana's bad faith statutes further increase the amount in controversy.[66]   Accordingly, the amount in controversy clearly exceeds $75,000.00 for diversity jurisdiction, based upon the plaintiff's allegations.

## CONCLUSION

This Court has diversity jurisdiction over this dispute.   Allstate's removal clearly complied with all procedural requirements.   Naming the agent as a defendant does not defeat diversity jurisdiction.   The plaintiff's allegations against Chappetta clearly have been perempted and do not state a claim against the agent.   The claims also are misjoined with the claims against Allstate.   Therefore, the Court must ignore the agent's citizenship for diversity purposes.   The plaintiff's motion to remand should be denied in its entirety.

---

[64]       *See* Policy, Exhibit "B."

[65]       *See* Petition, ¶, VI, XI.

[66]       *See Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733 (E.D. La. 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1258 (5th Cir. 1998) (noting that attorney's fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law); *In re Abbott Labs.*, 51 F.3d 524, 526-57 (5th Cir. 1995) (holding that combination of attorney fees, allowed by class action statute, and claims by plaintiffs satisfied jurisdictional amount).

73095

Respectfully submitted,

*Catherine Giarrusso*

Judy Y. Barrasso, 2814
Catherine F. Giarrusso, 29875
   Of
BARRASSOUSDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Attorneys   for   Allstate   Insurance
Company


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Allstate Insurance Company's Opposition to Motion to Remand, has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 5th day of December, 2006.

*Catherine Giarrusso*

22

73095