FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 18  AM 11: 31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT VOSBEIN | * | CIVIL ACTION |
| VERSUS | * | NO. 06-7759 |
| CHAPETTA INSURANCE AGENCY, INC. and ALLSTATE INSURANCE COMPANY | * | SECTION "K" R |
| * * * * * * * | * | MAGISTRATE 5 |

## REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

The defendant, ALLSTATE INSURANCE COMPANY, has filed an Opposition to Plaintiff's Motion to Remand. Although the defendant urges basically the same arguments as contained in the Notice of Removal, plaintiff is obliged to address the defendant's contention with respect to improper joinder of plaintiff's insurance agent, CHAPETTA INSURANCE AGENCY, INC., and the defendant's argument that any claim against CHAPETTA INSURANCE AGENCY, INC. has preempted pursuant to provisions of La.R.S. 9:5606.

In this matter, specifically, as set forth in Paragraph X of the Affidavit of John Chapetta, plaintiff increased coverages under his flood policy on May 8, 2005 in accordance with specific instructions received from Mr. Chappetta and ALLSTATE INSURANCE COMPANY. The limits to which plaintiff was permitted to insure his property for flood content and dwelling were set and established by the defendants, ALLSTATE INSURANCE COMPANY and CHAPETTA INSURANCE AGENCY, INC., and plaintiff was advised and understood that the selection of policy limits was by

Fee_____
Process_____
X /Dktd_____
__ CtRmDep_____
__ Doc. No_____

the defendants in the course of some formula which the defendants were using to value his property.

## Law and Argument

As this Court has pointed out in Three Ex, Inc. v. Lexington Insurance Company, 2006 WL 3142276(E.D. La 2006), the Fifth Circuit has well established the standard for determining when a defendant has been fraudulently joined. To demonstrate fraudulent joinder, the parties seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Railroad Company, 252 F.3rd 220-23 (5th Cir. 2003). The Fifth Circuit has further stated that:

[i]f plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.

Rich, III v. Bud's Boat Rentals, Inc., 1997 WL 785668 (E.D. La. 2003) (Burden v. General Dynamics Corp., 60 F.3rd 213, 216 (5th Cir. 1995).

The key inquiry to a claim of fraudulent joinder is whether the facts, as alleged, support the plaintiff's substantive claims against the non-diverse defendants. England v. Glaxco SmithKline, 206 F.Supp. 2nd 815 (817 E.D. La. 2002). Moreover, any ambiguities ought to be construed against removal, as the removal statute should be strictly construed in favor of remand. England, 206 F.Supp. at 817.

In the context of this case, the selection of flood policy limits was accomplished in May 2005, several months before the devastating impact of Hurricane Katrina. These limits were selected solely by the defendants, ALLSTATE INSURANCE COMPANY

and CHAPETTA INSURANCE AGENCY, INC., and plaintiff did not learn until well after the devastation of his home that other limits were available to him.

There is no fraudulent joinder in this case.

### Conclusion

For the above and foregoing reasons and for the reasons as more fully set forth in plaintiff's Memorandum in Support of Motion to Remand, plaintiff respectfully prays that this matter be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454
Facsimile: (504) 523-0464

### CERTIFICATE OF SERVICE

I hereby certify that I have on this ___31st___ day of ___Dec___, 20_06_, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____