**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JENNIFER MCKNIGHT and SCOTT MCKNIGHT, | : |
| | : |
| | : CIVIL ACTION NO. 06-07687 |
| Plaintiffs, | : |
| | : JUDGE VANCE |
| v. | : |
| | : MAGISTRATE CHASEZ |
| MARTIN INSURANCE AGENCY, INC., | : |
| LEXINGTON INSURANCE COMPANY | : |
| and TRAVELERS INSURANCE | : |
| COMPANY, | : |
| | : |
| Defendants. | : |

**STANDARD FIRE'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

Defendant, The Standard Fire Insurance Company, incorrectly identified in Plaintiffs' pleadings as Travelers Insurance Company (hereinafter referred to as "Standard Fire"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] hereby files this Memorandum in Opposition to

---

[1] *See* 44 C.F.R. § 62.23(f).

[2] *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).

[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998).

Plaintiffs' Motion to Remand and who, for the reasons set forth herein, respectfully requests that Plaintiffs' Motion to Remand be denied.

A.      **BACKGROUND**

On or about August 27, 2006, Jennifer McKnight and Scott McKnight ("Plaintiffs") commenced this action by filing a Petition in the Civil District Court for the Parish of Orleans, State of Louisiana, against their "homeowners/fire/liability" insurance carrier, Lexington Insurance Company ("Lexington"), their flood insurance carrier, Standard Fire, which is a Write Your Own ("WYO") Company participating in the National Flood Insurance Program ("NFIP") and their insurance agent, Martin Insurance Agency, Inc. ("Martin Insurance Agency").

The Petition alleges that Plaintiffs were the owners of both movable and immovable property located at 6824 Vicksburg Street, New Orleans, Louisiana that were "completely destroyed as a result of events both related and unrelated to the impact of Hurricane Katrina."[4]  According to the Petition, Plaintiffs insured their home and contents under both a "homeowners/fire/liability" policy issued by Lexington (the "Homeowners Policy"), and a Standard Flood Insurance Policy issued by Standard Fire (the "SFIP") (collectively, the

---

[4] *See* Petition at ¶ 2.

# 522757  v. 1

Homeowners Policy and the SFIP will hereinafter be referred to as "the Policies").[5]  The Petition further alleges that the Policies were procured through Martin Insurance Agency.[6]

The Petition alleges that Martin Insurance Agency, which initially procured Plaintiffs' Homeowners Policy on or about September 1, 2004, committed various wrongful acts such as: (i) underinsuring Plaintiffs' property under the Homeowners Policy; (ii) failing to advise Plaintiffs that the Homeowners Policy would not cover damage caused by levee failure and other acts of man; (iii) failing to advise Plaintiffs of the existence of "expanded" coverage; and (iv) committing various other negligent acts.[7]  The Petition further alleges that Martin Insurance Agency, which first procured the SFIP for Plaintiffs on or about October 2, 2003, engaged in the following wrongful conduct: (i) intentionally underinsuring Plaintiffs under their SFIP and failing to advise Plaintiffs of their "underinsurance"; (ii) failing to apprise Plaintiffs of other insurance products, such as excess flood insurance; (iii) deviating from industry standards by failing to match Plaintiffs' flood insurance to Plaintiffs' mortgage; and (iv) engaging in other similar acts of negligence.[8]  The Petition seeks a judgment against Lexington, Standard Fire and

---

[5]  *See* Petition at ¶¶ 3, 17.

[6]  *See* Petition at ¶ 22.
[7]  *See* Petition at ¶ 21.

[8]  *See Id.*

# 522757  v. 1

Martin Insurance Agency in a "reasonable" amount, including penalties, attorneys' fees and interest.[9]

On October 10, 2006, Standard Fire, with the consent of co-defendants Lexington and Martin Insurance Agency, timely removed the action from the Civil District for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana based on diversity of citizenship and federal question grounds.  On or about October 30, 2006, Plaintiffs filed a Motion to Remand, alleging that Standard Fire's removal was improper because neither diversity nor federal question jurisdiction existed and further argued that the Notice of Removal was deficient because it was untimely and without the consent of all necessary parties.

