UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER MCKNIGHT and<br>SCOTT MCKNIGHT, plaintiffs | * * * | CIVIL ACTION NO. 06-7687 |
| versus | * * * | SECTION "R" |
| MARTIN INSURANCE AGENCY, INC.<br>LEXINGTON INSURANCE COMPANY and<br>TRAVELERS INSURANCE COMPANY,<br>defendants | * * * * * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant, Lexington Insurance Company ("Lexington"), by and through undersigned counsel, respectfully submits this Opposition to Plaintiffs' Motion to Remand. Despite Plaintiffs' attempt to avoid the jurisdiction of this Court by naming a non-diverse defendant, this Court has jurisdiction over this matter. Plaintiffs have no cause of action against the non-diverse defendant. Additionally, Plaintiffs' claims against the non-diverse defendant are perempted under La. R.S. 9:5606. Therefore, the citizenship of the non-diverse defendant should be ignored for purposes of diversity jurisdiction and this Court should retain jurisdiction over this action.

**I.    Background**

Plaintiffs Jennifer and Scott McKnight commenced this action on or about August 27, 2006 by filing a Petition for Damages in the Civil District Court for the Parish of Orleans against Lexington, Martina Insurance Agency, Inc. ("Martin") and Standard Fire Insurance Company, incorrectly identified as Traveler's Insurance Company, Inc. ("Standard Fire"). The plaintiffs allege that they owned both movable and immovable property located at 6824 Vicksburg Street, New Orleans, LA that was destroyed as a result of events both related and unrelated to the impact of Hurricane Katrina. The petitioners alleged that their property was insured by Lexington and Standard Fire and that they obtained their insurance through Martin.

Standard Fire timely removed this suit to this Court on October 10, 2006 with the consent of Martin and Lexington. On or about October 20, 2006, plaintiffs filed a Motion to Remand alleging Standard Fire's removal was improper for lack of subject matter jurisdiction and because the removal was not timely filed with the consent of all parties.

**II.     The Plaintiffs' Motion to Remand Must be Denied because this Honorable Court has Jurisdiction over this Matter Pursuant to 28 U.S.C. 1332.**

This action has been properly removed to this Court pursuant to 28 U.S.C. 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] At the time of the filing of the Petition for Damages, Plaintiffs were adult citizens of the State of Louisiana. At the time of the filing of the Petition for Damages and at all times thereafter, Lexington was and is incorporated under the laws of Delaware with its principal place of business in Boston, Massachusetts. According to the plaintiffs' motion to remand, Martin is citizen of Louisiana. Martin, however, had been fraudulently

---

[1] Plaintiffs do not contest in their motion to remand that the requisite amount in controversy requirement has been satisfied.

joined as a defendant in this action solely for the purpose of defeating diversity jurisdiction. *In re: Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir.2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.1996), quoting, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 37, 66L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). As shown below, Martin not properly joined and thus, its citizenship should be disregarded.

A.   **The Standard for Improper Joinder**

Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendants. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). Where, as here, the defendant alleges that the plaintiff is unable to state a claim against the non-diverse defendant, the Court must determine whether there is an arguably reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood, Id., citing Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003). A "mere theoretical possibility of recovery under local law," however, will not preclude a finding of improper joinder. *Smallwood, Id.* at note 9, *citing Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286, n.4 (5th Cir. 2000).

A court may resolve the issue of potential liability under state law by conducting a Rule 12(b)(6) type analysis "to determine whether the complaint states a claim under state law against the in-state defendants. In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir.

