UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES<br>        CONSOLIDATED LITIGATION<br>_____<br><br>PERTAINS TO:  Levee and MRGO,<br>        *Fleming*, No. 06-5159<br>        *Holmes*, No. 06-5161<br>        *Gordon*, No. 06-5163<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |

**DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

INTRODUCTION

Defendant, United States of America, has moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss plaintiffs' actions for lack of subject matter jurisdiction. The Complaints, styled as class actions against the United States and other non-federal defendants, allege, *inter alia*, common law tort claims for damages arising from the failure of certain levee and floodwall systems in New Orleans, Louisiana, during Hurricane Katrina. *Fleming* Compl. ¶¶ 1, 6A; *Holmes* Compl. ¶¶ 1, 6A; *Gordon* Compl. ¶¶ 1, 8. Suit against the United States is premised upon alleged acts or omissions of federal employees of the United States Army Corps of

1

Engineers (Corps).[1]  Plaintiffs collectively assert subject matter jurisdiction over claims against the United States under the Federal Tort Claims Act (FTCA), the Suits in Admiralty Act (SAA), the Public Vessels Act (PVA), the Class Action Fairness Act of 2005, the Federal Water Pollution Control Act, Article III § 2 of the United States Constitution[2], 28 U.S.C. § 1331, and they assert federal question jurisdiction because the project at issue was a "federal construction project through the Corps."  *Fleming* Compl. ¶¶ 2A, 3; *Holmes* Compl. ¶¶ 2A, 3; *Gordon* Compl. ¶¶ 9A-B, 10.

The flooding caused by Hurricane Katrina was indeed tragic.  The United States, however, is not liable for the damages that the plaintiffs, or the unnamed class members, seek because sovereign immunity shields the United States from this suit.  Foremost, the plaintiffs have failed to exhaust their administrative remedies with the appropriate federal agency before filing suit in accordance with 28 U.S.C. § 2675(a) and 46 U.S.C. App. § 740, which are statutorily mandated jurisdictional prerequisites to suit against the United States pursuant to the

---

[1] A suit against an executive department of the United States is a suit against the United States as sovereign.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Moreover, a federal agency cannot be sued eo nomine under the FTCA, 28 U.S.C. § 1346(b).  Thus, an FTCA action against a federal agency as opposed to the United States itself must be dismissed for want of jurisdiction.  *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

[2] Article III § 2 of the United States Constitution provides that: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states; between a state and citizens of another state: --between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects."

FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, and the Admiralty Extension Act (AEA), 46 U.S.C. App. § 740.  Because of these defects, this Court lacks subject matter jurisdiction over plaintiffs' actions, requiring dismissal.  None of the other federal laws cited by the plaintiffs cure the fundamental jurisdictional deficiency inherent in their Complaints.  For these reasons, the United States' motion to dismiss for lack of jurisdiction should be granted.

## STATEMENT

Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), an action may not be instituted against the United States unless the claimant first presents the claim to the appropriate federal agency and the agency has denied the claim in writing.  If, however, the federal agency fails to finally dispose of the claim within six months after it is filed, the FTCA affords the claimant, at her option, the opportunity to treat the claim as denied and to file suit in the appropriate federal district court.  *Id.*  Moreover, under the Admiralty Extension Act, 46 U.S.C. App. § 740, "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage."  *Id.*  These Complaints were filed prematurely and therefore must be dismissed because the plaintiffs have failed to comply with the Acts' jurisdictional prerequisites.

The Complaints are devoid of allegations that plaintiffs have exhausted their administrative remedies.  Indeed, the Corps has only received claims from Charles Leach (April 18, 2006), Barbara Smith (May 1, 2006), Flora Fleming (August 17, 2006), and Alvin Livers (November 1, 2006).  *See* Exhibit 1, Decl. of Angela Drinkwitz, U.S. Army Corps of Engineers. As of August 28, 2006, when plaintiffs commenced these actions by filing their Complaints, their

administrative claims had either not yet been presented to the Corps or had been presented less than six months before the filing of these Complaints. Therefore, these actions are jurisdictionally defective. The passage of time cannot cure the jurisdictional defect resulting from the premature commencement of these actions. Accordingly, these actions should be dismissed.

