UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER McKNIGHT And SCOTT McKNIGHT | * | CIVIL ACTION |
| | * | NO.   06-7687 |
| VERSUS | | |
| | * | SECTION "R" |
| MARTIN INSURANCE AGENCY, INC., LEXINGTON INSURANCE COMPANY and TRAVELERS INSURANCE COMPANY | * | MAGISTRATE 5 |
| *   *   *   *   *   *   *   * | | |

**MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

The above matter involves a claim by plaintiffs, JENNIFER McKNIGHT and SCOTT McKNIGHT, against LEXINGTON INSURANCE COMPANY challenging the water damage exclusion in the LEXINGTON homeowners policy and setting forth errors and omissions claims against their insurance agency, MARTIN INSURANCE AGENCY, INC., and their flood insurance company, TRAVELERS INSURANCE COMPANY.

The matter was originally filed in the Civil District Court for the Parish of Orleans on August 29, 2006. Thereafter, removal actions were filed by the defendants, LEXINGTON INSURANCE COMPANY and TRAVELERS INSURANCE COMPANY.

In response, plaintiffs filed a Motion to Remand which was submitted to this Court on briefs on December 20, 2006. Thereafter, a day later, the defendant, MARTIN INSURANCE AGENCY, INC. filed a Motion for Summary Judgment on December 21, 2006 and set the matter for hearing on January 17, 2007.

Plaintiffs have, this date, filed a Motion to Continue the Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Plaintiffs, who lost their homes and jobs as a result of Hurricane Katrina, have relocated to the State of Texas and have been unavailable to undersigned counsel in terms of preparation of affidavits and/or securing of testimony in order to respond to the defendant's Motion for Summary Judgment. The defendant filed its Motion for Summary Judgment just prior to the holiday season. As more fully set forth in the Motion to Continue defendant's Motion for Summary Judgment, not only has undersigned not had an opportunity to meet with plaintiffs to secure their affidavits and/or testimony, there is further pending before this Court plaintiffs' Motion to Remand and plaintiffs' Motion to Transfer to Section "K." Moreover, other than a brief set of interrogatories and request for production of documents propounded by the defendant, MARTIN INSURANCE AGENCY, INC., the parties have not had an opportunity to engage in any meaningful discovery, nor have Federal Rule of Civil Procedure 26(a)(1) initial disclosures been made nor has a preliminary status conference been conducted.

The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion. Wichita Falls Office Associates v. Banc One Corporation, 978 F.2d 915, 919 (5th Cir. 1992).

Although an abuse of discretion standard leaves the District Court with a certain amount of freedom, such discretion **"…to deny the requested extension is not entirely unfettered."** International Short Stop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991). A "**continuance of a Motion for Summary Judgment for purposes of**

**discovery should be granted almost as a matter of course [unless] the non-moving party has not diligently pursued discovery of the evidence.**" Id.

In the instant case, the plaintiffs simply have not had an opportunity to respond to the defendant's Motion for Summary Judgment which was filed on December 21, 2006 and which sets forth a prescription/preemption argument pursuant to provisions of La.R.S. 9:5606. Given the opportunity for further discovery, plaintiffs aver that they will be able to demonstrate the following:

Plaintiffs purchased their home in Lakeview in October 2003 for $285,000.00. In connection with that purchase, they borrowed the sum of $228,000.00 from their mortgage company. Despite the mortgage in the sum of $228,000.00, and despite MARTIN INSURANCE AGENCY, INC. knowing the amount of their mortgage, MARTIN INSURANCE AGENCY, INC. procured only $120,000.00 in homeowners coverage and $120,000.00 in flood coverage which, in each case situation, was more than $100,000.00 less than the mortgage on their property. These insurance limits were determined, solely, by MARTIN INSURANCE AGENCY, INC.

As for the defendant's contention that plaintiffs' claim has preempted, the initial acquisition of insurance was October 2, 2003 which was within the three year preemption period. As for the prescriptive arguments, plaintiffs will show that their suit, in the Civil District Court for the Parish of Orleans, was filed within one year of the loss to their property and, therefore, their errors and omissions claim against the defendant is not prescribed.

For the above and foregoing reason, plaintiffs respectfully pray that the defendant's Motion for Summary Judgment be continued to allow plaintiffs the

opportunity to pursue discovery and to supply the Court with affidavits in opposition to the Motion for Summary Judgment.

                Respectfully submitted,

                s/ Gary M. Pendergast
                GARY M. PENDERGAST
                Bar Roll No. 10420
                1515 Poydras Street, Suite 2260
                New Orleans, Louisiana 70112
                Telephone: (504) 523-0454
                Facsimile:  (504) 523-0464
                E-Mail:  GMPendergastLLC@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 16th day of January, 2007, served a copy of the foregoing on all counsel of record via CM/ECF System Notice of Electronic Filing.

s/ Gary M. Pendergast