UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER McKNIGHT** | * | **CIVIL ACTION: 06-7687** |
| **and SCOTT McKNIGHT** | * | |
| | * | **SECTION: "F"** |
| **VERSUS** | * | |
| | * | **JUDGE: FELDMAN** |
| **MARTIN INSURANCE AGENCY, INC.,** | * | |
| **LEXINGTON INSURANCE COMPANY, and** | * | **MAG. (4)** |
| **TRAVELERS INSURANCE COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, Martin Insurance Agency, Inc., respectfully submits this Reply Memorandum in response to Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment and request that this Court issue a judgment dismissing the claims of the plaintiffs, Christopher R. Schwartz and Susan Schwartz, against the Martin Insurance Agency, Inc. and Gemelle Martin Linzy because the plaintiffs' claims are perempted under La. R.S. §9:5606(A).

### FACTS

This case arises from damages suffered by the plaintiffs, Jennifer McKnight and Scott McKnight (hereinafter "plaintiffs" or "McKnight") on August 29, 2005 as a result of Hurricane Katrina, and the subsequent lawsuit filed on August 29, 2006 by McKnight against her insurers, Lexington Insurance Company (hereinafter "Lexington") and The Standard Fire Insurance Company (hereinafter "Standard"), and insurance agent, Martin Insurance Agency, Inc. (hereinafter defendant or "Martin"). The claims made against Martin stem from it acting as the

1

insurance agent for McKnight. Specifically, the plaintiffs allege that Martin failed to properly advise the plaintiffs[1] and failed to procure adequate insurance coverage.[2]

McKnight secured a homeowner's insurance policy (#LEO58239602) through Martin from Lexington on October 2, 2003.[3] In addition, the plaintiffs obtained a flood insurance policy (#6004815970) from Standard on October 2, 2003.[4] The policies were in effect from October 2, 2004 until October 2, 2005, which includes the date of loss of August 29, 2005.

The plaintiff's policies were secured in connection with the plaintiffs' purchase of their home, which was purchased on October 2, 2003.[5] The policies were originally purchased with coverage limits of $120,000.[6] The Evidence of Property Insurance was provided to the plaintiffs' mortgage company, Regions Bank d/b/a Regions Mortgage, and the title company that was involved in the closing, Winters Title Agency, Inc.[7] The Evidence of Property Insurance was provided to the title company to be provided to the plaintiffs at closing.[8]

## LAW & ARGUMENT

### A. The Plaintiffs' Motion To Continue Should Be Denied

The plaintiffs submitted a Motion to Continue the Motion for Summary Judgment on January 17, 2007, the date the hearing on the Motion for Summary Judgment was set for hearing. The plaintiffs reassert their arguments regarding their Motion to Continue in their Opposition to the Motion for Summary Judgment. Martin has filed an opposition to the plaintiffs' Motion to

---

[1] Pet. ¶ XXI and XXIII.
[2] Id.
[3] See Affidavit of Gemelle Linzy attached to Defendant's Motion for Summary Judgment as **Exhibit "A"**.
[4] See Affidavit of Gemelle Linzy attached to Defendant's Motion for Summary Judgment as **Exhibit "B"**.
[5] See Affidavit of Robert Saak, II attached hereto as **Exhibit "a"**.
[6] Id.
[7] Id. See also the Evidence of Property Insurance attached to the Affidavit of Robert Saak, II as **Exhibit "1"**.
[8] Id.

Continue for reasons more fully set forth in that opposition. The defendant also submits the following brief argument once again opposing the Motion to Continue.

Martin submitted its Motion for Summary Judgment on December 21, 2007, as well as a Notice of Hearing setting the hearing on the Motion for Summary Judgment for January 17, 2007. The plaintiffs had ample notice and a full 19 days within which to file their opposition. The plaintiffs, however, chose not to file a Motion to Continue or an Opposition until January 17, 2007, the date of the hearing.

The defendant submits that the plaintiffs had ample time to file an opposition to the Motion for Summary Judgment that was filed on December 21, 2006. In addition, the plaintiffs had several options available to them that would have allowed the plaintiffs to file within the legal time limits. Finally, the plaintiffs could have at least filed a Motion to Continue on or before the due date of their opposition instead of waiting until the day of the hearing to file both their Motion to Continue and their opposition. As such, Martin respectfully requests that this Honorable Court deny the plaintiffs Motion to Continue.

**B. The Plaintiffs Opposition To The Motion For Summary Judgment Should Not Be Considered.**

The plaintiffs did not file their opposition to the Motion for Summary Judgment until January 17, 2007, the date of the hearing on the motion. The plaintiffs' opposition was clearly not timely filed and should not be considered. The Motion for Summary Judgment should thus be considered as unopposed.

### C. Flood And Homeowner's Insurance Limits Of Less Than The Amount Of The Mortgage Does Not Necessarily Represent An Act Of Negligence.

