

# U.S. Department of Justice

Civil Division, Torts Branch
Federal Tort Claims Act Staff

James F. McConnon
Trial Attorney

Post Office Box 888, Benjamin Franklin Station
Washington, D.C. 20044

Telephone: (202) 353-7004
Facsimile: (202) 616-5200

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 FEB -6 PM 1:10
LORETTA G. WHYTE
CLERK

RECEIVED
FEB 2 2007
CHAMBERS OF
U.S. MAGISTRATE JUDGE
JOSEPH C. WILKINSON, JR.

PJP:JFMcConnon
157-0-272

February 2, 2007

**VIA FACSIMILE**
Honorable Joseph C. Wilkinson, Jr.
B409 Hale Boggs Federal Bldg.
500 Poydras Street
New Orleans, LA 70130

Re: **In Re Katrina Canal Breaches Litigation Civil Action No. 05-4182 (All Cases)**

Dear Judge Wilkinson:

This letter is submitted pursuant to the Court's instruction on the record on February 1, 2007, to reflect the Superseding 17th Street Protocol adopted in open Court.

The Superseding 17th Street Protocol adopted by the Court incorporated a change to paragraph 2, requested by counsel for Boh Brothers, requiring that visitors to the site report to a representative of the Corps rather than to the Boh Brothers project superintendent. Specifically, the relevant language in paragraph 2 now reads as follows: "The designated visitors shall report to the Corps' on-site representative or his designee prior to entering the site." For clarity and consistency in the Superseding Protocol, this change necessitated the following additional changes:

- Because visitors will report to a representative of the Corps rather than to Boh Brothers, "Boh Brothers" was changed to "the Corps" in the third sentence of paragraph 2, which now reads: "The Corps shall have the right to bar all visitors if these limits are exceeded."

- Because the reference to the Boh Brothers project superintendent was removed from paragraph 2, it also was deleted from the last sentence of paragraph 4, which now reads: "All parties are permitted to inspect, view, photograph, videotape, or otherwise record the material and operations insofar as is feasible consistent with the safety restrictions imposed on the visitors."

- The reference to the Boh Brothers project superintendent also was removed from the first sentence of paragraph 5, which now reads: "In the event that liaison

___ Fee
___ Process
X  Dktd
✓  CtRmDep
___ Doc. No

counsel desire greater access than they or their representatives are being afforded, inquiries shall be directed to counsel for Boh Bros. and the United States."

The Superseding 17th Street Protocol is enclosed.

Sincerely,

James F. McConnon, Jr.
Trial Attorney
Civil Division, Torts Branch

Enclosure

cc: (Via email)
Hugh Lambert
Joe Bruno
Ralph Hubbard
Michael Riess

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION § § § § | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| § | |
| PERTAINS TO: ALL CASES § § | |

## Superseding 17th Street Protocol

This Protocol is intended to allow litigation counsel and other representatives of litigants an opportunity to inspect and preserve evidence without imposing substantial costs or delays upon the repair work:

1. After each workday at the site, Boh Brothers will send a report the next business day via e-mail to Robin Smith, Traci Colquette, Kara Miller, and James McConnon as counsel for the United States. Counsel for the United States will send the report on or about 1:00 p.m. CT that same day to interested parties, who request notification. The report will briefly describe the work performed during the workday. The report will also, on a best efforts basis only, identify what excavation, demolition, or removal work is expected to occur during the next three to five days.

2. If liaison counsel or their representatives wish to visit the site, liaison counsel must notify by e-mail Robin Smith, Traci Colquette, Kara Miller, and James McConnon of the identity of those individuals no later than 4:00 p.m. CT on the day before the visit, specifying the time of arrival so that the Corps can have a representative escort the visitors during the site visit. Plaintiffs and Defendants are each permitted to have no more than eight attorneys or other representatives on site. The Corps shall have the right to bar all visitors if these limits are exceeded. The designated visitors shall report to the Corps on-site representative or his designee prior to entering the site. No unauthorized and/or unannounced visits will be permitted, and visitors are prohibited from conversing with site personnel other than their Corps escort. Visitors

1

must have the necessary personal protective equipment, i.e., standard issue hard hat, steel-toed shoes, safety vests, and eye protection.

    3. If any party seeks preservation of materials from the construction site, counsel must communicate a request for preservation of the materials to counsel for the United States and Boh Bros. At its option and expense, the United States may elect to maintain custody of those materials and to preserve them under chain-of-custody procedures that provide the litigants with an opportunity to inspect and test them. But if the United States elects not to maintain custody of the materials, then the party or parties who desire their preservation shall make satisfactory arrangements with the United States to obtain these materials. The cost of obtaining (including, but not limited to, extricating, excavating, labeling, loading, and transporting) and storing the materials shall be borne entirely by the parties advocating preservation, not by the United States or Boh Bros. The parties who obtain the materials are also responsible for maintaining an evidentiary chain-of-custody. The United States reserves the right to retain and test similar or duplicate samples of all materials obtained by the parties.

    4. Liaison counsel and their representatives expressly acknowledge and agree that Boh Bros. and the Corps shall be in sole control of on-site activities (including the designation of safe areas within which visitors must remain while on site). All parties are permitted to inspect, view, photograph, videotape, or otherwise record the material and operations insofar as is feasible consistent with the safety restrictions imposed on the visitors.

    5. In the event that liaison counsel desire greater access than they or their representatives are being afforded, inquiries shall be directed to counsel for Boh Bros. and the United States. Failing an agreement concerning requested access, liaison counsel may file an appropriate motion with the Court to obtain relief. Correspondingly, counsel for Boh Bros. and the United States reserve the right to file a motion for protective order to enforce this Protocol or obtain relief from it.