UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA RELATED<br>ST. RITA'S NURSING HOME | CIVIL ACTION<br><br>NO 07-0269 "K" (2)<br><br>JUDGE DUVAL |
| SANDRA LOPEZ, INDIVIDUALLY<br>AND ON BEHALF OF HER MOTHER,<br>JANET MARIE PARKER, DECEASED | MAGISTRATE JUDGE<br>WILKINSON |
| VS. | |
| SALVADOR A. MANGANO, MABEL B.<br>MANGANO, MANGUEST, INC.,<br>MANGANO CONSULTANTS, INC.,<br>MANGANO MANAGEMENT, INC.,<br>MANACA, INC., BUFFMAN, INC., THE<br>MANGANO CORPORATION, ABC<br>INSURANCE COMPANY AND ST.<br>RITA'S NURSING HOME, | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

MAY IT PLEASE THE COURT,

On August 28, 2006, Sandra Lopez filed a Petition for Damages against Buffman, Inc. and other defendants d/b/a St. Rita's Nursing Home ("St. Rita's") alleging that St. Rita's negligently failed to evacuate Janet Marie Parker from St. Rita's Nursing Home prior to the landfall of Hurricane Katrina on August 29, 2005. The original petition contained four counts and leave was granted to amend the petition to add one count to supplement claims of medical malpractice. All five counts in these petitions allege liability for negligence under Louisiana tort law, the Louisiana Nursing Home Bill of Rights, the Louisiana Direct Action Statute, the Louisiana Civil Code, and the Louisiana Medical Malpractice Act. No claim under federal law is alleged in the petition, no federal

issue is raised, and no federal issue needs to be decided to establish the Defendants' liability under the causes of action alleged in the Petitions for Damages.

Original jurisdiction is absolutely essential to the maintenance of an action in federal court. <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 693 (5th Cir. 1995). This Court has no jurisdiction over the claims of the plaintiff's causes of action for wrongful death, survival and medical malpractice under Louisiana tort and contract law. The parties are non-diverse and the matter regards no federal question. Therefore, there is no subject matter jurisdiction over the claims brought by plaintiff Sandra Lopez.

Since there is no basis for removal and inasmuch as this Court lacks subject matter jurisdiction, the mandatory statutory provisions of 28 U.S.C § 1447 (c) compel this Honorable Court to remand. 28 U.S.C. § 1447 (c) provides:

> "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under sections 1446 (a). If at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....."

However, the third party demand filed by third-party plaintiffs, Buffman, Inc. d/b/a/ St. Rita's Nursing Home Facility, Mabel Mangano and Salvador Mangano (Third-Party Plaintiffs"), alleges claims against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and may suffice to grant this Court review of the case pursuant to 28 U.S.C. § 1346(b)(1). A brief review of the third party demand shows that the allegations are merely calculated to divest the state court of jurisdiction by improperly and fraudulently joining the United States as a party to invoke federal question jurisdiction in the plaintiff's case.

In <u>Delgado v. Shell Oil Co</u>., 231 F.3d 165, 178 (5th Cir., 2000), the Fifth Circuit held that 28 U.S.C. § 1359 prohibits federal jurisdiction "in a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Judge DeMoss wrote that "Section 1359 is designed to prevent the litigation of claims in federal court by suitors who by sham, pretense, or other fiction acquire a spurious status that would allow them to invoke the limited jurisdiction of the federal courts. . . Its purpose is 'to prevent the manipulation of jurisdictional facts where none existed before.'" Id., citing <u>Nolan v. Boeing Co.</u>, 919 F.2d 1058, 1067 (5th Cir. 1990) (citation in original).

According to Judge DeMoss' opinion in <u>Delgado</u>, 231 F.3d at 179, to establish fraudulent joinder, the party crying foul must show that there is no reasonable probability of recovery against the joined party or that there has been outright fraud in the pleadings of jurisdictional facts, citing <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981). If there is no arguably reasonable basis for believing that liability may be established against the joined party, then remand is appropriate. Id., citing 663 F.2d at 550.

Here, there is no reasonable expectation of recovery by any party against the United States under the Federal Tort Claims Act. The type of but-for causation alleged against the United States (that the government negligently maintained the gulf outlet) is so tenuous as to subject the third party demand to allegations of bad faith in the filing of the pleading and sanctions. Suffice it to say that if the United States has no nexus to the plaintiff's claims, the third party claims alleged should be dismissed as against the United States as requested in the motion to dismiss third party demand filed by the United States.

There is no lawful cause to establish fault against the United States for nursing home negligence where the only essential claim against the United States is that the United States Army Corps of Engineers constructed the Mississippi River Gulf Outlet and breached a duty of reasonable care in maintaining the structure.

Review of the plaintiff's petition for damages states that on August 27, 2005, an evacuation had been ordered by parish officials and that the defendants did not take any action to evacuate the nursing home.  Therefore, the failure of the United States to maintain the Mississippi River Gulf Outlet was not a cause in fact of Janet Marie Parker's death. The third party demand is fraudulent and if there were such a claim that existed, the lawsuit could have been brought independently of this lawsuit.  Indeed, defendants / third party plaintiffs have no facts that they can adduce as evidence and proof such that the United States could be found liable for the malpractice that was committed in the management of St. Rita's nursing home.  The demand is spurious and calculated to retard the plaintiff's case in chief.

Finally, plaintiff incorporates by reference the memorandum of the United States of America in support of its motion to dismiss third party demand as if plead herein *in extenso*.  The United States contends that under the doctrine of derivative jurisdiction, neither the state court nor the removing court have jurisdiction over the claims pursuant to the Federal Tort Claims Act where the action is removed pursuant to 28 U.S.C. § 1442(a)(1), citing Arizona v. Manypenny, 451 U.S. 232, 242043, n.17 (1981), Smith v. Cromer, 159 F.3d 75, 879 (4th Cir. 1998), and Edwards v. United States Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994).  The St. Rita defendants must show cause why the United States should not be dismissed and why the case should not be remanded.

WHEREFORE, for the reasons assigned, plaintiff Sandra Lopez respectfully requests that the claims be remanded to the 34th Judicial District Court for the Parish of St. Bernard.

> Respectfully Submitted:
>
> Damon A. Kirin, LSBA 24729
> Robert J. Diliberto, LSBA 24783
> DILIBERTO & KIRIN, L.L.C.
> 3636 S. I 10 Service Rd., W.
> Suite 210
> Metairie, LA 70001
> Telephone (504) 828 1600
> Facsimile (504) 828 1555
> Counsel for Sandra Lopez
>
> **/s/ Crawford A. Rose**
> Crawford A. Rose, III, LSBA 26717
> Attorney at Law
> 3636 S. I 10 Service Rd., W.
> Suite 210
> Metairie, LA 70001
> Telephone (504) 828 1600
> Facsimile (504) 828 1555
> Counsel for Sandra Lopez

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion to Remand, Memorandum in Support, Order and Notice of Hearing has been forwarded to all counsel of record by ECF and by depositing a copy of the same in the United States mail, property addressed, and first class postage prepaid, on this 1st day of February, 2007.

> /s/ Crawford A. Rose, III