UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 |
| | * | |
| | * | SECTION "K" (2) |
| | * | |
| PERTAINS TO:    INSURANCE | * | JUDGE DUVAL |
| Lillian Kirsch vs. Homesite Insurance Company | * | |
| C.A. NO. 06-4704 | * | |
| ****************************************** | | MAG. WILKINSON |

**HOMESITE INSURANCE COMPANY'S ANSWER TO COMPLAINT
AND REQUEST FOR JURY TRIAL**

Defendant, Homesite Insurance Company (Homesite), answers plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a right of action for which relief may be granted.

**THIRD DEFENSE**

Homesite, in response to each specific paragraph in plaintiff's Complaint avers as follows:

## PARTIES

### I.

Homesite denies the allegations contained in paragraph 1 for lack of sufficient information, except to admit that Homesite issued a policy of insurance to Lillian Kirsch, policy No. 30183636, and that the insured premises is located at 6227 General Diaz Street, New Orleans, Louisiana 70124-3055.

### II.

Homesite denies the allegations contained in paragraph 2 for lack of sufficient information, except to admit that Homesite is a foreign insurer with its principle place of business in Massachusetts. Homesite also admits that it issued of policy of insurance to Lillian Kirsch and that it may be served through the Secretary of State.

## INTRODUCTION

### III.

Homesite denies the allegations contained in paragraph 3 for lack of sufficient information, except to admit that plaintiff sustained some damage due to Hurricane Katrina.

### IV.

Homesite denies the allegations contained in paragraph 4.

### V.

Homesite denies the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

### VI.

Homesite submits that the allegations contained in paragraph 6 call for legal conclusions and do not require an answer. To the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information.

### VII.

Homesite submits that the allegations contained in paragraph 7 call for legal conclusions and do not require an answer. To the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information.

### VIII.

Homesite submits that the allegations contained in paragraph 8 call for legal conclusions and do not require an answer. To the extent that an answer is deemed necessary, the allegations are denied for lack of sufficient information.

## FACTUAL BACKGROUND

### IX.

Homesite denies the allegations contained in paragraph 9 for lack of sufficient information.

### X.

Homesite admits that it issued a policy of insurance to plaintiff. Any remaining allegations contained in paragraph 10 are denied for lack of sufficient information.

### XI.

Homesite denies allegations contained in paragraph 11 for lack of sufficient information.

**XII.**

Homesite denies allegations contained in paragraph 12 for lack of sufficient information.

**XIII.**

Homesite submits that the allegations contained in paragraph 13 call for legal conclusions and do not require an answer. Further, any policy issued is a written document and, as such, is the best evidence of its term, conditions and exclusions. To the extent an answer is deemed necessary, the allegations contained in paragraph 13 are denied.

**XIV.**

Homesite denies the allegations contained in paragraph 14 for lack of sufficient information.

**XV.**

Homesite denies any allegations that it in any way misrepresented the terms, conditions and/or coverages afforded under its policy. Any remaining allegations are denied for lack of sufficient information.

**XVI.**

Homesite denies the allegations contained in paragraph 16 for lack of sufficient information.

**XVII.**

Homesite denies the allegations contained in paragraph 17 for lack of sufficient information, except to admit that flood insurance policies are issued under the National Flood Insurance Program (NFIP).

**XVIII.**

Homesite denies allegations contained in paragraph 18 for lack of sufficient information.

XIX.

Homesite denies the allegations contained in paragraph 19.

XX.

Homesite denies allegations contained in paragraph 20 for lack of sufficient information, except to specifically deny any allegations that Homesite in any way mislead or misinformed plaintiff and/or that it in any way misrepresented the terms, conditions and/or coverages afforded under its policy.

XXI.

Homesite denies the allegations contained in paragraph 21 for lack of sufficient information.

XXII.

Homesite denies the allegations contained in paragraph 22 for lack of sufficient information, except to admit that on or about August 29, 2005, Hurricane Katrina made landfall.

XXIII.

Homesite denies allegations contained in paragraph 23 for lack of sufficient information.

XXIV.

Homesite denies the allegations contained in paragraph 24 for lack of sufficient information..

XXV.

Homesite denies the allegations in paragraph 25 for lack of sufficient information.

