UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL | * | CIVIL ACTION NO. 05-4182<br>PERTAINS TO 06-5786 |
| VERSUS | * | DIVISION " K "<br>JUDGE DUVAL |
| DEPARTMENT OF TRANSPORTATION<br>AND DEVELOPMENT, ET AL | *<br><br>* | MAGISTRATE ( 2 )<br>JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES

**NOW INTO COURT,** through undersigned counsel comes defendant, Marlin N. Gusman, Criminal Sheriff of Orleans Parish, who answers petitioners' Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

## THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

## FOURTH DEFENSE

Defendant categorically paragraph by paragraph alleges and avers as follows:

**I.**

Defendant denies the allegations contained in Paragraph I of the complaint for lack of

sufficient information upon which to justify a belief therein.

## II.

Defendant denies the allegations contained in Paragraph II of the complaint.

## III.

Defendant admits the allegations contained in Paragraph III of the complaint as it pertains to his status but denies all others contained therein.

## IV.

Defendant denies the allegations contained in Paragraph IV of the complaint.

## V.

Defendant denies the allegations contained in Paragraph V of the complaint.

## VI.

Defendant denies the allegations contained in Paragraph VI of the complaint.

## VII.

Defendant denies the allegations contained in Paragraph VII of the complaint.

## VIII.

Defendant denies the allegations contained in Paragraph VIII of the complaint for lack of sufficient information upon which to justify a belief therein.

## IX.

Defendant denies the allegations contained in Paragraph IX of the complaint for lack of sufficient information upon which to justify a belief therein.

## X.

Defendant denies the allegations contained in Paragraph X of the complaint for lack of

sufficient information upon which to justify a belief therein.

## XI.

Defendant denies the allegations contained in Paragraph XI of the Complaint for lack of sufficient information upon which to justify a belief therein.

## XII.

Defendant denies the allegations contained in Paragraph XII of the complaint for lack of sufficient information upon which to justify a belief therein.

## XIII.

Defendant denies the allegations contained in Paragraph XIII of the complaint for lack of sufficient information upon which to justify a belief therein.

## XIV.

Defendant denies the allegations contained in Paragraph XIV of the complaint for lack of sufficient information upon which to justify a belief therein.

## XV.

Defendant denies the allegations contained in Paragraph XV of the complaint for lack of sufficient information upon which to justify a belief therein.

## XVI.

Defendant denies the allegations contained in Paragraph XVI of the complaint for lack of sufficient information upon which to justify a belief therein.

## XVII.

Defendant denies the allegations contained in Paragraph XVII of the Complaint.

**XVIII.**

Defendant denies the allegations contained in Paragraph XVIII of the complaint for lack of sufficient information upon which to justify a belief therein.

**XIX.**

Defendant denies the allegations contained in Paragraph XIX of the complaint.

**XX.**

Defendant denies the allegations contained in Paragraph XX of the complaint.

**XXI.**

Defendant denies the allegations contained in Paragraph XXI of the complaint.

**XXII**

Defendant denies the allegations contained in Paragraph XXII of the complaint.

**XXIII.**

Defendant denies the allegations contained in Paragraph XXIII of the complaint for lack of sufficient information upon which to justify a belief therein.

**XXIV.**

Defendant denies the allegations contained in Paragraph XXIV of the Complaint.

**XXV.**

Defendant denies the allegations contained in Paragraph XXV of the Complaint.

**XXVI.**

Defendant denies the allegations contained in Paragraph XXVI of the Complaint.

**XXVII.**

Defendant denies the allegations contained in Paragraph XXVII of the Complaint.

### XXVIII.

Defendant denies the allegations contained in Paragraph XXVIII of the Complaint.

### **FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the petitioner in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

### **SIXTH DEFENSE**

Defendant herein pleads that any action taken by him was done in good faith and with probable cause, without malice and under laws believed to be constitutional.

### **SEVENTH DEFENSE**

That the petitioner by virtue of his own actions and conduct was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

### **EIGHTH DEFENSE**

Defendant avers that at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

### **NINTH DEFENSE**

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of his official duties.

### **TENTH DEFENSE**

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S.

13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

## ELEVENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, petitioner failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

## TWELFTH DEFENSE

Defendant herein pleads that to the extent that any acts or omissions of the defendant were a cause of the plaintiffs' injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendant is immune from liability under La. R.S. 9:2798.1.

## THIRTEENTH DEFENSE

Defendant specifically alleges that the plaintiffs have not met and cannot meet the prerequisites to a class action as outlined in F.R.C.P. 23(a).

## FOURTEENTH DEFENSE

Defendant specifically alleges that this action is not maintainable as a class action under F.R.C.P. 23(b)(1), (2), or (3).

## FIFTEENTH DEFENSE

Defendant herein pleads that plaintiffs do not allege in their complaint that they meet the standards necessary for a class action lawsuit.

**WHEREFORE,** defendant prays that this answer be deemed good and sufficient and after due proceedings, there be judgment herein, dismissing petitioners' Complaint with prejudice, at their costs and for all other general and equitable relief.

Respectfully submitted,

**USRY, WEEKS & MATTHEWS**

By: s/Freeman R. Matthews
    FREEMAN R. MATTHEWS, (LSBN 9050)
    TIMOTHY R. RICHARDSON, (LSBN 27625)
    1615 Poydras Street, Suite 1250
    New Orleans, Louisiana 70112
    Tel: (504) 592-4600 Fax: (504) 592-4641
    Attorneys for Defendant Marlin N. Gusman
    UW&M No. 06-494-04-F-1-037

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8th day of February, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiffs, through counsel Ashton R. O'Dwyer, Jr., by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

                              s/ Freeman R. Matthews