UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| | * | CIVIL ACTION NO. 05-4182 |
| | * | |
| | * | |
| | * | JUDGE: STANWOOD R. DUVAL, JR. |
| | * | |
| LEVEE CASES | * | |
| PERTAINS TO: 06-4945 (J. Smith) | * | MAG: JOSEPH C. WILKINSON, JR. |
| | * | |
| | * | |

## DEFENDANT, FIDELITY NATIONAL INSURANCE COMPANY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant, FIDELITY NATIONAL INSURANCE COMPANY, ("FNIC"), a Write-Your-Owner ("WYO") Program Carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in

---

[1] 42 U.S.C. §4001, *et seq*.

its "fiduciary"[2] capacity as the " fiscal agent of the United States,"[3] and files the following Answer and Affirmative Defenses.  FNIC respectfully avers as follows:

## FIRST DEFENSE–NO CAUSE OF ACTION

Plaintiff's Complaint fails to state a claim for which this Honorable court may grant relief. Defendant reserves the right to assert all motions and issues covered by F.R.C.P. Rule 12.  Therefore, Plaintiff has no cause of action and no right of action as to Defendant.

## SECOND DEFENSE- INDIVIDUAL PARAGRAPHS

AND NOW, in response to the specific allegations of the Plaintiff's Amended Complaint, FNIC responds as follows:

1.

The allegations contained in Paragraph I(12a) of Plaintiff's Amended Complaint are denied for lack of sufficient information or knowledge to justify a belief herein.

2.

The allegations contained in Paragraph I(12b) of Plaintiff's Amended Complaint are denied for lack of sufficient information or knowledge to justify a belief herein.

3.

The allegations contained in Paragraph I(12c) of Plaintiff's Amended Complaint are denied for lack of sufficient information or knowledge to justify a belief herein.

4.

---

[2]  44 C.F.R. §62.23 (f).
[3]  42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.,* 143 F.3d 951 (5th Cir. 1998).

The allegations contained in Paragraph II(33a) of Plaintiff's Amended Complaint are directed towards another defendant and do not require a response of Defendant FNIC.  In an abundance of caution, FNIC denies all other allegations for lack of sufficient information or knowledge to justify a belief herein.

5.

The allegations contained in Paragraph III of Plaintiff's Amended Complaint denied and FNIC reasserts and reavers all of the responses and defenses asserted in the Answer and Affirmative Defenses filed by FNIC on October 17, 2006 as though fully set forth herein.

6.

Defendant, FNIC, denies that Plaintiff is entitled to any relief sought in the Prayer for Relief following paragraph III of the Plaintiff's Amended Complaint.  Answering further, as to FNIC in its capacity as a WYO Program carrier, all of Plaintiff's state-law-based extra-contractual and tort based theories of recovery are preempted and barred by federal Constitutional, statutory and regulatory law.

**THIRD DEFENSE – CONDITIONS PRECEDENT**

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy."  In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiff must meet her burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

### FOURTH DEFENSE – NO DETRIMENTAL RELIANCE

Plaintiff did not rely on any alleged misrepresentations of either Defendant or any other person or entity. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

### FIFTH DEFENSE – THE INSURING AGREEMENT

The responsibilities of the Defendant to the Plaintiff, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiff sought.

### SIXTH DEFENSE – NO MEETING OF THE MINDS

To the extent that the Plaintiff contests to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, Defendant prays that the Court order the return by the Plaintiff of any amounts previously paid to the Plaintiff under her SFIP, and that the Defendant thereupon reimburse to the Plaintiff her premium payment for the policy term in effect on the date of loss.

**SEVENTH DEFENSE – LIMITED SCOPE OF COVERAGE**

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiff's recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

**EIGHTH DEFENSE – EXCLUSIONS**

Some or all of the claims of the Plaintiff are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to: wind or windstorm; consequential damages such as loss of use of the insured property or premises; loss of access to the insured property or premises; any increased cost of repair or reconstruction as a result of any ordinance regulating reconstruction or repair except as provided in the Flood Policy; and mold and any costs of testing for mold.

**NINTH DEFENSE – PRIOR PAYMENTS**

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

**TENTH DEFENSE – APPRAISAL CLAUSE**

If the Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). Defendant affirmatively asserts that the Plaintiff does not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

**ELEVENTH DEFENSE – FISCAL AGENT STATUS**

By statute, the Defendant is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

**TWELFTH DEFENSE – WAIVERS**

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

**THIRTEENTH DEFENSE – CONSTITUTIONAL ISSUES**

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiff beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

**FOURTEENTH DEFENSE – CAUSATION**

Some or all of the damage claimed by the Plaintiff were the result of causes not within the scope of the SFIP, including but not limited to damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Based on the federal caselaw, all burdens of proof upon this issue rest upon the Plaintiff.

**FIFTEENTH DEFENSE – MITIGATION**

If any of the Plaintiff's damages are a result of a failure by the Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

### SIXTEENTH DEFENSE – LOSS PAYEES

In the event of any recovery by the Plaintiff, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

### SEVENTEENTH DEFENSE – BINDERS

Federal law expressly invalidates and precludes all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of coverage, such promises are invalid and unenforceable as a matter of federal law.

### EIGHTEENTH DEFENSE - PREEMPTION

All state-law-based extra-contractual and tort claims arising out of the handling of the flood loss claim under the SFIP are preempted and barred by federal constitutional, regulatory and statutory law.

### NINETEENTH DEFENSE- SUPPLEMENTAL CLAIMS

Supplemental claims without a timely signed and sworn proof of loss with supporting documentation are not allowed under the NFIP.

### TWENTIETH DEFENSE - NO INTEREST

Because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

WHEREFORE, Defendant prays that its Answer be deemed good and sufficient, and that

after all due proceedings are had, that there be judgment herein dismissing all claims of the Plaintiff against the Defendant, with prejudice, and at the Plaintiff's costs.

Respectfully Submitted,

**NIELSEN LAW FIRM, L.L.C.**

/s/*Brandon S. Stockstill*
Gerald J. Nielsen, La. S.B. #17078
Brandon S. Stockstill, La. S.B. #26527
Three Lakeway Center
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: bstockstill@nielsenlawfirm.com
Counsel for Defendant Fidelity National Insurance Company

## C E R T I F I C A T E

I HEREBY CERTIFY that on this 8th day of February, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to:

Albert J. Derbes, III
Eric J. Derbes
Frederick L. Bunol
3027 Ridgelake Drive
Metairie, LA 70002
Counsel for Plaintiff

Gordon P. Serou, Jr.
Sutterfield & Webb, LLC
650 Poydras St.

Suite 2715
New Orleans, LA 70130
Counsel for American Insurance
Company

LaDonna G. Wilson
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, La. 70130
Counsel for The Hanover Insurance Company

                                             /s/*Brandon S. Stockstill*
                                               Brandon S. Stockstill