UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAUREEN O'DWYER, ET AL | * | CIVIL ACTION NO. **05-4182** |
| | | **PERTAINS TO 06-5786** |
| VERSUS | * | DIVISION " **K** " |
| | | JUDGE   DUVAL |
| DEPARTMENT OF TRANSPORTATION | * | |
| AND DEVELOPMENT, ET AL | | MAGISTRATE ( **2** ) |
| | * | JUDGE   WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF RULE 12 (B)(6) M0TION TO DISMISS**

**MAY IT PLEASE THE COURT:**

The plaintiffs have asserted claims against the "Orleans Parish Criminal Sheriff's Office" herein. For the reasons that follow, these claims should be dismissed for failure to state a claim upon which relief may be granted by the Court.

The "Orleans Parish Criminal Sheriff's Office" is not an entity that can sue or be sued under Louisiana law. *See Valentine v. Bonneville Ins. Co.*, 96-1382, 691 So.2d 665 (La. 3/17/97); *citing*, *Ferguson v. Stephens,* 623 So.2d 711 (La.App. 4th Cir.1993); *Garner v. Avoyelles Parish Sheriff's Dept.,* 511 So.2d 8 (La.App. 3d Cir.1987); *Jenkins v. Jefferson Parish Sheriff's Office,* 385 So.2d 578 (La.App. 4th Cir.1980); *and Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Department,* 350 So.2d 236 (La.App. 3d Cir.1977).

In *Jenkins*, the Louisiana Fourth Circuit Court of Appeal considered whether the Jefferson

Parish "Sheriff's Office," which had been named as a defendant, was a legal entity capable of being sued. The Court concluded that a "sheriff's office," as an office operated by the duly elected Sheriff of the parish whose authority is derived from Louisiana Constitution, is not a legal entity capable of being sued. In *Richardson v. Heyd*, 278 So.2d 167 (4th Cir. 1973), the same Court had concluded that the Criminal Sheriff of the Parish of Orleans is also a constitutional officer and the "sheriff's office" could not sue or be sued.

Similarly, the Louisiana Third Circuit Court of Appeal, in *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Office*, 350 So.2d 236 (3rd Cir. 1977), held that the Sheriff individually, and not the Parish Sheriff's Department, is the constitutionally designated chief law-enforcement officer of the parish. The Third Circuit pointed out that Louisiana law affords no legal status to the "Parish Sheriff's Department," but rather reserves such status for the sheriff individually. Thus, the "Parish Sheriff's Department is not a legal entity capable of suing and being sued." *Liberty Mutual*, 350 So.2d at 239.

It is therefore submitted that the Orleans Parish Criminal Sheriff's Office is not capable of being sued in that it has no legal status as an entity under Louisiana law. Therefore, the Motion to Dismiss should be granted, and the claims against the "Orleans Parish Criminal Sheriff's Office" should be dismissed, with prejudice, at the cost of plaintiffs.

| | |
|---|---|
| 1615 Poydras Street, Suite 1250<br>New Orleans, Louisiana 70112<br>Tel: (504) 592-4600; Fax: (504) 592-4641<br>UW&M No. 06-494-04-F-1-037<br>**Counsel for the Orleans Parish**<br>**Criminal Sheriff's Office** | Respectfully Submitted,<br><br>USRY, WEEKS & MATTHEWS<br>s/ Freeman R. Matthews<br>FREEMAN R. MATTHEWS, (#9050)<br>TIMOTHY R. RICHARDSON, (#27625)<br>CRAIG E. FROSCH (#19580) |

## CERTIFICATE OF SERVICE

I do hereby certify that on this 8th day of February, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to plaintiffs, through counsel Ashton R. O'Dwyer, Jr., by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

                                              s/ Freeman R. Matthews