**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: KATRINA CANAL** | \* | **CIVIL ACTION** |
| **BREACHES CONSOLIDATED** | \* | **NO.: 05-4182 "K"(2)** |
| **LITIGATION** | \* | |
| | \* | **JUDGE DUVAL** |
| _____ | \* | |
| **PERTAINS TO:  INSURANCE** | \* | **MAGISTRATE JUDGE WILKINSON** |
| *Chehardy*, **Nos. 06-1672, 06-1673, and** | \* | |
| **06-1674** | \* | |
| | \* | |

<u>**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**</u>
<u>**ANSWER TO THE AMENDED AND RESTATED COMPLAINT**</u>

Defendant The Standard Fire Insurance Company ("Standard Fire"), improperly named as Travelers Property Casualty Company of America, answers Plaintiffs' Amended and Restated Complaint as follows:

Standard Fire avers that no response is necessary to the introductory paragraph of the Amended and Restated Complaint, which simply identifies the Plaintiffs.

## I.     INTRODUCTION

1.     Standard Fire admits that Plaintiffs have filed a complaint that purports to assert a class action, but denies that Plaintiffs' allegations have satisfied the requirements of Rule 23 or that this case is appropriate for class treatment.  Standard Fire also admits that Plaintiffs Lionel and Edna Jones (the "Joneses") sustained damage to their home caused by the peril of wind on August 29, 2005.  Except as expressly admitted, Standard Fire is without knowledge or

information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 1 of the Amended and Restated Complaint and on that basis denies those allegations.

2.      Standard Fire admits that Plaintiffs filed a complaint that purports to assert causes of action for declaratory judgment, breach of contract, breach of the implied duty of fair dealing and good faith, breach of fiduciary duty, and breach of Louisiana's bad faith statutes, but denies that Plaintiffs are entitled to recover on any such claims.  Standard Fire denies the remaining allegations in Paragraph 2 insofar as they are directed to Standard Fire.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.

3.      Standard Fire admits that Plaintiffs' complaint seeks declaratory relief and compensatory and punitive damages, but denies that Plaintiffs are entitled to any such relief.  To the extent that Paragraph 3 of the Amended and Restated Complaint calls for legal conclusions, it requires no response.  To the extent that Paragraph 3 contains factual allegations that require a response and alleges that Standard Fire engaged in "wrongful conduct," Standard Fire denies the allegations.  To the extent that Paragraph 3 contains factual allegations that require a response and alleges that other Insurance Company Defendants engaged in "wrongful conduct," Standard Fire is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 3.

## II.  PARTIES

4.      Standard Fire admits that the Joneses had a Standard Fire homeowners insurance policy that was in effect from November 3, 2004 to November 3, 2005 (hereinafter, the "Jones Policy").  Standard Fire is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 4 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 4.

5.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended and Restated Complaint and on that basis denies those allegations.

6.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended and Restated Complaint and on that basis denies those allegations.

7.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended and Restated Complaint and on that basis denies those allegations.

8.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended and Restated Complaint and on that basis denies those allegations.

9.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended and Restated Complaint and on that basis denies those allegations.

10.      Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended and Restated Complaint and on that basis denies those allegations.

11.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended and Restated Complaint and on that basis denies those allegations.

12.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended and Restated Complaint and on that basis denies those allegations.

13.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended and Restated Complaint and on that basis denies those allegations.

14.     Standard Fire admits that Travelers Property Casualty Company of America is a corporation organized and existing under the laws of Connecticut with its principal place of business in Hartford, Connecticut, and that Standard Fire does business in the state of Louisiana and may be served with process through the Louisiana Secretary of State.  Standard Fire denies that Travelers Property Casualty Company of America is a proper defendant to this action. Further answering, Standard Fire avers that it is a corporation organized and existing under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

15.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended and Restated Complaint and on that basis denies those allegations..

16.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended and Restated Complaint and on that basis denies those allegations.

17.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended and Restated Complaint and on that basis denies those allegations.

18.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended and Restated Complaint and on that basis denies those allegations.

19.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended and Restated Complaint and on that basis denies those allegations.

20.     Standard Fire admits that the Amended and Restated Complaint refers to the insurance companies identified in Paragraphs 4 through 19 collectively as the "Insurance Company Defendants," but denies that it is appropriate for Plaintiffs to make allegations collectively against the Insurance Company Defendants or that joinder of the Insurance Company Defendants in this action is proper.

