UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * |
| | * CIVIL ACTION NO.: 05-4182 "K" (2) |
| | * JUDGE DUVAL |
| PERTAINS TO LEVEE: | * |
| | * MAGISTRATE WILKINSON |
| PONTCHARTRAIN BAPTIST CHURCH NO. 06-6642 | * * * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF GULF GROUP, INC.**

Defendant Gulf Group, Inc. ("Gulf") responds to the Petition of Plaintiffs (hereinafter, "Complaint"), as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate Gulf's right to a hearing before a disinterested judge and/or jury.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Gulf upon which relief can be granted.

76727

**THIRD AFFIRMATIVE DEFENSE**

Gulf specifically denies any allegations of knowledge and/or control, notice, inverse condemnation, absolute liability, gross negligence, recklessness, willful misconduct and failure to warn, and moreover avers that admiralty jurisdiction and/or substantive law does not apply herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are perempted and/or prescribed.

**FIFTH AFFIRMATIVE DEFENSE**

Gulf is immune from liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988) and *Hercules v. U.S.*, 516 U.S. 417 (1996).

**SIXTH AFFIRMATIVE DEFENSE**

Gulf is immune from liability pursuant to the provisions of La. R.S. 9:2771 since its work was performed in accordance with the drawings and specifications furnished by others for the projects.

**SEVENTH AFFIRMATIVE DEFENSE**

Gulf is not liable or its liability is limited to acting solely as a surety to the proprietors of the levees pursuant to the provisions of La. R.S. 9:2773.

**EIGHTH AFFIRMATIVE DEFENSE**

Gulf constructed certain portions of one of the projects at issue in accordance with its contracts with the Board of Commissioners for the Orleans Levee District and the United States Army Corps of Engineers and in a good and workmanlike manner, free from defects or deficiencies in the work.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, *force majeure*, fortuitous event, or an extraordinary manifestation of the forces of nature.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Gulf are barred or reduced by the comparative fault of other parties or entities for whom Gulf is not responsible. Accordingly, Gulf invokes all of its rights and defenses under Louisiana Civil Code art 2323.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Louisiana Civil Code article 2315 because they cannot establish that: (i) Gulf's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) Gulf's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) Gulf owed a duty to plaintiffs that encompassed the risk that plaintiffs would suffer the alleged harm; or (iv) if Gulf owed any such duty to plaintiffs, it breached that duty.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is an improper cumulation of actions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of damages they are now claiming by acquiring or constructing homes within known flood zones.

76727

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs have settled or obtained value, or should hereafter settle or obtain value, for any of the alleged injuries and damages with any person, whether a party or a non-party herein, or should plaintiffs receive any funds or other value from any federal, state or local agency or program, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements, values or payments, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Gulf adopts and incorporates by reference all affirmative defenses asserted by any other party to this proceeding to the extent that they may apply to Gulf.

**ANSWER**

Gulf responds to plaintiffs' allegations specifically set forth in the paragraphs of the complaint as follow:

AND NOW, in answer to each paragraph of the Complaint, Gulf states as follows:

**PLAINTIFFS**

1.

The allegations of paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief therein.

**DEFENDANTS**

2.

The allegations of paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief therein, except that Gulf admits in regard to paragraph

76727

2(f) that it is a foreign corporation authorized to do business in the State of Louisiana and that it has conducted business in Orleans and Jefferson Parishes.

## JURISDICTION AND VENUE

3.

The allegations of paragraph 3 of the Complaint are denied.

## FACTS

4.

The allegations of paragraphs 4, 5 and 6 of the Complaint purport to quote constitutional provisions and require no answer. To the extent an answer is required, the allegations are denied.

5.

The allegations of paragraphs 7 and 8 of the Complaint are denied for lack of information sufficient to justify a belief therein. Moreover, certain allegations state legal conclusions and require no answer but, in an abundance of caution, those statements are denied.

6.

The allegations of paragraphs 9 through 30 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of paragraphs 31 and 32 of the Complaint are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of paragraph 33 of the Complaint are admitted, although Gulf avers its acts and works caused no damage.

9.

The allegations of paragraphs 34 through 37 of the Complaint are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of paragraphs 38 through 42 of the Complaint are denied for lack of information sufficient to justify a belief therein as to the allegations regarding others, and are denied to the extent the allegations are directed to Gulf.

11.

The allegations of paragraphs 43 through 51 of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of paragraph 52 of the Complaint are denied for lack of information sufficient to justify a belief therein, except that Gulf avers Hurricane Katrina made landfall on August 29, 2005.

13.

The allegations of paragraphs 53 through 55 of the Complaint are denied for lack of information sufficient to justify a belief therein.

**CAUSE OF ACTION**

14.

Gulf reiterates and incorporates herein by reference its answer and responses to paragraphs 1 through 55.

15.

the allegations of paragraphs 57 through 59 of the Complaint are denied.

16.

Gulf reiterates and incorporates herein by reference its answers and responses to paragraph 1 through 55.

17.

The allegations of paragraphs 61 through 64 of the Complaint are denied for lack of information sufficient to justify a belief therein.

18.

Gulf reiterates and incorporates herein by reference its answers and responses to paragraphs 1 through 55.

19.

The allegations of paragraphs 66 through 71 of the Complaint are denied for lack of information sufficient to justify a belief therein.

20.

Gulf reiterates and incorporates herein by reference its answers and responses to paragraph 1 through 55.

21.

The allegations of paragraphs 73 through 77 of the Complaint are denied.

22.

Gulf reiterates and incorporates herein by reference its answers and responses to paragraphs 1 through 55.

23.

The allegations of paragraph 79 of the Complaint are denied for lack of information sufficient to justify a belief therein.

76727

## DAMAGES

24.

The allegations of paragraphs 80 and 81 of the Complaint are denied.

25.

The allegations of paragraph 82 of the Complaint require no answer.

**WHEREFORE**, Gulf Group, Inc. prays that its Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and costs of these proceedings, and that it be granted all further relief which justice and equity may require.

Respectfully submitted,

*/s/ Stephen H. Kupperman*

_____
Stephen H. Kupperman, 7890
Kristin L. Beckman, 29758
Barrasso Usdin Kupperman
    Freeman & Sarver, LLC
909 Poydras Street, Suite 1800
New Orleans, LA  70112
Telephone:  504-589-9700
E-Mail:  skupperman@barrassousdin.com

Attorneys for Gulf Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer has been served upon all counsel of record this 8th day of January, 2007, by filing in the Court's electronic filing system, and for non-participants, by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed.

*/s/ Stephen H. Kupperman*

_____
Stephen H. Kupperman