UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION NO. 05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: LEVEE COCHRAN V. BOH BROS. CONSTRUCTION CO., LLC, ET AL. (2:06-cv-5785) | § § § § § § § § § § § | |

**AFFIRMATIVE DEFENSES AND ANSWER
OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
TO PLAINTIFFS' PETITION FOR DAMAGES**

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Petition for Damages (the "Complaint"), as follows:

## WGI'S AFFIRMATIVE DEFENSES

A. **Improper Venue**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

855639v.1

B. **Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

C. **Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

D. **No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

E. **Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

F. **Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish: (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a

duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

G. **Comparative Fault**

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

H. **Act-of-God**

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

I. **Government Contractor**

Plaintiffs' claims are barred by the government contractor defense.

J. **Limitation of Liability**

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

K. **Discharge in Bankruptcy**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

L. **Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions**

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

**M.     Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.     Set-Off**

WGI affirmatively alleges that to the extent plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

## WGI'S ANSWER

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI. WGI is without sufficient information or knowledge to form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them. WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

I.     WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana, with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its

Louisiana principal place of business in Baton Rouge, Louisiana. WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph I of the Complaint and therefore DENIES each and every remaining allegation contained therein.

      II.    WGI is without sufficient information or knowledge as to the specific allegations of Paragraph II of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Hurricane Katrina made landfall in Southeast Louisiana on or about August 29, 2005, and that flooding occurred in and around New Orleans.

      III.    WGI DENIES each and every allegation contained in Paragraph III of the Complaint pertaining to WGI, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site"). WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005. At all times WGI acted at the direction and under the supervision of the USACE. WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph III of the Complaint and therefore DENIES each and every allegation contained therein.

      IV.    WGI DENIES each and every allegation of Paragraph IV of the Complaint.

855639v.1

* * *

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:  February 8, 2007

Respectfully submitted,

*/s/Heather S. Lonian*
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:  504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone:  404-521-3939
Fax:  404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone:  1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

855639v.1

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Petition for Damages has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 8th day of February, 2007.

/s/Heather S. Lonian

855639v.1