UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | * * | JUDGE DUVAL |
| O'DWYER, NO. 06-5786 | * * | MAG. WILKINSON |

**MEMORANDUM IN SUPPORT
OF CSX CORPORATION'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

This action was commenced on August 24, 2006, when the plaintiffs filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2006-8322 in that court. The action was removed to federal court on September 8, 2006, assigned Civil Action No. 06-5786, and consolidated under Civil Action No. 05-4182 on October 4, 2006, Dkt. No. 1295. On January 9, 2007, the plaintiffs filed a first supplemental and amended petition, Dkt. No. 2587.

The plaintiffs' action against CSX Corporation should be dismissed on each of two separate grounds. CSX Corporation does not have the minimum contacts in Louisiana that

944646-1

would allow a court in Louisiana to exercise jurisdiction over CSX Corporation's person. Because CSX Corporation is not subject to the jurisdiction of this Court, the attempted service is legally insufficient. CSX Corporation is therefore moving this Court to dismiss the plaintiffs' action against CSX Corporation under Fed. R. Civ. P. 12(b)(2) & (5).

### I.   LACK OF JURISDICTION OVER THE PERSON OF CSX CORPORATION

The plaintiffs allege in ¶ III(16) of the original petition that CSX Corporation is a foreign corporation that at all pertinent times did business within the territorial jurisdiction of the state court. Dkt. No. 1 in Civil Action No. 06-5786. The plaintiffs allege in ¶ III of the amended petition that CSX Corporation is a foreign corporation, incorporated in a state other than Louisiana, with a principal office and place of business outside of the State of Louisiana, doing business within the State of Louisiana. The plaintiffs also allege in the amended petition, new ¶ XXIX, that CSX Corporation "owned, operated and controlled the right-of-way, roadbed and railroad track, which penetrated the New Orleans Flood Defense System" and that CSX Corporation "negligently designed, constructed and maintained, and negligently failed to close" the alleged penetration.

The allegations are incorrect. CSX Corporation has not owned, operated, or controlled the right of way, roadbed, or track, nor has it negligently built, maintained, or operated the alleged penetration. Moreover, CSX Corporation has not at any relevant time done business in the territorial jurisdiction of this court, nor does it have the minimum contacts with the State of Louisiana necessary for this court's exercise of jurisdiction over the person of CSX Corporation. Therefore the plaintiffs' complaint against CSX Corporation must be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## Law and argument

Personal jurisdiction may be asserted against CSX Corporation in the State of Louisiana only if due process requirements of the United States Constitution are satisfied. Due process requires that a nonresident entity have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement is designed to insure the non-resident's liberty interest in not being bound by the judgments of states with which it has not established meaningful "contacts, ties or relations." *Id.*

The non-resident must have purposefully availed itself of the privilege of conducting activities within the forum state such that it can be said that it should reasonably have anticipated being brought into court. *See World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Luv N'Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469-70 (5th Cir. (La.) 2006). "The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person." *Aetna Cas. & Sur. Co. v. Continental Western Ins. Co.*, 97-206 (La. App. 3 Cir. 12/10/97), 704 So. 2d 900, 902, *writ denied*, 1998-0077 (La. 3/13/98), 712 So. 2d 884. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (unilateral activity an inadequate basis for personal jurisdiction).

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation is a Virginia corporation with a principal place of business in the State of Florida. **Exhibit One**

(declaration), ¶ 3. CSX Corporation has always done business in the United States only through its subsidiaries, including CSX Transportation, Inc., **Exhibit One**, ¶ 4, which are all juridically distinct entities. CSX Corporation owns all of the outstanding capital stock of CSX Transportation, Inc., but CSX Corporation has never engaged in the operation of a railroad, either in Louisiana or anywhere else. **Exhibit One**, ¶¶ 4-6. *See, e.g., Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 346 (5th Cir. (Tex.) 2004) ("As a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.").

CSX Corporation has not conducted any business activity in the State of Louisiana at any relevant time. *See* **Exhibit One**, ¶ 7. CSX Corporation has never had an office in the State of Louisiana, an officer or other employee working in the State of Louisiana, or assets in the State of Louisiana. **Exhibit One**, ¶ 8. In particular, and of significance in this action, CSX Corporation has never engaged in the following activities in the State of Louisiana (or anywhere else): construction, maintenance, or operation of any railroad rolling equipment or of any railroad track, roadbed, or other railroad equipment. **Exhibit One**, ¶ 6. *See, e.g., Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 1080 (1993) (company not subject to personal jurisdiction where it had no employees or officers in state, no assets in state, and no offices in state, even though it had an agent for process in the state and operated a wholly-owned subsidiary transacting business in the state); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1069 n.12 (5th Cir. (Tex.) 1992), *cert. denied*, 506 U.S. 867 (1992) (company's ownership of stock in Texas business does not reflect an activity "purposefully directed" toward Texas); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359,

944646-1                                4

1363 (5th Cir. (La.) 1990) (mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent); and *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. (Tex.) 1983) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there . . . .").

