# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION NO.  05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| | § | |
| PERTAINS TO: | § § | |
| LEVEE | § § | |
| LEDUFF V. BOH BROTHERS CONSTRUCTION CO., L.L.C., ET AL. (2:06-cv-5260) | § § § § | |

# AFFIRMATIVE DEFENSES AND ANSWER
# OF DEFENDANT WASHINGTON GROUP INTERNATIONAL, INC.
# TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Washington Group International, Inc. ("WGI"), by and through its undersigned attorneys, hereby responds to Plaintiffs' Original Complaint (the "Complaint"), as follows:

## WGI'S AFFIRMATIVE DEFENSES

### A.    Improper Venue

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

**B.      Failure to state a cause of action**

Plaintiffs' and the proposed class members' claims fail to set forth facts sufficient to state a cause of action upon which relief may be granted against WGI, and further fail to state facts sufficient to entitle Plaintiffs (or the proposed class members) to the relief sought or any other relief whatsoever from WGI.

**C.      Prescription**

Plaintiffs' claims against WGI are barred by Louisiana law because they have been prescribed under Louisiana Civil Code Article 3492, which places a one-year prescriptive period on delictual actions.

**D.      No right of action**

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in their Complaint, and thus Plaintiffs have no right of action.

**E.      Failure to join indispensable parties**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure Article 641.

**F.      Duty / Risk**

Plaintiffs' claims are barred under Louisiana Civil Code Article 2315, in whole or in part, because they cannot establish:  (i) that WGI's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that WGI's alleged conduct was a proximate cause of or substantial factor in causing the harm alleged to have been suffered; (iii) that WGI owed a

- 2 -

duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that, if WGI owed any such duty to Plaintiffs, it breached that duty.

### G. Comparative Fault

WGI hereby invokes all rights and defenses under Louisiana Civil Code Article 2323 and avers that any damage alleged to have been suffered by Plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the complaint, for whose conduct WGI is not responsible.

### H. Act-of-God

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event, or extraordinary manifestation of the forces of nature.

### I. Government Contractor

Plaintiffs' claims are barred by the government contractor defense.

### J. Limitation of Liability

WGI qualifies for and claims the limitation of liability afforded by La. R.S. 9:2800.3 (1997).

### K. Discharge in Bankruptcy

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which Plaintiffs' action is based was barred, discharged, and enjoined in bankruptcy.

### L. Adoption of affirmative and constitutional defenses available under federal law or the laws of other jurisdictions

WGI hereby invokes and adopts all affirmative and constitutional defenses available to it under federal law or the laws of other jurisdictions that may be subsequently determined to apply to this action.

855637v.1

**M.      Adoption of affirmative defenses of other defendants**

WGI adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action to the extent that such an affirmative defense applies to WGI, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and WGI hereby reserves its right to amend its answer to assert any such defense.

**N.      Set-Off**

WGI affirmatively alleges that to the extent Plaintiffs (and members of the putative class, where applicable) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, or should Plaintiffs receive any funds from federal or state agencies or programs, defendant is entitled to a credit and/or offset in the amount of said settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**O.      Attorney's Fees Not Available**

To the extent that Plaintiffs' Complaint seeks attorney's fees, any such claims are barred by La. Code Civ. P. Art. 595(A).

**P.      Lack of Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction over Plaintiffs' claims against WGI brought under the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1365; the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 741-52; and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 781-90.

## <u>WGI'S ANSWER</u>

Except as otherwise expressly stated below, WGI responds only to those allegations of the Complaint that are directed to WGI.  WGI is without sufficient information or knowledge to

855637v.1

form a belief concerning the truth of the allegations of the Complaint that are directed toward other defendants and therefore denies them.  WGI denies each and every allegation of the Complaint not specifically admitted below.

WGI responds to Plaintiffs' allegations in like-numbered paragraphs as follows:

1.        WGI DENIES each and every allegation of Paragraph 1 of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that each individual named in Paragraph 1 of the Complaint purports to be a named plaintiff in this action.

2.        WGI DENIES each and every allegation of Paragraph 2 of the Complaint and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

3.        WGI DENIES each and every allegation of Paragraph 3 of the Complaint and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that the individuals referred to in Paragraph 3 purport to be named plaintiffs in this action.

4.a.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.a. of the Complaint and therefore DENIES each and every allegation contained therein.

