

**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

<table>
<tr><td>Robin D. Smith<br>Trial Attorney<br><br>PJP:RSmith<br>157-0-272</td><td>P.O. Box 888, Benjamin Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-4289  Fax: (202) 616-5200<br>robin.doyle.smith@usdoj.gov</td></tr>
</table>

February 8, 2007

Honorable Stanwood R. Duval, Jr.
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Re:   *In re: Katrina Canal Breaches Consolidated Litigation,* Case No. 05-4182

Dear Judge Duval:

The United States submits the following response to the Court's proposed Multi-Track Case Management Order ("CMO").

As a preliminary matter, it is important to emphasize that counsel for the United States were not present during the meeting on February 1, 2007, when the Court discussed its contemplated new CMO with Plaintiffs' and Defendants' Liaison Counsel. Consequently, our understanding of the new proposed CMO is based solely on discussions with Defendants' Liaison Counsel. The United States respectfully requests that its counsel be present when a CMO is being discussed. We believe that the matters raised in the CMO are not merely administrative matters but, instead, are substantive matters that should be addressed on the record and with counsel for all parties present. In the draft CMO submitted to the Court by the parties on January 26, 2007, the United States requested that undersigned counsel, Robin Smith, serve as liaison counsel for the United States. We reiterate that request here and ask to be included in any further liaison meetings with the Court regarding this case.

**EXHIBIT**

tabbies

**C**

**U.S. Department of Justice**

Hon. Stanwood R. Duval, Jr.
February 8, 2007
Page 2

    A.    <u>Response to the Court's Proposed Multi-Track CMO</u>

        1.    Document Production

        It is our understanding that the Court's Proposed Multi-Track CMO will require that all document production involving common liability issues be completed within four months. The United States respectfully submits that four months is insufficient time to allow it to review and produce the enormous number of documents that will be relevant to the very broad common liability issues in this litigation. The Army Corps of Engineers informs us that it has collected several hundred thousand documents that are currently awaiting review, including over 1000 boxes of documents which were recently retrieved from its archives. The Corps expects that it will continue to locate additional documents in the coming months. The Corps has cautioned that a six-month estimate is overly optimistic. It believes that document production could take far longer. We believe that the process of reviewing, scanning, and creating privilege logs for these documents will take, at a minimum, six months. More realistically, we think we will need eight to nine months to review what is estimated to be several million pages.

        In order to produce to the parties the documents they want the most, we proposed in the draft CMO submitted to the Court that the parties should provide the United States with a prioritized master set of requests for documents so that we could produce the documents on a rolling basis at intervals of thirty days. For more details, please see our proposal on pages 43 - 44 of the draft CMO submitted by the parties. We request that the Court incorporate this provision or a similar provision in the final CMO.

        The Corps already has made available approximately 10,000 documents on a public website, which is located at https://ipet.wes.army.mil. In view of this disclosure, the United States proposed in the draft CMO submitted by the parties that its mandatory disclosure requirement under Fed. R. Civ. P. 26(a)(1)(B) be deemed satisfied. The plaintiffs did not object to this proposal. We, therefore, reiterate it here and request that it be adopted in the final version of the CMO.

        2.    Depositions

        The United States respectfully requests that fact depositions on the levee liability issues should be postponed until after the United States has completed its

**U.S. Department of Justice**

Hon. Stanwood R. Duval, Jr.
February 8, 2007
Page 3

document production. Otherwise, certain depositions may take place before all the
relevant documents have been produced. In that case, it can be anticipated that counsel
will seek to re-depose those witnesses if relevant documents are produced after the
depositions have taken place. Postponing depositions until after all the documents have
been produced will avoid an unnecessary waste of the parties' resources and will prevent
witnesses from being subjected to multiple depositions. This approach may also
eliminate potential discovery disputes and attendant motions which could arise if parties
seek to re-depose witnesses.

> 3.     Discovery on Jurisdictional Issues

        The Court recently denied the United States' motion to dismiss in the
*Robinson* case, holding that certain discovery was needed to allow the Court to determine
the jurisdictional issues presented therein. The United States, therefore, proposes that a
time period be allotted during which all discovery on jurisdictional issues must take place.
For the reasons stated above, the period for jurisdictional discovery should begin after the
United States has produced its documents. We anticipate that jurisdictional discovery can
be completed on a shorter schedule than the discovery on common liability issues and
propose a period of ninety days to begin immediately after the completion of document
production. Following the end of such period for discovery on jurisdictional issues, the
parties should be allotted a time period in which to file dispositive motions.

> 4.     *Robinson* Trial

        We were informed by Defendants' Liaison Counsel that the Court wishes to
hold a trial in the *Robinson* case within twelve to eighteen months. The United States
respectfully submits that the case will not be ready for trial in that time. As stated above,
the United States needs at least six months to produce relevant documents. Considering
the complexity and scope of the plaintiffs' allegations and the number of experts who
most likely will be needed, we believe that the twenty-four month schedule set out in the
Court's proposed CMO may be more realistic, albeit still difficult to meet.

