

# DK&S
## DEUTSCH, KERRIGAN & STILES

755 Magazine Street
New Orleans, LA 70130
*Phone* (504) 581-5141
*Fax* (504) 566-1201
www.dkslaw.com

CHARLES F. SEEMANN, JR.*
ROBERT E. KERRIGAN, JR.*
BERTRAND M. CASS, JR.
FRANCIS J. BARRY, JR.
VICTOR E. STILWELL, JR.*
PHILIP D. LORIO III
A. WENDEL STOUT III
TERRENCE L. BRENNAN (2)
MARC J. YELLIN*
HOWARD L. MURPHY
DARRELL K. CHERRY*
RICHARD B. MONTGOMERY III
WILLIAM E. WRIGHT, JR.
NANCY J. MARSHALL
ELLIS B. MUROV*
DURIS L. HOLMES
JUDY L. BURNTHORN (3)
THEODORE L. WHITE
WILLIAM C. HARRISON, JR.
JOSEPH L. McREYNOLDS
JOHN F. FAY, JR.
MARGARET M. JOFFE
VICTOR J. FRANCKIEWICZ (3)
F. THEODORE Le CLERCQ (3,6,10)
CHARLES E. LECHE (1,4)
ISAAC H. RYAN
JOHN JERRY GLAS
KERMIT L. ROUX III (4)
KEVIN J. WEBB (8)
KAREN P. HOLLAND
JANIS W. LEMLE
DOUGLAS R. ELLIOTT (3,5)
WALTER P. MAESTRI
JIMMY A. CASTEX, JR.
KEITH J. BERGERON
JENNIFER S. KILPATRICK
KATHY B. van ZUTPHEN (7,9)
JOANNE P. RINARDO
DAVID K. GROOME, JR. (3)
JOEL L. BLACKLEDGE (7)
BEVERLY ALOISIO DELAUNE
JOHN B. ESNARD III
JAMIE H. BAGLIO
JENNIFER E. ADAMS
KERRIE T. BELSOME
MEREDITH M. HAYES
KELLY L. COVINGTON
GEORGIA K. THOMAS
MICHAEL L. McMILLAN (7,12)
ASHLEY E. GILBERT
KELLY E. THEARD
BRANDI M. LaBRUZZO
CHARLOTTE C. MEADE
KEIDRA J. PHILLIPS (4)
KELLIE M. RISH
ABNER C. OGLESBY (7)
ARTHUR L. STEWART
JONATHAN M. WALSH (1)
PAUL D. HALE
SCOTT J. HEDLUND
JOSHUA G. KELLER

OF COUNSEL:
MARIAN MAYER BERKETT
WILLIAM W. MESSERSMITH III*
RAYMON G. JONES*
FREDERICK R. BOTT*
ALLEN F. CAMPBELL (4, 11)

EBERHARD P. DEUTSCH (1897-1980)
R. EMMETT KERRIGAN (1902-1980)
HARRY F. STILES (1902-1953)

February 7, 2007

**BY HAND**

Hon. Stanwood R. Duval, Jr.
United States District Judge
United States District Court for the
 Eastern District of Louisiana
500 Poydras Street, Room C-368
New Orleans, Louisiana 70130
c/o Liaison Counsel, Ralph S. Hubbard, III, Esq.

Re:  **Katrina Canal Breaches Consolidated Litigation**
*Colleen Berthelot et al. v. Boh Brothers Construction Co., LLC et al.*
C/A: 05-4182

Dear Judge Duval:

The contractor and engineer defendants, collectively "Peremption Defendants", who have successfully urged the peremption defense and who have currently pending motions raising that defense, have expressed the following concerns regarding the proposed Case Management Order.

First, while Peremption Defendants recognize the Court intends to require Rule 26 disclosures prior to ruling on Peremption Defendants' pending motions, they request that the disclosures and any follow up discovery be limited to engineering and construction on pre-Katrina projects where a breach occurred, or which involved other pre-Katrina projects where a breach occurred. Peremption Defendants suggest that this is a reasonable limitation in that many of them have been involved in

Deutsch, Kerrigan & Stiles, L.L.P.

*New Orleans • Monroe • Gulfport • Hattiesburg*

ALSO ADMITTED IN:   (1) DIST. OF COLUMBIA, (2) KANSAS, (3) MISSISSIPPI, (4) TEXAS, (5) MARYLAND, (6) TENNESSEE, (7) MISSISSIPPI: not LOUISIANA,
(8) MASSACHUSETTS, (9) ALABAMA, (10) SOUTH CAROLINA, (11) FLORIDA, (12) GEORGIA  *A PROFESSIONAL LAW CORPORATION



EXHIBIT D

Honorable Stanwood R. Duval, Jr.
February 7, 2007
Page 2

unrelated projects over the years at locations remote from the breach sites, and it would be unduly burdensome and unproductive to require them to search for, and through, files relating to those remote projects. Peremption Defendants further suggest that Plaintiffs' counsel have acknowledged the reasonableness of this limitation and had agreed to include it in the draft CMO recently submitted to the Court.

