# CHAFFE McCALL
L. L. P.

BRENT A. TALBOT  
Partner - New Orleans

Direct Dial No: (504) 585-7059  
Direct Fax No. (504) 544-6095  
E-mail: talbot@chaffe.com

February 8, 2007

The Honorable Stanwood R. Duval, Jr.  
USDC, E.D. La., Section "K"  
500 Poydras Street  
New Orleans, Louisiana 70130

The Honorable Joseph C. Wilkinson, Jr.  
USDC, E.D. La., Magistrate Division "2"  
500 Poydras Street  
New Orleans, Louisiana 70130

Re: *In Re: Katrina Canal Breaches Litigation*  
U.S. District Court, Eastern District of Louisiana,  
Civil Action No. 05-4182-SRD-JCW  
Our File:  007853/64695

Dear Judge Duval and Magistrate-Judge Wilkinson:

This letter is submitted on behalf of the railroad defendants in response to the Court's request regarding the management of the In re Katrina Litigation. As the Court is aware, each of the railroad defendants has filed 12(b)(6) motions to address the individual claims asserted in the nine cases which contain any allegation against a railroad.[1] The motions remain pending and the

---

[1] There are nine remaining cases that involve railroad defendants: *O'Dwyer v. United States, et al.* (*O'Dwyer I*), Civil Action No. 05-4181 (putative class action); *Tauzin v. Board of Commissioners for the Orleans Parish Levee District, et al.*, Civil Action No. 06-0020 (putative class action); *O'Dwyer v. Department of Transportation and Development* (*O'Dwyer II*), Civil Action No. 06-4389 (putative class action); *Adams v. Boh Brothers Construction Co, LLC*, Civil Action No. 06-4634 (putative class action); *Bourgeois v. Port of New Orleans*, Civil Action No. 06-5131 (30 individual plaintiffs); *Ferdinand v. Port of New Orleans*, Civil Action No. 06-5132 (more than 100 individual plaintiffs), *Williams v. The Port of New Orleans*, Civil Action No. 06-5137 (more than 200 individual plaintiffs), *O'Dwyer v. Louisiana Department of Transportation and Development* (*O'Dwyer III*), Civil Action No. 06-5786 (putative class action originally filed in state court but removed to federal court on 9/8/06), and *Speed v. City of New Orleans, by and through the New Orleans Public Belt Railroad Commission*, Civil Action No. 06-11208 (putative class action originally filed in state court but removed to federal court). Three of these cases are redundant "O'Dwyer" actions which seek relief only against railroad defendants CSX Transportation, Inc. and CSX Corporation; three of the cases are William Gambel-filed cases -- two of which allege that certain railroad defendants are liable as the result of a September 11, 2004 derailment and one that concerns only the Norfolk Southern Railroad; and the remaining

944470_1.DOC

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax:  
Baton Rouge: 202 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax:  
Houston: 2425 West Loop South, Suite 200 • Houston, TX 77056 • Tel: (713) 621-7711 • Fax: (713) 621-4[…]  
www.chaffe.com


EXHIBIT E

February 8, 2007
Page 2

railroads request that the Court stay discovery pending the resolution of those motions. To the extent the Court is not inclined to stay discovery as to this limited group of defendants, the Court should sever the claims against the railroad defendants from the consolidated Katrina litigation for the separate management of those claims.

The difficulty in fashioning a consolidated case management order that includes the railroad defendants is that this group of defendants has no common issues with the other "Levee Defendants" or with any other defendants in this litigation. The railroad defendants can offer the Court and the parties no disclosures, records, or witnesses that would advance the prosecution or defense of the much larger "Levee" cases.

A primary issue complicating the inclusion of the railroad defendants in the consolidated litigation is the fact that none of the railroad defendants is involved in flood control; in the creation of, or control over, navigable waterways; or in the design, engineering, construction, or maintenance of levees, floodwalls, or any other flood control structures. The railroad defendants do not work for or report to the U.S. Army Corps of Engineers or to the Orleans Levee Board or other levee districts in Louisiana, which are the entities with exclusive responsibility for flood control. Indeed, in the CSX defendants' first group of filings in August 2006, these defendants asked that the claims against them be severed and dismissed precisely because the claims against them are unrelated to the claims against the other defendants in this litigation.

The theories asserted against each of the railroad defendants are disparate, but basically pertain either to damage related to a September 11, 2004 derailment (almost one year before Hurricane Katrina) or to the location, construction and maintenance of two of the railroads' tracks and railbeds.[2] The derailment is a "red herring" and irrelevant to the Katrina cases – the floodgate damaged during that derailment was conspicuously absent for repairs for almost a year before Hurricane Katrina, and the Orleans Levee District has acknowledged that it, and not the railroads, was the party responsible for fixing the damaged floodgate (and had not done so prior to the hurricane). Moreover, the railroad defendants have no duty to protect the plaintiffs from flooding, nor can they, and claims that any of the railroads' structures were not properly built to protect plaintiffs from flooding are misplaced – the railroads' tracks, rights-of-way and roadbeds

---

three are other similar "cut and paste" suits – two of which were only just served due to the Court's January call docket hearing.

