# UNGARINO & ECKERT, L.L.C.

ATTORNEYS AT LAW
*NEW ORLEANS OFFICE*
3850 N. CAUSEWAY BLVD., SUITE 1280
METAIRIE, LOUISIANA 70002

MATTHEW J. UNGARINO
WILLIAM H. ECKERT
WAYNE R. MALDONADO
ALBERT D. GIRAUD
EMILE A. BAGNERIS III
PIERRE M. LEGRAND
BRIAN D. SMITH *
MICHAEL J. TARLETON †
BRYAN E. LEGE
DAVID P. SULLIVAN ‡
DAVID C. KIMMEL
BRUCE D. BEACH *
STEPHEN M. GELÉ

\* Admitted in Louisiana & Texas
† Admitted in Louisiana & Mississippi
‡ Admitted in Mississippi

**LOUISIANA OFFICES**
*New Orleans   Baton Rouge*
*Shreveport   Lafayette*

**MISSISSIPPI OFFICES**
*Jackson   Gulfport*

WRITER'S DIRECT DIAL: (504) 836-7556
FAX: (504) 836-7566

E-MAIL: beckert@ungarino-eckert.com

DAVID I. BORDELON
IMELDA T. FRUGÉ, R.N.
JAMES M. BENSON

K. ELIZABETH HEINEN
J. MICHAEL NASH
SHANDA L. LEWIS ‡
RHONDA J. THOMAS, R.N.
ALEJANDRO COBAR
KELLY O. THIBEAUX
NORMAN F. HODGINS III
PAUL J. HAMMER
JAMIE M. CORTEZ

SPECIAL COUNSEL
GINGER K. DEFOREST
KAREN G. ARENA

February 7, 2007

**Honorable Stanwood R. Duval, Jr.**
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C-368
New Orleans, LA 70130

**Honorable Joseph C. Wilkinson, Jr.**
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B409
New Orleans, LA 70130

Re:  *IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION*
*Request for Designation of Defendants' Independent Insurance Agents as a Representative Subgroup, Appointment of Committee Representative, and Request for Exemption from Certain Provisions of Case Management Order*

Your Honors:

The Court has previously recognized that certain categories of defendants have unique interests that would be best served by division of the defendants' into representative subgroups or committees. These preliminary subgroups include Defendants' Insurance Litigation Committee, Defendants' Governmental Entities Litigation Committee, Defendants' Dredgers Litigation Committee, Defendants' Engineers/Architects Litigation Committee, and Defendants' Contractors Litigation Committee.

EXHIBIT 7

Absent from the aforementioned list of proposed representative subgroups is that of Defendant Independent Insurance Agents. As the Court is undoubtedly aware, many of the cases now part of the *In Re Katrina Canal Breaches Consolidated Litigation* involve claims against independent insurance agents. A review of the pleadings therein indicates that the allegations asserted against insurance agents are separate and distinct from the claims asserted against other defendants. Moreover, several of the affirmative defenses applicable to these claims such as specific statutory peremption periods are unique to insurance agents. Accordingly, it is logical and prudent for the court to designate Defendants' Independent Insurance Agents[1] as an additional representative subgroup in order to facilitate communication between counsel representing various defendant independent insurance agents and to make sure the interests of independent insurance agents are adequately represented.

Therefore, we respectfully request the Court designate Defendants' Independent Insurance Agents as an additional representative subgroup and appoint William H. Eckert of Ungarino & Eckert, LLC as committee representative for the same. Ungarino & Eckert, LLC currently represents numerous independent insurance agents, including but not limited to: Stone Insurance, Inc., Powell Insurance Agency, Inc., Aparicio Walker & Seeling, Inc., Alliance Insurance Services, Inc., Martin Insurance Agency, Inc., Alvarez-Donnaway-Passon, Inc., Haeuser Insurance Agency, Inc., and Pappalardo Agency Inc., in hundreds of Hurricane Katrina-related cases pending in Louisiana federal and state courts. As such, Ungarino & Eckert, LLC is more than sufficiently qualified to act as committee representative for the category of Independent Defendants' Insurance Agents in this litigation.

Furthermore, we respectfully request the Court give consideration to the unique position of independent insurance agents in the Final Case Management and Scheduling Order. The overwhelming majority of independent insurance agents are subject to large self retention deductibles and therefore personally bear the cost of prolonged litigation. It has come to our attention that certain parties have proposed that the date for proceeding with fact discovery be pushed out by several months with all other dates adjusted accordingly. While logical reasons for the inclusion of a stay order on discovery may exist between those parties, none of those reasons are applicable to the claims against insurance agents. It is our position that several of the claims against insurance agents are clearly perempted under Louisiana law and should be dismissed without delay. In many cases, Motions for Remand are pending before the Court. The ultimate determination of the validity of the water damage exclusion in certain homeowners insurance policies is irrelevant to whether or not a plaintiff's particular claim is perempted or whether the matter should be remanded. The determination of liability for the levee failures is also of no consequence. Accordingly, there is no reason to preclude the prosecution of discovery related to the peremption of claims against insurance agents or prohibit the filing of dispositive motions predicated on peremption or lack of duty.

---

[1] To be distinguished from claims against "Captive Agents."

Moreover, the parties have proposed a Joint Electronic Repository to contain a copy of all documents produced during discovery. The cost of the proposed joint electronic repository is to be evenly split between the plaintiffs and defendants. However, the proposed joint repository makes no exception or opt out provision for defendants such as independent insurance agents who would derive virtually no benefit from the discovery contained therein. Further, no formula for the apportionment of costs between defendants is provided. It would be egregiously unfair for independent insurance agents to bear a proportional cost of discovery for claims that are unrelated to the claims against the agents and for which the agents cannot be liable. As mentioned above, the allegations asserted against insurance agents are separate and distinct from the claims asserted against other defendants, and defendant insurance agents have not made claims against the other defendants.

For the reasons expressed in the preceding paragraphs, defendant insurance agents should additionally be exempted from the proposed Joint Electronic Repository and the Phased Discovery Plan, and instead allowed to proceed with immediate discovery limited to peremption and lack of duty, and to proceed with dispositive motions based on the same, all in order to expeditiously resolve the claims at a minimum cost to the parties.

With kind regards, I remain

Sincerely yours,

William H. Eckert

WHE/NFH