UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO.: 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG. WILKERSON |
| PERTAINS TO:<br>LEVEE (06-5367)<br>CAROLE A. BREITHOFF, ET AL. V. MODJESKI<br>AND MASTERS, INC., ET AL. | | §<br>§<br>§<br>§ | |

**AFFIRMATIVE DEFENSES AND ANSWER OF**
**C.R. PITTMAN CONSTRUCTION COMPANY, INC.**

Defendant, C.R. Pittman Construction Company, Inc. ("C.R. Pittman"), responds to the Class Action Complaint for Damages (referred to herein as the "Complaint") filed by Plaintiffs, as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate C.R. Pittman's right to a hearing before a disinterested judge and/or jury.

## SECOND DEFENSE

The Complaint fails to state a claim against C.R. Pittman upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in the Complaint and, thus, Plaintiffs have no right of action.

## FOURTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Rule 19 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure Article 641.

## FIFTH DEFENSE

C.R. Pittman's scope of work was performed under the supervision and/or direction and/or control of the U.S. Army Corps of Engineers and, as such, C.R. Pittman is immune from suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Hercules v. U.S.*, 516 U.S. 417 (1996).

## SIXTH DEFENSE

C.R. Pittman's scope of work was performed in accordance with plans and/or specifications furnished to C.R. Pittman by the U.S. Army Corps of Engineers, which plans or specifications C.R. Pittman did not make or cause to be made; thus, pursuant to Louisiana Revised Statute 9:2771, C.R. Pittman has no liability.

### SEVENTH DEFENSE

C.R. Pittman's scope of work was not performed at the sites where a break occurred in any levee and/or flood wall or where any failure of any levee and/or flood wall occurred and, as such, Plaintiffs have no cause of action against C.R. Pittman.

### EIGHTH DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, force majeure, fortuitous event or an extraordinary manifestation of the forces of nature in which C.R. Pittman is not responsible or liable, and over which C.R. Pittman had no control.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or part, under the provisions of Louisiana Civil Code Article 2315 because Plaintiffs cannot establish: (i) that C.R. Pittman's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that C.R. Pittman's alleged conduct was a proximate cause or substantial factor in causing the harm alleged to have been suffered; (iii) that C.R. Pittman owed a duty to Plaintiffs that encompassed the risk that Plaintiffs would suffer the alleged harm; or (iv) that if C.R. Pittman owed such a duty to Plaintiffs, it breached that duty.

### TENTH DEFENSE

Plaintiffs' claims against C.R. Pittman are barred and/or reduced by the comparative fault of other parties and or entities for whom C.R. Pittman is not responsible.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## TWELFTH DEFENSE

The damages alleged to be suffered by Plaintiffs, to the extent any have occurred, were directly and proximately due to the fault, acts or omissions of others and are not due to the fault, acts or omissions of C.R. Pittman.

## THIRTEENTH DEFENSE

C.R. Pittman adopts and incorporates all affirmative defenses asserted by any other party to this proceeding to the extent they apply to C.R. Pittman, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and C.R. Pittman hereby reserves its right to amend its answer to assert any such defense.

## FOURTEENTH DEFENSE

Defendant requests a trial by jury as to all issues so triable by law.

## **ANSWER**

And now answering the specific allegations of the Complaint, C.R. Pittman avers as follows:

I.

The allegations of Article I of the Complaint seek a legal conclusion seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein except to admit that Hurricane Katrina made landfall on August 29, 2005.

II.

The allegations of Article II of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein except to admit that C.R. Pittman Construction Company, Inc. is a Louisiana Corporation that is domiciled in the Parish of Orleans.

III.

The allegations of Article III of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

IV.

The allegations of Article IV of the Complaint, including its subparts thereto, seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations, including its subparts thereto, are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

V.

The allegations of Article V of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein except to admit that Hurricane Katrina made landfall on August 29, 2005.

VI.

The allegations of Article VI of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

VII.

The allegations of Article VII, including subparts a and b thereto, directed at C.R. Pittman, seek a legal conclusion and do not require a response of this Defendant. To the extent that an answer is required, the allegations directed at C.R. Pittman are denied and the remaining allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

VIII.

The allegations of Article VIII of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

IX.

The allegations of Article IX of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

X.

The allegations of Article X of the Complaint are denied.

XI.

The allegations of Article XI of the Complaint do not require a response of this Defendant. To the extent that an answer is required, the allegations of Article XI are denied.

WHEREFORE, defendant, C.R. Pittman Construction Company, Inc., prays that its Answer be deemed good and sufficient and further prays for that, after due proceedings had,

Plaintiffs' claims be dismissed with prejudice, at Plaintiffs' sole cost, and for all general and equitable relief as this Court deems just and necessary.

                                                Respectfully submitted:

                                                *s/ Gerald A. Melchiode*
                                                GERALD A. MELCHIODE, T.A. (#22525)
                                                Email: jmelchiode@gjtbs.com
                                                JASON J. MARKEY (#29722)
                                                Email:  jmarkey@gjtbs.com
                                                GALLOWAY, JOHNSON, TOMPKINS,
                                                BURR & SMITH
                                                701 Poydras Street, 40th Floor
                                                New Orleans, Louisiana 70139
                                                Telephone:  (504) 525-6802
                                                Facsimile:  (504) 525-2456
                                                **Counsel for C.R. Pittman Construction Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___8th___ day of ___February___, 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

                                                s/  *Gerald A. Melchiode*
                                                Gerald A. Melchiode, T.A. #22525
                                                Email:  jmelchiode@gjtbs.com
                                                Jason J. Markey. #29722
                                                Email:  jmarkey@gjtbs.com
                                                Galloway, Johnson, Tompkins, Burr & Smith
                                                One Shell Square
                                                701 Poydras Street, 40th Floor
                                                New Orleans, Louisiana  70139
                                                Telephone:  (504) 525-6802
                                                Facsimile:  (504) 525-2456
                                                **Counsel for C.R. Pittman Construction Company, Inc.**