**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES | § | CIVIL ACTION |
| | CONSOLIDATED LITIGATION | § | NO.: 05-4182 "K"(2) |
| | | § | JUDGE DUVAL |
| | | § | MAG. WILKERSON |
| | | § | |
| | | § | |
| PERTAINS TO: | | § | JURY TRIAL DEMANDED |
| LEVEE (06-4065) | | § | |
| CATHY ADAMS, ET AL. V. BOH BROS | | § | |
| CONSTRUCTION CO., LLC, ET AL. | | § | |

**AFFIRMATIVE DEFENSES AND ANSWER OF**
**C.R. PITTMAN CONSTRUCTION COMPANY, INC.**

Defendant, C.R. Pittman Construction Company, Inc. ("C.R. Pittman"), responds to the Complaint (referred to herein as the "Complaint") filed by Plaintiffs, as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint fails to meet the prerequisites for a class action in that:

A.    The alleged class does not meet the numerosity requirement and joinder of all alleged members of the class is not impracticable;

B.    The questions of law or fact common to the alleged members of the class do not predominate over individual questions of law and fact, particularly with regard to

    individual liability and damages issues inherent in the different zones alleged in the Class Action Complaint;

C. The Plaintiffs will not be able to fairly and adequately protect the interests of the class members and do not have claims typical of the other alleged class members.

## SECOND DEFENSE

Plaintiffs have brought their Complaint in an improper venue, as any proceeding in the Eastern District of Louisiana will violate C.R. Pittman's right to a hearing before a disinterested judge and/or jury.

## THIRD DEFENSE

The Complaint fails to state a claim against C.R. Pittman upon which relief may be granted.

## FOURTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because they lack a right of action, standing or capacity, to bring some or all of the claims alleged in the Complaint and, thus, Plaintiffs have no right of action.

## FIFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to join indispensable parties, as required by Rule 19 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure Article 641.

## SIXTH DEFENSE

C.R. Pittman's scope of work was performed under the supervision and/or direction and/or control of the U.S. Army Corps of Engineers and, as such, C.R. Pittman is immune from

suit and from tort liability in accordance with the "Government Contractor Defense" recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Hercules v. U.S.*, 516 U.S. 417 (1996).

### SEVENTH DEFENSE

C.R. Pittman's scope of work was performed in accordance with plans and/or specifications furnished to C.R. Pittman by the U.S. Army Corps of Engineers, which plans or specifications C.R. Pittman did not make or cause to be made; thus, pursuant to Louisiana Revised Statute 9:2771, C.R. Pittman has no liability.

### EIGHTH DEFENSE

C.R. Pittman's scope of work was not performed at the sites where a break occurred in any levee and/or flood wall or where any failure of any levee and/or flood wall occurred and, as such, Plaintiffs have no cause of action against C.R. Pittman.

### NINTH DEFENSE

Plaintiffs' claims are barred as a result of an Act of God, force majeure, fortuitous event or an extraordinary manifestation of the forces of nature in which C.R. Pittman is not responsible or liable, and over which C.R. Pittman had no control.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or part, under the provisions of Louisiana Civil Code Article 2315 because Plaintiffs cannot establish: (i) that C.R. Pittman's alleged conduct was in any way the cause in fact of the harm alleged to have been suffered; (ii) that C.R. Pittman's alleged conduct was a proximate cause or substantial factor in causing the harm alleged to have been suffered; (iii) that C.R. Pittman owed a duty to Plaintiffs that encompassed

the risk that Plaintiffs would suffer the alleged harm; or (iv) that if C.R. Pittman owed such a duty to Plaintiffs, it breached that duty.

## ELEVENTH DEFENSE

Plaintiffs' claims against C.R. Pittman are barred and/or reduced by the comparative fault of other parties and or entities for whom C.R. Pittman is not responsible.

## TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

The damages alleged to be suffered by Plaintiffs, to the extent any have occurred, were directly and proximately due to the fault, acts or omissions of others and are not due to the fault, acts or omissions of C.R. Pittman.

## FOURTEENTH DEFENSE

C.R. Pittman adopts and incorporates all affirmative defenses asserted by any other party to this proceeding to the extent they apply to C.R. Pittman, and gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, and C.R. Pittman hereby reserves its right to amend its answer to assert any such defense.

## FIFTEENTH DEFENSE

Defendant requests a trial by jury as to all issues so triable by law.

## **ANSWER**

And now answering the specific allegations of the Complaint, C.R. Pittman avers as follows:

1.

The allegations of Article 1 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

2.

