UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO.: 05-4182 |
|---|---|
|  | SECTION: "K"(2) |
| PERTAINS TO: |  |
| INSURANCE: *Meloncon*, 06-7962 | JUDGE: DUVAL |
|  | MAGISTRATE: WILKINSON |

**<u>MEMORANDUN IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY</u>**

**MAY IT PLEASE THE COURT:**

**<u>PRELIMINARY STATEMENT</u>**

Republic Fire And Casualty Insurance Company ("Republic") submits this Memorandum in Support of Motion for Judgment on the Pleadings and seeks dismissal of the *Petition for Damages* ("Petition") filed by plaintiff, Alice Meloncon, under Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  The Petition filed by plaintiff fails to state a valid cause of action against Republic.  The primary claim asserted by plaintiff against Republic is for is for breach of contract for allegedly "breech[ing] the express terms and conditions of the policy . . ." (Petition, ¶ 9); however, plaintiff's breach of contract

1

claim must fail under Louisiana law because plaintiff has failed to allege a breach of a specific provision of the insurance policy issued by Republic to plaintiff. For this same reason, plaintiff's claim that Republic allegedly violated LSA-R.S. §§ 22:658 and 22:1220 also must fail, as such violations are wholly contingent upon a showing that the insurer actually breached a specific policy provision and/or a specific provision or requirement in each of these statutes—which again, plaintiff has failed to allege or identify. Plaintiff also fails to state a cause of action under the Louisiana Valued Policy Law, LSA-R.S. § 22:695 ("VPL"), as plaintiff has failed to allege any facts to support that the Republic policy was, in fact, a valued policy, that plaintiff's property was a total loss, and that the total loss was caused by a covered peril. Accordingly, plaintiff has failed to state a cause of action against Republic and, therefore, the judgment on the pleadings should be granted dismissing the *Petition for Damages* and all claims asserted by plaintiff.

## FACTUAL BACKGROUND

In the Petition, plaintiff alleges that she owns property located at 1024 Raymond Street, Metairie, Louisiana, and that this property was insured by Republic. (Petition, ¶¶ 4-5). Plaintiff further alleges that Hurricane Katrina "caus[ed] extensive damage to property insured under the policy." (Petition, ¶ 6). There are no other allegations or facts presented in the Petition regarding the nature, type, cause, and/or scope of damage allegedly sustained by plaintiff as a result of Hurricane Katrina. Plaintiff uses the ambiguous phrase "extensive damage" to describe her alleged loss and fails to provide any facts whatsoever to support her claim of "extensive damage" or that her property sustained a "total loss." Plaintiff even fails to use the phrase "total loss" to describe the damage to her property—which would be equally insufficient, but arguably closer to asserting a claim under the VPL.

In the Petition, plaintiff further alleges that she "submitted a claim and demand under the policy to recover for the losses sustained to insured property as a result of Hurricane Katrina." (Petition, ¶ 7). It is also alleged that "Defendant has wrongfully failed to act on the claim submitted by Plaintiff, or alternatively, has wrongfully denied the claim within the time provisions established by La. R.S. 22:658 and La. R.S. 22:1220." (Petition, ¶ 9). Plaintiff further alleges that Republic "breeched the express terms and conditions of the policy and has otherwise denied Plaintiff the insurance coverage promised by Defendant in a manner that has been arbitrary, capricious, and without probably cause." (Petition, ¶ 9). The remaining paragraphs in the Petition are filled with equally ambiguous conclusions and indiscriminate recitations of statutory language that are completely devoid of any factual support whatsoever. (*See* Petition, ¶¶ 10-20). Therein, plaintiff failed to allege a breach of a specific provision of the insurance policy issued by Republic in support of her claim. The Petition is also devoid of any factual allegations tending to support that Republic actually breached a specific policy provision and/or any specific statutory provisions or requirements to support plaintiff's claim that Republic allegedly violated LSA-R.S. §§ 22:658 and 22:1220.

