UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NO.  05-4182 "K" (2) |
| | * | |
| RELATES TO: | * | JUDGE DUVAL |
| LEVEE, CASE NUMBER: | * | |
| TAUZIN, ET AL. – 06-0020 | * | MAG. WILKINSON |
| * * * * * * * * * * * * * * * * * * * * | * | |

**ANSWER AND DEFENSES**

**NOW INTO COURT,** through undersigned counsel, comes defendant Sewerage and Water Board of New Orleans, and in response to the Second Amended Class Action Complaint (which amended, supplemented and restated the original and first amended complaints) [Doc. 675] (hereinafter "Complaint") and in response to the Second Amended Complaint filed by plaintiffs, avers as follows:

**FIRST DEFENSE**

The Complaint and Second Amended Complaint fail to state a claim upon which relief may be granted against this defendant under any cited federal and/or state law and/or are impermissibly vague.

**SECOND DEFENSE**

Venue is improper or inconvenient, as any proceedings in the Eastern District of Louisiana may violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

**THIRD DEFENSE**

Plaintiffs' have failed to join a party needed under Federal Rule of Civil Procedure 19.

## FOURTH DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the Sewerage and Water Board of New Orleans breached any such duty.

## FIFTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages allegedly suffered by plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint and the Second Amended Complaint, for whose conduct the Sewerage and Water Board of New Orleans is not responsible.

## SIXTH DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

**EIGHTH DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' harm.

**NINTH DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, alternatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should plaintiffs be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

**TENTH DEFENSE**

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

**ELEVENTH DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the immunity provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

**TWELFTH DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the immunity provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and, if judgment is rendered against it, is entitled to a limitation of liability for general damages.

**THIRTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation and owed no duty to plaintiffs with regard the conditions of the levee systems and/or floodwalls at issue.

**FOURTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers the claims of plaintiffs (and members of the putative class) are barred, in whole or in part, to the extent their claimed losses were caused by their own comparative fault, contributory negligence, and/or assumption of the risk, including but not limited to their negligent failure to follow repeated lawful orders to evacuate from the Metropolitan New Orleans area, and such other acts or omissions that may be proven at the time of trial.

**FIFTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina and/or Hurricane Rita, during the months of August and September 2005.

**SIXTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that if the plaintiffs (or members of the putative class) were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

**SEVENTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

**EIGHTEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the Sewerage and Water Board of New Orleans.

**NINETEENTH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that that the plaintiffs (and members of the putative class) have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the Sewerage and Water Board of New Orleans is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTIETH DEFENSE**

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs (and members of the putative class) claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

**TWENTY-FIRST DEFENSE**

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Sewerage and Water Board of New Orleans and gives

notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

### TWENTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that at no time material alleged in the complaint did the Sewerage and Water Board of New Orleans own any of the outfall canals listed therein, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal.

### TWENTY-THIRD DEFENSE

The exclusive right, jurisdiction, power, and authority to design, construct and maintain the levees in question is conferred by law to persons other than the Sewerage and Water Board of New Orleans.

### TWENTY-FOURTH DEFENSE

The levees in question were constructed under specific federal guidelines.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the Supremacy Clause, Article VI of the United States Constitution, because the claims are preempted by federal law, including 33 U.S.C. 701, et seq.

### TWENTY-SIXTH DEFENSE

It is averred that the allegations against defendant are improperly vague and ambiguous.

### TWENTY-SEVENTH DEFENSE

In the alternative, defendant specifically pleads the Government Contractor Defense.

### TWENTY-EIGHTH DEFENSE

This matter cannot properly be maintained as a class action.

### TWENTY-NINTH DEFENSE

The Sewerage and Water Board of New Orleans is immune pursuant to La. R. S. 9:2800.17.

### THIRTIETH DEFENSE

The Sewerage and Water Board of New Orleans is immune pursuant to La. R. S. 29:735.

### THIRTY-FIRST DEFENSE

Plaintiffs fail to state a cause of action for attorney's fees.

### THIRTY-SECOND DEFENSE

In the alternative, defendant cannot be liable to plaintiffs because defendant was in compliance with the designs, plans specifications and requirements of the United States Corps of Engineers and others.

AND NOW, answering separately the allegations of the Second Amended Class Action Complaint, the Sewerage and Water Board of New Orleans avers as follows:

I.

The averments in the "Introduction" do not require an answer from defendant, but out of an abundance of caution, any allegations directed to this defendant are denied.

II.

The allegations of paragraph 1 require no answer, however, to the extent an answer may be deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of paragraph 2 are denied.

IV.

Defendant admits that plaintiffs have made certain allegations in paragraph 3, the truth of which are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of paragraph 4 are denied.

VI.

The allegations of paragraph 5 are denied.

VII.

The allegations of paragraph 6 do not appear to require an answer, but out of an abundance of caution any allegations are denied.

VIII.

The allegations of paragraph 7 are denied.

IX.

The allegations of paragraph 8 are denied.

X.

The allegations of paragraph 9 are denied are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIV.

In response to the allegations of paragraph 13, defendant shows that this matter should not be maintained as a class and further denies the correctness of, definition of, sufficiency of and/or the breadth of the proposed class definition.

XV.

