UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| | **SECTION "K" MAG "2"** |
| **PERTAINS TO:** <br> **INSURANCE (XAIVER UNIVERSITY OF LOUISIANA V. TRAVELERS CASUALTY PROPERTY COMPANY OF AMERICA NO. 06-516)** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this Motion for Partial Summary Judgment Regarding Burden of Proof. On November 27, 2006, this Court held that the purported "flood exclusion" contained in the all risks policy of insurance issued by defendant Travelers Property Casualty Company of America ("Travelers") was ambiguous. As a result of the Court's ruling, the term "flood" was limited only to naturally occurring events, not those resulting from man-made effects.

The issue now before the Court is which party bears the burden of proving the cause of the ground water intrusion on Xavier's campus. In other words, the question is whether Xavier must

prove that the breach of the levees was the result of an act of man or whether Travelers must prove that the source of the ground water intrusion was a naturally occurring event. Louisiana law has long provided that the burden of proving a coverage exclusion rests with the insurer. Xavier understands that Travelers will take the position that the Court's November 27, 2006, ruling defining the term "flood" actually creates an exception to the exclusion, and, therefore, the burden of proof would shift back to Xavier to prove the cause of its water damage. Such a position is contrary to well established insurance principles and this Court's previous order, and Xavier requests that this Court enter partial summary judgment in its favor clarifying the burden of proof in this case.

Additional reasons in support of this motion are set forth in the attached supporting memorandum.

Respectfully Submitted:

  /s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Ralph S. Hubbard, III
>Simeon B. Reimonenq, Jr.
>601 Poydras St., Suite 2775
>New Orleans, LA   70130
>Attorneys for Travelers Property Casualty Company of America

>  /s/ James M. Garner
>JAMES M. GARNER