UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| | SECTION "K" MAG "2" |
| PERTAINS TO: INSURANCE (XAIVER UNIVERSITY OF LOUISIANA V. TRAVELERS CASUALTY PROPERTY COMPANY OF AMERICA NO. 06-516) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION FOR
### PARTIAL SUMMARY JUDGMENT REGARDING BURDEN OF PROOF

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff Xavier University of Louisiana ("Xavier"), who respectfully submits this memorandum in support of its Motion for Partial Summary Judgment Regarding Burden of Proof. On November 27, 2006, this Court held that the purported flood exclusion contained in the all risks policy of insurance issued by defendant Travelers Property Casualty Company of America ("Travelers") to Xavier was ambiguous and limited only to naturally caused events, as opposed to man-made events.

The issue now before the Court is which party bears the burden of proving the cause of the

ground water intrusion on Xavier's campus.  In other words, the question is whether Xavier must prove that the breach of the levees was the result of an act of man or whether Travelers must prove that the source of the ground water intrusion was a naturally occurring event.  As will be set forth herein, Louisiana law has long provided that the burden of proving a coverage exclusion rests with the insurer.  Accordingly, Xavier requests that this Court enter partial summary judgment in its favor addressing the proper allocation of the burden of proof in this case.

## I.      FACTS AND PROCEDURAL HISTORY

As this Court is well aware, Xavier's campus sustained significant damage as a result of Hurricane Katrina and the subsequent breaches of the various levees in the New Orleans area.  At the time of Hurricane Katrina, there was in effect a policy of insurance procured by Xavier from Travelers bearing number Y-630-528d9763-TIL-04 ("the Policy").[1]  Following the storm, Xavier made demand on Travelers for coverage for the damages sustained.  As a result of Travelers' failure to timely adjust Xavier's claim, Xavier filed the present action in this Court.  Travelers answered and asserted numerous policy exclusions as affirmative defenses.  Among the policy exclusions relied on by Travelers was the purported "flood" exclusion.

On August 24, 2006, Xavier moved for entry of a partial summary judgment[2] seeking a ruling that the "flood" exclusion was ambiguous as a matter of law because the term "flood" was undefined and should be subject to a narrow definition and applicable only to naturally occurring events. This action was eventually transferred to this Court for resolution of the common issue concerning interpretation of the flood exclusion.

---

[1]A copy of the Policy is attached hereto as Exhibit 1.

[2]Record Doc. No. 1217.

On November 27, 2006, this Court issued an Order ("the Order") addressing the proper interpretation of the flood exclusion.[3] Addressing the Travelers policy, the Court found the "flood" exclusion to be ambiguous and held that "[t]he exclusion does not clearly address flooding caused by man-induced cases and as such, the Court must find coverage."[4] Thus, the Court granted in part Xavier's motion for summary judgment holding that "the Water Damage Exclusion would provide coverage for water damage caused by the negligent acts of [man]."[5]

The issue now before the Court is which party has the ultimate burden of proving whether the water damage at Xavier's campus resulted from the acts of man or a naturally occurring event. As will be set forth below, Xavier submits that, consistent with long-standing interpretations of Louisiana law, Travelers has the burden of proving the applicability of the exclusion. This Court has defined flood to be limited solely to naturally occurring events and, as such, Travelers must prove that the ground water intrusion on Xavier's campus resulted from a natural act not an act of man.

## II.   LAW AND ANALYSIS

### A.   STANDARD FOR PARTIAL SUMMARY JUDGMENT

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy

---

[3]Record Doc. No. 1803.

[4]*Id.* at 58.

[5]*Id.* at 59.

and inexpensive determination of every action.[6]

The party moving for summary judgment bears the initial responsibility of identifying the basis

for its motion and the parts of the record that support its claim that no genuine issue of material fact

exists.[7]   The party moving for summary judgment "is not required to negate elements of the

nonmoving party's case."[8]

Once the moving party satisfies this initial burden, the burden then shifts to the non-moving

party to demonstrate that the court should not grant summary judgment.  *Ragas*, 136 F.3d at 458.

