UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>05-4181, 05-4182, 05-5237, 05-6314, 05-6324<br>05-6327, 06-0020, 06-225, 06-886, 06-2278,<br>06-2287, 06-2545, 06-2346 | SECTION "K"(2) |

## ORDER & REASONS

Before the Court is "Government Defendants', The Board of Commissioners of the Orleans Levee District and the Sewerage & Water Board of New Orleans Motion to Amend/Alter Judgment and/or to Certify the Judgment for Immediate Appeal"(Doc. #2699). Having considered the pleadings, memoranda and relevant law, the Court finds that the motion shall be **DENIED** for the reasons that follow.

Defendants appropriately designated the motion as a motion to alter or amend which is analyzed pursuant to Rule 59(e). See *St. Paul Mercury Insurance Company v. Fairgrounds Corp., et al,* 123 F.3d 336, 339 (5TH Cir. 1997)(motion to alter or amend under Rule 59(e) is proper motion

-1-

to contest summary judgment)**;** *Patin v. LA Single, Inc.***; 77** F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Lavespere v. Niagra Mach . & Tool Works, Inc*., 910 F. 2d 167, 175 (5th Cir. 1990)(motion that challenges prior summary judgment filed within ten (10) days of judgment as brought under Rule 59 (e)).

Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.2/3/1998); *Bardwell v. Sharp,* 1995 WL 517120, *1 (E.D.La.8/30/1995). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standard 'favors denial of motions to alter or amend a judgment . . . ." *Southern Contractors Group, Inc. v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir.1993) (citation omitted). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e) ]." *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993). Under the Rule 59(e) standard:

> [T]he court has considerable discretion in deciding whether to reopen a case. . . . That discretion, of course, is not limitless⋯[t]wo important judicial imperatives clash: The need to bring litigation to an end and the need to render just decisions on the basis of all the facts. The task of the district court in such a case is to strike the proper balance between these competing interests.

*2 *Beanal v. Freeport-McMoran,* 1996 WL 476879 (E.D.La.1996)( *citing Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F .2d 167 (5th Cir.1990); *In re Ingram Towing Co.,* 1994 WL 660484 (E.D.La.1994).

Generally, there are four grounds upon which a Rule 59(e) motion can be granted:(1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent to prevent manifest injustice, or (4) an intervening change in controlling law. *See e.g., Motiva Enterprises LLC v. Wegmann,* 2001 WL 246414 (E.D. La.3/12/2001); *Clay v. Daichi Shipping,* 2000 WL 6269 (E.D.La.1/5/2000); *Fields v. Pool Offshore, Inc.,* 1998 WL 43217 (E.D.La.2/3/1998); Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 125-27. Finally, a Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Clay v. Daichi Shipping,* 2000 WL 6269 (E.D.La.1/5/2000); *Campbell v. St. Tammany Parish School Bd.,* 1999 WL 777720 (E.D.La.9/29/1999).

In the instant case, the defendants contend that the Court has made an error of law and/or the Court may have committed a manifest error of fact. The defendants contend that the Court's decision conflicts with the majority of jurisprudence interpreting the Emergency Preparedness Statute including Magistrate Judge Wilkinson's opinion in *Armstead v. Nagin*, 2006 WL 3861789(E.D. La. 2006) (Doc. #2423 at 6).

The defendants discussed the same cases cited by them in the original Motion to Dismiss. The thrust of their argument is that La. R.S. 29:735 immunizes defendants for all acts ever done since time immemorial which may relate to hurricane protection. The defendants contend that the words "emergency preparedness" that are contained in the statute apply to any act no matter when performed if it might relate to an emergency. The Court in its original Order and Reasons (Doc. #2422) found that the many of the acts complained of in the complaint, which must be construed as

true for the purposes of a Rule 12(b(6) motion, are not the type of actions contemplated by the statute. Moreover, none of the cases cited by the defendants involved a factual situation that was attenuated from the immediate emergency at hand.

Additionally, the defendants contend that the Court's decision was inherently inconsistent as it failed to pare down those claims which assert negligence on the part of defendants on the eve of Hurricane Katrina's advent. It should be noted that this argument was never made by the defendants. The defendants contended the whole case should be dismissed and did not specifically argue discrete allegations which were temporally close to Hurricane Katrina. The Court has reviewed the transcript of the oral argument which took place on August 25, 2006, and has reviewed the memorandum filed in support of the Motion to Dismiss (Doc. #573-2). The argument concerning discrete allegations is glaringly absent from either the memorandum or the oral argument transcript. Therefore, counsel is asking the Court to reconsider something that was never argued by counsel and certainly would be well beyond the standards applicable to Rule 59 (e).

Counsel has argued this Court's ruling is contrary to the ruling rendered by Magistrate Judge Wilkinson in the *Armstead* case, *supra*. Counsel is certainly aware this Court is charged with responsibility of reviewing Judge Wilkinson's decisions when they are rendered in a matter lodged in this Section. Moreover, counsel for defendant should also be quite aware that this Court in its Order and Reasons on the Motion to Dismiss specifically addressed Judge Wilkinson's report and recommendation in *Armstead* and noted in its opinion that "the Court does not agree with any tangential inference that the acts or omissions of the levee board performed at times remote from Hurricane Katrina come under the ambit of the immunity statute LA Rev. Stat. 29:735" in its

adoption of Judge Wilkinson's Report and Recommendation in *Armstead.*

Moreover, the Court does not find that this a controlling issue of law that would warrant certification under 28 U.S.C. § 1292(b). There is no case that supports the Government defendants' position that all acts they performed that may relate to disaster no matter when performed are immunized. Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Alter or Amend Judgment and/or Certify the Judgment for immediate appeal is **DENIED.**

New Orleans, Louisiana, this __12th__ day of February, 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT