# EXHIBIT   J





# CITY OF NEW ORLEANS
## DEPARTMENT OF PUBLIC WORKS
1300 PERDIDO ST., ROOM 6W03 • NEW ORLEANS, LA. 70112
(504) 565-6844 • FAX 565-6848



**MARC H. MORIAL**
MAYOR

**DAVID F. FERGUSON**
DIRECTOR

April 21, 1998

Mr. Stevan G. Spencer, P.E., Chief Engineer
Orleans Levee District
Suite 202, Administration Building
6001 Stars and Stripes Blvd.
New Orleans, LA 70126-8006

RE:   OLB Project No. 24821
      Orleans Avenue Outfall Canal
      Filmore and Harrison Avenue Bridges

Dear Mr. Spencer:

This acknowledges your letter dated April 15, 1998, concerning the referenced project. Frankly, we are surprised at the position of the Corps of Engineers and the Orleans Levee District concerning the work required at the Filmore Avenue bridge. This bridge requires a minor amount of work in addition to what is included in the flood proofing plans.

In answer to the question posed in the second paragraph of your letter, no the city does not have funds available to perform this additional work. As you are undoubtedly aware, the only funds available to the Department are derived from bond issues and those funds are earmarked by the bond issue for specific purposes.

In our opinion, a bridge is a single entity from ground line on one side to ground line on the other. In a bridge you do not separate the approaches from the spans, or the deck from the guard rails - it is a single unit and must be considered as such. When work is performed on a bridge, it should include the entire bridge not just the portion the sponsor agency deems appropriate.

It is also our opinion that to work on the bridge without correcting all known defects is very dangerous and could leave the City, Orleans Levee District, and the Corps of Engineers open to unlimited liability if there should be an accident on the bridge.

000084

Mr. Stevan G. Spencer
April 21, 1998
Page 2

As a result, the preliminary plans as submitted to the Department for approval are unacceptable to the City. We will require that the guard rails on the west approach be replaced in accordance with LADOTD requirements, and the east and west approaches repaved.

Sincerely,

Thomas A. Fromherz, P.E.
Project Manager

cc      Cedric Grant
        William H. Sewell, Jr., P.E.

C:\TOM\OLD\HARFILNA.WPD

61

000085

MOTION:          20-022394

RESOLUTION:      19-022394

BY:              Commissioner James P. Huey,
                 by request

SECONDED BY:     Vice President Patricia W. Harris

                                    February 23, 1994

## R E S O L U T I O N

     WHEREAS, to meet accepted standards of practice of the Louisiana Department of Transportation and Development (LADOTD), the Orleans Levee District would attempt to design similar standards to that of the LADOTD as the approving agency for jurisdictional area construction, inter alia, covering typical plans and conventional construction drawings, evidence of third party liability insurance and registered professional engineering certification, and

     WHEREAS, these standard requirements, when made a part of the Orleans Levee District operating procedures, will meet the same requirements set by the approving agency.

     BE IT HEREBY RESOLVED, That the Orleans Levee District does hereby request permission from the Louisiana Department of Transportation and Development to utilize LADOTD:

A)    typical plans and conventional construction drawings,

B)    evidence of a "Hold Harmless Clause" as a contract provision,

C)    evidence bearing the seal of the registered professional engineering consultant.

62

000050

BE IT FURTHER RESOLVED, That the Orleans Levee District agrees to hold harmless and defend the Louisiana Department of Transportation and Development and Agency personnel of any liabilities from litigation which may develop from utilizing the approving agency accepted standards of practice.

AYES:     Commissioners Harris, Huey, Sackett, Salzan and Harvey

NAYS:     None

ABSENT:   Commissioners Boissiere, Ramelli and Rodney

RESOLUTION ADOPTED:     Yes

THE FOREGOING IS CERTIFIED TO BE A TRUE AND CORRECT COPY.

THEODORE LANGE, SECRETARY
THE BOARD OF COMMISSIONERS OF
THE ORLEANS LEVEE DISTRICT

2

*24909, 24909, 2491c*

*OLD Project No. 24909*
*London Canal*
*(Linfield)*
*1997 File*

*35 pages*

MOTION:          7-072397

RESOLUTION:      7-072397

BY:              President :

SECONDED BY:     Commissione

1997

## R E S

WHEREAS, construction of the Lake Pontchartrain and Vicinity Hurricane Protection Project (LPVHPP) was authorized by the Flood Control Act of 1965, Section 204, Public Law 298, 89th Congress, 1st Session (approved October 27, 1965), substantially in accordance with the Report of the Chief of Engineers, dated March 4, 1964 (contained in House Document No. 231, 89th Congress, 1st Session), and

WHEREAS, the LPVHPP Re-evaluation Study, dated December, 1983, approved February 7, 1985, has authorized construction of the High Level Plan, rather than the Barrier Plan, and

WHEREAS, the Board of Commissioners of the Orleans Levee District (OLD) as local sponsor for the project granted assurances to the federal government to provide all lands, easements, and rights of way necessary for construction, operation and maintenance of the project, accomplishing all necessary alterations and relocation to drainage structures and other facilities required for construction of the project, and maintaining and operating all features of the project in accordance with regulations prescribed by the Secretary of the Army, and

WHEREAS, in order for the OLD to meet its commitment to accomplish the LPVHPP assurance requirements, seven bridges over the London Avenue and Orleans Avenue Outfall Canals, currently owned and maintained by the City of New Orleans, need to be modified and, as a result, it is necessary to obtain permission from the City of New Orleans for the use of its property to provide the protection, and



64

WHEREAS, the City, as owner of the facilities, is charged with the responsibility for providing crossings in the form of bridges over the canals to meet the needs of the city traffic system, and

WHEREAS, the City, through its Orleans and London Avenue Outfall Canals Task Force (Task Force), has recommended that crossings be reconstructed so as to provide minimum impact on the neighborhoods, all of which will require exceptions to current day design requirements, and

WHEREAS, a Cooperative Endeavor Agreement between the OLD and the City of New Orleans should be developed providing a right of entry on the bridges and outlining the City of New Orleans and OLD responsibilities for maintenance of these seven bridges, and

WHEREAS, the Cooperative Endeavor Agreement would expedite the construction schedules for the seven projects, and

WHEREAS, funding for this purpose is available in the LPVHPP approved levee construction funding.

BE IT HEREBY RESOLVED, That the OLD enter into a Cooperative Endeavor Agreement, subject to legal review, outlining the responsibilities of all concerned in providing floodproofing for the seven bridges outlined above.

BE IT FURTHER RESOLVED, That the President be authorized to execute the agreement on behalf of the OLD, and that the President and/or Chief Engineer be authorized to sign any other documents to accomplish the above.

AYES:       Commissioners Cain, Hazeur-Distance, Gusman, Harris, Landry and Livingston

NAYS:       None

ABSENT:     Commissioner Lupo

RESOLUTION ADOPTED:  Yes

THE FOREGOING IS CERTIFIED TO BE A TRUE AND CORRECT COPY.

_____
ROBERT E. SMITH LUPO, SECRETARY THE BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DISTRICT

2



DEC 2 0 2001
1065
RECEIVED

*"RE-BUILDING THE CITY'S WATER SYSTEMS FOR THE 21st CENTURY"*

# Sewerage & Water Board OF NEW ORLEANS

**MARC H. MORIAL, President**
**HENRY A. DILLON, JR., President Pro-Tem**

625 ST. JOSEPH STREET
NEW ORLEANS, LA., 70165 • 585-2000
www.swbnola.org

December 20, 2001

Mr. Stevan G. Spencer, P.E.
Orleans Levee District
New Orleans Lakefront Airport
Administration Bldg. - Room 202
New Orleans, LA   70126

**RE:  Dredging under Hammond Highway Bridge
       in the 17th Street Canal**

Dear Mr. Spencer:

In accordance with Mr. Alfred C. Naomi's letter of November 6, 2001, we are attaching herewith $125,000.00 covering the dredging under Hammond Highway Bridge.

