## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § | CIVIL ACTION No.   05-4182 "K"(2) JUDGE DUVAL MAG. WILKINSON |
| | § § | |
| PERTAINS TO: | § § | |
| INSURANCE   (Weeks Marine, Inc., No. 06-3544) | § § | |
| | § | |

### ANSWER TO COMPLAINT

Defendant Great American Insurance Company of New York ("Great American"), by and through undersigned counsel, hereby answers the Complaint filed by Weeks Marine, Inc. ("Weeks") as follows:

### JURISDICTION

1.     The statement contained in Paragraph 1 of the Complaint does not require a response by Great American; however, should this Honorable Court deem a response necessary, Great American denies having knowledge or information sufficient to form a belief as to the truth or falsity of the statement.

NO.99618750.1

2.       The statement contained in Paragraph 2 of the Complaint does not require a response by Great American; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 2 of the Complaint are denied.

3.       Paragraph 3 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 3 of the Complaint are denied.

4.       Paragraph 4 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 4 of the Complaint are denied.

5.       Paragraph 5 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 5 of the Complaint are denied.

6.       Paragraph 6 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 6 of the Complaint are denied.

## PARTIES

7.       Great American admits that Weeks was incorporated in New Jersey and that its principal place of business is located in New Jersey.  Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of the Complaint.  Therefore, the remaining allegations contained in Paragraph 7 of the Complaint are denied.

2

NO.99618750.1

8.      Great American admits that Weeks was and is in the business of a commercial marine contractor.

9.      Great American admits that it is a corporation domiciled in New York with its principal place of business in Cincinnati, Ohio.  The remaining allegations of paragraph 9 are denied.

10.     Great American admits that it is licensed in the State of Louisiana to issue contracts of liability insurance for risks located within the State of Louisiana.

11.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.  Therefore, the allegations contained in Paragraph 11 of the Complaint are denied.

12.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.  Therefore, the allegations contained in Paragraph 12 of the Complaint are denied.

13.     Great American admits that under its prior name, American National Fire Insurance Company, it issued a Marine Commercial General Liability Policy (the "2000-01 Liability Policy") to Weeks incepting on March 30, 2000, the terms and conditions of which speak for themselves.[1]  The remaining allegations contained in Paragraph 13 of the Complaint are denied.

---

[1] American National Fire Insurance Company changed its name to Great American Insurance Company of New York on June 19, 2001.

3

14.     Great American admits that Weeks was required to pay and did pay a premium for the coverage provided by the 2000-01 Liability Policy issued by American National Fire Insurance Company, the amount of which is identified on the policy's declarations page.  The remaining allegations contained in Paragraph 14 of the Complaint are denied for lack of information sufficient to form a belief therein.

15.     Great American admits that under its prior name, American National Fire Insurance Company, it issued Marine Commercial Liability Policies to Weeks for the collective period March 31, 2000 to March 31, 2002, the terms and conditions of which speak for themselves.  Great American further admits that it issued Marine Commercial Liability Policies to Weeks for the collective period March 31, 2002 to March 31, 2006, the terms and conditions of which speak for themselves.  The remaining allegations contained in Paragraph 15 of the Complaint are denied.

16.     Great American admits that Weeks appears to quote portions of the 2000-01 Liability Policy in Paragraph 16 of the Complaint, but states that the terms and conditions of the 2000-01 Liability Policy speak for themselves.

17.     Great American admits that the 2002-06 Liability Policies contain Endorsement No. 21, which addresses coverage for certain operations performed by Weeks, the terms and conditions of which speak for themselves.

18.     Great American admits that Weeks appears to quote portions of Endorsement No. 21 in Paragraph 18 of the Complaint, but states that the terms and conditions of Endorsement No. 21 speak for themselves.

4

NO.99618750.1

19.   Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.  Therefore, the allegations contained in Paragraph 19 of the Complaint are denied.

20.   Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.  Therefore, the allegations contained in Paragraph 20 of the Complaint are denied.

21.   Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.  Therefore, the allegations contained in Paragraph 21 of the Complaint are denied.

22.   Great American admits the allegations contained in Paragraph 22 of the Complaint.

23.   Great American admits the allegations contained in Paragraph 23 of the Complaint.

24.   The allegations of the *Artus* Class Action Suit complaint quoted in Paragraph 24 of the Complaint speak for themselves.

25.   Great American admits that Weeks notified it of the *Artus* Class Action Suit.  The remaining allegations contained in Paragraph 25 of the Complaint are denied.

26.   Great American admits that Weeks has demanded coverage for the cost of defending the *Artus* Class Action Suit.  The remaining allegations contained in Paragraph 26 of the Complaint are denied.

NO.99618750.1

27.    Paragraph 27 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 27 of the Complaint are denied..

28.    Great American admits that Weeks appears to quote portions of the *Artus* Class Action Suit complaint in Paragraph 28 of the Complaint, but states that the allegations of the *Artus* Class Action Suit complaint speak for themselves.

