# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL | * | CIVIL ACTION |
| BREACHES CONSOLIDATED | * | |
| LITIGATION | * | NO.  05-4182 "K" (2) |
| | * | |
| RELATES TO: | * | JUDGE DUVAL |
| LEVEE, CASE NUMBER: | * | |
| LEDUFF, ET AL. – 06-5260 | * | MAG. WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * | * | |

## ANSWER AND DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes defendant Sewerage and Water Board of New Orleans and in response to the Plaintiffs' Original Complaint [Doc. 1 of civil action number 06-5260] (hereinafter "Complaint"), avers as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against the Sewerage and Water Board of New Orleans under any cited federal and/or state law and/or are impermissibly vague.

## SECOND DEFENSE

Venue is improper or inconvenient, because any proceedings in the Eastern District of Louisiana may violate the Sewerage and Water Board of New Orleans' right to a hearing before a disinterested judge and/or jury.

## THIRD DEFENSE

Plaintiffs' have failed to join a party needed under Federal Rule of Civil Procedure 19.

## FOURTH DEFENSE

Plaintiffs' claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the Sewerage and Water Board

1

of New Orleans' alleged conduct was in any way the cause of the harm alleged to have been suffered; (b) that the Sewerage and Water Board of New Orleans' alleged conduct was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the Sewerage and Water Board of New Orleans owed any duty to plaintiffs that encompassed the risk that they would suffer the alleged harm; or (d) that the Sewerage and Water Board of New Orleans breached any such duty.

## FIFTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages allegedly suffered by plaintiffs was directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the Sewerage and Water Board of New Orleans is not responsible.

## SIXTH DEFENSE

Plaintiffs' claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## EIGHTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 *et. seq.*, and further states that it never had either active or constructive notice of any "vice or defect" which allegedly caused plaintiffs' harm.

## NINTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, alternatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should plaintiffs be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

## TENTH DEFENSE

The Sewerage and Water Board of New Orleans invokes and adopts all affirmative and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

## ELEVENTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the immunity provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

## TWELFTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, invokes the immunity provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and, if judgment is rendered against it, is entitled to a limitation of liability for general damages.

## THIRTEENTH DEFENSE

The Sewerage and Water Board of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or

maintenance of the levee systems and/or floodwalls that are at issue in this litigation and owed no duty to plaintiffs with regard the conditions of the levee systems and/or floodwalls at issue.

## FOURTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers the claims of plaintiffs are barred, in whole or in part, to the extent their claimed losses were caused by their own comparative fault, contributory negligence, and/or assumption of the risk, including but not limited to their negligent failure to follow repeated lawful orders to evacuate from the Metropolitan New Orleans area, and such other acts or omissions that may be proven at the time of trial.

## FIFTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina and/or Hurricane Rita, during the months of August and September 2005.

## SIXTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that if the plaintiffs were injured and/or suffered damages of any type whatsoever, which the Sewerage and Water Board specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superseding cause(s) for which the Sewerage and Water Board of New Orleans may not be held responsible.

## SEVENTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

## EIGHTEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the Sewerage and Water Board of New Orleans.

## NINETEENTH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that to the extent that that the plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the Sewerage and Water Board of New Orleans is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTIETH DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that the plaintiffs claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/preemptive period.

## TWENTY-FIRST DEFENSE

The Sewerage and Water Board of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Sewerage and Water Board of New Orleans and gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The Sewerage and Water Board of New Orleans reserves its right to amend its answer to assert any such defense(s).

### TWENTY-SECOND DEFENSE

The Sewerage and Water Board of New Orleans affirmatively avers that at no time material alleged in the complaint did the Sewerage and Water Board of New Orleans own any of the outfall canals complained of, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal, nor did the Sewerage and Water Board of New Orleans own any part of, or have an responsibility for, or any connection with the Mississippi River Gulf Outlet ("MRGO") which is one of the subjects of plaintiffs' complaint.

