UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| PERTAINS TO: | * | |
| LEVEE, NO. 06-6642 | * | JUDGE DUVAL |
|    PONTCHARTRAIN BAPTIST CHURCH | * | |
| | * | MAG. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Even though the plaintiffs in this matter concede that the "issue of admiralty subject matter jurisdiction should not be before this Court at this time," they nonetheless devote an inordinate portion of the Supplemental Memorandum, purportedly in support of the Motion to Remand, to the question of admiralty jurisdiction.  Any meaningful argument about the applicability of the federal officer removal statute, 28 U.S.C. 1442, which is the real issue herein, is hard to find.  It would seem, apparently, with all due respect, that the Supplemental Memorandum is really nothing more than a prelude to arguments that will no doubt be advanced down the road, which issues are <u>not</u> the subject of plaintiffs' Motion to Remand.

The plaintiffs have utterly failed to advance any legitimate argument about why the federal officer removal statute does not apply.  The federal officer removal statute applies in any

Page 1

kind of case, whether tort, contract, maritime, or anything else.  It provides a basis for removal of claims to federal court that Congress deemed should be heard there.  The plaintiffs simply have not suggested any logical reason why that specific removal statute should not be followed.

That having been said, Boh Bros. must reluctantly give this Honorable Court some points to further "ponder" for "down the road":

- Apparently, the plaintiffs in this case have some idea that the bridges on the various canals are highly relevant, even though not one speck of investigative material to date has so suggested.  Be that as it may,  Boh Bros. simply points out that it had nothing to do with any of the bridges in question.

- The plaintiffs submit an affidavit from the president of the Lake Pontchartrain Fisherman's Association.  To the best of Boh Bros.' knowledge, Mr. Gerica is not a government official, and his opinions and observations have no bearing on the current Motion to Remand before the Court.  Boh Bros. must also point out to this Honorable Court, with all due respect to Mer. Gerica's memory, that at the time of Hurricane Katrina, there were no fishing boats moored south of the Old Hammond Highway bridge, and none on any of the other canals.

- Statutes that define the term "waters of the United States" do not define the term "navigable waters of the United States."  They are simply not the same.  Thus, neither 33 C.F.R. 38 nor 40 C.F.R. 320 have any bearing on the issue of admiralty jurisdiction, even were it properly before the Court.

- Finally, if the voluminous exhibits submitted by the plaintiffs herein show anything, they show that these canals in question were unquestionably **flood control projects**.  Unless counsel somehow missed it, we saw no reference to the term "navigable waters" anywhere in those exhibits.

The bottom line is that the plaintiffs' argument about admiralty jurisdiction, misplaced as it is in this motion to remand, is based upon a presumption that the canals in question were "navigable waters," which they obviously were not.[1]  They were drainage canals, and nothing more, which the plaintiffs' own exhibits fully demonstrate.

The issue before this Honorable Court, on the pending motion, is whether the case should be remanded.  Absent a compelling argument why the federal officer removal statute should not be applied, since it is patently applicable to this instance, the motion to remand should be denied.[2]

>Respectfully submitted,
>
>**KINGSMILL RIESS, L.L.C.**
>
>By: *Charles B. Colvin*
>Michael R. C. Riess (#2073)
>Charles B. Colvin (#4352)
>201 St. Charles Avenue, Suite 3300
>New Orleans, Louisiana  70170-3300
>Telephone: (504) 581-3300
>Facsimile:  (504) 581-3310
>***Attorneys for Boh Bros. Construction Co., L.L.C.***
>
>AND
>
>Terrence L. Brennan (#32434)
>DEUTSCH, KERRIGAN & STILES, L.L.P.
>755 Magazine Street
>New Orleans, Louisiana 70130
>Telephone:  (504) 581-5141
>Facsimile:  (504) 566-1201
>***Attorneys for Boh Bros. Construction Co., L.L.C.***

---

[1] Nor does Boh Bros. concede, now or in the future, that any of its work activities at the 17th Street Outfall Canal were "maritime" in a jurisdictional sense, even if they involved dredging or work from floating devices.

[2] At the recent status conference, plaintiffs' counsel suggested that *Watson v. Philip Morris Companies, Inc.* (writs granted by U. S. Supreme Court) was somehow relevant.  It is not.  The "divergence" referenced has to do with cases in which the contention is that a party is acting "under direction" of a federal officer by virtue of regulation compliance.  That is not the case here.  As the court in *Watson* pointed out, contractors of the government have almost universally employed the removal statute with success, without the necessity of showing regulatory compliance.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this __16th__ day of __February__, 2007, I electronically filed the foregoing Boh Bros. Construction Co., L.L.C.'s Ex Parte Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Remand with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.

*Charles B. Colvin*