UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVA MAYNARD** | * | **CIVIL ACTION NO.: 06-11385** |
| | * | |
| **VERSUS** | * | **SECTION "I"** |
| | * | |
| **THE ST. PAUL TRAVELERS COMPANIES, INC.** | * | **JUDGE AFRICK** |
| | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
RULE 12(B)(6) MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant The Standard Fire Insurance Company ("Standard Fire"), improperly named as The St. Paul Travelers Companies, Inc.,[1] hereby moves to dismiss Plaintiffs' Petition for Damages (hereinafter, "Complaint"), for failure to state a claim upon which relief may be granted. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

Plaintiff Eva Maynard, on behalf of a purported class, seeks to recover under a renter's insurance policy issued by Standard Fire. She alleges that the policy should be construed as providing coverage for damage to her personal property resulting from the flooding that occurred in New Orleans at the time of Hurricane Katrina. The renter's policy issued to Plaintiff provides "named peril" coverage for personal property. Unlike an open peril policy that provides

---

[1] The St. Paul Travelers Companies, Inc. is the ultimate parent corporation of Standard Fire, which is the entity that issued a renter's insurance policy to Plaintiff Eva Maynard.

-1-

coverage for all risks of direct physical loss that are not excluded, a named peril policy only provides coverage for losses that are caused by one of the covered perils that are specified in the policy, such as fire, lightning, vandalism, etc.  Plaintiff's policy provides coverage only when damage to personal property is caused by one of 16 enumerated perils, none of which is flood or third-party negligence that results in a flood.  It is well-established that when insurance coverage is provided on a named peril basis, the insured bears the burden of alleging and proving that the loss was caused by one of the enumerated perils.  Plaintiff's Complaint fails to state a claim because it does not allege that any of the damage to her personal property was caused by any of the 16 perils that are covered by the policy.  Plaintiff's claims for breach of contract and declaratory judgment should therefore be dismissed for failure to state a claim.

Under well-established Louisiana appellate authority, Plaintiff also cannot recover on her bad faith claims under La. Rev. Stat. §§ 22:658 and 22:1220 without a viable claim for breach of contract.  The Complaint therefore should be dismissed, with prejudice, in its entirety.

Dated this 25th day of January, 2007.

|  |  |
|---|---|
| OF COUNSEL:<br>Stephen E. Goldman<br>Wystan M. Ackerman<br>ROBINSON & COLE LLP<br>280 Trumbull Street<br>Hartford, Connecticut 06103-3597<br>Telephone:     (860) 275-8200<br>Facsimile:      (860) 275-8299 | Respectfully submitted,<br><br> _s/Seth A. Schmeeckle_____<br>Ralph S. Hubbard III, T.A., La. Bar # 7040<br>Seth A. Schmeeckle, La. Bar # 27076<br>LUGENBUHL, WHEATON, PECK,<br>     RANKIN & HUBBARD<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>Telephone:     (504) 568-1990<br>Facsimile:      (504) 310-9195<br><br>Attorneys for The Standard Fire Insurance Company (improperly named as The St. Paul Travelers Companies, Inc.) |

-3-

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 25, 2007, a copy of the foregoing Defendant The Standard Fire Insurance Company's Rule 12(b)(6) Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

    Meyer H. Gertler
    Brian David Katz
    Joseph Edward Cain
    Louis L. Gertler
    Louis L. Plotkin
    Russ M. Herman
    Soren Erik Gisleson
    Stephen J. Herman

by operation of the Court's electronic filing system.

                                       _s/Seth A. Schmeeckle_____