UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVA MAYNARD** | * | **CIVIL ACTION NO.: 06-11385** |
| | * | |
| **VERSUS** | * | **SECTION "I"** |
| | * | |
| **THE ST. PAUL TRAVELERS COMPANIES, INC.** | * | **JUDGE AFRICK** |
| | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
RULE 12(B)(6) MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

This purported class action is premised on a fundamental misunderstanding on the part of the Plaintiff with respect to the renter's insurance policy that was issued to her by Defendant The Standard Fire Insurance Company ("Standard Fire").[1]  Plaintiff claims that flood damage to her personal property is covered by the policy.  She seeks to take advantage of Judge Duval's opinion in <u>In re Katrina Canal Breaches Consol. Litig.</u>, 2006 WL 3421012 (E.D. La. Nov. 27, 2006), in which Judge Duval interpreted water damage exclusions in homeowners policies that provided open peril (sometimes called "all-risk") coverage for the damage at issue.  Judge Duval concluded that the flooding that occurred in New Orleans might not fall within the scope of

---

[1] Standard Fire is improperly named in this case as The St. Paul Travelers Companies, Inc., which is its ultimate parent corporation.

-1-

certain water damage exclusions if the cause of the flooding were "man-made," i.e., human acts or omissions in the construction and maintenance of levees rather than the "natural" forces of Hurricane Katrina. Plaintiff seeks to apply Judge Duval's analysis to the coverage for her personal property under a renter's policy issued to Plaintiff by Standard Fire (hereinafter, the "Policy"). She alleges claims for breach of contract and for a declaratory judgment that the flood damage to her personal property is covered by the Policy.

What Plaintiff's allegations fail to recognize, however, is that the nature of the personal property coverage provided by her renter's policy is fundamentally different from the nature of the coverage for dwellings that was provided by the policies at issue in the Katrina Canal Breaches matter. Plaintiff's Policy provides "named peril" coverage for personal property, while the coverage at issue in Katrina Canal Breaches, in contrast, was "open peril" (sometimes called "all risk") coverage. Unlike an open peril policy that provides coverage for all risks of direct physical loss that are not excluded, a named peril policy only provides coverage for losses that are caused by one of the perils that are listed in the policy, such as fire, lightning, vandalism, etc. Plaintiff's Policy provides coverage only when damage to personal property is caused by one of 16 enumerated perils, none of which is flood or third-party negligence that results in a flood.

It is well-established that when insurance coverage is provided on a named peril basis, the insured bears the burden of alleging and proving that the loss was caused by one of the enumerated perils. Plaintiff does not allege that any of the damage to her personal property was caused by any of the 16 perils that are listed in the "Perils Insured Against" section of the Policy. She alleges that the damage was caused by flood, which was caused by third-party negligence, neither of which is a peril covered by the Policy. Where the losses alleged do not fall within one of the perils insured against, there is no need to consider the applicability of any exclusions in the

Policy. Plaintiff's claims for breach of contract and declaratory judgment should therefore be dismissed for failure to state a claim. Under well-established Louisiana appellate authority, Plaintiff also cannot recover on her bad faith claims under La. Rev. Stat. §§ 22:658 and 22:1220 without a viable claim for breach of contract. The complaint therefore should be dismissed, with prejudice, in its entirety.

## SUMMARY OF ALLEGATIONS

Plaintiff Eva Maynard obtained homeowners insurance from Standard Fire that was in effect at the time of Hurricane Katrina. (Petition for Damages (hereinafter, "Complaint"), ¶ IV.) Plaintiff alleges that she sustained damage to her personal property as a result of the "massive flooding" that occurred in New Orleans at the time of Hurricane Katrina. (Id., ¶¶ I, XI, XV.)

