UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | * CIVIL ACTION<br>* NUMBER 05-4182 |
| LEVEE CASES<br>PERTAINS TO: 06-8708<br>(Josephine Richardson, et al.) | * SECTION "K" (2)<br>*<br>* JUDGE DUVAL<br>* MAGISTRATE WILKINSON |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### THE CITY OF NEW ORLEANS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, the City of New Orleans, in response to the Petition for Damages, Wrongful Death and Survival Action with Trial by Jury filed by Plaintiff, Josephine Richardson, individually and on behalf of her deceased husband, Joseph Richardson, answers and sets forth its Affirmative Defenses as follows:

#### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to set forth facts sufficient to state a cause of action and/or a right of action upon which relief may be granted against the City of New Orleans, and further fails to state facts sufficient to entitle the Plaintiff to the relief sought, or any other relief whatsoever, from the defendant, the City of New Orleans.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to join indispensable parties, as required by Federal Rule of Civil Procedure 19.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the provisions of Article 2315 of the Louisiana Civil Code, in whole or in part, because they cannot establish: (a) that the alleged conduct of the City of New Orleans was in any way the cause of the harm alleged to have been suffered; (b) that the alleged conduct of the City of New Orleans was a proximate cause of, or a substantial factor, in causing the harm alleged to have been suffered; (c) that the City of New Orleans owed any duty to plaintiff that encompassed the risk that the Plaintiff would suffer the alleged harm; or (d) that if the City of New Orleans owed any such duty to Plaintiff, that it breached said duty.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant, the City of New Orleans, as a political subdivision of the State of Louisiana, invokes all rights and defenses under the provisions of Article 2323 of the Louisiana Civil Code and avers that any damages alleged to have been suffered by plaintiff were directly and proximately caused by the acts, omissions, and/or failure to mitigate of others, whether individual, corporate or otherwise, whether named or unnamed in the Complaint, for whose conduct the City of New

Orleans was not then, and is not now responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to an Act of God, force majeure, fortuitous event and/or extraordinary manifestation of the forces of nature.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

The City of New Orleans, as a political subdivision of the State of Louisiana, qualifies for and claims the limitation of liability afforded by Louisiana Revised Statutes, Title 9, Section 2800 et. seq., and further states that it never had notice (either "actual" or "constructive") of any "vice or defect" which allegedly caused Plaintiff's harm.

### EIGHTH AFFIRMATIVE DEFENSE

The City of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that in accordance with the provisions of Louisiana Revised Statutes, Title 9, Section 2800, should the plaintiff be able to prove either "actual" and/or "constructive" notice of a particular vice or defect, that it never had a reasonable opportunity to remedy any alleged defect and no evidence can be presented to show that it failed to do so.

### NINTH AFFIRMATIVE DEFENSE

The City of New Orleans invokes and adopts all affirmative

and constitutional defenses available to it under federal law, the laws of the State of Louisiana, or the laws of other jurisdictions that may be subsequently determined to apply to this action.

### TENTH AFFIRMATIVE DEFENSE

The City of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as provided for by the provisions of Louisiana Revised Statutes, Title 9, Section 2798.1.

### ELEVENTH AFFIRMATIVE DEFENSE

The City of New Orleans, as a political subdivision of the State of Louisiana, invokes the discretionary immunity as is provided for by the provisions of Louisiana Revised Statutes, Title 13, Section 5106 and is entitled to a limitation of liability for general damages.

### TWELFTH AFFIRMATIVE DEFENSE

The City of New Orleans, as a political subdivision of the State of Louisiana, affirmatively avers that it exercised no authority or jurisdiction over the individuals, agencies, and/or entities that were responsible for the design, construction, repair and/or maintenance of the levee systems and/or floodwalls that are at issue in this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

The City of New Orleans affirmatively avers that the Plaintiff was negligent in failing to follow the repeated lawful

orders to evacuate the Metropolitan New Orleans area, including the City of New Orleans and Parish of Orleans, and such other acts or omissions that may be proven at the time of trial.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that the risk of flooding, injury and/or loss of life and/or property constituted known risks in advance of the impending Hurricane Katrina, and/or Hurricane Rita, during the months of August and September, 2005.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that if the Plaintiff was injured and/or suffered damages of any type whatsoever, which the City of New Orleans specifically denies, then the injuries and/or damages resulted from an independent, intervening, and/or superceding cause(s) for which the City of New Orleans may not be held responsible.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of Title 33, United States Code, Section 702(c).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that the plaintiff's injuries and/or damages resulted from circumstances, causes, and/or events that could not have been prevented by the defendant, the City of New Orleans.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that to the extent that the plaintiff has, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, the defendant, City of New Orleans, is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**NINETEENTH AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that the plaintiff's claims for damages are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

**TWENTIETH AFFIRMATIVE DEFENSE**

The City of New Orleans adopts and incorporates by reference any affirmative defense(s) asserted by any other defendant to this action to the extent that such an affirmative defense applies to the Defendant, City of New Orleans, and gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case. The City of New Orleans reserves its right to amend its answer to assert any such defense(s).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The City of New Orleans affirmatively avers that at no time

material alleged in the complaint did the defendant, City of New Orleans, have any care, custody, control, or garde, nor did it own, any of the outfall canals listed therein, specifically referring to the Seventeenth Street Canal, the London Avenue Canal and/or the Industrial Canal, also known as the Inner Harbor Navigation Canal.

**ANSWER**

**AND NOW,** answering separately the allegations of the Petition for Damages, Wrongful Death and Survival Action with Trial by Jury filed by Plaintiff, Josephine Richardson, individually and on behalf of her deceased husband, Joseph Richardson, the defendant, the City of New Orleans, admits, denies and avers as follows:

1.

The allegations of paragraph 1 are denied as they pertain to defendant, the City of New Orleans. The remaining allegations of paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of paragraph 2 are denied as they pertain to defendant, the City of New Orleans. The remaining allegations of paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraphs 3, 4, and 5, are denied.

4.

There are no allegations cited in, nor is there a paragraphs numbered, paragraph 6 but, out of an abundance of caution, any and all allegations alleged to be asserted therein are denied.

5.

The allegations of paragraphs 7, 8, 9, 10, 11, 12, 13, and 14 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 15 are denied.

7.

The allegations of paragraphs 16 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraphs 17 do not call for an answer from defendant, the City of New Orleans, but, out of an abundance of caution, are denied.

9.

The allegations of paragraphs 18 and 19 are denied.

**WHEREFORE**, for the reasons stated herein, defendant, the City of New Orleans, prays that this answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment in favor of the defendant, the City of New Orleans, and against the plaintiff, Josephine Richardson, individually and on behalf of her deceased husband, Joseph Richardson, dismissing all

of the claims of the plaintiff with prejudice, and at plaintiff's cost.

                  Respectfully submitted,

                  Joseph V. DiRosa, Jr., La. Bar # 4959
                  *Chief Deputy City Attorney*
                  1300 Perdido Street, Room 5E03
                  New Orleans, Louisiana 70112
                  (504) 658-9811
                  (504) 658-9868 (fax)

                  Penya Moses-Fields, La. Bar. # 24850
                  *City Attorney*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been sent to all counsel of record by electronic delivery via CM/ECF, facsimile service, or by placing same in the United States Mail, properly addressed and postage prepaid this 21st day of February, 2007.

                  JOSEPH V. DIROSA, JR.