UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | |
| _____ | * | SECTION K - JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | |
| | * | MAG. (2) - MAG. WILKINSON |
| INSURANCE:     *Aaron*, 06-4746 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS, MOTIONS TO SEVER AND MOTIONS FOR MORE DEFINITE STATEMENT

MAY IT PLEASE THE COURT:

Multiple defendants have pending before this Court for Hearing on March 23, 2007 various Motions to Dismiss/Sever/More Definite Statement.  Plaintiffs have previously filed a Memorandum in Opposition to various defendants motions.  See document no. 2007.  Plaintiffs adopt the arguments set forth in that opposition memorandum.  The following motions are subject of this opposition:

1)      Allstate s Motion to Sever (Document No.: 1878);

2)      Southwest Business Motion to Sever (Document No.: 2315) and for More Definite Statement (Document No.: 1930);

1

3)      Scottsdale s Motion for More Definite Statement (Document No.: 2230);

4)      Empire Fire and Marine and Fidelity & Deposit Company of Maryland s Motion to Sever (Document No.: 2240) and Motion for More Definite Statement (Document No.: 2241);

5)      Metlife Metropolitan Motion to Dismiss/Sever (Document No.: 2280) and Motion for More Definite Statement (Document No.: 2279);

6)      Homesite Insurance Company s Motion to Sever (Document No.: 2477);

7)      Hartford s Motion for More Definite Statement (Document No.: 1708);

8)      USAA s Motion for More Definite Statement (Document No.: 1710); and

9)      Standard Fire s Motion for More Definite Statement (Document No.: 1795).

As this Court is aware, pending before it is Plaintiffs Motion to Administratively Close this matter. While it is plaintiffs understanding that the probability is that this matter will be administratively closed, and it is still plaintiffs position that the most effect way to deal with multiplicity of claims herein is to administratively close this matter to allow ongoing settlement negotiations to continue, plaintiffs file this opposition in respect to this Court s long set deadline.

As previously indicated to this Court should the administrative closing not be granted, plaintiffs do not object a severing out of each individual insurance company along with their insureds in separate claims. Undersigned counsel for plaintiffs have already provided all defendants who have appeared and requested a list of the parties plaintiffs who are their insureds and have been working with a number of defendants to identify the particular insureds and the property in question.

Plaintiffs would oppose a severing out of each individual plaintiff against each individual

insurance company as such would create an administrative nightmare for all parties concerned and would serve no real purpose at this time as negotiations are ongoing on individual claims.

As to request for more definite statements, such a request maybe appropriate and justified should individual matters proceed towards litigation. However, at this point and time same is not necessary and any ruling on said motion should either be deferred or denied with the right to re-urge when cases are identified that appear to necessitate further litigation.

In summary, plaintiffs still contend that the best way to manage this matter is for the administrative closure of same. Such a closure can be crafted as to protect all the concerns raised by various defendants yet still provide time for all parties to amicably resolve their differences.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

s/Jim S. Hall
**JIM S. HALL, (Bar No.: 21644)**
**JOSEPH W. RAUSCH (Bar No.: 11394)**
800 N. Causeway Blvd., Suite #100
Metairie, Louisiana 70001
Telephone: (504) 832-3000
Facsimile: (504) 832-1799
E-Mail: jim@jimshall.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 22nd day of February, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

s/Jim S. Hall
**JIM S. HALL, (Bar No.: 21644)**