UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION<br>NO. 05-4182<br>SECTION K(2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| PERTAINS TO:<br><br>LEVEE<br><br>Speed, et al. v. City of New Orleans, et al.<br>Case No. 06-11208 | *<br>*<br>*<br>*<br>*<br>* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OMNIBUS MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS FILED BY BNSF RAILWAY COMPANY AND PUBLIC BELT RAILROAD COMMISSION FOR THE CITY OF NEW ORLEANS

Plaintiffs, Pamela Speed, et al., respectfully submit this Omnibus Memorandum in Opposition to the Motions to Dismiss filed by BNSF Railway Co., f/k/a Burlington Northern & Santa Fe ("BNSF"), and Public Belt Railroad Commission for the City of New Orleans ("Public Belt"). BNSF and Public Belt have filed Motions to Dismiss under F.R.C.P. 12(b)(6) erroneously asserting that Plaintiffs have failed to state a claim upon which relief may be granted. On the contrary, Plaintiffs have fully complied with the "notice pleading" requirements set forth in the Federal Rules of Civil Procedure, and BNSF's and Public Belt's Motions to dismiss should be denied.

I.  **PLAINTIFFS HAVE STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND PLAINTIFFS' COMPLAINT COMPLIES WITH THE PLEADING REQUIREMENTS SET FORTH IN THE FEDERAL RULES OF CIVIL PROCEDURE.**

BNSF and Public Belt repeatedly argue that Plaintiffs' claims should be dismissed because neither BNSF nor Public Belt had a duty to repair the damaged flood gate. Whether BNSF and Public Belt had a duty to repair the damaged flood gate is irrelevant. What is relevant is that BNSF and Public Belt had a duty to operate the locomotive owned by BNSF and operated by Public Belt in a safe manner without causing damage. They failed to adhere to that duty, and as a result, Flood Gate W-30 was damaged leaving Plaintiffs' property unprotected. In short, BNSF's and Public Belt's negligent operation of the locomotive is a proximate cause of Plaintiffs' damages, and Plaintiffs sufficiently alleged as much. *See* Plaintiffs' Petition, ¶ IV(1).[1] Accordingly, BNSF's and Public Belt's Motions to Dismiss should be denied.

There is a strong presumption against dismissing pleadings for failing to state a cognizable claim for relief, and BNSF and Public Belt have not set forth any arguments overcoming that powerful presumption. *See Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995). In considering a Rule 12(b)(6) Motion, all well-pleaded allegations are presumed to be true, and all doubts and inferences should be resolved in favor of the pleader. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994); *United States ex rel. Willard v. Humana Health*

---

[1] Under the duty-risk analysis, the court first determines whether the defendant's conduct was a cause-in-fact of the plaintiff's damages. *Fowler v. Roberts*, 556 So. 2d 1 (La. 1989); *Pierre v. Allstate Ins. Co.*, 242 So. 2d 821 (1970). This is a "but for" inquiry that tests whether the damages would not have occurred "but for" the defendant's conduct. *See id.* The "substantial factor" inquiry may be applied to determine cause-in-fact when the conduct of each of two or more persons actually contributes to the plaintiff's harm even though the harm would have occurred without the interaction of one. *See Lombard v. Sewerage & Water Bd. of N.O.*, 284 So. 2d 905, 913 (La. 1973); WILLIAM L. CROWE, SR., THE ANATOMY OF A TORT, 22 LOY. L. REV. 903, 904-05 (1976).

BNSF's and Public Belt's conduct were causes in fact of Plaintiffs' damages, and the Plaintiffs' Petition specifically alleges that BNSF's and Public Belt's negligence was a cause of Plaintiffs' damages. Accordingly, BNSF's and Public Belt's Motions to Dismiss should be denied.

*Plan of Texas, Inc.*, 336 F. 3d 375, 379 (5th Cir. 2003).  The pleading should be viewed in the light most favorable to the non-moving party.  *See id.*

A claim will only be dismissed under Rule 12(b)(6) if it appears **beyond doubt** that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The complaint may not need to identify a particular legal theory.  *See Williams v. Seniff*, 342 F.2d 774 (7th Cir. 2003).  Even if the asserted legal theory is not cognizable or the relief sought is unavailable, a claim generally will not be dismissed if there are other tenable legal claims evident on the face of the complaint.  *See Carparts Distrib. Ctr. v. Automotive Wholesaler's Ass'n. of New England, Inc.*, 37 F.3d 12, 17 (1st Cir. 1994) ("For purposes of Fed. R. Civ. P. 12(b)(6), the possibility of a claim is enough to defeat dismissal.").

