UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| PERTAINS TO: | * | MAGISTRATE (2) |
| ALL LEVEE, MRGO | * | |
| RESPONDER CASES AND TO | * | JUDGE DUVAL |
| NO.   06-5786 | * | |
| | * | MAGISTRATE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO CERTAIN STATE DEFENDANTS' MOTION
TO DISMISS FOR PLAINTIFFS' FAILURE TO TIMELY
<u>REQUEST SERVICE OF PROCESS</u>**

**MAY IT PLEASE THE COURT:**

The Court should make no mistake about it:  The subject Motion to Dismiss by certain State defendants for plaintiffs' failure to "timely request service of process" is but Round One in a larger WAR, which will ultimately require plaintiffs to oppose a plea of prescription and possible loss of plaintiffs' substantive rights against certain State defendants, who were timely sued by plaintiffs in a Court of competent jurisdiction.[1] Consistent with the position taken by all State defendants and their counsel in "Victims of

---

[1] The underlying suit was originally filed in State Court, and more particularly Civil District Court for the Parish of Orleans.  Your Honor may recall that, at the Call Docket held in Open Court on January 5, 2007, undersigned counsel represented to Your Honor that the underlying suit was filed in State Court because counsel wished to have a case filed within one year of Hurricane KATRINA in a Court in which the State of Louisiana, its agencies, etc. could not invoke immunity pursuant to the 11th Amendment to the U.S. Constitution.

-1-

KATRINA" litigation, namely that "No one is legally responsible for anything", the lawyers for the Louisiana Department of Justice who are currently representing the interests of the State defendants[2] have cited the Court to an obscure statute, LSA-R.S. 13:5707(D), which they want applied against plaintiffs in a Draconian way in order to deprive plaintiffs of their substantive rights.  Indeed, if the position being advocated by the LDOJ and the State defendants is legally correct, then plaintiffs would have been better off by not suing any State defendant in a Court of competent jurisdiction within one year of Hurricane KATRINA at all, so that plaintiffs could then argue application of the rule enunciated in Civil Code Articles 1799 and 3503, namely that the interruption of prescription against one solidary obligor is effective against all solidary obligors.   Here, plaintiffs sued the State defendants in a Court of competent jurisdiction within one year of Hurricane KATRINA, but since service of process was not requested for the State defendants within ninety days, the State defendants now urge the harsh remedy of dismissal, which plaintiffs aver is but a prelude to a plea of prescription by the State.

If the State defendants were private litigants, then they would neither be entitled to dismissal of plaintiffs' claims against them, nor would they be entitled to plead prescription, because plaintiffs aver that they had good cause for non-service in a timely manner, and because neither plaintiffs nor their attorney were in bad faith in not serving summonses and Petition within the specified period of time.  See Affidavit of plaintiffs' counsel, attached and marked as Exhibit No. 1, which addresses plaintiffs' counsel's lack of funds, the fact that this action was removed to Federal Court from State Court, and this Court's "management" of Victims of KATRINA litigation.

---

[2]   A Motion to Disqualify the LDOJ as counsel for the State, its agencies, etc., is pending.

The rules applicable to parties other than the State were recently sent forth by the Louisiana Supreme Court in <u>Bordelon v. Medical Center of Baton Rouge</u>, 871 So.2d 1075 (La. 2004), as follows:

> Prescription is interrupted by the timely filing of a lawsuit in a court of competent jurisdiction and venue, and continues as long as that suit is pending. A request for service of citation upon the defendant or defendants is required within 90 days, after which time, the court, on its own motion or that of any other party, shall dismiss from the action the defendant against whom service was not requested, unless good cause for non-service within 90 days is shown. However, unless that unserved party is the state, that lawsuit, although not timely served, interrupts prescription, unless the court finds that failure to request service was due to the plaintiff's bad faith. In that case, interruption of prescription is considered never to have occurred. Because there was no finding, or allegation, that the plaintiffs' failure to request service upon the defendants in the first lawsuit filed on February 6, 1998, that lawsuit, although dismissed for non-service, served to interrupt prescription such that plaintiffs' second lawsuit filed on August 3, 1998 was timely filed. 871 So.2d at pp. 1083-1084.

