34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                    DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: _____JAN 2 2 2007_____        _____
                        11:00 Am                              DEPUTY CLERK
                                                              /S/ Betty Borne

### DILATORY EXCEPTION OF VAGUENESS
### PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
### ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, come Buffman Inc. d/b/a St.

Rita's Nursing Home ("St. Rita's") Salvador Mangano, Sr. ("Mr. Mangano") and Mabel

Mangano ("Ms. Mangano") (collectively referred to as "Defendants"), who in response to

the plaintiffs' Petition for Damages, do respectfully aver:

### DILATORY EXCEPTION OF VAGUENESS
### AND COMBINED MEMORANDUM

I.

In accordance with Louisiana Code of Civil Procedure (LaCCP) article 926A(5),

Defendants bring an exception of vagueness and/or ambiguity of plaintiffs' petition.

II.

Plaintiffs' petition fails to state a cause of action with sufficient specificity so as to

place the Defendants on notice of the nature of the facts sought to be proved in order to

enable Defendants to identify a cause of action and prevent future re-litigation.

III.

Plaintiffs' petition (paragraph 2) refers to "agents and other representatives for

whom they are vicariously liable" of whom plaintiffs not only fail to identify such persons


GOVERNMENT EXHIBIT A Part 1

with any accuracy, but also fail to identify generally or by reference such that Defendants can reasonably identify the source or veracity of any such allegations.

IV.

Paragraph 6, subpart (n) makes allegations of negligence and fault against Defendants for, "Choosing an inappropriate or (sic) location for a nursing home;" Plaintiffs fail to reasonably identify or describe any theory for this allegation such that Defendants can properly prepare a defense.

V.

In paragraph 6 subpart (o) plaintiffs allege, "Any and all other acts of negligence or fault that may be proven at trial of this matter."  Said allegations are used as a "blanket" provision which fails to afford any specificity or details of when, what, or how such other acts of negligence occurred such that Defendants cannot properly prepare a defense.

VI.

Defendants submit plaintiffs' paragraph 6 fails to afford the Defendants definite allegations for which a defense can fairly and properly be prepared because it cannot be determined what violations of the laws of Louisiana, St. Bernard Parish and the United States were allegedly violated.

VII.

In 1945, the Louisiana Supreme Court identified the Dilatory Exception of Vagueness to be twofold:

(1) The exception compels the plaintiff to amplify and make more definite his claim in order that the defendant may properly prepare his defense.
(2) Furthermore, the exception forces plaintiffs to adequately place defendants on notice of the nature of the facts sought to be proved so as to enable him to identify a cause of action and prevent future re-litigation.

Williams v. State, 786 So.2d 927, 930 (La.App. 2 Cir. 5/9/01); *citing* City of Gretna v. Gulf Distilling Corporation, 21 So.2d 884 (La.1945).  *See also* Bustamente v.

Vezina, 668 So.2d 1286 (La.App. 5 Cir. 1/30/96), Snoddy v. City of Marksville, 702
So.2d 890, 893 (La.App. 3 Cir. 10/8/97).

VIII.

Any complaints a Defendant has regarding the sufficiency of the allegations in a
pleading will be waived in the event Defendant fails to file a Dilatory exception of
vagueness. La. C.C.P. art. 926; See Snoddy v. City of Marksville, 702 So.2d 890 (La.
App. 3 Cir. 1997). The court refers to Sikes v. McLean Trucking Company, whereas the
plaintiff alleged injuries "...including but not limited to an acute cervical and lumbar
strain."[1] Defendants failed to lodge any exception to the general injuries enumerated.
Subsequently, the court overruled defense objections to prohibit the introduction of
additional complaints of headaches, finding the Defendants were afforded the
opportunity to discovering plaintiffs' injuries by filing an exception of vagueness and
requiring plaintiff to provide a more detailed description.

IX.

In Riley v. Carver General Ins. Agency, Inc., a prospective insured filed an action
against an insurance agency for failure to obtain an automobile liability policy.[2] Plaintiff
failed to enumerate damages prayed for and simply prayed for "...medical expenses,
past and future, pain and suffering; mental anguish." Again, like in Sikes, the Riley
Defendant's objection to the introduction of plaintiff's evidence of injuries were denied.
The Riley court recognized the availability of the Dilatory Exception of Vagueness and
found in the event the defendant fails to file its Exception of Vagueness, the exception is
waived, denying any objection by the defense requesting clarity or specifics during trial.

X.

Thus, Defendant specifically requests this Honorable Court to find the allegations
described in plaintiffs' Paragraph IV and Paragraph VI, non-exclusive, general, vague,
and inconsistent with the Louisiana statutes and corresponding jurisprudence.

---

[1] Sikes v. McLean Trucking Company, 383 So.2d 111 (La. App. 3 Cir. 1980).

XI.

Defendants assert plaintiffs' petition should be dismissed, or alternatively, amended.

XII.

Defendants request this court set a time and date in which their exception can be heard.

## PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
## AND COMBINED MEMORANDUM

XIII.

Plaintiffs' paragraph 10 alleges a "[b]reach of the statutory patients' bill of rights; defendants' breach of the statutory patients' bill of rights caused damages to petitioners for which defendants are liable."  Plaintiffs fail to identify the statute allegedly breached by Defendants, fail to identify what resident's right was allegedly violated, and failed to identify how and what damages the petitioners suffered. Plaintiffs have failed to state a cause of action for which relief can be granted.

XIV.

The Nursing Home Residents Bill of Rights, commonly known as the "Bill of Rights Act", and found at LRS 40:2010.6 through LRS 40:2010.9, was enacted in 1985 by the Louisiana Legislature for the purpose of protecting a nursing home resident's right to self determination, to recognize and establish rights to safeguard against encroachments upon such rights, and not as an alternative to, or addition to, any malpractice claim.

XV.

In accordance with LRS 40:2010.8(D)(1), the express remedy for Bill of Rights' violations is injunctive relief:

> "Any violations of the residents' rights set forth in R.S. 40:2010.6 et seq. shall constitute grounds for appropriate action by the Department of Health and Hospitals. **Residents shall have a private right of action to enforce these rights** as set forth in R.S. 2010.9. **The state courts shall have jurisdiction to enjoin a violation of residents' rights** and to

---

[2] Riley v. Carver General Ins. Agency, 279 So.2d 698 (La. App. 4 Cir 1973).

assess fines for violations not to exceed one hundred dollars per individual violation." (emphasis added).

XVI.

An action under this statute is personal to the resident or his or her curator:

> "Any resident who alleges that his rights, as specified in R.S. 40:2010.8, have been derived or infringed upon may assert a cause of action for injunctive relief against any nursing home or healthcare facility responsible for the alleged violation. The action may be brought by the resident or his curator, including a curator ad hoc. . . ." (LRS 40:2010A).

XVII.

