

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § | CIVIL ACTION <br> NO. 05-4182 "K"(2) <br> JUDGE DUVAL <br> MAGISTRATE WILKINSON |
| PERTAINS TO: § <br> **ALL ST. RITA:** § <br> § | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants and Third Party Plaintiffs Salvador A. Mangano, Mabel B. Mangano and Buffman, Inc. d/b/a St. Rita's Nursing Home (hereinafter collectively referred to as "St. Rita") submit this memorandum in opposition to Third Party Defendants, State of Louisiana's and state agencies and actors Joint Motion to Dismiss.

### BACKGROUND

Several plaintiffs filed suit against St. Rita's in the 34th Judicial District for the Parish of St. Bernard alleging various charges of negligence in relation to the nursing home's preparations and actions before, during and after Hurricane Katrina. After duly responding to said suits by timely filing answers, St. Rita's filed a Third Party Demand with the aforementioned state court naming the United States, the State of Louisiana

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

and various state and local officials and agencies as Third Party Defendants. The Defendants/Third Party Plaintiffs sued the United States government in state court pursuant to The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. In FTCA practice, there exists no requirement to file administrative claim prior to suing the United States as a third party. *Hassan v. Louisiana Dept. of Transp. & Development*, 923 F. Supp. 890 (W.D. La. 1996). The United States of America removed this suit, along with many others, from the Louisiana state court to this Federal Court pursuant to 28 U.S.C. §§ 1346(b)(1); 1441(a) and 1442(a). The State actors and agencies argue this Court lacks authority over the resolution of the Third Party Demand pursuant to the Eleventh Amendment and the doctrine of sovereign immunity, yet at the same time seek dismissal *with* prejudice of all claims by this Court. *Third Party Defendants' Memorandum in Support of Motion, p. 3.*

**ARGUMENT**

A motion to dismiss pursuant to Rule 12(b)(1) challenges the federal court's subject matter jurisdiction over the action pending before it. Fed. R.Civ.P. 12(b)(1). Federal courts are vested with authority to adjudicate claims only when authorized by express statutory or constitutional language; hence, they are considered to be courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489 (5th Cir. 2005); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). See *Rodriguez v. Texas Commission on the Art*, 992 F. Supp. 876, 879 (N.D. Tex. 1998). When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take the facts as true and resolve inference and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.* 391 F.3d 629, 633 (5th Cir. 2004).

I. <u>The Eleventh Amendment and the Doctrine of Sovereign Immunity Does Not Deprive this Court of Subject Matter Jurisdiction over the Resolution of the Third Party Demand.</u>

The United States Court of Appeals for the Fifth Circuit has never answered the question whether the Eleventh Amendment and the doctrine of sovereign immunity deprives federal courts of subject matter jurisdiction over a third party demand against a state following the decision by the United States to remove the action from state court to federal court. Nevertheless, at least four other United States Circuit Courts of Appeals have held that that the Eleventh Amendment and the doctrine of sovereign immunity does not deprive federal courts of subject matter jurisdiction over third party demands against a state following the decision by United States to implead the state in federal court.[1] See, e.g., *Bethel Native Corp. v. Dept. of Interior*, 208 F.3d 1171, 1177 (9th Cir. 2000); *Barrett v. United States*, 853 F.2d 124, 127 (2nd Cir. 1988); *United States v.*

---

[1] "The Supreme Court...has explicitly recognized that it has not yet decided whether Eleventh Amendment immunity is a matter of subject matter jurisdiction...[However], our court has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction...Until the Supreme Court, Congress, or an en banc panel of this Court reverses this practice, we must continue it." *United States v. Texas Tech Univ.*, 171 F.3d 279, 286 n. 9 (5th Cir. 1999).

3

*Hawaii*, 832 F.2d 1116, 1117 (9th Cir. 1987); *Parks v. United States*, 784 F.2d 20, 23 (1st Cir. 1986); *United States v. Illinois*, 454 F.2d 297, 300 (7th Cir. 1971).

In *Bethel*, a private party sued the United States in federal court for damages under the Federal Tort Claims Act. The United States filed a third party demand against the State of Alaska for equitable apportionment of tort liability pursuant to state law. In response, the State of Alaska claimed that the Eleventh Amendment and the doctrine of sovereign immunity made it immune from suit in federal court. The federal district court rejected the claim that the State of Alaska was immune from the United States' third party demands against it in federal court. Upon appeal, the Ninth Circuit affirmed the district court's decision and allowed the United States to prosecute its third party demands against Alaska in federal court. *Bethel*, 208 F. 2d at 1177.

In *Barrett*, the Second Circuit likewise held that the Eleventh Amendment and the doctrine of sovereign immunity did not make the State of New York immune from the United States' third party demands against it in federal court. This is especially significant because unlike the State of Alaska in *Bethel*, the State of New York had tried to enforce the Eleventh Amendment and the doctrine of sovereign immunity by statutorily limiting its waiver of tort liability to suits in its own courts. Notwithstanding this statute, the Second Circuit held that the Eleventh Amendment and the doctrine of sovereign immunity did not provide the State immunity from the United States' third party demands in federal court. *Barrett*, 853 F.2d at 130-131; see also, *Hawaii*, 832 F.2d at 1120 (holding the same with respect to Hawaii's law limiting the State's waiver of tort liability to suit in its own courts).

