UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES * | DOCKET NO.: | 05-4182 "K" (2) |
| CONSOLIDATED LITIGATION * | | |
| * | JUDGE: | DUVAL |
| * | | |
| * | MAGISTRATE: | WILKINSON |
| * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*

PERTAINS TO:                                  \*

\*

INSURANCE   (Fischman, No. 06-4952)   \*

\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

MAY IT PLEASE THE COURT:

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, respectfully submits that plaintiff's allegations against it as outlined in her petition (see Exhibit A) and in this Memorandum are moot because they have been released in a binding settlement agreement signed by the plaintiff. Plaintiff Fagey Lupin Fischman participated in voluntary Mediation of all existing claims against State Farm and signed a

binding Settlement Agreement on August 8, 2006 that released State Farm from any and all liability regarding those claims (see Exhibit B).  There are no disputed claims upon which Fagey Lupin Fischman can base a lawsuit.  Accordingly, State Farm requests that this Honorable Court grant this Motion to Enforce Settlement Agreement, and dismiss any and all claims against it in the above captioned case, with prejudice, at plaintiff's cost.

## I.   LIST OF ESSENTIAL LEGAL ELEMENTS

1. The Louisiana Hurricane Mediation Program Settlement Agreement signed by Fagey Lupin Fischman and State Farm after mediation of the issues is a valid, binding compromise under <u>L.A.C. 37; Part XI Chapter 41; Emergency Rule 22</u> and <u>La. C.C. 3071,</u> does not reserve any unresolved claims and, according to its terms, settles all of Mrs. Fischman's claims against State Farm (see Exhibit B).

## II.   FACTUAL BACKGROUND:

Plaintiff, Fagey Lupin Fischman and State Farm took part in the Louisiana Hurricane Mediation Program to settle disputed damage claims under a Homeowner's Policy issued by State Farm to Fagey Fischman.  Specifically, Mrs. Fischman claimed on the Hurricane Katrina/Rita Damage Claim Mediation Request (see Exhibit C) that the dispute involved, "[A]dditional ALE owed; State Farm has not properly adjusted coverages A, B & C under Homeowner's Policy."  Mediation was held on August 8, 2006 and was attended by plaintiff, Fagey Fischman; Debra Fischman, her attorney of record (who is also Mrs. Fischman's daughter) and David Andras, a State Farm claims

representative. The mediation was successful and the parties signed a Settlement Agreement (see Exhibit B). State Farm issued a check to Mrs. Fischman in consideration for settlement of her claims (see Exhibit D). Subsequently, however, Mrs. Fischman filed suit on August 28, 2006 against State Farm making damage claims that were the basis of the August 8, 2006 mediation and resulting Settlement Agreement.

Defendant State Farm now moves for Enforcement of this Settlement Agreement because Mrs. Fischman released all outstanding claims against State Farm Fire and Casualty Company for consideration and per the clear language of the Settlement Agreement she signed.

### III.  LAW AND ARGUMENT

Enforcement of this Settlement Agreement should be granted to State Farm because Fagey Lupin Fischman has agreed that her claims are settled without reservation and has thus released State Farm from any further liability.

**A. TRANSACTION AND COMPROMISE**

"The construction and **enforcement** of settlement agreements is governed by state law. *Lewis v. Transload and Transport, Inc.,* 642 F.Supp. 865, 867 (E.D.La.1986). Accordingly, the Court must look to Louisiana law on the **enforceability** of the settlement agreement. Louisiana Civil Code article 3071 provides that:

> "A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be . . . reduced into writing" La. C.C. 3071.

Louisiana courts have held that a compromise such as the one Mrs. Fischman and State Farm entered into is valid if:

> "there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached. In the instant case the parties were involved in a full day of mediation at the end of which they signed a memorandum of settlement which contained several handwritten terms upon which the parties had agreed. *The fact that a whole day of negotiations was capped off by the signing of a document which memorialized the agreement between the parties signifies that there had been a meeting of the minds. Otherwise the document would not have been signed, particularly considering who signed*". LeBlanc v. State Farm Ins. Co., 878 So.2d 715, La.App. 3 Cir.,2004., May 26, 2004 citing Pat O'Brien's Bar, Inc. v. Franco's Cocktail Prods., Inc., 615 So.2d 429 (La. App. 4th Cir. 1993), writ denied, 617 So.2d 909 (La.1993).

