UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | DOCKET NO.:   05-4182 "K" (2) |
| CONSOLIDATED LITIGATION | * | |
| | * | JUDGE:        DUVAL |
| | * | |
| | * | MAGISTRATE:  WILKINSON |
| | * | |
| ************************************ | * | |
| | * | |
| PERTAINS TO: | * | |
| | * | |
| INSURANCE  (Fischman, No. 06-4952) | * | |
| | * | |
| ************************************ | | |

**MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION
TO MOTION TO ENFORCE SETTLEMENT AGREEMENT**

NOW INTO COURT, through undersigned counsel comes defendant, State Farm

Fire and Casualty Company, and respectfully submits this response to Plaintiff's

Opposition to Defendant's Motion to Enforce Settlement Agreement (attached as Exhibit

A; also located at USDC Docket 06-4952 #14).  State Farm respectfully requests that the

Court enter an Order granting this Motion to Enforce Settlement Agreement because:

1) Mrs. Fischman entered into a binding compromise agreement releasing all claims

against State Farm under her Homeowner's Policy and 2) Mrs. Fischman does not prove

any basis for rescission of the agreement based on fraud, error or duress. 3) Given the

burden of proof Mrs. Fischman has and the policy of law to favor and enforce settlement, the written and signed settlement should be enforced.

**Factual Background**

Mrs. Fischman and State Farm entered into mediation in good faith to settle claims made by Mrs. Fischman under her Homeowner's policy.  The mediation was successful and both Mrs. Fischman and State Farm signed a binding mediation agreement to release all claims against State Farm that stated "[t]he settlement amount being paid is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation."  State Farm paid $6,216.17 in accordance with the agreement.

The claim brought to the mediation was listed on Mrs. Fischman's Mediation Request as "Additional ALE owed; State Farm has not properly adjusted coverages A, B, C under Homeowner's Policy."  Coverages A, B, C comprise the totality of coverage under a State Farm Homeowner's policy.  Once the adjustment of claims A, B and C were resolved and released, no claims remained upon which Mrs. Fischman could have filed suit against State Farm.  Mrs. Fischman signed this binding agreement accompanied and represented by her daughter, an experienced insurance attorney.  Although Mrs. Fischman and her attorney now argue that the compromise excluded issues related to wind driven water, that was not indicated at the mediation and is not included or indicated anywhere in the settlement documents or any place other than signed statements made by Mrs. Fischman and her attorney after receipt of this Motion to Enforce Settlement Agreement.

## Burden of Proof

Despite the plaintiff's treatment of State Farm's Motion to Enforce as if it were a Motion for Summary Judgment, it is not. There is no question of fact here. Instead, the Motion seeks to enforce an explicitly worded transaction and compromise, a binding agreement favored by both Louisiana and Federal law:

> "It has long been held that "[c]ompromises of disputed claims are favored by the courts." In re Train Derailment Near Amite Louisiana, Slip Copy 2006 WL 1561470, E.D. La. May 24, 2006 (No. Civ. A Mdl. No. 1531) *citing Williams v. First Nat'l Bank,* 216 U.S. 582, 595 (1910), also see Cia Anon, 374 F.2d at 35 ( *quoting* Williams v. First National Bank, 216 U.S. 582, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910)); J. Kahn and Co. v. Clark, 178 F.2d 111, 114 (5th Cir.1949). "Compromises of disputed claims are favored by the courts." and Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948), *quoted in* Asberry v. United States Postal Service, 692 F.2d 1378 (C.A.Fed.1982). "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted."

Any attempt to rescind this agreement places the burden on Mrs. Fischman to prove that the binding agreement she signed is not valid because of fraud, duress or error regarding her intent. Louisiana courts have held, "[n]ot only does the party seeking to nullify a settlement agreement bear the burden of proof, but the law strongly favors compromise agreements between parties and courts will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud." Autin Germany v. Germany, 00-1924 La.App. 5 Cir. 4/11/01 La.App.5.Cir., 2001 *citing* Hoover v. Boucvalt, 99-0867 (La.App. 4 Cir. 11/24/99), 747 So.2d 1227, 1231, *writ denied,* 99-3610 (La.2/18/00), 754 So.2d 969, *also see* Randall v. Martin, 868 So.2d 913 La.App.5.Cir.,2004 "the Party seeking

rescission of settlement agreement bears burden of proving its invalidity." <u>La. C.C. Art. 3079</u>.

## **Parol Evidence**

Mrs. Fischman attempts to prevent enforcement of the compromise agreement she signed based on allegations that State Farm requires parol evidence to prove the document's validity.  This is an erroneous point for two reasons:  **1)** Without further documentation, the mediation documents speak for themselves in that the plaintiff agreed to mediate coverages A, B and C, the totality of the Homeowner's policy in question and then signed a full release of all claims mediated. The documents that accompany them in State Farm's Motion to Enforce merely support the document's enforceability and anticipate plaintiff's attempts to discredit the documents.  **2)** Although State Farm believes that the agreement is prima facie evidence of a full release of Mrs. Fischman's claims, parol evidence is admissible in Louisiana if there is a question as to the terms of a transaction or compromise:

> "The general rule applicable to contracts is that extrinsic evidence is admissible only "when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed . . . Louisiana courts, however, have crafted a special exception to the extrinsic evidence rule for compromise agreements based on an *in pari materia* reading of <u>LSA-C.C. Art. 3073</u>'s provision that a compromise extends only to those differences the parties' clearly comprehended." <u>Dixie Campers, Inc. v. Vesely Co.</u>, 398 So.2d 1087, 1089 (La.1981); *see also* <u>Leenerts Farms, Inc. v. Rogers</u>, 421 So.2d 216, 218 (La.1982), <u>Moak v. American Automobile Ins. Co.</u>, 242 La. 160, 134 So.2d 911 (1961).

