UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAGEY LUPIN FISCHMAN | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | NO. 06-4952 |
| VERSUS | * | |
| | * | SECTION:  I |
| STATE FARM INSURANCE COMPANY | * | |
| Defendant. | * | JUDGE:  AFRICK |
| | * | |
| | * | MAGISTRATE: SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO STATE FARM INSURANCE COMPANY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

MAY IT PLEASE THE COURT:

Plaintiff, Fagey Lupin Fischman ("Mrs. Fischman"), through undersigned counsel respectfully submits this Opposition to State Farm Insurance Company's ("State Farm") Motion to Enforce Settlement Agreement (the "Motion"). State Farm's Motion contains misleading and erroneous interpretations of the settlement agreement that was entered into on August 8, 2006 ("Settlement Agreement"). As will be shown below, the Settlement Agreement was entered into solely to settle Mrs. Fischman's ALE claim under the terms of her policy with State Farm. The Settlement Agreement did not encompass Mrs. Fischman's bad faith claims and/or any claims for damage to her home that resulted from the 17th Street Canal and/or London Avenue Canal levee failures. Further, at the very least, to the extent that this Settlement Agreement is interpreted to

1



encompass all of Mrs. Fischman's claims against State Farm, the Settlement Agreement must be rescinded due to error.

I. **FACTUAL BACKGROUND**

Mrs. Fischman is a seventy-five year old widow, who like many people in New Orleans suffered significant damage to her home due to the levee failures at the 17th Street Canal and/or London Avenue Canal following Hurricane Katrina. Mrs. Fischman evacuated and was forced to live in Houston, Texas for approximately three weeks following Hurricane Katrina. Thereafter, Mrs. Fischman lived in Baton Rouge, Louisiana, for approximately twelve months. During her time of exile, Mrs. Fischman incurred extensive amounts of additional living expenses ("ALE"). She ultimately made a timely claim to her homeowners' insurer, State Farm, for the damage to her dwelling (Coverage "A"), its contents (Coverage "B"), and the ALE – loss of use (Coverage "C") that she incurred. As has been done countless times by State Farm and other insurers following Hurricane Katrina, Mrs. Fischman's claims for damage to her home and its contents caused by the levee breaches was denied.

A. **The Mediation.**

Mrs. Fishman ultimately decided to participate in the American Arbitration Association's Hurricane Katrina/Rita mediation program. *See* Exhibit "A." Her request for mediation was dated May 31, 2006, and specifically requested mediation for: "Additional ALE owed; State Farm has not properly adjusted coverages A, B, & C under homeowner's policy." *Id.*

Mediation on the issue of ALE was held on August 8, 2006. At the commencement of the mediation, Mrs. Fischman's daughter/counsel stated that any claims for the 17th Street Canal and/or

2

London Avenue Canal levee breaches were pretermitted until such time as the right to pursue such claims was decided by the courts. *See* Exhibit "B," Declaration of Debra Fischman. Ultimately, Mrs. Fischman and State Farm agreed to settle her ALE claim for $6,216.17. As her claims under Coverages "A" and "B" for <u>wind driven damages</u> were less than her deductible, no additional monies were paid by State Farm. Mrs. Fischman did not mediate her claim for damages under Coverages "A" and "B" of her Homeowners policy as the result of the aforementioned levee breaches. *See* Exhibit "C," Settlement Agreement dated August 8, 2006.

**B.      The Lawsuit.**

Subsequent to the successful mediation of her ALE claim, Mrs. Fischman filed suit on August 28, 2006, against State Farm. In her complaint, Mrs. Fischman alleged claims that were <u>**separate and distinct**</u> from those raised at the August 8, 2006 mediation. Specifically, Mrs. Fischman alleged that State Farm was liable for bad faith penalties for the failure to timely adjust her Hurricane Katrina claim, and for coverage for the damage to her dwelling and its contents caused by the failures of the 17th Street Canal and/or London Avenue Canal levees. *See* Plaintiff's Complaint filed August 28, 2006.

