09/07/2006 09:14 FAX 309 766 8202    CORP LAW EC                                    ☑005
Case 2:05-cv-04182-SRD-JCW   Document 3272-2   Filed 02/27/07   Page 1 of 24

09/04/2006 20:48 FAX 5048838812        SF RIVERSIDE SHU        → CIOS           ☑003/028

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2006 AUG 28  PH 12:31

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **FAGEY LUPIN FISCHMAN** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | |
| | * | **NO.  06-4952** |
| **VERSUS** | * | |
| | * | **SECTION  SECT. I  MAG 1** |
| **STATE FARM INSURANCE COMPANY** | * | |
| **Defendant.** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR INSURANCE COVERAGE, BAD FAITH PENALTIES, ATTORNEYS FEES AND COSTS, AND BAD FAITH BREACH OF INSURANCE CONTRACTS

**NOW COMES,** Plaintiff Fagey Lupin Fischman ("Mrs. Fischman") to submit, through undersigned counsel, her Complaint for Insurance Coverage, Bad Faith Penalties, Attorneys Fees and Costs, and Bad Faith Breach of Insurance Contract against Defendant State Farm Insurance Company ("State Farm").

### PARTIES

1.

Plaintiff, Fagey Lupin Fischman ("Mrs. Fischman") is a citizen of the State of Louisiana and domiciled in the State of Louisiana.

2.

Defendant, State Farm Insurance Company ("State Farm"), is a foreign insurance company with its principal place of business in a state other than Louisiana.

-1-



EXHIBIT
A

## JURISDICTION AND VENUE

### 3.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

### 4.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events or omissions giving rise to Mrs. Fischman's claim occurred in this judicial district and the property that is the subject of this action is situated in this judicial district.

## THE STATE FARM POLICY

### 5.

Defendant State Farm issued Mrs. Fischman Homeowners Insurance Policy Number 18-47-3615-7 for the policy period March10, 2005, to March 10, 2006 (the "State Farm Policy").

### 6.

The State Farm Policy insures the residence located at 5401 Bellaire Drive, New Orleans, Louisiana 70124.

### 7.

The State Farm Policy provides Home and Contents coverage with the following limits of liability:

| | |
|---|---|
| Home: | $359,300.00 |
| Contents: | $269,475.00 |

8.

The State Farm Policy specifically provides coverage for the Dwelling, which includes Residence Premises, including any Dwelling Extension and other permanent structures, grounds, Personal Property, Additional Living Expenses, Prohibited Use, Temporary Repairs, Trees, Shrubs and Other Plants, Debris Removal, Power Interruption, Refrigerated Products, Property Removal, and Locks.

## STATE FARM'S BAD FAITH ADJUSTMENT AND BREACH OF THE INSURANCE POLICY

9.

On August 29, 2005, Hurricane Katrina struck southeastern Louisiana, causing substantial property damage to Mrs. Fischman's insured property rendering it uninhabitable.

10.

During the first week in September, 2005, Mrs. Fischman provided State Farm with notice of the loss at the insured property as a result of Hurricane Katrina.

11.

After the lapse of at least a few weeks, an adjustor for State Farm contacted Mrs. Fischman regarding her Homeowner's claim.

12.

After even more weeks, an adjustor was finally assigned to adjust Mrs. Fischman's dwelling (Coverage A), contents (Coverage B), and Loss of Use-Additional Living Expenses (Coverage C) claims under her State Farm policy. Eventually, the insured property was inspected.

13.

Not having received any payments whatsoever, three weeks shy of the one year anniversary of Hurricane Katrina, on August 8, 2006, a mediation was held pursuant to the Louisiana Department of Insurance Mediation Program for Residential Insurance Claims resulting from Hurricanes Katrina and Rita. Present were Mrs. Fischman, undersigned counsel, Carol Carpenter (State Farm adjustor), Mr. Calhoun (State Farm supervisor), and the mediator. At the mediation, the *only* claim mediated was that under Coverage C-Loss of Use-Additional Living Expenses. At the conclusion of the mediation, $6,216.17 was paid to Mrs. Fischman under Coverage C-Loss of Use-Additional Living Expenses. This payment is the *only* payment received by Mrs. Fischman pursuant to the State Farm Homeowner's Policy.

14.

