UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO: | * * | JUDGE DUVAL |
| INSURANCE: *MAYNARD*, CASE NO. 06-11385 | * * | MAG. WILKINSON |

**OPPOSITION TO TRAVELERS' 12(b)(6) MOTION**

MAY IT PLEASE THE COURT:

Plaintiff, Eva Maynard, on behalf of herself and those similarly situated, opposes Travelers' Motion to Dismiss her Petition pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff has now amended her Petition[1] and the issues, upon which Travelers' motion is based, have now been resolved. Thus, Travelers' Motion under Rule 12(b)(6) should be denied.

---

[1] Plaintiff originally filed her Petition in the 34th Judicial District Court, Parish of St. Bernard. Defendant removed the action on December 28, 2006. No answer has yet been filed. A copy of the Plaintiff's First Supplemental and Amending Complaint is attached as Exhibit "A".

## INTRODUCTORY FACTS AND PROCEDURE

Plaintiff lost all her possessions on August 29, 2005 when Hurricane Katrina burst the inadequately constructed and maintained levees surrounding St. Bernard Parish, and the resulting deluge enveloped her rented house.  After seeking recovery under her policy, Travelers, her insurer, denied coverage, relying on the "Water Damage" exclusion.

Plaintiff is situated in a similar position to numerous other persons, both homeowners and renters, who have had coverage denied under their Travelers' policies - in the case of renters, the HO-4 policy; in the case of homeowners, the HO-3 policy - under the "Water Damage" exclusion.  This exclusion is worded identically in both policies.  In fact, Travelers issued <u>uniform</u> denials of coverage, worded in materially identical fashion, regardless of whether the policy was one for homeowners or one for renters.

Plaintiff filed suit in state court on behalf of herself and of others similarly situated, both homeowners and renters, seeking coverage under the policies, together with penalties and attorney's fees, challenging Travelers' uniform denial pursuant to the Water Damage exclusion.

Travelers removed the case and then filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6).  In its motion, Travelers claimed, in essence, that because the plaintiff was a renter, and thus insured under a "named perils" policy, (for which she had not named a specific peril) she had no coverage and, therefore, no cause of action on the basis of this Honorable Court's decision in *In Re: Katrina Canal Breaches Consolidated Litigation*, ____ F.Supp.2d ____, 2006 W.L. 3421012 (E.D. La. 2006) ("the *Katrina Breaches Litigation*").

Plaintiff moved to transfer the case to this Division, which motion was granted on February 16, 2007.  On February 21, 2007, plaintiff filed a Supplemental and Amending Complaint,

supplementing and amending her Class Action State Court Petition, specifically to address Travelers' motion, *i.e.*, to demonstrate that the Complaint discloses coverage under the "Windstorm or hail" peril, that it concerns homeowners as well as renters, and that this Honorable Court's ruling in the *Katrina Breaches Litigation, supra.*, applies to plaintiff's case.

## LAW AND ARGUMENT

**1.     Motions to Dismiss are disfavored and the Plaintiff has the right to amend.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Given this simplified notice pleading standard, Rule 12(b)(6) motions to dismiss are "viewed with disfavor and [are] rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (internal citations omitted). In considering these motions, courts must liberally construe the complaint in favor of the plaintiff, and take all well-pleaded facts in the complaint as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir.2001).

A Rule 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the

complaint.  *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. at 998 (internal citations omitted); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir.1999) ("dismissal will not be affirmed if the allegations support relief on any possible theory") (internal citations omitted). " 'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.' " *Lowrey v. Texas A & M Univ. Sys.* 117 F.3d 242, 246-47 (5th Cir.1997) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1357, at 601 (1969)).

In an effort to avoid dismissal under FRCP 12(b)(6), a plaintiff may amend her Complaint. FRCP 15(d); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986); *Kyger v. Lowes Home Centers, Inc.*, 2005 WL 78944 *4 (E.D. La. 2005).  Thus, Travelers' motion should be considered in the light of the plaintiff's Supplemental and Amended Complaint. Moreover, even if the motion to dismiss is granted, the Court may also grant leave to the plaintiff to amend if the deficiencies in the Complaint may be cured in good faith.  *Kyger*, *supra*.

**2.      Coverage is alleged under the "Named Perils" section of the Travelers rental policies and also on behalf of both renters and homeowners.**

The Plaintiff's First Supplemental and Amending Complaint contains provisions alleging coverage for both herself as a renter, and for others as homeowners:

"V(a).

Plaintiff and class members assert coverage under the policies, either by virtue of all risks coverage in the case of the HO-3 policy for homeowners, or by virtue of the "Windstorm or hail" coverage in the HO-4 policy for renters, in combination with the non-excluded event, namely the negligent acts of third parties ...

\*\*\*

IV.

... The class members are insured under the HO-4 policy and also the Travelers homeowner's policy HO-3, whose language relating to exclusions is materially identical.

\*\*\*

VII(a).

The Water Damage Exclusion ("Water Damage Exclusion") ... is identical in both the HO-3 Policy (Home Owners - Home and Contents) and HO-4 (Renters - Contents Only)."

Thus, on this basis alone, Travelers' motion should be dismissed, because the *Katrina Breaches Litigation* now unequivocally applies. And having alleged specific policy coverage, penalties and attorney's fees under La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220 may now apply. *Philips v. Patterson Ins. Co.*, 2001-1545 (La.App. 3rd Cir. 4/3/02) 813 So.2d 1191, 1195.

