UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVA MAYNARD | * | CIVIL ACTION 06-11385 |
| | * | |
| VERSUS | * | |
| | * | SECTION: "K" |
| THE ST. PAUL TRAVELERS | * | |
| COMPANIES, INC. | * | |
| | * | MAGISTRATE: 2 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT
### (SUPPLEMENTING AND AMENDING STATE COURT PETITION)

NOW INTO COURT, through undersigned counsel, comes plaintiff, Eva Maynard, individually and on behalf of a class of similarly situated, a person of the full age of majority and a resident of the Parish of St. Bernard, State of Louisiana, who desires to supplement and amend her original Petition, filed in the 34th Judicial District Court for the Parish of St. Bernard, under No. 107654, Division "C", bearing caption *"Eva Maynard v. The St. Paul Travelers Companies, Inc.,"* and removed to this Honorable Court on December 28, 2006, in the following respects:

1.

By amending the Original Petition as follows:

(a) By deleting from Paragraph IV its final period, and adding the following language: "HO-4. The class members are insured under the HO-4 policy and also the Travelers


EXHIBIT A

    homeowner's policy HO-3, whose language relating to exclusions is materially identical."

(b)  By adding to Paragraph X the following language: "*See, In Re Katrina Canal Breaches Consolidated Litigation*, ____ F.Supp.2d _____, 2006 WL 3421012 (E.D. La. 2006)."

(c)  By amending Paragraph XII by inserting the word "deliberate" between the words "aforementioned" and "misleading."

2.

By adding to the Original Petition the following additional paragraphs, to be numbered as indicated:

V(a).

Plaintiff and class members assert coverage under the policies, either by virtue of all risks coverage in the case of the HO-3 policy for homeowners, or by virtue of the "Windstorm or hail" coverage in the HO-4 policy for renters, in combination with the non-excluded event, namely the negligent acts of third parties, as set out in Paragraph IX below.

VII(a).

The Water Damage Exclusion ("Water Damage Exclusion") set out in Paragraph VII above is identical in both the HO-3 Policy (Home Owners - Home and Contents) and HO-4 (Renters - Contents Only).

VII(b).

This Honorable Court, in *In Re Katrina Canal Breaches Consolidated Litigation*, ____ F.Supp.2d _____, 2006 WL 3421012 (E.D. La. 2006), held that the Water Damage Exclusion was

ambiguous and would be considered in favor of the insureds, and that it would not operate to exclude flooding caused by negligently maintained levees.

### VIII(a).

In or around 2004, Travelers internally decided to amend the Water Damage Exclusion in its HO-3 and HO-4 policies to clarify it, in accordance with the language set Paragraph VIII above, because it knew the Water Damage Exclusion to be ambiguous.

### VIII(b).

Travelers scheduled the amendments to the Water Damage Exclusion, among language amending other policy provisions, to be approved on a state-by-state basis beginning in 2004. But it had not yet applied to the State of Louisiana, prior to August 29, 2005, simply because it scheduled other states ahead of the State of Louisiana.

### VIII(c).

In fact, in July 2004 the State of Louisiana had already approved adoption of the ISO language set forth in Paragraph VIII above, that Travelers wished to insert in its policy, in at least one other policy.

### XIII(a).

Travelers uniformly relied on the ambiguous Water Damage Exclusion to support its denial of coverage to HO-3 and HO-4 policy holders across the Greater New Orleans region, whether the policy was an HO-3 policy or a HO-4 policy, without distinction, and without exception, in respect of all policy holders within the class, knowing full well that it had concluded that the language was ambiguous and needed clarification as recommended by ISO in 2000, and approved by Travelers itself in 2004.

XIII(b).

Because Travelers denied coverage to the plaintiff and other class members contrary to its own internal decision to adopt ISO language, and the new Water Damage Exclusion, (which it considered to be clear) it acted in bad faith under La. Rev. Stat. 22:1220, La. Civ. Code Art. 1997, La. Rev. Stat. 22:658 and Louisiana law.

XIII(c).

Travelers' uniform denial of coverage in the wake of its internal decision to the contrary, constitutes bad faith under La. Rev. Stat. 22:1220, La. Civ. Code Art. 1997, La. Rev. Stat. 22:658 and Louisiana law.

XIII(d).

Travelers' uniform labeling of both HO-3 and HO-4 policies as "Homeowners" policies is contrary to La. Rev. Stat. 22:624, as that label fails to specify the scope of coverage offered therein, in that it fails to differentiate between "all risks" homeowners' coverage for HO-3 policies and "named perils" renters' coverage for HO-4 policies.

3.

In all other respects and except insofar as is noted above, plaintiff re-states and re-affirms the allegations in her Original Petition.

WHEREFORE, plaintiff prays that her Original Petition be supplemented and amended, as prayed for herein, and that defendant named herein be duly cited to appear and answer and that after all due proceedings are had, that there be judgment in plaintiff's favor, and against the defendant, as prayed for.

Respectfully submitted,

/s/ M. H. GERTLER
**M. H. GERTLER, Bar No. 6036**
**LOUIS L. "LEE" PLOTKIN, Bar No. 21821**
**LOUIS L. GERTLER, Bar No. 23091**
**GERTLER, GERTLER, VINCENT & PLOTKIN, LLP**
127-129 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Facsimile: (504) 581-6568
Email: mhgertler@ggvplaw.com


**RUSS M. HERMAN, Bar No. 6819**
**STEPHEN J. HERMAN, Bar No. 23129**
**BRIAN D. KATZ, Bar No. 24137**
**SOREN E. GISLESON, Bar No. 26302**
**JOSEPH "JED" CAIN, Bar No. 29785**
**HERMAN HERMAN KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Temporary Address (due to Katrina):
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon all counsel of record by either facsimile, hand delivery and/or depositing same in the United States Mail, property addressed and first-class postage prepaid, this 21st day of February, 2007.

/s/ M. H. GERTLER
M. H. GERTLER, Bar No. 6036