**34ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

**107  654**

NO. _____  DIVISION: _____  C  T NO.

**EVA MAYNARD**
individually and on behalf of a class of similarly-situated

**Versus**

**THE ST. PAUL TRAVELERS COMPANIES, INC.**

AUG 2 9 2006

Filed: _____  _____ R. _____

Deputy Clerk

## PETITION FOR DAMAGES

**[Class Action]**

The Petition of Eva Maynard, a person the full age of majority, domiciled and residing in the Parish of St. Bernard, State of Louisiana, individually and on behalf of a class of others similarly-situated, respectfully represents as follows:

### Introduction

I.

This is a class action brought on behalf of Travelers policyholders who lost personal property during Hurricane Katrina. Like other carriers, the Travelers standard Homeowners (including renters) Policy excludes coverage for damage to Dwellings (Coverage A) and Other Structures (Coverage B) caused by the negligence or fault of third parties. However, unlike other carriers, the standard Travelers Homeowners Policy exclusion relating to third-party fault does not apply to Personal Property (Coverage C) or Loss of Use (Coverage D). At the same time, the Travelers standard Homeowners (including renters) Policy's exclusion relating to flood or water damage is limited to water damage occurring from natural sources, and does *not* extend to flooding or other water damage "caused by or resulting from human forces." Consequently, any and all damage to Personal Property as a result of the fault or negligence of the Corps of Engineers or other third party is covered under the standard Travelers Policy. This class action seeks a declaration: (i) interpreting the standard policy and/or other substantially similar policies as stated, and (ii) regarding the negligence or fault of the Corps of Engineers and/or other third parties associated with the flooding and other water damage following Hurricane Katrina.

EXHIBIT

*B*

## The Parties

### II.

Eva Maynard, a person the full age of majority, domiciled and residing in the Parish of St. Bernard, State of Louisiana, brings this action for declaratory and other associated relief, pursuant to Louisiana Code of Civil Procedure Articles 591, *et seq.*, on behalf of a class of all similarly situated persons, (herein collectively referred to as "Plaintiffs"), initially defined as "All Louisiana residents who were covered for damage or loss to personal property under one or more policies of insurance issued by Travelers (including all parents, sisters, subsidiaries, or affiliated insurance companies) in effect on August 29, 2005":

(A)  The number of these persons is unknown at present but reasonably believed to exceed 500 persons; the joinder of this number of parties as plaintiffs in one proceeding would be impracticable;

(B)  There exist questions of law and fact which are common to all members of the class, including, but not limited to:

1.  Whether Travelers' Homeowners Policies provide coverage for loss or damage to personal property as a result of flooding or other water damage caused by the negligence or fault of third parties; and/or,

2.  Whether the flooding and/or other water damage arising in the wake of Hurricane Katrina was the result of the fault or negligence of the U.S. Army Corps of Engineers and/or other third-parties.

(C)  The claims of Eva Maynard are typical of the claims of the class;

(D)  Eva Maynard will fairly and adequately advance and protect the interests of the class; Eva Maynard is committed to the vigorous prosecution of this action, and has retained competent counsel, who are experienced in complex litigation of this nature;

(E)  The class may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for the purposes of the conclusiveness of any judgment that may be rendered; it is believed and alleged, in fact, that the defendant has, within its possession or control, a list of each and every class member, who can therefore be ascertained by the Court, and notified by first class mail; and,

(F)  The Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### III.

Made Defendant herein is **St. Paul Travelers Companies, Inc.**, (hereinafter "Travelers"), a foreign insurance company, who, directly and/or through one or more subsidiaries, sisters, and/or

other affiliated insurance companies, was, at all pertinent times, licensed to be engaged and actually engaged in the business of insurance within the State of Louisiana.

## Factual Background

### IV.

Plaintiff, at the time of Hurricane Katrina, was covered under a standard Travelers Homeowners Policy.

### V.

The Policy includes coverage (identified as "Coverage C") for Personal Property owned or used by the insured.

### VI.

There is *no* exclusion relating to this coverage for the negligence or fault of third parties.

### VII.

The exclusion relating to Water Damage refers to: "Flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind."

### VIII.

In or around 2000, ISO issued an "HO 2000" Homeowners Form for Louisiana which recommended that the Water Damage Exclusion be expanded to encompass "caused by or resulting from human or animal forces or any act of nature" because the language found in the Travelers Policy had been interpreted to exclude only water damage occurring from natural sources.

### IX.

Travelers, however, made the decision not to expand its Water Damage Exclusion in such way.

## Liability

### X.

To the extent the Travelers Policies and the exclusions contained within are ambiguous, the ambiguities must be construed strictly against Travelers and broadly in favor of coverage to Plaintiffs.

XI.

The massive flooding and other water damage arising in the wake of breaches of the 17th Street Canal Levee, the New London Canal Levee, and the Levees along the Industrial Canal, were not "natural", but were the result of the fault and negligence of the U.S. Army Corps of Engineers and/or other third parties working under the Corps direction and/or supervision, including, but not limited to:

    A.    Negligent planning and design of the MRGO;

    B.    Negligent design of the levees;

    C.    Negligent construction of the levees;

    D.    Negligent inspection, maintenance and repair of the levees.

XII.

Travelers erroneously denied coverage for all class members based upon the aforementioned misreading of the policies.

XIII.

Travelers' denial of coverage was uniform and implemented on a policy-level.

XIV.

Travelers' uniform denial of coverage constitutes bad faith under LA. REV. STAT. § 22:1220, LA. CIV. CODE art. 1997, LA. REV. STAT. § 22:658, and Louisiana law.

## Relief

XV.

Plaintiffs are therefore entitled to a declaration that the Travelers Policies provide coverage to Plaintiffs for Personal Property damaged by man-made flooding and other water damage caused by the negligence or fault of the U.S. Army Corps of Engineers and/or other third parties.

XVI.

Plaintiffs are further entitled to additional associated general and/or equitable relief, penalties, and attorneys' fees.

WHEREFORE Plaintiff respectfully prays that this Petition be deemed good an sufficient, and that, after due proceedings be had, a class be certified in accordance with Louisiana Code of Civil Procedure Article 591, *et seq.*, and that, after further proceedings be had, there be judgment herein, in favor of the plaintiff class, and against Defendant, The St. Paul Travelers Companies, Inc., for a declaration as to coverage under the Travelers policies and for any and all associated appropriate general and/or equitable relief, penalties, and attorneys' fees.

Respectfully submitted,

M.H. "MIKE" GERTLER, Bar No. 6036
LOUIS L. "LEE" PLOTKIN, Bar No. 21821
LOUIS L. GERTLER, Bar No. 23091
GERTLER GERTLER VINCENT & PLOTKIN, LLP
127-129 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-6411
Fax No. (504) 581-6568

RUSS M. HERMAN, Bar No. 6819
STEPHEN J. HERMAN, Bar No. 23129
BRIAN D. KATZ, Bar No. 24137
SOREN E. GISLESON, Bar No. 26302
JOSEPH "JED" CAIN, Bar No. 29785
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
*Temporary Address (due to Katrina):*
201 St. Charles Ave., Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhkc.com

**A TRUE COPY**
**Lena R. Torres**
CLERK OF COURT

AUG 29 2006

By _____
DEPUTY CLERK
PARISH OF ST. BERNARD
STATE OF LOUISIANA

/S/ALICE PERNICIARO

Page 5