UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | |
| _____ | § | JUDGE DUVAL |
| | § | |
| PERTAINS TO: ALL CASES | § | MAG. WILKINSON |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO TOLL
PERIOD FOR FILING MARITIME SUITS**

INTRODUCTION

Plaintiffs have filed a Motion to Toll the Period During Which Maritime Suits May Be Filed. This matter was brought to the Court's attention at a hearing on February 23, 2007, and characterized as an emergency requiring immediate judicial intervention. But as the facts reveal—and as the plaintiffs now admit—their "motion to toll the statute of limitations could be brought at a later time." Plt. Mem. 6. In any event, the essence of the plaintiffs' claim is that the United States effected a change of position that supposedly took place when its counsel sent a letter to plaintiffs' liaison

1

counsel confirming a conversation that took place a week earlier—more than ten days before plaintiffs' liaison counsel requested the emergency hearing.

Plaintiffs' motion should be denied, for two reasons. First, the statute of limitations, which requires that suits in admiralty be brought within two years but not "until there shall have expired a period of six months after the claim has been" administratively presented, 46 U.S.C. § 30101, cannot be enlarged absent extraordinary circumstances, and the circumstances here are not extraordinary. Plaintiffs' counsel knew, or should have known, the legally prescribed period for presenting administrative tort claims sounding in admiralty. The only proffered basis for any other understanding is a stipulation drafted on January 26, 2007—nearly 17 months after the tort claims accrued. There has been no showing, not even a suggestion, of any reason why claimants will be unable to present their tort claims during the prescribed period. Indeed, there is no showing of any reliance on the stipulation nor can any harm be shown, because plaintiffs' counsel has admitted that any confusion concerning the limitations period was eliminated before the period's expiration. Indeed, the record reveals that plaintiffs' counsel did not detrimentally rely on the stipulation, because he understood that it was not intended to enlarge the time for presenting administrative claims. And inasmuch as the stipulation has not been published in any form, there can be no showing that claimants not represented by counsel detrimentally relied on it. The need to file administrative claims promptly has been widely publicized. More than 50,000 claims related to Hurricane Katrina have been received by federal agencies.

Under these circumstances, the statute of limitations for filing maritime suits cannot be tolled.

Second, the actions under the FTCA and the AEA cannot be maintained as class actions. Both statutes require that claimants exhaust their administrative remedies before filing suit. These jurisdictional prerequisites prevent the certification of classes of individuals who have not exhausted their administrative remedies before an action is commenced. The authorities relied on by the plaintiffs, which establish that limitations periods can be tolled pending certification of a class action are simply inapposite; none of them pertain to actions under the FTCA or the AEA or to statutes that require exhaustion of administrative remedies prior to the commencement of the action.

For these reasons, the plaintiffs' motion to toll the limitations period should be denied.

FACTS

In January of this year, Joseph M. Bruno, plaintiffs' liaison counsel, inquired of counsel for the United States whether the SF-95s presented by claimants to federal agencies would suffice as administrative claims under the Admiralty Extension Act as well as the Federal Tort Claims Act. Counsel for the United States informed Mr. Bruno that he thought they would. It was agreed that the parties would stipulate to that, to avoid any confusion. There was no discussion or mention of the applicable statutes of limitations. The entire conversation focused on whether claimants would have to file duplicate claims to comply with both Acts. The sum and substance of the agreement

was that they would not; a single claim would suffice.  Exh. 1 (Decl. of Robin D. Smith) ¶ 1.

On Thursday, January 25, 2007, counsel for the United States received a draft version of a proposed case management order ("CMO") that included the following sentence, which was understood by counsel for the United States to be a statement drafted by Mr. Bruno setting forth the prior agreement that duplicate claims need not be presented: "The Plaintiffs and the United States of America agree that the timely filing of a Form SF-95 will constitute the filing of a claim under the admiralty extension act."  See Exh. A (email from Schmeeckle to Smith et al., 1/25/2007, 8:40 p.m., and attachment).

