# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ALL CASES | § | |
| | § | |

## DECLARATION OF ROBIN D. SMITH

I, Robin D. Smith, declare as follows:

1. I am a trial attorney with the U.S. Department of Justice, employed in the Torts Branch and one of the attorneys for the United States in these consolidated actions.

2. In January of this year, Joseph M. Bruno asked me whether the SF-95s presented by claimants would suffice as administrative claims under the Admiralty Extension Act as well as the Federal Tort Claims Act. I told him that they would. He asked me whether I would stipulate to that, and I said that I would. There was no discussion or mention of the applicable statutes of limitations. The entire conversation

1

focused on whether claimants would have to file duplicate claims to comply with both Acts. It was tentatively agreed that duplicate claims would not be required: a single claim would be sufficient. This was the sum and substance of the agreement.

3. On Thursday, January 25, 2007, I received a draft version of a proposed case management order ("CMO") that included the following sentence, which I believe to have been proposed and drafted by Mr. Bruno: "The Plaintiffs and the United States of America agree that the timely filing of a Form SF-95 will constitute the filing of a claim under the admiralty extension act." *See* Exh. A (email from Schmeeckle to Smith et al., 1/25/2007, 8:40 p.m., and attachment).

4. On Friday, January 26, at 1:29 p.m. EST, from my office in Washington, D.C., I sent the following proposed revision of the sentence to the attorneys who were functioning as scribes at a meeting attended by Mr. Bruno and attorneys for some of the defendants in this consolidated litigation, who were attempting to finalize the proposed CMO: "The Plaintiffs and the United States of America agree that the timely filing of a Form SF-95 will constitute the filing of a claim under the Admiralty Extension Act, 46 U.S.C. app. § 740." *See* Exh. B (email from Smith to Lonian et al., and attachment).

5. Less than twenty minutes later, at 1:48 p.m. EST, I sent a further revision to the scribes and Mr. Bruno, because it had been pointed out to me that the mere presentation of an SF-95 would not necessarily satisfy the claim presentation requirement set forth in 28 U.S.C. § 2675(a) — and therefore might not constitute the filing of a *valid* administrative claim under either the FTCA or the AEA. In the text of

2

the email, I explained the reason for the revision and provided the language that I was proposing to memorialize the agreement that claimants need not file duplicate claims to satisfy the administrative presentment requirements of the FTCA and the AEA:

> Joe: it was pointed out to me that some SF-95s are not fully and adequately completed. Under established caselaw, a valid claim under the FTCA must include at least a sum certain and sufficient information to allow the agency to investigate the claim. Some SF-95s don't have sum certains and some don't have enough information to constitute valid FTCA claims. Accordingly, we are proposing the following language for para. V.B.2:
>
> "The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740."

Exh. C (email from Smith to Bruno, 1/26/2007, 1:48 p.m.).

6. At the time of this revision, my colleagues and I were engaged in a hurried review of substantial revisions and additions by Mr. Bruno, which had been provided to me for the first time that morning, on the very day when the proposed CMO was to be finalized and submitted to the Court by the close of business. *See* Exh. D (email from Smith to Bruno, 1/26/2007, 1:06 p.m.) ("strenuously object[ing] to the substantial last-minute changes and additions from the plaintiffs" and "mak[ing] it clear at the outset that we do not consider the time available to be sufficient to perform a thorough review and to make a carefully considered response"). Exh. D (email from Smith to Bruno, 1/26/2007, 1:06 p.m.).

7. The revision proposed by me at 1:48 p.m., on Friday, January 26, was incorporated in the proposed CMO that was submitted to the Court later that day. *See*

3

Exh. E. (proposed CMO that was attached to email from Schmeeckle to Smith et al., 1/26/2007, 5:30 p.m.)

8. On Tuesday, February 13, 2007, Mr. Bruno approached me in Judge Duval's courtroom, where we and other attorneys had gathered for a status conference. He began to ask me whether administrative claims under the AEA were subject to the same limitations period as claims under the FTCA. Realizing that the question involved the AEA, I interrupted Mr. Bruno and introduced my colleague Sharon K. Shutler, who I described as the admiralty lawyer for the United States. Mr. Bruno then informed us that some of his colleagues were telling him that administrative claims had to be filed within 18 months for AEA purposes and asked whether we could confirm that. Ms. Shutler informed Mr. Bruno that she agreed with that reading of the law and promised to verify it upon her return to Washington. Mr. Bruno responded, seemingly in jest, that he had been hoping that we (the Department's lawyers) would agree to enlarge the time for presenting AEA claims and "make us happy," which I understood to be a reference to the plaintiffs' counsel in the consolidated litigation.

9. On Tuesday, February 20, 2007, Ms. Shutler sent a letter to Mr. Bruno advising him that it was the position of the Department of Justice that the filing of an administrative claim under the AEA does not toll the applicable two year statute of limitations under the Suits in Admiralty Act. *See* Exh. F (letter from Shutler to Bruno, dated 2/20/2007).

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2007.

*[signature]*

ROBIN D. SMITH

5