# EXHIBIT E

**Smith, Robin (CIV)**

| | |
|---|---|
| **From:** | Seth Schmeeckle [sschmeeckle@lawla.com] |
| **Sent:** | Friday, January 26, 2007 5:30 PM |
| **To:** | BabinS@ag.state.la.us; glazerp@ag.state.la.us; kellerm@ag.state.la.us; Cari Dawson; Gerald Nielsen; William Gaudet; Anne Keller; Kent Lambert; jbarrasso@barrassousdin.com; srogge@barrassousdin.com; Steven Usdin; dearie@bayoulaw.com; Thomas Gardner; belhiamartin@bellsouth.net; John Waters; Gregory McDonald; Christopher Tankersley; Dennis Phayer; Scott Gaspard; Edward Lilly; Jonathan McCall; Michael Spencer; Brent Talbot; Bradley Luminais; hmvalliant@cityofno.com; jvdirosa@cityofno.com; pmfields@cityofno.com; vlpapai@cityofno.com; Jonathan Sandoz; Jon Van Steenis; Kirk Aurandt; Michael McMahon; J. Kessenich; Charles Seeman; emurov@dkslaw.com; fbarry@dkslaw.com; jwmartinez@dkslaw.com; Kerrie Belsome; kbergeron@dkslaw.com; Robert Kerrigan; tbrennan@dkslaw.com; vstilwell@dkslaw.com; James Cobb; John Emmett; Amanda Clark; Rachelle Dick; Mat Gray; Cynthia Thomas; jmelchiode@gjtbs.com; Kevin Cole; rgoins@goinsaaron.com; waaron@goinsaaron.com; spetersen@grhg.net; tdarling@grhg.net; tgaudry@grhg.net; wlanglois@grhg.net; Galen Brown; Thomas Young; Chris Handman; jamesmullaly1@hotmail.com; Thomas Huval; jmcevoy@jonesday.com; eeagan@joneswalker.com; rtyler@joneswalker.com; ccolvin@kingsmillriess.com; mriess@kingsmillriess.com; Lynn Jackson; Ralph Hubbard; Seth Schmeeckle; George Fagan; P Hammond; bmayeaux@ln-law.com; jpate@ln-law.com; Angie Akers; Chris Pennison; Jay Lonero; alagarde@mcsalaw.com; kpk@mcsalaw.com; meh@mcsalaw.com; tanzelmo@mcsalaw.com; lanae@mdjwlaw.com; martin@mdjwlaw.com; sadler@mdjwlaw.com; Clifton Bingham; William Hudson; Patrick McIntire; Camille Poche; abramson@phelps.com; Brent Barriere; bilbron@phelps.com; Catherine Lasky; Robert Wood; Susie Morgan; Charles Chassaignac; Laurie DeArmond; Pat DeRouen; gvarga@rc.com; sgoldman@rc.com; wackerman@rc.com; John Etter; Roy Rodney; Amy Sabrin; David Leland; Victoria Holstein-Childress; Andrew Sandler; Anne Mitchell; AGreene@Sonnenschein.com; dsimonton@Sonnenschein.com; kevink@Sonnenschein.com; Kendra Hartman; pglad@Sonnenschein.com; Richard Fenton; Betty Mullin; Herman Hoffmann; AFannin@stonepigman.com; J. Courson; hlonian@stonepigman.com; jlandis@stonepigman.com; LHarris@stonepigman.com; mdumestre@stonepigman.com; Michael Walshe; sbarcellona@stonepigman.com; SBullock@stonepigman.com; wlee@stonepigman.com; wtreeby@stonepigman.com; gsimno@swbno.org; gvictor@swbno.org; William Eckert; Smith, Robin (CIV); Finnegan, Tess (CIV); Duane Kelley; Jack Crowe; David Walker; Terrence McRea |
| **Subject:** | Fwd: Revised In Re Katrina CMO |
| **Attachments:** | 1 26 07 CMO Draft doc 420.DOC.DOC; WordPerfect 6.1 |

 

1 26 07 CMO Draft        CMO
doc 420.DOC....   ...estionairre.wpd (31

Corrected version sent to Judge Duval.  See below.

Seth A. Schmeeckle, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Tel:   (504) 568-1990 Ext. 119
Fax:   (504) 310-9195
e-mail: sschmeeckle@lawla.com

This message is intended solely for the use of the Addressee and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please erase all copies of the message and its attachments and notify me immediately.  Thank you.

>>> Ralph Hubbard 1/26/2007 4:28 PM >>>

Judge Duval:

It came to our attention that we prematurely sent you our CMO.  The
attached version  eliminated the concept of "file and serve" obligation
throughout the earlier document in light of the Court's electronic
filing system which addresses service.  No substantive changes were
made.  We apologize for the inconvenience.

Sincerely,
Ralph S. Hubbard III and Joseph M. Bruno

DRAFT 1/26/07 4:20 P.M.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| | *   CIVIL ACTION |
| IN RE:  KATRINA CANAL BREACHES | * |
| CONSOLIDATED LITIGATION | *   NO. 05-4182 |
| | * |
| | *   SECTION "K" (2) |
| | * |
| | * |
| | *   JUDGE DUVAL |
| PERTAINS TO: | * |
| | * |
| ALL CASES (EXCEPT DREDGING CASES) | *   MAGISTRATE WILKINSON |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

**KEY:**  Agreed language is presented in black color.  In cases of disagreement:

Plaintiffs' proposed language is presented in blue color.

Defendants' proposed language is presented green color.

### CASE MANAGEMENT AND SCHEDULING ORDER NO. 4

I.      **PREAMBLE**

**Plaintiffs' Proposed Paragraph A with Subparts**

**A.**  The first wave of Rule 12 Motions has been filed and submitted as contemplated by the Court's previous scheduling orders.  The Court finds that it is appropriate to enter the following Case Management and Scheduling Order, which shall govern all open cases included in these consolidated proceedings.  Parties to an administratively closed matter within the In Re *Katrina Canal Breaches Consolidated Litigation* who are not also parties to other open matters shall be allowed, but not obligated to fully participate in discovery and case development described in this CMO.  Said parties shall be bound by such discovery and will not be permitted to duplicate any discovery in event that a closed case is reopened.

1

DRAFT 1/26/07 4:20 P.M.

In so doing, the Court makes the following observations:

1.     The plaintiffs in the Levee umbrella allege that the defendants are liable for water damage caused by the breaching of an I-wall on the 17th Street Canal, the breaching of I-walls on the London Avenue Canal, and the breaching of the levees on the Industrial Canal.

2.     The plaintiffs in the Mississippi River-Gulf Outlet ("MR-GO")" umbrella allege that the United States and other defendants are liable for water damage caused by the MR-GO in the areas of the Upper and Lower Ninth Ward, New Orleans East, and St. Bernard Parish.

3.     The plaintiffs in the insurance umbrella claim, among other things, that the efficient proximate cause of the surface water damage in the New Orleans Metropolitan area was the neglect of the same parties made defendants in the Levee and MR-GO umbrellas.

4.     The Court also recognizes that in the insurance umbrella there is fact discovery necessary and common to all insureds of a particular insurance company relating to the adjustment of wind claims. The nature and type of those discovery requests that may be the same for each insurance company include but are not limited to: the cost basis of goods and services utilized in the adjusting process to determine what amount would be paid for repair (pricing systems and cost databases); the methodology for differentiating water damage from wind, and water damage from levee breach; the timing of water damage from wind versus the timing of water damage from levee breach; the determination of whether there is a concurrent cause, and if so, whether the concurrent cause provisions are lawful, and if so, the effect thereof; and the claims handling procedure in general.

5.     Finally, the Court recognizes that, with regard to individual adjusting claims, the necessity for the disclosure of a variety of information is the same for all of the individual claims.

6.     The Court will not allow unnecessary duplication of discovery and as such, will enter appropriate orders in that regard.  Additionally, as there will be substantial costs incurred in the discovery process, it is appropriate to take steps to minimize the costs, reduce the work load, and expedite the process.

7.     A necessary first step is to require the parties to further organize as the Court has contemplated in its previous orders.

**Defendants' Proposed Paragraph A with Subparts**

A. The first wave of Rule 12 Motions has been filed and submitted as contemplated by the Court's previous scheduling orders.  The Court finds that it is appropriate to enter the following Case Management and Scheduling Order, which shall govern all open cases included in these consolidated proceedings.[1]  Parties to an administratively closed matter within the *In Re Katrina Canal Breaches Consolidated Litigation* who are not also parties to other open matters shall be allowed, but not obligated to fully participate in discovery and case development described in this CMO.  Said parties shall be bound by such discovery and will not be permitted to duplicate any discovery in event that a closed case is reopened.

In so doing, the Court makes the following observations:

---

[1] In light of this Court's ruling, the Court observes that the discovery aspects concerning the levee breaches are inapplicable to observes State Farm and Hartford.

3

1.      The plaintiffs in the Levee umbrella allege that the defendants are liable for water damage caused by the breaching of an I-wall on the 17th Street Canal, the breaching of I-walls on the London Avenue Canal, and the breaching of the levees on the Industrial Canal.

2.      The plaintiffs in the Mississippi River-Gulf Outlet ("MR-GO")" umbrella allege that the United States and other defendants are liable for water damage caused by the MR-GO in the areas of the Upper and Lower Ninth Ward, New Orleans East, and St. Bernard Parish.

3.      The plaintiffs in the insurance umbrella claim, among other things, that the efficient proximate cause of the surface water damage in the New Orleans Metropolitan area was the neglect of the same parties made defendants in the Levee and MR-GO umbrellas.

4.      In view of the potential publicity regarding the subject matter of this litigation and the impact of such publicity on fair and orderly proceedings herein, the Court orders all counsel to adhere strictly to Rule 3.6 (trial publicity) of Article XVI of the Louisiana Rules of Professional Conduct.

