IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | § § § § § | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO: ALL CASES | § § § § § § § | |

## MEMORANDUM SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION TO TOLL THE PERIOD DURING WHICH MARITIME SUITS MAY BE FILED BY ALL HURRICANE KATRINA VICTIMS

MAY IT PLEASE THE COURT:

NOW COME Phillip Reed, on behalf of himself and all others similarly situated (the plaintiff in Civil Action No. 06-2152); Lowana Artus, *et al.*, on behalf of themselves and all others similarly situated, (the plaintiffs in Civil Action No. 06-2824); Eric Anderson, on behalf of himself and all others similarly situated (the plaintiff in Civil Action No. 06-5162); Angele J. Guient, *et al.*, on behalf of themselves and all others similarly situated (the plaintiffs in Civil Action No. 07-621); and Laura Greer, *et al.*, on behalf of themselves and all others similarly situated (the plaintiffs in Civil Action No. 07-647) (collectively "Plaintiffs"), and respectfully submit this memorandum in support of their Motion to Toll the Period During Which Maritime Suits May be Filed by All Hurricane Katrina Victims.

Plaintiffs request that the Court enter an order tolling the period during which all victims of Hurricane Katrina are required to file maritime suits against the United States of America (the "Government") under the Suits in Admiralty Act, 46 U.S.C. app. §§ 741 et seq. ("SAA"), the Public Vessels Act, 46 U.S.C. app. §§ 781 et seq. ("PVA") and/or the Extension of Admiralty Jurisdiction Act, 46 U.S.C. app §§ 781 et seq. ("ASA"), until at least six months after the Court decides whether or not to certify a class in these consolidated suits.

## 1. Introduction.

*Reed, Artus, Anderson, Guient and Greer* are all class actions, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class members after Hurricane Katrina made land fall on August 29, 2005, when several levee systems failed as a result of damage caused by maritime dredging activities conducted by the Government (and various contractors) in the Mississippi River Gulf Outlet ("MRGO") and the 17th Street Canal.

Plaintiffs have asserted maritime claims (*in personam*) under the SAA, PVA and AEA, in addition to claims under the FTCA. This was done, in part, because in several reported cases where plaintiffs asserted only claims under the FTCA, after the two-year statute of limitations applicable to SAA, PVA and AEA had run, the Government successfully argued that the claims were maritime in nature and should have been filed under the SAA, PVA and AEA, rather than under the FTCA. Those claims were then dismissed as

untimely because the filing of an administrative claim under the FTCA (a prerequisite to filing suit) does not toll the statue of limitations applicable to maritime claims under the SAA, PVA and AEA. *American Stevedores, Inc. v. Porello*, 330 U.S. 446 (1947) (the availability of a maritime remedy brings the claim outside FTCA); *McCormick v. United States*, 680 F. 2d 345 (5th Cir. 1982); *Palischak v. Allied Signal Aerospace Co.*, 893 F. Supp. 341 (D.N.J. 1995); *Dyer v. U.S.*, 827 F. Supp. 339 (E.D. Penn. 1993); *Duke v. U.S.*, 711 F. Supp. 332 (E.D. Tx. 1989).

The PVA and the SAA contain <u>no</u> statutory requirement that claims be administratively exhausted before being filed in court. However, the AEA provides that "[n]o suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 U.S.C. app. § 740. In order to meet this AEA administrative filing requirement and still be able to meet the two-year statute of limitations imposed by the PVA and SAA, a claimant <u>must</u> <u>file</u> <u>his</u> <u>administrative</u> <u>claim</u> six months <u>before</u> the two-year anniversary of the incident that prompted the claim. This is the only way a claimant can (1) file the administrative claim six months before filing suit and (2) meet the two-year deadline to file suit. *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340 (5th Cir.), *cert. denied*, 502 U.S. 819 (1991).

Aware of these issues and because the Court has not yet decided if the claims of Hurricane Katrina victims are maritime in nature (actionable under the PVA, SAA and/or AEA) or should be brought under the FTCA, Plaintiffs' liaison counsel reached the following stipulation with the Government:

> The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(B)(1), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740.

This stipulation, which was included in the proposed Case Management Order (Exhibit "1") and on which Plaintiffs' counsel relied, meant that all Hurricane Katrina victims had until August 29, 2007 to file their administrative claims, regardless of whether they are maritime in nature (actionable under the PVA, SAA and/or AEA) or whether they should be brought under the FTCA.

