UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:   ALL CASES | SECTION "K"(2) |

### ORDER AND REASONS

Late on the afternoon of February 26, 2007, the Court received a pleading captioned "Plaintiff's Motion to Toll the Period During Which Maritime Suits May Be filed by All Hurricane Katrina Victims" together with an accompanying memorandum and Motion for Expedited Hearing.  This motion was filed subsequent to a telephone conference with Liaison Counsel for Plaintiffs Joe Bruno, Liaison Counsel for Defendants, Ralph Hubbard, Gerald Meunier, a member of the Plaintiffs' Liaison Committee and Robin Smith, Attorney for the United States in these proceedings.  The attorneys representing the plaintiffs expressed concern that the deadline for filing administrative claims under the Admiralty Extension Act was imminent and that plaintiffs' understanding of an agreement with the United States concerning the limitation had been contradicted in a letter dated Feb. 20, 2007 from Sharon K. Shutler, an attorney with the Department of Justice.

The Court stated that it could take no action on this issue without the filing of an appropriate motion.  As stated, plaintiffs filed the above-noted motion late on Monday afternoon, and the Court received a copy of the Government's opposition to that motion late this afternoon, Wednesday, February 28, 2007.  Because this motion deals with a limitation period that is ostensibly due to expire March 1, 2007, the Court is constrained to rule on the motion

expeditiously. The Court, therefore, has had precious little time to examine the memorandum and the law, but is compelled to make this ruling with alacrity and without the usual thoroughness which is its custom.

The parties have been working on a draft Case Management Order which was presented to the Court approximately one month ago, and the Court has been in the process of revising and consulting with Liaison Counsel prior to issuing that order. In the draft presented by Liaison Counsel, Plaintiffs' Liaison Counsel reached the following stipulation with the Government:

> The Plaintiffs and the United States of America agree that the timely filing of a valid claim under the Federal Tort Claims Act, 28 U.S.C. §§1346(B)(a), 2671-2680, will constitute the filing of a valid claim under the Admiralty Extension Act, 46 U.S.C. app. § 740.

It was plaintiffs' understanding that this stipulation meant that if a claim were timely filed under the Federal Tort Claims Act ("FTCA"), it would likewise be timely under the Admiralty Extension Act. According to the Government, it was its intention that the stipulation meant that a claim filed under the FTCA would also serve as a claim under the Admiralty Extension Act ("AEA"), but it was not its intention to enlarge the statutory time requirements set forth in the AEA. Under the AEA, a prospective plaintiff must file his or her administrative claim within 18 months of the occurrence at issue in order to be able to file timely within the two year statute of limitations. Some courts have described this as having the effect of reducing the statute of limitation to 18 months. *E.g. Loeber v. The Bay Tankers, Inc.*, 924 F.2d 1340 (5th Cir. 1991).

Plaintiffs ask this Court to hold that the class action suits filed in this umbrella toll the statute of limitations as to all members of a putative class. Moreover, plaintiffs state that the statute of limitations should be equitably tolled because plaintiffs relied on the stipulations of the Government.

The Government contends that the Case Management Order has not yet been entered and that plaintiffs' understanding of the draft language was inaccurate.  Furthermore, it maintains that on February 13, 2007, Joe Bruno approached Robin Smith in this Court's courtroom and asked him whether administrative claims under the AEA were subject to the same limitations period as claims under the FTCA.  The Government contends that Mr. Bruno informed Mr. Smith that some of his colleagues were telling him that administrative claims had to be filed within 18 months for purposes of the AEA.  Mr. Smith contends that he informed Mr. Bruno that this was his understanding and would verify it in writing.  Subsequently the Feb. 20th letter noted above was sent to Mr. Bruno.

**Analysis**

Plaintiffs have cited cases to the Court which do hold that a pending class action tolls the statute of limitations for the putative class members.  This is clearly the law in a typical class action situation.  However, the law is also clear that in an FTCA or AEA claim, all persons must timely file an administrative claim in the appropriate form prescribed by law.  Courts that have allowed class actions have unanimously stated that a class action may be brought under the FTCA (or AEA) only if each claimant has satisfied the jurisdictional prerequisites for maintaining a suit under the FTCA. *Hoskins v. United States*, 2001 WL 175237, *3 *citing Founding Church of Scientology of Washington, D.C. Inc. v. Director , Fed. Bureau of Investigation,* , 459 F. Supp. 748, 755 (D.C.C. 1978) *and cases cited therein.* Moreover, the statute itself is jurisdictional.  *See Loeber*, 924 F.2d at 1342.  Therefore, this Court can only in

3

the most extraordinary of circumstances toll the statute of limitation. *See Loeber*, 924 F.2d at 1343–44.

The *Loeber* court recognized that equitable tolling may be appropriate when the defendant has induced the plaintiff to refrain from commencing suit or when fraudulent concealment has occurred. The Court also referred to *McCormick v. United States*, 680 F.2d 345 (5th Cir. 1982) where the Court held that the Suits in Admiralty Act two-year provision can be tolled "under appropriate circumstances."

This Court is not convinced in the very short time it has had to examine this issue, that it has the power or the authority to enter a blanket tolling order with respect to the AEA, and the Court will not do so. There has not been a sufficient showing to the Court that individual plaintiffs were misled by the Government as to the appropriate filing period under the AEA. Additionally, the fact that class actions have been filed do not alleviate the responsibility of each putative class member (assuming that a class action is allowed under the AEA) to file an administrative claim. However, by this ruling, the Court is not holding that any individual claim is or is not equitably tolled. In order to make this determination, specific evidence of an individual claim must be presented to the Court in the event that the Government takes the position that a particular claim is untimely and the plaintiff takes the position that the claim is equitably tolled. Accordingly,

**IT IS ORDERED** that Plaintiffs' Ex-Parte Motion for Expedited Hearing on Their Motion to Toll the Period During Which Maritime Suits May be Filed by All Hurricane Katrina Victims (Doc. 3260) is **GRANTED** without oral argument and is taken on the papers.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Toll the Period During Which Maritime Suits May Be filed by All Hurricane Katrina Victims" is **DENIED**.

New Orleans, Louisiana, this <u>28th</u> day of February, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**