## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | |
| ——————————————————— | * | JUDGE DUVAL |
| | * | |
| PERTAINS TO: | * | MAG. WILKINSON |
| | * | |
| LEVEE:      06-5042 (COHEN) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes defendant, The Orleans Levee District, and for answer to plaintiffs' Class Action Complaint respectfully represents:

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

As to all actions and inactions as alleged in the Petition for Damages, defendant is entitled to discretionary immunity pursuant to La. R.S. 9:2798.1.

-1-

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, pursuant to La. R.S. 13:5106, defendant is entitled to a limitation on liability for general damages.

## FOURTH DEFENSE

Defendant affirmatively alleges that, prior to the subject incidents, it never had notice (whether "actual" or "constructive") of any "vice or defect" which allegedly caused plaintiffs' (and members of the putative class') harm.  *See* La. R.S. 9:2800.

## FIFTH DEFENSE

Defendant affirmatively alleges that it never had a "reasonable opportunity to remedy the defect," the existence of which is strictly denied.  *See* La. R.S. 9:2800.

## SIXTH DEFENSE

Defendant affirmatively alleges that it exercised no authority or jurisdiction over the individuals or entities which were responsible for the design and construction of the levee systems at issue.

## SEVENTH DEFENSE

If defendant was negligent or at fault, which is specifically denied, then the negligence or fault of defendant should be compared to the negligence or fault of other persons, both parties and non-parties to the present action; and any recovery against defendant should be reduced accordingly.

## EIGHTH DEFENSE

Defendant affirmatively alleges that any losses suffered by plaintiffs (and members of the putative class) were caused by a natural disaster which was not caused by the negligence of any man/entity, including this defendant.

## NINTH DEFENSE

Defendant affirmatively alleges that the plaintiffs (and members of the putative class) were negligent in failing to follow repeated lawful orders to evacuate and such other acts or omissions which may be proven at trial.

## TENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## ELEVENTH DEFENSE

Defendant affirmatively alleges that the levee was constructed in accordance with specific federal guidelines.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) failed to mitigate their damages.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that, at all times relevant herein, it acted as a Federal Officer and/or as a Federal Contractor. *See* 28 U.S.C. § 1442(a)(1).

## FOURTEENTH DEFENSE

Plaintiffs' (and the putative class members') claims against defendant are barred, in whole or in part, by the Supremacy Clause, Article VI of the United States Constitution, because those claims are preempted by federal law, including 33 U.S.C. § 701, *et seq.*

## FIFTEENTH DEFENSE

The certification and maintenance of this class action as a class action would violate the

Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

## SIXTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs (or members of the putative class) were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause(s) for which defendant may not be held responsible.

## SEVENTEENTH DEFENSE

Defendant affirmatively alleges that it is immune from liability for any damages caused by flood waters. *See* 33 U.S.C. § 702(c), and La. R.S. 29:735 and 9:2793.1.

## EIGHTEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to join one or more persons needed for the just adjudication of the instant lawsuit. *See* FRCP 19(a).

## NINETEENTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) have failed to plead their claims with requisite particularity.

## TWENTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') injuries and damages resulted from circumstances and causes that could not have been prevented by defendant.

## TWENTY-FIRST DEFENSE

Defendant affirmatively alleges that to the extent that plaintiffs (and members of the putative class) have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not subject to the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to assert other defenses unknown to it at this time and to adopt any affirmative defenses filed by any other party.

## TWENTY-THIRD DEFENSE

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both State and Federal, with respect to the conduct alleged in plaintiffs' (and members of the putative class') Complaint.

## TWENTY-FOURTH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') allegations are improperly vague and ambiguous. As such, defendant reserves the right to seek more definite allegations from plaintiffs (and members of the putative class) and to amend its Answer.

## TWENTY-FIFTH DEFENSE

Defendant affirmatively alleges Lis Pendens.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively alleges that this matter cannot be properly maintained as a class action.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively alleges that this action was filed in an improper and/or inconvenient venue.

### TWENTY-EIGHTH DEFENSE

Defendant affirmatively alleges application of the Federal Tort Claims Act.

### TWENTY-NINTH DEFENSE

Defendant affirmatively alleges that plaintiffs (and members of the putative class) are not entitled to attorney's fees.

### THIRTIETH DEFENSE

Defendant affirmatively alleges that plaintiffs' (and members of the putative class') claims are, in whole or in part, barred by the applicable period of limitations or prescriptive/peremptive period.

