# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 "K" (2)<br>JUDGE DUVAL<br>MAG. WILKINSON |
| _____ | _____ |
| **PERTAINS TO: ST. RITA**<br><br>(Alfonso, No. 06-9641)<br>(Aliff, No. 06-9642)<br>(Alonzo, No. 06-8759)<br>(Anguzza, No. 06-9038)<br>(Beatmann, No. 06-8947)<br>(Bell, No. 06-9037)<br>(Berthelot, No. 06-8810)<br>(Bracklein, No. 06-7633)<br>(Conlon, No. 06-9321)<br>(Darsam, No. 06-9569)<br>(Hubert, No. 06-8219)<br>(Depascual, No. 06-8982)<br>(Dorand, No. 06-9191)<br>(Franz, No. 06-10426)<br>(Frischhertz, No. 06-8821)<br>(Gallodoro, No. 06-9206)<br>(Gonzales, No. 06-8972)<br>(Herzog, No. 06-8992)<br>(Johnson, No. 06-7400)<br>(Kenney, No. 06-7355)<br>(Lepine, No. 06-8881)<br>(Lewis, No. 06-8107)<br>(Lott, No. 06-9236)<br>(Verges, No. 06-8731)<br>(Montalbano, No. 06-8963)<br>(Morales, No. 06-5962)<br>(Mullins, No. 06-7082)<br>(Poissenot, No. 06-7858)<br>(Rodrigue, No. 06-6639)<br>(Sanderson, No. 06-8731)<br>(Thedy, No. 06-8106) | SECTION "K"<br>JUDGE STANWOOD R. DUVAL, JR.<br><br>MAGISTRATE 2<br>MAGISTRATE JOSEPH C. WILKINSON, JR. |

**(Thomason, No. 06-9192)**
**(Wagner, No. 06-8761**)
**(Vidrios, No. 06-10790)**
**(Lopez, No. 07-0269)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LOUISIANA STATE DEFENDANTS' REPLY**
**MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Third-party defendants, Kathleen Blanco, in her official capacity as Governor of the State of Louisiana; State of Louisiana, Department of Transportation and Development; Johnny Bradberry, in his official capacity as Secretary of the Louisiana Department of Transportation and Development; State of Louisiana, Department of Health and Hospitals; Frederick P. Cerise, M.D., in his official capacity as Secretary, Department of Health and Hospitals; State of Louisiana, Office of the Attorney General; Charles Foti, in his official capacity as Attorney General of the State of Louisiana (collectively the "Louisiana Defendants"), respectfully submit this reply memorandum in support of their motion to dismiss.

**I.      PROCEDURAL BACKGROUND**

These cases stem from the flooding of St. Bernard Parish following Hurricane Katrina. Numerous former residents of St. Rita's Nursing Home (or their heirs) filed suit against Buffman, Inc., Salvador Mangano and Mabel Mangano (collectively, "St. Rita") for their injuries or death following the Hurricane. Notably, all individual plaintiffs filed suit in state court.

St. Rita answered the suits, but also filed third-party demands against a host of parties, alleging that these parties were liable to St. Rita under theories of contribution and/or indemnity. Specifically, St. Rita named (among other local defendants) the Louisiana Defendants and the

United States of America. Pursuant to applicable law, the United States timely removed the cases to this forum.

The Louisiana Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(1), asserting sovereign immunity under the Eleventh Amendment. The Eleventh Amendment denies federal courts the power to hear claims brought by citizens of a state (like St. Rita) against the state and its agencies (such as the Louisiana Defendants), unless the state waives its immunity and/or consents. The Louisiana Defendants do not consent, and have asserted their immunity.

St. Rita now presents a confusing and inapposite argument to defeat the Louisiana Defendants' immunity. As explained below, St. Rita's argument falls flat. The Eleventh Amendment precludes this Court from hearing St. Rita's claims against the Louisiana Defendants.

## II.     ARGUMENT

### A.     The Eleventh Amendment Bars the Court from Hearing St. Rita's Claims Against the Louisiana Defendants.

The Eleventh Amendment of the United States Constitution states:

> The judicial powers of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

St. Rita's third-party demand is a "suit in law or equity, commenced or prosecuted against one of the United States." A state is immune from private suits brought by its own citizens or citizens of another state unless the state consents. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974); *Alden v. Maine*, 527 U.S. 706, 712-13, 119 S.Ct. 2240, 2246 (1999).

