UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 |
| PERTAINS TO:<br>*Dicorte*, C.A. No. 06-8270 | SECTION "K" (2) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 2115). Defendant removed this action under 28 U.S.C. § 1332, contending that the non-diverse parties, Defendant Lastrapes Insurance Agency ("Lastrapes") and AAA Contractors ("AAA"), are improperly joined. Defendants maintain that action against Lastrapes is perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for claims against insurance agents.

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. This Court held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *See Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage).

The homeowner's policy was issued in 1996 and suit was not filed until August 28, 2006.

All of the insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations. *See* Notice of Removal, Petition, at ¶¶ XVII-XVIII (Rec.Doc.No. 1).

Based on the reasoning of the *Clover* and *Dobson*, the Court finds that the alleged failures regard procurement of the policy and any alleged misrepresentations could not be justifiably relied upon given the clear language in the policy with respect to the extent of coverage. Therefore, the Court finds that the peremption period commenced upon issuance of the policy.

The Court also finds that because any claims against him are perempted, Defendant Lastrapes is improperly joined in this action.

Plaintiff also names as Defendants AAA contending that AAA charged fees to Plaintiff that are "excessive, unfair, burdensome, and unjustified." *See* Notice of Removal, Petition, at ¶ XXII. Defendant contends that these claims are improperly joined with the insurance adjustment claims. The Court has previously addressed the issue of misjoinder of claims in the context of a motion to remand in *Johnson v. State Farm Fire & Cas. Co.*, 2006 WL 3714228 (E.D. La. Nov. 28, 2006). In *Johnson*, the Court emphasized that:

> In deciding whether parties are properly joined, the Court turns to Rule 20, which provides that, persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

*Johnson*, 2006 WL 3714228, at * 1 (*quoting* Fed.R.Civ.P. 20(a)).

The claims against the contractor involve distinct contracts with respect to the insurance contracts. While the object of the litigation, i.e. the Plaintiffs' home, is the same for all claims,

wholly distinct questions of fact and law are presented. Therefore, the Court finds that the claims against the contractors are misjoined with the insurance action, and because subject matter jurisdiction does not exist over these claims, dismissal is proper. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 2115) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Lastrapes is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Defendants NOCITO Construction, Bergens Construction, and Warren Sassar Roofing are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, on this __1st__ day of March, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**