UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * | CIVIL ACTION |
| | * | NO. 05-4182 "K" (2) CONS. KATRINA CANAL |
| PERTAINS TO INSURANCE: | * | |
| | | JUDGE STANWOOD DUVAL |
| *Lakewood Patio Homes Assoc., Inc. v. Scottsdale Ins. Co.: 06-9839* | * | |
| | | MAGISTRATE JUDGE JOSEPH WILKINSON |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ANSWER TO PETITION FOR DAMAGES

Scottsdale Insurance Company responds to the Petition for Damages (and Amended Petition for Damages) as follows:

### FIRST DEFENSE

The Petition for Damages fails to state a claim for which relief can be granted.

### SECOND DEFENSE

AND NOW, answering the separate allegations of the Petition for Damages, defendant says:

**1.**

The allegations of paragraph 1 are denied except that defendant admits that plaintiff Lakewood Patio Homes Association, Inc. is a corporation organized under the laws of the state of Louisiana.

**2.**

The allegations of paragraph 2 are admitted.

**3.**

The allegations of paragraph 3 are admitted.

**4.**

The allegations of paragraph 4 are denied as written; Scottsdale Insurance Company admits the issuance of policy number CFS 0195200 to Lakewood Patio Homes, but avers that the policy of insurance is a written contract, subject to all of the terms, provisions, conditions, limitations and exclusions contained therein, all of which are pled as if copied in extenso.

**5.**

The allegations of paragraph 5 are denied.

**6.**

The allegations of paragraph 6 are denied.

**7.**

The allegations of paragraph 7 are denied.

**8.**

The allegations of paragraph 8 are denied.

**9.**

The allegations of paragraph 9 are denied.

**10.**

The allegations of paragraph 10 are denied.

**11.**

The allegations of paragraph 11 are denied.

**12.**

The allegations of paragraph 12 are denied.

**13.**

The allegations of paragraph 13 are denied.

**14.**

The allegations of paragraph 14 are denied; the statute upon which plaintiff relies was not in force at the time of this loss, and cannot be applied retroactively.

**15.**

The allegations of paragraph 15 are denied.

**16.**

The allegations of paragraph 16 are denied.

**17.**

The allegations of paragraph 17 are denied.

**18.**

The allegations of paragraph 18 are denied.

**19.**

The allegations of paragraph 19 are denied.

### THIRD DEFENSE

The insured has failed to provide adequate proof of loss to support any of the claims which it makes in the Petition for Damages.

### FOURTH DEFENSE

The loss and damage to the property does not constitute a total loss, and the valued policy does not apply.

### FIFTH DEFENSE

If the loss and damage to the property in question constitutes a total loss, which is denied, then the cause of the damage that caused the property to be a total loss was a cause not covered by the policy of insurance, and therefore the valued policy law does not apply.

### SIXTH DEFENSE

Scottsdale Insurance Company has paid to Lakewood Patio Homes Association, Inc. the sum of $75,239.20, which represents the amount owed under the policy for damage caused by a peril covered by the terms and provisions of the policy of insurance.

**SEVENTH DEFENSE**

Alternatively, Scottsdale Insurance Company is entitled to a credit of $75,239.20 against a judgment rendered in favor of plaintiff.

**EIGHTH DEFENSE**

Lakewood Patio Home Association Inc. has been paid for the loss and damage to the property by its flood insurer and Scottsdale Insurance Company is entitled to a credit for the amounts paid by the flood insurer.

**NINETH DEFENSE**

Scottsdale Insurance Company avers that the loss and damage to the insured property, other than the amounts previously paid by Scottsdale Insurance Company, were the result of flooding associated from Hurricane Katrina, and damages resulting from flooding are excluded by the provision of the policy of insurance which provides:

> 1. **Exclusions**
>
>    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
>    \*   \*   \*
>
>    (g) Water
>    (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>    (2) Mudslide or mudflow;
>    (3) Water that backs up or overflows from a sewer, drain or sump; or

>  (4) Water under the ground surface pressing on, or flowing or seeping through:
>  (a) Foundations, walls, floors or paved surfaces;
>  (b) Basements, whether paved or not; or
>  (c) Doors, windows or other openings.
>
>  But if water, as described in g(1) through g(4) above, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

WHEREFORE, defendant, Scottsdale Insurance Company, prays that plaintiff's demands be dismissed.

>  Respectfully submitted,
>
>  BIENVENU, FOSTER, RYAN & O'BANNON, LLC
>
>  BY: _____/s/ David E. Walle_____
>  DAVID E. WALLE (#13199)
>  1010 Common Street, Suite 2200
>  New Orleans, LA 70112-2401
>  Telephone: (504) 310-1500
>  Facsimile: (504) 310-1501
>  Email: Dwalle@bfrob.com

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile transmission, hand delivery, electronic mail and/or depositing same in the United States Mail, postage pre-paid on March 2, 2007.

>  _____/s/ David E. Walle_____