UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISAINA

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | NO. 05-4182 "K" (2) and (3) |
| _____ | * | |
| PERTAINS TO LEVEE: | * | JUDGE DUVAL |

| | |
|---|---|
| NO. 06-5116 (SIMS) | NO. 06-5134 (CHRISTOPHE) |
| NO. 06-5118 (RICHARD) | NO. 06-5137 (WILLIAMS) |
| NO. 06-5142 (AUGUSTINE) | NO. 06-5127 (DEPASS) |
| NO. 06-5132 (FERDINAND) | NO. 06-5128 (ADAMS) |
| NO. 06-5131 (BOURGEOIS) | NO. 06-5140 (PORTER) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF A PROCEDURE ORDER
SIMPLIFYING THE PROCEDURES FOR THE ADDITION
OF CLAIMS AGAINST THE CORPS OF ENGINEERS,
AND FOR ADDING NEW PARTIES ASSERTING LIKE CLAIMS**

**NOW INTO COURT**, through undersigned counsel comes the Plaintiffs in Sims, et al, Case No. 06-5116, Christophe, et al, Case No. 06-5134, Richard, et al, Case No. 06-5118, Williams, et al, Case No. 06-5137, Augustine, et al, Case No. 06-5142, DePass, et al, Case No. 06-5127, Ferdinand, et al, Case No. 06-5132, Adams, et al, Case No. 06-5128, Bourgeois, et al, Case No. 06-5131, Porter, et al, Case No. 06-5140, to file its Memorandum in Support of Motion to seek entry of a Procedures Order Simplifying the Procedures for the Addition of Claims Against the United States Army Corps of Engineers, and for adding new parties asserting like claims, to-wit:

I.

**Grounds for Relief**

1.     The Plaintiffs are parties-plaintiff in the ten cases referenced, pending before this Court in this proceeding;

2.     Plaintiffs are or were homeowners, business or property owners and or residents of communities within the Greater New Orleans area who suffered damages and personal injuries as a result of the flooding associated with Hurricane Katrina which struck the City on August 29, 2005, as follows:

(a)   The Oak Island, Lake Carmel, Village de L'est, Little Woods, and Michoud plaintiffs' (No. 06-5128, Adams) MRGO, IWW and the Michoud Canal;

(b)   The East Gentilly (No. 06-5134, Christophe) MRGO, IWW and Intercoastal Waterway;

(c)   Kenilworth, Lake Bullard and Lakefront (No. 06-5137, Williams) from Lake Pontchartrain and Inner Harbor Navigational Canal;

(d)  The Eastover Subdivision (No. 06-5118, Richard) from MRGO and IWW;

(e)   Lake Barrington, Lake Forest, Huntington, Fairway Estates (No. 06-5142, Augustine).

(f)  The Old Metairie residents (No. 06-5127, DePass) seek redress for damages from the 17th Street canal closure, the flooding of the 17th Street canal south of Pumping Station Six, from the Palmetto and Florida Avenue Canals, and the Hoey Canal;.

(g)  The Lakeview, Carrollton and Hollygrove plaintiffs (No. 06-5116, Adams), seek redress for damages from the failure of the 17th Street drainage canal eastbank, from the flooding

of the 17th Street canal south of Pumping Station Six, from the Palmetto and Florida Avenue Canals,

  (h) The Bywater and Mid City plaintiffs (No. 06-5132, Ferdinand) seek redress from the failure to repair Gate I-W 30 and the consequent failure of the Industrial Canal west bank flood system.

  (i) The Old Gentilly and Lake Terrace (No. 06-5131, Bourgeois), Industrial Canal, New London Canal;

  (j) Lower 9th extended (No. 06-5140, Porter), Industrial Canal east bank, IWW and MRGO.

  3. In these proceedings Plaintiffs seek redress for losses proximately caused by the negligence of the United States Army Corps of Engineers and the Orleans Levee District, and particular to the specific geographic areas from the East Jefferson Levee District, Sewerage & Water Board, the Parish of Jefferson and, the Public Belt Rail Road

  4. Plaintiffs also seek redress from the Port of New Orleans, the Orleans Levee District, the Sewerage & Water Board and the East Jefferson Levee District under various Acts of Assurance given in accordance with the requirement of agreements of local cooperation required by the United States Congress as a condition precedent to federal participation in the projects;

  5. At the time the suit was filed plaintiffs had filed Federal Forms SF 95 with the United States Army Corps of Engineers asserting such claims in the manner prescribed by 28 C.F.R. § 14.2(a) (and to satisfy the jurisdictional requirement therefore of *McNeil v. United States*, 508 U.S. 106, 110, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), and made demand under the

Acts of Assurance on the Orleans Levee District, the Port of New Orleans, the Sewerage & Water Board and the East Jefferson Levee District in accordance with state law;

6. At the time the claims against the United States Army Corps of Engineers was not sufficiently ripe to permit the Corps to be named as a defendant in the suits, six months had not passed between the filing of the claim and the Corps had not acted on the claim; Plaintiffs pled their intention to amend to assert the claim against the Corps when the time had passed;

7. On February 1, 2007, a substantial number of the Plaintiffs filed Amended Complaints asserting cause of actions for the claim against the United States Corps of Engineers, the same not having been denied despite pendency for the requisite six months, referencing the item number assigned by the Corps to the claim;

8. As of February 1st, 2007, the Corps had not yet acknowledged receipt of the claims from the remaining plaintiffs or had acknowledged receipt of the claim but not assigned a number citing some deficiency, and plaintiffs are endeavoring to obtain verification of filing or clearing up the deficiency, and obtain a claim number assignment;

9. Since filing of the suits other persons have indicated a desire to intervene in the suits and have filed Federal Tort Claims and/or Suits in Admiralty Act Claims and have been assigned or will be assigned a claim number, in due course;

10. Efficiency and judicial economy will be advanced by the entry of the relief sought without impairing the rights of the defendants

## II.

### Authorities

In *Silicone Gel (Revised Case Management Order )* Pretrial Order No. 5 at para. 4(c) (N. D. Ala.) September 15,1992, the court granted leave to Plaintiffs' counsel to add additional

plaintiffs, without further motion or order.  Cf. *Silicone Gel, Id,* Order No. 1, June 26, 1992, deeming that any motion, brief, response and corresponding order applies to each similarly situated party unless that party expressly disavows it.  Cf. Section 22.631 Moore's Manual for Complex Litigation, Fourth.

### III.

### Relief Requested

Plaintiffs ask the Court to simplify the procedures for adding claims and adding new parties asserting like claims obviating the need to seek leave to amend the existing complaints or to intervene, and making suitable accommodation for the defendants.

Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD L.L.P.   /s/ William C. Gambel
William C. Gambel (LA Bar No. 5900)
909 Poydras Street, Suite 2300
New Orleans, LA  70112-1010
Telephone:  (504) 569-7000
Telecopy:  (504) 569-7001
wgambel@millinglaw.com
Attorneys for Plaintiffs

John J. Cummings, III (LA Bar No. 4652
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 569-0000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com

W358849

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of March, 2007, a copy of the foregoing pleadings have been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

                                              /s/ William C. Gambel

W358849