UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | § | CIVIL ACTION |
| CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO: ST. RITA | § | |
| *Alfonso, 06-9641* | § | |
| *Aliff, 06-9642* | § | |
| *Anguzza, 06-9038* | § | |
| *Beatmann, 06-8947* | § | |
| *Bell, 06-9037* | § | |
| *Berthelot, 06-8810* | § | |
| *Bracklien, 06-7633* | § | |
| *Conlon, 06-9321* | § | |
| *Darsam, 06-9569* | § | |
| *DePascual, 06-8982* | § | |
| *Dorand, 06-9191* | § | |
| *Franz, 06-10426* | § | |
| *Gallodoro, 06-9206* | § | |
| *Gonzales, 06-8972* | § | |
| *Herzog, 06-8992* | § | |
| *Hubert, 06-8219* | § | |
| *Johnson, 06-7400* | § | |
| *Kenney, 06-7355* | § | |
| *Kramer, 06-7457* | § | |
| *Lepine, 08-8881* | § | |
| *Lewis, 06-8107* | § | |
| *Lopez, 07-269* | § | |
| *Lott, 06-9236* | § | |
| *Montalbano, 06-8963* | § | |
| *Morales, 06-5962* | § | |
| *Mullins, 06-7802* | § | |

| | |
|---|---|
| *Poissenot, 06-7858* | § |
| *Rodrigue, 06-6639* | § |
| *Thedy, 06-8106* | § |
| *Thomason, 06-9192* | § |
| *Verges, 06-8731* | § |
| *Vidrios, 06-10790* | § |
| | § |

### UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THIRD-PARTY DEMANDS

The United States of America has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the third-party demands filed against it by defendants Buffman Inc. d/b/a/ St. Rita's Nursing Home Facility, Mabel Mangano, and Salvador Mangano ("defendants" or "third-party plaintiffs"), owners of St. Rita's Nursing Home in St. Bernard Parish.[1]  The defendants' third-party demands against the United States should be dismissed because this Court has no subject matter jurisdiction over them, having acquired none on removal of the actions from state court.  Alternatively, the third-party demands should be dismissed because Louisiana law does not recognize a claim for contribution, indemnity, or

---

[1] On December 4, 2006, the United States filed Rec. Doc. 1959, a consolidated motion to dismiss the third-party demands against it in all St. Rita-related cases consolidated under the *In re Katrina Canal Breaches Consolidated Litigation* umbrella at that time.  After the filing of that consolidated motion to dismiss, additional St. Rita-related cases were consolidated, and the United States filed individual motions to dismiss each of those cases.  *See Aliff* (06-9642), Rec. Doc. 2206; *Beatmann* (06-8947), Rec. Doc. 2194; *Bracklien* (06-7633), Rec. Doc. 2176; *Darsam* (06-9569), Rec. Doc. 2201; *Franz* (06-10426), Rec. Doc. 2003; *Lepine* (06-8881), Rec. Doc. 2183; *Lopez* (07-269), Rec. Doc. 3084; *Mullins* (06-7802), Rec. Doc. 2171; *Vidrios* (06-10790), Rec. Doc. 2650.  Each third-party demand against the United States has been identical, and the United States' motions to dismiss raised identical grounds for dismissal.  This consolidated reply memorandum is filed in support of each of the United States' motions to dismiss the St. Rita-related third-party demands against it.  A newly removed St. Rita-related case, *Mattox* (07-657), was consolidated on February 22, 2007, and the United States will soon file a motion to dismiss in *Mattox*.

apportionment of liability, and where there is no set of facts under which the United States could be liable to the defendants on an indemnity theory, assertion of a third-party claim is not permitted by Federal Rule of Civil Procedure 14(a).

## ARGUMENT

The defendants' memorandum in opposition to the United States' motion to dismiss makes only one argument: that their assertion of a claim for indemnity is not subject to dismissal under Rule 12(b)(6) because the cause of action for indemnity has not been completely abolished in Louisiana, leaving some factual situations under which indemnity claims survive. The defendants are correct that the cause of action for indemnity is not completely abolished, but they fail to acknowledge that it exists only in situations of vicarious liability where the party seeking indemnification is free of wrongdoing – facts that do not exist here, even with all inferences drawn in favor of the defendants. The defendants completely fail to address the jurisdictional bases for the United States' motion to dismiss.

