## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FAGEY LUPIN FISCHMAN** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | |
| | * | **NO.  06-4952** |
| **VERSUS** | * | |
| | * | **SECTION: K;  DIV. (2)** |
| **STATE FARM INSURANCE COMPANY** | * | |
| **Defendant.** | * | **JUDGE:      DUVAL** |
| | * | |
| | * | **MAGISTRATE: WILKINSON** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR INSURANCE COVERAGE, BAD FAITH PENALTIES, ATTORNEYS FEES AND COSTS, AND BAD FAITH BREACH OF INSURANCE CONTRACTS

**NOW COMES**, Plaintiff Fagey Lupin Fischman ("Mrs. Fischman") to submit, through undersigned counsel, her Complaint for Insurance Coverage, Bad Faith Penalties, Attorneys Fees and Costs, and Bad Faith Breach of Insurance Contract against Defendant State Farm Insurance Company ("State Farm").

-1-

## PARTIES

1.

Plaintiff, Fagey Lupin Fischman ("Mrs. Fischman") is a citizen of the State of Louisiana and domiciled in the State of Louisiana.

2.

Defendant, State Farm Insurance Company ("State Farm"), is a foreign insurance company with its principal place of business in a state other than Louisiana.

## JURISDICTION AND VENUE

3.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events or omissions giving rise to Mrs. Fischman's claim occurred in this judicial district and the property that is the subject of this action is situated in this judicial district.

## THE STATE FARM POLICY

5.

Defendant State Farm issued Mrs. Fischman Homeowners Insurance Policy Number 18-47-3615-7 for the policy period March 10, 2005, to March 10, 2006 (the "State Farm Policy").

6.

The State Farm Policy insures the residence located at 5401 Bellaire Drive, New Orleans, Louisiana 70124.

-2-

7.

The State Farm Policy provides Home and Contents coverage with the following limits of liability:

Home:        $359,300.00

Contents:    $269,475.00

8.

The State Farm Policy specifically provides coverage for the Dwelling, which includes Residence Premises, including any Dwelling Extension and other permanent structures, grounds, Personal Property, Additional Living Expenses, Prohibited Use, Temporary Repairs, Trees, Shrubs and Other Plants, Debris Removal, Power Interruption, Refrigerated Products, Property Removal, and Locks.

## STATE FARM'S BAD FAITH ADJUSTMENT AND BREACH OF THE INSURANCE POLICY

9.

On August 29, 2005, Hurricane Katrina struck southeastern Louisiana, causing substantial property damage to Mrs. Fischman's insured property rendering it uninhabitable.

10.

During the first week in September, 2005, Mrs. Fischman provided State Farm with notice of the loss at the insured property as a result of Hurricane Katrina.

11.

After the lapse of at least a few weeks, an adjustor for State Farm contacted Mrs. Fischman regarding her Homeowner's claim.

12.

After even more weeks, an adjustor was finally assigned to adjust Mrs. Fischman's dwelling (Coverage A), contents (Coverage B), and Loss of Use-Additional Living Expenses (Coverage C) claims under her State Farm policy.  Eventually, the insured property was inspected.

13.

Not having received any payments whatsoever, three weeks shy of the one year anniversary of Hurricane Katrina, on August 8, 2006, a mediation was held pursuant to the Louisiana Department of Insurance Mediation Program for Residential Insurance Claims resulting from Hurricanes Katrina and Rita.  Present were Mrs. Fischman, undersigned counsel, Carol Carpenter (State Farm adjustor), Mr. Calhoun (State Farm supervisor), and the mediator.  At the mediation, the *only* claim mediated was that under Coverage C-Loss of Use-Additional Living Expenses.  At the conclusion of the mediation, $6,216.17 was paid to Mrs. Fischman under Coverage C-Loss of Use-Additional Living Expenses.  This payment is the ***only*** payment received by Mrs. Fischman pursuant to the State Farm Homeowner's Policy.

14.

Mrs. Fischman's insured property, including structure and contents received extensive damage due to the breach of the 17th Street Canal and/or London Avenue Canal.  The damage to the dwelling and damaged and lost contents exceeds the State Farm policy limits. The State Farm Policy with respect to the Dwelling provides:

> We insure for accidental direct physical loss to the property described
> in Coverage A, except as provided in SECTION I - LOSSES NOT
> INSURED.

State Farm Policy at Section I, Losses Insured, page 7. (*See* Exhibit A, standard State Farm Policy.)

15.

The State Farm Policy's "water damage" exclusion provides:

**Water Damage,** meaning:

(1)     flood, surface water, waves, tidal water, tsunami, seiche,
        overflow of a body of water, or spray from any of these, all
        whether driven by wind or not.

(*See* Ex. "A", State Farm Policy at Section I, Losses Not Insured, page 10.)

16.

