UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. 05-4182 |
| CONSOLIDATED LITIGATION | * | |
| | * | SECTION "K" |
| | * | |
| | * | MAGISTRATE (2) |
| **PERTAINS TO:** | * | |
| LEVEE | * | JUDGE DUVAL |
| ADAMS, NO. 06-4065 | * | |
| | * | MAG. WILKINSON |
| * * * * * * * * * * * * | | |

**BOH BROS.' MEMORANDUM IN OPPOSITION TO
MOTION IN "ADAMS" CASE TO CONTINUE THE HEARING
ON ITS PEREMPTION MOTION CURRENTLY SET FOR MARCH 23, 2007**

**MAY IT PLEASE THE COURT:**

Boh Bros. Construction Co., L.L.C. ("Boh Bros.") opposes the motion to continue the hearing on its peremption motion, currently set for March 23, 2007 at 10:00 a.m., filed by the plaintiffs in the "Adams" case, Civil Action number 06-4065. This hearing date has been set for quite some time now, and Your Honor has already advised that there will be no oral argument on same.

More importantly, these plaintiffs, in this particular matter, have had literally months to amend their pleadings if they so desired, to allege admiralty jurisdiction or application of admiralty law, but they have not done so. This is a particularly flagrant omission (for lack of a better word), given that the subject of admiralty substantive law was raised in connection with

the first batch of peremption motions filed by Boh Bros. and others, and given that this Honorable Court discounted the applicability of admiralty law in its subsequent ruling. To suggest the applicability of substantive admiralty law at the 17th Street Canal, among other locations, is a stretch to say the least. It is a drainage/outfall canal, and has never been navigable in a maritime sense south of the Old Hammond Highway bridge, and more particularly in the area where the breach occurred. Although this is perhaps not the time and the place to address such substantive arguments, Boh Bros. simply reiterates what it has said before, namely, that this is not a matter involving admiralty jurisdiction.

While it is technically correct that Boh Bros. has urged this Honorable Court to follow the "law of the case" regarding peremption, that does not change the fact that the merits of this peremption issue are the same, whether viewed in connection with the prior motions or standing separately. The work Boh Bros. did at the 17th Street Canal was more than ten (10) years ago. The work Boh Bros. did at the Industrial Canal was more than five (5) years earlier. Given that the statute, R.S. 9:2772 is remedial in nature, it must be applied with the newer peremptive period of five (5) years.

There is simply no reason to delay this Honorable Court's ruling on a motion that is essentially identical to a motion that this Honorable Court has already ruled upon. The motion to continue the hearing should be denied.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

By: *s/Charles B. Colvin*
Michael R. C. Riess (#2073)
Charles B. Colvin (#4352)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170-3300
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
*Attorneys for Boh Bros. Construction Co., L.L.C.*

Terrence L. Brennan (#3434)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
*Attorneys for Boh Bros. Construction Co., L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has this day been served upon all counsel of record by hand, by fax, by electronic transmittal and/or by depositing same in the United States mail, postage prepaid and properly addressed this 6th day of March, 2007.

*s/Charles B. Colvin*