UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 |
| | SECTION "K" |
| | MAGISTRATE (2) |
| PERTAINS TO: LEVEE, ADAMS, NO. 06-4065 | JUDGE DUVAL |
| | MAG. WILKINSON |

MEMORANDUM IN OPPOSITION TO MOTION FOR CONTINUANCE

**MAY IT PLEASE THE COURT:**

This memorandum is filed by GOTECH, Inc., in opposition to the "Ex Parte Motion to Continue" filed by plaintiff, Cathy Adams, and all other plaintiffs in the Adams matter, entitled above.

Plaintiffs' Motion to Continue the hearing on motions to dismiss filed by the Engineer defendants, now set for March 23, 2007, should be denied. The premise for the motion that "a master complaint is soon to be filed" is faulty, because the motion assumes a new cause of action can arise, when the deadline for stating new causes of actions have passed. Additionally, the premise that the barrage of Form 95's should compel continuance is also faulty because the confusion by the television announcement on February 23, 2007 came **after the deadline for filing oppositions** to the Engineers' motions on February 22, 2007.

**I.   "A MASTER COMPLAINT IS SOON TO BE FILED"**

Plaintiffs suggest that the hearing on the motions should be continued from March 23, 2007, because a master complaint is soon to be filed addressing "what may be the universe of claims and

causes of action" against the various defendants.

This premise is faulty because the deadline for amending pleadings is now deemed lapsed. In the Court's *Case Management and Scheduling Order No. 4*[1] (hereinafter "CMO No. 4"), the Court determined that ample time for the completion of pleadings had already been provided in the first phase and "accordingly the deadline for amending pleadings is now deemed lapsed".[2]  The suggestions that "the universe of claims and causes of action" may somehow be changed after the amended pleading deadline has passed is contrary to CMO No. 4.

Additionally, it is the understanding of undersigned counsel that the Master Consolidated Class Action Complaints is not to include new claims and causes of actions, but only to establish the rights of the plaintiffs to participate in a class action under Rule 23 of the Federal Rules of Civil Procedure, not to state new causes of actions against defendants.  Otherwise, there would seem to be no need to deem the deadline lapsed for amending pleadings if new causes of action could be pled.

## II.     FORM 95'S CONFUSION

The second premise of confusion caused by a February 23, 2007 television announcement regarding Form 95 is likewise not grounds for continuance of the hearings on March 23, 2007.  The deadline for filing any opposition was **February 22, 2007**[3].  Accordingly, any confusion caused by a February 23, 2007 television announcement came <u>after the deadline</u> for filing of any opposition

---

[1] Doc. 3299

[2] CMO 4, at pages 12-13.

[3] See *Conference of November 29, 2006 Concerning Motion Practice*, Doc. 2034, at page 3.

to the Engineers' motions. Typically, motions for continuance of a hearing are not allowed when filed after the deadline for an opposition to the motion.

GOTECH, Inc. files this memorandum separate from any opposition by other engineers, only because: (1) both trial counsel and associate counsel will be out of the office much of this week on other matters and do not have time to coordinate this opposition through liaison counsel for the engineers other than by telephone conference (which has been done), and (2) it is believed this separate opposition is not contrary to the CMO No. 4.

## II.     CONCLUSIONS

The argument that a master complaint is soon to be filed does not create a need to continue the hearing on the Engineers' motion, because no new causes of actions may be stated after the passing of the deadline to amend pleadings. Additionally, the problems created by a television announcement regarding Form 95's occurred after the deadline for oppositions to the motion, so that should not have caused a need for a delay in the hearing on the Engineers' motions. For these reasons the Motion for Continuance of plaintiff, Cathy Adams, and all others plaintiffs in that case should be denied.

By attorneys:

**LONG LAW FIRM, L.L.P.**

s/Albert Dale Clary
**ALBERT DALE CLARY**
Bar Roll Number 4165
**ADRIAN G. NADEAU**
Bar Roll Number 28169
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana   70809
(225) 922-5110

ADC@longlaw.com
AGN@longlaw.com

## **CERTIFICATE**

I HEREBY CERTIFY that on March 6, 2007, I electronically filed the foregoing with the Clerk or Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    s/Albert Dale Clary
**ALBERT DALE CLARY**