UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES | § | CIVIL ACTION |
|         CONSOLIDATED LITIGATION | § | NO. 05-4182 "K" (2) |
| | § | JUDGE DUVAL |
| _____ | § | MAG. WILKINSON |
| | § | |
| PERTAINS TO:  Levee and MRGO, | § | |
|                 *Cohen*, No. 06-5042 | § | |
| _____ | § | |

**DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

     Defendant, United States of America, has moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) to dismiss plaintiffs' action for lack of subject matter jurisdiction.  The Complaint, styled as a class action against the United States and other non-federal defendants, alleges, *inter alia*, common law tort claims for damages arising from the failure of certain levee and floodwall systems in New Orleans, Louisiana, during Hurricane Katrina.[1]  Compl. ¶ 1. Suit against the United States is premised upon alleged acts or omissions of federal employees of the United

---

[1] The plaintiffs' Complaint was filed with the Court on August 28, 2006 (Doc. Rec. No. 1); consolidated with the *In Re: Katrina Canal Breaches Consolidated Litigation*, CA 05-4182, on November 16, 2006 (Doc. Rec. No. 10); and served on United States on January 24, 2007.

1

States Army Corps of Engineers (Corps).  Plaintiffs assert subject matter jurisdiction over claims against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, 28 U.S.C. § 1331, and the Civil Rights Act, 28 U.S.C. § 1983, et. seq.  Compl. at 6.

The flooding caused by Hurricane Katrina was indeed tragic.  The United States, however, is not liable for the damages that the plaintiffs, or the unnamed class members, seek because sovereign immunity shields the United States from this suit.  Foremost, the plaintiffs have failed to exhaust their administrative remedies with the appropriate federal agency before filing suit in accordance with 28 U.S.C. § 2675(a), which is a statutorily mandated jurisdictional prerequisite to suit against the United States pursuant to the FTCA.  Because of this defect, this Court lacks subject matter jurisdiction over plaintiffs' action, requiring dismissal.  None of the other federal laws cited by the plaintiffs cure the fundamental jurisdictional deficiency inherent in their Complaint.  For these reasons, the United States' motion to dismiss for lack of jurisdiction should be granted.

## STATEMENT

Under the FTCA, 28 U.S.C. § 2675(a), an action may not be instituted against the United States unless the claimant first presents a claim to the appropriate federal agency and the agency has denied the claim in writing.  If, however, the federal agency fails to finally dispose of the claim within six months after it is filed, the FTCA affords the claimant, at her option, the opportunity to treat the claim as denied and to file suit in the appropriate federal district court. *Id.*  This Complaint was filed prematurely and therefore must be dismissed because the plaintiffs have failed to comply with the Act's jurisdictional prerequisites.

The Complaint is devoid of allegations that plaintiffs have exhausted their administrative

remedies. Indeed, as of August 28, 2006, when plaintiffs commenced this action by filing their Complaint, their administrative claims had not yet been presented to the Corps.[2] Therefore, this action is jurisdictionally defective. The passage of time cannot cure the jurisdictional defect resulting from the premature commencement of this action. Accordingly, this action must be dismissed.

## ARGUMENT

It is axiomatic that the United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the federal courts are courts of limited jurisdiction, if an action does not come within the limited grant of power derived from Article III of the U.S. Constitution and from Congress' legislative acts, a federal court does not have the power to hear or determine that action. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995)*, rehr'g denied,* 81 F.3d 520 (5th Cir. 1996), *cert. denied,* 519 U.S. 927 (1996). Further, the burden to establish jurisdiction rests on the party asserting it. *Kokkenen*, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). The plaintiffs have failed to meet this burden.

---

[2] The Corps has only received a claim from Rosemary Testa on December 14, 2006. *See* Exhibit 1, Decl. of Angela Drinkwitz, U.S. Army Corps of Engineers.

### I. PLAINTIFFS CANNOT BRING SUIT UNDER THE FTCA BECAUSE THEY HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES.

The FTCA is the exclusive remedy for claimants seeking monetary damages from the United States and is a limited waiver of the United States' sovereign immunity. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). As such, due regard must be given to the terms of the waiver of sovereign immunity because the United States can be liable only to the extent that it has waived its immunity. *Orleans v. United States*, 425 U.S. 807, 814 (1976). Absent a waiver of immunity, the United States is immune from suit in tort. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Suits against the United States must be filed in strict compliance with the FTCA's provisions. *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984) (internal citations omitted).

Plaintiffs cannot now sue the United States for damages because this Court lacks subject matter jurisdiction to hear their claims. Inasmuch as plaintiffs have failed to exhaust their administrative remedies before instituting suit in federal court, this action must be dismissed.

