## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: KATRINA CANAL** | * | **CIVIL ACTION** |
| **BREACHES CONSOLIDATED** | * | **NO.: 05-4182 "K"(2)** |
| **LITIGATION** | * | |
| | * | **JUDGE DUVAL** |
| _____ | * | |
| **PERTAINS TO:  INSURANCE** | * | **MAGISTRATE JUDGE WILKINSON** |
| *Geraldine Bankston*, No. 06-7351 | * | |
| | * | |
| | * | |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant Hartford

Insurance Company of the Midwest ("Hartford"), improperly named as Hartford Insurance

Company, which hereby responds to the allegations in Plaintiff's Petition for Damages (the

"Petition") as follows:

## RESPONSES TO PARTICULAR ALLEGATIONS

I.

Hartford admits that it does business in Louisiana.  Hartford denies the remaining

allegations in Paragraph I, and avers that it is a corporation organized under the laws of Indiana

with its principal place of business in Hartford, Connecticut.

II.

Hartford admits that there was certain damage sustained to the property at 14509 Duane Rd., New Orleans, Louisiana (hereinafter, the "Premises") on or about August 29, 2005. Hartford denies the remaining allegations in Paragraph II for lack of sufficient information to justify a belief as to the truth of the matters asserted therein.

III.

Hartford denies the allegations in Paragraph III.

IV.

Hartford admits that it issued a homeowners' insurance policy (hereinafter, the "Policy") to Plaintiff with respect to the Premises, which was in effect on August 29, 2005. Hartford denies the remaining allegations in Paragraph IV.

V.

Hartford admits that there was certain damage to the Premises that was caused by wind, a covered peril. Hartford denies the remaining allegations in Paragraph V.

VI.

Hartford admits that Plaintiff paid the premiums due under the Policy. Hartford denies the remaining allegations in Paragraph VI.

VII.

Hartford denies the allegations in Paragraph VII.

VIII.

Hartford denies the allegations in Paragraph VIII.

IX.

Hartford denies the allegations in Paragraph IX.

X.

Hartford denies the allegations in Paragraph X.

XI.

Hartford avers that the allegations in Paragraph XI consist of a summary of the nature of Plaintiff's claims to which no response is required.  To the extent that a response may be deemed to be required, Hartford denies the allegations in Paragraph XI.

XII.

Hartford denies the allegations in Paragraph XII.

XIII.

Hartford denies the allegations in Paragraph XIII.

XIV.

Hartford denies the allegations in Paragraph XIV.

XV.

Hartford denies the allegations in Paragraph XV.

XVI.

Hartford denies the allegations in Paragraph XVI.

XVII.

Hartford denies the allegations in Paragraph XVII.

XVIII.

Hartford avers that the allegations in Paragraph XI consist of a summary of the relief sought by Plaintiff to which no response is required.  To the extent that a response may be deemed to be required, Hartford denies the allegations in Paragraph XVIII.

XIX.

Hartford denies the allegations in Paragraph XIX.

XX.

Hartford avers that the allegations in Paragraph XX consist of a vague legal conclusion to which no response is required.  To the extent that a response may be deemed to be required, Hartford denies the allegations in Paragraph XX.

Hartford avers that the final, unnumbered paragraph of the Petition contains only a prayer for relief to which no response is required.  To the extent that a response may be deemed to be required, Hartford denies the allegations in the final paragraph of the Petition.

**AND NOW**, in further answer to the Petition, Hartford asserts the following defenses:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Petition fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Petition is barred, in whole or in part, because there is a prior pending action in which Plaintiff attempts to assert claims against Hartford arising out of the same insurance claim. *See Kathleen and Peter Terrebonne et al. v. Allstate Ins. Co. et al.*, Civil Action No. 06-4697 (E.D. La.).

