

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 12  PM 1:11

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUDREY WILLIAMS AND | * | |
| REVEREND ANDREW WILLIAMS | * | CIVIL ACTION 06-10714 |
| | * | |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| ALLSTATE INSURANCE CO., ET AL | * | MAGISTRATE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND STAY

NOW INTO COURT come Plaintiffs, Audrey Williams and Reverend Andrew Williams, who move this Court for an Order remanding this matter back to Civil District Court of Orleans Parish District Court and for a related Order to stay proceedings.

This Court lacks subject matter jurisdiction over this matter because there is no diversity.

Defendant Allstate Insurance Company ("Allstate"), removed this case on the alleged basis of original jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441 due to improper joinder of David H. Arceneaux Insurance Agency ("Arceneaux").

### I. BACKGROUND

Plaintiffs Audrey and Reverend Andrew Williams (hereinafter "the Williams") are the owners of the property located at 5647 Hempstead Road, New Orleans, Louisiana 70127 in Orleans Parish, Louisiana. As set forth in plaintiffs' petition (attached to the Notice of Removal as Exhibit A), on August 29, 2005, Plaintiffs were residents of the property located at 5647 Hempstead Road, in Orleans Parish, State of Louisiana, and were insured under a homeowner's policy with Allstate Insurance

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Company, (hereinafter "Allstate") procured through defendant agents David H. Arceneaux Insurance Agency (hereinafter "Arceneaux").

On August 29, 2005, Hurricane Katrina made landfall near Grand Isle, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Mississippi border. As expected, Hurricane Katrina produced a great deal of rain fall and caused significant wind damage in Orleans Parish and created a storm surge that overtopped the levees and contributed to levee failures. It has been estimated that, at the time of landfall in Buras, Louisiana, Hurricane Katrina's winds reached speeds in excess of 174 mph.

Shortly after the hurricane, the Williams filed a claim for reimbursement with their insurer, Allstate, for the value of the lost or damaged movable and immovable property caused by the hurricane. Allstate paid the flood policy limits but denied the claim for losses caused by the associated high wind phenomena and refused any additional payments.

Defendant Arceneaux has handled the Williams' insurance needs for a number of years, and provided all manner of insurance coverage. Given the complexity of insurance coverage that the Williams needed during the many years in dealing with Arceneaux and Allstate, the Williams relied on Arceneaux for professional insurance advice.

Arceneaux advised the Williams on the types of coverage that were available as well as the amounts of coverage that were advisable and necessary for each particular situation. The Williams wanted to ensure that they made reasonable choices in the selection of the type and amount of insurance coverage in case of wind and/or flood damage. In unequivocal terms, the Williams expressed those concerns to Arceneaux and expressed their desire for complete coverage for their home and personal property for a catastrophic loss in the event of a hurricane.

At no time did Arceneaux inform the Williams that Allstate's homeowner's policy would not cover their home and personal property in case there was a destruction of the home by a combination of

flood and wind, no matter how small the damage caused by the flood. Arceneaux also informed the Williams that any loss would simply be prorated as logic would dictate in case of a combination loss from wind and flood. Based on the assurances and advice of Arceneaux, the Williams sought no additional insurance as they were assured by Arceneaux that the insurance policy they purchased from Arceneaux was sufficient to meet the damages reasonably anticipated from wind and/or water. Further, Arceneaux never advised the Williams that there were any gaps in coverage or that there was a need to obtain additional insurance from any other source in order to completely protect their property in case of a loss that may involve some combination of wind and water.

As a result of Allstate's denial of coverage for the Williams' losses caused by the high winds, Plaintiffs filed suit against Allstate and Arceneaux on August 28, 2006 in the Civil District Court for the Parish of Orleans, State of Louisiana.

Defendant, Allstate has filed a Notice of Removal removing the matter from the State Court and placing it before the Federal Court.

## II. STANDARD OF LAW

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). The removal statute is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 871-72, 85 L.Ed. 1214 (1941); *see also Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996)("A party invoking the removal jurisdiction of the federal courts **bears a heavy burden.**"). **Doubts concerning removal are to be construed against removal** and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

3

720, 723 (5th Cir. 2002); see also *Smith Lupo Williams Partners vs. Carter*, Civil Action # 06-2808, 2006 WL 2548255 (E.D. La.).

