UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * * | DOCKET NO.: 05-4182 "K" (2) |
| | | JUDGE:    DUVAL |
| | | MAGISTRATE: WILKINSON |

**************************************

PERTAINS TO:

INSURANCE  (Fischman, No. 06-4952)

**************************************

## RESPONSE TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

1.

NOW INTO COURT, through undersigned counsel comes defendant, State Farm Fire and Casualty Company, and respectfully submits this response to Plaintiff's First Supplemental and Amending complaint.

2.

State Farm reurges all defenses and responses contained in the Answer filed in response to Mrs. Fischman's original petition.

3.

State Farm asserts in the alternative that Mrs. Fischman, if entitled to any additional amounts under her Homeowner's policy, is entitled to recover only the difference between the pre-Katrina value of her property and those amounts she has been paid in settlement of her flood damage claim.

4.

In response to Mrs. Fischman's supplemental pleadings ("Claim No. III Error and Reformation") regarding error and reformation of the settlement agreement she signed on August 8, 2006, State Farm answers as follows:

5.

Mrs. Fischman claims that: 1) the settlement agreement is void due to error as to the cause of the settlement agreement 2) that the agreement should be reformed to reflect only the claims that Mrs. Fischman now wants it to reflect and 3) that the agreement should be set aside due to Mrs. Fischman's lack of consent.

6.

State Farm avers that Mrs. Fischman entered into a binding settlement agreement to settle all claims under her Homeowner's policy.

7.

State Farm urges that Mrs. Fischman has not met the burden of proof she is required to show to vitiate the binding settlement agreement that she signed and for which she was given consideration.   Mrs. Fischman entered into a binding settlement agreement to settle: "[A]dditional ALE owed; State Farm has not properly adjusted coverages A, B & C under

Homeowner's Policy." Coverages A, B and C comprise the totality of coverage under a State Farm Homeowner's Policy.

8.

The settlement agreement Mrs. Fischman indicated that "[t]he settlement amount being paid is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation." State Farm paid $6,216.17 in accordance with the agreement. No rights or claims were reserved as part of this agreement.

9.

The settlement agreement in question is the kind favored by Louisiana and Federal courts, "[P]ublic policy favors compromise agreements and the finality of settlements." Brown v. Drillers Inc., *supra* at 757; Randall v. Martin, 868 So.2d 913 La.App. 5 Cir.,2004. Feb 23, 2004 citing Rivett v. State Farm Fire & Casualty Co., 508 So.2d 1356 (La. 1987). Because of this, Mrs. Fischman bears the burden of proving that the agreement is null. Louisiana courts have held, "[n]ot only does the party seeking to nullify a settlement agreement bear the burden of proof, but the law strongly favors compromise agreements between parties and courts will not invalidate such settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud." Autin Germany v. Germany, 00-1924 La.App. 5 Cir. 4/11/01 La.App.5.Cir., 2001 *citing* Hoover v. Boucvalt, 99-0867 (La.App. 4 Cir. 11/24/99), 747 So.2d 1227, 1231, *writ denied,* 99-3610 (La.2/18/00), 754 So.2d 969, *also see* Randall v. Martin, 868 So.2d 913 La.App.5.Cir.,2004 "the Party seeking rescission of settlement agreement bears burden of proving its invalidity." La. C.C. Art. 3079.

10.

Mrs. Fischman has not met the burden of proving error as the basis to vitiate or reform of this settlement agreement and has offered nothing to prove that she did not consent to the agreement.

11.

According to La. C.C. art 1949, "error vitiates consent when it concerns a cause, without which the obligation would not have incurred and which was known or should have been known to the other party." However, "A party may not avail himself of his error if the other party is willing to perform the contract as intended by the party in error." La. C.C. art. 1951, Michot v. Mose, 649 So.2d 441 La.App. 3 Cir.,1994. October 17, 1994.

12.

Mrs. Fischman's allegation that only a portion of her claims were supposed to be settled is not an error that is adequate to rescind a binding settlement agreement ;

> "La.C.C. art. 3079 provides that error as to the "matter in dispute" is a ground for rescinding a compromise. However, it does not provide that error as to the quantity or quality of the matter in dispute would warrant rescission. In fact, La.C.C. art. 3078 states that compromises "cannot be attacked on account of any error in law or any *lesion.*" (Emphasis added.) The error complained of by plaintiff is that she executed the compromise under the erroneous impression that only movables, i.e., cash, was involved when in fact a potential claim involving immovables was present. Thus, she bases her claim for rescission on the fact that she was ignorant as to the quantity and/or quality of the "matter in dispute," i.e., the estate. I find no provision in the law to relieve her of her compromise which was written in the very broadest terms." Durbin v. Cockerham, 442 So.2d 634 La.App. 1 Cir.,1983. November 22, 1983.

13.

As further support that Mrs. Fischman's consent was free in entering into this binding settlement agreement, at all times during mediation, she was represented by her daughter, an experienced attorney.

14.

When Mrs. Fischman signed this binding transaction and compromise, no reservations to pursue any additional claims were made.  No reservations are evident on the written settlement agreement.  Mrs. Fischman and her daughter attorney were aware that all claims were being compromised.  There is no proof of error on the part of Mrs. Fischman.

15.

Mrs. Fischman's claim after the fact that she did not intend to settle all claims does not constitute error that would vitiate the unequivocal settlement agreement she signed.  Where claims of error regarding a similar settlement agreement were in question, the court disallowed self-serving testimony of the plaintiff where the plaintiff agreed to "settle all of his claims against defendants" and where "the settlement terms are clear and unequivocal. [T]he document specifically provided that plaintiff voluntarily settled all claims" Randall v. Martin, 868 So.2d 913, La.App. 5 Cir.,2004., Feb 23, 2004 No. 03-CA-1311.  It is clear that Mrs. Fischman also voluntarily agreed to settle all claims in a clear and unequivocal settlement agreement.

16.

**WHEREFORE,** State Farm answers plaintiff's amended pleadings and requests that its Motion to Enforce Settlement Agreement be enforced as written, for the reasons stated above and the reasons outlined in that Motion and in State Farm's Response to plaintiff's opposition to the Motion.

*CERTIFICATE OF SERVICE*

I do hereby certify that I have on this **8th** day of **March, 2007**, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: James Garner, Debra Fischman and Frank C. Dudenhefer.

/s/ Heather Cheesbro
_____

/s/ Heather Cheesbro
_____
BURT K. CARNAHAN, #3920
HEATHER CHEESBRO, #30437
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290
*Attorneys for State Farm Fire & Casualty Co.*