**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION** | **CIVIL ACTION** |
| | **NO. 05-4182** |
| **PERTAINS TO:** *Reed*, No. 06-2152 | **SECTION "K"(2)** |
| *Ackerson*, No. 06-4066 | |

**ORDER AND REASONS**

Before the Court are the following motions:

1)    Doc. 1158    U.S. Motion to Dismiss for Lack of Jurisdiction in *Reed*

2)    Doc. 1160    Dredging Defendants' Motion to Dismiss Plaintiffs' Claims Pursuant to F.R.C.P. 12(b)(1) and 12 (c) in *Reed* and *Ackerson*

3)    Doc. 1161    Dredging Defendants' Motion to Dismiss Pursuant to the Suits in Admiralty Act and F.R.C.P.  12(c) *in Reed* and *Ackerson*

4)    Doc. 1176    Motion for Dismissal and/or Partial Dismiss al on Behalf of Manson Consturction Co. and Manson Gulf., LLC in *Reed and Ackerson*

5)    Doc. 1155    Rule 12(b)(6) Motion to Dismiss by Bean Dredging Defendants

6)    Doc. 1163    Dredging Defendants' Motion for Judgment--La. R.S. 9:2772 and F.R.C.P. 12(c)

7)    Doc. 1159    Dredging Defendants' Motion to Dismiss Plaintiff's Concealment and Implied warranty Claims Pursuant to F.R.C.P. 12(c) and 9(b)

8)    Doc. 1157    Dredging Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action

9)    Doc. 1162    Dredging Defendants' Motion for Judgment on the Pleadings Pursuant to La. R.S. 9: 5624 and F.R.C.P. 12(c)  and

10)    Doc. 2236    Motion for Leave to File First Supplemental and Amending Complaint in *Reed*

The Court entertained extensive oral argument on these motions on December 15, 2006, except for the Motion for Leave to File First Supplemental and Amending Complaint which was filed in response to the Motion to Dismiss (Doc. 1158) filed by the United States the day before the hearing  and which motion was noticed for hearing on January 10, 2007.  Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court will address these motions.  The Court will begin with the United States Motion to Dismiss (Doc. No. 1158) and the Motion for Leave to File First Supplemental and Amending Complaint (Doc. No. 2236) as it relates to the addition of allegations concerning the Admiralty Extension Act[1] filed in *Reed* which is a class action.

I.       **U.S. Motion to Dismiss for Lack of Jurisdiction (Doc. 1158) and the Motion for Leave (Doc. 2236)**

The United States has moved to dismiss the *Reed* case based on lack of subject matter jurisdiction pursuant to  Fed. R. Civ. P. 12(b)(1).   The United States in its Motion to Dismiss never concedes that maritime law applies; however, since the bases of jurisdiction alleged in the Complaint are the Suits in Admiralty Act, 46 U.S.C. §§ 741-52 ("SAA"), the Public Vessel Act, 46 U.S.C. §§ 781-90 ("PVA") and 28 U.S.C. §1331 because some the claims asserted arise under the laws of the United States of America, including the Water Pollution Control Act, 22 U.S.C. § 1251, *et seq.* , the Motion to Dismiss focuses upon the plaintiffs' failure to file an administrative claim under the Admiralty Extension Act, 46 U.S.C. App. § 740 ("AEA").

---

[1]Specifically, the *Reed* plaintiffs seek to add to the end of paragraph 4 of their complaint the following: This Court also has jurisdiction pursuant to 28 U.S.C. § 1333 (*in personam)* and 46 U.S.C. App. §740 (plaintiff having filed an administrative claim with the Army Corp of Engineers, which the agency received on June 9, 2006 without making any decision thereon in the six months that have passed).

The Government urges that because all of the damages alleged by plaintiffs occur on land, the AEA is implicated.  At oral argument, counsel for plaintiffs apprised the Court that he had moved to amend the Complaint to allege the AEA (Doc. 2236) and that six months had elapsed from the time of the filing of the administrative claims by plaintiff making the amendment timely.

The AEA provides in pertinent part:

> The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

> In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: *Provided*, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948, and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: *Provided further*, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage.

