UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES　　　　　　　CIVIL ACTION
CONSOLIDATED LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　NO. 05-4182 "K" (2)

PERTAINS TO: Levee, MR-GO, Insurance　　　　JUDGE DUVAL
　　　　　　　　　　　　　　　　　　　　　　　MAG. WILKINSON

**<u>INSURER DEFENDANTS' SUBMISSION RE DISAGREEMENT<br>REGARDING CASE MANAGEMENT ORDER<br>PURSUANT TO COURT'S INSTRUCTION OF MARCH 1, 2007</u>**

On March 1, 2007, the Court issued its Case Management and Scheduling Order No. 4 (the "CMO"). In its Order, the Court acknowledged the Order issued by the Fifth Circuit granting a stay in the In Re: Katrina Canal Breaches Consolidated Litigation (the "Katrina Consolidated Litigation") which had been requested by certain insurers in connection with the appeal of cases pending in the Fifth Circuit – *Chehardy*, Civil Action Nos. 06-1672, 06-1673, and 06-1674; *Vanderbrook*, Civil Action No. 05-6323; and *Xavier University*, Civil Action No. 06-516 (collectively referred to as the "Chehardy Group Appeals") following this Court's ruling on November 27, 2006. Because the Fifth Circuit's Stay Order has significant implications for the implementation of the CMO and the progression of the Katrina Consolidated Litigation, this Court instructed the parties to make a joint submission, to the extent possible, which has been filed with the Court separately, and to present separate submissions where agreement is not possible, regarding the effect of the Fifth Circuit Stay Order on the CMO.

1

For the reasons stated in the contemporaneously filed Motion to Enforce Stay Order Issued By Fifth Circuit on February 28, 2007, undersigned Defendants' Liaison Counsel submits this position paper to recommend a course of action for the Katrina Consolidated Litigation in view of the Stay Order.  The Insurer Defendants, in cooperation with all of the Consolidated Defendants, recognize and agree that the CMO should be preserved to the extent possible while still protecting the important public policy benefits intended by the Fifth Circuit's ruling.  Accordingly, the Insurer Defendants, in cooperation with all of the Consolidated Defendants, respectfully submit that an implementation of the Fifth Circuit Stay Order requires the following modifications to this Court's CMO:

1. With respect to all cases in the Insurance Umbrella only, the CMO should be suspended and all proceedings relating to claims against the Insurer Defendants should be stayed until such time as the Fifth Circuit rules on the Chehardy Group Appeals.  The Fifth Circuit has scheduled briefing on an expedited basis (at the request of the defendants in the Chehardy Group Appeals), and the case is now fixed for oral argument during the week of June 4, 2007. [1]  In light of this schedule, the duration of the stay is likely to be short.

2. Document production and other written discovery in the Levee and MR-GO Umbrellas (cases to which none of the Insurer Defendants are parties) could be allowed to continue during the stay of the Insurance Umbrella cases.[2]  With respect to the parties foreclosed from initiating document and other written discovery, the CMO should reserve a limited number of additional, <u>non-duplicative</u>, interrogatories, requests for production and requests for admissions that could be propounded by such parties once the stay is lifted.  In so doing, the Court would be able to give effect to the Fifth Circuit Stay Order while preserving the parties' rights to take discovery and ensuring the orderly progress of the pretrial activity in the Katrina Consolidated Litigation.  The Insurer Defendants suggest that an additional 10 interrogatories, 20 requests for production, and 20 requests for admission per side (insurers and plaintiffs) would be appropriate, subject to modification by agreement of Plaintiffs' and Defendants' Liaison Counsel or for good cause.

---

[1]  The Fifth Circuit briefing schedule requires that all briefing will be completed no later than May 14, 2007, including its order that all parties must "**strictly adhere to the . . . briefing schedule**" to preserve the oral argument date during the week of June 4, 2007.

[2]  In addition, dispositive motions, document production and other limited discovery to plaintiffs regarding the claims made against Independent Insurance Agency Defendants within the Insurance Umbrella could also be allowed to continue during the stay of the Insurance Umbrella cases.

3. No depositions should be allowed in the Katrina Consolidated Litigation, including without limitation, *Robinson et al v. United States of America et al, No. 06-2268*, until the stay is lifted. The suspension of depositions for the stay period is necessary to preserve the Court's plan that duplicative discovery should be avoided. The stay of depositions will allow the Insurer Defendants to participate in any depositions that are eventually taken as presently contemplated in the Court's CMO, while preserving the integrity and promoting the interests that are the basis of the Fifth Circuit Stay Order.

4. All Defendants recognize and submit that this stay of depositions will impact the Court's proposed calendar for class certification determination, particularly with respect to the Levee Umbrella and the MR-GO Umbrella. All Insurer Defendants submit that a shift in class discovery deadlines and class certification rulings in the Levee and MR-GO Umbrellas for a reasonable time in light of the proposed stay could be managed without disrupting the Court's projected trial calendar. All Insurer Defendants submit that moving class certification deadlines in the Levee and MR-GO Umbrellas, including the class hearing dates, by 60 days will allow sufficient time for deposition discovery following the continuing progress of written discovery.[3] **Moreover, it would be a violation of the stay by the Fifth Circuit to permit class certification to proceed now with respect to the Insurer Defendants. One of the initial requirements of the CMO is that the plaintiffs amend all of the class complaints in order to combine them in one consolidated pleading.** ***Chehardy*** **is the leading class action case regarding insurance issues, and it cannot be amended as long as the interlocutory appeal of this Court's decision in that case is pending in the Fifth Circuit, not to mention that to do so – or to conduct or participate in class discovery – would be a clear violation of the current stay.** ***Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990).**

5. After the Fifth Circuit issues its ruling in the Chehardy Group Appeals, the Court should hold a status conference to promote the efficient progress of the continued pretrial proceedings in the Katrina Consolidated Litigation. At this status conference, the Court could then consider any necessary changes in the CMO taking into consideration all of the parties' experiences during the first several months of discovery in the Katrina Consolidated Litigation and any decision from the Fifth Circuit in the insurance cases. In the unlikely event that the Fifth Circuit does not rule within 120 days, then the Court should hold a status conference in approximately 120 days to address the trial court and appellate court proceedings.

---

[3] This 60 day extension assumes that the Fifth Circuit issues its ruling within approximately 120 days. To the extent the Fifth Circuit has not ruled within 120 days, the Defendants would address any need for a further extension of these class certification deadlines and hearing date at the status conference proposed in Bullet Point No. 5.

Respectfully submitted,

s/Ralph S. Hubbard
**Ralph S. Hubbard, III, T.A., La. Bar #7040**
**Defendants' Liaison Counsel**
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-Mail: rhubbard@lawla.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 9th day of March 2007, a copy of the foregoing **SUBMISSION RE DISAGREEMENT REGARDING CASE MANAGEMENT ORDER PURSUANT TO COURT'S INSTRUCTION OF MARCH 1, 2007** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Ralph S. Hubbard