-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION NO. 05-4182 "K" (2) |
| PERTAINS TO: Levee, MR-GO, Insurance | JUDGE DUVAL MAG. WILKINSON |

### MEMORANDUM IN SUPPORT OF INSURER DEFENDANTS' MOTION TO ENFORCE STAY ORDER ISSUED BY FIFTH CIRCUIT ON FEBRUARY 28, 2007

This Memorandum in Support of Insurer Defendants' Motion to Enforce Stay Order Issued by Fifth Circuit on February 28, 2007, is submitted by the Insurer Defendant Liaison Counsel on behalf of all insurers in the Insurer Umbrella of these consolidated proceedings.

The Insurer Defendants respectfully request this Court to enter an order staying all cases within the Insurance Umbrella consolidated within the *In Re: Katrina Canal Breaches Consolidated Litigation* for a brief period pending resolution by the Fifth Circuit of the expedited appeal of this Court's November 27, 2006 Order. A short stay of the district court proceedings is necessary based on the Fifth Circuit's February 28, 2007 Order granting, in its entirety, certain insurers' motion to stay litigation in the *Vanderbrook* and *Chehardy* actions ("Fifth Circuit Stay Order"). The Fifth Circuit Stay Order also granted a partial motion to stay in the

-1-

*Xavier* matter.[1] The Insurer Defendants also respectfully request this Court to enter an Order modifying the Case Management and Scheduling Order #4 (the "CMO"), in accordance with the proposed adjustments set forth below.

## BACKGROUND

The central issue to be decided in the Insurance Umbrella is whether the water damage exclusions in the Insurer Defendants' policies of insurance exclude coverage for water damage that occurred when large areas in and around New Orleans were flooded during and after Hurricane Katrina. The Fifth Circuit has accepted review of this critical issue.

On February 7, 2007, certain insurers in the *Vanderbrook* and *Chehardy* actions filed a motion in the Fifth Circuit to stay all district court proceedings and expedite the appeal. On February 28, 2007, the Fifth Circuit granted that motion, in its entirety, and also granted a partial motion to stay in the *Xavier* matter. Pursuant to those insurers' request, the Fifth Circuit ordered an accelerated briefing schedule and scheduled oral argument for the week of June 4, 2007.

On March 7, 2007, pursuant to the CMO, Defendants' Liaison Counsel met with Plaintiffs' Liaison Counsel in an effort to reach agreement regarding the effect and scope of the Fifth Circuit Stay Order on this litigation. The parties were not able to reach agreement on several major issues, which necessitates the filing of the instant motion. Indeed, many of plaintiffs' positions are in direct contravention of the Fifth Circuit Stay Order in the Insurance Umbrella. By way of example, plaintiffs did not agree that the Fifth Circuit Stay Order

---

[1] The defendant in *Xavier*, Travelers Property Casualty Company of America ("Travelers"), only requested a stay with respect to discovery pertaining to levee breaches, which was granted by the Fifth Circuit. Travelers requested a limited stay because the *Xavier* case involves a substantial dispute regarding the amount owed for damage caused by wind, and the parties had already conducted significant discovery on that issue.

prohibited the filing of a consolidated amended Insurance class action complaint or required a stay of discovery in the Insurance Umbrella – a position that ignores the spirit of the Fifth Circuit Stay Order.  Equity, judicial economy and the Fifth Circuit Stay Order warrant a stay of all proceedings related to the Insurer Defendants within the Insurance Umbrella, including all insurance-related discovery, pending resolution by the Fifth Circuit.  At the same time, the Insurer Defendants, in cooperation with all of the Consolidated Defendants, recognize and agree that the CMO should be preserved to the extent possible so as to allow other aspects of this consolidated proceeding to move forward where possible while still protecting the important public policy benefits intended by the Fifth Circuit Stay Order.  Accordingly, the Insurer Defendants do not seek any stay or delay of those aspects of the CMO that will pertain to the Levee and MR-GO pleadings or written/document discovery.

## ARGUMENT

The primary basis for the certain insurer defendants' Fifth Circuit stay motion was that they should not be subjected to the enormously expensive – and potentially unnecessary – discovery and pretrial motion practice that would otherwise occur in this consolidated proceeding during the pendency of the interlocutory appeal.  The Fifth Circuit granted the stay motion, in its entirety, without reservation.  This Court should give full effect to the Fifth Circuit's stay and modify the current CMO so as to make clear that all discovery pertaining to the Insurer Defendants is stayed.

