No. 07-30119

IN THE

# United States Court of Appeals for the Fifth Circuit

In Re: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**PERTAINS TO: INSURANCE**
Chehardy, C.A. Nos. 06-1672, 06-1673, and 06-1674
Vanderbrook, No. 05-6323; Xavier University, No. 06-516

COURT OF APPEALS
FEB 0 7 2007
NEW ORLEANS, LA.

GLADYS CHEHARDY, et al.,

Plaintiffs-Appellees,

v.

STATE FARM FIRE & CASUALTY CO., et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of Louisiana
No. 05-4182

## MOTION TO STAY DISTRICT COURT PROCEEDINGS AND TO EXPEDITE APPEAL

STEVEN W. USDIN, 12986
EDWARD R. WICKER, JR., 27138
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

H. CHRISTOPHER BARTOLOMUCCI
CHRISTOPHER T. HANDMAN
HOGAN & HARTSON LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

*Attorneys for Defendant*
*Great Northern Insurance Company*

Other Appellees are identified behind this cover page.



RICHARD J. DOREN
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
(213) 229-7038

DANIEL W. NELSON
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

ROBERT I. SIEGEL
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

*Attorneys for Defendant*
*Lexington Insurance Company*

STEPHEN E. GOLDMAN
WYSTAN M. ACKERMAN
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
(860) 275-8200

RALPH S. HUBBARD III
JOSEPH P. GUICHET
SETH A. SCHMEECKLE
LUGENBUHL, WHEATON,
PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
(504) 568-1900

*Attorneys for Defendants*
*The Standard Fire Insurance Company and Travelers Property Casualty Company of America*

HARRY M. REASONER
MARIE R. YEATES
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002
(713) 758-2358

JUDY Y. BARRASSO, 2814
H. MINOR PIPES, III, 24603
BARRASSO USDIN
KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

*Attorneys for Defendant*
*Liberty Mutual Fire Insurance Company*

RICHARD L. FENTON
NATALIE J. SPEARS
KENDRA KEKELIS HARTMAN
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

JUDY Y. BARRASSO, 2814
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

*Attorneys for Defendants Allstate Insurance Company, Allstate Indemnity Company and Encompass Indemnity Company*

ALAN J. YACOUBIAN
NEAL J. FAVRET
KERTH J. GRAVENER
JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
(504) 528-3001

*Attorneys for Defendant Auto Club Family Insurance Company*

MAURA Z. PELLETERI
AMY M. SELTZER
KREBS, FARLEY & PELLETERI, L.L.C.
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3570

*Attorneys for Defendant Aegis Security Insurance Company*

LAWRENCE J. DUPLASS
C. MICHAEL PFISTER
KELLY CAMBRE BOGART
JAIME M. CAMBRE
DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700

*Attorneys for Defendant*
*The American Insurance Company*

WILLIAM J. WEGMANN, JR.
ORR ADAMS, JR.
110 Veterans Memorial Boulevard
Suite 440
Metairie, Louisiana 70005
(504) 833-3800

HOWARD B. KAPLAN
BERNARD, CASSISA, ELLIOTT & DAVIS
1615 Metairie Road, P. O. Box 55490
Metairie, Louisiana 70055-5490
(504) 834-2612

*Attorneys for Defendant*
*Lafayette Insurance Company*

PAUL E. B. GLAD
KEVIN P. KAMRACZEWSKI
DAVID R. SIMONTON
ANDREW R. GREEN
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

RALPH S. HUBBARD III
JOSEPH P. GUICHET
SETH A. SCHMEECKLE
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
(504) 568-1990

*Attorneys for Defendant*
*The Hanover Insurance Company*

NEIL C. ABRAMSON
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
(504) 566-1311

and

H. ALSTON JOHNSON, III
PHELPS DUNBAR LLP
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70821
(225) 346-0285

*Attorneys for Unitrin Preferred Insurance Company*

JOHN W. WATERS, JR.
BIENVENU, FOSTER, RYAN & O'BANNON, LLC
1010 Common Street, Suite 2200
New Orleans, Louisiana 70112
(504) 310-1560

*Attorneys for Louisiana Citizens Property Insurance Corporation*

# CERTIFICATE OF INTERESTED PERSONS

(1) In Re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182. Pertains to: Insurance (Chehardy, Nos. 06-1672/1673/1674).

