In this case, both of the considerations that have led courts to enter Section 1292(b) stays—a potentially dispositive question on appeal and protracted, expensive, and complex proceedings going forward below—are demonstrably present.

First, there is no doubt that the issues on appeal are potentially dispositive. Plaintiffs seek insurance coverage for flood damage; defendant insurers' policies contain explicit exclusions for flood damage. If this Court reverses the ruling below—and confirms that the District Court erred in refusing to afford the word "flood" its plain and ordinary meaning—then plaintiffs' claims in the three consolidated cases should be dismissed. Furthermore, even if this Court were to affirm the District Court in part or in whole, its decision would expedite proceedings in the lower courts by providing the parties guidance as to the relevant legal issues. Such guidance would channel discovery and would avoid needless litigation over irrelevant matters.

Second, the burdens of pressing onward absent a stay will be extraordinary, not just for defendants but also for plaintiffs and the District Court. This is so for at least five reasons:

1. The District Court's November Order renders the cause of the August 2005 flooding a central focus of these cases: Under that court's logic, a different outcome would result depending on, for example, whether a particular home was

flooded due to the failure of a negligently constructed levee, as opposed to the overtopping of a levee or the overflow of the Mississippi River Gulf Outlet. This means the parties would need to conduct extensive discovery to determine (a) how each levee was built, designed and maintained; (b) the cause of each of the alleged levee failures; and (c) the destination of the flood waters from each alleged levee failure. This Herculean task is made all the more difficult because the analysis would need to be conducted on a neighborhood-by-neighborhood, if not a house-by-house, basis. As this Court is aware, engineers and others have been studying each levee breach on each canal in each flooded area for the last 15 months and remain divided. Determining the cause of flooding in particular neighborhoods (and ultimately of specific homes) will require extensive analysis by, and depositions of, a passel of experts, the review of hundreds of thousands (if not millions) of pages of documents and technical data amassed by the Army Corp of Engineers and other organizations, and a host of inspections, interrogatories, and other paper discovery. All of this will need to be coordinated by the many parties involved—and all of it will come at a staggering cost. Because this Court's disposition of the appeal could render all this unnecessary for the defendants, a stay is warranted.

2. Plaintiffs contend, and the District Court accepted as true for purposes of the November Order, that the negligence of third parties caused at least some of

the flood. Because such flooding presumably would not be an excluded loss under the reasoning of the November Order, it may be necessary for defendant insurers to add subrogation claims against third parties allegedly responsible for the levee failures.[6] This, of course, would likely trigger additional motion practice and procedural disputes and would burden third parties with litigation that may ultimately prove to be wholly unnecessary.

3. A stay is also justified because plaintiffs are seeking to commence class certification proceedings. The class certification process itself would likely require substantial discovery, not to mention hearings regarding the propriety of class certification. Given the many parties, the range of issues across the various flooded areas, and the different claims of various plaintiffs depending upon their particular insurer and policy, this will be a burdensome task. Moreover, a decision from this Court may have a significant impact on the nature of any class certification proceedings that should occur.

4. In order to try the cause of the flooding (as the District Court's November Order has made necessary), all parties will need to retain and consult with their own experts, as well as prepare to review the work product and take the depositions of opponents' experts. This process will be both enormously time-consuming and very expensive.

---

[6] Specifically, plaintiffs have alleged that the floods were caused by, inter alia, the Army Corps of Engineers and the Orleans Parish Levee Board.

5.     Plaintiffs are cross-appealing the District Court's decision to dismiss State Farm, which could have enormous implications for how discovery proceeds below. Were this Court to reverse the District Court's ruling in favor of State Farm, certain discovery and motion practice that will have occurred in the meantime may need to be repeated for State Farm. The inefficiencies and potential procedural pitfalls of such an approach are clear.

In short, not only does the Section 1292(b) appeal in this case have the potential to end the litigation altogether, it also has the potential to avoid a massive proceeding that will otherwise cost the parties and the courts untold millions of dollars and thousands of hours of time. This Court should follow the many courts, both in the Fifth Circuit and elsewhere, that have not hesitated to stay proceedings where even one of these two factors—much less both—is present. Indeed, the entire purpose of Section 1292(b) is to "minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3930, at 439 (2d ed. 1995). That purpose would be fulfilled by a stay of proceedings here, regardless of which way this Court rules on the issues on appeal. It would be thwarted by permitting potentially needless or misdirected proceedings to move forward while this Court considers the case.

