**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FERRARA, INC** | * | **CIVIL ACTION NO.: 06-7575** |
| | * | |
| **Versus** | * | **SECTION: "L" (1)** |
| | * | |
| | * | **JUDGE ELDON E. FALLON** |
| **LAFAYETTE INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE: SALLY SHUSHAN** |

*************************************************************************

<u>**MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR COSTS**</u>

MAY IT PLEASE THE COURT:

Plaintiff, FERRARA, INC., moves that this matter be remanded, as it was improvidently removed, and also move for costs and expenses, including attorney's fees, as provided by 28 U.S.C. § 1447 (c).

This matter was improperly removed by defendant Lafayette Insurance Company (hereinafter Lafayette) for a number of reasons:

1) This Court does not have jurisdiction over this matter as there is no federal question and there is not complete diversity.

2) Lafayette cannot show that the *Abadie* class action could be brought under 28 U.S.C. § 1369 as that action does not involve a "single accident" within the meaning of that statute.

3) Lafayette cannot show that the Ferrara Inc.'s case arises from the same "accident" as *Abadie*.

4) Lafayette, by its own admission isn't a joined party to *Abadie*.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

In August of 2006, Plaintiff, Ferrara, Inc.filed suit against Lafayette Insurance Company for claims arising under a commercial policy.  As Lafayette admits in their Notice of Removal, plaintiff and defendant are citizens of and domiciled in Louisiana.

Plaintiff is not seeking to expand coverage to include flood damaged items but instead seeks coverage for damage caused by wind/rain (covered losses) under the Lafayette policy.

## ARGUMENT

## I.    PRINCIPLES OF FEDERAL JURISDICTION

"Federal Courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[1]  "Accordingly, there is a presumption against subject matter jurisdiction in federal court."[2]  A removing party bears the heavy burden of pleading and proving that removal is proper, which includes pleading and proving proper subject matter jurisdiction.[3]  The United States Court of Appeals for the Fifth Circuit has explained that this burden of pleading and production lies with the removing party, as follows:

> [T]he burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it. . .  [The removing party] must allege in his pleading the facts essential to show jurisdiction.  If he fails to make the necessary allegations he has no standing . . .  As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court.  The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure.  If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.[4]

---

[1] *Berry v. Allstate Insurance Co.*, C.A. No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006), citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).
[2] *Id.*
[3] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)(noting burden on defendant to establish right to removal); *Saxton v. Capital One Bank*, 392 F.Supp.2d 772, 777 (S.D. Miss. 2005)(characterizing burden as "heavy").
[4] *Gaitor v. Peninsular & Occidental S.S.*, 287 F.2d 252, 253-54 (5th Cir. 1961)(quotations and citations omitted).

The Fifth Circuit has also stated that the statutory right to removal must be strictly construed: "[B]ecause the effect of removal is to deprive the state court of an action properly before it; removal raises significant federalism concerns, which mandate strict construction of the removal statute."[5]  Therefore, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[6]

## II.        REMOVAL UNDER 28 U.S.C. §1441(e)(1)(B) IS IMPROPER

Lafayette, by its own admission isn't a joined party to *Abadie.*  Thus, it is not a party to that action and cannot use it as a basis of supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B).  However, if Lafayette is served before the Court's ruling, plaintiff will address the substance of Lafayette's argument.

There is no federal subject matter jurisdiction.  Particularly, without a doubt, there is no diversity, as the parties are citizens of the same states.  In fact, Lafayette does not even allege diversity.  That leaves federal question as the only basis of jurisdiction.  Lafayette contends that 28 U.S.C. §1441(e)(1)(B) confers supplemental jurisdiction upon this Court through the *Abadie* lawsuit.  However, the federal courts have uniformly refused to find MMTJA jurisdiction as a result of Hurricane Katrina.

MMTJA supplemental jurisdiction exists under 28 U.S.C. §1441(e)(1)(B) when there are two related cases as follows:

(1) a federal court case with MMTJA jurisdiction under 28 U.S.C. §1369 which has the

insurer as a defendant;

---

[5] *Carpenter*, 44 F.3d at 365-66; see also *Jones v. Nastech Pharm.*, 319 F.Supp.2d 720, 723 (S.D. Miss. 2004)(citations omitted).
[6] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); see also *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D. Miss. 1997).

(2) a state court case which arises out of the same "accident" and which has the same insurer as a defendant.

