UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLENE JOSEPH FLINT, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-2546 |
| LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY | SECTION "K"(2) |

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 8) this case to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. This Motion was set for hearing on July 14, 2006, with oral argument. The Court, having considered the record, the arguments of the parties, the evidence submitted, and the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.     BACKGROUND**

Plaintiffs brought this action against Louisiana Farm Bureau Mutual Insurance Company ("Farm Bureau") seeking damages for Farm Bureau's denial of Plaintiffs' insurance claims for property damage due to Hurricane Katrina. Specifically, the insurance claims that were denied by Farm Bureau dealt with loss of trees, shrubs, grass, sod, flowering and green plants and for the removal of accumulated brush and debris. This case was originally

1

filed in the 22nd Judicial District Court for the Parish of St. Tammany Parish, State of Louisiana on April 19, 2006. Subsequently, on May 17, 2006, Farm Bureau removed this action to federal court pursuant to 28 U.S.C. § 1441(e)(1)(B). Farm Bureau argues that this action was properly removed to federal court under § 1441(e)(1)(B) because at the time of removal Farm Bureau was a party to *Craddock v. Safeco Insurance Company, et al*,[1] which could have been brought under 28 U.S.C. § 1369(a).

## II. Multiparty, Multiforum, Trial Jurisdiction Act–28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B)

28 U.S.C. § 1369(a) states:

The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–

(1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

(2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

(3) substantial parts of the accident took place in different States.

"Minimal diversity" is present under § 1369 if any plaintiff and any defendant are diverse. 28 U.S.C. § 1369(c)(1). An "accident" under § 1369 is defined as "a sudden accident, or natural

---

[1] *Craddock v. Safeco Insurance Company, et al*, Civil Action No. 05-6365, was removed to the United States District Court, Eastern District of Louisiana, on December 5, 2005. The plaintiff in *Craddock* filed a Motion to Remand, which was denied by this Court because the Court found that jurisdiction existed under 28 U.S.C. § 1367, the Class Action Fairness Act (CAFA). After oral argument on Plaintiff's Motion for Voluntary Dismissal on July 14, 2006, this action has been dismissed and is no longer pending in this Court.

event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)(4).

However, 28 U.S.C. § 1369(b) requires a federal court to abstain from exercising its §1369(a) jurisdiction if (1) a substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State.

Under 28 U.S.C. § 1441(e)(1)(B),

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district and division embracing the place where the action is pending if–
>
> (A) the action could have been brought in the United States district court under section 1369 of this title; or
>
> (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

## IV.   COURT'S ANALYSIS

In order for Farm Bureau to establish federal supplemental jurisdiction over *Flint*, it must show that *Craddock* could have been brought under § 1369(a). To establish § 1369(a) jurisdiction, Farm Bureau must show that: (1) there is minimal diversity between adverse parties in *Craddock*; (2) *Craddock* arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location; (3) a defendant in *Craddock* resides in a State and a substantial part of the accident took place in another State, or any two defendants in *Craddock* reside in different States, or substantial parts of the accident took place in different States; and (4) the Court is not required to abstain from exercising its § 1369(a) jurisdiction over *Craddock*

3

under § 1369(b).

If all of the § 1369 elements are satisfied, then the Court must determine whether *Flint* was properly removed pursuant to § 1441(e)(1)(B). Removal of *Flint* is proper under § 1441(e)(1)(B) if Farm Bureau establishes that (1) *Flint* could have been brought under § 1369; or (1) Farm Bureau was a defendant in *Craddock* at the time *Flint* was removed to federal court; (2) *Craddock* could have been brought under § 1369; and (3) *Craddock* arises from the same accident as *Flint*.

Because the plaintiff in *Craddock* is a citizen of Louisiana, and Safeco Insurance Company, a defendant in *Craddock*, is a citizen of Washington, minimal diversity exists in *Craddock*.[2] Further, Safeco resides in Washington and a substantial part of the accident took place in another state, Louisiana. Therefore, the first and third requirements of § 1369(a) are satisfied.

However, the main issue is whether or not *Craddock* arises from an a single accident, where at least 75 natural person have died in the accident in a discrete location. Farm Bureau argues that Hurricane Katrina was the "natural event culminating in an accident" and at least 75 deaths occurred as a result of the Hurricane in a discrete location. Farm Bureau further contends that Hurricane Katrina was classified as an "accident" under § 1369 in *Chehardy v. State Farm Fire and Casualty Company, et al*[3] by Judge Polozola. Farm Bureau argues that in *Chehardy*,

---

[2] See Notice of Removal, *Craddock v. Safeco Insurance Company* (Civil Action No. 05-6365).

[3] *Chehardy v. State Farm Fire & Casualty Company, et al*, Civil Action Nos. 06-1672, 06-1673, 06-1674, was filed in the United States District Court for the Middle District of Louisiana and subsequently, transferred to the Eastern District of Louisiana. *Chehardy* is currently pending in Section "K."

4

Judge Polozola determined that this case met the requirements of § 1369 and that determination "necessarily included findings that Hurricane Katrina satisfied the definition of an accident under 28 U.S.C. § 1369."[4] In Judge Polozola's Order transferring *Chehardy* to this Court, the Judge noted that jurisdiction existed in *Chehardy* under 28 U.S.C. § 1369. However, Judge Polozola's Order does not explain the basis for this conclusion and therefore, this Court does not agree with Farm Bureau's conclusion that Hurricane Katrina was deemed a § 1369 "accident" by *Chehardy*.

