NOV. 15. 2006  5:08PM     FRILOT PARTRIDGE                              NO. 993    P. 1

**FRILOT PARTRIDGE** ᶠᵖ

Frilot Partridge, LC
1100 Poydras Street, Suite 3600
New Orleans, Louisiana 70163

504.599.8000 phone
504.599.8100 fax
www.frilotpartridge.com

Carl E. "Chip" Hellmers
chellmers@frilotpartridge.com

504-599-8035 phone
504-599-8156 fax

# Facsimile

| | | | |
|---|---|---|---|
| To: | William C. Gambel, Esq. | Fax: | 504-569-7001 |
| Cc: | Galen S. Brown, Esq. | | 504-566-1569 |
| | Brent A. Talbot, Esq. | | 504-544-6095 |
| From: | Carl E. Hellmers, III | Date: | November 15, 2006 |
| Total Pages: | 11 | File #: | 338-061073 |
| Re: | Katrina Canal Breaches Consolidated Litigation Pertains to Paul (06-7682) United States District Court, Eastern District of Louisiana No. 05-4182 "K" (2) | | |

NOTES:

If you do not receive all pages, please call Leah Ward at (504) 599-8218.

**ATTENTION**
The contents of this facsimile are confidential information, and may also be legally privileged, intended only for the use of the individual of entity named above. If you are not the intended recipient or agent thereof, you are hereby notified that any use, review, dissemination, copying or distribution of this document or the information contained herein is strictly prohibited.

If you did not receive all pages, or if you received this facsimile in error or are not the designated recipient or agent thereof, please immediately contact Leah Ward at (504) 599-8218 (504) 599-8000.



# FRILOT PARTRIDGE ℙ

Frilot Partridge, L.C.
1100 Poydras Street, Suite 3600
New Orleans, Louisiana 70163

504.599.8000 phone
504.599.8100 fax
www.frilotpartridge.com

Carl E. "Chip" Hellmers, III   504-599-8035 phone
chellmers@frilotpartridge.com   504-599-8156 fax

November 15, 2006

<u>Via facsimile: (504) 569-7001</u>

William C. Gambel, Esq.
Millington, Benson, Woodward, LLP
909 Poydras Street, Suite 2300
New Orleans, LA 70112

    Re:    Katrina Canal Breaches Consolidated Litigation
           Pertains to Paul (06-7682)
           United States District Court, Eastern District of Louisiana
           No. 05-4182 "K" (2)
           Our file: 338-061073

Dear Mr. Gambel

      Enclosed please find the Objections and Answers of BNSF Railway Company to Petitioners' First Request for Admissions, Request for Production of Documents and Answers to Interrogatories.

      In the event you have any questions, please contact me.

                                            Sincerely,

                                            Carl E. "Chip" Hellmers, III

CEH/lw
Enclosure
cc:    Galen S. Brown, Esq. (via facsimile: 504-566-1569)
       Brent A. Talbot, Esq. (via facsimile: 504-544-6095)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 "K"(2) |
| PERTAINS TO LEVEE: | | * * | JUDGE DUVAL |
| PAUL, NO. 06-7682 | | * | MAG. WILKINSON |

**OBJECTIONS AND ANSWERS OF BNSF RAILWAY COMPANY F/K/A BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY TO PETITIONERS' FIRST REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

NOW INTO COURT, through undersigned counsel, comes the BNSF Railway Company, f/k/a/ the Burlington Northern and Santa Fe Railway Company ("BNSF"), who responds to the Request for Admissions, Request for Production of Documents and Interrogatories propounded upon them by Plaintiffs, Judy M. Paul and Willie Mackie, Sr., as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit you were a named defendant in the lawsuit.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

It is admitted that the Burlington Northern and Santa Fe Railway Company was named as a defendant. It is denied that the BNSF Railway Company, f/k/a/ the Burlington Northern and Santa Fe Railway Company was named as a defendant.

REQUEST FOR ADMISSION NO. 2:

Admit that the locomotive involved in the incident was owned by you as alleged.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied.

REQUEST FOR ADMISSION NO. 3:

Admit that the locomotive involved in the incident was in disrepair, not suitable for movement of the train and tow on the night in question, and its condition was a proximate cause of the incident.

OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Objection. The request is vague, overbroad, ambiguous and burdensome. The request fails to define the term "disrepair." The request further seeks an admission as to the ultimate cause of the incident and is therefore an improper request for admission. Subject to the objection, BNSF did not own the subject locomotive involved in the incident and has no information related to the condition of the locomotive at the time of the incident. The request cannot therefore be admitted or denied.

REQUEST FOR ADMISSION NO. 4:

Admit that the tracts [sic] in use were in disrepair, not suitable for movement of the train and tow, and failed, and the failure was a proximate cause of the incident.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objection. The request improperly seeks a legal conclusion as to the ultimate legal cause of the incident and is therefore an improper request for admission. The request fails to define the term "disrepair." Further, the track involved in the incident was not under the care, custody or control of the BNSF, and BNSF cannot therefore admit or deny the truth of the request.

### REQUEST FOR ADMISSION NO. 5:

Admit that the train and tow was being operated in an unsafe manner, which was a proximate cause of the incident.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Objection. This request is vague overbroad and burdensome. The request fails to define the term "operated in an unsafe manner." Further, the request is improper in that it seeks an admission as to the ultimate legal cause of the incident, and the request is therefore an improper request for admission. BNSF was not in control of the locomotive at the time of the incident, and therefore cannot admit or deny the request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please describe any risk reporting and risk management system you had in force at the time of the incident for gathering information respecting incidents involving damage to persons and property related to or respecting your business.

