UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | * | No. 05-4182 |
| PERTAINS TO: | * | & Consolidated Cases |
| LEVEE (Sims 06- 5116) | * | |
| (DePass 06-5127 | | * |
| | * | SECTION K |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE KNOWLES |
| ************************************** | | |

MEMORANDUM IN OPPOSITION TO THE
F.R.A.P. 12(b)(1) and (6)  MOTIONS TO DISMISS
FILED BY JEFFERSON PARISH

**NOW COMES,** *Leslie Sims, Jr., Rosa Marquez, Flood Aaron III and Hasser Sleem et al* (No. 06-5116) and , *Elizabeth H. and William Keith DePass, IV et al* (No.06-5127) to oppose the Motions to Dismiss filed in these two cases by the Parish of Jefferson under F.R.C.P. 12(b) (1) and (6), essentially on the same grounds.  (Doc. 1521 and 1523).

The Mover Parish seeks to dismiss claims of negligence brought against it *via* the Complaint which also made claims in negligence against the Army Corps of Engineers, the Orleans Levee Board, the East Jefferson Levee District and the Sewerage and Water Board. Comparative negligence is pled, including the negligence of non-party Louisiana Department of Transportation & Development.  *Sims et al,* and *De Pass, et al* also assert "Assurance"/contract

claims against the Port of New Orleans[1], Orleans Levee District[2], the East Jefferson Levee District[3] and the Sewerage and Water Board[4], citing certain Acts of Assurance given by each of them pursuant to Congressional mandate of local cooperation upon which the Army Corps' participation was conditioned.[5]  The difference between the two suits is the neighborhoods in which the Plaintiffs reside: *Simms, et al* in Orleans Parish on the eastside of the 17 Street Canal Extension, the Monticello Canal, and *DePass, et al* in Jefferson Parish, on the west side of Monticello, that and the fact that the Hoey Canal (Geigenheimer) gate available to arrest the flow of water from the Monticello Canal into the Hoey Canal was inoperable, not provided with power to effect the gate closure when required.

The negligence and the Assurance/contract claims arise out of the same nucleus of operative facts:  the flooding to the properties, most immediately from the Monticello Canal and from the Orleans Canal (south of the pumping stations).  These two are Outfall Canals which collect water for discharge into Lake Pontchartrain.  Monticello is fed by the Palmetto and Hoey Canals and by the Florida Avenue Canal.  Pumping Station 6 pumps that water into the 17th

---

[1] The defendant Port is sued under the Act of Assurance given under dates of April 15, 1957, February 3, 1969, and January 10, 1974; Complaint, Para. 49 to 54;

[2] The defendant Orleans Levee District is sued under Acts of Assurance given under dates of September 19, 1950, October 1, 1969, July 28, 1966, September 16t, 1971, February 20, 1985 and June 21, 1985, Complaint Para. 37 to 48;

[3] The defendant East Jefferson Levee District is sued under Act of Assurance given under date of February 18, 1997; Complaint para. 55, 56;

[4] The defendant Sewerage & Water Board is sued under Act of Assurance given under date of February 18, 1957, para 57, 58;

[5] Contemporaneous with the filing of this Complaint, plaintiffs gave notice to defendants Levee District and Port of their intention to accept the benefits of the Acts of Assurances and Agreements given pursuant to the various Public Laws in furtherance of the representation of local cooperation and required by Federal Law; Complaint para 90.

Street Canal. The closure of the 17th Street and Orleans Canals pumping stations because of the breach of the levees federalized by the Lake Pontchartrain & Vicinity Hurricane Protection Plan improvements in 1997, was a proximate cause of the flooding.

The Berkley Final Report expresses the opinion thusly "loss of drainage capabilities as a result of breach of the drainage canals [such as within the 17th Street Drainage Canal, and the London Avenue Canal . . .] which it identifies as of the three other significant pump and drainage system based failures." July 31, 2006 Report pp. 10-31 The fault of the Parish and the Sewerage & Water Board with respect to the flooding is also alleged.

On a large scale, Plaintiffs claim their neighborhood[6] was flooded from waters from the MR-GO, the Intracoastal Waterway, the Inner Harbor Navigational Canal, and the 17th Street (Monticello), Orleans and London Avenue Outfall Canals, north of the pumping stations.

