**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | |
| | | NO. 05-4182 "K" (2) |
| _____ | * | |
| | | |
| PERTAINS TO LEVEE: | * | JUDGE DUVAL |
| *La. Environmental Action Network* | | |
| (06-9147) | | MAG. WILKINSON |

**MEMORANDUM IN OPPOSITION TO UNITED STATES'**
**MOTION TO DISMISS UNDER 12(b)(6)**

**NOW INTO COURT** through undersigned counsel, come Plaintiffs in *Bourgeois et al.*,

Case No. 06-5131, *Adams et al.*, Case No. 06-5128 and *Ferdinand et al.*, Case No. 06-5132,

home, property and business owners, and residents who suffered damages and losses from

flooding proximately caused by the failure of the London Outfall Canal Levee, to file this

Opposition to the Motion of the United States to Dismiss the claims asserted by the Louisiana

Acton Environmental Network (LEAN.  (Doc. 2951)

Amici Plaintiffs assert claims in three geographic areas, neighborhoods, to wit:

      1.  The Old Gentilly and Lake Terrace (No. 06-5131, Bourgeois),

      2.  The Lakeview, Carrollton and Hollygrove Plaintiffs (No. 06-5116, Adams),

and

      3.  The Bywater and Mid City Plaintiffs (No. 06-5132, Ferdinand).

Amici Plaintiffs who suffered losses and damages due to flooding related to the failure of

the London Avenue Canal and its closure.

In its Motion to Dismiss, the United States Army Corps claims that it enjoys immunity

from claims of flooding from the London Avenue Canal by virtue of Section 702c of the 1928

Flood Control Act.  It offers the Declaration of LTC Murray Starkel, Deputy District

Commander of the New Orleans District of the Army Corps of Engineers, to support its

assertion.  (Doc. 2851-5)  Defendant LEAN opposes the Motion contending that the Resources

and Recovery Act (RCRA) is applicable, and that the waiver of sovereign immunity in RCRA

trumps the 1928 Flood Act Immunity.  Issue is joined accordingly.

Your Amici Plaintiffs offer no further argument on the RCRA immunity waiver issue, at

this time.  Rather, Amici Plaintiffs feel constrained to observe that it is by no means settled, that

absent a RCRA waiver, Section 702c would afford immunity for London Avenue Canal related

flooding losses.  Amici Plaintiffs seek declaratory judgment on the issue in their Complaints.

## Summary of the Argument

To be immune under Section 702c, the damages must be caused by floodwaters carried

by from a Federal Flood Control Project "designed and operated" as such[1], and the London

Outfall Canal was neither designed nor operated as a federal flood control project.  *Central

Green Co. v. United States,* 531 U. S. 425 (2001).[2]  The London Avenue Outfall Canal was

designed and constructed by state interests entirely apart from the Federal Flood Control, and

was operated as an outfall drainage canal.

Furthermore, though portions of the London Avenue Outfall Canal (north of the pumping

station) were included in the Lake Pontchartrain & Vicinity Hurricane Protection Project, that

inclusion did not effect a redesign as a federal flood control work on which immunity as defined

in *Central Green*, is predicated.  In fact, the LP&V Project was contained in the letter of the

Chief of Engineers "on a review of reports . . . authorized by the Rivers & Harbors . . ." Chief's

---

[1] *Central Green,* 531 U.S. 425, 837 (2001) itself defined the "character of the waters" as "all waters that flow through a federal facility designed and operated, at least in part, for flood control purposes".

[2] Plaintiffs' views are contained in Amici Brief filed in Opposition to the United States' Motion to Dismiss in O'Dwyer.  ( Doc. 2320)

Letter, Starkel Declaration, Exhibit G (Doc. 2951-12), and was adopted to mitigate the risk of

exposure due to the construction of the MR-GO, a Highway of Commerce, made apparent by

Hurricane Betsy. Cf. *Graci v. United States*, 456 F2d (5 Cir.; 1971).  The belated inclusion of

portions of the London Avenue Canal in the High Level Plan did not federalize the levees for

flood control purposes.  No work was done.  The work later performed was commenced through

the 1992 Energy & Water Development Appropriation Act, otherwise thus as designed by the

Corps.

Finally, the flood waters which damaged your Amici Plaintiffs, though proximately

caused by the failure of the London Avenue Canal, and the fault of the Corps, were not "of

waters that flow through a federal facility designed and operated, at least in part, for flood

control purposes" on which immunity depends under *Central Green*.

