UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * | CIVIL ACTION NO. 05-4182 |
| | * | SECTION "K" |
| | * | MAGISTRATE (2) |
| PERTAINS TO: COCHRAN, NO. 06-5785 | * * * | JUDGE DUVAL |
| | * | MAG. WILKINSON |
| *   *   *   *   *   *   *   * | | |

### MEMORANDUM IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT /MOTIONS TO DISMISS FILED BY B & K CONSTRUCTION COMPANY,BOH BROTHERS CONSTRUCTION CO,LLC,BURK-KLEINPETER,INC,EUSTIS ENGINEERING COMPANY,INC,GOTECH,INC. AND ,MODJESKI AND MASTERS,INC

**MAY IT PLEASE THE COURT:**

The defendants, B&K Construction Company,Inc., Boh Brothers Construction Co, LLC, Burk-Kleinpeter, Inc., Eustis Engineering Company, Inc., Gotech, Inc. and Modjeski and Masters. Inc. have all field Motions to Dismiss/Motions for Summary Judgment on the grounds that claims against them are perempted by virtue of the provisions of LSA-RS 9:2772. Some of these defendants ague that the doctrine of collateral estoppel should apply to preclude plaintiffs form arguing against the Motions for Summary Judgment.

As to the merits of the Motions for Summary Judgment/ Motions to Dismiss, plaintiffs adopt and incorporate herein the arguments previously made in Document     700.

With reference to the collateral estoppel issue, in order for collateral estoppel to apply, the following elements must be satisfied: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co., Inc.,* 47 F.3d 1415, 1422 (5th Cir.1995).

There is a special circumstance here that makes application of the doctrine unfair. The plaintiffs in this suit, Jimmy and Cynthia Cochran filed their suit in state court on August 23, 2005, just a few days before the original hearing on Motion for Summary Judgment. Plaintiffs could not possibly have known about or participated in that hearing or filed a timely opposition at that time.

CONCLUSION

For all of the foregoing reasons, the Motions for Summary Judgment/Motions to Dismiss should be denied.

**STANGA & MUSTIAN, P.L.C.**

BY: s/ William R. Mustian, III
  **WILLIAM R. MUSTIAN, III (#9865)**
  3117 22nd Street, Suite 6
  Metairie, Louisiana 70002
  Telephone: (504) 831-0666
  Facsimile: (504) 831-0726
  E-mail: wrm@stangamustian.com