UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES § | | CIVIL ACTION |
| CONSOLIDATED LITIGATION § | | NO.: 05-4182 "K"(2) |
| § | | JUDGE DUVAL |
| § | | MAG. WILKERSON |
| § | | |
| § | | |
| PERTAINS TO: § | | |
| LEVEE: § | | |
| ADAMS, CATHY (06-4065) § | | |
| LEDUFF (06-5260) § | | |
| PONTCHARTRAIN BAPTIST CHURCH (06-6642) § | | |

**MEMORANDUM IN SUPPORT OF C.R. PITTMAN CONSTRUCTION COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON REMOTENESS**

**MAY IT PLEASE THE COURT:**

Defendant, C.R. Pittman Construction Company, Inc. ("C.R. Pittman") submits the following memorandum in support of its Motion for Summary Judgment to dismiss C.R. Pittman based upon Plaintiffs' failure to provide competent evidence supporting their claims that any work performed by C.R. Pittman caused the breaches in the levees and/or flood walls and, further, C.R. Pittman adopts the remoteness argument and rationale outlined in this Honorable Court's *Order and Reasons*, dated December 8, 2006,[1] wherein the Court ruled that the location of the Engineering Defendants' work was too "remote" from the breach sites and would not have

---

[1] *See* Doc. 2148.

any bearing on any of the areas which failed. C.R. Pittman submits Plaintiffs have failed to raise a genuine issue of material fact and, therefore, C.R. Pittman is entitled to judgment, as a matter of law, dismissing the claims against it, with prejudice, at Plaintiffs' cost.

## UNDISPUTED FACTS

As a result of Hurricane Katrina, breaches occurred in the levees at the 17th Street Canal, London Avenue Canal and Industrial Canal. Plaintiffs allege that the breaches and failure of the hurricane protection levees and flood walls were caused by the negligence and fault of C.R. Pittman.[2] In particular, Plaintiffs allege that C.R. Pittman was one of the contractors responsible for constructing portions of the 17th Street Levee/Flood Wall and that the construction included, but was not limited to, the construction and placement of flood walls atop the sheet piling and that the negligent design and/or construction of the levee and/or flood wall, including the concrete slab sections, allegedly caused and/or contributed to the breach in the levee and/or flood wall.[3] Further, Plaintiffs allege that the use of heavy vehicles and/or heavy construction equipment caused and/or contributed to the breach in the levee and/or flood wall.[4] In regards to the London Avenue Canal, Plaintiffs allege C.R. Pittman contracted to construct the Gentilly Boulevard Bridge over the London Avenue Canal, wherein C.R. Pittman's alleged negligence in the construction of the bridge and the use of heavy vehicles and/or other heavy construction equipment caused and/or contributed to the breach in the levee and/or flood wall.

C.R. Pittman was only involved in three projects on two canals that involve the failed levees. These projects are identified by the respective canal project and described below:

---

[2] *See Bobby L. LeDuff, et al v. Boh Brothers Construction Company, LLC, et al*, ¶ 40 (Doc 1227); and *Cathy Adams, et al v. Boh Bros. Construction Co., L.L.C., et al*, ¶ 29 (Doc. 878).
[3] *Id*. at ¶ 43; and *Id*. at ¶ 30(A)(3).
[4] *Id.*

**17th Street Canal**

- Installation of Floodgates at Pumping Station No. 6

C. R. Pittman's involvement in this project was as a subcontractor to Pierce Foundations, Inc., who was the prime contractor for Contract No. DACW29-99-C-0018.[5]  C.R. Pittman's work on this project involved installation of floodgates at Sewerage and Water Board Pump Station No. 6.[6]  This project involved work that was approximately 11,880 feet (2.25 miles) south of the east side break in the 17th Street Canal floodwall.[7]  This project was completed on April 7, 2004.[8]

