AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, personally came and appeared:

CHARLES R. PITTMAN

a person of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, who, after being duly sworn did depose and state:

1. He is a shareholder, officer and President of the Corporation, C.R. Pittman Construction Company, Inc., and as such is personally familiar with all of the projects undertaken, or performed by the Corporation over the period of existence of the Corporation;

2. The Corporation has no affiliation whatsoever with Pittman Construction Company, Inc., formerly owned by Albert Pittman, deceased, and members of his family.

3. The Corporation installed flood gates on Sewerage and Water Board ("Board") Pump Station No. 6 on the 17th Street Canal, approximately 11,880 feet (2.25 miles) south of the east side break in the 17th Street Canal flood wall. The flood gates had nothing whatsoever to do with the failure and were built to specification and accepted by the Board long before Hurricane Katrina. C.R. Pittman was a subcontractor to Pierce Foundations, Inc. who was the prime contractor for Contract No. DACW29-99-C-0018. This project was completed on April 7, 2004.

4. The Corporation replaced the Gentilly Boulevard Bridge over the London Avenue canal, approximately 5,808 feet (1.10 miles) south of the east side failure of the flood wall. The bridge had nothing whatsoever to do with the flood wall failure and was built to specification and accepted long before Hurricane Katrina. The Gentilly Boulevard Bridge is still in use today. C.R. Pittman was the prime contractor on Contract No. DACW29-99-C-005. This project was

EXHIBIT A

completed on August 23, 2002 and a corresponding Release of Claims was signed on December 19, 2001 by a representative of C.R. Pittman Construction Company, Inc.

5.  The Corporation installed flood gates at the Sewerage and Water Board Pump Station No. 4 on the London Avenue canal which is approximately 3,009.6 feet (.57 of a mile) north of the east side flood wall failure and approximately 1,584 feet (.30 of a mile) south of the west side failure of the flood wall. The flood gates had nothing to do with the flood wall failures and were built to specification and accepted by the Board long before Hurricane Katrina. C.R. Pittman Construction Company was the prime contractor for Contract No. DACW29-99-C-0012. This project was completed on January 27, 2004 and a corresponding Release of Claims was signed on April 29, 2005 by a representative of C.R. Pittman Construction Company, Inc.

6.  Flood gates are solely and only for the purpose of permitting the operators, if on duty, to prevent back flow into the canals through the pumps. None of the gates failed mechanically.

7.  The Corporation's projects performed on the 17th Street Canal and London Avenue Canal were performed under the direction, supervision and control of the United States Army Corps of Engineers ("U.S.A.C.E.") and performed according to the U.S.A.C.E.'s plans and specifications.

8.  The U.S.A.C.E. approved and accepted the Corporation's projects, as the Corporation performed the contracts according to the plans and specifications of the U.S.A.C.E., without deviation.

9.  The Corporation did not construct the I-Wall on the 17th Street Canal. This particular work was performed by Pittman Construction Company, an entity that is separate from C.R. Pittman Construction Company and Pittman Construction Company of Louisiana.

10. The Corporation was not required to perform any additional soil and/or structural evaluations and, therefore, the Corporation had no reason to question the integrity of the soil on the levees as not being suitable for its scope of work.

11. The Corporation utilized heavy equipment and/or machinery, i.e. cranes, in the performance and completion of these projects. The Corporation did not utilize waterborne equipment in the transportation of its equipment and/or machinery. This equipment and/or machinery was transported along roads, highways and the use of a temporary bridge constructed by the Corporation.

12. The heavy equipment and/or machinery remained in the vicinity of the Corporation's work and were not transported along the levee system.

13. The Corporation did not perform dredging activities in the performance and completion of its work.

14. All of the above statements are true based upon my personal knowledge, information and belief.

_____
CHARLES R. PITTMAN

SWORN TO AND SUBSCRIBED
BEFORE ME THIS __12__ DAY
OF __March__ 2007.

_____
NOTARY PUBLIC

Notary Printed Name: __Jason J. Markey__

Notary ID#: __82239__

My commission expires: __At Death__