**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: KATRINA CANAL BREACHES** | * | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | * | |
| | | **NO. 05-4182 "K" (2)** |
| _____ | * | |
| **PERTAINS TO LEVEE:** | * | **JUDGE DUVAL** |
| | | **MAG. WILKINSON** |
| | | **MAG. KNOWLES** |

| | |
|---|---|
| **NO. 06-5116 (SIMS)** | **NO. 06-5134 (CHRISTOPHE)** |
| **NO. 06-5118 (RICHARD)** | **NO. 06-5137 (WILLIAMS)** |
| **NO. 06-5142 (AUGUSTINE)** | **NO. 06-5127 (DEPASS)** |
| **NO. 06-5132 (FERDINAND)** | **NO. 06-5128 (ADAMS)** |
| **NO. 06-5131 (BOURGEOIS)** | **NO. 06-5140 (PORTER)** |

**MEMORANDUM IN OPPOSITION TO PORT OF NEW ORLEANS'
MOTION TO DISMISS UNDER 12(b)(6)**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs in *Leslie Sims, Jr., et al* (No. 06-5116), *Richard* et al (No. 06 5118), *DePass, IV et al*. (No.06-5127), *Adams et al*, Case No. 06-5128); *Bourgeois et al*, (Case No. 06-5134), *Ferdinand et al*, (No. 06-5132), *Christophe, et al ( No.* 06-5134), *Williams*, et al (No. 06-5137), *Porter et al (*No. 06-5140) and *Augustine et al* (No. 06-5142), home property and business owners and residents, collectively "Plaintiffs", to file this opposition to the Motion of the Port of New Orleans' Motion Dismiss the claims asserted against it. Your Plaintiffs suffered damages and losses from flooding proximately caused by the failures of the Intracoastal Waterway (ICWW)[1], Mississippi River

---

[1] E.g. Richard Complaint Allegation Para. 8

Gulf Outlet Canal (MRGO)[2], and Michoud Canal[3] levees and the Industrial Canal or Inner Harbor Navigational Canal[4],

The Mover Port is sued under Acts of Assurance given (i) April 15, 1957, "respecting to construction of the Mississippi River Gulf Outlet from a point south of the Intracoastal Waterway at Michoud to the Industrial Canal; (ii) February 3rd 1969, for the Mississippi River Gulf Outlet Michoud La. – Project Orleans Parish; (iii) date January 10, 1974, the Mississippi River Gulf Outlet Michoud Canal Project".  The Acts of Assurance were given in Plaintiffs' favor pursuant to Congressional mandate as a requirement of federal participation in the projects. Under the Acts, the Mover Port agreed to hold the United States harmless from "claims for damages", "due to the construction and subsequent maintenance of the Mississippi River Gulf Outlet, the Michoud Canal, the Intracoastal Waterway and the Industrial Canal Projects."

In the Acts of Assurance, the Mover Port agreed to comply "with all required conditions of local cooperation for the four projects:  (i)  the Mississippi River Gulf Outlet Michoud La. (MRGO) – Project Orleans Parish)",  (ii) the Intracoastal Waterway  from Michoud Canal to the Industrial Canal; (iii) the Michoud Canal; and, (iv)the Industrial Canal.

*The Port's Motion*

The Port moves to dismiss Plaintiffs' claims under FRCP 12(b)(6).  It claims that, "even if the hold harmless provisions encompass the claims . . . , those provisions do not provide the Plaintiff with a cause of action against the Port for the United States' operation of the MRGO. Rather these hold harmless provisions are at best nothing more than agreements by the Port to

---

[2] E.g. Richard Complaint Allegation Para.7

[3] E.g. Richard Complaint Allegation Para.10

[4] E.g. Richard Complaint Allegation Para.9

indemnify the United States government for amounts it may be cast in judgment. . . ." Brief p. 2, 3.  Alternatively, it submits the Plaintiffs have failed to "state a clause of action based on the construction and maintenance of MRGO . . . .  Particularly, Plaintiffs have failed to allege any fault …." Id. p. 3.

*Plaintiffs' Response;*

Plaintiffs have pled that Act of Assurance give rise to two independent State law rights of action against the Mover Port.  The Port is sued under the third party beneficiary doctrine, Louisiana Civil Code Article 1978, and it is sued under the Louisiana Direct Action Statute, La. R.S. 22:655.  Furthermore, Plaintiffs have a private right of action to recover losses under federal common law.  All three theories are properly pled and as pled sufficient to withstand the 12(b)(6) challenge of the Mover Port.  Finally, Plaintiffs have pled a claim in torts, citing the Port's *garde* over the Industrial Canal, and the failure to provide and maintain the bridges and approaches.

