/2006  07:16     5042992300                   SHER GARNER                          PAGE 02/02

69 407 8797 ae 7/26

# PQO

## American Arbitration Association
## Hurricane Katrina/Rita Damage Claim Mediation Request

**Your Name (Homeowner): Please Print**

Last: FISCHMAN / Fischman    First: FAGEY / [illegible]    Middle Initial: L

**2. In which Parish did the damage claim occur?**
- [ ] Jefferson
- [ ] St. Tammany
- [ ] Plaquemines
- [ ] Tangipahoa
- [ ] Vermillion
- [ ] Washington
- [ ] Calcasieu
- [x] Orleans
- [ ] St. Bernard
- [ ] Cameron
- [ ] Other

**Current Address (where you can be reached or receive mail):**
3116 McClendon Court
Baton Rouge, LA 70810

Phone: (225) 246-8659
Email: jata74evr@aol.com

**3. Name of your Insurance Company:** State Farm
**Address:** PO Box 1542, Boutte, LA 70039
Phone: (800) 732-5246
Fax:
Email:
Contact Person:

**4. Claim Number:** 18-R241-116    **Policy Number:** 18-47-3615-7

**5. Date of notice of right to mediate:** 5/31/06

**6. BRIEF DESCRIPTION OF THE DISPUTE, including amount(s) disputed (Attach additional sheet if necessary):**
Please Note: To speed-up the process, please complete and return this form ONLY. Please bring any additional paperwork to the mediation conference.

Additional ALE owed; State Farm has not properly adjusted Coverages A, B + C under homeowner's policy

**SIGNATURE:** Hugey L. Fischman    **DATE:** 5/31/06

**IMPORTANT NOTICE**
You are entitled to mediation pursuant to TITLE 37, INSURANCE, LAC 37: PART XI, CHAPTER 41: EMERGENCY RULE 22, which sets forth a mediation procedure for a facilitated claims resolution conference prompted by the critical need for effective, fair, and timely handling of personal lines insurance claims arising out of damages to property caused by hurricanes Katrina and Rita during the 2005 hurricane season. The procedure does not apply to commercial insurance, private passenger motor vehicle insurance or National Flood Insurance Program flood policies. This procedure applies to claims where the amount of the claim is $500 or more, or the difference between the disputed amount of the claim is $500 or more. All costs are paid by the insurer.

Complete this form and return it to:
American Arbitration Association
Center for Mediation
1100 Poydras Street, Suite 2725
New Orleans, LA 70163
or
Fax to: 504-561-8041
If you have questions about your policy please contact your insurer. For more information visit www.adr.org or www.ldi.state.la.us.

State Farm Insurance Companies
JUN 19 2006

**EXHIBIT A**

18-R241-116 LT

0216

Claimant is represented by counsel: Debra J. Fischman
tel: 504-299-2109
504-

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAGEY LUPIN FISCHMAN<br>Plaintiff, | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 06-4952 |
| STATE FARM INSURANCE COMPANY<br>Defendant. | * * * | SECTION: I |
| | * | JUDGE: AFRICK |
| | * * | MAGISTRATE: SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION OF DEBRA J. FISCHMAN PURSUANT TO 28 U.S.C. § 1746

1. My name is Debra J. Fischman. I am over the age of 18, and am competent to testify to the facts set forth in this Declaration.

2. I am co-counsel with James M. Garner, for my mother, Fagey Lupin Fishcman ("Mrs. Fischman"), in her claims against State Farm for damage incurred to her home and its contents due to Hurricane Katrina.

3. I represented Mrs. Fischman and I was present at the mediation held on August 8, 2006.

4. At the commencement of the mediation, I stated that any claims relating to the 17th Street Canal levee breach and/or any claims for the London Avenue Canal levee breach were pretermitted until such time as the right to pursue such a claim was decided by the courts.

5. The only claims mediated by Mrs. Fischman were that for ALE under coverage "C" of her State Farm policy, and Coverages "A" and "B," but only to the extent there was wind driven damage to the residence and its contents. There was no settlement with respect to damages owed under Coverages "A" and "B" due to the levee breaches. *or State Farm's bad further adjusting said claim.*

6. I did not authorized State Farm to disclose the settlement agreement that was reached in relation to my Hurricane Katrina claims against State Farm.

-1-


EXHIBIT B

7.  I have conferred with my sister, Kathy Fischman, whom I also represent, and she did not authorize State Farm to disclose the settlement agreement that was reached in relation to her Hurricane Katrina claims against State Farm.

Under penalty of perjury, I declare that the above and foregoing statements are true and correct and within my personal knowledge.

Executed in New Orleans, Louisiana, on this 13th day of February, 2007.

_____
DEBRA J. FISCHMAN

# LOUISIANA HURRICANE MEDIATION PROGRAM
## *SETTLEMENT AGREEMENT*

Claim Number  18R241-116
AAA Case Number  69 40708797 06

It is hereby agreed by and between  Fagey Fischman , the homeowner presenting this claim and  State Farm , the homeowner's insurance company as follows:

1. State Farm , insurance company, shall pay to  Fagey Fischman , the homeowner, the sum of  ~~Six~~ 6216.12 DRMW dollars within  30  days.

