UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br><br>NO. 05-4182 "K"(2)<br>JUDGE DUVAL<br>MAG WILKINSON |
| PERTAINS TO:  ALL LEVEE | |

**CONSENT MOTION TO AMEND CASE MANAGEMENT ORDER NO. 4**

NOW INTO COURT, through undersigned counsel, come defendants James Construction Group, LLC ("James Construction"), Gulf Group, Inc. of Florida ("Gulf Group"), and CR Pittman Construction Co., Inc. ("CR Pittman") (collectively "Defendants") who, without making a general appearance or an appearance in cases in which they have not been served and with full reservation of all rights without waiver, respectfully request that the Court amend its Case Management and Scheduling Order No. 4 (R. Doc. 3299) for the following reasons:

1. Despite the obvious considerable effort expended by the Court in crafting CMO No. 4, the case management order contains certain inaccuracies and errors that affect James Construction, Gulf Group and CR Pittman.

2. The principal error affecting James Construction, Gulf Group and CR Pittman is the identification of Washington Group International, Inc. as the only "Remaining Contractor

Party" in the consolidated cases.  CMO No. 4 at 25.  In actuality, movants remain named defendants in several actions as more fully detailed below.

3. In the case of James Construction, CMO No. 4 contains the following errors or inaccuracies:

(a) The CMO characterizes James Construction as a "Non-Party Contractor" in the apparent misapprehension that James Construction was one of the contractor defendants dismissed by the Court's Judgment of December 8, 2006 (entered December 11, 2006), R. Doc. 2145.  CMO No. 4 at 24.  That Judgment, however, was entered only in favor of B&K Construction Co., Inc. and Boh Bros. Construction Company, LLC relative to those defendants' motions for summary judgment asserting peremption of plaintiffs' claims (R. Docs. 560 and 624, respectively).

(b) Because of the time period during which it performed its work for the Army Corps of Engineers, James Construction did not have a peremption defense to present to the Court in an FRCP 12(b) motion.  James Construction believes that it has a meritorious government contractor defense susceptible of being presented by motion for summary judgment because James Construction had a direct contract with the Corps and performed work pursuant to plans and specifications furnished by the Corps.  By characterizing James Construction as a "Non-Party Contractor," the CMO would appear to require James Construction to file this summary judgment by March 14, 2007.  CMO No. 4 at 24, § (f)(1)(a).  James Construction understands, however, that the March 14 deadline was intended for follow-up peremption motions. Application of that deadline to James Construction would seem inadvertent and inappropriate.

(c) James Construction is a "live" defendant in the following matters:

    05-06073    Kirsch[1]
    06-02278    Christenberry
    06-04065    Adams, C.
    06-05032    Joseph
    06-05260    Leduff
    06-05308    Gisevius
    06-05785    Cochran
    06-05937    Yacob
    06-06642    Pontchartrain Baptist Church

and thus should be characterized as a "Remaining Contractor Party," but is not.[2]

---

[1] In *Kirsch*, the plaintiffs voluntarily dismissed James Construction (R. Doc. 608), but then renamed James Construction as a defendant in their subsequently filed second amended class action complaint (R. Doc. 556).

4. In the case of CR Pittman, CMO No. 4 contains the following errors or inaccuracies:

   (a) While CR Pittman is not identified as a "Non-Party Contractor," the failure of the CMO to name it as a "Remaining Contractor Party" arguably makes CR Pittman subject to a deadline of March 14, 2007, for bringing summary judgment on bases other than peremption, including its contemplated motions based on remoteness, contractor immunity under La. Rev. Stat. 9:2771, and "government contractor immunity." CMO No. 4 at 24, § (f)(1)(a). Again, the application of the March 14 deadline to CR Pittman's dispositive motions would seem inadvertent and inappropriate.

   (b) CR Pittman is a "live" defendant in the following matters:

   | | |
   |---|---|
   | 06-04065 | Adams, C. |
   | 06-05260 | LeDuff |
   | 06-05367 | Breithoff   (Voluntary Dismissal Motion pending) |
   | 06-06642 | Pontchartrain Baptist Church |

   and thus should be characterized as a "Remaining Contractor Party," but is not.[3]

5. In the case of Gulf Group, CMO No. 4 contains the following errors or inaccuracies:

   (a) While Gulf Group is not identified as a "Non-Party Contractor," the failure of the CMO to name it as a "Remaining Contractor Party" arguably makes Gulf Group subject to a deadline of March 14, 2007, for bringing summary judgment on bases other than peremption, including its contemplated motion based on "government contractor immunity." CMO No. 4 at 24, § (f)(1)(a). Again, the application of the March 14 deadline to Gulf Group's dispositive motions would seem inadvertent and inappropriate.

   (b) Gulf Group believes it has been served with only three suits:

---

[2] James Construction believes that the confusion over its status results from (a) James Construction not being named as a defendant in all of the design/construction cases under the Levee sub-umbrella; and, (b) James Construction being voluntarily dismissed from some, but not all, of the Levee cases. A review of the docket indicates that James Construction has been named a defendant in a total of eighteen (18) Eastern District cases, and remains a defendant in nine (9) of those cases as set forth above. In addition, James Construction is a named defendant in a suit pending in the Middle District of Louisiana, *Carney v. Boh Brothers Construction Company*, Docket No. 3:06-cv-00629-RET-CN, which action arises out of the failure of the New Orleans area hurricane protection system and likely will be transferred to this Court for consolidation under the Katrina umbrella.

