UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE KATRINA CANAL BREACHES                                    CIVIL ACTION
CONSOLIDATED LITIGATION

                                                                NO. 05-4182

PERTAINS TO: Levee, MRGO, and Insurance                         SECTION "K"(2)
*Publish to Web*

## ORDER AND REASONS

Before the Court is Insurer Defendants' Motion to Enforce Stay Order Issued by Fifth Circuit on February 28, 2007.  The Court held oral argument this day and has reviewed the pleadings filed with the Fifth Circuit concerning the Stay and issued oral reasons at the conclusion of the hearing.  Nonetheless, for the sake of clarity, this Order is being entered.

As was made clear at the hearing, the Court notes that this consolidated litigation is a creation of convenience–that is, the en banc court for United States District Court for the Eastern District of Louisiana decided to attempt to manage this litigation– all of which arises out of damages allegedly caused by the various breaches to the levees caused by Hurricane Katrina–to meet two specific goals, both of which are of paramount importance to any court: judicial economy and timely justice.  The Court believes that to the degree that discovery can be coordinated among the myriad claims that are lodged under this umbrella, such coordination[1] is an important goal.  However, equally important is the need to begin substantive discovery and prepare these cases to go to trial in as swift a manner as is possible.  There are thousands, if not hundreds of thousands of litigants who have no claims against any insurer who are entitled to trial in a timely fashion.  This fact greatly outweighs any inconvenience that is caused to the Insurance Defendants considering that but for the United States District Court's decision to try

---

[1] As the Court noted in Court, there are parallel proceedings on-going in state courts for the parishes harmed by Hurricane Katrina; obviously, this Court has no control over those actions.  Nonetheless, the Court has met with and is in communication with these various courts in order to bring some order out of this litigation chaos.  Clearly, staying all of deposition discovery in all of the matters under this umbrella would have no effect on those parallel proceedings.

and coordinate such discovery, they would be subjected to thousands of individual suits and class actions all operating on different schedules, in different sections of the court, and not subject to this particular Court's oversight.  Moreover, if the Court determines that all or some part of this "umbrella" is not operating efficiently, it will sever any category of cases necessary to achieve maximum efficiency.

To that end, the Court specifically carved out of its Case Management Order No. 4 *Robinson, et al. v. United States, et al.,* C.A. No. 06-2286, which is **not** a class action, involves 6 plaintiffs and is brought solely against United States defendants for the damages these persons suffered as a result of the MRGO.  The Court has set a September 8, 2008 trial date in that case which is three years after tragedy of Katrina occurred. This case has absolutely no relationship to insurance coverage.

Likewise, those cases designated as "MRGO" or "Levee" cases do not involve insurance coverage questions.  These suits are brought only against the persons plaintiffs contend are directly responsible for damage caused by the levee breaches.  In addition, there are innumerable individual insurance claims that are likewise lodged under this umbrella and are categorized as "Insurance" claims under the umbrella.  The Court entered Case Management Order No. 4 in an attempt to put all of these cases, as well as the class actions contained in the Insurance umbrella–the *Chehardy* claims as they are known–in a posture for either settlement or trial.  To that end, the Court carefully and with the input of all the parties crafted an extremely detailed plan which would have, in essence, prepared the Levee, MRGO and Insurance cases to be in a posture for trial in March of 2009–3 years and 7 months after the horror of Katrina.

As a result of this Court's certification of the insurance coverage issue to the United States Court for the Fifth Circuit, the Insurer Defendants filed an appeal which has been accepted by the Fifth Circuit and indeed a motion for expedited hearing has been granted by that court with argument to be held during the week of June 4, 2007.  The Insurer Defendants also filed for

a stay of these proceedings during the pendency of that appeal with the Fifth Circuit which was granted on February 28, 2007 and is the subject of the instant motion.

The hearing today was to discuss the breadth of that Stay and what effect it should have on all of the other litigation, since the Fifth Circuit's jurisdiction covers only *Chehardy*, C.A. Nos. 06-1672, 06-1673, and 06-1674, *Vanderbrook*, No. 05-6323 and *Xavier University*, C.A. 06-516. *Chehardy* is a class action, and the Court had limited the motion to practice to these "test" cases under the Insurance category. The parties agree that the Fifth Circuit Stay Order clearly mandates a complete stay of two of the cases–*Chehardy* and *Vanderbrook*, and a limited stay as to *Xavier*–that is *Xavier* is only stayed with respect to the cause of the levee breaches. Nonetheless, in enforcing the spirit of the stay,

**IT IS ORDERED** that:

1. With respect to **all Insurance Cases,** all discovery and application of deadlines established in the CMO No. 4 are **STAYED** with respect to all common liability issues–that is causation of the levee breaches–and class action certification**.**

    With respect to the Master Insurance Class Action Complaint which had been ordered to be filed under the CMO No. 4 this day, that matter is **STAYED** and no responsive pleadings shall be filed therein pending a resolution of the pending appeal in *Chehardy, Vanderbrook and Xavier* or until such time this Court determines otherwise.

2. Discovery and the application of deadlines established in the CMO No. 4 for the individual insurance claims are **NOT STAYED** except with respect to common liability issues as noted above.

3. As to the MRGO, Levee and the *Robinson* case, these matters are **NOT STAYED** in any respect as to any matter contained therein.

4.  Should any further clarification be required, the parties may file whatever motions they find necessary.

**IT IS FURTHER ORDERED** that State Farm Insurance Company shall file a memorandum no later than **March 21, 2008** concerning its position with respect to the Stay ordered by the Fifth Circuit as it relates to the severing of the claims against it in the class action insurance cases.

New Orleans, Louisiana, this 16th day of March, 2007.

　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**