UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMUEL PALUMBO, JR. | * | CIVIL ACTION |
| VERSUS | * | NO.  06-7922 |
| STATE FARM FIRE AND CASUALTY COMPANY and ELAINE BISTAD | * | SECTION "B" |
| * * * * * * * * | * | MAGISTRATE 2 |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, SAMUEL PALUMBO, who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action for breach of contract, negligence and/or breach of a fiduciary duty, committed by both the defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "STATE FARM"), and plaintiff's insurance agent, ELAINE BILSTAD (hereinafter "BILSTAD").

In his petition filed in the Civil District Court for the Parish of Orleans, plaintiff alleges various theories of recovery against the defendant, STATE FARM, for damages done to his home as a result of events both related and unrelated to Hurricane Katrina. These are strictly homeowner's insurance claims against the defendant, STATE FARM.

Plaintiff has not asserted claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

In addition to the above, the plaintiff alleges that the defendant, STATE FARM, and its agent, BILSTAD, were guilty of negligent and/or breach of fiduciary duty, as a result of the procurement of flood insurance for plaintiff by the defendants, particularly with regard to gaps or differentials in such coverage limits as compared to plaintiff's homeowner coverage limits.

As a result of the damage to his home, plaintiff was paid one hundred (100%) percent of his flood dwelling and content limits, and there is no dispute with either or both of the defendants regarding the handling of plaintiff's flood insurance claim.

Plaintiff filed his petition on August 28, 2006 and on October 12, 2006, the defendant, STATE FARM, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

**(A)   Removal.**

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th

Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "...if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"...[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

(B) **Removal is improper under federal question jurisdiction pursuant to the National Flood Insurance Program, 42 U.S.C. Section 4072 as well as improper pursuant to federal question jurisdiction, 28 U.S.C. Section 1331.**

Contrary to the defendant's assertions, there is nothing in plaintiff's petition which raises a federal question nor is there any claim stated in the petition for recovery of

flood insurance money. As said at the opening, plaintiff has been paid the full dollar limit of the flood dwelling and flood content coverages which were in place as of August 29, 2005.

The claims addressed by plaintiff in his petition are fairly simple to understand. Plaintiff is seeking recovery of homeowner policy limits for dwelling and content as a result of the damage done to his home by events both related and unrelated to Hurricane Katrina. These include wind damage issues, value policy law issues, and questions related to the issue of what was the dominant and efficient cause of plaintiffs' loss.

Additionally, plaintiff alleges errors and omissions and/or breach of fiduciary duty by STATE FARM, not as a result of its administration of plaintiff's flood claims but, rather, as a result of its handling of the procurement of plaintiff's flood insurance policy.

With regard to the latter issue, the Courts have repeatedly held that the National Flood Insurance Act does not preempt state law claims involving negligent policy procurement, so as to give rise to the federal question jurisdiction. Landry v. State Farm Fire and Casualty Company, 206 WL 1159391(E.D. La. 2006).

A clear distinction is made between lawsuits over flood insurance claims handling and flood insurance policy procurement. Plaintiff does not assert that the defendants mishandled his claim or refused to pay his claim or that he was even dissatisfied with the reimbursement of his claim or any part thereof. Simply stated, lawsuits regarding policy procurement of flood insurance policies, do not give rise to federal jurisdiction. Waltrip v. Brooks Agency, Inc., 417 F.Supp. 768 (E.D. Va. 2006); Roybal v. Lalamos National Bank, 375 F.Supp. 1234 (D.N.M. 2005); Corliss v. South Carolina Insurance Company,

2004 WL 2988497 (E.D. La. 2004); Moore v. USAA General Indemnity Company, 2002 WL 31886719 (E.D. La. 2002).

### (C)   Removal is improper pursuant to 28 U.S.C. Section 1442.

Under no circumstance has plaintiff made any allegation which would even suggest that the defendant, STATE FARM, "...acted pursuant to a federal officer's direction and a causal nexus exists between the defendant's actions under color of federal office and the plaintiffs' claim..." Once again, plaintiff's claims against the defendant relate to its negligence and/or breach of fiduciary duty regarding the procurement of plaintiff's flood insurance policy. Plaintiff makes no allegation whatsoever that the defendant was acting as a federal officer at the time of its breach.

### (D)   Removal is improper pursuant to 28 U.S.C. Section 1332.

The defendant, STATE FARM, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision of 28 U.S.C. Section 1332. In so doing, STATE FARM argues that the plaintiff's insurance agents have been fraudulently joined in an attempt to defeat diversity jurisdiction.

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff, against an in state defendant which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in state defendant. Richmond v. Chubb Group of Insurance Companies, 2006 WL 2710566 (E.D. La. 2006).

In determining whether a plaintiff has some reasonable basis of recovery under state law, a court may resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint

states a claim under state law against the in state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. Richmond v. Chubb Group of Insurance Companies, *supra*.

The "...burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B. Inc. v. Miller Brewing Company, 663 F.2nd 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "...the district court must evaluate all of the factual allegations in the light most favorable to plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Burden v. General Dynamics Corporation, 60 F.3rd 213 (216) (5th Cir. 1995). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. Id.

