# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | *<br>*<br>* | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| | * | |
| PERTAINS TO LEVEE: | *<br>* | JUDGE DUVAL |
| BOURGEOIS, NO. 06-5131<br>FERDINAND, NO. 06-5132 | *<br>* | MAG. WILKINSON |

**CSX TRANSPORTATION, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR DISMISSAL UNDER RULE 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT UNDER RULE 56**

Plaintiffs oppose the motions to dismiss or for summary judgment filed by CSX Transportation, Inc. ("CSXT") by *not opposing* – indeed not even addressing -- CSXT's core contention that it owes no legal duty to plaintiffs of the sort necessary to sustain their sole claim against CSXT.  For this reason alone, with plaintiffs having taken more time than the Court permitted for a response,[1] dismissal is now in order.

---

[1]   Plaintiffs' Memorandum in Opposition and in Support of Alternative Motion for FRCP 56(f) Relief (Mar. 12, 2007) (Dkt. No. 3383) (together "Opposition") responds to CSXT's Motions for Dismissal under 12(b)(6), or in the Alternative, Motion for Summary Judgment under Rule 56 ("Motion to Dismiss") (Nov. 20, 2006) filed in both *Bourgeois* (No. 06-5131, Dkt. No. 1697) and *Ferdinand* (No. 06-5132, Dkt. No. 1698).  CSXT filed its Motions to Dismiss on November

(continued...)

To the extent it does respond, plaintiffs' opposition (1) contests CSXT's preemption argument, and (2) seeks to delay a ruling on CSXT's motion based on the alleged need for discovery. Yet plaintiffs' preemption analysis mistakes removal analysis for substantive preemption analysis, and is otherwise erroneous on all scores. And plaintiffs' plea for discovery fails the requirements of Rule 56(f) of the Federal Rules.

## I.   CSXT Has No Legal Duty – A Point Plaintiffs Do Not Contest

Plaintiffs posit that CSXT's 12(b)(6) argument "rests entirely on its contention that Plaintiffs' claims are preempted by the Federal Railroad Safety Act and The Interstate Commerce Termination Act [sic]." Opposition at 7. Plaintiffs thereby ignore altogether the first point in CSXT's motion to dismiss, which is that plaintiffs have pled no facts which could give rise to an actionable legal duty on CSXT's part. *See* CSXT's Memo. in Support at 6-11. This dual failure – the failure to allege a duty owed by CSXT, accompanied by the failure to oppose (or even discuss) CSXT's analysis of duty – dooms plaintiffs' negligence claim, the only claim asserted against CSXT.[2]

For this most fundamental reason alone, the claims against CSXT should now be dismissed.

---

(continued)

20, 2006, over three and a half months ago. On November 29, 2006, this Court entered an order which set forth a briefing schedule and cut-off dates for motion practice. Minute Entry (Nov. 29, 2006) at 2-3 (Dkt. No. 2034). This Minute Entry ordered that all Responses/Oppositions to Rule 12 motions "must be filed" by February 22, 2007. Plaintiffs filed their Opposition on March 9, 2007, over two weeks late, and without an extension granted by the Court.

[2]   Indeed, plaintiffs assert that other parties (not CSXT) owe such a duty when they assert "claims against the Orleans Levee Board for failing to repair the damaged gate, and against the Port of New Orleans which had the garde." Opposition at 2.

**II.    Plaintiffs' Claims Are Preempted By Federal Railroad Law**

Plaintiffs cite not a single authority contradicting CSXT's claim of preemption under both the Federal Railroad Safety Act ("FRSA") and the Interstate Commerce Commission Termination Act ("ICCTA").  Instead, plaintiffs contend that preemption cannot be resolved at this juncture because (1) the statutes are not complete preemption statutes and (2) the applicability of preemption as a defense is not factually clear.

Plaintiffs' Opposition proceeds on two pivotal misunderstandings of preemption law: that the FRSA and ICCTA must "completely preempt" state law for CSXT's preemption defense to prevail, and that certain facts must be proved by CSXT before preemption may be asserted as a defense.  Addressing these errors in turn:

1.    As the Court is aware, the doctrine of "complete preemption" concerns whether a federal statutory scheme is sufficiently comprehensive so as to deem a claim pled under state law to be one in fact arising under federal law. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) ("In certain instances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim."); *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 613 (8th Cir. 2006), *cert. denied,* 127 S.Ct. 1149 (2007).  Complete preemption thus comes into play when a party seeks to remove an action pled under state-law theories to federal court.  But, *Ferdinand* and *Bourgeois* were ***not removed***.  They were filed originally in this federal court.  CSXT has not invoked complete preemption as a basis for this Court's jurisdiction, and complete preemption is thus irrelevant to CSXT's motion.

