UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In Re:  KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-4182 "K" (2) JUDGE DUVAL MAG. WILKINSON |
| PERTAINS TO:  LEVEE (*La. Envtl. Action Network, 06-9147*) |  |  |

### UNITED STATES' REPLY TO AMICI PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

The United States Army Corps of Engineers ("the Corps") has moved to dismiss Plaintiff Louisiana Environmental Action Network's ("LEAN's") suit for lack of subject matter jurisdiction because the United States has not waived immunity for liability from flood damage. Plaintiffs in Case Nos. 06-5131, 06-5128 and 06-5132 ("Amici Plaintiffs") have filed an amicus brief opposing the Corps' motion to dismiss LEAN's suit (*see* Doc. 3393, filed on March 13, 2007). Amici Plaintiffs in their opposition contend that the Flood Control Act does not afford immunity for damages resulting from London Avenue Canal flooding alleged by LEAN. Amici Plaintiffs' argument is without merit.

Section 702c of the Flood Control Act provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C. § 702c. As set forth in the United States' opening motion (*see* Doc. 2994 at 5-6), Congress directed the Corps to improve hurricane protection along the London Avenue Canal through the Energy and Water Appropriations Act of 1992. Floodwalls were constructed on top of existing earthen levees along both sides of the Canal as part of this federally-authorized flood control project.

In the instant suit, LEAN alleges that levee breaches during Hurricane Katrina resulted from the Corps' engineering, design and construction failures in improving hurricane protection. Complaint ¶ 29.  LEAN alleges that levee breaches caused water and other materials, including sediment, to leave its containment within the canal and spill onto the property of residents of the Vista Park neighborhood. Complaint ¶¶ 30-31.  LEAN alleges these flood waters and sediment have caused environmental damage.  Complaint ¶¶ 32-34.  LEAN brings claims under the citizen suit provision of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B). LEAN's RCRA claims plainly are premised on alleged damage "from or by floods or flood waters" within the meaning of section 702c.

Amici Plaintiffs have filed their own suits related to flood damage based on different legal theories.  To the extent that Amici Plaintiffs believe that they can demonstrate that the separate claims they have brought in their own lawsuits are not premised on damage from "flood waters" within the meaning of section 702c and are distinguishable from those brought by LEAN, they will have an opportunity to do so.  The specific claims brought by Amici Plaintiffs in their own lawsuits are not at issue in the Corps' motion to dismiss RCRA claims brought by LEAN.

WHEREFORE, for the reasons set forth above and set forth in the Corps' opening brief (Doc. 2994) and reply brief (Doc. 3298), the Corps' motion to dismiss for lack of subject matter jurisdiction should be granted.

        Respectfully submitted,

        MATTHEW J. McKEOWN
        Assistant Attorney General


        <u>s/ Eric G. Hostetler</u>
        ERIC G. HOSTETLER
        Trial Attorney
        Environmental Defense Section
        Environment & Natural Resources
            Division
        U.S. Department of Justice
        P.O. Box 23986
        Washington, D.C. 20026-3986
        (202) 305-2326
        (202) 514-8865(Fax)

DATED: March 20, 2007        Attorneys for the United States Army Corps
                                                      of Engineers