# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION<br><br>PERTAINS TO:<br><br>LEVEE (Sims, Jr., No. 06-5116; DePass, No. 06-5127; Paul, No. 06-7682)<br><br>LEVEE/MRGO (Richard, No. 06-5118; Adams, No. 06-5128; Bourgeois, No. 06-5131; Ferdinand, No. 06-5132; Christophe, No. 06-5134; Williams, No. 06-5137; Porter, No. 06-5140; Augustine, No. 06-5142) | CIVIL ACTION<br><br>NO. 05-4182<br>& Consol. Cases<br><br>SECTION "K" (2)<br>JUDGE DUVAL<br><br>MAGISTRATE WILKINSON |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**MAY IT PLEASE THE COURT:**

This Reply Memorandum is submitted by the Board of Commissioners of the Port of New Orleans (hereinafter "Dock Board") in support of its Rule 12(b)(6) Motion to Dismiss.

1

In their opposition, Plaintiffs maintain that they have standing to sue the Dock Board pursuant to the Act(s) of Assurance between the Dock Board and the United States government. Unable to justify their position in light of the jurisprudence cited by the Dock Board which mandates dismissal of their claims, Plaintiffs argue: (1) that federal common law applies to determine whether they are third-party beneficiaries of the Act(s) of Assurance; and (2) the Louisiana Direct Action Statute authorizes their direct action against the Dock Board as the Louisiana Insurance Code's definition of "insurer" has allegedly been expanded.[1]

However, as demonstrated herein, federal law has no application to determination of the issue at hand, and, in any event, federal law would not compel a result contrary to state law and the jurisprudence cited by the Dock Board in its original supporting memorandum. Moreover, since there is no insurance policy at issue, and the Port is still not an "insurer" notwithstanding any alleged and unidentified expansion or amendment, the Louisiana Direct Action Statute has no application.

## A.   Federal Common Law Has No Application

Plaintiffs argument that federal common law controls to the exclusion of state law has no merit since the rights to be determined are only those between Plaintiffs and the Dock Board, and this Court's adjudication of those rights would have absolutely no effect or impact upon the United States' substantive rights afforded by the Act(s) of Assurance at issue. See Miree v. DeKalb County, 435

---

[1] Although Plaintiff states that they have otherwise pled claim in torts, "citing the Port's *garde* over the Industrial Canal, and the failure to provide and maintain the bridges and approaches, their complaints contain no allegations of fault on the Port's part in that regard. Moreover, Plaintiffs' complaints contain no allegations relative to causation.

2

U.S. 25, 97 S.Ct. 2490, 53 L.Ed. 2d. 557 (1977). In *Miree,* the plaintiffs alleged that they were third-party beneficiaries of contracts between the defendant and the Federal Aviation Administration. The plaintiffs alleged that their damages were caused by the defendant's breach of its contract with the FAA. The Supreme Court held that "since only the rights of private litigants [were] at issue and no substantial rights or duties of the United States hinged on the outcome of the litigation... state law governed the determination of whether plaintiffs had standing to sue as third-party beneficiaries."

As in *Miree,* the Dock Board's Rule 12(b)(6) motion raises no question regarding the rights or liabilities of the United States government under the Act(s) of Assurance at issue. Any determination as to whether the Act(s) of Assurance provide Plaintiffs with the right to sue the Dock Board, will have absolutely no effect or impact upon any right or duty the United States government may have in connection with the Act(s) of Assurance. In fact, the instant motion does not seek determination of any substantive rights, but rather, only seeks a determination as to whether Plaintiffs have standing to file suit as third-party beneficiaries. Accordingly, state law governs the issue at hand, and state law mandates dismissal of Plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). See *Anderson v. Red River Waterway Commission,* 231 F.3d. 211 (5th Cir. 2000); *Cooper v. City of Bogalusa,* 195 La. 1097, 198 So. 510 (La. 1940); *Adam v. Great Lakes Dredge and Dot Co.,* 273 So.2d. 60 (La.App. 4th Cir. 1973); *Vujnovich v. State of Louisiana,* 184 So.2d. 618 (La.App. 4th Cir. 1966); *Petrovich v. State of Louisiana,* 181 So.2d. 811 (La.App. 4th Cir. 1966); *Vuljan v. Board of*

3

*Commissioners of the Port of New Orleans,* 170 So.2d. 910 (La.App. 4th Cir. 1965); *Haeuser v. Board of Commissioners of the Port of New Orleans,* 170 So.2d. 728 (La.App. 4th Cir. 1965).

