UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: Levee, MRGO, and Insurance | SECTION "K" (2) |

**WILLIAMS, ET AL., C.A. NO. 06-2919 (Not consolidated)**
**HAMMER, C.A. NO. 06-9152 (Not consolidated)**

**************************************************

**STATE FARM FIRE AND CASUALTY COMPANY RESPONSE TO**
**MARCH 16, 2007 ORDER AND REASONS IN RESPONSE TO**
<u>**DEFENDANTS' MOTION TO ENFORCE STAY ORDER ISSUED BY THE FIFTH CIRCUIT**</u>

On March 15, 2007, the Court conducted a hearing on the Insurer Defendants' Motion to Enforce Stay Order Issued by the Fifth Circuit in connection with the appeal in *Chehardy*, C.A. Nos. 06-1672, 06-1673, and 06-1674, *Vanderbrook*, C.A. No. 05-6323, and *Xavier University*, C.A. No. 06-516. On March 16, 2007, the Court issued the Order and Reasons pursuant to which it provided *inter alia*:

> With respect to the Master Insurance Class Action Complaint, which had been ordered to be filed under the CMO No. 4 this day, this matter is **STAYED** and no responsive pleadings shall be filed therein pending a resolution of the pending appeal in *Chehardy, Vanderbrook,* and *Xavier* or until such time this Court determines otherwise.

Doc. No. 3426 at 3. The Court also directed that State Farm file a memorandum "...concerning its position with respect to the Stay ordered by the Fifth Circuit as it relates to the severing of the claims against it in the class action insurance cases." *Id.* at 4. State Farm submits this response to that Order. State Farm firmly believes that the class actions that seek insurance benefits

1

premised upon arguments that the State Farm insurance policies cover water damage are procedurally improper and that the claims by State Farm Insureds are improperly joined in violation of Rules 23 and 20 of the Federal Rules of Civil Procedure respectively. Accordingly, the class allegations should be dismissed and the plaintiffs' claims should be severed and proceed as individual cases. Notwithstanding its views on the lack of merit of class certification and joinder, however, State Farm respectfully submits that any class action claims that continue to be asserted should be stayed in keeping with the spirit of the Stay Order issued by the Fifth Circuit and as recognized by this Court's March 16, 2007 Order. Proceedings involving the class actions would resume after the completion of the pending *Chehardy* and *Vanderbrook* appeals.

### A. Array of Class Action Insurance Cases.

The March 16, 2007 Order and Reasons refers to the potential severing of the claims against State Farm in the "class action insurance cases." During the hearing, the Court specifically referenced only one class action, *Abadie v. Aegis Security Insurance Company*, C.A. No. 06-5164. Because of the Court's comments during the hearing, State Farm is unsure whether the Court intended to seek State Farm's position regarding severance in only the *Abadie* case or whether the Court meant to address all insurance class actions that include insureds who contend that they are entitled to homeowner insurance benefits because of water damage arising from breaches of the levees. State Farm believes that the Stay applies to all such cases and thus any severance at this time would have no practical effect. Accordingly, the Court should be aware of the array of pending cases.

#### (1) The *Abadie* Case

The *Abadie* case was filed on August 28, 2006. The Complaint presented

thousands of plaintiffs asserting a hodge-podge of claims against their respective insurance carriers, including State Farm. Not only were the plaintiffs and defendants improperly joined in one lawsuit, but the Complaint was filed as a class action and sought class relief against each of the respective insurance defendants. In recent proceedings, the plaintiffs sought to administratively close the *Abadie* case.[1] During the hearing on the motion for administrative closure, the Court announced its intention to sever the claims asserted against State Farm from claims asserted against the other carriers after which the claims against other insurance defendants would be administratively closed, and the complaint against State Farm would proceed. However, no order has yet been issued. Since that time, State Farm has filed a Motion to Strike the Class Allegations in *Abadie* as well as Motions to Sever, and Rule 12 Motions. Those motions were noticed for hearing on March 23, 2007. To State Farm's knowledge, no opposition memoranda have been filed in the *Abadie* case.

### (2)    The *Genevieve Williams* Case

On March 9, 2007, the Honorable Judge Sarah Vance transferred *Genevieve Williams, et al., v. State Farm Fire & Casualty Company, et al.*, C.A. No. 06-2919 to this Court. The plaintiffs in the *Genevieve Williams* case seek to recover proceeds pursuant to the Louisiana Valued Policy Law. The complaint alleges that the VPL statute is applicable because water damage resulting from the levee breaches is covered by the homeowners policy. They contend therefore that houses rendered a total loss by virtue of the flooding trigger the application of the

---

[1]    Similar motions for administrative closure were filed in several "mass actions" *Aaron,* C.A. No. 06-4746*, Kiefer,* C.A. No.05-6370 and *Austin*, C.A. No. 06-5383. None of those cases purport to assert claims on behalf of any class. Those cases would seem not to be stayed by the March 16, 2007, Order and Reasons except as to "common liability issues."

VPL statute. State Farm is one of three Insurance Defendants in this case.

