IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES § <br> CONSOLIDATED LITIGATION § <br> § <br> § <br> § <br> § <br> PERTAINS TO: § <br> § <br> ALL DREDGING LIMITATIONS § <br> § <br> § | CIVIL ACTION <br> NO. 05-4182 "K" (2) <br> JUDGE DUVAL <br> MAG. WILKINSON |

## MEMORANDUM SUBMITTED BY CLAIMANTS ADDRESSING THE MANNER, PERIOD AND FREQUENCY IN WHICH MONITIONS IN LIMITATION ACTIONS SHOULD BE PUBLISHED

MAY IT PLEASE THE COURT:

NOW COME all the plaintiffs ("Claimants") in Civil Actions Nos. 06-2824; 06-5155; 06-5162, 06-5260 and 07-621 (the "Claimants' Actions"), through undersigned Liaison Counsel for Plaintiffs, and in response to the Order (Document No. 3380) issued by the Court on March 9, 2007, file this memorandum addressing the manner, period and frequency in which the monitions in the Limitation Actions (Nos. 06-8676; 06-8884; 06-8888; 06-8890; 06-8891; 06-8922; 06-8967; 06-9075 and 06-9223) proposed by the Dredging Defendants should be published and what amendments thereto should be made.

1. **The Court has admiralty jurisdiction.**

   Initially, the Court should be aware that the Dredging Defendants <u>and</u> Claimants allege and agree that the Court's admiralty jurisdiction extends to the dredging activities conducted by the Dredging Defendants in the Mississippi River Gulf Outlet ("MRGO").

   In addition, on March 14, 2007, Chief Judge Helen Berrigan issued an Opinion (Document No. 587) in Case No. 05-4419, finding that the dredging activities conducted by the Corps of Engineers in the MRGO (which in some instances were actually carried out on its behalf by the Dredging Defendants) are maritime in nature and satisfy the test for admiralty jurisdiction articulated by the United States Supreme Court in *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995).

2. **Agreements reached between Claimants and the Dredging Defendants.**

   Claimants and the Dredging Defendants have reached agreement on the following:

   a. The deadline for filing claims and answers should be August 29, 2007;

   b. The claims of those Claimants who have retained counsel may be filed by their counsel, who at this stage shall only be required to provide the names of the claimants;

   c. Those Claimants' counsel may also file answers on their behalf;

   d. The filing of an answer by any Claimant contesting the Dredging Defendants' right to exoneration and/or limitation of liability shall inure to the benefit of all

Claimants who file claims. In other words, each Claimant is not required to file an answer, and all Claimants will receive the benefit of any ruling by the Court on the Dredging Defendants' right to exoneration and/or limitation of liability;

e. The notices (monitions) that have been proposed by the Dredging Defendants shall be amended to include a statement notifying potential Claimants that the prior filing of a Form 95 with the Corps of Engineers does not satisfy their duty to file a claim in the Limitation Actions. While the exact language of that notice has not been agreed, the following is hereby proposed:

> "The prior filing of a Form 95 with the Corps of Engineers by any person having a claim is not sufficient and does not satisfy the requirements of this notice. All persons having claims against Petitioner for damages arising from Hurricane Katrina as set forth in this notice must file a new claim in the form and manner described here."

3. **Items as to which no agreement has been reached.**

Many Claimants who previously filed Forms 95 with the Corps of Engineers have formally retained counsel. Their Claims will be filed by their counsel in the manner set forth at ¶ 2(b) above.

There are many Claimants who filed Forms 95 and therein indicated they wanted to be represented by certain designated attorneys, but they have not yet executed contracts with the attorneys. Because many of those Forms 95 were sent directly to the Corps of Engineers, the attorneys do not know the identities of the Claimants and cannot represent them at this time.

In addition, there are many Claimants who filed Forms 95 but have not retained counsel and have not indicated that they want to be represented by any attorney.

Claimants believe that these individuals who have not yet formally retained counsel should be provided with a simplified way to file their claims in the Limitation Actions. Therefore, the following is proposed:

 a. All the Dredging Defendants should publish their notices (monitions) on Saturdays in order to reach people who work during the week;

 b. Each notice (monition) should be placed in the main section of the newspapers in an ad that is ¼ of a page;

 c. Each notice (monition) must appear contemporaneously in the major newspapers of New Orleans, Baton Rouge, Houston and Atlanta;

 d. A claim form similar to Form 95 should be designed and made available to the public. Claimants should only be required to mail it to the Clerk's Office. Once received, the forms can be filed in the CM/EFC system and thereby made available to counsel;

e. One single claim by each Claimant will suffice for all limitation actions.

f. If the court approves these requests, in order to inform Claimants of the manner in which they can file their claims, the following language should be added to the monitions.

> "Claimants may file their claims in a form that is available at the Clerk's office (or in the Court's website). This form may be mailed or hand delivered to the Clerk's office on or before August 29, 2007 in order to satisfy the requirements of this notice."

Undersigned counsel stands prepared to further meet with the Court and counsel for the Dredging Defendants to design a claim form or to further discuss this matter.

Respectfully Submitted:

*s/Joseph M. Bruno*
JOSEPH M. BRUNO
Liaison Counsel
Louisiana Bar Roll Number 3604
BRUNO & BRUNO, L.L.P.
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-5775
E-Mail: jbruno@brunobrunolaw.com

*s/Camilo K. Salas III*
CAMILO K. SALAS III
Louisiana Bar Roll Number 11657
SALAS & Co., L.C.
650 Poydras Street, Suite 1650
New Orleans, Louisiana 70130
Telephone: (504) 799-3080
Facsimile: (504) 799-3085
E-Mail: csalas@salaslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Louisiana using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Camilo K. Salas III*
CAMILO K. SALAS III
