UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GWENDOLYN LITTLE, wife of/and CHARLES E. LITTLE, JR. | * | CIVIL ACTION |
| | * | NO.   06-9077 |
| VERSUS | | |
| | * | SECTION "F" |
| MEL NELSON and STATE FARM INSURANCE COMPANY | * | MAGISTRATE 3 |

\*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the plaintiffs, GWENDOLYN LITTLE, wife of/and CHARLES E. LITTLE, JR., who respectfully requests this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

**I.   BACKGROUND**

This is an action for breach of contract, negligence and/or breach of fiduciary duty, committed by both the defendant, STATE FARM INSURANCE COMPANY (hereinafter "STATE FARM"), and plaintiffs' insurance agent, MEL NELSON (hereinafter 'NELSON').

In their petition filed in the 34th Judicial District Court for the Parish of St. Bernard, plaintiffs allege various theories of recovery against the defendant, STATE FARM, for damages done to their home as a result of events both related and unrelated to

Hurricane Katrina. These are strictly homeowner's insurance claims against the defendant, STATE FARM. Plaintiffs have not asserted any claims whatsoever against any of the defendants in this matter pursuant to the National Flood Insurance Program.

In addition to the above, plaintiffs allege that the defendant, STATE FARM, and its agent, NELSON, were guilty of negligence and/or breach of fiduciary duty, as a result of the procurement of flood insurance for plaintiffs by the defendants, particularly with regard to gaps or differentials in such coverage limits as compared to plaintiffs' homeowner coverage limits.

As a result of the damage to their home, plaintiffs were paid one hundred (100%) percent of their flood dwelling and content limits, and there is no dispute with either or both of the defendants regarding the handling of plaintiffs' flood insurance claim.

Plaintiffs filed their petition on August 25, 2006 and on or about October 26, 2006, the defendant, STATE FARM, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

**(A)   Removal.**

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co.,

128 F.3rd 919, 922 (5th Cir. 1997); <u>Carriere v. Sears Roebuck & Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. <u>Manguno v. Prudential Property & Casualty Insurance Co.</u>, 276 F.3rd 720, 723 (5th Cir. 2002); <u>Neal v. Kawasaki Motors Corp.</u>, 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); <u>Doddy v. Oxy USA, Inc.</u>, 101 F.3rd 448, 456 (5th Cir. 1996).

"[I]f the right for removal is doubtful, the case should be remanded." <u>Ryan v. Dow Chemical Co.</u>, 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); <u>Vasquez v. Alto Bonito Gravel Plant Corp.</u>, 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979).

**(B)     The defendant's removal is defective.**

The defendant, STATE FARM's, removal of this matter from state court to federal court is defective as being untimely.

Plaintiffs attach hereto, as Exhibit 1, the Sheriff's return information from the Clerk of Court, 34th Judicial District Court, which states that STATE FARM was served through the Secretary of State on September 20, 2006. The agent, MEL NELSON, also

named as a defendant, was not served because the service address is, apparently, a vacant house.

In any event, STATE FARM did not file the instant Notice of Removal until October 26, 2006. 28 U.S.C. Section 1446(a) clearly requires a Notice of Removal be filed within thirty (30) days after a plaintiff serves the defendant. In this case, the removal is untimely.

    **(C)    Removal is improper under federal question jurisdiction pursuant to the National Flood Insurance Program, 42 U.S.C. Section 4072 as well as improper pursuant to federal question jurisdiction, 28 U.S.C. Section 1331.**

Contrary to the defendant's assertions, there is nothing in plaintiffs' petition which raises a federal question nor is there any claim stated in the petition for recovery of flood insurance money. As said at the opening, plaintiffs have been paid the full dollar limit of the flood dwelling and flood content coverages which were in place as of August 29, 2005.

The claims addressed by plaintiffs in his petition are fairly simple to understand. Plaintiffs are seeking recovery of homeowner policy limits for dwelling and content as a result of the damage done to their home by events both related and unrelated to Hurricane Katrina. These include wind damage issues, value policy law issues, and questions related to the issue of what was the dominant and efficient cause of plaintiffs' loss.

Additionally, plaintiffs allege errors and omissions and/or breach of fiduciary duty by STATE FARM, not as a result of its administration of plaintiffs' flood claims but, rather, as a result of its handling of the procurement of plaintiffs' flood insurance policy.

