UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | * * * * * | CIVIL ACTION<br><br>NO. 05-4182 "K" (2) |
| PERTAINS TO: LEVEE CASES<br>06-5937 "K" (2) Yacob, *et al.* | * * * | JUDGE DUVAL<br><br>MAG. WILKINSON |
| *   *   *   *   *   *   * | * | |

## EUSTIS' REPLY TO YACOB MEMORANDUM OPPOSING THE ENGINEERS' MOTIONS TO DISMISS

MAY IT PLEASE THE COURT:

Defendant Eustis Engineering Company, Inc. (Eustis) submits this memorandum in reply to the memorandum filed by the *Abraham Yacob* plaintiffs (No. 06-5937), which asserts the same arguments as the *Cochran* (No. 06-5785, Doc. No. 3402) and *Cathy Adams* (No. 06-4065, Doc. No. 3416), plaintiffs in opposition to the joint Rule 12(b)(6) motion to dismiss or for summary judgment and the motion to dismiss on the basis of *res judicata* or collateral estoppel filed on February 1, 2007, by defendant engineers, Burk-Kleinpeter, Inc. (BKI), Modjeski and Masters, Inc. (Modjeski), and Eustis Engineering Company, Inc. (Eustis) and Go-Tech, Inc., (Go-Tech) (collectively "Engineers").

**(A) The Engineers' motions should be granted because plaintiffs offer no new arguments.**

Plaintiffs' memoranda opposing the Engineers' motions for Summary Judgment/Motions to Dismiss offer no new arguments whatsoever, but merely recycle arguments already considered and rejected by this Court. First, by *Yacob*:

> plaintiffs . . . oppose all of the defendants' various motions . . . by adopting and incorporating all previously filed oppositions, exhibits, arguments, and evidence by liaison counsel Joe Bruno and or others in opposition to these defendants' motions. This includes but is not limited to Document Numbers 694, 699, and 700. Plaintiffs also adopt opposition filed in the Cochran case, which is reflected in Document Number 3402.[1]

And by *Cochran* (adopted by *Yacob*):

> As to the merits of the Motions for Summary Judgment/ Motions to Dismiss, plaintiffs adopt and incorporate herein the arguments previously made in Document 700.[2]

Document Numbers 694, 699, and 700 are memoranda filed on June 29, 2006 in opposition to similar motions filed by the Engineers on June 1, 2006. On December 8, 2006, after considering and apparently rejecting the exact arguments made by plaintiffs on and prior to the August 25, 2006 hearing, the Court granted the Engineers' motions[3] and entered judgment in their favor, dismissing with prejudice all of the challenged complaints.

Despite this Court's admonition not to do so, these defendants are simply recycling stale arguments raised approximately eight months ago by identically situated plaintiffs that were already considered and rejected by the Court. They have introduced no new facts that merit the Court's reconsideration. Because the law and facts have not changed since the August 25, 2006 hearing and the Court's December 8, 2006 opinions, the Engineers' motions should be granted.

**(C) Plaintiffs' memoranda show that the conditions for Res Judicata/Collateral Estoppel exist and the Engineers' motions should be granted.**

---

[1] *Yacob* memorandum (Doc. 3457) at 1-2.
[2] *Cochran* memorandum (Doc. 3402) at 1.
[3] Docs. 2142, 2148.

The *Cochran* memorandum, fully adopted by the *Yacob* memorandum, succinctly states that collateral estoppel should apply when

> (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigation in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply this doctrine.[4]

Neither *Cochran* nor *Yacob* dispute that collateral estoppel conditions (1) through (3) apply. Rather, *Cochran* and *Yacob* actually support application of collateral estoppel because they both rely on memoranda previously submitted to the Court in opposition to the Engineers' June 1, 2006 motions. Plaintiffs' adoption of the memoranda filed by other plaintiffs with no new arguments or facts convincingly proves that identical issues were already before the court. The record shows that the issues were fully litigated and necessary to support the Court's December 8, 2006 judgments. Although *Cochran* argues that the inability to participate in the prior pleadings is somehow a special circumstance making it unfair to apply collateral estoppel, *Cochran* betrays that argument by adopting the same eight-month old arguments and by failing to show any new arguments.

## CONCLUSION

The *Yacob* memorandum simply recycles the stale arguments previously rejected by the Court. It, the *Cochran* and *Cathy Adams* memoranda prove that there are no new issues, facts, or special circumstances for the Court to consider, and that the issues have been fully litigated. Accordingly, the Engineers' motions should be granted and judgment entered in their favor.

Respectfully submitted,

---

[4] *Cochran* memorandum (Doc. 3402) at 2.

/s/ Alanson T. Chenault
MAT M. GRAY,, III (No. 06264)
ALANSON T. CHENAULT, IV (No. 20747)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone: 504-523-2600
Attorneys for Eustis Engineering Company, Inc.

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this __22nd__ day of March, 2007, filed the foregoing pleading on the Clerk of Court by using CM/ECF system, which will send a notice of electronic filing to counsel for all parties.

/s/ Alanson T. Chenault