$0b-56$

No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

KELLY A. HUMPHREYS,

Respondent-Plaintiff,

v.

ENCOMPASS INSURANCE COMPANY,

Petitioner-Defendant.

U.S. COURT OF APPEALS

**FILED**

DEC 11 2004

CHARLES R. FULBRUGE III
CLERK

On Appeal From The United States District Court

For The Eastern District Of Louisiana

E.D. La. Docket No. 06-0169

## PETITION OF ENCOMPASS INSURANCE COMPANY
## FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
BARRASSO USDIN KUPPERMAN
        FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
        ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000

Attorneys for Petitioner-Defendant
Encompass Insurance Company

No. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

KELLY A. HUMPHREYS,

Respondent-Plaintiff,

v.

ENCOMPASS INSURANCE COMPANY,

Petitioner-Defendant.

On Appeal From The United States District Court

For The Eastern District Of Louisiana

E.D. La. Docket No. 06-0169

## PETITION OF ENCOMPASS INSURANCE COMPANY
## FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
    ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000

Attorneys for Petitioner-Defendant
Encompass Insurance Company

No. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

KELLY A. HUMPHREYS,

Respondent-Plaintiff,

v.

ENCOMPASS INSURANCE COMPANY,

Petitioner-Defendant.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**A.    Plaintiff:**

      1.    Kelly A. Humphreys

**B.    Counsel for Plaintiff:**

      2.    Robert G. Creely

      3.    Mickey P. Landry

      4.    Frank J. Swarr

      5.    The Creely Law Firm LLC

- i -

6. Landry & Swarr, LLC

C. **Defendants, Defendants' Counsel, and Related Entities:**

7. Encompass Insurance Company (a wholly owned subsidiary of Encompass Financial Group, LLC, which is a Delaware limited liability company. Encompass Financial Group, LLC is a wholly-owned subsidiary of Allstate Insurance Company, which is an Illinois insurance company. Allstate Insurance Company is a wholly-owned subsidiary of The Allstate Corporation, a Delaware corporation. The stock of The Allstate Corporation is publicly traded. No publicly-held entity owns 10% or more of the stock of The Allstate Corporation.)

8. Encompass Indemnity Company (a wholly owned subsidiary of Encompass Financial Group, LLC, which is a Delaware limited liability company. Encompass Financial Group, LLC is a wholly-owned subsidiary of Allstate Insurance Company, which is an Illinois insurance company. Allstate Insurance Company is a wholly-owned subsidiary of The Allstate Corporation, a Delaware corporation. The stock of The Allstate Corporation is publicly traded. No publicly-held entity owns 10% or more of the stock of The Allstate Corporation.)

9.     Encompass Insurance Company of America (a wholly owned subsidiary of Encompass Financial Group, LLC, which is a Delaware limited liability company.   Encompass Financial Group, LLC is a wholly-owned subsidiary of Allstate Insurance Company, which is an Illinois insurance company.   Allstate Insurance Company is a wholly-owned subsidiary of The Allstate Corporation, a Delaware corporation.   The stock of The Allstate Corporation is publicly traded.   No publicly-held entity owns 10% or more of the stock of The Allstate Corporation.)

10.    Allstate Insurance Company (a wholly-owned subsidiary of The Allstate Corporation, which is a Delaware corporation.   The stock of The Allstate Corporation is publicly traded.   No publicly-held entity owns 10% or more of the stock of The Allstate Corporation.)

11.    The Allstate Corporation (parent to Allstate Insurance Company and Allstate Indemnity Company, both being Illinois insurance companies.   The Allstate Corporation is a Delaware corporation.   The stock of The Allstate Corporation is publicly traded.   No publicly-held entity owns 10% or more of the stock of The Allstate Corporation.)

