No. 06-56 _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

*U.S. COURT OF APPEALS*
*DEC 11 2006*
*NEW ORLEANS, LA.*

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO INSURANCE

*Chehardy*, C.A. Nos. 06-1672, 06-1673, 06-1674

GLADYS CHEHARDY, et al.,

Respondents-Plaintiffs,

v.

STATE FARM FIRE & CAS. CO., et al.,

Petitioners-Defendants.

U.S. COURT OF APPEALS
**FILED**
DEC 11 2004
CHARLES R. FULBRUGE III
CLERK

---

On Appeal From The United States District Court

For The Eastern District Of Louisiana

E.D. La. Docket No. 05-4182

---

**PETITION OF ENCOMPASS INDEMNITY COMPANY**
**FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)**

---

Judy Y. Barrasso
Edward R. Wicker, Jr.
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
    ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000

*Attorneys for Petitioner*
*Encompass Indemnity Company*

No. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO INSURANCE

*Chehardy*, C.A. Nos. 06-1672, 06-1673, 06-1674

GLADYS CHEHARDY, et al.,

Respondents-Plaintiffs,

v.

STATE FARM FIRE & CAS. CO., et al.,

Petitioners-Defendants.

On Appeal From The United States District Court
For The Eastern District Of Louisiana
E.D. La. Docket No. 05-4182

## PETITION OF ENCOMPASS INDEMNITY COMPANY
## FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

Judy Y. Barrasso
Edward R. Wicker, Jr.
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Richard L. Fenton
Kendra K. Hartman
SONNENSCHEIN NATH &
    ROSENTHAL LLP
7800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-8000

*Attorneys for Petitioner*
*Encompass Indemnity Company*

No. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO INSURANCE

*Chehardy*, C.A. Nos. 06-1672, 06-1673, 06-1674

GLADYS CHEHARDY, et al.,

Respondents-Plaintiffs,

v.

STATE FARM FIRE & CAS. CO., et al.,

Petitioners-Defendants.

On Appeal From The United States District Court
For The Eastern District Of Louisiana
E.D. La. Docket No. 05-4182

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

i

A. **Plaintiffs:**

      1.    Gladys Chehardy

      2.    Daniel Fontanez

      3.    Jacquelyn Fontanez

      4.    Larry Forster

      5.    Glenda Forster

      6.    Kenneth Maier

      7.    Judith Maier

      8.    Randy Gervais

      9.    Lori Gervais

      10.    Andre Mauberret

      11.    Marlin Mauberret

      12.    Debbie Strawn

      13.    Dave Strawn

      14.    Stephanie Boyd

      15.    Brad Boyd

      16.    New Orleans Flooring Supply, Inc.

      17.    Shawn Burst

      18.    Angelina Burst

      19.    Susan Brown (incorrectly identified as Patricia Brown in Amended Complaint)

      20.    Marie Fatheree

      21.    Katrina Daniels

22.  Lionel Jones

23.  Edna Jones

24.  Karen Lewis

25.  Shane Sylvester

26.  Austra Zapata

27.  Sabrina Perkins

28.  Eldridge Pollard

29.  Michael Peterson

30.  Wendell Glation

31.  Mack Barham

**B.  Counsel for Plaintiffs:**

32.  Joseph M. Bruno

33.  David S. Scalia

34.  Bruno & Bruno

35.  Joseph J. McKernan

36.  Gordon J. McKernan

37.  Chet Boudreaux

38.  McKernan Law Firm

39.  Calvin C. Fayard, Jr.

40.  Fayard & Honeycutt

41.  John N. Ellison

42.  Darin McMullen

43.   Anderson Kill & Olick, PC

44.   Drew Ranier

45.   N. Frank Elliot, III

46.   Ranier, Gayle & Elliot, L.L.C.

**C.     Defendants, Defendants' Counsel, and Related Entities:**

47.   Great Northern Insurance Company

48.   Steven W. Usdin

49.   Edward R. Wicker, Jr.

50.   Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.

