Only Section 1 would be arguably applicable by operation of the facts in the instant matter, and the reasons given for the denial of the ISO provisions with respect to the Water Damage Exclusion operate equally in this instance.

### 2. Other Exclusions

The other provisions that would apparently mirror the arguments made in the other briefs noted are found at Section 2. of the LOSSES WE DO NOT COVER portion of the policy which states:

> 2.   Real Property. We do not insure for loss:
> 
> . . .
> 
> g.   To covered real property caused by any of the following. **However, any ensuing loss not excluded or excepted in this policy is covered.**
> 
> (1)   Weather conditions. However, this exclusion applies only if weather conditions contribute in any way with a cause on (sic) event otherwise excluded to produce the loss.
> 
> (2)   Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.
> 
> (3)   Faulty, inadequate or defective:
> 
> (a)   Planning, zoning, development, surveying, siting;
> 
> (b)   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> 
> (c)   materials used in repair, construction, renovation or remodeling; or
> 
> (d)   Maintenance;
> 
> of part or all of any property whether on or off your residence premises.

(ALST 00178-79)(emphasis added). Considering the ensuing loss provision above, the Court likewise for all of the reasons stated previously finds that these exclusions do not operate to exclude coverage for the damages sought in *Chehardy* with respect to losses from water damage.

Again, the Court will deny the motion insofar as it seeks any dismissal of any extra-contractual issues as premature. Thus, the Encompass Indemnity Company's Motion to Dismiss (Doc. 923) will be denied.

### F.     Great Northern Insurance Company's Motion to Dismiss (Doc. 936)

Great Northern adopted the Motion to Dismiss of Allstate and relies on the following specific policy language contained in its policy as concerns its argument with respect to the Water Damage Exclusion:

> EXCLUSIONS
> These exclusion apply to your Deluxe House Coverage, including the Extra Coverages, unless stated otherwise.
>
> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
> . . .
> **Surface water.** We do not cover any loss caused by:
> • flood, surface water, waves, tidal water, or water borne material from any of these;
> • overflow of water or water borne material from a body of water;
> • run off of water or water borne material from a paved surface, driveway, walkway, patio, or other similar surface; or
> • spray from any of these,
>
> from any source, even if driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

(Exhibit A, CH-FOR-020 and Exhibit B CH-BAR-018.)     This exclusion again does not clearly exclude water damage caused by negligent or intentional acts of man. It does not address the ambiguity of the term "flood" and the fact that all of the listed "causes" appear to be the result of natural occurences, not the monumental civil engineering debacle that is alleged by plaintiffs.

77

For the reasons assigned in *Vanderbrook* and in the previous sections dealing with ISO and Allstate's motions in *Chehardy,* the Court finds that the Motion to Dismiss based on this exclusion is without merit.

As to the Faulty Planning, Construction or Maintenance, the following language appears in the same Exclusion section as above:

> These exclusion apply to your Deluxe House Coverage, including the Extra Coverages, unless stated otherwise.
>
> The words ⒞aused by⒪ mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> . . .
>
> **Faulty planning, construction or maintenance.** We do not cover any loss caused by the faulty acts, errors or omissions of you or any other person in planning, construction or maintenance. It does not matter whether the faulty acts, errors or omissions take place on or off the insured property. **But we do insure ensuing covered loss unless anther exclusion applies.** ⒫lanning⒪ includes zoning, placing, surveying, designing, compacting, setting specifications, developing property and establishing building codes or construction standards.  ⒞onstruction⒪ includes materials, workmanship, and parts or equipment used for construction or repair.

(Exhibit A, CH-FOR-021 and Exhibit B CH-BAR-019.) (emphasis added). Again, for all the reasons previously assigned in *Vanderbrook* and *Chehardy* with respect to this exclusion, as the damage would be considered loss from a covered peril based on the previous analysis, this provision does not operate to deny the insureds coverage.

