No. _____

**06-56**

E.D. La. Docket No. 05-4182

U.S. COURT OF APPEALS
**FILED**
DEC 1 1 2004

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

CHARLES R. FULBRUGE III
CLERK

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

U. S. COURT OF APPEALS
RECEIVED
DEC 1 1 2006
NEW ORLEANS, LA

PERTAINS TO INSURANCE
*Vanderbrook*, C.A. No. 05-6323

RICHARD VANDERBROOK, JAMES CAPELLA, MADELINE GRENIER, PETER
ANTHONY ASCANI, III., GREGORY R. JACKSON, MONICA REYES, MARY JANE
SILVA, ROBERT G. HARVEY, AND JACK CAPELLA AS EXECUTOR OF THE
SUCCESSION OF LILLIAN CAPELLA,
Petitioners-Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY, INC. et al,
Respondent-Defendants.

---

**PETITION OF PLAINTIFFS FOR PERMISSION TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

---

**Robert G. Harvey, Sr.**
Law Office of Robert G. Harvey, Sr., APLC
2609 Canal Street
New Orleans, LA 70119
504-822-2136
rgharvey@bellsouth.net

Attorneys for the Petitioners-Plaintiffs

# TABLE OF CONTENTS

Section                                                                                     Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iii

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv - x

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 - 3

II. THE FACTS NECESSARY TO UNDERSTAND
     THE QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 - 5

III. THE QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. THE RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. THE REASONS WHY THE APPEAL SHOULD BE ALLOWED
     AND IS AUTHORIZED BY A STATUTE OR RULE . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 7

VI. ANALYSIS OF THE DISTRICT COURT"S
     NOVEMBER 27, 2006, ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 - 13

          A. STATE FARM'S EXCLUSIONS ARE AMBIGUOUS
              AND UNENFORCEABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9 - 11

          B. THE DISTRICT COURT'S RULING
              CONTRAVENES LOUISIANA LAW . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 13

VII. ISSUE SHOULD BE CERTIFIED TO
      THE LOUISIANA SUPREME COURT
      PURSUANT TO RULE XII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

<u>Citations</u>                                                                     <u>Page</u>

Federal Court Cases:

*Bellizan v. Easy Money of La., Inc.,*
   2001 WL 121909 (E.D. La. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Holden v. Connex – Metalna,*
   2001 WL 96413 (E.D. La) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McMillon v. Corridan,*
   1998 WL 560334 (E.D. La. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rodriguez v. United States,*
   66 F.3d 95 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*St. Paul Ins. of Bellaire v. Afia Worldwide Ins.,*
   937 F.2d 274 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Louisiana State Court Cases:

*Breland v. Schilling,*
   550 So.2d 609 (La. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cadwallader v. Allstate Ins. Co.,*
   848 So.2d 577 (La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Doerr v. Mobil Oil Corp.,*
   774 So.2d 119 (La. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 - 8

*Lorio v. Aetna Ins. Co.,*
   232 So.2d 490 (La. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,*
   630 So.2d 759 (La. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Riche v. State Farm Fire & Cas. Co.,*
  356 So. 2d 101 (La. App. 1st Cir. 1978),
  *writ denied*, 358 So. 2d 639 (La. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 - 3, 12 - 13

*Roach-Strayhan-Holland Post No. 20, Am. Legion Club v.*
  *Continental Ins. Co.*, 112 So. 2d 680 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11 - 12

Other State Court Cases:

*Atwater Creamery Co. v. Western Nat. Mut. Ins. Co.,*
  366 N.W.2d 271 (Minn. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Evana Plantation, Inc. v. Yorkshire Ins. Co.,*
  58 So.2d 797 (Miss. 1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 12

*Glens Falls Ins. Co. of Glens Falls, N.Y. v. Linwood Elevator,*
  130 So.2d 262 (Miss. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 12

*Graham v. Public Employees Mut. Ins. Co.,*
  656 P.2d 1077 (Wash. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Murray v. State Farm Fire & Cas. Co.,*
  509 S.E.2d 1 (W. Va. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 n. 1

*Western Assurance Co. v. Hann,*
  78 So. 232 (Ala. 1917) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**A.    Plaintiffs:**

  1.    Mary Jane Silva, —

  2.    Robert G. Harvey, —

  3.    Jack Capella as Executor of the Succession of Lillian Capella,—

  4.    James Capella, -

  5.    Madeline Grenier,

  6.    Peter Anthony Ascani, III.,—

  7.    Gregory R. Jackson, -

  8.    Monica Reyes,

  9.    Richard Vanderbrook, -

**B.    Counsel for Plaintiffs:**

  10.    Robert G. Harvey,

**C.    Defendants, Defendants' Counsel, and Related Entities:**

  11.    Great Northern Insurance Company

  12.    Steven W. Usdin

  13.    Edward R. Wicker, Jr.

  14.    Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.

