No. _____

E.D. La. Docket No. 05-4182

# 06-56



## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

IN RE KATRINA CANAL BREACHES
CONSOLIDATED LITIGATION

PERTAINS TO INSURANCE
*Chehardy*, C.A. No. 06-1672, 06-1673, and 06-1674

**U.S. COURT OF APPEALS**
**FILED**

**DEC 11 2006**

**CHARLES R. FULBRUGE III**
**CLERK**

GLADYS CHEHARDY, et al,
Petitioners-Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY, INC. et al,
Respondent-Defendants.

---

## PETITION OF THE *CHEHARDY* PLAINTIFFS
## FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

---

Joseph M. Bruno, T.A., La. Bar No. 3604
David S. Scalia, La. Bar No. 21369
BRUNO & BRUNO
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 525-1335
Fax: (504) 561-6775

Attorneys for the Petitioners-Plaintiffs

# TABLE OF CONTENTS

<u>Section</u>                                                                                                  <u>Page</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii - iii

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv - x

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 - 3

II. THE FACTS NECESSARY TO UNDERSTAND
    THE QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 - 5

III. THE QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. THE RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. THE REASONS WHY THE APPEAL SHOULD BE ALLOWED
   AND IS AUTHORIZED BY A STATUTE OR RULE . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 7

VI. ANALYSIS OF THE DISTRICT COURT"S
    NOVEMBER 27, 2006, ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 - 13

        A. STATE FARM'S EXCLUSIONS ARE AMBIGUOUS
           AND UNENFORCEABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9 - 11

        B. THE DISTRICT COURT'S RULING
           CONTRAVENES LOUISIANA LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 13

VII. ISSUE SHOULD BE CERTIFIED TO
     THE LOUISIANA SUPREME COURT
     PURSUANT TO RULE XII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

<u>Citations</u>                                                                                                  <u>Page</u>

Federal Court Cases:

*Bellizan v. Easy Money of La., Inc.,*
2001 WL 121909 (E.D. La. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Holden v. Connex – Metalna,*
2001 WL 96413 (E.D. La) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McMillon v. Corridan,*
1998 WL 560334 (E.D. La. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rodriguez v. United States,*
66 F.3d 95 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*St. Paul Ins. of Bellaire v. Afia Worldwide Ins.,*
937 F.2d 274 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Louisiana State Court Cases:

*Breland v. Schilling,*
550 So.2d 609 (La. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cadwallader v. Allstate Ins. Co.,*
848 So.2d 577 (La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Doerr v. Mobil Oil Corp.,*
774 So.2d 119 (La. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 - 8

*Lorio v. Aetna Ins. Co.,*
232 So.2d 490 (La. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,*
630 So.2d 759 (La. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Riche v. State Farm Fire & Cas. Co.,*
  356 So. 2d 101 (La. App. 1st Cir. 1978),
  *writ denied,* 358 So. 2d 639 (La. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2 - 3, 12 - 13

*Roach-Strayhan-Holland Post No. 20, Am. Legion Club v.*
  *Continental Ins. Co.,* 112 So. 2d 680 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11 - 12

Other State Court Cases:

*Atwater Creamery Co. v. Western Nat. Mut. Ins. Co.,*
  366 N.W.2d 271 (Minn. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Evana Plantation, Inc. v. Yorkshire Ins. Co.,*
  58 So.2d 797 (Miss. 1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 12

*Glens Falls Ins. Co. of Glens Falls, N.Y. v. Linwood Elevator,*
  130 So.2d 262 (Miss. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 - 12

*Graham v. Public Employees Mut. Ins. Co.,*
  656 P.2d 1077 (Wash. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Murray v. State Farm Fire & Cas. Co.,*
  509 S.E.2d 1 (W. Va. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 n. 1

*Western Assurance Co. v. Hann,*
  78 So. 232 (Ala. 1917) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

