4.  Section 2 **Real Property** subsection g and g.(1) excludes weather conditions but states "ensuing loss," not excluded or exempted by tin the policy is covered.

As such, plaintiff contends that the ensuing loss, damage caused by Windstorm and Hurricane Peril Coverage and Hurricane Deductible Endorsement are ensuing losses that extended coverage by virtue of the endorsements to provide coverage for otherwise excluded perils, i.e. wind and flood waters caused by a hurricane.   In addition, plaintiff contends that these provisions create an ambiguity of the type noted in *Tuepker*, *supra,* and as such, a finding of coverage should ensue.

At oral argument, counsel for plaintiff also adopted the arguments of other counsel concerning the applicability of the Water Damage Exclusion.

### III.  Applicable Policy Provisions

The policy states in relevant part the following:

> **COVERAGES**
>
> **$1000 Hurricane Deductible (based on the residence value)**
>
> **B. HURRICANE DEDUCTIBLE ENDORSEMENT**
> We will pay only that part of the total of the loss for all Property Coverages that exceeds the hurricane deducible state on the Coverage Summary.  The hurricane deductible shown on the Coverage Summary applies to all covered property for direct physical loss or damage caused directly or indirectly by a hurricane as defined below.  Such deductible applies regardless of any other cause or event contributing concurrently or in any sequence to the loss.  No other deducible provision in the policy applies to direct physical loss caused by a hurricane.  In no event will the deductible applied for a hurricane loss be less than the property deductible shown on the Coverage Summary.
>
> Hurricane means wind, wind gust, hail, rain, tornado, cyclone or hurricane which result in direct physical loss or damage to property be a storm system that has been declared to be hurricane by the National Weather Service.  the duration of the hurricane includes the time period in your state:

82

    A.    beginning at the time a hurricane watch or hurricane warning is issued for any part of the state by the National Weather Service;

    B.    continuing for the time period during which the hurricane conditions exist anywhere in the state; and

    C.    ending 12 hours following the termination of the last hurricane watch or hurricane warning for any part of your state by the National Weather se5rve.

All other provisions of this policy apply.

### REAL PROPERTY -COVERED PERILS

We cover direct physical loss to property describe in **Real Property - Insuring Agreement,** unless the loss is not covered under **Property Coverage - Losses We Do Not Cover.**

. . .

### LOSSES WE DO NOT COVER

The introductory paragraph is deleted and replaced by the following:

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. **However, coverage will be provided for any covered peril that precedes an excluded peril, occurs concurrently with an excluded peril, or occurs as a result of an excluded peril.**

(Exhibit "1E" amendment of G18733-H Required Coverage and amendments page 6 of 14.)

    **1.**    **Real property and Tangible Personal Property.** We do not insure for loss:

        a.    Caused by water damage, meaning:

            (1)    Flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(Exhibit "1F" policy of Insurances page 11 of 23).

    2.    **Real Property.** We do not insure for loss:

        g.    To covered real property caused by any of the following. However, any ensuing loss not excluded or excepted in this policy is covered.

            (1)    Weather conditions. However, this exclusion applies only if weather conditions contribute in any way with a cause on (sic) event otherwise excluded t produce the loss.

83

(Exhibit 1G, Page 13 of 23 of policy).

## III. Analysis

Plaintiff's contentions concerning the Hurricane Deductible are misplaced. This endorsement simply reduced the deductible that would normally be applicable from a percentage of the value of the house to a flat $1000.00. It does not create independent coverage. However, because of the ambiguity in the Water Damage Exclusion as previously discussed in *Vanderbrook, Xavier and Chehardy*, the Court finds it will grant the motion for partial summary judgment as the Water Damage Exclusion is ambiguous and must be construed against the insurer, and thus provides coverage for the insured herein. In so finding the Court reiterates and incorporates the *Vanderbrook* opinion above, in particular sections,

- IV. Legal Concepts for Contract Interpretation;
- VI. Parties' Contentions;
- VII. Definitions and Usage of the Word "Flood" Demonstrate Two Reasonable Interpretations of the Term;
- VIII. Jurisprudence Further Demonstrates Reasonableness of Alternative Interpretations;
- IX. Application of Legal Principles to the Policies Before the Court; and
  - A. ISO Water Damage Exclusion.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED** insofar as there is coverage as a result of the ambiguity in the Water Damage Exclusion and **DENIED** with respect to the Hurricane Deductible argument.

## CERTIFICATION FOR APPEAL

84

Pursuant to 28 U.S.C. § 1292(b), all orders entered herein involve a controlling question of law as to which there is a substantial ground for a difference of opinion and an immediate appeal from these orders may materially advance the ultimate termination of the litigation. In accordance with 28 U.S.C. § 1292(b), an application for appeal must be made to the Court of Appeals within ten days after the entry of this order.

The Court notes that if it had the power under Rule XII of the Rules of the Louisiana Supreme Court to certify the issues decided herein to that court, it would have done so, since there are no clear controlling precedents of the Louisiana Supreme Court on same and the issues presented and decided herein are significant and require an application of Louisiana law.

New Orleans, Louisiana, this __27th__ day of November, 2006.

STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**