UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES : CIVIL ACTION |
| CONSOLIDATED LITIGATION : |
| : NO. 05-4182 "K"(2) |
| : |
| PERTAINS TO: : JUDGE DUVAL |
| LEVEE (06-6642) : |
| (PONTCHARTRAIN BAPTIST CHURCH) : MAGISTRATE WILKINSON |
| : |

**REPLY MEMORANDUM OF MODJESKI AND MASTERS, INC.
IN SUPPORT OF ENGINEERS' JOINT MOTIONS FOR
DISMISSAL AND/OR SUMMARY JUDGMENT FILED ON
FEBRUARY 1, 2007**

**MAY IT PLEASE THE COURT:**

In an untimely Opposition distributed to counsel late in the evening of March 16, 2007, plaintiffs have argued that admiralty or maritime tort jurisdiction preempts the application of Louisiana law to defendant engineer Modjeski and Masters, Inc., (hereinafter "Modjeski") in the Pontchartrain Baptist Church civil action, with respect to the 17th Street Canal.

Modjeski files this Reply Memorandum out of an abundance of caution, because it has been served with plaintiffs' Opposition memorandum, but said Opposition memorandum has not appeared in the consolidated filings docket in the Katrina umbrella.  The February 1, 2007, joint motions by the Engineers (Modjeski and Masters, Inc., Eustis Engineers, Inc., Burk-Kleinpeter, Inc., and Go-

Tech, Inc.) were set for submission on March 23, 2007, without oral argument. If the Court desires additional briefing on the maritime law issues raised by plaintiffs untimely filing on March 16 (almost one month past the Court ordered deadline of February 22 for oppositions to the February 1 motions), then Modjeski, as well as the other three Engineers (who are not named in <u>Pontchartrain Baptist Church</u> but who may be affected by plaintiffs' maritime law arguments if pursued in the Master Complaint), request leave for additional time to file same.

Modjeski submits that there is no maritime jurisdiction in regard to claims arising from breaches/failure of the 17th Street Canal because:

1) The "location test" for admiralty jurisdiction of tort claims against the Engineers is <u>not</u> satisfied because the damages on land were not caused by the actions of a vessel or her appurtenances;

2) Even if any of the outfall canals were held to be navigable waterways for purposes of admiralty jurisdiction, and even if the location test is satisfied by alleged actions of a vessel, the "connection to commercial maritime activity" test for admiralty jurisdiction is still lacking.

The Opposition memorandum filed on March 16, at pages 15 - 16, also contain a subsection entitled "Specificity as to Defendant Modjeski and Masters." The items referred to therein are a 1981 public hearing in regard to the deepening of the 17th Street Canal and a reference to dredging "under certain bridges" in November, 1997. The bridges referenced in the documents actually are the Veterans Boulevard bridges over the 17th Street Canal, not the Hammond Highway Bridge to which plaintiffs refer at length in their Opposition. But in any event, the engineering services provided by Modjeski were not related to commercial maritime activity.

### A) Jurisdictional Test for Admiralty Tort Jurisdiction

The two part test for admiralty jurisdiction, developed in *Executive Jet Aviation, Inc. v. City*

*of Cleveland*, 409 U.S. 249 (1972); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982); *Sisson v. Ruby*, 497 U.S. 358 (1990); and *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527 (1995), requires that a tort claim satisfy both the "situs" requirement and the "connection to commercial maritime activity" requirement.

In *Grubart*, the Supreme Court described the two part test as follows:

"A court applying the location test must determine whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water. 46 U.S.C. App. § 740. The connection test raises two issues. A court, first, must assess the general features of the type of incident involved . . . to determine whether the incident has a potentially disruptive impact on maritime commerce. Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." 513 US at 534.

### B) "Location Test" Not Satisfied

Even assuming that the 17th Street Canal or any other outfall (drainage) canals are "navigable waters", the "location test" for admiralty jurisdiction is <u>not</u> satisfied because there is <u>no proof</u> in the record that the damages (flooding on land) were caused by a vessel or her appurtenances.

