24TH JUDICIAL DISTRICT COURT OF THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-894                                      DIVISION "I"

MAURICE DE LA HOUSSAYE, INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY SITUATED

VS.

THE PARISH OF JEFFERSON AND ABC INSURANCE COMPANY

FILED: _September 29, 2006_        _____
                                                          DEPUTY CLERK

## JUDGMENT

This matter came before the Court on August 28, 2006, on an Exception of No Cause of Action by the Defendant The Parish of Jefferson.

PRESENT:    Dennis J. Phayer, Attorney for Defendant, The Parish of Jefferson;
                   Regal L. Bisso, Attorney for Plaintiffs, Maurice de la Houssaye et als.

After considering the law, the arguments of Counsel, the memorandum submitted by Counsel and the record in this matter, for written reasons this day assigned:

IT IS ORDERED, ADJUDGED AND DECREED that the Exception of No Cause of Action by the Defendant The Parish of Jefferson is hereby GRANTED.

IT IS FURTHER ORDERED that the Plaintiffs Maurice de la Houssaye et als are granted a period of thirty (30) days from service of this Order to amend to try to state a cause of action.

JUDGMENT RENDERED AND SIGNED at Gretna, Louisiana on this 29th day of September, 2006.

_____
JOHN L. PEYTAVIN
JUDGE AD HOC

PLEASE NOTIFY:

All Counsel of Record

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT
PARISH OF JEFFERSON, LA.

EXHIBIT A

24TH JUDICIAL DISTRICT COURT OF THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 624-894                                                              DIVISION "I"

MAURICE DE LA HOUSSAYE, INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY SITUATED

VS.

THE PARISH OF JEFFERSON AND ABC INSURANCE COMPANY

FILED: September 29, 2006                              _____
                                                                        DEPUTY CLERK

### REASONS FOR JUDGMENT

On October 27, 2005 the plaintiff filed a Petition for Damages seeking a Class Action pursuant to C.C.P. Art. 491, et. seq. It seeks damages for all persons "who suffered damage as a result of flood water entering Jefferson Parish through the Gegenheimer Gate, Airline Highway, the Northline bridge or the Orpheum Street bridge."

In paragraph X, XI and XII of his petition the plaintiff alleges facts in support of his claim to damages concerning the gate during the occurrence of Hurricane Katrina in words as follows:

"X.

Plaintiffs injuries and damages were caused by the gross negligence and reckless disregard for the safety of residents of the Parish of Jefferson in failing to secure and/or close the Gegenheimer Gate, causing flood waters from the 17th Street Canal to back through the Gegenheimer Gate and thence through the drainage system of the flooded area, rising up through the catch basins, causing wide spread flooding,...

XI.

Defendant, the Parish of Jefferson, was further negligent in failing to close other culverts which drain into the 17th Street Canal, thereby permitting additional flood waters to enter the flooded area.

XII.

Upon information and belief, defendants had policies and procedures in place for the closure of the Gegenheimer Gate which was designed and intended to be closed, thus avoiding the precise flooding and damages which occurred."

Alternatively the plaintiff alleges that the parish failed to place barriers at Airline Highway and Northline bridge.

In response the Parish of Jefferson, pursuant to C.C.P. Art. 927, filed an Exception of No Cause of Action with a memorandum in support.

In support of the exception the defendant parish relied on:

The Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. R.S. 29:735. Defendant argues that "under the terms of the Act, Katrina created an emergency by its threat of a category 4 or 5 hurricane heading toward Jefferson Parish which culminated in an actual disaster" and therefore the parish had immunity.

In further support the parish relied on:

*Castille v. Lafayette City-Parish Consolidated, Ltd.*, 896 So.2d 1261 (La. App. 3rd Cir. 2005); and

*Hontex Enterprises, Inc. v. City of Westwego*, 833 So.2d 1234 (La. App. 5th Cir. 2002).

The plaintiff filed a reply memorandum arguing that R.S. 29:735 applies to actions only and not to inactions. He argues that the Parish of Jefferson "failed to take steps to present or mitigate... by failing to close the floodgate."

He sought to distinguish the *Hontex* case in that there the governmental agencies took actions whereas here the parish was guilty of omissions. He also argues that in *Castille* the entities "took action by clearing the storm debris."

Plaintiff also argued no immunity under La. R.S. 9:2798.1, the Discretionary Immunity Act. This act was not argued by the defendant parish possibly because the plaintiff had not sued Aaron Broussard or any employee.

Plaintiff cited *Misuraca v. City of Kenner*, 802 So.2d 784 (La. App. 5th Cir. 2001) and *Hardy v. Bowie*, 744 So.2d 606 (La. 1999) wherein the Supreme Court noted that the "public duty doctrine" was deleted from R.S. 9:2798.1.

On the subject of discretionary immunity, plaintiffs cited *Fowler v. Roberts*, 556 So.2d 1 (La. 1989) and *McIntosh v. McElveen*, 893 So.2d 986 (La. App. 3rd Cir. 2005).

On June 30, 2006 a Status Conference was held on five (5) consolidated cases all involving Jefferson Parish flooding resulting from Hurricane Katrina. At this conference it was agreed by all parties that the de la Houssaye-Gegenheimer Gate issue was vastly different from the release of the pumpers and other issues in the four (4) other cases.

2

Consequently on July 12, 2006 this Court signed an order deconsolidating the de la Houssaye case from the other four. On that same date the Court signed another order staying all certification deadlines pending resolution of the parish's pending exception.

Since the original petition and exception, no supplemental amending pleadings have been filed. The defendant filed a reply to plaintiff's memorandum and the plaintiff filed a reply to the defendant's reply.

These largely reiterate argument of action vs. inaction, commission vs. omission. These arguments would bear more consideration if Aaron Broussard or any employee had been sued or if the plaintiff has alleged defects in the parish owned Gegenheimer Gate.

As things stand the wording of La. R.S. 29:735 has been judicially interpreted as affording emergency statutory immunity to solitary governmental entities for emergency preparedness activities. See *Castille vs. Lafayette City-Parish* above, at page 1265:

> "The Castilles have not joined any individual City employees as defendants in their suit. Their suit is against only the City itself. Under the Act, the City enjoys immunity from legal responsibility for damages sustained during emergency preparedness activities. It, therefore, cannot be liable to the Castilles for the injuries in the car accident."

For the reasons stated above, the Parish of Jefferson's Exception of No Cause of Action will be granted. The plaintiff will be allowed a period of thirty (30) days from service of the order to amend his petition in an effort to state a cause of action.

Signed at Gretna, Louisiana on this 29th day of September, 2006.

/s/ John L. Peytavin
JOHN L. PEYTAVIN
JUDGE AD HOC

A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

3