UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: KATRINA CANAL BREACHES | * | CIVIL ACTION NO. |
| CONSOLIDATED LITIGATION | * | 05-4182 |
| | * | |
| | * | |
| | * | |
| | * | SECTION : K(2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| | * | |
| | * | |
| PERTAINS TO: | * | |
| (06-6642) Pontchartrain Baptist Church | * | |
| *   *   *   *   *   *   * | * | |

**AFFIDAVIT IN SUPPORT OF MEMORANDUM IN OPPOSITION
TO DEFENDANTS ALTERNATIVE MOTIONS FOR SUMMARY JUDGMENT
AND IN SUPPORT OF PLAINTIFFS' REQUEST FOR DISCOVERY AND
IF NECESSARY, DEFERRAL OF RULINGS ON SUMMARY
JUDGMENT MOTIONS**

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, duly qualified and commissioned in and for the State and Parish aforesaid personally came and appeared Affiant, William E. O'Neil who being first duly sworn by me, did depose and say that attached to Plaintiffs' Request for Discovery under Rule 56(f) are the following documents known to him to be authentic and portions of which are attached for this Court's review.

(A) *Preliminary Report on the Performance of the
New Orleans Levee Systems in Hurricane Katrina on August
29, 2005*, Teams from the University of California at Berkley
and the American Society of Civil Engineers, as well as a number
of cooperating engineers and scientists.
http://www.asce.org/static/hurricane/orlean_report.cfm (Nov 17, 2005)

(B) *A Failure of Initiative:* Final Report of the Select Bipartisan Committee to Investigate the Preparation for and Response to Hurricane Katrina, http://www.gpoaccess.gov/serialset/creports/katrina.html (Feb 15, 2006)

(C) *Hurricane Katrina: A Nation Still Unprepared*, Report of the Committee on Homeland Security and Governmental Affairs, United States Senate, Washington D.C. (May 2006)

Affiant also has set forth:

(1) The discovery sought;

(2) How that discovery would preclude entry of Summary Judgment and;

(3) Why that discovery could not have been obtained earlier.

## THE DISCOVERY SOUGHT

Affiant, counsel for Plaintiffs, is not a member of the Liaison Committee. Prior to filing this suit I followed the reports of the "Berkeley" group in developing and publishing its preliminary report dated November 17, 2005 which sets forth the Preliminary Findings and investigation from the University of California at Berkeley and the American Society of Civil Engineers (www.asce.org/static/hurricane/Orleans_report.cfm). See (Attachment 1). After reading the Preliminary Report, I sensed that a notable pattern existed with respect to canal breaches near the Hammond Highway (17th Street Canal), and Mirabeau, Filmore, and Robert E. Lee bridges on the London Avenue Canal.

Attempts were made to obtain contracts and documents from LADOTD, The Corps website, S&WB and defendants counsel. Except for counsel for T. L. James who provided a contract (subsequently misplaced) and again requested but not provided,

2

limited documents were produced by counsel for C.R. Pittman Construction Company, Inc. On requests to other counsel documents, I received no response. See Attachment 2.

The discovery is sought to find who excavated and dredged, from what vessels and appurtenances, and where especially at locations close to the bridge sites. This discovery is to gather information on whether blasting or other construction related works or services causing vibrations contributing to Liquifaction during the removal and installation of bridge piers and connections to flood walls at the end of bridges. Liquifaction is mechanism of failure (Attachment 3) referred to by the Berkeley Group (http://www.asce.org./static/hurricane/Orleans).

## HOW DISCOVERY MAY PREVENT THE ENTRY OF SUMMARY JUDGMENT

This is an admiralty, inverse condemnation and constitutional tort case. If, with the knowledge of Modjewski & Masters, BKI and Boh Brothers on the canal dredging, bridge, and pumping station PROJECTS and pumping stations, proper warnings and procedures were not taken by the designers, architects, engineers, geophysical and hydraulic professionals, breach of duties arise under Louisiana law, especially the duty to advise one's neighbor. The facts impacting the breach of those duties and liability importantly affect the concept of joint and several liability under admiralty law.

This Court, in an unrelated case for which Counsel for Plaintiffs was involved[1], at a hearing on April 27, 2005, commented on a neighbor's duty to warn his adjacent landowner:

---

[1] C.A. # 05-426.

3

> All right. I am persuaded after looking at all the information here that Judge Englehardt's opinion under the state of Fifth Circuit case law in remand was correct in his case and it persuades me in this case.
>
> . . .
>
> I realize this is a very risky claim. I understand that and I struggle with it, but I'm trying to comply with what I think my duty is under the case law...I think there is some cause of action for some duty on the part of the landowner who has discovered pollution upon his land, even though he didn't create the pollution, to his neighbor. And to quote Judge Englehardt again he said, "Although this Court too has not found any jurisprudence on point which articulates the duty or lack of duty of a neighboring landowner...any ambiguities in state law are to be resolved in plaintiff's favor." And that's what I think I have to do in this situation.

Transcript, CA 05-426, 4/27/05, See (Attachment 4).

## WHY DISCOVERY HAS NOT BEEN OBTAINED

Because this Court ruled in its Orders and Reasons (Doc. 2142 and 2148), counsel was not able to obtain information prior to August 29, 2000 with respect to Defendants who prevailed in the earlier court rulings. The document produced and obtained through FOIA requests was not sufficient to fully apprise Plaintiffs of critical facts.

Because of the overwhelming task of the Liaison Committee, attempts to work with them and obtain information was limited Except for the Bruno Firm and Florian Buchler who asserted at certain times, Plaintiff has been unable to obtain information as a non-member of the Levee or MRGO Groups.

With this Court's Orders and Reasons not appealed, the class action litigation parties have not included plaintiffs in their discovery undertakings and are not pursuing the PROJECTS because of this Court's decisions.

4

The limited information provided on the blasting vibrations on the 17th Street Hammond Highway Bridge (only two obtained) indicate violations of regulation and Plaintiff has not been able to obtain any vibration information with respect to other PROJECTS.

The documents identified and attached are offered to supplement and justify the Rule 56(f) request.

_____
WILLIAM E. O'NEIL

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _16_ DAY OF MARCH, 2007.

_____ 11226
NOTARY PUBLIC