UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | § CIVIL ACTION<br>§ No. 05-4182 "K"(2)<br>§<br>§ JUDGE DUVAL<br>§ MAG. WILKINSON |
| PERTAINS TO: ALL DREDGING<br>LIMITATION ACTIONS:<br>Civil Action Nos.: 06-8676;<br>06-8887; 06-8888; 06-8890;<br>06-8891; 06-8967; 06-9075;<br>and 06-9223 | § §<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPLY MEMORANDUM OF DREDGING PLAINTIFFS IN LIMITATION

MAY IT PLEASE THE COURT:

Now into Court comes Liaison Counsel for the Dredging Plaintiffs in Limitation ("Dredging Plaintiffs") and submit this their Reply to the Memorandum and Supplemental and Reply Memorandum of Claimants:

1. With respect to Paragraph 2(b) of Claimants' Memorandum, Dredging Plaintiffs do not agree that counsel is only required to provide the names of the claimants. It is the view of Dredging Plaintiffs that Claimants' counsel must file a formal Claim in each limitation proceeding but it is agreed that it

1

    can be done on a generic basis on behalf of all of counsel's clients who are included in the Claim;[1]

2.     The consideration for Dredging Plaintiffs to allow Claimants' counsel to file a generic Claim in each limitation proceeding was based i) on the expectation that Claimants' counsel would exercise professional judgment and comply with their duties under Federal Rule of Civil Procedure 11, and only file claims on behalf of those claimants who could have been impacted by the alleged negligent dredging of the Mississippi River Gulf Outlet ("MRGO"); and ii) the reduction in the number of Claims would not impose a burden on the Clerk of Court and would not require the creation of a document repository at this time;

3.     Claimants have suggested that the Dredging Plaintiffs be ordered to publish the Notices in four (4) cities in ¼ page advertisements captioned "Important Notice to Hurricane Katrina Victims." Local Rule 64.5 requires that Dredging Plaintiffs publish the Notice only in the Times-Picayune. If the Claimants believe that broadsides should be published in Houston, Baton Rouge, New Orleans and Atlanta, there is nothing to prevent them from placing them, at their expense, which is how they advertised for clients for the class actions;

4.     If this Court requires Dredging Plaintiffs to publish the Notice as requested by Claimants, then the consideration for Dredging Plaintiffs suggestion of allowing Claimants counsel to file generic Claims no longer exists. The

---

[1]     Weeks Marine, one of the Dredging Plaintiffs, does not agree that claimants' counsel may file a generic claim. It is the view of Weeks Marine that each claim should comply with the requirements of Supplemental Rule F(5) of the Federal Rules of Civil Procedure.

reason being is that there will be claims asserted by anyone who allegedly has a Katrina claim, irrespective of whether it has any relationship to the negligent dredging of the MRGO. In other words, Claims may be filed by anyone allegedly sustaining damage from Hurricane Katrina, whether it is for the 17th Street or London Avenue levee failures or for a homeowners claim for wind damage – all or which are unrelated to the MRGO litigation. Moreover, this will require the establishment of a document repository and, in order for Dredging Plaintiffs to weed out the legitimate claimants, every Claimant, whether represented by counsel or not, will be required to file a formal Claim setting forth the specific items of the Claim as Supplemental Rule F(5) requires. Thus, the agreement is withdrawn;

5. Claimants have suggested that one (1) Claim should suffice for all limitation actions. If the Court is going to allow one claim for all limitation actions, then the Notice to be published by the Dredging Plaintiffs should be a single Notice referencing all of the limitation proceedings. There is absolutely no necessity to have nine (9) notices all saying the same thing;

6. Finally, Claimants have also suggested that 36 Notices be required and that two (2) of these Notices be published each week for the next eighteen (18) weeks. The timing of the Notices is jurisdictional and is set by Supplemental Rule F(4) – "The notice <u>shall</u> be published . . . once a week for four successive weeks prior to the date fixed for the filing of claims."

NO NMS 139098 v1
2902907-000001

## CONCLUSION

Dredging Plaintiffs respectfully requests that this Court order them to publish the limitation Notice as required by Supplemental Rule F(4) and Local Rule 64.5.

Respectfully submitted,

/s/ Nyka M. Scott
James H. Roussel (Bar Roll No. 11496)
Nyka M. Scott (Bar Roll No. 28757)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: (504) 566-5278
Facsimile: (504) 636-3978
nscott@bakerdonelson.com

Attorneys for Great Lakes Dredge &
Dock Company

/s/William E. Wright, Jr.
William E. Wright, Jr.
Terrence L. Brennan
Francis J. Barry, Jr.
of
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
wwright@dkslaw.com
tbrennan@dkslaw.com
fbarry@dkslaw.com

Attorneys for Bean Dredging, L.L.C.

/s/ Samuel B. Gabb
Samuel B. Gabb
Loftin, Cain, Gabb & LeBlanc, L.LC.
2901 Hodges Street
Lake Charles, LA  70601
Telephone: (337) 310-4300
Facsimile: (337) 310-4400

Attorneys for Mike Hooks, Inc.

4

/s/ James A. Cobb, Jr.
James A. Cobb, Jr.
Emmett, Cobb, Waits & Henning
1515 Poydras St., Suite 1950
New Orleans, LA 70112
Telephone:(504) 581-1301
Facsimile: (5040 581-6020
jac@ecwko.com

Attorneys for Weeks Marine, Inc.


/s/ Richard A. Cozad
Richard A. Cozad
Michael L. McAlpine
Emma Mekinda
McAlpine & Cozad
365 Canal Street, Suite 3180
New Orleans, LA 70130
Telephone:(504) 561-0323
Facsimile: (504) 528-9442
emmamekinda@yahoo.com

Attorneys for King Fisher Marine


/s/ William Larzelere
William J. Larzelere, Jr.
T. Justin Simpson
Larzelere, Picou, Wells, Simpson & Lonero
3850 N. Causeway Blvd. - Ste. 1100
Two Lakeway Center
Metairie, LA 70002
Telephone:(504) 834-6500
Facsimile: (504) 834-6565
jsimpson@lpw-law.com

Attorneys for Luhr Bros., Inc.

/s/ George M. Gilly
George M. Gilly
Phelps Dunbar, LLP
Suite 2000 Canal Place
365 Canal Street
New Orleans, LA
Telephone: (504) 584-9189
Facsimile: (504) 568-9130
gillyg@phelps.com

Attorneys for Manson Construction Company


/s/ A. Gordon Grant, Jr.
A. Gordon Grant, Jr.
Philip S. Brooks, Jr.
Montgomery, Barnett, Brown, Read,
 Hammond & Mintz, L.L.P.
Energy Centre - 1100 Poydras St.
Suite 3200
New Orleans, LA 70163-3200
Telephone: (504) 585-7681
Facsimile: (504) 200-8981
ggrant@monbar.com

Attorneys for T.L. James & Co., Inc.


/s/ Andre J. Mouledoux
Andre J. Mouledoux
Mouledoux, Bland, Legrand & Brackett
701 Poydras St. - Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
amouledoux@mblb.com

Attorneys for Pine Bluff Sand & Gravel Co.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of March, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

1) jfnevares-law@microjuris.com

2) dbecnel@becnellaw.com

3) csalas@salaslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

1) N/A

/s/ Nyka M. Scott