UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLA F. NEVIL, wife of/and<br>LARRY D. NEVIL | * | CIVIL ACTION |
| | * | NO.   06-7437 |
| VERSUS | | |
| | * | SECTION "L" |
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br>SHELBY BEANE and FIDELITY NATIONAL<br>INSURANCE COMPANY | *<br><br>* | MAGISTRATE 1 |

*   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the plaintiffs, CARLA F. NEVIL, wife of/and LARRY D. NEVIL, who respectfully request this Honorable Court to remand the above entitled and numbered proceeding to the Civil District Court for the Parish of Orleans, State of Louisiana, because removal of this action by the defendant was improper and inappropriate, as more fully set forth below.

### I.   BACKGROUND

This is an action for breach of contract, negligence and/or breach of a fiduciary duty, committed by the defendants, including the removal defendant, FIDELITY NATIONAL INSURANCE COMPANY (hereinafter "FIDELITY").

In their petition filed in the Civil District Court for the Parish of Orleans, plaintiffs allege various theories of recovery against the defendants for damages done to their home as a result of events both related and unrelated to Hurricane Katrina. These are strictly homeowner's insurance claims against the defendant, Metropolitan Property and

Casualty Insurance Company, and plaintiffs have not asserted any claims whatsoever against the defendant, FIDELITY, pursuant to the National Flood Insurance Program.

In addition to the above, plaintiffs allege that the defendant, FIDELITY, and their agent, Shelby Beane, were guilty of negligence and/or breach of fiduciary duty as a result of the procurement of flood insurance for plaintiffs by the defendants, particularly with regard to gaps or differentials in such coverage limits as compared to plaintiffs' homeowner coverage limits.

As a result of the damage to their home, plaintiffs were paid 100% of their flood dwelling and content limits, and there is no dispute with any of the defendants regarding the handling of plaintiffs' flood insurance claim.

Plaintiffs filed their petition on August 28, 2006 and on or about October 5, 2006, the defendant, FIDELITY, filed with this Court a Notice of Removal. In response to that removal, plaintiffs have filed the instant Motion to Remand.

## II.   LEGAL STANDARDS

### (A)   Removal.

A defendant may generally move a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. Section 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. Allen v. R&H Oil & Gas Company, 63 F.3rd 1326, 1335(5th Cir. 1995). Original jurisdiction exists where there is a federal question involved; however, because removal jurisdiction "implicates important federalism concerns," a court must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party. Frank v. Bear Stearns & Co., 128 F.3rd 919, 922 (5th Cir. 1997); Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th

Cir. 1990). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly completed complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).

In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3rd 720, 723 (5th Cir. 2002); Neal v. Kawasaki Motors Corp., 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "…if at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. Section 1447(c); Doddy v. Oxy USA, Inc., 101 F.3rd 448, 456 (5th Cir. 1996).

"…[i]f the right for removal is doubtful, the case should be remanded." Ryan v. Dow Chemical Co., 781 F.Supp. 934, 939 (E.D.N.Y. 1992)(citation omitted); Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3rd 689, 694 (5th Cir. 1995). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. Butler v. Polk, 592 F.2nd 1293, 1296 (5th Cir. 1979).

**(B)    The defendant's removal is defective.**

The defendant, FIDELITY's, removal of this matter from state court to federal court is defective for at least two reasons:

First, in addition to FIDELITY being a named and served defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "METROPOLITAN") is also a named and served defendant. Accordingly,

FIDELITY's removal under 28 U.S.C. Section 1446(a) is untimely since METROPOLITAN did not concur in FIDELITY's removal within thirty days of service on FIDELITY.

Second, since METROPOLITAN was served on September 12, 2006, the absolute latest date on which METROPOLITAN could properly consent to FIDELITY's removal under 28 U.S.C. Section 1446(b) was October 12, 2006. In point of fact, METROPOLITAN has yet to properly consent to FIDELITY's removal.

