UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: KATRINA CANAL BREACHES * <br> CONSOLIDATED LITIGATION * <br> * <br> _____ * <br> * <br> LEVEE CASES * <br> PERTAINS TO: 06-11208 * <br> (Speed) * <br> * <br> * * * * * * * * * * * * * * * * * * * * * * * * * | CIVIL ACTION <br><br> NUMBER 05-4182 <br><br> SECTION "K" (2) <br><br> JUDGE DUVAL <br><br> MAGISTRATE WILKINSON |

### PUBLIC BELT RAILROAD COMMISSION'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

On March 7, 2007, the *Speed*[1] plaintiffs' Motion to Remand (Doc. No. 3030) was submitted to the Court for decision. For the following reasons, that Motion to Remand is now moot. The state court removed Petition on which it is based has been superseded and replaced by a Master Consolidated Class Action Complaint that sets forth numerous bases for federal jurisdiction.

### The Master Consolidated Class Action Complaint Supercedes the Petition on Which Plaintiffs' Motion to Remand is Based

On March 1, 2007, the Court entered its Case Management and Scheduling Order No. 4 ("CMO No. 4"). CMO No. 4 required the plaintiffs who had made class action allegations in these consolidated cases to file three separate Master Class Action Complaints, one for each claim category, *i.e.*, Levee, MRGO and Insurance. CMO No. 4

---

[1] *Pamela Speed et al. v. City of New Orleans, By and Through the New Orleans Public Belt Railroad Commission et al.*, No. 06-11208.

specifically states as follows: "These Master Consolidated Class Action Complaints shall supersede and replace all previously filed class action complaints." *Id.*, p. 13.

On March 15, 2007, plaintiffs in the Levee category indeed filed a Superseding Master Consolidated Class Action Complaint ("Master Complaint") (Doc. No. 3420). That Master Complaint itself specifically states, in paragraph 2 thereof, the following:

> The instant Complaint, mandated by Case Management Order No. 4 entered on March 1, 2007, is intended to supersede and replace all class action complaints arising from the catastrophe which previously have been filed in or transferred to this Section of Court and placed within the "Levee" category of cases.

The Master Complaint replaces and supersedes all previously-filed complaints containing class action allegations. The *Speed* case, No. 06-11208, is specifically included in the caption of the Master Complaint.

The *Speed* plaintiffs originally filed a Petition for Damages in the Civil District Court for the Parish of Orleans. In Paragraph 2 of their Petition, they alleged that they were "entitled to have this cause maintained as a class action." Thus, the allegations made by the *Speed* plaintiffs in their Petition for Damages have been superceded by the allegations of the Superseding Master Consolidated Class Action Complaint. The *Speed* plaintiffs may no longer rely on those allegations to support their Motion to Remand.

### The Master Consolidated Class Action Complaint Specifically Sets Forth a Basis for Federal Jurisdiction

Additionally, plaintiffs' Master Complaint specifically sets forth numerous bases for federal question jurisdiction. Paragraph 7 of the Master Complaint states as follows:

> The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), inasmuch as plaintiffs' claims arise under the Constitution and/or laws of the United States, which statutory laws include, without limitation, the Federal Water Pollution Control Act, 33 U.S.C. §§1251, et seq., the Coastal Zone Management Act, 16 U.S.C. §§1451, et seq., and the River & Harbors Act, 33 U.S.C. §§403, et seq.

Paragraph 8 of the Master Complaint also states a basis for subject matter jurisdiction, providing:

> The Court also has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §1332(d)(2), which vests original jurisdiction over the class

claims asserted herein based upon the Class Action Fairness Act of 2005, 28 U.S.C. §§1711, et seq.

Paragraph 9 of the Master Complaint states yet another basis for federal jurisdiction:

> The Court also has subject matter jurisdiction over those claims asserted herein which arise under the Admiralty/Maritime Law of the United States, pursuant to 28 U.S.C. §1333(1) and saving to all plaintiffs as suitors all legal and equitable remedies to which they are otherwise entitled.

The *Speed* plaintiffs may not continue to take the position that this Court lacks subject matter jurisdiction.

### Conclusion

Plaintiffs' Motion to Remand and the Public Belt's Opposition thereto were both filed prior to CMO No. 4 being entered and the Master Complaint being filed. Accordingly, neither the Motion nor the Public Belt's Opposition thereto took into account the effect of CMO No. 4 or the allegations of the Master Complaint on the remand issue. The previously-filed state court class action Petition has now been superseded and replaced by the Master Class Action Complaint, which Complaint fully sets forth numerous bases for federal jurisdiction. The *Speed* plaintiffs may no longer contend that remand is appropriate. Their Motion to Remand is due to be denied as moot.

Respectfully submitted,

HAMILTON, BROWN & BABST

*/s/ Galen S. Brown*
GALEN S. BROWN, T.A. (#3556)
KAREN E. MILNER (#8499)
601 POYDRAS STREET, SUITE 2750
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 566-1805
FAX: (504) 566-1569
E-MAIL: gbrown@hamiltonfirm.net

Attorneys for Defendant, Public Belt Railroad Commission for the City of New Orleans

-4-

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic notice in accordance with Local Rules to those counsel receiving electronic notice, and all others by depositing same in the United States Mail, postage prepaid and properly addressed, this ___27th___ day of March, 2007.

                                                            _/s/ Galen S. Brown_
                                                          GALEN S. BROWN