UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GENEVIEVE WILLIAMS, ROSETTA IRONS AND ERIC IRONS, AND ELLA FOSTER AND HOWARD FOSTER, JR.<br><br>Plaintiffs,<br><br>VERSUS<br><br>STATE FARM FIRE AND CASUALTY COMPANY, ALLSTATE INDEMNITY COMPANY, AND LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION<br><br>Defendants. | CIVIL ACTION<br><br>NO. 06-2919<br><br>SECTION "R"<br><br>JUDGE VANCE<br><br>MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY**

Defendants State Farm Fire and Casualty Company ("State Farm"), Allstate Indemnity Company ("Allstate"), and Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens") respectfully submit the following memorandum in support of their Joint Motion to Stay. In the interests of judicial efficiency, these proceedings should be stayed pending rulings by another section of this Court and by the United States Fifth Circuit Court of Appeals that involve legal issues that are threshold issues presented in the *Genevieve Williams* Complaint and Amended Complaint.

## I.  STATEMENT OF THE FACTS

As this Court is aware, the catastrophic damage that occurred during and in the wake of Hurricanes Katrina and Rita has led to the filing of a large number of lawsuits by policyholders against insurers. In addition to basic disputes over the scope of damage and the cost of repair or replacement of damaged property, plaintiffs have filed suit asserting, *inter alia*, claims pursuant to Louisiana's Valued Policy Law, La. R.S. 22:695 ("VPL") and claims challenging the validity of various exclusions contained in their respective insurance policies. These lawsuits have been filed variably as individual suits, purported class actions, and even mass-joinders which purport to cumulate the claims of literally thousands of plaintiffs against hundreds of unrelated insurance companies.

The Executive Committee of the Eastern District has taken administrative measures in order to efficiently and consistently manage these suits. By recommendation of the Executive Committee, suits asserting claims under the VPL were initially consolidated before this Court for pre-trial purposes. On June 9, 2006, in *Chauvin v. State Farm Fire and Casualty Company*, Civil Action No. 05-6454 and a consolidated case, *Caritha Williams v. State Farm Fire and Casualty Company*, Civil Action No. 06-0177, this Court entertained oral argument on numerous dispositive motions filed by insurer defendants asserting that the VPL does not require insurers to pay the policy limits when a covered property is rendered a total loss unless a peril that is covered by the policy is the actual cause of the total loss. On August 2, 2006, the Court issued an Order granting the defendant insurers' motions and ruled that the VPL does not require insurers to pay the policy limits when a covered property is rendered a total loss by an excluded

peril. (Civ. A. 05-6454, E.D. La. at Rec. Doc. 63). The plaintiffs in *Caritha Williams* and *Huntley v. Allstate Indemnity Company*, Civil Action No. 05-6887, appealed this ruling to the United States Fifth Circuit Court of Appeals.

On August 17, 2006, several plaintiffs in the consolidated VPL suits filed a motion to alter or amend the judgment, which this Court denied on September 18, 2006. Many of these plaintiffs, including those in *Chauvin, Moniz et al. v. State Farm Fire and Casualty Company*, Civil Action No. 05-1571, and *Garnett v. Allstate Insurance Company*, Civil Action No. 05-6455 have since appealed the Court's ruling to the United States Fifth Circuit Court of Appeals. The Fifth Circuit has consolidated these appeals with those of the *Caritha Williams* and *Huntley* plaintiffs, and has indicated that it will issue a briefing schedule shortly.

As part of the effort to manage these numerous Katrina and/or Rita-related suits, the Executive Committee has allotted several levee breach, Mississippi River Gulf Outlet ("MRGO"), nursing home, first responder, and insurance lawsuits to Section "K" of this Court. Two such insurance coverage lawsuits are currently pending before Judge Duval: *Gladys Chehardy, et al, v. J. Robert Wooley, et al.*, No. 06-1672 and *Vanderbrook et al. v. State Farm Fire and Casualty Company, et al.*, Civil Action No. 05-6323. Originally filed in state court, *Chehardy* was removed to the United States District Court for the Middle District of Louisiana, No. 05-1140, and was subsequently transferred to the Eastern District of Louisiana and consolidated with the Katrina Canal Breaches Consolidated Litigations, No. 05- 4182. State Farm, Allstate, and Louisiana Citizens are named defendants in the *Chehardy* case.

The plaintiffs in *Chehardy* purport to assert claims on behalf of a putative class of property owners in Orleans, Jefferson and St. Bernard Parishes under their homeowners policies against State Farm, Allstate, and others for property damage sustained during Hurricane Katrina. Specifically, the *Chehardy* plaintiffs seek declarations water damage exclusions of the respective insurance company defendants do not apply to flood losses arising out of Hurricane Katrina. They contend that the "efficient proximate causes" of their losses were "windstorm", "storm surge", and "acts of negligence" in the design, construction and maintenance of the levees and other flood control barriers that failed in the wake of the hurricane. *Chehardy* Am. Compl. ¶ 3 (Civ. A. 05-4182, E.D. La. at Rec. Doc. 516). They attempt to circumvent the water damage exclusions of the respective policies by arguing that "windstorm", storm surge, and third party negligence are covered under the homeowners policy. Additionally, the plaintiffs seek damages based on claims of breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and statutory bad faith. *Chehardy* Am. Compl. ¶¶ 65-100.

