IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAMMER, et al.<br><br>Plaintiffs,<br><br>VERSUS<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>Defendant. | CIVIL ACTION<br><br>NO. 06-9152 SECTION "K"(2)<br><br>JUDGE DUVAL<br><br>JUDGE WILKINSON |

## MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

### I.   FACTUAL BACKGROUND

This is an action by individuals who hold renter's insurance policies written by State Farm Fire and Casualty ("State Farm"). The named individual suffered extensive property damage to his apartment as a result of the events of August 29, 2005. The policies of insurance held by named plaintiff and the members of the class he seeks to represent do not define the term flood, nor do the policies specifically or inferentially exclude damage caused by third party negligence. Defendant has taken the position that the subject policies do not include coverage for any water damage, whether natural or the result of third party negligence. Plaintiffs seek a judgment determining that the language of the policy does not exclude water damage resulting from the breached levees. In the alternative, the plaintiffs seek a judgment that policy is ambiguous and as an all-risk policy should be read in favor of coverage.

1

## II. PROCEDURAL BACKGROUND

This lawsuit was originally filed on August 28, 2006 before the Civil District Court for the Parish of Orleans, State of Louisiana, and assigned Case No. 2006-9720. On October 27, 2006, pursuant to 28 U.S.C. §§ 1332, 1367, 1369, 1441(e) and 1446, this action was removed to the Eastern District of Louisiana and was assigned to Judge Barbier. On January 12, 2007 Judge Barbier ordered the case consolidated with the other Hurricane Katrina cases, pursuant to the December 12, 2006 Eastern District Notice. The case was transferred to Section "K" based on its relation to *In re Katrina Canal Breaches Consolidated Litigation*, Case No. 05-4182. Finally, on February 22, 2007, the Parties entered into a stipulation extending time for Plaintiff to move for class certification until March 17, 2007.

## III. PROPOSED CLASS DEFINITION AND GEOGRAPHIC AREA

Plaintiffs allege and propose that the class be defined as follows:

> *All renters insured by State Farm Fire and Casualty residing or present on August 29, 2005 inside the geographic area of Louisiana, or whose decedents were present in said area on or after August 29, 2005, who suffered water and other property damage resulting from the breached levees, as caused by Hurricane Katrina.*

## IV. CLASS CERTIFICATION

Class actions are designed to conserve the resources of both the courts and the parties by allowing issues potentially affecting every class member to be litigated in an economical fashion. *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364 (1982). To ensure that the purposes of class actions are fulfilled, Rule 23 requires that class actions certified under Rule 23(b)(3) meet the requirements of both Rule 23(a), which includes numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b)(3), which includes predominance and superiority. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 471

(5th Cir. 1986); *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 623-24 (5th Cir. 1997), *cert denied*, 528 U.S. 1159, 120 S.Ct. 1169 (2000). In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), the U.S. Supreme Court held that courts must avoid inquiring into the merits of plaintiff's claims when ruling on class certification. Finally, when evaluating a motion for class certification, courts should resolve doubt in favor of approving certification. *Heisenberg v. Gagnon*, 766 F.2d 770, 785 (3rd Cir. 1985).

### A. THE NUMEROSITY REQUIREMENT IS SATISFIED

Rule 23(a)(1) requires class size to be "so numerous that joinder of all members is impracticable." There is no magic number that has been recognized, and courts have found the numerosity requirement satisfied in cases involving as few as 17 class members. *Arkansas Educ. Assoc. v. Board of Educ. of Portland Arkansas School Dist.*, 446 F.2d 763 (8th Cir. 1971). Many courts have certified cases in federal courts with less than 150 class members. *See, e.g., Duran v. Credit Bureau of Yuma*, 93 F.R.D. 607 (D. Ariz. 1982) (105 class members); *Martin v. Housing Auth. Of Atlanta*, 86 F.R.D. 320 (N.D. Ga. 1980) (100 class members); *see also* 1 *Newberg on Class Actions* § 3.05, at 3-25 (3d ed. 1992) (suggesting that any class consisting of more than forty members "should raise a presumption that joinder is impracticable").

Additionally, the Fifth Circuit noted that in determining the practicability of joinder, other factors to be considered are: "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the claim, and the size of each plaintiff's claim." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981).

State Farm in its Motion to Remove relied heavily on the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). In the Federal Class Action Statute, there must be: (1) minimal diversity between the parties; (2) at least 100

members in the proposed class; and (3) the claim of the proposed class must exceed $5,000,000 in the aggregate.

Here there are tens of thousands of persons who rented property within the geographic area affected by Hurricane Katrina. State Farm has admitted in its Motion to Remove that there are 100 or more members in the plaintiff's proposed class. *Def. Mot. to Rem.*, ¶ II, § (a).

