**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


IN RE KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION
                                                                    NO. 05-4182


PERTAINS TO: 05-4181, 06-1885, 06-4024
                      06-4389, 06-5771, 06-5786
                      06-6099, 07-0206                           SECTION "K"(2)


<u>ORDER</u>

On March 31, 2007, a pleading styled "Certain Plaintiffs' Notice of Objection to the

Superseding Master Consolidated Class Action Complaint" (Doc. 3469) was filed by counsel

Ashton O'Dwyer.  Attached thereto as Exhibit No. 2 was a copy of an e-mail which reads as

follows:

> Boys and Girls:  Just before leaving Joe's office on Saturday, Joe distributed
> "hard" copies of the "master" levee and MRGO Complaints.  I reiterate my prior
> objection to the use of the word "superseding" as respect any Complaint filed by
> Committee Members.  **Neither Judge Duval-Daley nor any Committee**
> **Member has the authority to "supersede" any pleading I filed on behalf of**
> **my clients**.  I also specifically object to the  following from Article 2 of the
> Master Levee Complaint:  "The instant Complain, mandated by Case management
> Order No. 4 entered on march 1, 2007, is intended to supersede and replace all
> class action complaints arising from the catastrophe which previously have been
> filed in or transferred to this Section of Court, and placed within the "Levee"
> category of cases."  Am I the only person who feels this way?

The Code or Professionalism adopted by the Judges of the Eastern District of Louisiana

on August 4, 1999 provides that a lawyer "will conduct [himself] with dignity, civility courtesy

and a sense of fair play" and that a lawyer "will not engage in personal attacks on other counsel

or the court."  In addition Rule 3.5 of the Louisiana Rules of Professional Conduct provides that

"A lawyer shall not . . . engage in conduct intended to disrupt a tribunal."  37 La. Rev. Stat.  App.

Art. 16, Rule 3.5.

The Court finds the foregoing missive filed into the record by Mr. O'Dwyer in direct contravention of these tenets. Accordingly,

**IT IS ORDERED** that Ashton O'Dwyer appear in open court on **April 16, 2007 at 9:30 a.m. and show cause why sanctions should not be assessed against him.**

New Orleans, Louisiana, this __29th__ day of March, 2007.

 

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**