UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES CONSOLIDATED LITIGATION | CIVIL ACTION |
| | NO. 05-4182 |
| PERTAINS TO: *Robinson*, C.A. No. 06-2286<br>*Publish to Web* | SECTION "K"(2) |

Having granted the Joint Motion and Incorporated Memorandum in Support to Amend Case Management Order No. 1,

**IT IS ORDERED** that the present Robinson Case Management Order No. 1(Document No. 3408) is superseded and replaced with the following Revised Case Management Order No. 1 and the link there to on the Court's website will be appropriately adjusted.

**REVISED ROBINSON CASE
MANAGEMENT ORDER NO. 1**

As the Court noted in its Case Management Order No. 4 entered in the Katrina Canal Breaches Consolidate Litigation, this Court has determined that it is in the best interest of justice and proper case management to treat *Robinson, et al. v. United States*, C.A. No. 06-2268, in a separate scheduling order which will include a trial thereon scheduled independently from the Breaches Consolidated Litigation. As such, the Court ordered the parties to file a Joint Report of Counsel (Doc. 3351) which the Court has reviewed extensively. The most glaring difference between the United States' approach and plaintiffs' is that the Government seeks to limit discovery initially to jurisdictional issues presented by the Flood Control Act of 1928, 33 U.S.C. § 702c resulting in a motion thereon, and in the event the motion is not granted, a preliminary trial focusing solely on the jurisdictional question. Plaintiffs object to this approach strenuously.

The Court would note at the outset that while it is aware that the issue of immunity under § 702c, stands as a potential bar to this litigation, under the dictates of *Montez v. Department of the*

*Navy*, 392 F.3d 147 (5th Cir. 2004)[1], a total bifurcation for trial on that issue is not in the interest of judicial economy.  Neither is to some extent bifurcation of discovery.  For instance, the deposition of a witness with respect to only the § 702c may necessitate the reconvening of that deposition in the event that the Government is unsuccessful concerning its alleged immunity.  Such duplication of effort is senseless.  Thus, the Court rejects the Government's request in that respect.

On the other hand, the huge expense that preparing for a full trial on the merits of this matter would be a gross waste of resources in the event that Section 702c immunity is applicable.  Thus, the Court has determined that it will set out a trial and motion schedule designed to present the issue of §702c immunity to the Court for a decision by motion early in these proceedings. The Court will not limit initial discovery to jurisdictional issues; nonetheless, it would obviously be in the interest of the parties to engage in sufficient to prepare for the § 702c immunity motion.

In addition, the Court concurs with the parties that the appointment of a Special Master is needed.  Furthermore, it agrees with the proposal that each side may propose two names for such appointment.  However, the Court reserves its right to reject all such nominees and appoint a person of its own choosing, including  Magistrate Judge Wilkinson who is assigned to this proceeding. Initially, the Court will make such appointment solely for discovery purposes; however, this decision does not preclude the Court's appointing the same or another Special Master in the event that other duties need be fulfilled.  Specifically, the Court envisions that  the Special Master in this matter will help shape the scope, order  and nature of discovery to be conducted.  As such, this Case Management Order shall not set out in detail the scope of discovery to be allowed.

Accordingly,

**IT IS ORDERED**  that the following schedule shall apply to these proceedings:

---

[1] The Government has made clear that it will seek summary judgment on jurisdictional grounds with respect to § 702c immunity that is bases "only on the existence and nature of the levees along the MRGO in order to determine whether the Flood Control Acta pplies." (Doc. 3351 at 25).  The Court will hold the Government to this declaration.

I.      **INITIAL DISCLOSURES**

      **Plaintiffs:**

Pursuant to Rule 26(f)(1), Plaintiffs shall produce their initial disclosures under Rule 26(a)(1) on April 7, 2007.

      **Defendant:**

As to the United States, the Rule 26(a)(1)(B) disclosures are deemed satisfied (*See* Consolidated Cases CMO, Record Doc. 3299 at 22); Rule 26(a)(1)(A) disclosures made on same rolling schedule as document production.

II.     **APPOINTMENT OF SPECIAL MASTER FOR DISCOVERY PURPOSES**

A Special Master shall be appointed pursuant to Fed. R. Civ. P. 53 to manage discovery in accordance with procedures to be set forth in a separate order. Plaintiffs and the Government will attempt to agree a person for this appointment. If agreement is reached, such name with a resume concerning such person's credentials shall be provided to the Court **by letter no later than April 2, 2007.**

In the event such an agreement cannot be reached, then each shall propose **by letter** two persons and provide the Court with each nominee's resume setting for the basis for his or her appointment **no later than April 2, 2007.**

The Court will then take such matter under advisement and pursue such review as it sees fit. However, in the event the Court does not concur with any of the suggested persons, the Court shall appoint a person that it deems to be the most qualified to fulfill the duties that will fall on this Special Master.

