UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  KATRINA CANAL BREACHES | * | CIVIL ACTION |
| CONSOLIDATED LITIGATION | * | NO. 05-4182 "K" (2) |
| | * | JUDGE DUVAL |
| | * | MAGISTRATE WILKINSON |
| PERTAINS TO LEVEE | * | |
| | * | |
| FILED IN:      05-4181, 05-4182, 05-4191, | * | |
|                     05-4568, 05-5237, 05-6073, | * | |
|                     05-6314, 05-6324, 05-6327, | * | |
|                     05-6359, 06-0020, 06-1885, | * | |
|                     05-0225, 06-0886, 06-11208, | * | |
|                     06-2278, 06-2287, 06-2346, | * | |
|                     06-2545, 06-3529, 06-4065, | * | |
|                     06-4389, 06-4634, 06-4931, | * | |
|                     06-5032, 06-5042, 06-5159, | * | |
|                     06-5163, 06-5367, 06-5471, | * | |
|                     06-5771, 06-5786, 06-5937, | * | |
|                     06-7682, 07-0206, 07-0647, | * | |
|                     07-0993, 07-1284, 07-1286, | * | |
|                     07-1288, 07-1289 | * | |
| | * | |

*********************************************

**BOARD OF COMMISSIONERS, EAST JEFFERSON LEVEE DISTRICT ANSWER TO
SUPERCEDING MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes defendant, the Board of

Commissioners, East Jefferson Levee District ("EJLD") who answers the Superceding Master

Consolidated Class Action Complaint ("Complaint") and sets forth its affirmative defenses as

follows:

## FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

## SECOND DEFENSE

The EJLD is a political subdivision of the State of Louisiana and is entitled to discretionary immunity for all actions and inactions as alleged in the Complaint under La. R.S. 9:2798.1.

## THIRD DEFENSE

As a political subdivision of the State of Louisiana, the EJLD is entitled to a limitation of liability for general damages under La. R.S. 13:5106.

## FOURTH DEFENSE

Defendant affirmatively pleads the doctrine of *Lis Pendens*.

## FIFTH DEFENSE

Defendant avers that the levee was constructed in accordance with federal guidelines.

## SIXTH DEFENSE

Defendant alleges that plaintiffs failed to mitigate their damages.

## SEVENTH DEFENSE

Defendant is immune from liability in accordance with La. R.S. 29:735, La. R.S. 9:2793.1, and La. R.S. 9:2800.

## EIGHTH DEFENSE

Defendant affirmatively alleges that it never had actual or constructive notice, prior to the incident at issue, of any vice or defect which allegedly caused plaintiffs' harm.

## NINTH DEFENSE

Defendant affirmatively alleges that it never had a reasonable opportunity to remedy the alleged defect, the existence of which is denied.

## TENTH DEFENSE

Defendant alleges that it did not exercise authority or jurisdiction over the individuals or entities that were responsible for the design and construction of the levee systems at issue.

## ELEVENTH DEFENSE

Defendant denies that it was negligent, but in the event that it is deemed negligent, then the negligence or fault of the defendant should be compared to the negligence or fault of others, both parties and non-parties the instant action, and any recovery against defendant should be reduced accordingly.

## TWELFTH DEFENSE

Defendant affirmatively alleges that plaintiffs were negligent in failing to follow repeated mandatory evacuation orders, and other such acts or omissions that may be proven at trial.

## THIRTEENTH DEFENSE

Defendant affirmatively alleges that the risks of flooding, injury, and loss of property constituted known risks.

## FOURTEENTH DEFENSE

Defendant affirmatively alleges that if plaintiffs were injured or damaged as alleged, which is denied, then the injuries and damages resulted from an independent, intervening, and/or superceding cause for which defendant may not be held responsible.

**FIFTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs have failed to plead their claims with the requisite particularity.

**SIXTEENTH DEFENSE**

Defendant affirmatively alleges that plaintiffs' injuries and damages resulted from circumstances and causes that could not have been prevented by the defendant.

**SEVENTEENTH DEFENSE**

Defendant affirmatively alleges that it complied with all statutory and regulatory provisions, both state and federal, with respect to the conduct alleged in plaintiffs' Complaint.

**EIGHTEENTH DEFENSE**

Defendant affirmatively alleges that, at all times relevant hereto, it acted as a Federal Officer and/or a Federal Contractor under 28 U.S.C. § 1442(a)(1).

