UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  KATRINA CANAL BREACHES<br>CONSOLIDATION LITIGATION<br>_____<br><br>FILED IN:   05-4181, 05-4182, 05-4191, 05-4568,<br>05-5237, 05-6073, 05-6314, 05-6324,<br>05-6327, 05-6359, 06-0020, 06-1885,<br>06-0225, 06-0886, 06-11208, 06-2278,<br>06-2287, 06-2346, 06-2545, 06-3529,<br>06-4065, 06-4389, 06-4634, 06-4931,<br>06-5032, 06-5042, 06-5159, 06-5163,<br>06-5367, 06-5471, 06-5771, 06-5786,<br>06-5937, 06-7682, 07-0206, 07-0647,<br>07-0993, 07-1284, 07-1286, 07-1288,<br>07-1289 | : CIVIL ACTION<br>:<br>: NO. 05-4182  "K" (2)<br>:<br>: JUDGE DUVAL<br>:<br>: MAGISTRATE WILKINSON<br>:<br>: |

PERTAINS TO: LEVEE

---

**ANSWER ON BEHALF OF MODJESKI AND MASTERS, INC.
TO MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

---

Modjeski and Masters, Inc. ("Modjeski"), for answer to the Master Consolidated Class Action Complaint, ("Plaintiffs"), respectfully avers:

**PRELIMINARY STATEMENT**

The complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response.  Admissions or denials of such allegations are, accordingly, difficult or impossible.  Further, many of the allegations of the Complaint are overly broad, vague, conclusory and include terms which are undefined, not used by Modjeski, and susceptible to different meanings.  According, by way of a general response, all allegations are denied unless specifically admitted.  Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the complaint as a whole.

**FIRST AFFIRMATIVE DEFENSE**

The claims against Modjeski are barred by *res judicata* and/or collateral estoppel since these claims have been litigated to conclusion by this Honorable Court as reflected in Doc. 2148 and 2149.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim against Modjeski upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a cause of action against Modjeski.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Modjeski are perempted and/or prescribed.

Modjeski provided no professional services in connection with flood protection for the London Avenue Canal and, except for a limited section of concrete floodwall on each side of the Industrial Canal which was associated with the Florida Avenue Bridge Replacement and which did not fail, Modjeski provided no professional services in connection with flood protection for the Industrial Canal.

As respects the 17th Street Canal, Modjeski's last professional services for that reach where the breach occurred were performed pursuant to a contract with the Board of Commissioners of the Orleans Levee District ("OLD").  The drawings and specifications for this project, entitled "Excavation and Flood Protection - 17th Street Canal, Capping of Floodwalls, East Side Levee Improvements," were prepared in accordance with the OLD contract and in accordance with design criteria, instructions and directives from the U.S. Army Corps of Engineers ("Corps").  OLD and the Corps reviewed and approved Modjeski's drawings and specifications, and thereafter the Corps awarded a construction contract for the work and inspected the work with its own forces.  Modjeski's last services on this project were in April of 1993, and the construction contract was accepted by the Corps on April 25, 1995.

**FIFTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint arose from *force majeure*, Act of God, and other causes beyond the control or responsibility of Modjeski.

**SIXTH AFFIRMATIVE DEFENSE**

Modjeski avers that the damages alleged in the Complaint were not as a result of any fault on its part or as a result of the fault of any party or person for whom Modjeski is responsible, but were as a result of fault on the part of the Corps and others for whom Modjeski is not responsible. Accordingly, Modjeski invokes all of its rights and defenses under La. C.C. Art. 2323.

**SEVENTH AFFIRMATIVE DEFENSE**

This case should be transferred to avoid prejudice to Modjeski for reason that the jurors of this District are potential members of the purported class.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail to meet the requirements of Rule 23, FRCP, for treatment as a class action.

**NINTH AFFIRMATIVE DEFENSE**

Modjeski was not engaged by the Corps or any other federal governmental body to provide engineering services. However and to the extent that others allege federal question jurisdiction based upon government contractor status, which Modjeski denies, Modjeski pleads, in the alternative, all defenses available to government contractors.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and discharged in their entirety to the extent that any claim upon which plaintiffs' suit is based was barred, discharged, or enjoined in bankruptcy.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent plaintiffs, including members of the putative class, where applicable, have or should hereafter settle for any of the alleged injuries and damages with any persons, whether parties or non-parties herein, or should plaintiffs receive any funds from federal or state agencies or programs, this defendant is entitled to a credit, set off, and/or offset in the amount of said settlements or payments, which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of alleged fault.