**B.**      **SUMMARY OF ARGUMENT**

Plaintiffs' Motion to Remand must be denied because federal jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332.  Federal jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332 because there is complete diversity among Plaintiffs and all *properly* joined defendants and the amount in controversy exceeds $75,000.  Furthermore, Standard Fire's Notice of Removal was procedurally proper because it was filed with the consent

---

[9]   *See* Petition at Prayer of Damages.

4

of all properly joined defendants and within thirty (30) days of service of the Petition on the first properly joined defendant.

## C.     LAW AND ARGUMENT

As set forth in detail below, Plaintiffs' Motion to Remand must be denied because (I) federal jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity among Plaintiffs and all properly joined defendants and the amount in controversy exceeds $75,000[10] and (II) Standard Fire's Notice of Removal was procedurally proper because it was filed with the consent of all properly joined defendants, within thirty (30) days of service of the first properly joined defendant.

### I.     Plaintiffs' Motion to Remand Must Be Denied Because Federal Jurisdiction Exists over this Matter Pursuant to 28 U.S.C. § 1332

Pursuant to 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

---

[10] The Petition alleges that Plaintiffs' property was "completely destroyed" as a result of Hurricane Katrina and specifically seeks damages "for breach of contract in the amount of plaintiffs' homeowners/fire/liability dwelling and content limits" in addition to other damages. *See* Petition at ¶ 2, 24.  The Petition alleges that the limits on Plaintiffs' "homeowners/fire/liability" policy are $120,000 for dwelling, $60,000 for contents, and $24,000 for other covered structures. *See* Petition at ¶ 3.  Clearly, the damages sought by Plaintiffs exceed the requisite $75,000. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (where policy limits are at issue and exceed the amount in controversy requirement, diversity jurisdiction exists).  Furthermore, Plaintiffs seek penalties under various statutes including La. R.S. 22:1220. *See* Petition at ¶ 14.  Consideration of those alleged penalties further confirms the amount in controversy exceeds $75,000. *See St. Paul Reinsurance Co.,* 134 F.3d at 1255; *Lailhengue v. Mobil Oil Corp.,* 775 F. Supp. 908 (E.D. La. 1991); *Brooks v. Georgia Gulf Corp.,* 924 F. Supp. 739, 741-42 (M.D. La. 1996).

# 522757  v. 1

exclusive of interest and costs, and is between … citizens of different states."   28 U.S.C. § 1332(a)(1).   An individual is deemed to be citizen of the state in which he is domiciled.   *See Kessler v. Popich*, 2004 WL 1147018 at *1 (E.D. La. May 21, 2004).   A corporation is deemed to be a citizen of the state in which it is incorporated and the state where its principal place of business is located.   28 U.S.C. § 1332(c)(1).

Although federal jurisdiction pursuant to 28 U.S.C. § 1332 generally requires complete diversity among the parties, an action is nevertheless removable to federal court if a non-diverse defendant has been "improperly joined" to defeat diversity jurisdiction.   *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571, fn. 1 (5th Cir. 2004); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-678 (5th Cir. 1999).   Improper joinder exists if the plaintiff cannot establish a cause of action against the non-diverse defendant.   *Id.*

In the instant matter, Plaintiffs are domiciled in New Orleans, Louisiana and are therefore deemed to be citizens of the State of Louisiana.[11]   Standard Fire is a Connecticut corporation with its principal place of business located in Hartford, Connecticut, and is therefore deemed to be a citizen of the State of Connecticut.[12]   Lexington is a Delaware corporation with

---

[11]   *See* Petition at Introduction.

[12]   *See* Answer of Standard Fire at ¶ 1.