2004); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002). Ordinarily, if a plaintiff can withstand a Rule 12(b)(6) analysis, there is no improper joinder. *Smallwood, Id.*

The standard applied to 12(b)(6) motions is not, however, without limits. In order to survive a 12(b)(6) motion, a complaint must contain either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *In re Plywood Antitrust Lit.,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed,* 462 U.S. 1125 (1983). In other words, a plaintiff must allege all of the elements of a right to recover against a defendant. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). Moreover, *the Court should not assume facts that the plaintiff has not alleged* and is not required to accept the legal conclusions either alleged or inferred by plaintiff from the pleaded facts. *McCormack v. NCAA,* 845 F.2d 1338, 1343 (5th Cir.1988); *Helen Brett Enterprises v. New Orleans Metropolitan Convention and Visitors Bureau, Inc.,* 1996 WL 346314, *1 -2 (E.D.La. 1996). Plaintiffs' petition here fails to satisfy even these rudimentary standards. Furthermore, Plaintiff is bound by the allegations asserted in his petition, and he cannot win now on this motion to remand through the assertion of additional facts upon which he bases his original claims. *Tedder v. F.M.C. Corp.,* 590 F.2d 115 (5th Cir. 1979); *Ahrens v. TPLC, Inc.,* 955 F. Supp. 54, 56 (E.D. La. 1997). Under the facts of this case, as pleaded in Plaintiffs' original Petition, even the admittedly "heavy" burden for establishing improper or fraudulent joinder is met.

**B.     The Plaintiffs' Claims Against Martin are Perempted under Louisiana Law**

Plaintiffs' claims against Martin are perempted by La. R.S. 9:5606. That statute provides that "[n]o action for damages against any insurance agent ... whether based upon tort or breach of

contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed ... within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered." La. Rev. Stat. Ann. 9:5606 (West 2005).

The peremptive period for claims against an insurance agent or broker begins to run from the date the plaintiff discovered *or should have discovered* the alleged act, omission, or neglect, and once that period begins to run, it is not subject to interruption or suspension for any reason. *Roadhouse Bar-B-Que, Inc. v. Certain Underwriter's At Lloyd's,* 04-1697 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 623; *Huffman v. Goodman,* 34-361 (La.App. 2 Cir. 4/4/01), 784 So.2d 718, 724, *writ den'd,* 01-1331 (La. 6/22/01), 794 So.2d 791. The prescriptive or peremptive period begins to run when the injured party has constructive knowledge of the facts that would entitle him to bring suit. *Dobson,* 2006 WL 2078423, at *9, *citing Campo v. Correa,* 01-2707 (La. 6/21/02), 828 So.2d 502, 510. Information or knowledge that ought to excite attention and put the alleged victim on guard is sufficient to start the running of prescription.[2] Under Louisiana law, an insured is responsible for reading his policy.[3] Knowledge of policy terms that directly contradict a statement by an agent who

---

[2] *Id.* See also, *Roadhouse Bar-B-Que,* 909 So.2d at 623:

Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

[3] *Motors Ins. Co. v. Bud's Boat Rental,* 917 F.2d 199, 205 (5th Cir. 1990); *Stephens v. Audubon Ins. Co.,* 665 So.2d 683, 686. Thus, as a general rule, the peremptive period begins to run on receipt of the original policy. See *Biggers v. Allstate Ins. Co.,* 04-282 (La.App. 5 Cir. 10/26/04), 886 So.2d 1179, 1182; *Bel v. State Farm Mutual Ins. Co.,* 02-1292 (La.App. 1 Cir. 2/14/03), 845 So.2d 377, 382, *writ den'd,* 03-0733 (La. 5/30/03), 845 So.2d 1057. Accordingly, Plaintiffs knew or should have known that they were not fully covered for all losses when the Policy

sold the policy is sufficient to excite attention and put the insured on guard. *Dobson v Allstate Ins. Co.*, 2006 WL 2078423 (ED La. 7/21/06) Thus, even if the Court assumes that Plaintiffs alleged that Martin misrepresented the terms of the Policy, or that Martin otherwise provided a policy that did not fully insure the plaintiffs, Plaintiffs were aware of this no later than October 2, 2003, when Martin issued the Standard Flood Insurance Policy, or September 1, 2004, when Martin issued the Lexington policy. Plaintiffs did not file suit until August 27, 2006, over one year after both of those dates. Consequently, plaintiffs' claims against Martin are perempted.