## ARGUMENT

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995)*, rehr'g denied,* 81 F.3d 520 (5th Cir. 1996), *cert. denied,* 519 U.S. 927 (1996). Further, the burden to establish jurisdiction rests on the party asserting it. *Kokkenen*, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). The plaintiffs have failed to meet this burden.

### I. PLAINTIFFS CANNOT BRING SUIT UNDER THE FTCA BECAUSE THEY HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

The FTCA is the exclusive remedy for claimants seeking monetary damages from the United States and is a limited waiver of the United States' sovereign immunity. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). As such, due regard must be given to the terms of the waiver of sovereign immunity because the United States can be liable only to the extent that it has waived its immunity. *Orleans v. United States*, 425 U.S. 807, 814 (1976). Absent a waiver of immunity, the United States is immune from suit in tort. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Suits against the United States must be filed in strict compliance with the FTCA's provisions. *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984) (internal citations omitted).

Plaintiffs cannot now sue the United States for damages because this Court lacks subject matter jurisdiction to hear their claims. Inasmuch as plaintiffs have failed to exhaust their administrative remedies before instituting suit in federal court, these actions must be dismissed.

Section 2675(a) of the Federal Tort Claims Act clearly and unambiguously provides that:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a). *See also McNeil v. United States*, 508 U.S. 106, 111 (1993). Thus, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies." *McNeil*, 508 U.S. at 113. Under the FTCA, a claimant is precluded from filing suit in district court unless she has first presented her claim to the appropriate federal agency. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).[3] Once the claim is presented to the appropriate federal agency, the agency has six months within which to consider the claim and settle it if possible. The agency may also deny the claim. If no action is taken within six months, a claimant may deem the claim denied and file suit. During this six-month period, the claimant may not file suit unless the agency formally denies the claim. *Id.*

The provisions of 28 U.S.C. § 2675(a) are jurisdictional in nature and therefore cannot be waived. *Gregory*, 634 F.2d at 203-204; *Price*, 69 F.3d. at 54; *Reynolds*, 748 F.2d at 292; *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Celestine v. Veterans Administration Hospital*, 746 F.2d 1360, 1362 (8th Cir. 1984) *overruled on other grounds by McNeil*, 508 U.S. 106 (1993); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), *cert. denied* 531 U.S. 1037 (2000); *Indus. Constr. Corp. v. U. S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) is intended to "prevent an unnecessary burdening" on the courts with premature complaints, *Jerves,* 966 F.2d at 520, and requires that "jurisdiction exist at the time the complaint was filed." *Gregory*, 634 F.2d at 203-204. The right to sue the United States in tort

---

[3] For purposes of sections 28 U.S.C. 2401(b), 2672, and 2675(a) of the Federal Tort Claims Act, a claim is considered presented to the appropriate federal agency when "a Federal agency receives from a claimant . . . an executed Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Here, five SF-95s (Claim for Damage, Injury or Death) were presented to the Corps on April 18, May 1 (2 SF-95s), August 17, and November 1, 2006. *See* Ex. 1, Decl. of Angela Jean Drinkwitz.