In plaintiffs Opposition Memorandum, the plaintiffs point out that they will be able to show that, in connection with the purchase of their home, they obtained a mortgage of $228,000.00. They allege that Martin made the sole determination to obtain flood and homeowner's insurance coverage in the amount of $120,000.00 each, which is $108,000.00 less in both flood and homeowner's insurance than the amount of the mortgage.

Martin submits that the fact that Martin may have obtained flood and homeowner's insurance with limits less than the mortgage balance does not in itself represent any act of negligence. There is simply no direct correlation between the purchase price or mortgage balance on a home and the amount of insurance needed for the home. The amount of flood and/or homeowner's insurance generally purchased on a home is the amount necessary to replace the structure located on the property, whereas the purchase price and/or mortgage on a home is the amount necessary to purchase the property and the structures locate don the property. A parcel of property may not be insured under either flood or homeowner's to the purchase price or mortgage balance because the land, as opposed to the structure, is not damaged by flood, wind or fire.

### D. Martin Does Not Owe Plaintiffs The Duty To Advise Them To Purchase Insurance With Higher Limits.

In their Opposition Memorandum, the plaintiffs imply that Martin, their insurance agent, owes them a duty to advise them to purchase insurance with higher limits. Specifically, the plaintiffs imply that Martin had a duty to advise them to purchase insurance limits equal to their mortgage.

In Louisiana, the fiduciary duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested. Tomlinson v. St. Paul Fire Marine Ins. Co., 2006 WL 2632105, at *3 (E.D.La. Sep. 12, 2006); Ragas v. Tarleton, 2006 WL 2925448, at *3 (E.D.La. 2006); see also Graves v. State Farm Mut. Auto Ins. Co., 821 So.2d 769, 772 (La.App. 2002); Smith v. Millers Mut. Ins. Co., 419 So.2d 59, 64 (La.App. 1982); and Porter v. Utica Mut. Ins. Co., 357 So.2d 1234, 1238 (La.App. 1978). Procurement of insurance includes advising customers regarding recommended coverage and possible gaps in coverage, *see* Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co., 910 F.2d 224, 231 (5th Cir.1990), obtaining the right amount of coverage requested by the customer, *see* Karam v. St. Paul Fire & Marine Insurance, 281 So.2d 728 (La.1973), and promptly notifying of a failure to obtain coverage for the customer, *see* Cambre v. Travelers Indemnity Co., 404 So.2d 511, 516 (La.App. 1982).

There is no case "imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage." Davis v. Allstate, 2006 WL 2078243, at *10 (E.D. La. July 21, 2006); see also Frischhertz v. Lexington Ins. Co., 2006 WL 3228385, at * 5-6 (E.D. La. Nov. 3, 2006). In Parker v. Lexington Ins. Co., 2006 WL 3328041 (E.D. La. Nov. 15, 2006) the court held that "an agent had no duty to advise its client to purchase flood insurance with higher limits." Parker, 2006 WL 3328041, at * 9-10. In fact, the court in Motor Ins. Co., supra, noted that "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." Motor Ins. Co., 917 F.2d at 205.

In this case, the plaintiffs allege that Martin failed to properly advise the plaintiffs[9] and failed to procure adequate insurance coverage.[10] As is clear from the law stated above, Martin

---

[9] Pet. ¶ XXI and XXIII.

5

did not owe McKnight the duty to assess his needs and advise him that he did not have adequate insurance, and, as per the allegations of this case, to advise him to purchase insurance with higher limits. McKnight, however, did have a duty to assess his own insurance needs, to adequately advise Martin of his insurance needs, and to read the clear provisions of his policy. See Motor Ins. Co., 917 F.2d at 205. The plaintiffs were in the best position to know the value of their home and the limits of their policies, and had a duty to advise Martin of both. In fact, based on the plaintiffs own allegation in the opposition that they filed, they were well aware of the value of their home. Because a careful reading of the policy would have revealed the limits of their policy, the plaintiffs had actual or constructive notice of any alleged act or omission by Martin.

### E. McKnight's Claims Against Martin Are Preempted Under The One-Year Peremptive Period Set Out In La. R.S. §9:5606(A).

The plaintiffs argue that their claim is not prescribed because they filed their lawsuit within one year of the loss to their property. Martin, however, has not argued that the plaintiffs' claims are prescribed. Martin asserts that the plaintiffs' claims are preempted under La. R.S. §9:5606. According to La. R.S. §9:5606:

> "No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." La. R.S. §9:5606 (A).

The Louisiana courts have clarified that prescriptive and peremptive periods begin to run when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that

---

[10] Id.