XXVI.

Homesite denies the allegations in paragraph 26 for lack of sufficient information, except to admit that plaintiff sustained some damage.

### XXVII.

Homesite denies the allegations in paragraph 27 for lack of sufficient information.

### XXVIII.

Homesite denies the allegations in paragraph 28 for lack of sufficient information.

### XXIX.

Homesite denies the allegations in paragraph 29 for lack of sufficient information.

### XXX.

Homesite denies the allegations in paragraph 30 for lack of sufficient information.

### XXXI.

Homesite denies the allegations in paragraph 31 for lack of sufficient information

### XXXII.

Homesite denies the allegations in paragraph 32 for lack of sufficient information.

### COUNT I - DECLARATORY JUDGMENT

### XXXIII.

Homesite submits that the allegations contained in paragraph 33 do not require an answer. To the extent an answer is deemed necessary, Homesite repeats and re-alleges its previous responses.

### XXXIV.

Homesite denies the allegations contained in paragraph 34.

### XXXV.

Homesite denies the allegations contained in paragraph 35 for lack of sufficient information.

**XXXVI.**

Homesite denies the allegations contained in paragraph 36 for lack of sufficient information, except to specifically deny that any losses caused by flooding are covered under Homesite's policy.

**XXXVII.**

Homesite denies the allegations contained in paragraph 37 for lack of sufficient information.

**XXXVIII.**

Homesite denies the allegations contained in paragraph 38 for lack of sufficient information, except to specifically deny that indemnification is owed for any losses caused by flooding.

**XXXIX.**

Homesite denies the allegations contained in paragraph 39 for lack of sufficient information, except to specifically deny any allegations that it failed to indemnify plaintiff in accordance with the terms, conditions, and exclusions contained in Homesite's policy.

**XL**.

Homesite denies the allegations contained in paragraph 40.

**XLI**.

Homesite denies the allegations contained in paragraph 41 for lack of sufficient information, except to specifically deny any allegations that losses caused by flooding are covered under Homesite's policy.

## XLII.

Homesite denies the allegations contained in paragraph 42.

## XLIII.

Homesite denies the allegations contained in paragraph 43.

## XLIV.

Homesite denies the allegations contained in paragraph 44.

## XLV.

Homesite denies the allegations contained in paragraph 45 for lack of sufficient information, except to specifically deny any allegations that Homesite failed to pay any amounts due under the terms and conditions of Homesite's policy.

## XLVI.

Homesite denies the allegations contained in paragraph 46 for lack of sufficient information, except to specifically deny any allegations the Homesite is liable and/or responsible for plaintiff's inability to remedy her alleged damages.

## COUNT II – BREACH OF CONTRACT

## XLVII.

Homesite submits that the allegations contained in paragraph 47 do not require an answer. To the extent an answer is deemed necessary, Homesite repeats and re-alleges its previous responses.

## XLVIII.

Homesite denies the allegations contained in paragraph 48 for lack of sufficient information, except to admit that coverage is afforded to plaintiff in accordance with the terms, conditions and exclusions contained in Homesite's policy, which is the best evidence of its contents.

## XLIX.

Homesite denies the allegations contained in paragraph 49 for lack of sufficient information.

## L.

Homesite denies the allegations contained in paragraph 50 for lack of sufficient information, except to specifically deny any allegations that Homesite failed to meet its obligations under its policy and/or that it failed to pay in accordance with the terms, conditions and exclusions contained in its policy

## LI.

Homesite denies the allegations contained in paragraph 51.

## COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## LII.

Homesite submits that the allegations contained in paragraph 52 do not require an answer. To the extent an answer is deemed necessary, Homesite repeats and re-alleges its previous responses

**LIII.**

Homesite denies the allegations contained in paragraph 53 for lack of sufficient information, except to specifically deny any allegations that Homesite owes indemnification for any losses caused by flooding.

**LIV.**

Homesite denies the allegations contained in paragraph 54.

**LV.**

Homesite denies the allegations contained in paragraph 55 for lack of sufficient information, except to specifically deny any allegations that Homesite failed to provide coverage in accordance with the terms, conditions and exclusions contained in its policy.

**LVI.**

Homesite denies the allegations contained in paragraph 56.