### III.  JURISDICTION AND VENUE

21.     To the extent that Paragraph 21 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 21 contains factual allegations requiring a response, Standard Fire denies that this case is suitable as a class action but states that, as pleaded, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds five million dollars, and at least one member of the class is diverse from at least one of the Insurance Company Defendants.

22.     To the extent that Paragraph 22 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 22 contains factual allegations as to Standard Fire requiring a response, Standard Fire admits that this Court has

personal jurisdiction over Standard Fire and that it transacted business in the Eastern District of

Louisiana during  2005.  To the extent that Paragraph 22 contains other factual allegations

requiring a response and makes allegations concerning other Insurance Company Defendants,

Standard Fire is without knowledge or information sufficient to form a belief as to the truth of

such allegations and on that basis denies them.   Except as expressly admitted, Standard Fire

denies each and every remaining allegation in Paragraph 22.

      23.     To the extent that Paragraph 23 of the Amended and Restated Complaint calls for

a legal conclusion, it requires no response.  To the extent that Paragraph 23 contains factual

allegations requiring a response, Standard Fire admits that a substantial part of the events giving

rise to this action occurred in this District.  Except as expressly admitted, Standard Fire denies

each and every remaining allegation in Paragraph 23 as to Standard Fire.  To the extent that

Paragraph 23 contains factual allegations as to other Insurance Company Defendants requiring a

response, Standard Fire is without knowledge or information sufficient to form a belief as to the

truth of such allegations and on that basis denies those allegations.

## IV.  FACTUAL BACKGROUND

### Appropriateness of Class Action[1]

      24.     To the extent that Paragraph 24 of the Amended and Restated Complaint calls for

legal conclusions, it requires no response.  To the extent a response is required to the

introductory clause of Paragraph 24, Standard Fire denies those allegations.

         a.     To the extent that Paragraph 24(a) of the Amended and Restated

         Complaint calls for a legal conclusion, it requires no response.  To the extent that

---

[1]   The headings in Plaintiffs' Amended and Restated Complaint are incorporated in this
Answer for ease of reference.  To the extent that the headings could be construed as
constituting factual allegations or characterizations thereof, those allegations are denied.

Paragraph 24(a) contains factual allegations requiring a response, Standard Fire

denies that this case is appropriate for class certification and lacks knowledge or

information sufficient to form a belief as to the truth of any remaining factual

allegations in Paragraph 24(a) and on that basis denies those allegations.

b.      To the extent that Paragraph 24(b) of the Amended and Restated

Complaint calls for a legal conclusion, it requires no response.  To the extent that

Paragraph 24(b) contains factual allegations requiring a response, Standard Fire

denies that this case is appropriate for class certification and denies the allegations

in Paragraph 24(b).

c.      To the extent that Paragraph 24(c) of the Amended and Restated

Complaint calls for a legal conclusion, it requires no response.  To the extent that

Paragraph 24(c) contains factual allegations requiring a response, Standard Fire

denies that this case is appropriate for class certification and denies the allegations

in Paragraph 24(c) as to Standard Fire.  To the extent that Paragraph 24(c)

contains factual allegations requiring a response as to other Insurance Company

Defendants, Standard Fire is without knowledge or information sufficient to form

a belief as to the truth of such allegations and on that basis denies those

allegations.

d.      To the extent that Paragraph 24(d) of the Amended and Restated

Complaint calls for a legal conclusion, it requires no response.  To the extent that

Paragraph 24(d) contains factual allegations regarding Plaintiffs' attorneys,

Standard Fire is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 24(d) and on that basis denies

those allegations.  To the extent that Paragraph 24(d) contains other factual allegations requiring a response, Standard Fire denies that this case is appropriate for class certification and denies the allegations in Paragraph 24(d). Standard Fire denies each and every remaining allegation in Paragraph 24.

25.     Standard Fire denies that this case is appropriate for class certification and denies any remaining factual allegations in Paragraph 25 of the Amended and Restated Complaint.

### Policyholders' Purchase Of The Policies

26.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended and Restated Complaint and on that basis denies those allegations.

27.      Standard Fire admits that the Joneses had a Standard Fire homeowners insurance policy that was in effect from November 3, 2004 to November 3, 2005, but denies that The Joneses purchased a homeowner's insurance policy directly from Standard Fire or that the policy was an "all risk" policy.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 27.

28.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended and Restated Complaint concerning plaintiffs' subjective beliefs and on that basis denies those allegations.  Standard Fire denies each and every remaining allegation in Paragraph 28.