CSX Corporation cannot constitutionally be subjected to the jurisdiction of Louisiana courts because it lacks the required minimum contacts with Louisiana and cannot be said to have "purposefully availed itself" of the benefits and protections of Louisiana law. CSX Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(2) should be granted.

## II.   INSUFFICIENCY OF SERVICE OF PROCESS ON CSX CORPORATION

The plaintiffs have made only one attempt to serve the petition on CSX Corporation. On January 22, 2007, they sent a copy of the original petition, the amended petition, and a summons, by United States Postal Service certified mail, addressed to:

> Mr. Michael J. Ward
> Chairman, President and Chief Executive Officer
> CSX Corporation
> 500 Water Street
> Jacksonville, FL 32202

That mailing was received at that address on January 26, 2007.

That is the only purported service of petition and summons on CSX Corporation in No. 06-5786. If that service was insufficient, then CSX Corporation has not been properly served. CSX Corporation shows herein that that purported service was indeed insufficient, because it was not made on CSX Corporation by any method authorized by law. In particular, the service is not valid under La. R.S. 13:3204 because CSX Corporation is not subject to the jurisdiction of this Court.

## Law and argument

CSX Corporation is a corporation and therefore service of a summons and complaint is governed by Fed. R. Civ. P. 4(h) ("Service Upon Corporations and Associations"). Rule 4(h) says that service on a domestic or foreign corporation, if it is to be made in a judicial district of the United States, may be made in one of two ways, either under Rule 4(e)(1) or by delivery to an officer or other specified persons:

> [Rule 4(h):] Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States <u>in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent</u>, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . [emphasis added].

Because the plaintiffs have not delivered a copy of the petition and summons to any officer or agent of CSX Corporation, they must show that the have made proper service under Rule 4(e)(1), which says:

> [Rule 4(e)(1):] Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be affected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . .

The plaintiffs are therefore required to show that they made service on CSX Corporation pursuant to the law of the State of Louisiana. The pertinent Louisiana law is La. Code Civ. P. art. 1261:

944646-1                                        6

**Art. 1261. Domestic or foreign corporation**

A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.

B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:

(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.

(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.

(3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201. . . .

CSX Corporation does not have an agent designated for service in Louisiana because, as explained above, it does not conduct business in Louisiana. Nevertheless, as the plaintiffs have not made personal service, the only method that article 1261 leaves to them is mail-service under R.S. 13:3204 (permitted by article 1261(B)(3)). R.S. 13:3204 says:

**§ 3204. Service of process**

A. <u>In a suit under R.S. 13:3201</u>, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 <u>shall be sent</u> by counsel for the plaintiff, or by the plaintiff if not represented by counsel, <u>to the defendant by registered or certified mail</u>, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction. . . [emphasis added].

To carry their burden of showing proper service under Louisiana law, and more particularly under R.S. 13:3204(A), the plaintiffs must show two things: (1) that CSX Corporation is subject to the provisions of R.S. 13:3201, and then (2) that the plaintiffs made service on CSX Corporation under the provisions of R.S. 13:3204. The plaintiffs cannot carry

944646-1                                                        7

that burden because they cannot show that CSX Corporation is subject to the provisions of R.S. 13:3201.

R.S. 13:3201 is Louisiana's long-arm statute, and sets forth the conditions under which a Louisiana court may exercise personal jurisdiction over a nonresident:

### § 3201. Personal jurisdiction over nonresidents

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

CSX Corporation has not performed any of those acts and has done nothing else that would subject it to the jurisdiction of courts of Louisiana. *See* § I above. CSX Corporation is therefore not subject to the provisions of R.S. 13:3201 and therefore may not be served under R.S. 13:3204. A court must first have jurisdiction over the person of a foreign corporation; only

then is service under § 3204 valid service. As this Court does not have jurisdiction over the person of CSX Corporation, the plaintiffs' service under § 3204 is impermissible and invalid.

In short, the plaintiffs bear the burden of showing that they served CSX Corporation in compliance with Fed. R. Civ. P. 4(h), which means that they must show that they made proper service under the laws of the State of Louisiana and more particularly La. Code Civ. P. art. 1261. They have not, however, made service on CSX Corporation by any method permitted by article 1261. They have not made any personal service on CSX Corporation and they may not use mail-service under article 1261(B)(3) because CSX Corporation is not subject to the provisions of R.S. 13:3201. Therefore, the plaintiffs have failed to make proper service of the petition and summons on CSX Corporation.

## CONCLUSION

CSX Corporation is not subject to the jurisdiction of Louisiana courts and service upon CSX Corporation is insufficient. Defendant CSX Corporation therefore moves this Court to dismiss the action against CSX Corporation in Civil Action No. 06-5786 under Fed. R.Civ. P. 12(b)(2) and (5).

    s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
    -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
    -of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, LA 70119
Telephone: 504-483-3224
Facsimile: 504-483-2259

**ATTORNEYS FOR CSX CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

    s/ Jonathan C. McCall