4.b.      WGI admits that it is a non-Louisiana corporation formerly known as Morrison Knudsen Corporation, formerly known as MK-Ferguson Company, formerly known as The H.K. Ferguson Company, Inc., authorized to do and doing business in the State of Louisiana,

- 5 -

with its domicile in the State of Ohio, its principal place of business in the State of Idaho, and its Louisiana principal place of business in Baton Rouge, Louisiana.

4.c.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.c. of the Complaint and therefore DENIES each and every allegation contained therein.

4.d.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.d. of the Complaint and therefore DENIES each and every allegation contained therein.

4.e.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.e. of the Complaint and therefore DENIES each and every allegation contained therein.

4.f.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.f. of the Complaint and therefore DENIES each and every allegation contained therein.

4.g.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.g. of the Complaint and therefore DENIES each and every allegation contained therein.

4.h.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.h. of the Complaint and therefore DENIES each and every allegation contained therein.

4.i.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.i. of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

4.j.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.j. of the Complaint and therefore DENIES each and every allegation contained therein.

4.k.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.k. of the Complaint and therefore DENIES each and every allegation contained therein.

4.l.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.l. of the Complaint and therefore DENIES each and every allegation contained therein.

4.m.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.m. of the Complaint and therefore DENIES each and every allegation contained therein.

4.n.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.n. of the Complaint and therefore DENIES each and every allegation contained therein.

4.o.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.o. of the Complaint and therefore DENIES each and every allegation contained therein.

4.p.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.p. of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

4.q.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.q. of the Complaint and therefore DENIES each and every allegation contained therein.

4.r.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.r. of the Complaint and therefore DENIES each and every allegation contained therein.

4.s.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.s. of the Complaint and therefore DENIES each and every allegation contained therein.

4.t.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.t. of the Complaint and therefore DENIES each and every allegation contained therein.

4.u.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.u. of the Complaint and therefore DENIES each and every allegation contained therein.

4.v.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.v. of the Complaint and therefore DENIES each and every allegation contained therein.

4.w.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.w. of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

4.x.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.x. of the Complaint and therefore DENIES each and every allegation contained therein.

4.y.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.y. of the Complaint and therefore DENIES each and every allegation contained therein.

4.z.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.z. of the Complaint and therefore DENIES each and every allegation contained therein.

4.aa.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.aa. of the Complaint and therefore DENIES each and every allegation contained therein.

4.bb.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.bb. of the Complaint and therefore DENIES each and every allegation contained therein.

4.cc.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.cc. of the Complaint and therefore DENIES each and every allegation contained therein.

4.dd.      WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.dd. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ee.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ee. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ff.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ff. of the Complaint and therefore DENIES each and every allegation contained therein.

4.gg.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.gg. of the Complaint and therefore DENIES each and every allegation contained therein.

4.hh.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.hh. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ii.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ii. of the Complaint and therefore DENIES each and every allegation contained therein.

4.jj.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.jj. of the Complaint and therefore DENIES each and every allegation contained therein.

4.kk.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.kk. of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

4.ll.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ll. of the Complaint and therefore DENIES each and every allegation contained therein.

4.mm.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.mm. of the Complaint and therefore DENIES each and every allegation contained therein.

4.nn.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.nn. of the Complaint and therefore DENIES each and every allegation contained therein.

4.oo.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.oo. of the Complaint and therefore DENIES each and every allegation contained therein.

4.pp.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.pp. of the Complaint and therefore DENIES each and every allegation contained therein.

4.qq.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.qq. of the Complaint and therefore DENIES each and every allegation contained therein.

4.rr.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.rr. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ss.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ss. of the Complaint and therefore DENIES each and every allegation contained therein.

4.tt.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.tt. of the Complaint and therefore DENIES each and every allegation contained therein.

4.uu.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.uu. of the Complaint and therefore DENIES each and every allegation contained therein.

4.vv.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.vv. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ww.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ww. of the Complaint and therefore DENIES each and every allegation contained therein.

4.xx.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.xx. of the Complaint and therefore DENIES each and every allegation contained therein.

4.yy.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.yy. of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

4.zz.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.zz. of the Complaint and therefore DENIES each and every allegation contained therein.

4.aaa.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.aaa. of the Complaint and therefore DENIES each and every allegation contained therein.