> 5.     Class Certification as to the United States

        We submit that it is inappropriate to certify a class against the United States.
The Court will lack jurisdiction over any FTCA and Admiralty Extension Act class

**U.S. Department of Justice**

Hon. Stanwood R. Duval, Jr.
February 8, 2007
Page 4

actions in which the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant. Given this requirement, the first prerequisite of a class action under Fed. R. Civ. P. 23 – that the class is so numerous that joinder of all members is impracticable – cannot be satisfied as to the United States since the proposed class would consist solely of those who have satisfied the administrative claim requirements. Moreover, given the jurisdictional significance of the "sum certain" set forth in each administrative claim, a class could not be certified with respect to damages.

B.    Answers to the Court's Specific Questions Posed to the Defendants

The questions that follow were sent to counsel for the United States by liaison counsel after their February 1, 2007 meeting with the Court. We, therefore, rely on an e-mail transmission of those questions based on notes taken by liaison counsel during the meeting. In a separate submission to the Court, counsel for Orleans Levee District, the Sewerage & Water Board of New Orleans, and Washington Group International have stated objections to five of the six proposed questions. The United States concurs with those objections.

1.    *What will be the maximum number of experts to testify at a class certification hearing? What kind of experts are anticipated?*

This question does not apply to the United States since, as stated above, classes cannot be certified under the FTCA or AEA in the absence of exhaustion of administrative remedies.

2.    *What will be the maximum number of experts to testify in a trial addressing common liability issues? What kind of experts are anticipated?*

The United States contemplates that each party will need at a minimum the following types of experts: civil engineers, structural engineers, geotechnical engineers, hydrologists, meteorologists, IT specialists, geologists, and topographers. The maximum number of experts cannot be determined as of this time.

**U.S. Department of Justice**

Hon. Stanwood R. Duval, Jr.
February 8, 2007
Page 5

> 3.     *What is the earliest date for a class certification hearing in the levee group of cases? How would your answer change if plaintiffs add the United States as a defendant considering that deadline for filing Form 95s?*

Please see the section above on Class Certification as to the United States and the answer to question 1.

> 4.     *The Court will be requiring "old school" disclosures under Fed. R. Civ. P. 26 (pre-2000 amendments), which requires identifying all persons with testimony, not just favorable testimony. What will be the maximum number of people a party will be allowed to list it its initial disclosures both as to "liability witnesses" and "fact witnesses"? [is this limited to class actions?]*

In the draft CMO submitted by the parties, the United States proposed that it make its Fed. R. Civ. P. 26(a)(1)(A) disclosures on the same rolling schedule as it would produce its documents. This approach was suggested because we will need to review the relevant documents before we will be able to determine who will have information about all of the issues in this litigation. Given the number of documents we will need to review and the potential number of people we will need to identify under "old school" disclosures, we reiterate our request that our Rule 26(a)(1)(A) disclosures be made on a rolling schedule to correspond with our proposed schedule for document production. No maximum number should be set for liability witnesses or fact witnesses at this time given the amount of unknown information. We expect that we could narrow down our potential witness lists at a later date after the close of discovery.

> 5.     *The Court noted that the defendants did not have a counterproposal to paragraph 4 of the plaintiffs' proposed Preamble on page 2 of the CMO. The Court is demanding a counterproposal. That is, he want us to identify the issues ripe for "common discovery."*

This question appears to apply only to the Insurer Group of Defendants.

**U.S. Department of Justice**

Hon. Stanwood R. Duval, Jr.
February 8, 2007
Page 6

6.   *What is the maximum number of interrogatories and requests for production to be issued to each category of defendants?*

   a.   Requests for Production

   Considering the vast number of documents within the possession, custody, or control of the United States, the United States proposes, as it did in the draft CMO submitted to the Court by the parties, that the plaintiffs and defendants coordinate through their liaison representatives to produce one combined master set of requests for documents not previously made available on the IPET website. While the parties would not be limited to a maximum number of requests for production, the master set should be prioritized in the order that the parties would prefer the documents to be produced. For more details, please see our proposal on pages 43 - 44 of the draft CMO submitted by the parties.

   b.   Interrogatories

   The United States proposes that the plaintiffs coordinate through their liaison counsel to produce one combined master set of 25 interrogatories to the United States. The defendants, likewise, should coordinate through their liaison counsel to produce one combined master set of 25 interrogatories to the United States. Leave to serve additional interrogatories may be granted to the extent consistent with the principles of Rule 26(b)(2).

   Sincerely,

   Robin D. Smith
   Traci Colquette
   Kara Miller
   James McConnon
   Trial Attorneys
   Civil Division, Torts Branch

cc:   Honorable Joseph C. Wilkinson, Jr.