Second, Peremption Defendants request that they should not be required to disclose experts now because it is a time consuming and potentially expensive exercise, particularly if it is unnecessary. Most of the Peremption Defendants have not consulted or retained experts and had not intended to do so, given what they perceive to be the valid peremption defense.

Peremption Defendants intend to make a good faith effort to comply with what they perceive to be the Court's wishes regarding the Rule 26 disclosures. They feel that, subject to the limitations above, good faith effort means identifying all persons reasonably known to them to have knowledge of relevant information concerning the projects and identifying all relevant documents relating to the projects. Peremption Defendants ask that disclosure of documents be made by category and location in accord with the present Rule 26(a). Otherwise, in this unusual case, the Engineers and Contractors will be required to individually list thousands of documents for each breach site project, a serious hardship and expense. We note that a huge number of documents in these files are already available on the Corps of Engineers web site. Peremption Defendants plan to identify the documents by categories such as: contracts, plans, specifications, project correspondence, job logs, field notes, subcontracts, daily reports, etc.; but Peremption Defendants do not understand Rule 26, or the Court's direction on this CMO, to require production at this stage. Should the Court require production as part of the Rule 26 exercise, this will be extraordinarily time consuming and expensive, whether by copies or scanning.

We are fully prepared to comply with the production of documents made in accord with Rule 34. Considering the great volume of documents, Peremption Defendants submit it is only fair that any production costs be considered, with the party requesting production, and all parties requesting a copy, paying their share.

Those parties respectfully request that the CMO recognize the foregoing as complying with their disclosure requirements under Rule 26.

Honorable Stanwood R. Duval, Jr.
February 7, 2007
Page 3

Accordingly, Peremption Defendants respectfully request the Court to consider including the following in the CMO:

**The Peremption Defendants' (engineers and contractors) disclosures under Rule 26(a)(1) and (2) will be limited to pre-Katrina engineering and construction projects where a breach occurred, and not at locations remote from the breach sites. In view f the number of documents, disclosure of documents may be made by category and location in accord with the present Rule 26. However, production of documents is not required under this CMO, but will be subject to the Master Set of Discovery to be propounded by plaintiffs and handled pursuant to Rule 34. Once production is required by the Court, whether in response to the Master Set of Discovery, or as directed by the Court, the costs of production and copying or scanning will be shared among the requesting party and any parties desiring a copy of the documents. A uniform method of production should be agreed. In respect to disclosure of witnesses, the Peremption Defendants' expert witnesses need not be disclosed at this time and, if necessary, a time table for their disclosure will be set at a later date consistent with the status of the proceedings.**

                    Respectfully submitted,

                    Francis J. Barry, Jr.
                    Liaison Counsel for Engineers, submitted as Joint
                    Response on behalf of the Peremption
                    Defendants/Contractors & Engineers

FJB/jdh

cc:   (by email):

      Ralph S. Hubbard, III, Esq.
      Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
      601 Poydras Street, Suite 2775
      New Orleans, Louisiana 70130-6041

      Herman C. Hoffmann, Jr., Esq.
      Simon, Peragine, Smith & Redfearn, L.L.P.
      1100 Poydras Street., 30th Floor
      New Orleans, LA 70163

Honorable Stanwood R. Duval, Jr.
February 7, 2007
Page 4

>Charles F. Seemann, Jr., Esq.
>Deutsch, Kerrigan & Stiles, L.L.P.
>755 Magazine Street
>New Orleans, Louisiana 70130

>Mat M. Gray, III, Esq.
>Fowler Rodriguez
>400 Poydras Street, 30th Floor
>New Orleans, Louisiana 70130

>Michael R.C. Riess, Esq.
>Charles B. Colvin, Esq.
>Kingsmill Riess, L.L.C.
>Suite 3300
>201 St. Charles Avenue
>New Orleans, Louisiana 70170

>Dale Clary, Esq.
>Adrian G. Nadeau, Esq.
>Long Law Firm
>One United Plaza, Suite 500
>4041 Essen Lane
>Baton Rouge, Louisiana 70809

>A. Gordon Grant, Esq.
>Montgomery, Barnett, Brown, Read, Hammond & Mintz
>1100 Poydras St. Suite 3200
>New Orleans, La 70163-3200