[2] The case against Norfolk Southern, which is the only action in which Norfolk Southern is a defendant, contains different allegations than the cases against the other railroad defendants. The suit involving NS is a mass joinder action by 289 claimants against the Orleans Levee District, Port of New Orleans, Louisiana DOTD, and the Army Corps of Engineers. The plaintiffs, in a one-sentence allegation against NS, contend that the levee failure was caused in part by "the failure of the earthen levees as a bed of the Norfolk and Southern Rail Road tracks." NS will have to engage in an entirely different fact and expert discovery path should the court deny its Rule 12 Motion to Dismiss. Therefore, to the extent the proposed scheduling order by the court is intended to encompass mass joinder actions, NS believes it will be impossible to complete discovery on 289 separate claimants in the proposed time frame.

944470_1.DOC

February 8, 2007
Page 3

are not flood protection structures. And the plaintiffs' claims against the CSX defendants concerning track and railbed construction and placement are barred as preempted by federal railroad statutes.

Notwithstanding these defenses, the railroads are uniquely positioned as it relates to expert or fact discovery. The Levee litigation involves issues well beyond the limited scope of allegations related to these defendants. To the extent that any railroad remains in these cases, issues as to causes of the derailment, train operations, train handling, the location of railbeds and the duties and obligations of the railroads *vis à vis* one another will require independent expert testimony and discovery. No other party involved in the Levee litigation will have similar issues from an expert or factual standpoint, and any effort to consolidate or share experts in this context will be unworkable. The railroad defendants anticipate that numerous experts will be required on each of the issues unique to these defendants.

In addition, because several of the cases against the railroads do not seek class certification, independent discovery will have to be completed as to each plaintiff, in some cases involving discovery for more than five hundred (500) plaintiffs. The current case management proposal does not allow for this contingency and leaves no opportunity for the railroad defendants to conduct discovery on issues related to the individual plaintiffs, or for that matter, discovery as to any other defendant. The railroad defendants submit that the allotted time frame for class discovery and discovery of fact related issues will not allow the opportunity to adequately prepare these matters or complete discovery prior to a certification hearing or trial.

The railroad defendants are not proper parties to this litigation, and the most efficient manner in which to manage these defendants is dismissal on the pending 12(b)(6) motions. Even if this Court determines that plaintiffs' suits against the railroad defendants should proceed, however, for the reasons noted above those suits should proceed separately from the suits against the other Katrina defendant groups. Should the Court desire a conference with the railroad defendants to discuss the separate management of plaintiffs' claims against these defendants we would be happy to arrange one.

Yours truly,

/s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
    -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075

944470_1.DOC

February 8, 2007
Page 4

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
    -of-
**RODNEY & ETTER, L.L.C.**
620 North Carrollton Avenue
New Orleans, LA 70119
Telephone: 504-483-3224
Facsimile: 504-483-2259
*Attorneys for CSX Transportation, Inc.*


/s/ Carl E. Hellmers, III
PATRICK A. TALLEY, JR. (#1616)
MICHAEL R. PHILLIPS (#21020)
CARL E. HELLMERS, III (#25705)
    -of-
**FRILOT, PARTRIDGE, L.C.**
3600 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3600
Telephone:  (504) 599-8000
Facsimile:  (504) 599-8100
*Attorneys for BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railroad Company*


/s/ Galen S. Brown
GALEN S. BROWN, T.A. (#3556)
KAREN E. MILNER (#8499)
    -of-
**HAMILTON, BROWN & BABST**
601 Poydras Street, Suite 2750
New Orleans, LA  70130
Telephone:  (504) 566-1805
Facsimile:  (504) 566-1569
E-Mail: gbrown@hamiltonfirm.net
*Attorneys for Defendant, Public Belt Railroad Commission for the City of New Orleans*

944470_1.DOC

February 8, 2007
Page 5

/s/ Benjamin Richard Slater, III
BENJAMIN RICHARD SLATER, III (#12127)
THOMAS LOUIS COLLETTA, JR. (#26851)
-of-
**LEMLE & KELLEHER, LLP**
601 Poydras Street, Suite 2100
New Orleans, LA 70130-6097
Telephone:  (504) 586-1241
Facsimile:  (504) 584-9142
***Attorneys for Norfolk Southern Railway Company (incorrectly sued as Norfolk and Southern Railroad)***

944470_1.DOC