The allegations of Article 2 of the Complaint, including all subparts thereto, are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein except to admit that C.R. Pittman is a Louisiana corporation with its domicile in the Parish of Orleans.

3.

The Complaint does not contain Article 3.

4.

The allegations of Article 4 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied except to admit that C.R. Pittman conducts business in the State of Louisiana.

5.

The allegations of Article 5 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

6.

The allegations of Article 6 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

7.

The allegations of Article 7 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

8.

The allegations of Article 8 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

9.

The allegations of Article 9 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein, except to admit that Hurricane Katrina made landfall on August 29, 2005.

10.

The allegations of Article 10 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

11.

The allegations of Article 11 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

12.

The allegations of Article 12 of the Complaint are denied. The remaining allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

13.

The allegations of Article 13 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

14.

The allegations of Article 14 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

15.

The allegations of Article 15 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

16.

The allegations of Article 16 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

17.

The allegations of Article 17 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

18.

The allegations of Article 18 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

19.

The allegations contained in Article 19 of the Complaint do not require a response of this Defendant. To the extent that an answer is required, the allegations are denied.

20.

The allegations contained in Article 20 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

21.

The allegations of Article 21 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

22.

The allegations of Article 22 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

23.

The allegations of Article 23 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations

are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

24.

The allegations of Article 24 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

25.

The allegations of Article 25 of the Complaint are denied.

26.

The allegations of Article 26 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

27.

The allegations of Article 27 of the Complaint are denied except to admit that Hurricane Katrina made landfall on August 29, 2005.

28.

The allegations of Article 28 of the Complaint are denied for lack of sufficient knowledge and/ or information to justify a reasonable belief therein.

29.

The allegations of Article 29 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations

are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

30.

The allegations of Article 30 of the Complaint, including all subparts and subsections thereto, seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied.

31.

The allegations of Article 31 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

32.

The allegations of Article 32 of the Complaint, including all subparts thereto, are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

33.

The allegations of Article 33 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

34.

The allegations of Article 34 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

35.

The allegations of Article 35 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

36.

The allegations of Article 36 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

37.

The allegations of Article 37 of the Complaint, including all subparts thereto, are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

38.

The allegations of Article 38 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

39.

The allegations of Article 39 of the Complaint, including all subparts thereto, are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

40.

The allegations of Article 40 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

41.

The allegations of Article 41 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations

are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

42.

The allegations of Article 42 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

43.

The allegations of Article 43 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

44.

The allegations of Article 44 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

45.

The allegations of Article 45 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

46.

The allegations of Article 46 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

47.

The allegations of Article 47 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

48.

The allegations of Article 48 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

49.

The allegations of Article 49 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

50.

The allegations of Article 50 of the Complaint are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

51.

The allegations of Article 51 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

52.

The allegations of Article 52 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

53.

The allegations of Article 53 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

54.

The allegations of Article 54 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

55.

The allegations of Article 55 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

56.

The allegations of Article 56 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

57.

The allegations of Article 57 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

58.

The allegations of Article 58 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

59.

The allegations of Article 59 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

60.

The allegations of Article 60 of the Complaint seek a legal conclusion for which no response is required of this Defendant.  To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

61.

The allegations of Article 61 of the Complaint seek a legal conclusion for which no response is required of this Defendant. To the extent that an answer is required, the allegations are denied for lack of sufficient knowledge and/or information to justify a reasonable belief therein.

62.

The allegations of Article 62 of the Complaint are denied.

63.

The allegations of Article 63 of the Complaint do not require a response of this Defendant. To the extent that an answer is required, the allegations are denied.

64.

The allegations of Article 64 of the Complaint do not require a response of this Defendant. To the extent that an answer is required, the allegations are denied.

WHEREFORE, defendant, C.R. Pittman Construction Company, Inc., prays that its Answer be deemed good and sufficient and that, after due proceedings had, Plaintiffs' claims be dismissed with prejudice, at Plaintiffs' sole cost, and for all general and equitable relief as this Court deems just and necessary.

Respectfully submitted:

*s/ Gerald A. Melchiode*
GERALD A. MELCHIODE, T.A.  (#22525)
Email: jmelchiode@gjtbs.com
JASON J. MARKEY (#29722)
Email:  jmarkey@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
**Counsel for C.R. Pittman Construction Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___8th___ day of ___February___, 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

s/  *Gerald A. Melchiode*
Gerald A. Melchiode, T.A. #22525
Email: jmelchiode@gjtbs.com
Jason J. Markey. #29722
Email:  jmarkey@gjtbs.com
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, Louisiana  70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
**Counsel for C.R. Pittman Construction Company, Inc.**