The Petition also includes the conclusory allegation that "[t]he policy of insurance issued by Defendant to Plaintiff is a valued policy," (Petition, ¶ 22), and that "[i]n the event that it si (sic) determines (sic) that the insired (sic) property is a total loss and that the insured property sustained some loss covered by the policy of insurance, then, in that event, Defendant owes to Plaintiff the policy limits of said policy of insurance, less and except any sums already tendered to Plaintiff by Defendant." (Petition, ¶ 23). It is abundantly clear from Paragraph No. 23 that the claims asserted in the Petition are wholly unsupported by any facts sufficient to state a cause of action. This paragraph alone establishes that plaintiff has failed to present any factual allegations

3

sufficient to establish that plaintiff "sustained some loss covered by the policy of insurance" and/or that plaintiff's property sustained a "total loss" that would be sufficient to support a claim under the VPL.

## ARGUMENT

**I.     THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO IDENTIFY A SPECIFIC PROVISION OF THE POLICY THAT ALLEGEDLY WAS BREACHED BY REPUBLIC**

"To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002), *cert. denied*, 540 U.S. 812 (2003), *citing Bergeron v. Pan American Assurance Co.*, 731 So.2d. 1037, 1045 (La.App.4th Cir.1999)(affirming dismissal of action under Rule 12(b)(6), Fed.R.Civ.P., because the plaintiff failed to specify any policy provision that the insurer allegedly breached). Plaintiff has failed to allege this most basic requirement. Plaintiff alleges that Republic "breeched the express terms and conditions of the policy," (Petition, ¶ 9), but fails to identify any specific provision of her insurance policy that the defendant allegedly breached.

The Petition also includes the conclusory allegation that defendant purportedly failed to act on the claim submitted by plaintiff or alternatively, has wrongfully denied the claim within the time provisions established by LSA-R.S. §§ 22:658 and 22:1220 breached the express terms and conditions of the policy. (Petition, ¶ 9). This allegation is also clearly insufficient, as it likewise fails to point to a specific provision in the policy that allegedly has been breached. *See Louque*, 314 F.3d at 782. Accordingly, plaintiff's breach of contract claim fails to state a cause

4

of action upon which relief may be granted, and, therefore, should be dismissed as a matter of law.[1]

## II.  THE CLAIMS PRESENTED UNDER LSA-R.S. §§ 22:658 AND 22:1220 ALSO FAIL AS A MATTER OF LAW BASED UPON THE FAILURE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM

In order to state a claim under LSA-R.S. § 22:658 or 22:1220, a plaintiff must "first show that he has a 'valid, underlying, substantive claim upon which insurance coverage is based.'" *Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F. Supp. 882, 888 (E.D.La. 1996), *quoting Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La.App.1st Cir.1995), *writ denied*, 666 So.2d 320 (La.1996). On the basis that plaintiff's claim for breach of an insurance contract must fail as a matter of law, as discussed above, plaintiff's claims under LSA-R.S. § 22:658 or 22:1220, which are contingent *upon* the existence of a valid breach of insurance contract claim, must also necessarily fail. *Id.*; *Clausen*, 660 So.2d at 85 ("[A] plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based"); *see also Times Picayune Publ. Corp. v. Zurich Am. Ins. Co.*, 2004 WL 737474, pg. 2 (E.D.La. April 2, 2004)("If Zurich has not breached the contract, it **cannot be held liable** for bad faith breach of contract, breach of the Louisiana Insurance Code's obligations to pay and adjust claims in good faith, or breach of the implied covenant of good faith and fair dealing . . .")(emphasis added).

The penalties authorized by LSA-R.S. §§ 22:658 and 22:1220 "do not stand alone," and if the plaintiff "has no underlying breach of contract on her insurance policy, she has no claims for

---

[1]  Plaintiff also purports to allege a cause of action based upon the following conclusory allegations: refusal to pay benefits to which plaintiff allegedly is entitled; purported delayed payments to which plaintiff allegedly is entitled; and alleged failure to conduct a reasonable investigation of plaintiff's claim. (Petition, ¶ 10.) To the extent that these conclusory allegations are somehow deemed to constitute a cause of action, the underlying cause of action would be nothing more than a claim that Republic allegedly failed to perform under the insurance contract. Such a cause of action would likewise fail as a matter of law for the very same reason as plaintiff's breach of insurance contract claim—failure to identify a specific policy provision with which Republic allegedly did not comply—and, therefore, should also be dismissed.