In response to the allegations of paragraph 14, defendant shows that this matter should not be maintained as a class and further denies the correctness of, definition of, sufficiency of and/or the breadth of the proposed subclasses.

XVI.

In response to the allegations of paragraph 15, defendant admits that the Sewerage and Water Board of New Orleans has been named a defendant in this litigation, and as thus admitted or qualified, the remaining allegation of paragraph 15 that may be directed to the Sewerage and Water Board of New Orleans are denied, especially plaintiffs' allegation that the Sewerage and Water Board of New Orleans "was charged with responsibility for the canals and levees at issue" is denied, and further any remaining allegations of paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVII.

In response to the allegations of paragraph 16, defendant admits that in late August, early September 2005 Hurricane Katrina made landfall somewhere along the Mississippi/Louisiana Gulf Coast and that wide-spread damage occurred thereby, and as thus admitted or qualified, the remaining allegations of paragraph 16 are denied.

XVIII.

The allegations of paragraph 17 are denied.

XIX.

The allegations of paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of paragraph 17 are denied.

XIX.

The allegations of paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations of paragraph 28 are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of paragraph 29 are denied for lack of sufficient information to justify a belief therein and are specifically denied as to this defendant.

XXXI.

The allegations of paragraph 30 are denied for lack of sufficient information to justify a belief therein and are specifically denied as to this defendant.

XXXII.

The allegations of paragraph 31 are denied for lack of sufficient information to justify a belief therein and are specifically denied as to this defendant.

XXXIII.

The allegations of paragraph 32 are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations of paragraph 33 are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations of paragraph 34 are denied for lack of sufficient information to justify a belief therein and are specifically denied as to this defendant.

XXXVI.

The allegations of paragraph 35 are denied for lack of sufficient information to justify a belief therein.

XXXVII.

In response to the allegations of paragraph 38 [there being no paragraphs numbered 36 and 37], defendant reavers each answer and defense set forth above where and if appropriate here, and denies the allegations of paragraph 38 for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations of paragraph 39 are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations of paragraph 40 are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations of paragraph 41 are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations of paragraph 42 are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations of paragraph 43 are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of paragraph 44 are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations of paragraph 45 are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations of paragraph 46 are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations of paragraph 47 are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations of paragraph 48 are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations of paragraph 49 are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations of paragraph 50 are denied for lack of sufficient information to justify a belief therein.

L.

The allegations of paragraph 51 are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations of paragraph 52 are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations of paragraph 53 are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations of paragraph 54 are denied.

LIV.

The allegations of paragraph 55 specifically directed to this defendant are denied and denied for lack of sufficient information to justify a belief therein as to the other defendants.

LV.

The allegations of paragraph 56 are denied.

LVI.

The allegations of paragraph 57 are denied.

LVII.

The allegations of paragraph 58 are denied.

LVIII.

The allegations of paragraph 59 are denied.

LIX.

The allegations of paragraph 60 are denied.

LX.

The allegations of paragraph 61 are denied.

LXI.

The allegations of paragraph 62 are denied.

LXII.

The allegations of paragraph 63 are denied because by statute plaintiffs are not entitled to trial by jury against defendant Sewerage and Water Board of New Orleans.

LXIII.

Defendant shows that no response is required to plaintiffs' "wherefore" clause, but out of an abundance of caution any allegations therein are denied.

LXIV.

In response to the allegations of plaintiffs' Second Amended Complaint, defendant Sewerage and Water Board of New Orleans shows that no response by it to the allegations of the Second Amended Complaint appear necessary, but out of an abundance of caution any allegations are denied for lack of sufficient information to justify a belief therein.

WHEREFORE, defendant, Sewerage and Water Board of New Orleans, prays that this answer and defenses be deemed good and sufficient and, after due proceedings are had, that there be judgment in favor of the Sewerage and Water Board of New Orleans and against plaintiffs (along with members of the alleged putative class), dismissing plaintiffs' Second Amended Class Action Complaint (which amended, supplemented and restated the original and first amended

complaints) and plaintiffs' Second Amended Complaint and dismissing all claims against the Sewerage and Water Board of New Orleans, with prejudice, at plaintiffs' (and members of the alleged putative class') cost, and for all general and equitable relief to which defendant may be entitled.

>Respectfully submitted,
>
>/s Kevin R. Tully                              .
>CHARLES M. LANIER, JR. - BAR #18299, T.A.
>J. WARREN GARDNER, JR. - BAR #5928
>KEVIN R. TULLY - BAR #1627
>GREGORY S. LACOUR - BAR #23823
>CHRISTOVICH & KEARNEY, LLP
>601 Poydras Street, Suite 2300
>New Orleans, Louisiana 70130-6078
>Telephone: (504) 561-5700
>
>GEORGE R. SIMNO III, T.A. (#12271)
>GERARD M. VICTOR (#9815)
>625 St. Joseph Street, Room 201
>New Orleans, Louisiana 70165
>Telephone:  (504) 585-2242
>Facsimile:   (504) 585-2426
>
>ATTORNEYS FOR DEFENDANT SEWERAGE
>AND WATER BOARD OF NEW ORLEANS

### **CERTIFICATE**

I do hereby certify that on the 9th day of February, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

>s/ Kevin R. Tully                                   

CK_DOCS 370528v1