To do so, the non-moving party must "go beyond the pleadings" to identify specific facts that

establish a genuine issue for trial. *Celotex*, 477 U.S. at 324.  Rule 56 expressly requires that:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleading, but the adverse
> party's response, by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is a genuine issue for
> trial.[9]

Therefore, a party opposing a summary judgment motion must present "significant probative

evidence" to defeat the motion.[10]  "[U]nsubstantiated assertions" do not suffice to defeat a motion

for summary judgment.[11]  Similarly, if the non-moving party submits evidence that is "merely

---

[6]*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) *(*citing, *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

[7]*Burge v. Parish of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999).

[8]*Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

[9]FED. R. CIV. P. 56(e).

[10]*Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994) (quotation omitted).

[11]*Ragas*, 136 F.3d at 458.

colorable" or "not significantly probative" or establishes only a "metaphysical doubt," the movant is entitled to summary judgment.[12]

In a case such as this one, when the non-moving party will bear the burden of proof at trial on a particular issue, the burden on the moving party may be discharged by "showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."[13] The non-movant, the defendant in the present case, must then "adduce evidence which establishes a material fact concerning each of the essential elements of its case for which it will bear the burden of proof at trial."[14]

Xavier is entitled to summary judgment on these issues raised in this motion under the applicable law.

### B.     IT IS WELL ESTABLISHED THAT THE INSURER HAS THE BURDEN OF PROVING THE APPLICABILITY OF A POLICY EXCLUSION.

It is well established under Louisiana law that an insurer has the burden of proving that a loss is excluded from coverage in an insurance policy.[15]  When an insurer denies coverage based on an

---

[12]*Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000); *Skyline Air Serv., Inc. v. G.L. Capps Co.*, 916 F.2d 977, 980 (5th Cir. 1990) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

[13]*Celotex*, 477 U.S. at 325.

[14]*Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).

[15]*Cochran v. B.J. Services, Co.*, 302 F.3d 499 (5th Cir. 2002); *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000) ("On the other hand, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy."); *Dawson Farms, L.L.C. v. Millers Mutual Fire Ins. Co.*, 794 So. 2d 949, 951 (La. App. 2d Cir. 2001) ("Under Louisiana law, it is the insurance company's burden to prove that a loss comes within a policy exclusion.").

exclusion, "it bears the burden of proving facts which place the claim within the exclusion."[16]  This

is especially true where, as in the present case, the policy at issue is an "all risks" policy, meaning that

it "creates a special type of coverage that extends to risks not usually covered under other insurance;

recovery under an all-risk policy will be allowed for all fortuitous losses not resulting from

misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from

coverage."[17]  Thus, Xavier's losses, which were undoubtedly fortuitous losses, are presumed to be

covered unless this Travelers can prove, by a preponderance of the evidence, that the damages were

caused by an excluded cause of loss.

Courts considering damages arising out of Hurricane Katrina have reached a similar

conclusion regarding the burden of proof.  In *Broussard v. State Farm Fire and Casualty Co.*,[18] the

court, ruling on a motion for judgment as a matter of law, discussed the applicable burdens of proof

of the parties:

> Once the plaintiffs established this prima facie case, based on the stipulations in the
> pre-trial order, ***the burden shifted to State Farm to prove the merits of its
> affirmative defense based upon the water damage exclusion to the policy. That
> burden of proof requires State Farm to establish, by a preponderance of the
> evidence, what portion of the total loss is attributable to flood damage and is***

---

[16] *Richard v. Old Southern Life Insurance Co.*, 502 So.2d 1168 (La. App. 3 Cir. 1987). *See also Oliver and Wool Const. Co., Inc. v. Metropolitan Erection Co., Inc.*, 524 So.2d 911 (La. App. 5 Cir.1988) (stating that Louisiana law is well settled in that the insurer has the burden of proving facts which limit its liability); *Lawrence v. Moore,* 362 So.2d 803 (La. App. 4 Cir.1978) (holding that insurer did not bear its burden of proving facts necessary to bring the situation within the exclusionary clause); *Denies v. First Nat. Life Ins. Co.*, 144 So.2d 570 (La. App. 4 Cir. 1962) (finding that since the insurer rested its defense on excepted risks, the law imposes on it a duty to prove the facts which it asserts exculpates it from liability under the exclusionary provisions of the policy).