Very truly yours,

*[signature]*

GENERAL SUPERINTENDENT

GJS/J
Attachment: Check
            Letter dated 11/6/01

cc:  Mr. Alfred C. Naomi-USACOE
     Mr. Rudolph St. Germain-S&WB
     Mr. Gary Sarrat-S&WB



*Members of the Board:*  TROY A. CARTER • HENRY A. DILLON, JR. • BENJAMIN L. EDWARDS, SR. • SIDNEY H. EVANS, JR. • NORMA E. GRACE • WILLIAM F. GRACE, Jr.
RONALD C. GUIDRY • BARBARA LAMONT • MARC H. MORIAL • PENELOPE RANDOLPH • EDDIE L. SAPIR • JAMES M. SINGLETON • STAFFORD R. TUREAUD, JR.
*"An Equal Opportunity Employer"*



# DEPARTMENT OF THE ARMY

NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267
November 6, 2001

S. & W.B.
GEN. SUPT.

2001 NOV ⁻7 A 9: 29

REPLY TO
ATTENTION OF:

Planning, Programs, and
  Project Management Division
Project Management Branch - East

G. Joseph Sullivan
General Superintendent
Sewerage & Water Board of New Orleans
625 St. Joseph Street
New Orleans, LA 70165

Dear Mr. Sullivan:

This letter is in regard to our future construction contract for the Lake Pontchartrain, Louisiana, and Vicinity, High Level Plan, 17th Street Outfall Canal, Parallel Floodproofing Protection of the Old Hammond Highway Bridge. The work for this contract consists of constructing a new sealed bridge and levee/I-wall systems to provide continuous line of hurricane flood protection. This protection will incorporate reinforced concrete capped steel sheet piling I-walls, cast-in place concrete slab span girders, pile founded reinforced concrete intermediate bents and abutments, reinforced concrete roadway and approach slabs, asphaltic concrete pavement, structural steel access gates and miscellaneous metal work. In addition, the site work will include modifications to existing utilities and surface drainage; some miscellaneous electrical work; miscellaneous excavation; demolition, including removal of the existing bridge; clearing, grubbing and landscaping and various other items of work. One of the bid items included in this contract is to be performed for the benefit of the Sewerage & Water Board of New Orleans (S&WB). This betterment work consists of dredging material from the 17th Street Canal beneath and in the vicinity of the bridge to improve flows in the canal. You have previously advised in your July 27, 1999 letter (enclosed) to the Orleans Levee District that you would pay for these costs.

Because this work constitutes a betterment, funding for this work must be made available prior to contract award. We are currently scheduled to award this contract in December 2001. The cost for performing this work is estimated to be $125,000.00. We request the S&WB submit a payment in the amount of $125,000.00 to the Orleans Levee District prior to the scheduled contract award date. Please note that any additional cost above the actual construction cost associated with this effort will be the responsibility of the S&WB. We will provide you with a final accounting of all cost associated with this effort once the contract is completed.

67

-2-

Please contact me at (504) 862-2377 if we can be of further assistance and as soon as the payment is submitted to the Orleans Levee District.

Sincerely,

Alfred C. Naomi
Senior Project Manager

Copy Furnish:
Stevan G. Spencer, P.E.
Chief Engineer
Orleans Levee District
Suite 202 - Administration Building
6001 Stars and Stripes Blvd.
New Orleans, LA 70126-8006





GENERAL NOTES

STANDARD ABBREVIATIONS

SEWERAGE AND WATER BOARD GENERAL NOTES

STORM DRAINAGE NOTES

TRAFFIC NOTES

STANDARD LEGEND

ROADWAY GENERAL NOTES

Safety is a Part
of Your Contract



# DEPARTMENT OF THE ARMY
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

MAY 0 3 2002

RECEIVED

REPLY TO
ATTENTION OF:

May 2, 2002

Planning, Programs, and
  Project Management Division
Project Management Branch - East

Mr. Stevan G. Spencer, P.E.
Chief Engineer
Orleans Levee District
Suite 202 - Administration Building
6001 Stars and Stripes Blvd.
New Orleans, LA 70126-8006

Dear Mr. Spencer:

This is in regard to the damage complaint from Ms. Bertha Richardson, who resides at 5709 Warrington Drive, in the vicinity of the Lake Pontchartrain, Louisiana and Vicinity, High Level Plan, London Avenue Outfall Canal, Pumping Station #4, Fronting Protection, project in Orleans Parish.

Ms. Richardson, in her February 26, 2002 letter to you, indicated that her home sustained damages from construction of the pumping station contract. In reviewing that contract, we have concluded all operations of the contractor were performed in accordance with the contract plans and specifications

We have supplied the Orleans Levee District with copies of still photographs and videos taken prior to construction of this contract. The photographs indicate that some interior and exterior cracks were in existence prior to construction. As local sponsor the Orleans Levee District (OLD) should investigate the alleged damage. In accordance with the act of assurances executed for the Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection project, the Orleans Levee District (OLD) holds and saves the United States free from damages due to the construction works and should forward these claims to its insurance carrier for investigation.

Please be aware that any settlement agreements with the homeowners are NOT compensable or creditable under the terms of our assurance agreement. If the alleged damages are in fact due to the vibrations associated with construction operations, OLD has a statutory obligation to save and hold the Government and its contractor harmless for such damages.

CC:  M. Hearn
     G. Benoit
     C. Kreder

Please contact us if we can be of further assistance or you would like to discuss this matter further.  Your continued cooperation is appreciated.


Sincerely,


Alfred C. Naomi
Senior Project Manager


Copy Furnished:

Ms. Bertha Richardson
5709 Warrington Drive
New Orleans, LA 70122

71

12/04/97

# GENTILLY BOULEVARD BRIDGE IMPACTS

Currently, the Gentilly Boulevard bridge has the lowest deck elevation of all the bridges on the London Avenue Outfall Canal. This elevation problem, along with the open joints, makes it extremely susceptible to high level lake water problems. Once or twice a year the Orleans Levee District (OLD) is forced to sandbag the bridge roadway in order to keep lake water from coming into the city. When the city experiences heavy rains, the combination of water being pumped into the canal from Pump Station No. 3 and any rise in the lake's elevation cause seepage problems through the joints, which spurts some 6" up from the deck and runs into the street and into the city street drains.

The bridge was closed for several months in 1995 during which temporary structural repairs were jointly accomplished by the OLD and City of New Orleans. The bridge was constructed in 1936 - over sixty years ago. In general, its age and poor condition will require rebuilding in the near future, and in addition does not comply with current design standards.

The OLD and U. S. Army Corps of Engineers (USACE) are dedicated to provide flood protection for Orleans Parish and are cost-share partners in remedying the low level bridge problems for the outfall canals in Orleans Parish. To this end, approximately eleven (11) bridges in Orleans Parish need floodproofing. The floodproofing process involves removing the open joints and bringing the bridge sidewalls to the height of the adjacent floodwalls. The roadway deck will remain at or near their existing grades. The existing construction and poor condition of these bridges, and in particular the Gentilly Boulevard bridge, do not allow the existing bridge to be renovated. All of the bridges will be demolished and rebuilt. The first bridge to undergo this replacement was the recently completed Veterans Bridge over the 17th Street Canal.