29.    Great American denies the allegations contained in Paragraph 29 of the Complaint.

30.    Great American denies the allegations contained in Paragraph 30 of the Complaint.

31.    Great American admits the allegations contained in Paragraph 31 of the Complaint.  Great American subsequently advised Weeks by letter dated August 9, 2006 that it would defend it in the *Artus* Class Action Suit subject to a reservation of rights.

32.    Great American's June 6, 2006 letter to Weeks referenced in Paragraph 32 of the Complaint speaks for itself.

33.    Great American's June 6, 2006 letter to Weeks referenced in Paragraph 33 of the Complaint speaks for itself.

34.    Great American's June 6, 2006 letter to Weeks referenced in Paragraph 34 of the Complaint speaks for itself.

35.    Great American's June 6, 2006 letter to Weeks referenced in Paragraph 35 of the Complaint speaks for itself.

NO.99618750.1

36.     Great American's June 6, 2006 letter to Weeks referenced in Paragraph 36 of the Complaint speaks for itself.

37.     The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 37 of the Complaint speak for themselves.

38.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint.  Therefore, the allegations contained in Paragraph 38 of the Complaint are denied.

39.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint.  Therefore, the allegations contained in Paragraph 39 of the Complaint are denied.

40.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.  Therefore, the allegations contained in Paragraph 40 of the Complaint are denied.

41.     Great American denies the allegations contained in Paragraph 41 of the Complaint.

42.     Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.  Therefore, the allegations contained in Paragraph 42 of the Complaint are denied.

43.     Great American denies the allegations contained in Paragraph 43 of the Complaint.

7

44.    Great American admits that it issued Liability Policies to Weeks for the collective period March 31, 2000 to March 31, 2006.  The remaining allegations contained in Paragraph 44 of the Complaint are denied.

45.    Great American admits that Weeks has paid all premiums due under the Liability Policies.  Great American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45 of the Complaint. Therefore, the remaining allegations contained in Paragraph 45 of the Complaint are denied.

46.    Great American denies the allegations contained in Paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint does not state allegations of fact and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 47 of the Complaint are denied.

48.    Paragraph 48 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 48 of the Complaint are denied.

49.    Paragraph 49 states conclusions of law and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in Paragraph 49 of the Complaint are denied.

50.    Great American denies the allegations contained in Paragraph 50 of the Complaint.

NO.99618750.1

## AS AND FOR A FIRST CAUSE OF ACTION

51.  Great American reasserts and reincorporates by reference its answers to each of the preceding paragraphs as though fully set forth herein.

52.  Great American denies the allegations contained in Paragraph 52 of the Complaint. Nevertheless, Great American advised Weeks by letter dated August 9, 2006 that it would defend it in the *Artus* Class Action Suit subject to a reservation of rights.

53.  The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 53 of the Complaint speak for themselves.

54.  The terms and conditions of the Liability Policies quoted in Paragraph 54 of the Complaint speak for themselves.

55.  The terms and conditions of the Liability Policies quoted in Paragraph 55 of the Complaint speak for themselves.

56.  The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 56 of the Complaint speak for themselves.

57.  The terms and conditions of the Liability Policies quoted in Paragraph 57 of the Complaint speak for themselves.

58.  The terms and conditions of the Liability Policies and the allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 58 of the Complaint speak for themselves.

59.  Great American denies the allegations contained in Paragraph 59 of the Complaint.

60.     The terms and conditions of the Liability Policies and the allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 60 of the Complaint speak for themselves.

61.     The terms and conditions of the Liability Policies referenced in Paragraph 61 of the Complaint speak for themselves.

62.     The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 62 of the Complaint speak for themselves.

63.     The terms and conditions of the Liability Policies referenced in Paragraph 63 of the Complaint speak for themselves.

64.     The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 64 of the Complaint speak for themselves.

65.     The allegations of the *Artus* Class Action Suit complaint referenced in Paragraph 65 of the Complaint speak for themselves.

66.     Great American admits that it (under its prior name and its current name) issued Marine Commercial Liability Policies to Weeks for the collective period March 31, 2000 to March 31, 2006, the terms and conditions of which speak for themselves.  The remaining allegations contained in Paragraph 15 of the Complaint are denied.

67.     Great American denies the allegations contained in Paragraph 67 of the Complaint.

68.     Great American denies the allegations contained in Paragraph 68 of the Complaint.

10

## AS AND FOR A SECOND CAUSE OF ACTION

69.     Great American reasserts and reincorporates by reference its answers to each of the preceding paragraphs as though fully set forth herein.

70.     Great American denies the allegations contained in Paragraph 70 of the Complaint. Great American advised Weeks by letter dated August 9, 2006 that it would defend it in the *Artus* Class Action Suit subject to a reservation of rights.