### TWENTY-THIRD DEFENSE

The exclusive right, jurisdiction, power, and authority to design, construct and maintain the levees in question is conferred by law to persons or entities other than the Sewerage and Water Board of New Orleans.

### TWENTY-FOURTH DEFENSE

The levees in question were constructed under specific federal guidelines.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or part, by the Supremacy Clause, Article VI of the United States Constitution, because the claims are preempted by federal law, including 33 U.S.C. §701, *et seq*.

### TWENTY-SIXTH DEFENSE

It is averred that the allegations against defendant are improperly vague and ambiguous.

### TWENTY-SEVENTH DEFENSE

In the alternative, defendant specifically pleads the Government Contractor Defense.

## TWENTY-EIGHTH DEFENSE

This matter cannot properly be maintained as a class action to the extent named plaintiffs purport to represent a class and/or sub-classes.

## TWENTY-NINTH DEFENSE

The Sewerage and Water Board of New Orleans is immune pursuant to La. R.S. 9:2800.17.

## THIRTIETH DEFENSE

The Sewerage and Water Board of New Orleans is immune pursuant to La. R.S. 29:735.

## THIRTY-FIRST DEFENSE

Plaintiffs fail to state a cause of action for attorney's fees.

## THIRTY-SECOND DEFENSE

In the alternative, defendant cannot be liable to plaintiffs because defendant was in compliance with the designs, plans specifications and requirements of the United States Corps of Engineers and others.

AND NOW, answering separately the allegations of the Second Amended Class Action Complaint, the Sewerage and Water Board of New Orleans avers as follows:

I.

The allegations of article 1 do not appear to require an answer from this defendant, but out of an abundance of caution, any allegations directed to this defendant are denied.

II.

The allegations of article 2 do not appear to require an answer from this defendant, but out of an abundance of caution, any allegations directed to this defendant are denied.  Further, this defendant specifically denies that plaintiffs may be entitled to any injunctive relief against

this defendant because of any operations at, concerning or because of MRGO inasmuch as this defendant was and is not involved with the MRGO.

III.

The allegations of article 3 are denied for lack of sufficient information to justify a belief therein.

IV.

Answering the allegations of article 4(p), the Sewerage and Water Board of New Orleans admits that it is a political subdivision according to law and that it has been named a defendant in this lawsuit; as thus admitted or qualified, the remaining allegations of article 4 are denied for lack of sufficient information to justify a belief therein

V.

Answering the allegations of article 5, the Sewerage and Water Board of New Orleans admits that it is located within and operates within this venue; as thus answered, and reserving the affirmative defense as to venue in this Court set forth above, the Sewerage and Water Board of New Orleans denies the remaining allegations of article 5 lack of sufficient information to justify a belief therein.

VI.

The allegations of article 6 are denied, other than to admit that plaintiff make certain allegations the truth of which is denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of article 7 are denied.

VIII.

Answering the allegations of article 8, the Sewerage and Water Board of New Orleans admits that it is located within and operates within this venue; as thus answered, and reserving the affirmative defense as to venue in this Court set forth above, the Sewerage and Water Board of New Orleans denies the remaining allegations of article 8 lack of sufficient information to justify a belief therein.

IX.

The allegations of article 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of article 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of article 11 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of article 12 are denied for lack of sufficient information to justify a belief therein, except to admit that at some point Hurricane Katrina made landfall somewhere nearby and along the Mississippi/Louisiana Gulf Coast state line.

XIII.

The allegations of article 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of article 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of article 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of article 16 are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of article 17 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of article 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of article 19 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of article 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of article 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of article 22 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of article 23 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of article 24 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of article 25 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of article 26 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of article 27 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of article 28 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations of article 29 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.  The Sewerage and Water

Board of New Orleans specifically denies that the United States of American pays this defendant any thing in connection with MRGO inasmuch as the Sewerage and Water Board of New Orleans is not involved with the MRGO.

### XXX.

The allegations of article 30 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

### XXXI.

The allegations of article 31 are denied for lack of sufficient information to justify a belief therein and are specifically denied as to this defendant.  The Sewerage and Water Board of New Orleans specifically denies that it was awarded any contracts to dredge material from or surrounding MRGO.