Plaintiff claims that coverage was improperly denied for damage to her personal property resulting from flooding. (Id., ¶¶ XII, XV.) Plaintiff contends that "[t]he massive flooding and other water damage arising in the wake of breaches of the 17th Street Canal Levee, the New London Canal Levee, and the Levees along the Industrial Canal, were not 'natural', but were the result of the fault and negligence of the U.S. Army Corps of Engineers, and/or third parties working under the Corps direction and/or supervision . . . ." (Id., ¶ XI.) Plaintiff alleges that the Policy provides coverage for water damage resulting from the levee failures for the following reasons:

> Like other carriers, the Travelers standard Homeowners (including renters) Policy excludes coverage for damage to Dwellings (Coverage A) and Other Structures (Coverage B) caused by the negligence or fault of third parties. However, unlike other carriers, the standard Travelers Homeowners Policy exclusion relating to third-party fault does not apply to Personal Property (Coverage C) or Loss of Use (Coverage D). At the same time, the Travelers standard Homeowners (including renters) Policy's exclusion relating to flood or water damage is limited to water damage occurring from natural sources, and does *not* extend to flooding or other water damage "caused by or resulting from human forces." Consequently, any and all damage to Personal Property as a result of the fault or negligence of the

Corps of Engineers or other third party is covered under the standard Travelers Policy.

(Id., ¶ I.)

Plaintiff seeks a declaration that the Policy "provides coverage to Plaintiffs for Personal Property damaged by man-made flooding and other water damage caused by the negligence or fault of the U.S. Army Corps of Engineers and/or other third parties." (Id., ¶ XV.) Plaintiff also seeks damages, penalties under La. Rev. Stat. §§ 22:658 and 22:1220 and attorneys' fees. (Id., ¶¶ XIV, XVI.)

Plaintiff purports to bring this action on behalf of a class defined as "All Louisiana residents who were covered for damage or loss to personal property under one or more policies of insurance issued by Travelers (including all parents, sisters, subsidiaries, or affiliated insurance companies) in effect on August 29, 2005 . . . ." (Id., ¶ II.)

## OVERVIEW OF PERTINENT POLICY PROVISIONS

The Policy issued by Standard Fire to Plaintiff Eva Maynard is a renter's policy. Section I of the Policy contains the property insurance coverages. There are two basic property coverages -- Coverage C (personal property) and Coverage D (loss of use) -- as well as certain additional coverages. (Policy, Declarations (attached as Exhibit A hereto); see also Policy, Form HO-4, at pp. 2-5.[2]) The property that is covered under Coverage C is "personal property owned or used by an 'insured' while it is anywhere in the world," subject to certain limitations as specified in the Policy. (Id., Form HO-4, at p. 2.) The section of the Policy entitled "Section I -

---

[2] The Policy may be considered on this Rule 12(b)(6) motion to dismiss because it is referred to in the Complaint and is central to Plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Chauvin v. State Farm Fire & Cas. Co., 450 F. Supp. 2d 660, 663 (E.D. La. 2006) ("[U]ncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when these documents are not physically attached to the complaint.").

Perils Insured Against" lists the perils insured against with respect to personal property. It provides as follows:

> We insure for direct physical loss to the property described in Coverage C caused by a peril listed below unless the loss is excluded in SECTION I – EXCLUSIONS.
>
> **1.     Fire or lightning.**
>
> **2.     Windstorm or hail.**
>
> This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.
>
> This peril includes loss to watercraft and their trailers, furnishings, equipment and outboard engines or motors, only while inside a fully enclosed building.
>
> **3.     Explosion.**
>
> **4.     Riot or civil commotion.**
>
> **5.     Aircraft**, including self-propelled missiles and spacecraft.
>
> **6.     Vehicles.**
>
> **7.     Smoke**, meaning sudden and accidental damage from smoke.
>
> This peril does not include loss caused by smoke from agricultural smudging or industrial operations.
>
> **8.     Vandalism or malicious mischief.**
>
> This peril does not include loss to property on the "residence premises" if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.
>
> **9.     Theft**, including attempted theft and loss of property from a known place when it is likely that the property has been stolen.
>
> This period does not include loss caused by theft:
>
> **a.**     Committed by an "insured";