Plaintiffs specifically pled that on September 11, 2004, a locomotive owned by BNSF and operated by Public Belt derailed at the location of Flood Gate W-30 crashing into the flood wall and flood gate support system, which caused a gap in the flood protection system.  *See* Plaintiffs' Petition, ¶ (III) 4.  Plaintiffs specifically pled that the Defendants, including BNSF, Public Belt, and OLD, removed the damaged Flood Gate W-30 to conduct repairs necessitated by the derailment.  *See* Plaintiffs' Petition, ¶ (III) 7.  In spite of having advanced notification of Hurricane Katrina, Defendants, including BNSF, Public Belt, and OLD, failed to take any steps to replace the missing flood gate with adequate flood protection.  *See* Plaintiffs' Petition, ¶ (III) 8.  As a result, Plaintiffs suffered damages when flood waters poured through the area of the missing flood gate.  *See* Plaintiffs' Petition, ¶¶ (III) 10-11.

In their memoranda in support of their Motions to Dismiss, BNSF and Public Belt assert

3

that the Board of Commissioners of the Orleans Levee District ("OLD") has control over the flood protection system, and that BNSF and Public Belt, therefore, had no duty repair the floodgate or to protect Plaintiffs from flooding. BNSF and Public Belt cannot deny that they had a duty to operate the locomotive and railroad cars in a safe manner and to prevent any accidents or derailments. BNSF and Public Belt did not act in accordance with that duty, and they are liable for Plaintiffs' damages that resulted from their negligence. In fact, as Plaintiffs specifically pled, the OLD filed a lawsuit against BNSF and Public Belt seeking damages for BNSF's and Public Belt's negligence in damaging Flood Gate W-30. *See* Plaintiffs' Petition, ¶ 5; *see also* Doc. No. 1767, Exhibit H.

BNSF asserts that Plaintiffs' claims should be dismissed because Plaintiffs did not allege a duty owed by BNSF. As acknowledged by BNSF, a plaintiff need only set forth allegations from which an inference fairly may be drawn that evidence on these material points may be introduced at trial. *See* BNSF's Memorandum, p. 4 (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Plaintiffs have exceeded this requirement. Plaintiffs' allegations more than adequately demonstrate Plaintiffs' position that BNSF had a duty to maintain control over its locomotive such that its locomotive did not cause damages or injury to others. *See* Plaintiffs' Petition, ¶ (IV) 1. BNSF breached that duty, and BNSF's locomotive derailed causing Plaintiffs' damages. As such, Plaintiffs have set forth a claim upon which relief may be granted.

In support of its Motion to Dismiss, Public Belt cites this Court's order granting the City of New Orleans' Motion to Dismiss. Public Belt asserts that if the City of New Orleans (a general purpose political subdivision) has no duty to maintain the levees, then Public Belt (a limited purpose political subdivision) likewise has no duty to maintain the levees. Public Belt

fails to recognize that Public Belt and the City of New Orleans are not similarly situated in this case. Public Belt actually operated the locomotive that derailed and damaged Flood Gate W-30. Indeed, the affidavit of Thomas Lobello, Jr., which BNSF attached to its memorandum in support of its Motion to Dismiss, specifically states that the derailed train was "operated by a crew employed by NOPB [Public Belt]." *See* BNSF Memorandum, Ex. A, ¶ 3. Public Belt cannot avoid its liability for such a direct and active role in damaging Flood Gate W-30.

Public Belt cited *Safford v. Bayou Lafourche Fresh Water Dist.*, 03-700 (La. App. 1 Cir. 2/23/04), 872 So. 2d 1127, in support of its argument that it had no duty to Plaintiffs. The circumstances in *Safford* are **markedly** different from the circumstances at issue in this case. The *Safford* court held that the Bayou Lafourche Water District had no duty to the plaintiff for flooding damages to the plaintiff's bulkhead, boat shed and dog pen, which were situated on riparian land. Public Belt neglects to mention that the bulkhead, boat shed, and dog pen at issue in *Safford* was built on land within the ordinary low stage of the bayou, that is, below the bank owned by the plaintiff. *See id.* at 1131. A surveyor testified in *Safford* that the plaintiff's boat shed, bulkhead, and dog pen were built on land belonging to the State as they were built on the bottom of a natural navigable waterway. *See id.* The court reasoned that the Water District had no duty to Mr. Safford to maintain a certain water level within the boundaries of a water bottom owned by the State, which delegated to the Water District its duties pertaining to the supply of fresh water in the area. It appears that Mr. Safford alleged that his damages were caused by Water District's routine performance of acts related to its statutory duty to supply fresh water.