Plaintiffs respectfully submit that the statute cited by the State defendants, LSA-R.S. 13:5707(D), should be read in conjunction with other laws, in keeping with the rule that "Laws on the same subject matter must be interpreted in reference to each other". <u>Johnson v. Brown</u>, 851 So.2d 319, 323 (La. App. 4th Cir. 2003); Civil Code Article 13. More particularly, plaintiffs respectfully submit that LSA-R.S. 13:5107(D) should be read in conjunction with the following additional statutes, and that the rules with respect to State defendants should be no different than the rules which are applied to any other litigant, with delay in effecting service justified for "good cause" and requiring a showing of bad faith as conditions precedent to dismissal.

Civil Code Article 3462

Civil Code Article 3463

Code of Civil Procedure Article 1201

Code of Civil Procedure Article 1672 (C)

LSA-R.S. 9:5801

Each of the cited statutes are attached for the Court's ready reference.

This view of statutory construction would be consistent with the legislative history of Acts 1997, No. 518, which amended and reenacted LSA-R.S. 13:5107 (D) and LSA-R.S. 9:5801, and which arguably "demonstrates an attempt by the legislature to prohibit the strict and punitive effects of failure to timely request service in the absence of a showing of bad faith."[3] Plaintiffs respectfully submit that they should be afforded additional time to obtain the cited legislative history for the Court's ready reference.

Plaintiffs acknowledge that there is at least one case to the contrary, Thomas v. Louisiana Department of Public Safety and Corrections, 848 So.2d 635 (La. App. 1st Cir. 2003), but that case is not binding on this Court.

Furthermore, since the Louisiana legislature has specifically demonstrated its intent to waive sovereign immunity for suits of this nature, by virtue of Article XII, §10(A) of the Louisiana Constitution of 1974[4] and by virtue of LSA-R.S. 9:2798.1,[5] why

---

[3] Thomas v. Louisiana Department of Public Safety and Corrections, 848 So.2d 635 (La. App. 1st Cir. 2003), footnote 5.

[4] Article XII, §10(A) of the Louisiana Constitution of 1974 provides:
> **Article XII**
> **§10.  Suits Against the State**
> Section 10(A) No Immunity in Contract and Tort.  Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

[5] LSA-R.S. 9:2798.1 provides, in pertinent part:
> **§2798.1.  Policymaking or discretionary acts or omissions of public entities or their officers or employees**
> B.   Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
> C.   The provisions of Subsection B of this Section are not applicable:
> (1)   To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

should State defendants be treated any differently from private litigants?  Indeed, to treat the State differently from private litigants where, as here, the State has waived sovereign immunity, would deprive plaintiffs of constitutional rights, including particularly equal protection of the law and due process under the Federal and State Constitutions.

Appended hereto is plaintiffs' counsel's Affidavit, marked for identification as Exhibit No. 1, which, it is respectfully submitted, demonstrates good cause, revolving around lack of funds, and a total absence of bad faith or malice.  Further, the State defendants were all served on January 25, 2007, and nothing which has occurred in connection with service in Civil Action No. 06-5786 or before or since service was effected has in any way retarded the progress of this litigation.

Lastly, plaintiffs respectfully submit that Record Document Nos. 2034 and 2502, and the proceedings held on November 29, 2006 and January 5, 2007, served to extend the time for effecting service of process in this litigation, which Judge Duval has labeled a "behemoth".  The State defendants were all served on January 25, 2007, because plaintiffs' counsel had planned to be in Baton Rouge on that date on other business, and it did not make economic sense to travel to Baton Rouge on or prior to January 22, 2007, or to pay someone else to do what counsel could, and did, accomplish a mere 3 days later.

Plaintiffs respectfully submit that they have demonstrated good cause for the delay in effecting service on the State defendants, and that neither they nor their counsel were in bad faith.  The State defendants' Motion to Dismiss should be denied.

---

      (2)    To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Respectfully submitted,

  S/Ashton R. O'Dwyer, Jr.
**Ashton R. O'Dwyer, Jr.**
**In Proper Person**
**Law Offices of Ashton R. O'Dwyer, Jr.**
Bar No. 10166
One Canal Place
365 Canal Street, Suite 2670
New Orleans, LA 70130
Tel.: (504) 561-6561
Fax. (504) 561-6560


**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  **S/Ashton R. O'Dwyer, Jr.**