As noted by the Second Circuit Court of Appeal in Furlow v. Woodlawn Manor, Inc. 39, 485 (La. App. 2d Cir. 4/20/05), 900 So. 2d 336,338 writ denied, 916 So. 2d 1064, 2005-1320 (La. 12/9/05, "[t]he amended version of La. R.S. 40:2010.9 provides that any resident whose rights have been violated may assert a cause of action for injunctive relief, but limits recovery to attorneys fees and costs."

XVIII.

La. R.S. 40:2010.9 sets forth civil enforcement provisions related to Bill of Rights Action violations:

> A.   Any resident who alleges that his rights, as specified in R.S. 40:2010.8, have been deprived or infringed upon may assert **a cause of action for injunctive relief** against any nursing home or healthcare facility responsible for the alleged violation. The action may be brought by the resident or his curator, including a curator ad hoc.   The action may be brought in any court of competent jurisdiction **to enforce such rights** or to enjoin any deprivation or infringement on the rights of a resident. Any **plaintiff who prevails in such action shall be entitled to recover reasonable attorney fees, and costs of the action,** unless the court finds that the losing plaintiff has acted in bad faith with malicious purpose, and that there was an absence of a justifiable issue of either law or fact, in which case the court shall award the prevailing party his reasonable attorney fees. (Emphasis added, La. R.S. 40:2010.9 A).

These specific civil enforcement provisions were added in 2003 by Act 506 to clarify that private enforcement of any residents' rights as set forth in La. R.S. 40:2010.8 is by an action for injunctive relief and that if a plaintiff prevails **in an action for injunctive relief,** only then is he entitled to recover attorneys fees and costs of the action.

XIX.

In the present case, Plaintiffs failed to state a cause of action requesting injunctive relief or attempting to otherwise enforce Ms. Schielder's rights under the

Resident's Bill of Rights, alleging only, ". . . a breach of the statutory patients' bill of rights; . . .".   Under the circumstances of this claim which seeks damages for the wrongful death of Ms. Schielder arising out of alleged negligent failure of St. Rita's to evacuate their residents prior to Hurricane Katrina, seeking injunctive relief would be both inappropriate and impossible.

XX.

Plaintiffs may have stated a cause of action for personal injury but have not stated a legally recognizable cause of action under La. R.S. 40:2010.8 and cannot, as a matter of law, claim entitlement to attorneys fees or court costs pursuant to La. R.S. 40:2010.9.

XXI.

Accordingly, pursuant to La.C.C.P. Art. 934, Plaintiffs' claim and demand for damages associated with a violation of the La.R.S. 40:2010.8 as pleaded in Plaintiffs' Paragraph 10 of their petition, should be dismissed at their costs.

XXII.

Plaintiffs' petition fails to state a cause of action under R.S. 40:2010.6 *et seq.* for which relief can be granted.   Exceptors motion this court to set a date in which its Peremptory Exception may be heard.

**ANSWER**

**AND NOW IN ANSWER** to Plaintiffs' Petition for Damages, Buffman Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver:

XXIII.

Defendants deny each and every allegation contained within plaintiffs' paragraph 1, including subparts (a) through (d), except to admit Salvador A. Mangano and Mabel B. Mangano are persons of the age of majority and are displaced residents of the Parish of St. Bernard; and Buffman Inc., d/b/a St. Rita's Nursing Home is a Louisiana corporation authorized to do business in the State of Louisiana.

XXIV.

Defendants deny as written each and every allegation contained within plaintiffs' paragraph 2.

XXV.

Defendants deny each and every allegation contained within plaintiffs' paragraph 3, except to admit Anna Grace Schielder was a resident of St. Rita's on or about August 29, 2005.

XXVI.

Defendants deny as written each and every allegation contained within plaintiffs' paragraph 4.

XXVII.

Defendants deny each and every allegation contained within plaintiffs' paragraph 5.

XXVIII.

Defendants deny each and every allegation contained within plaintiffs' paragraph 6, including subparts (a) through (o).

XXIX.

Defendants deny each and every allegation contained within plaintiffs' paragraph 7 for lack of sufficient information to justify a belief therein.

XXX.

Defendants deny each and every allegation contained within plaintiffs' paragraph 8, including subparts (a) through (d).

XXXI.

Defendants deny each and every allegation contained within plaintiffs' paragraph 9, including subparts (a) through (d).

XXXII.

Defendants deny as written each and every allegation contained within plaintiffs' paragraph 10.

XXXIII.

Defendants deny as written each and every allegation contained within plaintiffs' paragraph 11.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING,** Buffman Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano aver and would show:

XXXIV.

At all pertinent times, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home acted reasonably and appropriately and in consideration of the best interests of its resident, Anna Grace Schielder and no intentional conduct or negligence on their part caused or contributed to the damages alleged in plaintiffs' petition.

XXXV.

Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that the damages allegedly suffered herein by the Plaintiffs and the decedent were the result of an unfortunate and unprecedented *force majeure*.

XXXVI.

Alternatively, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that any damages allegedly suffered by the plaintiffs were caused by a superceding force or events beyond the control of these defendants and for which neither responsibility nor liability could be imputed or imposed.

XXXVII.

Alternatively, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that the damages allegedly suffered herein by the plaintiffs were caused by the fault, negligence, lack of care and/or want of skill on the part of third parties for whom these defendants have no actual and/or implied responsibility.

### XXXVIII.

In the further alternative, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that any injuries allegedly sustained by plaintiffs or the decedent were caused or contributed to by their own negligence and defendants plead the contributory/comparative fault of the plaintiffs as a defense, including but not limited to the plaintiffs' failure to remove their mother "out on pass" prior to Hurricane Katrina's landfall.

### XXXIX.

In the further alternative, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that the injuries and/or damages allegedly suffered herein by the Plaintiffs and their mother, were not the result of Hurricane Katrina but rather caused by the failure of the levee protection system which occurred post-Katrina.

### XL.

In the further alternative, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that no clear communicated order from the St. Bernard Parish government broadcasted a mandatory evacuation to Mr. Mangano, Ms. Mangano, St. Rita's or the staff at St. Rita's Nursing Home prior to Hurricane Katrina's landfall.

### XLI.

St. Rita's Nursing Facility timely filed its Emergency Operations Plan with the St. Bernard Office of Emergency Preparedness.

### XLII.

In the further alternative, Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home implemented its hurricane preparedness planning prior to August 27, 2005, planning with necessary generators, food, drinking water, water supply, medications, and staff.

XLIII.

Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home Hurricane Katrina passed through the Parish of St. Bernard without causing injury or harm to any resident of St. Rita's.

XLIV.

Salvador Mangano, Mabel Mangano, and Buffman, Inc., d/b/a St. Rita's Nursing Home aver that any injuries and/or damages allegedly suffered by the plaintiff were the result of pre-existing conditions, causes, or damages and/or by coincidental damages which are unrelated to plaintiffs' allegations against Buffman, Inc., d/b/a St. Rita's Nursing Home, Mr. Mangano, Ms. Mangano, and operate to bar and/or reduce any recovery due plaintiffs.

XLV.