*Bethel* and *Barrett* (and *Hawaii*, *Parks* and *Illinois*) suggest that the Eleventh Amendment and the doctrine of sovereign immunity do not deprive this Court of subject matter jurisdiction over third party claims against a state when a decision of the United States brought a state into federal court. Admittedly, the action at bar was not initiated in federal court. Likewise, the United States has not impleaded the State of Louisiana. Rather, the defendants who are private parties impleaded Louisiana. However, the defendants impleaded Louisiana in state court, and had absolutely no intention of prosecuting their third party demands against Louisiana in federal court. *It was solely the decision of the United States to remove this action from state court to federal court that brought Louisiana into federal court.* If the Eleventh Amendment and the doctrine of sovereign immunity do not deprive the Court of subject matter jurisdiction over third party demands against a state when the United States impleads a state in federal court, neither should the Eleventh Amendment and the doctrine of sovereign immunity deprive the Court of subject matter jurisdiction over third party demands against a state when the United States removes an action from state court to federal court.

II. <u>If the Eleventh Amendment and the Doctrine of Sovereign Immunity Deprives this Court of Subject Matter Jurisdiction over the Resolution of the Third Party Demand, this Court May Not Address the Merits of that Demand.</u>

The United States Court of Appeals for the Fifth Circuit has steadfastly held that if the Eleventh Amendment and the doctrine of sovereign immunity deprive a federal court of subject matter jurisdiction over the resolution of a claim, the court may not adjudicate the merits of that claim. *United States ex rel. Foulds v. Texas Tech Univ.*, 171 F.3d 279, 286-287 (5th Cir. 1999); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th

Cir. 1996); see *Riley v. St. Luke's Episcopal Hosp.*, 196 F.3d 514, 522-523 (5th Cir. 1999) (citing *Foulds* approvingly).

In *Foulds*, the Fifth Circuit confronted the issue whether the False Claims Act created a cause of action against an individual state when that state knowingly submitted false or fraudulent claims for payment to the United States. Before reaching that issue, however, the court had to decide whether the Eleventh Amendment barred private citizens acting as qui tam plaintiffs from instituting suits against the sovereign states. Because the court found that the Eleventh amendment barred private citizens from instituting such suits, the court never reached the question of whether the False Claims Act creates a cause of action against states. *Foulds*, 171 F. 3d at 294-296. Specifically, the court stated that "we cannot hold that we possess no authority to hear a case, and then proceed to decide the statutory issue presented in the case." *Id.* at 287. Our inquiry must "begin and end with the jurisdictional question presented by the Eleventh Amendment." *Id.* at 285. "To rule on a merits question before, or *in addition to*, answering the omnipresent jurisdictional question would contravene the well-established principle that the federal courts may not issue advisory opinions." *Id.* at 286 (emphasis added).

In *Foulds*, the Fifth Circuit also rejected the doctrine of hypothetical jurisdiction. *Id.* at. 287. Under this doctrine, a court will assume for the sake of simplicity that it possesses jurisdiction, and then reach the merits of the case. Specifically, the Fifth Circuit stated that it cannot "assume jurisdiction to decide that the statute creates no cause of action and then brush away the jurisdictional question as unnecessary to address for the reason that, in either event, the sum of the relief equals zero." *Id.*

6

According to the Fifth Circuit, "Supreme Court has recently, and flatly, rejected any 'doctrine of hypothetical jurisdiction' required for such a holding." *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, (1998)). Specifically, the Supreme Court held that "'[f]or a court to pronounce upon the meaning....of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id.* (citing *Steel Co.*, 523 U.S. at 102).

Instead of reaching the merits of the third party demand, the Court should remand the cause to the state courts.

## CONCLUSION

Wherefore, for the foregoing reasons, the Third Party Defendants' Motion to Dismiss must be denied.

Respectfully submitted, this 22nd day of February, 2007.

EMMETT, COBB, WAITS & HENNING

BY: *Susan E. Henning*
JAMES A. COBB, JR. (4213)
SUSAN E. HENNING (6793)
JOHN F. EMMETT (1861)
JASON R. KENNEY (29933)
1515 Poydras Street, Suite 1950
New Orleans, Louisiana 70112
Telephone: 504-581-1301
Facsimile: 504-581-6020

WYNNE, GOUX & LOBELLO
Jeremy Goux, Esq. (25065)
417 N. Theard Street
Covington, Louisiana 70433
Telephone: (985) 898-0504

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by CM/ECF, email, facsimile, and/or depositing same in the United States Mail, postage prepaid and properly addressed, this 22nd day of February, 2007.

_/s/ Susan E. Henning_
SUSAN E. HENNING