The Fifth Circuit has cited Louisiana case law and statutory law to determine the validity of compromise agreements entered into in the state:

> "A compromise is a written contract that "must be interpreted according to the parties' true intent [and] is governed by the same general rules of construction applicable to contracts." Louisiana Civil Code article 2046 sets forth a general rule that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Smith v. Amedisys Inc., 298 F.3d 434, C.A.5 (La.), 2002. July 26, *citing* Brown v. Drillers, Inc., 630 So.2d at 748 (La. 1994).

The Eastern District of Louisiana has stated that there are, "[F]ive specific requirements of a valid compromise may be gleaned from article 3071. They are (1) a writing; (2) mutual consent to adjust differences; (3) the hope of gain from the agreement; (4) consideration; and (5) performance by the parties in the agreed upon manner." *Falgout Marine, Inc. v. Seaboard Marine, Ltd.*, Not Reported in F.Supp.2d, 1999 WL 104411, E.D.La., February 22, 1999 (No. CIV. A. 96-1559). citing *Parich v. State Farm Mutual Automobile Ins. Co.,* 919 F.2d 906, 913 (5th Cir.1990). As proven below, all five of these required

elements have been met in the case of Mrs. Fischman's Settlement Agreement and it thus constitutes a valid compromise.

**B. LOUISIANA HURRICANE MEDIATION PROGRAM**

The Louisiana Hurricane Mediation Program was created to offer insured individuals an "effective, fair and timely handling of personal lines insurance claims arising out of damage to residential property caused by these two hurricanes." L.A.C. 37; Part XI Chapter 41; Emergency Rule 22. The rule allows final resolution of disputes without resort to litigation by way of a compromise of claims signed by the insured and insurance company. The statute ensures that insured individuals be represented by counsel if the agreement is to be binding and allows for additional claims to be made if they are discovered after the mediation. The language of the Louisiana Hurricane Mediation Program's Settlement Agreement reflects these protective measures:

> "This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim." (see Exhibit B).

Mrs. Fischman has not made additional claims since the mediation. She is disputing amounts that were the basis of mediation and the resulting settlement agreement. She signed the Louisiana Hurricane Mediation Program Settlement Agreement on August 8, 2006 and was paid the agreed upon amount, $6,216.17, on the day of the mediation (see Exhibit D). Mrs. Fischman did not discuss reserving or reserve any rights for later dispute as was done in similar Settlement Agreements handled by her attorney for other members of her family (see Exhibit E – Settlement Agreements of

Debra Fischman and Kathy Rose Fischman with specifically reserved claims and Fagey Fischman's Settlement Agreement containing no such reserved claims). However, she subsequently filed suit on August 28, 2006, claiming that the damages sought were not paid in full and that State Farm was in bad faith for its handling of the claim (see Exhibit A) despite the fact that these claims were released when Mrs. Fischman signed the Settlement Agreement and received the agreed upon settlement amount from State Farm (See Exhibit D).

Mrs. Fischman signed this agreement with knowledge that it was a full settlement of her claim. Accompanied at the mediation by her daughter, Debra Fischman, who is a practicing attorney, Mrs. Fischman had independent legal representation. The agreement states clearly and explicitly that, "both parties recognize that this is a final and enforceable contract." The only exception to this is if the Homeowner is not represented by counsel and rescinds the agreement within three working days. Fagey Lupin Fischman was represented by counsel and made no efforts to rescind the Settlement Agreement.

## IV.   CONCLUSION

In summary, the material facts are undisputed. Mrs. Fischman has released all of her claims against State Farm as evidenced by the Louisiana Hurricane Mediation Program Settlement Agreement signed by her and State Farm. Mrs. Fischman was represented by an attorney during the mediation and signing of the agreement. Mrs. Fischman received the amount agreed upon to settle her claims at the mediation as evidenced by the draft payable to her in the amount of Six Thousand, Two hundred and

Sixteen dollars and Seventeen cents ($6216.17). This agreement constitutes a valid compromise under Louisiana law.

Therefore, for the reasons stated above, defendant requests that this Court grant its Motion to Enforce Settlement Agreement, dismissing all of Fagey Fischman's claims against State Farm Fire and Casualty Company, with prejudice, at plaintiff's cost.

Respectfully submitted:

/s/ Heather Cheesbro

_____
BURT K. CARNAHAN, #3920
HEATHER CHEESBRO, #30437
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this **26th** day of **February, 2007**, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: James Garner and Debra Fischman

/s/ Heather Cheesbro
_____