The Louisiana Supreme Court has reinforced this exception carved out for compromise agreements:

> "Therefore, we find that parol evidence is admissible to determine the parties intent. Moreover, we agree with Judge Cannella's dissent in that under our decision in an inquiry outside the four corners of the settlement agreement into the parties true intent is required in this case." <u>Chabaud v. Sylvester</u>**,** 728 So.2d 851 (La. 1999), February 05, 1999 *citing* <u>Brown v. Drillers, Inc.</u>, 93-1019 (La. 1994), 630 So.2d 741, 748).

Although State Farm urges that parol evidence is not necessary to enforce this transaction and compromise because it is a prima facie enforceable agreement, it does acknowledge that the law allows parol evidence to be reviewed if necessary to determine the parties' intentions. If the Court deems this review necessary, the evidence clearly reveals that Mrs. Fischman intended to release all claims in exchange for State Farm's payment of agreed upon amounts under her Homeowner's policy.

## Rescission based on Error

Mrs. Fischman alleges that error on her part prevents enforcement of this agreement and granting of this motion. Mrs. Fischman was accompanied by her daughter, an experienced attorney, who presumably read and understood the documents and allowed Mrs. Fischman to sign the binding agreement. Mrs. Fischman has not met the burden of proving error sufficient to vitiate a compromise agreement under Louisiana law:

> "<u>La.C.C. art. 3079</u> provides that error as to the "matter in dispute" is a ground for rescinding a compromise. However, it does not provide that error as to the quantity or quality of the matter in dispute would warrant rescission. In fact, <u>La.C.C. art. 3078</u> states that compromises "cannot be attacked on account of any error in law or any *lesion*." (Emphasis added.) The error complained of by plaintiff

is that she executed the compromise under the erroneous impression that only movables, i.e., cash, was involved when in fact a potential claim involving immovables was present. Thus, she bases her claim for rescission on the fact that she was ignorant as to the quantity and/or quality of the "matter in dispute," i.e., the estate. I find no provision in the law to relieve her of her compromise which was written in the very broadest terms." <u>Durbin v. Cockerham</u>, 442 So.2d 634 La.App. 1 Cir.,1983. November 22, 1983.

Here, Mrs. Fischman claims that she signed the compromise agreement with the understanding that only wind driven water claims were being compromised when the agreement clearly makes no such provision.  As in <u>Cockerham</u> *supra*, Mrs. Fischman bases her claim for rescission on "the fact that that she was ignorant as to the quantity and/or quality of the "matter in dispute"."  This is not a legally sound basis for rescission of a compromise agreement based on error, particularly when Mrs. Fischman was represented by experienced counsel at the time.

### <u>Rescission based on Absurd Consequences</u>

Mrs. Fischman also attempts to rescind the agreement based on the absurd consequences of her settlement for 'pennies on the dollar' when her home was 'engulfed with at least six feet of water that caused hundreds of thousands of dollars worth of damage.'  This mediation involved only Mrs. Fischman's Homeowner's policy as is clearly pre-printed in the mediation agreement signed by Mrs. Fischman and State Farm. The plaintiff's language regarding absurd consequences attempts to mislead because State Farm did pay 'hundreds of thousands of dollars' for damages to Mrs. Fischman's property, specifically $350,000 under her State Farm flood policy.  Mrs. Fischman's willingness to release her remaining claims for $6,216.17 under a Homeowner's policy

that did not provide coverage for the type of damages she suffered is not absurd unless viewed in a vacuum.

**Conclusion**

State Farm's Motion to Enforce its Settlement Agreement should be granted.  Both State Farm and Mrs. Fischman agreed in good faith to mediate additional amounts of living expenses and adjustment of claims A, B and C, the totality of her Homeowner's Policy.   Both parties signed a binding release of all claims for the agreed upon consideration of $6,216.17.   Mrs. Fischman was represented at mediation by an experienced attorney who is also her daughter.  There is no proof that Mrs. Fischman signed the agreement due to error, duress or fraud that might have influenced her intent. Her attempt to dissolve the agreement based on her "misunderstanding" is negated by written documentation that clearly shows the nature of the dispute and Mrs. Fischman's binding agreement to settle all elements of that dispute.  This is the type of compromise agreement encouraged by both Louisiana and Federal law and State Farm requests that the Court grant this Motion and thereby enforce the agreement according to the agreed upon terms.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

  I do hereby certify that I have on this **26**<sup>th</sup>  day of **February, 2007**, electronically filed  the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: James Garner and Debra Fischman

_____

/s/ Heather Cheesbro
_____
BURT K. CARNAHAN, #3920
HEATHER CHEESBRO, #30437
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292  FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*