Based on the fact that the Mrs. Fischman's complaint sets forth separate claims apart from the already settled ALE claim, State Farm's Motion must be denied. Alternatively, should this Court deem that the Settlement Agreement's language was broad enough to encompass Mrs. Fischman's claims in her complaint, this agreement must be rescinded on the basis of mistake, ambiguity, and/or error.

3

## II. LAW AND ARGUMENT

The enforceability of a settlement agreement is governed by the law of the forum state. *Florida Educ. Ass'n, Inc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir.1973); *Lee v. Hunt*, 483 F.Supp. 826, 834 (W.D.La.1979), aff'd, 631 F.2d 1171 (5th Cir.1980). In Louisiana, as elsewhere, a settlement agreement is an enforceable contract to which a court must give legal effect according to the parties' intent as expressed in the document. *See, Saucier v. John-Clai Co.*, 408 So.2d 27, 29 (La. Ct. App.1981). As the late Judge Arceneaux of this district espoused in *Technical Inc. v. Allpax Products, Inc.*, 786 F. Supp. 581, 585 (E.D. La. 1992) regarding the validity of a compromise in Louisiana:

> . . . [compromise] **must be preceded by a meeting of the minds between the parties as to what they intended when the compromise was reached.** . . . A compromise agreement must therefore be unambiguous, perfect and complete in itself so that nothing is left for ascertainment by parol proof. . . . Finally, a writing will not be considered a compromise if the court must receive parol evidence to reach that conclusion. (Emphasis added.)

### A. The Agreement to Mediate was limited to Mrs. Fischman's ALE claim.

Based on the fact that State Farm is now attempting to broaden the scope of the Settlement Agreement to encompass all of the subsequent claims brought by Mrs. Fischman in her lawsuit, there was not a meeting of the minds between the parties with regard to these issues at the time the ALE claim was mediated. As previously noted above, the mediation agreement signed by Mrs. Fischman on May 31, 2006, makes only specific references to bring to mediation "additional ALE owed" and claims that State Farm had not properly adjusted coverages "A," "B," and "C" under Mrs. Fischman's homeowner's policy. *See* Exhibit "A." Nowhere in the agreement to mediate is there

4

any hint of a reference that Mrs. Fischman agreed to mediate her additional claims against State Farm related to damage that was caused by the 17th Street and/or London Avenue levee breaches, which Mrs. Fischman contends is covered by her State Farm homeowner's policy. *See,* Complaint for Damages dated August 28, 2006 at ¶ 19. Further, Mrs. Fischman never agreed to mediate her bad faith claims against State Farm as alleged in her subsequent complaint filed. *Id.* at ¶¶ 28-33. *See also,* Declaration of Mrs. Fischman attached as Exhibit "D."

Not only was it not Mrs. Fischman's intent to mediate the claims set forth in her complaint, but logic holds that such a settlement on these allegations never occurred. The Settlement Agreement indicates that Mrs. Fischman and State Farm agreed to a settlement figure of $6,216.17 "for the claim brought to the mediation." *See* Exhibit "B" and "D." It is illogical to suggest that Mrs. Fischman would release State Farm from any further liability in this matter for such a small sum of money. Mrs. Fischman's home was engulfed with at least six feet of water that caused hundreds of thousands of dollars worth of damage. *See* Exhibit "D." Does it seem logical that she would settle her claims of bad faith and damage caused by the levee failures for pennies on the dollar? Clearly not. Rather, the $6,216.17 figure is more indicative of her intent to settle her ALE claim that resulted from her evacuation from New Orleans to Houston. To suggest otherwise is simply not supported by the facts and Mrs. Fischman's losses.