Mrs. Fischman's insured property, including structure and contents received extensive damage due to the breach of the 17th Street Canal and/or London Avenue Canal. The damage to the dwelling and damaged and lost contents exceeds the State Farm policy limits. The State Farm Policy with respect to the Dwelling provides:

> We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

State Farm Policy at Section I, Losses Insured, page 7. (*See* Exhibit A, standard State Farm Policy.)

15.

The State Farm Policy's "water damage" exclusion provides:

> **Water Damage**, meaning:

-4-

(1)     flood, surface water, waves, tidal water, tsunami, seiche,
overflow of a body of water, or spray from any of these, all
whether driven by wind or not.

(*See* Ex. "A", State Farm Policy at Section I, Losses Not Insured, page 10.)

16.

Mrs. Fischman's damages did not result, however, from flood, surface water, waves, tidal

water, tsunami, seiche, overflow of a body of water, or spray from any of these, or any other cause

listed in the water damage exclusion of the State Farm Policy. Rather, Mrs. Fischman's water

damage resulted solely from the breach of the levees and floodwalls along the 17th Street Canal

and/or the London Avenue Canal, which was caused by the actions a third party, the United States

Army Corps of Engineers (the "Corps").

17.

The Corps has recently conceded that the failure of the levee protection systems was caused

by problems within its control. Following Hurricane Katrina, the Corps undertook a massive

investigation of the reason for the levee failures. The investigation was coordinated by the

Interagency Performance Evaluation Taskforce ("IPET").

18.

On June 1, 2006, IPET issued its Draft Final Report concerning the Performance Evaluation

of the New Orleans and Southeast Louisiana Hurricane Protection System ("IPET Draft Final

Report"). *See* Exhibit "B," Volume 1, IPET Draft Final Report. The IPET Draft Final Report

concluded that the levee breaches resulted from foundation failures that the Corps failed to consider

in the original design of the structures. Most importantly, the levee breaches occurred before water

levels reached the top of the floodwalls. *Id.* at I-3, I-7. Overall, IPET summarized its analysis of the

09/07/2006 09:14 FAX 309 766 8202    CORP LAW EC                        Ø010
Case 2:05-cv-04182-SRD-JCW   Document 3272-2   Filed 02/27/07   Page 6 of 24

09/04/2006 20:49 FAX   5048838812        SF RIVERSIDE SHU        → CIOS              Ø008/028

hurricane protection system with the concession that the performance of the levee system was compromised by the "presence of incomplete protection, lower than authorized structures, and levee sections with erodible materials." *Id.* at I-3.

19.

Therefore, any water damage sustained by Mrs. Fischman's insured property did not result from a natural flood as contemplated by any exclusion under the State Farm Policy. Rather, any water damage sustained by the insured property was caused by Hurricane Katrina and the actions of the Corps - both of which are covered perils under the State Farm Policy, and which are not expressly excluded.

20.

Mrs. Fischman has already sustained damages in excess of her policy limits as a result of Hurricane Katrina, and this figure may increase over time. State Farm is liable for Mrs. Fischman's damages in full, up to the limits of liability under the State Farm Policy.

21.

It has been nearly one year since Hurricane Katrina damaged the insured residence, and State Farm has not rendered payment for any of Mrs. Fischman's covered damages, except for those pursuant to Coverage C of her State Farm Policy, despite having received timely notice of loss and supporting documents from Mrs. Fischman. Thus, State Farm has, in bad faith, failed to timely adjust Mrs. Fischman's losses in violation of Louisiana law and in breach of the State Farm Policy.

## COUNT I

## DECLARATORY JUDGMENT

### 22.

Mrs. Fischman repeats and alleges the allegations in paragraphs 1-21 above as though fully set forth herein.

### 23.

An actual controversy has arisen and now exists between Mrs. Fischman and State Farm regarding whether the damages to the insured property caused by Hurricane Katrina are excluded under the State Farm Policy.

### 24.

A declaratory judgment is necessary to show that any water damage sustained by Mrs. Fischman's insured property did not result from a natural flood as contemplated by the any exclusion under the State Farm Policy. Rather, any water damage sustained by the insured property was caused by Hurricane Katrina and the actions of the Corps - both of which are covered perils under the State Farm Policy, and which are not expressly excluded.

### 25.

As Mrs. Fischman's damages are covered by the State Farm Policy, State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of liability under the State Farm Policy.