**3.    Concurrent causes *not excluded* do not prevent coverage**

There are further reasons not to grant Travelers' motion. The renter's HO-4 policy insures the renter's personal property against named perils. Section I of the HO-4 policy sets out those named perils. The second of them is simply stated: "Windstorm or hail."[2] Often, more than one peril is the cause of the damage. If a named peril causes damage - (*i.e.* Windstorm) - in combination with a peril not named (but not excluded) - (*i.e.* third party negligence or erosion) - there may still be coverage, depending on a resolution of the ultimate facts.

For example, in the case of *Roach-Strayhan-Holland Post No. 20 Am. Legion Club, Inc. v. Continental Insurance Company of New York*, 112 So.2d 680 (La. 1959), the Louisiana Supreme

---

[2] This peril does not include certain elements which are irrelevant for the purposes of the plaintiff's claim.

Court held that there is coverage where the damage is caused by a named peril concurrently with a non-covered (but not excluded) cause. *Id.*,112 So.2d at 682-83. In *Roach-Strayhan-Holland*, the court endorsed an earlier decision, *Bogalusa Gin & Warehouse, Inc. v. Western Assur. Co.*, 199 La. 715, 6 So.2d 740, 741, (La.1942) in which it upheld coverage where damage was caused in part by windstorm (a covered peril), and in part by decay over the life of the building (not covered).

The *Roach-Strayhan-Holland* court stated: "...since in a great number of factual situations it has been shown that wind is often not the sole contributing cause of the loss or damage, acceptance has been accorded the view that it is sufficient, in order to recover upon a windstorm insurance policy not otherwise limited or defined, that the wind was the proximate or efficient cause of the loss or damage, notwithstanding other factors contributing thereto." 112 So.2d at 682-83.

Language that would serve to exclude concurrent causes from leading to coverage is referred to as "anti-concurrent cause" language. Both the HO-3 and HO-4 policies do contain anti-concurrent cause language, but **only in respect of policy exclusions**:

> I. - **Exclusions**
>
> We do not insure for loss caused directly or indirectly by any of the following. Such losses excluded **regardless of any other cause or event contributing concurrently or in any sequence to the loss**. (Emphasis added).

Thus, this anti-concurrent language qualifies the **exclusions, not the named perils**. There is no similar language accompanying the "named perils". Neither the named perils clause in the renter's policy, nor the "all risks" language of the homeowner's policy contains anti-concurrent cause language.

6

In this case, the effect of the windstorm in combination with third-party negligence or erosion on the levee is alleged to have caused, at least in part, the damage to the plaintiff's property.[3] Thus, there is a combination of covered and non-excluded causes for plaintiff's damage. Accordingly, because there is no anti-concurrent cause language accompanying the named perils, there is coverage here. *Roach-Strayhan-Holland*, 112 So.2d at 683.

**4.     The water damage exclusion is ambiguous.**

Having established that the policy offers coverage, Travelers must now show that coverage is excluded. *Katrina Breaches Litigation, supra.*, at *5.

The Water Damage exclusion in both the HO-3 and HO-4 policy reads in pertinent part:

> I. - Exclusions
>
> We do not insure for loss caused directly or indirectly by any of the following....
>
> 3.     **Water Damage** meaning:
>
>        a.     Flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind ...

This means that the exclusion is the same both for a renter under an HO-4 policy and a homeowner under a HO-3 policy.

This exclusion purports to exclude floods, but does not address the issue of whether the flood is man-made, as opposed to natural. In the *Katrina Breaches Litigation* case, *supra.*, this Honorable Court held that the same language in an identically worded Water Damage clause could mean both

---

[3] *See*, Paragraph XI of the Original Petition, attached as Exhibit "B", in combination with the allegation of coverage in Paragraph V(a) in the Amended Complaint.

"natural flood" as opposed to a man-made event, **or** failure of a man-made instrumentation such as a levee (*Id.* at *23-24), as is alleged to have occurred in this case.[4] This is at least a factual question, and thus should not be determined at this stage.

More importantly, this Honorable Court in the *Katrina Breaches Litigation* decided that this water damage exclusion language was ambiguous. *Id.* So it should be strictly construed to effectuate coverage against the insurer and in favor of the insured. *Id.* at *24-25. In fact, plaintiff has evidence that Travelers itself admitted that the clause is ambiguous, and had agreed to redraft the clause to avoid any ambiguity. Plaintiff has specifically alleged this in Paragraph XIII(a) of the Supplemental and Amending Complaint.[5] So this Honorable Court's ruling in the *Katrina Breaches Litigation* supports the plaintiff's position here.

## **CONCLUSION**

For the reasons listed above, this Honorable Court should deny Travelers' motion and allow the claims to go forth.

Respectfully submitted,

/s/ M. H. GERTLER
**M. H. GERTLER, Bar No. 6036**
**LOUIS L. "LEE" PLOTKIN, Bar No. 21821**
**LOUIS L. GERTLER, Bar No. 23091**
**GERTLER, GERTLER, VINCENT & PLOTKIN, LLP**
127-129 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Facsimile: (504) 581-6568
Email: mhgertler@ggvplaw.com

---

[4]   *Id.*

[5]   Attached as Exhibit "A".

        **RUSS M. HERMAN, Bar No. 6819**
        **STEPHEN J. HERMAN, Bar No. 23129**
        **BRIAN D. KATZ, Bar No. 24137**
        **SOREN E. GISLESON, Bar No. 26302**
        **JOSEPH "JED" CAIN, Bar No. 29785**
        **HERMAN HERMAN KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Temporary Address (due to Katrina):
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Fax No. (504) 561-6024
E-Mail: sherman@HHKC.com

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been served upon all counsel of record by either facsimile, hand delivery and/or depositing same in the United States Mail, property addressed and first-class postage prepaid, this 27th day of February, 2007.

        /s/ M. H. GERTLER
        M. H. GERTLER, Bar No. 6036