On the following day, Friday, January 26, the undersigned counsel for the United States sent a revised version of the agreement to the attorneys who were functioning as scribes at a meeting that was being attended by Mr. Bruno and other counsel who were in the process of finalizing the proposed CMO.  The revision was as follows: "The Plaintiffs and the United States of America agree that the timely filing of a Form SF-95 will constitute the filing of a claim under the Admiralty Extension Act, 46 U.S.C. app. § 740."  See Exh. B (email from Smith to Lonian et al., and attachment).

Less than twenty minutes after making that revision, the undersigned sent a further proposed revision by email to the scribes and Mr. Bruno, in order to make it clear that the mere presentation of an SF-95 would not necessarily satisfy the claim presentation requirement set forth in 28 U.S.C. § 2675(a) — and therefore might not constitute the filing of a valid administrative claim under either the FTCA or the AEA.

4

The text of the email explained the reason for the revision and provided the language that was being proposed to memorialize the agreement that claimants need not file duplicate claims to satisfy the administrative presentment requirements of the FTCA and the AEA. The text of the email was as follows:

> Joe: it was pointed out to me that some SF-95s are not fully and adequately completed. Under established caselaw, a valid claim under the FTCA must include at least a sum certain and sufficient information to allow the agency to investigate the claim. Some SF-95s don't have sum certains and some don't have enough information to constitute valid FTCA claims. Accordingly, we are proposing the following language for para. V.B.2:
>
> "The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740."

Exh. C (email from Smith to Bruno, 1/26/2007, 1:48 p.m.). At the time of this revision, counsel for the United States were engaged in a hurried review of substantial revisions and additions by Mr. Bruno, which had been provided to them for the first time that morning, on the very day when the proposed CMO was to be submitted to the Court. See Exh. 1 (Smith Decl.) ¶ 6.

Just over two weeks later, on Tuesday, February 13, 2007, Mr. Bruno approached counsel for the United States in Judge Duval's courtroom, where attorneys had gathered for a status conference. Mr. Bruno asked whether administrative claims under the AEA were subject to the same limitations period as claims under the FTCA. Mr. Bruno informed them that some of his colleagues were telling him that administrative claims had to be filed within 18 months for AEA purposes and asked whether counsel for the

5

United States could confirm that. Counsel informed Mr. Bruno that his information comported with Government counsel's reading of the law and promised to verify it upon return to Washington. Mr. Bruno facetiously responded that he had been hoping that counsel for the United States would agree to enlarge the time for presenting AEA claims and make him and his colleagues "happy." *See* Exh. 1 (Smith Decl.) ¶ 8; Exh. 2 (Shutler Decl.) ¶¶ 2, 3.

A week after that encounter, counsel for the United States sent a letter to Mr. Bruno advising him that it was the position of the Department of Justice that the filing of an administrative claim under the AEA does not toll the applicable two year statute of limitations under the Suits in Admiralty Act. See Exh. 2 (Shutler Decl.) ¶ 5.[1]

## ARGUMENT

I. THE AEA'S STATUTE OF LIMITATIONS CANNOT BE EQUITABLY TOLLED UNDER THE CIRCUMSTANCES OF THIS LITIGATION.

As the Fifth Circuit has recognized, the AEA "mandates that "'no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the federal agency owning or operating the vessel causing the injury of damage." *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th

---

[1] Counsel for the United States did not realize that this letter was anything other than a confirmation of the information exchanged on February 13 and were therefore stunned to receive a telephone call on February 23 from the Court, which momentarily convened a status hearing requested by Mr. Bruno. Counsel for the United States had not been contacted by Mr. Bruno prior to his sending a letter to the Court describing a "problem" that "demand[ed]" immediate attention. Indeed, counsel for the United States were completely unaware that Mr. Bruno had contacted the Court, because his letter was sent by email to only one of the attorneys representing the United States and the email had not been seen prior to the convening of the status conference.