B.      Most of the Dredging Defendants under the MR-GO umbrella have filed limitation of liability actions. As a result, pursuant to Supplemental Admiralty Rule F(3) all claims and proceedings against those parties have been automatically stayed. Furthermore, recognizing that the Fifth Circuit has held that class actions are incompatible with limitation proceedings, this Case Management and Scheduling Order shall not apply to the Dredging Defendants who have filed limitation actions. If in the future the Court deems it appropriate, a separate Case Management and Scheduling Order will be entered to govern the further conduct of the dredging limitation actions. For consistency of discovery management against the

dredging company defendants who have not filed limitation actions, this CMO will not cover discovery against those defendants until further notice.

## II.    COORDINATION OF PARTIES:

### A.    Liaison Counsel

1.    Liaison Counsel are selected for a position of leadership and have an obligation to maintain appropriate communication with other attorneys in their groups, periodically informing them of the progress of the litigation and consulting with them when major decisions affecting their clients must be made.

2.    In addition to the privileged communications protected by the Federal Rules of Civil Procedure, communications of any kind whatsoever, whether written, oral, or electronic, between or among plaintiffs' counsel shall be privileged.   Communications of any kind whatsoever, whether written, oral, or electronic between or among defendants' counsel and any defendants shall be privileged.

3.    Nothing in this order shall be construed to preclude an unrepresented party or individual counsel from taking any action necessary to represent his/her client, including but not limited to, the right to participate in and/or conduct any conference, hearing, or trial, consistent with the terms and provisions of this Order.   The designation of Liaison Counsel and the assignment of duties to them has been set forth for the purposes of minimizing expense and time for all parties and to establish order.

4.     Liaison Counsel or their designees shall attend all hearings and conferences conducted by the Court.  Nothing in this section shall prevent any party from participating in any hearing or status conference scheduled by the Court.

**B.     Organization**

In order to assure continuity of communication between the parties, the Preliminary Master Committees appointed on May 5, 2006 shall become the Permanent Master Committees, each committee retaining the same members.  Further, Joseph Bruno and Ralph Hubbard will now be respectively designated as the Plaintiffs' Liaison Counsel and the Defendants' Liaison Counsel.

**1.     Plaintiffs' Subgroup Litigation Committees**

A Plaintiffs' Subgroup Litigation Committee shall be appointed for each of the following subgroups of the Katrina Canal Breach Consolidated Litigation: Levee, MR-GO, and Insurance. Each Subgroup Litigation Committee shall be appointed by order of the Court.  Each Plaintiffs' Subgroup Litigation Committee (hereinafter "PSLC") shall have a minimum of three members. Plaintiffs' Liaison Counsel for the PMC shall be a standing member of each subclass committee. Nothing in this Case Management Order shall be construed to suggest that a current member of the Preliminary Master Committee is prohibited from accepting a role as a member of a PSLC or liaison counsel for a PSLC.

Each Plaintiffs' Subgroup Litigation Committee shall have the authority to manage its respective subgroup of this consolidated litigation.   A Subgroup Liaison Counsel shall be appointed to chair each PSLC and communicate with the Court and the parties relative to their respective subgroup issues.   Liaison Counsel for the PMC and each PSLC liaison counsel shall

DRAFT 1/26/07 4:20 P.M.

serve on the Master Discovery Coordinating Committee for the purpose of implementing this Case Management and Scheduling Order and the other orders of this Court.

### a.   Levee Umbrella

The Court has been advised that the attorneys prosecuting claims regarding the levee breaches have met and organized a committee. The group selected Daniel E. Becnel, Jr., Joseph M. Bruno, D. Blayne Honeycutt, Hugh P. Lambert, and Gerald E. Meunier to serve on an internal Executive Committee. The Court recognizes these selections and appoints Daniel E. Becnel, Jr., Joseph M. Bruno, Hugh P. Lambert, and Gerald E. Meunier as members of the PSLC - Levee. The Court appoints Joseph M. Bruno as Liaison Counsel of the PSLC - Levee. The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC Levee.

### b.   MRGO Umbrella

The Court is similarly aware that in December 2005, a group of attorneys from nine law firms organized into a MR-GO Litigation Group, which Group has performed extensive research on litigation of this nature. This Group of attorneys filed the *Robinson* case alleging that the negligent design, construction, operation, and/or maintenance of the MR-GO by the United States Corps of Engineers caused vast damage to the Greater New Orleans area. The Group also filed an injunction suit seeking a remediation plan to prevent the MR-GO from causing damages in the future, which suit has been allotted to another section of the United States District Court, Eastern District of Louisiana.

7

DRAFT 1/26/07 4:20 P.M.

The Court has been advised that this Group of attorneys has committed a vast amount of time and monetary resources toward research regarding the development of the MR-GO, the Federal Tort Claims Act, reviewed tens of thousands of pages of documents from the Corps, interviewed dozens of eyewitnesses, engaged the services of many expert scientists, established financial structure to the Group, and devised a litigation plan for individuals to seek reparations for their damages.   Further, the Group has expanded in number of participating attorneys and each participating attorney has entered into a funding and representation agreement.

The Court recognizes the work performed by this Group in prosecuting this litigation to date, and encourages these attorneys and other attorneys interested in the MR-GO umbrella litigation to continue to work together.  The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC MR-GO. The Group suggests, and the Court hereby appoints James P. Roy, Pierce O' Donnell, John Andry, and Clay Mitchell to serve on the PSLC - MR-GO.  James P. Roy is hereby appointed as Liaison Counsel for the PSLC - MR-GO.

### c.    Insurance Umbrella

The Court is also aware that Joseph M. Bruno, Calvin C. Fayard, Jr. and Joseph McKernan initially filed *Chehardy v. State Farm* on September 15, 2005 in the 19th Judicial District Court, which was removed to the United States District Court, Middle District of Louisiana and subsequently transferred to the Eastern District of Louisiana where it is now pending within the umbrella of hurricane litigation in this Court.

These attorneys have organized and subsequently associated other attorneys who are presently working together to prosecute the insurance litigation pending before the Court.  The

8

DRAFT 1/26/07 4:20 P.M.

Court hereby appoints John N. Ellison, Calvin C. Fayard, Jr., Joseph J. McKernan, and Drew Ranier,   as members of the Plaintiffs' Subgroup Litigation Committee - Insurance. (hereinafter referred to as the "PSLC - Insurance").   Calvin C. Fayard, Jr. shall serve as PSLC- Insurance Liaison Counsel.   The work performed to date may, at the appropriate time, be submitted to the Court for approval as compensable work performed as if performed with the approval and direction of the PSLC - Insurance.

    **d.**    **Responder Umbrella**

The Court recognizes that Mr. O'Dwyer is the only plaintiff counsel of record in the Responder Umbrella, and there is no need to appoint a Plaintiff Subgroup Litigation Committee for this Umbrella.

    **2.**    **Plaintiffs' Master Discovery Coordinating Committee**

        **a.** The Plaintiffs' Master Coordinating Discovery Committee is comprised of the PMC Liaison Counsel and the liaison for each of the PSLCs.

        **b.** Plaintiffs' Master Discovery Coordinating Committee shall have the primary responsibility for making certain that discovery is not duplicated and is coordinated.

        **c.** Plaintiffs' Master Discovery Coordinating Committee shall review and approve all notices of depositions prior to service.

d. To eliminate duplicate requests, the Plaintiffs' Master Coordinating Committee shall coordinate with each PSLC and responder umbrella counsel and compile the discovery provided in this CMO.

e. All motions, requests for discovery or other pre-trial proceedings with respect to an umbrella subgroup shall be submitted to the Plaintiffs' Master Discovery Coordinating Committee before filing and service.

f. The Plaintiffs' Master Discovery Coordinating Committee shall verify that the motions and/or requests are not duplicative before approving their service and filing.

3.      **Duties of Plaintiffs' Subgroup Liaison Counsel**

a.          Each Subgroup Liaison Counsel shall, in coordination with Liaison Counsel for the PMC, maintain a master service list of all plaintiffs' attorneys of record containing their names, addresses, e-mail addresses, telephone numbers, facsimile numbers, and names of parties who they represent. Each party shall be responsible for notifying PSLC Liaison Counsel of any changes necessary to maintain an accurate and current Master Service List. From time to time, as directed by the Court, Subgroup Liaison Counsel shall file with the Clerk of Court a copy of the updated master service lists.

b. Each Subgroup Liaison Counsel or his designees shall be responsible for conferring with individual counsel and/or unrepresented parties on their service lists as warranted under the circumstances and for accomplishment of the following: (a) Coordination, compilation and service of written discovery addressing similar issues on behalf of the Liaison Counsel group; (b) Coordination of the preparation and service of motions and supporting memoranda

addressing issues common to the group; (c) Coordination, scheduling and noticing depositions of witnesses as requested by the group; (d) Conducting the conferences required by Uniform Local Rules with respect to motions which raise issues common to the group; (e) Coordination of the briefing and argument of common issues on behalf of the group; and (f) Providing to all counsel and unrepresented parties within the group minutes of the substance of Liaison Counsel meetings and all conferences and hearings before the Court.

### 4.      Duties of Plaintiffs' Subgroup Litigation Committee

a.      All motions, requests for discovery or other pretrial proceedings with respect to the plaintiffs in a subgroup shall be initiated and filed through the respective umbrella subgroup PSLC.  Such filings shall be coordinated with and through the umbrella subgroup PSLC Liaison Counsel.  If the PSLC does not support the motion, discovery or other proceeding, then it shall include a certificate of non-support attached thereto.

b.      All motions, requests for discovery or other pre-trial proceedings with respect to an umbrella subgroup shall be submitted to the Master Discovery Coordinating Committee before filing and service.  The Plaintiffs' Discovery Coordinating Committee shall verify that the motions and/or requests are not duplicative.