However, to the surprise of Plaintiffs' counsel, on February 20, 2007, Mardi Gras Day, the Government sent a letter (Exhibit "2"), which essentially says that if the claims are maritime in nature, they must be administratively filed no later than February 28, 2007. Plaintiffs' counsel have attempted to notify Hurricane Katrina victims about this new date, but the task simply cannot be accomplished in two days. This new date caught Hurricane Katrina victims (many of whom have relied on the class action filed to protect their interests) by surprise.

### 2. The filing of class action suits tolled the period during which maritime claims must be filed.

In *McCormick v. United States*, 680 F.2d 345 (5th Cir. 1982), the Fifth Circuit held "that the two-year limitation provision on suits under the SAA can be tolled under appropriate circumstances where to do so would not defeat the purpose of the provision, which is to encourage those with claims against the United States to present their claim promptly and diligently, and where injustice to the plaintiff would otherwise result." The Fifth Circuit relied on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), where the United States Supreme Court held that the filing of a class action suit tolls the limitation provisions until the Court decides whether to certify the class. *See also Favorite v. Marine Personnel and Provisioning, Inc.*, 955 F. 2d 382 (5th Cir. 1992).

Subsequently, other Courts have held that the filing of a class action tolls the statute limitations as to all members of a putative class, <u>even when</u> the Government waives its sovereign immunity. *Crown, Cock & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983); *Platoro Limited, Inc. v. Unidentified Remains of a Vessel*, 614 F.2d 1051 (5th Cir. 1980); *Lanzas v. American Tobacco Company, Inc.*, 46 Fed. Appx. 732 (5th Cir. 2002); *In re: Factor VIII or IX Concentrate Blood Products Litigation*, 2000 WL 282787 (E.D. La. 2000); *Barclay v. United States*, 351 F. Supp. 2d 1169 (D. Kansas 2004); *Orleans Parish School Bd. v. United States Gypsum Co.*, 892 F. Supp. 794 (E.D. La. 1995).

In our case, Plaintiffs have filed at least <u>five</u> class action suits asserting maritime claims under the SAA, PVA and AEA. Plaintiffs will be filing class-action motions in the near future, in accordance with the orders of the Court. Therefore, pursuant to the authorities cited above, the maritime claims of <u>all</u> putative class members are tolled as a matter of law at least until the Court decides the class-certification motions.

Plaintiffs are aware that a motion to toll the statute of limitations could be brought at a later time. However, given the anguish that all Hurricane Katrina victims are experiencing due to the incertitude about being able to file maritime administrative claims within the next twenty-four hours, the Court should act now and enter an order tolling the two-year limitation period applicable to the maritime claims (under the SAA, PVA and AEA) of all putative class members at least until six moths after the Court decides the class-certification motions.

3. **The deadline for filing maritime suits should be equitably tolled because Plaintiffs relied on their stipulation with the Government.**

In *American Pipe & Construction v. Utah*, the Supreme Court stated:

> [I]n cases where the plaintiff has refrained from commencing suit during the period of limitation because of inducement by the defendant, Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770, or because of fraudulent concealment, Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, this Court has not hesitated to find the statutory period tolled or suspended by the conduct of the defendant.
>
> (414 U.S. at 557-59)

6

In our case, Plaintiffs' counsel relied on the stipulation with the Government. In the absence of such stipulation Plaintiffs would have learned earlier of their need to file administrative claims under the SAA, PVA and/or AEA. The Government's action in notifying Plaintiffs' counsel on February 20, 2007, Mardi Gras Day — — while all offices were closed — — of the need to file administrative claims no later than February 28, 2007 justifies equitable tolling by the Court. Otherwise injustice to all Hurricane Katrina victims will occur. *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537 (W.D. La. 2001).

### 4. Conclusion.

For all the reasons set forth above, the Court should enter an order <u>now</u> tolling, until six months after the Court decides the class-certification motions, the date by which all Hurricane Katrina victims are required to file their maritime claims under the SAA, PVA and/or AEA.

Respectfully Submitted:

*s/Joseph M. Bruno*
Joseph M. Bruno (Louisiana Bar No. 3604)
David S. Scalia (Louisiana Bar No. 21369)
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, LA 70113
Telephone: 504-525-1335
Facsimile: 504-561-5775
E-Mail: jbruno@brunobrunolaw.com
Liaison Counsel for all Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26${}^{th}$ day of February, 2007 served a copy of the foregoing pleading on all parties to this proceeding electronically via the courts CM/ECF system.

*s/Joseph M. Bruno*
JOSEPH M. BRUNO