### THIRTIETH FIRST DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.17.

**AND NOW**, answering separately the allegations of the Complaint, defendant, The Orleans Levee District, admits, denies and avers as follows:

I.

Defendant denies the allegations of Paragraph 1 to the extent they state or imply any fault, negligence or liability on the part of this defendant; the balance of Paragraph 1 is denied.

II.

Defendant denies the allegations of Paragraph 2 to the extent they state or imply any fault,

-6-

negligence, or liability on the part of this defendant; the balance of Paragraph 2 is denied.

III.

The allegations of Paragraph 3 are denied.

IV.

The allegations of Paragraph 4 are denied.

V.

Defendant does not deny the jurisdiction of this court.

VI.

The allegations of Paragraph 6, insofar as they concern this defendant, are admitted.

VII.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

Defendant admits this court has jurisdiction, however, Paragraph 8 is denied.

IX.

The allegations of Paragraph 9 contain a legal conclusions which require no answer from this defendant.

X.

The allegations of Paragraph 10 are denied for lack of sufficient information as to the claims at issue.

XI.

The allegations of Paragraph 11 require no answer. To the extent an answer may be deemed

necessary, defendant denies that this matter is suited for continuation as a class action.

## XII.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations of Paragraph 18 require no answer. To the extent an answer may be deemed necessary, defendant denies that this matter is suited for continuation as a class action.

XIX.

The allegations of Paragraph 19 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes. The allegations of Paragraph 19(b-j) require no answer from this defendant.

XX.

The allegations of Paragraph 20 are admitted.

XXI.

Except to admit the existence of levee and/or flood wall breaches at the 17th Street Canal, London Avenue Canal, and Industrial Canal, the allegations of Paragraph 21 are denied to the extent they states or implies any fault, negligence, or liability on the part of this defendant. Further answering, the balance of Paragraph 21 is denied.

XXII.

The allegations of Paragraph 22 are admitted.

XXIII.

The allegations of Paragraph 23 are denied as written

XXIV.

The allegations of Paragraph 24 are denied as written.

XXV.

The allegations of Paragraph 25 require no answer from this defendant.

XXVI.

The allegations of Paragraph 26 require no answer from this defendant.

.

## XXVII.

The allegations of Paragraph 27 require no answer from this defendant, however, to the extent an answer is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXVIII.

Defendant denies the allegations of Paragraph 28 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 28 is denied for lack of sufficient information to justify a belief therein.

## XXIX.

Except to admit the occurrence of some subsidence, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

## XXX.

Defendant denies the allegations of Paragraph 30 to the extent they state or imply any fault, negligence, or liability on the part of this defendant; the balance of Paragraph 30 is denied for lack of sufficient to justify a belief therein.

## XXXI.

The allegations of Paragraph 31 are admitted.

## XXXII.

The allegations of Paragraph 32 require no answer from this defendant.

## XXXIII.

The allegations of Paragraph 33 are admitted.

## XXXIV.

The allegations of Paragraph 34 require no answer from this defendant.

## XXXV.

The allegations of Paragraph 35 require no answer from this defendant.

## XXXVI.

The allegations of Paragraph 36 require no answer from this defendant.

## XXXVII.

Defendant admits that Burk-Kleinpeter, Inc. performed engineering work.  The remaining allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

## XXXVIII.

Defendant admits that B&K Construction Company, Inc. performed construction work. The remaining allegation of Paragraph 38 are denied for lack of sufficient information to justify a belief therein..

## XXXIX.

The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

## XL.

The allegations of Paragraph 40 are denied.

## XLI.

In response to the allegations contained in Paragraph 41, subparts (a) through (g), defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

XLII.

In response to the allegations contained in Paragraph 42, defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

XLIII.

In response to the allegations contained in Paragraph 42, defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

XLIV.

In response to the allegations contained in Paragraph 44, defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes

XLV.

In response to the allegations contained in Paragraph 45, defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes

XLVI.

In response to the allegations contained in Paragraph 46, subparts (a) through (h), defendant admits it maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes

XLVII.

The allegations of Paragraph 47 are admitted.

-12-

XLVIII.

The allegations of Paragraph 48 are admitted.

XLIX.

The allegations of Paragraph 49 are admitted.

L.

The allegations of Paragraph 50 are denied.

LI.

The allegations of Paragraph 51 are admitted only to the extent that defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

LII.