Further, Louisiana has not waived its sovereign immunity. In fact, Louisiana law explicitly provides that "[n]o suit against the state or a state agency or political subdivision shall

be instituted in any court other than a Louisiana state court." La. Rev. Stat. § 13:5106(A).  *See also Anderson v. Phelps*, 655 F.Supp. 560, 564 (M.D.La. 1985)(recognizing that "Louisiana has not consented to [being] sued in federal court…").  The Louisiana Defendants have asserted their immunity in this forum, and  exercise their legal right to have these claims adjudicated in a state forum.

**B.     St. Rita's Cited Authority is Inapposite; the Louisiana Defendants' Eleventh Amendment Sovereign Immunity is Intact.**

As stated above, the Eleventh Amendment provides that states are not subject to suits in a federal forum when "commenced or prosecuted" by a state citizen.  Here, St. Rita – state citizens –commenced and prosecuted a third-party demand against the Louisiana Defendants.  On its face, the Eleventh Amendment applies.

To combat this result, St. Rita concocts an argument that the Eleventh Amendment and the doctrine of sovereign immunity do not deprive the Court of subject matter jurisdiction over the third party demand.  St. Rita points out that the Eleventh Amendment does not apply when the *United States* brings a third-party demand against a state, and cites five cases to that effect.[1] Some courts have held that states cannot invoke Eleventh Amendment immunity when sued by the United States.  But, St. Rita cites no case holding that the Eleventh Amendment does not apply when a state is sued by a state citizen.  Therefore, even assuming, *arguendo*, that St. Rita is correct that the Eleventh Amendment has no effect when the United States brings a third party demand against a state, its argument has no bearing on the instant matter.  St. Rita's third-party demand is a suit "commenced" and "prosecuted" by a state citizen, and not by the United States.

---

[1]    St. Rita cites the following five cases from sister circuits in support of its argument:  *Bethel Native Corp. v. Dept. of Interior*, 208 F.3d 1171, 1177 (9th Cir. 2000); *Barrett v. United States*, 853 F.2d 124, 127 (2d Cir. 1988); *United States v. Hawaii*, 832 F.2d 1116, 1117 (9th Cir. 1987); *Parks v. United States*, 784 F.2d 20, 23 (1st Cir. 1986); *United States v. Illinois*, 454 F.2d 297, 300 (7th Cir. 1971).

- 4 -

St. Rita's cited authority (and argument, generally) is premised upon a misapplication of law. Specifically, the five cases cited by St. Rita involve factual instances where the *United States* impleaded a state defendant. For example, St. Rita cites the *Barrett* decision for the principle that "the Eleventh Amendment and the doctrine of sovereign immunity did not provide the State immunity from the <u>United States' third party demands</u> in federal court." *See* Opposition at 4 (emphasis added). While this may be a correct statement of law, it has no applicability to the case now before the Court.

St. Rita's cases are red-herrings. Here, <u>the United States has not filed any claim against the Louisiana Defendants</u>. Rather, the Louisiana Defendants are faced only with a suit "commenced" and "prosecuted" by St. Rita – state citizens.[2] Accordingly, sovereign immunity under the Eleventh Amendment still applies.

### C.     Dismissal of the Louisiana Defendants is Proper.

Like St. Rita, the Louisiana Defendants are unable to locate Fifth Circuit authority directly on point. Unlike St. Rita, however, the Louisiana Defendants present persuasive (and relevant, on-point) authority confirming that the Eleventh Amendment applies to the Louisiana Defendants here.

In *First Massachusettes Bank v. Daoust*[3], a federal district court considered an almost identical issue. In *Daoust,* a plaintiff brought an interpleader action against the Commonwealth of Massachusetts and the United States. The United States removed the case to federal court,

---

[3] 214 F.Supp.2d 79 (D.Mass 2002).

NO.99764282.1

and the Commonwealth asserted Eleventh Amendment immunity.  Importantly, <u>the United States did not implead the state defendant,</u> but simply removed the case to federal court.

The United States argued that Eleventh Amendment immunity did not apply, saying that "because the United States, rather than the private citizen, *removed* the case to Federal Court, Massachusetts' Eleventh Amendment immunity is not implicated."  Id. at 81.  The United States based its argument "on analogy to opinions that have ruled that states cannot invoke the Eleventh Amendment when sued by the United States."  Id.