Because this Court derives its subject matter jurisdiction from the state court on removal, the third-party demands should be dismissed for lack of subject matter jurisdiction. In the alternative, there is no set of facts under which the defendants could establish a claim for indemnity against the United States here, and the third-party demands should be dismissed for failure to state a claim upon which relief may be granted.

I. THIS COURT DERIVES ITS JURISDICTION FROM THE STATE COURT ON REMOVAL AND THEREFORE LACKS JURISDICTION OVER THE THIRD-PARTY DEMANDS AGAINST THE UNITED STATES.

The defendants' third-party demands against the United States are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. State courts have no subject matter jurisdiction over an FTCA action because the statute provides that exclusive jurisdiction rests in the federal district courts. 28 U.S.C. § 1346(b)(1). The United States removed the third-party demands against it pursuant to 28 U.S.C. § 1442(a)(1).

As explained in the United States' opening memorandum, this Court derives its jurisdiction from the state court upon removal of an action pursuant to 28 U.S.C. § 1442(a)(1). Because the state court had no jurisdiction over claims against the United States, this Court is left without jurisdiction over the claims. *See Thompson v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990) ("[S]ection 1346(b) confers exclusive jurisdiction on the federal courts to hear cases within the Federal Tort Claims Act so that the state courts lacked subject matter jurisdiction over the third-party complaints and, therefore, the district courts could acquire none upon removal.").

The defendants' memorandum in opposition completely fails to address the fact that this Court's subject matter jurisdiction upon removal of the defendants' claims is the same as the jurisdiction of the state court. It is therefore undisputed that this Court lacks subject matter jurisdiction over the third-party demands against the United States, and the claims should be dismissed pursuant to Rule 12(b)(1).

      II.       THE THIRD-PARTY DEMANDS FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED BECAUSE LOUISIANA LAW PROVIDES NO CAUSE OF ACTION FOR CONTRIBUTION, INDEMNITY, OR APPORTIONMENT OF LIABILITY.

The defendants' opposition acknowledges that Louisiana law provides no cause of action for contribution or apportionment of liability under any set of facts. The defendants' sole argument in response to the United States' motion to dismiss is that indemnity actions may be valid under appropriate factual circumstances, which, they argue, prevents dismissal of their third-party demands on a Rule 12(b)(1) or 12(b)(6) motion. The defendants cannot rely on the existence of a cause of action in the abstract to defeat the United States' motion; that the cause of action for indemnity has not been completely abolished in Louisiana does not mean that the defendants have shown any basis for an indemnity claim against the United States *under the facts of this case*.

Although the cause of action for indemnity was not abolished by Louisiana's shift in tort policy in 1996, the cases relied on by the defendants make clear that indemnity in tort is available solely in the limited circumstances where the party seeking indemnity is free of actual fault and is subject to liability only technically or vicariously based on a relationship with the wrongdoer. *See, e.g., Lombard v. New Orleans Naval Support Activity Comm'n*, 2004 WL 2988483 at *8 (E.D. La. 2004) (unpublished) ("In light of plaintiff's allegations, the basis for Goodworks' liability, if any, cannot be characterized as merely constructive or technical. Goodworks' liability, if any, would be based upon its direct and primary negligence and, therefore, in the event that Goodworks was found liable to plaintiffs, Goodworks would not be entitled to tort immunity because '[i]ndemnity is not available to a party who is actually

negligent.'") (quoting *Carter v. Deitz*, 505 So. 2d 106 (La. App. 4th Cir. 1987)); *Liberty Mut. Fire Ins. Co. v. Ravannack*, 2004 WL 722439 at *1 (E.D. La. 2004) (unpublished) (denying motion to reconsider a denial of motion to dismiss an indemnity claim where the court found that the party seeking indemnity "has alleged facts, which if proven true, would establish that . . . [he] is totally free from fault and liable only vicariously or derivatively as a result of the fault or negligence of [the third-party defendant]"); *Campo v. John Fayard Fast Freight, Inc.*, 2003 WL 22229300 at *2 (E.D. La. 2003) (unpublished) ("Liability for indemnity arises only when the party seeking indemnity is free from fault and has discharged a debt that should be paid wholly by the indemnitor.").