Mrs. Fischman's damages did not result, however, from flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, or any other cause listed in the water damage exclusion of the State Farm Policy.  Rather, Mrs. Fischman's water damage resulted solely from the breach of the levees and floodwalls along the 17th Street Canal and/or the London Avenue Canal, which was caused by the actions a third party, the United States Army Corps of Engineers (the "Corps").

17.

The Corps has recently conceded that the failure of the levee protection systems was caused by problems within its control.  Following Hurricane Katrina, the Corps undertook a massive investigation of the reason for the levee failures.  The investigation was coordinated by the Interagency Performance Evaluation Taskforce ("IPET").

-5-

18.

On June 1, 2006, IPET issued its Draft Final Report concerning the Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System ("IPET Draft Final Report"). *See* Exhibit "B," Volume 1, IPET Draft Final Report. The IPET Draft Final Report concluded that the levee breaches resulted from foundation failures that the Corps failed to consider in the original design of the structures. Most importantly, the levee breaches occurred before water levels reached the top of the floodwalls. *Id.* at I-3, I-7. Overall, IPET summarized its analysis of the hurricane protection system with the concession that the performance of the levee system was compromised by the "presence of incomplete protection, lower than authorized structures, and levee sections with erodible materials." *Id.* at I-3.

19.

Therefore, any water damage sustained by Mrs. Fischman's insured property did not result from a natural flood as contemplated by any exclusion under the State Farm Policy. Rather, any water damage sustained by the insured property was caused by Hurricane Katrina and the actions of the Corps - both of which are covered perils under the State Farm Policy, and which are not expressly excluded.

20.

Mrs. Fischman has already sustained damages in excess of her policy limits as a result of Hurricane Katrina, and this figure may increase over time. State Farm is liable for Mrs. Fischman's damages in full, up to the limits of liability under the State Farm Policy.

21.

It has been nearly one year since Hurricane Katrina damaged the insured residence, and State Farm has not rendered payment for any of Mrs. Fischman's covered damages, except for those pursuant to Coverage C of her State Farm Policy, despite having received timely notice of loss and supporting documents from Mrs. Fischman. Thus, State Farm has, in bad faith, failed to timely adjust Mrs. Fischman's losses in violation of Louisiana law and in breach of the State Farm Policy.

## COUNT I

## DECLARATORY JUDGMENT

22.

Mrs. Fischman repeats and alleges the allegations in paragraphs 1-21 above as though fully set forth herein.

23.

An actual controversy has arisen and now exists between Mrs. Fischman and State Farm regarding whether the damages to the insured property caused by Hurricane Katrina are excluded under the State Farm Policy.

24.

A declaratory judgment is necessary to show that any water damage sustained by Mrs. Fischman's insured property did not result from a natural flood as contemplated by the any exclusion under the State Farm Policy. Rather, any water damage sustained by the insured property was caused by Hurricane Katrina and the actions of the Corps - both of which are covered perils under the State Farm Policy, and which are not expressly excluded.

25.

As Mrs. Fischman's damages are covered by the State Farm Policy, State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of liability under the State Farm Policy.

26.

Mrs. Fischman requests that this Court issue a declaratory judgment against State Farm stating the following:

(1)    The damage to the insured property was not caused by flooding as defined in the State Farm Policy;

(2)    The damage to the insured property was caused by Hurricane Katrina and/or the actions of the Corps of Engineers such that all damages to the insured property are covered under the State Farm Policy; and

(3)    State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of liability under the State Farm Policy, as well as all damages due to its bad faith conduct. *See* La. Rev .Stat. 22:1220; La. Rev. Stat. 22:658; La. Civ. Code art. 1997.

## COUNT II

## PAYMENT OF INSURANCE PROCEEDS, ATTORNEYS' FEES, AND PENALTIES

27.

Mrs. Fischman repeats and alleges the allegations in paragraphs 1-26 above as though fully set forth herein.

28.

State Farm has failed to comply with its obligations under the State Farm Policy, and as such,

is in breach of its contract of insurance, and liable for all amounts owed under the policy, including

all resulting damages.

29.

State Farm's breach of its policy of insurance is in bad faith pursuant to Louisiana Civil Code

article 1997. As State Farm is an obligor in bad faith, Mrs. Fischman is entitled to all damages,

whether foreseeable or not, that are a direct result of State Farm's failure to perform, including

attorneys' fees.

30.

Pursuant to Louisiana Revised Statute 22:658, Defendant was obligated to pay Plaintiff any

amounts owed within 30 days of receipt of proof of loss. Defendant failed to do so. As a result of

this failure, which was arbitrary, capricious, and without probable cause, Defendant is liable for all

amounts due under the State Farm Policy, as well as for attorneys' fees and costs, and an appropriate

percentage of the amount found to be owed as a statutory penalty pursuant to Louisiana Revised

Statute 22:658 (in effect since the time of the storm and as amended by Act No. 813 of the Louisiana

Regular Session 2006).

31.