Section 2675(a) of the Federal Tort Claims Act clearly and unambiguously provides that:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a). *See also McNeil v. United States*, 508 U.S. 106, 111 (1993). Thus, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies." *McNeil*, 508 U.S. at 113. Under the FTCA, a claimant is precluded from filing suit in district court unless she has first presented her claim to the appropriate federal agency. *See Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).[3] Once the claim is presented to the appropriate federal agency, the agency has six months within which to consider the claim and settle it if possible. The agency may also deny the claim. If no action is taken within six months, a claimant may deem the claim denied and file suit. During this six-month period, the claimant may not file suit unless the agency formally denies the claim. *Id.*

The provisions of 28 U.S.C. § 2675(a) are jurisdictional in nature and therefore cannot be waived. *Gregory*, 634 F.2d at 203-204; *Price*, 69 F.3d. at 54; *Reynolds*, 748 F.2d at 292; *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Celestine v. Veterans Administration Hospital*, 746 F.2d 1360, 1362 (8th Cir. 1984) *overruled on other grounds by McNeil*, 508 U.S. 106 (1993); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), *cert. denied* 531 U.S. 1037 (2000); *Indus. Constr. Corp. v. U. S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) is intended to "prevent an unnecessary burdening" on the courts with premature complaints, *Jerves,* 966 F.2d at 520, and requires that "jurisdiction exist at the time the complaint was filed." *Gregory*, 634 F.2d at 203-204. The right to sue the United States in tort exists only by virtue of the FTCA, which waives sovereign immunity and fixes the terms and

---

[3] For purposes of sections 28 U.S.C. 2401(b), 2672, and 2675(a) of the Federal Tort Claims Act, a claim is considered presented to the appropriate federal agency when "a Federal agency receives from a claimant . . . an executed Standard Form 95, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Here, one SF-95 (Claim for Damage, Injury or Death) from Rosemary Testa was presented to the Corps on December 14, 2006. *See* Ex. 1, Decl. of Angela Jean Drinkwitz.

conditions upon which suit against the United States may be instituted. *See Plyler*, 900 F.2d at 42. This waiver of sovereign immunity must be strictly construed in favor of the sovereign. *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004) (footnote omitted), *cert denied*, 125 S. Ct. 2549 (2005); *Jerves*, 966 F.2d at 521; *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); *accord McNeil*, 508 U.S. at 113 (requiring "strict adherence to the procedural requirements" of § 2675(a)). Here, plaintiffs' action is premature because as of August 28, 2006, when the named and unnamed class plaintiffs filed their Complaint, they had not filed administrative tort claims with the Corps.[4] *See* 28 U.S.C. § 2675(a); *see generally* Ex. 1, Angela Drinkwitz Decl. Plaintiffs, therefore, have not met the Act's jurisdictional requirements.[5]

Moreover, as the Supreme Court stated in *McNeil*, neither the passage of time nor the subsequent denial of the claim during the pendency of the prematurely commenced action can cure this jurisdictional defect. *See McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Gregory*, 634 F.2d at 204 (specifically rejecting appellants argument that six-month requirement was meaningless because it had already run and upholding dismissal of claims against the United States); *Reynolds*, 748 F.2d at 293 (rejecting as frivolous the argument that "defect[] of

---

[4] Rosemary Testa's administrative tort claim was not filed with the Corps until December 14, 2006

[5] This Court lacks jurisdiction over an FTCA class action where, as here, the administrative prerequisites to suit have not been satisfied by or on behalf of each individual class claimant. *See In re Agent Orange Prod. Liab. Litig*, 818 F.2d 194, 198 (2d Cir. 1987) *aff'g in relevant part, In re Agent Orange Prod. Liab. Litig.*, 506 F.Supp. 757 (E.D. N.Y. 1980); *Lunsford v. United States*, 570 F.2d 221, 227 (8th Cir. 1977); *Caidin v. United States*, 564 F.2d 284 (9th Cir. 1977); *Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); *cf. Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *cert. denied*, 464 U.S. 864 (1983).

prematurely filed complaint may be cured by dilatory service"); *see also Plyler*, 900 F.2d at 42 (vacating, after trial, district court's judgment against United States for lack of jurisdiction because of plaintiff's prematurely filed suit); *cf. United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306-07 (5th Cir. 1987) ("Because the requirement of administrative review is a jurisdictional prerequisite, it would not have been appropriate merely to stay the suit until a claim could be filed."). The only way to cure the jurisdictional defect is to file a "fresh suit" within six months of the agency's denial. *See McNeil,* 964 F.2d at 649. Accordingly, this Complaint must be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).[6]

## II. PLAINTIFFS HAVE NO OTHER VIABLE BASIS UPON WHICH TO ASSERT SUBJECT MATTER JURISDICTION.

None of the other jurisdictional grounds cited in plaintiffs' Complaint is sufficient to gain jurisdiction over the United States. The plaintiffs cite 28 U.S.C. § 1331, and the Civil Rights Act, 28 U.S.C. § 1983, et. seq*.,* as additional grounds for jurisdiction over their suit. These grounds fail.