## **THIRD DEFENSE**

The Policy contains the following language:

We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**c.**      **Water Damage**, meaning:

    **(1)** Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

    **(2)** Water which backs up through sewers or drains or which overflows from a sump; or

    **(3)** Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

*     *     *

## **FOURTH DEFENSE**

The Policy contains the following language:

We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**Ordinance or Law**, meaning any ordinance or law:

  **a.**  Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. . . .
  **b.**  The requirements of which result in a loss in value to property; or
  **c.**  Requiring any **insured** or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effect of, pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

This exclusion applies whether or not the property has been physically damaged.

**FIFTH DEFENSE**

The Policy contains the following language:

    **c.** We do not cover:
        **(1)** The loss in value to any covered building or other structure due to the
        requirements of any ordinance or law; or
        **(2)** The costs to comply with any ordinance or law which requires any
        **insured** or others to test for, monitor, clean up, remove, contain, treat,
        detoxify or neutralize, or in any way respond to, or assess the effects
        of, pollutants on any covered building or other structure.

        Pollutants means any solid, liquid, gaseous or thermal irritant or
        contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals
        and waste.  Waste includes materials to be recycled, reconditioned or
        reclaimed.

**SIXTH DEFENSE**

The Policy contains the following language:

We do not insure for loss to property described in Coverages A and B caused by any of
the following.  However, any ensuing loss to property described in Coverages A and B
not excluded or excepted in this policy is covered.

    **a. Weather conditions**.  However, this exclusion only applies if weather conditions
    contribute in any way with a cause or event excluded in paragraph **1.** above to
    produce the loss;

**SEVENTH DEFENSE**

The Policy contains the following language:

We do not insure for loss to property described in Coverages A and B caused by any of
the following.  However, any ensuing loss to property described in Coverages A and B
not excluded or excepted in this policy is covered.

    **c. Faulty, inadequate or defective:**

        **(1)** Planning, zoning, development, surveying, siting;
        **(2)** Design, specifications, workmanship, repair, construction, renovation,
        remodeling, grading, compaction;
        **(3)** Materials used in repair, construction, renovation or remodeling; or
        **(4)** Maintenance;
of part or all of any property whether on or off the **residence premises**.

## EIGHTH DEFENSE

The Policy contains the following language:

We do not insure for loss to property described in Coverages A and B caused by any of the following.  However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    **b.** **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;

## NINTH DEFENSE

The Policy contains the following language:

We do not, however, insure for loss:

**2.** Caused by:
. . .
    **e.** Any of the following:

        **(3)** . . . mold, wet or dry rot;
      . . .
        **(5)** Discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against under Coverage C of this policy.

        Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;
      . . .
Under items **1.** and **2.**, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

## TENTH DEFENSE

The Policy contains the following language:

**Insurable Interest and Limit of Liability.**  Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
  **a.** To the **insured** for more than the amount of the **insured's** interest at the time of loss; or
  **b.** For more than the applicable limit of liability.

## ELEVENTH DEFENSE

The Policy contains the following language:

**Loss Settlement.**  Covered property losses are settled as follows:

\* \* \*

**b.**  Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

**(1)**  If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
**(a)**  The limit of liability under this policy that applies to the building;
**(b)**  The replacement cost of that part of the building damaged with material of like kind and quality; or
**(c)**  The necessary amount actually spent to repair or replace the damaged building.

**(2)**  If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:
**(a)**  The actual cash value of that part of the building damaged; or
**(b)**  That proportion of the cost to repair or replace, after application of deductible and without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

**(3)**  To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:
**(a)**  Excavations, foundations, piers or any supports which are below the undersurface of the lowest basement floor;
**(b)**  Those supports in **(a)** above which are below the surface of the ground inside the foundation walls, if there is no basement; and
**(c)**  Underground flues, pipes, wiring and drains.

**(4)**  We will pay no more than the actual cash value of the damage until actual repair or replacement is complete.  Once actual repair or replacement is

complete, we will settle the loss according to the provisions of **b.(1)** and **b.(2)** above.