The court in *Seruntine vs. State Farm Fire & Casualty Co.*, Civil Action #06-1580, --- F.Supp.2d ----, 2006 WL 2361641 (E.D. La.) stated:

> The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and recognition that federal courts are courts of limited jurisdiction, that **removal statutes should be strictly construed.** . . . Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, **the Court's jurisdiction is fixed as of the time of removal.** 28 U.S.C. §1447(c); *see Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (emphasis added).

### III. JURISDICTION UNDER 28 U.S.C. §1332

Allstate alleges complete diversity exists between all proper adverse parties, as the defendant Allstate is a citizen of a different state than Plaintiffs. As evident from the Petition for Damages filed in the state court, Plaintiffs also sued the insurance agent Arceneaux, a resident of the State of Louisiana.[1] Allstate alleges defendant Arceneaux was named "in an effort to defeat diversity jurisdiction and avoid removal to federal court." Plaintiffs' Petition for Damages alleges liability against defendant Arceneaux for breach of fiduciary duties owed to Plaintiffs. Plaintiffs have not fraudulently joined Arceneaux to defeat diversity as they have a valid cause of action against Arceneaux individually and/or in solido with Allstate.

Fraudulent joinder can only be established by the defendant showing: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse

---

[1] The court in *Worthy v. Schering Corp.*, 607 F.Supp. 653 (E.D.N.Y., 1985) stated: "It is well established that an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, even if the nondiverse defendant was never served. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 319-21 (1985). Where the nondiverse defendant has not been served, the action cannot be removed unless and until that defendant has been formally dropped from the case. 14A Wright, Miller & Cooper, § 3723, at 319-21." See also, *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873 (C.A.5 (La.), 1998).

plaintiff. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999)). The court must determine whether there is arguably a reasonable basis for predicting that state law **might** impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002).

For fraudulent joinder *vel non,* it is well established that the district court may "pierce the pleadings" and consider summary judgment-type evidence. *See Ross v. Citifinancial, Inc.,* 344 F.3d 458 (5th Cir. 2003); *see also Travis,* 326 F.3d at 648-49 (citing *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990)). In conducting this inquiry, *the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."* Travis, 326 F.3d at 649. In addition, the court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

Plaintiffs have alleged the following in their petition:

V.
The homeowner's policy was entered into upon representations made by Agents as to the proper amount of coverage. Agents advised and represented to Petitioners that they should take out the minimum amount of coverage for flood and a higher amount in homeowners. Agents also represented to Petitioners that whatever flood policy did not pay would be covered by the homeowner's policy. Based upon these representations, Petitioners obtained coverage for the Residence.

XLV.
Defendant Insurance Agents are authorized to issue insurance policies under Louisiana law.

XLVI.
Petitioners maintain that based on Defendant Insurance Agents' aforementioned conduct, Defendant Insurance Agents breached their fiduciary duties to Petitioners to provide and secure appropriate and adequate coverage in the following non exclusive particulars: (1) failing to provide and/or advise Petitioners to secure the proper amount of homeowners insurance; (2) failing to provide and/or advise Petitioners to secure adequate flood insurance; (3) failing to provide and/or advise Petitioners that excess flood insurance was an available, viable option; (4) failing to inform Petitioners of homeowners and flood policy limitations and exclusions; (5) under insuring Petitioners; and (6) any and all other such acts as become known at the time of trial.

XLVII.

Defendant Insurance Agents are the lawful agents of Defendant Allstate and are liable to Petitioners under its acts or omissions policy of insurance.

XLVIII.

If Petitioners would have been properly advised of their insurance options, Petitioners would have undertaken the necessary steps to secure adequate insurance coverage with adequate provisions.

XLIX.

As a result of this breach, Defendant Insurance Agents are liable to Petitioners for all damages caused as a result.