46 App. U.S.C.A. § 740 .

The AEA clearly provides that when a suit is brought pursuant to SAA and/or PVA and the resulting damage occurs on land, no suit **shall be filed** against the United States until six months after the filing of an administrative claim which has been presented in writing to the appropriate federal agency.  Plaintiffs argue that the proposed amendment is timely and therefore the suit should not be dismissed.[2]  The Court is constrained to deny the motion for

---

[2]Plaintiffs concede that there is no private cause of action under the Water Pollution Control Act, for purposes of this motion.

leave to amend because of futility and to dismiss this case as failing to comply with the AEA even though such a dismissal is not a model of judicial efficiency. *See Eure v. United States Postal Service*, 711 F. Supp. 1365 (S.D. Miss. 1989) *citing Reynolds v. United States,* 748 F.2d 291 (5th Cir. 1984) (where district court has no subject matter jurisdiction, subsequent amendments do not cure the original jurisdictional defects). *See also McNeil v. United States*, 508 U.S 106, 112 (1993).   Accordingly,

      **IT IS ORDERED** that  the U.S. Motion to Dismiss for Lack of Jurisdiction (Doc. 1158) is **GRANTED** and judgment be in favor of the United States and against all plaintiffs in *Reed*, C.A. No. 06-2152 dismissing such complaint without prejudice as suit was prematurely filed.

      **IT IS FURTHER ORDERED** that the Motion for Leave to Amend (Doc. 2236) is **DENIED** as futile with respect to the addition of Paragraph 1 in its First Supplemental and Amending Complaint (Doc. 2236-4).


**II.**      **Dredging Defendants' Motion to Dismiss Plaintiffs' Claims Pursuant to F.R.C.P. 12(b)(1) and 12 (c) (Doc. 1160) and the Motion for Leave (Doc. 2236)**

      The Court will now turn to the Dredging Defendants' Motion to Dismiss Plaintiffs' Claims Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c).   This motion is filed on behalf of all the

4

dredging defendants[3] in the *Reed* and the *Ackerson* cases and seeks dismissal on the following bases:

> (1)  plaintiffs cannot challenge the will of Congress by suing the dredging defendants citing *Yearsley v. W.A. Ross Constr. Co.,* 309 U.S. 18 (1940);
>
> (2)  the dredging defendants share the Government's sovereign immunity under the Flood Control Act of 1928 and the discretionary function exception; and
>
> (3)  the dredging defendants are immune as government contractors.

**Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction.  *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).  As the Fifth Circuit has stated:

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium).  this requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  I.  The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursing a claim in a court that does have jurisdiction.  *Id.*

---

[3]Movers are Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its own behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and King Fisher Marine Service, L.P.  They will be referred to herein as the "Dredging Defendants."  While Manson Construction Co. and Manson Gulf, LLC did not join in this motion, a separate "Motion for Dismissal and/or partial Dismissal on behalf of Manson Construction Co. and Manson Gulf, LLC." (Doc. 1176) was filed and they essentially adopted the subject motion.  Thus, when the Court refers to the Dredging Defendants it refers to these two entities as well.

A Rule 12(c) motion is reviewed using the same standard employed under Rule 12(b)(6). Thus, a court must construe the plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations contained therein as true. *Butler v. Nance,* 2001 WL 671745 (N.D. Tex. June 12, 2001) at *2 *citing Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991); *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288 (5th Cir.1977).

### Analysis

The Court focuses on Contentions 1 and 3 of the Dredging Defendants as delineated above. Although plaintiffs have filed a lengthy and detailed complaint, there is no allegation that any of the Dredging Defendants performed any negligent act or omission or any intentional act that was beyond the scope of the task for which the Corps of Engineers hired them.

In *Yearsley*, plaintiffs sought to recover damages against the contractor who had built dikes in the Missouri River and as a result, part of plaintiffs' land had eroded and washed away. The Supreme Court held that the authority to carry out the project was validly conferred by an act of Congress and that there was no liability on the part of the contractor for executing Congress' will. As in this case, there was no allegation that any Dredging Defendant deviated from the scope of the work that it was mandated to do by the Government. If there is any recovery to be had, it must be against the Government and not the contractor. As stated in *U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall,* 355 F.3d 1140 (9th Cir. 2004):

> The contractor defense shields federal contractors from liability for actions that are tortious when done by private parties but not wrongful when done by the government, such as causing erosion on private land by building dikes for the government, *Yearsley,* 309 U.S. at 20-22, 60 S.Ct. 413; building a helicopter to military specifications that might contain design defects if made for the general

public, *Boyle,* 487 U.S. at 505-10, 108 S.Ct. 2510; or trespassing onto land to
build a highway, *Myers v. United States,* 323 F.2d 580 (9th Cir.1963).

*Id. at* 1146 -47.

Plaintiffs cite the case of *Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431 (5th Cir.