To that end, there is no meaningful distinction between the Insurer Defendants who are parties to the appeals before the Fifth Circuit and those Insurer Defendants who are not parties to the appeal, or between the water damage coverage cases that are on appeal and those that are not

on appeal because they were not the direct subject of this Court's November 27, 2006 Order. The Fifth Circuit's decision will directly and equally impact all of the Insurer Defendants and directly and equally impact the disputed issues concerning coverage for flood damage in all of the insurance cases in the Katrina Consolidated Litigation.  Indeed, this Court recognized that fact when it ordered, with respect to all insurance cases in this consolidated proceeding, that "no [further] motions shall be filed with respect to insurance coverage issues pending the appeal of the Court's ruling of November 27, 2006." *See* November 29, 2006 Minute Entry.  That minute entry implicitly recognized the inextricable link between the *Chehardy, Vanderbrook,* and *Xavier* cases and the rest of the cases within the Insurance Umbrella.  While the Insurer Defendants understand why such an order was advisable from a case management perspective and in the interest of conserving judicial resources, it did preclude other cases within the Insurance Umbrella from being put in a posture where they could also be appealed and brought within the stay.

A stay of all cases under the Insurance Umbrella pending the Fifth Circuit's review of *Chehardy*, *Vanderbrook* and *Xavier* is therefore appropriate for the very reason that this Court suspended further motion practice in the other Insurance Umbrella cases.  The issues are applicable to all the Insurance Umbrella cases, and proceeding with the other Insurance Umbrella cases now, in the face of the Fifth Circuit Stay Order, would defeat the very purpose of the Fifth Circuit Stay Order, namely, to preserve the status quo in the district court until the Fifth Circuit has an opportunity to hear the merits of the appeals on the threshold legal issues that are common to all cases within the Insurance Umbrella.  Accordingly, the Fifth Circuit Stay Order should be applied to all of the insurance cases in the Insurance Umbrella in this Katrina Consolidated Litigation.

The most immediate deadlines in the case management order concern class action pleadings (CMO pages 20-24). The CMO requires the plaintiffs to file a consolidated amended class action complaint incorporating, among other cases, the plaintiffs' claims in the *Chehardy* putative class action. However, those amendments to the pleadings for consolidation of class action claims cannot proceed at this time because of the Fifth Circuit stay; indeed, an amendment of *Chehardy* would violate the Fifth Circuit Stay Order and conflict with Fifth Circuit authority regarding interlocutory appeals. *See, e.g.*, *Dayton Indep. School Dist. v. U.S. Minerals*, 906 F2d 1059, 1063 (5th Cir. 1990) (District Court acted outside of its authority in permitting amendment to a complaint while an interlocutory appeal concerning the denial of a motion to dismiss was pending before the Court of Appeals under Section 1292(b). *See also Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F3d 1292, 1309 (11th Cir. 2003).[2]

In order to effect a complete stay of proceedings in the *Chehardy* action, this Court must stay all class action related pleadings and discovery in the Insurance Umbrella pending resolution by the Fifth Circuit, for three reasons. First, *Chehardy* is the lead class action complaint in this consolidated proceeding, and the Fifth Circuit Stay Order precludes any proceedings in that case. Second, the class allegations in *Chehardy* are the same as, or substantially subsume, the class allegations in any other case involving the water damage exclusion and flood damage, such as *Abadie et al. v. Aegis Security Insurance Company et al.*,

---

[2] The logic of prohibiting amendments to pleadings while the Fifth Circuit considers the substance of a motion to dismiss is particularly relevant and equitable here, where the Fifth Circuit has simultaneously issued a stay and an expedited briefing scheduling which contemplates that the appeals concerning the applicability of the various flood exclusions in the Insurer Defendants' policies will be expeditiously resolved.

12198976\V-1

bearing civil action number 06-5164.[3]  It would improperly defeat the letter and spirit of the Fifth Circuit Stay Order to permit class proceedings to occur under the label of another case where those proceedings would be virtually (if not entirely) identical to the class proceedings that are indisputably stayed in *Chehardy*.

Third, the scope and nature of the discovery in the Insurance Umbrella, and the scope and nature of class certification proceedings, if any, will be dramatically impacted by the Fifth Circuit's ruling on the water damage exclusions.  If the Fifth Circuit reverses this Court's denial of Rule 12 motions in *Chehardy* and *Vanderbrook*, and concludes that the water damage resulting from the inundation of New Orleans was excluded regardless of what caused it, that will put not only an end to *Chehardy* and *Vanderbrook*, it will also result in the dismissal of numerous claims in individual cases in the Insurance Umbrella seeking to recover for flood damage.  A reversal would also likely put an end to all of the insurance class actions that are presently part of the *Katrina Canal Breaches* proceeding, obviating the need for extensive fact and expert discovery on class certification issues and lengthy class certification hearings.  With respect to the individual cases in the Insurance Umbrella, the focus of those cases will become limited to whether insurers properly compensated individual plaintiffs for damage caused by wind.  Many of those cases are likely to settle if the "flood issue" is resolved on appeal.