(2) The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiffs:**

1. Gladys Chehardy
2. Daniel Fontanez
3. Jacquelyn Fontanez
4. Larry Forster
5. Glenda Forster
6. Kenneth Maier
7. Judith Maier
8. Randy Gervais
9. Lori Gervais
10. Andre Mauberret
11. Marlin Mauberret
12. Debbie Strawn
13. Dave Strawn
14. Stephanie Boyd
15. Brad Boyd
16. New Orleans Flooring Supply, Inc.
17. Shawn Burst
18. Angelina Burst
19. Susan Brown (incorrectly identified as Patricia Brown in Amended Complaint)
20. Marie Fatheree
21. Katrina Daniels
22. Lionel Jones
23. Edna Jones
24. Karen Lewis
25. Shane Sylvester
26. Austra Zapata
27. Sabrina Perkins
28. Eldridge Pollard

29. Michael Peterson
30. Wendell Glation
31. Mack Barham
32. Richard Vanderbrook
33. Mary Jane Silva
34. Sophia Granier (a/k/a Madeline Granier)
35. James Capella
36. Jack Capella as the executor of the Succession of Lilian Cappella
37. Gregory Jackson
38. Peter Ascani, III
39. Robert G. Harvey, Sr.
40. Xavier University of Louisiana

**Counsel for Plaintiffs:**

41. Joseph M. Bruno
42. David S. Scalia
43. Bruno & Bruno
44. Joseph J. McKernan
45. Gordon J. McKernan
46. Chet Boudreaux
47. McKernan Law Firm
48. Calvin C. Fayard, Jr.
49. Fayard & Honeycutt
50. John N. Ellison
51. Darin McMullen
52. Anderson Kill & Olick, PC
53. Drew Ranier
54. N. Frank Elliot, III
55. Ranier, Gayle & Elliot, L.L.C.
56. Robert G. Harvey, Sr.
57. Tamara Kluger Jacobson
58. Thomas Corrington
59. James M. Garner
60. Timothy B. Francis
61. Darnell Bludworth
62. Sher Garner Cahill Richter Klen McAlister & Hilbert, LLC

**Defendants and Counsel:**

63. Great Northern Insurance Company

64. Steven W. Usdin
65. H. Christopher Bartolomucci
66. Christopher T. Handman
67. Hogan & Hartson, LLP
68. Edward R. Wicker, Jr.
69. Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
70. State Farm Fire & Casualty Company
71. Wayne J. Lee
72. Stephen G. Bullock
73. Sarah House Barcellona
74. Lesli D. Harris
75. Stone, Pigman, Walther, Wittmann, LLC
76. Allstate Insurance Company
77. Allstate Indemnity Company
78. Judy Y. Barrasso
79. Sonnenschein Nath & Rosenthal LLP
80. Richard L. Fenton
81. Natalie J. Spears
82. Kendra Kekelis Hartman
83. Lafayette Insurance Company
84. Howard Bruce Kaplan
85. Bernard, Cassisa, Elliot & Davis
86. William J. Wegmann, Jr.
87. Orr Adams, Jr.
88. Harry M. Reasoner
89. Marie R. Yeates
90. Vinson & Elkins, LLP
91. Liberty Mutual Fire Insurance Company
92. H. Minor Pipes, III
93. The American Insurance Company
94. Kelly Cambre Bogart
95. C. Michael Pfister
96. Jaime Michele Cambre
97. Kevin R. Derham
98. Lawrence J. Duplass
99. Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
100. Auto Club Family Insurance Company
101. Alan J. Yacoubian
102. Neal J. Favret
103. Johnson, Johnson, Barrios & Yacoubian

104. Louisiana Citizens Property Insurance Corporation
105. John William Waters, Jr.
106. Gregory J. McDonald
107. Bienvenu, Foster, Ryan & O'Bannon
108. Traveler's Property Casualty Company of America
109. The Standard Fire Insurance Company
110. Stephen E. Goldman
111. Wystan M. Ackerman
112. Robinson & Cole, L.L.P.
113. Ralph Shelton Hubbard, III
114. Seth Andrew Schmeekle
115. Joseph Pierre Guichet
116. Tina L. Garmon
117. Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
118. Hartford Insurance Company of the Midwest
119. Christopher W. Martin
120. Martin R. Sadler
121. Martin, Disiere, Jefferson & Wisdom, L.L.P.
122. Lexington Insurance Company
123. Robert I. Siegel
124. John E. Baay, III
125. Daniel Gibbons Rauh
126. Geiger, LaBorde & Laperouse, L.L.C.
127. Richard Doren
128. Anthony Edelstein
129. Daniel W. Nelson
130. Gibson, Dunn & Crutcher
131. Encompass Indemnity Company
132. Susan M. Rogge
133. AEGIS Security Insurance Company
134. Maura Zivalich Pelleteri
135. Amy M. Seltzer
136. Krebs, Farley & Pelleteri, L.L.C.
137. Hanover Insurance Company
138. Paul E.B. Glad
139. Kevin P. Kamraczewski
140. David R. Simonton
141. Andrew R. Greene
142. Sonnenschein Nath & Rosenthal LLP
143. Kristopher T. Wilson