**B.    This Court Has Independent Authority To Issue A Stay And The District Court's Denial Of A Stay Is Neither Determinative Nor Entitled To Deference.**

As noted above, the District Court stayed motions relating to "insurance coverage issues" pending any Section 1292(b) appeal in this Court, but it declined to impose a stay of the proceedings more generally. Because this Court enjoys an independent power to grant a stay, it owes no deference to that decision. But more importantly, the reasons cited by the District Court for denying a stay can be mitigated by simply setting this case for expedited consideration. This Court should therefore grant a stay and expedite the proceedings on appeal.

**1.    This Court Should Make Its Own Decision About A Stay.**

This Court may, and should, make its own decision as to the propriety of a stay, wholly independent from the decision of the District Court. Section 1292(b) itself establishes this rule, making clear that the district court and the appellate court have independent authority to enter stays of the district court proceedings. See 28 U.S.C. § 1292(b) (providing that proceedings are stayed if "the district judge or the Court of Appeals or a judge thereof * * * so order"). The case law uniformly confirms this approach, treating any stays entered (or denied) by the district court and the appellate court as wholly independent events. See, e.g., Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 51 (3d Cir. 2001) (litigant separately sought stays in district and circuit courts and

- 14 -

76972

withdrew latter motion when former was granted); Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988); City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46, 50 (E.D.N.Y. 2006) (stating that proceedings may continue pending appeal because "[n]o stay has issued from the Court of Appeals for the Second Circuit" and "this court has lifted its temporary stay").

Indeed, the federal appellate courts have, on a number of occasions, stayed district court proceedings pending appeal despite the district court's unwillingness to do so; in none of those cases does it appear that the appellate court treated the district court's decision to stay proceedings vel non as an order to be reviewed. To the contrary, the appellate courts—including this Court—have simply stated the district court's decision and then stated their own. In this Court's Myers case, for example, the district court had held several unions liable for back pay as part of a Title VII discrimination proceeding. 550 F.2d 41 (Table), 1977 WL 25931, at *5. The unions moved to appeal pursuant to Section 1292(b) and asked the district court to stay further back pay proceedings. Id. When the district court denied the stay, the unions came to this Court with the same request. Id. A panel of this Court promptly "granted the unions' motion for a stay of further back pay proceedings pending appeal * * *." Id. Other circuits have done the same. See, e.g., Bernhardt, 339 F.3d at 923-924 (district court denied motion to stay; Ninth Circuit subsequently granted stay); Palmer, 364 F.3d at 63 (district court denied

motion to stay proceedings during appeal of qualified immunity finding; Second Circuit subsequently granted stay). This Court therefore has the unfettered and independent power to enter a stay if it concludes one is justified.

### 2. The District Court's Reasoning Is Unpersuasive And Its Concern Would Be Resolved By An Expedited Briefing Schedule.

The concerns that animated the District Court's decision not to stay the proceedings are in any event unfounded. The District Court acknowledged defendants' concerns regarding the enormous waste of time and resources that could ensue absent a stay pending interlocutory appellate review, should this Court grant the Section 1292(b) proceeding. The District Court, however, rejected those concerns, reasoning that "[t]here is no certainty as to the time that the appeal at issue may take, while it is certain that stale discovery is not in the best interest of justice or the parties."

There is no risk of "stale" discovery here. Hurricane Katrina, the alleged failure of the levees and the Hurricane Protection System surrounding New Orleans, and the subsequent flooding were historic events. This Court can take judicial notice of the fact that numerous scientists, engineers, oceanographers, and climatologists—in both the public and private sectors—together with the Army Corps of Engineers have gathered and continue to generate reams of data and analyses regarding the nature of the storm, the levee system, and the resulting

impact on New Orleans. See, e.g., National Institute of Standards and Technology, "Performance of Physical Structures in Hurricane Katrina and Hurricane Rita: A Reconnaissance Report," at 101 (June 2006) ("The failure of levees and floodwalls in New Orleans is the subject of ongoing detailed investigations by USACE, ASCE and several universities * * *. Further review is necessary to ascertain a complete picture of all the failures and their mechanisms.")[7]; Sheila Grissett, "Uneven flood risks dot local terrain: 5-parish study taking look at 37 subbasins," New Orleans Times Picayune, Dec. 24, 2006, at A1 (stating that an "exhaustive" flooding risk analysis by the Interagency Performance Evaluation Task Force—the team assembled by the Army Corps to analyze the catastrophic failure of the levee system—is "due to be made public in the next two to four months"). The evidence on these issues, far from growing "stale," is being preserved to an unprecedented degree. There is little risk that valuable information that exists now will be lost or forgotten during the few months needed to resolve this appeal.