When this pattern exists, the federal courts will have MMTJA supplemental jurisdiction over the second of the two cases and this case can be removed to federal court.[7]

There are a handful of Katrina-related mass tort suits pending in federal court and various insurers have attempted to remove various state court cases on the theory that the state court case arises out of the same "accident" as one or another of the pending federal cases.[8]   So far, no defendant has succeeded in achieving removal on this basis.  There are several reasons why the removing insurers have been unsuccessful in establishing MMTJA supplemental jurisdiction, including the following.

First, although the defendants usually cite *Wallace* in support of their position, a full review of this case will show that *Wallace* gives little assistance to the defense.   In *Wallace,* the Judge Livaudais remanded the case and indicated that the basis for remand was a decision to abstain from the exercise of jurisdiction pursuant to 28 U.S.C. 1369(b).  The 5th Circuit reversed, concluding that IF a federal court has MMTJA supplemental jurisdiction under 28 U.S.C. 1441(e)(1)(B), then the court may not abstain under 28 U.S.C. 1369(b) but, instead, must proceed to hear the case.   The 5th Circuit remanded the case to Judge Livaudais for further proceedings.  Judge Livaudais, as directed, went beyond 28 U.S.C. 1369(b) abstention and addressed the jurisdictional issues.   He concluded that the insurer had failed to establish MMTJA supplemental jurisdiction and again remanded the case to state court. *Wallace v. Louisiana Citizens Property Insurance Corporation*, 06-0114 (E.D. La. 6/7/06).  The defense,

---

[7]  *Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).
[8] One of these federal cases (*Chehardy*) is discussed in *Wallace.*

dissatisfied with this outcome, sought relief from the 5th Circuit. However, the 5th Circuit refused to hear the case.

In sum, the 5th Circuit in *Wallace* did not hold that there is federal jurisdiction over Katrina cases or over any subclass of Katrina cases.[9] The 5th Circuit merely held that, if and when 1441(e)(1)(B) jurisdiction is established, the federal judge to whom the case is assigned should proceed to hear the case rather than abstain under 1369(b).

A second problem Lafayette faces in attempting to establish MMTJA supplemental jurisdiction is that there are ongoing jurisdictional disputes about most of the Katrina-related cases which are currently pending in federal court. It is not clear that there is §1369(a) jurisdiction over these cases (it appears that the only "accident" any court will acknowledge <u>may</u> by applicable under §1369 is a <u>single</u> levee breach).[10] It is not clear that a defendant can remove a state court case under 28 U.S.C. §1441(e)(1)(B) for the purpose of joining it with an already-pending federal case when jurisdiction has not yet been established in the pending federal case.

In fact, *Abadie* is before Judge Duval who has directly held in *Flint* that; "[t]his Court has determined that Hurricane Katrina has not been classified as a §1369 "accident" by any court and therefore, this Court declines to interpret the statutory definition of "accident" so broadly."[11] Just like the *Craddock* case discussed in *Flint,* there is no "single accident" alleged in *Abadie* but

---

[9] *Wallace* discusses a case pending in the Eastern District (the *Chehardy* case) as a case which might possibly qualify as an anchor case supporting supplemental MMTJA supplemental jurisdiction. However, *Wallace* does not hold that *Chehardy* or any other federal case is, in fact, a suitable anchor to support supplemental jurisdiction for any state case. *Wallace* merely instructs the district court to examine the issue. As noted above, when Judge Livaudais examined the issue in response to the 5th Circuit's instructions, he concluded that supplemental jurisdiction did not exist.

[10] See Exhibit A – Judge Duval's remand opinion in *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264.
[11] *Id.*

many different levee breaches.  Thus, Lafayette cannot show *Abadie* could have been brought under 28 U.S.C. § 1369, and thus, cannot form the basis of this Court's supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B).

Third, in order to justify removal on a theory of MMTJA supplemental jurisdiction, Lafayette has to establish that there is a close relationship between the pending federal case (*Abadie*) and the state case sought to be removed.   The statute specifies that both claims must arise out of the same "accident."  As noted by Judge Duval, Hurricane Katrina is not an "accident" within the meaning of the MMTJA so merely showing that both claims resulted from Hurricane Katrina does not begin to meet the "arising from the same accident" test.

Additionally, judges that have addressed this issue appear to be adopting a procedural test: it appears that, in order for two cases to arise out of the same "accident" for MMTJA purposes, the cases must be sufficiently related that, if the state case is removed to federal court, the removed state case can be consolidated with the pending federal case. This criterion follows logically from the purpose of the MMTJA.   Since the whole purpose of the MMTJA is to enable consolidation of all cases from a mass disaster into a single lawsuit, there is little purpose in removing a state court case to federal court if it can't be consolidated with the already-pending federal lawsuit.