Further, Farm Bureau also suggests that the Fifth Circuit defined Hurricane Katrina as a § 1369 "accident" in *Wallace v. Louisiana Citizens Property Insurance Company*, 444 F.3d 697 (5th Cir. 2006).[5] While the Fifth Circuit notes the petitioners in *Wallace* argue that Hurricane Katrina is the "accident," the Court never actually reaches this conclusion in its decision. 444 F.3d at 699. Additionally, *Wallace* does not directly deal with the application of § 1369(a) jurisdiction, but rather it merely concludes that the abstention provision of § 1369(b) does not apply to cases removed under § 1441(e)(1)(B). Therefore, this Court does not conclude that

---

[4] However, Judge Polozola never made written reasons for his conclusion that *Chehardy* met the § 1369 requirements. Therefore, the conclusion that defendant reaches that Hurricane Katrina was classified a § 1369 accident is only speculation. As noted by plaintiff, *Chehardy* arose from a levee break, which may have been the accident that triggered the § 1369 designation.

[5] *Wallace* was removed to federal court based on § 1441(e)(1)(B) and § 1369 jurisdiction over *Chehardy* because Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance were defendants in *Chehardy* and *Wallace*. In other words, *Wallace* piggybacked on the § 1369 original jurisdiction in *Chehardy*. The *Wallace* defendants removed *Wallace* to federal court under § 1441(e)(1)(B). *Wallace* was, however, remanded to state court, but the Fifth Circuit, according to defendants, recognized that § 1441(e)(1)(B) "established supplemental jurisdiction over the *Wallace* action, piggy-backing jurisdiction on the district court's original jurisdiction over the pending *Chehardy* action."

Hurricane Katrina has been deemed an "accident" under § 1369(a) in *Wallace*.

However, regardless of whether there is current non-binding legal authority establishing that Hurricane Katrina is a § 1369 "accident," this Court is required to make that determination in this case. Farm Bureau argues that a case can be classified as § 1369 case, even if the case is not based on deaths that resulted from the accident, but can apply to a case dealing with mere property damage that resulted from the accident in which there were at least 75 deaths at a discrete location. Further, Farm Bureau argues that *Craddock* arose from a single accident, Hurricane Katrina, which was a "sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." Farm Bureau argues that this statutory language does not require that the "accident" occur at a discrete location, but only that the 75 deaths occur at a discrete location."

Plaintiffs contend that *Craddock* could not have been brought under § 1369. Plaintiffs state that *Craddock* is an action wherein individuals suffered property damage at their individual residences and not in a single discrete location. Additionally, plaintiffs point out that *Chehardy* was an action that arose from a levee break that resulted in many deaths. Therefore, the "accident" in *Chehardy* was not the Hurricane itself, but the specific levee break. Further, plaintiffs argue that *Craddock* and *Flint* are not related to the levee break, nor do these cases allege any deaths as a result of the denial of their property damage claims. Plaintiff argues that the levee break[6] was the accident that resulted from the natural event, Hurricane Katrina, but Hurricane Katrina itself was not an accident under § 1369. Conversely, *Craddock* and *Flint*

---

[6] Plaintiffs note that the levee break occurred at a discrete location and caused 75 deaths of natural persons.

6

arose out the "accident" of falling of trees at the homeowner's various residences and Hurricane Katrina was not the "accident." Therefore, the accident in *Craddock* and *Flint* did not occur at a discrete location, but at many locations in Louisiana and so, *Craddock* could not have been brought under § 1369.

This Court has determined that Hurricane Katrina has not been classified as a § 1369 "accident" by any court and therefore, this Court declines to interpret the statutory definition of "accident" so broadly. *Chehardy* arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that § 1369 jurisdiction exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location.[7] *Craddock* does not arise from a levee break. Thus, the only possible accident in *Craddock* is Hurricane Katrina, which caused wind resulting in the loss of trees and debris on the property of many Louisiana citizens. However, Hurricane Katrina was the "natural event" under § 1369 that culminated in many accidents, but there is no single accident in *Craddock* that resulted in the death of at least 75 natural persons at a discrete location. Therefore, *Craddock* could not have been brought under § 1369.[8]

Because *Craddock* could not have been brought under § 1369, *Flint* could not have been removed pursuant to 28 U.S.C. § 1441(e)(1)(B). An action can be removed under § 1441(e)(1)(B), only if the defendant is a party to an action which is or could have been brought

---

[7] In other words, Hurricane Katrina was the natural event that culminate in the levee break that caused at least 75 deaths at a discrete location. Therefore, the levee break, not Hurricane Katrina, was the § 1369 accident.

[8] Because the Court has concluded that *Craddock* could not have been brought under § 1369(a), it is not necessary to determine whether the abstention provision of § 1369(b) would apply to *Craddock.*

under § 1369. Therefore, in the absence of a § 1369 action, Farm Bureau has no vehicle by which to remove *Flint* to federal court.

## V. CONCLUSION

Because the Court has concluded that *Craddock* could not have been brought under 28 U.S.C. § 1369(a), *Flint* was improperly removed to federal court pursuant to 28 U.S.C. § 1411(e)(1)(B). Therefore, this Court lacks subject matter jurisdiction over *Flint* and this case should be remanded.

Accordingly,

**IT IS ORDERED** that this the Plaintiff's Motion to Remand (Rec. Doc. No. 8) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana (Docket No. 2006-11642, Division C).

New Orleans, Louisiana, this  15th day of August, 2006

  _____
  **STANWOOD R. DUVAL, JR.**
  **UNITED STATES DISTRICT COURT JUDGE**