### OBJECTION TO INTERROGATORY NO. 1:

Objection, the request is vague, overbroad and ambiguous. The terms "risk management system" are undefined. The request is further vague, overbroad and

3

ambiguous, particularly as related to the term "respecting your business." The request further seeks information that is irrelevant and will not lead to the discovery of admissible evidence.

### INTERROGATORY NO. 2:

Please state when you first became aware of the damage to Gate IW-30 or related property involved in the incident.

### OBJECTION TO INTERROGATORY NO. 2:

Objection. The request is vague, overbroad and burdensome. The request further seeks information that is irrelevant and will not lead to the discovery of admissible evidence.

### INTERROGATORY NO. 3:

Please identify the persons within your employ who have any knowledge of the damage to Gate IW 30 or property involved.

### OBJECTION TO INTERROGATORY NO. 3:

Objection. This request seeks information that may be protected by the attorney-client or work product privilege. The request is further overbroad, vague and ambiguous. BNSF has no first hand knowledge or information regarding the damage to floodgate IW 30 as no BNSF personnel were involved.

### INTERROGATORY NO. 4:

Please describe your relationship, at the date and time of the incident, with the other defendants named in the suit with respect to operation of the train and tow, the tracks traversed, the repair of the damage, the cost of movement of the train, the tow and the individual cars.

### OBJECTION TO INTERROGATORY NO. 4:

Objection. This request is vague, overbroad and ambiguous. The request further seeks information that is irrelevant and will not lead to the discovery of admissible evidence. The request is further burdensome to the extent that it seeks information regarding alleged relationships with various governmental entities that literally have no bearing whatsoever on the circumstances surrounding the subject matter involved in this case.

### INTERROGATORY NO. 5:

Please identify the person or persons employed by you who assisted in the preparation of the responses of these Requests and the search for documents responsive hereto.

### ANSWER TO INTERROGATORY NO. 5:

Objection. This request seeks information that is irrelevant and will not lead to the discovery of admissible evidence.

### INTERROGATORY NO. 6:

Please identify the persons who were actually operating the train at the time of the incident, and the persons, firms and corporations by who employed.

### ANSWER TO INTERROGATORY NO. 6:

BNSF no specific information as to those individuals operating the train at the time of the incident.

### INTERROGATORY NO. 7:

Please state whether you owned the tracks as alleged.

5

### OBJECTION AND ANSWER TO INTERROGATORY NO. 7:

Objection. This request is vague overbroad and ambiguous. The request fails to define the location of track involved "as alleged." Subject to the objection, the derailment did not occur on track owned by the BNSF.

### INTERROGATORY NO. 8:

If you deny any of the request for admission, please state in evidentiary detail the facts which you rely to support your denial.

### ANSWER TO INTERROGATORY NO. 8:

BNSF did not have care, custody or control of the subject locomotive or the track at the time of the incident, and the NOPB locomotive involved in the incident was not owned by the BNSF.

### INTERROGATORY NO. 9:

Please state the arrangement you had with the employer of the personnel operating the train and the tow at the time of the incident.

### OBJECTION TO INTERROGATORY NO. 9:

Objection. This request is vague and overbroad. The term "arrangement" is undefined and the request is therefore ambiguous.

### REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce any incident reports or other writings in your possession which reference the damage to Gate IW-30.

6

## OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Objection. This request seeks information that may be protected by the attorney client or work product privilege. The request is further vague, overbroad and burdensome. Further, the term "writings" is undefined and the request is therefore ambiguous.

## REQUEST FOR PRODUCTION NO. 2:

Please produce all writings related to or referenced in the lawsuit and the damage to Gate IW-30 and/or the resolution of the claims asserted.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 2:

Objection. This request seeks information protected by the attorney-client or work product privilege. The term "the lawsuit" is undefined as there are several lawsuits involving the incident. The request is vague, overbroad and burdensome. Further, the term "writings" is undefined.

## REQUEST FOR PRODUCTION NO. 3:

Please produce any documents related to or respecting the lawsuit.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 3:

Objection. This request is vague, overbroad, ambiguous, and seeks no formal or specific response. The terms "related to or respecting" are undefined, overbroad and vague. BNSF cannot make any determination as to those documents which may now or in the future involve the subject lawsuit. In the event plaintiffs have a specific request for a document, BNSF will attempt to comply.

7

### REQUEST FOR PRODUCTION NO. 4:

Please produce any documents related to or respecting the incident described in the Petition.

### OBJECTION TO REQUEST FOR PRODUCTION NO. 4:

See Objection to Request for Production No. 3.

### REQUEST FOR PRODUCTION NO. 5:

Please produce any documents on which you rely to support the answers to the interrogatories.

### OBJECTION TO REQUEST FOR PRODUCTION NO. 5:

Objection. This request is vague, overbroad, ambiguous, and seeks no formal or specific response. The request further seeks information that may be protected by the attorney client or work product privilege. BNSF cannot make any determination as to those documents which plaintiffs seek in connection with the request.

Respectfully submitted,

/s/
PATRICK A. TALLEY, JR. (LA. #1616)
CARL E. HELLMERS, III (LA. #25705)
Frilot, Partridge, Kohnke & Clements, L.C.
1100 Poydras Street, 3600 Energy Centre
New Orleans, LA 70163-3600
Telephone: (504) 599-8035
Facsimile: (504) 5998156
**Counsel for BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railroad Company**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _15TH_ day of November, 2006 served a copy of the foregoing on all counsel of record via facsimile and/or by the United State Postal Service properly addressed and postage prepaid.