Plaintiffs assert federal question jurisdiction with respect to its claims against the United States Army Corps of Engineers and as to Assurance Claims against the Port of New Orleans, Orleans Levee District, the East Jefferson Levee District and the Sewerage and Water Board. Plaintiffs assert supplemental jurisdiction over its negligence claims against the Parish of Jefferson, the Orleans Levee District, and the East Jefferson Levee District, in that negligence claims are made against the United States Corps of Engineers and Comparative Negligence is pled.

Federal Question Jurisdiction lies both because the United States is a party 28 U.S.C. §§ 1346, 2671-80, and because the Complaint requires construction of federal law or a distinctive federal policy or a federal statute requires federal legal principles for its disposition. Complaint Para. 77. "The defendant Levee District is sued under the Act of Assurance given under date of

---

[6] Lakeview and Carrollton-Hollygrove areas of Orleans Parish; Old Metairie in Jefferson Parish;

3

September 19, 1950, "to comply with all requirements of federal cooperation", and pursuant to the and furtherance of Public Law 516 of the 81st Congress under item "Lower Mississippi River" that authorized that "flood control improvements, substantially as contemplated by the Federal Flood Control Act of 15 May 1928, as amended, be extended to include such improvements in the Parish of Orleans". *Sims* Complaint, Para. 37.  The "defendant Port is sued under the Act of Assurance given under date January 10, 1974, pursuant to and in furtherance of Public Law 483 of the 90th Congress which authorized "*inter alia*, the Mississippi River Gulf Outlet Michoud Canal Project" wherein "the Port agreed to fulfill the non federal cooperation"; Id. Para.  Similarly the East Jefferson Levee District and the Sewerage & Water Board are sued under 1997 Acts of Assurance, given "pursuant to and in furtherance of Public Law 298 of the 89th Congress which authorized the construction of the Lake Pontchartrain, Louisiana Vicinity Hurricane Protection Project, and the Reevaluation Study, dated December 1983." *Sims* Complaint, Para. 55 and 57 , In addition, in Complaint para 37-8, Plaintiffs specifically avail themselves of the right under 28 U.S.C. 2201(a), 28 U.S.C. 2202 and F.R.C.P 57, and invoke the judicial power of this Court to a summary declaration of their rights as third party beneficiaries of the Acts of Assurances given by the defendants to the United States Secretary of the Army and other Agreements, and define other legal relations, with the force and effect of a final judgment or decree" and seek declaratory judgment respecting distinctive federal law and policy including , *inter alia*, a declaration that:

> (g) The immunity of the United States under Section 702(c) of the Flood Control Act is personal to it, neither the Defendant Port nor the Defendant Levee Board have standing under the Act to assert the defense, and the immunity does not inure to either of them; and

    (h)  In any event the immunity does not apply to damages due to flooding from the Intracoastal Waterway, the Mississippi River Gulf Outlet, the 17th Street Canal (the Monticello), the Hoey Canal or the Inner Harbor Navigational Canal;

The Parish also seeks to dismiss the claims against it citing emergency preparedness and disaster related absolute immunity in La. R. S. 29:735 and 9:2800.  To quote Judge Peytavins' opinion in *Loga et al  v. Parish of Jefferson, et al*, No. 625,145 CW 624778, to wit:

> Based on the statutory and case law cited above, particularly *Eschete v. City of New Orleans, McCloud v. Parish of Jefferson* and *Saden v. Kirby* the parish enjoys neither 'absolute immunity" nor "immunity devoid of a temporal element.'
>
> Specifically, the Court finds that neither R. S. 29:735 nor any of the other statutes provided the parish with immunity for acts and omissions that may have occurred days, months and years before Hurricane Katrina was 'even a wave off the coast of Africa.'"

See argument which follows.