## Law & Argument

The closure of the London Avenue pumping station, as a result of the failure of the levees

federalized by the Lake Pontchartrain & Vicinity Hurricane Protection Plan improvements in

1997, was a proximate cause of the flooding suffered by Amici Plaintiffs.  The Berkley Final

Report expressed the opinion thusly:  "loss of drainage capabilities as a result of breach of the

drainage canals [such as within the 17th Street Drainage Canal, and the London Avenue Canal . .

.]," which it identifies among the "three other significant pump and drainage system based

failures."  July 31, 2006 Report pp. 10-31.  Memorandum Excerpt, Exhibit A.

It is misleading to simply say that the LP&V Project was originally authorized in the

Federal Flood Act of 1965 (Starkel Declaration, para. 15) and to refer to the Lake Pontchartrain

project as "flood protection control works."  Starkel Declaration, para  10)  Though Title II of

Public Law 89-289 "may be cited as the Flood Control Act of 1965"( Sect.222), Section 201 (a)

defines the scope as authorizing the Corps "to construct, operate and maintain any water resource

development project, involving, but not limited to , navigation, flood control and shore

protection." Exhibit B, p. 1075.  Furthermore, The Lake Pontchartrain project was not specified

as a "flood control and improvement of the lower Mississippi River, adopted by the Act of May

15, 1928 (45 Stat 534) as amended or modified", rather the project was authorized in accordance

with House Document 231, authorized by the Rivers & Harbor Act approved March 2, 1945.

It is a misstatement to refer to the LP&V project "a part of a broader federal flood control

project." 1984 Reevaluation Plan.[3]  p.15.  The Lake Plan adopted in 1966 contemplated the

closure of the Lake's three tidal passes at the Rigolets, the Chef and Seabrook (Inner Harbor

Navigational pass) "the latter said to be a feature of the MR-GO Navigation Project".  p. 34.  In

1966, "the return levees paralleling the canals to the pumping stations were considered

adequate." *Id.* p. 39.  No work was commissioned on the return levees in the 1966 Plan.  The

1984 Reevaluation Study which abandoned the Barrier Plan in favor of the High Level Plan

included portions of these return levees, calling for elevating their heights, and "installing

auxiliary pumping stations . . . at the lake to provide pumping capability when the flood gates

were closed."  The portions of the outfall canals or return levees inside the pumping station were

not incorporated in the Lake Plan, nor were the expenditure of federal funds for their

improvement authorized.

Finally, the 1992 Energy & Water Development Appropriation Act mandated

construction of the outfall levees.  The IPED Report, Exhibit C, describes it as follows:

> On February 7, 1985, the Director of Civil Works for the Corps of
> Engineers, after reviewing the reevaluation study and the final supplement to the
> environmental impact statement, approved the post-authorization change for the
> Lake Pontchartrain, Louisiana, and Vicinity Hurricane Protection project, thereby
> formalizing the High Level Plan.  In turn, the New Orleans District commenced

---

[3] The Reevaluation Plan is included in the Rule of Evidence 201 Submission filed at Doc. _____.

examining two alternative plans for providing "high level" standard project hurricane protection for the outfall canals—fronting protection in the form of gated structures at the canal entrances from the lake, and parallel protection in the form of floodwalls and flood proofing of bridges.  The plans and designs for the outfall canals called for gated control structures at or near the canal entrances to the lake, but the local sponsor, the Orleans Levee Board, indicated its preference for parallel protection.  *Congress settled the dispute through the 1992 Energy and Water Development Appropriations Act, which mandated construction of the parallel protection plan*.  Emphasis Added.  Final Draft, Performance Evaluation of the New Orleans and Southeast Louisiana Hurricane Protection System, June 1, 2006.

## Conclusion

Regardless of the merit of LEAN's RCRA waiver claim, Section 702c does not

preclude all claims for damage from the London Canal floodings.  The United States'

blanket assertion of Flood Act Immunity should be rejected.

March 8, 2007.

Respectfully submitted,

OF COUNSEL:                              /s/ William C. Gambel
MILLING BENSON WOODWARD, LLP   WILLIAM C. GAMBEL (#5900)
                                         909 Poydras Street, Suite 2300
                                         New Orleans, LA  70112-1010
                                         Telephone:  (504) 569-7000
                                         Telecopy:    (504) 569-7001
                                         wgambel@millinglaw.com

                                         Attorneys for Amici Plaintiffs

John J. Cummings, III (#4652)
Cummings & Cummings
416 Gravier Street
New Orleans, LA  70130
Phone:  (504) 586-0000
Fax:     (504) 522-8423


W359069

## CERTIFICATE OF SERVICE

I certify that on this 8th day of March, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, email, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

/s/ <u>William C. Gambel</u>

W359069