**London Avenue Canal**

- Work on the Gentilly Boulevard Bridge

C.R. Pittman was the prime contractor on Contract No. DACW29-99-C-0005.[9]  This work involved the Gentilly Boulevard Bridge.  Prior to completion of this work, high levels of water from the London Avenue Canal used to flood the Gentilly Boulevard Bridge rendering transportation impossible.  The contract called for C. R. Pittman to elevate the part of the bridge that traversed the canal.  This work was conducted approximately 5,808 feet (1.10 miles) south of the east side failure of the floodwall.[10]  This project was completed on August 23, 2002 and a corresponding Release of Claims was signed on December 19, 2001 by a representative of C.R. Pittman.[11]

---

[5] *See* Affidavit of Charles R. Pittman, Exhibit A, ¶ 3.
[6] *Id*.
[7] *Id*.
[8] *Id*.
[9] *Id*. at ¶ 4.
[10] *Id*.
[11] *Id*.

3

- Installation of Floodgates at Pumping Station No. 4

The third and final project conducted by C.R. Pittman was the installation of floodgates at Sewerage and Water Board Pump Station No. 4 at the London Avenue Canal.[12] For this project, C.R. Pittman was the prime contractor for Contract No. DACW29-99-C-0012.[13] This work was conducted approximately 3,009.6 feet (.57 of a mile) north of the east side failure of the floodwall and approximately 1,584 feet (.30 of a mile) south of the west side failure of the floodwall.[14] This project was completed on January 27, 2004 and a corresponding Release of Claims was signed on April 29, 2005 by a representative of C.R. Pittman.[15]

The above represents the entirety of the work performed by C.R. Pittman Construction Company, Inc. on the levee system. C. R. Pittman did not perform any work on the Industrial Canal or the Mississippi River Gulf Outlet.

On December 8, 2006, this Honorable Court ruled that the Defendant Engineers, namely, Eustis Engineering Company, Inc., Burk-Kleinpeter, Inc., Modjeski and Masters, Inc. and Gotech, Inc. ("Engineering Defendants"), were entitled to summary judgment as the Engineering Defendants' work was too "remote" from the breach sites.[16] Further the Court reasoned that Plaintiffs failed to raise a genuine issue of material fact as the Plaintiffs did not allege how the remote work had any effects on the breaches, nor did the Plaintiffs submit any competent evidence to indicate that the remoteness of the Engineering Defendants' work had any effect on the failures of the levees and/or flood walls.[17] As such, judgment was entered in favor of the Engineering Defendants.

---

[12] *Id.* at ¶ 5.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *See* Doc. 2148 at 14.
[17] *Id.*

**LAW AND ARGUMENT**

A.  **Summary Judgment Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.[18] The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.[19] A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.[20] A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.[21]

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.[22] [M]ere allegations or denials will not defeat a well-supported motion for summary judgment.[23] Rather, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[24] In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.[25] If the nonmovant fails to bear this burden, summary judgment must be granted.[26]

---

[18] 450 So. 2d 406, 409 (La. App. 3rd Cir. 1984), citing *Fruge v. Woodmen of the World Life Ins. Society,* 170 So. 2d 539, 544 (La. App. 3rd Cir. 1965).
[19] *See Topalian v. Ehrmann,* 954 F.2d 1125, 1132 (5th Cir. 1992).
[20] *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986).
[21] *See Id.*
[22] *See Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).
[23] Fed. R. Civ. P. 56(e).
[24] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995); *Wooley v. City of Baton Rouge*, 211 F.3d 913, 918 (5th Cir. 2000).
[25] *See Anderson*, 477 U.S. at 255.
[26] Fed. R. Civ. P. 56(e); *Alliance General Insurance Co. v. Louisiana Sheriff's Automobile Risk Program*, 52 F.3d 1320, 1328-1329 (5th Cir. 1995).