### Summary of the Argument

First, Plaintiffs' suits fall within the guidelines set by the Louisiana Supreme Court for determining when claimants should receive third party beneficiary status as interpreted in, and falls squarely within, the rule of *Cooper et al v. Louisiana Department of Public Works*, 870 So. 2d 315 (3rd 2004).  Plaintiffs pled the application of the state law third party beneficiary doctrine, and the allegations of the Complaint sufficient to weather a 12(b)(6) challenge.

Secondly, the Direct Action Statute provides an entirely independent right of action directly against the Port alone, and the Plaintiffs pled its application.  The rejection of the application of the Direct Action Statute in *Cooper v. LDOT* was premised on the definition of the insurer in 1972 as excluding the State.  The Port is not the State and the definition of insurer has been amended to broaden the definition and the reach of the Direct Action Statute.

Thirdly, *Cooper* v. *Bogolusa* did not settle for all time and all purposes that every such hold harmless agreement is as an indemnity contract, and no direct action lies against the promissor. In *Cooper,* the City of Bogalusa was "willing to pay whatever expenses or assessment the United States might incur in connection with the acquisition of the necessary right-of-way and such property damage as the owner might recover against the United States." Here the Port procured rights of way and agreed. Furthermore, the decision in *Cooper* v. *Bogalusa* rendered in 1940 must be revisited in light of the Supreme Court's subsequent decision in *Quinlan v. Liberty Bank and Trust Co.*, 575 So.2d 336 (La. 1990)*. First Nat. Bank of Louisville v. Lustig,* 975 F.2d 1165 C.A.5 (La.), 1992. Finally, the Court in *Cooper v. Bogalusa* erred in applying Louisiana law. Federal common law applies in defining the obligation owed by the Port as local authority under Congressionally mandated local cooperation agreement and under federal common law hold harmless provisions and indemnity provisions are distinctly different species of contact clauses. An agreement "to hold harmless from claims" requires no judgment against the wrongdoer in whose favor the hold harmless runs, whereas a judgment against the indemnified party is predicate to an action against the indemnifying party on an indemnity.

### Standard of Review

A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts that would entitle him to legal relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992). The Court must "treat all well-pleaded allegations in the complaint as true, and find dismissal proper only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of the claims that would entitle [them] to relief." *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir.2002). "When considering a 12(b)(1) motion, this Court may resolve

factual disputes.  *Moir*, 895 F.2d at 269.  "When considering a 12(b)(6) motion, however, the Court must accept as true the plaintiff's allegations." *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 451-452 (6th Cir.2003) *Spann v. Cobb County Pretrial Court Services Agency,* Slip Copy, 2006 WL 3307467 (C.A.11; 2006).  "We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Cf. *Educadores Puertorriquenos en Acion v. Hernandez*, 367 F.3d 61, 66. (1st Cir. 2004).

## Law & Argument

1.  Stipulation *pour autri*

The agreement between the Mover Port and the United Sates Army Corps of Engineers, the Port "created a stipulation *pour autri* in favor of the Plaintiffs who are the third party beneficiaries to the 'Act of Assurance.'" *Cooper et al v. Louisiana Department of Public Works,* at 330.  "A stipulation *pour autri* gives a third party the right to demand performance from the promissor, directly."  Id. 330.  "Our law favors stipulations made in favor of a third person." The claims against the Mover Port fall squarely within the holding of the court in *Cooper* et al v. *Louisiana Department of Public Works et al.*

In *Cooper* the landowners brought an action against Department of Transportation and Development (DOTD), seeking damages for the permanent flooding of portions of their land resulting from construction of locks and dams for the permanent flooding of portions of their lands which interfered with their servitudes of drainage, caused by construction of locks and

dams, qualified as continuing torts. Act of Assurances executed to facilitate construction of locks and dams by Army Corps of Engineers, under which Department of Transportation and Development (DOTD) agreed to furnish free of cost necessary land, easements and right-of-ways, and agreed to hold and save the United States free from damages due to the construction, were held to be a stipulation *pour autrui* in favor of landowners whose servitudes of drainage were interfered with in subsequent flooding, such that landowners could bring third party beneficiary action directly against DOTD.

> To paraphrase the opinion of the *Cooper* Court:
>
> When we apply the factors to the facts of this case, the legal relationship between the promisee (United States ) and the third person (Plaintiffs) involves an obligation (to reimburse the Plaintiffs for permanent flooding of the land caused by the maintenance of (the MRGO) owed by the promisee (United States) to the beneficiary (Plaintiffs), which the performance of the promise . . . for construction . . .  and subsequent maintenance, when and as required 'and to [h]old and save the United States free from damages due to construction and maintenance of the project)' by the promissory (Port).

In other words, the obligation of the United States imposed as a condition of the "Act of Assurance" and undertaken by the Port constitutes a stipulation *pour autri* in favor of the Plaintiff.