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner <u>for the claim brought to the mediation</u>. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim.

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this  8th  day of  August , 2006.

_Fagey L. Fischman_
Homeowner

_[signature]_
Insurance Company

EXHIBIT C

192

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FAGEY LUPIN FISCHMAN**<br>　　　　**Plaintiff,** | * * * | CIVIL ACTION<br><br>NO. 06-4952 |
| **VERSUS** | * * | |
| **STATE FARM INSURANCE COMPANY**<br>　　　　**Defendant.** | * * * * * | SECTION:   I<br><br>JUDGE:     AFRICK<br><br>MAGISTRATE: SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF FAGEY LUPIN FISCHMAN PURSUANT TO 28 U.S.C. § 1746

1. My name is Fagey Lupin Fischman. I am over the age of 18, and am competent to testify to the facts set forth in this Declaration.

2. My home in New Orleans, Louisiana suffered significant damage due to the levee failures at the 17th Street Canal and/or London Avenue Canals following Hurricane Katrina.

3. The interior of my home had at least six feet of water following Hurricane Katrina.

4. The water that was in my home following Hurricane Katrina caused hundreds of thousands of dollars worth of damage.

5. I evacuated to Texas for approximately three weeks following Hurricane Katrina. Thereafter, I lived in Baton Rouge, Louisiana for approximately 12 months.

6. I decided to participate in the American Arbitration Association's Hurricane Katrina/Rita mediation program regarding my ALE claims against State Farm.

7. I attended a mediation on my claim of ALE (Coverage "C") on August 8, 2006, and Coverages "A" and "B," but only to the extent there was wind driven damage. I did not


EXHIBIT D

mediate or settle my claims for coverage due to the breaches of levees of the 17th Street Canal and/or London Avenue Canal.

8. I agreed to solely settle my ALE claims with State Farm for $6,216.17.

7. At the August 8, 2006 mediation I never discussed the settlement of any claims of bad faith or claims that State Farm was liable for damage to my home and its contents due to the 17th Street Canal and/or London Avenue Canal levee failures.

8. It was not my intent to settle all of my claims with State Farm at the August 8, 2006 mediation.

Under penalty of perjury, I declare that the above and foregoing statements are true and correct and within my personal knowledge.

Executed in New Orleans, Louisiana, on this ____ day of February, 2007.

*[signature]*
FAGEY LUPIN FISCHMAN

# LOUISIANA HURRICANE MEDIATION PROGRAM
## PARTIAL SETTLEMENT AGREEMENT

Claim Number 18-R239-774
AAA Case Number 69-407-6761-06

It is hereby agreed by and between __Debra Fischman__, the homeowner presenting this claim and __State Farm__, the homeowner's insurance company as follows:

1. __State Farm__, insurance company, shall pay to __Debra Fischman__, the homeowner, the sum of ~~Two hundred~~ __Loss of Use - Coverage C__ dollars within __-0-__ days. [$2108.38]

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that (1) the structure and contents claims are specifically reserved and (2) if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. State Farm shall re-inspect the property as to the structure and contents claims within 30 days of June 2006.

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract [as to the Loss of Use Coverage C claim], with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this __6th__ day of __June__, 2006.

_____    _____
Homeowner                                              Insurance Company

_____
Attorney

**EXHIBIT E**

0452

# LOUISIANA HURRICANE MEDIATION PROGRAM
## *SETTLEMENT AGREEMENT*

Claim Number 18R241301
AAA Case Number 69407892606

It is hereby agreed by and between Kathy Fischman, the homeowner presenting this claim and State Farm, the homeowner's insurance company as follows:

1. State Farm, insurance company, shall pay to Kathy Fischman, the homeowner, the sum of $25,500.50 dollars within 0 days.

2. This settlement amount is full, complete, and a total final payment by the insurance company to the homeowner for the claim brought to the mediation. Both parties release any and all claims of any kind whatsoever against one another, except that if the homeowner discovers additional insured damage that was not known to the parties prior to this mediation, the insured may file a supplemental claim which shall be treated as a new claim. → under coverages A + C, with a full reservation of all claims under coverage B context AKG

3. This settlement agreement has been entered into as part of the Louisiana Hurricane Mediation Program, Emergency Rule 22. Said agreement was signed pursuant to the mediation and was executed voluntarily by each. Each party represents that they have full authority to enter into this agreement and are the appropriate parties to sign this agreement. Both parties further acknowledge that they had or have had the opportunity to seek independent counsel and are signing this agreement with such knowledge.

Lastly, both parties recognize that this is a final and enforceable contract, with the exception being that the homeowner, if not represented by counsel at this mediation, shall have three (3) working days within which to rescind this agreement, unless the homeowner has already cashed the check provided herein by the insurance company.

Dated this 25th day of July, 2006.

_____   _____
Homeowner                        Insurance Company

**EXHIBIT F**

0090