[3] CR Pittman has been named a defendant in a total of twenty-one (21) Eastern District cases.

        06-2545       Marcello
        06-5785       Cochran
        06-06642     Pontchartrain Baptist Church

(c) Gulf Group personally is unaware of other suits that have not been served. However, a review of cases on PACER indicates Gulf Group may be a "live" defendant in the following matters:

        06-2278       Christenberry
        06-225        Bradley
        06-4065       Adams, C.
        06-5367       Breithoff
        06-5308       Gisevius
        06-5032       Joseph
        06-5163       Gordon
        06-5260       Leduff
        06-5937       Yacob
        06-6473       Deane
        07-1113       Douville

(d) Gulf Group should be characterized as a "Remaining Contractor Party," but is not.

6. CMO No. 4 sets March 15, 2007, as the deadline for the plaintiffs to file a Master Complaint. According to the CMO, that complaint is to "supersede and replace all previously filed class action complaints." CMO No. 4 at 13. James Construction, Gulf Group and CR Pittman respectfully submit that the interests of justice and judicial economy would be better served by setting a deadline for the filing of dispositive motions by these defendants that is after the Master Complaint deadline. It can reasonably be anticipated that the Master Complaint will either (a) voluntarily omit James Construction, Gulf Group and CR Pittman (they have been voluntarily dismissed from some cases); (b) assert similar, if not identical, allegations to those presented in the existing complaints; or, (c) assert new allegations. If the Defendants' deadline for filing of motions for summary judgment is after the Master Complaint deadline, the Defendants may be able to file a single motion that addresses plaintiffs' superseding allegations, rather than multiple motions addressing different complaints.

7. Additionally, under the current CMO No. 4, Gulf Group would be compelled to file motions in cases for which its response time has not yet expired, and even in cases in which it has never been served. The interests of justices and judicial economy mitigate in favor of a deadline for dispositive motions that is after service of all known complaints (some of which are individual actions), and certainly after the class action Master Complaint deadline.

8. Accordingly, James Construction, Gulf Group and CR Pittman respectfully submit that it would be appropriate to amend CMO No. 4 in the following respects:

(a) By deleting the identification of James Construction as a "Non-Party Contractor;"

(b) By including James Construction, Gulf Group and CR Pittman in the identification of "Remaining Contractor Party;" and,

(c) By clarifying the deadlines and procedures applicable to dispositive motions by James Construction, Gulf Group and CR Pittman.

A "redlined" version of pages 24 and 25 of CMO No. 4, reflecting the proposed amendments, is attached hereto as Exhibit "A."

9. The proposed amendments to the CMO are not extensive and will not affect any other deadline or the progress of the case.

10. The proposed amendments have been discussed with Liaison Counsel for the plaintiffs, defendants, and the Contractors Litigation Committee, who have voiced no objections.

11. For the foregoing reasons, James Construction Group, LLC, Gulf Group, Inc. of Florida, and CR Pittman Construction Co., Inc. respectfully request that the Court enter an Order allowing the proposed amendments to the CMO, set forth specifically in Exhibit "A" hereto.

Respectfully submitted,

    /s Emily E. Eagan
RICHARD J. TYLER, T.A. (#1155)
EMILY E. EAGAN (#29166)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
(504) 582-8266
Fax: (504) 589-8266
Attorneys for James Construction Group, LLC


    /s Gerald A. Melchiode
GERALD A. MELCHIODE (#22525)
JASON J. MARKEY (#29722)
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras St., Suite 4040
New Orleans, LA 70139
(504) 525-6802
Attorneys for CR Pittman Construction Co., Inc.


    /s  Stephen H. Kupperman
STEPHEN H. KUPPERMAN (#7890)
KRISTIN L. BECKMAN (#29758)
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras St., Suite 1800
New Orleans, LA 70112
(504) 589-9700
Attorneys for Gulf Group, Inc. of Florida


**Approved as to form:**


    s/  Joseph M. Bruno
PLAINTIFFS' LIAISON COUNSEL
Joseph M. Bruno  (#3604)
Bruno & Bruno, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

    s/ Ralph S. Hubbard, III
DEFENDANTS' LIAISON COUNSEL
Ralph S. Hubbard, III (# 7040)
Seth Schmeeckle (#27076)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana  70130
Tel:  (504) 568-1990 Ext. 119
Fax:  (504) 310-9195


    s/ William D. Treeby
CONTRACTORS LITIGATION COMMITTEE
William D. Treeby (#12901)
Heather S. Lonian (#29956)
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA 70130
Direct Dial (504) 593-0807
Direct Fax (504) 596-0807

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, ECF, e-mail, hand delivery, or facsimile this 14th day of March, 2007.

    /s Emily E. Eagan