In this matter, plaintiffs allege that the defendants, STATE FARM and BILSTAD, who is domiciled in the Parish of Jefferson, and State of Louisiana, were liable, for the following errors and omissions and breach of fiduciary duty (See Paragraph XXI - XXIV of plaintiff's original state court Petition):

(A)  Failing to advise the plaintiff of gaps between his homeowners and flood insurance policy limits and failing to take steps to close those gaps;

(B)  Increasing homeowner/fire/liability limits without implementing corresponding increases in flood insurance limits and failing to warn plaintiff that it was not increasing flood limits;

(C)  Failing to apprise the plaintiff of the existence of other insurance products, specifically excess flood insurance coverage, which would have allowed plaintiff to have properly insured his dwelling and content;

- (D) Deviating from industry standards by failing to "match" plaintiff's flood content coverage to plaintiff's flood dwelling coverage; and

- (E) Failing to advise the plaintiff that homeowners/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in damage to plaintiff's property;

As stated above, to determine if joinder is improper, the Court must decide whether plaintiff has a reasonable basis of recovery under state law. Clearly, plaintiff's allegations state causes of action under Louisiana law for errors and omissions and breach of duty and, therefore, the defendants have not proved improper joinder.

**(D)  Removal is improper under 28 U.S.C. Section 1369(a) and/or 28 U.S.C. Section 1441(e)(1)(B).**

The defendants, STATE FARM and BILSTAD, assert that jurisdiction exists in the instant matter under the original jurisdiction provision at 28 U.S.C. 1369, the Multiparty Multiforum Trial Jurisdiction Act (MMTJA).

Alternatively, the defendants argue that 28 U.S.C. Section 1441(e)(1)(B) allows a type of "piggyback" removal of a state court claim to the federal district court, where a Section 1369 case is pending, even if the state court claim could not itself have been removed under Section 1369. Each of the defendants' arguments are erroneous.

28 U.S.C. Section 1369(a) states:

> **"The district court shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least seventy-five natural persons had died in the accident at a discrete location, if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether the defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different states, regardless of**

**whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States."**

"Minimal diversity" is present under Section 1369, if any plaintiff and any defendant are diverse. 28 U.S.C. Section 1369(c)(1). An "accident" under Section 1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discreet location by at least seventy-five natural persons." 28 U.S.C. Section 1369(c)(4).

However, 28 U.S.C. Section 1369(b) requires a federal court to abstain from exercising its Section 1369(a) jurisdiction if (1) a substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State.

It is obvious that the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs nor many defendants. See Chehardy v. Wooley, Nos. 06-1672, 06-1673 and 06-1674(E.D. La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406(E.D. La. 2006).

The instant matter involves plaintiff and defendants involved in a dispute over homeowner's insurance coverage and whether the insurance company and agent were negligent in the handling of plaintiffs' insurance affairs.

Additionally, Hurricane Katrina has not been found to be an "accident" under Section 1369. In Flint v. Louisiana Farm Bureau Mutual Insurance Company, 2006 WL 2375593 (E.D. La. 2006), the Court disagreed with the insurance company's contention that the Court in Chehardy found that Hurricane Katrina satisfied the definition of an accident under Section 1369. Further, the Court in Flint stated that the Court of Appeals

never reached the conclusion that hurricane met the definition of a Section 1369 accident in <u>Wallace v. Louisiana Citizens Property Insurance Company</u>, 444 F.3rd 697 (5th Cir. 2006). The Court in <u>Flint</u> declined to interpret the statutory definition of an accident so broadly as to classify Hurricane Katrina as an accident. This very same conclusion has been reached on many occasions in the Eastern District in removal cases. See e.g. <u>Southern Athletic Club v. Hanover Insurance Company</u>, *supra.*, <u>Southall v. St. Paul Travelers Insurance Company</u>, 2006 WL 2385365 (E.D. La.).

Alternatively, the defendant contends that there is "piggyback" jurisdiction under the MMTJA and 28 U.S.C. Section 1441(e)(1)(B) because STATE FARM is a defendant in an action pending in this Court which allegedly involves similar issues and over which the Court has jurisdiction under Section 1369(a).

Again, however, the instant matter is a simple homeowner's insurance claim coupled with an errors and omissions claim, and has nothing whatsoever to do with any other matter pending before this or any other court in the Eastern District of Louisiana. To that end, the very same argument the defendant makes in this case has been repeatedly rejected by other sections of this Court. <u>Southern Athletic Club v. Hanover Insurance Company</u>, *supra.*; <u>Southall v. St. Paul Travelers Insurance Company</u>, *supra.*; <u>Flint v. Louisiana Farm Bureau Insurance Company</u>, *supra.*

There is absolutely no indication that the adjudication of the present suit in a state court form would lead to inconsistent awards with suits in other forms. "…the narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." <u>Willhoft v. Kert Leblanc Insurance Agency</u>, No.

2:06-cv-1235 (E.D. La. July 3, 2006) (order granting remand). The identical reasoning applies to this case.

### III. CONCLUSION

For the above and foregoing reasons, plaintiff respectfully prays that plaintiff's Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

### CERTIFICATE OF SERVICE

I hereby certify that I have on this ___19___ day of ___Oct___, 20_06_, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____