Plaintiffs' own case authorities confirm this point.  The FRSA cases cited on page 12 of plaintiffs' Opposition, *Chapman* and *Adkins,* address whether actions were properly removed to federal court based on preemption.  This is not the issue here.  Further, plaintiffs' claim that the

"Fifth Circuit has held FRSA is not a complete defense" in *Smallwood v. Illinois Central Rail Company* is simply inaccurate. *Smallwood* involved the issue of improper joinder in the context of removal based on complete FRSA preemption. Nowhere in the majority opinion does the Fifth Circuit hold that FRSA is not a complete preemption statute.

Plaintiffs' suggestion that, in order to prevail, CSXT must show that FRSA and/or ICCTA "completely preempt state negligence law" is an error. The negligence claim asserted against CSXT is preempted by FRSA and ICCTA because these statutes supplant attempts at state regulation of rail operations. *See* Memo. in Support of CSXT's Motion for Dismissal or Summary Judgment in *Paul* (Dkt. No. 1530) at 11-17.[3]

2. Plaintiffs' second misunderstanding pivots on their assertion that the preemption question is "not suitable for 12(b)(6) relief." Opposition at 13. In fact, CSXT's preemption defense hinges properly on the four corners of plaintiffs' complaints. The complaints allege that CSXT is liable to plaintiffs for damages flowing from CSXT's supposed role in a September 2004 derailment – a role CSXT has disputed with admissible evidence. *See infra.* Nevertheless, in their complaints plaintiffs allege that CSXT was "operating rail cars through floodgate IW-30" at the time of the derailment. *See Ferdinand* Complaint ¶ 4 (No. 06-5132, Dkt. No. 1); *Bourgeois* Complaint ¶ 5 (No. 06-5131, Dkt. No. 1). Plaintiffs' contention is thus that the train was negligently *operated*. But both FRSA and ICCTA supplant such state law tort claims relating to railroad operations. *See* Federal Railroad Administration FRSA regulations, 49 C.F.R. § 212.221 (uniform system of operating practices); § 217 (railroad employee safety training); § 240 (qualification and certification of railroad operators); § 230.29 (inspection and

---

[3] The preemption arguments presented in CSXT's Motion to Dismiss in *Paul* were incorporated by reference into CSXT's Motions to Dismiss in *Ferdinand* and *Bourgeois*.

repair); 49 U.S.C. § 10501 (ICCTA grants exclusive jurisdiction to Surface Transportation Board over "the... *operation*" of railroad tracks or facilities "and preempt[s] the remedies provided under Federal and State law."). *See Paul* Memo. in Support of Motion to Dismiss at 12-17.

Courts recently considering claims similar to those in the *Ferdinand* and *Bourgeois* complaints have held that the appropriate action is dismissal on the basis of federal preemption. *See, e.g., Lundeen v. Canadian Pac. Ry. Co.*, No. 04-CV-3220, 2007 WL 465703 (D. Minn. Feb. 2, 2007) (granting railroad defendant's 12(c) motion for dismissal of negligent inspection, construction, and operation claims on FRSA preemption grounds); *Fed. Ins. Co. v. Burlington No. & Santa Fe Ry. Co.*, 270 F. Supp. 2d 1183 (C.D. Cal. 2003) (granting summary judgment to railroad on negligent maintenance, repair and inspection claims preempted by FRSA); *In re Derailment Cases*, 416 F.3d 787 (8th Cir. 2005) (affirming grant of summary judgment to railroad on negligence claims preempted by FRSA); *Maynard v. CSX Transp., Inc.*, 360 F. Supp. 2d 836 (E.D. Ky. 2004) (granting railroad's motion for summary judgment because ICCTA preempts state law claims involving construction and maintenance of tracks); *Emerson v. Kan. City So. Ry. Co.*, No. Civ. 05-331-KEW, 2006 WL 1785460 (E.D. Okla. June 26, 2006) (granting railroad's motion for summary judgment based on ICCTA preemption of state-law claims that flooding was caused by railroad construction and operation); *Pejepscot Indust. Park, Inc. v. Me. Cen. R.R. Co.*, 297 F. Supp. 2d 326 (D. Me. 2003) (granting in part railroad's motion to dismiss because ICCTA preempts claim of tortious interference relating to rail carrier's operation).[4]