## B. Federal Common Law Adopts Analogous State Law and State Court Decisions:

In any event, Plaintiffs have not demonstrated that the application of federal common law would compel a result contrary to that set forth in the decisions cited by the Dock Board in its original supporting memorandum. In fact, under the circumstances presented here, the Dock Board submits that the federal common law would adopt the aforementioned jurisprudence, thus resulting in a dismissal of Plaintiffs' claims.

Plaintiffs have not cited to any federal common law rule recognizing their third-party beneficiary status to the Act(s) of Assurance relied upon. Having found none, and in the absence thereof, the federal common law is determined by reference to analogous state law, and holdings of state courts are deemed particularly persuasive. *Manning v. Hayes,* 212 F.3d. 866, 874 (5th Cir. 2000); *Angle v. Shinholt,* 90 F.2d. 294 (5th Cir. 1937); See also *Ellison v. Connor,* 153 F.3d. 247, 256, N.3 (5th Cir. 1998). (Federal court may borrow state law principles to fashion the federal common law where the state law is not inconsistent with or hostile to federal interests), citing, *United States v. Little Lake Misere Land Co.,* 412 U.S. 580, 595-96, 93 S.Ct. 2389, 37 L.Ed. 2d. 187 (1973) and *Georgia Power Co., v. 138.30 Acres Land,* 517 F.2d. 1112, 1115-18 (5th Cir. 1980).

Interestingly, after stating that federal common law controls, Plaintiffs seemingly concede that the aforementioned state court jurisprudence should govern as they later argue application of the Louisiana Third Circuit's decision in Cooper v. Louisiana Department of Public Works, 870 So.2d. 315 (La.App. 3 Cir. 2004). However, as demonstrated by the Dock Board in its original supporting memorandum, this Cooper decision is distinguished on its facts and has no application here. There, the Third Circuit did find that the damaged plaintiffs were third-party beneficiaries of the Act of Assurance at issue in that case. However, the court based its decision upon the fact that the plaintiffs' damages were caused by a breach of the state agency's performance obligations under that Act of Assurance. Here, there is no allegation that the Dock Board breached any term of the Act(s) of Assurance at issue or that any breach by the Dock Board was the cause of the Plaintiffs' damages.

### C.     The Louisiana Direct Action Statute Has No Application

In Cooper, 870 So.2d. 315, the court addressed the precise issue presented by Plaintiffs here. There the plaintiffs argued that they had the right to sue the state agency pursuant to the Louisiana Direct Action Statute. According to the plaintiffs, the state agency's Act of Assurance hold harmless provision was tantamount to an insurance policy, and the state agency was thus an "insurer" subject to direct action pursuant to La.R.S. 22:655(B). The court disagreed and held that the Act of Assurance hold harmless provision did not make the state agency the liability "insurer" of the United States government, and therefore, the Direct Action Statute had absolutely no application.

Although Plaintiffs state in their brief that the definition of "insurer" has been expanded or amended since the *Cooper* decision, Plaintiffs fail to identify or explain how any such alleged and unidentified expansion or amendment displaces the application of *Cooper* in this case. La.R.S. 22:655(B)(6) only provides an injured person the right to institute a direct action against an "insurer" within the terms and limits of its "policy." As in *Cooper*, "insurer" is still defined to include persons "engaged in the business of making contracts of insurance." As recognized in *Cooper*, a state agency which executed an Act of Assurance in favor of the United States government does not qualify as an "insurer" within the contemplation of the Direct Action Statute. Accordingly, and as in *Cooper*, Plaintiffs here have no right to maintain a direct action against the Dock Board.

For all of the above reasons, as more fully set forth and explained in the Dock Board's original supporting memorandum, Plaintiffs' complaints should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted, this 20th day of March, 2007.

```
                    DAIGLE FISSE & KESSENICH, PLC

          BY:       s/ Jonathan H. Sandoz
                    J. FREDRICK KESSENICH (7354)
                    JONATHAN H. SANDOZ (23928)
                    MICHAEL W. MCMAHON (23987)
                    JON A. VAN STEENIS (27122)
                    KIRK N. AURANDT (25336)
                    P. O. Box 5350
                    Covington, Louisiana 70434-5350
                    Telephone: 985/871-0800
                    Facsimile:  985/871-0899
                    Attorneys for Defendant, The Board of
                    Commissioners of the Port of New
                    Orleans
```

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this 20th day of March, 2007.

```
                              s/Jonathan H. Sandoz
                              JONATHAN H. SANDOZ
```

7