### (3) The *Hammer* Case

In *Hammer v. State Farm Fire & Casualty Company*, C.A. No. 06-9152, the plaintiff filed a putative class action on behalf of State Farm renter policyholders. As in *Chehardy*, the plaintiff contends that class members are entitled to recover insurance proceeds for damage arising from flooding allegedly caused by breaches of the levees. The plaintiff's Motion for Class Certification alleges, incorrectly, that the renters policies are "all risk policies." The *Hammer* case was transferred to this Court on January 16, 2007, pursuant to this Court's Order (Doc. No. 2034) that such cases be transferred to this section. However, no order officially consolidating the case in this umbrella has been entered.

### (4) The *Insurance Master Class Action Complaint*

The Insurance Master Consolidated Class Action Complaint ("Master Class Complaint") filed by the plaintiffs on March 15, 2007, purports to consolidate seven insurance class actions that include *Chehardy* (C.A. Nos: 06-1672, 06-1673, 06-1674)*, Abadie* (C.A. No. 06-5164)*,* and three other cases, *Eva Maynard v. The St. Paul Travelers' Companies, Inc.*, C.A. No. 06-11385, *Imperial Trading Co., Inc. v. Travelers Property Casualty Co. of America*, C.A. No. 07-1303, and *Xavier University v. Travelers Property Casualty Company of America,* C.A. No. 07-1304. The Master Class Complaint specifically provides:

> This is an amending, superseding, consolidated complaint asserting causes of action by and against parties already before this Court.

Doc. No. 3413, ¶ 7. The Master Class Complaint does not reference either the *Genevieve*

*Williams* case or the *Hammer* case.[2]

### B. The Effect of the Stay.

As noted by the Court's order, the Fifth Circuit Court of Appeals Stay specifically applied only to *Chehardy*, *Vanderbrook*, and *Xavier*. However, the spirit of the Fifth Circuit Stay Order led this Court to stay class action proceedings while the appeal is pending. State Farm believes that the Court's decision in that regard is correct. As a result, not only would all class action proceedings in *Chehardy* be stayed, but class action proceedings in other cases pending before this Court that involve the same issues, should similarly be stayed. Accordingly, State Farm believes that the *Abadie, Chehardy, Genevieve Williams,* and *Hammer* cases should all be stayed as regards to class action proceedings.

State Farm has asserted, from inception, that the joinder of claims against multiple insurers is improper and that these claims are inappropriate for class certification. However, it would be inappropriate and incongruous to contend that while the stay precludes the plaintiffs from conducting discovery and other class certification proceedings, State Farm can ignore this stay and proceed with its motion to dismiss the class. The effect of the stay is the same for both plaintiffs and defendants.

The Master Class Complaint purports to consolidate and supersede the *Abadie* Complaint. However, the total effect of that filing is unclear. The new Master Class Complaint proceeds with only five named plaintiffs against State Farm.[3] To the extent the Master Class

---

[2] Genevieve Williams is named as a plaintiff in the Master Class Complaint. However Ms. Williams has also been named as a plaintiff in both the *Abadie* and the *Genevieve Williams* Complaints.

[3] To the extent that the Master Complaint purports to affect the *Chehardy* Complaint, it

Complaint purports to consolidate and supersede the *Abadie* case, it reinforces the relationship of *Abadie* to *Chehardy* and confirms the applicability of the stay order to preclude further class proceedings in *Abadie*.

If the new Master Class Complaint does not have the effect of superseding the *Abadie* Complaint and the estimated 500+ State Farm plaintiffs remain joined as plaintiffs, the *Abadie* case nonetheless is a class action, which, therefore, is subject to the Fifth Circuit Stay and this Court's March 16, 2007 Order and Reasons.  State Farm respectfully submits that as long as *Abadie* purports to be a class action the Stay Order applies.  Similarly, the *Genevieve Williams* Complaint misjoins plaintiffs and misjoins State Farm with the two other Insurance Defendants. Severance would be appropriate, but the Stay should still suspend all class proceedings.  Since the *Hammer* case has only one named plaintiff and no Insurance Defendants other than State Farm, severance is not an issue.  Accordingly, while severance of State Farm from the other insurance carriers may be appropriate, the severance would have little, if any, practical effect considering the current procedural status.

---

arguably violates the Fifth Circuit Stay Order.

## CONCLUSION

State Farm respectfully submits its belief that the class action claims are procedurally invalid and that the claims against State Farm should be required to proceed on an individual basis. However, the current Stay Order precludes proceedings involving suits that are maintained as class actions.

Respectfully submitted,

/s/ *Wayne J. Lee*
_____
Wayne J. Lee, Bar No. 7916
Stephen G. Bullock, Bar No. 3648
Michael Q. Walshe, Jr., Bar No. 23968
Lesli D. Harris, Bar No. 28070
Sarah H. Barcellona, Bar No. 28080
STONE PIGMAN WALTHER
 WITTMANN LLC
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200

Attorneys for Defendant
 State Farm Fire and Casualty Company

## **C E R T I F I C A T E**

I hereby certify that a copy of the foregoing State Farm Fire and Casualty Company Response to March 16, 2007 Order and Reasons in Response to Defendants' Motion to Enforce Stay Order Issued by the Fifth Circuit was filed electronically with the Clerk of Court through the CM/ECF system on March 21, 2007. Notice of this filing will be sent to all counsel of record by operation of the court's electronic system.

/s/ *Wayne J. Lee*
_____

862832v.1