With regard to the latter issue, the Courts have repeatedly held that the National Flood Insurance Act does not preempt state law claims involving negligent policy procurement, so as to give rise to the federal question jurisdiction. <u>Landry v. State Farm Fire and Casualty Company</u>, 206 WL 1159391(E.D. La. 2006).

A clear distinction is made between lawsuits over flood insurance claims handling and flood insurance policy procurement. Plaintiffs do not assert that the defendants mishandled his claim or refused to pay their claim or that they was even dissatisfied with the reimbursement of their claim or any part thereof. Simply stated, lawsuits regarding policy procurement of flood insurance policies, do not give rise to federal jurisdiction. <u>Waltrip v. Brooks Agency, Inc.</u>, 417 F.Supp. 768 (E.D. Va. 2006); <u>Roybal v. Lalamos National Bank</u>, 375 F.Supp. 1234 (D.N.M. 2005); <u>Corliss v. South Carolina Insurance Company</u>, 2004 WL 2988497 (E.D. La. 2004); <u>Moore v. USAA General Indemnity Company</u>, 2002 WL 31886719 (E.D. La. 2002).

 **(D) Removal is improper pursuant to 28 U.S.C. Section 1442.**

Under no circumstance have plaintiffs made any allegation which would even suggest that the defendant, STATE FARM, ".acted pursuant to a federal officer's direction and a causal nexus exists between the defendant's actions under color of federal office and the plaintiffs' claim". Once again, plaintiffs' claims against the defendant relate to its negligence and/or breach of fiduciary duty regarding the procurement of plaintiffs' flood insurance policy. Plaintiffs make no allegation whatsoever that the defendant was acting as a federal officer at the time of its breach.

**(E)    Removal is improper pursuant to 28 U.S.C. Section 1332.**

The defendant, STATE FARM, asserts that jurisdiction exists in the instant matter under the original jurisdiction provision of 28 U.S.C. Section 1332. In so doing, STATE FARM argues that the plaintiffs' insurance agent has been fraudulently joined in an attempt to defeat diversity jurisdiction.

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff, against an in state defendant which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in state defendant. Richmond v. Chubb Group of Insurance Companies, 2006 WL 2710566 (E.D. La. 2006).

In determining whether a plaintiff has some reasonable basis of recovery under state law, a court may resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. Richmond v. Chubb Group of Insurance Companies, *supra*.

The "burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B. Inc. v. Miller Brewing Company, 663 F.2nd 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court must evaluate all of the factual allegations in the light most favorable to plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Burden v. General Dynamics Corporation, 60 F.3rd 213 (216) (5th Cir. 1995). The court must also resolve all ambiguities in the controlling state law in plaintiffs' favor. Id.

In this matter, plaintiffs allege that the defendants, STATE FARM and NELSON, who is domiciled in the Parish of St. Bernard, and State of Louisiana, were liable, for the following errors and omissions and breach of fiduciary duty (See Paragraphs XXI - XXIV of plaintiffs' original state court Petition):

(A) Failing to advise the plaintiffs of gaps between their homeowners and flood insurance policy limits and failing to take steps to close those gaps;

(B) Increasing homeowner/fire/liability limits without implementing corresponding increases in flood insurance limits and failing to warn plaintiffs that it was not increasing flood limits;

(C) Failing to apprise the plaintiffs of the existence of other insurance products, specifically excess flood insurance coverage, which would have allowed plaintiffs to have properly insured their dwelling and content;

(D) Deviating from industry standards by failing to "match" plaintiffs' flood content coverage to plaintiffs' flood dwelling coverage; and

(E) Failing to advise the plaintiffs that homeowners/fire/liability insurance would not cover catastrophic levee failure or other acts of man which might result in damage to plaintiffs' property.

As stated above, to determine if joinder is improper, the Court must decide whether plaintiffs have a reasonable basis of recovery under state law. Clearly, plaintiffs' allegations state causes of action under Louisiana law for errors and omissions and breach of duty and, therefore, the defendants have not proved improper joinder.

### III. CONCLUSION

For the above and foregoing reasons, plaintiffs respectfully pray that plaintiffs' Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___ day of ___, 20___, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____