12.    Judy Y. Barrasso

13.   Richard L. Fenton

14.   Kendra K. Hartman

15.   Susan M. Rogge

16.   Barrasso Usdin Kupperman Freeman & Sarver, LLC

17.   Sonnenschein Nath & Rosenthal LLP

**D.**   **District Court Judge Rendering Decision Below**

18.   Honorable Stanwood R. Duval, Jr.

U.S. District Court for the Eastern District of Louisiana

# **TABLE OF CONTENTS**

**Pages**

Certificate of Interested Persons ...................................................................i

Table of Contents ......................................................................................v

Table of Authorities ..............................................................................vii

Introduction .................................................................................................1

I.      Relevant Factual and Procedural Background .................................3

II.     Issues On Appeal .................................................................................7

III.    Relief Sought ........................................................................................7

IV.     Reasons Why This Appeal Should Be Allowed...............................8

    A.     The Four Errors Underlying the District Court's Decision. ...............8

        1.     The District Court Erred as a Matter of Law in Construing the Encompass Water Damage Exclusion to be Triggered Only by "Naturally-Occurring" Floods ................................................8

        2.     The District Court's *Sua Sponte* Issuance of Summary Judgment Violated Due Process. ................................................8

        3.     The District Court Erred as a Matter of Law by Granting Summary Judgment for Plaintiff Because the Pleadings, Depositions, Interrogatory Answers, Admissions and Affidavits on File Did Not Demonstrate an Absence of Material Fact Issues With Respect to the Source of Plaintiff's Flood ......................................................................................11

        4.     The District Court Erred in Resolving Any Ambiguity Without Allowing Encompass to Present Evidence Bearing on the Proper Interpretation of the Disputed Provisions, Such As Evidence Going to Intent or to Industry Custom and Practice.....................................................................................13

    B.     Each of the Four Errors Merits Immediate Interlocutory Appellate Review Under § 1292(b)......................................................................15

1.    All Issues Presented for Appeal Raise Controlling Questions of Law ...................................................................................16

2.    All Issues Presented for Appeal Raise Questions as to Which There Is a Substantial Ground for Difference of Opinion. .......18

3.    An Immediate Appeal from the District Court's Order Will Materially Advance the Ultimate Termination of the Litigation ..............................................................................................18

Conclusion .............................................................................................20

## TABLE OF AUTHORITIES

**Pages**

## CASES

*Am. Marine Underwriters, Inc. v. Holloway*, 826 F.2d 1454 (5th Cir. 1987).........16

*Atlas Lubricant Corp. v. Fed'l Ins. Co. of N.J.*, 290 So. 550 (La. App. 4th Cir. 1974)...............................................................................................14

*Clardy Mfg. Co. v. Marine Midland Bus. Loans*, 88 F.3d 347 (5th Cir. 1996).......14

*Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226 (3d Cir. 1994)...............16

*Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976 (5th Cir. 1985).......15

*Fed'l Deposit Ins. Corp. v. Connecticut Nat'l Bank*, 916 F.2d 997 (5th Cir. 1990) ...............................................................................14

*Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493 (5th Cir. 2001) ...............16

*Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238 (5th Cir. 1990) ......................16

*In re Pac. Forest Prods. Corp.*, 335 B.R. 910 (S.D. Fla. 2005) ..............................19

*Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991) ...................................................17

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3rd Cir. 1974) ....................................17

*New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ....................9, 10, 16

*Russ v. Int'l Paper Co.*, 943 F.2d 589 (5th Cir. 1991) .............................................11

*Simpson v. Merch. Recovery Bureau, Inc.*, 171 F.3d 546 (7th Cir. 1999) ...............9

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656 (7th Cir. 1996).....................................................................17

*Thompson v. Shaw Group Inc.*, No. 04-1685, 2006 U.S. Dist. LEXIS 52411 (E.D. La. July 18, 2006) ........................................................................19

*Tom v. First Am. Credit Union*, 151 F.3d 1289 (10th Cir. 1998)............................10

*Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267 (5th Cir. 1990) .................14