51.   State Farm Fire & Casualty Company

52.   Wayne J. Lee

53.   Stephen G. Bullock

54.   Sarah House Barcellona

55.   Stone, Pigman, Walther, Wittmann, LLC

56.   Allstate Insurance Company (a wholly-owned subsidiary of The
      Allstate Corporation, which is a Delaware corporation.  The
      stock of The Allstate Corporation is publicly traded.  No
      publicly-held entity owns 10% or more of the stock of The
      Allstate Corporation.)

57.   Allstate Indemnity Company (a wholly-owned subsidiary of
      Allstate Insurance Company, which is an Illinois insurance

company.  Allstate Insurance Company is a wholly-owned
subsidiary of The Allstate Corporation, a Delaware corporation.
The stock of The Allstate Corporation is publicly traded.  No
publicly-held entity owns 10% or more of the stock of The
Allstate Corporation.)

58.   The Allstate Corporation (parent to Allstate Insurance
      Company and Allstate Indemnity Company, both being Illinois
      insurance companies.  The Allstate Corporation is a Delaware
      corporation.  The stock of The Allstate Corporation is publicly
      traded.  No publicly-held entity owns 10% or more of the stock
      of The Allstate Corporation.)

59.   Encompass Insurance Company (a wholly owned subsidiary of
      Encompass Financial Group, LLC, which is a Delaware limited
      liability company.  Encompass Financial Group, LLC is a
      wholly-owned subsidiary of Allstate Insurance Company,
      which is an Illinois insurance company.  Allstate Insurance
      Company is a wholly-owned subsidiary of The Allstate
      Corporation, a Delaware corporation.  The stock of The Allstate
      Corporation is publicly traded.  No publicly-held entity owns
      10% or more of the stock of The Allstate Corporation.)

60.   Encompass Insurance Company of America (a wholly owned
      subsidiary of Encompass Financial Group, LLC, which is a
      Delaware limited liability company.  Encompass Financial
      Group, LLC is a wholly-owned subsidiary of Allstate Insurance
      Company, which is an Illinois insurance company.  Allstate
      Insurance Company is a wholly-owned subsidiary of The
      Allstate Corporation, a Delaware corporation.  The stock of The
      Allstate Corporation is publicly traded.  No publicly-held entity
      owns 10% or more of the stock of The Allstate Corporation.)

61.   Encompass Indemnity Company (a wholly owned subsidiary of
      Encompass Financial Group, LLC, which is a Delaware limited
      liability company.  Encompass Financial Group, LLC is a
      wholly-owned subsidiary of Allstate Insurance Company,
      which is an Illinois insurance company.  Allstate Insurance
      Company is a wholly-owned subsidiary of The Allstate
      Corporation, a Delaware corporation.  The stock of The Allstate
      Corporation is publicly traded.  No publicly-held entity owns
      10% or more of the stock of The Allstate Corporation.)