Likewise, all other arguments raised as to "windstorm," "storm surge" and the applicability of the anti-concurrent clause are likewise rejected for the reasons stated heretofore in *Vanderbrook*. Finally, as noted, the Court will deny the motion insofar as it seeks the dismissal of the extra-contractual claims. The Court will deny that portion of the Motion to Dismiss without prejudice for it to be re-urged at the appropriate time. Thus, the Great Northern Insurance Company's Motion to Dismiss(Doc. 936) will be denied. Accordingly,

78

    **IT IS ORDERED** with respect to:

| | |
|---|---|
| Doc. 903 | the Motion to Dismiss filed by Louisiana Citizens Property Insurance Corp is **DENIED**. |
| Doc. 923 | the Motion to Dismiss filed by Encompass Indemnity Company is **DENIED**. |
| Doc. 932 | Consolidated Rule 12(B)(6) Motion to Dismiss Plaintiffs' Amended and Restated Complaint filed by Defendants The Standard Fire Insurance Company, Lexington Insurance Company, Liberty Mutual Fire Insurance Company, The American Insurance Company, Aegis Security Insurance Company, Auto Club Family Insurance Company,[22] the Hanover Insurance Company and Lafayette Insurance Company is **DENIED**. |
| Doc. 936 | Motion to Dismiss Plaintiff's Amended and Restated Complaint filed by Great Northern Insurance Company is **DENIED**. |
| Doc. 939 | Motion to Dismiss Pursuant to Rule 12(b) filed by Allstate Insurance Company, Allstate Indemnity Company is **DENIED**. |
| Doc. 1037 | Motion to Dismiss Plaintiffs' Amended and restated Complaint filed by State Farm Fire and Casualty Company is **GRANTED with respect to coverage and DENIED in part,** that is with respect to the extra-contractual claims of plaintiffs. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS ORDER PERTAINS TO:**

**KELLY A. HUMPHREYS**　　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 06-0169**

---

[22]This company was named as AAA Homeowners Auto Club in the Amended Complaint.

79

ENCOMPASS INSURANCE COMPANY, ET AL.                              SECTION K(2)

**ORDER AND REASONS**

Kelly A. Humphreys ("Humphreys") filed a Motion for Partial Summary Judgment seeking coverage for wind and flood damages caused by Hurricane Katrina. (Doc. 39). Having held oral argument on this matter on October 27, 2006, and having reviewed the pleadings, exhibits, memoranda and the relevant law, the Court will rule in conformity with the prior decisions rendered herein in the *In re Katrina Canal Breaches Consolidated Litigation* with respect to *Vanderbrook, Xavier and Chehardy*. The Court adopts and considers this motion in conformity with Section I of the *Vanderbrook* opinion entitled "The Civilian Approach as an *Erie* Court" and Section I of the *Xavier* opinion entitled "Standard for Summary Judgment Motion." The Court will first review the pleadings herein.

**I.     Procedural History and Allegations of Petition**

The petition was initially filed in Civil District Court for Parish of Orleans and after the Orleans Levee District was added, the suit was removed to the United States District Court for the Eastern District of Louisiana on January 13, 2006. It was eventually transferred to this section of Court, where the Court granted a Motion to Sever the Orleans Levee District from this matter and remanded that party to state court leaving only Encompass as a litigant.

Plaintiff alleges that her property suffered damage as a result of the 17th Street Canal levee breach. (Petition at IX-XI.) Plaintiff purchased from Encompass a homeowner's policy of

insurance in which the summary notes that plaintiff paid an additional $409.00 for "Hurricane Peril Coverage." The declaration sheet notes a $1000.00 "Hurricane Deductible." Plaintiff sought damages under this policy for water damage, wind damage, bad faith claims, including but not limited to her claims under La. R.S. 22:658 and 22:1220. Humphreys also had purchased National flood Insurance Program ("NFIP") coverage from which she collected and is not the subject of suit. On June 12, 2006, a Rule 41 Stipulation of Partial Dismissal was filed notifying the Court that all of plaintiff's wind damage claims and her bad faith claims, including but not limited to her claims under La. R.S. 22:658 and 22:1220 had been compromised. Thus, the only issue remaining is whether her homeowners policy provides coverage for the water damage which she experienced as the result of the collapse of the 17th Street Canal floodwall.