15.    State Farm Fire & Casualty Company, Inc.

16.    Wayne J. Lee

17.    Stephen G. Bullock

18.    Sarah House Barcellona

19.    Stone, Pigman, Walther, Wittmann, L.L.C.

20.    Allstate Insurance Company

21.    Allstate Indemnity Company

22.    The Allstate Corporation

23.    Encompass Insurance Company

24.    Encompass Insurance Company of America

25.    Encompass Indemnity Company

26.    Liberty Mutual Fire Insurance Company

27.    Judy Y. Barrasso

28.    Barrasso, Usdin, Kupperman, Freeman and Sarver, L.L.C.

29.    H. Minor Pipes, III

30.    Orr Adams, Jr.

31.    William J. Wegmann, Jr.

32.    Lafayette Insurance Company

33.    Howard Bruce Kaplan

34.    Bernard, Cassisa, Elliot & Davis

35.    The American Insurance Company

36.    Kelly Cambre Bogart

37. Nicole McDaniel Bowen

38. Jamie Michele Cambre

39. Kevin R. Derham

40. Lawrence J. Duplass

41. Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock

42. AAA Homeowners Auto Club Family Insurance Company

43. Alan J. Yacoubian

44. Neal J. Favret

45. Johnson, Johnson, Barrios & Yacoubian

46. Louisiana Citizens Property Insurance Corporation

47. John William Waters, Jr.

48. Gregory J. McDonald

49. Bienvenu, Foster, Ryan & O'Bannon

50. Traveler's Property Casualty Company of America

51. Stephen E. Goldman

52. Wystan M. Ackerman

53. Robinson & Cole, L.L.P.

54. Ralph Shelton Hubbard, III

55. Seth Andrew Schmeekle

56. Joseph Pierre Guichet

57. Tina L. Garmon

58. Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

59.   Lexington Insurance Company

60.   Robert I. Siegel

61.   John E. Baay, III

62.   Daniel Gibbins Rauh

63.   Geiger, LaBorde & Laperouse, L.L.C.

64.   Richard Doren

65.   Anthony Edelstein

66.   Daniel W. Nelson

67.   Gibson, Dunn & Crutcher

68.   AEGIS Security Insurance Company

69.   Maura Zivalich Pelleteri

70.   Andrea A. Mittleider

71.   Amy M. Seltzer

72.   Krebs, Farley & Pelleteri, L.L.C.

73.   Hanover Insurance Company

74.   Paul E.B. Glad

75.   David R. Simonton

76.   Andrew R. Greene

77.   Kevin Kamraczewski

78.   Sonnenshein, Nath & Rosenthal, L.L.P.

79.   Kristopher T. Wilson

123..  LaDonna Grey Wilson

124.   Neil Abramson

125.   Nora B. Bilbro

126.   Curt L. Rome

127.   Phelps, Dunbar, L.L.P.

128.   Unitrin Preferred Insurance Company

129.   C. Michael Psister

130.   Duplass, Zwaim, Bourgeois and Morton

131.   American Insurance Company

132.   Standard Fire Insurance Company,

133.   Hanover Insurance Company,

134.   Hartford Insurance Company of the Midwest

**D.**   **District Court Judge Rendering Decision Below**

135.   Honorable Stanwood R. Duval, Jr.

U.S. District Court for the Eastern District of Louisiana

Robert G. Harvey
Attorney of Records for the Petitioners-Plaintiffs

viii

# I.     INTRODUCTION

On October 27, 2006, The Honorable Stanwood R. Duval, Jr. of the United States Eastern District Court of Louisiana held a hearing on a number of Rule 12 motions filed in the case entitled *Vanderbrook, et al v. State Farm Fire and Casualty Company, et al*, No. 05-6323 (*"Vanderbrook"*), part of the *In re Katrina Canal Breaches Consiolidated Litigation*, No. 05-4182 (E.D. La.) (*"the Consolidated Litigation"*).  The principal issue before the Court was whether the defendant insurance companies' policies provided coverage for losses alleged in the Complaint.  On November 27, 2006, Judge Duval entered an Order denying most of the defendants' motions.  (A copy of the Order entered on November 27, 2006, is attached hereto as Exhibit "A").

In most cases, Judge Duval found sufficient ambiguity in the insurance policies to enable the *Vanderbrook* case to proceed on the merits and into the discovery phase.  Yet, Judge Duval granted, in part, the motion to dismiss filed by the defendant State Farm Fire and Casualty Company, Inc. ("State Farm").  *Id.* at p. 73.  Judge Duval found the *Vanderbrook* plaintiffs' alleged water damage was excluded under the terms of the State Farm policy.  Judge Duval certified this ruling for immediate appeal under Section 1292(b).  *Id.* at 85.  It is from this Order that the *Vanderbrook* plaintiffs petition and seek permission to file an interlocutory appeal to this Honorable Court.

Judge Duval's decision has wide-spread implications for policyholders who incurred losses from Hurricane Katrina last year.  State Farm is one of the largest property and casualty insurers in Louisiana.  The plaintiff policyholders purchased insurance from companies like the defendant State Farm with the reasonable expectation of having coverage for losses allegedly

1

incurred during Hurricane Katrina.  While State Farm enjoys record profits, thousands upon thousands of New Orleanians languish in misery.

New Orleans was destroyed not by an Act of God, but rather from the greed and negligence of man.  Lake Pontchartrain and the other surrounding waterways did not flood the City.  It was the failure of those charged with the City's protection.  Damage caused to property from a third-party's negligence is covered under the State Farm policies at issue.  State Farm's policies provide coverage for wind damage and third-party negligent damage to property.  This remains undisputed.

The people of New Orleans are eager to rebuild.  They want their homes back and their lives to return to normal.  They are not seeking handouts.  The insurance proceeds they seek through actions like the *Vanderbrook* case were paid for with money earned through years of hard work and sacrifice.  The *Vanderbrook* plaintiffs are all property owners.  They purchased all-risk policies.  They are entitled to coverage from State Farm as plead in the *Vanderbrook* action.

Louisiana has very strict requirements regarding interpretation of contracts, including insurance policies.  Louisiana also recognizes the "efficient proximate cause" doctrine which compels a dismissal of State Farm's motion to dismiss in its entirety.  *See Roach-Strayhan-Holland Post No. 20, Am. Legion Club v. Continental Ins. Co.*, 112 So. 2d 680 (La. 1959).  This doctrine may not be abrogated and is central to any coverage analysis.  Similarly, the Louisiana First Circuit, Court of Appeal, the only Louisiana appellate court to have addressed this issue, has held an analogous State Farm policy and similar exclusion to the one advanced by State Farm in the *Vanderbrook* action, to provide coverage.  *Riche v. State Farm Fire & Cas. Co.*, 356 So.

2

2d 101 (La. App. 1st Cir. 1978), *writ denied*, 358 So. 2d 639 (La. 1978). Failure to apply the efficient proximate cause doctrine or find State Farm's exclusion ambiguous is a violation of established Louisiana law and public policy.

At the very least, the *Vanderbrook* plaintiff policyholders are entitled to conduct discovery on these important coverage issues. Certainly, there is some set of facts under which State Farm's policyholders would be entitled to relief in this matter. Ambiguities exist in the State Farm policies at issue. Extrinsic evidence is admissible to clarify any ambiguity.