A.    **Plaintiffs:**

1.    Gladys Chehardy

2.    Daniel Fontanez

3.    Jacquelyn Fontanez

4.    Larry Forster

5.    Glenda Forster

6.    Kenneth Maier

7.    Judith Maier

8.    Randy Gervais

9.    Lori Gervais

10.   Andre Mauberret

11.   Marlin Mauberret

12.   Debbie Strawn

13.   Dave Strawn

14.   Stephanie Boyd

15.   Brad Boyd

16.   New Orleans Flooring Supply, Inc.

17.   Shawn Burst

18.   Angelina Burst

19.   Susan Brown (incorrectly identified as Patricia Brown in Amended Complaint)

20.   Maire Fatheree

21.   Katrina Daniels

22.   Lionel Jones

23.   Edna Jones

24.   Karen Lewis

25.   Shane Sylvester

26.   Austra Zapata

27.   Sabrina Perkins

28.   Eldridge Pollard

29.   Michael Peterson

30.   Wendell Glation

31.   Mack Barham

**B.    Counsel for Plaintiffs:**

32.   Joseph M. Bruno

33.   David S. Scalia

34.   Bruno & Bruno

35.   Joseph J. McKernan

36.   Gordan J. McKernan

37.   Chet Boudreaux

v

38.     Derrick Whittington

39.     McKernan Law Firm

40.     Calvin C. Fayard, Jr.

41.     D. Blayne Honeycutt

42.     Wanda Edwards

43.     Fayard & Honeycutt

44.     John N. Ellison

45.     Darin McMullen

46.     Anderson Kill & Olick, PC

47.     Drew Ranier

48.     N. Frank Elliot, III

49.     Ranier, Gayle & Elliot, L.L.C.

50.     Larry D. Dyess

51.     Larry D. Dyess, APLC

52.     James M. Garner

53.     Xavier University

**C.     Defendants, Defendants' Counsel, and Related Entities:**

54.     Great Northern Insurance Company

55.     Steven W. Usdin

56.     Edward R. Wicker, Jr.

57.     Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.

58.     State Farm Fire & Casualty Company, Inc.

59.   Wayne J. Lee

60.   Stephen G. Bullock

61.   Sarah House Barcellona

62.   Stone, Pigman, Walther, Wittmann, L.L.C.

63.   Allstate Insurance Company

64.   Allstate Indemnity Company

65.   The Allstate Corporation

66.   Encompass Insurance Company

67.   Encompass Insurance Company of America

68.   Encompass Indemnity Company

69.   Liberty Mutual Fire Insurance Company

70.   Judy Y. Barrasso

71.   Barrasso, Usdin, Kupperman, Freeman and Sarver, L.L.C.

72.   H. Minor Pipes, III

73.   Orr Adams, Jr.

74.   William J. Wegmann, Jr.

75.   Lafayette Insurance Company

76.   Howard Bruce Kaplan

77.   Bernard, Cassisa, Elliot & Davis

78.   The American Insurance Company

79.   Kelly Cambre Bogart

80.   Nicole McDaniel Bowen

81.   Jamie Michele Cambre

82.   Kevin R. Derham

83.   Lawrence J. Duplass

84.   Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock

85.   AAA Homeowners Auto Club Family Insurance Company

86.   Alan J. Yacoubian

87.   Neal J. Favret

88.   Johnson, Johnson, Barrios & Yacoubian

89.   Louisiana Citizens Property Insurance Corporation

90.   John William Waters, Jr.

91.   Gregory J. McDonald

92.   Bienvenu, Foster, Ryan & O'Bannon

93.   Traveler's Property Casualty Company of America

94.   Stephen E. Goldman

95.   Wystan M. Ackerman

96.   Robinson & Cole, L.L.P.

97.   Ralph Shelton Hubbard, III

98.   Seth Andrew Schmeekle

99.   Joseph Pierre Guichet

100.   Tina L. Garmon

101.   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

102.   Lexington Insurance Company

103. Robert I. Siegel

104. John E. Baay, III

105. Daniel Gibbins Rauh

106. Geiger, LaBorde & Laperouse, L.L.C.

107. Richard Doren

108. Anthony Edelstein

109. Daniel W. Nelson

110. Gibson, Dunn & Crutcher

111. AEGIS Security Insurance Company

112. Maura Zivalich Pelleteri

113. Andrea A. Mittleider

114. Amy M. Seltzer

115. Krebs, Farley & Pelleteri, L.L.C.

116. Hanover Insurance Company

117. Paul E.B. Glad

118. David R. Simonton

119. Andrew R. Greene

120. Kevin Kamraczewski

121. Sonnenshein, Nath & Rosenthal, L.L.P.

122. Kristopher T. Wilson

123. LaDonna Grey Wilson

124. Neil Abramson

125.   Nora B. Bilbro

126.   Curt L. Rome

127.   Phelps, Dunbar, L.L.P.

128.   Unitrin Preferred Insurance Company

129.   C. Michael Psister

130.   Duplass, Zwaim, Bourgeois and Morton

131.   American Insurance Company

**D.    District Court Judge Rendering Decision Below**

132.   Honorable Stanwood R. Duval, Jr.

U.S. District Court for the Eastern District of  Louisiana

_____
Joseph M. Bruno
Attorney of Records for the Petitioners-Plaintiffs

## I.    INTRODUCTION

On October 27, 2006, The Honorable Stanwood R. Duval, Jr. of the United States Eastern District Court of Louisiana held a hearing on a number of Rule 12 motions filed in the class action entitled *Chehardy, et al v. State Farm, et al*, Nos. 06-1672, 06-1673, and 06-1674 ("*Chehardy*"), part of the *In re Katrina Canal Breaches Consiolidated Litigation*, No. 05-4182 (E.D. La.) (*"the Consolidated Litigation"*). The principal issue before the Court was whether the defendant insurance companies' policies provided coverage for losses alleged in the *Chehardy* amended and restated complaint. On November 27, 2006, Judge Duval entered an Order denying most of the defendants' motions. (A copy of the Order entered on November 27, 2006, is attached hereto as Exhibit "A").