Plaintiffs claims in regard to the engineering analysis provided by Modjeski in regard to dredging of the 17th Street Canal during the time period 1981 through 1984, are all in regard to planning the deepening of the Canal and soil stability analyses of the levees. There is still no allegation or hint that the dredging equipment employed by the Contractors in the 17th Street Canal did anything beyond the instructions given them by the Corps and the OLD. Thus, in line with this Court's recent opinion (Doc. No. 3365) regarding the MRGO/Dredgers motions, decided on March 9, 2007, there is no claim pleaded for negligent dredging sufficient to satisfy Rule 12(b)(1).

Plaintiffs' claims against Contractors for blasting work near levees or use of heavy equipment on the levees has no connection to vessels.

The claims asserted against Modjeski are for alleged negligence in design of dredging and floodwall work on levees that suffered localized breaches, which resulted in flooding on the landward side of the levees. The Fifth Circuit in *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 456-457 (5th Cir. 1999) stated:

> "A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water . . . in determining whether the tort occurred on navigable water, this court looks to where the alleged wrong took effect rather than to the focus on the allegedly tortious conduct . . .
>
> "Under an exception to the general rule that the impact of the tort must be felt on navigable water, the appellants next contend that the location prong has been satisfied because they suffered an injury on land that was caused by a vessel on navigable water. This exception was created with the enactment of the Extension of Admiralty Jurisdiction Act in 1948 . . . (current version at 46 U.S.C. § 740). . . By the Act's express terms, however, the injury must be <u>caused by a vessel</u> [emphasis added] . . . The Supreme Court has clearly indicated that the Act means the vessel and her appurtenances, and <u>does not include those performing actions for the vessel</u> [emphasis added] . . . Because the complained of conduct was not caused by the vessel itself or its appurtenances, appellants' claims do not fall under the ambit of 46 U.S.C. § 740.
>
> "Thus, because the impact of the alleged tort was felt on land rather than on navigable waters and because the damage was not caused by the vessel or her appurtenances, the location prong of the admiralty jurisdiction inquiry has not been met."

Judge Berrigan has likewise ruled, in *In the Matter of Ingram Barge Company*, 435 F.Supp. 2d 524, 2006 WL 1539787 (E.D. La. 2006), (Doc. No. 161 in C. A. No. 05-4419), that the Admiralty Extension Act requires damage to be caused by a vessel or her appurtenances, if the "location test" is to be satisfied in a case involving damages occurring on land. Judge Berrigan held that the claims asserted against the USA, <u>not</u> related to the barge, did not satisfy the locality test. The court analyzed the claims regarding the barge in *Ingram* and held that those claims were sufficient to satisfy the location test of the Admiralty Extension Act. But, the *Ingram* court further analyzed the

"maritime commerce connection" test of admiralty jurisdiction in regard to maritime claims asserted against the USA and found no maritime jurisdiction.

> "A levee is a structure fixed to the land whose fundamental purpose is to protect the land-based community from flood waters . . . Although its existence may have some impact on the nature of the water it confines, it is a stretch to claim that levees are built for reasons substantially related to maritime commerce." 435 F. Supp. 2d at 530.

Plaintiffs citation to Scarborough v. Clemco Industries, 391 F 3d 660 (5th Cir. 2004) as authority to apply maritime law and preempt the established Louisiana law of peremption in behalf of Engineers is misplaced. In Scarborough, 391 F3d at 664-665, the Fifth Circuit acknowledged the two requirements for admiralty jurisdiction (i.e. (1) potential to disrupt maritime commerce, and (2) causative activity bears substantial relationship to particular maritime activity) described by the Supreme Court in Grubart, but the Court found that the prior jury determination in Scarborough I and the fact that Scarborough was a Jones Act seaman met the first requirement easily and focused more upon the "maritime activity" requirement in discussing Justice O'Connor's concurrence in Grubart. Here plaintiffs have not alleged or shown that the levee breaches which flooded properties on the east side of the 17th Street Canal disrupted maritime commerce. The argument that the Port of New Orleans was affected consequentially due to flooding in the city would likewise be true if a large fire in the city knocked out electric power to port terminals. Would liability for the causes of the fire then be controlled by maritime law to the exclusion of state law?

The "connection" test is discussed below.