Section 1446(b) clearly requires a notice of removal to be filed within thirty days after a plaintiff serves the defendant. In cases, such as this, involving more than one defendant, the Fifth Circuit has held that the thirty day period begins to run on the date that the first defendant is served. Getty Oil, Division of Texaco v. Insurance Company of North America, 841 F.2nd 1254, 1262-63 (5th Cir. 1988); Clark v. Field Inspection Service, Inc., 1994 WL 180278 (E.D. La. 1994).

As a result, it is well settled in this Circuit that all served defendants must join in the Notice of Removal no later than thirty days after the plaintiff serves the first defendant.

In this case, METROPOLITAN has yet to consent to FIDELITY' removal and FIDELITY's removal is clearly too late given the fact that METROPOLITAN was served in this matter on September 12, 2006.

Plaintiff attaches hereto, as Exhibit 1, a copy of the online return from the Civil Sheriff for the Civil District Court for the Parish of Orleans evidencing personal service on the defendant, METROPOLITAN, on September 12, 2006.

**(C)  Plaintiffs' claims do not give rise to federal subject matter jurisdiction pursuant to 42 U.S.C. Section 4072 and 28 U.S.C. Section 1331.**

Defendant contends that federal subject matter jurisdiction exists pursuant to 28 U.S.C. Section 1331 under 28 U.S.C. Section 4072.

28 U.S.C. Section 1331 provides that the district court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States. 28 U.S.C. Section 4072 provides, as follows:

> **"In the event the program is carried out as provided in Section 4071 of this title, the director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the director of any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the director, may institute an action against the director on such claim in the United States District Court for the district in which the insured property or major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to herein determine such action without regard to the amount in controversy."**

The clear language of 28 U.S.C. Section 4072 addresses suits against the director of FEMA. Landry v. State Farm Fire and Casualty Company, 428 F.Supp. 531, 532-33 (E.D. La. 2006). However, the courts have held that 28 U.S.C. Section 4072 applies to lawsuits against private insurers when the action arises out of the adjustment or handling of insurance claim issued under the National Flood Insurance Program. Id. at 533.

Federal question jurisdiction does not, however, exist as to claims related to procurement and errors and omissions. Id. at 536, Elizabeth v. USAA General Indemnity Company, 2002 WL 31886719 (E.D. La. 2002); Corliss v. South Carolina Insurance Company, 2004 WL 2988497 (E.D. La. 2004); Jambon v. State Farm Fire and Casualty Company, 2006 WL 2850176 (E.D. La. 2006).

In the instant matter, plaintiffs have filed an errors and omissions claim against both FIDELITY and Beane, alleging negligence and/or breach of fiduciary duty. Federal question jurisdiction does not exist.

**(D)   Plaintiffs' claims do not give rise to federal subject matter jurisdiction pursuant to 28 U.S.C. Section 1442(a)(1).**

The defendants also urge that removal of this matter is appropriate under the Federal Officer Removal Statute, which provides for removal of a civil action against "[t]he United States or agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. Section 1442(a)(1).

Obviously, plaintiffs have not alleged any cause of action against the United States or any agency or any officer thereof. Moreover, despite defendant's assertion that Section 1442 also applies to non governmental entities when a state court complaint challenges their conduct under color of a federal office or agency, plaintiffs have made no allegation whatsoever against FIDELITY challenging FIDELITY's conduct under color of a federal office or agency. Rather, simply put, plaintiffs have alleged that FIDELITY was negligent and/or breached a duty which it owed to plaintiffs in the procurement of flood insurance. As said earlier, however, federal question jurisdiction

does not exist as to claims related to procurement and errors and omissions. <u>Landry v. State Farm Fire and Casualty Company</u>, *supra*

### III. CONCLUSION

For the above and foregoing reasons, plaintiffs respectfully pray that plaintiffs' Motion to Remand be granted and that the case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

Respectfully submitted,

_____
GARY M. PENDERGAST
Bar Roll No. 10420
1515 Poydras Street, Suite 2260
New Orleans, Louisiana 70112
Telephone: (504) 523-0454

### CERTIFICATE OF SERVICE

I hereby certify that I have on this __19__ day of __Oct__, 20__06__, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

_____