*Vanderbrook* was initially filed the Civil District Court for the Parish of Orleans, State of Louisiana and removed to the United States District Court for Eastern District of Louisiana and allotted to Judge Duval. The *Vanderbrook* plaintiffs aver that their homes were damaged by water from the breach of the 17th St. Canal levees and contend that such damage is covered under the policies of their respective insurers, including State Farm.

The insurer defendants filed dispositive motions in *Chehardy*, *Vanderbrook* and related cases seeking dismissal on the basis that the recoveries sought by the plaintiffs were excluded under the terms of their respective policies. Following extensive briefing, Judge Duval

entertained oral argument on those motions on August 25, 2006 and October 27, 2006 and has taken them under advisement. Judge Duval has indicated that he hopes to issue a ruling within two to three weeks of the October 27, 2006 hearing and will certify the order for interlocutory appeal if the motions to dismiss are denied.

The allegations made by plaintiffs in the present suit are a composite of the allegations made in *Chauvin*, *Chehardy*, and *Vanderbrook*. Like the *Cherhardy* and *Vanderbrook* plaintiffs, they assert the flawed premise that the "total loss" of their property is a covered loss, notwithstanding clear and unambiguous water damage exclusions. Like the *Chauvin* plaintiffs, they contend that the flood damage is covered because it occurred as part of the "windstorm" and/or storm surge and/or is caused by third party negligence. From this flawed premise, they allege that this flood damage rendered their respective properties total losses, and that as a result, they are entitled to their homeowners policy limits under the terms of the Valued Policy Law. Although any rulings in *Chauvin*, *Chehardy*, and *Vanderbrook* would have no preclusive effect on the present suit, the issuance of a stay pending further rulings in those cases would advance the goals of judicial efficiency and consistency. Accordingly, defendants State Farm and Allstate respectfully move that these proceedings be stayed until resolution of the appeals of the Court's prior VPL order and pending appellate review of the *Vanderbrook* and/or *Chehardy* orders.

## II.  LAW & ARGUMENT

The Federal Rules of Civil Procedure vest the Court with broad discretion to manage its docket. A federal district court has the power to grant a stay in appropriate cases as

837569v.1

part of its inherent power to control its docket and to economize time and effort for itself, counsel, and litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A party seeking a stay bears the burden of justifying a delay tagged to another proceeding, but the district court has "broad discretion" over whether to grant a stay. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The Court should weigh any competing interests and determine whether the requested stay would be entered for a reasonable duration. *Id.* The Supreme Court has noted that in "cases of extraordinary public moment", delays are appropriate if the public welfare or convenience will be promoted. *Landis*, 299 U.S. at 256.

The competing interests weigh heavily in favor of a stay. Judge Duval has already indicated through remarks in open court at the October 27, 2006 hearing in *Chehardy* that any rulings in that case will be subject to immediate appellate review, either through certification for interlocutory appellate review or through a direct appeal. As the rulings in *Chauvin*, *Chehardy*, and *Vanderbrook* have substantial implications for both policyholders and insurers, the benefits of obtaining a resolution of these threshold legal issues via appellate scrutiny outweigh any inconvenience resulting from a brief delay in these proceedings.

The *Genevieve Williams* case purports to assert a class action for damages. However, if this Court's VPL ruling is maintained, or if it is determined that the plaintiffs' proffered interpretation of the water damage exclusions is rejected, it will be wholly or

substantially dispositive of the claims asserted here. A stay pending the resolutions of the appeals will prevent unnecessary expenditure of party and judicial time and resources.[1]

### III. CONCLUSION

For the foregoing reasons, the Court should grant State Farm, Allstate, and Louisiana Citizens' Joint Motion to Stay.

Dated: November 21, 2006                             Respectfully submitted,

/s/Heather S. Lonian
Wayne J. Lee, 7916, T.A.
Mary L. Dumestre, 18873
Andrea L. Fannin, 26280
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for State Farm Fire And Casualty Company

---

[1] Indeed, the *Genevieve Williams* plaintiffs have previously requested an extension of time to even file their motion for class certification.



Judy Y. Barrasso, 2814
Edward R. Wicker, Jr., 27138
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

Attorneys for Allstate Indemnity
 Company


BIENVENU, FOSTER, RYAN &
O'BANNON

BY: */s/Gregory J. McDonald*
JOHN W. WATERS, JR. (#13258)
GREGORY J. MCDONALD (#1933)
DAVID E. WALLE (#13199)
1010 Common Street, Suite 2200
New Orleans, LA 70112-2401
Telephone:    (504) 310-1500
Fax:    (504) 310-1501

Attorneys for Louisiana Citizens Property
Insurance Corporation

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Memorandum in Support of Joint Motion to Stay has been served upon all counsel of record by placing same in the United States mail and/or via the Court's electronic notification of filing, this 21st day of November, 2006.

*/s/Heather S. Lonian*

837569v.1