State Farm has not only admitted that there are over 100 members in the Plaintiff's proposed class, but also bases its calculations of the total amount of damages outstanding based on this large number of class plaintiffs. *Id.* ¶ II, § (c). State Farm admits in its motion to remove that there have been "2,750 Katrina damage claims . . . made under renters insurance policies issued by State Farm in [the] Orleans Parish" alone, with the aggregate damage claim exceeding $75 million. *Id.* ¶ II, § (c)(32); *see also id* ¶ II, § (c)(34) (State Farm assumes there may have been at least 2000 class members who were denied coverage). Based upon these admissions, Plaintiff believes that there are several thousand people who were denied coverage. Furthermore, joinder in this case is impracticable due to the sheer size of the class (believed to be more than 2,000 renters) as well as the fact that the policy holders names and their claimed damages are all within the exclusive control of State Farm.

Therefore, in the instant case there can be no doubt that the numerosity requirements of Rule 23 are well-met.

### B. THERE ARE QUESTIONS OF LAW OR FACT COMMON TO THE CLASS

The second requirement for maintaining a class action is that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The "commonality" requirement is satisfied when there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982); *Forbach v.*

4

*J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (found that the "interests and claims of the various plaintiffs need not be identical . . . [r]ather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members."). Because only one common issue is required, the "threshold of commonality is not high." *Jenkins*, 782 F.2d at 472.

In the instant case, the Class Action Petition identifies numerous questions of law and fact common to the Plaintiffs, the putative class, which include but are not limited to: (1) policy coverage losses due to flooding; (2) the alleged duties of insurer to its insureds; (3) the proper interpretations of the policy exclusions; (4) the proper interpretation of flood as it related to these exclusions; (5) the alleged failure to pay plaintiffs sums due under their insurance policy; and (6) the appropriateness of the adjustments of each claim.

The central inquiry will be whether the policies of insurance issued to plaintiffs by State Farm provided coverage for water damage that resulted from breaches in the levees. The entire class will assert that the policy provided said coverage, and the language of each of the policies is identical. Thus, several common issues exist, and the "commonality" requirement is satisfied.

### C. THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THE CLAIMS OF THE CLASS.

The third requirement for a class action is that the "claims or the defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "typicality" requirement is designed to ensure that the representative's claims are similar enough to those of the class so that the representatives will adequately represent the class. *General Telephone Co.*, 457 U.S. at 157.

The plaintiffs' claims are typical if the claims or defenses "stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based on the same

5

legal or remedial theory." *Waco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996) (citing *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir. 1982); *see also* 1 *Newberg on Class Actions* § 3.13 at 3-77:

> A plaintiffs claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

The test for "typicality" is not demanding. *See Shipes v. Trinity Industries*, 987 F.2d 311, 316 (5th Cir. 1993). It focuses on the general similarity of the legal and remedial theories of the class representatives' and class members' claims. *Jenkins*, 782 F.2d at 472. Here the only real difference between the individual plaintiffs is the relative value of their damage claims.

In the instant case, the proposed class representatives' claims are typical of those of the class as a whole because there is uniformity between the legal claims and relief that the representative seeks and the claims and relief sought by the class members. All of these claims arise from a single event – the damage resulting from the breach of the levees and the deluge of water that resulted therefrom. The defendant in its motion to remove admits that the claims arose from a **single accident** at a discreet location. *See* Mot. to Rem. ¶ I, § 13; Mot. to Rem. ¶ IV, § (a)(49)-(51). Furthermore, the representative plaintiff seeks damages for the same kind and degree of injuries alleged by the remaining plaintiffs. As such, the claims and damages sought will be similar, and the "typicality" requirement is satisfied.

### D. THE REPRESENTATIVE PARTIES WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

The fourth requirement of Rule 23 is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Like the "typicality"

requirement, this prerequisite requires that the interests of the named Plaintiffs are aligned with the unnamed class members to ensure that the class representative has an incentive to pursue and protect the claims of the absent class members. Here, the interests of all named and unnamed plaintiffs are believed to be identical.

In the instant case, both the proposed class representative and his counsel will adequately represent the class. The proposed class representative and class members are seeking the same types of relief on the same theories as the result of a single, discreet event, and there are no conflicts of interest between the representative and the class members. The proposed representative and the class members have claims for the same types of damages. Furthermore, the proposed representative has a strong interest in prosecuting this matter, and will diligently prosecute this matter on behalf of himself and the absent class members. The proposed representative has both a familiarity with the policies of insurance as well as more than sufficient knowledge of the basic facts. Counsel for Plaintiffs, have sufficient resources and expertise to competently conduct this matter and will aggressively pursue the interests of all plaintiffs.

### E. THE CLASS SATISFIES THE REQUIREMENTS OF RULE 23(b)(3).

In addition to the four requirements discussed above, a class certified under Rule 23(b)(3) must satisfy two additional requirements: (1) questions of law or fact common to members of the class predominate over any questions affecting only individual members; and (2) the class action procedure must be superior to other available methods for a fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

The purpose of the Rule 23(b) requirements is to ensure that a proposed class has "sufficient unity so that absent class members can fairly be bound by decisions of class representatives." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2256

7

(1997). In general, Rule 23(b)(3) "applies to cases for which a class action would achieve economies of time, effort, and expense, promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *White v. Imperial Adjustment Corp.*, 2002 WL 1809084, *6 (E.D. La. 2002).