III.  **DISCOVERY AND TRIAL SCHEDULE**

| DATE | EVENT |
|---|---|
| March 31, 2007 | Defendants' Answer Due |
| April 2, 2007 | Report to Court re: Special Master Nominee |
| April 2, 2007 | Plaintiffs' Request for Production of Documents (Maximum 50 with subgroups) |
| April 30, 2007 | Defendants' Request for Production of Documents (Maximum 50 with subgroups). |
| May 30, 2007 | Defendants' Initial Response to Request for Production of Document Request |
| June 1, 2007 | Interrogatories (Maximum 50 with subgroups) |
| June 27, 2007 | Plaintiffs' Initial Response to Request for Production f Document Request |
| July 1, 2007 | Document Production to Third Parties |
| August 1, 2007 | Response to Interrogatories |
| August 15, 2007 | Designation of All 702c immunity Experts |
| September 15, 2007 | Plaintiffs' Expert Report re: 702c immunity |
| October 15, 2007 | Defendants' Expert Report re: 702c immunity |
| November 2, 2007 | Completion Deposition of Experts and all other discovery concerning § 702c immunity |
| SUSPENSION OF | DISCOVERY PENDING DECISION ON MOTION RE: IMMUNITY |
| November 2, 2007 at 10:00 a.m. | Pre-filing meeting with regard to procedures, content and exhibits to be used for 702c Motion |
| November 15, 2007 | Designation of Plaintiffs' Experts for Trial Purposes |
| November 19, 2007 | Motion for Summary Judgment on 702c Immunity to be filed |
| December 10, 2007 | Opposition to Summary Judgment on 702c Immunity to be filed |
| December 15, 2007 | Designation of Defendants' Experts for Trial Purposes |
| December 17, 2007 | Reply Brief to MSJ on 702c Immunity to be filed |
| January 16, 2008 at 10:00 a.m. | Hearing on MSJ on 702c Immunity |

| RESUMPTION OF | DISCOVERY IF MOTION IS DENIED |
|---|---|
| February 4, 2008 | Discovery for Liability and Experts continues<br><br>Commencement of Fact Depositions |
| March 3, 2008 | Preliminary Lists of Witnesses and Exhibits Filed for trial<br><br>Plaintiffs' Expert Reports Due including Computer Generated Evidence |
| March 31, 2008 | Defendants' Expert Reports Due including Computer Generated Evidence |
| April 1, 2008 | Exchange of Proposed Stipulated Facts (in lieu of Requests for Admissions) |
| May 1, 2008 | All Discovery and Depositions of Experts and Fact Witnesses Completed<br><br>Final List of Witnesses and Exhibits to be Filed with the Court |
| May 15, 2008 at 2:00 p.m. | Pre-filing Meeting with Respect to Daubert and Substantive Motions and to Discuss Exhibit Procedures at Trial |
| May 22, 2008 | Finalized Agreed Upon Stipulated Facts Filed with Court |
| June 9, 2008 | All Daubert and Substantive Motions must be filed |
| June 30, 2008 | Oppositions to be filed |
| July 7, 2008 | Reply briefs filed |
| July 16, 2008 at 10:00 a.m. | Hearings on all motions commences |
| August 18, 2008 | Pre-trial Order Filed |
| August 20, 2008 at 2:00 p.m. | Pretrial Conference |
| August 29, 2008 | All Pretrial filings must be filed in Chambers |
| September 8, 2008 at 9:00 a.m. | Trial Commences (Scheduled for 3 weeks) |

**IV. MOTION PRACTICE**

    **A.  NO CONTINUANCES**

The deadlines set by this order have been crafted in order to provide sufficient time for discovery, the filing and orderly hearing of the motions discussed and trial preparation.  **NO EXTENSIONS SHALL BE GRANTED WITHOUT EXTREMELY GOOD CAUSE SHOWN.**

    **B.     FORM OF MOTIONS**

It is further the intent of the Court to meet with counsel prior to the filing of noted motions for summary judgment in order to explain the procedure and the form that these motions shall take Such conferences shall occur as noted above:

| | |
|---|---|
| November 2, 2007 at 10:00 a.m. | Pre-filing meeting with regard to procedures, content and exhibits to be used for 702c Motion |

| | |
|---|---|
| May 15, 2008 at 2:00 p.m. | Pre-filing Meeting with Respect to Daubert and Substantive Motions and to Discuss Exhibit Procedures at Trial |

The Court will insist that briefs be incisive, concise and to the point and that all exhibits will be tailored to the motions.  In globo filings of reports, treatises, documents or any other such compendium of material by either party will not be accepted.  The reason for this is that it is the responsibility of the litigants to pinpoint and synthesize the exhibits and evidence.  Particularly with respect to the § 702c motion, the Court will expect a chronology of relevant facts to be provided in addition to or in lieu of the traditional  factual allegations provided.  Furthermore, the Statement of Uncontested Facts shall be presented chronologically and with pin-point citations to any evidence supporting same.

### C.  HEARING DATES ARE ESTABLISHED ABOVE

Counsel shall notice its Motion for Summary Judgment based on § 702c Immunity for **January 16, 2008 at 10:00 a.m.**

Counsel shall notice its Motion for Summary Judgment on **July 16, 2008 at 10:00 a.m.**

## V.   WITNESSES AND DOCUMENTS

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A numbered set of exhibits and exhibit list shall be delivered to chambers one week prior to trial; however, if there are more than five hundred pages of exhibits, the Court may order that such exhibits be put on a CD rom.  This matter will be taken up at the Status Conference noted above to be held on  **May 15, 2008 at 2:00 p.m.**

Additionally, any party intending to offer computer generated evidence (which is not ordinary documentary evidence, but evidence created by computer software), must be disclosed as noted above and  counsel must allow opposing counsel on or before that deadline to examine the exhibit or a copy, and all underlying assumptions and/or software.  Any challenge thereto must be made at the Daubert cut-off noted above.

## VI.   TRIAL

Trial will commence on September 8, 2008 at 9:00 a.m. before the District Judge without a jury.  Attorneys are instructed to report for trial no later than 30 minutes prior to this time.  Trial is estimated to last 3 weeks.

**IT IS FURTHER ORDERED** that the Courtroom Deputy and/or the Docket Clerk shall attach to this filing the Court's Pretrial Notice that provides further guidance with respect to the expectations of this Court.  All parties will be expected to comply with the dictates found therein.

New Orleans, Louisiana, this   29th day of March, 2007.

_____<br>
**STANWOOD R. DUVAL, JR.**<br>
**UNITED STATES DISTRICT COURT JUDGE**