**NINETEENTH DEFENSE**

Defendant affirmatively alleges that it cannot be held liable to plaintiffs when it was in compliance with the designs, plans, specifications, and requirements of the United States Army Corps of Engineers or others.  To the extent that the same is applicable, defendant pleads the Government Contractor Defense.

**TWENTIETH DEFENSE**

Defendant affirmatively alleges that plaintiff's allegations are improperly vague and ambiguous.  As such, defendant reserves the right to seek more definite allegations from plaintiffs to amend its answer.

**TWENTY-FIRST DEFENSE**

Defendant affirmatively pleads that plaintiffs are not entitled to attorney's fees.

**TWENTY-SECOND DEFENSE**

Defendant affirmatively pleads that plaintiffs' claims are barred either in whole or in part by the applicable period of limitations or prescriptive/preemptive period.

**TWENTY-THIRD DEFENSE**

Defendant affirmatively alleges that plaintiffs' claims are barred due to an Act of God, *force majeure*, and/or a fortuitous event.

**TWENTY-FOURTH DEFENSE**

Defendant affirmatively avers that it is immune from liability for any damages caused by floodwaters in accordance with the provisions of 33 U.S.C. § 702(c).

**TWENTY-FIFTH DEFENSE**

Defendant affirmatively alleges that to the extent that plaintiffs have, or should hereafter, settle for any of the alleged injuries and damages with any persons, whether parties or non-parties, defendant is entitled to a credit and offset in the amount of said settlement(s), which are not part of the Collateral Source doctrine, and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTY-SIXTH DEFENSE**

Defendant affirmatively alleges that maintenance of this action would violate the Separation of Powers provisions of the United States Constitution as, at all pertinent times, defendant's actions were specifically guided by the United States Army Corps of Engineers, through the authority delegated by Congress.

**TWENTY-SEVENTH DEFENSE**

Defendant affirmatively pleads improper or inconvenient venue.

**TWENTY-EIGHTH DEFENSE**

Defendant affirmatively alleges application of the Federal Tort Claims Act.

**TWENTY-NINTH DEFENSE**

Plaintiffs have failed to join indispensable parties as required by Federal Rule of Civil Procedure 19.

**THIRTIETH DEFENSE**

This action cannot be properly maintained as a class action.

**THIRTY-FIRST DEFENSE**

Defendant affirmatively alleges that plaintiffs' claims, and the claims of the putative class members, in part or in whole, are not maintainable as a class action under the provisions of the Federal Rules of Civil Procedure, because, for example and without limitation, the class representatives do not adequately represent the interests of the class, and litigating this case as a class action is impractical and inappropriate.

**THIRTY-SECOND DEFENSE**

Defendant objects to the maintenance of this action as a class action, and, in particular, asserts that class certification is inappropriate for the following reasons:

    a.  Lack of proper definition of proposed class;

    b.  Lack of numerosity;

    c.  Lack of commonality of questions of law;

    d.  Lack of commonality of questions of fact;

e.  Lack of typicality;

f.  Lack of adequacy of representation;

g.  Lack of the requirements for certification under FED R. CIV. P. 23(b)(1);

h.  Lack of the requirements for certification under FED. R. CIV. P. 23(b)(3);

i.  Individual issues predominate over common issues;

j.  A class action is not superior to other available methods for the fair and efficient adjudication of this controversy, and

k.  There are difficulties that are likely to be encountered in the management of a class action such that class certification is impractical, overly costly, and burdensome on the court and the parties.

### THIRTY-THIRD DEFENSE

The plaintiffs are not proper class representatives.

### THIRTY-FOURTH DEFENSE

The damages sought by the named plaintiffs on behalf of the alleged putative class cannot be recovered without specific proof by each alleged putative class member that he or she has been damaged.

### THIRTY-FIFTH DEFENSE

The damages sought by the putative class exceed the assets available to defendant.  Thus, this putative class' interests conflict with other putative classes represented by opposing counsel to the extent that the classes all seek recovery from defendant's limited fund.

## THIRTY-SIXTH DEFENSE

The putative sub-classes proposed in the Complaint do not satisfy the predominance requirements of FRCP 23(b)(3).  Moreover, absent certification of a class, plaintiffs request for certification of sub-classes is premature.