**TWELFTH AFFIRMATIVE DEFENSE**

Modjeski adopts and incorporates by reference any affirmative defense asserted by any other defendant in these consolidated actions to the extent that such affirmative defense applies to Modjeski, and gives notice that it intends to rely upon any other defense that may become available or appear during these consolidated proceedings, and Modjeski hereby reserves its right to amend its answer to assert any such defense.

**MODJESKI'S ANSWER TO THE MASTER CONSOLIDATED COMPLAINT**

Modjeski responds to plaintiffs' allegations specifically set forth in the paragraphs of the Complaint as follows:

1.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 1 through 3.

2.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 4, and therefore denies each and every allegation contained therein, except it admits in regard to paragraph 4(f) that it is a non-Louisiana corporation authorized to do business in the State of Louisiana and is doing business in New Orleans, Louisiana.

3.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 5 through 13.

4.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 14.

5.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 15 and 16.

6.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 17 through 24.

7.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 25 through 29.

8.

Modjeski denies th allegations of paragraphs 30 through 33 and refers to the drawings and specifications for the project entitled "Excavation Flood Protection - 17th Street Canal, Capping of Flood Walls, East Side Levee Improvements", for the design and configuration of the flood wall of the east side of the 17th Street Canal.

9.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 34 and 35.

10.

Modjeski denies the allegations of paragraphs 36 and 37.

11.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 38 and 39.

12.

Modjeski denies the allegations of paragraph 40.

13.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 41.

14.

Modjeski denies the allegations of paragraph 42.

15.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 43.

16.

Modjeski denies the allegations of paragraph 44.

17.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 45 through 54.

18.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 55, and, therefore denies each and every allegation contained therein.

19.

Modjeski's is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 56 through 59.

20.

Modjeski denies the allegations of paragraphs 60 and 61.

21.

Modjeski denibs the allegations of paragraphs 62 and refers to the drawings and specifications for the project entitled "Excavation Flood Protection - 17th Street Canal, Capping of Flood Walls, East Side Levee Improvements", for the design and configuration of the flood wall of the east side of the 17th Street Canal.

22.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 63 and 65.

23.

Modjeski denies the allegations of paragraph 66, and refers to the drawings and specifications for the project entitled "Excavation Flood Protection - 17th Street Canal,

Capping of Flood Walls, East Side Levee Improvements", for the design and configuration of the flood wall of the east side of the 17th Street Canal.

24.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 67 through 72.

25.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 73 and 74.

26.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 75 through 88.

27.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 89 through 92.

28.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 93 through 95.

29.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 96 through 103.

30.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 104 through 127.

31.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 128 through 146 except to admit that Hurricane Katrina made landfall in Louisiana on August 29, 2005 and passed somewhat to the east of the City of New Orleans.

32.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 147 through 149, and therefore denies each and every allegation contained therein.

33.

Modjeski denies the allegations of paragraphs 150 through 160.

34.

Modjeski denies the allegations of paragraphs 161 through 167.

35.

Modjeski denies the allegations of paragraphs 168 through 174.

36.

Modjeski denies the allegations of paragraphs 175 through 181.

37.

Modjeski denies the allegations of paragraphs 182 through 188.

38.

Modjeski denies the allegations of paragraphs 189 through 195.

39.

Modjeski denies the allegations of paragraph 196.

40.

Modjeski denies the allegations of paragraph 197.

41.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 198 and 199.

42.

Modjeski denies the allegations of paragraph 200.

43.

Modjeski denies the allegations of paragraphs 201 through 205.

44.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 206 and, therefore denies each and every allegation contained therein.

45.

Modjeski denies the allegations of paragraphs 207 through 212.

46.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 213.

47.

Modjeski denies the allegations of paragraph 214.

48.

Modjeski denies the allegations of paragraph 215.

49.

Modjeski denies the allegations of paragraphs 216 through 224.

50.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 225 through 234.

51.

Modjeski denies the allegations of paragraph 235.

52.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraph 236 through 241.

53.

Modjeski denies the allegations of paragraph 242.

54.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 243 through 252.

55.

Modjeski denies the allegations of paragraph 253.

56.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 254 through 266.

57.

Modjeski denies the allegations of paragraph 267.

58.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 268 through 272.

59.

Modjeski denies the allegations of paragraph 273.

60.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 274 through 276.

61.

Modjeski denies the allegations of paragraph 277.

62.

Modjeski is without knowledge or information sufficient to justify a belief as to the truth of the allegations of paragraphs 278 and 279.