# 522757  v. 1

its principal place of business located in Boston, Massachusetts and is therefore deemed a citizen

of the State of Delaware and a citizen of the State of Massachusetts.[13]  Lastly, Martin Insurance

Agency is allegedly a Louisiana corporation and is therefore deemed to be a citizen of the State

of Louisiana.[14]  Thus, if Martin Insurance Agency were not a party to this action, there would be

complete diversity among the parties and diversity jurisdiction would exist pursuant to 28 U.S.C.

§ 1332.

       This Court should not consider the citizenship of Martin Insurance Agency when

determining if federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because Martin Insurance

Agency has been improperly joined in this action.  Plaintiffs improperly joined Martin Insurance

Agency because they have no chance of recovery since (1) the claims asserted against Martin

Insurance Agency are perempted by La. R.S. § 9:5606, or, in the alternative, (2) the Petition

otherwise fails to state a claim against Martin Insurance Agency under Louisiana law.

     **1.**    **Plaintiffs' Claims Against Martin Insurance Agency are Perempted by La. R.S. § 9:5606**

       Under Louisiana law, claims against an insurance agent <u>must</u> be filed within the

earlier of "one year from the date that the alleged act, omission, or neglect . . . should have been

---

[13]   *See* 2004 Best's Insurance Reports – Property/Casualty at p. 2283, attached to this Memorandum as Exhibit "A."

[14]   *See* Petition at ¶ 1.

discovered" or "three years from the date of the alleged act, omission, or neglect."[15]  These are

called "peremptive" periods, and may not be renounced, interrupted, or suspended.[16]  La. R.S. §

9:5606 provides, in pertinent part:

> A. No action for damages against any insurance agent, broker,
> solicitor, or other similar licensee under this state, whether based
> upon tort, or breach of contract, or otherwise, arising out of an
> engagement to provide insurance services shall be brought unless
> filed in a court of competent jurisdiction and proper venue within
> one year from the date of the alleged act, omission, or neglect, or
> within one year from the date that the alleged act, omission, or
> neglect is discovered or should have been discovered. However,
> even as to actions filed within one year from the date of such
> discovery, in all events such actions shall be filed at the latest
> within three years from the date of the alleged act, omission, or
> neglect.[17]

In applying La. R.S. § 9:5606, the Court must determine whether an insured

"should have known" of the alleged negligence of an insurance agent within the one-year

peremptive period.  Under Louisiana law, an insured is responsible for reading its policy and is

presumed to know its provisions.  *See, e.g., Stephens v. Audubon Ins. Co.,* 665 So.2d 683, 686

(La. App. 2d Cir. 1996) ("An insured is presumed to know the provisions of his policy.*");

*Matthews v. Business Men's Assurance Co.*, 478 So.2d 634, 637 (La. App. 2d Cir. 1985) (same);

---

[15]  *See* La. R.S. § 9:5606(A).

[16]  *See* La. R.S. § 9:5606(D).

[17]  *See* La. R.S. § 9:5606(A) (emphasis added).

*Perkins v. Shelter Ins. Co.*, 540 So.2d 488, 490 (La. App. 1st Cir. 1989) (same); *Kieran v. Commercial Union Ins. Co.*, 271 So.2d 889, 892 (La. App. 4th Cir. 1973) ("We find no negligence or fault on the part of [the agent]. On the contrary, the fault, if any, was on the [insured's] part . . . in not reading the clear provisions of [the] policy."). As the Fifth Circuit stated, an insured is "considered responsible for . . . reading the clear provisions of the insurance policy." *Motors Ins. Co. v. Bud's Boat Rental*, 917 F. 2d 199, 205 (5th Cir. 1990).

In *Dobson v. Allstate Ins. Co.*, Civ. A. No. 06-0252, 2006 WL 2078423 (E.D. La. July 21, 2006), Judge Vance recently addressed a claim against an insurance agent that is nearly identical to the claim asserted in this action. In finding the plaintiff's claim against the agent to be time-barred, the Court recognized the policyholder's obligation to review the policy to confirm the accuracy of the broker's statements concerning coverage:

> Knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard. Thus, even if the Court were to consider plaintiffs' assertion that [the agent] negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Plaintiffs did not file suit against Ruiz until December 21, 2005. Because the alleged negligence should have been discovered by plaintiffs more than one year from the date on which they filed suit, their claims against [the agent] are perempted.