In addition, the fact that the policies were renewed does not toll the one-year preemptive period under well-settled Louisiana law. *See, Bel v. State Farm Mut. Auto Ins. Co.*, 845 So.2d 377 (La. App. 1st Cir. 2003) ("we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the preemptive period anew at each renewal"); *Biggers v. Met. P& C Ins. Co.*, 886 So.2d 1179, 1183 (La. App. 5th Cir. 2004) (preemptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); *Bordelon v. Indep. Order of Foresters*, No. 05-2640, 2005 WL 3543815 (E.D.La.2005) (preemptive period begins to run when policy is acquired).

Plaintiffs knew or should have known in October of 2003 or at latest, September of 2004, the amount of insurance placed on their property. It was plaintiffs who signed the applications requesting the amounts of liability. Certainly, Plaintiffs--as the owner of their property –knew the value of their property and knew, or should have known, in October of 2003 or September of 2004 whether or not the requested limits of liability were sufficient to insure that value. Because Plaintiffs

---

was issued and they received a copy of it.

failed to bring suit against Martin by October of 2004 or September of 2005, their claims against Martin are perempted.[4]

Here, as in *Dobson v. Allstate Ins. Co.,* the alleged negligent omission of failure to provide full coverage should have been discovered by the Plaintiffs more than one year from the date on which it filed suit. Plaintiffs' claims against Martin are perempted. As a result, Plaintiffs do not have a reasonable possibility of recovery against Martin. Accordingly, Martin was improperly joined and this Court retains jurisdiction.

### C. Plaintiff Has No Cause of Action against Martin Insurance Agency

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal based upon the pleader's failure "to state a claim upon which relief can be granted." In reviewing a motion to dismiss, all allegations of the petition must be accepted as true. *Ship v. McMahon*, 234 F.3d 907, 911 (5th Cir.2000), *cert. denied*, 532 U.S. 1052 (2001). Having accepted the facts as true, however, a court should dismiss a case pursuant to Rule 12(b)(6) where the pleadings lack any cognizable basis in law:

> If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citations omitted). Because the facts of Plaintiffs' Petition, even if accepted as true, fail to state a cause of action upon which relief can be granted, Plaintiffs have no cause of action against Martin, the non-diverse defendant, and the claims against

---

[4] Even if this Court were to find that the renewal of the policies constitutes a separate tort, which is denied, Plaintiffs' policy was renewed in October 2004. Accordingly, Plaintiffs' claims against Martin would have been perempted as of October of 2005—nine months prior to the initiation of the instant suit.

it should be dismissed and its citizenship should not be considered for purposes of determining diversity jurisdiction.

Plaintiff asserts that Martin was negligent by

(A) Intentionally underinsuring plaintiffs' dwelling and content
(B) Failing to advise plaintiffs of the underinsurance
(C) Failing to apprise the plaintiffs of the existence of other insurance products, specifically excess flood insurance which would have allowed plaintiffs to properly insure their dwelling and content;
(D) Deviating from industry standards by failing to match plaintiffs' flood content coverage to plaintiffs' mortgage; and
(E) Such other acts of negligence and inaction as may be shown at the trial of this cause.

See Plaintiffs' Petition for Damages at ¶ XXI. Lexington does not dispute that under Louisiana law insurance agents have a duty only to use reasonable diligence in attempting to place the insurance requested. *See, Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973). Here, however, the plaintiffs do not make such a claim. Rather, the plaintiffs assert that the non-diverse defendant had a duty to advise them whether or not they were underinsured. There is, however, no such duty imposed upon an agent or broker under Louisiana law.

As the court in *Dobson, et al. v. All State Ins. Co.*, 2006 WL 2078423, *10 (E.D.La.), recognized, there is no case "imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured…" The courts have recognized that "the client is himself considered responsible for adequately advising the agent of the coverage needed." *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir.1990), *citing Smith v. Millers Mut. Ins. Co.*, 419 So.2d 59, 65 (La.App. 2nd Cir.) writ denied 422 So.2d 155 (La.1982) (court held agent did not breach his fiduciary duty to the insured by failing to recommend higher limits to him).