exists only by virtue of the FTCA, which waives sovereign immunity and fixes the terms and conditions upon which suit against the United States may be instituted. *See Plyler*, 900 F.2d at 42. This waiver of sovereign immunity must be strictly construed in favor of the sovereign. *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied*, 125 S. Ct. 2549 (2005); *Jerves*, 966 F.2d at 521; *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); *accord McNeil*, 508 U.S. at 113 (requiring "strict adherence to the procedural requirements" of § 2675(a)). Here, plaintiffs' actions are premature because as of August 28, 2006, when plaintiffs filed their Complaints, Charles Leach, Barbara Smith, Flora Fleming, and Alvin Livers' administrative tort claims had not been pending with the Corps for six months; the claims had not been denied by the Corps; and the other named and unnamed class plaintiffs had not filed administrative claims with the Corps. *See* 28 U.S.C. § 2675(a); *see generally* Ex. 1, Angela Drinkwitz Decl. Plaintiffs, therefore, have not met the Act's jurisdictional requirements.[4]

Moreover, as the Supreme Court stated in *McNeil*, neither the passage of time nor the subsequent denial of the claim during the pendency of the prematurely commenced action can cure this jurisdictional defect. *See McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Gregory*, 634 F.2d at 204 (specifically rejecting appellants argument that six-month requirement was

---

[4] Moreover, this Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant. *See In re Agent Orange Prod. Liab. Litig*, 818 F.2d 194, 198 (2d Cir. 1987) *aff'g in relevant part, In re Agent Orange Prod. Liab. Litig.*, 506 F.Supp. 757 (E.D. N.Y. 1980); *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977); *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977); *Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); *cf. Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *cert. denied*, 464 U.S. 864 (1983).

meaningless because it had already ran and upholding dismissal of claims against the United States); *Reynolds*, 748 F.2d at 293 (rejecting as frivolous argument that "defect[] of prematurely filed complaint may be cured by dilatory service"); *see also Plyler*, 900 F.2d at 42 (vacating, after trial, district court's judgment against United States for lack of jurisdiction because of plaintiff's prematurely filed suit); *cf. United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306-07 (5th Cir. 1987) ("Because the requirement of administrative review is a jurisdictional prerequisite, it would not have been appropriate merely to stay the suit until a claim could be filed [.]"). The only way to cure the jurisdictional defect is to file a "fresh suit" within six months of the agency's denial. *See McNeil,* 964 F.2d at 649. Accordingly, these Complaints must be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).

**II.     IF THE PVA OR SAA APPLIES, IT IS ONLY THROUGH THE AEA AND PLAINTIFFS' FAILURE TO COMPLY WITH THE AEA'S ADMINISTRATIVE EXHAUSTION REQUIREMENT COMPELS DISMISSAL.**

Plaintiffs assert that this Court has jurisdiction over the subject matter of these actions pursuant to the Suits in Admiralty Act (SAA) (46 U.S.C. §§ 741, *et seq.*) "because the negligence of the United States of America arises out of its maritime activities connected to the construction and maintenance of the Inner Harbor Navigation Channel (Industrial Canal) as a navigable channel" and pursuant to the Public Vessels Act (PVA) (46 U.S.C. §§ 781, *et seq.*), "because this matter involves damage caused by one or more public vessels of the United States of America, which have conducted operations for the construction and maintenance of the Industrial Canal during the past sixty years." *Fleming* and *Holmes* Compls. ¶¶ 3B & C. The *Gordon* plaintiffs further aver that jurisdiction lies under the SAA "because the negligence of the United States of

America arises out of its maritime activities, connected to the construction, dredging, and maintenance of the 17th Street Canal as a navigable channel, and carried out by fleets of dredging vessels owned by the other Defendants, pursuant to maritime dredging contracts and permits between the United States of America and other Defendants." *Gordon* Compl. ¶ 10B. The plaintiffs' claims do not lie under the SAA or the PVA. Admiralty jurisdiction, if at all, lies under the Admiralty Extension Act (AEA) which requires the exhaustion of administrative remedies before filing suit. The plaintiffs have failed to meet that burden.