6

he or she is the victim of a tort.  See <u>Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds</u>, 909 So.2d 619, 623 (La.App. 3 Cir. May 04, 2005) (citing <u>Campo v. Correa</u>, 828 So.2d 502 (La. 2002)).  In <u>Campo</u> the Louisiana Supreme Court stated that "constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry."  <u>Campo</u>, 828 So.2d at 510.  In other words, any information or knowledge that ought to excite the attention of the alleged victim and put her on guard is sufficient to start the running of prescription.  <u>Id.</u>

Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  <u>Id.</u>; see also <u>Motors Ins. Co. v. Bud's Boat Rental</u>, 917 F.2d 199, 205 (5th Cir.1990) ("The [insured] is himself considered responsible for . . . reading the clear provisions of the insurance policy."); <u>Fidelity Homestead Ass'n v. Hanover Ins. Co.</u>, 2006 WL 2873562, at *3 (E.D.La. 2006); <u>Stephens v. Audubon Ins. Co.</u>, 665 So.2d 683, 658 (La. App. 2 Cir. 1995) (citing <u>Matthews v. Business Men's Assur. Co. of America</u>, 478 So.2d 634, 637 (La.App. 2 Cir. 1985)); <u>Perkins v. Shelter Ins. Co.</u>, 540 So.2d 488 (La.App. 1 Cir. 1989); <u>Kieran v. Commercial Union Ins. Co.</u>, 271 So.2d 889, 892 (La. App. 4 Cir. 1973) ("We find no negligence or fault on the part of [the agent].  On the contrary, the fault, if any, was on the [insured's] part . . . in not reading the clear provisions of [the] policy.").

The salient issue is when the plaintiffs knew or should have known that the policies did not provide the necessary coverage.  See <u>Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds</u>, 909 So.2d 619, 623 (La.App. 3 Cir. 2005).  The policies in this case were originally issued to the plaintiffs on October 2, 2003.  The plaintiffs do not dispute that they were provided with copies of the policies.  The plaintiffs were responsible for reading their policies and are presumed to know their provisions.  See <u>Dobson v. Allstate Ins. Co.</u>, 2006 WL 2078423, at *9

7

(E.D.La. Jul 21, 2006). In addition, the plaintiffs knew the amount of their mortgage, as is evident in their Opposition Memorandum.[11] The plaintiffs would, therefore, have had actual or constructive notice that their coverage was allegedly inadequate or not as they requested on October 2, 2003, the date the policies were issued.

The claims against Martin are perempted under the one-year peremptive period set out in La. R.S. §9:5606(A), which provides that suit must be filed "within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." Because a careful reading of the policy expressly reveals any alleged error or omission by Martin, the plaintiff had actual or constructive notice of any alleged error or omission committed by Martin on October 2, 2003, the date the policies were issued and the date the plaintiffs are presumed to have read the policies and known their provisions. As a result, plaintiffs had one year from the October 2, 2003 issuance of the policy to file suit and avoid the one-year peremptive period but did not file until August 29, 2006; therefore, the plaintiffs' claims against Martin are perempted under La. R.S. §9:5606.

## **CONCLUSION**

The Motion to Continue filed by the plaintiffs should be denied because the plaintiffs had plenty of time to either file a Motion to Continue or an Opposition to the defendant's Motion for Summary Judgment by the legal deadline of January 9, 2007. The plaintiffs, however, chose not to file either document until the date of the hearing, January 17, 2007. As a result, the Opposition filed by the plaintiffs should not be considered and the Motion for Summary Judgment should be considered as unopposed.

---

[11] See Plf.'s Opp'n Mem at ¶ 8.

G:\DOCS\9000's\9800-9899\9836\Reply Memo.peremption.aac.doc

The claims against Martin are perempted under the one-year peremptive period set out in La. R.S. §9:5606 because Martin's alleged misconduct in this case occurred when the polices were originally issued on October 2, 2003, which is when the peremptive period began to run. The Petition for Damages, however, was not filed until August 29, 2006, well beyond the one-year peremptive period. Finally, Martin, as an insurance agent, did not owe the plaintiffs a duty to advise them that they did not have adequate insurance, or to advise them to purchase flood or homeowner's insurance with higher limits.

| **CERTIFICATE OF SERVICE** | **Respectfully submitted:** |
|---|---|
| I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following: Gary M. Pendergast, John E. Baay, II, Robert I. Siegel, William A. Barousse, Gary J. Russo, Camille B. Poche, and Douglas C. Longman, Jr. | **UNGARINO & ECKERT, LLC** |
| /s/ Stephen M. Gelé<br>UNGARINO & ECKERT, LLC<br>3850 N. Causeway Blvd., Suite 1280<br>Metairie, LA 70002<br>Telephone: (504) 836-7537<br>Fax: (504) 836-7538<br>sgele@ungarino-eckert.com | **/s/ Stephen M. Gelé**<br>**MATTHEW J. UNGARINO#15061**<br>**STEPHEN M. GELÉ #22385 *(T.A.)***<br>**Suite 1280 Lakeway Two**<br>**3850 North Causeway Boulevard**<br>**Metairie, Louisiana  70002**<br>**Telephone:    (504) 836-7537**<br>**Fax:             (504) 836-7538**<br>**sgele@ungarino-eckert.com** |

G:\DOCS\9000's\9800-9899\9836\Reply Memo.peremption.aac.doc