**LVII.**

Homesite denies the allegations contained in paragraph 57.

**LVIII.**

Homesite denies the allegations contained in paragraph 58.

**LIX.**

Homesite denies the allegations contained in paragraph 59.

**LX.**

Homesite denies the allegations contained in paragraph 60.

**COUNT IV – BREACH OF LA. REV. STAT. ANN. § 22:1220**

**LXI.**

Homesite submits that the allegations contained in paragraph 61 do not require an answer. To the extent an answer is deemed necessary, Homesite repeats and re-alleges its previous responses.

**LXII.**

Homesite submits that the allegations contained in paragraph 62 do not require an answer. To the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information.

**LXIII.**

Homesite submits that the allegations contained in paragraph 63 do not require an answer. To the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information.

**LXIV.**

Homesite denies the allegations contained in paragraph 64.

**LXV.**

Homesite denies the allegations contained in paragraph 65.

**LXVI.**

Homesite denies the allegations contained in paragraph 66 for lack of sufficient information, except to specifically deny any allegations that it failed to provide coverage in accordance with the terms, conditions and exclusions contained in its policy.

### LXVII.

Homesite denies the allegations contained in paragraph 67.

### LXVIII.

Homesite denies the allegations contained in paragraph 68.

### LXIX.

Homesite denies the allegations contained in paragraph 69.

### FOURTH DEFENSE

Homesite gives notice that it intends to rely on such other defenses as they become available by law or during the discovery proceedings of this case and reserves its right to amend its answer to assert such defenses.

### FIFTH DEFENSE

Homesite pleads all statutory and regulatory provisions applicable to the allegations in plaintiff's Complaint.

### SIXTH DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by the fault, breach of duty, breach of contract, negligence, and/or intentional acts on the part of plaintiff.

### SEVENTH DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by the fault, breach of duty, breach of contract, negligence, and/or intentional acts of other individuals, entities, parties, and/or third parties for whom Homesite is not liable or responsible.

**EIGHTH DEFENSE**

Liability of Homesite, if any, is dependant solely upon a policy of insurance which, as a written document, is the best evidence of its terms, conditions, provisions and exclusions. Homesite pleads such terms, conditions, provisions and exclusions as if copied herein *in extenso*.

**NINTH**

Specifically, and without waiving any defense, claim or other exclusion, term, condition or provision of the policy at issue herein, Homesite pleads "the limited fungi, wet or dry rot, or bacteria coverage" exclusion and the "water damage" exclusion.

**TENTH DEFENSE**

To the extent plaintiff failed to mitigate/or reasonably avoid the consequences of the alleged damages, any recovery from Homesite must be reduced by that amount.

**ELEVENTH DEFENSE**

Homesite has not acted in bad faith. At all times Homesite acted reasonably and in accordance with the terms and provisions of the policy issued to plaintiff. Accordingly, no penalties or attorney fees are owed.

**TWELFTH DEFENSE**

Homesite is entitled to a credit for any and all amounts of damage or payments made or tendered to plaintiff arising out of the alleged loss.

## JURY DEMAND

Homesite is entitled to and hereby demands a trial by jury on plaintiff's claims.

**WHEREFORE**, Homesite Insurance Company, prays that its answer be deemed good and sufficient, and after due proceedings, there be a judgment in Homesite's favor and against plaintiff, dismissing plaintiff's demands with prejudice and at her cost, and for all of the legal and equitable relief to which Homesite is entitled.

**Respectfully submitted:**

 **/S/ KERRIE T. BELSOME**
**ROBERT E. KERRIGAN, Jr. (7350)**
**KERRIE T. BELSOME (28246)**
**DEUTSCH, KERRIGAN & STILES**
**755 Magazine Street**
**New Orleans, LA 70130**
**Telephone: (504) 523-2111**
**Fax: (504) 566-1201**
**ATTORNEYS FOR HOMESITE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Homesite Insurance Company's Answer to Complaint for Damages and Request for Jury Trial has been served on counsel for all parties by either facsimile, hand delivery, electronic mail or U.S. Mail, properly addressed and postage prepaid, on this 8th day of February, 2007.

/s/ Kerrie T. Belsome

#363903v1<DKS> -Answer.Kirsch