29.     Standard Fire denies the allegations in Paragraph 29 insofar as they are directed to Standard Fire.  Further answering, Standard Fire avers that the Jones Policy is in writing and

speaks for itself.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended and Restated Complaint as to the other Insurance Company Defendants and on that basis denies those allegations.

30.     Standard Fire denies the allegations in Paragraph 30 insofar as they are directed to Standard Fire.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Amended and Restated Complaint as to the other Insurance Company Defendants and on that basis denies those allegations.

31.     Standard Fire denies that it sold homeowners policies directly to homeowners in Louisiana.  Standard Fire admits that its homeowners policies are sold by insurance agents or brokers, but denies that its policies are "all risk" policies.  Standard Fire denies the remaining allegations in Paragraph 31 insofar as they are directed to Standard Fire.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 as to other Insurance Company Defendants and on that basis denies those allegations.

32.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended and Restated Complaint to the extent they refer to Plaintiffs' subjective beliefs and to other Insurance Company Defendants and on that basis denies those allegations.  Standard Fire denies each and every remaining allegation in Paragraph 32.

33.     Standard Fire admits that the Joneses' insurance policy contains limits related to the estimated cost of replacing their home, based on information provided to Standard Fire by an insurance agent.  Standard Fire further admits that the amount of insurance varies for different

Standard Fire policyholders.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 33.

34.     Standard Fire admits that timely premium payments were made for the Jones Policy.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 34.

<u>**Insurance Company Defendants Fail To Advise Policyholders Regarding The Availability Of Flood Insurance**</u>

35.     Standard Fire admits that Congress enacted the Federal Flood Insurance Act in 1956.  Standard Fire further admits that Congress amended the National Flood Insurance Act in 1968 and created the National Flood Insurance Program ("NFIP").  Standard Fire avers that the statutes and regulations that comprise the NFIP are in writing and speak for themselves.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 35 of the Amended and Restated Complaint.

36.     Standard Fire admits that the NFIP provides up to $250,000 of coverage per residential property to cover the peril of flooding.  42 U.S.C. § 4013(b)(2).  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 36 of the Amended and Restated Complaint.

37.     Standard Fire admits that some private insurers sell flood insurance coverage in excess of the coverage provided under the NFIP.  Standard Fire denies the remaining allegations in Paragraph 37 insofar as they are directed to Standard Fire.  Standard Fire is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended and Restated Complaint as to other Insurance Company Defendants and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 37.

38.     Standard Fire denies the allegations of Paragraph 38 of the Amended and Restated Complaint as to Standard Fire.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 as to other Insurance Company Defendants and on that basis denies those allegations.

39.     Standard Fire denies that the Joneses were not advised of the availability of flood insurance under the NFIP.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended and Restated Complaint and on that basis denies those allegations.

## Hurricane Katrina Damages Policyholders' Property

40.     Standard Fire admits that Hurricane Katrina made landfall in southeastern Louisiana on August 29, 2005.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended and Restated Complaint and on that basis denies those allegations.

41.     Standard Fire admits that there was water on both sides of the Industrial Canal in New Orleans and in the City's Lower Ninth Ward on August 29, 2005.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended and Restated Complaint and on that basis denies those allegations.

42.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended and Restated Complaint and on that basis denies those allegations.

43.     Standard Fire admits that on or after August 29, 2005, water entered into parts of the City of New Orleans and adjoining parishes from multiple locations.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Amended and Restated Complaint and on that basis denies those allegations.

44.     Standard Fire admits that the Joneses sustained damage to their home caused by the peril of wind on August 29, 2005.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Amended and Restated Complaint and on that basis denies those allegations.

45.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended and Restated Complaint and on that basis denies those allegations.

46.     Standard Fire acknowledges that various reports exist that have commented on the water that entered the City of New Orleans and the surrounding parishes during and after Hurricane Katrina; such reports are in writing and speak for themselves.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 46 of the Amended and Restated Complaint.

47.     Standard Fire acknowledges that *The Times Picayune* contained an article on April 6, 2005, that purported to characterize Senate testimony by Lt. Gen. Carl Strock; the April 6, 2005 edition of *The Time Picayune* is in writing and speaks for itself.  Except as expressly

admitted, Standard Fire denies each and every remaining allegation in Paragraph 47 of the Amended and Restated Complaint.

48.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended and Restated Complaint and on that basis denies those allegations.