4.bbb.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.bbb. of the Complaint and therefore DENIES each and every allegation contained therein.

4.ccc.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 4.ccc. of the Complaint and therefore DENIES each and every allegation contained therein.

5.          WGI DENIES each and every allegation of Paragraph 5 of the Complaint, except that WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site").  WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.

6.          WGI DENIES each and every allegation of Paragraph 6 of the Complaint and DENIES that that Plaintiffs and any putative class members are entitled to the relief sought

- 13 -

in the Complaint or to any other relief whatsoever from WGI.  WGI admits, however, that Plaintiffs allege they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and costs.

      7.        WGI admits that federal question jurisdiction exists because WGI was a contractor of the Federal Government when it performed the work to which this Complaint pertains.  WGI DENIES each and every remaining allegation in Paragraph 7 of the Complaint.

      8.        WGI DENIES each and every allegation of Paragraph 8 of the Complaint. Venue is improper in this District because any proceeding in the Eastern District of Louisiana will violate WGI's right to a hearing before a disinterested judge and/or jury.

      9.        Paragraph 9 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 9 of the Complaint.

      10.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 10 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina was in the Gulf of Mexico on August 27, 2005.  To the extent that Paragraph 10 relies on statements contained in the public record, those statements speak for themselves.

      11.       WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 11 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina increased in strength on August 28, 2005.  To the extent that Paragraph 11 relies on statements contained in the public record, those statements speak for themselves.

855637v.1

12.　　　　WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 12 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005.

13.　　　　WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 13 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that flooding occurred in the Lower Ninth Ward following Hurricane Katrina.

14.　　　　WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 14 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

15.　　　　WGI DENIES each and every allegation in the third sentence of Paragraph 15 of the Complaint. WGI is without sufficient information or knowledge as to the allegations in the first and second sentences of Paragraph 15 of the Complaint and therefore DENIES each and every allegation contained therein.

16.　　　　WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 16 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Paragraph 8-13 of the U.S. Army Corps of Engineers Manual on Engineering, Design and Construction of Levees dated April 30, 2000 states that "[f]or stability reasons, I floodwalls rarely exceed 2.13 m (7 ft) above the ground surface" and "[t]he inverted T floodwall is used to make floodwall levee enlargements when walls higher than 2.13 m (7 ft) are required."

855637v.1

17.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 17 of the Complaint, and therefore DENIES each and every allegation contained therein.

18.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 18 of the Complaint, and therefore DENIES each and every allegation contained therein.

19.     WGI DENIES each and every allegation in the first sentence of Paragraph 19 of the Complaint.  WGI is without sufficient information or knowledge as to the specific allegations in the second sentence of Paragraph 19 of the Complaint and therefore DENIES each and every allegation contained therein.

20.     WGI DENIES each and every allegation of Paragraph 20 of the Complaint.

21.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 21 of the Complaint and therefore DENIES each and every allegation contained therein.

22.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 22 of the Complaint and therefore DENIES each and every allegation contained therein.

23.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 23 of the Complaint and therefore DENIES each and every allegation contained therein.

24.     WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

24.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 24 of the Complaint and therefore DENIES each and every allegation contained therein.

25.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 25 of the Complaint and therefore DENIES each and every allegation contained therein.

26.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 26 of the Complaint and therefore DENIES each and every allegation contained therein.

27.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 27 of the Complaint and therefore DENIES each and every allegation contained therein.

28.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 28 of the Complaint and therefore DENIES each and every allegation contained therein.

29.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 29 of the Complaint and therefore DENIES each and every allegation contained therein.

30.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 30 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

31.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 31 of the Complaint and therefore DENIES each and every allegation contained therein.

32.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 32 of the Complaint and therefore DENIES each and every allegation contained therein.

33.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 33 of the Complaint and therefore DENIES each and every allegation contained therein.

34.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 34 of the Complaint and therefore DENIES each and every allegation contained therein.

35.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 35 of the Complaint and therefore DENIES each and every allegation contained therein.

36.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 36 of the Complaint and therefore DENIES each and every allegation contained therein except that WGI admits on information and belief that flooding occurred in the Lower Ninth Ward following Hurricane Katrina.

37.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 37 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

VI.[1]               WGI DENIES each and every allegation of Paragraph VI of the Complaint and DENIES that this action properly may be maintained as a class action and that the proposed class definition is proper or legally sufficient.  WGI further DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.