penalties under La. R.S. 12:220 (sic) and 22:658." *Edwards v. Allstate Prop. & Cas. Ins. Co.*, No Civ. A. 04-2434, 2005 WL 221558, pg. 3 (E.D.La. Jan. 27, 2005); *see also Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La.App.3rd Cir.2002); *Riley*, 923 F. Supp. at 888. Considering that plaintiff has failed to state a valid breach of contract claim against Republic, plaintiff has also failed to allege a valid claim under LSA-R.S. §§ 22:658 and 22:1220. *Edwards*, 2005 WL 221558, pg. 3.

Moreover, plaintiff's claims LSA-R.S. §§ 22:658 and 22:1220 also fail because they are based upon factually unsupported and conclusory allegations. The Petition is devoid of any factual allegations about the circumstances supported the alleged violation of any provision or requirement found in these statutes. All plaintiff has done in the Petition is to parrot back the statutory language found in LSA-R.S. §§ 22:658 and 22:1220. Simply stating a legal conclusion that Republic's unspecified conduct allegedly was "arbitrary, capricious, and without probable cause," (Petition, ¶ 9), and parroting back the statutory language of LSA-R.S. §§ 22:658 and 22:1220 throughout the rest of the Petition without providing any factual allegations in support, is insufficient to state a cause of action. *See generally, Munz v. Parr*, 758 F.2d 1254, 1259 (8th Cir. 1985)(affirming dismissal of certain defendants where the plaintiff made "conclusory statement" that "merely parrot[ed]" the legal standard); *CCBN.com, Inc. v. Thomson Fin., Inc.,* 270 F. Supp. 2d 146, 154 (D.Mass. 2003)(dismissing claim where the complaint did "nothing more than parrot the second element" of the claim).

Considering that the Petition is completely devoid of any factual allegations tending to support that Republic actually breached a specific policy provision and/or any specific statutory provisions or requirements to support plaintiff's claim that Republic allegedly violated LSA-R.S. §§ 22:658 and 22:1220, plaintiff has clearly failed to state a cause of action upon which relief

may be granted. Accordingly, judgment on the pleadings should be granted thereby dismissing plaintiff's claims for alleged violations of LSA-R.S. §§ 22:658 and 22:1220.

### III.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE LOUISIANA VALUED POLICY LAW, LSA-R.S. § 22:695

The Petition presents the conclusory allegation that "[t]he policy of insurance issued by Defendant to Plaintiff is a valued policy," (Petition, ¶ 22), and that "[i]n the event that it si (sic) determines (sic) that the insired (sic) property is a total loss and that the insured property sustained some loss covered by the policy of insurance, then, in that event, Defendant owes to Plaintiff the policy limits of said policy of insurance, less and except any sums already tendered to Plaintiff by Defendant." (Petition, ¶ 23). However, the Petition fails to state a cause of action under the Louisiana Valued Policy Law, LSA-R.S. § 22:695 ("VPL"), as plaintiff has failed to allege (1) any facts to support that the Republic policy was, in fact, a valued policy, (2) that plaintiff's property was a total loss, and (3) that the total loss was caused by a covered peril.

The Petition fails to state a claim upon which relief can be granted because plaintiff failed to allege any actual facts that Republic "placed a valuation upon the covered property and use[d] such valuation for purposes of determining the premium charge," LSA-R.S. § 22:695(A), so as to properly assert a cause of action under the VPL. As an example of the types of factual allegations required, in *Real Asset Management, Inc. v. Lloyd's of London*, 61 F.3d 1223 (5th Cir. 1995), the plaintiff-insured purchased commercial property for $75,000 and sought to obtain insurance in that amount. The defendant-insurer refused to insure the property for that amount based upon the coinsurance provision in the policy. The defendant-insurer obtained its own appraisal of the property to determine its actual cash value, which was found to be $200,000. The policy limit was based upon the appraisal and was set by the defendant-insurer at eighty percent of the actual cash value, or $160,000. The U.S. Fifth Circuit found these facts sufficient

7

to establish that the commercial property policy was a valued policy.  Contrary to *Real Asset Management*, the Petition in the instant matter is completely devoid of any similar type of factual allegations that would support a claim that the Republic policy issued to plaintiff was a valued policy as contemplated under the VPL.