[17]*Dow Chem. Co. v. Royal Indem. Co.*, 635 F2d 379, 386 (5th Cir. 1981).  *See also Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 n.11 (5th Cir. 1990).

[18]2007 WL 113942 (S.D. Miss. Jan. 17, 2007), a copy of which is attached as Exhibit 2 for the Court's reference.

***therefore outside the policy coverage.***[19]

    **C.**       **THE COURT HAS HELD THAT THE TERM "FLOOD" AS CONTAINED IN THE POLICY EXCLUSION IS SUBJECT TO A NARROW CONSTRUCTION AND APPLICABLE ONLY TO NATURALLY OCCURRING EVENTS, AND THIS RULING DOES NOT AFFECT THE TRADITIONAL BURDEN OF PROOF IN INSURANCE CASES.**

Travelers will likely argue to this Court that Xavier bears the burden of proof in this case because, in its opinion, this Court's distinction between covered, naturally-occurring events and excluded man-made events creates an "exception" to the exclusion. In essence, Travelers would have this Court interpret the water damage exclusion to read that all floods are excluded from coverage, except where such floods are caused by man-made events. Such an argument is wholly without merit. First, this argument reads terms and language into the policy that simply does not exist. Second, the Order does not speak in terms of a coverage exception; it holds that the term "flood" as it is used in the policy should be limited and narrowly construed because it is ambiguous as a matter of law.

The Order correctly notes that the issue was whether "there are two ***interpretations*** of the term 'flood' – one which encompasses both a 'flood' which occurs solely because of natural causes and a 'flood' which occurs because of the negligent or intentional act of man and one which limits itself only to a flood which occurs solely because of natural causes."[20] Later, the Court holds that "flood" is an ambiguous term ***because it is subject to multiple interpretations***.[21] As a result of those multiple interpretations, the narrow construction must be applied because the ambiguous term is a

---

[19]*Id.* at * 2 (emphasis added).

[20]Record Doc. No. 1803 at 24 (emphasis added).

[21]*Id.* at 27.

policy exclusion.  In this case, that narrow construction is to limit the term "flood" to naturally

occurring events.

Later, the Order reinforces the limits imposed on the meaning of the term "flood" as follows:

It is the considered opinion of this Court that becase the policies are all-risk, and because "flood" has numerous definitions, it reasonably could be limited to natural occurrences.  Simply put, the language of the ISO Water Damage Exclusion chosen by the insurer is unclear.  Indeed, the broad definition defendants seek to employ – that is the term "flood" means the inundation of usually dry land by water – makes the remaining part of the exclusion superfluous.  The ensuing words "waves, tidal water overflow of a body of water or spray from any of these, whether or not driven by wind" are all instance relating to natural events which can cause inundation of usually dry land.  Thus, to use the broadest definition of the term "flood" in interpreting this exclusion, would render the rest of the clause useless.[22]

As these passages from the Court's Order make clear, the definition of the term "flood" as

it is used in the Travelers policy has been limited to exclude from coverage only naturally occurring

events.  Because the exclusion is ambiguous, its construction is limited and narrowly construed.

Nothing in the Court's ruling creates an exception to  the exclusion.  There is simply no support in

this Court's Order for Travelers' attempt to shift the burden to Xavier to prove the cause of the

ground water intrusion.  There is no exception to the exclusion; the exclusion simply is subject to a

narrow construction.

Further, other courts considering the interpretation of flood and earth movement exclusions

have noted that the insurer bears the burden of proving that the cause of the insured's loss was a

"flood" as that term was defined under the policy.  In *Popkin v. Security Mutual Insurance Company*

*of New York*,[23] the court considered whether damages caused by a busted water main were covered

---

[22]*Id.* at 41.