The work on the Gentilly Boulevard bridge by the OLD and USACE will include total bridge replacement and bringing the bridge up to current design roadway standards, where possible. The new pre-cast deck and high side walls will eliminate the need for sandbagging the roadway. This will eliminate the inconveniences which the general public experienced in the past. The approaches on both sides of the bridge will be resurfaced to provide a gradual-sloped access,



with appropriate drainage work. Construction will be for approximately twelve months. The roadway will be closed during construction which is scheduled to begin in the spring of 1998 at a cost of $2 - $2.5M. The on-site work force will vary between fifteen and twenty-five persons, with a requirement of approximately ten material suppliers and subcontractors. There will be some five other contracts to build the other bridges.

This construction, as well as the other bridge work, will be a significant step in the rebuilding of infrastructure for the city of New Orleans. It will provide flood protection from tidal surges from Lake Pontchartrain and allow the bridges to remain open for evacuation and emergency purposes during a storm event.

73

November 7, 1997

Resident
 Gentilly Boulevard
New Orleans LA 70122

      RE:    OLB Project No. 24909
              Lake Pontchartrain and Vicinity
              Hurricane Protection Plan
              London Avenue Outfall Canal
              Gentilly Boulevard Bridge

Dear

As a part of the U. S. Army Corps of Engineers (USACE) Lake Pontchartrain and Vicinity High Level Protection Project it is necessary that all Orleans Parish outfall canal bridges be reconstructed. To meet this requirement, construction will begin this winter on the new Gentilly Boulevard Bridge across the London Avenue Outfall Canal. The project will take approximately twelve months to build. The construction contract will be administered by the USACE. It will include providing an interim flood protection system to be monitored by both the USACE and Orleans Levee District.

As a local resident, you are aware of the problems associated with this bridge each time there is a high water event in the canal. The roadway requires sandbagging which causes closure to vehicular traffic. In addition, you may recall that the roadway was closed for an extended period while temporary repairs could be made to maintain the structural capabilities of the bridge.

The new bridge will be similar to the recently completed Veterans Boulevard Bridge at the 17th Street Canal. It is designed to eliminate seepage during high water events in the canal. Furthermore, the side barriers will be tied into the existing floodwalls to prevent hurricane tidal surges from flooding the area. Planning has included selection of piles which will provide minimum impact on the area during pile driving. A pre-construction survey will be made to record existing conditions prior to construction. During construction, vibration monitoring at appropriate times will measure the effects of the contractor's operations on the area.

74

November 7, 1997
Page Two

The construction of the new bridge will require raising the surface of the bridge about twelve inches, necessitating the adjustment of the approach curbs and side walks. It will also be necessary to improve the street drainage in this area. Your driveway entrance that falls within the City's street right of way will be reconstructed at no cost to you. While all of this is being accomplished, the contractor will be required to maintain your access to your property.

We look forward to the completion of this much needed project - certainly one of benefit to all concerned. It will mean that your neighborhood will no longer be denied freedom of movement and the inconveniences associated with high water events. The new bridge will always remain open. This will also allow emergency vehicles unrestricted access to the area at all times, and a free and clear evacuation route, if required.

Should you desire additional information, please call my office at 243-4045.

Sincerely,


Stevan G. Spencer, P. E.
Chief Engineer

SGS:FPM:pns





**DEPARTMENT OF THE ARMY**
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267

REPLY TO
ATTENTION OF

CELMN-OD-SE

Department of the Army Permit Evaluation

and Decision Document

Applicant:  Sewerage and Water Board of New Orleans

Application No.:  SE (17th Street Canal)2

This document constitutes the Environmental Assessment, Statement of Findings, and, if applicable, review and compliance determination according to the 404(b)(1) guidelines for the proposed work.

The applicant has requested Department of the Army permit approval to complete project authorized June 13, 1984.

I have determined that the proposed work need not be advertised by public notice for the reason indicated below.

(X)  The proposed request is for a time extension to continue work previously authorized.  Regulations under 33 CFR 325.6(d) allow granting of time extensions without the need to readvertise a project by public notice if there have been no significant changes in the attendant circumstances since the authorization was issued.

( )  The proposed work is a minor modification or addition to work previously permitted.  The impacts of the proposed work are expected to have no adverse impacts or only very minor impacts.

( )  The proposed work qualifies for approval under 33 CFR 325.2(c)(1) by a letter of permission.

Although the proposed work is being authorized in accordance with abbreviated procedures allowed under

662

76

-2-

regulations found under 33 CFR 320 through 330, the project
has been assessed to include all the evaluation factors
cited in 33 CFR 325.3(c) even though a detailed
Environmental Assessment and a detailed Statement of
Findings have not been prepared.

(X)    Alternatives to include no action, other project
designs, and other sites were considered but not found to be
practical or feasible.

Other factors relevant to the review of the
applicant's proposal, if any, are listed below.

The permittee indicated by letter dated May 27, 1992,
that Phase I and III of the project work has been completed.
Phase II of the project was delayed due to the permittee
trying to negotiate a joint agreement between Jefferson
Parish and Orleans Parish Levee Districts to combine the
flood protection work with the permittee's dredging
operation (Phase IIA & IIB).  Once after the agreement has
been settled, approximately 60 per cent of Phase IIA has
been completed, and Phase IIB of the project commenced the
first week in June, 1992.  In the approval, the permittee
was reminded that special conditions v through hh and all
other conditions of the permit, which the work is made
subject, still remain in full force and effect.

Having reviewed the information provided by the
applicant, the permit file, and the assessment of
environmental impacts, I find this permit action will not
have a significant impact on the human environment.
Therefore, an Environmental Impact Statement will not be
required.

I find that issuance of a Department of the Army
permit, as prescribed by regulations published in 33 CFR 320
to 330 and 40 CFR 230, is not contrary to the overall public
interest.

_June 14, 1992_
Date

_18 Jun 92_
Date

_June 23, 1992_
Date

_Wrenda R. Mexter_
Preparer

_h. T. _____
Reviewer

_Albert J. ____t_
Approving Officer

663

77

SEWERAGE AND WATER BOARD

OF

NEW ORLEANS

SPECIFICATIONS

FOR


EXCAVATION AND FLOOD PROTECTION
OF THE
17TH STREET CANAL

PHASE III
LAKE PONTCHARTRAIN TO HAMMOND HIGHWAY BRIDGE

CONTRACT 4117


PROPOSALS TO BE OPENED
11:00 A.M. LOCAL TIME, FRIDAY, APRIL 15, 1988



PARTNERS

W. B. CONWAY
H. H. SNYDER
C. F. COMSTOCK
J. J. SCHERRER
J. M. KULICKI

SENIOR ASSOCIATES

R. W. CHRISTIE
C. T. FORTRAN
H. E. WALDNER

CONSULTANTS

T. R. KEALEY
R. E. FELSBURG

# MODJESKI AND MASTERS

CONSULTING ENGINEERS

*Founded 1893*

1055 ST. CHARLES AVE.
NEW ORLEANS, LA. 70130
TELEPHONE 504 · 524-4344

November 12, 1987

ASSOCIATES

H. E. ECKHOFF
T. Y. SOONG
J. E. PRICKETT
B. P. STRAIN, JR.
D. F. SORGENFREI
B. T. MARTIN, JR.
J. L. MCKENNEY
G. A. MURRAY
D. H. LEROY
R. A. LITTLE
P. C. PIERCE
L. V. BORDEN
E. W. ROHRBAUGH

JN 0908

Mr. Frederick M. Chatry,
Chief-Engineering Division
New Orleans District,
Corps of Engineers
Post Office Box 60267
New Orleans, Louisiana  70160

RE:  17TH STREET CANAL PARALLEL FLOOD PROTECTION
     PHASE 1B - HAMMOND HIGHWAY TO SOUTHERN RAILWAY
     OLB PROJECT NO. 2043-2027

Dear Mr. Chatry:

We have discovered that in our haste to deliver the 30% Plans and Specifications for the referenced project, we failed to provide some geotechnical information that we feel you will need to complete your review.  Hence you will find herewith the following two items:

1.  Land-side and Canal-side levee slope stability analyses for the reach of the canal from Station 636+00 to 638+31.  We are sending this analyses because we have varied our cross section significantly from the earlier analyses that were performed by Eustis.  This change in the cross section allowed us to move the canal more to the East in this reach and perform partial dredging of the canal without affecting the existing stability of the Jefferson side levee.  Please note that we have discovered for this reach that our preliminary plans do not reflect the same sheet pile tip elevation as shown in the calculations.  This has been corrected on our original set of plans.