71.     Great American denies the allegations contained in Paragraph 71 of the Complaint.

72.     The terms and conditions of the Liability Policies referenced in Paragraph 72 of the Complaint speak for themselves.

73.     Great American denies the allegations contained in Paragraph 73 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

74.     Great American reasserts and reincorporates by reference its answers to each of the preceding paragraphs as though fully set forth herein.

75.     Great American denies the allegations contained in Paragraph 75 of the Complaint.

76.     Great American denies the allegations contained in Paragraph 76 of the Complaint.

77.     Great American denies the allegations contained in Paragraph 77 of the Complaint.

NO.99618750.1

78.    Great American denies the allegations contained in Paragraph 78 of the Complaint.

79.    Great American denies the allegations contained in Paragraph 79 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

80.    Great American reasserts and reincorporates by reference its answers to each of the preceding paragraphs as though fully set forth herein.

81.    Great American denies the allegations contained in Paragraph 81 of the Complaint.

82.    Great American denies the allegations contained in Paragraph 82 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

83.    Great American reasserts and reincorporates by reference its answers to each of the preceding paragraphs as though fully set forth herein.

84.    Great American denies the allegations contained in Paragraph 84 of the Complaint.

85.    Great American denies that Weeks is entitled to reformation of Endorsement No. 21 as alleged in Paragraph 85 of the Complaint.

NO.99618750.1

## PRAYER FOR RELIEF

The Complaint's Prayer for Relief does not state allegations of fact and therefore requires no response; however, should this Honorable Court deem a response necessary, the allegations contained in the Complaint's Prayer for Relief are denied.

## AFFIRMATIVE DEFENSES

AND NOW, answering further, Great American asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and every claim for relief stated therein fails to state a claim against Great American upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Weeks' claims against Great American are barred because the Complaint fails to adequately state or allege facts that support a declaration of coverage under any policy issued by Great American.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted against Weeks in the *Artus* Class Action Suit are barred, in whole or in part, to the extent that they do not constitute claims for "damages" because of "bodily injury" or "property damage."

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted against Weeks in the *Artus* Class Action Suit are barred, in whole or in part, to the extent that they were not caused by an "occurrence."

13

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted against Weeks in the *Artus* Class Action Suit are barred to the extent that any alleged "bodily injury" or "property damage" for which damages are sought did not occur during policy period of any Liability Policy.

## SIXTH AFFIRMATIVE DEFENSE

Coverage for the claims asserted against Weeks in the *Artus* Class Action Suit are excluded to the extent that Exclusion g., Aircraft, Auto or Watercraft, applies.

## SEVENTH AFFIRMATIVE DEFENSE

Coverage for liability arising out of Weeks' dredging operations is limited by Endorsement No. 21.

## EIGHTH AFFIRMATIVE DEFENSE

Great American's payment of defense costs on behalf of Weeks in connection with the *Artus* Class Action Suit reduces the limits available, if any, under the Liability Policies.

## NINTH AFFIRMATIVE DEFENSE

Weeks's claims against Great American are barred, in whole or in part, to the extent that Weeks failed to perform its obligations or to comply fully with the terms and conditions precedent to the Liability Policies.

## TENTH AFFIRMATIVE DEFENSE

Great American's obligation, if any, to pay damages on Weeks' behalf applies only to the amount of damages in excess of any deductible amounts stated on the Liability Policies' declarations.

NO.99618750.1

## ELEVENTH AFFIRMATIVE DEFENSE

Great American pleads as defenses any and all conditions, terms, definitions, limitations and exclusions of the Liability Policies.

Great American reserves the right to amend or add affirmative defenses as may be proper based on further actions taken by the Weeks.

WHEREFORE, answering Great American prays that a judgment be entered against Weeks:

A.      Denying all relief requested by Weeks and dismissing the Complaint against Great American in its entirety, with prejudice;

B.      Declaring that Great American has no obligation to pay Weeks and/or reimburse it for any fees, expenses or costs allegedly incurred in connection with this lawsuit, and that Great American has no other duties, obligations or liabilities to Weeks in connection with this matter;

C.      Declaring that to the extent that Great American has any obligation to Weeks, such duty is limited by and subject to the terms, conditions, exclusions, limits of liability and other provisions contained in or incorporated in the Liability Policies; and

D.      Awarding Great American reasonable costs, expenses and attorney's fees permitted by law and such other relief as this Court may deem just and proper.

Dated: February 16, 2007

NO.99618750.1

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY: *Jennifer W. Wall*
_____
George B. Hall, Jr. (Bar #6432) (T.A.)
Jennifer W. Wall (Bar #28257)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR GREAT AMERICAN
INSURANCE COMPANY OF NEW YORK**


<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel

of record by placing same in the United States mail, properly addressed and first class postage

prepaid on this 16th day of February, 2007.


*Jennifer W. Wall*
_____

16