### XXXII.

The allegations of article 32 do not appear directed to this defendant, but the allegations are denied for lack of sufficient information to justify a belief therein.

### XXXIII.

The allegations of article 33 are denied insofar as they may be directed to the Sewerage and Water Board of New Orleans and are denied for lack of sufficient information to justify a belief therein as to any other fact asserted therein as to any other defendant.

### XXXIV.

The allegations of article 34 are denied insofar as they may be directed to the Sewerage and Water Board of New Orleans and are denied for lack of sufficient information to justify a belief therein as to any other fact asserted therein as to any other defendant.

XXXV.

The allegations of article 35 are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of article 36 are denied insofar as they may be directed to the Sewerage and Water Board of New Orleans and are denied for lack of sufficient information to justify a belief therein as to any other fact asserted therein as to any other defendant.

XXXVII.

The allegations of article 37 are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

In response to the allegations, if any, contained under the heading "Causes of Action Related to Levee/Flood Wall Failures," including subparts (a) through (e), the Sewerage and Water Board of New Orleans denies any allegation of negligence, fault, responsibility or liability that may be asserted against it; and, the Sewerage and Water Board of New Orleans further shows that to the extent that subparts (a) through (e) may purport to set forth proposed class definitions, then any such class definitions are improper, overly broad, and are not susceptible to class certification.  As thus answered, qualified and/or denied, any remaining allegations of the articles following the hearing are denied for lack of sufficient information to justify a belief therein.

XXXIX.

In response to the allegations of article 38, the Sewerage and Water Board of New Orleans admits that Hurricane Katrina made landfall somewhere along or adjacent to the

Louisiana/Mississippi state border, and as thus qualified or admitted, the remaining allegations of article 38 are denied for lack of sufficient information to justify a belief therein.

### XL.

The allegations of article 39 are denied.

### XLI.

The allegations of article 40 are denied to the extent the allegations aver any negligence, fault, responsibility and/or liability on the part of the Sewerage and Water Board of New Orleans and as thus answered, the remaining allegations of article 40 are denied for lack of sufficient information to justify a belief therein.

### XLII.

The allegations of article 41 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

### XLIII.

The allegations of article 42 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

### XLIV.

The allegations of article 43 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations of article 44 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations of article 45 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations of article 46 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations of article 47 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations of article 48 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

L.

The allegations of article 49 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations of article 50 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations of article 51 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations of article 52 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations of article 53 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations of article 54 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations of article 55 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LVII.

The allegations of article 56 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LVIII.

The allegations of article 57 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LIX.

The allegations of article 58 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LX.

The allegations of article 59 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXI.

The allegations of article 60 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXII.

The allegations of article 61 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXIII.

The allegations of article 62 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXIV.

The allegations of article 63 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations of article 64 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations of article 65 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations of article 66 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations of article 67 are denied.

LXIX.

The allegations of article 68 are denied.

LXX.

The allegations of article 69 are denied.

LXXI.

The allegations of article 70 are denied.

LXXII.

Answering the allegations of article 71, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 71 are denied for lack of sufficient information to justify a belief therein.

LXXIII.

The allegations of article 72 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations of article 73 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXXV.

The allegations of article 74 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of n abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations of article 75 do not appear to be directed to the Sewerage and Water Board of New Orleans, but out of an abundance of caution the allegations are denied for lack of sufficient information to justify a belief therein.

LXXVII.

Answering the allegations of article 76, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 766 are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations of article 77 do not appear to require an answer, but out of an abundance of caution, the Sewerage and Water Board of New Orleans denies the allegations of article 77.

LXXIX.

The allegations of article 78 do not appear to require an answer, but out of an abundance of caution, the Sewerage and Water Board of New Orleans denies the allegations of article 78

LXXX.