    **b.**    In or to a dwelling under construction or of materials and supplies for use in the construction until the dwelling is finished and occupied; or

    **c.**    From that part of a "residence premises" rented by an "insured" to other than an "insured."

This peril does not include loss caused by theft that occurs off the "residence premises" of:

    **a.**    Property while at any other residence owned by, rented to or occupied by an "insured," except while an "insured" is temporarily living there. Property of a student who is an "insured" is covered while at a residence away from home if the student has been there at any time during the 45 days immediately before the loss;

    **b.**    Watercraft and their furnishings, equipment and outboard engines or motors;

    **c.**    Trailers and campers.

**10.**    **Falling objects.**

This peril does not include loss to property contained in a building unless the roof or an outside wall of the building is first damaged by a falling object. Damage to the falling object itself is not included.

**11.**    **Weight of ice, snow or sleet** which causes damage to property contained in a building.

**12.**    **Accidental discharge or overflow of water or steam** from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance.

This peril does not include loss:

    **a.**    To the system or appliance from which the water or steam escaped;

    **b.**    Caused by or resulting from freezing except as provided in the peril of freezing below; or

    **c.**    One the "residence premises" caused by accidental discharge or overflow which occurs away from the building where the "residence premises" is located.

In this peril, a plumbing system does not include a sump, sump pump or related equipment.

13. **Sudden and accidental tearing apart, cracking, burning or bulging** of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system or an appliance for heating water.

    This peril does not include loss caused by or resulting from freezing except as provided in the peril of freezing below.

14. **Freezing** of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance.

    This peril does not include loss on the "residence premises" while unoccupied, unless you have used reasonable care to:

    a. Maintain heat in the building; or

    b. Shut off the water supply and drain the system and appliances of water.

15. Sudden and accidental damage from artificially generated electrical current.

    This peril does not include loss to a tube, transistor or similar electronic component.

16. **Volcanic eruption** other than loss caused by earthquake, land shock waves or tremors.

(Id., Form HO-4, at pp. 5-6.)

The Policy also contains several exclusions applicable to the property coverages, including a water damage exclusion. (See id., Form HO-4, at pp. 6-7.) These exclusions are not at issue on this motion. The exclusions are potentially applicable only where there is a loss that would otherwise be covered under "Section I - Perils Insured Against," i.e., a loss caused by one of the named perils listed in that section.

**ARGUMENT**

I.  **PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT THE DAMAGE TO HER PERSONAL PROPERTY WAS CAUSED BY ONE OF THE NAMED PERILS THAT ARE INSURED AGAINST**

Under the terms of the Policy, Plaintiff bears the burden of pleading and proving that the losses for which she seeks to recover were caused by a covered peril.  Unlike coverage that is written on an open peril basis, the Policy that Plaintiff purchased from Standard Fire is a renter's policy that provides coverage on a "named peril" basis.  Coverage provided on a named peril basis insures only against specifically enumerated perils, in contrast to coverage provided on an open peril (sometimes called "all risk") basis, which typically insures against all fortuitous losses not specifically excluded.  See Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau, 771 F.2d 910, 912 n.2 (5th Cir. 1985) (explaining "all risk" coverage); Walker v. Travelers Indem. Co., 289 So. 2d 864, 868 (La. App. 4 Cir. 1974) (explaining "all risk" coverage); West Virginia Fire & Cas. Co. v. Mathews, 543 S.E.2d 664, 670 (W. Va. 2000) ("Unlike an 'all-risk' policy that includes all risks that are not specifically excluded in the terms of the contract, a 'named perils' policy excludes 'all risks not specifically included in the contract.'").