Conversely, the damages suffered by Plaintiffs in this case were proximately caused by Public Belt's negligence rather than by the mere routine performance of Public Belt's statutory

5

duty to operate the public belt railroad system in New Orleans. Further, the Plaintiffs' damages in this case included damages to their homes and businesses that were located in a metropolitan area—not damages to property built at the bottom of a State-owned navigable waterway. *Safford* is distinguishable from the facts of this case, and this Court should not be persuaded by the reasoning in *Safford*.

**II.     MOTIONS TO DISMISS UNDER 12(B)(6) SHOULD NOT BE GRANTED BASED ON DEFENSES RAISED BY BNSF AND PUBLIC BELT BECAUSE THOSE DEFENSES ARE NOT REVEALED ON THE FACE OF THE PETITION.**

A court will dismiss an action for failure to state a claim when the face of the complaint reveals obvious, "built-in" affirmative defenses, such as statute of limitations, assumption of risk, or statute of frauds. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591 (5th Cir. 1991). No obvious, "built-in" affirmative defenses are revealed by Plaintiffs' petition. Instead, BNSF and Public Belt have raised the OLD's fault and federal preemption defenses as bases for dismissal of Plaintiffs' claims. OLD's fault does not erase the well-pleaded allegations and claims asserted against BNSF and Public Belt. Furthermore, federal preemption defenses are not revealed by the face of the Petition, and Plaintiffs' claims should not be dismissed.

As fully set forth in Plaintiffs' Motion to Remand [Doc. 3030], which is incorporated herein by reference pursuant to F.R.C.P. 10 (c), "[f]ederal preemption is ordinarily a defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint," and the defense does not create federal question jurisdiction nor does it provide a basis for dismissal of Plaintiffs' claims under Rule 12(b)(6). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). When discussing the qualified immunity defense, the Second Circuit Court

6

of Appeal stated that "[t]he defense faces a formidable hurdle when advanced on such a motion." *Cohn v. New Paltz Ctrl. School Dist.*, 171 Fed. Appx. 877, 879 (2d Cir. 2006) (citing *McKenna v. Wright*, 386 F.3d 432, 434 (2d Cir. 2004)). Plaintiffs submit that a formidable hurdle also exists with regard to the federal preemption defense, and BNSF and Public Belt have failed to overcome that hurdle.

### III. RULE 23 CLASS ACTION PLEADING REQUIREMENTS DID NOT APPLY TO PLAINTIFFS' PETITION WHEN IT WAS DRAFTED AND FILED IN STATE COURT, AND BNSF'S ASSERTION THAT PLAINTIFFS FAILED TO COMPLY WITH RULE 23 PLEADING REQUIREMENTS DOES NOT WARRANT DISMISSAL OF PLAINTIFFS' CLAIMS.

Plaintiffs initiated this case in state court under the Louisiana Class Action provisions, which are specifically cited in paragraph IV(2) of Plaintiffs' Petition. As such, the pleading requirements of Rule 23 did not apply when Plaintiffs drafted and filed their Petition in state court. Plaintiffs are prepared to proceed with class certification upon remand of this matter to state court. Furthermore, the individual representative Plaintiffs have asserted personal actions against BNSF and Public Belt, and class action pleading requirements are irrelevant to such personal claims.

If this Court, however, finds that Plaintiffs' Petition does not satisfy Rule 23 pleading requirements, Plaintiffs submit that they should be allowed to amend their pleading to cure any defects. Federal policy favors decisions on the merits rather than on technicalities, which counsels in favor of permitting plaintiffs leave to amend and re-file pleadings. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999). Accordingly, if this Court finds that Plaintiffs' Petition has failed to meet Rule 23 pleading requirements, Plaintiffs request that they be allowed to amend their pleading to correct any pleading deficiencies with regard to their class

action.