At all pertinent times herein, Buffman, Inc. d/b/a St. Rita's Nursing Home was a qualified health care provider under the provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 *et seq.* ("MMA") and as such to the extent that Plaintiffs have alleged any professional negligence in connection with the care or treatment provided to Rosemary Davis at St. Rita's, these Defendants are entitled to the protections afforded by the Louisiana MMA, including but not limited to, a right to have all allegations of professional negligence heard by a medical review panel and a limitation of the liability of the healthcare provider as set forth in the MMA.

XLVI.

At all pertinent times, Defendants aver St. Rita's was a qualified health care provider pursuant to Act La. R.S. 40:1299.41 et seq., and, as such, it is entitled to all the benefits thereunder, including the limitation of liability, to the sum of $100,000.00 for any allegations of medical negligence asserted herein or in any supplemental or amending petition.

XLVII.

Defendants, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel Mangano, who pursuant to Louisiana Code of Civil Procedure Article

1733, demand a jury trial in this matter and are willing to post a bond in the amount and within the time set by the Court pursuant to Louisiana Code of Civil Procedure Article 1734.

**WHEREFORE**, Buffman Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano pursuant to Louisiana Code of Civil Procedure Article 1572, move this Honorable Court for **written notice** ten (10) days in advance of the date fixed for the trial or hearing on any exception, motion, rule or trial on the merits in the above captioned proceeding, and pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, request immediate notice of all interlocutory and final orders and judgments on any exception, motions, rules or the trial on the merits in the above captioned proceeding.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano and Mabel Mangano pray that the Clerk of Court note that Defendants, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano and Mabel Mangano, demand a jury trial and are prepared to file a bond in the amount and within the time specified by this Honorable Court pursuant to Article 1734 of the Louisiana Code of Civil Procedure.

**WHEREFORE**, Exceptors, Buffman Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano, pray this court set a date and time in which its Dilatory Exception of Vagueness and Peremptory Exception of No Cause of Action may be heard.

**WHEREFORE,** Buffman Inc. d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr., and Mabel B. Mangano pray that the pleadings set forth herein be deemed good and sufficient and that after due proceedings are had, judgment be rendered in favor of Defendants and against Plaintiffs, dismissing plaintiffs' claims with prejudice at plaintiffs' cost and for all equitable relief therein.  And, in the alternative, in the event Petitioner has alleged any acts of medical negligence as defined within the Louisiana Medical Malpractice Act, that liability be limited to the sum of $100,000.00, if proved, which is denied herein, as set forth in the aforesaid statute.  Furthermore, Defendants reserve

their rights to amend their answer and/or their affirmative defenses as allowed by law.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

By: *Martha D. Bowden*

JEREMY D. GOUX, LBRN 25065
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
Telephone:  985-898-0504
Facsimile:  985-898-0840

SUSAN E. HENNING, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** the above and foregoing Answer and Affirmative Defenses, has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the ~~21st~~ 19th day of January, 2007.

*Martha D. Bowden*

Jeremy D. Goux
Martha D. Bowden

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                    DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: _____JAN 2 2 2007_____            _Billy Bone_
                                              DEPUTY CLERK

## ORDER

Considering the above and foregoing:

**IT IS HEREBY ORDERED** that Plaintiffs, Freda D. Mattox, Judith E. Latapie and

Louis C. Mahoney, Jr., Individually and On Behalf of Their Deceased Mother, Anna

Grace Schielder, appear and show cause, if any there be, on the _____ day of

_____, 2007 at _____ ____. M. as to why the Dilatory

Exception of Vagueness and the Peremptory Exception of No Cause of Action filed by

Buffman Inc., d/b/a St. Rita's Nursing Home, Salvador Mangano, Sr. and Mabel

Mangano, should not be granted, dismissing defendants from plaintiffs' claim at

plaintiffs' cost.

Parish of St. Bernard, Louisiana this _____ day of _____, 2007.

_____
JUDGE FRANK FOIL

FREDA D. MATTOX, JUDITH E.
LATAPIE AND LOUIS C. MAHONEY,
JR., INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

**SUIT NO.:**   1 0 7 **99 0**

**VERSUS**

**34th JUDICIAL DISTRICT COURT**

**Ad Hoc**

BUFFMAN, INC. d/b/a ST. RITA'S
NURSING HOME, SALVADOR A.
MANGANO, MABEL R. MANGANO,
AND LOUISIANA NURSING HOME
ASSOCIATION TRUST

**PARISH OF ST. BERNAR** **B**

**STATE OF LOUISIANA**

---

AUG 2 8 2006        ORIGINAL PETITION FOR DAMAGES   *Lara R. Ins*

---

The petition of plaintiffs, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney,

Jr., individually and on behalf of their deceased mother, Anna Grace Schielder, being of full

age of majority and residents of the State of Georgia, respectfully represent:

1.

Made Defendants herein are as follows:

a.   **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME,** a Louisiana
Corporation authorized to do and doing business within the State of Louisiana
and the Parish of St. Bernard; and

b.   **SALVADOR A. MANGANO,** a person of the age of majority and resident of
the Parish of St. Bernard; and

c.   **MABEL R. MANGANO,** a person of the age of majority and resident of the
Parish of St. Bernard; and

d.   **LOUISIANA NURSING HOME ASSOCIATION TRUST,** an insurance
company or other legal entity which has done and does business within the State
of Louisiana and the Parish of St. Bernard.

2.

Defendants, including their employees, staff, nurses, agents, and other representatives

for whom they are vicariously liable, knew or should have known sufficiently far in advance of

the arrival of Hurricane Katrina that the residents of the St. Rita Nursing Home needed to be

evacuated out of harm's way.  Despite their actual or constructive knowledge, defendants,

through their negligence, fault, unreasonable conduct under the circumstances, and/or breach

of the applicable standard of care, chose not to evacuate their residents, including Anna Grace Schielder.

3.

On our about August 29, 2005, Anna Grace Schielder died while in the care of Defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.**

4.

Anna Grace Schielder was a patient of the St. Rita's Nursing Home on or about August 29, 2005, and suffered personal injury including death as a result of the failure on the part of defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO,** to evacuate their nursing home at a reasonable time prior to the arrival of Hurricane Katrina and/or after a mandatory evacuation order was issued.

5.

Anna Grace Schielder's death was caused by no fault of her own, but instead was caused by the negligence, fault, and/or substandard care of defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.**

6.

The negligence, fault, and/or substandard care of **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO,** was a legal cause of Anna Grace Schielder's death, in that defendants were negligent and/or were at fault and/or breached the applicable standard of care in the following, non-exclusive ways:

    a.    Failing to evacuate the nursing home;

    b.    Failing to have an evacuation plan;

    c.    Failing to implement an evacuation plan if one existed;

    d.    Failing to ask for assistance with evacuating the nursing home;

e.   Refusing evacuation assistance;

f.   Failing to care for Anna Grace Schielder properly after the decision was made not to evacuate her;

g.   Failing to have an adequate plan, policy, or procedure to care for non-evacuated residents;

h.   Failing to have the reasonable means to care for non-evacuated residents;

i.   Deserting Anna Grace Schielder;

j.   Inadequate and improper staffing of the nursing home, both before, during and after Hurricane Katrina;

k.   Inadequate equipment;

l.   Delay in attempt to evacuate;

m.   Failing to communicate with residents' families in a timely and appropriate manner prior to Hurricane Katrina;

n.   Choosing an inappropriate or location for a nursing home; and

o.   Any and all other acts of negligence or fault that may be proven at trial of this matter.