**B.   Unrelated settlement agreements are irrelevant.**

Interestingly, State Farm has cited this Court to two wholly unrelated settlement agreements that were entered into with Mrs. Fischman's daughters – Debra Fischman and Kathy Fischman (the "Fischman daughters"), who are also State Farm insureds and whose homes also suffered significant

Katrina damages. *See* Exhibits "E" and "F." State Farm argues that because these two settlement agreements contain language that reserved the Fischman daughters' rights to bring additional claims against State Farm, the absence of such reserve language in Mrs. Fischman's Settlement Agreement is indicative of her intent to release State Farm from all other liability to her. This logic is flawed for at least two reasons.

First, by citing to these unrelated and irrelevant settlement agreements, State Farm is essentially relying on parol evidence to show that a final settlement of all Mrs. Fischman's claims against them was intended and, in fact, reached. By relying on this parol evidence, Sate Farm has undermined its argument that any settlement of Mrs. Fischman's claims – ALE or otherwise – was ever reached. As Judge Arceneaux instructs in *Technical Inc.*, *supra*, at 585 (citing *Parich v. State Farm Mutual Ins. Com.*, 919 F. 2d 906, 914 (5th Cir. 1990), "a writing cannot be considered a compromise if the court must receive parol evidence to reach that conclusion." State Farm's submission of parol evidence of the settlement agreements of Mrs. Fischman's daughters, eviscerates its argument that Mrs. Fischman's Settlement Agreement represents a valid compromise. Should State Farm wish to have the entire settlement withdrawn, Mrs. Fischman will pursue all of her claims – ALE – and otherwise before this Court.

State Farm's reliance on Fischman daughters' settlement agreements is additionally misplaced for the following reason. According to the Louisiana State Supreme Court "**a compromise extends only to those matters the parties intended to settle**" and "**cannot be extended by implication.**" *See, Ortego v. Sate, Dept. of Transp. and Dev*, 689 So. 2d 1358, 1363 (La. 1997) (emphasis added). By interjecting these unrelated, inadmissible, and irrelevant

agreements and asking this Court to review them, State Farm has further undermined its own position that Mrs. Fischman's settlement agreement unambiguously released them of all claims for $6,216.17. State Farm is essentially asking this Court to imply that because certain reserving language in Mrs. Fischman's Settlement Agreement was absent, she intended to settle all of her claims against State Farm. This flawed reasoning and State Farm's reliance on the Fischman daughters' settlement agreements should not be given any credence by this Court, as it is contrary to law.

### C. State Farm is in violation of the Louisiana Revised Statute § 4112.

Not only is State Farm's reliance on the Fischman daughters' settlement agreements misplaced, but the disclosure of these agreements is contrary to law. Section 4103 of the Louisiana Hurricane Mediation Program ("Mediation Act") reads as follows:

> This Emergency Rule **in compliance with the Louisiana Mediation Act, R.S. 9:4101 et seq.**, sets forth a non-adversarial alternative dispute resolution procedure for a facilitated claim resolution conference prompted by the critical need for effective, fair, and timely handling of personal lines insurance claims arising out of damages to residential property caused by Hurricanes Katrina and Rita. (Emphasis added.)

Due to the fact that the Hurricane Mediation Program's Form was formulated in compliance with the Louisiana Mediation Act, State Farm has violated § 9:4112, the confidentiality provision, of Louisiana's Mediation Act. Part A of § 4112 thereof reads as follows:

> A. Except as provided in this Section, **all oral and written communications and records made during mediation**, whether or not conducted under this Chapter and whether before or after the institution of formal judicial proceedings, **are not subject to disclosure, and may not be used as evidence in any judicial or administrative proceeding.** (Emphasis added.)

Thus, State Farm's disclosure of the Fischman daughters' settlement agreements from their respective mediations violates § 4112 of the Mediation Act. The unauthorized disclosure of these settlement agreements is yet another example of State Farm's blatant disregard for the laws of this State and the rights of its citizens. Accordingly, this Court should not only disregard their use as being irrelevant in deciding this Motion, but the Court should also disregard the use of these agreements for being in violation of § 4112 of the Mediation Act.