### 26.

Mrs. Fischman requests that this Court issue a declaratory judgment against State Farm stating the following:

-7-

(1)     The damage to the insured property was not caused by flooding as defined in the
State Farm Policy;

(2)     The damage to the insured property was caused by Hurricane Katrina and/or the
actions of the Corps of Engineers such that all damages to the insured property are
covered under the State Farm Policy; and

(3)     State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of
liability under the State Farm Policy, as well as all damages due to its bad faith
conduct. *See* La. Rev .Stat. 22:1220; La. Rev. Stat. 22:658; La. Civ. Code art. 1997.

## COUNT II

## PAYMENT OF INSURANCE PROCEEDS, ATTORNEYS' FEES, AND PENALTIES

### 27.

Mrs. Fischman repeats and alleges the allegations in paragraphs 1-26 above as though fully
set forth herein.

### 28.

State Farm has failed to comply with its obligations under the State Farm Policy, and as such,
is in breach of its contract of insurance, and liable for all amounts owed under the policy, including
all resulting damages.

### 29.

State Farm's breach of its policy of insurance is in bad faith pursuant to Louisiana Civil Code
article 1997. As State Farm is an obligor in bad faith, Mrs. Fischman is entitled to all damages,
whether foreseeable or not, that are a direct result of State Farm's failure to perform, including
attorneys' fees.

-8-

30.

Pursuant to Louisiana Revised Statute 22:658, Defendant was obligated to pay Plaintiff any

amounts owed within 30 days of receipt of proof of loss. Defendant failed to do so. As a result of

this failure, which was arbitrary, capricious, and without probable cause, Defendant is liable for all

amounts due under the State Farm Policy, as well as for attorneys' fees and costs, and an appropriate

percentage of the amount found to be owed as a statutory penalty pursuant to Louisiana Revised

Statute 22:658 (in effect since the time of the storm and as amended by Act No. 813 of the Louisiana

Regular Session 2006).

31.

Pursuant to Louisiana Revised Statute 22:658, Defendant was obligated to initiate adjustment

of Plaintiff's loss within 30 days of notice of loss. Defendant failed to initiate adjustment of the loss

within 30 days of notice of loss. Accordingly, pursuant to Louisiana Revised Statute 22:658, State

Farm is liable for the statutory penalty of two times Plaintiff's damages, as provided by Louisiana

Revised Statutes 22:1220.

32.

Pursuant to Louisiana Revised Statute 22:1220, Defendant owed Plaintiff a duty of good faith

and fair dealing and had an affirmative duty to adjust Plaintiff's claims fairly and promptly. Because

Defendant breached its duty, Defendant is liable to Plaintiff for all damages as a result of its breach.

33.

Pursuant to Louisiana Revised Statute 22:1220, Defendant breached its duty of good faith

and fair dealing and its affirmative duty to adjust the claims fairly and promptly when it failed to pay

Plaintiff within 60 days of receipt of satisfactory proof of loss. Such failure was arbitrary, capricious,

-9-

09/07/2006 09:15 FAX 309 766 8202    CORP LAW EC                                              ☑014
Case 2:05-cv-04182-SRD-JCW    Document 3272-2    Filed 02/27/07    Page 10 of 24

09/04/2006 20:50 FAX  5048838812          SF RIVERSIDE SHU          → CIOS          ☑012/026

and without probable cause. As a result and pursuant to Louisiana Revised Statutes 22:1220, Defendant is liable for penalties in the amount of two times the damages sustained by Plaintiff.

34.

As a result of the actions of State Farm as set forth above, Mrs. Fischman has sustained substantial damages, including delay of repairs to the insured property, loss of use of funds expended to repair damages covered by the State Farm Policy, financial damage, attorneys' fees, and other damages to be proven at trial.