Cir.) (quoting 46 U.S.C. app. § 740), *cert. denied,* 502 U.S. 819 (1991).  Claimants who fail to satisfy this pre-filing requirement cannot invoke the Court's admiralty jurisdiction. *Dept. of Highways, State of Louisiana v. United States,* 204 F. 2d 630 (5th Cir. 1953); *see also Turner Terminals Inc. v. United States,* 177 F.2d 844 (5th Cir. 1949); *Hahn v. United States,* 218 F. Supp. 562 (E.D. Va. 1963).  As the plaintiffs have expressly recognized, "to meet this AEA administrative filing requirement and still be able to meet the two-year statute of limitations imposed by the PVA [Public Vessels Act] and SAA [Suits in Admiralty Act], a claimant *must file his administrative claim* six months *before* the two-year anniversary of the incident that prompted the claim."  Plt. Mem. 3 (emphasis in original).

Purporting to be "surprise[d]" that the prescribed period for filing administrative claims had not been enlarged by a prior agreement with counsel for the United States not to require presentment of duplicate administrative claims for both the FTCA and the AEA, the plaintiffs have now moved the Court to "toll[] the two-year limitation period applicable to the maritime claims . . . of all putative class members at least until six months after the Court decides the class-certification motions" that they intend to file.  Plt. Mem. 6; *accord* Plt. Mo. 1, 2.  Plaintiffs' counsel allegedly relied on the following stipulation as enlarging the time for presenting administrative claims under the AEA:

> The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740.

Wholly without foundation in the record, the plaintiffs argue that tolling is required because the presentment deadline, which is characterized as a "new date," "caught Hurricane Katrina victims . . . by surprise." Plt. Mem. 4. The plaintiffs do not allege that anyone has been prevented from filing a timely administrative claim. They simply argue, without elaboration or substantiation, that "Plaintiffs [sic] would have learned earlier of their need to file administrative claims" in the absence of the stipulation. *Id.* at 7.

"Equitable tolling . . . is appropriate only in 'rare and exceptional circumstances.'" *Flores v. Quarterman,* 467 F.3d 484, 486 (5th Cir. 2006) (quoting *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000) (internal quotation marks and citations omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted); *see also Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). The Fifth Circuit has "'made it clear that a lack of knowledge of the law . . . does not ordinarily justify equitable tolling,'" and that counsel should "err on the side of caution and abide by the earlier of the two possible deadlines" if there is any question about which one applies. *Flores,* 467 F.3d at 486-87 (citations omitted); *cf. Nat'l*

8

*Ass'n of Gov't Employees v. City Public Serv. Bd.,* 40 F.3d 698, 709 (5th Cir. 1994) (though counsel's neglect may be grounds for malpractice action, it does not warrant equitable tolling, which would require "defendant to pay the price of opposing counsel's dereliction"). Guided by precedent, courts "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Flores,* 467 F.3d at 487.

Here it is not even alleged that anyone has been induced or tricked into allowing a deadline to pass. Nor is there any allegation that anyone has been prevented from making a timely claim. Indeed, the deadline for presenting administrative claims has not yet passed. And while it is asserted that "Plaintiffs would have learned earlier of their need to file administrative claims" if counsel for the United States had not stipulated that "the timely filing of a valid claim under the [FTCA] will constitute the filing of a valid claim under the [AEA]," there is no explanation or support for this assertion. Plaintiffs do not even attempt to explain how this can be true, given that this consolidated litigation has been underway for more than a year. If "Katrina victims" were not notified of the impending deadline during the 18 months that followed Hurricane Katrina, that failure cannot be attributed to the inability of Plaintiffs' counsel to accomplish the task "in two days." Plt. Mem. 4. Under the circumstances here, the statute of limitations cannot be equitably tolled.