### 5.      Defendants' Litigation Committees

The Court recognizes that the various categories of defendants have unique interests that would not be served adequately by division of the Defendants' into three Subgroups or Committees.  As a consequence, Defendants' Litigation Committees will consist of the following:

a.      Defendants' Insurance Litigation Committee, represented by: Ralph Hubbard (Liaison Counsel), Alan Yacoubian, Judy Barrasso, Stephen Goldman, Kevin Kamraczewski, Martin Sadler, Cari Dawson, Robert Siegel, and Dave Walker, Charles Chassaignac, and Steve Usdin

b.      Defendants' State/Local Governmental Entities Litigation Committee, represented by Thomas P. Anzelmo.

c.      Defendants' Federal Governmental Entities Litigation Committee will be represented by Robin D. Smith

d.      Defendants' Railroad Entities Litigation Committee, represented by: Roy J. Rodney, Jr., Brent Talbot, Galen Brown, Carl Hellmers, Ben Slater, and Patrick Talley.   Brent Talbot is hereby appointed Defendants Master Committee.

e.      Defendants' Engineers/Architects Litigation Committee will be represented by Francis J. Barry, Jr.  Francis J. Barry, Jr. hereby is appointed to the Defendants' Master Defendant Committee and Mr. Thomas Gardner will be relieved of this position.

f.      Defendants' Contractors Litigation Committee, represented by: William D. Treeby.

## IV.   DOCUMENT REPOSITORIES:

### A.   RESPOSITORY SET UP

1.      A joint electronic repository to contain a copy of all documents produced during discovery shall be maintained through a third-party vendor to be selected by

agreement of the parties. The cost of the joint electronic repository shall be borne 50% by plaintiffs and 50% by the defendants. Parties dismissed from these consolidated proceedings or from whom discovery is stayed shall have no further obligation to pay joint repository costs from the date of the dismissal or the stay by the district court unless they desire access to the repository, in which case they will be required to pay their share of the costs. All of the details regarding the joint control of the repository contemplated by this Order will be negotiated and agreed to by the Plaintiffs' Master Discovery Coordinating Committee and Master Defendants' Committees, failing which by further order of the Court.

2.     In addition to depositing a copy of the electronic documents in the joint repository, counsel shall file into the record notice of their production to the repository identifying the Bates ranges of the images deposited.

3.     The repository shall be governed by the provisions of the Confidentiality order as described below.

4.     Nothing herein shall bar any PSLC from establishing an electronic document repository containing all documents contained in the document repository, subject to the terms of the conditions of confidentiality orders.

**B.     RULES REGARDING DOCUMENT PRODUCTION:**

**1.     Numbering and Indexing:**

The Master Discovery Coordinating Committee and the defendants shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. The parties will solicit proposals from third party

DRAFT 1/26/07 4:20 P.M.

vendors relative to numbering, scanning and indexing the documents produced in this matter. Each producing party will give each page of its produced documents a unique number, using a numbering system that identifies the producing party (using a letter or series of letters as a prefix). The parties should make all reasonable efforts to produce documents in an electronic format.

### 2.   Documents Produced by Non-Parties

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of the CMO.

### 3.   Legibility of Documents

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

### 4.   Authentication

Documents produced by any party or former party, whether as part of the initial disclosure, in response to formal document requests, or by agreement, shall by reason of such production be presumed to be authentic documents under Fed.R.Civ.P. 901. Such presumption may be rebutted, but the party challenging the presumption shall bear the burden of establishing that the document is not authentic.

DRAFT 1/26/07 4:20 P.M.

### 5.    Inadvertent Production of Documents

A party that inadvertently produces a document that it maintains is privileged shall, upon becoming aware of the inadvertent production, immediately file a notice into the record identifying the document by its specific identifying characteristic, such as by Bates number.    Any party that received the privileged document inadvertently produced is to immediately destroy the document received and all copies thereof, unless it received the original, in which case it shall return the original to the producing party.  No use whatsoever may be made of an inadvertently produced privileged image or information contained therein until such time as the producing party withdraws the claim of privilege or the Court determines that the document is not privileged.  Any party seeking to contest the assertion of privilege as to inadvertently produced documents must request in camera review of the document(s) in question by filing a pleading that does not disclose the content of the document(s) over which the producing party has asserted privilege.

### 6.    Filing Discovery Requests and Responses

Pursuant to Federal Rule of Civil Procedure 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

### 7.    Preservation

Parties shall preserve evidence in accordance with the Federal Rules of Civil Procedure and any orders of the Court.

DRAFT 1/26/07 4:20 P.M.

### 8.     Later Filed Cases

This Order shall also apply to related cases later filed in, removed to, or transferred to this Court, and any party which adds a new party shall contemporaneously transmit to the new party a copy of this Order and all prior Case Management Orders.

### 9.     Confidentiality

Within thirty (30) days after the entry of this Order, Liaison Counsel are directed to work together to propose an individual or joint protective order to safeguard, as appropriate, confidential, proprietary or private information that may be produced during discovery. If the parties are unable to agree, they shall file separate motions and proposed orders within ten days after the initial conference. Nothing herein shall affect the Stipulation and Protective Order entered by the Court between Washington Group International, Inc. and Plaintiffs in this case on September 5, 2006.

### 10.     Attempts to Resolve Disputes

Counsel are reminded of their obligations under the Federal and Local Rules to meet and confer before filing a motion.

## V.     COORDINATION OF THE ISSUES

### A.     INTRODUCTION:

As provided herein, each individual counsel and unrepresented party shall be responsible for conferring with Liaison Counsel or his designee in their respective liaison groups with the goal of accomplishing of the following: (a) coordination, compilation and service of written discovery addressing issues present in multiple cases; (b) coordination of the preparation and service of discovery motions and supporting memoranda addressing issues present in

DRAFT 1/26/07 4:20 P.M.

multiple cases; (c) coordination, scheduling and noticing of depositions of parties and of witnesses as requested by the parties to be served after notice to Liaison Counsel; (d) conducting the conferences required by the Uniform Local Rules with respect to discovery motions which raise issues common to the parties served by Liaison Counsel; and (e) coordination of the briefing and arguing of discovery issues present in multiple cases.

**B.      LEVEE:**

1.      Plaintiffs shall file a Master Consolidated Levee Breach Class Action Complaint within thirty (30) days of entry of this order.  The Master Consolidated Levee Breach Class Action Complaint shall supersede and replace all previously filed levee breach complaints.

2.      The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680,  will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740.

**Plaintiffs propose:**

3.      In an effort to avoid unnecessary motion practice regarding whether a plaintiff has satisfied the administrative requirements under the Federal Tort Claims Act, Plaintiffs' counsel shall provide to counsel for The United States of America a list of all of their clients who intend to file suit against The United States of America under the Federal Tort Claims Act.  The United States of America shall identify those individuals who have filed a Form SF-95 and the date on which six months will have elapsed since the filing of the Form SF-95 to Plaintiffs' counsel.

**The United States proposes:**

17

    **3.**      Inasmuch as administrative claims are maintained in a system of records and are therefore subject to the Privacy Act, 5 U.S.C. § 552a, the United States shall not release information concerning individual claims to anyone other than persons who are authorized to obtain the information. Accordingly, attorneys who have, or who purport to have, an attorney–client relationship shall provide to the United States documentation establishing that relationship prior to obtaining any information concerning an individual's administrative claim.

    **C.**    **INSURANCE**

**Plaintiffs propose:**

    While the final resolution of these common issues may take some time, there is still a need to resolve individual adjusting issues. The Court recognizes that the issue of class certification may impact the timing of resolution of individual adjusting claims, and the Court is aware that a request for class certification would require a determination as to whether the common issues form a sufficient basis and a superior method for the resolution of the case. While not making any preliminary determination on the superiority issue, the Court recognizes the benefit of implementing a procedure that permits the resolution of the individual issues to go forward while the common issues proceed through the class certification process and possibly through the appellate courts, including possible certification of issues by the United States Fifth Circuit, Court of Appeals to the Louisiana Supreme Court.

    In all cases where adjusting is in dispute and the plaintiff makes a claim that the policy language regarding water damage is ambiguous, the Court will enter an order bifurcating the trial of those claims as follows:

        i.   Trial of the issue of the ambiguity of the water exclusion.

      ii.  Trial on (a) the total amount of damages from wind including water

damage from wind; (b) the total amount of damage for water; and (c)

whether there is total loss.

To the extent necessary, the Court will also enter additional orders to address specific

pretrial and discovery matters to facilitate the trial of the bifurcated issues. Nothing in this Order

will prevent the expeditious resolution of individual cases where adjusting is in dispute.

**Defendants Propose:**

Defendants object to plaintiffs' proposal because it is premature insomuch as it is a

blanket commitment by the court to bifurcate any case before it regardless of the individual facts

and circumstances and regardless of the demands of these consolidated proceeding on the

available resources of the parties. Defendants do not object to consideration of bifurcating issues

in select cases in an orderly way that will not interfere with the overall resolution of the issues

consolidated before this court. Therefore, defendants propose the following:

There are cases pending before this court that may involve individual adjusting or

coverage issues that will not be fully resolved or addressed in these consolidated proceedings.

The Court upon appropriate motion of any party will consider bifurcation of these individual

issues, taking into account whether such bifurcation will expedite the overall resolution of the

action, whether such bifurcation will be consistent with the need for orderly disposition of these

consolidated cases, whether such bifurcation is otherwise in the interest of judicial and party

economy, and any other factors that the parties may deem relevant to the court's decision.

    **D.**    **RESPONDER**

DRAFT 1/26/07 4:20 P.M.

1.       Plaintiffs shall file a Master Consolidated Responder Class Action Complaint within thirty (30) days of entry of this order.

2.       The Master Consolidated Responder Class Action Complaint shall supersede and replace all previously filed Responder complaints.

## VI.   ORDER OF PROCEEDINGS

### A.    LEVEE GROUP CLASS CERTIFICATION SCHEDULE

1.       The following section applies to those putative class actions forming the LEVEE group of cases pending in these consolidated proceedings.  This section operates co-extensively with the discovery schedule set forth below in Section D.   The deadlines are set with the understanding that if counsel for a party has made an appropriate and reasonable effort to comply with these deadlines, but cannot for good reason comply with one or more of these deadlines, then a status conference will be requested by the party to present to the Court and all opposing parties its reason for any proposed modifications or changes in one or more of these deadlines.

2.       The Master Consolidated Levee Breach Class Action Complaint shall designate proposed class representatives for the proposed class and/or for each sub-class.

3.       Plaintiffs shall file a Motion for Class Certification Complaint within forty-five (45) days of entry of this order.   The Motion for shall be designate proposed class representatives for the proposed class and/or for each of sub-class.