The allegations of Paragraph 52 are denied insofar as a portion of the 17th Street Canal also lies in Jefferson Parish. The balance of Paragraph 52 is admitted only to the extent that the stated canals are within the geographic jurisdiction of this defendant.

LIII.

The allegations of Paragraph 53 are denied as defendant had not duty to test the stated canals,.

LIV.

The allegations of Paragraph 54 contain legal conclusions which require no answer from this defendant. To the extent an answer may be deemed necessary, defendant maintains and operates flood control structures in accordance with specific contractual instructions from the United States Government, as well as state and federal regulations and statutes.

LV

The allegations of Paragraph 55 are denied.

LVI.

Defendant admits the occurrence of an accident involving a New Orleans Public Belt Railroad derailment on September 11, 2004, as alleged in Paragraph 56.

LVII.

The allegations of Paragraph 57 are admitted insofar as flood gate W30 is within the geographic jurisdiction of the Orleans Levee District.

LVIII.

The allegations of Paragraph 58 are admitted.

LIX.

Defendant admits receiving a tender from the New Orleans Public Belt Railroad in the amount of $427,387.96, as alleged in Paragraph 59.

LX.

The allegations of Paragraph 60 are denied as written.

LXI.

The allegations of Paragraph 61 require no answer from this defendant.

LXII.

The allegations of Paragraph 62 require no answer from this defendant.

LXIII.

The allegations of Paragraph 63 require no answer from this defendant.

### LXIV.

The allegations of Paragraph 64 require no answer from this defendant.

### LXV.

The allegations of Paragraph 65 are denied insofar as they concern this defendant.

### LXVI.

The allegations of Paragraph 66 require no answer from this defendant.

### LXVII.

The allegations of Paragraph 67 require no answer from this defendant.

### LXVIII.

The allegations of Paragraph 68 require no answer from this defendant.

### LXIX.

The allegations of Paragraph 69 require no answer from this defendant.

### LXX.

The allegations of Paragraph 70 are denied insofar as they concern this defendant.

### LXXI.

The allegations of Paragraph 71 are denied insofar as they concern this defendant.

### LXXII.

The allegations of Paragraph 72 are denied for lack of specific information to justify a belief therein.

### LXXIII.

The allegations of Paragraph 73 are denied for lack of specific information to justify a belief therein.

LXXIV.

The allegations of Paragraph 74 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 74 are denied.

LXXV.

The allegations of Paragraph 75 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  To the extent an answer may be deemed necessary, the allegations of Paragraph 75 are denied.

LXXVI.

The allegations of Paragraph 76 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 76 are denied.

LXXVII.

The allegations of Paragraph 77 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.   To the extent an answer may be deemed necessary, the allegations of Paragraph 77 are denied.

LXXVIII.

The allegations of Paragraph 78 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  Further answering, defendant avers that the allegations can neither expand nor limit the law. To the extent an answer may be deemed necessary, the allegations of Paragraph 78 are denied.

LXXIX.

The allegations of Paragraph 79 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  To the extent an answer may be deemed necessary, the allegations of Paragraph 79 are denied.

LXXX.

The allegations of Paragraph 80 contain legal conclusions which require no answer as the statutes on class actions speak for themselves.  To the extent an answer may be deemed necessary, the allegations of Paragraph 80 are denied.

LXXXI.

The allegations of Paragraph 81 contain legal conclusions which require no answer.

**WHEREFORE,** defendant, The Orleans Levee District, prays that this answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of said defendant and against plaintiffs (and members of the putative class), dismissing all of the claims of the plaintiffs (and members of the putative class) against it, with prejudice, and at plaintiffs' (and members of the putative class') cost.

Respectfully submitted,

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & MCDANIEL
3445 N. Causeway Boulevard, Ste. 800

Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492

-and-

JAMES L. PATE (#10333)
BEN L. MAYEAUX (#19042)
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Post Office Drawer 52828
Lafayette, LA 70505-2828
Telephone: (337) 237-7000
ATTORNEYS FOR DEFENDANT,
ORLEANS LEVEE DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion was electronically filed with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

participating counsel of record. I also certify that I have mailed the foregoing by United States Postal

Service, First Class, to all non-CM/ECF participants, this _1st_ day of _March_, 2007.

THOMAS P. ANZELMO, T.A. (#2533)
MARK E. HANNA (#19336)
KYLE P. KIRSCH (#26363)
ANDRE J. LAGARDE (#28649)
DARCY E. DECKER (#30469)

-18-