The *Daoust* court disagreed, holding that Eleventh Amendment immunity did apply.  Id. at 82-83.  The court further implied that it would grant a motion to dismiss should the Commonwealth choose to raise one.  Id. at 83.  In rejecting the United States' challenge to the Commonwealth's sovereign immunity, the court noted that "[a]lthough the United States forwards a novel theory -- that removal to the federal court by the United States is analogous to third-party impleading of a state -- ….the suit remains one 'commenced' and 'prosecuted' by a private citizen *against the defendant state.*"  The court found a contrast between state citizens commencing the suit, and the United States commencing a suit,  holding that "[i]n the impleader situation, the [state] must defend itself, as a third-party defendant, only against the *United States*."  Id. at 82.  The court concluded that "the United States' right to remove does not and cannot preclude the [state] from raising its assertion of Eleventh Amendment protection."  Id.

This is precisely the issue in the matter *sub judice*.  The United States has not sued the Louisiana Defendants.  Rather, the Louisiana Defendants were served with a third-party demand by St. Rita – a state citizen.  The Eleventh Amendment applies, and this Court must dismiss the Louisiana Defendants from this forum.

As an aside, St. Rita argues that it impleaded the Louisiana Defendants in state court, and "had absolutely no intention of prosecuting their third-party demands…in Federal Court." *See* Opposition at 5. This does not matter. The only important point is that the third-party demand was filed against the Louisiana Defendants by St. Rita – and not by the United States. The third-party demand is a suit "commenced or prosecuted" by a citizen against the state. Moreover, the United States has not brought claims against the Louisiana Defendants. Accordingly, the Eleventh Amendment compels this Court to dismiss the claims against the Louisiana Defendants.

### D.      The Louisiana Defendants are not Concerned with the Manner of Dismissal.

The Louisiana Defendants do not wish to complicate matters by arguing form over substance. While the Louisiana Defendants have requested relief in the form of a dismissal with prejudice, they are similarly amenable to dismissal without prejudice, or any other relief that removes them from federal court. Simply put, St. Rita's demand against the Louisiana Defendants are proper only in state court.

### III.    CONCLUSION

For the reasons stated above, and in their original memorandum in support of their motion to dismiss, the Louisiana Defendants pray that this Court uphold the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity, and dismiss the St. Rita Defendants' claims against the Louisiana Defendants.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY:   /s/   Brent B. Barriere
      Brent B. Barriere (La. Bar No. 02818)
      Special Assistant Attorney General

      Susie Morgan (La. Bar No. 09715)
      Catherine E. Lasky (La. Bar No. 28652)
      Robert R. Wood, Jr. (La. Bar No. 29488)
      **PHELPS DUNBAR LLP**
      Canal Place
      365 Canal Street • Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: (504) 566-1311
      Telecopier: (504) 568-9130

**STATE OF LOUISIANA, DEPARTMENT OF**
**TRANSPORTATION AND DEVELOPMENT,**
**JOHNNY BRADBERRY, SECRETARY**

**BY:** /**s**/   William M. Hudson, III
      William M. Hudson, III (La. Bar No. 1970)
      Special Assistant Attorney General
      Oats & Hudson
      100 East Vermillion Street, Suite 400
      Lafayette, LA  70501
      Telephone:  (337) 233-1100
      Facsimile:  (337) 233-1178

      Clifton O. Bingham, Jr. (La. Bar No. 3052)
      Special Assistant Attorney General
      Oats & Hudson
      343 Third Street, Suite 550
      Baton Rouge, LA  70801
      Telephone:  (225) 383-9993
      Facsimile:  (225) 383-6993

      Michael M. Duran, Sr. (La. Bar No. 18875)
      Special Assistant Attorney General

        Oats & Hudson
        530 Natchez Street, Suite 200
        New Orleans, LA  70130
        Telephone:  (504) 527-0960
        Facsimile:  (504) 524-2823

**STATE OF LOUISIANA, KATHLEEN BLANCO, GOVERNOR**

**BY:** /s/   Shelly D. Dick
        Shelly D. Dick (La. Bar No. 18865)
        Special Assistant Attorney General
        Amanda G. Clark (La. Bar No. 24432)
        Forrester, Jordan & Dick
        4981 Bluebonnet Avenue
        Baton Rouge, LA  70809
        Telephone:  (225) 928-5400
        Facsimile:  (225) 346-0285

**- AND –**

**FREDERICK P. CERISE, M.D., IN HIS OFFICIAL CAPACITY AS SECRETARY, DEPARTMENT OF HEALTH AND HOSPITALS**

**BY:**   /s/   Stephen Vogt
        Stephen Vogt (La. Bar No. 07706)
        Special Assistant Attorney General
        Thibaut, Thibaut & Vogt
        P. O. Box 36
        7809 Jefferson Hwy, Suite D-3
        Baton Rouge, LA  70809
        Telephone:  (225) 923-3200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via electronic means this 1st day of March, 2007.

        /s/ Brent B. Barriere