As explained in the United States' opening memorandum (at 11-13), the nature of the plaintiffs' theory of recovery is for actual wrongdoing, and the defendants have no basis for an indemnity action. The plaintiffs allege active negligence on the part of the defendants. *See* Ex. 1 to the U.S. Mot. Dismiss (plaintiffs' specific allegations against the defendants). "[I]ndemnity is available only 'where the actual fault is *attributed* [to another] . . . . It is never applicable where both parties are actually in the wrong.'" *Ducre v. Executive Officers of Halter Marine, Inc.*, 752 F.2d 976, 986 (5th Cir. 1985) (emphasis in original) (quoting *United Gas Corp. v. Guillory*, 206 F.2d 49, 53 (5th Cir. 1953)). If the defendants are found to be liable for the claims asserted by the plaintiffs, they will have been found to have been at fault for the cause of the plaintiffs' damages; the liability would not simply result from a finding of passive negligence or fault based only on a "technical, constructive, or vicarious theory." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267 (5th Cir. 1991). Pursuant to Louisiana law, therefore, no cause of action for indemnity from the United States exists under any set of facts the defendants could allege, and

the third-party demands should be dismissed.  *See Hamway*, 838 So. 2d at 806 ("[A] party who is actually negligent or actually at fault cannot recover tort indemnity.").

Further, Federal Rule of Civil Procedure 14(a) requires that a third party may be brought into an action only when that party "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a).  Because Louisiana law does not provide a right to recovery for indemnity under the facts of this case, even assuming the truth of the allegations in the third-party demands, the United States cannot be liable to the defendants for any part of the plaintiffs' claims against them.  The defendants' third-party demands against the United States cannot be sustained in this Court pursuant to Rule 14(a), and they should be dismissed for failure to state a claim upon which relief may be granted.  *See Commodity Futures Trading Comm'n v. Hunt*, 591 F.2d 1211, 1224 (7th Cir. 1979); *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849 (5th Cir. 1978); *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 146 (5th Cir. 1961); *Erickson v. Erickson*, 849 F. Supp. 453, 458 (S.D. W.Va. 1994).

### III.  AMENDMENT OF THE DEFENDANTS' THIRD-PARTY DEMANDS WILL NOT CURE THEIR DEFECTS.

The defendants' opposition memorandum requests leave to amend their third-party demands against the United States as an alternative to dismissal.  This request is futile.  First, the jurisdictional defects of the third-party demands cannot be cured by amendment.  The state court from which the actions were removed had no jurisdiction to consider the claims against the United States, and this Court acquired none upon removal pursuant to 28 U.S.C. § 1442(a)(1).  Additionally, there is no jurisdiction under the FTCA where state law provides no cause of

action.  It is well established that no cause of action for indemnity could exist here, because there are no possible allegations that the third-party plaintiffs could make against the United States that would erase the wrongdoing alleged by the plaintiffs' complaints.  A cause of action for indemnity exists only where the party seeking indemnity is held liable vicariously for the wrongdoing of another party.  As explained, that scenario does not exist here, and there is no amendment that could be made to the third-party demand to state a valid cause of action for indemnity.  The defendants' request to amend their third-party demands should be denied.

## CONCLUSION

For the reasons stated herein and in the United States' opening memorandum, there is no subject matter jurisdiction over the third-party demands against the United States, and they should be dismissed.  Alternatively, the third-party demands should be dismissed for failure to state a claim for which relief may be granted.

Dated:  March 1, 2007                                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

s/ Kara K. Miller
Kara K. Miller
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station, P.O. Box 888
Washington, D.C.  20044
(202) 616-4448 / (202) 616-5200 (Fax)
Attorneys for the United States

## **CERTIFICATE OF SERVICE**

      I, Kara K. Miller, hereby certify that on March 1, 2007, I served a true copy of the United States' Reply Memorandum in Support of its Motion to Dismiss upon all counsel of record by ECF, electronic mail, or first class mail.

                                  s/ Kara K. Miller
                                      Kara K. Miller