Pursuant to Louisiana Revised Statute 22:658, Defendant was obligated to initiate adjustment

of Plaintiff's loss within 30 days of notice of loss. Defendant failed to initiate adjustment of the loss

within 30 days of notice of loss. Accordingly, pursuant to Louisiana Revised Statute 22:658, State

Farm is liable for the statutory penalty of two times Plaintiff's damages, as provided by Louisiana Revised Statutes 22:1220.

32.

Pursuant to Louisiana Revised Statute 22:1220, Defendant owed Plaintiff a duty of good faith and fair dealing and had an affirmative duty to adjust Plaintiff's claims fairly and promptly. Because Defendant breached its duty, Defendant is liable to Plaintiff for all damages as a result of its breach.

33.

Pursuant to Louisiana Revised Statute 22:1220, Defendant breached its duty of good faith and fair dealing and its affirmative duty to adjust the claims fairly and promptly when it failed to pay Plaintiff within 60 days of receipt of satisfactory proof of loss. Such failure was arbitrary, capricious, and without probable cause. As a result and pursuant to Louisiana Revised Statutes 22:1220, Defendant is liable for penalties in the amount of two times the damages sustained by Plaintiff.

34.

As a result of the actions of State Farm as set forth above, Mrs. Fischman has sustained substantial damages, including delay of repairs to the insured property, loss of use of funds expended to repair damages covered by the State Farm Policy,  financial damage, attorneys' fees, and other damages to be proven at trial.

## COUNT III

## ERROR AND REFORMATION

### 35.

On August 8, 2006, Mrs. Fischman participated in the American Arbitration Association Hurricane Katrina/Rita Mediation Settlement Program. The only claim settled was for Additional Living Expenses under Coverage C of the State Farm Policy.

### 36.

Mrs. Fischman did not settle her bad faith, attorney fees and statutory penalties claims, nor did she settle her claim for coverage and damages under the State Farm Policy due to the negligence of the United States Army Corps of Engineers with respect to the breaches of the 17th Street and Industrial Canal levees.

### 37.

State Farm has not settled homeowner claims for damages as a result of the negligence of the United States Army Corps of Engineers for breaches in the 17th Street Canal and London Avenue Canal levees.  It is further indicative of State Farm's bad faith to contend that this claim for Mrs. Fischman was settled at mediation.

### 38.

To the extent State Farm believes Mrs. Fischman mediated her claims for bad faith, attorney fees, and statutory penalties and for the negligence of the United States Army Corps of Engineers for the breaches in the 17th Street Canal and London Avenue Canal levees, and Mrs. Fischman believes that there was no settlement of these claims, there is error.

-11-

39.

As the result of the above described error as to the cause of the settlement agreement, Mrs. Fischman's consent is vitiated, rendering the Settlement Agreement null and void.

40.

Mrs. Fischman, in addition to pleading error and lack of consent, pleads reformation so that the Settlement Agreement may be reformed to reflect that only Mrs. Fischman's claims for Additional Living Expenses under Coverage C was settled.

41.

Mrs. Fischman further avers that the Settlement Agreement is vitiated by her lack of consent and moves to set aside the settlement, in its entirety.

**WHEREFORE**, Mrs. Fischman respectfully prays that:

(1)     A declaratory judgment issue stating that the"water damage" exclusions do not apply to the damage to the insured property or Mrs. Fischman's Hurricane Katrina claim under the State Farm Policy;

(2)     A declaratory judgment issue stating that the damage to the insured property was caused by Hurricane Katrina and/or the actions of the Corps of Engineers such that all damages to the insured property are covered under the State Farm Policy;

(3)     A declaratory judgment issue stating that State Farm is liable for Mrs. Fischman's damages in full, up to the stated limits of liability under the State Farm Policy ;

(4)     State Farm be held liable for all amounts due under Policy No. 18-47-3615-7, including but not limited to, the cost to repair and/or replace all damaged property, together with all damages as a result of State Farm's breach, including attorneys'

-12-

fees, and all statutory penalties, including any and all applicable multipliers, together with pre-judgment interest, and post-judgment interest;

(5)    That the Settlement Agreement of August 8, 2006, be reformed to reflect the true intent of Mrs. Fischman;

(6)    In the alternative, that the Settlement Agreement be vitiated due to Mrs. Fischman's lack of consent; and

(7)    Any other equitable and general relief the nature of this case will allow.

Respectfully submitted,

JAMES M. GARNER , #19589, T.A.
DEBRA J. FISCHMAN #5578
**SHER GARNER CAHILL RICHTER
  KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile:  (504) 299-2300
jgarner@shergarner.com
dfischman@shergarner.com

**ATTORNEYS FOR PLAINTIFF,
FAGEY LUPIN FISCHMAN**

-13-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on ALL counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, properly addressed and postage prepaid, this 1ᵗʰ day of _March_, 2007.


_____
DEBRA J. FISCHMAN