### A. TITLE 28 U.S.C. § 1331 DOES NOT WAIVE SOVEREIGN IMMUNITY

Plaintiffs assert that this Court has jurisdiction over this subject matter pursuant to 28

---

[6] Although the present motion is founded on 28 U.S.C. § 2675(a), the plaintiffs' action is also foreclosed by other limitations inherent in the FTCA, *see id.* § 2680 (setting forth numerous exceptions to the general provisions that waive immunity and confer jurisdiction to include claims challenging the execution of a statute or regulation with due care or claims challenging the performance of a discretionary function), and by their failure to state a claim on which relief can be granted, absence of an actionable duty, *force majeure*, act of God, superseding cause, contributory negligence, assumption of the risk, and other defenses. In addition, the Flood Control Act of 1928, 33 U.S.C. §§ 700 et seq., expressly retains immunity to actions that attempt to impose liability "for any damage from or by floods or flood waters." *Id.* § 702c.

U.S.C. § 1331.  Compl. ¶ 1.  Broad jurisdictional statutes, such as 28 U.S.C. § 1331, do not, in and of themselves, operate as a general waiver of sovereign immunity.  *See Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *Koehler v. United States*, 153 F.3d 263, 266, n.2 (5th Cir. 1998) (citing *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380 (5th Cir. 1989) and describing the law as "well-settled").  Thus, plaintiffs cannot merely rely on this statute as grounds for jurisdiction over the United States in this matter.

> **B.  PLAINTIFFS' CAUSE OF ACTION FOR ENVIRONMENTAL DAMAGE MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

Plaintiffs also attempt to obtain federal question jurisdiction over the United States by alleging that the United States is "responsible for cleanup costs of the [plaintiffs'] environmentally contaminated property under federal environmental laws."  Compl. ¶ 8.  Plaintiffs aver that "the claims of all affected victims of the flood . . . resulted from a single, identifiable event: levee failures resulting from design defects, defective construction and inadequate maintenance and inspection and the resulting environmental contamination and other losses as a result thereof."  Compl. ¶ 3.  Plaintiffs claim that "as a direct result of and in connection with the flooding resulting from the above described levee breaches, Plaintiffs' property was environmentally contaminated with raw sewerage, oil, chemicals and other hazardous materials previously located in known Superfund sites that were spread across wide areas of the city by spreading floodwaters."  Compl. ¶ 72.  Although plaintiffs' Complaint cites numerous damages due to this alleged environmental contamination requiring remediation, they fail to allege any specific action by the United States or the Corps that violates any federal environmental statute.  Compl. ¶¶ 69-71, 73.  Accordingly, plaintiffs' claim for environmental

8

damage must be dismissed for lack of subject matter jurisdiction.

### C.  TITLE 42 U.S.C. §§ 1983-1988 SUITS BARRED BY SOVEREIGN IMMUNITY

Plaintiffs also assert that jurisdiction is proper in this Court pursuant to the Federal Civil Rights Act.  Compl. at 6.  Suits against the United States under the civil rights statutes found at 42 U.S.C. §§ 1983-1988 are barred by sovereign immunity.  *See Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (internal citations omitted); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982).  Moreover, the plaintiffs have failed to state a claim against the United States under the Civil Rights Act.  Accordingly, the plaintiffs' Civil Rights Act claim must be dismissed for lack of jurisdiction.

## CONCLUSION

For these reasons, the United States' Motion to Dismiss should be granted.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    C. FREDERICK BECKNER III
    Deputy Assistant Attorney General

    PHYLLIS J. PYLES
    Director, Torts Branch

    JAMES G. TOUHEY, JR.
    Assistant Director, Torts Branch


    <u>s/ James F. McConnon, Jr.</u>
    JAMES F. MCCONNON, JR.
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 888
    Benjamin Franklin Station
    Washington, D.C.  20044
    (202) 353-2604
    (202) 616-5200 (fax)
    jim.mcconnon@usdoj.gov
    Attorneys for Defendant United States

March 8, 2007

## CERTIFICATE OF SERVICE

I, James F. McConnon, Jr., hereby certify that on March 8, 2007, I served a true copy of "United States' Memorandum in Support of its Motion to Dismiss" upon all counsel of record by ECF, electronic mail, or first class mail.

/s/ <u>James F. McConnon, Jr.</u>
James F. McConnon, Jr.