However, if the cost to repair or replace the damage is both:

**(a)**  Less than 5% of the amount of insurance in this policy on the building; and

**(b)** Less than $2500;

we will settle the loss according to the provisions of **b.(1)** and **b.(2)** above whether or not actual repair or replacement is complete.

**(5)**  You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis.  You may then make claim within 180 days after loss for any additional liability according to the provisions of the Condition **3.** Loss Settlement.

## TWELFTH DEFENSE

The Policy contains the following language:

**Other Insurance**.  If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

## THIRTEENTH DEFENSE

The Policy contains the following language:

As used herein, **Peril** means a cause of physical loss or damage to property.  It has this meaning whether or not it is called a **Peril** or a **Cause of Loss** in this policy.

Even if any of the terms of this policy might be construed otherwise, the following Perils, as described in Paragraphs **A**. and **B**. below, are **SPECIFICALLY EXCEPTED FROM THIS POLICY.  WE DO NOT COVER OR INSURE AGAINST LOSS OR DAMAGE DIRECTLY OR INDIRECTLY CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY, OR WHICH WOULD NOT HAVE OCCURRED BUT FOR, EITHER OF THESE PERILS:**

A.      ACTS, ERRORS OR OMISSIONS by you or to others in: …

3.      The design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of all or any part of the following:

a.      Land or buildings or other structures;

b.      Roads, water or gas mains, sewers, drainage ditches, levees, dams, or other facilities; or

9

      c.      Other improvements or changes in or additions to land or other property;

4.      The furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction, renovation, remodeling, grading or compaction of any of the above property or facilities; or

5.      The maintenance of any of such property or facilities.

This exception A. applies whether or not the property or facilities described above are:

1.      Covered under this policy; or
2.      On or away from the covered premises.

This exception A. does not reduce the insurance for loss or damage caused directly by a Covered Peril.

As used in this endorsement:

1.      If this policy is written to cover the risk of loss from specifically named causes, **Covered Peril** means any Peril specifically named as covered; or
2.      If written to cover the risk of loss without specifying specifically named causes, **Covered Peril** means any Peril not descried above and not otherwise excluded or excepted from the causes of loss covered by this policy.

## FOURTEENTH DEFENSE

The Policy contains the following language:

Even if any of the terms of this policy might be construed otherwise, the following Perils, as described in Paragraphs **A**. and **B**. below, are **SPECIFICALLY EXCEPTED FROM THIS POLICY.  WE DO NOT COVER OR INSURE AGAINST LOSS OR DAMAGE DIRECTLY OR INDIRECTLY CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY, OR WHICH WOULD NOT HAVE OCCURRED BUT FOR, EITHER OF THESE PERILS:**

B.      **COLLAPSE, CRACKING or SHIFTING** of buildings, other structures or facilities, or their parts, if the collapse, **cracking** or **shifting**:

      1.      Occurs during **earth movement, volcanic erup**tion or **flood** conditions or within 72 hours after they cease; and

2.       Would not have occurred but for **earth movement, volcanic eruption**, or **flood**.

But if loss or damage by a Covered Peril ensues at the covered premises, we will pay for that ensuing loss or damage.

This exception B. Applies whether or not there are other provisions in this policy relating to collapse, cracking or shifting of buildings, other structures or facilities, or their parts.  Any such provision is revised by this endorsement to include this exception.

But if this policy specifically covers (by endorsement or in any other way) loss or damage caused by on or more of the following Perils:

1.       Earthquake;
2.       Flood;
3.       Volcanic action
4.       Volcanic eruption; or
5.       Sinkhole collapse,
this exception B. will not reduce that coverage.

As used in this exception B.:

1.       **Cracking** means cracking means cracking, separating, shrinking, bulging or expanding:

2.       **Shifting** means shifting, rising, settling, sinking, or lateral or other movement.