Defendant Allstate Insurance Company has failed to challenge a single fact alleged in plaintiffs' petition. Further, plaintiffs allege breach of fiduciary duties in the following ways: Arceneaux (1) serviced plaintiff's accounts, providing all manner of insurance advice over a multitude of coverage issues; (2) advised plaintiffs so as to obtain sufficient coverage and insurance protection in case of a hurricane; (3) never advised plaintiffs in any manner or fashion that there was a gap in coverage or otherwise no coverage if Allstate Insurance Company deemed the loss to have been a combination of wind and flood; (4) failed to advise the Williams of the need for additional coverage in the event the Williams' loss was due to a combination of wind and water; (5) advised the Williams prior to Hurricane Katrina that any loss due to both wind and water would be prorated; and (6) failed to provide the insurance coverage the Williams requested to be completely protected in the event of a hurricane.

Plaintiffs relied on the advice of Arceneaux that they were protected for any reasonably anticipated contingencies in the event of a hurricane and therefore sought no further insurance to cover their loss in case the loss was attributable to a combination of flood and water. Allstate's refusal to compensate plaintiffs for their loss based on a combination of flood and water renders Arceneaux liable to plaintiffs for Arceneaux's breach of fiduciary duties.

Allstate Insurance Company alleges that there is no reasonable basis for predicting that the state law might impose liability on Arceneaux and, as such, plaintiffs will not be able to establish or maintain a cause of action against Arceneaux in state court.

Plaintiff's petition alleges Arceneaux breached its fiduciary duties owed to plaintiffs by:

(1) failing to provide and/or advise Petitioners to secure the proper amount of homeowners insurance;
(2) failing to provide and/or advise Petitioners to secure adequate flood insurance;
(3) failing to provide and/or advise Petitioners that excess flood insurance was an available, viable option;
(4) failing to inform Petitioners of homeowners and flood policy limitations and exclusions;
(5) under insuring Petitioners; and
(6) any and all other such acts as become known at the time of trial.

Plaintiffs relied on Arceneaux's pronouncements as to the sufficiency of coverage provided to them, which coverage was subsequently renounced by Insurer's denial of the homeowner's claim. Plaintiffs contend that <u>Arceneaux was wrong</u> in its representations to plaintiffs and/or <u>Allstate is wrong in their denial of coverage under the policy</u>. The Williams dealt exclusively with Arceneaux in obtaining coverage for their home and relied on Arceneaux for professional advice and handling of Plaintiffs' insurance needs. The Williams addressed the specific risk of a hurricane and were advised by Arceneaux which coverage and the extent of coverage that the Williams should obtain. If the Williams' insurance policy mandates that there was no coverage whatsoever should the destruction of plaintiffs' home involve even 1% contribution from flood, Arceneaux should certainly have advised plaintiffs of such a scenario. However, Arceneaux's advice and assurances upon which the Williams relied were the exact opposite of Insurer's interpretation of The Williams' policy. Arceneaux assured The Williams that they had nothing to worry about with respect to hurricane damage. If Arceneaux had advised the Williams of such a bizarre interpretation of the Allstate Insurance Company policy, plaintiffs certainly would have taken other measures to protect themselves.

Numerous Louisiana courts have found agents liable for breach of their duties to their clients. An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to **notify the client promptly if he has failed to obtain the requested insurance**. The client may recover from the agent the loss he

sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *Taylor v. Sider* 765 So. 2d 416, 418 (La. App. 4th Cir. 2000); *see also Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973).

Insurance agents and brokers owe the same duty to a client for whom the agents or brokers have agreed to procure insurance. *Taylor*, 765 So. 2d at 418; *see also Durham v. McFarland, Gay and Clay, Inc.*, 527 So.2d 403 (La. App. 4th Cir.1988) (duty owed by brokers); *McCartney v. State Farm Ins. Co.*, 567 So.2d 1168 (La. App. 3d Cir.), *writ not considered*, 569 So.2d 974 (La.1990) (duty owed by exclusive agent). If a duty is imposed by the relationship of the parties and the duty is breached by an act or omission of a party then that party is liable for such acts of omission or commission. *Mauroner v. Massachusetts Indem. and Life Ins. Co.*, 520 So.2d 451 (La. App. 5th Cir.), *writ denied*, 524 So.2d 518 (La.1988).