2000).  First it should be noted that in *Kerstetter*, the court found the government contractor

defense applied.  In its opinion, the Court stated:

> In order for a contractor to claim the government contractor defense, (1) the
> government must have approved 'reasonably precise' specification; (2) the
> equipment must have conformed to those specifications; and (3) the
> supplier/contractor must have warned of those equipment dangers that were
> known to the supplier/contractor but not to the government.

*Id.* at 435.  Here, plaintiffs have made no allegation that the dredging defendants knew of any

danger that was not known to the Government.  Plaintiffs have asked for discovery to determine

whether the dredging defendants committed any act of omission or commission which would

place them beyond the *Yearsley* rubric.  The Court finds that discovery in this regard would

constitute a rank fishing expedition.

Closely related to the *Yearsley* defense is the Dredging Defendants' contention that they

are immune as government contractors.  The Dredging Defendants point out that plaintiffs

allege that:

> (1)    the Dredging Defendants dredged the MRGO pursuant to specific Government
>        contracts. (Complaint,  ¶¶ 13-17).

> (2)    The Government approved reasonably precise specification with which the
>        Dredging Defendants conformed. (Complaint, ¶¶ 7, 14, 16-17); and

> (3)    The Government knew of the potential harmful effects of the MRGO.
>        (Complaint, ¶ 9).

Contractors cannot be held liable for performing contracts in conformity with the Government's specifications, providing the contractors carried out such contracts with due care and absent negligence. *Hercules Inc. v. Untied States,* 516 U.S. 417, 421-22 (1996) ; *Boyle v. United Tech. Corp.*, 487 U.S. 500, 511-12 (1988). *See Jemison v. The Dredge Duplex*, 163 F. Supp. 947 (S.D. Ala. 1958). Plaintiffs' counsel in the briefs and at oral argument could not point out any allegation in the lengthy complaint which alleged that the Dredging Defendants did not carry out the contracts at issue with due care.

Plaintiffs also argue that they have alleged damage to wetlands and that wetlands are part of the navigable waters of the United States; therefore, there is maritime jurisdiction because the injury occurred on the navigable waters of the United States–i.e. the wetlands–and the AEA would not be applicable. The Court finds this argument is without merit. Under certain circumstances, wetlands are considered part of the waters of the United States. An example would be in the Clean Water Act, 33 U.S.C. § 1342 ("CWA"). Under the CWA, in order for wetlands to be "waters of the United States," they must be adjacent to "waters which are currently used or were used in the past, or may be susceptible to use in interstate or foreign commerce." 33 C.F.R. § 328.3(a)(1), (7). Therefore, the wetlands involved in this case may be "waters of the United States" for purposes of the CWA.

However, the wetlands are not navigable waters for the purposes of invoking maritime jurisdiction. A party seeking to invoke federal admiralty jurisdiction over a tort claim must satisfy conditions of both location and connection with maritime activity. *Jerome V. Grubart, Inc. v, Great Lakes Dredge and Dock Co.*, 513 U.S. 527, 531-42 (1995). Part of the t est is that the injury must occur on navigable waters. Here, for the purposes of maritime jurisdiction, the

wetlands are not navigable waters.  Moreover, none of the plaintiffs have alleged that they are owners of the wetlands that were allegedly damaged.  Plaintiffs simply allege that the erosion of the wetlands facilitated the damages that occurred to their homes and businesses.  This contention simply does not establish maritime jurisdiction in this case.

As previously noted, at oral argument conducted on this motion, plaintiffs' counsel apprised the Court that he also was seeking to amend the Complaint by adding allegations concerning 33 CFR 336.1(c)(4) and 33 CFR 320.4(b) (Doc. 2236).  The Motion to Amend was filed the day before oral argument.  The Court apprised plaintiffs' counsel that it would allow the defendants an opportunity to oppose the amendment, and if the Court determined that the amendment was futile it would deny leave to amend and decide the motion.

The Court has reviewed the proposed amendment which seeks to add the following allegation at the end of paragraph 32 of the Complaint:

> Defendants failed to follow requirements of 33 CFR Parts 335-38, particularly 33 CFR 336.1(c)(4) and 33 CFR 320.4(b) and Executive Order No. 11990 made applicable thereby.  The Dredging Defendants deviated from and/or failed to execute their dredging activities in the manner required by the Army Corps of Engineers and by the Nationwide Permits, specific permits, or general authorizations for dredging issued by or obtained by the Army Corps of Engineers pursuant to 33 CFR §§337.5 AND 338.2.  Furthermore, all defendants failed to follow State requirements (made applicable by 33 CFR 337.2) including those contained Chapter 7, Sections 701 and 707 of the Louisiana Administrative Code related to dredging activities.