If the Fifth Circuit affirms this Court's decision, it will also likely provide guidance as to what the applicable legal standard would be for determining whether an inundation is "natural" or "man-made," which would enable the parties in the Insurance Umbrella to appropriately tailor

---

[3] *Abadie* was filed by the same counsel as *Chehardy* and, with the exception of adding a cause of action under La. R.S. 22:695, asserts substantially the same claims against some insurance companies who are parties to *Chehardy* as well as multiple insurance companies not parties to *Chehardy*.

-6-

their discovery on those issues. The discovery that would be conducted in *Chehardy* and *Vanderbrook* regarding the extent to which the flooding was "natural" or "man-made" would be equally applicable to numerous other cases in the Insurance Umbrella that raise the same types of issues that are raised in *Chehardy* and *Vanderbrook*. Limiting the complete stay effect of the Fifth Circuit Stay Order to only *Chehardy* and *Vanderbrook* while proceeding with discovery in the individual cases on the same issues raised in *Chehardy* and *Vanderbrook* inevitably leads to duplicative discovery once the stay is lifted. If this Court were to require the insurers to proceed with extensive and onerous discovery in any of the cases in which they are parties, that would be wholly inconsistent with the spirit and intent of the Fifth Circuit Stay Order and the basis on which that Order was sought. In seeking a stay in the Fifth Circuit, the Insurer Defendants' briefing made clear that the reason for the stay being requested was to "spare plaintiffs, defendants, and the courts from needlessly squandering their time, money and resources on discovery, motions practice and class-certification issues" in the event of a reversal. (Motion to Stay District Court Proceedings and to Expedite Appeal, at 6 (attached as Exhibit A hereto).)

Courts have emphasized the equities in favor of a stay where great and unnecessary expenses will likely be avoided by temporarily halting the district court proceedings pending an interlocutory appeal. For example, in *Castano v. Am. Tobacco Co.*, 162 F.R.D. 112 (E.D. La. 1995), the court stayed proceedings pending a Section 1292(b) appeal "in the interest of judicial economy and efficiency." *Id.* at 117. *Castano* specifically focused on the cost, time and expense of class notification issues, an issue truly relevant to this case, in finding that a stay was necessary to promote judicial economy and efficiency. *Id.* at 117-18. Likewise, in *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp.2d 856 (S.D. Ohio 2005), the court entered an order staying all proceedings, including those related to class certification pending a Section 1292(b)

appeal. The *Gionis* court concluded it made sense to permit the Circuit Court to resolve the main legal issue in the case before the parties and the District Court invested substantial time and resources on class issues. *Id.* Similarly, in *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989), the Fifth Circuit recognized that "the district court could not divest the court of appeals from jurisdiction" pending an appeal. *Id.* at 820. The court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* Moreover, the court noted that since it ordered a stay of the district court's injunction pending a decision on appeal, the district court lacked the authority to dissolve the injunction. *Id.* at 821.

For the sake of judicial economy, this Court should also stay or defer any class certification depositions in the Levee and MRGO cases. Given the Fifth Circuit stay of the *Chehardy* and *Vanderbrook* class actions, depositions taken in the Levee and MRGO cases that bear on class-related issues that would also be present in the Insurance class actions if this Court's November 27, 2006 decision is upheld by the Fifth Circuit (for example, whether there is sufficient commonality among different alleged levee breaches) would need to be retaken after the Fifth Circuit stay expires. Considerations of judicial economy and efficiency cut strongly against such potentially duplicative deposition discovery, particularly in a case such as this one where the delay in depositions would be modest in light of the Fifth Circuit's expedited oral argument. In addition, because written and document discovery would be ongoing, deferring class certification depositions in the Levee and MRGO cases may prove beneficial for all parties because such depositions would have the benefit of additional document and written discovery before being taken.

Accordingly, the Insurer Defendants respectfully submit that a proper, fair and efficient implementation of the Fifth Circuit Stay Order should require the following modifications to this Court's CMO:

1. With respect to all cases in the Insurance Umbrella only, the CMO should be suspended and all proceedings relating to claims against the Insurer Defendants should be stayed until such time as the Fifth Circuit rules on the Chehardy Group Appeals. The Fifth Circuit has scheduled briefing on an expedited basis (at the request of the defendants in the Chehardy Group Appeals), and the case is now fixed for oral argument during the week of June 4, 2007.[4] In light of this schedule, the duration of the stay is likely to be short.