144. LaDonna Grey Wilson
145. Dominic F. Perella
146. Unitrin Preferred Insurance Company
147. Neil C. Abramson
148. Nora B. Bilbro
149. Phelps Dunbar

**District Court Judge Rendering Decision Below**

150. Honorable Stanwood R. Duval, Jr., U.S. District Court for the Eastern District of Louisiana

Christopher V. Handman
HOGAN & HARTSON LLP

Attorney of record for Great Northern Insurance Company

## CERTIFICATE PURSUANT TO LOCAL RULE 27.4

Undersigned counsel represents that Insurer Defendants' Liaison Counsel contacted Plaintiffs' Liaison Counsel to determine whether plaintiffs would oppose the Motion to Stay District Court Proceedings and to Expedite Appeal. Plaintiffs' Liaison Counsel stated plaintiffs would oppose the Motion to Stay, but he was not in a position to state whether plaintiffs would oppose the request to expedite the appeal, pending further consultation with co-counsel. Should any further response be received from Plaintiffs' Liaison Counsel, undersigned counsel will inform the Court.

Steven W. Usdin
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.

Attorney for Great Northern Insurance Company

No. 07-30119

IN THE
# United States Court of Appeals for the Fifth Circuit

In Re: KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

**PERTAINS TO: INSURANCE**
Chehardy, C.A. Nos. 06-1672, 06-1673, and 06-1674
Vanderbrook, No. 05-6323; Xavier University, No. 06-516

GLADYS CHEHARDY, et al.,
Plaintiffs-Appellees,

v.

STATE FARM FIRE & CASUALTY CO., et al.,
Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of Louisiana
No. 05-4182

## MOTION TO STAY DISTRICT COURT PROCEEDINGS AND TO EXPEDITE APPEAL

This Court has accepted an interlocutory appeal of the key question in the above-captioned Hurricane Katrina-related insurance litigation—namely, whether the explicit water damage exclusions in defendants' insurance policies bar



76972

coverage for damage stemming from Katrina's flood waters.[1] Defendants now respectfully request that the Court (1) stay the proceedings in the district court pending resolution of the interlocutory appeal and (2) expedite that appeal. As explained below, a stay is appropriate because, if this Court reverses the decision below, that would likely end this massive litigation as to these defendants. It makes no sense for the parties to begin costly and complex motion practice and discovery that may turn out to be unnecessary at the end of the day.

## INTRODUCTION AND PROCEDURAL HISTORY

This action involves three consolidated cases: Chehardy, Vanderbrook, and Xavier University. Chehardy is a putative class action against 15 insurance companies that seeks coverage for water damage caused when Hurricane Katrina's floodwaters swept through New Orleans and its surrounding parishes. Vanderbrook and Xavier University are individual lawsuits by insureds against their insurers raising similar claims. These cases, along with at least 166 others, have been transferred to Section K of the District Court, which is handling cases in

[1] This motion is submitted on behalf of Lexington Insurance Company, The Standard Fire Insurance Company, Liberty Mutual Fire Insurance Company, Auto Club Family Insurance Company, Aegis Security Insurance Company, The American Insurance Company, Lafayette Insurance Company, The Hanover Insurance Company, Great Northern Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Unitrin Preferred Insurance Company and Travelers Property Casualty Company of America ("defendants" or "defendant insurers").

the Eastern District of Louisiana involving levee-breach issues encompassed by the Katrina Canal Breaches Consolidated Litigation.

The central dispute in the three consolidated cases is straightforward: Plaintiffs seek coverage for water damage caused by Katrina-triggered floods, but each and every insurance policy issued to plaintiffs expressly excluded coverage for water damage from, among other things, "flood." Based on these clear and unambiguous exclusions, defendants filed motions to dismiss plaintiffs' claims.