Additionally, the concerns expressed by the District Court would be minimized, if not eliminated, if this Court were to supplement the requested stay with an order expediting the appeal. See Part II, infra. Expediting proceedings on appeal would provide "certainty as to the time that the appeal at issue may take"— one of the concerns voiced by the District Court—and it also would assuage any

---

[7] Available online at www.bfrl.nist.gov/investigations/pubs/NIST_TN_1476.pdf.

concern, however speculative, that relevant evidence will disappear while this Court considers the important question presented by the appeal.

In sum, defendants request that this Court stay the proceedings below. The Court has the power to do so. Just as importantly, on these facts a stay would comport with applicable precedent, common sense, and the purposes of Section 1292(b).

## II.   THIS COURT SHOULD EXPEDITE THIS APPEAL

Defendants also respectfully request that this Court enter an order expediting the appellate proceedings. The Court expedites appeals for "good cause." 5th Cir. Local R. 27.5. Here such cause exists for two reasons. First, as explained above, an expedited appeal would permit the Court to stay the proceedings below—by far the most efficient and sensible course of action—without any fear that the District Court's concerns about unnecessary delay and stale evidence will come to pass. Second, the issues on appeal to this Court are of exceptional importance: Hundreds of similar lawsuits have been filed in this Circuit's lower courts. As the District Court recognized, "the potential impact of [its] decision on individuals as well as the insurance industry might be considered overwhelming." Ex. A at 4. This Court therefore has a strong interest in resolving the legal questions at issue here as early as possible. It should hear this appeal on an expedited basis.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, defendant insurers respectfully request that this Court (1) stay the proceedings in the district court pending resolution of the interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and (2) establish an expedited briefing schedule and set the case for argument as soon as is practicable.

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*

H. CHRISTOPHER BARTOLOMUCCI
CHRISTOPHER T. HANDMAN
HOGAN & HARTSON LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

*Attorneys for Defendant*
*Great Northern Insurance Company*

STEVEN W. USDIN, 12986
EDWARD R. WICKER, JR., 27138
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

RICHARD J. DOREN
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
(213) 229-7038

DANIEL W. NELSON
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

ROBERT I. SIEGEL
GIEGER, LABORDE & LAPEROUSE, LLC
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
(504) 654-1307

*Attorneys for Defendant*
*Lexington Insurance Company*

STEPHEN E. GOLDMAN
WYSTAN M. ACKERMAN
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
(860) 275-8200

RALPH S. HUBBARD III
JOSEPH P. GUICHET
SETH A. SCHMEECKLE
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
(504) 568-1900

*Attorneys for Defendants*
*The Standard Fire Insurance Company and Travelers Property Casualty Company of America*

HARRY M. REASONER
MARIE R. YEATES
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002
(713) 758-2358

JUDY Y. BARRASSO, 2814
H. MINOR PIPES, III, 24603
BARRASSO USDIN
KUPPERMAN FREEMAN & SARVER,
L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

*Attorneys for Defendant*
*Liberty Mutual Fire Insurance Company*

RICHARD L. FENTON
NATALIE J. SPEARS
KENDRA KEKELIS HARTMAN
SONNENSCHEIN NATH & ROSENTHAL
LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

JUDY Y. BARRASSO, 2814
BARRASSO USDIN
 KUPPERMAN FREEMAN
 & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
(504) 589-9700

*Attorneys for Defendants*
*Allstate Insurance Company, Allstate Indemnity Company and Encompass Indemnity Company*

- 20 -

76972

ALAN J. YACOUBIAN
NEAL J. FAVRET
KERTH J. GRAVENER
JOHNSON, JOHNSON, BARRIOS
& YACOUBIAN
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
(504) 528-3001

*Attorneys for Defendant*
*Auto Club Family Insurance Company*


MAURA Z. PELLETERI
AMY M. SELTZER
KREBS, FARLEY & PELLETERI, L.L.C.
400 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3570