Not surprisingly, District Judges that have addressed these issues have uniformly concluded that there is no MMTJA supplemental jurisdiction over Katrina claims.   Judge Livaudais's decision on remand in *Wallace* has already been discussed above.  Other judges, presented with similar arguments on other fact patterns, have also reached the conclusion that MMTJA supplemental jurisdiction does not exist.  *Berry v. Allstate Insurance Co.*, 06-4922, (E.D. La. 9/19/06), 2006 U.S.Dist. LEXIS 70499 (Judge Zainey concludes there is no MMTJA

supplemental jurisdiction and remands case); *Carroll v. Lafayette Insurance Co.*, 06-3955 (E.D. La. 9/5/06), 2006 U.S.Dist. LEXIS 69344 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction and remands case);  *Southall v. St. Paul Travelers Insurance Company*, 06-3848 (E.D. La. 8/16/06), 2006 U.S.Dist. LEXIS 61911 (Judge Barbier concludes that there is no MMTJA supplemental jurisdiction, case remanded); *Flint v. Louisiana Farm Bureau Mutual Insurance Company*, 06-2546 (E.D. La. 8/15/06), 2006 U.S.Dist. LEXIS 58264 (Judge Duval concludes that there is no MMTJA supplementary jurisdiction, case remanded); *Hillery v. State Farm Fire and Casualty Company*, 06-2909 (E.D. La. 7/26/06), 2006 U.S. Dist. LEXIS 51446 (Judge Barbier defendant has failed to establish MMTJA supplemental jurisdiction, case remanded);  *Jambon v. State Farm Fire and Casualty Company*, 06-5661 (E.D. La. 10/4/06), 2006 U.S. Dist. LEXIS 75661 (Judge Lemelle concludes that there is no MMTJA supplemental jurisdiction because a claim against an agent for failure to procure adequate insurance does not "arise out of" an accident, case remanded);  *Southern Athletic Club, LLC v. The Hanover Insurance Company*, 06-2605 (E.D. La. 9/6/06), 2006 U.S. Dist. LEXIS 66634 (Judge Lemmon concludes that there is no MMTJA supplemental jurisdiction, case remanded).

In conclusion, Lafayette argues that under 28 U.S.C. § 1441(e)(1)(B) it should be able to "piggyback" on the § 1369 jurisdiction of an unrelated case filed against it, the *Abadie* case.  The *Abadie* case is a large class action by numerous named plaintiff homeowners against numerous insurance companies who issued numerous separate homeowners insurance policies for Hurricane Katrina related damages.  Courts of this district have uniformly rejected similar arguments made by other insurers.  Here, a similar result should be reached, as the *Abadie* case is unrelated to the present case.  The *Abadie* plaintiffs are all homeowners seeking coverage under homeowner policies for <u>flood damage resulting from levee breaches</u>, while here, the plaintiff is

seeking coverage under a commercial policy for wind/rain damage resulting from Hurricane Katrina.  Thus, Lafayette cannot meet either requisite for providing this Court with supplemental jurisdiction.  Accordingly, this case should be remanded to state court for further proceedings.

## III.    EXPENSES AND COSTS

28 U.S.C. § 1447 (c) provides that an order remanding a case may "require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.[12]  Here, because the basis for seeking supplemental jurisdiction has been so thoroughly rejected by the Courts of this district, plaintiff submits that Lafayette should be cast with costs, including attorney's fees as presented in undersigned counsel's time report attached as Exhibit B.

## CONCLUSION

For the foregoing reasons, this matter must be remanded and Lafayette cast with costs, including attorney's fees.

Respectfully submitted,

CAPITELLI AND WICKER

By:____s/ J. Alex Watkins_____
T. Carey Wicker, III La. Bar No. 13450
J. Alex Watkins, La. Bar No. 29472
1100 Poydras Street, Suite 2950
New Orleans, Louisiana 70163
Phone 504-582-2425
Fax 504-582-2422
JAW@Capitelliandwicker.com

---

[12] *Martin v. Franklin Capital Corp*., 126 S.Ct. 704, 711 (2005).

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following: **Stephen R. Barry, Daphne P. McNutt, Wendell R. Verret**.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class to the following non-CM/ECF participants: **Brian Alan Ferrara,** Sewerage & Water Board Legal Department, 625 St. Joseph St., Room 201, New Orleans, LA 70165.

_____/s/ J. Alex Watkins_____
J. Alex Watkins, La. Bar No. 29472
1100 Poydras Street, Suite 2950
New Orleans, Louisiana 70163
Phone 504-582-2425
Fax 504-582-2422
JAW@Capitelliandwicker.com