## Summary of the Argument

This Court has both original and supplemental jurisdiction over the claims against the Parish of Jefferson.  The United States is a party defendant and federal question jurisdiction present under 28 U.S.C. §§ 1346, 2671-80.  The Parish's fault with respect to flooding from the Monticello Canal arises from its same nucleus of operative facts as the negligence claims against the United States Corps of Engineers and the Assurance claims against the Sewerage & Water Board, the Orleans Levee District and the Port of New Orleans.  The Assurance Claims against East Jefferson are like the Assurance Claims against the Orleans Levee District, the Sewerage & Water Board and the Port of New Orleans.  In addition adjudication of the negligence claims against the Corps and Assurance Claims against those defendants, requires construction of federal law or a distinctive federal policy of a federal statute requires federal legal principles for

its disposition. The Federal Flood Control Project Immunity under 702c and "construction of a federal statute or a distinctive policy of a federal statute" mandating local cooperation as a predicate to federal participation in the works from which the causes of action arise. Under 28 U.S.C. section 1367(a), a plaintiff's state and federal claims may be tried in one proceeding if both sets of claims derive from a common nucleus of operative facts.

## Law & Argument

1.     Federal Question Jurisdiction

This is a suit against the United States. When filed the claim was first pled. Complaint Paras 8 to 21. It was alleged that "Plaintiffs have filed claims for Loss and Damage to Property with the United Stated Army Corps of Engineers under Federal Tort Claim Form 95"; that "under the Federal Tort Claims Act plaintiffs are precluded from bringing suit for six months, unless the United States denies the claim; "that "Plaintiffs' claims against the Corps total greater than $20,450,00;" and "that the United States has not denied any of the plaintiff's claim." Complaint, paras 18 to 21. By Second Amended Complaint filed February 1, 2007, (Doc. 2947 and Doc. 2950) Plaintiffs have sought leave to amend the Complaint to make "Defendant herein is the Untied States with respect to which each of the Plaintiffs has filed Federal Tort Claim Act claims more than six months ago claiming damages and injury caused by the negligence of the United States Army Corps of Engineers," providing the Claim number assigned by the Corps to the claim, where available. Amended Complaint, Para. 7 A and 11A. The Motion for Leave to File was noticed for February 21, 2007, and no opposition to the Motion has been filed.

Furthermore, the Acts of Assurance were mandated by the Congress as a condition precedent to the authorization of the Corps to proceed with the works. The language to "(d) hold and save the United States free from all damage claims resulting from the construction of the

project" taken from the September 19, 1950 Act of Assurance of the Orleans Levee District" (*DePass*, Complaint, para. 38) for instance, is mandated by Congress, and distinctive federal. Federal question jurisdiction may be invoked "if the complaint…requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition."  *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3rd Cir. 1974), *citing to T.B. Harms Company v. Eliscu*, 339 F.2d 823, 828 (2nd Cir. 1964); *McFaddin Express Inc. v. Adely Corp.*, 346 F.2d 424, 426 (2nd Cir. 1965). "Federal law controls the interpretation of the contract. See *United States v. County of Allegheny*, 322 U.S. 174, 183, 64 S.Ct. 908, 88 L.Ed. 1209 (1944); FN12, *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943).  This conclusion results from the fact that the contract was entered into pursuant to authority conferred by federal statute and, ultimately, by the Constitution. See *U. S .v.Seckinger,* 397 U.S.203, 90S.Ct.880 U.S. Ga.1970.

2. Same Nucleus of Operative facts

Under 28 U.S.C. section 1367(a), a plaintiff's state and federal claims may be tried in one proceeding if both sets of claims derive from a common nucleus of operative fact and the claims are so related that the parties would expect to try them all in one proceeding.  *United States v. Colorado & Eastern R.R.,* 832 F.Supp. 304, 307-08 (D.Colo. 1993) (citing). *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

Such is the case here. The liability of the United States Corps of Engineers in negligence, or for that matter the Corps' immunity and the liability of the Assurance defendants is bound up with the liability of the Parish of Jefferson.  The same can be said of the interrelationship between the question of liability of the Sewerage & Water Board and the East Jefferson Levee District.  In fact, given the possible likely application of comparative negligence, the negligence

of the Parish of Jefferson will likely be tried at the defendants' insistence, with Jefferson in the empty chair. See Civil Code Article 2324. Jefferson's dismissal would not be in the interest of judicial economy or substantial justice for the parties. Cf. *Leone v. Creighton*, D.C.N.Y.1996, 948 F.Supp. 192.

3.      State Immunity

The Parish correctly characterizes **one** allegation of the Complaint when it says "the 17th Street Canal was closed, yet the Parish continued operation of the pumping station and drainage canals feeding the 17th Street Canal and failed to close the Hoey Canal to permit the flow of water from the 17th Street Canal into Metairie". Brief. (Doc. 1523.) p. 15. Yet Jefferson submits that it is immune from disaster related decisions and actions citing La. R. S. 29:735 and claims the Parish enjoys absolute immunity from any fault which might otherwise flow therefrom." Id. P. 15.