B.    **C.R. PITTMAN DID NOT CONSTRUCT PORTIONS OF THE 17<u>TH</u> STREET LEVEE AND/OR FLOOD WALL AS ALLEGED BY PLAINTIFFS**

Plaintiffs have incorrectly alleged that C.R. Pittman, along with Pittman Construction of Louisiana, Inc. and/or Pittman Construction Co., Inc., constructed portions of the 17th Street levee and/or flood wall, which included, but not limited to, the construction and placement of the concrete flood wall slabs atop the sheet piling.[27]  Plaintiffs further allege that the negligent design and/or construction of the levee and/or flood wall, including the concrete slab sections, allegedly caused and/or contributed to the breach in the levee and/or flood wall.[28]

Contrary to the allegations in the respective Complaints, C.R. Pittman did not construct the I-Wall on the 17th Street Canal.  This particular work was performed by Pittman Construction Company, an entity that is separate from C.R. Pittman and Pittman Construction Company of Louisiana.[29]  C.R. Pittman's work on this project involved the installation of floodgates at Sewerage and Water Board Pump Station No. 6 which involved work that was approximately 11,880 feet (2.25 miles) south of the east side break in the 17th Street Canal floodwall.[30] Therefore, Plaintiffs' claims concerning alleged negligence against C.R. Pittman for the alleged work performed at the 17th Street Canal are inaccurate as C.R. Pittman did not construct the I-Wall.[31]

---

[27] *See Bobby L. LeDuff, et al v. Boh Brothers Construction Company, LLC, et al*, ¶ 43 (Doc. 1227); and *Cathy Adams, et al v. Boh Bros. Construction Co., L.L.C., et al*, ¶ 30(A)(3) (Doc. 878).
[28] *Id.*
[29] *See* Exhibit A, ¶ 2 and 9.
[30] *Id*. at ¶ 3.
[31] In addition to the inaccuracy of Plaintiffs' claims, C.R. Pittman avers that its status as a contractor prevents a determination of liability for the alleged destruction, deterioration or defects in its work as set forth by La. Rev. Stat. 9:2771.  C.R. Pittman, at all relevant times, performed its scope of work as either a subcontractor and/or prime contractor for the United States Army Corps of Engineers ("U.S.A.C.E.").  Further, C.R. Pittman performed its scope of work in accordance with the plans and specifications, which were not made or caused to be made by C.R. Pittman, provided by the U.S.A.C.E.  As such, C.R. Pittman should not be liable for the alleged destruction, deterioration of or defects in its constructions due to C.R. Pittman's compliance with the requirements enumerated in La. Rev. stat. 9:2771.  C.R. Pittman reserves it right to later assert a defense pursuant to La. Rev. Stat. 9:2771.

C.  **PLAINTIFFS HAVE FAILED TO PRODUCE EVIDENTIARY SUPPORT FOR THEIR CLAIMS THAT C.R. PITTMAN'S NEGLIGENCE CONTRIBUTED TO THE FAILURES OF THE LEVEES AND/OR FLOOD WALLS**

Plaintiffs' claims and causes of action asserted against C.R. Pittman are just mere allegations and are not supported by competent evidentiary support, including, but not limited to expert reports, affidavits and the like to impose liability upon C.R. Pittman for the resulting levee breaches at the 17th Street Canal and the London Avenue Canal, respectively.  Throughout Plaintiffs' Complaints, allegations have been made against C.R. Pittman to suggest that the use of heavy vehicles and/or heavy construction equipment in the construction and placement of concrete slabs at the 17th Street Canal and in the construction of the Gentilly Boulevard Bridge over the London Avenue Canal damaged and/or contributed to the breach in the levee and/or flood wall at the respective sites.[32]  Moreover, Plaintiffs allege that C.R. Pittman failed to exercise professional and/or reasonable care and due diligence in the completion of these projects.[33]  Despite these allegations, Plaintiffs have collectively failed to provide any competent evidentiary support for their claims.