> In addition, the relationship between the United States and the Plaintiffs was sufficient to support the inference that there was a possibility that the United States could be liable to Plaintiffs some time in the future the support for the Port's promise would protect the United States. The possibility was realized once before when the Port was sued in *Graci v. United States,* 456 F2d (5 Cir.; 1971).

2.  Louisiana Direct Action Statute

> La. R.S. 22: 655 B, provides:
>
> (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or

the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.

(2) Hold harmless and Indemnity – Federal Common Law.

"Federal law controls the interpretation of the contract. See *United States v. County of Allegheny*, 322 U.S. 174, 183, 64 S. Ct. 908, 88 L. Ed. 1209 (1944); FN12, *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S. Ct. 573, 87 L. Ed. 838 (1943). This conclusion results from the fact that the contract was entered into pursuant to authority conferred by federal statute and, ultimately, by the Constitution. See *U. S .v. Seckinger,* 397 U.S. 203, 90 S.Ct.880 (U.S. Ga. 1970.

The allegations of the Complaints, (*i.e. Richard et al*. (06-5118)) are clear and unambiguous:

36.

Under the April 15, 1957 Act of Assurance the Port "has assured and does assure . . . . that it will participate . . . to the extent that it will hold and save the United States free from all claims for damages due to the construction, maintenance and operation of the project";

The Complaints further alleged:

75.

Contemporaneous with the filing of this Complaint, plaintiffs gave notice to defendants, Levee District and Port of their intention to accept the benefits of the Acts of Assurances and Agreements given pursuant to the various Public Laws in furtherance of the representation of local cooperation required by Federal Law.

A hold harmless from claims does not require that the indemnified party be cast in judgment or otherwise ordered to pay. Cf*. U.S. v. Schwartz*, 90 F.3d 1388 (C.A.8 (Minn.), 1996). In contrast where a "contract is strictly one of indemnity. . . the indemnitee cannot recover until he has actually made payment or otherwise suffered a loss or damage. . . " Indemnity, 42

*Corpus Juris Secund*um Sec. 23, p. 111.  *Taormina Bros., Inc. v. Compagnie Europeen D'ASSURANCES INDUSTRIELLES S.A.,*  Not Reported in F.Supp., 1994 WL 361414 (S.D.N.Y.,1994.)  *See Travelers Indemnity Co. v. Calvert Fire Ins. Co.,* 836 F.2d 850, 853 (5th Cir.1988); *Stuyvesant Ins. Co. v. Nardelli,* 286 F.2d 600, 602-03 (5th Cir.1961). Under an indemnity policy, the insurer is not required to indemnify any amount to the insured until the insured "proves payment in the amount of its recovery." *Stuyvesant Ins.,* 286 F.2d at 603

3.  Notice Pleading

A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. See *Williams v. Seniff,* 342 F.2d 774 (7th Cir. 2003).  Even if the asserted legal theory is not cognizable or the relief sought is unavailable, a claim generally will not be dismissed if there are other tenable legal claims evident on the fact of the complaint.  See *Carparts Distrib. Cir. V. Automotive Wholesaler's Ass'n. of New England, Inc.,* 37 F.3d 12, 17 (1st Cir. 1994) ("For purposes of Fed. R.Civ. P. 12(b)(6), the possibility of a claim is enough to defeat dismissal.").

## Conclusion

Accordingly, the Plaintiffs have pled both a state law claim as a third party beneficiary of the Act of Assurance and a Direct Action claim thereunder. The first is controlled by *Cooper et al v. LDTD et al.*  The second by R.S. 22:655, *Quinlan v. Liberty Bank and Trust Co.*, *supra*, and *First Nat. Bank of Louisville v. Lustig ,supra.*  Finally, Plaintiffs rest their opposition on the clear language of the Act Assurance.  It is not an indemnity from loss; it is a hold harmless from

claims.  It runs not in favor of the United States alone, it was put there for the benefit of third parties who suffered the loss.

March 14, 2007

                                                Respectfully submitted,

                                                /s/ William C. Gambel
                                                WILLIAM C. GAMBEL, Bar #5900
                                                MILLING BENSON WOODWARD L.L.P.
                                                909 Poydras Street, Suite 2300
                                                New Orleans, LA 70112
                                                Phone: (504) 569-7000
                                                Fax:    (504) 569-7001
                                                wgambel@millinglaw.com

Of Counsel:

JOHN J. CUMMINGS, III, Bar #4652
**CUMMINGS & CUMMINGS**
416 Gravier Street
New Orleans, LA 70130
Phone: (504) 586-0000
Fax:    (504) 522-8423
ccdlawfirm@aol.com

W359221

CERTIFICATE OF SERVICE

      I certify that on this 14th day of March, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana, and all counsel of record are being served this filing by either the Court's electronic filing system, e-mail, or by telefaxing and/or placing a copy of same in the United States mail, properly addressed with adequate postage affixed thereon.

                                  /s/ William C. Gambel

W359221