---

[4]  Plaintiffs further assert that CSXT has failed to show "compliance with the federal subsuming law" and that such compliance must be shown before the state claim will be preempted. Opposition, p. 13.  In fact, whether state law is preempted does *not* turn on compliance or non-compliance with governing federal statutes and regulations. *See Norfolk So. Ry. Co. v. Shanklin*, 529 U.S. 344, 357-58 (2000) (it is the displacement of state law, and not adherence to federal

(continued...)

Plaintiffs' Opposition does get one important point correct when it says that preemption is "a defense against the claims." Opposition at 11. Preemption is indeed a defense. As shown in CSXT's pending motion, it is a dispositive defense in this case, fatal to the sole allegation against CSXT. Plaintiffs' Opposition addresses none of CSXT's preemption analysis, none of the relevant preemptive statutes, and none of those statutes' relevant interpretive authority. Plaintiffs' sole claim against CSXT falls squarely within the ambit of both FRSA and ICCTA. The claim is preempted and should be dismissed.[5]

## III.   Plaintiffs Fail To Dispute CSXT's Evidence In Support Of Summary Judgment

In their complaints, plaintiffs' sole allegation against CSXT is that the railcars involved in a September 11, 2004 derailment were "operated" by CSXT. *Ferdinand* Complaint ¶¶ 4, 14, 30; *Bourgeois* Complaint ¶¶ 5, 14, 35. In its Motion to Dismiss or for Summary Judgment, CSXT offered evidence in the form of affidavits from Jim Bridger, the General Manager at NOPB, and from Tom May, the CSXT New Orleans Terminal Manager. Both affidavits established that CSXT was not operating the train that derailed. Thus, CSXT has refuted the

---

(continued)

regulatory standards, that preempts state tort actions); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 645 (5th Cir. 2005) (citing *Shanklin* and concluding that it is the applicable "federal statute's mandate… that usurps state and private decision-making authority and indicates federal preemption").
[5]   CSXT incorporates by reference the proximate cause arguments made by NOPB in *Speed* (No. 06-11208) in its Reply by the Public Belt Railroad Commission for the City of New Orleans in Support of Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6). NOPB Reply (Mar. 1, 2006) at 4-7 (Dkt. No. 3296).

allegation plaintiffs made in their complaints about CSXT's involvement in the September 11, 2004 train derailment. *See* CSXT's Memo. in Support at 4-5.[6]

Plaintiffs do not challenge the admissibility or veracity of these affidavits. And they do not raise a single issue of disputed fact regarding their assertions. Instead, plaintiffs assert that CSXT has "ignore[d]" the status and function of the NOPB, the entity that assumed responsibility for the flood gate damage caused by the September 2004 derailment. Opposition at 15. But, whether NOPB is a not-for-profit entity that operates under contracts with other railroad entities (Opposition at 15) is not relevant to a determination – now undisputed – that CSXT did not play the role in the September 2004 derailment that the complaints suggest.

CSXT has proffered admissible evidence in support of its motion for summary judgment. Plaintiffs, having had full opportunity, have failed to dispute that evidence. Given the ample time permitted – indeed, having taken *more time than the Court allowed*[7] -- CSXT's evidence is thus undisputed. Because the undisputed evidence establishes that CSXT did not operate the derailed train, and because plaintiffs' only "factual" allegation as to CSXT is that it operated the derailed train, summary judgment should be entered in favor of CSXT.