*Washington v. Resolution Trust Corp.*, 68 F.3d 935 (5th Cir. 1995) ....................... 10

## <u>STATUTES</u>

28 U.S.C. § 1292(b) ............................................................................... *passim*

28 U.S.C § 1332 ................................................................................... 3

La. Civ. Code. Ann. art. 2053 ............................................................. 14

La. Civ. Code. Ann. art. 2056 ............................................................. 13

## <u>OTHER AUTHORITIES</u>

16 Charles Alan Wright et al., Federal Practice and Procedure § 3930
    (2d ed. 1996)................................................................................ 17

FED. R. CIV. P. 56 ........................................................................ 6, 11, 18

FED. R. APP. P. 5 ............................................................................... 1

## PETITION OF ENCOMPASS INSURANCE COMPANY
## FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

Pursuant to Rule 5, Fed. R. App. P. and 28 U.S.C. § 1292(b), defendant

Encompass Insurance Company ("Encompass") seeks permission to appeal the

district court's November 27, 2006 Order entered in this cause (the "Order," a

copy of which is attached hereto as Exhibit A). The district court certified the

Order for interlocutory review under 28 U.S.C. § 1292(b), and Encompass

respectfully prays that permission to appeal be granted by this Court. In further

support, Encompass states the following:

### INTRODUCTION

Plaintiff sued Encompass[1] seeking recovery on her homeowners policy for

water damage allegedly caused by the failure of the New Orleans levee system as a

result of Hurricane Katrina. Plaintiff had sought partial summary judgment on

whether an endorsement to her homeowner policy -- referred to as the "Hurricane

Deductible Endorsement" -- created coverage for flood damage that was otherwise

excluded in the policy. The district court correctly rejected that argument and held

that the Endorsement related only to the amount of plaintiff's deductible and did

not expand or create coverage for flood damage.

---

[1]   Plaintiff's insurance policy was issued by Encompass Indemnity Company. Plaintiff
erroneously named Encompass Insurance Company in her Petition and Motion for Partial
Summary Judgment.

However, without prior notice to Encompass or opportunity to be heard, the district court *sua sponte* granted plaintiff partial summary judgment on the issue of coverage. The court held that the insurance policy's water damage exclusion (the "Water Damage Exclusion") -- which plainly excludes damage from "flood, surface water, waves, tidal water or overflow of any body of water" -- was ambiguous because it did not distinguish between flooding that resulted from "natural" causes as opposed to flooding that resulted from human negligence, such as improper levee maintenance or design. The court ruled that the "Water Damage Exclusion" must therefore be summarily construed against Encompass and found coverage as a matter of law, even though plaintiff's motion did not go beyond the pleadings, even though discovery had not even commenced, and even though neither side proffered evidence on the source of plaintiff's flooding or whether levee failure and human negligence were to blame.

As demonstrated below, the district court erred as a matter of law in finding ambiguity. There is nothing ambiguous about the word "flood," and no way that the water inundation of New Orleans after Hurricane Katrina can be described as anything other than a "flood" as that term is understood in ordinary parlance. Indeed, plaintiff had already recovered on her separate flood policy issued through the federal National Flood Insurance Program.

Ambiguity aside, the court's summary finding of coverage was itself error. The origin of plaintiff's damage was disputed on the pleadings, and there were no depositions, admissions, affidavits or other evidentiary materials on file from which the court could have found that the source of plaintiff's flood damage was levee breach caused by human negligence, as opposed to a storm surge or other so-called "natural" phenomenon, much less that the question presented no genuine issue of material fact. Nor was Encompass given any notice that the court was even considering that question or given a fair opportunity to respond.