62.   Liberty Mutual Fire Insurance Company

63.   Judy Y. Barrasso

64.   Richard L. Fenton

65.    Kendra K. Hartman

66.    H. Minor Pipes, III

67.    Lafayette Insurance Company

68.    Howard Bruce Kaplan

69.    Bernard, Cassisa, Elliot & Davis

70.    The American Insurance Company

71.    Kelly Cambre Bogart

72.    Nicole McDaniel Bowen

73.    Jamie Michele Cambre

74.    Kevin R. Derham

75.    Lawrence J. Duplass

76.    Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock

77.    AAA Homeowners Auto Club Family Insurance Company

78.    Alan J. Yacoubian

79.    Neal J. Favret

80.    Johnson, Johnson, Barrios & Yacoubian

81.    Louisiana Citizens Property Insurance Corporation

82.    John William Waters, Jr.

83.    Gregory J. McDonald

84.    Bienvenu, Foster, Ryan & O'Bannon

85.    Traveler's Property Casualty Company of America

86.   Stephen E. Goldman

87.   Wystan M. Ackerman

88.   Robinson & Cole, L.L.P.

89.   Ralph Shelton Hubbard, III

90.   Seth Andrew Schmeekle

91.   Joseph Pierre Guichet

92.   Tina L. Garmon

93.   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

94.   Lexington Insurance Company

95.   Robert I. Siegel

96.   John E. Baay, III

97.   Daniel Gibbons Rauh

98.   Geiger, LaBorde & Laperouse, L.L.C.

99.   Richard Doren

100.  Anthony Edelstein

101.  Daniel W. Nelson

102.  Gibson, Dunn & Crutcher

103.  AEGIS Security Insurance Company

104.  Maura Zivalich Pelleteri

105.  Andrea A. Mittleider

106.  Amy M. Seltzer

107.  Krebs, Farley & Pelleteri, L.L.C.

108.  Hanover Insurance Company

109.  Paul E.B. Glad

110.  David R. Simonton

111.  Andrew R. Greene

112.  Sonnenschein Nath & Rosenthal LLP

113.  Kristopher T. Wilson

114.  LaDonna Grey Wilson

**D.    District Court Judge Rendering Decision Below:**

115.  Honorable Stanwood R. Duval, Jr.
U.S. District Court for the Eastern District of Louisiana

# **TABLE OF CONTENTS**

**Page**

Certificate of Interested Persons ............................................................................i

Table of Contents .....................................................................................................x

Table of Authorities ............................................................................................xii

Introduction ..............................................................................................................1

I.    Relevant Factual and Procedural Background ...............................................3

      A.    The Plaintiffs' Claims .........................................................................3

      B.    Encompass's Policy Language...........................................................3

      C.    District Court Proceedings .................................................................5

II.   Issue on Appeal ...............................................................................................6

III.  Relief Sought ...................................................................................................6

IV.   Reasons Why This Appeal Should Be Allowed.............................................6

      A.    There Is Substantial Ground For Difference of Opinion on the
            District Court's Contract Interpretation. ...........................................6

            1.    The Courts Have Enforced the Water Damage Exclusions
                  Whether the Flood was "Natural" or "Man-Made."..................9

            2.    In Enacting the National Flood Insurance Program, Congress
                  Likewise Did Not Differentiate Between "Natural" and
                  "Man-Made" Floods. ...............................................................11

            3.    The Faulty Workmanship Exclusion Unambiguously
                  Excludes Plaintiffs' Claims .....................................................12

      B.    This Case Involves Controlling Questions of Law. ...........................14

C.    Interlocutory Appeal Will Materially Advance the Ultimate
      Termination of This Litigation...........................................................16

Conclusion ....................................................................................................18

# TABLE OF AUTHORITIES

**PAGES**

## CASES

*Aetna Ins. Co. v. United States*, 628 F.2d 1201 (9th Cir. 1980),
    *cert. denied*, 450 U.S. 1025 (1981) .........................................................11, 12

*Am. Marine Underwriters, Inc. v. Holloway*, 826 F.2d 1454 (5th Cir. 1987).........14

*Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 613 (S.D.N.Y.), *aff'd*,
    312 F.2d 236 (2d Cir. NY 1962) ...................................................................16

*Atlas Lubricant Corp. v. Fed. Ins. Co. of N.J.*, 293 So. 2d 550
    (La. Ct. App. 4th Cir. 1974) ..........................................................................12

*Bailey v. Battiest Constr. Co.*, 809 So. 2d 1118 (La. Ct. App. 4th Cir. 2002) ......6, 7

*Bartlett v. Cont'l Divide Ins. Co.*, 697 P.2d 412 (Colo. Ct. App. 1984),
    *aff'd*, 730 P.2d 308 (Col. 1986) ...................................................................10

*BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) ................................................13