## II. The Motion Before the Court

The thrust of plaintiff's motion focuses on the Hurricane Deductible Endorsement which she maintains takes precedence over policy language pursuant to La. Rev. Stat. 22:654 and the declaration sheet which states "Hurricane Coverage Peril." Plaintiff maintains that:

1. By virtue of the Hurricane Peril Coverage/Hurricane Deductible endorsement," a hurricane is covered event.

2. Flood and wind is characteristic of a hurricane storm event;

3. Plaintiff has coverage for "windstorm," so why then did she purchase hurricane protection coverage; and

4.      Section 2 **Real Property** subsection g and g.(1) excludes weather conditions but states "ensuing loss," not excluded or exempted by tin the policy is covered.

As such, plaintiff contends that the ensuing loss, damage caused by Windstorm and Hurricane Peril Coverage and Hurricane Deductible Endorsement are ensuing losses that extended coverage by virtue of the endorsements to provide coverage for otherwise excluded perils, i.e. wind and flood waters caused by a hurricane. In addition, plaintiff contends that these provisions create an ambiguity of the type noted in *Tuepker, supra,* and as such, a finding of coverage should ensue.

At oral argument, counsel for plaintiff also adopted the arguments of other counsel concerning the applicability of the Water Damage Exclusion.

### III.   Applicable Policy Provisions

The policy states in relevant part the following:

> **COVERAGES**
>
> **$1000 Hurricane Deductible (based on the residence value)**
>
> **B. HURRICANE DEDUCTIBLE ENDORSEMENT**
> We will pay only that part of the total of the loss for all Property Coverages that exceeds the hurricane deducible state on the Coverage Summary. The hurricane deductible shown on the Coverage Summary applies to all covered property for direct physical loss or damage caused directly or indirectly by a hurricane as defined below. Such deductible applies regardless of any other cause or event contributing concurrently or in any sequence to the loss. No other deducible provision in the policy applies to direct physical loss caused by a hurricane. In no event will the deductible applied for a hurricane loss be less than the property deductible shown on the Coverage Summary.
>
> Hurricane means wind, wind gust, hail, rain, tornado, cyclone or hurricane which result in direct physical loss or damage to property be a storm system that has been declared to be hurricane by the National Weather Service. the duration of the hurricane includes the time period in your state:

82

> A. beginning at the time a hurricane watch or hurricane warning is issued for any part of the state by the National Weather Service;
>
> B. continuing for the time period during which the hurricane conditions exist anywhere in the state; and
>
> C. ending 12 hours following the termination of the last hurricane watch or hurricane warning for any part of your state by the National Weather se5rve.

All other provisions of this policy apply.

**REAL PROPERTY -COVERED PERILS**

We cover direct physical loss to property describe in **Real Property - Insuring Agreement,** unless the loss is not covered under **Property Coverage - Losses We Do Not Cover.**

...

**LOSSES WE DO NOT COVER**

The introductory paragraph is deleted and replaced by the following:

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. **However, coverage will be provided for any covered peril that precedes an excluded peril, occurs concurrently with an excluded peril, or occurs as a result of an excluded peril.**

(Exhibit "1E" amendment of G18733-H Required Coverage and amendments page 6 of 14.)

> 1. **Real property and Tangible Personal Property.** We do not insure for loss:
>
>     a. Caused by water damage, meaning:
>         (1) Flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(Exhibit "1F" policy of Insurances page 11 of 23).

> 2. **Real Property.** We do not insure for loss:
>
>     g. To covered real property caused by any of the following. However, any ensuing loss not excluded or excepted in this policy is covered.
>         (1) Weather conditions. However, this exclusion applies only if weather conditions contribute in any way with a cause on (sic) event otherwise excluded t produce the loss.

83

(Exhibit 1G, Page 13 of 23 of policy).

### III. Analysis

Plaintiff's contentions concerning the Hurricane Deductible are misplaced. This endorsement simply reduced the deductible that would normally be applicable from a percentage of the value of the house to a flat $1000.00. It does not create independent coverage. However, because of the ambiguity in the Water Damage Exclusion as previously discussed in *Vanderbrook, Xavier and Chehardy*, the Court finds it will grant the motion for partial summary judgment as the Water Damage Exclusion is ambiguous and must be construed against the insurer, and thus provides coverage for the insured herein. In so finding the Court reiterates and incorporates the *Vanderbrook* opinion above, in particular sections,

- IV. Legal Concepts for Contract Interpretation;
- VI. Parties' Contentions;
- VII. Definitions and Usage of the Word "Flood" Demonstrate Two Reasonable Interpretations of the Term;
- VIII. Jurisprudence Further Demonstrates Reasonableness of Alternative Interpretations;
- IX. Application of Legal Principles to the Policies Before the Court; and
    - A. ISO Water Damage Exclusion.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED** insofar as there is coverage as a result of the ambiguity in the Water Damage Exclusion and **DENIED** with respect to the Hurricane Deductible argument.