For these reasons, and for those reasons set forth herein, the *Vanderbrook* plaintiffs respectfully request this Honorable Court of Appeals accept the *Vanderbrook* plaintiffs' petition for appeal and grant them an appeal of Judge Duval's November 27, 2006, Order dismissing their case, in part, against State Farm.

## II.    THE FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

The facts of this action are undisputed. On August 29, 2005, Southeast Louisiana and the City of New Orleans were struck by Hurricane Katrina. The City was destroyed by windstorm and the negligent acts of third-parties associated with Hurricane Katrina. The damage was so great that the City and surrounding areas remained shut-down and uninhabited for months. Portions of the City and adjacent communities are still uninhabited.

The catastrophic events which lay waste to New Orleans and the surrounding area left many people puzzled and dumbfounded. In the months following the storm, Congressional investigations, meteorological experts and some officials from the U.S. Army Corps of Engineers began to suggest the City's demise was the result of third-party negligence.

In the months following the storm, the citizens of metropolitan New Orleans began to

3

return to the area. Their first task was to assess the damage they suffered. As required by insurance policies, citizens of New Orleans and the surrounding area began notifying their insurance companies of the damage they suffered. A significant number of residents and homeowners were notified by their insurers, including State Farm, that they did not have any coverage for the losses they sustained as a result of Hurricane Katrina and the negligent acts of others. Coverage was unilaterally denied by these companies, even though these citizens and insureds had purchased and maintained all-risk homeowners insurance policies.

The *Vanderbrook* plaintiffs Gladys Vanderbrook, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation and Mack Barham were among those who returned to the area and were denied coverage by their respective insurance companies. The *Vanderbrook* plaintiffs then initiated this action as a class action on behalf of other policyholders who were improperly denied coverage for immovable property located in the Parishes of Orleans, St. Bernard and Jefferson, in the State of Louisiana at the time Hurricane Katrina hit Southeast Louisiana. Amended and Restated Complaint,¶ 25, Doc. No. 268-2, filed 4/27/06, Civil Action No. 2:05-cv-04182-SRD-JCW. Each of the *Vanderbrook* plaintiffs had an all-risk homeowners policy of insurance in effect at the time Hurricane Katrina hit Southeast Louisiana. The *Vanderbrook* plaintiffs sued fifteen insurance companies for wrongfully denying coverage under their all-risk policies, including State Farm.

4

Pursuant to F.R.C.P. 12, the defendant insurance companies proceeded to file motions to dismiss the plaintiffs' action. On October 27, 2006, Judge Duval held a hearing on those motions. All of these motions were denied except for the motion filed by State Farm. State Farm's motion was granted in part. From this ruling, the *Vanderbrook* plaintiffs now seek permission from this Court to file an appeal.

## III. THE QUESTION PRESENTED

The question presented by this application for permissive appeal may be viewed in two parts: (1) whether the District Court erred in finding State Farm's water damage exclusions contained in the all-risk policies at issue excluded coverage to policyholders under any circumstances presented by the *Vanderbrook* action, including but not limited to the negligent acts of third persons and (2) whether the District Court erred in failing to follow established Louisiana law and public policy applying the efficient proximate cause doctrine and established case law finding coverage despite similar State Farm exclusions in analogous circumstances.

## IV. THE RELIEF SOUGHT

The *Vanderbrook* plaintiffs seek the right to appeal the District Court's November 27, 2006, Order dismissing their action, in part, against State Farm. The *Vanderbrook* plaintiffs also seek an order from this Court of Appeals reinstating their action, in its entirety, against State Farm. Following a reversal of the Distict Court's November 27, 2006, Order, the *Vanderbrook* plaintiffs further request an Order remanding this action to the District Court directing that the Plaintiffs' action be allowed to proceed on the merits, and specifically, to proceed with the discovery phase of the case.

## V.    THE REASONS WHY THE APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED BY A STATUTE OR RULE

In his Order of November 27, 2006, Judge Duval found his ruling to satisfy the requisite factors for immediate appeal to this Court of Appeals. Judge Duval expressly stated "all orders entered herein involve a controlling question of law as to which there is a substantial ground for a difference of opinion and an immediate appeal from these orders may materially advance the ultimate termination of the litigation." Order, November 27, 2006, Exhibit "A",  p. 85.

Moreover, the devastation suffered by the residents and homeowners of New Orleans and Southeast Louisiana from Hurricane Katrina and the negligence of others is the costliest disaster in the history of the United States.  The issue of insurance coverage is a crucial issue that directly bears on the ability of these communities to rebuild.  Since the District Court found coverage lacking for some of the claims asserted by the plaintiffs herein against State Farm, this issue needs to be decided on an expedited basis.  Furthermore, Judge Duval has issued a stay of all insurance coverage motions in all consolidated cases awaiting the decisions of this Court of Appeals.  Conference of 11/29/06 Concerning Continuing Motion Practice, Doc. No. 2034, filed 12/6/06, Civil Action No. 2:05-cv-04182-SRD-JCW.  There are literally tens of thousands of homeowners that are awaiting the decisions of this Court on this issue.  If ever there was a need for an expeditious ruling such is presented by this application.  The reasons for appeal stated in this application are clearly within the spirit of Section 1292(b).  The District Court's ruling granting State Farm's motion to dismiss, in part, is ideal for interlocutory appeal.

6

Accordingly, the *Vanderbrook* plaintiffs respectfully request this Honorable Court of Appeals grant their application for permissive appeal of the District Court's ruling granting State Farm's motion to dismiss in part.

## VI.    ANALYSIS OF THE DISTRICT COURT"S NOVEMBER 27, 2006, ORDER

The District Court erred in granting State Farm's motion to dismiss, for the following reasons and for additional reasons as will be more fully briefed should this Court grant permission to appeal.