In most cases, Judge Duval found sufficient ambiguity in the insurance policies to enable the *Chehardy* case to proceed on the merits and into the discovery phase. Yet, Judge Duval granted, in part, the motion to dismiss filed by the defendant State Farm Fire and Casualty Company, Inc. ("State Farm"). *Id.* at p. 73. Judge Duval found the *Chehardy* plaintiffs' alleged water damage was excluded under the terms of the State Farm policy. Judge Duval certified this ruling for immediate appeal under Section 1292(b). *Id.* at 85. It is from this Order that the *Chehardy* plaintiffs petition and seek permission to file an interlocutory appeal to this Honorable Court.

Judge Duval's decision has wide-spread implications for policyholders who incurred losses from Hurricane Katrina last year. State Farm is one of the largest property and casualty insurers in Louisiana. The plaintiff policyholders purchased insurance from companies like the defendant State Farm with the reasonable expectation of having coverage for losses allegedly

1

incurred during Hurricane Katrina. While State Farm enjoys record profits, thousands upon thousands of New Orleanians languish in misery.

New Orleans was destroyed not by an Act of God, but rather from the greed and negligence of man. Lake Pontchartrain and the other surrounding waterways did not flood the City. It was the failure of those charged with the City's protection. Damage caused to property from a third-party's negligence is covered under the State Farm policies at issue. State Farm's policies provide coverage for wind damage and third-party negligent damage to property. This remains undisputed.

The people of New Orleans are eager to rebuild. They want their homes back and their lives to return to normal. They are not seeking handouts. The insurance proceeds they seek through actions like the *Chehardy* case were paid for with money earned through years of hard work and sacrifice. The *Chehardy* plaintiffs are all property owners. They purchased all-risk policies. They are entitled to coverage from State Farm as plead in the *Chehardy* action.

Louisiana has very strict requirements regarding interpretation of contracts, including insurance policies. Louisiana also recognizes the "efficient proximate cause" doctrine which compels a dismissal of State Farm's motion to dismiss in its entirety. *See Roach-Strayhan-Holland Post No. 20, Am. Legion Club v. Continental Ins. Co.*, 112 So. 2d 680 (La. 1959). This doctrine may not be abrogated and is central to any coverage analysis. Similarly, the Louisiana First Circuit, Court of Appeal, the only Louisiana appellate court to have addressed this issue, has held an analogous State Farm policy and similar exclusion to the one advanced by State Farm in the *Chehardy* action, to provide coverage. *Riche v. State Farm Fire & Cas. Co.*, 356 So. 2d 101 (La. App. 1st Cir. 1978), *writ denied*, 358 So. 2d 639 (La. 1978). Failure to apply the

2

efficient proximate cause doctrine or find State Farm's exclusion ambiguous is a violation of established Louisiana law and public policy.

At the very least, the *Chehardy* plaintiff policyholders are entitled to conduct discovery on these important coverage issues. Certainly, there is some set of facts under which State Farm's policyholders would be entitled to relief in this matter. Ambiguities exist in the State Farm policies at issue. Extrinsic evidence is admissible to clarify any ambiguity.

For these reasons, and for those reasons set forth herein, the *Chehardy* plaintiffs respectfully request this Honorable Court of Appeals accept the *Chehardy* plaintiffs' petition for appeal and grant them an appeal of Judge Duval's November 27, 2006, Order dismissing their case, in part, against State Farm.

## II.    THE FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

The facts of this action are undisputed. On August 29, 2005, Southeast Louisiana and the City of New Orleans were struck by Hurricane Katrina. The City was destroyed by windstorm and the negligent acts of third-parties associated with Hurricane Katrina. The damage was so great that the City and surrounding areas remained shut-down and uninhabited for months. Portions of the City and adjacent communities are still uninhabited.

The catastrophic events which lay waste to New Orleans and the surrounding area left many people puzzled and dumbfounded. In the months following the storm, Congressional investigations, meteorological experts and some officials from the U.S. Army Corps of Engineers began to suggest the City's demise was the result of third-party negligence.

In the months following the storm, the citizens of metropolitan New Orleans began to return to the area. Their first task was to assess the damage they suffered. As required by

3

insurance policies, citizens of New Orleans and the surrounding area began notifying their insurance companies of the damage they suffered. A significant number of residents and homeowners were notified by their insurers, including State Farm, that they did not have any coverage for the losses they sustained as a result of Hurricane Katrina and the negligent acts of others. Coverage was unilaterally denied by these companies, even though these citizens and insureds had purchased and maintained all-risk homeowners insurance policies.

The *Chehardy* plaintiffs Gladys Chehardy, Daniel and Jacquelyn Fontanez, Larry and Glendy Forster, Kenneth and Judy Maier, Randy and Lori Gervais, Andre and Marlin Mauberret, Debbie and Dave Strawn, Stephanie and Brad Boyd, New Orleans Flooring Supply, Inc., Patricia Brown, Marie Fatheree, Katrina Daniels, Lionel and Edna Jones, Karen Lewis, Shane Sylvester, Austra Zapata, Sabrina Perkins, Eldridge Pollard, Michael Peterson, Wendell Glation and Mack Barham were among those who returned to the area and were denied coverage by their respective insurance companies. The *Chehardy* plaintiffs then initiated this action as a class action on behalf of other policyholders who were improperly denied coverage for immovable property located in the Parishes of Orleans, St. Bernard and Jefferson, in the State of Louisiana at the time Hurricane Katrina hit Southeast Louisiana. Amended and Restated Complaint,¶ 25, Doc. No. 268-2, filed 4/27/06, Civil Action No. 2:05-cv-04182-SRD-JCW. Each of the *Chehardy* plaintiffs had an all-risk homeowners policy of insurance in effect at the time Hurricane Katrina hit Southeast Louisiana. The *Chehardy* plaintiffs sued fifteen insurance companies for wrongfully denying coverage under their all-risk policies, including State Farm.