    **C)** **Modjeski's Services on the 17th Street Canal do not Satisfy the "Maritime Commercial Activity" Test**

Assuming that the 17th Street Canal qualifies as navigable waters and further assuming that

the "location test" is satisfied, Pontchartrain Baptist's claims against Modjeski cannot satisfy the "maritime commercial activity" test for admiralty jurisdiction.

Modjeski provided certain engineering services in regard to analysis of dredging in the 17th Street Canal and in the design of floodwalls, but Modjeski did not own or operate any vessels. The engineering services had no connection with maritime commerce or traditional maritime activity. Nor did the subsequent dredging by a Contractor and subsequent construction of floodwalls have any connection to maritime commercial activity.

The Supreme Court cases of *Executive Jet, Foremost Ins. Co., Sisson* and *Jerome B. Grubart, Inc.*, provide that maritime tort jurisdiction requires satisfaction of a "commercial maritime activity", in addition to locality.

In *Texaco Exploration & Production, Inc. v. Amclyde Engineered Products Co.*, 448 F.3d 760 (5th Cir. 2006) *on rehearing* 453 F.3d 652 (5th Cir. 2006), the Fifth Circuit considered whether or not maritime law applied to a casualty involving the dropping of a deck module (a part of the Petronius offshore platform being constructed in the Gulf of Mexico) by a derrick barge crane. The Fifth Circuit cited to *Grubart* and found there was no maritime jurisdiction because the building of an offshore oil and gas facility in the Gulf of Mexico on the Outer Continental Shelf was not related to maritime commerce. As the Court stated "To the extent that maritime activities surround the construction work underlying the complaint, any connection to maritime law is eclipsed by the construction's connection to the development of the Outer Continental Shelf." 448 F3d at 771.

Here, the claims against Modjeski have no connection to maritime commerce, but are exclusively connected to immovables under Louisiana law, i.e., levees.

Likewise in *National Union Fire Insurance Co. of Pa. v. United States*, 436 F.Supp. 1078 (M.D. Tenn 1977) the Court found that the alleged failure of the defendant Corps of Engineers to

control properly dams on the Cumberland River did <u>not</u> satisfy the "commercial maritime connection" test so as to provide admiralty jurisdiction for claims involving flooding of warehouses on shore. The Court stated, 436 F.Supp. at 1083:

> "Thus, while control of the water level does generally involve considerations affecting navigation and commerce upon the water, the only actual impact of concern in this instance is the flooding of a shore-based warehouse. Viewed in this way, it becomes more difficult to perceive an actual maritime incident for which the unique principles and procedures of admiralty are pertinent . . . [W]here the actual untoward consequence is of a kind which can readily be dealt with by resort to established common law tort principles, it makes no sense to dredge up (no pun intended) a whole body of law whose purpose and history is inextricably bound up in matters concerning maritime commerce. It should not be overlooked that the navigability of the Cumberland, which is a *sine qua non* of admiralty jurisdiction, had nothing whatever to do with the injuries sustained in this case. It is not inconceivable that a stopped up storm drain, during an abnormally heavy rainfall, could have resulted in essentially the same damage to the material in the warehouse. And in such a case, a suit against the municipality (assuming no immunity) alleging negligent failure to keep the sewers cleared of debris, could easily be disposed of within the contours of state tort law. The fact that the alleged culprit in the instant case was the Corps of Engineers and that the destructive force happened to be a navigable stream does not alter the availability, viability, and indeed, the preferability of state law for disposing of this case."

Also in *In Re Silver Bridge Disaster Litigation*, 381 F.Supp. 931, 942-943 (S. D. W.Va. 1974) the Court found no maritime connection to support admiralty jurisdiction for claims, against the USA, alleging defect in a bridge which collapsed onto navigable waters; the court applied state law under the Federal Tort Claims Act.

In both <u>Harrison v. Glendel Drilling Company</u>, 679 F Supp 1413, 1420 - 1421 (W.D. La. 1988) and <u>Miller v. Griffin-Alexander Drilling Co.</u>, 685 F Supp. 960, 964 (W.D. La. 1988) Judge Scott found that malpractice claims against land based physicians, allegedly connected to bodily injury claims within maritime tort jurisdiction, have no connection to maritime commerce, and that the standards regarding medical malpractice are nationally recognized to be a matter of local and state concern, not a matter for "uniformity" or preemption under maritime law. Modjeski submits

that maritime law is not interested in usurping the traditional control of architects and engineers by state law.