1. **Predominance is satisfied.**

"In order to 'predominate,' common issues must constitute a significant part of the individual cases." Mullen, 186 F.3d at 626. Factors to be considered in the predominance analysis include: (1) the interest of the class members in individually controlling the prosecution of the action; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the difficulties likely to be encountered in the management of the class action. Fed. R. Civ. P. 23(b)(3).

The first factor, individual interest, weighs in favor of finding a predominance of common issues of law or fact. Plaintiffs are unaware of any other litigation against State Farm by renters in Louisiana. Because there are no competing claims, the interests of the class members presumably favor representation by the proposed class representative who has filed a timely case and can obtain coverage for their losses. These losses are significant. As such, the absent class would presumably be interested in the named plaintiff attempting to recover the 75 million dollars in dispute on their behalf.[1]

The second factor, the extent and nature of existing litigation, also weighs in favor of predominance. Plaintiffs, as mentioned *supra*, are unaware of any other litigation against State

---

[1] State Farm in its motion to remove noted that there was around 75 million dollars that had not been paid to renters. *See* Mot. to Rem. ¶ II, § (b)(32); *see also* Affidavit of William A. Gourgues, ¶ 4. Of this 75 million dollars, only 11 million has been paid on claims. *Id.* In the areas most affected by the breached levees, the total damages were approximately 15 million dollars, of which only $660,000 has been paid to claimants. *Id* ¶ 5.

8

Farm by any Louisiana renters. Indeed, due to the expense of *investigating and litigating such* claims, it is unlikely that there will be any such individual litigation. In such circumstances, this factor is in favor of finding predominance. *See White*, 2002 WL 1809084 at *15.

The third factor, the value of concentrating the litigation in this forum, likewise favors predominance. Absent a concentration, although it is unlikely that the claims would be litigated individually due to expense, it is possible that different conclusions could be reached concerning the applicability of State Farm's policy language. In such a situation, the uniformity and consistency that results from the use of a class action to resolve a consumer issue supports a finding of predominance.

Finally, the manageability factor must be considered. While the number of prospective class members is sufficiently large to support class certification, it is not so large or unwieldy that manageability would be precluded. In fact, federal courts consistently recognize that a class action is the appropriate vehicle for handling the claims of large numbers of individuals harmed as the result of a single catastrophic event and its consequent damage. *See, e.g., Black v. Rhone-Poulenc*, 173 F.R.D. 156 (S.D. Va. 1996) (certifying class of thousands of individuals asserting claims for chemical exposure, evacuation, fear and fright, and property damage). In Louisiana, where catastrophic events are, unfortunately, commonplace, courts have routinely recognized the efficiency of class actions. *See, e.g., Livingston Parish Police Jury v. Illinois Central Gulf Railroad*, 432 So.2d 1027 (La. App. 1st Cir. 1983); *Adams v. CSX Railroad*, 615 So.2d 476 (La. App. 4th Cir. 1993); *McCastle v. Rollins Environmental Services of La.*, 456 So.2d 612 (La. 1984). Furthermore, in the instant case, the records are all within the exclusive control of a single insurance company and the records are computerized, allowing easy access to records. As such, the Court should find that predominance is satisfied and should grant class certification.

### 2. Superiority of Class Actions to Other Forms of Adjudication.

Plaintiffs also contend that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Certification is superior to any other method of adjudication because the claims of individual class members may not merit individual litigation. If the claims were to be tried individually, there would be repetitive and wasteful discovery and trial. In short, class treatment here better promotes fairness to the parties and conservation of the resources of this Court than does traditional piecemeal litigation. As such, the Court should grant this motion for certification of the class, and Jason Hammer's representation of the class.

### V. Conclusion

This litigation arises out of a single, common event that affected a large number of persons in a similar fashion. No other method of litigation management is better suited to the large number of parties, and the common issues of fact and law. Therefore, this case should be certified as a class action pursuant to Rule 23.

Respectfully submitted,

FOR PLAINTIFF JASON HAMMER, et al.

/s/ Kevin Katner
Kevin J. Katner, 21306
4465 Painters Street
New Orleans, Louisiana 70122
Telephone: (504) 301-0698

/s/ J. Samuel Tenenbaum
J. Samuel Tenenbaum, Illinois Bar No. 15245
Bluhm Legal Clinic
357 Chicago Avenue
Chicago, Illinois 60611
Telephone: (312) 503-4808

## CERTIFICATION OF SERVICE

I hereby certify that I have on this _15th_ day of _March_, _2007_, served a copy of the foregoing pleading on all counsel of record for all parties by:

( ) Hand Delivery            (✓) Prepaid U.S. Mail

( ) Facsimile                ( ) UPS/Federal Express

_____
KEVIN J. KATNER