## THIRTY-SEVENTH DEFENSE

The putative class members' individual damages cannot be determined by reference to a mathematical or formulaic calculation, thus common damage issues do not predominate over individual damage issues.

## THIRTY-EIGHTH DEFENSE

The amount of compensatory damages to which any individual putative class member may be entitled cannot be calculated by objective standards, thus common damages issues do not predominate over individual damage issues.

## THIRTY-NINTH DEFENSE

The sources of individual putative class members damages are varied, and the fault attributable to each source varies as well.  Thus, common liability issues do not predominate over individual liability issues.

## FORTIETH DEFENSE

If any of the plaintiffs have heretofore received compensation or reimbursement or should hereafter receive compensation or reimbursement for any of their respective alleged damages, the defendant is entitled to a credit or setoff.

**AND NOW**, answering each and every allegation contained in the Complaint, the EJLD responds as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are conclusory and require no answer, but out of an abundance of caution, are denied.

2.

The allegations contained in Paragraph 2 of the Complaint are conclusory and require no answer, but out of an abundance of caution, are denied.  Further, Case Management Order No. 4 and the contents of the Complaint speak for themselves.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of information upon which to form a reasonable belief.

4.

The allegations contained in Paragraph 4(d) of the Complaint are admitted, but the remaining allegations of Paragraph 4 are denied for lack of information upon which to form a reasonable belief.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of information upon which to form a reasonable belief.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of information upon which to form a reasonable belief.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted.

9.

The allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of information upon which to form a reasonable belief.

11.

The allegations contained in Paragraph 11 of the Complaint require no answer but out of abundance of caution are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of information upon which to form a reasonable belief.

14.

The allegations contained in Paragraph 14 of the Complaint are admitted.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of information upon which to form a reasonable belief.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of information upon which to form a reasonable belief.

17 - 74.

The allegations contained in Paragraphs 17-74 of the Complaint regarding the purported history of, construction of and post-construction events concerning the 17th Street Canal are denied as written.

75 - 88.

The allegations contained in Paragraphs 75-88 of the Complaint regarding the history and construction of the London Avenue Canal are denied for lack of information upon which to form a reasonable belief.

89-92.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Inner Harbor Navigational Canal are denied for lack of information upon which to form a reasonable belief.

93-95.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Gulf Intracoastal Waterway are denied for lack of information upon which to form a reasonable belief.

96-103.

The allegations contained in Paragraphs 89-92 of the Complaint regarding the Mississippi River Gulf Outlet are denied for lack of information upon which to form a reasonable belief.

104-127.

The allegations contained in Paragraphs 104-127 of the Complaint regarding the Lake Pontchartrain, Louisiana and Vicinity, Hurricane Protection Project are denied as written.

128-149.

The allegations contained in Paragraphs 128-149 of the Complaint regarding the Hurricane Katrina and the Failure of the Hurricane Protection System are denied as written.

150.

The allegations contained in Paragraph 150 of the Complaint are denied.

151.

The allegations contained in Paragraph 151 of the Complaint are denied.

152.

The allegations contained in Paragraph 152 of the Complaint are denied.

153.

The allegations contained in Paragraph 153 of the Complaint are denied.

154.

The allegations contained in Paragraph 154 of the Complaint are denied.

155.

The allegations contained in Paragraph 155 of the Complaint are denied.

156.

The allegations contained in Paragraph 156 of the Complaint are denied.

157.

The allegations contained in Paragraph 157 of the Complaint are denied.

158.

The allegations contained in Paragraph 158 of the Complaint are denied.

159.

The allegations contained in Paragraph 159 of the Complaint are denied.

160.

The allegations contained in Paragraph 160 of the Complaint are denied.

161.

The allegations contained in Paragraph 161 of the Complaint are denied.

162.

The allegations contained in Paragraph 162 of the Complaint are denied.

163.

The allegations contained in Paragraph 163 of the Complaint are denied.

164.

The allegations contained in Paragraph 164 of the Complaint are denied.

165.

The allegations contained in Paragraph 165 of the Complaint are denied.

166.

The allegations contained in Paragraph 166 of the Complaint are denied.

163.

The allegations contained in Paragraph 163 of the Complaint are denied.

164.

The allegations contained in Paragraph 164 of the Complaint are denied.

165.

The allegations contained in Paragraph 165 of the Complaint are denied.