**WHEREFORE**, Modjeski and Masters, Inc. prays that its Answer be deemed good and sufficient and that, after due proceedings, all claims against it be dismissed with prejudice at plaintiffs' costs, that it recover all attorney's fees and all costs of these proceedings, and for all further relief which justice and equity require.

/s/ Scott J. Hedlund
Francis J. Barry, Jr., T.A.  (#02830)
Email: fbarry@dkslaw.com
Keith J. Bergeron (#25574)
Email: kbergeron@dkslaw.com
Frederick R. Boat (#03285)
Email: fbott@dkslaw.com
Scott J. Hedlund (#30549)
Email: shedlund@dkslaw.com
  of
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
**Attorneys for Modjeski and Masters, Inc., Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of March, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Attorney for plaintiffs
John Patrick Connick, Esq.
Law Office of J. Patrick Connick, Esq.
3900 Veterans Blvd., 3rd Floor
Metairie, LA 70002
504-885-4391
pconnick@lil.nocoxmail.com

Attorney for Board of Commissioners for the Orleans Levee District
Thomas P. Anzelmo, Esq.
McCraine, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
504-831-0946
504-831-2492 - fax
Tanzelmo@mcsalaw.com

Attorney for St. Paul Fire & Marine Ins. Co.
Ralph S. Hubbard, III, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
504-568-1990
504-310-9195
rhubbard@lawla.com

Attorney for Boh Bros. Construction Co., Inc.
Michael R.C. Reiss, Esq.
Kingsmill Riess, LLC
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170-3300
504-581-3300
504-581-3310 - fax
mriess@kingsmillriess.com

Attorney for Washington Group International, Inc.
William D. Treeby, Esq.
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130-3588
504-593-0807
504-596-0807
wtreeby@stonepigman.com

Attorney for Virginia Wrecking Company, Inc.
Thomas Livingston Gaudry, Jr., Esq.
Gaudry, Ranson, Higgins & Gremillion, LLC
401 Whitney Ave., Suite 500
P.O. Box 1910
Gretna, LA 70054-1910
504-362-2466
504-362-5938
tgaudry@grhg.net

Attorney for C. R. Pittman Construction Co., Inc.
Gerald A. Melchiode, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras, Suite 4040
New Orleans, LA 70139
504-525-6802
504-525-2456
jmelchiode@ghtbs.com

Attorney for Burk-Kleinpeter, Inc. and Burk-Kleinpeter, LLC
Charles F. Seemann, Jr., Esq.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130
504-593-0646
504-566-1201
cseemann@dkslaw.com

Attorney for B & K Construction Co., Inc.
Herman C. Hoffmann, Jr., Esq.
Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras Street, 30th floor
New Orleans, LA 70163-3000
504-569-2030
504-569-2999
hhoffmann@spsr-law.com

Attorney for James Construction Group LLC
Richard John Tyler, Esq.
Jones Walker Waechter, Poitevent, Carrere & Denegre
Place St. Charles
201 St. Charles Ave., 50th floor
New Orleans, LA 70170-5100
504-582-8266
504-582-8583
rtyler@joneswalker.com

Attorney for Eustis Engineering Co., Inc.
Thomas F. Gardner, Esq.
Gardner & Kewley, APLC
1615 Metairie Road
Metairie, LA 70005
504-832-7222
504-832-7223 - fax
gardner@bayoulaw.com

Attorney for Sewerage & Water Board of New Orleans
George R. Simno, III, Esq.
Sewerage & Water Board Legal Department
625 St. Joseph Street, Room 201
New Orleans, LA 70165
504-585-2242
gsimno@swbno.org

Attorney for The City of New Orleans
James Bryan Mullaly, Esq.
City Attorney's Office
City Hall
1300 Perdido Street, Room 5E01
New Orleans, LA 70112
504-658-9800
jamesmullaly1@hotmail.com

Attorney for CSX Transportation, Inc.
Brent A. Talbot, Esq.
Chaffe McCall LLP
2300 Energy Center
1100 Poydras
New Orleans, LA 70163-2300
504-585-7000
504-585-7075 - fax
talbot@chaffe.com

-18-

Attorney for United States of America
Catherine J. Finnegan. Esq.
Trial Attorney, Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC 20004
(202) 616-4916
(202) 616-5200 - fax
tess.finnegan@usdoj.gov

     I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Attorney for Pittman Construction Co. of La., Inc.
Lawrence D. Wiedemann, Esq.
Wiedemann & Wiedemann
821 Baronne Street
New Orleans, LA 70113
504-581-6180
504-581-4336

                                                                                        _____
                                                                                          Scott J. Hedlund

#398478