9

*Id.* at *9.   An insured, therefore, cannot seek to avoid the one-year peremptive period by claiming that an agent misrepresented a policy's contents.   An insured has a duty to read the policy and confirm the nature and extent of the coverage with the agent.

Louisiana law recognizes that "[a] prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit." *Dobson*, at *7, citing *Campo v. Correa*, 828 So.2d 502, 510 (La. 2002) (prescriptive period commences upon constructive knowledge); *Atlas Iron & Metal Co. v. Ashy*, 918 So.2d 1205, 1210 (La. Ct. App. 3d Cir. 2006) (one-year peremptive period for legal malpractice claim begins at the time constructive knowledge is obtained); *Calvin v. Janbar Enters. Inc.,* 856 So.2d 88, 91-92 (La. App. 4th Cir. 2003), *writ denied*, 865 So.2d 92 (La. 2004); *Amie v. State Farm Fire & Cas. Co.*, 2006 U.S. Dist. LEXIS 65340 (E.D. La. 9/13/06)(Feldman, J., presiding)(denying motion to remand and finding improper joinder where in-state insurance agent was named as defendant based on the prescriptive/peremptive provisions of La. R.S. 9:5606).

Further, Louisiana law recognizes that subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers*, 886 So.2d at 1182-83; *Bel*, 845 So.2d at 382-83. The peremptive period generally runs from the date of the original purchase of the policy because the renewal process usually does not

# 522757  v. 1

afford the insurance agent the opportunity to make further misrepresentations about the policy, thus not constituting a separate and distinct act. *Biggers*, 886 So.2d at 1182; *Bel*, 845 So.2d at 382-83.

Indeed, courts have repeatedly held that a renewal does not constitute a separate tort. *Dobson*, 2006 WL 2078423, at *6; *Fidelity Homestead Ass'n v. Hanover Ins. Co*., 2006 WL 2873562, at *2 (E.D. La. 2006); *Southern Athletic Club, LLC v. Hanover Ins. Co*., 2006 WL 2583406, at *2 (E.D. La. 2006); *Perez v. Metropolitan Property* and *Cas. Ins. Co.* 2006 WL 2178753, at *3 (E.D. La. 2006). In order for each renewal to constitute a separate tort, the disputed conduct must consist of separate and distinct acts, "each of which gives rise to immediately apparent damages," as opposed to being a "continuation of the ill effects of an original unlawful act." *Biggers*, 886 So.2d at 1182 (quoting *Bel,* 845 So.2d at 382). *See also, Bustamento v. Tucker*, 607 So.2d 532, 540 (La. 1992).

*Perez* involved damages incurred to the plaintiff's home as a result of Hurricane Katrina. *Perez*, 2006 WL 2178753, at *1. The plaintiff alleged that his home and personal property were destroyed by wind and sought the policy limits under his homeowner's policy, which was initially purchased in 1985, together with penalties and attorney's fees. *Id.* The plaintiff filed suit against his insurer and insurance agent. *Id.* The Court in *Perez* held that the three-year peremptive period found in La. R.S. § 9:5606 began to run in this case in 1985 when

11

the homeowner policy was initially purchased. *Id.* at *3 (citing *Biggers*, 886 So.2d at 1183 (holding that peremptive period applicable to the insured's negligence suit against agent began when insured purchased policy)). The court also held that "the fact that the plaintiff renewed his homeowner policy each year does not toll the one-year peremptive period under well-settled Louisiana law." *Id.* (citing *Bel*, 845 So.2d at 380 ("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); *Biggers*, 886 So.2d at 1183, (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); and *Bordelon v. Indep. Order of Foresters*, 2005 WL 3543815, at * 4 (E.D. La. 2005) (peremptive period begins to run when policy is acquired; as a result, the suit the plaintiff filed against his agent in February 2006, over twenty years after he purchased his homeowner policy from the agent, was perempted pursuant to La. R.S. § 9:5606).