Plaintiffs do not, nor can they, attempt to distinguish these cases. Further, Plaintiffs fail to cite a single case in support of their position that a duty exists to determine whether or not an insured is underinsured. Here, Plaintiffs do not allege that Martin failed to obtain a specific *type* of coverage which they *requested*. Rather, Plaintiff asserts that Martin failed to advise them whether or not they was underinsured. No such duty, however, is imposed on an agent or broker under Louisiana law. Martin is not in the business of appraising properties. Further, the plaintiffs do not allege that they provided information to Martin evidencing that their house was worth more or that they requested higher amounts of insurance coverage. It is the Plaintiffs who are best situated to determine the value of their property and to request adequate coverage to insure that value.

Because Martin had no obligation to advise Plaintiffs whether or not they were underinsured, Plaintiff has no cause of action against Martin. As Plaintiff has no cause of action against the non-diverse defendant, its citizenship should not be considered for purposes of removal.

**D.     The Claims Against Martin are Misjoined in This Suit**

Under *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355-60(11th Cir.1996), when a complaint alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper. Here, Plaintiffs' claims against Martin are unrelated to the claims against Lexington and therefore have been improperly joined. Plaintiffs' claims against Lexington and Standard Fire are wholly distinct and separate from Plaintiffs' claims against Martin. The claims against Martin, Lexington and Standard Fire are against different parties, asserting different allegations, and arise out of different relationships.

Plaintiffs' claims against Lexington and Standard Fire arise out of two contracts of insurance. Plaintiffs assert that Lexington and Standard Fire have breached their contracts of insurance.

Plaintiffs' claims against Martin are tort claims arising out of an alleged fiduciary duty between Plaintiffs and Martin to provide adequate insurance coverage. The facts from which these claims arise, the parties involved in these claims, and the legal analysis required in the resolution of these claims are all different.

Accordingly, pursuant to Federal Rule of Civil Procedure 20, joinder of the non-diverse defendants is improper. This Honorable Court should therefore disregard the citizenship of Martin in determining diversity jurisdiction.

### III. This Action was Timely Removed

The plaintiffs have alleged that this matter was not timely removed. A notice of removal must be filed within thirty days of service of a properly joined defendant. *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F.Supp.2d 730, 731-33 (N.D. Ill. 2005). In this case, the properly joined defendants Standard Fire and Lexington were served on September 11, 2006 through the Louisiana Secretary of State. Standard Fire removed this action on October 10, 2006, twenty nine days after the first properly joined defendant was served. Consequently, the removal was timely filed.

### IV. Conclusion

Plaintiffs have not shown that they have a cause of action against Martin and its citizenship should therefore be ignored for purposes of determining diversity jurisdiction. Even if the plaintiffs had alleged a cause of action against Martin, their claims against Martin would be perempted under La. R.S. 9:5606. Finally, the Plaintiffs' allegations against Martin would be improperly joined in this matter if they stated a cause of action and weren't perempted. The citizenship of Martin should therefore be disregarded.

Complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between Plaintiffs, Standard Fire and Lexington. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. In addition, this action was properly removed within thirty days of the first properly named defendant being served in this matter. Lexington therefore respectfully requests that Plaintiffs' Motion to Remand be denied and this Honorable Court retain jurisdiction over this matter.

Respectfully Submitted,

/s/ William Barousse
ROBERT I. SIEGEL (#12063)
JOHN E.W. BAAY II, T.A. (#22928)
WILLIAM A. BAROUSSE (#29748)
**GIEGER, LABORDE & LAPEROUSE, LLC**
SUITE - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011

*Counsel for Lexington Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of December, 2006 served a copy of the foregoing **Opposition to Plaintiffs' Motion to Remand** on all counsel of record via electronic filing or by mailing the same by United States mail, properly addressed, and first class postage paid.

/s/ William Barousse