### A. IF THE PVA OR SAA APPLIES IT IS ONLY THROUGH THE AEA.

Federal admiralty jurisdiction for tort claims for damages will not lie under the PVA or SAA because the injuries alleged by the plaintiffs were not "'wholly' sustained on navigable waters." *See Grubart v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527 (1995). Under the "traditional test for admiralty tort jurisdiction" not only was it necessary that the tort occur in navigable waters but it was also necessary "that the injury . . . be 'wholly' sustained on navigable waters." *Grubart*, 513 U.S. at 531-32. The traditional rule was modified by the AEA, which provides that "the admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury . . . caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." *Id.* at 532 (quoting 46 U.S.C. App. § 740).

The injuries alleged by the plaintiffs, and the class they seek to represent, were not "'wholly' sustained on navigable waters." *Id.*; *cf. Fleming* Compl. ¶¶ 1A - 1E and *Holmes* Compl. ¶¶ 1A & B (describing plaintiffs' residences in New Orleans as being "completely destroyed by Katrina's floodwater that came from the Industrial Canal."); *Fleming* Compl. ¶ 6A (describing

plaintiffs as representative of a proposed class of "[a]ll residents, domiciliaries, and property owners of the Parish of Orleans in the State of Louisiana who sustained damages as a result of water intrusion caused by the failure of the hurricane protection levees and flood walls on the west side of the Industrial Canal in New Orleans . . . ."); *Holmes* Compl. ¶ 6A (describing plaintiffs as representative of a proposed class of "[a]ll residents, domiciliaries, and property owners of the Parish of Orleans and Parish of St. Bernard in the State of Louisiana who sustained damages as a result of water intrusion caused by the failure of the hurricane protection levees and flood walls on the east side of the Industrial Canal at an area known as the 'Ninth ward' in New Orleans . . . ."); *Gordon* Compl. ¶¶ 8A - 8E (describing plaintiffs' residences and property in New Orleans as being "damaged by the waters that flooded the areas described herein as a result of the two breaches of the 17th Street Canal when Hurricane Katrina made landfall . . . ."); *Gordon* Compl. ¶ 47 (describing plaintiffs as representative of proposed class of "[a]ll residents, domiciliaries, and property owners of the Parishes of Orleans and Jefferson in the State of Louisiana who sustained damages as a result of the 17th Street Canal System that breached in two areas . . . ."). Thus, as *Grubart* makes clear, if admiralty jurisdiction exists here, if at all, it must exist pursuant to the AEA.[5]

---

[5] This Court has explicitly found, in an analogous case, that the essence of plaintiff's cause of action was the alleged defective design of the various levees and waterways in question and "the potential maritime flavor of the structures involved in this accident is insufficient, by itself, to give this Court admiralty jurisdiction over the non-barge related claims. The Court thus finds that those claims arise under the FTCA, not the SAA . . . ." *See In the Matter of the Complaint of Ingram Barge*, 435 F.Supp. 2d 524, 528, 531 (E.D. La. 2006). The plaintiffs' inapt characterization of their cause of action as "negligent dredging" is a transparent, and futile, attempt to bring it within the AEA even though, as the Court has correctly held, it is not properly cognizable under that admiralty statute.

### B. PLAINTIFFS HAVE FAILED TO EXHAUST THE AEA ADMINISTRATIVE REQUIREMENT.

Even if the AEA is applicable to the plaintiffs' claims, their claims would be barred because they have failed to exhaust their administrative remedy under the AEA. The AEA specifically provides that "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 U.S.C. App. § 740. These requirements are jurisdictional. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991). Here, plaintiffs' actions are premature because as of August 28, 2006, when plaintiffs filed their Complaints, Charles Leach, Barbara Smith, Flora Fleming, and Alvin Livers' administrative tort claims had not been pending with the Corps for six months and the other named and unnamed class plaintiffs had not filed an administrative claim with the Corps. *See* 46 U.S.C. App. § 740; *Loeber,* 924 F.2d at 1342; *see generally* Ex. 1, Angela Drinkwitz Decl. Accordingly, this Court lacks subject matter jurisdiction requiring dismissal of these Complaints.