49.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended and Restated Complaint and on that basis denies those allegations.

50.     To the extent that Paragraph 50 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 50 of the Amended and Restated Complaint contains factual allegations requiring a response, Standard Fire denies the allegations.

## COUNT I -- DECLARATORY JUDGMENT
## v. All Insurance Company Defendants

51.     In response to Paragraph 51 of the Amended and Restated Complaint, Standard Fire incorporates by reference its answers to Paragraphs 1 through 50 inclusive.

52.     To the extent that Paragraph 52 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 52 contains factual allegations requiring a response, Standard Fire admits that there is an actual controversy between the Joneses and Standard Fire concerning the amount owed by Standard Fire for damage to the Joneses' property occurring on or about August 29, 2005.  To the extent that Paragraph 52 contains other factual allegations requiring a response, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and on that basis denies those allegations.

53.     To the extent that Paragraph 53 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 53 contains factual allegations requiring a response as to Standard Fire and the Joneses, Standard Fire denies the allegations.  To the extent that Paragraph 53 contains other factual allegations requiring a response, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies those allegations.

54.     To the extent that Paragraph 54 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent a response is required, Standard Fire admits that the Joneses sustained damage to their home caused by wind that is covered under the Jones Policy and for which Standard Fire made payment.  Standard Fire denies the remaining allegations in Paragraph 54 insofar as they concern Standard Fire and the Joneses.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and on that basis denies those allegations.

55.     Standard Fire admits that the Joneses gave timely notification to Standard Fire of an insurance claim arising from Hurricane Katrina.  Standard Fire denies the remaining allegations in Paragraph 55 insofar as they concern Standard Fire and the Joneses.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55  of the Amended and Restated Complaint and on that basis denies those allegations.

56.     To the extent that Paragraph 56 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 56 contains factual allegations requiring a response, Standard Fire states that the Jones Policy is in writing and

speaks for itself.  To the extent that Paragraph 56 contains other factual allegations requiring a response, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and on that basis denies those allegations.

57.     Standard Fire denies the allegations in Paragraph 57 insofar as they concern the Joneses and Standard Fire.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Amended and Restated Complaint and on that basis denies those allegations.

58.     To the extent that Paragraph 58 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 58 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies each and every allegation in Paragraph 58.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 as to other Insurance Company Defendants and on that basis denies those allegations.

59.     To the extent that Paragraph 59 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 59 contains factual allegations requiring a response, Standard Fire admits that the Joneses sustained damage to their home caused by wind that is covered under the Jones Policy and for which Standard Fire made payment.  Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and on that basis denies those allegations.

60.     To the extent that Paragraph 60 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 60 contains factual allegations requiring a response, Standard Fire denies each and every allegation in Paragraph 60.

61.     Standard Fire denies each and every allegation in Paragraph 61 of the Amended and Restated Complaint.

62.     To the extent that Paragraph 62 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 62 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies each and every allegation in Paragraph 62.  To the extent that Paragraph 62 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies them.

63.     Standard Fire admits that any investments that it makes may earn income. Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Amended and Restated Complaint and on that basis denies those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining allegation in Paragraph 63.

64.     Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended and Restated Complaint and on that basis denies those allegations.

With regard to the prayer for relief, Standard Fire denies that Plaintiffs have any basis for judgment against Standard Fire and alleges that Plaintiffs shall be denied all relief and that

Standard Fire be awarded costs of court and such other relief as is just.  To the extent that the

prayer for relief makes factual allegations, they are denied.

## COUNT II -- BREACH OF CONTRACT
### v. All Insurance Company Defendants

65.     In response to Paragraph 65 of the Amended and Restated Complaint, Standard

Fire incorporates by reference its answers to Paragraphs 1 through 64 inclusive.

66.     To the extent that Paragraph 66 of the Amended and Restated Complaint calls for

a legal conclusion, it requires no response.  To the extent that Paragraph 66 contains factual

allegations requiring a response, Standard Fire admits that the Joneses had a Standard Fire

insurance policy with an effective period of November 3, 2004 to November 3, 2005, but denies

that the policy is an "all risk" policy.  Standard Fire states that the Jones Policy is in writing and

speaks for itself.  To the extent that Paragraph 66 contains other factual allegations requiring a

response, Standard Fire is without knowledge or information sufficient to form a belief as to the

truth of such remaining allegations and on that basis denies them.  Standard Fire denies each and

every remaining allegation in Paragraph 66.