38.               WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 38 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that Hurricane Katrina made landfall along the Gulf Coast on August 29, 2005.

39.               WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 39 of the Complaint and therefore DENIES each and every allegation contained therein, except that WGI admits on information and belief that flooding occurred in and around New Orleans following Hurricane Katrina.

40.               WGI DENIES each and every allegation in Paragraph 40 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations in Paragraph 40, and therefore DENIES each and every remaining allegation contained therein.

41.               WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 41 of the Complaint and therefore DENIES each and every allegation contained therein.

---

[1] Plaintiffs' Complaint did not independently number the paragraph under Roman numeral VI ("Causes of Action Related to Levee/Flood Wall Failures").  *See* Compl. at 23.  WGI has therefore designated this paragraph as Paragraph VI.

855637v.1

42.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 42 of the Complaint and therefore DENIES each and every allegation contained therein.

43.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 43 of the Complaint and therefore DENIES each and every allegation contained therein.

44.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 44 of the Complaint and therefore DENIES each and every allegation contained therein.

45.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 45 of the Complaint and therefore DENIES each and every allegation contained therein.

46.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 46 of the Complaint and therefore DENIES each and every allegation contained therein.

47.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 47 of the Complaint and therefore DENIES each and every allegation contained therein.

48.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 48 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

49.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 49 of the Complaint and therefore DENIES each and every allegation contained therein.

50.          WGI DENIES each and every allegation contained in Paragraph 50 of the Complaint, except WGI admits that in 1999 WGI's predecessor, Morrison Knudesn Corporation, contracted with the United States Army Corps of Engineers ("USACE") to demolish property improvements and perform site preparation services in the East Bank Industrial Area, bounded by the Florida Avenue Bridge to the North; the Industrial Canal to the west; the Claiborne Avenue Bridge to the south; and the floodwall to the east (the "Job Site").  WGI began working at the Job Site in January 2001, and completed its work, removed its equipment, and demobilized from the Job Site in May 2005.  At all times WGI acted at the direction and under the supervision of the USACE.

51.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 51 of the Complaint and therefore DENIES each and every allegation contained therein.

52.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 52 of the Complaint and therefore DENIES each and every allegation contained therein.

53.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 53 of the Complaint and therefore DENIES each and every allegation contained therein.

54.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 54 of the Complaint and therefore DENIES each and every allegation

855637v.1

contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

55.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 55 of the Complaint and therefore DENIES each and every allegation contained therein.

56.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 56 of the Complaint and therefore DENIES each and every allegation contained therein.

57.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 57 of the Complaint and therefore DENIES each and every allegation contained therein.

58.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 58 of the Complaint and therefore DENIES each and every allegation contained therein.

59.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 59 of the Complaint and therefore DENIES each and every allegation contained therein.

60.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 60 of the Complaint and therefore DENIES each and every allegation contained therein.

61.         WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 61 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

62.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 62 of the Complaint and therefore DENIES each and every allegation contained therein.

63.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 63 of the Complaint and therefore DENIES each and every allegation contained therein.

64.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 64 of the Complaint and therefore DENIES each and every allegation contained therein.

65.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 65 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

66.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 66 of the Complaint and therefore DENIES each and every allegation contained therein.

67.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 67 of the Complaint and therefore DENIES each and every allegation contained therein.

68.          WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 68 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that the 17th Street Canal, the London Avenue Canal, and the Industrial Canal are canals connected to Lake Ponchartrain in Orleans Parish.

855637v.1

69.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 69 of the Complaint and therefore DENIES each and every allegation contained therein.

70.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 70 of the Complaint and therefore DENIES each and every allegation contained therein.

71.        WGI DENIES each and every allegation of Paragraph 71 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 71 of the Complaint and therefore DENIES each and every allegation contained therein.

72.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 72 of the Complaint and therefore DENIES each and every allegation contained therein.

73.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 73 of the Complaint and therefore DENIES each and every allegation contained therein.

74.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 74 of the Complaint and therefore DENIES each and every allegation contained therein.

75.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 75 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

76.        WGI DENIES each and every allegation of Paragraph 76 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 76 of the Complaint and therefore DENIES each and every allegation contained therein.