Moreover, plaintiff has failed to include any allegations in the Petition that would support a finding that plaintiff's property sustained a "total loss" as required under the VPL.  There are no allegations or facts presented in the Petition regarding the nature, type, cause, and/or scope of damage allegedly sustained by plaintiff as a result of Hurricane Katrina.  Plaintiff uses the ambiguous phrase "extensive damage" to describe her alleged loss, but fails to provide any facts whatsoever to support her claim of "extensive damage" or that her property sustained a "total loss," as required to assert a claim under the VPL.  Plaintiff even fails to use the phrase "total loss" to describe the damage to her property—which would be equally insufficient, but arguably closer to asserting a claim under the VPL.  Although the Petition alleges that plaintiff's property was "extensive[ly] damage[d]," (Petition, ¶ 6), there are absolutely no facts that would support a finding that "the cost of repair exceeds the value of the property," so as to qualify as a total loss. *Real Asset Mgmt. v. Lloyd's of London*, 61 F.3d 1223, 1229 (5th Cir. 1995)(defining "total loss" under Louisiana law).

Plaintiff also has failed to include in the Petition any allegations whatsoever that a covered peril caused the entirety of any alleged "total loss."  The VPL applies only where the alleged total loss results from a covered peril. LSA-R.S. § 22:695(A).  Plaintiff has alleged that her property was "extensive[ly] damage[d]" by Hurricane Katrina, (Petition, ¶ 6), but the Petition includes no allegations or facts regarding the nature, type, cause, and/or scope of damage allegedly sustained by plaintiff as a result of Hurricane Katrina.  Plaintiff has also failed to

8

directly allege that she sustained a total loss covered caused entirely by a covered peril—which would be equally insufficient, but arguably closer to asserting a claim under the VPL. In fact, the Eastern District of Louisiana has recently determined that "Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril." *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660, 669 (E.D.La. 2006)(Vance, J). Thus, to the extent the Complaint purports to assert a claim under the VPL, it fails to allege and provide sufficient factual support that there was a "total loss" and that this loss was caused entirely by a covered peril.

Considering the above, plaintiff has failed to state a cause of action under the VPL. The Petition clearly fails to allege any facts to support that the Republic policy was, in fact, a valued policy, that plaintiff's property was a total loss, and that the total loss was caused by a covered peril. Accordingly, judgment on the pleadings should be granted thereby dismissing plaintiff's claim under LSA-R.S. § 22:695.

## CONCLUSION

Defendant, Republic Fire And Casualty Insurance Company, prays that the *Motion for Judgment on the Pleadings* be granted and that the *Petition for Damages* be dismissed, with prejudice, for failure to state a cause of action against Republic, with all costs of these proceedings assessed solely to plaintiff and for all such other general and equitable relief as this Honorable Court may deem just under the circumstances.

        Respectfully submitted,

        **LARZELERE PICOU WELLS**
            **SIMPSON LONERO, LLC**
        Suite 1100 - Two Lakeway Center
        3850 N. Causeway Boulevard
        Metairie, LA   70002
        Telephone:     (504) 834-6500
        Fax:  (504) 834-6565

BY:    **/s/ Christopher R. Pennison**
        **JAY M. LONERO, T.A. (No. 20642)**
            **jlonero@lwp-law.com**
        **CHRISTOPHER R. PENNISON (No. 22584)**
            **cpennison@lwp-law.com**
        **ANGIE ARCENEAUX AKERS (No. 26786)**
            **aakers@lwp-law.com**
        **MARGARET E. BRADLEY (No. 3377)**
            **mbradley@lwp-law.com**

        **ATTORNEYS FOR REPUBLIC FIRE AND**
        **CASUALTY INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on this <u>8th</u> day of February, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

        <u>/s/ Christopher R. Pennison</u>