[23]48 A.D.2d 46 (N.Y.S.Ct. App. Div. 1975).

under the defendant's insurance policy.  The court held that the term "flood" was limited by the other

terms contained in the exclusion, and, therefore, the exclusion applied only if the flood resulted from

a natural event. Turning to the allocation of the burden of proof, the court noted that "defendant has

the burden of showing that the plaintiffs' claim comes within the exclusionary clauses enumerated

above."[24]  Thus, the court held that the policy's exclusion was subject to a narrow construction that

did not alter the traditional burden of proof in insurance cases.

A similar result was reached by the United States Fifth Circuit Court of Appeal in *Peach State*

*Uniform Service, Inc. v. American Insurance Company.*[25]  In *Peach State*, an insured sought damages

against his insurer for losses sustained when the foundation of his building gave way and the building

collapsed.  The insurer denied coverage in reliance on the policy's earth movement exclusion. The

Fifth Circuit held that the clause was ambiguous and subject to a limited construction; thus, the

exclusion applied only to naturally occurring earth movements.[26]  The court then held that there was

a lack of evidence presented that the cause of the insured's loss fit within the narrowly construed

earth movement exclusion.[27]

Finally, courts have held that a determination that a policy exclusion is ambiguous does not

alter the ordinarily accepted burden of proof as the exclusion's applicability to the loss at issue.  In

---

[24]*Id.* at 49.

[25]507 F.2d 996 (5th Cir. 1975).

[26]*See id.* at 999.

[27]*See id.* at 1000 ("The construction of this ambiguous exclusion, like the water damage exclusion, was for the district court, and in view of the lack of evidence to show that Peach State's loss resulted from earth movement, properly construed, Peach State was entitled as a matter of law to a judgment in its favor on the applicability of exclusions (B).").

*Smith v. Reliance Insurance Co. of Illinois,*[28] the court considered the applicability of a total pollution

exclusion, which had previously been held ambiguous by the Louisiana Supreme Court in the *Doerr*

case. The *Smith* court noted that the insurer had failed to meet its burden of proof that the exclusion

applied to the facts of that particular case and, therefore, the insured's damages were covered.[29]

Similarly, in *Pro-Boil Chemical & Fertilizer Co. v. United States Fire & Guaranty Co.,*[30] the court,

considering the applicability of the ambiguous total pollution exclusion, held that the insurer had met

its burden of proving that the insured's losses were within the scope of the exclusion and, therefore,

coverage was properly denied.[31]

In the present case, Xavier has satisfied its burden of showing that it sustained damages to its

property that is covered under the Travelers policy. As such, the burden now shifts to Travelers to

prove that the cause of that loss was excluded under the policy, namely that the cause of that loss was

a naturally occurring flood. As the foregoing cases make clear, the burden of proof rests with

Travelers to show that Xavier's losses are excluded from coverage. Consistent with this Court's

Order, Travelers must prove, by a preponderance of the evidence, that the ground water intrusion on

Xavier's campus was caused by a naturally covered event that is excluded from coverage.

## III.   CONCLUSION

For the foregoing reasons, Xavier respectfully requests that this Court grant its motion for

partial summary judgment regarding the burden of proof and hold, as a matter of law, that at trial

---

[28]807 So. 2d 1010 (La. App. 5th Cir. 2002).

[29]*Id.* at 1020.

[30]2004 WL 3494045 (W.D. La. Nov. 15, 2004).

[31]*Id.* at * 7.

Travelers has the burden of demonstrating that Xavier's damages were caused by an excluded cause of loss under its policy of insurance.

Respectfully Submitted:


/s/ James M. Garner
JAMES M. GARNER, #19589
DARNELL BLUDWORTH, #18801
TIMOTHY B. FRANCIS, #14973
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras St., 28th Floor
New Orleans, LA  70112
Telephone:  504-299-2100
Facsimile: 504-299-2300
COUNSEL FOR XAVIER UNIVERSITY
OF LOUISIANA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ralph S. Hubbard, III
Simeon B. Reimonenq, Jr.
601 Poydras St., Suite 2775
New Orleans, LA  70130
Attorneys for Travelers Property Casualty Company of America


/s/ James M. Garner
JAMES M. GARNER