2.  We are also sending canal-side analyses for typical reaches of the Jefferson levee to show that the partial dredging shown in the plans does not adversely affect the factor of safety of that levee.

We have prepared the plans showing partial dredging, even though our permit was for completed dredging of the canal, due to no positive indications from the Jefferson Levee District that they will participate in the project.  As you know, it is the wish of the Orleans Levee Board to improve flood protection along the 17th Street Canal as soon as possible.  Because the Sewerage and Water Board can realize both drainage and financial benefits by partially dredging the canal at the same time as the levee work, they have decided to go ahead with the partial dredging.  The Sewerage and Water Board will complete the dredging of the canal at the time the Jefferson Levee is modified.

# MODJESKI AND MASTERS

November 12, 1987

Mr. Frederick M. Chatry,
Chief-Engineering Division                                    Page 2


We are also attaching the preliminary cost estimate for this phase of
the project.  Please note that this estimate assumes no work will be
done to the bridges in the phase.  It is the intention of the Orleans
Levee Board to do all bridge work under a separate contract.

If your should have any questions regarding the attached analyses or
the earlier submitted plans, please call.

Very truly yours,

MODJESKI AND MASTERS
Engineers


Barney T. Martin, Jr.

BTM:gls

cc:  Mr. Ed Bailey
     Mr. Joseph Sullivan
     Mr. John Holtgreve

*Robt. E. Smith Lupo*

*Penthouse Suite   Smith Lupo Center*
*145 Robert E. Lee Boulevard*
*New Orleans, Louisiana 70124*
*(504) 283-3421*

**TO:**      Stevan Spencer, Chief Engineer, O.L.D.

**FROM:**   Robert E. Smith Lupo, Commissioner, O.L.D.

**DATE:**    September 13, 1996

**RE:**       *Information Requested for Orleans Canal Bridge Design Comparisons*

---

1.    *D.E.I. and Hartmann figures for finished U.S.A.C.E. approved design/engineering drawings, etc.*

2.    *D.E.I. and Hartmann figures for today's cost of construction of U.S.A.C.E. approved design.*

3.    *O.L.D. Engineering Staff review of design differences of D.E.I. and Hartmann designs, including:*

    A)    *Critique of structural systems used (pluses and minuses).*
    B)    *Critique of pedestrian features.*
    C)    *Critique of costs per square foot comparison as they relate to other current O.L.D. bridge projects.*
    D)    *Critique of costs per square foot design and what those differences mean if multiplied by the total number of outfall canal bridges to be built buy the O.L.D./U.S.A.C.E. Partnership. The foregoing should include the London Avenue Canal, Orleans Avenue Canal, and any other flood proofed bridge crossing that may be required in the future.*
    *Discuss the difference in the existing bridge location and length in the proposal by each firm and how it varies from the existing. What effect on cost does altering the length or width have?*



4.    *A total accounting of all monies spent to date by the O.L.D. with D.E.I. and Hartmann for all design work related to all types of bridges or floodgates for all of the outfall canals. Separate the fees into bridge design or floodgate design only for the Orleans and London Avenue Canals. Also, provide the time period (in months) over which the expenditures were made. And, provide the status of completion of the plans.*

5.    *As an internal staff review, comment on adherence to current LADOTD requirements on both designs.*

6.    *List of any questions that must be answered by U.S.A.C.E. in order for designs to be accepted by the U.S.A.C.E.*

7.    *Synopsis (one page) by the O.L.D. Engineering Staff, expressing their opinion on which design should be implemented and why.*

*Stevan, obviously the sooner we have this information to review, the sooner we can move forward on this project.*

cc:   James P. Huey, President, O.L.D.
      Patricia W. Harris, Commissioner, O.L.D.
      Marlin N. Gusman, Commissioner, O.L.D.
      Ellen Hazeur-Distance, Commissioner, O.L.D.
      Victor A. Landry, Commissioner, O.L.D.



⑦⑧

000014

# EXHIBIT   K



**The Miami Herald**
**Herald.com**

Posted on Thu, Sep. 08, 2005

HURRICANE KATRINA | THE AFTERMATH

# Closed New Orleans port creating problems

**The Port of New Orleans has effectively shut down, threatening big economic losses to other U.S. industries**

BY CHRIS ADAMS AND KEVIN G. HALL
khall@krwashington.com

**NEW ORLEANS -** The Port of New Orleans, one of the five busiest in the nation, is out of commission, and that threatens a mushrooming crisis for many U.S. industries.

Farmers in the Midwest depend on it to ship their wheat, corn, soybeans and other grains. The Mississippi River links to the Ohio, the Illinois and the Missouri rivers, and manufacturers from across the Midwest depend on vast fleets of inland river barges to carry chemicals, steel, rubber and other cargoes to world export through New Orleans.

Before Katrina, about 60 percent of the nation's exports of raw grains floated down the Mississippi, but Katrina brought the grain trade to a near halt. Grain elevator operators had been holding inventory for months because of low world prices. Now, as the approaching harvest season for corn and soybeans creates increased demand for empty storage silos, a grain-export crisis looms.

The Port of New Orleans has slowed from a bustle to a crawl as berths once reserved for giant cargo ships make way for floating hotels that will provide living quarters for about 1,000 people involved in port activities.

Port President and CEO Gary P. LaGrange hopes the port can be back to about 50 percent of normal operations within a month. "Six months from now, I really believe we'll be up to 100 percent," LaGrange said optimistically during an interview Wednesday at port offices overlooking the muddy Mississippi River.

For port users, who shipped more than 31 million tons of general cargo through New Orleans last year, six months may seem like an eternity.

Meanwhile, the lobby of the port's office building is a staging area for state police SWAT team officers.

U.S. Senate Finance Committee Chairman Charles Grassley, R-Iowa, warned Wednesday that ``while the devastation caused by Katrina in Louisiana is severe, initial reports indicate that the situation could be worse from the standpoint of resuming grain exports.''

The U.S. Coast Guard this week reopened the river to barge traffic and ocean-going ships that draw less than 39 feet of water. River terminals normally operate 24 hours a day on three shifts, but for now the river is open to traffic only during the daytime.

The partial reopening of the Mississippi doesn't much help the largest grain exporters, such as Minnesota-based Cargill Inc. It uses giant vessels that draw 42 or 45 feet of water and must call at river terminals where barges offload grain directly onto them.

"The overriding issue remains that our grain export activities are at a standstill," said David Feider, a Cargill spokesman in Minneapolis, Minn.

Cargill has studied rail and truck options and determined that "the best option remains staying right where we are," said Feider.

A single barge load of grain is equivalent to 15 rail cars or 60 tractor-trailer rigs. Soaring fuel costs make truck transport less attractive, and railcars are not available to take grain toward Great Lakes outlets such as the Port of Duluth, which would be an illogical route for southbound shipments.