In response to the allegations of article 79, the Sewerage and Water Board of New Orleans reavers each and every defense, answer and denial as if copied herein.

LXXXI.

Answering the allegations of article 80, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 80 are denied for lack of sufficient information to justify a belief therein.

LXXXII.

Answering the allegations of article 81, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 81 are denied for lack of sufficient information to justify a belief therein.

LXXXIII.

In response to the allegations of article 82, the Sewerage and Water Board of New Orleans reavers each and every defense, answer and denial as if copied herein.

LXXXIV.

Answering the allegations of article 83, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 83 are denied for lack of sufficient information to justify a belief therein.

LXXXV.

Answering the allegations of article 84, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 84 are denied for lack of sufficient information to justify a belief therein.

LXXXVI.

Answering the allegations of article 85, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 85 are denied for lack of sufficient information to justify a belief therein.

LXXXVII.

In response to the allegations of article 86, the Sewerage and Water Board of New Orleans reavers each and every defense, answer and denial as if copied herein.

LXXXVIII.

Answering the allegations of article 87, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 87 are denied for lack of sufficient information to justify a belief therein.

LXXXIX.

Answering the allegations of article 88, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 88 are denied for lack of sufficient information to justify a belief therein

XC.

Answering the allegations of article 89, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 89 are denied for lack of sufficient information to justify a belief therein.

XCI.

In response to the allegations of article 90, the Sewerage and Water Board of New Orleans reavers each and every defense, answer and denial as if copied herein.

XCII.

Answering the allegations of article 91, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 91 are denied for lack of sufficient information to justify a belief therein.

XCIII.

Answering the allegations of article 92, the Sewerage and Water Board of New Orleans denies any allegation(s) as to it that aver responsibility, neglect, fault, liability and/or strict liability fault or liability; and, as thus qualified, the remaining allegations of article 92 are denied for lack of sufficient information to justify a belief therein

XCIV.

In response to plaintiffs' Roman Numeral VIII heading, "Wrongful Death and Survival Damages," the Sewerage and Water Board of New Orleans denies any allegations contained therein that are directed to the Sewerage and Water Board of New Orleans, and as thus answered or qualified, the remaining allegations of this paragraph, if any, are denied for lack of sufficient information to justify a belief therein.

XCV.

In response to plaintiffs' prayer and/or request for trial by jury, the Sewerage and Water Board of New Orleans avers that by law and statute plaintiffs are not entitled to a jury trial on their claims against the Sewerage and Water Board of New Orleans.

XCVI.

To the extent that a response is required to plaintiffs' prayer for relief, the Sewerage and Water Board of New Orleans denies the prayer and any and all allegations contained therein.

WHEREFORE, defendant Sewerage and Water Board of New Orleans, prays that this answer and defenses be deemed good and sufficient and, after due proceedings are had, that there be judgment in favor of the Sewerage and Water Board of New Orleans and against plaintiffs, dismissing plaintiffs' Complaint and dismissing all claims against the Sewerage and Water Board of New Orleans, with prejudice, at plaintiffs' cost, and for all general and equitable relief to which defendant may be entitled.

Respectfully submitted,

 s/ Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR. - BAR #18299, T.A.**
**J. WARREN GARDNER, JR. - BAR #5928**
**KEVIN R. TULLY - BAR #1627**
**GREGORY S. LACOUR - BAR #23823**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700

**GEORGE R. SIMNO III, T.A. (#12271)**
**GERARD M. VICTOR (#9815)**
625 St. Joseph Street, Room 201
New Orleans, Louisiana 70165
Telephone:  (504) 585-2242
Facsimile:   (504) 585-2426

ATTORNEYS FOR DEFENDANT SEWERAGE AND WATER BOARD OF NEW ORLEANS

# C E R T I F I C A T E

I do hereby certify that on the 16th day of February, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.   I also certify that I have mailed the foregoing by United States Postal Services, First Class, to all non-CM/ECF participants.

s/ Charles M. Lanier, Jr.
**CHARLES M. LANIER, JR.**

CK_DOCS 370553v1