It is well-established that, under a named peril policy, the insured bears the burden of alleging and proving that the damage for which the insured seeks to recover was caused by one or more of the covered perils.  Opera Boats, Inc. v. La Reunion Francaise, 893 F.2d 103, 105 (5th Cir. 1990) ("When insurance is provided by a named-perils clause, the initial burden is on the insured to prove that loss occurred by the named peril."); Gulf Ventures III, Inc. v. Glacier General Assurance Co., 584 F. Supp. 882, 886 (E.D. La. 1984) (Beer, J.) ("Under a specific perils insurance policy the burden of proving a loss by a peril insured against is on the insured."); St. Amant v. American Home Assurance Co., 158 So. 2d 871, 875 (La. App. 1 Cir. 1963)

(stating that, under named peril policy, burden was on insured to prove that loss was caused by an insured peril).

In <u>Three Star Transp., Inc. v. Cont'l Ins. Co.</u>, 729 F. Supp. 501 (S.D. Miss. 1989), for example, a cargo insurance policy insured against loss caused by certain enumerated perils. The court held that the damage to the cargo was not caused by one of the listed perils and, accordingly, granted summary judgment in favor of the insurer. <u>Id.</u> at 502-03. The court explained that "[c]learly, the policy is not an 'all risk' policy designed to cover practically all losses but is instead a 'limited risk' policy insuring only against those specifically denominated perils." <u>Id.</u> at 502.

Similarly here, Plaintiff's Policy clearly provides "named peril" coverage for personal property. It provides that "We insure for direct physical loss to the property described in Coverage C [personal property] <u>caused by a peril listed below</u> unless the loss is excluded in Section I - EXCLUSIONS." (Policy, Form HO-4, at p. 5 (Ex. A hereto) (emphasis added).) The Policy then lists the 16 perils that are covered, which are quoted above. (<u>Id.</u>, at pp. 5-6.)

The Complaint in this case fails to allege that the damage to Plaintiff's property was caused by any of the enumerated perils. Plaintiff seeks to recover for damage that was allegedly caused by "man-made flooding and other water damage caused by the negligence or fault of the U.S. Army Corps of Engineers and/or other third parties." (Complaint, ¶ XV; <u>see also</u> Complaint, ¶¶ I, II, XI, XII.) Neither flood nor purported third-party negligence in the construction or maintenance of levees are perils that are covered by the Policy. Plaintiff's claims for breach of contract and declaratory judgment must therefore be dismissed because Plaintiff has failed to allege that the damage to her personal property for which she seeks to recover was caused by any of the named perils that are covered by the Policy.

While the Complaint makes various assertions regarding the interpretation of the water damage exclusion in the Policy and the lack of an exclusion for third party negligence (Complaint, ¶¶ I, VI - IX), those contentions are irrelevant. The exclusions in the Policy are pertinent only when there is a loss that is caused by one of the perils insured against. Without an allegation that the damage to Plaintiff's personal property was caused by one of the 16 enumerated perils, there is no need for this Court to construe the exclusions. See Kozlowski v. Penn Mut. Ins. Co., 441 A.2d 388, 391 (Pa. Super. Ct. 1982) (holding that where "it is clear that the loss sustained . . . was not a 'peril insured against,'" it was "unnecessary to examine whether the loss was specifically excluded").

For precisely the same reason, Judge Duval's recent decision in In re Katrina Canal Breaches Consol. Litig., 2006 WL 3421012 (E.D. La. Nov. 27, 2006) is clearly distinguishable from this case. The insurance coverage at issue in Katrina Canal Breaches was coverage for damage to dwellings which was open peril or "all-risk" coverage. Id. at *5 (characterizing the coverage at issue as "all-risk" and stating that "unless there is a specific exclusion for the type of water damage that an insured has incurred, coverage is presumed," and thus "[t]he focus of a court's inquiry then is on the relevant exclusions to coverage"). The policies at issue in Katrina Canal Breaches provided, for example, that "We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property," except for losses that are excluded by the policies. Id. at *9 (emphasis added). Judge Duval's analysis of water damage exclusions in Katrina Canal Breaches is of no relevance to this case because this case involves named peril coverage rather than open peril or "all-risk" coverage. There is no need for the Court to construe the term "flood" in the water damage exclusion when flood is not a covered peril to begin with.