IV.  **EXTRINSIC EVIDENCE SUCH AS THE AFFIDAVIT OF THOMAS LOBELLO SHOULD NOT BE CONSIDERED IN DECIDING A 12(B)(6) MOTION TO DISMISS.**

This Court may, in its discretion, exclude affidavits and other materials in support of a motion for failure to state a claim. *See* F.R.C.P. 12(b)(6); *see also Swedberg v. Marotzke*, 339 F.3d 1139, 1142-45 (9th Cir. 2003). However, if the Court considers extrinsic evidence, the motion must be converted to a motion for summary judgment under Rule 56. *See id.* If the Court converts a motion for failure to state a claim into a motion for summary judgment, the Court should provide notice to all parties so that all may have an opportunity to be heard and to present materials in support of their positions. *See R.J. Corman Derailment Servs., L.L.C. v. International Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

Plaintiffs have received no notice that this Motion to Dismiss for failure to state a claim would be converted into a motion for summary judgment, and Plaintiffs submit that the affidavit of Thomas Lobello, which BNSF attached in support of its Motion, should not be considered by this Court in deciding this Rule 12(b)(6) motion. Public Belt alludes to extrinsic evidence that it intends to present to the Court in support of a motion for summary judgment that may be filed in the future. *See* Public Belt Memorandum, p. 8, n.4. Public Belt's references to such extrinsic evidence, likewise, should not be considered when deciding this Rule 12(b)(6) motion. In fact, Public Belt's statement that such evidence may be presented in support of a motion for summary judgment that may be filed in the future supports Plaintiffs' assertion that these Motions to Dismiss have not been converted to motions for summary judgment and that extrinsic evidence

should not be considered.

Nonetheless, if this Court does consider the affidavit of Thomas Lobello, Plaintiffs submit that Mr. Lobello's attestations do not eliminate the issues of fact that exist with regard to BNSF's liability. In particular, in his affidavit, Mr. Lobello states that "[n]o locomotive owned by the BNSF Railway Company was involved in the [September 11, 2004] derailment." *See* Affidavit of Thomas Lobello, ¶ 4. However, the police report documenting the derailment specifically states that the Orleans Levee District Police Lieutenant who responded to the derailment "learned that the locomotive belonged to Burlington Northern Santa Fe railroad." *See* Exhibit A. The conflicting statements contained in Mr. Lobello's affidavit and in the police report demonstrate genuine issues of material fact, which preclude summary judgment as to BNSF's liability. BNSF's Motion to Dismiss for failure to state a claim should also be denied.

## V.    CONCLUSION

BNSF's and Public Belt's Motions to Dismiss should be denied. Plaintiffs have pled that BNSF's and Public Belt's negligence in operating the locomotive, which was owned by BNSF, caused damage to the flood gate, which is a proximate cause of Plaintiffs' damages. Any defenses asserted by BNSF and Public Belt do not appear on the face of Plaintiffs' Petition and do not erase the validity of the claims asserted by Plaintiffs. Further, Plaintiffs' alleged failure to comply with Rule 23 class action pleading requirements does not warrant a dismissal of Plaintiffs' claims. Accordingly, Plaintiffs submit that BNSF's and Public Belt's Motions to Dismiss for Failure to State a Claim should be denied.

Respectfully Submitted,

**SMITH STAG, L.L.C.**

*/s/ Sharonda R. Williams*

Stuart H. Smith (# 17805)
Michael G. Stag (#23314)
Sharonda R. Williams (#28809)
365 Canal Street, Suite 2850
New Orleans, LA 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

Val Patrick Exnicios (#19563)
Liska, Exnicios & Nungesser
365 Canal Street, Suite 2290
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

Anthony D. Irpino (24727)
Irpino Law Firm
365 Canal Street, Suite 2290
New Orleans, LA 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501

Conrad S.P. Williams, III (#14499)
St. Martin, Williams & Bourque, APLC
PO Box 2017
Houma, LA 70361-2017
Telephone: (985) 876-3891
Facsimile: (985) 851-2219

Attorneys for Plaintiffs

## Certificate of Service

I certify that on this 22nd day of February, 2007, a copy of the foregoing Omnibus Memorandum in Opposition to Motions to Dismiss filed by BNSF Railway Company and Public Belt Railroad Commission for the City of New Orleans has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, or by telefaxing placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

                                                                            */s/ Sharonda R. Williams*
                                                                            SHARONDA R. WILLIAMS