Said negligence and/or fault also includes all acts or failures to act in violation with the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

7.

Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., are the children of Anna Grace Schielder, and in accordance with Louisiana Civil Code articles 2315.1 and 2315.2, are asserting this survival and wrongful death action against defendants.

8.

As a result of defendants' negligence and/or substandard care, Anna Grace Schielder suffered the following non-exclusive survival action damages:

a.   Past physical pain and suffering up to the time of her death;

b.   Fright and mental anguish suffered by Anna Grace Schielder before, during, and after Hurricane Katrina until the time of her death;

c.   Past mental anguish up to the time of her death; and

d.   Any and all other elements of damages which may be proven at the trial of this matter.

9.

As a result of defendants' negligence and/or substandard care, Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., have suffered the following non-exclusive, wrongful death action damages:

a.    Past, present and future mental anguish;

b.    Past, present, and future loss of love and affection;

c.    Funeral expenses; and

d.    Any and all other elements of damages which may be proven at the trial of this matter.

10.

Upon information and belief, Anna Grace Schielder and/or her family, entered into a contract with defendants to provide reasonable nursing home services to her. Through their negligent or otherwise tortious conduct described above, defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO,** breached this contract for services. Defendants' breach of contract caused damages to petitioners for which defendants are liable. Furthermore, defendants' conduct described herein constitutes a breach of the statutory patients' bill of rights; defendants' breach of the statutory patients' bill of rights caused damages to petitioners for which defendants are liable.

11.

Petitioners show that at all pertinent times herein, there was in full force and effect a policy or policies of liability insurance, however characterized, issued by the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** to and/or in favor of **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME** and/or **SALVADOR A. MANGANO,** and/or **MABEL R. MANGANO,** which policy or policies of insurance provided insurance coverage for the claims of petitioners; upon information and belief, this insuring agreement was issued and/or delivered to defendants in Louisiana; petitioners attach hereto as Exhibit A the Certificate of Enrollment issued by the

Louisiana Patients' Compensation Fund in favor of defendants which identifies the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** as defendants' insurance company; as such, the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** is solidarily liable unto plaintiffs as the liability insurer of defendants.

WHEREFORE, petitioners pray that after due proceedings are had there be judgment in their favor and against defendants, **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO**, and **MABEL R. MANGANO**, *in solido*, in an amount which is just and reasonable in the premises, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings. Plaintiffs also pray for all other relief as may be just and equitable.

Respectfully submitted:

J.E. Cullens, Jr., La. Bar Roll No. 23011
MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225) 766-1100
Facsimile: (225) 767-4486

**PLEASE WITHHOLD SERVICE
AT THIS TIME.**



**LOUISIANA**
**PATIENTS' COMPENSATION FUND**

www.lapcf.louisiana.gov

**CERTIFICATE OF ENROLLMENT**

ST. RITA'S NURSING FACILITY
AND BUFFMAN, INC.
1422 EAST LA. HIGHWAY 46
ST. BERNARD, LA 70085

The above named Health Care Provider is hereby certified as an Enrollee under La. R.S. 40:1299.41 et seq., with effective dates as follows:

| ENROLLMENT PERIOD | COMPANY | TYPE COVERAGE | CLASS TYPE | SPECIALTY |
|---|---|---|---|---|
| 10/01/2005 — 01/01/2006 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |
| 10/01/2004 — 10/01/2005 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |

It is further certified that professional liability coverage for ONE HUNDRED THOUSAND ($100,000.00) Dollars through the above named insurance company, acknowledges primary responsibility for the indicated period(s).

It is further acknowledged that surcharges for excess coverages are paid for the indicated period(s).

**This certificate verifies the type of coverage and payment to the Patients' Compensation Fund; however, qualification for a medical review panel can only be determined at the time the request is filed.**

Date: 12/05/2005

_____
LOUISIANA PATIENTS' COMPENSATION FUND

PLAINTIFF'S
EXHIBIT
A

FILED
AUG 28 2006

CH. DEPUTY CLERK

FREDA D. MATTOX, JUDITH E.                    SUIT NO.:    **1 0 7  3 9 5**
LATAPIE AND LOUIS C. MAHONEY,
JR., INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER                          34th JUDICIAL DISTRICT COURT

**VERSUS**

BUFFMAN, INC. d/b/a ST. RITA'S                PARISH OF ST. BERNARD  **F I L E D**
NURSING HOME, SALVADOR A.
MANGANO, MABEL R. MANGANO,                                           AUG 28 2006
AND LOUISIANA NURSING HOME
ASSOCIATION TRUST                             STATE OF LOUISIANA

                                              ~~CH. DEPUTY CLERK~~

---

### REQUEST FOR NOTICE

---

To:    Clerk of Court, 34th Judicial District Court
       Parish of St. Bernard
       1101 W. St. Bernard Highway
       Chalmette, LA 70044

       In accordance with the provisions of the Louisiana Code of Civil Procedure, you are

hereby requested to give us written notice, by mail, ten (10) days in advance of the date fixed

for trial of this case, whether on exceptions, rules or the merits thereof.

       In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also

requested to send us immediate notice of any order or judgment made or rendered in this case,

upon entry of such order or judgment.

                          BY ATTORNEYS:

                          _____
                          J. E. Cullens, Jr., La. Bar Roll No. 23011
                          MOORE, WALTERS, THOMPSON,
                          THOMAS, PAPILLION, & CULLENS, APLC
                          6513 Perkins Road
                          Baton Rouge, Louisiana 70808
                          Telephone: (225) 766-1100
                          Facsimile: (225) 767-4486

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                          DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: ___DEC 2 7 2006___                      _Betty Borne_
                                               DEPUTY CLERK
                                               /S/Betty Borne

### MOTION TO EXTEND TIME TO PLEAD

NOW INTO COURT, come Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B.Mangano, sought to be made defendants herein, and appearing through undersigned counsel solely and exclusively for the purpose of moving for an extension of time to file responsive pleadings, exceptions, and affirmative defenses, and in no way making a general appearance on behalf of any named defendant and upon suggesting to the Court that:

1.

Co-Counsel for Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B. Mangano received a copy of the Petition for Damages on December 21, 2006. The petition presents complicated matters of fact and law which require additional time to fully investigate prior to answering.