### D. Error Vitiates Consent.

Louisiana Civil Code art. 1983 provides that "[c]ontracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith." The requisite consent for an enforceable contract may be vitiated by error on the part of one or both parties to the contract, La. C.C. art. 1948; La. C.C. art. 1948 specifically states that contractual consent may be vitiated "by error, fraud, or duress." Error sufficient to vitiate consent is described by La. C.C. art. 1949 and 1950 as follows:

> Art. 1949. Error vitiates consent
>
> Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.
>
> Art. 1950. Error that concerns cause
>
> Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, of the law, or any other circumstances that the parties regarded, or should in good faith have regarded, as a cause of the obligation.

8

In the instant matter the error concerns a cause without which Mrs. Fischman would not have entered into the Settlement Agreement, that is the reservation of her bad faith claims against State Farm and her claims for damages to her dwelling and its contents as the result of the levee failures of the 17th Street Canal and London Avenue Canal. If Mrs. Fischman erroneously believes that these claims were not part of her mediation and were not encompassed by the Settlement Agreement under the aforesaid codal articles, her error vitiates her consent, and accordingly, there is no enforceable Settlement Agreement.

### III. CONCLUSION

In summary, the Settlement Agreement reached by State Farm and Mrs. Fischman simply resolved her ALE claim. The plain language of the Settlement Agreement simply encompassed Mrs. Fischman's ALE claim under Coverage "C" of her Homeowners policy and Coverages "A" and "B," but only with respect to wind driven and not flood damage. Mrs. Fischman's settlement is not indicative of a full settlement of Mrs. Fischman's bad faith claims and/or damages caused by the 17th Street Canal and/or London Avenue Canal levee failures as these claims were never mediated nor intended to be mediated. Further, State Farm is asking this Court to use improper and irrelevant parol evidence in the form of other agreements that have no bearing or significance in this matter and, in accordance with Judge Arceneaux's opinion in *Technical Inc. v. Allpax Products, Inc., supra.*, their use is tantamount to a valid compromise between State Farm and Mrs. Fischman not having been effected. Moreover, the Settlement Agreement, under Louisiana Civil Code Article 1950 is vitiated by error should Mrs. Fischman erroneously believe that her bad faith and levee breach claims were

not mediated and not included in the Settlement Agreement. For the reasons cited herein, State Farm's Motion to Enforce Settlement Agreement should be denied.

Respectfully submitted,

_/s/ James M. Garner_

JAMES M. GARNER, #19589, T.A.
DEBRA J. FISCHMAN #5578
**SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
jgarner@shergarner.com
dfischman@shergarner.com

**ATTORNEYS FOR PLAINTIFF,
FAGEY LUPIN FISCHMAN**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on ALL counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 13th day of February, 2007.

_/s/ James M. Garner_

JAMES M. GARNER

9/2005  07:15    5042992300                    SHER GARNER                          PAGE 02/02

69 407 8797 ok 7/20

# PQO

## American Arbitration Association
## Hurricane Katrina/Rita Damage Claim Mediation Request

**Your Name (Homeowner): Please Print**

Last: FISCHMAN   First: PAGEY   Middle Initial: L

**2. In which Parish did the damage claim occur?**
- ☐ Jefferson  ☐ St. Tammany  ☐ Plaquemines
- ☐ Tangipahoa  ☐ Vermillion  ☐ Washington  ☐ Calcasieu
- ☒ Orleans  ☐ St. Bernard  ☐ Cameron  ☐ Other _____

**Current Address (where you can be reached or receive mail):**
3114 McClendon Court
Baton Rouge, LA  70810

Phone: (225) 246-8659    Email: pta24ewr@aol.com

**3. Name of your Insurance Company:** State Farm
Address: PO Box 1542
Boutte, LA  70039

Phone: (800) 732-5246
Fax:
Email:
Contact Person:

**4. Claim Number:** 18-R241-116    **Policy Number:** 18-47-3615-7

**5. Date of notice of right to mediate:** 5/31/06

**6. BRIEF DESCRIPTION OF THE DISPUTE**, including amount(s) disputed (Attach additional sheet if necessary):
Please Note: To speed up the process, please complete and return this form ONLY. Please bring any additional paperwork to the mediation conference.