**WHEREFORE,** Mrs. Fischman respectfully prays that:

(1)    A declaratory judgment issue stating that the "water damage" exclusions do not apply to the damage to the insured property or Mrs. Fischman's Hurricane Katrina claim under the State Farm Policy;

(2)    A declaratory judgment issue stating that the damage to the insured property was caused by Hurricane Katrina and/or the actions of the Corps of Engineers such that all damages to the insured property are covered under the State Farm Policy;

(3)    A declaratory judgment issue stating that State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of liability under the State Farm Policy ;

(4)    State Farm be held liable for all amounts due under Policy No. 18-47-3615-7, including but not limited to, the cost to repair and/or replace all damaged property, together with all damages as a result of State Farm's breach, including attorneys' fees, and all statutory penalties, including any and all applicable multipliers, together with pre-judgment interest, and post-judgment interest; and

09/07/2006 09:15 FAX 309 766 8202    CORP LAW EC                               ☒015
Case 2:05-cv-04182-SRD-JCW    Document 3272-2    Filed 02/27/07    Page 11 of 24

09/04/2006 20:50 FAX  5046838812         SF RIVERSIDE SHU        → CIOS          ☒013/028

(5)    Any other equitable and  general relief the nature of this case will allow.

Respectfully submitted,

JAMES M. GARNER , #19589, T.A.
DEBRA J. FISCHMAN #5578
**SHER GARNER CAHILL RICHTER**
    **KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300
jgarner@shergarner.com
dfischman@shergarner.com

**ATTORNEYS FOR PLAINTIFF,**
**FAGEY LUPIN FISCHMAN**

-11-

# LOUISIANA HURRICANE MEDIATION PROGRAM
## *SETTLEMENT AGREEMENT*

Claim Number _18R 241-116_
AAA Case Number _69 46708797 06_

It is hereby agreed by and between _Fageq Fischman_, the homeowner presenting this claim and _State Farm_, the homeowner's insurance company as follows:

1. _State Farm_, insurance company, shall pay to _Fageq Fischman_, the homeowner, the sum of ~~$~~ _6216.12 DRMW_ dollars within _30_ days.

2.    This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

3.    This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this _8th_ day of _August_, 2006.

_Fagey L. Fischman_
Homeowner

_[signature]_
Insurance Company

EXHIBIT
B
192

69  407  8797  *06 7/20*

## PQO

### American Arbitration Association
### Hurricane Katrina/Rita Damage Claim Mediation Request

**Your Name (Homeowner): Please Print**

| FISCHMAN | FAGEY | L |
|---|---|---|
| Last  *Fischman* | First | Middle Initial |

**2.  In which Parish did the damage claim occur?**

- ☐ Jefferson    ☐ St. Tammany    ☐ Plaquemines
- ☐ Tangipahoa  ☐ Vermillion      ☐ Washington     ☐ Calcasieu
- ☒ Orleans      ☐ St. Bernard     ☐ Cameron         ☐ Other _____

**Current Address (where you can be reached or receive mail):**

3116 McClendon Court
Baton Rouge, LA    70810

Phone: (225) 246-8659            Email: fata24ewre.aol.com

**3.  Name of your Insurance Company:**

State Farm

Address:   PO Box 1542
Boutte, LA    70039

Phone: (800) 732 5246            Email:
Fax:                                           Contact Person:

**4.  Claim Number:**  18 - R241 - 116     **Policy Number:**  18 - 47 - 3615 - 7

**5.  Date of notice of right to mediate:**  5/31/06

**6.  BRIEF DESCRIPTION OF THE DISPUTE, including amount(s) disputed (Attach additional sheet if necessary):**
Please Note: To speed up the process, please complete and return this form ONLY. Please bring any additional paperwork to the mediation conference.

Additional ALE owed; State Farm has not properly adjusted Coverages A, B & C under homeowner's policy

**SIGNATURE:**  Fagey L. Fischman            **DATE:**  5/31/06

**IMPORTANT NOTICE**

You are entitled to mediation pursuant to TITLE 37, INSURANCE, LAC 37: PART XI, CHAPTER 41: EMERGENCY RULE 22, which sets forth a mediation procedure for a facilitated claims resolution conference prompted by the critical need for effective, fair, and timely handling of personal lines insurance claims arising out of damages to property caused by hurricanes Katrina and Rita during the 2005 hurricane season. The procedure does not apply to commercial insurance, private passenger motor vehicle insurance or National Flood Insurance Program flood policies. This procedure applies to claims where the amount of the claim is $500 or more, or the difference between the disputed amount of the claim is $500 or more. All costs are paid by the insurer.

Complete this form and return it to:
American Arbitration Association
Center for Mediation
1100 Poydras Street, Suite 2725
New Orleans, LA 70163
or
Fax to: 504-561-8041
If you have questions about your policy please contact your insurer. For more information visit www.adr.org or www.ldi.state.la.us.