## II. THE FILING OF THESE CASES AS CLASS ACTIONS DOES NOT WARRANT A TOLLING OF THE STATUTE OF LIMITATIONS.

Relying on cases holding that the filing of a class action suit tolls limitations provisions until the court decides whether to certify the class, *see American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974); *Crown Coat & Seal, Inc. v. Parker*, 462 U.S. 345 (1983), *Plataro Limited, Inc. v. Unidentified Remains of a Vessel*, 614 F.2d 1051 (5th Cir. 1980); *Lanzas v. American Tobacco Company, Inc.*, 46 Fed.Appx. 732 (5th Cir. 2002); *In re Factor VIII or IX Concentrate Blood Products Litigation*, 2000 WL 282787 (E.D. La. 2000); *Barclay v. United States*, 351 F.Supp.2d 1169 (D, Kan. 2004); *Orleans Parish School Bd. v. United States Gypsum Co.*, 892 F.Supp. 794 (E.D. La. 1995), the plaintiffs argue that the AEA limitations period should be tolled because of the pendency of their class action suits.

However, none of the cases on which the plaintiffs rely involved statutes like the AEA, which requires claimants to exhaust their administrative remedies before ever coming into court. *See* 46 U.S.C. App. § 740, *repealed and reenacted into positive law as* 46 U.S.C. § 30101; *Loeber Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991) ("The AEA's requirement that a written claim be presented six months before a suit is filed is jurisdictional.").

Instead, the cases cited by the plaintiffs involved limitations periods prescribing the time within which a suit must be commenced, not the time within which an administrative claim must be presented prior to filing suit. While the pendency of a class action suit may afford a basis for tolling the limitations period governing the

institution of suits by the members of the putative class, it affords no reason to toll the deadline for presenting administrative claims which are a jurisdictional prerequisite to maintaining an action under the AEA. Moreover, for a variety of reasons—including the necessity of pre-filing exhaustion of administrative remedies—neither a suit under the AEA nor one under the FTCA can be maintained as a class action. *See, e.g., In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 194, 198 (2d Cir. 1987); *Lunsford v. United States*, 570 F.2d 221, 224 (8th Cir. 1977); *Caidin v. United States,* 564 F.2d 284, 286-87 (9th Cir. 1977); *Blain v. United States,* 552 F.2d 289, 290 (9th Cir. 1977); *Commonwealth of Pa. v. Nat'l Ass'n of Flood Insurers,* 520 F.2d 11, 24 (3d Cir. 1975); *Gollehon Farming v. United States*, 17 F.Supp.2d 1145, 1160-61 (D. Mont. 1998), *aff'd*, 207 F.3d 1373 (Fed. Cir. 2000); *Hohri v. United States*, 586 F.Supp. 769, 793 (D.D.C. 1984), *aff'd in relevant part and rev'd in other part* 782 F.2d 227 (D.C. Cir. 1986), *vacated on other grounds and remanded*, 482 U.S. 64 (1987), *aff'd in relevant part*, 847 F.2d 779 (Fed. Cir. 1988); *Luria v. Civil Aeronautics Board*, 473 F.Supp. 242, 244-45 (S.D.N.Y. 1979); *Kantor v. Kahn*, 463 F. Supp. 1160, 1162-64 (S.D.N.Y. 1979); *Founding Church of Scientology of Wash., D.C. v. Director, Federal Bureau of Investigation*, 459 F. Supp. 748, 754-55 (D.D.C. 1978). For this reason alone, the cases relied on by the plaintiffs are inapposite.

CONCLUSION

For these reasons, the plaintiffs' motion to toll the period for filing maritime suits should be denied.

Respectfully submitted,

 PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

s/ Robin D. Smith
ROBIN D. SMITH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4289
(202) 616-5200 (fax)
robin.doyle.smith@usdoj.gov
Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I certify that on February 28, 2007, a true copy of Defendant United States' Memorandum of Law in Opposition to the Plaintiffs' Motion to Toll Period for Filing Maritime Suits served on all counsel of record by ECF or first class mail.

                                                 s/ Robin D. Smith
                                                 Robin D. Smith