4.       Within sixty (60) days after the entry of this CMO, No. 4, all plaintiffs who are designated as class representatives shall provide to defendants a completed

Representative Plaintiff Questionnaire, a copy of which is attached hereto as Exhibit "1".
Plaintiffs object to this provision in its entirety.

      5.     Subject to the Court's availability, defendants propose that a class
certification hearing is set for January 31, 2008. Plaintiffs object to this date preferring a date
sooner rather than later, subject to the Court's availability. Issues to be adjudicated with respect
to any case sought to be certified include the requirements of Rule 23(a) and Rule 23(b)(3),
including, without limitation, the adequacy of representation, the predominance of common
issues and the superiority and manageability of the litigation as a class action. Should this
litigation be certified as a class action, the plaintiffs designated as class representatives are not
necessarily the same as the plaintiffs who will be selected by the Court to represent the class at
trial. The Court will approve the procedure for selection of the proposed trial plaintiffs only after
the issue of class certification is resolved.

      6.     A Preliminary List of Witnesses who may or will be called to testify at the
class certification hearing shall be filed by the Plaintiffs no later than one-hundred twenty (120)
days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than
later. A Preliminary List of Witnesses who may or will be called to testify at the class
certification hearing shall be filed by the Defendants no later than one-hundred fifty (150) days
after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later.
This list shall include, for each witness, their name, address, and anticipated subject matter of
their testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not
suffice.] Thereafter, each party is under a continuing obligation to file updated witness lists on

the 30th day of every month, until the Final List of Witnesses is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

      7.     A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Plaintiffs on all counsel no later than one hundred twenty (120) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Defendants no later than one hundred fifty (150) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. In addition, a copy of each exhibit listed shall be deposited in the document repository by the same date. Thereafter, each party is under a continuing obligation to file updated lists on about the 30th day of every month until the Final Exhibit List is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

      8.     A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed by Plaintiffs no later than seventy-five (75) days before the class certification hearing. A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed on by Defendants no later than forty-five (45) days before the class certification hearing. This list shall include, for each witness, their name, address, and the anticipated subject matter of their testimony. [A mere description of the anticipated testimony as "fact" or "expert" will not suffice.]

      9.     A Final List of exhibits that may or will be introduced at the class certification hearing shall be filed by Plaintiffs on all counsel no later than seventy-five (75) days before the class certification hearing. A Final List of exhibits that may or will be introduced at

the class certification hearing shall be filed by Defendants on all counsel no later than forty-five (45) days before the class certification hearing.    Such list, together with a copy of each exhibit (unless a copy of the exhibit was previously produced in accord with Section VI(A)(7) above) shall, by the same date, be exchanged between counsel.

      **10.**    The deadline for plaintiffs to file a motion to amend the definition of the class is one-hundred twenty (120) days before the class certification hearing.

      **11.**    Contrary motions and all other responses to the Plaintiffs' motion to certify the Master Consolidated Levee Class Action as a class action shall be filed no later than sixty (60) days before the class certification hearing.

      **12.**    All *Daubert* motions regarding class issues must be filed no later than (60) days before the class certification hearing.

      **13.**    Motions in Limine regarding class issues must be filed and no later than (30) days before the class certification hearing.

      **14.**    One week prior to the class certification hearing, the parties shall jointly submit a proposed pre-hearing order setting forth the following:    (a) stipulations as to the authenticity of exhibits; and (b) other matters to be addressed for purposes of the class certification hearing.    In the pre-hearing order, the parties shall identify their "will call" witnesses.

      **15.**    If, at any time during these proceedings, any party is aggrieved by the terms or deadlines established by the certification issues pursuant to Section VI.A., that party is instructed to first make a reasonable effort to resolve the problem informally with the other parties.    If an agreement cannot be reached, then the aggrieved party shall file a contradictory

DRAFT 1/26/07 4:20 P.M.

motion with the Court and include a discussion of the nature of the problem, the steps that were

taken to informally resolve the problem, the relief desired, and the reasons in support of the

request.

**B.    RESPONDER GROUP CLASS CERTIFICATION SCHEDULE**

1.    The following section applies to those putative class actions forming the

RESPONDER group of cases pending in these consolidated proceedings.  This section operates

co-extensively with the discovery schedule set forth below in Section D.   The deadlines are set

with the understanding that if counsel for a party has made an appropriate and reasonable effort

to comply with these deadlines, but cannot for good reason comply with one or more of these

deadlines, then a status conference will be requested by the party to present to the Court and all

opposing parties its reason for any proposed modifications or changes in one or more of these

deadlines.

2.    The Master Consolidated Responder Class Action Complaint shall

designate proposed class representatives for the proposed class and/or for each sub-class.

3.    Within sixty (60) days after the entry of this CMO, No. 4, all plaintiffs

who are designated as class representatives shall provide to defendants a completed

Representative Plaintiff Questionnaire, a copy of which is attached hereto as Exhibit "1".

Plaintiffs object to this provision in its entirety.

4.    Subject to the Court's availability, defendants propose that a class

certification hearing is set for February 15, 2008.  Plaintiffs object to this date preferring a date

sooner rather than later, subject to the Court's availability. Issues to be adjudicated with respect

to any case sought to be certified include the requirements of Rule 23(a) and Rule 23(b)(3),

DRAFT 1/26/07 4:20 P.M.

including, without limitation, the adequacy of representation, the predominance of common issues and the superiority and manageability of the litigation as a class action. Should this litigation be certified as a class action, the plaintiffs designated as class representatives are not necessarily the same as the plaintiffs who will be selected by the Court to represent the class at trial. The Court will approve the procedure for selection of the proposed trial plaintiffs only after the issue of class certification is resolved.

     **5.**     Within forty-five (45) days after the entry of this Order, plaintiffs shall file a motion to certify the Master Consolidated Responder Class Action litigation as a class action. This Motion shall include proposed definition(s) for the class or classes.

     **6.**     A Preliminary List of Witnesses who may or will be called to testify at the class certification hearing shall be filed by the Plaintiffs no later than one-hundred twenty (120) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. A Preliminary List of Witnesses who may or will be called to testify at the class certification hearing shall be filed by the Defendants no later than one-hundred fifty (150) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. This list shall include, for each witness, their name, address, and anticipated subject matter of their testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.] Thereafter, each party is under a continuing obligation to file updated witness lists on the 30th day of every month, until the Final List of Witnesses is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

     **7.**     A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Plaintiffs no later than one hundred twenty (120) days

DRAFT 1/26/07 4:20 P.M.

after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Defendants no later than one hundred fifty (150) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. In addition, a copy of each exhibit listed shall be deposited in the document repository by the same date. Thereafter, each party is under a continuing obligation to file updated lists on about the 30th day of every month until the Final Exhibit List is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

8. A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed by Plaintiffs no later than seventy-five (75) days before the class certification hearing. A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed by Defendants no later than forty-five (45) days before the class certification hearing. This list shall include, for each witness, their name, address, and the anticipated subject matter of their testimony. [A mere description of the anticipated testimony as "fact" or "expert" will not suffice.]

9. A Final List of exhibits that may or will be introduced at the class certification hearing shall be filed by Plaintiffs no later than seventy-five (75) days before the class certification hearing. A Final List of exhibits that may or will be introduced at the class certification hearing shall be filed by Defendants no later than forty-five (45) days before the class certification hearing. Such list, together with a copy of each exhibit (unless a copy of the exhibit was previously produced in accord with Section VI(B)(7) above) shall, by the same date, exchanged between the parties.

10.     The deadline for plaintiffs to file a motion to amend the definition of the class is one-hundred twenty (120) days before the class certification hearing.

11.     Contrary motions and all other responses to the Plaintiffs' motion to certify the Master Consolidated Levee Class Action as a class action shall be filed no later than sixty (60) days before the class certification hearing.

12.     All *Daubert* motions regarding class issues must be filed no later than (60) days before the class certification hearing.

13.     Motions in Limine regarding class issues must be filed no later than (30) days before the class certification hearing.

14.     One week prior to the class certification hearing, the parties shall jointly submit a proposed pre-hearing order setting forth the following:  (a) stipulations as to the authenticity of exhibits; and (b) other matters to be addressed for purposes of the class certification hearing.   In the pre-hearing order, the parties shall identify their "will call" witnesses.

15.     If, at any time during these proceedings, any party is aggrieved by the terms or deadlines established by the certification issues pursuant to Section VI(B), that party is instructed to first make a reasonable effort to resolve the problem informally with the other parties.  If an agreement cannot be reached, then the aggrieved party shall file a contradictory motion with the Court and include a discussion of the nature of the problem, the steps that were taken to informally resolve the problem, the relief desired, and the reasons in support of the request.

C.     **INSURANCE GROUP CLASS CERTIFICATION SCHEDULE**

DRAFT 1/26/07 4:20 P.M.

1.      The following section applies to those putative class actions forming the INSURANCE group of cases pending in these consolidated proceedings. This section operates co-extensively with the discovery schedule set forth below in Section D. The deadlines are set with the understanding that if counsel for a party has made an appropriate and reasonable effort to comply with these deadlines, but cannot for good reason comply with one or more of these deadlines, then a status conference will be requested by the party to present to the Court and all opposing parties its reason for any proposed modifications or changes in one or more of these deadlines.

2.      Plaintiffs in any putative class action shall move to file any motion to amend the complaint to join additional parties by _____. Any newly added defendant shall file a responsive pleading within forty-five days of service.

3.      Subject to the Court's availability, defendants propose that a class certification hearing is set for March 1, 2008. Plaintiffs object to this date preferring a date sooner rather than later, subject to the Court's availability. Issues to be adjudicated with respect to any case sought to be certified include the requirements of Rule 23(a) and Rule 23(b)(3), including, without limitation, the adequacy of representation, the predominance of common issues and the superiority and manageability of the litigation as a class action. Should this litigation be certified as a class action, the plaintiffs designated as class representatives are not necessarily the same as the plaintiffs who will be selected by the Court to represent the class at trial. The Court will approve the procedure for selection of the proposed trial plaintiffs only after the issue of class certification is resolved.