3.       **Earth Movement** means any earth movement, including but not limited to **earthquake**, landslide, mudflow, erosion, contraction or expansion, subsidence, any movement of earth resulting from water combining with the ground or soil, and any other **shifting** of earth; all whether or not combined with **flood** or **volcanic eruption**.  It does not include sinkhole collapse if loss by sinkhole collapse is specifically covered in this policy;

4.       **Earthquake** means a shaking or trembling of the earth's crust, caused by underground volcanic or tectonic forces or by breaking or **shifting** of rock beneath the surface of the ground from natural causes.  An **Earthquake** includes all related shocks and after shocks;

5.       **Volcanic eruption** means the eruption, explosion or effusion of a volcano. It does not include volcanic action is specifically covered in this policy;

6.       **Flood** means:

a.      Flood, surface water, waves, tides, tidal water, tidal waves, high water, and overflow of any body of water, or their spray, all whether driven by wind or not;

b.      Release of water held by a dam, levy or dike or by a water or flood control device;

c.      Water that backs up from a sewer or drain; or

d.      Water under the ground surface pressing on, or flowing, leaking or seeping through:

     (1) Foundations, walls, floors or paved surfaces;

     (2) Basements, whether paved or not; or

     (3) Doors, windows or other openings.

All other provisions of this policy apply.

## FIFTEENTH DEFENSE

The Policy contains the following language:

For the premium charged, we will pay only that part of the total of the loss for all Section I Property Coverages that exceeds the windstorm of hail percentage deductible stated on the Declarations Page.  This deductible applies in the event of direct physical loss to property covered under this policy caused directly by windstorm or hail.  Such deductible applies regardless of any other cause or event contributing concurrently or in any sequence to the loss.  No other deductible provision in the policy applies to the direct physical loss caused by windstorm or hail.

In determining the amount, if any, that we will pay for loss or damage, we will deduct an amount equal to the percentage stated on the Declarations Page of the limit of liability that applies to Coverage A Dwelling, in the policy to which this endorsement is attached.

All other provisions of this policy apply.

## SIXTEENTH DEFENSE

The Policy contains the following language:

1.      We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss:

     * * *

b.      **Earth movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting; unless direct loss by:

     (1)      Fire;

     (2)      Explosion; or

(3)      Breakage of glass or safety glazing material which is part of a building, storm door or storm window, ensues and then we will only pay for the ensuing loss.

## **SEVENTEENTH DEFENSE**

The Policy contains the following language:

**SECTION I – CONDITIONS**

\* \* \*

2.      **Your Duties After Loss.**  In case of a loss to covered property, you must see that the following are done:

     a.      Give prompt written notice to US OR our agent;

            \* \* \*

     d      Protect the property from further damage.  If repairs to the property are required, you must:

         (1)      Make reasonable and necessary repairs to protect the property; and

         (2)      Keep an accurate record of repair expenses;

     e.      Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss.  Attach all bills, receipts and related documents that justify the figures in the inventory.

     f.      As often as we reasonably require:

         (1)      Show the damaged property;

         (2)      Provide us with records and documents we request and permit us to make copies; and

         (3)      Submit to examination under oath, while not in the presence of any other **insured**, and sign the same;

     g.      Send to us, within 60 days after our request, your signed, sworn proof of loss . . .

## **EIGHTEENTH DEFENSE**

Some or all of Plaintiff's claims have been fully adjusted and payment tendered.

## **NINETEENTH DEFENSE**

Plaintiff is barred from any recovery against Hartford to the extent that Plaintiff failed to mitigate her damages.

## **TWENTIETH DEFENSE**

Because Plaintiff failed to satisfy one or more conditions precedent to recovery, Hartford is excused from performing under the contract.  Accordingly, Plaintiff has no cause of action

against Hartford for which relief can be granted.  Additionally and in the alternative, Hartford has fully performed any obligations owed to Plaintiff.

### TWENTY-FIRST DEFENSE

A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits from Hartford.  Hartford and its employees, agents, representatives, and adjusters are entitled to value claims differently from Hartford's policyholders without facing bad faith or extra-contractual liability.  Hartford would show that a bona fide controversy existed regarding the scope of any allegedly covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences.