Louisiana law in certain instances **imposes a fiduciary duty** on insurance agents in their dealings with the insured. In *Taylor*, the court found that if plaintiff been informed of the relevant provisions of Louisiana law she may have opted for a different type of coverage which would have provided recovery in this case. The court accepted the allegations of plaintiffs' amended petitions as true, and found that plaintiff had adequately asserted a cause of action against defendants as to the agent's duty in procuring this insurance **and informing the insured of the policy limitations and exclusions**. *Taylor*, 765 So.2d at 419.

In *Durham v. McFarland, Gay and Clay, Inc.*, 527 So.2d 403 (La. App. 4th Cir. 1988), the court found that an insurance agent who had handled plaintiff's needs for 10 to 15 years breached his duty to advise the plaintiff of the need for flood insurance.

The *Durham* court noted:

> Louisiana jurisprudence recognizes that *a broker's fiduciary duty includes advising his client with regards to recommended coverage*, to

8

>investigate and ascertain the financial condition of prospective companies, and to notify the insured of cancellation or termination of coverage. *Foster v. Nunmaker*, 201 So.2d 215 (La. App. 4th Cir. 1967); *Foster v. American Deposit Insurance Co.*, 435 So.2d 571 (La.App. 3rd Cir. 1983); *Britten v. Payne*, 381 So.2d 855 (La. App. 1st Cir. 1980), writ refused, 384 So.2d 800 (La.1980); *Bordelon v. Herculean Risks, Inc.*, 241 So.2d 766 (La. App. 3rd Cir. 1970). We conclude that the *Karam* decision does not relegate the insurance broker to a mere 'order taker'. That case sets out the broker's duties when there is an admitted request for insurance, but is not an exclusive recitation of a broker's duties to his client. (emphasis added)

In *Landry v. State Farm Fire & Casualty Co*, ___ F.Supp. 2d ___, 2006 WL 1159391 (E.D. La. 4/25/06) plaintiffs alleged they had asked their agent to review their coverage to ensure they had the best coverage available and the court found that plaintiff's complaint sufficiently pled a state law errors and omissions claim against the defendant insurance agent.

An insurance agent is responsible **not only for his unfaithfulness but also for his fault or neglect**. *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769 (La. App. 3rd Cir. 2002); *see also Chandler v. Jones*, 532 So. 2d 402 (La. App. 3rd Cir. 1988); *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 920 F.2d 224 (5th Cir. 1990) (broker who was familiar with insured's business and its risks did not act diligently when he undertook to obtain insurance on behalf of the insured that did not insure for "weather down time.")

In *Landry et al vs. State Farm Fire & Casualty Company et al*, Civil Action #06-181, ___F.Supp.2d___, 2006 WL 1159391 (E.D. La. 4/25/06), State Farm argued fraudulent joinder to once again be rebuked. In *Landry, the plaintiffs had requested that their agent review all their coverages and provide them with the best coverage available. The agent informed the plaintiffs that their coverage was adequate.* Plaintiffs alleged that the agent owed them a duty of reasonable diligence which was heightened by plaintiffs' alleged specific request in 2003 for the agent to review their coverage. Plaintiffs further alleged that they relied on the agent's representations and that they believed he had reviewed the policy because he continued to request increases in coverage. Remanding the matter back to state court,

this Honorable Court found that on its face plaintiffs' allegations stated a claim against the agent and that under Louisiana law, an insurance agent has a fiduciary duty to the insured, and is liable for his own fault or neglect.

Accordingly, based upon Louisiana jurisprudence, there is a reasonable basis to predict that the state court *might* impose liability on plaintiffs' agent Agents.

Additionally, there is no misjoinder because plaintiff has sued his insurance company, the seller of the insurance policy and his insurer. See *So. Athletic Club, LLC v. Hanover Ins.Co.*, 2006 WL 2583406 (E.D. La. Sep 06, 2006); *see also Radlauer v. Great Norther Ins. Co.*, 2006 WL 1560791 (E.D.La. May 16, 2006).