Doc. No. 2236-4.

The Court has reviewed the proposed amendment and the relevant provisions in the Code of Federal Regulations such amendment seeks to add. The Dredging Defendants object to the proposed amendment alleging it violates the Limitation of Liability Act since all dredging defendants except Bean Dredging have filed Petitions for Limitation and posted security for any

claims filed in their respective limitations.   Further, they argue that the amendment is untimely, and finally, that it is futile.

Because the Court finds that the amendment is in fact futile, it will not discuss the other grounds raised.  The authorities set forth in the proposed amendment are regulations which relate to the Corps of Engineers and not to the Dredging Defendants.  The regulations are primarily designed so that the Corps of Engineers will follow the appropriate practices and procedures in order to comply with statutes governing  projects involving the discharge of dredge or fill material into the waters of the United States.  These regulations are guidelines for the Corps of Engineers to follow and do not pertain to the Dredging Defendants.  There have been no cases cited to the Court that would impose liability on a contractor because of the failure of the Corps of Engineers to comply with regulations directed specifically to it.  The Court thus finds that the amendment should be denied in this respect as well as futile. Accordingly,

**IT IS ORDERED** that Dredging Defendants' Motion to Dismiss Plaintiffs' Claims Pursuant to F.R.C.P. 12(b)(1) and 12 (c) (Doc. 1160) is **GRANTED** and judgment shall be entered in favor of Bean Dredging, L.L.C.; C.F. Bean L.L.C.; Bean Stuyvesant, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.; Royal Boskalis Westminster N.V., in their own right and as successors to Bean Dredging Corporation; C.F. Bean Corporation; Bean Horizon Corporation; Bean Horizon L.L.C.; Gulf Coast Trailing Company; T.L. James & Company, Inc.; TLJIC, L.L.C., on its own behalf and as successor by merger to T.L. James Marine, Inc., and T.L. James Marine, L.L.C.; Great Lakes Dredge & Dock Company; Great Lakes Dredge & Dock Company, L.L.C. of Louisiana; Great Lakes Dredge & Dock

Corporation of Delaware; Natco Dredging Limited Partnership; Great Lakes Trailing Company; Weeks Marine, Inc.; Mike Hooks, Inc.; Luhr Bros. Inc.; Pine Bluff Sand and Gravel Company; and King Fisher Marine Service, L.P. and against all plaintiffs named in *Reed,* C.A. No. 06-2152 and *Ackerson*, C.A. No. 06-4066 with prejudice.

      **IT IS FURTHER ORDERED** that the Motion for Leave to File First Supplemental and Amending Complaint in *Reed* with respect to Paragraph 2 concerning 33 CFR 336.1(c)(4) and 33 CFR 320.4(b) (Doc. 2236) is **DENIED**.

      **IT IS FURTHER ORDERED** for the reasons set out above that the Motion for Dismissal and/or Partial Dismissal on Behalf of Manson Construction. Co. and Manson Gulf, LLC (Doc. 1176) is **GRANTED** and judgment shall be entered in favor of Manson Construction Co. and Manson Gulf, LLC and against all plaintiffs named in *Reed,* C.A. No. 06-2152 and *Ackerson*, C.A. No. 06-4066 with prejudice.

      **IT IS FURTHER ORDERED** that the following motions are **DENIED** as **MOOT**.

| | |
|---|---|
| Doc. 1161 | Dredging Defendants' Motion to Dismiss Pursuant to the Suits in Admiralty Act and F.R.C.P.  12(c) *in Reed* and *Ackerson* |
| Doc. 1155 | Rule 12(b)(6) Motion to Dismiss by Bean Dredging Defendants |
| Doc. 1163 | Dredging Defendants' Motion for Judgment--La. R.S. 9:2772 and F.R.C.P. 12(c) |
| Doc. 1159 | Dredging Defendants' Motion to Dismiss Plaintiff's Concealment and Implied warranty Claims Pursuant to F.R.C.P. 12(c) and 9(b) |
| Doc. 1157 | Dredging Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action; and |
| Doc. 1162 | Dredging Defendants' Motion for Judgment on the Pleadings Pursuant to La. R.S. 9: 5624 and F.R.C.P. 12(c). |

New Orleans, Louisiana, this __9th__ day of March, 2007.

11

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**