2. Document production and other written discovery in the Levee and MR-GO Umbrellas (cases to which none of the Insurer Defendants are parties) could be allowed to continue during the stay of the Insurance Umbrella cases. With respect to the parties foreclosed from initiating document and other written discovery, the CMO should reserve a limited number of additional, <u>non-duplicative</u>, interrogatories, requests for production and requests for admissions that could be propounded by such parties once the stay is lifted. In so doing, the Court would be able to give effect to the Fifth Circuit Stay Order while preserving the parties' rights to take discovery and ensuring the orderly progress of the pretrial activity in the Katrina Consolidated Litigation. The Insurer Defendants suggest that an additional 10 interrogatories, 20 requests for production, and 20 requests for admission per side (insurers and plaintiffs) would be appropriate, subject to modification by agreement of Plaintiffs' and Defendants' Liaison Counsel or for good cause.

3. No depositions should be allowed in the Katrina Consolidated Litigation, including without limitation, *Robinson et al v. United States of America et al, No. 06-2268*, until the stay is lifted. The suspension of depositions for the stay period is necessary to preserve the Court's plan that duplicative discovery should be avoided. The stay of depositions will allow the Insurer Defendants to participate in any depositions that are eventually taken as presently contemplated in the Court's CMO, while preserving the integrity and promoting the interests that are the basis of the Fifth Circuit Stay Order.

4. The Insurer Defendants recognize and submit that this stay of depositions will impact the Court's proposed calendar for class certification determination, particularly with respect to the Levee Umbrella and the MR-GO Umbrella. A shift in class discovery deadlines and class certification rulings in the Levee and MR-GO Umbrellas for a reasonable time in light of the proposed stay could be managed without disrupting the Court's projected trial calendar. Moving class certification deadlines in the Levee and MR-GO Umbrellas, including the class hearing dates, by 60 days will allow sufficient time for deposition

---

[4] The Fifth Circuit briefing schedule requires that all briefing will be completed no later than May 14, 2007, including its order that all parties must "**strictly adhere to the . . . briefing schedule**" to preserve the oral argument date during the week of June 4, 2007.

12198976\V-1

discovery following the continuing progress of written discovery.[5]  **Moreover, it would be a violation of the stay by the Fifth Circuit to permit class certification to proceed now with respect to the Insurer Defendants.  One of the initial requirements of the CMO is that the plaintiffs amend all of the class complaints in order to combine them in one consolidated pleading.**  *Chehardy* **is the leading class action case regarding insurance issues, and it cannot be amended as long as the interlocutory appeal of this Court's decision in that case is pending in the Fifth Circuit, not to mention that to do so – or to conduct or participate in class discovery – would be a clear violation of the current stay.**  *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990).

5. After the Fifth Circuit issues its ruling in the Chehardy Group Appeals, the Court should hold a status conference to promote the efficient progress of the continued pretrial proceedings in the Katrina Consolidated Litigation. At this status conference, the Court could then consider any necessary changes in the CMO taking into consideration all of the parties' experiences during the first several months of discovery in the Katrina Consolidated Litigation and any decision from the Fifth Circuit in the insurance cases.  In the unlikely event that the Fifth Circuit does not rule within 120 days, then the Court should hold a status conference in approximately 120 days to address the trial court and appellate court proceedings.

The proposed adjustments to the Court's CMO outlined in this motion will comply with the letter and spirit of the Fifth Circuit Stay Order and substantially advance the public policy interests that are the basis of the stay.  These proposed adjustments are also reasonable in scope and carefully calculated to promote the general interests embodied in the Court's CMO, preserving the continued advancement of pretrial matters such that the cases under this umbrella can be tried and resolved in a reasonable period of time.  These modest adjustments are appropriate to accommodate both the Fifth Circuit Stay Order and this Court's clear goal to move these cases to resolution.

---

[5] This 60-day extension assumes that the Fifth Circuit issues its ruling within approximately 120 days.  To the extent the Fifth Circuit has not ruled within 120 days, the Defendants would address any need for a further extension of these class certification deadlines and hearing date at the status conference proposed in Bullet Point No. 5.

12198976\V-1

Respectfully submitted,

s/Ralph S. Hubbard
**Ralph S. Hubbard, III, T.A., La. Bar #7040**
**Defendants' Liaison Counsel**
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
E-Mail: rhubbard@lawla.com

### CERTIFICATE OF SERVICE

I hereby certify that, on the 9th day of March 2007, a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE STAY ORDER ISSUED BY FIFTH CIRCUIT ON FEBRUARY 28, 2007** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to All Known Counsel of Record by operation of the Court's electronic filing system and/or U.S. mail.

/s/ Ralph S. Hubbard