The District Court, however, denied those motions for all but two of the 15 insurers. See Ex. A (the "November Order"). It held that whether a flood is a "flood" depends on whether it was the result of a natural phenomenon or the product of human negligence. Id. at 30. Although the policies clearly excluded from coverage—without limitation—loss caused by "flood," the court reasoned that the exclusions were nevertheless "ambiguous." That was so, according to the District Court, because the policies did not specifically state that the exclusions reached both floods caused by human negligence and floods caused by natural phenomena. Because plaintiffs alleged that they sustained losses, at least in part, because levees that allegedly had been negligently designed, constructed, or maintained failed to hold back Hurricane Katrina's flood waters, the District Court held that the various complaints stated a claim for coverage despite the policies'

water damage and "flood" exclusions.[2] See, e.g., id. at 44, 77. It reached the opposite result with regard to only one insurer still in the case:[3] Based on minor differences in State Farm's policy language preceding its water damage exclusion, the District Court concluded that State Farm had effectively excluded "man-made" flooding from coverage. It therefore granted State Farm's Motion to Dismiss with respect to plaintiffs' coverage claims. Id. at 54.

As defendant insurers argued in their petitions for leave to appeal, the District Court's analysis was wrong: A flood is a flood, regardless of its provenance or cause, as every court in the country that has squarely addressed this issue has held. In reaching its ruling, the District Court correctly recognized that its November Order "involve[d] a controlling question of law as to which there is a substantial ground for a difference of opinion" and sua sponte certified the Order for immediate appeal under 28 U.S.C. § 1292(b). Id. at 85. Defendant insurers

---

[2] Furthermore, even though it relied on this rationale, the District Court also refused to enforce separate policy language that expressly excluded coverage for damage caused by negligent design, construction, or maintenance. Among other things, it reasoned that plaintiffs' alleged losses were caused not just by negligence but also by the ensuing flooding, that the flooding was an "ensuing covered loss," under some policies and that therefore the negligence exclusion did not apply. The District Court ignored the separate language contained in some policies that have no "ensuing loss" coverage. See, e.g., Ex. A at 77-78. In addition, as defendants explained at length in their petitions seeking Section 1292(b) certification, this rationale is inconsistent with the District Court's treatment of the flood exclusion. The District Court's error on this point constitutes a separate reason for reversing its decision and finding the damages alleged by plaintiffs outside the policies' coverage.

[3] The claims against Hartford Insurance Company of the Midwest were also dismissed, but the plaintiffs did not petition for an appeal from this dismissal.

timely filed petitions requesting permission to appeal. Plaintiffs likewise sought leave to appeal, seeking reversal of the portion of the November Order dismissing their coverage claims against State Farm. This Court granted those petitions on February 2.

The District Court has ordered that all motions relating to "insurance coverage issues" be stayed pending the interlocutory appeal. Doc. No. 2034 at 6. But it has refused to stay the proceeding as a whole, and it has expressly stated that it intends for full-blown discovery to proceed without any delay. Doc. No. 2597 at 1. The court acknowledged that "the Court's and the parties' time and resources * * * may be wasted," given that a decision from this Court reversing the District Court could effectively end the case. Id. It nevertheless opted not to stay the case because "[t]here is no certainty as to the time that the appeal at issue may take, while it is certain that stale discovery is not in the best interest of justice or the parties." Id.

Defendants now respectfully move this Court to stay the proceedings below pending its resolution of the interlocutory appeal.[4] This Court enjoys an independent authority to enter a stay—a power this Court, and other federal appeals courts, have exercised in the past. This Court should do so again here, particularly because there is substantial reason to doubt the correctness of the

[4] Travelers Property Casualty Company of America does not seek a stay in Xavier University with respect to matters other than the cause of the levee breaches.

District Court's holding that a water damage exclusion expressly excluding loss from "flood" does not exclude coverage for claims based on flood damage wrought by Hurricane Katrina. And because a reversal in this case would terminate the litigation between the parties, a stay would spare plaintiffs, defendants, and the courts from needlessly squandering their time, money, and resources on discovery, motions practice, and class-certification issues that may all end up being much ado about nothing.

Defendants also respectfully request that this Court establish an expedited briefing schedule and set the case for argument as soon as practicable. Doing so will significantly mitigate the two principal concerns cited by the District Court in refusing to grant a stay of its own: delay and stale discovery.[5] Moreover, even if this Court denies the motion to stay, expedited consideration is still warranted. That is because hundreds of insurance-related lawsuits stemming from Hurricane Katrina all turn on the fundamental question this appeal poses. Insurers, homeowners, and the courts throughout this jurisdiction all have a vested interest in learning this Court's answer to the question presented here soon.