*Attorneys for Defendant*
*Aegis Security Insurance Company*


LAWRENCE J. DUPLASS
C. MICHAEL PFISTER
KELLY CAMBRE BOGART
JAIME M. CAMBRE
DUPLASS, ZWAIN, BOURGEOIS,
MORTON, PFISTER & WEINSTOCK
3838 North Causeway Boulevard
Three Lakeway Center, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700

*Attorneys for Defendant*
*The American Insurance Company*

WILLIAM J. WEGMANN, JR.
ORR ADAMS, JR.
110 Veterans Memorial Boulevard
Suite 440
Metairie, Louisiana 70005
(504) 833-3800

HOWARD B. KAPLAN
BERNARD, CASSISA, ELLIOTT & DAVIS
1615 Metairie Road, P. O. Box 55490
Metairie, Louisiana 70055-5490
(504) 834-2612

*Attorneys for Defendant*
*Lafayette Insurance Company*

PAUL E. B. GLAD
KEVIN P. KAMRACZEWSKI
DAVID R. SIMONTON
ANDREW R. GREEN
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

RALPH S. HUBBARD III, T.A.
JOSEPH P. GUICHET
SETH A. SCHMEECKLE
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
(504) 568-1990

*Attorneys for Defendant*
*The Hanover Insurance Company*

NEIL C. ABRAMSON
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
(504) 566-1311

and

H. ALSTON JOHNSON, III
PHELPS DUNBAR LLP
445 North Boulevard, Suite 701
Baton Rouge, Louisiana 70821
(225) 346-0285

*Attorneys for Unitrin Preferred Insurance Company*

JOHN W. WATERS, JR.
BIENVENU, FOSTER, RYAN &
O'BANNON, LLC
1010 Common Street, Suite 2200
New Orleans, Louisiana 70112
(504) 310-1560

*Attorneys for Louisiana Citizens Property Insurance Corporation*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. Fed. R. App. P. 32(a)(7)(B) does not apply to this petition. See Fed. R. App. P. 5(c); id. 32(c)(2)(B).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    - This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in Times New Roman 14 point font.

*[signature]*

Steven W. Usdin
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.

Attorney for Great Northern
Insurance Company

76972

## CERTIFICATE OF SERVICE

I, Steven W. Usdin, hereby certify that a copy of the above and foregoing Motion to Stay District Court Proceedings and to Expedite Appeal has been served upon the below listed counsel of record via electronic mail this 7 day of February, 2007.

Counsel for Plaintiffs:
Joseph M. Bruno (jbruno@brunobrunolaw.com)
Joseph J. McKernan (jemckernan@mckernanlawfirm.com)
Calvin C. Fayard, Jr. (calvinfayard@fayardlaw.com)
John N. Ellison (jellison@andersonkill.com)
Drew Ranier (drainer@rgelaw.com)
James M. Garner (jgarner@shergarner.com)
Robert G. Harvey, Sr. (rgharvey@bellsouth.net)
Tamara Kluger Jacobson (tkjacobson@aol.com)

Counsel for Defendants:
Judy Y. Barrasso (jbarrasso@barrassousdin.com)
Wayne J. Lee (wlee@stonepigman.com)
H. Minor Pipes, III (mpipes@barrassousdin.com)
Howard Bruce Kaplan (hkaplan@bernard-cassisa.com)
Kelly Cambre Bogart (kbogart@duplass.com)
Alan J. Yacoubian (ayacoubian@jjbylaw.com)
John William Waters, Jr. (jwaters@bfrob.com)
Stephen E. Goldman (sgoldman@rc.com)
Ralph Shelton Hubbard (rhubbard@lawla.com)
Robert I. Siegel (rsiegel@glllaw.com)
Richard Doren (rdoren@gibsondunn.com)
Maura Zivalich Pelleteri (mpelleteri@kfplaw.com)
Paul E.B. Glad (pglad@sonnenschein.com)
Kristopher T. Wilson (kwilson@lawla.com)

76972

The Counsel for Plaintiffs listed below was served via first class mail, postage prepaid and properly addressed, this 7 day of February, 2007.

Thomas J. Corrington
The Corrington Law Firm
3431 Prytania Street
New Orleans, Louisiana 70115

*Steven W. Usdin*

76972