First, Plaintiffs' allegation of fault is not limited to the continued pumping and failure to close the Hoey Canal. Plaintiffs also allege a general failure to maintain the levees including the Monticello Outfall Canal. The fact that the Parish failed to provide power to the Hoey Gate, is alleged back flow. The fact that the Parish and Sewerage and Water Board shared the *garde* is also alleged. Clearly, the general failure of the levees over which this defendant had *garde* are not "emergency preparedness" activities. Central to the complaint in *DePass* is the fact that the drainage system in Old Metairie flooded from underneath. Complaint para. 76. The fact that the Geigenheimer gate was not provided power is also a concern. First Amended Complaint para 75.5. That and the fact that the Canal levees were in a general state of disrepair and no longer suitable to contain suitable to contain the rising waters projected to occur. First Amended

Complaint, para. 75.6  Indeed as Judge Peytavin said in *Loga, et al v. Jefferson Parish*, No. 625-125:

> "Specifically the Court finds that neither R. S. 29:735 nor any other statutes provided the parish with immunity for acts and omissions that may have occurred days, months and years before Hurricane Katrina…." Id.     ; Cf.  Reason for Judgment.  *Darlene Jacobs Levy v. The Parish of Jefferson*, 624-778, Sept. 29, 2006.

Secondly, the La. Const 1974 Section 10 (A) is entitled, "No Immunity in Contract and Tort".  It states:

> Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

4. State law grants cause of action;

The Parish made the same argument in seeking rejection of the suit by Parish residents for losses as a result of the Parish order abandonment of the pumping stations.  Denying the Motion Judge Peytavin relied on *Eschete v. City of New Orleans,* 258 La. 133, 245 So.2d 383 LA 1971.  There plaintiffs are seeking to hold the City, not for failing to provide adequate drainage, but for fault in adding new subdivisions, thus increasing the volume of water in the drainage area. In effect, according to the petition, the power to grant or withhold consent for new subdivisions in the Pines Village drainage area effectively controlled the volume of water being discharged. "For it fault, the City may be held liable, the Court held citing *Hamilton v. City of Shreveport,* 247 La.784, 174 So.2d 529.

In a second case *McCloud v. Parish of Jefferson,* 383 So.2d 477, (La.App. 4th Cir.1980), the trial judge quoted language from that case which supports a conclusion that the immunity in discretionary matters exercised by governmental agency is not absolute:

> "... Once a governmental body, however undertakes to provide drainage or to make general improvements to an existing system, it has a duty to perform this function

according to reasonable standards and in a manner which does not cause damage to particular citizens. .

## Conclusion

Accordingly, this Court has Supplemental Jurisdiction over the negligence claims against the Parish of Jefferson. Its alleged negligence in the maintenance of levees for the Monticello Canal is integral to the negligence claims asserted against the United States Army Corps of Engineers whose design failure precipitated the closure of the 17th Street Pumping Station arresting discharge of the Monticello into the 17th Street Outfall Canal to Lake Pontchartrain. Its negligence is coextensive with the negligence of the Sewerage & Water Board and together the two had the *garde*. The claim is Supplemental to the Acts of Assurance Claim against the Sewerage & Water Board.

March 12, 2007

                                                 Respectfully submitted,

OF COUNSEL:

MILLING BENSON WOODWARD L.L.P.   /s/ William C. Gambel
                                                                William C. Gambel (LA Bar No. 5900)
                                                                909 Poydras Street, Suite 2300
                                                                 New Orleans, LA  70112-1010
                                                                 Telephone:  (504) 569-7000
                                                                 Telecopy:  (504) 569-7001
                                                                 wgambel@millinglaw.com
                                                                 Attorneys for Plaintiffs

John J. Cummings, III (LA Bar No. 4652
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA  70130
Telephone:  (504) 569-0000
Telecopy:  (504) 586-8423
ccdlawfirm@aol.com


W358452

CERTIFICATE OF SERVICE

     I hereby certify that on this 12th day of March, 2007, a copy of the foregoing pleadings have been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

                                           /s/ William C. Gambel

W358452