C.R. Pittman avers that the respective work performed at the 17th Street Canal and London Avenue Canal were "remote" in relation to the breach sites, as its scope of work was of considerable distance from these sites.  As for the Sewerage and Water Board Pump Station No. 6 project at the 17th Street Canal, C.R. Pittman's work was performed approximately 11,880 feet (2.25 miles) south of the east side levee breach site.[34]  In regards to the London Avenue Canal projects, C.R. Pittman's work at the Sewerage and Water Board Pump Station No. 4 was

---

[32] *See Bobby L. LeDuff, et al v. Boh Brothers Construction Company, LLC, et al*, ¶ 43 and ¶ 47 (Doc. 1227); *Cathy Adams, et al v. Boh Bros. Construction Co., L.L.C., et al*, ¶ 29 and ¶ 30(A)(3) and (B)(3) (Doc. 878); and *Pontchartrain Baptist Church, et al v. The Sewerage and Water Board of New Orleans, et al*, ¶ 32 (Doc.1525).
[33] *See Pontchartrain Baptist Church, et al. v. The Sewerage and Water Board of New Orleans, et al*, ¶ 27, 38 and 42 (Doc. 1525).
[34] *See* Exhibit A, ¶ 3.

7

performed approximately 1,584 feet (.30 of a mile) south of the west side levee breach and approximately 3,009.6 feet (.57 of a mile) north of the east side levee breach.[35] In regards to the Gentilly Boulevard Bridge project, C.R. Pittman's work was performed approximately 5,808 feet (1.10 miles) south of the east side levee breach.[36]

Plaintiffs have failed to provide any competent evidentiary support regarding their claims that the levees and/or flood walls failed due to C.R. Pittman's failure to exercise reasonable and/or professional care and due diligence in the completion of its projects, or that the levees and/or flood walls failed due to C.R. Pittman's alleged negligence and/or fault from the use of heavy machinery and/or equipment by C.R. Pittman and its alleged effects on the soils, etc. Also, C.R. Pittman is unaware of any expert who has suggested that the work performed at these remote distances from the breach sites would have caused or contributed to the levee failures.

This Honorable Court has previously considered the issue of remoteness when the Court, along with the respective Plaintiffs, acknowledged that the subject work performed by the Engineering Defendants was remote in relation to the location of the breach sites.[37] Likewise, C.R. Pittman's scope of work was performed on the same projects and the same locations in which the Engineering Defendants' work was performed. As with the Engineering Defendants, Plaintiffs have not submitted any affidavits or other competent evidence indicating how C.R. Pittman's work, at a significant distance away, had any effect on the resulting levee breaches.[38] Furthermore, as with the Engineering Defendants, Plaintiffs' allegations and speculation do not overcome the prima facie evidence submitted by C.R. Pittman wherein C.R. Pittman avers that

---

[35] *Id.* at ¶ 5.
[36] *Id.* at ¶ 4.
[37] *See* Doc. 2148 at 8-9.
[38] *Id.* at 14.

its work was more than 1500 feet away from the breach sites.[39] Considering that nearly eighteen (18) months have lapsed since the breaches occurred, Plaintiffs have been afforded ample time to produce competent evidence, such as expert testimony, affidavits and the like, to indicate that any work performed at these remote sites would have any bearing on the areas that failed. Moreover, following this Honorable Court's previous reasoning, considering the evidence submitted by C.R. Pittman and the amount of public information available to Plaintiffs regarding the projects in question, C.R. Pittman avers that, as the Court determined in the matter concerning the Engineering Defendants, discovery is not warranted.[40]

In *Greenhouse v. C.F. Kenner Associates Ltd. Partnership*,[41] the court addressed whether expert testimony was necessary to defeat a motion for summary judgment. In that case, plaintiff was injured when her vehicle was struck by a vehicle in a parking lot.[42] In addition to the driver of the vehicle, the architect/designer of the parking lot was named as a co-defendant.[43] The court held that summary judgment was warranted because plaintiff failed to prove that the design professional violated the applicable standard of care.[44] The court further determined that the affidavit submitted by plaintiff contending that the parking lot was not safe failed to "show affirmatively that the affiant is competent to testify to the matters stated therein", as plaintiff submitted an affidavit provided by a lay person who was not competent to testify as to the professional standard.[45] The Court specifically stated that expert testimony was required to