---

[6]  Plaintiffs asserted that "[CSXT] stands silent in the face of Plaintiffs (sic) allegations of joint enterprise . . . ." Opposition, p. 15. But plaintiffs' complaints contain no "joint enterprise" legal theory, and no factual allegations in support of such a theory. Plaintiffs cannot amend their complaints through an opposition brief. *See, e.g., Downs v. Liberty Life Assurance Co. of Boston,* Civ. A. No. 3:05-CV-0791-R, 2005 WL 2455193, at *3 (N.D. Tex. Oct. 5, 2005).
[7]  Plaintiffs Opposition was filed more than two weeks after the Court's deadline for Rule 12 Responses/Oppositions. *See* n.1, *supra.*

## IV.   Plaintiffs Articulate No Need For Additional Discovery

Plaintiffs, invoking Rule 56(f) of the Federal Rules, contend that they cannot oppose CSXT's motion for summary judgment absent discovery. Their support for this contention is an affidavit submitted by their own lawyer, William Gambel.

Mr. Gambel's affidavit does not meet the legal requirements for a Rule 56(f) motion. To properly support such a motion, plaintiffs must produce "an affidavit or other equivalent statement . . . that *conveys the need for such additional discovery*." *Silva v. St. Charles Steel Works, Inc.*, Civ. A. No. 04-3324, 2007 WL 496866, at *5 (E.D.La. Feb. 13, 2007) (citations omitted) (emphasis added). A plaintiff is "'required to state with some precision the materials he hoped to obtain with further discovery, and exactly how he expected those materials would assist him in opposing summary judgment.'" *Id.* (citing *Krim v. Banc Tex. Group*, 989 F.2d 1435, 1443 (5th Cir. 1993)).

Plaintiffs' affidavit does not provide any of the information required by Rule 56(f). Instead, it merely purports to authenticate immaterial documents that plaintiffs wish the Court to consider.[8] *See Rousseau v. Depuy Orthopaedics, Inc.*, No. CIV A 06-0517, 2006 WL 3716061, at *10 (W.D. La. Dec. 13, 2006) (finding nonmovant did not meet evidentiary burden because he

---

[8]   Plaintiffs attach various exhibits to show their investigatory efforts to date, beginning with a FOIA request to the U.S. Army Corps of Engineers in January 2006. All of the exhibits are unsworn and inadmissible, and are therefore legally insufficient to oppose a summary-judgment motion. Fed. R. Civ. P. 56(e). Counsel's affidavit in no way cures these deficiencies. *See* Fed. R. Evid. 901(a). Nonetheless, none of the information supports plaintiffs' allegation that CSXT was operating the train that derailed.

had "not explained how he *could*, if given more time, introduce any evidence" to support his case).[9]

A naked plea for discovery is insufficient to evade summary judgment.  Absent an affidavit that meets the requirements of Rule 56(f) – and given the fully briefed Rule 12 bases for dismissal -- plaintiffs' plea for delay should be rejected.

## CONCLUSION

For the foregoing reasons, and those stated in CSXT's initial Memorandum, CSXT's Motion to Dismiss or, in the alternative, Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/ Jonathan C. McCall
BRENT A. TALBOT (#19174)
JONATHAN C. MCCALL (#9227)
MICHAEL D. SPENCER (#27649)
   -of-
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile:  (504) 585-7075

---

[9]   Plaintiffs attached to their Opposition a FOIA response from the Department of the Army dated March 6, 2006, which indicates the Army sent plaintiffs eleven documents.  Plaintiffs apparently only attached one such document to their Opposition, not including two letters from the Orleans Levee District ("OLD") dated September 30, 2004 and October 12, 2004.  CSXT requested copies of these letters from plaintiffs, and its request was refused.  CSXT subsequently received copies of the letters from OLD.  In the September 30, 2004 letter (attached hereto as Ex. 1), OLD reported to the Army Corps of Engineers that "the referenced floodgate was *heavily damaged by the New Orleans Public Belt* (NOPB) on September 11, 2004." (Emphasis added).  The letter also stated that OLD was "scheduling a meeting with the NOPB to discuss all costs involved with the repairs."  This letter – in plaintiffs' possession for over a year – supports the affidavits submitted by CSXT which have not been rebutted by plaintiffs and further defeats their claim that additional discovery is needed to uncover evidence in support of their case.

and

ROY J. RODNEY, JR. (#02079)
JOHN K. ETTER (#25042)
   -of-
RODNEY & ETTER, L.L.C.
620 North Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 483-3224
Facsimile:  (504) 483-2259

**ATTORNEYS FOR CSX TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2007, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management.  All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

      /s/ Jonathan C. McCall

951368-1

10