The district court certified that its Order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. (Ex. A at 85; 28 U.S.C. § 1292(b).) For the above reasons and as further elaborated below, Encompass requests that this Court accept its Petition and reverse the district court's decision.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued Encompass in Louisiana state court seeking recovery on her homeowners policy for alleged Hurricane Katrina-related losses. The case was removed to the court below on diversity jurisdiction. 28 U.S.C. § 1332. (Attach. B to Joint Notice of Removal (Doc. 1).) Plaintiff alleged, among other things, that "storm water drainage exerted pressure against the storm wall and levee causing

the levee and storm wall to collapse.  The levee failure and collapse of the 17th

Street Canal and London Avenue Canal resulted in storm waters being distributed

over large areas of portions of New Orleans...."  (Pet. ¶ 10.)  Plaintiff alleged that

the source of the levee failures and collapse of the canals was "inadequate

maintenance," (Am. Pet. ¶ XXI(B)) and that her residence was "inundated with

approximately 12 inches of storm water."  (Pet. ¶ XI.)  Encompass's Answer

denied these allegations for lack of knowledge.  (Answer to Compl. and Am.

Compl. ¶¶ X, XI, XXI(B) (Doc. 2).)

Plaintiff moved for partial summary judgment on the sole ground that the

policy's Hurricane Deductible Endorsement expanded coverage to include flood

damage.  (Pl.'s Mot. for Partial Summ. J. (Doc. 39).)  Indeed, plaintiff's papers

conceded that flood damage was otherwise excluded by the policy's Water

Damage Exclusion.  (*See* Pl.'s Mem. In Supp. Mot. for Partial Summ. J. 9-12 (Doc

39-3); Pl.'s Reply Mem. to Def.'s Opp'n. to Mot. for Partial Summ. J.  5 (Doc. 57)

("Plaintiff would be foolish to suggest that her policy of insurance did not contain

an exclusion for rising water.").)  In fact, plaintiff recovered $67,700 and $33,000

for dwelling and contents loss on her federal flood insurance policy.  (Encompass's

Resp. in Opp'n. to Mot. for Partial Summ. J. Ex. 2 (Doc. 52).)[2]

---

[2] Plaintiff also recovered $37,622.51 for wind damage from Encompass Indemnity Company.
(*See* Encompass's Resp. in Opp'n. to Mot. for Partial Summ. J. Ex. 2 (Doc. 52).)

After briefing, the court heard plaintiff's motion for partial summary judgment together with motions to dismiss and a motion for partial summary judgment filed in connection with cases that had been formally consolidated in the *In Re Katrina Canal Breaches Consolidated Litigation*, C.A. No. 05-4182 (the "Consolidated Litigation").  Although the court states that Humphreys "adopted" arguments presented by the other litigants, the record reflects that counsel offhandedly mentioned that he "agreed" with the arguments of other counsel and then went on to argue that the Hurricane Deductible Endorsement created coverage for Ms. Humphreys. (*See, e.g.*, Mot. Hr'g. Tr.  28:24 - 29:3, Oct. 27, 2006.)  At no time did plaintiff orally or in writing move for partial summary judgment based on the Water Damage Exclusion, nor did counsel or the court ever suggest an absence of material issues of fact with respect to whether the exclusion would apply to Humphreys' claim.

The district court ruled that the "Hurricane Deductible Endorsement" did not create or expand coverage, and therefore denied plaintiff's motion on that issue. (Ex. A at 84.)  However, going well beyond plaintiff's motion, the court, *sua sponte*, granted Humphreys' partial summary judgment on coverage.  The court held  that the Water Damage Exclusion was "ambiguous" and therefore applied only in the context of "natural" floods as opposed to flooding caused by the negligent design or maintenance of man-made structures.  (*Id.*)  However, the court

had before it no evidence regarding the source of the Humphreys' flood, and no suggestion that the question failed to present a material issue of fact.  Moreover, the court offered Encompass no opportunity to present custom and usage or other extrinsic evidence that could have been used to resolve any ambiguity.