*Buente v. Allstate Ins. Co.*, No. 05-712, 2006 WL 980784 (S.D. Miss. Apr. 12,
    2006)................................................................................................................10

*Cotton Bros. Cypress Co. v. Home Ins. Co. of N.Y.*, 84 So. 792 (La. 1920) ............7

*Dobson v. Allstate Ins. Co.*, No. 06-0252, 2006 WL 2078423
    (E.D. La. Jul. 21, 2006) ...................................................................................9

*Dorsey v. Metro. Life Ins. Co.*, 145 So. 304 (La. Ct. App. 1933) .............................7

*E.B. Metal & Rubber Indust. Inc. v. Fed. Ins. Co.* 444 N.Y.S.2d 321
    (N.Y. App. Div. 1981).....................................................................................11

*Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606
    (S.D. Miss. 2001)............................................................................................10

*Fla. E. Coast Ry. Co. v. United States.*, 519 F.2d 1184 (5th Cir. 1975) .................8

*Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238 (5th Cir. 1990) .....................14

*Gopher Oil Co. v. Union Oil Co.*, 757 F. Supp. 998 (D. Minn. 1991).....................16

*Hardware Dealers Mut. Ins. Co. v. Berglund*, 393 S.W.2d 309 (Tex. 1965) .........10

*Indus. Enclosure Corp. v. N. Ins. Co.*, No. 97-6850, 2000 WL 1029192
    (N.D. Ill. Jul. 26, 2000)................................................................................11

*Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991) ..................................................15

*Kane v. Royal Ins. Co. of Am.*, 768 P.2d 678 (Col. 1989) ........................................10

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3rd Cir. 1974) .............................14, 15

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) ...........................15

*Landgraf v. USI Film Prod.*, 511 U.S. 244 (1994) ...................................................13

*Paschall v. Kansas City Star Co.*, 605 F.2d 403 (8th Cir. 1979),
    *rev'd in part on other grounds*, 955 F.2d 519 (8th Cir. 1992)......................17

*Quesada v. Dir. Fed. Emergency Mgmt. Agency*, 577 F. Supp. 695 (S.D.
    Fla. 1983), *aff'd*, 753 F.2d 1011 (11th Cir. 1985)........................................10

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
    86 F.3d 656 (7th Cir. 1996)...........................................................................14

*Stidham v. Tex. Comm'n on Private Sec.*, 418 F.3d 486 (5th Cir. 2005) ...............13

*TNT Speed & Sport Ctr. Inc. v. Am. States Ins. Co.*, 114 F.3d 731
    (8th Cir. 1997) ...............................................................................................10

*Travelers Indem. Co. v. Powell Ins. Co.*, No. 95-4188, 1996 WL 578030
    (E.D. La. Oct. 4, 1996) ...................................................................................9

*Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267 (5th Cir. 1990) ................12

*Valley Forge Ins. Co. v. Hicks Thomas Lilienstern, L.L.P.*, 174 S.W.3d 254
  (Tex. Ct. App. 2004) .................................................................................. 11

*W. Nat'l Mut. Ins. Co. v. Univ. of N.D.*, 643 N.W.2d 4 (N.D. 2002) ........................ 8

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1190
  (E.D. Pa. 1980) .......................................................................................... 17

## STATUTES

28 U.S.C § 1292(b) ................................................................................... *passim*

33 U.S.C. § 702 ........................................................................................... 12

42 U.S.C. § 4001 .......................................................................................... 11

LA. CIV. CODE art. 2046 .................................................................................. 7

LA. CIV. CODE art. 2047 .................................................................................. 6

LA. CIV. CODE art. 2052 .................................................................................. 8

LA. CIV. CODE art. 2053 ................................................................................. 12

LA. CIV. CODE art. 2056 ................................................................................. 12

## OTHER AUTHORITY

16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
  PROCEDURE §§ 3929-30 (2d ed. 1996). .................................................. 15, 17