### CERTIFICATION FOR APPEAL

84

Pursuant to 28 U.S.C. § 1292(b), all orders entered herein involve a controlling question of law as to which there is a substantial ground for a difference of opinion and an immediate appeal from these orders may materially advance the ultimate termination of the litigation. In accordance with 28 U.S.C. § 1292(b), an application for appeal must be made to the Court of Appeals within ten days after the entry of this order.

The Court notes that if it had the power under Rule XII of the Rules of the Louisiana Supreme Court to certify the issues decided herein to that court, it would have done so, since there are no clear controlling precedents of the Louisiana Supreme Court on same and the issues presented and decided herein are significant and require an application of Louisiana law.

New Orleans, Louisiana, this __27th__ day of November, 2006.

_____
STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**

# CERTIFICATE OF SERVICE

I declare that on this 8th day of December, 2006, I caused this Petition to be filed with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit by UPS Next Day Air. I further declare that I caused a copy of the foregoing to be served via UPS Next Day Air upon the following:

| | |
|---|---|
| John N. Ellison<br>Anderson Kill & Olick, PC<br>1600 Market St.<br>Suite 2500<br>Philadelphia, PA 19103<br>Telephone: (267) 216-2710<br>*Counsel for Plaintiffs* | David Scott Scalia<br>Bruno & Bruno<br>855 Baronne St.<br>New Orleans, LA 70113<br>Telephone: (504) 525-1335<br>*Counsel for Plaintiffs* |
| Calvin Clifford Fayard, Jr.<br>Fayard & Honeycutt<br>519 Florida Blvd.<br>Denham Springs, LA 70726<br>Telephone: (225) 664-4193<br>*Counsel for Plaintiffs* | Matthew D. Schultz<br>Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA<br>316 S. Baylen St.<br>P. O. Box 12308<br>Suite 600<br>Pensacola, FL 32581<br>Telephone: (850) 435-7140<br>*Counsel for Plaintiffs* |
| J. J. (Jerry) McKernan<br>McKernan Law Firm<br>8710 Jefferson Hwy.<br>Baton Rouge, LA 70809<br>Telephone: (225) 926-1234<br>*Counsel for Plaintiffs* | Vernon Palmer Thomas<br>Vernon P. Thomas, Attorney at Law<br>1524 N. Claiborne Ave.<br>New Orleans, LA 70116<br>Telephone: (504) 944-9703<br>*Counsel for Plaintiffs* |

| | |
|---|---|
| Wayne J. Lee<br>Stone Pigman Walther Wittmann, LLC<br>546 Carondelet St.<br>New Orleans, LA 70130-3588<br>Telephone: (504) 581-3200<br><br>*Counsel for Defendant*<br>*State Farm Fire & Casualty Company* | Robert I. Siegel<br>Gieger, Laborde & Laperouse, LLC<br>One Shell Square<br>701 Poydras St., Suite 4800<br>New Orleans, LA 70139-4800<br>Telephone: (504) 561-0400<br><br>*Counsel for Defendant*<br>*Lexington Insurance Company* |
| Ralph Shelton Hubbard, III<br>Seth Andrew Schmeeckle<br>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775<br>New Orleans, LA 70130<br>(504) 568-1990<br><br>*Counsel for Defendant*<br>*The Standard Fire Insurance Company* | Stephen E. Goldman<br>Wystan M. Ackerman<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>Telephone: (860) 275-8200<br><br>*Counsel for Defendant*<br>*The Standard Fire Insurance Company* |
| Judy Y. Barrasso<br>Barrasso Usdin Kupperman Freeman & Sarver, LLC<br>LL&E Tower<br>909 Poydras St., Suite 1800<br>New Orleans, LA 70112<br>Telephone: (504) 589-9700<br><br>*Counsel for Defendants*<br>*Allstate Indemnity Company and*<br>*Allstate Insurance Company* | Judy Y. Barrasso<br>H. Minor Pipes, III<br>Barrasso Usdin Kupperman Freeman & Sarver, LLC<br>LL&E Tower<br>909 Poydras St., Suite 1800<br>New Orleans, LA 70112<br>Telephone: (504) 589-9700<br><br>*Counsel for Defendant*<br>*Liberty Mutual Fire Insurance Company* |