In determining a motion to dismiss pursuant to Rule 12, a court must look only to the pleadings and accept all well-pleaded allegations as true. *St. Paul Ins. of Bellaire v. Afia Worldwide Ins.*, 937 F.2d 274, 279 (5th Cir. 1991); *McMillon v. Corridan*, 1998 WL 560334 (E.D. La. 1998). A motion to dismiss must be denied unless it appears certain that the plaintiff cannot prove any set of facts whatsoever that would entitle the plaintiff to relief. *Rodriguez v. United States*, 66 F.3d 95, 96 (5th Cir. 1995). Moreover, a court must view the pleadings in the light most favorable to the non-movant and all reasonable inferences must similarly be drawn in favor of the non-moving party. *Bellizan v. Easy Money of La., Inc.*, 2001 WL 121909 (E.D. La. 2001).

As an *Erie* court, the District Court is bound to follow and apply establish Louisiana law in reviewing and considering the *Vanderbrook* plaintiffs' claims against State Farm in this action. Under well-established Louisiana jurisprudence and the Civil Code, when absurd results will result from a reading of a contract's terms, the contract is ambiguous and "the courts must construe the provision in a manner consistent with the 'nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a

7

like nature between the same parties.'" *Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La. 2000) (*citing* La. Civ. Code. Art. 2053)(emphasis added). Moreover, Louisiana law mandates courts must construe insurance policies "to effect, not deny coverage, and any ambiguity should be interpreted in favor of the [policyholder.]" *Id.* (*citing Yount v. Maisano*, 627 So.2d 148, 151 (La. 1993); *Garcia v. St. Bernard Parish Sch. Bd.*, 576 So.2d 975, 976 (La. 1991); *Breland v. Schilling*, 550 So.2d 609, 610 (La. 1989); *Sherwood v. Stein*, 259 So.2d 876, 878 (La. 1972)). More specifically, "equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer" if a provision is susceptible to two or more reasonable interpretations. *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).

Furthermore, if a policy or its provisions are ambiguous, Louisiana courts apply the "reasonable expectations" doctrine. *Holden v. Connex – Metalna*, 2001 WL 96413 (E.D. La); *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 764 (La. 1994); *Breland*, 550 So.2d at 610-11. Under the "reasonable expectations" doctrine, "'courts will protect the [policyholders] reasonable expectations . . . regarding the coverage afforded by insurance contracts even though a careful examination of the policy provisions indicates that such expectations are contrary to the expressed intention of the insurer.'" *Louisiana Ins. Guar. Ass'n*, 630 So.2d at 764, n.9 (quoting R. Keeton and A. Widiss, Insurance Law § 6.13 (1988)).[1] Courts applying the reasonable expectations doctrine have further explained its underlying rationale as follows:

---

[1] This standard is the same as that applied by the West Virginia Supreme Court in *Murray v. State Farm Fire & Cas. Co.*, 509 S.E.2d 1 (W. Va. 1998). Just as there, the District Court should have applied the doctrine where State Farm attempted to apply its policies' exclusionary provisions in an overreaching and unreasonable manner.

"The doctrine of protecting the reasonable expectations of the
insured is closely related to the doctrine of contracts of adhesion.
Where there is unequal bargaining power between the parties so
that one party controls all of the terms and offers the contract on a
take-it-or-leave-it basis, the contract will be strictly construed
against the party who drafted it. Most courts recognize the great
disparity in bargaining power between insurance companies and
those who seek insurance. Further, they recognize that, in the
majority of cases, a lay person lacks the necessary skills to read and
understand insurance policies, which are typically long, set out in
very small type and written from a legalistic or insurance expert's
perspective. Finally, courts recognize that people purchase
insurance relying on others, the agent or company, to provide a
policy that meets their needs. The result of the lack of insurance
expertise on the part of [policyholders] and the recognized
marketing techniques of insurance companies is that 'the
objectively reasonable expectations of applicants and intended
beneficiaries regarding the terms of insurance contracts will be
honored even though painstaking study of the policy provisions
would have negated those expectations."

*Atwater Creamery Co. v. Western Nat. Mut. Ins. Co.*, 366 N.W.2d 271, (Minn. 1985) (*quoting*

Keeton, Insurance Law Rights at Variance with Policy Provisions, 83 Harv. L. Rev. 961 (1970)).

It is against this analytical framework that the Court must review the District Court's erroneous

ruling granting State Farm's Motion to Dismiss. .

## A.     STATE FARM'S EXCLUSIONS ARE AMBIGUOUS AND UNENFORCEABLE

The District Court erred in its analysis of State Farm's exclusions in its all-risk policy and

should have rejected State Farm's untenable and unsupported argument that the *Vanderbrook*

plaintiffs' losses were excluded under State Farm's  all-risk insurance policy.  The District

Court's ruling as to State Farm was erroneous because the water which entered the City of New

Orleans as a result of third-party negligence simply does not constitute "flood" for purposes of

State Farm's water damage exclusion.  The all-risk policy sold by State Farm did not define the

9

term "flood" to include the breaking of levees or dams or to include water released due to the negligent maintenance, design or construction of such structures. The express language of the State Farm water damage exclusion contains no specific reference to flooding caused by third-party negligence, nor is the term "flood" defined in any manner to include, refer, incorporate or suggest flooding or water damage caused by third-party negligence. Moreover, nowhere in that policy is the inundation of water resulting from the negligent acts of third parties specifically excluded.

State Farm drafted vague policies containing generalized and undefined exclusionary language in order to suggest after-the-fact interpretations of terms in order to exclude coverage otherwise provided for under its all-risk policies and to frustrate the reasonable expectations of Louisiana homeowner policyholders. As such, any ambiguities or failure to include terms or definitions within its policies must be construed against State Farm, who cannot simply rely upon its overreaching and unreasonable interpretation in order to avoid the coverage which was purchased and reasonably expected by policyholders. *Cadwallader*, 848 So.2d at 580.

State Farm's all-risk policy at issue in the *Vanderbrook* action provides:

2.      We do not insure under any coverage for loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually; involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.
                        * * *
c.      Water Damage, meaning:
(1)     flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these all whether driven by wind or not[.]