Pursuant to F.R.C.P. 12, the defendant insurance companies proceeded to file motions to dismiss the plaintiffs' action. On October 27, 2006, Judge Duval held a hearing on those

4

motions.  All of these motions were denied except for the motion filed by State Farm.  State

Farm's motion was granted in part.  From this ruling, the *Chehardy* plaintiffs now seek

permission from this Court to file an appeal.

## III.    THE QUESTION PRESENTED

The question presented by this application for permissive appeal may be viewed in two

parts: (1) whether the District Court erred in finding State Farm's water damage exclusions

contained in the all-risk policies at issue excluded coverage to policyholders under any

circumstances presented by the *Chehardy* action, including but not limited to the negligent acts

of third persons and (2) whether the District Court erred in failing to follow established Louisiana

law and public policy applying the efficient proximate cause doctrine and established case law

finding coverage despite similar State Farm exclusions in analogous circumstances.

## IV.    THE RELIEF SOUGHT

The *Chehardy* plaintiffs seek the right to appeal the District Court's November 27, 2006,

Order dismissing their action, in part, against State Farm.  The *Chehardy* plaintiffs also seek an

order from this Court of Appeals reinstating their action, in its entirety, against State Farm.

Following a reversal of the Distict Court's November 27, 2006, Order, the *Chehardy* plaintiffs

further request an Order remanding this action to the District Court directing that the Plaintiffs'

action be allowed to proceed on the merits, and specifically, to proceed with the discovery phase

of the case.

**V.   THE REASONS WHY THE APPEAL SHOULD BE ALLOWED AND IS AUTHORIZED BY A STATUTE OR RULE**

In his Order of November 27, 2006, Judge Duval found his ruling to satisfy the requisite factors for immediate appeal to this Court of Appeals. Judge Duval expressly stated "all orders entered herein involve a controlling question of law as to which there is a substantial ground for a difference of opinion and an immediate appeal from these orders may materially advance the ultimate termination of the litigation." Order, November 27, 2006, Exhibit "A", p. 85.

Moreover, the devastation suffered by the residents and homeowners of New Orleans and Southeast Louisiana from Hurricane Katrina and the negligence of others is the costliest disaster in the history of the United States. The issue of insurance coverage is a crucial issue that directly bears on the ability of these communities to rebuild. Since the District Court found coverage lacking for some of the claims asserted by the plaintiffs herein against State Farm, this issue needs to be decided on an expedited basis. Furthermore, Judge Duval has issued a stay of all insurance coverage motions in all consolidated cases awaiting the decisions of this Court of Appeals. Conference of 11/29/06 Concerning Continuing Motion Practice, Doc. No. 2034, filed 12/6/06, Civil Action No. 2:05-cv-04182-SRD-JCW. There are literally tens of thousands of homeowners that are awaiting the decisions of this Court on this issue. If ever there was a need for an expeditious ruling such is presented by this application. The reasons for appeal stated in this application are clearly within the spirit of Section 1292(b). The District Court's ruling granting State Farm's motion to dismiss, in part, is ideal for interlocutory appeal.

Accordingly, the *Chehardy* plaintiffs respectfully request this Honorable Court of Appeals grant their application for permissive appeal of the District Court's ruling granting State Farm's motion to dismiss in part.

## VI.    ANALYSIS OF THE DISTRICT COURT"S NOVEMBER 27, 2006, ORDER

The District Court erred in granting State Farm's motion to dismiss, for the following reasons and for additional reasons as will be more fully briefed should this Court grant permission to appeal.

In determining a motion to dismiss pursuant to Rule 12, a court must look only to the pleadings and accept all well-pleaded allegations as true. *St. Paul Ins. of Bellaire v. Afia Worldwide Ins.*, 937 F.2d 274, 279 (5th Cir. 1991); *McMillon v. Corridan*, 1998 WL 560334 (E.D. La. 1998). A motion to dismiss must be denied unless it appears certain that the plaintiff cannot prove any set of facts whatsoever that would entitle the plaintiff to relief. *Rodriguez v. United States*, 66 F.3d 95, 96 (5th Cir. 1995). Moreover, a court must view the pleadings in the light most favorable to the non-movant and all reasonable inferences must similarly be drawn in favor of the non-moving party. *Bellizan v. Easy Money of La., Inc.*, 2001 WL 121909 (E.D. La. 2001).