### D) Conclusion

Plaintiffs in Pontchartrain Baptist Church, et al. have not proved a basis for maritime jurisdiction in regard to the claims asserted in this civil action against Modjeski and have not shown a basis for maritime law to preempt the state law peremption statute, La. R.S. 9:5607, upon which the pending Joint Motions of Engineers are based.

/s/ FRANCIS J. BARRY, JR.
**Francis J. Barry, Jr., T.A. (Bar No. 02830)**
**Frederick R. Bott (Bar No. 3285)**
**Keith J. Bergeron (Bar No. 25574)**
**Scott J. Hedlund (Bar No. 30549)**
of
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
fbarry@dkslaw.com
Attorneys for Modjeski and Masters, Inc., Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the 23rd day of March, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) abramson@phelps.com
2) wackerman@rc.com
3) jandry@andrylawfirm.com
4) tanzelmo@mcsalaw.com
5) aakers@lpw-law.com
6) BabinS@ag.state.la.us
7) sbarcellona@stonepigman.com
8) jbarrasso@barrassousdin.com
9) dbecnel@becnellaw.com
10) darrylbecnel@becnellaw.com
11) ROBBECNEL@AOL.COM
12) kbergeron@dkslaw.com
13) bilbron@phelps.com
14) kbogart@duplass.com
15) nbowen@duplass.com
16) tbrennan@dkslaw.com
17) pbrooks@monbar.com
18) dbrowne@brownelaw.com
19) jbruno@brunobrunolaw.com
20) sbullock@stonepigman.com
21) jcambre@duplass.com
22) adc@longlaw.com
23) jac@ecwko.com
24) Traci.ColQuette@usdoj.gov
25) ccolvin@kingsmillriess.com
26) rcozad@mpc-law.com
27) rcreely@aol.com
28) daiglec@phelps.com
29) rdaigre@duganbrowne.com
30) tdarling@grhg.net
31) tdavis2@cableone.net
32) jdegruy@mblb.com
33) dearie@bayoulaw.com
34) kderham@duplass.com
35) jvdirosa@cityofno.com
36) wdumas@dumaslaw.com
37) lduplass@duplass.com
38) eeagan@joneswalker.com
39) jfe@ecwko.com
40) bemory@mblb.com
41) jke@rodneylaw.com
42) calvinfayard@fayardlaw.com
43) tess.finnegan@usdoj.gov
44) sgabb@lundydavis.com
45) gardner@bayoulaw.com
46) sgaspard@burglass.com
47) tgaudry@grhg.net
48) gillyg@phelps.com
49) glazerp@ag.state.la.us
50) sgoldman@rc.com
51) ggrant@monbar.com
52) jguichet@lawla.com
53) khadican@gainsben.com
54) jodi@jimshall.com
55) mhanna@mcsalaw.com
56) lharris@stonepigman.com
57) rgharvey@bellsouth.net
58) pdhatch@dumaslaw.com
59) dhoerner@mblb.com
60) hhoffmann@spsr-law.com
61) fholthaus@dphf-law.com
62) mindy@fayardlaw.com
63) rhubbard@lawla.com
64) dollyno@aol.com
65) tkjacobson@aol.com
66) kellerm@ag.state.la.us
67) kewley@bayoulaw.com
68) kpk@mcsalaw.com
69) federal@geraldmaples.com
70) rkitto@monbar.com