166.

The allegations contained in Paragraph 166 of the Complaint are denied.

167.

The allegations contained in Paragraph 167 of the Complaint are denied.

168.

The allegations contained in Paragraph 168 of the Complaint are denied.

169.

The allegations contained in Paragraph 169 of the Complaint are denied.

170.

The allegations contained in Paragraph 170 of the Complaint are denied.

171.

The allegations contained in Paragraph 171 of the Complaint are denied.

172.

The allegations contained in Paragraph 172 of the Complaint are denied.

173.

The allegations contained in Paragraph 173 of the Complaint are denied.

174.

The allegations contained in Paragraph 174 of the Complaint are denied.

175.

The allegations contained in Paragraph 175 of the Complaint are denied.

176.

The allegations contained in Paragraph 176 of the Complaint are denied.

177.

The allegations contained in Paragraph 177 of the Complaint are denied.

178.

The allegations contained in Paragraph 178 of the Complaint are denied.

179.

The allegations contained in Paragraph 179 of the Complaint are denied.

180.

The allegations contained in Paragraph 180 of the Complaint are denied.

181.

The allegations contained in Paragraph 181 of the Complaint are denied.

182.

The allegations contained in Paragraph 182 of the Complaint are denied.

183.

The allegations contained in Paragraph 183 of the Complaint are denied.

184.

The allegations contained in Paragraph 184 of the Complaint are denied.

185.

The allegations contained in Paragraph 185 of the Complaint are denied.

186.

The allegations contained in Paragraph 186 of the Complaint are denied.

187.

The allegations contained in Paragraph 187 of the Complaint are denied.

188.

The allegations contained in Paragraph 188 of the Complaint are denied.

189.

The allegations contained in Paragraph 189 of the Complaint are denied.

190.

The allegations contained in Paragraph 190 of the Complaint are denied.

191.

The allegations contained in Paragraph 191 of the Complaint are denied.

192.

The allegations contained in Paragraph 192 of the Complaint are denied.

193.

The allegations contained in Paragraph 193 of the Complaint are denied.

194.

The allegations contained in Paragraph 194 of the Complaint are denied.

195.

The allegations contained in Paragraph 195 of the Complaint are denied.

196.

The allegations contained in Paragraph 196 of the Complaint require no answer.  The

Complaint speaks for itself.

197.

The allegations contained in Paragraph 197 of the Complaint are denies insofar as they relate to EJLD, and otherwise denied for lack of information upon which to form a reasonable belief.

198.

The allegations contained in Paragraph 198 of the Complaint are denied for lack of information upon which to form a reasonable belief.

199.

The allegations contained in Paragraph 199 of the Complaint are denied for lack of information upon which to form a reasonable belief.

200.

The allegations contained in Paragraph 200 of the Complaint are denied for lack of information upon which to form a reasonable belief.

201.

The allegations contained in Paragraph 201 of the Complaint are denied for lack of information upon which to form a reasonable belief.

202.

The allegations contained in Paragraph 202 of the Complaint are denied for lack of information upon which to form a reasonable belief.

203.

The allegations contained in Paragraph 203 of the Complaint are denied for lack of information upon which to form a reasonable belief.

204.

The allegations contained in Paragraph 204 of the Complaint are denied for lack of information upon which to form a reasonable belief.

205.

The allegations contained in Paragraph 205 of the Complaint are denied for lack of information upon which to form a reasonable belief.

206.

The allegations contained in Paragraph 206 of the Complaint are denied for lack of information upon which to form a reasonable belief.

207.

The allegations contained in Paragraph 207 of the Complaint are denied for lack of information upon which to form a reasonable belief.

208.

The allegations contained in Paragraph 208 of the Complaint are denied for lack of information upon which to form a reasonable belief.

209.

The allegations contained in Paragraph 209 of the Complaint are denied for lack of information upon which to form a reasonable belief.

210.

The allegations contained in Paragraph 210 of the Complaint are denied for lack of information upon which to form a reasonable belief.

211.

The allegations contained in Paragraph 211 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

212.

The allegations contained in Paragraph 212 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

213.

The allegations contained in Paragraph 213 of the Complaint are denied for lack of information upon which to form a reasonable belief.

214.

The allegations contained in Paragraph 214 of the Complaint are denied for lack of information upon which to form a reasonable belief.

215.