In the instant matter, the Petition alleges that Martin Insurance Agency "underinsured" Plaintiffs under their Homeowners Policy and SFIP, failed to advise Plaintiffs of certain exclusions in the Homeowners Policy and failed to advise Plaintiffs of other insurance products.[18]  Although Plaintiffs do not attach a specific date to the alleged misconduct, under Louisiana law it must have occurred, if it all, on the date Martin Insurance Agency first issued

---

[18] *See* Petition at ¶¶ 16-23.

the Policies to Plaintiffs.   Additionally, under Louisiana law, Plaintiffs must have had constructive knowledge of Martin Insurance Agency's alleged misconduct on the date the Policies were first issued, and thus, the one year peremptive period began to run at the time each policy was first issued.   Consequently, any claim Plaintiffs may have had against Martin Insurance Agency regarding the procurement of the SFIP must have been brought within one year from the date the SFIP was first issued to them, which was on or about October 2, 2003. Similarly, any claim Plaintiffs may have had against Martin Insurance Agency regarding the procurement of the Homeowners Policy must have been brought within one year from the date it was first issued to them, which was September 1, 2004.  Since Plaintiffs' Petition was not filed until August 27, 2006, the claims against Martin Insurance Agency regarding both the SFIP and Homeowners Policy are perempted.

Furthermore, Plaintiffs' renewal of the Policies did not restart the peremption period under La. R.S. § 9:5606 because the Petition fails to allege any specific misrepresentations in connection with the renewal of the Policies.  The renewal of the Policies did not change any substantive or material restrictions in the coverage provided by the original Policies issued to Plaintiffs.  Specifically, the exclusions and policy limits of the Homeowners Policy were the same from the date the policy was first issued to Plaintiffs through the date of loss, and the policy limits of the SFIP also did not change from the date it was first issued to

13

Plaintiffs through the date loss.  Accordingly, the particular features of both the Homeowners Policy and SFIP that Plaintiffs now allege Martin Insurance Agency failed to properly procure were present in the original Policies, which became effective more than one year prior to the filing of Plaintiffs' Petition.

Plaintiffs have no possibility of recovery against Martin Insurance Agency because the claims asserted against it are barred by the one-year peremptive restriction set forth in La. R.S. § 9:5606.  Because there is no chance of recovery against Martin Insurance Agency, it is an improperly joined defendant and the Court should not consider its citizenship when determining if complete diversity exists among the parties.

> **2.     Plaintiff Fails to State a Claim Against Martin Insurance Agency Under Louisiana Law.**

Even if the Court finds that the claims against Martin Insurance Agency are not perempted pursuant to La. R.S. § 9:5606, Plaintiffs still fail to state a claim against Martin Insurance Agency under Louisiana law.  As stated above, Plaintiffs allege that Martin Insurance Agency failed to properly advise Plaintiffs regarding their homeowners and flood insurance options and further failed to properly procure adequate homeowners and flood insurance for them.  These allegations do not give rise to a cause of action against an insurance agent under Louisiana law.

The general duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested by the customer.  *See Porter v. Utica Mut. Ins. Co.*, 357 So.2d 1234, 1238 (La. App. 2d Cir. 1978); *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 64 (La. App. 2d Cir. 1982).  Accordingly, Louisiana courts have recognized that an agent generally has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance, unless the agent assumes or agrees to such a duty.  *See Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So.2d 769, 773-774 (La. App. 3d Cir. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise [sic].");  *Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 65-66 (La. App. 1982) (rejecting client's argument that agent had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits").  Similarly, absent actions taken to mislead the insured, an agent has no duty to affirmatively advise the insured about the terms and conditions of the policy, as it is the insured's own duty to read its policy.  *See Porter*, 357 So.2d at 1239-39.