### III. PLAINTIFFS HAVE NO OTHER VIABLE BASIS UPON WHICH TO ASSERT SUBJECT MATTER JURISDICTION.

None of the other jurisdictional grounds cited in plaintiffs' Complaints are sufficient to gain jurisdiction over the United States. The plaintiffs cite the Class Action Fairness Act of 2005, 28 U.S.C. § 1331, and the Water Pollution Control Act as additional grounds for jurisdiction over these suits. These grounds fail.

### A. THERE IS NO JURISDICTIONAL BASIS UNDER THE CLASS ACTION FAIRNESS ACT OF 2005.

Plaintiffs assert that this Court has jurisdiction over this subject matter pursuant to "28

U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and it is a class action brought by a citizen of a State that is different from the State where at least one of the Defendants is incorporated or does business." *Fleming* Compl. ¶ 3A; *Holmes* Compl. ¶ 3A; *Gordon* Compl. ¶ 10A. This Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each named and unnamed individual claimant comprising the class action identified in the Complaints. *Fleming* Compl. ¶ 6; *Holmes* Compl. ¶ 6; *Gordon* Compl. ¶¶ 38-49. The fact that an unnamed class litigant is one of the group of persons sharing a common cause of action with a named litigant in these Complaints against the United States does not relieve the unnamed class litigant from satisfying the FTCA administrative prerequisites of filing an administrative claim with a sum certain, no matter how large the class of individuals filing claims arising out of the same incident. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 194, 198 (2d Cir. 1987) *aff'g in relevant part*, *In re Agent Orange Prod. Liab. Litig.*, 506 F. Supp. 757 (E.D. N.Y. 1980); *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977); *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977); *Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); *cf. Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *cert. denied*, 464 U.S. 864 (1983).

Nor does the filing of an administrative claim with a sum certain by one named litigant relieve the other unnamed class members of their responsibility to separately state a sum certain with their administrative claims. There are two reasons for this requirement: first, the litigant who files the complaint will usually not be a duly authorized agent or representative of each

unnamed class member, thereby violating 28 C.F.R. § 14.3,[6] *Caidin*, 564 F.2d at 286; and secondly, allowing one person to assert a sum certain for many would essentially render the administrative claim requirement meaningless.  As the court noted in *Founding Church of Scientology v. Director, F.B.I.*, 459 F. Supp. 748 (D.D.C. 1978):

> The reason for the sum certain requirement is that if the agency knows exactly what the claimant seeks, prelitigation settlement will more likely result.  To allow the exhaustion of one claimant to satisfy the exhaustion requirement for all members of the class would eliminate the requirement that Each claimant state a sum certain and the accompanying advantage to the prelitigation process.  This Court will not allow this advantage to the prelitigation process to be bypassed.

*Id*. at 755.[7]   Accordingly, the plaintiffs' request for recognition and certification of their class status under the Class Action Fairness Act should be denied because each unnamed individual claimant has failed to satisfy the FTCA administrative prerequisites prior to filing their Complaints.

---

[6] 28 C.F.R. § 14.3 provides:

**Administrative claim; who may file.**

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.
(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.
(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.
(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

[7] *See also Keene*, 700 F.2d at 841- 42 (in order to satisfy the legislative purpose of permitting the government to investigate claims, the statement of damages in any Notice of Claim must contain a sum certain).

## B. TITLE 28 U.S.C. § 1331 DOES NOT WAIVE SOVEREIGN IMMUNITY

Plaintiffs assert that this Court has jurisdiction over this subject matter pursuant to 28 U.S.C. § 1331.  *Fleming* Compl. ¶ 3D; *Holmes* Compl. ¶ 3D; *Gordon* Compl. ¶ 10C.  Broad jurisdictional statutes, such as 28 U.S.C. § 1331, do not, in and of themselves, operate as a general waiver of sovereign immunity.  *See Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *Koehler v. United States*, 153 F.3d 263, 266, n.2 (5th Cir. 1998) (citing *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380 (5th Cir. 1989) and describing the law as "well-settled").  Thus, plaintiffs cannot merely rely on this statute as grounds for jurisdiction over the United States in this matter.