67.     Standard Fire admits that the Joneses paid all premiums due under the Jones

Policy, but denies that it is an "all risk" policy.  Standard Fire denies the remaining allegations in

Paragraph 67 insofar as they concern the Joneses and Standard Fire.  Standard Fire is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 67 of the Amended and Restated Complaint and on that basis denies

those allegations.  Except as expressly admitted, Standard Fire denies each and every remaining

allegation in Paragraph 67.

68.     To the extent that Paragraph 68 of the Amended and Restated Complaint refers to

Standard Fire and the Joneses, Standard Fire denies the allegations.  Standard Fire is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 68 as to other Insurance Company Defendants and on that basis denies those

allegations.

69.     To the extent that Paragraph 69 of the Amended and Restated Complaint calls for

a legal conclusion, it requires no response.  To the extent that Paragraph 69 contains factual

allegations requiring a response and refers to Standard Fire, Standard Fire denies each and every

allegation in Paragraph 69.  To the extent that Paragraph 62 contains other factual allegations

requiring a response and refers to other Insurance Company Defendants, Standard Fire is without

knowledge or information sufficient to form a belief as to the truth of such allegations and on

that basis denies them.

With regard to the prayer for relief, Standard Fire denies that Plaintiffs have any basis for

judgment against Standard Fire and alleges that Plaintiffs shall be denied all relief and that

Standard Fire be awarded costs of court and such other relief as is just.

### COUNT III -- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING v. All Insurance Company Defendants

70.     In response to Paragraph 70 of the Amended and Restated Complaint, Standard

Fire incorporates by reference its answers to Paragraphs 1 through 69 inclusive.

71.     To the extent that Paragraph 71 of the Amended and Restated Complaint calls for

a legal conclusion, it requires no response.  To the extent that Paragraph 71 contains factual

allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations

and avers that the terms, conditions, exclusions and limitations of the Jones Policy speak for

themselves.  To the extent that Paragraph 71 contains other factual allegations requiring a

response and refers to other Insurance Company Defendants, Standard Fire is without knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 as to other Insurance Company Defendants and on that basis denies those allegations.

72.     To the extent that Paragraph 72 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 72 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 72 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 as to other Insurance Company Defendants and on that basis denies those allegations.

73.     To the extent that Paragraph 73 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 73 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 73 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies those allegations.

74.     To the extent that Paragraph 74 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 74 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 74 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis denies those allegations.

75.     To the extent that Paragraph 75 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 75 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis denies those allegations.

76.     To the extent that Paragraph 76 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 76 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies those allegations.

77.     To the extent that Paragraph 77 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further answering, Standard Fire avers that Louisiana Revised Statutes § 22:658.2(A)(1) is in writing and speaks for itself.  To the extent that Paragraph 77 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 77 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies those allegations.

78.     To the extent that Paragraph 78 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 78 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 78 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies those allegations.

79.      To the extent that Paragraph 79 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 79 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 79 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies those allegations.

80.      To the extent that Paragraph 80 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 80 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 80 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies those allegations.

81.      To the extent that Paragraph 81 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 81 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 81 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies those allegations.

With regard to the prayer for relief, Standard Fire denies that Plaintiffs have any basis for judgment against Standard Fire and alleges that Plaintiffs shall be denied all relief and that Standard Fire be awarded costs of court and such other relief as is just.

### COUNT IV --BREACH OF LA. REV. STAT. ANN. § 22:1220 (Insurance Bad Faith) v. All Insurance Company Defendants

82.     In response to Paragraph 82 of the Amended and Restated Complaint, Standard Fire incorporates by reference its answers to Paragraphs 1 through 81 inclusive.

83.     With respect to Paragraph 83 of the Amended and Restated Complaint, Standard Fire states that Louisiana Revised Statute § 22:1220(A) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 83 purport to characterize or summarize the statute, Standard Fire denies the allegations in Paragraph 83.

84.     With respect to Paragraph 84 of the Amended and Restated Complaint, Standard Fire states that Louisiana Revised Statute § 22:1220(B) is in writing and speaks for itself.  To the extent that the allegations in Paragraph 84 purport to characterize or summarize the statute, Standard Fire denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 85 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies those allegations.

86.     To the extent that Paragraph 86 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 86 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies those allegations.

87.     To the extent that Paragraph 87 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 87 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies those allegations.

88.     To the extent that Paragraph 88 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 88 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies those allegations.