77.        WGI DENIES that Plaintiffs are entitled to relief from WGI under any applicable state or federal law.  WGI admits that Plaintiffs purport to rely upon the Laws of the State of Louisiana.

78.        WGI is without sufficient information or knowledge as to the specific allegations of Paragraph 78 of the Complaint and therefore DENIES each and every allegation contained therein, except WGI admits that Plaintiffs purport to be residents of the New Orleans region.

79.        Paragraph 79 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 79 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 79 of the Complaint and therefore DENIES each and every allegation contained therein.

80.        Paragraph 80 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 80 of the Complaint pertaining to WGI and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 80 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

81.        Paragraph 81 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 81 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 81 of the Complaint and therefore DENIES each and every allegation contained therein.

82.        WGI DENIES each and every allegation of Paragraph 82 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 82 of the Complaint and therefore DENIES each and every allegation contained therein.

83.        WGI DENIES each and every allegation of Paragraph 83 of the Complaint pertaining to WGI and further DENIES that WGI is in the business of dredging the MRGO.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 83 of the Complaint and therefore DENIES each and every allegation contained therein.

84.        Paragraph 84 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 84 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 84 of the Complaint and therefore DENIES each and every allegation contained therein.

85.        Paragraph 85 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 85 of the Complaint pertaining to WGI and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI is without sufficient information or knowledge as to the remaining

855637v.1

allegations of Paragraph 85 of the Complaint and therefore DENIES each and every allegation contained therein.

86.         WGI DENIES each and every allegation of Paragraph 86 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 86 of the Complaint and therefore DENIES each and every allegation contained therein.

87.         WGI DENIES each and every allegation of Paragraph 87 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 87 of the Complaint and therefore DENIES each and every allegation contained therein.

88.         Paragraph 88 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 88 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 88 of the Complaint and therefore DENIES each and every allegation contained therein.

89.         Paragraph 89 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 89 of the Complaint pertaining to WGI and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 89 of the Complaint and therefore DENIES each and every allegation contained therein.

855637v.1

90.          WGI DENIES each and every allegation of Paragraph 90 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 90 of the Complaint and therefore DENIES each and every allegation contained therein.

91.          Paragraph 91 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 91 of the Complaint pertaining to WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 91 of the Complaint and therefore DENIES each and every allegation contained therein.

92.          Paragraph 92 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph 92 of the Complaint pertaining to WGI and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI is without sufficient information or knowledge as to the remaining allegations of Paragraph 92 of the Complaint and therefore DENIES each and every allegation contained therein.

VIII.[2]          Paragraph VIII of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph VIII of the Complaint pertaining to WGI and DENIES that Plaintiffs and any putative class members are entitled to the relief sought in the Complaint or to any other relief whatsoever from WGI.  WGI is without sufficient information or knowledge as to the remaining

---

[2] Plaintiffs' Complaint did not independently number the paragraph under Roman numeral VIII ("Wrongfull [sic] Death and Survival Damages").  *See* Compl. at 36.  WGI has therefore designated this paragraph as Paragraph VIII.

allegations of Paragraph VIII of the Complaint and therefore DENIES each and every allegation contained therein.

IX.[3]          Paragraph IX of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, WGI DENIES each and every allegation of Paragraph IX of the Complaint.

---

[3] Plaintiffs' Complaint did not independently number the paragraph under Roman numeral IX ("Request for Jury Trial").  *See* Compl. at 36.  WGI has therefore designated this paragraph as Paragraph IX.

855637v.1

\*       \*       \*

To the extent that any response is required to the Prayer for Relief, WGI DENIES each and every allegation contained therein.

Dated:         February 8, 2007                    Respectfully submitted,


/s/Heather S. Lonian
William D. Treeby, Bar No. 12901
John M. Landis, Bar No. 7958
Heather S. Lonian, Bar No. 29956
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Phone: 504-581-3200
Fax: 504-581-3361

Of Counsel:

George T. Manning
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
Phone: 404-521-3939
Fax: 404-581-8330

Adrian Wager-Zito
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Phone: 1-202-879-3939
Fax: 1-202-626-1700

*Attorneys for Defendant*
*Washington Group International*

- 30 -

855637v.1

# **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer of Defendant Washington Group International, Inc. to Plaintiffs' Original Complaint has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 8th day of February, 2007.

*/s/Heather S. Lonian*

855637v.1