A strong U.S. economy has left railroads with few spare locomotives to divert for grain shipments. Besides, rail cars used to transport grains, called hopper cars, are allocated months in advance and there are few to spare.



Closed New Orleans port creating problems                                          Page 2 of 2

"For the last three years we've been short [rail cars], and this is probably the tightest we've ever seen the market. Before the hurricane, this was the tightest market ever," said Ed McKechnie, chief commercial officer for Watco Companies, owner of the grain-carrying Mississippi Southern Railroad and the Missouri & Oklahoma Railroad.

Back in New Orleans, an estimated 1.6 million large bags of coffee beans remain locked in port warehouses, but Port CEO LaGrange believes that most of them can be salvaged. However, frozen poultry products destined for export are a total loss.

Bananas could move through neighboring ports, but University of Delaware maritime specialist James Corbett said Wednesday that as much as 20 percent of the refrigerated containers used to transport bananas are positioned at the hard-hit Port of Gulfport in Mississippi.

"This could affect the price of bananas and winter fruits ," he said.

© 2005 MiamiHerald.com and wire service sources. All Rights Reserved.
http://www.miami.com



# ALPHA TESTING AND INSPECTION, INC.

**2601-A LEXINGTON AVENUE KENNER, LOUISIANA 70062  TEL: 504-467-9694  FAX: 504-467-0166**

Report No. 49                 January 16, 2004                          ATI - 3994

**RECEIVED**

| | |
|---|---|
| Description | Report of Vibration Monitoring |
| Project | OLD Project No. 24319<br>USACE Contract DACW 29-02-C-0016<br>Hammond Highway Bridge |
| For | The Board of Commissioners<br>of the Orleans Levee District |
| Contractor | The Gulf Group |
| Reported to | The Board of Commissioners<br>of the Orleans Levee District<br>Suite 202, Administration Building<br>6001 Stars and Stripes Boulevard<br>New Orleans, LA 70126-8006<br>Attn: Mr. Stevan G. Spencer, P.E. |

*Duplicate*

*********************************************************************************

On January 15, 2004, our representative, B. Urquhart & D. Mang, reported to the above project for the purpose of monitoring vibrations from construction operations.

Ground vibration measurements were monitored using a Dallas Instrument, Serial No. 2809-17 BR2-3LF Blast Monitor. This instrument performs a vector summation of one (1) vertical and two (2) horizontal vibrations. Scale range is 0 to 4.0 inches per second (IPS).

Ground measurements were monitored at various locations and distances from the construction. All data are shown on the attached log sheet.

The maximum ground vibration reading today was 0.35 inches per second.

ALPHA TESTING & INSPECTION, INC.

Michael A. Devillier
President

(81)



| Client | The Board of Commissioners of the Orleans Levee District | | Order No. | ATI – 3994 |
|---|---|---|---|---|

Suite 202, Administration Building 6001 Stars & Stripes Boulevard          **Date**          1-15-04

**Project**   OLD Project No. 24319 USACE Contract DACW 29-02-C-0016 Hammond Hwy. Bridge

**Contractor**   The Gulf Group

**Monitor Type**   Dallas Instruments BR2-3LF Blast Monitor(2809-17)          **Settings**          0" - 4.0"

| Monitor Location | Pile Monitor Distance (Feet) | Time: Start Stop | Max. | Comments |
|---|---|---|---|---|
| Southwest rear corner of apartment #27 at fence corner. | --- | --- | --- | Calibration |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 6:30 a.m. 7:30 a.m. | .00 | Mechanical Problems On Stand – By |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 7:30 a.m. 8:30 a.m. | .00 | Mechanical Problems On Stand – By |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 8:30 a.m. 9:30 a.m. | .00 | Mechanical Problems On Stand – By |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 9:30 a.m. 10:30 a.m. | .00 | Mechanical Problems On Stand – By |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 10:30 a.m. 11:30 a.m. | .22 | Pulling Sheet Piles |
| Southwest rear corner of apartment #27 at fence corner. | 100' – 20' | 11:30 a.m. 12:30 p.m. | .24 | Pulling Sheet Piles |
| Southwest rear corner of apartment #27 at fence corner. | 40' – 80' | 12:30 p.m. 1:30 p.m. | .35 | Pulling Sheet Piles Notified Contractor |
| Southwest rear corner of apartment #27 at fence corner. | 40' – 80' | 1:30 p.m. 2:00 p.m. | .27 | Pulling Sheet Pile Notified Contractor |
| Southwest rear corner of apartment #27 at fence corner | ----- | ----- | ----- | Calibration |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |




Jefferson Parish Side of Canal

17th St. Canal

Bridge

Old Hammond Hwy

Floodwall
Monitor
Apartment
27

New Orleans
Side of Canal

Floodwall

Const.
Trailer

FENCE

40'

100'

7710
Bellair

Bellaire   Dr

83

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| | 1. CONTRACT ID CODE | PAGE OF PAGES |
|---|---|---|
| | | 1 | 1 |

| 2. AMENDMENT/MODIFICATION NO. 0003 | 3. EFFECTIVE DATE 14-Sep-2001 | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO. (If applicable) ALLEN, 504-862-1120 |
|---|---|---|---|

| 6. ISSUED BY     CODE   CW29 | 7. ADMINISTERED BY (If other than item 6)   CODE |
|---|---|
| USACE, CONTRACTING DIVISION<br>ATTN: CEMVN-CT, ROOM 172   7400<br>LEAKE AVENUE<br>NEW ORLEANS LA 70118 | See Item 6 |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | |
|---|---|---|
| | X | 9A. AMENDMENT OF SOLICITATION NO.<br>DACW29-01-B-0088 |
| | X | 9B. DATED (SEE ITEM 11)<br>23-Aug-2001 |
| | | 10A. MOD. OF CONTRACT/ORDER NO. |
| CODE                           FACILITY CODE | | 10B. DATED (SEE ITEM 13) |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

[X] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer  [X] is extended,  [ ] is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

## 12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| | |
|---|---|
| A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. | |
| B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B). | |
| C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: | |
| D. OTHER (Specify type of modification and authority) | |

E. IMPORTANT:  Contractor [ ] is not, [ ] is required to sign this document and return _____ copies to the issuing office.

## 14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

The above numbered solicitation for Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection, 17th Street Outfall Canal, Metairie Relief, Hammond Highway Complex, Orleans and Jefferson Parishes, Louisiana, is hereby amended as follows:

BID OPENING DATE:  THE BID OPENING DATE OF 21 SEPTEMBER 2001, 2:00 P.M., LOCAL TIME AT PLACE OF BID OPENING, IS TEMPORARILY POSTPONED.

Except as provided herein, all terms and conditions of the document referenced in item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) | |
|---|---|---|
| 15B. CONTRACTOR/OFFEROR<br><br>_____<br>(Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br>BY _____<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>13-Sep-2001 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-
Prescribed by GSA
FAR (48 CFR) 53.243

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

| 1. CONTRACT ID CODE | PAGE OF PAGES |
|---|---|
| | 1   8 |

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO.(If applicable) |
|---|---|---|---|
| C002 | 12-Sep-2001 | - | Allen, 504-862-1120 |

| 6. ISSUED BY | CODE | CW29 | 7. ADMINISTERED BY (If other than item 6) | CODE |
|---|---|---|---|---|
| USACE, CONTRACTING DIVISION ATTN: CEMVN-CT, ROOM 172   7400 LEAKE AVENUE NEW ORLEANS LA 70118 | | | See Item 6 | |

**SEP 17 2001**

**RECEIVED**

| 8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code) | | |
|---|---|---|
| | X | 9A. AMENDMENT OF SOLICITATION NO. DACW29-01-B-0088 |
| | X | 9B. DATED (SEE ITEM 11) 23-Aug-2001 |
| | | 10A. MOD. OF CONTRACT/ORDER NO. |
| CODE | FACILITY CODE | 10B. DATED (SEE ITEM 13) |

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

[X] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer [ ] is extended, [X] is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

## 12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER (Specify type of modification and authority)

E. IMPORTANT:   Contractor [ ] is not, [ ] is required to sign this document and return _____ copies to the issuing office.