## II. WITHOUT A VIABLE CLAIM FOR BREACH OF CONTRACT, PLAINTIFF CANNOT RECOVER ON HER CLAIMS FOR PENALTIES AND ATTORNEYS' FEES

Plaintiff also seeks to recover penalties and attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220. (Complaint, ¶¶ XIV, XVI.) It is well-established, however, that without a valid underlying claim for breach of the insurance policy, there can be no recovery under Sections 22:658 and 22:1220. Phillips v. Patterson Ins. Co., 813 So. 2d 1191, 1195 (La. App. 3 Cir. 2002) (affirming dismissal of claims under La. Rev. Stat. §§ 22:658 and 22:1220 for failure to state a cause of action where plaintiff had "no viable underlying claim" for insurance coverage); Clausen v. Fidelity & Deposit Co., 660 So. 2d 83, 85 (La. App. 1 Cir. 1995) (holding that, in order to bring a claim under La. Rev. Stat. § 22:658 or 22:1220, the plaintiff "must first have a valid, underlying, substantive claim upon which insurance coverage is based"); Hardy v. Hartford Ins. Co., 236 F.3d 287, 293 (5th Cir. 2001) (affirming dismissal of bad faith claims, holding that insurer could not be liable under La. Rev. Stat. §§ 22:658 and 22:1220 where it had no duty to provide coverage); Edwards v. Allstate Prop. & Cas. Co., 2005 WL 221558, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (holding that "because [the insured] has no underlying breach of contract on her insurance policy, she has no claim for penalties under La. R.S. 12:220 and 22:658").

Plaintiff's claims for attorneys' fees should also be dismissed on the independently dispositive ground that La. Rev. Stat. §§ 22:658 and 22:1220 do not authorize an award of attorney's fees. Before 2003, La. Rev. Stat. § 22:658 permitted an award of attorneys' fees against an insurer found to be in bad faith. See Geraci v. Byrne, 934 So.2d 263, 267 (La. App. 5 Cir. 2006). In 2003, however, the Louisiana Legislature revised La. Rev. Stat. § 22:658, eliminating all language in that statute that permitted an award of attorneys' fees. See id.;

-11-

Louisiana Legislative Act 2003, No. 790 § 1.  The effective date of this act was August 15, 2003.  The damage at issue in this case occurred on or about August 29, 2005, more than two years after the amendment to Section 22:658 took effect.  (Complaint, ¶¶ I, IV.)  Section 22:1220 does not, and never has, permitted an award of attorneys' fees.  Thus, neither Section 22:658 nor Section 22:1220 permits recovery of attorneys' fees against an insurer for bad faith breach of contract.

## CONCLUSION

For all of the foregoing reasons, Standard Fire's Rule 12(b)(6) motion to dismiss should be granted and the Complaint should be dismissed, with prejudice.

Dated this 25th day of January, 2007.

OF COUNSEL:
Stephen E. Goldman
Wystan M. Ackerman
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Telephone:     (860) 275-8200
Facsimile:     (860) 275-8299

Respectfully submitted,

_s/Seth A. Schmeeckle_____
Ralph S. Hubbard III, T.A., La. Bar # 7040
Seth A. Schmeeckle, La. Bar # 27076
LUGENBUHL, WHEATON, PECK,
     RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:     (504) 568-1990
Facsimile:     (504) 310-9195

Attorneys for The Standard Fire Insurance Company (improperly named as The St. Paul Travelers Companies, Inc.)

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2007, a copy of the foregoing Defendant The Standard Fire Insurance Company's Memorandum of Law in Support of its Rule 12(b)(6) Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

    Meyer H. Gertler
    Brian David Katz
    Joseph Edward Cain
    Louis L. Gertler
    Louis L. Plotkin
    Russ M. Herman
    Soren Erik Gisleson
    Stephen J. Herman

by operation of the Court's electronic filing system.

                                              _s/Seth A. Schmeeckle_____