WHEREFORE, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B. Mangano sought to be made defendants herein, pray that they be granted an additional 30 days or until January 22, 2007, to answer or otherwise plead in this matter.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

By:   _Martha D. Bowde_
      JEREMY D. GOUX, LBRN 25065
      MARTHA D. BOWDEN, LBRN 28316
      417 North Theard Street
      Covington, Louisiana 70433
      Telephone:  985-898-0504
      Facsimile:  985-898-0840

SUSAN E. HENNING, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the above and foregoing Motion to Extend Time to Plead, has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 21st day of December, 2006.

_Martha D. Bowden_

Jeremy D. Goux
Martha D. Bowden

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                   DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: _____DEC 2 7 2006_____            _____
                                                DEPUTY CLERK

## ORDER

Considering the above and foregoing:

**IT IS HEREBY ORDERED** that Buffman, Inc., d/b/a St. Rita's Nursing Home,

Salvador A. Mangano, and Mabel B. Mangano are granted an additional Thirty (30) days

through and until January 22, 2007, in which to Answer or otherwise plead in this matter.

Parish of St. Bernard, Louisiana this _29th_ day of _December_, 200_6_.

_____
JUDGE FRANK FOIL

SUSAN E. HENNING, LBRN 6793
Emmett, Cobb, Waits & Henning
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone:  504-581-1301

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the above and foregoing Motion to Extend Time to Plead, has been served on counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, OR via facsimile transmission on this the 21st day of December, 2006.

_____
Jeremy D. Goux
Martha D. Bowden

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

**FILED** 

JAN 16 2007

CLERK OF COURT
ST. BERNARD PARISH

## CITATION

NO: 107-399

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL
R. MANGANO, AND LOUISIANA NURSING HOME ASSOCIATION TRUST

TO:    LOUISIANA NURSING HOME ASSOCIATION TRUST
       through their attorney of record,
       MR. PETER T. DAZZIO
       WATSON, BLANCHE, WILSON & POSNER
       505 NORTH BOULEVARD
       BATON ROUGE, LA 70821-2995

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **ORIGINAL PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 29TH day of NOVEMBER, 2006.

CC/P1                              LENA R. TORRES
                                   CLERK OF COURT

                              BY _____
                                        Deputy Clerk

DOMICILIARY
Received Parish of St. Bernard on the __3__ day of __Jan__, __07__ and on the __5__ day of
__Jun__, __07__, I served a copy of the within __Citation__ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service. _____
                       Returned Parish of St. Bernard _____
                                                         Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on _____
_____ on _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____
                                        Sheriff




FILED

DEC 18 2006

CLERK OF COURT
ST. BERNARD PARISH

# Paul R. Valteau, Jr.
## Orleans Parish Civil Sheriff

**421 Loyola Avenue**
**Room 403**
**New Orleans, LA 70112**

Parish:   St. Bernard

Case No.: (43)  107399

Joseph  E Cullens
_____
Bar Roll Number: 23011

      I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 1 | Citation & Petition | $20.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

December 15, 2006

Lourie  Matthews
Deputy Sheriff

Clerk of Court, 34th District
Hon. Lena R. Torres
P.O. Box 1746

Chalmette, La.  70044-1746

FILED **B**

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEC 18 200_

CLERK OF COURT
ST. BERNARD PARISH

### CITATION

NO: 107-399

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

**VERSUS**

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL
R. MANGANO, AND LOUISIANA NURSING HOME ASSOCIATION TRUST

TO:   BUFFMAN, INC.,d/b/a ST. RITA'S NURSING HOME,
      SALVADOR A. MANGANO, AND  MABEL R. MANGANO
      through their attorney of record,
      SUSAN E. HENNING
      EMMETT, COBB, WAITS & KESSENICH
      1515 POYDRAS STREET, SUITE 1950
      NEW ORLEANS, LA 70112

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **ORIGINAL
PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
29TH day of NOVEMBER, 2006.

CC/P1                                    LENA R. TORRES
                                         CLERK OF COURT

ENTERED

PAPER

SERIAL NO.      DEPUTY   PARISH    BY _____
                                        Deputy Clerk

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
                              Returned Parish of St. Bernard _____, _____.

                                                    _____
                                                            Sheriff

PERSONAL   ORLEANS
Received Parish of St. Bernard on the 10 day of Dec, 06 and on the 10 day of
Dec, 06, I served a copy of the within Citation on Mallory, Sect'y
_____ on _____ at Orleans Parish 12/11/06 this
Parish his usual place of domicile, in the Parish of St. Bernard by handling and delivering the same to in
                              Returned Parish of St. Bernard Orleans 12/11/06

                                                    _____
                                                            Sheriff
                                                    2:17 P.M.

**34th JUDICIAL DISTRICT COURT**

**PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

**NUMBERS  105-589, 105-590, 106-274, 106-279, 106-965, 107-071, 107-252, 107-388, 107-399, 107-401, 107-418,              , 107-530, 107-660, 107-711, 107-805, 107-806, 107-835**

FILED _Jan. 24, 2007_

_Elizabeth A. Ruiz_
**DEPUTY CLERK**
/S/Elizabeth A. Ruiz

## ORDER SETTING STATUS CONFERENCE

It is ordered that a status conference be held on the above cases at the Court in Chalmette, Louisiana, on Thursday, March 1, 2007, at 10:00 A. M.

The Attorneys may inquire at the Clerk of Court's office as to where the conference will be held.

Signed on the _24th_ day of _JANUARY_, 2007.

_[signature]_
FRANK FOIL
Judge Ad Hoc

**Please send notice to:**

Dominick F. Impastato, III
Frischhertz & Associates, L.L.C.
8211 Goodwood Blvd., Suite 1-A
Baton Rouge, LA 70806

Moody & Moody
213 E. Thomas St.
Hammond, LA 70401

Lewis, Kullman, Sterbcow & Abramson
601 Poydras St. Suite 2615
New Orleans, LA 70130

C. Rodney Harrington
P. O. Box 1278
Natchitoches, LA 71458-1278

1

Rick A. Alessi
11485 Guitreau Road
Gonzales, LA 70737

Tonry & Ginart
2114 Paris Road
Chalmette, LA 70043

McKernan Law Firm
8710 Jefferson Highway
Baton Rouge, LA 70809

Liska, Exnicos & Nungesser
365 Canal St., Suite 220
New Orleans, LA 70130

The Wolf Law Offices
4821 Prytania St.
New Orleans, LA 70115

Nicosia, Liccardi & Nunez
1019 W. Judge Perez Dr., Suite B
Chalmette, LA 70043

Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA 70112

Peter T. Dazzio
Watson, Blanche, Wilson & Posner
P. O. Drawer 2995
Baton Rouge, LA 70821

Sidney D. Torres, III
Roberta L. Burns
8301 W. Judge Perez Dr.
Chalmette, LA 70043

Ed Walters
6513 Perkins Road
Baton Rouge, LA 70808

Gregory J. Noto
532 E. Judge Perez Dr.
Chalmette, LA 70043

B. Gerald Weeks
810 Union St., Second Floor
New Orleans, LA 70112

Dan A. Robin, Jr.
800 North Causeway Blvd.
Suite 100
Metairie, LA 70001

Wynne, Goux & Lobello
417 Theard St.
Covington, LA 70433

David A. Woolridge, Jr.
8440 Jefferson Highway
Suite 301
Baton Rouge, LA 70809-7562

2

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                    DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: _____DEC 2 7 2006_____        _____/S/Betty Borne_____
                                                    DEPUTY CLERK

## MOTION TO EXTEND TIME TO PLEAD

**NOW INTO COURT**, come Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B. Mangano, sought to be made defendants herein, and appearing through undersigned counsel solely and exclusively for the purpose of moving for an extension of time to file responsive pleadings, exceptions, and affirmative defenses, and in no way making a general appearance on behalf of any named defendant and upon suggesting to the Court that:

1.