Additional ALE owed; State Farm has not properly adjusted Coverages A, B + C under homeowner's policy

**SIGNATURE:** Pagey L. Fischman    **DATE:** 5/31/06

**IMPORTANT NOTICE**
You are entitled to mediation pursuant to TITLE 37, INSURANCE, LAC 37: PART XI, CHAPTER 41: EMERGENCY RULE 22, which sets forth a mediation procedure for a facilitated claims resolution conference prompted by the critical need for effective, fair, and timely handling of personal lines insurance claims arising out of damages to property caused by hurricanes Katrina and Rita during the 2005 hurricane season. The procedure does not apply to commercial insurance, private passenger motor vehicle insurance or National Flood Insurance Program flood policies. This procedure applies to claims where the amount of the claim is $500 or more, or the difference between the disputed amount of the claim is $500 or more. All costs are paid by the insurer.

Complete this form and return it to:
American Arbitration Association
Center for Mediation
1100 Poydras Street, Suite 2725
New Orleans, LA 70163
or
Fax to: 504-561-8041
If you have questions about your policy please contact your insurer. For more information visit www.adr.org or www.ldi.state.la.us.

State Farm Insurance Companies
JUN 19 2006

18-R241-116  LT

EXHIBIT A

0216

Claimant is represented by counsel: Debra J. Fischman
tele: 504-299-2109
504-___-___

Case 2:06-cv-04952-LMA-SSW Document 3258-1 Filed 02/13/2007 Page 12 of 18

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAGEY LUPIN FISCHMAN<br>Plaintiff, | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 06-4952 |
| | * | SECTION: I |
| STATE FARM INSURANCE COMPANY<br>Defendant. | * * * | JUDGE: AFRICK |
| | * * | MAGISTRATE: SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * *

### DECLARATION OF DEBRA J. FISCHMAN PURSUANT TO 28 U.S.C. § 1746

1. My name is Debra J. Fischman. I am over the age of 18, and am competent to testify to the facts set forth in this Declaration.

2. I am co-counsel with James M. Garner, for my mother, Fagey Lupin Fischman ("Mrs. Fischman"), in her claims against State Farm for damage incurred to her home and its contents due to Hurricane Katrina.

3. I represented Mrs. Fischman and I was present at the mediation held on August 8, 2006.

4. At the commencement of the mediation, I stated that any claims relating to the 17th Street Canal levee breach and/or any claims for the London Avenue Canal levee breach were pretermitted until such time as the right to pursue such a claim was decided by the courts.

5. The only claims mediated by Mrs. Fischman were that for ALE under coverage "C" of her State Farm policy, and Coverages "A" and "B," but only to the extent there was wind driven damage to the residence and its contents. There was no settlement with respect to damages owed under Coverages "A" and "B" due to the levee breaches. or State Farm's bad faith in adjusting said claim.

6. I did not authorized State Farm to disclose the settlement agreement that was reached in relation to my Hurricane Katrina claims against State Farm.

-1-


EXHIBIT B

7. I have conferred with my sister, Kathy Fischman, whom I also represent, and she did not authorize State Farm to disclose the settlement agreement that was reached in relation to her Hurricane Katrina claims against State Farm.

Under penalty of perjury, I declare that the above and foregoing statements are true and correct and within my personal knowledge.

Executed in New Orleans, Louisiana, on this 13th day of February, 2007.

_____
DEBRA J. FISCHMAN

# LOUISIANA HURRICANE MEDIATION PROGRAM
## *SETTLEMENT AGREEMENT*

Claim Number **18R241-116**
AAA Case Number **69 407 08797 06**

It is hereby agreed by and between **Fagey Fischman**, the homeowner presenting this claim and **State Farm**, the homeowner's insurance company as follows:

1. **State Farm**, insurance company, shall pay to **Fagey Fischman**, the homeowner, the sum of ~~six~~ **6216.12 DRMW** dollars within **30** days.