State Farm
Insurance Companies

**JUN 1 9 2006**



18-R241-116  LT

**EXHIBIT**

**C**

0216

Claimant is represented by counsel: Debra J. Fischman
tele: 504-299-2109
504-

| CO/LINE | AMOUNT | TRANS | CODE | REPORTING PARTY | | RSN CODE | PAID (WC ONLY) | EXP. (FLOOD ONLY) |
|---|---|---|---|---|---|---|---|---|
| 44 001 | 1550.00 | D | 1 | | | | | |
| 36 001 | 4666.17 | D | 1 | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

REMARKS: Mediation Settlement

| CAT CODE | STATE | T.I.N. |
|---|---|---|
| PL | CA | |

# 5 22  667 418 **Q**

MID SOUTH OFFICE
MONROE, LOUISIANA

CLAIM FILE COPY
COPY - NOT NEGOTIABLE

56-1544/441

5 22  667 418 **Q**

CLAIM NUMBER 18-R241-116   DATE OF LOSS 8-29-05   NAME OF INSURED FISCHMAN   ISSUED DATE 8-3-06

PAY TO THE ORDER OF   FAGEY FISCHMAN

Six Thousand two hundred sixteen 17/xx   DOLLARS **$ 6,216.17**

☐ STATE FARM GENERAL INSURANCE COMPANY
☐ STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS
☑ STATE FARM FIRE AND CASUALTY COMPANY
☐ STATE FARM LLOYDS
☐ STATE FARM FLORIDA INSURANCE COMPANY

AUTHORIZED SIGNATURE

AUTH. ID

0183



EXHIBIT
D

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAGEY LUPIN FISCHMAN | * | DOCKET NO.: 06-4952 |
| | * | |
| VERSUS | * | JUDGE:  AFRICK |
| | * | |
| STATE FARM INSURANCE | * | SECTION:    I |
| COMPANY | * | |
| | * | MAGISTRATE:  SHUSHAN |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

DAVID ANDRAS

who, after being duly sworn, did depose and state, based upon his own personal

knowledge, that:

1. He is a claims representative for State Farm Fire and Casualty Company and has been employed in that position for fifteen (15) years;

2. That he is the State Farm representative assigned to handle the claim of Fagey Lupin Fischman.

3. That he took part in the mediation of Fagey Lupin Fischman's claim against State Farm on August 8, 2006;

4. That he witnessed Fagey Lupin Fischman sign the Louisiana Hurricane Mediation Program Settlement Agreement (attached as Exhibit A) while her attorney was present;

5. That the Settlement Agreement was a full release of any and all claims against either party (other than the allowance in the Agreement for future, separate claims) (attached as Exhibit A).

6. That Fagey Lupin Fischman and her attorney were made aware that signing the Settlement Agreement signified a release of any and all claims (other than the allowance in the Agreement for future, separate claims) (attached as Exhibit A).

7. That no reservation of claims was discussed with Fagey Fischman or her attorney;

2

8. That Fagey Lupin Fischman reserved no claims in writing as part of the Settlement Agreement.

_____
DAVID ANDRAS

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _20th_ DAY

OF _November_, 2006.

_____
NOTARY PUBLIC   *Charles R. Rumbly*

*Bar # 29666*

3

# LOUISIANA HURRICANE MEDIATION PROGRAM
## *SETTLEMENT AGREEMENT*

Claim Number _18R 241-116_

AAA Case Number _69 467 08797 06_

It is hereby agreed by and between _Fagey Fischman_, the homeowner presenting this claim and _State Farm_, the homeowner's insurance company as follows:

1. _State Farm_, insurance company, shall pay to _Fagey Fischman_, the homeowner, the sum of _6216.32 DRmw_ dollars within _30_ days.