DRAFT 1/26/07 4:20 P.M.

    **4.**     Within forty-five (45) days after the entry of this Order, plaintiffs in any putative class action case in the Insurance Group of these consolidated proceedings shall file a motion to certify their complaint as a class action. This motion shall include proposed definition(s) for the class or classes.

    **5.**     A Preliminary List of Witnesses who may or will be called to testify at the class certification hearing shall be filed by the Plaintiffs no later than one-hundred twenty (120) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. A Preliminary List of Witnesses who may or will be called to testify at the class certification hearing shall be filed by the Defendants no later than one-hundred fifty (150) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. This list shall include, for each witness, their name, address, and anticipated subject matter of their testimony. [Mere descriptions of the anticipated testimony as "fact" or "expert" will not suffice.] Thereafter, each party is under a continuing obligation to file updated witness lists on the 30th day of every month, until the Final List of Witnesses is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

    **6.**     A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Plaintiffs no later than one-hundred twenty (120) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. A Preliminary List of Exhibits that may or will be introduced at the class certification hearing shall be filed by the Defendants no later than one-hundred fifty (150) days after entry of this Order. Plaintiffs object to this date preferring a date sooner rather than later. In addition, a copy of each exhibit listed shall be provided to all counsel by the same date. Thereafter, each party is

under a continuing obligation to file updated lists on about the 30th day of every month until the Final Exhibit List is due, so as to facilitate regular and ongoing preparation for the class certification hearing.

       7.    A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed by Plaintiffs no later than seventy-five (75) days before the class certification hearing. A Final List of witnesses who may or will be called to testify at the class certification hearing shall be filed by Defendants no later than forty-five (45) days before the class certification hearing.   This list shall include, for each witness, their name, address, and the anticipated subject matter of their testimony.   [A mere description of the anticipated testimony as "fact" or "expert" will not suffice.]

       8.    A Final List of exhibits that may or will be introduced at the class certification hearing shall be filed by Plaintiffs no later than seventy-five (75) days before the class certification hearing. A Final List of exhibits that may or will be introduced at the class certification hearing shall be filed by Defendants no later than forty-five (45) days before the class certification hearing. Such list, together with a copy of each exhibit (unless a copy of the exhibit was previously produced in accord with Section VI(C)(5) above) shall, by the same date, be provided to all Liaison Counsel.

       9.    The deadline for plaintiffs to file a motion to amend the definition of the class is one-hundred (120) days before the class certification hearing.

       10.    Contrary motions and all other responses to the Plaintiffs' motion to certify the Master Consolidated Levee Class Action as a class action shall be filed on counsel no later than sixty (60) days before the class certification hearing.

11.     All *Daubert* motions regarding class issues must be filed no later than (60) days before the class certification hearing.

12.     Motions in Limine regarding class issues must be filed no later than (30) days before the class certification hearing.

13.     Fourteen days prior to the class certification hearing, the parties shall jointly submit a proposed pre-hearing order setting forth the following:  (a) objections as to the admissibility of any exhibits; and (b) other matters to be address for purposes of the class certification hearing.   In the pre-hearing order, the parties shall also identify their "will call" witnesses.

14.     If, at any time during these proceedings, any party is aggrieved by the terms or deadlines established by the certification issues pursuant to Section VI(C), that party is instructed to first make a reasonable effort to resolve the problem informally with the other parties.  If an agreement cannot be reached, then the aggrieved party shall file a contradictory motion with the Court and include a discussion of the nature of the problem, the steps that were taken to informally resolve the problem, the relief desired, and the reasons in support of the request.

Plaintiffs Propose:

## D.     SPECIAL PROVISIONS REGARDING THE MR-GO *ROBINSON* CASE

The Court recognizes that the attorneys handling the *Robinson* case in the MR-GO Umbrella have indicated that they desire to expedite pretrial matters so that they may secure from the Court the earliest practicable trial date in a "test case" that might facilitate and advance

DRAFT 1/26/07 4:20 P.M.

resolution of MR-GO-related claims against the United States; they will be prepared to go to trial following minimum formal discovery involving the United States; they have retained their experts who are ready to be deposed immediately following completion of a limited number of depositions of witnesses from the U.S. Army Corps of Engineers and U.S. Fish and Wildlife Service; and they believe that the issues concerning the liability of the United States relating to the MR-GO are sufficiently distinct from issues involved in other Katrina-related cases to warrant a streamlined and expedited discovery process.  Without determining any of these matters, the Court orders that the PSLC-MR-GO meet and confer with counsel for the United States and prepare and submit to the Court a joint Discovery Plan for the *Robinson* case within 30 days of the entry of this Order. If counsel for the parties cannot agree on a joint Discovery Plan, they shall submit within 30 days of this Order a single document indicating those provisions on which they have agreed and setting forth each party's proposed provision for those subjects on which they cannot agree.

The United States proposes:

The United States strenuously objects to this provision, as it is contrary to the purpose of this entire document, which is designed to prevent duplicative and wasteful multiplication of discovery.  The Robinson plaintiffs are situated no differently from other litigants who believe their interests would be served by allowing their own litigation to proceed on a separate track. Inasmuch as there is no principled basis for allowing some, but not all, litigants to proceed on separate tracks, the Robinson plaintiffs' request for special treatment must be denied. Furthermore, allowing litigation to proceed on multiple tracks would threaten to undermine the

orderly advancement of the overall litigation, which imposes a substantial burden on the United

States. **VII.    PHASED DISCOVERY PLAN**

### A.    PHASE I - MANDATORY DISCLOSURES

#### 1.    INSURANCE GROUP

In lieu of Rule 26(a)(1) Initial Disclosures, the named plaintiffs shall, unless previously disclosed, disclose the following to their insurers:

(a)    The identity of each policy of insurance held by, or potentially benefiting, each plaintiff on the date of the loss (including without limitation flood policies). This identification must include the complete name of the insured, the complete name of the insurer, all policy numbers and all claim numbers for claims made for loss(es);

(b)    The address of each property for which a loss is claimed;

(c)    Each plaintiff's and insured's current address;

Defendants propose:

(d)    All documents supporting the claimed covered loss including without limitation, estimates of loss from any source (including other insurers) and receipts;

(e)    Information reflecting payments received to date for the loss from any source including other insurers and/or the Federal Emergency Management Agency ("FEMA"), the United States Small Business Association ("SBA"), and and/or an award of a grant from the Louisiana Recovery Authority ("LRA");

33

       (f)     An itemized statement of damages claimed for each plaintiff for dwelling,

contents, additional living expenses or other items.

Plaintiffs object to defendants' proposal.

      In lieu of Rule 26(a)(1) Initial Disclosures, the named defendants shall, unless

previously disclosed, disclose the following to their insurers:

**Plaintiffs' Proposed:**

          **(a)     Documents (Common to a Particular Defendant)**

      On or before _____ days after entry of this Order, the defendant shall produce:

a) the name of all plaintiffs with a suit against you arising out of a policy which claims to afford

coverage for Hurricane Katrina damage; b) A list of any otherwise potentially relevant

documents that are not produced based on a claim of privilege or work product protection and

provide for each document the information specified in paragraph IX below; c) All guidelines,

policies, rules, instructions, operating procedures, manuals, handbooks and instructional or other

materials created, prepared, used or intended to be used or maintained for guidance, reference or

training by persons responsible for adjustment of claims and water damage claims, d) Books,

manuals, pamphlets or other documents that regard adjustment of claims and water damage

claims before and after Hurricane Katrina and/or Rita highlighting any changes that were made

after Hurricane Katrina and/or Rita; e) Books, charts, cost schedules computer programs or

models used to determine the value of goods/items damaged and costs of labor/service to repair

both before and after Hurricane Katrina and Rita, highlighting any changes made after Hurricane

Katrina and/or Rita; f) Books, Manuals, papers, models that describe the methodology for

differentiating damage including water damage from wind and/or damage from water alleged to

be excluded by the language of the policy; g) Claims Handling Procedures including manuals and memoranda regarding same; h) All guidelines, policies, rules, instructions, operating procedures, manuals, handbooks and instructional or other materials created, prepared, used or intended to be used or maintained for guidance, reference or training by persons responsible for performing loss control and/or engineering services, i) Names of all adjusters who worked for Hurricane Katrina and Rita; j) Names of Supervisors, Managers, Team Leaders including who handled flood claims and handled homeowner's claims; k) Names of Contractors used to determine pricing; l) Insurance Contracts including all policy forms, endorsements, exclusions; m) Insurance Agent's Manuals; n) Names of Independent Adjusters currently working for any insurance company defendant and those who worked for any insurance company defendant after Katrina and Rita who no longer working for any insurance company defendant; o) Training materials used to train independent adjusters including manuals, directives, memoranda; p) Documents showing any changes in procedures; q) Names of engineers used by any insurance company defendant in connection with the adjustment of claims; r) Materials used to train engineers regarding adjustments; s) Procedures for updating pricing with contractors; t) Flood Clams training manuals; u) Homeowner's claim training manuals; and v) Invoices for independent claims adjusters and engineers.

> **(b)**     **Identities of Knowledgeable Persons (Common to a Particular Defendant)**

On or before ____ days after entry of this Order, the defendant shall provide the name, address, and telephone number of each individual likely to have discoverable information

DRAFT 1/26/07 4:20 P.M.

which is potentially relevant to the plaintiffs' factual allegations and legal claims, identifying the subjects of the information.

### (c)     Documents (Common to All Individual Claimants)

On or before _____ days after entry of this Order, the defendant shall produce: a) All documents, data compilations, and tangible things in their possession, custody or control that are potentially relevant to the plaintiffs' factual allegations and legal claims; b) A list of any otherwise potentially relevant documents that are not produced based on a claim of privilege or work product protection and provide for each document the information specified in paragraph IX below; c) All claim information in their possession or generated by anyone else, including any and all photographs, receipts, claim correspondence, claim files, engineer reports, damage estimates whether related or not , which intends to be used at trial or not; call logs regarding each claim; dates of inspection, type of inspections; payments made including breakdown of types of payments.