### TWENTY-SECOND DEFENSE

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Hartford invokes its right under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

### TWENTY-FOURTH DEFENSE

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments made by Hartford regarding

the claims that form the basis of Plaintiff's lawsuit and by all payments and credits available by reason of comparative negligence, settlement, contribution, or proportionate responsibility.

## TWENTY-FIFTH DEFENSE

Plaintiff's damages, if any, must be limited by the amount set forth in the policy limitations provisions of the applicable policy, as reduced by any other payments by Hartford under the policy.

## TWENTY-SIXTH DEFENSE

Hartford reasonably relied upon case law from the state and federal courts of Louisiana, which supported Hartford's interpretation of the policy issued to Plaintiff.

## TWENTY-SEVENTH DEFENSE

Hartford asserts that the acts or omissions of others over whom Hartford has no right of control, including the acts and omissions of Plaintiff, are the proximate or producing cause of the damages alleged in this suit.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the National Flood Insurance Act, 42 U.S.C. § 4001 et seq., and regulations promulgated thereunder.

## TWENTY-NINTH DEFENSE

The Louisiana Valued Policy Law is not applicable to the losses sustained by the plaintiffs.

## THIRTIETH DEFENSE

The Louisiana Valued Policy Law is not applicable to the Policy because it is not a "fire insurance policy."

## THIRTY-FIRST DEFENSE

The Louisiana Valued Policy Law does not apply to the Policy because Hartford did not place a valuation upon the covered property and use such valuation for purposes of determining the premium charge to be made under the Policy.

## THIRTY-SECOND DEFENSE

If the Louisiana Valued Policy Law were otherwise applicable to this case, Standard Fire's liability, in the event of total or partial loss, would be limited to the insurable interest of the insured in the property, pursuant to La. Rev. Stat. § 22:695(C).

## THIRTY-THIRD DEFENSE

Plaintiffs' claims under the Valued Policy Law are barred by the Impairment of Contracts Clauses in Article I, Section 10 of the United States Constitution and Article I, Section 23 of the Louisiana Constitution.

## THIRTY-FOURTH DEFENSE

The recovery sought by Plaintiffs under the Valued Policy Law would amount to a taking of private property for public use without just compensation and is therefore barred by the Takings Clause of the Fifth Amendment to the United States Constitution, Article I, Section 4 of the Louisiana Constitution and Article VI, Section 42 of the Louisiana Constitution.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims for penalties and attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220 are barred to the extent that attorneys' fees are not recoverable under those statutes, as in effect on the date of loss, and any potentially recoverable penalties are limited in accordance with the terms of those statutes as in effect on the date of loss.

16

## THIRTY-SIXTH DEFENSE

Hartford reserves its right to amend this answer to add, delete, or modify defenses based upon legal theories, facts, or circumstances that may be divulged through discovery, further investigation, or legal analysis of Plaintiffs' position.  Hartford also hereby incorporates by reference any additional defenses raised by other defendants to this action.

Dated this 8th day of March, 2007.

Respectfully submitted,

OF COUNSEL:
Stephen E. Goldman                         /s/ Seth A. Schmeeckle
Wystan M. Ackerman                         Ralph S. Hubbard III, T.A., La. Bar # 7040
ROBINSON & COLE LLP                        Seth A. Schmeeckle, La. Bar # 27076
280 Trumbull Street                        LUGENBUHL, WHEATON, PECK,
Hartford, Connecticut 06103-3597                RANKIN & HUBBARD
Telephone:    (860) 275-8200               601 Poydras Street, Suite 2775
Facsimile:    (860) 275-8299               New Orleans, LA 70130
                                           Telephone:    (504) 568-1990
                                           Facsimile:    (504) 310-9195

                                           Attorneys for Hartford Insurance Company of
                                           the Midwest (improperly named as Hartford
                                           Insurance Company)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of March 2007, a copy of the foregoing Defendant, Hartford's Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Seth A. Schmeeckle