Despite plaintiffs' allegations of different grounds of recovery against the defendants, there is a palpable or real connection between the claims and the parties joined because the plaintiff seeks recovery for the same injury. *Id.* As the court in *Radlauer* noted, this is not a case in which the plaintiffs have joined unrelated claims to defeat the court's jurisdiction.

Understandably, many courts in the Eastern District have visited this issue in recent months. In *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499, Judge Zainey concluded that there is no diversity jurisdiction over a Katrina claim because plaintiff's claim against his insurance agent did not constitute fraudulent joinder. In *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634, Judge Lemmon concluded that there was no diversity jurisdiction because the insurance agent was not fraudulently joined. He reasoned that under Louisiana law, agents and brokers may be held liable for fault in failing to procure adequate insurance coverage and that the defendant did not conclusively establish that the defendant broker would have a peremption defense and the case was remanded. In *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446, Judge Barbier found there was no diversity jurisdiction because the amount in controversy did not exceed $ 75,000. In

10

*Harrington v. Allstate Insurance Co.*, 06-1440 (E.D. La. 8/1/06), Judge Vance concluded that Louisiana law recognizes causes of action against agents for fault in failing to assist the insured to obtain adequate coverage and this type of claim may properly be joined with a claim against the insurer; hence a claim against an agent doesn't constitute fraudulent joinder in a suit against the insurer. The case was remanded. In *Gertrude Gardner, Inc. v. State Farm Mutual Automobile Insurance Co.*, 02-3182 (E.D. La. 6/30/04) 2004 U.S. Dist. LEXIS 12181 Judge Berrigan examined Louisiana law in depth, and concluded that, on proper showing, an agent or broker may be held liable for fault in failing to assist insured in procuring adequate insurance.

At this time, plaintiffs have only identified two decisions in which federal judges resolved a dispute over jurisdiction by finding federal jurisdiction of Katrina claims. Each of these two cases turns on its facts. In *Tomlinson v. St. Paul Fire and Marine Insurance Company*, 06-3273 (E.D. La. 9/12/06), the plaintiff sued his agent. The plaintiff did not allege fault in failing to procure flood insurance but alleged, in general terms, that the agent was at fault in failing to assist the plaintiff in pursuing his claim once the damage was done. Judge Feldman analyzed Louisiana law at some length, concluded that the agent does not, in general, have a duty to assist the insured in pursuing his claim once the damage has occurred and therefore the agent cannot be sued for breach of such alleged duty. Accordingly, under these facts, Judge Feldman found fraudulent joinder. In *Madere v. State Farm Fire and Casualty Company*, 06-2889 (E. D. La. 9/13/06), 2006 U.S. Dist. LEXIS 65315, the plaintiff did not name any Louisiana defendant but, instead, argued that there was no diversity jurisdiction because the jurisdictional amount had not been met. Judge Duval concluded that the amount in controversy was in excess of $75,000 and therefore diversity jurisdiction existed.

Finally, defendant, Allstate contends that plaintiffs' claims against Arceneaux have been perempted under Louisiana law. Despite the fact that Defendants bear the burden of proof in this instance, Defendants' peremption argument contains absolutely no factual support. Instead, they make

11

the conclusory statement that "any claim against Arceneaux is clearly barred." There is no support for the Defendants' peremption argument on the face of the Williams' Petition. The Williams sustained damage as a result of those representations (or omissions) on August 29, 2005, and the Williams filed their Petition on August 28, 2006. Clearly, the Williams' claims have not prescribed. There is nothing in the Williams' Petition to indicate their claims against Defendant Arceneaux have prescribed, and/or been perempted.

The applicable peremptive period is found in La.R.S. 9:5606, which provides, in pertinent part, as follows:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Louisiana Civil Code Article 3458 defines peremption as "a period of time fixed by law for the existence of a right." Further, under that article, "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." "Peremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461.