[5] In any event, the District Court's concerns for "stale" discovery are unfounded. Hurricane Katrina's effects on the City of New Orleans and its surrounding areas have been heavily documented and studied by both government and private institutions, including the Army Corps of Engineers, the National Science Foundation, and many other organizations. There is an abundance of data and analysis that is well-recorded and well-preserved; it will still be there when this Court hands down its decision. See infra at 16-18.

## ARGUMENT

### I. THIS COURT SHOULD STAY THE PROCEEDINGS BELOW.

#### A. Courts Routinely Stay Trial Court Proceedings Under Similar Circumstances

Section 1292(b) permits a district court to certify, and an appellate court to grant, interlocutory appeal in the case of "a controlling question of law as to which there is substantial ground for difference of opinion," where "an immediate appeal from the [district court's] order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Application for leave to appeal does not automatically stay the proceedings in the district court. Instead, proceedings are stayed only if "the district judge or the Court of Appeals or a judge thereof * * * so order." Id.

Courts—both district and appellate, in this Circuit and elsewhere—have not hesitated to use this statutory power to stay district court proceedings pending resolution of a Section 1292(b) appeal. See, e.g., Bernhardt v. Los Angeles County, 339 F.3d 920, 923-924 (9th Cir. 2003); Myers v. Gilman Paper Corp., 550 F.2d 41 (Table), 1977 WL 25931 (5th Cir. 1977); Castano v. Am. Tobacco Co., 162 F.R.D. 112 (E.D. La. 1995). These courts have been particularly solicitous of stays when two factors—both present here—exist: first, where the certified issue may be dispositive of the litigation, and second, where protracted, expensive proceedings may be avoided by resolution of the issue on appeal.

As to the first factor, courts have regularly stayed proceedings where the certified issue may be dispositive. In Palmer v. Liggett Group, Inc., 825 F.2d 620 (1st Cir. 1987), for example, the First Circuit stayed the district court proceedings pending interlocutory appeal, noting that "the issue [on appeal] controls the disposition of virtually the entire case." Id. at 622; see also Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., 391 F. Supp. 2d 1228, 1233 (M.D. Ga. 2005) (entering stay pending Section 1292(b) appeal "because all other pending issues are directly relevant to and depend[e]nt upon the resolution of this issue"); AXA Rosenberg Group v. Gulf Underwriters, 2004 WL 1844846, at *10 (N.D. Cal. Aug. 16, 2004) (entering stay because the issue on appeal "may be dispositive of the entire case, thereby avoiding potentially protracted and expensive litigation"). Indeed, at least two courts have framed this approach as a rule of law, holding that courts should militate toward entry of a stay in cases where "the * * * order appealed from, if vacated, would vitiate the [ ] proceedings" below. Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 15 (Fed. Cl. 2001) (quoting United States v. Local 560 (I.B.T.), 694 F. Supp. 1158, 1186 (D. N.J. 1988)) (omissions in Coast Fed. Bank). As one commentator put it:

> Although neither section 1292(b) nor the collateral order doctrine require * * * stays [during the interlocutory appeal], most district judges normally grant them. If the order appealed is "controlling" in any sense of the word, it seems foolish for the trial judge to press on while the appeal is pending.

Michael E. Solimine, Revitalizing Interlocutory Appeals in the Federal Courts, 58 Geo. Wash. L. Rev. 1165, 1179 (1999).

As for the second factor, courts have emphasized that the equities favor a stay where great and unnecessary expense might be avoided by temporarily halting the district court's proceedings pending interlocutory appeal. In Castano, for example, the court stayed proceedings pending a Section 1292(b) appeal "in the interest of judicial economy and efficiency." 162 F.R.D. at 117. It noted that "the time and expense to be expended on just the class notification issue—the cost of class notice itself, not counting the legal time and expense, may run into hundreds of thousands of dollars—is a prime example of the necessity of a stay." Id. at 117-118. And in Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856 (S.D. Ohio 2005), the court emphasized what is true here as well: "the costs associated with related discovery and class notification and administration are substantial." Id. at 873. It accordingly stayed proceedings pending a Section 1292(b) appeal, concluding that the Sixth Circuit should decide the main legal issue in the case "before the parties and the Court invest time and resources" in further proceedings. Id. See also Watson v. Philip Morris Cos., 2003 WL 23272484 at *23 (E.D. Ark. Dec. 12, 2003) (entering stay to "avoid expensive and burdensome proceedings in the district court" during pendency of 1292(b) appeal); Jesco Constr. Corp. v. Nationsbank Corp., 2000 WL 1251960 (E.D. La. Sept. 1, 2000).