---

[39] *Id.*
[40] *Id.*
[41] 723 So.2d 1004 (La. App. 4 Cir. 11/10/98).
[42] *Id.* at 1006.
[43] *Id.*
[44] *Id.* at 1008, 1009.
[45] *Id.* at 1008.

establish the applicable standard of care and that Plaintiff's failure to do so would be a "fatal omission."[46]

As previously stated, Plaintiffs have merely alleged that C.R. Pittman failed to exercise professional and/or reasonable care and due diligence in the completion of these projects and that the use of heavy vehicles and/or equipment contributed to the breaches in the levees and/or flood walls.  While C.R. Pittman, a contractor, would not be held to a professional standard of care, the same argument applies.  The conclusion that work a significant distance away from the breach sites caused the failures is not something within the knowledge of a lay person.  Plaintiffs must offer some qualified expert testimony that C.R. Pittman's work contributed to the failures of the levees and/or flood walls.  Plaintiffs have been afforded ample time to produce competent evidence to support their claims against C.R. Pittman.  As in *Greenhouse*, Plaintiffs must demonstrate that C.R. Pittman breached their standard of care by means of expert testimony.[47]  Plaintiffs have failed to do so, thus, summary judgment is appropriate.[48]

## **CONCLUSION**

Plaintiffs cannot prove that C.R. Pittman's work, a significant distance from the breach sites, caused or contributed to the failures of the levees and/or flood walls.  This Court has already ruled that the Engineering Defendants' work at the same locations was too remote to be a cause in fact of the levee failures.  Therefore, as Plaintiffs have failed to raise a genuine issue of material fact and, in particular, have failed to offer any expert testimony that C.R. Pittman's

---

[46] *Id.* (*citing Carter v. Deitz*, 556 So.2d 842, 843 (La. App. 4 Cir. 1990)).
[47] *Id.*
[48] In addition to the issue of remoteness, C.R. Pittman has a basis for summary judgment based upon La. Rev. Stat. 9:2771 and the Government Contractor Defense and reserves its right to file additional motions for summary judgment, if necessary.  C.R. Pittman avers that it performed all its contracts as a subcontractor and/or prime contractor for the U.S.A.C.E.  Further, C.R. Pittman avers that as a government contractor, it is subject to immunity, as it performed its work pursuant to the plans and specifications of the U.S.A.C.E. and performed its scope of work under the direction, supervision and control of the U.S.A.C.E.  Further, C.R. Pittman avers that its work was subsequently accepted by the U.S.A.C.E.  *See* Affidavit of Charles R. Pittman, Exhibit A, ¶ 8.

work, a significant distance from the breach sites, caused or contributed to the failures, summary judgment should be rendered in favor of C.R. Pittman, as a matter of law, dismissing the claims against it, with prejudice, at Plaintiffs' cost.

    Respectfully submitted:

    s/   Gerald A. Melchiode
    Gerald A. Melchiode, T.A. #22525
    Email:  jmelchiode@gjtbs.com
    Larry G. Canada # 17894
    Email:  lcanada@gjtbs.com
    Jason J. Markey #29722
    Email:  jmarkey@gjtbs.com
    Galloway, Johnson, Tompkins, Burr & Smith
    One Shell Square
    701 Poydras Street, 40th Floor
    New Orleans, Louisiana  70139
    Telephone:  (504) 525-6802
    Facsimile:  (504) 525-2456
    **Counsel for C.R. Pittman Construction Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2007 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

    s/   Gerald A. Melchiode
    Gerald A. Melchiode, T.A. #22525
    Email:  jmelchiode@gjtbs.com
    Larry G. Canada # 17894
    Email:  lcanada@gjtbs.com
    Jason J. Markey #29722
    Email:  jmarkey@gjtbs.com
    Galloway, Johnson, Tompkins, Burr & Smith
    One Shell Square
    701 Poydras Street, 40th Floor
    New Orleans, Louisiana  70139
    Telephone:  (504) 525-6802
    Facsimile:  (504) 525-2456
    **Counsel for C.R. Pittman Construction Company, Inc.**