The court's ruling that the policy language was ambiguous was error.  There is nothing ambiguous about the word "flood," and, notwithstanding the court's linguistic gyrations, New Orleans (and plaintiff) experienced a "flood" under any reasonable or commonly understood meaning of that word.  But even accepting the court's erroneous finding of ambiguity and its questionable interpretation of the exclusion as relating only to so-called "natural" floods, more was required to find coverage.  The court would have to find that the flooding of plaintiff's residence in fact resulted from negligent design or maintenance of the levees and canals.  This issue was disputed in the pleadings, and there were no depositions, admissions or affidavits before the court from which the court could determine the cause of plaintiff's flooding, let alone do so as a matter of law.  FED. R. CIV. P. 56.  Indeed, the court's *sua sponte* grant of partial summary judgment on coverage was made without adequate notice to Encompass and in violation of its right to due process.  Accordingly, and consistent with the district court's findings under 28 U.S.C. § 1292(b), this Court should grant immediate appeal from the district court's ruling.

## II.     ISSUES ON APPEAL

The issues on appeal are:

(1)     Did the district court err in ruling that the Water Damage Exclusion is ambiguous and therefore must be construed as applying only to so-called "natural" floods?

(2)     Did the district court violate Encompass's due process rights by granting partial summary judgment *sua sponte* without allowing Encompass the opportunity to present proofs or even providing notice that the court was considering the resolution of disputed factual allegations as a matter of law?

(3)     Did the district court err by granting partial summary judgment on coverage where the pleadings, depositions, admissions and affidavits on file failed to establish the absence of any genuine issue of material fact?

(4)     If the Water Damage Exclusion is ambiguous, did the court nonetheless err in construing the policy against Encompass as a matter of law, without allowing Encompass to present proofs on the merits, such as industry custom and practice, that would resolve the ambiguity without resort to the rule of *contra proferentem*?

## III.    RELIEF SOUGHT

Encompass respectfully requests that this Court review and reverse the Order granting plaintiff partial summary judgment.

IV.   **REASONS WHY THIS APPEAL SHOULD BE ALLOWED**

As demonstrated below, the district court's grant of summary judgment in favor of Ms. Humphreys raises four separate controlling questions of law, each of which merits review under 28 U.S.C. § 1292(b).

A.     **The Four Errors Underlying the District Court's Decision**

1.     **The District Court Erred as a Matter of Law in Construing the Encompass Water Damage Exclusion to be Triggered Only by "Naturally-Occurring" Floods.**

Encompass has filed a separate petition for leave to appeal the district court's denial of its Motion to Dismiss in the *Chehardy* case ("*Chehardy* Petition"). To avoid duplicative briefing, Encompass joins in its *Chehardy* Petition, to the extent that the district court erroneously found that the exclusions in the Encompass Policy in the *Humphreys* case are ambiguous, by relying on its analyses in the Consolidated Litigation including *Chehardy*. A copy of Encompass's Petition in *Chehardy* is attached hereto as Exhibit B.

2.     **The District Court's *Sua Sponte* Issuance of Summary Judgment Violated Due Process.**

The district court granted summary judgment to Ms. Humphreys on the Water Damage Exclusion and found coverage; but Humphreys herself never raised that issue. (Ex. A at 84.) Indeed, plaintiff's moving papers had acknowledged that the policy's Water Damage Exclusion otherwise excluded her flood damage. (*See* Pl.'s Mem. In Supp. Mot. for Partial Summ. J. 9-12 (Doc 39-3); Pl.'s Reply Mem.

to Def.'s Opp'n. to Mot. for Partial Summ. J. 5 (Doc. 57).) Thus, the sole issue raised by plaintiff's motion was whether the Hurricane Deductible Endorsement expanded coverage to include hurricane-related flood.

As a general rule, "a district court lacks the power to grant summary judgment *sua sponte* unless the party against whom summary judgment was entered had (1) proper notice that the district court was considering entering summary judgment and (2) a fair opportunity to present evidence in opposition to the court's entry of summary judgment." *Simpson v. Merch. Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999) (vacating summary judgment). "Under our system of justice, the opportunity to be heard is the most fundamental requirement. Without notice of an impending grant of summary judgment, a defendant has no opportunity to be heard. [Lacking such opportunity, the defendant is] denied due process of law and the judgment against him is void." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (vacating summary judgment) (citations omitted).