44 C.F.R. Pt. 61, App. A ............................................................................... 11

44 C.F.R. § 59.1 .......................................................................................... 11

U.S. CONST. ART. I, § 10 ................................................................................ 13

**INTRODUCTION**

Encompass Indemnity Company ("Encompass") respectfully seeks

permission to file an interlocutory appeal from the Order ("Order") entered on

November 27, 2006, by the Honorable Judge Stanwood R. Duval, Jr. of the United

States District Court for the Eastern District of Louisiana, in *Chehardy et al. v.*

*State Farm et al.*, Nos. 06-1672, 06-1673, and 06-1674 ("*Chehardy*"), which is one

of the many hurricane lawsuits under the caption *In re Katrina Canal Breaches*

*Consolidated Litigation*, No. 05-4182 ("Consolidated Litigation").  A copy of the

Order is attached hereto as Exhibit A.

The district court's ruling has far-reaching implications for thousands of

individual Hurricane Katrina cases and class actions pending against insurance

carriers in Louisiana federal and state courts.  Most of these cases in one form or

another involve coverage issues and the scope of the exclusions for flood and water

damage.  The issues presented are therefore of great importance to the region, the

insurance industry, and policyholders alike.  They require prompt and immediate

consideration.

The district court certified its Order for interlocutory appeal under 28 U.S.C.

§ 1292(b), finding among other things that the Order involved "controlling

question[s] of law as to which there is a substantial ground for a difference of

opinion…." (Ex. A at 85.)  There is certainly "substantial ground" for difference of

1

opinion here.  For more than 80 years, courts, commentators, Congress and state

insurance departments, including the Louisiana Department of Insurance, have

publicly recognized that homeowner policies typically do not cover flood damage.

Encompass's policies are no exception.  They clearly exclude any loss

"[c]aused by water damage, meaning flood, surface water, waves, tidal water or

overflow of any body of water, or spray from any of these, whether or not driven

by wind."  Yet based on a contrived distinction between so-called "natural" floods

and "man-made" floods -- a distinction ***not*** made in Encompass's policy forms --

the district court here essentially rewrote the policies to create coverage where

none exists.  It held that to the extent plaintiffs' losses were caused by failed levees

that were improperly maintained or designed, the flooding of New Orleans was

somehow not a "flood," and the losses somehow were not "caused by water

damage" or "flood."[1]

An overwhelming weight of jurisprudence, including the Eighth Circuit,

Colorado Supreme Court and state appellate courts, have enforced similar or

identical water exclusions, including in cases involving so-called "man-made"

floods.  The district court's holding is at odds both with these authorities and with

the plain, ordinary meaning of the policy language.  Accordingly, and as more

---

[1]     The court also held that Encompass's exclusion for faulty workmanship was inapplicable because it contained an "ensuing loss provision."  Ex. A at 47-49 and 76.

fully set forth below, this Court should accept the district court's certification and grant Encompass leave to appeal the district court's ruling.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Plaintiffs' Claims

*Chehardy* is a putative class action against Encompass and other insurance carriers seeking coverage under homeowner policies for water damage allegedly caused by Hurricane Katrina.  Plaintiffs contend that the water damage exclusions in their homeowner policies do not apply because the water damage they suffered resulted from windstorm, storm surge and/or from negligence in the design, maintenance or use of the New Orleans levee systems.[2]  (Am. and Restated Compl. ¶¶ 59-64 (Doc. 516).)  Plaintiffs, under a variety of legal theories, seek declaratory relief, contract damages, and extracontractual bad faith penalties pursuant to La. R.S. 22:1220. (*Id.* ¶¶ 51-69; 70-100.)

### B.    Encompass's Policy Language

Encompass moved to dismiss plaintiffs' complaint based on separate exclusions in Encompass's homeowner policies -- the "water damage" exclusion and the "faulty workmanship" exclusion -- either one of which excludes coverage for plaintiffs' alleged losses.