| | |
|---|---|
| Harry M. Reasoner<br>Vinson & Elkins LLP<br>2300 First City Tower<br>1001 Fannin Street<br>Houston, TX 77002<br>Telephone: (713) 758-2358<br><br>*Counsel for Defendant*<br>*Liberty Mutual Fire Insurance*<br>*Company* | Judy Y. Barrasso<br>Barrasso Usdin Kupperman Freeman & Sarver, LLC<br>LL&E Tower<br>909 Poydras St., Suite 1800<br>New Orleans, LA 70112<br>Telephone: (504) 589-9700<br><br>*Counsel for Defendant*<br>*Encompass Insurance Company of America* |
| Steven W. Usdin<br>Barrasso Usdin Kupperman Freeman & Sarver, LLC<br>LL&E Tower<br>909 Poydras St., Suite 1800<br>New Orleans, LA 70112<br>Telephone: (504) 589-9700<br><br>*Counsel for Defendant*<br>*Great Northern Insurance Company* | Christopher T. Handman<br>HOGAN & HARTSON LLP<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br><br>*Counsel for Defendant*<br>*Great Northern Insurance Company* |
| Alan J. Yacoubian<br>Johnson, Johnson, Barrios & Yacoubian<br>701 Poydras St., Suite 4700<br>New Orleans, LA 70139-7708<br>Telephone: (504) 528-3001<br><br>*Counsel for Defendant*<br>*Auto Club Family Insurance Company* | Maura Zivalich Pelleteri<br>Krebs, Farley & Pelleteri, LLC<br>400 Poydras St., Suite 2500<br>New Orleans, LA 70130<br>Telephone: (504) 299-3570<br><br>*Counsel for Defendant*<br>*Aegis Security Insurance Company* |

| | |
|---|---|
| Lawrence J. Duplass<br>Kelly Cambre Bogart<br>Kevin R. Derham<br>Duplass, Zwain, Bourgeois, Morton<br>Three Lakeway Center<br>3838 N. Causeway Blvd., Suite 2900<br>Metairie, LA 70002<br>Telephone: (504) 832-3700<br><br>*Counsel for Defendant*<br>*The American Insurance Company* | Howard Bruce Kaplan<br>Bernard, Cassisa, Elliott & Davis<br>1615 Metairie Rd.<br>P. O. Box 55490<br>Metairie, LA 70055-5490<br>Telephone: (504) 834-2612<br><br>*Counsel for Defendant*<br>*Lafayette Insurance Company* |
| William John Wegmann, Jr.<br>Law Firm of William J. Wegmann<br>110 Veterans Memorial Blvd., Suite 440<br>Metairie, LA 70005<br>Telephone: (504) 833-3800<br><br>*Counsel for Defendant*<br>*Lafayette Insurance Company* | John William Waters, Jr.<br>David Edward Walle<br>Gregory John McDonald<br>Bienvenu, Foster, Ryan & O'Bannon<br>1010 Common St.<br>Suite 2200<br>New Orleans, LA 70112-2401<br>Telephone: (504) 581-2146<br><br>*Counsel for Defendant*<br>*Louisiana Citizens Property Insurance Corporation* |
| Ralph Shelton Hubbard, III<br>Seth Andrew Schmeeckle<br>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard<br>601 Poydras St., Suite 2775<br>New Orleans, LA 70130<br>(504) 568-1990<br><br>*Counsel for Defendant*<br>*The Hanover Insurance Company* | Kevin P. Kamraczewski<br>Sonnenschein, Nath & Rosenthal<br>7800 Sears Tower<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br><br>*Counsel for Defendant*<br>*The Hanover Insurance Company* |

_____
Aaron Lindstrom

4