10

In reviewing this policy language, the District Court erroneously expanded the language of this exclusion to deny coverage. Order, November 27, 2006, Exhibit "A", at p. 73. The term "flood" is not defined anywhere in State Farm's policy. In fact, the concept of "flood" under the National Flood Insurance Program do not define "flood" to include water that is released from ruptured levee or dam walls or water that inundates an area due to the negligent acts of third parties, thus the District Court erred in redefining "flood" to include water damage resulting from the ruptured levees. Hence, the District Court should have found State Farm's exclusion ambiguous and denied its motion to dismiss in its entirety.

### B.     THE DISTRICT COURT'S RULING CONTRAVENES LOUISIANA LAW

The District Court's ruling is also contrary to the long-standing "efficient proximate cause" test that the Louisiana Supreme Court has adopted in determining whether coverage exists. *Roach-Strayhan-Holland Post,* 112 So.2d at 683. "Efficient proximate cause" has been technically defined as "the efficient or predominant cause which sets into motion the chain of events producing the loss . . . not necessarily the last act in a chain of events." *Graham v. Public Employees Mut. Ins. Co.,* 656 P.2d 1077, 1081 (Wash. 1983). The "efficient proximate cause" analysis focuses on whether all of the losses or claims can be traced to one original causative factor, regardless of the number of injuries or claims made. If the originating or dominant cause of the loss is a covered peril, there is coverage. *Lorio v. Aetna Ins. Co.*, 232 So.2d 490 (La. 1970) (holding that policyholders may have coverage when covered peril causes an excluded peril). The Louisiana Supreme Court, as well as other courts in the Gulf region, have interpreted the "efficient proximate cause" doctrine to permit coverage for hurricane-related losses where the evidence has shown that wind was the "proximate cause" of the damage, notwithstanding that

11

flooding contributed to the loss. *See, e.g., Roach-Strayhan-Holland Post,* 112 So.2d at 683; *Western Assurance Co. v. Hann*, 78 So. 232, 236 (Ala. 1917); *Glens Falls Ins. Co. of Glens Falls, N.Y. v. Linwood Elevator*, 130 So.2d 262, 270 (Miss. 1961); *Evana Plantation, Inc. v. Yorkshire Ins. Co.,* 58 So.2d 797, 798 (Miss. 1952).

Under these cases and the underlying rationale behind the "efficient proximate cause" test, if coverage exists where a covered peril is ultimately shown to be the proximate cause of damage despite contribution from a non-covered peril, then the presence of a non-covered peril such as water damage would not invoke the water damage exclusion and operate to deny coverage. Under the District Court's decision with regard to State Farm, a determination that a covered peril was the "efficient proximate cause" of a loss would be meaningless if a Court found "some damage" from an excluded peril. The District Court failed to apply the efficient proximate cause to State Farm's policy. In so doing, the District Court allowed State Farm's policy exclusions to abrogate the "efficient proximate cause" doctrine. This District Court, sitting as an *Erie* court, cannot abrogate well-established Louisiana law by way of its ruling. Such an approach, if allowed to stand, would result in a sweeping change in the causation analysis and standard by the federal courts as it applies to policyholders in Louisiana in complete contrast to the holdings of Louisiana courts.

In *Riche v. State Farm, supra*, the Louisiana First Circuit Court of Appeal reversed the Trial Court and found a loss suffered during a storm on a lake was not excluded by the water or flood provisions of the insurance policy. The exclusion in the policy in *Riche* was similar to the exclusions relied upon by the District Court and advanced by State Farm in the case at bar. For all practical purposes, under the District Court's analysis, the exclusion analyzed by the *Riche*

12

court would have the same effect upon the *Vanderbrook* plaintiffs' claims in this

matter–coverage would have been denied.

> However, the *Riche* court specifically held:
> [t]his exclusion, when read as a whole, contemplates only such damage caused by
> water <u>which has risen over and covered areas not ordinarily covered by water</u>. We
> find that damage caused by windstorm (or resulting waves) over a body of water,
> such as a lake or reservoir, does not come within the scope of this exclusion. This
> interpretation is in line with the rule of construction that exclusionary clauses are
> strictly construed.

*Riche*, 356 So. 2d at 103-4 (emphasis added) (citations omitted).

The Louisiana Supreme Court denied writs in *Riche*. Thus, the only Louisiana appellate court to

address the definition of "flood" under the State Farm policy required that the "flood" contain

water which has <u>risen over</u> and covered areas not ordinarily covered by water. The Vanderbrook

Plaintiffs have alleged breaches in the levees which encompasses a flow through, not over, the

walls -- caused by third party negligence was the efficient proximate cause of the losses. As

such, as in *Riche*, the term "flood" is ambiguous and found by the Louisiana appellate courts to

require overflow. Therefore, levee breaches caused by third party negligence is not a "flood"

under the State Farm "all risk" policy. Thus, the District Courts' November 27, 2006 Order is

directly contrary to *Riche* and not a "flood" as found by the only Louisiana appellate court to

address this specific issue.      Hence, it is clear that under the efficient proximate cause doctrine

and established Louisiana case law, the District Court should have denied State Farm's motion to

dismiss in its entirety.

13

## VII.   ISSUE SHOULD BE CERTIFIED TO THE LOUISIANA SUPREME COURT PURSUANT TO RULE XII

There are literally thousands of cases in Louisiana state courts and thousands in federal courts dealing with the exact or substantially similar issue before this Honorable Court.  It is submitted by Plaintiffs that this issue is of such paramount importance dealing with the application of Louisiana law that for the sake of judicial efficiency and justice that this issue, and those of the Defendants seeking similar permissive appeal under Section 1292(b), be submitted to the Louisiana Supreme Court under Rule XII of the Rules of the Louisiana Supreme Court as suggested by the District Court.  *See* November 27, 2006 Order, Doc. No. 1803, Exhibit "A", at p. 85.

### CONCLUSION

For the reasons stated herein, the *Vanderbrook* plaintiffs respectfully request this Honorable Court of Appeals grant this Petition, and allow the *Vanderbrook* plaintiffs and other parties to brief the issues presented by Judge Duval's November 27, 2006, Order, and following receipt of briefs and oral argument and additional reasons to be provided therein, to enter an order reversing the District Court's ruling granting State Farm's motion to dismiss, in part, and ordering this action remanded to the District Court to proceed on the merits and the discovery phase of the case.