As an *Erie* court, the District Court is bound to follow and apply establish Louisiana law in reviewing and considering the *Chehardy* plaintiffs' claims against State Farm in this action. Under well-established Louisiana jurisprudence and the Civil Code, when absurd results will result from a reading of a contract's terms, the contract is ambiguous and "the courts <u>must</u> construe the provision in a manner consistent with the 'nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a

7

like nature between the same parties.'" *Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La. 2000) (*citing* La. Civ. Code. Art. 2053)(emphasis added). Moreover, Louisiana law mandates courts must construe insurance policies "to effect, not deny coverage, and any ambiguity should be interpreted in favor of the [policyholder.]" *Id.* (*citing Yount v. Maisano*, 627 So.2d 148, 151 (La. 1993); *Garcia v. St. Bernard Parish Sch. Bd.*, 576 So.2d 975, 976 (La. 1991); *Breland v. Schilling*, 550 So.2d 609, 610 (La. 1989); *Sherwood v. Stein*, 259 So.2d 876, 878 (La. 1972)). More specifically, "equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer" if a provision is susceptible to two or more reasonable interpretations. *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).

Furthermore, if a policy or its provisions are ambiguous, Louisiana courts apply the "reasonable expectations" doctrine. *Holden v. Connex – Metalna*, 2001 WL 96413 (E.D. La); *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 764 (La. 1994); *Breland*, 550 So.2d at 610-11. Under the "reasonable expectations" doctrine, "'courts will protect the [policyholders] reasonable expectations . . . regarding the coverage afforded by insurance contracts even though a careful examination of the policy provisions indicates that such expectations are contrary to the expressed intention of the insurer.'" *Louisiana Ins. Guar. Ass'n*, 630 So.2d at 764, n.9 (quoting R. Keeton and A. Widiss, Insurance Law § 6.13 (1988)).[1] Courts applying the reasonable expectations doctrine have further explained its underlying rationale as follows:

---

[1]    This standard is the same as that applied by the West Virginia Supreme Court in *Murray v. State Farm Fire & Cas. Co.*, 509 S.E.2d 1 (W. Va. 1998). Just as there, the District Court should have applied the doctrine where State Farm attempted to apply its policies' exclusionary provisions in an overreaching and unreasonable manner.

8

"The doctrine of protecting the reasonable expectations of the insured is closely related to the doctrine of contracts of adhesion. Where there is unequal bargaining power between the parties so that one party controls all of the terms and offers the contract on a take-it-or-leave-it basis, the contract will be strictly construed against the party who drafted it. Most courts recognize the great disparity in bargaining power between insurance companies and those who seek insurance. Further, they recognize that, in the majority of cases, a lay person lacks the necessary skills to read and understand insurance policies, which are typically long, set out in very small type and written from a legalistic or insurance expert's perspective. Finally, courts recognize that people purchase insurance relying on others, the agent or company, to provide a policy that meets their needs. The result of the lack of insurance expertise on the part of [policyholders] and the recognized marketing techniques of insurance companies is that 'the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations."

*Atwater Creamery Co. v. Western Nat. Mut. Ins. Co.*, 366 N.W.2d 271, (Minn. 1985) (*quoting*

Keeton, Insurance Law Rights at Variance with Policy Provisions, 83 Harv. L. Rev. 961 (1970)).

It is against this analytical framework that the Court must review the District Court's erroneous

ruling granting State Farm's Motion to Dismiss. .

### A. STATE FARM'S EXCLUSIONS ARE AMBIGUOUS AND UNENFORCEABLE

The District Court erred in its analysis of State Farm's exclusions in its all-risk policy and

should have rejected State Farm's untenable and unsupported argument that the *Chehardy*

plaintiffs' losses were excluded under State Farm's all-risk insurance policy. The District

Court's ruling as to State Farm was erroneous because the water which entered the City of New

Orleans as a result of third-party negligence simply does not constitute "flood" for purposes of

State Farm's water damage exclusion. The all-risk policy sold by State Farm did not define the

term "flood" to include the breaking of levees or dams or to include water released due to the

negligent maintenance, design or construction of such structures.  The express language of the

State Farm water damage exclusion contains no specific reference to flooding caused by third-

party negligence, nor is the term "flood" defined in any manner to include, refer, incorporate or

suggest flooding  or water damage caused by third-party negligence.  Moreover, nowhere in that

policy is the inundation of water resulting from the negligent acts of third parties specifically

excluded.

State Farm drafted vague policies containing generalized and undefined exclusionary

language in order to suggest after-the-fact interpretations of terms in order to exclude coverage

otherwise provided for under its all-risk policies and to frustrate the reasonable expectations of

Louisiana homeowner policyholders.  As such, any ambiguities or failure to include terms or

definitions within its policies must be construed against State Farm, who cannot simply rely upon

its overreaching and unreasonable interpretation in order to avoid the coverage which was

purchased and reasonably expected by policyholders.  *Cadwallader*, 848 So.2d at 580.