71) sskreller@gmail.com
72) alex.kriegsman@usdoj.gov
73) ajl@mcsalaw.com
74) hlambert@lambertandnelson.com
75) jlandis@stonepigman.com
76) wlanglois@grhg.net
77) blarzelere@lpw-law.com
78) tleblanc@lundydavis.com
79) jel@pkrlaw.com
80) wlee@stonepigman.com
81) hlonian@stonepigman.com
82) ederal@geraldmaples.com
83) jwmartin@spt.com
84) bmayeaux@ln-law.com
85) mmcalpine@mpc-law.com
86) mccall@chaffe.com
87) gmcdonald@bfrob.com
88) gmckernan@mckernanlawfirm.com
89) mcleodm@phelps.com
90) em@mpc-law.com
91) jmelchiode@gjtbs.com
92) dmartin@gainsben.com
93) kara.k.miller@usdoj.gov
94) pmfields@cityofno.com
95) bmullin@spsr-law.com
96) jwmumphrey@mumphreylaw.com
97) wbmumphrey@mumphreylaw.com
98) emurov@dkslaw.com
99) musser@bellsouth.net
100) agn@longlaw.com
101) nelson@lambertandnelson.com
102) jfnevares-law@microjuris.com
103) jnicoletti@nicoletthornig.com
104) mnoble@monbar.com
105) mpalmintier@dphf-law.com
106) vlpapai@cityofno.com
107) jpate@ln-law.com
108) mpelleteri@kfplaw.com
109) rgp@rgplaw.com
110) mpfister@duplass.com
111) dphayer@burglass.com
112) fap@pkrlaw.com
113) doug@duganbrowne.com
114) mfp@ecwko.com
115) dranier@rgelaw.com
116) kreasonover@smithfawer.com
117) ajrebennack@cox.net
118) mriess@kingsmillriess.com
119) riviereb@phelps.com
120) RJR@rodneylaw.com
121) jroussel@bakerdonelson.com
122) jimr@wrightroy.com
123) csalas@salaslaw.com
124) DAVID@brunobrunolaw.com
125) sschmeeckle@lawla.com
126) mschultz@levinlaw.com
127) nscott@bakerdonelson.com
128) aseltzer@kfplaw.com
129) gsimno@swbno.org
130) jsimpson@lpw-law.com
131) tslack@gainsben.com
132) rasmith3@bellsouth.net
133) robin.doyle.smith@usdoj.gov
134) Spencer@chaffe.com
135) ostamant@smithfawer.com
136) fswarr@landryswarr.com
137) talbot@chaffe.com
138) ctankersley@burglass.com
139) ktheard@dkslaw.com
140) storres@torres-law.com
141) wtreeby@stonepigman.com
142) tyler@joneswalker.com
143) jtynan@monbar.com
144) jtynan@monbar.com
145) gvarga@rc.com
146) jean.michel.voltaire@usdoj.gov
147) rjw@ecwko.com
149) ewicker@barrassousdin.com
150) smwiles@bellsouth.net
151) wimberly@nternet.com
152) bobw@wrightroy.com
153) wwright@dkslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) NaTashia Carter Benoit
Dumas & Associates Law Corporation
1261 Government St.
P. O. Box 1366
Baton Rouge, LA 70821

2) Evelyn Alexis Bevis
Lambert & Nelson
701 Magazine St.
New Orleans, LA 70130

3) Meghan Becnel Burns
Law Offices of Robert M. Becnel
425 West Airline Highway
Suite B
Laplace, LA 70068

4) Clayton Morris Connors
Mumphrey Law Firm, LLC
625 Baronne Street
New Orleans, LA 70113

5) Thomas J. Corrington
The Corrington Law Firm
3431 Prytania St.
New Orleans, LA 70115

6) Joseph W. Cotchett
Cotchett Pitre Simon & McCarthy
San Francisco Airport Office Center
840 Malcolm Road
Suite 200
Burlingame, CA 94010

7) Jack J. Crowe
Winston & Strawn, LLP
35 W. Wacker Dr.
Chicago, IL 60601

8) Frank Jacob D'Amico, Jr.
Frank J. D'Amico, Jr., APLC
622 Baronne St.
2nd Fl.
New Orleans, LA 70113

9) N. Frank Elliot, III
Ranier, Gayle & Elliot, LLC
1419 Ryan St.
P. O. Box 1890
Lake Charles, LA 70602-1890

10) John N. Ellison
Anderson Kill & Olick, PC
1600 Market St.
Suite 2500
Philadelphia, PA 19103

11) Christopher R. Farrell
Jones Day (Washington)
51 Louisiana Avenue, NW
Washington, DC 20001

12) John Marston Fowler
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras St.
Suite 4040
New Orleans, LA 70130

13) Nina D. Froeschle
O'Donnell & Mortimer, LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071-2627

14) Scott Hubert Fruge
deGravelles, Palmintier, Holthaus & Fruge'
618 Main Street
Baton Rouge, LA 70801-1910