The allegations contained in Paragraph 215 of the Complaint are denied for lack of information upon which to form a reasonable belief.

216.

The allegations contained in Paragraph 216 of the Complaint are requires no answer but out of abundance of caution are denied.

217.

The allegations contained in Paragraph 217 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

218.

The allegations contained in Paragraph 218 of the Complaint are denied for lack of information upon which to form a reasonable belief.

219.

The allegations contained in Paragraph 219 of the Complaint are denied for lack of information upon which to form a reasonable belief.

220.

The allegations contained in Paragraph 220 of the Complaint are denied for lack of information upon which to form a reasonable belief.

221.

The allegations contained in Paragraph 221 of the Complaint are denied for lack of information upon which to form a reasonable belief.

222.

The allegations contained in Paragraph 222 of the Complaint are denied for lack of information upon which to form a reasonable belief.

223.

The allegations contained in Paragraph 223 of the Complaint are denied for lack of information upon which to form a reasonable belief.

224.

The allegations contained in Paragraph 224 of the Complaint are denied for lack of information upon which to form a reasonable belief.

225.

The allegations contained in Paragraph 225 of the Complaint are denied for lack of information upon which to form a reasonable belief.

226.

The allegations contained in Paragraph 226 of the Complaint are denied for lack of information upon which to form a reasonable belief.

227.

The allegations contained in Paragraph 227 of the Complaint are denied for lack of information upon which to form a reasonable belief.

228.

The allegations contained in Paragraph 228 of the Complaint are denied for lack of information upon which to form a reasonable belief.

229.

The allegations contained in Paragraph 229 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

230.

The allegations contained in Paragraph 230 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

231.

The allegations contained in Paragraph 231 of the Complaint are denied to the extent they relate to EJLD and are otherwise denied for lack of information upon which to form a reasonable belief.

232.

The allegations contained in Paragraph 232 of the Complaint are denied for lack of information upon which to form a reasonable belief.

233.

The allegations contained in Paragraph 233 of the Complaint are denied for lack of information upon which to form a reasonable belief.

234.

The allegations contained in Paragraph 234 of the Complaint are denied for lack of information upon which to form a reasonable belief.

235-241.

The allegations contained in Paragraphs 235-241 of the Complaint concerning legal fault in the design and construction of the London Avenue Canal levees and flood walls do not pertain to EJLD, but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

242-252.

The allegations contained in Paragraphs 242-252 of the Complaint concerning legal fault regarding the MRGO do not pertain to EJLD but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

253-266.

The allegations contained in Paragraphs 253-266 of the Complaint concerning legal fault regarding the IHNC protection system on the west side do not pertain to EJLD but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

267-272.

The allegations contained in Paragraphs 267-272 of the Complaint concerning legal fault in connection with the entire New Orleans levee system do not pertain to EJLD but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

273-276.

The allegations contained in Paragraphs 273-276 of the Complaint concerning legal fault in connection with the Lake Pontchartrain Vicinity Hurricane Protection Project do not pertain to EJLD but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

277-279.

The allegations contained in Paragraphs 277-279 of the Complaint concerning nuisance in violation of Louisiana and/or federal common law do not pertain to EJLD but out of an abundance of caution are denied for lack of information upon which to form a reasonable belief.

**WHEREFORE**, defendant, EJLD, prays that this answer be deemed good and sufficient, and that after due proceedings, there be a judgment in favor of the EJLD and against plaintiffs, with prejudice, at plaintiffs' cost.

Respectfully submitted,

***DUPLASS, ZWAIN, BOURGEOIS, MORTON, PFISTER & WEINSTOCK***

s/ GARY M. ZWAIN
_____
LAWRENCE J. DUPLASS (#5199)
GARY M. ZWAIN (#13809)
NICOLE M. BOYER (#29775)
THREE LAKEWAY CENTER, SUITE 2900
3838 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA  70002
TELEPHONE:  (504) 832-3700
FACSIMILE:  (504) 837-3119

**ATTORNEYS FOR DEFENDANT,
BOARD OF COMMISSIONERS,
EAST JEFFERSON LEVEE DISTRICT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 30th day of March, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all known counsel of record by operation of the court's electronic filing system or by depositing a copy in the United States mail, properly addressed and postage prepaid.

s/ GARY M. ZWAIN
_____
GARY M. ZWAIN
gzwain@duplass.com