In *Tomlinson v. Allstate Indemnity Company*, 2006 WL 1331541, at *5 (E.D. La. May 12, 2006), the plaintiffs alleged that their homeowner's insurance agent "breached her fiduciary duty by her 'complete lack of assistance and cooperation' and by her failure 'to handle

their claims effectively.'"  The Court in *Tomlinson* held that the plaintiff had no claim for relief. *Id.*  Likewise, in *Raja v. Tarleton*, 2006 WL 2925448, at *4 (E.D. La. 2006), Judge Feldman held that "[t]he fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer."

Additionally, in *Tomlinson v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2632105 at *9 (E.D. La. Sept. 12, 2006), Judge Feldman clarified another requisite of any claim against an insurance agent:

> Negligence by an insurance agent is not acceptable under Louisiana law unless it constitutes the cause in fact of the harm for which recovery is sought.  *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199 (5th Cir. 1990); *Offshore Prod. Contractors v. Republic Underwriters Ins. Co.*, 910 F.2d 224 (5th Cir. 1990).  An act is a cause in fact of an injury when the harm would not have occurred without it.  *Toston v. Pardon*, 874 So.2d 791, 799 (La. 2004).

Because "[t]he plaintiffs did not . . . demonstrate how their insurance agent's [alleged breach] cause the lack of payment [by the insurer,]" Judge Feldman held that "the plaintiff . . . failed to state a claim against the in-state defendant" and found "no reasonable basis for 'predicting that the state law might impose liability on the facts involved.'  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted)."

Here, some of Plaintiffs' claims against Martin Insurance Agency are premised on allegations that it failed to advise Plaintiffs of certain exclusions in the Homeowners Policy, such as the exclusions for damage caused by faulty design.[19]  Under Louisiana law, such allegations are insufficient to impose legal liability on Martin Insurance Agency.  *See e.g., Dobson*, 2006 U.S. Dist. LEXIS 55832 (denying motion to remand and holding that plaintiffs could not establish a cause of action against their agents for negligent misrepresentation since justifiable reliance is an essential element of a misrepresent claim and any alleged reliance on agent's statements were not justified where policies at issue contained a clearly-worded flood exclusion – "plaintiffs are chargeable with knowledge of the terms of their policies, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they had").

Significantly, an agent has no duty to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage.  *See Frischhertz v. Lexington Ins. Co.*, 2006 U.S. Dist. LEXIS 80620 at *6 -*7 (E.D. La. 11/03/06) (Barbier, J. Presiding) (denying motion to remand upon finding that plaintiff had "no viable cause of action" against her insurance agent).   In the present case, the Petition claims that Martin Insurance Agency "underinsured" Plaintiffs' property and failed to "match plaintiffs' flood content coverage to

---

[19]  *See* Petition at ¶¶ 21(B), 23.

# 522757  v. 1

plaintiffs' mortgage."[20]  As the Court in *Frischhertz* noted, these types of allegations simply do not establish a viable cause of action under Louisiana law.  Moreover, to the extent the Petition alleges that Martin Insurance Agency failed to offer Plaintiffs "excess flood insurance coverage," such claim fails because excess flood insurance is only available to an insured that carries the maximum amount of building coverage allowed under the NFIP, which Plaintiffs did not.

Even if the peremptive period set forth in La. R.S. § 9:5606 does not bar Plaintiffs' claims against Martin Insurance Agency, the Petition otherwise fails to state a claim under Louisiana law.  Since there is no chance for recovery against Martin Insurance Agency, its Louisiana citizenship should not be considered by the Court, and therefore, complete diversity exists among the Plaintiffs and all remaining, properly joined defendants.