## C. PLAINTIFFS' CAUSE OF ACTION FOR ENVIRONMENTAL DAMAGE MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiffs also attempt to obtain jurisdiction over the United States by alleging that the United States' "activities have caused environmental damage in violation of the Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq.*"[8]  *Fleming* Compl. ¶ 83.  *See also Fleming* Compl. ¶ 3d; *Holmes* Compl. ¶ 3D; *Gordon* Compl. ¶ 10C.  The plaintiffs aver that "as a direct result of and in connection with the flooding resulting from the above described levee breaches, Plaintiffs' property was environmentally contaminated with raw sewerage, oil, chemicals and other hazardous materials previously located in known Superfund sites that were spread across wide areas of the city by spreading floodwaters."  *Fleming* Compl. ¶ 31; *Holmes* Compl. ¶ 32.  *See*

---

[8] The Federal Water Pollution Control Act , 33 U.S.C. § 1365, and the Clean Water Act (CWA), 33 U.S.C. § 1251, are statutes that prohibit the discharge of pollutants.  The CWA establishes a permit system and prohibits any discharge without authorization by permit.  33 U.S.C. §§ 1311(a), 1342.  A private right of action for citizens is provided under the CWA to sue for the violation of an effluent standard or limitation under the statute.  33 U.S.C. § 1365(a).

*also Gordon* Compl. ¶¶ 51(11), 52(9), 57(5), 58(5), 59(7), 60(5), 61(5), 62(4), 63(4), 64(5), 65(5), 66(4), 67(4), 68(4), 69(4) (contamination of property).  Although plaintiffs' Complaints cite numerous damages due to this alleged environmental contamination, they fail to allege any specific action by the United States or the Corps that violates the Clean Water Act (CWA) thereby providing for a private right of action under 33 U.S.C. § 1365(a).  *See generally Fleming* Compl. ¶¶ 3D, 31, 32, 82 - 84; *Holmes* Compl. ¶¶  3D, 31 - 33, 71-73; *Gordon* Compl. ¶ 10C.  Even if plaintiffs' Complaints can be liberally read to include such allegations, the plaintiffs' CWA claim nevertheless would fail to fulfill the jurisdictional prerequisites of the CWA.

      Under the CWA citizen suit provision, 33 U.S.C. § 1365, a plaintiff must make a good faith allegation that the alleged CWA violations are continuous or intermittent at the time of the complaint.  *See Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49, 52 (1987) (holding that the CWA does not allow damages for "wholly past violations.").  The plaintiffs only allege a violation of the CWA for an incident that lies wholly in the past.  *See Fleming* Compl. ¶ 32 (alleging that "[t]his matter arises out of the catastrophic failures of the hurricane protection levees and flood walls along the west side of the Industrial Canal in the Parish of Orleans on or about August 29, 2005, and the following days . . . ."); *Holmes* Compl. ¶ 33 (alleging that "[t]his matter arises out of the catastrophic failures of the hurricane protection levees and flood walls along the east side of the Industrial Canal at the Ninth Ward in the Parish of Orleans on or about August 29, 2005, and the following days . . . ."); *Gordon* Compl. ¶ 1 (alleging that this is a class action "to recover damages suffered by Plaintiffs and the Class Members after Hurricane Katrina made landfall on August 29, 2005, when the 17th Street Canal's levee system breached in two areas . . . .").  As such, the plaintiffs are barred from relief under the CWA because they seek

15

monetary damages for an alleged past violation of the statute.  Indeed, this Court has already held that "the Clean Water Act addresses on-going pollution concerns, not the alleged results of catastrophic flooding."  *See Colleen Berthelot, et al. v. Boh Brothers Construction Co., L.L.C., et al*, (consolidated with *In Re: Katrina Canal Breaches Consolidated Litigation*, CA 05-4182); Order and Reasons, Rec. Doc. No. 788, at 14.