89.     To the extent that Paragraph 89 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 89 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 89 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies those allegations.

90.     To the extent that Paragraph 90 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further answering, Standard Fire avers that the statutes referred to in Paragraph 90 are in writing and speak for themselves.  To the extent that Paragraph 90 contains factual allegations requiring a response and refers to Standard Fire,

Standard Fire denies the allegations.  To the extent that Paragraph 90 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies those allegations.

91.     To the extent that Paragraph 91 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  Further answering, Standard Fire avers that the statute referred to in Paragraph 91 is in writing and speaks for itself.  To the extent that Paragraph 91 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 91 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies those allegations.

92.     To the extent that Paragraph 92 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 92 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 92 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies those allegations.

With regard to the prayer for relief, Standard Fire denies that Plaintiffs have any basis for judgment against Standard Fire and alleges that Plaintiffs shall be denied all relief and that Standard Fire be awarded costs of court and such other relief as is just.

## COUNT V -- BREACH OF FIDUCIARY DUTY
## v. State Farm, Allstate Indemnity, Allstate Insurance and Liberty Mutual and Other Similarly Situated Insurance Company Defendants

93.     In response to Paragraph 93 of the Amended and Restated Complaint, Standard Fire incorporates by reference its answers to Paragraphs 1 through 92 inclusive.

94.     To the extent that Paragraph 94 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 94 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and on that basis denies those allegations.

95.     To the extent that Paragraph 95 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 95 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 95 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis denies those allegations.

96.     To the extent that Paragraph 96 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 96 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 96 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies those allegations.

97.     To the extent that Paragraph 97 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 97 refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 97 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies those allegations.

98.     To the extent that Paragraph 98 of the Amended and Restated Complaint refers to Standard Fire, Standard Fire denies the allegations.  To the extent that Paragraph 98 refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     To the extent that Paragraph 99 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 99 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 99 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis denies those allegations.

100.     To the extent that Paragraph 100 of the Amended and Restated Complaint calls for a legal conclusion, it requires no response.  To the extent that Paragraph 100 contains factual allegations requiring a response and refers to Standard Fire, Standard Fire denies the allegations. To the extent that Paragraph 100 contains other factual allegations requiring a response and refers to other Insurance Company Defendants, Standard Fire is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on

that basis denies those allegations.

      With regard to the prayer for relief, Standard Fire denies that Plaintiffs have any basis for

judgment against Standard Fire and alleges that Plaintiffs shall be denied all relief and that

Standard Fire be awarded costs of court and such other relief as is just.

## <u>SEPARATE AND ADDITIONAL DEFENSES</u>

### FIRST DEFENSE
### (NO RIGHT OR CAUSE OF ACTION)

      All Policyholders who are not insureds of Standard Fire have no right or cause of action

against Standard Fire and no standing to sue.

### SECOND DEFENSE
### (FAILURE TO STATE A CLAIM)

      Plaintiffs' Amended and Restated Complaint, and each claim for relief therein, fails to

state a claim upon which relief may be granted.

### THIRD DEFENSE
### (NO CLASS ACTION)

      Plaintiffs' Amended and Restated Complaint does not meet the criteria for the

establishment of a plaintiff class.

### FOURTH DEFENSE
### (IMPROPER JOINDER)

      Plaintiffs' Amended and Restated Complaint does not meet the criteria for joinder under

the Federal Rules of Civil Procedure and applicable law.

### FIFTH DEFENSE
### (POLICY TERMS AND CONDITIONS)

      The insurance policies issued by Standard Fire are the best evidence of their terms,

conditions, coverages, and exclusions and are pleaded herein as if copied in full. Standard Fire

asserts all terms, conditions, coverages, and exclusions that may be applicable to Plaintiffs'

claims.

## SIXTH DEFENSE
## (WATER DAMAGE EXCLUSION)

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**c. Water Damage**, meaning:

**(1)** Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

**(2)** Water which backs up through sewers or drains or which overflows from a sump; or

**(3)** Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

Direct loss by fire, explosion or theft resulting from water damage is covered.

## SEVENTH DEFENSE
## (ORDINANCE OR LAW EXCLUSION)

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**a. Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, unless specifically provided under this policy.