## 14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

The above numbered solicitation for Lake Pontchartrain, Louisiana and Vicinity Hurricane Protection, 17th Street Outfall Canal, Metairie Relief, Hammond Highway Complex, Orleans and Jefferson Parishes, Louisiana, is hereby amended as follows:

BID OPENING DATE: THE BID OPENING DATE OF 21 SEPTEMBER 2001, 2:00 P.M., LOCAL TIME AT PLACE OF BID OPENING, REMAINS UNCHANGED.

*Here is reason Soudday reason on Hammond*

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) |
|---|---|
| 15B. CONTRACTOR/OFFEROR | 16B. |
| (Signature of person authorized to sign) | BY |
| 15C. DATE SIGNED | 16C. DATE SIGNED |
| | (Signature of Contracting Officer)   12-Sep-2001 |

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-
Prescribed by GSA
FAR (48 CFR) 53.243

(85)

Solicitation No. DACW29-01-B-0088
Amendment No. 0002
Page 2 of 8

SPECIFICATIONS:

## SECTION 00010

1. Bid Schedule, Item 0024. The quantity "138 tons" has been revised to "575 tons". Delete the Bidding Schedule pages 00010-3 thru 00010-8, and replace with the attached revised Bidding Schedule pages 00010-3 thru 00010-8.

DRAWINGS:

1. Drawing 33, for location of the prestressed concrete pile test, change Sta. 14+08 S B/L to Sta 14+80 S B/L.

2. Drawing 73, delete the note beneath the Pile Schedule table.





DEC 2 0 2001
1065
**RECEIVED**

*"RE-BUILDING THE CITY'S WATER SYSTEMS FOR THE 21st CENTURY"*

# Sewerage & Water Board OF NEW ORLEANS

MARC H. MORIAL, President
HENRY A. DILLON, JR., President Pro-Tem

625 ST. JOSEPH STREET
NEW ORLEANS, LA., 70165 · 585-2000
www.swbnola.org

December 20, 2001

Mr. Stevan G. Spencer, P.E.
Orleans Levee District
New Orleans Lakefront Airport
Administration Bldg. - Room 202
New Orleans, LA  70126

RE:  **Dredging under Hammond Highway Bridge
in the 17th Street Canal**

Dear Mr. Spencer:

In accordance with Mr. Alfred C. Naomi's letter of November
6, 2001, we are attaching herewith $125,000.00 covering the
dredging under Hammond Highway Bridge.

Very truly yours,

*[signature]*

GENERAL SUPERINTENDENT

GJS/J
Attachment: Check
Letter dated 11/6/01

cc:  Mr. Alfred C. Naomi-USACOE
Mr. Rudolph St. Germain-S&WB
Mr. Gary Sarrat-S&WB

(87)

Members of the Board:  TROY A. CARTER · HENRY A. DILLON, JR. · BENJAMIN L. EDWARDS, SR. · SIDNEY H. EVANS, JR. · NORMA E. GRACE · WILLIAM F. GRACE, J
RONALD C. GUIDRY · BARBARA LAMONT · MARC H. MORIAL · PENELOPE RANDOLPH · EDDIE L. SAPIR · JAMES M. SINGLETON · STAFFORD R. TUREAUD, SR.
"An Equal Opportunity Employer"



# DEPARTMENT OF THE ARMY
NEW ORLEANS DISTRICT, CORPS OF ENGINEERS
P.O. BOX 60267
NEW ORLEANS, LOUISIANA 70160-0267
November 6, 2001

S. & W.B.
GEN. SUPT.

2001 NOV -7 A 9: 29

REPLY TO
ATTENTION OF:

Planning, Programs, and
  Project Management Division
Project Management Branch - East

G. Joseph Sullivan
General Superintendent
Sewerage & Water Board of New Orleans
625 St. Joseph Street
New Orleans, LA 70165

Dear Mr. Sullivan:

     This letter is in regard to our future construction contract for the Lake Pontchartrain, Louisiana, and Vicinity, High Level Plan, 17th Street Outfall Canal, Parallel Floodproofing Protection of the Old Hammond Highway Bridge.  The work for this contract consists of constructing a new sealed bridge and levee/I-wall systems to provide continuous line of hurricane flood protection. This protection will incorporate reinforced concrete capped steel sheet piling I-walls, cast-in place concrete slab span girders, pile founded reinforced concrete intermediate bents and abutments, reinforced concrete roadway and approach slabs, asphaltic concrete pavement, structural steel access gates and miscellaneous metal work. In addition, the site work will include modifications to existing utilities and surface drainage; some miscellaneous electrical work; miscellaneous excavation; demolition, including removal of the existing bridge; clearing, grubbing and landscaping and various other items of work.  One of the bid items included in this contract is to be performed for the benefit of the Sewerage & Water Board of New Orleans (S&WB). This betterment work consists of dredging material from the 17th Street Canal beneath and in the vicinity of the bridge to improve flows in the canal.  You have previously advised in your July 27, 1999 letter (enclosed) to the Orleans Levee District that you would pay for these costs.

     Because this work constitutes a betterment, funding for this work must be made available prior to contract award.  We are currently scheduled to award this contract in December 2001. The cost for performing this work is estimated to be $125,000.00.  We request the S&WB submit a payment in the amount of $125,000.00 to the Orleans Levee District prior to the scheduled contract award date.  Please note that any additional cost above the actual construction cost associated with this effort will be the responsibility of the S&WB.  We will provide you with a final accounting of all cost associated with this effort once the contract is completed.

88

-2-

Please contact me at (504) 862-2377 if we can be of further assistance and as soon as the payment is submitted to the Orleans Levee District.

Sincerely,

Alfred C. Naomi
Senior Project Manager

Copy Furnish:
Stevan G. Spencer, P.E.
Chief Engineer
Orleans Levee District
Suite 202 - Administration Building
6001 Stars and Stripes Blvd.
New Orleans, LA 70126-8006





RECEIVED
MAR 1   2001
147

February 24, 2001

Dear Mr. Mineo;

My name is John Sears, I am the owner and operator of Sears Lawnmower Repair Shop.

We are located at the London Ave Canal. This is the site of your most recent construction project. Due to the driving vibrations of the pile driving machine, damages to the roof of my building have been sustained. Not long ago, just prior to your construction work to the bridge, a new roof was installed. This new roof is not yet 10 yrs. old.

Now it is leaking. We had experienced some water damage to the inside ceilings. However, resulting from the recent construction work, more damages (resulting from the leaks caused by the loosen materials, due to excessive vibrations) have occurred.

9D

I have had two (2) roofing companies to check this roof, none of them seemingly can pinpoint the origin point of the leak(s).

My initial roofer as well as the two (2) additional roofers agree that a new roof would be the best solution.

Having just had this work done, I am not of the opinion that I should do this again, especially since your construction work is basically at fault for the new problems.

Your assistance in correcting this problem is greatly appreciated.

I am looking forward to hearing from you soon.