Co-Counsel for Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B. Mangano received a copy of the Petition for Damages on December 21, 2006. The petition presents complicated matters of fact and law which require additional time to fully investigate prior to answering.

**WHEREFORE**, Buffman, Inc., d/b/a St. Rita's Nursing Home, Salvador A. Mangano, and Mabel B. Mangano sought to be made defendants herein, pray that they be granted an additional 30 days or until January 22, 2007, to answer or otherwise plead in this matter.

RESPECTFULLY SUBMITTED:
WYNNE, GOUX & LOBELLO
Attorneys At Law

By: _____Martha D. Bowden_____
JEREMY D. GOUX, LBRN 25065
MARTHA D. BOWDEN, LBRN 28316
417 North Theard Street
Covington, Louisiana 70433
Telephone: 985-898-0504
Facsimile: 985-898-0840

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 107-399                                    DIVISION: "B"

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,
MABEL B. MANGANO AND LOUISIANA NURSING HOME ASSOCIATION TRUST

FILED: ___DEC 2 7 2006___          ___/S/Betty Borne___
                                         DEPUTY CLERK

ORDER

Considering the above and foregoing:

**IT IS HEREBY ORDERED** that Buffman, Inc., d/b/a St. Rita's Nursing Home,

Salvador A. Mangano, and Mabel B. Mangano are granted an additional Thirty (30) days

through and until January 22, 2007, in which to Answer or otherwise plead in this matter.

Parish of St. Bernard, Louisiana this _28th_ day of _December_, 200_6_.


/S/Manuel a. Fernandez

_____
JUDGE ~~FRANK FOIL~~


A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By_____
DEPUTY CLERK
/S/CYNTHIA P. GALLARDO

JAN 0 3 2007

THIRTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

**B**

CITATION

Answer due 12/29

NO: 107-399

FREDA D. MATTOX, JUDITH E. LATAPIE AND LOUIS C. MAHONEY, JR.,
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, MABEL
R. MANGANO, AND LOUISIANA NURSING HOME ASSOCIATION TRUST

TO:   BUFFMAN, INC.,d/b/a ST. RITA'S NURSING HOME,
      SALVADOR A. MANGANO, AND  MABEL R. MANGANO
      through their attorney of record,
      SUSAN E. HENNING
      EMMETT, COBB, WAITS & KESSENICH
      1515 POYDRAS STREET, SUITE 1950
      NEW ORLEANS, LA 70112

      YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **ORIGINAL
PETITION FOR DAMAGES**.  The Petition tells you what you are being sued for.

      You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS
after you have received these documents, you must file an answer or other legal pleadings in the
office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy,
Chalmette, LA  70043.

      If you do not do what the Petition asks, or if you do not file an answer or legal pleading
within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

      This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the
29TH day of NOVEMBER, 2006.

CC/P1                              LENA R. TORRES
                                   CLERK OF COURT

                                   BY _Cynthia Wallace_
                                         Deputy Clerk

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____, and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
          Returned Parish of St. Bernard _____, _____.
                                   _____
                                         Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
          Returned Parish of St. Bernard _____, _____.
                                   _____
                                         Sheriff

FREDA D. MATTOX, JUDITH E.
LATAPIE AND LOUIS C. MAHONEY,
JR., INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

SUIT NO.: *107399*   DIV.: *B*

34th JUDICIAL DISTRICT COURT

**VERSUS**

BUFFMAN, INC. d/b/a ST. RITA'S
NURSING HOME; SALVADOR A.
MANGANO, MABEL R. MANGANO,
AND LOUISIANA NURSING HOME
ASSOCIATION TRUST

PARISH OF ST. BERNARD

STATE OF LOUISIANA

---

### ORIGINAL PETITION FOR DAMAGES

---

The petition of plaintiffs, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney,

Jr., individually and on behalf of their deceased mother, Anna Grace Schielder, being of full

age of majority and residents of the State of Georgia, respectfully represent:

1.

Made Defendants herein are as follows:

a.   BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, a Louisiana
     Corporation authorized to do and doing business within the State of Louisiana
     and the Parish of St. Bernard; and

b.   SALVADOR A. MANGANO, a person of the age of majority and resident of
     the Parish of St. Bernard; and

c.   MABEL R. MANGANO, a person of the age of majority and resident of the
     Parish of St. Bernard; and

d.   LOUISIANA NURSING HOME ASSOCIATION TRUST, an insurance
     company or other legal entity which has done and does business within the State
     of Louisiana and the Parish of St. Bernard.

2.

Defendants, including their employees, staff, nurses, agents, and other representatives

for whom they are vicariously liable, knew or should have known sufficiently far in advance of

the arrival of Hurricane Katrina that the residents of the St. Rita Nursing Home needed to be

evacuated out of harm's way.  Despite their actual or constructive knowledge, defendants,

through their negligence, fault, unreasonable conduct under the circumstances, and/or breach

of the applicable standard of care, chose not to evacuate their residents, including Anna Grace Schielder.

3.

On our about August 29, 2005, Anna Grace Schielder died while in the care of Defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.

4.

Anna Grace Schielder was a patient of the St. Rita's Nursing Home on or about August 29, 2005, and suffered personal injury including death as a result of the failure on the part of defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO, to evacuate their nursing home at a reasonable time prior to the arrival of Hurricane Katrina and/or after a mandatory evacuation order was issued.

5.

Anna Grace Schielder's death was caused by no fault of her own, but instead was caused by the negligence, fault, and/or substandard care of defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.

6.

The negligence, fault, and/or substandard care of BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO, was a legal cause of Anna Grace Schielder's death, in that defendants were negligent and/or were at fault and/or breached the applicable standard of care in the following, non-exclusive ways:

a.    Failing to evacuate the nursing home;

b.    Failing to have an evacuation plan;

c.    Failing to implement an evacuation plan if one existed;

d.    Failing to ask for assistance with evacuating the nursing home;

e.   Refusing evacuation assistance;

f.   Failing to care for Anna Grace Schielder properly after the decision was made not to evacuate her;

g.   Failing to have an adequate plan, policy, or procedure to care for non-evacuated residents;

h.   Failing to have the reasonable means to care for non-evacuated residents;

i.   Deserting Anna Grace Schielder;

j.   Inadequate and improper staffing of the nursing home, both before, during and after Hurricane Katrina;

k.   Inadequate equipment;

l.   Delay in attempt to evacuate;

m.   Failing to communicate with residents' families in a timely and appropriate manner prior to Hurricane Katrina;

n.   Choosing an inappropriate or location for a nursing home; and

o.   Any and all other acts of negligence or fault that may be proven at trial of this matter.