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner <u>for the claim brought to the mediation</u>. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this **8th** day of **August**, 2006.

_____       _____
Homeowner                                                        Insurance Company

**EXHIBIT C**      192

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAGEY LUPIN FISCHMAN<br>　　　Plaintiff, | * * * | CIVIL ACTION |
| | * | NO. 06-4952 |
| VERSUS | * * | |
| | * | SECTION:　I |
| STATE FARM INSURANCE COMPANY<br>　　　Defendant. | * * | |
| | * | JUDGE:　AFRICK |
| | * * | MAGISTRATE: SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF FAGEY LUPIN FISCHMAN PURSUANT TO 28 U.S.C. § 1746

1. My name is Fagey Lupin Fischman. I am over the age of 18, and am competent to testify to the facts set forth in this Declaration.

2. My home in New Orleans, Louisiana suffered significant damage due to the levee failures at the 17th Street Canal and/or London Avenue Canals following Hurricane Katrina.

3. The interior of my home had at least six feet of water following Hurricane Katrina.

4. The water that was in my home following Hurricane Katrina caused hundreds of thousands of dollars worth of damage.

5. I evacuated to Texas for approximately three weeks following Hurricane Katrina. Thereafter, I lived in Baton Rouge, Louisiana for approximately 12 months.

6. I decided to participate in the American Arbitration Association's Hurricane Katrina/Rita mediation program regarding my ALE claims against State Farm.

7. I attended a mediation on my claim of ALE (Coverage "C") on August 8, 2006, and Coverages "A" and "B," but only to the extent there was wind driven damage. I did not

-1-


EXHIBIT D

mediate or settle my claims for coverage due to the breaches of levees of the 17th Street Canal and/or London Avenue Canal.

8. I agreed to solely settle my ALE claims with State Farm for $6,216.17.

7. At the August 8, 2006 mediation I never discussed the settlement of any claims of bad faith or claims that State Farm was liable for damage to my home and its contents due to the 17th Street Canal and/or London Avenue Canal levee failures.

8. It was not my intent to settle all of my claims with State Farm at the August 8, 2006 mediation.

Under penalty of perjury, I declare that the above and foregoing statements are true and correct and within my personal knowledge.

Executed in New Orleans, Louisiana, on this ____ day of February, 2007.

FAGEY LUPIN FISCHMAN

# LOUISIANA HURRICANE MEDIATION PROGRAM
## PARTIAL SETTLEMENT AGREEMENT

Claim Number 18-R239-774
AAA Case Number 69-407-6761-06

It is hereby agreed by and between **Debra Fischman**, the homeowner presenting this claim and **State Farm**, the homeowner's insurance company as follows:

1. **State Farm**, insurance company, shall pay to **Debra Fischman**, the homeowner, the sum of ~~[crossed out]~~ **$2108.38** dollars within **-0-** days. [Loss of Use - Coverage C]

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that (1) the structure and contents claims are specifically reserved and (2) if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. State Farm shall re-inspect the property as to the structure and contents claims within 30 days of Insds. req.

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract [as to the Loss of Use Coverage C claim], with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this **6th** day of **June**, 2006.

_____
Homeowner (Debra Fischman)

_____
Insurance Company (Lerrie Moore)

_____
Attorney

**EXHIBIT E**

0452

# LOUISIANA HURRICANE MEDIATION PROGRAM
## SETTLEMENT AGREEMENT

Claim Number 18R241301
AAA Case Number 69407892606

It is hereby agreed by and between Kathy Fischman, the homeowner presenting this claim and State Farm, the homeowner's insurance company as follows:

1. State Farm, insurance company, shall pay to Kathy Fischman, the homeowner, the sum of $25,500.50 dollars within 0 days.

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. → under coverages A + C, with a full release of all claims under coverage B constant AKG

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this 25th day of July, 2006.

_____  _____
Homeowner                Insurance Company

**EXHIBIT F**

0090