2.    This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

3.    This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this _8th_ day of _August_, 2006.


_Fagey L. Fischman_
Homeowner

_____
Insurance Company

**EXHIBIT**
**A**

0192

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA JEAN FISCHMAN | * | DOCKET NO.: 06-4954 |
| | * | |
| VERSUS | * | JUDGE:     FELDMAN |
| | * | |
| STATE FARM INSURANCE | * | SECTION:   F |
| COMPANY | * | |
| | * | MAGISTRATE:   WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>AFFIDAVIT</u>**

STATE OF LOUISIANA
PARISH OF _Jefferson_

BEFORE ME, the undersigned authority, personally came and appeared:


LORRIE MOORE


who, after being duly sworn, did depose and state, based upon her own personal

knowledge, that:

1. Sh e is a claims representative for State Farm Fire and Casualty

   Company and has been employed in that position for fifteen (15) years;

2. That  she took part in the mediation of Debra Jean Fischman's claim

   against State Farm on June 6, 2006;

3. That she witnessed Debra Jean Fischman, who she knows to be an attorney, sign the Louisiana Hurricane Mediation Program Settlement Agreement (attached as Exhibit A) while her attorney was present;

4. That the Settlement Agreement was originally printed as a full release of any and all claims against either party (other than the allowance in the Agreement for future, separate claims) (attached as Exhibit A).;

5. That Debra Jean Fischman discussed specifically reserving certain claims that were not settled during mediation;

6. That Debra Jean Fischman, in writing, noted that the Settlement Agreement was 'Partial' and that certain claims were specifically reserved.

7. That Debra Jean Fischman and her attorney signed the Settlement Agreement with the specific reservations noted.


_____
LORRIE MOORE


SWORN TO AND SUBSCRIBED

BEFORE ME THIS _20_ DAY

OF _November_, 2006.

_____
NOTARY PUBLIC #54776
My commission expires
at my death.


2

## LOUISIANA HURRICANE MEDIATION PROGRAM
### PARTIAL *SETTLEMENT AGREEMENT*

Claim Number 18-R239-774
AAA Case Number 69-407-6761-06

It is hereby agreed by and between Debra Fischman, the homeowner presenting this claim and State Farm, the homeowner's insurance company as follows:

1. State Farm, insurance company, shall pay to Debra Fischman, the homeowner, the sum of ~~$~~ A dollars within _30_ days. | $2108.38 |

Loss of Use - Coverage C

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that (1) the if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. State Farm shall re-inspect the property as to the structure and contents claims within 30 days of June 2006. Structure and contents claims are specifically reserved and

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

as to the Loss of Use Coverage C claim

Dated this _6th_ day of _June_, 2006.


_Debra Fischman_
Homeowner

_Lonnie Moore_
Insurance Company

_Francko Z. Cortez_
Attorney

0452

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHY ROSE FISCHMAN | * | DOCKET NO.: 06-4949 |
| | * | |
| VERSUS | * | JUDGE: FELDMAN |
| | * | |
| STATE FARM INSURANCE | * | SECTION: F |
| COMPANY | * | |
| | * | MAGISTRATE: SHUSHAN |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, personally came and appeared:

ALANA GRIFFIN

who, after being duly sworn, did depose and state, based upon her own personal knowledge, that:

1. She is a claims representative for State Farm Fire and Casualty Company and has been employed in that position for three (3) years;

2. That she took part in the mediation of Kathy Rose Fischman's claim against State Farm on July 25, 2006;

3. That she witnessed Kathy Rose Fischman sign the Louisiana Hurricane Mediation Program Settlement Agreement (attached as Exhibit A) while her attorney was present;

4. That the Settlement Agreement was originally printed as a full release of any and all claims against either party (other than the allowance in the Agreement for future, separate claims) (attached as Exhibit A);

5. That Kathy Rose Fischman and her attorney discussed specifically reserving certain specified claims that were not settled during mediation;

6. That Kathy Rose Fischman, in writing, noted on the Settlement Agreement that there was a full reservation of certain coverages;

7. That Kathy Rose Fischman signed the Settlement Agreement in the presence of her attorney with the specific reservations noted.

ALANA GRIFFIN

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _21_ DAY

OF _November_, 2006.

NOTARY PUBLIC #54116 my commission expires at my death.

2

# LOUISIANA HURRICANE MEDIATION PROGRAM
## SETTLEMENT AGREEMENT

Claim Number 18 R 241 30 1
AAA Case Number 69 407 8926 06

It is hereby agreed by and between Kathy Fischman , the homeowner presenting this claim and State Farm , the homeowner's insurance company as follows:

1.      State Farm , insurance company, shall pay to Kathy Fischman , the homeowner, the sum of $25,500.50 dollars within Ø days.

2.      This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. → under coverages A + C, with a full reservation of all claims under coverage B C context PKG~

3.      This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this 25th day of July , 2006.

Kathy B Fischman                    Alla K Gip
Homeowner                          Insurance Company

0090