### (d)     Identities of Knowledgeable Persons (Common to All Individual Claimants)

On or before _____ days after entry of this Order, the defendant shall provide the name, address, and telephone number of each individual likely to have discoverable information which is potentially relevant to the plaintiffs' factual allegations and legal claims, identifying the subjects of the information.

**Defendants' Proposed:**

In lieu of Rule 26(a)(1) Initial Disclosures, defendants shall disclose the following to the named plaintiffs:

DRAFT 1/26/07 4:20 P.M.

(a) Their claim files pertaining to claims made by individual plaintiffs for coverage based on the hurricane, including without limitation all loss reports and damages assessments generated in connection with the adjustment of each plaintiff's claim(s) but excluding any privileged material; and

(b) The policy of insurance.

The foregoing disclosures are due sixty days from the entry of this order. For cases which are consolidated or for parties who are joined after the entry of this Order, the foregoing disclosures are due on the same deadline as above or within 30 days of the transfer or joinder, whichever is later.

## 2.   ENGINEERS' GROUP

On December 8, 2006, the Court dismissed the engineers as party defendants in 14  civil actions.  The Engineers shall file motions to dismiss by February 1, 2007, in regard to the remaining civil actions.  Based on the Court's ruling for the following requirements:

a.   Plaintiffs' counsel will propound by March 15, one Joint Master Set of Requests for Production of Documents to the Engineers, under Rule 34, FRCP, limited to files relating to construction of projects in which a breach later occurred, or which involved other work at a site where a breach occurred, which Engineers will Answer by April 1, 2007.

**b.**   No other merits discovery of Engineers will be conducted until after the Class Certification issues are decided by the Court.

DRAFT 1/26/07 4:20 P.M.

### 3.   FEDERAL GOVERNMENT ENTITIES GROUP

**a.**   In view of the vast number of documents that the United States has made available on the website, which is located at https://ipet.wes.army.mil, the United States' mandatory disclosure requirement under Federal Rule of Civil Procedure 26(a)(1)(B) is deemed satisfied.  Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) will be made on the same rolling schedule set out in Section V.C.3 of this CMO.   All other initial mandatory disclosure requirements are deemed satisfied.

**b.**   Any plaintiff whose administrative claim has been finally denied by the appropriate Federal agency or who has deemed it to have been finally denied pursuant to 28 U.S.C. § 2675(a) shall make the disclosures required by Rule 26(a)(1), Fed. R. Civ. P., to the United States within 90 days of the entry of this Order.

**c.**   Likewise, any defendant with a pending suit against the United States shall make the disclosures required by Rule 26(a)(1), Fed. R. Civ. P., to the United States within 90 days of the entry of this Order.

### 4.   STATE/LOCAL GOVERNMENT ENTITIES GROUP

In lieu of Rule 26(a)(1) Initial Disclosures, the Orleans Levee District and the Sewerage & Water Board New Orleans will provide plaintiffs with the documents, if any, it has in its possession relevant to the construction and design of:  (1) the London Avenue Canal in the vicinity of the levee breach from March 1990 through August 28, 2005;  (2) the 17th Street Canal in the vicinity of the levee breach from January 1989 through August 28, 2005;  and (3) the Industrial Canal in the vicinity of the levee breaches from November 1984 through August 28,

DRAFT 1/26/07 4:20 P.M.

2005. The production of these documents shall begin ninety (90) days from the date of this order and be supplemented every thirty (30) days thereafter.

The Parish of Jefferson, The State of Louisiana, its agencies, and officers will not be required to file Initial Disclosures or participate in discovery pending rulings by the Court as to any Motions to Remand, Rule 12(b)(6) motions, or Rule 12(b)(1) motions filed on or before February 1, 2007.

### 5.    RAILROAD ENTITIES GROUP

Notwithstanding any provision in CMO No. 4 to the contrary, Rule 26 disclosures and all discovery involving the Railroad Defendants (BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway Company, CSX Transportation, Inc., CSX Corporation, The Alabama Great Southern Railroad, and The Public Belt Railroad Commission for the City of New Orleans) are stayed unless and until the Court enters an order denying the dispositive motions that the Railroad Group Defendants have filed or will file on or before February 1, 2007. After entry of a judgment that results in one or more of the Railroad Group defendants remaining as a party, the remaining Railroad Group Defendant(s) shall confer with plaintiffs' liaison counsel and defense liaison counsel and shall submit a proposed CMO and scheduling order for initial disclosures and discovery involving the Railroad Defendants within 30 days of entry of such a judgment. Said CMO and scheduling order is to track the provisions of CMO and Scheduling Order No. 4 as much is practicable.

### 6.    CONTRACTORS' GROUP

a.    **Non-Party Contractors (Defendants Boh Bros Construction Co., LLC, B&K Construction Company, Inc., James Construction Group, LLC, T.L. James & Company, Inc.)**

On December 8, 2006, the Court dismissed the claims asserted against 3 contractors, Boh Bros, B & K, and James Construction in 14 civil actions. The remaining claims against the four contractors (including newly added T. L. James) will be addressed in motions to be filed on or before February 1, 2007. These four contractors will be treated as non-parties except for the following requirements:

    i.    Plaintiff's counsel will propound by March 15, one Joint Master Set of Requests for Production of Documents to the Contractors, under Rule 34, FRCP, limited to files relating to construction of projects in which a breach later occurred, or which involved other work at a site where a breach occurred, which Contractors will Answer by May 1, 2007.

    ii.    No other merits discovery of Contractors will be conducted until after the Class Certification issues are decided by the Court.

    **b.**    **Remaining Contractor Party (Washington Group International, Inc. ("Washington Group")**

    i.    Washington Group has provided initial disclosures to plaintiffs, which Plaintiffs' Liaison Counsel has deemed satisfactory as of December 2006. No further initial disclosures are required from Washington Group unless and until Judge Duval denies Washington Group's proposed motion for summary judgment based on government contractor immunity.

    ii.    In lieu of Rule 26(a)(1) Initial Disclosures, the named plaintiffs shall disclose the following to the remaining contractor, Washington Group, within 60 days of the entry of this Order:

DRAFT 1/26/07 4:20 P.M.

• The name and, if known, the address and telephone number of each individual likely to have discoverable information that the plaintiffs may use to support their allegations of liability (including any opposition to Washington Group's proposed motion for summary judgment based on government contractor immunity), identifying the subjects of the information;

• An electronic copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the plaintiffs and that plaintiffs may use to support its allegations of liability (including any opposition to Washington Group proposed motion for summary judgment based on government contractor immunity) including photographs and witness statements.

**B.   PHASE II: WRITTEN DISCOVERY**

   **1.   Master Written Discovery Plan**

a..   Subject to the provisions elsewhere in this CMO concerning the United States of America or other special treatment of certain parties and non-parties, the plaintiffs (consisting of all PSLCs) shall prepare a single master set of interrogatories and a single master set of requests for document production directed to the non-insurer defendants which shall be issued within (Plaintiffs' proposed) 120 (Defendants proposed) 60 days from the date of entry of this order.

b.   Subject to the provisions elsewhere in this CMO concerning the United States of America or other special treatment of certain parties and non-parties, the Insurance PSLC shall prepare a single master set of interrogatories and a single master set of

DRAFT 1/26/07 4:20 P.M.

requests for document production directed to the insurer defendants which shall be issued 60 days from the date of entry of this Order.

    c.  Subject to the provisions elsewhere in this CMO concerning the United States of America or other special treatment of certain parties and non-parties, the insurer defendants shall prepare a master set of interrogatories and a master set of requests for document production directed to the Insurer PSLC group which shall be issued 60 days from the date of entry of this Order.

    d.  Subject to the provisions elsewhere in this CMO concerning the United States of America or other special treatment of certain parties and non-parties, the non-insurer defendants shall prepare a master set of interrogatories and a master set of requests for document production directed to each of the PSLC groups which shall be issued 60 days from the date of entry of this Order.

    e.  For purposes of these and any subsequent interrogatories, the limitations on the number of interrogatories of Fed.R.Civ.Proc. 33(a) shall apply; however, each master set of interrogatories and requests for production of documents shall not exceed (Defendants propose) twenty-five (Plaintiffs propose) one-hundred in number, including subparts.

    f.  In light of the anticipated volume of documents in connection with this subject of discovery, objections thereto will be due 45 days after service of the written discovery and written responses and document productions will not be due until 90 days after the service of written discovery requests.

    **2.**  **Additional Written Discovery**

DRAFT 1/26/07 4:20 P.M.

The parties will confer concerning, and attempt in good faith to agree upon, any additional written discovery not described above. In the absence of agreement of Liaison Counsel or order of the Court, no further written discovery may be propounded to plaintiffs or defendants without prior order of the Court.

**3.    Document Subpoenas to Non-Parties**

Commencing upon entry of this Order, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed.R.Civ.P. 45, but shall notice depositions of non-parties in accordance with the other provisions of this order. A copy of any subpoena issued shall be filed into the record contemporaneously with service of the subpoena.

Defendants Proposal:

**4.  Special Provisions Regarding Written Discovery Issued to the United States of America**

Plaintiffs and Defendants shall coordinate through their liaison representatives to produce one combined master set of requests for documents not previously made available on the IPET website, https://ipet.wes.army.mil. Such master set shall be prioritized in the order that parties would prefer the documents to be produced. In view of the vast number of documents that are relevant to this litigation and that are likely to be requested, the United States shall produce responsive, non-privileged documents on a rolling basis at intervals not to exceed 30 days, for a period of 180 days, from the date the master set is served. Documents shall be produced in the order set forth in the master set of requests, to the extent feasible. Should supplemental document requests be needed, the Plaintiffs and Defendants shall coordinate through their liaison representatives to produce one combined master supplemental set of

43

document requests. The United States shall be given an additional reasonable amount of time
(such time to be determined by agreement among liaison representatives and counsel for the
United States, or absent agreement, by order of the Court) to respond to any supplemental
requests. In no event shall the United States be given less than 60 days to respond to any
supplemental requests.