In Campo v. Correa, 01-2707, pp. 11-12 (La.6/21/02), 828 So.2d 502, 510-511 (citations omitted), the Louisiana Supreme Court said:

> Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

In the context of tort claims against an insurance agent or broker, renewals of insurance policies generally do not operate to restart the three-year peremptive period in R.S. 9:5606, but renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts. The issue is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement.[2]

The Williams had an ongoing relationship with Allstate and Arceneaux. Although The Williams originally obtained their coverage from Allstate a number of years ago, they renewed their policies each year. Over the years they occasionally met with Arceneaux and discussed and/or made changes to their policies.

Allstate advertises that their insureds are "in good hands." This led plaintiffs (and countless others) to believe that their policies were being monitored each year and that Arceneaux would suggest any needed modifications yearly. Because Arceneaux made no recommendations, Plaintiffs understood this to be an assurance that their policy was suitable to meet their insurance needs.

The Williams' first knowledge that their homeowners and flood coverages were not what Arceneaux purported them to be was when Allstate denied his homeowner's claim following Hurricane Katrina. This action was brought within one year of that discovery and therefore is not prescribed. With respect to the issue of peremption, each year, when Arceneaux made no suggestion regarding the Williams' policies, this acted as an assertion that the policies were adequate. Thus, each year, the peremptive period should have begun anew.

Additionally, the affidavit of Reverend Andrew Williams establishs that, to the best of his knowledge and recollection the Williams had conversations with Arceneaux regarding their policy and/or made changes to their policy within the past three years and that any and all paperwork regarding the

---

[2] *Fidelity Homestead Association*, 2006 WL 2873562 at *2.

conversations or correspondence that the Williams had with Arceneaux were destroyed during Hurricane Katrina.

Because no party was "fraudulently misjoined," and the action was brought timely with respect to prescription and peremption, diversity jurisdiction is lacking. Accordingly, there is lack of complete diversity as of the time of filing the petition in state court. *See Dataflux v. Atlas Global Group, L.P.*, No. 02-1689, 541 U.S. 567, 124 S.Ct. 1920 (May 17, 2004).

In the alternative, as established in the affidavit of the Reverend Andrew Williams (Exhibit A), any and all paperwork regarding the conversations or correspondence that the Williams had with Arceneaux were destroyed during Hurricane Katrina. Accordingly, the court should grant leave for expedited limited jurisdictional discovery which would allow plaintiffs the opportunity to obtain the needed documentation to more adequately address this issue.

## IV. STAY OF PROCEEDINGS

Lastly, plaintiff respectfully requests this court to stay any scheduling conference, any Rule 26(f) conference, and any initial disclosures pursuant to FRCP 26, until a hearing can be had on plaintiff's motion to remand. Inasmuch as a hearing is scheduled in the near future, no harm could be done in staying these matters. If this case is ultimately remanded, the state rules mandate alternate procedures and the efforts of this Honorable Court would have been needlessly expended.

## V. CONCLUSION

As outlined earlier, Allstate Insurance Company, as the removing party, bears the "heavy" burden of showing that federal jurisdiction exists and that removal was proper. Doubts concerning removal are to be construed against removal and in favor of remand to state court. The removal statute must be strictly construed.

Allstate Insurance Company failed to meet their burden because the jurisdictional prerequisites have not been established. Allstate Insurance Company has improperly removed this state court action. Illogical arguments and assertions are insufficient to establish federal jurisdiction.

Accordingly, plaintiffs respectfully request that this Honorable Court should remand this matter back to the Civil District Court for the Parish of Orleans, State of Louisiana and that a stay of any scheduling conference, any Rule 26(f) conference, and any initial disclosures pursuant to FRCP 26, be issued pending a hearing on this motion.

RESPECTFULLY SUBMITTED:

JOHN W. REDMANN #19984
MARGARET E. MADERE # 28666
LAW OFFICE OF JOHN W. REDMANN, PLC
5407 Mac Arthur Blvd.
New Orleans, Louisiana 70131
Tel: (504) 433-5550
Fax: (504) 433-5556

CERTIFICATE OF SERVICE: I HEREBY CERTIFY that a copy of the above and foregoing has this day been served upon all counsel of record and parties by hand delivering, telefaxing, and/or placing same in the U.S. mail, properly addressed and postage prepaid.

New Orleans, Louisiana, this _____ day of _____ 200___.

John W. Redmann