The sole issue raised by plaintiff's own papers was the proper construction of the Hurricane Deductible Endorsement. Plaintiff's papers did not raise the Water Damage Exclusion except to concede that it applied. Encompass had no notice that the court intended to address the Water Damage Exclusion in its summary judgment ruling, nor was Encompass given an opportunity to present

either extrinsic evidence or proofs on the disputed issues of whether plaintiff's

flooding was in fact the result of negligent maintenance of the levees or canals.

In similar circumstances, this Court reversed a grant of summary judgment:

> Because RTC's motion for summary judgment was based
> on the issue of duty, Washington argued that he did not
> have notice that the district court would reach the
> questions of breach and causation, and for that reason did
> not submit summary judgment evidence on those
> questions. ... On appeal, Washington contends that the
> district court erred in denying him the opportunity to
> supplement his summary judgment record prior to ruling
> on breach and causation.  We agree.

*Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995).  *See, also,*

*Tom v. First Am. Credit Union*, 151 F.3d 1289, 1294 (10th Cir. 1998) (non-moving

party not required to address issues not raised by movant in summary judgment

motion).

By granting summary judgment in favor of Ms. Humphreys on an issue that

had never been briefed, as to which Encompass had no notice, and on which

Ms. Humphreys had presented no evidence whatever, the district court violated

Encompass's fundamental due process rights, and the Order should be reversed.

*New York Life Ins. Co.*, 84 F.3d at 143.

3.   **The District Court Erred as a Matter of Law by Granting Summary Judgment for Plaintiff Because the Pleadings, Depositions, Interrogatory Answers, Admissions and Affidavits on File Did Not Demonstrate an Absence of Material Fact Issues With Respect to the Source of Plaintiff's Flood.**

Rule 56 permits summary judgment only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of material fact." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991). This initial burden remains with the moving party "even when the issue involved is one on which the non-movant will bear the burden of proof at trial." *Id.*

The district court ruled that damage from water naturally overflowing a dam or levee ***would*** be covered under Humphreys' policy, whereas water damage caused by human error in connection with a dam or levee failure ***would not***. (Ex. A at 59, 84.) Even accepting that erroneous ruling, Ms. Humphreys could have properly obtained summary judgment under Rule 56 only if she demonstrated the absence of a material issue of fact as to the type of flood that caused her loss. But the cause of Ms. Humphreys' loss was disputed in the pleadings: Encompass's

answer denied for lack of knowledge plaintiff's contention that the cause of her

loss was a levee breach or bridge collapse.  (Answer to Compl. and Am. Compl. ¶

¶ X, XI (Doc. 2).)  Discovery had not even begun: there were no depositions, or

admissions, or interrogatory answers on file, and the affidavits presented did not

address the issue of the flood's cause because Humphreys' motion was directed

solely to the  Hurricane Deductible Endorsement.  In short, the record revealed

only that the issue was very much in dispute.

    In other portions of its consolidated opinion, the district court clearly

recognized that summary disposition in such circumstances was not appropriate.

For example, in its ruling on Allstate Insurance Company's motion to dismiss the

*Chehardy* action, the court acknowledged that its ruling on the scope of a particular

policy exclusion was not dispositive of coverage:

> Obviously, in the event that there is proof adduced with
> respect to an individual claim that the actual cause of the
> damage to that individual home ***was actually caused*** by
> the types of occurrences described in these exclusions,
> then a finder of fact could find these exclusions to be
> operative.