---

[2]    The district court's Order focuses almost exclusively on the plaintiffs' allegations regarding levee breaches, rather than "windstorm" or "storm surge."

**The Water Damage Exclusion**

Encompass's water damage exclusion excludes any loss:

    a.    Caused by water damage, meaning:

        1.    Flood, surface water, waves, tidal water, or overflow of a body of water, or spray from any of these, whether or not driven by wind;

        2.    Water which backs up through sewers or drains;

        3.    Water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

        4.    Water emanating from a sump pump, sump pump well or similar device designed to prevent overflow, seepage or leakage of subsurface water.

(Encompass's Motion to Dismiss Ex. A ("Policy") ALST 00176-77 (Doc. 923-4).)

**The Faulty Workmanship Exclusion**

In addition, the Encompass policy expressly exclude any loss:

    g.    To covered real property caused by any of the following. However, any ensuing loss not excluded or excepted in this policy is covered.

        (1)    Weather conditions.  However, this exclusion applies only if weather conditions contribute in any way with a cause on (sic) event otherwise excluded to produce the loss.

        (2)    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

        (3)    Faulty, inadequate or defective:

            (a)    Planning, zoning, development, surveying, siting;

4

 (b) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

 (c) Materials used in repair, construction, renovation or remodeling; or

 (d) Maintenance;

of part or all of any property whether on or off your residence premises.

(*Id.* at ALST 00178-79.)

## C. District Court Proceedings

Based on these clear and unambiguous exclusions, Encompass moved to dismiss plaintiffs' complaint. Encompass incorporated and adopted by reference the 12(b)(6) motions to dismiss filed by Allstate Insurance Company, Allstate Indemnity Company, and other moving defendants. Employing a lengthy and hyper-technical linguistic analysis, and contrary to established jurisprudence as well as plain meaning, the district court held that the flooding of New Orleans as a result of levee breach was somehow not a "flood" or "water damage" within the plain meaning of the policy because the policy does not "clearly exclude water damage caused by negligent acts of man." The court likewise refused to enforce the faulty workmanship exclusion. (Ex. A at 76.) The court certified its ruling for immediate appeal under 28 U.S.C. § 1292(b). (*Id.* at 85.)

II.     **ISSUE ON APPEAL**

Is flood or water damage allegedly resulting from a breach of the New

Orleans levees due to improper design or maintenance excluded under

Encompass's homeowner policies?

III.    **RELIEF SOUGHT**

Encompass respectfully requests that this Court review and reverse the

district court's Order.  Flood damage caused by levee breaches is clearly excluded

under Encompass's homeowner policies, and *Chehardy* should be dismissed in its

entirety.

IV.     **REASONS WHY THIS APPEAL SHOULD BE ALLOWED**

An order is appropriate for immediate interlocutory appeal pursuant to 28

U.S.C. § 1292(b) if: (1) the order involves a controlling question of law; (2) there

is a substantial ground for difference of opinion as to that question; and (3) an

immediate appeal from the order may materially advance the ultimate termination

of the litigation.  The district court correctly found that all three requirements are

met here.  (Ex. A at 85.)

A.      **There Is Substantial Ground for Difference of Opinion on the
        District Court's Contract Interpretation.**

Where, as here, words in a contract are not otherwise defined, they must be

given their "generally prevailing" meaning.  LA. CIV. CODE art. 2047; *Bailey v.*

*Battiest Constr. Co.,* 809 So. 2d 1118, 1120 (La. Ct. App. 4th Cir. 2002) (meaning

6

of contract is to be determined "in accordance with the general, ordinary, plain and popular meaning of the words used in the policy"). Virtually every newspaper, every news broadcast, every internet site and blog and every discussion regarding Hurricane Katrina described the "flooding" of the City of New Orleans.[3] The district court itself admitted, "[c]ertainly the damage sued upon was caused by flooding." (Ex. A at 44.) The "generally prevailing meaning" of the term "flood" plainly includes the flooding of New Orleans.