Respectfully submitted,

**Robert G. Harvey, Sr.** (La. Bar No. 18615)
Law Office of Robert G. Harvey, Sr., APLC
2609 Canal Street
New Orleans, LA 70119
504-822-2136
rgharvey@bellsouth.net

14

## **PROOF OF SERVICE**

I, Robert G. Harvey, hereby certify that a copy of the above and foregoing Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) has been served upon all counsel of record by electronic filing, or facsimile transmission, hand delivery, or depositing same in the United States Mail, postage pre-paid on December 11, 2006. The names of individual counsel are too numerous to list individually here, but are based upon the counsel of record list in the District Court, and a copy of that list is attached hereto.

Robert G. Harvey

17

22910 - Chehardy, *et al* v. State Farm Fire & Casualty Company, *et al*
06-1672, 06-1673, 06-1674
Counsel of Record Distribution List

waaron@goinsaaron.com
rsmith@goinsaaron.com
abramson@phelps.com
parkerd@phelps.com
steadmas@phelps.com
wackerman@rc.com
sholden@rc.com
gadams@phjlaw.com
adamsgb@gmail.com
orradams@aol.com
nancykhobbs@yahoo.com
Saertker@hvfa-law.com
Tgoodnight@hvfa-law.com
jaguda@nielsenlawfirm.com
ldurham@nielsenlawfirm.com
snichols@nielsenlawfirm.com
aakers@lpw-law.com
bsimpson@lpw-law.com
lgauthreaux@lpw-law.com
jandry@andrylawfirm.com
dsmith@andrylawfirm.com
sja@lcba-law.com
bjc@lcba-law.com
ddc@lcba-law.com
ebb@lcba-law.com
rgd@lcba-law.com
rsm@lcba-law.com
Tanzelmo@mcsalaw.com
jtorrence@mcsalaw.com
ltowler@mcsalaw.com
kaurandt@daiglefisse.com
jbaay@glllaw.com
bmcdonnell@glllaw.com
ababich@tulane.edu
ababich@earthlink.net
BabinS@ag.state.la.us
sbagneris@aol.com
sbarcellona@stonepigman.com
vbargas@sszblaw.com

cathyb@sszblaw.com
jbarrasso@barrassousdin.com
slanglois@barrassousdin.com
barrierb@phelps.com
battagld@phelps.com
fbarry@dkslaw.com
jhyde@dkslaw.com
sbarry@barrypiccione.com
klatiolais@barrypiccione.com
sdixon@barrypiccione.com
abaumgartner@phjlaw.com
kboudreaux@phjlaw.com
s_beards@bellsouth.net
sbeardsley@couturelaw.net
sbjrdar@cox.net
dbecnel@becnellaw.com
mmoreland@becnellaw.com
ROBBECNEL@AOL.COM
kbelsome@dkslaw.com
ebb@lcba-law.com
rsm@lcba-law.com
kbergeron@dkslaw.com
bergeron-keith@cox.net
jvelez@dkslaw.com
cbingham@oatshudson.com
drandazzo@oatshudson.com
kbogart@duplass.com
kprice@duplass.com
dbordelon@ungarino-eckert.com
mdbowden03@yahoo.com
nbowen@duplass.com
cmotes@duplass.com
sbowser@duplass.com
BrahneyT@ag.state.la.us
lbrener@brenerlaw.com
tbrennan@dkslaw.com
spacaccio@dkslaw.com
pbrooks@monbar.com
mokeefe@monbar.com
gbrown@hamiltonfirm.net

G:\22910\Correspondence\Atty.All.01.wpd

tborne@hamiltonfirm.net
cbruno@brunobrunolaw.com
jbruno@brunobrunolaw.com
stephaniep@brunobrunolaw.com
sbullock@stonepigman.com
wduncan@stonepigman.com
BJC@LCBA-LAW.COM
rsm@lcba-law.com
jcain@hhkc.com
emartin@hhkc.com
rcaluda@rcaluda.com
stephanie@rcaluda.com
jcambre@duplass.com
sbowser@duplass.com
dcannella@landryswarr.com
lslaw@landryswarr.com
bcapitelli@barrassousdin.com
slanglois@barrassousdin.com
bkc@lcba-law.com
mbm@lcba-law.com
rchenault@mcglinchey.com
cchocheles@shergarner.com
oarregui@shergarner.com
aclark@fjdlegal.com
jerrie@fjdlegal.com
adc@longlaw.com
kge@longlaw.com
rhondad@longlaw.com
jac@ecwko.com
am@ecwko.com
kcb@ecwko.com
saa@ecwko.com
kcole@gjtbs.com
bmorton@gjtbs.com
craymond@gjtbs.com
lcolletta@lemle.com
mcollins@phjlaw.com
bgates@phjlaw.com
Traci.ColQuette@usdoj.gov
Catherine.Corlies@usdoj.gov
ccolvin@kingsmillriess.com
bseamster@kingsmillriess.com
lbarre@kingsmillriess.com
pconnick@lil.nocoxmail.com

cconnors@mumphreylaw.com
gmcgowen@mumphreylaw.com
rebecca.cooper@phelps.com
pattersk@phelps.com
jcotchett@cpsmlaw.com
dcourson@stonepigman.com
keithcouture@bellsouth.net
art894@aol.com
kcouture@couturelaw.net
rcozad@mpc-law.com
bboudreaux@mpc-law.com
kforet@mpc-law.com
wc@jonesfussell.com
rcreely@aol.com
tph59@amatocreely.nocoxmail.com
tph59@amatocreely.nocoxmail.com/ton.com
ccdlawfirm@aol.com
mcurtis@shergarner.com
lgraffagnini@shergarner.com
damico@damicolaw.net
ldeogracias@damicolaw.net
daiglec@phelps.com
tdarling@grhg.net
firm@grhg.net
tigerthom@cox.net
tl@grhg.net
jdegruy@mblb.com
smethe@mblb.com
bdelaune@dkslaw.com
dkimble@dkslaw.com
dearie@bayoulaw.com
aadams@bayoulaw.com
kderham@duplass.com
ndavis@duplass.com
sbowser@duplass.com
jvdirosa@cityofno.com
jdirosa1@cox.net
dicharrr@phelps.com
pattersk@phelps.com
Jdonovan@donovanlawler.com
jtaulli@donovanlawler.com
wdumas@dumaslaw.com
tyoungblood@dumaslaw.com
mdumestre@stonepigman.com