State Farm's all-risk policy at issue in the *Chehardy* action provides:

2.      We do not insure under any coverage for loss which would not have
occurred in the absence of one or more of the following excluded events.  We do
not insure for loss regardless of: (a) the cause of the excluded event; or (b) other
causes of the loss; or (c) whether other causes acted concurrently or in any
sequence with the excluded event to produce the loss; or (d) whether the event
occurs suddenly or gradually; involves isolated or widespread damage, arises from
natural or external forces, or occurs as a result of any combination of these.
                              * * *
c.      Water Damage, meaning:
(1)     flood, surface water, waves, tidal water, tsunami, seiche, overflow of a
body of water, or spray from any of these all whether driven by wind or not[.]

In reviewing this policy language, the District Court erroneously expanded the language of this exclusion to deny coverage. Order, November 27, 2006, Exhibit "A", at p. 73. The term "flood" is not defined anywhere in State Farm's policy. In fact, the concept of "flood" under the National Flood Insurance Program do not define "flood" to include water that is released from ruptured levee or dam walls or water that inundates an area due to the negligent acts of third parties, thus the District Court erred in redefining "flood" to include water damage resulting from the ruptured levees. Hence, the District Court should have found State Farm's exclusion ambiguous and denied its motion to dismiss in its entirety.

**B.     THE DISTRICT COURT'S RULING CONTRAVENES LOUISIANA LAW**

The District Court's ruling is also contrary to the long-standing "efficient proximate cause" test that the Louisiana Supreme Court has adopted in determining whether coverage exists. *Roach-Strayhan-Holland Post,* 112 So.2d at 683. "Efficient proximate cause" has been technically defined as "the efficient or predominant cause which sets into motion the chain of events producing the loss . . . not necessarily the last act in a chain of events." *Graham v. Public Employees Mut. Ins. Co.,* 656 P.2d 1077, 1081 (Wash. 1983). The "efficient proximate cause" analysis focuses on whether all of the losses or claims can be traced to one original causative factor, regardless of the number of injuries or claims made. If the originating or dominant cause of the loss is a covered peril, there is coverage. *Lorio v. Aetna Ins. Co.,* 232 So.2d 490 (La. 1970) (holding that policyholders may have coverage when covered peril causes an excluded peril). The Louisiana Supreme Court, as well as other courts in the Gulf region, have interpreted the "efficient proximate cause" doctrine to permit coverage for hurricane-related losses where the evidence has shown that wind was the "proximate cause" of the damage, notwithstanding that

11

flooding contributed to the loss. *See, e.g., Roach-Strayhan-Holland Post,* 112 So.2d at 683; *Western Assurance Co. v. Hann,* 78 So. 232, 236 (Ala. 1917); *Glens Falls Ins. Co. of Glens Falls, N.Y. v. Linwood Elevator,* 130 So.2d 262, 270 (Miss. 1961); *Evana Plantation, Inc. v. Yorkshire Ins. Co.,* 58 So.2d 797, 798 (Miss. 1952).

Under these cases and the underlying rationale behind the "efficient proximate cause" test, if coverage exists where a covered peril is ultimately shown to be the proximate cause of damage despite contribution from a non-covered peril, then the presence of a non-covered peril such as water damage would not invoke the water damage exclusion and operate to deny coverage. Under the District Court's decision with regard to State Farm, a determination that a covered peril was the "efficient proximate cause" of a loss would be meaningless if a Court found "some damage" from an excluded peril. The District Court failed to apply the efficient proximate cause to State Farm's policy. In so doing, the District Court allowed State Farm's policy exclusions to abrogate the "efficient proximate cause" doctrine. This District Court, sitting as an *Erie* court, cannot abrogate well-established Louisiana law by way of its ruling. Such an approach, if allowed to stand, would result in a sweeping change in the causation analysis and standard by the federal courts as it applies to policyholders in Louisiana in complete contrast to the holdings of Louisiana courts.

In *Riche v. State Farm, supra,* the Louisiana First Circuit Court of Appeal reversed the Trial Court and found a loss suffered during a storm on a lake was not excluded by the water or flood provisions of the insurance policy. The exclusion in the policy in *Riche* was similar to the exclusions relied upon by the District Court and advanced by State Farm in the case at bar. For all practical purposes, under the District Court's analysis, the exclusion analyzed by the *Riche*

12

court would have the same effect upon the *Chehardy* plaintiffs' claims in this matter–coverage would have been denied.

> However, the *Riche* court specifically held:
> [t]his exclusion, when read as a whole, contemplates only such damage caused by water <u>which has risen over and covered areas not ordinarily covered by water</u>. We find that damage caused by windstorm (or resulting waves) over a body of water, such as a lake or reservoir, does not come within the scope of this exclusion. This interpretation is in line with the rule of construction that exclusionary clauses are strictly construed.

*Riche*, 356 So. 2d at 103-4 (emphasis added) (citations omitted).

The Louisiana Supreme Court denied writs in *Riche*. Thus, the only Louisiana appellate court to address the definition of "flood" under the State Farm policy required that the "flood" contain water which has <u>risen over</u> and covered areas not ordinarily covered by water. The Chehardy Plaintiffs have alleged breaches in the levees which encompasses a flow through, not over, the walls -- caused by third party negligence was the efficient proximate cause of the losses. As such, as in *Riche*, the term "flood" is ambiguous and found by the Louisiana appellate courts to require overflow. Therefore, levee breaches caused by third party negligence is not a "flood" under the State Farm "all risk" policy. Thus, the District Courts' November 27, 2006 Order is directly contrary to *Riche* and not a "flood" as found by the only Louisiana appellate court to address this specific issue.    Hence, it is clear that under the efficient proximate cause doctrine and established Louisiana case law, the District Court should have denied State Farm's motion to dismiss in its entirety.