15) Thomas V. Girardi
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904

16) Paul E.B. Glad
Sonnenschein, Nath & Rosenthal 7800
Sears Tower
Chicago, IL 60606

17) Andrew R. Greene
Sonnenschein, Nath & Rosenthal 7800
Sears Tower
Chicago, IL 60606

18) Joseph W. Hecker
619 Europe Street
2nd Floor
Baton Rouge, LA 70806

19) Kevin P. Kamraczewski
Sonnenschein, Nath & Rosenthal
7800 Sears Tower
Chicago, IL 60606

20) Duane M. Kelley
Winston & Strawn, LLP
35 W. Wacker Dr.
Chicago, IL 60601

21) Barbara L. Lyons
Cotchett Pitre Simon & McCarthy
840 Malcolm Road
Suite 200
Burlingame, CA 94010

22) George T. Manning
Jones Day
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-3053

23) Christopher W. Martin
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street
Suite 1800
Houston, TX 77002

24) Meredith Anne Mayberry
Law Offices of F. Gerald Maples, P.A.
902 Julia St.
New Orleans, LA 70113

25) James F. McConnon, Jr.
U.S. Department of Justice (Box 888)
Torts Branch, Civil Division
Benjamin Franklin Station
P. O. Box 888
Washington, DC 20044

26) Julia E. McEvoy
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001

27) J. J. (Jerry) McKernan
McKernan Law Firm
8710 Jefferson Hwy.
Baton Rouge, LA 70809

28) Darin J. McMullen
Anderson Kill & Olick, PC
1600 Market St.
Suite 2500
Philadelphia, PA 19103

29) Clay Mitchell
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 S. Baylen St.
P. O. Box 12308 - St. 600
Pensacola, FL 32581

30) Andre J. Mouledoux
Mouledoux, Bland, Legrand & Brackett, LLC
One Shell Square - 701 Poydras St.
Suite 4250
New Orleans, LA 70139

31) Pierce O'Donnell
O'Donnell & Mortimer, LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071-2627

32) Ashton Robert O'Dwyer, Jr.
Ashton R. O'Dwyer, Jr., Attorney at Law
One Canal Place
Suite 2670
New Orleans, LA 70130

33) William A. Percy, III
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084

34) James C. Rather, Jr.
McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002

35) Martin R. Sadler
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street
Suite 1800
Houston, TX 77002

36) Alfred Ambrose Sarrat, Jr.
Jacobs & Sarrat
823 St. Louis St.
New Orleans, LA 70112

37) Charles F. Seemann, Jr.
Deutsch, Kerrigan & Stiles LLP
755 Magazine St.
New Orleans, LA 70130

38) David R. Simonton
Sonnenschein, Nath & Rosenthal
7800 Sears Tower
Chicago, IL 60606

39) John H Smith
McKernan Law Firm
8710 Jefferson Hwy.
Baton Rouge, LA 70809

40) Elwood C. Stevens, Jr.
Law Office of Elwood C. Stevens, Jr., APLC
1205 Victor II Blvd.
P. O. Box 2626
Morgan City, LA 70381

41) Victor Elbert Stilwell, Jr.
Deutsch, Kerrigan & Stiles LLP
755 Magazine St.
New Orleans, LA 70130

42) Vernon Palmer Thomas
Vernon P. Thomas, Attorney at Law
1524 N. Claiborne Ave.
New Orleans, LA 70116

43) Travis J. Turner
Dumas & Associates Law Corporation
1263 Government St.
P. O. Box 1366
Baton Rouge, LA 70821

44) Gerard Michael Victor
Sewerage & Water Board Legal Department
625 St. Joseph St.
Room 201
New Orleans, LA 70165

45) Lawrence D. Wiedemann
    Wiedemann & Wiedemann
    821 Baronne St.
    New Orleans, LA 70113

46) John W. deGravelles
    deGravelles, Palmintier, Holthaus & Fruge'
    618 Main Street
    Baton Rouge, LA 70801-1910

    /s/ FRANCIS J. BARRY, JR.
Francis J. Barry, Jr., T.A. (Bar No. 2830)
of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
fbarry@dkslaw.com

#395421v1<DKS> -ReplyMemo2Pontchartrain Baptist