## II.      Standard Fire's Notice of Removal Was Procedurally Proper

A notice of removal must be filed within thirty (30) days of service of the initial pleading on the first served defendant.  *See Aucoin v. Gulf South Pipeline Co., L.P.,* 2004 WL 1196980 at *1 (E.D. La. May 26, 2004).  The Fifth Circuit has held that under 28 U.S.C. § 1446(a), "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective."  *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).  Fraudulently joined defendants need not join in

---

[20] *See* Petition at ¶¶ 19, 21.

the removal petition.  *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871-72 (5th Cir. 1991) (holding that since plaintiff could not establish a cause of action against the non-removing defendants their consent to removal was unnecessary); *see also Hoppen v. Wyeth Co.,* 2003 WL 203090 at *3 (E.D. La. Jan. 28, 2003) (denying plaintiff's motion to remand and holding that the consent of the fraudulently joined defendants was unnecessary in the notice of removal).  Thus, the Notice of Removal must be filed within thirty (30) days of service of the summons on the first served, <u>properly joined</u> defendant.  *See* e.g., *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.,* 381 F. Supp.2d 730, 731-33 (N.D. Ill. 2005) (denying motion to remand and holding that thirty (30) day period for filing a notice to remove commences on the date the first properly joined defendant is served).

         In the instant matter, Standard Fire and Lexington were both served with the Petition, through the State of Louisiana Secretary of State, on September 11, 2006.[21]  Standard Fire, with the consent of Lexington[22], filed the Notice of Removal on October 10, 2006, which is twenty-nine (29) days after service of the Petition on the first served, properly joined defendant – which in this case is either Standard Fire or Lexington.  Plaintiffs' argument that the Notice of

---

[21]  *See* Proof of service on Standard Fire attached hereto as Exhibit "B" and proof of service on Lexington attached to Plaintiffs' Motion to Remand as Exhibit "2."

[22]  *See* Lexington's Consent to Remove attached to Standard Fire's Notice of Removal as Exhibit "B." Additionally, although not required, Standard Fire also obtained the consent of Martin Insurance Agency.  *See* Martin Insurance Agencys' Consent to Removal attached to Standard Fire's Notice of Removal as Exhibit "B."

# 522757  v. 1

Removal must have been filed within thirty (30) days of service of the Petition on Martin

Insurance Agency fails as a matter of law because Martin Insurance Agency was not a properly

joined defendant.  *See Jonathan Pepper Co., Inc.,* 381 F. Supp.2d at 731-33 (N.D. Ill. 2005).

**D.**      **CONCLUSION**

As more fully explained above, Martin Insurance Agency has been improperly

joined as a defendant in this case.  There is no possibility that Plaintiffs can prevail on their

claims asserted against Martin Insurance Agency because (i) all claims against it are

peremptively barred pursuant to La. R.S. § 9:5606 and (ii) even if the claims are not perempted,

Plaintiffs have failed to state a viable cause of action on the merits against Martin Insurance

Agency.  Furthermore, Standard Fire's Notice of Removal was properly filed within thirty (30)

days of service of the Petition on the first served, properly joined defendant, with the consent of

all properly joined defendants.   For all the above reasons, Plaintiffs' Motion to Remand must be

denied.

Respectfully submitted,


s/Gary J. Russo
Gary Russo (#10828)
PERRET DOISE, APLC
Attorney for The Standard Fire Insurance Company
incorrectly referred to as Travelers Insurance Company
P.O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:  (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@perretdoise.com

and

Samuel J. Arena, Jr., Esquire
Daniel T. Fitch, Esquire
Nicholas M. Orloff, Esquire
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone: (215) 564-8000
*Of Counsel*

# 522757  v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: John E. Baay, II, William A. Barousse, Stephen M. Gele, Gary M. Pendergast, Robert I Siegel, Matthew J. Ungarino.

s/Gary J. Russo
Gary Russo (#10828)
Attorney for The Standard Fire Insurance Company
incorrectly referred to as Travelers Insurance
Company
PERRET DOISE, APLC
P.O. Drawer 3408
Lafayette, LA  70502-3408
Telephone:  (337) 262-9000
Fax: (337) 262-9001
Email: gjrusso@perretdoise.com