Moreover, the CWA waives the United States' sovereign immunity to citizen suits in only two limited circumstances.[9]  First, a citizen may bring a civil action against "any person [including the United States] who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator [of EPA] or a State with respect to such a standard or limitation."  33 U.S.C. § 1365(a)(1).  Any such suit must be preceded by sixty days' notice to, *inter alia*, the alleged violator.  33 U.S.C. § 1365(b)(1).  Compliance with this notice requirement "is a mandatory, not optional, condition precedent for suit."  *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989) (addressing similar notice provision under the Resource Conservation and Recovery Act); *see also New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co.*, 72 F.3d 830, 833 (10th Cir. 1996) (compliance with notice provision of CWA is mandatory precondition for suit).  Here, the plaintiffs do not even allege that the United States is presently in violation of any effluent standard or limitation or order issued under the CWA, let alone allege that they have provided the required notice.

A citizen may also bring an action "against *the Administrator* where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary . . . ."  33 U.S.C. § 1365(a)(2) (emphasis added).  This provision is also subject to a

---

[9]  *See* Section 505 of the CWA, 33 U.S.C. § 1365.

sixty day notice requirement as a mandatory precondition for suit. 33 U.S.C. § 1365(b(2). Even if the plaintiffs had demonstrated that they had provided the required notice and had alleged any violation of a nondiscretionary duty, neither of which has been done, plaintiffs would not be able to invoke this sovereign immunity waiver. The only federal agency mentioned in plaintiffs' Complaint is the Corps, and it is the Corps' past actions that plaintiffs apparently object to - - but this sovereign immunity waiver does not apply to the Corps.[10] As one court has observed:

> The CWA expressly permits suits against the "Administrator," *who is defined as the Administrator of EPA* . . . . [T]he Court may not extend the waiver beyond the statute's express terms to include the Corps. This conclusion is reinforced by the fact that the statute elsewhere refers specifically to the "Secretary," meaning "the Secretary of the Army, acting through the Chief of Engineers." . . . "Administrator" thus is not a chatchall term.

*Cascade Conserv. League v. M.A. Segale, Inc.*, 921 F. Supp. 692, 696 (W.D. Wash. 1996) (emphasis added); *see also Preserve Endangered Areas of Cobb's History, Inc. v. U. S. Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996) (section 505(a)(2)) does not clearly and unambiguously waive sovereign immunity in regard to the Corps). Therefore, plaintiffs' CWA claim must be dismissed for lack of jurisdiction.

---

[10] Section 101(d) of the CWA, 33 U.S.C. § 1251(d), defines the term "Administrator" to mean the Administrator of EPA. In contrast, where the CWA refers to the Corps, it uses the term "Secretary." *See* 33 U.S.C. § 1344(d) ("The term 'Secretary' as used in this section means the Secretary of the Army, acting through the Chief of Engineers."). Nowhere in 33 U.S.C. § 1365 is the term "Secretary" used.

## CONCLUSION

For these reasons, the United States' Motion to Dismiss should be granted.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        C. FREDERICK BECKNER III
        Deputy Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        <u>s/ James F. McConnon, Jr.</u>
        JAMES F. MCCONNON, JR.
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 888
        Benjamin Franklin Station
        Washington, D.C. 20044
        (202) 353-2604
        (202) 616-5200 (fax)
        jim.mcconnon@usdoj.gov
        Attorneys for Defendant United States

February 7, 2007

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on February 7, 2007, I served a true copy of "United States' Memorandum in Support of its Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

/s/ <u>James F. McConnon, Jr.</u>
James F. McConnon, Jr.