**EIGHTH DEFENSE**
**(WEATHER CONDITIONS EXCLUSION)**

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

    **2.** We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

        **a. Weather conditions**.  However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;

**NINTH DEFENSE**
**(ACTS OR DECISIONS EXCLUSION)**

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

    **2.** We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

        **b. Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;

**TENTH DEFENSE**
**(FAULT, INADEQUACY, OR DEFECT EXCLUSION)**

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

    **2.** We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

        **c. Faulty, inadequate or defective:**

           **(1)** Planning, zoning, development, surveying, siting;
           **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
           **(3)** Materials used in repair, construction, renovation or remodeling; or
           **(4)** Maintenance;

of part or all of any property whether on or off the "residence premises."

**ELEVENTH DEFENSE**
**(MOLD RELATED ITEMS EXCLUSION)**

The Jones Policy contains the following exclusion, and policies issued to potential

members of the purported class contain similar or identical language:

The following exclusion is added:

9. **"Fungi" or Rot**, meaning any loss or cost resulting from, arising out of, caused by, consisting of, or related to, "fungi" or rot.  This exclusion does not apply to:

   a. "Fungi" or rot remediation coverage that may be afforded under the Additional Coverage **Limited "Fungi" Or Rot Remediation**; or
   b. The immediate, direct physical damage to property described in Coverages A, B and C caused directly by a Peril Insured Against.

This is exclusion **1.i.** in form **HO-3**.


**TWELFTH DEFENSE**
**(INSURABLE INTEREST AND LIMIT OF LIABILITY)**

The Jones Policy contains the following provision, and policies issued to potential

members of the purported class contain similar or identical language:

1. **Insurable Interest and Limit of Liability.**  Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
   a. To the "insured" for more than the amount of the "insured's" interest at the time of loss; or
   b. For more than the applicable limit of liability.

**THIRTEENTH DEFENSE**
**(DUTIES OF THE INSURED)**

Standard Fire's policies contain provisions requiring the insured to comply with certain

duties.  To the extent that any potential members of the purported class breached these

provisions, coverage is precluded under the alleged Standard Fire policy or policies, which are

pleaded herein as if copied in full.

**FOURTEENTH DEFENSE**
**(SUFFICIENT PROOF OF LOSS)**

Claims of potential members of the purported class may be barred in whole or in part by the failure to provide sufficient proof of loss.

**FIFTEENTH DEFENSE**
**(POLICY LIMITS AND DEDUCTIBLES)**

The amount of any recovery is limited by the terms and conditions of the Standard Fire policies sued upon, including any policy limits and deductibles; the policies are pleaded herein as if copied in full.

**SIXTEENTH DEFENSE**
**(OTHER INSURANCE)**

The Jones Policy contains the following provision, and policies issued to potential members of the purported class contain similar or identical language:

> **Other Insurance**.  If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

**SEVENTEENTH DEFENSE**
**(SETOFF)**

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been compensated for their alleged loss through payment of their claims.

**EIGHTEENTH DEFENSE**
**(UNJUST ENRICHMENT)**

Granting the relief sought in the Amended and Restated Complaint would unjustly enrich Plaintiffs.

**NINETEENTH DEFENSE**
**(COMPARATIVE FAULT – THIRD PARTIES)**

To the extent the failure of other persons and entities (whether named in the Amended and Restated Complaint or not) to exercise due care proximately caused or contributed (or both)

to any injury or damage to Plaintiffs and any liability of Standard Fire, that liability should be

reduced by the percentage of fault attributed to those other persons and entities pursuant to

Louisiana Civil Code art. 2323.

**TWENTIETH DEFENSE**
**(ABSENCE OF REASONABLE RELIANCE)**

Plaintiffs' claims are barred in whole or in part by the absence of any material

misrepresentations, misleading disclosures, or omissions made by Standard Fire to Plaintiffs

upon which Plaintiffs could have reasonably or justifiably relied.

**TWENTY-FIRST DEFENSE**
**(NO DECLARATORY RELIEF)**

Plaintiffs are not entitled to any declaratory relief, because the facts and circumstances of

each claim and the policies at issue will vary among insureds, making declaratory relief

impossible.

**TWENTY-SECOND DEFENSE**
**(INAPPLICABILITY OF LA. REV. STAT. §§ 22:1220 & 22:658.2)**

Neither § 22:1220 nor § 22:658.2 of the Louisiana Revised Statutes is inapplicable under

the facts of this case, as alleged by Plaintiffs.

**TWENTY-THIRD DEFENSE**
**(FAILURE TO JOIN INDISPENSABLE PARTIES)**

Plaintiffs' claims are barred for failure to join indispensable parties.