John C. Sears
2335 Gentilly Blvd.
New Orleans, La. 70122
(504) 282-0077

(91)

DEC 19 2002 10:29 FR PUBLIC SECTOR CLAIMS  18009311018    915042833017    P.10/10

# The St Paul
Property and Liability Insurance

*24909*

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY
Suite 105
2700 Ne Loop 410
San Antonio, TX 78217
Telephone:(210) 527-2767

September 11, 2002

Mr. John Sears
2335 Gentilly Blvd.
New Orleans, LA 70122

Tracking #          KY01259

Insured:           Orleans Levee District
Claim No.:         GP0630092562F008

Date of Loss:      March 3, 2001

Dear Mr. Sears:

Please be advised that St. Paul Insurance is the liability carrier for Orleans Levee District.

There is some question as to whether our insured is legally responsible for the damages you allege concerning the above referenced claim. Furthermore, it is my understanding that this loss occurred on or about March 3, 2001.

The Statute of Limitations in the State of Louisiana is one year. This means that you have a fixed time within which you must take judicial action to enforce your rights or else be barred from enforcing them. The statutory time in which an action may be brought has expired. For this reason, we will be unable to assist you in this matter.

Sincerely,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY
JOSEPH M. LATRONICO
Senior Claim Representative
Telephone:(210) 527-2787
Fax:(210) 527-2700
JOE.LATRONICO@STPAUL.COM





24909

AUG 1 9 2003
(127)
RECEIVED

# ARTHUR A. MORRELL AND ASSOCIATES

ATTORNEY-AT-LAW /
NOTARY

PHONE: (504) 943-6520
FAX: (504) 944-0798

*File-AM*

August 15, 2003

Orleans Levee District
Mr. Stevan Spencer
Chief Engineer
6001 Stars & Stripes Boulevard
New Orleans, La 70126

RE:     Complaint

Dear Mr. Spencer:

I, represent Mr. John Sears, owner of Sears Lawn Mower repairs, located at 2335 Gentilly Boulevard in New Orleans, Louisiana.

Due to the removal and replacement of the bridge over the Florida Canal at Gentilly Boulevard, considerable damage was done to the building my business is located.

Mr. Sears has had conversations with Mr. Bob Harris, the foreman with Pittman Construction Company, and representatives with the Corp of Engineer and the Orleans Parish Levee Board, but this problem continues to exist.

The damages to the roof of Mr. Sears' building are extensive and have caused many leaks into the building damaging equipment, supplies, materials and furniture.

Mr. Sears would like to have this problem resolved as soon as possible and any assistance you can lend would be appreciated.

Respectfully yours,

Arthur A. Morrell

AAM/dlp

cc:     Mr. John Sears

cc: M. Heavn    *AM*
    G. Benoit    *AM*
    C. Kiefer    *AM*



3200 SAINT BERNARD AVE.  SUITE 107 NEW ORLEANS, LOUISIANA 70119

93

# The Board of Commissioners

### OF THE

## Orleans Levee District

**SUITE 202 - ADMINISTRATION BUILDING**

**6001 STARS AND STRIPES BLVD.**

## New Orleans, La.

70126-8006

**RECEIVED**

TEL. 504-243-4000

PROTECTING YOU
AND YOUR FAMILY

June 26, 2002

Ms. Phyllis Hobkirk
St. Paul Fire and Marine Insurance Company
2700 N. E. Loop 410, Suite 105
San Antonio, TX 78217

Re: **Orleans Levee District Project #24909**
**Policy No.: GP06300925**
**London Avenue & Gentilly Bridge Flood proofing**
**Claim No.: Unknown**
**Type of Loss: Liability**
**Insurance: Orleans Levee District**
**Claimant: Mr. & Mrs. Alvin Hayes**
**Claimant: Ms. Luciana de Pass**
**Claimant: Ms. Ranata Finsey**
**Claimant: Ms. Tracy Washington Tasker**
**Claimant: Mr. John Sears**
**Claimant: Ms. Torris Butler**

Dear Ms. Hobkirk,

Enclosed please find copies of the remaining documents on file with the Orleans Levee District relative to the referenced claims.

Please review the enclosed and contact me if additional information is required at (504) 288-6000, extension 233.

Regards,

Carol H. Kiefer
Safety Risk Director

CHK/jd
xc: Max Hearn, Executive Director
Stevan Spencer, Chief Engineer



2 storm
File
2431

**Agenda for Hammond Hwy. Renovation Project with residents of Bellaire, Kenison, Hay and Roy Streets**
**Tuesday January 20, 200~**

**Purpose** – To address the conditions of the streets, lack of drainage and future traffic flow of the above streets to the responsible agencies.
Leave the meeting with assurances that conditions will be corrected when the project is complete.

**Attendees-** Residents, representatives from Councilman Batts's office, Corps of Engineers, Levee Board, DOTD, Peppi Bruneau's office. Sen Paulette Irons, Sewerage and Water Board and Dept. of Public Works.

**Agenda –**      Introductions
                 History
                 Overview of concerns
                 Brief walk around affected areas

**Length -** ½ - 1 hour

(95)



4/29/03

Dear Peggy,

The following is a brief agenda for my meeting with you on Tuesday, April 29, @ 2:00PM per your instructions. My apologies for the delay. The main reason I would like to speak with Mr. Batt is not the current state of the project, but more the condition of the area once the new bridge is completed. The facts are listed for discussion:

- Since the project has started, the streets in the blocks bordering Bellaire, Hay, Hammond hwy. and Fleur DeLis have deteriorated at a faster than usual pace due to increased truck traffic and street closures. This is a direct relation to the project; therefore, can the residents of this area be assured that the condition of the streets will be PROPERLY repaired after completion of the new bridge?

- The streets in this area do not have catch basins and the existing culverts are blocked with no drainage routes. The condition of the streets now has caused major flooding during mild rainstorms at the corner of Kenison and Hay. The lack of proper drainage requires discussion.

- What is the existing plan for traffic flow once the contract is complete? Will vehicles have access to turn from Bellaire onto Hammond Hwy? If not, will this lead to increased traffic on Kenison?

- Property values. Recent studies released by the media show property values in the FleuDeLis area have decreased, unlike other areas of Lakeview, which has increased or remained constant. This is another reason for repairing streets and drainage in the area directly near the project.

Thank you and I look forward to meeting with Councilman Batt.

Regards,

Terry Baker





District 94

**LOUISIANA HOUSE OF REPRESENTATIVES**

145 Robert E. Lee Blvd., Suite 206
New Orleans, LA 70124-2552

Phone (504) 568-7604
Phone (504) 288-1200
FAX (504) 483-4686

Speaker Pro Tempore

COMMITTEES

House & Governmental Affairs
Joint Legislative Budgetary Control Council
House Arts Advisory Committee, Chairman
House Executive Committee
House Legislative Services Council

September 30, 2003

Honorable David Vitter
Congressman, 1st District
414 Cannon House Office Building
Washington, D.C. 20515-0551

**RE:   17th Street Canal Bridge Construction**

Dear Congressman Vitter:

As I am sure you are aware, there has been an ongoing project in New Orleans to raise and reconstruct the bridges in the vicinity of Lake Pontchartrain in order to ensure better flood protection.

Please find enclosed an e-mail from one of our mutual constituents, Mr. Terrance Baker. I am enclosing my correspondence to Blaise Carriere with the LA DOTD, and Blaise's response to me indicating the contract administration on this project is being provided by the Corps of Engineers.

I know that Mr. Baker would deeply appreciate any efforts on your behalf in contacting the Corps of Engineers and have them take some action with their contractor to alleviate the problem on the small streets in the neighborhood of this bridge.