Said negligence and/or fault also includes all acts or failures to act in violation with the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

7.

Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., are the children of Anna Grace Schielder, and in accordance with Louisiana Civil Code articles 2315.1 and 2315.2, are asserting this survival and wrongful death action against defendants.

8.

As a result of defendants' negligence and/or substandard care, Anna Grace Schielder suffered the following non-exclusive survival action damages:

a.   Past physical pain and suffering up to the time of her death;

b.   Fright and mental anguish suffered by Anna Grace Schielder before, during, and after Hurricane Katrina until the time of her death;

c.   Past mental anguish up to the time of her death; and

d.   Any and all other elements of damages which may be proven at the trial of this matter.

9.

As a result of defendants' negligence and/or substandard care, Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., have suffered the following non-exclusive, wrongful death action damages:

    a.    Past, present and future mental anguish;

    b.    Past, present, and future loss of love and affection;

    c.    Funeral expenses; and

    d.    Any and all other elements of damages which may be proven at the trial of this matter.

10.

Upon information and belief, Anna Grace Schielder and/or her family, entered into a contract with defendants to provide reasonable nursing home services to her. Through their negligent or otherwise tortious conduct described above, defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO,** breached this contract for services. Defendants' breach of contract caused damages to petitioners for which defendants are liable. Furthermore, defendants' conduct described herein constitutes a breach of the statutory patients' bill of rights; defendants' breach of the statutory patients' bill of rights caused damages to petitioners for which defendants are liable.

11.

Petitioners show that at all pertinent times herein, there was in full force and effect a policy or policies of liability insurance, however characterized, issued by the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** to and/or in favor of **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME** and/or **SALVADOR A. MANGANO,** and/or **MABEL R. MANGANO,** which policy or policies of insurance provided insurance coverage for the claims of petitioners; upon information and belief, this insuring agreement was issued and/or delivered to defendants in Louisiana; petitioners attach hereto as Exhibit A the Certificate of Enrollment issued by the

Louisiana Patients' Compensation Fund in favor of defendants which identifies the LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST as defendants' insurance company; as such, the LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST is solidarily liable unto plaintiffs as the liability insurer of defendants.

WHEREFORE, petitioners pray that after due proceedings are had there be judgment in their favor and against defendants, LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO, *in solido*, in an amount which is just and reasonable in the premises, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings. Plaintiffs also pray for all other relief as may be just and equitable.

Respectfully submitted:

J.E. Cullens, Jr., La. Bar Roll No. 23011
MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225) 766-1100
Facsimile: (225) 767-4486

PLEASE WITHHOLD SERVICE
AT THIS TIME.

A TRUE COPY
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By
DEPUTY CLERK

NOV 2 9 2006

**LOUISIANA**
**PATIENTS' COMPENSATION FUND**
www.lapct.louisiana.gov
**CERTIFICATE OF ENROLLMENT**

' **ST. RITA'S NURSING FACILITY**
**AND BUFFMAN, INC.**
**1422 EAST LA. HIGHWAY 46**
**ST. BERNARD, LA 70085**

The above named Health Care Provider is hereby certified as an Enrollee under La. R.S.
40:1299.41 et seq., with effective dates as follows:

| ENROLLMENT PERIOD | COMPANY | TYPE COVERAGE | CLASS TYPE | SPECIALTY |
|---|---|---|---|---|
| 10/01/2005 – 01/01/2006 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |
| 10/01/2004 – 10/01/2005 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |

It is further certified that professional liability coverage for ONE HUNDRED THOUSAND
($100,000.00) Dollars through the above named insurance company, acknowledges primary
responsibility for the indicated period(s).
It is further acknowledged that surcharges for excess coverages are paid for the indicated
period(s).
This certificate verifies the type of coverage and payment to the Patients' Compensation
Fund; however, qualification for a medical review panel can only be determined at the time
the request is filed.

Date:  12/05/2005

*Lorraine Osborne*
LOUISIANA PATIENTS' COMPENSATION FUND

PLAINTIFF'S
EXHIBIT
**A**

FREDA D. MATTOX, JUDITH E.             SUIT NO.:              DIV.:
LATAPIE AND LOUIS C. MAHONEY,
JR., INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER                   34th JUDICIAL DISTRICT COURT

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S         PARISH OF ST. BERNARD
NURSING HOME, SALVADOR A.
MANGANO, MABEL R. MANGANO,
AND LOUISIANA NURSING HOME
ASSOCIATION TRUST                      STATE OF LOUISIANA

---

## ORIGINAL PETITION FOR DAMAGES

---

The petition of plaintiffs, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney,

Jr., individually and on behalf of their deceased mother, Anna Grace Schielder, being of full

age of majority and residents of the State of Georgia, respectfully represent:

1.

Made Defendants herein are as follows:

a.   BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, a Louisiana
     Corporation authorized to do and doing business within the State of Louisiana
     and the Parish of St. Bernard; and

b.   SALVADOR A. MANGANO, a person of the age of majority and resident of
     the Parish of St. Bernard; and

c.   MABEL R. MANGANO, a person of the age of majority and resident of the
     Parish of St. Bernard; and

d.   LOUISIANA NURSING HOME ASSOCIATION TRUST, an insurance
     company or other legal entity which has done and does business within the State
     of Louisiana and the Parish of St. Bernard.

2.

Defendants, including their employees, staff, nurses, agents, and other representatives

for whom they are vicariously liable, knew or should have known sufficiently far in advance of

the arrival of Hurricane Katrina that the residents of the St. Rita Nursing Home needed to be

evacuated out of harm's way. Despite their actual or constructive knowledge, defendants,

through their negligence, fault, unreasonable conduct under the circumstances, and/or breach

of the applicable standard of care, chose not to evacuate their residents, including Anna Grace Schielder.

3.

On our about August 29, 2005, Anna Grace Schielder died while in the care of Defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.

4.

Anna Grace Schielder was a patient of the St. Rita's Nursing Home on or about August 29, 2005, and suffered personal injury including death as a result of the failure on the part of defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO, to evacuate their nursing home at a reasonable time prior to the arrival of Hurricane Katrina and/or after a mandatory evacuation order was issued.

5.

Anna Grace Schielder's death was caused by no fault of her own, but instead was caused by the negligence, fault, and/or substandard care of defendants, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO.

6.