Documents that have been made available on the IPET website,
https://ipet.wes.army.mil need not be reproduced in response to any subsequent or duplicative
production request. All other forms of written discovery to the United States are stayed until (1)
the above-described rolling productions are complete and (ii) the court has issued a ruling on
class certification.

Plaintiffs object to the entirety of this section.

## C.    PHASE III - DEPOSITIONS

i.    The requirement of Federal Rule of Civil Procedure 30(a)(2)(A) that leave of Court
be obtained prior to taking more than ten (10) depositions is waived except in those
non-putative class action cases in the Insurance umbrella.

ii.    Absent agreement of the Liaison Counsel, order of the Court or as provided elsewhere
in this CMO, no deposition may be noticed until (Defendants Propose) September 19,
2007. Plaintiffs agree that this should provide a date before which a deposition
should not commence, but prefer an earlier date. This provision does not apply to
individual, non-30(b)(6), case specific discovery in non-putative class actions within
the Insurance Umbrella.

iii.   Absent agreement of the Liaison Counsel or order of the Court, the Master Discovery Coordinating Committee and the defendants will be allowed a single seven-hour long Rule 30(b)(5)/Rule 30(b)(6) deposition of each defendant and of each non-party corporation, partnership, limited liability company, organization. (Plaintiffs propose) This time limit assumes cooperation by the parties being deposed, timely production of accompanying *subpoena duces tecum* and production of the right witness most knowledgeable about a particular deposition topic.    (Defendants object to the foregoing sentence.) No further Rule 30(b)(5)/30(b)(6) depositions of a defendant or of a non-party shall be allowed absent agreement of the Liaison Counsel or order of the Court.

iv.   A copy of any deposition notice issued shall be filed into the record.

v.   Liaison Counsel are directed to meet and confer with respect to minimizing duplicative fact depositions or other fact discovery and are to propose appropriate procedures to the Court.

### D.   PHASE IV - EXPERTS

### 1.   CLASS CERTIFICATION EXPERTS

Absent agreement of the parties or order of the Court, deadlines for class certification expert discovery shall be as follows:

**a.**   Plaintiffs' deadline to produce expert reports is 120 days prior to the class certification hearing.

**b.**   Defendants' deadline to produce expert reports is 75 prior to the class certification hearing.

DRAFT 1/26/07 4:20 P.M.

c.     The deadlines for depositions of plaintiffs' and defendants' experts shall be determined by the parties within 14 days of the receipt of their respective reports, or in lieu of agreement by the parties, by order of the Magistrate Judge.

d.     Drafts of expert reports shall not be discoverable or admissible for any purpose including impeachment.

## 2.     NON-CLASS CERTIFICATION EXPERTS

Absent agreement of the Liaison Counsel or order of the Court, deadlines for expert discovery shall be as follows:

a.     Plaintiffs' deadline to disclose experts and area of expertise shall be 150 days before trial.

b.     Plaintiffs' deadline to produce expert reports is 30 days after the disclosure of their experts.

c.     Defendants' deadline to produce expert reports is 75 days after plaintiffs' production of expert reports.

d.     The depositions of plaintiffs' experts shall be completed within 45 days of the production of the plaintiffs' expert's report.

e.     The deposition of defendants' experts shall be completed within 45 days of the production of the defendants' expert's report.

f.     Drafts of expert reports shall not be discoverable or admissible for any purpose including impeachment.

**Defendants Propose**

E.  INSURANCE POLICY INTERPRETATION

46

DRAFT 1/26/07 4:20 P.M.

While it is understood that the parties may seek to introduce extrinsic or other interpretive evidence concerning insurance policies at trial in an Insurance case, the nature or extent of such evidence may be affected by the Fifth Circuit's disposition of the requests for appeal of this Court's November 27, 2006 ruling.   Accordingly, there shall be no discovery of any kind (written, deposition, expert, or otherwise) related to the interpretation of a water damage exclusion or third party negligence exclusion contained in an insurance policy until after such time as there is a ruling by the United States Court of Appeals for the Fifth Circuit on the Petitions for Appeal filed in connection with this Court's November 27, 2006 ruling, and, if one or more Petitions are granted by the Fifth Circuit, until such time as there is a decision on the merits of the appeal.  The Court anticipates that Liaison Counsel shall promptly meet and confer after the issuance of a decision by the Fifth Circuit to discuss the impact of such decision on discovery in these proceedings.  This paragraph applies to all phases of discovery.

**Plaintiffs object to the entirety of this provision.**

VII.    **SPECIAL PROVISIONS REGARDING DEPOSITIONS**

A.   Cooperation:  Counsel are expected to cooperate with, and be courteous to, each other and deponents.

B.   Scheduling.  Within 90 days of the entry of this Order, Liaison Counsel shall meet and confer for the purpose of scheduling depositions as needed for class certification hearings.  Plaintiffs object to this time frame preferring a date sooner rather than later.

C.   Attendance.  Unless otherwise agreed by the parties, depositions may be attended only by the parties, the deponents, the deponent's attorney, in-house counsel for the parties, court reporters, videographers, and any person who is assisting the litigation whose presence is

reasonably required by counsel.  While a deponent is being questioned about any stamped confidential document or the confidential information contained therein, or other matters that the witness and counsel believe in good faith to be confidential, persons to whom disclosure is not permitted under the confidentiality order shall be excluded. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Specifically, counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel are discouraged from attending.

**D.** <u>Examination.</u>  For each deposition, Defendants Liaison Counsel shall designate one but no more than three attorneys as lead interrogators on behalf of the group, each with equal interrogation time to conduct the principal examination concerning issues common to that side and examination by other counsel shall be limited to matters not previously covered. For each deposition, Plaintiffs Liaison Counsel shall, after consultation with the Master Discovery Coordinating Committee, designate one but no more than three attorneys as lead interrogators on behalf of the group, each with equal interrogation time to conduct the principal examination concerning issues common to that side and examination by other counsel shall be limited to matters not previously covered.  The attorney appointed as lead interrogator by Liaison Counsel shall accept and endeavor to comply with written requests from counsel on his or her side asking that specific questions be posed on their behalf at depositions.  The lead interrogator shall also be responsible for determining whether any other parties present at the deposition need to conduct an examination and, if so, for allocating the deposition time appropriately.  The Court will not allow additional

examination time for a witness where counsel failed to coordinate in advance.  Unless further agreed by the parties or established by Order of the Court, deposition time shall be divided equally between plaintiffs and defendants regardless of which side notices the deposition.

E.  <u>Objections</u>.  Absent agreement by the parties to the contrary, the only objections that should be raised at the deposition are those involving a privilege against disclosure or some matter that may be remedied if presented at the time, such as to the form of the question or the responsiveness of the answer.  Objection on other grounds is unnecessary and should generally be avoided.  All objections should be concise and must not suggest answers or otherwise coach the deponent.  Argumentative interruptions will not be permitted.

F.  <u>Directions Not to Answer</u>.  Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion to the Court for termination of the deposition on the grounds it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress a party, counsel or the deponent.  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, other persons to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

DRAFT 1/26/07 4:20 P.M.

**G.** <u>Telephone Depositions.</u>  Attendance at depositions by telephone is permitted, except that counsel designated as lead interrogators and counsel designated to defend the deponent must attend in person.  Any party who wishes to participate by telephone shall provide three business days notice to the party that noticed the deposition.  The party that noticed the deposition is responsible to ensure that telephone participation is available.

**H.** <u>Disputes During Depositions.</u>  Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the Magistrate Judge by telephone.  In the first instance, the parties are directed to negotiate such disputes in good faith.  In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange such a telephone conference call with the Magistrate's Judge's law clerk at the court's earliest convenience.  Facilities shall be provided so that counsel attending the deposition and the reporter can hear the proceedings.  The deposition reporters shall make a transcript of the conference call proceedings, which will be transcribed immediately and bound separately.  During such proceedings, counsel shall have the opportunity to argue to the Court and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

    1.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

2.   None of the provisions in this paragraph shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

3.   Disputes between the parties should be addressed to this Court rather than to the district court in which the deposition is being conducted.

I.   Stipulations.   Unless otherwise agreed among the parties and stated on the record at a particular deposition, the following stipulations shall apply to all depositions in this action:

1.   An objection by a single defendant shall be deemed an objection by all defendants unless otherwise noted; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise noted;

2.   All objections and all motions to strike are reserved until trial, unless the basis for the objection is privilege or one which might have been obviated or removed if presented at the time of the deposition.   Corrections to a deposition shall be listed on an errata sheet, which the deponent shall submit to the court reporter within thirty (30) days of the court reporter's transmittal of the transcript.   The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript;

3.   To the extent practical, exhibits shall be attached to the original transcript, but where the form or bulk of an exhibit makes attachment impractical, the

custody of such exhibit shall be deposited into the repository and shall additionally be maintained by the party who attached the exhibit or as otherwise agreed by the parties participating in the deposition.

**J.** Early Depositions.  By agreement of Liaison Counsel or subject to order of the Court, if the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

**K.** Postponements.  Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five calendar days in advance of the date it is scheduled to occur, except upon agreement by Liaison Counsel or by leave of court for good cause.

**L.** Numbering of Deposition Exhibits.  Each document referred to at deposition shall be referred to by its production number (alpha-numeric) in addition to exhibit numbers except in the case of documents which have not yet received production numbering at the time of the deposition.  Once an exhibit has been numbered, it shall retain that number throughout the case. The court reporter for each deposition will include in each deposition transcript  a list of the exhibits referenced in the deposition.  The noticing party is responsible for verifying that the Court Report has deposited scanned exhibits into the repository.

**M.** Private Consultations.   Private consultations between deponents and their attorneys during the actual taking of the deposition are improper except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the Court for

good cause shown, such conferences may be held during normal recesses and adjournments.

**N.** Location.

**Plaintiffs' Proposal:** Except as otherwise agreed by Liaison Counsel or ordered by the Court, all depositions of fact witnesses who are current or former officers, directors or employees of a party defendant shall be conducted in New Orleans, Louisiana. The location of non-party depositions will be determined by agreement of the counsel who notices the deposition and the witness or his/her counsel.