(Ex. A at 69 (emphasis added).)  And in connection with the *Xavier* action against

Travelers Insurance Company, the district court specifically declined to enter

partial summary judgment against Travelers:

> This Court finds that the Water Damage Exclusion as
> found in [plaintiff's] Travelers policy is ambiguous and
> as such affords [plaintiff's]  coverage for damages sought

> *provided that [plaintiff] can prove that the flooding it*
> *experienced was caused by the negligence of man. . . .*
>
> However, the Court cannot as a matter of law find that
> the damages to [plaintiff's] campus following Hurricane
> Katrina were caused by ground water which came from
> the collapses of the 17th Street Canal and the London
> Avenue Levees. ***Obviously, there are questions of fact***
> ***which preclude the granting of [plaintiff's] motion in***
> ***that regard.***

(Ex. A at 58-59 (emphasis added).)

What was true for Allstate and Travelers was equally true for Encompass.

There were remaining issues of fact regarding the source of Ms. Humphreys'

flooding that were yet to be determined before a finding of coverage could be

made.  It is not clear why the court denied Xavier's motion for partial summary

judgment on coverage against Travelers, yet granted precisely such relief against

Encompass, where the applicable motion had not even been made.  What is clear is

that the court's grant of partial summary judgment was error.

> **4.      The District Court Erred in Resolving Any Ambiguity**
> **Without Allowing Encompass to Present Evidence Bearing**
> **on the Proper Interpretation of the Disputed Provisions,**
> **Such As Evidence Going to Intent or to Industry Custom**
> **and Practice.**

Upon finding the Water Damage Exclusion ambiguous, the court construed

the policy in favor of Ms. Humphreys under the rule *contra proferentem*.  But that

rule is a rule of last resort, to be invoked only after other rules of construction have

failed to settle the meaning of the ambiguous provision.  LA. CIV. CODE art. 2056

(*contra proferentem* applies only "in case of doubt *that cannot be otherwise resolved*") (emphasis added); *Clardy Mfg. Co. v. Marine Midland Bus. Loans*, 88 F.3d 347, 355 (5th Cir. 1996) ("the rule of *contra proferentem* 'is not one of the favored rules of construction. Indeed, it is said that it is to be resorted to only when the other rules fail.'") (citation omitted); *Fed'l Deposit Ins. Corp. v. Connecticut Nat'l Bank*, 916 F.2d 997, 1006 (5th Cir. 1990) (same).

Such "other rules of construction" include that an ambiguous contract is to be interpreted in light of any evidence going to the intent of the parties and the practice and custom in the relevant industry. LA. CIV. CODE. ANN art. 2053 (2006) (where contract meaning is "doubtful," Louisiana allows consideration of extrinsic evidence to determine "the nature of the contract, equity, *usages*, the conduct of the parties before and after the formation of the contract and other contracts of a like nature between the same parties" (emphasis added)); *Atlas Lubricant Corp. v. Fed'l Ins. Co. of N.J.,* 293 So. 550, 553-54 (La. App. 4th Cir. 1974) (court properly looked to parol evidence to clarify ambiguity in insurance policy); *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990) (looking to custom and usage to construe ambiguity in an insurance contract).

Before construing the policy language against Encompass and finding coverage for plaintiff as a matter of law, the district court was required to give Encompass the opportunity to submit evidence -- such as custom and usage

evidence -- bearing on the meaning of the supposedly ambiguous provision. Instead, the district court made an overreaching determination on the ultimate coverage issue based solely on the pleadings, and before Encompass was even on notice that the interpretation of its Water Damage Exclusion was at issue.

By thus short-circuiting the proper process for resolving a dispute about the meaning of an ambiguous contractual provision, the district court erred and the entry of partial summary judgment should be reversed.

**B.     Each of the Four Errors Merits Immediate Interlocutory Appellate Review Under § 1292(b).**

An order is appropriate for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if:  (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Under § 1292(b), the entire order -- not just the "controlling question" identified by the district court -- is certified for appeal.  *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 984 n.16 (5th Cir. 1985).

The requirements of § 1292(b) are met with respect to all issues presented by Encompass for appeal.