Nonetheless, the district court concluded that, to the extent that the source of the flooding was levee breach or canal failure, New Orleans' post-Katrina deluge was somehow not a "flood." To reach this absurd result, the Court in part claimed to apply certain canons of construction. (Ex. A at 7-14, 74-76.) But "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE art. 2046. The doctrines of *ejusdem generis* and *noscitur a sociis* are canons of construction designed to *resolve* the meaning of a contract *after* it has been found ambiguous, not to introduce ambiguity where the words used are otherwise clear. LA. CIV. CODE art. 2046; *Dorsey v. Metro. Life Ins. Co.*, 145 So. 304, 310 (La. App. 1933) (Westerfield, J., concurring); *Cotton Bros. Cypress Co. v. Home Ins.*

---

[3]    A Google search of "New Orleans Flood 2005" yields more than one million sites. A similar search on Yahoo! yields nearly three million sites.

*Co. of N.Y.*, 84 So. 792, 794 (La. 1920). Moreover, in finding that the

unambiguous term "flood" was modified because it was followed by examples of

supposedly "natural" events, the court ran directly afoul of LA. CIV. CODE ANN. art

2052, which provides that "When the parties intend a contract of general scope but,

to eliminate doubt, include a provision that describes a specific situation,

**_interpretation must not restrict the scope of the contract to that situation alone._**"

The district court therefore manufactured ambiguity where it does not exist.

There is nothing ambiguous about the term "flood."[4]  A "flood" is "[w]ater which

inundates an area of the surface of the earth where it ordinarily would not be

expected to be." *Fla. E. Coast Ry. Co. v. United States,* 519 F.2d 1184, 1192 (5th

Cir. 1975). *See, also, W. Nat'l Mut. Ins. Co. v. Univ. of N.D.*, 643 N.W.2d 4, 10

(N.D. 2002) (plain meaning of flood is "overflowing of water on an area normally

dry").

Reading the Encompass policy and exclusions as a whole, there is no way

that any reasonable policyholder, applying the ordinary and generally prevailing

---

[4]      Although the court claimed to rely in part on dictionary definitions (Ex. A at 25-27), the
definitions cited do not support the court's argument that "flood" is by definition limited to
"natural" phenomena.  It is noteworthy that the Oxford English Dictionary defines a "flood" as
"an overflow of a large amount of water over dry land," while the American Heritage Dictionary
of the English Language  [4th Ed.] defines "flood" as "[a]n overflowing of water onto land that is
normally dry."  Either definition unquestionably describes the post-Katrina inundation of New
Orleans.

meaning to the words used, could conclude that his Encompass policy covered "flood" losses of any kind.

Nor could a reasonable policyholder conclude that negligent design or construction of levees was covered in the face of plain language excluding coverage for "[f]aulty, inadequate or defective ... [d]esign, specifications, workmanship, repair, construction . . . or . . . [m]aintenance of part or all of any property whether on or off your residence premises."

Plainly put, the court below disregarded the contract terms, ignored relevant case law and statutory provisions, and substituted non-sensical, hyper-technical linguistics for plain meaning, ultimately arriving at a conclusion that was completely contrary to the express and unambiguous intent of the drafter.

### 1.    The Courts Have Enforced the Water Damage Exclusions Whether the Flood was "Natural" or "Man-Made."

Not surprisingly, the courts have routinely enforced water damage exclusions similar to Encompass's as valid and unambiguous.  Recently, Judge Vance in the Eastern District of Louisiana held that Allstate Insurance Company's flood exclusion is "clearly worded" and that the "clear policy language" excluded flooding caused by hurricanes. *Dobson v. Allstate Ins. Co.*, No. 06-0252, 2006 WL 2078423, at *11 (E.D. La. Jul. 21, 2006).  In fact, the court held that the policy language was so clear that an insured could not justifiably rely on an agent's alleged oral representation that the policy covered flood. *Id. See, also, Travelers*

9