G:\22910\Correspondence\Atty.All.01.wpd

duplantier@gjtbs.com
kking@gjtbs.com
lduplass@duplass.com
caccardo@duplass.com
sdeblieux@duplass.com
mduran@oatshudson.com
dldysart@dst-law.com
angeliquew@dst-law.com
ecagan@joneswalker.com
psenentz@joneswalker.com
beckert@ungarino-eckert.com
wandaedwards@fayardlaw.com
felliot@rgelaw.com
lhartley@rgelaw.com
elliotts@bernard-cassisa.com
jellison@andersonkill.com
glite@andersonkill.com
mtodd@andersonkill.com
jfe@ecwko.com
crb@ecwko.com
wrwjv@aol.com
bemory@mblb.com
smethe@mblb.com
nenglish@gordonarata.com
wdorsey@gordonarata.com
jesnard@dkslaw.com
jke@rodneylaw.com
jke57@bellsouth.net
rexnicios@damicolaw.net
afannin@stonepigman.com
crfarrell@jonesday.com
calvinfayard@fayardlaw.com
donna@fayardlaw.com
sfinn@barrassousdin.com
tess.finnegan@usdoj.gov
catherine.corlies@usdoj.gov
dfischman@shergarner.com
jhubert@shergarner.com
stephen.flynn@usdoj.gov
torts.aa.files@usdoj.gov
John.Fontenot@arlaw.com
Bridget.Chandler@arlaw.com
jfoote@chopin.com
southalll@ag.state.la.us

mlfrisch@bellsouth.net
jspellman1@bellsouth.net
lnfrisch@aol.com
nfroeschle@hunton.com
cfrosch@usryandweeks.com
cefrosch2@hotmail.com
mdelcastillo@usryandweeks.com
sam@lcgllaw.com
cgranger@lundydavis.com
ggambel@mrsnola.com
shotard@mrsnola.com
wgambel@millinglaw.com
mshrell@millinglaw.com
barrere@millinglaw.com
cgarbett@klb-law.com
dburleigh@klb-law.com
gardner@bayoulaw.com
aadams@bayoulaw.com
tgarmon@lawla.com
mspadoni@lawla.com
jgarner@shergarner.com
jchocheles@shergarner.com
mgarner@shergarner.com
beauxroux@aol.com
Lirette@bellsouth.net
sgaspard@burglass.com
jgasquet3@bellsouth.net
tgaudry@grhg.net
dbreaux@grhg.net
firm@grhg.net
kgelpi@monbar.com
lquintana@monbar.com
ymaranto@monbar.com
lgertler@ggvplaw.com
kagnelly@ggvplaw.com
mhgertler@ggvplaw.com
emaynard@ggvplaw.com
dgianna@midrid.com
cbarbier@midrid.com
dabraham@midrid.com
ngilbert@kcwlaw.com
gillyg@phelps.com
dunnk@phelps.com
tgirardi@girar_dikeese.com

sgisleson@hhkc.com
emartin@hhkc.com
glazerp@ag.state.la.us
kellerm@ag.state.la.us
pcarleyj@ag.state.la.us
pennm@ag.state.la.us
sgoldman@rc.com
akowalsky@rc.com
gonzalep@phelps.com
bradfors@phelps.com
pabsgonzalez@hotmail.com
wynnegouxlobello@bellsouth.net
ggrant@monbar.com
lquintana@monbar.com
ymaranto@monbar.com
agreene@sonnenschein.com
pgregory@cpsmlaw.com
jimguest@bellsouth.net
jguichet@lawla.com
aboyd@lawla.com
khadican@gainsben.com
cbabin@gainsben.com
jim@jimshall.com
debbie@jimshall.com
jodi@jimshall.com
kerry@jimshall.com
wmh@haileymcnamara.com
changartner@midrid.com
mhanna@mcsalaw.com
ozg@mcsalaw.com
lharris@stonepigman.com
sgothard@stonepigman.com
randall@broussard-hart.com
rgharvey@bellsouth.net
Jhassinger@gjtbs.com
thassinger@gjtbs.com
awebster@gjtbs.com
bhawkins@barrassousdin.com
mowens@barrassousdin.com
arod@odwyerlaw.com
chellmers@frilotpartridge.com
hhoffmann@spsr-law.com
calcantar@spsr-law.com
homzab@cykg.com

cartere@cykg.com
pooles@cykg.com
dbhoneycutt@fayardlaw.com
mindy@fayardlaw.com
rhubbard@lawla.com
ljackson@lawla.com
lhudson@shergarner.com
khellyer@shergarner.com
mhudson@oatshudson.com
kellzey@oatshudson.com
thuval@hvfa-law.com
dimpastato@gmail.com
jspellman1@bellsouth.net
dollyno@aol.com
tkjacobson@aol.com
mrosinia@hotmail.com
johnsona@phelps.com
davisj@phelps.com
cjones@kcwlaw.com
sjudice@kcwlaw.com
meda-kay@kcwlaw.com
stacie@kcwlaw.com
kevink@sonnenschein.com
hkaplan@bernard-cassisa.com
bkatz@hhkc.com
bjackson@hhkc.com
dkavanagh@wkrlaw.com
pgkehoejr@kehoejr.com
akeller@bakerdonelson.com
lhook@bakerdonelson.com
kellerm@ag.state.la.us
babins@ag.state.la.us
glazerp@ag.state.la.us
pearleyj@ag.state.la.us
pennm@ag.state.la.us
philibertj@ag.state.la.us
dkelley@winston.com
jrk@ecwko.com
kcb@ecwko.com
rkerrigan@dkslaw.com
rek@dkslaw.com
rbrowne@dkslaw.com
rkessenich@daiglefisse.com
dlebreton@daiglefisse.com