13

## VII.   ISSUE SHOULD BE CERTIFIED TO THE LOUISIANA SUPREME COURT PURSUANT TO RULE XII

There are literally thousands of cases in Louisiana state courts and thousands in federal courts dealing with the exact or substantially similar issue before this Honorable Court. It is submitted by Plaintiffs that this issue is of such paramount importance dealing with the application of Louisiana law that for the sake of judicial efficiency and justice that this issue, and those of the Defendants seeking similar permissive appeal under Section 1292(b), be submitted to the Louisiana Supreme Court under Rule XII of the Rules of the Louisiana Supreme Court as suggested by the District Court. *See* November 27, 2006 Order, Doc. No. 1803, Exhibit "A", at p. 85.

## CONCLUSION

For the reasons stated herein, the *Chehardy* plaintiffs respectfully request this Honorable Court of Appeals grant this Petition, and allow the *Chehardy* plaintiffs and other parties to brief the issues presented by Judge Duval's November 27, 2006, Order, and following receipt of briefs and oral argument and additional reasons to be provided therein, to enter an order reversing the District Court's ruling granting State Farm's motion to dismiss, in part, and ordering this action remanded to the District Court to proceed on the merits and the discovery phase of the case.

Respectfully submitted,

_____
Joseph M. Bruno, T.A., La. Bar No. 3604
jbruno@brunobrunolaw.com
David S. Scalia, La. Bar No. 21369
david@brunobrunolaw.com
BRUNO & BRUNO
855 Baronne Street
New Orleans, LA 70113
Ph: (504) 525-1335
Fax: (504) 561-6775

14

AND

Calvin C. Fayard, Jr. La. Bar. Roll. No. 5486
calvinfayard@fayardlaw.com
FAYARD AND HONEYCUTT, APLC
519 Florida Avenue, SW
Denham Springs, LA 70726
Ph: (225) 664-4193
Fax: (225) 664-6925

AND

John N. Ellison, Esq.
jellison@andersonkill.com
Darin McMullen, Esq.
dmcmullen@andersonkill.com
ANDERSON KILL & OLICK, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Ph: (215) 568-4202
Fax: (215) 568-4375
*To Be Admitted Pro Hac Vice*

AND

Joseph J. McKernan, La. Bar No. 10027
jemckernan@mckernanlawfirm.com
MCKERNAN LAW FIRM
8710 Jefferson Highway
Baton Rouge, Louisiana 70809
Ph: (225) 926-1234
Fax: (225) 926-1202

AND

Drew Ranier, La. Bar No. 8320
dranier@rgelaw.com
N. Frank Elliot III, La. Bar No. 23054
felliot@rgelaw.com
RANIER, GAYLE and ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
Ph: (337) 494-7171
Fax: (337) 494-7218

AND

Larry D. Dyess, La. Bar No.19555
ldyess@rgelaw.com
LARRY D. DYESS, APLC
4637 Jamestown Avenue, Suite C
Baton Rouge, LA 70808
Ph: (225) 928-0019
Fax: (225) 924-0141

AND

James P. Roy, La. Bar. Roll. No. 11511
jimr@wrightroy.com
DOMENGEAUX, WRIGHT, ROY
AND EDWARDS, L.L.C.
556 Jefferson Street, Suite 500
P.O. Box 3668
Lafayette, LA 70502-3668
Telephone: (337) 233-3033
Fax: (337) 232-8218

AND

Matthew D. Schultz, Fla. Bar. No.640328
mschultz@levinlaw.com
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
       ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6123
*To Be Admitted Pro Hac Vice*
*Attorneys for the Petitioners-Plaintiffs*

16

## PROOF OF SERVICE

I, Joseph M. Bruno, hereby certify that a copy of the above and foregoing Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) has been served upon all counsel of record by electronic filing, or facsimile transmission, hand delivery, or depositing same in the United States Mail, postage pre-paid on December 11, 2006. The names of individual counsel are too numerous to list individually here, but are based upon the counsel of record list in the District Court, and a copy of that list is attached hereto.