**TWENTY-FOURTH DEFENSE**
**(PERIL INSURED AGAINST)**

Plaintiffs' claims are barred to the extent that they have failed to allege or cannot satisfy

their burden of proving that their losses or any portion thereof were caused by a peril insured

against in their policies of insurance.

**TWENTY-FIFTH DEFENSE**
**(FAILURE TO MITIGATE)**

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to mitigate, minimize, or avoid damages and losses alleged in the Amended and Restated Complaint.

**TWENTY-SIXTH DEFENSE**
**(PREEMPTION)**

Plaintiffs' claims are preempted or barred in whole or in part by the National Flood Insurance Program and the National Flood Insurance Act and regulations promulgated thereunder.

**TWENTY-SEVENTH DEFENSE**
**(PROCEDURAL DUE PROCESS)**

Plaintiffs' claims are barred by the procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the Louisiana Constitution.

**TWENTY-EIGHTH DEFENSE**
**(SUBSTANTIVE DUE PROCESS)**

Plaintiffs' claims are barred by the substantive guarantees of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Louisiana Constitution.

**TWENTY-NINTH DEFENSE**
**(DUE PROCESS)**

To the extent that Standard Fire's liability depends in part upon a decision by Congress or by a state or local government entity to inadequately fund the design, construction, and maintenance of the New Orleans levee system, holding Standard Fire liable violates the Due

Process Clause of the Fourteenth Amendment to the United States Constitution and/or Article I, Section 2 of the Louisiana Constitution.

**THIRTIETH DEFENSE**
**(TAKINGS CLAUSE)**

The recovery sought by Plaintiffs would amount to a taking of private property for public use without just compensation and is therefore barred by the Takings Clause of the Fifth Amendment to the United States Constitution, Article I, Section 4 of the Louisiana Constitution and Article VI, Section 42 of the Louisiana Constitution.

**THIRTY-FIRST DEFENSE**
**(IMPAIRMENT OF CONTRACTS CLAUSE)**

Plaintiffs' claims are barred by the Impairment of Contracts Clause in Article I, Section 10 of the United States Constitution and Article I, Section 23 of the Louisiana Constitution.

**THIRTY-SECOND DEFENSE**
**(PUNITIVE DAMAGES)**

The imposition of punitive damages in this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Louisiana Constitution.

**THIRTY-THIRD DEFENSE**
**(EQUITABLE DOCTRINES)**

Claims of potential members of the purported class may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**THIRTY-FOURTH DEFENSE**
**(ADDITIONAL DEFENSES)**

Standard Fire reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery,

further investigation, or legal analysis of Plaintiffs' position.  Standard Fire also hereby

incorporates by reference any additional defenses raised by other defendants to this action.

WHEREFORE, Standard Fire prays for judgment as follows:

1.      That Plaintiffs take nothing;

2.      That Plaintiffs' Amended and Restated Complaint be dismissed with prejudice;

3.      That Standard Fire recover its costs of suit;

4.      That Standard Fire recover its reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and proper.

Dated this 8th day of February, 2007.

Respectfully submitted,

/s/ Seth A. Schmeeckle

**OF COUNSEL:**                          **RALPH S. HUBBARD, III, T.A., La. Bar. # 7040**
**Stephen E. Goldman (pro hac vice)**    **JOSEPH P. GUICHET, La. Bar #  24441**
**Wystan M. Ackerman  (pro hac vice)**   **SETH A. SCHMEECKLE, La. Bar #27076**
**ROBINSON & COLE LLP**                  **LUGENBUHL, WHEATON, PECK, RANKIN &**
280 Trumbull Street                      **HUBBARD**
Hartford, Connecticut 06103-3597         601 Poydras Street, Suite 2775
Telephone:      (860) 275-8200           New Orleans, Louisiana 70130
Facsimile:      (860) 275-8299           Telephone:  (504) 568-1990
                                         E-Mail:  rhubbard@lawla.com
                                                  sschmeeckle@lawla.com

                                         **Attorneys for The Standard Fire Insurance**
                                         **Company (improperly identified as Travelers**
                                         **Property Casualty Company of America)**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2007, I presented the foregoing to the

Clerk of the Court for filing and uploading to the CM/ECF system which will send notification

of such filing to all CM/ECF participants:

All Counsel of Record

I hereby certify that I have mailed by United States Postal Service the document to all non-

CM/ECF participants:

/s/ Seth A. Schmeeckle_____
Seth A. Schmeeckle