Thanking you for your cooperation, I remain,

Cordially,

Emile "Peppi" Bruneau

EPB/swf
xc:   Honorable Jay Batt

Mr. Terrance Baker
7009 Bellaire Drive
New Orleans, La 70124

Enclosure

97



## Bruneau, Rep. (District Office)

| | |
|---|---|
| **From:** | Baker, Terrance G [TBaker@whitneybank.com] |
| **Sent:** | Tuesday, September 23, 2003 12:07 PM |
| **To:** | 'John Shires' |
| **Cc:** | PEGGYG@new-orleans.la.us; 'larep094@legis.state.la.us' |
| **Subject:** | RE: Old hammond |

I have numerous pictures of trucks and equipment using Bellaire, Hay and
Kenison. What they should not be doing is not the issue, but what they are
doing is using streets that were already in bad shape. Since it is a
state/federal project, shouldn't there be state/federal money for local
street repairs leftover? Also, does anyone know how I can find out what the
traffic flow plan is after completion? I have spoken to Mr. Naomi before and
"other than that there is not much we can do" is not a very comforting
answer. This project is affecting the residents and we want to know what the
end result will be on Bellaire, Hay, Kenison and Roy streets. I am available
to meet AT THE SITE to discuss this with anyone. Perhaps a larger "town"
meeting between Councilman Batt, Rep. Bruneau, their constituents from this
district and representatives from all involved agencies is appropriate.

Regards,
Terry G. Baker
7009 Bellaire Dr.
NOLA 70124
488-7055 HM
299-5085 - WK

-----Original Message-----
From: John Shires [mailto:JShires@nextel.blackberry.net]
Sent: Tuesday, September 23, 2003 12:22 PM
To: PEGGYG@new-orleans.la.us
Subject: Old hammond

I will call al naomi with the Corps. Other than that there is not much we
can do. Ask them to take pictures of the trucks. They should not be using
our streets.
Sent using my BlackBerry 6510 from Nextel

#################################################################
Confidentiality Notice:

This E-Mail transmission (and/or the documents accompanying it) may contain information
belonging to the sender which is confidential, privileged and/or exempt from disclosure
under applicable law.  The information is intended only for the use of the individual(s)
or entity named above.  If you are not the intended recipient, you are hereby  notified
that any disclosure, copying, distribution or the taking of any action
in reliance on the contents of this information is strictly prohibited.  If you have
received this E-Mail transmission in error, please immediately notify us by return E-Mail
or telephone to arrange for return of its contents including any documents.
#################################################################



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                 NO. 05-4182 "K"(2)
                                                 JUDGE DUVALL
                                                 MAG WILKINSON

PERTAINS TO:

LEVEE: *Ponchartrain Baptist Church*, 06-06642

## DECLARATION

I, Michael Killgore, declare as follows:

1.    I am of full age and majority, and I am competent to make this declaration.

2.    I am the President of the Industrial Group of James Construction Group, LLC, f/k/a
      Angleo Iafrate Construction, LLC ("James"), and the following is based upon my
      personal knowledge:

3.    In 2001, James was engaged by the U.S. Army Corps of Engineers to demolish and
      reconstruct two bridges crossing the London Avenue Canal at Filmore Avenue and at
      Mirabeau Avenue respectively.

99

4.      James' work on the two bridges was performed pursuant to a contract number DACW29-02-C-0013 between James (under its former name) and the U.S. Army Corps of Engineers ("Construction Contract").

5.      All of the piles were driven from land or from the bridge deck.

6.      The cranes used in connection with work on the two bridges were positioned on land of on the bridge deck.

7.      With the exception of a small work barge and a small boat used for access to the middle part of the bridges, the work on the two bridges was performed from either the land of the bridge deck.

8.      The barge was used simply as a platform for workers performing formwork activities.

9.      The small boat was used simply to ferry workers from the side of the canal to the barge as necessary.

10.     The small work barge and the small boat were lifted into the water from the side of the canal for use and, after the portion of the work necessitating their use was complete, they were lifted out of the water in the same manner.

11.     With the exception using the small work barge and small boat in the manner described, James did not use the canal as an avenue to ferry or move any equipment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed 5th January, 2007.



MICHAEL KILLGORE

# The Board of Commissioners

OF THE

## Orleans Levee District

SUITE 202 - ADMINISTRATION BUILDING

6001 STARS AND STRIPES BLVD.

### New Orleans, La.

70126-8006



TEL. 504-243-4000

PROTECTING YOU
AND YOUR FAMILY

January 23, 2004

Mr. Alfred Naomi, Sr.
Project Manager
U. S. Army Corps of Engineers, New Orleans
Post Office Box 60267
New Orleans, Louisiana 70160-0267

RE:    OLD Project No. 24316
        Vibration Monitoring at Hammond Hwy Bridge Flood-
            proofing Project

Dear Mr. Naomi:

Attached are copies of two (2) vibration monitoring reports, dated January 16 and 20, 2004, from Alpha Testing and Inspection, Inc., indicating that vibrations exceeded the 0.25 ips threshold stated in the contract.

As you are aware, the contractor is currently working on the demolition of the north portion of the old bridge and soon will start driving piles for the new bents. This area is the closest to any residences, less than 100 ft.  It is requested that you furnish us with a report on what actions the contractor is taking to prevent recurrence of these high vibrations.

Sincerely,

Stevan G. Spencer, P.E.
Chief Engineer

SGS:DE:dba

Attachment

xc:    Max L. Hearn, Executive Director
        Gary Benoit, Esq., Senior Counsel w/attachment
        Alan Hunter, Area Engineer, USACE





**US Army Corps
of Engineers®**
New Orleans District

# News Release

Public Affairs Office, 7400 Leake Ave.
www.mvn.usace.army.mil

Tel 504-862-2201
Fax 504-862-1724

**FOR IMMEDIATE RELEASE**
Contact: John Hall, 504-862-2201
December 19, 2001

# N.O. hurricane bridge contract awarded
*Corps, Levee Board will floodproof two bridges in Gentilly*

NEW ORLEANS – Construction will begin in January on the first of two more bridges to protect New Orleans from Lake Pontchartrain's hurricane storm surges, the U.S. Army Corps of Engineers said Wednesday.

In all, 10 bridges are being floodproofed, with six completed. The Corps and the Orleans Levee District are building the seventh and eighth bridges announced Wednesday. The cost is shared 70 percent federal, 30 percent local.

The newest floodproofed bridges will be built one at a time to replace existing bridges one long block apart over the London Avenue Canal in the Gentilly area. The work will take two years.

The 2-lane Filmore Avenue Bridge will be replaced first, with another 2-lane bridge. During the one-year construction, traffic will be detoured to the Mirabeau Avenue and Robert E. Lee Blvd. bridges

Next, the 4-lane Mirabeau Avenue Bridge will be replaced with a 4-lane bridge. During the one-year construction, traffic will be detoured to the Filmore and Gentilly Boulevard bridges.

Both bridges will be constructed by Angelo Iafrate Construction Co. of Kenner under a $4.21 million contract, awarded by the Corps on Dec. 12.

*102*

The bridge floodproofing will protect neighborhoods along the London Avenue, Orleans Avenue and 17th Street canals from storm surges from Lake Pontchartrain.

The system of levees, floodwalls and bridges is designed to protect against fast-moving Category 3 hurricanes.  Floodproofing the bridges closes a gap in the floodwalls.

In floodproofing, an entire bridge is removed, including the support piles. It is replaced by a bridge with stronger piles.  The roadway is sealed underneath and flanked with floodwalls that connect with the existing floodwalls atop the canal-side levees.

Floodproofed bridges provide superior protection compared with the sandbags currently used to close the roadway 36 hours ahead of a hurricane. The new bridges also have the advantage of allowing traffic, such as emergency vehicles, to continue to use the bridges.

The next floodproofing contract will be awarded shortly to replace the 2-lane Hammond Highway Bridge over the 17th Street Canal with a 4-lane bridge. Traffic will continue during the two-year project.

**--30--**

103