The negligence, fault, and/or substandard care of BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO, was a legal cause of Anna Grace Schielder's death, in that defendants were negligent and/or were at fault and/or breached the applicable standard of care in the following, non-exclusive ways:

    a.    Failing to evacuate the nursing home;

    b.    Failing to have an evacuation plan;

    c.    Failing to implement an evacuation plan if one existed;

    d.    Failing to ask for assistance with evacuating the nursing home;

e.    Refusing evacuation assistance;

f.    Failing to care for Anna Grace Schielder properly after the decision was made not to evacuate her;

g.    Failing to have an adequate plan, policy, or procedure to care for non-evacuated residents;

h.    Failing to have the reasonable means to care for non-evacuated residents;

i.    Deserting Anna Grace Schielder;

j.    Inadequate and improper staffing of the nursing home, both before, during and after Hurricane Katrina;

k.    Inadequate equipment;

l.    Delay in attempt to evacuate;

m.    Failing to communicate with residents' families in a timely and appropriate manner prior to Hurricane Katrina;

n.    Choosing an inappropriate or location for a nursing home; and

o.    Any and all other acts of negligence or fault that may be proven at trial of this matter.

Said negligence and/or fault also includes all acts or failures to act in violation with the laws of Louisiana, St. Bernard Parish, and the United States that may be proven at trial.

7.

Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., are the children of Anna Grace Schielder, and in accordance with Louisiana Civil Code articles 2315.1 and 2315.2, are asserting this survival and wrongful death action against defendants.

8.

As a result of defendants' negligence and/or substandard care, Anna Grace Schielder suffered the following non-exclusive survival action damages:

a.    Past physical pain and suffering up to the time of her death;

b.    Fright and mental anguish suffered by Anna Grace Schielder before, during, and after Hurricane Katrina until the time of her death;

c.    Past mental anguish up to the time of her death; and

d.    Any and all other elements of damages which may be proven at the trial of this matter.

9.

As a result of defendants' negligence and/or substandard care, Petitioners, Freda D. Mattox, Judith E. Latapie, and Louis C. Mahoney, Jr., have suffered the following non-exclusive, wrongful death action damages:

   a.   Past, present and future mental anguish;

   b.   Past, present, and future loss of love and affection;

   c.   Funeral expenses; and

   d.   Any and all other elements of damages which may be proven at the trial of this matter.

10.

Upon information and belief, Anna Grace Schielder and/or her family, entered into a contract with defendants to provide reasonable nursing home services to her.  Through their negligent or otherwise tortious conduct described above, defendants, **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO, and MABEL R. MANGANO**, breached this contract for services.  Defendants' breach of contract caused damages to petitioners for which defendants are liable.  Furthermore, defendants' conduct described herein constitutes a breach of the statutory patients' bill of rights; defendants' breach of the statutory patients' bill of rights caused damages to petitioners for which defendants are liable.

11.

Petitioners show that at all pertinent times herein, there was in full force and effect a policy or policies of liability insurance, however characterized, issued by the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** to and/or in favor of **BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME** and/or **SALVADOR A. MANGANO**, and/or **MABEL R. MANGANO**, which policy or policies of insurance provided insurance coverage for the claims of petitioners; upon information and belief, this insuring agreement was issued and/or delivered to defendants in Louisiana; petitioners attach hereto as Exhibit A the Certificate of Enrollment issued by the

Louisiana Patients' Compensation Fund in favor of defendants which identifies the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** as defendants' insurance company; as such, the **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST** is solidarily liable unto plaintiffs as the liability insurer of defendants.

**WHEREFORE,** petitioners pray that after due proceedings are had there be judgment in their favor and against defendants, **LOUISIANA NURSING HOME ASSOCIATION MALPRACTICE AND GENERAL LIABILITY TRUST, BUFFMAN, INC., d/b/a ST. RITA'S NURSING HOME, SALVADOR A. MANGANO,** and **MABEL R. MANGANO,** *in solido*, in an amount which is just and reasonable in the premises, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings. Plaintiffs also pray for all other relief as may be just and equitable.

Respectfully submitted:

_____

J.E. Cullens, Jr., La. Bar Roll No. 23011
MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS, APLC
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225) 766-1100
Facsimile: (225) 767-4486

**PLEASE WITHHOLD SERVICE
AT THIS TIME.**



**LOUISIANA**
**PATIENTS' COMPENSATION FUND**

www.lapcf.louisiana.gov

**CERTIFICATE OF ENROLLMENT**

ST. RITA'S NURSING FACILITY
AND BUFFMAN, INC.
1422 EAST LA. HIGHWAY 46
ST. BERNARD, LA  70085

The above named Health Care Provider is hereby certified as an Enrollee under La. R.S.
40:1299.41 et seq., with effective dates as follows:

| ENROLLMENT PERIOD | COMPANY | TYPE COVERAGE | CLASS TYPE | SPECIALTY |
|---|---|---|---|---|
| 10/01/2005 _ 01/01/2006 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |
| 10/01/2004 _ 10/01/2005 | LA NURSING HOME ASSOC. TRUST | OCCURRENCE | NURSING HOME | NURSING HOME |

It is further certified that professional liability coverage for ONE HUNDRED THOUSAND
($100,000.00) Dollars through the above named insurance company, acknowledges primary
responsibility for the indicated period(s).

It is further acknowledged that surcharges for excess coverages are paid for the indicated
period(s).

**This certificate verifies the type of coverage and payment to the Patients' Compensation
Fund; however, qualification for a medical review panel can only be determined at the time
the request is filed.**

Date:   12/05/2005                         _____
                                            LOUISIANA PATIENTS' COMPENSATION FUND

PLAINTIFF'S
EXHIBIT
A

FREDA D. MATTOX, JUDITH E.
LATAPIE AND LOUIS C. MAHONEY,
JR., INDIVIDUALLY AND ON BEHALF
OF THEIR DECEASED MOTHER,
ANNA GRACE SCHIELDER

SUIT NO.:                    DIV.:

34ᵗʰ JUDICIAL DISTRICT COURT

VERSUS

BUFFMAN, INC. d/b/a ST. RITA'S
NURSING HOME, SALVADOR A.
MANGANO, MABEL R. MANGANO,
AND LOUISIANA NURSING HOME
ASSOCIATION TRUST

PARISH OF ST. BERNARD

STATE OF LOUISIANA

---

### REQUEST FOR NOTICE

---

To:   Clerk of Court, 34ᵗʰ Judicial District Court
      Parish of St. Bernard
      1101 W. St. Bernard Highway
      Chalmette, LA 70044

   In accordance with the provisions of the Louisiana Code of Civil Procedure, you are

hereby requested to give us written notice, by mail, ten (10) days in advance of the date fixed

for trial of this case, whether on exceptions, rules or the merits thereof.

   In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also

requested to send us immediate notice of any order or judgment made or rendered in this case,

upon entry of such order or judgment.

                              BY ATTORNEYS:


                              _____
                              J. E. Cullens, Jr., La. Bar Roll No. 23011
                              MOORE, WALTERS, THOMPSON,
                              THOMAS, PAPILLION, & CULLENS, APLC
                              6513 Perkins Road
                              Baton Rouge, Louisiana 70808
                              Telephone: (225) 766-1100
                              Facsimile: (225) 767-4486