**Defendants' Proposal:** Except as otherwise agreed by Liaison Counsel or ordered by the Court, all depositions of fact witnesses who are current or former officers, directors or employees of a party defendant shall be conducted in the city and state where such individual resides. The location of non-party depositions will be determined by agreement of the counsel who notices the deposition and the witness or his/her counsel.

**O.** Deposition Day. A deposition day shall commence at ___, and terminate no later than _____ p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. Unless otherwise agreed to by counsel, on Monday through Thursday there should be a one hour and fifteen minute lunch break, one short break during the morning session, and two short breaks during the afternoon session. Breaks shall not be counted against the seven-hour time limit. Absent agreement of Liaison Counsel or order of the Court, no depositions will be scheduled on a Saturday or Sunday. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

**P.** Stenographic Recording.   A certified court reporter shall stenographically record all deposition proceedings and testimony.   The court reporter shall administer the oath or affirmation to the deponent.   A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed.R.Civ.P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

**Q.** Videotaping.  The provisions of this Order regarding examination of deponents apply to videotaped depositions.  Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

**R.** Simultaneous Stenographic Recording.   All videotaped depositions shall be simultaneously stenographically recorded.

**S.** Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of videotaping.

**T.** Videotape Operator.   The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed.R.Civ.P. 28( C ).   At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

**U.** Interruptions.  No attorney shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended curing the deposition only upon stipulation by counsel and "off the record" discussions.  The video operator shall record on camera the time of suspension and any subsequent reconvening during the deposition.

**V.** <u>Attendance</u>.  Where a deposition is videotaped, each witness, attorney, and other person attending the deposition shall identify themselves audibly on the tape at the commencement of the deposition.  Only the deponent (and demonstrative materials used during the deposition) will be videotaped.

**W.** <u>Standards</u>.   The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial.   Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.   To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials sued during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  Eating and smoking by deponents or counsel during the deposition will not be permitted.

**X.** <u>Index</u>.  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

**Y.** <u>Filing</u>.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video tape recording in the same manner as a stenographic court reporter, and file a true copy of the video tape, the transcript, and certificate with Liaison Counsel for whomever notice the deposition.

**Z.** <u>Use</u>.  Depositions may, under the conditions prescribed in Fed.R.Civ.P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) --

    1.  who was present or represented at the deposition,

    2.  who had reasonable notice thereof, or

    3.  who, within thirty (30) days after the filing of the deposition (or, if later, within sixty(60) days after becoming a party in this Court in any action which is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

**AA.**  Deponents with professional licenses, including corporate representatives, will not be asked questions regarding new calculations not presented in the expert report, including the contemporaneous development of calculations at the deposition, unless the party seeking inquire about calculations shall have provided to counsel representing the deponent, at least 7 days before the deposition, the nature, substance, and all predicates and factors associated with the new calculations that will be addressed in the deposition.

**Plaintiffs' Proposal**

## VIII.   FEES [DEFENDANTS OPPOSE THE ENTIRETY OF THIS SECTION]

### A.  Cases within the Levee, Insurance, and MR-GO Umbrellas

1.      The Court recognizes that the discovery contemplated by the parties is voluminous and complicated and as such will require the expenditure of large sums of money and extensive attorney and staff time.  As such, the Court believes that this litigation has advanced to the point that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of plaintiffs from time to time as well as to satisfy judgments that may result in some instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered shall be available to provide for reimbursement of costs, expenses and payment of attorneys' fees to each respective PSLC, the Plaintiffs' Master Committee ("PMC") and other attorneys who have been authorized by a PSLC to perform work for the benefit of plaintiffs in each of the foregoing subgroups of the Katrina Canal Breach Consolidated Litigation and in any other federal-court and state-court proceedings coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

2.      Before making any claim payment to a plaintiff whose action has been consolidated into the Levee, Insurance, or MR-GO subgroup of the Katrina Canal Breaches Consolidated Litigation, or who has benefited from the efforts of these subgroups, defendants in either the Levee, Insurance, or MR-GO subgroup shall deduct from such payments an amount equal to nine (9%) percent of the aggregate of the amount being paid and any amounts to be paid

DRAFT 1/26/07 4:20 P.M.

to the plaintiff in the future; and shall pay such sum as hereinafter provided for deposit into the respective subgroup Fee and Cost Account. The Court is mindful of the fact that a defendant may seek a resolution of claims outside of the consolidated Levee, Insurance, or MR-GO subgroups of the Katrina Canal Breaches Consolidated Litigation. The Court intends, upon a proper showing by each subgroup, that this payment shall apply even in situations where a defendant has reached a settlement with a party or parties not under one of these subgroups but who has benefited from the efforts of a subgroup's time and expense.

3.      In measuring the amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain sums to be made in the future. The requirements shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of this Court, or following remand or transfer from the transferee court to another federal district court for trial, or other provisions of law. The obligation shall follow the case to its final disposition in any state or federal court including a court having jurisdiction in bankruptcy.

4.      Defendants shall have primary responsibility for withholding nine percent (9%) of the claim payments and tendering such sums to the appropriate umbrella subgroup PSLC Fee and Cost Account. If, however, a defendant fails to do so, in addition to the Court's power generally, including the exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

5.      The Court shall establish three insured, interest bearing escrow accounts to receive and disburse funds as provided in this Order. The Court will, by future Order, designate

an escrow agent to manage these accounts. All funds in the account will be held as funds subject to the direction of the Court. All payments required to be made shall be made by the defendant to the escrow agent for deposit into the respective Fee and Costs Account set up for the subgroup into which the plaintiff claims have been consolidated. Payment to the escrow agent shall fully discharge the defendants' obligation under this Order.   Each subgroup shall be responsible for the administration of its respective PSLC Fee and Cost Account.

6.     The payments to be made to the account shall not be disclosed by the escrow agent except upon written order of this Court. The purpose of maintaining confidentiality is to protect the defendants' legitimate concerns regarding disclosure of the amounts that it deposits into the escrow fund inasmuch as knowledge of such amounts would allow calculation of any sums defendants determine should be paid in satisfaction of any obligation it has to a plaintiff covered by this Order. The escrow agent shall report to the Court from time to time the sums that are deposited in the account together with the information supplied to the agent by the paying defendant at the time of deposit that will be sufficient for the agent to determine if the amount deposited is the amount required to be paid under the terms of this Order. The escrow agent shall confer with the defendants and the Court to determine the appropriate form that should be completed and accompany any payment to be made to the escrow agent to allow the escrow agent to verify the accuracy of any payment made.

7.     Upon a proper showing, each respective PSLC will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the respective Fee and Cost Account in such amounts as are determined by the Court, based on the appropriate and controlling law. In making such an award, the Court will first determine the

amount of costs for which reimbursement is appropriate. The amount remaining in each respective Fee and Costs Account after deducting the amount of costs awarded by the Court will be available for any award of counsel fees. In making an award of counsel fees to the any PSLC and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent, and contribution made by each PSLC Attorney who seeks to recover counsel fees from a subgroup Fee and Cost Account, provided, however, that the Court will only consider compensation for those services which were authorized by the respective PSLC. Additionally, the Court recognizes that extensive effort and expense has already been performed by members of the respective PSLC and other counsel assisting in the subgroup cases. As such, any work performed or expenses incurred to date for the benefit of a subgroup shall be deemed compensable or reimbursable under the Order, upon submission to and approval by the respective PSLC, as if the work or expenses were performed or incurred prospectively with the signing of this Order.

8.      Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the total amount of counsel fees payable to individual plaintiff's counsel, it being understood that the PSLC Attorneys' portion shall not diminish the portion of the recovery that any plaintiff would have been entitled to receive had there been no participation by the PSLC Attorneys. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the respective subgroup Fee and Cost Account.

B. Nothing in this Order will prevent any attorney from applying for and receiving an award of attorneys' fees and reimbursement of costs pursuant to governing law in a greater percentage

amount than that provided for herein, in the event that there is a recovery in any action which may be certified as a class action under Federal Rule of Civil Procedure 23.

Defendants Proposed

Defendants object to the fee proposal. In effect, plaintiffs' counsel seeks a self-executing attachment on any insurance or other proceeds, while placing the burden to administer the attachment on the defendants. Insurance defendants specifically object to the proposal as interfering with and imposing obligations on the Insurance Defendants that are not called for under their policies of insurance. The Insurance Defendants are continuing to settle and resolve claims. There are many cases pending in many courts, and some of the plaintiffs before this court are also parties to other proceedings in which they are represented by other counsel. It is extraordinarily difficult – virtually impossible -- for the insurance defendants in connection with their ordinary claims processes to identify everyone who is or who may be a named party to these consolidated proceedings (let alone who may be an absent class member). This provision places the insurance defendants with a Hobson's choice: either withhold 9% and face potential liability to its insured for withholding funds; or not withhold and face potential liability to plaintiffs' counsel for not withholding. The confusion caused by this provision will impede settlements and non-litigation adjustment of claims and further impede the resolution of individual claims.

The burden of providing financing of plaintiffs' counsel's costs and expenses should not be summarily placed on the defendants. It is a matter for counsel to work out consensually with their respective clients pursuant to appropriate fee and expense agreements. It

DRAFT 1/26/07 4:20 P.M.

should not be imposed by the Court, nor should it be directed in a manner that burdens defendants or places them at risk.

## X.   COORDINATION BETWEEN OTHER FEDERAL AND STATE COURTS HANDLING SIMILAR RELATED CLAIMS

The Court is aware that there are many cases pending in the Eastern District Court as well as in other state and federal district courts and elsewhere that include discovery issues pertaining to the levee breaches identical to those addressed in this document. The parties shall explore ways to minimize duplicative or repetitive discovery or proceedings in multiple forums. (Plaintiff Proposes) Further, the Court may appoint a special master or coordinator to assist the Court and the parties in the management of this litigation. Defendant objects to the inclusion of the foregoing sentence.

## XI.   RELIEF

For good cause shown, any party may seek relief from the requirements of this Case Management Order.

Entered this _____ day of _____, 2007, New Orleans, Louisiana.

_____
UNITED STATES DISTRICT JUDGE