G:\22910\Correspondence\Atty.All.01.wpd

rking@gjtbs.com
aditcharo@gjtbs.com
kkirsch@mcsalaw.com
lbarnes@mcsalaw.com
tbrady@mcsalaw.com
rkitto@monbar.com
njohnson@monbar.com
rknights@ggvplaw.com
kagnelly@ggvplaw.com
tknister@gordonarata.com
ccooper@gordonarata.com
lkohler@lawla.com
bkramer@crowell.com
sskreller@gmail.com
alex.kriegsman@usdoj.gov
efile_nrs.enrd@usdoj.gov
ajl@mcsalaw.com
hlambert@lambertandnelson.com
alexis@lambertandnelson.com
klambert@bakerdonelson.com
mrich@bakerdonelson.com
psigmon@bakerdonelson.com
jlandis@stonepigman.com
pkrupicka@stonepigman.com
klandry@ieyoublandry.com
kathilandry@aol.com
mlandry@landryswarr.com
lslaw@landryswarr.com
wlanglois@grhg.net
ptranchina@grhg.net
llarson@klb-law.com
spond@klb-law.com
blarzelere@lpw-law.com
tdejean@lpw-law.com
laskyk@phelps.com
battagld@phelps.com
tleblanc@lundydavis.com
jdibbley@lundydavis.com
jel@pkrlaw.com
lvw@pkrlaw.com
smt@pkrlaw.com
wlee@stonepigman.com
pwhite@stonepigman.com
dlichtl@frc-law.com

cnunez@frc-law.com
sbm@frc-law.com
elilly@cclhlaw.com
lross@cclhlaw.com
lirette@bellsouth.net
jloncro@lpw-law.com
bsimpson@lpw-law.com
rromeu@lpw-law.com
dlongman@pdlaw.com
kfulton@pdlaw.com
hlonian@stonepigman.com
dmurphy@stonepigman.com
blyons@cpsmlaw.com
gtmanning@jonesday.com
federal@geraldmaples.com
ldemos@fgmapleslaw.com
belhiamartin@bellsouth.net
martin@mdjwlaw.com
lindaa@mdjwlaw.com
rmmjr@cox.net
tlm@lcba-law.com
amassey@klb-law.com
aalmaaita@klb-law.com
pmatthews@usryandweeks.com
frm_matthews@yahoo.com
mdelcastillo@usryandweeks.com
bmayeaux@ln-law.com
denisen@ln-law.com
mmcalpine@mpc-law.com
sfury@mpc-law.com
mccall@chaffe.com
connors@chaffe.com
jim.mcconnon@usdoj.gov
catherine.corlies@usdoj.gov
gmcdonald@bfrob.com
kbutler@bfrob.com
mceachine@bernard-cassisa.com
jmcevoy@jonesday.com
gmckernan@mckernanlawfirm.com
hbarousse@mckernanlawfirm.com
jemckernan@mckernanlawfirm.com
hkeller@mckernanlawfirm.com
mcleodm@phelps.com
weyerp@phelps.com

mcmahonr@bernard-cassisa.com
blanchp@bernard-cassisa.com
rambo1615@yahoo.com
thibodt@bernard-cassisa.com
dmcnutt@barrypiccione.com
sdixon@barrypiccione.com
anne_medo@haileymcnamara.com
laurie_sigur@haileymcnamara.com
emmamekinda@yahoo.com
em@mpc-law.com
khf@mpc-law.com
ljohnson@mpc-law.com
jmelchiode@gjtbs.com
mwilson@gjtbs.com
jmm@lcba-law.com
ddc@lcba-law.com
dmartin@gainsben.com
gmcunicr@gainsben.com
kara.k.miller@usdoj.gov
catherine.corlies@usdoj.gov
cmitchell@levinlaw.com
willm@ln-law.com
bmayet@ln-law.com
stevens.moore@usdoj.gov
rosanne.alford@usdoj.gov
sherrel.taylor@usdoj.gov
jeanpaulmorrell@hotmail.com
amouledoux@mblb.com
bpgus@aol.com
dhoerner@mblb.com
pvanmatre@mblb.com
smount@hmhlp.com
clandry@hmhlp.com
jamesmullaly1@hotmail.com
dbrown@cityofno.com
jbmullaly@cityofno.com
bmullin@spsr-law.com
lynnz@spsr-law.com
jwmumphrey@mumphreylaw.com
smitchell@mumphreylaw.com
hmurphy@dkslaw.com
mcazaubon@dkslaw.com
pmurphy@murphylfirm.com
jleblanc@murphylfirm.com

kelliboudreaux@hotmail.com
rmurphy@mrsnola.com
Spassauer@mrsnola.com
jmusser@bellsouth.net
naitsum@hotmail.com
treymustian@yahoo.com
agn@longlaw.com
dnelson@gibsondunn.com
jfortell@gibsondunn.com
jfnevares-law@microjuris.com
jnicoletti@nicolettihornig.com
wfennell@nicolettihornig.com
gjnielsen@aol.com
jnieset@phjlaw.com
tdonnell@phjlaw.com
mnoble@monbar.com
mokeefe@monbar.com
gjcookie45@AOL.com
rnovak@nicolettihornig.com
pod@oslaw.com
aowen@oslaw.com
arod@odwyerlaw.com
weo@theoneilgroup.com
avj@theoneilgroup.com
pakamdi@aol.com
franntown@yahoo.com
dovella@hmhlp.com
jkent@hmhlp.com
mpalmintier@dphf-law.com
dmoore@dphf-law.com
jamerson@dphf-law.com
jamesp@ln-law.com
leslies@ln-law.com
dpatin@hmhlp.com
mpelleteri@kfplaw.com
aseltzer@kfplaw.com
tkittrell@kfplaw.com
GMPendergastLLC@aol.com
limo1462@aol.com
tpennebaker@nielsenlawfirm.com
ahayno@nielsenlawfirm.com
aprince@nielsenlawfirm.com
tcpatnlf@aol.com
cpennison@lpw-law.com