_____
Joseph M. Bruno

17

22910 - Chehardy, *et al* v. State Farm Fire & Casualty Company, *et al*
06-1672, 06-1673, 06-1674
Counsel of Record Distribution List

waaron@goinsaaron.com
rsmith@goinsaaron.com
abramson@phelps.com
parkerd@phelps.com
steadmas@phelps.com
wackerman@rc.com
sholden@rc.com
gadams@phjlaw.com
adamsgb@gmail.com
orradams@aol.com
nancykhobbs@yahoo.com
Saertker@hvfa-law.com
Tgoodnight@hvfa-law.com
jaguda@nielsenlawfirm.com
ldurham@nielsenlawfirm.com
snichols@nielsenlawfirm.com
aakers@lpw-law.com
bsimpson@lpw-law.com
lgauthreaux@lpw-law.com
jandry@andrylawfirm.com
dsmith@andrylawfirm.com
sja@lcba-law.com
bjc@lcba-law.com
ddc@lcba-law.com
ebb@lcba-law.com
rgd@lcba-law.com
rsm@lcba-law.com
Tanzelmo@mcsalaw.com
jtorrence@mcsalaw.com
ltowler@mcsalaw.com
kaurandt@daiglefisse.com
jbaay@glllaw.com
bmcdonnell@glllaw.com
ababich@tulane.edu
ababich@earthlink.net
BabinS@ag.state.la.us
sbagneris@aol.com
sbarcellona@stonepigman.com
vbargas@sszblaw.com

cathyb@sszblaw.com
jbarrasso@barrassousdin.com
slanglois@barrassousdin.com
barrierb@phelps.com
battagld@phelps.com
fbarry@dkslaw.com
jhyde@dkslaw.com
sbarry@barrypiccione.com
klatiolais@barrypiccione.com
sdixon@barrypiccione.com
abaumgartner@phjlaw.com
kboudreaux@phjlaw.com
s_beards@bellsouth.net
sbeardsley@couturelaw.net
sbjrdar@cox.net
dbecnel@becnellaw.com
mmoreland@becnellaw.com
ROBBECNEL@AOL.COM
kbelsome@dkslaw.com
ebb@lcba-law.com
rsm@lcba-law.com
kbergeron@dkslaw.com
bergeron-keith@cox.net
jvelez@dkslaw.com
cbingham@oatshudson.com
drandazzo@oatshudson.com
kbogart@duplass.com
kprice@duplass.com
dbordelon@ungarino-eckert.com
mdbowden03@yahoo.com
nbowen@duplass.com
cmotes@duplass.com
sbowser@duplass.com
BrahneyT@ag.state.la.us
lbrener@brenerlaw.com
tbrennan@dkslaw.com
spacaccio@dkslaw.com
pbrooks@monbar.com
mokeefe@monbar.com
gbrown@hamiltonfirm.net

G:\22910\Correspondence\Atty.All.01.wpd

tborne@hamiltonfirm.net
cbruno@brunobrunolaw.com
jbruno@brunobrunolaw.com
stephaniep@brunobrunolaw.com
sbullock@stonepigman.com
wduncan@stonepigman.com
BJC@LCBA-LAW.COM
rsm@lcba-law.com
jcain@hhkc.com
emartin@hhkc.com
rcaluda@rcaluda.com
stephanie@rcaluda.com
jcambre@duplass.com
sbowser@duplass.com
dcannella@landryswarr.com
lslaw@landryswarr.com
bcapitelli@barrassousdin.com
slanglois@barrassousdin.com
bkc@lcba-law.com
mbm@lcba-law.com
rchenault@mcglinchey.com
cchocheles@shergarner.com
oarregui@shergarner.com
aclark@fjdlegal.com
jerrie@fjdlegal.com
adc@longlaw.com
kge@longlaw.com
rhondad@longlaw.com
jac@ecwko.com
am@ecwko.com
kcb@ecwko.com
saa@ecwko.com
kcole@gjtbs.com
bmorton@gjtbs.com
craymond@gjtbs.com
lcolletta@lemle.com
mcollins@phjlaw.com
bgates@phjlaw.com
Traci.ColQuette@usdoj.gov
Catherine.Corlies@usdoj.gov
ccolvin@kingsmillriess.com
bseamster@kingsmillriess.com
lbarre@kingsmillriess.com
pconnick@lil.nocoxmail.com

cconnors@mumphreylaw.com
gmcgowen@mumphreylaw.com
rebecca.cooper@phelps.com
pattersk@phelps.com
jcotchett@cpsmlaw.com
dcourson@stonepigman.com
keithcouture@bellsouth.net
art894@aol.com
kcouture@couturelaw.net
rcozad@mpc-law.com
bboudreaux@mpc-law.com
kforet@mpc-law.com
wc@jonesfussell.com
rcreely@aol.com
tph59@amatocreely.nocoxmail.com
tph59@amatocreely.nocoxmail.com/ton.com
ccdlawfirm@aol.com
mcurtis@shergarner.com
lgraffagnini@shergarner.com
damico@damicolaw.net
ldeogracias@damicolaw.net
daiglec@phelps.com
tdarling@grhg.net
firm@grhg.net
tigerthom@cox.net
tl@grhg.net
jdegruy@mblb.com
smethe@mblb.com
bdelaune@dkslaw.com
dkimble@dkslaw.com
dearie@bayoulaw.com
aadams@bayoulaw.com
kderham@duplass.com
ndavis@duplass.com
sbowser@duplass.com
jvdirosa@cityofno.com
jdirosa1@cox.net
dicharrr@phelps.com
pattersk@phelps.com
Jdonovan@donovanlawler.com
jtaulli@donovanlawler.com
wdumas@dumaslaw.com
tyoungblood@dumaslaw.com
mdumestre@stonepigman.com